# Exhibit 1

**Stipulation**

## CLAIM SETTLEMENT STIPULATION

**THIS STIPULATION** (as may be amended or modified from time to time, this "Stipulation") is made and entered into as of August 25th, 2015, by and among Luminant Energy Company LLC (the "Debtor") and Cloud Peak Energy Resources LLC (together with any affiliates and successors thereto, the "Claimant" and, together with Debtor, the "Parties").

**WHEREAS**, on April 29, 2014 (the "Petition Date"), the Debtor and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which have been jointly administered under case number 14-10979 (CSS) (collectively, the "Chapter 11 Cases");

**WHEREAS**, TXU Energy Trading Company LP entered into a contract with Kennecott Coal Sales Company effective as of March 22, 2002 which contemplated the purchase of coal (together with any related agreements, amendments, or modifications thereto, the "Agreement");

**WHEREAS**, the Debtor is the successor in interest to TXU Energy Trading Company LP, and the Claimant is the successor in interest to Kennecott Coal Sales Company, under the Agreement;

**WHEREAS**, the Claimant holds a letter of credit from the Debtor in the amount of $3,300,000 (the "LC") which, as of March 24, 2015, has been fully drawn;

**WHEREAS**, on March 24, 2015, the Debtors filed the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract with Cloud Peak Energy Resources LLC, Effective* Nunc Pro Tunc *to March 24, 2015* [D.I. 3961] (the "Rejection Motion"), arising from the Debtor's determination that it does not need the volume of coal contemplated in the Agreement for its business operations and, moreover, that the coal prices under the Agreement are substantially above current market prices;

**WHEREAS**, on April 6, 2015, the Claimant filed an objection to the Rejection Motion [D.I. 4069] (the "Objection");

**WHEREAS**, on April 9, 2015, the Debtors filed a reply to the Objection [D.I. 4100];

**WHEREAS**, the Parties have engaged in good faith, arms'-length discussions and negotiations regarding the Agreement and the relief requested in the Rejection Motion and the Objection;

**WHEREAS**, the Parties have agreed that the Agreement shall be deemed rejected effective *nunc pro tunc* to March 24, 2015;

**WHEREAS**, by this Stipulation, the Parties seek to settle any claims the Claimant may have against the Debtors related to the Agreement, including claims under or arising out of the rejection of the Agreement, and to agree to all other terms and provisions contained herein;

NOW THEREFORE, in consideration of the foregoing and of the mutual covenants set forth herein, the Parties agree as follows:

1. **Conditions to Effectiveness.** Notwithstanding anything to the contrary herein, this Stipulation shall not be effective until the date that this Stipulation has been approved by the Bankruptcy Court (the "Effective Date"). The Parties' obligations with respect to this Stipulation are expressly subject to the occurrence of the Effective Date. The Debtor shall take reasonably necessary steps to obtain approval of this Stipulation as soon as reasonably practicable.

2. **Agreement Rejected.** The Agreement shall be deemed rejected as of March 24, 2015. Upon Bankruptcy Court approval of this Stipulation, the Rejection Motion shall be deemed fully resolved without the need for a hearing or any further actions by the Parties.

3. **Agreed Claim.** The Claimant shall receive, on account of the rejection of the Agreement and any and all other claims the Claimant may have against any one or more of the Debtors related to the Agreement: electronic payment of $1,000,000 to be wired by the Debtors to Claimant's account no later than fourteen (14) days after all appeal periods have been exhausted following Bankruptcy Court approval of this Stipulation (the "Agreed Claim"). Upon Bankruptcy Court approval of this Stipulation, all remaining claims and any proofs of claim filed by the Claimant with respect to the Agreement will be deemed expunged, and Cloud Peak shall not file any further proofs of claim on account of the Agreement in these chapter 11 cases or any successor chapter 11 cases.

4. **No Further Action by Claimant.** The Parties hereto acknowledge and agree that the Claimant does not need to take any further action to seek to allow the Agreed Claim in the Chapter 11 Cases.

5. **Release of the Debtors.** Except with respect to the Agreed Claim, which shall be allowed as provided in paragraph 3 of this Stipulation, for good and valuable consideration, the sufficiency of which is hereby acknowledged, upon the payment in full of the Agreed Claim by the Debtors, the Claimant agrees, to the maximum extent allowed by applicable law, to release, waive, and discharge the Debtors, their respective affiliates, parents, subsidiaries, members, principals, shareholders, officers, directors, employees, representatives, agents, financial advisors, attorneys, accountants, investment bankers, consultants, and other professionals, and any person or entity seeking to exercise the rights of the Debtors' estates, including any successors to the Debtors or any estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code and the Debtors' property, from any and all claims, interests, obligations, debts, rights, suits, damages, causes of action, remedies, and liabilities, before or after the Petition Date whatsoever, including any derivative claims, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing or hereafter arising, in law, at equity or otherwise, any damages or administrative expenses before or after the Petition Date, including under sections 503(b)(1)(A) and (b)(9), whether for tort, contract, violations of federal or state securities laws, or otherwise, which the Claimant ever had or may have against the Debtors arising out of, in connection with, or relating in any way to the Agreement, but excluding any claims arising out of, in connection with or relating to this Stipulation.

