## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |

### AMENDED ORDER (A) REVISING CERTAIN HEARING DATES AND DEADLINES, AND (B) ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH THE CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION

Upon the motion, dated August 11, 2015 (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order amending certain hearing dates and deadlines established in the *Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization, and (C) Revising Certain Dates in the Disclosure Statement Order*, entered July 2, 2015 (D.I. 4916) (the "Initial Confirmation Scheduling Order"), in connection with the filing of the Debtors' third amended plan of reorganization (the "Plan"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion, and the *Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement*, filed August 10, 2015 [D.I. 5249] (the "Settlement Motion"), and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

      1.     The Motion is granted and the Initial Scheduling Order is amended as set forth herein. The protocols and schedule set forth below shall govern the proceedings to consider the Settlement Motion and confirmation of the Plan (collectively, the "Confirmation Proceedings"), which, for the avoidance of doubt, includes all related discovery.

**I.      PARTICIPATION IN PROCEEDINGS.**

      2.     Any party in interest, other than the parties listed in this paragraph, that intends to participate in discovery related to the Confirmation Proceedings (a "Proposed Participant") must file with the Court a notice indicating such intent (a "Notice of Intent"). Only a Proposed Participant who files a Notice of Intent to which the Court does not sustain an objection and who has agreed to be bound by the Confidentiality Agreement and Stipulated Protective Order approved by the Court on August 13, 2014 [D.I. 1833] (the "Protective Order") may take part in discovery related to the Confirmation Proceedings (each such party in interest a "Participating Party"). For purposes of discovery related to the Confirmation Proceedings, the Participating

2

Parties shall include the United States Trustee and the following parties' representatives that have agreed to be bound by the Protective Order or are otherwise deemed to be party to the Protective Order: (a) the Debtors; (b) the ad hoc group of TCEH first lien lenders (the "TCEH First Lien Ad Hoc Group") and the members thereof; (c) Wilmington Trust, N.A., as TCEH first lien collateral agent and first lien administrative agent; (d) those certain funds and accounts advised or sub-advised by Fidelity Management & Research Company or its affiliates; (e) the ad hoc group of EFH legacy noteholders; (f) Texas Energy Future Holdings Limited Partnership, as EFH Corp.'s equity holder; (g) American Stock Transfer & Trust Company, LLC, as indenture trustee for the EFH notes; (h) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, as indenture trustee for the EFIH second lien notes; (i) the ad hoc group of EFIH "PIK" noteholders; (j) UMB Bank, as indenture trustee for the EFIH unsecured notes; (k) the TCEH Creditors' Committee; (l) the EFH Creditors' Committee; (m) Wilmington Savings Fund Society, FSB, as the indenture trustee for the TCEH second lien notes, and the ad hoc consortium of TCEH second lien noteholders; (n) the Ad Hoc Group of TCEH Unsecured Noteholders; (o) Law Debenture Trust Company of New York, as the indenture trustee for the TCEH unsecured notes; (p) Delaware Trust Company (f/k/a CSC Trust Company of Delaware), as successor indenture trustee for the 11.5% senior secured TCEH first lien notes; and (q) Pacific Investment Co. LLC, as manager for certain funds and accounts that hold EFIH DIP Loan Notes; (r) The Bank of New York Mellon, in its capacity as the PCRB Trustee (as defined in the Plan); and (s) The Bank of New York Mellon Trust Company, N.A., (collectively, with The Bank of New York Mellon, "BONY") in its capacity as the EFCH 2037 Notes Trustee (as defined in the Plan) without the need to file a Notice of Intent to participate in the Confirmation Proceedings.

3.      Each Notice of Intent must contain: (a) the name and address of the party in interest (or, in the case of a group of parties in interest, the names and addresses of each of its members) and the name of the law firm(s) and individual attorneys representing such party in interest or group; and (b) a description of the claims that the party in interest believes it may have against the Debtors, including, if available, a list of all proof(s) of claim filed either individually or by the group.

