**<u>EXHIBIT A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER AUTHORIZING ENTRY INTO AND
## PERFORMANCE UNDER THE STIPULATION BETWEEN
## OAK GROVE MANAGEMENT LLC AND HEADWATERS RESOURCES, INC.,

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a), authorizing entry into and performance under the Stipulation (the "Stipulation") between Oak Grove Management LLC ("Oak Grove") and Headwaters Resources, Inc. ("HRI," and, together with Oak Grove, the "Parties") substantially in the form attached hereto as **Exhibit 1**, all as set forth more fully in the Motion; and upon the Frenzel Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion, the Frenzel Declaration and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Stipulation, attached hereto as **Exhibit 1**, is hereby approved.

3.      Pursuant to the Bankruptcy Code, Oak Grove is deemed to assume the Agreement as amended and restated by the Modified Agreement, and the Agreement as amended and restated by the Modified Agreement is hereby assumed pursuant to section 365 of the Bankruptcy Code.

4.      Pursuant to section 365(b) of the Bankruptcy Code, no cure amount shall be paid in connection with the assumption of the Agreement as amended and restated by the Modified Agreement, and HRI shall be forever barred and enjoined from asserting against the Debtors any defaults, claims, interests, or other default penalties under the Agreement arising before the date of this Order.

5.      Oak Grove has provided adequate assurance of future performance under the Modified Agreement.

6.      The Parties are authorized to enter into, perform, execute, and deliver all documents, including the Amendment as amended and restated by the Modified Agreement, and take all actions, necessary to immediately continue and fully implement the Stipulation in

2

accordance with the terms, conditions, agreements, and releases set forth therein, all of which are hereby approved.

7.      Epiq Bankruptcy Solutions, LLC, is authorized to amend the official claims register maintained in the Debtors' chapter 11 cases to reflect the terms of the Stipulation.

8.      Except as provided in the Stipulation, nothing in this Order shall affect the rights, duties, or obligations of any Debtor other than Oak Grove.

9.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2015

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

3

**EXHIBIT 1** to **EXHIBIT A**

**Stipulation**

*EXECUTION VERSION*

## STIPULATION

**THIS STIPULATION** (as may be amended or modified from time to time, this "Stipulation") is made and entered into as of August 26, 2015, by and among Oak Grove Management Company LLC ("Oak Grove") and Headwaters Resources, Inc. ("Headwaters", and together with any affiliates and successors thereto, the "Claimant" and, together with Oak Grove, the "Parties").

**WHEREAS**, on April 29, 2014 (the "Petition Date"), Oak Grove and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which have been jointly administered under case number 14-10979 (CSS) (collectively, the "Chapter 11 Cases");

**WHEREAS**, Headwaters and Oak Grove are each party to that certain By-Products Sales Agreement, dated May 7, 2012, Contract No. C0760219C (together with any related agreements, amendments, or modifications thereto, the "Agreement");

**WHEREAS**, Headwaters and Oak Grove negotiated an amended and restated Agreement (the "Modified Oak Grove Agreement") in the ordinary course of business;

**WHEREAS**, Oak Grove desires to assume the Agreement as amended and restated by the Modified Oak Grove Agreement;

**WHEREAS**, Oak Grove scheduled in favor of the Claimant claim no. 502203930, which claim is recorded in the aggregate amount of $4,080.60, and claim no. 502203920, which claim is recorded in the aggregate amount of $591,940.27, and Claimant filed proof of claim no. 4877, which claim is asserted in the aggregate amount of $306,051.31 (collectively, the "Claims"). Proof of claim no. 4877 was asserted as a net claim as of April 29, 2014 that resulted from the exercise by Headwaters of asserted recoupment rights under the Agreement;

**WHEREAS**, Oak Grove asserts that Claimant is not entitled to exercise recoupment rights for amounts due under the Agreement prior to the Petition Date;

