IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) **Re: Docket No. 5780** |

**DECLARATION OF ROBERT FRENZEL IN
SUPPORT OF THE MOTION OF ENERGY FUTURE
HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER AUTHORIZING
ENTRY INTO AND PERFORMANCE UNDER THE STIPULATION BETWEEN OAK
GROVE MANAGEMENT COMPANY LLC AND HEADWATERS RESOURCES, INC.**

Pursuant to 28 U.S.C. § 1746, I, Robert Frenzel, hereby declare as follows under penalty of perjury:

1. I am the Senior Vice President and Chief Financial Officer of Oak Grove Management Company LLC ("Oak Grove"), a limited liability company organized under the laws of Delaware and an indirect subsidiary of Energy Future Holdings Corp. ("EFH Corp."), which is a corporation organized under the laws of the state of Texas. EFH Corp.'s direct subsidiary Energy Future Competitive Holdings Company LLC ("EFCH"), a limited liability company organized under the laws of the state of Delaware; EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC, a limited liability company organized under the laws of the state of Delaware; EFH Corp.'s direct subsidiary, Energy Future Intermediate Holding Company LLC, a limited liability company organized under the laws of the state of

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Delaware; and various other direct and indirect subsidiaries of EFH Corp. that are debtors in these chapter 11 cases, are collectively referred to as the "Debtors" in this declaration.

2. I have worked for the Debtors since 2009. I am generally familiar with the Debtors' businesses, day-to-day operations, financial matters, results of operations, cash flows, and underlying books and records. All facts set forth in this declaration are based upon my personal knowledge of the Debtors' businesses, operations, and related financial information gathered from my review of their books and records, relevant documents, and information supplied to me by members of the Debtors' management team and advisors. I am over the age of 18 and duly authorized to execute this Declaration on behalf of the Debtors in support of the *Motion of Energy Future Holdings Corp.,* et al.*, for an Order Authorizing Entry into and Performance Under the Stipulation Between Oak Grove Management Company LLC and Headwaters Resources Inc.* (the "Motion").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

## I. The By-Products Sales Agreement.

3. Oak Grove operates the Oak Grove Steam Electric Station, located in Robertson County, Texas. The Plant is a lignite-fired coal power plant that generates approximately 1,600 MW of energy. Lignite coal combustion produces fly ash and bottom ash, which are fine particulate by-products that can be monetized and are often used in the construction industry to produce finished concrete and other construction materials. HRI, a cost leader in the industry, markets and sells to third parties the By-Products produced by the Plant and provides other on-

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

site ash handling, site management, and construction services, all pursuant to the Agreement, which contains the following key terms:[3]

- ***Rights Granted to HRI***.  Oak Grove granted HRI the non-exclusive right to (a) purchase and use the By-Products produced at the Plant, and (b) market such By-Products to third parties and remit a percentage of such sales to Oak Grove.

- ***Services by HRI***.  HRI agreed to (a) market and sell Oak Grove's By-Products for reuse, and (b) provide on-site ash handling and disposal services at the Plant.

- ***Rebate***.  Pursuant to Exhibit F of the Agreement, HRI also was to pay Oak Grove a rebate for achieving certain economies of scale under the Agreement, the exact amount of which was to be determined annually based on HRI's By-Product sale volume.

## II.    Amounts Alleged to be Outstanding.

4.    In relation to the Agreement, Oak Grove scheduled two claims on the official claims register maintained in the Debtors' chapter 11 cases (scheduled claim nos. 502203920 and 502203930), recorded in the aggregate amounts of $591,940.27 and $4,080.60, respectively, related to prepetition trade payables outstanding to HRI.  These amounts reflected Oak Grove's best estimates of the amounts due to HRI under the Agreement at the time the Scheduled Claims were scheduled, based on Oak Grove's review of its books and records.  Subsequently, HRI filed proof of claim no. 4877 against Oak Grove asserting a prepetition claim in the aggregate amount of $306,051.31.  In the documentation accompanying the Proof of Claim, HRI asserted recoupment rights relating to amounts due to Oak Grove under the Agreement.  Oak Grove asserted that HRI was not entitled to exercise such recoupment rights.

5.    Oak Grove further asserted that HRI owes Oak Grove the following: (a) approximately $852,566.63 for amounts due under the Agreement through the Petition Date;

---

[3] The summaries of the Agreement set forth in this section are qualified in their entirety by the provisions of the Agreement.  To the extent there exists any inconsistency between this summary and the Agreement, the Agreement shall govern.

