# MCKOOL SMITH

Peter S. Goodman
Direct Dial: 212-402-9408
Email: pgoodman@mckoolsmith.com

One Bryant Park
47th Floor
New York, NY 10036

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

August 31, 2015

**VIA HAND DELIVERY AND ECF**

Hon. Christopher S. Sontchi
United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 Market Street, 5th Floor
Wilmington, DE 19801

    RE:    *In re Energy Future Holdings Corp.*, et al., Main Case No. 14-10979 (CSS) (Bankr. D. Del.)

Dear Judge Sontchi:

    I write regarding the *Motion for Entry of an Order Approving the Assumption of All Executory Contracts by and Among Luminant Generation Company LLC, Luminant Mining Company LLC, Sandow Power Company LLC, Texas Competitive Electric Holdings Company LLC and Alcoa Inc.* [D.I. 5789] (the "Motion") filed by the above-referenced debtors and debtors-in-possession (the "Debtors"). Pursuant to the Motion, the Debtors propose to assume certain executory contracts (the "Rockdale Contracts") related to an Alcoa, Inc. ("Alcoa") aluminum smelting facility and a Luminant power generation facility located at Rockdale, Texas, separate and apart from the Debtors' third amended plan of reorganization (the "Plan"). In connection with the Motion, the Debtors seek to force Alcoa into expedited discovery, with a full evidentiary hearing on Alcoa's cure claims and cure amounts on October 2, 2015, and discovery of the extremely complex contractual relationships between the parties completed in less than three weeks—an impossible timeframe.[1] The Motion and the proposed discovery schedule violate both the stipulations the parties have entered into concerning the timing and sequence of the assumption, assignment, and/or rejection of the Rockdale Contracts at confirmation, as well as the Bankruptcy Rules concerning discovery in a contested matter.

    At the outset, we note that Alcoa does not *per se* object to the assumption of the Rockdale Contracts as proposed in the Motion. Among its numerous flaws, the Motion simply presupposes that Alcoa is objecting to the Debtors' assumption of the Rockdale Contracts. Alcoa understands that assumption of executory contracts is generally governed by the Debtors'

---

[1] The Rockdale Contracts are comprised of more than two dozen complex contracts, leases and associated amendments with three of the Debtors (Luminant Generation, Luminant Mining, LLC, and Sandow Power Company, LLC), covering the divided ownership, operations, and other aspects of the relationship among the parties going back more than sixty years.

**McKool Smith**
A Professional Corporation • Attorneys
Austin | Dallas | Houston | Los Angeles | Marshall | New York | Silicon Valley | Washington, DC

business judgment, and Alcoa does not challenge the Debtors business judgment with respect to the assumption of the Rockdale Contracts. Rather, Alcoa's objection to the proposed assumption of the Rockdale Contracts has always been threefold: First, the Debtors are in breach of the Rockdale Contracts (and Alcoa is entitled to damages) by virtue of their charging Alcoa with improper costs under the Rockdale Contracts, which breaches must be cured upon assumption.[2] Second, Alcoa is entitled to adequate assurance of future performance to ensure that the Debtors will not continue to breach the Rockdale Contracts by charging Alcoa for improper and inflated costs in the future.[3] Third, any order approving assumption, whether at confirmation or otherwise, must be clear that nothing in such assumption order (or in the Plan) would provide for anything other than the *cum onere* assumption of the Rockdale Contracts or otherwise prohibit Alcoa from enforcing all of its rights under the Rockdale Contracts.

We have informed the Debtors that Alcoa is not objecting to the assumption of the Rockdale Contracts *per se* and will not object to the feasibility of the Plan in exchange for a workable hearing, discovery, briefing, and trial schedule on Alcoa's cure claims and cure amounts, with a hearing to take place following the confirmation hearings. Alcoa has not received a response from the Debtors, and, given the expedited timetable the Debtors have proposed, Alcoa requests that the Court hold a telephonic status hearing on this matter at the Court's earliest convenience.

