# Exhibit 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**STIPULATION REGARDING PARTICIPATION OF ALCOA INC. IN PLAN CONFIRMATION DISCOVERY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and Alcoa Inc., a corporation organized under the laws of the Commonwealth of Pennsylvania, (together with its affiliates, "Alcoa" and, together with the Debtors, the "Parties") hereby enter into this stipulation and agreed order (this "Stipulation"), and stipulate and agree as follows.

## RECITALS

WHEREAS, Debtors Luminant Generation Company LLC, Luminant Mining Company LLC, and Sandow Power Company LLC are party to one or more agreements with Alcoa (collectively, the "Alcoa Contracts").

WHEREAS, on May 6, 2015, the Bankruptcy Court approved the *Stipulation Between the Debtors and Alcoa Inc. Resolving Objections to Scheduling Motion* ("May Stipulation") [D.I. 4412-1] wherein, among other things, Alcoa agreed "to limit any objection to the Plan and Disclosure Statement (whether made directly, indirectly, filed, or presented at a hearing) to the Debtors' proposed assumption of the Alcoa Contracts (including cure amounts, if any, and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

1

adequate assurance), rejection of the Alcoa Contracts, and the treatment of the Alcoa Contracts in the Plan or plan feasibility (each such objection, a "Permitted Objection")." May Stipulation, ¶ 3.

WHEREAS the Debtors have not taken any action in the Court as of the date of this Stipulation that could give rise to a Permitted Objection, and the Debtors have not provided Alcoa notice of the Debtors' request to assume, including related cure amounts (if any), reject, assign, modify, and/or any other dispositions of the Alcoa Contracts.

WHEREAS, on July 28, 2015, Alcoa filed its *Notice of Intent of Proposed Participant Alcoa Inc. to Take Part in Discovery Related to Confirmation Proceedings as a Participating Party* (the "Notice of Intent"), where "Participating Party" is defined in the Bankruptcy Court's *Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization, and (C) Revising Certain Dates in the Disclosure Statement Scheduling Order* (the "Confirmation Scheduling Order").

WHEREAS, on July 28, 2015, Alcoa served upon certain Participating Parties, including the Debtors, Alcoa's *First Request for Production of Documents Directed to the Debtors* and *First Set of Interrogatories Directed to the Debtors* (together, the "Discovery Requests").

WHEREAS, paragraph 22 of Exhibit A to the Confirmation Scheduling Order provides, in pertinent part that "the Debtors, in agreement with the affected Participating Party, may amend or modify the terms of this Order without further order by the Court upon filing written notice of such amendment or modification with the Court" (a "Modification Notice").

WHEREAS, the Debtors and Alcoa wish to document a mutual understanding regarding the terms of the Confirmation Scheduling Order and the May Stipulation.

NOW, THEREFORE, it is hereby stipulated and agreed to by and among the Parties as follows:

1. Alcoa will withdraw (i) its Notice of Intent (which it will not refile) and (ii) its Discovery Requests (without prejudice) in accordance with paragraph 4, below.

2. The Debtors agree that Alcoa shall be exempt from all discovery deadlines currently set forth in the Confirmation Scheduling Order. Alcoa and the Debtors shall be entitled to obtain discovery in connection with a Permitted Objection (and such discovery shall begin no later than October 15, 2015, unless otherwise agreed to by the Parties or ordered by the Court). The Parties will endeavor to enter into a discovery plan (a "Discovery Plan") providing for, *inter alia*, the types of, and a schedule for, serving and responding to discovery in connection with a Permitted Objection. The Parties reserve the right to object to any discovery request on any ground permitted by the Federal Rules of Civil Procedure, except that the Parties agree not to object on the grounds that such discovery is (a) untimely under the Confirmation Scheduling Order, or (b) not permitted after October 15, 2015 because the Debtors have not, in connection with the Plan, provided Alcoa notice of the Debtors' request to assume, including related cure amounts (if any), reject, assign, modify, and/or otherwise dispose of the Alcoa Contracts (provided however, that Debtors agree to waive such objection if the Debtors serve discovery prior to October 15, 2015). In the event that the Parties cannot agree to a Discovery Plan, either party may seek the Bankruptcy Court's intervention to resolve any Discovery Plan dispute by submitting a letter to the Bankruptcy Court detailing the dispute and requesting a telephonic hearing.

3. Except as otherwise provided for by this Stipulation, nothing herein shall modify, amend, supersede, or otherwise alter the terms of the May Stipulation, and the May Stipulation

shall remain in full force and effect according to its terms. For the avoidance of doubt, Alcoa hereby expressly affirms and agrees that it will limit any objection to the Plan and Disclosure Statement (whether made directly, indirectly, filed, or presented at a hearing) to the Debtors' proposed assumption of the Alcoa Contracts (including cure amounts, if any, and adequate assurance), rejection of the Alcoa Contracts, and the treatment of the Alcoa Contracts in the Plan or plan feasibility; and the Debtors hereby expressly affirm and agree to provide Alcoa notice of the Debtors' request to assume, including related cure amounts (if any), reject, assign, modify, and/or any other dispositions of the Alcoa Contracts pursuant to the Plan not less than twenty-eight days before the Plan Objection Deadline (as defined in the May Stipulation).

4. Upon execution of this Stipulation, the Debtors shall file this Stipulation with the Court, after which it shall be effective without further action by any party or order of the Court. Once so filed, this Stipulation shall constitute a Modification Notice consistent with paragraph 22 of Exhibit A to the Confirmation Scheduling Order, and the Notice of Intent shall be deemed withdrawn thereafter.

5. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

6. This Stipulation shall be deemed to have been drafted jointly by the Parties, and any uncertainty or omission shall not be construed as an attribution of drafting by any Party.

7. The Court shall retain sole and exclusive jurisdiction to enforce the provisions of this Stipulation.

[signature pages to follow]

Stipulated and agreed by:

ENERGY FUTURE HOLDINGS, CORP., *ET AL.* DEBTORS AND DEBTORS-IN-POSSESSION

By: */s/ Joseph C. Barsalona II*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
Joseph C. Barsalona II (No. 6102)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:   collins@rlf.com
         defranceschi@rlf.com
         madron@rlf.com
         barsalona@rlf.com

-and-

**KIRKLAND & ELLIS, LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   Edward.sassower@kirkland.com
         Stephen.hessler@kirkland.com
         Brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email:   James.sprayregen@kirkland.com
         Chad.husnick@kirkland.com
         Steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

ALCOA, INC.

LANDIS RATH & COBB LLP

By: <u>/s/ Peter S. Goodman</u>
**LANDIS RATH & COBB LLP**
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, DE 19899
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

**MCKOOL SMITH, P.C.**
Peter S. Goodman (*Admitted Pro Hac Vice*)
Michael R. Carney (*Admitted Pro Hac Vice*)
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
E-mail: pgoodman@mckoolsmith.com
mcarney@mckoolsmith.com

*Counsel to Alcoa Inc.*