IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: D.I. 5321** |

### EFIH DEBTORS' OPPOSITION TO MOTION OF SECOND LIEN INDENTURE TRUSTEE FOR LIMITED RELIEF FROM THE AUTOMATIC STAY

The EFIH Debtors[2] oppose the Second Lien Trustee's August 13, 2015, Motion For Limited Relief From The Automatic Stay, D.I. 5321 ("Motion"). That Motion contains a single sentence setting forth the Second Lien Trustee's grounds for relief: "Here, for the reasons set forth by the First Lien Trustee in its own lift-stay motion but rejected by this Court in the Stay Decision, all the considerations favor modification of the stay." Mot. 6 (D.I. 5321). The Second Lien Trustee does not make any additional arguments, and appears to have filed its Motion merely to preserve its rights on appeal.

The Court can comfortably deny the Motion by applying its reasoning from the July 8, 2015 Stay Decision, No. 14-50363 (Adv. D.I. 304). In its Stay Decision, the Court applied the established standard for lifting the automatic stay: (1) whether any great prejudice to either the bankrupt estate or the debtor will result from a lifting of the automatic stay; (2) whether the hardship to the non-bankrupt party by maintenance of the automatic stay considerably outweighs

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms are defined in the Second Lien Trustee's Lift Stay Motion, D.I. 5321.

the hardship to the debtor; and (3) the probability of the creditor prevailing on the merits. Stay Decision ¶ 52 (citing *In re Downey Fin. Corp.*, 428 B.R. 595, 609 (Bankr. D. Del. 2010)). After weighing these factors, the Court held that cause does not exist to lift the automatic stay. *Id.* at ¶ 13.

*First*, the Court found that lifting the stay would greatly prejudice the estate. *Id.* at ¶ 60. Lifting the automatic stay would cause nearly $900 million dollars to leave the estate as other noteholders at EFIH sought to lift the stay on the same grounds. *Id.* at ¶¶ 50, 62. Further, even if the actions of other noteholders were not considered, the Court held that the estate would suffer, *at the very least*, the harm caused by paying the Applicable Premium. *Id.* at ¶ 64.

*Second*, the Court found that maintaining the stay would harm the First Lien Noteholders, *at most*, by the amount of their unpaid Applicable Premium. *Id.* at ¶ 64. None of the First Lien Noteholders' alleged economic harms exceeded the value of the Applicable Premium itself, *id.* at ¶ 77, and none of the alleged harms to investor expectations changed this analysis, *id.* at ¶ 78. Here too, the only harm that the Second Lien Noteholders have suffered is the value of their unpaid Applicable Premium, and in any event, the Second Lien Trustee has not raised any additional arguments nor submitted any additional evidence.

Accordingly, the harm to the estate from lifting the stay (approximately $900 million) considerably outweighs the harm to the Second Lien Noteholders from maintaining the stay ($350-$400 million). *Id.* at ¶ 66. Further, in the best case for the Second Lien Noteholders, the harm to the Noteholders is the same as the harm to the estate (the value of the Applicable Premium) and cannot "'considerably outweigh' the hardship to the debtor." *Id.* at ¶ 64 (internal quotation marks omitted).

*Third*, the Court held that "cause does not exist to lift the automatic stay even if it is likely the Trustee would succeed on the merits." *Id.* at ¶ 86. This same reasoning also applies here.

Accordingly, for the reasons stated by the Court in its July 8, 2015, Stay Decision, the EFIH Debtors request that the Court deny the Second Lien Trustee's Motion For Limited Relief From The Automatic Stay.

## **CONCLUSION**

For the foregoing reasons, the Court should enter an order denying the *Motion Of Second Lien Indenture Trustee For Limited Relief From The Automatic Stay* [D.I. 5321].

*[Remainder of page intentionally left blank.]*

Dated: September 3, 2015
Wilmington, Delaware

/s/ [signature]

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:  collins@rlf.com
    defranceschi@rlf.com
    madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:  edward.sassower@kirkland.com
    stephen.hessler@kirkland.com
    brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  james.sprayregen@kirkland.com
    marc.kieselstein@kirkland.com
    chad.husnick@kirkland.com
    steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*