# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

555 California Street
San Francisco, California 94104

Christopher W. Keegan
To Call Writer Directly:
(415) 439-1882
chris.keegan@kirkland.com

(415) 439-1400

www.kirkland.com

Facsimile:
(415) 439-1500

September 8, 2015

**VIA HAND DELIVERY AND ECF**

Hon. Christopher S. Sontchi
United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 Market Street, 5th Floor
Wilmington, DE 19801

    Re: In re Energy Future Holdings Corp., *et al.*
       Case No. 14-10979 (CSS) (Jointly Administered)

Dear Judge Sontchi:

  I write on behalf of the above-captioned debtors and debtors in possession in these chapter 11 cases (collectively, the "Debtors") in response to Alcoa Inc.'s ("Alcoa") August 31, 2015 letter [D.I. 5807] (the "Alcoa Letter") regarding the *Motion for Entry of an Order Approving the Assumption of All Executory Contracts By and Among Luminant Generation Company LLC, Luminant Mining Company LLC, Sandow Power Company LLC, Texas Competitive Electric Holdings Company LLC and Alcoa Inc.* [D.I. 5789] (the "Assumption Motion").

  On Friday, August 28, 2015, the Debtors filed their Assumption Motion and noticed a hearing on October 2, 2015—consistent with the Federal Rules of Bankruptcy Procedure and the parties' agreements in these chapter 11 cases. The Debtors recently determined to assume all remaining contracts with Alcoa (the "Alcoa Contracts") through a motion, rather than through the plan of reorganization (the "Plan"), after reflecting on the content and nature of its dealings with Alcoa regarding the Alcoa Contracts throughout these chapter 11 cases and beforehand.

  At various times, Alcoa has communicated to the Debtors different and conflicting positions regarding the Alcoa Contracts—most recently, Alcoa now asserts in the Alcoa Letter that it does not oppose "assumption *per se*" and believes it has only one breach of contract claim against the Debtors; however Alcoa has previously asserted that the Alcoa Contracts cannot be

Beijing Hong Kong London Los Angeles Munich New York Palo Alto San Francisco Shanghai Washington, D.C.

# KIRKLAND & ELLIS LLP

Hon. Christopher S. Sontchi
September 1, 2015
Page 2

assumed and indicated that it intended to pursue several other alleged breaches.[1]  As it is difficult to hit a constantly moving target, the Debtors determined that it was necessary to take steps to address their issues with Alcoa.

The Debtors believe that the Assumption Motion can and should be heard by the Court as soon as reasonably practicable.  Alcoa disagrees and, instead of negotiating a schedule with the Debtors, submitted the Alcoa Letter proffering arguments based on a flawed reading of the two stipulations previously entered into by the parties.  *See Stipulation Between the Debtors and Alcoa Inc. Resolving Objections to Scheduling Motion* [D.I. 4412-1] (the "May Stipulation") and the subsequent *Stipulation Regarding Participation of Alcoa Inc. in Plan Confirmation Discovery* [D.I. 5243] (the "August Stipulation" and, together with the May Stipulation, the "Stipulations").  The Debtors and Alcoa have subsequently engaged in discussions and correspondence regarding the Debtors' proposed discovery schedule, copies of which are attached hereto as **Exhibit A**.  Although there has been some progress on a potential resolution, there is no agreement at this point in time and Alcoa's counsel's has refused to engage in any real discussion regarding a discovery schedule for the Assumption Motion.

At issue now is Alcoa's request in the Alcoa Letter that the Court direct the Debtors to withdraw the Assumption Motion, which is without merit, and the Court should deny that request.  However, the Debtors believe that the telephonic conference currently scheduled for September 9, 2015 will benefit the parties as the Debtors have been unsuccessful in working with Alcoa to develop a schedule to begin discovery regarding the Assumption Motion.

      **A.**    **The Stipulations Do Not Preclude the Debtors From Moving to Assume the Alcoa Contracts.**

Contrary to Alcoa's assertions, the Stipulations contain no bar to the Debtors to assume the Alcoa Contracts via a motion.  The Stipulations were entered into for the narrow purpose of

---

[1] *See Limited Objection of Alcoa Inc. to Second Motion of Energy Future Holdings Corp., et al., for Entry of an Order Extending Luminant's Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Bankruptcy Code § 1121* [D.I. 3418] ¶ 9 (alleging "various material defaults" under the Alcoa Contracts); *Objection of Alcoa Inc. to the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Amending Certain Hearing Dates and Deadlines in Connection with the Confirmation of Debtors' Plan of Reorganization* [D.I. 5629] ¶¶ 10–13 (stating that Alcoa holds multiple claims against the Debtors, offering a "due diligence" breach as an "example" of the claims it holds, and asserting that the Debtors may be unable to cure the those claims, which, if true, could preclude the Debtors from assuming the Alcoa Contracts).

