## **EXHIBIT A**

**Correspondence**

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

555 California Street
San Francisco, California 94104

Christopher W. Keegan
To Call Writer Directly:
(415) 439-1882
chris.keegan@kirkland.com

(415) 439-1400

www.kirkland.com

Facsimile:
(415) 439-1500

August 28, 2015

VIA ELECTRONIC MAIL

Peter S. Goodman
Michael R. Carney
William M. Wilson, Jr.
McKool Smith
One Bryant Park
47th Floor
New York, New York 10036

Re:  In re Energy Future Holdings Corp., *et al.*
Case No. 14-10979 (CSS) (Jointly Administered)

Dear Messrs. Goodman, Carney and Wilson:

      I write on behalf of the Debtors in the above-captioned matter regarding Alcoa's First Request for Production of Documents Directed to the Debtors and First Set of Interrogatories Directed to the Debtors (together, the "Discovery Requests"), related to the Alcoa Contracts and received on July 28, 2015. In order to move the discovery related to the Motion of Energy Future Holdings Corp., *et al.*, For Entry of an Order Approving the Assumption of All Executory Contracts By and Among Luminant Generation Company LLC, Luminant Mining Company LLC, Sandow Power Company LLC, and Alcoa Inc. (the "Motion") forward, the Debtors respond to those requests with the attached responses. Also attached is Debtors' First Set of Requests for Production of Documents and Interrogatories to Alcoa Inc. in Connection with the Motion.

      Additionally, we have searched and reviewed the shared drive used for Alcoa-related matters (the "c_sfiles" drive) as well as Robert Frenzel's custodial files for potentially responsive documents between January 1, 2009 through June 30, 2015. The Debtors have prepared a production of 17,894 documents totaling more than 105,000 pages, Bates numbered ALCOA-EFH00000001-00106437, that are responsive to Alcoa's Discovery Requests. The Debtors are ready and prepared to produce these documents once Alcoa agrees to the standard Confidentiality Agreement used by the Debtors throughout these chapter 11 cases. This is the Confidentiality Agreement that we first provided on August 25, 2015 and have discussed several

## KIRKLAND & ELLIS LLP

Peter S. Goodman
Michael R. Carney
William M. Wilson, Jr.
August 28, 2015
Page 2

times since. Once we can come to an agreement on confidentiality, we will provide the documents to Alcoa via FTP.

Finally, we also include a proposed stipulated scheduling order for this matter. Please let me know when you are available to discuss a schedule so that we can get deposition dates confirmed. I am available for a meet and confer over the weekend or on Monday, August 31, 2015.

Sincerely,

*/s Chris Keegan*

CWK/rt
Enclosures

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

555 California Street
San Francisco, California 94104

Christopher W. Keegan
To Call Writer Directly:
(415) 439-1882
chris.keegan@kirkland.com

(415) 439-1400

www.kirkland.com

Facsimile:
(415) 439-1500

September 2, 2015

**VIA ELECTRONIC MAIL**

Peter S. Goodman
Michael R. Carney
McKool Smith
One Bryant Park
47th Floor
New York, New York 10036

William M. Wilson, Jr.
McKool Smith
300 Crescent Court
Suite 1500
Dallas, TX 75201

Re:  In re Energy Future Holdings Corp., *et al.*
Case No. 14-10979 (CSS) (Jointly Administered)

Dear Messrs. Goodman, Carney and Wilson:

I write on behalf of the Debtors in the above-captioned matter to address the various discussions on discovery that have taken place over the course of the last week. We will respond to Alcoa's submission to the Court consistent with the Court's schedule, but wanted to continue our discussions with you regarding discovery in this matter.

*First*, the Debtors would like to move forward with producing documents to Alcoa, which they have been prepared to do since last week. It is our understanding that Alcoa disagrees with the "Highly Confidential/Attorneys' Eyes Only" designation contained in paragraph 13 of the standard Confidentiality Agreement used by the Debtors throughout these chapter 11 cases. The Debtors plan to raise that issue with the Court at the upcoming telephonic status conference. In the meantime, we understand that Alcoa does not object to the "Confidential" designation contained in paragraph 12 of the Confidentiality Agreement. As we told you last week and again earlier this week, the Debtors are prepared to produce those materials responsive to Alcoa's document requests that are designated "Confidential" while the parties resolve their dispute over the Highly Confidential designation. Please confirm that you will agree to treat those documents as "Confidential" or identify what objections you have to the "Confidential" designation under the Confidentiality Agreement. There is no reason for Alcoa to further delay the production of documents over an unidentified concern about "Confidential" materials.

## KIRKLAND & ELLIS LLP

Peter S. Goodman
Michael R. Carney
William M. Wilson, Jr.
September 2, 2015
Page 2

*Second*, the Debtors are also moving forward with discovery in this matter as outlined in the proposed Scheduling Order sent to Alcoa on August 28, 2015.  It is clear that Alcoa believes discovery is necessary to resolve this dispute, so please provide your comments on that proposed schedule to us by the end of the day on Thursday, September 3, 2015, so that we can identify areas of dispute for the Court in advance of the telephonic status conference scheduled for Wednesday, September 9, 2015.

