

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

**Richard C. Pedone**
*Partner*
T 617-345-1305
rpedone@nixonpeabody.com

100 Summer Street
Boston, MA  02110-2131
617-345-1000

September 8, 2015

***Via Electronic Filing***

The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

Re:     **In re Energy Future Holdings Corporation, et al., Case No. 14-10979**
          **Response of EFH Indenture Trustee to Debtors' September 4, 2015 Letter**
          **Seeking To Narrow Plan Support Agreement Discovery [Docket No. 5855]**

Dear Judge Sontchi:

    Nixon Peabody LLP writes on behalf of the EFH Indenture Trustee[1] in response to the letter, dated September 4, 2015 [Docket No. 5855] (the "PSA Discovery Letter"), pursuant to which the Debtors seek to narrow the scope of discovery in connection with the *Motion of Energy Future Holdings Corp., et al., to Authorize the Debtors to Enter into and Perform Under the Plan Support Agreement* [Docket No. 5248] (the "PSA Motion").[2]  In opposition to the PSA Motion, the EFH Indenture Trustee previously filed the *Joinder of EFH Indenture Trustee to Objection of EFH Official Committee to Motion of Energy Future Holdings Corp., et al., to Authorize the Debtors to Enter into and Perform Under the Plan Support Agreement* [Docket No. 5703].

**<u>*Debtors' Factual Assertions in PSA Motion Relate to Plan and Settlement Agreement*</u>**

    The Debtors seek to prohibit any party from taking any discovery related to the Plan and Settlement Agreement in connection with PSA Motion.  *See* PSA Discovery Letter, at 2 (arguing that issues related to the Plan and Settlement Agreement are "irrelevant to the hearing on the PSA Motion and inappropriate for related discovery.").

---

[1]    The EFH Indenture Trustee is American Stock Transfer & Trust Company, LLC, as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "EFH Indenture Trustee") under the indentures for certain notes (the "EFH Notes", and the holders thereof, the "EFH Noteholders") issued by EFH Future Holdings Corp. ("EFH Corp.").

[2]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the PSA Motion.

4836-1688-5800.6

The Honorable Christopher S. Sontchi
September 8, 2015
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

This position is extraordinary in light of the fact that the PSA Motion itself contains numerous fact allegations related to the Plan and Settlement Agreement.  Here, where the Debtors have made factual assertions in their motion, the grounds for those assertions are subject to discovery.

### *Parties to PSA Agreed to Support Impairment of E-Side Noteholders Under the Plan*

The PSA Motion asserts that the Plan does not impair claims arising under the EFH Notes.  *See* PSA Motion, at ¶ 1 ("[T]he Plan contemplates payment in full of all allowed E-side claims.").  That assertion is wrong since E-side noteholders are deprived under the Plan of their contractual rate of interest, Makewhole Claims and fees and expenses.  *See Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 5244], at 44-45, 50.  The Plan references the establishment of a "Postpetition Interest Reserve" for the "difference between interest accrued on [the EFH Notes] from the Petition Date through the Effective Date at the Federal Judgment Rate, and interest accrued on such Claims from the Petition Date through the Effective Date at the applicable non-default contract rate, or such other amount ordered by the Bankruptcy Court."  Plan, at Article I.A.250.  However, the Plan does not explain that it impairs EFH Noteholders by depriving them of their rights under the applicable indentures to make whole amounts, fees and expenses.  *See* Plan, at Article III.B.

Discovery into the parties' agreement under the PSA to proceed to confirmation and only solicit T-side votes on a Plan that unequivocally impairs the EFH Noteholders is warranted.  **Importantly, no E-side creditor is a party to the PSA.**  The objectors to the PSA are entitled to probe the reasons why EFH Corp. seeks to lock itself into a commitment to proceed on a senseless path which will require that the entire Plan be solicited a second time since the EFH Noteholders are impaired and entitled to vote.

### *To Satisfy Its Burden in Seeking Approval of the PSA,  EFH Corp. Must Explain Why It Believes that the Plan Sponsors (and Each of their Funding Sources) Will be Committed*

The EFH Indenture Trustee is not seeking free-ranging discovery into every aspect of feasibility.  Rather, the discovery sought is limited to the allegations in the PSA Motion and what each EFH Corp. director did in order to evaluate the feasibility of the Plan in connection with their decision to enter into the PSA.  For example, entry into the PSA only makes sense if the investors under the Plan can both obtain the necessary funding and close the REIT transaction.  Inquiry into what the directors did to evaluate the likelihood that the Plan Sponsors will be able to fund and close months from now is appropriate since the likelihood of that happening must have been balanced against the catastrophic flooding of the EFH Corp. claims

The Honorable Christopher S. Sontchi
September 8, 2015
Page 3

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

pool that will occur if the closing does not take place after approval of the Settlement Agreement.[3]

No limitations should be placed on discovery into how the Debtors evaluated the ability of the Plan Sponsors to raise and obtain firm commitments for the billions that will be required to close.

### *PSA as Curently Proposed Is an Insider Transaction Subject to Heightened Scrutiny*

The Debtors assert in their papers that the approval of the PSA is governed by the business judgment rule. The EFH Indenture Trustee does not agree. Contrary to the Debtors' assertions, the PSA Motion involves more issues than whether the PSA is based on "sound business purpose" and whether it was proposed in good faith. Rather, the PSA and the underlying Settlement Agreement are insider transactions that should be subject to heightened scrutiny under the Bankruptcy Code and Texas state law. *See e.g., In re Innkeepers USA Trust*, 442 B.R. 227, 231 (Bankr. S.D.N.Y. 2010) (stating that a debtor's decision to assume a plan support agreement failed both the business judgment test and heightened scrutiny test).

The PSA is an insider transaction because it includes provisions requiring parties to commit to give the directors releases in the Debtors' current Plan or an ***alternative plan***. *See e.g.,* PSA, at §§ 4.1(a)(ii); 5.1 (a)(ii). **While the Debtors assert that no discovery should be taken into the merits of any releases included in the Plan, a critical provision of the PSA is that the parties commit to <u>support</u> the Plan releases.** The objectors to the PSA are entitled to know why those release-support provisions were included in the PSA and accordingly discovery should not be limited.

In the alternative, should this Court limit discovery, it should also concurrently enter an order precluding the Debtors from seeking to introduce evidence to support the entire fairness of the PSA and the contemplated transactions. Due process and fundamental fairness require that any order limiting discovery concurrently limit the scope of the evidence that the Debtors may seek to introduce at the hearing on the approval of the PSA.

---

[3]     The *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 5246] (the "<u>Disclosure Statement</u>") assumes a March 31, 2016 Effective Date at the earliest. *See* Disclosure Statement, at 14.

The Honorable Christopher S. Sontchi
September 8, 2015
Page 4

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

In summary, the Court should not narrow the scope of discovery in connection with the PSA Motion.  The Debtors have asserted that the Plan and Settlement Agreement are critical components of the PSA (as highlighted in the PSA Motion), therefore, discovery into those topics vis-à-vis the PSA is entirely appropriate and necessary.  In all events the EFH Indenture Trustee requests that any order limiting discovery also limit the evidence that the Debtors may seek to introduce.

Sincerely,

Richard C. Pedone
Partner


cc:     Erica Goodstein