# **EXHIBIT B**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## ORDER AUTHORIZING DEBTORS TO ENTER INTO
## AND PERFORM UNDER PLAN SUPPORT AGREEMENT

Upon the motion (the "<u>PSA Motion</u>")[2] of the Debtors for entry of an order (this "<u>Order</u>"), authorizing the Debtors (a) to enter into the Plan Support Agreement (the "<u>PSA</u>"), attached hereto as <u>Exhibit A</u>, by and among (i) the Debtors; (ii) the holders of approximately 99.26% of the outstanding equity interests in EFH and its direct and indirect equity holders (the "<u>Consenting Interest Holders</u>"); (iii) holders of more than [__]% of the aggregate outstanding principal amount of the TCEH First Lien Claims (determined without regard to any claims held by any Debtor) (the "<u>Consenting TCEH First Lien Creditors</u>"); (iv) holders of more than [__]% of the aggregate outstanding principal amount of the TCEH Second Lien Note Claims (determined without regard to any claims held by any Debtor) (the "<u>Consenting TCEH Second Lien Noteholders</u>"); (v) holders of more than [__]% of the aggregate outstanding principal amount of the TCEH Unsecured Note Claims (determined without regard to any claims held by any Debtor) (the "<u>Consenting TCEH Unsecured Noteholders</u>," and together with the Consenting

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] All capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the PSA Motion, and if not defined therein, then in the ~~Plan Support Agreement.~~PSA.

TCEH First Lien Creditors and the Consenting TCEH Second Lien Noteholders, the "Consenting CreditorsTCEH Creditor Parties"); (vi) the statutory committee of unsecured creditors of the TCEH Debtors and EFH Corporate Services appointed in the Chapter 11 Cases (the "TCEH Official Committee"); and (viii) certain equity investors that are providing and/or backstopping the equity financing in connection with the plan of reorganization (the "Plan") attached as Exhibit A to the PSA (the "Investor Parties," and together with the Debtors, the Consenting Interest Holders, the Consenting CreditorsTCEH Creditor Parties, and the TCEH Official Committee, the "Parties"); and (b) to take any and all actions reasonably necessary to consummate, and to perform any and all obligations contemplated by, the PSA, all as more fully set forth in the PSA Motion; and the Court having found that it has jurisdiction to consider the PSA Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the PSA Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that due and proper notice of the PSA Motion is adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the PSA Motion (the "Hearing"); and upon consideration of the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the PSA Motionset forth below is in the best interests of the Debtors' estates, their creditors and other parties in interest; and that the legal and factual bases set forth in the PSA Motion establish just cause for the relief granted herein; and any objections to the requested relief have been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

**Findings and Conclusions Related To the PSA**

~~A.     The Parties have been engaged in extensive arm's length negotiations with each other in good faith, through mediation and otherwise, regarding the terms of an alternative transaction to be implemented through the Plan, which would amend and replace the Initial Plan. In connection with such Plan negotiations, and as a critical part thereof, certain of the Parties have also engaged in extensive arm's-length negotiations with each other in good faith, through mediation and otherwise, regarding settlement of the litigation in connection with the Standing Motions and the Litigation Letters, including the inter Debtor and affiliate claims and causes of action and the claims and causes of action against the holders of TCEH First Lien Claims sought to be brought thereunder.~~

~~B.     Certain of the Parties have also been engaged in Court-ordered mediation in an effort to consensually resolve, *inter alia*, the claims and causes of action that the TCEH Official Committee and the ad hoc group of holders of TCEH Unsecured Note Claims sought to pursue in connection with the Standing Motions.~~

~~C.~~A.     As a result of ~~the~~ negotiations between the Parties, on August ~~[___]~~,9, 2015, they reached the agreements embodied in the ~~Settlement Agreement and~~ PSA, which include ~~(1)~~ the agreement between the ~~parties to the Settlement Agreement to settle all disputes, claims, and causes of action, whether or not previously identified, and whether known or unknown, as described more fully in the Settlement Agreement; and (2) the agreement between the Parties the pursue~~ Parties to pursue and support the Plan on the terms set forth in the PSA ~~attached thereto~~, and if the Plan is not consummated (and under certain other circumstances), certain of the Parties agree to support an alternative plan of reorganization or other form of restructuring, liquidation,

3

sale, or structured dismissal consistent with and that incorporates the terms of Section 6.1 of the Settlement AgreementPSA (an "Alternative Restructuring").

D.B.  Each of the Debtors, including the Disinterested Directors with respect to such matters as they have determined are actual conflicts matters, have undertaken a thorough, independent review of (1) the settlements and compromises contained in the Settlement Agreement, including the settlements and compromises between the Debtors with respect to inter Debtor claims, and the settlements and compromises between the Consenting Parties with respect to estate claims and causes of action alleged against the Consenting Interest Holders and the holders of TCEH First Lien Claims, and (2) the Parties' respective rights and obligations under the PSA, and they have determineddetermined, in the valid exercise of their business judgment, that entry into the Settlement Agreement and the PSA is in the best interests of the Debtors' estates and their creditors. The Court makes no finding with respect to what matters are or are not actual conflict matters.

