IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: D.I. 4967 |

## OBJECTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, TO THE TREMBLE MOTION NOT TO REINSTATE APPEAL

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this objection (this "Objection") to the *Motion Not to Reinstate Appeal* [D.I. 4967] (the "Tremble Motion"), filed by Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. (the "Tremble Parties").[2] In support of this Objection, the Debtors respectfully state as follows.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Support for and additional background regarding this Objection are provided in the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Confirming that No Automatic Stay is in Effect or, in the Alternative, Modifying the Automatic Stay to Permit Luminant Mining Company LLC and Energy Future Holdings Corp. to Proceed with Certain Litigation* (the "Debtors' Stay Motion") and the *Declaration of Gary Moor in Support of the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Confirming that No Automatic Stay is in Effect or, in the Alternative, Modifying the Automatic Stay to Permit Luminant Mining Company LLC and Energy Future Holdings Corp. to Proceed with Certain Litigation*, both of which are incorporated herein by reference. Defined terms used but otherwise defined in this Objection have the meaning ascribed to such terms in the Debtors' Stay Motion. Since filing the Debtors' Stay Motion, counsel to the Debtors have been in regular contact with the Tremble Parties to ensure the Tremble Parties are aware of the Court process and in efforts to achieve a negotiated resolution. These efforts include adjourning this matter to the hearing to be held on September 17, 2015 in order to provide the Tremble Parties opportunity to participate in negotiation efforts and file pleadings. In addition to regular telephone contact, counsel to the Debtors sent two correspondences to the Tremble Parties, attached hereto as **Exhibit A**.

## Objection

### I. The Tremble Motion Does Not Contain a Valid Request for Relief.

1. The Tremble Parties seek relief that this Court does not have jurisdiction to grant.

2. Bankruptcy courts have no jurisdiction to review state court rulings absent special circumstances. *See Heiser v. Woodruff*, 327 U.S. 726, 736 (1946) (holding that *res judicata* barred bankruptcy court's reassessment of state court judgment giving rise to proof of claim); *In re DeNero*, 1991 WL 37090, at *2 (Bankr. E.D. Pa. Mar. 19, 1991) (holding that state court judgments may not be "attacked in bankruptcy court unless the state court entering them lacked subject matter jurisdiction or collusion or fraud was involved in the entry of the judgment," where state court judgment gave rise to judicial lien); *In re Carter*, 1990 WL 92456, at *2 (Bankr. E.D. Pa. June 28, 1990) (holding same where state court judgment gave rise to proof of claim).

3. The Tremble Parties have not asserted a lack of subject matter jurisdiction, collusion or fraud in the State Appellate Court proceedings, nor could they. Because the Tremble Motion does not cite any grounds for this Court to review the State Appellate Court's decision to abate the Appeals, the Tremble Motion does not contain a valid request for relief and should be denied.[3]

---

[3] Additionally, the Tremble Motion lacks a valid request for relief because this Court's grant of the Tremble Motion would not benefit the Tremble Parties if granted. The Tremble Parties seem to request that this Court affirm the State Appellate Court's initial finding in the Appellate Order that the Appeals are stayed pursuant to the automatic stay. However, the State Appellate Court stated in both the Appellate Order and subsequent ruling on the Debtors' motion to reinstate the Appeals (the "Appellate Ruling") that "[a]ny party may move to reinstate the appeal[s]" by filing a motion with appropriate documentation demonstrating that reinstatement of the Appeals is permissible under federal law. Thus, even if this Court grants the Tremble Motion and affirms the State Appellate Court's findings, the Debtors may still move to reinstate the Appeals by complying with the procedures set forth in the Appellate Order and Appellate Ruling.

## II. To the Extent the Tremble Motion is an Objection to the Debtors' Stay Motion, It Should be Overruled.

4. To the extent the Tremble Parties are seeking to maintain the automatic stay in the Appeals, the Tremble Motion can be more accurately described as an objection to the Debtors' Stay Motion and should be overruled for the reasons set forth in the Debtors' Stay Motion.

5. As set forth in further detail in the Debtors' Stay Motion, the Appeals are not subject to the automatic stay because the initial Partition Suits were brought *by* rather than *against* Luminant, the debtor party. *See In re Versoy*, 306 F. App'x 65, 68-69 (5th Cir. 2009) (holding that "[i]f the debtor brings the initial claim, § 362 has no effect"); *RhonePoulenc Surfactants & Specialties, L.P. v. Comm'r*, 249 F.3d 175, 180 (3d Cir. 2001) (holding that section 362 did not stay appeal in tax court proceeding brought by debtor); *Borman v. Raymark Indus., Inc.*, 946 F.2d 1031 (3d Cir. 1991) (holding that appeal by debtor was subject to the automatic stay where underlying action had been brought *against* debtor); *Freeman v. C.I.R.*, 799 F.2d 1091, 1093 (5th Cir. 1986) (finding that "[i]f the initial proceeding is not against the debtor, subsequent appellate proceedings are also not against the debtor within the meaning of the automatic stay provisions of the Bankruptcy Code"; finding also that appeal was not subject to the automatic stay where the underlying action was initiated "by the debtor, not against the debtor"); *In re Northwood Flavors, Inc.*, 202 B.R. 63, 66 (Bankr. W.D. Pa. 1996) (rejecting creditor's attempt to enjoin debtor's appeal in state court where debtor had brought underlying action).

6. Accordingly, and as further set forth in the Debtors' Stay Motion, the automatic stay does not apply to the Appeals and, under applicable bankruptcy law, the State Appellate Court may properly reinstate the Appeals. The Debtors therefore respectfully request that the Court overrule the Tremble Motion in its entirety.

Dated: September 10, 2015
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:  collins@rlf.com
  defranceschi@rlf.com
  madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:  edward.sassower@kirkland.com
  stephen.hessler@kirkland.com
  brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  james.sprayregen@kirkland.com
  marc.kieselstein@kirkland.com
  chad.husnick@kirkland.com
  steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*