## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 4438** |

### DEBTORS' OBJECTION TO MOTION FOR ORDER AUTHORIZING PAYMENT AND REIMBURSEMENT OF CERTAIN FEES AND EXPENSES OF UMB BANK, N.A., AS THE EFIH UNSECURED INDENTURE TRUSTEE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this objection (this "Objection") to the *Motion for Order Authorizing Payment and Reimbursement of Certain Fees and Expenses of UMB Bank, N.A., as the EFIH Unsecured UMB*, filed on May 8, 2015 [D.I. 4438] (the "Motion"), filed by UMB Bank, N.A. ("UMB"). In support of this Objection, the Debtors respectfully submit as follows.

### Argument

1.      The Court should deny UMB's request for payment of fees and expenses accrued in its capacity as indenture trustee for the unsecured bond debt of Energy Future Intermediate Holding Company LLC ("EFIH") and EFIH Finance, Inc. (together, the "EFIH Debtors") for at least two reasons.

2.      ***First***, UMB lacks standing to seek authority for the EFIH Debtors to use estate assets to pay UMB's fees and expenses under section 363(b) of the Bankruptcy Code. The plain

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

language of section 363(b) vests the power to seek relief under section 363(b) of the Bankruptcy Code with the debtor in possession (or a trustee).[2]  And, UMB cites no authority in the Motion to rebut the plain language of section 363(b).  Indeed, the United States Supreme Court stated that section 363(b)(1) "cannot sensibly be read to extend to all parties in interest."  *In re Hartford Underwriters Ins. Co. v Union Planters Bank, N.A.*, 120 S. Ct. 1942, 1948 (2000); *see also In re Blumenberg*, 263 B.R. 704, 719 (Bankr. E.D.N.Y. 2001) (stating that "the *Hartford Underwriters* opinion . . . is a resounding affirmation of the trustee's unique and predominantly exclusive position in bankruptcy."); *In re Calvary Temple Evangelistic Ass'n*, 47 B.R. 520 (1984) (holding that the rationale behind certain, limited provisions of the Bankruptcy Code that allow third-parties to seek standing in connection with adversary proceedings (e.g., section 1109(b) and section 1103(c)(5)) do not extend to section 363); *In re McCabe*, 302 B.R. 873 (Bankr. N.D. Iowa 2003) (same); *In re Dow Corning Corp.*, 199 B.R. 896 (E.D. Mich., 1996) (same); *In re Waters*, 2008 WL 384571, at *9 (Bankr. D. Conn. 2008) (stating that "only a trustee (or a debtor in possession) can sell property of the estate pursuant to Sections 363(b) and (f) by their respective plain meanings").  Additionally, no other indenture trustee in these chapter 11 cases has asked for the extraordinary and unusual relief sought by UMB.

3.     To the extent UMB is asking the Court to *direct* the EFIH Debtors to pay UMB's fees and expenses out of estate property, UMB misunderstands the relief available under section 363(b).  The use of estate property is a determination committed to the discretion of the debtor and is subject only to a court's approval, not direction.  Though the Bankruptcy Code furnishes courts with extensive oversight powers, it does not "provide a court with authority to require a

---

[2] 11 U.S.C. § 363(b) (stating that *the trustee*, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. . .) (emphasis added); 11 U.S.C. § 1107(a) (vesting the debtor in possession with the powers of the trustee).

trustee to make particular decisions relating to the conduct of the debtor's business." *In re Airlift Int'l, Inc.*, 18 B.R. 787, 789 (Bankr. S.D. Fla. 1982); *see also In re Curlew Valley Associates*, 14 B.R. 506, 509 (Bankr. D. Utah 1981) (noting that section 1108 of the Bankruptcy Code "does not express or imply a power in the court to condition the trustee's management of the estate."). Here, the EFIH Debtors have not agreed to pay UMB's fees and expenses at this time.[3] Accordingly, it is inappropriate for UMB to seek relief under section 363(b) of the Bankruptcy Code.

