# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Mark E. McKane | 555 California Street<br>San Francisco, California 94104 |  |
| To Call Writer Directly:<br>(415) 439-1473<br>mark.mckane@kirkland.com | (415) 439-1400<br><br>www.kirkland.com | Facsimile:<br>(415) 439-1500 |

September 14, 2015

**By eFiling and Hand Delivery**

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

     Re: *In re Energy Future Holdings, Corp., et. al.* (Case 14-10979)

Dear Judge Sontchi:

   The Debtors request an order enforcing the deposition limits in the *Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols In Connection with the Confirmation of Debtors' Plan of Reorganization* [D.I. 5771] (the "Revised Amended Scheduling Order" or the "Order"). In violation of that order, two Plan objectors have served more than ten deposition notices to the Debtors and third parties—including two Rule 30(b)(6) notices served on the Debtors seeking testimony on more than *thirty* overbroad topics that, to the extent that they bear a response, would likely require several witnesses—all without seeking Court approval or consulting with the Debtors in advance, and have announced they plan serve up to five *more* notices on unnamed deponents.

   The Court imposed the reasonable discovery parameters in the Revised Amended Scheduling Order, including the ten-deposition limit, for a sound reason: to achieve prompt resolution of the narrow issues presented in the Plan and the Settlement Agreement. Plan objectors cannot circumvent those parameters by serving dozens of overbroad Rule 30(b)(6) topics. Indeed, the Order requires limited topics by expressly providing that each witness who must be produced in response to a Rule 30(b)(6) notice counts against the Plan objectors' ten-deposition limit.

   At the Revised Amended Scheduling Order hearing, the Debtors offered to cooperate with the Plan objectors, without troubling the Court with the issue, if the Plan objectors came forward with a reasonable basis for needing more than ten. But cooperation is a two-way street, and the Plan objectors have not done their part. Instead of reaching out to the Debtors in advance or seeking Court approval, the Plan objectors simply served their deposition notices in

Beijing Chicago Hong Kong Houston London Los Angeles Munich New York Palo Alto Shanghai Washington, D.C.

RLF1 12969610v.1

## KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
September 14, 2015
Page 2

violation of the Order and left it to the Debtors to raise the issue. The Debtors' subsequent efforts to engage the Plan objectors regarding the number of depositions have been fruitless so far; rather than reduce the number of depositions or come forward with a justification for refusing to do so, the Plan objectors have instead proposed to serve *additional* deposition notices.

The Plan objectors' disregard for the deposition restrictions in the Revised Amended Scheduling Order threatens to unnecessarily expand and delay discovery, frustrating the efforts of the Debtors, the Plan supporters, and the Court to keep these chapter 11 cases moving expeditiously toward emergence. For the reasons set forth below, the Debtors respectfully request a protective order (a) striking the Plan objectors' Rule 30(b)(6) notices, (b) requiring the Plan objectors to meet and confer with the Debtors to develop a limited list of reasonable Rule 30(b)(6) deposition topics by Friday, September 18, 2015, and (c) requiring that the Plan objectors seek no more than ten depositions, including depositions of witnesses produced in response to Rule 30(b)(6) notices, as required in the Revised Amended Scheduling Order.

The Debtors are filing this letter as quickly as possible given the circumstances. The Debtors respectfully request the Court's prompt attention, given the October 2, 2015 deadline for completion of all fact discovery.

### Background

**I.    THE REVISED AMENDED SCHEDULING ORDER REQUIRES NARROW, COORDINATED DEPOSITION NOTICES.**

On August 27, 2015, the Court entered the Revised Amended Scheduling Order. Several provisions in the Order reinforce the concept that fact discovery related to confirmation of the Plan and approval of the Settlement Agreement should be narrowly tailored. First, Paragraph 6 expresses the guiding principle: "The Court…strongly discourages the parties from pursuing expensive, time-consuming, and unnecessary discovery or litigation regarding the Settlement Motion or the Plan.

Second, Paragraph 9 implements this guiding principle by granting the Creditors' Committees, including the EFH Committee, the right and responsibility to coordinate all discovery requests of unsecured creditors. It provides that "the Creditors' Committees shall act as facilitators and intermediaries between the Debtors and all other unsecured creditors that are Participating Parties in preparation of…any Confirmation Proceeding deposition notices." That paragraph further provides that "[t]he Creditors' Committees shall work together and coordinate to ensure that…any Confirmation Proceeding deposition notices are narrowly tailored…."

## KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
September 14, 2015
Page 3

Third, Paragraph 15 applies this guiding principle to depositions by imposing several specific limitations:

> ***A Participating Party must obtain leave of Court, for good cause shown, to take a deposition that would result in (a) more than 10 fact witness depositions taken by Plan objectors*** or 10 fact witnesses taken by Plan proponents; or (b) a witness being deposed more than once in his or her individual capacity. Each deposition taken in connection with Confirmation Proceedings shall be limited to eight hours. ***For purposes of these limitations, each witness produced in response to a Rule 30(b)(6) deposition notice shall be treated as a separate deponent.***

(emphasis added).

Together, these provisions reinforce the Court's statements at the Revised Amended Scheduling Order hearing. There, the Court observed that the issues to be addressed at the Plan confirmation and Settlement Agreement hearing to start on November 3, 2015, were "some fairly discrete issues," including impairment, feasibility, good faith, and also releases, exculpation, and payment of fees, which the Court characterized as "really frankly legal issues as far as I'm concerned." (8/25/15 Hr'g Tr. 149:19-150:9)  The Court generally cautioned the parties to avoid unnecessary discovery:

> Remember discovery is designed to lead to the admission of relevant evidence to the Court, but there's a reason for it. There's a focus for it. This is all about getting ready for the confirmation and the settlement hearing, and what people need in order to be prepared to make their presentation to the Court in a way that gives them a fair opportunity to advocate their position

(*Id*. at 151:11-17.)

At that hearing, the Debtors made clear that they would work cooperatively with Plan objectors on discovery issues, including by discussing the ten-deposition limit should the Plan objectors come forward with good cause to need more:

> "Your Honor, the ten depositions is the presumptive limit under the Rules of Civil Procedure and we believe that should be more than enough. But if the objectors truly need more depositions ***all they have to do is show good cause*** if they even come to Your Honor. ***We would expect the first step is for them to come to us, articulate a basis, and if there is a basis we will go forward,*** Your Honor, without additional leave of court or need for the court. We'll work with the creditors. But ten is appropriate given the overall scope of the proceedings that we have vis-à-vis what we had before."

**KIRKLAND & ELLIS LLP**

The Honorable Christopher S. Sontchi
September 14, 2015
Page 4

(*Id.* at 39:22-40:7 (emphasis added).)

## II. THE EFH COMMITTEE AND THE BANK OF NEW YORK HAVE SERVED OVERBROAD AND IMPERMISSIBLE DEPOSITION NOTICES.

Paragraph 7(a) of the Revised Amended Scheduling Order required Participating Parties to identify persons with knowledge no later than August 28, 2015. On that date, the Debtors disclosed a total of twelve individuals with relevant knowledge,[1] explaining that "the Debtors have tailored this list to those witnesses whose knowledge is most relevant to the Confirmation Proceedings," and that the Debtors may not call all of the listed individuals. To date, no other party has disclosed any individuals with knowledge.

On September 4, 2015, without seeking Court approval or consulting with the Debtors, the EFH Committee eight deposition notices that together seek more than ten witnesses. The first, attached to this letter as **Exhibit B**, was a Rule 30(b)(6) deposition notice directed at the Debtors and comprising *25* broad topics, including, for instance:

- Topic #1: "The terms and contents of the Plan, and drafts thereof."

- Topic #2: "The negotiation and approval of the Plan by each of the Debtors."

- Topic #4: "The terms and contents of the Settlement Agreement, and drafts thereof."

- Topic #5: "The negotiation and approval of the Settlement Agreement by each of the Debtors."

- Topic #12: "Each Debtor's analyses or considerations concerning or relating to any potential plan of reorganization or Restructuring of any Debtor, including but not limited to the Plan."

- Topic #20: "Each Debtor's review, investigation, study, analysis, assessment, or evaluation of the Prepetition Intercompany Claims and/or the Settlement Agreement, including, but not limited to, any discussions or negotiations with the TCEH Disinterested Manager, EFIH Independent Manager, and any of the EFH Disinterested Directors concerning the Prepetition Intercompany Claims and/or the Settlement Agreement."

---

[1] Those individuals are: Kevin Ashby, Michael Carter, Charles Cremens, Stacey Dore, Donald Evans, Anthony Horton, Paul Keglevic, Kristopher Moldovan, Hugh Sawyer, Billie Williamson, Andrew Wright, and David Ying. Only three people on that list (Cremens, Sawyer, and Williamson) have been served with deposition notices.

