IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Energy Future Holdings Corp., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) Hearing Date: September 17, 2015 |
| | ) Reply Deadline: September 14, 2015 |
| | ) Re: D.I. 5978 |

## JOINDER OF THE AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS TO DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO PLAN SUPPORT AGREEMENT MOTION

The ad hoc group (the "Ad Hoc Group") of certain holders of approximately $2.7 billion of 10.25% Fixed Senior Notes due 2015 (including Series B) and 10.50%/11.25% Senior Toggle Notes due 2016 issued by TCEH and TCEH Finance, Inc. hereby joins the *Debtors' Omnibus Reply to Objections to Plan Support Agreement Motion* [D.I. 5978] (the "PSA Reply").[2] In support of this joinder, the Ad Hoc Group respectfully represents as follows:

### JOINDER

1. Long before the EFH Committee was created, before the PCRB Trustee decided to appear and be heard in these Cases, before the EFIH first and second lien holders elected to refuse a fifty cent settlement and instead roll the dice on their make-whole claims, before anyone

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors (the "Debtors") and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the PSA Reply, the *Motion of Energy Future Holdings Corp., et al., to Authorize the Debtors to Enter Into and Perform Under the Plan Support Agreement* [D.I. 5248] (the "PSA Motion") and the *Third Amended Joint Plan of Reorganization for Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5244] (the "Plan").

ACTIVE 31517719v1 09/14/2015

had heard of a "DD" or a "Case Matters Protocol," before the Debtors' advisors learned that a sale of the Oncor stake would take far more than a traditional M&A marketing process, and before anyone ever conceived that the holders of EFIH Unsecured Note Claims would be fighting over how much postpetition interest they should be paid, there was a prepetition restructuring support agreement (the "RSA"). Many believed that the RSA, which was entered into after months of prepetition negotiations, represented the highest and best deal for all creditors in these Cases and thus should have been approved by the Court without objection. To an objector, the pending Objections to the PSA Motion display a complete disregard of the RSA where these Cases started and how far they have progressed from it.

2. Under the restructuring contemplated by the RSA, EFH creditors were slated to receive pennies on the dollar, paid in reorganized equity allocated at a percentage dictated by one creditor (Fidelity) which held the single largest EFIH second lien stake. EFIH unsecured creditors, who were to receive reorganized equity as well, were nonetheless deeply impaired and had relegated their recoveries to a DIP-to-equity conversion. TCEH unsecured creditors, representing almost $8 billion in funded debt (including the holders of PCRB Claims who never appeared to protest the RSA at all), were to get one or two cents on the dollar.[3] And, that was all before an epic collapse in the U.S. energy markets that has led to the chapter 11 filings of a half-dozen public reporting energy companies over the past few months.

3. Despite all of that, these Cases are now on the precipice of a truly remarkable outcome. Creditors who were being compelled to equitize will be paid in full, in cash, on the effective date of the Plan. TCEH creditors who were to receive de minimis recoveries will instead become the majority owners of the largest utility REIT in history. Insiders will receive

---

[3] Indeed, under the RSA, holders of PCRB Claims would likely have received less as a class than the PCRB Trustee will spend on legal fees fighting the Third Amended Plan.

<u>consensual</u> releases and complete closure on legacy claims.  Holders of TCEH First Lien Claims will have improved their position relative to the RSA, now receiving $700 million in Rights to purchase equity in Reorganized EFH.  The estates will avoid billions of dollars of taxes that threatened to decimate creditor recoveries, and all litigation will cease.  This series of resolutions embodied in the PSA is now officially supported by holders of more than $19 billion in funded T-side debt, by approximately $1 billion in funded E-side debt, and by the Debtors' equity holders.  The Plan will be fully ready to be confirmed come November 3rd.

4.      The PSA up for approval helps the Debtors achieve this remarkable outcome by ensuring that there will be sufficient creditor support for the Plan going into solicitation and by cordoning off contentious litigation that could materially delay or preclude the confirmation of any plan of reorganization in these Cases.  Despite the benefits of the PSA and the Plan it presages, certain E-side creditors slated to receive everything they are entitled to receive under the Bankruptcy Code object to the PSA Motion on the basis that they should not wear any risk associated with consummation of the Plan, even though this Plan is their <u>only</u> path to payment in full.  Similarly, holders of PCRB Claims, who are the junior-most creditors in the entire capital structure, attack the Plan as unfair when, in its absence, their recoveries would be next to nothing.  The Ad Hoc Group submits that, rather than attack those who have arranged for their successes, the objecting parties should reflect on the history of these Cases and quickly abandon their "what have you done for me lately" attitude.  These Cases need to continue on the path to conclusion, and approval of the PSA Motion is necessary to that goal.

5.      In sum, the Ad Hoc Group fully supports the relief sought in the PSA Motion and joins in all respects in the relief requested by the Debtors.

Dated: Wilmington, Delaware
September 14, 2015

FOX ROTHSCHILD LLP

By: */s/ L. John Bird*
Jeffrey M. Schlerf (No. 3047)
L. John Bird (No. 5310)
919 North Market St., Suite 300
Wilmington, DE 19801
Telephone: (302) 654-7444
Facsimile: (302) 463-4971
jschlerf@foxrothschild.com
jstrock@foxrothschild.com
lbird@foxrothschild.com

and

WHITE & CASE LLP
Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Southeast Financial Center, Suite 4900
200 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
tlauria@whitecase.com
mbrown@whitecase.com

J. Christopher Shore (admitted *pro hac vice*)
Gregory M. Starner (admitted *pro hac vice*)
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
cshore@whitecase.com
gstarner@whitecase.com

*Counsel to the Ad Hoc Group of TCEH Unsecured Noteholders*