## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 5778** |

## CERTIFICATION OF NO OBJECTION REGARDING "MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER APPROVING THE STIPULATION BETWEEN CERTAIN DEBTORS AND HOLT (A) RESOLVING CLAIMS ASSERTED BY HOLT AND (B) ASSUMING CERTAIN AMENDED EXECUTORY CONTRACTS" [D.I. 5778]

The undersigned hereby certifies that, as of the date hereof, he has received no answer, objection or any other responsive pleading to the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Approving the Stipulation Between Certain Debtors and Holt (A) Resolving Claims Asserted by Holt and (B) Assuming Certain Amended Executory Contracts* [D.I. 5778] (the "Motion") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), with the United States Bankruptcy Court for the District of Delaware (the "Court") on August 27, 2015.[2]

The undersigned further certifies that he has reviewed the Court's docket in this case and no answer, objection or other responsive pleading to the Motion appears thereon. Pursuant to the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] On August 27, 2015, the Debtors also filed the *Declaration of Robert Frenzel in Support of the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Approving the Stipulation Between Certain Debtors and Holt (A) Resolving Claims Asserted by Holt and (B) Assuming Certain Amended Executory Contracts* [D.I. 5779] in connection with, and in support of, the Motion.

*Notice of "Motion of Energy Future Holdings Corp., et al., for Entry of an Order Approving the Stipulation Between Certain Debtors and Holt (A) Resolving Claims Asserted by Holt and (B) Assuming Certain Amended Executory Contracts" and Hearing Thereon*, responses to the Motion were to be filed and served no later than 4:00 p.m. (Eastern Daylight Time) on September 10, 2015.  The Debtors therefore respectfully request that the proposed form of order attached hereto as **Exhibit A**, which is materially in the same form filed with the Motion, be entered at the earliest convenience of the Court.

*[Remainder of page intentionally left blank.]*

RLF1 12963996v.1

Dated: September 14, 2015
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile:  (302) 651-7701
Email:     collins@rlf.com
           defranceschi@rlf.com
           madron@ rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward A. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:(212) 446-4800
Facsimile: (212) 446-4900
Email:     edward.sassower@kirkland.com
           stephen.hessler@kirland.com
           brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc C. Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:(312) 862-2000
Facsimile: (312) 862-2200
Email:     james.sprayregen@kirkland.com
           marc.kieselstein@kirkland.com
           chad.husnick@kirland.com
           steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession

- 3 -

# EXHIBIT A

## Proposed Form of Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
|  | **Re: D.I. 5778, 5779** |

### ORDER APPROVING THE STIPULATION
### BETWEEN CERTAIN DEBTORS AND HOLT (A) RESOLVING CLAIMS ASSERTED
### BY HOLT AND (B) ASSUMING CERTAIN AMENDED EXECUTORY CONTRACTS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") approving the Stipulation, all as more fully set forth in the Motion; and upon the Frenzel Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion and the Stipulation.

therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    The terms of the Stipulation are fair and reasonable and in the best interests of the Debtors' estates, and pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, the Stipulation is approved.

3.    The Parties are authorized to enter into, perform, execute, and deliver all documents (including the Amendments), and take all actions, necessary to immediately continue and fully implement the Stipulation in accordance with the terms, conditions, agreements, and releases set forth therein, all of which are hereby approved.

4.    The Debtors are authorized to assume the Executory Contracts, and the Executory Contracts as amended by the Amendments are hereby assumed pursuant to section 365 of the Bankruptcy Code.

5.    Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

6.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September _____, 2015
       Wilmington, Delaware

                                                                               _____
                                                                              THE HONORABLE CHRISTOPHER S. SONTCHI
                                                                              UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

### Stipulation

### Assumption Schedule

*EXECUTION VERSION*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## GLOBAL CLAIM AND CONTRACT SETTLEMENT STIPULATION

**THIS STIPULATION** (this "Stipulation") is entered into as of August 27, 2015, by and among Texas Competitive Electric Holdings Company LLC, Oak Grove Management Company LLC, Oak Grove Mining Company LLC, Luminant Mining Company LLC, Luminant Generation Company LLC, Luminant Big Brown Mining Company LLC, Sandow Power Company LLC, and EFH Corporate Services Company, (together, "Luminant" or the "Settling Debtors"), and Holt Texas Ltd. (d/b/a HOLT CAT, and together with any affiliates and successors thereto, the "Claimant" and, together with the Settling Debtors, the "Parties").

