## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket Nos. 5248, 5696, 5700, 5703, |
| | )                 5705, 5858, 5978 |
| | ) |

### JOINDER OF THE AD HOC COMMITTEE OF TCEH FIRST LIEN CREDITORS TO THE DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO THEIR MOTION TO APPROVE THE PLAN SUPPORT AGREEMENT

The ad hoc committee of certain unaffiliated holders of first lien senior secured claims against the TCEH Debtors (the "Ad Hoc Committee of TCEH First Lien Creditors"),[2] by and through its undersigned counsel, hereby joins in the *Debtors' Omnibus Reply to Objections to Plan Support Agreement Motion* [Docket No. 5978] (the "PSA Reply"),[3] and respectfully states as follows.

1.      As the Debtors state in their PSA Reply, this is a watershed moment in these chapter 11 cases.  After nearly three years of pre- and post-petition hard-bargaining and extensive negotiations that have canvassed nearly every form of potential restructuring transaction, the Debtors and their largest economic stakeholders have achieved what many

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    The members of the Ad Hoc Committee of TCEH First Lien Creditors hold or manage, in the aggregate, approximately $14.4 billion of the first lien secured claims against Texas Competitive Electric Holdings Company LLC and certain of its subsidiaries (collectively, the "TCEH Debtors").  *See Fourth Supplemental Verified Statement of the Ad Hoc Committee of TCEH First Lien Creditors Pursuant to Bankruptcy Rule 2019* [Docket No. 5335].

[3]    Capitalized terms used and not defined herein shall have the meanings ascribed to such terms in the PSA Reply.

thought was impossible:  a consensual, value-maximizing Plan that is overwhelmingly supported by the TCEH Debtors' largest creditors and proposes to pay all E-side allowed claims in full. The PSA (and Settlement Agreement, the merits of which are currently not before the Court) resolve complicated and potentially value-eroding litigation that could have otherwise bogged down these cases for several more years.  Moreover, these agreements establish a definitive path towards the Debtors' expeditious emergence, thus minimizing administrative costs and preventing further value degradation, both of which are borne disproportionately by the TCEH Debtors and their economic stakeholders.

2.      The Plan already has the overwhelming support of most of the Debtors' key constituencies.  Notably, creditors holding more than ***$18 billion*** in secured and unsecured claims against the TCEH Debtors have executed the PSA and Settlement Agreement and, thus, have agreed to support the Plan.  However, a limited number of creditors—***nearly all of whom are to be paid in full in cash under the Plan***—seek to disrupt the deal struck by the Debtors and their key stakeholders for reasons that are not entirely clear.  Putting aside their motives for attempting to quash a Plan that resolves all T-side claims and satisfies all E-side claims in full, most of the Objectors' arguments are premature and not relevant to the limited issues currently before the Court.  For the reasons set forth in the PSA Reply, the Court should approve the PSA and the Objections should be overruled.

3.      In particular, the questions presented by the Debtors' motion to approve the PSA are straightforward, and the relief is narrow in scope—*i.e.*, is the Debtors' entry into the PSA a valid exercise of their business judgment.  The answer to this question is a resounding "yes," despite the Objectors' repeated attempts to inject irrelevant confirmation objections into these proceedings.  As described in the PSA Reply, the PSA unquestionably represents a proper

exercise of the Debtors' business judgment as it streamlines the confirmation process and establishes a path for a consensual Plan or, in the event that the Plan is not confirmed, a framework for an Alternative Restructuring.  The Objectors' dissatisfaction with the Plan (or the Settlement Agreement) is not a proper basis upon which to object to approval of the PSA.

4.      Furthermore, approving the PSA in a piecemeal fashion (as certain Objectors propose) would deny the PSA parties the benefit of their bargain and threaten the delicate balance that the PSA parties have fought so hard to achieve.  The PSA represents an integrated agreement that includes significant concessions from all sides.  The Objectors should not be permitted to re-write the terms of that agreement when doing so would derail these cases just as the Debtors' emergence from chapter 11 is finally within reach.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Ad Hoc Committee of TCEH First Lien Creditors respectfully requests that this Court (i) overrule the Objections and approve the PSA and (ii) grant such other relief as it deems just and proper.

Dated: September 14, 2015
Wilmington, Delaware

*/s/ Ryan M. Bartley*

**YOUNG CONAWAY STARGATT & TAYLOR LLP**
Pauline K. Morgan (Bar No. 3650)
Ryan M. Bartley (Bar No. 4985)
Andrew L. Magaziner (Bar No. 5426)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Alan W. Kornberg (admitted *pro hac vice*)
Brian S. Hermann (admitted *pro hac vice*)
Jacob A. Adlerstein (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Counsel to the Ad Hoc Committee of TCEH First Lien Creditors*