**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | x<br>: Chapter 11<br>: |
| Energy Future Holdings Corp., et al., | : Case No. 14-10979 (CSS)<br>: |
| Debtors. | : (Jointly Administered)<br>:<br>: |
| | x |

**NOTICE OF DEPOSITION OF THE DEBTORS**
**PURSUANT TO FED. R. BANKR. P. 30(b)(6)**

To:

Energy Future Holdings Corporation
c/o Kirkland & Ellis, LLP                    Kirkland & Ellis LLP
555 California Street                        300 N. LaSalle
San Francisco, CA 94104                      Chicago, IL 60654
Attn:   Mark E. McKane, Esq.                 Attn:  Chad J. Husnick, Esq.
        Christopher W. Keegan, Esq.

                                             Richards Layton & Finger, PA
Kirkland & Ellis LLP                         One Rodney Square
655 15th Street NW                           Wilmington, DE 19899
Washington, DC 20005                         Attn:  Jason M. Madron, Esq.
Attn:  Bryan M. Stephany, Esq.

**PLEASE TAKE NOTICE** that, pursuant to Rule 26, 30 and 24 of the Federal Rules of

Civil Procedure, made applicable here by Rules 7026, 7030, 7034 and 9014 of the Federal Rules

of Bankruptcy Procedure, Andrew R. Vara, the Acting United States Trustee for Region 3,

(the "U.S. Trustee"), by and through undersigned counsel, will take the deposition upon

oral examination of a knowledgeable witness or witnesses designated to testify on

behalf of the above-captioned debtors (the "Debtors") in accordance with the

Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing

Certain Protocols in Connection with the Confirmation of Debtor's Plan of Reorganization [D.I.

5771], and in connection with the Third Amended Joint Plan of Reorganization of Energy

Future Holdings Corp., *et al.,* Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 5244], as it

may be amended and the Motion of Energy Future Holdings Corp., *et al.,* to Approve a Settlement of Litigation Claims and Authorize the Debtors to enter into and Perform under the Settlement Agreement [D.I. 5249][1].  The Deposition will begin at 10:00 a.m. on September 29, 2015 at the Office of the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Wilmington, DE 19801 or at such place and time that is mutually acceptable to the parties.  The deposition will take place before a court reporter and will be recorded by stenographic and/or videographic means, and shall be continued from day to day until it has been completed.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), made applicable here by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, the Debtors must designate one or more knowledgeable witnesses to testify on its behalf at the time and place specified above regarding the topics listed on attached.

Dated:  Wilmington, Delaware
          September 14, 2015

**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE**

By:      /s/Richard L. Schepacarter
          Richard L. Schepacarter
          Trial Attorney
          U.S. Department of Justice
          Office of the U.S. Trustee
          J. Caleb Boggs Federal Building
          844 N. King Street, Room 2207, Lockbox 35
          Wilmington, DE 19801
          (302) 573-6491 (Tel.)
          (302) 573-6497 (Fax)
          Email: Richard.Schepacarter@usdoj.gov

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Third Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code (D.I. 5244) and/or the Motion to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement (D.I. 5249), both as amended or supplemented from time to time.

## EXHIBIT A

**A.      Definitions**

1.      "Backstop Agreement" has the meaning ascribed in the Third Amended Plan.

2.      "Cash Collateral Order" has the meaning ascribed in the Third Amended Plan.

3.      "Debtors" has the meaning ascribed in the Third Amended Plan and also includes the attorneys and other advisors retained by the Debtors.

4.      "Disclosure Statement" means the Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code (D.I. 5246), as amended or supplemented from time to time.

5.      "Disinterested Directors" shall mean, collectively, the EFIH Independent Manger, the EFH Disinterested Directors, and the TCEH Disinterested Manager.

6.      "Document" or "Documents" shall have the meaning prescribed by Rule 7034 of the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, Communication or representation has been recorded by any means, and includes, but is not limited to, all electronically stored information, Communications, sworn statements, deposition transcripts, affidavits, recordings, photographs, computer data, electronic mail, handwritten notations, correspondence, memoranda, notes, financial calculations, calendars, appointment books, telephone call records, and all other writings and recordings of every kind that are in your actual or constructive possession, custody or control.

7.      "EFH Debtors" has the meaning ascribed in the Third Amended Plan.

8.      "Effective Date" has the meaning ascribed in the Third Amended Plan.

9.      "EFIH First Lien DIP Facility" has the meaning ascribed in the Third Amended Plan.

10.    "Exculpated Parties" has the meaning ascribed in the Third Amended Plan.

11.    "Merger and Purchase Agreement" has the meaning ascribed in the Third Amended Plan.

12.    "Released Parties" has the meaning ascribed in the Third Amended Plan.

13.    "Releasing Parties" has the meaning ascribed in the Third Amended Plan.

14.    "Reorganized Debtors" has the meaning ascribed in the Third Amended Plan.

15.    "Settlement Agreement" has the meaning ascribed in the Third Amended Plan.

16.    "TCEH DIP Facility" has the meaning ascribed in the Third Amended Plan.

