# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

September 15, 2015

Via ECF and Hand Delivery

Honorable Christopher S. Sontchi,
 United States Bankruptcy Court for the District of Delaware,
  824 N. Market Street, 5th Floor,
   Wilmington, DE 19801.

Re:   *In re Energy Future Holdings Corp., et al.*,
      Case. No. 14-10979 (CSS)

Dear Judge Sontchi:

We are counsel to the official committee (the "EFH Committee") of unsecured creditors of Energy Future Holdings Corp. ("EFH"), Energy Future Intermediate Holding Company LLC ("EFIH"), EFIH Finance Inc., and EECI, Inc. (together with EFH, EFIH and EFIH Finance Inc., the "EFH Debtors"). We write in response to the Debtors' letter to the Court (the "Debtors' Letter"), dated September 14, 2015, regarding the limit on fact witness depositions set forth in the Court's Amended Scheduling Order.[1] We have been in constructive discussion with the Debtors since the Debtors' Letter was filed, and we do not believe there to be a remaining current dispute as to the number of depositions noticed by the EFH Committee.

In light of the expedited and compressed litigation schedule in connection with confirmation of the REIT Plan and approval of the Settlement Agreement,[2] prior to the filing of the Debtors' Letter, the EFH Committee had decided, in consultation with creditors of the EFH Debtors, to limit depositions to ten fact witnesses and not seek leave to expand that number. The EFH Committee also decided to withdraw its previously

---

[1]   The "Amended Scheduling Order" is the *Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization* [D.I. 5771].

[2]   The "REIT Plan" is the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5244], as it may be amended; the "Settlement Agreement" is that Settlement Agreement attached as Exhibit 1 to Exhibit A of the *Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter into and Perform Under the Settlement Agreement* [D.I. 5249].

Honorable Christopher S. Sontchi                                                                                         -2-

noticed deposition of the Debtors pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("FRCP") to avoid any debate regarding the scope of that deposition.  In pursuing discovery connected with its objections to the REIT Plan and Settlement Agreement, the EFH Committee has calendared depositions in accordance with the following ten deposition notices:[3]

- Mr. Donald L. Evans, EFH disinterested director;

- Ms. Billie I. Williamson, EFH disinterested director;

- Ms. Stacey Doré, executive vice president, general counsel and co-chief restructuring officer of EFH, EFIH and Energy Future Competitive Holdings Company LLC ("EFCH");

- Mr. Paul Keglevic, executive vice president, chief financial officer and co-chief restructuring officer of EFH, EFIH and EFCH;

- Mr. David Ying, financial advisor to the Debtors;

- Hunt Consolidated, Inc. pursuant to FRCP Rule 30(b)(6);

- Mr. Jim Millstein, financial advisor to the ad hoc committee of Texas Competitive Electric Holdings Company LLC ("TCEH") first lien creditors;

- Mr. Eric Siegert, financial advisor to the ad hoc group of TCEH unsecured noteholders;

- Mr. Michael MacDougall, partner at TPG Capital, L.P., one of the Debtors' equity sponsors; and

- Mr. Jonathan D. Smidt, member at Kohlberg Kravis Roberts & Co. L.P., one of the Debtors' equity sponsors.[4]

---

[3] On September 4, 2015, the EFH Committee also served deposition notices on Mr. Mark K. Thomas, counsel to the EFH disinterested directors, and Mr. Neil F. Luria, financial advisor to the EFH disinterested directors.  Pursuant to an agreement with Proskauer Rose, LLP, counsel to the EFH disinterested directors, the EFH Committee has agreed to suspend these depositions and will not seek to calendar them at this time.

[4] The deposition notices to the Debtors' equity sponsors were served by, and all matters relating to such depositions notices will be handled only by, Montgomery McCracken Walker & Rhoads LLP as conflicts counsel to the EFH Committee.

Honorable Christopher S. Sontchi -3-

Consistent with the Amended Scheduling Order, this revised list of fact witness depositions reflects the EFH Committee's coordination efforts with unsecured creditors of the EFH Debtors.

At this point, we believe the only remaining issue requiring the Court's attention is the impact of deposition notices relating to focused subjects filed by three other parties in interest: (i) The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A. (collectively, "BNY"),[5] (ii) the United States Trustee (the "UST"),[6] and (iii) Delaware Trust Company (the "EFIH First Lien Trustee" and together with BNY and UST, the "Other Parties").[7]

The Debtors argue that the EFH Committee's ten deposition notices, along with those of the Other Parties, collectively violate the Amended Scheduling Order. (Debtors' Letter at 7.) However, none of the Other Parties are fiduciaries needing to address the breadth of issues faced by the EFH Committee. That said, it is important that the Other Parties have an opportunity to obtain discovery on the discrete issues pertaining to them.[8] But the need of T-side creditors or the UST to explore discrete issues should not prejudice the EFH Committee's ability to conduct limited discovery in connection with confirmation of the REIT Plan and approval of the Settlement Agreement.

As the Court knows, the terms of, and transactions contemplated under, the REIT Plan and Settlement Agreement are complex and involve many parties, including creditors throughout the Debtors' capital structure. Given this complexity and the size of these chapter 11 cases, the EFH Committee submits that its deposition requests, including at least two which will likely require only a half day deposition on a limited set of topics, are modest and appropriate. In fact, three of the EFH Committee's

---

[5] On September 2, 2015, BNY, in their capacity as the PCRB Trustee and the EFCH 2037 Notes Trustee, served notices of deposition on (i) the Debtors pursuant to FRCP Rule 30(b)(6); (ii) the ad hoc group of TCEH unsecured noteholders pursuant to FRCP Rule 30(b)(6); and (iii) Hugh Sawyer, EFCH and TCEH disinterested manager.

[6] On September 14, 2015, the UST served notices of deposition on (i) the Debtors pursuant to FRCP Rule 30(b)(6); (ii) Billie Williamson, EFH disinterested director; (iii) Donald Evans, EFH disinterested director; (iv) Charles Cremens, EFIH disinterested manager; and (v) Hugh Sawyer, EFCH and TCEH disinterested manager.

[7] On September 14, 2015, the EFIH First Lien Trustee served a notice of deposition on the Debtors pursuant to FRCP Rule 30(b)(6).

[8] The EFH Committee has conferred with counsel to BNY and understands that BNY's issues are entirely unrelated to anything pursued by the EFH Committee, and that there is no overlap in the subject matter of the depositions being sought by the parties.

SC1:3943945.4

Honorable Christopher S. Sontchi -4-

noticed depositions are to third parties and impose no burden on the Debtors, the party requesting the protective order.

The situation is complicated by the fact that the Debtors have made the REIT Plan conditioned on approval of the Settlement Agreement. Earlier iterations of the Debtors' plan included the settlement of intercompany claims in the plan itself, and not as part of some standalone settlement. Now, the Settlement Agreement is separate from the REIT Plan, and the contemplated settlement of intercompany claims and the insider releases become permanently effective upon approval of the Settlement Agreement, whether or not the REIT Plan is ever approved. The need to address both confirmation of the REIT Plan and the merits of the Settlement Agreement, including the pre-effective date releases, renders the EFH Committee's ten fact witness depositions reasonable under the circumstances, irrespective of whether other depositions by other parties are permitted to proceed.

We will be available at the September 15, 2015 teleconference to address any questions from the Court.

Respectfully submitted,

/s/ Brian D. Glueckstein

Brian D. Glueckstein

cc:   All Participating Parties (via E-mail)
      All counsel of record (via ECF)