# ReedSmith

**Kurt F. Gwynne**
Direct Phone: +1 302 778 7550
Email: kgwynne@reedsmith.com

**Kimberly E. C. Lawson**
Direct Phone: +1 302 778 7597
Email: klawson@reedsmith.com

Reed Smith LLP
1201 North Market Street
Suite 1500
Wilmington, DE 19801-1163
Tel +1 302 778 7500
Fax +1 302 778 7575
reedsmith.com

September 15, 2015

**Via ECF and Hand Delivery**

Honorable Christopher S. Sontchi
United States Bankruptcy Court
for the District of Delaware
824 N. Market Street, 5th Floor
Wilmington, DE 19801

**Re:** *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (CSS)

Dear Judge Sontchi:

We are counsel to The Bank of New York Mellon ("BNYM"), in its capacity as the PCRB Trustee. We write in response to the September 14, 2015, letter from Mark E. McKane, counsel for the Debtors, regarding deposition notices pursuant to the Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols In Connection with the Confirmation of Debtors' Plan of Reorganization [D.I. 5771] (the "Revised Amended Scheduling Order"). At the outset, BNYM notes that the Debtors' letter is misleading in that it makes sweeping statements and lumps BNYM together with the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc. (the "EFH Committee") notwithstanding that the facts are different with respect to BNYM (as discussed below).

## I.       Treatment of the PCRB Claims under the Third Amended Plan

The Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code (D.I. 5246) (the "Third Amended Plan") treats the PCRB Claims differently than other TCEH unsecured creditors. Pursuant to the proposed Settlement Agreement (defined below) and the Third Amended Plan, the TCEH Debtors' estates' waive their respective claims against the TCEH first lien holders ("TCEH First Lien Investigation Claims") in exchange for a limited "waiver" of the TCEH first lien deficiency claims (the "First Lien Deficiency Claims"). All TCEH unsecured creditors other than the holders of the PCRB Claims are entitled to share in the recovery generated by the "waiver" of the First Lien Deficiency Claims. According to the Disclosure Statement, the exclusion of the holders of the PCRB Claims from the entities that share in the "waiver" of the First Lien Deficiency Claims results in a 54.8% discount in the distribution on account of the PCRB Claims (the "PCRB Distribution Discount").

BNYM has been advised that the purported bases for the PCRB Distribution Discount include the facts that (a) the PCRB Claims are only against TCEH and (b) TCEH Debtors other than TCEH hold certain of the TCEH First Lien Investigation Claims. Thus, determining which TCEH First Lien Investigation

ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MUNICH ♦ NEW YORK ♦ NORTHERN VIRGINIA
PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ WASHINGTON, D.C. ♦ WILMINGTON

**ReedSmith**

Claims are owned by which TCEH Debtor, and the value of such claims, is relevant to determining whether the PCRB Claims should share in the "waiver" and, if so, to what extent.

In addition, we understand that the TCEH Unsecured Ad Hoc Group insisted on discounting the distributions to the holder of the PCRB Claims as compared to other TCEH unsecured creditors and that the TCEH Unsecured Ad Hoc Group proposed the percentage discount, which increased over time. Thus, BNYM seeks to determine why the particular discount changed over time and whether the discount set forth in the Plan is appropriate (*i.e.*, why is a 54.8% rather than a 5% discount appropriate?).

## II.    BNYM's Deposition Notices

On September 2, 2015, BNYM served three (3) deposition notices (the "Notices"), which included one deposition notice for the Debtors, one deposition notice for Mr. Hugh Sawyer (the TCEH independent director), and one deposition notice for the TCEH Unsecured Ad Hoc Group. At the time BNYM served its depositions notices, no other party in interest had served any deposition notices. Accordingly, BNYM's deposition notices were the first three (3) deposition notices served with respect to the Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement (D.I. 5249) ("Settlement Agreement") and confirmation of the Third Amended Plan. Accordingly, there was no reason for BNYM to seek Court approval for authority to exceed ten (10) depositions as the Notices did not result in more than ten (10) fact depositions. See Revised Amended Scheduling Order at ¶ 15 ("A Participating Party must obtain leave of Court, for good cause shown, to take *a deposition that would result in (a) more than 10* fact witness depositions taken by Plan objectors or 10 fact witnesses taken by Plan proponents; or (b) a witness being deposed more than once in his or her individual capacity.") (emphasis added).

Nevertheless, after the service of other deposition notices by the EFH Committee, counsel for BNYM arranged a telephone conference on September 14th with counsel for the EFH Committee to discuss the allocation of deposition notices, which (including the EFH Committee's eight (8) deposition notices) then totaled eleven (11). On that same date, the Debtors submitted their discovery dispute letter to the Court.

