## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF AGENDA OF MATTERS SCHEDULED FOR HEARING ON
## SEPTEMBER 17, 2015 AND SEPTEMBER 21, 2015[2] STARTING AT 9:30 A.M. (EDT)[3]

**I.    CONTINUED/RESOLVED MATTERS:**

1.    Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company LLC to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date [D.I. 2662; filed October 30, 2014]

   <u>Response/Objection Deadline:</u>          November 13, 2014 at 4:00 p.m. (EST)

   <u>Responses/Objections Received:</u>

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] **The hearing will commence on September 17, 2015 starting at 9:30 a.m. (EDT) (for the Court to consider Agenda Item 44) and will continue on Monday, September 21, 2015 starting at 9:30 a.m. (EDT) (for the Court to consider Agenda Items 42 and 43).**

[3] The September 17, 2015 and September 21, 2015 hearings will be held before The Honorable Christopher S. Sontchi at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801 beginning at 9:30 a.m. (EDT). Due to the anticipated number of attendees at the September 17, 2015 and September 21, 2015 hearings, parties are also invited to attend the hearing via video teleconference from an overflow Courtroom at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Multipurpose Room, Wilmington, Delaware 19801. Any person who wishes to appear telephonically at the September 17, 2015 and September 21, 2015 hearings must contact COURTCALL, LLC at 866-582-6878 prior to **12:00 p.m. (noon) (EDT) on Wednesday, September 16, 2015** to register his/her telephonic appearance in accordance with the *Instructions for Telephonic Appearances Effective January 5, 2005, Revised April 27, 2009.*

A.    Tarrant Regional Water District's Objection to Motion of Energy Future Holding Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company, LLC to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date [D.I. 2771; filed November 14, 2014]

B.    Debtors' Reply to Tarrant Regional Water District's Objection to Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company, LLC to Reject a Water Contract with Tarrant Regional Water District Effective *Nunc Pro Tunc* to the Petition Date [D.I. 2798; filed November 18, 2014]

Related Documents:

i.    Declaration of Michael Carter, Senior Vice President, Corporate Planning, and Assistant Treasurer of EFH Corporate Services Company, in Support of Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company LLC to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date [D.I. 2663; filed October 30, 2014]

ii.    Declaration of Dan Buhman in Support of Tarrant Regional Water District's Objection to Motion of Energy Future Holding Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company, LLC to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date [D.I. 2772; filed November 14, 2014]

iii.    Motion for Leave to File and Serve a Late Reply in Connection with "Tarrant Regional Water District's Objection to Motion of Energy Future Holding [sic] Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company, LLC to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date" [D.I. 2771] [D.I. 2781; filed November 17, 2014]

iv.    Order Granting Leave to File and Serve a Late Reply in Connection with "Tarrant Regional Water District's Objection to Motion of Energy Future Holding [sic] Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company, LLC to Reject a Water Contract with Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date" [D.I. 2771] [D.I. 2796; filed November 18, 2014]

v.    Declaration of Michael Carter, Senior Vice President, Corporate Planning, and Assistant Treasurer of EFH Corporate Services Company, in Support of the Reply to Tarrant Regional Water District's Objection to Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company to Reject a Water Contract with Tarrant

Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date [D.I. 2803; filed November 18, 2014]

vi.    Order Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 2838; filed November 21, 2014]

vii.    Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 3115; filed December 22, 2014]

viii.    Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 3181; filed January 7, 2015]

ix.    Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 3503; filed February 10, 2015]

x.    Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 3730; filed March 3, 2015]

xi.    Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 4095; filed April 9, 2015]

xii.    Order Further Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code [D.I. 4374; filed May 1, 2015]

xiii.    Order Approving Stipulation Between Energy Future Holdings Corp., *et al.*, and Tarrant Regional Water District, Effective *Nunc Pro Tunc* to the Petition Date [D.I. 5602; filed August 20, 2015] (the "TRWD Stipulated Order")

Status: On August 20, 2015, the Court entered the TRWD Stipulated Order, which fully resolved this matter. Consequently, no hearing with respect to this matter is required.

2.    Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2808; filed November 18, 2014]

Response/Objection Deadline:    December 11, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Sections 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Koetter Fire Protection of Austin, L.L.C. [D.I. 2950; filed December 5, 2014]

B.    Response to Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Sections 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Allied Electronics, Inc. [D.I. 2964; filed December 10, 2014]

C.    Emerson Network Power Liebert Services' Response to Debtors' Omnibus Objection to Proof of Claim #3297 [D.I. 2970; filed December 11, 2014]

Related Documents:

i.    Declaration of Steve R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2809; filed November 18, 2014]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 2948; filed December 4, 2014]

iii.    Order Sustaining Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3046; filed December 17, 2014]

iv.    Order (Second) Sustaining Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3469; filed February 6, 2015]

Status: The individual status of each remaining claim subject to this matter is listed on the attached Exhibit A.  On December 17, 2014, the Court

entered an order granting the objection with respect to certain claimants. On February 6, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

3.    Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2992; filed December 12, 2014]

Response/Objection Deadline:        December 31, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Mason Guy [D.I. 3153; filed December 29, 2014]

B.    Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Susan Keyes [D.I. 3164; filed December 31, 2014]

C.    Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Ruth Caesar [D.I. 3171; filed January 5, 2015]

D.    Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Maria Soto [Not on Docket]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2993; filed December 12, 2014]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3160; filed December 30, 2014]

iii.    Order Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3236; filed January 12, 2015]

iv.     Order (Second) Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3470; filed February 6, 2015]

v.      Order (Third) Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3839; filed March 9, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit B.  On January 12, 2015, the Court entered an order granting the objection with respect to certain claims.  On February 6, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto.  On March 9, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

4.    Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2994; filed December 12, 2014]

Response/Objection Deadline:          December 31, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:        None.

