

**Kimberly E. C. Lawson**
Direct Phone: +1 302 778 7597
Email: klawson@reedsmith.com

**Kurt F. Gwynne**
Direct Phone: +1 302 778 7550
Email: kgwynne@reedsmith.com

Reed Smith LLP
1201 North Market Street
Suite 1500
Wilmington, DE 19801-1163
Tel +1 302 778 7500
Fax +1 302 778 7575
reedsmith.com

September 15, 2015

**Via ECF and Hand Delivery**

Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District
of Delaware
824 N. Market Street, 5th Floor
Wilmington, DE 19801

**Re: In re Energy Future Holdings Corp., et al., Case No. 14-10979 (CSS)**

Dear Judge Sontchi:

We are counsel to The Bank of New York Mellon ("BNYM"), in its capacity as the PCRB Trustee.[1] We write to respectfully request that the Court promptly address a discovery dispute in connection with the Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement (D.I. 5249) ("Settlement Agreement") and confirmation of the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code (D.I. 5246) (the "Third Amended Plan"). The dispute concerns the following:

- BNYM's identification of Initial Consolidated Requests (as defined below) as still relevant; and

- discovery requests (document requests and interrogatories) that BNYM served upon the Debtors.

Copies of BNYM's discovery requests are attached as **Exhibit A**. Copies of the Debtors' responses thereto are attached as **Exhibit B**. We will address each of the disputes below.

Both prior to and after the Debtors' Initial Discovery Responses and Responses to BNYM Requests (both as defined below and collectively referred to as "Responses") were served, counsel for BNYM and the Debtors attempted to resolve disputes over the Relevant Requests. However, the Debtors responded that their position was reflected in the Responses and that BNYM may get most or all of what BNYM appears to be interested in as a result of very broad requests from other parties.

## I.     Treatment of the PCRB Claims in the Third Amended Plan

The Third Amended Plan treats the PCRB Claims differently than other TCEH unsecured creditors. The proposed Settlement Agreement and the Third Amended Plan provide for the settlement of claims

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code (D.I. 5246).

ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MUNICH ♦ NEW YORK ♦ NORTHERN VIRGINIA
PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ WASHINGTON, D.C. ♦ WILMINGTON

US_ACTIVE-123591246-SKKAM

Judge Christopher S. Sontchi
September 15, 2015
Page 2

**ReedSmith**

against the TCEH first lien holders ("TCEH First Lien Investigation Claims"). Specifically, the TCEH Debtors' estates waive their respective TCEH First Lien Investigation Claims in exchange for a limited "waiver" of the TCEH first lien deficiency claims (the "TCEH First Lien Deficiency Claims"). All TCEH unsecured creditors other than the holders of the PCRB Claims are entitled to share in the recovery generated by the "waiver" of the TCEH First Lien Deficiency Claims. According to the Disclosure Statement, the exclusion of the holders of the PCRB Claims from the entities that share in the "waiver" of the TCEH First Lien Deficiency Claims results in a 54.8% discount in the distribution on account of the PCRB Claims (the "PCRB Distribution Discount").

BNYM has been advised that the purported bases for the PCRB Distribution Discount include the facts that (a) the PCRB Claims are only against TCEH and (b) TCEH Debtors other than TCEH hold many of the TCEH First Lien Investigation Claims. Thus, determining which TCEH First Lien Investigation Claims are owned by which TCEH Debtor, and the value of such claims, is relevant to determining whether the PCRB Claims should share in the "waiver" and, if so, to what extent.

In addition, we understand that the TCEH Unsecured Ad Hoc Group insisted on the PCRB Distribution Discount and that the TCEH Unsecured Ad Hoc Group proposed the percentage discount, which increased over time. Thus, BNYM seeks to determine whether the particular discount set forth in the Plan is appropriate (i.e., why is a 54.8% rather than a 5% discount appropriate?).

## II.    Identification of Initial Consolidated Requests as Still Relevant

Paragraph 7(a) of the Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization (D.I. 5771) (the "Amended Confirmation Scheduling Order") provides, in relevant part:

> The Participating Parties must identify no later than one day after the entry of the Court's order approving the Amended Confirmation Scheduling Order any previously served consolidated discovery requests (the "Initial Consolidated Requests") which are still applicable.

Amended Confirmation Scheduling Order at ¶ 7(a).

On August 28, 2015, BNYM served its Notice of Identification of Applicable Initial Consolidated Document Requests to Debtors in Connection with Debtors' Plan of Reorganization (the "Initial Consolidated Document Requests") and Notice of Identification of Applicable Initial Interrogatories to Debtors in Connection with Debtors' Plan of Reorganization (the "Initial Consolidated Interrogatories" and together with the Initial Consolidated Document Requests, the "Relevant Requests"), which identified previously served Initial Consolidated Requests that are still applicable. Of the 77 Initial Consolidated Document Requests to the Debtors made through the TCEH Committee, BNYM identified 11 as still relevant.

