# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' RESPONSES AND OBJECTIONS TO NOTICE OF IDENTIFICATION OF
APPLICABLE INITIAL CONSOLIDATED DOCUMENT REQUESTS TO DEBTORS IN
CONNECTION WITH DEBTORS' PLAN OF REORGANIZATION**

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014, as incorporated thereby, Rules 26 and 34 of the Federal Rules of Civil Procedure, and the *Amended Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization, and (C) Revising Certain Dates in the Disclosure Statement Scheduling Order*, dated August 27, 2015 [D.I. 5771] ("Amended Scheduling Order"), and in connection with the hearing to approve the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, dated August 10, 2015 [D.I. 5244], the above captioned debtors and debtors in possession in these chapter 11 cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby respond and object to the Notice of Identification of Applicable Initial Consolidated Document Requests to Debtors in Connection with Debtors' Plan of Reorganization, as propounded by the Bank of New York Mellon, as Indenture Trustee, and

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

the Bank of New York Mellon Trust Company, N.A., as Indenture Trustee (together, "BONY"), dated August 31, 2015 (the "Requests").

BONY's Requests in large part contravene the Amended Scheduling Order, which permitted BONY to "serve limited discovery requests strictly confined to the following issue: differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan." (Amended Scheduling Order ¶ 7.b.)  Despite being improperly propounded by BONY here, many of these Requests are duplicative of or substantially overlap with requests properly served by other Participating Parties,[2] and subject to the Debtors' responses and objections to those requests, non-privileged documents responsive to certain of these Requests have been or will be produced.  To the extent that the Debtors produce documents in response to these Requests, the Debtors do not waive any objections or rights.

## Specific Responses and Objections

The Debtors incorporate by reference its General Objections set forth below to the extent applicable herein.    Nothing in these responses and objections shall be construed as an acceptance, endorsement, or adoption by the Debtors of any instruction or definition of any term contained in the Requests.

## Initial Consolidated Document Request No. 3

All Documents concerning the proposed settlement of the Material Potential Claims Subject to Plan Settlement as set forth in Section V.H.3 of the Disclosure Statement.

---

[2] Capitalized terms not defined herein bear the definitions provided by the Amended Scheduling Order.

## Response to Request No. 3

The Debtors object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling Order. The Debtors further object to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

## Initial Consolidated Document Request No. 8

All Documents concerning any meeting minutes, presentations, consents, resolutions, agendas, Board Materials, or Communications of any Board and/or any committees of any Board.

## Response to Request No. 8

Per the September 1, 2015 email of Kimberly E. C. Lawson of Reed Smith LLP, counsel to BONY, this Request has been withdrawn.

## Initial Consolidated Document Request No. 9

All Documents concerning any assessment, evaluation, consideration, or analysis of priority among, and/or treatment, including without limitation, disparate treatment of, unsecured creditors of the TCEH Debtors.

## Response to Request No. 9

The Debtors object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling Order. The Debtors further object to this Request to the extent that it seeks disclosure of

information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

### Initial Consolidated Document Request No. 25

All Documents concerning any assessment, evaluation, consideration, or analysis of whether any prepetition lien attaches to any potential claims or causes of action, or proceeds therefrom, by the TCEH Debtors against any other Debtor, any Non-Debtor Affiliate, and/or the Sponsors.

### Response to Request No. 25

The Debtors object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling Order. The Debtors further object to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

### Initial Consolidated Document Request No. 47

All Documents reflecting any analysis concerning the valuation of the TCEH Unencumbered Assets as set forth in Section II.C.1.g of the Disclosure Statement including, but not limited to all calculations, valuations, and assumptions contained therein.

### Response to Request No. 47

Per the September 1, 2015 email of Kimberly E. C. Lawson of Reed Smith LLP, counsel to BONY, this Request has been withdrawn.

### Initial Consolidated Document Request No. 49

All Documents reflecting any analysis concerning the value of the collateral held by or on behalf of the First Lien Lenders including, but not limited to all calculations, valuations, and assumptions contained therein.

**Response to Request No. 49**

Per the September 1, 2015 email of Kimberly E. C. Lawson of Reed Smith LLP, counsel to BONY, this Request has been withdrawn.

*****

**General Objections**

The following General Objections and Conditions apply to each of the foregoing Requests. Each General Objection and Condition is hereby incorporated into each individually numbered response as if fully set forth therein.

1.      The Debtors object to the Requests to the extent that they seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan, in contravention of paragraph 7(b) of the Amended Scheduling Order.

2.      The Debtors object to the Requests to the extent that they seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to confirmation of the Debtors' Plan of Reorganization.

3.      The Debtors object to the Requests to the extent that they are vague, ambiguous, and unclear, including the use of terms that are not defined and/or not otherwise susceptible to any single meaning.

4.      The Debtors object to the Requests to the extent that they are duplicative of other requests made in connection with these proceedings, and to the extent that Debtors have already agreed to conduct a reasonable search for and produced non-privileged documents, if any, responsive to these Requests. The Debtors object to the Requests to the extent that they seek the same documents from the same time period already produced by a Participating Party in

5

response to other requests in these chapter 11 cases, in direct contravention of Paragraph 16 of the Amended Scheduling Order.

