

**Kimberly E. C. Lawson**
Direct Phone: +1 302 778 7597
Email: klawson@reedsmith.com

**Kurt F. Gwynne**
Direct Phone: +1 302 778 7550
Email: kgwynne@reedsmith.com

Reed Smith LLP
1201 North Market Street
Suite 1500
Wilmington, DE 19801-1163
Tel +1 302 778 7500
Fax +1 302 778 7575
reedsmith.com

September 15, 2015

**Via ECF and Hand Delivery**

Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District
of Delaware
824 N. Market Street, 5th Floor
Wilmington, DE 19801

**Re: In re Energy Future Holdings Corp., et al., Case No. 14-10979 (CSS)**

Dear Judge Sontchi:

We are counsel to The Bank of New York Mellon ("BNYM"), in its capacity as the PCRB Trustee.[1] We write to respectfully request that the Court promptly address a discovery dispute in connection with the Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement (D.I. 5249) ("Settlement Agreement") and confirmation of the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code (D.I. 5246) (the "Third Amended Plan"). The dispute concerns the following discovery requests (document requests and interrogatories) that BNYM served upon the TCEH Unsecured Ad Hoc Group.

Copies of BNYM's discovery requests are attached as **Exhibit A**. Copies of the TCEH Unsecured Ad Hoc Group's responses thereto are attached as **Exhibit B**. We will address each of the disputes below.

**I.   Treatment of the PCRB Claims in the Third Amended Plan**

The Third Amended Plan treats the PCRB Claims differently than other TCEH unsecured creditors. The proposed Settlement Agreement and the Third Amended Plan provide for the settlement of claims against the TCEH first lien holders ("TCEH First Lien Investigation Claims"). Specifically, the TCEH Debtors' estates waive their respective TCEH First Lien Investigation Claims in exchange for a limited "waiver" of the TCEH first lien deficiency claims (the "TCEH First Lien Deficiency Claims"). All TCEH unsecured creditors other than the holders of the PCRB Claims are entitled to share in the recovery generated by the "waiver" of the TCEH First Lien Deficiency Claims. According to the Disclosure Statement, the exclusion of the holders of the PCRB Claims from the entities that share in the "waiver" of the TCEH First Lien Deficiency Claims results in a 54.8% discount in the distribution on account of the PCRB Claims (the "PCRB Distribution Discount").

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code (D.I. 5246).

ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MUNICH ♦ NEW YORK ♦ NORTHERN VIRGINIA
PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ WASHINGTON, D.C. ♦ WILMINGTON

US_ACTIVE-123641295-SKKAM

Judge Christopher S. Sontchi
September 15, 2015
Page 2

ReedSmith

BNYM has been advised that the purported bases for the PCRB Distribution Discount include the facts that (a) the PCRB Claims are only against TCEH and (b) TCEH Debtors other than TCEH hold many of the TCEH First Lien Investigation Claims.[2] Thus, determining which TCEH First Lien Investigation Claims are owned by which TCEH Debtor, and the value of such claims, is relevant to determining whether the PCRB Claims should share in the "waiver" and, if so, to what extent.

In addition, we understand that the TCEH Unsecured Ad Hoc Group insisted on the PCRB Distribution Discount and that the TCEH Unsecured Ad Hoc Group proposed the percentage discount, which increased over time. Thus, BNYM seeks to determine whether the particular discount set forth in the Plan is appropriate (i.e., why is a 54.8% rather than a 5% discount appropriate?).

## II. Supplemental Discovery Requests

Paragraph 7(b) of the Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization (D.I. 5771) (the "Amended Confirmation Scheduling Order") provides, in relevant part:

> Friday, August 28, 2015, shall be the date by which BONY may serve limited supplemental discovery requests strictly confined to the following issue: differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan.

Amended Confirmation Scheduling Order at ¶ 7(b).

On August 28, 2015, in accordance with paragraph 7(b) of the Amended Scheduling Order, BNYM served the Request to the TCEH Unsecured Ad Hoc Group Debtors for the Production of Documents Propounded by The Bank of New York Mellon, as Indenture Trustee, and The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee (the "Document Requests") and Interrogatories Propounded by The Bank of New York Mellon, as Indenture Trustee, and The Bank of New York

