# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.,*[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

**THE TCEH UNSECURED AD HOC GROUP'S
RESPONSES AND OBJECTIONS TO INTERROGATORIES PROPOUNDED BY THE
BANK OF NEW YORK, MELLON, AS INDENTURE TRUSTEE, AND THE BANK OF
NEW YORK MELLON TRUST COMPANY, N.A., AS INDENTURE TRUSTEE**

Pursuant to Rules 33 of the Federal Rules of Civil Procedure ("Federal Rules"), as

incorporated by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure

("Bankruptcy Rules"), and the *Amended Order (A) Scheduling Certain Hearing Dates and*

*Deadlines, (B) Establishing Certain Protocols in Connection with the Confirmation of*

*Debtors' Plan of Reorganization,* dated August 27, 2015 (the "Confirmation Scheduling

Order") [Docket No. 5771], the ad hoc group of certain holders (the "Ad Hoc Group of TCEH

Unsecured Noteholders" or the "Ad Hoc Group") of 10.25% Fixed Senior Notes due 2015

(including Series B) (the "Fixed Unsecured Notes") and 10.50%/11.25% Senior Toggle Notes

due 2016 (the "Toggle Unsecured Notes" and, together with the Fixed Unsecured Notes, the

"Unsecured Notes") issued by Texas Competitive Electric Holdings Company LLC ("TCEH")

and TCEH Finance, Inc. ("TCEH Finance"), by and through its undersigned counsel, hereby

responds to the Interrogatories Propounded by the Bank of New York Mellon ("BNYM"), in

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

its capacity as the PCRB Trustee, and the Bank of New York Mellon Trust Company, N.A.

("BNYMTC") and, together with BNYM, ("BNY"), in its capacity as the EFCH 2037 Notes

Trustee, dated August 28, 2015 (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

The following General Objections apply to each Definition, Instruction, and

Interrogatory, and shall have the same force and effect as if fully set forth in the response to each

individual Interrogatory.    The Ad Hoc Group does not waive any General Objections by

providing responses and objections to any specific Interrogatory.

1.    The Ad Hoc Group objects to the Interrogatories to the extent that they exceed the

scope of the discovery permitted by Confirmation Scheduling Order under which production is

sought.  The Ad Hoc Group objects to the Interrogatories to the extent that they seek information

which is not covered by the Confirmation Scheduling Order which "shall govern the proceedings

to consider the Settlement Motion and confirmation of the Plan" (Confirmation Scheduling

Order, par. 1).  To that end, the Ad Hoc Group will not produce Communications or Documents

concerning topics which are not related to confirmation of the Plan or the Settlement Motion.

2.    The Ad Hoc Group objects to the Interrogatories to the extent that they exceed the

scope of discovery permitted by the Confirmation Scheduling Order which provides that

Participating Parties may only propound interrogatories to seek the identification of "any fact

witnesses who may possess knowledge relevant to the Confirmation Proceedings."  The Ad Hoc

Group objects to the Interrogatories to the extent they seek the substance of any witness

testimony.

3.    The Ad Hoc Group objects to the Interrogatories to the extent that they purport to

impose obligations that are broader than, or inconsistent with, those imposed by the Federal

Rules, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of Delaware ("Local Rules"), or the Confirmation Scheduling Order.

4.      The Ad Hoc Group objects to the Interrogatories to the extent that they are substantially overbroad, in violation of the Court's order that BNY's Interrogatories be "strictly confined to the following issue: differences in BNY's treatment under the Plan as compared to BNY's treatment under the second amended plan." (Confirmation Scheduling Order [Docket No. 5771] par. 7.b.; *see also* Aug. 25, 2015 Tr. 157:16-158:1).  The Ad Hoc Group further objects to the Interrogatories to the extent that they violate the Court's instructions to BNY that requests which were overbroad would not be allowed (*see* Aug. 25 2015 Tr. 157:18-20: "If you go overbroad and they come and object, I'm not going to allow it").   In light of the Court's instructions and the overbroad nature of the Interrogatories propounded by BNY, the Ad Hoc Group does intend to produce any information that pertains expressly to the changes in BNY's treatment under the Plan that occurred between July 23, 2015 and August 10, 2015.

5.      The Ad Hoc Group objects to the Interrogatories to the extent that they are not related to any valid objection to the Plan and Settlement Agreement.

6.      The Ad Hoc Group objects to the Interrogatories to the extent that they are overly broad, unduly burdensome, vague, ambiguous, cumulative, duplicative, oppressive, seek information not relevant to the claims or defenses of any party in the above-captioned case, do not provide sufficient time to respond, and/or are not reasonably calculated to lead to the discovery of admissible documents or information.

