**WHITE & CASE**

September 15, 2015

VIA ECF AND HAND DELIVERY

Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 N. Market Street, 5th Floor
Wilmington, Delaware 19801

White & Case LLP
1155 Avenue of the Americas
New York, NY 10036-2787
T +1 212 819 8200

whitecase.com

**Re: In re Energy Future Holdings Corp., et al., Case No. 14-10979 (CSS)**

We write on behalf of the Ad Hoc Group of TCEH Unsecured Noteholders (the "TCEH Ad Hoc Group") to join in Mr. McKane's letter to the Court, dated September 14, 2015 and to seek the Court's assistance in connection with a similar discovery dispute between the TCEH Ad Hoc Group and the Bank of New York Mellon ("BNYM"), in its capacity as the PCRB Trustee, and the Bank of New York Mellon Trust Company, N.A. ("BNYMTC" and, together with BNYM, "BNY"), in its capacity as the EFCH 2037 Notes Trustee.[1] The TCEH Ad Hoc Group respectfully requests that the Court enter a protective order as requested in Mr. McKane's letter as well as one curtailing the discovery BNY has sought from the TCEH Ad Hoc Group in relation to the Third Amended Plan on file.

**Background of the Discovery Dispute.** BNY represents the interests of approximately $900 million in unsecured claims at the estates of EFCH and TCEH. At no point in these Cases, up to the filing of the Third Amended Plan, did BNY participate in these Cases, presumably content to rely on the work of other stakeholders of those estates with claims totaling in the tens of billions of dollars. Importantly, it did not seek any discovery from any party with respect to any plan until after the filing of the Third Amended Plan. During the August 25, 2015 hearing on the Confirmation Scheduling Order, BNY finally appeared and sought this Court's assistance with respect to plan discovery, essentially seeking leave for its failure to interpose timely document requests. At that time, the Court instructed BNY that only "very focused discovery" on the "specific issue raised in connection with how the third amended plan is different than the treatment that you had previously been receiving under the previous iterations of the plan" would be allowed. (Aug. 25, 2015 Hr'g Tr. 157:17, 157:23-158:1). In furtherance of that statement, pursuant to paragraph 7.b. of the Confirmation Scheduling Order [Docket No. 5771], dated August 27, 2015, the Court ordered that the scope of BNY's requests for discovery be "strictly confined to the following issue: differences in BNY's treatment under the Plan as compared to BNY's treatment under the second amended plan." Moreover, the Court clearly admonished BNY that if it violated the Court's instructions and issued overbroad requests the Court would not allow discovery at all. (Aug. 25, 2015 Hr'g Tr. 157:18-20: "If you go overbroad and they come and object, I'm not going to allow it."). That admonition applied to all discovery whether served on the Debtors or creditors.

---

[1] The TCEH Ad Hoc Group submits this letter pursuant to an agreement with counsel for BNY to submit simultaneous letters to the Court concerning the parties' dispute.

WHITE & CASE

Honorable Christopher S. Sontchi
September 15, 2015

In violation of the Court's order, BNY served all the discovery outlined in Mr. McKane's letter and also served the TCEH Ad Hoc Group with substantially overbroad discovery, as follows:

- Request to the TCEH Unsecured Ad Hoc Group for the Production of Documents Propounded by the Bank of New York Mellon as Indenture Trustee and the Bank of New York Mellon Trust Company, N.A. as Indenture Trustee, dated August 28, 2015;

- Interrogatories Propounded by the Bank of New York Mellon as Indenture Trustee and the Bank of New York Mellon Trust Company, N.A. as Indenture Trustee, to the TCEH Unsecured Ad Hoc Group, dated August 28, 2015; and

- Notice of Deposition of the TCEH Unsecured Ad Hoc Group Pursuant to Fed. R. Bankr. P. 30(b)(6), dated September 2, 2015.

The discovery propounded by BNY went far beyond the Court's order to limit discovery to the change in treatment of the PCRBs between the Second Amended Plan and the Third Amended Plan on file. For example, BNY seeks discovery from the TCEH Ad Hoc Group of substantially all information related to the TCEH First Lien Deficiency Claims, including the settlement or potential settlement of those claims, the "ownership" of the claims, and the TCEH Ad Hoc Group's proprietary analysis of the value of each TCEH First Lien Investigation Claim (see, e.g., BNY Document Requests Nos. 3, 4, and 5; BNY Interrog. Nos. 3 and 4; BNY 30(b)(6) Dep. Notice Topics 3-6) (Copies of the BNY discovery requests are attached hereto as Exhibit A).

