# KIRKLAND & ELLIS LLP

#### AND AFFILIATED PARTNERSHIPS

300 N. LaSalle
Chicago, Illinois 60654

Brenton A. Rogers
To Call Writer Directly:                    (312) 862-2000                    Facsimile:
(312) 862-7119                                                                    (312) 862-2200
brenton.rogers@kirkland.com        www.kirkland.com

September 16, 2015

**By eFile**

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re:    *In re Energy Future Holdings, Corp., et. al.* (Case 14-10979)

Dear Judge Sontchi:

The Debtors write in response to the letter filed yesterday by The Bank of New York Mellon ("BNYM"), in its capacity as the PCRB Trustee [D.I. 6037], and to respectfully request an order enforcing this Court's well-reasoned limits on BNYM's discovery in the *Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols In Connection with the Confirmation of Debtors' Plan of Reorganization* [D.I. 5771] (the "Revised Amended Scheduling Order" or the "Order").[1] BNYM's demand that the Debtors produce documents and information in response to the nine discovery requests (seven document requests and two interrogatories) specified in its letter should be denied for three reasons.

***First***, Paragraph 7(b) of the Order permits BNYM to serve only "limited supplemental discovery requests strictly confined to the following issue: differences in BONY's[2] treatment under the Plan as compared to BONY's treatment under the second amended plan." The Debtors have already searched for and produced ***2,499 unique documents*** and identified twelve individuals with knowledge in response to the few discovery requests BNYM has served that arguably comply with Paragraph 7(b).

***Second***, by contrast, the nine requests specified in BNYM's letter are not "strictly confined" to the narrow issue permitted under the Revised Amended Scheduling Order. Instead, nearly all of the requests relate to the settlement of inter-Debtor claims and claims against the

---

[1]    Capitalized terms not defined in this letter have the meaning they are given in the Order.

[2]    BNYM is one of the two entities comprising BONY.

## KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
September 16, 2015
Page 2

TCEH First Lien Creditors, issues that have little to nothing to do with BNYM's treatment under the Plan as compared to the second amended plan. To the extent that any of the objectionable requests seek relevant documents, those documents were produced in response to the non-objectionable requests.

*Third*, as the Debtors have made clear to BNYM, any documents responsive to BNYM's objectionable requests have ***already*** been collected and produced in response to the timely requests of other Plan Participants. In particular, in the course of both Legacy Discovery and Confirmation Discovery, the Debtors have produced hundreds of thousands of documents relating to the settlement of inter-Debtor claims and claims against the TCEH First Lien Creditors. Despite the Debtor's objections that BNYM's overly broad discovery requests are not reasonably tailored to its potential Plan objection, BNYM has been granted access to all of those documents.

### Background

### I.    BNYM SERVES OVERBROAD DISCOVERY IN VIOLATION OF THE ORDER.

BNYM is a latecomer to confirmation discovery. It did not issue any Initial Consolidated Requests as of the deadline for such requests. However, because the Plan treats BNYM differently than did the second amended plan, which was the operative plan of reorganization as of that deadline, BNYM requested permission to serve additional limited discovery requests targeted to its treatment under the Plan.

The Court granted that limited request at the Revised Amended Scheduling Order hearing, noting:

> I'm only doing that just for you, for a very specific reason, and that's the issue you've raised in connection with how the third amended plan is different than the treatment that you had previously been receiving under the previous iterations of the plan.

(8/25/15 Hr'g Tr. 157:22-158:1.) This restriction was included in the resulting Order at Paragraph 7(b). The Court expressly cautioned BNYM at the hearing: "I will allow you to present very focused discovery on those specific issues…. If you go overbroad and they come and object, I'm not going to allow it." (8/25/15 Hr'g Tr. 157:16-20.)

# KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
September 16, 2015
Page 3

Disregarding the Order and the Court's guidance, on August 28, 2015 BNYM propounded nine sets of broad discovery comprising 61 total requests:

- Six new sets of new discovery:

  - 9 document requests served on the Debtors (attached hereto as **Exhibit A**);
  - 7 interrogatories served on the Debtors (attached hereto as **Exhibit B**);
  - 9 document requests served on Hugh Sawyer;
  - 7 interrogatories served on Hugh Sawyer;
  - 7 document requests served on the TCEH Unsecured Ad Hoc Group; and
  - 6 interrogatories served on the TCEH Unsecured Ad Hoc Group.

- Three notices identifying the following discovery requests served by the TCEH Committee as "still applicable to the Confirmation Proceedings"[3]:

  - 6 document requests to the Debtors (attached hereto as **Exhibit C**);
  - 5 interrogatories to the Debtors (attached hereto as **Exhibit D**); and
  - 5 document requests to Hugh Sawyer.

