# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., et al., | Case No. 14-10979 (CSS) |
| DEBTORS. | (Jointly Administered) |

**REQUEST TO THE DEBTORS FOR THE PRODUCTION OF
DOCUMENTS PROPOUNDED BY THE BANK OF NEW YORK
MELLON, AS INDENTURE TRUSTEE, AND THE BANK OF NEW
YORK MELLON TRUST COMPANY, N.A., AS INDENTURE TRUSTEE**

The Bank of New York Mellon ("BNYM"), in its capacity as the PCRB Trustee, and The Bank of New York Mellon Trust Company, N.A. ("BNYMTC" and, together with BNYM, "BNY"), in its capacity as the EFCH 2037 Notes Trustee, by and through undersigned counsel, requests that the above-captioned debtors (the "Debtors") answer each of the following requests for the production of documents (collectively, the "Requests") under oath, in accordance with the *Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Deadlines in Connection with the Confirmation of Debtors' Plan of Reorganization* (D.I. 5771) and Federal Rule of Civil Procedure 34, as incorporated by Federal Rules of Bankruptcy Procedure 7034 and 9014.[1]  The Debtors are required to supplement the responses to the Requests in accordance with Federal Rule of Civil Procedure 26, as incorporated by Federal Rules of Bankruptcy Procedure 7026 and 9014.

**DEFINITIONS**

The following definitions apply to the Requests:

1.       "Allowed" has the meaning ascribed in the Third Amended Plan.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. 5246).

2.      "Debtors" has the meaning ascribed in the Third Amended Plan and also includes the attorneys and other advisors retained by the Debtors.

3.      "Disclosure Statement" means the *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. 5246), as amended or supplemented from time to time.

4.      "Disinterested Directors" has the meaning ascribed in the PSA Motion.

5.      "Document" means any written, recorded or graphic matter however produced or reproduced that is or has been in your possession, control or custody or of which you have knowledge, including without limitation operating statements, profit and loss statements, balance sheets, financial statements, listing and itemizing of inventories, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, prospectuses, certificates, receipts, presentations, billing summaries, invoices, pictures, films, voice recordings, maps, graphs, reports, surveys, electronic data processing, films, minutes or statistical compilations, and every copy of such document where the original is not in your possession, custody or control or where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever which does not appear on the original.

6.      "Identify" or "identification" when used in reference to an individual person means to state his full name, residence address and telephone number (designate whether present or last known), and position and business affiliation, address and telephone number (designate whether present or last known).

7.      "Identify" or "identification" when used in reference to a firm, organization, proprietorship, association, or other organization or entity, means to state its full name, address

and telephone number (designate present or last known), the legal form of such organization or entity, and the identification of its chief executive officer.

8.      "Identify" or "identification" when used in reference to a document means to state the type of document (*e.g*., letter, memorandum, telegram, contract, invoice, etc.) or some other means of identifying it, its date, author, addressee or other intended recipient, or audience, its present location, and custodian.  If any such document was but is no longer in your possession or subject to your control, state its disposition.

9.      "Identify" or "identification" when used in reference to a conversation, conference or meeting means to identify all persons participating or in attendance, to identify all documents prepared for or assembled in preparation for or in connection with such conversation, conference or meeting, to identify all documents recording, summarizing or otherwise arising out of such conversation, conference or meeting, and to describe the purpose of such conversation, conference or meeting, the means of communication, and all actions taken as a result of such conversation, conference or meeting.

10.     "PCRB" has the meaning ascribed in the Third Amended Plan.

11.     "PCRB Claims" has the meaning ascribed in the Third Amended Plan.

12.     "PSA Motion" means the *Motion of Energy Future Holdings Corp., et al., to Authorize the Debtors to Enter Into and Perform Under the Plan Support Agreement* filed on August 10, 2015 (D.I. 5248), as amended or supplemented from time to time.

13.     "PSA Parties" has the meaning ascribed in the PSA Motion, including as defined in footnote 17, and also includes the respective attorneys and other advisors retained by the PSA Parties.

14.     "Settlement Agreement" has the meaning ascribed in the Third Amended Plan.

15.    "Standing Motions" has the meaning ascribed in the PSA Motion.

16.    "TCEH Debtors" has the meaning ascribed in the Third Amended Plan.

17.    "TCEH First Lien Deficiency Claims" has the meaning ascribed in the Third Amended Plan.

18.    "TCEH First Lien Investigation Claims" has the meaning ascribed in the Disclosure Statement.

19.    "TCEH Settlement Claim" has the meaning ascribed in the Third Amended Plan.

20.    "Third Amended Plan" means the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. 5244), as amended or supplemented from time to time.

