# **<u>EXHIBIT F</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## DEBTORS' RESPONSES AND OBJECTIONS TO THE INTERROGATORIES PROPOUNDED BY THE BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE, AND THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS INDENTURE TRUSTEE, TO THE DEBTORS

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7033, and 9014, as incorporated thereby, Rules 26 and 33 of the Federal Rules of Civil Procedure, and the *Amended Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization, and (C) Revising Certain Dates in the Disclosure Statement Scheduling Order*, dated August 27, 2015 [D.I. 5771] ("Amended Scheduling Order"), and in connection with the hearing to approve the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, dated August 10, 2015 [D.I. 5244], the above captioned debtors and debtors in possession in these chapter 11 cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby respond and object to the Interrogatories Propounded by the Bank of New York Mellon, as Indenture Trustee, and the Bank of New York Mellon Trust

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Company, N.A., as Indenture Trustee (together, "BONY"), to the Debtors, dated August 31, 2015  (the "Interrogatories").

BONY's Interrogatories in large part contravene the Amended Scheduling Order, which permitted BONY to "serve limited discovery requests strictly confined to the following issue: differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan."  (Amended Scheduling Order ¶ 7.b.)  To the extent that the Debtors respond to these Interrogatories, the Debtors do not waive any objections or rights.

### Specific Responses And Objections

The Debtors incorporate by reference its General Objections set forth below to the extent applicable herein.  Nothing in these responses and objections shall be construed as an acceptance, endorsement, or adoption by the Debtors of any instruction or definition of any term contained in the Interrogatories.

### Interrogatory No. 1

Identify all witnesses for whom the Debtors intend to admit testimony (whether by affidavit, declaration or in person) at any hearing(s) on the PSA Motion, Settlement Agreement Motion, and Third Amended Plan, and describe the substance of their expected testimony.

### Response to Interrogatory No. 1

The Debtors respond to this Interrogatory as narrowed by the September 1, 2015 email of Kimberly E. C. Lawson of Reed Smith, LLP, counsel to BONY.  Subject to and without waiving the Debtors' specific and general objections, the Debtors refer BONY to the Debtors' witness disclosures relating to the Confirmation Proceedings, served on August 28, 2015 in accordance with paragraph 7(a) of the Amended Scheduling Order, and the Debtors' witness disclosures relating to the PSA hearing, served on August 31 and September 1, 2015.  These disclosures will

be supplemented as necessary at an appropriate time, and the Debtors object to this Interrogatory as premature to the extent it calls for anything more. The Debtors object to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling Order, as well as information not relevant to BONY's objection to the PSA. The Debtors further object to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

## **Interrogatory No. 2**

Identify all witnesses with knowledge of the facts underlying the calculation of the Allowed (*i.e.*, the net) amount of the TCEH Settlement Claim.

## **Response to Interrogatory No. 2**

The Debtors respond to this Interrogatory as narrowed by the September 1, 2015 email of Kimberly E. C. Lawson of Reed Smith, LLP, counsel to BONY. The Debtors object to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling Order. The Debtors further object to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

### Interrogatory No. 3

Identify all witnesses with knowledge of the facts providing the alleged basis for the treatment of the PCRBs, as compared to other funded debt and trade debt, in the Settlement Agreement or any chapter 11 plan.

### Response to Interrogatory No. 3

Subject to and without waiving the Debtors' specific and general objections, the Debtors refer BONY to the Debtors' witness disclosures relating to the Confirmation Proceedings, served on August 28, 2015 in accordance with paragraph 7(a) of the Amended Scheduling Order. These disclosures will be supplemented as necessary at an appropriate time, and the Debtors object to this Interrogatory as premature to the extent it calls for anything more. The Debtors object to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Debtors further object to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

### Interrogatory No. 4

Identify all witnesses with knowledge of the facts underlying the claims against the holders of the TCEH First Lien Deficiency Claims that are being settled in the Settlement Agreement and the Third Amended Plan.

### Response to Interrogatory No. 4

Per the September 1, 2015 email of Kimberly E. C. Lawson of Reed Smith LLP, counsel to BONY, this Interrogatory has been withdrawn.

### Interrogatory No. 5

Identify all witnesses with knowledge regarding the particular TCEH Debtor(s) that hold each of the TCEH First Lien Investigation Claims.

4

## Response to Interrogatory No. 5

The Debtors object to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan in contravention of paragraph 7(b) of the Amended Scheduling Order.  The Debtors further object to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

## Interrogatory No. 6

Identify all witnesses with knowledge of the facts underlying the justification or basis for not permitting the PCRB Claims to share in the "waiver" of the TCEH First Lien Deficiency Claims.

## Response to Interrogatory No. 6

The Debtors object to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  The Debtors further object to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.  Subject to and without waiving the Debtors' specific and general objections, the Debtors refer BONY to the Debtors' witness disclosures served on August 28, 2015 in accordance with paragraph 7(a) of the Amended Scheduling Order, which will be supplemented as necessary at an appropriate time before any confirmation hearing.

