**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

ORDER AUTHORIZING DEBTORS TO ENTER INTO
AND PERFORM UNDER PLAN SUPPORT AGREEMENT

Upon the motion (the "PSA Motion")[2] of the Debtors for entry of an order (this "Order"), authorizing the Debtors (a) to enter into the Plan Support Agreement (the "PSA"), attached hereto as Exhibit A, by and among (i) the Debtors; (ii) the holders of approximately 99.26% of the outstanding equity interests in EFH and its direct and indirect equity holders (the "Consenting Interest Holders"); (iii) ~~holders of more than [__]% of the aggregate outstanding principal amount of the~~certain holders of TCEH First Lien Claims (determined without regard to any claims held by any Debtor) (the "Consenting TCEH First Lien Creditors"); (iv) ~~holders of more than [__]% of the aggregate outstanding principal amount of the~~Wilmington Trust, N.A., as successor administrative agent and collateral agent under the TCEH Credit Agreement (the "TCEH First Lien Agent"), solely in its capacity as such and solely with respect to Section 6.1 and 12.4 of the PSA; (v) certain holders of TCEH Second Lien Note Claims (determined without regard to any claims held by any Debtor) (the "Consenting TCEH Second Lien Noteholders");

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] All capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the PSA Motion, and if not defined therein, then in the PSA.

(~~v) holders of more than [__]% of the aggregate outstanding principal amount of the~~vi) certain holders of TCEH Unsecured Note Claims (determined without regard to any claims held by any Debtor) (the "Consenting TCEH Unsecured Noteholders," and together with the Consenting TCEH First Lien Creditors and the Consenting TCEH Second Lien Noteholders, the "Consenting TCEH Creditor Parties"); (vi~~i~~) the statutory committee of unsecured creditors of the TCEH Debtors and EFH Corporate Services appointed in the Chapter 11 Cases (the "TCEH Official Committee"); and (viii) certain equity investors that are providing and/or backstopping the equity financing in connection with the plan of reorganization (the "Plan") attached as Exhibit A to the PSA (the "Investor Parties," and together with the Debtors, the Consenting Interest Holders, the Consenting TCEH Creditor Parties, the TCEH First Lien Agent, and the TCEH Official Committee, the "Parties"); and (b) to take any and all actions reasonably necessary to consummate, and to perform any and all obligations contemplated by, the PSA, all as more fully set forth in the PSA Motion; and the Court having found that it has jurisdiction to consider the PSA Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the PSA Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that due and proper notice of the PSA Motion is adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the PSA Motion (the "Hearing"); and upon consideration of the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief set forth below is in the best interests of the Debtors' estates, their creditors and other parties in interest; and that the legal and factual bases set forth in the PSA Motion establish just cause for the relief granted

herein; and any objections to the requested relief have been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

### Findings and Conclusions Related To the PSA

A.  As a result of negotiations between certain of the Parties, on August 9, 2015, they reached the agreements embodied in the PSA, which include the agreement between certain of the Parties to pursue and support the Plan on the terms set forth in the PSA, and if the Plan is not consummated (and under certain other circumstances), certain of the Parties agree to support an alternative plan of reorganization or other form of restructuring, liquidation, sale, or structured dismissal consistent with and that incorporates the terms of Section 6.1 of the PSA (an "Alternative Restructuring").

B.  Each of the Debtors, including the Disinterested Directors with respect to such matters as they have determined are actual conflicts matters, have determined, in the valid exercise of their business judgment, that entry into the PSA is in the best interests of the Debtors' estates and their creditors. The Court makes no finding with respect to what matters are or are not actual conflict matters.

C.  The PSA was negotiated at arm's length, has a sound business purpose, is proposed in good faith, does not constitute a solicitation of an acceptance or rejection of a plan, and does not violate section 1125 of the Bankruptcy Code.

D.  Upon entry of this Order, each of the Debtors and each of the other Parties (1) has full power and authority to enter into and perform all of their obligations under the PSA, (2) has full power and authority to take any and all actions necessary to authorize and approve the PSA and has requested and obtained all necessary approvals required to do so, and (3) is legally

authorized to enter into and perform under the PSA and to take any and all actions necessary to authorize, approve and implement the PSA.

E.  Based on the findings set forth above, as well as the record before this Court, the Court hereby concludes as a matter of law that the Debtors' entry into and performance under the PSA is an appropriate exercise of the Debtors' business judgment, has a sound business purpose, and satisfies the legal requirements for approval in this jurisdiction.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.  The PSA Motion is **GRANTED** as set forth herein, and any objections to the PSA Motion not previously withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled with prejudice.

