## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 6083** |

**DECLARATION OF ROBERT FRENZEL,
SENIOR VICE PRESIDENT AND CHIEF FINANCIAL OFFICER OF LUMINANT
GENERATION COMPANY LLC, IN SUPPORT OF THE SUPPLEMENT TO
ORDER AUTHORIZING CERTAIN DEBTORS TO ENTER INTO AGREEMENTS
REGARDING MHI'S WITHDRAWAL FROM THE COMANCHE PEAK JOINT VENTURE**

Pursuant to 28 U.S.C. § 1746, I, Robert Frenzel, hereby declare as follows under penalty of perjury:

1.   I am Senior Vice President and Chief Financial Officer of Luminant Generation Company LLC ("Luminant Generation"), an indirect subsidiary of Energy Future Holdings Corp. ("EFH Corp.").

2.   I have worked for EFH Corp. since 2009 and for Luminant Generation since 2012. I am generally familiar with the Debtors' businesses, day-to-day operations, financial matters, results of operations, cash flows, and underlying books and records. All facts set forth in this Declaration (as defined below) are based upon my personal knowledge of the Debtors' businesses, operations, and related financial information gathered from my review of their books and records, relevant documents, and information supplied to me by members of the Debtors'

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

management team and advisors. I am over the age of 18 and duly authorized to execute this declaration (this "Declaration") on behalf of the Debtors in support of the *Supplement to Order Authorizing Certain Debtors to Enter Into Agreements Regarding MHI's Withdrawal from the Comanche Peak Joint Venture* (the "Order Supplement").[2]

3.  This Declaration addresses the unique facts giving rise to the Debtors' request for the Order Supplement, which seeks authorization to make certain payments associated with preserving the License Application with the NRC, as described in greater detail in the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing Certain Debtors to Enter Into Agreements Regarding MHI's Withdrawal from the Comanche Peak Joint Venture* [D.I. 2664] (the "MHI Withdrawal Motion") and the *Supplement to Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing Certain Debtors to Enter Into Agreements Regarding MHI's Withdrawal from the Comanche Peak Joint Venture* [D.I. 2793] (the "MHI Withdrawal Supplement"). If called to testify, I would testify to the facts set forth herein.

4.  On October 30, 2014, the Debtors filed the MHI Withdrawal Motion, authorizing certain of the Debtors to enter into certain agreements providing for the withdrawal of MHI from the Comanche Peak Joint Venture. In the MHI Withdrawal Motion, the Debtors expressly stated that in connection with MHI's withdrawal from the Comanche Peak Joint Venture, Luminant and its wholly-owned non-Debtor subsidiary, NEFH II, requested that the NRC suspend further reviews of the application governing development, construction, and operating efforts of two new nuclear generation units (such units defined in the MHI Withdrawal Motion as the "New Units" and such application defined in the MHI Withdrawal Motion as the "License

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the MHI Withdrawal Motion and the MHI Withdrawal Supplement.

Application"). Importantly, however, Luminant and NEFH II did not withdraw the License Application in order to preserve their ability to restart generation efforts at the New Units in the future, if macroeconomic conditions so favored.

5. Preserving the License Application was critical for a number of reasons. *First*, the NRC had already approved a number of site-specific aspects of the License Application, the benefit of which would be lost if the License Application was terminated and then restarted in the future. *Second*, the License Application specified Luminant as the owner and operator of the New Units. As Luminant is an existing and experienced operator of nuclear generation units, there are a number of potential benefits from a regulatory review process perspective with preserving Luminant's status as the operator of the New Units under the License Application.

6. As a result, the Debtors sought authority in the MHI Withdrawal Motion to pay certain amounts associated with preserving the License Application (and certain property taxes associated with the site of the New Units) in an aggregate amount not to exceed $125,000. Based on discussions with various constituencies in connection with the MHI Withdrawal Motion, the Debtors filed the MHI Withdrawal Supplement for the express purpose of providing additional disclosures regarding these necessary payments.

7. On November 20, 2014, the Court entered the *Order Authorizing Certain Debtors to Enter Into Agreements Regarding MHI's Withdrawal from the Comanche Peak Joint Venture* [D.I. 2831] (the "Order"), authorizing Luminant to, among other things, pay certain costs associated with preserving the License Application and property taxes related to the site of the New Units in an aggregate amount not to exceed $125,000 each calendar year.

8. At the same time the Debtors were reducing their nuclear generation development activities, other companies with nuclear generation development activities were experiencing a

RLF1 12985143v.1

similar slowdown. Based on communications with the NRC, I understand that the NRC has experienced a consequential slowdown in development and licensing projects and has terminated various contracts entered into to support its licensing review efforts. I understand that these cancellations generated certain cancellation fees, which the NRC has allocated to various companies in the Debtors' industry. At the end of the fourth quarter of 2014, the NRC invoiced the Debtors for a portion of the cancellation fees in the amount of approximately $52,000, which the Debtors paid in the first quarter of 2015. These additional fees will likely result in the Debtors exceeding the $125,000 limit set forth in the Order. Consequently, pursuant to the Order Supplement, the Debtors are requesting a one-time modification of the $125,000 limit to $200,000 for 2015, with the understanding that the $125,000 limit will be imposed for 2016 and each year going forward in which the Debtors remain in chapter 11.

9.    I believe this one-time increase in the $125,000 limit for 2015 will benefit the Debtors' estates in the long-term for a number of reasons. *First*, the cancellation fees are the product of, among other things, the Debtors' slowdown of nuclear generation activities. *Second*, because the Debtors believe, as they did at the time of the MHI Withdrawal Motion, in the importance of keeping the License Application in a suspended status, paying any amounts associated with those efforts are equally important. *Third*, I believe payment of the cancellation fees is necessary to preserving the long-term relationship with the NRC. In addition, given the size of the additional fees and the Debtors' belief that the NRC is unlikely to levy such fees in the future, I believe increasing the $125,000 limit to $200,000 for 2015 is warranted and in the best interests of the Debtors' estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Dated: September 17, 2015

>  */s/ Robert Frenzel*
> Robert Frenzel
> Senior Vice President and Chief Financial Officer
> Luminant Generation Company LLC