WILMERHALE

September 17, 2015

**Philip D. Anker**

+1 212 230 8890 (t)
+1 212 230 8888 (f)
philip.anker@wilmerhale.com

Hon. Christopher S. Sontchi
United States Bankruptcy Court
  for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re:    *In re Energy Future Holdings Corp.*, Case No. 14-10979

Dear Judge Sontchi:

        We are counsel to Delaware Trust Company ("Trustee"), indenture trustee for the first lien notes ("Notes") issued by Energy Future Intermediate Holding Company LLC and EFIH Finance, Inc. ("EFIH"), and to holders of the Notes ("Noteholders"). We write to request that the Court compel the Debtors to produce a witness to testify in response to the sole, narrow Rule 30(b)(6) deposition notice issued by the Trustee.

        On September 14, 2015, in connection with this Court's *Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols In Connection with the Confirmation of Debtors' Plan of Reorganization* [D.I. 5771] (the "Revised Amended Scheduling Order"), the Trustee timely served the Debtors with a Rule 30(b)(6) deposition notice limited to eight topics focused solely on the treatment of the Noteholders' claims under the Plan. [D.I. 5982] (attached as Exhibit A). In both the deposition notice itself, the e-mail serving the deposition notice, and subsequent correspondence, counsel for the Trustee made clear the Trustee's willingness to work with the Debtors and other Participating Parties on scheduling and logistics to minimize any burden on the Debtors. As the Debtors know, the Trustee seeks only this one deposition in Plan discovery.

        Even though this Court had a hearing on depositions scheduled for yesterday, September 16, 2015, the Debtors raised no objection until late yesterday evening. Indeed, in correspondence relating to deposition coordination, the Debtors made no reference whatsoever to any objections to the Trustee's deposition topics. Instead, the Debtors asked only for coordination with other creditors, a request to which the Trustee readily agreed.

        In an e-mail sent late last night, however, counsel for the Debtors informed the Trustee that it objected to the Trustee's notice "in full" because the topics are "primarily legal and/or irrelevant," and that as a result it would not make a witness for the deposition available. It was only after counsel for the Trustee responded that it would have to raise the issue with the Court that counsel for the Debtors indicated any willingness to discuss the matter. And what it now has indicated a willingness to do is very little. In a conversation at 1PM this afternoon, counsel for the Debtors informed the undersigned counsel that while it continued to believe that the topics of the deposition notice were improper, the Debtors would be prepared to put up a witness to be

WilmerHale

September 17, 2015
Page 2

deposed as to the underlying "facts"—with the definition of "facts" left entirely to the Debtors' discretion—regarding the treatment of the Noteholders under the Plan.  Counsel for the Debtors also stated that to the extent it believed a question asked at the deposition exceeded its self-dictated boundaries, it would instruct the witness not to answer. While the Trustee has attempted, in good faith, to resolve this issue consensually, it cannot agree to the conditions that the Debtors are attempting unilaterally to impose.  Accordingly, the Trustee submits this letter brief to the Court.

The Trustee should be permitted to take the Rule 30(b)(6) deposition it has noticed.  As a threshold matter, the Debtors may not simply refuse to make a witness available for a Rule 30(b)(6) deposition based solely on their own assertion that the topics are irrelevant or otherwise inappropriate.  *See, e.g.*, *Crawford v. George & Lynch, Inc.*, --- F. Supp. 2d ----, 2013 WL 6504363, at *5 (D. Del. Dec. 9, 2013).  Nor may the Debtors unilaterally quash the deposition in its entirety because they assert that the topics are legal in nature.  *Jamison v. Miracle Mile Rambler, Inc.*, 536 F.2d 560, 565 (3d Cir.1976);  *SmithKline Beecham Corp. v. Apotex Corp.*, No. 00-CV-1393, 2004 WL 739959, at *3 (E.D. Pa. Mar. 23, 2004).

In any event, the Debtors' arguments are not well founded.  As this Court knows, a central component of the Plan that EFIH and the other Debtors have repeatedly championed is that the Plan supposedly "unimpairs" all E-side creditors, including the Trustee and the Noteholders.  This Court has recognized that "the crux of the confirmation hearing, other than the settlement, is going to be whether the E side creditors are truly unimpaired," and "[i]f the E side creditors are impaired the plan as it exists today is almost certainly going to fail."  8/18/2015 Tr. at 40:13-20; see also 8/25/2015 Tr. at 70:23 (Court stating that if the Plan does impair E side creditors, it is "DOA").  And "given the significance of the issue and the adverse consequences to the plan if the E side creditors are in fact impaired," the Court has "urge[d] the debtors and the plan proponents not to be too cute on the impairment issue."  *Id.* at 41:1-4.  Plainly, the topics set forth in the Trustee's notice are relevant to Plan confirmation.

Further, the Trustee incorrectly asserts—notably without any supporting authority or justification—that the topics are solely "legal."  The question of treatment under the Plan, including whether the Noteholders' claims are impaired, unquestionably is partly legal, but it also has a factual component to it as well.  Indeed, this Court has acknowledged that impairment is a mixed question of law and fact. 8/25/2015 Tr. At 149:20-22.  The Trustee has a right to discover those pertinent facts in a deposition.  *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 214–15 (E.D.Pa.2008) (citations omitted).

WILMERHALE

September 17, 2015
Page 3


      Accordingly, we ask that the Court order the Debtors produce a witness knowledgeable on the limited topics set out in its Rule 30(b)(6) deposition notice.


            Respectfully submitted,

            /s/*Philip D. Anker*


            Wilmer Cutler Pickering Hale and Dorr LLP