# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## DELAWARE TRUST COMPANY, AS INDENTURE TRUSTEE,
## NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

**TO**: Energy Future Holdings Corporation and the above captioned debtors (collectively, the "Debtors"), c/o Richards, Layton & Finger, Attention Mark D. Collins, 920 North King Street, Wilmington, Delaware 19801; Kirkland & Ellis LLP, 555 California Street, San Francisco, CA 94104, Attention Mark E. McKane; Kirkland & Ellis LLP 300 North LaSalle, Chicago, Il 60654, Attention Andrew R. McGaan, P.C.

Pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of the United States District Court for the District of Delaware, made applicable hereto pursuant to the Local Rules for the United States Bankruptcy Court for the District of Delaware (collectively the "Local Rules"), Delaware Trust Company, as indenture trustee (the "Trustee"), for the EFIH First Lien Notes (the "Notes"), and as collateral trustee, will take the deposition upon oral examination of a designee or designees of the Debtors in accordance with the *Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols in Connection with the*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Confirmation of Debtors' Plan of Reorganization* [D.I. 5771], and in connection with the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5244], as it may be amended and the *Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement* [D.I. 5249].

**PLEASE TAKE FURTHER NOTICE THAT** the deposition will take place on October 2, 2015, at 9:30 A.M. at the offices of **WilmerHale, 7 World Trade Center, 250 Greenwich Street, New York, New York, 10007**, or at such other location and time mutually agreeable to counsel. The deposition will take place before a court reporter and will be recorded by stenographic means, may be videotaped, and shall continue from day to day until it has been completed.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the Debtors shall designate one or more officers, directors, managing agents, or other persons who consent to testify on their behalf and who are most knowledgeable and competent to testify concerning each of the subjects set forth in Exhibit A hereto.

The Debtors are requested to identify in writing at least 5 business days in advance of the deposition the name(s) of the person(s) who will testify on the Debtors' behalf and the subject matters on which each person will testify.

2

Wilmington, Delaware
Dated:  September 14, 2015


COLE SCHOTZ P.C.


 */s/ J. Kate Stickles*

Norman L. Pernick (No. 2290)                   Warren A. Usatine
J. Kate Stickles (No. 2917)                         25 Main Street
500 Delaware Avenue, Suite 1410           P.O. Box 800
Wilmington, DE 19801                              Hackensack, NJ 07602
Telephone: 302-652-3131                          Telephone: 201-489-3000
Facsimile: 302-652-3117                           Facsimile: 201-489-1536
npernick@coleschotz.com                        wusatine@coleschotz.com
kstickles@coleschotz.com


-and-

WILMER CUTLER PICKERING HALE
AND DORR, LLP
Philip D. Anker
Charles C. Platt
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800
Facsimile: 212-230-8888
Philip.anker@wilmerhale.com

**EXHIBIT A**

The treatment of the EFIH First Lien Notes Claims under the Plan, including without limitation whether the EFIH First Lien Notes Claims, to the extent allowed, by stipulation, order of the Bankruptcy Court, on appeal or otherwise, and whether before or after the Effective Date, for any makewhole or similar sum arising out of EFIH's repayment of the principal balance of the Notes on or about June 19, 2014, for unpaid interest arising out of EFIH's failure to register some or all such Notes, for any other outstanding interest on the Notes, for professional fees and expenses, and for any other sums set forth in any proofs of claim filed by Trustee, will be paid in full in cash (and, if so, the means for such payment) or receive other treatment such that any and all such claims will be Unimpaired (and if so, what that treatment is).

2.      Whether the Plan leaves unaltered the legal, contractual and equitable rights to which the EFIH First Lien Notes Claims entitle the holders, including without limitation whether the liens securing those claims will remain in full force and effect with the same priority and other rights; whether the rights of the Trustee and the holders of the Notes under the indentures governing those Notes will remain in full force and effect; and whether the rights of the Trustee and the holders of the Notes under the Collateral Trust Agreement will remain in full force and effect.

3.      Any discussions or Documents regarding the treatment of the EFIH First Lien Notes Claims under the Plan.

4.      The description of the EFIH First Lien Notes Claims and their treatment under the Plan contained in the Disclosure Statement.

