# EXHIBIT D

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## COMPUTERSHARE TRUST COMPANY, N.A. AND COMPUTERSHARE TRUST COMPANY OF CANADA, AS INDENTURE TRUSTEE, NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

**TO**: Energy Future Holdings Corporation and the above captioned debtors (collectively, the "Debtors"), c/o Richards, Layton & Finger, Attention Mark D. Collins, 920 North King Street, Wilmington, Delaware 19801; Kirkland & Ellis LLP, 555 California Street, San Francisco, CA 94104, Attention Mark E. McKane; Kirkland & Ellis LLP 300 North LaSalle, Chicago, Il 60654, Attention Andrew R. McGaan, P.C.

Pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of the United States District Court for the District of Delaware, made applicable hereto pursuant to the Local Rules for the United States Bankruptcy Court for the District of Delaware (collectively the "Local Rules"), Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacity as indenture trustee (the "EFIH Second Lien Indenture Trustee"), for the second lien notes (the "EFIH Second Lien Notes" and the holders thereof, the "EFIH Second Lien Noteholders") issued by Energy Future Intermediate Holding Company LLC and EFIH Finance

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Inc. (collectively, "EFIH"), will take the deposition upon oral examination of a designee or designees of the Debtors in accordance with the *Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization* [D.I. 5771], and in connection with the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5244], as it may be amended and the *Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement* [D.I. 5249].

**PLEASE TAKE FURTHER NOTICE THAT** the deposition will take place on October 2, 2015, at 9:30 A.M. at the offices of **Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036**, or at such other location and time mutually agreeable to counsel.  The deposition will take place before a court reporter and will be recorded by stenographic means, may be videotaped, and shall continue from day to day until it has been completed.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the Debtors shall designate one or more officers, directors, managing agents, or other persons who consent to testify on their behalf and who are most knowledgeable and competent to testify concerning each of the subjects set forth in Exhibit A hereto.

The Debtors are requested to identify in writing at least 5 business days in advance of the deposition the name(s) of the person(s) who will testify on the Debtors' behalf and the subject matters on which each person will testify.

The EFIH Second Lien Indenture Trustee reserves the right to participate in all noticed depositions.

KL3 3045918.2

New York, New York
Dated:  September 15, 2015

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (Bar No. 2436)
Robert J. Feinstein (NY Bar No. RF-2836)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:      ljones@ pszjlaw.com
            rfeinstein@ pszjlaw.com

   *- and –*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Thomas Moers Mayer
Philip Bentley
Joshua K. Brody
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9100
Facsimile:   (212) 715-8000
Email:      tmayer@kramerlevin.com
            pbentley@kramerlevin.com
            jbrody@kramerlevin.com

   *- and –*

BRYAN CAVE LLP
Stephanie Wickouski
1290 Avenue of the Americas
New York, New York 10104-3300
Tel: 212-541-1114
Fax: 212-904-0514
Email: stephanie.wickouski@bryancave.com

Counsel *to the EFIH Second Lien Indenture Trustee*

3

**EXHIBIT A**

**Topics**

1.      The treatment of the EFIH Second Lien Notes Claims under the Plan, including without limitation whether the EFIH Second Lien Notes Claims, to the extent allowed, by stipulation, order of the Bankruptcy Court, on appeal or otherwise, for any makewhole or similar sum arising out of EFIH's repayment of the principal balance of the Notes on or about June 19, 2014, for unpaid interest arising out of EFIH's failure to register some or all such Notes, for any other outstanding interest on the Notes, for fees and expenses of the EFIH Second Lien Trustee (including fees and expenses of its professionals), for indemnification claims of the EFIH Second Lien Trustee, and for any other sums set forth in any proofs of claim filed by the EFIH Second Lien Trustee, will be paid in full in cash (and, if so, the means for such payment) or receive other treatment such that any and all such claims will be Unimpaired (and if so, what that treatment is).

2.      The bases for any objections that the Debtors have to the EFIH Second Lien Noteholders' claims for fees and expenses of the EFIH Second Lien Trustee (including fees and expenses of its professionals), including the fees that the Debtors were put on notice of by invoices sent by the EFIH Second Lien Trustee; and the decision to ignore those invoices, including what was done with each invoice upon receipt, and the Debtors' typical practice regarding the payment of invoices from professional firms.

3.      The manner and extent by which the participation of the EFIH Second Lien Noteholders in the Plan formulation and negotiation process, including through the EFIH Second Lien Group and the EFIH Second Lien Indenture Trustee, resulted in enhanced recoveries to creditors.

4.      The description of the EFIH Second Lien Notes Claims and their treatment under the Plan contained in the Disclosure Statement.

