# **EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER (A) APPROVING THE DISCLOSURE STATEMENT,**
**(B) ESTABLISHING THE VOTING RECORD DATE, VOTING**
**DEADLINE, AND OTHER DATES, (C) APPROVING PROCEDURES**
**FOR SOLICITING, RECEIVING, AND TABULATING VOTES ON THE**
**PLAN AND FOR FILING OBJECTIONS TO THE PLAN, AND (D) APPROVING**
**THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order): (a) approving the *Disclosure Statement for the* ~~Third~~Fourth *Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Disclosure Statement"); (b) establishing the Voting Record Date (defined below), Voting Deadline (defined below), and other dates; (c) approving the procedures for soliciting, receiving, and tabulating votes on the Plan (the "Solicitation Procedures"); (d) approving the manner and forms of notices and other related documents; and (e) granting other relief relating thereto, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion

being adequate and appropriate under the particular circumstances; and a hearing having been

held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the

record of the Hearing and all proceedings had before the Court; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors' estates,

their creditors, and other parties in interest; and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and any objections to the requested

relief have been withdrawn or overruled on the merits; and after due deliberation and sufficient

cause appearing therefor, it is hereby **ORDERED**:

1.      The Motion is granted to the extent provided herein.

## I.      Approval of the Disclosure Statement.

1.      The Disclosure Statement is hereby approved pursuant to section 1125 of the

Bankruptcy Code as providing Holders of Claims and Interests entitled to vote on the Plan with

adequate information to make an informed decision as to whether to vote to accept or reject the

Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

2.      The Disclosure Statement (including all applicable exhibits thereto) provides

Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the

injunction, exculpation, and release provisions contained in Article VIII of the Plan, in

satisfaction of the requirements of Bankruptcy Rule 3016(c).

## II.     Approval of the Disclosure Statement Hearing Notice.

3.      The Disclosure Statement Hearing Notice, attached hereto as **Exhibit 1** and

incorporated by reference herein, filed by the Debtors and served upon parties in interest in these

chapter 11 cases no later than 28 days prior to the deadline by which parties in interest must file objections to the Disclosure Statement, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

III.    **Approval of the Materials and Timeline for Soliciting Votes.**

    A.    **Approval of Key Dates and Deadlines with Respect to the Plan and Disclosure Statement.**

        4.    The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept, and voting on, the Plan:

        (a)    Friday, September 4, 2015 shall be the date for determining: (i) the Holders of Claims and Interests entitled to receive Solicitation Packages; (ii) the Holders of Claims and Interests entitled to vote to accept or reject the Plan; and (iii) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of such Claim (the "Voting Record Date");

        (b)    the Debtors shall distribute Solicitation Packages to Holders of Claims and Interests entitled to vote on the Plan by September 25, 2015, or as soon as reasonably practicable thereafter, following entry of the order approving the Disclosure Statement (the "Solicitation Deadline"); and

        (c)    all Holders of Claims and Interests entitled to vote on the Plan must complete, execute and return their Ballots so that they are actually received by the Solicitation Agent, as applicable, pursuant to the Solicitation Procedures, on or before October 23, 2015, at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline").

    B.    **Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan.**

        5.    In addition to the Disclosure Statement and exhibits thereto, including the Plan and this Order, the Solicitation Packages to be transmitted on or before the Solicitation Deadline

to those Holders of Claims and Interests in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

      (a)      The form Ballots and Master Ballots, substantially in the forms attached hereto as **Exhibit 2-A - 2-F**, respectively;

      (b)      the Cover Letter attached hereto as **Exhibit 3**;

      (c)      the Disclosure Statement (and exhibits thereto, including the Plan);

      (d)      the Order (without exhibits except for **Exhibit 10** attached hereto);

      (e)      the Scheduling Order, and

      (f)      the Confirmation Hearing Notice and cover letter for the Confirmation Hearing Notice attached hereto as **Exhibit 4** and **Exhibit 4-A, respectively.**[3]

6.      The Solicitation Packages provide the Holders of Claims and Interests entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Bankruptcy Rules.

7.      The Debtors shall distribute Solicitation Packages to all Holders of Claims and Interests entitled to vote on the Plan on or before the Solicitation Deadline. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

8.      The Debtors are authorized, but not directed or required, to distribute the Plan, the Disclosure Statement, the Scheduling Order, the Confirmation Hearing Notice and cover letter to the Confirmation Hearing Notice, and this Order to Holders of Claims and Interests entitled to vote on the Plan in CD-ROM format. The Ballots, and the Cover Letter, and the Confirmation

---

[3]    The Confirmation Hearing Notice and cover letter for the Confirmation Hearing Notice will be included in the CD-ROM and may be served in a hard copy in a separate mailing.

~~Hearing Notice~~ will *only* be provided in paper form.  On or before the Solicitation Deadline, the Debtors shall provide Solicitation Packages (without ballots) to the U.S. Trustee, counsel to the applicable agents for the Debtors' lenders, and all parties on the 2002 List as of the Voting Record Date.

9.      Any party who receives a CD-ROM, but who would prefer to receive materials in paper format, may contact the Solicitation Agent and request paper copies of the corresponding materials previously received in CD-ROM format (to be provided at the Debtors' expense).

10.     The Solicitation Agent is authorized to assist the Debtors in (a) distributing the Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims and Interests; (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting Holders of Claims and Interests regarding the Plan or as soon as practicable thereafter.

11.     Each Nominee through which one or more Beneficial Holders holds securities as of the Voting Record Date is hereby ordered to distribute the Solicitation Package to the Beneficial Holders for which they hold the securities within five business days after receipt of such Solicitation Package from the Solicitation Agent and obtain the vote of such Beneficial Holders consistent with customary practices for obtaining the votes of securities held in "street name," in one of the following two ways:

(a)     <u>Master Ballots</u>:  A Nominee may obtain the votes of Beneficial Holders by forwarding to the Beneficial Holders the applicable unsigned Beneficial Holder Ballot, together with the Solicitation Package, a return envelope provided by, and addressed to, the

Nominee, and other materials requested to be forwarded. Each such Beneficial Holder may then indicate his/her or its vote on the Beneficial Holder Ballot, complete the information requested in the Beneficial Holder Ballot, review the certifications contained in the Beneficial Holder Ballot, execute the Beneficial Holder Ballot, and return the Beneficial Holder Ballot to the Nominee. After collecting the Ballots, the Nominee shall, in turn, complete the applicable Master Ballot provided to such Nominee by the Solicitation Agent, and compile the votes and other information from the Beneficial Holder Ballot, execute the Master Ballot, and deliver the Master Ballot to the Solicitation Agent so that it is received by the Balloting before the Voting Deadline. All Beneficial Holder Ballots returned by Beneficial Holders must be retained by Nominees for inspection for at least one year from the Voting Deadline.

(b)    <u>Pre-Validated Ballots</u>:  A Nominee may pre-validate a Beneficial Holder Ballot, by: (i) signing the applicable Beneficial Holder Ballot indicating the name of the Nominee and the DTC participation number; (ii) indicating on the Beneficial Holder Ballot the account number of the Beneficial Holder, and amount of the securities held by the Nominee for such Beneficial Holder; and (iii) forwarding such Beneficial Holder Ballot together with the Solicitation Package and other materials requested to be forwarded to the Beneficial Holder for voting. The Beneficial Holder may then complete the information requested in the Ballot, review the certifications contained in the Ballot, and return the Ballot directly to the Solicitation Agent in the pre-addressed, postage paid envelope included with the Solicitation Package so that it is received by the Solicitation Agent before the Voting Deadline. A list of the Beneficial Holders to whom "pre-validated" Ballots were delivered should be maintained by the Nominee for inspection for at least one year from the Voting Deadline.

## C.    **Approval of the Confirmation Hearing Notice.**

12.    The Confirmation Hearing Notice <u>and cover letter to the Confirmation Hearing Notice</u>, in the form<u>s</u> of which is attached hereto as **Exhibit 4** <u>**and Exhibit 4-A, respectively**</u>, constitutes adequate and sufficient notice of the hearings to consider approval of the Plan, the manner in which a copy of the Plan could be obtained and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. The Debtors shall publish the Confirmation Hearing Notice (in a format modified for publication) one time within seven days

following the Solicitation Deadline in: (i) *The Wall Street Journal, USA Today, The Dallas Morning News, Houston Chronicle, Corpus Christi Caller Times, Fort Worth Star-Telegram, and Waco Tribune-Herald*, and (ii) on the restructuring website established by Epiq, available at http://www.efhcaseinfo.com no later than seven days after the Solicitation Deadline (the "Publication Notice").

### D. Approval of Notice of Filing of the Plan Supplement.

13.     The Debtors are authorized to send notice of the filing of the Plan Supplement, which will be filed and served no later than fourteen days before the Confirmation Hearing or such later date as may be approved by this Court, substantially in the form attached hereto as **Exhibit 5**, on the date the Plan Supplement is filed pursuant to the terms of the Plan.

### E. Approval of the Form of Notices to Non-Voting Classes.

14.     Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes, as such holders are not entitled to vote on the Plan.  Instead, on or before the Solicitation Deadline, the Solicitation Agent shall mail (first-class postage prepaid) a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties who are not entitled to vote on the Plan.  Holders of Unimpaired Claims and Interests that are deemed to accept the Plan in Classes A1, A2, A3, A4, A5, A6 A7, A8, A9, A10 A11, B1, B2, B3, B4, B5, B6, C1, and C2 will receive notice, substantially in the form attached hereto as **Exhibit 6**, in lieu of a Solicitation Package.  Further, the Debtors are authorized, but not directed or required, to distribute a cover letter, the form of which is hereby approved, to Holders of Unimpaired Claims in Class A8, substantially in the form attached hereto as **Exhibit 6-A**.  Holders of Impaired Claims and Interests that are deemed to reject the Plan in Classes A13, A15, B8, B10, C6, C8,

and C10 will receive notice, substantially in the form attached hereto as **Exhibit 7**, in lieu of a Solicitation Package.

15.     The Debtors will not provide the Holders of Intercompany Claims in Classes A12, B7, and C7; Holders of Interests in EFH Debtors Other Than EFH Corp in Class A14; and Holders of Interests in TCEH Debtors Other Than TCEH and EFCH in Class C9 with a Solicitation Package or any other type of notice in connection with solicitation.

16.     The Debtors are not required to mail Solicitation Packages or other solicitation materials to:  (a) Holders of Claims and Interests that have already been paid in full during these Chapter 11 Cases or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

### F.     Approval of Notices to Contract and Lease Counterparties.

17.     The Debtors are authorized to mail a notice of assumption or rejection of any Executory Contracts or Unexpired Leases (and any corresponding Cure Claims), in the forms attached hereto as **Exhibit 8** and **Exhibit 9** and incorporated herein by reference, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan (as the case may be), within the time periods specified in the Plan.

### IV.     Approval of the Solicitation Procedures.

18.     The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation Procedures attached hereto as **Exhibit 10**, which are hereby approved in their entirety; provided, however, that the Debtors reserve the right to amend or supplement the Solicitation Procedures where, in the Debtors' best judgment, doing so would better facilitate the solicitation process.

## V.      Approval of the Timeline for Filing Objections to the Plan

19.      Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order (including the Voting and Tabulation Procedures).  Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, must:  (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; (c) state the name and address of the objecting party and the amount and nature of their respective claim or equity interest; (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed, contemporaneously with a proof of service, with the Court and served so as to be **actually received** by the appropriate notice parties before the Plan Objection Deadline, **October 23, 2015, at 4:00 p.m. (prevailing Eastern Time)**.

20.      Notwithstanding any other provision in the Disclosure Statement or Disclosure Statement Order, the Court makes no finding or ruling in the Disclosure Statement Order, other than with respect to the adequacy of the Disclosure Statement pursuant to Section 1125 of the Bankruptcy Code, with respect to (a) the negotiations, reasonableness, business purpose, or good faith of the Settlement Agreement or the Plan, or as to the terms of the Settlement Agreement or the Plan (or the treatment of any class of claims thereunder and whether those claims are or are not impaired) for any purpose, (b) whether the Plan satisfies any of the requirements for confirmation under section 1129 of the Bankruptcy Code, or (c) the standard of review or any factor required for approval of the Settlement Agreement or Confirmation of the Plan.  Any objections or requests served in connection with the Settlement Agreement and / or the Plan are hereby reserved and not waived by entry of the Disclosure Statement Order; provided, however, that nothing in the Disclosure Statement or the Disclosure Statement Order shall preclude the

Debtors or any other party in interest that is the subject of such objection or discovery requests from seeking to overrule such objections or limit or otherwise overrule such discovery requests.

21.     Any rights of (s) Computershare Trust Company, N.A., and Computershare Trust Company of Canada, in their capacity as indenture trustee for the EFIH second lien notes, and an ad hoc group of EFIH second lien noteholders, (t) Delaware Trust Company, as indenture trustee for the EFIH first lien notes and an ad hoc group of EFIH first lien noteholders, (u) the Office of the United States Trustee, (v) the official committee of unsecured creditors of EFH Corp., EFIH, EFIH Finance Inc., and EECI, Inc., (w) The Bank of New York Mellon, in its capacity as the PCRB Trustee, (x) The Bank of New York Mellon Trust Company, in its capacity as the EFCH 2037 Notes Trustee, (y) American Stock Transfer & Trust Company, LLC, in its capacity as successor trustee for notes issued by EFH Corp., or (z) UMB Bank, N.A., in its capacity as indenture trustee for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018 and the 9.75% Senior Notes due 2019, to object to confirmation of the Plan and approval of the Settlement Agreement are hereby fully reserved and not waived.

~~20.~~22.          Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

~~21.~~23.  All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

~~22.~~24.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

~~23.~~25.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Wilmington, Delaware
Date:  _____, 2015

_____
Honorable Christopher S. Sontchi
United States Bankruptcy Judge

# **EXHIBIT 1**

**Disclosure Statement Hearing Notice**

AS FILED ON MAY 19, 2015 [D.I. 4528]

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF DISCLOSURE STATEMENT HEARING**

     **PLEASE TAKE NOTICE THAT** on **April 14, 2015**, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the (i) *Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 4142] (as may be modified, amended or supplemented from time to time, the "Plan"); (ii) the *Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code*, including all exhibits and schedules thereto [D.I. 4143] (as modified, amended or supplemented from time to time, the "Disclosure Statement").[2]

     **PLEASE TAKE FURTHER NOTICE THAT** on **April 14, 2015**, the Debtors filed the *Motion of Energy Future Holdings Corp.*, et al., *for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of Debtors' Disclosure Statement* [D.I. 4138] (a) scheduling dates and deadlines in connection with the approval of the Disclosure Statement and the confirmation of the Plan and (b) establishing certain protocols in connection with those proceedings in connection with the approval of the Disclosure Statement and the confirmation of the Plan, as applicable.

     **PLEASE TAKE FURTHER NOTICE THAT** a hearing (the "Disclosure Statement Hearing") will commence before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, on **July 20, 2015**, at **9:30 a.m., prevailing Eastern Time**, in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Third Floor,

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan or Disclosure Statement.

Wilmington, Delaware 19801, (the "Court"), to consider the entry of an order (a) approving the disclosure statement; (b) approving solicitation packages and procedures for the distribution thereof; (c) approving the forms of ballots and manner of notice; (d) approving the voting record date, solicitation deadline and voting deadline; (e) establishing notice and objection procedures for confirmation of the plan; and (f) granting other related relief.  Please be advised that the Disclosure Statement Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on the list of parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the voting and claims agent retained by the Debtors in these Chapter 11 Cases, by:  (a) **calling the Debtors' restructuring hotline at (877) 276-7311**; **(b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) emailing efhvote@epiqsystems.com.**  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Disclosure Statement is **June 29, 2015**, at **4:00 p.m.**, **prevailing Eastern Time**.  Any objections to the relief sought at the Disclosure Statement Hearing **must**:  (a) be made in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and if practicable, a proposed modification to the Disclosure Statement (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **June 29, 2015**, at **4:00 p.m.**, **prevailing Eastern Time**:

| **KIRKLAND & ELLIS LLP** | **RICHARDS, LAYTON & FINGER, P.A.** |
|---|---|
| Attn: Edward O. Sassower, P.C. | Attn: Mark D. Collins, Esq. |
| Attn: Stephen E. Hessler, Esq. | Attn: Daniel J. DeFranceschi, Esq. |
| Attn: Brian E. Schartz, Esq. | Attn: Jason M. Madron, Esq. |
| 601 Lexington Avenue | 920 North King Street |
| New York, New York 10022 | Wilmington, Delaware 19801 |
| | |
| Attn: James H.M. Sprayregen, P.C. | |
| Attn: Marc Kieselstein, P.C. | |
| Attn: Chad J. Husnick, Esq. | |
| Attn: Steven N. Serajeddini, Esq. | |
| 300 North LaSalle | |
| Chicago, Illinois 60654 | |

*Co-Counsel to the Debtors*

| | |
|---|---|
| **PROSKAUER ROSE LLP.**<br>Attn: Jeff J. Marwil, Esq.<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **O'KELLY, ERNST & BIELLI LLP**<br>Attn: David M. Klauder, Esq.<br>Attn: Shannon Dougherty, Esq.<br>901 N Market St STE 100<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Holdings Corp.*

| | |
|---|---|
| **MUNGER, TOLLES & OLSON LLP**<br>Attn: Thomas B. Walper, Esq.<br>Attn: Todd J Rosen, Esq.<br>Attn: Seth Goldman, Esq.<br>Attn: John W. Spiegel, Esq.<br>355 S. Grand Ave 35th FL<br>Los Angeles, CA 90071 | **MCELROY, DEUTSCH, MUVANEY, &<br>CARPENTER, LLP**<br>Attn: David P. Primack, Esq.<br>300 Delaware Ste 770<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Debtors*

| | |
|---|---|
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Richard Levin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475 | **STEVENS & LEE PC**<br>Attn: Joseph H. Hutson Jr, Esq.<br>1105 N. Market St STE 700<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Intermediate Holding Company LLC*

**THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**
Attn: Richard L. Shepacarter, Esq.
Attn: Andrea B. Schwartz, Esq.
844 King Street, Suite 2207
Wilmington, Delaware 19801

| | |
|---|---|
| **MORRISON & FOERSTER LLP**<br>Attn: James M. Peck, Esq.<br>Attn: Brett H. Miller, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Todd M. Goren, Esq.<br>Attn: Samantha Martin, Esq.<br>250 West 55th Street<br>New York, New York 10019 | **POLSINELLI PC**<br>Attn: Christopher A. Ward, Esq.<br>Attn: Justin K. Edelson, Esq.<br>Attn: Shanti M. Katona, Esq.<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Creditors' Committee*

| | |
|---|---|
| **SULLIVAN & CROMWELL LLP**<br>Attn: Andrew G. Dietderich, Esq.<br>Attn: Brian D. Glueckstein, Esq.<br>Attn: Michael H. Torkin, Esq.<br>125 Broad St.<br>New York, NY 10004 | **MONTGOMERY, MCCRACKEN, WALKER, &<br>RHOADS LLP**<br>Attn: Natalie D. Ramsey, Esq.<br>Attn: Davis Lee Wright, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Mark A. Fink, Esq.<br>1105 N. Market St 15th FL<br>Wilmington, DE 19801 |

*Co-Counsel to the EFH Creditors' Committee*

*[Remainder of page intentionally left blank.]*

Wilmington, Delaware
Dated:   May 19, 2015

 

**RICHARDS, LAYTON & FINGER, P.A.**

Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:      collins@rlf.com
       defranceschi@rlf.com
       madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**

Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:      edward.sassower@kirkland.com
       stephen.hessler@kirkland.com
       brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:      james.sprayregen@kirkland.com
       marc.kieselstein@kirkland.com
       chad.husnick@kirkland.com
       steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT 2-A**

**Form of Ballot**
**(with respect to TCEH First Lien Claims as Class C3 and C4 Claims, other than TCEH First Lien Note Claims)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**BALLOT FOR ACCEPTING OR REJECTING
THE ~~THIRD~~FOURTH AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE
HOLDINGS CORP., *ET AL.*, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**TCEH FIRST LIEN CLAIMS VOTING AS: (A) TCEH FIRST LIEN SECURED CLAIMS INCLUDED
IN "CLASS C3 — TCEH FIRST LIEN SECURED CLAIMS" AND (B) TCEH FIRST LIEN
DEFICIENCY CLAIMS INCLUDED IN "CLASS C4 — TCEH UNSECURED DEBT CLAIMS"**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "SOLICITATION AGENT") AT (877) 276-7311.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.  THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE TO THE DEBTORS' PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN).

- THIS BALLOT MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 23, 2015** (THE "VOTING DEADLINE").

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

The Class C3 TCEH First Lien Secured Claims and the Class C4 TCEH Unsecured Debt Claims include any Claim derived from or based upon any TCEH First Lien Claim, including TCEH Credit Agreement claims, TCEH First Lien Note Claims, TCEH First Lien Interest Rate Swap Claims and TCEH First Lien Commodity Hedge Claims. This ballot (the "Ballot") is being sent to you because records indicate that you are a Holder of a TCEH First Lien Claim as of September 4, 2015 (the "Voting Record Date"), and, accordingly, you have a right to vote to accept or reject the *~~Third~~Fourth* Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* dated ~~August 10~~September 18, 2015 (as may be modified, amended, or supplemented from time to time, the "Plan").[2]  This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan.

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms, used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

Your rights are described in the *Disclosure Statement for the ~~Third~~Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code,* dated ~~August 10~~September 18, 2015 (as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The Plan and Disclosure Statement are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package").

**YOUR VOTE ON THIS BALLOT FOR CLASS C3 TCEH FIRST LIEN SECURED CLAIMS AND CLASS C4 TCEH UNSECURED DEBT CLAIMS  SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A CLASS C3 AND CLASS C4 CLAIM.**

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class C3 and Class C4 under the Plan.  Attached as Exhibit I to the Disclosure Statement is the Disclosure Statement Order which contains the Solicitation Procedures which govern the solicitation and tabulation of votes to accept or reject the Plan.*

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 23, 2015.**

**Item 1.  Amount of TCEH First Lien Claim.**[3]

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of a TCEH First Lien Claim in the following aggregate amount:

TCEH First Lien Claim:  $_____

**Item 2.  Vote of TCEH First Lien Claim in Class C3 TCEH First Lien Secured Claims and Class C4 TCEH Unsecured Debt Claims.  Your vote will be counted as a vote in Class C3 and as a vote in Class C4.**

The Holder of the **TCEH First Lien Claim** set forth in Item 1 votes to:

Check one box:          ❑     Accept the Plan

                       ❑     Reject the Plan

**ITEM 3.  ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS (THE "RELEASES"):**

> **AS OF THE EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING CLAIMS AND CAUSES OF ACTION IDENTIFIED, CLAIMED, OR RELEASED IN THE STANDING MOTIONS, THE LITIGATION LETTERS, OR THE DISINTERESTED DIRECTORS SETTLEMENT, AS WELL AS ALL OTHER CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN**

---

[3]    For voting purposes only; subject to tabulation rules.

**LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS (INCLUDING DIVIDENDS PAID), TRANSACTIONS PURSUANT AND/OR RELATED TO THE MASTER SEPARATION AGREEMENT DATED DECEMBER 12, 2001, THE TCEH CREDIT AGREEMENT, THE TCEH FIRST LIEN NOTES, THE CASH COLLATERAL ORDER (AND ANY PAYMENTS OR TRANSFERS IN CONNECTION THEREWITH), THE TCEH FIRST LIEN INTERCREDITOR AGREEMENT, THE LIABILITY MANAGEMENT PROGRAM, THE TAX SHARING AGREEMENTS, THE 2007 ACQUISITION, THE MANAGEMENT AGREEMENT, THE 2009 AMENDMENT TO THE TCEH CREDIT AGREEMENT, THE 2011 AMEND AND EXTEND TRANSACTIONS, THE 2005 ONCOR TRANSFER, THE 2013 REVOLVER EXTENSION, THE LUMINANT MAKEWHOLE SETTLEMENT, THE TAX AND INTEREST MAKEWHOLE AGREEMENTS, THE TCEH INTERCOMPANY NOTES, THE SHARED SERVICES, ANY PREFERENCE OR AVOIDANCE CLAIM PURSUANT TO SECTIONS 544, 547, 548, AND 549 OF THE BANKRUPTCY CODE, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE EFIH FIRST LIEN SETTLEMENT, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE TRANSACTION AGREEMENTS, THE DIP FACILITIES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, THE TRANSACTION AGREEMENTS, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN.**

**IMPORTANT INFORMATION REGARDING THE RELEASES:**

UNDER THE PLAN, "RELEASING PARTY" MEANS COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE PLAN SPONSORS; (B) OV2; (C) HOLDERS OF TCEH FIRST LIEN CLAIMS; (D) HOLDERS OF TCEH SECOND LIEN NOTE CLAIMS; (E) HOLDERS OF TCEH UNSECURED NOTE CLAIMS; (F) HOLDERS OF EFH LEGACY NOTE CLAIMS; (G) HOLDERS OF EFH UNEXCHANGED NOTE CLAIMS; (H) HOLDERS OF EFH LBO NOTE PRIMARY CLAIMS; (I) HOLDERS OF EFIH FIRST LIEN NOTE CLAIMS; (J) HOLDERS OF EFIH SECOND LIEN NOTE CLAIMS; (K) HOLDERS OF EFIH UNSECURED NOTE

Case 14-10979-CSS   Doc 6113-2   Filed 09/20/15   Page 22 of 141

Energy Future Holdings Corp., *et al.*
Ballot for TCEH First Lien Claims Voting as: (a) TCEH First Lien Secured Claims Included in "Class C3 TCEH First Lien Secured Claims" and (b) TCEH First Deficiency Claims Included in "Class C4 TCEH Unsecured Debt Claims"

CLAIMS; (L) HOLDERS OF EFH LBO NOTE GUARANTY CLAIMS; (M) THE DIP LENDERS; (N) THE TCEH FIRST LIEN AGENT; (O) THE INDENTURE TRUSTEES; (P) THE DEALER MANAGERS; (Q) TEF; (R) TEXAS HOLDINGS; (S) ONCOR; (T) FUNDS AND ACCOUNTS MANAGED OR ADVISED BY KOHLBERG KRAVIS ROBERTS & CO., L.P., TPG CAPITAL, L.P. OR GOLDMAN, SACHS & CO. THAT HOLD DIRECT OR INDIRECT INTERESTS IN TEXAS HOLDINGS, TEF, OR EFH CORP.; (U) THE TCEH COMMITTEE; (V) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH; (W) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFCH; (X) GENERAL UNSECURED CLAIMS AGAINST THE EFIH DEBTORS; (Y) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFH CORP.; (Z) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH DEBTORS OTHER THAN EFH CORP.; (AA) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN; (BB) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (CC) ALL HOLDERS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN <u>AND</u> WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (DD) ANY ARRANGERS AND LENDERS UNDER THE NEW REORGANIZED EFIH DEBT; (EE) WITH RESPECT TO EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (DD), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; AND (FF) ALL HOLDERS OF CLAIMS AND INTERESTS, SOLELY WITH RESPECT TO RELEASES OF ALL HOLDERS OF INTERESTS IN EFH CORP. AND THEIR CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR AFFILIATES' CURRENT AND FORMER EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND THEIR CURRENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND <u>ONLY IF</u> YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN.  IN THE CASE OF SUCH A DETERMINATION BY THE COURT, IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW.  IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT.  REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, OR (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.

The Holder of the TCEH First Lien Claim set forth in Item 1 elects to:

☐      Opt Out of the Releases.

**Item 4.  Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.      as of the Voting Record Date, the undersigned was the Holder of a TCEH First Lien Claim in the amount set forth in Item 1 above and/or (ii) it has full power and authority to vote to accept or reject the Plan;

b.      the Holder has received a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.      the Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.      the Holder has cast the same vote with respect to all of the Holder's TCEH First Lien Claims;

e.      the Holder understands and acknowledges that if multiple Ballots are submitted voting the same claim, only the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent; and

f.      the Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

*[Remainder of page intentionally left blank.]*

**Item 5. Claim Holder Information and Signature.**

Name of Claim Holder:_____

(*print or type*)

Signature:_____

Name of Signatory:_____

(*if other than Claim Holder*)

If by Authorized Agent, Title of Agent: _____

Address:_____

_____

_____

Date Completed:_____

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT PROMPTLY
IN THE RETURN ENVELOPE PROVIDED OR AS FOLLOWS:**

| If by First Class Mail to: | If by Overnight Courier or Personal Delivery: |
|---|---|
| EFH Ballot Processing c/o Epiq Bankruptcy Solutions, LLC P.O. Box 4422 Beaverton, OR 97076-4422 | EFH Ballot Processing c/o Epiq Bankruptcy Solutions, LLC 10300 SW Allen Boulevard Beaverton, OR 97005 |

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS
4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 23, 2015.**

**BALLOTS RECEIVED VIA EMAIL OR FACSIMILE WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS,
PLEASE CALL THE DEBTORS' SOLICITATION AGENT,
EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (877) 276-7311.**

*[Remainder of page intentionally left blank.]*

Energy Future Holdings Corp., *et al.*

Ballot for TCEH First Lien Claims Voting as: (a) TCEH First Lien Secured Claims Included in "Class C3 TCEH First Lien Secured Claims" and (b) TCEH First Deficiency Claims Included in "Class C4 TCEH Unsecured Debt Claims"

## VOTING INSTRUCTIONS

1.  As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of TCEH First Lien Claims with respect to the Plan referred to in the Disclosure Statement.  The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot.  Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**  You may wish to seek legal advice concerning the Plan and the treatment of your claim or claims under the Plan.

2.  The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.

3.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually received by the Voting Deadline.  **Ballots will not be accepted by email, facsimile or other electronic means.**

4.  The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline.  **The Voting Deadline is October 23, 2015 at 4:00 p.m., prevailing Eastern Time**.

5.  If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order.  In all cases, Holders should allow sufficient time to assure timely delivery.  No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.  A Ballot will not be counted unless received by the Solicitation Agent.

6.  If multiple Ballots are submitted voting the same claim, only the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7.  If a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

8.  If a Holder simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots shall not be counted.

9.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto.  Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

10. The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

11. Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

12. You must vote your entire TCEH First Lien Claim either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

13. Any Ballot that is properly completed, executed and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

14.     The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

15.     If you hold Claims or Interests in more than one Class under the Plan or for different Claims within a Class you may receive more than one Ballot.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

16.     If a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent or disputed (as determined (i) on the face of your Claim, (ii) pursuant to the Plan, or (iii) after a reasonable review of the supporting documentation by the Debtors or the Solicitation Agent) and such Claim has not been allowed, your Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00; provided, that with respect to (iii), any such determinations will be documented in the Voting Report.

17.     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

## PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**If you have any questions regarding this Ballot, or if you did not receive a copy of the Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Balloting Agent by phone at (877) 276-7311 or via email to efhvote@epiqsystems.com.**

**EXHIBIT 2-B**

**Form of Beneficial Holder Ballot for TCEH First Lien Note Claims as Class C3 and C4 Claims**

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

Energy Future Holdings Corp., *et al.*

Beneficial Holder Ballot for TCEH First Lien Note Claims Voting as: (a) TCEH First Lien Secured Claims Included in "Class C3 TCEH First Lien Secured Claims" and (b) TCEH First Deficiency Claims Included in "Class C4 TCEH Unsecured Debt Claims"

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**BENEFICAL HOLDER BALLOT FOR ACCEPTING OR REJECTING
THE ~~THIRD~~FOURTH AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE
HOLDINGS CORP., *ET AL.*, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**TCEH FIRST LIEN NOTE CLAIMS VOTING AS: (A) TCEH FIRST LIEN SECURED CLAIMS INCLUDED
IN "CLASS C3 — TCEH FIRST LIEN SECURED CLAIMS" AND (B) TCEH FIRST LIEN DEFICIENCY
CLAIMS INCLUDED IN "CLASS C4 — TCEH UNSECURED DEBT CLAIMS"
(BALLOT FOR BENEFICIAL HOLDERS OF TCEH FIRST LIEN NOTES)**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "SOLICITATION AGENT") AT (877) 276-7311.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT. THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE TO THE DEBTORS' PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN).

- THIS BALLOT (OR THE MASTER BALLOT REFLECTING THE VOTE CAST ON THIS BALLOT) MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 23, 2015** (THE "VOTING DEADLINE").

- IF A BENEFICIAL HOLDER HOLDS TCEH FIRST LIEN NOTE CLAIMS IN ITS OWN NAME AND/OR THROUGH ONE OR MORE NOMINEES,[2] SUCH BENEFICIAL HOLDER MUST IDENTIFY ALL TCEH FIRST LIEN NOTE CLAIMS HELD IN ACCORDANCE WITH ITEM 4 OF THIS BALLOT, AND MUST INDICATE THE SAME VOTE TO ACCEPT OR REJECT THE PLAN ON ALL BALLOTS SUBMITTED.

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] "Nominee" means a broker, dealer, commercial bank, trust company or other agent nominee who holds Class C3 AND C4 TCEH First Lien Note Claims for the benefit of certain Beneficial Holders.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

Beneficial Holder Ballot for TCEH First Lien Note Claims Voting as: (a) TCEH First Lien Secured Claims Included in "Class C3 TCEH First Lien Secured Claims" and (b) TCEH First Deficiency Claims Included in "Class C4 TCEH Unsecured Debt Claims"

The TCEH First Lien Note Claims in Class C3 TCEH First Lien Secured Claims and Class C4 TCEH Unsecured Debt Claims include any Claim derived from or based upon the TCEH First Lien Notes (as defined in the Plan).  This ballot (the "Ballot") is being sent to you because records indicate that you are the Beneficial Holder of a TCEH First Lien Note Claim as of September 4, 2015 (the "Voting Record Date"), and, accordingly, you may have a right to vote to accept or reject the ~~Third~~Fourth *Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* dated ~~August 10~~September 18, 2015 (as may be modified, amended, or supplemented from time to time, the "Plan").[3]  This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan.  CUSIPS for the TCEH First Lien Note Claims entitled to vote are identified on Exhibit A attached hereto.

Your rights are described in the *Disclosure Statement for the ~~Third~~Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code,* dated ~~August 10~~September 18, 2015 (as may be modified, amended, or supplemented from time to time, the "Disclosure Statement").  The Plan and Disclosure Statement are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package").

**YOUR VOTE ON THIS BALLOT FOR BENEFICIAL HOLDERS OF CLASS C3 TCEH FIRST LIEN SECURED CLAIMS AND CLASS C4 TCEH UNSECURED DEBT CLAIMS SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A CLASS C3 AND CLASS C4 CLAIM.**

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class C3 and in Class C4 under the Plan.  Attached as Exhibit I to the Disclosure Statement is the Disclosure Statement Order which contains the Solicitation Procedures which govern the solicitation and tabulation of votes to accept or reject the Plan.*

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 23, 2015.**

**Item 1.  Amount of TCEH First Lien Notes.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder), of a TCEH First Lien Note Claim in the following principal amount (*insert amount in box below*).  If your TCEH First Lien Note Claim is held by a Nominee on your behalf and you do not know the amount of the TCEH First Lien Note Claim held, please contact your Nominee immediately:

$_____

**Item 2.  Vote of TCEH First Lien Notes in Class C3 TCEH First Lien Secured Claims and Class C4 TCEH Unsecured Debt Claims.   Your vote will be counted as a vote in Class C3 and as a vote in Class C4.**

The Beneficial Holder of the TCEH First Lien Note Claim set forth in Item 1 votes to (*please check one*):

Check one box:          ❑     **Accept** the Plan

                        ❑     **Reject** the Plan

---

[3]     Capitalized terms, used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

Energy Future Holdings Corp., *et al.*
Beneficial Holder Ballot for TCEH First Lien Note Claims Voting as: (a) TCEH First Lien Secured Claims Included in "Class C3 TCEH First Lien Secured Claims" and (b) TCEH First Deficiency Claims Included in "Class C4 TCEH Unsecured Debt Claims"

**ITEM 3.  ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS (THE "RELEASES"):**

**AS OF THE EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING CLAIMS AND CAUSES OF ACTION IDENTIFIED, CLAIMED, OR RELEASED IN THE STANDING MOTIONS, THE LITIGATION LETTERS, OR THE DISINTERESTED DIRECTORS SETTLEMENT, AS WELL AS ALL OTHER CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS (INCLUDING DIVIDENDS PAID), TRANSACTIONS PURSUANT AND/OR RELATED TO THE MASTER SEPARATION AGREEMENT DATED DECEMBER 12, 2001, THE TCEH CREDIT AGREEMENT, THE TCEH FIRST LIEN NOTES, THE CASH COLLATERAL ORDER (AND ANY PAYMENTS OR TRANSFERS IN CONNECTION THEREWITH), THE TCEH FIRST LIEN INTERCREDITOR AGREEMENT, THE LIABILITY MANAGEMENT PROGRAM, THE TAX SHARING AGREEMENTS, THE 2007 ACQUISITION, THE MANAGEMENT AGREEMENT, THE 2009 AMENDMENT TO THE TCEH CREDIT AGREEMENT, THE 2011 AMEND AND EXTEND TRANSACTIONS, THE 2005 ONCOR TRANSFER, THE 2013 REVOLVER EXTENSION, THE LUMINANT MAKEWHOLE SETTLEMENT, THE TAX AND INTEREST MAKEWHOLE AGREEMENTS, THE TCEH INTERCOMPANY NOTES, THE SHARED SERVICES, ANY PREFERENCE OR AVOIDANCE CLAIM PURSUANT TO SECTIONS 544, 547, 548, AND 549 OF THE BANKRUPTCY CODE, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE EFIH FIRST LIEN SETTLEMENT, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE TRANSACTION AGREEMENTS, THE DIP FACILITIES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, THE TRANSACTION AGREEMENTS, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE**

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN.

**IMPORTANT INFORMATION REGARDING THE RELEASES:**

UNDER THE PLAN, "RELEASING PARTY" MEANS COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE PLAN SPONSORS; (B) OV2; (C) HOLDERS OF TCEH FIRST LIEN CLAIMS; (D) HOLDERS OF TCEH SECOND LIEN NOTE CLAIMS; (E) HOLDERS OF TCEH UNSECURED NOTE CLAIMS; (F) HOLDERS OF EFH LEGACY NOTE CLAIMS; (G) HOLDERS OF EFH UNEXCHANGED NOTE CLAIMS; (H) HOLDERS OF EFH LBO NOTE PRIMARY CLAIMS; (I) HOLDERS OF EFIH FIRST LIEN NOTE CLAIMS; (J) HOLDERS OF EFIH SECOND LIEN NOTE CLAIMS; (K) HOLDERS OF EFIH UNSECURED NOTE CLAIMS; (L) HOLDERS OF EFH LBO NOTE GUARANTY CLAIMS; (M) THE DIP LENDERS; (N) THE TCEH FIRST LIEN AGENT; (O) THE INDENTURE TRUSTEES; (P) THE DEALER MANAGERS; (Q) TEF; (R) TEXAS HOLDINGS; (S) ONCOR; (T) FUNDS AND ACCOUNTS MANAGED OR ADVISED BY KOHLBERG KRAVIS ROBERTS & CO., L.P., TPG CAPITAL, L.P. OR GOLDMAN, SACHS & CO. THAT HOLD DIRECT OR INDIRECT INTERESTS IN TEXAS HOLDINGS, TEF, OR EFH CORP.; (U) THE TCEH COMMITTEE; (V) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH; (W) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFCH; (X) GENERAL UNSECURED CLAIMS AGAINST THE EFIH DEBTORS; (Y) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFH CORP.; (Z) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH DEBTORS OTHER THAN EFH CORP.; (AA) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN; (BB) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (CC) ALL HOLDERS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (DD) ANY ARRANGERS AND LENDERS UNDER THE NEW REORGANIZED EFIH DEBT; (EE) WITH RESPECT TO EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (DD), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; AND (FF) ALL HOLDERS OF CLAIMS AND INTERESTS, SOLELY WITH RESPECT TO RELEASES OF ALL HOLDERS OF INTERESTS IN EFH CORP. AND THEIR CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR AFFILIATES' CURRENT AND FORMER EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND THEIR CURRENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND ONLY IF YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN.  IN THE CASE OF SUCH A DETERMINATION BY THE COURT, IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW.  IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT.  REGARDLESS OF WHETHER THE

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, OR (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.

The Holder of the TCEH First Lien Note Claim set forth in Item 1 elects to:

☐      Opt Out of the Releases.

**Item 4.  Certification of TCEH First Lien Notes Held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the TCEH First Lien Note Claims identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for TCEH First Lien Notes by such Beneficial Holder as indicated in Item 1, except for any TCEH First Lien Note Claims identified in the following table, and (b) <u>all</u> Ballots for TCEH First Lien Note Claims submitted by the Beneficial Holder indicate the same vote to accept or reject the Plan that the Beneficial Holder has indicated in Item 2 of this Ballot (please use additional sheets of paper if necessary). **To be clear, if any Beneficial Holder holds TCEH First Lien Note through one or more Nominees, such Beneficial Holder must identify all TCEH First Lien Note Claims held through its own name and/or each Nominee in the following table, and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

ONLY COMPLETE ITEM 4 IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF A TCEH FIRST LIEN NOTE CLAIM

| Account Number of Other TCEH First Lien Note Claims Voted | Name of Owner[4] | Principal Amount of Other TCEH First Lien Note Claims Voted | CUSIP of Other TCEH First Lien Note Claims Voted |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

*[Remainder of page intentionally left blank.]*

---

[4]   **Insert your name if the TCEH First Lien Note Claims are held by you in your own name or, if held in street name through a Nominee, insert the name of your broker or bank.**

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

Energy Future Holdings Corp., *et al.*
Beneficial Holder Ballot for TCEH First Lien Note Claims Voting as: (a) TCEH First Lien Secured Claims Included in "Class C3
TCEH First Lien Secured Claims" and (b) TCEH First Deficiency Claims Included in "Class C4 TCEH Unsecured Debt Claims"

**Item 5.  Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.      as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of Claims arising from the TCEH First Lien Note Claims in the amount set forth in Item 1;

b.      the Beneficial Holder has received a copy of the Disclosure Statement, the Plan,  and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.      the Beneficial Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.      the Beneficial Holder has cast the same vote with respect to all of the Beneficial Holder's TCEH First Lien Claims;

e.      the Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

f.      the Beneficial Holder understands and acknowledges that the Solicitation Agent may verify the amount of TCEH First Lien Note Claim held by the Beneficial Holder as of the Voting Record Date set forth in Item 1 with any Nominee through which the Beneficial Holder holds its TCEH First Lien Note Claim and by returning an executed Ballot the Beneficial Holder directs any such Nominee to provide any information or comply with any actions requested by the Solicitation Agent to verify the amount set forth in Item 1 hereof.  In the event of a discrepancy regarding such amount that cannot be timely reconciled without undue effort on the part of the Solicitation Agent, the amount shown on the records of the Nominee, if applicable, or the Debtors' records shall control; and

g.      the Beneficial Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Beneficial Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Beneficial Holder and shall not be affected by, and shall survive, the death or incapacity of the Beneficial Holder.

*[Remainder of page intentionally left blank.]*

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

Beneficial Holder Ballot for TCEH First Lien Note Claims Voting as: (a) TCEH First Lien Secured Claims Included in "Class C3 TCEH First Lien Secured Claims" and (b) TCEH First Deficiency Claims Included in "Class C4 TCEH Unsecured Debt Claims"

**Item 6.  Beneficial Holder Information and Signature.**

Name of Beneficial Holder: _____
                                *(print or type)*

Signature: _____

Name of Signatory: _____
                        *(if other than Beneficial Holder)*

Title: _____

Address: _____

_____

_____

Date Completed: _____

**THE VOTING DEADLINE IS 4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 23, 2015.**

*IF YOU RECEIVED A RETURN BALLOT ADDRESSED TO THE SOLICITATION AGENT (EPIQ BANKRUPTCY SOLUTIONS, LLC)*, **PLEASE COMPLETE, AND DATE THE BALLOT AND RETURN IT PROMPTLY WITH AN ORIGINAL SIGNED COPY IN THE ENVELOPE PROVIDED SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY THE VOTING DEADLINE.**

*IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE*, **PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.  PLEASE ALLOW SUFFICIENT TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT COMPLETED BY YOUR NOMINEE.  THE MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CALL THE BALLOTING AGENT AT (877) 276-7311.**

*[Remainder of page intentionally left blank.]*

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

Beneficial Holder Ballot for TCEH First Lien Note Claims Voting as: (a) TCEH First Lien Secured Claims Included in "Class C3 TCEH First Lien Secured Claims" and (b) TCEH First Deficiency Claims Included in "Class C4 TCEH Unsecured Debt Claims"

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (877) 276-7311.**

<u>**VOTING INSTRUCTIONS**</u>

1.  As described in the Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of TCEH First Lien Note Claims with respect to the Plan referred to in the Disclosure Statement. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. All capitalized terms used but not defined herein or in the Beneficial Holder Ballot have the meanings ascribed to such terms in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BENEFICIAL HOLDER BALLOT.** You may wish to seek legal advice concerning the Plan and the treatment of your claim or claims under the Plan.

2.  The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Beneficial Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) **sign and return the Ballot** in accordance with the instructions received and in the envelope provided, **so that this Ballot or the master ballot cast on your behalf) is actually received by the Solicitation Agent by the Voting Deadline**. If you are returning your Ballot to the Nominee that provided you with this Ballot, your completed Ballot must be sent to your Nominee, allowing sufficient time for your Nominee to receive your Ballot, complete a master ballot ("Master Ballot"), and transmit the Master Ballot to the Solicitation Agent so that it is <u>actually received</u> by the Voting Deadline.

