# **EXHIBIT A**

**(Revised Objection Chart)**

RLF1 13014765v.1

*In re Energy Future Holdings Corp.*, et al.,
Case No. 14-10979 (CSS)
**Summary of the Debtors' Responses to Objections to the Disclosure Statement**[1]

**Disclosure Statement Objections**

**Objections**      **Page No.**

*Joinder of Fenicle and Fahy to the Objections of the EFH Official Committee of Unsecured Creditors to the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Approving the Disclosure Statement, et al. [D.I. 5361]* ................................................................. 3

*Objection of Knife River Corporation - South to the Proposed Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 4886]* ................................................................. 4

*Objection of the Pension Benefit Guaranty Corporation to the Amended Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 5347]* ................................................................. 4

*Objection of the Bank of New York Mellon, As Indenture Trustee, and the Bank of New York Mellon Trust Company, N.A., As Indenture Trustee, to the Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 5352]* ................................................................. 5

*Limited Objection of Delaware Trust Company to Disclosure Statement for the Third Amended Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 5354]* ................................................................. 5

*Objection of EFH Indenture Trustee to Approval of Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al. [D.I. 5355]* ................................................................. 6

*Objection of the EFH Official Committee to the Motion of Energy Future Holdings, Corp., et al., for Entry of an Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (c) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents [D.I. 5356]* ................................................................. 8

*United States Objection to the Disclosure Statement for the Third Amended Plan [D.I. 5357]* ................................................................. 8

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them as set forth in the Disclosure Statement Motion, the Disclosure Statement, or the Plan, as applicable.

*Objection of UMB Bank, N.A. in Connection with the Disclosure Statement for Debtors' Third Amended Joint Chapter 11 Plan of Reorganization [D.I. 5358]* ........ 9

*Objections of Delaware Trust Company, as TCEH First Lien Indenture Trustee, to Debtors' Amended Disclosure Statement and Motion for Separate Status Conference [D.I. 5360]* ................................................................................................................................................................ 11

*EFIH Second Lien Indenture Trustee's Objection to Debtors' Disclosure Statement [D.I. 5362]* ........................................................................................................ 12

*Objection of the Acting United States Trustee to the Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 5872]* ................................................................................................................................................... 12

RLF1 13015032v.1

## Disclosure Statement Objections

**Note:** Resolved Objections are shaded in gray.

| | **Joinder of Fenicle and Fahy to the Objections of the EFH Official Committee of Unsecured Creditors to the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Approving the Disclosure Statement, et al. [D.I. 5361]** | |
|---|---|---|
| **#** | **BASIS OF OBJECTION** | **RESPONSE TO OBJECTION** |
| 1 | 1. The Disclosure Statement does not contain adequate information because it does not provide sufficient information regarding the background of the Debtors' asbestos liability, the assets available to satisfy those liabilities, the specific treatment of asbestos claimants, and the Debtors' financial history, specifically of EECI, Inc. (¶, 1, 9-12).<br><br>1. The Proposed Plan is unconfirmable because:<br><br>   (a) the Debtors' cannot reorganize EECI, Inc., EEC Holdings, LSGT Gas Co. LLC, and LGST SACROC, Inc. under § 524(g) or under *In re Combustion Engineering, Inc* (¶, 2);<br><br>   (b) each asbestos claimant is entitled to a jury trial and verdict to liquidate the value of his or her claim. As a result, the plan improperly allows the Debtors and the Court to estimate disputed contingent claims (¶, 15).<br><br>2. The Plan improperly classifies other unsecured creditors with the two asbestos classes, class C5 and class A3 (¶, 17).<br><br>3. The Plan improperly classifies the E-side asbestos claimants as unimpaired (i.e., reinstatement is "meaningless" without an explanation of who will assume the asbestos obligations) and should be reclassified as impaired with the right to vote on the Plan (¶, 13-14).<br><br>4. Counsel also requests to insert a separate statement in the Plan package, directed to present and future asbestos creditors, with their own recommendations (¶, 18). | The Debtors have added additional disclosures with respect to this objection in section IV.P.5. of the Disclosure Statement, entitled "Bar Date Motion and Claims Objection Process"<br><br>The Debtors also assert that Fenicle and Fahy's objections to Plan confirmation are not objections to the adequacy of information provided by the Disclosure Statement but, rather, are issues properly reserved for confirmation. Additionally, and as described in Section II.C of the Reply, the Debtors believe that section 524(g) of the Bankruptcy Code does not require a channeling injunction to make the Plan confirmable.<br><br>Fenicle & Fahy's objection remains outstanding. The Debtors believe that the additional disclosures address Fenicle & Fahy's objection and that their objections should be overruled. |

