**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br>(Jointly Administered<br><br>**Hearing Date: October 15, 2015 at 10:30 a.m.**<br>**Objection Deadline: October 6, 2015 at 4:00 p.m.** |

**APPLICATION FOR AN ORDER APPROVING THE EMPLOYMENT OF
GIBBS & BRUNS LLP AS SPECIAL CONFLICTS TRIAL COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE
HOLDINGS CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY,
LLC, EFIH FINANCE, INC., AND EECI, INC. UNDER BANKRUPTCY CODE
SECTIONS 328(a) AND 1103(a), BANKRUPTCY RULE 2014(a), AND
LOCAL RULE 2014-1, EFFECTIVE *NUNC PRO TUNC* TO SEPTEMBER 8, 2015**

The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Committee")[2] appointed on October 27, 2014, in the above-captioned chapter 11 cases of Energy Future Holdings Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby submits this application (the "Application") pursuant to sections 328(a) and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code") for an order authorizing the retention and employment of Gibbs & Bruns LLP ("Gibbs & Bruns") as special conflicts trial counsel for the EFH Committee *nunc pro tunc* to September 8, 2015. In support of

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, TX 75201. Due to the large number of debtors in these Chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] This EFH Committee is composed of creditors of Energy Future Holdings Corp.; Energy Future Intermediate Holding Company, LLC; EFIH Finance, Inc., and EECI, Inc. The EFH Committee represents the interests of the unsecured creditors of the aforementioned debtors and no others.

this Application, the EFH Committee submits the Declaration of Mabel Brown (the "Brown Declaration"), representative of Brown & Zhou, LLC, Chair of the EFH Committee, and the Declaration of Kathy D. Patrick, Esq., a partner at Gibbs & Bruns (the "Patrick Declaration"). Copies of the Brown Declaration and the Patrick Declaration are attached to this Application as **Exhibit B** and **Exhibit C** respectively and incorporated herein by reference.  In further support of this Application, the EFH Committee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the EFH Committee consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Application is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules.

## RELIEF REQUESTED

4. By this Application, the EFH Committee seeks to employ and retain Gibbs & Bruns *nunc pro tunc* to September 8, 2015 to represent the EFH Committee in these chapter 11

cases as special conflicts trial counsel with respect to the valuation, analysis, and prosecution of Texas-based litigation claims owned by Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Debtors") against the Debtors' sponsors and directors designated by the sponsors (the "Sponsor Parties"). The EFH Debtors' claims against the Sponsor Parties, identified through the work of EFH Committee counsel, Montgomery, McCracken, Walker & Rhoads LLP ("MMWR"), require the advice of specialized Texas trial counsel to assist it in valuing, protecting, and prosecuting these important EFH Debtor Assets. Accordingly, the EFH Committee respectfully requests entry of an order pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, in substantially the form attached hereto, authorizing the EFH Committee to employ and retain Gibbs & Bruns, a prominent Texas trial firm, as its special trial conflicts counsel in these proceedings (the "Cases") with respect to the Sponsor Parties.

### A.    General Background

5.     On October 27, 2014 (the "Formation Date"), the Office of the U.S. Trustee (the "UST") appointed the EFH Committee pursuant to section 1102 of the Bankruptcy Code [D.I. 2570]. The appointment was subsequently amended. See D.I. 3313 and 3403.

6.     The EFH Committee members include: (i) Brown & Zhou, LLC; (ii) David William Fahy; (iii) Shirley Fenicle, as successor-in-interest of the Estate of George Fenicle; (iv) American Stock Transfer & Trust Company, LLC; and (v) Peter Tinkham. On October 30, 2014, the EFH Committee selected Brown & Zhou, LLC to serve as its Chair.

