## Exhibit A

### *Proposed Order*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br>(Jointly Administered<br><br>**Re: D.I. ___** |

**ORDER APPROVING THE EMPLOYMENT OF GIBBS & BRUNS LLP AS SPECIAL CONFLICTS TRIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC, EFIH FINANCE, INC., AND EECI, INC. UNDER BANKRUPTCY CODE SECTIONS 328(a) AND 1103(a), BANKRUPTCY RULE 2014(a) AND LOCAL RULE 2014-1, EFFECTIVE _NUNC PRO TUNC_ TO SEPTEMBER 8, 2015**

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "EFH Committee") of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc., (collectively, the "EFH Debtors") by its Chair, Brown & Zhou, LLC, for entry of an order (this "Order") authorizing the EFH Committee to retain and employ Gibbs & Bruns LLP ("Gibbs & Bruns") as its special conflicts trial counsel in connection with the chapter 11 cases of Energy Future Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors"), effective *nunc pro tunc* to September 8, 2015; the Declaration of Mabel Brown, chairperson of the EFH Committee (the "Brown Declaration"), and the Declaration of Kathy D. Patrick, Esq., a partner in Gibbs & Bruns (the "Patrick Declaration") filed with the Application, and the evidence and arguments adduced at the hearing on the Application, the Court finds:

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, TX 75201.  Due to the large number of debtors in these Chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

a.    the Court has jurisdiction and authority over this matter under 28 U.S.C. §§ 157 and 1334;

b.    the Application is a core proceeding under 28 U.S.C. § 157(b)(2);

c.    venue of the Application in this district is proper under 28 U.S.C. §§ 1408 and 1409;

d.    based on the representations made in the Application and in the Patrick Declaration, (i) Gibbs & Bruns is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (ii) Gibbs & Bruns does not represent any person or entity having an interest adverse to the EFH Committee in connection with these chapter 11 cases, (iii) Gibbs & Bruns does not hold or represent an interest adverse to the interests of the Debtors' estates with respect to matters on which Gibbs & Bruns is employed, and (iv) Gibbs & Bruns has no connection to the Debtors, their creditors or any other party in interest except as disclosed in the Patrick Declaration;

e.    the relief requested in the Application is in the best interests of EFH Committee and other parties in interest;

f.    the EFH Committee provided adequate and appropriate notice of the Application under the circumstances, and no other or further notice is required;

g.    there is good cause for the relief granted herein; and

h.    any objections to the relief requested by the Application have been withdrawn or overruled.

Therefore, it is ORDERED:

1.    The Application is granted to the extent set forth in this Order.

2.    The EFH Committee's employment of Gibbs & Bruns as its special conflicts trial counsel *nunc pro tunc* to September 8, 2015 on the terms and conditions set forth in the Application is approved.  To the extent, if any, that the Application, the Patrick Declaration, the Brown Declaration or any document later filed with the Court in connection with the Gibbs & Bruns employment is inconsistent with the Bankruptcy Code or this Order, the Bankruptcy Code and this Order shall govern, as determined by the Court.

3.    Gibbs & Bruns is authorized to perform the following services:

2

(a) in conjunction with MMWR, provide legal advice to the EFH Committee with respect to the potential litigation of pre- and post-petition fiduciary duty, avoidance and other claims by the estate against the sponsors and directors designated by the sponsors, including without limitation claims against the sponsors as control persons of the debtors immediately preceding and during the bankruptcy cases, including with respect to Texas corporate law and governance issues and related trends;

(b) in conjunction with MMWR, review on behalf of the EFH Committee necessary motions, complaints, answers, orders, agreements, and other legal papers relating to the Legacy Claims, including plan objections pertaining to the purported release of Legacy Claims, as well as plan objections to Debtors' effort to obtain a court order purporting to release claims against the Sponsor Parties that do not belong to Debtors' estates but, instead, belong to individual creditors;

(c) in conjunction with MMWR, as determined by the EFH Committee, advise the EFH Committee as special trial counsel with respect to the proposed settlement or release of such Legacy Claims by the Debtors, whether prior to or as part of a plan of reorganization;

(d) represent the EFH Committee as special trial counsel in hearings and other judicial proceedings with regard to the merits of such claims;

(e) serve as lead trial counsel in prosecuting such claims if they are prosecuted;

(f) except as to asbestos matters, represent the EFH Committee in such other litigation matters where lead counsel has a conflict or declines to proceed, as the EFH Committee may determine;

(g) and in each of cases (a) through (f) in a manner that avoids unnecessary duplication of the work of any other EFH Committee advisor.

4.      Gibbs & Bruns shall use its reasonable efforts not to unnecessarily duplicate any services provided by any of the EFH Committee's other retained professionals in the Cases.

5.      Gibbs & Bruns shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with its representation of the EFH Committee in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* entered on

September 16, 2014 [D.I. 2066] and any other applicable procedures and orders of the Court,

including the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896], and shall

cooperate with the Fee Committee appointed under that Stipulation and Order in the discharge of

its duties.  In connection with any employment or interim or final fee application Gibbs & Bruns

files in this chapter 11 case, Gibbs & Bruns shall make a reasonable effort to comply with the

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1,

2013.

6.      Absent further order of this Court, all approved fees and expenses incurred by

Gibbs & Bruns as authorized by this Order shall be paid by the EFH Debtors.

7.      Gibbs & Bruns shall obtain prior approval from the Fee Committee for any

contract attorneys that Gibbs & Bruns uses in this case for which Gibbs & Bruns proposes to

charge to the EFH Committee more than the actual charge it pays for their services.

8.      Gibbs & Bruns will charge the EFH Committee for these expenses in a manner

and at rates consistent with charges made generally to Gibbs & Bruns' other clients and within

the guidelines set forth in Rule 2014-1 of the Local Rules and all amendments and supplemental

standing orders of the Court.

9.      Gibbs & Bruns shall not share fees with any attorneys except to the extent

permitted by section 504.

10.     Gibbs & Bruns shall provide ten business days' notice to the EFH Committee, the

U.S. Trustee, the Debtors, any other official committee of unsecured creditors, and the Fee

Committee before any increases in the rates set forth in the Application or the Engagement Letter

are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to

object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase under section 330 of the Bankruptcy Code.

11.     The EFH Committee and Gibbs & Bruns are authorized to take all actions necessary to effectuate the relief granted by this Order.

12.     Notice of the Application as described in the Application is adequate notice of the Application, and the Application satisfied the requirements of the Local Bankruptcy Rules.

13.     The terms and conditions of this Order are effective and enforceable immediately upon its entry.

14.     The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated:

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge