# **Exhibit B**

*Brown Declaration*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br>(Jointly Administered |

**DECLARATION OF MABEL BROWN IN SUPPORT OF APPLICATION FOR AN ORDER APPROVING THE EMPLOYMENT OF GIBBS & BRUNS LLP AS SPECIAL CONFLICTS TRIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC, EFIH FINANCE, INC., AND EECI, INC. UNDER BANKRUPTCY CODE SECTIONS 328(A) AND 1103(A), BANKRUPTCY RULE 2014(A) AND LOCAL RULE 2014-1,**
<u>**EFFECTIVE *NUNC PRO TUNC* TO SEPTEMBER 8, 2015**</u>

I, Mabel Brown, declare under penalty of perjury as follows:

    1.    I am the representative of Brown & Zhou, LLC, Chair of the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "<u>EFH Committee</u>").

    2.    I have reviewed and am familiar with the contents of the Application for an Order Approving the Employment of Gibbs & Bruns LLP as Special Conflicts Trial Counsel to the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. Under Bankruptcy Code Sections 328(a) and 1103(a), Bankruptcy Rule 2014(a) and Local Rule 2014-1, Effective Nunc Pro Tunc to September 8, 2015 (the "<u>Application</u>"). In support of the Application, the

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, TX 75201. Due to the large number of debtors in these Chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

-1-

EFH Committee relies upon the supporting declaration of Kathy D. Patrick, Esq. (the "Patrick Declaration") attached to the Application as Exhibit C.

3. I submit this declaration in support of the EFH Committee's application for the entry of an order authorizing the EFH Committee to retain Gibbs & Bruns LLP ("Gibbs & Bruns") as its special conflicts trial counsel in connection with the investigation, analysis, valuation, preservation and, if necessary, prosecution of Legacy Claims arising from the leveraged buyout of the Debtors (and related later transactions). I understand that the Application seeks employment pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* ("Bankruptcy Code"), rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

4. Debtors' PSA Motion and its related motion to settle claims as a condition to Plan confirmation precipitated the need for the EFH Committee to retain special conflicts counsel familiar with Texas law because of Debtors' decision to release the EFH Estates' claims against the Sponsors and their appointed directors *before* their contemplated Plan was confirmed and *regardless* of whether it ever was confirmed. Given this decision, the EFH Committee required expertise in Texas law to assess both the value and viability of those claims, so as to determine whether it was appropriate and permissible and in the best interests of creditors to release those claims preemptively, without regard to whether Debtors' proposed plan was confirmed. Lead counsel for the EFH Committee, Sullivan & Cromwell LLP, has declined to provide advice with respect to the prosecution of such claims in light of its client relationship with affiliates of one of

the Sponsors. In addition, because the propriety of these releases and the existence of the claims released turns on intricate questions of Texas law, the EFH Committee determined it needed special conflicts trial counsel experienced in fiduciary duty matters under Texas law to advise it of its rights under Texas law regarding the valuation and proposed release of these Legacy Claims.

5. On September 8, 2015, the EFH Committee met telephonically to discuss and consider the retention of special conflicts trial counsel. Several national and Texas law firm candidates had been considered by Committee members, their counsel and me, and I had extensive discussions with several Committee members prior to the meeting. The EFH Committee voted to retain Kathy Patrick and her firm, Gibbs & Bruns, as its special conflicts trial counsel to analyze and, if necessary, conduct litigation concerning the EFH Committee's potential prepetition fraudulent transfer and breach of fiduciary duty claims against the Sponsors and their designees on Debtors' boards.

6. In my capacity as Chair of the EFH Committee, I participated in this discussion and in the EFH Committee's selection of Gibbs & Bruns as special conflicts trial counsel. With respect to the selection, the EFH Committee considered the fact that Gibbs & Bruns is a premier Texas-based litigation firm with a broad, national complex litigation practice with the necessary experience in high-stakes creditor recovery commercial litigation to assist the EFH Committee in the tasks before it. The members of the EFH Committee have determined that the retention of Gibbs & Bruns is necessary and appropriate, will enable the EFH Committee to carry out its duties under the Bankruptcy Code, and is in the best interests of the EFH Committee and the unsecured creditors represented by the EFH Committee.

7. Gibbs & Bruns has discussed with the EFH Committee the connections with the Debtors and parties in interest in these chapter 11 cases that are disclosed in the Patrick Declaration. Based upon the representations made to the EFH Committee by Gibbs & Bruns, I understand that the connections and relationship disclosed in the Patrick Declaration do not preclude Gibbs & Bruns from representing the EFH Committee as special conflicts trial counsel in these chapter 11 cases.

8. The member of the EFH Committee have reviewed, and have discussed with Gibbs & Bruns, the proposed rates for Gibbs & Bruns' legal services in connection with these chapter 11 cases as set forth in the Application. Based upon the representations made to the EFH Committee by Gibbs & Bruns, I understand that the rates for Gibbs & Bruns professionals that will be primarily responsible for this matter range from $265 to $1,050. Based on these representations and discussions and the EFH Committee members' experience, the EFH Committee believes these rates are reasonable.

9. I understand that the Debtors have established procedures and policies for reviewing fees, and that a fee committee (the "Fee Committee") has been appointed in these chapter 11 cases pursuant to the Stipulation and Order Appointing a Fee Committee [D.I. 1896] (the "Fee Committee Order"). I further understand that the Debtors and the Fee Committee will review fees and expenses incurred by professionals in these chapter 11 cases to ensure that they are reasonable and to ensure compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable guidelines established by the United States Trustee, the Fee Committee Order, and other applicable procedures and orders of the Court.

10. For so long as the EFH Committee is active during these chapter 11 cases, Gibbs & Bruns will provide the EFH Committee with a monthly budget and staffing plan for the EFH

-4-

Committee's approval. Based on representations by Gibbs & Bruns to the EFH Committee, the EFH Committee will receive copies of Gibbs & Bruns' monthly and interim fee applications, and will have a full opportunity to review Gibbs & Bruns' fees and expenses as set forth therein to ensure that they are reasonable.

11. I am authorized to submit this Declaration on behalf of the EFH Committee, and if called upon to testify, I would testify competently to the facts set forth herein.

I declare under penalty of perjury as provided in 28 U.S.C. § 1746 that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: September 22, 2015

*Mabel C. Brown*
Mabel Brown
Brown & Zhou, LLC
Chair of the EFH Committee