## <u>Exhibit C</u>

*Patrick Declaration*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) (Jointly Administered |
| Debtors. | |

**DECLARATION OF KATHY D. PATRICK, ESQ. IN SUPPORT OF APPLICATION FOR AN ORDER APPROVING THE EMPLOYMENT OF GIBBS & BRUNS LLP AS SPECIAL CONFLICTS TRIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC, EFIH FINANCE, INC., AND EECI, INC. UNDER BANKRUPTCY CODE SECTIONS 328(A) AND 1103(A), BANKRUPTCY RULE 2014(A) AND LOCAL RULE 2014-1, EFFECTIVE *NUNC PRO TUNC* TO SEPTEMBER 8, 2015**

I, Kathy D. Patrick, declare under penalty of perjury as follows:

1.      I am a partner in the firm of Gibbs & Bruns LLP ("Gibbs & Bruns"), with an office located at 1100 Louisiana, Suite 5300, Houston, Texas 77002, and have been duly admitted to practice law in the State of Texas and the District of Columbia.

2.      I am authorized to submit this Declaration in support of the *Application for an Order Approving the Employment of Gibbs & Bruns LLP as Special Conflicts Trial Counsel to the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. Under Bankruptcy Code Sections 328(a) and 1103(a), Bankruptcy Rule 2014(a) and Local Rule 2014-1, Effective*

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, TX 75201. Due to the large number of debtors in these Chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

3965160v1

*Nunc Pro Tunc to September 8, 2015* (the "Application").  Except as otherwise noted, I have

personal knowledge of the matters set forth herein.

**Qualifications**

3.      Gibbs & Bruns is a premier Texas-based litigation firm with a broad, national

practice which focuses on high-stakes commercial litigation.  Gibbs & Bruns' attorneys have

extensive experience and knowledge in, among other things, corporate governance and fiduciary

duty litigation under Texas law, and the Texas energy industry.  This practice has included

litigation of claims against and involving Sponsors, as well as significant litigation involving

other complex bankruptcy cases including *In re National Century Financial Enterprises, Inc.*

(the nation's largest securitization failure), *In re Residential Capital* (bankruptcy of a large issuer

of residential mortgage-backed securities), and *In re Enron* (the nation's largest bankruptcy at

the time). Gibbs & Bruns has been recognized by the Financial Times as the "Top US Litigation

Firm" in 2012, has been named to the National Law Journal's "Litigation Boutiques Hot List," as

well as twice appearing on that publication's "Plaintiff's Hot List." I and other partners in my

firm are listed regularly in *Best Lawyers in America*. The firm has also been recognized as a top

tier litigation firm by Chambers Partners, *Benchmark Litigation Guide*, and Legal 500.  In

addition, Benchmark has recognized me as one of the Top 100 Trial Lawyers in the United

States and named me Female Litigator of the Year in 2013.

4.      A true and correct copy of my professional resume is attached hereto as Schedule

1. A true and correct copy of the firm's Significant Case summary is attached hereto as Schedule

2. Gibbs & Bruns is well qualified and able to advise and represent the EFH Committee in

connection with the EFH Committee's efforts to prosecute the Legacy Claims described in the

EFH Committee' Motion to Appoint Special Conflicts Counsel and in the Motion of Energy

-2-

Futures Holdings Corp. *et al* to Approve a Settlement of Litigation Claims and Authorize the

Debtors to Enter Into and Perform Under the Settlement Agreement (Dkt. No. 5249).

**Scope of Services to be Provided**

5.        The services Gibbs & Bruns has rendered and may be required to render for the

EFH Committee include, without limitation, the following:

(a) in conjunction with MMWR, provide legal advice to the EFH Committee with respect
to the potential litigation of pre- and post-petition fiduciary duty, avoidance and other
claims by the estate against the sponsors and directors designated by the sponsors,
including without limitation claims against the sponsors as control persons of the debtors
immediately preceding and during the bankruptcy cases, including with respect to Texas
corporate law and governance issues and related trends;

(b) in conjunction with MMWR, review on behalf of the EFH Committee necessary
motions, complaints, answers, orders, agreements, and other legal papers relating to the
Legacy Claims, including plan objections pertaining to the purported release of Legacy
Claims, as well as plan objections to Debtors' effort to obtain a court order purporting to
release claims against the Sponsor Parties that do not belong to Debtors' estates but,
instead, belong to individual creditors[2];

(c) in conjunction with MMWR, as determined by the EFH Committee, advise the EFH
Committee as special trial counsel with respect to the proposed settlement or release of
such Legacy Claims by the Debtors, whether prior to or as part of a plan of
reorganization;

(d) represent the EFH Committee as special trial counsel in hearings and other judicial
proceedings with regard to the merits of such claims;

(e) serve as lead trial counsel in prosecuting such claims if they are prosecuted;

(f) except as to asbestos matters, represent the EFH Committee in such other litigation
matters where lead counsel has a conflict or declines to proceed, as the EFH Committee
may determine;

(g) and in each of cases (a) through (f) in a manner that avoids unnecessary duplication of
the work of any other EFH Committee advisor.

---

[2] The EFH Committee's engagement of Texas counsel, like its engagement of MMWR, does not extend to or
include the representation of individual creditors; instead, it is limited to identifying claims that are property of
Debtors' estates and the concomitant impropriety of Debtors' efforts to obtain an order discharging or releasing
claims that do not belong to Debtors' estates.

6.      Gibbs & Bruns will utilize the work that has been completed by MMWR and work with MMWR on evaluation and pursuit of the Legacy Claims as productivity dictates. Gibbs & Bruns and MMWR will work together going forward to avoid unnecessary duplication in representing the EFH Committee in connection with the proposed releases of the Sponsors, directors, and officers.

**Compensation**

7.      The hourly rates charged by Gibbs & Bruns for the services of professionals and paraprofessionals it employs are:

| | |
|---|---|
| Partners | $395 to 1050 |
| Associates | $265 to $350 |
| Paralegals | $185 |

The charges for the attorneys and paralegals who will render services to the EFH Committee will be based upon actual time spent and upon the experience and expertise of the attorney or paralegal involved.  The hourly rates set forth above are subject to periodic adjustments (generally on January 1 of each year) to reflect economic and other conditions.[3]

8.      The hourly rates set forth above are consistent with the rates that Gibbs & Bruns charges other comparable clients for similar services, whether in or outside of chapter 11, regardless of the location of the client or the court in which a matter is pending.  The rate structure provided by Gibbs & Bruns is appropriate and not significantly different from (a) the

---

[3] For example, like many similar law firms, Gibbs & Bruns increases the hourly billing rate of attorneys and paraprofessionals yearly in the form of: (a) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (b) periodic increases within each attorney's current level of seniority.  The step increases do not constitute "rate increases" (as the term is used in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013).  As set forth in the Order, Gibbs & Bruns has agreed to provide 10 business days' notice to the Debtors, the U.S. Trustee, and the Committees before implementing any periodic increases and has agreed file such notice with the Court.

rates that Gibbs & Bruns charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Gibbs & Bruns will perform in these chapter 11 cases.

9.      Gibbs & Bruns agrees to obtain prior approval from the Fee Committee for any contract attorneys that it uses in this case for which it proposes to charge the EFH Committee more than the actual charge it pays for their service.

