IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: October 15, 2015 at 10:30 a.m.** |
| | ) **Objection Deadline: October 7, 2015 at 4:00 p.m.** |

**MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*,
FOR ENTRY OF AN ORDER SCHEDULING CERTAIN
HEARING DATES AND DEADLINES IN CONNECTION WITH THE
MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, PURSUANT TO
SECTIONS 105, 505, AND 506 OF THE BANKRUPTCY CODE FOR ENTRY OF AN
ORDER DETERMINING CONTESTED *AD VALOREM* TAX MATTERS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), scheduling certain dates and deadlines in connection with the *Motion of Energy Future Holdings Corp., et al., Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested Ad Valorem Tax Matters* [D.I. 5620], filed on August 21, 2015 (the "Tax Motion"). In support of this Motion, the Debtors respectfully state as follows.

**Preliminary Statement**

1. On August 21, 2015, the Debtors filed the Tax Motion, seeking to right-size certain property tax liabilities relating to a number of the Debtors' nuclear and coal-fired power

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 13047382v.1

plants.  Other than setting the matter for a status conference on October 15, 2015, no schedule governing the Tax Motion was proposed at the time the Tax Motion was filed.  The Debtors have subsequently contacted the relevant taxing authorities and hope to reach a mutual agreement with respect to the proposed schedule before this Motion is heard.  In the interests of moving the resolution of the Tax Motion forward, the Debtors have filed this Motion to establish a reasonable schedule to govern the adjudication of the Tax Motion and to set a discovery schedule that permits the Debtors to leverage the significant resources that are already in place and that have already been undertaken in connection with these chapter 11 cases.  That schedule, as outlined below, is reasonable and consistent with all applicable rules, and provides the parties with ample opportunity to be heard in the most efficient manner possible.

### **Jurisdiction and Venue**

2.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2

RLF1 13047382v.1

4. The bases for the relief requested in this Motion are rules 9006, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Local Bankruptcy Rule 9006-1 and 9013-1.

## Relief Requested

5. By this Motion, the Debtors seek entry of an order substantially in the form attached hereto as **Exhibit A**, scheduling dates and deadlines in connection with the adjudication of the Tax Motion.

## Basis for Relief

6. The Debtors filed the Tax Motion for the efficient resolution of the contested valuation of the plants in front of the Court, rather than initiating and conducting separate state court proceedings (and potential appeals from those proceedings) in each of the relevant jurisdictions in which the taxing authorities are located. Not only does this Court already have significant exposure to the issues related to the valuation of the Debtors' plants, that valuation is a key aspect of the basic step-up transaction that is a cornerstone of the Debtors' pending plan of reorganization. Accordingly, this Court represents the best forum to address these issues in a unified way.

7. The Debtors file this Motion to establish a reasonable schedule to assist in the efficient resolution of the Tax Motion, as follows:

| Description | Timing/Deadline |
| --- | --- |
| Counsel for all property tax jurisdictions shall meet and confer prior to this date and serve on this date one consolidated set of document requests. | October 19, 2015 |
| The Debtors and the property tax jurisdictions shall meet and confer regarding document production relating thereto and discuss entry into the protective order governing these cases. | October 21, 2015 |

| | |
|---|---|
| Deadline by which Parties shall commence exchanging responsive electronic and hard copy documents, within the appropriate scope of discovery assuming entry into the protective order governing these cases. | October 26, 2015 |
| Deadline by which the Parties shall substantially complete the exchange of responsive electronic and hard copy documents. | January 8, 2016 |
| Deadline by which depositions of fact witnesses shall be completed. | February 5, 2016 |
| Deadline by which Parties shall disclose the identities of testifying experts and disclose their written reports pursuant to FRCP 26(a)(c)(2). | February 12, 2016 |
| Deadline by which depositions of all expert witnesses shall be completed. | February 26, 2016 |
| Deadline by which the property tax jurisdictions shall respond to the Debtors' Motion. | March 7, 2016 |
| Deadline by which the Debtors shall file a reply in support of their Motion. | March 21, 2016 |
| The trial on the Debtors' Motion shall proceed. | March 28, 2016 |

8. In the Tax Motion, the Debtors noted that they would work with the relevant taxing authorities to consensually establish a proposed schedule for addressing any disputes with respect to any matter addressed by the Tax Motion. After filing the Tax Motion, the Debtors contacted the relevant taxing authorities to identify their counsel, have contacted such counsel regarding the proposed schedule, and hope to reach a consensus before this Motion is heard. However, because a consensus has not yet been reached, and in the interests of efficiently resolving the Tax Motion, the Debtors file this Motion to establish a schedule governing the adjudication of the Tax Motion as laid out above.

9. The proposed schedule is reasonable and provides the parties ample time to resolve the set of narrow issues laid out in the Tax Motion. In addition, the schedule requested by this Motion affords even more time for discovery than the proposed schedule originally circulated to the relevant taxing authorities. Further, the discovery schedule is reasonable in light of the discovery proceedings that the Debtors have already undertaken in these chapter 11 cases.

RLF1 13047382v.1

Indeed, the Debtors believe that much of the discovery relevant to the adjudication of the Tax Motion has already been reviewed and produced as part of the Debtors' previous efforts. Accordingly, the proposed schedule permits the Debtors to take advantage of the resources that are already in place as part of these chapter 11 cases and to resolve the Tax Motion in as efficient of a manner as possible.

10. Finally, the proposed schedule complies in all respects with the Bankruptcy Rules and Local Bankruptcy Rules. *See* Fed. R. Bankr. P. 9006; Local Rule 9006-1.

## Notice

11. The Debtors shall provide notice of this Motion on the date hereof via U.S. first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and

counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) the relevant taxing authorities subject to the Tax Motion. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

RLF1 13047382v.1

**No Prior Request**

12. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: September 23, 2015
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*