## IN THE UNITED STATES BANKRUPTCY COURT FOR THE

## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., | § | |
| *et al.*, | § | Case No. 14-10979 (CSS) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**Hearing Date:  October 15, 2015 at 10:30 a.m.**
**Objection Deadline:  October 8, 2015 at 4:00 p.m.**

## SOMERVELL COUNTY CENTRAL APPRAISAL DISTRICT'S MOTION FOR ABSTENTION WITH REGARD TO DEBTORS' MOTION PURSUANT TO SECTIONS 105, 505, AND 506 OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER DETERMINING THE AMOUNT OF CONTESTED *AD VALOREM* TAX MATTERS [D.N. 5620]

TO THE HONORABLE CHRISTOPHER S. SONTCHI:

Somervell Central Appraisal District ("Somervell CAD") submits this motion for abstention (the "Motion") with regard to the *Motion of Energy Future Holdings Corp., Et Al., Pursuant To Sections 105, 505, And 506 Of The Bankruptcy Code For Entry Of An Order Determining The Amount Of Contested Ad Valorem Tax Matters [D.N. 5620]* ("Debtors' Motion").[1]  In support thereof, Somervell CAD respectfully shows the Court:

**Preliminary Statement and Background**

1.      Somervell CAD is designated by the Texas Tax Code as a political subdivision of the State of Texas having the responsibility for appraising property in Somervell County for *ad valorem* tax purposes and litigating contested *ad valorem* tax matters relating to Somervell County. Texas Tax Code § 6.01(b), (c).  In addition, Somervell CAD is the named defendant in a lawsuit filed by a subsidiary of the Debtors concerning contested *ad valorem* tax matters relating to one

---

[1] Somervell CAD reserves all of its rights to respond to and/or oppose the Debtors' Motion in addition to the instant Motion for Abstention.

of the properties that is the subject of the Debtors' Motion.  *See Luminant Generation Company LLC v. Somervell Central Appraisal District*, District Court of Somervell County, Texas, 18th Jud. Dist., Case No. C10412 (the "Luminant Lawsuit"). Somervell CAD is therefore a party-in-interest with respect to the property identified in the Debtors' Motion as "Comanche Peak."[2] *See* Debtors' Motion, p. 7.

2.      Comanche Peak, a nuclear power facility, is owned by one of the Debtors' subsidiaries, Luminant Generation Company LLC ("Luminant").[3]  Somervell CAD appraised the value of Comanche Peak for 2015 *ad valorem* tax purposes at approximately $2.36 billion.[4]

3.      Luminant protested Somervell CAD's appraisal and requested a review by the Somervell County CAD Appraisal Review Board (the "Somervell County ARB").  **Exhibit 1** (Notices of protest). On June 30, 2015, the Somervell County ARB held a hearing and considered Luminant's arguments.  However, on July 6, 2015, Somervell CAD's appraisal was affirmed. **Exhibit 2** (Orders denying protest).

4.      On August 21, 2015, the Debtors filed the instant Motion.  The Debtors' Motion seeks to "resolve the Debtors' property tax disputes" with respect to Comanche Peak and six other properties unrelated to Comanche Peak.

5.      On August 24, 2015, Luminant initiated the Luminant Lawsuit by filing an "Original Petition" in the District Court of Somervell County, Texas, appealing the Somervell County ARB ruling and seeking a reduction of Somervell CAD's appraisal of Comanche Peak.

---

[2] Somervell CAD has no interest and therefore takes no position with respect to the other six properties in the Debtors' Motion.

[3] Luminant Generation Company LLC is one of seventy subsidiaries who filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Delaware on April 29, 2014.  *See In Re: Luminant Generation Company LLC*, Case No. 14-11032.

[4] There are four tax accounts at issue with respect to Comanche Peak, which include power plant facilities and nuclear fuel.  *See* **Exhibit 1**, Notices of Protest.  For purposes of this Objection and Motion for Abstention, "Comanche Peak" and "Property" each refers to all of the tax accounts together.

