# EXHIBIT 2

# Order Determining Protest or Order of Dismissal

Property Tax
**Form 50-221**

Appraisal Review Board

SOMERVELL _____ County, Texas

Case No. CASE # 2015-00064 / PROTEST # 3209 _____

Owner's Name: TXU GENERATION CO LP C/O: STATE & LOCAL TAX

Property Account No: T17326/9900072-0-001095

Property Legal Description: _____
LEGAL: 008270000070, COMANCHE PEAK NUCLEAR FACILITY,
NOTE 1/3 OF ACCOUNT ACRES: 0.000

## ORDER DETERMINING PROTEST OR ORDER OF DISMISSAL

On 6/30/2015 _____, _____, the Appraisal Review Board of SOMERVELL _____ County, Texas, heard the protest of ___ TXU GENERATION CO LP C/O: STATE & LOCAL TA: concerning the appraisal records for tax year 2015 .

The Board delivered proper notice of the date, time, and place of the hearing. The property owner or agent and the chief appraiser of the appraisal district were given the opportunity to testify and to present evidence. After considering the evidence and arguments presented at the hearing, the Board has determined that the protest concerned the following action(s) permitted by Section 41.41(a), Tax Code:

[X] excessive appraised or market value,

[X] unequal appraisal,

[ ] inclusion of the property on the appraisal records,

[X] denial in whole or in part of a partial exemption,

[ ] determination that land does not qualify for appraisal according to Subchapters C, D, E, or H, Chapter 23, or

[X] any other matter permitted by Section 41.41(a).

Based on the evidence, the Board makes the following determination(s) as indicated by a ✓ mark and hereby issues the following as its ORDER DETERMINING PROTEST OR ORDER OF DISMISSAL:

[ ] The appraisal review board lacks jurisdiction to determine the protest and hereby dismisses the protest.

[ ] The property's appraised value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of $ _____.*

[ ] The property's market value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of $ _____.*

[X] The appraised or market value of the subject property is not excessive and the appraisal records should not be changed or should be increased. The appraised value is $ 740573685 , and the market value is $ 740573685 .

[ ] The subject property was unequally appraised, and the appraisal records should be adjusted to reflect a value of $ _____.*

[X] The subject property was not unequally appraised, and the appraisal records should not be changed.

[ ] The subject property qualified for the exemption for which application was made, and the appraisal records should be changed accordingly.

[ ] The subject property qualified for special appraisal, and the appraisal records should be changed to reflect an appraised value of $ _____.

[ ] The property owner's protest concerning other matters permitted by Section 41.41(a) is upheld, and the appraisal records should be changed to reflect the following change(s): _____
_____.

[X] The property owner's protest concerning other matters permitted by Section 41.41(a) is denied, and the appraisal records should not be changed.

* If changes to the appraisal records are ordered due to a determination of excessive appraised or market value and also a determination of unequal appraisal, the lower of the two determinations shall be shown in the appraisal records.

sign here ▶ _____   7/6/15
Chair, Appraisal Review Board                    Date

* as shown in the appraisal records submitted to the board by the chief appraiser under Section 25.22 or 25.23.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our website:
www.window.state.tx.us/taxinfo/proptax

50-221 • 11-11/10

T000017326/2015

## Notice of Final Order

Property Tax
**Form 50-222**

| | |
|---|---|
| Appraisal Review Board | To: TXU GENERATION CO LP C/O: STATE & LOCAL TAX DEPAR |
| for SOMERVELL _____ County | PO BOX 219071 |
| _____ | DALLAS, TX 75221-9071 |
| | Property Account No. T17326/9900072-0-001095 |
| Case No. CASE # 2015-00064 / PROTEST # 3209 | Property Legal Description: _____ |
| Owner's Name _____ | LEGAL: 008270000070, COMANCHE PEAK NUCLEAR |
| TXU GENERATION CO LP C/O: STATE & LOCA | FACILITY, NOTE 1/3 OF ACCOUNT ACRES: 0.000 |

A PROPERTY OWNER HAS A RIGHT TO APPEAL IN DISTRICT COURT AN APPRAISAL REVIEW BOARD ORDER DETERMINING A PROTEST AS PROVIDED BY SUBCHAPTER C OF CHAPTER 41, TEXAS TAX CODE. TO APPEAL SUCH AN ORDER TO DISTRICT COURT, A PARTY MUST FILE A PETITION FOR REVIEW WITH THE DISTRICT COURT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE THAT A FINAL ORDER HAS BEEN ENTERED FROM WHICH AN APPEAL MAY BE HAD OR AT ANY TIME AFTER THE HEARING BUT BEFORE THE 60-DAY DEADLINE. A PROPERTY OWNER ALSO HAS A RIGHT TO APPEAL IN DISTRICT COURT A DETERMINATION OF AN APPRAISAL REVIEW BOARD ON A MOTION FILED UNDER SECTION 25.25, TEXAS TAX CODE. THE LAW PROVIDES THAT TO FILE SUIT TO COMPEL AN APPRAISAL REVIEW BOARD TO ORDER A CHANGE IN THE APPRAISAL ROLL UNDER SECTION 25.25, A PARTY MUST FILE SUIT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE OF THE APPRAISAL REVIEW BOARD'S DETERMINATION OF A MOTION UNDER SECTION 25.25 OR A DETERMINATION THAT THE PROPERTY OWNER HAS FAILED TO COMPLY WITH THE PRE-PAYMENT REQUIREMENTS. FAILURE TO TIMELY FILE A PETITION BARS AN APPEAL TO DISTRICT COURT.

