# EXHIBIT 3

AUGUST 24, 2015

Michelle Reynolds

District Clerk
Somervell County, Texas
CLARECE BUSBY

NO. C10412

| | | |
|---|---|---|
| LUMINANT GENERATION COMPANY LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | SOMERVELL COUNTY, TEXAS |
| | § | |
| SOMERVELL CENTRAL | § | |
| APPRAISAL DISTRICT, | § | |
| | § | |
| Defendant. | § | 18TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Luminant Generation Company LLC ("Plaintiff") files its Original Petition, and states the following:

### DISCOVERY CONTROL PLAN

1.    Pursuant to Texas Rule of Civil Procedure 190.4, Plaintiff alleges that discovery should be conducted under Level 3.

### SUMMARY

2.    Like any other taxpayer, Plaintiff is entitled to a fair and reasonable determination of the taxable value of its property. For this reason, Plaintiff files this Original Petition to appeal the orders of the Appraisal Review Board (the "ARB") for Somervell Central Appraisal District. The ARB set a taxable value for the property at issue in this action that is unfair and unreasonable.

3.    The taxable value of the property at issue has declined over the past several years. Substantial costs are involved in operating this property, including the cost of fuel and the costs of compliance with regulatory requirements. Market prices also impact both expenses incurred

Luminant Generation Company LLC v. Somervell Central Appraisal District
PLAINTIFF'S ORIGINAL PETITION                                                    Page 1

SCANNED
8-24-15

in operating this property and the prices at which Plaintiff can sell its production. Multiple factors impact power prices, including competition from natural gas plants and wind and solar farms, as well as marketplace supply and demand. These and other factors result in an actual taxable value lower than the taxable value stated in the ARB orders.

4.      For these reasons, Plaintiff appeals the ARB orders to ensure that it is treated fairly and that a reasonable taxable value for the property at issue is determined, including by taking into account the numerous factors that substantially reduce this property's taxable value.

## PARTIES

5.      Plaintiff is a limited liability company with its principal place of business at 1601 Bryan Street, Dallas, Texas 75201. Plaintiff was, on January 1, 2015, the owner of the property at issue, which is identified in Paragraphs 11 and 12 below.

6.      Defendant Somervell Central Appraisal District (the "District") is a political subdivision of the State of Texas located in Somervell County, Texas, and is duly organized and acting pursuant to the laws of the State. The District may be served with process by serving Wes Rollen, the Chief Appraiser of the District, or by serving any other officer or employee of the District present at its offices located at 112 Allen Drive, Glen Rose, Texas 76043 at a time when the appraisal office is open for business with the public.

## JURISDICTION AND VENUE

7.      Plaintiff brings this action to appeal the orders and the determinations made by the ARB with respect to Plaintiff's protests and to preserve its rights under state law. Jurisdiction of this action is conferred on this Court by Texas Tax Code § 42.21. In accordance with Texas Tax Code § 42.22, venue of this action is proper in Somervell County, Texas, the county in which the ARB is located.

8.     Plaintiff has exhausted all available administrative remedies prior to bringing this cause of action.

## FACTS RELEVANT TO THE BANKRUPTCY PROCEEDING

9.     On April 29, 2014, Plaintiff and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for chapter 11 bankruptcy relief in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The bankruptcy cases are jointly administered before the Honorable Christopher S. Sontchi under the lead case styled and numbered as *In re Energy Future Holdings Corp.*, 14-10979. The Debtors are operating their businesses and managing their properties as debtors in possession. No trustee has been appointed.

10.    Plaintiff files this Original Petition within the time period permitted by Texas Tax Code § 42.21 to preserve its rights under Texas law. On the same day as it makes this filing, Plaintiff has filed, or will file, a motion pursuant to 11 U.S.C. §§ 105, 505, and 506 seeking adjudication in the Bankruptcy Court of the property tax values and tax issues in this case and in other cases in which Plaintiff and Plaintiff's affiliates are contesting property tax values and tax issues. The Bankruptcy Court is familiar with the Debtors' businesses and properties, and it provides a single forum to efficiently adjudicate tax issues facing Plaintiff and Plaintiff's affiliates along with other matters affecting the Debtors' ability to restructure.

## FACTS RELEVANT TO THIS DISPUTE

11.    The property in dispute (the "Property") is generally known as the Comanche Peak Nuclear Power Plant, occupied entirely by Plaintiff. At all relevant times, Plaintiff owned the Property.

12.     The Property, which comprises both certain taxable, nonexempt items and certain

exempt items, is identified and described on the appraisal records of the District as follows:

| | |
|---|---|
| Property ID: | T000011918 |
| Geo ID: | 9900070-0-001095 |
| Property Legal Description: | Tract: Power Plant, Abst: A68, 008270000070, Comanche Peak Nuclear Facility, Note 1/3 of Account |

| | |
|---|---|
| Property ID: | T000017325 |
| Geo ID: | 9900071-0-001095 |
| Property Legal Description: | 008270000070, Comanche Peak Nuclear Facility, Note 1/3 of Account |

| | |
|---|---|
| Property ID: | T000017326 |
| Geo ID: | 9900072-0-001095 |
| Property Legal Description: | 008270000070, Comanche Peak Nuclear Facility, Note 1/3 of Account |

| | |
|---|---|
| Property ID: | T000049817 |
| Geo ID: | 9900075-0-001095 |
| Property Legal Description: | 008270000075, Nuclear Fuel[1] |

13.     Plaintiff received notices of appraised value from the District with respect to the

Property for the 2015 tax year.

14.     Plaintiff timely filed notices with the ARB protesting the valuations assigned to

the Property by the appraiser for the 2015 tax year.

15.     By affidavits dated June 16, 2015, Plaintiff duly appeared before the ARB on

such protests.

16.     Plaintiff received from the ARB orders dated July 6, 2015, determining Plaintiff's

protests with respect to the 2015 valuations of the Property (the "2015 Orders").   Plaintiff

attaches the 2015 Orders as **EXHIBIT A** and incorporates them by reference.[2]

---

[1] The Orders Determining Protest received from the ARB appear to use a different numbering convention for describing the Property.   The property account numbers appearing in the Orders Determining Protest are: T11918/9900070-0-001095;   T17325/9900071-0-001095;   T17326/9900072-0-001095;   and   T49817/9900075-0-001095.

Luminant Generation Company LLC v. Somervell Central Appraisal District
PLAINTIFF'S ORIGINAL PETITION                                                                    Page 4

17.     The 2015 Orders indicate an aggregate appraised value and an aggregate market value of $2,361,721,055 for the Property.  The appraised values and market values of the Property determined by the ARB grossly exceed the market values of the Property.

18.     Plaintiff's Original Petition is timely filed pursuant to Texas Tax Code § 42.21.

19.     Before the delinquency date, Plaintiff will pay the amount of taxes due on the portion of the taxable value of the Property that is not in dispute as required by Texas Tax Code § 42.08.

20.     All conditions precedent to Plaintiff's right of judicial review of the ARB's decisions have occurred, been performed, or were waived.  Plaintiff is entitled to a trial de novo to determine the appraised values of the Property for the 2015 tax year.

21.     Plaintiff has retained the undersigned counsel to protect its rights and pursue its remedies against the District.

