IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ENERGY FUTURE HOLDINGS CORP., et al, | § | CASE NO. 14-10979 (CSS) |
| a Delaware Corporation | § | |
| | § | |
| Debtors, | § | Chapter 11 |

Hearing Date: October 15, 2015 at 10:30 a.m.
Objection Deadline: October 8, 2015 at 4:00 p.m.

_____

**FREESTONE CENTRAL APPRAISAL DISTRICT, ROBERTSON COUNTY APPRAISAL DISTRICT, RUSK COUNTY APPRAISAL DISTRICT, AND TITUS COUNTY APPRAISAL DISTRICT'S MOTION TO TRANSFER VENUE AND PARTIAL DISMISSAL, PURSUANT TO SECTIONS 105, 505, AND 506 OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER DETERMINING CONTESTED *AD VALOREM* TAX MATTERS [DOCKET NO. 5620]**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

FREESTONE CENTRAL APPRAISAL DISTRICT, ROBERTSON COUNTY APPRAISAL DISTRICT, RUSK COUNTY APPRAISAL DISTRICT, and TITUS COUNTY APPRAISAL DISTRICT, ("Districts"), appear pursuant to 28 U.S.C. §§ 1406, 1412 and file this Motion to Transfer Venue and Partial Dismissal, pursuant to Sections 105, 505, and 506 of the Bankruptcy Code For Entry of an Order Determining Contested *Ad Valorem* Tax Matters, and in support thereof would show as follows:

**Background**

1.     Energy Future Holdings Corp. *et al.* (collectively, "EFH") are Debtor/Movants in this consolidated case.  EFH owns coal-fired electricity generating plants ("Plants") located in the home counties of the Districts, and seeks a redetermination of its post-petition ad valorem tax liability.  EFH has also filed for similar relief in the several Texas state district courts (the "State Cases").  Ad valorem taxation in Texas is a multi-part process in which the appraised value of all taxable property in each county is determined by a political subdivision of the state created for

1

that county and known as an "appraisal district." Tex. Tax Code Ann. § 6.01. Once the valuation process is complete, the appraisal district certifies those values to each of the taxing units with jurisdiction over the property being taxed. Those taxing units (cities, counties, schools, etc.) assess and levy taxes based on the values determined by the appraisal districts. The Districts are appraisal districts created by the Texas Property Tax Code. They are not owed any money from the estate, nor do they owe any money to the estate. They have not filed any proofs of claim in the instant matter. The Districts neither assess nor levy taxes against EFH.

### Del. Bankr. L.R. 9013-1(h) Statement.

2.      To the extent EFH's motion seeks a redetermination of ad valorem taxes from the various taxing units (who are not parties in this 505 proceeding) pursuant to 11 U.S.C. § 505, said action would be a core proceeding. However, EFH's motion against the Districts seeking to have its post-petition property re-appraised arises out of the Texas Property Tax Code and is pending in the form of separate state district court proceedings in the Districts' home counties.

3.      To the extent EFH's motion seeks a determination of secured status of a creditor's allowed claim pursuant to 11 U.S.C. § 506, such a claim would also be a core proceeding. However, such is not the case pled by EFH. The Districts are not creditors, have no allowed claims, and have no interest in any property of the estate. Furthermore, any such claim by EFH must be brought as an adversary proceeding and not a contested matter. F.R.B.P. 7001(2)

4.      The Districts do not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### District Requests a Jury.

5.      Each District hereby requests a jury in the trial of this matter. F.R.B.P. 9015.

**Venue Should be in Dallas, Texas for the Convenience of the Parties.**

6.      The Districts request that in the interest of justice and for the convenience of the parties, as set forth below, this Court transfer venue of this matter pursuant to 28 U.S.C. §§ 1404, and 1412 to the U.S. District Court for the Northern District of Texas, Dallas Division.

