

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

Richard C. Pedone
*Partner*
T 617-345-1305
rpedone@nixonpeabody.com

100 Summer Street
Boston, MA 02110-2131
617-345-1000

September 28, 2015

*Via Electronic Filing*

The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

    Re:    **In re Energy Future Holdings Corporation, et al., Case No. 14-10979
EFH Indenture Trustee's Joinder in Request of EFH Committee and
Request for Guidance on Discovery Issues**

Dear Judge Sontchi:

    The EFH Indenture Trustee[1] writes in support of the letter filed by the official committee of unsecured creditors of Energy Future Holdings Company (the "EFH Committee") seeking an extension of the November 3, 2015 confirmation hearing date. As the EFH Committee explained in their letter, and as discussed below, the changes made in the Fifth Amended Plan to provide for the potential reinstatement of certain bond debt of EFH Corp. at Reorganized TCEH are material and greatly broaden the issues that the EFH Indenture Trustee needs to evaluate, and potentially litigate, in connection with the confirmation hearing.

    However, as a preliminary matter, the EFH Indenture Trustee wishes to call the Court's attention to the fact that discovery has revealed that, in contravention of a prior board resolution, neither the EFH Corp. board nor the TCEH board held any meetings to discuss, and never acted to approve, the inclusion of the reinstatement language in the Fifth Amended Plan. The EFH Indenture Trustee believes that this change is material and should have been approved by EFH Corp.'s board. Remarkably, one EFH Corp. board member testified that he first learned of the change <u>after</u> the disclosure statement was approved by the Court!

---

[1] The EFH Indenture Trustee is American Stock Transfer & Trust Company, LLC, as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "EFH Indenture Trustee") under the indentures for certain notes (the "EFH Notes", and the holders thereof, the "EFH Noteholders") issued by Energy Future Holdings Corp. ("EFH Corp.").

4849-2568-9384.7

The Honorable Christopher S. Sontchi  
September 27, 2015  
Page 2

NIXON PEABODY LLP  
ATTORNEYS AT LAW

NIXONPEABODY.COM  
@NIXONPEABODYLLP

As we explained at last Monday's hearing to approve the disclosure statement, the Debtors' material modifications to the plan, which purport to provide the Debtors with the option to "reinstate" over $500 million in EFH Corp. debt at the <u>Reorganized TCEH</u>, while alleging that holders of such debt are not impaired, fundamentally alter the issues to be litigated in connection with confirmation. So long as the plan contains the potential for the reinstatement of debt at TCEH, the parties need to prepare for a lengthy and complicated trial of the issues that the Debtors will be required to prove in order to meet their multi-pronged burden under Section 1124.

Specifically, as detailed below, due process requires that the EFH Trustee, holders of the debt that could be reinstated, and the EFH Committee, be afforded sufficient opportunity to understand, and if necessary, to take discovery related to:

(i) the likelihood that Reorganized TCEH will be able to pay any reinstated debt and how the other elements of Section 1124 will be met in connection with any potential reinstatement;

(ii) facts related to the supplements to the indentures that the Debtors apparently will rely on for the alleged reinstatement right; and

(iii) corporate governance issues related to the last minute insertion of the reinstatement provision into the Fifth Amended Plan, the reasons that change was not approved by the board of EFH Corp., and how any future decision to reinstate or not will be made.

**Background on Anticipated Plan When Current Expedited Discovery Schedule Was Established**

The continuance of the confirmation trial so that the EFH Trustee and other parties can conduct appropriate discovery is necessitated by a new provision in the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (the "<u>Plan</u>")[2] which provides that:

> in the case of **EFH Legacy Series Q Claims and EFH Legacy R Claims only, at the election of the Debtors**, with the agreement of the Plan Sponsors and the TCEH Supporting First Lien Creditors, on or before the Effective Date, **Reinstatement of such Claims, which shall include assumption of such Claims by Reorganized TCEH . . . .**

---

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Plan.

