WHITE & CASE

September 28, 2015

VIA ECF AND HAND DELIVERY

Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 N. Market Street, 5th Floor
Wilmington, Delaware 19801

White & Case LLP
1155 Avenue of the Americas
New York, NY 10036-2787
T +1 212 819 8200

whitecase.com

**Re: In re Energy Future Holdings Corp., et al., Case No. 14-10979 (CSS)**

We write on behalf of (i) the Ad Hoc Group of TCEH Unsecured Noteholders (the "TCEH Ad Hoc Group"), and (ii) the "Investor Consortium" of Anchorage Capital Group, L.L.C., Arrowgrass Capital Partners (US) LP, Balyasny Asset Management L.P., BHR Capital LLC, BlackRock Financial Management, Inc., Cyrus Capital Partners, LP, Deutsche Bank Securities Inc., Centerbridge Partners, L.P., GSO Capital Partners LP, and Taconic Capital Advisors, L.P. (the "Creditor-Investor Consortium"), in response to the September 24, 2015 letter (the "Committee Letter") of the Official Committee of Unsecured Creditors of EFH Corp.,[1] EFIH, EFIH Finance, Inc. and EECI, Inc. (the "EFH Committee") seeking a one-month extension of the current discovery schedule and the November 3, 2015 confirmation hearing date (the "Request").[2] The TCEH Ad Hoc Group and Creditor-Investor Consortium join in the letters submitted today by the Debtors and the ad hoc committee of TCEH first lien creditors (the "TCEH First Lien Ad Hoc Committee") as to the positions that potential reinstatement of the EFH Legacy Notes is not a new issue and no additional discovery or time is needed. The TCEH Ad Hoc Group and the Creditor-Investor Consortium jointly request that the Court deny the EFH Committee's Request.

**The Option to Reinstate Increases the Likelihood the Plan Will be Consummated and, if Exercised, Would Give the Holders of the EFH Legacy Notes What They Have Demanded.** The Plan currently provides that the allowed claims of the EFH Legacy Notes will be paid in full in cash or otherwise unimpaired through reinstatement. The Creditor-Investor Consortium's preferred course is to pay the EFH Legacy Notes in cash the full amount of their allowed claims. While the EFH Committee and the EFH Indenture Trustee speculate that we do not have the cash to pay them, this is not the case. As noted, our preferred course is to pay them in full in cash the allowed amount of their claims. The EFH Indenture Trustee, however, has repeatedly appeared in court and insisted that the Plan is not feasible because it does not allow for the payment of the EFH Legacy Note Makewhole Claims. In response, the Debtors simply have made it clear that they will pursue reinstatement in the unlikely event that the Makewhole Claims are allowed.

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6123] (as it may be amended, the "Plan").

[2]   This response applies equally to the September 28, 2015 letter ("EFH Trustee Letter") filed by American Stock Transfer & Trust Company, LLC, as successor trustee to the Bank of New York Mellon Trust Company, N.A. (the "EFH Indenture Trustee") in support of the Committee Letter.

Honorable Christopher S. Sontchi
September 28, 2015

Reinstatement of the EFH Legacy Notes provides the Debtors with an option to preserve the Plan in the event that the Court rules that the Makewhole Claims with respect to the EFH Legacy Notes must be allowed and paid (as the EFH Indenture Trustee repeatedly has stated).  The option to reinstate the EFH Legacy Notes helps "de-risk" the Plan and increases the likelihood that it is consummated.  Currently, there is no support among the Creditor-Investor Consortium to pay any allowed Makewhole Claims.  There is support among the Creditor-Investor Consortium, however, for reinstatement of the EFH Legacy Notes.  Thus, reinstatement of the EFH Legacy Notes provides the Debtors with an alternative means of satisfying—and unimpairing—any allowed Makewhole Claims with respect to the EFH Legacy Notes in the event the Plan Sponsors are unwilling to waive the condition to consummation that all Makewhole Claims be Disallowed Makewhole Claims.

