## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) | (Jointly Administered) |
|  | ) ) | **Re: D.I. 660, 1733, 2005, 2949, 3041, 4963** |

### FIFTH SUPPLEMENTAL DECLARATION OF EDWARD O. SASSOWER IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

I, Edward O. Sassower, being duly sworn, state the following under penalty of perjury:

1.    I am the president of Edward O. Sassower, P.C., a partner in the law firm of Kirkland & Ellis LLP, located at 601 Lexington Ave., New York, New York 10022, and a partner of Kirkland & Ellis International LLP (together with Kirkland & Ellis LLP, "K&E"). I am the lead attorney from K&E working on the above-captioned chapter 11 cases. I am a member in good standing of the Bar of the State of New York, and I have been admitted to practice in the United States Bankruptcy Court for the Southern District of New York and the United States Bankruptcy Court for the Eastern District of New York. There are no disciplinary proceedings pending against me.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

2.      I submit this fifth supplemental declaration on behalf of K&E (this "Fifth Supplemental Sassower Declaration") in further support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 660] (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

3.      Except as otherwise noted, I have personal knowledge of the matters set forth herein.

## Background

4.      On May 29, 2014, the Debtors filed the Application.   In support of the Application, the Debtors filed the *Declaration of Edward O. Sassower, P.C. in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* (the "Original Sassower Declaration"), which was filed as **Exhibit B** to the Application.

5.      On July 31, 2014, the Debtors filed the *Amended Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

*Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 1733] (the "<u>Amended Sassower</u>
<u>Declaration</u>").

6.      On September 12, 2014, the Debtors filed the *First Supplemental Declaration of
Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing
the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP
as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition
Date* [D.I. 2005] (the "<u>First Supplemental Sassower Declaration</u>").

7.      On September 16, 2014, the Bankruptcy Court for the District of Delaware
entered the *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and
Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession
Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2052] (the "<u>Retention Order</u>").

8.      On December 4, 2014, the Debtors filed the *Second Supplemental Declaration of
Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing
the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis LLP International
LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the
Petition Date* [D.I. 2949] (the "<u>Second Supplemental Sassower Declaration</u>").

9.      On December 16, 2014, the Debtors filed the *Third Supplemental Declaration of
Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing
the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis LLP International
LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the
Petition Date* [D.I. 3041] (the "<u>Third Supplemental Sassower Declaration</u>").

10.     On July 9, 2015, the Debtors filed the *Fourth Supplemental Declaration of
Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing*

*the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis LLP International*

*LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the*

*Petition Date* [D.I. 4963] (the "<u>Fourth Supplemental Sassower Declaration</u>," and, together with

the Original Sassower Declaration, the Amended Sassower Declaration, the First Supplemental

Sassower Declaration, the Second Supplemental Sassower Declaration, the Third Supplemental

Sassower Declaration, the "<u>Sassower Declarations</u>").

11.     I stated in the previously filed Sassower Declarations that K&E would continue

searching its electronic database during the pendency of these chapter 11 cases for connections to

parties in interest.  Consistent with this statement, K&E has continued to obtain information

regarding all parties in interest disclosed in the Sassower Declarations, as well as for any

connections to any additional parties not disclosed in the Sassower Declarations.

12.     This Fifth Supplemental Sassower Declaration makes certain additional

disclosures.  Based on the conflicts searches conducted to date and described herein, to the best

of my knowledge, neither I, K&E, nor any partner, of counsel, or associate thereof, insofar as I

have been able to ascertain, has any connections with the Debtors, their creditors, or any other

parties in interest, their respective attorneys or accountants, the Office of the United States

Trustee for the District of Delaware (the "<u>U.S. Trustee</u>"), any person employed by the U.S.

Trustee, or any person employed by the Bankruptcy Court for the District of Delaware, the

United States District Court for the District of Delaware, or the United States Court of Appeals

for the Third Circuit, except as disclosed or otherwise described herein and in the Sassower

Declarations.

### <u>Specific Disclosure</u>

13.     Andrea M. Weintraub, who was an associate in the restructuring group at K&E

from October 2012 to June 2014, rejoined K&E as an associate in the debt finance group on

September 28, 2015.  While employed by K&E, Ms. Weintraub represented the Debtors, but her work focused only on discrete assignments.    In particular, before the Petition Date, Ms. Weintraub assisted in a limited review of the Debtors' contracts and prepared a memorandum related to the rate structure of Oncor Electric Delivery Holdings Company LLC. In addition, while at K&E, Ms. Weintraub assisted with the drafting of non-K&E professional retention applications for the Debtors' chapter 11 cases, which totaled less than 150 hours following the Petition Date.  In June 2014, Ms. Weintraub left K&E and joined Munger Tolles & Olson LLP ("Munger") as an associate in their financial restructuring department.    Munger disclosed Ms. Weintraub's employment in the Munger Declarations,[3] which stated that Ms. Weintraub's limited representation of the Debtors did not create a conflict that required her to be screened from Munger's representation of Energy Future Competitive Holdings Company LLC and its direct and indirect Debtor subsidiaries (the "TCEH Debtors").

14.    I understand that Ms. Weintraub, while at Munger, represented the TCEH Debtors, at the direction of its disinterested manager, in these chapter 11 cases on actual conflict matters and performed a variety of tasks in connection with those actual conflict matters.  K&E will screen Ms. Weintraub in accordance with K&E's screening procedures and, therefore, she will not perform work in connection with K&E's representation of the Debtors and will not have access to confidential information related to the representation.    Under K&E's screening procedures, K&E's conflicts department will distribute a memorandum to all K&E attorneys and

---

[3] *See Declaration of Todd J. Rosen in Support of Application of Munger, Tolles, & Olson LLP as Counsel to Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Holdings Company LLC Effective* Nunc Pro Tunc *to November 16, 2014* [D.I. 6040-4]; *First Supplemental Declaration of Todd J. Rosen in Support of Application of Munger, Tolles, & Olson LLP as Counsel to Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Holdings Company LLC Effective* Nunc Pro Tunc *to November 16, 2014* [D.I. 3198-1] (together, the "Munger Declarations").

legal assistants directing them as follows:  (a) not to discuss any aspects of K&E's representation of the Debtors with Ms. Weintraub; (b) to conduct meetings, phone conferences, and other communications regarding K&E's representation of the Debtors in a manner that avoids contact with Ms. Weintraub; (c) to take all measures necessary or appropriate to prevent access by Ms. Weintraub to the files or other information related to K&E's representation of the Debtors; and (d) to avoid contact between Ms. Weintraub and all K&E personnel working on the representation of the Debtors unless there is a clear understanding that there will be no discussion of any aspects of K&E's representation of the Debtors.  Furthermore, K&E will implement procedures to block Ms. Weintraub from accessing files and documents related to the Debtors that are stored in K&E's electronic document managing system.

### Continued Vigilance and Affirmative Statement of Disinterestedness

15.    Based on the conflicts searches conducted to date and described in the Sassower Declarations and herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) K&E is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates, and (b) K&E has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Sassower Declarations and herein.

16.    K&E will continue to review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, K&E will use its reasonable efforts to identify any such further developments and will file a supplemental declaration as required by Bankruptcy Rule 2014(a) and as stated in the Sassower Declarations and herein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  September 30, 2015                      Respectfully submitted,

                                                   */s/ Edward O. Sassower*
                                            Edward O. Sassower
                                                    as President of Edward O. Sassower,
                                                    P.C., as Partner of Kirkland & Ellis
                                                    LLP; and as Partner of Kirkland & Ellis
                                                    International LLP

7