# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered |

## AMENDED NOTICE OF DEPOSITION TO HUNT CONSOLIDATED, INC. PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

TO: Hunt Consolidated, Inc.
c/o Baker Botts L.L.P.
2001 Ross Avenue, Suite 600
Dallas, TX 75201
Attn: Tom O'Brien

**PLEASE TAKE NOTICE THAT** pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this pending contested matter pursuant to Rules 7026, 7030 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance Inc., and EECI, Inc. (the "EFH Committee"), by its undersigned counsel, will take the deposition upon oral examination of a designee or designees of Hunt Consolidated, Inc. ("Hunt") in accordance with the *Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

*Reorganization* [D.I. 5771], and in connection with the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6122], as it may be amended and the *Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement* [D.I. 5249].

**PLEASE TAKE FURTHER NOTICE THAT** the deposition will take place on October 5, 2015, at 1:30 p.m. (Eastern Time) at the offices of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (or such other time and place as may be agreed to by the parties). The deposition will take place before a court reporter and will be recorded by stenographic means, may be videotaped, and shall continue from day to day until it has been completed. Pursuant to Bankruptcy Rules 7030 and 9014 and Federal Rule 30(b)(6), Hunt must designate one or more persons to testify on behalf of itself with regard to all matters known or reasonably available to Hunt on the matters set forth on Schedule A attached hereto. The EFH Committee requests that Hunt provide, as soon as reasonably possible, a written designation of the name(s) and position(s) of the persons who will testify on behalf of Hunt.

Dated: Wilmington, Delaware
October 2, 2015

**MONTGOMERY McCRACKEN WALKER & RHOADS, LLP**

Natalie D. Ramsey (DE Bar No. 5378)
Davis Lee Wright (DE Bar No. 4324)
Mark A. Fink (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, DE 19801
Telephone: (302) 504-7800
Facsimile: (302) 504-7820
E-mail: nramsey@mmwr.com
dwright@mmwr.com
mfink@mmwr.com

– and –

2

SC1:3938574.3

**SULLIVAN & CROMWELL LLP**

<u>  /s/ Brian D. Glueckstein           </u>
Steven L. Holley
Robert J. Giuffra, Jr.
Andrew G. Dietderich
Brian D. Glueckstein
125 Broad Street
New York, NY  10004
Telephone:  (212) 558-4000
Facsimile:   (212) 558-3588
E-mail:       holleys@sullcrom.com
                   giuffrar@sullcrom.com
                   dietdericha@sullcrom.com
                   gluecksteinb@sullcrom.com

*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp.; Energy Future Intermediate Holding Company, LLC; EFIH Finance Inc.; and EECI, Inc.*

3

SC1:3938574.3

# SCHEDULE A

**A.   INSTRUCTIONS**

1. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, you are directed to designate one or more of your officers, directors, managing agents, or other persons who consent to testify on your behalf and who have knowledge of and are adequately prepared to testify concerning the topics enumerated below.

2. The use of the singular form of any word shall include the plural form, and the plural form shall include the singular form.

3. The use of the present tense of any word includes the past tense, the use of the past tense of any word shall include the present tense, and the use of any verb in any tense shall be construed as including the use of that verb in all other tenses.

4. "Any" or "each" should be understood to include and encompass "all;" "or" should be understood to include and encompass "and;" and "and" should be understood to include and encompass "or."

**B.   DEFINITIONS**

1. "Affiliate" of any specified Person shall mean any other Person that directly, or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with, the Person specified.

2. "Bankruptcy Code" shall mean Title 11 of the United States Code, and all provisions thereof.

3. "Bidding Procedures Order" shall mean the *Order (a) Approving Revised Bidding Procedures, (b) Scheduling an Auction and Related Deadlines and Hearings, and (c) Approving the Form and Manner of Notice Thereof* [D.I. 3295].

4. "Chapter 11 Cases" shall mean the Chapter 11 cases, commenced by the Debtors in the United States Bankruptcy Court for the District of Delaware on April 29, 2014, and jointly administered as case number 14-10979.

5. "Claim" shall mean any claim against any Debtor as defined in section 101(5) of the Bankruptcy Code.

6. The terms "concerning," "referencing," "in connection with," "relate to," "related to," "relating to," "refer to," "referred to," and "referring to" shall be construed to mean and include all documents that in any manner or form are relevant in any way to or bear upon the subject matter in question, including, without limitation, all documents that contain, record, reflect, evidence, summarize, evaluate, comment upon, transmit, support, pertain to, show, consider, memorialize, study, analyze or discuss that subject matter, or that in any manner state the background of, or were the basis or bases for, or that record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at any conclusion, opinion, estimate, calculation, position, decision, belief, assertion or allegation, or undermine contradict, or conflict with any conclusion, opinion, calculation, estimate, position, belief, assertion, or allegation, concerning the subject matters in question.

