# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | )  | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Re: D.I. 4144, 6124** |

ORDER (A) APPROVING THE DISCLOSURE STATEMENT,
(B) ESTABLISHING THE VOTING RECORD DATE, VOTING
DEADLINE, AND OTHER DATES, (C) APPROVING PROCEDURES
FOR SOLICITING, RECEIVING, AND TABULATING VOTES ON THE
PLAN AND FOR FILING OBJECTIONS TO THE PLAN, AND (D) APPROVING
THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order): (a) approving the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Disclosure Statement"); (b) establishing the Voting Record Date (defined below), Voting Deadline (defined below), and other dates; (c) approving the procedures for soliciting, receiving, and tabulating votes on the Plan (the "Solicitation Procedures"); (d) approving the manner and forms of notices and other related documents; and (e) granting other relief relating thereto, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C.

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

§§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief have been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1.      The Motion is granted to the extent provided herein.

**I.      Approval of the Disclosure Statement.**

1.      The Disclosure Statement is hereby approved pursuant to section 1125 of the Bankruptcy Code as providing Holders of Claims and Interests entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

2.      The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**II.     Approval of the Disclosure Statement Hearing Notice.**

3.      The Disclosure Statement Hearing Notice, attached hereto as **Exhibit 1** and incorporated by reference herein, filed by the Debtors and served upon parties in interest in these

2

chapter 11 cases no later than 28 days prior to the deadline by which parties in interest must file objections to the Disclosure Statement, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

## III. Approval of the Materials and Timeline for Soliciting Votes.

### A. Approval of Key Dates and Deadlines with Respect to the Plan and Disclosure Statement.

4.     The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept, and voting on, the Plan:

(a)     Friday, September 4, 2015 shall be the date for determining: (i) the Holders of Claims and Interests entitled to receive Solicitation Packages; (ii) the Holders of Claims and Interests entitled to vote to accept or reject the Plan; and (iii) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of such Claim (the "Voting Record Date");

(b)     the Debtors shall distribute Solicitation Packages to Holders of Claims and Interests entitled to vote on the Plan by September 25, 2015, or as soon as reasonably practicable thereafter, following entry of the order approving the Disclosure Statement (the "Solicitation Deadline"); and

(c)     all Holders of Claims and Interests entitled to vote on the Plan must complete, execute and return their Ballots so that they are actually received by the Solicitation Agent, as applicable, pursuant to the Solicitation Procedures, on or before October 23, 2015, at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline").

### B. Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan.

5.     In addition to the Disclosure Statement and exhibits thereto, including the Plan and this Order, the Solicitation Packages to be transmitted on or before the Solicitation Deadline

3

to those Holders of Claims and Interests in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

(a)     The form Ballots and Master Ballots, substantially in the forms attached hereto as **Exhibit 2-A - 2-F**, respectively;

(b)     the Cover Letter attached hereto as **Exhibit 3**;

(c)     the Disclosure Statement (and exhibits thereto, including the Plan);

(d)     the Order (without exhibits except for **Exhibit 10** attached hereto);

(e)     the Scheduling Order, and

(f)     the Confirmation Hearing Notice and cover letter for the Confirmation Hearing Notice attached hereto as **Exhibit 4** and **Exhibit 4-A**, respectively.[3]

6.     The Solicitation Packages provide the Holders of Claims and Interests entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Bankruptcy Rules.

7.     The Debtors shall distribute Solicitation Packages to all Holders of Claims and Interests entitled to vote on the Plan on or before the Solicitation Deadline. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

8.     The Debtors are authorized, but not directed or required, to distribute the Plan, the Disclosure Statement, the Scheduling Order, the Confirmation Hearing Notice and cover letter to the Confirmation Hearing Notice, and this Order to Holders of Claims and Interests entitled to vote on the Plan in CD-ROM format. The Ballots and the Cover Letter will *only* be provided in

---

[3]    The Confirmation Hearing Notice and cover letter for the Confirmation Hearing Notice will be included in the CD-ROM and may be served in a hard copy in a separate mailing.

RLF1 13017560v.1

paper form.  On or before the Solicitation Deadline, the Debtors shall provide Solicitation Packages (without ballots) to the U.S. Trustee, counsel to the applicable agents for the Debtors' lenders, and all parties on the 2002 List as of the Voting Record Date.

9.      Any party who receives a CD-ROM, but who would prefer to receive materials in paper format, may contact the Solicitation Agent and request paper copies of the corresponding materials previously received in CD-ROM format (to be provided at the Debtors' expense).

