# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Energy Future Holdings Corp., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) Hearing Date: October 15, 2015 at 10:30 a.m. |
| | ) Objection Deadline: October 6, 2015 at 4:00 p.m. |
| | ) Re: D.I. 6140, 6341 |

### JOINDER OF THE AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS IN THE OBJECTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, TO THE APPLICATION SEEKING EMPLOYMENT OF GIBBS & BRUNS LLP AS SPECIAL CONFLICTS TRIAL COUNSEL TO THE EFH COMMITTEE UNDER BANKRUPTCY CODE SECTIONS 328(A) AND 1103(A), BANKRUPTCY RULE 2014(A), AND LOCAL RULE 2014-1, EFFECTIVE *NUNC PRO TUNC* TO SEPTEMBER 8, 2015

The ad hoc group (the "Ad Hoc Group") of certain holders of approximately $2.7 billion of 10.25% Fixed Senior Notes due 2015 (including Series B) and 10.50%/11.25% Senior Toggle Notes due 2016 issued by TCEH and TCEH Finance, Inc. hereby joins in the *Objection of Energy Future Holdings Corp., et al., to the Application Seeking Employment of Gibbs & Bruns LLP as Special Conflicts Trial Counsel to the EFH Committee Under Bankruptcy Code Sections 328(a) and 1103(a), Bankruptcy Rule 2014(a), and Local Rule 2014-1, Effective* Nunc Pro Tunc *to September 8, 2015* [D.I. 6341] (the "Objection").[2]  In support of this joinder, the Ad Hoc Group respectfully represents as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors (the "Debtors") and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

ACTIVE 31788014v1 10/06/2015

**JOINDER**

With the Gibbs Application on file, these cases may have officially passed into the stage in which those remaining outside the deal have lost interest in obtaining consensus and instead are more interested in inflicting economic pain on those within the deal.  By the Gibbs Application, the EFH Committee now seeks, one month before trial, to retain a <u>third</u> law firm to conduct analyses of the to-be-settled Sponsor Claims that the EFH Committee's two existing law firms have already diligenced at significant expense to the EFH estate.  On its face, the filing seems little more than an attempt to threaten a massive conflagration as a means to pressure those already within the deal to accept an as yet unspecified series of demands for concessions that are almost certain to come from the EFH Committee.  The Gibbs Application does not appear motivated by any legitimate concern that the EFH Committee's two existing law firms lack the acumen or resources to assess the laws applicable to the alleged prepetition conduct of the Sponsors.  As a representative of the proposed new owners of reorganized EFH (<u>i.e.</u>, TCEH unsecured creditors) who are slated to pay all allowed E-side administrative expenses when the deal closes, the Ad Hoc Group joins in the Debtors' Objection to the Gibbs Application for all the reasons set forth in the Objection, and requests that the Court reject the EFH Committee's untimely request to retain Gibbs as special conflicts trial counsel in these cases.

The Ad Hoc Group is particularly concerned with the precedent that granting the Gibbs Application would establish—that qualified counsel, who are clearly capable of providing legal advice with respect to state tort laws, may hire "special," "trial" counsel to attack a settlement proposed in a Rule 9019 motion, several months after all parties became aware of the terms of such proposed settlement, <u>see</u> Hr'g Tr. 101:14-102:1, Aug. 25, 2015 (acknowledgment by the Court that an identical settlement "has been in play since April"), and where parties have already

undertaken "massive production of documents dealing with all aspects of prepetition causes of action" and have already submitted "hundreds of pages of briefing . . . that thoroughly vetted those issues." See id. at 75:13-18.  Indeed, as the Court previously acknowledged in response to E-side creditor constituencies' objections, "if we don't know where we are on the legacy litigation and the intercompany issues in this case, you've been asleep for the last 16 months, and there's only so much the Court can do for you." Id. at 150:16-19.  The inappropriateness of the EFH Committee's request to retain "trial" counsel to attack a Rule 9019 settlement is further highlighted by the Court's recognition that a hearing on the settlement agreement will be "a summary proceeding and not a trial on the merits." See Hr'g Tr. 40:6-7, Aug. 18, 2015 (emphasis added).  In sum, the EFH Committee's new-found desire to hire special conflicts trial counsel at this juncture to provide "specialized" advice with respect to business tort claims that have been the subject of an extensive investigation by the EFH Committee's existing professionals is late, suspect and entirely unnecessary.

Dated: Wilmington, Delaware
       October 6, 2015

                              FOX ROTHSCHILD LLP

                            By:  */s/ L. John Bird*
                                   Jeffrey M. Schlerf (No. 3047)
                                   L. John Bird (No. 5310)
                                   919 North Market St., Suite 300
                                   Wilmington, DE 19801
                                   Telephone:  (302) 654-7444
                                   Facsimile:  (302) 463-4971
                                   jschlerf@foxrothschild.com
                                   lbird@foxrothschild.com

                                   and

WHITE & CASE LLP
Thomas E. Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Southeast Financial Center, Suite 4900
200 South Biscayne Blvd.
Miami, FL 33131
Telephone:  (305) 371-2700
Facsimile:  (305) 358-5744
tlauria@whitecase.com
mbrown@whitecase.com

and

J. Christopher Shore (admitted *pro hac vice*)
Gregory M. Starner (admitted *pro hac vice*)
1155 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113
cshore@whitecase.com
gstarner@whitecase.com

*Counsel to the Ad Hoc Group of TCEH Unsecured Noteholders*