## IN THE UNITED STATES BANKRUPTCY COURT FOR THE

## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., | § | |
| *et al.*, | § | Case No. 14-10979 (CSS) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| _____ | § | Re Docket No. 6152 |

**Hearing Date: October 15, 2015 at 10:30 a.m.**
**Objection Deadline:  October 7, 2015 at 4:00 p.m.**

### OBJECTION OF SOMERVELL COUNTY CENTRAL APPRAISAL DISTRICT TO MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER SCHEDULING CERTAIN HEARING DATES AND DEADLINES IN CONNECTION WITH THE MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET. AL.*, PURSUANT TO SECTIONS 105, 505, AND 506 OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER DETERMINING CONTESTED *AD VALOREM* TAX MATTERS

Somervell Central Appraisal District ("Somervell CAD") submits the following objection (the "Objection") to the *Motion of Energy Future Holdings Corp., et. al., for an Entry of an Order Scheduling Certain Hearing Dates and Deadlines in Connection with the Motion of Energy Future Holdings Corp., et. al., Pursuant To Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining the Amount of Contested Ad Valorem Tax Matters [D.N. 6152]* ("Debtors' Motion for Hearing Dates and Deadlines").

#### Additional Background:

1.     On August 21, 2015, the Debtors filed the *Motion of Energy Future Holdings Corp., et. al., Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining the Amount of Contested Ad Valorem Tax Matters [Docket No. 5620]* ("Debtors' Tax Motion").  At the time of filing Debtors' Tax Motion, Debtors scheduled a status conference for October 15, 2015, however no objection deadline or a hearing date was scheduled.

2.      On August 24, 2015, one of the Debtors' subsidiaries, Luminant Generation Company LLC ("Luminant"), filed an Original Petition in the District Court of Somervell County, initiating a Texas state court proceeding against Somervell CAD regarding valuation of one of the properties that is subject to Debtors' Tax Motion. *See Luminant Generation Company LLC v. Somervell Central Appraisal District*, District Court of Somervell County, Texas, 18th Jud. Dist., Case No. C10412 (the "Luminant Lawsuit"). Somervell CAD filed an answer in the Luminant Lawsuit on September 1, 2015.

3.      On September 21, 2015, Debtors sent an email proposing a schedule that would be filed as part of a stipulated scheduling order.

4.      On September 23, 2015, Debtors filed their Motion for Hearing Dates and Deadlines. The schedule included in Debtors' Motion for Hearing Dates and Deadlines was different than the schedule included in Debtors' September 21, 2015 email.

5.      On September 23, 2015, Somervell CAD filed its *Motion for Abstention with Regard to Debtors' Tax Motion [Docket No. 6154]* ("Motion for Abstention"). The Motion for Abstention is scheduled for a hearing on October 15, 2015.

6.      On September 25, 2015, Freestone Central Appraisal District, Robertson County Appraisal District, Rusk County Appraisal District, and Titus County Appraisal District (the "Districts")filed a motion to transfer venue and for partial dismissal ("Venue Motion") (D.I. 6200). The Venue Motion is scheduled for hearing on October 15, 2015.

**Objection:**

7.      **The Motion Seeks Substantive Relief in the Guise of Procedure**.  Even though the notice [Docket No. 5620-1] for the Debtors' Tax Motion expressly provides that both the "Merits Hearing Date" and the "Merits Objection Deadline" have to be determined, the Debtors seek to commence the valuation litigation that is the subject of that matter through the Debtors' Motion for Hearing Dates and Deadlines.

8.      The Debtors' attempt to commence such litigation before there has even been a hearing on the merits of the Debtors' Tax Motion is procedurally improper.  Moreover, such relief exceeds the boundaries of "procedural" and is nothing more than an attempt to commence with substance of the ad valorem tax litigation before the merits of the Debtors' Tax Motion are even adjudicated by the Court.  Such relief is improper, and prejudices the Somervell CAD.  It should not be allowed.

9.      **The Motion is Premature**.  Somervell CAD also objects to the Debtors' Motion for Hearing Dates and Deadlines as it is premature.  Somervell CAD's Motion for Abstention and Districts' Motion to Transfer Venue are pending.  The Court's ruling on either of these motions, if relief is granted, may well render the Debtors' Motion for Hearing Dates and Deadlines moot.

10.     Further, Somervell CAD and the Districts are entitled to jury trials with respect to the issues in Debtors' Tax Motion.  It would be more efficient to first rule on the Motion to Abstain and Venue Motion, and then, if the Court denies those motions, give the taxing authorities an opportunity to file a jury demand (which the Districts have done already) and/or move to withdraw the reference, and then allow the parties to meet and confer to develop a scheduling order if such is still appropriate.

11.    The Debtors' effort to unilaterally impose a discovery schedule and other deadlines upon Somervell CAD and the Districts is unreasonable and should be denied.

