IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ENERGY FUTURE HOLDINGS CORP., et al, | § | CASE NO. 14-10979 (CSS) |
| a Delaware Corporation | § | |
| | § | |
| Debtors, | § | Chapter 11 |
| | § | |
| | § | **Hearing Date: October 15, 2015 at 10:30 a.m.** |
| | § | **RE: Docket No. 6152** |

**FREESTONE CENTRAL APPRAISAL DISTRICT, ROBERTSON COUNTY APPRAISAL DISTRICT, RUSK COUNTY APPRAISAL DISTRICT, AND TITUS COUNTY APPRAISAL DISTRICT'S OBJECTION TO MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL*., FOR ENTRY OF AN ORDER SCHEDULING CERTAIN HEARING DATES AND DEADLINES IN CONNECTION WITH THE MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL*., PURSUANT TO SECTIONS 105, 505, AND 506 OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER DETERMINING CONTESTED *AD VALOREM* TAX MATTERS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

FREESTONE CENTRAL APPRAISAL DISTRICT, ROBERTSON COUNTY APPRAISAL DISTRICT, RUSK COUNTY APPRAISAL DISTRICT, and TITUS COUNTY APPRAISAL DISTRICT, ("Districts"), appear and file this objection to the Motion of Energy Future Holdings Corp., *Et Al*., for Entry of an Order Scheduling Certain Hearing Dates and Deadlines in Connection with the Motion of Energy Future Holdings Corp., *Et Al*., Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested *Ad Valorem* Tax Matters, and would show as follows:

1. Debtors Luminant Generation Company, LLC, a Texas limited liability company, Oak Grove Management Company, LLC, a Delaware limited liability company, and Big Brown Power Company, LLC, a Texas limited liability company (collectively referred to herein as

"Owners") have each sued the Texas appraisal districts in which their electrical generating plants are located; Owners have sued both in this Court and in Texas state district courts. All of the lawsuits seek to have the state courts and this Court reduce the value of the various Owners' power generation plants and thereby ultimately reducing their local property tax liability. The state court actions claim that the current valuations violate the Texas Constitution and certain provisions of the Texas Property Tax Code. (The Court is requested to take judicial notice of the four state court petitions. Copies of the original petitions are attached hereto as Exhibit "1"). The Districts request each of their matters be tried before juries.

2. Although no objection date has yet been set regarding the Owners' motion to redetermine their properties values, the Owners, through their consolidated debtor structure, have moved the Court to enter a scheduling order. The Districts have filed a request for this Court to transfer the venue of the Owners' valuation motion to the Federal District Court for the Northern District of Texas, Dallas Division. That court is in the Owners' hometown and is more convenient to both the Owners and the Districts, it deals with local Texas land valuation issues and market conditions, and it is in the state in which Owners choose to do business and where the claims arose. Local governments whose tax statements Owners are seeking to reduce are all located in Texas. This case is of such financial significance to the governing boards and citizens in the communities of Freestone, Robertson, Rusk, and Titus counties that Dallas affords a more realistic opportunity for them to follow the trials of the cases than if they were tried in Delaware.

3. The Court is asked to forego ruling on Debtors requested scheduling order until after it considers and decides the District's motion to transfer venue, thereby allowing for the Federal District Court in Dallas to make appropriate decisions regarding the Owners' valuation motion.

4. Alternatively, if the matters are to be tried before juries in Delaware, the dates proposed by the Owners are prejudicial to the Districts and will not provide ample time for them to properly develop their cases. For example, in cases such as these, where the owners of complex properties sue to challenge market valuation, non-owner defendants such as appraisal districts are at a disadvantage in several ways. Although each plant operates with coal, they are unique from each other. They have different throughput capacities and due to the disparate ages of the plants and dates of additions and replacement parts, they depreciate at different rates. The plants have maintenance histories unique to each plant. Each plant has pollution-control equipment, requiring separate analyses of the property-tax exemption for such equipment. TEX. TAX CODE § 11.31. An expert's opinion on the valuation of a plant would likely not withstand *Daubert* scrutiny by merely assigning a value per megawatt and applying that value across the board to each plant before the Court. [1]

5. While the Owners' experts can get any operating information they want from Owners at any time and can have plant management answer their questions immediately, the Districts have to invoke the formal discovery process to obtain the same information. Furthermore, Owners' experts can presumably conduct plant inspections at their convenience, while the Districts must rely on the discovery process and ask the Court to compel inspections if Owners object. It is much more difficult for an appraisal district's expert to obtain information than an owner's.

6. These factors, in addition to the complexity of presenting such cases to a jury necessitate

[1] While the plants were appraised by the Districts in early 2015, they were appraised by "mass appraisal" techniques. See, *Haney v. Cooke County Appraisal District*, 782 S.W.2d 349 (Tex. App.—Fort Worth 1989 (no writ). The Districts expect to present more detailed expert opinions at trial based not on mass appraisal, but on Uniform Standards of Professional Appraisal Practice Standards 1 and 2 and other relevant rules and case law guiding the admissibility of opinion testimony.

a timeframe of no less than eighteen (18) months for the Districts to prepare each of the cases for their trials.

WHEREFORE, premises considered, the Districts request that the Debtor's Motion for Entry of an Order Scheduling Certain Hearing Dates and Deadlines in Connection with the Debtors' Motion Pursuant to Section 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested *Ad Valorem* Tax Matters be denied.

Respectfully submitted,

DATED: October 7, 2015

/s/ Theodore J. Tacconelli

Theodore J. Tacconelli (No. 2678)
Ferry Joseph P.A.
824 Market Street, Suite 1000
Wilmington, DE 19801
Telephone 302-575-1555/Fax 302-575-1714
Email: ttacconelli@ferryjoseph.com
*Local Counsel for Robertson County Appraisal District, Titus County Appraisal District, Freestone Central Appraisal District, Rusk County Appraisal District*

-and-

G. Todd Stewart (TX Bar I.D. No. 19209700)
Patrick Dyer (TX Bar I.D. No. 06318200)
OLSON & OLSON, L.L.P.
Wortham Tower Suite 600
2727 Allen Parkway
Houston, Texas 77019
Telephone (713) 533-3800/Fax (713) 533-3888
Email: tstewart@olsonllp.com
*Counsel for Robertson County Appraisal District and Titus County Appraisal District*

-and-

Kirk Swinney (TX Bar I.D. No. 19588400)
Ryan L. James (TX Bar I.D. No. 24078731)
Yessika Monagas (TX Bar I.D. No. 24084325)
MCCREARY, VESELKA, BRAGG & ALLEN, P.C.
700 Jeffrey Way, Suite 100
Round Rock, TX 78665
Telephone (512) 323 3200/Fax (512) 323-3294
Email: kswinney@mvbalaw.com
rjames@mvblaw.com
ymonagas@mvbalaw.com
*Counsel for Freestone Central Appraisal District*

-and-

James R. Evans, Jr. (TX Bar I.D. No. 06721500)
HARGROVE & EVANS, L.L.P.
4425 South Mopac Expressway
Building 3, Suite 400
Austin, TX 78735
Telephone (512) 225-7864/Fax (512) 225-7865
Email: jim@hellplaw.com
*Counsel for Rusk County Appraisal District*