15-08-19,851-CV
E-Filed for Record
8/21/2015 1:43:39 PM
Robertson County District Clerk, TX
By: Traci Lopez

NO. _____ 15-08-19,851-CV

| | | |
|---|---|---|
| OAK GROVE MANAGEMENT COMPANY LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ROBERTSON COUNTY, TEXAS |
| | § | |
| ROBERTSON COUNTY APPRAISAL DISTRICT, | § | |
| | § | |
| Defendant. | § | 82nd _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Oak Grove Management Company LLC ("Plaintiff") files its Original Petition, and states the following:

### DISCOVERY CONTROL PLAN

1. Pursuant to Texas Rule of Civil Procedure 190.4, Plaintiff alleges that discovery should be conducted under Level 3.

### SUMMARY

2. Like any other taxpayer, Plaintiff is entitled to a fair and reasonable determination of the taxable value of its property. For this reason, Plaintiff files this Original Petition to appeal the orders of the Appraisal Review Board (the "ARB") for Robertson County Appraisal District. The ARB set a taxable value for the property at issue in this action that is unfair and unreasonable.

3. The taxable value of the property at issue has declined over the past several years. Substantial costs are involved in operating this property, including the cost of fuel and the costs of compliance with regulatory requirements. Market prices also impact both expenses incurred

Oak Grove Management Company LLC v. Robertson County Appraisal District
PLAINTIFF'S ORIGINAL PETITION

in operating this property and the prices at which Plaintiff can sell its production. Multiple factors impact power prices, including competition from natural gas plants and wind and solar farms, as well as marketplace supply and demand. These and other factors result in an actual taxable value lower than the taxable value stated in the ARB orders.

4.     For these reasons, Plaintiff appeals the ARB orders to ensure that it is treated fairly and that a reasonable taxable value for the property at issue is determined, including by taking into account the numerous factors that substantially reduce this property's taxable value.

## PARTIES

5.     Plaintiff is a limited liability company with its principal place of business at 1601 Bryan Street, Dallas, Texas 75201. Plaintiff was, on January 1, 2015, the owner of the property at issue, which is identified in Paragraphs 11 and 12 below.

6.     Defendant Robertson County Appraisal District (the "District") is a political subdivision of the State of Texas located in Robertson County, Texas, and is duly organized and acting pursuant to the laws of the State. The District may be served with process by serving Nancy Commander, the Chief Appraiser of the District, or by serving any other officer or employee of the District present at its offices located at 108 Morgan Street, Franklin, Texas 77856 at a time when the appraisal office is open for business with the public.

## JURISDICTION AND VENUE

7.     Plaintiff brings this action to appeal the orders and the determinations made by the ARB with respect to Plaintiff's protest and to preserve its rights under state law. Jurisdiction of this action is conferred on this Court by Texas Tax Code § 42.21. In accordance with Texas Tax Code § 42.22, venue of this action is proper in Robertson County, Texas, the county in which the ARB is located.

Oak Grove Management Company LLC v. Robertson County Appraisal District
PLAINTIFF'S ORIGINAL PETITION                                          Page 2

8.    Plaintiff has exhausted all available administrative remedies prior to bringing this cause of action.

## FACTS RELEVANT TO THE BANKRUPTCY PROCEEDING

9.    On April 29, 2014, Plaintiff and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for chapter 11 bankruptcy relief in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The bankruptcy cases are jointly administered before the Honorable Christopher S. Sontchi under the lead case styled and numbered as *In re Energy Future Holdings Corp.*, 14-10979. The Debtors are operating their businesses and managing their properties as debtors in possession. No trustee has been appointed.

10.    Plaintiff files this Original Petition within the time period permitted by Texas Tax Code § 42.21 to preserve its rights under Texas law. On the same day as it makes this filing, Plaintiff has filed, or will file, a motion pursuant to 11 U.S.C. §§ 105, 505, and 506 seeking adjudication in the Bankruptcy Court of the property tax values and tax issues in this case and in other cases in which Plaintiff's affiliates are contesting property tax values and tax issues. The Bankruptcy Court is familiar with the Debtors' businesses and properties, and it provides a single forum to efficiently adjudicate tax issues facing Plaintiff and Plaintiff's affiliates along with other matters affecting the Debtors' ability to restructure.

## FACTS RELEVANT TO THIS DISPUTE

11.    The property in dispute (the "Property") is generally known as the Oak Grove Power Plant, occupied entirely by Plaintiff. At all relevant times, Plaintiff owned the Property.

12.    The Property, which comprises both certain taxable, nonexempt items (the "Taxable Portion") and certain exempt items (the "Nontaxable Portion"), is identified and described on the appraisal records of the District as follows:

Property Account No:        2-001265-000020 (46098-1/34636)
Property Legal Description:  Oak Grove SES Units 1&2

Property Account No:        2-001265-000025 (46100-1/34636)
Property Legal Description:  Oak Grove SES TCEQ Exempt[1]

13.    Plaintiff received notices of appraised value from the District with respect to the Property for the 2015 tax year.

14.    Plaintiff timely filed a notice with the ARB protesting the valuations assigned to the Property by the appraiser for the 2015 tax year.

15.    By affidavits dated June 16, 2015, Plaintiff duly appeared before the ARB on such protest.

16.    Plaintiff received from the ARB orders dated June 23, 2015, determining Plaintiff's protest with respect to the 2015 valuations of the Property (the "2015 Orders"). Plaintiff attaches the 2015 Orders as **EXHIBIT A** and incorporates them by reference.

17.    The 2015 Orders indicate an appraised value and a market value of $1,041,700,000 for the Taxable Portion and an appraised value and a market value of $383,300,000 for the Nontaxable Portion. The appraised value and market value of the Taxable Portion determined by the ARB grossly exceed the market value of the Taxable Portion.

18.    Plaintiff's Original Petition is timely filed pursuant to Texas Tax Code § 42.21.

---

[1] The Orders Determining Protest received from the ARB appear to utilize a different numbering convention for describing the Property. The property account numbers appearing in the Orders Determining Protest are: 2-001265-000020; and 2-001265-000025.

Oak Grove Management Company LLC v. Robertson County Appraisal District
PLAINTIFF'S ORIGINAL PETITION                                         Page 4

19.    Before the delinquency date, Plaintiff will pay the amount of taxes due on the portion of the taxable value of the Property that is not in dispute as required by Texas Tax Code § 42.08.

20.    All conditions precedent to Plaintiff's right of judicial review of the ARB's decisions have occurred, been performed, or were waived. Plaintiff is entitled to a trial de novo to determine the appraised values of the Property for the 2015 tax year.

21.    Plaintiff has retained the undersigned counsel to protect its rights and pursue its remedies against the District.

## RULE 47(c) DISCLOSURE

22.    Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of over $1,000,000.

