**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

_____

| | |
|---|---|
| In re: | )<br>) |
| | ) |
| ENERGY FUTURE HOLDINGS CORP, et al., | ) |
| | ) |
| Debtors. | ) |
| | ) |
| | ) |
| | ) |

   Chapter 11

   Case No.  14-10979 (CSS)

   (Jointly Administered)

**Hearing date: October 15, 2015 at 10:30 a.m.**
**Objection Deadline: October 8, 2015 at 4:00 p.m.**

_____)

**MILAM APPRAISAL DISTRICT'S**
**(I) MOTION FOR ABSTENTION WITH REGARD TO DEBTOR'S MOTION**
**PURSUANT TO SECTIONS 105, 505, AND 506 OF THE BANKRUPTCY CODE FOR**
**ENTRY OF AN ORDER DETERMINING THE AMOUNT OF CONTESTED *AD***
***VALOREM TAX* MATTERS, AND, IN THE ALTERNATIVE (II) JOINDER TO THE**
<u>**MOTION FOR ABSTENTION FILED BY SOMERVELL COUNTY**</u>
[This Pleading Relates to Dkt. Nos. 5620 and 6154]

Milam Appraisal District ("**Milam AD**"), submits this *Motion for Abstention* (the "**Motion to Abstain**") with regard to the *Motion of Energy Futures Holdings Corp., et. al., pursuant to Sections 105, 505 and 506 of the Bankruptcy Code for Entry of an Order for Relief Determining the Amount of Contested Ad Valorem Tax Matters* the (the "**Tax Motion**") [Dkt. No. 5620].  By this Motion to Abstain, Milam County also respectfully joins (the "**Joinder**") the Motion for Abstention filed by Somervall County CAD [Dkt. NO. 6154].   In support of its Motion to Abstain and the Joinder, Milam AD respectfully states as follows:

<u>**Preliminary Statement and Request for Relief**</u>

1.    On August 25, 2015, the Debtors filed the Tax Motion, seeking to resolve, among other things, a property tax dispute with Milam AD and various other taxing authorities in Texas. Three days later, the Debtors engaged the Texas courts by filing two lawsuits in the District Court of Milam County (the "**Texas Lawsuits**").  The relief requested in the Texas Lawsuits is

virtually identical to the relief requested in the Debtors' Tax Motion: reduction of assessed ad valorem taxes. The Debtors have not sought a stay of the Texas Lawsuits. Milam County has answered the Texas lawsuits and demanded a right to a trial by jury, and **the District Court of Milam County has set both lawsuits for trial on February 22, 2016**. The Debtors' forum shopping should not be rewarded with multiple bites at the apple.

2.      As set forth in detail below, the requirements for mandatory abstention pursuant to Section 1334(c)(2) are satisfied, requiring that this proceeding be remanded to state court. In addition, the permissive abstention factors strongly support abstention and remand under Section 1334(c)(1).

3.      The appropriate forum for the Texas state tax appeals that the Debtors are pursuing is Texas. All parties reside in Texas, the claims accrued in Texas, and the property is located in Texas. Accordingly, this Court should, in the interest of justice, comity with Texas Courts and Texas law, and Milam AD's constitutional right to a trial by jury, abstain pursuant to 28 U.S.C. § 1334(c)(1) and (c)(2).

### Del. Bankr. L.R. 9013-1(h) Statement.

4.      To the extent Debtors' motion seeks a redetermination of ad valorem taxes from the various taxing units (who are not parties in this 505 proceeding) pursuant to 11 U.S.C. § 505, such an action would be a core proceeding. However, the relief requested in the Debtors' Tax Motion (i.e., re-appraisal of post-petition ad valorem taxes) arises out of the Texas Property Tax Code and is pending in the form of separate state district court proceedings in Milam County.

5.      To the extent Debtors' motion seeks a determination of secured status of a creditor's allowed claim pursuant to 11 U.S.C. § 506, such a claim would also be a core proceeding. However, such is not the case pled by Debtors. **Milam AD has not filed a proof of**

claim in any of the Debtors' cases.   Furthermore, any such claim by Debtors must be brought as an adversary proceeding and not a contested matter.  F.R.B.P. 7001(2).

