**<u>EXHIBIT B</u>**

CAUSE NO. _____          **DRAFT**

| | | |
|---|---|---|
| **CITY OF AUSTIN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **TRAVIS CENTRAL APPRAISAL** | § | |
| **DISTRICT; INDIVIDUAL PROPERTY** | § | |
| **OWNERS WHO OWN C1 VACANT** | § | |
| **LAND OR F1 COMMERCIAL REAL** | § | **TRAVIS COUNTY, TEXAS** |
| **PROPERTY WITHIN TRAVIS** | § | |
| **COUNTY, TEXAS; and GLENN** | § | |
| **HEGAR, IN HIS OFFICIAL** | § | |
| **CAPACITY AS TEXAS** | § | |
| **COMPTROLLER OF PUBLIC** | § | **_____ JUDICIAL DISTRICT** |
| **ACCOUNTS,** | § | |
| **Defendants.** | § | |

## CITY OF AUSTIN'S ORIGINAL PETITION
## AND REQUEST FOR PERMANENT INJUNCTION

TO THE HONORABLE JUDGE OF THE COURT:

Plaintiff City of Austin ("City") files this Original Petition and Request for Permanent Injunction appealing the decision by the Travis Appraisal Review Board ("TARB") to deny the City's petition challenging the undervaluation of properties in the C1 vacant land and F1 commercial real property categories ("Subject Properties") by the Travis Central Appraisal District ("TCAD"). In its appeal, the City requests an order requiring TCAD to reappraise the Subject Properties for tax year 2015. Further, the City seeks declarations that the current tax appraisal system violates Article 8, Section 1 of the Texas Constitution and respectfully requests permanent injunctions to ensure compliance. In support of the requested relief, the City shows as follows:

## I.
## DISCOVERY CONTROL PLAN

1.      The City intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because the City seeks injunctive relief.

## II.
## CLAIM FOR RELIEF

2.      Pursuant to Rule 47 of the Texas Rules of Civil Procedure, the City seeks monetary relief of $100,000 or less and nonmonetary relief.

## III.
## PARTIES

3.      Plaintiff City of Austin, appearing and proceeding by and through the City Attorney, is a home-rule municipality and political subdivision of the State of Texas.

4.      Defendant TCAD is a political subdivision of the State of Texas within the boundaries of Travis County, Texas, and may be served with process by serving its Chief Appraiser Mayra Crigler, or any other officer or employee of the appraisal district present at the appraisal office at the time when the appraisal office is open for business with the public, at 8314 Cross Park Drive, Austin, Texas 78754, pursuant to Texas Tax Code Section 42.21(d). TCAD is brought as a defendant for the City's appeal of the TARB's order denying the City's challenge to the 2015 appraisals of the Subject Properties.

5.      Defendants owning property within Travis County, Texas identified by TCAD as C1 vacant land or F1 commercial real property are listed in a document filed contemporaneously with this petition, and is incorporated here by reference. Those defendants may be served with process at the addresses listed therein. These individuals are brought as defendants for purposes of the City's appeal pursuant to Section 42.21(b) of the Texas Tax Code, which states that a

petition for review by a taxing entity "must be brought against the appraisal district and against the owner of the property involved in the appeal."

6.    Defendant Glenn Hegar, Texas Comptroller of Public Accounts, is named in his official capacity and can be served at the Lyndon B. Johnson State Office Building, 111 East 17th Street, Austin, Texas 78701. Glenn Hegar is brought as a defendant for all remaining claims other than the appeal of the TARB's decision to deny the City's challenge.

7.    Ken Paxton, Attorney General of the State of Texas, can be served with appropriate notice, in accordance with Section 37.006(b) of the Texas Civil Practice and Remedies Code, at the Attorney General's Office, 300 W. 15th Street, Austin, Texas 78701.

## IV.
## JURISDICTION

8.    This Court has subject-matter jurisdiction over the City's appeal under Texas Tax Code Section 42.031, which states that a taxing unit is entitled to appeal an order of the appraisal review board determining a challenge by the taxing unit.

9.    This Court has original jurisdiction to adjudicate the City's remaining claims or causes of action under the Texas Civil Practice and Remedies Code, Sections 37.001, *et seq*, which establishes the procedure for actions filed under the Texas Uniform Declaratory Judgments Act.

## V.
## VENUE

10.    Venue is proper in the district court of Travis County, Texas pursuant to Texas Tax Code Section 42.22(a), because Travis County is where the TARB issued the order under appeal.

11.     Venue is also proper in the district court of Travis County, Texas pursuant to Texas Tax Code Section 43.02, because Travis County is where TCAD is established.

12.     Venue is also proper in the district court of Travis County, Texas pursuant to Civil Practice and Remedies Code Section 15.002, because the majority of the defendants reside in Travis County and the Subject Properties are located within Travis County. *See* Exhibits 1-2. Venue is proper as to all remaining defendants under Section 15.005 of the Texas Civil Practice and Remedies Code.

