## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. 6152, 6370, 6372 & 6380** |

**DEBTORS' OMNIBUS REPLY TO THE OBJECTIONS AND LIMITED OBJECTIONS OF SOMERVELL CENTRAL APPRAISAL DISTRICT, MILAM APPRAISAL DISTRICT, FREESTONE CENTRAL APPRAISAL DISTRICT, ROBERTSON COUNTY APPRAISAL DISTRICT, RUSK COUNTY APPRAISAL DISTRICT, AND TITUS COUNTY APPRAISAL DISTRICT TO DEBTORS' MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER SCHEDULING CERTAIN HEARING DATES AND DEADLINES IN CONNECTION WITH THE MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, PURSUANT TO SECTIONS 105, 505, AND 506 OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER DETERMINING CONTESTED *AD VALOREM* TAX MATTERS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this reply (the "Reply") to the *Objection of Somervell County Central Appraisal District to Motion of Energy Future Holdings Corp.*, et al.*, For Entry of an Order Scheduling Certain Hearing Dates and Deadlines in Connection With the Motion of Energy Future Holdings Corp.*, et al.*, Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested* Ad Valorem *Tax Matters* [D.I. 6370] (the "Somervell CAD Objection"); *Milam Appraisal District's Limited Objection to Debtors' Motion of Energy Future Holdings Corp.*, et al.*, For Entry of an Order Scheduling Certain Hearing Dates and Deadlines in Connection With the Motion of Energy Future Holdings Corp.*, et al.*, Pursuant to Sections 105,*

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested* Ad Valorem *Tax Matters* [D.I. 6380] (the "<u>Milam AD Objection</u>"); and *Freestone Central Appraisal District, Robertson County Appraisal District, Rusk County Appraisal District, and Titus County Appraisal District's Objection to Motion of Energy Future Holdings Corp.*, et al.*, For Entry of an Order Scheduling Certain Hearing Dates and Deadlines in Connection With the Motion of Energy Future Holdings Corp.*, et al.*, Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested* Ad Valorem *Tax Matters* [D.I. 6372] (the "<u>Remaining Appraisal Districts' Objection</u>") (collectively, the "<u>Objections</u>").  In further support of the *Motion of Energy Future Holdings Corp.*, et al.*, For Entry of an Order Scheduling Certain Hearing Dates and Deadlines in Connection With the Motion of Energy Future Holdings Corp.*, et al.*, Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested* Ad Valorem *Tax Matters* [D.I. 6152] (the "<u>Scheduling Motion</u>"), the Debtors respectfully state as follows.

<u>**Preliminary Statement**</u>

1.      The Debtors have made every reasonable effort to accommodate the Appraisal Districts in creating an efficient and fair schedule to govern the adjudication of the Tax Motion. The resulting schedule contained in the Scheduling Motion provides the parties ample time to resolve the issues raised in the Tax Motion, as indicated by the growing consensus among, and potential compromise with, the Appraisal Districts regarding the appropriateness of the Debtors' proposed schedule.  Since filing the Scheduling Motion, the Debtors have met and conferred with counsel for all of the Appraisal Districts; two jurisdictions have indicated that they were prepared to proceed to trial on or before March 28, 2016, while other jurisdictions have proposed significantly later dates that the Debtors do not believe are appropriate.  The Debtors' proposed

trial date for the Tax Motion strikes the best balance between the efficient resolution of the Tax Motion, competing views on an appropriate schedule, and the convenience of the parties.

2.    Moreover, in light of the Plan confirmation hearing scheduled in November and December, it is appropriate for the Court to consider, and the Debtors are fully prepared to address, the proposed schedule at the October 15, 2015 hearing, together with the Abstention and Venue Motions, as defined *infra*.  Given the Court's time constraints, the entry of a scheduling order prior to the Plan Confirmation hearing is imperative so that the parties may, at a minimum, commence discovery as expeditiously as possible.

3.    The Appraisal Districts' primary concern regarding the Scheduling Motion appears to be the order in which the motions pending in front of the Court are heard on October 15, 2015.  The Appraisal Districts have expressed a desire for the Abstention Motions and Venue Motions to be heard before a ruling on the Scheduling Motion is issued.  The Debtors do not object to such a framework, and indeed, anticipate that the Court will hear those preliminary matters before the Scheduling Motion.[2]

4.    However, for the reasons more fully explained in the Debtors' Omnibus Objection to the Abstention and Venue Motions, as defined *infra*, the Debtors believe this forum is appropriate for this dispute, and ask that this Court set a schedule on the Tax Motion so the parties can move forward with the efficient resolution of these issues, which stand to benefit the Debtors' estate by $80 million.

