IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ENERGY FUTURE HOLDINGS CORP., et al, | § | CASE NO. 14-10979 (CSS) |
| a Delaware Corporation | § | |
| | § | |
| Debtors, | § | Chapter 11 |
| | § | **Re: Docket Nos. 6200, 6406** |

_____

**<u>FREESTONE CENTRAL APPRAISAL DISTRICT'S, ROBERTSON COUNTY APPRAISAL DISTRICT'S, RUSK COUNTY APPRAISAL DISTRICT'S, AND TITUS COUNTY APPRAISAL DISTRICT'S REPLY AND REQUEST FOR JUDICIAL NOTICE RELATING TO DEBTORS' OMNIBUS OBJECTION TO THEIR MOTION TO TRANSFER VENUE AND PARTIAL DISMISSAL, OF MOTION OF ENERGY FUTURE HOLDINGS CORP, ET AL., PURSUANT TO SECTIONS 105, 505, AND 506 OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER DETERMINING CONTESTED *AD VALOREM* TAX MATTERS</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

FREESTONE CENTRAL APPRAISAL DISTRICT, ROBERTSON COUNTY APPRAISAL DISTRICT, RUSK COUNTY APPRAISAL DISTRICT, and TITUS COUNTY APPRAISAL DISTRICT, ("Districts"), appear and file this Reply and Request for Judicial Notice relating to the objection of Debtors to the Districts' Motion to Transfer Venue and Partial Dismissal of the Motion of Energy Future Holdings Corp. *et al*., Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested *Ad Valorem* Tax Matters, and would show as follows:

1.      Districts respectfully disagree that they failed to meet their burden of proof. Filed contemporaneously with this Reply are the Declarations of each of the Districts setting forth the facts that necessitate that the venue of this matter be transferred. Debtors have made it apparent that they will challenge these facts and object to their admissibility absent a live witness. The Debtor has even demanded depositions of the Districts' witnesses in Delaware before the hearing. The facts stated in the Declarations are not really disputed by Debtors. Debtors' actions

1

drive home the point that the forum for these disputes should be in Dallas. The Districts have requested venue be transferred to Dallas, the judicial district conveniently located in the hometown of debtors Luminant Generation Company, LLC, Oak Grove Management Company, LLC, and Big Brown Power Company, LLC. (The Court is requested to take judicial notice of each of these debtors' addresses as they appear on the first page of each debtor's Voluntary Petitions. A copy of those pages is attached hereto as Exhibit "A".) Debtors' objection to going home is disingenuous.

2. Trying the § 505 motion in Dallas should not conflict with the duties of Debtors' counsel, officers, or witnesses because by the time the case is called for trial, issues related to plan confirmation will most likely have been resolved. Debtors need not worry about splitting resources because once the cases are ready to be tried, Debtors can concentrate on their § 505 motion. Debtors are in Texas anyway, as are corporate records and plant operating data. The Debtors' Texas state lawsuits involve the exact same valuation issues as in this matter and are being handled for the Debtors by Dallas counsel. Jury trials in Dallas work no hardship on Debtors.

3. The essence of this bankruptcy is not about the valuation of the power plant assets, it is instead about restructuring Debtors' debt. (See, Testimony of Debtors' general counsel, Ms. Dore, from venue transfer hearing of May 24, 2014. The Court is requested to take judicial notice of Ms. Dore's testimony which is transcribed and found among the papers of this Court's file in document number 627 of *Energy Future Holdings Corp.*, matter number 14-10979-CSS (hereinafter the "Transcript") at p.56. ln.21-23,) In a venue transfer hearing on May 24, 2014, this Court agreed with Debtors that transferring the whole case to Dallas was not convenient since the parties interested in the "essence" of the case were in fact all located in the northeastern portion of the country-- including the movant, Wilmington Savings Fund Society, FSB and its

