

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

**Richard C. Pedone**
*Partner*
T 617-345-1305
rpedone@nixonpeabody.com

100 Summer Street
Boston, MA  02110-2131
617-345-1000

October 14, 2015

*Via Electronic Filing*

The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

> Re:  **In re Energy Future Holdings Corporation, et al., Case No. 14-10979**
> **EFH Legacy Series Q/R Trustee's Statement in Advance of Confirmation Pre-Trial Conference Regarding Scheduling of Summary Judgment Hearing in Connection with Plan Confirmation**

Dear Judge Sontchi:

    We serve as counsel to the EFH Legacy Series Q/R Trustee[1] and we write in advance of the confirmation pre-trial conference scheduled for Thursday, October 15, 2015, to provide the Court with some background on certain contested confirmation hearing scheduling issues.  As explained more fully below, our proposed approach for the sequencing of the issues differs from the approach proposed by the Debtors in our discussions.  In connection with our proposal we respectfully request that the Court consider:

    a.    requiring the Debtors, in advance of the November 3, 2015 hearing (the "Confirmation Hearing"), to inform the Court and the parties whether they elect to proceed with the option under the Plan providing for reinstatement of EFH Legacy Series Q Claims and EFH Legacy R Claims at Reorganized TCEH over the objections of the EFH Legacy Series Q/R Trustee; or

    b.    if they decline to make such election, holding argument on the EFH Legacy Series Q/R Trustee's Summary Judgment Motion as soon as possible but in all events ahead of, or at the start of, the Confirmation Hearing, and in the event that the Summary Judgment Motion is not granted on account of purported disputed

---

[1] The EFH Legacy Series Q/R Trustee is American Stock Transfer & Trust Company, LLC ("AST"), as successor trustee to The Bank of New York Mellon Trust Company, N.A. under the indentures for certain notes (the "EFH Legacy Notes", and the holders thereof, the "EFH Legacy Noteholders") issued by Energy Future Holdings Corp. ("EFH Corp.").

4819-6409-0665.6

The Honorable Christopher S. Sontchi
October 14, 2015
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

fact issues, clarify that such fact issues will be tried during the Confirmation Hearing.[2]

Under the Plan, the Debtors have attempted to treat claims in Class A4 (EFH Legacy Note Claims) as "Unimpaired" by either:

A.   paying such Claims (exclusive of makewhole amounts) in full in Cash (the "Cash Payment Option"); or

B.   in the case of EFH Legacy Series Q Claims and EFH Legacy R Claims only, *at the election of the Debtors*, with the agreement of the Plan Sponsors and the TCEH Supporting First Lien Creditors, on or before the Effective Date, Reinstatement of such Claims, which shall include assumption of such Claims by Reorganized TCEH (the "Reinstatement Option").

Plan, at Art. III.B.4. The Debtors have not yet made an election as to which option they will pursue. Indeed, the Plan does not provide a deadline by which the Debtors must elect to proceed with the Reinstatement Option or the manner in which such election shall be made.

Now is the time for the Debtors to elect their path **or** prepare for an orderly trial on the feasibility of both options. As detailed below, a trial concerning the feasibility of the Cash Payment Option necessarily requires that this Court consider the legal issues raised by the Summary Judgment Motion in connection with the hearing on confirmation of the Plan.

## I.   EFH Legacy Series Q/R Trustee's Summary Judgment Motion Relation to Debtors' Options Under the Plan With Respect to Class A4

On October 7, 2015, the EFH Legacy Series Q/R Trustee filed its Summary Judgment Motion seeking a ruling from the Court on the discrete legal issue of whether the allowed amounts of the EFH Legacy Q/R Trustee's claims against EFH Corp. should include the full Redemption Price as determined in the EFH Legacy Q/R Indentures and Notes (the "EFH Legacy Series Q/R Makewhole Claims") and a ruling regarding the related condition precedent to consummation of the Plan. The EFH Legacy Series Q/R Trustee seeks to have the Summary Judgment Motion heard at the earliest possible date and, in all events, at the start of the

---

[2]   Two of the EFH Legacy Note Indentures – Series Q and Series R (the "EFH Legacy Q/R Indentures") – are at issue in the *Motion for Partial Summary Judgment: (I) In Response to Objection to Makewhole Claims; and (II) Regarding Condition Precedent 9 to Effectiveness of Plan* [Docket No. 6386] and related Memorandum of Law [Docket No. 6387] (together, the "Summary Judgment Motion"). Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Summary Judgment Motion or the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 6122] (the "Plan"), as applicable.

4819-6409-0665.6

The Honorable Christopher S. Sontchi
October 14, 2015
Page 3

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

Confirmation Hearing. The Debtors have suggested in recent discussions that the issues raised in the Summary Judgment Motion and all issues related to allowance of the EFH Legacy Series Q/R Makewhole Claims should be adjudicated <u>after</u> the conclusion of the Confirmation Hearing and that they will be filing another objection to the EFH Legacy Series Q/R Makewhole Claims this week. The approach suggested by the Debtors is flawed and improper in light of two unusual provisions contained in the Plan and discussed below.

### A. *Disallowance of EFH Legacy Series Q/R Makewhole Claims is Condition Precedent to Effective Date of Plan*

The first reason why the Debtors' approach is untenable is because the EFH Legacy Series Q/R Makewhole Claims are no ordinary claims in these cases - their disallowance is a condition precedent to consummation of the Plan. Condition precedent number 9 to the Effective Date of the Plan ("<u>Condition Precedent 9</u>") requires the "disallowance" of all Makewhole Claims against EFH Corp., including the EFH Legacy Series Q/R Makewhole Claims. *See* Plan, at Art. IX.B.9 (providing that condition precedent to Effective Date is "all Claims against the EFH Debtors and/or the EFIH Debtors with respect to any Makewhole Claim shall be Disallowed Makewhole Claims"); *id.*, at Art. I.A.69 (defining "Disallowed Makewhole Claim").

