## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF *AMENDED*[2] AGENDA OF MATTERS SCHEDULED FOR HEARING ON OCTOBER 15, 2015 STARTING AT 10:30 A.M. (EDT)[3]

**I.    CONTINUED MATTERS:**

1.    Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2808; filed November 18, 2014]

Response/Objection Deadline:    December 11, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Sections 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Koetter Fire Protection of Austin, L.L.C. [D.I. 2950; filed December 5, 2014]

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] **Amended items appear in bold.**

[3] The October 15, 2015 (the "October 15th Hearing") hearing will be held before The Honorable Christopher S. Sontchi at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801 beginning at 10:30 a.m. (EDT). Any person who wished to appear telephonically at the October 15th Hearing must **have** contacted COURTCALL, LLC at 866-582-6878 prior to 12:00 p.m. (noon) (EDT) on Wednesday, October 14, 2015 to register his/her telephonic appearance in accordance with the *Instructions for Telephonic Appearances Effective January 5, 2005, Revised April 27, 2009.*

B.    Response to Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Sections 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Allied Electronics, Inc. [D.I. 2964; filed December 10, 2014]

C.    Emerson Network Power Liebert Services' Response to Debtors' Omnibus Objection to Proof of Claim #3297 [D.I. 2970; filed December 11, 2014]

Related Documents:

i.    Declaration of Steve R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2809; filed November 18, 2014]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 2948; filed December 4, 2014]

iii.    Order Sustaining Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3046; filed December 17, 2014]

iv.    Order (Second) Sustaining Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3469; filed February 6, 2015]

Status: The individual status of each remaining claim subject to this matter is listed on the attached Exhibit A. On December 17, 2014, the Court entered an order granting the objection with respect to certain claimants. On February 6, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

2.    Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2992; filed December 12, 2014]

Response/Objection Deadline:    December 31, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Mason Guy [D.I. 3153; filed December 29, 2014]

B.    Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Susan Keyes [D.I. 3164; filed December 31, 2014]

C.    Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Ruth Caesar [D.I. 3171; filed January 5, 2015]

D.    Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Maria Soto [Not on Docket]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2993; filed December 12, 2014]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3160; filed December 30, 2014]

iii.   Order Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3236; filed January 12, 2015]

iv.   Order (Second) Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3470; filed February 6, 2015]

v.    Order (Third) Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3839; filed March 9, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit B.  On January 12, 2015, the Court entered an order granting the objection with respect to certain claims.  On February 6, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto.  On March 9, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

3.    Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2994; filed December 12, 2014]

Response/Objection Deadline:    December 31, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:    None.

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2995; filed December 12, 2014]

ii.   Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy

Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3161; filed December 30, 2014]

iii.    Order Sustaining Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3234; filed January 12, 2014]

iv.    Order (Second) Sustaining Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3502; filed February 10, 2014]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit C. On January 12, 2015, the Court entered an order granting the objection with respect to certain claims. On February 10, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

4.    Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3212; filed January 9, 2015]

Response/Objection Deadline:        January 23, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Deborah Moore [D.I. 3352; filed January 23, 2015]

B.    Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Stephen W. Mitchell [D.I. 3355; filed January 23, 2015]

C.    Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local

Bankruptcy Rule 3007-1 filed by Monica Regina Hawkins [D.I. 3386; filed January 27, 2015]

D.    Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by JoAnn M. Robinson [D.I. 3389; filed January 28, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3213; filed January 9, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3374; filed January 27, 2015]

iii.    Order Sustaining Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3468; filed February 6, 2015]

iv.    Order (Second) Sustaining Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3838; filed March 9, 2015]

v.    Letter Referring to the Omnibus Objection to Claims (Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1) [D.I. 3926; filed March 18, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit D. On February 6, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On March 9, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be

determined. Consequently, no hearing with respect to this matter is required at this time.

5. Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3218; filed January 9, 2015]

Response/Objection Deadline:     January 23, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A. Response to Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by DeAnna & Gerald Edwards [D.I. 3388; filed January 28, 2015]

Related Documents:

i. Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3219; filed January 9, 2015]

ii. Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3375; filed January 27, 2015]

iii. Order Sustaining Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3465; filed February 6, 2015]

iv. Order (Second) Sustaining Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3854; filed March 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit E. On February 6, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On March 10, 2015, the Court entered a further form of order in connection with this matter sustaining this matter with respect to the claim of Gary Waldrep. All remaining unresolved claims subject to this matter are

continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

6.    Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3381; filed January 27, 2015]

Response/Objection Deadline:        February 10, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Leo Griffin [D.I. 3498; filed February 9, 2015]

B.    Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jackie McClain [D.I. 3500; filed February 9, 2015]

C.    Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jack R. Beard, Jr. [D.I. 3511; filed February 11, 2015]

D.    Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jesus A Moreno [D.I. 3578; filed February 18, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3382; filed January 27, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy

Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3637; filed February 24, 2015]

iii.     Order Sustaining Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3640; filed February 24, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit F. On February 24, 2015, the Court entered an order granting the objection with respect to certain claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

7.     Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3473; filed February 6, 2015]

Response/Objection Deadline:          February 20, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.     Objection to Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Melva Johnson [D.I. 3636; filed February 24, 2015]

Related Documents:

i.     Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3474; filed February 6, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3639; filed February 24, 2015]

iii.     Order Sustaining Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3876; filed March 12, 2015]

iv.    Order (Second) Sustaining Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4094; filed April 9, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit G. On March 12, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On April 9, 2015, the Court entered a further from of order sustaining the objection with respect to certain additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

8.    Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims (Redacted) [D.I. 3593; filed February 19, 2015]

Response/Objection Deadline:        March 3, 2015 at 4:00 p.m. (EST)

Reply Deadline:        April 1, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726; filed March 3, 2015]

B.    Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727; filed March 3, 2015]

C.    Omnibus Objection of CCP Credit Acquisition Holdings, L.L.C., Centerbridge Special Credit Partners, L.P., and Centerbridge Special Credit Partners, II, L.P. to the Standing Motions [D.I. 3729; filed March 3, 2015]

D.    Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First Lien Administrative Agent and Successor TCEH First Lien Collateral Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3, 2015]

E.    Omnibus Objection of the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

F.    Reply of Wilmington Savings Fund Society, FSB to Debtors' Omnibus Objection to Standing Motions [D.I. 4029; filed April 1, 2015]

