# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Objections due: November 5, 2015 at 4:00 p.m. (ET)**<br>**Hearing Date: To be determined** |

## THIRD INTERIM APPLICATION OF GREENHILL & CO., LLC, AS FINANCIAL ADVISOR TO ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC AND TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2015 THROUGH AUGUST 31, 2015

| | |
|---|---|
| **Name of Applicant:** | **Greenhill & Co., LLC** |
| Authorized to provide professional services to: | Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC |
| Date of Retention: | January 13, 2015<br>*nunc pro tunc* to November 17, 2014 [2] |
| Period for which compensation and reimbursement is sought: | May 1, 2015 - August 31, 2015 |
| Compensation sought as actual, reasonable, and necessary: | $1,000,000.00 [3] (20% of which is $200,000.00) |
| Expense reimbursement sought as actual, reasonable, and necessary: | $29,036.38 |
| Amounts Paid to Date: | $618,304.39 [4] |
| Net Amount of Compensation Requested: | $200,000.00 [5] |

This is a: ___ monthly     _X_ interim [6]     ___ final application

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Greenhill's retention was initially authorized pursuant to an order of the Court dated January 13, 2015 [D.I. 3283]. Such order was amended and restated pursuant to a subsequent order of the Court entered on March 3, 2015 [D.I. 3728].

[3] This amount reflects $250,000.00 professional fees for May, June, July and August 2015 [$250,000.00*4 = $1,000,000.00].

[4] This amount reflects $600,000.00 of May, June and July professional fees [$250,000.00*3*80% = $600,000.00] plus $18,304.39 in May, June and July expenses already reimbursed. Amounts have not yet been received for August 2015 as the Eighth Monthly Fee Statement remains pending at this time.

[5] This amount represents the twenty percent (20%) holdback for each of May, June, July and August.

[6] Notice of this Third Interim Fee Application (as defined herein) shall be served in accordance with the Interim Compensation Order and Fee

**Prior Statements, Applications and Allowances**

| Filing, Date Filed, D.I. | Period Covered | Total Fees (100%) | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | Fees (80%) | Expenses | Fees | Expenses |
| 1st Monthly Feb. 18, 2015 D.I. 3588 | Nov. 17, 2014 – Jan. 31, 2015 | $616,666.67 [7] | $493,333.33 | $7,181.08 | $493,333.33 | $7,181.08 |
| 1st Interim Mar. 31, 2015 D.I. 4018 | Nov. 17, 2014 – Dec. 31, 2014 | $366,666.67 | $73,333.33 (20%) $366,666.67 (100%) | $36,048.14 | $73,333.33 (20%) $366,666.67 (100%) | $32,885.49 |
| 2nd Monthly Apr. 2, 2015 D.I. 4054 | Feb. 1, 2015 – Feb. 28, 2015 | $250,000.00 | $200,000.00 | $70,684.62 | $200,000.00 | $70,684.62 |
| 3rd Monthly Apr. 27, 2015 D.I. 4316 | Mar. 1, 2015 – Mar. 31, 2015 | $250,000.00 | $200,000.00 | $16,010.35 | $200,000.00 | $16,010.35 |
| 4th Monthly June 5, 2015 D.I. 4696 | Apr. 1, 2015 – Apr. 30, 2015 | $250,000.00 | $200,000.00 | $17,159.68 | $200,000.00 | $17,159.68 |
| 2nd Interim Jun. 15, 2015 D.I. 4767 [8] | Jan. 1, 2015 – Apr. 30, 2015 | $1,000,000.00 | $200,000.00 (20%) $1,000,000.00 (100%) | $105,777.79 | PENDING | PENDING |
| 5th Monthly Jun. 30, 2015 D.I. 4899 | May 1, 2015 – May 31, 2015 | $250,000.00 | $200,000.00 | $3,871.12 | $200,000.00 | $3,871.12 |
| 6th Monthly Aug. 6, 2015 D.I. 5228 | Jun. 1, 2015 – Jun. 30, 2015 | $250,000.00 | $200,000.00 | $8,759.59 | $200,000.00 | $8,759.59 |
| 7th Monthly Aug. 27, 2015 D.I. 5749 | Jul. 1, 2015 – Jul. 31, 2015 | $250,000.00 | $200,000.00 | $5,673.68 | $200,000.00 | $5,673.68 |
| 8th Monthly Sep. 24, 2015 D.I. 6165 [9] | Aug. 1, 2015 – Aug. 31, 2015 | $250,000.00 | $200,000.00 | $10,731.99 | PENDING | PENDING |

---

Committee Order and any objections to the relief requested shall be addressed in accordance with the Interim Compensation Order and Fee Committee Order.

