IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., et al.[1],<br><br>        Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered<br><br>**Response Deadline: November 5 , 2015 at 4:00 p.m. (ET)** |

**SECOND INTERIM FEE APPLICATION OF McELROY,
DEUTSCH, MULVANEY & CARPENTER, LLP FOR ALLOWANCE
OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES
INCURRED DURING THE PERIOD MAY 1, 2015 THROUGH AUGUST 31, 2015**

### General Information

| | |
|---|---|
| Name of Applicant: | McElroy, Deutsch, Mulvaney & Carpenter, LLP |
| Authorized to provide services to: | Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC and their debtor subsidiaries |
| Petition Date: | April 29, 2014 |
| Date of Retention: | Order dated March 9, 2015 [docket no. 3835], effective as of January 12, 2015 |

### Summary of Fees and Expenses Sought

| | |
|---|---|
| Period for which compensation and reimbursement is sought: | May 1, 2015 through August 31, 2015 |
| Amount of compensation sought as actual, reasonable and necessary: | $51,342.00 |
| Amount of expense reimbursement sought: | $1,207.80 |
| Total Holdback Compensation Requested: | $10,268.40 |

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

| | |
|---|---|
| Attorney Rate Increases for Fee Period: | None. |
| **Summary of Past Requests and Payments:** | |
| Total Compensation Requested to Date: | $149,130.50 |
| Voluntary Compensation Reduction to Date: | $180.00 |
| Total Expense Reimbursement Requested to Date: | $2,093.60 |
| Total Compensation Approved to Date: (per Interim Compensation Order) | $119,304.40 |
| Total Expense Reimbursement Approved to Date: (per Interim Compensation Order) | $2,093.60 |
| Total Allowed Compensation Paid to Date: | $119,304.40 |
| Total Allowed Expenses Paid to Date: | $2,093.60 |
| Total Compensation Sought in this Application Paid but not yet ordered: | $51,342.00 |
| Total Expenses Sought in this Application Paid but not yet ordered: | $1,207.80 |

This is a __monthly _X_ interim ___ final application.

**Customary and Comparable Compensation Disclosures**

| Timekeeper Category | Blended Hourly Rates | |
|---|---|---|
| | Billed in this Fee Application | Billed or Collected for preceding year, excluding Bankruptcy[2] |
| Partners | $476.89 | $278.47 |
| Associates | $297.88 | $192.91 |
| Paraprofessionals | $230.00 | $109.78 |
| Total: | $356.80 | $237.35 |

Case Name: Energy Future Holdings Corporation

Case Number: 14-10979 (CSS)

Applicant's Name: McElroy, Deutsch, Mulvaney & Carpenter, LLP

Date of Application: October 15, 2015

Interim or Final: Interim

---

[2] Since the Delaware office does not have any non-bankruptcy professionals, the blended rates provided are for the entire firm from August 1, 2014 to August 31, 2015.  The differences in these rates are as a result of hours recorded on matters which were institutional clients who negotiated volume discounts; negotiated fee engagements; work for non-profits; and work on contingency fee matters.

## SUMMARY OF MONTHLY FEE STATEMENTS
## FILED DURING THE INTERIM PERIOD

|  |  | REQUESTED | | APPROVED | | HOLDBACK REQUESTED 20% |
| --- | --- | --- | --- | --- | --- | --- |
| DATED FILED | PERIOD COVERED | FEES | EXPENSES | FEES 80% | EXPENSES | FEES 20% |
| 6/25/2015 | 5/1/15 – 5/31/15 | $11,357.50 | $418.40 | $9,086.00 | $418.40 | $2,271.50 |
| 8/7/2015 | 6/1/15 – 6/30/15 | $22,115.00 | $74.00 | $17,692.00 | $74.00 | $4,423.00 |
| 8/25/2015 | 7/1/2015 – 7/31/2015 | $4,002.50 | $143.40 | $3,202.00 | $143.40 | $800.50 |
| 9/21/2015 | 8/1/2015 – 8/31/2015 | $13,867.00 | $572.00 | $11,093.60 | $572.00 | $2,773.40 |
|  | Voluntary Reduction | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Total: |  | $51,342.00 | $1207.80 | $41,073.60 | $1,207.80 | $10,268.40 |

