**<u>Exhibit C</u>**

**Engagement Letter**

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, New York 10022
Phone: (212) 446-4800
Facsimile: (212) 446-4900

Dated as of June 19, 2012

**HIGHLY CONFIDENTIAL
ATTORNEY CLIENT PRIVILEGED**

Ms. Stacey Doré
Executive Vice President, General Counsel, and
Co-Chief Restructuring Officer
Energy Future Holdings Corp.
1601 Bryan Street
Dallas, Texas 75201

Ms. Stacey Doré
Senior Vice President, General Counsel, and
Co-Chief Restructuring Officer
Texas Competitive Electric Holding Company LLC
1601 Bryan Street
Dallas, Texas 75201

Ms. Stacey Doré
Senior Vice President, General Counsel, and
Co-Chief Restructuring Officer
Energy Future Intermediate Holding Company LLC
1601 Bryan Street
Dallas, Texas 75201

Ms. Stacey Doré
Executive Vice President, General Counsel, and
Co-Chief Restructuring Officer
Energy Future Competitive Holdings Company LLC
1601 Bryan Street
Dallas, Texas 75201

Re:    Retention Terms

Dear Ms. Doré:

**Scope of Retention.** We are very pleased that you have asked us to represent Energy Future Holdings Corp. and its direct and indirect subsidiaries other than Oncor Holdings LLC and its subsidiaries (collectively, "Oncor") (collectively, "you" or the "Company"), in connection with a potential restructuring. Please note, Kirkland & Ellis LLP's and Kirkland & Ellis International LLP's (collectively, "K&E LLP") representation is only of the Company; K&E LLP does not and will not represent any shareholder, director, officer, partner, or joint venturer of the Company.

**General Terms.** This retention letter (this "Agreement") sets forth the terms of your retention of K&E LLP to provide legal services and constitutes an agreement between us. This Agreement sets forth our entire agreement for rendering professional services for the current matter, as well as for all other existing or future matters (collectively, the "Engagement"), except where we otherwise agree in writing.

**Personnel.** I, along with my partners, will be primarily responsible for this engagement. Other attorneys and legal assistants will perform services during the course of this engagement.

Chicago    Hong Kong    London    Los Angeles    Munich    Palo Alto    San Francisco    Shanghai    Washington, D.C.

KE 28137442.17

# KIRKLAND & ELLIS LLP

Ms. Stacey Doré
Page 2

We will involve such other lawyers and legal assistants in K&E LLP to the extent that your needs make such involvement desirable and acceptable to you.

**Fees.**  K&E LLP will bill the Company for fees incurred at its regular hourly rates and in quarterly increments of an hour (or in smaller time increments otherwise required by a court). We will charge the Company the same hourly rates as we charge our other restructuring clients. We reserve the right to adjust K&E LLP's billing rates once a year and we will give notice of such increase.  In addition, the rate of an individual K&E LLP associate will increase once a year as that attorney moves to a more senior level in K&E LLP's rate grid for associates.

**Expenses.**  Expenses related to providing services shall be included in our statements as disbursements advanced by us on your behalf.  Such expenses include photocopying, printing, scanning, witness fees, travel expenses, filing and recording fees, certain secretarial overtime, and other overtime expenses, postage, express mail, and messenger charges, deposition costs, computerized legal research charges, and other computer services, and miscellaneous other charges.  Our clients pay directly (and are solely responsible for) certain larger costs, such as consultant or expert witness fees and expenses, and outside suppliers or contractors' charges.  By executing this Agreement below, you agree to pay for all charges in accordance with the K&E LLP's schedule of charges, a copy of which is attached hereto at **Schedule 1**, as revised from time to time.

**Billing Procedures.**  Our statements for fees and expenses are typically rendered monthly and, unless other arrangements are made, payment in full is due upon receipt.  We may adjust our billing cycle upon agreement with you.  You may have the billing statement in any reasonable format you choose, but we will select an initial format for the statement unless you otherwise request in writing.  Depending on the circumstances, however, estimated or summary bills may be provided during certain billing cycles, with supporting time descriptions and expense summaries to follow thereafter.

