## Exhibit A

RLF1 13163873v.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: D.I. 4969, 5874, 6109, 6303** |

**EFIH DEBTORS' RESPONSE TO UMB BANK, N.A.'S
SUR-REPLY TO THE EFIH DEBTORS' REPLY IN SUPPORT
OF PARTIAL OBJECTION TO PROOF OF CLAIM NO. 6347**

Should the Court grant the Trustee's Motion, the EFIH Debtors' respectfully request that the Court also consider the following response to the Trustee's Sur-Reply.

The Trustee reiterates three points that it raised in its initial briefing, none of which alters the Debtors' straightforward statutory argument that postpetition interest, if any, is limited to the federal judgment rate. *See* Reply ¶¶ 2-9. ***First***, the Trustee argues that, under section 1124(1), unsecured creditors must receive postpetition interest at the contract rate for a claim to be unimpaired, and that section 726(a)(5) (limiting postpetition interest to the federal judgment rate) is a separate and different analysis. Sur-Reply ¶¶ 2-3. The Trustee fails to mention that a creditor does not receive any postpetition interest unless a debtor is solvent. The source of that limitation to solvent debtors is not section 1124(1), but section 726(a)(5), which requires unsecured creditors to receive postpetition interest at the legal rate before equity receives a distribution (*i.e.*, a debtor is solvent). By the Trustee's formulation, however, section 1124(1)

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 13163865v.1

stands in isolation to require that all unsecured claims are impaired unless they receive postpetition interest. *See* Sur-Reply ¶¶ 3-4. The Trustee cites no authority for this unusual proposition that unsecured creditors of *insolvent* debtors must receive postpetition interest at the contract rate. Even if the Trustee instead were to acknowledge, as it likely would, that only unsecured creditors of *solvent* debtors must receive postpetition interest to be unimpaired, the Trustee has not located any source for this limitation in section 1124(1). That limitation resides in section 726(a)(5), and therefore section 726(a)(5) cannot be separated from any analysis of the appropriate rate of postpetition interest for an unsecured creditor.

**Second**, the Trustee interprets *PPI Enterprises* to mean that an unsecured creditor of a solvent debtor must receive the contract rate of interest. *See* Sur-Reply ¶¶ 2-7. But *PPI Enterprises* says no such thing. It merely requires postpetition interest be paid by a solvent debtor without specifying the rate. Sur-Reply ¶ 7 (quoting *In re PPI Enters. (U.S.) Inc.*, 228 B.R. 339, 351 (Bankr. D. Del. 1998)). The district court in *W.R. Grace* avoided the Trustee's interpretive overreach: *PPI Enterprises* "at most stands for the proposition that a claim must receive *some* form of post-petition interest in a solvent debtor case to qualify as unimpaired." Reply ¶ 25 (quoting *In re W.R. Grace*, 475 B.R. 34, 164 (D. Del. 2012), *aff'd*, 729 F.3d 332 (3d Cir. 2013) (emphasis added)). To be unimpaired, therefore, an unsecured creditor of a solvent debtor must receive *some* post-petition interest, but, contrary to the Trustee's argument, the law does not mandate payment of the contract rate of interest. In fact, section 726(a)(5) provides for payment only at the legal rate.

**Third**, the Trustee reiterates its preference for the non-statutory "pathway" to postpetition interest at the contract rate. *See* Sur-Reply ¶¶ 8-10. It now argues that this Court should follow *In re Dow Corning Corp.*, 456 F.3d 668 (6th Cir. 2006), because a contrary holding would

conflict with the Sixth Circuit. Sur-Reply ¶ 9. Of course, this Court has no obligation to follow a Sixth Circuit holding that it finds to be incorrect, particularly where this Court has in another case declined to pursue an approach based on the "fair and equitable test." *In re Wash. Mut.*, 461 B.R. 200, 241 n.6 (Bankr. D. Del. 2011). And this Court has even less of reason to do so given *Washington Mutual*'s clear holding. *Id.* at 243, 245 (holding that unsecured creditors may receive postpetition interest, if at all, at the federal judgment rate). The Trustee reiterates its request that this Court reject *Washington Mutual* because the opinion does not address the fair and equitable test. *Compare* Sur-Reply ¶10 *with* Opposition ¶ 52. But as the Debtors' Reply explains, the fair and equitable test does not apply here because the Noteholders are not impaired under the Plan. Reply ¶ 31. Further, the Trustee's attempt to use the fair and equitable test to receive postpetition interest at the contract rate is not supported by the Code. *See* Reply ¶¶ 32-43.

[*Remainder of page intentionally left blank.*]

Dated: October 16, 2015
       Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:   collins@rlf.com
       defranceschi@rlf.com
       madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   edward.sassower@kirkland.com
       stephen.hessler@kirkland.com
       brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   james.sprayregen@kirkland.com
       marc.kieselstein@kirkland.com
       chad.husnick@kirkland.com
       steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

RLF1 13163865v.1