**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| _____ ) | |
| In re:                                                              ) | |
|                                                                         )  Chapter 11 | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*[1]  ) | |
|                                                                         )  Case No. 14-10979 (CSS) | |
|                                                                         )  (Jointly Administered) | |
|                                        Debtors.            ) | |
| _____ ) | |

**FOURTH INTERIM FEE APPLICATION OF FTI CONSULTING, INC.,**
**FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES**
**RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD**
**MAY 1, 2015 THROUGH AUGUST 31, 2015**

| | |
|---|---|
| Name of Applicant: | FTI Consulting, Inc. |
| Authorized to provide professional services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | October 20, 2014 (Effective May 19, 2014) |
| Period for which compensation and reimbursement are sought: | May 1, 2015 through August 31, 2015 |
| Amount of compensation sought as actual, reasonable, and necessary: | $1,513,409.50 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $2,233.77 |

This is a(n): _____ Monthly __X__ Interim _____ Final Application

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

## SUMMARY OF MONTHLY APPLICATIONS
## FILED DURING THE INTERIM PERIOD

| DATE FILED | PERIOD COVERED | REQUESTED | | APPROVED | | HOLDBACK REQUESTED 20% |
|---|---|---|---|---|---|---|
| | | FEES | EXPENSES | FEES 80% | EXPENSES | FEES 20% |
| 06/25/2015 | 05/01/2015 - 05/31/2015 | $556,331.00 | $185.41 | $445,064.80 | $185.41 | $111,266.20 |
| 07/28/2015 | 06/01/2015 - 06/30/2015 | 506,083.50 | 816.24 | 404,866.80 | 816.24 | 101,216.70 |
| 09/01/2015 | 07/01/2015 - 07/31/2015 | 406,622.50 | 175.44 | 325,298.00 | 175.44 | 81,324.50 |
| 09/30/2015 | 08/01/2015 - 08/31/2015 | 100,293.00 | 1,056.68 | 80,234.40 | 1,056.68 | 20,058.70 |
| | Voluntary Reduction[1] | (55,920.50) | | | | (55,920.50) |
| **Total** | | **$1,513,409.50** | **$2,233.77** | **$1,255,464.00** | **$2,233.77** | **$257,945.60** |

(1)    This Fee Application reflects voluntary reductions of $55,920.50 in fees.  Subsequent to the filing of FTI's monthly fee statements for May through August 2015, FTI has

voluntarily agreed to reduce fees for (i) $5,920.50 for fees charged by timekeepers (5 in total) who were deemed to have tangential involvement in these cases, and (ii)

$50,000.00 for estimated fees incurred to review time entries in connection with billing activities.

*[Remainder of page left intentionally blank.]*

## SUMMARY OF FEES INCURRED BY PROFESSIONAL
## INTERIM PERIOD BY TIMEKEEPER

| Professional | Position | Billing Rate | Hours | Fees |
|---|---|---|---|---|
| Davido, Scott | Senior Managing Director | $875 | 20.6 | $18,025.00 |
| Diaz, Matthew | Senior Managing Director | 975 | 263.9 | 257,302.50 |
| Eisenband, Michael | Senior Managing Director | 975 | 31.0 | 30,225.00 |
| Joffe, Steven | Senior Managing Director | 975 | 48.7 | 47,482.50 |
| Jones, Scott | Senior Managing Director | 1,050 | 29.5 | 30,975.00 |
| Scruton, Andrew | Senior Managing Director | 975 | 113.0 | 110,175.00 |
| Simms, Steven | Senior Managing Director | 975 | 33.7 | 32,857.50 |
| Cordasco, Michael | Managing Director | 795 | 137.0 | 108,915.00 |
| Greenberg, Mark | Managing Director | 795 | 232.0 | 184,440.00 |
| Park, Ji Yon | Managing Director | 795 | 44.0 | 34,980.00 |
| Arsenault, Ronald | Senior Director | 535 | 194.5 | 104,057.50 |
| Rauch, Adam | Director | 645 | 217.3 | 140,158.50 |
| Eimer, Sean | Senior Consultant | 495 | 400.0 | 198,000.00 |
| Eisler, Marshall | Senior Consultant | 495 | 342.7 | 169,636.50 |
| Friedrich, Steven | Senior Consultant | 495 | 15.0 | 7,425.00 |
| Stolarz, Alexander | Consultant | 355 | 217.9 | 77,354.50 |
| Hellmund-Mora, Marili | Administrative | 250 | 45.6 | 11,400.00 |
| **Subtotal** | | | **2,386.4** | **$1,563,409.50** |
| Less: Voluntary Reduction[1] | | | | (50,000.00) |
| **Grand Total** | | | **2,386.4** | **$1,513,409.50** |

