## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | : Chapter 11 |
| | : |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | : Case No. 14-10979 (CSS) |
| | : (Jointly Administered) |
| Debtors. | : |
| | : **Objection Deadline: January 29, 2016** |
| | : |

### SUMMARY COVER SHEET TO THE THIRD INTERIM FEE APPLICATION OF STEVENS & LEE, P.C., SPECIAL COUNSEL FOR ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC, FOR THE PERIOD OF MAY 1, 2015 THROUGH AUGUST 31, 2015

Stevens & Lee, P.C. ("S&L"), special counsel to Energy Future Intermediate Holding Company LLC, debtor and debtor-in-possession ("EFIH"), submits this summary of fees and expenses sought in its interim fee application for the period from May 1, 2015 through August 31, 2015 (the "Fee Period") to which the summary is attached (the "Interim Fee Application").[2]

S&L submits this Interim Fee Application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* dated September 16, 2014 [D.I. 2066] (the "Interim Compensation Order") and the *Stipulation and Order Appointing a Fee Committee* dated August 21, 2014 [D.I. 1896] (the "Fee Committee Order").

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined in this summary have the meanings ascribed to them in the Interim Fee Application.

## General Information

| | |
|---|---|
| Name of Applicant: | Stevens & Lee, P.C. |
| Authorized to Provide Professional Services to: | **Energy Future Intermediate Holding Company LLC**, Debtor and Debtor-in-Possession |
| Petition Date: | April 29, 2014 |
| Date of Retention [Docket No. 3278]: | January 13, 2015, *nunc pro tunc* to November 26, 2014 |

## Summary of Fees and Expenses Sought in the Interim Fee Application

| | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought in the Interim Fee Application: | May 1, 2015 through August 31, 2015 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $  57,185.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $       825.09 |
| Total Compensation and Expense Reimbursement Requested for the Fee Period: | $  58,010.59 |
| Total Amount of Fees & Expenses Allowed to Date: | $ 111,867.46 |
| Total Amount Held Back: | $   11,437.10 |

## Rate Increases Applicable to the Fee Period

| | |
|---|---|
| Total Amount of Compensation Sought for the Fee Period, Calculated Using Rates as of the Date of Employment: | $  55,431.00 |

The total time expended for preparation of this monthly fee statement was approximately 7.1 hours and the corresponding compensation that will be requested therewith is approximately $2,378.50.

This is an  X  interim ___ final application.  This is S&L's third interim fee application.

SL1 1387588v2 109285.00006

## Summary of All Monthly Fee Applications Filed

| Dated Filed | Period Covered | Requested | | Approved | | Certificate of No Objection |
|---|---|---|---|---|---|---|
| | | Fees 100% | Expenses | Fees 80%[3] | Expenses | |
| 02/06/2015 | 11/26/2014 – 12/31/2014 | $21,186.00 | $37.00 | $16,948.80 | $37.00 | 03/03/2015 |
| 02/27/2015 | 01/01/2015 – 01/31/2015 | $15,719.00 | $205.50 | $12,575.20 | $205.50 | 03/24/2015 |
| 03/23/2015 | 02/01/2015 – 02/28/2015 | $10,061.00 | $191.25 | $7,595.20 | $191.25 | 04/15/2015 |
| 04/22/2015 | 03/01/2015 – 03/31/2015 | $14,790.50 | $144.36 | $11,406.40 | $144.36 | 05/14/2015 |
| 05/15/2015 | 04/01/2015 – 04/30/2015 | $13,397.50 | $167.66 | $10,305.60 | $167.66 | 06/08/2015 |
| 06/30/2015 | 05/01/2015 – 05/30/2015 | $8,647.00 | $159.23 | $6,917.60 | $159.23 | 07/23/2015 |
| 07/22/2015 | 06/01/2015 – 06/30/2015 | $20,331.50 | $257.76 | $16,265.20 | $257.76 | 08/14/2015 |
| 08/24/2015 | 07/01/2015 – 07/31/2015 | $6,482.00 | $90.20 | $5,185.60 | $90.20 | 09/28/2015 |
| 09/30/2015 | 08/01/2015 – 08/31/2015 | $21,725.00 | $317.90 | $17,380.00 | $317.90 | N/A |
| | **TOTAL** | **$132,339.50** | **$1,570.86** | **$104,579.60** | **$1,570.86** | |

---

[3] The figures in this column represent 80% of the fees charged at 2014 rates.  Pursuant to the Fee Committee's Rate Increase Memorandum dated March 9, 2015, holdback amounts are now comprised of the difference between billings at the 2014 and 2015 rates, as well as 20% of the billings at 2014 rates.

3

Dated: October 16, 2015

STEVENS & LEE, P.C.

*/s/ Joseph H. Huston, Jr.*
Joseph H. Huston, Jr. (No. 4035)
Camille C. Bent (*admitted pro hac vice*)
1105 North Market Street, Suite 700
Wilmington, DE 19801
Tel:    (302) 425-3310
Fax:    (610) 371-7927
Email: jhh@stevenslee.com
          ccb@stevenslee.com

          and

Richard Levin, Esquire
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022-3908
Tel:    (212) 891-1601
Fax:    (212) 891-1699
Email: rlevin@jenner.com

          and

Michael A. Paskin, Esquire
Trevor M. Broad, Esquire
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Tel:    (212) 474-1760
Fax:    (212) 474-3700
Email: mpaskin@cravath.com
          tbroad@cravath.com

*Independent Counsel for Energy Future
Intermediate Holding Company LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | :   Chapter 11 |
| | : |
| ENERGY FUTURE HOLDINGS CORP., *et al.,*[1] | :   Case No. 14-10979 (CSS) |
| | :   (Jointly Administered) |
| Debtors. | : |
| | :   **Objection Deadline: January 29, 2016** |

## THIRD INTERIM FEE APPLICATION OF STEVENS & LEE, P.C., SPECIAL COUNSEL FOR ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC, FOR THE PERIOD OF MAY 1, 2015 THROUGH AUGUST 31, 2015

Stevens & Lee, P.C. ("S&L"), special counsel to Energy Future Intermediate Holding Company LLC, debtor and debtor-in-possession ("EFIH" or "Debtor"), submits this third interim fee application for allowance of compensation for professional services provided in the amount of $57,185.50, reimbursement of actual and necessary expenses in the amount of $825.09, and payment of all remaining holdback amounts totaling $11,437.10 for the period of May 1, 2015 through August 31, 2015 (the "Interim Fee Application"). In support of this Interim Fee Application, S&L submits the declaration of Joseph H. Huston, Jr. (the "Huston Declaration"), which is attached as **Exhibit A** and incorporated by reference. In further support of this Interim Fee Application, S&L respectfully states as follows:

## I.    Jurisdiction

1.    This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2.    Venue is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

3.      The bases for the relief requested in this Interim Fee Application are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals*, dated September 16, 2014 [D.I. 2066] (the "Interim Compensation Order"), and the *Stipulation and Order Appointing a Fee Committee*, dated August 21, 2014 [D.I. 1896] (the "Fee Committee Order").

**II.    Background**

4.      On April 29, 2014 (the "Petition Date"), EFIH commenced its chapter 11 case by filing a voluntary petition in this Court under chapter 11 of the Bankruptcy Code.

5.      The Debtor continues to operate its business and manage its property as a debtor-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this case.

6.      On May 13, 2014, the Office of the United States Trustee, Region 3 appointed an Official Committee of Unsecured Creditors under section 1102(a)(1) of the Bankruptcy Code. [D.I. 420].  On October 27, 2014, the Office of the United States Trustee, Region 3 formed and appointed another Official Committee of Unsecured Creditors under section 1102(a)(1) of the Bankruptcy Code.  [D.I. 2570].

7.      On August 21, 2014, the Court entered the Fee Committee Order, appointing a fee committee (the "Fee Committee") to review and report, as appropriate, on interim and final fee applications filed by the Debtors' retained professionals in accordance with sections 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order and establishing the

2

procedures governing the Fee Committee's review of the Debtors' retained professionals'

applications for compensation and the resolution of any concerns raised during such review.  The

Fee Committee distributed an initial memorandum dated October 3, 2014 regarding guidelines

for expense reimbursements to those professionals retained in the Chapter 11 Cases, and

subsequent memoranda on December 1, 2014, February 18, 2015, March 9, 2015, and June 9,

2015.  S&L believes that the relief requested in this Interim Fee Application complies with each

of these guidelines.

8.      On September 16, 2014, the Court entered the Interim Compensation Order,

which sets forth the procedures for interim compensation and reimbursement of expenses for all

professionals in all of the above-captioned chapter 11 cases (the "Chapter 11 Cases").

### III.   S&L's Employment, Disinterestedness & Fee Request

9.      On January 13, 2015, the Court entered the *Order Approving the Employment of*

*Stevens & Lee, P.C. as Counsel to Energy Future Intermediate Holding Company LLC Under*

*Sections 327(e) and 1107(b) of the Bankruptcy Code, Effective Nunc Pro Tunc to November 26,*

*2014* [D.I. 3278] (the "Employment Order"), a copy of which is attached as **Exhibit B** and

incorporated by reference.  The Employment Order authorizes EFIH to compensate S&L for

S&L's actual and necessary out of pocket expenses incurred, subject to application to this Court

in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Interim Compensation

Order, and the Fee Committee Order.  The terms of S&L's engagement are detailed in the

engagement letter between S&L and EFIH, effective as of December 24, 2014 (the "Engagement

Letter"), a copy of which is attached as **Exhibit C** and incorporated by reference.

10.      To the best of S&L's knowledge as disclosed in the *Declaration of Joseph H.*

*Huston, Jr. in Support of Application for Order Approving the Employment of Stevens & Lee,*

3

*P.C. as Counsel to Energy Future Intermediate Holding Company LLC under Sections 327(a) and 1107(b) of the Bankruptcy Code, Effective Nunc Pro Tunc to November 26, 2014* [D.I. 3139-5] (the "Huston Retention Motion Declaration"), S&L is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to EFIH's estate, as required by section 328(a) of the Bankruptcy Code; and that S&L's shareholders, associates and counsel do not hold or represent any interest adverse to EFIH or its estate, except as otherwise disclosed in the Huston Retention Motion Declaration.

11.     S&L might have in the past represented, might currently represent, and likely in the future will represent parties in interest in the Chapter 11 Cases in connection with matters unrelated to EFIH.  In the Huston Retention Motion Declaration, S&L disclosed its connections to parties in interest in the EFIH case which it has been able to ascertain using reasonable efforts. S&L will update such disclosures, as appropriate, if it becomes aware of relevant new information.

12.     S&L performed the services for which it is seeking compensation on behalf of EFIH and its estate and not on behalf of any committee, creditor or other entity.

13.     EFIH has not required that S&L submit monthly budgets or staffing plans, but the U.S. Trustee requires that S&L submit retrospective budgets and staffing plans for the Fee Period.  Accordingly, copies of S&L's budgets are attached to the Interim Fee Application as **Exhibit I**, and S&L's staffing plan is attached as **Exhibit J**.

14.     S&L seeks interim compensation for professional services provided to the Debtors during the Fee Period in the amount of $57,185.50 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $825.09.  During the Fee Period, S&L attorneys and paraprofessionals worked 115.5 hours for

4

which compensation is requested.  S&L deemed certain time worked to be non-compensable either in accordance with the Fee Committee's guidelines or on its own, and thus while the time is recorded in the detailed time entries, for which it is not being charged.

15.    S&L received payments to date under the Interim Compensation Order or the Fee Committee Order totaling $85,308.85, and of this amount, $24,229.79 pertains to the instant Fee Period.  S&L submitted its sixth, seventh, eighth, and ninth Monthly Fee Statements [D.I. 4893, 5071, 5689, 6241] (as defined in the Interim Compensation Order) for May through August 2015, seeking payment of (a) 80% of the fees incurred by S&L for reasonable and necessary professional services provided by S&L for EFIH, and (b) 100% of the actual and necessary costs and expenses provided by S&L in connection with the services provided for EFIH for each month, and has received payments associated with the monthly fee statements associated with May through August 2015, totaling $24,229.79.  The payment associated with July and August 2015 totals $22,973.70 and is pending.

16.    In connection with S&L's second interim fee application for the period of January 1, 2015 to April 30, 2015 ("Second Interim Fee Application"), the Fee Committee raised certain objections to fees that S&L requested.  The parties negotiated and reached a resolution, agreeing to reduce the allowed compensation by $1,062.72.  S&L will reduce this amount from the holdback for the instant Fee Period.

17.    S&L has not received payment or promise of payment from any sources other than EFIH for services provided or to be provided in any capacity whatsoever in connection with the EFIH case.

18.    S&L does not share fees with any attorneys except to the extent permitted by section 504.

5

19.     To the extent not already paid by the time of the hearing on this Interim Fee Application, S&L seeks payment of all amounts, including the remaining $11,437.10, which represents 20% holdback on fees incurred during the Fee Period.

## IV.   Fees and Expenses Incurred During Fee Period

### A.     Customary Billing Disclosures

20.     S&L's hourly rates are set at a level designed to compensate S&L fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure utilized by S&L in the Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure utilized by S&L for similar complex corporate, securities, litigation, and restructuring matters, whether in court or otherwise, regardless of whether a fee application is required.  S&L is a multistate, full service enterprise, and so its rate structure and fee arrangements vary throughout its geographic and practice areas to reflect the respective markets.

21.     Annexed as **Exhibit D** and incorporated by reference is a summary of blended hourly rates for timekeepers who billed for non-bankruptcy matters and blended hourly rates for timekeepers who billed to EFIH during the Fee Period, as required by the "Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases" promulgated by the Executive Office of the United States Trustee, as applied to this case by the Interim Compensation Order.

### B.     Fees Incurred During Fee Period

22.     In the ordinary course of S&L's practice, S&L maintains computerized records of time spent on the professional services required by EFIH and its estate.  Annexed as **Exhibit E** and incorporated by reference is a summary of fees incurred and hours worked during the Fee

6

Period, setting forth the following information: (1) the name of each attorney and paraprofessional for whose work compensation is sought; (2) each attorney's year of bar admission and practice concentration; (3) the aggregate time worked and fees billed by each attorney and each paraprofessional during the Fee Period; (4) the hourly billing rate for each attorney and paraprofessional at S&L's current billing rates; (5) the hourly billing rate for each attorney and each paraprofessional as disclosed in the S&L employment application; (6) the number of rate increases since the inception of the case; and (7) a calculation of total compensation requested using the rates disclosed in the S&L employment application.

### C. Expenses Incurred During Fee Period

23.     In the ordinary course of S&L's practice, S&L maintains a record of expenses incurred in rendering professional services required by EFIH and its estate and for which reimbursement is sought.  Annexed as **Exhibit F** and incorporated by reference is a summary for the Fee Period of the total amount of expenses for which S&L seeks reimbursement with respect to each category of expenses, broken down into categories of charges.

### V. Proposed Payment Allocation

24.     In light of the fact that S&L was retained to provide services solely to EFIH, in accordance with paragraph 2(b) of the Interim Compensation Order, all of the fees and expenses that S&L seeks in this Interim Fee Application are allocated to EFIH.

### VI. Summary of Legal Services Provided During Fee Period

25.     During the Fee Period, S&L provided important professional services to EFIH, primarily in connection with the retention of Cravath as special conflicts counsel to EFIH and Goldin Associates LLC as special financial advisor to EFIH on conflicts matters.

7

26.     S&L has established, in accordance with its internal billing procedures, ten subject matter categories (each a "<u>Matter Category</u>") for keeping time records for the work performed by EFIH.

27.     A schedule setting forth a description of each Matter Category utilized in this case, the number of hours worked by S&L attorneys and paraprofessionals for each Matter Category, and the aggregate fees associated with each Matter Category is annexed as **Exhibit G**, and incorporated by reference.  In addition, subject to redaction for attorney-client privilege, work product doctrine, and confidentiality where necessary to protect EFIH and its estate, copies of S&L's computerized records of time worked providing professional services to EFIH and its estate are annexed as **Exhibit H**.  As set forth above, S&L's records of expenses are attached as **Exhibit F**.

