## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Objection Deadline: November 9, 2015 at 4:00 p.m.** |

### SUMMARY COVER SHEET TO THIRD INTERIM FEE APPLICATION OF BALCH & BINGHAM LLP, SPECIAL COUNSEL TO THE DEBTOR AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM MAY 1, 2015 THROUGH AND INCLUDING AUGUST 31, 2015

In accordance with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules")[2], Balch & Bingham LLP ("Balch"), special counsel to the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submits this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the fee application to which this Summary is attached (the "Fee Application") for the period from May 1, 2015 through August 31, 2015 (the "Fee Period").

Balch submits the Fee Application as an interim fee application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals,* dated September 16, 2014 [D.I. 2066] (the "Interim Compensation Order"), and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").

---

### General Information

Name of Applicant:                                          Balch & Bingham LLP

Authorized to Provide Services to:                 Energy Future Holdings Corp., et al.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application.

|  | Debtors and Debtors in Possession |
|---|---|
| Petition Date: | April 29, 2014 |
| Date of Order Authorizing the Debtors to Retain Balch [D.I. 2563] | October 27, 2014, *nunc pro tunc* to October 1, 2014 |

### Summary of Fees and Expenses Sought in the Fee Application

| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | May 1, 2015 through August 31, 2015 |
|---|---|
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $893,109.00 |
| Fee Reduction in this Fee Period: | $0 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $23,278.39 |
| Total Compensation and Expense Reimbursement Requested for the Fee Period: | $916,387.39 |

### Rate Increases Applicable to the Fee Period

| Total Amount of Compensation Sought for the Fee Period, Calculated Using Rates as of the Date of Retention: | $824,394.50 |
|---|---|

### Summary of Past Requests for Compensation and Prior Payments

| Total Amount of Compensation Previously Requested Pursuant to the Interim Compensation Order to Date: | $1,823,393.80 |
|---|---|
| Total Amount of Expense Reimbursement Previously Requested Pursuant to the Interim Compensation Order to Date: | $49,683.71 |
| Total Compensation Approved Pursuant to the Interim Compensation Order to Date: | $612,819.05 |
| Total Amount of Expenses Reimbursement Approved Pursuant to the Interim Compensation Order to Date: | $21,283.36 |
| Total Allowed Compensation Paid to Date: | $612,819.05 |
| Total Allowed Expenses Paid to Date: | $21,283.36 |
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order But not Yet Allowed: | $497,517.20 |

Expenses Sought in this Application Already Paid
Pursuant to the Interim Compensation Order But not
Yet Allowed:                                                      $18,058.22


Dated:  October 16, 2015                     _/s/ P. Stephen Gidiere III_

                                             **BALCH &BINGHAM LLP**
                                             P. Stephen Gidiere III
                                             1901 Sixth Ave. North
                                             Suite 1500
                                             Birmingham, AL 35203
                                             Telephone:    (205) 226-8735
                                             Facsimile:    (205) 488-5694
                                             Email:        sgidiere@balch.com

                                             _Special Counsel to the Debtors_
                                             _and Debtors in Possession_

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Objection Deadline: November 9, 2015 at 4:00 p.m.** |

**THIRD INTERIM FEE APPLICATION OF BALCH & BINGHAM LLP, SPECIAL COUNSEL TO THE DEBTOR AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM MAY 1, 2015 THROUGH AND INCLUDING AUGUST 31, 2015**

Balch & Bingham LLP ("Balch"), special counsel to the above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases"), hereby submits its third interim fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $893,109.00 and reimbursement of actual and necessary expenses in the amount of $23,278.39 that Balch incurred for the period from May 1, 2015 through August 31, 2015 (the "Fee Period"). In support of this Fee Application, Balch submits the declaration of P. Stephen Gidiere III, a partner at Balch, (the "Gidiere Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference. In further support of this Fee Application, Balch respectfully states as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

## Jurisdiction

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S. C. §§ 1408 and 1409.

3.      Approval of professional fees and expenses is authorized under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order"), and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").

