**Exhibit A**

[Proposed Order]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: D.I. 4978, 4979, 5222, 5251** |

**ORDER (SECOND) SUSTAINING TWENTY-THIRD OMNIBUS (SUBSTANTIVE) OBJECTION TO (CERTAIN IMPROPERLY ASSERTED) CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007 AND LOCAL BANKRUPTCY RULE 3007-1**

Upon the objection (the "Objection")[2] of EFH Corp. for entry of an order (this "Order") modifying the Disputed Claims set forth on **Exhibit 1** and **Exhibit 2** attached hereto, all as set forth in the Objection and the Carter Declaration; and the Court having previously entered the *Order Sustaining Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1* [D.I. 5251]; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

having found that EFH Corp. provided appropriate notice of the Objection and the opportunity for a hearing on the Objection (the "Hearing") under the circumstances; and the Court having reviewed the Objection and having heard the statements in support of the relief requested therein at the Hearing, if any; and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is sustained as set forth herein.

2. The Wrong Debtor and Modify Priority Claims set forth on the attached **Exhibit 1** are hereby modified as provided on the attached **Exhibit 1**.

3. The Wrong Debtor, Modify Amount and Modify Priority Claim set forth on the attached **Exhibit 2** are hereby modified as provided on the attached **Exhibit 2**.

4. The Claims Agent is authorized to modify the Claims Register to comport with the entry of this Order.

5. Nothing set forth herein shall affect the parties' rights with respect to the Disputed Claims, as modified, and the parties' rights with respect to such claims are reserved, including, for the avoidance of doubt, EFH Corp.'s (or any other Debtor's) right to object in the future to the Disputed Claims on any grounds permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules.

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim (including the Proofs of Claim) against a Debtor entity; (b) a waiver of the EFH Corp.'s (or any other Debtor's) rights to dispute any particular claim (including the Proofs of

Claim) on any grounds; (c) a promise or requirement to pay any particular claim (including the Proofs of Claim); (d) an implication or admission that any particular claim is of a type specified or defined in this Objection (except as set forth herein); (e) an admission by EFH Corp. that any contract or lease is executory or unexpired, as applicable; (f) a waiver or limitation of EFH Corp.'s rights under the Bankruptcy Code or any other applicable law; (g) a request or authorization to assume or reject any agreements under section 365 of the Bankruptcy Code; (h) a waiver of any party's rights to assert that any other party is in breach or default of any agreement; or (i) an admission that any contract or lease is integrated with any other contract or lease.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. EFH Corp. is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

9. This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Wilmington, Delaware
Dated: _______, 2015

_______________________________________
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1** to **Exhibit A**

[Wrong Debtor and Modify Priority Claims]

## ENERGY FUTURE HOLDINGS CORP., et al.

### TWENTY-THIRD OMNIBUS (SUBSTANTIVE): EXHIBIT 1 TO EXHIBIT A – Wrong Debtor and Modify Priority Claims

| | | | ASSERTED | | | MODIFIED | | |
|---|---|---|---|---|---|---|---|---|
| | NAME | CLAIM # | DEBTOR | PRIORITY STATUS | CLAIM AMOUNT | DEBTOR | PRIORITY STATUS | CLAIM AMOUNT |
| 1 | H&E EQUIPMENT SERVICES, INC. C/O BELL NUNNALLY ATTN: RANDALL K. LINDLEY 3232 MCKINNEY AVE., STE. 1400 DALLAS, TX 75204 | 7933 | Energy Future Holdings Corp. | 503(b)(9) | $44,400.87 | Luminant Mining Company LLC | 503(b)(9) | $6,337.88 |
| | | | Energy Future Holdings Corp. | Unsecured | $2,607.02 | Luminant Generation Company LLC | Unsecured | $1,275.94 |
| | | | | | | Luminant Mining Company LLC | Unsecured | $10,396.74 |
| | | | | | | Oak Grove Management Company LLC | Unsecured | $28,997.33 |
| | | | | Subtotal | $47,007.89 | | Subtotal | $47,007.89 |

REASON FOR MODIFICATION: Modified Debtor reflects the Debtor(s) against which the claim is properly asserted according to the Debtors' books and records. Modified priority reflects (1) goods that were received by the Debtor more than 20 days before the petition date, claims for which are ineligible for 503(b)(9) priority status; and (2) the portion of the claim which is, according to Debtors' books and records and/or documentation filed with the proof of claim, for services or other non-goods, which do not qualify for 503(b)(9) priority.

