# Exhibit D

*Confidential*

**Energy Future Holdings Corp.**
Energy Plaza
1601 Bryan Street
Dallas, Texas  75201

September 4, 2015

Texas Transmission Investment LLC

   c/o Borealis Infrastructure Corporation
   c/o Borealis Infrastructure Management Inc.
   Royal Bank Plaza, South Tower
   200 Bay Street
   Suite 2100, P.O. Box 56
   Toronto, Ontario M5J 2J2, Canada
   Attention:  Steven Zucchet

   c/o Cheyne Walk Investment Pte Ltd.
   c/o GIC Special Investments Pte Ltd.
   1st Floor, York House
   45 Seymour Street
   London W1H 7LX, United Kingdom
   Attention: Head, Global Infrastructure Group and Stuart Baldwin

<u>Required Sale Notice</u>

Ladies and Gentlemen:

     Reference is made to (i) the Second Amended and Restated Limited Liability Company Agreement of Oncor Electric Delivery Company LLC, dated as of November 5, 2008 (as amended, the "<u>Oncor LLC Agreement</u>"), among Oncor Electric Delivery Holdings Company LLC ("<u>Oncor Holdings</u>"), Oncor Management Investment LLC ("<u>Oncor Management</u>") and Texas Transmission Investment LLC ("<u>TTI</u>") and (ii) the Investor Rights Agreement, dated as of November 5, 2008 (the "<u>Investor Rights Agreement</u>"), among Oncor Electric Delivery Company LLC ("<u>Oncor</u>"), Oncor Holdings, TTI and Energy Future Holdings Corp. ("<u>EFH</u>").  Capitalized terms used herein without definition have the respective meanings set forth in the Investor Rights Agreement.

     As you are aware, on August 9, 2015, (i) EFH, Energy Future Intermediate Holding Company LLC ("<u>EFIH</u>"), Ovation Acquisition I, L.L.C. ("<u>OV1</u>") and Ovation Acquisition II, L.L.C. entered into a Purchase Agreement and Agreement and Plan of Merger, dated as of such date (the "<u>Merger Agreement</u>"), which agreement provides for, among other things, the merger of reorganized EFH with and into OV1 (the "<u>Merger</u>") and an initial public offering by OV1, which will be the successor to reorganized EFH as a result of the Merger, of shares of its common stock (collectively, the "<u>Initial Public Offering</u>"), and (ii) certain investors (the "<u>Investors</u>") entered into an Equity Commitment Letter and a Backstop Agreement (each as

defined in the Merger Agreement) pursuant to which they are committed to purchase substantially all of the outstanding equity interests in OV1 at the closing (the "Closing") of the Merger, the Initial Public Offering and the other transactions contemplated by the Merger Agreement.

In addition, on August 10, 2015, EFH, EFIH and the other debtors in the pending chapter 11 cases jointly administered for procedural purposes only under Case No. 14-10979 (the "Chapter 11 Cases") filed an amended Plan of Reorganization (the "Plan of Reorganization") that contemplates certain restructuring transactions, including the Merger and the Initial Public Offering. The Plan of Reorganization, which is an integral element of the Merger transaction, is an exhibit to and incorporated as a part of the Merger Agreement. Copies of the Merger Agreement, the Equity Commitment Letter, the Backstop Agreement, the Plan of Reorganization and other related documents (the "Transaction Documents") are included as exhibits to the Current Report on Form 8-K, as amended, filed by EFH with the Securities and Exchange Commission on August 10, 2015 or have been filed with the United States Bankruptcy Court for the District of Delaware.

OV1 is a Delaware limited liability company that will be converted into a corporation prior to the consummation of the Initial Public Offering. OV1 was formed for the express purpose of carrying out the transactions contemplated by the Merger Agreement, including the Initial Public Offering. In order to facilitate the Initial Public Offering, EFH has developed and will implement an IPO Conversion plan, which is described in the Merger Agreement. At the Closing, OV1 will be the successor to reorganized EFH and it is a suitable vehicle for conducting the Initial Public Offering, which will involve the issuance of equity securities to the public pursuant to an effective registration statement under the Securities Act of 1933, as amended, and will result in an active trading market in such securities. For purposes of this letter, OV1 (as successor to reorganized EFH as a result of transactions contemplated by the Merger Agreement and the Plan of Reorganization) is referred to, in relation to the Initial Public Offering, as the "IPO Corporation." Similarly, shares of the common stock of the IPO Corporation (which are its only class of common equity interests) are referred to as "IPO Units."

On August 9, 2015, EFH received from OV1 an offer (the "Offer") to purchase (i) substantially all of the IPO Units in the IPO Corporation or, alternatively, substantially all of the LLC Units in Oncor held indirectly by EFH, which transactions will be implemented through, among other things, the purchase by the Investors of shares of common stock in the IPO Corporation, the payment in full of all debt obligations of EFH and EFIH that are allowed in the Chapter 11 Cases and the cancellation and retirement of all of the existing equity interests in EFH (which are integral elements of the proposed transactions contemplated by the Transaction Documents), and (ii) all of the LLC Units in Oncor that are owned by members of Oncor other than Oncor Holdings. A copy of the Offer is attached as Exhibit A hereto.

The transactions contemplated by the Offer (the "Required Sale") would constitute a Change of Control. In particular, the proposed purchase in accordance with the Offer of (i) IPO Units or, alternatively, LLC Units in Oncor held indirectly by EFH and (ii) LLC Units in Oncor that are owned by members of Oncor other than Oncor Holdings is a part of a merger, recapitalization and sale transaction that, when consummated at the Closing, will result in the Investors (who are a group of Persons acting in concert with respect to the acquisition of IPO

Units and LLC Units referred to above) owning more of the equity interests in Oncor (or any resulting entity after a merger) than the relevant Related Entity or its Affiliates.

