# EXHIBIT E

**DRAFT**

October [__], 2015

UMB Bank, N.A.,
as Trustee under the Indenture referred to below
1010 Grand Boulevard
Kansas City, Missouri 64106
Facsimile No.: [(___) ___-____]
Attention: Mark B. Flannagan

Foley & Lardner, LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60654-5313
Facsimile No.: (312) 832-4700
Attention: Mark. F. Hebbeln, Esquire

Energy Future Intermediate Holding Company LLC
Energy Plaza
1601 Bryan Street
Dallas, Texas 7501-3411
Facsimile No.: (214) 812-6032
Attention General Counsel
and
Facsimile No.: (214) 812-4097
Attention: Treasurer

EFIH Finance Inc.
Energy Plaza
1601 Bryan Street
Dallas, Texas 7501-3411
Facsimile No.: (214) 812-6032
Attention General Counsel

Simpson Thatcher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017
Facsimile No.: (212) 455-2502
Attention: Edward P. Tolley III, Esq.

Re: <u>Direction to Trustee</u>

Ladies and Gentlemen:

  Reference is made to (i) the Indenture, dated as of December 5, 2012, as amended supplemented by the First Supplemental Indenture, dated as of December 19, 2012, the Second Supplemental Indenture, dated as of January 23, 2013, and the Third Supplemental Indenture, dated as of January 30, 2013 (collectively, as further modified, supplemented and/or amended and in effect on the date hereof, the "**Indenture**"), by and

among Energy Future Intermediate Holding Company LLC ("**EFIH**") and EFIH Finance Inc. (together with EFIH, the "**Issuers**"), and The Bank of New York Mellon Trust Company, N.A., as predecessor indenture trustee, pursuant to which the Issuers issued the 11.25%/12/25% senior toggle notes due 2018 (the "**Notes**"), and (ii) the Agreement of Resignation, Appointment and Acceptance, dated as of March 26, 2014, by and among the Issuers, The Bank of New York Mellon Trust Company, N.A., and UMB Bank, N.A., as successor indenture trustee (the "**Trustee**"). Reference is also made to (i) the *Fifth Amended Joint Chapter 11 Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, filed at docket number 6122 in the Issuers' chapter 11 cases pending in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") and jointly administered under the caption In re Energy Future Holdings Corp., et al., Case No. 14-10979 (CSS) the ("**Bankruptcy Cases**"); and (ii) that certain Amended & Restated Plan Support Agreement, dated as of September 11, 2015, attached hereto as **Exhibit 1** (as amended from time to time, including by amendment dated October [__], 2015, the "**Plan Support Agreement**"), by and among the Debtors, the Plan Sponsors, the TCEH Supporting First Lien Creditors, the TCEH First Lien Agent, the TCEH Supporting Second Lien Creditors, the TCEH Committee, the Consenting EFIH PIK Noteholders and certain other Entities signatory thereto. Capitalized terms used but not defined herein shall have the meanings provided in the Plan or the Plan Support Agreement, as applicable.

Further reference is made to (i) Section 6.01 of the Indenture, which provides that the commencement of the Bankruptcy Cases constitutes an Event of Default, (ii) Section 6.03 of the Indenture, which provides that, if an Event of Default occurs and is continuing, the Trustee may pursue any available remedy to collect the payment of principal, premium, if any, and interest on the Notes or to enforce the performance of any provision of the Notes or the Indenture and (iii) Section 6.05 of the Indenture, which provides that the Required Holders (as defined in the Indenture) of at least a majority in aggregate principal amount of Notes may direct the time, method and place by which the Trustee pursues any remedies available to the Trustee or of exercising any trust or power conferred on the Trustee.

Each of the undersigned parties (each, a "**Holder**" and collectively, the "**Holders**") hereby represents and warrants that it is the beneficial owner of the aggregate principal amount of Notes set forth opposite such Holder's name on its signature page hereto. As of the date hereof, such Holders, collectively, hold a majority of the aggregate principal amount of the Notes presently outstanding (after deducting the aggregate principal amount of the Notes, if any, owned by the Issuer or any Affiliate of the Issuer pursuant to Section 2.09 of the Indenture) and, accordingly, such Notes constitute the "Required Debt" under the Indenture and such Holders constitute the "Required Holders" under the Indenture.

The Holders hereby notify the Trustee and the Issuers and hereby direct that the Trustee, immediately upon receipt of this direction by a majority in aggregate principal amount of the outstanding Notes and notwithstanding any prior direction by the Holders or any other holders of the Notes to the contrary to:  (i) execute and become a party to the

Plan Support Agreement as contemplated under Section 4.1(h) thereof; (ii) not oppose confirmation of the Plan and approval of the Claims Settlement; and (iii) not pursue with respect to the Notes payment of postpetition interest or any Makewhole Claims, in each case other than as expressly contemplated under the Plan Support Agreement.

