**EXHIBIT B(iii)**

LLC Agreement for Reorganized TCEH's Subsidiaries

# LIMITED LIABILITY COMPANY AGREEMENT

## OF

## [_____] LLC

This Limited Liability Company Agreement (this "Agreement") of [_____] LLC (the "Company") is entered into by [name of Member], as the sole member (the "Member").

The Member, by execution of this Agreement, hereby forms a limited liability company pursuant to and in accordance with the Delaware Limited Liability Company Act (6 Del. C. § 18-101, *et seq.*), as amended from time to time (the "Act"), and hereby agrees as follows:

1. Name. The name of the limited liability company formed hereby is [_____] LLC.

2. Filing of Certificates. The Member, as an authorized person within the meaning of the Act, shall execute, deliver and file all certificates (and any amendments and/or restatements thereof) required or permitted to be filed with the Secretary of State of the State of Delaware. The Member is authorized to execute, deliver and file any other certificates, notices or documents (and any amendments and/or restatements thereof) necessary for the Company to qualify to do business in any jurisdiction in which the Company may wish to conduct business.

3. Purposes. The Company is formed for the object and purpose of, and the nature of the business to be conducted and promoted by the Company is, engaging in any lawful act or activity for which limited liability companies may be formed under the Act.

4. Powers. In furtherance of its purposes, but subject to all of the provisions of this Agreement, the Company shall have and may exercise all the powers now or hereafter conferred by Delaware law on limited liability companies formed under the Act and all powers necessary, convenient or incidental to accomplish its purposes as set forth in Section 3.

5. Principal Business Office. The principal business office of the Company shall be located at [_____], or at such other location as may hereafter be determined by the Member.

6. Registered Office. The address of the registered office of the Company in the State of Delaware is c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

7. <u>Registered Agent</u>.  The name and address of the registered agent of the Company for service of process on the Company in the State of Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE  19801.

8. <u>Member</u>.  The name and the mailing address of the Member are as follows:

| Name | Address |
|---|---|
| _____ | _____ |
|  | _____ |
|  | _____ |

9. <u>Limited Liability</u>.  Except as otherwise provided by the Act, the debts, obligations and liabilities of the Company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the Company, and the Member shall not be obligated personally for any such debt, obligation or liability of the Company solely by reason of being a member of the Company.

10. <u>Admission of Member</u>.  The Member is deemed admitted as a member of the Company upon its execution and delivery of this Agreement.

11. <u>Capital Contributions</u>.  The Member is not required to make any capital contribution to the Company.  However, the Member may voluntarily make capital contributions to the Company at any time.

12. <u>Maintenance of Separate Existence</u>.  The Company shall do all things necessary to maintain its limited liability company existence separate and apart from the Member and any affiliate of the Member, including maintaining its books and records on a current basis separate from that of any affiliate of the Company or any other person or entity, and shall not commingle the Company's assets with those of any affiliate of the Company or any other person or entity.  In furtherance, and not in limitation, of the foregoing, the Company shall not:

(a) fail to (i) maintain or cause to be maintained by an agent under the Company's control physical possession of the records required to be kept under the Act, (ii) account for and manage all of its liabilities separately from those of any other person or entity, including payment by it of administrative expenses and taxes, other than income taxes, from its own assets or (iii) identify or cause to be identified separately all of its assets from those of any other person or entity;

(b) commingle, or permit the commingling of, its funds with the funds of the Member or any affiliate of the Member or use its funds for uses other than the Company's uses; or

(c) maintain, or permit the maintenance of, joint bank accounts or other depository accounts to which the Member would have independent access.

13. <u>Allocation of Profits and Losses</u>.  For so long as the Member is the sole member of the Company, the Company's profits and losses shall be allocated solely to the Member.

14. <u>Distributions</u>.  Distributions shall be made to the Member at the times and in the aggregate amounts determined by the Member or, if the Member appoints a Board of Managers (as defined below), the Board of Managers.  Notwithstanding any provision to the contrary contained in this Agreement, the Company shall not make a distribution to the Member on account of its interest in the Company if such distribution would violate the Act or other applicable law.

15. <u>Management</u>.

