**EXHIBIT J(iv)**

Series R Supplemental Indenture

**THIRD SUPPLEMENTAL INDENTURE**

Third Supplemental Indenture (this "Supplemental Indenture"), dated as of [_____], 2016, between [HoldCo LLC], a Delaware limited liability company (the "Company"), and American Stock Transfer & Trust Company, LLC (successor trustee to The Bank of New York Mellon Trust Company, N.A.), as Trustee (the "Trustee").

**W I T N E S S E T H**

WHEREAS, Energy Future Holdings Corp. (formerly TXU Corp.), a Texas corporation (the "Initial Predecessor"), has heretofore executed and delivered to the Trustee an Indenture, dated as of November 1, 2004 (as supplemented, the "Indenture") and an Officer's Certificate, dated as of November 26, 2004, providing for the issuance of the Initial Predecessor's 6.55% Series R Senior Notes due November 15, 2034 (the "Securities");

WHEREAS, on April 15, 2013, the Initial Predecessor merged with and into Energy Future Holdings Corp. (formerly EFH2 Corp.), a Texas corporation (the "Subsequent Predecessor"), with the Subsequent Predecessor continuing its existence under the laws of the State of Texas (the "Predecessor Merger");

WHEREAS, in connection with the Predecessor Merger, pursuant to the Second Supplemental Indenture, dated as of April 15, 2013, between the Subsequent Predecessor and the Trustee (the "Second Supplemental Indenture"), the Subsequent Predecessor assumed the due and punctual payment of the principal of and premium, if any, and interest, if any, on all Outstanding Securities and the performance of every covenant of the Indenture on the part of the Initial Predecessor to be performed or observed, and succeeded to, and was substituted for, the Initial Predecessor under the Indenture with the same effect as if the Subsequent Predecessor had been named as the "Company" in the Indenture;

WHEREAS, on the date hereof, immediately prior with the effectiveness of this Supplemental Indenture, Texas Competitive Electric Holdings Company LLC, a Delaware limited liability company ("TCEH"), assigned substantially all of its assets to the Company, which constituted a TCEH Transfer under the terms of the Indenture;

WHEREAS, Section 1101 of the Indenture provides that the Subsequent Predecessor may not convey, transfer or lease its properties and assets as an entirety or substantially as an entirety to any Person, unless, among other things, the corporation that acquires by conveyance or transfer the properties and assets of the Subsequent Predecessor as an entirety or substantially as an entirety expressly assumes, by an indenture supplemental to the Indenture, executed and delivered to the Trustee, in form satisfactory to the Trustee, the due and punctual payment of the principal of and premium, if any, and interest, if any, on all Outstanding Securities and the performance of every covenant of the Indenture on the part of the Subsequent Predecessor to be performed or observed;

WHEREAS, Section 1101 of the Indenture further provides that a TCEH Transfer constitutes the conveyance, transfer or lease of properties and assets of the Subsequent Predecessor as an entirety or substantially as an entirety and, accordingly, the Company is required to comply with the requirements of Section 1101 of the Indenture;

WHEREAS, Section 1102 of the Indenture provides that, upon any conveyance or other transfer or lease of the properties and assets of the Subsequent Predecessor as an entirety or substantially as an entirety in accordance with Section 1101, the Person to which such conveyance, or other transfer or lease is made shall succeed to, and be substituted for, and may exercise every right and power of, the Subsequent Predecessor under the Indenture with the same effect as if such successor Person had been named as the "Company" in the Indenture;

WHEREAS, the Company has been duly authorized to enter into this Supplemental Indenture;

WHEREAS, all conditions necessary to authorize the execution and delivery of this Supplemental Indenture and to make this Supplemental Indenture a valid and binding instrument enforceable in accordance with its terms have been complied with or have been done or performed; and

WHEREAS, the Trustee is authorized to execute and deliver this Supplemental Indenture.

