# EXHIBIT S

**Tax Receivable Agreement**

**Reorganized TCEH Tax Receivable Agreement**
**Summary of Material Terms and Conditions**

This Term Sheet summarizes the material terms and conditions of the Tax Receivable Agreement (the "TRA") described in Article IV(T) of the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., pursuant to Chapter 11 of the Bankruptcy Code (as may be further amended from time to time, the "Plan") that may be entered into by and between Reorganized TCEH and the Trustee (as defined below). All capitalized terms used but not defined herein shall have the meanings set forth in the Plan.

| | |
|---|---|
| **Term** | At the request of the TCEH Supporting First Lien Creditors, with the consent of the Debtors, New EFH and OV2 (such consent not to be unreasonably withheld, delayed, or conditioned, as further described in the Plan), on the Effective Date and before the Distribution, Reorganized TCEH shall enter into the TRA. |
| | The TRA will continue until all Tax Benefits have been utilized or have expired or until the TRA has been terminated as described below . Payment under the TRA will not be conditioned on any TRA Rightsholder (as defined below) retaining an interest in Reorganized TCEH (or any successor thereto). |
| | Regardless of whether the TRA is entered into as described above, Reorganized TCEH may enter into one or more tax receivable agreements or other similar arrangements after the Distribution. |
| **TRA Rights** | Rights (including the rights to receive payment) under the TRA (the "TRA Rights") will be issued initially in the form of a global security registered in the name of the Depository Trust Company ("DTC") or its designee. Each Holder of Allowed TCEH First Lien Secured Claims that timely files a signed designation of its DTC participant and account number for receipt of the TRA Rights, in addition to any other information deemed necessary (the "TRA Information Form"), will be issued, in the Distribution, beneficial interests in the TRA Rights, which shall be allocated among such Holders in a manner consistent with the Plan. |
| | ONLY HOLDERS OF ALLOWED TCEH FIRST LIEN SECURED CLAIMS THAT TIMELY RETURN A TRA INFORMATION FORM SHALL BE ENTITLED TO RECEIVE BENEFICIAL INTERESTS IN THE TRA RIGHTS. HOLDERS OF ALLOWED TCEH FIRST LIEN SECURED CLAIMS THAT FAIL TO TIMELY RETURN A TRA INFORMATION FORM SHALL NOT RECEIVE ANY BENEFICIAL INTERESTS IN THE TRA RIGHTS OR ANY ENTITLEMENT TO ANY OTHER DISTRIBUTION OR CONSIDERATION ON ACCOUNT OF OR IN CONNECTION |

|   |   |
|---|---|
| | WITH THE TRA. |
| **Payments** | Reorganized TCEH will make annual cash payments for the benefit of the holders of the TRA Rights from time to time (the "TRA Rightsholders"), *pro rata* in accordance with the number of issued and outstanding TRA Rights, in an amount equal to 85% of the actual cash U.S. federal, state and local tax savings, if any, realized by Reorganized TCEH as a result of (i) any transaction consummated pursuant to the Plan (including the Basis Step-Up resulting from the Preferred Stock Sale) and (ii) any imputed interest on payments made under the TRA (together, the "Tax Benefits"), computed on a "with and without" basis for such year, plus interest accruing from the due date for the applicable tax return (without extensions). |
| | Payments will be made only from Reorganized TCEH to the Trustee (for ultimate disbursement to the TRA Rightsholders), and there will be no obligation for the TRA Rightsholders to make payments to Reorganized TCEH or the Trustee in the event a Tax Benefit is subsequently reduced or disallowed. |
| **Payment upon Breach / Change of Control** | In the event that Reorganized TCEH breaches any of its material obligations under the TRA and fails to cure such breach within a specified period, the Trustee shall treat such breach as an early termination of the TRA; provided, that TRA Rightsholders holding two-thirds of the TRA Rights may direct the Trustee to waive such breach or seek specific performance of the TRA instead of treating such breach as an early termination of the TRA.  In the event that the Trustee treats such breach as an early termination, Reorganized TCEH will be required to make a lump-sum payment to the TRA Rightsholders in respect of all Tax Benefits that would be subsequently available based on certain assumptions to be set forth in the TRA, including that there is sufficient taxable income in each subsequent year to fully utilize any tax attributes that would be available for use in such year, and the tax rates in effect at such time would continue for each subsequent year, and applying a discount rate. |
| | Upon a Change of Control (as defined below), the Trustee shall treat such Change of Control as an early termination, under which Reorganized TCEH will be required to make a lump-sum payment to the TRA Rightsholders as described above; provided, that TRA Rightsholders holding two-thirds of the TRA Rights may direct the Trustee not to treat such Change of Control as an early termination of the TRA.  If the TRA is not terminated upon a Change of Control, future payments under the TRA will be determined based on certain assumptions to be set forth in the TRA. |
| | "Change of Control" shall have a meaning substantially consistent with the meaning given to such term (or a term of similar import) in the New |

|  |  |
|---|---|
|  | Reorganized TCEH Debt Documents and the other Transaction Documents that apply to Reorganized TCEH. |
| **Priority of Payments; Coordination with Indebtedness** | The payments under the TRA will rank subordinate and junior in right of payment to any principal, interest or other amounts due and payable in respect of any obligations in respect of indebtedness for borrowed money of Reorganized TCEH ("Senior Obligations") and shall rank *pari passu* with all current or future unsecured obligations of Reorganized TCEH that are not Senior Obligations. |
|  | If at any time any amount becomes due and payable under the TRA and Reorganized TCEH is not permitted, pursuant to the terms of its Senior Obligations, to pay such amounts (or to cause its subsidiaries to distribute cash to Reorganized TCEH to fund such payment), then Reorganized TCEH shall be permitted to defer payment of such amount until such time as such restriction is no longer applicable, in which case such amounts (together with interest thereon) shall become due and payable immediately. |
|  | Reorganized TCEH shall, and shall cause its subsidiaries to use commercially reasonable efforts to ensure that its Senior Obligations and other obligations permit any amounts payable under the TRA to be paid when due (without regard to the deferral described above). |
| **Optional Early Termination** | Reorganized TCEH may at any time elect to terminate the TRA as to all TRA Rightsholders, upon which Reorganized TCEH will be required to make a lump-sum payment to the TRA Rightsholders as described above in connection with a breach. Reorganized TCEH may not terminate the TRA with respect to some but not all TRA Rightsholders. |
| **Trustee** | Before the Effective Date, the Debtors shall appoint, subject to the approval of the TCEH Supporting First Lien Creditors, a trustee of nationally recognized standing to act as trustee under the TRA (the "Trustee"). The costs and expenses of the Trustee shall be paid or reimbursed by Reorganized TCEH. |
| **Audit** | Reorganized TCEH shall engage an independent certified public accounting firm of nationally recognized standing (which, for the avoidance of doubt, may be the independent auditors of Reorganized TCEH's financial statements) (the "Independent Accountant") to verify the accuracy of payments by Reorganized TCEH under the TRA. Reorganized TCEH shall permit the Independent Accountant to have access to such records as may be reasonably necessary to verify the accuracy of such payments. If the Independent Accountant determines that a payment to the TRA Rightsholders that should have been paid was not paid in full, Reorganized TCEH shall be required to pay such shortfall (with interest) within 30 days after the date that the Independent Accountant delivers its written report to Reorganized |

3

| | |
|---|---|
| | TCEH.  The decision of the Independent Accountant shall be final, conclusive and binding on Reorganized TCEH, the Trustee and the TRA Rightsholders.  The costs and expenses of the Independent Accountant will be paid by Reorganized TCEH. |
| **Assignment** | Beneficial interests in the TRA Rights shall be assignable by a TRA Rightsholder, regardless of whether such TRA Rightsholder continues to hold any Reorganized TCEH Common Stock. |
| **Availability of Information** | During the term of the TRA, Reorganized TCEH shall make available certain periodic and current information of Reorganized TCEH (including, without limitation, annual, quarterly and current reports, and which may include certain tax and TRA-related information and other financial information of Reorganized TCEH) to current and prospective TRA Rightsholders. |
| **Amendment** | Other than certain amendments that benefit or do not adversely affect the TRA Rightsholders (which may be effected by Reorganized TCEH and the Trustee without consent of the TRA Rightsholders), amendments to the TRA will generally require the consent of a majority-in-interest of the TRA Rightsholders.  Notwithstanding the foregoing, certain specified amendments will require unanimous consent. |
| **Governing Law** | New York |