UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| ENERGY FUTURE HOLDINGS CORP. *et al.*, | : | Case No. 14-10979 (CSS) |
|  | : |  |
| Debtors-in-Possession. | : | (Jointly Administered) |
|  |  | (D.I. 1888) |

**FEE COMMITTEE'S STATUS REPORT CONCERNING UNCONTESTED INTERIM FEE APPLICATIONS FOR HEARING ON OCTOBER 26, 2015 AT 10:00 A.M. EDT**

TO:  THE HONORABLE CHRISTOPHER S. SONTCHI,
    UNITED STATES BANKRUPTCY JUDGE:

The Fee Committee appointed in the above-captioned chapter 11 cases (the "Fee Committee") respectfully submits this report (the "Report") concerning 27 interim fee applications (each an "Application" and, collectively, the "Applications") and respectfully requests that they be heard and approved on an uncontested basis at the hearing scheduled for October 26, 2015. The Report covers the applications for fees and expenses filed by 27 Retained Professionals, largely for the Third Interim Fee Period (January 1, 2015 through April 30, 2015). It adopts and follows the format of the Committee's previous reports.

## EXECUTIVE SUMMARY

Since the issuance of its last report, dated June 19, 2015, the Fee Committee has reviewed and, herein, expresses its recommendation for approval of the Applications seeking interim compensation and expenses that aggregate $86,118,196.92 in fees and $4,790,775.80 in expense reimbursements through April 30, 2015. No objections have been filed.

To arrive at the recommendations in this Report, the Fee Committee, under the leadership of Chairman Richard Gitlin, met on at least a monthly basis since its last report, including four

in-person and three telephonic meetings. At these meetings, the Fee Committee again engaged in extensive discourse concerning the Applications and the often-detailed responses from the Retained Professionals to the Fee Committee's Letter Reports.[1]

With few exceptions, the Fee Committee has continued to find the Retained Professionals responsive to requests for information and cooperative in discussing and resolving areas of concern. In addition, the Fee Committee has observed that, in connection with many of the Applications submitted by professionals that had fees approved for the first two interim fee periods, the third interim period Applications were notably more in compliance with the Local Rules, U.S. Trustee Guidelines, and Fee Committee standards.

As in the two prior interim fee periods, the Fee Committee's review has focused on compliance with the applicable requirements and guidelines established by the Bankruptcy Code, the Executive Office of the U.S. Trustee, and the Fee Committee. Once again, the Fee Committee has identified and will continue to identify areas of concern, including: excessive numbers of attendees at hearings, on phone calls, and at meetings; time billed for invoicing activities and other administrative tasks that are properly part of a professional's overhead; and unreasonable amounts of time spent on retention and fee application activities. Other specific issues—such as a lack of sufficient detail in time records, block billing, timekeepers who appear to record time in half- or whole-hour increments (rather than the required tenth-hour increments), and travel expenses—also have been and will continue to be addressed by the Fee Committee.

Many—but not all—Retained Professionals increased hourly billing rates during the third interim fee period, with new rates taking effect for most firms on January 1, 2015. The Fee Committee is calculating the cumulative impact of all rate increases, and it has specifically

---

[1] Capitalized terms not otherwise defined shall have the meanings ascribed in prior Fee Committee reports.

reserved its right with individual Retained Professionals and in general to object to rate increases in connection with subsequent interim and final fee applications once the aggregate effect of rate increases has been determined. That effect will be substantial, but until the conclusion of the case, the Fee Committee will be unable to provide the Court with the complete analysis necessary to determine the reasonableness of any rate increases.

The Fee Committee has asked, in advance, for information from Retained Professionals explaining the basis for any rate increases, but only a few have complied meaningfully with that request. The Fee Committee advises the Court that the Fee Committee may recommend, in subsequent fee periods, implementing holdbacks of some portion of fees attributable to rate increases. Without holdbacks, some professionals may ultimately be asked to disgorge fees attributable to unreasonable rate increases—a result the Fee Committee prefers to avoid.

The total fees requested on an interim basis and approved or recommended for approval by the Fee Committee to date are set forth below:[2]

| CUMULATIVE TOTAL OF INTERIM FEES AND EXPENSE REIMBURSEMENTS REQUESTED[3] | | | | | |
|---|---|---|---|---|---|
| NUMBER OF APPLICANTS | HEARING DATE | APPROVED BY THE COURT | | RECOMMENDED BY FEE COMMITTEE FOR APPROVAL ON 10/26/15 | |
| | | FEES | EXPENSES | FEES | EXPENSES |
| FIRST INTERIM FEE PERIOD: APRIL 29, 2014 THROUGH AUGUST 31, 2014 | | | | | |
| 4 | December 29, 2014 | $12,862,747.75 | $353,843.86 | | |
| 1 | January 26, 2015 | $24,511,927.32 | $1,122,860.04 | | |
| 5 | February 18, 2015 | $16,517,565.76 | $820,543.45 | | |
| 6-held over | June 24, 2015 | $7,660,577.80 | $197,488.77 | | |
| SECOND INTERIM FEE PERIOD: SEPTEMBER 1, 2014 THROUGH DECEMBER 31, 2014 | | | | | |
| 12 (professionals' 1st applications) | June 24, 2015 | $7,542,288.16 | $211,020.11 | | |
| 12 (professionals' 2d applications) | June 24, 2015 | $50,892,491.94 | $2,852,293.26 | | |
| 1 (professional's 2d application) | October 26, 2015 | | | $3,134,247.50 | $199,105.35 |

---

[2] A complete schedule of interim fee applications scheduled for hearing on October 26, 2015, along with the Fee Committee's recommended deductions, is attached hereto as **Exhibit A**.

[3] This table does not include the fees and expenses incurred by the Fee Committee Chair or Fee Committee counsel, which aggregate $1,005,136.00 in fees and $66,859.57 in expense reimbursement requests. They, too, will be heard on October 26, 2015.

3

| THIRD INTERIM FEE PERIOD: JANUARY 1, 2015 THROUGH APRIL 30, 2015 | | | | | |
|---|---|---|---|---|---|
| 2 (professionals' 1st applications) | October 26, 2015 | | | $987,931.08 | $42,344.81 |
| 12 (professionals' 2nd applications) | October 26, 2015 | | | $21,696,829.99 | $731,858.25 |
| 12 (professionals' 3rd applications) | October 26, 2015 | | | $60,299,188.35 | $3,817,467.39 |

**APPLICATIONS FOR INTERIM COMPENSATION
SCHEDULED FOR HEARING ON OCTOBER 26, 2015**

The Applications scheduled to be heard on October 26, 2015, which are the subject of this Report, may be divided into four groups.  The first group consists of a single retained professional, FTI Consulting, Inc., requesting compensation for work performed during the "Second Interim Fee Period" (September 1, 2014 through December 31, 2014).

The second group consists of Retained Professionals retained late in or after the Second Interim Fee Period, for work performed during the Third Interim Fee Period:

- McElroy, Deutsch, Mulvaney & Carpenter [D.I. 4770]
- SOLIC Capital Advisors, LLC [D.I. 4892].

This report addresses the First Interim Fee Applications of these Professionals.

The third group includes professionals retained *after* the First Interim Fee Period requesting compensation for services provided during the Third Interim Fee Period:

- Alix Partners, LLP [D.I. 4761]
- Balch & Bingham LLP [D.I. 4756]
- Cravath Swaine & Moore LLP [D.I. 4764]
- Goldin Associates, LLC [D.I. 4751]
- Greenhill & Co., LLC [D.I. 4767]
- Guggenheim Securities, LLC [D.I. 4662]
- Montgomery, McCracken, Walker & Rhoads, LLP [D.I. 4734]
- Munger, Tolles & Olson LLP [D.I. 4769]
- O'Kelly Ernst & Bielli LLC [D.I. 4760]
- Proskauer Rose LLP [D.I. 4759 ]
- Stevens & Lee, P.C. [D.I. 4758]
- Sullivan & Cromwell LLP [D.I. 4732].

This report addresses the Second Interim Fee Applications of each of these Retained Professionals.

The fourth group includes professionals retained as of the Petition date (or soon thereafter) requesting compensation for work performed during the Third Interim Fee Period:

- Alvarez & Marsal North America, LLC [D.I. 4809]
- Deloitte & Touche LLP [D.I. 5048]
- Evercore Group L.L.C. [D.I. 4861]
- Filsinger Energy Partners [D.I. 4768]
- Gibson, Dunn & Crutcher LLP [D.I. 4765]
- KPMG LLP [D.I. 4903]
- Kirkland & Ellis LLP [D.I. 4773]
- Lazard Frères and Co. LLC [D.I. 4933]
- McDermott Will & Emery LLP [D.I. 4821]
- Morrison & Foerster LLP [D.I. 4755]
- Polsinelli PC [D.I. 4776]
- Thompson & Knight LLP [D.I. 5188].

This report addresses the Third Interim Fee Applications of each of these Retained Professionals.

## ISSUES IDENTIFIED

The Fee Committee's review continues to focus on each applicant's compliance with the Local Rules, the U.S. Trustee Guidelines, the Bankruptcy Code and rules, and other applicable authorities (collectively, the "Fee Committee Standards"). The Fee Committee has focused in particular on several fee issues, with particular attention to staffing levels and multiple attendance on calls and in meetings and hearings. These proceedings have been described as among the most complex and technical in the Chapter 11 system, and the Court has acknowledged that. Yet some limits remain warranted.

With respect to expenses, the Fee Committee has continued to identify charges in excess of case-specific caps, inadequately or wholly undocumented, or expenses that the Fee Committee has expressly identified as non-compensable but for which Retained Professionals continue to seek reimbursement. To improve the efficiency of the fee review process, the Fee Committee

again reminds professionals that they should not include non-compensable activities (such as editing bills) or expenses (such as in-house printer use or travel agency fees) in their fee applications.

On the continuing and troubling issue of case staffing, the Fee Committee has engaged in detailed discussions with many professionals regarding their staffing practices, team structures, and substantive roles to ensure that all timekeepers are contributing meaningfully to the specific meeting or hearing at issue. All of the applicants discussed in this Report have agreed to adjustments, some significant, consistent with the Fee Committee's recommendations.

## THE APPLICATIONS

Currently, 30 uncontested interim fee applications are scheduled to be heard by the Court on October 26, 2015.[4] The issues identified in each Application are summarized, one by one, below.

### SECOND INTERIM FEE APPLICATION FOR WORK PERFORMED DURING THE SECOND INTERIM FEE PERIOD: SEPTEMBER 1, 2014 THROUGH DECEMBER 31, 2014

1. *Second Interim Fee Application of FTI Consulting, Inc., Financial Advisor to the Official Committee of Unsecured Creditors, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred For the Period September 1, 2014 Through December 31, 2014* [D.I. 3980].

On March 26, 2015, FTI Consulting, Inc. ("FTI") filed its Second Fee Application seeking $3,208,864.75 in fees and $206,515.72 in expense reimbursements. In its Letter Report

---

[4] This number includes the 27 Applications recommended for Court approval in this Report along with the applications of the Fee Committee Chair and Fee Committee counsel, all of which will be heard on October 26, 2015. *See Second Interim Application of Richard Gitlin, Individually, and as Chairman of Gitlin & Company LLC, as the Independent Member of the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From January 1, 2015 Through April 30, 2015* [D.I. 5013]; *Second Interim Application of Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From January 1, 2015 Through April 30, 2015* [D.I. 5018]; and *Second Interim Fee Application of Phillips, Goldman & Spence, P.A. for Compensation and Reimbursement of Expenses as Delaware Counsel to the Fee Committee for the Period January 1, 2015 Through April 30, 2015* [D.I. 5016].

6

to FTI, the Committee identified certain issues of concern, including potential overstaffing or excessive management oversight and supervision, as well as concern about the specificity of FTI's task and expense descriptions in its timekeeping. FTI subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

FIRST INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE<br>THIRD INTERIM FEE PERIOD: JANUARY 21, 2015 THROUGH APRIL 30, 2015

2. *First Interim Fee Application of McElroy, Deutsch, Mulvaney & Carpenter, LLP for Allowance of Compensation and for Reimbursement of Expenses Incurred During the Period January 12, 2015 Through April 30, 2015* [D.I. 4770].

On March 9, 2015, the Court authorized the Debtors to retain McElroy, Deutsch, Mulvaney & Carpenter, LLP ("McElroy") as Delaware Counsel to Debtors and Debtors In Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC Effective Nunc Pro Tunc to January 12, 2015 [D.I. 3835]. On June 15, 2015, McElroy filed its First Fee Application seeking $97,788.50 in fees and $885.80 in expense reimbursements. In its Letter Report to McElroy, the Fee Committee identified a single transitory timekeeper whose work the Fee Committee viewed as providing no significant benefit to the estates. McElroy subsequently either provided adequate explanation for this issue or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

3. *First Interim Fee Application of SOLIC Capital Advisors, LLC, Financial Advisor for Debtor Energy Future Holdings Corp., for Compensation for Services Rendered and Reimbursement of Expenses Incurred From December 18, 2014 Through April 30, 2015* [D.I. 4892].

On February 5, 2015, the Court authorized the Debtors to retain SOLIC Capital Advisors, LLC ("SOLIC") as Financial Advisor for Debtor and Debtor In Possession Energy Future

Holdings Corp. Effective Nunc Pro Tunc to December 18, 2014 [D.I. 3448-1]. On June 29, 2015, SOLIC filed its First Fee Application seeking $890,322.57 in flat fees and $41,787.51 in expense reimbursements. In its Letter Report to SOLIC, the Fee Committee identified a number of deficiencies in SOLIC's timekeeping practices and several inadequately documented local travel expenses. SOLIC subsequently either provided adequate explanation for this issue or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

**SECOND INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE THIRD INTERIM FEE PERIOD: JANUARY 1, 2015 THROUGH APRIL 30, 2015**

4. *Second Interim Fee Application of AlixPartners, LLP Seeking Compensation for Services Rendered and Reimbursement of Expenses Incurred as Restructuring Advisor to the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance Inc., and EECI, Inc. for the Period From January 1, 2015 Through April 30, 2015* [D.I. 4761].

On June 15, 2015, AlixPartners, LLP ("AlixPartners") filed its Second Fee Application seeking $1,257,388.75 in fees and $178,597.72 in expense reimbursements. In its Letter Report to AlixPartners, the Fee Committee identified certain issues of concern, including potential overstaffing and the number of participants at and frequency of meetings. AlixPartners subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

5. *Second Interim Application of Balch & Bingham LLP, Special Counsel to the Debtor and Debtors in Possession, for the Period From January 1, 2015 Through April 30, 2015* [D.I. 4756].

On June 15, 2015, Balch & Bingham LLP ("Balch & Bingham") filed its Second Fee Application seeking $1,207,895.75 in fees and $28,163.10 in expense reimbursements. In its

8

Letter Report to Balch & Bingham, the Fee Committee identified certain issues of concern, with some billing errors and minor expense issues noted. Balch & Bingham subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

> 6. *Second Interim Fee Application of Cravath, Swaine & Moore LLP Independent Counsel for Energy Future Intermediate Holding Company LLC, for the Period January 1, 2015 Through April 30, 2015* [D.I. 4764].

On June 15, 2015, Cravath, Swaine & Moore LLP ("Cravath") filed its Second Fee Application seeking $1,499,619.50 in fees and $29,477.20 in expense reimbursements. In its Letter Report to Cravath, the Fee Committee identified certain issues of concern, including some billing errors and time entries that lacked sufficient detail. Cravath subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.[5]

> 7. *Second Interim Fee Statement of Goldin Associates, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred From January 1, 2015 Through April 30, 2015* [D.I. 4751].

On June 15, 2015, Goldin Associates, LLC ("Goldin") filed its Second Fee Application requesting $600,000.00 in flat fee compensation and $23,148.22 in expense reimbursements. In its Letter Report to Goldin, the Fee Committee identified a number of non-compensable expense items or expenses that failed to comply with the Fee Committee standards. Goldin subsequently

---

[5] On June 17, 2015, Jenner & Block LLP filed the *Application for an Order Approving the Employment of Jenner & Block LLP as Counsel to Energy Future Intermediate Holding Company LLC Under Sections 327(a) and 1107(b) of the Bankruptcy Code, Effective Nunc Pro Tunc to May 18, 2015* [D.I. 4792], explaining that "[t]he Cravath partner responsible for the firm's restructuring representation and advice, Richard Levin, left the firm effective May 17, 2015 and joined Jenner on May 18, 2015. After consultation among EFIH (through [its independent director], Cravath, and Jenner, EFIH decided to retain Jenner for restructuring representation and advice, so that the same team of lawyers would continue to advise and represent EFIH…." On July 8, 2015, the Court entered the *Order Approving the Employment of Jenner & Block as Counsel to Energy Future Intermediate Holding Company LLC Under Sections 327(a) and 1107(b) of the Bankruptcy Code, Effective Nunc Pro Tunc to May 18, 2015* [D.I. 4945].

either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

> 8. *Second Interim Application of Greenhill & Co., LLC, as Financial Advisor to Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC for Allowance of Compensation and Reimbursement of Expenses for the Period January 1, 2015 Through April 30, 2015* [D.I. 4767].

On June 15, 2015, Greenhill & Co., LLC ("Greenhill") filed its Second Fee Application, seeking $1 million in flat fees and $105,777.79 in expense reimbursements. In its Letter Report to Greenhill, the Fee Committee identified certain issues of concern, including a number of apparently double-billed time entries, travel expenses that were inadequately supported with appropriate documentation, and expenses exceeding the Fee Committee's established caps. Greenhill subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

> 9. *Second Interim Fee Application of Guggenheim Securities, LLC, Investment Banker to the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc., for Allowance of Compensation and Reimbursement of Expenses Incurred for the Period January 1, 2015 Through April 30, 2015* [D.I. 4662].

On June 3, 2015, Guggenheim Securities, LLC ("Guggenheim") filed its Second Fee Application seeking $1 million in flat fees and $71,856.92 in expense reimbursements. In its Letter Report to Guggenheim, the Fee Committee identified certain areas of concern, most notably that Guggenheim failed to submit adequate documentation of its expenses or in some instances any documentation, as required by the Fee Committee. In addition, the Fee Committee identified several improperly-recorded expenses and expenses that failed to comply with the Fee Committee's standards. Guggenheim subsequently either provided adequate explanation for

these issues or agreed to certain adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

> 10. *Second Interim Application of Montgomery, McCracken, Walker & Rhoads, LLP as Delaware Bankruptcy Counsel and Conflicts Counsel to the EFH Official Committee for Compensation and Reimbursement of Expenses for the Period From January 1, 2015 Through April 30, 2015* [D.I. 4734].

On June 11, 2015, Montgomery, McCracken, Walker & Rhoads, LLC ("Montgomery") filed its Second Fee Application seeking $461,531.50 in fees and $2,520.83 in expenses.  In its Letter Report to Montgomery, the Fee Committee identified certain issues of concern, including non-compensable billing activities, vague task descriptions, and expenses that exceeded Fee Committee caps.  Montgomery subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

> 11. *Second Interim Application of Munger, Tolles & Olson LLP, Counsel to Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Holdings Company LLC, for the Period January 1, 2015 Through and Including April 31, 2015* [D.I. 4769].

On June 15, 2015, Munger, Tolles & Olson LLP ("Munger Tolles") filed its Second Fee Application seeking $4,845,561.25 in fees and $78,616.12 in expense reimbursements.  In its Letter Report to Munger Tolles, the Fee Committee identified certain issues of concern, including some billing errors, time entries improperly recorded in half- or whole-hour increments, and a number of non-reimbursable expenses.  Munger Tolles subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

12. *Second Interim Fee Application of O'Kelly Ernst & Bielli, LLC, Co-Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp., for the Period From January 1, 2015 Through and Including April 30, 2015* [D.I. 4760].

On June 15, 2015, O'Kelly Ernst & Bielli, LLC ("O'Kelly") filed its First Fee Application seeking $33,579.50 in fees and $554.36 in expense reimbursements. In its Letter Report to O'Kelly, the Fee Committee identified certain issues of concern, including non-compensable billing activities. O'Kelly subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

13. *Second Interim Application of Proskauer Rose LLP, Counsel for Debtor Energy Future Holdings Corp., for Compensation for Services Rendered and Reimbursement of Expenses Incurred From January 1, 2015 Through April 30, 2015* [D.I. 4759].

On June 15, 2015, Proskauer Rose LLP ("Proskauer") filed its Second Fee Application seeking $5,258,110.25 in fees and $205,576.07 in expense reimbursements. In its Letter Report to Proskauer, the Fee Committee identified certain issues of concern, including notably high blended hourly rates, excessive retention and disclosure activities, and apparent overstaffing. The number of individuals attending meetings, both internal and external, was a matter of particular concern discussed with Proskauer. Proskauer subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

14. *Second Interim Fee Application of Stevens & Lee, P.C., Special Counsel for Energy Future Intermediate Holding Company LLC, for the Period of January 1, 2015 Through April 30, 2015* [D.I. 4758].

On June 15, 2015, Stevens & Lee, P.C. ("Stevens & Lee") filed its Second Fee Application seeking $53,968.00 in fees and $708.77 in expense reimbursements. In its Letter Report to Stevens & Lee, the Fee Committee identified certain issues of concern, including

non-compensable billing activities and a single non-compensable expense. Stevens & Lee subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

> 15. *Second Interim Fee Application of Sullivan & Cromwell LLP as Counsel to the EFH Committee* [D.I. 4732].

On June 11, 2015, Sullivan & Cromwell LLP ("Sullivan") filed its Second Fee Application seeking $5,068,906.90 in fees and $29,777.97 in expense reimbursements. In its Letter Report to Sullivan, the Fee Committee identified certain issues of concern, including the lack of any supporting documentation for expenses. Significant substantive concerns included potential overstaffing, disproportionate time spent on fee application-related activities in comparison to other professionals, attorney training activities, and non-compensable expenses. Sullivan subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

**THIRD INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE THIRD INTERIM FEE PERIOD: JANUARY 1, 2015 THROUGH APRIL 30, 2015**

> 16. *Third Interim Fee Application of Alvarez & Marsal North America, LLC, in Their Capacity as Restructuring Advisors for the Debtors and Debtors in Possession, for the Period From January 1, 2015 Through and Including April 30, 2015* [D.I. 4809].

On June 19, 2015, Alvarez & Marsal North America, LLC ("Alvarez & Marsal") filed its Third Fee Application seeking $5,283,286.50 in fees and $222,166.52 in expense reimbursements. In its Letter Report to Alvarez & Marsal, the Fee Committee identified certain issues of concern, including excessive workflow monitoring and oversight and undocumented travel expenses. Alvarez & Marsal subsequently either provided adequate explanation for these

issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

> 17. *Third Interim Fee Application for Compensation for Services Rendered and Reimbursement of Expenses of Deloitte & Touche LLP as Independent Auditor to the Debtors and Debtors in Possession for the Period of January 1, 2015 Through April 30, 2015* [D.I. 5048].

On July 20, 2015, Deloitte & Touche LLP ("Deloitte") filed its Third Fee Application seeking $4,342,743.00 in fees and $0.00 in expense reimbursements. In its Letter Report to Deloitte, the Fee Committee identified certain issues of concern, including excessive time spent on routine billing and invoicing activities and several instances of inadvertent double-billing. Deloitte subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

> 18. *Third Interim Fee Application of Evercore Group L.L.C., Debtors' Investment Banker and Financial Advisor for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred From January 1, 2015 Through April 30, 2015* [D.I. 4861].

On June 25, 2015, Evercore Group L.L.C. ("Evercore") filed its Third Fee Application seeking $2,100,000.00 in flat fees and $62,482.62 in expense reimbursements. In its Letter Report to Evercore, the Fee Committee identified certain issues of concern, including some expenses that may not be subject to any reimbursement. Evercore subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

19. *Third Interim Fee Application of Filsinger Energy Partners, Energy Consultants for the Debtors and Debtors in Possession, for the Period From January 1, 2015 Through and Including April 30, 2015* [D.I. 4768].

On June 15, 2015, Filsinger Energy Partners ("Filsinger") filed its Third Fee Application seeking $4,850,141.25 in fees and $213,956.56 in expense reimbursements. In its Letter Report to Filsinger, the Fee Committee did not identify any issues of concern other than a few questionable expense items. Filsinger subsequently either provided adequate explanation for these expenses or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

20. *Third Interim Fee Application of Gibson, Dunn & Crutcher LLP, Special Counsel to the Debtors and Debtors in Possession, for the Period From January 1, 2015 Through and Including April 30, 2015* [D.I. 4765].

On June 15, 2015, Gibson, Dunn & Crutcher LLP ("Gibson Dunn") filed its Third Fee Application seeking $753,026.00 in fees and $30,665.20 in expense reimbursements. In its Letter Report to Gibson Dunn, the Fee Committee identified certain issues of concern, including non-compensable time spent on routine billing and invoicing activities. Gibson Dunn subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted. The Fee Committee also calculated that Gibson had actually *under*charged the Debtors by $14,179.50 for compensable work performed during the Third Interim Fee Period. Gibson has included a request for these under-billed fees with its fourth interim fee application [D.I. 6504].

> 21. *Third Interim Fee Application of KMPG LLP for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Accounting and Tax Advisors to the Debtors and Debtors in Possession for the Period From January 1, 2015 Through April 30, 2015* [D.I. 4903].

On June 30, 2015, KPMG LLP ("KPMG") filed its Third Fee Application seeking $2,336,145.97 in fees and $102,769.68 in expenses.  In its Letter Report to KPMG, the Fee Committee identified certain issues of concern, including some data errors, non-compensable time spent on routine billing and invoicing activities, and inadequately documented expenses.  KPMG subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

> 22. *Third Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period From January 1, 2015 Through and Including April 30, 2015* [D.I. 4773].

On June 15, 2015, Kirkland & Ellis LLP ("Kirkland") filed its Third Fee Application seeking $28,712,575.50 in fees and $3,047,572.82 in expense reimbursements.  In its Letter Report to Kirkland, the Fee Committee identified certain issues of concern, including time spent on routine billing and invoicing activities, time not properly recorded in tenth-hour increments and non-compensable or improperly documented expenses.  Kirkland subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

>   23. *Third Interim Application of Lazard Frères and Co. LLC, as Investment Banker to the Official Committee of TCEH Unsecured Creditors, for Allowance of Compensation and Reimbursement of Expenses for the Period January 1, 2015 Through April 30, 2015* [D.I. 4933].

On July 7, 2015, Lazard Frères and Co. LLC ("Lazard") filed its Third Fee Application seeking $1 million in flat fee compensation and $29,564.02 in expense reimbursements. In its Letter Report to Lazard, the Fee Committee identified certain issues of concern, including some non-compensable or inadequately documented expenses. Lazard subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

>   24. *Third Interim Fee Application of McDermott Will & Emery LLP, Special Counsel for the Debtors and Debtors in Possession, for the Period From January 1, 2015 Through and Including April 30, 2015* [D.I. 4821].

On June 22, 2015, McDermott Will & Emery LLP ("McDermott") filed its Third Fee Application seeking $256,057.00 in fees and $19,249.11 in expense reimbursements. In its Letter Report to McDermott, the Fee Committee identified certain issues of concern, including non-compensable time spent on routine billing and invoicing activities and inadequately documented expenses. McDermott subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

>   25. *Third Interim Application of Morrison & Foerster LLP as Counsel for the Official Committee of TCEH Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Period January 1, 2015 Through April 30, 2015* [D.I. 4755].

On June 15, 2015, Morrison & Foerster LLP ("Morrison & Foerster") filed its Third Fee Application seeking $10,360,883.75 in fees and $220,256.14 in expense reimbursements. In its Letter Report to Morrison & Foerster, the Fee Committee identified certain issues of concern,

including minor billing errors, time spent by transitory timekeepers, and apparently excessive attendance at meetings. Morrison & Foerster subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

> 26. *Third Interim Application of Polsinelli PC as Delaware Counsel and Conflicts Counsel for the Official Committee of TCEH Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Period January 1, 2015 Through April 30, 2015* [D.I. 4776].

On June 16, 2015, Polsinelli PC ("Polsinelli") filed its Third Fee Application requesting $479,795.50 in fees and $13,407.42 in expense reimbursements. In its Letter Report to Polsinelli, the Fee Committee identified certain issues of concern, including excessive time spent reviewing and monitoring the retention and fee applications of professionals for which Polsinelli did not serve as local counsel, inadequately described tasks, and continuing concerns about staffing and hearing attendance. Polsinelli subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

> 27. *Third Interim Fee Application of Thompson & Knight LLP, Special Tax Counsel for the Debtors and Debtors in Possession, for the Period From January 1, 2015 Through and Including April 30, 2015* [D.I. 5188].

On July 30, 2015, Thompson & Knight LLP ("Thompson & Knight") filed its Third Fee Application seeking $571,554.75 in fees and $9,190.84 in expense reimbursements. In its Letter Report to Thompson & Knight, the Fee Committee identified certain issues of concern, including time travel time billed at full rates, and several inadequately documented expenses. The Fee Committee also noted that certain timekeepers appeared inclined to keep time in half-hour— instead of tenth-hour—increments. Thompson & Knight subsequently either provided adequate

explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

## CONCLUSION

Based on all of the above, the Fee Committee respectfully requests that the Court enter the order attached as **Exhibit B** approving on an interim basis the Applications outlined in this Report and on the attached **Exhibit A**, subject to the agreed reductions summarized in the exhibit and subject as well to further review and the final fee application process.

Dated: October 21, 2015.

PHILLIPS, GOLDMAN & SPENCE, P.A.

By:     */s/Stephen A. Spence*
    Stephen A. Spence
    Stephen W. Spence
    PHILLIPS, GOLDMAN & SPENCE, P.A.
    1200 N. Broom Street
    Wilmington, DE 19806
    Phone: (302) 655-4200
    Fax: (302) 655-4210
    E-mail: acb@pgslaw.com
            sws@pgslaw.com


Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Phone: (608) 257-3911
Fax: (608) 257-0609
E-mail: kstadler@gklaw.com

*Attorneys for the Fee Committee*

14561618.7