6.     **Release of Claimant.**  For good and valuable consideration, the sufficiency of which is hereby acknowledged, upon the payment in full of the Agreed Claim by the Debtors, the Debtors agree, to the maximum extent allowed by applicable law, to release, waive, and discharge the Claimant, its respective affiliates, parents, subsidiaries, members, principals, shareholders, officers, directors, employees, representatives, agents, financial advisors, attorneys, accountants, investment bankers, consultants, and other professionals, and any person or entity seeking to exercise the rights of the Claimant's estates, including any successors to the Claimant or any estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code and the Claimant's property, from any and all claims, interests, obligations, debts, rights, suits, damages, causes of action, remedies, and liabilities, before or after the Petition Date whatsoever, including any derivative claims, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing or hereafter arising, in law, at equity or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, which the Debtors ever had or may have against the Claimant arising out of, in connection with, or relating in any way to the Agreement or Claimant's draw on the LC, but excluding any claims arising out of, in connection with, or relating to this Stipulation.

7.     **Successors and Assigns.**  The provisions of this Stipulation shall be binding on the Parties and their successors and assigns and shall inure to the benefit of the Parties and their successors and assigns.

8.     **Entire Agreement.**  This Stipulation constitutes the entire agreement and understanding between the Parties with respect to the subject matter hereof, and there are no representations, understandings, or agreements relative hereto which are not fully expressed herein. This Stipulation may not be modified, altered, or amended in whole or in part except by a written instrument executed by each Party.

9.     **Governing Law.**  This Stipulation shall be governed by and construed under the laws of the State of New York.

10.    **Jurisdiction.**  The Parties consent to the exclusive jurisdiction of the Bankruptcy Court with respect to this Stipulation. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. In the event that the Bankruptcy Court declines to or may not accept jurisdiction over a particular matter, the Parties agree to then proceed in a federal court of the United States sitting in the city of Dallas, Texas, the Supreme Court of the State of Texas, Dallas County or any court of competent civil jurisdiction sitting in Dallas County, Texas, and, by execution and delivery of this Agreement, each of the Parties hereby irrevocably accepts for itself and in respect of its property, generally and unconditionally, the jurisdiction of the aforesaid courts. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Stipulation.

11.    **No Reliance.**  Each Party represents and warrants that in entering into this Stipulation it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. In entering into this Stipulation, no Party is relying

on any representation or statement made by any other Party or any person representing such other Party.

12. **Construction.** This Stipulation has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Stipulation so as to give rise to any presumption of convention regarding construction of this document. All terms of this Stipulation were negotiated in good faith and at arm's-length, and this Stipulation was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Stipulation is the free and voluntary act of the Parties.

13. **No Liability.** It is understood and agreed by the Parties that this Stipulation represents a settlement and compromise of disputed claims and neither this Stipulation itself, any of the payments or covenants described herein, nor anything else connected with this Stipulation is to be construed as an admission of fault or liability.

14. **Execution in Counterparts.** This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All signatures of the Parties to this Stipulation may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

15. **Severability.** If any provision of this Stipulation is determined to be prohibited or unenforceable by reason of any applicable law of a jurisdiction, then such provision shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions thereof, and any such prohibition or unenforceability in such jurisdiction shall not invalidate or render unenforceable such provisions in any other jurisdiction.

16. **Compliance with Applicable Law.** The Parties represent, warrant, and covenant that each document, notice, instruction, or request provided by each respective Party shall comply with applicable laws and regulations. Where, however, the conflicting provisions of any such applicable law may be waived, they are hereby irrevocably waived by the parties hereto to the fullest extent permitted by law, to the end that this Stipulation shall be enforced as written.

17. **No Third-Party Beneficiaries.** Nothing in this Stipulation, whether express or implied, shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest or claim under or in respect of this Stipulation.

IN WITNESS WHEREOF, the Parties have executed this Stipulation as of the date set forth above.

| **Luminant Energy Company LLC, on behalf of itself and the other Debtors** | **Cloud Peak Energy Resources LLC** |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Name: Matt Goering | Name: Eric Pearson |
| Title: VP | Title: Sr. Corporate Counsel |