4.      A Proposed Participant may file a Notice of Intent at any time prior to the close of the Confirmation Proceedings, but each Participating Party must comply with all deadlines set forth in this Order and shall not be allowed to reopen any deadlines that have already passed prior to the Participating Party's filing of a Notice of Intent.

5.      The Debtors shall, within ten days of the filing of any Notice of Intent, have the right to object to that Notice of Intent on any and all grounds, including that the Notice of Intent is harassing, was served by persons that are not parties in interest, does not comply with the terms of this Order, or does not demonstrate a legally cognizable interest in the Confirmation Proceedings.  Until the Court rules on any such objection, the Proposed Participant shall not be deemed a Participating Party.

## II.      DISCOVERY AND PRETRIAL SCHEDULE.

6.      The Court strongly encourages the parties to resolve all evidentiary disputes before the hearing on the Settlement Motion and confirmation of the Plan and strongly discourages the parties from pursuing expensive, time-consuming, and unnecessary discovery or litigation regarding the Settlement Motion or the Plan.

7.      The following dates shall govern the Settlement Motion and confirmation of the Plan, including the hearing for the Court to consider the Settlement Motion and confirmation of the Plan (collectively, the "Confirmation Hearing").  All such dates are subject to further

RLF1 12789578v.1RLF1 12892911v.1

amendment by the Court upon agreement of the Participating Parties, which shall not be unreasonably withheld, or for good cause shown.

*Fact Discovery*

a.  The Participating Parties must identify no later than one day after the entry of the Court's order approving the Amended Confirmation Scheduling Order any previously served consolidated discovery requests (the "Initial Consolidated Requests") which are still applicable, and any fact witnesses who may possess knowledge relevant to the Confirmation Proceedings. Responses to any Initial Consolidated Requests identified as still applicable must be served no later than five days after the entry of the Court's order approving the Amended Confirmation Scheduling Order.

b.  **Friday, August 28, 2015**, shall be the date by which BONY may serve limited supplemental discovery requests strictly confined to the following issue: differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan.

c.  **Tuesday, September 1, 2015,** shall be the date on which depositions of fact witnesses may begin. Deposition notices must be served no later than seven days prior to the deposition date, and any objections thereto must be served no later than five days before the deposition date; *provided, however*, that the objection deadline will be no earlier than three days after the date the deposition notices are served.

d.  **Thursday, September 10, 2015,** shall be the date on which Participating Parties shall have completed the production of all documents in response to the Initial Consolidated Requests. The Debtors shall also provide updated projections for TCEH by this date.

e.  **Tuesday, September 15, 2015,** shall be the deadline for service of deposition notices. Notwithstanding the foregoing, if a party designates a fact witness to testify at the Confirmation Hearing who has not been deposed and who was not identified as a person with knowledge, the deadline to serve a deposition notice on that witness shall be five days after the witness designation.

f.  **Thursday, September 17, 2015,** shall be the deadline by which Participating Parties must file any motions to compel discovery responses and document production, except that a Participating Party shall have 14 days from receipt of a privilege log to file a motion to compel based on that privilege log. In no event, will the making or the granting of a motion to compel be grounds, standing alone, to extend any of the dates set forth below.

g.  **Friday, October 2, 2015,** shall be the date on which all fact discovery shall be complete. Reasonable requests for follow up documents or limited fact

depositions based on new information discovered after this date will not be unreasonably withheld.

h. **Tuesday, September 29, 2015,** shall be the date on which Participating Parties shall have provided logs of all documents responsive to the Initial Consolidated Requests that were withheld on the basis of any claim of privilege.

*Expert Discovery*

i. **Monday, October 5, 2015,** shall be the deadline by which Participating Parties must designate expert witnesses, including a brief description of the general topics on which those witnesses will testify.

j. **Monday, October 12, 2015,** shall be the date by which the Participating Parties shall engage in the simultaneous exchange of reports prepared by the expert witnesses. These reports must satisfy the requirements of rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

k. **Monday, October 19, 2015,** shall be the date on which all expert discovery shall be complete. Deposition notices must be served no later than seven days prior to the deposition date, and any objections thereto must be served no later than five days before the deposition date; *provided, however,* that the objection deadline will be no earlier than three days after the date the deposition notices are served.

*Pretrial, Trial, and Post-trial Events*

l. **Friday, October 9, 2015,** shall be the deadline by which Participating Parties must serve a <u>preliminary</u> list of witnesses and exhibits they intend to offer at the Confirmation Hearing. Witness lists shall identify all witnesses that each party will call or may call at each phases of the Confirmation Hearing and shall provide a brief summary of each witness' anticipated testimony.

m. **Friday, October 9, 2015,** shall be the date and time on which counsel to the Participating Parties shall meet and confer regarding the initial pretrial conference, including whether there should be phasing of the Confirmation Hearing to ensure a coherent presentation of evidence.

n. **Monday, October 12, 2015,** shall be the deadline by which Participating Parties seeking to admit a deposition transcript excerpt as evidence at the Confirmation Hearing must serve a notice identifying the specific excerpts to be offered.

o. **Tuesday, October 13, 2015 at 10:00 a.m.** shall be the date and time of an initial pretrial conference. The number of trial days and the Court's post-trial procedures shall be determined at the initial pretrial conference. At the initial

6

pretrial conference, the Participating Parties may propose appropriate phasing of the Confirmation Hearing.

p. **Wednesday, October 21, 2015,** shall be the deadline by which Participating Parties must serve a <u>final</u> list of witnesses and exhibits they intend to offer at the Confirmation Hearing.  Witness lists shall identify all witnesses that each Participating Party will call or may call at the Confirmation Hearing and shall provide a brief summary of each witness's anticipated testimony.

q. **Wednesday, October 21, 2015,** shall be the deadline by which any Participating Parties objecting to a designation of a deposition transcript must serve their objection and by which any Participating Parties seeking to admit a deposition transcript excerpt as counter-evidence at the Confirmation Hearing must serve a notice identifying the specific excerpts to be offered.

r. **Friday, October 23, 2015,** shall be the deadline by which any party, including the Participating Parties, must file any objections to the Settlement Motion or the Plan.

s. **Friday, October 23, 2015,** shall be the deadline by which Participating Parties must serve objections to final witness and exhibit lists and objections to deposition counter-designations.

t. **Friday, October 23, 2015,** shall be the deadline by which Participating Parties must file pretrial briefs and motions in limine and by which Participating Parties must submit a proposed joint final pretrial order per Local Bankruptcy Rule 7016-2(d).

u. **Friday, October 23, 2015,** shall be the date by which the Participating Parties must meet and confer with a view toward narrowing and resolving their evidentiary disputes (the "<u>Plan and Settlement Motion Meet and Confer</u>"). The Plan and Settlement Motion Meet and Confer may be held either in person or by telephone.

v. **Monday, October 26, 2015,** shall be the date by which the Participating Parties must file oppositions to any motions in limine.

w. **Wednesday, October 28, 2015 at 11:00 a.m.** shall be the date and time of the final pretrial conference.

x. **Friday, October 30, 2016,** shall be the deadline by which the Debtors must file their reply to all timely objections to the Settlement Motion or the Plan.

y. **Tuesday, November 3, 2015 at 11:00 a.m.** shall be the date and time of the start of the Confirmation Hearing, which shall include consideration of the Settlement Motion.  The Confirmation Hearing will continue from day to day, as the Court's schedule permits, until completed; <u>provided</u>, <u>however</u>, the Confirmation Hearing may be continued from time to time by the Court or the

RLF1 12789578v.1RLF1 12892911v.1

Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on all parties entitled to notice.

Trial time will be divided equally between Plan supporters and Plan objectors, to be monitored by a chess clock. The Court will consider the submission of written directs upon request by the parties, which submissions shall not count against the submitting party's available trial time.

## III.    OTHER GOVERNING PROTOCOLS AND PROCEDURES.

8.    **Protective Order.**    All discovery in connection with the Confirmation Proceedings shall be subject to and conducted in accordance with the terms of the Protective Order.  By serving a Notice of Intent, each Proposed Participant shall be deemed to have read and agreed to abide by the terms of the Protective Order.  Upon becoming a Participating Party, each Participating Party must provide the Protective Order to any person it employs or engages who is given access to information produced in Confirmation Proceedings discovery.

9.    **Coordination of Requests for Discovery for the Confirmation Proceedings.** In order to avoid service of multiple, duplicative document requests and the attendant costs and other burdens imposed upon the Debtors and any non-Debtor producing parties to respond to such requests in connection with the Confirmation Proceedings, the Creditors' Committees shall act as facilitators and intermediaries between the Debtors and all other unsecured creditors that are Participating Parties in preparation of the Initial Consolidated Requests, Additional Consolidated Requests, and any Confirmation Proceeding deposition notices.  The Creditors' Committees shall work together and coordinate to ensure that the Initial Consolidated Requests, Additional Consolidated Requests, and any Confirmation Proceeding deposition notices are narrowly tailored and not redundant or duplicative.  After consulting with the Creditors' Committees, nothing herein shall preclude any unsecured creditor that is a Participating Party from directly seeking any permissible discovery from the Debtors and any non-Debtor

8

Participating Party on issues other than those previously addressed by the Initial Consolidated Requests, Additional Consolidated Requests, and the Confirmation Proceeding deposition notices. For the avoidance of doubt, secured creditors that are Participating Parties shall not be required to coordinate with the Creditors' Committees in the preparation of the Initial Consolidated Requests, Additional Consolidated Requests, and any Confirmation Proceeding deposition notices, and will be permitted to propound Initial Consolidated Requests, Additional Consolidated Requests, and Confirmation Proceeding deposition notices without such coordination.

10. **Document Discovery.**

    1.    <u>Repository</u>. All producing parties shall produce documents by providing them to a third-party service provider, which will then make the documents available through a document repository (the "<u>Repository</u>"). The Repository will be the same repository established under paragraph 7 of the *Order Establishing Discovery Procedures with Legacy Discovery of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties and Other Related Matters*, dated August 13, 2014 [D.I. 1832] (the "<u>Legacy Discovery Protocol</u>") and shall maintain the same functionality ordered under the Legacy Discovery Protocol. The Debtors shall remain responsible for the costs of housing the Repository, while each Participating Party shall be responsible for the costs of its respective access to and downloading from the Repository.

    2.    <u>Production Format Protocol</u>. All documents and ESI produced by the Debtors or any non-Debtors in accordance with this Order shall be produced in conformance with the terms of the e-discovery protocol, attached hereto as **<u>Exhibit 1</u>**.

11. **Document Discovery from Legal, Financial, or Industry Advisors of the Participating Party.** Each Participating Party that is the recipient of a request for the production of documents agrees to make reasonable efforts to produce responsive and non-privileged documents on behalf of any legal, financial, or industry advisor (but excluding any auditor) retained by such Participating Party in connection with these chapter 11 cases and/or under the Participating Party's control, without the need for such advisor to be subpoenaed directly.

9

12. **Assertions of Privilege.** If any recipient of a discovery request withholds or redacts any documents on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, that person shall provide the Participants with a privilege log consistent with Rule 26(b)(5) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7026 and 9014. Efficient means of providing information regarding claims of privilege are encouraged, and parties are encouraged to agree upon measures that further this end. For example, when asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by Rule 26(b)(5) by group or category. A party receiving a privilege log that groups documents or otherwise departs from a document-by-document or communication-by-communication listing may not object solely on that basis, but may object if the substantive information required by Rule 26(b)(5) has not been provided in a comprehensible form.

13. **Limitations on Interrogatories.** Unless otherwise ordered by the Court, interrogatories shall be restricted to those seeking names of witnesses with knowledge of discoverable information. Interrogatories other than those seeking information described in this paragraph shall not be allowed during the Confirmation Proceedings.

14. **Requests for Admission.** Without leave of the Court upon a specific showing of good cause, requests for admission pursuant to Rule 36 shall not be allowed during the Confirmation Proceedings, except with respect to any request to admit the authenticity of any described document.

15. **Limitations on Depositions.** A Participating Party must obtain leave of Court, for good cause shown, to take a deposition that would result in (a) more than 10 fact witness depositions taken by Plan objectors or 10 fact witnesses taken by Plan proponents; or (b) a

10

witness being deposed more than once in his or her individual capacity. Each deposition taken in connection with Confirmation Proceedings shall be limited to eight hours. For purposes of these limitations, each witness produced in response to a Rule 30(b)(6) deposition notice shall be treated as a separate deponent. Deposition notices shall not include requests for production of documents. At least forty-eight hours in advance of any Rule 30(b)(6) deposition, the party being deposed shall identify all witnesses who will be put forward to testify on the topics in the Rule 30(b)(6) deposition notice. The respective Creditors' Committees and the secured creditors shall negotiate in good faith regarding the allocation of fact depositions.

16.    **Overlap With Prior Discovery.** Participating Parties shall not serve discovery seeking the same documents from the same time period already produced by that Participating Party in response to other requests in these chapter 11 cases, including documents produced in connection with the Second Day motions, RSA, Venue, Retention, Makewhole proceedings, or Legacy Discovery. The Debtors will ensure that the Repository includes all documents produced pursuant to any formal document demand in these chapter 11 cases to which the Debtors have access.

17.    **Third-Party Documents Received Pursuant to Subpoena.** Each Participating Party shall produce or make available to the other Participating Parties, through the Repository, all materials obtained from third parties pursuant to Rule 45 within five business days of receiving such material from a third party.

18.    **Expert Discovery.** Any expert retained or specially employed to provide expert testimony in connection with the Confirmation Proceedings shall submit an expert report that satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B). The limitations on expert discovery under Fed. R. Civ. P. 26(b)(4) shall apply.

19.    **Discovery Disputes.**  Any dispute with regard to discovery conducted under this Order that cannot be resolved in good faith consultation may be presented to the Court by a letter from the party seeking relief with all Participating Parties copied.  Unless otherwise agreed to by the disputing Participating Parties, any response to such letter shall be made by letter to the Court delivered within five business days after service of the initial letter submission on the applicable Participating Party.  Without leave from the Court, no letter shall exceed eight pages in length and no additional submissions will be permitted.

20.    **Amendments or Modifications.**  Except as otherwise ordered by the Court, this Order shall control any and all discovery by Participating Parties in connection with the Confirmation Proceedings; *provided, however*, that the Debtors, in agreement with the affected Participating Parties, may amend or modify the terms of this Order without further order by the Court upon filing written notice of such amendment or modification with the Court.

21.    **Service.**  All pleadings, motions, and other papers related to the Confirmation Proceedings that are filed are to be served electronically.  In addition, the Participating Parties agree to serve by e-mail on all other Participating Parties all discovery requests—in both .pdf and Word format—and written responses and other papers that are not filed.  If transmission of voluminous materials as an e-mail attachment is impractical, those materials shall be served by overnight delivery with the ability to "track" deliveries and verify receipt.  Unless received by 6 p.m. Eastern time, discovery requests will be deemed received the next business day.

22.    **No Legal Representation Implied by Participation.**  For the avoidance of doubt, neither any provision of this Order nor the participation or activity by any attorney in any aspect of the Confirmation Proceedings shall be deemed or construed to create an attorney-client relationship between any attorney and any Participating Party, and no attorney participating in

12

the Confirmation Proceedings shall have any duty or obligation to any Participating Party other than as indicated on the applicable Notice of Intent.

## IV.    MISCELLANEOUS.

23.    For purposes of clarity, the page limit set forth in Local Bankruptcy Rule 7007-2(a)(iv) shall not apply to the Debtors in connection with filing any brief or declaration in support of Plan confirmation.

24.    Notwithstanding anything herein to the contrary, any and all Plan-related discovery by Alcoa, Inc. shall be governed by the *Stipulation Between the Debtors and Alcoa Inc. Resolving Objections to the Scheduling Motion* [D.I. 4412] and the *Stipulation Regarding Participation of Alcoa Inc. In Plan Confirmation Discovery* [D.I. 5243].

25.    Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

26.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

27.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

28.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

RLF1 12789578v.1RLF1 12892911v.1

29.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: ___8-27___, 2015
       Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

14