**WHEREAS**, Oak Grove further asserts that Claimant owes Oak Grove the sum of $1,570,899 (the "Payable"), comprised of: (a) approximately $852,566.63 for amounts due under the Agreement through the Petition Date, and (b) approximately $718,331.51 for amounts due under the Agreement after the Petition Date through approximately June 2014;

**WHEREAS**, Oak Grove further asserts that Claimant owes Oak Grove the sum of $1,041,261.20 for certain rebates pursuant to Exhibit F of the Agreement between June 1, 2014, and May 31, 2015 (the "Rebate");

**WHEREAS**, by this Stipulation, the Parties seek to settle any claims among the Parties, including the Claims, the Payable, the Rebate, and any other claims on account of the Agreement, and to agree to all other terms and provisions contained herein;

**NOW THEREFORE**, in consideration of the foregoing and of the mutual covenants set forth herein, the Parties agree as follows.

1.      **Conditions to Effectiveness.**   Notwithstanding anything to the contrary herein, this Stipulation shall not be effective until the date that the Bankruptcy Court has entered an order in the Chapter 11 Cases approving the Stipulation and the assumption of the Agreement as amended and restated by the Modified Agreement and there is no stay regarding the enforceability of the order (such order, the "Order" and such date, the "Effective Date").   The Parties' obligations with respect to this Stipulation are expressly subject to the occurrence of the Effective Date.   Oak Grove shall take all reasonably necessary steps to obtain approval of this Stipulation by the Bankruptcy Court as soon as reasonably practicable.

2.      **Claim Settlement.**   The Claims will be fully released, discharged, and deemed expunged.

3.      **Assumption of Modified Oak Grove Agreement.**   Upon entry of the Order approving this Stipulation, Oak Grove shall be deemed to have assumed the Agreement as amended and restated by the Modified Agreement and will be authorized to enter into the Modified Oak Grove Agreement and perform its obligations thereunder.   Claimant agrees that no cure amount is owed by Oak Grove in connection with such assumption, and no cure amount will ever be paid. Nothing contained in this Section 3 shall constitute a waiver or release by Claimant of its other rights under this Stipulation.

4.      **Payment of the Payable.**   Subject only to the Effective Date, the Claimant shall pay the Payable to Oak Grove by wire transfer on the first day after the 15th calendar day after entry of the Order that is also a business day.

5.      **No Further Action by Claimant.**   The Parties hereto acknowledge and agree that, except as set forth herein, the Claimant does not need to take any further action to seek to expunge the Claims in the Chapter 11 Cases.   Subject to the Effective Date of this Stipulation, the Debtors and/or the Court-appointed claims agent may amend the claims register to reflect the terms of this Stipulation.

6.      **Release of the Debtors.**   For good and valuable consideration, the sufficiency of which is hereby acknowledged, upon the Effective Date, the Claimant agrees, to the maximum extent allowed by applicable law, to release, waive, and discharge the Debtors, each of their respective affiliates, parents, subsidiaries, members, principals, shareholders, officers, directors, employees, representatives, agents, financial advisors, attorneys, accountants, investment bankers, consultants, and other professionals, and any person or entity seeking to exercise the rights of the Debtors' estates, including any successors to the Debtors or any estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code and the Debtors' property, from any and all claims, interests, obligations, debts, rights, suits, damages, causes of action, remedies, and liabilities relating to the Agreement, including the Claims and the Rebate, before or after the Petition Date whatsoever, including any derivative claims, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing or hereafter arising, in law, at equity or otherwise, any damages or administrative expenses before or after the Petition Date, including under sections 503(b)(1)(A) and (b)(9), whether for tort, contract, violations of federal or state securities laws, or otherwise; *provided*,

2

*however*, that nothing herein shall be deemed to release any claim of Claimant judicially determined to have arisen from fraud, bad faith, or willful misconduct.  Nothing herein shall release the Debtors for claims arising from the Modified Oak Grove Agreement, *provided, however,* that if Claimant asserts such a claim as an administrative priority expense against the Debtors' estates, then such claim would only be allowable to the extent such claim constitutes an actual, necessary cost and expense of preserving the Debtors' estates pursuant to 11 U.S.C. § 503(b)(1).

7.    **Release of the Claimant**.    Except as provided herein, for good and valuable consideration, the sufficiency of which is hereby acknowledged, upon the Effective Date, the Debtors agree, to the maximum extent allowed by applicable law, to release, waive, and discharge the Claimant, its respective affiliates, parents, subsidiaries, members, principals, shareholders, officers, directors, employees, representatives, agents, financial advisors, attorneys, accountants, investment bankers, consultants, and other professionals, and any person or entity seeking to exercise the rights of the Claimant's estates, including any successors to the Claimant or any estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code and the Claimant's property, from any and all claims, interests, obligations, debts, rights, suits, damages, causes of action, remedies, and liabilities relating to the Agreement, including the Claims and the Rebate, before or after the Petition Date whatsoever, including any derivative claims, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing or hereafter arising, in law, at equity or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise; *provided*, *however*, that nothing herein shall be deemed to release any claim of the Debtors judicially determined to have arisen from fraud, bad faith, or willful misconduct, or for claims arising from the Modified Oak Grove Agreement in the ordinary course of business.

8.    **Successors and Assigns.**    The provisions of this Stipulation shall be binding on the Parties and their successors and assigns and shall inure to the benefit of the Parties and their successors and assigns.

9.    **Entire Agreement.**    This Stipulation constitutes the entire agreement and understanding between the Parties with respect to the subject matter hereof, and there are no representations, understandings, or agreements relative hereto which are not fully expressed herein.    This Stipulation may not be modified, altered, or amended in whole or in part except by a written instrument executed by each Party.

10.    **Governing Law.**    This Stipulation shall be governed by and construed under the laws of the State of New York.

11.    **Jurisdiction**.    The Parties consent to the exclusive jurisdiction of the Bankruptcy Court with respect to this Stipulation.    The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law.    In the event that the Bankruptcy Court declines to or may not accept jurisdiction over a particular matter, the Parties agree to then proceed in the Texas State District Court.    The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Stipulation.

12.     **No Reliance.**  Each Party represents and warrants that in entering into this Stipulation it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter.  In entering into this Stipulation, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

13.     **Construction.**  This Stipulation has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Stipulation so as to give rise to any presumption of convention regarding construction of this document. All terms of this Stipulation were negotiated in good faith and at arm's-length, and this Stipulation was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other.  The execution and delivery of this Stipulation is the free and voluntary act of the Parties.

14.     **No Liability.**  It is understood and agreed by the Parties that this Stipulation represents a settlement and compromise of disputed claims and neither this Stipulation itself, any of the payments or covenants described herein, nor anything else connected with this Stipulation is to be construed as an admission of fault or liability.

15.     **Execution in Counterparts.**  This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  All signatures of the Parties to this Stipulation may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

16.     **Severability.**  If any provision of this Stipulation is determined to be prohibited or unenforceable by reason of any applicable law of a jurisdiction, then such provision shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions thereof, and any such prohibition or unenforceability in such jurisdiction shall not invalidate or render unenforceable such provisions in any other jurisdiction.

17.     **Compliance with Applicable Law.**  The Parties represent, warrant, and covenant that each document, notice, instruction, or request provided by each respective Party shall comply with applicable laws and regulations.  Where, however, the conflicting provisions of any such applicable law may be waived, they are hereby irrevocably waived by the parties hereto to the fullest extent permitted by law, to the end that this Stipulation shall be enforced as written.

18.     **No Third-Party Beneficiaries.**  Except as provided in paragraphs 6 and 7 hereof, nothing in this Stipulation shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest or claim under or in respect of this Stipulation.

IN WITNESS WHEREOF, the Parties have executed this Stipulation as of the date set forth above.

OAK GROVE MANAGEMENT
COMPANY LLC, on behalf of itself
and the other Debtors

By: _____

Robert Frenzel
Senior Vice President and Chief Financial Officer

HEADWATERS RESOURCES, INC.

By: _____

Justin Stepp
South Central Area Director