(b) approximately $718,331.51 for amounts due under the Agreement after the Petition Date through June 2014, for a total Payables amount of $1,570,899; and (c) the Rebate, in the amount of approximately $1,041,261.20 for the period of time between June 1, 2014, and May 31, 2015.

### III. The Modified Agreement.

6. In the ordinary course of business, Oak Grove and HRI negotiated an amendment to the Agreement, dated as of July 16, 2015, which amends and restates the existing Agreement, and contains the following key terms:[4]

- *Extension of Term.* The term of the Agreement will be extended from July 1, 2015 through December 31, 2027.

- *Rights Granted to HRI.* Oak Grove grants HRI the exclusive right to purchase and use the By-Products produced at the Plant. Oak Grove reserves the right to use the By-Products for its own benefit on terms agreed upon by Oak Grove and HRI.

- *Services by HRI.* HRI agrees to market and sell a minimum tonnage of By-Products each year to the extent such By-Products are made available by Oak Grove to HRI.

- *Replacement of Rebate with Credits.* HRI will no longer pay Oak Grove the Rebate, which shall be replaced by new revenue sharing and expense credits for Oak Grove's benefit.

7. Oak Grove estimates that the new revenue sharing and expense credits replacing the Rebate in the Modified Agreement will result in approximately $11 million of aggregate benefit to Oak Grove over the term of the Modified Agreement.

### IV. The Stipulation.

8. In an effort to develop a global resolution of (a) the Claims, (b) the Payables, (c) the Rebate, and (d) all outstanding issues under the Agreement, and to allow the parties to move forward with assumption of the Agreement as amended and restated by the Modified

---

[4] The summaries of the Modified Agreement set forth in this section are qualified in their entirety by the provisions of the Modified Agreement. To the extent there exists any inconsistency between this summary and the Modified Agreement, the Modified Agreement shall govern.

RLF1 12896984v.1

Agreement, the Parties engaged in arm's-length discussions and negotiated the Stipulation. As described below, the Stipulation provides for Oak Grove's assumption of the Agreement as amended and restated by the Modified Agreement, settlement of the Claims, the Rebate, and Payables, and a mutual release of claims relating to the Agreement among the Parties:[5]

    (a) ***Assumption of Agreement.*** Oak Grove agrees to assume the Agreement as amended and restated by the Modified Agreement. Oak Grove and HRI agree that no cure amount will be paid by Oak Grove to HRI in connection with the assumption of the Agreement as amended and restated by the Modified Agreement.

    (b) ***Payment of the Payables.*** HRI agrees to pay Oak Grove the Payables in immediately available funds within fifteen days after Court approval of Oak Grove's assumption of the Agreement as amended and restated by the Modified Agreement.

    (c) ***Mutual Release.*** Except with respect to the Payables and certain other exceptions as set forth in the Stipulation, as of the date of the Bankruptcy Court's approval of the Stipulation, the Parties agree to release, waive, and discharge each other from any and all claims (including the Claims and the Rebate) arising before or after the Petition Date.

9. The Debtors believe that resolving the Claims and other outstanding disputes relating to the Agreement through the Stipulation and assuming the Agreement as amended and restated by the Modified Agreement will save the Debtors time and cost, minimize the uncertainties surrounding HRI's claims, and maximize value for the Debtors' estates.

10. I believe the Stipulation represents a fair and reasonable compromise that is in the best interests of the Debtors' estates. If approved, the Stipulation would prevent further disruption to the Debtors' billing practices, result in the payment to Oak Grove by HRI of approximately $1,570,899 on account of the Payables, and release and discharge the Debtors from the Claims and all other claims relating to the Agreement. I believe that assumption of the

---

[5] The summaries of the Stipulation set forth in this section are qualified in their entirety by the provisions of the Stipulation. To the extent there exists any inconsistency between this summary and the Stipulation, the Stipulation shall govern.

Agreement as amended and restated by the Modified Agreement is in the best interest of Oak Grove's estate.

[*Remainder of page intentionally left blank.*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Dated: August 27, 2015

                                              */s/ Robert Frenzel*
                                              Robert Frenzel
                                              Senior Vice President and Chief Financial Officer
                                              Oak Grove Management Company LLC