1. **The Debtors' Breaches of the Parties' Stipulations Concerning Assumption**

The Debtors and Alcoa are parties to two stipulations dated May 6, 2015 (the "May Stipulation," attached hereto as Exhibit 1) and August 7, 2015 (the "August Stipulation," attached hereto as Exhibit 2, and, together with the May Stipulation, the "Stipulations"), which are designed and intended by the parties to govern the timing of the Debtors' assumption of the Rockdale Contracts. Notwithstanding that the hearing to consider confirmation of the Debtors' Plan will not commence until November 3 2015, the Debtors have proposed to hold a hearing on the Motion on October 2, 2015, with a corresponding objection deadline of September 25, 2015. A dispute has arisen concerning, among other things, the appropriateness and timing of the Motion and the discovery sought by the Debtors in connection therewith, and the parties have reached an impasse. Pursuant to August Stipulation ¶ 2, discovery disputes may be brought to the attention of the Court through letters, and we accordingly submit this letter to ask the Court to resolve this dispute.

By way of further background, at the August 25, 2015, hearing concerning the Debtors' motion to amend hearing dates and deadlines in connection with Plan confirmation, this Court recognized that the Stipulations govern any dispute concerning the assumption and/or rejection of the Rockdale Contracts, which would take place in tandem with Plan confirmation. In fact, this Court overruled Alcoa's objection to rescheduling the Plan confirmation hearing for November 3, 2015, noting that the parties agreed that, for those Rockdale Contracts to be assumed/rejected (and that discovery on such assumption/rejection), the Debtors would provide 28 days' notice (the "Notice") as part of the colloquy concerning the Plan objection deadline, now set for October 23, 2015 (the "Plan Objection Deadline").

---

[2] Bankruptcy Code § 365(b)(A).
[3] Bankruptcy Code § 365(b)(C).

The Stipulations are based on the premise that Alcoa's objection deadline would be the same as the Plan Objection Deadline and Alcoa would receive *more* notice prior to that deadline than is otherwise provided under the court's schedule. Thus, the intent of the Stipulations is to provide more breathing space for the parties to seek a resolution of any dispute regarding assumption/rejection of the Rockdale Contracts and related discovery but that, if resolution is not possible, any dispute on the proposed assumption or rejection of the Rockdale Contracts would be resolved in connection with the Plan confirmation process. The Debtors have expressly assumed this obligation in August Stipulation ¶ 3. In addition, May Stipulation ¶¶ 2 and 3 also reference both the Plan and the Plan Objection Deadline, confirming that the 28-day notice (at least) and other agreements are tied to the Plan confirmation process, as follows:

> Notwithstanding anything to the contrary in the Scheduling Motion, the Plan, the Disclosure Statement, or any order approving such relief thereof, the Debtors agree to provide Alcoa notice of the Debtors' request to assume, including cure amounts . . . or any other dispositions of the Alcoa Contracts pursuant to the Plan not less than twenty eight days before the Plan Objection Deadline…
>
> Alcoa agrees to limit any objection to the Plan and Disclosure Statement … to the Debtors' proposed assumption of the Alcoa Contracts (including cure amounts, if any, and adequate assurance), rejection of the Alcoa Contracts, and the treatment of the Alcoa Contracts in the Plan or plan feasibility ….
>
> Alcoa reserves the right to request that the Court schedule discovery or set a special hearing regarding any dispute arising out of a Permitted Objection at or prior to the confirmation hearing . . .

Despite the fact that the Stipulations make clear that Alcoa's objections are to be resolved in connection with the Plan confirmation process, except that Alcoa is to have *more* time to formulate and resolve its objections, the Debtors Motion now seeks to limit Alcoa to *less* time by setting an objection deadline, discovery deadlines and final hearing prior to the rest of the Plan confirmation process. Specifically, the Debtors—in violation of the letter and the spirit of the Stipulations—seek expedited discovery with fact depositions ending in two weeks, an objection deadline of September 25, and an October 2nd hearing on the Motion—a full month before the confirmation hearings begin. Although there is nothing in the Stipulations to preclude the Debtors, for the sake of efficiency, from providing Alcoa even more time by serving the Notice and commencing discovery early, the Stipulations do not contemplate the Debtors providing less time for the assumption/rejection process of the Rockdale Contracts by expediting the discovery deadlines and final hearing in this manner.

## 2. The Debtors' Proposed Violations of the Discovery Rules

Furthermore, as opposed to the Debtors' assertions to the contrary in Motion ¶ 3, the Debtors have not made any effort to provide or enter into a discovery plan with Alcoa until it served Alcoa with a discovery plan in connection with the Motion at 7:00 p.m. this past Friday evening, August 28th, at the same time the Motion was served. (See the attached e-mail from

Hon. Christopher S. Sontchi
August 31, 2015
Page 4

Debtors' counsel, attached as Exhibit 3, containing the proposed discovery plan.[4]) The Debtors' discovery plan is unacceptable. The schedule includes the requirement that expert reports and deposition be complete in less than three weeks when Alcoa has yet to retain a testifying expert and that depositions take place over the Jewish holidays. The Debtors have already objected to the production of documents concerning Alcoa's cure claims and cure amounts. The schedule also requires Alcoa to produce documents in ten days, which is not possible for Alcoa to do.

While Alcoa has made every effort to resolve the disputes with the Debtors—including making several settlement offers, requesting several meetings (only one of which the Debtors attended) as part of resolving Alcoa's objection to their second request to extend exclusivity, and providing detailed information regarding its cure claims related to the Rockdale Contracts in a meeting with Debtors' counsel—the Debtors have neither negotiated with Alcoa nor responded to Alcoa in connection with its cure claims. In fact, the first response Alcoa received to any of its attempts to engage with the Debtors was the Motion. Had the Debtors actually engaged in a resolution process with Alcoa, they might have been surprised to learn that Alcoa does not object to the assumption of the Rockdale Contracts *per se*.

Furthermore, the Debtors articulate no exigent circumstances requiring imposition of such an extremely expedited discovery process and shortening the process guaranteed to Alcoa in a contested matter under Bankruptcy Rule 9014. The Debtors already assumed certain of the Rockdale Contracts that are ground leases last November when the § 365(d) deadline was about to expire, and they have had plenty of time to assume the Rockdale Contracts. Any delay is of the Debtors' own making. The notion that the Debtors now need expedited relief, outside the basic due process requirements Bankruptcy Rule 9014 and the Bankruptcy Rules concerning the timing and sequence on discovery and the normal timeline for a full evidentiary hearing, rings hollow. Based on the Debtors' contentions in its Motion and the stated benefits of the Rockdale Contracts to the Debtors, it is obvious that the Debtors were always going to seek to assume the remainder of the Rockdale Contracts. This Court should not countenance a proposed expedited discovery period and premature evidentiary hearing date designed by the Debtors to deprive Alcoa of its due process rights to full discovery and a full evidentiary hearing on its breach/cure claims and damages/cure amounts.

### 3. No Exigent Circumstances Exist Requiring an Expedited Hearing and Trial

While Alcoa raised the issue that it may likely challenge the feasibility of the Plan, the Debtors in Motion ¶ 41 have represented that they have sufficient funds on hand to satisfy Alcoa's claim for damages/cure amounts, which Alcoa has already presented to the Debtors in detail.

Under the circumstances, it is improper for the Debtors to expedite the assumption process of the Rockdale Contract process as they are attempting to do with the Motion. Such an expedited process is directly contrary to the terms and the intent of the Stipulations. Further, given the fact that Alcoa is not objecting to assumption of the Rockdale Contracts *per se* and will

---

[4] In fact, it was the Debtors' position with Alcoa up until the evening of Friday, August 28, that it has not decided whether it would seek to assume or reject the Rockdale Contracts and whether they would do so by motion, as opposed to under the Stipulations.

not object to Plan feasibility (as outlined above), Alcoa submits that there is no need to undergo this forced march through discovery for an expedited trial on breach/cure claims and damages/cure amounts in violation of the Stipulations and Alcoa's due process rights. Indeed, the Motion is a self-created "emergency" on the Debtors' part.

Rather, Alcoa requests that the Court direct the Debtors to withdraw the motion and abide by the Stipulations and engage in discussions concerning the proposal provided above. Any issue concerning damages/cure amounts, adequate assurance, and the appropriateness of the form of any orders on the assumption of the Rockdale Contracts or affecting the assumption of the Rockdale Contracts can be reserved and determined at an appropriate agreed upon date and time following the Plan confirmation hearing, as provided in Plan Art. V.C.

Again, Alcoa requests that the Court hold a telephonic status hearing on this matter at the Court's earliest convenience.

> Very truly yours,
>
> /s/ Peter S. Goodman
>
> Peter S. Goodman

AB
Attachments