## KIRKLAND & ELLIS LLP

Hon. Christopher S. Sontchi
September 1, 2015
Page 3

resolving Alcoa's scheduling objection (the "Scheduling Objection") in the context of confirmation of the Debtors' plan of reorganization (the "Plan"), and nothing more.[2]

As evidence of that narrow purpose, the Court need only examine the plain language of the Stipulations. Both Stipulations clearly reference "dispositions of the Alcoa Contracts *pursuant to the Plan*" when creating the Debtors' obligation to provide extra notice, May Stipulation ¶ 2; August Stipulation ¶ 3 (emphasis added), and nowhere in either Stipulation is there any mention of any restriction on the Debtors' ability to assume the Alcoa Contracts outside the Plan confirmation framework. As this Court has previously recognized, courts look only to "the four corners of a complete document to determine what the parties intended," and a "contract is not ambiguous merely because the parties offer different constructions of the same term." *Findings of Fact and Conclusions of Law Regarding Cross-Motions for Summary Judgment* [D.I. 3984] ¶ 42 (internal quotations and citations omitted) (applying New York law). *See also In re G-I Holdings, Inc.*, 755 F.3d 195, 202 (3d Cir. 2014) ("[W]e must heed the guidance of the Delaware courts and 'give priority to the parties' intention as reflected in the four corners of the agreement.'") (quoting *GMG Capital Investments, LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776, 779 (Del. 2012)).

Alcoa cites to paragraphs 2 and 3 of the May Stipulation in support of its arguments, *see* Alcoa Letter at 3, however contrary to Alcoa's assertions, nothing in either of these paragraphs "makes clear that Alcoa's objections are to be resolved in connection with the Plan confirmation process." *Id.* In those paragraphs, Alcoa agreed to "limit any objection to the Plan and Disclosure Statement . . . to the Debtors' proposed assumption of the Alcoa Contracts . . . and the treatment of the Alcoa Contracts in the Plan or plan feasibility (each such objection, a 'Permitted Objection')," and the Debtors correspondingly agreed "to provide Alcoa notice of the Debtors' request to assume . . . not less than twenty-eight days before the Plan Objection Deadline." May Stipulation ¶¶ 2, 3. Nothing in the language cited by Alcoa speaks to any limitation on the Debtors' ability to seek the assumption of the Alcoa Contracts in a hearing separate from the Plan confirmation process, and nor would the Debtors have ever agreed to enter into either Stipulation had Alcoa proposed to limit the Debtors' motion practice.

---

[2] *See Objection of Alcoa Inc. to Motion of Energy Future Holdings Corp., et al., for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of Debtors' Disclosure Statement* [D.I. 4298] ¶ 13 ("The Debtors' proposed fourteen-day timeframe for filing an objection to the assumption or rejection of the [Alcoa Contracts] (prior to the proposed October 21 Plan voting/Plan objection deadline) is insufficient and must be extended."); *id.* ¶ 21 ("Alcoa . . . will have discrete issues having nothing to do with the discovery requested by the official and *ad hoc* committees in these cases . . . Alcoa should not be required to participate in the considerable amount of discord between the Debtors and/or the various creditors' committees (official or otherwise) and their constituents with respect to issues that do not affect Alcoa.").

**KIRKLAND & ELLIS LLP**

Hon. Christopher S. Sontchi
September 1, 2015
Page 4

In short, silence does not create an ambiguity, and the Stipulations do not preclude the Debtors' from assuming the Alcoa Contracts through a motion. Accordingly, Alcoa's request for the Court to direct the Debtors to withdraw the Assumption Motion is predicated on provisions in the Stipulations that do not exist and its request should be denied.[3]

### B. Even if the Court Determines the Stipulations are Applicable to the Assumption Motion, the Debtors Have Complied With Their Terms and the Bankruptcy Rules.

Even if the Court determines that the Stipulations are applicable to the Assumption Motion, the Debtors have complied with their terms for two reasons. First, consistent with the Stipulations, the Debtors have provided Alcoa with notice of the Debtors' proposed dispositions of the Alcoa Contracts 28 days prior to the date on which Alcoa would be required to object to that disposition—the Assumption Motion was filed on August 28, 2014 and the proposed objection deadline in advance of the scheduled October 2, 2015 hearing is September 25, 2015. This is consistent with the Stipulations, which contemplated that, in the context of assumption or rejection of the Alcoa Contracts through the Plan, the Debtors would provide Alcoa with 28 days' notice before the deadline to object to the Plan (whenever that date might be).[4]

Second, the Debtors' actions in connection with the Assumption Motion are consistent with the Stipulations (most notably, the August Stipulation) because although the August Stipulation provided for an *outside date* for discovery to begin (October 15, 2015), it said nothing about whether discovery could begin *earlier* or anything about how long discovery would last. In fact, the August Stipulation explicitly provides that Alcoa and the Debtors would negotiate a "discovery plan," including any associated schedule, and if they are unable to reach agreement, the parties would write letters to the Court to resolve any disagreement. August Stipulation ¶ 2.

This is exactly what has occurred in the context of the Assumption Motion. Contemporaneously with filing the Assumption Motion, the Debtors provided Alcoa with a

---

[3] The Debtors also believe that several of Alcoa's actions in the cases since entering to the Stipulations violate their terms, including Alcoa's filed Notice of Intent and Discovery Requests on July 28, 2015 and Alcoa's most recent objection to the Debtors' amended scheduling motion [D.I. 5629], which the Court overruled on August 25, 2015. Additionally, Alcoa's refusal to enter into any sort of real discussion regarding a discovery plan before seeking Court relief is in direct violation of the August Stipulation.

[4] *See* May Stipulation ¶ 2 ("[T]he Debtors agree to provide Alcoa notice of the Debtors' request to assume . . . not less than twenty-eight days before the Plan Objection Deadline"); August Stipulation ¶ 3 ("[T]he Debtors hereby expressly affirm and agree to provide Alcoa notice of the Debtors' request to assume . . . not less than twenty-eight days before the Plan Objection Deadline (as defined in the May Stipulation).").

**KIRKLAND & ELLIS LLP**

Hon. Christopher S. Sontchi
September 1, 2015
Page 5

proposed stipulated order laying out a discovery schedule (the "Proposed Scheduling Order"). *See* Proposed Scheduling Order, attached hereto as **Exhibit B**. The Debtors further offered to meet and confer to discuss and negotiate the discovery deadlines contained therein, to the extent practicable under the August Stipulation. *See* Letters from C. Keegan to Alcoa's counsel dated August 28, 2015 and September 2, 2015, attached hereto as **Exhibit A**. In fact, Alcoa itself has ignored the terms of the August Stipulation. Contrary to the terms of the August Stipulation, which contemplates a discussion among the Debtors and Alcoa *before* seeking Court intervention, Alcoa did not—and still has not—made any substantive effort to meet and confer regarding the Proposed Scheduling Order.

Moreover, neither the Assumption Motion nor the Proposed Scheduling Order violates "the basic due process requirements" of Bankruptcy Rule 9014, as Alcoa claims. Alcoa Letter at 4. Bankruptcy Rule 9014(a) states only that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014(a). Here, the Parties expressly negotiated for "reasonable notice"—the 28 days before the "Plan Objection Deadline" laid out in both Stipulations. Moreover, discovery is often expedited in bankruptcy proceedings and Alcoa will have a full and complete opportunity to conduct discovery, challenge the Debtors' discovery requests, and fulfill its own discovery obligations. The Debtors initiated the discovery process early last week by asking Alcoa to agree to the standard confidentiality agreement in place in these bankruptcy proceedings, so that the Debtors could produce more than 17,500 documents in response to Alcoa's discovery requests. To date, Alcoa has refused to sign any confidentiality agreement and will not agree to treat Debtors' materials as confidential if produced. Alcoa should not be able to complain that the discovery period is too short, when its own conduct is limiting its ability to actually participate in discovery.

      **C.**      **The Court Should Permit the Hearing on the Debtors' Assumption Motion to Proceed Per the Schedule Laid Out in the Proposed Scheduling Order.**

The Assumption Motion is not precluded by the Stipulations, and the Court should permit the hearing on the Assumption Motion to proceed according to the schedule laid out in its Proposed Scheduling Order.

This dispute involves a narrow and focused issue: whether the assumption of the Alcoa Contracts is a reasonable exercise of the Debtors' business judgment. Alcoa's cure claims—which arise from an alleged breach of the Alcoa Contracts "by virtue of [the Debtors'] charging Alcoa with improper costs under the [Alcoa] Contracts, which breaches must be cured upon assumption"—are, by Alcoa's own admission, part and parcel of the Court's determination that the assumption of the Alcoa Contracts will benefit the Debtors' estates and their creditors. Alcoa

## KIRKLAND & ELLIS LLP

Hon. Christopher S. Sontchi
September 1, 2015
Page 6

Letter at 2.  While Alcoa claims that the cure issue will require broad discovery, the Debtors disagree.  The breach asserted by Alcoa is focused on operational decisions at the plant that will require the testimony of only a few witnesses, if that many.  Further, there are legal arguments that will narrow the scope of Alcoa's claims of breach.  Alcoa has not identified what specific burdens it claims the proposed discovery plan will actually impose or what schedule they believe should apply, and until they do so and the parties meet and confer on that proposed schedule, they should be required to comply with the properly noticed deadlines in the Assumption Motion and to prepare for a hearing on the Assumption Motion on October 2, 2015.

   For all the foregoing reasons, the Debtors respectfully request that the Court deny Alcoa's request that the Court direct the Debtors to withdraw the Assumption Motion.

                  Sincerely,

                  *s/ Christopher W. Keegan*

CWK/rt
Enclosures