*Finally*, the Debtors are prepared to address any concerns that Alcoa has with respect to the Debtors' responses and objections to Alcoa's First Set of Requests for Production of Documents and Interrogatories.  Please let us know when you are available for a meet and confer.  Further, please let us know when we can expect responses to the Debtors' First Set of Requests for Production of Documents and Interrogatories, dated August 28, 2015.

Sincerely,

*/s Chris Keegan*

CWK/rt

cc     Brian Schartz, Kirkland & Ellis LLP
       Robert Elkin, McKool Smith
       Judith Young, McKool Smith

# McKool Smith

W.M. Wilson, Jr.
Direct Dial: (214) 978-4022
bwilson@McKoolSmith.com

300 Crescent Court
Suite 1500
Dallas, TX 75201

Telephone: (214) 978-4000
Facsimile: (214) 978-4044

September 4, 2014

**VIA ELECTRONIC MAIL**

Christopher W. Keegan
Kirkland & Ellis
555 California Street
San Francisco, CA 94104

RE:   Your September 2, 2015 letter to Peter S. Goodman, Michael R. Carney and William M. Wilson, Jr.

Dear Chris:

This is in response to your September 2, 2015, letter concerning discovery. As we have previously stated, it is improper for the Debtors to try to unilaterally expedite and force discovery on Alcoa's important claim into a narrow window. Alcoa does not agree to that process. However, in principle, as Alcoa stated in its letter to the court, Alcoa does not object to starting discovery now, and in fact, Alcoa thinks that is a good idea so long as discovery is conducted under the federal rules and pursuant to a reasonable schedule. In that context, Alcoa's specific responses to each of your three points are as follows:

On your *first* point, the Debtors are putting the cart before the horse. Despite the fact that our latest stipulation expressly contemplates a discovery plan before engaging in discovery, no such plan exists – because Debtors have refused to negotiate one in good faith. And, although the Debtors are trying to unilaterally dictate a discovery schedule, Alcoa has challenged that schedule and no schedule has been established. In addition, despite our repeated requests, the Debtors have refused to provide a meaningful description of the documents they would like to produce so that Alcoa has some sense of whether the documents are even pertinent to its specific claim, which is much different from any other confirmation dispute. Yet, without first resolving any of these issues, Debtors are grandstanding and trying to fabricate a record that they are urgently trying to respond to Alcoa's discovery requests – ones that the Debtors themselves recently insisted be withdrawn and to which Debtors have both objected across the board and indicated that they are not prepared to produce documents in response.

**McKool Smith**
**A Professional Corporation • Attorneys**
**Austin | Dallas | Houston | Los Angeles | Marshall | New York | Silicon Valley | Washington, DC**

McKool 1120809v1

Chris W. Keegan
September 4, 2014
Page 2

In anticipation of a proper discovery plan and scheduling order and receiving a meaningful description of the documents the Debtors intend to produce, Alcoa will send you, before the conference with the court, changes to your proposed confidentiality agreement that would be acceptable to Alcoa. However, the confidentiality agreement is but one cog in the wheel. It is simply wrong and disingenuous for the Debtors to suggest that the lack of a confidentiality agreement is delaying production when many more fundamental issues have yet to be resolved.

On your *second* point, Alcoa has stated that it is agreeable to starting discovery early in relation to the cure hearing, but Alcoa believes that the hearing properly should follow the confirmation hearings as proposed by Bryan Stephany (on an agreed upon setting) and contemplated in your plan. Alcoa has further specifically proposed to the Debtors that the parties work together to jointly develop such a schedule. You have yet to respond to Alcoa's proposal, claiming most recently that the impending holiday weekend is an impediment to a response. Yet, you turn around and ask Alcoa to participate in discovery on an expedited basis and ask Alcoa to comment on your proposed schedule, all of which would include work over the holiday weekend, and refuse to acknowledge the fact that we have already stated that your expedited schedule is improper in its entirety. In an attempt to move the process forward, Alcoa will propose a reasonable schedule before the conference. (As with the Debtors, however, for Alcoa the impending holiday weekend likely means this will not happen until next week.)

On your *third* point, you say that you are prepared to address Alcoa's concerns regarding the Debtors' discovery responses. Yet, Alcoa has already made clear that its primary concern is that the Debtors have objected to Alcoa's requests across the board and indicated that they are not prepared to respond to any of Alcoa's document requests, so that it is unclear what responsive documents, if any, the Debtors intend to produce. Alcoa is continuing to review the Debtors' responses and will gladly meet and confer with you again about other specific issues, but again the Debtors are seeking to take things out of logical sequence. If the Debtors are prepared to address Alcoa's concerns as you claim, the first step would be to respond to Alcoa's first and most fundamental concern by providing a description of the documents Debtors want to produce. The second and third steps would be to agree to a reasonable discovery plan and schedule so that discovery can appropriately move forward on Alcoa's prior discovery requests.

The same is true with respect to the Debtors' recent discovery requests. Before proceeding with discovery, a discovery plan should be in place as specifically contemplated by the stipulation between the parties as well as a target date for a proper hearing. Unless otherwise

Chris W. Keegan
September 4, 2014
Page 3

agreed, ordered or set forth in any discovery plan, Alcoa will provide written responses and objections to the Debtors' discovery requests in accordance with the federal rules and the bankruptcy rules, as applicable.

Very truly yours,

*Bill*

W.M. Wilson, Jr.

WMW:ds

cc: Bryan Schartz, Kirkland & Ellis LLP
   Peter S. Goodman, McKool Smith
   Michael R. Carney, McKool Smith
   Robert Elkin, McKool Smith
   Judith Youngman, McKool Smith

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

555 California Street
San Francisco, California 94104

Christopher W. Keegan
To Call Writer Directly:
(415) 439-1882
chris.keegan@kirkland.com

(415) 439-1400

www.kirkland.com

Facsimile:
(415) 439-1500

September 7, 2015

**VIA ELECTRONIC MAIL**

William M. Wilson, Jr.
McKool Smith
300 Crescent Court
Suite 1500
Dallas, TX 75201

    Re: In re Energy Future Holdings Corp., *et al.*
       Case No. 14-10979 (CSS) (Jointly Administered)

Dear Mr. Wilson:

  I write on behalf of the Debtors in the above-captioned matter in response to your September 4, 2015 letter.

  With respect to your comments regarding the timing of discovery, the Debtors agree on one point: Alcoa has refused the proposed schedule that Debtors first provided on August 28, 2015. However, that is all that Alcoa has done. The Debtors sent the proposed schedule in order to reach an agreement on discovery matters, but to date Alcoa has not proposed any alternative. Indeed, it appears based on your September 4, 2015 correspondence that no counter-proposal will be forthcoming the eve of the parties' telephonic scheduling conference with the Court. Nevertheless, the Debtors are prepared to address Alcoa's concerns with the schedule as soon as the Debtors receive Alcoa's comments, which the Debtors have now requested three times.

  In addition, Alcoa's refusal to sign onto the standard Confidentiality Agreement used by the Debtors and the other parties in these chapter 11 cases undermines its assertion that it is "agreeable to starting discovery early" in this matter. We provided the Confidentiality Agreement on August 25—twelve days ago—and still have not received any comments from you regarding an alternative proposal. Instead, Alcoa has indicated it does not agree to the "Highly Confidential" treatment of documents, as provided in the Confidentiality Agreement. But Alcoa has offered no explanation for its refusal to accept the materials designated "Confidential"—materials that the Debtors have offered to produce several times. At a minimum, Alcoa can and should agree to treat the Confidential materials—to which there is no dispute—as Confidential. Alcoa's refusal to do so is unnecessarily delaying the discovery both parties agree may be necessary.

# KIRKLAND & ELLIS LLP

William M. Wilson, Jr.
September 7, 2015
Page 2

    With respect to your request that the Debtors provide a description of the documents the Debtors are prepared to produce, the Debtors have previously stated in correspondence dated August 28, 2015, that the production is responsive to Alcoa's First Set of Requests for Production of Documents (the "Requests"), dated July 28, 2015. In that same correspondence, the Debtors explained which shared drives and custodial files were searched (the "c_sfiles" drive and Robert Frenzel's custodial files) and the date ranges that were searched (January 1, 2009 through June 30, 2015). Further, contrary to your letter and as the Debtors' Responses and Objections to Alcoa's Requests (the "Responses") provide, the Debtors have conducted a reasonable search and are prepared to produce non-privileged documents responsive to Requests 1-16, 18, 20, 23, 25-28, 31, 33-37. The Debtors have met all their discovery obligations under the Federal Rules and local rules and once Alcoa reviews the documents, then it can raise any perceived concerns. Alcoa also makes repeated mention of the Debtors' purported objections to Alcoa's Requests "across the board," notwithstanding the Debtors' actual Responses, which state that the Debtors will search for and produce non-privileged documents responsive to all but eight of Alcoa's 37 Requests: Requests 17, 19, 21, 22, 24, 29, 30, and 32. As we briefly discussed during our call on Monday—in the Debtors' view, those eight requests relate only to confirmation discovery and not the issues underlying the assumption motion. While the Debtors believe their objections are appropriate, the Debtors have offered to meet and confer.

    In sum, there is no basis for Alcoa to claim that the Debtors have indicated "that they are not prepared to respond to any of Alcoa's document requests." The Debtors have been prepared to produce documents since August 28, 2015.

    We are prepared to discuss these issues in a meet and confer, as we have indicated all week and into last week. At the same time, please confirm that Alcoa will respond to Debtors' eight requests for production and seven interrogatories served on Alcoa on August 28, 2015.

    Sincerely,

    */s/ Christopher W. Keegan*

    Christopher W. Keegan

cc:    Peter S. Goodman, McKool Smith
       Michael R. Carney, McKool Smith
       Robert Elkin, McKool Smith
       Judith Young, McKool Smith