E.C.  The PSA was negotiated at arm's length, has a sound business purpose, is proposed in good faith, does not constitute a solicitation of an acceptance or rejection of a plan, and does not violate section 1125 of the Bankruptcy Code.

F.D.  Upon entry of this Order, each of the Debtors and each of the other Parties (1) has full power and authority to enter into and perform all of their obligations under the PSA and all other documents contemplated thereby, (2) has full power and authority to take any and all actions necessary to authorize and approve the PSA and the transactions contemplated thereby and has requested and obtained all necessary approvals required to do so, and (3) is legally authorized to enter into and perform under the PSA and to take any and all actions necessary to authorize, approve and implement the PSA and the transactions contemplated thereby.

4

~~G.~~E.    Based on the findings set forth above, as well as the record before this Court, the Court hereby concludes as a matter of law that the Debtors' entry into and performance under the PSA is an appropriate exercise of the Debtors' business judgment, has a sound business purpose, and satisfies the legal requirements for approval in this jurisdiction.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.    The PSA Motion is **GRANTED** as set forth herein, and any objections to the PSA Motion not previously withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled with prejudice.

2.    The execution and delivery of the PSA by the Parties, including the Debtors and TCEH Official Committee, are hereby approved.

3.    The Debtors and each of the Parties are authorized and directed to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate, complete, execute, and implement the PSA in accordance with the terms and conditions thereof, including amending the PSA in accordance with the terms thereof, provided that any amendment to the PSA that materially and adversely affects the rights, obligations, or property of EFH, EFIH, EFIH Finance Inc., and EECI, Inc. (collectively, the "EFH Debtors") shall require either (a) five (5) business days' notice to the official committee of unsecured creditors of the EFH Debtors and the US Trustee or (ii) prior Court approval.

4.    This Order is without prejudice to the rights, if any, of (a) the official committee of unsecured creditors of EFH Corp., EFIH, EFIH Finance Inc., and EECI, Inc., (b) The Bank of New York Mellon, (c) The Bank of New York Mellon Trust Company, (d) American Stock Transfer & Trust Company, LLC, or (e) UMB Bank, N.A. to assert any argument related to the

appropriate legal standard for evaluating or the Debtors' good faith with respect to approval of the Settlement Agreement or confirmation of the Plan or whether the Settlement Agreement or Plan was negotiated in good faith and at arm's length, and such rights are hereby preserved.

4.5.    The Parties' entry into the PSA, any and all negotiations among the Parties leading to the execution thereof, and the Parties' performance of or actions in further of any obligations thereunder shall not constitute a solicitation of votes in violation of section 1125(b) of the Bankruptcy Code.

5.6.    Entry of this Order and any termination of the PSA shall not alter or limit the Court's *Stipulation and Agreed Order Regarding Certain Confirmation Scheduling Matters* [D.I. 4918] or the Court's *Third Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code* [D.I. 4634] (each as may be amended from time to time) with respect to the Debtors' exclusive right to propose and solicit votes with respect to a chapter 11 plan.

6.7.    All dates contained in the *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters* [D.I. 2051], as amended by the *Stipulation and Agreed Order Extending Dates in Order Regarding a Protocol for Certain Case Matters* [D.I. 2760], dated November 13, 2014, the *Stipulation and Agreed Order Extending Dates in Order Regarding a Protocol for Certain Case Matters* [D.I. 4012], dated March 31, 2015, and the *Stipulation and Agreed Order Extending Dates in Order Regarding a Protocol for Certain Case Matters* [D.I. 5057], dated July 21, 2015, regarding the filing of a motion for standing are hereby adjourned without further order or notice.

7.8.    The PSA and this Order shall bind the Parties, their respective successors, assigns, heirs, executors, administrators, and representatives, including, for the avoidance of doubt, any future transferees of the Consenting TCEH First Lien Creditors, the Consenting TCEH Unsecured Noteholders, and the Consenting TCEH Second Lien Noteholders (subject to

the terms and conditions set forth in the Plan Support Agreement), as well as (a) counsel to the Consenting TCEH Unsecured Noteholders, White & Case LLP, (b) counsel to the Consenting TCEH First Lien Creditors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, and (c) counsel to the Consenting TCEH Second Lien Noteholders, Brown Rudnick LLP; and (d) any group presently or later identified in a statement filed under Bankruptcy Rule 2019 as being represented by such counsel identified in clause (a), (b), or (c).

8.9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the construction, performance, enforcement, and implementation of the terms of this Order.

Dated: AugustSeptember __, 2015

                                       The Honorable Christopher S. Sontchi
                                       United States Bankruptcy Judge

**EXHIBIT A**

**PLAN SUPPORT AGREEMENT**