4.      ***Second***, even assuming UMB has standing under section 363(b) of the Bankruptcy Code, UMB cannot carry its burden to rebut the Debtors' sound business decision not to pay UMB's fees and expenses at this time. The Debtors have determined not to pay the fees and expenses of UMB at this time. UMB has failed to provide any business justification as to why the requested relief would be beneficial to the EFIH Debtors beyond UMB's desire to be paid sooner rather than later.[4] It is well-settled, however, that the "mere appeasement of major creditors" is insufficient justification to use estate assets. Motion ¶ 31 (quoting *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989); *see also In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983) ("[T]here must be some articulated business justification, other than

---

[3] The EFIH Debtors previously agreed to pay the reasonable and documented fees and expenses of UMB in connection with a $1.9 billion second-lien DIP facility at EFIH. As the Court is aware, however, the Debtors withdrew their request for Court approval of a second-lien DIP facility at EFIH.

[4] Though UMB attempts to cast the requested relief as in line with, or even "less of a stretch" than, approved payments to certain critical vendors and regulatory entities, UMB does not bear the same hallmarks of those parties that merited special compensation. The critical vendors receiving payments in these cases are those who provide goods or render services that are essential to the Debtors' operations.[4] Furthermore, substantially all of the Debtors' business operations are overseen or regulated by the Electric Reliability Council of Texas and the Public Utility Commission of Texas, which have engaged in these cases to help represent and protect the public interest. The Debtors pay certain of their incidental fees and expenses to facilitate this participation. Though UMB doubtlessly plays a valuable role for its constituency, the EFIH Debtors do not believe that role is fundamental to the continuing operation of the Debtors' businesses.

appeasement of major creditors, for using, selling or leasing property out of the ordinary course of business before the bankruptcy judge may order such disposition under section 363(b).").

5.      Rather than provide a business justification for the relief requested in the Motion, UMB argues that the EFIH Debtors should pay UMB's fees and expenses because payment only affects the timing of its compensation and EFIH unsecured creditors will not be harmed.  UMB is incorrect.  It is premature for UMB to state that it is already entitled to payment of its fees and expenses because, under the terms of the Indentures, such reimbursement is dependent on the fulfillment of specific duties throughout the entirety of these ongoing chapter 11 cases.[5] Moreover, providing UMB with a cash "advance" on its charging lien would require the EFIH Debtors to pay such fees and expenses in cash when distributions under a plan of reorganization could be in some other form of consideration (*e.g.,* debt or equity).  UMB should not be permitted to dictate the plan treatment for EFIH unsecured creditors over the objection of the Debtors.[6]

*[Remainder of page intentionally left blank.]*

---

[5] An indenture trustee "is entitled to reimbursement of its expenses, including attorney's fees, in accordance with the terms of the indenture," if it fulfills its duties. *In re Worldwide Direct, Inc.,* 334 B.R. 112, 129 (Bankr. D. Del. 2005).  Section 7.01 of each Indenture provides that if "an Event of Default has occurred and is continuing, the Trustee shall exercise such of the rights and powers vested in it by this Indenture, and use the same degree of care and skill in its exercise, as a prudent person would exercise or use under the circumstances in the conduct of such person's own affairs."  Under the terms of the Indentures, the commencement of these chapter 11 cases constitutes an Event of Default.

[6] UMB states that the "the other two EFIH indenture trustees . . . are generally being or have been compensated on a current basis" and that "all of the other indenture trustees for the EFIH bonds, other than UMB, will effectively have been reimbursed their outstanding fees and expenses." Motion at pp. 3–4.  UMB, however, fails to recognize the other two EFIH indenture trustees were compensated out of Court-approved distributions upon the request of the Debtors, not as "advances" on their charging liens.

RLF1 12951334v.1

## Conclusion

6.    For all of the foregoing reasons, the Debtors respectfully request that the Court

deny the Motion.

Dated:  September 10, 2015
       Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Email:         collins@rlf.com
               defranceschi@rlf.com
               madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         edward.sassower@kirkland.com
               stephen.hessler@kirkland.com
               brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         james.sprayregen@kirkland.com
               marc.kieselstein@kirkland.com
               chad.husnick@kirkland.com
               steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*