**KIRKLAND & ELLIS LLP**

The Honorable Christopher S. Sontchi
September 14, 2015
Page 5

These topics are for illustrative purposes only, and are by no means an exhaustive list of the overbroad topics in the EFH Committee's Rule 30(b)(6) notice to the Debtors. In addition, the EFH Committee served a Rule 30(b)(6) deposition notice on Hunt Consolidated, Inc. comprising seven broad topics, along with notices to individuals Jim Millstein, Mark Thomas, Neil Luria, William Hiltz, Billie Williamson, and Donald Evans. No party has identified any potential fact witnesses from Hunt Consolidated, nor has any party identified Millstein, Thomas, Luria, or Hiltz as a fact witness.

Two days earlier, on September 2, 2015, The Bank of New York Mellon ("BNYM"), in its capacity as the PCRB Trustee, and The Bank of New York Mellon Trust Company, N.A. ("BNYMTC" and, together with BNYM, "BNY"), in its capacity as the EFCH 2037 Notes Trustee, served three deposition notices. The first, attached to this letter as **Exhibit A**, was a Rule 30(b)(6) deposition notice directed at the Debtors and comprising 14 broad topics, including, for instance:

- Topic #3: "The factual basis for the claims against the holders of the TCEH First Lien Deficiency Claims that are being settled in the Settlement Agreement and the Third Amended Plan."

- Topic #4: "The factual basis for the settlement or potential settlement of the TCEH First Lien Deficiency Claims."

- Topic #5: "The content of the 'presentations' that were exchanged by the Disinterested Directors as provided in paragraph 43 of the PSA Motion."

- Topic #7: "The factual basis for the TCEH First Lien Investigation Claims."

- Topic #10: "The content of the un-redacted Standing Motions."

- Topic #12: "The factual basis for the proposed settlement of the Material Potential Claims Subject to Plan Settlement as set forth in Section V.H.3. of the Disclosure Statement.

In addition, BNY served a Rule 30(b)(6) deposition notice with eight broad topics on the TCEH Unsecured Ad Hoc Group, and a deposition notice on Hugh Sawyer. No member of the TCEH Unsecured Ad Hoc Group has been identified as a fact witness by any party.

While the total number of *notices* served thus far by the Plan objectors is eleven, as a practical matter the number of *witnesses* implicated by those notices is much higher. No single witness could realistically testify to each of the 25 topics of in the EFH Committee's or BNY's

## KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
September 14, 2015
Page 6

Rule 30(b)(6) notices to the Debtors,[2] and each witness the Debtors must put forward to testify in response to such a notice expressly counts against the ten-deposition limit under the terms of the Order, Paragraph 15. Thus, without seeking Court approval or consulting with the Debtors in advance, the Plan objectors' deposition notices are currently in violation of the Court's prior order.

Accordingly, the Debtors contacted BNY and the EFH Committee to notify them (a) that their Rule 30(b)(6) notices to the Debtors were overbroad, and (b) that they had violated the ten-deposition limit in the Revised Amended Scheduling Order. While the Debtors stand willing to work with the Plan objectors to narrow and limit the topics covered by Rule 30(b)(6) witness, neither the EFH Committee nor BNY has yet committed to revise or reduce the topics in their notices. The Plan objectors have neither agreed to reduce the number of depositions requested nor come forward with any justification for expanding discovery. To the contrary, the EFH Committee has signaled its intent to *increase* them by serving an additional *five* notices on the Debtors alone, including *three* new notices devoted to what the EFH Committee acknowledges are the "narrow issues" of releases for the Debtors' directors, officers, and sponsors.

## Argument

### I. THE OVERBROAD TOPICS IN THE PLAN OBJECTORS' RULE 30(B)(6) NOTICES SHOULD BE STRICKEN.

Federal Rule of Civil Procedure 30(b)(6) permits a party to serve a deposition notice on a corporation or other entity. To do so, the deposing party must "describe with reasonable particularity the matters for examination." Fed R. Civ. P. 30(b)(6); *see also Callwave Communications LLC v. AT&T Mobility, Inc.,* Civil Action Nos. 12–1701–RGA, 12–1702–RGA, 12–1703–RGA, 12–1704–RGA, 2015 WL 4039813, *1 (D. Del. June 29, 2015) (excluding party's 30(b)(6) topic based on failure "to limit its request to any discrete or relevant issue, or describe with reasonable particularity the matters for examination"); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1057 n.5 (7th Cir. 2000) ("[T]he requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.") (quoting *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000); *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 584 (D. Kan. 2008) (stating "painstaking specificity" required in 30(b)(6) deposition

---

[2] The exact number of witnesses the Debtors would need to put forward in response to the EFH Committee's and BNY's Rule 30(b)(6) notices is indeterminate, because the topics in those notices are so overbroad as to make a precise response and designations of witnesses practically impossible. The Rule 30(b)(6) notices issued to Hunt Consolidated, Inc. and the TCEH Ad Hoc Unsecured Group likely suffer from similar defects.

## KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
September 14, 2015
Page 7

notice.).  The proper description of deposition topics allows the named organization to "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." *Id*.

The topics outlined in the Rule 30(b)(6) notices served by BNY and the EFH Committee are not "describe[d] with reasonable particularity," much less "painstaking specificity," and do not permit a response from the Debtors.  As just one example, the EFH Committee's notice to the Debtors seeks a witness to testify to "[t]he terms and contents of the Plan, and drafts thereof."

On its face, this topic is overbroad and mostly irrelevant.  It does not focus on any particular aspect of the Plan that the EFH Committee may find objectionable, but instead seeks a witness or witnesses to testify to the contents of the *entire Plan*, a 106-page document with a hundreds of provisions.  No single witness could possibly testify on all aspects of the Plan, and putting up the number of witnesses who would be required to testify to even the most mundane terms would be wasteful.

Similarly, this topic seeks a witness or witnesses to testify to *every draft* of the Plan, without identifying any particular draft or revision as an area of focus.  The Plan has undergone many revisions since April 2015.  No single witness could testify to them all, and to identify witnesses who could address every incorporated revision would again be a waste.

This topic is but one example; the Rule 30(b)(6) notices are overbroad in their entirety.  Accordingly, the Debtors request that the Court strike the Plan objectors' Rule 30(b)(6) notices and order the Plan objectors to meet and confer with the Debtors to agree upon a limited set of deposition topics to be included in a Rule 30(b)(6) deposition notices to be served on the Debtors by Friday, September 18, 2015.  As discussed below, the scope of the deposition topics must be limited so as to keep the total number of deposition witnesses called for by the Plan objectors—including each witness produced under Rule 30(b)(6)—is fewer than ten.

**II.    THE PLAN OBJECTORS MUST ADHERE TO THE TEN-DEPOSITION LIMIT.**

The Debtors tried to facilitate the deposition process by identifying the key individuals with knowledge relevant to the Plan and the Settlement Agreement.  No other party identified any potential fact witnesses.  Had the Plan Objectors chosen to depose each of the witnesses the Debtors identified, we would have worked with them to ensure that they got the depositions they needed.

Instead, without seeking Court approval or the consent of the Debtors, the EFH Committee and BNY have already issued eleven deposition notices, and are now threatening to issue five more.  Only three of those notices have been issued to individuals the Debtors identified as individuals with relevant knowledge.

## KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
September 14, 2015
Page 8

Even if each notice sought just one witness, the Plan objectors would be in violation of the ten-deposition limit in the Revised Amended Scheduling Order. The inclusion of more than 30 overbroad topics in Rule 30(b)(6) deposition notices to the Debtors only makes matters worse. Under Paragraph 15 of the Revised Amended Scheduling Order, each witness the Debtors produce in response to such a notice counts against the ten-deposition limit. Even if the overbroad topics are stricken from the objectors' notices as the Debtors request, the Debtors will still be required to produce several witnesses in response to each notice.

Neither the EFH Committee nor BNY has offered any explanation for why additional depositions are necessary. Accordingly, to keep deposition discovery on schedule, and to avoid unnecessary time, effort, and expense, the Plan objectors should reduce the total number of depositions requested—including each witness called for by the Rule 30(b)(6) notices—to ten, and to coordinate between themselves to allocate those depositions.

To the extent that the Plan objectors believe that a Rule 30(b)(6) notice is preferable to notices to the individuals identified as the Debtors' witnesses, the Debtors will determine the number of witnesses who would be needed to testify to the topics in the notice. The EFH Committee and BNY will then have an opportunity to remove or revise the topics or to withdraw other deposition notices to meet the ten-deposition limit. Given the October 2, 2015 deadline for completion of fact discovery, the Debtors respectfully request that the Court order the parties to complete this process by Friday, September 18, 2015.

### Conclusion

For the reasons set forth above, the Debtors respectfully request a protective order (a) striking the Plan objectors' Rule 30(b)(6) notices, (b) requiring the Plan objectors to meet and confer with the Debtors to develop a limited list of reasonable Rule 30(b)(6) deposition topics by September 18, 2015, and (c) requiring that the Plan objectors seek no more than ten depositions, including depositions of witnesses produced in response to Rule 30(b)(6) notices, as required by the Revised Amended Scheduling Order.

Sincerely,

*/s/ Mark E. McKane*

Mark E. McKane