**WHEREAS**, on April 29, 2014 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which have been jointly administered under case number 14-10979 (CSS) (collectively, the "Chapter 11 Cases");

**WHEREAS**, Luminant and Claimant have engaged in ongoing communications, negotiations, and informal discussions to resolve Claimant's Asserted Claims (as defined below) since the Petition Date;

**WHEREAS**, the Parties are party to certain contracts consisting of certain contracts for services agreements (collectively, the "CFS"), an undercarriage contract ("U/C"), and a vendor managed inventory contract ("VMI") (collectively, the "Executory Contracts");

**WHEREAS**, the Parties have, contemporaneously with the execution of this Stipulation, agreed upon and entered into the amendments to the Executory Contracts identified on **Exhibit 1** attached hereto (collectively, the "Amendments");

**WHEREAS**, the Debtors' schedules of assets and liabilities (the "Schedules") and statements of financial affairs ("Statements" and together, with the Schedules, the "Schedules and Statements") filed on June 30, 2014 reflect a wholly-unsecured liability of $9,429,474.15 under the following scheduled claims no. (a) scheduled by Texas Competitive Electric Holdings Company LLC, 597802720, (b) scheduled by Luminant Big Brown Mining Company LLC, 501800590 (c) scheduled by Luminant Generation Company LLC, 503218440, 503218430 (d) scheduled by Oak Grove Management Company LLC, 502204130, 502204090, 502204100,

502204110, 502204140, 502204150, 502204120, 502204160, (e) scheduled by Luminant Mining Company LLC, 504232730, 504232750, 504232740, 501800590, 504232790, 504232780, 504233540, 504232800, 504232760, and (f) scheduled by Sandow Power Company LLC, 503302490.

**WHEREAS**, Claimant filed five identical proofs of claim against the Settling Debtors, each in the liquidated amount of $15,620,361.60 (recorded on the official claims register as proofs of claim no. 7540, 7541, 7542, 7543, 7544, and 7545), and certain unliquidated amounts (collectively, the "Asserted Claims") and assert secured, unsecured, and 503(b)(9) status;

**WHEREAS**, the amounts asserted in the Asserted Claims reflect the following:

- The "PMSI Claim" consisting of a $2,074,231 purchase money security interest in equipment purchased November 14, 2013 but not paid for, for which Holt asserts it has filed a UCC statement and otherwise has a perfected security interest, plus approximately $600,000 in annual interest at an interest rate of 18% since the purchase date;

- The "Priority Claim" consisting of $1,464,998 in services delivered as part of off-site repairs after the Petition Date;

- The "503(b)(9) Goods Claims" consisting of (a) $888,274 in pure goods delivered in the 21 days before the Petition Date; (b) $150,093 in goods delivered as part of on-site repairs in the 21 days before the Petition Date; and (c) $373,708 in goods delivered as part of off-site repairs under "cross-over" invoices in the 21 days before the Petition Date;

- The "Contract Cure Claims" consisting of $3,169,261 in claims related to the Executory Contracts;

- The "Postpetition Goods and Services Claim" consisting of $696,829 in parts and services delivered as part of off-site repairs after the Petition Date in the ordinary course of business; and

- The "Remaining General Unsecured Claims" consisting $6,202,967.60 remaining amount on Holt's Proof of Claim after accounting for Holt's remaining claims.

**WHEREAS**, by this Stipulation, the Parties seek to settle the Asserted Claims, assume the Executory Contracts, as amended by the Amendments, and agree to all other terms and provisions contained herein;

**NOW THEREFORE**, in consideration of the foregoing and of the mutual covenants set forth herein, the Parties agree as follows.

1. **Agreed Claims and Postpetition Payments.** In full and final satisfaction of the Asserted Claims, the Parties hereby agree that the Asserted Claims should be allowed against the Settling Debtors in the manner set forth below and shall receive the

2

treatment on account of such allowed claims in the manner set forth below (collectively, the "Agreed Claims"):[1]

a. **On account of the PMSI Claim**: An allowed secured claim in the amount of $2,295,256 (reflecting 7.5% simple accrued interest from the Petition Date through the September 30, 2015), payable by the Settling Debtors within five (5) business days after the Bankruptcy Court enters an order approving this Stipulation (the "Order");

b. **On account of the Priority Claim**: An Allowed General Administrative Claim against the Settlement Debtors under the Plan in the amount of $750,000 to be paid in Cash upon the effective date under the Plan;

c. **On account of the 503(b)(9) Goods Claims**: An Allowed General Administrative Claim against the Settling Debtors in the amount of $1,398,801 to be paid in Cash upon the effective date under the Plan;

d. **On account of the Contract Cure Claim**: A contract cure amount of $3,169,261 (the "Cure"), payable by the Settling Debtors within five (5) business days after entry of the Order in connection with assumption of the Executory Contracts (as amended by the Amendments) in accordance with paragraph 2 below;

e. **On account of Postpetition Goods and Services Claim**: An amount of $696,829, payable by the Settling Debtors, in the ordinary course of business as soon as reasonably practicable after entry of the Order;

f. **On account of the Remaining General Unsecured Claims**: An Allowed general unsecured claim as a General Unsecured Claim Against the TCEH Debtors Other Than EFCH (Class C5 under the Plan) in the amount of $6,647,039.

2.    **Assumption of the Executory Contracts**. The Settling Debtors will, upon entry of the Order, assume the Executory Contracts (as amended by the Amendments) and pay the Contract Cure Claims on the terms set forth herein.

3.    **Entry into Rebate Agreement**. Within five (5) business days after entry of the Order, Holt and the Settling Debtors will enter into rebate agreement no. A 1966591.

4.    **Conditions to Effectiveness**. Notwithstanding anything to the contrary herein, this Stipulation shall not be effective until the date that this Stipulation has been approved by the Bankruptcy Court (the "Effective Date"). The Parties' obligations with respect to this Stipulation are expressly subject to the occurrence of the Effective Date. The Debtors shall take

---

[1]    Capitalized terms used in Section 1 of this Stipulation shall have the meaning ascribed to them in the plan of reorganization the Debtors filed on August 10, 2015 under Docket No. 5244 (as may be amended, supplemented, or modified from time to time, the "Plan").

reasonably necessary steps to obtain approval of this Stipulation as soon as reasonably practicable.

5. **No Further Action by Claimant.** The Parties hereto acknowledge and agree that the Claimant does not need to take any further action to seek to allow the Agreed Claims in the Chapter 11 Cases. Subject to Bankruptcy Court approval of this Stipulation the Debtors and/or the Court-appointed claims agent may amend the claims register to reflect that the Asserted Claims are to be allowed solely against the Settling Debtors and their estates in the amount and priority stipulated herein.

6. **Release of and by the Parties.** Except with respect to (a) the Agreed Claims, which shall be allowed as provided in paragraph 1 of this Stipulation upon entry of the Order, (b) any claims under section 503(b), 507(b), or 1114(e)(2) of the Bankruptcy Code accrued in the ordinary course of business before entry of the Order, and (c) any claims or causes of action (each as defined in the Plan) that may arise after entry of the Order (including as may be related to the Asserted Claims, the Agreed Claims, the Executory Contracts, and the Executory Contracts as amended by the Amendments), for good and valuable consideration, the sufficiency of which is hereby acknowledged, upon the Effective Date, the Parties agree, to the maximum extent allowed by applicable law, to release, waive, and discharge each other Party, its respective affiliates, parents, subsidiaries, members, principals, shareholders, officers, directors, employees, representatives, agents, financial advisors, attorneys, accountants, investment bankers, consultants, and other professionals, and any person or entity seeking to exercise the rights of each Party, including any successors to each Party or any estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code and the Parties' property, from any and all claims, interests, obligations, debts, rights, suits, damages, causes of action, remedies, and liabilities, including the Asserted Claims, before the Petition Date whatsoever, including any derivative claims, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing or hereafter arising, in law, at equity or otherwise, any damages or administrative expenses before or after the Petition Date, including under sections 503(b)(1)(A) and (b)(9), whether for tort, contract, violations of federal or state securities laws, or otherwise; *provided, however*, that nothing herein shall be deemed to release any claim of a Party judicially determined to have arisen from fraud, bad faith, or willful misconduct.

7. **Successors and Assigns.** The provisions of this Stipulation shall be binding on the Parties and their successors and assigns and shall inure to the benefit of the Parties and their successors and assigns.

8. **Entire Agreement.** This Stipulation constitutes the entire agreement and understanding between the Parties with respect to the subject matter hereof, and there are no representations, understandings, or agreements relative hereto which are not fully expressed herein. This Stipulation may not be modified, altered, or amended in whole or in part except by a written instrument executed by each Party.

9. **Governing Law.** This Stipulation shall be governed by and construed under the laws of the State of Texas.

10.    **Jurisdiction.** The Parties consent to the exclusive jurisdiction of the Bankruptcy Court with respect to this Stipulation. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. In the event that the Bankruptcy Court declines to or may not accept jurisdiction over a particular matter, the Parties agree to then proceed in in Dallas County, Texas. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Stipulation.

11.    **No Reliance.** Each Party represents and warrants that in entering into this Stipulation it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. In entering into this Stipulation, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

12.    **Construction.** This Stipulation has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Stipulation so as to give rise to any presumption of convention regarding construction of this document. All terms of this Stipulation were negotiated in good faith and at arm's-length, and this Stipulation was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Stipulation is the free and voluntary act of the Parties.

13.    **No Liability.** It is understood and agreed by the Parties that this Stipulation represents a settlement and compromise of disputed claims and neither this Stipulation itself, any of the payments or covenants described herein, nor anything else connected with this Stipulation is to be construed as an admission of fault or liability.

14.    **Execution in Counterparts.** This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All signatures of the Parties to this Stipulation may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

15.    **Severability.** If any provision of this Stipulation is determined to be prohibited or unenforceable by reason of any applicable law of a jurisdiction, then such provision shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions thereof, and any such prohibition or unenforceability in such jurisdiction shall not invalidate or render unenforceable such provisions in any other jurisdiction.

16.    **Compliance with Applicable Law.** The Parties represent, warrant, and covenant that each document, notice, instruction, or request provided by each respective Party shall comply with applicable laws and regulations. Where, however, the conflicting provisions of any such applicable law may be waived, they are hereby irrevocably waived by the parties hereto to the fullest extent permitted by law, to the end that this Stipulation shall be enforced as written.

17.    **No Third-Party Beneficiaries.**  Except for the persons and entities that are the subject of the release set forth in paragraph 6 hereof, nothing in this Stipulation shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest or claim under or in respect of this Stipulation.

*[Signature pages follow.]*

**IN WITNESS WHEREOF,** the Parties have executed this Stipulation as of the date set forth above.

**TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC**

**HOLT TEXAS LTD.**

By: _____

Michael Carter
Senior Vice President

By: _____

Name: CHARLES C STRICKLAND
Title: EVP - CFO

**OAK GROVE MANAGEMENT COMPANY LLC**

By: _____

Robert Frenzel
Senior Vice President and Chief Financial Officer

**OAK GROVE MINING COMPANY LLC**

By: _____

Robert Frenzel
Senior Vice President and Chief Financial Officer

**LUMINANT MINING COMPANY LLC**

By: _____

Robert Frenzel
Senior Vice President and Chief Financial Officer

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation as of the date set forth above.

**TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC**

**HOLT TEXAS LTD.**

By: _____

By: _____

Michael Carter
Senior Vice President

Name: _____
Title: _____

**OAK GROVE MANAGEMENT COMPANY LLC**

By: _____

Robert Frenzel
Senior Vice President and Chief Financial Officer

**OAK GROVE MINING COMPANY LLC**

By: _____

Robert Frenzel
Senior Vice President and Chief Financial Officer

**LUMINANT MINING COMPANY LLC**

By: _____

Robert Frenzel
Senior Vice President and Chief Financial Officer

**LUMINANT GENERATION
COMPANY LLC**

By: _____

Robert Frenzel
Senior Vice President and Chief Financial
Officer

**LUMINANT BIG BROWN MINING
COMPANY LLC**

By: _____

Robert Frenzel
Senior Vice President and Chief Financial
Officer

**SANDOW POWER COMPANY LLC**

By: _____

Robert Frenzel
Senior Vice President and Chief Financial
Officer

**EFH CORPORATE SERVICES
COMPANY**

By: _____

Michael Carter
Senior Vice President and Assistant
Treasurer

8

**IN WITNESS WHEREOF,** the Parties have executed this Stipulation as of the date set forth above.

**TEXAS COMPETITIVE ELECTRIC**    **HOLT TEXAS LTD.**
**HOLDINGS COMPANY LLC**

By: _____    By: _____

Michael Carter    Name: _____
Senior Vice President    Title: _____

**OAK GROVE MANAGEMENT**
**COMPANY LLC**

By: _____

Robert Frenzel
Senior Vice President and Chief Financial
Officer

**OAK GROVE MINING COMPANY**
**LLC**

By: _____

Robert Frenzel
Senior Vice President and Chief Financial
Officer

**LUMINANT MINING COMPANY**
**LLC**

By: _____

Robert Frenzel
Senior Vice President and Chief Financial
Officer

**LUMINANT GENERATION
COMPANY LLC**

By: _____

Robert Frenzel
Senior Vice President and Chief Financial
Officer

**LUMINANT BIG BROWN MINING
COMPANY LLC**

By: _____

Robert Frenzel
Senior Vice President and Chief Financial
Officer

**SANDOW POWER COMPANY LLC**

By: _____

Robert Frenzel
Senior Vice President and Chief Financial
Officer

**EFH CORPORATE SERVICES
COMPANY**

By: _____

Michael Carter
Senior Vice President and Assistant
Treasurer

8

**Exhibit 1**

**Amendments**

1. Contract No. C0742281C, Amendment No. 7

2. Contract No. A1941208, Amendment No. 1

3. Contract No. A1941214, Amendment No. 1

4. Contract No. A1941220, Amendment No. 1

5. Contract No. A1941223, Amedment No. 1

6. Contract No. A1941229, Amendment No. 1

7. Contract No. A1941249, Amendment No. 1

8. Contract No. A1941251, Amendment No. 1

9. Contract No. A1941293, Amendment No. 1

10. Contract No. C0690412C, Amendment No. 11

11. Contract No. C0690413C, Amendment No. 12

12. Contract No. C0694219C, Amendment No. 12

13. Contract No. C0698843C, Amendment No. 8

14. Contract No. C0703499C, Amendment No. 11

15. Contract No. C0703500C, Amendment No. 11

16. Contract No. C0703501C, Amendment No. 11

17. Contract No. C0703502C, Amendment No. 11

18. Contract No. C0704468C, Amendment No. 11

19. Contract No. C0739267C, Amendment No. 3

20. Contract No. C0785692C, Amendment No. 1

21. Contract No. A1952614, Amendment No. 7

22. Contract No. C0690412C, Amendment No. 12

23. Contract No. C0690413C, Amendment No. 13

9

24. Contract No. C0694219C, Amendment No. 13

25. Contract No. C0703499C, Amendment No. 12

26. Contract No. C0703500C, Amendment No. 12

27. Contract No. C0703501C, Amendment No. 12

28. Contract No. C0703502C, Amendment No. 12

29. Contract No. C0704468C, Amendment No. 12