17.    "TCEH Unsecured Notes Trustee" has the meaning ascribed in the Third Amended Plan.

18.    "TCEH Second Lien Notes Trustee" has the meaning ascribed in the Third Amended Plan.

19.    "TCEH Second Lien Notes Collateral Agent" has the meaning ascribed in the Third Amended Plan.

20.    "TCEH Unsecured Ad Hoc Group" has the meaning ascribed in the Third Amended Plan.

21.    "TCEH Second Lien Consortium" has the meaning ascribed in the Third Amended Plan.

22.    "TCEH Debtors" has the meaning ascribed in the Third Amended Plan.

23.    "Reorganized Debtors Management Incentive Plan" has the meaning ascribed in the Third Amended Plan.

24.    "TCEH Unsecured Notes Trustee" has the meaning ascribed in the Disclosure Statement.

25.    "TCEH Second Lien Notes Trustee" has the meaning ascribed in the Disclosure Statement.

26.    "TCEH Second Lien Notes Collateral Agreement" has the meaning ascribed in the Disclosure Statement.

27.    "TCEH Unsecured Ad Hoc Group" has the meaning ascribed in the Third Amended Plan.

28.    "TCEH Second Lien Consortium" has the meaning ascribed in the Third Amended Plan.

29.    "Third Amended Plan" means the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp*., et al.,* Pursuant to Chapter 11 of the Bankruptcy Code (D.I. 5244), as amended or supplemented from time to time.

## B.    Deposition Topics

1.    The factual basis and alleged justification supporting the payment of the costs, fees and expenses incurred on or before the Effective Date by professionals (a) payable under (1) the TCEH DIP Facility (which fees and expenses shall be paid by Reorganized TCEH), (2) the EFIH First Lien DIP Facility (which fees and expenses shall be paid by Reorganized EFIH), (3) the Merger and Purchase Agreement (which fees and expenses shall be paid by Reorganized EFIH), (4) the Backstop Agreement (which fees and expenses shall be paid by Reorganized EFIH), and (5) the Cash Collateral Order (which fees and expenses shall be paid by TCEH or Reorganized TCEH), including any applicable transaction, success, or similar fees for which the applicable Debtors have agreed to be obligated, and (b) retained by any individual member of the TCEH First Lien Ad Hoc Committee that is a TCEH Supporting First Lien Creditor without any further notice to or action, order, or approval of the Bankruptcy Court as set forth in Article IV,

Section R of the Third Amended Plan.

2.      The factual basis and the alleged justification supporting the EFH Debtors paying in cash in full on the effective Date, the fees and expenses (including professional and other advisory fees and expenses) incurred through the Effective Date of the (i) TCEH Unsecured Notes Trustee, (ii) the TCEH Second Lien Notes Trustee, (iii) the TCEH Second Lien Notes Collateral Agent, (iv) the members of the TCEH Unsecured AD Hoc Group, and (v) the members of the TCEH Second Lien consortium as set forth in Article IV, Section R of the Third Amended Plan.

3.      The factual basis and alleged justification supporting the implementation of the Reorganized Debtor management Incentive Plan on the Effective Date by the applicable Reorganized Debtors without any further action by the New Boards or the Bankruptcy Court as set forth in Article IV, Section O of the Third Amended Plan.

4.      The factual basis and alleged justification or basis for the releases granted and given by the Debtors to the Released Parties as set forth in Article VIII, Section C of the Third Amended Plan.

5.      The factual basis and alleged justification for the releases granted and given by the Releasing Parties to the Released Parties from any and all Claims and Causes of Action as identified and set forth in Article IIIV, Section D of the Third Amended Plan.

6.      The factual basis and alleged justification supporting the exculpation of the Exculpated Parties as set forth in Article IIIV, Section E of the Third Amended Plan.

7.      The Debtors' and/or Disinterested Director's assessment, evaluation, consideration, or analysis of the claims and Causes of Action referenced in Article IIIV, Sections C, D and E of the third Amended Plan.

8.      The amount of the costs, fees and expenses that have been incurred, accrued and are anticipated to be paid under Section 2.7 of the Settlement Agreement;

9.      The amount of the costs, fees and expenses that have been incurred, accrued and are anticipated to be paid under Section 6.25 of the Merger and Purchase Agreement;

10.      The amount of the costs, fees and expenses that have been incurred, accrued and are anticipated to be paid under Section 8.9 of the Backstop Agreement.

11.      The factual support and determinations made the Debtors and/or the Disinterested Directors relating to any consideration or analysis of whether and to what extent any part or entity should be included as a "Released Party", "Releasing Party," and/or "Exculpated Party" as defined in the Third Amended Plan.

12.      The negotiation and approval of the Third Amended Plan and Settlement Agreement by each of the Debtors with respect to and concerning the issues identified and set forth in Deposition Topics 1-11 listed above.

13.      Documents on which each of the Debtors intend to rely upon in connection with the confirmation of the Third Amended Plan and approval of the Settlement Agreement with respect to and concerning the issues identified and set forth in the Deposition Topics 1-11 listed above.