As BNYM's issues relate solely to the "T-Side," BNYM is not familiar with the EFH Committee's issues relating to the "E-Side." BNYM's Notices were intended to be narrowly-tailored to the treatment of the PCRB Claims under the Third Amended Plan. Specifically, the Notices relate to the bases for the PCRB Distribution Discount.

BNYM served one Rule 30(b)(6) deposition Notice on the Debtors, which contained fourteen (14) deposition topics, all of which centered around the TCEH Settlement Claim and the TCEH First Lien Investigation Claims. Although BNYM served its Notices on September 2nd, the Debtors did not set forth any specific objections to the deposition topics for twelve (12) days until the Debtors submitted the September 14th letter to this Court. The September 14th letter is the first time that the Debtors raised a specific issue with any particular deposition topic in BNYM's Notice to the Debtors. Having reviewed the September 14th letter, BNYM waives deposition topic #12 ("The factual basis for the proposed

**ReedSmith**

settlement of the Material Potential Claims Subject to Plan Settlement as set forth in Section V.H.3. of the Disclosure Statement.") as BNYM's other deposition topics more narrowly cover the topic.

Moreover, by an email dated Thursday, September 10, 2015, while Debtors' counsel stated that "the Rule 30(b)(6) notices would *likely* require multiple witnesses, each of which would count as a separate deponent" (emphasis added), Debtors' counsel did not indicate whether BNYM's deposition topics or the EFH Committee's notices would require more than one witness.   Nor did Debtors' counsel indicate on which topics any particular witness would (or could) testify.

Of course, the Debtors do not want to engage in discovery that they do not consider helpful to their case in chief for the confirmation hearing.  BNYM, however, is entitled to conduct discovery so that it may be "prepared to make [its] presentation to the Court in a way that gives [it] a fair opportunity to advocate their position."  (8/25/15 Hr'g Tr. at 151:11-17.)

The Debtors also mention that BNYM served a Rule 30(b)(6) deposition notice with eight broad topics on the TCEH Unsecured Ad Hoc Group although the Debtors assert in the September 14th letter that "[n]o member of the TCEH Unsecured Ad Hoc Group has been identified as a fact witness by any party."  However, in response to a request for confirmation that the Ad Hoc Group "will not put on any witnesses and will not testify at any hearing on the motion to approve the settlement agreement or confirmation of the plan," Christopher Shore, Esquire (counsel for the TCEH Unsecured Ad Hoc Group) stated that he "could not confirm."  See email dated September 14th at 1:32 p.m.  attached as Exhibit A.  In any event, in light of the TCEH Unsecured Ad Hoc Group's involvement in treatment of the PCRB Claims, a deposition of the TCEH Unsecured Ad Hoc Group is "reasonably calculated to lead to the discovery of admissible evidence."  See  Fed.R.Civ.P. 26(b)(1).

At approximately 10:00 a.m. on Tuesday, September 15, 2015, counsel for the Debtors (Brenton Rogers, Esquire), called the undersigned regarding the topics in the Notice to the Debtors.  For the first time, during that call, the Debtors raised particular issues regarding the breadth of certain of BNYM's deposition topics.  Based on that call, BNYM agrees to withdraw deposition topic #2 (as it is now subsumed in deposition topic #13 below) and to modify its deposition topics as follows:

1.    The content of all drafts of the Third Amended Plan that (a) any of the Debtors provided on or after June 1, 2015, to any of the PSA Parties and (b) to the extent that such content reflects any of the Debtors' revisions (in track changes, redline or blackline) to any chapter 11 plan with respect to the treatment of the PCRBs.

3.    To the extent considered in the settlement thereof,  the factual basis for the claims against the holders of the TCEH First Lien Deficiency Claims that are being settled in the Settlement Agreement and the Third Amended Plan.

4.    To the extent considered in the settlement thereof,  the factual basis for the settlement or potential settlement of the TCEH First Lien Deficiency Claims.

Judge Christopher S. Sontchi
September 15, 2015
Page 4

**ReedSmith**

       13.    The factual basis for ~~any assessment, evaluation, consideration, or analysis of priority of~~ among, and/or treatment, ~~including without limitation,~~ <u>the</u> ~~disparate~~ treatment of <u>the PCRBs as compared to the treatment of other</u> unsecured creditors of the TCEH Debtors.

For the foregoing reasons, the Court should permit BNYM to conduct its depositions pursuant to the Notices, as modified herein.

Respectfully submitted,

*[signature]*

Kurt F. Gwynne

cc:    All Participating Parties (via E-Email)
       All counsel of record (via ECF)