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy

Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2995; filed December 12, 2014]

ii. Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3161; filed December 30, 2014]

iii. Order Sustaining Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3234; filed January 12, 2014]

iv. Order (Second) Sustaining Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3502; filed February 10, 2014]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit C. On January 12, 2015, the Court entered an order granting the objection with respect to certain claims. On February 10, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

5. Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3212; filed January 9, 2015]

Response/Objection Deadline:        January 23, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A. Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Deborah Moore [D.I. 3352; filed January 23, 2015]

B. Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local

Bankruptcy Rule 3007-1 filed by Stephen W. Mitchell [D.I. 3355; filed January 23, 2015]

C.  Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Monica Regina Hawkins [D.I. 3386; filed January 27, 2015]

D.  Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by JoAnn M. Robinson [D.I. 3389; filed January 28, 2015]

Related Documents:

i.  Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3213; filed January 9, 2015]

ii.  Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3374; filed January 27, 2015]

iii.  Order Sustaining Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.l. 3468; filed February 6, 2015]

iv.  Order (Second) Sustaining Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3838; filed March 9, 2015]

v.  Letter Referring to the Omnibus Objection to Claims (Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1) [D.I. 3926; filed March 18, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit D.  On February 6, 2015, the Court entered an order in

connection with this matter resolving various claims subject thereto.  On March 9, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

6.    Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3218; filed January 9, 2015]

Response/Objection Deadline:          January 23, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by DeAnna & Gerald Edwards [D.I. 3388; filed January 28, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3219; filed January 9, 2015]

ii.   Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3375; filed January 27, 2015]

iii.  Order Sustaining Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3465; filed February 6, 2015]

iv.   Order (Second) Sustaining Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3854; filed March 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit E.  On February 6, 2015, the Court entered an order in

connection with this matter resolving various claims subject thereto. On March 10, 2015, the Court entered a further form of order in connection with this matter sustaining this matter with respect to the claim of Gary Waldrep. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

7. Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3381; filed January 27, 2015]

Response/Objection Deadline:        February 10, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Leo Griffin [D.I. 3498; filed February 9, 2015]

B.    Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jackie McClain [D.I. 3500; filed February 9, 2015]

C.    Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jack R. Beard, Jr. [D.I. 3511; filed February 11, 2015]

D.    Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jesus A Moreno [D.I. 3578; filed February 18, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules

3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3382; filed January 27, 2015]

ii.  Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3637; filed February 24, 2015]

iii. Order Sustaining Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3640; filed February 24, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit F.  On February 24, 2015, the Court entered an order granting the objection with respect to certain claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

8.   Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3473; filed February 6, 2015]

Response/Objection Deadline:        February 20, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.   Objection to Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Melva Johnson [D.I. 3636; filed February 24, 2015]

Related Documents:

i.   Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3474; filed February 6, 2015]

ii.  Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules

3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3639; filed February 24, 2015]

iii.   Order Sustaining Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3876; filed March 12, 2015]

iv.   Order (Second) Sustaining Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4094; filed April 9, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit G. On March 12, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On April 9, 2015, the Court entered a further from of order sustaining the objection with respect to certain additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

9.   Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims (Redacted) [D.I. 3593; filed February 19, 2015]

Response/Objection Deadline:          March 3, 2015 at 4:00 p.m. (EST)

Reply Deadline:                              April 1, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.   Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726; filed March 3, 2015]

B.   Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727; filed March 3, 2015]

C.   Omnibus Objection of CCP Credit Acquisition Holdings, L.L.C., Centerbridge Special Credit Partners, L.P., and Centerbridge Special Credit Partners, II, L.P. to the Standing Motions [D.I. 3729; filed March 3, 2015]

D.   Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First Lien Administrative Agent and Successor TCEH First Lien Collateral

Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3, 2015]

E.     Omnibus Objection of the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

F.     Reply of Wilmington Savings Fund Society, FSB to Debtors' Omnibus Objection to Standing Motions [D.I. 4029; filed April 1, 2015]

G.     Reply in Support of Motion of the Official Committee of TCEH Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims [D.I. 4031; filed April 1, 2015]

H.     Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections [D.I. 4099; filed April 9, 2015]

Related Documents:

i.     Motion of Official Committee of TCEH Unsecured Creditors for Leave to File and Serve a Late Reply in Response to Any Objections or Responses Filed in Connection with the "Motion of Official Committee of TCEH Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims" [D.I. 3759; filed March 4, 2015]

ii.    Notice of Withdrawal of Docket No. 3759 [D.I. 3793; filed March 4, 2015]

iii.   Notice of Filing of Unredacted Motion of the Official Committee of TCEH Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims [D.I. 3862; filed March 10, 2015]

iv.    Statement of Hugh Sawyer, Disinterested Manager of Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC, in Connection with Standing Motions [D.I. 4085; filed April 8, 2015]

v.     Notice of Deposition of Hugh E. Sawyer [D.I. 4092; filed April 8, 2015]

vi.  Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4112; filed April 10, 2015]

vii.  Notice of Filing of Unredacted Omnibus Objection to the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 4118; filed April 10, 2015]

viii.  Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Corrected Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4119; filed April 10, 2015]

ix.  Notice of Rescheduled Deposition [D.I. 4128; filed April 13, 2015]

x.  Order Quashing Notice of Deposition of Hugh Sawyer [D.I. 4133; filed April 13, 2015]

xi.  Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Redacted) [D.I. 4140; filed April 14, 2015]

xii.  Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Sealed) [D.I. 4141; filed April 14, 2015]

xiii.  Notice of Filing of *Unredacted* Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4271; filed April 24, 2015]

xiv.  Amended and Restated Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4498; filed May 18, 2015]

xv.  Stipulation and Consent Order Extending Certain Deadlines in the Final Cash Collateral [D.I. 5922; filed September 11, 2105]

Status: The hearing on this matter is continued pending further order of the Court, subject to the terms of that certain *Plan Support Agreement* attached as an exhibit to D.I. 5248 (the "PSA"), including section 12 thereof, and that certain *Settlement Agreement* attached as an exhibit to D.I. 5249 (the "Settlement Agreement"). Consequently, no hearing with respect to this matter is required at this time.

10.  Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims (Sealed) [D.I. 3596; filed February 19, 2015]

Response/Objection Deadline:     March 3, 2015 at 4:00 p.m. (EST)

Reply Deadline:     April 1, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Response and Limited Objection of Wilmington Savings Fund Society, FSB to Certain Motions for Standing [D.I. 3725; filed March 3, 2015]

B.    Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726; filed March 3, 2015]

C.    Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727; filed March 3, 2015]

D.    Omnibus Objection of CCP Credit Acquisition Holdings, L.L.C., Centerbridge Special Credit Partners, L.P., and Centerbridge Special Credit Partners, II, L.P. to the Standing Motions [D.I. 3729; filed March 3, 2015]

E.    Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First Lien Administrative Agent and Successor TCEH First Lien Collateral Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3, 2015]

F.    Omnibus Objection of the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

G.    Omnibus Response of the Official Committee of TCEH Unsecured Creditors to (I) Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims; and (II) Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3733; filed March 3, 2015]

H.    Reply of Wilmington Savings Fund Society, FSB to Debtors' Omnibus Objection to Standing Motions [D.I. 4029; filed April 1, 2015]

I.    Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections (Sealed) [D.I. 4044; filed April 1, 2015]

J.    Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections (Redacted) [D.I. 4045; filed April 1, 2015]

K.     Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections [D.I. 4099; filed April 9, 2015]

Related Documents:

i.     Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims (Redacted) [D.I. 3603; filed February 19, 2015]

ii.    Statement of Hugh Sawyer, Disinterested Manager of Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC, in Connection with Standing Motions [D.I. 4085; filed April 8, 2015]

iii.   Notice of Deposition of Hugh E. Sawyer [D.I. 4092; filed April 8, 2015]

iv.    Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4112; filed April 10, 2015]

v.     Notice of Filing of Unredacted Omnibus Objection to the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 4118; filed April 10, 2015]

vi.    Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Corrected Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4119; filed April 10, 2015]

vii.   Notice of Rescheduled Deposition [D.I. 4128; filed April 13, 2015]

viii.  Order Quashing Notice of Deposition of Hugh Sawyer [D.I. 4133; filed April 13, 2015]

ix.    Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Redacted) [D.I. 4140; filed April 14, 2015]

x.     Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Sealed) [D.I. 4141; filed April 14, 2015]

xi.    Notice of Filing of *Unredacted* Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4271; filed April 24, 2015]

xii.     Amended and Restated Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4498; filed May 18, 2015]

xiii.    Stipulation and Consent Order Extending Certain Deadlines in the Final Cash Collateral Order [D.I. 5922; filed September 11, 2015]

Status: The hearing on this matter is continued pending further order of the Court, subject to the terms of the PSA, including section 12 thereof, and the Settlement Agreement.  Consequently, no hearing with respect to this matter is required at this time.

11.    Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3605; filed February 19, 2015]

Response/Objection Deadline:          March 3, 2015 at 4:00 p.m. (EST)

Reply Deadline:                       April 1, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.     Response and Limited Objection of Wilmington Savings Fund Society, FSB to Certain Motions for Standing [D.I. 3725; filed March 3, 2015]

B.     Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726; filed March 3, 2015]

C.     Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727; filed March 3, 2015]

D.     Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First Lien Administrative Agent and Successor TCEH First Lien Collateral Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3, 2015]

E.     Omnibus Objection of the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

F.     Omnibus Response of the Official Committee of TCEH Unsecured Creditors to (I) Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims; and (II) Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3733; filed March 3, 2015]

G.     Objection of the Ad Hoc Group of TCEH Unsecured Noteholders to the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3734; filed March 3, 2015]

H.     Objection of Law Debenture Trust Company of New York, as Indenture Trustee, to the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3741; filed March 3, 2015]

I.     Reply of Wilmington Savings Fund Society, FSB to Debtors' Omnibus Objection to Standing Motions [D.I. 4029; filed April 1, 2015]

J.     Reply of the EFH Official Committee to Objections and Responses Filed in Connection with the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates (Sealed) [D.I. 4034; filed March 1, 2015]

K.     Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections [D.I. 4099; filed April 9, 2015]

Related Documents:

i.     Motion of the EFH Official Committee for Leave to File and Serve a Late Reply in Connection with the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3774; filed March 4, 2015]

ii.    Notice of Withdrawal of Docket Number 3774 [D.I. 3795; filed March 4, 2015]

iii.   Notice of Filing of Unredacted Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3869; filed March 10, 2015]

iv.    Notice of Filing of Unsealed Reply of the EFH Official Committee to Objections and Responses Filed in Connection with the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 4107; filed March 9, 2015]

v.     Notice of Filing of Unredacted Omnibus Objection to the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 4118; filed April 10, 2015]

vi.     Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Redacted) [D.I. 4140; filed April 14, 2015]

vii.    Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Sealed) [D.I. 4141; filed April 14, 2015]

viii.   Notice of Filing of *Unredacted* Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4271; filed April 24, 2015]

ix.     Amended and Restated Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4498; filed May 18, 2015]

x.      Stipulation and Consent Order Extending Certain Deadlines in the Final Cash Collateral Order [D.I. 5922; filed September 11, 2015]

Status: The hearing on this matter is continued pending further order of the Court, subject to the terms of the PSA, including section 12 thereof, and the Settlement Agreement. Consequently, no hearing with respect to this matter is required at this time.

12.    Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3896; filed March 13, 2015]

Response/Objection Deadline:          March 27, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.      Claimant Response to Debtor Objection to Claim for Rose S. Washington [D.I. 3998; filed March 27, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3897; filed March 13, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4013; filed March 31, 2015]

iii.     Order Sustaining Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4093; filed April 9, 2015]

iv.     Order (Second) Sustaining Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4677; filed June 4, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit H. On April 9, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. On June 4, 2015, the Court entered a further form of order sustaining the objection with respect to certain additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

13.    Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract with Cloud Peak Energy Resources LLC, Effective *Nunc Pro Tunc* to March 24, 2015 [D.I. 3961; filed March 24, 2015]

Response/Objection Deadline:          April 7, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.     Cloud Peak Energy Resources LLC's Objection to the Motion of Energy Future Holdings Corp., et al. for Entry of an Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract with Cloud Peak Energy Resources LLC, Effective *Nunc Pro Tunc* to March 24, 2015 [D.I. 4069; filed April 6, 2015]

B.     Debtors' Reply to Cloud Peak Energy Resources LLC's Objection to the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract with Cloud Peak Energy Resources, LLC, Effective *Nunc Pro Tunc* to March 24, 2015 [D.I. 4100; filed April 9, 2015]

Related Documents:

i.     Declaration of Robert Frenzel in Support of the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract with Cloud Peak Energy Resources LLC, Effective *Nunc Pro Tunc* to March 24, 2015 [D.I. 3962; filed March 24, 2015]

     ii.     Supplemental Declaration of Robert Frenzel in Support of the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract with Cloud Peak Energy Resources LLC, Effective *Nunc Pro Tunc* to March 24, 2015 [D.I. 4101; filed March 9, 2015]

     iii.    Order Approving Stipulation Between Energy Future Holdings Corp., *et al.*, and Cloud Peak Energy Resources LLC, Effective *Nunc Pro Tunc* to March 24, 2015 [D.I. 4157; filed April 14, 2015]

     iv.    Order Approving Claim Settlement Stipulation Between Luminant Energy Company LLC and Cloud Peak Energy Resources LLC [D.l. 5770; filed August 27, 2015] (the "<u>Cloud Peak Stipulated Order</u>")

<u>Status</u>: On August 27, 2015, the Court entered the Cloud Peak Stipulated Order, which fully resolved this matter. Consequently, no hearing with respect to this matter is required.

14.    Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.l. 4003; filed March 27, 2015]

    <u>Response/Objection Deadline</u>:     April 10, 2015 at 4:00 p.m. (EDT)

    <u>Responses/Objections Received</u>:

     A.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Lori Slocum for estate of Donald L. Cox [D.l. 4088; filed April 8, 2015]

     B.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Yolanda H. Small [D.I. 4089; filed April 8, 2015]

     C.    Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Timmy Villarreal [D.l. 4114; filed April 10, 2015]

     D.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local

Bankruptcy Rule 3007-1 filed by Joan H. Hughes [D.I. 4150; filed April 14, 2015]

E.     Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Robert E. Walker [D.I. 4151; filed April 14, 2015]

F.     Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Marilyn Bell [D.I. 4152; filed April 14, 2015]

G.     Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Nikita Denis Bailey-Kelly [D.I. 4153; filed April 14, 2015]

H.     Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Judy Allen [D.I. 4154; filed April 14, 2015]

I.     Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Melvin Williams [D.I. 4204; filed April 17, 2015]

Related Documents:

i.     Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4004; filed March 27, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4226; filed April 20, 2015]

iii.   Order Sustaining Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4373; filed May 1, 2015]

iv.   Order (Second) Sustaining Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4676; filed June 4, 2015]

v.   Order (Third) Sustaining Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4905; filed July 1, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit I. On May 1, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On June 4, 2015, the Court entered a further form of order sustaining the objection with respect to certain additional claims subject thereto. On July 1, 2015, the Court entered a further form of order sustaining the objection with respect to certain additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

15.   Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4050; filed April 2, 2015]

Response/Objection Deadline:     April 16, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:     None.

Related Documents:

i.   Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4051; filed April 2, 2015]

ii.   Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to

Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4227; filed April 20, 2015]

iii.   Order Sustaining Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4280; filed April 27, 2015]

Status:  The individual status of each claim subject to this matter is listed on the attached Exhibit J.   On April 27, 2015, the Court entered an order sustaining this matter as to various claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.   Consequently, no hearing with respect to this matter is required at this time.

16.   Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4052; filed April 2, 2015]

Response/Objection Deadline:       April 16, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.   Amelia Maurillo's Response to Debtor's Objection to Amelia Maurillo Proof of Claim [D.I. 4206; filed April 17, 2015]

Related Documents:

i.   Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4053; filed April 2, 2015]

ii.   Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4228; filed April 20, 2015]

iii.   Order Sustaining Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4281; filed April 27, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit K.  On April 27, 2015, the Court entered an order sustaining this matter as to various claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

17.  Motion of the EFH Official Committee for Entry of an Order Directing Disclosure of Oncor Bid Information to the EFH Official Committee [D.I. 4260; filed April 23, 2015]

Response/Objection Deadline:  May 12, 2015 at 4:00 p.m. (EDT); extended to June 30, 2014 at 4:00 p.m. (EDT) for the Debtors and TCEH Official Committee

Responses/Objections Received:  None.

Related Documents:

i.  Motion of the EFH Official Committee for Entry of an Order Shortening Notice with Respect to the Motion of the EFH Official Committee for Entry of an Order Directing Disclosure of Oncor Bid Information to the EFH Official Committee [D.I. 4259; filed April 23, 2015]

ii.  Order [D.I. 4267; filed April 24, 2015]

iii.  Re-Notice of Motion of the EFH Official Committee for Entry of an Order Directing Disclosure of Oncor Bid Information to the EFH Official Committee [D.I. 4338; filed April 28, 2015]

Status: The hearing on this matter has been continued to a date and time to be determined.  Consequently, no hearing with respect to this matter is required at this time.

18.  Motion for Order Authorizing Payment and Reimbursement of Certain Fees and Expenses of UMB Bank, N.A., as the EFIH Unsecured Indenture Trustee [D.I. 4438; filed May 8, 2015]

Response/Objection Deadline:  May 22, 2015 at 4:00 p.m. (EDT); extended to September 10, 2015 at 4:00 p.m. (EDT) for the Debtors

Responses/Objections Received:

A.  Objection of the EFH Official Committee to Motion for Order Authorizing Payment and Reimbursement of Certain Fees and Expenses of UMB Bank, N.A., as the EFIH Unsecured Indenture Trustee [D.I. 4567; filed May 22, 2015]

B.        The Acting United States Trustee's Objection to the Motion for an Order Authorizing Payment and Reimbursement of Certain Fees and Expenses of UMB Bank, N.A., as the EFIH Unsecured Indenture Trustee (D.I. 4438) [D.I. 4575; filed May 22, 2015]

C.        Debtors' Objection to Motion for Order Authorizing Payment and Reimbursement of Certain Fees and Expenses of UMB Bank, N.A., as the EFIH Unsecured Indenture Trustee [D.I. 5909; filed September 10, 2015]

Status: By agreement of the parties, the hearing on this matter is continued to the omnibus hearing scheduled for October 15, 2015 at 10:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

19.     Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4782; filed June 16, 2015]

Response/Objection Deadline:      June 30, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.        Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Consolidated Communications Inc. [D.I. 4894; filed June 30, 2015]

B.        Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Glenda Carol Phillips Lee [D.I. 4896; filed June 30, 2015]

C.        Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Donna Phillips [D.I. 4897; filed June 30, 2015]

D.        Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jacquelyn A. Myles [D.I. 4906; filed July 1, 2015]

E.    Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Amelia M. McMillan [D.I. 4917; filed July 2, 2015]

F.    Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Austin Kovach [D.I. 4943; filed July 8, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4783; filed June 16, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Related to "Debtors Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4913; filed July 2, 2015]

iii.    Order Sustaining Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5006; filed July 15, 2015]

iv.    Declaration of Barry Harman, Pro Se Claimant, in Support of the Original Claim as Filed and in Opposition to Debtors Standard Form Objection(s) [D.I. 5076; filed July 22, 2015]

v.    Order (Second) Sustaining Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5875; filed September 8, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit L.  On July 15, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. On September 8, 2015, the Court entered a further form of order in connection with this

matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

20.   Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4784; filed June 16, 2015]

Response/Objection Deadline:        July 2, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Creditors Response to Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Wayne English [D.I. 4882; filed June 29, 2015]

B.    Response to Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Puente Brothers Investments, LLC [D.I. 4895; filed June 30, 2015]

C.    Response to Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jeffrey and Linda Sue Lammers [D.I. 4919; filed July 2, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4785; filed June 16, 2015]

ii.    *Amended* Notice of "Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" and Hearing Thereon [D.I. 4804; filed June 18, 2015]

     iii.   *Second Amended* Notice of "Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" and Hearing Thereon [D.I. 4851; filed June 24, 2015]

     iv.   Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5011; filed July 15, 2015]

     v.   Order Sustaining Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5089; filed July 24, 2015]

     vi.   Order (Second) Sustaining Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5876; filed September 8, 2015]

    Status: The individual status of each claim subject to this matter is listed on the attached Exhibit M.    On July 24, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. On September 8, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined.    Consequently, no hearing with respect to this matter is required at this time.

21.    Debtors' Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4786; filed June 16, 2015]

    Response/Objection Deadline:     July 2, 2015 at 4:00 p.m. (EDT)

    Responses/Objections Received:     None.

    Related Documents:

     i.   Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Eighteenth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims

Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4787; filed June 16, 2015]

ii.   *Amended* Notice of "Debtors' Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" and Hearing Thereon [D.I. 4805; filed June 18, 2015]

iii.   *Second Amended* Notice of "Debtors' Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" and Hearing Thereon [D.I. 4852; filed June 24, 2015]

iv.   Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5012; filed July 15, 2015]

v.   Order Sustaining Debtors' Eighteenth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5214; filed August 5, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit N.  On August 5, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

22.   EFIH Debtors' Partial Objection to Proof of Claim No. 6347 Filed by the Indenture Trustee for the EFIH Unsecured Notes [D.I. 4964; filed July 9, 2015]

Response/Objection Deadline:        July 23, 2015 at 4:00 p.m. (EDT); extended for UMB Bank, N.A. to respond to the merits until a date to be determined

Responses/Objections Received:

A.   Partial Response of UMB Bank, N.A. to the EFIH Debtors' Partial Objection to Proof of Claim No. 6347 Filed by the Indenture Trustee for the EFIH Unsecured Notes [D.I. 5788; filed August 28, 2015]

B.      Response of UMB Bank, N.A. to the EFIH Debtors' Partial Objection to Proof of Claim No. 6347 Filed by the Indenture Trustee for the EFIH Unsecured Notes [D.I. 5874; filed September 4, 2015]

Related Documents:

i.      Letter from Andrew R. McGaan, P.C. re: EFIH Debtors' Partial Objection to Proof of Claim No. 6347 Filed by the Indenture Trustee for the EFIH Unsecured Notes to the Honorable Christopher S. Sontchi [D.I. 5238; filed August 7, 2015]

ii.      Letter to the Honorable Christopher S. Sontchi in connection with the EFIH Debtors' Partial Objection to Proof of Claim No. 6347 filed by the Indenture Trustee for the EFIH Unsecured Notes [D.I. 5239; filed August 7, 2015]

iii.      EFIH Debtors' Reply in Support of Partial Objection to Proof of Claim No. 6347 Filed by the Indenture Trustee for the EFIH Unsecured Notes [D.I. 5962; filed September 11, 2015]

iv.      Notice to Lift Temporary Seal [D.I. 5967; filed September 14, 2015]

Status: As discussed on the record of the August 11, 2015 hearing, the parties are in the process of briefing various issues in connection with this matter. The parties may request that a hearing in connection with this matter be scheduled following the completion of the parties' agreed briefing.

23.      Motion Not to Reinstate Appeal filed by the Tremble Parties [D.I. 4967; filed July 10, 2015]

Response/Objection Deadline:      September 10, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.      Objection of Energy Future Holdings Corp., *et al.*, to the Tremble Motion Not to Reinstate Appeal [D.I. 5908; filed September 10, 2015]

Status: By agreement of the parties, the hearing on this matter is continued to the omnibus hearing scheduled for October 15, 2015 starting at 10:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

24.      Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4970; filed July 10, 2015]

Response/Objection Deadline:      July 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:      None.

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4971; filed July 10, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5014; filed July 15, 2015]

iii.    Order Sustaining Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5255; filed August 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit O.  On August 10, 2015, the Court entered an order sustaining this matter as to various claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

25.   Debtors' Twentieth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4972; filed July 10, 2015]

Response/Objection Deadline:        July 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.     Response of Rexel, Inc. to Debtors' 20th and 21st Omnibus Objections to Claims [D.I. 5195; filed July 31, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twentieth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code,

Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4973; filed July 10, 2015]

ii.   Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twentieth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5015; filed July 15, 2015]

iii.  Order Sustaining Debtors' Twentieth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5253; filed August 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached <u>Exhibit P</u>.  On August 10, 2015, the Court entered an order sustaining this matter as to various claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

26.   Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4974; filed July 10, 2015]

Response/Objection Deadline:        July 24, 2015 at 4:00 p.m. (EDT); extended to August 7, 2015 at 4:00 p.m. (EDT) for Mastercraft Printed Products

Responses/Objections Received:

A.    Response of Rexel, Inc. to Debtors' 20th and 21st Omnibus Objections to Claims [D.I. 5195; filed July 31, 2015]

B.    Mastercraft Printed Products & Services, Inc.'s Response to Debtors' Objection to Claims [D.I. 5241; filed August 7, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4975; filed July 10, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5017; filed July 15, 2015]

iii.    Order Sustaining Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5252; filed August 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit Q. On August 10, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

27.   Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4976; filed July 10, 2015]

Response/Objection Deadline:        July 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.     Response of Claimant, Spencer Harris of Arkansas, Inc. to Objection to Claims [D.I. 5085; filed July 22, 2015]

B.     Objection from Ty-Flot Inc to Debtors' Twenty-Second Omnibus (Non-Substantice [SIC]) Objection to Claims (Wrong Debtor) [D.I. 5087; filed July 24, 2015]

Related Documents:

i.      Declaration of Michael Carter in Support of the Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 4977; filed July 10, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Regarding the Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5000; filed July 15, 2015]

iii.    Order Sustaining Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5250; filed August 10, 2015]

iv.    Notice of Withdrawal of Objection from Ty-Flot Inc. to Debtor's [SIC] Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) [D.I. 5399; filed August 18, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit R. On August 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to the omnibus hearing scheduled for October 15, 2015 starting at 10:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

28.    Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4978; filed July 10, 2015]

Response/Objection Deadline:    July 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:    None.

Related Documents:

i.    Declaration of Michael Carter in Support of the Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4979; filed July 10, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Regarding the Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5001; filed July 15, 2015]

iii.    Order Sustaining Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5251; filed August 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit S. On August 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All

remaining unresolved claims subject to this matter are continued to the omnibus hearing scheduled for October 15, 2015 starting at 10:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

29. Motion of Energy Future Holdings Corp., *et al*., for Entry of an Order Confirming that no Automatic Stay is in Effect or, in the Alternative, Modifying the Automatic Stay to the Extent Necessary to Permit Luminant Mining Company LLC and Energy Future Holdings Corp. to Proceed with Certain Litigation [D.I. 5067; filed July 21, 2015]

Response/Objection Deadline:     August 4, 2015 at 4:00 p.m. (EDT); extended to September 10, 2015 at 4:00 p.m. (EDT) for Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. only

Responses/Objections Received:     None at this time.

Related Documents:

i.     Declaration of Gary Moor in Support of the Motion of Energy Future Holdings Corp., *et al*., for Entry of an Order Confirming that no Automatic Stay is in Effect or, in the Alternative, Modifying the Automatic Stay to the Extent Necessary to Permit Luminant Mining Company LLC and Energy Future Holdings Corp. to Proceed with Certain Litigation [D.I. 5068; filed July 21, 2015]

Status: By agreement of the parties, the hearing on this matter is continued to the omnibus hearing scheduled for October 15, 2015 starting at 10:30 a.m. (EDT). Consequently, no hearing with respect to this matter is required at this time.

30. Motion of Energy Future Holdings Corp., *et al*., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter into and Perform Under the Settlement Agreement [D.I. 5249; filed August 10, 2015]

Response/Objection Deadline:     August 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:     None to date.

Related Documents:

i.     Re-Notice of "Motion of Energy Future Holdings Corp., *et al*., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement" and Hearing Thereon [D.I. 5261; filed August 10, 2015]

ii.      Letter to the Honorable Christopher S. Sontchi Regarding Scheduling of Motion of Energy Future Holdings Corp., *et al*., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement [D.I. 5263; filed August 11, 2015]

Status: The hearing on this matter is continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

31.    Debtors' Twenty-Fourth Omnibus (Non-Substantive) Objection to Amended, Wrong Debtor, and Exact Duplicate Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5364; filed August 17, 2015]

Response/Objection Deadline:      August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:      None.

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twenty-Fourth Omnibus (Non-Substantive) Objection to Amended, Wrong Debtor, and Exact Duplicate Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5365; filed August 17, 2015]

ii.      Certification of No Objection Regarding "Debtors' Twenty-Fourth Omnibus (Non-Substantive) Objection to Amended, Wrong Debtor, and Exact Duplicate Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5364] [D.I. 5892; filed September 9, 2015]

iii.      Order Sustaining Debtors' Twenty-Fourth Omnibus (Non-Substantive) Objection to Amended, Wrong Debtor, and Exact Duplicate Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5905; filed September 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit T.  On September 10, 2015, the Court entered an order granting the Debtors the relief requested in connection with this matter. Consequently, no hearing with respect to this matter is required.

32.    Debtors' Twenty-Fifth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5366; filed August 17, 2015]

Response/Objection Deadline:     August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:     None.

Related Documents:

i.     Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twenty-Fifth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5368; filed August 17, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twenty-Fifth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5699; filed August 24, 2015]

iii.     Certification of Counsel Regarding "Debtors' Twenty-Fifth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5366] [D.I. 5893; filed September 9, 2015]

iv.     Order Sustaining Debtors' Twenty-Fifth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5906; filed September 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit U.  On September 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

33.     Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5369; filed August 17, 2015]

Response/Objection Deadline:     August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:     None.

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5370; filed August 17, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5701; filed August 24, 2015]

iii.    Certification of Counsel Regarding "Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5369] [D.I. 5894; filed September 9, 2015]

iv.     Order Sustaining Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5907; filed September 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit V. On September 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

34.     Twenty-Ninth Omnibus (Non-Substantive) Objection to (Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5375; filed August 17, 2015]

Response/Objection Deadline:          August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.      Declaration of Michael Carter in Support of the Twenty-Ninth Omnibus (Non-Substantive) Objection to (Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5376; filed August 17, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to the Twenty-Ninth Omnibus (Non-Substantive) Objection to (Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5694; filed August 24, 2015]

iii.    Certification of No Objection Regarding Twenty-Ninth Omnibus (Non-Substantive) Objection to (Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5856; filed September 4, 2015]

iv.    Order Sustaining Twenty-Ninth Omnibus (Non-Substantive) Objection to (Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5913; filed September 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit W.  On September 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. Consequently, no hearing with respect to this matter is required at this time.

35.    Thirtieth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5377; filed August 17, 2015]

Response/Objection Deadline:    August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:    None.

Related Documents:

i.    Declaration of Michael Carter in Support of the Thirtieth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5378; filed August 17, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to the Thirtieth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5695; filed August 24, 2015]

iii.    Certification of No Objection Regarding Thirtieth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section

502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5857; filed September 4, 2015]

iv.  Order Sustaining Thirtieth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5915; filed September 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit X.  On September 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. Consequently, no hearing with respect to this matter is required at this time.

36.  Debtors' Thirty-First Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5379; filed August 17, 2015]

Response/Objection Deadline:          August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:     None.

Related Documents:

i.  Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Thirty-First Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5380; filed August 17, 2015]

ii.  Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Thirty-First Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5379] [D.I. 5702; filed August 24, 2015]

iii.  Certification of No Objection Regarding "Debtors' Thirty-First Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5379] [D.I. 5885; filed September 8, 2015]

iv.  Order Sustaining Debtors' Thirty-First Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5896; filed September 9, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit Y. On September 9, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. Consequently, no hearing with respect to this matter is required at this time.

37. Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company LLC to Reject Certain Executory Contracts with Tarrant County College District, Effective *Nunc Pro Tunc* to August 20, 2015 [D.I. 5604; filed August 20, 2015]

Response/Objection Deadline:          September 3, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:          None.

Related Documents:

i.    Declaration of Robert Frenzel in Support of the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company LLC to Reject Certain Executory Contracts with Tarrant County College District, Effective *Nunc Pro Tunc* to August 20, 2015 [D.I. 5605; filed August 20, 2015]

ii.   Certification of No Objection Regarding "Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Generation Company LLC to Reject Certain Executory Contracts with Tarrant County College District, Effective *Nunc Pro Tunc* to August 20, 2015" [D.I. 5604] [D.I. 5887; filed September 8, 2015]

iii.  Order Authorizing Luminant Generation Company LLC to Reject Certain Executory Contracts, Effective *Nunc Pro Tunc* to August 20, 2015 [D.I. 5898; filed September 9, 2015]

Status: On September 9, 2015, the Court entered an order granting the Debtors the relief requested in connection with this matter. Consequently, no hearing with respect to this matter is required.

## II. UNCONTESTED MATTERS WITH A CERTIFICATION OF NO OBJECTION OR CERTIFICATION OF COUNSEL:

38. Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5371; filed August 17, 2015]

Response/Objection Deadline:          August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:          None.

Related Documents:

i.    Declaration of Michael Carter in Support of the Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5372; filed August 17, 2015]

ii.    Notice of Submission of Proofs of Claim Regarding the Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5675; filed August 21, 2015]

iii.    Certification of Counsel Regarding "Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1" [D.I. 5371] [D.I. 5958; filed September 11, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit Z. On September 11, 2015, the Movant filed a certification of counsel attaching a revised form of order in connection with this matter. Consequently, a hearing with respect to this matter is only required at this time to the extent that the Court has any questions or concerns.

39.    Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5373; filed August 17, 2015]

Response/Objection Deadline:    August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Response of Cellco Partnership d/b/a Verizon Wireless to Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5802; filed August 31, 2015]

B.    Objection to Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 filed by Benetech Fuel the Future [D.I. 5834; filed August 31, 2015]

C.     Response of Rexel, Inc. to Debtors' 28th Omnibus Objection to Claims [D.I. 5838; filed September 2, 2015]

Related Documents:

i.     Declaration of Michael Carter in Support of the Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5374; filed August 17, 2015]

ii.     Notice of Submission of Proofs of Claim Regarding the Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5678; filed August 21, 2015]

iii.     Certification of Counsel Regarding "Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1" [D.I. 5373] [D.I. 5959; filed September 11, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached <u>Exhibit AA</u>. On September 11, 2015, the Movant filed a certification of counsel attaching a revised form of order in connection with this matter. Consequently, a hearing with respect to this matter is only required at this time to the extent that the Court has any questions or concerns.

40.     Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Approving the Stipulation Between Certain Debtors and Holt (A) Resolving Claims Asserted by Holt and (B) Assuming Certain Amended Executory Contracts [D.I. 5778; filed August 27, 2015]

Response/Objection Deadline:     September 10, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:     None.

Related Documents:

i.     Declaration of Robert Frenzel in Support of the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Approving the Stipulation Between Certain Debtors and Holt (A) Resolving Claims Asserted by Holt and (B) Assuming Certain Amended Executory Contracts [D.I. 5779; filed August 27, 2015]

    ii.     Certification of No Objection Regarding "Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Approving the Stipulation Between Certain Debtors and Holt (A) Resolving Claims Asserted by Holt and (B) Assuming Certain Amended Executory Contracts' [D.I. 5778] [D.I. 5984; filed September 14, 2015]

Status: On September 14, 2015, the Debtors filed a certification of no objection in connection with this matter. Consequently, a hearing with respect to this matter is required only to the extent that the Court has any questions or concerns.

41.    Motion of Energy Future Holdings Corp., *et al.*, for an Order Authorizing Entry into and Performance Under the Stipulation Between Oak Grove Management Company LLC and Headwaters Resources, Inc. [D.I. 5780; filed August 27, 2015]

    Response/Objection Deadline:     September 10, 2015 at 4:00 p.m. (EDT)

    Responses/Objections Received:     None.

    Related Documents:

    i.     Declaration of Robert Frenzel in Support of the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Entry into and Performance Under the Stipulation Between Oak Grove Management Company LLC and Headwaters Resources, Inc. [D.I. 5781; filed August 27, 2015]

    ii.     Certification of No Objection Regarding "Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Entry into and Performance Under the Stipulation Between Oak Grove Management Company LLC and Headwaters Resources, Inc." [D.I. 5780] [D.I. 5985; filed September 14, 2015]

Status: On September 14, 2015, the Debtors filed a certification of no objection in connection with this matter. Consequently, a hearing with respect to this matter is required only to the extent that the Court has any questions or concerns.

## III.   **CONTESTED MATTERS GOING FORWARD:**

42.    Motion of Energy Future Holdings Corp. *et al.*, for Entry of an Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents [D.I. 4144; filed April 14, 2015]

    Response/Objection Deadline:     June 17, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Objection of EFH Indenture Trustee to Approval of Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al*. [D.I. 5355; filed August 17, 2015]

B.    Objection of the EFH Official Committee to the Motion of Energy Future Holdings Corp., *et al*., for Entry of an Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents [D.I. 5356; filed August 17, 2015]

C.    EFIH Second Lien Indenture Trustee's Objection to Debtors' Disclosure Statement [D.I. 5362; filed August 17, 2015]

Related Documents:

i.    Energy Future Intermediate Holdings Company LLC's Statement in Support of Intercompany Settlement in the Plan [D.I. 4146; filed April 14, 2015]

ii.    Notice of Filing of Revised Order in Connection with "Motion of Energy Future Holdings Corp., *et al*., for Entry of an Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents" [D.I. 5871; filed September 4, 2015]

iii.    Reply of the TCEH Committee in Support of (I) the Motion of Energy Future Holdings Corp., *et al*., to Authorize the Debtors to Enter into and Perform Under the Plan Support Agreement and (II) the Motion of Energy Future Holdings Corp., *et al*., for Entry of an Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents [D.I. 5979; filed September 14, 2015]

Status: The hearing on this matter will go forward on September 21, 2015 starting at 9:30 a.m. (EDT).

43.    Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al*., Pursuant to Chapter 11 of the Bankruptcy

Code [D.I. 5246; filed August 10, 2015] (as may be further amended, modified, or supplemented, the "Disclosure Statement")

Response/Objection Deadline:          August 17, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.     Objection of Knife River Corporation - South to the Proposed Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 4886; filed June 29, 2015]

B.     Objection of the Pension Benefit Guaranty Corporation to the Amended Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 5347; filed August 17, 2015]

C.     Objection of the Bank of New York Mellon, as Indenture Trustee, and the Bank of New York Mellon Trust Company, N.A., as Indenture Trustee, to the Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 5352; filed August 17, 2015]

D.     Limited Objection of Delaware Trust Company to Disclosure Statement for the Third Amended Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 5354; filed August 17, 2015]

E.     Objection of EFH Indenture Trustee to Approval of Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.* [D.I. 5355; filed August 17, 2015]

F.     Objection of the EFH Official Committee to the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents [D.I. 5356; filed August 17, 2015]

G.     United States Objection to the Disclosure Statement for the Third Amended Plan [D.I. 5357; filed August 17, 2015]

H.     Objection of UMB Bank, N.A. in Connection with the Disclosure Statement for Debtors' Third Amended Joint Chapter 11 Plan of Reorganization [D.I. 5358; filed August 17, 2015]

I.      Objections of Delaware Trust Company, as TCEH First Lien Indenture Trustee, to Debtors' Amended Disclosure Statement and Motion for Separate Status Conference [D.I. 5360; filed August 17, 2015]

J.      Joinder of Fenicle and Fahy to the Objections of the EFH Official Committee of Unsecured Creditors to the Motion of Energy Future Holdings Corp., *et al*., for Entry of an Order Approving the Disclosure Statement, *et al*. [D.I. 5361; filed August 17, 2015]

K.      EFIH Second Lien Indenture Trustee's Objection to Debtors' Disclosure Statement [D.I. 5362; filed August 17, 2015]

L.      Objection of the Acting United States Trustee to the Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al*., Pursuant to Chapter 11 of the Bankruptcy Code (D.I. 5246) [D.I. 5872; filed September 4, 2015]

M.      Reservation of Rights of Texas Transmission Investment LLC Regarding Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al*., Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 5973; filed September 14, 2015]

Related Documents:

i.      Joint Plan of Reorganization of Energy Future Holdings Corp., *et al*., Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 4142; filed April 14, 2015]

ii.     Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp., *et al*., Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 4143; filed April 14, 2015]

iii.    Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Statement in Support of Intercompany Settlement in the Plan [D.I. 4145; filed April 14, 2015]

iv.     Statement of the Disinterested Directors of Debtor Energy Future Holdings Corp. Regarding Proposed Settlement of Conflict Matters as Part of Proposed Plan of Reorganization [D.I. 4147; filed April 14, 2015]

v.      Notice of Rescheduled Hearing Date [D.I. 4888; filed June 29, 2015]

vi.     Certificate of Counsel Regarding (I) Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization, and (C) Revising Certain Dates in the Disclosure Statement Scheduling Order and (II) Stipulation and Agreed Order Regarding Certain Confirmation Scheduling Matters [D.I. 4912; filed July 2, 2015]

vii.    Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization, and (C) Revising Certain Dates in the Disclosure Statement Scheduling Order [D.I. 4916; filed July 2, 2015]

viii.   Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 5078; filed July 23, 2015]

ix.     Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code (Blackline) [D.I. 5079; filed July 23, 2015]

x.      Amended Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 5080; filed July 23, 2015]

xi.     Amended Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code (Blackline) [D.I. 5081; filed July 23, 2015]

xii.    Debtors' Statement Regarding Plan Negotiations [D.I. 5082; filed July 23, 2015]

xiii.   Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 5197; filed August 3, 2015]

xiv.    Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code (Blackline) [D.I. 5198; filed August 3, 2015]

xv.     Debtors' Statement Regarding Second Amended Plan of Reorganization [D.I. 5199; filed August 3, 2015]

xvi.    Notice Extending Deadline for Parties to File and Serve Objections to the Disclosure Statement [D.I. 5219; filed August 5, 2015]

xvii.   Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 5244; filed August 10, 2015]

xviii.  Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code (Blackline) [D.I. 5245; filed August 10, 2015]

xix.   Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al*., Pursuant to Chapter 11 of the Bankruptcy Code (Blackline) [D.I. 5247; filed August 10, 2015]

xx.   Notice Regarding Scheduling of Certain Dates Related to the Disclosure Statement [D.I. 5262; filed August 10, 2015]

xxi.   Certification of Counsel Regarding Order Revising Certain Dates in the Confirmation Scheduling Order Related to Approval of the Disclosure Statement [D.I. 5320; filed August 13, 2015]

xxii.   Notice of Withdrawal Regarding Objection of Knife River Corporation - South to the Proposed Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp., *et al*., Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 5888; filed September 9, 2015]

Status: The hearing on this matter will go forward on September 21, 2015 starting at 9:30 a.m. (EDT).

44.   Motion of Energy Future Holdings Corp., *et al*., to Authorize the Debtors to Enter into and Perform Under the Plan Support Agreement [D.I. 5248; filed August 10, 2015]

Response/Objection Deadline:         August 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.   Objection of The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A. to the Motion of Energy Future Holdings Corp., *et al*., to Authorize the Debtors to Enter into and Perform Under the Plan Support Agreement and Hearing Thereon [D.I. 5696; filed August 24, 2015]

B.   Objection of the EFH Official Committee to the Motion of Energy Future Holdings Corp., *et al*., to Authorize the Debtors to Enter into and Perform Under the Plan Support Agreement [D.I. 5700; filed August 24, 2015]

C.   Joinder of EFH Indenture Trustee to Objection of EFH Official Committee to Motion of Energy Future Holdings Corp., *et al*., to Authorize the Debtors to Enter into and Perform Under the Plan Support Agreement [D.I. 5703; filed August 24, 2015]

D.   Objection of UMB Bank, N.A. to Motion of Energy Future Holdings Corp., *et al*., to Authorize the Debtors to Enter into and Perform Under the Plan Support Agreement [D.I. 5705; filed August 24, 2015]

E.      Acting United States Trustee's Objection to Debtors' Motion to Enter into and Perform Under Plan Support Agreement (D.I. 5248) [D.I. 5858; filed September 4, 2015]

Related Documents:

i.      Letter from Mark E. McKane, Esq. to the Honorable Christopher S. Sontchi Concerning Disputes Over Scope of Discovery in Connection with Pending Motion to Approve Plan Support Agreement [D.I. 5248] [D.I. 5855; filed September 4, 2015]

ii.     Notice of Telephonic Only Hearing [D.I. 5859; filed September 4, 2015]

iii.    Joinder to Debtors' Request regarding Letter to the Honorable Christopher S. Sontchi Concerning Disputes Over Scope of Discovery in Connection With Pending Motion to Approve Plan Support Agreement [D.I. 5248] [D.I. 5882; filed September 8, 2015]

iv.     Letter from Andrew G. Dietderich, Esq. in Response to the Letter from Mark E. McKane, Esq. to the Honorable Christopher S. Sontchi Concerning Disputes Over Scope of Discovery in Connection with Pending Motion to Approve Plan Support Agreement [D.I. 5883; filed September 8, 2015]

v.      Letter to the Honorable Christopher S. Sontchi in Response to Debtors' September 4, 2015 Letter Concerning Disputes Over Scope of Discovery in Connection with Pending Motion to Approve Plan Support Agreement [D.I. 5884; filed September 8, 2015]

vi.     Notice of Filing of Revised Order in Connection with "Motion of Energy Future Holdings Corp., *et al.*, to Authorize the Debtors to Enter into and Perform Under the Plan Support Agreement" [D.I. 5895; filed September 9, 2015]

vii.    Debtors' Omnibus Reply to Objections to Plan Support Agreement Motion [D.I. 5978; filed September 14, 2015]

viii.   Reply of the TCEH Committee in Support of (I) the Motion of Energy Future Holdings Corp., *et al.*, to Authorize the Debtors to Enter into and Perform Under the Plan Support Agreement and (II) the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents [D.I. 5979; filed September 14, 2015]

ix.     Joinder of the Ad Hoc Committee of TCEH Second Lien Noteholders to the Debtors' Omnibus Reply to Objections to Plan Support Agreement Motion [D.I. 5980; filed September 14, 2015]

x.      Joinder of the Ad Hoc Committee of TCEH Unsecured Noteholders to Debtors' Omnibus Reply to Objections to Plan Support Agreement Motion [D.I. 5983; filed September 14, 2015]

xi.     Joinder of the Ad Hoc Committee of TCEH First Lien Creditors to the Debtors' Omnibus Reply to Objections to their Motion to Approve the Plan Support Agreement [D.I. 5987; filed September 14, 2015]

Status: A contested evidentiary hearing on this matter will go forward on September 17, 2015 starting at 9:30 a.m. (EDT).

*[Remainder of page intentionally left blank.]*

Dated: September 15, 2015
      Wilmington, Delaware

_____

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*