On September 2, 2015, the Debtors served the (a) Debtors' Responses and Objections to Notice of Identification of Applicable Initial Consolidated Document Requests to Debtors in Connection with Debtors' Plan of Reorganization and (b) Debtors' Responses and Objections to the Notice of

Judge Christopher S. Sontchi
September 15, 2015
Page 3

ReedSmith

Identification of Applicable Initial Interrogatories to Debtors in Connection with Debtors' Plan of Reorganization (together, the "Debtors' Initial Discovery Responses").[2]

### A. Initial Consolidated Document Requests

After good faith attempts to resolve disputes with counsel for the Debtors, BNYM eliminated 3 of the 11 Initial Consolidated Document Requests. Specifically, BNYM agreed to withdraw Initial Consolidated Document Request Nos. 8, 47, and 49. BNYM further agrees to eliminate Initial Consolidated Document Requests Nos. 3 and 25 as BNYM's current Document Requests are more narrowly-tailored to request similar information. Accordingly, that leaves 6 Initial Consolidated Document Requests, only 1 of which is in dispute. The disputed Initial Consolidated Document Request No. 9 provides as follows:

- <u>Initial Consolidated Document Request No. 9</u>: All Documents concerning any assessment, evaluation, consideration, or analysis of priority among, and/or treatment, including without limitation, disparate treatment of, unsecured creditors of the TCEH Debtors.

### B. Initial Consolidated Interrogatories

The Debtors agree to identify witnesses in response to Initial Consolidated Interrogatory No. 1. The Debtors, however, refuse to identify witnesses in response to Initial Consolidated Interrogatory Nos. 2, 3, 6, and 7, asserting, among other things, that these interrogatories do not relate to the PCRB Distribution Discount. Although Initial Consolidated Interrogatory Nos. 2, 3, 6 and 7 are relevant, BNYM waives those interrogatories as its current interrogatories discussed below are more narrowly-tailored than the Initial Consolidated Interrogatories.

### III. Supplemental Discovery Requests

Paragraph 7(b) of the Amended Scheduling Order provides:

> Friday, August 28, 2015, shall be the date by which BONY may serve limited supplemental discovery requests strictly confined to the following issue: differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan.

Amended Confirmation Scheduling Order at ¶ 7(b).

---

[2] The Debtors assert, among other things, that BNYM may only identify Initial Consolidated Requests that are relevant to the change in the treatment of the PCRB Claims (*i.e.*, the PCRB Distribution Discount) under the Third Amended Plan. Contrary to the Debtors' assertions, Paragraph 7(b) of the Amended Confirmation Scheduling Order does not limit BNYM's right to identify Initial Consolidated Requests that are still relevant to the Confirmation Proceedings. BNYM has the same rights under Paragraph 7(a) of the Amended Scheduling Order as any other Participating Party. In any event, the Initial Consolidated Requests are relevant to the treatment of the PCRB Claims under the Third Amended Plan.

Judge Christopher S. Sontchi
September 15, 2015
Page 4

ReedSmith

On August 28, 2015, in accordance with paragraph 7(b) of the Amended Scheduling Order, BNYM served the Request to the Debtors for the Production of Documents Propounded by The Bank of New York Mellon, as Indenture Trustee, and The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee (the "Document Requests") and Interrogatories Propounded by The Bank of New York Mellon, as Indenture Trustee, and The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee, to the Debtors (the "Interrogatories" and collectively with the Document Requests, the "BNYM Requests"). Collectively the Relevant Requests and the BNYM Requests shall be referred to as the "Requests").

On September 2, 2015, the Debtors served the (a) Debtors' Responses and Objections to the Request to the Debtors for the Production of Documents Propounded by The Bank of New York Mellon, as Indenture Trustee, and The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee and (b) Debtors' Responses and Objections to the Interrogatories Propounded by The Bank of New York Mellon, as Indenture Trustee, and The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee, to the Debtors (together, "Responses to BNYM Requests").

### A.    BNYM Document Requests

The Debtors agree to produce documents in response to Document Requests Nos. 1, 2, and 9. However, the Debtors refuse to produce documents in response to Document Requests Nos. 3, 4, 5, 6, 7, and 8, asserting, among other things, that these requests do not relate to the PCRB Distribution Discount. The Debtors' assertions are incorrect.

- Document Request No. 3: Emails and correspondence sent or received on or after April 1, 2015, between any of the Debtors, on one hand, and any of the PSA Parties, on the other hand, regarding the settlement or potential settlement of the TCEH First Lien Deficiency Claims.

- Document Request No. 4: The "presentations" that were exchanged by the Disinterested Directors as provided in paragraph 43 of the PSA Motion.

- Document Request No. 5: The calculation of the Allowed (i.e., the net) amount of the TCEH Settlement Claim.

- Document Request No. 6: All Documents analyzing or describing which of the TCEH Debtors owns each of the TCEH First Lien Investigation Claims.

- Document Request No. 7: All Documents analyzing or describing the value of each of the TCEH First Lien Investigation Claims.

- Document Request No. 8: Un-redacted copies of the Standing Motions.

### B.    BNYM Interrogatories

Judge Christopher S. Sontchi
September 15, 2015
Page 5

ReedSmith

The Debtors agree to identify witnesses in response to Interrogatory Nos. 1, 3, 6, and 7. BNYM agrees to withdraw Interrogatory No. 4. The Debtors, however, refuse to identify witnesses in response to Interrogatory Nos. 2 and 5, which provide as follows:

- Interrogatory No. 2: Identify all witnesses with knowledge of the facts underlying the calculation of the Allowed (i.e., the net) amount of the TCEH Settlement Claim.

- Interrogatory No. 5: Identify all witnesses with knowledge regarding the particular TCEH Debtor(s) that hold each of the TCEH First Lien Investigation Claims.

### IV. The Requests Are Relevant to the Treatment of the PCRB Claims under the Third Amended Plan

Each of the disputed Requests is relevant to the PCRB Distribution Discount under the Plan.

- Document Request No. 3: Emails and correspondence sent or received on or after April 1, 2015, between any of the Debtors, on one hand, and any of the PSA Parties, on the other hand, regarding the settlement or potential settlement of the TCEH First Lien Deficiency Claims.

We understand that the TCEH Unsecured Ad Hoc Group insisted on the PCRB Distribution Discount and that the percentage discount increased over time. Thus, the requested documents requested should indicate the basis for the PCRB Distribution Discount and the particular discount agreed upon in the Plan (i.e., why is a 54.8% discount rather than a 5% appropriate?).

- Document Request No. 4: The "presentations" that were exchanged by the Disinterested Directors as provided in paragraph 43 of the PSA Motion.

- Document Request No. 6: All Documents analyzing or describing which of the TCEH Debtors owns each of the TCEH First Lien Investigation Claims.

- Document Request No. 7: All Documents analyzing or describing the value of each of the TCEH First Lien Investigation Claims.

- Document Request No. 8: Un-redacted copies of the Standing Motions.

- Initial Consolidated Document Request No. 9: All Documents concerning any assessment, evaluation, consideration, or analysis of priority among, and/or treatment, including without limitation, disparate treatment of, unsecured creditors of the TCEH Debtors.

These documents are relevant because they should indicate which TCEH Debtor owned which claims, any defenses thereto, and the potential merit or value of the claims held by each TCEH Debtor. The

respective value of claims held by each TCEH Debtor is relevant to the appropriate PCRB Distribution Discount.

- Document Request No. 5: The calculation of the Allowed (i.e., the net) amount of the TCEH Settlement Claim.

In partial consideration for the limited "waiver" of the TCEH First Lien Deficiency Claims, the Third Amended Plan provides that the TCEH Settlement Claim is deemed to be part of the collateral securing the TCEH First Lien Claims. The TCEH Settlement Claim includes claims owned by TCEH. Therefore, BNYM believes that the PCRB Claims cannot be excluded from sharing in the "waiver" of the TCEH First Lien Deficiency Claims because part of the consideration for such waiver is a lien on claims held by TCEH (as opposed to other TCEH Debtors). We also note that producing a calculation should not impose much of a burden.

As indicated above, the Debtors also refuse to identify witnesses in response to Interrogaotry Nos. 2 and 5, asserting, among other things, that these interrogatories do not relate to the PCRB Distribution Discount. The Debtors are incorrect.

- Interrogatory No. 2: Identify all witnesses with knowledge of the facts underlying the calculation of the Allowed (i.e., the net) amount of the TCEH Settlement Claim.

- Interrogatory No. 5: Identify all witnesses with knowledge regarding the particular TCEH Debtor(s) that hold each of the TCEH First Lien Investigation Claims.

As indicated above, the claims that comprise the TCEH Settlement Claim, which TCEH Debtor owns such claims, and the value of such claims is relevant to determining which TCEH Debtors' estates' claims are being released in exchange for the "waiver" of the TCEH First Lien Deficiency Claims. Thus, the calculation of the TCEH Settlement Claim is relevant to the alleged bases for the PCRB Distribution Discount under the Third Amended Plan.

Similarly, as indicated above with respect to the Document Requests, which TCEH Debtor holds which of the TCEH First Lien Investigation Claims is relevant to whether the PCRB Claims are entitled to share in the "waiver" of the TCEH First Lien Deficiency Claims and the extent of any appropriate PCRB Distribution Discount.

Judge Christopher S. Sontchi
September 15, 2015
Page 7

**ReedSmith**

## V.     Conclusion

BNYM respectfully requests that the Court direct the Debtors to produce documents and identify witnesses as set forth herein.

Respectfully submitted,

*[signature]*

Kurt F. Gwynne

cc:     All Participating Parties (via E-Email)
        All counsel of record (via ECF)