5.    The Debtors object to the Requests to the extent that they are overly broad or unduly burdensome, including, without limitation, Requests seeking "All documents" where a subset of such Documents would suffice.

6.    The Debtors object to the Requests to the extent that they fail to comply with the requirement of Federal Rule of Civil Procedure 34(b)(1)(A) (as incorporated by Federal Rule of Bankruptcy Procedure 7034) to "describe with reasonable particularity each item or category of items to be inspected."

7.    The Debtors object to the Requests to the extent that they are not limited in time or scope or designate a time or scope that, in light of the relevant circumstances, is overbroad or is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to confirmation of the Debtors' Plan of Reorganization.   To the extent the Debtors produce documents in response to a request that designates a time or scope, the Debtors' response should not be construed as an admission or adoption of the designated time or scope and the Debtors reserve the right to impose reasonable limitations on any search for responsive documents. The Debtors will not produce documents dated later than August 10, 2015.

8.    The Debtors object to the Requests to the extent that they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, common-interest privilege, or any other applicable privilege or protection, or that would result in disclosure of the Debtors' counsel's mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories concerning this or any other litigation.   Any

inadvertent production or disclosure of privileged information shall not be deemed to constitute a waiver of any privilege.

9.      The Debtors object to the Requests to the extent that they seek documents or information from the Debtors that contain sensitive, confidential, competitive, developmental or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.   To the extent any such information is disclosed in response to the Requests, such disclosure shall be subject to and made pursuant to the Confidentiality Agreement and Stipulated Protective Order agreed upon by the parties and entered by the Court in reference to these Chapter 11 cases on August 13, 2014 [D.I. 1833].

10.      The Debtors object to the Requests to the extent that they seek material that may not be divulged by law or contract, including confidential information of third parties.

11.      The Debtors object to the Requests to the extent that they purport to impose obligations on the Debtors greater than those required by the Federal Rules of Bankruptcy Procedure, including but not limited to Federal Rules of Civil Procedure 26 and 34 as incorporated thereby.  The Debtors will comply with the obligations required by these Rules.

12.      The Debtors object to the Requests to the extent that they seek to impose upon the Debtors an obligation to provide documents not in their possession, custody and/or control, or to create documents that are not currently in their possession.

13.      The Debtors object to the Requests to the extent that they purport to require the Debtors to respond on behalf of any person or entity other than the Debtors.   The Debtors respond to these Requests only on behalf of themselves as debtors and debtors-in-possession to these chapter 11 cases.

14.    The Debtors object to the Requests to the extent that they require the Debtors to search for and produce electronically stored documents (including email) from sources that are not reasonably accessible because of undue burden or cost, as set forth in Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure and incorporated by Rule 7026 of the Federal Rules of Bankruptcy Procedure.

15.    The Debtors object to the Requests to the extent that they seek disclosure from which the Debtors are entitled to seek protection due to annoyance, embarrassment, oppression, or undue burden or expense.  The Debtors reserve the right to seek such protections pursuant to Federal Rule of Civil Procedure 26(c)(1).

16.    The Debtors object to all Instructions, Definitions, and Requests to the extent that they contain erroneous factual allegations or conclusions.  By responding to these Requests, the Debtors do not admit the truth of any such allegations or conclusions.

17.    The Debtors respond to each Request based on their present knowledge.  The Debtors reserve the right to make any use of and/or introduce in any hearing or at trial, documents or information not known to exist at the time of production, including, but not limited to, documents obtained in the course of discovery in these chapter 11 cases.

18.    The Debtors object to the Instructions and Definitions to the the extent that they render the Requests overbroad and unduly burdensome and would require the Debtors to conduct an unreasonably broad search to find responsive documents.

19.    The Debtors object to the Instructions to the extent that they place unduly burdensome and costly electronic file formatting requirements on the Debtors' production efforts.  All documents and ESI produced by the Debtors will be produced in accordance with the Paragraph 10 of and Exhibit 1 to the Amended Scheduling Order.

8

20.    The Debtors object to the Requests to the extent that they purport to require the production of documents that are publicly available or equally available to the requesting party.

To the extent the Debtors assert a specific objection to a particular Request, the Debtors do not thereby waive these General Objections.  To the extent that the Debtors object to a particular Request but proceed to respond to said Request in whole or in part, the Debtors do not thereby waive any objection to that Request.

At the appropriate time, the Debtors may supplement these general and specific objections and the Debtors expressly reserve their right to do so.

Notwithstanding and without waiving the foregoing objections, the Debtors are willing to meet and confer with the The Bank of New York Mellon, in its capacity as the PCRB Trustee, and The Bank of New York Mellon Trust Company, N.A., in its capacity as the EFCH 2037 Notes Trustee.

Washington, D.C.
Dated:  September 2, 2015

By: /s/ Brenton A. Rogers
**Richards, Layton & Finger, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Andrew McGaan (admitted *pro hac vice*)
Brenton A. Rogers (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

-and-

Bryan M. Stephany (admitted *pro hac vice*)
655 15th St NW
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

-and-

Mark E. McKane (admitted *pro hac vice*)
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Co-Counsel to the Debtors and Debtors in Possession

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

**DEBTORS' RESPONSES AND OBJECTIONS TO THE NOTICE OF IDENTIFICATION OF APPLICABLE INITIAL INTERROGATORIES TO DEBTORS IN CONNECTION WITH DEBTORS' PLAN OF REORGANIZATION**

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7033, and 9014, as incorporated thereby, Rules 26 and 33 of the Federal Rules of Civil Procedure, and the *Amended Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization, and (C) Revising Certain Dates in the Disclosure Statement Scheduling Order*, dated August 27, 2015 [D.I. 5771] ("Amended Scheduling Order"), and in connection with the hearing to approve the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, dated August 10, 2015 [D.I. 5244], the above captioned debtors and debtors in possession in these chapter 11 cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby respond and object to the Identification of Applicable Initial Interrogatories to Debtors in Connection with Debtors' Plan of Reorganization, as propounded by the Bank of New York Mellon, as Indenture Trustee, and the Bank of New York

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Mellon Trust Company, N.A., as Indenture Trustee (together, "BONY"), to the Debtors, dated August 31, 2015 (the "Interrogatories").

The Debtors note that BONY's Interrogatories in large part contravene the Amended Scheduling Order, which permitted BONY to "serve limited discovery requests strictly confined to the following: differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan." (Amended Scheduling Order ¶ 7.b.)  To the extent that the Debtors respond to these Interrogatories, the Debtors do not waive any objections or rights.

### Specific Responses and Objections

The Debtors incorporate by reference its General Objections set forth below to the extent applicable herein.    Nothing in these responses and objections shall be construed as an acceptance, endorsement, or adoption by the Debtors of any instruction or definition of any term contained in the Interrogatories.

### Initial Consolidated Interrogatory No. 1

Please identify any witness whom the Debtors intend to call at the Confirmation Hearing as defined in the Plan Confirmation Scheduling Order.

### Response to Interrogatory No. 1

Subject to and without waiving the Debtors' specific and general objections, the Debtors refer BONY to the Debtors' witness disclosures relating to the Confirmation Proceedings, served on August 28, 2015 in accordance with paragraph 7(a) of the Amended Scheduling Order.  These disclosures will be supplemented as necessary at an appropriate time, and the Debtors object to this Interrogatory as premature to the extent it calls for anything more.  The Debtors object to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to

the discovery of admissible evidence, in that it seeks information not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling Order, as well as information not relevant to BONY's objection to the PSA.  The Debtors further object to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

**Initial Consolidated Interrogatory No. 2**

Please identify all witnesses with material knowledge of the facts underlying each of the Material Potential Claims Subject to Plan Settlement as set forth in Section V.H.3 of the Disclosure Statement.

**Response to Interrogatory No. 2**

The Debtors object to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling Order.  The Debtors further object to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

**Initial Consolidated Interrogatory No. 3**

Please identify all witnesses with material knowledge of the proposed settlement of the Material Potential Claims Subject to Plan Settlement as set forth in Section V.H.3 of the Disclosure Statement.

**Response to Interrogatory No. 3**

The Debtors object to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information

3

not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling Order. The Debtors further object to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

### Initial Consolidated Interrogatory No. 6

Please identify all witnesses with material knowledge of the negotiation of the Plan.

### Response to Interrogatory No. 6

The Debtors object to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling Order. The Debtors further object to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

### Initial Consolidated Interrogatory No. 7

Please identify all witnesses with material knowledge of any settlement or proposed settlement of potential Claims involving the Sponsors.

### Response to Interrogatory No. 7

The Debtors object to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling

4

Order.  The Debtors further object to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

*****

## General Objections

The following General Objections and Conditions apply to each of the foregoing Interrogatories.  Each General Objection and Condition is hereby incorporated into each individually numbered response as if fully set forth therein.

1.    The Debtors object to the Interrogatories to the extent that they seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan, in contravention of paragraph 7(b) of the Amended Scheduling Order.

2.    The Debtors object to the Interrogatories to the extent that they seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to confirmation of the Debtors' Plan of Reorganization.

3.    The Debtors object to the Interrogatories to the extent that they are vague, ambiguous, and unclear, including the use of terms that are not defined and/or not otherwise susceptible to any single meaning.

4.    The Debtors object to the Interrogatories to the extent that they are duplicative of other requests made in connection with these proceedings, and to the extent that Debtors have already provided information responsive to these Interrogatories.

5.     The Debtors object to the Interrogatories to the extent that they are overly broad or unduly burdensome, including, without limitation, Interrogatories seeking identification of "all witnesses."

6.     The Debtors object to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, common-interest privilege, or any other applicable privilege or protection, or that would result in disclosure of the Debtors' counsel's mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories concerning this or any other litigation.    Any inadvertent disclosure of privileged information shall not be deemed to constitute a waiver of any privilege.

7.     The Debtors object to the Interrogatories to the extent that they seek responses that contain sensitive, confidential, competitive, developmental or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.    To the extent any such information is disclosed in response to the Interrogatories, such disclosure shall be subject to and made pursuant to the Confidentiality Agreement and Stipulated Protective Order agreed upon by the parties and entered by the Court in reference to these Chapter 11 cases on August 13, 2014 [D.I. 1833].

8.     The Debtors object to the Interrogatories to the extent that they seek material that may not be divulged by law or contract, including confidential information of third parties.

9.     The Debtors object to the Interrogatories to the extent that they purport to impose obligations on the Debtors greater than those required by the Federal Rules of Bankruptcy Procedure, including but not limited to Federal Rules of Civil Procedure 26 and 33 as incorporated thereby.    The Debtors will comply with the obligations required by these Rules.

6

10.    The Debtors object to the Interrogatories to the extent that they purport to require the Debtors to respond on behalf of any person or entity other than the Debtors. The Debtors respond to these Interrogatories only on behalf of themselves as debtors and debtors-in-possession to these chapter 11 cases.

11.    The Debtors object to the Interrogatories to the extent that they seek disclosure from which the Debtors are entitled to seek protection due to annoyance, embarrassment, oppression, or undue burden or expense. The Debtors reserve the right to seek such protections pursuant to Federal Rule of Civil Procedure 26(c)(1).

12.    The Debtors object to all Definitions and Interrogatories to the extent that they contain erroneous factual allegations or conclusions. By responding to these Interrogatories, the Debtors do not admit the truth of any such allegations or conclusions.

13.    The Debtors respond to each Interrogatory based on their present knowledge. The Debtors reserve the right to make any use of and/or introduce in any hearing or at trial, documents or information not known to exist at the time of production, including, but not limited to, documents obtained in the course of discovery in these chapter 11 cases.

14.    The Debtors object to the Definitions to the the extent that they render the Interrogatories overbroad and unduly burdensome.

15.    The Debtors object to the Interrogatories to the extent that they purport to require responses that are publicly available or equally available to the requesting party.

To the extent the Debtors assert a specific objection to a particular Interrogatory, the Debtors do not thereby waive these General Objections. To the extent that the Debtors object to a particular Interrogatory but proceed to respond to said Interrogatory in whole or in part, the Debtors do not thereby waive any objection to that Interrogatory.

*****

At the appropriate time, the Debtors may supplement these general and specific objections and the Debtors expressly reserve their right to do so.

Notwithstanding and without waiving the foregoing objections, the Debtors are willing to meet and confer with The Bank of New York Mellon, in its capacity as the PCRB Trustee, and The Bank of New York Mellon Trust Company, N.A., in its capacity as the EFCH 2037 Notes Trustee.

Washington, D.C.
Dated:  September 2, 2015

By: */s/ Brenton A. Rogers*
**Richards, Layton & Finger, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York,  NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Andrew McGaan (admitted *pro hac vice*)
Brenton A. Rogers (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, IL 60654

8

Telephone: (312) 862-2000
Facsimile: (312) 862-2200

-and-

Bryan M. Stephany (admitted *pro hac vice*)
655 15th St NW
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

-and-

Mark E. McKane (admitted *pro hac vice*)
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Co-Counsel to the Debtors and Debtors in Possession

9

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## DEBTORS' RESPONSES AND OBJECTIONS TO THE INTERROGATORIES PROPOUNDED BY THE BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE, AND THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS INDENTURE TRUSTEE, TO THE DEBTORS

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7033, and 9014, as incorporated thereby, Rules 26 and 33 of the Federal Rules of Civil Procedure, and the *Amended Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization, and (C) Revising Certain Dates in the Disclosure Statement Scheduling Order*, dated August 27, 2015 [D.I. 5771] ("Amended Scheduling Order"), and in connection with the hearing to approve the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, dated August 10, 2015 [D.I. 5244], the above captioned debtors and debtors in possession in these chapter 11 cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby respond and object to the Interrogatories Propounded by the Bank of New York Mellon, as Indenture Trustee, and the Bank of New York Mellon Trust

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Company, N.A., as Indenture Trustee (together, "BONY"), to the Debtors, dated August 31, 2015 (the "Interrogatories").

BONY's Interrogatories in large part contravene the Amended Scheduling Order, which permitted BONY to "serve limited discovery requests strictly confined to the following issue: differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan." (Amended Scheduling Order ¶ 7.b.)  To the extent that the Debtors respond to these Interrogatories, the Debtors do not waive any objections or rights.

### Specific Responses And Objections

The Debtors incorporate by reference its General Objections set forth below to the extent applicable herein.    Nothing in these responses and objections shall be construed as an acceptance, endorsement, or adoption by the Debtors of any instruction or definition of any term contained in the Interrogatories.

### Interrogatory No. 1

Identify all witnesses for whom the Debtors intend to admit testimony (whether by affidavit, declaration or in person) at any hearing(s) on the PSA Motion, Settlement Agreement Motion, and Third Amended Plan, and describe the substance of their expected testimony.

### Response to Interrogatory No. 1

The Debtors respond to this Interrogatory as narrowed by the September 1, 2015 email of Kimberly E. C. Lawson of Reed Smith, LLP, counsel to BONY.  Subject to and without waiving the Debtors' specific and general objections, the Debtors refer BONY to the Debtors' witness disclosures relating to the Confirmation Proceedings, served on August 28, 2015 in accordance with paragraph 7(a) of the Amended Scheduling Order, and the Debtors' witness disclosures relating to the PSA hearing, served on August 31 and September 1, 2015.  These disclosures will

be supplemented as necessary at an appropriate time, and the Debtors object to this Interrogatory as premature to the extent it calls for anything more.  The Debtors object to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling Order, as well as information not relevant to BONY's objection to the PSA.  The Debtors further object to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

## Interrogatory No. 2

Identify all witnesses with knowledge of the facts underlying the calculation of the Allowed (*i.e.*, the net) amount of the TCEH Settlement Claim.

## Response to Interrogatory No. 2

The Debtors respond to this Interrogatory as narrowed by the September 1, 2015 email of Kimberly E. C. Lawson of Reed Smith, LLP, counsel to BONY.  The Debtors object to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling Order.  The Debtors further object to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

### Interrogatory No. 3

Identify all witnesses with knowledge of the facts providing the alleged basis for the treatment of the PCRBs, as compared to other funded debt and trade debt, in the Settlement Agreement or any chapter 11 plan.

### Response to Interrogatory No. 3

Subject to and without waiving the Debtors' specific and general objections, the Debtors refer BONY to the Debtors' witness disclosures relating to the Confirmation Proceedings, served on August 28, 2015 in accordance with paragraph 7(a) of the Amended Scheduling Order. These disclosures will be supplemented as necessary at an appropriate time, and the Debtors object to this Interrogatory as premature to the extent it calls for anything more. The Debtors object to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Debtors further object to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

### Interrogatory No. 4

Identify all witnesses with knowledge of the facts underlying the claims against the holders of the TCEH First Lien Deficiency Claims that are being settled in the Settlement Agreement and the Third Amended Plan.

### Response to Interrogatory No. 4

Per the September 1, 2015 email of Kimberly E. C. Lawson of Reed Smith LLP, counsel to BONY, this Interrogatory has been withdrawn.

### Interrogatory No. 5

Identify all witnesses with knowledge regarding the particular TCEH Debtor(s) that hold each of the TCEH First Lien Investigation Claims.

### Response to Interrogatory No. 5

The Debtors object to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling Order. The Debtors further object to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

### Interrogatory No. 6

Identify all witnesses with knowledge of the facts underlying the justification or basis for not permitting the PCRB Claims to share in the "waiver" of the TCEH First Lien Deficiency Claims.

### Response to Interrogatory No. 6

The Debtors object to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Debtors further object to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure. Subject to and without waiving the Debtors' specific and general objections, the Debtors refer BONY to the Debtors' witness disclosures served on August 28, 2015 in accordance with paragraph 7(a) of the Amended Scheduling Order, which will be supplemented as necessary at an appropriate time before any confirmation hearing.

### Interrogatory No. 7

Identify all witnesses with knowledge of the factual basis for extinguishing the EFCH 2037 Note Claims without any distribution.

5

## Response to Interrogatory No. 7

The Debtors object to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Debtors further object to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure. Subject to and without waiving the Debtors' specific and general objections, the Debtors refer BONY to the Debtors' witness disclosures served on August 28, 2015 in accordance with paragraph 7(a) of the Amended Scheduling Order, which will be supplemented as necessary at an appropriate time before any confirmation hearing.

*****

## General Objections

The following General Objections and Conditions apply to each of the foregoing Interrogatories. Each General Objection and Condition is hereby incorporated into each individually numbered response as if fully set forth therein.

1.    The Debtors object to the Interrogatories to the extent that they seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan, in contravention of paragraph 7(b) of the Plan Protocol.

2.    The Debtors object to the Interrogatories to the extent that they seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to confirmation of the Debtors' Plan of Reorganization.

6

3.     The Debtors object to the Interrogatories to the extent that they are vague, ambiguous, and unclear, including the use of terms that are not defined and/or not otherwise susceptible to any single meaning.

4.     The Debtors object to the Interrogatories to the extent that they are duplicative of other requests made in connection with these proceedings, and to the extent that Debtors have already provided information responsive to these Interrogatories.

5.     The Debtors object to the Interrogatories to the extent that they are overly broad or unduly burdensome, including, without limitation, Interrogatories seeking identification of "all witnesses."

6.     The Debtors object to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, common-interest privilege, or any other applicable privilege or protection, or that would result in disclosure of the Debtors' counsel's mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories concerning this or any other litigation.   Any inadvertent disclosure of privileged information shall not be deemed to constitute a waiver of any privilege.

7.     The Debtors object to the Interrogatories to the extent that they seek responses that contain sensitive, confidential, competitive, developmental or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.   To the extent any such information is disclosed in response to the Interrogatories, such disclosure shall be subject to and made pursuant to the Confidentiality Agreement and Stipulated Protective Order agreed upon by the parties and entered by the Court in reference to these Chapter 11 cases on August 13, 2014 [D.I. 1833].

8.      The Debtors object to the Interrogatories to the extent that they seek material that may not be divulged by law or contract, including confidential information of third parties.

9.      The Debtors object to the Interrogatories to the extent that they purport to impose obligations on the Debtors greater than those required by the Federal Rules of Bankruptcy Procedure, including but not limited to Federal Rules of Civil Procedure 26 and 33 as incorporated thereby. The Debtors will comply with the obligations required by these Rules.

10.     The Debtors object to the Interrogatories to the extent that they purport to require the Debtors to respond on behalf of any person or entity other than the Debtors. The Debtors respond to these Interrogatories only on behalf of themselves as debtors and debtors-in-possession to these chapter 11 cases.

11.     The Debtors object to the Interrogatories to the extent that they seek disclosure from which the Debtors are entitled to seek protection due to annoyance, embarrassment, oppression, or undue burden or expense. The Debtors reserve the right to seek such protections pursuant to Federal Rule of Civil Procedure 26(c)(1).

12.     The Debtors object to all Definitions and Interrogatories to the extent that they contain erroneous factual allegations or conclusions. By responding to these Interrogatories, the Debtors do not admit the truth of any such allegations or conclusions.

13.     The Debtors respond to each Interrogatory based on their present knowledge. The Debtors reserve the right to make any use of and/or introduce in any hearing or at trial, documents or information not known to exist at the time of production, including, but not limited to, documents obtained in the course of discovery in these chapter 11 cases.

14.     The Debtors object to the Definitions to the the extent that they render the Interrogatories overbroad and unduly burdensome.

15.    The Debtors object to the Interrogatories to the extent that they purport to require responses that are publicly available or equally available to the requesting party.

To the extent the Debtors assert a specific objection to a particular Interrogatory, the Debtors do not thereby waive these General Objections.  To the extent that the Debtors object to a particular Interrogatory but proceed to respond to said Interrogatory in whole or in part, the Debtors do not thereby waive any objection to that Interrogatory.

*****

At the appropriate time, the Debtors may supplement these general and specific objections and the Debtors expressly reserve their right to do so.

Notwithstanding and without waiving the foregoing objections, the Debtors are willing to meet and confer with The Bank of New York Mellon, in its capacity as the PCRB Trustee, and The Bank of New York Mellon Trust Company, N.A., in its capacity as the EFCH 2037 Notes Trustee.

Washington, D.C.
Dated:  September 2, 2015

By: */s/ Brenton A. Rogers*
**Richards, Layton & Finger, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, NY 10022

9

Telephone: (212) 446-4800
Facsimile: (212) 446-4900

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Andrew McGaan (admitted *pro hac vice*)
Brenton A. Rogers (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

-and-

Bryan M. Stephany (admitted *pro hac vice*)
655 15th St NW
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

-and-

Mark E. McKane (admitted *pro hac vice*)
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Co-Counsel to the Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |

## DEBTORS' RESPONSES AND OBJECTIONS TO THE REQUEST TO THE DEBTORS FOR THE PRODUCTION OF DOCUMENTS PROPOUNDED BY THE BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE, AND THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS INDENTURE TRUSTEE

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014, as incorporated thereby, Rules 26 and 34 of the Federal Rules of Civil Procedure, and the *Amended Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization, and (C) Revising Certain Dates in the Disclosure Statement Scheduling Order*, dated August 27, 2015 [D.I. 5771] ("Amended Scheduling Order"), and in connection with the hearing to approve the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, dated August 10, 2015 [D.I. 5244], the above captioned debtors and debtors in possession in these chapter 11 cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby respond and object to the Request to the Debtors for the Production of Documents Propounded by the Bank of New York Mellon, as Indenture

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Trustee, and the Bank of New York Mellon Trust Company, N.A., as Indenture Trustee (together, "BONY"), dated August 31, 2015 (the "Requests").

BONY's Requests in large part contravene of the Amended Scheduling Order, which permitted BONY to "serve limited discovery requests strictly confined to the following issue: differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan." (Amended Scheduling Order ¶ 7.b.) Despite being improperly propounded by BONY here, many of these Requests are duplicative of or substantially overlap with requests properly served by other Participating Parties,[2] and subject to the Debtors' objections to those requests, non-privileged documents responsive to certain of these Requests have been or will be produced. To the extent that the Debtors produce documents in response to these Requests, the Debtors do not waive any objections or rights.

### Specific Responses and Objections

The Debtors incorporate by reference its General Objections set forth below to the extent applicable herein. Nothing in these responses and objections shall be construed as an acceptance, endorsement, or adoption by the Debtors of any instruction or definition of any term contained in the Requests.

### Document Request No. 1

All drafts of the Third Amended Plan that (a) any of the Debtors provided on or after June 1, 2015, to any of the PSA Parties and (b) reflect any of the Debtors' revisions (in track changes, redline or blackline) to any chapter 11 plan with respect to the treatment of the PCRBs.

---

[2]    Capitalized terms not defined herein bear the definitions provided by the Amended Scheduling Order.

### Response to Request No. 1

Subject to and without waiving the Debtors' specific and general objections, the Debtors will conduct a reasonable search and produce non-privileged documents, if any, responsive to this Request. The Debtors object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling Order. The Debtors further object to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

### Document Request No. 2

Emails and correspondence sent or received on or after April 1, 2015, between any of the Debtors, on one hand, and any of the PSA Parties, on the other hand, regarding the PCRBs or the treatment of the PCRBs in the Settlement Agreement or any chapter 11 plan.

### Response to Request No. 2

Subject to and without waiving the Debtors' specific and general objections, the Debtors will conduct a reasonable search and produce non-privileged documents, if any, responsive to this Request. The Debtors object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling Order. The Debtors further object to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

## Document Request No. 3

Emails and correspondence sent or received on or after April 1, 2015, between any of the Debtors, on one hand, and any of the PSA Parties, on the other hand, regarding the settlement or potential settlement of the TCEH First Lien Deficiency Claims.

## Response to Request No. 3

To the extent documents responsive to this Request pertaining to the purported change in

PCRB treatment under the Third Amended Plan exist, they will be produced in response to

Requests 1, 2, and 9. The Debtors object to this Request as overly broad, unduly burdensome

and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks

information not related to differences in BONY's treatment under the Plan as compared to

BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the

Amended Scheduling Order. The Debtors further object to this Request to the extent that it seeks

disclosure of information protected by the attorney-client privilege, work product doctrine, or

other protection from disclosure. The Debtors further object to this Request on the ground that

the phrase "potential settlement" is vague and ambiguous.

## Document Request No. 4

The "presentations" that were exchanged by the Disinterested Directors as provided in paragraph 43 of the PSA Motion.

## Response to Request No. 4

To the extent documents responsive to this Request pertaining to the purported change in

PCRB treatment under the Third Amended Plan exist, they will be produced in response to

Requests 1, 2, and 9. The Debtors object to this Request as overly broad, unduly burdensome

and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks

information not related to differences in BONY's treatment under the Plan as compared to

BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the

Amended Scheduling Order. The Debtors further object to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure, and/or materials not within the possession, custody, or control of the Debtors.

### Document Request No. 5

The calculation of the Allowed (*i.e.*, the net) amount of the TCEH Settlement Claim.

### Response to Request No. 5

To the extent documents responsive to this Request pertaining to the purported change in PCRB treatment under the Third Amended Plan exist, they will be produced in response to Requests 1, 2, and 9. The Debtors object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling Order. The Debtors further object to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

### Document Request No. 6

All documents analyzing or describing which of the TCEH Debtors owns each of the TCEH First Lien Investigation Claims.

### Response to Request No. 6

To the extent documents responsive to this Request pertaining to the purported change in PCRB treatment under the Third Amended Plan exist, they will be produced in response to Requests 1, 2, and 9. The Debtors object to this Request as overly broad, unduly burdensome

and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling Order. The Debtors further object to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

### Document Request No. 7

All documents analyzing or describing the value of each of the TCEH First Lien Investigation Claims.

### Response to Request No. 7

To the extent documents responsive to this Request pertaining to the purported change in PCRB treatment under the Third Amended Plan exist, they will be produced in response to Requests 1, 2, and 9. The Debtors object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling Order. The Debtors further object to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

### Document Request No. 8

Un-redacted copies of the Standing Motions.

**Response to Request No. 8**

To the extent documents responsive to this Request pertaining to the purported change in PCRB treatment under the Third Amended Plan exist, they will be produced in response to Requests 1, 2, and 9. The Debtors object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling Order. The Debtors further object to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

**Document Request No. 9**

All correspondence, emails, other communications, or analyses, describing the alleged justification or basis for not permitting the PCRB Claims to share in the "waiver" of the TCEH First Lien Deficiency Claims.

**Response to Request No. 9**

Subject to and without waiving the Debtors' specific and general objections, the Debtors will conduct a reasonable search and produce non-privileged documents, if any, responsive to this Request. The Debtors object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling Order. The Debtors further object to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or

other protection from disclosure, and/or materials not within the possession, custody, or control of the Debtors.

*****

## General Objections

The following General Objections and Conditions apply to each of the foregoing Requests. Each General Objection and Condition is hereby incorporated into each individually numbered response as if fully set forth therein.

1.    The Debtors object to the Requests to the extent that they seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan, in contravention of paragraph 7(b) of the Amended Scheduling Order.

2.    The Debtors object to the Requests to the extent that they seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to confirmation of the Debtors' Plan of Reorganization.

3.    The Debtors object to the Requests to the extent that they are vague, ambiguous, and unclear, including the use of terms that are not defined and/or not otherwise susceptible to any single meaning.

4.    The Debtors object to the Requests to the extent that they are duplicative of other requests made in connection with these proceedings, and to the extent that Debtors have already agreed to conduct a reasonable search for and produced non-privileged documents, if any, responsive to these Requests. The Debtors object to the Requests to the extent that they seek the same documents from the same time period already produced by a Participating Party in

response to other requests in these chapter 11 cases, in direct contravention of Paragraph 16 of the Amended Scheduling Order.

5.      The Debtors object to the Requests to the extent that they are overly broad or unduly burdensome, including, without limitation, Requests seeking "All documents" where a subset of such Documents would suffice.

6.      The Debtors object to the Requests to the extent that they fail to comply with the requirements of Federal Rule of Civil Procedure 34(b)(1)(A) (as incorporated by Federal Rule of Bankruptcy Procedure 7034) to "describe with reasonable particularity each item or category of items to be inspected."

7.      The Debtors object to the Requests to the extent that they are not limited in time or scope or designate a time or scope that, in light of the relevant circumstances, is overbroad or is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to confirmation of the Debtors' Plan of Reorganization.   To the extent the Debtors produce documents in response to a request that designates a time or scope, the Debtors' response should not be construed as an admission or adoption of the designated time or scope and the Debtors reserve the right to impose reasonable limitations on any search for responsive documents. The Debtors will not produce documents dated later than August 10, 2015.

8.      The Debtors object to the Requests to the extent that they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, common-interest privilege, or any other applicable privilege or protection, or that would result in disclosure of the Debtors' counsel's mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories concerning this or any other litigation.  Any

inadvertent production or disclosure of privileged information shall not be deemed to constitute a waiver of any privilege.

9.      The Debtors object to the Requests to the extent that they seek documents or information from the Debtors that contain sensitive, confidential, competitive, developmental or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations. To the extent any such information is disclosed in response to the Requests, such disclosure shall be subject to and made pursuant to the Confidentiality Agreement and Stipulated Protective Order agreed upon by the parties and entered by the Court in reference to these Chapter 11 cases on August 13, 2014 [D.I. 1833].

10.      The Debtors object to the Requests to the extent that they seek material that may not be divulged by law or contract, including confidential information of third parties.

11.      The Debtors object to the Requests to the extent that they purport to impose obligations on the Debtors greater than those required by the Federal Rules of Bankruptcy Procedure, including but not limited to Federal Rules of Civil Procedure 26 and 34 as incorporated thereby. The Debtors will comply with the obligations required by these Rules.

12.      The Debtors object to the Requests to the extent that they seek to impose upon the Debtors an obligation to provide documents not in their possession, custody and/or control, or to create documents that are not currently in their possession.

13.      The Debtors object to the Requests to the extent that they purport to require the Debtors to respond on behalf of any person or entity other than the Debtors. The Debtors respond to these Requests only on behalf of themselves as debtors and debtors-in-possession to these chapter 11 cases.

10

14.     The Debtors object to the Requests to the extent that they require the Debtors to search for and produce electronically stored documents (including email) from sources that are not reasonably accessible because of undue burden or cost, as set forth in Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure and incorporated by Rule 7026 of the Federal Rules of Bankruptcy Procedure.

15.     The Debtors object to the Requests to the extent that they seek disclosure from which the Debtors are entitled to seek protection due to annoyance, embarrassment, oppression, or undue burden or expense.  The Debtors reserve the right to seek such protections pursuant to Federal Rule of Civil Procedure 26(c)(1).

16.     The Debtors object to all Instructions, Definitions, and Requests to the extent that they contain erroneous factual allegations or conclusions.  By responding to these Requests, the Debtors do not admit the truth of any such allegations or conclusions.

17.     The Debtors respond to each Request based on their present knowledge.  The Debtors reserve the right to make any use of and/or introduce in any hearing or at trial, documents or information not known to exist at the time of production, including, but not limited to, documents obtained in the course of discovery in these chapter 11 cases.

18.     The Debtors object to the Instructions and Definitions to the the extent that they render the Requests overbroad and unduly burdensome and would require the Debtors to conduct an unreasonably broad search to find responsive documents.

19.     The Debtors object to the Instructions to the extent that they place unduly burdensome and costly electronic file formatting requirements on the Debtors' production efforts.  All documents and ESI produced by the Debtors will be produced in accordance with the Paragraph 10 of and Exhibit 1 to the Amended Scheduling Order.

20.    The Debtors object to the Requests to the extent that they purport to require the production of documents that are publicly available or equally available to the requesting party.

To the extent the Debtors assert a specific objection to a particular Request, the Debtors do not thereby waive these General Objections.  To the extent that the Debtors object to a particular Request but proceed to respond to said Request in whole or in part, the Debtors do not thereby waive any objection to that Request.

At the appropriate time, the Debtors may supplement these general and specific objections and the Debtors expressly reserve their right to do so.

Notwithstanding and without waiving the foregoing objections, the Debtors are willing to meet and confer with the The Bank of New York Mellon, in its capacity as the PCRB Trustee, and The Bank of New York Mellon Trust Company, N.A., in its capacity as the EFCH 2037 Notes Trustee.

Washington, D.C.
Dated:  September 2, 2015

By: */s/ Brenton A. Rogers*
**Richards, Layton & Finger, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

12

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Andrew McGaan (admitted *pro hac vice*)
Brenton A. Rogers (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

-and-

Bryan M. Stephany (admitted *pro hac vice*)
655 15th St NW
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

-and-

Mark E. McKane (admitted *pro hac vice*)
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Co-Counsel to the Debtors and Debtors in Possession