---

[2] On February 19, 2015, the TCEH Committee Standing Motion, the TCEH Unsecured Group Standing Motion, and the EFH Committee Standing Motion were filed by the TCEH Committee, the TCEH Unsecured Ad Hoc Group, and the EFH Committee. The Standing Motions sought derivative standing to pursue claims on behalf of the estates (not for the individual benefit of the movants). For some reason, the TCEH Unsecured Ad Hoc Group's counsel has indicated (on multiple occasions) that the TCEH Unsecured Ad Hoc Group was entitled to withdraw its motion for authority to assert *derivatively* the TCEH estate's claims against the holders of TCEH First Lien Claims in exchange for consideration payable to the TCEH Unsecured Ad Hoc Group to the exclusion of other beneficiaries of TCEH estate claims, such as the PCRB Claims. Counsel for the TCEH Unsecured Ad Hoc Group is simply wrong. *See Young v. Higbee Co.*, 324 U.S. 204, 65 S.Ct. 594, 89 L.Ed. 890 (1945) (shareholders who withdrew their appeal from a confirmation order in return for compensation from non-estate property by insiders of the debtors that was larger than the plan provided to other shareholders breached their duty to other shareholders); *In re Nationwide Sports Distributors, Inc.*, 227 B.R. 455, 465 (Bankr. E.D. Pa. 1998) (petitioning creditors could not settle estate claims for their own benefit); *Lacos Land Co. v. Arden Grp., Inc.*, No. CIV.A. 8519, 1986 WL 14525, at *4 (Del. Ch. Dec. 24, 1986) ("What is forbidden to such a person is that he exercise any power *conferred upon him by reason of his representative capacity* for his personal benefit at the expense of the class members (the corporation and its shareholders in a derivative case). *Young v. Higbee,* 324 U.S. 594, 598-99 (1945). Specifically, that means a class representative may not trade any aspect of the claims asserted derivatively for a strictly personal benefit.").

Judge Christopher S. Sontchi
September 15, 2015
Page 3

**ReedSmith**

Mellon Trust Company, N.A., as Indenture Trustee, to the TCEH Unsecured Ad Hoc Group (the "Interrogatories" and collectively with the Document Requests, the "BNYM Requests").

On September 4, 2015, the TCEH Unsecured Ad Hoc Group served the (a) TCEH Unsecured Ad Hoc Group's Responses and Objections to the Requests for the Production of Documents Propounded by The Bank of New York Mellon, as Indenture Trustee, and The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee and (b) TCEH Unsecured Ad Hoc Group's Responses and Objections to the Interrogatories Propounded by The Bank of New York Mellon, as Indenture Trustee, and The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee (together, "Responses to BNYM Requests").

### A. BNYM Document Requests

The TCEH Unsecured Ad Hoc Group refuses to produce documents in response to BNYM's seven Document Requests, asserting, among other things, that the Document Requests do not relate to the PCRB Distribution Discount. The TCEH Unsecured Ad Hoc Group's assertions are incorrect.

- Document Request No. 1: All drafts of the Third Amended Plan that (a) any of the TCEH Unsecured Ad Hoc Group provided on or after June 1, 2015, to any of the PSA Parties and (b) reflect any of the TCEH Unsecured Ad Hoc Group's revisions (in track changes, redline or blackline) to any chapter 11 plan with respect to the treatment of the PCRBs.

- Document Request No. 2: Emails and correspondence sent or received on or after April 1, 2015, between any of the TCEH Unsecured Ad Hoc Group, on one hand, and any of the PSA Parties, on the other hand, regarding the PCRBs or the treatment of the PCRBs in the Settlement Agreement or any chapter 11 plan.

- Document Request No. 3: Emails and correspondence sent or received on or after April 1, 2015, between any of the TCEH Unsecured Ad Hoc Group, on one hand, and any of the PSA Parties, on the other hand, regarding the settlement or potential settlement of the TCEH First Lien Deficiency Claims.

- Document Request No. 4: All documents analyzing or describing which of the TCEH Debtors owns each of the TCEH First Lien Investigation Claims.

- Document Request No. 5: All documents analyzing or describing the value of each of the TCEH First Lien Investigation Claims.

- Document Request No. 6: Un-redacted copies of the Standing Motions.

- Document Request No. 7: All correspondence, emails, other communications, or analyses, describing the alleged justification or basis for not permitting the PCRB Claims to share in the "waiver" of the TCEH First Lien Deficiency Claims.

Judge Christopher S. Sontchi
September 15, 2015
Page 4

**ReedSmith**

### B. BNYM Interrogatories

The TCEH Unsecured Ad Hoc Group states that it has not identified any witnesses in response to Interrogatory No. 1 but reserves the right to identify witnesses in connection with the Amended Confirmation Scheduling Order. BNYM agrees to withdraw Interrogatory No. 3 and 6. The TCEH Unsecured Ad Hoc Group, however, refuses to identify witnesses in response to Interrogatory Nos. 2, 4, and 5, which provide as follows:

- Interrogatory No. 2: Identify all witnesses with knowledge of the facts providing the alleged basis for the treatment of the PCRBs, as compared to other funded debt and trade debt, in the Settlement Agreement or any chapter 11 plan.

- Interrogatory No. 4: Identify all witnesses with knowledge regarding the particular TCEH Debtor(s) that hold each of the TCEH First Lien Investigation Claims.

- Interrogatory No. 5: Identify all witnesses with knowledge of the facts underlying the justification or basis for not permitting the PCRB Claims to share in the "waiver" of the TCEH First Lien Deficiency Claims.

### IV. The BNYM Requests Are Relevant to the Treatment of the PCRB Claims under the Third Amended Plan

Each of the BNYM Requests is relevant to the PCRB Distribution Discount under the Plan.

- Document Request No. 1: All drafts of the Third Amended Plan that (a) any of the TCEH Unsecured Ad Hoc Group provided on or after June 1, 2015, to any of the PSA Parties and (b) reflect any of the TCEH Unsecured Ad Hoc Group's revisions (in track changes, redline or blackline) to any chapter 11 plan with respect to the treatment of the PCRBs.

- Document Request No. 2: Emails and correspondence sent or received on or after April 1, 2015, between any of the TCEH Unsecured Ad Hoc Group, on one hand, and any of the PSA Parties, on the other hand, regarding the PCRBs or the treatment of the PCRBs in the Settlement Agreement or any chapter 11 plan.

- Document Request No. 3: Emails and correspondence sent or received on or after April 1, 2015, between any of the TCEH Unsecured Ad Hoc Group, on one hand, and any of the PSA Parties, on the other hand, regarding the settlement or potential settlement of the TCEH First Lien Deficiency Claims.

- Document Request No. 7: All correspondence, emails, other communications, or analyses, describing the alleged justification or basis for not permitting the PCRB Claims to share in the "waiver" of the TCEH First Lien Deficiency Claims.

We understand that the TCEH Unsecured Ad Hoc Group insisted on the PCRB Distribution Discount and that the percentage discount increased over time. Thus, the requested documents requested should indicate the basis for the PCRB Distribution Discount and the particular discount agreed upon in the Plan (i.e., why is a 54.8% discount rather than a 5% appropriate?).

- Document Request No. 4: All documents analyzing or describing which of the TCEH Debtors owns each of the TCEH First Lien Investigation Claims.

- Document Request No. 5: All documents analyzing or describing the value of each of the TCEH First Lien Investigation Claims.

- Document Request No. 6: Un-redacted copies of the Standing Motions.

These documents are relevant because they should indicate which TCEH Debtor owned which claims, any defenses thereto, and the potential merit or value of the claims held by each TCEH Debtor. The respective value of claims held by each TCEH Debtor is relevant to the appropriate PCRB Distribution Discount.

As indicated above, the TCEH Unsecured Ad Hoc Group also refuses to identify witnesses in response to Interrogatory Nos. 2, 4, and 5, asserting, among other things, that these interrogatories do not relate to the PCRB Distribution Discount. The TCEH Unsecured Ad Hoc Group is incorrect.

- Interrogatory No. 2: Identify all witnesses with knowledge of the facts providing the alleged basis for the treatment of the PCRBs, as compared to other funded debt and trade debt, in the Settlement Agreement or any chapter 11 plan.

This interrogatory is plainly related to the PCRB Distribution Discount.

- Interrogatory No. 4: Identify all witnesses with knowledge regarding the particular TCEH Debtor(s) that hold each of the TCEH First Lien Investigation Claims.

- Interrogatory No. 5: Identify all witnesses with knowledge of the facts underlying the justification or basis for not permitting the PCRB Claims to share in the "waiver" of the TCEH First Lien Deficiency Claims.

As indicated above with respect to the Document Requests, which TCEH Debtor holds which of the TCEH First Lien Investigation Claims is relevant to whether the PCRB Claims are entitled to share in the "waiver" of the TCEH First Lien Deficiency Claims and the extent of any appropriate PCRB Distribution Discount.

Judge Christopher S. Sontchi
September 15, 2015
Page 6

ReedSmith

### V.     Conclusion

BNYM respectfully requests that the Court direct the TCEH Unsecured Ad Hoc Group to produce documents and identify witnesses as set forth herein.

Respectfully submitted,

*/s/ Kurt F. Gwynne*

Kurt F. Gwynne

cc:   All Participating Parties (via E-Email)
      All counsel of record (via ECF)