7.      The Ad Hoc Group objects to vague and/or ambiguous terms used in the Interrogatories.   The Ad Hoc Group has done its best to understand the terms in the Interrogatories as used in context, but the Ad Hoc Group makes its responses and objections

based on its understanding of such terms and it reserves the right to amend the responses and objections herein if BNY asserts meanings of such terms that are different from those employed by the Ad Hoc Group.

8.    The Ad Hoc Group objects to the Interrogatories to the extent that they seek information not within the Ad Hoc Group's possession, custody, or control.

9.    The Ad Hoc Group objects to each Interrogatory to the extent that it seeks information more appropriately sought from other parties, seeks information publicly available, or already in the possession, custody, or control of BNY, or would require the Ad Hoc Group to search for information for which the burden of deriving or ascertaining the is substantially the same or less for BNY or any of its members or agents as it is for the Ad Hoc Group.

10.    The Ad Hoc Group objects to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, any common interest privilege, attorney work product doctrine or any other applicable privilege, protection or immunity against disclosure (collectively, "Privileged Materials").

11.    By responding and objecting to the Interrogatories, the Ad Hoc Group does not waive or intend to waive any attorney-client privilege, joint or common interest privilege, or any other applicable privilege, doctrine or immunity protecting their Privileged Materials from disclosure.  Accordingly, any response or objection inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege, doctrine or immunity.

12.    Nothing herein shall be construed as an admission concerning the admissibility or the relevance of any information, an admission that information exists, or an admission of the truth or accuracy of any characterization or assertion contained in the Interrogatories.

13.     By responding and objecting to the Interrogatories, the Ad Hoc Group does not waive or intend to waive any objections that it may have regarding the use of any information contained therein.

14.     By answering and objecting to the Interrogatories, the Ad Hoc Group does not waive or intend to waive the right to rely on additional witnesses, facts and documents at any point in these cases, including at trial, and expressly reserves the right to rely on any pleadings filed, any testimony given, and any documents produced and/or marked at any deposition in the Debtors' Chapter 11 cases, as well as any pleadings filed, testimony given, and documents produced or marked after the date of these answers.

15.     No specific objection to any Interrogatory is to be construed as a waiver of any general objection applicable to the Interrogatory.

16.     The Ad Hoc Group's failure to object to the Interrogatories on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

17.     The Ad Hoc Group's discovery and investigation in this matter are continuing and, therefore, the Ad Hoc Group responds to these Interrogatories based upon information that is currently in its possession.  The Ad Hoc Group reserves its right to amend or supplement this response and/or to identify witnesses in accordance with the Confirmation Scheduling Order based on or in response to issues or objections that other parties may raise with respect to Confirmation.  The Ad Hoc Group reserves its right to amend, supplement, and/or withdraw the responses and objections found herein, pursuant to Bankruptcy Rule 7026 and Federal Rule 26(e).

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORYS

<u>Interrogatory No.</u> 1: Identify all witnesses for whom the TCEH Unsecured Ad Hoc Group intends to admit testimony (whether by affidavit, declaration or in person) at any hearing(s) on the PSA Motion, Settlement Agreement Motion, and Third Amended Plan, and describe the substance of their expected testimony.

<u>RESPONSE</u>: <u>See</u> General Objections. The Ad Hoc Group objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vague, and harassing. The Ad Hoc Group also objects to this Interrogatory to the extent that it seeks information more appropriately sought from other parties. The Ad Hoc Group further objects to this Interrogatory on the grounds that it seeks information not relevant to the claims or defenses of any party in these cases and is not reasonably calculated to lead to the discovery of admissible evidence. The Ad Hoc Group further objects to this Interrogatory to the extent that it seeks the production of information publicly available, or already in the possession, custody, or control of the BNY. The Ad Hoc Group further objects to this Interrogatory to the extent that it seeks the production of Privileged Materials. The Ad Hoc Group also objects to this Interrogatory on the grounds that it exceeds the scope of the discovery permitted by the Confirmation Scheduling Order and is contrary to the Court's order regarding the scope of discovery. The Ad Hoc Group objects to this Interrogatory because it seeks the substance of witness testimony which is not permitted under the Confirmation Scheduling Order. Subject to and without waiving the foregoing objections, other than facts witnesses identified by the Debtors and/or other Participating Parties, the Ad Hoc Group has not identified any additional witnesses to testify at the hearing on the Third Amended Plan regarding the changes to the treatment of claims of BNY under the Second Amended Plan, but reserves the right to identify witnesses in accordance with the Confirmation Scheduling Order based on or in response to issues or objections that other parties may raise with respect to Confirmation.

Interrogatory No. 2:    Identify all witnesses with knowledge of the facts providing the alleged basis for the treatment of the PCRBs, as compared to other funded debt and trade debt, in the Settlement Agreement or any chapter 11 plan.

RESPONSE:    See General Objections. The Ad Hoc Group objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vague, and harassing. The Ad Hoc Group also objects to this Interrogatory to the extent that it seeks information more appropriately sought from other parties. The Ad Hoc Group further objects to this Interrogatory on the grounds that it seeks information not relevant to the claims or defenses of any party in these cases and is not reasonably calculated to lead to the discovery of admissible evidence. The Ad Hoc Group further objects to this Interrogatory to the extent that it seeks the production of information publicly available, or already in the possession, custody, or control of the EFH Committee. The Ad Hoc Group further objects to this Interrogatory to the extent that it seeks the production of Privileged Materials. The Ad Hoc Group also objects to this Interrogatory on the grounds that it exceeds the scope of the discovery permitted by the Confirmation Scheduling Order and is contrary to the Court's instructions to BNY regarding the scope of discovery

Interrogatory No. 3:    Identify all witnesses with knowledge of the facts underlying the claims against the holders of the TCEH First Lien Deficiency Claims that are being settled in the Settlement Agreement and the Third Amended Plan.

RESPONSE:    See General Objections. The Ad Hoc Group understands that BNY has withdrawn this Interrogatory consistent with Kimberly Lawson's email of September 1, 2015 at 11:38 AM. To the extent that understanding is incorrect the Ad Hoc Group objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vague, and harassing. The Ad Hoc Group also objects to this Interrogatory to the extent that it seeks information more appropriately sought from other parties. The Ad Hoc Group further objects to this Interrogatory on the grounds that it seeks information not relevant to the claims or defenses of any party in

these cases and is not reasonably calculated to lead to the discovery of admissible evidence. The Ad Hoc Group further objects to this Interrogatory to the extent that it seeks the production of information publicly available, or already in the possession, custody, or control of the EFH Committee. The Ad Hoc Group further objects to this Interrogatory to the extent that it seeks the production of Privileged Materials. The Ad Hoc Group also objects to this Interrogatory on the grounds that it exceeds the scope of the discovery permitted by the Confirmation Scheduling Order and is contrary to the Court's instructions to BNY regarding the scope of discovery.

Interrogatory No. 4:  Identify all witnesses with knowledge regarding the particular TCEH Debtor(s) that hold each of the TCEH First Lien Investigation Claims.

RESPONSE:  See General Objections.  The Ad Hoc Group objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vague, and harassing.  The Ad Hoc Group also objects to this Interrogatory to the extent that it seeks information more appropriately sought from other parties.  The Ad Hoc Group further objects to this Interrogatory on the grounds that it seeks information not relevant to the claims or defenses of any party in these cases and is not reasonably calculated to lead to the discovery of admissible evidence.  The Ad Hoc Group further objects to this Interrogatory to the extent that it seeks the production of information publicly available, or already in the possession, custody, or control of BNY.  The Ad Hoc Group further objects to this Interrogatory to the extent that it seeks the production of Privileged Materials.  The Ad Hoc Group also objects to this Interrogatory on the grounds that it exceeds the scope of the discovery permitted by the Confirmation Scheduling Order and is contrary to the Court's instructions to BNY regarding the scope of discovery.

Interrogatory No. 5:  Identify all witnesses with knowledge of the facts underlying the justification or basis for not permitting the PCRB Claims to share in the "waiver" of the TCEH First Lien Deficiency Claims.

RESPONSE:    See General Objections.  The Ad Hoc Group objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vague, and harassing.  The Ad Hoc Group also objects to this Interrogatory to the extent that it seeks information more appropriately sought from other parties.  The Ad Hoc Group further objects to this Interrogatory on the grounds that it seeks information not relevant to the claims or defenses of any party in these cases and is not reasonably calculated to lead to the discovery of admissible evidence.  The Ad Hoc Group further objects to this Interrogatory to the extent that it seeks the production of information publicly available, or already in the possession, custody, or control of BNY.  The Ad Hoc Group further objects to this Interrogatory to the extent that it seeks the production of Privileged Materials.  The Ad Hoc Group also objects to this Interrogatory on the grounds that it exceeds the scope of the discovery permitted by the Confirmation Scheduling Order and is contrary to the Court's instructions to BNY regarding the scope of discovery.

Interrogatory No. 6:  Identify all witnesses with knowledge of the factual basis for extinguishing the EFCH 2037 Note Claims without any distribution.

RESPONSE:    See General Objections.  The Ad Hoc Group objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vague, and harassing.  The Ad Hoc Group also objects to this Interrogatory to the extent that it seeks information more appropriately sought from other parties.  The Ad Hoc Group further objects to this Interrogatory on the grounds that it seeks information not relevant to the claims or defenses of any party in these cases and is not reasonably calculated to lead to the discovery of admissible evidence.  The Ad Hoc Group further objects to this Interrogatory to the extent that it seeks the production of information publicly available, or already in the possession, custody, or control of BNY.  The Ad Hoc Group further objects to this Interrogatory to the extent that it seeks the production of Privileged Materials.  The Ad Hoc Group also objects to this Interrogatory on the grounds that it exceeds

the scope of the discovery permitted by the Confirmation Scheduling Order and is contrary to the

Court's order regarding the scope of discovery.

Dated:        September 4, 2015
              Wilmington, Delaware

FOX ROTHSCHILD LLP

By:  /s/ Jeffrey M. Schlerf
     Jeffrey M. Schlerf (No. 3047)
     L. John Bird (No. 5310)
     919 North Market St., Suite 300
     Wilmington, DE 19801
     Telephone:  (302) 654-7444
     Facsimile:  (302) 463-4971
     jschlerf@foxrothschild.com
     jstrock@foxrothschild.com
     lbird@foxrothschild.com

     and

     WHITE & CASE LLP
     J. Christopher Shore (admitted *pro hac vice*)
     Gregory M. Starner (admitted *pro hac vice*)
     1155 Avenue of the Americas
     New York, NY 10036
     Telephone:  (212) 819-8200
     Facsimile:  (212) 354-8113
     cshore@whitecase.com
     gstarner@whitecase.com

     Thomas E Lauria (admitted *pro hac vice*)
     Matthew C. Brown (admitted *pro hac vice*)
     Southeast Financial Center, Suite 4900
     200 South Biscayne Blvd.
     Miami, FL 33131
     Telephone:  (305) 371-2700
     Facsimile:  (305) 358-5744
     tlauria@whitecase.com
     mbrown@whitecase.com

     *Counsel to the Ad Hoc Group of*
     *TCEH Unsecured Noteholders*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.,* [1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) |  |
|  | ) |  |

## THE TCEH UNSECURED AD HOC GROUP'S
## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF
## DOCUMENTS PROPOUNDED BY THE BANK OF NEW YORK, MELLON, AS
## INDENTURE TRUSTEE, AND THE BANK OF NEW YORK MELLON TRUST
## COMPANY, N.A., AS INDENTURE TRUSTEE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"),

as incorporated by Rules 7026, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure

("Bankruptcy Rules"), and the *Amended Order (A) Scheduling Certain Hearing Dates and*

*Deadlines, (B) Establishing Certain Protocols in Connection with the Confirmation of*

*Debtors' Plan of Reorganization,* dated August 27, 2015 (the "Confirmation Scheduling

Order") [Docket No. 5771], the ad hoc group of certain holders (the "Ad Hoc Group of TCEH

Unsecured Noteholders" or the "Ad Hoc Group") of 10.25% Fixed Senior Notes due 2015

(including Series B) (the "Fixed Unsecured Notes") and 10.50%/11.25% Senior Toggle Notes

due 2016 (the "Toggle Unsecured Notes" and, together with the Fixed Unsecured Notes, the

"Unsecured Notes") issued by Texas Competitive Electric Holdings Company LLC ("TCEH")

and TCEH Finance, Inc. ("TCEH Finance"), by and through its undersigned counsel, hereby

---

[1]      The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.ethcaseinfo.com.

responds to the First Set of Requests for Production of Documents of the Bank of New York

Mellon ("BNYM"), in its capacity as the PCRB Trustee, and the Bank of New York Mellon

Trust Company, N.A. ("BNYMTC") and, together with BNYM, ("BNY"), in its capacity as

the EFCH 2037 Notes Trustee, dated August 28, 2015 (the "Requests") as follows:

## GENERAL OBJECTIONS

The following General Objections apply to each Definition, Instruction, and Request, and

shall have the same force and effect as if fully set forth in the response to each individual

Document Request.  The Ad Hoc Group does not waive any General Objections by providing

responses and objections to any specific Document Request.

1.    The Ad Hoc Group objects to the Requests to the extent that they exceed the

scope of the discovery permitted by Confirmation Scheduling Order under which production is

sought.  The Ad Hoc Group objects to the Requests to the extent that they seek information

which is not covered by the Confirmation Scheduling Order which only "govern[s] the

proceedings to consider the Settlement Motion and confirmation of the Plan" (Confirmation

Scheduling Order, par. 1).  To that end, the Ad Hoc Group will not produce any Communications

or Documents concerning topics which are not related to confirmation of the Plan or the

Settlement Motion.

2.    The Ad Hoc Group objects to the Requests to the extent that they purport to

impose obligations that are broader than, or inconsistent with, those imposed by the Federal

Rules, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the

District of Delaware ("Local Rules"), or the Confirmation Scheduling Order.

3.    The Ad Hoc Group objects to the Requests to the extent that they are substantially

overbroad, in violation of the Court's order that BNY's requests be "strictly confined to the

following issue: differences in BNY's treatment under the Plan as compared to BNY's treatment under the second amended plan." (Confirmation Scheduling Order, par. 7.b.; *see also* Aug. 25, 2015 Tr. 157:16-158:1). The Ad Hoc Group further objects to the Requests to the extent that they violate the Court's instructions to BNY that requests which were overbroad would not be allowed (*see* Aug. 25 2015 Tr. 157:18-20: "If you go overbroad and they come and object, I'm not going to allow it"). In light of the Court's instructions and the overbroad nature of the Requests propounded by BNY, the Ad Hoc Group does not intend to produce any Communications or Documents that do not pertain expressly to changes in BNY's treatment under the Plan that occurred between July 23, 2015 and August 10, 2015.

4.      The Ad Hoc Group objects to the Requests to the extent that they are not related to any valid objection by BNY to the Plan or Settlement Agreement.

5.      The Ad Hoc Group objects to the Requests to the extent that they are overly broad, unduly burdensome, vague, ambiguous, cumulative, duplicative, oppressive, fail to identify the documents sought with reasonable particularity, seek documents not relevant to the claims or defenses of any party in the above-captioned case, do not provide sufficient time to respond, and/or are not reasonably calculated to lead to the discovery of admissible documents or information.

6.      The Ad Hoc Group objects to vague and/or ambiguous terms used in the Requests. The Ad Hoc Group has done its best to understand the terms in the Requests as used in context, but the Ad Hoc Group makes its responses and objections based on its understanding of such terms and it reserves the right to amend the responses and objections herein if BNY asserts meanings of such terms that are different from those employed by the Ad Hoc Group

7.      The Ad Hoc Group objects to the Requests to the extent that they seek documents or information not within the Ad Hoc Group's possession, custody, or control.

8.      The Ad Hoc Group objects to each Request to the extent that it seeks documents or information more appropriately sought from other parties, seeks documents or information publicly available, or already in the possession, custody, or control of BNY, or would require the Ad Hoc Group to search for information or documents for which the burden of deriving or ascertaining the information or documents is substantially the same or less for BNY or any of its members or agents as it is for the Ad Hoc Group.  Specifically, the Ad Hoc Group will not produce documents that are in the possession, custody, or control of the Debtors, including the Disinterested Directors and their advisors from whom the Trustees have sought document discovery.

9.      The Ad Hoc Group objects to the Requests to the extent that they seek information protected by the attorney-client privilege, any common interest privilege, attorney work product doctrine or any other applicable privilege, protection or immunity against disclosure (collectively, "Privileged Materials").  The Ad Hoc Group will not produce any Privileged Materials, including without limitation any attorney work product concerning its assessment, evaluation, consideration, or analysis of any prepetition intercompany claims or any settlement thereof or the Debtors' plan of reorganization and related disclosure statement.

10.     The Ad Hoc Group objects to the Requests to the extent that they do not include an appropriately limited time-frame for information sought.  For purposes of all responses, the appropriate time frame is July 23, 2015 to August 10, 2015.

11.     By responding and objecting to the Requests, the Ad Hoc Group does not waive or intend to waive any attorney-client privilege, joint or common interest privilege, or any other

applicable privilege, doctrine or immunity protecting their Privileged Materials from disclosure. Accordingly, any response or objection inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege, doctrine or immunity. To the extent that there are inconsistencies in the types of privilege or other protections asserted with respect to various copies of the same document, the most comprehensive privilege or protection is intended to apply to all copies of such document.

12.    The Ad Hoc Group objects to the Requests to the extent that they seek documents containing confidential, personal or private, proprietary, or sensitive business information; or information protected from disclosure by any law (including, but not limited to, foreign laws), court order or any agreement with respect to confidentiality or non-disclosure (collectively, "Confidential Materials"). To the extent that it produces any Confidential Materials, the Ad Hoc Group will produce such materials using either the designation "Highly Confidential" or "Confidential" as the circumstances dictate in accordance with the procedures set forth in the *Confidentiality Agreement and Stipulated Protective Order*, entered August 13, 2014 [Docket No. 1833].

13.    The Ad Hoc Group objects to the Requests to the extent that they seek materials prepared by experts prior to the timelines established in the Federal Rules. All expert disclosures will be made in accordance with the Federal Rules.

14.    The Ad Hoc Group objects to the Requests to the extent that they call for the production of "all" documents pertaining to a specific subject on the grounds that such language is overly broad and unduly burdensome.

15.    The Ad Hoc Group objects to the definition of "Document" or "Documents" set forth in Definitions Paragraph No. 4 to the extent that it seeks to impose discovery obligations

that are broader than, or inconsistent with, the Ad Hoc Group's obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or the Confirmation Scheduling Order. The Ad Hoc Group further objects to the extent this Definition would require it to: (a) produce multiple copies of the same document; (b) conduct an unduly burdensome search for duplicative information, including, among other things, electronic databases containing overlapping information; (c) produce documents or data in a particular format; (d) convert documents or data into a particular format; (e) search for and/or produce any documents or data on back-up tapes, meta data, slack data, fragmented data, or deleted files, or from locations not reasonably accessible; (f) produce any proprietary software, data, programs, or databases; or (g) violate any licensing agreement, copyright laws, or proprietary rights of third parties.

16.    The Ad Hoc Group objects to the Instructions to the extent that they seek to impose discovery obligations that are broader than, or inconsistent with, the Ad Hoc Group's obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or the Confirmation Scheduling Order.

17.    Nothing herein shall be construed as an admission concerning the admissibility or the relevance of any documents or information, an admission that documents or information exist, or an admission of the truth or accuracy of any characterization or assertion contained in the Requests.

18.    By responding and objecting to the Requests, the Ad Hoc Group does not waive or intend to waive any objections that it may have regarding the use of any document or of any information contained in any document.

19.    By answering and objecting to the Requests, the Ad Hoc Group does not waive or intend to waive the right to rely on additional facts and documents at any point in these cases,

including at trial, and expressly reserves the right to rely on any pleadings filed, any testimony

given, and any documents produced and/or marked at any deposition in the Debtors' Chapter 11

cases, as well as any pleadings filed, testimony given, and documents produced or marked after

the date of these answers.  To the extent that the Ad Hoc Group refers to any documents or

testimony, such references are given as references and examples only.  They are not, and are not

meant to be, an exhaustive recitation of all the evidence supporting a particular point or issue.

     20.     No specific objection to any Document Request is to be construed as a waiver of

any general objection applicable to the Request.

     21.     The Ad Hoc Group's failure to object to the Requests on a particular ground shall

not be construed as a waiver of its right to object on that ground or any additional ground at any

time.

     22.     The Ad Hoc Group's discovery and investigation in this matter are continuing

and, therefore, the Ad Hoc Group responds to these Requests based upon information that is

currently in its possession.  The Ad Hoc Group reserves its right to amend, supplement, and/or

withdraw the responses and objections found herein, pursuant to Bankruptcy Rule 7026 and

Federal Rule 26(e).

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

<u>Document Request No. 1</u>:  All drafts of the Third Amended Plan that (a) any of the TCEH
Unsecured Ad Hoc Group provided on or after June 1, 2015, to any of the PSA Parties and (b)
reflect any of the TCEH Unsecured Ad Hoc Group's revisions (in track changes, redline or
blackline) to any chapter 11 plan with respect to the treatment of the PCRBs.

<u>RESPONSE</u>:  <u>See</u> General Objections.  The Ad Hoc Group objects to this Document Request on

the grounds that it is overbroad, unduly burdensome, vague, and harassing.  The Ad Hoc Group

also objects to this Request to the extent that it seeks documents more appropriately sought from

other parties.  The Ad Hoc Group further objects to this Document Request on the grounds that it

seeks information not relevant to the claims or defenses of any party in these cases and is not reasonably calculated to lead to the discovery of admissible evidence. The Ad Hoc Group further objects to this Document Request to the extent that it seeks the production of information publicly available, or already in the possession, custody, or control of the BNY. The Ad Hoc Group further objects to this Document Request to the extent that it seeks the production of Privileged Materials. The Ad Hoc Group also objects to this Document Request on the grounds that it exceeds the scope of the discovery permitted by the Confirmation Scheduling Order and is contrary to the Court's order regarding the scope of discovery. Subject to and without waiving the foregoing objections, the Ad Hoc Group agrees to meet and confer with BNY to discuss this Document Request at a mutually agreeable time.

Document Request No. 2:    Emails and correspondence sent or received on or after April 1, 2015, between any of the TCEH Unsecured Ad Hoc Group, on one hand, and any of the PSA Parties, on the other hand, regarding the PCRBs or the treatment of the PCRBs in the Settlement Agreement or any chapter 11 plan.

RESPONSE: See General Objections. The Ad Hoc Group objects to this Document Request on the grounds that it is overbroad, unduly burdensome, vague, and harassing. The Ad Hoc Group also objects to this Request to the extent that it seeks documents more appropriately sought from other parties. The Ad Hoc Group further objects to this Document Request on the grounds that it seeks information not relevant to the claims or defenses of any party in these cases and is not reasonably calculated to lead to the discovery of admissible evidence. The Ad Hoc Group further objects to this Document Request to the extent that it seeks the production of information publicly available, or already in the possession, custody, or control of the EFH Committee. The Ad Hoc Group further objects to this Document Request to the extent that it seeks the production of Privileged Materials. The Ad Hoc Group also objects to this Document Request on the grounds that it exceeds the scope of the discovery permitted by the Confirmation Scheduling

Order and is contrary to the Court's order regarding the scope of discovery. Subject to and without waiving the foregoing objections, the Ad Hoc Group agrees to meet and confer with BNY to discuss this Document Request at a mutually agreeable time.

Document Request No. 3:    Emails and correspondence sent or received on or after April 1, 2015, between any of the TCEH Unsecured Ad Hoc Group, on one hand, and any of the PSA Parties, on the other hand, regarding the settlement or potential settlement of the TCEH First Lien Deficiency Claims.

RESPONSE:    See General Objections. The Ad Hoc Group objects to this Document Request on the grounds that it seeks discovery which exceeds the scope of discovery permitted under the Court's Confirmation Scheduling Order and is and is contrary to the Court's instructions to BNY regarding the scope of discovery. (See Aug. 25 2015 Tr. 157:18-20: "If you go overbroad and they come and object, I'm not going to allow it"). The Ad Hoc Group further objects to this Document Request on the grounds that it is overbroad, unduly burdensome, vague, and harassing. The Ad Hoc Group also objects to this Request to the extent that it seeks documents more appropriately sought from other parties. The Ad Hoc Group further objects to this Document Request on the grounds that it seeks information not relevant to the claims or defenses of any party in these cases and is not reasonably calculated to lead to the discovery of admissible evidence. The Ad Hoc Group further objects to this Document Request to the extent that it seeks the production of information publicly available, or already in the possession, custody, or control of the EFH Committee. The Ad Hoc Group further objects to this Document Request to the extent that it seeks the production of Privileged Materials. The Ad Hoc Group further objects to this Document Request as seeking information that is not related to the BNY Objection or any other valid objection by BNY to the Plan or Settlement Agreement.

Document Request No. 4:    Emails and correspondence sent or received on or after April 1, 2015, between any of the TCEH Unsecured Ad Hoc Group, on one hand, and any of the PSA

Parties, on the other hand, regarding the settlement or potential settlement of the TCEH First Lien Deficiency Claims.

RESPONSE:    See General Objections. The Ad Hoc Group objects to this Document Request on the grounds that it seeks discovery which exceeds the scope of discovery permitted under the Court's Confirmation Scheduling Order and is contrary to the Court's warning to BNY that requests which were overbroad would not be allowed (*see* Aug. 25 2015 Tr. 157:18-20: "If you go overbroad and they come and object, I'm not going to allow it").. The Ad Hoc Group objects to this Document Request on the grounds that it is overbroad, unduly burdensome, vague, and harassing. The Ad Hoc Group also objects to this Request to the extent that it seeks documents more appropriately sought from other parties. The Ad Hoc Group further objects to this Document Request on the grounds that it seeks information not relevant to the claims or defenses of any party in these cases and is not reasonably calculated to lead to the discovery of admissible evidence. The Ad Hoc Group further objects to this Document Request to the extent that it seeks the production of information publicly available, or already in the possession, custody, or control of BNY. The Ad Hoc Group further objects to this Document Request to the extent that it seeks the production of Privileged Materials. The Ad Hoc Group further objects to this Document Request as seeking information that is not related to the BNY Objection or any other valid objection by BNY to the Plan or Settlement Agreement.

Document Request No. 5:    All documents analyzing or describing the value of each of the TCEH First Lien Investigation Claims.

RESPONSE:    See General Objections. The Ad Hoc Group objects to this Document Request on the grounds that it seeks discovery which exceeds the scope of discovery permitted under the Court's Confirmation Scheduling Order and is contrary to the warning to BNY that requests which were overbroad would not be allowed (*see* Aug. 25 2015 Tr. 157:18-20: "If you go

overbroad and they come and object, I'm not going to allow it"). The Ad Hoc Group objects to this Document Request on the grounds that it is overbroad, unduly burdensome, vague, and harassing. The Ad Hoc Group also objects to this Request to the extent that it seeks documents more appropriately sought from other parties. The Ad Hoc Group further objects to this Document Request on the grounds that it seeks information not relevant to the claims or defenses of any party in these cases and is not reasonably calculated to lead to the discovery of admissible evidence. The Ad Hoc Group further objects to this Document Request to the extent that it seeks the production of information publicly available, or already in the possession, custody, or control of BNY. The Ad Hoc Group further objects to this Document Request to the extent that it seeks the production of Privileged Materials. The Ad Hoc Group further objects to this Document Request as seeking information that is not related to the BNY Objection or any other valid objection by BNY to the Plan or Settlement Agreement.

Document Request No. 6: Un-redacted copies of the Standing Motions.

RESPONSE: See General Objections. The Ad Hoc Group objects to this Document Request on the grounds that it seeks discovery which exceeds the scope of discovery permitted under the Court's Confirmation Scheduling Order and is contrary to the Court's warning to BNY that requests which were overbroad would not be allowed (see Aug. 25 2015 Tr. 157:18-20: "If you go overbroad and they come and object, I'm not going to allow it"). The Ad Hoc Group objects to this Document Request on the grounds that it is overbroad, unduly burdensome, vague, and harassing. The Ad Hoc Group also objects to this Request to the extent that it seeks documents more appropriately sought from other parties. The Ad Hoc Group further objects to this Document Request on the grounds that it seeks information not relevant to the claims or defenses of any party in these cases and is not reasonably calculated to lead to the discovery of admissible

evidence.  The Ad Hoc Group further objects to this Document Request to the extent that it seeks

the production of information publicly available, or already in the possession, custody, or control

of BNY.  The Ad Hoc Group further objects to this Document Request to the extent that it seeks

the production of Privileged Materials.  The Ad Hoc Group further objects to this Document

Request as seeking information that is not related to the BNY Objection or any other valid

objection by BNY to the Plan or Settlement Agreement.

Document Request No. 7:   All correspondence, emails, other communications, or analyses,
describing the alleged justification or basis for not permitting the PCRB Claims to share in the
"waiver" of the TCEH First Lien Deficiency Claims.

RESPONSE:   See General Objections.  The Ad Hoc Group objects to this Document Request on

the grounds that it is overbroad, unduly burdensome, vague, and harassing.  The Ad Hoc Group

m also objects to this Request to the extent that it seeks documents more appropriately sought

from other parties.  The Ad Hoc Group further objects to this Document Request on the grounds

that it seeks information not relevant to the claims or defenses of any party in these cases and is

not reasonably calculated to lead to the discovery of admissible evidence.  The Ad Hoc Group

further objects to this Document Request to the extent that it seeks the production of information

publicly available, or already in the possession, custody, or control of BNY.  The Ad Hoc Group

further objects to this Document Request to the extent that it seeks the production of Privileged

Materials.  The Ad Hoc Group also objects to this Document Request on the grounds that it

exceeds the scope of the discovery permitted by the Confirmation Scheduling Order and is

contrary to the Court's order regarding the scope of discovery.  Subject to and without waiving

the foregoing objections, the Ad Hoc Group agrees to meet and confer with BNY to discuss this

Document Request at a mutually agreeable time.

Dated:      September 4, 2015
              Wilmington, Delaware

                      FOX ROTHSCHILD LLP

By:   /s/ Jeffrey M. Schlerf
       Jeffrey M. Schlerf (No. 3047)
       L. John Bird (No. 5310)
       919 North Market St., Suite 300
       Wilmington, DE 19801
       Telephone:  (302) 654-7444
       Facsimile:  (302) 463-4971
       jschlerf@foxrothschild.com
       jstrock@foxrothschild.com
       lbird@foxrothschild.com

       and

       WHITE & CASE LLP
       J. Christopher Shore (admitted *pro hac vice*)
       Gregory M. Starner (admitted *pro hac vice*)
       1155 Avenue of the Americas
       New York, NY 10036
       Telephone:  (212) 819-8200
       Facsimile:  (212) 354-8113
       cshore@whitecase.com
       gstarner@whitecase.com

       Thomas E Lauria (admitted *pro hac vice*)
       Matthew C. Brown (admitted *pro hac vice*)
       Southeast Financial Center, Suite 4900
       200 South Biscayne Blvd.
       Miami, FL 33131
       Telephone:  (305) 371-2700
       Facsimile:  (305) 358-5744
       tlauria@whitecase.com
       mbrown@whitecase.com

       *Counsel to the Ad Hoc Group of*
       *TCEH Unsecured Noteholders*