Notwithstanding the overly broad discovery sought in violation of the Court's clear instructions, as well as the duplicative nature of the requests in light of the Debtors' production of documents relevant to BNY's discovery requests, the TCEH Ad Hoc Group promptly served formal responses, requested a meet and confer, conferred with BNY in an attempt to reach a consensual discovery plan, and followed up with BNY on the status of their position after the discussion. The parties have not, however, been able to resolve all issues consensually, and BNY continues to press for discovery unrelated to how their treatment changed and instead focused on the merits of plan settlements with the E-side and the TCEH First Liens.[2]

---

[2]  In its response to Mr. McKane's letter, BNY's counsel represented to the Court that the TCEH Ad Hoc Group refused to agree to produce documents or commit not to put on evidence at confirmation. That representation is distorted. As the Court can see from reviewing the actual email attached to Mr. Gwynne's letter of this morning, the request also asked the TCEH Ad Hoc Group to confirm that it had no responsive documents. Given that the requests of BNY to the TCEH Ad Hoc Group asked for documents as mundane as the first lien standing motions, we specifically noted that we could not confirm the lack of responsive documents. At all times, the TCEH Ad Hoc Group has bent over backwards to meet BNY halfway.

**WHITE & CASE**

Honorable Christopher S. Sontchi
September 15, 2015

**BNY's Legitimate Plan Objections Are Extremely Narrow.** In seeking to limit the discovery sought against it, the TCEH Ad Hoc Group has taken into consideration that BNY's proposed objections to the Third Amended Plan are extremely limited and, in the view of the TCEH Ad Hoc Group highly attenuated. Under the present Plan, BNY's noteholders are included in the general unsecured claims pool of EFCH and TCEH, sharing *pari passu* with the claims of the TCEH unsecured notes, the TCEH second-lien notes, and the deficiency claims of the TCEH first-lien bank and notes claims at those estates. Given the *de minimis* nature of the actual collateral at EFCH and TCEH, the unsecured claims pools at those estates will total more than $30 billion, leaving BNY representing less than 3% of unsecured claims at either estate. Assuming that the unsecured classes at EFCH and TCEH vote in favor of the Plan, BNY's objections will be strictly limited to good faith and best interests. The former objection, however, relates to the good faith of the Debtors, as Plan proponents, and not the TCEH Ad Hoc Group in proposing unsecured creditor treatments. Thus, the views of the TCEH Ad Hoc Group as to the appropriateness of the treatment and the reasons for its proposal are only marginally relevant. (The subjective reasons as to why particular creditors support one treatment over another can hardly bear on why the Debtors proposed that treatment.) BNY's latter objection—best interests—is again an issue as to which the Debtors must carry the water. The views of the TCEH Ad Hoc Group as to what would happen to creditor recoveries at EFCH and TCEH in a hypothetical Chapter 7 liquidation are again only marginally relevant (though we note that any hypothetical Chapter 7 trustee would be more likely to consider the views of 97% of its creditor body over the objection of a 3% holdout seeking to litigate rather than compromise).

**Relief Requested.** In light of all the foregoing, the TCEH Ad Hoc Group respectfully requests that the Court enter a protective order as requested by Mr. McKane, as well as precluding any and all discovery sought by BNY against the TCEH Ad Hoc Group.

In the alternative, we request that the Court establish the proper balance between the costs to the TCEH Ad Hoc Group and any benefits to BNY in having particular searches run to collect, review and produce non-privileged, responsive documents and/or appear for depositions[3] by strictly enforcing the Court's order that discovery be "strictly confined" to "differences in BNY's treatment under the Plan as compared to BNY's treatment under the second amended plan." FRCP 26, as amended, will expressly restrict discovery to "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the

---

The problem here is that, without any PCRB holders appearing in these Cases, BNY has been forced to proceed without yielding any ground.

[3] The TCEH Ad Hoc Group was served by the EFH Committee with a Notice of Deposition to Eric Siegert [Docket No. 6000], dated September 14, 2015, which has been joined this morning by the EFH Indenture Trustee [Docket No. 6003]. The TCEH Ad Hoc Group reserves all rights and likely will need to seek the Court's guidance on the necessity of this deposition.

3

Americas 90798579

WHITE & CASE

Honorable Christopher S. Sontchi
September 15, 2015

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." See FRCP 26(a)(1) (emphasis added). This framework, we submit, would provide, at best, for extremely focused document discovery, relating solely to non-privileged communications between the filing of the Second Amended Plan and the Third regarding proposed changes in treatment of unsecured claims at EFCH and TCEH.

***

We look forward to speaking with the Court on this issue.

Respectfully submitted,

*Chris Shore /wp*

**J. Christopher Shore**

T +212.819.8394
E cshore@whitecase.com


cc:  All Participating Parties (via E-mail)
     All counsel of record (via ECF)

4

Americas 90798579