Within one business day of receipt, on August 31, 2015, the Debtors notified BNYM that the majority of its 27 discovery requests to the Debtors were not reasonably tailored to BNYM's treatment under the Plan, and therefore violated the Revised Amended Scheduling Order. The next day, BNYM withdrew four of its requests and revised two others, but would not budge on the rest.

## II.    THE DEBTORS PRODUCE DOCUMENTS AND INFORMATION RESPONSIVE TO BNYM'S FEW REASONABLE REQUESTS, AND OBJECT TO THE REST.

Two days later, on September 2, 2015, the Debtors served their written responses and objections to BNYM's requests. The Debtors responses to BNYM's new document requests are attached hereto as **Exhibit E**, and their response to BNYM's new interrogatories are attached hereto as **Exhibit F**.[4]

---

[3]    The TCEH Committee, which propounded all of this discovery, did not identify any of its requests as "still applicable to the Confirmation Proceedings."

[4]    The Debtors also responded and objected to BNYM's "identification" of TCEH Committee requests as "still applicable to the Confirmation Proceedings."

# KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
September 16, 2015
Page 4

The Debtors committed to search for and produce documents responsive to the three new document requests that arguably complied with Paragraph 7(b) of the Revised Amended Scheduling Order:

> Document Request No. 1: All drafts of the Third Amended Plan that (a) any of the Debtors provided on or after June 1, 2015, to any of the PSA Parties and (b) reflect any of the Debtors' revisions (in track changes, redline or blackline) to any chapter 11 plan with respect to the treatment of the PCRBs.

> Document Request No. 2: Emails and correspondence sent or received on or after April 1, 2015, between any of the Debtors, on one hand, and any of the PSA Parties, on the other hand, regarding the PCRBs or the treatment of the PCRBs in the Settlement Agreement or any chapter 11 plan.

> Document Request No. 9: All correspondence, emails, other communications, or analyses, describing the alleged justification or basis for not permitting the PCRB Claims to share in the 'waiver' of the TCEH First Lien Deficiency Claims.

The Debtors objected that the remainder of BNYM's new document requests, all but one of which sought documents relating to the inter-Debtor claims and the claims against the TCEH First Lien Creditors, failed to comply with Paragraph 7(b) of the Order.[5] Nonetheless, the Debtors expressly stated that, to the extent BNYM's new objectionable requests called for documents pertaining to the change in BNYM's treatment under the Plan as compared to the second amended plan, those documents would be produced in response to Request Nos. 1, 2, and 9. The Debtors have since produced 2,499 unique documents responsive to BNYM's document requests.[6]

The Debtors also responded to several of BNYM's interrogatories, identifying twelve individuals with knowledge most relevant to the Plan and the Settlement Agreement.

## Argument

Now, fifteen days after the Debtors first notified BNYM that many of its discovery requests violated Paragraph 7(b) of the Revised Amended Scheduling Order, and thirteen days

---

[5] The Debtors lodged the same objection to all of the initial document requests served by another party that BNYM "identified" as "still applicable." BNYM has since abandoned all of those requests.

[6] These documents were identified by running a set of broad search terms across several key EFH custodians. Those terms are: PCRB*, Waive*, and Deficien*.

# KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
September 16, 2015
Page 5

after the Debtors served their written responses and objections, BNYM asks the Court to compel the Debtors to respond to nine of its objectionable requests. BNYM's motion should be denied.

## I.    THE DEBTORS HAVE PRODUCED DOCUMENTS RESPONSIVE TO BNYM'S REQUESTS THAT ARGUABLY COMPLY WITH THE ORDER.

The issue of BNYM's treatment under the Plan as compared to the second amended plan is a narrow one that calls for modest discovery. Three of BNYM's document requests cover the waterfront of potentially relevant documents. They seek (a) *all* drafts of the Plan reflecting changes in treatment of the PCRBs, (b) *all* e-mails between the Debtors and the PSA parties regarding the treatment of the PCRBs, and (c) *all* correspondence regarding the justification for not permitting the PCRBs to share in the waiver of TCEH First Lien Deficiency Claims. BNYM does not have a legitimate basis to seek documents beyond these pursuant to Paragraph 7(b) of the Revised Amended Scheduling Order.

## II.    THE NINE DISCOVERY REQUESTS BNYM NOW PURSUES DO NOT COMPLY WITH THE ORDER

The nine discovery requests identified in BNYM's letter are overly broad and in violation of the Revised Amended Scheduling Order and the Court's clear directive. Seven of them relate to the settlement of either the inter-Debtor claims or the claims against the TCEH First Lien Creditors:

Document Request No. 3: Emails and correspondence sent or received on or after April 1, 2015, between any of the Debtors, on one hand, and any of the PSA Parties, on the other hand, regarding the settlement or potential settlement of the TCEH First Lien Deficiency Claims.

Document Request No. 4: The "presentations" that were exchanged by the Disinterested Directors as provided in paragraph 43 of the PSA Motion.

Document Request No. 5: The calculation of the Allowed (i.e., the net) amount of the TCEH Settlement Claim.

Document Request No. 6: All Documents analyzing or describing which of the TCEH Debtors owns each of the TCEH First Lien Investigation Claims.

Document Request No. 7: All Documents analyzing or describing the value of each of the TCEH First Lien Investigation Claims.

Document Request No. 8: Un-redacted copies of the Standing Motions.

## KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
September 16, 2015
Page 6

> <u>Interrogatory No. 2</u>: Identify all witnesses with knowledge of the facts underlying the calculation of the Allowed (i.e., the net) amount of the TCEH Settlement Claim.

> <u>Interrogatory No. 5</u>: Identify all witnesses with knowledge regarding the particular TCEH Debtor(s) that hold each of the TCEH First Lien Investigation Claims.

These requests on their face have nothing to do with the treatment of BNYM or the PCRBs under the Plan as compared to the second amended plan.

BNYM's conclusory statements to the contrary rely on a series of assumptions and responses to hypothetical arguments about how the settlements might, through a multi-step causal chain, have some impact on BNYM's treatment under the Plan. But Paragraph 7(b) of the Revised Amended Scheduling Order is explicit: BNYM's requests are to be "limited" and "strictly confined." These requests are neither. Regardless, if any documents responsive to these requests *did* happen to pertain to the treatment of BNYM or the PCRBs, they were produced in response to Document Requests Nos. 1, 2, and 9.

The last request is simply overly broad and not reasonably tailored to BNYM's Plan objection:

> <u>TCEH Committee Document Request No. 9</u>: All Documents concerning any assessment, evaluation, consideration, or analysis of priority among, and/or treatment, including without limitation, disparate treatment of, unsecured creditors of the TCEH Debtors.

While it may call for some documents relating to BNYM's treatment under the Plan as compared to the second amended plan, it also calls for many other documents. To the extent it does call for documents relating to BNYM's treatment, those documents were produced in response to Document Request Nos. 1, 2, and 9.

## III.    THE DEBTORS HAVE PRODUCED HUNDREDS OF THOUSANDS OF DOCUMENTS PERTAINING TO THE SETTLEMENT OF INTER-DEBTOR CLAIMS AND CLAIMS AGAINST THE TCEH FIRST LIEN CREDITORS.

Notwithstanding the objectionable nature of the nine requests to which BNYM now seeks to compel responses, the Debtors have made clear from the outset that ***they have already produced documents responsive to those requests and provided BNYM with access to those documents***. In the introductory paragraph to its written responses and objections, for instance, the Debtors assured BNYM:

# KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
September 16, 2015
Page 7

> Despite being improperly propounded by BONY here, many of these Requests are duplicative of or substantially overlap with requests properly served by other Participating Parties, and subject to the Debtors' objections to those requests, non-privileged documents responsive to certain of these Requests have been or will be produced.

Indeed, eight of the nine requests relate to the settlement of inter-Debtor claims and claims against the TCEH First Lien Creditors, some of the most heavily sought-after document categories in properly-propounded requests.

The Debtors' efforts to collect and produce documents regarding the settlements have been extraordinary. As the Debtors have shared with BNYM, the Debtors ran a robust of search set of over seventeen custodians to locate documents relating to the Settlement Agreement and the Plan.[7] The two-column list of complex search terms, attached hereto as **Exhibit G**, spans nearly two-and a half pages. The list has been shared with Participating Parties including BNYM. No one has suggested that the list is anything but comprehensive.

## Conclusion

For the reasons set forth above, the Debtors respectfully request a protective order enforcing the discovery limits in Paragraph 7(b) of the Revised Amended Scheduling Order, and denying BNYM's request to compel the Debtors to produce documents and information in response to the nine identified overly broad discovery requests.

Sincerely,

*/s/ Brenton A. Rogers*

Brenton A. Rogers

---

[7] These searches are *in addition* to the Debtors targeted search for documents specifically related to the treatment of the PCRBs.