21.    "You" or "your" means the parties to whom these Requests are addressed.

## INSTRUCTIONS

Your attention is directed to Federal Rule of Civil Procedure 34(b) which provides, in pertinent part, that any party who produces documents for inspection shall "produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request."  In this connection it is requested that all documents be produced in the file folders and file cartons in which they have been maintained and stored, clipped, stapled or otherwise arranged in the same form and manner as they were found.  If you choose to produce the documents requested corresponding with the categories in the Request, identify the file folders, drawers or cartons in which the documents were originally maintained.

Any response to these Requests shall set forth the Request in full before each response. Separate responses shall be provided to each Request.  If, after a good faith search, you conclude that there have never been documents responsive to a particular Request, so state.

Any reference to a person or corporation in this Request to produce includes agents, employees, officers, attorneys or anyone acting on behalf of that person or corporation.

Except where otherwise stated, each Request for the production of documents requests information for the period commencing January 1, 2012, through and including the date on which these Requests for production are answered by you, and thereafter on a continuing basis until the conclusion of the trial of this action.

## A.    PRIVILEGED OR PROPRIETARY MATTERS

If any Request requires the production of documents for which the protection of privilege or work product is asserted, identify in writing each document and provide the following information:

    a.    The reason for withholding the document;

    b.    A statement of the basis for the claim of the privilege, work product, or other grounds of nondisclosure; and

    c.    A brief description of the document, including:

        i.    The date of the document;

        ii.    Number of pages, attachments and appendices;

        iii.    The names of its author, authors or preparer and identification by employment and title of each such person;

        iv.    The name of each person who was sent, shown, or carbon copied the document or who has had access to or custody of the document, together with an identification of each such person;

        v.    The present custodian; and

        vi.    The subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation.

## B.    LOST OR DESTROYED DOCUMENTS

If any document requested has been lost, discarded or destroyed, identify such documents

as completely as possible, including the following information:

    a.      The type of document;

    b.      The date of the document;

    c.      The date or approximate date it was lost, discarded or destroyed;

    d.      The circumstances and manner in which it was lost, discarded or destroyed;

    e.      The reason or reasons for disposing of the document (if discarded or destroyed);

    f.      The identity of all persons authorizing or having knowledge of the circumstances surrounding disposal of the document;

    g.      The identity of the person(s) who lost, discarded or destroyed the document; and

    h.      The identity of all persons having knowledge of the contents thereof.

## <u>REQUESTS FOR THE PRODUCTION OF DOCUMENTS</u>

1.      All drafts of the Third Amended Plan that (a) any of the Debtors provided on or after June 1, 2015, to any of the PSA Parties and (b) reflect any of the Debtors' revisions (in track changes, redline or blackline) to any chapter 11 plan with respect to the treatment of the PCRBs.

2.      Emails and correspondence sent or received on or after April 1, 2015, between any of the Debtors, on one hand, and any of the PSA Parties, on the other hand, regarding the PCRBs or the treatment of the PCRBs in the Settlement Agreement or any chapter 11 plan.

3.      Emails and correspondence sent or received on or after April 1, 2015, between any of the Debtors, on one hand, and any of the PSA Parties, on the other hand, regarding the settlement or potential settlement of the TCEH First Lien Deficiency Claims.

4.      The "presentations" that were exchanged by the Disinterested Directors as provided in paragraph 43 of the PSA Motion.

5.      The calculation of the Allowed (*i.e.*, the net) amount of the TCEH Settlement Claim.

6.      All documents analyzing or describing which of the TCEH Debtors owns each of the TCEH First Lien Investigation Claims.

7.      All documents analyzing or describing the value of each of the TCEH First Lien Investigation Claims.

8.      Un-redacted copies of the Standing Motions.

9.      All correspondence, emails, other communications, or analyses, describing the alleged justification or basis for not permitting the PCRB Claims to share in the "waiver" of the TCEH First Lien Deficiency Claims.

Dated:  August 28, 2015                        Respectfully submitted,
Wilmington, Delaware

                                               REED SMITH LLP

                             By:      */s/ Kurt F. Gwynne*
                                      Kurt F. Gwynne (No. 3951)
                                      Kimberly E.C. Lawson (No. 3966)
                                      1201 Market Street, Suite 1500
                                      Wilmington, DE 19801
                                      Telephone: (302) 778-7500
                                      Facsimile: (302) 778-7575
                                      Email:  kgwynne@reedsmith.com
                                              klawson@reedsmith.com

                                      Counsel to The Bank of New York Mellon,
                                      in its capacity as the PCRB Trustee, and
                                      The Bank of New York Mellon Trust
                                      Company, N.A., in its capacity as the EFCH
                                      2037 Notes Trustee