## Interrogatory No. 7

Identify all witnesses with knowledge of the factual basis for extinguishing the EFCH 2037 Note Claims without any distribution.

### Response to Interrogatory No. 7

The Debtors object to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Debtors further object to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure. Subject to and without waiving the Debtors' specific and general objections, the Debtors refer BONY to the Debtors' witness disclosures served on August 28, 2015 in accordance with paragraph 7(a) of the Amended Scheduling Order, which will be supplemented as necessary at an appropriate time before any confirmation hearing.

*****

### General Objections

The following General Objections and Conditions apply to each of the foregoing Interrogatories. Each General Objection and Condition is hereby incorporated into each individually numbered response as if fully set forth therein.

1.  The Debtors object to the Interrogatories to the extent that they seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to differences in BONY's treatment under the Plan as compared to BONY's treatment under the second amended plan, in contravention of paragraph 7(b) of the Plan Protocol.

2.  The Debtors object to the Interrogatories to the extent that they seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to confirmation of the Debtors' Plan of Reorganization.

3.      The Debtors object to the Interrogatories to the extent that they are vague, ambiguous, and unclear, including the use of terms that are not defined and/or not otherwise susceptible to any single meaning.

4.      The Debtors object to the Interrogatories to the extent that they are duplicative of other requests made in connection with these proceedings, and to the extent that Debtors have already provided information responsive to these Interrogatories.

5.      The Debtors object to the Interrogatories to the extent that they are overly broad or unduly burdensome, including, without limitation, Interrogatories seeking identification of "all witnesses."

6.      The Debtors object to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, common-interest privilege, or any other applicable privilege or protection, or that would result in disclosure of the Debtors' counsel's mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories concerning this or any other litigation.   Any inadvertent disclosure of privileged information shall not be deemed to constitute a waiver of any privilege.

7.      The Debtors object to the Interrogatories to the extent that they seek responses that contain sensitive, confidential, competitive, developmental or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.   To the extent any such information is disclosed in response to the Interrogatories, such disclosure shall be subject to and made pursuant to the Confidentiality Agreement and Stipulated Protective Order agreed upon by the parties and entered by the Court in reference to these Chapter 11 cases on August 13, 2014 [D.I. 1833].

8.      The Debtors object to the Interrogatories to the extent that they seek material that may not be divulged by law or contract, including confidential information of third parties.

9.      The Debtors object to the Interrogatories to the extent that they purport to impose obligations on the Debtors greater than those required by the Federal Rules of Bankruptcy Procedure, including but not limited to Federal Rules of Civil Procedure 26 and 33 as incorporated thereby.  The Debtors will comply with the obligations required by these Rules.

10.     The Debtors object to the Interrogatories to the extent that they purport to require the Debtors to respond on behalf of any person or entity other than the Debtors.  The Debtors respond to these Interrogatories only on behalf of themselves as debtors and debtors-in-possession to these chapter 11 cases.

11.     The Debtors object to the Interrogatories to the extent that they seek disclosure from which the Debtors are entitled to seek protection due to annoyance, embarrassment, oppression, or undue burden or expense.  The Debtors reserve the right to seek such protections pursuant to Federal Rule of Civil Procedure 26(c)(1).

12.     The Debtors object to all Definitions and Interrogatories to the extent that they contain erroneous factual allegations or conclusions.  By responding to these Interrogatories, the Debtors do not admit the truth of any such allegations or conclusions.

13.     The Debtors respond to each Interrogatory based on their present knowledge.  The Debtors reserve the right to make any use of and/or introduce in any hearing or at trial, documents or information not known to exist at the time of production, including, but not limited to, documents obtained in the course of discovery in these chapter 11 cases.

14.     The Debtors object to the Definitions to the the extent that they render the Interrogatories overbroad and unduly burdensome.

15.    The Debtors object to the Interrogatories to the extent that they purport to require responses that are publicly available or equally available to the requesting party.

To the extent the Debtors assert a specific objection to a particular Interrogatory, the Debtors do not thereby waive these General Objections.  To the extent that the Debtors object to a particular Interrogatory but proceed to respond to said Interrogatory in whole or in part, the Debtors do not thereby waive any objection to that Interrogatory.

*****

At the appropriate time, the Debtors may supplement these general and specific objections and the Debtors expressly reserve their right to do so.

Notwithstanding and without waiving the foregoing objections, the Debtors are willing to meet and confer with The Bank of New York Mellon, in its capacity as the PCRB Trustee, and The Bank of New York Mellon Trust Company, N.A., in its capacity as the EFCH 2037 Notes Trustee.

Washington, D.C.
Dated:  September 2, 2015

By: */s/ Brenton A. Rogers*
**Richards, Layton & Finger, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York,  NY 10022

Telephone: (212) 446-4800
Facsimile: (212) 446-4900

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Andrew McGaan (admitted *pro hac vice*)
Brenton A. Rogers (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

-and-

Bryan M. Stephany (admitted *pro hac vice*)
655 15th St NW
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

-and-

Mark E. McKane (admitted *pro hac vice*)
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Co-Counsel to the Debtors and Debtors in Possession