2.  The execution and delivery of the PSA by the Parties, including the Debtors and TCEH Official Committee, are hereby approved.

3.  The Debtors and each of the Parties are authorized and directed to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate, complete, execute, and implement the PSA in accordance with the terms and conditions thereof, including amending the PSA in accordance with the terms thereof, provided that any amendment to the PSA that materially and adversely affects the rights, obligations, or property of EFH, EFIH, EFIH Finance Inc., and EECI, Inc. (collectively, the "EFH Debtors") shall require either (a) five (5) business days' notice to the official committee of unsecured creditors of the EFH Debtors and the US Trustee or (~~ii~~b) prior Court approval.

4.  ~~This~~Notwithstanding any other provision herein, the Court makes no finding or ruling in this Order ~~is without prejudice~~(a) as to the negotiations, reasonableness, business

4

purpose, or good faith of the Settlement Agreement, the Plan, or the terms of the Settlement Agreement or the Plan for any purpose other than the authorization and direction to enter into and perform under the PSA, or (b) as to the standard of review or any factor required for approval of the Settlement Agreement or confirmation of the Plan.  Any rights, if any, of (av) the official committee of unsecured creditors of EFH Corp., EFIH, EFIH Finance Inc., and EECI, Inc., (bw) The Bank of New York Mellon, (ein its capacity as the PCRB Trustee, (x) The Bank of New York Mellon Trust Company, (din its capacity as the EFCH 2037 Notes Trustee, (y) American Stock Transfer & Trust Company, LLC, or (ein its capacity as successor trustee for notes issued by EFH Corp., or (z) UMB Bank, N.A. to assert any argument related to the appropriate legal standard for evaluating or the Debtors' good faith ., in its capacity as indenture trustee for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018 and the 9.75% Senior Notes due 2019, with respect to approval of the Settlement Agreement or confirmation of the Plan or whether the Settlement Agreement or Plan was negotiated in good faith and at arm's length, and such rightsthe matters stated in clauses (a) and (b) above are hereby preservedreserved and not waived.

5. The Parties' entry into the PSA, any and all negotiations among the Parties leading to the execution thereof, and the Parties' performance of or actions in further of any obligations thereunder shall not constitute a solicitation of votes in violation of section 1125(b) of the Bankruptcy Code.

6. Entry of this Order and any termination of the PSA shall not alter or limit the Court's *Stipulation and Agreed Order Regarding Certain Confirmation Scheduling Matters* [D.I. 4918] or the Court's *Third Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy*

5

*Code* [D.I. 4634] (each as may be amended from time to time) with respect to the Debtors' exclusive right to propose and solicit votes with respect to a chapter 11 plan.

7. All dates contained in the *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters* [D.I. 2051], as amended by the *Stipulation and Agreed Order Extending Dates in Order Regarding a Protocol for Certain Case Matters* [D.I. 2760], dated November 13, 2014, the *Stipulation and Agreed Order Extending Dates in Order Regarding a Protocol for Certain Case Matters* [D.I. 4012], dated March 31, 2015, and the *Stipulation and Agreed Order Extending Dates in Order Regarding a Protocol for Certain Case Matters* [D.I. 5057], dated July 21, 2015, regarding the filing of a motion for standing are hereby adjourned without further order or notice.

8. The PSA and this Order shall bind the Parties, their respective successors, assigns, heirs, executors, administrators, and representatives, including, for the avoidance of doubt, any future transferees of the Consenting TCEH First Lien Creditors, the Consenting TCEH Unsecured Noteholders, and the Consenting TCEH Second Lien Noteholders (subject to the terms and conditions set forth in the Plan Support Agreement), as well as (a) counsel to the Consenting TCEH Unsecured Noteholders, White & Case LLP, (b) counsel to the Consenting TCEH First Lien Creditors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, and (c) counsel to the Consenting TCEH Second Lien Noteholders, Brown Rudnick LLP; and (d) any group presently or later identified in a statement filed under Bankruptcy Rule 2019 as being represented by such counsel identified in clause (a), (b), or (c).

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the construction, performance, enforcement, and implementation of the terms of this Order.

Dated: September __, 2015

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

**EXHIBIT A**

**PLAN SUPPORT AGREEMENT**