5.      The bases for any objections that the Debtors have to the EFIH First Lien Notes Claims asserted by the Trustee for unpaid interest arising out of EFIH's failure to register some

or all such Notes, for any other outstanding interest on the Notes, for professional fees and expenses, and for any other sums (other than any claims for any makewhole or similar sum) set forth in any proofs of claim filed by Trustee.

6.      The feasibility of the Plan, including without limitation the projected financial ability of New EFH and any other successor to the EFIH Debtors to pay, in full,  any and all EFIH First Lien Notes Claims as, when and to the extent such claims may be allowed after the Effective Date.

7.      Distributions under the Plan to creditors other than the EFIH First Lien Noteholders arising out of any assets of EFIH, including without limitation EFIH's equity stake in Oncor.

8.      Any other aspect of the Plan affecting the EFIH First Lien Notes Claims and the Notes.

## DEFINITIONS

1.      "And" and "Or" are intended as terms of inclusion, and not exclusion, and should be construed to bring the responses within the scope of a specific request.

2.      "Bankruptcy Court," shall mean the United States Bankruptcy Court for the District of Delaware.

3.      "Collateral Trust Agreement" shall mean the Agreement dated as of November 16, 2009 attached as Exhibit 4.4 to the November 20, 2009, EFIH Form 8-K.

4.      "Disclosure Statement" shall mean the disclosure statement for the Plan filed by the Debtors, as it may be amended from time to time.

5.      "Document", whether capitalized or not, shall mean any recording of information in whatever form, including, but not limited to, memoranda, correspondence, e-mails, personal notes, spreadsheets, databases, work papers, telephone logs, calendars, plan books, diaries, journals and daily records of activity, drawings, graphs, charts, maps, photographs, video and/or audio recordings and other data compilations from which information can be obtained or translated (with or without the use of detection devices), including electronic files, records, and archives.  For purpose of these requests, a document which is a copy of another document is intended to be separately requested if the copy differs in any way by virtue of any changes, additions, redactions, annotations or recipients.

6.      "Effective Date" shall have the meaning given to such term in the Plan.

7.      "EFIH" or the "EFIH Debtors" shall mean Energy Future Intermediate Holding Company LLC and EFIH Finance Inc.

8.      "New EFH" shall have the meaning given to such term in the Plan.

9.      "Notes" shall mean the "EFIH First Lien Notes," as such term is defined in the Plan.

10.   "Oncor" shall mean Oncor Electric Holdings Company LLC and Oncor Electric Delivery Company LLC.

11.   "Plan" shall mean the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, filed by the Debtors on July 23, 2015, as it may be amended or modified from time to time.

12.   "Regarding", whether capitalized or not, shall mean concerning, referring to, relating to, evidencing, explaining, constituting or comprising.

13.   "The EFIH First Lien Notes Claims" shall mean any and all claims enumerated in Delaware Trust Company's Notice of Intent, filed on July 27, 2015 in accordance with Paragraph 4 of the Court's  Order Scheduling Certain Hearing Dates and Deadlines, Establishing Certain Protocols In Connection with the Debtors' Plan of Reorganization, and Revising Certain Dates in the Disclosure Statement Scheduling Order (Docket No. 4916, 4916-1).

14.   "Unimpaired" shall be given the meaning used for the term under Section 1124 of the Bankruptcy Code, 11 U.S.C. § 1124.

15.   "You" or "Your", whether capitalized or not, means the party responding to these discovery requests, including any agents, representatives or any person with any ownership interest thereof, or other persons acting, or purporting to act on behalf or under the control of the party responding to these discovery requests.

### **INSTRUCTIONS**

1.   As used herein, the singular shall include the plural and the plural shall include the singular whenever necessary to bring within the scope of these discovery requests that which might otherwise be outside their scope.

2.   If not otherwise stated, the relevant provisions of the Court's Order Scheduling Certain Hearing Dates and Deadlines, Establishing Certain Protocols In Connection with the

7

Debtors' Plan of Reorganization, and Revising Certain Dates in the Disclosure Statement Scheduling Order (Docket No. 4916, 4916-1) shall be followed.

   3.  Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, you are directed to designate one or more of your officers, directors, managing agents, or other persons who consent to testify on your behalf and who have knowledge of and are adequately prepared to testify concerning the topics enumerated above.