5.      Whether the Plan leaves unaltered the legal, contractual and equitable rights to which the EFIH Second Lien Notes Claims entitle the holders, including without limitation whether the liens securing those claims will remain in full force and effect with the same priority and other rights; whether the rights of the EFIH Second Lien Trustee and the holders of the EFIH Second Lien Notes under the indentures governing those EFIH Second Lien Notes will remain in full force and effect; and whether the rights of the EFIH Second Lien Trustee and the holders of the EFIH Second Lien Notes under the Collateral Trust Agreement will remain in full force and effect.

6.      Any discussions or Documents regarding the treatment of the EFIH Second Lien Notes Claims under the Plan.

7.      The feasibility of the Plan, including without limitation the projected financial ability of New EFH and any other successor to the EFIH Debtors to pay, in full, any and all EFIH Second Lien Notes Claims as, when and to the extent such claims may be allowed before or after the Effective Date, and to satisfy any potential liabilities, including any claims disallowed by the Bankruptcy Court but allowed on appeal.

8.      Distributions under the Plan to creditors other than the EFIH Second Lien Noteholders arising out of any assets of EFIH, including without limitation its equity stake in Oncor.

9.      The reserve allocated for the payment of post-petition interest to PIK Noteholders, including the amount of that reserve, the negotiations that led to its creation, and the decision by

KL3 3045918.2

the new money equity investors to assume the risk of liability for the PIK Noteholders' post-petition interest.

## **Definitions**

1.      "And" and "Or," whether capitalized or not, are intended as terms of inclusion, and not exclusion, and should be construed to bring the responses within the scope of a specific request.

2.      "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Delaware.

3.      "Collateral Trust Agreement" shall mean the Agreement dated as of November 16, 2009 attached as Exhibit 4.4 to the November 20, 2009, EFIH Form 8-K.

4.      "Disclosure Statement" shall mean the disclosure statement for the Plan filed by the Debtors, as it may be amended from time to time.

5.      "Document", whether capitalized or not, shall mean any recording of information in whatever form, including, but not limited to, memoranda, correspondence, e-mails, personal notes, spreadsheets, databases, work papers, telephone logs, calendars, plan books, diaries, journals and daily records of activity, drawings, graphs, charts, maps, photographs, video and/or audio recordings and other data compilations from which information can be obtained or translated (with or without the use of detection devices), including electronic files, records, and archives.  For purpose of these requests, a document which is a copy of another document is intended to be separately requested if the copy differs in any way by virtue of any changes, additions, redactions, annotations or recipients.

6.      "EFIH" or the "EFIH Debtors" shall mean Energy Future Intermediate Holding Company LLC and EFIH Finance Inc.

7.      "EFIH Second Lien Group" shall mean certain holders of the EFIH Second Lien Notes.

KL3 3045918.2

8.      "EFIH Second Lien Noteholders" shall mean the holders of the EFIH Second Lien Notes.

9.      "EFIH Second Lien Notes Claims" shall mean any and all claims by the EFIH Second Lien Noteholders under the EFIH Second Lien Notes Indenture, including, for the avoidance of doubt, claims for (i) principal, (ii) interest (including Additional Interest and interest on interest), (iii) Makewhole Claims, and (iv) fees, expenses and indemnification claims of the EFIH Second Lien Trustee.

10.     "New EFH" shall have the meaning given to such term in the Plan.

11.     "Notes" shall mean the "EFIH Second Lien Notes," as such term is defined in the Plan.

12.     "Oncor" shall mean Oncor Electric Holdings Company LLC and Oncor Electric Delivery Company LLC.

13.     "Plan" shall mean the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, filed by the Debtors on [July 23], 2015, as it may be amended or modified from time to time.

14.     "Regarding", whether capitalized or not, shall mean concerning, referring to, relating to, evidencing, explaining, constituting or comprising.

15.      "Unimpaired" shall be given the meaning used for the term under Section 1124 of the Bankruptcy Code, 11 U.S.C. § 1124.

16.     "You" or "Your", whether capitalized or not, means the party responding to these discovery requests, including any agents, representatives or any person with any ownership interest thereof, or other persons acting, or purporting to act on behalf or under the control of the party responding to these discovery requests.

17.     Any terms not defined herein shall have the meaning ascribed to them in the Disclosure Statement or the Plan.

**<u>Instructions</u>**

1.     As used herein, the singular shall include the plural and the plural shall include the singular whenever necessary to bring within the scope of these discovery requests that which might otherwise be outside their scope.

2.     If not otherwise stated, the relevant provisions of the Court's Order Scheduling Certain Hearing Dates and Deadlines, Establishing Certain Protocols In Connection with the Debtors' Plan of Reorganization, and Revising Certain Dates in the Disclosure Statement Scheduling Order (Docket No. 4916, 4916-1) shall be followed.

3.     Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, you are directed to designate one or more of your officers, directors, managing agents, or other persons who consent to testify on your behalf and who have knowledge of and are adequately prepared to testify concerning the topics enumerated below.

KL3 3045918.2