    **The Solicitation Agent will not accept any ballots by email, facsimile or other electronic means.** If you are directed by your Nominee to submit the Beneficial Holder Ballot to the Nominee via electronic means, such instructions to your Nominee shall have the same effect as if you had completed and returned a physical Beneficial Holder Ballot, including all certifications.

4.  The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is October 23, 2015, at 4:00 p.m., prevailing Eastern Time**.

5.  If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Beneficial Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

6.  The Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7.  If a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

8.  If a Beneficial Holder simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots will not be counted.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

9.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto.  Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

10.    The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

11.    Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

12.    You must vote your entire TCEH First Lien Note Claim either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted as a vote to accept or reject the Plan.

13.    Any Ballot that is properly completed, executed and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

14.    The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

15.    If you hold Claims or Interests in more than one Class under the Plan or for different Claims within a Class you may receive more than one Ballot.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

16.    If a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent or disputed (as determined (i) on the face of your Claim, (ii) pursuant to the Plan, or (iii) after a reasonable review of the supporting documentation by the Debtors or the Solicitation Agent) and such Claim has not been allowed, your Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00; provided, that with respect to (iii), any such determinations will be documented in the Voting Report.

17.    For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided, however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

_____

        This Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certifications with respect to the Beneficial Holder Ballot.  Accordingly, at this time, holders of Bonds should not surrender certificates or instruments evidencing their bonds, and neither the Debtor nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered with a Beneficial Holder Ballot.

**If you have any questions regarding this Ballot, or if you did not receive a copy of the Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Solicitation Agent by phone at (877) 276-7311 or via email to efhvote@epiqsystems.com.**

## <u>PLEASE SUBMIT YOUR BALLOT PROMPTLY!</u>

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

*Energy Future Holdings Corp., et al.*

Beneficial Holder Ballot for TCEH First Lien Note Claims Voting as: (a) TCEH First Lien Secured Claims Included in "Class C3 TCEH First Lien Secured Claims" and (b) TCEH First Deficiency Claims Included in "Class C4 TCEH Unsecured Debt Claims"

### EXHIBIT A

***Your Nominee may have checked a box below to indicate the TCEH First Lien Note to which this Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Ballot.***

### CLASS C3 AND CLASS C4 —TCEH FIRST LIEN NOTE CLAIMS

| | BOND DESCRIPTION | CUSIP |
|---|---|---|
| ☐ | | |
| ☐ | | |
| ☐ | | |
| ☐ | | |
| ☐ | | |

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

## **EXHIBIT 2-C**

**Form Beneficial Holder Ballot**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR REJECTING THE
~~THIRD~~FOURTH AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS
CORP., *ET AL.*, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS [CLASS NUMBER AND DESCRIPTION]**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE
CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC (THE
"SOLICITATION AGENT") AT (877) 276-7311.**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT. THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE TO THE DEBTORS' PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN).

- THIS BALLOT (OR THE MASTER BALLOT REFLECTING THE VOTE CAST ON THIS BALLOT) MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 23, 2015** (THE "VOTING DEADLINE").

- IF A BENEFICIAL HOLDER HOLDS [CLASS NUMBER AND DESCRIPTION] CLAIMS IN ITS OWN NAME AND/OR THROUGH ONE OR MORE NOMINEES,[2] SUCH BENEFICIAL HOLDER MUST IDENTIFY ALL [CLASS NUMBER AND DESCRIPTION] CLAIMS HELD IN ACCORDANCE WITH ITEM 4 OF THIS BALLOT, AND MUST INDICATE THE SAME VOTE TO ACCEPT OR REJECT THE PLAN ON ALL BALLOTS SUBMITTED.

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

The Class [Class Number and Description] includes Note Claims derived from or based upon [Brief Description of Notes Specific to Class], This ballot (the "Ballot") is being sent to you because records indicate that you are the Beneficial Holder of a Class [Class Number and Description] Claim as of September 4, 2015 (the "Voting Record

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    "Nominee" means a broker, dealer, commercial bank, trust company or other agent nominee who holds Class [Class Number and Description] Claims for the benefit of certain Beneficial Holders.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

Date"), and, accordingly, you may have a right to vote to accept or reject the ~~Third~~Fourth *Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al*., Pursuant to Chapter 11 of the Bankruptcy Code* dated ~~August 10~~September 18, 2015 (as may be modified, amended, or supplemented from time to time, the "Plan").[3]  This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan.  CUSIPS for Class [Class Number] entitled to vote are identified on **Exhibit A** attached hereto.

Your rights are described in the *Disclosure Statement for the* ~~Third~~Fourth *Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al*., Pursuant to Chapter 11 of the Bankruptcy Code*, dated ~~August 10~~September 18, 2015 (as may be modified, amended, or supplemented from time to time, the "Disclosure Statement").  The Plan and Disclosure Statement are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package").

**YOUR VOTE ON THIS BALLOT FOR [CLASS NUMBER AND DESCRIPTION] SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A [CLASS NUMBER] CLAIM.**

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class [Class Number and Description] under the Plan.  Attached as Exhibit I to the Disclosure Statement is the Disclosure Statement Order which contains the Solicitation Procedures which govern the solicitation and tabulation of votes to accept or reject the Plan.*

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 23, 2015.**

**Item 1.  Amount of Class [Class Number and Description].**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder), of a Class [Class Number and Description] Claim in the following amount (*insert amount in box below*).  If your Class [Class Number and Description] Claim is held by a Nominee on your behalf and you do not know the amount of the Class [Class Number and Description] Claims held, please contact your Nominee immediately:

$\$_____$

**Item 2.  Vote of Class [Class Number and Description].**

The Beneficial Holder of the Class [Class Number and Description] Claims  set forth in Item 1 votes to (*please check one*):

Check one box:          ☐          **Accept** the Plan

                        ☐          **Reject** the Plan

---

[3]    Capitalized terms, used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

**ITEM 3.  ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS (THE "RELEASES"):**

AS OF THE EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING CLAIMS AND CAUSES OF ACTION IDENTIFIED, CLAIMED, OR RELEASED IN THE STANDING MOTIONS, THE LITIGATION LETTERS, OR THE DISINTERESTED DIRECTORS SETTLEMENT, AS WELL AS ALL OTHER CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS (INCLUDING DIVIDENDS PAID), TRANSACTIONS PURSUANT AND/OR RELATED TO THE MASTER SEPARATION AGREEMENT DATED DECEMBER 12, 2001, THE TCEH CREDIT AGREEMENT, THE TCEH FIRST LIEN NOTES, THE CASH COLLATERAL ORDER (AND ANY PAYMENTS OR TRANSFERS IN CONNECTION THEREWITH), THE TCEH FIRST LIEN INTERCREDITOR AGREEMENT, THE LIABILITY MANAGEMENT PROGRAM, THE TAX SHARING AGREEMENTS, THE 2007 ACQUISITION, THE MANAGEMENT AGREEMENT, THE 2009 AMENDMENT TO THE TCEH CREDIT AGREEMENT, THE 2011 AMEND AND EXTEND TRANSACTIONS, THE 2005 ONCOR TRANSFER, THE 2013 REVOLVER EXTENSION, THE LUMINANT MAKEWHOLE SETTLEMENT, THE TAX AND INTEREST MAKEWHOLE AGREEMENTS, THE TCEH INTERCOMPANY NOTES, THE SHARED SERVICES, ANY PREFERENCE OR AVOIDANCE CLAIM PURSUANT TO SECTIONS 544, 547, 548, AND 549 OF THE BANKRUPTCY CODE, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE EFIH FIRST LIEN SETTLEMENT, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE TRANSACTION AGREEMENTS, THE DIP FACILITIES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, THE TRANSACTION AGREEMENTS, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER

[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]

3

THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN.

**IMPORTANT INFORMATION REGARDING THE RELEASES:**

UNDER THE PLAN, "RELEASING PARTY" MEANS COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE PLAN SPONSORS; (B) OV2; (C) HOLDERS OF TCEH FIRST LIEN CLAIMS; (D) HOLDERS OF TCEH SECOND LIEN NOTE CLAIMS; (E) HOLDERS OF TCEH UNSECURED NOTE CLAIMS; (F) HOLDERS OF EFH LEGACY NOTE CLAIMS; (G) HOLDERS OF EFH UNEXCHANGED NOTE CLAIMS; (H) HOLDERS OF EFH LBO NOTE PRIMARY CLAIMS; (I) HOLDERS OF EFIH FIRST LIEN NOTE CLAIMS; (J) HOLDERS OF EFIH SECOND LIEN NOTE CLAIMS; (K) HOLDERS OF EFIH UNSECURED NOTE CLAIMS; (L) HOLDERS OF EFH LBO NOTE GUARANTY CLAIMS; (M) THE DIP LENDERS; (N) THE TCEH FIRST LIEN AGENT; (O) THE INDENTURE TRUSTEES; (P) THE DEALER MANAGERS; (Q) TEF; (R) TEXAS HOLDINGS; (S) ONCOR; (T) FUNDS AND ACCOUNTS MANAGED OR ADVISED BY KOHLBERG KRAVIS ROBERTS & CO., L.P., TPG CAPITAL, L.P. OR GOLDMAN, SACHS & CO. THAT HOLD DIRECT OR INDIRECT INTERESTS IN TEXAS HOLDINGS, TEF, OR EFH CORP.; (U) THE TCEH COMMITTEE; (V) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH; (W) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFCH; (X) GENERAL UNSECURED CLAIMS AGAINST THE EFIH DEBTORS; (Y) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFH CORP.; (Z) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH DEBTORS OTHER THAN EFH CORP.; (AA) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN; (BB) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (CC) ALL HOLDERS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN <u>AND</u> WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (DD) ANY ARRANGERS AND LENDERS UNDER THE NEW REORGANIZED EFIH DEBT; (EE) WITH RESPECT TO EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (DD), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; AND (FF) ALL HOLDERS OF CLAIMS AND INTERESTS, SOLELY WITH RESPECT TO RELEASES OF ALL HOLDERS OF INTERESTS IN EFH CORP. AND THEIR CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR AFFILIATES' CURRENT AND FORMER EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND THEIR CURRENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND <u>ONLY IF</u> YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN.  IN THE CASE OF SUCH A DETERMINATION BY THE COURT, IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW.  IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT.  REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, OR (C) SUBMIT THE

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.

The Holder of the Class [Class Number and Description] Claim set forth in Item 1 elects to:

☐      Opt Out of the Releases.

**Item 4.  Certification of Class [Class Number and Class Description] Held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the [Class Number and Description] Claim identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the [Class Number and Description] Claims owned by such Beneficial Holder as indicated in Item 1, except for the [Class Number and Description] Claims identified in the following table, and (b) all Ballots for [Class Number and Description] submitted by the Beneficial Holder indicate the same vote to accept or reject the Plan that the Beneficial Holder has indicated in Item 2 of this Ballot (please use additional sheets of paper if necessary).  **To be clear, if any Beneficial Holder holds a [Class Number and Description] Claims through one or more Nominees, such Beneficial Holder must identify all [Class Number and Description] Claims held through its own name and/or each Nominee in the following table, and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

ONLY COMPLETE ITEM 4 IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF A [CLASS NUMBER AND CLASS DESCRIPTION]

| Account Number of Other Class [Class Number] Claims Voted | Name of Owner[4] | Principal Amount of Other Class [Class Number]Claims Voted | CUSIP of Other Class [Class Number] Claims Voted |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

*[Remainder of page intentionally left blank.]*

---

[4]     Insert your name if the **[Class Number and Description] Claims** are held by you in your own name or, if held in street name through a Nominee, insert the name of your broker or bank.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

**Item 5.  Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.      as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of Claims arising from the Class [Class Number and Description] in the amount set forth in Item 1,

b.      the Beneficial Holder has received a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.      the Beneficial Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.      the Beneficial Holder has cast the same vote with respect to all of the Beneficial Holder's Class [Class Number and Description] Claims;

e.      the Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

f.      the Beneficial Holder understands and acknowledges that the Solicitation Agent may verify the amount of Class  [Class Number and Description] Claims held by the Beneficial Holder as of the Voting Record Date set forth in Item 1 with any Nominee through which the Beneficial Holder holds its [Class Number and Description] Claims and by returning an executed Ballot the Beneficial Holder directs any such Nominee to provide any information or comply with any actions requested by the Solicitation Agent to verify the amount set forth in Item 1 hereof.  In the event of a discrepancy regarding such amount that cannot be timely reconciled without undue effort on the part of the Solicitation Agent, the amount shown on the records of the Nominee, if applicable, or the Debtors' records shall control; and

g.      the Beneficial Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Beneficial Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Beneficial Holder and shall not be affected by, and shall survive, the death or incapacity of the Beneficial Holder.

*[Remainder of page intentionally left blank.]*

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

**Item 6.  Beneficial Holder Information and Signature.**

Name of Beneficial Holder:_____
(*print or type*)

Signature:_____

Name of Signatory:_____
(*if other than Beneficial Holder*)

Title: _____

Address:_____

_____

_____

Date Completed:_____

**THE VOTING DEADLINE IS 4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 23, 2015.**

*IF YOU RECEIVED A RETURN BALLOT ADDRESSED TO THE SOLICITATION AGENT (EPIQ BANKRUPTCY SOLUTIONS, LLC)*, **PLEASE COMPLETE, AND DATE THE BALLOT AND RETURN IT PROMPTLY WITH AN ORIGINAL SIGNED COPY IN THE ENVELOPE PROVIDED SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY THE VOTING DEADLINE.**

*IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE*, **PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.  PLEASE ALLOW SUFFICIENT TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT COMPLETED BY YOUR NOMINEE.  THE MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CALL THE BALLOTING AGENT AT (877) 276-7311**.

*[Remainder of page intentionally left blank.]*

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS,
PLEASE CALL THE DEBTORS' SOLICITATION AGENT,
EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (877) 276-7311.**

## VOTING INSTRUCTIONS

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class [Class Number] Claims with respect to the Plan referred to in the Disclosure Statement. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. All capitalized terms used but not defined herein or in the Beneficial Holder Ballot have the meanings ascribed to such terms in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BENEFICIAL HOLDER BALLOT.** You may wish to seek legal advice concerning the Plan and the treatment of your claim or claims under the Plan.

2. The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Beneficial Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) **sign and return the Ballot** in accordance with the instructions received and in the envelope provided, **so that this Ballot or the master ballot cast on your behalf) is actually received by the Solicitation Agent by the Voting Deadline**. If you are returning your Ballot to the Nominee that provided you with this Ballot, your completed Ballot must be sent to your Nominee, allowing sufficient time for your Nominee to receive your Ballot, complete a master ballot ("Master Ballot"), and transmit the Master Ballot to the Solicitation Agent so that it is <u>actually received</u> by the Voting Deadline.

   **The Solicitation Agent will not accept any ballots by email, facsimile or other electronic means.** If you are directed by your Nominee to submit the Beneficial Holder Ballot to the Nominee via electronic means, such instructions to your Nominee shall have the same effect as if you had completed and returned a physical Beneficial Holder Ballot, including all certifications.

4. The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is October 23, 2015, at 4:00 p.m., prevailing Eastern Time**.

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Beneficial Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

6. The Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7. If a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

8. If a Beneficial Holder simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots will not be counted.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

9.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto.  Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

10.     The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

11.     Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

12.     You must vote your entire Class [Class Number and Description] Claims either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted as a vote to accept or reject the Plan.

13.     Any Ballot that is properly completed, executed and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

14.     The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

15.     If you hold Claims or Interests in more than one Class under the Plan or for different Claims within a Class you may receive more than one Ballot.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

16.     If a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent or disputed (as determined (i) on the face of your Claim, (ii) pursuant to the Plan, or (iii) after a reasonable review of the supporting documentation by the Debtors or the Solicitation Agent) and such Claim has not been allowed, your Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00; provided, that with respect to (iii), any such determinations will be documented in the Voting Report.

17.     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided, however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

_____

This Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certifications with respect to the Beneficial Holder Ballot.  Accordingly, at this time, holders of Bonds should not surrender certificates or instruments evidencing their bonds, and neither the Debtor nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered with a Beneficial Holder Ballot.

**If you have any questions regarding this Ballot, or if you did not receive a copy of the Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Solicitation Agent by phone at (877) 276-7311 or via email to efhvote@epiqsystems.com.**

## **PLEASE SUBMIT YOUR BALLOT PROMPTLY!**

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

## EXHIBIT A

*Your Nominee may have checked a box below to indicate the [Class Description] Note to which this Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Ballot.*

### CLASS [CLASS NUMBER AND DESCRIPTION]

| | BOND DESCRIPTION | CUSIP |
|---|---|---|
| ☐ | | |
| ☐ | | |
| ☐ | | |
| ☐ | | |
| ☐ | | |

**<u>EXHIBIT 2-D</u>**

**Form Master Ballot**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MASTER BALLOT FOR ACCEPTING OR REJECTING
THE ~~THIRD~~FOURTH AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE
HOLDINGS CORP., *ET AL.*, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS [CLASS NUMBER AND DESCRIPTION]**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "SOLICITATION AGENT") AT (877) 276-7311.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.

- THIS MASTER BALLOT MUST BE **ACTUALLY RECEIVED** BY **4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 23, 2015** (THE "VOTING DEADLINE").

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS AND INTERESTS REGARDLESS OF WHETHER THEY HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS MASTER BALLOT.

Energy Future Holdings Corp. et al. is soliciting votes with respect to the *~~Third~~Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al*., Pursuant to Chapter 11 of the Bankruptcy Code* dated ~~August 10~~September 18, 2015 (as may be modified, amended, or supplemented from time to time, the "Plan").[2]

This master ballot (the "Master Ballot") to be used by you because records indicate that you are the Nominee (as defined below) of [Class Number Class Description] as of September 4, 2015 (the "Voting Record Date"). Class [Class Number Class Description] includes any Claim derived from or based upon [Note Description(s)] Notes.

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner for the Class [Class Number Class Description] (the "Class [Class Number] Claims"), to transmit to the Solicitation Agent the votes of such beneficial holders in respect of their Class [Class Number] Claims to accept or reject the**

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms, used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[CUSIP AS  INDICATED ON ATTACHED EXHIBIT A]

**Plan.  CUSIPS for the Class [Class Number] Claims entitled to vote are identified on <u>Exhibit A</u> attached hereto.**  This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan.

The *Disclosure Statement for the ~~Third~~Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al.,  Pursuant to Chapter 11 of the Bankruptcy Code,* dated ~~August 10~~September 18, 2015, and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "<u>Disclosure Statement</u>") describe the rights and treatment for each Class.  The Disclosure Statement, the Plan, and certain other materials contained in the Solicitation Package are included in the packet you are receiving with this Master Ballot.  This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto.  **If you believe that you have received this Master Ballot in error, please contact the Debtors' Solicitation Agent by telephone at (877) 276-7311 or via email at efhvote@epiqsystems.com**.

**YOUR VOTE ON THIS BALLOT FOR [CLASS DESCRIPTION] CLAIMS IN [CLASS NUMBER] SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A [CLASS NUMBER] CLAIM.**

The Court may confirm the Plan and thereby bind all Beneficial Holders of Claims and Interests.  To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Solicitation Agent **actually receives** it on or before the Voting Deadline.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 23, 2015.**

**Item 1.  Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐ Is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the Class [Class Number] Claims listed in Item 2 below, and is the record holder of such bonds, or

☐ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of Class [Class Number] Claims listed in Item 2 below, or

☐ Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of Class [Class Number] Claims listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial owners of the Class [Class Number] Claims described in Item 2.

*[Remainder of page intentionally left blank.]*

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**Item 2.  Class [Class Number] Claims Vote on Plan and Item 3.  Releases**

The undersigned transmits the following votes and releases of Beneficial Holders of Class [Class Number and Class Description] against the Debtors and certifies that the following Beneficial Holders of Class [Class Number and Class Description], as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the Voting Record Date and have delivered to the undersigned, as Nominee, ballots ("Ballots") casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each Beneficial Holder must vote all such of their Class [Class Number and Class Description] to accept or reject the Plan and may not split such vote.  Any Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.  If the Beneficial Holder has checked the box on Item 3 of the Beneficial Holder Ballot pertaining to the releases by Holders of Claims and Interests, as detailed in Article VIII.D of the Plan please place an X in the Item 3. column below. The full text of Article VIII.D is duplicated in the Master Ballot Instructions.

## A SEPARATE MASTER BALLOT MUST BE USED FOR EACH CUSIP.

| **Your Customer Account Number for Each Beneficial Owner of Voting Class** | **Principal Amount Held as of Voting Record Date** | **Item 2**<br><br>**Indicate the vote cast on the Beneficial Holder Ballot by placing an "X" in the appropriate column below.** | | | | **Item 3**<br><br>**If the box in Item 3 of the Beneficial Holder Ballot was completed, place an "X" in the column below** |
|---|---|---|---|---|---|---|
| **CUSIP VOTED ON THIS MASTER BALLOT** _____ (CUSIP NO.) | | | | | | |
| | | **Accept the Plan** | **or** | **Reject the Plan** | **or** | |
| 1 | $ | | | | | |
| 2 | $ | | | | | |
| 3 | $ | | | | | |
| 4 | $ | | | | | |
| 5 | $ | | | | | |
| 6 | $ | | | | | |
| **TOTALS** | $ | | | | | |

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**Item 4.  Certification as to Transcription of Information from Item 4 of the Ballots as to Class [Class Number Class Description] Voted Through Other Ballots.**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Beneficial Ballot received from a Beneficial Owner. Please use additional sheets of paper if necessary.

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 4 of the Ballots | TRANSCRIBE FROM ITEM 4 OF THE BENEFICIAL HOLDER BALLOTS: | | | |
| --- | --- | --- | --- | --- |
| | Account Number of Other Class [Class Number] Claims Voted | Name of Owner | Principal Amount of Other Class [Class Number] Claims Voted | CUSIP of Other Class [Class Number]Claims Voted |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

**Item 5.  Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

1.     it has received a copy of the Disclosure Statement, the Plan, the Ballots and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Class [Class Number} Claims listed in Item 2 above;

2.     it has received appropriate voting instructions from each Beneficial Holder listed in Item 2 of this Master Ballot; or

3.     it is the registered Beneficial Holder of the securities being voted, or

4.     it has been authorized by each such Beneficial Holder to vote on the Plan;

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

5.  it has properly disclosed:  (a) the number of Beneficial Holders who completed Ballots; (b) the respective amounts of the Class [Class Number Class Description] owned, as the case may be, by each Beneficial Holder who completed a Ballot; (c) each such Beneficial Holder's respective vote concerning the Plan; (e) each such Beneficial Holder's certification as to other Class [Class Number and Class Description] voted; and (f) the customer account or other identification number for each such Beneficial Holder; and

6.  it will maintain Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Effective Date and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.


Name of Nominee:        _____
                            (Print or Type)

Participant Number:

                        _____

Name of Proxy Holder or Agent for Nominee (if applicable):


                        _____
                            (Print or Type)

                        _____

Signature:              _____

Name of Signatory:      _____


Title:                  _____

Address:                _____

                        _____

                        _____

Date Completed:         _____

Email Address:          _____


**THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 23, 2015.**

**BALLOTS RECEIVED VIA EMAIL OR FACSIMILE WILL NOT BE COUNTED**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CALL THE DEBTOR'S SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC AT (877) 276-7311**.


[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**PLEASE COMPLETE, SIGN AND, DATE THE MASTER BALLOT AND RETURN IT WITH AN ORIGINAL SIGNATURE PROMPTLY TO:**

| **Via First Class Mail, Overnight Courier or Hand Delivery:** |
|:---:|
| EFH Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>777 Third Avenue, 12th Floor<br>New York, NY 10017 |

**YOUR MASTER BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS <u>4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 23, 2015</u>**

IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE INSTRUCTIONS, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (877) 276-7311.

## <u>VOTING INSTRUCTIONS</u>

1.    As described in the Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class [Class Number Class Description] with respect to the Plan referred to in the Disclosure Statement. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.

2.    The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Beneficial Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3.    You should immediately distribute the Ballots and the Solicitation Package to all Beneficial Holders of Class [Class Number] Claims and take any action required to enable each such Beneficial Holder to vote timely the Claims that it holds. Any Ballot returned to you by a Beneficial Holder of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Solicitation Agent, a Master Ballot that reflects the vote of such Beneficial Holders by 4:00 p.m. (prevailing Eastern Time) on October 23, 2015, or otherwise validate the Ballot in a manner acceptable to the Solicitation Agent.

If you are transmitting the votes of any beneficial owners of Class [Class Number] Claims other than yourself, you may <u>either</u>:

(a)    "Pre-validate" the individual Beneficial Holder Ballot contained in the Solicitation Package and then forward the Solicitation Package to the Beneficial Holder of the Class [Class Number] Claim for voting within five (5) Business Days after the receipt by such Nominee of the Solicitation Package, with the Beneficial Holder then returning the individual Beneficial Holder Ballot directly to the Solicitation Agent in the return envelope to be provided in the Solicitation Package. A Nominee "pre-validates" a Beneficial Holder Ballot by signing the Ballot and including their DTC participant number; indicating the account number of the Beneficial Holder and the principal amount of Class [Class Number Class Description] Claim held by the Nominee for such Beneficial Holder, and then forwarding the Ballot together with the Solicitation Package to the Beneficial Holder. The Beneficial Holder then completes the information requested on the Ballot and returns the Ballot directly to the Balloting Agent. A list of the Beneficial Holders to whom "pre-validated" Ballots were delivered should be maintained by nominees for inspection for at least one year from the Effective Date; OR

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

(b)     Within five (5) Business Days after receipt by such Nominee of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Class [Class Number] Claim for voting along with a return envelope provided by and addressed to the Nominee, with the beneficial owner then returning the individual Beneficial Holder Ballot to the Nominee. In such case, the Nominee will tabulate the votes of its respective Beneficial Owners on a Master Ballot that will be provided to the Nominee separately by the Solicitation Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Solicitation Agent. The Nominee should advise the Beneficial Holders to return their individual Beneficial Holder Ballots to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Solicitation Agent so that the Master Ballot is <u>actually</u> <u>received</u> by the Solicitation Agent on or before the Voting Deadline.

4.     With regard to any Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Solicitation Agent by the Voting Deadline; and (d) retain such Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date of the Plan. You may be ordered to produce the Ballots to the Debtors or the Bankruptcy Court.

5.     The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is October 23, 2015, at 4:00 p.m., prevailing Eastern Time.**

6.     If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Beneficial Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

7.     If multiple Master Ballots are received from the same Nominee with respect to the same Ballot belonging to a Beneficial Holder of a Claim prior to the Voting Deadline, the vote on the last properly completed Master Ballot timely received will supersede and revoke the vote of such Beneficial Holder on any earlier received Master Ballot.

8.     If a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

9.     If a voter simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots shall not be counted.

10.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

11.     The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

12.     Please be sure to sign and date your Master Ballot. You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Balloting Agent,

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13. If you are both the Nominee and the Beneficial Holder of any of the Class [Class Number] Claims and you wish to vote such Class [Class Number] Claims, you may return a Ballot or Master Ballot for such Class Class Number] Claims and you must vote your entire Class [Class Number] Claims to either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot, other than a Master Ballot with the votes of multiple holders, that partially rejects and partially accepts the Plan will not be counted.

14. The following Ballots and Master Ballots shall not be counted in determining the acceptance or rejection of the Plan:  (a) any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder of the Claim; (b) any Ballot or Master Ballot cast by a Party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot or Master Ballot; (d) any Ballot or Master Ballot that does not contain an original signature; (e) any Ballot or Master Ballot not marked to accept or reject the Plan; and (f) any Ballot or Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

15. If a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent or disputed (as determined (i) on the face of your Claim, (ii) pursuant to the Plan, or (iii) after a reasonable review of the supporting documentation by the Debtors or the Solicitation Agent) and such Claim has not been allowed, your Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00; provided, that with respect to (iii), any such determinations will be documented in the Voting Report.

16. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

<u>The following additional rules shall apply to Master Ballots:</u>

17. Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Class [Class Number] Claims as of the Record Date, as evidenced by the record and depository listings.

18. Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, will not be counted in excess of the record amount of the Class [Class Number] Claims held by such Nominee;

19. To the extent that conflicting votes or "overvotes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, the Solicitation Agent will attempt to reconcile discrepancies with the Nominee;

20. To the extent that overvotes on a Master Ballot or pre-validated Beneficial Holder Ballots are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Beneficial Holder Ballots that contained the overvote, but only to the extent of the Nominee's position in Class [Class Number] Claims; and

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

21.    For purposes of tabulating votes, each Beneficial Holder holding through a particular account will be deemed to have voted the principal amount relating its holding in that particular account, although the Solicitation Agent may be asked to adjust such principal amount to reflect the claim amount.

**ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS (THE "RELEASES"):**

> **AS OF THE EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING CLAIMS AND CAUSES OF ACTION IDENTIFIED, CLAIMED, OR RELEASED IN THE STANDING MOTIONS, THE LITIGATION LETTERS, OR THE DISINTERESTED DIRECTORS SETTLEMENT, AS WELL AS ALL OTHER CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS (INCLUDING DIVIDENDS PAID), TRANSACTIONS PURSUANT AND/OR RELATED TO THE MASTER SEPARATION AGREEMENT DATED DECEMBER 12, 2001, THE TCEH CREDIT AGREEMENT, THE TCEH FIRST LIEN NOTES, THE CASH COLLATERAL ORDER (AND ANY PAYMENTS OR TRANSFERS IN CONNECTION THEREWITH), THE TCEH FIRST LIEN INTERCREDITOR AGREEMENT, THE LIABILITY MANAGEMENT PROGRAM, THE TAX SHARING AGREEMENTS, THE 2007 ACQUISITION, THE MANAGEMENT AGREEMENT, THE 2009 AMENDMENT TO THE TCEH CREDIT AGREEMENT, THE 2011 AMEND AND EXTEND TRANSACTIONS, THE 2005 ONCOR TRANSFER, THE 2013 REVOLVER EXTENSION, THE LUMINANT MAKEWHOLE SETTLEMENT, THE TAX AND INTEREST MAKEWHOLE AGREEMENTS, THE TCEH INTERCOMPANY NOTES, THE SHARED SERVICES, ANY PREFERENCE OR AVOIDANCE CLAIM PURSUANT TO SECTIONS 544, 547, 548, AND 549 OF THE BANKRUPTCY CODE, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE EFIH FIRST LIEN SETTLEMENT, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE TRANSACTION AGREEMENTS, THE DIP FACILITIES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER**

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**THE PLAN, THE TRANSACTION AGREEMENTS, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN.**

<u>**IMPORTANT INFORMATION REGARDING THE RELEASES**</u> **:**

UNDER THE PLAN, "RELEASING PARTY" MEANS COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE PLAN SPONSORS; (B) OV2; (C) HOLDERS OF TCEH FIRST LIEN CLAIMS; (D) HOLDERS OF TCEH SECOND LIEN NOTE CLAIMS; (E) HOLDERS OF TCEH UNSECURED NOTE CLAIMS; (F) HOLDERS OF EFH LEGACY NOTE CLAIMS; (G) HOLDERS OF EFH UNEXCHANGED NOTE CLAIMS; (H) HOLDERS OF EFH LBO NOTE PRIMARY CLAIMS; (I) HOLDERS OF EFIH FIRST LIEN NOTE CLAIMS; (J) HOLDERS OF EFIH SECOND LIEN NOTE CLAIMS; (K) HOLDERS OF EFIH UNSECURED NOTE CLAIMS; (L) HOLDERS OF EFH LBO NOTE GUARANTY CLAIMS; (M) THE DIP LENDERS; (N) THE TCEH FIRST LIEN AGENT; (O) THE INDENTURE TRUSTEES; (P) THE DEALER MANAGERS; (Q) TEF; (R) TEXAS HOLDINGS; (S) ONCOR; (T) FUNDS AND ACCOUNTS MANAGED OR ADVISED BY KOHLBERG KRAVIS ROBERTS & CO., L.P., TPG CAPITAL, L.P. OR GOLDMAN, SACHS & CO. THAT HOLD DIRECT OR INDIRECT INTERESTS IN TEXAS HOLDINGS, TEF, OR EFH CORP.; (U) THE TCEH COMMITTEE; (V) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH; (W) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFCH; (X) GENERAL UNSECURED CLAIMS AGAINST THE EFIH DEBTORS; (Y) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFH CORP.; (Z) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH DEBTORS OTHER THAN EFH CORP.; (AA) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN; (BB) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (CC) ALL HOLDERS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN <u>AND</u> WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (DD) ANY ARRANGERS AND LENDERS UNDER THE NEW REORGANIZED EFIH DEBT; (EE) WITH RESPECT TO EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (DD), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; AND (FF) ALL HOLDERS OF CLAIMS AND INTERESTS, SOLELY WITH RESPECT TO RELEASES OF ALL HOLDERS OF INTERESTS IN EFH CORP. AND THEIR CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR AFFILIATES' CURRENT AND FORMER EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND THEIR CURRENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH.

THE BENEFICIAL HOLDER IS A "RELEASING PARTY" UNDER THE PLAN AND IS DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE.

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

BENEFICIAL HOLDERS MAY CHECK THE BOX IN ITEM 3 OF THE BENEFICIAL HOLDER BALLOT TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT BENEFICIAL HOLDER HAS THE RIGHT TO OPT-OUT OF THE RELEASES AND <u>ONLY IF</u> THE BENEFICIAL HOLDER (A) SUBMITS THE BALLOT BUT ABSTAINS FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTES TO REJECT THE PLAN.  IN THE CASE OF SUCH A DETERMINATION BY THE COURT, IF THE BENEFICIAL HOLDER VOTES TO REJECT THE PLAN, THE BENEFICIAL HOLDER WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER THE BENEFICIAL HOLDER CHECKS THE BOX IN ITEM 3 OF THE BENEFICIAL HOLDER BALLOT.  IF THE BENEFICIAL HOLDER SATISFIES THE ABOVE REQUIREMENTS AND CHECKS THE BOX IN ITEM 3 OF THE BENEFICIAL HOLDER BALLOT (OR VOTE TO REJECT THE PLAN), THE BENEFICIAL HOLDER'S OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT.  REGARDLESS OF WHETHER THE COURT DETERMINES THAT THE BENEFICIAL HOLDER HAS A RIGHT TO OPT-OUT OF THE RELEASES, IF THE BENEFICIAL HOLDER (A) VOTES TO ACCEPT THE PLAN, (B) FAILS TO SUBMIT A BALLOT BY THE VOTING DEADLINE, OR (C) SUBMITS THE BALLOT BUT ABSTAINS FROM VOTING TO ACCEPT OR REJECT THE PLAN WITHOUT CHECKING THE BOX IN ITEM 3 OF THE BENEFICIAL HOLDER BALLOT, THE BENEFICIAL HOLDER WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.

## <u>PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY!</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT AT (877) 276-7311 OR EFHVOTE@EPIQSYSTEMS.COM.**

*[Remainder of page intentionally left blank.]*

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**Exhibit A**

***Please check a box below to indicate the [Class Description] to which this Master Ballot pertains and add the CUSIP No. to Item 2 on page 4.***

**CLASS [Class Number and Class Description]**

|  | BOND DESCRIPTION | CUSIP |
|---|---|---|
| ☐ |  |  |
| ☐ |  |  |
| ☐ |  |  |
| ☐ |  |  |
| ☐ |  |  |

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**EXHIBIT 2-E**

**Class C5 - General Unsecured Claims Against the TCEH
Debtors Other Than EFCH Ballot**

Energy Future Holdings Corp., *et al.*
Ballot for Class C5 - General Unsecured Claims Against
the TCEH Debtors Other than EFCH

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**BALLOT FOR ACCEPTING OR REJECTING
THE ~~THIRD~~FOURTH AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE
HOLDINGS CORP., *ET AL.*, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS C5 — GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "SOLICITATION AGENT") AT (877) 276-7311.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.  THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE TO THE DEBTORS' PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN).

- THIS BALLOT MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 23, 2015** (THE "VOTING DEADLINE").

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

The Class C5 - General Unsecured Claims Against the TCEH Debtors Other than EFCH includes any Claim derived from or based upon any General Unsecured Claim Against the TCEH Debtors Other than EFCH.  This ballot (the "Ballot") is being sent to you because records indicate that you are a Holder of a Class C5 - General Unsecured Claim Against the TCEH Debtors Other than EFCH as of September 4, 2015 (the "Voting Record Date"), and, accordingly, you have a right to vote to accept or reject the ~~Third~~*Fourth* Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code dated ~~August 10,~~September 18, 2015 (as may be modified, amended, or supplemented from time to time, the "Plan").[2]  This Ballot may not be used for any purpose other than 4for submitting votes with respect to the Plan.

Your rights are described in the *Disclosure Statement for the ~~Third~~Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al., *Pursuant to Chapter 11 of the Bankruptcy Code*, dated ~~August 10,~~September 18, 2015 (as may be modified, amended, or supplemented from time to time, the "Disclosure Statement").  The Plan and

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete l ist of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms, used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

Energy Future Holdings Corp., *et al.*
Ballot for Class C5 - General Unsecured Claims Against
the TCEH Debtors Other than EFCH

Disclosure Statement are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package").

**YOUR VOTE ON THIS BALLOT FOR A CLAIM IN CLASS C5 - GENERAL UNSECURED CLAIM AGAINST THE TCEH DEBTORS OTHER THAN EFCH SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A CLASS C5 - GENERAL UNSECURED CLAIM AGAINST THE TCEH DEBTORS OTHER THAN EFCH.**

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class C5 under the Plan. Attached as Exhibit I to the Disclosure Statement is the Disclosure Statement Order which contains the Solicitation Procedures ~~which~~that govern the solicitation and tabulation of votes to accept or reject the Plan.*

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 23, 2015.**

**Item 1. Amount of Class C5 - General Unsecured Claims Against the TCEH Debtors Other Than EFCH.**[3]

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of Class C5 - General Unsecured Claims Against the TCEH Debtors Other than EFCH in the following aggregate amount.

General Unsecured Claims Against the
TCEH Debtors Other than EFCH:

$_____

**Item 2. Vote of Class C5 - General Unsecured Claims Against the TCEH Debtors Other Than EFCH.**

The Holder of the Class C5 - General Unsecured Claims Against the TCEH Debtors Other than EFCH set forth in Item 1 votes to:

<u>Check one box:</u>            ❑        Accept the Plan

                          ❑        Reject the Plan **(if you check this box, you may not make the Cash-Out Election in Item 3).**

**ITEM 3. *ARTICLE III.B.30 OF THE PLAN ALLOWS HOLDERS OF CLASS C5 - GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH TO MAKE A CASH-OUT ELECTION. IF A HOLDER OF SUCH CLAIM (1) MAKES THE CASH-OUT ELECTION (BY CHECKING THE BOX BELOW), (2) VOTES ABOVE TO ACCEPT THE PLAN, AND (3) DOES NOT CHECK THE BOX IN ITEM 4, BELOW, OPTING OUT OF THE RELEASES, SUCH HOLDER WILL RECEIVE CASH IN AN AMOUNT EQUAL TO ITS PRO RATA SHARE (CALCULATED BASED ON THE AGGREGATE AMOUNT OF ALLOWED CLASS C5 CLAIMS) OF THE CASH-OUT ELECTION POOL IN LIEU OF THE OTHER TREATMENT PROVIDED FOR IN ARTICLE III.B.30 OF THE PLAN. ¶***

*IMPORTANT INFORMATION REGARDING THE CASH-OUT ELECTION:¶*

---

[3]    For voting purposes only; subject to tabulation rules.

*Energy Future Holdings Corp., et al.*
Ballot for Class C5 - General Unsecured Claims Against
the TCEH Debtors Other than EFCH

*If you have filed the same Claim against multiple Class C5 Debtors and elect to make the Cash-Out Election, you will be eligible to vote each of your Claims in the full amount of such Claims against multiple Class C5 Debtors, but will receive recovery on account of your Claim against multiple Class C5 Debtors as if such Claim was made against a single Class C5 Debtor.* ¶

*Alternatively, if you have filed the same Claim against multiple Class C5 Debtors and do not make the Cash-Out Election, you will be eligible to vote each of your Claims in the full amount of such Claims against multiple Class C5 Debtors and will receive recovery of an account of your Claim against Multiple C5 Debtors in the aggregate amount of your Claim against Multiple C5 Debtors.  Check the box below if you elect to make the Cash-Out Election as described in Article III.B.30 of the Plan.* ¶

¶

¶
┌─────────────────────────────────────────────┐
│  **HOLDERS OF GENERAL UNSECURED CLAIMS THAT**  │
│  **ELECT THE CASH-OUT OPTION MUST VOTE IN FAVOR OF**  │
│  **THE PLAN AND NOT OPT OUT OF THE RELEASES TO**  │
│  **RECEIVE A CASH DISTRIBUTION.**¶  │
└─────────────────────────────────────────────┘
¶

¶

*IF YOU DO NOT ELECT TO MAKE THE CASH-OUT ELECTION BY CHECKING THE BOX BELOW, YOU WILL RECEIVE THE* **RIGHTS AND STOCK (AND RIGHTS TO PURCHASE ADDITIONAL STOCK) PROVIDED FOR IN ARTICLE III.B.30 OF THE PLAN.**  *IF YOU VOTE TO ACCEPT THE PLAN AND SUBMIT YOUR BALLOT WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO HAVE NOT MADE THE CASH-OUT ELECTION.*  **IF YOU VOTE TO REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE NOT MADE THE CASH-OUT ELECTION, REGARDLESS OF WHETHER OR NOT YOU CHECK THE BOX BELOW.**  *LIKEWISE, IF YOU FAIL TO VOTE, YOU WILL BE DEEMED TO HAVE NOT MADE THE CASH-OUT ELECTION.*

**NOTE THAT UNDER THE PLAN, IF YOUR CLAIM IS DISPUTED, CONTINGENT, UNLIQUIDATED, OR UNDER $1,000 AS OF THE RIGHTS OFFERING RECORD DATE (WHICH WOULD MAKE YOU INELIGIBLE TO RECEIVE THE RIGHTS TO PURCHASE STOCK), YOU WILL BE DEEMED TO MAKE THE CASH-OUT ELECTION.**¶

*The Holder of the Class C5 - General Unsecured Claim Against the TCEH Debtors other than EFCH set forth in Item 1 elects to:*¶

☐  **Make the Cash-Out Election**    ¶

**(To check this box, you must vote to accept the Plan and not check the box in Item 4.)**¶

**ITEM 4.**  **ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS (THE "RELEASES"):**

AS OF THE EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING CLAIMS AND CAUSES OF ACTION IDENTIFIED, CLAIMED, OR RELEASED IN THE STANDING MOTIONS, THE LITIGATION LETTERS, OR THE DISINTERESTED DIRECTORS SETTLEMENT, AS WELL AS ALL OTHER CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN

Case 14-10979-CSS    Doc 6113-2    Filed 09/20/15    Page 66 of 141

*Energy Future Holdings Corp., et al.*
Ballot for Class C5 - General Unsecured Claims Against
the TCEH Debtors Other than EFCH

**LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS (INCLUDING DIVIDENDS PAID), TRANSACTIONS PURSUANT AND/OR RELATED TO THE MASTER SEPARATION AGREEMENT DATED DECEMBER 12, 2001, THE TCEH CREDIT AGREEMENT, THE TCEH FIRST LIEN NOTES, THE CASH COLLATERAL ORDER (AND ANY PAYMENTS OR TRANSFERS IN CONNECTION THEREWITH), THE TCEH FIRST LIEN INTERCREDITOR AGREEMENT, THE LIABILITY MANAGEMENT PROGRAM, THE TAX SHARING AGREEMENTS, THE 2007 ACQUISITION, THE MANAGEMENT AGREEMENT, THE 2009 AMENDMENT TO THE TCEH CREDIT AGREEMENT, THE 2011 AMEND AND EXTEND TRANSACTIONS, THE 2005 ONCOR TRANSFER, THE 2013 REVOLVER EXTENSION, THE LUMINANT MAKEWHOLE SETTLEMENT, THE TAX AND INTEREST MAKEWHOLE AGREEMENTS, THE TCEH INTERCOMPANY NOTES, THE SHARED SERVICES, ANY PREFERENCE OR AVOIDANCE CLAIM PURSUANT TO SECTIONS 544, 547, 548, AND 549 OF THE BANKRUPTCY CODE, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE EFIH FIRST LIEN SETTLEMENT, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE TRANSACTION AGREEMENTS, THE DIP FACILITIES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, THE TRANSACTION AGREEMENTS, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN.**

**IMPORTANT INFORMATION REGARDING THE RELEASES:**

UNDER THE PLAN, "RELEASING PARTY" MEANS COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE PLAN SPONSORS; (B) OV2; (C) HOLDERS OF TCEH FIRST LIEN CLAIMS; (D) HOLDERS OF TCEH SECOND LIEN NOTE CLAIMS; (E) HOLDERS OF TCEH UNSECURED NOTE CLAIMS; (F) HOLDERS OF EFH LEGACY NOTE CLAIMS; (G) HOLDERS OF EFH UNEXCHANGED NOTE CLAIMS; (H) HOLDERS OF EFH LBO NOTE PRIMARY CLAIMS; (I) HOLDERS OF EFIH FIRST LIEN NOTE CLAIMS; (J) HOLDERS OF EFIH SECOND LIEN NOTE CLAIMS; (K) HOLDERS OF EFIH UNSECURED NOTE

Case 14-10979-CSS    Doc 6113-2    Filed 09/20/15    Page 67 of 141

Energy Future Holdings Corp., *et al.*
Ballot for Class C5 - General Unsecured Claims Against
the TCEH Debtors Other than EFCH

CLAIMS; (L) HOLDERS OF EFH LBO NOTE GUARANTY CLAIMS; (M) THE DIP LENDERS; (N) THE TCEH FIRST LIEN AGENT; (O) THE INDENTURE TRUSTEES; (P) THE DEALER MANAGERS; (Q) TEF; (R) TEXAS HOLDINGS; (S) ONCOR; (T) FUNDS AND ACCOUNTS MANAGED OR ADVISED BY KOHLBERG KRAVIS ROBERTS & CO., L.P., TPG CAPITAL, L.P. OR GOLDMAN, SACHS & CO. THAT HOLD DIRECT OR INDIRECT INTERESTS IN TEXAS HOLDINGS, TEF, OR EFH CORP.; (U) THE TCEH COMMITTEE; (V) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH; (W) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFCH; (X) GENERAL UNSECURED CLAIMS AGAINST THE EFIH DEBTORS; (Y) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFH CORP.; (Z) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH DEBTORS OTHER THAN EFH CORP.; (AA) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN; (BB) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (CC) ALL HOLDERS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (DD) ANY ARRANGERS AND LENDERS UNDER THE NEW REORGANIZED EFIH DEBT; (EE) WITH RESPECT TO EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (DD), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; AND (FF) ALL HOLDERS OF CLAIMS AND INTERESTS, SOLELY WITH RESPECT TO RELEASES OF ALL HOLDERS OF INTERESTS IN EFH CORP. AND THEIR CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR AFFILIATES' CURRENT AND FORMER EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND THEIR CURRENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND ONLY IF YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN.  IN THE CASE OF SUCH A DETERMINATION BY THE COURT, IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW.  IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT.  REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, OR (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.

The Holder of the Class C5 - General Unsecured Claim Against the TCEH Debtors Other than EFCH set forth in Item 1 elects to:

Energy Future Holdings Corp., *et al.*
Ballot for Class C5 - General Unsecured Claims Against
the TCEH Debtors Other than EFCH

☐   Opt Out of the Releases.

*ITEM 4. ARTICLE III.B.30 OF THE PLAN ALLOWS HOLDERS OF CLASS C5 - GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH TO MAKE A CASH-OUT ELECTION. IF A HOLDER OF SUCH CLAIM MAKES THE CASH-OUT ELECTION (BY CHECKING THE BOX BELOW), SUCH HOLDER WILL RECEIVE CASH IN AN AMOUNT EQUAL TO ITS PRO RATA SHARE (CALCULATED BASED ON THE AGGREGATE AMOUNT OF ALLOWED CLASS C5 CLAIMS) OF THE CASH-OUT ELECTION POOL IN LIEU OF THE OTHER TREATMENT PROVIDED FOR IN ARTICLE III.B.30 OF THE PLAN.*

*IMPORTANT INFORMATION REGARDING THE CASH-OUT ELECTION:*

*If you have filed the same Claim against multiple Class C5 Debtors and elect to make the Cash-Out Election, you will be eligible to vote each of your Claims in the full amount of such Claims against multiple Class C5 Debtors, but will receive recovery on account of your Claim against multiple Class C5 Debtors as if such Claim was made against a single Class C5 Debtor.*

*Alternatively, if you have filed the same Claim against multiple Class C5 Debtors and do not make the Cash-Out Election, you will be eligible to vote each of your Claims in the full amount of such Claims against multiple Class C5 Debtors and will receive recovery of an account of your Claim against Multiple Class C5 Debtors in the aggregate amount of your Claim against Multiple C5 Debtors. Check the box below if you elect to make the Cash-Out Election as described in Article III.B.30 of the Plan.*

> **HOLDERS OF GENERAL UNSECURED CLAIMS THAT ELECT THE CASH-OUT OPTION MUST VOTE IN FAVOR OF THE PLAN AND NOT OPT OUT OF THE RELEASES TO RECEIVE A CASH DISTRIBUTION.**

THE CASH-OUT ELECTION IS AT YOUR OPTION. IF YOU DO NOT ELECT TO MAKE THE CASH-OUT ELECTION BY CHECKING THE BOX BELOW, YOU WILL RECEIVE THE OTHER TREATMENT PROVIDED FOR IN ARTICLE III.B.30 OF THE PLAN. IF YOU VOTE TO ACCEPT OR REJECT THE PLAN AND SUBMIT YOUR BALLOT WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO HAVE NOT MADE THE CASH-OUT ELECTION. LIKEWISE, IF YOU FAIL TO VOTE, YOU WILL BE DEEMED TO HAVE NOT MADE THE CASH-OUT ELECTION.

*The Holder of the Class C5 - General Unsecured Claim Against the TCEH Debtors Other than EFCH set forth in Item 1 elects to:*

☐   Elect to Make

**(If you check this box, you may not make** the Cash-Out Election. I understand that for distribution purposes, my Claim amount will be $_____ **in Item 3.)**

Energy Future Holdings Corp., *et al.*
Ballot for Class C5 - General Unsecured Claims Against
the TCEH Debtors Other than EFCH

*[Remainder of page intentionally left blank.]*

*Energy Future Holdings Corp., et al.*
Ballot for Class C5 - General Unsecured Claims Against
the TCEH Debtors Other than EFCH

**Item 5.  Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.       as of the Voting Record Date, the undersigned was the Holder of Claims arising from the Class C5 - General Unsecured Claims Against the TCEH Debtors Other than EFCH in the amount set forth in Item 1 above and/or (ii) it has full power and authority to vote to accept or reject the Plan; and

b.       the Holder has received a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.       the Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.       the Holder has cast the same vote with respect to all of the Holder's Class C5 - General Unsecured Claims Against the TCEH Debtors Other than EFCH;

e.       the Holder understands and acknowledges that if multiple Ballots are submitted voting the same claim, only the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent ;

f.       the Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

**Item 5. 6. Claim Holder Information and Signature.**

Name of Claim Holder:_____

                                                    (*print or type*)

Signature:_____

Name of Signatory:_____

                                          (*if other than Claim Holder*)

If by Authorized Agent, Title of Agent: _____

Address:_____

            _____

            _____

Date Completed:_____

Energy Future Holdings Corp., *et al.*
Ballot for Class C5 - General Unsecured Claims Against
the TCEH Debtors Other than EFCH

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT PROMPTLY
IN THE RETURN ENVELOPE PROVIDED OR AS FOLLOWS:**

| If by First Class Mail to: | If by Overnight Courier or Personal Delivery: |
|---|---|
| EFH Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | EFH Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>10300 SW Allen Boulevard<br>Beaverton, OR 97005 |

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS
4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 23, 2015.**

**BALLOTS RECEIVED VIA EMAIL OR FACSIMILE WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS,
PLEASE CALL THE DEBTORS' SOLICITATION AGENT,
EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (877) 276-7311.**

*[Remainder of page intentionally left blank.]*

Energy Future Holdings Corp., *et al.*
Ballot for Class C5 - General Unsecured Claims Against
the TCEH Debtors Other than EFCH

## VOTING INSTRUCTIONS FOR CLASS C5 - GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Voting Classes Debtors with respect to the Plan referred to in the Disclosure Statement. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.** You may wish to seek legal advice concerning the Plan and the treatment of your claim or claims under the Plan.

2. The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.

3. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually received by the Voting Deadline. **Ballots will not be accepted by email, facsimile or other electronic means.**

4. The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is October 23, 2015, at 4:00 p.m., prevailing Eastern Time**.

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

6. The Holder understands and acknowledges that if multiple Ballots are submitted voting the same claim, only the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7. If a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

8. If voter simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots shall not be counted.

9. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

10. The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

11. Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

12. You must vote your entire Claim in a Class to either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

Energy Future Holdings Corp., *et al.*
Ballot for Class C5 - General Unsecured Claims Against
the TCEH Debtors Other than EFCH

13.    Any Ballot that is properly completed, executed and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

14.    The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

15.    If you hold Claims or Interests in more than one Class under the Plan or for different Claims within a Class you may receive more than one Ballot.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

16.    If a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent or disputed (as determined (i) on the face of your Claim, (ii) pursuant to the Plan, or (iii) after a reasonable review of the supporting documentation by the Debtors or the Solicitation Agent) and such Claim has not been allowed, your Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00; provided, that with respect to (iii), any such determinations will be documented in the Voting Report.

17.    For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided, however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

## PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**If you have any questions regarding this Ballot, or if you did not receive a copy of the Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Balloting Agent by phone at (877) 276-7311 or via email to efhvote@epiqsystems.com.**

**EXHIBIT 2-F**

**Form Class B9 - Interests in EFIH Ballot**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**BALLOT FOR ACCEPTING OR REJECTING
THE ~~THIRD~~FOURTH AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE
HOLDINGS CORP., *ET AL.*, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS B9 — INTERESTS IN EFIH**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "SOLICITATION AGENT") AT (877) 276-7311.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT. THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE TO THE DEBTORS' PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN).

- THIS BALLOT MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 23, 2015** (THE "VOTING DEADLINE").

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

The Class B9 Interests in EFH Corp. include any Interest in EFH Corp. This ballot (the "Ballot") is being sent to you because records indicate that you are the Holder of a Class B9 Interest in EFIH as of September 4, 2015 (the "Voting Record Date"), and, accordingly, you have a right to vote to accept or reject the *~~Third~~Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp.*, et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* dated ~~August 10~~September 18, 2015 (as may be modified, amended, or supplemented from time to time, the "Plan").[2] This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan.

Your rights are described in the *Disclosure Statement for the ~~Third~~Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp.*, et al.*, Pursuant to Chapter 11 of the Bankruptcy Code*, dated ~~August 10~~September 18, 2015 (as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The Plan and

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]     Capitalized terms, used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

1

Disclosure Statement are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package").

**YOUR VOTE ON THIS BALLOT FOR CLASS B9 INTERESTS IN EFIH SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A CLASS B9 INTEREST IN EFIH.**

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Interest under the Plan. Your Interest has been placed in Class B9 under the Plan. Attached as Exhibit I to the Disclosure Statement is the Disclosure Statement Order which contains the Solicitation Procedures which govern the solicitation and tabulation of votes to accept or reject the Plan.*

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 23, 2015.**

**Item 1.  Amount of Class B9 Interests in EFIH.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of a Class B9 Interests in EFIH in the following amount.

| |
|---|
| Number of Shares: _____ |

**Item 2.  Vote of Class B9 Interests in EFIH.**

The Holder of the Class B9 Interest in EFIH set forth in Item 1 votes to:

<u>Check one box</u>:       ❑       Accept the Plan

                        ❑       Reject the Plan

**ITEM 3.  ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS (THE "RELEASES"):**

> **AS OF THE EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING CLAIMS AND CAUSES OF ACTION IDENTIFIED, CLAIMED, OR RELEASED IN THE STANDING MOTIONS, THE LITIGATION LETTERS, OR THE DISINTERESTED DIRECTORS SETTLEMENT, AS WELL AS ALL OTHER CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS (INCLUDING DIVIDENDS PAID), TRANSACTIONS PURSUANT AND/OR RELATED TO THE MASTER SEPARATION AGREEMENT DATED DECEMBER 12, 2001, THE TCEH CREDIT AGREEMENT, THE TCEH**

FIRST LIEN NOTES, THE CASH COLLATERAL ORDER (AND ANY PAYMENTS OR TRANSFERS IN CONNECTION THEREWITH), THE TCEH FIRST LIEN INTERCREDITOR AGREEMENT, THE LIABILITY MANAGEMENT PROGRAM, THE TAX SHARING AGREEMENTS, THE 2007 ACQUISITION, THE MANAGEMENT AGREEMENT, THE 2009 AMENDMENT TO THE TCEH CREDIT AGREEMENT, THE 2011 AMEND AND EXTEND TRANSACTIONS, THE 2005 ONCOR TRANSFER, THE 2013 REVOLVER EXTENSION, THE LUMINANT MAKEWHOLE SETTLEMENT, THE TAX AND INTEREST MAKEWHOLE AGREEMENTS, THE TCEH INTERCOMPANY NOTES, THE SHARED SERVICES, ANY PREFERENCE OR AVOIDANCE CLAIM PURSUANT TO SECTIONS 544, 547, 548, AND 549 OF THE BANKRUPTCY CODE, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE EFIH FIRST LIEN SETTLEMENT, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE TRANSACTION AGREEMENTS, THE DIP FACILITIES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, THE TRANSACTION AGREEMENTS, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN.

**IMPORTANT INFORMATION REGARDING THE RELEASES:**

UNDER THE PLAN, "RELEASING PARTY" MEANS COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE PLAN SPONSORS; (B) OV2; (C) HOLDERS OF TCEH FIRST LIEN CLAIMS; (D) HOLDERS OF TCEH SECOND LIEN NOTE CLAIMS; (E) HOLDERS OF TCEH UNSECURED NOTE CLAIMS; (F) HOLDERS OF EFH LEGACY NOTE CLAIMS; (G) HOLDERS OF EFH UNEXCHANGED NOTE CLAIMS; (H) HOLDERS OF EFH LBO NOTE PRIMARY CLAIMS; (I) HOLDERS OF EFIH FIRST LIEN NOTE CLAIMS; (J) HOLDERS OF EFIH SECOND LIEN NOTE CLAIMS; (K) HOLDERS OF EFIH UNSECURED NOTE CLAIMS; (L) HOLDERS OF EFH LBO NOTE GUARANTY CLAIMS; (M) THE DIP LENDERS; (N) THE TCEH FIRST LIEN AGENT; (O) THE INDENTURE TRUSTEES; (P) THE DEALER MANAGERS; (Q) TEF; (R) TEXAS HOLDINGS; (S) ONCOR; (T) FUNDS AND ACCOUNTS MANAGED OR ADVISED BY KOHLBERG KRAVIS ROBERTS & CO., L.P., TPG CAPITAL, L.P. OR GOLDMAN, SACHS & CO. THAT HOLD DIRECT OR INDIRECT INTERESTS IN TEXAS HOLDINGS, TEF, OR EFH CORP.; (U) THE TCEH COMMITTEE; (V) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH; (W) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFCH; (X) GENERAL UNSECURED CLAIMS AGAINST THE EFIH DEBTORS; (Y) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFH CORP.;

(Z) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH DEBTORS OTHER THAN EFH CORP.; (AA) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN; (BB) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (CC) ALL HOLDERS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN <u>AND</u> WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (DD) ANY ARRANGERS AND LENDERS UNDER THE NEW REORGANIZED EFIH DEBT; (EE) WITH RESPECT TO EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (DD), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; AND (FF) ALL HOLDERS OF CLAIMS AND INTERESTS, SOLELY WITH RESPECT TO RELEASES OF ALL HOLDERS OF INTERESTS IN EFH CORP. AND THEIR CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR AFFILIATES' CURRENT AND FORMER EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND THEIR CURRENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND <u>ONLY IF</u> YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN.  IN THE CASE OF SUCH A DETERMINATION BY THE COURT, IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW.  IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT.  REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, OR (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.

The Holder of the Class B9 Interest in EFH Corp.set forth in Item 1 elects to:

☐         Opt Out of the Releases.

*[Remainder of page intentionally left blank.]*

**Item 4.  Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.      as of the Voting Record Date, the undersigned was the Holder (or authorized signatory for a  Holder) of Interests arising from the Class B9 Interests in EFIH in the amount set forth in Item 1 and/or (ii) has full power and authority to vote to accept or reject the Plan;

b.      the Holder has received a copy of the Disclosure Statement, the Plan,  and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.      the Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.      the Holder has cast the same vote with respect to all of the  Holder's Class B9 Interests in EFIH;

e.      the Holder understands and acknowledges that if multiple Ballots are submitted voting Class B9 Interests in EFIH, only the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

f.      the Holder understands and acknowledges that the Solicitation Agent may verify the amount of Class B9 Interests in EFIH. held by the Holder as of the Voting Record Date; and

g.      the Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the  Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

*[Remainder of page intentionally left blank.]*

**Holder Information and Signature.**

Name of Holder:_____

Signature:_____

Name of Signatory:_____
                                        (*if other than Holder*)

If by Authorized Agent, Title of Agent:_____

Address:_____

_____

_____

Date Completed:_____

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT PROMPTLY
IN THE RETURN ENVELOPE PROVIDED OR AS FOLLOWS:**

| If by First Class Mail to: | If by Overnight Courier or Personal Delivery: |
|---|---|
| EFH Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | EFH Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>10300 SW Allen Boulevard<br>Beaverton, OR 97005 |

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS
4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 23, 2015.**

**BALLOTS RECEIVED VIA EMAIL OR FACSIMILE WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS,
PLEASE CALL THE DEBTORS' SOLICITATION AGENT,
EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (877) 276-7311.**

*[Remainder of page intentionally left blank.]*

### VOTING INSTRUCTIONS

1.  As described in the Disclosure Statement, the Debtors are soliciting the votes of Holder of Class B9 Interests in EFIH with respect to the Plan referred to in the Disclosure Statement.  The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot.  Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**  You may wish to seek legal advice concerning the Plan and the treatment of your interests under the Plan.

2.  The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the  Holder of at least two-thirds in amount and more than one-half in number of Interests in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.

3.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually received by the Voting Deadline.  **Ballots will not be accepted by email, facsimile or other electronic means.**

4.  The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline.  **The Voting Deadline is October 23, 2015, at 4:00 p.m., prevailing Eastern Time**.

5.  If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order.  In all cases, the Holder should allow sufficient time to assure timely delivery.  No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.  A Ballot will not be counted unless received by the Solicitation Agent.

6.  If multiple Ballots are received from an individual Holder with respect to the same Interest before the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

7.  If a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

8.  If a Holder simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots will not be counted.

9.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto.  Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Interests, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

10.  The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

11.  Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

12.  You must vote your entire Class B9 Interests in EFIH either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

13.     Any Ballot that is properly completed, executed and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

14.     The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the  Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

15.     If you hold Claims or Interests in more than one Class under the Plan or for different Claims or Interests within a Class you may receive more than one Ballot.  Each Ballot votes only your Claims or Interests indicated on that Ballot.  Please complete and return each Ballot you receive.

## <u>PLEASE SUBMIT YOUR BALLOT PROMPTLY!</u>

**If you have any questions regarding this Ballot, or if you did not receive a copy of the Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Solicitation Agent by phone at (877) 276-7311 or via email to efhvote@epiqsystems.com.**

## **EXHIBIT 3**

**Cover Letter to Holders of Claims and Interests**

[LETTERHEAD]

**[DATE]**

Via First Class Mail

RE:     **In re Energy Future Holdings Corp.,** *et al.,*
        **Chapter 11 Case No. 14-10979 (CSS) (Jointly Administered)**

TO ALL HOLDERS OF CLAIMS AND INTERESTS ENTITLED TO VOTE ON THE PLAN:

Energy Future Holdings Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors")[1] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court") on April 29, 2014.

You have received this letter and the enclosed materials because you are entitled to vote on the *~~Third~~Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ~~5244~~____] (as may be modified, amended or supplemented from time to time, the "Plan").[2]

Energy Future Holdings Corp. (on behalf of itself and each of the other Debtors) has approved the filing of the Plan and the solicitation of votes to accept the Plan.  The Debtors believe that the acceptance of the Plan is in the best interests of their estates, holders of Claims and all other parties in interest.  Moreover, the Debtors believe that any alternative other than Confirmation of the Plan could result in extensive delays and increased administrative expenses, which, in turn, would likely result in smaller distributions (or no distributions) on account of Claims and Interests asserted in these Chapter 11 Cases.

---

THE DEBTORS STRONGLY URGE YOU TO PROPERLY
AND TIMELY CAST YOUR BALLOT TO ACCEPT THE PLAN

---

On **[____]**, 2015 the Court entered an order [D.I. ___] (the "Disclosure Statement Order"): (a) authorizing the Debtors to solicit acceptances for the Plan; (b) approving the *Second Disclosure Statement for the ~~Third~~Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code*, including all exhibits and schedules thereto [D.I. ~~5246~~____] (as may be modified, amended or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]     Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

be included in the solicitation packages (the "<u>Solicitation Package</u>"); and (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan.

You are receiving this letter because you are entitled to vote on the plan. Therefore, you should read this letter carefully and discuss it with your attorney. If you do not have an attorney, you may wise to consult one.

In addition to this cover letter, the enclosed materials comprise your Solicitation Package, and were approved by the Court for distribution to holders of Claims and Interests in connection with the solicitation of votes to accept the Plan. The Solicitation Package consists of the following:

a.   the Cover Letter explaining the solicitation process and urging Holders of Claims and Interests in the Voting Classes to accept the Plan;

b.   the Disclosure Statement, as approved by the Bankruptcy Court (with all exhibits, including the Plan);

c.   the Disclosure Statement Order (without exhibits except for **Exhibit 10** attached thereto);

d.   the notice of the hearing to consider confirmation of the Plan and a cover letter to such notice;

e.   a Ballot (together with detailed voting instructions and a postage prepaid return envelope; and

f.   the Scheduling Order.

The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received a CD-ROM), please feel free to contact the Debtors' Claims and Noticing Agent, by: (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov. Please be advised that the Claims and Noticing Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

Sincerely,

_____

Energy Future Holdings Corp. on its own behalf and for each of the other four Debtors

## **EXHIBIT 4**

**Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF HEARING TO CONSIDER
CONFIRMATION OF THE CHAPTER 11 PLAN FILED BY THE
DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES**

**PLEASE TAKE NOTICE THAT** on **[____]**, 2015, United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. ___] (the "Disclosure Statement Order"):  (a) authorizing Energy Future Holdings Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the ~~*Third*~~*Fourth* Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ~~5244~~____] (as may be modified, amended or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the ~~Third~~Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, including all exhibits and schedules thereto [D.I. ~~5246~~____] (as may be modified, amended or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** on August 27, 2015, the Court entered an *Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization* [D.I. 5771] revising that order entered by the Court on July 2, 2015 [D.I. 4196] and (a) scheduling dates and deadlines in connection with the approval of the Disclosure Statement and the confirmation of the Plan and (b) establishing certain protocols in connection with those proceedings in connection with the approval of the Disclosure Statement and the confirmation of the Plan, as applicable.

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence at **11:00 a.m. prevailing Eastern Time on November 3, 2016,** before the Honorable Judge Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 842 Market Street, Third Floor, Wilmington, Delaware 19801.

---

**PLEASE BE ADVISED**: THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS *WITHOUT FURTHER NOTICE* OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

---

### CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**.  The voting record date is **September 4, 2015** (the "Voting Record Date"), which is the date for determining which holders of Claims or Interests, as applicable, in Classes B9, C3, C4, and C5 are entitled to vote on the Plan.

**Voting Deadline**.  The deadline for voting on the Plan is **4:00 p.m. prevailing Eastern Time on October 23, 2015** (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you **must**:  (a) follow the instructions carefully; (b) complete *all* of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' solicitation agent, Epiq Bankruptcy Solutions, LLC (the "Solicitation Agent") on or before the Voting Deadline.  **A failure to follow such instructions may disqualify your vote**.

### CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

**Plan Objection Deadline**.  The deadline for filing objections to the Plan is **October 23, 2015 at 4:00 p.m. prevailing Eastern Time** (the "Plan Objection Deadline").  All objections to the relief sought at the Confirmation Hearing must:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **October 23, 2015 at 4:00 p.m. prevailing Eastern Time**:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Edward O. Sassower, P.C.<br>Attn: Stephen E. Hessler, Esq.<br>Attn: Brian E. Schartz, Esq.<br>601 Lexington Avenue<br>New York, New York 10022<br><br>Attn: James H.M. Sprayregen, P.C.<br>Attn: Marc Kieselstein, P.C.<br>Attn: Chad J. Husnick, Esq.<br>Attn: Steven N. Serajeddini, Esq.<br>300 North LaSalle<br>Chicago, Illinois 60654 | **RICHARDS, LAYTON & FINGER, P.A.**<br>Attn: Mark D. Collins, Esq.<br>Attn: Daniel J. DeFranceschi, Esq.<br>Attn: Jason M. Madron, Esq.<br>920 North King Street<br>Wilmington, Delaware 19801 |

*Co-Counsel to the Debtors*

| | |
|---|---|
| **PROSKAUER ROSE LLP.**<br>Attn: Jeff J. Marwil, Esq.<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **O'KELLY, ERNST & BIELLI LLP**<br>Attn: David M. Klauder, Esq.<br>Attn: Shannon Dougherty, Esq.<br>901 N Market St STE 100<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Holdings Corp.*

| | |
|---|---|
| **MUNGER, TOLLES & OLSON LLP**<br>Attn: Thomas B. Walper, Esq.<br>Attn: Todd J Rosen, Esq.<br>Attn: Seth Goldman, Esq.<br>Attn: John W. Spiegel, Esq.<br>355 S. Grand Ave 35th FL<br>Los Angeles, CA 90071 | **MCELROY, DEUTSCH, MUVANEY, &<br>CARPENTER, LLP**<br>Attn: David P. Primack, Esq.<br>300 Delaware Ste 770<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Debtors*

| | |
|---|---|
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE PC**<br>Attn: Joseph H. Hutson Jr, Esq.<br>1105 N. Market St STE 700<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Intermediate Holding Company LLC*

**THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**
Attn: Richard L. Shepacarter, Esq.
Attn: Andrea B. Schwartz, Esq.
844 King Street, Suite 2207
Wilmington, Delaware  19801

| | |
|---|---|
| **MORRISON & FOERSTER LLP**<br>Attn: James M. Peck, Esq.<br>Attn: Brett H. Miller, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Todd M. Goren, Esq.<br>Attn: Samantha Martin, Esq.<br>250 West 55th Street<br>New York, New York 10019 | **POLSINELLI PC**<br>Attn: Christopher A. Ward, Esq.<br>Attn: Justin K. Edelson, Esq.<br>Attn: Shanti M. Katona, Esq.<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Creditors' Committee*

| | |
|---|---|
| **SULLIVAN & CROMWELL LLP**<br>Attn: Andrew G. Dietderich, Esq.<br>Attn: Brian D. Glueckstein, Esq.<br>Attn: Michael H. Torkin, Esq.<br>125 Broad St.<br>New York, NY 10004 | **MONTGOMERY, MCCRACKEN, WALKER, & RHOADS LLP**<br>Attn: Natalie D. Ramsey, Esq.<br>Attn: Davis Lee Wright, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Mark A. Fink, Esq.<br>1105 N. Market St 15th FL<br>Wilmington, DE 19801 |

*Co-Counsel to the EFH Creditors' Committee*

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**. The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received a CD-ROM), please feel free to contact the Debtors' Solicitation Agent, by: (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov. Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

**Filing the Plan Supplement**. The Debtors will file the Plan Supplement (as defined in the Plan) no later than fourteen days before the Confirmation Hearing or such later date as may be approved by this Court and will serve notice on all holders of Claims and Interests entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

---

**BINDING NATURE OF THE PLAN**:
**IF CONFIRMED THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THE CHAPTER 11 CASES OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

---

Wilmington, Delaware
Dated:  [_____], 2015

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:       (302) 651-7700
Facsimile:       (302) 651-7701
Email:           collins@rlf.com
                 defranceschi@rlf.com
                 madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900
Email:           edward.sassower@kirkland.com
                 stephen.hessler@kirkland.com
                 brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200
Email:           james.sprayregen@kirkland.com
                 marc.kieselstein@kirkland.com
                 chad.husnick@kirkland.com
                 steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

**EXHIBIT 4-A**

**Confirmation Hearing Notice Cover Letter**

**Energy Future Holdings**

September [X], 2015

The chapter 11 process requires the distribution of certain documents and notices that provide information about the restructuring of Energy Future Holdings' and certain of its subsidiaries (together with such subsidiaries that are subsidiaries in these chapter 11 proceedings, "EFH").

Enclosed with this letter is one such notice informing you that the court has scheduled a hearing to consider confirmation of EFH's plan of reorganization (as may be amended or modified from time to time, the "Plan") for November 3, 2015, at 11 a.m. Eastern.   As stated in the notice enclosed with this letter, any objections to EFH's Plan must be filed and served by October 23, 2015, at 4 p.m. Eastern.

Before the hearing to consider confirmation of the Plan, EFH will solicit creditors' support for the plan of reorganization. If you are entitled to vote, you will receive an additional mailing with a copy of EFH's disclosure statement and Plan, as well as instructions for voting.

If you have any questions, please call the EFH's restructuring hotline at 877-276-7311 or email restructuring@energyfutureholdings.com.

## Exhibit 5

**Plan Supplement Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**NOTICE OF FILING OF PLAN
SUPPLEMENT FOR THE ~~THIRD~~FOURTH AMENDED JOINT PLAN
OF REORGANIZATION OF ENERGY FUTURE HOLDINGS
CORP., ET AL, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE THAT** on **[____]**,2015, United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. ___] (the "Disclosure Statement Order"): (a) authorizing Energy Future Holdings Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *~~Third~~Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ~~5244~~____] (as may be modified, amended or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the ~~Third~~Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code*, including all exhibits and schedules thereto [D.I. ~~5246~~____] (as may be modified, amended or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** on August 27, 2015, the Court entered an *Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization* [D.I. 5771] revising that order entered by the Court on July 2, 2015 [D.I. 4196] and (a) scheduling dates and deadlines in connection with the approval of the Disclosure Statement and the confirmation of the Plan and (b) establishing certain protocols in connection with those

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

proceedings in connection with the approval of the Disclosure Statement and the confirmation of the Plan, as applicable.

PLEASE TAKE FURTHER NOTICE THAT as contemplated in the Plan, the Debtors filed the Plan Supplement with the Court on [____], 2015 [D.I. ___]. The Plan Supplement contains the following documents (each as defined in the Plan): (a) New Organizational Documents; (b) the Rejected Executory Contract and Unexpired Lease List; (c) the Assumed Executory Contract and Unexpired Lease List (which shall include, unless otherwise set forth in the Plan or the Plan Supplement (in the Debtors' discretion) the Employment Agreements or the Amended Employment Agreements for any employee whose Employment Agreement is not assumed); (d) a list of retained Causes of Action; (e) the Reorganized Debtor Management Incentive Plans; (f) the New Employee Agreements/Arrangements; (g) the Reorganized TCEH Registration Rights Agreement; (h) the identity of the members of the New Boards and management for the Reorganized Debtors; (i) the New Reorganized TCEH Debt Documents; (j) the New Reorganized EFIH Debt Documents; (k) the Merger and Purchase Agreement; (l) the Backstop Agreement; (m) the Tax Matters Agreement; (n) the Transition Services Agreement; (o) the Reorganized TCEH Shareholders' Agreement; (p) the New EFH Shareholders' Agreement; (q) the Equity Commitment Letter; and (r) the Separation Agreement.[3]

PLEASE TAKE FURTHER NOTICE THAT these documents remain subject to further negotiations among the Debtors and interested parties with respect thereto. The Debtors reserve all rights to modify, amend, or supplement the Plan Supplement and any of the documents contained therein in accordance with the terms of the Plan. To the extent material amendments or modifications are made to any of these documents before the Confirmation Hearing, the Debtors will file a blackline version with the Bankruptcy Court prior to the Confirmation Hearing marked to reflect such amendments or modifications.

PLEASE TAKE FURTHER NOTICE THAT the Plan Supplement is integral to, part of and incorporated by reference into the Plan, but these documents have not yet been approved by the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE THAT the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence at **11:00 a.m. prevailing Eastern Time on November 3, 2016**, before the Honorable Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, Fifth Floor, Wilmington, Delaware 19801**.**

PLEASE TAKE FURTHER NOTICE THAT the deadline for filing objections to the Plan is **October 23, 2015 at 4:00 p.m. prevailing Eastern Time** (the "Plan Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the basis and

---

[3]   The Debtors intend to file the Assumed Executory Contract and Unexpired Lease List and the Rejected Executory Contract and Unexpired Lease List with the Plan Supplement no later than 14 days before the ~~deadline to vote on the Plan~~Confirmation Hearing or such later date as may be approved by the Bankruptcy Court.

nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **October 23, 2015 at 4:00 p.m. prevailing Eastern Time**:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Edward O. Sassower, P.C.<br>Attn: Stephen E. Hessler, Esq.<br>Attn: Brian E. Schartz, Esq.<br>601 Lexington Avenue<br>New York, New York 10022<br><br>Attn: James H.M. Sprayregen, P.C.<br>Attn: Marc Kieselstein, P.C.<br>Attn: Chad J. Husnick, Esq.<br>Attn: Steven N. Serajeddini, Esq.<br>300 North LaSalle<br>Chicago, Illinois 60654 | **RICHARDS, LAYTON & FINGER, P.A.**<br>Attn: Mark D. Collins, Esq.<br>Attn: Daniel J. DeFranceschi, Esq.<br>Attn: Jason M. Madron, Esq.<br>920 North King Street<br>Wilmington, Delaware 19801 |
| *Co-Counsel to the Debtors* | |
| **PROSKAUER ROSE LLP.**<br>Attn: Jeff J. Marwil, Esq.<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **O'KELLY, ERNST & BIELLI LLP**<br>Attn: David M. Klauder, Esq.<br>Attn: Shannon Dougherty, Esq.<br>901 N Market St STE 100<br>Wilmington, DE 19801 |
| *Co-Counsel to Energy Future Holdings Corp.* | |
| **MUNGER, TOLLES & OLSON LLP**<br>Attn: Thomas B. Walper, Esq.<br>Attn: Todd J Rosen, Esq.<br>Attn: Seth Goldman, Esq.<br>Attn: John W. Spiegel, Esq.<br>355 S. Grand Ave 35th FL<br>Los Angeles, CA 90071 | **MCELROY, DEUTSCH, MUVANEY, &<br>CARPENTER, LLP**<br>Attn: David P. Primack, Esq.<br>300 Delaware Ste 770<br>Wilmington, Delaware 19801 |
| *Co-Counsel to the TCEH Debtors* | |
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE PC**<br>Attn: Joseph H. Hutson Jr, Esq.<br>1105 N. Market St STE 700<br>Wilmington, DE 19801 |
| *Co-Counsel to Energy Future Intermediate Holding Company LLC* | |
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn: Richard L. Shepacarter, Esq.<br>Attn: Andrea B. Schwartz, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware  19801 | |

<table>
<tr><td>

**MORRISON & FOERSTER LLP**
Attn: James M. Peck, Esq.
Attn: Brett H. Miller, Esq.
Attn: Lorenzo Marinuzzi, Esq.
Attn: Todd M. Goren, Esq.
Attn: Samantha Martin, Esq.
250 West 55th Street
New York, New York 10019

</td><td>

**POLSINELLI PC**
Attn: Christopher A. Ward, Esq.
Attn: Justin K. Edelson, Esq.
Attn: Shanti M. Katona, Esq.
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801

</td></tr>
</table>

*Co-Counsel to the TCEH Creditors' Committee*

<table>
<tr><td>

**SULLIVAN & CROMWELL LLP**
Attn: Andrew G. Dietderich, Esq.
Attn: Brian D. Glueckstein, Esq.
Attn: Michael H. Torkin, Esq.
125 Broad St.
New York, NY 10004

</td><td>

**MONTGOMERY, MCCRACKEN, WALKER, & RHOADS LLP**
Attn: Natalie D. Ramsey, Esq.
Attn: Davis Lee Wright, Esq.
Attn: Lorenzo Marinuzzi, Esq.
Attn: Mark A. Fink, Esq.
1105 N. Market St 15th FL
Wilmington, DE 19801

</td></tr>
</table>

*Co-Counsel to the EFH Creditors' Committee*

      **PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the voting and claims agent retained by the Debtors in these Chapter 11 Cases, by:  (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

*[Remainder of page intentionally left blank.]*

Wilmington, Delaware
Dated:  [_____], 2015

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:        (302) 651-7700
Facsimile:        (302) 651-7701
Email:            collins@rlf.com
                  defranceschi@rlf.com
                  madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:            edward.sassower@kirkland.com
                  stephen.hessler@kirkland.com
                  brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:            james.sprayregen@kirkland.com
                  marc.kieselstein@kirkland.com
                  chad.husnick@kirkland.com
                  steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT 6**

**Notice of Non-Voting Status (Not Impaired)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | Jointly Administered |

## NOTICE OF NON-VOTING STATUS TO HOLDER OF
## UNIMPAIRED CLAIMS AND EQUITY INTERESTS CONCLUSIVELY PRESUMED
## TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE THAT** on [____], 2015, United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. ___] (the "Disclosure Statement Order"):  (a) authorizing Energy Future Holdings Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *~~Third~~Fourth* Amended Joint *Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ~~5244~~____] (as may be modified, amended or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the ~~Third~~Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code*, including all exhibits and schedules thereto [D.I. ~~5246~~____] (as may be modified, amended or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** on August 27, 2015, the Court entered an *Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization* [D.I. 5771] revising that order entered by the Court on July 2, 2015 [D.I. 4196] and (a) scheduling dates and deadlines in connection with the approval of the Disclosure Statement and the confirmation of the Plan and (b) establishing certain protocols in connection with those

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

proceedings in connection with the approval of the Disclosure Statement and the confirmation of the Plan, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, ***you are not entitled to vote on the Plan***.  Specifically, under the terms of the Plan, as a holder of a Claim or Interest (as currently asserted against the Debtors) that is not Impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence at **11:00 a.m. prevailing Eastern Time on November 3, 2016**, before the Honorable Judge Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, Third Floor, Wilmington, Delaware 19801**.**

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **October 23, 2015 at 4:00 p.m. prevailing Eastern Time** (the "Plan Objection Deadline").  All objections to the relief sought in the Plan must:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **October 23, 2015 at 4:00 p.m. prevailing Eastern Time**:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Edward O. Sassower, P.C.<br>Attn: Stephen E. Hessler, Esq.<br>Attn: Brian E. Schartz, Esq.<br>601 Lexington Avenue<br>New York, New York 10022<br><br>Attn: James H.M. Sprayregen, P.C.<br>Attn: Marc Kieselstein, P.C.<br>Attn: Chad J. Husnick, Esq.<br>Attn: Steven N. Serajeddini, Esq.<br>300 North LaSalle<br>Chicago, Illinois 60654 | **RICHARDS, LAYTON & FINGER, P.A.**<br>Attn: Mark D. Collins, Esq.<br>Attn: Daniel J. DeFranceschi, Esq.<br>Attn: Jason M. Madron, Esq.<br>920 North King Street<br>Wilmington, Delaware 19801 |
| *Co-Counsel to the Debtors* | |
| **PROSKAUER ROSE LLP.**<br>Attn: Jeff J. Marwil, Esq.<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **O'KELLY, ERNST & BIELLI LLP**<br>Attn: David M. Klauder, Esq.<br>Attn: Shannon Dougherty, Esq.<br>901 N Market St STE 100<br>Wilmington, DE 19801 |
| *Co-Counsel to Energy Future Holdings Corp.* | |

| | |
|---|---|
| **MUNGER, TOLLES & OLSON LLP**<br>Attn: Thomas B. Walper, Esq.<br>Attn: Todd J Rosen, Esq.<br>Attn: Seth Goldman, Esq.<br>Attn: John W. Spiegel, Esq.<br>355 S. Grand Ave 35th FL<br>Los Angeles, CA 90071 | **MCELROY, DEUTSCH, MUVANEY, &<br>CARPENTER, LLP**<br>Attn: David P. Primack, Esq.<br>300 Delaware Ste 770<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Debtors*

| | |
|---|---|
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE PC**<br>Attn: Joseph H. Hutson Jr, Esq.<br>1105 N. Market St STE 700<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Intermediate Holding Company LLC*

**THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**
Attn: Richard L. Shepacarter, Esq.
Attn: Andrea B. Schwartz, Esq.
844 King Street, Suite 2207
Wilmington, Delaware 19801

| | |
|---|---|
| **MORRISON & FOERSTER LLP**<br>Attn: James M. Peck, Esq.<br>Attn: Brett H. Miller, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Todd M. Goren, Esq.<br>Attn: Samantha Martin, Esq.<br>250 West 55th Street<br>New York, New York 10019 | **POLSINELLI PC**<br>Attn: Christopher A. Ward, Esq.<br>Attn: Justin K. Edelson, Esq.<br>Attn: Shanti M. Katona, Esq.<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Creditors' Committee*

| | |
|---|---|
| **SULLIVAN & CROMWELL LLP**<br>Attn: Andrew G. Dietderich, Esq.<br>Attn: Brian D. Glueckstein, Esq.<br>Attn: Michael H. Torkin, Esq.<br>125 Broad St.<br>New York, NY 10004 | **MONTGOMERY, MCCRACKEN, WALKER, &<br>RHOADS LLP**<br>Attn: Natalie D. Ramsey, Esq.<br>Attn: Davis Lee Wright, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Mark A. Fink, Esq.<br>1105 N. Market St 15th FL<br>Wilmington, DE 19801 |

*Co-Counsel to the EFH Creditors' Committee*

    **PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the voting and claims agent retained by the Debtors in these Chapter 11 Cases, by:  (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

<u>ARTICLE VIII</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AND **<u>ARTICLE VIII.D. CONTAINS A THIRD-PARTY RELEASE</u>**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT EPIQ BANKRUPTCY SOLUTIONS, LLC.**

[*Remainder of page intentionally left blank.*]

4

Wilmington, Delaware
Dated:  [_____], 2015

**RICHARDS, LAYTON & FINGER, P.A.**

Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          collins@rlf.com
                defranceschi@rlf.com
                madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          edward.sassower@kirkland.com
                stephen.hessler@kirkland.com
                brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                marc.kieselstein@kirkland.com
                chad.husnick@kirkland.com
                steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

**Exhibit 6-A**

**Class A8 Cover Letter**

**Energy Future Holdings**

September [X], 2015

The chapter 11 plan process requires the distribution of certain documents and notices that provide information about the restructuring of Energy Future Holdings and certain of its subsidiaries (collectively, "EFH") and, in some instances, how that affects the benefits to which certain of EFH's stakeholders, including you, may be entitled.

Enclosed with this letter is one such notice informing you that EFH believes you are a participant in EFH's non-qualified benefit plans (the Second Supplemental Retirement Plan ("SSRP" and/or the Salary Deferral Plan ("SDP")).  As a participant in the SDP or SSRP, you may have a claim against EFH for payments under the SSRP and SDP.  As reflected in the plan of reorganization EFH filed on August 11, 2015 (as may be amended, supplemented, or modified from time to time, the "Plan"), participants with claims arising from the SSRP or SDP are classified as Class A8 claimants. Class A8 claimants are unimpaired under the Plan. This means that to the extent EFH determines that you are a participant in the SDP and SSRP, you will receive all amounts to which you are entitled in full, in cash, on the date the Plan becomes effective.  As a result, Class A8 claimants are not entitled to vote on the Plan. We cannot predict at this time if the Plan will be confirmed or if or when the Plan may become effective.

As you may recall through earlier correspondence, EFH was required to obtain specific relief from the bankruptcy court in order to make such payments during the course of EFH's chapter 11 cases.  Those payments were subject to certain conditions and limitations. Those conditions and limitations will continue to apply for the duration of EFH's chapter 11 cases.

If you have any questions, please call the company's restructuring hotline at 877-276-7311 or email restructuring@energyfutureholdings.com.

## <u>EXHIBIT 7</u>

**Notice of Non-Voting Status (Impaired)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) |  |

## NOTICE OF NON-VOTING STATUS TO HOLDER OF
## IMPAIRED CLAIMS AND EQUITY INTERESTS DEEMED TO REJECT THE PLAN

    **PLEASE TAKE NOTICE THAT** on [_____], 2015, United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. ____] (the "Disclosure Statement Order"):  (a) authorizing Energy Future Holdings Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the ~~*Third*~~*Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ~~5244]~~____] (as may be modified, amended or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the* ~~*Third*~~*Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code*, including all exhibits and schedules thereto [D.I. ~~5246]~~____] (as may be modified, amended or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan.

    **PLEASE TAKE FURTHER NOTICE THAT** on August 27, 2015, the Court entered an *Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization* [D.I. 5771] revising that order entered by the Court on July 2, 2015 [D.I. 4196] and (a) scheduling dates and deadlines in connection with the approval of the Disclosure Statement and the confirmation of the Plan and (b) establishing certain protocols in connection with those

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

proceedings in connection with the approval of the Disclosure Statement and the confirmation of the Plan, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, ***you are not entitled to vote on the Plan***.  Specifically, under the terms of the Plan, as a holder of a Claim or Interest (as currently asserted against the Debtors) that is receiving no distribution under the Plan, you are deemed to reject the Plan pursuant to section 1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence at **11:00 a.m. prevailing Eastern Time on November 3, 2016**, before the Honorable Judge Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, Third Floor, Wilmington, Delaware 19801**.**

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **October 23, 2015 at 4:00 p.m. prevailing Eastern Time** (the "Plan Objection Deadline").  All objections to the relief sought in the Plan must:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually** **received** on or before **October 23, 2015 at 4:00 p.m. prevailing Eastern Time**:

|  |  |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Edward O. Sassower, P.C.<br>Attn: Stephen E. Hessler, Esq.<br>Attn: Brian E. Schartz, Esq.<br>601 Lexington Avenue<br>New York, New York 10022<br><br>Attn: James H.M. Sprayregen, P.C.<br>Attn: Marc Kieselstein, P.C.<br>Attn: Chad J. Husnick, Esq.<br>Attn: Steven N. Serajeddini, Esq.<br>300 North LaSalle<br>Chicago, Illinois 60654 | **RICHARDS, LAYTON & FINGER, P.A.**<br>Attn: Mark D. Collins, Esq.<br>Attn: Daniel J. DeFranceschi, Esq.<br>Attn: Jason M. Madron, Esq.<br>920 North King Street<br>Wilmington, Delaware 19801 |

*Co-Counsel to the Debtors*

|  |  |
|---|---|
| **PROSKAUER ROSE LLP.**<br>Attn: Jeff J. Marwil, Esq.<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **O'KELLY, ERNST & BIELLI LLP**<br>Attn: David M. Klauder, Esq.<br>Attn: Shannon Dougherty, Esq.<br>901 N Market St STE 100<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Holdings Corp.*

| | |
|---|---|
| **MUNGER, TOLLES & OLSON LLP**<br>Attn: Thomas B. Walper, Esq.<br>Attn: Todd J Rosen, Esq.<br>Attn: Seth Goldman, Esq.<br>Attn: John W. Spiegel, Esq.<br>355 S. Grand Ave 35th FL<br>Los Angeles, CA 90071 | **MCELROY, DEUTSCH, MUVANEY, &<br>CARPENTER, LLP**<br>Attn: David P. Primack, Esq.<br>300 Delaware Ste 770<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Debtors*

| | |
|---|---|
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE PC**<br>Attn: Joseph H. Hutson Jr, Esq.<br>1105 N. Market St STE 700<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Intermediate Holding Company LLC*

**THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**
Attn: Richard L. Shepacarter, Esq.
Attn: Andrea B. Schwartz, Esq.
844 King Street, Suite 2207
Wilmington, Delaware  19801

| | |
|---|---|
| **MORRISON & FOERSTER LLP**<br>Attn: James M. Peck, Esq.<br>Attn: Brett H. Miller, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Todd M. Goren, Esq.<br>Attn: Samantha Martin, Esq.<br>250 West 55th Street<br>New York, New York 10019 | **POLSINELLI PC**<br>Attn: Christopher A. Ward, Esq.<br>Attn: Justin K. Edelson, Esq.<br>Attn: Shanti M. Katona, Esq.<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Creditors' Committee*

| | |
|---|---|
| **SULLIVAN & CROMWELL LLP**<br>Attn: Andrew G. Dietderich, Esq.<br>Attn: Brian D. Glueckstein, Esq.<br>Attn: Michael H. Torkin, Esq.<br>125 Broad St.<br>New York, NY 10004 | **MONTGOMERY, MCCRACKEN, WALKER, &<br>RHOADS LLP**<br>Attn: Natalie D. Ramsey, Esq.<br>Attn: Davis Lee Wright, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Mark A. Fink, Esq.<br>1105 N. Market St 15th FL<br>Wilmington, DE 19801 |

*Co-Counsel to the EFH Creditors' Committee*

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the voting and claims agent retained by the Debtors in these Chapter 11 Cases, by:  (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

<u>ARTICLE VIII</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION
AND INJUNCTION PROVISIONS, AND **<u>ARTICLE VIII.D. CONTAINS A THIRD-
PARTY RELEASE</u>**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE
PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.
IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN
OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN
ADDITIONAL INFORMATION, CONTACT EPIQ BANKRUPTCY SOLUTIONS, LLC.**

*[Remainder of page intentionally left blank.]*

Wilmington, Delaware
Dated:  [_____], 2015

_____

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          collins@rlf.com
                defranceschi@rlf.com
                madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          edward.sassower@kirkland.com
                stephen.hessler@kirkland.com
                brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                marc.kieselstein@kirkland.com
                chad.husnick@kirkland.com
                steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT 8**

## **Notice of Assumption**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF (A) EXECUTORY CONTRACTS AND
UNEXPIRED LEASES TO BE ASSUMED BY THE DEBTORS
PURSUANT TO THE PLAN; (B) CURE AMOUNTS, IF ANY;
AND (C) RELATED PROCEDURES IN CONNECTION THEREWITH**

**PLEASE TAKE NOTICE THAT** on [____], 2015, United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. ___] (the "Disclosure Statement Order"):  (a) authorizing Energy Future Holdings Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Third Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5244 ____] (as may be modified, amended or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Third Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code*, including all exhibits and schedules thereto [D.I. 5246 ____] (as may be modified, amended or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** on August 27, 2015, the Court entered an *Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization* [D.I. 5771] revising that order entered by the Court on July 2, 2015 [D.I. 4196] and (a) scheduling dates and deadlines in connection with the approval of the Disclosure Statement and the confirmation of the Plan and (b) establishing certain protocols in connection with those

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

proceedings in connection with the approval of the Disclosure Statement and the confirmation of the Plan, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have filed the *Assumed Executory Contract and Unexpired Lease List* (the "Assumption Schedule") with the Court as part of the Plan Supplement on [____], 2015, as contemplated under the Plan.  The determination to assume the agreements identified on the Assumption Schedule was made as of [____], 2015 and is subject to revision.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence at **11:00 a.m. prevailing Eastern Time on November 3, 2016**, before the Honorable Judge Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, Third Floor, Wilmington, Delaware 19801**.**

**PLEASE TAKE FURTHER NOTICE THAT you are receiving this notice because the Debtors' records reflect that you are a party to a contract that is listed on the Assumption Schedule.  Therefore, you are advised to review carefully the information contained in this notice and the related provisions of the Plan, including the Assumption Schedule.**

**PLEASE TAKE FURTHER NOTICE that the Debtors are proposing to assume the Executory Contract(s) and Unexpired Lease(s) listed below to which you are a party, as listed on Exhibit A attached hereto**:[3]

**PLEASE TAKE FURTHER NOTICE THAT** section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed on **Exhibit A**.  Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the Debtors believe that there is no cure amount outstanding for such contract or lease.

**PLEASE TAKE FURTHER NOTICE THAT** absent any pending dispute, the monetary amounts required to cure any existing defaults arising under the Executory Contract(s) and Unexpired Lease(s) identified in **Exhibit A** will be satisfied, pursuant to section 365(b)(1) of

---

[3]    Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Assumption Schedule, nor anything contained in the Plan or each Debtor's schedule of assets and liabilities, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease capable of assumption, that any Reorganized Debtor(s) has any liability thereunder or that such Executory Contract or Unexpired Lease is necessarily a binding and enforceable agreement.  Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Assumption Schedule and reject such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date and (b) contest any Claim (or cure amount) asserted in connection with assumption of any Executory Contract or Unexpired Lease.

the Bankruptcy Code, by the Debtors in Cash on the Effective Date.  In the event of a dispute, however, payment of the cure amount would be made following the entry of a final order(s) resolving the dispute and approving the assumption.  If an objection to the proposed assumption or related cure amount is sustained by the Court, however, the Debtors, in their sole option, may elect to reject such Executory Contract or Unexpired Lease in lieu of assuming it.

**PLEASE TAKE FURTHER NOTICE THAT** any objection by a party to an Executory Contract or Unexpired Lease to a proposed assumption or related cure amount must be filed, served, and actually received by the Debtors at least seven days before the Confirmation Hearing.  Any such objection will be scheduled to be heard by the Bankruptcy Court at the Debtors' or Reorganized Debtors', as applicable, first scheduled omnibus hearing after which such objection is timely filed.  In the event of a dispute regarding (1) the amount of any payments to cure such a default, (2) the ability of the Reorganized Debtors or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed, or (3) any other matter pertaining to assumption, the cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a Final Order resolving the dispute and approving the assumption; provided that notwithstanding anything to the contrary herein, the Debtors or the Reorganized Debtors, as applicable, reserve the right, to alter, amend, modify, or supplement the schedules of Executory Contracts and Unexpired Leases identified in this Plan and in the Plan Supplement at any time through and including 45 days after the Effective Date, with the reasonable consent of the Plan Sponsors and the TCEH Supporting First Lien Creditors.

**PLEASE TAKE FURTHER NOTICE THAT** each Executory Contract and Unexpired Lease assumed pursuant to the Plan or by any order of the Bankruptcy Court, which has not been assigned to a third party before the Confirmation Date, shall revest in and be fully enforceable by the Reorganized Debtors in accordance with its terms, except as such terms are modified by the Plan or any order of the Bankruptcy Court authorizing and providing for its assumption under applicable federal law.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **October 23, 2015 at 4:00 p.m. prevailing Eastern Time** (the "Plan Objection Deadline").  Any objection to the Plan **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **October 23, 2015 at 4:00 p.m. prevailing Eastern Time**:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Edward O. Sassower, P.C.<br>Attn: Stephen E. Hessler, Esq.<br>Attn: Brian E. Schartz, Esq.<br>601 Lexington Avenue<br>New York, New York 10022<br><br>Attn: James H.M. Sprayregen, P.C.<br>Attn: Marc Kieselstein, P.C.<br>Attn: Chad J. Husnick, Esq.<br>Attn: Steven N. Serajeddini, Esq.<br>300 North LaSalle<br>Chicago, Illinois 60654 | **RICHARDS, LAYTON & FINGER, P.A.**<br>Attn: Mark D. Collins, Esq.<br>Attn: Daniel J. DeFranceschi, Esq.<br>Attn: Jason M. Madron, Esq.<br>920 North King Street<br>Wilmington, Delaware 19801 |

*Co-Counsel to the Debtors*

| | |
|---|---|
| **PROSKAUER ROSE LLP.**<br>Attn: Jeff J. Marwil, Esq.<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **O'KELLY, ERNST & BIELLI LLP**<br>Attn: David M. Klauder, Esq.<br>Attn: Shannon Dougherty, Esq.<br>901 N Market St STE 100<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Holdings Corp.*

| | |
|---|---|
| **MUNGER, TOLLES & OLSON LLP**<br>Attn: Thomas B. Walper, Esq.<br>Attn: Todd J Rosen, Esq.<br>Attn: Seth Goldman, Esq.<br>Attn: John W. Spiegel, Esq.<br>355 S. Grand Ave 35th FL<br>Los Angeles, CA 90071 | **MCELROY, DEUTSCH, MUVANEY, &<br>CARPENTER, LLP**<br>Attn: David P. Primack, Esq.<br>300 Delaware Ste 770<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Debtors*

| | |
|---|---|
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE PC**<br>Attn: Joseph H. Hutson Jr, Esq.<br>1105 N. Market St STE 700<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Intermediate Holding Company LLC*

| |
|---|
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn: Richard L. Shepacarter, Esq.<br>Attn: Andrea B. Schwartz, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware 19801 |

| MORRISON & FOERSTER LLP | POLSINELLI PC |
|---|---|
| Attn: James M. Peck, Esq. | Attn: Christopher A. Ward, Esq. |
| Attn: Brett H. Miller, Esq. | Attn: Justin K. Edelson, Esq. |
| Attn: Lorenzo Marinuzzi, Esq. | Attn: Shanti M. Katona, Esq. |
| Attn: Todd M. Goren, Esq. | 222 Delaware Avenue, Suite 1101 |
| Attn: Samantha Martin, Esq. | Wilmington, Delaware 19801 |
| 250 West 55th Street | |
| New York, New York 10019 | |
| | |
| *Co-Counsel to the TCEH Creditors' Committee* | |
| SULLIVAN & CROMWELL LLP | MONTGOMERY, MCCRACKEN, WALKER, & RHOADS LLP |
| Attn: Andrew G. Dietderich, Esq. | Attn: Natalie D. Ramsey, Esq. |
| Attn: Brian D. Glueckstein, Esq. | Attn: Davis Lee Wright, Esq. |
| Attn: Michael H. Torkin, Esq. | Attn: Lorenzo Marinuzzi, Esq. |
| 125 Broad St. | Attn: Mark A. Fink, Esq. |
| New York, NY 10004 | 1105 N. Market St 15th FL |
| | Wilmington, DE 19801 |
| | |
| *Co-Counsel to the EFH Creditors' Committee* | |

**PLEASE TAKE FURTHER NOTICE THAT** any objections to Plan in connection with the assumption of the Executory Contract(s) and Unexpired Lease(s) identified above and/or related cure or adequate assurances proposed in connection with the Plan that remain unresolved as of the Confirmation Hearing will be heard at the Confirmation Hearing (or such other date as fixed by the Court).

> **PLEASE TAKE FURTHER NOTICE THAT any counterparty to an Executory Contract that fails to object timely to the proposed assumption or cure amount will be deemed to have assented to such assumption and cure amount.**

**PLEASE TAKE FURTHER NOTICE THAT ASSUMPTION OF ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE PURSUANT TO THE PLAN OR OTHERWISE SHALL RESULT IN THE FULL RELEASE AND SATISFACTION OF ANY CLAIMS OR DEFAULTS, WHETHER MONETARY OR NONMONETARY, INCLUDING DEFAULTS OF PROVISIONS RESTRICTING THE CHANGE IN CONTROL OR OWNERSHIP INTEREST COMPOSITION OR OTHER BANKRUPTCY-RELATED DEFAULTS, ARISING UNDER ANY ASSUMED EXECUTORY CONTRACT OR UNEXPIRED LEASE AT ANY TIME BEFORE THE EFFECTIVE DATE OF ASSUMPTION.  ANY PROOFS OF CLAIM FILED WITH RESPECT TO AN ASSUMED EXECUTORY CONTRACT OR UNEXPIRED LEASE SHALL BE DEEMED DISALLOWED AND EXPUNGED, WITHOUT FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the voting and claims agent retained by the Debtors in these Chapter 11 Cases, by:  (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to

efhvote@epiqsystems.com.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT EPIQ BANKRUPTCY SOLUTIONS, LLC.**

[*Remainder of page intentionally left blank.*]

Wilmington, Delaware
Dated:  [_____] 2015

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:        (302) 651-7700
Facsimile:        (302) 651-7701
Email:              collins@rlf.com
                       defranceschi@rlf.com
                       madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:              edward.sassower@kirkland.com
                       stephen.hessler@kirkland.com
                       brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:              james.sprayregen@kirkland.com
                       marc.kieselstein@kirkland.com
                       chad.husnick@kirkland.com
                       steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

| Ref. # | Debtor(s) | Description of Contract or Lease | Counterparty | Counterparty Address | Amount Required to Cure Default Thereunder, if any | Details of Material Amendments | Assumption Date |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

## <u>EXHIBIT 9</u>

**Notice of Rejection**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**NOTICE REGARDING EXECUTORY CONTRACTS AND
UNEXPIRED LEASES TO BE REJECTED PURSUANT TO THE PLAN**

  **PLEASE TAKE NOTICE THAT** on [____], 2015, United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. ___] (the "Disclosure Statement Order"): (a) authorizing Energy Future Holdings Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the ~~Third~~*Fourth* Amended Joint *Plan of Reorganization of Energy Future Holdings Corp.,* et al., *Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ~~5244~~____] (as may be modified, amended or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the* ~~Third~~*Fourth* Amended Joint *Plan of Reorganization of Energy Future Holdings Corp.,* et al., *Pursuant to Chapter 11 of the Bankruptcy Code*, including all exhibits and schedules thereto [D.I. ~~5246~~____] (as may be modified, amended or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan.

  **PLEASE TAKE FURTHER NOTICE THAT** on August 27, 2015, the Court entered an *Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization* [D.I. 5771] revising that order entered by the Court on July 2, 2015 [D.I. 4196] and (a) scheduling dates and deadlines in connection with the approval of the Disclosure Statement and the confirmation of the Plan and (b) establishing certain protocols in connection with those

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

proceedings in connection with the approval of the Disclosure Statement and the confirmation of the Plan, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have filed the *Rejected Executory Contract and Unexpired Lease List* (the "Rejection Schedule") with the Court as part of the Plan Supplement on [____], 2015, as contemplated under the Plan.  The determination to reject the agreements identified on the Rejection Schedule was made as of [____], 2015 and is subject to revision.

---

**PLEASE TAKE FURTHER NOTICE THAT YOU ARE RECEIVING THIS NOTICE BECAUSE THE DEBTORS' RECORDS REFLECT THAT YOU ARE A PARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT WILL BE REJECTED PURSUANT TO THE PLAN.  THEREFORE, YOU ARE ADVISED TO REVIEW CAREFULLY THE INFORMATION CONTAINED IN THIS NOTICE AND THE RELATED PROVISIONS OF THE PLAN.[3]**

**PLEASE TAKE FURTHER NOTICE THAT THE DEBTORS ARE PROPOSING TO REJECT THE EXECUTORY CONTRACT(S) AND/OR UNEXPIRED LEASE(S) TO WHICH YOU ARE A PARTY, AS LISTED ON EXHIBIT A**

---

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence at **11:00 a.m. prevailing Eastern Time on November 3, 2016,** before the Honorable Judge Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, Third Floor, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE THAT** all proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be filed with the Bankruptcy Court within **30 days** after the later of: (1) the date of entry of an order of the Bankruptcy Court (including the order confirming the Plan) approving such rejection; (2) the effective date of such rejection; or (3) the Effective Date.  Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not Filed within such time will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors or the Reorganized Debtors, the Estates, or their property without the need for any objection by the Reorganized Debtors or further notice to, or action, order, or approval of the Bankruptcy Court or any other Entity, and any Claim arising out of the rejection of the Executory Contract or Unexpired Lease shall be deemed fully satisfied, released, and discharged, notwithstanding anything in the Schedules or a Proof of Claim to the contrary.

---

[3]   Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Rejected Executory Contract and Unexpired Lease List, nor anything contained in the Plan, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that any Reorganized Debtor has any liability thereunder.  Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Rejection Schedule and assume such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date and (b) contest any Claim asserted in connection with rejection of any Executory Contract or Unexpired Lease.

**PLEASE TAKE FURTHER NOTICE THAT** all Claims arising from the rejection by any Debtor of any Executory Contract or Unexpired Lease pursuant to section 365 of the Bankruptcy Code shall be treated as General Unsecured Claims and may be objected to in accordance with Plan and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

**PLEASE TAKE FURTHER NOTICE THAT** rejection of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall not constitute a termination of preexisting obligations owed by the Executory Contract or Unexpired Lease counterparty or counterparties to the Debtors or the Reorganized Debtors, as applicable, under such Executory Contracts or Unexpired Leases.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **October 23, 2015 at 4:00 p.m. prevailing Eastern Time** (the "Plan Objection Deadline").  Any objection to the Plan **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **October 23, 2015 at 4:00 p.m. prevailing Eastern Time**:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Edward O. Sassower, P.C.<br>Attn: Stephen E. Hessler, Esq.<br>Attn: Brian E. Schartz, Esq.<br>601 Lexington Avenue<br>New York, New York 10022<br><br>Attn: James H.M. Sprayregen, P.C.<br>Attn: Marc Kieselstein, P.C.<br>Attn: Chad J. Husnick, Esq.<br>Attn: Steven N. Serajeddini, Esq.<br>300 North LaSalle<br>Chicago, Illinois 60654 | **RICHARDS, LAYTON & FINGER, P.A.**<br>Attn: Mark D. Collins, Esq.<br>Attn: Daniel J. DeFranceschi, Esq.<br>Attn: Jason M. Madron, Esq.<br>920 North King Street<br>Wilmington, Delaware 19801 |
| *Co-Counsel to the Debtors* | |
| **PROSKAUER ROSE LLP.**<br>Attn: Jeff J. Marwil, Esq.<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **O'KELLY, ERNST & BIELLI LLP**<br>Attn: David M. Klauder, Esq.<br>Attn: Shannon Dougherty, Esq.<br>901 N Market St STE 100<br>Wilmington, DE 19801 |
| *Co-Counsel to Energy Future Holdings Corp.* | |

| | |
|---|---|
| **MUNGER, TOLLES & OLSON LLP**<br>Attn: Thomas B. Walper, Esq.<br>Attn: Todd J Rosen, Esq.<br>Attn: Seth Goldman, Esq.<br>Attn: John W. Spiegel, Esq.<br>355 S. Grand Ave 35th FL<br>Los Angeles, CA 90071 | **MCELROY, DEUTSCH, MUVANEY, &<br>CARPENTER, LLP**<br>Attn: David P. Primack, Esq.<br>300 Delaware Ste 770<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Debtors*

| | |
|---|---|
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE PC**<br>Attn: Joseph H. Hutson Jr, Esq.<br>1105 N. Market St STE 700<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Intermediate Holding Company LLC*

**THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**
Attn: Richard L. Shepacarter, Esq.
Attn: Andrea B. Schwartz, Esq.
844 King Street, Suite 2207
Wilmington, Delaware  19801

| | |
|---|---|
| **MORRISON & FOERSTER LLP**<br>Attn: James M. Peck, Esq.<br>Attn: Brett H. Miller, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Todd M. Goren, Esq.<br>Attn: Samantha Martin, Esq.<br>250 West 55th Street<br>New York, New York 10019 | **POLSINELLI PC**<br>Attn: Christopher A. Ward, Esq.<br>Attn: Justin K. Edelson, Esq.<br>Attn: Shanti M. Katona, Esq.<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Creditors' Committee*

| | |
|---|---|
| **SULLIVAN & CROMWELL LLP**<br>Attn: Andrew G. Dietderich, Esq.<br>Attn: Brian D. Glueckstein, Esq.<br>Attn: Michael H. Torkin, Esq.<br>125 Broad St.<br>New York, NY 10004 | **MONTGOMERY, MCCRACKEN, WALKER, &<br>RHOADS LLP**<br>Attn: Natalie D. Ramsey, Esq.<br>Attn: Davis Lee Wright, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Mark A. Fink, Esq.<br>1105 N. Market St 15th FL<br>Wilmington, DE 19801 |

*Co-Counsel to the EFH Creditors' Committee*

    **PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the voting and claims agent retained by the Debtors in these Chapter 11 Cases, by:  (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

<u>ARTICLE VIII</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION
AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD-
PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE
PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.
IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN
OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN
ADDITIONAL INFORMATION, CONTACT EPIQ BANKRUPTCY SOLUTIONS, LLC.**

[*Remainder of page intentionally left blank.*]

Wilmington, Delaware
Dated:  [_____] 2015

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:        (302) 651-7700
Facsimile:        (302) 651-7701
Email:            1irklan@rlf.com
                  defranceschi@rlf.com
                  madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:            edward.sassower@kirkland.com
                  stephen.hessler@kirkland.com
                  brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:            james.sprayregen@kirkland.com
                  marc.kieselstein@kirkland.com
                  chad.husnick@kirkland.com
                  steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

| Ref. # | Debtor(s) | Description of Contract or Lease | Counterparty | Counterparty Address | Description of Property to be Abandoned, if any | Rejection Date |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**EXHIBIT 10**

**Solicitation Procedures**

## SOLICITATION PROCEDURES

The following procedures (the "Solicitation Procedures") will govern the solicitation and tabulation of votes to accept or reject the ~~Third~~Fourth *Amended Joint Plan of Reorganization of Energy Future Holdings Corp.* et al, *Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended or supplemented from time to time, the "Plan"). These Solicitation Procedures comprise a material part of the *Disclosure Statement for the* ~~Third~~Fourth *Amended Joint Plan of Reorganization of Energy Future Holdings Corp.*, et al., *Pursuant to Chapter 11 of the Bankruptcy Code*, dated ~~August 10~~September 18, 2015 to which these procedures are attached as Exhibit I (as may be modified, amended or supplemented from time to time, the "Disclosure Statement") and incorporated by reference.

**A.    Defined Terms.**

Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan. Other capitalized terms have the following meaning as used in these Solicitation Procedures:

1.    "Ballot" means the form or forms distributed to Holders of Claims and Interests in the Voting Classes or their Nominees by which such parties may indicate acceptance or rejection of the Plan.

2.    "Beneficial Holder" means a person or entity that holds the benefits of ownership of a publicly traded security even though title may be in another's name.

3.    "Claim" means any claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtors.

4.    "Claims Bar Date" means any such date established by the Bankruptcy Court by which Proofs of Claim must be filed with respect to any such Claims, as may be ordered by the Bankruptcy Court.

5.    "Confirmation" means the entry of the Confirmation Order on the docket of the Chapter 11 Cases, subject to all conditions specified in Article IX.A of the Plan having been (a) satisfied or (b) waived pursuant to Article IX.C of the Plan.

6.    "Confirmation Hearing" means the hearing held by the Bankruptcy Court on Confirmation of the Plan pursuant to section 1129 of the Bankruptcy Code.

7.    "Holder" means an Entity holding a Claim or an Interest, as applicable.

8.    "Impaired" means, with respect to a Class of Claims or Interests, a Class of Claims or Interests that is impaired within the meaning of section 1124 of the Bankruptcy Code.

9.    "Interest" means any equity security (as defined in section 101(16) of the Bankruptcy Code).

10.    "Master Ballot" means a Ballot submitted by a Nominee on behalf of one or more Beneficial Holders.

11.    "Nominee" means a record holder of securities for the benefit of one or more Beneficial Holders, including, without limitation, representatives such as brokers, banks, commercial banks, transfer agents, trust companies, dealers, other agents or nominees, or their mailing agents.

12.     "Non-Voting Classes" means the following Classes of Claims and Interest not entitled to vote under the Plan:

| Class | Description | Status |
|-------|-------------|--------|
| A1 | Other Secured Claims Against the EFH Debtors | Unimpaired (Deemed to Accept) |
| A2 | Other Priority Claims Against the EFH Debtors | Unimpaired (Deemed to Accept) |
| A3 | Legacy General Unsecured Claims Against the EFH Debtors | Unimpaired (Deemed to Accept) |
| A4 | EFH Legacy Note Claims | Unimpaired (Deemed to Accept) |
| A5 | EFH Unexchanged Note Claims | Unimpaired (Deemed to Accept) |
| A6 | EFH LBO Note Primary Claims | Unimpaired (Deemed to Accept) |
| A7 | EFH Swap Claims | Unimpaired (Deemed to Accept) |
| A8 | EFH Non-Qualified Benefit Claims | Unimpaired (Deemed to Accept) |
| A9 | General Unsecured Claims Against EFH Corp. | Unimpaired (Deemed to Accept) |
| A10 | General Unsecured Claims Against the EFH Debtors Other Than EFH Corp. | Impaired (Deemed to Reject) |
| A11 | Tex-La Guaranty Claims | Unimpaired (Deemed to Accept) |
| A12 | EFH Debtor Intercompany Claims | Unimpaired/Impaired (Deemed to Accept or Reject) |
| A13 | Non-EFH Debtor Intercompany Claims | Impaired (Deemed to Reject) |
| A14 | Interests in EFH Debtors Other Than EFH Corp. | Unimpaired/Impaired (Deemed to Accept or Reject) |
| A15 | Interests in EFH Corp. | Impaired (Deemed to Reject) |
| B1 | Other Secured Claims Against the EFIH Debtors | Unimpaired (Deemed to Accept) |
| B2 | Other Priority Claims Against the EFIH Debtors | Unimpaired (Deemed to Accept) |
| B3 | EFIH First Lien Note Claims | Unimpaired (Deemed to Accept) |
| B4 | EFIH Second Lien Note Claims | Unimpaired (Deemed to Accept) |
| B5 | EFH LBO Note Guaranty Claims | Unimpaired (Deemed to Accept) |
| B6 | General Unsecured Claims Against the EFIH Debtors | Unimpaired (Deemed to Accept) |
| B7 | EFIH Debtor Intercompany Claims | Unimpaired/Impaired (Deemed to Accept or Reject) |
| B8 | Non-EFIH Debtor Intercompany Claims | Impaired (Deemed to Reject) |
| B10 | Interests in EFIH Finance | Impaired (Deemed to Reject) |

| Class | Description | Status |
|-------|-------------|--------|
| C1 | Other Secured Claims Against the TCEH Debtors | Unimpaired (Deemed to Accept) |
| C2 | Other Priority Claims Against the TCEH Debtors | Unimpaired (Deemed to Accept) |
| C6 | General Unsecured Claims Against EFCH | Impaired (Deemed to Reject) |
| C7 | TCEH Debtor Intercompany Claims | Unimpaired/Impaired (Deemed to Accept or Reject) |
| C8 | Non-TCEH Debtor Intercompany Claims | Impaired (Deemed to Reject) |
| C9 | Interests in TCEH Debtors Other Than TCEH and EFCH | Unimpaired/Impaired (Deemed to Accept or Reject) |
| C10 | Interests in TCEH and EFCH | Impaired (Deemed to Reject) |

13. "Notes Claims" means, collectively, the (a) TCEH First Lien Note Claims, (b) TCEH Second Lien Note Claims, (c) TCEH Unsecured Note Claims, or (d) PCRB Claims.

14. "Petition Date" means April 29, 2014, the date on which the Debtors commenced the Chapter 11 Cases.

15. "Proofs of Claim" means a proof of Claim filed against any of the Debtors in the Chapter 11 Cases.

16. "Schedules" means the schedules of assets and liabilities, schedules of Executory Contracts or Unexpired Leases, and statement of financial affairs filed by the Debtors pursuant to section 521 of the Bankruptcy Code, the official bankruptcy forms, and the Bankruptcy Rules, as they may be amended, modified, or supplemented from time to time.

17. "Solicitation Agent" means Epiq Bankruptcy Solutions, LLC.

18. "Solicitation Date" means September 25, 2015, or as soon as reasonably practicable thereafter, the date the Debtors commence the distribution of Solicitation Packages to Holders of Claims and Interests in the Voting Classes.

19. "Solicitation Package" means the solicitation materials and documents to be sent to Holders of Claims and Interests in the Voting Classes as discussed in the Disclosure Statement, which materials will provide such Holders with the information needed to vote on the Plan.

20. "Unimpaired" means, with respect to a Class of Claims or Interests, a Class of Claims or Interests that is unimpaired within the meaning of section 1124 of the Bankruptcy Code.

21. "Voting Classes" means the following impaired classes of Claims and Interests entitled to vote under the Plan:

| Class | Description | Status |
|-------|-------------|--------|
| B9 | Interests in EFIH | Impaired |
| C3 | TCEH First Lien Secured Claims | Impaired |
| C4 | TCEH Unsecured Debt Claims | Impaired |
| C5 | General Unsecured Claims Against the TCEH Debtors Other Than EFCH | Impaired |

22. "Voting Deadline" means October 23, 2015, at 4:00 p.m. (prevailing Eastern Time) by which time Ballots and Master Ballots must be <u>actually received</u> by the Solicitation Agent.

23. "Voting Record Date" means September 4, 2015, the date for purposes of determining those Holders of Claims and Interests in the Voting Classes that are entitled to vote to accept or reject the Plan.

24. "Voting Report" means the report submitted by the Solicitation Agent detailing the results of the plan solicitation process.

**B.    Holders of Claims and Interests Entitled to Vote to Accept or Reject the Plan.**

Only the Holders of Claims and Interests in the Voting Classes as of the Voting Record Date shall be entitled to vote to accept or reject the Plan with regard to such Claims and Interests.

**C.    Holders of Claims and Interests Not Entitled to Vote to Accept or Reject the Plan.**

Holders of Claims and Interests in the Non-Voting Classes are not entitled to vote to accept or reject the Plan with regard to such Claims and Interests.  Holders Claims or Interests in these Non-Voting Classes are either Unimpaired and deemed to accept the Plan or Impaired and deemed to reject the Plan.  The Holders of Claims and Interests in the Non-Voting Classes will receive and applicable notice of non-voting status.

**D.    Temporary Allowance of Claims for Tabulation Purposes.**

Solely for purposes of voting to accept or reject the Plan, and not for the purpose of making distributions on account of any Claim or Interest, and without prejudice to the rights of the Debtors or any other party in interest in any other context, each Claim or Interest within a Voting Class shall be temporarily allowed in an amount equal to the amount of such Claim or Interest as of the Voting Record Date.

If any creditor seeks to challenge the allowance of its Claim for voting purposes in accordance with the above procedures, the Debtors request the Court direct such claimant to serve on counsel for the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan on or before October 23, 2015 at 4:00 p.m. (prevailing Eastern Time).

Additionally, in accordance with Bankruptcy Rule 3018, any claimant filing such a motion, the claimant's Ballot will not be counted unless temporarily allowed by an order issued by the Court prior to the Voting Deadline.

**E.    Establishing Claim and Interest Amounts for Voting Purposes.**

The Claim or Interest amounts temporarily allowed pursuant to and set forth in these Solicitation Procedures shall control solely for voting purposes only, and shall not constitute the Allowed amount of any Claim or Interest for distribution purposes under the Plan.  In tabulating votes, the below directions shall be used to determine the amount of the Claim and Interest associated with each Holder's vote:

1. with respect to the TCEH Credit Agreement Claims, included in Class C3 - TCEH First Lien Secured Claims, Claim amounts will be calculated based on the principal amounts outstanding under the TCEH Credit Agreement as of the Voting Record Date;

2. with respect to the TCEH First Lien Interest Rate Swap Claims and TCEH First Lien Commodity Hedges Claims, included in Class C3 - TCEH First Lien Secured Claims, Claim amounts will be calculated as of the Voting Record Date, net of setoff and netting rights pursuant to sections 506 and 553 of the Bankruptcy Code;

3.      with respect to the following, Claim Amounts will be calculated based on the principal amounts outstanding under the respective operative indenture as of the Voting Record Date;

a)      TCEH First Lien Note Claims included in Classes C3 - TCEH First Lien Secured Claims and C4 - TCEH Unsecured Debt Claims;

b)      TCEH Second Lien Note Claims, included in Class C4 - TCEH Unsecured Debt Claims;

c)      TCEH Unsecured Note Claims, included in Class C4 - TCEH Unsecured Debt Claims; and

d)      PCRB Claims, included in Class C4 - TCEH Unsecured Debt Claims;

4.      with respect to non-Note Claims included within Class C5 - General Unsecured Claims Against the TCEH Debtors Other Than EFCH, the Claim amounts will be calculated as follows:

(a)      each Claim within a Class of Claims entitled to vote to accept or reject the Plan shall be allowed in an amount equal to the amount determined by the amount of such Claim as set forth in a timely filed proof of Claim, or, if no proof of Claim was filed, the liquidated, non-contingent, undisputed amount of such Claim as set forth in the Schedules; *provided, however*, that a party whose Claim has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such Claim, if any, to accept or reject the Plan;

(b)      the Claim amount settled and/or agreed upon by the Debtors (whether temporarily or otherwise), as reflected in a document filed with the Court, in an order of the Court, or in a document executed by the Debtors pursuant to authority granted by the Court but for voting purposes only, and not for purposes of allowance or distribution;

(c)      if a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a Proof of Claim was not (i) filed by the applicable Claims Bar Date for the filing of Proofs of Claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, the Debtors propose such Claim shall not be allowed for voting;

(d)      if a Claim is listed on a timely filed Proof of Claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(e)      if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(f)      notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

(g)      claims filed for $0.00 are not entitled to vote; and

(h)      if a Proof of Claim has been amended by a later timely filed proof of claim, only the later filed amending Claim will be entitled to vote, regardless of whether the Debtors have objected to such earlier filed Claim; and

5.      with respect to the Interests in EFIH, included in Class B9, Interest Amounts will be calculated based on the number of shares of common stock in EFIH held as of the Voting Record Date; and

6.      with respect to <u>all</u> Claims, if a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent or disputed (as determined (i) on the face of the Claim, (ii) pursuant to the Plan, or (iii) after a reasonable review of the supporting documentation by Debtors or the Solicitation Agent) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00; provided, that with respect to (iii), any such determinations will be documented in the Voting Report.

As indicated in the Valuation Analysis attached to the Disclosure Statement, the Holders of TCEH First Lien Secured Claims are significantly undersecured.  Accordingly, once all the Ballots and Master Ballots have been submitted, pursuant to section 506(a) of the Bankruptcy Code, the Voting and Tabulation Agent will bifurcate, based on the valuation analysis, the TCEH First Lien Claims pro rata into TCEH First Lien Secured Claims, which are classified in Class C3, and TCEH First Lien Deficiency Claims, which are classified in Class C4.

If a Holder of a Claim or Interest identifies a Claim or Interest amount on its Ballot that is different from the amount otherwise calculated in accordance with these Solicitation Procedures, such Claim or Interest will be allowed temporarily for voting purposes in an amount calculated in accordance with the procedures described in these Solicitation Procedures.  Moreover, any amounts filled in on Ballots or Master Ballots by the Debtors through the Solicitation Agent are not binding for any purpose, including allowance and distribution.

If, on or before October 16, 2015, the Debtors have filed an objection to disallow or modify (including, but not limited to, modifications to the Debtor, amount, priority, or classification asserted) a Claim or Interest or a motion to allow or estimate a Claim or Interest in an amount different from the amount asserted in such Claim or Interest, such Claim or Interest will be temporarily allowed for voting purposes in the lesser amount and classification requested by such objection or motion, subject to the right of the Holder to file a motion objecting to such amounts (as described in Section D above.)

The Debtors are authorized to enter into stipulations with the Holder of any Claim or Interest agreeing to the amount of the Claim or Interest for voting purposes without further Court order.

**F.      General Ballot Tabulation.**

Subject to Section I below, the following voting procedures and standard assumptions shall be used in tabulating Ballots:

1.      except as otherwise provided in these Solicitation Procedures, unless a Ballot is <u>actually received</u> on or before the Voting Deadline, the Debtors shall reject such Ballot as invalid and decline to count it in connection with Confirmation;

2.      the Solicitation Agent will date all Ballots when received and will retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date, unless otherwise ordered by the Bankruptcy Court;

3.      the Debtors will file the Voting Report with the Bankruptcy Court on or before the deadline by which the Debtors must file their reply to Plan objections.  The Voting Report shall, among other things, delineate every irregular Ballot, including those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or electronic mail or damaged.  The Voting Report shall indicate the Debtors' intentions with regard to such irregular Ballots;

4.      the method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent <u>actually receives</u> the appropriately, originally executed Ballot;

5.      Holders of Claims and Interests in a Voting Class may only submit an original executed Ballot. Delivery of a Ballot to the Solicitation Agent by facsimile, email, or any other electronic means will <u>not</u> be valid;

6.      no Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent), any administrative agent or indenture trustee (unless specifically instructed to do so), or the Debtors' financial or legal advisors, and, unless received by the Solicitation Agent, if so sent will not be counted;

7.      if a Holder or Nominee submits multiple Ballots with respect to the same Claim or Interest before the Voting Deadline, the latest properly completed Ballot timely received will be deemed to reflect that Holders of Beneficial Holder's intent and will supersede and revoke any prior received Ballot;

8.      if a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class;

9.      for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

10.     if a voter simultaneously casts inconsistent Ballots, such Ballots will not be counted;

11.     Holders must vote all of their Claims or Interests within a Voting Class either to accept or reject the Plan and may not split any votes.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, to the extent a Holder holds multiple Claims within a Voting Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within the Voting Class for the purpose of counting votes;

12.     a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity should indicate such capacity when signing and, if required or requested by the applicable Nominee or its agent, the Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to so act on behalf of such Holder or Beneficial Holder;

13.     neither the Debtors, nor any other entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification, although the Solicitation Agent may, in its discretion, contact voting parties to cure any such defects or irregularities;

14.     any defects or irregularities in connection with deliveries of Ballots must be cured before the Voting Deadline or such Ballots will not be counted, unless waived or as ordered by the Bankruptcy Court;

15.     notwithstanding any other conditions included herein, the Debtors may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

16.     if a party-in-interest requests a designation to vote on the Plan under section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim or Interest will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

17.     the Debtors reserve the right to reject any Ballot or Master Ballot not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided, that any such rejections will be documented in the Voting Report;

18.     any Holder entitled to vote that has delivered a Ballot may withdraw such Ballot solely in accordance with Bankruptcy Rule 3018(a);

19.     the following Ballots will not be counted in determining the acceptance or rejection of the Plan:

    (a)     any Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder of the Claim or Interest;

    (b)     any Ballot cast by or on behalf of an entity that does not hold a Claim or Interest in a Voting Class;

    (c)     any Ballot that does not contain an original signature;

    (d)     any Ballot that is signed but does not otherwise comply with the requirement set forth in Section F.11., above;

    (e)     any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and

    (f)     any Ballot submitted by or on behalf of any entity not entitled to vote pursuant to the Plan, these Solicitation Procedures, or any order of the Bankruptcy Court; and

20.     any Class that contains Claims or Interests entitled to vote but no votes are returned for such Class shall be deemed to have accepted the Plan.

**G.     Voting Procedures Applicable to Holders of Class C3 TCEH Credit Agreement Claims.**

1.     Within three business days, or as reasonably practicable thereafter, of the Voting Record Date, the TCEH First Lien Administrative Agent shall provide the Solicitation Agent with (a) a copy of the list of the names, addresses and holdings of all Holders of Class C3 TCEH Credit Agreement Claims as of the Voting Record Date in an electronic file and (b) such other information the Solicitation Agent deems reasonable and necessary to perform its duties pursuant to the Order.

2.     The Solicitation Agent shall use such information only for purposes consistent with these Solicitation Procedures and any order of the Bankruptcy Court.

**H.     Voting Procedures Applicable to Beneficial Holders of Notes Claims.**

The following additional procedures will apply to the voting of Claims held by Beneficial Holders:

1.     on the Solicitation Date, the Solicitation Agent shall distribute or cause to be distributed a Solicitation Package to each registered Holder of a Notes Claim as of the Voting Record Date, and

distribute the appropriate number of Solicitation Packages[1] to the Nominees identified by the Solicitation Agent;

2.      each Nominee through which one or more Beneficial Holders holds a Notes Claim as of the Voting Record Date must distribute a Solicitation Package to each Beneficial Holder for which they hold the Notes Claim within five business days of receipt of such materials from the Debtors in one of the following two ways (as selected by the Nominee):

   (a)      obtain the votes of Beneficial Holders of such Notes Claims by (i) immediately distributing the Solicitation Package, including Ballots, it receives from the Solicitation Agent to all such Beneficial Holders, (ii) promptly collecting Ballots from such Beneficial Holders that cast votes on the Plan, (iii) compiling and validating the votes and other relevant information of all such Beneficial Holders on the Master Ballot, and (iv) transmitting the Master Ballot to the Solicitation Agent by the Voting Deadline; or

   (b)      distribute pre-validated Ballots pursuant to the following procedures:

      (i)      the Nominee shall forward to each Beneficial Holder as of the Voting Record Date the Solicitation Package, an individual Ballot that has been pre-validated, postage prepaid return envelope as indicated in paragraph (ii) below;

      (ii)      to pre-validate a Ballot, the Nominee should complete the first item and execute the Ballot and indicate on the Ballot the name of the Nominee and DTC participant number, the amount of securities held by the Nominee for the Beneficial Holder, and the account number for the account in which such securities are held by the Nominee; and

      (iii)      the Beneficial Holder shall complete and return the pre-validated Ballot to the Solicitation Agent by the Voting Deadline.

3.      any Nominee of Notes Claims holding such securities both as record holder and Beneficial Holder in its own name may vote on the Plan by completing a Ballot or a Master Ballot and returning it directly to the Solicitation Agent on or before the Voting Deadline;

4.      any indenture trustee (unless otherwise empowered to do so under the respective indenture) will not be entitled to vote on behalf of the Beneficial Holder; rather, each Beneficial Holder must vote his or her own Claim(s);

5.      any Ballot returned to a Nominee by a Beneficial Holder of a Notes Claim will not be counted for purposes of accepting or rejecting the Plan until such Nominee properly completes and delivers to the Solicitation Agent by the Voting Deadline a Master Ballot that reflects the vote of such Beneficial Holders, or otherwise validates the Ballot in a manner acceptable to the Solicitation Agent. Nominees shall retain all Ballots returned by Beneficial Holders for a period of one year after the effective date of the Plan, or, in the case of pre-validated Ballots, a list of Beneficial Holders to whom pre-validated Ballots were sent for a period of at least one year after the Voting Deadline;

6.      if a Beneficial Holder of a Notes Claim holds securities through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Ballot, and each such Beneficial Holder should execute a separate Ballot for each block of securities that it holds through any Nominee and must return each such Ballot to the appropriate Nominee; and

---

[1]      The Solicitation Packages shall contain Ballots for voting by the Beneficial Holders. In accordance with its customary practice, the Solicitation Agent shall distribute copies of Master Ballots to any relevant Nominees after the Solicitation Packages have been forwarded to the Beneficial Holders.

7.      if a Beneficial Holder of a Notes Claim holds a portion of its securities through a Nominee or Nominees and another portion in its own name as the record Beneficial Holder, such Beneficial Holder should follow the procedures herein to vote the portion held in its own name and to vote the portion held by the Nominee(s).

**I.      Tabulation of Master Ballots.**

These rules will apply with respect to the tabulation of Master Ballots:

1.      votes cast by Beneficial Holders through Nominees will be applied to the positions held by such Nominees as of the Voting Record Date, as evidenced by the record and depository listings.  Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, will not be counted in excess of the principal amount held by such Nominee as of the Voting Record Date; provided, however, that the Solicitation Agent may adjust such principal amount to reflect the portion of the relevant Notes Claim actually voted; provided further, that any such adjustment will be documented in the Voting Report;

2.      if conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, the Debtors will attempt to reconcile discrepancies with the Nominee;

3.      if over-votes on a Master Ballot or pre-validated Ballot are not reconciled before the preparation of the Voting Report, the Debtors will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Ballot that contained the over-vote, but only to the extent of the Nominee's position in the Class;

4.      for purposes of tabulating votes of TCEH First Lien Claims, the Solicitation Agent will bifurcate the TCEH First Lien Claims pro rata into TCEH First Lien Secured Claims, which are classified in Class C3, and TCEH First Lien Deficiency Claims, which are classified together with the TCEH Second Lien Note Claims, TCEH Unsecured Note Claims, and PCRB Claims in Class C4; and

5.      a single Nominee may complete and deliver to the Agent multiple Master Ballots.  Votes reflected on multiple Master Ballots will be counted, except to the extent they are duplicative of other Master Ballots.  If a Nominee submits multiple Master Ballots with respect to the same Claim or Interest before the Voting Deadline, the latest properly completed Master Ballot timely received will be deemed to reflect that Nominee's intent and will supersede and revoke any prior received Master Ballot

**J.      Debtors' Reservation of Rights Regarding Modification to the Plan.**

The Debtors expressly reserve the right to modify the Plan from time to time in accordance with the terms thereof (subject to compliance with the requirements of section 1127 of the Bankruptcy Code and the applicable terms of the Plan regarding modification).