| **Objection of Knife River Corporation - South to the Proposed Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 4886]** | | |
|---|---|---|
| **#** | **BASIS OF OBJECTION** | **RESPONSE TO OBJECTION** |
| 2 | The Disclosure Statement does not contain adequate information because it does not provide sufficient information regarding (a) whether the Debtors' treatment of Class C1 Claims will actually leave such claims unimpaired; and (b) whether the Debtors' will make the election to determine the treatment that Class C1 Claimants will receive and when such treatment will be effectuated. (¶, 10-11) | Knife River withdrew its objection on August 9, 2015 [D.I. 5888]. |

| **Objection of the Pension Benefit Guaranty Corporation to the Amended Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 5347]** | | |
|---|---|---|
| **#** | **BASIS OF OBJECTION** | **RESPONSE TO OBJECTION** |
| 3 | The Disclosure Statement should not be approved because it fails to provide adequate information about the Pension Plans, the Debtors' financial obligations with respect to the Pension Plans, and the impact of PBGC's claims (¶, 12). The Disclosure Statement should:<br><br>(a) include a detailed description of the Pension Plans and their sponsors (¶, 14);<br><br>(b) explicitly state the Debtors' intentions with respect to the Pension Plans (i.e., whether the Pension Plans will remain ongoing or be terminated, the potential costs to the Debtors associated with either of those scenarios, and, if the Reorganized Debtors intend to continue one or both of the Pension Plans, assurances that the sponsors will satisfy the minimum funding contribution standards and be liable for the payment of PBGC premiums) (¶, 14-18));<br><br>(c) disclose the nature and amounts of PBGC's claims (¶, 14, 19,); and<br><br>(d) disclose the effect of such claims on the Plan if one or both of the Pension Plans terminate (i.e., given the size of the PBGC's claim, the Plan may not be confirmable over PBGC's objection in the event PBGC's claims are impaired (¶, 14, 20). | The Debtors have added additional disclosure with respect to this objection in the amended Disclosure Statement that will be filed, in accordance with the scheduling order entered on July 2, 2015 [D.I. 4916], no later than two days prior to the start of the Disclosure Statement Hearing.<br><br>The Debtors received correspondence from the Pension Benefit Guaranty Corporation on September 18, 2015 that the additional disclosures resolved the Pension Benefit Guaranty Corporation's objections to the Disclosure Statement. |

| Objection of the Bank of New York Mellon, As Indenture Trustee, and the Bank of New York Mellon Trust Company, N.A., As Indenture Trustee, to the Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 5352] | | |
|---|---|---|
| **#** | **BASIS OF OBJECTION** | **RESPONSE TO OBJECTION** |
| 4 | The Bank of New York Mellon, as the PCRB Trustee, and The Bank of New York Mellon, N.A., as EFCH 2037 Notes Trustee, asserts that the Disclosure Statement does not contain adequate information because it does not provide sufficient information regarding:<br><br>(e) the value, in dollars, that the holders of class C4 Claims, in particular Holders of PCRB Claims, will receive under the plan (¶, 2, 40);<br><br>(f) the percentage of recovery to holders of PCRB Claims (¶, 40);<br><br>(g) the value of New EFH Common Stock and the right to purchase New EFH Common Stock (¶, 2);<br><br>(h) a financial analysis justifying the allegedly separate treatment provided to Holders of PCRB Claims in Class C4 compared to other TCEH creditors under the Settlement Agreement (¶, 3, 29, 42);<br><br>(i) the Debtors' explanation as to why Class C6 claims will be released and canceled without any distribution (¶, 3, 32-33, 45-46);<br><br>(j) the justification for not paying the fees and expenses for the EFCH 2037 Notes Trustee Fees (¶, 47);<br><br>(k) exhibits that are referenced but not included within the Disclosure Statement, and thus leaving the Disclosure Statement incomplete and inadequate (¶, 48) | The Debtors have added additional disclosures with respect to this objection in the following sections of the Disclosure Statement:<br><br>1. Preamble, "Important Information Regarding the Disclosure Statement"<br><br>2. Section I.C.2.c., entitled "Treatment of TCEH First Lien Deficiency Claims"<br><br>3. Section V.E.29, entitled "Class C4 - TCEH Unsecured Debt Claims"<br><br>Within the amended version of the Disclosure Statement, the Debtors filed Exhibit K, the Minutes from Disinterested Director and Manager Board Meetings, and Exhibit M, the Letter of Recommendation from the TCEH Committee.<br><br>The Debtors have resolved the Bank of New York Mellon's objection to the Disclosure Statement. |

| Limited Objection of Delaware Trust Company to Disclosure Statement for the Third Amended Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 5354] | | |
|---|---|---|
| **#** | **BASIS OF OBJECTION** | **RESPONSE TO OBJECTION** |
| 5 | The Disclosure Statement does not contain adequate information regarding litigation surrounding the EFIH First Lien Makewhole Claims, and Delaware Trust Company requests that the Debtors' include additional information, or revise current language, stating:<br><br>(a) the risk or possibility that the EFIH First Lien Makewhole Claims may become Allowed Claims after the Effective Date (and then be | The Debtors have added additional disclosures with respect to this objection in the following sections of the Disclosure Statement:<br><br>1. Section I.D.1, entitled "Postpetition Interest Claims"<br><br>2. Section I.D.2, entitled "Distributions on Account of Makewhole Claims" |

5

| | | |
|---|---|---|
| | required to be paid by Reorganized EFIH and or any other successor to EFIH) (¶, 3, 6, 8);<br><br>(b) the EFIH First Lien Notes Trustee has asserted Claims for professional fees and costs (¶, 7);<br><br>(c) that EFIH may be required to maintains the liens securing the EFIH First Lien Notes until all appeals related thereto have been resolved in order to treat the Holders of EFIH First Lien Notes an unimpaired (¶, 9); | 3. Section II.C.3.a, entitled "<u>EFIH First Lien Notes</u>"<br><br>4. Section V.E.18, entitled "<u>Class B3 - EFIH First Lien Note Claims</u>"<br><br>5. Section V.F.1., entitled "<u>Payment of Certain Fees</u>"<br><br>6. Section V.F.12., entitled "<u>Cancelation of Existing Securities and Agreements</u>"<br><br>7. Section V.H.5., entitled "<u>Release of Liens</u>"<br><br>8. Section VIII.A.7, entitled "<u>The Outcome of Litigation Regarding Whether Noteholders are Entitled to Any Makewhole or Redemption Premiums and/or Postpetition Interest Is Uncertain</u>"<br><br>The Debtors received correspondence from Delaware Trust Company on September 20, 2015 that the additional disclosures resolved Delaware Trust Company's objections to the Disclosure Statement. |

**Objection of EFH Indenture Trustee to Approval of Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.* [D.I. 5355]**

| # | BASIS OF OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|
| 6 | The EFH Noteholders should be considered impaired under the Plan and allowed to vote on the Plan.<br><br>1. The Disclosure Statement contains misleading information and does not provide adequate information:<br><br>(a) the Disclosure Statement needs to explain specifically what "some other treatment rendering such Claims Unimpaired" means (¶, 3, 5);<br><br>(b) key aspects of the Disclosure Statement, and the language contained therein, is confusing and ambiguous for small, less sophisticated Holders EFH Notes Claims (¶, 15, 16);<br><br>(c) the Disclosure Statement does not contain adequate information for each Debtor and each Debtor must satisfy § 1125 of the Bankruptcy Code., not as Debtors on a consolidated basis (¶, 17, 22);<br><br>(d) the term "Disinterested Director" should be revised to read "Insider | As described in Section II.A. of the Reply, the Debtors do not believe that the EFH Noteholders are impaired under the Plan and entitle to vote on the Plan.<br><br>The Debtors have added additional disclosures with respect to this objection in the following sections of the Disclosure Statement:<br><br>1. Section I.C.1., entitled "<u>Events Leading Up to the Plan</u>"<br><br>2. Section I.D.1, entitled "<u>Postpetition Interest Claims</u>"<br><br>3. Section I.D.2, entitled "<u>Distributions on Account of Makewhole Claims</u>"<br><br>4. Section V.E.4., entitled "<u>Class A4 - EFH Legacy Note Claims</u>"<br><br>5. Section V.E.5., entitled "<u>Class A5 - EFH Unexchanged Note Claims</u>" |

RLF1 13015032v.1

| | |
|---|---|
| Director" because Disinterested Director may be misleading (¶, 23-26); <br><br>(e) the Debtors' need to disclose additional information regarding the risks associated with the REIT Reorganization (¶ 28, 29); <br><br>(f) the Debtors must disclose the treatment of the Makewhole Claims, including fees and expenses (¶, 4, 11, 13); and <br><br>(g) the Debtors' need to include a liquidation analysis for EFH (¶, 30). <br><br>The Disclosure Statement Hearing should be continued to a date after all plan documents and related forms of order have been filed (Section V). | 6. Section V.E.6., entitled "Class A6 - EFH LBO Note Primary Claims" <br><br>7. Section V.E.20., entitled "Class B5 - EFH LBO Note Guaranty Claims" <br><br>8. Section V.F.1., entitled "Payment of Certain Fees" <br><br>9. Section VIII.E., entitled "Risks Related to the REIT Reorganization" <br><br>10. Section VIII.A.7, entitled "The Outcome of Litigation Regarding Whether Noteholders are Entitled to Any Makewhole or Redemption Premiums and/or Postpetition Interest Is Uncertain" <br><br>11. Section VIII.B.7, entitled "Regulatory Approvals Will Be Sought to Consummate the Plan" <br><br>12. Section VIII.B.10, entitled "Distributions to Holders of Unsecured Notes may be reduced due to the Indenture Trustees' right to fees and expenses under the Indentures" <br><br>13. Section VIII.B.11, entitled "The Bankruptcy Court Might Not Confirm the Plan If the Bankruptcy Court Finds that One or More Unimpaired Classes are Impaired under the Bankruptcy Code" <br><br>As described in Section I.A.2. of the Reply, the Debtors assert that the Disclosure Statement, and the language contained therein, is neither confusing nor ambiguous for small, less sophisticated holders of claims and that additional disclosures or changes in language will not benefit any party in interest. Further, the Bankruptcy Code only requires a liquidation analysis with respect to each impaired class of claims or interest. As all EFH holders of claims and interests are unimpaired under the Plan, the Debtors assert that an EFH-specific liquidation analysis is neither necessary nor required under the Bankruptcy Code. <br><br>In addition, and as described in Section I.A.2. of the Reply, the the Debtors believe that all holders of claims and interests entitled to vote on the Plan have adequate information and additional plan documents and related forms of order are not necessary for such holders of claims and interests to make an informed decisions to vote on the Plan. <br><br>The Debtors received correspondence from the EFH Indenture Trustee on September 20, 2015 that the additional disclosures resolved the EFH Indenture Trustee's objections to the Disclosure Statement. |

|  | **Objection of the EFH Official Committee to the Motion of Energy Future Holdings, Corp.,** *et al.,* **for Entry of an Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (c) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents [D.I. 5356]** |

| # | BASIS OF OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|
| 7 | The Plan and Disclosure Statement benefit the T-side creditors only, as a result, the Disclosure Statement Order should make clear that all costs of solicitation are borne solely by TCEH and its Debtor subsidiaries, and not by EFH or EFIH (¶, 1, page 4)<br><br>As the Plan is speculative and a waste of resources, the EFH Official Committee requests that the Disclosure Statement Hearing be deferred until the Debtors have proposed an "economic transaction of substance." (¶, 3, page 3). Further, no Disclosure Statement Hearing should proceed prior to consideration of the Plan Support Agreement (¶, 2, page 2). | The Debtors have added additional disclosures with respect to this objection in the preamble to the Disclosure Statement, entitled "Important Information Regarding the Disclosure Statement."<br><br>As described in Section I.A.1 of the Reply, the Debtors believe that Plan, which pays all of the EFH Committee's constituents in full, benefits all of the Debtors' estates. As this is a value-maximizing Plan of economic substance, the Debtors believe that the cost of Plan solicitation is appropriately shared by all of the Debtors' estates and the Disclosure Statement should not be deferred.<br><br>The Debtors also note that the hearing to consider the Plan Support Agreement is being held prior to the Disclosure Statement Hearing.<br><br>The Debtors received correspondence from the EFH Committee on September 19, 2015, that the additional disclosures resolved the EFH Committee's objection to the Disclosure Statement. |

**United States Objection to the Disclosure Statement for the Third Amended Plan [D.I. 5357]**

| # | BASIS OF OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|
| 8 | The Disclosure Statement does not contain adequate information and should be amended to disclose:<br><br>(a) whether the Debtors (and the Reorganized Debtors) will comply with their obligations under environmental law concerning properties owned and operated by the Debtors (¶, 1, 8);<br><br>(b) the authority or justification for the Debtors' position and the extent and scope of this Court's authority, specifically with respect to releases for past conduct relating ot presently owned property (¶, 6, 8);<br><br>(c) the public health and safety risks posed by non-compliance or that may result from any purported injunction against, release or discharge of such liability (¶, 1, 8); | The Debtors have added additional disclosures with respect to this objection in section II.B.5. of the Disclosure Statement, entitled "EFH's Regulatory Environment,"<br><br>The Debtors received correspondence from the United States on September 15, 2015 that the additional disclosures resolved the United States' objections to the Disclosure Statement. |

8

(d) a list of environmental hazards to which the Debtors intend to expose the public and for which they would be immune from legal obligation (¶, 6).

(e) further information relating to why the settlement of litigation claims provides no value to unsecured creditors of EFCH (¶, 7, 8);

(f) the business history and debt history of EFCH to explain why EFCH does not have adequate assets to provide payout on its general unsecured claims (¶, 7, 8)

(g) to what extent the releases or discharges apply to the Environmental Protection Agency and other potential environmental harms (¶, 3, 4, 8);

(h) releases for the Reorganized Debtors from environmental liability concerning properties owned and operated by the Debtors that are contaminated as a result of pre-confirmation conduct are overbroad (¶, 5, 6, 8)

**Objection of UMB Bank, N.A. in Connection with the Disclosure Statement for Debtors' Third Amended Joint Chapter 11 Plan of Reorganization [D.I. 5358]**

| # | BASIS OF OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|
| 9 | 1. The Disclosure Statement does not contain adequate information because it does not provide sufficient information regarding:<br><br>(a) the allowance of EFIH Unsecured Note Claims including how the Debtors intend to calculate principal and interest and the method to calculate the postpetition interest (¶, 6);<br><br>(b) the timing of payment of the EFIH Unsecured Note Claims in light of the postpetition interest dispute (¶, 7);<br><br>(c) the treatment of EFIH Unsecured Note Claims, and the Plan should limit distributions to cash or, alternatively, explicitly describe the alternative treatment (¶, 8);<br><br>(d) the terms and conditions of Postpetition Interest Reserve and the ability to satisfy postpetition interest claims upon allowance (¶, 9); and | The Debtors have added additional disclosures with respect to this objection in the following sections of the Disclosure Statement:<br><br>1. Section I.D.1, entitled "<u>Postpetition Interest Claims</u>"<br><br>2. Section I.D.2, entitled "<u>Distributions on Account of Makewhole Claims</u>"<br><br>3. Section II.C.3.b., entitled "<u>EFIH Unsecured Notes</u>"<br><br>4. Section V.E., entitled "<u>Treatment of Classified Claims and Interests</u>"<br><br>5. Section V.E.21., entitled "<u>Class B6 - General Unsecured Claims Against the EFIH Debtors</u>"<br><br>6. Section V.F.1., entitled "<u>Payment of Certain Fees</u>"<br><br>As described in Section II.A of the Reply, the Debtors believe that the EFIH Unsecured |

9

|  |  |  |
|---|---|---|
|  | (e) the Plan not providing for the payment in full of the Trustee's fees and expenses and why the Debtors contemplate using EFH/EFIH cash to pay TCEH trustee fees (¶ 6, 10-11).<br><br>2. The Disclosure Statement improperly classifies Class B6 Claims as unimpaired because the Plan does not pay all claims. More specifically, the Plan (¶, 13):<br><br>(a) fails to provide for payment of postpetition interest at a rate required under the indenture; and<br><br>(b) fails to pay the Trustee's fees and expenses.<br><br>(c) To preserve EFIH Unsecured Note Claim Holders' rights, the Court should deem Class B6 to have rejected the Plan on a provisional basis.<br><br>3. The Plan may have other fatal defects that make confirmation impossible (¶, 16):<br><br>(a) provides improper third party releases;<br><br>(b) provides improper pre-effective date releases of certain sponsors and the E-Side Debtors' directors, officers, and representatives;<br><br>(c) provides improper payments from the EFH and EFIH estates without any review mechanism;<br><br>(d) is not feasible because the (i) the Plan is contingent on a successful REIT Reorganization and receipt of a variety of tax rulings and regulatory rulings and (ii) the Plan Documents do not indicate that the Debtors have any rights to pursue specific performance against the Plan Sponsors if they fail to fund.<br><br>(e) was not proposed in good faith.<br><br>(f) may fail to comply with other provisions of the Bankruptcy Code | Note Claims are unimpaired under the Plan and that UMB Bank's objections are fail as a matter of law under Third Circuit precedent.<br><br>The Debtors also assert that UMB Bank's objection to Plan confirmation are not objections to the adequacy of information provided by the Disclosure Statement but, rather, are issues properly reserved for confirmation. Additionally, and as described in Section II. of the Reply, the Debtors believe that the Plan does not have any defects that make confirmation impossible. Further, these objections are merely hypothetical confirmation objections and fail to allege that confirmation of the Plan is futile as a matter of law.<br><br>The Debtors received correspondence from UMB Bank on September 20, 2015 that the additional disclosures resolved UMB Bank's objections to the Disclosure Statement. |

10

| Objections of Delaware Trust Company, as TCEH First Lien Indenture Trustee, to Debtors' Amended Disclosure Statement and Motion for Separate Status Conference [D.I. 5360] | | |
|---|---|---|
| # | **BASIS OF OBJECTION** | **RESPONSE TO OBJECTION** |
| 10 | 1. The Allocation Dispute under the intercreditor agreement should be resolved outside of the Plan confirmation process (¶, 22).<br><br>(a) Accordingly, Delaware Trust Company requests a status conference for a date between September 8-11, 2015 to establish a briefing and hearing schedule in the context of the Plan confirmation schedule (¶, 23).<br><br>(b) A final hearing on the merits on the intercreditor allocation dispute would hopefully occur in late September or early October 2015. Delaware Trust Company requests that the Disclosure Statement hearing be postponed until after the intercreditor allocation dispute is resolved (¶, 23)<br><br>2. The Plan is patently unconfirmable because:<br><br>(a) The release language in the plan effectively annuls the intercreditor agreement and therefore violates section 510(a) of the Bankruptcy Code (¶, 26-28);<br><br>(b) The Plan discriminates among First Lien creditors, specifically it favors First Lien Bank Debt and Swap Holders over First Lien Noteholders by sharing the First Lien allocation rights pro rata instead in accordance with the intercreditor agreement (¶, 29-30);<br><br>(c) the amendments to the intercreditor agreement under the Plan are impermissible because neither the Debtors nor the Collateral Agent has authority to execute such an amendment (¶, 31-33); and<br><br>(d) the Plan contains impermissible third party releases of state-law intercreditor contract rights, such as those asserted in the intercreditor action or other similar claims that may be asserted by the TCEH First Lien Notes Trustee in the future (¶, 34);<br><br>(e) the Plan exceeds the Court's jurisdiction because the Court lacks jurisdiction to authorize an abrogation or release of intercreditor | The Debtors understand that the TCEH First Lien Indenture Trustee's objection is resolved subject to the filing of the amended Plan. |

| | | |
|---|---|---|
| | contract rights (¶, 35). | |
| 3. | The Disclosure Statement lacks adequate information for failing to address the intercreditor dispute and the resulting impact its resolution will have on the allocation of distribution to TCEH First Lien creditors (¶, 36) | |

**EFIH Second Lien Indenture Trustee's Objection to Debtors' Disclosure Statement [D.I. 5362]**

| # | BASIS OF OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|
| 11 | The Disclosure Statement does not contain adequate information because it does not provide sufficient information regarding:<br><br>(a) the definition of "or other treatment rendering such Claim Unimpaired (¶, 2, 7);"<br><br>(b) the treatment of fees and expenses and the indemnification of the EFIH Second Lien Trustee and the makewhole claims and the mechanism to pay such claims (¶, 4);<br><br>(c) the treatment of makewhole claims if the Court or an appellate court allows such claims (¶, 4-6);<br><br>(d) the risk to EFIH Second Lien Holders regarding intercreditor litigation, including (i) that interest accrues on funds held in reserve, (ii) the possibility of an indemnification claim by the EFIH Second Lien Trustee, and (iii) the potential that claims may not be paid in full under the Plan (¶, 8-12); and<br><br>(e) the EFIH Second Lien Trustee's position that liens cannot be released until all EFIH Second Lien claims are paid in full (¶, 13). | The Debtors have added additional disclosures with respect to this objection in the following sections of the Disclosure Statement:<br><br>1. Section I.D.1, entitled "Postpetition Interest Claims"<br><br>2. Section I.D.2, entitled "Distributions on Account of Makewhole Claims"<br><br>3. Section II.C.3.b., entitled "EFIH Second Lien Notes"<br><br>4. Section IV.K.4., entitled "EFIH First Lien Turnover and Injunction Adversary Proceeding"<br><br>5. Section V.E.19, entitled "Class B4 - EFIH Second Lien Note Claims"<br><br>6. Section V.F.12, entitled "Cancellation of Existing Securities and Agreements"<br><br>7. Section V.H.5., entitled "Release of Liens<br><br>The Debtors received correspondence from EFIH Second Lien Indenture Trustee on September 20, 2015 that the additional disclosures resolved EFIH Second Lien Indenture Trustee's objections to the Disclosure Statement. |

**Objection of the Acting United States Trustee to the Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 5872]**

| # | BASIS OF OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|
| 12 | The Disclosure Statement does not contain adequate information regarding:<br><br>(a) **Payment of Professional Fees**. The legal or factual justification for payments to non-retained professionals including, with respect to factual justifications, (a) the amount of such payments, (b) the identity of such professionals and parties to whom payments are to be | The Debtors have added additional disclosures with respect to this objection in the following sections of the Disclosure Statement:<br><br>1. Section V.F.1., entitled "Payment of Certain Fees" |

12

| | |
|---|---|
| made, (c) how these payments impact distributions under the Plan, and (d) whether the Disclosure Statement will be updated with respect to fee estimates, and, with respect to legal justification, how such payments are being made without review or oversight. (¶, 24-29)<br><br>    **(i)**    the justification for not applying section 503 or section 1129(a)(4) to such payments; (¶, 28)<br><br>(b) **Payment of UST Fees**, including post-confirmation payment and filing of post-confirmation quarterly reports. (¶, 38-42<br><br>(c) **MIP.** The DS should identify (a) the participants under the MIP, (b) what amounts are sought to be paid, (c) the metrics of the MIP, (d) whether such participants are "insiders" under the Code, and (e) the factual and legal justifications for such payments. (¶, 30-32)<br><br>(d) **Releases/Exculpations/Limitations of Liability**. The DS should provide the legal and factual justification for the non-debtor third-party releases, exculpations (other than estate fiduciaries), limitations on liability, and injunctions. (¶, 33-37) | 2. Section V.C.1., entitled "<u>Administrative Claims</u>"<br><br>3. Section V.F.12., entitled "<u>Management Incentive Plan</u>"<br><br>4. Section V.H.., preamble to new Section 5 entitled "<u>Releases, Exculpation, and Injunction</u>"<br><br>The Debtors received correspondence from the U.S. Trustee on September 14, 2015 that the additional disclosures resolved the U.S. Trustee's objections to the Disclosure Statement. |

13