7.     On November 5, 2014, the EFH Committee selected Sullivan &Cromwell LLP ("S&C") and MMWR as its counsel. The Court ordered the retention of MMWR on January 12, 2015 [D.I. 3241], and S&C on January 13, 2015 [D.I. 3282]. As was disclosed in connection

with its retention, S&C has declined to provide advice with respect to the prosecution of claims against the Sponsor Parties in light of its client relationship with affiliates of one of the sponsors. As a result, MMWR has been advising the EFH Committee with respect to the investigation, analysis and evaluation of claims of the Debtors against the Sponsor Parties.

**B.     Debtors' Rule 9019 Motion**

8.     On August 10, 2015, Debtors filed their *Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter into and Perform under the Settlement Agreement* [D.I. 5249] (the "Settlement Motion").  The Settlement Motion seeks approval of a Settlement Agreement (the "Settlement Agreement"), under which the Debtors agree to release the Debtors' sponsors, and their present and former directors and officers, of all claims relating to the Debtors and other specified matters, including all claims identified, claimed, or released in the Litigation Letters and the Disinterested Director Settlement (as such terms are defined therein), "from the beginning of the world through the Settlement Effective Date."   Settlement Agreement at § 2.1.  Debtors' motion seeks unprecedented and prospective releases of the EFH Debtors' claims against the Sponsor Parties that would become effective before, and without being conditioned on, approval of Debtors' proposed Plan.

9.     In light of Debtors' decision to seek court approval to grant these premature releases, the EFH Committee must now proceed to establish the likelihood of success on the merits of proceeding against the Sponsor Parties.  Based on MMWR's work to date, the EFH Committee has determined that EFH owns claims against the Sponsors Parties that are substantial and that may be of significant value.  The Sponsor Parties engineered the largest failed LBO in U.S. history, have self-dealt and otherwise benefitted at the expense of the Debtors, have received potentially avoidable transfers of substantial value, and have wholly-

controlled the Debtors prior to and during the Debtors' cases to the potential detriment of their estates. If EFH creditors are paid in full in cash, these claims will not be pursued by the EFH Committee. But if EFH creditors are not, claims against one or more of the Sponsor Parties by the Debtors include, without limitation: a) breach of fiduciary duty, breaches of duties of care, loyalty, and candor, b) waste, c) knowing participation in breaches of fiduciary duty, d) fraudulent transfers that benefitted the Sponsor Parties, at the expense of EFH and its creditors, in the years leading up to Debtors' bankruptcy filing, and e) other acts of misconduct during the pendency of Debtors' cases.

### C.   The EFH Committee Requires Assistance of Texas Trial Counsel

10.     EFH is a Texas corporation. Certain of the more significant claims that MMWR has identified arise under and concern issues of Texas law. Accordingly, specialized advice from skilled and experienced Texas trial counsel is necessary to assist the EFH Committee in analyzing, valuing, preserving, and, if necessary, prosecuting, such claims under Texas law. It is essential that these Texas law issues be addressed before the Court is required to determine, on Debtors' motion at Confirmation whether to approve a settlement releasing the EFH Debtors' claims against the Sponsor Parties in exchange for "disarmament" by certain T-side constituencies.

11.     Debtors acknowledge the releases in the Settlement Agreement would eliminate "Legacy Claims" that "various creditors have alleged give rise to viable litigation claims…against Sponsors and the Debtors' directors and officers." Settlement Motion at 11. Debtors' proposal to release these claims prematurely, without regard to whether the EFH Committee's creditors will be paid in full under their proposed Plan (or any other Plan), Settlement Motion, ¶34, necessarily requires the EFH Committee to develop an operational

litigation strategy to establish the value of the Debtors' claims against the Sponsor Parties. The EFH Committee must also now examine whether Debtors' decision to pursue releases of the Sponsor Parties as a precondition to the larger Settlement Agreement and Plan is itself appropriate and in compliance with applicable Texas law.[3] This, too, is an issue on which the advice of Texas counsel is highly pertinent.

12.     The EFH Committee therefore determined to retain Gibbs & Bruns as its special Texas trial counsel to perform the following tasks:

> (a) in conjunction with MMWR, provide legal advice to the EFH Committee with respect to the potential litigation of pre- and post-petition fiduciary duty, avoidance and other claims by the estate against the sponsors and directors designated by the sponsors, including without limitation claims against the sponsors as control persons of the debtors immediately preceding and during the bankruptcy cases, including with respect to Texas corporate law and governance issues and related trends;
>
> (b) in conjunction with MMWR, review on behalf of the EFH Committee necessary motions, complaints, answers, orders, agreements, and other legal papers relating to the Legacy Claims, including plan objections pertaining to the purported release of Legacy Claims, as well as plan objections to Debtors' effort to obtain a court order purporting to release claims against the Sponsor Parties that do not belong to Debtors' estates but, instead, belong to individual creditors[4];
>
> (c) in conjunction with MMWR, as determined by the EFH Committee, advise the EFH Committee as special trial counsel with respect to the proposed settlement or release of such Legacy Claims by the Debtors, whether prior to or as part of a plan of reorganization;
>
> (d) represent the EFH Committee as special trial counsel in hearings and other judicial proceedings with regard to the merits of such claims;
>
> (e) serve as lead trial counsel in prosecuting such claims if they are prosecuted;

---

[3] Texas law incorporates the "internal affairs" doctrine, under which the propriety of actions by a corporation, its directors, and its insiders are governed by Texas law. *See* Tex. Bus. Corp. Act at Section 1.01 ("The law of this state governs the formation and internal affairs of an entity" if the entity is a Texas corporation).

[4] The EFH Committee's engagement of Texas counsel, like its engagement of MMWR, does not extend to or include the representation of individual creditors; instead, it is limited to identifying claims that are property of Debtors' estates and the concomitant impropriety of Debtors' efforts to obtain an order discharging or releasing claims that do not belong to Debtors' estates.

(f) except as to asbestos matters, represent the EFH Committee in such other litigation matters where lead counsel has a conflict or declines to proceed, as the EFH Committee may determine;

(g) and in each of cases (a) through (f) in a manner that avoids unnecessary duplication of the work of any other EFH Committee advisor.

13. Importantly, though Gibbs & Bruns's work will build on the work done by MMWR to date, it will in not duplicate it. Instead, Gibbs & Bruns will utilize the work that has been completed by MMWR so far in these Cases, and Gibbs & Bruns and MMWR will work together going forward to avoid unnecessary duplication. MMWR will also continue to act as Delaware bankruptcy counsel and as conflicts counsel on asbestos matters and as otherwise requested by the EFH Committee.

**D. Gibbs & Bruns is Highly Qualified to Serve as Texas Trial Counsel**

14. The EFH Committee selected Kathy Patrick and her firm, Gibbs & Bruns, to serve as its special Texas trial counsel because Ms. Patrick is well qualified by experience and knowledge in, among other things, Texas-centric corporate governance and fiduciary duty litigation. Gibbs & Bruns is a premier Texas-based litigation firm with a broad, national practice focused on high-stakes commercial litigation. Its practice has included litigation of claims against and involving sponsors, as well as significant litigation involving other complex bankruptcy cases including *In re National Century Financial Enterprises, Inc.* (the nation's largest securitization failure), *In re Residential Capital* (bankruptcy of a large issuer of residential mortgage-backed securities), and *In re Enron* (the nation's largest bankruptcy at the time). Patrick Decl. at ¶ 7. Gibbs & Bruns has been recognized by the Financial Times as the "Top US Litigation Firm" in 2012, has been named to the National Law Journal's "Litigation Boutiques Hot List," as well as twice appearing on that publication's "Plaintiff's Hot List." *Id*.

The firm's lawyers, including Ms. Patrick, are listed regularly in *Best Lawyers in America*. The firm has been recognized as a top tier litigation firm by Chambers Partners, *Benchmark Litigation Guide*, and Legal 500. *Id.* In addition, Benchmark has recognized Ms. Patrick as one of the Top 100 Trial Lawyers in the United States and named her Female Litigator of the Year in 2013. *Id.* Ms. Patrick's professional biography is attached as Ex. 1 to the Patrick Declaration for the Court's information and review. Gibbs & Bruns' Significant Case Summary is attached as Ex. 2 to the Patrick Declaration. The EFH Committee believes that Ms. Patrick and Gibbs & Bruns are well qualified and able to advise and represent the EFH Committee in connection with the EFH Committee's evaluation, development, and prosecution of the Legacy Claims.

### E. Compensation

15. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any application orders of this Court, compensation will be payable to Gibbs & Bruns on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Gibbs & Bruns.

16. The hourly rates charged by Gibbs & Bruns for the services of professionals and paraprofessionals it employs are:

| | |
|---|---|
| Partners | $395 to $1050 |
| Associates | $265 to $350 |
| Paralegals | $185 |

17. The charges for the attorneys and paralegals who will render services to the EFH Committee will be based upon actual time spent and upon the experience and expertise of the

attorney or paralegal involved. The hourly rates set forth above are subject to periodic adjustments (generally on January 1 of each year) to reflect economic and other conditions.[5]

18.     The hourly rates set forth above are consistent with the rates that Gibbs & Bruns charges other comparable clients for similar services, whether in or outside of chapter 11, regardless of the location of the client or the court in which a matter is pending. The rate structure provided by Gibbs & Bruns is appropriate and not significantly different from (a) the rates that Gibbs & Bruns charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Gibbs & Bruns will perform in these chapter 11 cases.

19.     It is Gibbs & Bruns' policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, telephone conference call and international call charges, mail, express mail, and overnight delivery service charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mass mailings (including envelopes and labels) provided by Gibbs & Bruns to outside copying services, travel expenses, expenses for "working meals," computerized and online legal research costs (such as Westlaw and Lexis), transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. Gibbs & Bruns will charge the EFH Committee for these expenses at its cost, in a manner and at rates consistent with charges made generally to Gibbs & Bruns' other clients and within the guidelines

---

[5] For example, like many similar law firms, Gibbs & Bruns increases the hourly billing rate of attorneys and paraprofessionals yearly in the form of: (a) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (b) periodic increases within each attorney's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013). As set forth in the Order, Gibbs & Bruns has agreed to provide 10 business days' notice to the Debtors, the U.S. Trustee, and the Committees before implementing any periodic increases and has agreed file such notice with the Court.

set forth in Rule 2014-1 of the Local Rules and all amendments and supplemental standing orders of the Court.  Gibbs & Bruns believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

20.     Notwithstanding the foregoing and consistent with the Local Rules, Gibbs & Bruns will charge no more than $0.10 per page for black and white photocopying and no more than $0.50 per page for color copying.  Gibbs & Bruns does not charge its clients for domestic facsimile transmissions or for office supplies.

21.     The EFH Committee understands that any compensation and expenses paid to Gibbs & Bruns must be approved by this Court upon application consistent with the Bankruptcy Code, applicable Bankruptcy Rules, Local Rules and any order of this Court respecting compensation of professionals, including orders relating to the Fee Committee.

## BASIS FOR RELIEF REQUESTED

22.     Under section 1103(a) of the Bankruptcy Code, a statutory committee "with the court's approval . . . may select and authorize the employment . . . of one or more attorneys . . . to represent or perform services for such committee."  An attorney employed by the committee must be disinterested and "may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case."  11 U.S.C. § 1103(b).  Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

   a.    is not a creditor, an equity security holder, or an insider;

   b.    is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

   c.    does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14). Regardless, "[r]epresentation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest." 11 U.S.C. § 1103(b).

23. In connection with the proposed retention by the EFH Committee in these Cases, Gibbs & Bruns received from the Debtors various lists identifying more than 10,000 parties-in-interest. To the best of the EFH Committee's knowledge, information and belief, and except as disclosed herein and in the Patrick Declaration, neither Gibbs & Bruns nor any of its partners, senior counsel, of counsel, or associates has had or presently have any connections with the Debtors, their creditors, equity security holders, or any other party-in-interest, or their respective attorneys, accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, in any matters related to the Debtors or their estates. Gibbs & Bruns is a "disinterested person" as defined in the Bankruptcy Code.

24. Gibbs & Bruns has advised the EFH Committee that Gibbs & Bruns may have in the past represented or opposed, may currently represent or oppose, and may in the future represent or oppose, in matters wholly unrelated to the Debtors' pending Cases, entities that are claimants of the Debtors or other parties-in-interest (or service providers thereto) in these Cases. Gibbs & Bruns has not (except as disclosed in the Patrick Declaration) and will not represent any such parties, or any of their affiliates or subsidiaries, in relation to the EFH Committee, the Debtors, or these Cases.

25. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. 11 U.S.C. § 328(a). Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, the

EFH Committee requests that Gibbs & Bruns be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that Gibbs & Bruns incurs, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.

26. Gibbs & Bruns will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with Gibbs & Bruns' representation of the EFH Committee in the EFH Debtors' Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals*, dated September 16, 2014 [D.I. 2066] (the "Interim Compensation Order"), any case-specific fee protocols approved by the Court after notice and a hearing pursuant to paragraph C.5 of the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896] (the "Fee Committee Order"), and any other applicable procedures and orders of the Court. Gibbs & Bruns will make a reasonable efforts to comply with the U.S. Trustee's and the Fee Committee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013 (the "UST Guidelines"), in connection with this Application and the interim and final fee applications to be filed by Gibbs & Bruns.

## RESPONSE TO U.S. TRUSTEE GUIDELINES QUESTIONS

27. The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Revised UST Guidelines:

Question: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response: No.

| | |
|---|---|
| Question: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| Question: | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response: | Gibbs & Bruns did not represent the EFH Committee or any Debtor in the 12 months prepetition. |
| Question: | Has your client approved your prospective budget and staffing plan, and, if so for what budget period? |
| Response: | No. The EFH Committee has not yet requested a budget or staffing plan from Gibbs & Bruns. Gibbs & Bruns will provide a budget and staffing plan immediately and will continue to provide the EFH Committee with monthly budgets and staffing reports as such may be requested by the EFH Committee. |

## **NOTICE**

28.     Notice of this Application has been provided to: (a) the U.S. Trustee; (b) counsel for the Debtors including (i) Kirkland & Ellis LLP and (ii) Richards Layton & Finger, P.A.; (c) counsel to the Official Committee of Unsecured Creditors of Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC and its direct and indirect subsidiaries, and EFH Corporate Services Company, including (i) Morrison & Foerster LLP and (ii) Polsinelli PC; and (d) all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The EFH Committee respectfully submits that further notice of this Application is neither required nor necessary.

## NO PRIOR REQUEST

29.     No prior request for the relief sought in this Application has been made to this or any other court.

## CONCLUSION

WHEREFORE, the EFH Committee respectfully requests that this Court enter an Order, in substantially the form annexed hereto as **Exhibit A**, authorizing it to retain and employ Gibbs & Bruns as special conflicts trial counsel to represent the EFH Committee in connection with the Legacy Claims and for such other and further relief as the Court deems just and equitable.

Dated: Wilmington, Delaware
       September 22, 2015

                                Respectfully submitted,

                                THE OFFICIAL COMMITTEE OF UNSECURED
                                CREDITORS of Energy Future Holdings Corp.,
                                Energy Future Intermediate Holding Company,
                                LLC, EFIH Finance, Inc., and EECI, Inc.

                                */s/ Mabel C. Brown*
                                Mabel Brown
                                Chair of the EFH Committee
                                Brown & Zhou, LLC