10.     It is Gibbs & Bruns' policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone conference call and international call charges, mail, express mail, and overnight delivery service charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mass mailings (including envelopes and labels) provided by Gibbs & Bruns to outside copying services, travel expenses, expenses for "working meals," computerized research, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime.  Gibbs & Bruns will charge the EFH Committee for these expenses in a manner and at rates consistent with charges made generally to Gibbs & Bruns' other clients and within the guidelines set forth in Rule 2014-1 of the Local Rules and all amendments and supplemental standing orders of the Court.  Gibbs & Bruns believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

11.     Notwithstanding the foregoing and consistent with the Local Rules, Gibbs & Bruns will charge no more than $0.10 per page for black and white photocopying and no more than $0.50 per page for color copying.  Gibbs & Bruns does not charge its clients for domestic facsimile transmissions or for office supplies.

3965160v1

3965160v1

12.     Gibbs & Bruns will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with its representation of the EFH Committee in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* entered on September 16, 2014 [D.I. 2066] and any other applicable procedures and orders of the Court, including the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896], and will cooperate with the fee committee appointed under that Stipulation and Order in the discharge of its duties. In connection with any employment or interim or final fee application Gibbs & Bruns files in this chapter 11 case, Gibbs & Bruns will make a reasonable effort to comply with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "UST Guidelines").

13.     Gibbs & Bruns does not share fees with any attorneys except to the extent permitted by section 504 of the Bankruptcy Code.

**Disinterestedness & Absence of Conflicts**

14.     In connection with the proposed retention by the EFH Committee in these Cases, Gibbs & Bruns has conducted a conflicts check in its system regarding Debtors, their largest creditors, the Sponsors, and those who are parties to Debtors' proposed Plan Support Agreement. In addition, Gibbs & Bruns conducted a conflicts check regarding entities identified on lists received from the Debtors containing more than 10,000 parties in interest.[4]  Based on the

---

[4] The lists of parties-in-interest run through Gibbs & Bruns's conflicts process is not attached to this Application due to size.  The full list is available upon request to Gibbs & Bruns.

information available to us, neither I, Gibbs & Bruns, nor any partner, of counsel, or associate of Gibbs & Bruns, insofar as I have been able to ascertain, represents any other party-in-interest in these Cases, or their attorneys or accountants, except as hereinafter set forth.  <u>Schedule 3</u> identifies those entities that are current clients or are affiliates thereof, and those entities who have been represented by Gibbs & Bruns within the last five years.

15.     Gibbs & Bruns maintains and systematically updates its conflict check system in the regular course of its business and it is the regular practice of Gibbs & Bruns to make and maintain these records.  The conflict system maintained by Gibbs & Bruns is designed to include (a) every active matter on which Gibbs & Bruns is engaged, (b) every closed matter on which Gibbs & Bruns has been engaged since 1990, (c) the entity by which it is now or has been engaged, (d) the identity of related parties, (e) the identity of adverse parties, and (f) the attorney at Gibbs & Bruns that is knowledgeable about the matter.  It is the policy of Gibbs & Bruns that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and the related and adverse parties.  Accordingly, the database is updated for every new matter undertaken by Gibbs & Bruns.  The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

16.     Gibbs & Bruns has in the past represented, currently represents, and/or may in the future represent, in matters wholly unrelated to the Debtors' bankruptcy cases, affiliates of certain parties in interest in these cases.  Specifically, the firm has for the last six years represented various investment advisers, solely on behalf of their advised funds and clients, in connection with litigation and/or settlements of large disputes involving residential mortgage-

backed securities ("RMBS Matters"). Of the more than twenty clients in that engagement, two are BlackRock Financial Management LLC and Goldman Sachs Asset Management, LP. ("GSAM"), each solely as adviser to its funds and accounts. Certain BlackRock advised funds, which Gibbs & Bruns does not now and has never represented, are signatories to the Debtors' proposed Plan Support Agreement. In addition, though GSAM is an affiliate of Goldman Sachs & Co., the firm does not now and in the past ten years has not represented Goldman Sachs & Co. It is also possible that one or more of the clients in the RMBS Matters has been or is now an investor in debt securities issued by one or more of the Debtors, but Gibbs & Bruns does not now and has never represented any of its RMBS Clients in connection with the Debtors or their securities. Schedule 4 identifies regular purchasers of debt or equity securities who are current clients of Gibbs & Bruns, or affiliates thereof, that have been represented by Gibbs & Bruns within the last five (5) years in the RMBS Matters. Gibbs & Bruns will not represent any of the foregoing claimants or any party-in-interest in any facet of the Debtors' bankruptcy cases.

17.    Gibbs & Bruns also represented a large investment advisor in litigation filed by a class of asbestos claimants arising out of the bankruptcy of National Gypsum.  That matter was concluded by settlement.  In the last five years, the firm has not represented any party adverse to any asbestos claimants in any matter.

18.    Based on information provided by those most knowledgeable at Gibbs & Bruns, though the RMBS Matters described in paragraph 15 are large engagements for Gibbs & Bruns, none of them is a representation of any party or party-in-interest in the Debtors' cases. Accordingly, there is no single matter (or combination of matters) at Gibbs & Bruns that I believe would involve either the billing of fees in excess of one half of one percent (.5%) of Gibbs & Bruns' annual fees billed, or that, in the aggregate for any affiliated group of entities,

-8-

would exceed one percent (1%) of Gibbs & Bruns' annual fees billed to any client who is a Debtor or a party-in-interest in the Debtors' cases.

19.     I do not believe there is any connection or interest (as such terms are used in section 101(14) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between Gibbs & Bruns and (i) the United States Trustee or any person employed by the Office of the United States Trustee or (ii) any counsel, accountants, financial consultants and investment bankers who represent or may represent claimants or other parties in interest in the Debtors' bankruptcy cases. In addition, as part of its practice, Gibbs & Bruns appears in cases, proceedings and transactions involving many different attorneys, co-counsel, accountants, financial consultants, and investment bankers, some of which now or may in the future represent claimants and parties in interest in the Debtors' bankruptcy cases. Gibbs & Bruns has not represented and will not represent any such entities in relation to the Debtors and the Debtors' bankruptcy cases, nor does Gibbs & Bruns have any relationship with any such entities that would be adverse to the Debtors or their estates in the matters upon which Gibbs & Bruns is to be employed in the Debtors' bankruptcy cases.

20.     Except as set forth herein, and based upon the information available to me, neither I, nor Gibbs & Bruns, nor any partner or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates in the matters upon which Gibbs & Bruns is to be employed in these cases. Based upon the information available to me, I believe that Gibbs & Bruns is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

3965160v1

21.     A Gibbs & Bruns partner or I will also file appropriate supplemental disclosures with the Court as necessary to the extent that additional information concerning any other Parties in Interest is developed.

22.     To the extent that issues arise that would cause the EFH Committee to be adverse to any of Gibbs & Bruns' clients such that it would not be appropriate for Gibbs & Bruns to represent the EFH Committee with respect to such matters, the EFH Committee will request that either S&C or MMWR represent the EFH Committee with respect to those matters.

23.     To the best of my knowledge, no partner or associate of Gibbs & Bruns is a relative of, or has been so connected with, any judge of the bankruptcy court for this district.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

24.     Gibbs & Bruns also intends to make a reasonable effort to comply with the UST Guidelines, both in connection with this application and the interim and final fee applications to be filed by Gibbs & Bruns in these chapter 11 cases.  The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Revised UST Guidelines:

| | |
|---|---|
| Question: | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| Response: | No. |
| Question: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| Question: | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response: | Gibbs & Bruns did not represent the Committee in the 12 months prepetition. |

-10-

Question:    Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

Response:    No. The EFH Committee has not approved Gibbs & Bruns' budget and staffing plan. Because it was employed so recently, Gibbs & Bruns has not yet developed a budget or staffing plan. Gibbs & Bruns intends to do so in accordance with the Stipulation and Order Appointing a Fee Committee [D.I. 1896] once its employment is approved.

By reason of the foregoing, I believe Gibbs & Bruns is eligible for employment and

retention by the Debtors pursuant to sections 328(a), 330, 331 and 1103(a) of the Bankruptcy

Code, Bankruptcy Rules 2014(a) and Local Rule 2014-1.

I declare under penalty of perjury as provided in 28 U.S.C. § 1746 that the foregoing is

true and correct according to the best of my knowledge, information and belief.

Dated: Houston, Texas
         September 22, 2015

Kathy D. Patrick, Esq. (TX # 5378)
GIBBS & BRUNS LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805
Facsimile: (713) 750-0903
kpatrick@Gibbs & Brunsbruns.com

*Proposed Special Conflicts Trial Counsel for the
Official Committee of Unsecured Creditors of
Energy Future Holdings Corp., Energy Future
Intermediate Holding Company, LLC, EFIH
Finance, Inc., and EECI, Inc.*

-11-

**<u>Schedule 1</u>**

**[<u>*Kathy Patrick Professional Biography*</u>]**





**Kathy D. Patrick**
Partner
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, Texas  77002

713.751.5253
713.750.0903 fax
kpatrick@gibbsbruns.com
www.gibbsbruns.com

Kathy Patrick focuses her practice on complex commercial litigation, with an emphasis on securities law, creditor recovery litigation, and institutional investor litigation.  Kathy's representative clients include: Huntsman Corporation, PIMCO, BlackRock, Trust Company of the West, Invesco, Western Asset Management, Ambac Assurance, the former outside directors of Enron Corporation and the State of Arizona

Following graduation from law school, Kathy was a law clerk to Judge John R. Brown of the United States Court of Appeals for the Fifth Circuit from 1985 to1986.

**Representative Matters**

Kathy secured an $8.5 billion settlement with Bank of America on behalf of 22 institutional investors in connection with 530 securitization pools that issued over $424 billion of Countrywide-issued mortgage-backed securities.  Kathy was engaged to enforce her clients' rights, through the governing agreements, to compel the repurchase of ineligible mortgages that do not conform to the representations and warranties concerning the collateral for the RMBS.  This was the largest private legal settlement in Wall Street's history.  The *New York Times* reported the settlement as "likely to be the single biggest settlement tied to the subprime mortgage boom and the subsequent financial crisis of 2008."  *The Wall Street Journal* labeled the deal a "mammoth settlement" by a group of "high-profile investors" and as the "turning point in Wall Street's epic struggle with the fallout from the financial crisis."  Her efforts have been recognized by *The National Law Journal* in its "Counsel to Counsel, Outside Lawyers to America's Outstanding General Counsel" special feature.

As has been disclosed in the media, Kathy and her team are pursuing similar claims against other banks and issuers on behalf of her clients. These efforts have led to a $4.5 billion settlement with JPMorgan, a $1.125 billion settlement with Citigroup, and a nearly $1 billion settlement with the bankruptcy estate of Residential Capital.

<u>Lead Counsel for Plaintiffs</u>

- o *In Re Residential Capital LLC* – represented 18 large institutional investors in negotiation of an $8.7 billion allowed claim for mortgage repurchase liabilities against one of the nation's largest originators and servicers of residential mortgages.
- o *Huntsman Corporation* – counsel for Huntsman in suit against Credit Suisse and Deutsche Bank in connection with the failure to fund a $15 billion merger between Huntsman and Hexion in what was then the largest settlement in history arising from a failed LBO transaction.



- o *NCFE* – counsel for holders of $1.6 billion in Notes issued by NCFE; recovered more than $1 billion for clients
- o *PIMCO/RALI* case involving $500 million in RMBS securities
- o *Countrywide* – counsel to holders of 25% of the voting rights in over $175 billion in Countrywide securitizations; recovered $8.5 billion settlement
- o *JPMorgan* – counsel to holders of voting rights in JPMorgan and Bear Stearns securitizations; recovered $4.5 billion settlement
- o *Citigroup* – counsel to holders of voting rights in CMLTI securitizations; recovered more than $1 billion settlement
- o *NSM Steel Thailand* and *Mid-American Waste* cases
- o Co-lead counsel in *Texas Prison Bonds* trial
- o Fleming Post Confirmation Trust
- o Represented RP West Ltd., developer of an apartment complex, in breach of contract case against Internacional Realty, Inc.; won $4 million for client which was upheld on appeal.

Lead Counsel for Defendants

- o Lead counsel for former Outside Directors of Enron in 100+ securities, investigative and regulatory actions pending against them
- o Former Outside Directors of Westar Energy
- o Landry's bondholders in defeating *ex parte* injunction, issued by United States District Court in Galveston, that prohibited acceleration and enforcement of $400 million in notes
- o Major New York law firms in legal malpractice actions

Pro Bono

- o Lead Counsel for City of Houston in defense of suits attacking anti-smoking, concrete crushing, and air pollution ordinances
- o *In re Calvin Burdine*, tried initial state habeas proceeding which established that trial counsel slept through much of Burdine's criminal trial. Death sentence ultimately vacated in subsequent proceedings handled by successor counsel.
- o Various confidential representations of pastors and seminarians in matters involving conflicts over church governance.
- o Confidential representation of synodical authorities in matters relating to allegations of sexual misconduct

**Recognition**

Named a "Premier Woman in Law" by the Association of Women Attorneys, 2015

Named in "The Best of the Best USA" top 30 litigators in the United States, 2015 by *Euromoney Legal Media Group*

Named overall "Outstanding Practitioner" by *Euromoney Legal Media Group*, Second Annual Americas Women in Business Law Awards, 2013

Named "Overall Female Litigator of the Year" and "Texas Litigator of the Year," *Benchmark Litigation*



*Inaugural Awards - South*, 2012

Named one of the "Top Ten Change Agents" by the *Financial Times* in its feature report: "US Innovative Lawyers 2012"

Named "Best in Litigation" by *Euromoney Legal Media Group*, Inaugural Americas Women in Business Law Awards, 2012

Named to Leading U.S. Trial Lawyer list by *Legal 500*, 2011-2015, and recognized in the area of Securities Litigation

Named to *Winning Women* by *Texas Lawyer*, 2011
> One of 20 Texas litigators and appellate lawyers recognized for prevailing in high-stakes cases and having statewide and national impact

Listed in Legal Media's Guide: *Benchmark Top 250 Women in Litigation*, 2012-2015
> Recognized as a Top Ten US Woman Litigator, 2012-2015

Named in *Euromoney*'s "Guide to World's Leading Women in Business Law," 2013

Listed in *Chambers USA America's Leading Lawyers for Business*, 2006-2015
> Named a top-tier Leading Individual for Securities Litigation, Texas, since 2006
> Named on Nationwide Securities Litigation Leading Lawyers List, 2010-2015

Named an Extraordinary Women in Texas Law by *Texas Lawyer*, 2008
> One of 30 women recognized for excellence in the legal profession in Texas

Listed in *Best Lawyers in America*, 2008-2015
> Named in the areas of Bet-the-Company Litigation, Commercial Litigation, and Securities Law

Listed in Legal Media's Guide: *Benchmark Litigation*, 2009-2015
> Recognized for expertise in Complex Commercial, Securities and Legal Malpractice matters

Named a Top Litigator in Legal Media's *Benchmark Plaintiff*, 2012-2015

Named to the Leading Commercial Litigators in the World list by *Who's Who Legal, The International Who's Who of Commercial Litigators*, 2012-2015

Named to the Leading Commercial Litigators in the World list by *The International Who's Who of Business Lawyers,* 2013-2014
> Recognized for expertise in Securities and Legal Malpractice matters since 2007

Named a "Texas Super Lawyer" by *Law and Politics*, 2003-2014
> Named to "Top 50 Women" Texas Super Lawyer List, 2010, 2012-2014
> Named to "Top 100 Houston" Texas Super Lawyer List, 2012-2014

Named one of The University of Texas at El Paso's "Distinguished Alumni," 2013

Listed in *PLC Which Lawyer? Yearbook*, 2008-2010
> Named a "Highly Recommended Individual" in Commercial & Securities Litigation

Listed in *PLC's Cross-Border Dispute Resolution Handbook*, 2011-2012
> Named a "Leading Dispute Resolution Lawyer"

Named to *Lawdragon*'s 500 Leading Lawyers in America List, 2010-2015



Named to Expert Guides' *World's Leading Litigation Lawyers*, 2010, 2014

**Education**

Harvard University, J.D., 1985
      Legal Methods Instructor
University of Texas at El Paso, B.A., *with highest honors*, 1982

**Admissions**

Admitted in Texas and District of Columbia, 1985
United States Court of Appeals for the Fifth Circuit
United States District Courts for the Southern District of Texas

**Professional Affiliations & Memberships**

American Bar Association, Member

Houston Bar Association, Member

Texas Bar Foundation, Fellow

Mosaic - Omaha, Nebraska, Board of Directors

**Presentations & Publications**

Panelist, "Women in Charge: Leading from the Bench, Bar, and Boardroom," Houston Bar Association, Gender Fairness Program, September 2, 2015, Houston, TX

Panelist, "Cutting Edge Issues in Complex Litigation Law and Practice," Harvard Law School, Spring Reunion 2015, April 24, 2015, Cambridge, MA

Panelist, "Trustees in the Crosshairs? – A Review of Current Issues Affecting Indenture Trustees," American Bar Association, Business Law Section, Annual Meeting, September 11-13, 2014, Chicago, IL

Speaker, "Big Cases in the Big Apple: Observations on Trying a Case in the New York Courts 2," TEX-ABOTA CLE, June 6, 2014, Santa Fe, NM

Panelist, "Private Label Residential MBS Policy Issues," ABS Vegas 2014, January 21, 2014, Las Vegas, NV

Panelist, "Financing Mortgage Loans and RMBS/CMBS Litigation: Are We Having Fun Yet? Do We Really Need to Read the TIA?," American Bar Association, Business Law Section, Annual Meeting, August 4, 2012, Chicago, IL

Speaker/Author, "Overview of Contract Claims: Residential Mortgage Backed Securitizations," State Bar of Texas: Suing, Defending and Negotiating with Financial Institutions (Chapter 17), February 9-10, 2012, Houston, TX

Panelist, "Mortgage Litigation," American Securitization Forum, January 24, 2012, Las Vegas, NV

Panelist, "The Mortgage Lawsuit Tsunami: Assessing the Situation," Institutional Investor Legal Forum, October 18, 2011, Washington DC

Panelist, "The Future of the Investor Servicer Model," 5th Annual Mortgage Servicing Conference, April 6, 2011, Dallas, TX



Panelist, "Litigation Update," American Securitization Forum, February 8, 2011, Orlando, FL

"Ease Burden of Plaintiffs," *The National Law Journal*, June 20, 2005

"The Liability of Lawyers for Fraud Under the Federal and State Securities Laws," 34 St. Mary's L.J. 915 (2003)

## Schedule 2

## [*Gibbs & Bruns LLP Significant Case Summary*]

**Gibbs & Bruns LLP**

**Significant Case Summary**



**www.gibbsbruns.com**

September 2015



gibbsbruns.com

## Significant Matters

### $7 Billion Allowed Claim for RMBS Trusts in ResCap Bankruptcy

17 institutional investors (RMBS Holders) represented by Gibbs & Bruns and Ropes & Gray achieved an agreement with Residential Capital LLC (ResCap) and its affiliated debtors to grant an allowed claim of over $7 billion to 392 residential mortgage backed securities trusts issued by affiliates of the Debtors from 2004 to 2008. The RMBS Holders hold, or manage investments for holders of, more than $12 billion in outstanding RMBS securities issued by over 350 of the Covered Trusts. The court approved ResCap's plan to exit chapter 11 bankruptcy avoiding an all-consuming litigation phase. Initial cash distributions to the trusts of several hundreds of millions of dollars based on the allowed claim took place at the end of 2013and more followed in 2014.

### $1.7 Billion Settlement for Huntsman in Fraud and Tortious Interference Case

In *Huntsman*, we achieved a mid-trial $1.7 billion settlement win for our client on claims of tortious interference and fraud in connection with Huntsman's failed merger with Hexion, a private equity portfolio company. This settlement included the largest cash settlement ever paid in a failed leveraged buyout at the time. Under the terms of the settlement, Credit Suisse and Deutsche Bank paid Huntsman $632 million cash and provided Huntsman with $1.1 billion of favorable financing through issuance of notes and bonds. This extraordinary result is an example of our ability to use speed, determination, and tireless effort to achieve results for our clients. The case was tried in state court in Montgomery County, Texas.

### $1 Billion in Total Recoveries for Clients
### In Re National Century Financial Enterprises, Inc.

In March 2013, Gibbs & Bruns reached a $400 million settlement with Credit Suisse Securities LLC on behalf of its clients in the National Century Enterprises (NCFE) Securities Litigation. The settlement came two weeks prior to jury selection in what was expected to be a six-week trial in the Southern District of New York before the Honorable James L. Graham, a judge in the Southern District of Ohio who presided over the consolidated multidistrict pretrial proceedings and was assigned to try the case in New York. In total, Gibbs & Bruns recovered $1 billion for its clients during the tenure of NCFE-related litigation. Earlier settlements were achieved with Deloitte & Touche LLP, PricewaterhouseCoopers LLP, JPMorgan, Bank One and others on behalf of the noteholders and separately on behalf of the Unencumbered Assets Trust, a litigation trust created in the bankruptcy arising from NCFE's collapse.

NCFE collapsed in 2002 in what was then the largest collapse of a AAA-rated securitization. The settlement we achieved from the Indenture Trustees is believed to be the largest ever paid by an indenture trustee at the time. The facts we uncovered led the SEC to impose sanctions against JPMorgan and Bank One for their failures as indenture trustees. A copy of the SEC's sanctions order is available here.

Our settlements against the two accounting firms rank among the top 15 accounting settlements in history. The SEC—again relying on facts we uncovered in discovery—eventually imposed sanctions against the audit partners who worked on the NCFE engagement and barred them from practicing before the SEC. Copies of the SEC's orders imposing these sanctions against the auditors are available here and here.



Several of NCFE's officers and employees pled guilty to fraud or other federal crimes. On March 18, 2008 five former top NCFE executives, Rebecca S. Parrett, Donald H. Ayers, Roger S. Faulkenberry, Randolph H. Speer and James E. Dierker Jr., were convicted on all charges connected with the collapse of NCFE. Charges included securities and wire fraud, conspiracy to commit fraud, and money laundering. On August 8, 2008 former CEO, Lance Poulsen, was sentenced to 10 years in prison for witness tampering and obstruction of justice, charges related to the fraud that precipitated that company collapse. On March 29, 2009, Poulsen was sentenced to 30 years in prison for securities fraud in connection with the collapse.

**$196 Million Judgment in Fraud Case**

The Honorable R.K. Sandill entered a $196 million judgment for Gibbs & Bruns client D. Bobbitt Noel, Jr. against Dallas billionaire Trevor Rees-Jones and Devon Energy Production Co., L.P. (DVN) on May 18, 2011. The damages for fraud and breach of fiduciary duty judgment were based on a verdict reached by a Houston jury on March 14, 2011.

Noel was a long-time friend of Rees-Jones and a founding member of Chief, a Texas energy company. Rees-Jones was the manager and majority owner of Chief, which bought out Noel's interest in 2004. Less than two years after Noel's minority stake was bought out, Chief was sold to Devon at a valuation of approximately twenty times the value paid to Noel. Following a complex five-week trial, the jury found that Rees-Jones committed fraud and breached his fiduciary duties to Noel in connection with the 2004 buy-out of Noel's minority stake in Chief.

In entering judgment in Noel's favor, Judge Sandill concurred with the jury verdict and specifically concluded that the evidence established an intentional breach of fiduciary duty by Rees-Jones and that "the timing and nature of the breach alleged and proven [by Noel] in this case were serious and central to the fiduciary duties owed by Rees-Jones."

Defendants appealed the case. Following oral arguments in the 14th Court of Appeals in November 2012, the parties reached a confidential, mutually acceptable settlement that fully resolved the matter.

The Noel verdict is number 15 on The National Law Journal's 2011 Top 100 Verdicts List.



gibbsbruns.com

## Director & Officer Liability and Shareholder Derivative Experience

As demonstrated by our lengthy and successful representation of the former outside directors of Enron, in over 100 cases and investigations following Enron's collapse, Gibbs & Bruns lawyers have a well-established reputation in the area of director and officer (D&O) liability. Our deep experience in these cases allows us to provide our clients with unique insights. From matters involving alleged fraud, breach of fiduciary duty, insider trading, and options backdating to internal investigations, our clients, both plaintiffs and defendants, trust us to steer them through the treacherous waters of parallel regulatory and civil litigation.

**Former Outside Directors of Enron**

We were lead counsel for the Outside Directors of Enron's board in the defense of over 100 securities and regulatory actions instituted against them in the wake of Enron's collapse. We successfully obtained the dismissal of all fraud claims against the Enron Board in the federal securities class action, and then used a unique "injunction/interpleader" strategy to secure the entirety of the remaining insurance proceeds to fund a settlement on behalf of the directors, even though the contemplated settlement left the remaining Enron insureds—including Jeff Skilling and Ken Lay—without insurance to fund their defense.

On the regulatory side, we represented our clients before numerous congressional committees, in grand jury proceedings, and in a lengthy SEC investigation that involved repeated interviews and depositions. At the conclusion of the investigation, no charges were filed against our clients and none of our clients received a even a *Wells* notice.

**Former Directors of Peregrine Systems, Inc.**

We successfully represented certain former directors of Peregrine Systems in connection with state and federal litigation brought by former shareholders and a litigation trust formed in the bankruptcy of Peregrine Systems. In the litigation trust action, the trust challenged over $500 million in stock sales by the Peregrine board, seeking treble damages of $1.5 billion under a California insider trading statute. Following three hours of oral argument and months of motion consideration, the judge ruled in favor of our clients by dismissing all claims in the action. The firm also succeeded in obtaining summary judgment on behalf of its client in related California state court investor litigation and successfully defended that ruling on appeal.

**Former Officers and Directors of Cirrus Logic, Inc.**

We represented several officers and directors in federal and state derivative actions brought by shareholders of Cirrus Logic, Inc., claiming securities fraud based on allegedly intentional manipulation of stock option grant dates. While motions to dismiss were pending, the parties reached a settlement under which plaintiffs agreed to dismiss all claims, and Cirrus Logic adopted certain corporate governance procedures and revised its option granting procedures.

**Current and Former Officers and Directors of Pride International**

We represented a number of current and former directors of Pride International (now Ensco plc) including the then-current chairman, the then-current CEO, and the former CEO of ConocoPhillips, in derivative actions arising out of alleged FCPA violations. We represented these individuals in an internal

4



gibbsbruns.com

investigation and in the related derivative proceedings concerning the FCPA allegations. That litigation was concluded favorably to the company and the firm's clients.

### Former Directors of Westar Energy Inc.

We were lead counsel in the successful defense of the outside directors of Kansas's largest utility, Westar Energy, in its special committee investigation and related securities class actions. See Epstein v. Wittig, 2005 WL 3276390 (D. Kan. 2005).

### Large Investor Representation in Shareholder Oppression Suit Involving $100 Million+ in Damages

We represented Keeneland Capital Management, LLC ("KCM") in a shareholder derivative and individual suit involving its investment in Martin Resources Management Corporation ("MRMC"), a closely-held energy corporation in the business of transportation, storage, terminalling and processing of energy resources. KCM purchased a significant number of shares in MRMC from a key stakeholder, and was assigned that seller's causes of action against members of management and the Board of Directors for, among other claims, shareholder oppression, breach of fiduciary duty, wrongful entrenchment and dilution, abuse of control, gross mismanagement and fraud stemming from the Directors' alleged improper issuance of well over $50 million of MRMC stock for the purpose of entrenching management and diluting certain minority shareholders. MRMC and the MRMC Employee Stock Ownership Trust also opposed KCM in this action, and, along with the other defendants, asserted counterclaims for over $20 million in alleged damages against all plaintiffs and other third parties. After two years of intense litigation that involved several other related lawsuits, the case settled favorably for KCM for a confidential amount on October 2, 2012.

### Occidental Petroleum

We are lead counsel to Occidental Petroleum Corporation, which has been named as a nominal defendant in a Delaware shareholder derivative action that asserts claims of excessive compensation against OXY's Independent Directors.

### LKCM – Pending Minority Shareholder Oppression/Derivative Lawsuit

In 2010, M.S. Financial Inc. sold the commercial finance assets of Main Street Bank to Ascentium Capital L.L.C. At the conclusion of that sale, certain minority shareholders filed a lawsuit against, among others, M.S. Financial, Inc., its financial advisor Milestone Advisors L.L.C. and M.S. Financial shareholder Luther King Capital Management. In January 2012, Gibbs & Bruns was retained by Luther King Capital Management to defend the company in a lawsuit alleging minority shareholder oppression, breach of fiduciary duty, and fraud filed by certain former shareholders of M.S. Financial, Inc. A special litigation committee was formed to evaluate the derivative claims and, following an investigation, concluded that no derivative claims should be brought. The Court adopted the recommendation of the special litigation committee and dismissed the derivative claims. The Court also granted summary judgment on the minority shareholder oppression claim. The case is now in active litigation focused on the remaining purportedly direct claims for breach of fiduciary duty and statutory fraud.

### Former Officers and Directors of Ausam Energy Corporation

We represented the former officers and directors of Ausam Energy Corporation in a case filed in bankruptcy court by the company's Chapter 7 Trustee. Following a contested evidentiary hearing, the bankruptcy court approved a settlement of the claims against our clients.



gibbsbruns.com

**Pioneer Natural Resources**

We represented Pioneer Natural Resources and certain of its officers and directors in a putative derivative and class action lawsuit related to an announced stock-for-units merger of Pioneer Southwest Energy Partners into Pioneer.  This matter settled favorably in March 2014.

**Former CFO of Franklin Bank Corporation**

We represented the former Chief Financial Officer of Franklin Bank Corporation, Russell McCann, in two class action securities lawsuits that were filed following Franklin Bank's failure and bankruptcy in 2008.  In March 2011, the court granted our client's motion to dismiss in both lawsuits.  The ruling dismissed all of Plaintiffs' claims with prejudice.  The United States Court of Appeals for the Fifth Circuit affirmed the dismissal, and a final judgment was entered.

**Former Officers & Directors of Tekoil & Gas Corporation**

We defended two former officers and directors of Houston-based Tekoil & Gas Corporation stemming from the company's bankruptcy in 2008. The Debtor's Estate has sued Mr. Western and Mr. Goodman for breach of fiduciary duty and other causes of action.  The case was pending in bankruptcy court, but we successfully removed it to federal district court where discovery was proceeding.  The case was recently mediated to a very successful conclusion before former Texas Supreme Court Justice Deborah G. Hankinson.

**In Re Dynegy, Inc. Securities Litigation**

We represented one current and two former officers of Dynegy in the litigation following the financial setbacks experienced by that company.  Plaintiffs brought a variety of securities fraud claims against officers, directors, accountants, and banks. The firm obtained dismissals for all three of its clients.

**Nabors Industries Ltd. Compensation Committee Members**
We represented the majority of the compensation committee, including the chairman of the audit committee, during an internal investigation into allegations of options backdating at Nabors Industries Ltd.  We also represented the same directors in the class action filed in federal court in Houston, Texas involving the same allegations.  That suit was quickly resolved on very satisfactory terms involving no out-of-pocket payment from our clients.

**Friede Goldman Halter, Inc.**

We represented former directors of Halter Marine Group in a securities fraud matter arising out of the merger and subsequent bankruptcy of Friede Goldman and Halter Marine, two of the world's largest ship and rig building companies at the time of the merger. Plaintiffs alleged hundreds of millions of dollars in damages.  The matter was successfully resolved as part of a confidential settlement.

**Former CEO of Key Energy Services**

We represented Francis D. John, former CEO of Key Energy Services, Inc., in consolidated nationwide federal securities class action arising out of restatement of multiple years' 10-K's and 10-Q's during Mr. John's tenure.  Plaintiffs also sued Key Energy Services, Inc., the company's chief financial officer, chief operating officer, and successor chief executive officer.  In 2008, the consolidated class action and



various shareholder derivative actions were resolved pursuant to a global settlement for a combined $16.625 million. This was less than one-third of D&O insurance policy limits and required no contribution by Mr. John.

**Automated Marine Propulsion Systems, Inc**

We were hired as counsel for an outside director of Automated Marine Propulsion Systems, Inc., after entry of $75 million jury verdict against him. We successfully obtained a reduction in judgment to $5 million in post-trial proceedings. We then successfully obtained a reversal of judgment in its entirety on appeal.

**Kinder Morgan**

In the wake of the Management Buyout of Kinder Morgan, the company and a number of officers and directors were sued for securities fraud and breach of fiduciary duty in a suit seeking unspecified damages in the hundreds of millions of dollars range. The underlying case settled and the carriers declined coverage. We represented the company in the coverage dispute with the carriers regarding whether they are liable for defense costs and the settlement amount relating to derivative claims filed against Kinder Morgan's directors and officers. The case settled at mediation favorable for Kinder Morgan.

**Fortune 100 Energy Company**

We conducted an internal investigation of allegations made by an employee to the CEO of the company.



gibbsbruns.com

## Fraud & Breach of Fiduciary Duty Experience

Under the umbrella of the firm's renowned securities and complex commercial litigation practice, Gibbs & Bruns lawyers regularly handle complex commercial matters with allegations of fraud and breach of fiduciary duty claims – on both sides of the docket.

### St. James Capital Partners, L.P., et al v. St. James Capital Corporation, et al.

We defended St. James Capital Corporation and SJMB LLC in a partnership dispute in which Plaintiffs asserted claims of breach of fiduciary duty for 14 separate transactions. Following six weeks of pretrial and eight weeks of actual trial, the jury found no breach of fiduciary duty on all claims. Jury made a separate finding that each of the transactions was "entirely fair." Plaintiffs sought $47 million in alleged actual damages, approximately $50 million in disgorgement and $60 million in punitive damages. Plaintiffs were poured out on all claims. Defendants also prevailed entirely on their counterclaims in excess of $11 million, and zero recovery to the plaintiffs.

### Fleming Foods

The Fleming Post-Confirmation Trust was a bankruptcy trust established to recover damages sustained by the creditors of Fleming Food, formerly one of the nation's largest grocery wholesalers, after it collapsed amid allegations of a massive accounting fraud—including the alleged understatement of vendor offset reserves, and failure to account properly for vendor concession income. We sued many of the vendors involved, and Fleming's accounting firm, to recover the damages the company had sustained as a result of the fraud. We negotiated $27 million in settlements, including a significant confidential settlement from Deloitte & Touche LLP.

### Bre-X

We serve as lead trial counsel for 11 mutual funds and three hedge funds in a $50 million state securities claim arising from the collapse of Bre-X Minerals, an Indonesian mining company. Bre-X was one of the most notorious gold frauds in history. Our clients include funds managed by Franklin Templeton Advisers, Franklin Mutual Advisers and Appaloosa Management. The case is pending in state district court in New Jersey.

### Peggy Masterson Stinnett, et al. v. Colorado Interstate Gas Company v. Mesa Operating Limited Partnership

We were counsel for the Defendant in a suit by royalty owners against producer alleging underpayment of royalties, fraud, breach of fiduciary duty, and negligent misrepresentation. Pre-trial damages claims exceeded $400 million; demand at trial exceeded $61 million. Jury found that Plaintiffs were barred from pursuing their claims and that Plaintiffs' damages were less than $150,000. Based on jury verdict, the trial court entered a take-nothing judgment and entered a declaratory judgment on Defendants' behalf barring future claims. Judgment affirmed on appeal by the U.S. Fifth Circuit Court of Appeals.

### The Interfinancial Corporation v. Simon Jacobson, in his Capacity as Executor of the Estate of Marcel Degraye

We were retained as counsel for the Defense representing executor of estate in a suit alleging breach of fiduciary duty, fraud and a request for an accounting by a company against its deceased founder. Plaintiff originally demanded cash and securities allegedly in excess of $100 million. By time of trial, Plaintiffs had dropped a number of the claims. In December of 2007, Defense received a directed verdict in its favor at the close of Plaintiff's case.



gibbsbruns.com

**Cohen v. Arthur Andersen, L.L.P.**

We represented Arthur Andersen and obtained summary judgment for our client on fraud and negligence claims asserted by beneficiaries of trust.  On appeal, we obtained affirmance of the summary judgment. *See Cohen v. Arthur Andersen, L.L.P.*, 106 S.W.3d 304 (Tex. App.-Houston [1[st] Dist.] 2003, no pet.)

**Boyce, et al v. AIM Management Group, Inc., et al.**

We represented Defendants AIM Management Group, Inc., INVESCO Funds Group, Inc., AIM Advisors, Inc., AIM Distributors, Inc., and certain individual defendants in a putative class action filed by Susman Godfrey and Milberg Weiss on behalf of investors in various mutual funds, alleging excessive fees and breaches of fiduciary duty.  The court granted the Defendants' motion to dismiss, and entered final judgment rejecting the plaintiffs' claims.

**<u>Schedule 3</u>**

| Name Searched | Category of Party in Interest | Comments and Status |
|---|---|---|
| Abb Inc. | Claims Objection<br>Claims Register<br>Contractual Counterparty<br>Significant Vendors<br>Litigant (asbestos) | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| AEP Energy Partners LP | Contractual Counterparty | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| AEP Energy Services Inc. | Significant Vendor | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| AES Corp. | Litigant (Asbestos) | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Aetna Life Insurance Co. | Claims Register | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Aggreko LLC | Claims Register | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Al's Formal Wear of Houston Ltd. | Contractual Counterparty | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Allstate Insurance | DIP Lender | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Alstom Power Inc. | Contractual Counterparty<br>Claims Register<br>Claims Objection<br>Significant Vendor | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| American Airlines Inc. | Contractual Counterparty | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| American Electric Power | Significant Vendor | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| American General Life Insurance Co. | Contractual Counterparty | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| American International Group | Significant Vendor | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' |

| | | Chapter 11 cases. |
|---|---|---|
| American Petroleum Institute Inc. | Litigant (Asbestos) | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Apache Corp. | Contractual Counterparty Significant Vendor | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Appaloosa Management LP | Bondholder Rule 2019 Party | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Areva T&D Inc. | SoAL | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Arkema Inc. | SoAL | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Beach Point Capital | Debtholder | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Bell Helicopter Textron Inc. | Contractual Counterparty Significant Vendor | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Benjamin F. Shaw Co. | Litigant (Asbestos) | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| BHP Billiton | Contractual Counterparty | Gibbs & Bruns LLP has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to Debtor's Chapter 11 Cases. |
| BJS Services Inc. | SoAL | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Blackrock | Bondholder (Secured) Bondholder (Unsecured) | Gibbs & Bruns LLP has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. An affiliate of this entity is a client of Gibbs & Bruns LLP in the RMBS Matters, solely in its capacity as an investment adviser. *See* Schedule 4. |
| Blackstone Advisory Group | Professional | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Boise Cascade Corp. | Litigant (Asbestos) | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' |

| | | |
|---|---|---|
| | | Chapter 11 cases. |
| Bracewell & Giuliani LLP | Significant Vendor | Gibbs & Bruns LLP has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to Debtor's Chapter 11 Cases. |
| Baker Botts LLP | Significant Vendor Professional Rule 2002 | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Barclays Capital | Bondholder (Unsecured) Bondholder (Secured) | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Cabot Oil & Gas Corp. | SoAL | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Catholic Charities | SoFAS | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Chevron Natural Gas, a division of Chevron USA Inc. | Contractual Counterparty | Gibbs & Bruns LLP has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to Debtor's Chapter 11 Cases. |
| Chevron Pipeline Co. | SoAL | Gibbs & Bruns LLP has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to Debtor's Chapter 11 Cases. |
| CIGNA Property & Casualty Insurance Co. | SoAL | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Citgo Petroleum Corp. | Litigant (Asbestos) | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Conagra Foods Packaged Foods LLC | SoAL | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| ConocoPhillips Co. | Contractual Counterparty | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Crown Central Petroleum Corp. | SoAL | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| CSX Transportation | SoAL | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| CPP Investment Board (USRE II) Inc. | Shareholder | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries |

| | | |
|---|---|---|
| | | in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Dell Inc. | Contractual Counterparty | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Deutsche Bank | Bank<br>Debtholder<br>Indenture Trustee | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Dresser Industries Inc. | Significant Vendor<br>Litigant (Asbestos)<br>Claims Register<br>Claims Objection | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Dresser-Rand Co. | Significant Vendor | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Duke Energy Corp. | SoFAS | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Ecorp Energy Marketing LLC | SoAL | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Elliott Associates LP | Debtholder<br>Shareholder | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| EMC Corp. | Contractual Counterparty<br>Significant Vendor<br>SoFAS | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Emsco | SoFAS | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Enbridge Energy Partners LP | Contractual Counterparty | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Energy Transfer | Significant Vendor<br>Contractual Counterparty | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| EnerVest Operating LLC | Contractual Counterparty | Gibbs & Bruns LLP has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to Debtor's Chapter 11 Cases. |
| Enterprise Products Operating LLC | Contractual Counterparty | Gibbs & Bruns LLP has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to Debtor's Chapter 11 Cases. |
| Farouk Systems Inc. | SoAL | Gibbs & Bruns LLP has in the past represented |

|  |  | this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
|---|---|---|
| Fidelity Management & Research Co. | Bondholder (Secured) Bondholder (Unsecured) | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| First Tennessee Bank National | Contractual Counterparty | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Franklin Mutual Advisers Inc. | Rule 2019 Party Bondholder (Secured) Bondholder (Unsecured) Debtholder | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Goldman Sachs | Bondholder (Secured) Investment Bank | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. An affiliate of this entity is a client of Gibbs & Bruns LLP in the RMBS Matters, solely in its capacity as an investment adviser. *See* Schedule 4. |
| Goodman Manufacturing Co. | SoAL | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Halliburton Co. | Litigant (Asbestos) SoAL | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| H.B. Zachry Co. | Litigant (Asbestos) | Gibbs & Bruns LLP has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to Debtor's Chapter 11 Cases. |
| Hertz Equipment Rental | Significant Vendor | Gibbs & Bruns LLP has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to Debtor's Chapter 11 Cases. |
| Hilton DFW/ Hilton Houston Post Oak | Contractual Counterparty | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Houston, City of (TX) | Taxing Authority | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Invesco Aim Investment Services | Significant Vendor | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. An affiliate of this entity is a client of Gibbs & Bruns LLP in the RMBS Matters, solely in its capacity as an investment adviser. *See* Schedule 4. |
| Ingersoll-Rand Co. | Litigant (Asbestos) Contract Counterparty | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries |

| | | in matters wholly unrelated to the Debtors' Chapter 11 cases. |
|---|---|---|
| International Paper Co. | Contractual Counterparty Potentially Responsible Party | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| JPMorgan Chase Bank NA (TX) | Bank | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| JP Morgan Securities LLC | Professional | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Jacintoport International LLC | Contractual Counterparty | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Jostens Inc. | Contractual Counterparty | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| John H. Duncan | Claims Objection Claims Register | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Kinder Morgan | Interested Party Contractual Counterparty | Gibbs & Bruns LLP has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to Debtor's Chapter 11 Cases. |
| Luxor Capital Group LP | Debtholder Rule 2019 Party | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Lyondell Chemical Co. | Potentially Responsible Party | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| M.W. Kellogg Co. | Litigant (Asbestos) | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Merrill Lynch/Bank of America | Indenture Trustee Bondholder | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| McGraw Hill Cos. | Claims Register | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| McKool Smith | Rule 2002 | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Merrill Lynch/Bank of America | Indenture Trustee | Gibbs & Bruns LLP has in the past represented |

| | | this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
|---|---|---|
| Microsoft Corp. | Claims Register | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Mobil Oil | SoAL | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Morgan Lewis & Bockius | Professional Significant Vendor | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Morgan Stanley | Indenture Trust Investment Bank Shareholder | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Mosaic Co., The | SoALS | Gibbs & Bruns LLP has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to Debtor's Chapter 11 Cases. |
| Motorola Semiconductor Products | SoALs | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Occidental Chemical Corp. | Litigant (Asbestos) Potentially Responsible Party | Gibbs & Bruns LLP has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Oil States Industries Inc. | Contractual Counterparty | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Owens Corning Fiberglas Corp. | SoALs | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| PIMCO - Pacific Investment Management Co. | Bondholder (Secured) Bondholder (Unsecured) DIP Lender Debtholder | Gibbs & Bruns LLP has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to Debtor's Chapter 11 Cases. An affiliate of this entity is a client of Gibbs & Bruns LLP in the RMBS Matters, solely in its capacity as an investment adviser. *See* Schedule 4. |
| Perkins Coie LLP | Rule 2002 | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| PG&E Corp. Retirement Master Trust | Debtholder | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Post Advisory Group | Debtholder | Gibbs & Bruns LLP has in the past represented |

| | | this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
|---|---|---|
| Reliant Energy | Litigant | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Safeco Insurance Co. of America | Surety Bond | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| SEI Energy LLC | SoALs | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Shell Oil Co. | SoALs | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Sierra Club | Litigant | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Skadden Arps Slate Meagher & Flom LLP | Rule 2002 | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Smith Management LLC | Debtholder | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Standard & Poor's | Significant Vendor | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Stewart & Stevenson | Contractual Counterparty Significant Vendor SoALs | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Stone & Webster Inc. | Significant Vendor | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Sunoco Inc. | SoALs | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Susman Godfrey LLP | Claims Resister Significant Vendor | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Tenaska Inc. | SoAL | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |

| Tennessee Gas Pipeline Co. | SoAL | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
|---|---|---|
| Texas Tower Ltd. | Contractual Counterparty | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Trinity Industries Inc. | Contractual Counterparty<br>Significant Vendor<br>Potentially Responsible Party | Gibbs & Bruns LLP has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to Debtor's Chapter 11 Cases. |
| Unifirst | Claims Register<br>Significant Vendor<br>Claims Objection<br>SoFA | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Valero Energy | Litigant (Asbestos) | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Varco | SoAL | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Viacom Inc. | Litigant (Asbestos) | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Vinson & Elkins | Professional<br>Significant Vendor | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Wal-Mart | SoAL | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Wasatch Energy LLC | SoAL | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Waste Management of Texas Inc. | Utility | Gibbs & Bruns LLP has previously represented and continues to represent this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to Debtor's Chapter 11 Cases. |
| Weatherford Int'l Inc. | Contractual Counterparty | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Westar Energy Inc. | SoAL | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' Chapter 11 cases. |
| Wood Group Power Solutions Inc. / Wood Group Power Plant Services Inc. | SoAL | Gibbs & Bruns LLP has in the past represented this entity and/or certain affiliates or subsidiaries in matters wholly unrelated to the Debtors' |

| | | Chapter 11 cases. |

## Schedule 4

Gibbs & Bruns LLP does not currently represent any party-in-interest in Debtors' bankruptcy cases. In the past five years, however, it has represented or currently represents various investment advisers, on behalf of their advised funds and clients, as well as insurance companies, government sponsored entities, and other investors in connection with litigation and/or settlements involving issuers of residential mortgage-backed securities (RMBS Matters).

Given the breadth of the investment activities by those clients, it is possible that one or more of Gibbs & Bruns's clients in the RMBS Matters may hold debt (either directly or for a client) issued by one or more Debtors or parties-in-interest in Debtors' cases. Gibbs & Bruns, however, does not now and will not in the future represent any of its RMBS Matters clients in connection with any aspect of the Debtors' bankruptcy cases. Listed below are the clients of Gibbs & Bruns in the RMBS Matters who may own (or have purchased) debt securities issued by one or more Debtor or that may be affiliates of certain parties in interest in the Debtors' bankruptcy cases:

BlackRock Financial Management Inc.[5],
Kore Advisors, L.P.,
Maiden Lane, LLC, Maiden Lane II, LLC, Maiden Lane III, LLC,
Metropolitan Life Insurance Company,
Trust Company of the West and affiliated companies controlled by The TCW Group, Inc.,
Neuberger Berman Europe Limited,
Pacific Investment Management Company LLC,
Federal National Mortgage Association ("Fannie Mae"),
Federal Home Loan Mortgage Corporation ("Freddie Mac"),
Goldman Sachs Asset Management, L.P., as adviser to its funds and accounts,[6]
Teachers Insurance and Annuity Association of America,
Invesco Advisers, Inc.,
Thrivent Financial for Lutherans,
Landesbank Baden-Wuerttemberg, LBBW Asset Management (Ireland) plc, Dublin,
ING Bank fsb, ING Capital LLC, ING Investment Management LLC,
New York Life Investment Management LLC, as investment manager,
Nationwide Mutual Insurance Company and its affiliated companies,
AEGON USA Investment Management LLC, authorized signatory for Transamerica Life Insurance Company, AEGON Financial Assurance Ireland Limited, Transamerica Life International (Bermuda) Ltd., Monumental Life Insurance Company, Transamerica Advisors Life Insurance Company, AEGON Global Institutional Markets, plc, LIICA Re

---

[5] Gibbs & Bruns does not represent any of the Blackrock entities that are signatories to the Debtors' proposed Plan Support Agreement.

[6] Gibbs & Bruns does not represent Goldman Sachs & Co. but it has represented clients adverse to Goldman Sachs & Co. in at least one RMBS matter.

3965160v1

II, Inc., Pine Falls Re, Inc., Transamerica Financial Life Insurance Company, Stonebridge
Life Insurance Company, and Western Reserve Life Assurance Co. of Ohio,
Federal Home Loan Bank of Atlanta,
Bayerische Landesbank,
Prudential Investment Management, Inc.,
Voya, Inc., and Voya Advisers, Inc., and
Western Asset Management Company.

-4-