**Exhibit 3** (Plaintiff's Original Petition). That lawsuit is currently pending. Somervell CAD has answered and requested a jury trial.

6.     Somervell CAD opposes the Debtors' Motion and respectfully requests that this Court abstain from adjudicating the Somervell County tax matter because the Luminant Lawsuit, pending in Somervell County, Texas, is the most appropriate venue to adjudicate the tax valuation issues of Comanche Peak. In any event, the Comanche Peak appraisal was neither excessive nor unequal, or otherwise unlawful under the Texas Tax Code or the United States or Texas Constitutions.

7.     Further, the Debtors' Motion seeks to unfairly bundle seven distinct and unrelated properties – which are independently appraised by separate appraisal districts – into a single hearing before this Court. This strategy risks confusion of facts relating to the appraisal methodology and independent valuations of the different properties at issue by different appraisal districts. Conflating the ad valorem tax valuations of seven different and distinct properties in a single hearing in a forum far from the location of such properties will unduly prejudice Somervell CAD.

8.     In addition, the Debtors' strategy conveniently ignores the important policy of uniformity of assessment, which is a clearly-expressed foundational premise of the Texas Constitution and tax law. Tex. Const. Art. 8 § 1(a) ("Taxation shall be equal and uniform").

9.     Instead, the Debtors seek to "uniformly" apply bankruptcy valuation methodologies. *See* Debtors' Motion, p. 9 ("it makes more sense to address any and all valuation disputes, including those related to the Debtors' property tax liabilities, in a single forum (even though somewhat different valuation standards apply))." This could lead to improper and unconstitutional pre-emption of Texas law. *See Wyeth v. Levine*, 555 U.S. 555, 565 n. 3 (2009)

of applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than section 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence of non-debtor parties. *See In re LaRoche Industries, Inc.*, 312 B.R. 249, 253 (Bankr. D. Del. 2004).

      **(a)**      <u>**Consolidating the seven separate tax valuation disputes is not an efficient administration of the estate**</u>

      15.      Consolidating seven separate tax valuation matters into a single hearing before the Court is not efficient. Each requires fact-intensive reviews of their respective value and the amount of the taxes in question. Additionally, separate evidence is required with respect to the value of each property's assets and expert testimony will be required for each property. Consolidation of these properties also raises the likelihood of confusion, as the facts and circumstances regarding valuation of each of the properties and appraisals are separate and unique. The Debtors' Motion also implicates the right to a jury trial, so Debtors' Motion could potentially result in seven jury trials in the District Court. *See In re ANC Rental Corp.*, 316 B.R. 153 at 159 (complexity of the tax issue weighed in favor of abstention).

      16.      To the extent that the Debtors need to value the subject properties as part of plan confirmation, there is no reason that they cannot be done efficiently and independently of tax valuations. Thus, this factor does not require the Luminant Lawsuit to be stayed and the tax issues brought before this Court.

5

**(b)**    **Texas tax law, which requires uniformity of assessment, predominates**

17.    Valuation of Texas property for tax purposes is clearly based on Texas state law. *See Arkansas Corp. Commission v. Thompson*, 313 U.S. 132, 142, (1941) ("manifestly, whether or not taxes are 'legally due and owing' to a state depends upon the valid laws of the state"). As such, the Debtors' suggestion that "having a single forum resolve the key valuation issues in this case" may be more efficient for confirmation purposes is misplaced. Debtors' Motion, p. 9.

18.    Judge Walrath's reasoning in  *In re ANC Rental Corp.*, is applicable here:

> [A]bstention is often used where uniformity of assessment is an issue. . . . The dispute here involves the value of the Debtors' property upon which the tax was based and the taxable property's relation [to] the state. ***Resolution of this dispute could affect the uniformity of assessment of property taxes*** imposed on other taxpayers[.] ***This is a compelling reason to abstain***.

*In re ANC Rental Corp.*, 316 B.R. 153 at 159 (citations omitted, emphasis added).  *See also In re New Haven Projects Ltd. Liability Co.*, 225 F.3d 283, 288 (2d Cir 2000) ("a bankruptcy court has the discretion to abstain from redetermining a Debtors' tax liability where uniformity of assessment is of significant importance").

19.    The need for uniform assessments under Texas law is a compelling reason for the Court to abstain in this case. Texas law requires uniformity of assessment. Tex. Const. Art. 8 § 1(a) ("Taxation shall be equal and uniform"); Texas Tax Code § 42.26 (providing a remedy for "Unequal Appraisal"). Debtors' Motion will require an analysis of comparable non-debtor properties appropriately adjusted in order to achieve uniformity.

20.    However, resolution by resorting to bankruptcy standards – "in a unified way," as Debtors urge (see Debtors' Motion, p. 8) – will turn Judge Walrath's reasoning upside down, and replaces the valuation standards for Texas *ad valorem* tax appraisals with valuation standards applicable to bankruptcy confirmation.

21.     Moreover, Texas state courts are intimately familiar with the issues regarding uniform assessment of property taxes in Texas, and thus, Texas state courts are the most appropriate forum to resolve tax valuation disputes under Texas law.

(c)     **Texas state law regarding property appraisals is unsettled in that it has been challenged on Constitutional grounds**

22.     As recently as August of 2015, the constitutionality of the Texas Tax Code with respect to property appraisals has been challenged.

23.     For example, Luminant, in its Original Petition, alleged that that Somervell CAD's "determinations of the appraised values and market values of the Property violate both the Texas and United States Constitutions."  **Exhibit 3**, paragraph 31.

24.     On the other hand, a recent lawsuit in the District Court of Travis County, Texas, alleged that the Texas Tax Code is unconstitutional because it systematically ***under-taxes*** businesses in comparison to individuals.  See **Exhibit 4** ("Austin Sues Texas Over 'Unequal' Appraisal System," The Texas Tribune, A. Batheja, Aug. 24, 2015).[5]

25.     These issues indicate that the Texas state law regarding *ad valorem* tax appraisals is not fully settled and in a state of flux.  These questions should be resolved by a Texas state court.

(d)     **Luminant commenced an action in state court**

26.     The Luminant Lawsuit was filed by the Debtors' subsidiary and is pending in the District Court of Somervell County, Texas.  Somervell CAD answered and demanded a jury trial. The Somervell County District Court is the most appropriate forum to resolve the Debtors' Texas tax valuation dispute.

---

[5]     https://www.texastribune.org/2015/08/24/austin-sues-texas-over-unequal-appraisal-system/    (last    accessed 9/13/2015).

(e)    **Section 1334 is the only basis for bankruptcy court jurisdiction**

27.    This is a dispute regarding *ad valorem* tax valuation under Texas law. Luminant's right to appeal the ARB decision derives solely from the Texas Tax Code. *See* Texas Tax Code § 42.21 (Petition for Review).

(f)    **Comanche Peak ad valorem tax issues are not inextricably intertwined with the Estate**

28.    The test for relatedness or remoteness to the bankruptcy case considers whether the abstention sought is "inextricably intertwined with administration of the estate." *See In re LaRoche Industries, Inc.*, 312 B.R. at 254.

29.    The Debtors concede that "trial [of the disputes related to Debtors' property tax liabilities] may occur after plan confirmation." *See* Debtors' Motion, p. 9. In other words, confirmation of the Debtors' plan of reorganization does not depend on the resolution of the Somervell CAD appraisal issues.

30.    In addition, the Debtors state that "valuation discovery and other pre-trial matters would likely occur simultaneously with any valuation analysis done in connection with plan confirmation . . ." *Id*. Thus, the only pre-confirmation connection that the Comanche Peak tax valuation issues have with the bankruptcy case is discovery that may overlap.

31.    As such, the tax appraisal issue is not inextricably intertwined with the administration of the estate.

(g)    **The substance rather than the form of an asserted "core" proceeding**

32.    The substantive issues in the Luminant Lawsuit and the Debtors' Motion are based on the Texas Tax Code – whether the appraisal was "excessive" and/or "unequal." *See* Texas Tax Code §§ 42.25 (excessive appraisal), 42.26 (unequal appraisal). *See* Debtors' Motion, p. 6; Exhibit 3, paragraphs 23-29.  Importantly, no substantive issues of bankruptcy law are involved.  *See In re LaRoche Industries, Inc.*, 312 B.R. at 254 (abstention warranted where the essence of the claim is a contract dispute).

(h)    **Feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court**

33.    There is no issue with respect to severing any claims from core bankruptcy matters. Luminant has filed a viable state court action in Somervell County, Texas.  There is no need to sever any claim.

(i)    **The burden of the court's docket**

34.    This Court's docket is currently occupied with numerous issues relating to the Debtor and its seventy subsidiaries.  Abstention lessens this burden.

(j)    **The likelihood that the Debtors are forum shopping**

35.    There is no dispute that a jury trial in Somervell County will fully and fairly resolve the Comanche Peak tax valuation issues.  The Debtors articulate no legitimate reason that the property tax issues should not be resolved under Texas law in a Texas court.  To the contrary, the Debtors explain that they chose this Court in order to "right-size" their property tax liabilities. Debtors' Motion, p. 2.

36.    These facts indicate that the Debtors are forum shopping. *See, e.g., In re Lyondell Chemical Co.*, 2010 WL 1544411, *2 (Bankr. S.D.N.Y. April 19, 2010) (bench decision holding

that debtor was forum shopping and therefore the court would abstain from adjudicating Debtors' tax liability and valuation of an oil refinery).

      **(k)**     **The existence of a right to a jury trial**

     37.     Somervell CAD, in its answer in the Luminant Lawsuit, demanded its right to a jury trial with respect to the issues in the Debtors' Motion.   This factor favors abstention.

      **(l)**     **The presence of "non-debtor parties"**

     38.     Somervell CAD is a non-debtor and it is an undue burden to litigate local tax matters in a Delaware bankruptcy court.  Somervell CAD, because of Debtors' Motion, had to hire counsel in Delaware and assume travel and other costs associated with this tax matter.

     39.     "Evaluating the[se] twelve factors is not a mathematical formula." *Trans World Airlines, Inc. v. Karabu Corp.*, 196 B.R. 711, 715 (Bankr.D.Del.1996). However, here as in *In re LaRoche Industries, Inc.*, all or most of the factors favors permissive abstention. *Id* at 255.  In any event, the dispute in the Debtors' Motion involves state law issues and will minimal effect on the administration of the Debtor's estate. Consequently, good cause exists to grant Somervell CAD's motion for abstention.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, Somervell CAD objects to the Debtors' Motion and requests this Court to abstain from ruling on the Debtors' Motion and deny the Debtors' Motion as it applies to the Somervell County Property and the Somervell CAD and further request such other relief as is just and proper.

Dated:  September 23, 2015

**Law Office of Curtis A. Hehn**
Curtis A. Hehn (No. 4264)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(302) 295-5044 (Telephone)
(302) 295-4801 (Facsimile)
curtishehn@comcast.net

and

**Greer, Herz & Adams, LLP**
Andrew J. Mytelka
Texas State Bar No. 14767700
Michael Adams
State of Texas Bar No. 00871900
J. Scott Andrews
State of Texas Bar No. 24064823
James M. Roquemore
State of Texas Bar No. 24058082
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200 (Telephone)
(409) 766-6424 (Facsimile)
Email:  AMytelka@greerherz.com
            madams@greerherz.com
            jandrews@greerherz.com
            jroquemore@greerherz.com

**ATTORNEYS FOR MOVANT /
DEFENDANT, SOMERVELL CENTRAL
APPRAISAL DISTRICT**