A PARTY OTHER THAN A PROPERTY OWNER, IN ORDER TO EXERCISE THE PARTY'S RIGHT TO APPEAL AN ORDER OF AN APPRAISAL REVIEW BOARD, MUST FILE A WRITTEN NOTICE OF APPEAL WITHIN 15 DAYS AFTER THE DATE THE PARTY RECEIVES THIS NOTICE OR, IN THE CASE OF A TAXING UNIT, WITHIN 15 DAYS AFTER THE DATE THE TAXING UNIT RECEIVES NOTICE PURSUANT TO SECTION 41.07, TEXAS TAX CODE.

For more information regarding appeal to district court, you should consult Texas Tax Code, Chapter 42 and the clerk of the court. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, a property owner may appeal through binding arbitration an appraisal review board order determining a protest filed under Section 41.41(a)(1) of the Texas Tax Code concerning the appraised or market value of property if:

(1) the property qualifies as the owner's residence homestead under Section 11.13 of the Texas Tax Code; or

(2) the appraised or market value, as applicable, of the property as determined by the order is $1 million or less.

To appeal an appraisal review board order through binding arbitration, a property owner must file with the appraisal district not later than the 45th day after the date the property owner receives notice of the order:

(1) a completed request for binding arbitration, a copy of which is enclosed with this notice; and

(2) an arbitration deposit made payable to the comptroller in the applicable amount provided under Chapter 41A of the Texas Tax Code.

For more information regarding appeal through binding arbitration, you should consult Texas Tax Code, Chapter 41A and related Comptroller rules. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, certain property owners may appeal to the State Office of Administrative Hearings (SOAH) an appraisal review board order determining a protest concerning the appraised or market value of property brought under Section 41.41(a)(1) or (2) of the Texas Tax Code if the appraised or market value, as applicable, of the property that was the subject of the protest, as determined by the appraisal review board order, is more than $1 million.

Appeals to SOAH are currently subject to limitations of a pilot program for the following counties for a four-year period beginning with the ad valorem tax year that begins January 1, 2010: Bexar, Cameron, El Paso, Harris, Tarrant, and Travis. Beginning with the ad valorem tax year of January 1, 2012, for a two-year period, Collin, Denton, Fort Bend, Montgomery, and Nueces counties are part of the pilot program. To appeal an appraisal review board order to SOAH, a property owner must file with the chief appraiser of the appraisal district not later than the 30th day after the date the property owner receives notice of the order:

(1) a completed notice of appeal to SOAH, a copy of which is enclosed with this notice; and

(2) not later than the 90th day after the date the property owner receives the notice of order a deposit of $1,500 made payable to SOAH must be filed with the appraisal district.

For more information regarding appeal to SOAH, you should consult Texas Government Code, Chapter 2003 and related SOAH rules. If you need legal advice, you should consult an attorney.

It is important to note that the pendency of an appeal, whether to district court, through binding arbitration, or to the State Office of Administrative Hearings, does not affect the delinquency date for the taxes on the property subject to the appeal. For more specific information, consult the applicable statutes and rules.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our Web site:
www.window.state.tx.us/taxinfo/proptax

50-222 • 8-11/10

T000017326/2015

## Notice of Appeal of Appraisal Review Board Order

Property Tax
**Form 50-775**

You may use this form if you wish to notify the appraisal review board that you will appeal the order of determination.

**GENERAL INSTRUCTIONS:** This form is for use by a party, other than a property owner, to file a notice of an appeal of an appraisal review board order.

**Tax Code §42.06 provides that:**
(a) To exercise the party's right to appeal an order of an appraisal review board, a party other than a property owner must file written notice of appeal within 15 days after the date the party receives the notice required by Section 41.47 (Determination of Protest) or, in the case of a taxing unit, by Section 41.07 (Determination of Challenge) that the order appealed has been issued. To exercise the right to appeal an order of the comptroller, a party other than a property owner must file written notice of appeal within 15 days after the date the party receives the comptroller's order. A property owner is not required to file a notice of appeal under this section.
(b) A party required to file a notice of appeal under this section other than a chief appraiser who appeals an order of an appraisal review board shall file the notice with the chief appraiser of the appraisal district for which the appraisal review board is established. A chief appraiser who appeals an order of an appraisal review board shall file the notice with the appraisal review board. A party who appeals an order of the comptroller shall file the notice with the comptroller.
(c) If the chief appraiser, a taxing unit, or a county appeals, the chief appraiser, if the appeal is of an order of the appraisal review board, or the comptroller, if the appeal is of an order of the comptroller, shall deliver a copy of the notice to the property owner whose property is involved in the appeal within 10 days after the date the notice is filed.
(d) On the filing of a notice of appeal, the chief appraiser shall indicate where appropriate those entries on the appraisal records that are subject to the appeal.

Mail To:

TXU GENERATION CO LP C/O: STATE & LOCAL TAX DEPARTME

From: SOMERVELL

PO BOX 219071

DALLAS, TX 75221-9071

T17326/9900072-0-001095

This is a formal notice that I intend to appeal the order of the Appraisal Review Board for Certified Appraisal Review Board Tracking number CASE # 2015-00064 / PROTI regarding the property subject to the protest.

Return address if different from above:

sign
here ▶ _____

Date _____

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our Web site: www.window.state.tx.us/taxinfo/proptax

50-775 • 10-11/2

T000017326/2015

## Order Determining Protest or Order of Dismissal

Property Tax
**Form 50-221**

Appraisal Review Board

SOMERVELL _____ County, Texas

Case No. __CASE # 2015-00063 / PROTEST # 3208__

Owner's Name: __TXU GENERATION CO LP C/O: STATE & LOCAL TAX__

Property Account No: __T17325/9900071-0-001095__

Property Legal Description: _____
LEGAL: 008270000070, COMANCHE PEAK NUCLEAR FACILITY,
__NOTE 1/3 OF ACCOUNT ACRES: 0.000__

## ORDER DETERMINING PROTEST OR ORDER OF DISMISSAL

On __6/30/2015_____, _____, the Appraisal Review Board of __SOMERVELL_____ County, Texas, heard the protest of __TXU GENERATION CO LP C/O: STATE & LOCAL TAX__ concerning the appraisal records for tax year __2015__.

The Board delivered proper notice of the date, time, and place of the hearing. The property owner or agent and the chief appraiser of the appraisal district were given the opportunity to testify and to present evidence. After considering the evidence and arguments presented at the hearing, the Board has determined that the protest concerned the following action(s) permitted by Section 41.41(a), Tax Code:

[X] excessive appraised or market value,

[X] unequal appraisal,

[ ] inclusion of the property on the appraisal records,

[X] denial in whole or in part of a partial exemption,

[ ] determination that land does not qualify for appraisal according to Subchapters C, D, E, or H, Chapter 23, or

[X] any other matter permitted by Section 41.41(a).

Based on the evidence, the Board makes the following determination(s) as indicated by a √ mark and hereby issues the following as its ORDER DETERMINING PROTEST OR ORDER OF DISMISSAL:

[ ] The appraisal review board lacks jurisdiction to determine the protest and hereby dismisses the protest.

[ ] The property's appraised value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of $ _____.*

[ ] The property's market value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of $ _____.*

[X] The appraised or market value of the subject property is not excessive and the appraisal records should not be changed or should be increased. The appraised value is $ __740573685__, and the market value is $ __740573685__.

[ ] The subject property was unequally appraised, and the appraisal records should be adjusted to reflect a value of $ _____.*

[X] The subject property was not unequally appraised, and the appraisal records should not be changed.

[ ] The subject property qualified for the exemption for which application was made, and the appraisal records should be changed accordingly.

[ ] The subject property qualified for special appraisal, and the appraisal records should be changed to reflect an appraised value of $ _____.

[ ] The property owner's protest concerning other matters permitted by Section 41.41(a) is upheld, and the appraisal records should be changed to reflect the following change(s): _____

[X] The property owner's protest concerning other matters permitted by Section 41.41(a) is denied, and the appraisal records should not be changed.

* If changes to the appraisal records are ordered due to a determination of excessive appraised or market value and also a determination of unequal appraisal, the lower of the two determinations shall be shown in the appraisal records.

sign here ▶ _____   7/6/15
Chair, Appraisal Review Board                    Date

* as shown in the appraisal records submitted to the board by the chief appraiser under Section 25.22 or 25.23.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our website:
www.window.state.tx.us/taxinfo/proptax
50-221 • 11-11/10

T000017325/2015



## Notice of Final Order

Property Tax
### Form 50-222

Appraisal Review Board
for __SOMERVELL_____ County

To: __TXU GENERATION CO LP C/O: STATE & LOCAL TAX DEPAR__

PO BOX 219071

DALLAS, TX 75221-9071

Property Account No. __T17325/9900071-0-001095__

Case No. __CASE # 2015-00063 / PROTEST # 3208__

Property Legal Description: _____
LEGAL: 008270000070, COMANCHE PEAK NUCLEAR
FACILITY, NOTE 1/3 OF ACCOUNT ACRES: 0.000

Owner's Name_____

TXU GENERATION CO LP C/O: STATE & LOCA

A PROPERTY OWNER HAS A RIGHT TO APPEAL IN DISTRICT COURT AN APPRAISAL REVIEW BOARD ORDER DETERMINING A PROTEST AS PROVIDED BY SUBCHAPTER C OF CHAPTER 41, TEXAS TAX CODE. TO APPEAL SUCH AN ORDER TO DISTRICT COURT, A PARTY MUST FILE A PETITION FOR REVIEW WITH THE DISTRICT COURT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE THAT A FINAL ORDER HAS BEEN ENTERED FROM WHICH AN APPEAL MAY BE HAD OR AT ANY TIME AFTER THE HEARING BUT BEFORE THE 60-DAY DEADLINE. A PROPERTY OWNER ALSO HAS A RIGHT TO APPEAL IN DISTRICT COURT A DETERMINATION OF AN APPRAISAL REVIEW BOARD ON A MOTION FILED UNDER SECTION 25.25, TEXAS TAX CODE. THE LAW PROVIDES THAT TO FILE SUIT TO COMPEL AN APPRAISAL REVIEW BOARD TO ORDER A CHANGE IN THE APPRAISAL ROLL UNDER SECTION 25.25, A PARTY MUST FILE SUIT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE OF THE APPRAISAL REVIEW BOARD'S DETERMINATION OF A MOTION UNDER SECTION 25.25 OR A DETERMINATION THAT THE PROPERTY OWNER HAS FAILED TO COMPLY WITH THE PRE-PAYMENT REQUIREMENTS. FAILURE TO TIMELY FILE A PETITION BARS AN APPEAL TO DISTRICT COURT.

A PARTY OTHER THAN A PROPERTY OWNER, IN ORDER TO EXERCISE THE PARTY'S RIGHT TO APPEAL AN ORDER OF AN APPRAISAL REVIEW BOARD, MUST FILE A WRITTEN NOTICE OF APPEAL WITHIN 15 DAYS AFTER THE DATE THE PARTY RECEIVES THIS NOTICE OR, IN THE CASE OF A TAXING UNIT, WITHIN 15 DAYS AFTER THE DATE THE TAXING UNIT RECEIVES NOTICE PURSUANT TO SECTION 41.07, TEXAS TAX CODE.

For more information regarding appeal to district court, you should consult Texas Tax Code, Chapter 42 and the clerk of the court. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, a property owner may appeal through binding arbitration an appraisal review board order determining a protest filed under Section 41.41(a)(1) of the Texas Tax Code concerning the appraised or market value of property if:

(1) the property qualifies as the owner's residence homestead under Section 11.13 of the Texas Tax Code; or

(2) the appraised or market value, as applicable, of the property as determined by the order is $1 million or less.

To appeal an appraisal review board order through binding arbitration, a property owner must file with the appraisal district not later than the 45th day after the date the property owner receives notice of the order:

(1) a completed request for binding arbitration, a copy of which is enclosed with this notice; and

(2) an arbitration deposit made payable to the comptroller in the applicable amount provided under Chapter 41A of the Texas Tax Code.

For more information regarding appeal through binding arbitration, you should consult Texas Tax Code, Chapter 41A and related Comptroller rules. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, certain property owners may appeal to the State Office of Administrative Hearings (SOAH) an appraisal review board order determining a protest concerning the appraised or market value of property brought under Section 41.41(a)(1) or (2) of the Texas Tax Code if the appraised or market value, as applicable, of the property that was the subject of the protest, as determined by the appraisal review board order, is more than $1 million.

Appeals to SOAH are currently subject to limitations of a pilot program for the following counties for a four-year period beginning with the ad valorem tax year that begins January 1, 2010: Bexar, Cameron, El Paso, Harris, Tarrant, and Travis. Beginning with the ad valorem tax year of January 1, 2012, for a two-year period, Collin, Denton, Fort Bend, Montgomery, and Nueces counties are part of the pilot program. To appeal an appraisal review board order to SOAH, a property owner must file with the chief appraiser of the appraisal district not later than the 30th day after the date the property owner receives notice of the order:

(1) a completed notice of appeal to SOAH, a copy of which is enclosed with this notice; and

(2) not later than the 90th day after the date the property owner receives the notice of order a deposit of $1,500 made payable to SOAH must be filed with the appraisal district.

For more information regarding appeal to SOAH, you should consult Texas Government Code, Chapter 2003 and related SOAH rules. If you need legal advice, you should consult an attorney.

It is important to note that the pendency of an appeal, whether to district court, through binding arbitration, or to the State Office of Administrative Hearings, does not affect the delinquency date for the taxes on the property subject to the appeal. For more specific information, consult the applicable statutes and rules.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our Web site:
www.window.state.tx.us/taxinfo/proptax

50-222 • 8-11/10

T000017325/2015



## Notice of Appeal of Appraisal Review Board Order

Property Tax
**Form 50-775**

You may use this form if you wish to notify the appraisal review board that you will appeal the order of determination.

**GENERAL INSTRUCTIONS:** This form is for use by a party, other than a property owner, to file a notice of an appeal of an appraisal review board order.

Tax Code §42.06 provides that:

(a) To exercise the party's right to appeal an order of an appraisal review board, a party other than a property owner must file written notice of appeal within 15 days after the date the party receives the notice required by Section 41.47 (Determination of Protest) or, in the case of a taxing unit, by Section 41.07 (Determination of Challenge) that the order appealed has been issued. To exercise the right to appeal an order of the comptroller, a party other than a property owner must file written notice of appeal within 15 days after the date the party receives the comptroller's order. A property owner is not required to file a notice of appeal under this section.

(b) A party required to file a notice of appeal under this section other than a chief appraiser who appeals an order of an appraisal review board shall file the notice with the chief appraiser of the appraisal district for which the appraisal review board is established. A chief appraiser who appeals an order of an appraisal review board shall file the notice with the appraisal review board. A party who appeals an order of the comptroller shall file the notice with the comptroller.

(c) If the chief appraiser, a taxing unit, or a county appeals, the chief appraiser, if the appeal is of an order of the appraisal review board, or the comptroller, if the appeal is of an order of the comptroller, shall deliver a copy of the notice to the property owner whose property is involved in the appeal within 10 days after the date the notice is filed.

(d) On the filing of a notice of appeal, the chief appraiser shall indicate where appropriate those entries on the appraisal records that are subject to the appeal.

Mail To:

TXU GENERATION CO LP C/O: STATE & LOCAL TAX DEPARTME

From: SOMERVELL

PO BOX 219071

DALLAS, TX 75221-9071

T17325/9900071-0-001095

This is a formal notice that I intend to appeal the order of the Appraisal Review Board for Certified Appraisal Review Board Tracking number __CASE # 2015-00063 / PROTI__ regarding the property subject to the protest.

Return address if different from above:

**sign here ▶** _____

Date _____

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our Web site: www.window.state.tx.us/taxinfo/proptax

50-775 • 10-11/2

T000017325/2015

# Order Determining Protest or Order of Dismissal

**Property Tax**
**Form 50-221**

Appraisal Review Board

SOMERVELL _____ County, Texas

Case No. CASE # 2015-00062 / PROTEST # 3207

Owner's Name: TXU GENERATION CO LP C/O: STATE & LOCAL TAX

Property Account No: T11918/9900070-0-001095 _____

Property Legal Description: _____
LEGAL: ABST: A68, TRACT: POWER PLANT, 008270000070,
COMANCHE PEAK NUCLEAR FACILITY, NOTE 1/3 OF
ACCOUNT ACRES: 0.000

## ORDER DETERMINING PROTEST OR ORDER OF DISMISSAL

On 6/30/2015 _____ , _____, the Appraisal Review Board of SOMERVELL _____ County, Texas, heard the protest of
TXU GENERATION CO LP C/O: STATE & LOCAL TA: concerning the appraisal records for tax year 2015 .

The Board delivered proper notice of the date, time, and place of the hearing. The property owner or agent and the chief appraiser of the appraisal district were given the opportunity to testify and to present evidence. After considering the evidence and arguments presented at the hearing, the Board has determined that the protest concerned the following action(s) permitted by Section 41.41(a), Tax Code:

[X] excessive appraised or market value,

[X] unequal appraisal,

[ ] inclusion of the property on the appraisal records,

[ ] denial in whole or in part of a partial exemption,

[ ] determination that land does not qualify for appraisal according to Subchapters C, D, E, or H, Chapter 23, or

[X] any other matter permitted by Section 41.41(a).

Based on the evidence, the Board makes the following determination(s) as indicated by a √ mark and hereby issues the following as its ORDER DETERMINING PROTEST OR ORDER OF DISMISSAL:

[ ] The appraisal review board lacks jurisdiction to determine the protest and hereby dismisses the protest.

[ ] The property's appraised value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of $ _____.*

[ ] The property's market value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of $ _____.*

[X] The appraised or market value of the subject property is not excessive and the appraisal records should not be changed or should be increased. The appraised value is $ 740573685 , and the market value is $ 740573685 ,

[ ] The subject property was unequally appraised, and the appraisal records should be adjusted to reflect a value of $ _____.*

[X] The subject property was not unequally appraised, and the appraisal records should not be changed.

[ ] The subject property qualified for the exemption for which application was made, and the appraisal records should be changed accordingly.

[ ] The subject property qualified for special appraisal, and the appraisal records should be changed to reflect an appraised value of $ _____.

[ ] The property owner's protest concerning other matters permitted by Section 41.41(a) is upheld, and the appraisal records should be changed to reflect the following change(s): _____

[X] The property owner's protest concerning other matters permitted by Section 41.41(a) is denied, and the appraisal records should not be changed.

• **If changes to the appraisal records are ordered due to a determination of excessive appraised or market value and also a determination of unequal appraisal, the lower of the two determinations shall be shown in the appraisal records.**

sign here ▶ _____    _____
Chair, Appraisal Review Board    Date 7/6/15

* as shown in the appraisal records submitted to the board by the chief appraiser under Section 25.22 or 25.23.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our website:
www.window.state.tx.us/taxinfo/proptax

50-221 • 11-11/10

T000011918/2015

## Notice of Final Order

Property Tax
**Form 50-222**

| | |
|---|---|
| Appraisal Review Board<br>for SOMERVELL _____ County | To: TXU GENERATION CO LP C/O: STATE & LOCAL TAX DEPAR<br>PO BOX 219071<br>DALLAS, TX 75221-9071<br>Property Account No. T11918/9900070-0-001095 |
| Case No. CASE # 2015-00062 / PROTEST # 3207<br>Owner's Name COMANCHE PEAK SES<br>TXU GENERATION CO LP C/O: STATE & LOCA | Property Legal Description: _____<br>LEGAL: ABST: A68, TRACT: POWER PLANT, 008270000070,<br>COMANCHE PEAK NUCLEAR FACILITY, NOTE 1/3 OF<br>ACCOUNT ACRES: 0.000 |

A PROPERTY OWNER HAS A RIGHT TO APPEAL IN DISTRICT COURT AN APPRAISAL REVIEW BOARD ORDER DETERMINING A PROTEST AS PROVIDED BY SUBCHAPTER C OF CHAPTER 41, TEXAS TAX CODE. TO APPEAL SUCH AN ORDER TO DISTRICT COURT, A PARTY MUST FILE A PETITION FOR REVIEW WITH THE DISTRICT COURT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE THAT A FINAL ORDER HAS BEEN ENTERED FROM WHICH AN APPEAL MAY BE HAD OR AT ANY TIME AFTER THE HEARING BUT BEFORE THE 60-DAY DEADLINE. A PROPERTY OWNER ALSO HAS A RIGHT TO APPEAL IN DISTRICT COURT A DETERMINATION OF AN APPRAISAL REVIEW BOARD ON A MOTION FILED UNDER SECTION 25.25, TEXAS TAX CODE. THE LAW PROVIDES THAT TO FILE SUIT TO COMPEL AN APPRAISAL REVIEW BOARD TO ORDER A CHANGE IN THE APPRAISAL ROLL UNDER SECTION 25.25, A PARTY MUST FILE SUIT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE OF THE APPRAISAL REVIEW BOARD'S DETERMINATION OF A MOTION UNDER SECTION 25.25 OR A DETERMINATION THAT THE PROPERTY OWNER HAS FAILED TO COMPLY WITH THE PRE-PAYMENT REQUIREMENTS. FAILURE TO TIMELY FILE A PETITION BARS AN APPEAL TO DISTRICT COURT.

A PARTY OTHER THAN A PROPERTY OWNER, IN ORDER TO EXERCISE THE PARTY'S RIGHT TO APPEAL AN ORDER OF AN APPRAISAL REVIEW BOARD, MUST FILE A WRITTEN NOTICE OF APPEAL WITHIN 15 DAYS AFTER THE DATE THE PARTY RECEIVES THIS NOTICE OR, IN THE CASE OF A TAXING UNIT, WITHIN 15 DAYS AFTER THE DATE THE TAXING UNIT RECEIVES NOTICE PURSUANT TO SECTION 41.07, TEXAS TAX CODE.

For more information regarding appeal to district court, you should consult Texas Tax Code, Chapter 42 and the clerk of the court. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, a property owner may appeal through binding arbitration an appraisal review board order determining a protest filed under Section 41.41(a)(1) of the Texas Tax Code concerning the appraised or market value of property if:

(1) the property qualifies as the owner's residence homestead under Section 11.13 of the Texas Tax Code; or

(2) the appraised or market value, as applicable, of the property as determined by the order is $1 million or less.

To appeal an appraisal review board order through binding arbitration, a property owner must file with the appraisal district not later than the 45th day after the date the property owner receives notice of the order:

(1) a completed request for binding arbitration, a copy of which is enclosed with this notice; and

(2) an arbitration deposit made payable to the comptroller in the applicable amount provided under Chapter 41A of the Texas Tax Code.

For more information regarding appeal through binding arbitration, you should consult Texas Tax Code, Chapter 41A and related Comptroller rules. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, certain property owners may appeal to the State Office of Administrative Hearings (SOAH) an appraisal review board order determining a protest concerning the appraised or market value of property brought under Section 41.41(a)(1) or (2) of the Texas Tax Code if the appraised or market value, as applicable, of the property that was the subject of the protest, as determined by the appraisal review board order, is more than $1 million.

Appeals to SOAH are currently subject to limitations of a pilot program for the following counties for a four-year period beginning with the ad valorem tax year that begins January 1, 2010: Bexar, Cameron, El Paso, Harris, Tarrant, and Travis. Beginning with the ad valorem tax year of January 1, 2012, for a two-year period, Collin, Denton, Fort Bend, Montgomery, and Nueces counties are part of the pilot program. To appeal an appraisal review board order to SOAH, a property owner must file with the chief appraiser of the appraisal district not later than the 30th day after the date the property owner receives notice of the order:

(1) a completed notice of appeal to SOAH, a copy of which is enclosed with this notice; and

(2) not later than the 90th day after the date the property owner receives the notice of order a deposit of $1,500 made payable to SOAH must be filed with the appraisal district.

For more information regarding appeal to SOAH, you should consult Texas Government Code, Chapter 2003 and related SOAH rules. If you need legal advice, you should consult an attorney.

It is important to note that the pendency of an appeal, whether to district court, through binding arbitration, or to the State Office of Administrative Hearings, does not affect the delinquency date for the taxes on the property subject to the appeal. For more specific information, consult the applicable statutes and rules.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our Web site: www.window.state.tx.us/taxinfo/proptax
50-222 • 8-11/10
T000011918/2015



## Notice of Appeal of Appraisal Review Board Order

Property Tax
**Form 50-775**

You may use this form if you wish to notify the appraisal review board that you will appeal the order of determination.

**GENERAL INSTRUCTIONS:** This form is for use by a party, other than a property owner, to file a notice of an appeal of an appraisal review board order.

**Tax Code §42.06 provides that:**

(a) To exercise the party's right to appeal an order of an appraisal review board, a party other than a property owner must file written notice of appeal within 15 days after the date the party receives the notice required by Section 41.47 (Determination of Protest) or, in the case of a taxing unit, by Section 41.07 (Determination of Challenge) that the order appealed has been issued. To exercise the right to appeal an order of the comptroller, a party other than a property owner must file written notice of appeal within 15 days after the date the party receives the comptroller's order. A property owner is not required to file a notice of appeal under this section.

(b) A party required to file a notice of appeal under this section other than a chief appraiser who appeals an order of an appraisal review board shall file the notice with the chief appraiser of the appraisal district for which the appraisal review board is established. A chief appraiser who appeals an order of an appraisal review board shall file the notice with the appraisal review board. A party who appeals an order of the comptroller shall file the notice with the comptroller.

(c) If the chief appraiser, a taxing unit, or a county appeals, the chief appraiser, if the appeal is of an order of the appraisal review board, or the comptroller, if the appeal is of an order of the comptroller, shall deliver a copy of the notice to the property owner whose property is involved in the appeal within 10 days after the date the notice is filed.

(d) On the filing of a notice of appeal, the chief appraiser shall indicate where appropriate those entries on the appraisal records that are subject to the appeal.

Mail To:

TXU GENERATION CO LP C/O: STATE & LOCAL TAX DEPARTME

PO BOX 219071

DALLAS, TX 75221-9071

T11918/9900070-0-001095

From: SOMERVELL

This is a formal notice that I intend to appeal the order of the Appraisal Review Board for Certified Appraisal Review Board Tracking number  CASE # 2015-00062 / PROTI  regarding the property subject to the protest.

Return address if different from above:

sign
here ▶ _____

Date _____

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our Web site:
www.window.state.tx.us/taxinfo/proptax

50-775 • 10-11/2

T000011918/2015

## Order Determining Protest or Order of Dismissal

Property Tax
**Form 50-221**

Appraisal Review Board

SOMERVELL _____ County, Texas

Case No. __CASE # 2015-00061 / PROTEST # 3206__

Owner's Name: __TXU GENERATION CO LP C/O: STATE & LOCAL TAX__

Property Account No: __T49817/9900075-0-001095__

Property Legal Description: _____
LEGAL: 008270000075, NUCLEAR FUEL ACRES: 0.000

### ORDER DETERMINING PROTEST OR ORDER OF DISMISSAL

On __6/30/2015_____, _____, the Appraisal Review Board of __SOMERVELL_____ County, Texas, heard the protest of __TXU GENERATION CO LP C/O: STATE & LOCAL TA__ concerning the appraisal records for tax year __2015__.

The Board delivered proper notice of the date, time, and place of the hearing. The property owner or agent and the chief appraiser of the appraisal district were given the opportunity to testify and to present evidence. After considering the evidence and arguments presented at the hearing, the Board has determined that the protest concerned the following action(s) permitted by Section 41.41(a), Tax Code:

[X] excessive appraised or market value,

[X] unequal appraisal,

[ ] inclusion of the property on the appraisal records,

[ ] denial in whole or in part of a partial exemption,

[ ] determination that land does not qualify for appraisal according to Subchapters C, D, E, or H, Chapter 23, or

[X] any other matter permitted by Section 41.41(a).

Based on the evidence, the Board makes the following determination(s) as indicated by a √ mark and hereby issues the following as its ORDER DETERMINING PROTEST OR ORDER OF DISMISSAL:

[ ] The appraisal review board lacks jurisdiction to determine the protest and hereby dismisses the protest.

[ ] The property's appraised value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of $ _____.*

[ ] The property's market value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of $ _____.*

[X] The appraised or market value of the subject property is not excessive and the appraisal records should not be changed or should be increased. The appraised value is $ __140000000__, and the market value is $ __140000000__.

[ ] The subject property was unequally appraised, and the appraisal records should be adjusted to reflect a value of $ _____.*

[X] The subject property was not unequally appraised, and the appraisal records should not be changed.

[ ] The subject property qualified for the exemption for which application was made, and the appraisal records should be changed accordingly.

[ ] The subject property qualified for special appraisal, and the appraisal records should be changed to reflect an appraised value of $ _____.

[ ] The property owner's protest concerning other matters permitted by Section 41.41(a) is upheld, and the appraisal records should be changed to reflect the following change(s): _____

[X] The property owner's protest concerning other matters permitted by Section 41.41(a) is denied, and the appraisal records should not be changed.

* If changes to the appraisal records are ordered due to a determination of excessive appraised or market value and also a determination of unequal appraisal, the lower of the two determinations shall be shown in the appraisal records.

sign here ▶ _____
Chair, Appraisal Review Board

__7/6/15_____
Date

* as shown in the appraisal records submitted to the board by the chief appraiser under Section 25.22 or 25.23.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our website:
www.window.state.tx.us/taxinfo/proptax
50-221 • 11-11/10

T000049817/2015



## Notice of Final Order

Property Tax
**Form 50-222**

Appraisal Review Board

for  SOMERVELL _____ County

_____

Case No. __CASE # 2015-00061 / PROTEST # 3206__

Owner's Name _____

TXU GENERATION CO LP C/O: STATE & LOCA

To:  TXU GENERATION CO LP C/O: STATE & LOCAL TAX DEPAR

PO BOX 219071

DALLAS, TX 75221-9071

Property Account No. __T49817/9900075-0-001095__

Property Legal Description: _____
LEGAL: 008270000075, NUCLEAR FUEL ACRES: 0.000

A PROPERTY OWNER HAS A RIGHT TO APPEAL IN DISTRICT COURT AN APPRAISAL REVIEW BOARD ORDER DETERMINING A PROTEST AS PROVIDED BY SUBCHAPTER C OF CHAPTER 41, TEXAS TAX CODE. TO APPEAL SUCH AN ORDER TO DISTRICT COURT, A PARTY MUST FILE A PETITION FOR REVIEW WITH THE DISTRICT COURT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE THAT A FINAL ORDER HAS BEEN ENTERED FROM WHICH AN APPEAL MAY BE HAD OR AT ANY TIME AFTER THE HEARING BUT BEFORE THE 60-DAY DEADLINE. A PROPERTY OWNER ALSO HAS A RIGHT TO APPEAL IN DISTRICT COURT A DETERMINATION OF AN APPRAISAL REVIEW BOARD ON A MOTION FILED UNDER SECTION 25.25, TEXAS TAX CODE. THE LAW PROVIDES THAT TO FILE SUIT TO COMPEL AN APPRAISAL REVIEW BOARD TO ORDER A CHANGE IN THE APPRAISAL ROLL UNDER SECTION 25.25, A PARTY MUST FILE SUIT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE OF THE APPRAISAL REVIEW BOARD'S DETERMINATION OF A MOTION UNDER SECTION 25.25 OR A DETERMINATION THAT THE PROPERTY OWNER HAS FAILED TO COMPLY WITH THE PRE-PAYMENT REQUIREMENTS. FAILURE TO TIMELY FILE A PETITION BARS AN APPEAL TO DISTRICT COURT.

A PARTY OTHER THAN A PROPERTY OWNER, IN ORDER TO EXERCISE THE PARTY'S RIGHT TO APPEAL AN ORDER OF AN APPRAISAL REVIEW BOARD, MUST FILE A WRITTEN NOTICE OF APPEAL WITHIN 15 DAYS AFTER THE DATE THE PARTY RECEIVES THIS NOTICE OR, IN THE CASE OF A TAXING UNIT, WITHIN 15 DAYS AFTER THE DATE THE TAXING UNIT RECEIVES NOTICE PURSUANT TO SECTION 41.07, TEXAS TAX CODE.

For more information regarding appeal to district court, you should consult Texas Tax Code, Chapter 42 and the clerk of the court. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, a property owner may appeal through binding arbitration an appraisal review board order determining a protest filed under Section 41.41(a)(1) of the Texas Tax Code concerning the appraised or market value of property if:

(1) the property qualifies as the owner's residence homestead under Section 11.13 of the Texas Tax Code; or

(2) the appraised or market value, as applicable, of the property as determined by the order is $1 million or less.

To appeal an appraisal review board order through binding arbi-tration, a property owner must file with the appraisal district not later than the 45th day after the date the property owner receives notice of the order:

(1) a completed request for binding arbitration, a copy of which is enclosed with this notice; and

(2) an arbitration deposit made payable to the comptroller in the applicable amount provided under Chapter 41A of the Texas Tax Code.

For more information regarding appeal through binding arbitra-tion, you should consult Texas Tax Code, Chapter 41A and related Comptroller rules. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, certain property owners may appeal to the State Office of Administrative Hearings (SOAH) an appraisal review board order determining a protest concerning the appraised or market value of property brought under Section 41.41(a)(1) or (2) of the Texas Tax Code if the appraised or market value, as applicable, of the property that was the subject of the protest, as determined by the appraisal review board order, is more than $1 million.

Appeals to SOAH are currently subject to limitations of a pilot program for the following counties for a four-year period beginning with the ad valorem tax year that begins January 1, 2010: Bexar, Cameron, El Paso, Harris, Tarrant, and Travis. Beginning with the ad valorem tax year of January 1, 2012, for a two-year period, Collin, Denton, Fort Bend, Montgomery, and Nueces counties are part of the pilot program. To appeal an appraisal review board order to SOAH, a property owner must file with the chief appraiser of the appraisal district not later than the 30th day after the date the property owner receives notice of the order:

(1) a completed notice of appeal to SOAH, a copy of which is enclosed with this notice; and

(2) not later than the 90th day after the date the property owner receives the notice of order a deposit of $1,500 made payable to SOAH must be filed with the appraisal district.

For more information regarding appeal to SOAH, you should con-sult Texas Government Code, Chapter 2003 and related SOAH rules. If you need legal advice, you should consult an attorney.

It is important to note that the pendency of an appeal, whether to district court, through binding arbitration, or to the State Office of Administrative Hearings, does not affect the delinquency date for the taxes on the property subject to the appeal. For more specific information, consult the applicable statutes and rules.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our Web site:
www.window.state.tx.us/taxinfo/proptax

50-222 • 8-11/10

T000049817/2015



# Notice of Appeal of Appraisal Review Board Order

Property Tax
## Form 50-775

You may use this form if you wish to notify the appraisal review board that you will appeal the order of determination.

**GENERAL INSTRUCTIONS:** This form is for use by a party, other than a property owner, to file a notice of an appeal of an appraisal review board order.

**Tax Code §42.06 provides that:**
(a) To exercise the party's right to appeal an order of an appraisal review board, a party other than a property owner must file written notice of appeal within 15 days after the date the party receives the notice required by Section 41.47 (Determination of Protest) or, in the case of a taxing unit, by Section 41.07 (Determination of Challenge) that the order appealed has been issued. To exercise the right to appeal an order of the comptroller, a party other than a property owner must file written notice of appeal within 15 days after the date the party receives the comptroller's order. A property owner is not required to file a notice of appeal under this section.
(b) A party required to file a notice of appeal under this section other than a chief appraiser who appeals an order of an appraisal review board shall file the notice with the chief appraiser of the appraisal district for which the appraisal review board is established. A chief appraiser who appeals an order of an appraisal review board shall file the notice with the appraisal review board. A party who appeals an order of the comptroller shall file the notice with the comptroller.
(c) If the chief appraiser, a taxing unit, or a county appeals, the chief appraiser, if the appeal is of an order of the appraisal review board, or the comptroller, if the appeal is of an order of the comptroller, shall deliver a copy of the notice to the property owner whose property is involved in the appeal within 10 days after the date the notice is filed.
(d) On the filing of a notice of appeal, the chief appraiser shall indicate where appropriate those entries on the appraisal records that are subject to the appeal.

Mail To:

TXU GENERATION CO LP C/O: STATE & LOCAL TAX DEPARTME

From:   SOMERVELL _____

PO BOX 219071

DALLAS, TX 75221-9071

T49817/9900075-0-001095

This is a formal notice that I intend to appeal the order of the Appraisal Review Board for Certified Appraisal Review Board Tracking number __CASE # 2015-00061 / PROTI__ regarding the property subject to the protest.

Return address if different from above:

sign
here ▶ _____

Date _____

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our Web site:
www.window.state.tx.us/taxinfo/proptax
50-775 • 10-11/2
T000049817/2015