### RULE 47(c) DISCLOSURE

22.     Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of over $1,000,000.

### CAUSES OF ACTION

### COUNT I — VIOLATIONS OF THE TEXAS TAX CODE

23.     Plaintiff realleges the preceding paragraphs as if fully set forth herein.

24.     The appraised values and the market values of the Property, according to the appraisal rolls and appraisal records of the District for the tax year 2015 as determined by the ARB, exceed the values thereof permitted by law for the tax year 2015, including because the

---

[2] The District's appraisal records and the 2015 Orders indicate TXU Generation Company LP as the owner of the Property.  TXU Generation Company LP converted to Luminant Generation Company LLC in 2007.

ARB determinations of the appraised values of the Property appear improperly to deny or modify an exemption to which Plaintiff is entitled with respect to the Property.

25.     Texas Tax Code § 23.01 requires that all taxable property be appraised at its "market value" (as such term is defined in Texas Tax Code § 1.04(7)) as of January 1 of the tax year. The appraised values and the market values of the Property as determined by the ARB exceed the market values of the Property on January 1, 2015, and are therefore excessive and impermissible by law.

26.     The appraised values of the Property as determined by the ARB exceed the appraised values required by law within the meaning of Texas Tax Code § 42.25.

27.     The appraised values of the Property as determined by the ARB also appear to constitute an unequal appraisal within the meaning of Texas Tax Code § 42.26, which provides that this Court shall grant relief if: (1) the appraisal ratio of a property exceeds by at least ten percent the median level of appraisal of a reasonable and representative sample of other properties in the District; or (2) the appraisal ratio of a property exceeds by at least ten percent the median level of appraisal of a sample of properties in the District consisting of a reasonable number of other properties similarly situated to, or of the same general kind or character as, the property; or (3) the appraised value of the property exceeds the median appraised value of a reasonable number of comparable properties appropriately adjusted. The Property appears to have been appraised at an appraisal ratio that exceeds the median (as described in clause (1) and/or (2) above) by at least ten percent, and the Property appears to have been appraised at a value that exceeds the median (as described in clause (3) above). The appraised values of the Property as determined by the ARB are therefore excessive and impermissible by law.

28.     The excessive and impermissible appraised values of the Property have caused, or will cause, by operation of law each taxing unit that is permitted to assess taxes on the Property to assess an amount of taxes on the Property that exceeds the lawful amount, thereby injuring Plaintiff. The taxes assessed, or to be assessed, with respect to the Property are therefore excessive and impermissible by law.

29.     The levying of a tax on the Property based on higher taxable values than the values thereof permitted by law is an excessive and impermissible levy, creates an impermissible lien on the Property, and is a cloud on the title.

## COUNT II — VIOLATIONS OF THE TEXAS AND UNITED STATES CONSTITUTIONS

30.     Plaintiff realleges the preceding paragraphs as if fully set forth herein.

31.     The ARB's determinations of the appraised values and market values of the Property violate both the Texas and United States Constitutions. Article VIII, Section 20 of the Texas Constitution provides that property shall not be assessed for ad valorem taxes at a value greater than its fair cash market value and that no Board of Equalization of any governmental or political subdivision or taxing district within the State of Texas shall fix the value of any property at more than its fair cash market value. Because the appraised values and market values of the Property as determined by the ARB exceed the fair cash market value of the Property, the Property has been, or will be, assessed for ad valorem taxes at a value greater than its fair cash market value. The appraised values and the market values of the Property as determined by the ARB are therefore excessive and impermissible by law.

32.     The procedures followed by the District with respect to the Property have resulted in an impermissible disparity between the appraised values of the Property and the appraised

values of generally comparable properties. The actions taken by the District with respect to the Property therefore violate the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution; the provisions of Article VIII, Sections 1 and 2 of the Texas Constitution that require that taxation be equal and uniform and that all real and tangible property in the State of Texas be taxed in proportion to its value, which shall be ascertained as may be provided by law; the due course of law provisions of Article I, Section 19 of the Texas Constitution; the equal protection clause of Article I, Section 3 of the Texas Constitution; and the provisions of Texas Tax Code § 23.01(b) requiring that the market value of property be determined by application of generally accepted appraisal techniques and that the same or similar appraisal techniques be used in appraising the same or similar types of property, considering the individual characteristics of the property that affect the property's market value. The appraised values of the Property as determined by the ARB are therefore excessive and impermissible by law.

33.     The excessive and impermissible appraised values of the Property have caused, or will cause, by operation of law each taxing unit that is permitted to assess taxes on the Property to assess an amount of taxes on the Property that exceeds the lawful amount, thereby injuring Plaintiff. The taxes assessed, or to be assessed, with respect to the Property are therefore excessive and impermissible by law.

34.     The levying of a tax on the Property based on higher taxable values than the values thereof permitted by law is an excessive and impermissible levy, creates an impermissible lien on the Property, and is a cloud on the title.

## COUNT III — ATTORNEYS' FEES

35.     Plaintiff realleges the preceding paragraphs as if fully set forth herein.

Luminant Generation Company LLC v. Somervell Central Appraisal District
PLAINTIFF'S ORIGINAL PETITION                                                   Page 8

36.    In order to prosecute this action against the District, Plaintiff has employed the undersigned attorneys to file suit. Plaintiff agreed to pay such firm a reasonable fee for such services. Pursuant to Texas Tax Code §§ 42.07 and 42.29, Plaintiff hereby sues the District for, and is entitled to recover, its costs, reasonable attorneys' fees, and expenses incurred in prosecuting this matter.

**PRAYER**

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, the Court render judgment:

(i)    Fixing the appraised values of the Property, as of January 1, 2015, to the amount as properly determined by this Court;

(ii)    Compelling the District to take any and all actions necessary to correct the appraisal rolls of the District for the tax year 2015 to reflect the proper appraised values of the Property, to certify such corrections to the assessor for each taxing unit affected by such corrections, to accept receipt of taxes due for the tax year 2015 based on application of the approved tax rates to the proper appraised values, and to refund, or cause to be refunded, to Plaintiff any and all property taxes for the tax year 2015 erroneously or improperly assessed or collected by any and all taxing units with respect to the Property, plus interest thereon according to law;

(iii)    Pursuant to Texas Tax Code §§ 42.24, 42.25, and 42.26, entering any and all such other orders necessary to fix the appraised values of the Property in accordance with the requirements of law, to ensure equal treatment under law for the Plaintiff, and to preserve the rights of Plaintiff protected by, and impose on the District and the ARB the duties required by, the law;

(iv)    Pursuant to Texas Tax Code §§ 42.07 and 42.29, awarding Plaintiff all costs, expenses, and reasonable attorneys' fees incurred in this proceeding and possible future appeals;

(v)    Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed by law; and

(vi)    Granting Plaintiff such other and further relief, both legal and equitable, general and specific, to which Plaintiff may be justly entitled.

DATED:    August 21, 2015

Respectfully submitted,

_Cindy Ohlenforst_

Cynthia M. Ohlenforst
State Bar No. 15236600
Cindy.Ohlenforst@klgates.com
Andrew B. Russell
State Bar No. 24034661
Andrew.Russell@klgates.com
Sam Megally
State Bar No. 24051039
Sam.Megally@klgates.com

**K&L GATES LLP**
1717 Main Street, Suite 2800
Dallas, Texas  75201
214.939.5500
214.939.5849 Facsimile

**ATTORNEYS FOR PLAINTIFF
LUMINANT GENERATION
COMPANY LLC**

# EXHIBIT A

# Order Determining Protest or Order of Dismissal

**Property Tax Form 50-221**

Appraisal Review Board

SOMERVELL _____ County, Texas

Case No. CASE # 2015-00062 / PROTEST # 3207

Owner's Name: TXU GENERATION CO LP C/O: STATE & LOCAL TAX

Property Account No: T11918/9900070-0-001095

Property Legal Description: _____
LEGAL: ABST: A68, TRACT: POWER PLANT, 008270000070,
COMANCHE PEAK NUCLEAR FACILITY, NOTE 1/3 OF
ACCOUNT ACRES: 0.000

## ORDER DETERMINING PROTEST OR ORDER OF DISMISSAL

On 6/30/2015 _____, the Appraisal Review Board of SOMERVELL _____ County, Texas, heard the protest of
TXU GENERATION CO LP C/O: STATE & LOCAL TAX concerning the appraisal records for tax year 2015 .

The Board delivered proper notice of the date, time, and place of the hearing. The property owner or agent and the chief appraiser of the appraisal district were given the opportunity to testify and to present evidence. After considering the evidence and arguments presented at the hearing, the Board has determined that the protest concerned the following action(s) permitted by Section 41.41(a), Tax Code:

[X] excessive appraised or market value,

[X] unequal appraisal,

[ ] inclusion of the property on the appraisal records,

[ ] denial in whole or in part of a partial exemption,

[ ] determination that land does not qualify for appraisal according to Subchapters C, D, E, or H, Chapter 23, or

[X] any other matter permitted by Section 41.41(a).

Based on the evidence, the Board makes the following determination(s) as indicated by a ✓ mark and hereby issues the following as its ORDER DETERMINING PROTEST OR ORDER OF DISMISSAL:

[ ] The appraisal review board lacks jurisdiction to determine the protest and hereby dismisses the protest.

[ ] The property's appraised value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of $ _____.*

[ ] The property's market value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of $ _____.*

[X] The appraised or market value of the subject property is not excessive and the appraisal records should not be changed or should be increased. The appraised value is $ 740573685 , and the market value is $ 740573685 .

[ ] The subject property was unequally appraised, and the appraisal records should be adjusted to reflect a value of $ _____.*

[X] The subject property was not unequally appraised, and the appraisal records should not be changed.

[ ] The subject property qualified for the exemption for which application was made, and the appraisal records should be changed accordingly.

[ ] The subject property qualified for special appraisal, and the appraisal records should be changed to reflect an appraised value of $ _____.

[ ] The property owner's protest concerning other matters permitted by Section 41.41(a) is upheld, and the appraisal records should be changed to reflect the following change(s): _____

[X] The property owner's protest concerning other matters permitted by Section 41.41(a) is denied, and the appraisal records should not be changed.

* If changes to the appraisal records are ordered due to a determination of excessive appraised or market value and also a determination of unequal appraisal, the lower of the two determinations shall be shown in the appraisal records.

**sign here ▶** _[signature]_                                              7/6/15

Chair, Appraisal Review Board                                  Date

* as shown in the appraisal records submitted to the board by the chief appraiser under Section 25.22 or 25.23.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our website:
www.window.state.tx.us/taxinfo/proptax
50-221 • 11-11/10

T000011918/2015

## Notice of Final Order

**Property Tax**
**Form 50-222**

| | |
|---|---|
| Appraisal Review Board for SOMERVELL County | To: TXU GENERATION CO LP C/O: STATE & LOCAL TAX DEPAR |
| | PO BOX 219071 |
| | DALLAS, TX 75221-9071 |
| Case No. CASE # 2015-00062 / PROTEST # 3207 | Property Account No. T11918/9900070-0-001095 |
| Owner's Name COMANCHE PEAK SES | Property Legal Description: LEGAL: ABST: A68, TRACT: POWER PLANT, 009270000070, COMANCHE PEAK NUCLEAR FACILITY, NOTE 1/3 OF |
| TXU GENERATION CO LP C/O: STATE & LOCA | ACCOUNT ACRES: 0.000 |

A PROPERTY OWNER HAS A RIGHT TO APPEAL IN DISTRICT COURT AN APPRAISAL REVIEW BOARD ORDER DETERMINING A PROTEST AS PROVIDED BY SUBCHAPTER C OF CHAPTER 41, TEXAS TAX CODE. TO APPEAL SUCH AN ORDER TO DISTRICT COURT, A PARTY MUST FILE A PETITION FOR REVIEW WITH THE DISTRICT COURT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE THAT A FINAL ORDER HAS BEEN ENTERED FROM WHICH AN APPEAL MAY BE HAD OR AT ANY TIME AFTER THE HEARING BUT BEFORE THE 60-DAY DEADLINE. A PROPERTY OWNER ALSO HAS A RIGHT TO APPEAL IN DISTRICT COURT A DETERMINATION OF AN APPRAISAL REVIEW BOARD ON A MOTION FILED UNDER SECTION 25.25, TEXAS TAX CODE. THE LAW PROVIDES THAT TO FILE SUIT TO COMPEL AN APPRAISAL REVIEW BOARD TO ORDER A CHANGE IN THE APPRAISAL ROLL UNDER SECTION 25.25, A PARTY MUST FILE SUIT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE OF THE APPRAISAL REVIEW BOARD'S DETERMINATION OF A MOTION UNDER SECTION 25.25 OR A DETERMINATION THAT THE PROPERTY OWNER HAS FAILED TO COMPLY WITH THE PRE-PAYMENT REQUIREMENTS. FAILURE TO TIMELY FILE A PETITION BARS AN APPEAL TO DISTRICT COURT.

A PARTY OTHER THAN A PROPERTY OWNER, IN ORDER TO EXERCISE THE PARTY'S RIGHT TO APPEAL AN ORDER OF AN APPRAISAL REVIEW BOARD, MUST FILE A WRITTEN NOTICE OF APPEAL WITHIN 15 DAYS AFTER THE DATE THE PARTY RECEIVES THIS NOTICE OR, IN THE CASE OF A TAXING UNIT, WITHIN 15 DAYS AFTER THE DATE THE TAXING UNIT RECEIVES NOTICE PURSUANT TO SECTION 41.07, TEXAS TAX CODE.

For more information regarding appeal to district court, you should consult Texas Tax Code, Chapter 42 and the clerk of the court. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, a property owner may appeal through binding arbitration an appraisal review board order determining a protest filed under Section 41.41(a)(1) of the Texas Tax Code concerning the appraised or market value of property if:

(1) the property qualifies as the owner's residence homestead under Section 11.13 of the Texas Tax Code; or

(2) the appraised or market value, as applicable, of the property as determined by the order is $1 million or less.

To appeal an appraisal review board order through binding arbitration, a property owner must file with the appraisal district not later than the 45th day after the date the property owner receives notice of the order:

(1) a completed request for binding arbitration, a copy of which is enclosed with this notice; and

(2) an arbitration deposit made payable to the comptroller in the applicable amount provided under Chapter 41A of the Texas Tax Code.

For more information regarding appeal through binding arbitration, you should consult Texas Tax Code, Chapter 41A and related Comptroller rules. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, certain property owners may appeal to the State Office of Administrative Hearings (SOAH) an appraisal review board order determining a protest concerning the appraised or market value of property brought under Section 41.41(a)(1) or (2) of the Texas Tax Code if the appraised or market value, as applicable, of the property that was the subject of the protest, as determined by the appraisal review board order, is more than $1 million.

Appeals to SOAH are currently subject to limitations of a pilot program for the following counties for a four-year period beginning with the ad valorem tax year that begins January 1, 2010: Bexar, Cameron, El Paso, Harris, Tarrant, and Travis. Beginning with the ad valorem tax year of January 1, 2012, for a two-year period, Collin, Denton, Fort Bend, Montgomery, and Nueces counties are part of the pilot program. To appeal an appraisal review board order to SOAH, a property owner must file with the chief appraiser of the appraisal district not later than the 30th day after the date the property owner receives notice of the order:

(1) a completed notice of appeal to SOAH, a copy of which is enclosed with this notice; and

(2) not later than the 90th day after the date the property owner receives the notice of order a deposit of $1,500 made payable to SOAH must be filed with the appraisal district.

For more information regarding appeal to SOAH, you should consult Texas Government Code, Chapter 2003 and related SOAH rules. If you need legal advice, you should consult an attorney.

It is important to note that the pendency of an appeal, whether to district court, through binding arbitration, or to the State Office of Administrative Hearings, does not affect the delinquency date for the taxes on the property subject to the appeal. For more specific information, consult the applicable statutes and rules.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our Web site: www.window.state.tx.us/taxinfo/proptax

50-222 • 8-11/10

T000011918/2015

# Notice of Appeal of Appraisal Review Board Order



Property Tax
**Form 50-775**

You may use this form if you wish to notify the appraisal review board that you will appeal the order of determination.

**GENERAL INSTRUCTIONS:** This form is for use by a party, other than a property owner, to file a notice of an appeal of an appraisal review board order.

Tax Code §42.06 provides that:

(a) To exercise the party's right to appeal an order of an appraisal review board, a party other than a property owner must file written notice of appeal within 15 days after the date the party receives the notice required by Section 41.47 (Determination of Protest)  or, in the case of a taxing unit, by Section 41.07 (Determination of Challenge) that the order appealed has been issued. To exercise the right to appeal an order of the comptroller, a party other than a property owner must file written notice of appeal within 15 days after the date the party receives the comptroller's order. A property owner is not required to file a notice of appeal under this section.

(b) A party required to file a notice of appeal under this section other than a chief appraiser who appeals an order of an appraisal review board shall file the notice with the chief appraiser of the appraisal district for which the appraisal review board is established. A chief appraiser who appeals an order of an appraisal review board shall file the notice with the appraisal review board. A party who appeals an order of the comptroller shall file the notice with the comptroller.

(c) If the chief appraiser, a taxing unit, or a county appeals, the chief appraiser, if the appeal is of an order of the appraisal review board, or the comptroller, if the appeal is of an order of the comptroller, shall deliver a copy of the notice to the property owner whose property is involved in the appeal within 10 days after the date the notice is filed.

(d)  On the filing of a notice of appeal, the chief appraiser shall indicate where appropriate those entries on the appraisal records that are subject to the appeal.

Mail To:

TXU GENERATION CO LP C/O: STATE & LOCAL TAX DEPARTME

PO BOX 219071

DALLAS, TX 75221-9071

T1191B/9900070-0-001095

From: SOMERVELL

This is a formal notice that I intend to appeal the order of the Appraisal Review Board for Certified Appraisal Review Board Tracking number  CASE # 2015-00062 / PROTI  regarding the property subject to the protest.

Return address if different from above:

sign
here ▶

Date

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our Web site:
www.window.state.tx.us/taxinfo/proptax

50-775 • 10-11/2

T0000119162015

# Order Determining Protest or Order of Dismissal

Property Tax
**Form 50-221**

Appraisal Review Board

SOMERVELL _____, County, Texas

Case No. CASE # 2015-00083 / PROTEST # 3208

Owner's Name: TXU GENERATION CO LP C/O: STATE & LOCAL TAX

Property Account No: T17325/9900071-0-001095

Property Legal Description: _____

LEGAL: 008270000070, COMANCHE PEAK NUCLEAR FACILITY,
NOTE 1/3 OF ACCOUNT ACRES: 0.000

## ORDER DETERMINING PROTEST OR ORDER OF DISMISSAL

On 6/30/2015 _____, _____, the Appraisal Review Board of __SOMERVELL_____ County, Texas, heard the protest of the
TXU GENERATION CO LP C/O: STATE & LOCAL TA` concerning the appraisal records for tax year __2015__.

The Board delivered proper notice of the date, time, and place of the hearing. The property owner or agent and the chief appraiser of the appraisal district
were given the opportunity to testify and to present evidence. After considering the evidence and arguments presented at the hearing, the Board has deter-
mined that the protest concerned the following action(s) permitted by Section 41.41(a), Tax Code:

[X] excessive appraised or market value,

[X] unequal appraisal,

[ ] inclusion of the property on the appraisal records,

[X] denial in whole or in part of a partial exemption,

[ ] determination that land does not qualify for appraisal according to Subchapters C, D, E, or H, Chapter 23, or

[X] any other matter permitted by Section 41.41(a).

Based on the evidence, the Board makes the following determination(s) as indicated by a √ mark and hereby issues the following as its ORDER
DETERMINING PROTEST OR ORDER OF DISMISSAL:

[ ] The appraisal review board lacks jurisdiction to determine the protest and hereby dismisses the protest.

[ ] The property's appraised value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of
$ _____.

[ ] The property's market value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of
$ _____.

[X] The appraised or market value of the subject property is not excessive and the appraisal records should not be changed or should be increased.
The appraised value is $ __740573685__, and the market value is $ __740573685__.

[ ] The subject property was unequally appraised, and the appraisal records should be adjusted to reflect a value of $ _____.*

[X] The subject property was not unequally appraised, and the appraisal records should not be changed.

[ ] The subject property qualified for the exemption for which application was made, and the appraisal records should be changed accordingly.

[ ] The subject property qualified for special appraisal, and the appraisal records should be changed to reflect an appraised value of
$ _____.

[ ] The property owner's protest concerning other matters permitted by Section 41.41(a) is upheld, and the appraisal records should be changed to
reflect the following change(s): _____

[X] The property owner's protest concerning other matters permitted by Section 41.41(a) is denied, and the appraisal records should not be changed.

* If changes to the appraisal records are ordered due to a determination of excessive appraised or market value and also a determination of
unequal appraisal, the lower of the two determinations shall be shown in the appraisal records.

sign
here ►  _____          Date  7/6/15

Chair, Appraisal Review Board

* as shown in the appraisal records submitted to the board by the chief appraiser under Section 25.22 or 25.23.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax
information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our website:
www.window.state.tx.us/taxinfo/proptax

50-221 • 11-11/10

T000017325/2015

## Notice of Final Order

Property Tax
**Form 50-222**

| | |
|---|---|
| Appraisal Review Board for **SOMERVELL** _____ County | To: TXU GENERATION CO LP C/O: STATE & LOCAL TAX DEPAR |
| | PO BOX 219071 |
| | DALLAS, TX 75221-9071 |
| Case No. **CASE # 2015-00063 / PROTEST # 3208** | Property Account No. T17325/9900071-0-001095 |
| Owner's Name _____ | Property Legal Description: LEGAL: 009270000070, COMANCHE PEAK NUCLEAR FACILITY, NOTE 1/3 OF ACCOUNT ACRES: 0.000 |
| TXU GENERATION CO LP C/O: STATE & LOCA | |

A PROPERTY OWNER HAS A RIGHT TO APPEAL IN DISTRICT COURT AN APPRAISAL REVIEW BOARD ORDER DETERMINING A PROTEST AS PROVIDED BY SUBCHAPTER C OF CHAPTER 41, TEXAS TAX CODE. TO APPEAL SUCH AN ORDER TO DISTRICT COURT, A PARTY MUST FILE A PETITION FOR REVIEW WITH THE DISTRICT COURT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE THAT A FINAL ORDER HAS BEEN ENTERED FROM WHICH AN APPEAL MAY BE HAD OR AT ANY TIME AFTER THE HEARING BUT BEFORE THE 60-DAY DEADLINE. A PROPERTY OWNER ALSO HAS A RIGHT TO APPEAL IN DISTRICT COURT A DETERMINATION OF AN APPRAISAL REVIEW BOARD ON A MOTION FILED UNDER SECTION 25.25, TEXAS TAX CODE. THE LAW PROVIDES THAT TO FILE SUIT TO COMPEL AN APPRAISAL REVIEW BOARD TO ORDER A CHANGE IN THE APPRAISAL ROLL UNDER SECTION 25.25, A PARTY MUST FILE SUIT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE OF THE APPRAISAL REVIEW BOARD'S DETERMINATION OF A MOTION UNDER SECTION 25.25 OR A DETERMINATION THAT THE PROPERTY OWNER HAS FAILED TO COMPLY WITH THE PRE-PAYMENT REQUIREMENTS. FAILURE TO TIMELY FILE A PETITION BARS AN APPEAL TO DISTRICT COURT.

A PARTY OTHER THAN A PROPERTY OWNER, IN ORDER TO EXERCISE THE PARTY'S RIGHT TO APPEAL AN ORDER OF AN APPRAISAL REVIEW BOARD, MUST FILE A WRITTEN NOTICE OF APPEAL WITHIN 15 DAYS AFTER THE DATE THE PARTY RECEIVES THIS NOTICE OR, IN THE CASE OF A TAXING UNIT, WITHIN 15 DAYS AFTER THE DATE THE TAXING UNIT RECEIVES NOTICE PURSUANT TO SECTION 41.07, TEXAS TAX CODE.

For more information regarding appeal to district court, you should consult Texas Tax Code, Chapter 42 and the clerk of the court. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, a property owner may appeal through binding arbitration an appraisal review board order determining a protest filed under Section 41.41(a)(1) of the Texas Tax Code concerning the appraised or market value of property if:

(1) the property qualifies as the owner's residence homestead under Section 11.13 of the Texas Tax Code; or

(2) the appraised or market value, as applicable, of the property as determined by the order is $1 million or less.

To appeal an appraisal review board order through binding arbitration, a property owner must file with the appraisal district not later than the 45th day after the date the property owner receives notice of the order:

(1) a completed request for binding arbitration, a copy of which is enclosed with this notice; and

(2) an arbitration deposit made payable to the comptroller in the applicable amount provided under Chapter 41A of the Texas Tax Code.

For more information regarding appeal through binding arbitration, you should consult Texas Tax Code, Chapter 41A and related Comptroller rules. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, certain property owners may appeal to the State Office of Administrative Hearings (SOAH) an appraisal review board order determining a protest concerning the appraised or market value of property brought under Section 41.41(a)(1) or (2) of the Texas Tax Code if the appraised or market value, as applicable, of the property that was the subject of the protest, as determined by the appraisal review board order, is more than $1 million.

Appeals to SOAH are currently subject to limitations of a pilot program for the following counties for a four-year period beginning with the ad valorem tax year that begins January 1, 2010: Bexar, Cameron, El Paso, Harris, Tarrant, and Travis. Beginning with the ad valorem tax year of January 1, 2012, for a two-year period, Collin, Denton, Fort Bend, Montgomery, and Nueces counties are part of the pilot program. To appeal an appraisal review board order to SOAH, a property owner must file with the chief appraiser of the appraisal district not later than the 30th day after the date the property owner receives notice of the order:

(1) a completed notice of appeal to SOAH, a copy of which is enclosed with this notice; and

(2) not later than the 90th day after the date the property owner receives the notice of order a deposit of $1,500 made payable to SOAH must be filed with the appraisal district.

For more information regarding appeal to SOAH, you should consult Texas Government Code, Chapter 2003 and related SOAH rules. If you need legal advice, you should consult an attorney.

It is important to note that the pendency of an appeal, whether to district court, through binding arbitration, or to the State Office of Administrative Hearings, does not affect the delinquency date for the taxes on the property subject to the appeal. For more specific information, consult the applicable statutes and rules.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our Web site: www.window.state.tx.us/taxinfo/proptax

50-222 • 8-11/10

T000017325/2015



## Notice of Appeal of Appraisal Review Board Order

**Property Tax**
**Form 50-775**

You may use this form if you wish to notify the appraisal review board that you will appeal the order of determination.

**GENERAL INSTRUCTIONS:** This form is for use by a party, other than a property owner, to file a notice of an appeal of an appraisal review board order.

Tax Code §42.06 provides that:
(a) To exercise the party's right to appeal an order of an appraisal review board, a party other than a property owner must file written notice of appeal within 15 days after the date the party receives the notice required by Section 41.47 (Determination of Protest)  or, in the case of a taxing unit, by Section 41.07 (Determination of Challenge) that the order appealed has been issued. To exercise the right to appeal an order of the comptroller, a party other than a property owner must file written notice of appeal within 15 days after the date the party receives the comptroller's order. A property owner is not required to file a notice of appeal under this section.
(b) A party required to file a notice of appeal under this section other than a chief appraiser who appeals an order of an appraisal review board shall file the notice with the chief appraiser of the appraisal district for which the appraisal review board is established. A chief appraiser who appeals an order of an appraisal review board shall file the notice with the appraisal review board. A party who appeals an order of the comptroller shall file the notice with the comptroller.
(c) If the chief appraiser, a taxing unit, or a county appeals, the chief appraiser, if the appeal is of an order of the appraisal review board, or the comptroller, if the appeal is of an order of the comptroller, shall deliver a copy of the notice to the property owner whose property is involved in the appeal within 10 days after the date the notice is filed.
(d)  On the filing of a notice of appeal, the chief appraiser shall indicate where appropriate those entries on the appraisal records that are subject to the appeal.

Mail To:

TXU GENERATION CO LP C/O: STATE & LOCAL TAX DEPARTME

PO BOX 219071

DALLAS, TX 75221-9071

T17325/9900071-0-001095

From:  SOMERVELL

This is a formal notice that I intend to appeal the order of the Appraisal Review Board for Certified Appraisal Review Board Tracking number  CASE # 2015-00063 / PROTI  regarding the property subject to the protest.

Return address if different from above:

sign here →

Date

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our Web site:
www.window.state.tx.us/taxinfo/proptax

50-775 • 10-11/2

T000017325/2015

# Order Determining Protest or Order of Dismissal

Property Tax
**Form 50-221**

Appraisal Review Board

Property Account No: T17326/9900072-0-001095

SOMERVELL _____ County, Texas

Property Legal Description: _____

Case No. _CASE # 2015-00084 / PROTEST # 3209_

LEGAL: 008270000070, COMANCHE PEAK NUCLEAR FACILITY,
NOTE 1/3 OF ACCOUNT ACRES: 0.000

Owner's Name: TXU GENERATION CO LP C/O: STATE & LOCAL TAX

## ORDER DETERMINING PROTEST OR ORDER OF DISMISSAL

On _6/30/2015_ , _____ , the Appraisal Review Board of _SOMERVELL_ _____ County, Texas, heard the protest of _TXU GENERATION CO LP C/O: STATE & LOCAL TA_ concerning the appraisal records for tax year _2015_ .

The Board delivered proper notice of the date, time, and place of the hearing. The property owner or agent and the chief appraiser of the appraisal district were given the opportunity to testify and to present evidence. After considering the evidence and arguments presented at the hearing, the Board has determined that the protest concerned the following action(s) permitted by Section 41.41, Tax Code:

[X] excessive appraised or market value,

[X] unequal appraisal,

[ ] inclusion of the property on the appraisal records,

[X] denial in whole or in part of a partial exemption,

[ ] determination that land does not qualify for appraisal according to Subchapters C, D, E, or H, Chapter 23, or

[X] any other matter permitted by Section 41.41(a).

Based on the evidence, the Board makes the following determination(s) as indicated by a √ mark and hereby issues the following as its ORDER DETERMINING PROTEST OR ORDER OF DISMISSAL:

[ ] The appraisal review board lacks jurisdiction to determine the protest and hereby dismisses the protest.

[ ] The property's appraised value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of
$ _____ .

[ ] The property's market value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of
$ _____ .

[X] The appraised or market value of the subject property is not excessive and the appraisal records should not be changed or should be increased.
The appraised value is $ _740573685_ , and the market value is $ _740573685_ .

[ ] The subject property was unequally appraised, and the appraisal records should be adjusted to reflect a value of $ _____ .

[X] The subject property was not unequally appraised, and the appraisal records should not be changed.

[ ] The subject property qualified for the exemption for which application was made, and the appraisal records should be changed accordingly.

[ ] The subject property qualified for special appraisal, and the appraisal records should be changed to reflect an appraised value of
$ _____ .

[ ] The property owner's protest concerning other matters permitted by Section 41.41(a) is upheld, and the appraisal records should be changed to reflect the following change(s): _____

[X] The property owner's protest concerning other matters permitted by Section 41.41(a) is denied, and the appraisal records should not be changed.

• If changes to the appraisal records are ordered due to a determination of excessive appraised or market value and also a determination of unequal appraisal, the lower of the two determinations shall be shown in the appraisal records.

**sign here** ▶ _[signature]_ Chair, Appraisal Review Board     Date _7/6/15_

• as shown in the appraisal records submitted to the board by the chief appraiser under Section 25.22 or 25.23.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our website:
www.window.state.tx.us/taxinfo/proptax

56-221 • 11-11/10

T000017326/2015



## Notice of Final Order

Property Tax
**Form 50-222**

| Appraisal Review Board | To: TXU GENERATION CO LP C/O: STATE & LOCAL TAX DEPAR |
|---|---|
| for SOMERVELL _____ County | PO BOX 219071 |
| | DALLAS, TX 75221-9071 |
| Case No. CASE # 2015-00064 / PROTEST # 3209 | Property Account No. T17326/9900072-0-001095 |
| Owner's Name _____ | Property Legal Description: |
| TXU GENERATION CO LP C/O: STATE & LOCA | LEGAL: 008270000070, COMANCHE PEAK NUCLEAR FACILITY, NOTE 1/3 OF ACCOUNT ACRES: 0.000 |

A PROPERTY OWNER HAS A RIGHT TO APPEAL IN DISTRICT COURT AN APPRAISAL REVIEW BOARD ORDER DETERMINING A PROTEST AS PROVIDED BY SUBCHAPTER C OF CHAPTER 41, TEXAS TAX CODE. TO APPEAL SUCH AN ORDER TO DISTRICT COURT, A PARTY MUST FILE A PETITION FOR REVIEW WITH THE DISTRICT COURT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE THAT A FINAL ORDER HAS BEEN ENTERED FROM WHICH AN APPEAL MAY BE HAD OR AT ANY TIME AFTER THE HEARING BUT BEFORE THE 60-DAY DEADLINE. A PROPERTY OWNER ALSO HAS A RIGHT TO APPEAL IN DISTRICT COURT A DETERMINATION OF AN APPRAISAL REVIEW BOARD ON A MOTION FILED UNDER SECTION 25.25, TEXAS TAX CODE. THE LAW PROVIDES THAT TO FILE SUIT TO COMPEL AN APPRAISAL REVIEW BOARD TO ORDER A CHANGE IN THE APPRAISAL ROLL UNDER SECTION 25.25, A PARTY MUST FILE SUIT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE OF THE APPRAISAL REVIEW BOARD'S DETERMINATION OF A MOTION UNDER SECTION 25.25 OR A DETERMINATION THAT THE PROPERTY OWNER HAS FAILED TO COMPLY WITH THE PRE-PAYMENT REQUIREMENTS. FAILURE TO TIMELY FILE A PETITION BARS AN APPEAL TO DISTRICT COURT.

A PARTY OTHER THAN A PROPERTY OWNER, IN ORDER TO EXERCISE THE PARTY'S RIGHT TO APPEAL AN ORDER OF AN APPRAISAL REVIEW BOARD, MUST FILE A WRITTEN NOTICE OF APPEAL WITHIN 15 DAYS AFTER THE DATE THE PARTY RECEIVES THIS NOTICE OR, IN THE CASE OF A TAXING UNIT, WITHIN 15 DAYS AFTER THE DATE THE TAXING UNIT RECEIVES NOTICE PURSUANT TO SECTION 41.07, TEXAS TAX CODE.

For more information regarding appeal to district court, you should consult Texas Tax Code, Chapter 42 and the clerk of the court. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, a property owner may appeal through binding arbitration an appraisal review board order determining a protest filed under Section 41.41(a)(1) of the Texas Tax Code concerning the appraised or market value of property if:

(1) the property qualifies as the owner's residence homestead under Section 11.13 of the Texas Tax Code; or

(2) the appraised or market value, as applicable, of the property as determined by the order is $1 million or less.

To appeal an appraisal review board order through binding arbitration, a property owner must file with the appraisal district not later than the 45th day after the date the property owner receives notice of the order:

(1) a completed request for binding arbitration, a copy of which is enclosed with this notice; and

(2) an arbitration deposit made payable to the comptroller in the applicable amount provided under Chapter 41A of the Texas Tax Code.

For more information regarding appeal through binding arbitration, you should consult Texas Tax Code, Chapter 41A and related Comptroller rules. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, certain property owners may appeal to the State Office of Administrative Hearings (SOAH) an appraisal review board order determining a protest concerning the appraised or market value of property brought under Section 41.41(a)(1) or (2) of the Texas Tax Code if the appraised or market value, as applicable, of the property that was the subject of the protest, as determined by the appraisal review board order, is more than $1 million.

Appeals to SOAH are currently subject to limitations of a pilot program for the following counties for a four-year period beginning with the ad valorem tax year that begins January 1, 2010: Bexar, Cameron, El Paso, Harris, Tarrant, and Travis. Beginning with the ad valorem tax year of January 1, 2012, for a two-year period, Collin, Denton, Fort Bend, Montgomery, and Nueces counties are part of the pilot program. To appeal an appraisal review board order to SOAH, a property owner must file with the chief appraiser of the appraisal district not later than the 30th day after the date the property owner receives notice of the order:

(1) a completed notice of appeal to SOAH, a copy of which is enclosed with this notice; and

(2) not later than the 90th day after the date the property owner receives the notice of order a deposit of $1,500 made payable to SOAH must be filed with the appraisal district.

For more information regarding appeal to SOAH, you should consult Texas Government Code, Chapter 2003 and related SOAH rules. If you need legal advice, you should consult an attorney.

It is important to note that the pendency of an appeal, whether to district court, through binding arbitration, or to the State Office of Administrative Hearings, does not affect the delinquency date for the taxes on the property subject to the appeal. For more specific information, consult the applicable statutes and rules.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our Web site: www.window.state.tx.us/taxinfo/proptax

50-222 • 8-11/10

T000017326/2015



## Notice of Appeal of Appraisal Review Board Order

Property Tax
**Form 50-775**

You may use this form if you wish to notify the appraisal review board that you will appeal the order of determination.

**GENERAL INSTRUCTIONS:** This form is for use by a party, other than a property owner, to file a notice of an appeal of an appraisal review board order.

Tax Code §42.06 provides that:
(a) To exercise the party's right to appeal an order of an appraisal review board, a party other than a property owner must file written notice of appeal within 15 days after the date the party receives the notice required by Section 41.47 (Determination of Protest) or, in the case of a taxing unit, by Section 41.07 (Determination of Challenge) that the order appealed has been issued. To exercise the right to appeal an order of the comptroller, a party other than a property owner must file written notice of appeal within 15 days after the date the party receives the comptroller's order. A property owner is not required to file a notice of appeal under this section.
(b) A party required to file a notice of appeal under this section other than a chief appraiser who appeals an order of an appraisal review board shall file the notice with the chief appraiser of the appraisal district for which the appraisal review board is established. A chief appraiser who appeals an order of an appraisal review board shall file the notice with the appraisal review board. A party who appeals an order of the comptroller shall file the notice with the comptroller.
(c) If the chief appraiser, a taxing unit, or a county appeals, the chief appraiser, if the appeal is of an order of the appraisal review board, or the comptroller, if the appeal is of an order of the comptroller, shall deliver a copy of the notice to the property owner whose property is involved in the appeal within 10 days after the date the notice is filed.
(d) On the filing of a notice of appeal, the chief appraiser shall indicate where appropriate those entries on the appraisal records that are subject to the appeal.

Mail To:

TXU GENERATION CO LP C/O: STATE & LOCAL TAX DEPARTME

PO BOX 218071

DALLAS, TX 75221-9071

T17328/9900072-0-001095

From: SOMERVELL

This is a formal notice that I intend to appeal the order of the Appraisal Review Board for Certified Appraisal Review Board Tracking
number _CASE # 2015-00064 / PROTI_ regarding the property subject to the protest.

Return address if different from above:

sign
here ▶ _____

Date _____

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our Web site:
www.window.state.tx.us/taxinfo/proptax

50-775 • 10-11/2

T000017328/2016

# Order Determining Protest or Order of Dismissal

**Property Tax**
**Form 50-221**

Appraisal Review Board

**SOMERVELL**                          County, Texas

Case No. _CASE # 2015-00081 / PROTEST # 3208_

Owner's Name: _TXU GENERATION CO LP C/O: STATE & LOCAL TAX_

Property Account No: _T49B17/9900075-0-001095_

Property Legal Description: _____
LEGAL: 006270000075, NUCLEAR FUEL ACRES: 0.000_

---

## ORDER DETERMINING PROTEST OR ORDER OF DISMISSAL

On _6/30/2015_ _____, the Appraisal Review Board of _SOMERVELL_ _____County, Texas, heard the protest of _TXU GENERATION CO LP C/O: STATE & LOCAL TA:_ concerning the appraisal records for tax year _2015_ .

The Board delivered proper notice of the date, time, and place of the hearing. The property owner or agent and the chief appraiser of the appraisal district were given the opportunity to testify and to present evidence. After considering the evidence and arguments presented at the hearing, the Board has determined that the protest concerned the following action(s) permitted by Section 41.41(a), Tax Code:

[X] excessive appraised or market value,

[X] unequal appraisal,

[ ] inclusion of the property on the appraisal records,

[ ] denial in whole or in part of a partial exemption,

[ ] determination that land does not qualify for appraisal according to Subchapters C, D, E, or H, Chapter 23, or

[X] any other matter permitted by Section 41.41(a).

Based on the evidence, the Board makes the following determination(s) as indicated by a √ mark and hereby issues the following as its ORDER DETERMINING PROTEST OR ORDER OF DISMISSAL:

[ ] The appraisal review board lacks jurisdiction to determine the protest and hereby dismisses the protest.

[ ] The property's appraised value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of $ _____.*

[ ] The property's market value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of $ _____.*

[X] The appraised or market value of the subject property is not excessive and the appraisal records should not be changed or should be increased. The appraised value is $ _140000000_____, and the market value is $ _140000000_____.

[ ] The subject property was unequally appraised, and the appraisal records should be adjusted to reflect a value of $ _____.*

[X] The subject property was not unequally appraised, and the appraisal records should not be changed.

[ ] The subject property qualified for the exemption for which application was made, and the appraisal records should be changed accordingly.

[ ] The subject property qualified for special appraisal, and the appraisal records should be changed to reflect an appraised value of $ _____.

[ ] The property owner's protest concerning other matters permitted by Section 41.41(a) is upheld, and the appraisal records should be changed to reflect the following change(s): _____

[X] The property owner's protest concerning other matters permitted by Section 41.41(a) is denied, and the appraisal records should not be changed.

• If changes to the appraisal records are ordered due to a determination of excessive appraised or market value and also a determination of unequal appraisal, the lower of the two determinations shall be shown in the appraisal records.

sign here ▶ _Gary Whitler_     Date _7/6/15_
         Chair, Appraisal Review Board

* as shown in the appraisal records submitted to the board by the chief appraiser under Section 25.22 or 25.23.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our website:
www.window.state.tx.us/taxinfo/proptax
50-221 • 11•11/10

T000049817/2015

## Notice of Final Order

**Property Tax**
**Form 50-222**

| | |
|---|---|
| Appraisal Review Board for **SOMERVELL** _____ County | To: **TXU GENERATION CO LP C/O: STATE & LOCAL TAX DEPAR** <br> PO BOX 219071 <br> DALLAS, TX 75221-9071 <br> Property Account No. **T49817/9900075-0-001095** |
| Case No. **CASE # 2015-00061 / PROTEST # 3206** | Property Legal Description: <br> LEGAL: 008270000075, NUCLEAR FUEL ACRES: 0.000 |
| Owner's Name **TXU GENERATION CO LP C/O: STATE & LOCA** | |

A PROPERTY OWNER HAS A RIGHT TO APPEAL IN DISTRICT COURT AN APPRAISAL REVIEW BOARD ORDER DETERMINING A PROTEST AS PROVIDED BY SUBCHAPTER C OF CHAPTER 41, TEXAS TAX CODE. TO APPEAL SUCH AN ORDER TO DISTRICT COURT, A PARTY MUST FILE A PETITION FOR REVIEW WITH THE DISTRICT COURT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE THAT A FINAL ORDER HAS BEEN ENTERED FROM WHICH AN APPEAL MAY BE HAD OR AT ANY TIME AFTER THE HEARING BUT BEFORE THE 60-DAY DEADLINE. A PROPERTY OWNER ALSO HAS A RIGHT TO APPEAL IN DISTRICT COURT A DETERMINATION OF AN APPRAISAL REVIEW BOARD ON A MOTION FILED UNDER SECTION 25.25, TEXAS TAX CODE. THE LAW PROVIDES THAT TO FILE SUIT TO COMPEL AN APPRAISAL REVIEW BOARD TO ORDER A CHANGE IN THE APPRAISAL ROLL UNDER SECTION 25.25, A PARTY MUST FILE SUIT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE OF THE APPRAISAL REVIEW BOARD'S DETERMINATION OF A MOTION UNDER SECTION 25.25 OR A DETERMINATION THAT THE PROPERTY OWNER HAS FAILED TO COMPLY WITH THE PRE-PAYMENT REQUIREMENTS. FAILURE TO TIMELY FILE A PETITION BARS AN APPEAL TO DISTRICT COURT.

A PARTY OTHER THAN A PROPERTY OWNER, IN ORDER TO EXERCISE THE PARTY'S RIGHT TO APPEAL AN ORDER OF AN APPRAISAL REVIEW BOARD, MUST FILE A WRITTEN NOTICE OF APPEAL WITHIN 15 DAYS AFTER THE DATE THE PARTY RECEIVES THIS NOTICE OR, IN THE CASE OF A TAXING UNIT, WITHIN 15 DAYS AFTER THE DATE THE TAXING UNIT RECEIVES NOTICE PURSUANT TO SECTION 41.07, TEXAS TAX CODE.

For more information regarding appeal to district court, you should consult Texas Tax Code, Chapter 42 and the clerk of the court. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, a property owner may appeal through binding arbitration an appraisal review board order determining a protest filed under Section 41.41(a)(1) of the Texas Tax Code concerning the appraised or market value of property if:

(1) the property qualifies as the owner's residence homestead under Section 11.13 of the Texas Tax Code; or

(2) the appraised or market value, as applicable, of the property as determined by the order is $1 million or less.

To appeal an appraisal review board order through binding arbitration, a property owner must file with the appraisal district not later than the 45th day after the date the property owner receives notice of the order:

(1) a completed request for binding arbitration, a copy of which is enclosed with this notice; and

(2) an arbitration deposit made payable to the comptroller in the applicable amount provided under Chapter 41A of the Texas Tax Code.

For more information regarding appeal through binding arbitration, you should consult Texas Tax Code, Chapter 41A and related Comptroller rules. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, certain property owners may appeal to the State Office of Administrative Hearings (SOAH) an appraisal review board order determining a protest concerning the appraised or market value of property brought under Section 41.41(a)(1) or (2) of the Texas Tax Code if the appraised or market value, as applicable, of the property that was the subject of the protest, as determined by the appraisal review board order, is more than $1 million.

Appeals to SOAH are currently subject to limitations of a pilot program for the following counties for a four-year period beginning with the ad valorem tax year that begins January 1, 2010: Bexar, Cameron, El Paso, Harris, Tarrant, and Travis. Beginning with the ad valorem tax year of January 1, 2012, for a two-year period, Collin, Denton, Fort Bend, Montgomery, and Nueces counties are part of the pilot program. To appeal an appraisal review board order to SOAH, a property owner must file with the chief appraiser of the appraisal district not later than the 30th day after the date the property owner receives notice of the order:

(1) a completed notice of appeal to SOAH, a copy of which is enclosed with this notice; and

(2) not later than the 90th day after the date the property owner receives the notice of order a deposit of $1,500 made payable to SOAH must be filed with the appraisal district.

For more information regarding appeal to SOAH, you should consult Texas Government Code, Chapter 2003 and related SOAH rules. If you need legal advice, you should consult an attorney.

It is important to note the pendency of an appeal, whether to district court, through binding arbitration, or to the State Office of Administrative Hearings, does not affect the delinquency date for the taxes on the property subject to the appeal. For more specific information, consult the applicable statutes and rules.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our Web site: www.window.state.tx.us/taxinfo/proptax

50-222 • 8-11/10

T000049817/2015



## Notice of Appeal of Appraisal Review Board Order

Property Tax
**Form 50-775**

You may use this form if you wish to notify the appraisal review board that you will appeal the order of determination.

**GENERAL INSTRUCTIONS:** This form is for use by a party, other than a property owner, to file a notice of an appeal of an appraisal review board order.

Tax Code §42.06 provides that:

(a) To exercise the party's right to appeal an order of an appraisal review board, a party other than a property owner must file written notice of appeal within 15 days after the date the party receives the notice required by Section 41.47 (Determination of Protest) or, in the case of a taxing unit, by Section 41.07 (Determination of Challenge) that the order appealed has been issued. To exercise the right to appeal an order of the comptroller, a party other than a property owner must file written notice of appeal within 15 days after the date the party receives the comptroller's order. A property owner is not required to file a notice of appeal under this section.

(b) A party required to file a notice of appeal under this section other than a chief appraiser who appeals an order of an appraisal review board shall file the notice with the chief appraiser of the appraisal district for which the appraisal review board is established. A chief appraiser who appeals an order of an appraisal review board shall file the notice with the appraisal review board. A party who appeals an order of the comptroller shall file the notice with the comptroller.

(c) If the chief appraiser, a taxing unit, or a county appeals, the chief appraiser, if the appeal is of an order of the appraisal review board, or the comptroller, if the appeal is of an order of the comptroller, shall deliver a copy of the notice to the property owner whose property is involved in the appeal within 10 days after the date the notice is filed.

(d) On the filing of a notice of appeal, the chief appraiser shall indicate where appropriate those entries on the appraisal records that are subject to the appeal.

Mail To:

TXU GENERATION CO LP C/O: STATE & LOCAL TAX DEPARTME

PO BOX 219071

DALLAS, TX 75221-9071

T49817/9900075-0-001095

From: _SOMERVELL_

This is a formal notice that I intend to appeal the order of the Appraisal Review Board for Certified Appraisal Review Board Tracking number _CASE # 2015-00061 / PROTI_ regarding the property subject to the protest.

Return address if different from above:

sign
here ▶

Date

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our Web site:
www.window.state.tx.us/taxinfo/proptax
50-775 • 10-11/2