7.      There are multiple taxing authorities in the home counties of the Districts, whose interests the Debtor seeks to affect in this 11 U.S.C. § 505 redetermination of tax liability for EFH.  All of these taxing authorities and the Districts are political subdivisions of the State of Texas and are located in the Districts' home counties.  For the Districts to defend themselves in this matter and present evidence in this Court imposes a logistical and financial burden to the Districts that should not have to be borne by the taxpayers of the local governments who fund the Districts' budgets.  None of these entities chose to do business with the post-petition debtor, but do business they must:  they must provide fire and police protection, they must maintain the roadways, and they must provide public schools that allow EFH's workforce, and EFH itself to exist in the county.  The Districts' files, staff, fact witnesses, and counsel are located in Texas.  Texas law is to be used in determining the taxable value of the property.  *City of Amarillo v. Eakens*, 399 F.2d 541 (5th Cir. 1968), cert. denied, 393 U.S. 1051 (1969).  EFH's home office and files and staff are located in Dallas.  EFH already has Texas counsel asserting EFH's position in the State Case and whose offices are only one mile from the federal courthouse in Dallas.  More simply put, without a transfer of venue, each District will have to travel at least 100 miles to Dallas to secure air travel to traverse 1450 miles to Philadelphia and then travel to this Court to defend this matter, and EFH will have to leave Dallas and make the same 1450-mile flight and also travel from Philadelphia to Delaware to prosecute this matter.  It makes sense to try all of these cases closer to the parties (movants and respondents) in Dallas, especially when public money (including debtor's taxes) is being spent.

### Motion for Partial Dismissal

8.    EFH does not state claims for which relief can be granted against the Districts pursuant to 11 U.S.C. § 506.  A dismissal under rule 12(b)(6) is proper if it appears beyond doubt that the plaintiff could not prove any set of facts which would entitle it to relief.  *Conley v. Gibson*, 355 U.S. 41,45-6 (1957).  As stated earlier, the Districts are not creditors, have no allowed claims, and have no interest in any property of the estate.  Thus, EFH's claim for relief pursuant to 11 U.S.C. § 506 should be dismissed.

9.    The Districts reserve the right further respond to EFH's motion.

WHEREFORE, premises considered, Freestone Central Appraisal District, Robertson County Appraisal District, Rusk County Appraisal District, and Titus County Appraisal District request that the Motion of Energy Future Holdings Corp., *et al.*, Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code For Entry of an Order Determining Contested *Ad Valorem* Tax Matters be transferred to the United States District Court for the Northern District of Texas, Dallas Division, and that EFH's claims pursuant to 11 U.S.C. § 506 be dismissed for failure to state a claim for which relief may be granted.

Respectfully submitted,

DATED: September 25, 2015

/s/ Theodore J. Tacconelli
Theodore J. Tacconelli (No. 2678)
Ferry Joseph P.A.
824 Market Street, Suite 1000
Wilmington, DE 19801
Telephone 302-575-1555/Fax 302-575-1714
Email:  ttacconelli@ferryjoseph.com
*Local Counsel for Robertson County Appraisal District, Titus County Appraisal District, Freestone Central Appraisal  District, Rusk County Appraisal District*

4

-and-

G. Todd Stewart (TX Bar I.D. No. 19209700)
Patrick Dyer (TX Bar I.D. No. 06318200)
OLSON & OLSON, L.L.P.
Wortham Tower Suite 600
2727 Allen Parkway
Houston, Texas 77019
Telephone (713) 533-3800/Fax (713) 533-3888
Email:  tstewart@olsonllp.com
*Counsel for Robertson County Appraisal
District and Titus County Appraisal District*

-and-

Kirk Swinney (TX Bar I.D. No. 19588400)
Ryan L. James (TX Bar I.D. No. 24078731)
Yessika Monagas (TX Bar I.D. No. 24084325)
MCCREARY, VESELKA, BRAGG &
ALLEN, P.C.
700 Jeffrey Way, Suite 100
Round Rock, TX 78665
Telephone (512) 323 3200/Fax (512) 323-3294
Email: kswinney@mvbalaw.com
rjames@mvblaw.com
ymonagas@mvbalaw.com
*Counsel for Freestone Central Appraisal
District*

-and-

James R. Evans, Jr. (TX Bar I.D. No. 06721500)
HARGROVE & EVANS, L.L.P.
4425 South Mopac Expressway
Building 3, Suite 400
Austin, TX 78735
Telephone (512) 225-7864/Fax (512) 225-7865
Email:  jim@hellplaw.com
*Counsel for Rusk County Appraisal District*