4849-2568-9384.7

The Honorable Christopher S. Sontchi
September 27, 2015
Page 3

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

Plan, at Article III.B.4.c.ii. (emphasis added).

That provision is a material change from what the Court relied on when it scheduled the confirmation trial and the related discovery schedule. Until last week the Debtors had consistently stated that **E-side creditors would be paid in full in cash.** *See e.g., Debtors Omnibus Reply to Objections to Disclosure Statement Motion* [Docket No. 6061], at ¶ 1 ("These negotiations culminated on August 10, 2015, with the Debtors finalizing a Plan and related merger transaction that has the broad support of nearly all TCEH creditors and pays in full all allowed EFH and EFIH Claims."); *Debtors Omnibus Reply to Objections to Plan Support Agreement Motion* [Docket No. 5978] at ¶ 2 ("Indeed, even the most recalcitrant of the EFH and EFIH objecting creditors see the massive and unique benefits of the PSA—which provides substantial creditor support for a plan that would pay all EFH and EFIH allowed claims in full in cash.").

At the hearing held on August 11, 2015, Debtors' counsel told the Court that:

> Your Honor, it is my great honor and privilege to apprise the Court the debtors have reached a deal with the TCH first lien ad hoc group, the TCH unsecured ad hoc group, the TCH official committee and the TCH second lien ad hoc group. That deal effectively provides for complete consensus on the T-side and if the deal is consummated, it will result in every creditor on the E-side being paid in full in cash.

Hr'g Tr. 20:8-15 (Aug. 11, 2015).

Under the current revised Plan, not only are holders of EFH Legacy Series Q Claims and EFH Legacy R Claims potentially <u>not</u> receiving payment in full in cash, but those claims may be "reinstated"[3] at **Reorganized TCEH**. This last minute amendment to the Plan to provide for the possibility of Reinstatement at TCEH necessitates significant new areas of discovery regarding TCEH's past performance, projected future performance and value. The need for such discovery was not in any way foreseeable prior to Friday September 18th.

---

[3] This letter will not address the extraordinary nature of the assertion that debt that currently resides at EFH Corp. could be "reinstated" at a different entity. Nor will this letter address what the applicable indentures in fact provide could occur outside of this case. All of the EFH Trustee's rights on those issues are reserved.

4849-2568-9384.7

The Honorable Christopher S. Sontchi
September 27, 2015
Page 4

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

### The Current Confirmation Timeline is Based on Debtors' Prior Representation That All E-Side Creditors Would Be Paid in Full in Cash and Thus It Should Not Be Applicable Where the Debtors Have Elected to Preserve the Right to Reinstate EFH Corp. Debt

The current compressed timeline for the confirmation trial was premised on the fact that the original scheduling order provided for an expedited confirmation process if all E-side creditors were paid in full in cash. The *Order (A) Scheduling Certain Hearing Dates and Deadlines, (B) Establishing Certain Protocols in Connection With the Confirmation of Debtors Plan of Reorganization, and (C) Revising Certain Dates in the Disclosure Statement Scheduling Order* (the "Original Scheduling Order") provided that:

> If the amended plan that the Debtor files ***proposes to pay all allowed claims of EFIH and EFH creditors in full in cash***, and is agreed to by the TCEH First Lien Ad Hoc Group, TCEH Second Lien Indenture Trustee, the TCEH Committee, the TCEH Unsecured Ad Hoc Group and the indenture trustee for the TCEH unsecured notes, ***then the confirmation hearing shall be held on October 5 starting at 10:00 a.m. and October 6, 7 and 8, 2015, starting at 9:30 a.m. each day***, and the Participating Parties shall attempt in good faith to agree upon interim deadlines.

*Id.* at ¶ 9 (emphasis added). In arguing that a truncated confirmation timeline should be implemented, the Debtors relied on paragraph 9 of the Original Scheduling Order and advocated an October confirmation hearing because "the Plan provided for payment ***in full in cash*** for all allowed claims against EFH and EFIH." *See Motion of Energy Future Holdings Corp., et al., for Entry of an Order Amending Certain Hearing Dates and Deadlines in Connection with the Confirmation of Debtors Plan of Reorganization Filed by Energy Future Holdings Corp.* [Docket No. 5269], at ¶ 1 (emphasis in original).

At the hearing to consider approval of the Confirmation Scheduling Order, T-side creditors argued that:

> Based on prior court orders everyone in this courtroom knew that there would be a confirmation hearing in October if the plan were supported by the principal T side creditor groups and the plan provided for payment in full of all allowed claims on the E side in cash, and that's exactly what is on the table, and that's why October is the appropriate date for this confirmation trial.

4849-2568-9384.7

The Honorable Christopher S. Sontchi
September 27, 2015
Page 5

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

Hr'g Tr. 57:14-21 (Aug. 25, 2015 Transcript) (Kornberg, A.).  Relying on those representations, the Court approved the abridged Confirmation Scheduling Order and noted to the EFH Committee that "You're getting paid in full, you're unimpaired."  Hr'g Tr. 70:20-21.

On the Friday evening before the September 21, 2015 hearing on the Disclosure Statement, the Debtors suddenly did an about-face and modified the Plan to provide that EFH Legacy Series Q Claims and EFH Legacy R Claims could not only be reinstated (at the Debtors' option at any time before the Effective Date) but would **switch to become obligations of Reorganized TCEH.**  Based on this switch, the EFH Indenture Trustee is entitled understand and to take discovery regarding the ability of Reorganized TCEH to satisfy EFH Legacy Series Q Claims and EFH Legacy R Claims.

### Status of Discovery and Extraordinary Complexity of Evaluating, Let Alone Litigating, Future Performance of TCEH

Prior to the filing of the Fifth Amended Plan neither the EFH Trustee nor the EFH Committee had any reason to evaluate, let alone prepare to litigate, the feasibility of the plan with regard to Reorganized TCEH.  Until Friday September 18th, all analysis could end with an evaluation of the odds that TCEH could make it to closing.  Under the prior plans, after closing, all risk related to TCEH's future performance would be borne by the holders of the equity in Reorganized TCEH and any new lenders that may elect to participate.  Presumably this is the reason that neither Mr. Sawyer nor Mr. Evans were able to describe the anticipated future governance and capital structure of the Reorganized TCEH in their depositions last week.  Further, thus far all issues related to TCEH's past and future performance have been explicitly carved out of discovery – neither the EFH Committee nor the EFH Indenture Trustee had any reason to prepare to litigate these issues.

In contrast, the Debtors have incurred tens of millions of dollars in expert and professional expenses evaluating and preparing to litigate issues related to the likely future performance of Reorganized TCEH.  The extraordinary depth of this preparation is illustrated by the *Third Interim Fee Application of Filsinger Energy Partners, Energy Consultants for the Debtors and Debtors in Possession for the period January 1, 2015 to April 30, 2015* [Dkt. 4768]  (the "Third Filsinger Application").  As the Third Filsinger Application illustrates, and as the EFH Indenture Trustee's Financial Advisors could testify to, the work needed to evaluate the potential future performance of TCEH is enormous.  The needed analysis includes the review of the projected performance of the coal-fired, nuclear-fired and natural gas-fired generating units that Reorganized TCEH and its subsidiaries will own and operate, their retail business, their fuel pricing assumptions, their hedging arrangements, their future capital needs, and of course the capital structure and governance of Reorganized TCEH at emergence.  The Disclosure Statement contains limited and dated information on these issues.

Since the Petition Date Mr. Filsinger's team alone has incurred more than $12 Million in fees on these issues.  Furthermore, as noted in Filsinger Energy Partners' retention application: "During the 496 days prior to commencement of these chapter 11 cases, the Debtors paid FEP a

4849-2568-9384.7

The Honorable Christopher S. Sontchi
September 27, 2015
Page 6

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

total of $10,449,738, incurred in providing services to the Debtors in contemplation of, and in connection with, prepetition restructuring activities." See Declaration of Todd Filsinger dated May 28, 2014 at p.5 filed in connection with the Debtors Retention of Filsinger Energy Partners. [Docket No. 650-3] In addition, as noted in Mr. Filsinger's Declaration, Evercore and Alvarez are also providing coordinated services related to some of these issues.

The head start that the Debtors have to prepare to litigate these issues is extraordinary. Until last Friday evening, E-side creditors had no reason to incur this type of massive expense. Even if this process were being done in a cooperative manner it is a monumental amount of work that would normally take months. It is fundamentally unfair and would violate due process to require the EFH Indenture Trustee and the EFH Committee to bring experts up to speed, attempt to conduct discovery, and if necessary to litigate these issues in a mere thirty-five days.

**Proposal of EFH Indenture Trustee for Continuance**

As a preliminary matter the EFH Trustee requests that the Court offer guidance and confirm that the EFH Trustee's ongoing participation in the previously scheduled discovery is not a waiver of its rights to seek further discovery on issues related to the newly proposed reinstatement. In light of the profound ignorance of the last minute insertion of the reinstatement option on the part of the witnesses Mr. Ying, Mr. Sawyer and Mr. Evans, the EFH Trustee can confirm that it will not need to recall any of them for any matter related to reinstatement so long as none of them will be testifying on the issues. However, this may not be the case for Ms. Dore, Mr. Keglovic and other witnesses whose depositions are scheduled to occur imminently. Accordingly, the EFH Trustee seeks confirmation that its rights are reserved.

Going forward the EFH Trustee believes that discovery related to the potential reinstatement and all other plan matters should be placed on dual tracks. Of course, at any point the Debtors have the option to enter into a stipulation abandoning their efforts at reinstatement and they can thus return to the original advertised plan and agree to pay the EFH holders "in cash" at closing.

However, so long as the Debtors seek to keep open the option of reinstatement at TCEH, the EFH Indenture Trustee and other potentially impacted parties must be provided with a full and fair opportunity to evaluate and if necessary, litigate, the issues related to the ability of reorganized TCEH to pay and whether or not that reinstatement constitutes a form of impairment.

Beginning last Saturday, September 18, 2015, the EFH Indenture Trustee began preparing document requests with the aid of its financial advisors and evaluating the experts that will be required to test the Debtors' case and, if necessary, rebut that case. In addition, a list of topics for a 30(b)(6) witness is being prepared. While the EFH Indenture Trustee appreciates the EFH Committee's attempt to limit its extension request to a brief defined period, it questions whether that will in fact be sufficient. Only after the scale of the Debtors' document response

4849-2568-9384.7

The Honorable Christopher S. Sontchi
September 27, 2015
Page 7

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

and any revised projections reflecting reinstatement are seen, can any party fully assess what will be required to conduct a trial of the issues related to TCEH's ability to service debt. The complexity of this task is best illustrated by looking back at the inability of countless parties to make accurate predictions at the time of the LBO.

      For the foregoing reasons the EFH Trustee requests: (i) that the Court continue the confirmation trial to a date no earlier than forty-five days after the Debtors deliver any expert reports related to reinstatement and that it order that the Debtors' reports specifically identify all documents that their experts relied upon by bates number to expedite analysis; and (ii) continue and/or schedule an additional telephonic conference later in the week after the parties have been able to confer and attempt to agree on the appropriate revisions to the discovery aspects of the scheduling order, including provisions that will allow the EFH Indenture Trustee and the EFH Committee to obtain and analyze needed information that might be in the possession of third parties.

Sincerely,

/s/ Richard C. Pedone

Richard C. Pedone
Partner


cc:    Erica Goodstein

4849-2568-9384.7