Reinstatement of the EFH Legacy Notes also mitigates the purported risk that the EFH Committee complains of—that "there is no longer enough cash available under the REIT Plan to actually pay E-side creditors in full in cash."  Committee Letter, at 4.  By providing an alternative to prepaying the EFH Legacy Notes on the Effective Date, and thereby removing the risk of an unpayable Makewhole Claim with respect to the EFH Legacy Notes being allowed, the feasibility of the Plan is bolstered.

Finally, the upshot of reinstatement is exactly what the EFH Indenture Trustee repeatedly has stated the holders of the EFH Legacy Notes are entitled to—payment of all interest payable through maturity under the applicable indentures.  It just so happens that, instead of that interest payment being accelerated (in the form of the equivalent Makewhole Claim), it will be paid in accordance with the terms of the indentures.

**Delaying the Confirmation Hearing Will Prejudice All Parties.**  As the letters submitted by the Debtors and the TCEH First Lien Ad Hoc Committee demonstrate, the potential reinstatement of the EFH Legacy Notes cannot credibly be called a "surprise" to any party that has been paying attention in these Chapter 11 Cases over the last several months.  The EFH Committee and certain other E-side creditors are seizing on this simple clarification to the treatment of the EFH Legacy Notes, a clarification made at the request of the EFH Notes Trustee, in an attempt to delay and obtain leverage in negotiations with respect to disputed aspects of the EFH Legacy Notes Claims and other E-side claims.

The EFH Committee and all other parties who intend to object to the Plan will not be prejudiced by adhering to the confirmation schedule ordered by the Court.  All parties in interest, including in particular the members of the TCEH Ad Hoc Group, however, may suffer significant prejudice if the confirmation hearing is delayed.

WHITE & CASE

Honorable Christopher S. Sontchi
September 28, 2015

The EFH Committee contends that a "modest" four-week delay of commencement of the confirmation hearing will not prejudice any other parties. See Committee Letter, at 4. As support for its contention, the EFH Committee cites to the January 15, 2016 confirmation milestone set forth in the Plan Support Agreement. See id. However, the relevant milestone is the outside date for consummation of the Plan—April 30, 2016—which the proposed delay puts in jeopardy.[3]

As the Court and all parties are well aware, the Plan is based on complex transactions that require various regulatory and other approvals, including approvals under the HSR Act, and approvals by the PUCT, NRC, FERC, FCC and SEC. Although the Plan Support Agreement permits until January 2016 to obtain entry of the confirmation order, and the TCEH Ad Hoc Group and Creditor-Investor Consortium are confident that the current confirmation schedule will permit the parties to satisfy all of the milestones in the Plan Support Agreement, delay in confirmation of the Plan could delay the required regulatory approvals, particularly if any modifications to the Plan are required by the Court to obtain confirmation thereof. Failure to obtain these approvals by the April 30, 2016 deadline under the Plan Support Agreement could result in termination of the obligations of certain necessary parties to support the Plan, and leave unsecured creditors of the TCEH Debtors with the pennies-on-the-dollar recoveries contemplated under an Alternative Restructuring. Such a scenario would also eliminate the only unimpairment option available to E-side creditors. Ironically, the EFH Committee, who repeatedly has raised the risk that the financing parties may not close the transactions contemplated under the Plan, is just adding to any such risk with its latest attempt to delay confirmation.

---

[3]    Although the April 30, 2016 milestone can be extended for two additional months, those extensions come at the expense of all unsecured creditors of the TCEH Debtors in the event the Plan is not confirmed or thereafter consummated and an Alternative Restructuring must be pursued. Specifically, the distribution of $550 million to unsecured creditors of the TCEH Debtors would be reduced by $50 million for each month of any extension of the April 30, 2016 milestone. See Plan Support Agreement § 11(g)(ii).

Americas 90817084

Honorable Christopher S. Sontchi
September 28, 2015

\*\*\*

In light of all the foregoing, the TCEH Ad Hoc Group and Creditor-Investor Consortium respectfully request that the Court deny the EFH Committee's request to further delay these confirmation proceedings.

We look forward to speaking with the Court this afternoon.

Respectfully submitted,

*Chris Shore /wp*

**J. Christopher Shore**

T +212.819.8394
E cshore@whitecase.com

cc:     All Participating Parties (via E-mail)
        All counsel of record (via ECF)

4