7. "Debtors" shall mean, collectively, EFH Corp. and its affiliated entities, as debtors-in-possession, as applicable, which filed voluntary Chapter 11 petitions under the Bankruptcy Code commencing these Chapter 11 Cases, and any of their direct or indirect subsidiaries, Affiliates, divisions, subdivisions, departments, predecessors, successors, partners, principals, officers, directors, attorneys, accountants, agents, employees, representatives, and other persons acting on its behalf, including, but not limited to, K&E, Sidley, Evercore, Filsinger, and Alvarez & Marsal North America, LLC.

8. "Disclosure Statement" shall mean the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6124], as it may be amended.

9. "EFH" or "EFH Corp." shall mean Energy Future Holdings Corporation, its predecessor entities, all of its current and former direct or indirect subsidiaries, and all of its or their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

10. "EFIH" shall mean Energy Future Intermediate Holding Company LLC, its predecessor entities, all of its current and former direct or indirect subsidiaries, and all of its or their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

11. "Evercore" shall mean Evercore Group L.L.C. and/or all of its current and former Affiliates, parents, direct or indirect subsidiaries, members, officers, directors, representatives, employees, agents, consultants, accountants, attorneys, financial advisors, predecessors, successors, assigns, and any other person currently or formerly acting or purporting to act on their behalf for any purpose whatsoever.

12. "Filsinger" shall mean Filsinger Energy Partners and/or all of its current and former Affiliates, parents, direct or indirect subsidiaries, members, officers, directors, representatives, employees, agents, consultants, accountants, attorneys, financial advisors, predecessors, successors, assigns, and any other person currently or formerly acting or purporting to act on their behalf for any purpose whatsoever.

13. "Including" shall mean including, without limitation, or in any way qualifying, limiting or restricting the foregoing.

SC1:3938574.3

14. "K&E" shall mean Kirkland & Ellis LLP and/or all of its current and former partners, representatives, employees, agents, consultants, accountants, predecessors, successors, assigns, and any other person currently or formerly acting or purporting to act on their behalf for any purpose whatsoever.

15. "Oncor" shall mean Oncor Electric Holdings Company LLC and Oncor Electric Delivery Company LLC, which are owned directly and indirectly, respectively, by EFIH, their predecessor entities, all of their current and former direct or indirect subsidiaries, and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

16. "Oncor Sale Process" shall mean the potential direct or indirect disposition of EFH's indirect interest in Oncor Electric Delivery Company LLC or its properties or business, whether by sale, merger, plan of reorganization or any other means in accordance with the Bidding Procedures Order.

17. "Person" or "persons" shall mean all natural persons, corporations, partnerships or other business associations, and all other legal or governmental entities or associations.

18. "Plan" shall mean the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6122], as it may be amended.

19. "REIT Reorganization" has the meaning ascribed to it in the Plan.

20. "Restructuring" shall broadly mean any actual or potential modification considered, contemplated, proposed, attempted and/or made to the debt, operations, ownership, or structure of any Debtor.

21. "Settlement Agreement" has the meaning ascribed to it in the Settlement Motion.

22. "Settlement Motion" shall mean the *Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement* [D.I. 5249].

23. "Sidley" shall mean Sidley Austin LLP and/or all of its current and former partners, representatives, employees, agents, consultants, accountants, predecessors, successors, assigns, and any other person currently or formerly acting or purporting to act on their behalf for any purpose whatsoever.

24. "Sponsors" shall mean Kohlberg Kravis Roberts & Co. LP, TPG Global, LLC, and/or GS Capital Partners and/or all of their current and former Affiliates, parents, direct or indirect subsidiaries, members, officers, directors, representatives, employees, agents, consultants, accountants, attorneys, financial advisors, predecessors, successors, assigns, and any other person currently or formerly acting or purporting to act on their behalf for any purpose whatsoever.

25. "TCEH" shall mean Texas Competitive Electric Holdings Company LLC, its predecessor entities, all of its current and former direct or indirect subsidiaries, and all of its or their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

26. "You" or "your" shall refer to Hunt and all of its current and former affiliates, parents, direct or indirect subsidiaries, members, officers, directors, representatives, employees, agents, consultants, accountants, attorneys, financial advisors, predecessors, successors, assigns, and any other person currently or formerly acting or purporting to act on behalf of Hunt for any purpose whatsoever.

## C.     RULE 30(b)(6) DEPOSITION TOPICS

1. The terms and contents of the Plan and supporting Transaction Agreements (as defined in the Plan), and drafts thereof.

2. Your participation in the Oncor Sale Process.

3. Your negotiations or discussions with any potential or actual bidders, or any other creditor, in connection with the Oncor Sale Process.

4. Your analyses or considerations regarding any potential plan of reorganization or Restructuring of any Debtor, including but not limited to the Plan.

5. Your discussions with any Person relating to any analyses or assessments regarding any conditions precedent to any plan involving a REIT Reorganization.

6. Your analyses or assessments regarding risks associated with a failure to satisfy the conditions to consummate the REIT Reorganization contemplated in the Plan.

7. Your negotiations or discussions with the Sponsors relating to the Plan, including, but not limited to, any proposed or actual terms of the Settlement Agreement affecting any rights, liabilities, or releases of the Sponsors.

SC1:3938574.3