10.     The Solicitation Agent is authorized to assist the Debtors in (a) distributing the Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims and Interests; (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting Holders of Claims and Interests regarding the Plan or as soon as practicable thereafter.

11.     Each Nominee through which one or more Beneficial Holders holds securities as of the Voting Record Date is hereby ordered to distribute the Solicitation Package to the Beneficial Holders for which they hold the securities within five business days after receipt of such Solicitation Package from the Solicitation Agent and obtain the vote of such Beneficial Holders consistent with customary practices for obtaining the votes of securities held in "street name," in one of the following two ways:

(a)      Master Ballots:  A Nominee may obtain the votes of Beneficial Holders by forwarding to the Beneficial Holders the applicable unsigned Beneficial Holder Ballot, together with the Solicitation Package, a return envelope provided by, and addressed to, the Nominee, and other materials requested to be forwarded.  Each such Beneficial Holder may then indicate his/her or its vote on the

RLF1 13017560v.1

Beneficial Holder Ballot, complete the information requested in the Beneficial Holder Ballot, review the certifications contained in the Beneficial Holder Ballot, execute the Beneficial Holder Ballot, and return the Beneficial Holder Ballot to the Nominee. After collecting the Ballots, the Nominee shall, in turn, complete the applicable Master Ballot provided to such Nominee by the Solicitation Agent, and compile the votes and other information from the Beneficial Holder Ballot, execute the Master Ballot, and deliver the Master Ballot to the Solicitation Agent so that it is received by the Balloting before the Voting Deadline. All Beneficial Holder Ballots returned by Beneficial Holders must be retained by Nominees for inspection for at least one year from the Voting Deadline.

(b)     Pre-Validated Ballots: A Nominee may pre-validate a Beneficial Holder Ballot, by: (i) signing the applicable Beneficial Holder Ballot indicating the name of the Nominee and the DTC participation number; (ii) indicating on the Beneficial Holder Ballot the account number of the Beneficial Holder, and amount of the securities held by the Nominee for such Beneficial Holder; and (iii) forwarding such Beneficial Holder Ballot together with the Solicitation Package and other materials requested to be forwarded to the Beneficial Holder for voting. The Beneficial Holder may then complete the information requested in the Ballot, review the certifications contained in the Ballot, and return the Ballot directly to the Solicitation Agent in the pre-addressed, postage paid envelope included with the Solicitation Package so that it is received by the Solicitation Agent before the Voting Deadline. A list of the Beneficial Holders to whom "pre-validated" Ballots were delivered should be maintained by the Nominee for inspection for at least one year from the Voting Deadline.

**C.     Approval of the Confirmation Hearing Notice.**

12.     The Confirmation Hearing Notice and cover letter to the Confirmation Hearing Notice, in the forms of which is attached hereto as **Exhibit 4** and **Exhibit 4-A**, respectively, constitutes adequate and sufficient notice of the hearings to consider approval of the Plan, the manner in which a copy of the Plan could be obtained and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. The Debtors shall publish the Confirmation Hearing Notice (in a format modified for publication) one time within seven days following the Solicitation Deadline in: (i) *The Wall Street Journal, USA Today, The Dallas*

6

*Morning News, Houston Chronicle, Corpus Christi Caller Times, Fort Worth Star-Telegram, and Waco Tribune-Herald*, and (ii) on the restructuring website established by Epiq, available at http://www.efhcaseinfo.com no later than seven days after the Solicitation Deadline (the "Publication Notice").

**D.     Approval of Notice of Filing of the Plan Supplement.**

13.     The Debtors are authorized to send notice of the filing of the Plan Supplement, which will be filed and served no later than fourteen days before the Confirmation Hearing or such later date as may be approved by this Court, substantially in the form attached hereto as **Exhibit 5**, on the date the Plan Supplement is filed pursuant to the terms of the Plan.

**E.     Approval of the Form of Notices to Non-Voting Classes.**

14.     Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes, as such holders are not entitled to vote on the Plan. Instead, on or before the Solicitation Deadline, the Solicitation Agent shall mail (first-class postage prepaid) a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties who are not entitled to vote on the Plan. Holders of Unimpaired Claims and Interests that are deemed to accept the Plan in Classes A1, A2, A3, A4, A5, A6 A7, A8, A9, A10 A11, B1, B2, B3, B4, B5, B6, C1, and C2 will receive notice, substantially in the form attached hereto as **Exhibit 6**, in lieu of a Solicitation Package. Further, the Debtors are authorized, but not directed or required, to distribute a cover letter, the form of which is hereby approved, to Holders of Unimpaired Claims in Class A8, substantially in the form attached hereto as **Exhibit 6-A**. Holders of Impaired Claims and Interests that are deemed to reject the Plan in Classes A13, A15, B8, B10, C6, C8, and C10 will receive notice, substantially in the form attached hereto as **Exhibit 7**, in lieu of a Solicitation Package.

7

RLF1 13017560v.1

15. The Debtors will not provide the Holders of Intercompany Claims in Classes A12, B7, and C7; Holders of Interests in EFH Debtors Other Than EFH Corp in Class A14; and Holders of Interests in TCEH Debtors Other Than TCEH and EFCH in Class C9 with a Solicitation Package or any other type of notice in connection with solicitation.

16. The Debtors are not required to mail Solicitation Packages or other solicitation materials to: (a) Holders of Claims and Interests that have already been paid in full during these Chapter 11 Cases or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

**F.      Approval of Notices to Contract and Lease Counterparties.**

17. The Debtors are authorized to mail a notice of assumption or rejection of any Executory Contracts or Unexpired Leases (and any corresponding Cure Claims), in the forms attached hereto as **Exhibit 8** and **Exhibit 9** and incorporated herein by reference, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan (as the case may be), within the time periods specified in the Plan.

**IV.      Approval of the Solicitation Procedures.**

18. The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation Procedures attached hereto as **Exhibit 10**, which are hereby approved in their entirety; provided, however, that the Debtors reserve the right to amend or supplement the Solicitation Procedures where, in the Debtors' best judgment, doing so would better facilitate the solicitation process.

**V.      Approval of the Timeline for Filing Objections to the Plan**

19. Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order (including the Voting and Tabulation Procedures). Specifically, all objections to confirmation of the Plan or requests for

RLF1 13017560v.1

Case 14-10979-CSS   Doc 6131   Filed 09/22/15   Page 9 of 11

modifications to the Plan, if any, must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; (c) state the name and address of the objecting party and the amount and nature of their respective claim or equity interest; (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed, contemporaneously with a proof of service, with the Court and served so as to be **actually received** by the appropriate notice parties before the Plan Objection Deadline, **October 23, 2015, at 4:00 p.m. (prevailing Eastern Time)**.

20.     Notwithstanding any other provision in the Disclosure Statement or Disclosure Statement Order, the Court makes no finding or ruling in the Disclosure Statement Order, other than with respect to the adequacy of the Disclosure Statement pursuant to Section 1125 of the Bankruptcy Code, with respect to (a) the negotiations, reasonableness, business purpose, or good faith of the Settlement Agreement or the Plan, or as to the terms of the Settlement Agreement or the Plan (or the treatment of any class of claims thereunder and whether those claims are or are not impaired) for any purpose, (b) whether the Plan satisfies any of the requirements for confirmation under section 1129 of the Bankruptcy Code, or (c) the standard of review or any factor required for approval of the Settlement Agreement or Confirmation of the Plan. Any objections or requests served in connection with the Settlement Agreement and / or the Plan are hereby reserved and not waived by entry of the Disclosure Statement Order; provided, however, that nothing in the Disclosure Statement or the Disclosure Statement Order shall preclude the Debtors or any other party in interest that is the subject of such objection or discovery requests from seeking to overrule such objections or limit or otherwise overrule such discovery requests.

21.     Any rights of (s) Computershare Trust Company, N.A., and Computershare Trust Company of Canada, in their capacity as indenture trustee for the EFIH second lien notes, and an

RLF1 13017560v.1

ad hoc group of EFIH second lien noteholders, (t) Delaware Trust Company, as indenture trustee for the EFIH first lien notes and an ad hoc group of EFIH first lien noteholders, (u) the Office of the United States Trustee, (v) the official committee of unsecured creditors of EFH Corp., EFIH, EFIH Finance Inc., and EECI, Inc., (w) The Bank of New York Mellon, in its capacity as the PCRB Trustee, (x) The Bank of New York Mellon Trust Company, in its capacity as the EFCH 2037 Notes Trustee, (y) American Stock Transfer & Trust Company, LLC, in its capacity as successor trustee for notes issued by EFH Corp., or (z) UMB Bank, N.A., in its capacity as indenture trustee for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018 and the 9.75% Senior Notes due 2019, to object to confirmation of the Plan and approval of the Settlement Agreement are hereby fully reserved and not waived.

22.     Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

23.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

25.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: September 22, 2015
        Wilmington, Delaware

Honorable Christopher S. Sontchi
United States Bankruptcy Judge

RLF1 13017560v.1