12.    **The Debtors' Proposed Schedule is Severely Flawed.**    Finally, there are numerous flaws in the Debtors' proposed schedule. *First*, the schedule improperly bundles all of the taxing authorities together and requires them to act as a unified group.  To this end the Debtors require that "[c]ounsel for all property tax jurisdictions shall meet and confer prior to [October 19, 2015] and serve on this date one consolidated set of document requests."  Debtors' Motion for Hearing Dates and Deadlines, p. 3.

13.    However, Debtors' dispute with each taxing authority involves different appraisals of separate and distinct properties.  Importantly, there are significant factual differences between the properties that are subject to Debtors' Tax Motion that make treating the tax authorities as a single consolidated group inappropriate.  For example, Comanche Peak, the property that is located in Somervell County and subject to the *ad valorem* tax authority of Somervell CAD, is a nuclear power facility.  The properties that are within the other respective jurisdictions are coal power plants.  There are significant differences and diverse issues in appraising nuclear and coal power plants for *ad valorem* tax purposes.

14.    Moreover, each Texas appraisal district is a distinct and separate entity.  Each Texas appraisal district is entitled serve discovery requests upon the Debtors related to the unique aspects of the property within their jurisdictions.  Somervell CAD objects to Debtors' unilateral attempt to limit Somervell CAD's right to conduct discovery as allowed by the rules.

15.    *Second*, the schedule contemplates that the Texas appraisal districts would be required to serve document requests by October 19, 2015—a mere four days after the hearing.  This time period is unnecessarily and prejudicially short, and prevents Somervell CAD a

meaningful opportunity to confer with its consulting experts and defend the lawsuit, especially if Somervell CAD must coordinate its efforts with the other Districts. Tellingly, the Debtors fail to show any good cause for such a short time period.

16.    *Third*, the scheduled appears to Texas appraisal districts from using interrogatories, requests for admissions, or requests for entry upon land. These discovery options are authorized under the Federal Rules of Civil Procedure and are necessary in this matter. In the event that the Court denies the motions to abstain and transfer venue, then the Debtors' Tax Motion will, at a minimum, constitute a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule"). Somervell CAD is entitled to all of the protections afforded under Bankruptcy Rule 9014(c), which includes, among other things, the above-noted discovery rights that are omitted from the Debtors' proposed scheduling order. Accordingly, the Debtors' attempt to limit Somervell CAD's discovery rights in the proposed scheduling order should be denied. This is especially so in light of the fact that there are no citations whatsoever to precedent that would allow the Debtors such relief.

17.    *Fourth*, the schedule proposed by Debtors asserts that the discovery sought with respect to the *ad valorem* tax valuations involves only a "set of narrow issues" that are the same as the "the discovery proceedings that the Debtors have already undertaken in these chapter 11 cases." Debtors' Motion for Hearing Dates and Deadlines, p. 4.

18.    Contrary to Debtors' assertions, the issues involved in the *ad valorem* tax protest of the Debtors' subsidiary Luminant, are not as narrow as the Debtors suggest. Among other things, the issue of uniformity of assessment must be addressed under Texas law and to Somervell CAD's knowledge, this issue has not been considered in discovery. Tex. Const. Art. 8 § 1(a) ("Taxation shall be equal and uniform"). *See In re ANC Rental Corp.*, 316 B.R. 153, 159 (Bankr.

D. Del. 2004) (issue of uniformity of assessment of property taxes is a compelling reason to abstain).  As such, Debtors' proposed schedule is not reasonable.

19.    Somervell CAD objects to the entry of the Debtors' proposed scheduling order, and proposes that the Court first adjudicate (i) the Motion for Abstention and Venue Motion (that are scheduled to be heard on October 15, 2015), and, in the event that the Court denies those motions, (ii) the merits of the Debtors' Tax Motion after proper notice and hearing.  If the results of those hearings make setting a discovery and hearing schedule appropriate, the parties can then set a reasonable date to meet and confer, and can submit a joint schedule at a reasonable date in the future.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, Somervell CAD objects to Debtors' Motion for Hearing Dates and Deadlines and requests this Court to deny the same.

Dated:  October 7, 2015

Respectfully Submitted,

By: _____

**Curtis A. Hehn**
Law Office of Curtis A. Hehn
1000 N. West Street, Suite 1200
Wilmington, DE 19801
302) 295-5044 (Telephone)
(302) 295-4801 (Facsimile)
curtishehn@comcast.net

**Andrew J. Mytelka**
Texas State Bar No. 14767700
AMytelka@greerherz.com
**Michael Adams**
State of Texas Bar No. 00871900
madams@greerherz.com
**J. Scott Andrews**
State of Texas Bar No. 24064823
jandrews@greerherz.com
**James M. Roquemore**
State of Texas Bar No. 24058082
jroquemore@greerherz.com
**Greer, Herz & Adams, LLP**
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200 (Telephone)
(409) 766-6424 (Facsimile)

**ATTORNEYS FOR DEFENDANT,
SOMERVELL CENTRAL APPRAISAL
DISTRICT**