## CAUSES OF ACTION

## COUNT I — VIOLATIONS OF THE TEXAS TAX CODE

23.    Plaintiff realleges the preceding paragraphs as if fully set forth herein.

24.    The appraised value and the market value of the Taxable Portion of the Property, according to the appraisal rolls and appraisal records of the District for the tax year 2015 as determined by the ARB, exceed the value thereof permitted by law for the tax year 2015, including because the ARB determinations of the appraised values of the Property appear improperly to deny or modify an exemption to which Plaintiff is entitled with respect to the Property.

25.    Texas Tax Code § 23.01 requires that all taxable property be appraised at its "market value" (as such term is defined in Texas Tax Code § 1.04(7)) as of January 1 of the tax year. The appraised value and the market value of the Taxable Portion of the Property as

Oak Grove Management Company LLC v. Robertson County Appraisal District
PLAINTIFF'S ORIGINAL PETITION                                              Page 5

determined by the ARB exceed the market value of the Taxable Portion of the Property on January 1, 2015, and are therefore excessive and impermissible by law.

26.     The appraised value of the Taxable Portion of the Property as determined by the ARB exceeds the appraised value required by law within the meaning of Texas Tax Code § 42.25.

27.     The appraised value of the Taxable Portion of the Property as determined by the ARB also appears to constitute an unequal appraisal within the meaning of Texas Tax Code § 42.26, which provides that this Court shall grant relief if: (1) the appraisal ratio of a property exceeds by at least ten percent the median level of appraisal of a reasonable and representative sample of other properties in the District; or (2) the appraisal ratio of a property exceeds by at least ten percent the median level of appraisal of a sample of properties in the District consisting of a reasonable number of other properties similarly situated to, or of the same general kind or character as, the property; or (3) the appraised value of the property exceeds the median appraised value of a reasonable number of comparable properties appropriately adjusted.  The Taxable Portion of the Property appears to have been appraised at an appraisal ratio that exceeds the median (as described in clause (1) and/or (2) above) by at least ten percent, and the Taxable Portion of the Property appears to have been appraised at a value that exceeds the median (as described in clause (3) above).  The appraised value of the Taxable Portion of the Property as determined by the ARB is therefore excessive and impermissible by law.

28.     The excessive and impermissible appraised value of the Taxable Portion of the Property has caused, or will cause, by operation of law each taxing unit that is permitted to assess taxes on the Property to assess an amount of taxes on the Property that exceeds the lawful

amount, thereby injuring Plaintiff.  The taxes assessed, or to be assessed, with respect to the Property are therefore excessive and impermissible by law. .

29.    The levying of a tax on the Property based on a higher taxable value than the value thereof permitted by law is an excessive and impermissible levy, creates an impermissible lien on the Property, and is a cloud on the title.

## COUNT II — VIOLATIONS OF THE TEXAS AND UNITED STATES CONSTITUTIONS

30.    Plaintiff realleges the preceding paragraphs as if fully set forth herein.

31.    The ARB's determinations of the appraised values and market values of the Property violate both the Texas and United States Constitutions.  Article VIII, Section 20 of the Texas Constitution provides that property shall not be assessed for ad valorem taxes at a value greater than its fair cash market value and that no Board of Equalization of any governmental or political subdivision or taxing district within the State of Texas shall fix the value of any property at more than its fair cash market value.  Because the appraised value and market value of the Taxable Portion of the Property as determined by the ARB exceed the fair cash market value of the Taxable Portion of the Property, the Property has been, or will be, assessed for ad valorem taxes at a value greater than its fair cash market value.  The appraised value and the market value of the Taxable Portion of the Property as determined by the ARB are therefore excessive and impermissible by law.

32.    The procedures followed by the District with respect to the Property have resulted in an impermissible disparity between the appraised value of the Taxable Portion of the Property and the appraised values of generally comparable properties.  The actions taken by the District with respect to the Property therefore violate the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution; the provisions of Article VIII, Sections

1 and 2 of the Texas Constitution that require that taxation be equal and uniform and that all real and tangible property in the State of Texas be taxed in proportion to its value, which shall be ascertained as may be provided by law; the due course of law provisions of Article I, Section 19 of the Texas Constitution; the equal protection clause of Article I, Section 3 of the Texas Constitution; and the provisions of Texas Tax Code § 23.01(b) requiring that the market value of property be determined by application of generally accepted appraisal techniques and that the same or similar appraisal techniques be used in appraising the same or similar types of property, considering the individual characteristics of the property that affect the property's market value. The appraised value of the Taxable Portion of the Property as determined by the ARB is therefore excessive and impermissible by law.

33.      The excessive and impermissible appraised value of the Taxable Portion of the Property has caused, or will cause, by operation of law each taxing unit that is permitted to assess taxes on the Property to assess an amount of taxes on the Property that exceeds the lawful amount, thereby injuring Plaintiff.  The taxes assessed, or to be assessed, with respect to the Property are therefore excessive and impermissible by law.

34.      The levying of a tax on the Property based on a higher taxable value than the value thereof permitted by law is an excessive and impermissible levy, creates an impermissible lien on the Property, and is a cloud on the title.

## COUNT III — ATTORNEYS' FEES

35.      Plaintiff realleges the preceding paragraphs as if fully set forth herein.

36.      In order to prosecute this action against the District, Plaintiff has employed the undersigned attorneys to file suit.  Plaintiff agreed to pay such firm a reasonable fee for such services.  Pursuant to Texas Tax Code §§ 42.07 and 42.29, Plaintiff hereby sues the District for,

and is entitled to recover, its costs, reasonable attorneys' fees, and expenses incurred in prosecuting this matter.

## PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, the Court render judgment:

(i) Fixing the appraised values of the Property, as of January 1, 2015, to the amount as properly determined by this Court;

(ii) Compelling the District to take any and all actions necessary to correct the appraisal rolls of the District for the tax year 2015 to reflect the proper appraised values of the Property, to certify such corrections to the assessor for each taxing unit affected by such corrections, to accept receipt of taxes due for the tax year 2015 based on application of the approved tax rates to the proper appraised values, and to refund, or cause to be refunded, to Plaintiff any and all property taxes for the tax year 2015 erroneously or improperly assessed or collected by any and all taxing units with respect to the Property, plus interest thereon according to law;

(iii) Pursuant to Texas Tax Code §§ 42.24, 42.25, and 42.26, entering any and all such other orders necessary to fix the appraised values of the Property in accordance with the requirements of law, to ensure equal treatment under law for the Plaintiff, and to preserve the rights of Plaintiff protected by, and impose on the District and the ARB the duties required by, the law;

(iv) Pursuant to Texas Tax Code §§ 42.07 and 42.29, awarding Plaintiff all costs, expenses, and reasonable attorneys' fees incurred in this proceeding and possible future appeals;

(v) Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed by law; and

(vi) Granting Plaintiff such other and further relief, both legal and equitable, general and specific, to which Plaintiff may be justly entitled.


DATED:    August 21, 2015

Respectfully submitted,

Cynthia M. Ohlenforst
State Bar No. 15236698
Cindy.Ohlenforst@klgates.com
Andrew B. Russell
State Bar No. 24034661
Andrew.Russell@klgates.com
Sam Megally
State Bar No. 24051039
Sam.Megally@klgates.com

**K&L GATES LLP**
1717 Main Street, Suite 2800
Dallas, Texas 75201
214.939.5500
214.939.5849 Facsimile

**ATTORNEYS FOR PLAINTIFF**
**OAK GROVE MANAGEMENT**
**COMPANY LLC**

# EXHIBIT A

## Notice of Final Order

Property Tax
**Form 50-222**

Appraisal Review Board
for **ROBERTSON** _____ County
**PO BOX 998**
**FRANKLIN, TEXAS 77856**
Case No. **IND19**
Owner's Name **OAK GROVE MANAGEMENT CO**

To: **OAK GROVE MANAGEMENT CO STAE & LOCAL TAX DEPT**
**PO BOX 219071**
**DALLAS, TEXAS 75221-9071**
Property Account No. **2-001265-000025**
Property Legal Description: **OAK GROVE IS86 TOEG EXEMPT**

A PROPERTY OWNER HAS A RIGHT TO APPEAL IN DISTRICT COURT AN APPRAISAL REVIEW BOARD ORDER DETERMINING A PROTEST AS PROVIDED BY TEXAS TAX CODE CHAPTER 42. TO APPEAL SUCH AN ORDER TO DISTRICT COURT, A PARTY MUST FILE A PETITION FOR REVIEW WITH THE DISTRICT COURT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE THAT A FINAL ORDER HAS BEEN ENTERED FROM WHICH AN APPEAL MAY BE HAD OR AT ANY TIME AFTER THE HEARING BUT BEFORE THE 60-DAY DEADLINE. A PROPERTY OWNER ALSO HAS A RIGHT TO APPEAL IN DISTRICT COURT A DETERMINATION OF AN APPRAISAL REVIEW BOARD ON A MOTION FILED UNDER TEXAS TAX CODE SECTION 25.25. THE LAW PROVIDES THAT TO FILE SUIT TO COMPEL AN APPRAISAL REVIEW BOARD TO ORDER A CHANGE IN THE APPRAISAL ROLL UNDER SECTION 25.25, A PARTY MUST FILE SUIT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE OF THE APPRAISAL REVIEW BOARD'S DETERMINATION OF A MOTION UNDER SECTION 25.25 OR A DETERMINATION THAT THE PROPERTY OWNER HAS FAILED TO COMPLY WITH THE PRE-PAYMENT REQUIREMENTS. FAILURE TO TIMELY FILE A PETITION BARS AN APPEAL TO DISTRICT COURT.

A PARTY OTHER THAN A PROPERTY OWNER, IN ORDER TO EXERCISE THE PARTY'S RIGHT TO APPEAL AN ORDER OF AN APPRAISAL REVIEW BOARD, MUST FILE A WRITTEN NOTICE OF APPEAL WITHIN 15 DAYS AFTER THE DATE THE PARTY RECEIVES THIS NOTICE OR, IN THE CASE OF A TAXING UNIT, WITHIN 15 DAYS AFTER THE DATE THE TAXING UNIT RECEIVES NOTICE PURSUANT TO TEXAS TAX CODE SECTION 41.07.

For more information regarding appeal to district court, you should consult Texas Tax Code Chapter 42 and the clerk of the court. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, a property owner may appeal through binding arbitration an appraisal review board order determining a protest filed under Section 41.41(a)(1) or (2) of the Texas Tax Code concerning the appraised or market value of property if:

(1) the property qualifies as the owner's residence homestead under Section 11.13 of the Texas Tax Code; or

(2) the appraised or market value, as applicable, of the property as determined by the order is $1 million or less.

To appeal an appraisal review board order through binding arbitration, a property owner must file with the appraisal district not later than the 45th day after the date the property owner receives notice of the order:

(1) a completed request for binding arbitration, a copy of which is enclosed with this notice; and

(2) an arbitration deposit made payable to the comptroller in the amount provided under Chapter 41A of the Texas Tax Code.

For more information regarding appeal through binding arbitration, you should consult Texas Tax Code Chapter 41A and related Comptroller rules. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, certain property owners may appeal to the State Office of Administrative Hearings (SOAH) an appraisal review board order determining a protest concerning the appraised or market value of property brought under Section 41.41(a)(1) or (2) of the Texas Tax Code if the appraised or market value, as applicable, of the property that was the subject of the protest, as determined by the appraisal review board order, is more than $1 million.

Appeals to SOAH are currently subject to limitations of a pilot program for the following counties: Bexar, Cameron, Collin, Denton, El Paso, Fort Bend, Harris, Montgomery, Nueces, Tarrant, and Travis. Beginning with the 2014 tax year, appeals to SOAH apply to all counties. To appeal an appraisal review board order to SOAH, a property owner must file with the chief appraiser of the appraisal district not later than the 30th day after the date the property owner receives notice of the order:

(1) a completed notice of appeal to SOAH, a copy of which is enclosed with this notice; and

(2) not later than the 90th day after the date the property owner receives the notice of order a deposit of $1,500 made payable to SOAH must be filed with the appraisal district.

For more information regarding appeal to SOAH, you should consult Texas Government Code Chapter 2003 and related SOAH rules. If you need legal advice, you should consult an attorney.

It is important to note that the pendency of an appeal, whether to district court, through binding arbitration, or to SOAH, does not affect the delinquency date for the taxes on the property subject to the appeal. For more specific information, consult the applicable statutes and rules.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our Web site:
www.window.state.tx.us/taxinfo/proptax

50-222 • 6-15/11

# Order Determining Protest or Notice of Dismissal

**Property Tax Form 50-221**

Appraisal Review Board

**ROBERTSON** _____ County, Texas

Case No. **IND19**

Owner's Name: **OAK GROVE MANAGEMENT CO**

Property Account No: **2-001265-000025**

Property Legal Description: **OAK GROVE SES TCEQ EXEMPT**

## ORDER DETERMINING PROTEST OR NOTICE OF DISMISSAL

On **JUNE 18**, **2015**, the Appraisal Review Board of **ROBERTSON** County, Texas, heard the protest of **OAK GROVE MANAGEMENT CO** concerning the appraisal records for tax year **2015**.

The Board delivered proper notice of the date, time, and place of the hearing. The property owner or agent and the chief appraiser of the appraisal district were given the opportunity to testify and to present evidence. After considering the evidence and arguments presented at the hearing, the Board has determined that the protest concerned the following action(s) permitted by Section 41.41(a), Tax Code:

- [x] excessive appraised or market value,
- [x] unequal appraisal,
- [ ] inclusion of the property on the appraisal records,
- [x] denial in whole or in part of a partial exemption,
- [ ] determination that land does not qualify for appraisal according to Subchapters C, D, E, or H, Chapter 23, or
- [x] any other matter permitted by Section 41.41(a).

Based on the evidence, the Board makes the following determination(s) as indicated by a ✓ mark and hereby issues the following as its ORDER DETERMINING PROTEST OR NOTICE OF DISMISSAL:

- [ ] The appraisal review board lacks jurisdiction to determine the protest and hereby dismisses the protest.
- [ ] The property's appraised value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of $ _____.
- [ ] The property's market value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of $ _____.
- [x] The appraised or market value of the subject property is not excessive and the appraisal records should not be changed or should be increased. The appraised value is $ **383,300,000**, and the market value is $ **383,300,000**.
- [ ] The subject property was unequally appraised, and the appraisal records should be adjusted to reflect a value of $ _____.
- [x] The subject property was not unequally appraised, and the appraisal records should not be changed.
- [ ] The subject property qualified for the exemption for which application was made, and the appraisal records should be changed accordingly.
- [ ] The subject property qualified for special appraisal, and the appraisal records should be changed to reflect an appraised value of $ _____.
- [ ] The property owner's protest concerning other matters permitted by Section 41.41(a) is upheld, and the appraisal records should be changed to reflect the following change(s): _____
- [x] The property owner's protest concerning other matters permitted by Section 41.41(a) is denied, and the appraisal records should not be changed.

* If changes to the appraisal records are ordered due to a determination of excessive appraised or market value and also a determination of unequal appraisal, the lower of the two determinations shall be shown in the appraisal records.

sign here ► _____  Chair, Appraisal Review Board

Date **23 June 2015**

* as shown in the appraisal records submitted to the board by the chief appraiser under Section 25.22 or 25.23.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our website: www.comptroller.texas.gov/taxinfo/proptax

50-221 • 12-14/11



| Notice of Final Order | Property Tax Form 50-222 |

| Appraisal Review Board for ROBERTSON County | To: OAK GROVE MANAGEMENT CO STATE & LOCAL TAX DEPT |
| PO BOX 998 | PO BOX 219071 |
| FRANKLIN, TEXAS 77856 | DALLAS, TEXAS 75221-9071 |
| Case No. IND19 | Property Account No. 2-001265-000020 |
| Owner's Name OAK GROVE MANAGEMENT CO | Property Legal Description: OAK GROVE SES UNIT 1&2 |

A PROPERTY OWNER HAS A RIGHT TO APPEAL IN DISTRICT COURT AN APPRAISAL REVIEW BOARD ORDER DETERMINING A PROTEST AS PROVIDED BY TEXAS TAX CODE CHAPTER 42. TO APPEAL SUCH AN ORDER TO DISTRICT COURT, A PARTY MUST FILE A PETITION FOR REVIEW WITH THE DISTRICT COURT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE THAT A FINAL ORDER HAS BEEN ENTERED FROM WHICH AN APPEAL MAY BE HAD OR AT ANY TIME AFTER THE HEARING BUT BEFORE THE 60-DAY DEADLINE. A PROPERTY OWNER ALSO HAS A RIGHT TO APPEAL IN DISTRICT COURT A DETERMINATION OF AN APPRAISAL REVIEW BOARD ON A MOTION FILED UNDER TEXAS TAX CODE SECTION 25.25. THE LAW PROVIDES THAT TO FILE SUIT TO COMPEL AN APPRAISAL REVIEW BOARD TO ORDER A CHANGE IN THE APPRAISAL ROLL UNDER SECTION 25.25, A PARTY MUST FILE SUIT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE OF THE APPRAISAL REVIEW BOARD'S DETERMINATION OF A MOTION UNDER SECTION 25.25 OR A DETERMINATION THAT THE PROPERTY OWNER HAS FAILED TO COMPLY WITH THE PRE-PAYMENT REQUIREMENTS. FAILURE TO TIMELY FILE A PETITION BARS AN APPEAL TO DISTRICT COURT.

A PARTY OTHER THAN A PROPERTY OWNER, IN ORDER TO EXERCISE THE PARTY'S RIGHT TO APPEAL AN ORDER OF AN APPRAISAL REVIEW BOARD, MUST FILE A WRITTEN NOTICE OF APPEAL WITHIN 15 DAYS AFTER THE DATE THE PARTY RECEIVES THIS NOTICE OR, IN THE CASE OF A TAXING UNIT, WITHIN 15 DAYS AFTER THE DATE THE TAXING UNIT RECEIVES NOTICE PURSUANT TO TEXAS TAX CODE SECTION 41.07.

For more information regarding appeal to district court, you should consult Texas Tax Code Chapter 42 and the clerk of the court. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, a property owner may appeal through binding arbitration an appraisal review board order determining a protest filed under Section 41.41(a)(1) or (2) of the Texas Tax Code concerning the appraised or market value of property if:

(1) the property qualifies as the owner's residence homestead under Section 11.13 of the Texas Tax Code; or

(2) the appraised or market value, as applicable, of the property as determined by the order is $1 million or less.

To appeal an appraisal review board order through binding arbitration, a property owner must file with the appraisal district not later than the 45th day after the date the property owner receives notice of the order:

(1) a completed request for binding arbitration, a copy of which is enclosed with this notice; and

(2) an arbitration deposit made payable to the comptroller in the amount provided under Chapter 41A of the Texas Tax Code.

For more information regarding appeal through binding arbitration, you should consult Texas Tax Code Chapter 41A and related Comptroller rules. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, certain property owners may appeal to the State Office of Administrative Hearings (SOAH) an appraisal review board order determining a protest concerning the appraised or market value of property brought under Section 41.41(a)(1) or (2) of the Texas Tax Code if the appraised or market value, as applicable, of the property that was the subject of the protest, as determined by the appraisal review board order, is more than $1 million.

Appeals to SOAH are currently subject to limitations of a pilot program for the following counties: Bexar, Cameron, Collin, Denton, El Paso, Fort Bend, Harris, Montgomery, Nueces, Tarrant, and Travis. Beginning with the 2014 tax year, appeals to SOAH apply to all counties. To appeal an appraisal review board order to SOAH, a property owner must file with the chief appraiser of the appraisal district not later than the 30th day after the date the property owner receives notice of the order:

(1) a completed notice of appeal to SOAH, a copy of which is enclosed with this notice; and

(2) not later than the 90th day after the date the property receives the notice of order a deposit of $1,500 made payable to SOAH must be filed with the appraisal district.

For more information regarding appeal to SOAH, you should consult Texas Government Code Chapter 2003 and related SOAH rules. If you need legal advice, you should consult an attorney.

It is important to note that the pendency of an appeal, whether to district court, through binding arbitration, or to SOAH, does not affect the delinquency date for the taxes on the property subject to the appeal. For more specific information, consult the applicable statutes and rules.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our Web site: www.window.state.tx.us/taxinfo/proptax

50-222 • 6-13/11

# Order Determining Protest or Notice of Dismissal

**Property Tax**
**Form 50-221**

Appraisal Review Board

**ROBERTSON** _____ County, Texas

Case No. **IND19** _____

Owner's Name: **OAK GROVE MANAGEMENT CO**

Property Account No: **2-001285-000020**

Property Legal Description: **OAK GROVE SES UNITS 1&2**

### ORDER DETERMINING PROTEST OR NOTICE OF DISMISSAL

On **JUNE 18** _____, **2015** , the Appraisal Review Board of **ROBERTSON** _____ County, Texas, heard the protest of **OAK GROVE MANAGEMENT CO** _____ concerning the appraisal records for tax year **2015** .

The Board delivered proper notice of the date, time, and place of the hearing. The property owner or agent and the chief appraiser of the appraisal district were given the opportunity to testify and to present evidence. After considering the evidence and arguments presented at the hearing, the Board has determined that the protest concerned the following action(s) permitted by Section 41.41(a), Tax Code:

- [x] excessive appraised or market value,
- [x] unequal appraisal,
- [ ] inclusion of the property on the appraisal records,
- [x] denial in whole or in part of a partial exemption,
- [ ] determination that land does not qualify for appraisal according to Subchapters C, D, E, or H, Chapter 23, or
- [x] any other matter permitted by Section 41.41(a).

Based on the evidence, the Board makes the following determination(s) as indicated by a ✓ mark and hereby issues the following as its ORDER DETERMINING PROTEST OR NOTICE OF DISMISSAL:

- [ ] The appraisal review board lacks jurisdiction to determine the protest and hereby dismisses the protest.
- [ ] The property's appraised value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of $ _____ .
- [ ] The property's market value is excessive, and the appraisal records should be changed to $ _____ from the CAD value* of $ _____ .
- [x] The appraised or market value of the subject property is not excessive and the appraisal records should not be changed or should be increased. The appraised value is $ **1,041,700,000** , and the market value is $ **1,041,700,000** .
- [ ] The subject property was unequally appraised, and the appraisal records should be adjusted to reflect a value of $ _____ .
- [x] The subject property was not unequally appraised, and the appraisal records should not be changed.
- [ ] The subject property qualified for the exemption for which application was made, and the appraisal records should be changed accordingly.
- [ ] The subject property qualified for special appraisal, and the appraisal records should be changed to reflect an appraised value of $ _____ .
- [ ] The property owner's protest concerning other matters permitted by Section 41.41(a) is upheld, and the appraisal records should be changed to reflect the following change(s): _____
- [x] The property owner's protest concerning other matters permitted by Section 41.41(a) is denied, and the appraisal records should not be changed.

\* If changes to the appraisal records are ordered due to a determination of excessive appraised or market value and also a determination of unequal appraisal, the lower of the two determinations shall be shown in the appraisal records.

sign here ➤ _____     23 June 2015
Chair, Appraisal Review Board                Date

\* as shown in the appraisal records submitted to the board by the chief appraiser under Section 25.22 or 25.23.

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our website:
www.comptroller.texas.gov/taxinfo/proptax

50-221 • 12-14/11

38,568

Titus County - District Clerk

Filed: 8/21/2015 2:14:18 PM
Debra Abston
District Clerk
Titus County, Texas
Renee Blanton

NO. 38,568

| | | |
|---|---|---|
| LUMINANT GENERATION COMPANY LLC, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | TITUS COUNTY, TEXAS |
| TITUS COUNTY APPRAISAL DISTRICT, | § § § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Luminant Generation Company LLC ("Plaintiff") files its Original Petition, and states the following:

### DISCOVERY CONTROL PLAN

1.    Pursuant to Texas Rule of Civil Procedure 190.4, Plaintiff alleges that discovery should be conducted under Level 3.

### SUMMARY

2.    Like any other taxpayer, Plaintiff is entitled to a fair and reasonable determination of the taxable value of its property. For this reason, Plaintiff files this Original Petition to appeal the order of the Appraisal Review Board (the "ARB") for Titus County Appraisal District. The ARB set a taxable value for the property at issue in this action that is unfair and unreasonable.

3.    The taxable value of the property at issue has declined over the past several years. Substantial costs are involved in operating this property, including the cost of fuel and the costs of compliance with regulatory requirements. Market prices also impact both expenses incurred in operating this property and the prices at which Plaintiff can sell its production. Multiple

Luminant Generation Company LLC v. Titus County Appraisal District
PLAINTIFF'S ORIGINAL PETITION                                                      Page 1

factors impact power prices, including competition from natural gas plants and wind and solar farms, as well as marketplace supply and demand. These and other factors result in an actual taxable value lower than the taxable value stated in the ARB order.

4.    For these reasons, Plaintiff appeals the ARB order to ensure that it is treated fairly and that a reasonable taxable value for the property at issue is determined, including by taking into account the numerous factors that substantially reduce this property's taxable value.

<u>PARTIES</u>

5.    Plaintiff is a limited liability company with its principal place of business at 1601 Bryan Street, Dallas, Texas 75201. Plaintiff was, on January 1, 2015, the owner of the property at issue, which is identified in Paragraphs 11 and 12 below.

6.    Defendant Titus County Appraisal District (the "District") is a political subdivision of the State of Texas located in Titus County, Texas, and is duly organized and acting pursuant to the laws of the State. The District may be served with process by serving Geraldine Hull, the Chief Appraiser of the District, or by serving any other officer or employee of the District present at its offices located at 2404 West Ferguson Road, Mount Pleasant, Texas 75455 at a time when the appraisal office is open for business with the public.

<u>JURISDICTION AND VENUE</u>

7.    Plaintiff brings this action to appeal the order and the determinations made by the ARB with respect to Plaintiff's protest and to preserve its rights under state law. Jurisdiction of this action is conferred on this Court by Texas Tax Code § 42.21. In accordance with Texas Tax Code § 42.22, venue of this action is proper in Titus County, Texas, the county in which the ARB is located.

8.    Plaintiff has exhausted all available administrative remedies prior to bringing this cause of action.

## FACTS RELEVANT TO THE BANKRUPTCY PROCEEDING

9.    On April 29, 2014, Plaintiff and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for chapter 11 bankruptcy relief in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The bankruptcy cases are jointly administered before the Honorable Christopher S. Sontchi under the lead case styled and numbered as *In re Energy Future Holdings Corp.*, 14-10979. The Debtors are operating their businesses and managing their properties as debtors in possession. No trustee has been appointed.

10.    Plaintiff files this Original Petition within the time period permitted by Texas Tax Code § 42.21 to preserve its rights under Texas law. On the same day as it makes this filing, Plaintiff has filed, or will file, a motion pursuant to 11 U.S.C. §§ 105, 505, and 506 seeking adjudication in the Bankruptcy Court of the property tax values and tax issues in this case and in other cases in which Plaintiff and Plaintiff's affiliates are contesting property tax values and tax issues. The Bankruptcy Court is familiar with the Debtors' businesses and properties, and it provides a single forum to efficiently adjudicate tax issues facing Plaintiff and Plaintiff's affiliates along with other matters affecting the Debtors' ability to restructure.

## FACTS RELEVANT TO THIS DISPUTE

11.    The property in dispute (the "Property") is generally known as the Monticello Power Plant, occupied entirely by Plaintiff. At all relevant times, Plaintiff owned the Property.

12.    The Property, which comprises both certain taxable, nonexempt items and certain exempt items, is identified and described on the appraisal records of the District as follows:

Luminant Generation Company LLC v. Titus County Appraisal District
PLAINTIFF'S ORIGINAL PETITION                                              Page 3

| | |
|---|---|
| Property ID: | 316206 |
| Geographic ID: | 070135-0-00100000 |
| Property Legal Description: | Monticello Generating Plant 1574 Monticello Rd |
| | 0 9900100 0173500-9900100 |
| Owner ID: | 139070[1] |

13.    Plaintiff received a notice of appraised value from the District with respect to the Property for the 2015 tax year.

14.    Plaintiff timely filed a notice with the ARB protesting the valuations assigned to the Property by the appraiser for the 2015 tax year.

15.    By affidavit dated June 25, 2015, Plaintiff duly appeared before the ARB on such protest.

16.    Plaintiff received from the ARB an order dated June 29, 2015, determining Plaintiff's protest with respect to the 2015 valuations of the Property (the "2015 Order"). Plaintiff attaches the 2015 Order as **EXHIBIT A** and incorporates them by reference.

17.    The 2015 Order indicates a market value of $419,750,000 and an appraised value of $341,292,290 for the Property.[2]  The appraised value and market value of the Property determined by the ARB grossly exceed the market value of the Property.

18.    Plaintiff's Original Petition is timely filed pursuant to Texas Tax Code § 42.21.

---

[1] The Order Determining Protest received from the ARB includes this geographic ID number as an account number and also includes this property ID number.  However, the notice of appraised value received from the District appears to utilize a different numbering convention for describing the Property.  The notice of appraised value received from the District describes the Property as follows: Seq: 9900100, Owner #: 70135, 0173500-9900100; and Monticello Generating Plant TCEQ Pollution Exemption Equip; Seq: 9900110; Owner #: 70135.

[2] The 2015 Order refers to an "assessed value," which is apparently intended to correspond to the Property's appraised value in the District's appraisal rolls.  However, the 2015 Order appears to inadvertently transpose numerals in the assessed value; the District's appraisal rolls indicate an appraised value for the Property of $341,292,920, which differs from the assessed value of $341,292,290 indicated in the 2015 Order. The 2015 Order also refers to an "exemption value" of $78,457,081, which differs from the $78,457,080 exemption value indicated in the notice of appraised value received from the District.

19.    Before the delinquency date, Plaintiff will pay the amount of taxes due on the portion of the taxable value of the Property that is not in dispute as required by Texas Tax Code § 42.08.

20.    All conditions precedent to Plaintiff's right of judicial review of the ARB's decisions have occurred, been performed, or were waived. Plaintiff is entitled to a trial de novo to determine the appraised value of the Property for the 2015 tax year.

21.    Plaintiff has retained the undersigned counsel to protect its rights and pursue its remedies against the District.

### RULE 47(c) DISCLOSURE

22.    Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of over $1,000,000.

### CAUSES OF ACTION

### COUNT I — VIOLATIONS OF THE TEXAS TAX CODE

23.    Plaintiff realleges the preceding paragraphs as if fully set forth herein.

24.    The appraised value and the market value of the Property, according to the appraisal rolls and appraisal records of the District for the tax year 2015 as determined by the ARB, exceed the value thereof permitted by law for the tax year 2015, including because the ARB determination of the appraised value of the Property appears improperly to deny or modify an exemption to which Plaintiff is entitled with respect to the Property.

25.    Texas Tax Code § 23.01 requires that all taxable property be appraised at its "market value" (as such term is defined in Texas Tax Code § 1.04(7)) as of January 1 of the tax year. The appraised value and the market value of the Property as determined by the ARB

exceed the market value of the Property on January 1, 2015, and are therefore excessive and impermissible by law.

26.    The appraised value of the Property as determined by the ARB exceeds the appraised value required by law within the meaning of Texas Tax Code § 42.25.

27.    The appraised value of the Property as determined by the ARB also appears to constitute an unequal appraisal within the meaning of Texas Tax Code § 42.26, which provides that this Court shall grant relief if: (1) the appraisal ratio of a property exceeds by at least ten percent the median level of appraisal of a reasonable and representative sample of other properties in the District; or (2) the appraisal ratio of a property exceeds by at least ten percent the median level of appraisal of a sample of properties in the District consisting of a reasonable number of other properties similarly situated to, or of the same general kind or character as, the property; or (3) the appraised value of the property exceeds the median appraised value of a reasonable number of comparable properties appropriately adjusted.  The Property appears to have been appraised at an appraisal ratio that exceeds the median (as described in clause (1) and/or (2) above) by at least ten percent, and the Property appears to have been appraised at a value that exceeds the median (as described in clause (3) above).  The appraised value of the Property as determined by the ARB is therefore excessive and impermissible by law.

28.    The excessive and impermissible appraised value of the Property has caused, or will cause, by operation of law each taxing unit that is permitted to assess taxes on the Property to assess an amount of taxes on the Property that exceeds the lawful amount, thereby injuring Plaintiff.  The taxes assessed, or to be assessed, with respect to the Property are therefore excessive and impermissible by law.

29.    The levying of a tax on the Property based on a higher taxable value than the value thereof permitted by law is an excessive and impermissible levy, creates an impermissible lien on the Property, and is a cloud on the title.

## COUNT II — VIOLATIONS OF THE TEXAS AND UNITED STATES CONSTITUTIONS

30.    Plaintiff realleges the preceding paragraphs as if fully set forth herein.

31.    The ARB's determinations of the appraised value and market value of the Property violate both the Texas and United States Constitutions. Article VIII, Section 20 of the Texas Constitution provides that property shall not be assessed for ad valorem taxes at a value greater than its fair cash market value and that no Board of Equalization of any governmental or political subdivision or taxing district within the State of Texas shall fix the value of any property at more than its fair cash market value. Because the appraised value and market value of the Property as determined by the ARB exceed the fair cash market value of the Property, the Property has been, or will be, assessed for ad valorem taxes at a value greater than its fair cash market value. The appraised value and the market value of the Property as determined by the ARB are therefore excessive and impermissible by law.

32.    The procedures followed by the District with respect to the Property have resulted in an impermissible disparity between the appraised value of the Property and the appraised values of generally comparable properties. The actions taken by the District with respect to the Property therefore violate the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution; the provisions of Article VIII, Sections 1 and 2 of the Texas Constitution that require that taxation be equal and uniform and that all real and tangible property in the State of Texas be taxed in proportion to its value, which shall be

ascertained as may be provided by law; the due course of law provisions of Article I, Section 19 of the Texas Constitution; the equal protection clause of Article I, Section 3 of the Texas Constitution; and the provisions of Texas Tax Code § 23.01(b) requiring that the market value of property be determined by application of generally accepted appraisal techniques and that the same or similar appraisal techniques be used in appraising the same or similar types of property, considering the individual characteristics of the property that affect the property's market value. The appraised value of the Property as determined by the ARB is therefore excessive and impermissible by law.

33.     The excessive and impermissible appraised value of the Property has caused, or will cause, by operation of law each taxing unit that is permitted to assess taxes on the Property to assess an amount of taxes on the Property that exceeds the lawful amount, thereby injuring Plaintiff. The taxes assessed, or to be assessed, with respect to the Property are therefore excessive and impermissible by law.

34.     The levying of a tax on the Property based on a higher taxable value than the value thereof permitted by law is an excessive and impermissible levy, creates an impermissible lien on the Property, and is a cloud on the title.

### COUNT III — ATTORNEYS' FEES

35.     Plaintiff realleges the preceding paragraphs as if fully set forth herein.

36.     In order to prosecute this action against the District, Plaintiff has employed the undersigned attorneys to file suit. Plaintiff agreed to pay such firm a reasonable fee for such services. Pursuant to Texas Tax Code §§ 42.07 and 42.29, Plaintiff hereby sues the District for, and is entitled to recover, its costs, reasonable attorneys' fees, and expenses incurred in prosecuting this matter.

## PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, the Court render judgment:

(i)    Fixing the appraised value of the Property, as of January 1, 2015, to the amount as properly determined by this Court;

(ii)    Compelling the District to take any and all actions necessary to correct the appraisal rolls of the District for the tax year 2015 to reflect the proper appraised value of the Property, to certify such corrections to the assessor for each taxing unit affected by such corrections, to accept receipt of taxes due for the tax year 2015 based on application of the approved tax rates to the proper appraised value, and to refund, or cause to be refunded, to Plaintiff any and all property taxes for the tax year 2015 erroneously or improperly assessed or collected by any and all taxing units with respect to the Property, plus interest thereon according to law;

(iii)    Pursuant to Texas Tax Code §§ 42.24, 42.25, and 42.26, entering any and all such other orders necessary to fix the appraised value of the Property in accordance with the requirements of law, to ensure equal treatment under law for the Plaintiff, and to preserve the rights of Plaintiff protected by, and impose on the District and the ARB the duties required by, the law;

(iv)    Pursuant to Texas Tax Code §§ 42.07 and 42.29, awarding Plaintiff all costs, expenses, and reasonable attorneys' fees incurred in this proceeding and possible future appeals;

(v)    Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed by law; and

(vi)    Granting Plaintiff such other and further relief, both legal and equitable, general and specific, to which Plaintiff may be justly entitled.


DATED:      August 21, 2015

Respectfully submitted,

Cindy Ohlenforst

Cynthia M. Ohlenforst
State Bar No. 15236600
Cindy.Ohlenforst@klgates.com
Andrew B. Russell
State Bar No. 24034661
Andrew.Russell@klgates.com
Sam Megally
State Bar No. 24051039
Sam.Megally@klgates.com

**K&L GATES LLP**
1717 Main Street, Suite 2800
Dallas, Texas 75201
214.939.5500
214.939.5849 Facsimile

**ATTORNEYS FOR PLAINTIFF**
**LUMINANT GENERATION**
**COMPANY LLC**

# EXHIBIT A

TA-779
(01-10/1)

## NOTICE OF FINAL ORDER WITH FORM FOR NOTICE OF APPEAL

| | |
|---|---|
| Appraisal Review Board for:<br>Titus County Appraisal District<br>2404 W. Ferguson<br>PO Box 528<br>Mount Pleasant TX 75456-0528<br><br>139070<br>LUMINANT GENERATION CO LLC<br>STATE & LOCAL TAX DEPARTMENT<br>PO BOX 219071<br><br>DALLAS, TX 75221-9071 | certified mail # 7012 0470 0001 1314 3402<br><br>Account #: 070135-0-00100000<br>Case #: 2015-168<br>Prop ID: 316206<br>Legal Desc:   MONTICELLO GENERATING PLANT 1574<br>MONTICELLO RD 0 9900100 0173500-<br>9900100 |

Date: 08/29/15
### NOTICE OF FINAL ORDER

THE APPRAISAL REVIEW BOARD HAS MADE A FINAL DECISION ON YOUR PROTEST. A COPY OF THE ORDER DETERMINING THE PROTEST IS ENCLOSED WITH THIS NOTICE.

YOU HAVE A RIGHT TO APPEAL THIS ORDER TO THE DISTRICT COURT. IF YOU WANT TO APPEAL AND HAVE QUESTIONS, YOU SHOULD CONSULT AN ATTORNEY. PLEASE SEE THE FULL NOTICE OF FINAL ORDER ON PAGE 3 FOR GROUNDS FOR APPEAL AND FILING A PETITION. IF YOU DO APPEAL AND YOUR CASE IS PENDING, YOU MUST PAY THE AMOUNT OF TAXES NOT IN DISPUTE OR THE AMOUNT OF TAXES DUE ON THE PROPERTY UNDER THE ARB ORDER, WHICHEVER IS LOWER, TO EACH TAXING UNIT BEFORE TAXES FOR THE YEAR BECOME DELINQUENT.

You can use this form if you wish to appeal the above order.

| Mail<br>To: | Chief Appraiser<br>Titus County Appraisal District<br>2404 W. Ferguson<br>Mount Pleasant, TX 75456-0528 | From: | LUMINANT GENERATION CO<br>LLC STATE & LOCAL TAX<br>DEPARTMENT<br>PO BOX 219071<br><br>DALLAS, TX 75221-9071 |
|---|---|---|---|

### NOTICE OF APPEAL OF
### APPRAISAL REVIEW BOARD ORDER*

This is formal notice that I intend to appeal the order of the Appraisal Review Board in

Case No.: 2015-168 Prop ID: 316206 Account #: 070135-0-00100000

Return address if different from above:

sign
here _____

Date: _____

*Required to be filed by a protesting party who is not the property owner

TA-221
(03-132)

## ORDER DETERMINING PROTEST

Appraisal Review Board for:
Titus County Appraisal District
2404 W. Ferguson
PO Box 528
Mount Pleasant, TX 75456-0528

CM# 7012 0470 0001 1314 3402

Account #: 070135-0-00100000
Case #: 2015-188
Prop ID: 318206
Legal Desc:    MONTICELLO GENERATING PLANT 1574
MONTICELLO RD 0 9900100 0173500-
9900100

13907D
LUMINANT GENERATION CO LLC
STATE & LOCAL TAX DEPARTMENT
PO BOX 219071

DALLAS, TX 76221-9071

Appraisal Review Board
Titus County Appraisal District

### ORDER DETERMINING PROTEST

On June 29, 2015, the Appraisal Review Board of Titus County, Texas, heard the protest of LUMINANT GENERATION CO LLC concerning the appraisal records for tax year 2015 .

The Board delivered proper notice of the date, time, and place of the hearing. The property owner or agent and the chief appraiser of the appraisal district were given the opportunity to testify and to present evidence. After considering the evidence and arguments presented at the hearing, the Board has determined that the protest concerned the following action(s) permitted by Section 41.41(a), Tax Code:

Q01 (Value is over market value.)
Q02 (Value is unequal compared with other properties)
Q06 (Other)

Having heard the evidence and arguments from both sides, the Appraisal Review Board with a quorum present determined that:

The appraisal records are correct and should not be changed.
Appraiser Assigned Value:    419,750,000
ARB Assigned Market:    419,750,000
ARB Assigned Equity:    419,750,000

If an ARB determination is not shown for a protested issue, it was withdrawn before or during the protest hearing.

The Appraisal Review Board therefore ORDERS that:

The chief appraiser shall make no change to the appraisal records concerning this property and the values shall remain as follows:

|  | ARB Submitted** | Final Values* |
|---|---|---|
| MINERAL PROPERTY VALUE: | 419,750,000 | 419,750,000 |
| EXEMPTION VALUE | 78,467,081 | 78,467,081 |
| ASSESSED VALUE | 341,282,290 | 341,282,290 |
|  | $ | $ |
|  | $ | $ |
|  | $ | $ |
|  | $ | $ |
|  | $ | $ |

*If changes to the appraisal records are ordered due to a determination of excessive appraised or market value and also a determination of unequal appraisal, the lower of the two determinations shall be shown in the appraisal records.
** as shown in the appraisal records submitted to the board by the chief appraiser under Section 25.22 or 25.23

TA-222
(6-12/11)

## NOTICE OF FINAL ORDER

CM# 7012 0470 0001 1314 3402

### Notice of Final Order

A PROPERTY OWNER HAS A RIGHT TO APPEAL IN DISTRICT COURT AN APPRAISAL REVIEW BOARD ORDER DETERMINING A PROTEST AS PROVIDED BY TEXAS TAX CODE CHAPTER 42. TO APPEAL SUCH AN ORDER TO DISTRICT COURT, A PARTY MUST FILE A PETITION FOR REVIEW WITH THE DISTRICT COURT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE THAT A FINAL ORDER HAS BEEN ENTERED FROM WHICH AN APPEAL MAY BE HAD OR AT ANY TIME AFTER THE HEARING BUT BEFORE THE 60-DAY DEADLINE. A PROPERTY OWNER ALSO HAS A RIGHT TO APPEAL IN DISTRICT COURT A DETERMINATION OF AN APPRAISAL REVIEW BOARD ON A MOTION FILED UNDER SECTION 25.25, TEXAS TAX CODE. THE LAW PROVIDES THAT TO FILE SUIT TO COMPEL AN APPRAISAL REVIEW BOARD TO ORDER A CHANGE IN THE APPRAISAL ROLL UNDER SECTION 25.25, A PARTY MUST FILE SUIT WITHIN 60 DAYS AFTER THE PARTY RECEIVES NOTICE OF THE APPRAISAL REVIEW BOARD'S DETERMINATION OF A MOTION UNDER SECTION 25.25 OR A DETERMINATION THAT THE PROPERTY OWNER HAS FAILED TO COMPLY WITH THE PRE-PAYMENT REQUIREMENTS. FAILURE TO TIMELY FILE A PETITION BARS AN APPEAL TO DISTRICT COURT.
A PARTY OTHER THAN A PROPERTY OWNER, IN ORDER TO EXERCISE THE PARTY'S RIGHT TO APPEAL AN ORDER OF AN APPRAISAL REVIEW BOARD, MUST FILE A WRITTEN NOTICE OF APPEAL WITHIN 15 DAYS AFTER THE DATE THE PARTY RECEIVES THIS NOTICE OR, IN THE CASE OF A TAXING UNIT, WITHIN 15 DAYS AFTER THE DATE THE TAXING UNIT RECEIVES NOTICE PURSUANT TO SECTION 41.07, TEXAS TAX CODE.

For more information regarding appeal to district court, you should consult Texas Tax Code, Chapter 42 and the clerk of the court. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, a property owner may appeal through binding arbitration an appraisal review board order determining a protest filed under Section 41.41(a)(1) or (2) of the Texas Tax Code concerning the appraised or market value of property if:

(1) the property qualifies as the owner's residence homestead under Section 11.13 of the Texas Tax Code; or
(2) the appraised or market value, as applicable, of the property as determined by the order is $1 million or less.

To appeal an appraisal review board order through binding arbitration, a property owner must file with the appraisal district not later than the 45th day after the date the property owner receives notice of the order:

(1) a completed request for binding arbitration, a copy of which is enclosed with this notice; and
(2) an arbitration deposit made payable to the comptroller in the applicable amount provided under Chapter 41A of the Texas Tax Code.

For more information regarding appeal through binding arbitration, you should consult Texas Tax Code, Chapter 41A and related Comptroller rules. If you need legal advice, you should consult an attorney.

As an alternative to filing an appeal to district court, certain property owners may appeal to the State Office of Administrative Hearings (SOAH) an appraisal review board order determining a protest concerning the appraised or market value of property brought under Section 41.41(a)(1) or (2) of the Texas Tax Code if the appraised or market value, as applicable, of the property that was the subject of the protest, as determined by the appraisal review board order, is more than $1 million.

Appeals to SOAH are currently subject to limitations of a pilot program for the following counties: Bexar, Cameron, Collin, Denton, El Paso, Fort Bend, Harris, Montgomery, Nueces, Tarrant, and Travis. Beginning 2014 tax year, appeals to SOAH apply to all counties. To appeal an appraisal review board order to SOAH, a property owner must file with the chief appraiser of the appraisal district not later than the 30th day after the date the property owner receives notice of the order:

(1) a completed notice of appeal to SOAH, a copy of which is enclosed with this notice; and

(2) not later than the 90th day after the date the property owner receives the notice of order a deposit of $1,500 made payable to SOAH must be filed with the appraisal district.

For more information regarding appeal to SOAH, you should consult Texas Government Code, Chapter 2003 and related SOAH rules. If you need legal advice, you should consult an attorney.

It is important to note that the pendency of an appeal, whether to district court, through binding arbitration, or to the State Office of Administrative Hearings, does not affect the delinquency date for the taxes on the property subject to the appeal. For more specific information, consult the applicable statutes and rules.

Chairman, Appraisal Review Board

Signed on _June 23, 2015_

sign here → _Everett McDade_