6.    Milam AD does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Jury Demand

7.    As set forth above, **Milam AD has not filed a proof of claim in any of the Debtors' cases**.  Milam AD is entitled to, and demands, a trial by jury.

## Argument

### A.    The Requirements for Mandatory Abstention are Satisfied.

8.    Section 1334(c)(2) provides: "Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."

9.    In applying this statute, the Third Circuit requires a federal court to abstain and remand the action to state court where, as here:

(1)    a motion has been timely filed requesting abstention;

(2)    the cause of action is essentially one that is premised on state law;

(3)    the claim is a non-core proceeding, i.e., it is "related to" a case under title 11 but does not arise under or in a case under title 11;

(4)    the proceeding could not otherwise have been commenced in federal court absent federal jurisdiction under § 1334(b);

3

(5)      an action has been commenced in state court; and

(6)      the action could be adjudicated timely in state court.

*See In re LaRoche Indus., Inc.*, 312 B.R. 249, 253 (Bankr. D. Del. 2004) *(citing Trans World Airlines, Inc. v. Icahn (In re Trans World Airlines, Inc.)*, 278 B.R. 42, 50 (Bankr. D. Del. 2002)). Each of these elements is satisfied here.

10.      *First*, the motion was timely, as it was filed within the deadline provided by the Debtors in the Tax Motion.  *See* Tax Motion, Dkt. No. 5620.  A scheduling conference on the Debtors' Tax Motion is currently scheduled for October 15, 2015.

11.      *Second*, the relief requested by Debtors in the Tax Motion—reduction of assessed ad valorem taxes—involves only application of Texas state law, which Texas state courts are specially prepared to address.  Thus, "[r]equiring this Court to familiarize [it]self not only factually but legally with the present matter seems an inefficient and ineffective method for resolving these disputes."  *In re Montgomery Ward Holding Corp.*, No. 97-1409 (PJW), 2000 WL 33712307, at *5.  The essentially state-law nature of the issues raised by the Tax Motion is underscored by the fact that Debtors initially challenged the tax assessments of local Texas authorities by protesting before a local appraisal review board (ARB), and, immediately after filing the Tax Motion, properly appealed the ARB determinations in Texas state court.  *See* Tax Motion, Dkt. No. 5620, p. 7 n. 8.  The relief requested in the Tax Motion is the exact same relief requested in the state court, and the state court is rapidly moving to reach a determination as to this relief.  Debtors should not be allowed to waste court time and estate resources by dual-tracking these appeals.  The state court is fully capable of resolving the Debtors' tax appeals in an efficient manner, and in fact a trial is already set for February 22.  In order to preserve estate

resources and pay due respect to these state proceedings, this Court should decline to intervene in what is an essentially state-law matter.

12.    *Third*, contrary to the assertion of the Debtor, this dispute is a non-core proceeding that does not "arise under" the Bankruptcy Code.  While Section 505 does provide the Bankruptcy Court the authority and procedure for debtors to attempt to reduce their taxes or penalties, that procedure is not specifically enumerated in the list of core proceedings found in 28 U.S.C. § 157(b)(2)(B).  Moreover, the procedure provided by Section 505 is not a "substantive right under the Bankruptcy Code," *see, e.g.*, *LaRoche Indus.*, 312 B.R. at 253, but rather grants bankruptcy courts discretionary authority to either resolve tax issues or to abstain, *see In re Cable & Wireless USA, Inc.*, 331 B.R. 568, 575 (Bankr. D. Del. 2005).[1]

13.    *Fourth,* there is no other basis for federal jurisdiction other than 28 U.S.C. § 1334(b), as the tax disputes here do not pose an issue of federal law and the parties are not diverse.

14.    *Fifth*, the Debtors commenced identical proceedings in a Texas state court.  Section 1334(c)(2) requires that an action "is commenced" in state court.  28 U.S.C. § 1334(c)(2).  The statutory language does not require that the state court action be commenced before the bankruptcy proceeding.  *Langston Law Firm v. Miss.*, 410 B.R. 150, 155 (S.D.N.Y. 2008); *see also Allstate Ins. Co. v. Ace Sec. Corp.*, 2011 WL 3628852, at *9 (S.D.N.Y. Aug. 17, 2011) ("many courts in this District have applied mandatory abstention under § 1334(c)(2) to state court cases filed after the commencement of bankruptcy proceedings"); *Bates & Rogers*, 97 B.R. at 907–908.  Debtors' self-interested attempt to hedge against a Texas court's decision

---

[1] *But see In re Indianapolis Downs, LLC,* 462 B.R. 104, 114 (Bankr. D. Del. 2011) (holding that a motion under § 505 was a core proceeding because it "invoke[d] the Debtor's right to have this Court determine its tax liability—a substantive right provided by [the Bankruptcy Code]").  Milam AD respectfully submits that because the Debtors have engaged the Texas courts requesting identical relief, the Tax Motion is no longer a "core" matter.

under Texas law threatens estate and taxpayer resources. The cost of concurrent state and federal litigation, including expenses and fees, could balloon quickly, and concurrent litigation is unnecessary where a Texas court has already become involved and is fully capable of resolving the Debtors' state tax appeals.

15. *Finally*, the Texas Lawsuits can by timely adjudicated in Milam County District Court. Importantly, timely adjudication does not require "that the action can be more timely adjudicated in state court, but rather that the matter can be timely adjudicated in state court." *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 605 (S.D. Tex. 1999). In evaluating timely adjudication, courts have considered such factors as whether (1) the state court trial calendar is congested; (2) trial could commence in the state court within a year after filing in that court; and (3) the bankruptcy court must decide any issues or claims before the trial of the state court action could begin. *Id.* at 605–606. Here, none of those factors indicate the State Law Action cannot be timely adjudicated in state court. In fact, the Milam County District Court has already entered a trial setting in this case for February 22, 2015 within four months. Nor are there any issues that this Court must decide before the trial of the Texas Lawsuits could begin.

16. Because the requirements of 28 U.S.C. § 1334(c)(2) are satisfied, mandatory abstention applies here.

**B.      The Court Should Exercise its Broad Discretion to Abstain and Remand this Action**

17. The Court should abstain from exercising jurisdiction over the contested ad valorem tax matters pursuant to 28 U.S.C. § 1334(c)(1). The doctrine of abstention is rooted in comity, the principle of promoting harmony between federal and state courts. *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 120 n.4 (1981).

18.     The Bankruptcy Code recognizes this important principle by stating that any court exercising bankruptcy jurisdiction may abstain from hearing any matter "in the interest of justice, or in the interest of comity with State courts or respect for State law" (except in Chapter 15 transnational cases).  28 U.S.C.A. § 1334.  Accordingly, Section 505 provides that bankruptcy courts *may*, but are not required to, "determine the amount or legality of any tax." 11 U.S.C. § 505(a)(1); *see also Cable & Wireless USA*, 331 B.R. at 575 (stating that the permissive abstention implied in Section 505(a) is no broader than that authorized in 28 U.S.C. § 1334(c)(1)).

19.     Delaware courts look to twelve factors to guide permissive abstention decisions:

(1)     the effect or lack thereof on an efficient administration of the estate if the court recommends abstention;

(2)     the extent to which state law issues predominate over bankruptcy issues;

(3)     difficulty or unsettled nature of applicable state law;

(4)     the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5)     the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6)     the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7)     the substance rather than the form of an asserted "core" proceeding;

(8)     the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9)     the burden of the court's docket;

(10)    the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11)    the existence of a right to a jury trial; and

(12)    the presence in the proceeding of nondebtor parties.

*In re Montgomery Ward Holding Corp.*, No. 97-1409 (PJW), 2000 WL 33712307, at *4 (Bankr. D. Del. Sept. 1, 2000) (citing *Matter of Cont'l Airlines, Inc.*, 156 B.R. 441, 443 (Bankr. D. Del. 1993).  Further, courts have identified six additional factors helpful for permissive abstention decisions involving tax disputes:

(1) the complexity of the tax issue to be decided;

(2) the need to administer the bankruptcy case in an orderly and efficient manner;

(3) the burden on the Bankruptcy Court's docket;

(4) the length of time required for trial and decision;

(5) the asset and liability structure of Debtors;

(6) any prejudice or potential prejudice to both Debtors and taxing authority.

*Id.* at *6.

20.    These factors are applied holistically, not mathematically, with an eye towards balancing the federal courts' general mandate to exercise their jurisdiction with the principle of comity.  *In re 19-21 N. George, Inc.*, 2011 WL 1841556, at *4 (Bankr. M.D. Pa. May 13, 2011). When most factors weigh against exercising jurisdiction, courts should closely consider whether abstention would be appropriate.  *Montgomery Ward*, 2000 WL 33712307, at *7.  Furthermore, Delaware courts consider a few factors especially important: "(1) the effect on the administration of the estate, (2) whether the claim involves only state law issues, and (7) whether the proceeding is core or non-core."  *In re DHP Holdings II Corp.*, 435 B.R. 220, 224 (Bankr. D. Del. 2010).

21.    Here, application of the eighteen factors weighs heavily in favor of the Court exercising permissive abstention.

     ***(1)***      ***the effect or lack thereof on an efficient administration of the estate if the court recommends abstention;***

     22.      This factor weighs in favor of abstention. The Debtors have conceded that the adjudication of the tax disputes "may occur after plan confirmation." The amount of money at stake in these disputes is minimal compared to the estate overall, and the Debtors are not depending on this money to fund the plan. *See Montgomery Ward.*, 2000 WL 33712307, at *5. Therefore, the outcome of these disputes will not significantly affect estate administration. *See In re FKF Madison Park Grp. Owner, LLC*, 2012 WL 174342, at *3 (Bankr. D. Del. Jan. 20, 2012) ("[T]here is no impact upon the administration of the estate because the [parties] have de-coupled plan confirmation from the proceedings."); *see also RNI Wind Down Corp.,* 348 B.R. 286 (Bankr. D. Del. 2006), *aff'd,* 359 F.App'x 352 (3rd Cir. 2010).[2]

     23.      On the other hand, the outcome of this tax dispute will have a profound effect on Milam County. If the Debtors obtain the relief sought, Milam County would face a loss of approximately $2.2MM in tax revenue, representing a loss of 20% of the county's tax base. To make up for this loss, Milam County would be forced to lay off four employees: one from the County Clerk's Office, one from the Veterans Service Office, one from the District Clerk's Office, and one from the County Tax Office. An additional position, a Health Department Clerk, would be reliant on grant funds, the Veterans Service Office budget would be reduced by an additional $22,612, and each County Commissioner's budget would be reduced by $100,000. Milam County would also be forced to cut funding to local groups such as fire departments, senior services providers, museums, libraries, and historical preservation organizations. These

---

[2] In *In re RNI Wind Down Corp.*, a stockholder had appealed the debtor's original settlement of prepetition derivative claims, and the debtor sought to approve an amended settlement through a 9019 motion. 348 B.R. at 290–91. The stockholder argued for abstention, but this Court refused, in part because "approval of the Amended Settlement is an express condition to the effectiveness of the Plan," which had not been approved. *Id.* at 296. As the tax dispute at issue here would not have this type of effect on the plan, this factor weights in favor of abstention. .

funding shortfalls could not be counteracted even by an increase in local taxes to the State maximum of $.80. This increase, almost $.15 from current levels, would be acutely felt by taxpayers, and would severely hinder local economic development efforts. Most critically, the reduction in tax revenue advocated by Debtors would cause a loss of approximately $4.3M to Rockdale ISD, representing 38% of the school district's tax base. Rockdale ISD would be forced to take on debt to keep the doors open, and any additional state funding would not come for at least another two years. Thus, this factor weighs heavily in favor of abstention.

*(2)    the extent to which state law issues predominate over bankruptcy issues;*

24.    This factor, which has been identified as one of the three most important, weighs heavily in favor of abstention. *See DHP Holdings II Corp.*, 435 B.R. at 224. The tax disputes involve only application of Texas state law, which Texas state courts are specially prepared to address. Thus, "[r]equiring [this Court] to familiarize [it]self not only factually but legally with the present matter seems an inefficient and ineffective method for resolving these disputes." *See Montgomery Ward.*, 2000 WL 33712307, at *7.

*(3)    difficulty or unsettled nature of applicable state law;*

25.    This dispute implicates unsettled state law issues which are best addressed by the state courts. For example, the City of Austin recently challenged the validity of the Texas Tax Code under the Texas Constitution, arguing that it systematically overburdens businesses as opposed to individuals. *City of Austin v. Travis Central Appraisal District*, Cause No. D-1-GN-15-003492. Texas state courts are the appropriate forum for addressing such issues.

26.    Moreover, the size and complexity of the tax disputes as a whole weigh in favor of abstention. Courts have abstained from hearing Section 505 requests when "[d]etermining the dispute . . . would require th[e] court to undertake a fact intensive review of the value of the

10

property and the amount of the taxes in question." *In re ANC Rental Corp.*, 316 B.R. 153, 159 (Bankr. D. Del. 2004). Here, "there are . . . tax claims on several distinct properties with which this Court would have to familiarize itself in order to make a ruling, in addition[] to the time and effort required in learning and applying [state] tax law." *See Montgomery Ward.*, 2000 WL 33712307, at *5. The Tax Motion would require this Court to become intimately familiar with the characteristics of both the nuclear facility at issue and similar facilities, all of which are located in Texas. Furthermore, as previously discussed, Texas property tax law is frequently challenged. Therefore, the tax issue implicated by this motion is extremely fact-intensive, and may implicate unsettled areas of state law.

27.    The Debtors' bankruptcy case has been pending for over a year, and is at the cusp of plan confirmation. Generally, the earlier in a bankruptcy case a Section 505 motion is filed, the more the estate stands to benefit from resolution of tax issues by the bankruptcy court. *In re Indianapolis Downs, LLC*, 462 B.R. 104, 115 (Bankr. D. Del. 2011); *see also In re Cable & Wireless*, 331 B.R. at 575.

28.    That is not the case here. Furthermore, this is not a case where the assessment issues are simple enough that "the Court stands prepared to rule" at present time. *Indianapolis Downs*, 462 B.R. at 115. Instead, the burden of the fact-intensive analysis required here would outweigh any benefit of this Court's overseeing the tax adjudications in order to "keep the bankruptcy case moving forward." *See id.* Thus, this factor also weighs in favor of abstention.

*(4)    the presence of a related proceeding commenced in state court or other non-bankruptcy court;*

29.    As discussed above with regards to mandatory abstention, this factor weighs in favor of abstention. Debtors state that in order to preserve their disputes, they have filed appeals of tax assessments in multiple state courts. *See* Dkt. No. 5620, p. 7 n. 8. Moreover, Milam

County has already filed answers to the Texas Lawsuits and demanded a trial by jury.  Debtors assert that it would nonetheless be more efficient to disrupt all of these proceedings by prosecuting a parallel bankruptcy proceeding.  *Id.*  However, "[t]he presence of a pending non-bankruptcy proceeding" is a factor that weighs in favor of abstention," because "there is an available and prepared state court forum capable of full and efficient determination of the dispute."  *See Montgomery Ward.*, 2000 WL 33712307, at *8.

> *(5)    the jurisdictional basis, if any, other than 28 U.S.C. § 1334;*

30.    The fact that there is no basis but the Debtors' bankruptcy for removing these essentially state-law issues to federal court weighs in favor of abstention.  *See Montgomery Ward.*, 2000 WL 33712307, at *8.

> *(6)    the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;*

31.    This factor weighs slightly in favor of abstention.  The outcome of this proceeding would have some effect on the estate, by increasing its assets.  However, "the bankruptcy estate will not be negatively impacted if this dispute is decided in state court . . . ."  *In re Kessler*, 430 B.R. 155, 168 (Bankr. M.D. Pa. 2010).  The resolution of the tax issue "is relatively remote and creates no great urgency for these issues to be decided by this Court."  *Id.*  By contrast, the outcome of this proceeding is critical for Milam County and Rockville ISD.  Thus, this factor weighs slightly in favor of abstention.

> *(7)    the substance rather than the form of an asserted "core" proceeding;*

32.    It is the Debtors' position that the instant dispute is a core proceeding, despite the fact that it is not listed in 28 U.S.C. § 157(b)(2)(B).  This position rings hollow, especially when considering the Debtors' pursuit of identical litigation in Texas Courts.  The substance of the instant dispute does not involve the exclusive interpretation of 11 U.S.C. § 505, but rather

12

involves only the application of Texas state law. Therefore, this factor weighs in favor of abstention.

> *(8)      the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;*

33.      Because this dispute does not mandate the application of Section 505, but only utilizes it as a forum-shopping device by which this Court would conduct the identical legal analysis as a Texas state court, no separation between state and federal claims is necessary. *See In re Am. Homer Mortgage Holdings, Inc.,* 390 B.R. 120, 139 (Bankr. D. Del. 2008) (holding that because a complaint "alleges one cause of action, a state law breach of contract…it is possible for the Court to abstain and allow a state court to decide the entire case. This factor favors abstention.") The only question before this Court is which forum would better promote the interests of the estate with due regard for the principle of comity. To the extent this factor applies to the dispute at hand, it is imminently feasible to allow the state courts before with which these matters have already been filed to continue adjudication. Thus, because only state law is at issue, this factor weights in favor of abstention.

> *(9)      the burden of the court's docket;*

34.      Taking on the many fact-intensive tax disputes that the Debtors entreaty this court to adjudicate would constitute a substantial burden for this Court, which is already faced with administering one of the largest Chapter 11 bankruptcies on record. By contrast, allowing these disputes to continue in the state courts would spread the burden between multiple courts that are well-versed in applying the applicable law to similar facts. Therefore, this favor weighs heavily in favor of abstention.

**(10)    the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;**

35.    The Debtors' initiation of identical lawsuits in both Texas Courts and the Bankruptcy Court is a quintessential example of forum shopping.  The only law implicated in the tax dispute is Texas law and the only parties reside in Texas.  The Debtors are attempting to simultaneously pursue identical relief in both state court and federal court to increase their odds of prevailing.  Debtors should not be allowed to pursue this double-track strategy at taxpayers' and the estate's expense.  Accordingly, this factor weighs heavily in favor of abstention.

**(11)    the existence of a right to a jury trial;**

36.    Pursuant to the Texas Constitution, as well as the Texas Tax Code, Milam County is entitled to a trial by jury in this dispute.  *See Texas Constitution* Art.1, Sec. 15 and Art. 5, Sec. 10; *Tex. Tax Code.* §42.23(c).  In its answers, Milam County timely demanded a trial by jury in the Texas Lawsuits. *see* Ex. 2 and 3, and the trial has been set for February 22, 2015.

37.    In order to obtain a jury trial in federal court, Debtors would have to obtain a withdrawal of the reference to federal district court, adding another layer of complication and delay to the instant dispute.  Therefore, this factor weighs in favor of abstention.  *See, e.g., LaRoche Indus.*, 312 B.R. at 255.

**(12)    the presence in the proceeding of nondebtor parties.**

38.    The presence of multiple out-of-state non-debtor parties favors abstention.  *Cont'l Airlines*, 156 B.R. at 444 (majority out-of-state non-debtor parties favors abstention).  Further, when the dispute is between two state-law parties, state court is more appropriate forum.  *In re Trans World Airlines, Inc.*, 278 B.R. 42, 52 (Bankr. D. Del. 2002); *cf. In re Valley Media, Inc.*, 289 B.R. 27, 32 (Bankr. D. Del. 2003) (even split between debtor and non-debtor parties weighs

14

against abstention).  Because both the Debtors and Milam County are Texas-based, this factor should weigh in favor of abstention.

39.     In sum, the weight of the twelve factors Delaware federal courts use to evaluate abstention claims is heavily in favor of abstention, with all twelve factors weighing in favor of abstention.  Moreover, the factors specifically relevant to tax disputes weigh in favor of abstention.

### 1) *the complexity of the tax issue to be decided;*

40.     As previously discussed, the tax issues involved in the instant dispute are complex.  Delaware bankruptcy courts have held that a tax issue is complex if it would involve a "fact intensive review of the value of the property and the amount of the taxes in question."  *See ANC Rental Corp.*, 316 B.R. at 159.  Here, the tax appeal is extremely fact-intensive, and may implicate unsettled areas of state law.  Thus, this factor weighs in favor of abstention.

### 2) *the need to administer the bankruptcy case in an orderly and efficient manner;*

41.     Because resolution of the Tax Motion would be laborious for this Court, involving an arduous, fact-intensive examination of multiple out-of-state properties and extensive review of state law, adjudicating these tax matters would hinder the efficient administration of the estate.  Further, the Debtors have not shown that this hindrance would be compensated by a justifiable benefit to the estate.  Consequently, this factor weighs in favor of abstention.

### 3) *the burden on the Bankruptcy Court's docket;*

As previously discussed, this factor weighs in favor of abstention.

4) *the length of time required for trial and decision;*

42.    The many tax appeals involved in this dispute would require the Court to familiarize itself with multiple out-of-state properties and neighboring properties for comparison, not to mention Texas appraisal law.  These proceedings would no doubt result in a lengthy trial that would burden the estate.  On the other hand, the Milam County District Court is already familiar with the applicable law and general values of similar properties.  This factor favors abstention.

5) *the asset and liability structure of Debtors;*

43.    This case involves Debtors with complex asset and liability structures.  Therefore, this factor weighs in favor of abstention.  *See ANC Rental Corp.*, 316 B.R. at 159 (Bankr. D. Del. 2004).

6) *any prejudice or potential prejudice to both Debtors and taxing authority.*

44.    Because this Court's adjudication of the instant tax disputes could potentially prejudice the Texas taxing authorities, this factor favors abstention.  The State of Texas has an interest in maintaining the uniformity of tax assessment.  "Resolution of this dispute could affect the uniformity of assessment of property taxes imposed on other taxpayers who own rental property in Texas."  *ANC Rental Corp.*, 316 B.R. at 159.  This is a "compelling reason to abstain."  *Id.*; *but see Indianapolis Downs*, 462 B.R. at 116 (stating that uniformity is always an issue in Section 505 cases and thus Congress must have concluded that 'bankruptcy policy nonetheless compelled provision for resolving tax disputes in the bankruptcy forum') (internal quotation omitted).  It is true that consideration of prejudice related to a State's interest in uniform application of tax law is "only appropriate under a showing that uniformity of

assessment is of significant importance." However, because Texas tax law is especially unsettled, it is appropriate to give weight to this factor in this proceeding.

45.    In conclusion, in addition to the general permissive abstention analysis, the analysis specifically designed for tax disputes weighs heavily in favor of abstention, with all six factors favoring abstention.

Dated:  October 7, 2015.                    */s/ Lisa Bittle Tancredi*
GEBHARDT & SMITH LLP
Lisa Bittle Tancredi, Esquire (Bar No. 4657)
1000 N. West Street, Suite 1200
Wilmington, DE 19081
302-295-5038 (telephone)
443-957-1920 (facsimile)
ltancredi@gebsmith.com

-and-

**JACKSON WALKER L.L.P.**
Bruce J. Ruzinsky, Esq. (*motion pro hac pending*)
Texas State Bar No. 17469425
Matthew D. Cavenaugh, Esq. (*motion pro hac pending*)
Texas State Bar No. 24062656
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752 - 4200 (Telephone)
(713) 308 - 4184 (Fax)
Email:  bruzinsky@jw.com
            mcavenaugh@jw.com
-and-

**FISHER, BOYD, JOHNSON & HUGUENARD, LLP**
Wayne Fisher, Esq. (*motion pro hac pending*)
Texas State Bar No. 00000056
Bernard G. Johnson, Esq. (*motion pro hac pending*)
Texas State Bar No. 00796832
2777 Allen Parkway, 14th Floor
Houston, Texas 77019
(713) 400-4000
Email:  wfisher@fisherboyd.com
            bjohnson@fisherboyd.com

*Counsel for Milam Appraisal District*

17