**VI.**
**FACTS**

**A.      Constitutional and Statutory Requirements Related to the Tax System**

13.     Article 8, Section 1 of the Texas Constitution requires that all property be taxed "in proportion to its value" and that this taxation be "equal and uniform." To help implement these constitutional requirements, the Tax Code establishes an appraisal district in each county, responsible for "appraising property in the district for ad valorem [property] tax purposes." TEX. TAX CODE § 6.01. Appraisals are to be set at market value, as of January 1 of the taxable year. TEX. TAX CODE § 23.01(a); *see also Enron Corp. v. Spring Independent School Dist.*, 922 S.W.2d 931 (1996) ("section 1 of article VIII of our Constitution requires 'value' for ad valorem tax purposes to be based on the reasonable market value of the property.") (citing *Whelan v. State*, 282 S.W.2d 378, 380 (Tex. 1955)). Market value is "the price at which a property would transfer for cash or its equivalent under prevailing market conditions." TEX. TAX CODE § 1.04(7); *Enron Corp.*, *supra*; *Phillips Petroleum Co. v. Townsend*, 63 F.2d 293 (Tex. 1933) (defining "value" as "reasonable cash market value").

14.     One of the best ways to determine market value is through sales. Texas is a non-disclosure state, however, and does not require disclosure of sales prices when real estate is

bought and sold. *See* TEX. TAX CODE § 22.24(d). The lack of disclosure has created an imbalance in the amount of information available when appraisal districts determine market values for different categories of properties. For instance, sales data for residential properties is more readily accessible than sales data for commercial properties. The lack of sales disclosures has made it nearly impossible for appraisal districts to comply with their statutory and constitutional duty to assess all properties at market value so that taxation is equal and uniform.

15.     In recent years, the Texas Legislature enacted amendments to the Tax Code that further impair the ability of tax appraisal districts to appraise properties at equal and uniform values. In 1997, the Legislature added Section 41.41(a), which shifted the burden of proof in taxpayer protest actions by requiring appraisal districts to establish property value by a preponderance of the evidence. If the appraisal district fails to meet its burden, the property owner prevails and the appraised value is reduced.

16.     In 1997, Legislature also added Tax Code Section 41.43(b)(3), and in 2003 it added Section 42.26(a)(3). Sections 41.43(b)(3) and 42.26(a)(3) are enforcement mechanisms of the constitutional "equal and uniform" requirement, but the effect of these provisions has been a widespread reduction of property values to median values.

17.     Section 41.43(b)(3) forces the appraisal district to reduce individual property appraisals from market value to the median value of "a reasonable number of comparable properties." This reduction is compelled by the threat of attorney fees for any protesting property owner who prevails by showing that a market value appraisal is greater than the median value of selected comparable properties. *See* TEX. TAX CODE. § 42.29.

18.    Section 42.26(a)(3) requires that a district court uphold a taxpayer challenge if "the appraised value of the property exceeds the median appraised value of a reasonable number of comparable properties appropriately adjusted."

19.    The Tax Code amendments—including shifting the burden of proof in tax appraisal protests to appraisal districts, while permitting taxpayers to establish median value by reference to "a reasonable number of comparable properties"—have incentivized taxpayer protests and led to widespread diminution of appraised property values to a "median value" that is below market value.

20.    The reduction of appraised property values to median values is contrary to the statutory requirement that all properties be assessed at market value, and has resulted in unequal taxation in violation of the Texas Constitution.

**B.**    **City's Challenge Against TCAD**

21.    Due to the limitations imposed on TCAD in conducting appraisals and responding to taxpayer protests, the Subject Properties have been historically undervalued. This undervaluation has created an imbalance in the tax burdens between residential and commercial property owners in Travis County.

22.    In 2014, the City commissioned a study to determine the undervaluation of the Subject Properties within the City of Austin. The study determined that the Subject Properties have been historically undervalued by 47%. The study further determined that based on TCAD's initial appraised values, the Subject Properties are 41% undervalued for the tax year 2015.

23.    Based on the information provided in the commissioned study, the City filed a Petition Challenging Appraisal Records ("Challenge"), on May 29, 2015, challenging TCAD's

appraisals of the Subject Properties. The Challenge, filed pursuant to Section 41.03(a)(1) of the Texas Tax Code, is attached as Exhibit 3 and incorporated by reference.

24.    On June 22, 2015, TARB issued an order denying the City's Challenge. TARB's order is attached as Exhibit 4 and incorporated by reference.

25.    On July 6, 2015, within fifteen (15) days after the date the City received TARB's order denying the City's Challenge, the City filed its Notice of Appeal, pursuant to Texas Tax Code Section 42.06. The Notice of Appeal is attached as Exhibit 5 and incorporated by reference.

## VII.
## CAUSES OF ACTION

### A.    Declaratory Judgment

26.    The City brings the following claims under the Uniform Declaratory Judgment Act.  *See* TEX. CIV. PRAC. & REM. CODE §§ 37.001, *et seq*.

27.    The City realleges and incorporates all preceding paragraphs by reference.

28.    For the reasons stated above, the City requests that the Court enter a judgment declaring that the current tax appraisal system violates Article 8, Section 1 of the Texas Constitution in that it is inadequate and fails to provide appraisal districts with the tools necessary to assess properties at market value and provide for equal and uniform taxation.

29.    The City requests a judgment declaring that mandatory sales disclosures are necessary to enable appraisal districts to comply with the statutory and constitutional requirements.

30.    The City requests a judgment declaring that Sections 41.43(b)(3) and 42.26(a)(3) of the Tax Code permit arbitrary and unreasonable property tax appraisals in violation of Article 8, Section 1 of the Texas Constitution, because properties are not appraised at market value and

are instead reduced to the "median appraised level" of a "reasonable number of other properties," thus creating an unequal appraisal and taxation.

31.    The City requests a judgment declaring that Sections 41.43(b)(3) and 42.26(a)(3) of the Tax Code also violate Article 8, Section 1 of the Texas Constitution because under these provisions tax appraisal districts are using two different standards to ascertain value—in some cases, market value, and in other cases, the median value of selected comparable properties—which results in unequal appraisal and taxation.

32.    In the alternative, the City requests the same declarations as described above, applied only to TCAD.

**B.    <u>Injunctive Relief</u>**

33.    The City realleges and incorporates all preceding paragraphs by reference.

34.    Pursuant to Section 42.24(a) of the Texas Tax Code, the City requests that the Court order TCAD to reappraise the Subject Properties for tax year 2015 to ensure compliance with the statutory and constitutional requirement that property be appraised at market value.

35.    Further, the City requests that the Court issue a permanent injunction prohibiting appraisal districts from giving any force and effect to Sections 41.43(b)(3) and 42.26(a)(3) until the constitutional violations are remedied. This request for permanent injunction is necessary to ensure equal treatment under the law and to preserve rights protected by and impose duties required by the law. *See* TEX. TAX CODE §§ 42.24(b), (c).

36.    Finally, the City requests that the Court order future compliance with Sections 23.01(a) and (b) by appraisal districts. This would require that future appraisals be assessed at market value as of January 1 of the taxable year, in accordance with generally accepted appraisal

methods and techniques as prescribed by the Uniform Standards of Professional Appraisal Practice.

37.     In the alternative, the City requests the same permanent injunctions as described above, applied only to TCAD.

## VIII.
## RELIEF REQUESTED

38.     The City respectfully requests that the Court grant the following relief:

a.     Declaratory relief as described above;

b.     A permanent injunction prohibiting appraisal districts from giving any force and effect to Sections 41.43(b)(3) and 42.26(a)(3) until the constitutional violation is remedied.  The City requests that the Legislature be given a reasonable opportunity to cure the constitutional deficiencies in the tax system before the foregoing prohibitions take effect;

c.     A permanent injunction requiring future compliance with Sections 23.01(a) and (b);

d.     An order requiring TCAD to reappraise Subject Properties for tax year 2015;

e.     The Court should retain continuing jurisdiction over this matter until the Court has determined that TCAD, and other appraisal districts, have fully and properly complied with its orders; and

f.     Reasonable costs and attorneys' fees.

## IX.
## PREREQUISITES

39.     The City has satisfied all conditions precedent for its claims of relief including, but not limited to, satisfying all administrative prerequisites.

## X.
## JURY DEMAND

40.     The City demands a jury trial for any and all relief requested for which a jury trial would be appropriate and tenders the appropriate fee with this petition.

# XI.
## REQUEST FOR DISCLOSURE

41.     Under Texas Rule of Civil Procedure 194, the City requests the information or

materials described in Rule 194.2 within fifty (50) days of the service of this request.

# XII.
## PRAYER

For the foregoing reasons, the City respectfully requests that the Court grant the

declaratory and injunctive relief sought above, the City be awarded its attorneys' fees, costs and

expenses, and that the City be awarded such other relief at law and in equity to which it may be

justly entitled.

Respectfully submitted,

ANNE L. MORGAN, INTERIM CITY ATTORNEY
MEGHAN L. RILEY, CHIEF, LITIGATION

/s/   Andralee Cain Lloyd
ANDRALEE CAIN LLOYD
State Bar No. 24071577
Andralee.Lloyd@austintexas.gov
MICHAEL SIEGEL
State Bar No. 24093148
Michael.Siegel@austintexas.gov
City of Austin – Law Department
P. O. Box 1546
Austin, Texas 78767-1546
Telephone:  (512) 974-2918
Facsimile:   (512) 974-1311

**ATTORNEYS FOR PLAINTIFF**