---

[2]    All Abstention Motions filed by the Appraisal Districts are scheduled to be heard on October 15, 2015, the same day that the Debtors request that the Scheduling Motion be heard and a scheduling order entered.  Counsel for Milam CAD, as defined *infra*, has indicated that while it has noticed its Abstention Motion for hearing in November, it is prepared to proceed on October 15, 2015, and the Debtors have incorporated into their Omnibus Objection to Abstention and Venue Motions an objection to Milam CAD's Abstention Motion.

**Background**

5.      On August 21, 2015, the Debtors filed the *Motion of Energy Future Holdings Corp.*, et al*., Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested* Ad Valorem *Tax Matters* [D.I. 5620] (the "Tax Motion"), seeking an order determining the taxable values of seven nuclear and coal-fueled power plants for all purposes related to the Debtors' 2015 property tax liabilities.  Other than setting the matter for a status conference on October 15, 2015, no schedule governing the Tax Motion was proposed at the time the Tax Motion was filed.

6.      On September 21, 2015, the Debtors reached out to counsel for each of the various Appraisal Districts to meet and confer regarding a schedule for the resolution of the Tax Motion.  The Debtors' proposed schedule set a trial date of February 29, 2016.

7.      On September 23, 2015, the Debtors filed the Scheduling Motion to establish a reasonable schedule to govern the efficient adjudication of the Tax Motion, which schedule would provide the parties the necessary time to resolve the set of narrow issues laid out in the Tax Motion.  The proposed schedule in the Scheduling Motion set a trial date of March 28, 2016, extending the original proposed trial date by almost a month:

| Description | Timing/Deadline |
|---|---|
| Counsel for all property tax jurisdictions shall meet and confer prior to this date and serve on this date one consolidated set of document requests. | October 19, 2015 |
| The Debtors and the property tax jurisdictions shall meet and confer regarding document production relating thereto and discuss entry into the protective order governing these cases. | October 21, 2015 |
| Deadline by which Parties shall commence exchanging responsive electronic and hard copy documents, within the appropriate scope of discovery assuming entry into the protective order governing these cases. | October 26, 2015 |
| Deadline by which the Parties shall substantially complete the exchange of responsive electronic and hard copy documents. | January 8, 2016 |

| Deadline by which depositions of fact witnesses shall be completed. | February 5, 2016 |
| Deadline by which Parties shall disclose the identities of testifying experts and disclose their written reports pursuant to FRCP 26(a)(c)(2). | February 12, 2016 |
| Deadline by which depositions of all expert witnesses shall be completed. | February 26, 2016 |
| Deadline by which the property tax jurisdictions shall respond to the Debtors' Motion. | March 7, 2016 |
| Deadline by which the Debtors shall file a reply in support of their Motion. | March 21, 2016 |
| The trial on the Debtors' Motion shall proceed. | March 28, 2016 |

8.      That same day, the Somervell Central Appraisal District (the "Somervell CAD") filed a *Motion for Abstention with Regard to Debtors' Motion Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested* Ad Valorem *Tax Matters* [D.I. 6154] (the "Abstention Motion"), requesting that the Court decline to exercise jurisdiction over these various tax matters under Section 505 of the Bankruptcy Code.

9.      On September 25, 2015, Freestone Central Appraisal District ("Freestone CAD"), Robertson County Appraisal District ("Robertson CAD"), Rusk County Appraisal District ("Rusk CAD"), and Titus County Appraisal District ("Titus County CAD") (together with Somervell CAD and Milam Appraisal District ("Milam AD"), the "Appraisal Districts") filed the *Motion to Transfer Venue and Partial Dismissal, Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining the Amount of Contested Ad Valorem Tax Matters* [D.I. 6200] (the "Venue Motion"), requesting that this Court transfer the matters set forth in the Tax Motion to the United States District Court for the Northern District of Texas, Dallas Division, and that Debtors' claims pursuant to Section 506 of the Bankruptcy Code be dismissed for failure to state a claim for which relief may be granted.

10.     On October 6, 2015, the Debtors again reached out to counsel for the Appraisal Districts to arrange meet and confers regarding the Debtors' Scheduling Motion, in an attempt to

reach a compromise on a proposed schedule before the status conference on October 15, 2015. Counsel for Somervell CAD, Milam AD, and Freestone CAD responded that they were available to meet and confer on October 7, 2015, and calls were set for that day.  Counsel for Titus County CAD and Robertson CAD responded that they were not available to meet and confer until October 8, 2015.

11.     On October 7, 2015, prior to meeting and conferring with the Debtors, all of the Appraisal Districts filed Objections to the Scheduling Motion.  Milam AD also filed *Milam Appraisal District's (I) Motion for Abstention With Regard to the Motion of Motion of Energy Future Holdings Corp.*, et al.*, Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested* Ad Valorem *Tax Matters, and, in the Alternative, (II) Joinder to the Motion for Abstention Filed by Somervell County* [D.I. 6378] (the "Milam Abstention Motion") and the *Joinder of Milam Appraisal District to Somervell County Central Appraisal District's Motion for Abstention With Regard to Debtors' Motion Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested* Ad Valorem *Tax Matters* [D.I. 6381] (together with the Abstention Motion and the Milam Abstention Motion, the "Abstention Motions").  Somervell CAD also filed the *Joinder of Somervell County Central Appraisal District, In the Alternative to Its Motion for Abstention [D.I. 6154] to Freestone Central Appraisal District, Robertson County Appraisal District, Rusk County Appraisal District, and Titus County Appraisal District's Motion to Transfer Venue and Partial Dismissal, Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining the Amount of Contested Ad Valorem Tax Matters [D.I. 6200]* [D.I. 6379] (together with the Venue Motion, the "Venue Motions").

12.     The Debtors nevertheless proceeded with the October 7, 2015 scheduled meet and confers with counsel for Freestone CAD, Somervell CAD, and Milam AD in order to reach a consensus on the issue of scheduling.  With all rights reserved and without prejudicing the pending Abstention and Venue Motions, counsel for Milam AD indicated that they had no concerns with the deadlines proposed by the Debtors, including a trial date of March 28, 2016, whereas counsel for Somervell CAD indicated that they were prepared to proceed to trial as early as January 2016,[3] and finally counsel for Freestone CAD indicated that they would need until later in 2016 to prepare for trial.

13.     On October 8, 2015, the Debtors filed their *Omnibus Objection to the Jurisdictional Challenges to Debtors' Motion Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining the Amount of Contested Ad Valorem Tax Matters* [D.I. 6406] ("Omnibus Objection to Abstention and Venue Motions").

14.     On October 8, 2015, the Debtors also met and conferred with counsel for Freestone CAD, Robertson CAD, Rusk CAD, and Titus CAD to discuss the issue of scheduling.  With all rights reserved and without prejudicing the pending Abstention and Venue Motions, counsel for Robertson CAD, Rusk CAD, and Titus CAD indicated that their primary concern with the proposed schedule was the anticipated responsiveness of the Debtors to forthcoming discovery requests.  The Debtors affirmed, and reaffirm here, that they are fully-prepared to proceed expeditiously with discovery given the substantial resources that are already in place and that have already been undertaken in connection with these chapter 11 cases.

---

[3]   After filing the Tax Motion with this Court on August 21, 2015, the Debtors timely filed on the same date challenges to all of the taxable values in the applicable Texas state district courts, solely to preserve the Debtors' rights under Texas law.  To date, the state court actions against Milam AD have been scheduled for jury trial on February 22, 2016, and the state court action against Somervell CAD has been scheduled for jury trial on January 25, 2016.

## Argument

**I.    The Debtors' Proposed Schedule is Reasonable.**

15.    The Debtors' proposed schedule for the resolution of the Tax Motion is reasonable and affords the parties an appropriate amount of time to resolve the limited number of issues raised by the Tax Motion.  The Debtors' proposed schedule for the adjudication of the Tax Motion represents the best compromise for the parties, as demonstrated by the two Appraisal Districts that have already indicated that they are prepared to proceed to trial at least by March 28, 2016.  A March 2016 trial date also strikes the balance between Somervell CAD's proposed January 2016 trial date, and Freestone CAD's proposal of trial later in 2016.  Further, the Debtors are willing to meet and confer with the Appraisal Districts as necessary to resolve any non-timing remaining disputes regarding their proposed schedule.

16.    Moreover, as noted in the Scheduling Motion, the discovery schedule will benefit from the significant discovery efforts that the Debtors have already undertaken as part of these chapter 11 cases.  Documents relating to these valuations have already been reviewed and produced for use by the Debtors' experts and various creditors, which will greatly shorten the amount of time necessary to complete the necessary discovery in this matter.  And the Debtors have resources in place now to review and produce additional documents expeditiously.

17.    Finally, the need for the entry of an order laying out a schedule for the resolution of the Tax Motion is especially important in light of the Court's limited availability over the next months due to Plan confirmation proceedings.  It is imperative that the parties commence discovery before the Plan confirmation hearing begins.  Accordingly, the Debtors ask that the Court enter their proposed schedule at the October 15, 2015 hearing.

## II.    The Appraisal Districts' Objections Have No Merit.

18.    The primary concern expressed in the Appraisal Districts' Objections—that the Court will hear the Scheduling Motion before the Abstention and Venue Motions pending before it—should be considered moot.  The Debtors are fully prepared to address the Abstention and Venue Motions at the October 15, 2015 hearing.  And, as more fully explained in the Debtors' Omnibus Objection to Abstention and Venue Motions, the Debtors believe that this Court should not abstain from hearing, and should not transfer, the Tax Motion.  Accordingly, the Scheduling Motion is not "premature" as the Appraisal Districts claim: it represents the next logical step in the resolution of the Tax Motion.  The timing of the Scheduling Motion is therefore completely appropriate, especially given the forthcoming Plan confirmation hearing.

19.    Moreover, Somervell CAD's allegation that the Scheduling Motion represents an attempt to "unilaterally impose a discovery schedule" has no basis.  (Somervell Abstention Motion ¶¶ 11, 14).  As explained above, the Debtors have reached out to counsel for the Appraisal Districts on a number of occasions and attempted in good faith to reach an agreement on a schedule for the Tax Motion.  Even after the Scheduling Motion was filed, Debtors continued to engage with the Appraisal Districts, the results of which were promising.  The Debtors remain willing to meet and confer regarding the details of anticipated discovery, but ask that the Court enter the proposed schedule so that discovery can commence.

20.    The Appraisal Districts' remaining concerns are easily addressed.  First, there is simply no need for an 18 month timeframe for the Appraisal Districts to prepare their cases for trial, as requested in the Remaining Appraisal Districts' Objection.  (Remaining Appraisal Districts' Objection ¶ 6).  The Debtors' proposed schedule affords the parties more than two months to conduct discovery, some of which has likely already been completed.  The Debtors are

prepared to address any and all differences between the various plants at issue in the Tax Motion by producing plant-specific documents to the relevant Appraisal Districts.

21.     Second, the fact that the Debtors' proposed schedule requires the submission of a single consolidated set of document requests in no way precludes any of the Appraisal Districts from including in that consolidated set their own requests related to the unique aspects of the plant in their jurisdiction.   (Somervell CAD Objection ¶¶ 12-14).   The requirement that the Appraisal Districts submit a consolidated set of requests was intended only to assist in the orderly administration of a case involving numerous parties from multiple jurisdictions. Moreover, as noted above, the Debtors are open to meeting and conferring about the details of proposed discovery—indeed, the proposed schedule contemplates a meet and confer process relating to document production—but would ask that a schedule be set in order to move these proceedings forward.

22.     Finally, the Appraisal Districts' concerns regarding interrogatories or requests for admission are unfounded—the Debtors are prepared to meet and confer to discuss the implementation of those discovery mechanisms once a scheduling order is entered and discovery has opened.  (Somervell CAD Objection ¶ 16).[4]

*[Remainder of Page Intentionally Left Blank]*

---

[4]     Somervell CAD also requests that the Court adjudicate the merits of the Tax Motion before setting a discovery and hearing schedule.  (Somervell CAD ¶ 19).  It is not clear what Somervell CAD is requesting:  the merits of the Tax Motion itself (as opposed to abstention and venue) cannot be heard until the Debtors have been afforded the opportunity to put on evidence in support of the Motion.

WHEREFORE, the Debtors respectfully request that the Court deny the Appraisal Districts' Objections and enter the Order, substantially in the form attached to the Scheduling Motion as Exhibit A, granting the relief requested in the Scheduling Motion, and granting such other and further relief as is appropriate under the circumstances.

Wilmington, Delaware
Dated:   October 9, 2015

_/s/ Joseph C. Barsalona II_
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
Joseph C. Barsalona II (No. 6102)
920 North King Street
Wilmington, Delaware 19801
Telephone:       (302) 651-7700
Facsimile:       (302) 651-7701
Email:           collins@rlf.com
                 defranceschi@rlf.com
                 madron@rlf.com
                 barsalona@rlf.com
-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900
Email:           edward.sassower@kirkland.com
                 stephen.hessler@kirkland.com
                 brian.schartz@kirkland.com
-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200
Email:           james.sprayregen@kirkland.com
                 marc.kieselstein@kirkland.com
                 chad.husnick@kirkland.com
                 steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*