counsel.[1] In this contested matter, all of the interested parties, plaintiff and defendant, and their counsel, are in Texas. As the Court noted in the earlier venue change request, the documents controlling Debtors' debt restructuring had New York or Delaware choice of law provisions. (See Transcript p. 214, ln. 13-15) In this asset-centric contested matter, the choice of law is, as a matter of law, Texas law. *City of Amarillo v. Eakens*, 399 F.2d 541 (5th Cir. 1968), cert. denied, 393 U.S. 1051 (1969). Debtors also seek to apply Texas tax law regarding tax exemptions for a large portion of the plants' value based on Texas Tax Code § 11.31.[2] Such exemptions from taxation must be strictly construed using Texas law since they are anathema to the concept of equal taxation that Debtor also complains about. *Bullock v. National Bancshares Corporation*, 584 S.W.2d 268, 271-72 (Tex. 1979) ("Statutory exemptions from taxation are subject to strict construction since they are the antithesis of equality and uniformity and because they place a greater burden on other taxpaying businesses and individuals. [citations omitted] An exemption cannot be raised by implication, but must affirmatively appear, and all doubts are resolved in favor of taxing authority and against the claimant.") Further, these exemptions are administered by the Texas Commission on Environmental Quality (not a party herein). Tex. Tax Code § 11.31 (West 2015).

4.  In their response to the Districts' Motion to Transfer Venue, Debtors claim that some sort of "balance" favors venue in Delaware. Debtors' Objection at ¶ 49. However, Debtors have failed to mention that the Districts are not creditors, have not filed claims, and have not voluntarily invoked the jurisdiction of the Court. The Districts learned of their involvement for the first time when Debtors' § 505 motion was served on them. Unlike creditors, such as taxing units who are not parties to the § 505 motion, who submit to the jurisdiction of the Court by

---

[1] The Court: "The interested parties here—this goes to location of plaintiff and defendant. The interested parties, the indentured trustees, the creditors, the financial advisors, the professionals are all in the northeast and I think that favors Delaware." Transcript, p.197, ln. 17-21.

[2] A copy of Texas Tax Code § 11.31 is attached hereto as Exhibit "B" for the Court's convenience.

filing claims, the Districts are in this proceeding involuntarily because the Debtors conduct business in the Districts (and sell electricity to Texans). The "balance" for venue in Dallas favors the Districts since they have no choice but to continue appraising the electrical plants and coordinating with the Texas Commission on Environmental Quality which administers the local pollution-control exemptions. Delaware should not be a venue consequence borne by the Districts merely because they are required to appraise the electrical plants.

5.  Debtors' attempt to cast the venue issue as a matter of convenience conveniently leaves out the fact that the Districts are in small counties with limited budgets. As is evident to the Court and Debtors[3], if this matter is tried in Delaware, the Districts will incur additional expenses and inconvenience associated with traveling to Wilmington.

6.  The Districts respectfully request that the Court take judicial notice of the following facts.

| District | 2010 county population |
|---|---|
| Freestone | 19,646 |
| Robertson | 16,622 |
| Rusk | 53,330 |
| Titus | 32,334 |

According to distancebetweencities.com, the distance between the Districts' county seats to Wilmington is:

| District | County seat | Direct miles to Wilmington[4] |
|---|---|---|
| Freestone | Fairfield | 1278.34 |
| Robertson | Franklin | 1320.00 |
| Rusk | Henderson | 1194.55 |
| Titus | Mount Pleasant | 1168.47 |

---

[3] The Court is respectfully requested to take judicial notice of Debtors' Dallas based general counsel's testimony in the Transcript at p. 54, ln.11-19 (Question: "Okay. But I just want to talk about you and your role as general counsel. Are you suggesting that it's more efficient for you to get on a plane, fly to Philadelphia, take a car to Delaware, stay in a hotel (indiscernible) that's necessary and attend hearings, and then reverse that? Are you suggesting that's more efficient for you as the general counsel of these debtors than being able to walk down the street to a Bankruptcy Court in Dallas?" Answer: "For me personally and standing alone, sure, it is not.")

[4] Source: www.distancebetweencities.us.

7.  Not only is the long distance between these small Districts and this Court a logistical challenge for the trial of the cases, but it is also an impediment to the attendance or involvement by members of the boards of directors of the Districts, each of whom are required by Texas Tax Code section 6.03(a) to reside within the counties in which they serve. Similarly, the extra burden for the Districts' key staff to attend or aid in a trial in Delaware should be obvious. The appraisal office must be located in the county for which the district is established. TEX. TAX CODE § 6.05(a). This means that the chief appraiser, who is the chief administrative officer of an appraisal district, would need to make the trip to make decisions based on first-hand observations of the proceedings, monitor activities, and assist in each District's defense in a case in which the District's only involvement was to appraise the property as required by the Texas Tax Code. (See, Declaration attached as Exhibit "C".) With limited budgets, the Districts are hard pressed to find the resources to defend this litigation if required to defend in Delaware.

8.  The Districts further submit the following certified documentary evidence:

    a. Freestone Central Appraisal District, F. R. EV. 902(4):

    i.  Exhibit D: map and population of Freestone County;

    ii. Exhibit E: certified value of Big Brown Power Plant and Freestone County total certified value for 2015;

    iii. Exhibit F: certified value of Big Brown Power Plant and Freestone County Hospital District total certified value for 2015;

    iv. Exhibit G: certified value of Big Brown Power Plant and Fairfield Independent School District total certified value for 2015.

    b. Robertson County Appraisal District, F. R. EV. 902(4):

    i.  Exhibit H: certified summary of 2015 Robertson County Appraisal Roll;

    ii. Exhibit I: certified summary of 2015 Franklin Independent School District Appraisal Roll;

    iii. Exhibit J: certified copy of 2015 Appraisal Review Board Order Determining Protest of Oak Grove Management Company, LLC's Power

Plant.

c. Rusk County Appraisal District, F. R. Ev. 902(4):

   i. Exhibit K: certified value of the Luminant Generation Company power plant and the Tatum Independent School District total certified value for 2015.

d. Titus County Appraisal District, F. R. Ev. 902(4):

   i. Exhibit L: certified value of the Mount Pleasant Independent School District total certified value for 2015;

   ii. Exhibit M: certified summary of 2015 Titus County Appraisal Roll.

9. While the Districts will not shirk their responsibility to defend the properties' market values, they believe that weighing that responsibility with the responsibility to shepherd the public funds entrusted to them argues strongly in favor of transferring the cases to Dallas, especially since Debtors are already in that city.

WHEREFORE, premises considered, Freestone Central Appraisal District, Robertson County Appraisal District, Rusk County Appraisal District, and Titus County Appraisal District request that the Motion of Energy Future Holdings Corp., *et al.*, Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code For Entry of an Order Determining Contested *Ad Valorem* Tax Matters be transferred to the United States District Court for the Northern District of Texas, Dallas.

Respectfully submitted,

DATED: October 12, 2015        /s/ Theodore J. Tacconelli
                               Theodore J. Tacconelli (No. 2678)
                               Ferry Joseph P.A.
                               824 Market Street, Suite 1000
                               Wilmington, DE 19801
                               Telephone 302-575-1555/Fax 302-575-1714
                               Email:  ttacconelli@ferryjoseph.com

                               -and-

G. Todd Stewart (TX Bar I.D. No. 19209700)
Patrick Dyer (TX Bar I.D. No. 06318200)
OLSON & OLSON, L.L.P.
Wortham Tower Suite 600
2727 Allen Parkway
Houston, Texas 77019
Telephone (713) 533-3800/Fax (713) 533-3888
Email:  tstewart@olsonllp.com
*Counsel for Robertson County Appraisal District and Titus County Appraisal District*

-and-

Kirk Swinney (TX Bar I.D. No. 19588400)
Ryan L. James (TX Bar I.D. No. 24078731)
Yessika Monagas (TX Bar I.D. No. 24084325)
MCCREARY, VESELKA, BRAGG & ALLEN, P.C.
700 Jeffrey Way, Suite 100
Round Rock, TX 78665
Telephone (512) 323 3200/Fax (512) 323-3294
Email: kswinney@mvbalaw.com
   rjames@mvblaw.com
   ymonagas@mvbalaw.com
*Counsel for Freestone Central Appraisal District*

-and-

James R. Evans, Jr. (TX Bar I.D. No. 06721500)
HARGROVE & EVANS, L.L.P.
4425 South Mopac Expressway
Building 3, Suite 400
Austin, TX 78735
Telephone (512) 225-7864/Fax (512) 225-7865
Email:  jim@hellplaw.com
*Counsel for Rusk County Appraisal District*