Because of this unusual provision, in order for the Debtors to meet their burden at the Confirmation Hearing to establish that the Plan is feasible under section 1129(a)(11) and likely to be consummated the Debtors will have to prove either that:[3]

a)  the EFH Legacy Q/R Trustee's Makewhole Claims should be disallowed facilitating compliance with Condition Precedent 9; or

b)  they can and will reinstate the EFH Legacy Series Q Claims and EFH Legacy R Claims at Reorganized TCEH over the objections of the EFH Legacy Series Q/R Trustee.

The Court should require the Debtors to make their election now or prepare for an orderly trial on both options. Moreover, if the Debtors want to keep the Cash Payment Option open, the Summary Judgment Motion should be heard in connection with the Confirmation Hearing because the issues raised in the Summary Judgment Motion directly implicate the Plan's feasibility, are all legal issues, and do not involve disputed facts. In addition, as is evident from the Summary Judgment Motion and, ironically, the Debtors' admissions in connection with other makewhole disputes, the issues to be determined are not complicated and

---

[3] *See* 11 U.S.C. § 1129(a)(11) (stating that a plan can only be confirmed if "Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization . . . ."); *In re Exide Techs.*, 303 B.R. 48, 58 (Bankr. D. Del. 2003) (denying confirmation of plan and stating that "plan proponent bears the burden of establishing the plan's compliance with each of the requirements set forth in § 1129(a) . . . .").

4819-6409-0665.6

The Honorable Christopher S. Sontchi
October 14, 2015
Page 4

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

most certainly do not involve disputed material facts. *See EFIH Debtor's Motion for Summary Judgment*, Adv. No. 14-50405 [Docket No. 42] (July 17, 2015), at p. 9 (Debtors arguing that makewhole issues should be resolved as a matter of law on summary judgment).

For these reasons it is logical and administratively efficient to address the merits of the EFH Legacy Series Q/R Makewhole Claims at the same time that the Debtors attempt to meet their confirmation burden.

**B.**     *Debtors Have Already Objected in the Plan to EFH Legacy Series Q/R Makewhole Claims*

Further, the Debtors have already unequivocally elected to litigate the merits of the EFH Legacy Series Q/R Makewhole Claims in connection with confirmation and they should not now be permitted to alter the procedural posture or even supplement their objection. **The Plan itself constitutes the Debtors' objection to the EFH Legacy Series Q/R Makewhole Claims**. Article VII.A of the Plan provides that:

> Except as specifically provided as Allowed Claims pursuant to Article III.B of the Plan or otherwise objected to by the Debtors in the Chapter 11 Cases, the Plan shall serve as the Debtors' objection to all other EFIH First Lien Note Claims, EFIH Second Lien Note Claims, EFIH Unsecured Note Claims, EFH LBO Note Claims, and EFH Legacy Note Claims under the respective indentures.[4]

Therefore, the Debtors have now filed their complete objection to the EFH Legacy Series Q/R Makewhole Claims, the issues are joined, and the Summary Judgment Motion should be heard at the Confirmation Hearing, or on an earlier date, if the Reinstatement Option is not elected.

**II.     Conclusion**

Consummation of the Plan hinges on the Debtors defeating the Makewhole Claims against EFH Corp. or prevailing on their attempt to reinstate the EFH Legacy Series Q Claims and EFH Legacy R Claims at Reorganized TCEH. The EFH Legacy Series Q/R Trustee does not know which option the Debtors will choose and is forced to prepare for both scenarios. **If the Payment Option is chosen or no option is chosen, the issues raised in the Summary Judgment Motion should be heard as part of the Confirmation Hearing since allowance of**

---

[4]     The EFH Legacy Q/R Trustee believes that the clear language in the Section VII.A of the Plan governs and that the EFH Legacy Series Q/R Makewhole Claims have been objected to. The Summary Judgment Motion was filed, in part, in response to the objection in the Plan to the EFH Legacy Series Q/R Makewhole Claims. Accordingly, the issues presented in the Summary Judgment Motion are ripe for consideration. AST, in its capacity as indenture trustee for the EFH Notes, will respond separately to all other aspects of the Debtors' objections to its claims and all such response rights are reserved.
4819-6409-0665.6

The Honorable Christopher S. Sontchi
October 14, 2015
Page 5

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

**EFH Legacy Series Q/R Makewhole Claims directly affects feasibility of the Plan**.  If the Debtors choose the Reinstatement Option, the EFH Legacy Series Q/R Trustee can more properly focus on the reinstatement issues scheduled to be tried on or after November 30, 2015 in accordance with this Court's prior ruling.

   Accordingly, the EFH Legacy Series Q/R Trustee requests that the Court (a) require the Debtors to inform the Court and parties in advance of November 3, 2015 whether they elect to only proceed with the Reinstatement Option or, if they decline to do so (b) hold argument on the Summary Judgment Motion as soon as possible but in all events ahead of, or at the start of, the Confirmation Hearing and if the Summary Judgment Motion is not granted on account of purported disputed fact issues, clarify that such fact issues will be tried during the Confirmation Hearing.

Sincerely,

*/s/ Richard C. Pedone*


Richard C. Pedone
Partner


cc: Erica Goodstein

4819-6409-0665.6