G.    Reply in Support of Motion of the Official Committee of TCEH Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims [D.I. 4031; filed April 1, 2015]

H.    Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections [D.I. 4099; filed April 9, 2015]

Related Documents:

i.    Motion of Official Committee of TCEH Unsecured Creditors for Leave to File and Serve a Late Reply in Response to Any Objections or Responses Filed in Connection with the "Motion of Official Committee of TCEH Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims" [D.I. 3759; filed March 4, 2015]

ii.    Notice of Withdrawal of Docket No. 3759 [D.I. 3793; filed March 4, 2015]

iii.    Notice of Filing of Unredacted Motion of the Official Committee of TCEH Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims [D.I. 3862; filed March 10, 2015]

iv.    Statement of Hugh Sawyer, Disinterested Manager of Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC, in Connection with Standing Motions [D.I. 4085; filed April 8, 2015]

v.    Notice of Deposition of Hugh E. Sawyer [D.I. 4092; filed April 8, 2015]

vi.    Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4112; filed April 10, 2015]

vii.    Notice of Filing of Unredacted Omnibus Objection to the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 4118; filed April 10, 2015]

viii.    Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Corrected Motion to

Quash Notice of Deposition of Hugh Sawyer [D.I. 4119; filed April 10, 2015]

ix.    Notice of Rescheduled Deposition [D.I. 4128; filed April 13, 2015]

x.    Order Quashing Notice of Deposition of Hugh Sawyer [D.I. 4133; filed April 13, 2015]

xi.    Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Redacted) [D.I. 4140; filed April 14, 2015]

xii.    Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Sealed) [D.I. 4141; filed April 14, 2015]

xiii.    Notice of Filing of *Unredacted* Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4271; filed April 24, 2015]

xiv.    Amended and Restated Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4498; filed May 18, 2015]

xv.    Stipulation and Consent Order Extending Certain Deadlines in the Final Cash Collateral [D.I. 5922; filed September 11, 2105]

Status: The hearing on this matter is continued pending further order of the Court, subject to the terms of that certain *Plan Support Agreement* attached as an exhibit to D.I. 5248 (the "PSA"), including section 12 thereof, and that certain *Settlement Agreement* attached as an exhibit to D.I. 5249 (the "Settlement Agreement"). Consequently, no hearing with respect to this matter is required at this time.

9.    Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims (Sealed) [D.I. 3596; filed February 19, 2015]

Response/Objection Deadline:    March 3, 2015 at 4:00 p.m. (EST)

Reply Deadline:    April 1, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Response and Limited Objection of Wilmington Savings Fund Society, FSB to Certain Motions for Standing [D.I. 3725; filed March 3, 2015]

B.  Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726; filed March 3, 2015]

C.  Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727; filed March 3, 2015]

D.  Omnibus Objection of CCP Credit Acquisition Holdings, L.L.C., Centerbridge Special Credit Partners, L.P., and Centerbridge Special Credit Partners, II, L.P. to the Standing Motions [D.I. 3729; filed March 3, 2015]

E.  Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First Lien Administrative Agent and Successor TCEH First Lien Collateral Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3, 2015]

F.  Omnibus Objection of the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

G.  Omnibus Response of the Official Committee of TCEH Unsecured Creditors to (I) Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims; and (II) Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3733; filed March 3, 2015]

H.  Reply of Wilmington Savings Fund Society, FSB to Debtors' Omnibus Objection to Standing Motions [D.I. 4029; filed April 1, 2015]

I.  Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections (Sealed) [D.I. 4044; filed April 1, 2015]

J.  Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections (Redacted) [D.I. 4045; filed April 1, 2015]

K.  Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections [D.I. 4099; filed April 9, 2015]

Related Documents:

i.      Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims (Redacted) [D.I. 3603; filed February 19, 2015]

ii.     Statement of Hugh Sawyer, Disinterested Manager of Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC, in Connection with Standing Motions [D.I. 4085; filed April 8, 2015]

iii.    Notice of Deposition of Hugh E. Sawyer [D.I. 4092; filed April 8, 2015]

iv.     Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4112; filed April 10, 2015]

v.      Notice of Filing of Unredacted Omnibus Objection to the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 4118; filed April 10, 2015]

vi.     Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Corrected Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4119; filed April 10, 2015]

vii.    Notice of Rescheduled Deposition [D.I. 4128; filed April 13, 2015]

viii.   Order Quashing Notice of Deposition of Hugh Sawyer [D.I. 4133; filed April 13, 2015]

ix.     Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Redacted) [D.I. 4140; filed April 14, 2015]

x.      Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Sealed) [D.I. 4141; filed April 14, 2015]

xi.     Notice of Filing of *Unredacted* Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4271; filed April 24, 2015]

xii.    Amended and Restated Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4498; filed May 18, 2015]

xiii.  Stipulation and Consent Order Extending Certain Deadlines in the Final Cash Collateral Order [D.I. 5922; filed September 11, 2015]

Status: The hearing on this matter is continued pending further order of the Court, subject to the terms of the PSA, including section 12 thereof, and the Settlement Agreement. Consequently, no hearing with respect to this matter is required at this time.

10.  Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3605; filed February 19, 2015]

Response/Objection Deadline:        March 3, 2015 at 4:00 p.m. (EST)

Reply Deadline:        April 1, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.  Response and Limited Objection of Wilmington Savings Fund Society, FSB to Certain Motions for Standing [D.I. 3725; filed March 3, 2015]

B.  Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726; filed March 3, 2015]

C.  Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727; filed March 3, 2015]

D.  Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First Lien Administrative Agent and Successor TCEH First Lien Collateral Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3, 2015]

E.  Omnibus Objection of the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

F.  Omnibus Response of the Official Committee of TCEH Unsecured Creditors to (I) Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims; and (II) Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3733; filed March 3, 2015]

G.  Objection of the Ad Hoc Group of TCEH Unsecured Noteholders to the Motion of the EFH Official Committee for Entry of an Order Granting

Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3734; filed March 3, 2015]

H.      Objection of Law Debenture Trust Company of New York, as Indenture Trustee, to the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3741; filed March 3, 2015]

I.      Reply of Wilmington Savings Fund Society, FSB to Debtors' Omnibus Objection to Standing Motions [D.I. 4029; filed April 1, 2015]

J.      Reply of the EFH Official Committee to Objections and Responses Filed in Connection with the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates (Sealed) [D.I. 4034; filed March 1, 2015]

K.      Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections [D.I. 4099; filed April 9, 2015]

Related Documents:

i.      Motion of the EFH Official Committee for Leave to File and Serve a Late Reply in Connection with the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3774; filed March 4, 2015]

ii.     Notice of Withdrawal of Docket Number 3774 [D.I. 3795; filed March 4, 2015]

iii.    Notice of Filing of Unredacted Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3869; filed March 10, 2015]

iv.     Notice of Filing of Unsealed Reply of the EFH Official Committee to Objections and Responses Filed in Connection with the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 4107; filed March 9, 2015]

v.      Notice of Filing of Unredacted Omnibus Objection to the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 4118; filed April 10, 2015]

vi.    Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Redacted) [D.I. 4140; filed April 14, 2015]

vii.   Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Sealed) [D.I. 4141; filed April 14, 2015]

viii.  Notice of Filing of *Unredacted* Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4271; filed April 24, 2015]

ix.    Amended and Restated Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4498; filed May 18, 2015]

x.     Stipulation and Consent Order Extending Certain Deadlines in the Final Cash Collateral Order [D.I. 5922; filed September 11, 2015]

Status: The hearing on this matter is continued pending further order of the Court, subject to the terms of the PSA, including section 12 thereof, and the Settlement Agreement. Consequently, no hearing with respect to this matter is required at this time.

11.    Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3896; filed March 13, 2015]

Response/Objection Deadline:        March 27, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.     Claimant Response to Debtor Objection to Claim for Rose S. Washington [D.I. 3998; filed March 27, 2015]

Related Documents:

i.     Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3897; filed March 13, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4013; filed March 31, 2015]

     iii.    Order Sustaining Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4093; filed April 9, 2015]

     iv.    Order (Second) Sustaining Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4677; filed June 4, 2015]

    Status: The individual status of each claim subject to this matter is listed on the attached Exhibit H. On April 9, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. On June 4, 2015, the Court entered a further form of order sustaining the objection with respect to certain additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

12.    Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4003; filed March 27, 2015]

    Response/Objection Deadline:    April 10, 2015 at 4:00 p.m. (EDT)

    Responses/Objections Received:

    A.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Lori Slocum for estate of Donald L. Cox [D.I. 4088; filed April 8, 2015]

    B.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Yolanda H. Small [D.I. 4089; filed April 8, 2015]

    C.    Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Timmy Villarreal [D.I. 4114; filed April 10, 2015]

D.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Joan H. Hughes [D.I. 4150; filed April 14, 2015]

E.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Robert E. Walker [D.I. 4151; filed April 14, 2015]

F.    Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Marilyn Bell [D.I. 4152; filed April 14, 2015]

G.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Nikita Denis Bailey-Kelly [D.I. 4153; filed April 14, 2015]

H.    Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Judy Allen [D.I. 4154; filed April 14, 2015]

I.    Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Melvin Williams [D.I. 4204; filed April 17, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4004; filed March 27, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient

Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4226; filed April 20, 2015]

iii.     Order Sustaining Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4373; filed May 1, 2015]

iv.     Order (Second) Sustaining Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4676; filed June 4, 2015]

v.      Order (Third) Sustaining Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4905; filed July 1, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit I. On May 1, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On June 4, 2015, the Court entered a further form of order sustaining the objection with respect to certain additional claims subject thereto. On July 1, 2015, the Court entered a further form of order sustaining the objection with respect to certain additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

13.    Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4050; filed April 2, 2015]

Response/Objection Deadline:        April 16, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:      None.

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4051; filed April 2, 2015]

ii.   Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4227; filed April 20, 2015]

iii.   Order Sustaining Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4280; filed April 27, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit J. On April 27, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

14.   Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4052; filed April 2, 2015]

Response/Objection Deadline:       April 16, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.   Amelia Maurillo's Response to Debtor's Objection to Amelia Maurillo Proof of Claim [D.I. 4206; filed April 17, 2015]

Related Documents:

i.   Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4053; filed April 2, 2015]

ii.   Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4228; filed April 20, 2015]

iii.    Order Sustaining Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4281; filed April 27, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit K.  On April 27, 2015, the Court entered an order sustaining this matter as to various claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

15.    Motion of the EFH Official Committee for Entry of an Order Directing Disclosure of Oncor Bid Information to the EFH Official Committee [D.I. 4260; filed April 23, 2015]

Response/Objection Deadline:        May 12, 2015 at 4:00 p.m. (EDT); extended to June 30, 2014 at 4:00 p.m. (EDT) for the Debtors and TCEH Official Committee

Responses/Objections Received:      None.

Related Documents:

i.     Motion of the EFH Official Committee for Entry of an Order Shortening Notice with Respect to the Motion of the EFH Official Committee for Entry of an Order Directing Disclosure of Oncor Bid Information to the EFH Official Committee [D.I. 4259; filed April 23, 2015]

ii.    Order [D.I. 4267; filed April 24, 2015]

iii.   Re-Notice of Motion of the EFH Official Committee for Entry of an Order Directing Disclosure of Oncor Bid Information to the EFH Official Committee [D.I. 4338; filed April 28, 2015]

Status: The hearing on this matter has been continued to a date and time to be determined.  Consequently, no hearing with respect to this matter is required at this time.

16.    Motion for Order Authorizing Payment and Reimbursement of Certain Fees and Expenses of UMB Bank, N.A., as the EFIH Unsecured Indenture Trustee [D.I. 4438; filed May 8, 2015]

Response/Objection Deadline:        May 22, 2015 at 4:00 p.m. (EDT); extended to September 10, 2015 at 4:00 p.m. (EDT) for the Debtors

Responses/Objections Received:

A.    Objection of the EFH Official Committee to Motion for Order Authorizing Payment and Reimbursement of Certain Fees and Expenses of UMB Bank, N.A., as the EFIH Unsecured Indenture Trustee [D.I. 4567; filed May 22, 2015]

B.    The Acting United States Trustee's Objection to the Motion for an Order Authorizing Payment and Reimbursement of Certain Fees and Expenses of UMB Bank, N.A., as the EFIH Unsecured Indenture Trustee (D.I. 4438) [D.I. 4575; filed May 22, 2015]

C.    Debtors' Objection to Motion for Order Authorizing Payment and Reimbursement of Certain Fees and Expenses of UMB Bank, N.A., as the EFIH Unsecured Indenture Trustee [D.I. 5909; filed September 10, 2015]

Status: By agreement of the parties, the hearing on this matter is continued to the December 2015 omnibus hearing that will be scheduled in these chapter 11 cases. Consequently, no hearing with respect to this matter is required at this time.

17.    Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4782; filed June 16, 2015]

Response/Objection Deadline:    June 30, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Consolidated Communications Inc. [D.I. 4894; filed June 30, 2015]

B.    Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Glenda Carol Phillips Lee [D.I. 4896; filed June 30, 2015]

C.    Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Donna Phillips [D.I. 4897; filed June 30, 2015]

D.      Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jacquelyn A. Myles [D.I. 4906; filed July 1, 2015]

E.      Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Amelia M. McMillan [D.I. 4917; filed July 2, 2015]

F.      Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Austin Kovach [D.I. 4943; filed July 8, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4783; filed June 16, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Related to "Debtors Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4913; filed July 2, 2015]

iii.    Order Sustaining Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5006; filed July 15, 2015]

iv.     Declaration of Barry Harman, Pro Se Claimant, in Support of the Original Claim as Filed and in Opposition to Debtors Standard Form Objection(s) [D.I. 5076; filed July 22, 2015]

v.      Order (Second) Sustaining Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy

Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I.
5875; filed September 8, 2015]

Status: The individual status of each claim subject to this matter is listed on the
attached Exhibit L. On July 15, 2015, the Court entered an order
sustaining this matter as to various claims subject thereto. On September
8, 2015, the Court entered a further form of order in connection with this
matter resolving additional claims subject thereto. All remaining
unresolved claims subject to this matter are continued to a date to be
determined. Consequently, no hearing with respect to this matter is
required at this time.

18.    Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate,
No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the
Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy
Rule 3007-1 [D.I. 4784; filed June 16, 2015]

Response/Objection Deadline:        July 2, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Creditors Response to Debtors' Seventeenth Omnibus (Substantive)
Objection to (Substantive Duplicate, No Liability, and No Claim Asserted)
Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy
Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by
Wayne English [D.I. 4882; filed June 29, 2015]

B.    Response to Debtors' Seventeenth Omnibus (Substantive) Objection to
(Substantive Duplicate, No Liability, and No Claim Asserted) Claims
Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules
3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Puente
Brothers Investments, LLC [D.I. 4895; filed June 30, 2015]

C.    Response to Debtors' Seventeenth Omnibus (Substantive) Objection to
(Substantive Duplicate, No Liability, and No Claim Asserted) Claims
Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules
3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jeffrey
and Linda Sue Lammers [D.I. 4919; filed July 2, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez &
Marsal North America, LLC, in Support of the Debtors' Seventeenth
Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability,
and No Claim Asserted) Claims Pursuant to Section 502(b) of the
Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local
Bankruptcy Rule 3007-1 [D.I. 4785; filed June 16, 2015]

ii.  *Amended* Notice of "Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" and Hearing Thereon [D.I. 4804; filed June 18, 2015]

iii.  *Second Amended* Notice of "Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" and Hearing Thereon [D.I. 4851; filed June 24, 2015]

iv.  Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5011; filed July 15, 2015]

v.  Order Sustaining Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5089; filed July 24, 2015]

vi.  Order (Second) Sustaining Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5876; filed September 8, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit M.  On July 24, 2015, the Court entered an order sustaining this matter as to various claims subject thereto.  On September 8, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

19.  Debtors' Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4786; filed June 16, 2015]

Response/Objection Deadline:       July 2, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:     None.

Related Documents:

i.     Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Eighteenth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4787; filed June 16, 2015]

ii.    *Amended* Notice of "Debtors' Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" and Hearing Thereon [D.I. 4805; filed June 18, 2015]

iii.   *Second Amended* Notice of "Debtors' Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" and Hearing Thereon [D.I. 4852; filed June 24, 2015]

iv.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5012; filed July 15, 2015]

v.     Order Sustaining Debtors' Eighteenth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5214; filed August 5, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit N. On August 5, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

20.   EFIH Debtors' Partial Objection to Proof of Claim No. 6347 Filed by the Indenture Trustee for the EFIH Unsecured Notes [D.I. 4964; filed July 9, 2015] (the "Objection")

        Response/Objection Deadline:        July 23, 2015 at 4:00 p.m. (EDT); extended for UMB Bank, N.A. to respond to the merits until a date to be determined

Responses/Objections Received:

A.      Partial Response of UMB Bank, N.A. to the EFIH Debtors' Partial Objection to Proof of Claim No. 6347 Filed by the Indenture Trustee for the EFIH Unsecured Notes [D.I. 5788; filed August 28, 2015]

B.      Response of UMB Bank, N.A. to the EFIH Debtors' Partial Objection to Proof of Claim No. 6347 Filed by the Indenture Trustee for the EFIH Unsecured Notes [D.I. 5874; filed September 4, 2015]

Related Documents:

i.      Letter from Andrew R. McGaan, P.C. re: EFIH Debtors' Partial Objection to Proof of Claim No. 6347 Filed by the Indenture Trustee for the EFIH Unsecured Notes to the Honorable Christopher S. Sontchi [D.I. 5238; filed August 7, 2015]

ii.     Letter to the Honorable Christopher S. Sontchi in connection with the EFIH Debtors' Partial Objection to Proof of Claim No. 6347 filed by the Indenture Trustee for the EFIH Unsecured Notes [D.I. 5239; filed August 7, 2015]

iii.    EFIH Debtors' Reply in Support of Partial Objection to Proof of Claim No. 6347 Filed by the Indenture Trustee for the EFIH Unsecured Notes [D.I. 5962; filed September 11, 2015]

iv.     Notice to Lift Temporary Seal [D.I. 5967; filed September 14, 2015]

v.      EFIH Debtors' Reply in Support of Partial Objection to Proof of Claim No. 6347 Filed by the Indenture Trustee for the EFIH Unsecured Notes [D.I. 6109; filed September 18, 2015]

vi.     UMB Bank, N.A.'s Motion for Leave to File Sur-Reply to the EFIH Debtors' Reply in Support of Partial Objection to Proof of Claim No. 6347 Filed by the Indenture Trustee for the EFIH Unsecured Notes [D.I. 6303; filed October 2, 2015]

vii.    Notice of Scheduling of Oral Argument in Connection with (I) the "EFH Debtors' Motion for Summary Judgment" [Adv. D.I. 41] (II) the "EFIH Second Lien Indenture Trustee's Motion for Partial Summary Judgement and in Opposition to EFIH Debtors' Motion for Partial Summary Judgment" [Adv. D.I. 46] and (III) Certain Aspects of the "EFIH Debtors' Partial Objection to Proof of Claim No. 6347 Filed by the Indenture Trustee for the EFIH Unsecured Notes" [D.I. 4964] [D.I. 6383; filed October 7, 2015]

Status: At the direction of Chambers, oral argument on this matter to the extent that it seeks any premium owed upon an optional redemption of the

unsecured 11.25%/12.25% Senior Toggle Notes Due 2018 will take place on October 20, 2015 at 10:00 a.m. (EDT). Argument on this matter as it relates to seeking postpetition interest at the rate specified in the PIK Indenture (as such term is defined in the Objection) will take place at a subsequent date to be determined by the Court. Consequently, no hearing with respect to this matter is required at this time.

21.    Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4970; filed July 10, 2015]

Response/Objection Deadline:    July 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:    None.

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4971; filed July 10, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5014; filed July 15, 2015]

iii.    Order Sustaining Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5255; filed August 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit O. On August 10, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

22.    Debtors' Twentieth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4972; filed July 10, 2015]

Response/Objection Deadline:        July 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.     Response of Rexel, Inc. to Debtors' 20th and 21st Omnibus Objections to Claims [D.I. 5195; filed July 31, 2015]

Related Documents:

i.     Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twentieth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4973; filed July 10, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twentieth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5015; filed July 15, 2015]

iii.   Order Sustaining Debtors' Twentieth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5253; filed August 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit P.  On August 10, 2015, the Court entered an order sustaining this matter as to various claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

23.    Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4974; filed July 10, 2015]

Response/Objection Deadline:        July 24, 2015 at 4:00 p.m. (EDT); extended to August 7, 2015 at 4:00 p.m. (EDT) for Mastercraft Printed Products

Responses/Objections Received:

A.     Response of Rexel, Inc. to Debtors' 20th and 21st Omnibus Objections to Claims [D.I. 5195; filed July 31, 2015]

B.     Mastercraft Printed Products & Services, Inc.'s Response to Debtors' Objection to Claims [D.I. 5241; filed August 7, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4975; filed July 10, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5017; filed July 15, 2015]

iii.    Order Sustaining Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5252; filed August 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit Q.  On August 10, 2015, the Court entered an order sustaining this matter as to various claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.    Consequently, no hearing with respect to this matter is required at this time.

24.    Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4976; filed July 10, 2015]

Response/Objection Deadline:          July 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.     Response of Claimant, Spencer Harris of Arkansas, Inc. to Objection to Claims [D.I. 5085; filed July 22, 2015]

B.     Objection from Ty Flot Inc [SIC] to Debtors' Twenty-Second Omnibus (Non-Substantice [SIC]) Objection to Claims (Wrong Debtor) [D.I. 5087; filed July 24, 2015]

Related Documents:

i.     Declaration of Michael Carter in Support of the Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 4977; filed July 10, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Regarding the Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5000; filed July 15, 2015]

iii.   Order Sustaining Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5250; filed August 10, 2015]

iv.    Notice of Withdrawal of Objection from Ty-Flot Inc. to Debtor's [SIC] Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) [D.I. 5399; filed August 18, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit R. On August 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to the omnibus hearing scheduled for November 25, 2015 starting at 10:00 a.m. (EST). Consequently, no hearing with respect to this matter is required at this time.

25.    Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 4978; filed July 10, 2015]

Response/Objection Deadline:          July 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.     Declaration of Michael Carter in Support of the Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 4979; filed July 10, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Regarding the Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5001; filed July 15, 2015]

iii.    Order Sustaining Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5251; filed August 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit S. On August 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to the omnibus hearing scheduled for November 25, 2015 starting at 10:00 a.m. (EST). Consequently, no hearing with respect to this matter is required at this time.

26.    Motion of Energy Future Holdings Corp., *et al.*, to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter into and Perform Under the Settlement Agreement [D.I. 5249; filed August 10, 2015]

| Response/Objection Deadline: | August 24, 2015 at 4:00 p.m. (EDT); extended to October 23, 2015 at 4:00 p.m. (EDT) |
|---|---|
| Responses/Objections Received: | None. |

Related Documents:

i.     Re-Notice of "Motion of Energy Future Holdings Corp., *et al.*, to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement" and Hearing Thereon [D.I. 5261; filed August 10, 2015]

ii.    Letter to the Honorable Christopher S. Sontchi Regarding Scheduling of Motion of Energy Future Holdings Corp., *et al.*, to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement [D.I. 5263; filed August 11, 2015]

iii.    Letter to Judge Sontchi from Kurt F. Gwynne, Esquire, Counsel to Bank of New York Mellon, Regarding the Discovery Dispute with the Debtors in Connection with (i) Debtors' Motion to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement and (ii) confirmation of the Debtors'

Third Amended Joint Plan of Reorganization [D.I. 6037; filed September 15, 2015]

iv.  Letter to Judge Sontchi from Kurt F. Gwynne, Esquire, Counsel to Bank of New York Mellon, Regarding the Discovery Dispute with the TCEH Unsecured Ad Hoc Group in Connection with (i) Debtors' Motion to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement and (ii) confirmation of the Debtors' Third Amended Joint Plan of Reorganization [D.I. 6038; filed September 15, 2015]

v.  Notice of Filing of Revised Exhibit to Order in Connection with "Motion of Energy Future Holdings Corp., *et al.*, to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter into and Perform Under the Settlement Agreement" [D.I. 5249] [D.I. 6085; filed September 17, 2015]

vi.  Second Re-Notice of "Motion of Energy Future Holdings Corp., *et al.*, to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter into and Perform Under the Settlement Agreement" and Hearing Thereon [D.I. 6225; filed September 29, 2015]

Status:  The hearing on this matter will take place in conjunction with the hearings scheduled to consider confirmation of the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al, Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6122] (as may be further amended, modified, or supplemented) starting on November 3, 2015 at 11:00 a.m. (EST). Consequently, no hearing with respect to this matter is required at this time.

27.  Debtors' Twenty-Fifth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5366; filed August 17, 2015]

Response/Objection Deadline:        August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:     None.

Related Documents:

i.  Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twenty-Fifth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5368; filed August 17, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twenty-Fifth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5699; filed August 24, 2015]

iii.    Order Sustaining Debtors' Twenty-Fifth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5906; filed September 10, 2015]

Status:  The individual status of each claim subject to this matter is listed on the attached Exhibit T. On September 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

28.    Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5369; filed August 17, 2015]

Response/Objection Deadline:        August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:      None.

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5370; filed August 17, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5701; filed August 24, 2015]

iii.    Order Sustaining Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5907; filed September 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit U. On September 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

29.    Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5371; filed August 17, 2015]

Response/Objection Deadline:          August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:     None.

Related Documents:

i.      Declaration of Michael Carter in Support of the Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5372; filed August 17, 2015]

ii.     Notice of Submission of Proofs of Claim Regarding the Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5675; filed August 21, 2015]

iii.    Order Sustaining Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 6051; filed September 16, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit V. On September 16, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to the omnibus hearing schedule for November 25, 2015 starting at 10:00 a.m. (EST). Consequently, no hearing with respect to this matter is required at this time.

30.    Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5373; filed August 17, 2015]

Response/Objection Deadline:      August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.      Response of Cellco Partnership d/b/a Verizon Wireless to Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5802; filed August 31, 2015]

B.      Objection to Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 filed by Benetech Inc. [D.I. 5834; filed August 31, 2015]

C.      Response of Rexel, Inc. to Debtors' 28th Omnibus Objection [SIC] to Claims [D.I. 5838; filed September 2, 2015]

D.      Response of Benetech to the Excel File Titled Claim 5776 [D.I. 6147; filed September 23, 2015]

Related Documents:

i.      Declaration of Michael Carter in Support of the Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5374; filed August 17, 2015]

ii.      Notice of Submission of Proofs of Claim Regarding the Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5678; filed August 21, 2015]

iii.      Order Sustaining Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 6050; filed September 16, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit W. On September 16, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to the omnibus hearing schedule for November 25, 2015 starting at 10:00 a.m. (EST). Consequently, no hearing with respect to this matter is required at this time.

31.    Application for an Order Approving the Employment of Gibbs & Bruns LLP as Special Conflicts Trial Counsel to the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. Under Bankruptcy Code Sections 328(a) and 1103(a), Bankruptcy Rule 2014(a), and Local Rule 2014-1, Effective *Nunc Pro Tunc* to September 8, 2015 [D.I. 6140; filed September 22, 2015]

Response/Objection Deadline:    October 6, 2015 at 4:00 p.m. (EDT); extended to November 17, 2015 at 4:00 p.m. (EST) for the Office of the United States Trustee; extended to November 20, 2015 at 4:00 p.m. (EST) the Debtors

Responses/Objections Received:

A.    Objection of Energy Future Holdings Corp., *et al.*, to the Application Seeking Employment of Gibbs & Bruns LLP as Special Conflicts Trial Counsel to the EFH Committee Under Bankruptcy Code Sections 328(a) and 1103(a), Bankruptcy Rule 2014(a), and Local Rule 2014-1, Effective *Nunc Pro Tunc* to September 8, 2015 [D.I. 6341; filed October 6, 2015]

B.    Joinder of the Ad Hoc Group of TCEH Unsecured Noteholders in the Objection of Energy Future Holdings Corp., *et al.*, to the Application Seeking Employment of Gibbs & Bruns LLP as Special Conflicts Trial Counsel to the EFH Committee Under Bankruptcy Code Sections 328(a) and 1103(a), Bankruptcy Rule 2014(a), and Local Rule 2014-1, Effective *Nunc Pro Tunc* to September 8, 2015 [D.I. 6353; filed October 6, 2015]

Related Documents:

i.    Notice of Rescheduled Hearing on Retention of Gibbs & Bruns LLP [D.I. 6434; filed October 13, 2015]

Status: By agreement of the parties, the hearing on this matter is continued to the omnibus hearing scheduled for November 25, 2015 at 10:00 a.m. (EST). Consequently, no hearing with respect to this matter is required at this time.

## II.    **UNCONTESTED MATTER WITH A CERTIFICATION OF NO OBJECTION:**

32.    Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Rejection of a Previously Assumed Nonresidential Real Property Lease Between Luminant Generation Company LLC and the City of Dallas, Texas, Effective *Nunc Pro Tunc* to September 22, 2015 [D.I. 6141; filed September 22, 2015]

Response/Objection Deadline:    October 6, 2015 at 4:00 p.m.

Responses/Objections Received:    None.

Related Documents:

i.     Declaration of Robert Frenzel in Support of the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Rejection of a Previously Assumed Nonresidential Real Property Lease Between Luminant Generation Company LLC and the City of Dallas, Texas, Effective *Nunc Pro Tunc* to September 22, 2015 [D.I. 6142; filed September 22, 2015]

ii.    Certification of No Objection Regarding "Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Rejection of a Previously Assumed Nonresidential Real Property Lease Between Luminant Generation Company LLC and the City of Dallas, Texas, Effective *Nunc Pro Tunc* to September 22, 2015" [D.I. 6141] [D.I. 6429; filed October 12, 2015]

iii.    **Order Authorizing Rejection of a Previously Assumed Nonresidential Real Property Lease Between Luminant Generation Company LLC and the City of Dallas, Texas, Effective *Nunc Pro Tunc* to September 22, 2015 [D.I. 6447; filed October 14, 2015]**

Status: **On October 14, 2015, the Court entered an order granting the Debtors the relief requested in connection with this matter. Consequently, no hearing with respect to this matter is required.**

## III.   CONTESTED MATTERS GOING FORWARD:

33.    Motion Not to Reinstate Appeal filed by the Tremble Parties [D.I. 4967; filed July 10, 2015]

Response/Objection Deadline:     September 10, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Objection of Energy Future Holdings Corp., *et al.*, to the Tremble Motion Not to Reinstate Appeal [D.I. 5908; filed September 10, 2015]

Status: The hearing on this matter will go forward.

34.    Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Confirming that No Automatic Stay is in Effect or, in the Alternative, Modifying the Automatic Stay to the Extent Necessary to Permit Luminant Mining Company LLC and Energy Future Holdings Corp. to Proceed with Certain Litigation [D.I. 5067; filed July 21, 2015]

Response/Objection Deadline:     August 4, 2015 at 4:00 p.m. (EDT); extended to September 10, 2015 at 4:00 p.m. (EDT) for Billie Murphy Tremble, Sharon

Tremble    Donaldson,    Selia    Tremble
Shawkey, and Wilmer Forrest Tremble, Jr.
only

Responses/Objections Received:    None.

Related Documents:

i.    Declaration of Gary Moor in Support of the Motion of Energy Future
Holdings Corp., *et al.*, for Entry of an Order Confirming that No
Automatic Stay is in Effect or, in the Alternative, Modifying the
Automatic Stay to the Extent Necessary to Permit Luminant Mining
Company LLC and Energy Future Holdings Corp. to Proceed with Certain
Litigation [D.I. 5068; filed July 21, 2015]

Status: The hearing on this matter will go forward.

35.    Motion of Energy Future Holdings Corp., *et al.*, Pursuant to Sections 105, 505,
and 506 of the Bankruptcy Code for Entry of an Order Determining Contested *Ad
Valorem* Tax Matters [D.I. 5620; filed August 21, 2015]

**Merits** Response/Objection Deadline:  **To Be Determined/Not Yet Established**

Responses/Objections Received:

A.    Notice of Hearing on Somervell County Central Appraisal District's
Motion for Abstention with Regard to Debtors' Motion Pursuant to
Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order
Determining the Amount of Contested *Ad Valorem* Tax Matters [D.N.
5620] [D.I. 6153; filed September 23, 2015]

B.    Somervell County Central Appraisal District's Motion for Abstention with
Regard to Debtors' Motion Pursuant to Sections 105, 505, and 506 of the
Bankruptcy Code for Entry of an Order Determining the Amount of
Contested *Ad Valorem* Tax Matters [D.N. 5620] [D.I. 6154; filed
September 23, 2015]

C.    Freestone Central Appraisal District, Robertson County Appraisal District,
Rusk County Appraisal District, and Titus County Appraisal District's
Motion to Transfer Venue and Partial Dismissal, Pursuant to Sections 105,
505, and 506 of the Bankruptcy Code for Entry of an Order Determining
Contested *Ad Valorem* Tax Matters [Docket No. 5620] [D.I. 6200; filed
September 25, 2015]

D.    Milam Appraisal District's (I) Motion for Abstention with Regard to
Debtors' Motion Pursuant to Sections 105, 505, and 506 of the
Bankruptcy Code for Entry of an Order Determining the Amount of
Contested *Ad Valorem* Tax Matters, and, in the Alternative (II) Joinder to

the Motion for Abstention Filed by Somervell County [D.I. 6378; filed October 7, 2015]

E.    Joinder of Somervell County Central Appraisal District, in the Alternative to its Motion for Abstention [D.I. 6154], to Freestone Central Appraisal District, Robertson County Appraisal District, Rusk County Appraisal District, and Titus County Appraisal District's Motion to Transfer Venue and Partial Dismissal, Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested *Ad Valorem* Tax Matters [D.I. 6200] [D.I. 6379; filed October 7, 2015]

Status: **A status conference with respect to this matter will go forward at the hearing. A hearing on the merits of this matter will take place at a subsequent date and time to be determined by the Court.**

36.    Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Scheduling Certain Hearing Dates and Deadlines in Connection with the Motion of Energy Future Holdings Corp., *et al.*, Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested *Ad Valorem* Tax Matters [D.I. 6152; filed September 23, 2015]

Response/Objection Deadline:        October 7, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Objection of Somervell County Central Appraisal District to Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Scheduling Certain Hearing Dates and Deadlines in Connection with the Motion of Energy Future Holdings Corp., *et al.*, Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested *Ad Valorem* Tax Matters [D.I. 6370; filed October 7, 2015]

B.    Freestone Central Appraisal District, Robertson County Appraisal District, Rusk County Appraisal District, and Titus County Appraisal District's Objection to Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Scheduling Certain Hearing Dates and Deadlines in Connection with the Motion of Energy Future Holdings Corp., *et al.*, Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested *Ad Valorem* Tax Matters [D.I. 6372; filed October 7, 2015]

C.    Milam Appraisal District's Limited Objection to Debtors' Motion for Entry of an Order Scheduling Certain Hearing Dates and Deadlines in Connection with the Motion of Energy Future Holdings Corp., *et al.*, Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order for Relief Determining the Amount of Contested *Ad Valorem* Tax Matters [D.I. 6380; filed October 7, 2015]

Related Documents:

i.      Debtors' Omnibus Reply to the Objections and Limited Objections of Somervell Central Appraisal District, Milam Appraisal District, Freestone Central Appraisal District, Robertson County Appraisal District, Rusk County Appraisal District, and Titus County Appraisal District to Debtors' Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Scheduling Certain Hearing Dates and Deadlines in Connection with the Motion of Energy Future Holdings Corp., *et al.*, Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested *Ad Valorem* Tax Matters [D.I. 6421; filed October 9, 2015]

Status: The hearing on this matter will go forward.

37.    Somervell County Central Appraisal District's Motion for Abstention with Regard to Debtors' Motion Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining the Amount of Contested *Ad Valorem* Tax Matters [D.N. 5620] [D.I. 6154; filed September 23, 2015]

Response/Objection Deadline:      October 8, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.      Debtors' Omnibus Objection to the Jurisdictional Challenges to Debtors' Motion Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested *Ad Valorem* Tax Matters [D.I. 6406; filed October 8, 2015]

Related Documents:

i.      Milam Appraisal District's (I) Motion for Abstention with Regard to Debtor's [SIC] Motion Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining the Amount of Contested *Ad Valorem* Tax Matters, and, in the Alternative (II) Joinder to the Motion for Abstention Filed by Somervell County [D.I. 6378; filed October 7, 2015]

ii.     Joinder of Somervell County Central Appraisal District, in the Alternative to its Motion for Abstention [D.I. 6154], to Freestone Central Appraisal District, Robertson County Appraisal District, Rusk County Appraisal District, and Titus County Appraisal District's Motion to Transfer Venue and Partial Dismissal, Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested *Ad Valorem* Tax Matters [D.I. 6200] [D.I. 6379; filed October 7, 2015]

iii.    Joinder of Milam Appraisal District to Somervell County Central Appraisal District's Motion for Abstention with Regard to Debtor's [SIC] Motion Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code

for Entry of an Order Determining the Amount of Contested *Ad Valorem* Tax Matters [D.I. 6381; filed October 7, 2015]

iv.    Order Limiting Notice [D.I. 6382; filed October 7, 2015]

v.    Supplement of Somervell County Central Appraisal District to Motion for Abstention with Regard to Debtors' Motion Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining the Amount of Contested *Ad Valorem* Tax Matters [D.I. 6400; filed October 8, 2015]

vi.    Freestone Central Appraisal District's, Robertson County Appraisal District's, Rusk County Appraisal District's, and Titus County Appraisal District's Joinder to Somervell County Appraisal District's and Milam County Appraisal District's Motions to Abstain on Motion of Energy Future Holdings Corp., *et al.*, Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested *Ad Valorem* Tax Matters [D.I. 6426; filed October 12, 2015]

Status: The hearing on this matter will go forward.

38.    Freestone Central Appraisal District, Robertson County Appraisal District, Rusk County Appraisal District, and Titus County Appraisal District's Motion to Transfer Venue and Partial Dismissal, Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested *Ad Valorem* Tax Matters [Docket No. 5620] [D.I. 6200; filed September 25, 2015]

Response/Objection Deadline:        October 8, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Debtor's Omnibus Objection to the Jurisdictional Challenges to Debtors' Motion Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested *Ad Valorem* Tax Matters [D.I. 6406; filed October 8, 2015]

Related Documents:

i.    Motion to Limit Notice [D.I. 6201; filed September 25, 2015]

ii.    Order Limiting Notice [D.I. 6205; filed September 28, 2015]

iii.    Joinder of Somervell County Central Appraisal District, in the Alternative to its Motion for Abstention [D.I. 6154], to Freestone Central Appraisal District, Robertson County Appraisal District, Rusk County Appraisal District, and Titus County Appraisal District's Motion to Transfer Venue and Partial Dismissal, Pursuant to Sections 105, 505, and 506 of the

Bankruptcy Code for Entry of an Order Determining Contested *Ad Valorem* Tax Matters [D.I. 6200] [D.I. 6379; filed October 7, 2015]

iv.    Freestone Central Appraisal District's, Robertson County Appraisal District's, Rusk County Appraisal District's, and Titus County Appraisal District's Reply and Request for Judicial Notice Relating to Debtors' Omnibus Objection to Their Motion to Transfer Venue and Partial Dismissal, of Motion of Energy Future Holdings Corp., *et al.*, Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested *Ad Valorem* Tax Matters [D.I. 6425; filed October 12, 2015]

Status: The hearing on this matter will go forward.

## IV.    CONFIRMATION PRE-TRIAL CONFERENCE:

39.    Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 6122; filed September 21, 2015]

Response/Objection Deadline:          October 23, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:      None at this time.

Related Documents:

i.    Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization [D.I. 5771; filed August 27, 2015] (the "Confirmation Scheduling Order")

ii.    Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code (Blackline) [D.I. 6123; filed September 21, 2015]

iii.    Disclosure Statement for the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 6124; filed September 21, 2015]

iv.    Disclosure Statement for the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code (Blackline) [D.I. 6125; filed September 21, 2015]

v.    Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, and (D) Approving the Manner and

Forms of Notice and Other Related Documents [D.I. 6131; filed September 22, 2015]

vi.    Notice of Hearing to Consider Confirmation of the Chapter 11 Plan Filed by the Debtors and Related Voting and Objection Deadlines [D.I. 6135; filed September 22, 2015]

vii.    Letter to Judge Christopher S. Sontchi filed by the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc. [D.I. 6158; filed September 24, 2015]

viii.    Letter to the Honorable Christopher S. Sontchi in Support of the Letter Filed by The Official Committee of Unsecured Creditors Seeking an Extension of the November 3, 2015 Confirmation Hearing Date [D.I. 6203; filed September 28, 2015]

ix.    Letter in Response to the EFH Committee Letter Dated September 24, 2015 [D.I. 6206; filed September 28, 2015]

x.    Debtors' Letter Brief in Opposition to EFH Committees and EFH Indenture Trustees Requests to Adjourn Commencement of Plan Confirmation Trial [D.I. 6208; filed September 28, 2015]

xi.    Response to the EFH Committee's Requests to Adjourn Commencement of Plan Confirmation Trial [D.I. 6209; filed September 28, 2015]

xii.    Notice of Hearing Dates Scheduled to Consider Confirmation of the "Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code" [D.I. 6122] [D.I. 6228; filed September 29, 2015]

xiii.    Notice of Appeal [D.I. 6342; filed October 6, 2015]

xiv.    Motion for Leave to Appeal Pursuant to 28 U.S.C. §158(a)(3) [D.I. 6344; filed October 6, 2015]

xv.    Transmittal of Motion for Leave to Appeal [D.I. 6399; filed October 8, 2015]

xvi.    **Letter Regarding EFH Legacy Series Q/R Trustee's Statement in Advance of Confirmation Pre-Trial Conference Regarding Scheduling of Summary Judgment Hearing in Connection with Plan Confirmation [D.I. 6443; filed October 14, 2015]**

Status: As set forth in the Confirmation Scheduling Order, an initial pre-trial conference will go forward.

Dated: October 14, 2015
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
    defranceschi@rlf.com
    madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
    stephen.hessler@kirkland.com
    brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
    marc.kieselstein@kirkland.com
    chad.husnick@kirkland.com
    steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*