[7] Greenhill's First Monthly Fee Statement sought amounts from November 17, 2014 through and including January 31, 2015. To comply with the Fee Committee's request, the First Interim Fee Application sought only amounts from November 17, 2014 through December 31, 2014.

[8] At this time, the Second Interim Application is uncontested and scheduled to be heard at the October 26, 2015 hearing.

[9] The objection period has not run on Greenhill's Eighth Monthly Fee Statement at this time.

**Professionals**

Greenhill professionals rendering services during the Compensation Period were:

| Name | Position | Total Hours |
|---|---|---|
| Bradley A. Robins | Head of Restructuring | 198.0 |
| Eric Mendelsohn | Managing Director | 240.0 |
| Gregory G. Randolph | Managing Director | 22.5 |
| Stephanie Shideler | Principal | 187.0 |
| Jochen Schmitz | Vice President | 303.5 |
| Aparajita Tripathi | Analyst | 7.0 |
| Timothy Mergenthal | Analyst | 521.0 |
| **Total** (*) | | **1,479.0** |

(Greenhill does not charge hourly rates to TCEH Debtors and no hourly rates are associated with those professionals)

*Note: Hours exclude certain Greenhill employees (such as legal, administrative and research personnel) who have worked on this matter during the period, but do not report their hours worked in connection with this matter.

## Hours by Matter

Greenhill professionals rendered the following services during the Compensation Period:

| Project Category | | Total Hours |
|---|---|---:|
| A - | Communication with Professionals and Parties-In-Interest | 524.5 |
| B - | Preparation and / or Review of Court Filings | 16.0 |
| C - | Court Testimony / Deposition and Preparation | - |
| D - | Valuation & Recoveries Analysis | 348.0 |
| E - | Capital Structure Review & Analysis | 8.0 |
| F - | Merger & Acquisition Research | - |
| G - | General Financial Analysis, Research & Diligence | 309.0 |
| H - | Plan of Reorganization | 223.0 |
| I - | General Case Administration & Other | 50.5 |
| | **Total** [*] | **1,479.0** |

*Note: Hours exclude certain Greenhill employees (such as legal, administrative and research personnel) who have worked on this matter during the period, but do not report their hours worked in connection with this matter.

## Summary of Expenses by Category

| Disbursements and Charges | Amount |
|---|---:|
| Airfare | $6,535 |
| Hotel | 700 |
| Ground Transportation | 1,529 |
| Meals | 1,077 |
| Legal (*) | 19,196 |
| Other | - |
| **Total** | **$29,036** |

*Note: The Retention Order provides for the payment of Greenhill's legal expenses. *See* Retention Order at paragraph 6. Detailed time entries from Greenhill's counsel are attached hereto as **Exhibit D**.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Objections due:  November 5, 2105 at 4:00 p.m. (ET)**<br>**Hearing Date:  To be determined** |

**THIRD INTERIM APPLICATION OF GREENHILL & CO., LLC, AS FINANCIAL ADVISOR TO ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC AND TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2015 THROUGH AUGUST 31, 2015**

Pursuant to §§ 327, 328, 330, and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the *Amended and Restated Order Authorizing Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC To Retain and Employ Greenhill & Co., LLC as Independent Financial Advisor Effective Nunc Pro Tunc to November 17, 2014*, dated March 3, 2015 [D.I. 3728] (the "**Retention Order**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals,* dated September 16, 2014 [D.I. 2066] (the "**Interim Compensation Order**"), the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "**Fee Committee Order**"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 (the "**Guidelines**"), Greenhill & Co., LLC ("**Greenhill**"), as financial advisor reporting to and taking direction from Hugh E. Sawyer, the disinterested member of the board of

1

managers (the "**Disinterested Manager**") of each of Energy Future Competitive Holdings Company LLC ("**EFCH**") and Texas Competitive Electric Holdings Company LLC ("**TCEH**" and collectively, the "**TCEH Debtors**"), in connection with certain "**Conflicts Matters**," files this Third Interim Fee Application (the "**Third Interim Fee Application**").

Pursuant to this Third Interim Fee Application, Greenhill seeks an interim allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred in connection with such services from May 1, 2015 through and including August 31, 2015 (the "**Compensation Period**") in accordance with the terms of Greenhill's engagement letter (the "**Greenhill Engagement Letter**"), which is attached hereto as **Exhibit A**. In support of this Third Interim Fee Application, Greenhill respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested in this Application are §§ 327(a) and 328 of the Bankruptcy Code, Rules 2014(a) and 2016 of the Bankruptcy Rules, and Local Bankruptcy Rules 2014-1 and 2016-2.

## BACKGROUND

4. On April 29, 2014 (the "**Petition Date**"), the debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the

Bankruptcy Code, the debtors have continued to operate their businesses and manage their properties as debtors in possession since the Petition Date.

5. On December 17, 2014, the TCEH Debtors filed their *Application for Entry of an Order Authorizing Them to Retain and Employ Greenhill & Co., LLC as Independent Financial Advisor Effective Nunc Pro Tunc to November 17, 2014* [D.I. 3062] (the "**Greenhill Application**").

6. On March 3, 2105, the Court entered the order authorizing the retention and employment of Greenhill as financial advisor to the TCEH Debtors *nunc pro tunc* to November 17, 2014 (the "**Retention Order**").[10] The Retention Order approves Greenhill's fees and expenses structure pursuant to § 328 of the Bankruptcy Code, subject to the terms of the Retention Order.

7. On March 31, 2015, Greenhill filed its *First Interim Application as Financial Advisor to Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC for Allowance of Compensation and Reimbursement of Expenses for the Period November 17, 2014 Through December 31, 2014* [D.I. 4018] (the "**First Interim Application**"). The First Interim Application was approved by the Court on June 24, 2015 [D.I. 4843].

8. On June 15, 2015, Greenhill filed its *Second Interim Application as Financial Advisor to Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC for Allowance of Compensation and Reimbursement of Expenses for the Period January 1, 2015 Through April 30, 2015* [D.I. 4767] (the "**Second**

---

[10] As mentioned above, the Retention Order amended and restated an earlier order of the Court authorizing Greenhill's retention [D.I. 3283].

**Interim Application**").  At this time, the Second Interim Application is uncontested and scheduled to be heard at the October 26, 2015 hearing.

   9. On June 30, 2015, Greenhill filed its *Fifth Monthly Fee Statement of Greenhill & Co., LLC, as* Financial *Advisor to Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC for Allowance of an Administrative Claims for Compensation and Reimbursement of Expenses Incurred from May 1, 2015 Through May 31, 2015* [D.I. 4899] (the "**Fifth Monthly Fee Statement**").  No objections were filed to the First Monthly Fee Statement.  *See Certificate of No Objection Regarding Fifth Monthly Application of Greenhill & Co., LLC for Compensation for the period May 1, 2015 to May 31, 2015* [D.I. 5077].

   10. On August 6, 2015, Greenhill filed its *Sixth Monthly Fee Statement of Greenhill & Co., LLC, as Financial Advisor to Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC for Allowance of an Administrative Claims for Compensation and Reimbursement of Expenses Incurred from June 1, 2015 Through June 30, 2015* [D.I. 5228] (the "**Sixth Monthly Fee Statement**").  No objections were filed to the Sixth Monthly Fee Statement.  *See Certificate of No Objection Regarding Sixth Monthly Application of Greenhill & Co., LLC for Compensation for the period June 1, 2015 to June 30, 2015* [D.I. 5800].

   11. On August 27, 2015, Greenhill filed its *Seventh Monthly Fee Statement of Greenhill & Co., LLC, as Financial Advisor to Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC for Allowance of an Administrative Claims for Compensation and Reimbursement of Expenses Incurred from July 1, 2015 Through July 31, 2015* [D.I. 5749] (the "**Seventh Monthly Fee Statement**").  No objections were filed to the Seventh Monthly Fee Statement.  *See Certificate of No*

*Objection Regarding Seventh Monthly Application of Greenhill & Co., LLC for Compensation for the period July 1, 2015 to July 31, 2015* [D.I. 6120].

12. On September 24, 2015, Greenhill filed its *Eighth Monthly Fee Statement of Greenhill & Co., LLC, as Financial Advisor to Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC for Allowance of an Administrative Claims for Compensation and Reimbursement of Expenses Incurred from August 1, 2015 Through August 31, 2015* [D.I. 6165] (the "**Eighth Monthly Fee Statement**"). The objection period has not run on Greenhill's Eighth Monthly Fee Statement at this time.

## COMPENSATION REQUEST

13. Greenhill seeks allowance of compensation for professional services rendered to the TCEH Debtors and reimbursement of actual and necessary expenses during the Compensation Period in the aggregate amount of $1,029,036.38 (the "**Total Compensation Amount**"). The Total Compensation Amount consists of: (i) $1,000,000.00, or 100% of the professional fees for the Compensation Period (80% of which, or $800,000.00, has already been requested, and $600,000.00 approved for payment pursuant to the Fifth, Sixth and Seventh Monthly Fee Statements[11]), and (ii) $29,036.38 for the reimbursement of actual and necessary expenses ($29,036.38 of which has already been requested, and $18,304.39 approved for payment pursuant to the Fifth, Sixth and Seventh Monthly Fee Statements).

14. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit B** is a detailed log of hours worked by all professionals for whose work on these

---

[11] The objection period with respect to the Eighth Monthly Fee Statement has not yet run at this time.

reorganization cases compensation is sought. In addition, attached hereto as **Exhibit C** is a list of expense details.

## SUMMARY OF SERVICES

15. The Greenhill professionals who rendered services during the Compensation Period in these cases are as follows: Bradley A. Robins, Eric Mendelsohn, Gregory G. Randolph, Stephanie Shideler, Jochen Schmitz, Aparajita Tripathi and Timothy Mergenthal.

16. Greenhill is not compensated in this matter by the hour, but through a structure of fixed fees and related compensation as was approved by the Retention Order. The particular terms of Greenhill's engagement are detailed in the Greenhill Engagement Letter. The approved fee and expense structure may be summarized as follows:[12]

(a)   **Monthly Advisory Fee:** $250,000 per month until termination of Greenhill's engagement.

(b)   **Transaction Fee:** Upon consummation of any Restructuring, Greenhill will be entitled to receive a transaction fee (the "**Transaction Fee**"), payable promptly at the closing thereof, equal to $9,500,000.

(c)   **Credit of Fee:** An amount equal to 50% of any Monthly Advisory Fees that arise after the 9th month of the term of the Greenhill Engagement Letter, to the extent paid, shall be creditable against the Transaction Fee.

(d)   **Expenses:** The TCEH Debtors will pay reasonable and documented out-of-pocket expenses (including all fees and expenses of counsel).

17. During the Compensation Period, Greenhill provided professional services to the TCEH Debtors in connection with Conflict Matters at the direction of the Disinterested Manager or TCEH Debtors' counsel. Greenhill's professionals expended a total of 1,479.0 hours of professional services. These services were performed at a high level of quality and

---

[12] This summary is presented for convenience purposes only and is not an exhaustive reflection of the fee and expense terms set forth in the Greenhill Engagement Letter, which are controlling in all respects, except where otherwise specified in the Retention Order. Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Greenhill Engagement Letter.

were often subject to significant time constraints. These services were necessary to address a multitude of critical Conflict Matters.

18. To provide a meaningful summary of its services provided to the TCEH Debtors, Greenhill has established, in accordance with its internal procedures, certain subject matters categories in connection with this chapter 11 case. The following is a summary, by category, of the professional services provided by Greenhill during the Compensation Period:

**Communications with Professionals and Parties-in-Interest**
Total Hours: 524.5

This category includes time spent in connection with Conflict Matters participating in meetings, conference calls and correspondence with the Disinterested Manager and TCEH Debtors' counsel; TCEH Creditors and their professionals; the Debtors and their professionals; and other parties-in-interest and their professionals. Greenhill participated in numerous in-person and telephonic meetings in discussion and diligence of Conflict Matters, plan issues, constituent interests and various proposals.

**Preparation and/or Review of Court Filings**
Total Hours: 16.0

This category includes general preparation and review of Greenhill's Monthly Fee Statements and other court filings.

**Valuation & Recoveries Analysis**
Total Hours: 348.0

This category includes time spent by Greenhill in connection with Conflict Matters analyzing the valuation of the Debtors' businesses and creditor recoveries under various scenarios. This work entailed, among other things, understanding industry and market environment dynamics, including commodity price trends; researching capital market conditions; reviewing the historical and projected financial performance of publicly-traded comparable companies; reviewing operational and valuation metrics of comparable companies over time; researching precedent transactions of comparable companies and the operational and valuation metrics therein; and analyzing potential allowed creditor claims and recoveries under various proposed plan structures and scenarios.

**Capital Structure Review & Analysis**
Total Hours: 8.0

This category includes time spent evaluating and understanding the Debtors' historical and existing capital structure, debt capacities, debt agreements and trading levels for publicly-traded debt.

**General Financial Analysis, Research & Diligence**
Total Hours: 309.0

This category includes time spent preparing general financial analyses and conducting related research at the direction of the Disinterested Manager and TCEH Debtors' counsel in connection with Conflict Matters. Greenhill devoted significant time to the investigation of the financial impacts of potential litigation claims that constitute or potentially constitute Conflict Matters. Greenhill also reviewed Board presentations, advisor presentations, data room materials, court filings and transcripts, news articles, Company filings and documents, term sheets, plan proposals, bid materials and other sources of information regarding the proposed sale process for Oncor, plan issues and other Conflict Matters. This category also includes preparation and review of presentations to the Disinterested Manager and/or TCEH Debtors' counsel as well as internal meetings to develop research and analyses.

**Plan of Reorganization**
Total Hours: 223.0

This category includes time spent in connection with the review of various draft plans of reorganization, disclosure statements and related filings as well as analysis of proposed plans of reorganization and the implementation thereof.

**General Case Administration & Other**
Total Hours: 50.5

This category contains activity necessary for Greenhill to efficiently advise the Disinterested Manager but which do not otherwise fit into an above category. Subject matters include internal meetings to develop and discuss internal work plans and time lines; travel time to meetings; personal conflict checks; case compliance matters; and the download, organization and distribution of data room, docket and other materials and presentations, among other internal processes.

19. The foregoing professional services provided by Greenhill on behalf of the TCEH Debtors during the Compensation Period were reasonable, necessary, and appropriate to the administration of this chapter 11 case and related matters. Greenhill has endeavored to avoid unnecessary duplication of efforts both within the firm and with other of the Debtors' professionals.

## ACTUAL AND NECESSARY EXPENSES

20. The expenses for which Greenhill requests reimbursement for the Compensation Period are actual and necessary direct, non-overhead costs incurred in the course of rendering services to the TCEH Debtors. Greenhill's request for reimbursement of expenses reflects Greenhill's standard expense reimbursement policy.

## PROPOSED PAYMENT ALLOCATION

21. All services for which Greenhill requests compensation were performed on behalf of the TCEH Debtors. The TCEH Debtors and Greenhill's compensation is proposed as a joint and several expense of each of these estates pursuant to Section § 328 of the Bankruptcy Code. With respect to the allocation of fees and expenses contemplated by Section 2(b) of the Interim Compensation Order, the fees and expenses of Greenhill are for the benefit of the TCEH Debtors, and, accordingly, no allocation between Debtors is proposed at this time by Greenhill. Upon information and belief, this approach to allocation of fees and expenses is substantially similar to that of other professionals of the EFH Debtors.

22. Greenhill has not shared or agreed or entered into any understanding to share any of its compensation with any other entity or individual (other than Greenhill's principals and employees).

## REPRESENTATIONS

23. Although every effort has been made to include all fees and expenses incurred in the Compensation Period, some fees and expenses might not be included in this Third Interim Fee Application due to delays caused by accounting and processing during the Compensation Period. Greenhill reserves the right to make further application to this Court for allowance of such fees and expenses not included herein. Subsequent interim fee

applications will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, Local Bankruptcy Rules, the Fee Committee Order, and the Interim Compensation Order.

## CERTIFICATION OF COMPLIANCE AND WAIVER

24. The undersigned representative of Greenhill certifies that he has reviewed the requirements of Local Rule 2016-2 and that the Third Interim Fee Application substantially complies with that Local Rule except to the extent waived by the Retention Order or otherwise modified by orders of this Court and related guidance of the Fee Committee in this case, as permitted by orders of this Court establishing the Fee Committee and interim compensation procedures. To the extent that the Third Interim Fee Application does not comply in all respects with the requirements of Local Rule 2016-2, as so modified, Greenhill believes that such deviations are not material and respectfully requests that any such requirement be waived.

## NOTICE

25. This Third Interim Fee Application has been or will shortly be filed on the Court's electronic docket and distributed electronically to the various parties that have requested service therefrom. In addition, copies of this Third Interim Fee Application has been or will shortly be distributed by first class mail to the following parties: (i) the Debtors, 1601 Bryan Street, 43rd Floor, Dallas, TX, 75201, Attn: Andrew M. Wright and Cecily Gooch; (ii) co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Brian E. Schartz and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654, Attn: Chad Husnick; (iii) co-counsel to the Debtors, Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, DE 19801, Attn: Daniel DeFranceschi and Jason Madron; (iv) Roberta A. DeAngelis, the United States Trustee for Region 3, J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Wilmington, DE 19801, Attn: Richard L.

Schepacarter and U.S. Department of Justice, Office of the U.S. Trustee, U.S. Federal Building, 201 Varick Street, Room 1006, New York, NY 10014, Attn: Andrea B. Schwartz; (v) counsel for the agent of the EFIH First Lien DIP Financing Facility, Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022, Attn: Ned Schodek and Fredric Sosnick; (vi) counsel for the agent of the TCEH DIP Financing Facility, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005, Attn: Evan Fleck and Matthew Brod; (vii) counsel to the TCEH Committee, Morrison & Foerster LLP, 250 W. 55th Street, New York, NY 10019, Attn: Lorenzo Marinuzzi and Jennifer Marines; (viii) counsel to the Fee Committee, Godfrey & Kahn, S.C., One East Main Street, Madison, WI 53703, Attn: Katherine Stadler and Carla Andres; (ix) co-counsel to the EFH Committee, Sullivan & Cromwell, LLP, 125 Broad Street, New York, NY 10004-2498, Attn. Judith Fiorini and Alexa Kranzley; and (x) co-counsel to the EFH Committee, Montgomery McCracken, Walker & Rhoads, LLP, 1105 North Market Street, 15th Floor, Wilmington, DE 19801, Attn: Natalie D. Ramsey and Davis Lee Wright.

**NO PRIOR REQUEST**

26. No prior application for the relief requested herein has been made to this or any other court.

**CONCLUSION**

It is respectfully submitted that the amount requested by Greenhill is fair and reasonable given (a) the complexity of the issues presented, (b) the time and labor required, (c) the skill necessary to perform the financial advisory services, (d) the preclusion of other employment, and (e) the customary fees charged to clients in bankruptcy and non-bankruptcy situations.

WHEREFORE, Greenhill respectfully requests, with respect to the Compensation Period, an interim allowance of its professional fees and expenses in the total amount of $1,029,036.38

consisting of (a) $1,000,000.00 for the professional fees incurred by the TCEH Debtors for reasonable and necessary professional services rendered by Greenhill; and (b) $29,036.38 for actual and necessary costs and expenses, and that such fees and expenses be paid as administrative expenses of the TCEH Debtors.

Dated:   October 15, 2015                                        /s/ Bradley A. Robins

**Greenhill & Co., LLC**
Bradley A. Robins
Managing Director
300 Park Avenue
New York, NY 10022