## SUMMARY OF FEES INCURRED BY
## PROFESSIONALS FOR THE INTERIM PERIOD

| PROFESSIONAL | POSITION | BILLING RATE | HOURS | FEES |
|---|---|---|---|---|
| Gary D. Bressler | Partner | $600.00 | 1 | $600.00 |
| David P. Primack | Partner | $475.00 | 65.2 | $30,970.00 |
| Aaron S. Applebaum | Associate | $325.00 | 12 | $3,900.00 |
| Jason D. Angelo | Associate | $230.00 | .3 | $69.00 |
| Sandi Shidner | Paralegal | $230.00 | 68.1 | $15,663.00 |
| Susan Mullen | Legal Assistant | $140.00 | 1 | $140.00 |
| TOTAL: | | | 147.6 | $51,342.00 |

## SUMMARY OF HOURS AND FEES INCURRED DURING
## THE INTERIM PERIOD BY PROJECT CATEGORY

| TASK CODE | TITLE | HOURS | FEES |
|---|---|---|---|
| D24 | Case Administration | 21.2 | $4,990.00 |
| D25 | Claim Administration and Objections | 9.2 | $3,433.50 |
| D27 | Fee/Employment Applications | 83.3 | $29,302.50 |
| D30 | Litigation | 19.5 | $7,761.50 |
| D32 | Plan and Disclosure Statement | 14.2 | $5,789.50 |
| D47 | Fee Application – Others | .2 | $65.00 |
| TOTAL: | | 147.6 | $51,342.00 |

## SUMMARY OF EXPENSES INCURRED
## DURING THE INTERIM PERIOD

| CATEGORY | TOTAL |
|---|---|
| Filing Fees | $50.00 |
| Transcripts | $968.30 |
| CourtCall | $148.00 |
| Deliveries/Messenger | $15.00 |
| Pacer | $26.50 |
| TOTAL: | $1207.80 |

## Staffing Plan
### For the Period Beginning on May 1, 2015 and Ending on August 31, 2015[1]

| Category of Timekeeper | Number of Timekeepers Expected to Work on the Matter Categories During the Budget Period | Hourly Rate[2] |
|---|---|---|
| Partners | 2 | $476.89 |
| Associates | 2 | $297.88 |
| Paraprofessionals | 2 | $230.00 |
| Total Attorney | 4 | $387.39 |
| Total Non-Attorney | 2 | $230.00 |
| Total | 6 | $356.80 |

---

[1] Because MDMC did not prepare a staffing plan for this interim period this exhibit reflects the actual hours worked and fees billed for January 12, 2015 through April 30, 2015.

[2] The average hourly rate is a weighted average based on the individual hourly rate of and projected number of hours worked by each timekeeper during the budget period.

## Budget for Matter Categories for the
## Period Beginning on May 1, 2015 and Ending on August 31, 2015[3]

| TASK CODE | TITLE | HOURS | FEES |
|---|---|---|---|
| D24 | Case Administration | 23 | $2,158.25 |
| D25[4] | Claims Administration/Objections | 9.2 | $3,433.50 |
| D27 | Fee/Employment Applications | 21-22 | $6,699-$7,294 |
| D30 | Litigation | 26-27 | $8,957-$10,297 |
| D32 | Plan and Disclosure Statement | 25-26 | $13,720-$14,520 |
| TOTAL: | | 104-107 | $34,968-37,703 |

---

[3] Because MDMC did not prepare a budget for this May in this interim period, this exhibit reflects the actual hours and compensation for May 2015.

[4] This category was not included in the submitted budgets and therefore real numbers are used.

## Summary by Matter Category of Fees Budgeted[5] and Fees Incurred

| Matter Number | Matter Category Description | Hours | | Total Compensation | |
|---|---|---|---|---|---|
| | | Budgeted | Billed | Budgeted | Billed |
| D24 | Case Administration | 32 | 21.2 | $8,635.00 | $4,990.00 |
| D25[6] | Claims Administration/Objections | 0 | 9.2 | $0.00 | $3,433.50 |
| D27 | Fee/Employment Applications | 85-91 | 83.3 | $26,794-$29,174 | $29,302.50 |
| D30 | Litigation | 78-92 | 19.5 | $35,827-$41,189 | $7,761.50 |
| D32 | Plan and Disclosure Statement | 84-90 | 14.2 | $41,160-$43,560 | $5,789.50 |
| D47[7] | Fee Application/Others | 0 | .2 | $0.00 | $65.00 |
| Total: | | 279-305 | 147.6 | $112,448-$122,558 | $51,342.00 |

## Summary by Matter Category of Costs Budgeted[8] and Costs Incurred

| Category | Amount |
|---|---|
| Filing Fees | $100.00 |
| Deliveries/Messenger | $349.00 |
| Pacer | $212.30 |
| Transcripts | $224.50 |
| Total: | $885.80 |

---

[5] Because MDMC did not prepare a budget for this May 2015 in the interim period, this exhibit reflects the actual fees and hours for May 2015 aggregated with the budgets for June to August 2015.
[6] This category was not included in the submitted budgets and therefore real numbers are used.
[7] This category was not included in the submitted budgets and therefore real numbers are used.
[8] Because MDMC did not prepare a budget for this interim period, this exhibit reflects the actual costs incurred for May 1, 2015 through August 31, 2015.

The law firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP ("MDMC") as Delaware counsel for Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC, debtors and debtors-in-possession, and their debtor subsidiaries (the "TCEH Debtors"), files this second interim fee application (the "Interim Application") under:

(a) Sections 330 and 331 of chapter 11 of title 11 of the United States Code,

(b) Rule 2016 of the Federal Rules of Bankruptcy Procedure,

(c) Rule 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware

(d) the *Order Authorizing the Employment and Retention of McElroy, Deutsch, Mulvaney & Carpenter, LLP to Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC Effective Nunc Pro Tunc to January 12, 2015* (the "Retention Order") [docket no. 3835]

(e) the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals dated September 16, 2014* [docket no. 2066] (the "Interim Compensation Order"), and

(f) the *Stipulation and Order Appointing a Fee Committee* [docket no. 1896 (the "Fee Committee Order"), and

(f) the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

In support of this Interim Application, MDMC respectfully states as follows:

## Introduction

1. MDMC provided services to the TCEH Debtors in accordance with the instructions and directions of the disinterested manager of the TCEH Debtors, Mr. Hugh Sawyer. MDMC is compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses incurred in its representation of the TCEH Debtors.

2. MDMC submits this Interim Application requesting interim allowance and payment of 100% of compensation for actual and necessary professional services rendered in the amount of $51,342.00, and seeks allowance and payment of 100% of its actual and necessary expenses in the amount of $1,207.80, in accordance with the terms of the Interim Compensation Order.

3. MDMC has filed and served monthly fee statements of the periods (i) May 1, 2015 through May 31, 2015, (ii) June 1, 2015 through June 30, 2015, (iii) July 1, 2015 through July 31, 2015, and (iv) August 1, 2015 through August 31, 2015.

## Jurisdiction

4. The Court has jurisdiction over this matter under 28 U.S.C. § 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## Background

5. On April 29, 2014 (the "Petition Date"), each of EFH Corp. and certain of its affiliates (collectively, the "Debtors") filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases. The

Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed (a) an official committee of unsecured creditors composed of creditors of the TCEH Debtors and their direct and indirect affiliates and of creditors of EFH Corporate Services Company (collectively, the "TCEH Creditors' Committee") in these chapter 11 cases on May 13, 2014 [docket no. 420] and (b) an official committee of unsecured creditors composed of creditors of Debtors EFH Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc. and EECI, Inc. (collectively, the "EFH Creditors' Committee" and, together with the TCEH Creditors' Committee, the "Committees") in these chapter 11 cases on October 27, 2014 [docket no. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [docket no. 98] (the "First Day Declaration").

6. On February 11, 2015 the MDMC retention application was filed with the Court requesting retention *nunc pro tunc* to January 12, 2015. An order approving retention was entered on March 9, 2015 (the "Retention Order") [D.I. 3835].

## Summary of Services Rendered

7. During the Interim Period MDMC, as Delaware counsel to Munger, Tolles & Olson, LLP, provided services for the TCEH debtors, some of which included services related to the fee requests for the conflicts professionals retained by the TCEH Debtors, assisting with multiple discovery issues related to the deposition of Hugh Sawyer in his capacity as disinterested manager for the TCEH Debtors and the omnibus objections to claims filed by the Debtors. A comprehensive listing of services is included in the attached hereto.

8. MDMC has taken reasonable steps to avoid duplication of services by its own professionals and co-counsel. The total number of hours expended by MDMC professionals and

paraprofessionals during the Interim Period was 147.6. Pursuant to the Retention Order, MDMC is entitled to monthly compensation for the services provided to the TCEH Debtors at its current hourly rates, plus reimbursement of necessary out of pocket expenses.

9. The Interim Period included time and expenses incurred from May 1, 2015 through August 31, 2015 and detailed time reports, expense reports, and summaries of professionals and paraprofessionals time and services rendered are attached hereto as Exhibits A through D, divided by month consistent with each monthly fee statement filed by MDMC.

### Summary by Project Category

10. The following paragraphs describe some of the services rendered by MDMC for the Interim Period, for a complete listing please see attachments.

### D25 – Claims Administration and Objections (9.2 hours)

MDMC assisted in the preparation, filing and service of the Debtors' 29th and 30th Omnibus Objections to Claims (the "Omnibus Objections"), which services also included the coordination of receipt of the claim objection binders for Chambers and filing the certification of no objection to the Omnibus Objections and preparation of agenda status for filing.

### D27 – Fee/Employment Applications (87.6 hours)

This Interim Period included time spent preparing and filing MDMC's first interim fee application for the period January 12, 2015 through April 30, 2015. Additionally, MDMC assisting in the filing of the interim fee applications for the conflicts professionals retained by the TCEH Debtors, as well as the monthly fee statements for professionals.

D30 – Litigation (19.5 hours)

MDMC performed services related to the deposition requests for Hugh Sawyer and participated in regular telephonic conferences relating to discovery issues raised by interested parties.

## Actual and Necessary Costs and Expenses Incurred

11. Reimbursement of expenses in the amount of $1207.80 is sought herein. A categorized summary with an itemization of each expense incurred by MDMC during the Interim Period is attached hereto as Exhibit D. MDMC reserves the right to request, in subsequent applications, reimbursement of additional expenses incurred during this Interim Period that are not included here and may not have been received by MDMC at the date of this filing.

## Employment, Disinterestedness and Fee Request

12. In accordance with paragraph 5 of the Interim Compensation Order, all of MDMC's fees and expenses for this Fee Period are allocated to the TCEH Debtors.

13. MDMC seeks interim compensation for professional services provided to the TCEH Debtors during the Interim Period in the amount of $51,342.00 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $1,207.80.

14. MDMC has not received payment or promise of payment from any sources other than TCEH for services provided or to be provided in any capacity whatsoever in connection with the TCEH cases.

15. MDMC does not share fees with any attorney except to the extent permitted by section 504.

**Notice**

16.     As required by the Administrative Order, a copy of this Fee Application has been served upon the Notice Parties in the manner prescribed and a notice of this Fee Application was served upon all parties requesting notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, MDMC respectfully requests that the Court (i) approve and allow on an interim basis the compensation requested and reimbursement of actual and necessary costs and expenses; (ii) approve the payment of 100% of allowed fees and expense; and (iii) provide such further relief as may be just and proper.

Dated: October 15, 2015

> **McElroy, Deutsch, Mulvaney & Carpenter, LLP**
>
> /s/ David P. Primack
> David P. Primack, Esq. (No. 4449)
> 300 Delaware Ave., Suite 770
> Wilmington, DE 19801
> Phone: (302) 300-4515
> Facsimile: (302) 654-4031
> dprimack@mdmc-law.com