**Retainer.**  The Company will provide to K&E LLP, a "classic retainer" in the amount of US $6,000,000.00 as defined in *In re Production Associates, Ltd*., 264 B.R. 180, 184–85 (Bankr. N.D. Ill. 2001), and *In re McDonald Bros. Construction, Inc*., 114 B.R. 989, 997–99 (Bankr. N.D. Ill. 1990).  As such, the classic retainer was earned by K&E LLP upon receipt.  The initial amount of the classic retainer was set to approximate our estimate of fees and expenses expected to be accrued and unpaid by the Company between payment cycles.  K&E LLP's estimate of expected fees and expenses may change based upon actual or expected fees and expenses incurred or expected to be incurred, as applicable.  Further, the Company agrees to replenish the classic retainer upon receiving invoices from K&E LLP so that the classic retainer amount remains at or above K&E LLP's estimated fees and expenses expected to be accrued and unpaid by the Company between payment cycles.

## KIRKLAND & ELLIS LLP

Ms. Stacey Doré
Page 3

The classic retainer will be placed into K&E LLP's general cash account, will not be held in a separate account on your behalf, and you will not receive any interest on these monies. You have no interest in the classic retainer. This amount does not constitute a security deposit.

**Termination.** Our retention may be terminated by either of us at any time by written notice by or to you. Our representation will end at the earliest of (a) your termination of our representation, (b) our withdrawal, and (c) the substantial completion of our substantive work. If permission for withdrawal is required by a court, we shall apply promptly for such permission, and termination shall coincide with the court order for withdrawal. If this Agreement or our services are terminated for any reason, such termination shall be effective only to terminate our services prospectively and all the other terms of this Agreement shall survive any such termination.

Upon cessation of our active involvement in a particular matter (even if we continue active involvement in other matters on your behalf), we will have no further duty to inform you of future developments or changes in law as may be relevant to such matter. Further, unless you and we mutually agree in writing to the contrary, we will have no obligation to monitor renewal or notice dates or similar deadlines that may arise from the matters for which we had been retained.

**Cell Phone and E-Mail Communication.** K&E LLP hereby informs you and you hereby acknowledge that K&E LLP's attorneys sometimes communicate with their clients and their clients' professionals and agents by cell telephone, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that you must inform K&E LLP if you do not wish K&E LLP to discuss privileged matters on cell telephones with you or your professionals or agents.

K&E LLP hereby informs you and you hereby acknowledge that K&E LLP's attorneys sometimes communicate with their clients and their clients' professionals and agents by unencrypted e-mail, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that you must inform K&E LLP if you wish to institute a system to encode all e-mail between K&E LLP and you or your professionals or agents.

**File Retention.** All records and files will be retained and disposed of in compliance with our policy in effect from time to time. Subject to future changes, it is our current policy generally not to retain records relating to a matter for more than five years. Upon your prior written request, we will return client records to you prior to their destruction. It is not administratively feasible for us to advise you of the closing of a matter or the disposal of records.

KE 28137442.17

## KIRKLAND & ELLIS LLP

Ms. Stacey Doré
Page 4

We recommend, therefore, that you maintain your own files for reference or submit a written request for your client files promptly upon conclusion of a matter.

**Conflicts of Interest.**  As is customary for a law firm of our size, there are numerous business entities, with which you currently have relationships, which K&E LLP has represented or currently represents in matters unrelated to you.

In undertaking our representation of the Company, we want to be fair not only to its interests but also to those of our other clients.  Because the Company is engaged in activities (and may in the future engage in additional activities) in which its interests may diverge from those of our other clients, the possibility exists that one of our current or future clients may take positions adverse to the Company (including in connection with Restructuring Matters) in a matter in which K&E LLP may be retained.  In the event a conflict of interest arises in the future between the Company and our other clients, K&E LLP shall notify the Company of the conflict (unless providing such notification to the Company would be a violation of K&E LLP's ethical duties to our other clients, in which case K&E LLP shall provide such notification to the Company once providing such notification will no longer violate K&E LLP's ethical duties to our other clients), and the Company agrees to waive any such conflict of interest or other objection that would preclude our representation of another client (a) in other current or future matters substantially unrelated to this representation of the Company so long as we have reasonably determined that our responsibilities to the Company and the other client would not be adversely limited by the concurrent representations and that we can undertake each representation without violating any applicable ethical rules or (b) in other Restructuring Matters in which the Company may be a creditor or other party in interest of our other client.  However, other than as described in clause (b) of the preceding sentence, K&E LLP may not represent other entities or persons in litigation, arbitration, or other dispute resolution procedure directly adverse to the Company.  K&E LLP's retention during a Restructuring Case shall be subject to section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.  (as amended, the "Bankruptcy Code").  As used herein, "Restructuring Matters" means matters: (a) arising in, arising under, or relating to, the Bankruptcy Code (or analogous state or foreign statute); (b) concerning a financing, refinancing, recapitalization, restructuring, or out-of-court workout of equity or debt; or (c) involving companies potentially in the zone of insolvency.  We will screen all attorneys working for the Company from working on matters for other clients where we have obtained sensitive, proprietary, or other confidential information that, if known to our other client, could be used by the other client to your disadvantage.  Notwithstanding anything herein to the contrary, each entity comprising the Company agrees that the foregoing waiver extends to any conflicts of interest with any other entity comprising the Company.  The Company also agrees that our representation is solely of the Company and that no member or other entity or person related to it (such as directors, officers, or employees) has the status of a client for conflict of interest purposes.

KE 28137442.17

# KIRKLAND & ELLIS LLP

Ms. Stacey Doré
Page 5

We inform you that certain entities owned by current or former K&E LLP attorneys and senior staff ("attorney investment entities") have investments in funds or companies that may, directly or indirectly, be affiliated with you, hold investments in your debt or equity securities or conduct commercial transactions with you (each a "Passive Holding"). The attorney investment entities are passive and have no management or other control rights in such funds or companies. We note that other persons may in the future assert that a Passive Holding creates, in certain circumstances, a conflict between K&E LLP's exercise of its independent professional judgment in rendering advice to you and the financial interest of our attorneys participating in the attorney investment entities, and such other persons might seek to limit your ability to use K&E LLP to advise you on a particular matter. While we cannot control what a person might assert or seek, we believe that K&E LLP's judgment will not be compromised by virtue of any Passive Holding. Please let us know if you have any questions or concerns regarding our Passive Holdings. By executing this letter, you acknowledge our disclosure of the foregoing.

**Restructuring Cases**. If it becomes necessary for you to commence a restructuring case under chapter 11 of the Bankruptcy Code ("Restructuring Case"), our ongoing employment by you will be subject to the approval of the court with jurisdiction over the petition. If necessary, K&E LLP will take steps necessary to prepare the disclosure materials required in connection with K&E LLP's retention as lead restructuring counsel. In the near term, K&E LLP will begin conflicts checks on potentially interested parties as provided by you.

If necessary, we will prepare a preliminary draft of a schedule describing K&E LLP's relationships with certain interested parties (the "Disclosure Schedule"). We will give you a draft of the Disclosure Schedule once it is available. Although K&E LLP believes that these relationships do not constitute actual conflicts of interest, these relationships must be described and disclosed in your application to the court to retain K&E LLP.

If actual conflicts of interest arise in the Company's restructuring cases, the Company will be required to use separate conflicts counsel in those matters, and the Firm will not participate in those matters.

**No Guarantee of Success.** It is impossible to provide any promise or guarantee about the outcome of your matters. Nothing in this Agreement or any statement by our staff or attorneys constitutes a promise or guarantee. Any comments about the outcome of your matter are simply expressions of judgment and are not binding on us.

**Reimbursement of Expenses.** You agree promptly to reimburse us for all fees and expenses, including the amount of K&E LLP's attorney and paralegal time at normal billing rates, as incurred by us in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any third-party that relates to the legal

KE 28137442.17

KIRKLAND & ELLIS LLP

Ms. Stacey Doré
Page 6

services provided by us under this Agreement.  Without limiting the scope of the foregoing, and by way of example only, this paragraph extends to all such fees and expenses incurred by us in responding to document subpoenas, and preparing for and testifying at depositions and trials.

**LLP.**  Kirkland & Ellis LLP is a limited liability partnership organized under the laws of Illinois, and Kirkland & Ellis International LLP is a limited liability partnership organized under the laws of Delaware.  Pursuant to those statutory provisions, an obligation incurred by a limited liability partnership, whether arising in tort, contract, or otherwise, is solely the obligation of the limited liability partnership, and partners are not personally liable, directly or indirectly, by way of indemnification, contribution, assessment, or otherwise, for such obligation solely by reason of being or so acting as a partner.

**Miscellaneous.**   This  Agreement  sets  forth  our  entire  agreement  for  rendering professional services.  It can be amended or modified only in writing and not orally or by course of conduct.  Each party signing below is jointly and severally responsible for all obligations due us and represents that each has full authority to execute this Agreement so that it is binding.  This Agreement may be signed in one or more counterparts and binds each party countersigning below, whether or not any other proposed signatory ever executes it.  If any provision of this Agreement or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not affect other provisions or applications of this Agreement which can be given effect without such provisions or application, and to this end the provisions of this Agreement are declared to be severable.

We are not advising you with respect to this Agreement because we would have a conflict of interest in doing so.  If you wish advice, you should consult independent counsel of your choice.

Please confirm your agreement with the arrangements described in this letter by signing below and returning it to me via electronic mail.

Very truly yours,

KIRKLAND & ELLIS LLP

By: _Edward O. Sassower, P.C._
       Edward O. Sassower, P.C.

# KIRKLAND & ELLIS LLP

Ms. Stacey Doré
Page 7

Agreed and accepted this 31st day of December, 2013

ENERGY FUTURE HOLDINGS CORP.

By: _____
Name: Stacey Doré
Title: Executive Vice President, General Counsel, and
Co-Chief Restructuring Officer

ENERGY FUTURE INTERMEDIATE HOLDING
COMPANY LLC

By: _____
Name: Stacey Doré
Title: Senior Vice President, General Counsel, and
Co-Chief Restructuring Officer

TEXAS COMPETITIVE ELECTRIC HOLDINGS
COMPANY LLC

By: _____
Name: Stacey Doré
Title: Senior Vice President, General Counsel, and
Co-Chief Restructuring Officer

ENERGY FUTURE COMPETITIVE HOLDINGS
COMPANY LLC

By: _____
Name: Stacey Doré
Title: Executive Vice President, General Counsel, and
Co-Chief Restructuring Officer

Schedule 1

**KIRKLAND & ELLIS LLP**

**CLIENT-REIMBURSABLE EXPENSES AND OTHER CHARGES**

*Effective 01/10/2013*

The following outlines Kirkland & Ellis's ("K&E LLP") policies and standard charges for various services performed by K&E LLP and/or by other third parties on behalf of the client which are often ancillary to our legal services.  Services provided by in-house K&E LLP personnel are for the convenience of our clients.  Given that these services are often ancillary to our legal services, in certain instances, it may be appropriate and/or more cost efficient for these services to be outsourced to a third-party vendor.  If services are provided beyond those outlined below, pricing will be based on the K&E LLP's approximate cost and/or comparable market pricing.

- **Duplicating, Reprographics and Printing**:  The following list details the K&E LLP's charges for duplicating, reprographics and printing services:

    - Black and White Copy or Print (all sizes of paper):
        - $0.13 per impression for all U.S. offices
        - €0.10 per impression in Munich
        - £0.15 per impression in London
        - HK$1.00 per impression in Hong Kong
        - RMB1.00 per impression in Shanghai
    - Color Copy or Print (all sizes of paper):
        - $0.55 per impression
    - Scanned Images:
        - $0.13 per page for black and white or color scans
    - Other Services:
        - CD/DVD Duplicating or Mastering - $7/$10 per CD/DVD
        - Binding - $0.70 per binding
        - Large or specialized binders - $13/$27
        - Tabs - $0.13 per item
        - OCR/File Conversion - $0.03 per page
        - Production Blowbacks - $0.10 per page for electronic batch printing over 500 pages

- **Secretarial and Word Processing**:  Clients are not charged for secretarial and word processing activities incurred on their matters during standard business hours.

- **Overtime Charges**:  Clients will be charged for overtime costs for secretarial and document services work if either (i) the client has specifically requested the after-hours work or (ii) the nature of the work being done for the client necessitates

Chicago    Hong Kong    London    Los Angeles    Munich    Palo Alto    San Francisco    Shanghai    Washington, D.C.

KE 28137442.17

out-of-hours overtime and such work could not have been done during normal working hours.  If these conditions are satisfied, costs for related overtime meals and transportation will also be charged.

- **Travel Expenses**:  We charge clients our out-of-pocket costs for travel expenses including associated travel agency fees.  We charge coach fares (business class for international flights) unless the client has approved business-class, first-class or an upgrade.  K&E LLP personnel are instructed to incur only reasonable airfare, hotel and meal expenses.  K&E LLP negotiates, uses, and passes along volume discount hotel and air rates whenever practicable.  However, certain retrospective rebates may not be passed along.

- **Catering Charges:**  Clients will be charged for any in-house catering service provided in connection with client matters.

- **Communication Expenses**:  We do not charge clients for telephone calls or faxes made from K&E LLP's offices with the exception of third-party conference calls and videoconferences.

   Charges incurred for conference calls, videoconferences, cellular telephones, and calls made from other third-party locations will be charged to the client at the actual cost incurred.  Further, other telecommunication expenses incurred at third-party locations (e.g., phone lines at trial sites, Internet access, etc.) will be charged to the client at the actual cost incurred.

- **Overnight Delivery/Postage**:  We charge clients for the actual cost of overnight and special delivery (e.g., Express Mail, FedEx, and DHL), and U.S. postage for materials mailed on the client's behalf.  K&E LLP negotiates, uses, and passes along volume discount rates whenever practicable.

- **Messengers**:  We charge clients for the actual cost of a third party vendor messenger.  Where a K&E LLP in-house messenger is used, we charge clients a standard transaction charge plus applicable cab fare.

- **Library Research Services:**  Library Research staff provides research and document retrieval services at the request of attorneys, and clients are charged per hour for these services.  Any expenses incurred in connection with the request, such as outside retrieval service or online research charges, are passed on to the client at cost, including any applicable discounts.

- **Online Research Charges**:  K&E LLP charges for costs incurred in using third-party online research services in connection with a client matter.  K&E LLP

negotiates and uses discounts or special rates for online research services whenever possible and practicable and passes through the full benefit of any savings to the client based on actual usage.

- **Inter-Library Loan Services:** Our standard client charge for inter-library loan services when a K&E LLP library employee borrows a book from an outside source is $25 per title. There is no client charge for borrowing books from K&E LLP libraries in other cities or from outside collections when the title is part of the K&E LLP collection but unavailable.

- **Off-Site Legal Files Storage**: Clients are not charged for off-site storage of files unless the storage charge is approved in advance.

- **Electronic Data Storage**: K&E LLP will not charge clients for costs to store electronic data and files on K&E LLP's systems if the data stored does not exceed 100 gigabytes (GB). If the data stored for a specific client exceeds 100GB, K&E LLP will charge clients $3.50 per month/per GB until the data is either returned to the client or properly disposed of. For e-discovery data on the Relativity platform, K&E LLP will charge clients $9.00 per month/per GB until the data is either returned to the client or properly disposed of.

- **Calendar Court Services**: Our standard charge is $25 for a court filing and other court services or transactions.

- **Supplies**: There is no client charge for standard office supplies. Clients are charged for special items (e.g., a minute book, exhibit tabs/indexes/dividers, binding, etc.) and then at K&E LLP's actual cost.

- **Contract Attorneys and Contract Non-Attorney Billers**: If there is a need to utilize a contract attorney or contract non-attorney on a client engagement, clients will be charged a standard hourly rate for these billers unless other specific billing arrangements are agreed between K&E LLP and client.

- **Expert Witnesses, Experts of Other Types, and Other Third Party Consultants**: If there is a need to utilize an expert witness, expert of other type, or other third party consultant such as accountants, investment bankers, academicians, other attorneys, etc. on a client engagement, clients will be requested to retain or pay these individuals directly unless specific billing arrangements are agreed between K&E LLP and client.

- **Third Party Expenditures**: Third party expenditures (e.g., corporate document and lien searches, lease of office space at Trial location, IT equipment rental, SEC

Schedule 1 - Page 4

and regulatory filings, etc.) incurred on behalf of a client, will be passed through to the client at actual cost. If the invoice exceeds $50,000, it is K&E LLP's policy that wherever possible such charges will be directly billed to the client. In those circumstances where this is not possible, K&E LLP will seek reimbursement from our client prior to paying the vendor.

Unless otherwise noted, charges billed in foreign currencies are determined annually based on current U.S. charges at an appropriate exchange rate.