(1)   The voluntary reduction of $50,000 represents estimated fees incurred to review time entries in connection with billing activities. In addition, FTI has voluntarily agreed to
      a reduction of $5,920.50 for fees charged by timekeepers (5 in total) who were deemed to have tangential involvement in these cases (these 5 timekeepers are not included
      in the Summary of Fees Schedule above).  The total voluntary fee reduction for this Fee Application is $55,920.50.

## SUMMARY OF FEES INCURRED DURING THE
## INTERIM PERIOD BY PROJECT CATEGORY

| BY TASK CODE | | Hours | Fees |
|---|---|---|---|
| 1 | Current Operating Results & Events | 73.4 | $43,181.00 |
| 9 | Analysis of Employee Compensation Programs | 6.4 | 5,418.00 |
| 11 | Prepare for and Attendance at Court Hearings | 5.9 | 5,752.50 |
| 13 | Analysis of Other Miscellaneous Motions | 16.8 | 12,030.00 |
| 14 | Analysis of Claims/Liabilities Subject to Compromise | 90.6 | 72,651.00 |
| 15 | Analysis of Interco. Claims, Related Party Transactions | 148.2 | 101,451.00 |
| 16 | POR & DS - Analysis, Negotiation and Formulation | 197.4 | 191,015.00 |
| 18.A | Investigations of Select Legacy Transactions- Historical Transactions | 333.5 | 203,794.50 |
| 21 | General Meetings with Committee & Committee Counsel | 71.0 | 63,285.00 |
| 22 | Meetings with Other Parties | 2.9 | 2,827.50 |
| 23 | Firm Retention | 20.3 | 14,143.50 |
| 24 | Preparation of Fee Application | 259.9 | 129,638.50 |
| 28.A | First Lien Investigation- Legacy Transactions | 0.3 | 292.50 |
| 28.B | First Lien Investigation- Historical Solvency | 0.5 | 397.50 |
| 29 | Business Plan- Diligence of the Debtors' Long Range Plan | 14.7 | 9,384.50 |
| 30 | Business Plan- Understand and Assess ERCOT Market | 1.4 | 1,225.00 |
| 33 | Business Plan- Natural Gas / Coal Pricing | 29.5 | 30,975.00 |

| | | | |
|---|---|---|---|
| 35 | Business Plan- New Entry Pricing | 19.6 | 10,486.00 |
| 37 | Analysis of Pre-Petition Tax Payments | 608.2 | 308,685.00 |
| 38 | Analysis of Tax Impact on Restructuring Scenarios | 20.9 | 16,349.50 |
| 39 | Analysis of Alternative Tax Structure | 449.3 | 327,945.50 |
| 40 | REIT Asset Analysis | 15.7 | 12,481.50 |
| **Total** | Current Operating Results & Events | **2,386.4** | **$1,563,409.50** |
| | Less: Voluntary Reduction[1] | | (50,000.00) |
| **Grand Total** | | **2,386.4** | **$1,513,409.50** |

(1)     The voluntary reduction of $50,000 represents estimated fees incurred to review time entries in connection with billing activities. In addition, FTI has voluntarily agreed to a reduction of $5,920.50 for fees charged by timekeepers (5 in total) who were deemed to have tangential involvement in these cases (these 5 timekeepers are not included in the Summary of Fees Schedule above). The total voluntary fee reduction for this Fee Application is $55,920.50.

## SUMMARY OF EXPENSES INCURRED
## DURING THE INTERIM PERIOD

| CATEGORY | TOTAL |
|---|---|
| Business Meals | $934.50 |
| Ground Transportation | 1,299.27 |
| **Total** | **$2,233.77** |

This fourth interim fee application for compensation and reimbursement of expenses (the "Fee Application") is filed by FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors and employees, "FTI") requesting payment for services rendered and reimbursement of costs expended as financial advisor for the Official Committee of Unsecured Creditors (the "Committee") of Energy Future Competitive Holdings Company LLC ("EFCH"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("TCEH") and their direct and indirect subsidiaries, and EFH Corporate Services Company (collectively with EFCH and TCEH, the "TCEH Debtors")[2] for the period of May 1, 2015 through August 31, 2015 (the "Application Period"). In support of this Fee Application, FTI respectfully states as follows:

*[Remainder of page left intentionally blank.]*

---

[2] Although EFH Corporate Services is not a subsidiary of TCEH, for ease of reference EFH Corporate Services is included in the definition "TCEH Debtors".

**Introduction**

1.      FTI provided services to the Committee in accordance with the instructions and directions of the Committee.  FTI is compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses incurred by FTI.

2.      FTI submits this Fee Application pursuant to sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Administrative Order") [Docket No. 220], Del. Bankr. LR 2016-2 and the Retention Order.  By this Fee Application, FTI seeks interim allowance and payment of 100% of compensation for actual and necessary professional services rendered in the amount of $1,513,409.50, and seeks the allowance and payment of 100% of its actual and necessary expenses in the amount of $2,233.77, in accordance with the terms of the Administrative Order.

3.      FTI has filed and served the monthly fee statements for the periods of (i) May 1, 2015 through May 31, 2015, (ii) June 1, 2015 through June 30, 2015, (iii) July 1, 2015 through July 31, 2015, and (iv) August 1, 2015 through August 31, 2015.

**Jurisdiction**

4.      The Court has jurisdiction over this matter under 28 U.S.C. § 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).  Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

**Background**

5.      On April 29, 2014 (the "Petition Date"), the TCEH Debtors filed voluntary petitions with this Court under chapter 11 of the Bankruptcy Code. The TCEH Debtors are operating their business as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6.     On May 12, 2014 (the "Formation Meeting"), the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of the following seven members:

> (a) Pension Benefit Guaranty Corporation;
>
> (b) HCL America, Inc.;
>
> (c) The Bank of New York Mellon;
>
> (d) Law Debenture Trust Company of New York
>
> (e) Holt Texas LTD, d/b/a Holt Cat
>
> (f) ADA Carbon Solution (Red River); and
>
> (g) Wilmington Savings Fund Society.

On May 14, 2014, the Committee selected Morrison & Foerster LLP ("Committee Counsel") and Polsinelli PC to serve as Committee counsel. On May 16, 2014, the Committee selected Lazard Frères & Co. LLC ("Lazard") to serve as its investment banker, and on May 19, 2014, the Committee selected FTI as its financial advisor.

7.     On July 25, 2014 FTI filed its retention application. On October 20, 2014 the Court entered an order approving the retention of FTI as financial advisor to the Committee effective as of May 19, 2014 (the "Retention Order") [Docket No. 2507].

### Summary of Services Rendered

8.     The Debtors' chapter 11 cases have presented numerous large and complex issues that had to be addressed in order to preserve and maximize value for unsecured creditors. The Retention Order authorized FTI to render financial advisory services to the Official Committee of Unsecured Creditors. FTI has taken steps to avoid duplication of efforts among the Committee professionals. The Committee professionals actively coordinate their efforts on weekly calls to discuss work streams, avoid duplication, and leverage each other's work.

9.      FTI has taken reasonable steps to avoid duplication of services by FTI's professionals. During the course of the Fourth Interim Period, there have been a few instances where more than one FTI professional attended a hearing or participated in a conference call. These multiple attendees were necessary to accomplish the significant amount of work which needed to be performed in a compressed amount of time involving complex facts and transactions and the participation and involvement.

10.     The total number of hours expended by FTI professionals and paraprofessionals in performing professional services for the Committee during the Application Period was 2,386.4 hours.  Pursuant to the Retention Order, FTI is entitled to monthly compensation for its services provided to the Committee at its current hourly rates, plus reimbursement of necessary out of pocket expenses.

11.     This Fee Application includes voluntary fee reductions of $55,920.50. Subsequent to the filing of FTI's monthly fee statements for May through August 2015, FTI has voluntarily agreed to reduce fees for (i) $5,920.50 for fees charged by timekeepers (5 in total) who were deemed to have tangential involvement in these cases, and (ii) $50,000.00 for estimated fees incurred to review time entries in connection with billing activities.

12.     Services rendered by each professional and paraprofessional during the Application Period, and a summary of the time incurred by project code followed by detailed time entries, is attached hereto as **Exhibit A**, **Exhibit B**, and **Exhibit C**.

13.     The following paragraph(s) describe the primary services rendered by FTI, but are not limited to the categories set forth below.

*[Remainder of page left intentionally blank.]*

***Code 14 – Analysis of Claims and Liabilities Subject to Compromise (90.6 hours)***

During the Application Period FTI analyzed proofs of claims and various source documents provided by the Debtors in order to gain a better understanding of the potential size of the general unsecured claims pool.  Particular attention was given to executory contracts in order to examine potential claims arising from possible contract rejections, as well litigation and environmental claims that were filed by potential claimants. In addition, FTI stratified potential claims in order to assess sizing of a potential convenience class for plan of reorganization purposes.  Time in this task code also includes numerous calls with the Debtors' advisors to review and discuss these analyses, as well as periodic updates to discuss overall status of the claims reconciliation process.  FTI periodically presented a summary of its findings both orally and in writing to the Committee.

***Code 15 – Analysis of Intercompany Claims & Related Party Transactions (148.2 hours)***

Analysis of potential avoidance actions continued to remain a primary focus for the TCEH unsecured creditors in these cases during the Application Period. To that end, FTI incurred time to identify and analyze potential intercompany and other legacy claims.

Time in this code includes the continued diligence and analysis of various intercompany transactions, their impact on the TCEH Debtors, and the potential value that the TCEH Debtors may pursue as a result of these transactions.  During the Application Period, FTI's analysis of intercompany activities included, but was not limited to, shared service cost allocations and underlying allocation methodologies, direct reimbursements, money pool activities, and other related party transactions.

Direct reimbursements made by the TCEH Debtors to EFH Corporate Services total approximately $2 billion per year from 2007 through the Petition Date.  During the Application Period, FTI performed analyses on direct reimbursements made by the TCEH Debtors, which included the testing of certain payments.

The Debtors' centralized cash management system (the money pools) allows for the pooling of funds from various subsidiaries. During the Application Period, FTI continue to perform diligence on the historical flow of funds within the TCEH money pool. FTI analyzed information provided to date by the Debtors' Advisors, prepared presentation materials to Counsel based on information received to date, and had calls with the Debtors.

With respect to money pool activities, FTI analyzed historical transactions and prepared diligence request materials related to historical practices in order to assess the appropriateness of the money pools. FTI processed and analyzed a substantial amount of materials provided by the Debtors and participated in numerous discussions with the Debtors' advisors to better understand diligence materials provided. FTI prepared a detailed presentation to Committee Counsel outlining the historical practices and potential claims that could arise out of the money pool transactions.

### Code 16 – POR & DS – Analysis, Negotiation and Formulation (197.4 hours)

FTI participated in numerous calls and meetings with Committee Counsel and the Debtors' advisors and other parties in connection with plan negotiation efforts. Key elements of these negotiations included treatment of intercompany claims, unsecured claims at various entities, settlement of litigation claims, overall creditor recoveries, and structures involving a potential REIT plan, among many other topics.

Upon the Debtors' filing of a plan and disclosure statement, FTI analyzed the Debtors' Plan of Reorganization and Disclosure Statement, focusing on sections detailing the treatment of various constituencies and related recoveries. A key element of FTI's time in this category was the analysis of certain exhibits to the Disclosure Statement, including the financial projections, the liquidation analysis, and the estimated recovery percentages presented in the Plan of Reorganization. Drafts of both the POR and DS were also reviewed for accuracy and

appropriateness as it related to proper disclosure and fair representation for the general unsecured creditors.

**Code 18.A – Investigations of Select Legacy Transactions: Historical Transactions (333.5 hours)**

Time in this code primarily includes the investigation and analysis of non-intercompany legacy transactions pertaining to the TCEH Debtors, which included, among others, analysis of potential preference claims and payments made by the TCEH Debtors in connection with the transition bonds (e.g., payments under the tax and interest rate make-whole agreements and payments made under the settlement agreement). FTI continued to work with Alvarez & Marsal and Morrison & Foerster to analyze potential preference claims against T-side Debtors within the Application Period. FTI's involvement included examining vendors excluded from the potential preference analysis, confirmed ordinary course and new value calculations to estimate the potential preference claim, and analyzed different calculation methodologies to determine a range of potential preference claims. Written discussion materials were prepared for Committee Counsel and presented to the Committee.

FTI also participated in weekly diligence update calls with the Debtors' Advisors in order to request and receive periodic updates regarding the status of additional information needed to conduct our investigation.

**Code 37 – Analysis of Pre-Petition Tax Payments (608.2 hours)**

FTI analyzed intercompany tax obligations of, and payments among, EFH Corporation and various subsidiaries, pursuant to several tax sharing agreements. FTI performed due diligence on EFH's historical tax practices. FTI analyzed the process through which subsidiary entities accrue, share, and settle tax liabilities and to what extent these processes affected the Consolidated EFH tax liability. Furthermore, FTI examined the accrual and utilization of net operating losses and alternative minimum tax credits and the methods through which tax

attributes were shared among subsidiary entities. FTI frequently shared its findings and diligence observations in both written and oral communications with Committee Counsel.

*Code 39 – Analysis of Alternative Tax Structure (449.3 hours)*

FTI analyzed the financial viability of several possible divestiture scenarios for the ONCOR regulated transmission and distribution business including structuring all or part of the business as a REIT. FTI performed diligence around determining which assets held on the balance sheet could be classified as "real property" and as such able to be divested as a REIT. Once it was determined what assets could be classified as a REIT, FTI analyzed the economic viability of an ONCOR REIT transaction through the preparation of a detailed financial model that included analyzing and sensitizing EBITDA and cash flow projections, assessing required capital raises, and formulating returns to potential investors and recoveries to TCEH unsecured creditors.

## Actual and Necessary Costs and Expenses Incurred

14.     Reimbursement of expenses in the amount of $2,233.77 is sought herein. A categorized summary of the actual and necessary costs and expenses incurred by FTI during the Application Period, and an itemization of each expense within each category, is attached as **Exhibit D** and **Exhibit E**. FTI reserves the right to request, in subsequent fee applications, reimbursement of any additional expenses incurred during the Application Period, as such expenses may not have been captured in FTI's billing system on the date of filing this Fee Application.

## Statement from FTI Consulting, Inc.

15.     At all relevant times, FTI has been a disinterested person, as that term is defined at § 101(14) of the Bankruptcy Code, as modified by § 1103(b) of the Bankruptcy Code, and has not represented or held any interest adverse to any interest of the Committee.

16.     FTI has received no payment and no promises for payment from any source for

services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  No agreement or understanding exists between FTI and any other entity (other than shareholders or employees of FTI), except with respect to Cambridge Energy Solutions ("CES")[3], for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

17.    All services for which FTI requests compensation were performed at the direction or instruction of the Committee and for or on behalf of the Committee.  The professional services and related expenses for which FTI requests quarterly allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of FTI's professional responsibilities as Financial Advisors to the Committee in the Debtors' Chapter 11 cases.

18.    FTI respectfully submit that, in accordance with the factors enumerated at § 330 of the Bankruptcy Code, the services provided were necessary and beneficial to the Committee, the Debtors' estates, creditors and other parties in interest and as such the compensation being sought for its services is fair and reasonable.

*[Remainder of page left intentionally blank.]*

---

[3] As disclosed in paragraph 6 of the Retention Order and the *Supplemental Declaration of Steven Simms in Support of Application for the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al, for Entry of an Order Under Section 328(a) and 1103(a) of the Bankruptcy Code Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor Effective May 19, 2014.*

**Notice**

19.     As required by the Administrative Order, a copy of this Fee Application has been served upon: (a) Energy Future Holdings Corp.; (b) co-counsel for the Debtors, Kirkland & Ellis LLP; (c) co-counsel to the Debtors', Richards Layton & Finger, P.A.; (d) the Office of the United States Trustee for the District of Delaware; (e) counsel for the agent of the EFIH First Lien DIP Financing Facility, Shearman & Sterling LLP; (f) counsel for the TCEH First Lien DIP Facility, Milbank, Tweed, Hadley & McCloy LLP; (g) counsel to the Committee of Unsecured Creditors, Morrison & Foerster LLP; and (h) counsel to the Fee Committee, Godfrey & Kahn, S.C.  Notice of this Fee Application was served upon all parties requesting notice pursuant to Bankruptcy Rule 2002.

20.     WHEREFORE, FTI respectfully requests that the Court (i) approve and allow on an interim basis the compensation requested and reimbursement of actual and necessary costs and expenses; and (ii) approve the payment of the 100% of allowed fees and expenses and (iii) provide such further relief as may be just and proper.[4]


Dated: October 14, 2015                    FTI CONSULTING, INC

                                           By: */s/ Matthew Diaz*
                                               Matthew Diaz
                                               Three Times Square
                                               New York, NY 10036
                                               Telephone: 212-499-3611
                                               E-mail: matthew.diaz@fticonsulting.com

---

[4] Paragraph 2(b) of the Administrative Order requires Professionals (as defined in the Administrative Order) to allocate any fees and expenses to the applicable Debtors for whose direct benefit such fees and expenses were incurred (such fees, the "Direct Benefit Fees").  FTI has incurred fees and expenses for the collective benefit of the TCEH Debtors. As a result, FTI has not attempted to break out the specific Direct Benefit Fees performed for the benefit of the TCEH Debtors since all of its fees and expenses would be allocated to the TCEH Debtors regardless under the Administrative Order.  Thus, all of FTI's fees and expenses identified in this Monthly Fee Statement should be paid by the TCEH Debtors.

## <u>VERIFICATION PURSUANT TO DEL. BANKR.LR. 2016-2(f) AND 28 U.S.C. §1746(2)</u>

I, Matthew Diaz, verify as follows:

1.    I am a Senior Managing Director with FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors and employees, "<u>FTI</u>").  FTI has rendered professional services to the Official Committee of Unsecured Creditors (the "<u>Committee</u>") in this Chapter 11 case.

2.    I have read the foregoing application of FTI for compensation and reimbursement of expenses (the "<u>Fee Application</u>").  To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the facts set forth in the foregoing Fee Application are true and correct and materially comply with the applicable orders, rules, guidelines and requirements as set forth by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Del.Bankr.LR 2016-2, and the Executive Office for the United States Trustee.

Executed on: October 14, 2015                    FTI CONSULTING, INC

By: <u>*/s/ Matthew Diaz*</u>
  Matthew Diaz
  Three Times Square
  New York, NY 10036
  Telephone: 212-499-3611
  E-mail: <u>matthew.diaz@fticonsulting.com</u>

  *Financial Advisors to the Official*
  *Committee of Unsecured Creditors*

14