28.     The following is a summary, by Matter Category, of the professional services provided by S&L during the Fee Period.  This summary is organized in accordance with S&L's internal system of matter numbers.

29.     During the Fee Period, S&L utilized several Matter Categories: Professional Retentions, Case Administration/General Matters, Fee Applications-S&L, Fee Applications-Others, Hearings, and Plans of Reorganization & Disclosure Statements.

30.     In particular, S&L continued to assist with the filing and service of the retention applications of Cravath, Goldin Associates LLC and S&L, which requires significant effort.

31.     S&L also attended the hearing on the Debtors' disclosure statement, assisted with drafting and revising the Plan Support Agreement.

8

**VII.    Summary of Expenses Incurred Provided During Fee Period**

32.    As set forth in **Exhibit F,** S&L incurred a total of $825.09 in expenses during the Fee Period.  These charges are to reimburse S&L's direct costs that are not covered by S&L's hourly billing rates.  Only clients who actually use services of the types set forth in **Exhibit F** of this Interim Fee Application are separately charged for such services.

**VIII.    S&L's Requested Compensation and Reimbursement Should be Allowed**

33.    The services for which S&L seeks compensation in this Interim Fee Application were, at the time provided, necessary for and beneficial to the EFIH estate, and were performed at the request of EFIH to protect and preserve its estate.  S&L further believes that it performed the services for EFIH economically, effectively, and efficiently, and that they benefitted EFIH and its constituents.  S&L further submits that the compensation requested is reasonable in light of the nature, extent, and value of such services to EFIH and its estate and all parties in interest. Accordingly, S&L submits that the compensation sought in this Interim Fee Application is warranted and should be approved.

**A.    Reasonable and Necessary Fees Incurred in Providing Services to the Debtors**

34.    Section 331 of the Bankruptcy Code authorizes interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of interim compensation.  Section 330(a)(1) of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered … and reimbursement for actual, necessary expenses."  Section 330(a)(3) sets forth the criteria for such an award:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including –

9

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in other cases under this title.

11 U.S.C. § 330(a)(3).

35.     As analyzed below, S&L submits that the elements governing awards of compensation justify the allowance requested.

### 1.     The Time and Labor Required

36.     During the Fee Period, S&L's shareholders, associate, and paraprofessionals spent 115.5 hours in providing professional services for EFIH.  S&L coordinated its efforts with Cravath to prevent duplication of efforts and thereby not spend more time than required.  S&L required this time to educate itself about the issues in the Chapter 11 Cases and to perform the other tasks described above.

### 2.     The Rates Charged for Such Services & 2015 Rate Increases

37.     During the Fee Period, S&L's 2015 hourly billing rates were $695.00 for the shareholder, $330.00 for the associate, and $165.00 for the paraprofessional.  The 2014 rates disclosed in S&L's employment application were $680.00, $310.00, and $160.00, respectively, and the small anticipated increase for 2015 was disclosed to the extent known.  Based on the

10

recorded hours expended by S&L's attorneys and paraprofessionals, the average hourly billing rate for S&L's services was $495.11.

38.    S&L's hourly rates are set at a level designed to compensate S&L fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.

39.    Following the March 9, 2015 Memorandum from the Fee Committee concerning rate increases ("Rate Increase Memorandum"), S&L has diligently provided the Fee Committee with notice of the 2015 rate increase in each monthly fee statement, identified the compensation requested broken down by amount requested under 2014 rates and amount requested under 2015 rates.

40.    The 2015 rate increases represent periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.  The increased rates also are designed to capture the increased experience and training each professional has obtained in the previous year period.  The increase for the most senior billing timekeeper was only 2.2%

41.    As noted above, S&L is a multistate, full service enterprise, and so its rate structure and fee arrangements vary throughout its geographic and practice areas to reflect the respective markets.

42.    The hourly rates and corresponding rate structure that S&L charges in this case are equivalent to the hourly rates and corresponding rate structure that S&L charges for similar matters, whether in court or otherwise, regardless of whether a fee application is required.

### 3.    The Necessity of the Services and the Benefit to the Estate

43.    While they may not have resulted in a measurable economic benefit thus far, the services S&L has provided to EFIH have conferred substantial benefit on EFIH's estate and were

11

necessary because EFIH needed special counsel and a financial advisor to advise and represent it

on Conflict Matters, specifically in the State of Delaware where the Chapter 11 Cases are

currently pending.  Without special counsel, EFIH would find it difficult, if not impossible, to

protect its interests against the other Debtors in the Chapter 11 Cases, and it is required by the

Local Rules to have Delaware counsel associated with Cravath and Jenner.

### 4.    The Reasonableness of the Time Spent, Based on the Complexity, Importance, and Nature of the Issues

44.    S&L performed the services in a reasonable amount of time, given the complexity

of the issues involved and the numerous parties in interest and issues facing EFIH.  S&L's

detailed time records show that the time spent was necessary and appropriate to advising and

representing EFIH in getting its Conflict Matters professionals retained.

### 5.    The Experience, Reputation, and Ability of the Attorneys Providing Services

45.    S&L attorneys have achieved a high degree of expertise and positive reputations

in their respective fields.  S&L's Bankruptcy and Financial Restructuring Group is highly

regarded for its skill and achievements.

### 6.    Customary Compensation

46.    S&L relies in part on the Court's experience and knowledge with respect to the

compensation awards in similar cases and in this case previously.  In addition, as noted above,

the compensation S&L seeks in this Interim Fee Application is comparable to the compensation

it would have sought for comparable work other chapter 11 cases.  Because its services related

primarily to the retention of professionals in a complex Chapter 11, there is no meaningful

comparison to be made with work outside of Chapter 11.

12

47.    S&L submits that the compensation requested is reasonable under all of the factors considered under sections 330 and 331 of the Bankruptcy Code and that the factors justify the allowance in full of S&L's compensation and reimbursement request.

**B.    Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors**

48.    For the Fee Period, S&L requests reimbursement of $825.09 for reasonable and necessary costs and expenses incurred on behalf of EFIH.

49.    S&L's normal billing rates do not take these costs and expenses into consideration.  Rather, S&L bills each cost and expense to the applicable client.  Because of the disparity between the different clients' requirements for expenses such as travel, computer-assisted research, teleconference services, postage, courier and messenger services, and photocopying, it is difficult to charge costs and expenses fairly and equitably by including them in S&L's ordinary billing rates.  Accordingly, S&L generally charges each client for such costs and expenses separately, in each case, at S&L's cost.

50.    S&L does not include the amortization of the cost of any investment, equipment, or capital outlay in its charges for these services.

51.    Under Rule 2016-2 of the Local Bankruptcy Rules, S&L represents that its rate for duplication for black-and-white copies is $0.10 per page versus its normal charge of $0.25 for copies outside of bankruptcy, and for color copies is $0.50 per page.  Outgoing facsimile transmissions are charged at $1.00 for all pages versus S&L's usual charge of $1.25 for the first page, and there is no charge for incoming facsimiles.  There is no surcharge for computer-assisted research.

52.    Any services billed by a third-party vendor, with the exception of certain computer-assisted research charges, are billed to EFIH in the amount billed to and paid by S&L.

13

Consistent with its general policy of billing out-of-pocket expenses only to clients for which the use of such services is required, S&L separately charges each client for computer-assisted research. To account for such charges, while passing through S&L's cost savings resulting from its special arrangements, S&L charges those clients for whom such services are required at a reduced rate that is less than the rate charged by the computerized research companies to the general public for such services. These charges are intended to cover S&L's direct costs for computerized research.

53.    S&L has made reasonable efforts to minimize its costs and expenses in the Chapter 11 Cases. Each of the costs and expenses S&L has incurred in providing professional services to EFIH was necessary, reasonable, and justified under the circumstances to serve the needs of EFIH and its estate.

**IX.    Reservation of Rights and Notice**

54.    It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Interim Fee Application. S&L reserves the right to include such amounts in future fee applications. EFIH has provided notice of this Interim Fee Application to: (1) the U.S. Trustee; (b) counsel to the agent of the EFIH First Lien DIP Facility; (c) counsel to the agent of the TCEH DIP Facility; (d) counsel to the Creditors' Committees; and (e) the Fee Committee (collectively, the "Notice Parties").

55.    Under the Interim Compensation Order and the Fee Committee Order, (a) any Notice Party (other than the Fee Committee) who wishes to object to this Interim Fee Application must file its objection with the Court, with a Copy to Chambers, and serve it on S&L and the Notice Parties so that it is **actually received** on or before **January 29, 2016 at 4:00 p.m. (Eastern Standard Time)**, and (b) any member of the Fee Committee that wishes to object to

14

the Interim Fee Application must comply with the procedures set forth in the Fee Committee

Order and if such member wishes to object to the Interim Fee Application after complying with

such procedures, such member must file its objection with the Court, with a copy to Chambers,

and serve it on S&L and the Notice Parties, within the time specified under the Fee Committee

Order.

**X.      No Prior Request**

56.      No prior application for the relief requested by this Interim Fee Application has

been made to this or any other court.

WHEREFORE, S&L respectfully requests that the Court enter an order: (a)

awarding S&L interim compensation for professional and paraprofessional services provided

during the Fee Period in the amount of $57,185.50, and reimbursement of actual, reasonable, and

necessary expenses incurred in the Fee Period in the amount of $825.09; (b) authorizing and

directing EFIH to remit payment to S&L for such fees and expenses less the agreed-upon

reduction in compensation for the first interim fee period; and (c) granting such other relief as is

appropriate under the circumstances.


Dated: October 16, 2015                          STEVENS & LEE, P.C.


                                                 */s/ Joseph H. Huston, Jr.*
                                                 Joseph H. Huston, Jr. (No. 4035)
                                                 Camille C. Bent (*admitted pro hac vice*)
                                                 1105 North Market Street, Suite 700
                                                 Wilmington, DE 19801
                                                 Tel:    (302) 425-3310
                                                 Fax:    (610) 371-7927
                                                 Email: jhh@stevenslee.com
                                                        ccb@stevenslee.com

                                                 and

Richard Levin, Esquire
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022-3908
Tel:    (212) 891-1601
Fax:    (212) 891-1699
Email: rlevin@jenner.com

        and

Michael A. Paskin, Esquire
Trevor M. Broad, Esquire
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Tel:    (212) 474-1760
Fax:    (212) 474-3700
Email: mpaskin@cravath.com
       tbroad@cravath.com

*Independent Counsel for Energy Future
Intermediate Holding Company LLC*

16

**<u>EXHIBIT A</u>**

**Declaration of Joseph H. Huston, Jr.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: January 29, 2016** |

**DECLARATION OF JOSEPH H. HUSTON, JR. IN SUPPORT OF THE
THIRD INTERIM FEE APPLICATION OF STEVENS & LEE, P.C.,
SPECIAL COUNSEL FOR ENERGY FUTURE INTERMEDIATE
HOLDING COMPANY LLC FOR THE PERIOD OF
<u>MAY 1, 2015 THROUGH AUGUST 31, 2015</u>**

I, Joseph H. Huston, Jr., declare under penalty of perjury as follows:

1.      I am Co-Chair of the Bankruptcy and Financial Restructuring Group of the firm of Stevens & Lee, P.C. ("<u>S&L</u>"), am the lead attorney from S&L working on this chapter 11 case, and am authorized to submit this Declaration on its behalf.  I am a member in good standing of the Bar of the State of Delaware, and there are no disciplinary proceedings pending against me.

2.      I am authorized to submit this Declaration in support of the Third Interim Fee Application of S&L as Special Counsel to Energy Future Intermediate Holding Company LLC for the Period of May 1, 2015 through August 31, 2015 (the "<u>Interim Fee Application</u>").  Except as otherwise noted, I have personal knowledge of the matters set forth in this Declaration.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

1

3.      I have read the Interim Fee Application, and the statements contained therein are true and correct according to the best of my knowledge, information, and belief.  I believe that the Fee Application complies with the Local Bankruptcy Rules 2016-1 and 2016-2.

4.      I certify:

(a) To the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders and Bankruptcy Code provisions.

(b) The fees and disbursements sought in the Fee Application are billed at rates S&L customarily employs and S&L clients generally accept.

(c) None of the professionals seeking compensation varied their hourly rate based on the geographic location of the EFIH case.

(d) S&L does not seek compensation for this Fee Period for time spent reviewing or revising time records other than as required by the Fee Committee Order to ensure compliance therewith or preparing, reviewing or revising invoices.  S&L regularly revises its time records for privileged and confidential information and accordingly, did not spend any additional time reviewing time records to redact such privileged or confidential information.

(e) S&L does not make a profit on costs or expenses for which it seeks reimbursement, whether the service is performed by S&L in-house or through a third party.

(f) In accordance with Rule 2016(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 504, no agreement or understanding exists between S&L and any other person for the sharing of compensation to be received in connection with the above cases except as authorized by the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules.

(g) All services for which compensation is sought were professional services rendered on behalf of EFIH and not on behalf of any other person.

I declare under penalty of perjury as provided in 28 U.S.C. § 1746 that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: October 16, 2015                          */s/ Joseph H. Huston, Jr.*
                                                 Joseph H. Huston, Jr.

2

**EXHIBIT B**

**Stevens & Lee Employment Order [Docket No. 3278]**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: January 13, 2015@9:30 am ET**<br>**Obj. Deadline: January 6, 2015 @ 4:00pm ET**<br>**Relates to D.I. 3139** |

## ORDER APPROVING THE EMPLOYMENT OF STEVENS &LEE, P.C. AS COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC UNDER SECTIONS 327(e) AND 1107(b) OF THE BANKRUPTCY CODE, <u>EFFECTIVE *NUNC PRO TUNC* TO NOVEMBER 26, 2014</u>

Upon the application (the "**Application**")[2] of debtor and debtor in possession Energy

Future Intermediate Holding Company LLC ("**EFIH**") for the entry of an order (this "**Order**")

under section 327(a) of the Bankruptcy Code, Rules 2014(a) and 2016 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-2 of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "**Local Bankruptcy Rules**") approving the employment Stevens &

Lee, P.C. ("**S&L**") as independent counsel to EFIH, effective *nunc pro tunc* to November 26,

2014, to advise and represent EFIH in accordance with the resolutions of the EFIH Board of

Managers attached to the Application as **Exhibit C** and **Exhibit D** (the "**Resolutions**") in

connection with Conflict Matters and in determining whether a matter constitutes a Conflict

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Application.

Matter, reporting to and at the direction of Charles H. Cremens, as the Disinterested Manager of

EFIH (the "**Disinterested Manager**"), the Declaration of Joseph H. Huston, Jr., a Shareholder of

S&L (the "**Huston Declaration**") and the Declaration of Charles H. Cremens (the "**Cremens**

**Declaration**") filed with the Application, and the evidence and arguments adduced at the hearing

on the Application, the Court finds:

(a) the Court has jurisdiction and authority over this matter under 28 U.S.C. §§ 157 and

1334;

(b) the Application is a core proceeding under 28 U.S.C. § 157(b)(2);

(c) venue of the Application in this district is proper under 28 U.S.C. §§ 1408 and 1409;

(d) based on the representations made in the Application and in the Huston Declaration, (i)

S&L does not hold or represent an interest adverse to EFIH's estate and (ii) S&L is a

"disinterested person" as defined in section 101(14) of the Bankruptcy Code and as

required by section 327(a) of the Bankruptcy Code as a condition to approval of its

employment;

(e) the relief requested in the Application is in the best interests of EFIH's estate, its

creditors, and other parties in interest;

(f) EFIH provided adequate and appropriate notice of the Application under the

circumstances, and no other or further notice is required;

(g) there is good cause for the relief granted herein; and

(h) any objections to the relief requested by the Application have been withdrawn or should

be overruled.

Therefore, it is **ORDERED**:

1.    The Application is granted to the extent set forth in this Order.

2

2.      EFIH's employment of S&L as its attorneys *nunc pro tunc* to November 26, 2014 on the terms and conditions set forth in the Application and the Engagement Letter attached to the Application as **Exhibit 1**, including the Resolutions, is approved. To the extent, if any, that the Engagement Letter, the Huston Declaration, the Cremens Declaration or any later document filed with the Court in connection with S&L's employment is inconsistent with the Bankruptcy Code or this Order, the Bankruptcy Code and this Order shall govern, as determined by the Court.

3.      S&L shall use its reasonable efforts not to duplicate any services provided by Cravath or any of EFIH's other retained professionals in EFIH's chapter 11 case.

4.      S&L shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with EFIH's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals entered on September 16, 2014 [D.I. 2066] and any other applicable procedures and orders of the Court, including the Stipulation and Order Appointing a Fee Committee [D.I. 1896], and shall cooperate with the fee committee appointed under that Stipulation and Order in the discharge of its duties. In connection with any employment or interim or final fee application S&L files in this chapter 11 case, S&L shall make a reasonable effort to comply with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013.

SL1 1342046v4 109285.00001

5.     Absent further order of this Court, a) S&L may receive compensation for its services and reimbursement for expenses it incurs in this case solely from the EFIH estate; and b) S&L shall not use contact attorneys or independent contractor attorneys for this case..

6.     S&L shall not seek reimbursement of expenses for office supplies.

7.     S&L shall not share fees with any attorneys except to the extent permitted by section 504.

8.     S&L shall provide 10 business days' notice to EFIH, the U.S. Trustee, and the Committees before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase under section 330 of the Bankruptcy Code.

9.     EFIH and S&L are authorized to take all actions necessary to effectuate the relief granted by this Order.

10.    Notice of the Application as described in the Application is adequate notice of the Application, and the Application satisfies the requirements of the Local Bankruptcy Rules.

11.    The terms and conditions of this Order are effective and enforceable immediately upon its entry.

12.    The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: January 13, 2015
       Wilmington, Delaware

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

4

SL1 1342046v4 109285.00001

## EXHIBIT C

**Stevens & Lee, P.C. Engagement Letter**

# STEVENS & LEE
## LAWYERS & CONSULTANTS

1105 North Market Street
Suite 700
Wilmington, DE 19801
www.stevenslee.com

Direct Dial:     (302) 425-3310
Email:     jhh@stevenslee.com
Direct Fax:     (610) 371-7972

December 24, 2014

*Via Email and Regular Mail*

Energy Future Intermediate Holding Company LLC
Energy Plaza
1601 Bryan Street
Dallas, TX 75201
Attn; Charles H. Cremens

Re:    **Energy Future Intermediate Holding Company LLC - Chapter 11 Proceeding**

Dear Ladies and Gentlemen:

Thank you for engaging us to act as Delaware counsel to Energy Future Intermediate Holding Company LLC ("you" or the "Company") to the extent set forth below to assist Cravath, Swaine & Moore LLP ("Cravath") x. We are to act under the sole direction of Charles H. Cremens, as disinterested manager, in the above Chapter 11 bankruptcy pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). This letter confirms that our initial conflicts check revealed no reason why we cannot assist the Company, and sets forth the terms and conditions of our engagement. We have also performed a more thorough review of "interested parties" supplied to us by the Debtors' lead counsel in these cases for purposes of determining whether we are "disinterested" for purposes of the Bankruptcy Code and conclude that we are. Because of the pressing nature of your needs, we commenced work on November 26, 2104, and these terms relate back to that date.

The Rules of Professional Conduct suggest that we enter into a written agreement describing the basis upon which you will be charged for professional services performed by our firm. This letter confirms the scope of our engagement and provides you with a description of our billing procedures.

<u>Scope of Engagement</u>

We are to act as Delaware counsel for all matters relating to the Company in connection with the "Conflict Matters" as defined in resolutions of your Board of Managers adopted

---

Philadelphia   •   Reading   •   Valley Forge   •   Lehigh Valley   •   Harrisburg   •   Lancaster   •   Scranton
Wilkes-Barre   •   Princeton   •   Cherry Hill   •   New York   •   Wilmington

A PROFESSIONAL CORPORATION

# STEVENS & LEE
## LAWYERS & CONSULTANTS

Energy Future Intermediate Holding Company LLC
December 24, 2014
Page 2

November 7, 2014 and supplemented by resolutions adopted December 9, 2015, a copy of each of which is attached. If the scope of our services is enlarged beyond that, we may propose a separate fee arrangement for the additional work. The fact and terms of our retention are subject to application to and approval by the Bankruptcy Court, and to all of the billing and disclosure requirements of the United States Bankruptcy Code and Federal Rules of Bankruptcy Procedure, together with the requirements of the Office of the United States Trustee and the local rules of the Bankruptcy Court and any Bankruptcy Court orders, including orders relating to the Fee Committee.

Unlike many jurisdictions where local counsel is more "docket counsel" or an address for service of papers, the state and federal courts in Delaware insist that Delaware counsel be actively engaged in every matter; execute (and thus read and be responsible for) all documents which are filed with the court; act as the liaison with the court; and, unless specifically excused, be present at all "proceedings," a term which is broadly defined. As a consequence, we are expected to be conversant with all of the central issues in the case and its procedural posture without unnecessarily duplicating effort or attempting to usurp the role of lead counsel.

The Company acknowledges that Cravath is lead counsel, that we are not the Company's general counsel and that our acceptance of this engagement does not involve an undertaking to represent the Company or its interests other than as described above. Furthermore, the Company acknowledges that our representation does not entail a continuing obligation to advise it concerning legal developments that might have a bearing on its affairs generally or, after the completion of our engagement, to advise it about subsequent legal developments that might relate in some way to this matter. Except to the extent we are informed to the contrary by the Company, Cravath has full authority to direct our activities, negotiate with all other parties and otherwise act on the Company's behalf within the scope of its engagement in your chapter 11 case.

Fees, Disbursements and Other Expenses – Staffing

We strive to charge fees that are appropriate considering all of the circumstances. We consider the time (measured in tenths of an hour) devoted to a particular matter by the lawyers and paralegals who worked on that matter; the nature and complexity of the work performed; the expertise required to perform that work; the novelty and difficulty of the issues presented; the extent to which the urgency of the matter preempted other work; the extent to which the matter required special allocation of firm resources and staff overtime; and the result obtained. As noted above, our billing practices are governed by the Bankruptcy Code and Rules and the Delaware Bankruptcy Court's Local Rules, and are subject to review and approval by the Bankruptcy Court, the Office of the United States Trustee and the Fee Committee established in the case. Our current rates and proposed rates for 2015 are detailed below:.

# STEVENS & LEE
## LAWYERS & CONSULTANTS

Energy Future Intermediate Holding Company LLC
December 24, 2014
Page 3

|  | 2014 | 2015 |
|---|---|---|
| Attorney range: | $225 to $1,000 | $230 to $1,060. |
| Shareholders: | $430 to $1,000 | $400 to $1,060. |
| Of Counsel: | $445 to $650. | $410 to $700. |
| Associates: | $225 to $575 | $230 to $600. |
| Paralegals: | $220 to $260 | $240 to $270. |
| Legal assistants (for compensable professional services). | $160 | $165 |

Although the beginning of any engagement generally requires a more concentrated investment of senior lawyers' time in analysis and planning, we attempt to use the least expensive professionals competent to perform the required task. Junior staff, of course, work under the supervision of senior attorneys.

I will be the S&L attorney leading this Engagement, assisted by our Associate Camille C. Bent, paralegal Damien Dunnington, and legal assistant Stephanie L. Foster. In addition, from time to time we may require other S&L professionals to assist based upon efficiency and areas of required expertise. My current standard hourly rate is $680, Ms Bent's is $310.00, Mr. Dunnington's is $230, and Ms. Foster's is $160. Each is scheduled to increase slightly January 1, 2015, in accordance with our standard practice.

We bill monthly and will submit monthly fee statements. Subject to the review and approval of the Bankruptcy Court and the Fee Committee, our statements will be payable in full within 60 days of receipt unless another arrangement has been discussed and agreed to in advance. If at any time our invoice is not paid when due, we have the right to cease performing further work and to withdraw from the representation, subject in all respects to the Bankruptcy Court's approval. The Company would remain liable for any outstanding bills and unbilled fees and expenses in that event. Our billing and your payments are subject to the interim compensation protocol adopted by the Bankruptcy Court in this case providing for monthly payments and quarterly reconciliations, subject to additional review and approval by the Bankruptcy Court.

If the Company desires to make its payments of fees by electronic funds transfer, wiring and ACH instructions are included below.

Stevens & Lee operates as a firm. Therefore, the lawyer who serves as the Company's principal contact at the firm may seek assistance from or assign primary responsibility for a project to another lawyer who has experience in the particular area involved and who for that reason or otherwise is in a position to do the work most efficiently.

If you have any question or comment about our services, staffing, billing, or any other aspect of our representation, please contact me by any of the means listed in the inside address.

# STEVENS & LEE
## LAWYERS & CONSULTANTS

Energy Future Intermediate Holding Company LLC
December 24, 2014
Page 4

My legal assistant is Stephanie Foster and she can be reached at her direct dial number, (302) 425-3317. She will be glad to help you in my absence.

## Duties and Responsibilities

Effective legal representation requires a high level of cooperation between attorney and client. You therefore agree to cooperate with us, to keep us fully informed of all developments which might affect our representation, and to perform your obligations under this letter. We, in turn, will rely on the information that you provide to us and agree to provide the legal services reasonably required by the matters described above and to respond to your inquiries. The Company also will make itself reasonably available to attend meetings, discovery proceedings and conferences, hearings, and other proceedings. When asked to perform some task, we are entitled to assume that Cravath has the Company's authority to approve negotiation, discovery and litigation strategy; causes of action and parties to any litigation; and acceptable terms of any compromise or agreement. In addition, they will be responsible for advising us whether any document we have prepared or received and sent to you for your approval or review is acceptable.

## General Provisions

Enclosed with this letter is a statement entitled General Provisions, which apply to our representation to the extent not expressly superseded by this letter.

## Conflicts

To determine if you are involved in any matter adverse to our firm or to our clients, we have checked the Company's name and certain other related and "interested" parties through our computerized conflicts checking system. We also provided the lawyers in all of our offices with notice that we are proposing to represent you. Other than as follows on a separate attachment, neither of those searches has revealed any such matter or conflict. We have agreed to establish an "ethical wall" to screen the teams of professionals working for any such entity from confidential matter relating to the other. Within 21 days before any hearing on our retention, we will perform any additional checking which may be advisable or reasonably required by the Bankruptcy Court or the United States Trustee. We therefore believe that we are "disinterested" as required by the Bankruptcy Code and will have no conflict in representing you in this matter and, to the extent there is a conflict, you have consented to our using the above procedures as a remedy.

It is common for this firm to be engaged to represent more than one party in a significant bankruptcy case in Delaware. At the commencement of this case we were approached by the Electric Reliability Council of Texas ("ERCOT") to advise it in connection with the assumption of its agreement with one or more of the Debtors in this case. We never received any confidential information and were never asked to provide substantive attention to any matter, however. In addition, ERCOT retained us local counsel to provide substantive attention to an entirely separate

# STEVENS & LEE
## LAWYERS & CONSULTANTS

Energy Future Intermediate Holding Company LLC
December 24, 2014
Page 5

bankruptcy case pending in the District of New Jersey, *In re North American Power Partners*. That matter has concluded and we do not otherwise represent ERCOT. We understand that ERCOT is not a creditor in the proceedings related to the Company but wanted to be sure that we had disclosed that relationship to you.

We also regularly represent certain utility companies who appeared to protect their rights under section 366 of the Bankruptcy Code at the beginning of these cases, but those matters were concluded early in the process and it is our understanding that neither do these matters affect the proceedings related to the Company. In addition, we represent and appeared for the City of Dallas, Texas, which is a creditor of a nondebtor affiliate of the debtors solely for the purpose of monitoring these proceedings. None of the lawyers, legal assistants or paralegals of the firm that represent the City of Dallas, Texas will be involved in this engagement, and we will establish an "ethical wall" to ensure that the Company's confidential information will not be shared with the City of Dallas, Texas or the lawyers, legal assistants or paralegals that represent the City of Dallas, Texas. We do not believe that either of these relationships constitutes a conflict or renders us "disinterested."

Our representation of the Company is limited to this engagement. Once the matter is concluded, the attorney-client relationship will end.

If the foregoing is acceptable, please confirm so by signing the enclosed copy of this letter in the space provided and returning it to me. We are pleased to have this opportunity to be of service. Thank you.

Very truly yours,

STEVENS & LEE

Joseph H. Huston, Jr.

The undersigned represents that he has full authority to retain Stevens & Lee, has read and understood the terms and conditions set forth in this letter (including the attached General Provisions) and agrees to them.

Accepted and agreed to this 24th day of December, 2014:

Energy Future Intermediate Holding Company LLC

By: /s/Charles H. Cremens
    Charles H. Cremens, as its disinterested manager

# STEVENS & LEE
## LAWYERS & CONSULTANTS

Energy Future Intermediate Holding Company LLC
December 24, 2014
Page 6

**WIRE/ACH INSTRUCTIONS:**

Wells Fargo
600 Penn Street
Reading, PA  19601
ABA #121000248
Account of:  Stevens & Lee, P.C
111 North Sixth St
P.O. Box 679
Reading, PA 19603-0679
Acct #: 2100010035934

**For ACH payment this routing number should be used:**
ACH Routing #: 031000503

**Special Instructions: Be sure to include your account name and number: Energy Future
Intermediate Holding Company LLC, No. 109285.**

# STEVENS & LEE
## LAWYERS & CONSULTANTS

Energy Future Intermediate Holding Company LLC
December 24, 2014
Page 7

<u>Relationships with Potentially Interested Parties</u>

| | |
|---|---|
| Alvaraz & Marsal | Current client; no active matter. |
| Charles Cremens | Affiliate/manager of the Company |
| AON Insurance Co. Trust, | Former Client; Affiliate of AON Hewitt Collective Inv. DIP Lender |
| Southern California Edison Company | Client; affiliate of So. Cal Edison Retirement Plan |
| Stichting Pensioenfonds DSM Nederland | Client;  Delaware counsel in a Chapter 11 case |
| HCC | Former Client |
| Liberty Mutual Insurance Co. | Client |
| RSUI Insurance Co. | Former Client |
| Blackrock Entities | An affiliate is Former Client |
| Redwood Capital Management | An affiliate is Former Client |
| Performance Contracting, Inc. | Former Client |

Stevens & Lee enjoys referral and co-counsel relationships with a number of the professionals involved in the case.

## General Provisions

Except as modified by the accompanying engagement letter, the following provisions will apply to the relationship between Stevens & Lee and our clients:

(1) The time for which a client will be charged will include, but will not be limited to, telephone and office conferences with a client and counsel, witnesses, consultants, court personnel, and others; conferences among our personnel; factual investigation; legal research; responding to clients' requests to provide information to auditors in connection with reviews or audits of financial statements; drafting of letters, pleadings, briefs, agreements, and other documents; travel time; waiting time in court, closings, or elsewhere; and time in depositions and other discovery proceedings.

(2) From time to time, internal conferences on a client's matter will take place among our personnel, and two or more may attend such conferences. It is our experience that this practice facilitates communication, improves the quality of the work, and ultimately is more efficient and economical.

(3) In addition to our fees, we will be entitled to payment or reimbursement for disbursements and other expenses incurred on behalf of a client such as photocopying, messenger and delivery, air freight, computerized research, videotape recording, travel (including mileage, parking, airfare, lodging, meals, and ground transportation), long distance telephone, telecopying, postage, court costs, transcripts, and filing fees. To the extent that we directly provide any of these services, we reserve the right to adjust the amount we charge, at any time or from time to time, as we deem appropriate, in light of our direct costs, our estimated overhead allocable to the services, and outside competitive rates. Unless special arrangements are made, fees and expenses of others (such as experts, investigators, witnesses, consultants, and court reporters) and other large disbursements (in excess of $300) will not be advanced by our firm and will be the responsibility of, and paid directly by, the client. Expenses are subject to the limits imposed by Local Bankruptcy Rule 2016-2

(4) Although we may, for a client's convenience, furnish estimates of fees or expenses that we anticipate will be incurred on a client's behalf, these estimates are subject to unforeseen circumstances and are by their nature inexact. We are not bound by any estimates except as otherwise expressly set forth in the engagement letter or otherwise agreed to by us in writing.

(5) Either at the beginning or during the course of our representation, we may express our opinions or beliefs concerning the matter or various courses of action and the results that might be anticipated. Any such statement made by any attorney or other employee of our firm is intended to be an expression of opinion only, based on information available to us at the time, and is not a promise or guarantee of any particular result.

(6) A client shall have the right at any time to terminate our services and representation upon written notice to the firm. Such termination shall not, however, relieve the client of the obligation to pay for all services rendered and disbursements and other expenses made or incurred on behalf of the client prior to the date of termination and for services rendered

and expenses incurred after such date to the extent they are required to protect our client's interests or as may be required by appropriate authorities.

(7)  We reserve the right to withdraw from our representation with our client's consent or without consent for good cause, subject to Bankruptcy Court approval. "Good cause" may include the client's failure to honor the terms of the engagement letter, the client's failure to pay amounts billed in a timely manner, the client's failure to cooperate with us, or any fact or circumstance that would, in our view, impair an effective attorney-client relationship or would render our continuing representation inappropriate, unlawful, or unethical. If we elect to do so, the client will take all steps necessary to free us of any obligation to perform further, including the execution of any documents (including forms for substitution of counsel) necessary to complete our withdrawal, and we will be entitled to be paid for all services rendered and disbursements and other expenses made or incurred on behalf of the client prior to the date of withdrawal and for services rendered and expenses incurred after such date to the extent they are required to protect our client's interests or as may be required by appropriate authorities.

(8)  We have found that our clients have become increasingly reliant upon various forms of electronic communication, such as e-mail, cellular telephones, other Internet communications, and electronic telefax (collectively, "Electronic Communications"), for purposes of day-to-day business communications. We note, however, that Electronic Communications may be inherently less secure than some traditional methods of communication (hard wired telephones and telefax, U.S. mail and commercial couriers, for example) and involve a risk of interception by unauthorized third parties.  We understand that, because of the convenience and efficiency of Electronic Communications, you are willing to accept the risk of unauthorized interception and authorize us to communicate with you (and with others with whom we have dealings in connection with the matters we are handling for you) by means of Electronic Communications, unless you advise us in writing to the contrary.

(9)  Any controversy, dispute, or claim arising out of or relating to our fees, expenses, performance of legal services, obligations reflected in this letter, or other aspects of our representation shall be resolved by the Bankruptcy Court, with the participation of interested parties entitled to participate in such disputes, such as the Office of the United States Trustee, and any official committees appointed by the court.

(10)  Following the completion of this matter, the firm will not be precluded from accepting any other engagement on behalf of a client who may be adverse to you if such engagement is unrelated to the scope of our representation in this matter as described above and provided, of course, that any and all information that may be disclosed to the firm in the course of this matter shall not be disclosed to any former, current or future client of the firm.

**EXHIBIT D**

**Summary of Stevens & Lee, P.C. Non-Bankruptcy Blended Hourly Rates**
**(Customary and Comparable Compensation Disclosures)**

| Timekeeper Category (Delaware) | Blended Hourly Rate | |
| --- | --- | --- |
| | Worked and Billed in 2015 (excluding bankruptcy lawyers) | Billed in this Fee Application |
| Shareholders | $330.00[1] | $695.00 |
| Associates | N/A[2] | $335.00 |
| Legal Assistants/Paralegals | $159.00 | $165.00 |
| **Average Rate** | $244.36 | $495.11 |

Case Name:            Energy Future Intermediate Holding Company LLC

Case Number:         14-10979 (CSS)

Applicant's Name:    Stevens & Lee, P.C.

Date of Application:  October 16, 2015

Interim or Final:       Interim

---

[1] This includes hours recorded on matters which were contingent and unsuccessful; institutional clients who negotiated volume discounts; work for nonprofits; and negotiated fee engagements.

[2] There are no associates, bankruptcy or otherwise, located in the S&L Delaware office.

## EXHIBIT E

## Summary of Stevens & Lee, P.C. Hours Worked and Fees Incurred

| Name of Professional | Title | Year Admitted | Practice Concentration | 2015 Hourly Billing Rate[1] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Joseph H. Huston, Jr. | Practice Leader | 1975 (PA) 2001 (DE) | Bankruptcy/ Restructuring | $695.00 | 56.8 | $ 39,476.00 |
| Camille C. Bent | Associate | 2010 (NY) | Bankruptcy/ Restructuring | $335.00 | 47.2 | $ 15,812.00 |
| Stephanie L. Foster | Legal Assistant | N/A | Bankruptcy/ Litigation | $165.00 | 11.5 | $ 1,897.50 |
| | | | | **TOTAL** | **115.5** | **$ 57,185.50** |

| Name of Professional | Title | Year Admitted | Practice Concentration | 2014 Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Joseph H. Huston, Jr. | Practice Leader | 1975 (PA) 2001 (DE) | Bankruptcy/ Restructuring | $680.00 | 56.8 | $ 38,959.00 |
| Camille C. Bent | Associate | 2010 (NY) | Bankruptcy/ Restructuring | $310.00 | 47.2 | $ 14,632.00 |
| Stephanie L. Foster | Legal Assistant | N/A | Bankruptcy/ Litigation | $160.00 | 11.5 | $ 1,840.00 |
| | | | | **TOTAL** | **115.5** | **$ 55,431.00** |

---

[1] For the Fee Period, S&L's current hourly billing rate for each attorney and paraprofessional equals the respective 2015 hourly billing rate as disclosed in the S&L employment application. There have been no rate increases during the Fee Period, or since the inception of the case.

## EXHIBIT F

**Summary of Stevens & Lee, P.C. Expenses**

| Service Description | | Amount |
|---|---|---|
| Computer Research | $ | 66.40 |
| CourtCall Appearance Fees | $ | 499.00 |
| Delivery Charges (Parcels) | $ | 14.70 |
| Document Reproduction | $ | 171.80 |
| Filing Fees | $ | 50.00 |
| Telephone | $ | 23.19 |
| **TOTAL** | **$** | **825.09** |

## EXHIBIT G

**Schedule of Hours Worked and Aggregate Fees for Each Matter Category**

| Description | Total Billed Hours | Total Fees |
|---|---|---|
| **(1) Professional Retentions** | 11.8 | $    6,660.00 |
| **(2) Case Administration-General Matters** | 2.9 | $    1,165.50 |
| **(3) Chapter 11 Issues** | 0.0 | $    0.00 |
| **(4) Communications with Professionals** | 0.8 | $    484.00 |
| **(5) Fee Applications – Others** | 20.4 | $    8,934.00 |
| **(6) Fee Applications – S&L** | 46.6 | $    17,852.00 |
| **(7) Hearings** | 19.0 | $    12,809.00 |
| **(8) Legal & Factual Research** | 0.0 | $    0.00 |
| **(9) Meetings** | 0.0 | $    0.00 |
| **(10) Plans of Reorganization and Disclosure Statements** | 3.7 | $    2,571.50 |
| **(11) Pleadings, Motions & Briefs** | 10.3 | $    6,709.50 |
| **TOTAL** | **115.5** | **$    57,185.50** |

**EXHIBIT H**

**Detailed Time Records for Stevens & Lee, P.C.**

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| **109285-00001** | | **ENERGY FUTURE/PROFESSIONAL RETENTIONS** | |

**CCB      Bent, Camille C**

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| 5/11/15 | 0.10 | $33.50 | EMAILS WITH JFE RE RESCHEDULED HEARING. |
| 5/18/15 | 0.20 | $67.00 | EMAILS WITH JHH AND SLFO REGARDING R. LEVIN DEPARTURE FROM CRAVATH, AND PROCEDURES FOR CRAVATH/J+B DOCS GOING FORWARD. |
| 7/29/15 | 0.30 | $100.50 | EMAILS WITH JHH RE SECOND SUPPLEMENTAL LEVIN DECLARATION (.1); REVIEW OF SAME (.2). |
| **CCB Total:** | **0.60** | **$201.00** | |

**JHH      Huston, Joseph**

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| 5/15/15 | 0.30 | $208.50 | TC MR LEVIN RE CHANGE OF AFFILIATION AND NEED FOR NEW RETENTION APP AND EOA |
| 5/18/15 | 1.00 | $695.00 | DISC R LEVIN RE CHANGE OF FIRMS AND NEW RETENTIONS (.3) - EMAILS CRAVATH RE APPEARANCES AND SUBSTITUTION (.3) - REVIEW/REVISE DRAFT SUBSTITUTION AND DISC SLF SAME (.4) |
| 5/19/15 | 0.60 | $417.00 | EMAILS R LEVIN RE DETAILS OF SUBSTITUTIONS (.2) -EMAILS CRAVATH RE PRO HAC MOTIONS (.2) - REVIEW PRO HAC DRAFTS (.2) |
| 5/21/15 | 0.40 | $278.00 | EMAILS CCB AND CRAVATH RE APPEARANCES AND PRO HACS, TRANSITION TO JENNER |
| 6/12/15 | 1.30 | $903.50 | REVIEW AND REVISE JENNER RETENTION APP AND ATTACHMENTS (1.1) EMAILS R LEVIN SAME (.2) |
| 6/17/15 | 0.40 | $278.00 | FINAL REVIEW AND REVISION OF JENNER APPLICATION AND EMAILS R LEVIN SAME |
| 6/30/15 | 1.10 | $764.50 | REVIEW AND SUGGEST REVISIONS TO UPDATED JENNER APPLICATION AND ORDER (.6) - REVIEW/REVISE NOTICE OF FILING REVISED ORDER (.3) - FILING AND SERVICE (.2) |
| 7/6/15 | 0.20 | $139.00 | EMAILS R LEVIN RE CNO TIMING |
| 7/7/15 | 0.40 | $278.00 | REVIEW AND REVISE CNO FOR JENNER APP AND EMAILS R LEVIN WITH SUGGESTED CHANGES(.3); FILING AND SERVICE (.1) |
| 7/8/15 | 0.40 | $278.00 | READ AND DISTRIBUTE JENNER RETENTION ORDER (.2) AND BRIEF REVIEW OF FINDINGS/CONCLUSIONS ON NOTEHOLDER STAY (.2) |
| 7/30/15 | 0.60 | $417.00 | DISC JDD RE ENGAGEMENT FOR ADV TO T-SIDE (.2) - TC UST RE SAME (.2) - REVIEW AND REVISE DRAFT DISCLOSURE (.2) |
| 8/3/15 | 0.20 | $139.00 | EMAILS UST AND JDD RE RETENTION IN T-SIDE CLAIM OBJECTIONS |
| 8/6/15 | 0.50 | $347.50 | REVIEW AND REVISE SUPPLEMENTAL AFFIDAVIT RE DEMMY T-SIDE RETENTION, EMAILS DEMMY AND R SCHEPECARTER SAME |
| 8/10/15 | 0.20 | $139.00 | EMAILS V LAZAR RE APPEARANCE BY PHONE AND PRO HAC VICE MOTION AND INFORMATION |
| 8/13/15 | 0.30 | $208.50 | EMAILS V LAZAR RE PRO HAC DETAILS AND EMAIL SLFO RE DRAFTING MOTION |
| 8/14/15 | 0.40 | $278.00 | EMAILS V LAZAR RE AMENDMENT TO AND EXECUTION OF PHV MOTION - EXECUTION AND FILING SAME |
| 8/19/15 | 0.40 | $278.00 | REVIEW AND APPROVE JENNER'S SUPPLEMENTAL DECLARATION AND EMAIL COCOUNSEL SAME- FILING AND SERVICE |
| **JHH Total:** | **8.70** | **$6,046.50** | |

**SLFO      Foster, Stephanie L.**

| Date | Hours | Dollars | Description |
|---|---|---|---|
| 6/17/15 | 0.20 | $33.00 | EFILE APPLICATION FOR AN ORDER APPROVING THE EMPLOYMENT OF JENNER & BLOCK LLP AS COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC UNDER SECTIONS 327(A) AND 1107(B) OF THE BANKRUPTCY CODE, EFFECTIVE NUNC PRO TUNC TO MAY 18, 2015 - SEND TO INTERESTED PARTIES VIA EMAIL |
| 6/30/15 | 0.20 | $33.00 | DRAFT NOTICE OF PROPOSED ORDER RE: APPLICATION TO EMPLOY JENNER & BLOCK |
| 6/30/15 | 0.20 | $33.00 | EFILE SUPPLEMENTAL DECLARATION OF RICHARD LEVIN IN SUPPORT OF APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF JENNER & BLOCK LLP AS COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC UNDER SECTIONS 327(A) AND 1107(B) OF THE BANKRUPTCY CODE, EFFECTIVE NUNC PRO TUNC TO MAY 18, 2015 - SEND TO EPIQ FOR SERVICE - SEND TO INTERESTED PARTIES VIA EMAIL |
| 6/30/15 | 0.20 | $33.00 | EFILE NOTICE OF FILING REVISED PROPOSED FORM OF ORDER APPROVING THE EMPLOYMENT OF JENNER & BLOCK LLP AS COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC UNDER SECTIONS 327(A) AND 1107(B) OF THE BANKRUPTCY CODE, EFFECTIVE NUNC PRO TUNC TO MAY 18, 2015 - SEND TO EPIQ FOR SERVICE - SEND TO INTERESTED PARTIES VIA EMAIL |
| 7/1/15 | 0.20 | $33.00 | EFILE AFFIDAVIT OF SERVICE RE DI 4900, 4901 |
| 7/7/15 | 0.20 | $33.00 | DRAFT CNO RE JENNER & BLOCK'S RETENTION APPLICATION |
| 7/7/15 | 0.20 | $33.00 | EFILE CERTIFICATION OF NO OBJECTION REGARDING APPLICATION FOR AN ORDER APPROVING THE EMPLOYMENT OF JENNER & BLOCK LLP AS COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC UNDER SECTIONS 327(A) AND 1107(B) OF THE BANKRUPTCY CODE, EFFECTIVE NUNC PRO TUNC TO MAY 18, 2015 - SEND TO JUDGE SONTCHI VIA HAND DELIVERY - SEND TO CO-COUNSEL VIA EMAIL |
| 7/30/15 | 0.10 | $16.50 | EFILE SECOND SUPPLEMENTAL DECLARATION OF RICHARD LEVIN RELATING TO APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF JENNER & BLOCK LLP AS COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC - SEND TO INTERESTED PARTIES VIA EMAIL |
| 8/6/15 | 0.20 | $33.00 | EFILE SECOND SUPPLEMENTAL DECLARATION OF JOSEPH H. HUSTON, JR. IN SUPPORT OF APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF STEVENS & LEE, P.C. AS COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC UNDER SECTIONS 327(E) AND 1107(B) OF THE BANKRUPTCY CODE, EFFECTIVE NUNC PRO TUNC TO NOVEMBER 26, 2014 - SEND TO EPIQ FOR SERVICE - SEND TO INTERESTED PARTIES VIA EMAIL |
| 8/14/15 | 0.20 | $33.00 | DRAFT PRO HAC MOTION FOR VINCENT E. LAZAR |
| 8/14/15 | 0.30 | $49.50 | PAY FILING FEE ($25); EFILE PRO HAC MOTION FOR VINCENT E. LAZAR; UPLOAD ORDER - ORDER ID 1958 |
| 8/19/15 | 0.20 | $33.00 | EFILE THIRD SUPPLEMENTAL DECLARATION OF RICHARD LEVIN RELATING TO APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF JENNER & BLOCK LLP AS COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC - SEND TO EPIQ FOR SERVICE - SEND TO INTERESTED PARTIES VIA EMAIL |
| 8/31/15 | 0.10 | $16.50 | EFILE AFFIDAVIT OF SERVICE RE DI 5227 |
| *SLFO Total:* | *2.50* | *$412.50* | |

| 109285-00001 Total: | 11.80 | $6,660.00 | |

| 109285-00002 | | **ENERGY FUTURE/CASE ADMINISTRATION-GENERAL MA** | |

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|

**CCB    Bent, Camille C**

| | | | |
|------|-------|---------|-------------|
| 8/24/15 | 0.30 | $100.50 | REVIEW OF OUTSTANDING TASKS RE CASE, INCLUDING FEE APPS, CNOS, ETC. |
| **CCB Total:** | **0.30** | **$100.50** | |

**JHH    Huston, Joseph**

| | | | |
|------|-------|---------|-------------|
| 6/22/15 | 0.20 | $139.00 | EMAILS CCB RE COVERING HEARING AND ISSUES |
| 7/10/15 | 0.30 | $208.50 | READ/FWD ORDER ON OMNIBUS HRGS AND FOLLOW DOCKET FOR ADDITIONAL ORDERS |
| 8/3/15 | 0.20 | $139.00 | TC ORION CAPITAL RE STATUS OF PLAN NEGOTIATIONS |
| 8/21/15 | 0.50 | $347.50 | EMAILS V LAZAR AND T BROAD RE APPEARANCE AND LOGISTICS FOR SCHEDULING ORDER HEARING |
| **JHH Total:** | **1.20** | **$834.00** | |

**SLFO    Foster, Stephanie L.**

| | | | |
|------|-------|---------|-------------|
| 5/20/15 | 0.10 | $16.50 | DRAFT NOTICE OF SUBSTITUTION OF COUNSEL |
| 5/20/15 | 0.10 | $16.50 | DRAFT NOTICE OF APPEARANCE RE RICHARD LEVIN (JENNER & BLOCK) |
| 5/20/15 | 0.10 | $16.50 | EFILE NOTICE OF SUBSTITUTION OF COUNSEL - SEND TO EPIQ FOR SERVICE - SEND TO INTERESTED PARTIES VIA EMAIL |
| 5/20/15 | 0.10 | $16.50 | EFILE NOTICE OF APPEARANCE RE RICHARD LEVIN (JENNER & BLOCK) - SEND TO EPIQ FOR SERVICE - SEND TO INTERESTED PARTIES VIA EMAIL |
| 5/21/15 | 0.10 | $16.50 | DRAFT MOTION FOR ADMISSION PRO HAC VICE (MICHAEL PASKIN) |
| 5/22/15 | 0.10 | $16.50 | EFILE AMENDED CONSENT TO SERVICE OF DOCUMENTS BY RECEIPT OF ECF NOTICE OR BY EMAIL IN CHAPTER 11 CASES (RICHARD LEVIN AT JENNER & BLOCK) |
| 5/22/15 | 0.10 | $16.50 | EFILE CONSENT TO SERVICE OF DOCUMENTS BY RECEIPT OF ECF NOTICE OR BY EMAIL IN CHAPTER 11 CASES (TREVOR M. BROAD) |
| 5/22/15 | 0.10 | $16.50 | EFILE CONSENT TO SERVICE OF DOCUMENTS BY RECEIPT OF ECF NOTICE OR BY EMAIL IN CHAPTER 11 CASES (MICHAEL PASKIN) |
| 5/27/15 | 0.20 | $33.00 | EFILE MOTION AND ORDER FOR ADMISSION PRO HAC VICE (MICHAEL PASKIN) - UPLOAD ORDER (ORDER ID 1323) - $25 FILING FEE |
| 5/27/15 | 0.20 | $33.00 | EFILE MOTION AND ORDER FOR ADMISSION PRO HAC VICE (TREVOR M. BROAD) - UPLOAD ORDER (ORDER ID 1328) - $25 FILING FEE |
| 6/2/15 | 0.10 | $16.50 | EFILE AFFIDAVIT OF SERVICE RE: DI 4536 AND 4537 |
| 8/5/15 | 0.10 | $16.50 | EFILE AFFIDAVIT OF SERVICE RE DI 5071 AND 5073 |
| **SLFO Total:** | **1.40** | **$231.00** | |

| **109285-00002 Total:** | **2.90** | **$1,165.50** | |

**109285-00004    ENERGY FUTURE/COMMUNICATIONS WITH PROFESSION**

**CCB    Bent, Camille C**

| | | | |
|------|-------|---------|-------------|
| 5/12/15 | 0.10 | $33.50 | EMAILS WITH JHH AND R. LEVIN RE EFIH TAX OBJECTION. |
| 5/27/15 | 0.10 | $33.50 | EMAILS WITH T. BROAD, SLFO AND M. PASKIN REGARDING UPCOMING HEARING. |
| **CCB Total:** | **0.20** | **$67.00** | |

**JHH    Huston, Joseph**

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| 8/17/15 | 0.30 | $208.50 | EMAIL AND TCS T BROAD RE DISCOVERY RESPONSES |
| 8/24/15 | 0.30 | $208.50 | TC R LEVIN RE OVERALL LANDSCAPE OF SETTLEMENT AND ISSUES FOR HEARING |
| *JHH Total:* | *0.60* | *$417.00* | |

| 109285-00004 Total: | 0.80 | $484.00 | |

| 109285-00005 | | ENERGY FUTURE/FEE APPLICATIONS- OTHERS | |

| *CCB* | *Bent, Camille C* | | |
|-------|-------|---------|-------------|
| 5/18/15 | 0.20 | $67.00 | EMAILS REGARDING GOLDIN FEE MONTHLY APPLICATION TO BE FILED. |
| 5/22/15 | 0.30 | $100.50 | EDITS TO CRAVATH'S FIFTH MONTHLY FEE STATEMENT; FINALIZED SAME FOR FILING AND EMAILED TO SLFO. |
| 6/12/15 | 0.20 | $67.00 | EMAILS WITH GOLDIN PROFESSIONALS, JHH, AND OTHERS REGARDING GOLDIN'S FEE APP AND CNO TO BE FILED. |
| 6/12/15 | 0.30 | $100.50 | FINALIZED CNO FOR GOLDIN'S FEE STATEMENT.  EMAILED SAME OT SLFO/JHH FOR REVIEW/FILING. |
| 6/15/15 | 0.10 | $33.50 | REVIEW OF AS FILED CNO REGARDING GOLDIN'S MONTHLY FEE STATEMENT. |
| 6/15/15 | 0.50 | $167.50 | REVIEW OF SECOND INTERIM FEE APPLICATION FILED BY GOLDIN (.3); MULTIPLE EMAILS WITH SLFO AND JHH RE SAME (.2). |
| 6/15/15 | 0.10 | $33.50 | REVIEW OF AS FILED GOLDIN'S INTERIM FEE APPLICATION. |
| 6/16/15 | 0.70 | $234.50 | EMAILS WITH JHH REGARDING CRAVATH CNO (.1).  EMAILS WITH R. LEVIN, T. BROAD AND M. PASKIN RE SAME (.2).  REVIEW OF FEE COMMITTEE LETTER (.1).  DRAFTED CNO FOR CRAVATH MONTHLY FEE STATEMENT (.2).  EMAIL TO JHH FOR REVIEW AND SLFO FOR FILING (.1). |
| 6/16/15 | 0.40 | $134.00 | REVIEW OF CRAVATH'S FEE APPLICATION (.2).  EMAILS WITH SLFO AND JHH REGARDING CRAVATH'S FEE APPLICATION AND OBJECTION DEADLINE (.2). |
| 6/23/15 | 0.50 | $167.50 | EMAILS WITH JHH REGARDING CRAVATH'S FEE STATEMENT (.2); REVIEW OF FEE STATEMENT (.3). |
| 7/1/15 | 0.20 | $67.00 | EMAILS WITH JHH REGARDING UPCOMING JENNER & BLOCK FEE STATEMENT. |
| 7/21/15 | 0.30 | $100.50 | EMAILS WITH SLFO, JHH, AND D. PRAGER REGARDING MONTHLY FEE APP, AND ORDER GRANTING INTERIM FEE ORDERS.  REVIEW OF GOLDIN MONTHLY FEE APP, AND EMAILED SLFO RE SMALL EDITS. |
| 7/22/15 | 0.40 | $134.00 | FOLLOW UP EMAILS WITH GOLDIN REGARDING EDITS TO FEE APPLICATION (.1); FINALIZED FEE APP FOR FILING (.3). |
| 8/3/15 | 0.10 | $33.50 | EMAILS RE AOS RE FEE APPS TO FILE ON DOCKET. |
| 8/12/15 | 0.10 | $33.50 | EMAILS W JHH RE UPCOMING CRAVATH FEE APPLICATION TO BE FILED. |
| 8/12/15 | 0.20 | $67.00 | EMAILS WITH JHH AND D. PRAGER OF GOLDIN RE POTENTIAL OBJECTIONS TO GOLDIN'S FEE APPLICATION. |
| 8/14/15 | 0.30 | $100.50 | EMAILS WITH JHH RE NO OBJECTION TO CRAVATH'S AND J+B'S FEE APPS; REVIEW OF LETTERS RE SAME. |
| 8/14/15 | 0.40 | $134.00 | DRAFTED CNO RE GOLDIN'S SEVENTH MONTHLY FEE APPLICATION, REVIEW OF LETTER CONFIRMING NO OBJECTIONS TO SAME; EMAILED SLFO AND JHH RE FILING OF CNO. |
| 8/20/15 | 0.30 | $100.50 | REVIEW OF JENNER'S MONTHLY FEE APP.  EDITS TO SAME; EMAILED TO JHH/SLFO FOR REVIEW/FILING. |

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| 8/21/15 | 0.40 | $134.00 | EDITS TO GOLDIN'S EIGHTH MONTHLY FEE APP; EMAILED DOC TO SLFO AND JHH FOR FILING. |
| 8/21/15 | 0.40 | $134.00 | EDITS TO JENNER FEE APP; DRAFTED NOTICE RE SAME; EMAILED TO SLFO AND JHH FOR FILING. |
| 8/21/15 | 0.30 | $100.50 | EMAILS WITH SLFO AND JHH RE JENNER'S AND GOLDIN'S FEE APPLICATIONS. |
| 8/26/15 | 0.20 | $67.00 | EMAILS RE LETTER RE NO OBJECTION BY FEE COMMITTEE TO JENNER & BLOCK FEE STATEMENT. |
| 8/31/15 | 0.40 | $134.00 | EMAILS WITH SLFO AND JHH RE FILING OF CRAVATH FEE STATEMENT.  REVIEW OF FEE STATEMENT. |
| 8/31/15 | 0.20 | $67.00 | REVIEW OF AS-FILED CRAVATH MONTHLY FEE APP. |
| **CCB Total:** | **7.50** | **$2,512.50** | |

**JHH    Huston, Joseph**

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| 5/20/15 | 0.20 | $139.00 | REVIEW NOTICE RE GOLDIN FEE APP AND CNO RE 5TH MONTHLY |
| 6/4/15 | 0.40 | $278.00 | FOLLOW EMAILS BETWEEN R LEVIN AND COMMITTEE RE 6/24 HEARING AND EMAILS HIM RE SCHEDULING SAME |
| 6/12/15 | 0.70 | $486.50 | REVIEW AND REVISE GOLDIN SECOND INTERIM (.4) - REVIEW CNO FOR GOLDIN MONTHLY APP AND EMAILS MR PRAGER RE FILING REQUIREMENTS (.3) |
| 6/15/15 | 2.30 | $1,598.50 | REVIEW AND REVISION OF CRAVATH 2D INTERIM APP (.6) - EMAILS/TC CRAVATH AND R LEVIN FILING AND SERVICE (.2) - REVIEW AND REVISION OF GOLDIN 2D INTERIM APP AND EMAILS D PRAGER SAME (.6) - AFTER HOURS FILING AND SERVICE OF CRAVATH APP (.7) - EMAILS EPIQ AND TEAM SAME (.2) |
| 6/17/15 | 0.30 | $208.50 | REVISE, FILING AND SERVICE OF CNO TO CRAVATH 5TH MONTHLY |
| 6/19/15 | 0.60 | $417.00 | EMAILS MR PRAGER RE FILING OF CNO (.2) - REVIEW 6TH MONTHLY AND SUGGEST REVISIONS (.4) |
| 6/23/15 | 0.40 | $278.00 | READ AND COMMENT ON CRAVATH 6TH AND ISSUES RE SIGNATURE |
| 6/23/15 | 0.20 | $139.00 | REVIEW FINAL AND EFILING AND SERVICE OF GOLDIN 6TH MONTHLY |
| 7/17/15 | 0.30 | $208.50 | REVIEW/EFILING AND SERVICE OF CRAVATH AND GOLDIN APPS, CHECK DOCKET RE SAME |
| 7/21/15 | 0.40 | $278.00 | REVIEW AND PROPOSE AMENDMENTS TO GOLDIN FEE APP AND EMAILS D PRAGER AND CCB RE NEED FOR DECLARATION |
| 8/7/15 | 0.30 | $208.50 | EMAILS CRAVATH AND CCB RE FILING AND SERVICE 7TH MONTHLY AND BRIEF REVIEW OF APP |
| 8/10/15 | 0.40 | $278.00 | EMAILS CRAVATH RE FILING AND SERVICE OF 7TH MONTHLY APP (.2) - REVIEW AND APPROVE SAME FOR FILING (.2) |
| 8/11/15 | 0.30 | $208.50 | REVIEW AND REVISE JENNER 1ST MONTHLY APP, APPROVE FOR FILING |
| 8/12/15 | 0.20 | $139.00 | EMAILS D PRAGER RE RESPONSE FROM FEE COMMITTEE RE 7TH MONTHLY APP AND EVENTS AT HEARING ON CONFIRMATION |
| 8/20/15 | 0.20 | $139.00 | EMAILS TO/FROM CRAVATH, JENNER AND GOLDIN RE MONTHLY FEE APP DUE DATES |
| 8/21/15 | 0.40 | $278.00 | REVIEW AND REVISE JENNER 2 MONTHLY AND NOTICE OF SAME (.2) REVIEW AND REVISE GOLDIN 8TH MONTHLY AND NOTICE OF SAME (.2) |
| 8/28/15 | 0.30 | $208.50 | REVIEW CRAVATH MONTHLY STATEMENT AND EMAIL R GONZALEZ SAME |
| 8/31/15 | 0.20 | $139.00 | REVIEW AND APPROVE FINAL CRAVATH MONTHLY APP AND NOTICE OF SAME |
| **JHH Total:** | **8.10** | **$5,629.50** | |

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| **SLFO** | **Foster, Stephanie L.** | | |
| 5/4/15 | 0.10 | $16.50 | EFILE AFFIDAVIT OF SERVICE RE DI 4272 |
| 5/14/15 | 0.20 | $33.00 | EFILE CERTIFICATE OF NO OBJECTION REGARDING THE FOURTH MONTHLY FEE STATEMENT OF GOLDIN ASSOCIATES, LLC FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM MARCH 1, 2015 THROUGH MARCH 31, 2015 (NO ORDER REQUIRED) - SEND TO CO-COUNSEL VIA EMAIL |
| 5/20/15 | 0.20 | $33.00 | EFILE FIFTH MONTHLY FEE STATEMENT OF GOLDIN ASSOCIATES, LLC FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM APRIL 1, 2015 THROUGH APRIL 30, 2015 - SEND TO EPIQ FOR SERVICE - SEND TO INTERESTED PARTIES VIA EMAIL |
| 5/21/15 | 0.20 | $33.00 | EFILE CERTIFICATE OF NO OBJECTION REGARDING THE "FOURTH MONTHLY FEE STATEMENT OF CRAVATH, SWAINE & MOORE LLP FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM MARCH 1, 2015 THROUGH MARCH 31, 2015" (NO ORDER REQUIRED) - SEND TO INTERESTED PARTIES VIA EMAIL |
| 5/22/15 | 0.30 | $49.50 | EFILE FIFTH MONTHLY FEE STATEMENT OF CRAVATH, SWAINE & MOORE LLP FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM APRIL 1, 2015 THROUGH APRIL 30, 2015 - SEND TO EPIQ FOR SERVICE - SEND TO CO-COUNSEL VIA EMAIL |
| 6/2/15 | 0.10 | $16.50 | EFILE AFFIDAVIT OF SERVICE RE: DI 4538 |
| 6/2/15 | 0.10 | $16.50 | EFILE AFFIDAVIT OF SERVICE RE: DI 4574 |
| 6/15/15 | 0.10 | $16.50 | EFILE CERTIFICATE OF NO OBJECTION REGARDING THE FIFTH MONTHLY FEE STATEMENT OF GOLDIN ASSOCIATES, LLC FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM APRIL 1, 2015 THROUGH APRIL 30, 2015 (NO ORDER REQUIRED) |
| 6/15/15 | 0.20 | $33.00 | EFILE SECOND INTERIM FEE STATEMENT OF GOLDIN ASSOCIATES, LLC FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM JANUARY 1, 2015 THROUGH APRIL 30, 2015 - SEND TO CO-COUNSEL VIA EMAIL - SEND TO EPIQ FOR SERVICE |
| 6/16/15 | 0.20 | $33.00 | EFILE CERTIFICATE OF NO OBJECTION REGARDING THE "FIFTH MONTHLY FEE STATEMENT OF CRAVATH, SWAINE & MOORE LLP FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM APRIL 1, 2015 THROUGH APRIL 30, 2015" (NO ORDER REQUIRED) - SEND TO CO-COUNSEL VIA EMAIL |
| 6/22/15 | 0.10 | $16.50 | DRAFT NOTICE RE: GOLDIN'S SIXTH MONTHLY FEE STATEMENT |
| 6/22/15 | 0.30 | $49.50 | EFILE SIXTH MONTHLY FEE STATEMENT OF GOLDIN ASSOCIATES, LLC FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM MAY 1, 2015 THROUGH MAY 31, 2015 - SEND TO EPIQ FOR SERVICE - SEND TO CO-COUNSEL VIA EMAIL |
| 6/23/15 | 0.30 | $49.50 | EFILE SIXTH MONTHLY FEE STATEMENT OF CRAVATH, SWAINE & MOORE LLP FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM MAY 1, 2015 THROUGH MAY 31, 2015 - SEND TO CO-COUNSEL VIA EMAIL |
| 6/26/15 | 0.10 | $16.50 | EFILE AFFIDAVIT OF SERVICE RE DI 4834 |
| 6/26/15 | 0.10 | $16.50 | EFILE AFFIDAVIT OF SERVICE RE DI 4751, 4758, AND 4764 |

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| 7/17/15 | 0.20 | $33.00 | EFILE CERTIFICATE OF NO OBJECTION REGARDING THE "SIXTH MONTHLY FEE STATEMENT OF CRAVATH, SWAINE & MOORE LLP FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM MAY 1, 2015 THROUGH MAY 31, 2015" (NO ORDER REQUIRED) - SEND TO CO-COUNSEL VIA EMAIL |
| 7/17/15 | 0.30 | $49.50 | CHECK DOCKET; EFILE CERTIFICATE OF NO OBJECTION REGARDING THE SIXTH MONTHLY FEE STATEMENT OF GOLDIN ASSOCIATES, LLC FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM MAY 1, 2015 THROUGH MAY 31, 2015 (NO ORDER REQUIRED) - SEND TO INTERESTED PARTIES VIA EMAIL |
| 7/21/15 | 0.10 | $16.50 | DRAFT NOTICE RE GOLDIN'S SEVENTH MONTHLY FEE APP (JUNE, 2015) |
| 7/22/15 | 0.30 | $49.50 | EFILE SEVENTH MONTHLY FEE STATEMENT OF GOLDIN ASSOCIATES, LLC FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM JUNE 1, 2015 THROUGH JUNE 30, 2015 - SEND TO EPIQ FOR SERVICE - SEND TO CO-COUNSEL VIA EMAIL |
| 8/14/15 | 0.20 | $33.00 | EFILE CERTIFICATE OF NO OBJECTION REGARDING THE SEVENTH MONTHLY FEE STATEMENT OF GOLDIN ASSOCIATES, LLC FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM JUNE 1, 2015 THROUGH JUNE 30, 2015 (NO ORDER REQUIRED)  - SEND TO INTERESTED PARTIES VIA EMAIL |
| 8/19/15 | 0.10 | $16.50 | EFILE AFFIDAVIT OF SERVICE RE DI 5256 |
| 8/19/15 | 0.10 | $16.50 | EFILE AFFIDAVIT OF SERVICE RE DI 5273 |
| 8/21/15 | 0.30 | $49.50 | EFILE EIGHTH MONTHLY FEE STATEMENT OF GOLDIN ASSOCIATES, LLC FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM JULY 1, 2015 THROUGH JULY 31, 2015 - SEND TO EPIQ FOR SERVICE - SEND TO CO-COUNSEL VIA EMAIL |
| 8/21/15 | 0.30 | $49.50 | EFILE SECOND MONTHLY FEE STATEMENT OF JENNER & BLOCK LLP FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM JULY 1, 2015 THROUGH JULY 31, 2015 - SEND TO EPIQ FOR SERVICE - SEND TO CO-COUNSEL VIA EMAIL |
| 8/31/15 | 0.30 | $49.50 | EIGHTH MONTHLY FEE STATEMENT OF CRAVATH, SWAINE & MOORE LLP FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM JULY 1, 2015 THROUGH JULY 31, 2015 - SEND TO EPIQ FOR SERVICE - SEND TO CO-COUNSEL VIA EMAIL |
| *SLFO Total:* | *4.80* | *$792.00* | |

| 109285-00005 Total: | 20.40 | $8,934.00 | |

**109285-00006       ENERGY FUTURE/FEE APPLICATIONS-S&L**

**CCB     Bent, Camille C**

| | | | |
|------|-------|---------|-------------|
| 5/1/15 | 0.10 | $33.50 | EMAILS WITH K. RICKETTS AND JHH REGARDING MATTER CATEGORIES. |
| 5/11/15 | 0.50 | $167.50 | EMAILS TO/FROM K. RICKETTS REGARDING REPORTS/INVOICES NEEDED TO DRAFT APRIL MONTHLY FEE STATEMENT (.2).  BEGAN DRAFTING FEE STATEMENT (.3). |
| 5/12/15 | 0.10 | $33.50 | EMAILS WITH JHH REGARDING MONTHLY FEE APP. |

| Date | Hours | Dollars | Description |
|---|---|---|---|
| 5/13/15 | 0.20 | $67.00 | EMAILS WITH K. RICKETTS AND JHH REGARDING INFORMATION TO BE INCLUDED IN MONTHLY FEE STATEMENT. |
| 5/14/15 | 0.40 | $134.00 | DRAFTED CNO FOR GOLDIN'S MARCH FEE STATEMENT (.2). REVIEWED LETTER REC'D FROM FEE COMMITTEE (.1). REVIEWED DOCKET TO DETERMINE WHETHER ANY OBJECTIONS WERE FILED (.1). |
| 5/14/15 | 0.40 | $134.00 | DRAFTED CNO FOR S&L'S FOURTH MONTHLY FEE APP (.2). REVIEWED FEE COMMITTEE'S LETTER AND INCORPORATED SAME INTO CNO (.1). REVIEWED DOCKET TO DETERMINE WHETHER OBJECTIONS WERE FILED (.1). |
| 5/14/15 | 1.40 | $469.00 | DRAFTED S&L FIFTH MONTHLY FEE APPLICATION. |
| 5/14/15 | 0.10 | $33.50 | EMAIL TO K. RICKETTS RE LEDES DATA RE FIFTH MONTHLY FEE APP. |
| 5/14/15 | 0.50 | $167.50 | EMAILS WITH JHH REGARDING FEE STATEMENT (.1). EDITS TO FEE STATEMENT PER JHH COMMENTS (.4). |
| 5/14/15 | 0.40 | $134.00 | DRAFTED FOURTH PAYMENT PACKAGE (.3). DRAFTED EMAIL TO K. RICKETTS RE SUPPORTING INVOICES (.1). |
| 5/15/15 | 0.20 | $67.00 | INCORPORATED INVOICE INFO INTO FOURTH PAYMENT PACKAGE; EMAILED PAYMENT PACKAGE AND CNO TO PAYMENT PROCESSORS. |
| 5/15/15 | 0.10 | $33.50 | EMAILS WITH K. RICKETTS REGARDING MONTHLY APPLICATION INFO. |
| 5/15/15 | 0.20 | $67.00 | EMAILS WITH JHH REGARDING FOURTH MONTHLY FEE APP. |
| 5/15/15 | 0.20 | $67.00 | FINAL EDITS TO FEE APPLICATION; EMAILS TO JHH RE SAME. |
| 5/20/15 | 0.20 | $67.00 | EMAILS WITH JHH RE LETTER FROM FEE COMMITTEE (.1). REVIEW OF LETTER RE APRIL MONTHLY FEE STATEMENT (.1). |
| 5/20/15 | 0.20 | $67.00 | EMAILS WITH M. HANCOCK AND JHH RE SCHEDULING PHONE CALL TO DISCUSS S&L FIRST INTERIM FEE APPLICATION. |
| 5/21/15 | 0.40 | $134.00 | PHONE CALL WITH M. HANCOCK REGARDING FEE COMMITTEE LETTER REPORT (.2) EMAILS WITH JHH RE SAME (.2). |
| 5/22/15 | 0.30 | $100.50 | FINALIZED FEE APP FOR FILING (.2). EMAIL TO SLFO REGARDING FILING OF FIFTH MONTHLY FEE APPLICATION (.1). |
| 6/3/15 | 2.10 | $703.50 | DRAFTED SECOND INTERIM FEE APPLICATION |
| 6/8/15 | 0.50 | $167.50 | DRAFTED CNO FOR FIFTH MONTHLY S&L FEE STATEMENT (.2). DRAFTED FIFTH PAYMENT PACKAGE; EMAILED K. RICKETTS RE SAME (.3). |
| 6/8/15 | 0.30 | $100.50 | EDITS TO FIFTH PAYMENT PACKAGE (.2); EMAILED SAME TO JHH FOR REVIEW (.1). |
| 6/8/15 | 0.20 | $67.00 | PHONE CALL WITH M. HANCOCK REGARDING UPCOMING FEE APPLICATIONS. |
| 6/8/15 | 2.30 | $770.50 | EMAIL WITH K. RICKETTS RE SECOND INTERIM FEE APP (.2). DRAFTED SECOND INTERIM FEE APPLICATION (2.1). |
| 6/10/15 | 0.20 | $67.00 | REVIEW OF FEE COMMITTEE MEMORANDUM. |
| 6/12/15 | 3.90 | $1,306.50 | EMAILS WITH K. RICKETTS REGARDING FEE APPLICATION (.3). DRAFTED INTERIM FEE APPLICATION (3.2). EDITS TO SAME PER JHH COMMENTS (.4). |
| 6/12/15 | 0.30 | $100.50 | EMAILS WITH K. RICKETTS REGARDING SECOND INTERIM FEE APPLICATION. |
| 6/15/15 | 0.20 | $67.00 | MULTIPLE EMAILS & PHONE CALL WITH SLFO REGARDING LEDES DATA FOR FEE APPLICATION. |
| 6/15/15 | 0.40 | $134.00 | EMAILS WITH JHH REGARDING EDITS TO S&L SECOND INTERIM FEE APPLICATION (.2); MADE EDITS (.2). |
| 6/15/15 | 0.50 | $167.50 | FINAL REVIEW OF BILLS ANNEXED TO FEE APP FOR PRIVILEGE/REDACTION (.3). EMAILS WITH SLFO RE FILING OF SECOND INTERIM FEE APPLICATION (.1). REVIEW OF AS FILED FEE APP (.1). |

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| 6/17/15 | 0.20 | $67.00 | FINALIZED FIFTH PAYMENT PACKAGE AND EMAILED SAME TO PAYMENT PROCESSORS. |
| 6/22/15 | 0.40 | $134.00 | EMAILS WITH JHH REGARDING UPCOMING HEARING ON INTERIM FEE APPLICATION (.2).  REVIEW OF NOTICE OF AGENDA AND SUPPLEMENTAL NOTICES (.2). |
| 6/23/15 | 0.20 | $67.00 | EMAILS WITH K. RICKETTS REGARDING MAY FEE STATEMENT FOR S&L. |
| 6/24/15 | 0.70 | $234.50 | EMAILS WITH M. HANCOCK, C. DOBRY, AND N. HWANGPO REGARDING PAYMENT OF HOLDBACK AMOUNT (3); DRAFTED PAYMENT PACKAGE AND EMAILED SAME TO PAYMENT PROCESSORS (.4). |
| 6/25/15 | 2.80 | $938.00 | DRAFTED SIXTH MONTHLY FEE STATEMENT (2.6); EMAILED SAME TO JHH FOR REVIEW (.2). |
| 6/25/15 | 0.20 | $67.00 | EMAILS WITH K. RICKETTS AND SLFO REGARDING MAY FEE STATEMENT. |
| 6/29/15 | 0.20 | $67.00 | EMAILS WITH SLFO, K. DEININGER AND K. RICKETTS REGARDING PAYMENTS RECONCILIATION. |
| 6/30/15 | 0.30 | $100.50 | EMAILS WITH SLFO RE FILING OF SIXTH MONTHLY FEE APP (.2); REVIEW OF AS FILED FEE APP (.1). |
| 7/1/15 | 0.30 | $100.50 | MULTIPLE EMAILS WITH SLFO, K. RICKETTS AND K. DEININGER REGARDING PAYMENT PACKAGES AND S&L FEE STATEMENTS. |
| 7/1/15 | 0.40 | $134.00 | MULTIPLE EMAILS WITH PAYMENT PROCESSORS REGARDING PAYMENT PACKAGE FOR INTERIM FEE APP (.2). EDITS TO PAYMENT PACKAGE (.2). |
| 7/10/15 | 0.20 | $67.00 | EMAILS WITH M. ROTZ RE EFIH PAYMENT. |
| 7/15/15 | 0.20 | $67.00 | EMAILS WITH T. BROAD AND R. LEVIN RE CRAVATH FEE COMMITTEE LETTER. |
| 7/21/15 | 0.70 | $234.50 | EMAILS WITH JHH AND K. RICKETTS REGARDING ADDITIONAL EDITS TO S&L FEE APP (.3); MADE EDITS TO DOCUMENT (.4). |
| 7/21/15 | 0.30 | $100.50 | EMAILS TO J. SMITH AND K. RICKETTS RE S&L'S SEVENTH MONTHLY FEE APPLICATION; BEGAN DRAFTING DOCUMENT. |
| 7/21/15 | 2.00 | $670.00 | DRAFTED S&L'S SEVENTH MONTHLY FEE STATEMENT (1.8).  EMAILS WITH JHH, K. RICKETTS RE SAME (.2). |
| 7/21/15 | 0.40 | $134.00 | DRAFTED CNO REGARDING SIXTH MONTHLY FEE APP. |
| 7/22/15 | 0.20 | $67.00 | EMAILS WITH K. RICKETTS AND JHH REGARDING EDITS TO S&L FEE APP. |
| 7/22/15 | 0.20 | $67.00 | EMAILS WITH K. RICKETTS RE EDITS TO EXPENSE DETAIL FOR S&L FEE APPLICATION AND MADE EDITS TO APP. |
| 7/22/15 | 0.50 | $167.50 | FINALIZED FEE APP FOR FILING. |
| 7/22/15 | 0.50 | $167.50 | EDITS TO FEE APP PER JHH COMMENTS. |
| 7/23/15 | 0.10 | $33.50 | EMAILS WITH SLFO AND JHH RE FILING OF CNO RE S&L'S PREVIOUS FEE APP. |
| 7/23/15 | 0.20 | $67.00 | RECEIPT AND REVIEW OF M. HANCOCK EMAIL RE JUNE FEE STATEMENT. |
| 7/23/15 | 0.20 | $67.00 | EMAILS WITH FEE COMMITTEE RE SECOND INTERIM FEE APP; EMAILS TO JHH RE SAME. |
| 7/24/15 | 0.30 | $100.50 | EMAILS WITH UST RE BUDGETING. |
| 7/29/15 | 0.20 | $67.00 | MULTIPLE EMAILS WITH JHH FOLLOWING UST'S EMAIL RE BUDGETING. |
| 8/4/15 | 0.20 | $67.00 | EMAILS RE FEE COMMITTEE CORRESPONDENCE RE SECOND INTERIM FEE APP. |
| 8/13/15 | 0.20 | $67.00 | EMAILS WITH CFO RE POTENTIAL FEE REDUCTION AND RATE INCREASES. |

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| 8/13/15 | 1.20 | $402.00 | EMAILS WITH JHH RE RESPONSE TO FEE COMMITTEE LETTER (.2); DRAFTED RESPONSE TO FEE COMMITTEE LETTER (.8); EMAIL TO M. HANCOCK RE EXTENSION OF TIME TO EMAIL SAME (.2). |
| 8/14/15 | 0.30 | $100.50 | EMAILS WITH JMD RE RATE INCREASES. |
| 8/14/15 | 0.20 | $67.00 | EMAILS WITH M. HANCOCK RE RESPONSE TO FEE COMMITTEE LETTER REPORT RE SECOND INTERIM FEE APP. |
| 8/14/15 | 0.40 | $134.00 | DRAFTED CNO RE S&L'S SEVENTH MONTHLY FEE APPLICATION, REVIEW OF LETTER CONFIRMING NO OBJECTIONS TO SAME; EMAILED SLFO AND JHH RE FILING OF CNO. |
| 8/14/15 | 0.20 | $67.00 | EMAILS WITH K. RICKETTS RE DRAFTING OF EIGHTH MONTHLY FEE APPLICATION. |
| 8/14/15 | 0.60 | $201.00 | BEGAN DRAFTING EIGHTH MONTHLY FEE APP. |
| 8/14/15 | 0.70 | $234.50 | EDITS TO LETTER RE FEE COMMITTEE LETTER REPORT AND EMAILED SAME TO M. HANCOCK (.5).  EMAILS WITH JHH RE SAME (.2). |
| 8/18/15 | 0.50 | $167.50 | DRAFTED DOCUMENTS FOR PROCESSING OF PAYMENTS FOR MAY AND JUNE; REVIEW OF CNO RE SAME. |
| 8/18/15 | 0.20 | $67.00 | EMAILS WITH K. RICKETTS IN PREP FOR SEVENTH FEE APP. |
| 8/18/15 | 0.30 | $100.50 | EMAILS RE CNO AND PAYMENT AND PREP OF PAYMENT PACKAGE RE SIXTH MONTHLY FEE STMT. |
| 8/19/15 | 0.30 | $100.50 | EMAILS RE CNO AND PAYMENT AND PREP OF PAYMENT PACKAGE RE SEVENTH MONTHLY FEE STMT. |
| 8/20/15 | 0.90 | $301.50 | COMPLETED DRAFT OF LATEST FEE APPLICATION. |
| 8/21/15 | 0.20 | $67.00 | EMAILS WITH K. RICKETTS REGARDING FEE APP TO BE FILED. |
| 8/21/15 | 0.90 | $301.50 | COMPLETED DRAFT OF S&L FEE APP; EMAILED TO SLFO AND JHH FOR REVIEW/FILING. |
| 8/24/15 | 0.20 | $67.00 | EMAILS WITH SLFO AND JHH REGARDING EIGHTH MONTHLY FEE STATEMENT AND FILING OF SAME. |
| 8/26/15 | 0.20 | $67.00 | EMAILS WITH M. HANCOCK AND JHH RE S&L'S JULY FEE STATEMENT. |
| *CCB Total:* | *36.40* | *$12,194.00* | |

**JHH**     **Huston, Joseph**

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| 5/11/15 | 0.20 | $139.00 | REVIEW REPORTS FROM K. RICKETTS |
| 5/12/15 | 0.20 | $139.00 | EMAILS CCB RE BACKUP DETAIL FOR MONTHLY STMT |
| 5/14/15 | 0.60 | $417.00 | REVIEW AND REVISE MONTHLY FEE STATEMENT (APRIL) AND ATTACHMENTS (.4) - EMAILS CCB RE PROTOCOL RE SIGNATURE FOR R LEVIN (.2) |
| 5/15/15 | 0.30 | $208.50 | EMAILS TEAM RE TIMING OF FILING FEE APPS - REVIEW INTERIM ORDER SAME |
| 5/15/15 | 0.30 | $208.50 | FINAL REVIEW OF 5TH MONTHLY AND EMAIL CCB RE FILING AND SERVICE |
| 5/20/15 | 0.50 | $347.50 | READ RESPONSE TO REPLY TO INTERIM FEE APP AND DISCUSSIONS CCB RE RESOLUTION [NO CHARGE TO ESTATE] |
| 5/22/15 | 0.40 | $278.00 | REVIEW/REVISE 5TH MONTHLY AND EMAILS CCB SAME |
| 6/8/15 | 0.20 | $139.00 | REVIEW CNO FOR 5TH MONTHLY AND EMAILS CCB SAME |
| 6/12/15 | 1.60 | $1,112.00 | DETAILED REVIEW AND REVISION 2D INTERIM APP AND CALCULATIONS (1.1) - EMAILS CCB RE SAME (.3) - REVIEW MONTHLY PAYMENT PACKAGE (.2) |
| 6/15/15 | 0.80 | $556.00 | FINAL REVIEW AND REVISION OF 2D INTERIM APP (.6) - EMAILS/TC CCB RE FILING AND SERVICE (.2) |
| 6/24/15 | 0.30 | $208.50 | EMAILS CCB RE COVERAGE AND RESULTS OF HRG ON INTERIM APP |
| 7/21/15 | 0.60 | $417.00 | REVIEW AND REVISE  MONTHLY FEE APP (.4) AND EMAILS CCB SAME (.2) |

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| 7/24/15 | 0.30 | $208.50 | EMAILS UST AND CCB RE REPORTING REQUIREMENTS |
| 8/5/15 | 0.30 | $208.50 | REVIEW FEE COMMITTEE COMMENTS TO INTERIM APPS AND EMAILS CCB SAME (NO CHARGE TO ESTATE) |
| 8/14/15 | 0.40 | $278.00 | REVISE LETTER TO FEE COM FOR CCB (NO CHARGE TO ESTATE) |
| 8/21/15 | 0.30 | $208.50 | EMAILS CCB AND M HANCOCK RE FORMAT OF FEE APPS |
| 8/24/15 | 0.20 | $139.00 | REVIEW AND REVISE 8TH MONTHLY APP |
| **JHH Total:** | **7.50** | **$5,212.50** | |

**SLFO**    **Foster, Stephanie L.**

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| 5/14/15 | 0.20 | $33.00 | EFILE CERTIFICATE OF NO OBJECTION REGARDING THE FOURTH MONTHLY FEE STATEMENT OF STEVENS & LEE, P.C. FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM MARCH 1, 2015 TO MARCH 31, 2015 (NO ORDER REQUIRED) - SEND TO CO-COUNSEL VIA EMAIL |
| 5/15/15 | 0.20 | $33.00 | EFILE FIFTH MONTHLY FEE STATEMENT OF STEVENS & LEE, P.C. FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM APRIL 1, 2015 THROUGH APRIL 30, 2015 - SEND TO EPIQ FOR SERVICE - UPLOAD THE FEE STATEMENT, RECEIPT AND EXPENSE DATA TO BOX.COM |
| 5/22/15 | 0.10 | $16.50 | EFILE AFFIDAVIT OF SERVICE RE: DI 4489 |
| 6/8/15 | 0.20 | $33.00 | EFILE CERTIFICATE OF NO OBJECTION REGARDING THE FIFTH MONTHLY FEE STATEMENT OF STEVENS & LEE, P.C. FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM APRIL 1, 2015 THROUGH APRIL 30, 2015 (NO ORDER REQUIRED) - SEND TO CO-COUNSEL VIA EMAIL |
| 6/15/15 | 0.50 | $82.50 | EFILE SECOND INTERIM FEE APPLICATION OF STEVENS & LEE, P.C., SPECIAL COUNSEL FOR ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC, FOR THE PERIOD OF JANUARY 1, 2015 THROUGH APRIL 30, 2015 - SEND TO EPIQ FOR SERVICE - SEND TO EPIC VIA EMAIL FOR SERVICE - UPLOADED THE FEE STATEMENT, RECEIPT AND LEDES DATA (23 FILES) TO BOX.COM |
| 6/26/15 | 0.10 | $16.50 | EFILE AFFIDAVIT OF SERVICE RE DI 4751, 4758, AND 4764 |
| 6/30/15 | 0.30 | $49.50 | EFILE SIXTH MONTHLY FEE STATEMENT OF STEVENS & LEE, P.C. FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM MAY 1, 2015 THROUGH MAY 31, 2015 - SEND TO EPIQ FOR SERVICE - UPLOAD THE FEE STATEMENT, RECEIPT AND EXPENSE DATA TO BOX.COM |
| 7/8/15 | 0.10 | $16.50 | EFILE AFFIDAVIT OF SERVICE RE DI 4893 |
| 7/22/15 | 0.30 | $49.50 | EFILE SEVENTH MONTHLY FEE STATEMENT OF STEVENS & LEE, P.C. FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM JUNE 1, 2015 THROUGH JUNE 30, 2015 - SEND TO EPIQ FOR SERVICE - UPLOAD THE FEE STATEMENT, RECEIPT AND EXPENSE DATA TO BOX.COM |
| 7/23/15 | 0.20 | $33.00 | EFILE CERTIFICATE OF NO OBJECTION REGARDING THE SIXTH MONTHLY FEE STATEMENT OF STEVENS & LEE, P.C. FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM MAY 1, 2015 TO MAY 31, 2015 (NO ORDER REQUIRED) - SEND TO CO-COUNSEL VIA EMAIL |

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| 8/14/15 | 0.20 | $33.00 | EFILE CERTIFICATE OF NO OBJECTION REGARDING THE SEVENTH MONTHLY FEE STATEMENT OF STEVENS & LEE, P.C. FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM JUNE 1, 2015 TO JUNE 30, 2015 (NO ORDER REQUIRED) - SEND TO INTERESTED PARTIES VIA EMAIL |
| 8/24/15 | 0.30 | $49.50 | EFILE EIGHTH MONTHLY FEE STATEMENT OF STEVENS & LEE, P.C. FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM JULY 1, 2015 THROUGH JULY 31, 2015 - SEND TO EPIQ FOR SERVICE - SEND TO INTERESTED PARTIES VIA EMAIL - UPLOAD THE FEE STATEMENT, RECEIPT AND EXPENSE DATA TO BOX.COM |

| | | | |
|------|-------|---------|---|
| **SLFO Total:** | **2.70** | **$445.50** | |

| | | |
|------|-------|---------|
| **109285-00006 Total:** | **46.60** | **$17,852.00** |

| | |
|------|---|
| **109285-00007** | **ENERGY FUTURE/HEARINGS** |

**CCB      Bent, Camille C**

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| 5/28/15 | 0.10 | $33.50 | EMAILS WITH JHH, T. BROAD RE UPCOMING HEARING. |
| 5/29/15 | 0.20 | $67.00 | EMAILS WITH T. BROAD, SLFO RE UPCOMING HEARING. |
| 6/5/15 | 0.10 | $33.50 | EMAILS WITH T. BROAD, SLFO, AND JHH REGARDING UPCOMING HEARINGS AND COURTCALL. |
| 6/24/15 | 0.70 | $234.50 | ATTENDED HEARING RE UNCONTESTED FEE APPLICATIONS VIA TELEPHONE (.5); EMAIL TO JHH SUMMARIZING SAME (.2). |

| | | | |
|------|-------|---------|---|
| **CCB Total:** | **1.10** | **$368.50** | |

**JHH      Huston, Joseph**

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| 5/12/15 | 0.20 | $139.00 | EMAILS R LEVIN RE LOGISTICS FOR SCHEDULING CONFERENCE AND ANY SUBMISSION |
| 5/13/15 | 1.70 | $1,181.50 | PREP FOR/ READ LETTERS FROM PARTIES RE POSITIONS ON SCHEDULING (.4) - EMAILS R LEVIN RE POSITION ON SAME (.2) - CONF CALL WITH COURT RE SCHEDULING/STAY OF PLAN DISCOVERY (1.1) |
| 6/23/15 | 0.20 | $139.00 | EMAILS R LEVIN RE ATTENDANCE AT FEE HEARING |
| 6/23/15 | 0.50 | $347.50 | EMAILS R LEVIN RE COVERAGE AT HEARING ON SCHEDULING (.2) AND READ REVISED ORDER AND K&E "TALKING POINTS" (.3) |
| 6/25/15 | 3.60 | $2,502.00 | PREP FOR AND ATTEND HEARING ON DS/CONFIRMATION SCHEDULING ORDER (3.3)- FOLLOW-UP EMAILS WITH R LEVIN SAME (.3) |
| 8/10/15 | 0.30 | $208.50 | MULTIPLE EMAILS R LEVIN AND V LAZAR RE APPEARANCE AT  8/11 HEARING AND SCHEDULING |
| 8/11/15 | 3.60 | $2,502.00 | PREP FOR AND ATTEND HEARING ON AMENDED PLAN AND SETTLEMENT AGREEMENT (3.2) - EMAIL REPORT TO CRAVATH AND JENNER (.4) |
| 8/14/15 | 0.50 | $347.50 | EMAILS V KANE RE ATTENDANCE AT HEARING AND READ/DOWNLOAD NEW ORDER RE SCHEDULING ON SAME (.3) - EMAILS DEBTORS COUNSEL RE DETAILS OF HEARING ON 8-18(.2) |
| 8/17/15 | 1.70 | $1,181.50 | EMAILS V LAZAR AND SLFO RE LOGISTICS FOR STATUS CONFERENCE AND HEARING ON SCHEDULING (.3) - READ AND DISPATCH AGENDA AND OBJECTIONS BY EFH COMMITTEE, UMB AND BONY(.9) - PREP FOR STATUS CONFERENCE HEARING (.5) |
| 8/18/15 | 1.30 | $903.50 | PREP FOR AND ATTEND STATUS CONFERENCE ON DISCLOSURE STATEMENT ETC. |
| 8/24/15 | 0.40 | $278.00 | NUMEROUS EMAILS V LAZAR RE LOGISTICS FOR HEARING |

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| 8/25/15 | 3.90 | $2,710.50 | PREP FOR AND ATTEND HEARING ON SCHEDULING ORDER(3.6) - RECAP/NEXT STEPS WITH V LAZAR(.3) |
| *JHH Total:* | *17.90* | *$12,440.50* | |

| 109285-00007 Total: | 19.00 | $12,809.00 | |

**109285-00010        ENERGY FUTURE/PLANS OF REORGANIZATION AND DIS**

**JHH        Huston, Joseph**

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| 6/22/15 | 0.40 | $278.00 | EMAILS R LEVIN RE ISSUES ON SCHEDULING ORDER AND RETRIEVE AND REVIEW PROPOSED SCHEDULE AND ORDER FROM DEBTORS |
| 6/24/15 | 0.80 | $556.00 | READ UPDATED SCHEDULING ORDER AND TABLE (.4) - MULTIPLE EMAILS R LEVIN RE HEARING AND OPEN ISSUES (4) |
| 7/29/15 | 0.60 | $417.00 | BRIEF REVIEW OF DISCOVERY ROM BONY AND UMB |
| 7/29/15 | 0.40 | $278.00 | BRIEF REVIEW OF DISCOVERY REQUESTS TO DEBTORS FROM UMB BANK AND BONY |
| 7/30/15 | 0.40 | $278.00 | REVIEW  R LEVIN/JENNER SUPPLEMENTAL DEC RE T-SIDE REPRESENTATION AND EMAILS R LEVIN SAME |
| 8/13/15 | 1.10 | $764.50 | READ LETTERS TO COURT FROM COMMITTEES AND TRUSTEES RE SCHEDULING ORDER AND HEARING ON SCHEDULING (.4) - REVIEW FIRST DAY DEC RE ORG AND CAPITAL STRUCTURES (.4) - EMAILS V LAZAR RE APPEARANCE AND COVERAGE AT 8-18 HRG, LOGISTICS RE SAME (.3) |
| *JHH Total:* | *3.70* | *$2,571.50* | |

| 109285-00010 Total: | 3.70 | $2,571.50 | |

**109285-00011        ENERGY FUTURE/PLEADINGS, MOTIONS AND BRIEFS**

**CCB        Bent, Camille C**

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| 5/20/15 | 0.20 | $67.00 | EMAILS WITH SLFO AND JHH REGARDING NOTICE OF APPEARANCE AND NOTICE OF SUBSTITUTION OF COUNSEL. |
| 5/21/15 | 0.20 | $67.00 | EMAILS WITH SLFO REGARDING PREP OF PRO HAC VICE MOTIONS. |
| 5/22/15 | 0.20 | $67.00 | DRAFTED T. BROAD'S PRO HAC VICE MOTION, EMAILED SAME TO SLFO/JHH. |
| 5/27/15 | 0.50 | $167.50 | EMAILS WITH SLFO REGARDING T. BROAD AND M. PASKIN PRO HAC VICE MOTIONS (.2).  PHONE CALL TO CHAMBERS RE SAME (.2).  EDITS TO MOTION (.1). |
| *CCB Total:* | *1.10* | *$368.50* | |

**JHH        Huston, Joseph**

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| 5/21/15 | 0.60 | $417.00 | REVIEW AND REVISE PRO HAC MOTIONS (2) FOR CRAVATH (.3)- EMAILS T BROAD SAME AND ECF REGISTRY (.3) |
| 5/22/15 | 0.30 | $208.50 | FINAL REVIEW OF CRAVATH PHVS AND FILING /SERVICE OF SAME |
| 6/4/15 | 0.30 | $208.50 | READ/ANALYZE INDENTURE TRUSTEE LETTER RE DISCOVERY FROM DEBTORS AND BRIEF REVIEW OF DISCOVERY REQUESTS |
| 6/5/15 | 0.50 | $347.50 | EMAILS DEBTORS' COUNSEL, CRAVATH AND JENNER RE DISCOVERY TELCON (.3) - READ/ANALYZE DEBTORS' RESPONSE RE DISCOVERY REQUESTS(.2) |
| 6/9/15 | 1.10 | $764.50 | READ LETTER SUBMISSIONS RE DS DISCOVERY (.4) - PREP FOR TEL CON HRG (.3) - COMMUNICATIONS WITH COURT, COURT CALL AND T BROAD RE CANCELLATION (.4) |

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| 6/22/15 | 0.80 | $556.00 | READ: AGENDA FOR FEE HEARING (.2), FEE COMMITTEE REPORT AND SUPPLEMENTAL REPORT  (.3), SUPPLEMENTAL NOTICE AND EXHIBITS (.3) |
| 8/18/15 | 2.20 | $1,529.00 | REVIEW AND PROPOSE CHANGES TO RESPONSES TO PLAN DISCOVERY (.8) - TC T BROAD RE SAME AND SERVICE (.3) - EMAILS J MADRON RE SERVICE LIST (.3) - REVISE LIST AND AFTER-HOURS EMAIL SERVICE OF RESPONSES (.8) |
| 8/19/15 | 0.40 | $278.00 | REVIEW SERVICE LIST FOR OMISSIONS AND SERVE SAME - EMAILS DEBTORS RE SAME |
| 8/21/15 | 0.40 | $278.00 | READ BONY AND UST OBJECTIONS TO SCHEDULING ORDER MOTION |
| 8/24/15 | 2.10 | $1,459.50 | READ/ANALYZE OBJECTIONS TO DS AND SCHEDULING ORDER FROM BONY(2), EFH COMMITTEE, AND UMB (1.4) - READ DEBTORS' OMNIBUS REPLY (.7) |
| 8/24/15 | 0.40 | $278.00 | REVIEW AND REVISE NOTICE OF SERVICE OF DISCOVERY, EMAILS CRAVATH SAME |
| *JHH Total:* | *9.10* | *$6,324.50* | |

**SLFO**    *Foster, Stephanie L.*

| Date | Hours | Dollars | Description |
|------|-------|---------|-------------|
| 8/24/15 | 0.10 | $16.50 | EFILE NOTICE OF SERVICE OF CONFIRMATION DISCOVERY |
| *SLFO Total:* | *0.10* | *$16.50* | |

| **109285-00011 Total:** | **10.30** | **$6,709.50** | |

| **Grand Total:** | **115.50** | **$57,185.50** | |

## EXHIBIT I

**Aggregate Budget & Comparison with Actual Fees for Stevens & Lee, P.C.[1]**

| | Aggregate Budget for All Matter Categories For the Period May 1, 2015 through August 31, 2015 | | |
|---|---|---|---|
| **Matter No.** | **Matter Description** | **Hours Budgeted** | **Total Compensation Budgeted** |
| 1 | Professional Retentions | 11.8 | $            6,660.00 |
| 2 | Case Administration-General Matters | 2.9 | $            1,165.50 |
| 3 | Chapter 11 Issues | 0.0 | $                   0.00 |
| 4 | Communications with Professionals | 0.8 | $               484.00 |
| 5 | Fee Applications – Others | 20.4 | $            8,934.00 |
| 6 | Fee Applications – S&L | 46.6 | $          17,852.00 |
| 7 | Hearings | 19.0 | $          12,809.00 |
| 8 | Legal & Factual Research | 0.0 | $                   0.00 |
| 9 | Meetings | 0.0 | $                   0.00 |
| 10 | Plans of Reorganization and Disclosure Statements | 3.7 | $            2,571.50 |
| 11 | Pleadings, Motions & Briefs | 10.3 | $            6,709.50 |
| | **Totals** | **115.5** | **$          57,185.50** |

---

[1] Due to the timing of its preparation, the budget and staffing plan for the Fee Period was prepared with the benefit of actual data for the Fee Period.  See paragraph 13 of the Application.

| | MATTER | 1 Prof. Retentions | 2 Case Admin. | 3 Ch. 11 Issues | 4 Comm. w/ Prof. | 5 Fee App. (Others) | 6 Fee App. (S&L) | 7 Hearings | 8 Research | 9 Meetings | 10 Reorg. Plans | 11 Pleadings, Motions, Briefs | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **HOURS** | | | | | | | | | | | | | |
| **May** | **Budget** | 2.6 | 1.2 | 0.0 | 0.2 | 1.7 | 8.9 | 2.2 | 0.0 | 0.0 | 0.0 | 2.0 | 18.8 |
| | **Actual** | 2.6 | 1.2 | 0.0 | 0.2 | 1.7 | 8.9 | 2.2 | 0.0 | 0.0 | 0.0 | 2.0 | 18.8 |
| | **Difference** | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 |
| **June** | **Budget** | 3.6 | 0.3 | 0.0 | 0.0 | 9.3 | 19.9 | 5.1 | 0.0 | 0.0 | 1.2 | 2.7 | 42.1 |
| | **Actual** | 3.6 | 0.3 | 0.0 | 0.0 | 9.3 | 19.9 | 5.1 | 0.0 | 0.0 | 1.2 | 2.7 | 42.1 |
| | **Difference** | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 |
| **July** | **Budget** | 2.6 | 0.3 | 0.0 | 0.0 | 2.5 | 8.4 | 0.0 | 0.0 | 0.0 | 1.4 | 0.0 | 15.2 |
| | **Actual** | 2.6 | 0.3 | 0.0 | 0.0 | 2.5 | 8.4 | 0.0 | 0.0 | 0.0 | 1.4 | 0.0 | 15.2 |
| | **Difference** | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 |
| **August** | **Budget** | 3.0 | 1.1 | 0.0 | 0.6 | 6.9 | 9.4 | 11.7 | 0.0 | 0.0 | 1.1 | 5.6 | 39.4 |
| | **Actual** | 3.0 | 1.1 | 0.0 | 0.6 | 6.9 | 9.4 | 11.7 | 0.0 | 0.0 | 1.1 | 5.6 | 39.4 |
| | **Difference** | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 |
| **Total** | **Budget** | 11.8 | 2.9 | 0.0 | 0.8 | 20.4 | 46.6 | 19.0 | 0.0 | 0.0 | 3.7 | 10.3 | 115.5 |
| | **Actual** | 11.8 | 2.9 | 0.0 | 0.8 | 20.4 | 46.6 | 19.0 | 0.0 | 0.0 | 3.7 | 10.3 | 115.5 |
| | **Difference** | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 |

| | MATTER | 1 Prof. Ret. | 2 Case Admin. | 3 Ch. 11 Issues | 4 Comm. w/ Prof. | 5 Fee App. (Others) | 6 Fee App. (S&L) | 7 Hearings | 8 Research | 9 Mtgs | 10 Reorg. Plans | 11 Pleadings, Motions, Briefs | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **FEES** | | | | | | | | | | | | | |
| **May** | **Budget** | 1,699.00 | 198.00 | 0.00 | 67.00 | 471.50 | 3,796.50 | 1,421.00 | 0.00 | 0.00 | 0.00 | 994.00 | 8,647.00 |
| | **Actual** | 1,699.00 | 198.00 | 0.00 | 67.00 | 471.50 | 3,796.50 | 1,421.00 | 0.00 | 0.00 | 0.00 | 994.00 | 8,647.00 |
| | **Diff.** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **June** | **Budget** | 2,078.00 | 155.50 | 0.00 | 0.00 | 4,607.50 | 7,523.50 | 3,256.50 | 0.00 | 0.00 | 834.00 | 1,876.50 | 20,331.50 |
| | **Actual** | 2,078.00 | 155.50 | 0.00 | 0.00 | 4,607.50 | 7,523.50 | 3,256.50 | 0.00 | 0.00 | 834.00 | 1,876.50 | 20,331.50 |
| | **Diff.** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **July** | **Budget** | 1,328.00 | 208.50 | 0.00 | 0.00 | 936.50 | 3,036.00 | 0.00 | 0.00 | 0.00 | 973.00 | 0.00 | 6,482.00 |
| | **Actual** | 1,328.00 | 208.50 | 0.00 | 0.00 | 936.50 | 3,036.00 | 0.00 | 0.00 | 0.00 | 973.00 | 0.00 | 6,482.00 |
| | **Diff.** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Aug.** | **Budget** | 1,555.00 | 603.50 | 0.00 | 417.00 | 2,918.50 | 3,496.00 | 8,131.50 | 0.00 | 0.00 | 764.50 | 3,839.00 | 21,725.00 |
| | **Actual** | 1,555.00 | 603.50 | 0.00 | 417.00 | 2,918.50 | 3,496.00 | 8,131.50 | 0.00 | 0.00 | 764.50 | 3,839.00 | 21,725.00 |
| | **Diff.** | 445.00 | 99.5 | 0.00 | 83.00 | 81.50 | 504.00 | 369.00 | 0.00 | 0.00 | 235.50 | 161.00 | 1,975.00 |
| **Total** | **Budget** | 6,660.00 | 1,165.50 | 0.00 | 484.00 | 8,934.00 | 17,852.00 | 12,809.00 | 0.00 | 0.00 | 2,571.50 | 6,709.50 | 57,185.50 |
| | **Actual** | 6,660.00 | 1,165.50 | 0.00 | 484.00 | 8,934.00 | 17,852.00 | 12,809.00 | 0.00 | 0.00 | 2,571.50 | 6,709.50 | 57,185.50 |
| | **Diff.** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

SL1 1387588v2 109285.00006

## EXHIBIT J

**Staffing Plan for Stevens & Lee, P.C. for All Matter Categories
For the Period May 1, 2015 through August 31, 2015**

| Aggregate Staffing Plan for All Matter Categories | | |
|---|---|---|
| **Category of Timekeeper** | **# of Timekeepers Expected to Work on the Matter Categories During the Fee Period** | **Average Hourly Rate** |
| Shareholders | 1 | $695.00 |
| Associates | 1 | $335.00 |
| Legal Assistants | 1 | $165.00 |

| Staffing Plan for Matter Category #1, Professional Retentions | | |
|---|---|---|
| **Category of Timekeeper** | **# of Timekeepers Expected to Work on the Matter Categories During the Fee Period** | **Average Hourly Rate** |
| Shareholders | 1 | $695.00 |
| Associates | 0 | $335.00 |
| Legal Assistants | 1 | $165.00 |

| Staffing Plan for Matter Category #2, Case Administration/General Matters | | |
|---|---|---|
| **Category of Timekeeper** | **# of Timekeepers Expected to Work on the Matter Categories During the Fee Period** | **Average Hourly Rate** |
| Shareholders | 1 | $695.00 |
| Associates | 0 | $335.00 |
| Legal Assistants | 1 | $165.00 |

| Staffing Plan for Matter Category #3, Chapter 11 Issues | | |
|---|---|---|
| **Category of Timekeeper** | **# of Timekeepers Expected to Work on the Matter Categories During the Fee Period** | **Average Hourly Rate** |
| Shareholders | 0 | $695.00 |
| Associates | 0 | $335.00 |
| Legal Assistants | 0 | $165.00 |

| Staffing Plan for Matter Category #4, Communications with Professionals | | |
|---|---|---|
| **Category of Timekeeper** | **# of Timekeepers Expected to Work on the Matter Categories During the Fee Period** | **Average Hourly Rate** |
| Shareholders | 1 | $695.00 |
| Associates | 0 | $335.00 |
| Legal Assistants | 0 | $165.00 |

| Staffing Plan for Matter Category #5, Fee Applications, Others | | |
|---|---|---|
| **Category of Timekeeper** | **# of Timekeepers Expected to Work on the Matter Categories During the Fee Period** | **Average Hourly Rate** |
| Shareholders | 1 | $695.00 |
| Associates | 1 | $335.00 |
| Legal Assistants | 1 | $165.00 |

2

| Staffing Plan for Matter Category #6, Fee Applications, S&L | | |
|---|---|---|
| **Category of Timekeeper** | **# of Timekeepers Expected to Work on the Matter Categories During the Fee Period** | **Average Hourly Rate** |
| Shareholders | 1 | $695.00 |
| Associates | 1 | $335.00 |
| Legal Assistants | 1 | $165.00 |

| Staffing Plan for Matter Category #7, Hearings | | |
|---|---|---|
| **Category of Timekeeper** | **# of Timekeepers Expected to Work on the Matter Categories During the Fee Period** | **Average Hourly Rate** |
| Shareholders | 2 | $658.00 |
| Associates | 1 | $335.00 |
| Legal Assistants | 0 | $165.00 |

| Staffing Plan for Matter Category #8, Research | | |
|---|---|---|
| **Category of Timekeeper** | **# of Timekeepers Expected to Work on the Matter Categories During the Fee Period** | **Average Hourly Rate** |
| Shareholders | 0 | $695.00 |
| Associates | 1 | $335.00 |
| Legal Assistants | 0 | $165.00 |

SL1 1387588v2 109285.00006

| Staffing Plan for Matter Category #9, Meetings | | |
|---|---|---|
| **Category of Timekeeper** | **# of Timekeepers Expected to Work on the Matter Categories During the Fee Period** | **Average Hourly Rate** |
| Shareholders | 0 | $695.00 |
| Associates | 0 | $335.00 |
| Legal Assistants | 0 | $165.00 |

| Staffing Plan for Matter Category #10, Plans of Reorganization/Disclosure Statements | | |
|---|---|---|
| **Category of Timekeeper** | **# of Timekeepers Expected to Work on the Matter Categories During the Fee Period** | **Average Hourly Rate** |
| Shareholders | 1 | $695.00 |
| Associates | 1 | $335.00 |
| Legal Assistants | 0 | $165.00 |

| Staffing Plan for Matter Category #11, Pleadings, Motions & Briefs | | |
|---|---|---|
| **Category of Timekeeper** | **# of Timekeepers Expected to Work on the Matter Categories During the Fee Period** | **Average Hourly Rate** |
| Shareholders | 1 | $695.00 |
| Associates | 0 | $335.00 |
| Legal Assistants | 0 | $165.00 |

SL1 1387588v2 109285.00006