## Background

4.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On June 5, 2014, the Court entered an order [D.I. 849] for the joint administration and procedural consolidation of the Debtors' Chapter 11 cases.  The Court has not appointed a trustee or examiner in the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

6.     On May 13, 2014, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee") in the Chapter 11 Cases [D.I. 420].

7.     Given the size and complexity of the Chapter 11 cases, the U.S. Trustee, the Debtors, and the Creditors' Committee agreed to recommend that the Court appoint a fee committee to review and report, as appropriate, on interim and final fee applications filed by all of the Debtors' retained professionals in accordance with 11 U.S.C. §§ 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order.  On August 21, 2014, the Court entered the Fee Committee Order, which appointed a fee committee (the "Fee Committee") and establishing the procedures governing the Fee Committee's review of the Debtors' retained professionals applications for compensation and the resolution of any concerns raised during such review.

8.     On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

9.     On October 3, 2014 and October 7, 2014, the Fee Committee distributed memoranda outlining guidelines for expenses reimbursements and fee awards to those professionals retained in the Chapter 11 Cases (the "Fee Committee Guidelines").  Balch believes that the relief requested herein complies with those guidelines.

10.     On February 13, 2015, Balch filed its first interim fee application [D.I. 3542] (the "First Interim Fee Application"), requesting interim approval and allowance of the fees and expenses incurred for the period October 1, 2014 through December 31, 2014 (the "Second Interim Compensation Period").  Pursuant to the Fee Committee's Report dated May 20, 2015,

Balch agreed to reduce its fees to $612,819.05 and expenses to $21,283.36. No party filed an objection to the First Fee Application. On June 24, 2015, the Court entered an order [D.I. 4843] approving Balch's fees and expenses for the Second Interim Compensation Period on an interim basis.

11.     On June 15, 2015, Balch filed its second fee application [D.I. 4756] (the "Second Fee Application"), requesting interim approval and allowance of the fees and expenses incurred for the period from January 1, 2015 through April 30, 2015 (the "Third Interim Compensation Period"). No party filed an objection to the Second Fee Application. Pursuant to the Fee Committee's Report dated July 23, 2015, Balch has agreed to certain reductions with the Fee Committee, but the Court has not yet entered an order with respect to the Second Fee Application.

### The Debtors' Retention of Balch

12.     On October 7, 2014, the Debtors filed the *Application of Energy Future Holdings Corp.*, et al.*, for an Order Authorizing the Debtors to Retain and Employ Balch & Bingham LLP as Special Counsel for Certain Environmental Matters, Effective* Nunc Pro Tunc *to October 1, 2014* [D.I. 2344] (the "Retention Application") seeking to employ Balch as special counsel for certain environmental matters effective *nunc pro tunc* to October 1, 2014.

13.     On October 27, 2014, the Court entered the *Order Authorizing the Debtors to Retain and Employ Balch & Bingham LLP as Special Counsel for Certain Environmental Matters, Effective* Nunc Pro Tunc *to October 1, 2014*. [D.I. 2563] (the "Retention Order"). The Retention Order authorizes the Debtors to compensate and reimburse Balch in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Committee Order, and the Interim Compensation Order. The Retention Order also authorizes the Debtors to

compensate Balch at Balch's hourly rates charged for services of this type and to reimburse Balch for Balch's actual and necessary out-of-pocket expenses incurred, subject to application to this Court.  The particular terms of Balch's engagement are detailed in the initial engagement letter by and between Luminant Holding Company, LLC and Balch, effective May 21, 2010, and as further supplemented by the engagement letter dated January 8, 2014, between Energy Future Holdings Corp., Luminant Generation Company LLC, and Balch, which are attached as **Exhibit B** (collectively, the "Engagement Letters").

14.    To comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines") promulgated by the Office of the United States Trustee, Balch submitted to the Debtors monthly budgets and staffing plans for the Fee Period, attached hereto as **Exhibit C**.

### Disinterestedness of Balch

15.    To the best of Balch's knowledge and as disclosed in the *Declaration of P. Stephen Gidiere III in Support of the Application of the Debtors for an Order Authorizing the Debtors to Retain and Employ Balch & Bingham LLP as Special Counsel for Certain Environmental Matters, Effective* Nunc Pro Tunc *to October 1, 2014* [D.I 2344] (the "First Gidiere Declaration"), (a) Balch does not hold or represent any interest adverse to any of the Debtors with respect to the matters on which Balch is retained and (b) other than as set forth in the First Gidiere Declaration, Balch has no relationship to any of the Debtors, any of the Debtors' significant creditors, equity interest owners, other known parties in interest in the Chapter 11 Cases (as identified by the Debtors), or to the Debtors' professionals that are known to be assisting the Debtors in the Chapter 11 Cases.

16.     Balch may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors in these Chapter 11 Cases.  In the First Gidiere Declaration, Balch disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts.  Balch will update such disclosure, as appropriate, if Balch becomes aware of relevant and material new information.

17.     Balch performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

18.     During the period covered by this Fee Application, Balch has received no payment and no promises for payment from any source other than the Debtors for services provided to or to be provided in any capacity whatsoever in connection with the Chapter 11 Cases.  There is no agreement or understanding between Balch and any other person, other than attorneys of Balch, for the sharing of compensation to be received for services provided in the Chapter 11 Cases.

**Summary of Compliance with Interim Compensation Order and Fee Committee Order**

19.     This Fee Application has been prepared in accordance with the Interim Compensation Order and the Fee Committee Order.

20.     Balch seeks interim compensation for professional services provided to the Debtors during the Fee Period in the amount of $893,109.00 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $23,278.39.  During the Fee Period, Balch attorneys and paraprofessionals expended a total of 2,645.30 hours for which compensation is requested.

21.     In accordance with the Interim Compensation Order and the Fee Committee Order, Balch has submitted Monthly Fee Statements (as defined in the Interim Compensation Order) for each of May, June, July, and August 2015, seeking payment of (a) 80% of the fees incurred by the Debtors for reasonable and necessary professional services provided by Balch and (b) 100% of the actual and necessary costs and expenses incurred by Balch in connection with the services provided to the Debtors, as follows:

- For the month of May, 2015, Balch sought fees in the amount of $137,657.60 (80% of $172,072.00) and expenses of $7,778.82 [D.I. 4871]

- For the month of June, 2015, Balch sought fees in the amount of $164,063.60 (80% of $205,079.50) and expenses of $4,218.29 [D.I. 5060]

- For the month of July, 2015, Balch sought fees in the amount of $195,796.00 (80% of $244,745.00) and expenses of $6,061.11 [D.I. 5660]

- For the month of August, 2015, Balch sought fees in the amount of $216,970.00 (80% of $271,212.50) and expenses of $5,220.17 [D.I. 6130]

22.     As of the filing of this Fee Statement, Balch has been paid a total of $497,517.20 in fees and $18,058.22 in expenses for work performed and expenses incurred during this fee period.  Balch will therefore credit the amount of $515,575.42 against the total amount of fees and expenses approved by the Court pursuant to this Fee Application.

### Fees and Expenses incurred During Fee Period

**A.  Customary Billing Disclosures**

23.     Balch's hourly rates are set at a level designed to compensate Balch fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure utilized by Balch in the Chapter 11 Cases are equivalent to or less than the hourly rates and corresponding rate structure used by Balch for similar environmental matters, whether in court or otherwise, regardless of whether a fee application is

required.  The rates and rate structure reflect that such complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures.

24.     For the convenience of the Court and all parties in interest, attached hereto as **Exhibit D** is a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtors during the Fee Period.

**B.  Fees Incurred During Fee Period**

25.     In the ordinary course of Balch's practice, Balch maintains computerized records of the time expended to render the professional services required by the Debtors and their estates. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit E** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional at Balch's current billing rates;

- the hourly billing rate for each attorney and each paraprofessional as disclosed in the Fee Application;

- the number of rate increases since the inception of the case; and

- a calculation of total compensation requested using the rates disclosed in the Fee Application.

**C.      Expenses Incurred During Fee Period**

26.      In the ordinary course of Balch's practice, Balch maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought.  For the convenience of the Court and all parties in interest, attached hereto as **Exhibit F** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which Balch is seeking reimbursement.  This out-of-pocket disbursement sum is broken down into categories of charges, and may include, among other things, telephone calls and other charges, mail and express mail charges, special or hand delivery charges, document processing and photocopying charges, charges for mailing supplies (including, without limitations, envelopes and labels) provided by Balch to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.

## Payment Allocation

27.      The work performed and expenses incurred by Balch during the Fee Period were entirely on behalf of Texas Competitive Electric Holdings Company, LLC ("TCEH") and its debtor subsidiaries.

## Summary of Legal Services Provided During the Fee Period

28.      As discussed above, during the Fee Period, Balch provided extensive and important professional services to the Debtors in connection with certain environmental and energy matters.

29.      To provide a meaningful summary of Balch's services provided on behalf of the Debtors and their estates, Balch has established, in accordance with its internal billing

procedures, certain subject matter categories (each, a "Matter Category").  The following is a summary, by Matter Category, of the professional services provided by Balch during the Fee Period.  This summary is organized in accordance with Balch's internal system of matter numbers.  A schedule setting forth a description of each Matter Category utilized in this case, the number of hours expended by Balch partners, associates, and paraprofessionals for each Matter Category, and the aggregate fees associated with each Matter Category is attached hereto as **Exhibit G**.

30.    In addition, subject to redaction for attorney-client privilege, work product doctrine, and confidentiality where necessary to protect the Debtors and their estates, Balch's computerized records of time and expenses incurred during the Fee Period in the rendition of professional services to the Debtors and their estates are attached hereto as **Exhibit H**.

31.    The following is a summary, by Matter Category, of the most significant professional services provided by Balch during the Fee Period.  This system is organized in accordance with Balch's internal system of matter numbers.

**A.  General Environmental Matters (Matter No. 004)**

Fees:  $71,129.50          Total Hours:   193.70

32.    This category includes all work on general environmental matters involving Debtors and their facilities.  During the Fee Period, Balch assisted Debtors in connection with certain general environmental matters, including counseling the Debtors regarding environmental regulatory and permitting matters with respect to the Debtors' generating facilities.

### B.  EPA NSR Litigation (Matter No. 007)

Fees:  $361,822.50          Total Hours:  1,140.70

33.     This category includes all work related to representing the Debtors in a lawsuit brought by the EPA with respect to certain coal-fired power plants.  During the Fee Period, Balch helped Debtors formulate their strategy for defending the litigation, responded to discovery requests, drafted and issued discovery requests to the government and analyzed responses, and worked with opposing counsel to negotiate protective order and other filings.

### C.  EGU MACT (Matter No. 008)

Fees:  $41,748.50          Total Hours:  102.10

34.     This category includes all work related to representing the Debtors with respect to the federal Mercury and Air Toxics Standards rule under the Clean Air Act, including compliance counseling, regulatory proceedings, and representation in litigation involving the rule.

### D.  Texas PM2.5 Interstate Transport Rule (Matter No. 009)

Fees:  $5,355.50          Total Hours:  10.70

35.     This category includes all work related to representing Debtors with respect to the federal Cross State Air Pollution Rule under the Clean Air Act, including compliance counseling and representation in litigation involving the rule and related rules.

### E.  Supplemental §114 Response (Matter No. 010)

Fees:  $12,914.00          Total Hours:  31.20

36.     This category includes all work related to representing the Debtors with respect to requests for information from the U.S. EPA and the confidentiality of the Debtors' confidential business information.

### F. EPA Regional Haze Rulemaking (Matter No. 011)

Fees:    $72,418.00          Total Hours:    224.40

37.    This category includes all work related to representing the Debtors with respect to rules proposed by the U.S. EPA under the Clean Air Act's Regional Haze Program that would impact Debtors' plants, including analyzing the proposals, preparing comments on proposed rules, preparing for potential challenges to the rules, coordinating with other parties in interest, and representing Debtors' in litigation involving one related rule currently pending in D.C. Circuit.

### G. EPA Affirmative Defense Litigation (Matter No. 018)

Fees:    $209,309.00          Total Hours:    579.30

38.    This category includes all work related to representing the Debtors with respect to rulemaking and litigation involving affirmative defense provisions under the Clean Air Act that apply at the Debtors' facilities.    During the Fee Period, Balch analyzed various U.S. EPA proposals and represented the Debtors in related litigation in the U.S. Courts of Appeals for the Fifth Circuit and the D.C. Circuit.

### H. EPA GHG Rules (Matter No. 019)

Fees:    $86,235.50          Total Hours:    228.70

39.    This category includes all work related to analyzing proposed regulations related to greenhouse gases and electric generating units.    Balch advised Debtors on the proposals' implications for existing and potential future facilities.    During the Fee Period, Balch provided the client with strategic counseling on potential litigation and potential EPA action related to greenhouse gases.

### I.    Bankruptcy Application and Retention (Matter No. 021)

Fees:   $31,722.00          Total Hours:   133.60

40.    This category includes all work related to the preparation of Balch's applications for fee and expense reimbursement.  Specifically, Balch attorneys and paraprofessionals spent time preparing monthly fee statements and interim fee applications, including reviewing all time entries to ensure compliance with the Interim Compensation Order and applicable provisions of the Bankruptcy Code, and making necessary redactions to preserve the confidentiality of the work performed for the Debtors.

### J.    Champion Creek (Matter No. 022)

Fees:   $454.50          Total Hours:   0.90

41.    This category includes all work related to advising and assisting Debtors with respect to a plant construction contract, including document preparation and counseling.

### Actual and Necessary Expenses Incurred by Balch

42.    As set forth in Exhibit H attached hereto, and as summarized in Exhibit F, attached hereto, Balch has incurred a total of $23,278.39 in expenses on behalf of the Debtors during the Fee Period.  These charges are intended to reimburse Balch's direct operating costs, which are not incorporated into the Balch hourly billing rates.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

### Balch's Requested Compensation and Reimbursement Should Be Allowed

43.    As explained below, Balch respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time provided, necessary for and beneficial to the Debtors and their estates and were provided to protect and preserve the Debtors'

estates.   Balch further believes that it performed the services for the Debtors economically,
effectively, and efficiently, and the results obtained benefited not only the Debtors, but also the
Debtors' estates and the Debtors' constituents.   Balch further submits that the compensation
requested herein is reasonable in light of the nature, extent, and value of such services to the
Debtors, their estates, and all parties in interest.   Accordingly, Balch respectfully submits that
approval of the compensation sought herein is warranted and should be approved.

**A.** **Reasonable and Necessary Fees Incurred in Providing Services to the Debtors**

44.     Section 331 of the Bankruptcy Code provides for interim compensation of
professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code
to govern the Courts' award of such compensation.     Section 330 of the Bankruptcy Code
provides that a court may award a professional employed under section 327 of the Bankruptcy
Code "reasonable compensation for actual necessary services rendered . . . and reimbursement
for actual, necessary expenses."   11 U.S.C. § 330(a)(1).   Section 330 also sets forth the criteria
for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be
> awarded, the court should consider the nature, extent, and the value
> of such services, taking into account all relevant factors,
> including—
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of,
>        or beneficial at the time at which the service was rendered
>        toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable
>        amount of time commensurate with the complexity,
>        importance, and nature of the problem, issue, or task
>        addressed;

      (E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

      (F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

45.    As analyzed below, Balch submits that the elements governing awards of compensation justify the allowance requested.

### 1)    The Time and Labor Required

46.    During the Fee Period, 2,645.30 recorded hours have been expended by Balch's partners, associates, and paraprofessionals in providing the requested professional services.  Balch has made every effort to coordinate its efforts with those of the Debtors' bankruptcy counsel to avoid any duplication of efforts.  The number of hours spent by Balch is commensurate with the defined tasks Balch has performed and continues to perform on the matters described herein.

### 2)    The Rates Charged for Such Services

47.    During the Fee Period, Balch's hourly billing rates ranged from $320.00 to $505.00 per hour for partners, from $170.00 to $290.00 for associates and staff attorneys, and from $195.00 for paraprofessionals.  Based on the recorded hours expended by Balch's attorneys and paraprofessionals, the average hourly rate for Balch's services was $304.00.

48.    Balch's hourly rates are set at a level designed to compensate Balch fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

49.     In accordance with ordinary practice, Balch has consulted with the Debtors as to appropriate billing rates for 2015, and, pursuant to agreement between Balch and the Debtors, billing rates for individual partners, associates, and paraprofessionals were changed effective as of January 1, 2015.  The rates changed due to promotion and/or rate increases.

50.     The hourly rates and corresponding rate structure utilized by Balch are equivalent to or less than the hourly rates and corresponding rates structure used by Balch for similar complex environmental matters, whether in court or otherwise, regardless of whether a fee application is required.

### 3)     The Necessity of the Services and the Benefit to the Estate

51.     As detailed above, the services Balch provided to the Debtors have conferred substantial benefit on eth Debtors' estates.  Balch's services to the Debtors have also served the desired goal of allowing for continuity of service in these non-bankruptcy matters.  In providing these essential non-bankruptcy services, Balch has allowed Debtors' bankruptcy counsel to focus on issues more closely related to the reorganization of Debtors' operations.

### 4)     The Complexity, Importance, Nature of, and the Time Spent on Tasks

52.     Balch represents and can demonstrate to this Court that the services were performed in a reasonable amount of time, given the complexity of the issues involved and the many and varied legal issues facing the Debtors.  Balch's detailed and thorough time records demonstrate that the time expended on various tasks was necessary and appropriate to the vigorous representation of the Debtors.  From the earliest stages of Balch's involvement, attempts were made to limit the hours worked, and to avoid duplication of effort and other unnecessary costs.  On occasion, Balch attorneys provided services on behalf of the Debtors under severe time constraints.  Moreover, during the Fee

Period, Balch attorneys were required to perform services on behalf of Debtors to the preclusion of other firm matters and clients.

### 5)    The Experience, Reputation, and Ability of the Attorneys Providing Services

53.    Balch's services have been provided in a highly efficient manner by attorneys who have achieved a high degree of expertise in their respective fields.  Balch's environmental, energy, and litigation departments frequently receive recognition for their skill and achievements.  Balch's highly professional and expert group of attorneys has ensured that the representation of the Debtors has progressed in an efficient and expeditious manner.

54.    Because the services provided by Balch were, by design, primarily non-bankruptcy in nature, Balch submits that board certification in bankruptcy law is not a particularly relevant factor. In preparing this Fee Application and when otherwise appropriate, however, the Balch attorneys performing services for the Debtors did employ the assistance of experienced attorneys in Balch's bankruptcy department.

### 6)    Customary Compensation

55.    Balch relies on the Court's experience and knowledge with respect to the compensation awards in similar cases.  Given that frame of reference, Balch submits that, in light of the circumstances of the case and the substantial benefits derived from Balch's assistance, compensation in the amount requested is fair and reasonable.

56.    Based on the factors to be considered under sections 330 and 331 of the Bankruptcy Code, the results Balch has achieved to date more than justify allowance in full of Balch's compensation and reimbursement request.

**B.    Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors**

57.    For the Fee Period, Balch requests reimbursement of $23,278.39 for reasonable and necessary out-of-pocket expenses incurred on behalf of Debtors.

58.    Balch's normal billing rates do not take these expenses into consideration.  Rather, Balch bills each expense to the applicable client.  A prime example of the rationale for such an approach is photocopying expense.  Because of the great disparity between the photocopying requirements of different clients, it is virtually impossible to absorb photocopying costs fairly and equitably into Balch's normal billing rates.  Accordingly, Balch charges each client for photocopying expenses separately.  Similarly, Balch charges each client separately for telephone, postage, overnight courier, travel expenses, professional printing and binding, and messenger services, in each case at Balch's cost.

59.    Balch does not include the amortization of the cost of any investment, equipment, or capital outlay in its charges for these services.

60.    Balch has made reasonable efforts to minimize its disbursements in the Chapter 11 Cases.  Each of the expenses incurred by Balch in providing professional services to the Debtors was necessary, reasonable, and justified under the circumstances to serve the need of the Debtors and their estates.

<u>Reservation of Rights and Notice</u>

61.    It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  Balch reserves the right to include such amounts in future fee applications.

**Notice**

62.     Notice of this Fee Application shall be provided to: (a) the Debtors; (b) the U.S. Trustee; (c) counsel for the agent of the EFIH First Lien DIP Facility; (d) counsel for the agent of the TCEH DIP Facility; (e) counsel to the Creditors' Committee; and (f) the Fee Committee (collectively, the "Notice Parties").  Pursuant to the Interim Compensation Order and the Fee Committee Order, (a) and party (other than the Fee Committee) that wishes to object to the Fee Application must file its objection with the Court, with a copy to Chambers and serve it on Balch and the Notice Parties so that it is **actually received** on or before **November 9, 2015 at 4:00 p.m. (Eastern Standard Time)** and (b) any member of the Fee Committee that wishes to object to the Fee Application must comply with the procedures set forth in the Fee Committee Order and if such member wishes to object to the Fee Application after complying with such procedures, such member must file its objection with the Court, with a copy to Chambers and serve it on Balch and the Notice Parties.

**No Prior Request**

63.     Other than the applicable Monthly Fee Applications, no prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, Balch respectfully requests that the court enter an order (a) awarding Balch interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $893,109.00, and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $23,278.39; (b) authorizing and directing the Debtors to remit payment to Balch for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated: October 16, 2015

/s/ P. Stephen Gidiere III
**BALCH &BINGHAM LLP**
P. Stephen Gidiere III
1901 Sixth Ave. North
Suite 1500
Birmingham, AL 35203
Telephone:   (205) 226-8735
Facsimile:   (205) 488-5694
Email:   sgidiere@balch.com

*Special Counsel to the Debtors and Debtors in Possession*