| | NAME | CLAIM # | DEBTOR | PRIORITY STATUS | CLAIM AMOUNT | DEBTOR | PRIORITY STATUS | CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 2 | WAUKESHA-PEARCE INDUSTRIES, INC. ATTN: DAVID G. MCMILLEN 12320 S MAIN HOUSTON, TX 77035 | 3413 | Energy Future Holdings Corp. | 503(b)(9) | $196,461.24 | Luminant Generation Company LLC | 503(b)(9) | $81.99 |
| | | | | | | Luminant Mining Company LLC | 503(b)(9) | $158,929.08 |
| | | | | | | Oak Grove Management Company LLC | 503(b)(9) | $3,337.82 |
| | | | | | | Luminant Mining Company LLC | Unsecured | $26,474.23 |
| | | | | | | Oak Grove Management Company LLC | Unsecured | $7,638.12 |
| | | | | | | | Subtotal | $196,461.24 |

REASON FOR MODIFICATION: Modified Debtor reflects the Debtor(s) against which the claim is properly asserted according to the Debtors' books and records. Modified priority reflects (1) goods that were received by the Debtor more than 20 days before the petition date, claims for which are ineligible for 503(b)(9) priority status; and (2) the portion of the claim which is, according to Debtors' books and records and/or documentation filed with the proof of claim, for services or other non-goods, which do not qualify for 503(b)(9) priority.

**ENERGY FUTURE HOLDINGS CORP., et al.**

**TWENTY-THIRD OMNIBUS (SUBSTANTIVE): EXHIBIT 1 TO EXHIBIT A – Wrong Debtor and Modify Priority Claims**

| | | | ASSERTED | | | MODIFIED | | |
|---|---|---|---|---|---|---|---|---|
| | NAME | CLAIM # | DEBTOR | PRIORITY STATUS | CLAIM AMOUNT | DEBTOR | PRIORITY STATUS | CLAIM AMOUNT |
| 3 | WINDHAM MANUFACTURING COMPANY INC<br>8520 FORNEY RD<br>DALLAS, TX 75227-4515 | 214 | No Debtor Asserted | 503(b)(9) | $3,672.40 | Luminant Generation Company LLC | Unsecured | $3,672.40 |
| | REASON FOR MODIFICATION: Modified Debtor reflects the Debtor(s) against which the claim is properly asserted according to the Debtors' books and records. Modified priority reflects that, according to Debtors' books and records and/or documentation filed with the proof of claim, the claim is for services or other non-goods, which do not qualify for 503(b)(9) priority. | | | | | | | |
| | | | | TOTAL | $247,141.53 | | TOTAL | $247,141.53 |

**Exhibit 2** to **Exhibit A**

[Wrong Debtor, Modify Amount and Modify Priority Claims]

## ENERGY FUTURE HOLDINGS CORP., et al.

## TWENTY-THIRD OMNIBUS (SUBSTANTIVE): EXHIBIT 2 TO EXHIBIT A – Wrong Debtor, Modify Amount and Modify Priority Claims

| | | | ASSERTED | | | MODIFIED | | |
|---|---|---|---|---|---|---|---|---|
| | NAME | CLAIM # | DEBTOR | PRIORITY STATUS | CLAIM AMOUNT | DEBTOR | PRIORITY STATUS | CLAIM AMOUNT |
| 1 | LEE HECHT HARRISON LLC<br>2301 LUCIEN WAY, SUITE 325<br>MAITLAND, FL 32751 | 3339 | Energy Future Holdings Corp. | Priority | $7,000.00 | EFH Corporate Services Company | Unsecured | $7,000.00 |
| | | | Energy Future Holdings Corp. | Unsecured | $7,000.00 | | | |
| | | | | Subtotal | $14,000.00 | | | |

REASON FOR MODIFICATION: Modified Debtor reflects the Debtor(s) against which the claim is properly asserted according to the Debtors' books and records. Modified amount reflects amount owed according to Debtors' books and records; claimed amount was not supported; claim is reduced to eliminate double-counting. Modified priority reflects that, though priority asserted under 11 U.S.C. § 507(a), claimant's supporting documentation and Debtors' books and records provide no basis for priority.

| | | | | |
|---|---|---|---|---|
| TOTAL | $14,000.00 | | TOTAL | $7,000.00 |