       This letter constitutes a Required Sale Notice delivered by EFH to TTI pursuant to Section 3.3 of the Investor Rights Agreement. Accordingly, TTI is required to sell or otherwise Transfer all of the LLC Units held by it to OV1 on the date of the Closing (the "Closing Date") for consideration in the form of cash in an amount equal to the purchase price for such LLC Units that is required to be paid pursuant to Section 3.3 of the Investor Rights Agreement. The material terms and conditions of the Required Sale (including the required sale of LLC Units by TTI) are set forth in (i) the Transaction Documents and (ii) the form of Interest Purchase Agreement (the "Minority Interest Purchase Agreement") prepared by OV1 to be entered into between OV1 and TTI and (if approved and executed by Oncor Management) Oncor Management, which is attached as Exhibit B hereto. The Closing is expected to occur promptly after the receipt of the regulatory approvals required under the terms of the Merger Agreement, which are expected to be obtained in 2016. EFH will keep TTI informed as to the progress of the transactions contemplated by the Merger Agreement and the anticipated Closing Date.

       You will note that the Minority Interest Purchase Agreement prepared by OV1 provides that the price to be paid by OV1 to TTI in consideration of the LLC Units held by TTI will be in the form of cash and will be in an amount that OV1 has indicated represents the same per unit equivalent price as is being paid by the Investors for the indirect ownership interests in Oncor to be acquired by them in connection with the transactions contemplated by the Merger Agreement. Based on certain assumptions made by OV1, the aggregate purchase price being offered by OV1 for the LLC Units held by TTI is expected to be $2,190,867,500.00 (the "Expected Purchase Price"). OV1's calculation of the Expected Purchase Price is attached as Exhibit C hereto.

       In addition, this letter will serve as notice that TTI is obligated under Section 3.3(c) of the Investor Rights Agreement to (i) vote, if its vote is required by the Investor Rights Agreement, the Oncor LLC Agreement or otherwise, its LLC Units in favor of the Required Sale at any meeting of Members called to vote on or approve the Required Sale and/or to consent in writing to the Required Sale, (ii) use its reasonable efforts to cause any individuals designated or nominated by TTI to the Board of Oncor to vote in favor of the Required Sale in a vote of the Board called to vote on or approve the Required Sale and/or consent in writing to the Required Sale, (iii) enter into agreements relating to the Required Sale and to agree (as to itself) to make to OV1 the representations, warranties, covenants, indemnities and agreements contained in the Minority Interest Purchase Agreement and (iv) take or cause to be taken all other actions as may be reasonably necessary to consummate the Required Sale.

       As described above, to prepare for the contemplated Initial Public Offering, EFH intends to exercise its right to develop and implement an IPO Conversion under Section 3.7 of the Investor Rights Agreement by taking steps that EFH deems necessary, advisable or convenient with respect to the Initial Public Offering to be conducted by OV1, as the successor to reorganized EFH and a suitable vehicle for such offering. Such measures, which include the IPO Conversion plan described in Exhibit B to the Merger Agreement and other actions that EFH may specify in the future in accordance with the Investor Rights Agreement, are an IPO Conversion as defined in

the Merger Agreement. As you know, TTI is obligated to cooperate in good faith in order to effectuate the IPO Conversion, including by (i) taking all actions reasonably required by EFH in connection with consummating the IPO Conversion, (ii) voting its LLC Units in favor of any matters relating to or giving any consents required for the IPO Conversion and (iii) using its reasonable efforts to cause any individuals designated or nominated by it to the Board of Oncor to vote in favor of the IPO Conversion. Consummation of the IPO Conversion is expected to occur contemporaneously with the Closing.

Notwithstanding this Required Sale Notice or anything contained herein, EFH expressly reserves, and does not waive, any and all rights under the applicable agreements, including but not limited to the Investor Rights Agreement and the Transaction Documents. Without limiting the foregoing, consistent with Section 3.3(e) of the Investor Rights Agreement, EFH further reserves the right to amend, revise, restate, reissue, and/or rescind this Required Sale Notice in its sole discretion.

In order to ensure that the transactions contemplated by the Merger Agreement proceed smoothly and expeditiously, we would like to obtain your assurance that you will comply with your contractual obligations under Sections 3.3 and 3.7 of the Investor Rights Agreement, as outlined in this letter. Please confirm by written response no later than September 11, 2015 that you agree to comply with such obligations. Should you have any questions, we are available to discuss your questions at your earliest convenience. We look forward to working with you to facilitate and consummate the Required Sale.

Respectfully yours,

ENERGY FUTURE HOLDINGS CORP.

By: _____
Name: Michael Carter
Title: Sr. Vice President


cc:    Oncor Electric Delivery Holdings Company LLC
       1616 Woodall Rodgers Freeway
       Dallas, Texas 75202
       Attention: General Counsel

       Texas Energy Future Holdings Limited Partnership
       c/o Energy Future Holdings Corp.
       Energy Plaza
       1601 Bryan Street
       Dallas, Texas 75201
       Attention: General Counsel

       Oncor Management Investment LLC
       c/o Oncor Electric Delivery Company LLC
       1616 Woodall Rodgers Freeway
       Dallas, Texas 75202
       Attention: General Counsel

       Ovation Acquisition I, L.L.C.
       1900 North Akard Street
       Dallas, Texas 75201
       Attention: David Hernandez