Each Holder hereby consents to the Trustee's use of the money or property held or collected by the Trustee with respect to the Holders' aggregate principal amount of Notes to pay for the Trustee's fees, costs and expenses as contemplated under Sections 6.12, 6.13 and 7.07 of the Indenture (the "**Charging Lien**"), *provided that* the Trustee agrees not to apply the Charging Lien to any undersigned Holder's aggregate principal amount of Notes for any fees, costs and expenses incurred in connection with litigation relating to pursuing allowance or payment of postpetition interest or Makewhole Claims that arise after the date on which the *Order Approving Settlement of Certain EFIH PIK Noteholder Claims and Authorizing Debtors to Enter Into and Perform Under Stipulation* is entered by the Bankruptcy Court. For the avoidance of doubt, nothing herein shall be construed as limiting the Trustee's rights under Sections 6.12, 6.13 and 7.07 of the Indenture, other than as expressly set forth in the preceding proviso, including the payment of any fees, costs and expenses of the Trustee incurred in connection with seeking allowance or payment of postpetition interest claims or Makewhole Claims prior to aforementioned date.

By execution of this letter, each Holder hereby agrees to (i) indemnify and hold harmless the Trustee and its affiliates, and their respective past, present and future directors, officers, shareholders, partners, members, employees, agents, representatives, advisors, subcontractors and controlling persons (collectively, the "**Indemnified Parties**"), from and against any and all losses, claims, damages or liabilities (or actions in respect thereof), severally on a pro rata basis based on the Holders' pro rata share, arising out of or related to the actions taken pursuant to and to implement the directions in this letter (including but not limited to the Trustee's: (a) execution and becoming party to the Plan Support Agreement; (b) refraining from opposition to confirmation of the Plan and approval of the Claims Settlement; and (c) refraining from pursuing, with respect to the Notes, payment of postpetition interest or any Makewhole Claims as expressly provided herein), and (ii) reimburse each Indemnified Party for all expenses (including, without limitation, the fees and expenses of counsel) as they are incurred in connection with investigating, preparing, pursuing, defending, settling, compromising or otherwise becoming involved in any action, suit, dispute, inquiry, investigation or proceeding, pending or threatened, brought by or against any person or entity (including, without limitation, any shareholder or derivative action), arising out of or related to this letter. However, the Holders shall not be liable under the foregoing indemnification provision for any loss, claim, damage or liability which is finally judicially determined by a court of competent jurisdiction to have resulted primarily from the willful misconduct or gross negligence of such Indemnified Party. For purposes hereunder, the term "**pro rata share**" means a fraction, the numerator of which shall be the principal balance of such Holder's aggregate holdings of the Notes as of the date of any such determination; and the denominator of which shall be the total principal balance of all Holder's aggregate holdings of the Notes as of such date.

Nothing herein shall in any way affect, limit, or impair the rights of the Trustee under the Indenture, the Notes or any related documents. If the indemnity set forth herein shall, in the reasonable opinion of the Trustee, become insufficient or impaired, the Trustee shall have the right to request additional indemnities or to cease (or not commence) to do the acts indemnified against until such insufficiency or impairment is cured.

Each Holder hereby represents and warrants that (x) this letter has been duly authorized, executed and delivered and constitutes its legal, valid and binding obligations enforceable in accordance with their terms, except as such enforceability may be limited by (i) bankruptcy, insolvency or other similar laws affecting creditors' rights generally and (ii) general principles of equity; and (y) it has independently reviewed this letter and not relied on any information from the Trustee.

Each Holder further hereby represents, warrants and certifies that, as of the date hereof, such Holder (i) either (A) is the beneficial owner of, or (B) has investment or voting discretion (with the power and authority to bind the beneficial owner(s)) with respect to, the principal amount of Notes set forth below its signature hereto, and (ii) has full power and authority to act on behalf of, vote, direct the Trustee as to, and consent to matters concerning, such Notes.

This letter shall be governed by, and construed in accordance with, the internal laws of the State of New York, without giving effect to the conflict of laws principles thereof that would require application of the laws of another jurisdiction.

No alteration, amendment or modification of this letter shall be effective or binding upon any party unless in writing and duly executed by Holders constituting the "Required Holders" under the Indenture. This letter (including the indemnity set forth herein) and any direction made pursuant hereto shall be binding upon any successor or assign of the Holders.

This letter may be executed by each Holder in counterparts (and by different parties hereto in different counterparts), each of which shall constitute an original, but all of which when taken together shall constitute a single instrument.

*[Signature pages follow.]*

IN WITNESS WHEREOF, each of the undersigned Holders has caused this letter to be executed and delivered as of the date first above written.

[HOLDER]

By: _____
Name:
Title:

Aggregate principal amount of Notes held:
$_____

# EXHIBIT 1

[Plan Support Agreement]