(a) In accordance with Section 18-402 of the Act, management of the Company shall be vested in the Member.  The Member shall have the power to appoint a board of managers (the "<u>Board of Managers</u>") in which case management of the Company shall be vested in the Board of Managers pursuant to the Member's appointment of the Board of Managers.  If the Member appoints a Board of Managers, the provisions of <u>Schedule I</u> hereto shall apply in lieu of Section 15(b) hereof.

(b) The Member shall have the power to do any and all acts necessary, convenient or incidental to or for the furtherance of the purposes of the Company described herein, including all powers, statutory or otherwise, possessed by members of a limited liability company under the laws of the State of Delaware.  Notwithstanding any other provision of this Agreement, the Member is authorized to execute and deliver any document on behalf of the Company without any vote or consent of any other person.  The Member has the authority to bind the Company.

16. <u>Officers</u>.  The Member (or, if the Member appoints a Board of Managers, the Board of Managers) may, from time to time as it deems advisable, select natural persons who are employees or agents of the Company and designate them as officers of the Company (the "<u>Officers</u>") and assign titles (including, without limitation, President, Executive Vice President, Senior Vice President, Vice President, Secretary, and Treasurer) to any such person.  Unless the Member (or, if the Member appoints a Board of Managers, the Board of Managers) decides otherwise, if the title is one commonly used for officers of a business corporation formed under the Delaware General Corporation Law, the assignment of such title shall constitute the delegation to such person of the authorities and duties that are normally associated with that office.  Any delegation pursuant to this Section 16 may be revoked at any time by the Member (or, if the Member appoints a Board of Managers, the Board of Managers).  An Officer may be removed with or without cause by the Member (or, if the Member appoints a Board of Managers, the Board of Managers).

17. <u>Waiver of Fiduciary Duties</u>.  This Agreement is not intended to, and does not, create or impose any implied duty (including, without limitation, any fiduciary duty and, for purposes of clarity, any prohibition on usurping opportunities of the Company) otherwise existing at law or in equity on the Member, a member of the Board of Managers, any Officer or any affiliate, officer, director, employee or agent of the Member (each of the foregoing, a

"Responsible Party"). To the fullest extent permitted by applicable Law, except in the case of fraud, the Company and any other person or entity that is a party to or is otherwise subject to or bound by this Agreement (including, without limitation, (a) the Company in its capacity as a debtor or debtor in possession in a bankruptcy case commenced under 11 U.S.C. (a "Bankruptcy Case"), (b) any successor to the Company in a Bankruptcy Case or otherwise, including, without limitation, a trustee, a litigation trust or estate representative, including, without limitation, a representative under 11 U.S.C. section 1123(a)(5), and (c) any creditor or committee of creditors or equity holders seeking or obtaining standing to assert claims of the estate in a Bankruptcy Case) (each of the foregoing, a "Subject Party") hereby expressly waives any and all duties (including, without limitation, fiduciary duties and, for purposes of clarity, any prohibition on usurping opportunities of the Company) that, absent such waiver, may be implied at law or in equity or otherwise owed to a Subject Party, and in doing so, recognizes, acknowledges and agrees that the duties and obligations of the Responsible Parties are only as expressly set forth in this Agreement.

18.    Exculpation and Indemnification.

(a)    No Responsible Party (collectively, the "Covered Persons") shall be liable to the Company, the Member, or any other person or entity who is a party to or is otherwise subject to or bound by this Agreement for any loss, damage or claim incurred by reason of any act or omission performed or omitted by such Covered Person in good faith on behalf of the Company and in a manner reasonably believed to be within the scope of the authority conferred on such Covered Person by this Agreement, except that a Covered Person shall be liable for any such loss, damage or claim incurred by reason of such Covered Person's gross negligence or willful misconduct.

(b)    Each person who was or is a party or is threatened to be made a party to, or was or is otherwise involved in, any action, suit, arbitration, alternative dispute mechanism, inquiry, judicial administrative or legislative hearing, investigation or any other threatened, pending or completed proceeding, whether brought by or in the right of the Company or otherwise, including any and all appeals, whether of a civil, criminal, administrative, legislative, investigative or other nature (hereinafter a "proceeding"), by reason of the fact that he or she is a Member or Manager of the Company or while a Member or Manager of the Company is or was serving at the request of the Company as a member, manager, officer, employee, agent or trustee of another limited liability company, of a corporation, partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan (hereinafter an "indemnitee"), or by reason of anything done or not done by him or her in any such capacity, shall be indemnified and held harmless by the Company to the full extent authorized by applicable law, including, without limitation, by the Act, as the same exists or may thereafter be amended, against all expense, liability and loss (including reasonable and documented attorneys' fees, judgments, fines, taxes or penalties and amounts paid in settlement by or on behalf of the indemnitee) actually and reasonably incurred by such indemnitee in connection therewith; provided, however, that except as otherwise required by law, the Company shall indemnify any such indemnitee in connection with a proceeding, or part thereof, initiated by such indemnitee (including claims and counterclaims, whether such counterclaims are asserted by (i) such indemnitee, or (ii) the Company in a proceeding initiated by such indemnitee) only if such proceeding, or part thereof, was authorized or ratified by the Members or Board of Managers.

(c)     In addition to the right to indemnification conferred in Section 18(b), an indemnitee shall, to the fullest extent not prohibited by law, also have the right to be paid by the Company the expenses (including reasonable and documented attorneys' fees) incurred in defending any proceeding with respect to which indemnification is required under Section 18(b) in advance of its final disposition (hereinafter an "advancement of expenses"); provided however, that an advancement of expenses shall be made only upon delivery to the Company of any undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision of a court of competent jurisdiction from which there is no further right to appeal (hereinafter a "final adjudication") that such indemnitee is not entitled to be indemnified for such expenses under Section 18 or otherwise.

(d)     The rights to indemnification and to the advancement of expenses conferred in this Section 18 shall not be exclusive of any other right which any person may have or hereafter acquire under any law, agreement, vote of Members, provisions of this Agreement, or otherwise.

(e)     The Company may maintain insurance, as its expense, to protect itself and any Member, Manager, employee or agent of the Company or any other limited liability company, corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss, whether or not the Company would have the power to indemnify such person against such expense, liability or loss under the Act.

(f)     In all events, (i) the Company hereby agrees that it is the indemnitor of first resort (i.e., its obligation to an indemnitee to provide advancement and/or indemnification to such indemnitee is primary and any obligation of any Member of the Company (including an affiliate thereof, other than the Company) to provide advancement or indemnification hereunder or under any other indemnification agreement (whether pursuant to contract, by-laws or charter), or any obligation of any insurer of any Member (or any affiliate thereof, other than the Company) to provide insurance coverage, for the same expenses, liabilities and losses (including reasonable and documented attorneys' fees, judgments, fines, taxes or penalties and amounts paid in settlement by or on behalf of the indemnitee) incurred by such indemnitee are secondary and (ii) if any Member (or any affiliate thereof, other than the Company) pays or causes to be paid, for any reason, any amounts otherwise indemnifiable hereunder or under any other indemnification agreement (whether pursuant to contract, by-laws or charter) with such indemnitee, then (x) such Member (or affiliate, as the case may be), shall be fully subrogated to all rights of such indemnitee with respect to such payment and (y) the Company shall fully indemnify, reimburse and hold harmless such Member (or such affiliate, as the case may be), for all such payments actually made by such Member (or such affiliate, as the case may be).

(g)     The Company may, to the extent and in the manner permitted by applicable law, and to the extent authorized from time to time, grant rights to indemnification and to the advancement of expenses to any employee or agent of the Company.

(h)     The rights conferred upon the indemnitees in this Section 18 shall be contract rights and such rights shall continue as to indemnitee who has ceased to be a Member, Manager or officer, or who has ceased to serve at the request of the Company as a member,

5

manager, officer, employee, agent or trustee of a limited liability company or of a corporation, partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan, and shall inure to the benefit of the indemnitee's heirs, executors and administrators.  Any amendment, alteration or repeal of this Section 18 that adversely affects any right of an indemnitee or its successors shall be prospective only and shall not limit or eliminate any such right with respect to any proceeding involving any occurrence or alleged occurrence of any action or omission to act that took place prior to such amendment, alteration or repeal.

(i)     Notwithstanding anything in this Section 18 to the contrary, the Company shall not be liable to indemnify any indemnitee under this Section 18 for any amounts paid in settlement of an proceeding effected without the Company's written consent, which consent shall not be unreasonably withheld or delayed, or for any judicial award if the Company was not given a reasonable and timely opportunity, at its expense, to participate in the defense of the proceeding.

(j)     In the event of payment under this Section 18, the Company shall be subrogated to the extent of such payment to all of the rights of recovery of the indemnitee, who shall execute all papers required and shall do everything that may be necessary to secure such rights, including the execution of such documents necessary to enable the Company effectively to bring suit to enforce such rights.

(k)     If any provision or provisions of this Section 18 shall be held to be invalid, illegal or unenforceable for any reason whatsoever, the (a) validity, legality and enforceability of the remaining provisions of this Section 18 (including, without limitation, all portions of any paragraph of this Section 18 containing any such provision held to be invalid, illegal or unenforceable, that are not by themselves invalid, illegal or unenforceable) shall not in any way be effected or impaired thereby, and (b) to the fullest extent possible, the provisions of this Section 18 (including, without limitation, all portions of any paragraph of this Section 18 containing any such provision held to be invalid, illegal or unenforceable, that are not themselves invalid, illegal or unenforceable) shall be construed so as to give effect to the intent of the parties that the Company provide protect to the indemnitee to the fullest enforceable extent.

19.     <u>Assignments</u>.  The Member may at any time assign in whole or in part its limited liability company interest in the Company.  If the Member transfers any of its interest in the Company pursuant to this Section, the transferee shall be admitted to the Company upon its execution of an instrument signifying its agreement to be bound by the terms and conditions of this Agreement.  If a Member transfers all of its interest in the Company, such admission shall be deemed effective immediately prior to the transfer, and, immediately following such admission, the transferor Member shall cease to be a member of the Company.

20.     <u>Resignation</u>.  The Member may at any time resign from the Company.  If the Member resigns pursuant to this Section, an additional member shall be admitted to the Company upon its execution of an instrument signifying its agreement to be bound by the terms and conditions of this Agreement.  Such admission shall be deemed effective immediately prior to the resignation, and, immediately following such admission, the resigning Member shall cease to be a member of the Company.

21. <u>Admission of Additional Members</u>.  One or more additional members of the Company may be admitted to the Company with the written consent of the Member and upon such terms (including with respect to participation in the management, profits, losses and distributions of the Company) as may be determined by the Member and the additional persons or entities to be admitted.

22. <u>Dissolution</u>.

(a) The Company shall dissolve and its affairs shall be wound up upon the first to occur of:  (i) the written consent of the Member, (ii) any time there are no members of the Company, unless the Company is continued in accordance with the Act, or (iii) the entry of a decree of judicial dissolution under Section 18-802 of the Act.

(b) In the event of dissolution, the Company shall conduct only such activities as are necessary to wind up its affairs (including the sale of the assets of the Company in an orderly manner), and the assets or proceeds from the sale of the assets of the Company shall be applied in the manner, and in the order of priority, set forth in Section 18-804 of the Act.

23. <u>Benefits of Agreement; No Third-Party Rights</u>.  The provisions of this Agreement are intended solely to benefit the Member and the other Responsible Parties and, to the fullest extent permitted by applicable law, shall not be construed as conferring any benefit upon any creditor of the Company (and no such creditor shall be a third-party beneficiary of this Agreement), and each Responsible Party shall have no duty or obligation to any creditor of the Company to make any contributions or payments to the Company.

24. <u>Severability of Provisions</u>.  Each provision of this Agreement shall be considered severable and if for any reason any provision or provisions herein are determined to be invalid, unenforceable or illegal under any existing or future law, such invalidity, unenforceability or illegality shall not impair the operation of or affect those portions of this Agreement which are valid, enforceable and legal.

25. <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement of the Member with respect to the subject matter hereof.

26. <u>Governing Law</u>.  This Agreement shall be governed by, and construed under, the laws of the State of Delaware (without regard to conflict of laws principles), all rights and remedies being governed by said laws.

27. <u>Amendments</u>.  This Agreement may not be modified, altered, supplemented or amended except pursuant to a written agreement executed and delivered by the Member.

[The remainder of this page is intentionally left blank.]

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, has duly executed this Agreement as of the ___ day of _____, 20___.

                [NAME OF MEMBER]

                By:_____
                    Name:
                    Title:

[SIGNATURE PAGE TO LIMITED LIABILITY COMPANY AGREEMENT]

SCHEDULE I

15.  Management.

(b)  Board; Powers.  The business and affairs of the Company shall be managed by or under the direction of the Board of Managers.  The Board of Managers shall have the power to do any and all acts necessary, convenient or incidental to or for the furtherance of the purposes of the Company described herein, including all powers, statutory or otherwise, possessed by managers of a limited liability company under the laws of the State of Delaware.  Each Manager (as defined below), is hereby designated a "manager" of the Company within the meaning of the Act.  Except as otherwise required by law, approval of any action by the Board of Managers in accordance with this Agreement shall constitute approval of such action by the Company.  Except as otherwise provided in this Agreement, no Member or Manager shall have the authority to bind the Company.

(c)  Number, Appointment; Tenure.  The Board of Managers shall consist of the number of individuals determined by the Member from time to time (each, a "Manager").  Each Manager shall hold office until a successor is duly elected and qualified or until such Manager's earlier death, disqualification, resignation or removal.

(d)  Meetings of the Board of Managers.  The Board of Managers may hold meetings, both regular and special, within or outside the State of Delaware.  Regular meetings of the Board of Managers may be held without notice at such time and at such place as shall from time to time be determined by the Board of Managers.  Special meetings of the Board of Managers may be called by the President on not less than one day's notice to each Manager by telephone, facsimile, mail, email or any other means of communication, and special meetings shall be called by the President or Secretary in like manner and with like notice upon the written request of any one or more of the Managers.

(e)  Quorum;  Acts of the Board of Managers.  At all meetings of the Board of Managers, a majority of the Managers shall constitute a quorum for the transaction of business and, except as otherwise provided in this Agreement, the act of a majority of the Managers present at any meeting at which there is a quorum shall be the act of the Board of Managers.  If a quorum shall not be present at any meeting of the Board of Managers, the Managers present at such meeting may adjourn the meeting from time to time, without notice other than announcement at the meeting, until a quorum shall be present.  Any action required or permitted to be taken at any meeting of the Board of Managers or of any committee thereof may be taken without a meeting if all members of the Board of Managers or committee, as the case may be, consent thereto in writing, and the writing or writings are filed with the minutes of proceedings of the Board of Managers or committee, as the case may be.

(f)  Electronic Communications. Members of the Board of Managers, or any committee designated by the Board of Managers, may participate in meetings of the Board, or any committee, by means of telephone conference or similar communications equipment that allows all persons participating in the meeting to hear each other, and such participation in a meeting shall constitute presence in person at the meeting.  If all the participants are participating

by telephone conference or similar communications equipment, the meeting shall be deemed to be held at the principal place of business of the Company.

      (g)    <u>Committees of the Board of Managers</u>.

      (i)    The Board of Managers may, by resolution passed by a majority of the whole Board of Managers, designate one or more committees, each committee to consist of one or more of the Managers of the Company. The Board of Managers may designate one or more Managers as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee.

      (ii)    In the absence or disqualification of a member of a committee, the member or members thereof present at any meeting and not disqualified from voting, whether or not such members constitute a quorum, may unanimously appoint another member of the Board of Managers to act at the meeting in the place of any such absent or disqualified member.

      (iii)    Any such committee, to the extent provided in the resolution of the Board, and subject in all cases to the provisions of this Agreement and applicable law, shall have and may exercise all the powers and authority of the Board in the management of the business and affairs of the Company. Such committee or committees shall have such name or names as may be determined from time to time by resolution adopted by the Board of Managers. Each committee shall keep regular minutes of its meetings and report the same to the Board of Managers when required.

      (h)    <u>Compensation of Managers; Expenses</u>. The Board of Managers shall have the authority to fix the compensation of Managers. The Managers may be paid their expenses, if any, of attendance at meetings of the Board of Managers, which may be a fixed sum for attendance at each meeting of the Board of Managers or a stated salary as Manager. No such payment shall preclude any Manager from serving the Company in any other capacity and receiving compensation therefor. Members of special or standing committees may be allowed like compensation for attending committee meetings.

      (i)    <u>Removal of Managers</u>. Unless otherwise restricted by law, any Manager or the entire Board may be removed, with or without cause, at any time by the Member.

Schedule I