NOW THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt of which is hereby acknowledged, the parties mutually covenant and agree for the equal and ratable benefit of the Holders of the Securities as follows:

## ARTICLE I.

Section 1.01    Defined Terms. Terms defined in the Indenture and used herein without definition shall have the meanings assigned to them in the Indenture.

## Article II.

Section 2.01    Representations of the Company. The Company represents and warrants to the Trustee as follows:

(a) It is a limited liability company duly organized, validly existing and in good standing under the laws of the State of Delaware.

(b) The execution, delivery and performance by it of this Supplemental Indenture have been authorized and approved by all necessary corporate action on its part.

Article III.

Section 3.01    Assumptions and Agreements of Successor.

(a) In accordance with Section 1101 of the Indenture, the Company hereby expressly assumes the due and punctual payment of the principal of and premium, if any, and interest, if any, on all Outstanding Securities and the performance of every covenant of the Indenture on the part of the Subsequent Predecessor to be performed or observed.

(b) In accordance with Section 1102 of the Indenture, the Company shall succeed to, and be substituted for, and may exercise every right and power of, the Subsequent Predecessor under the Indenture with the same effect as if the Company had been named as the "Company" in the Indenture.

Article IV.

Section 4.01    Effectiveness of Supplemental Indenture. This Supplemental Indenture shall be effective upon its execution and delivery by the parties hereto.

Section 4.02    Governing Law. THIS SUPPLEMENTAL INDENTURE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK.

Section 4.03    Full Force and Effect. Except as expressly supplemented hereby, the Indenture is in all respects ratified and confirmed and all the terms, conditions and provisions thereof shall remain in full force and effect. Upon the execution and delivery of this Supplemental Indenture by the Company and the Trustee, this Supplemental Indenture shall form a part of the Indenture for all purposes, and the Company, the Trustee and every Holder of Securities heretofore or hereafter authenticated and delivered shall be bound hereby. Any and all references to the Indenture, whether within the Indenture or in any notice, certificate or other instrument or document, shall be deemed to include a reference to this Supplemental Indenture (whether or not made), unless the context shall otherwise require.

Section 4.04    Indenture and Supplemental Indenture Construed Together. This Supplemental Indenture is an indenture supplemental to the Indenture, and the Indenture and this Supplemental Indenture shall henceforth be read and construed together.

Section 4.05    Confirmation and Preservation of Indenture. The Indenture as supplemented by this Supplemental Indenture is in all respects confirmed and preserved.

Section 4.06    Benefits of Supplemental Indenture. Nothing in this Supplemental Indenture, express or implied, shall give to any Person other than the parties hereto and thereto and their successors hereunder and thereunder and the Holders of the Securities, any benefit of any legal or equitable right, remedy or claim under the Indenture, this Supplemental Indenture or the Securities.

Section 4.07    Successors and Assigns. All covenants and agreements of the Company and the Trustee in this Supplemental Indenture shall bind their respective successors and assigns, whether so expressed or not.

Section 4.08    The Trustee. The Trustee shall not be responsible in any manner for or in respect of the validity or sufficiency of this Supplemental Indenture or for or in respect of the recitals contained herein, all of which are made by the Company.

Section 4.09    Counterparts. The parties may sign any number of copies of this Supplemental Indenture. Each signed copy shall be an original, but all of them together represent the same agreement.

Section 4.10    Effect of Headings. The Section headings herein are for convenience only and shall not affect the construction hereof.

Section 4.11    Severability. If any provision in this Supplemental Indenture shall be invalid, illegal or unenforceable, the validity, legality or enforceability of the remaining provisions of this Supplemental Indenture or the Indenture shall not in any way be affected or impaired thereby.

*[Remainder of Page Left Intentionally Blank]*

IN WITNESS WHEREOF, the parties hereto have caused this Supplemental Indenture to be duly executed as of the day and year first above written.

[HOLDCO LLC]

By: _____
    Name:
    Title:

AMERICAN STOCK TRANSFER &
TRUST COMPANY, LLC, as Trustee

By: _____
    Name:
    Title: