UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| Energy Future Holdings Corp., *et al.* | : | Bky. No. 14-10979 (CSS) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**OBJECTION OF FLSMIDTH USA, INC. AND FLSMIDTH INC.
TO CONFIRMATION OF FIFTH AMENDED PLAN OF REORGANIZATION**

AND NOW COMES, FLSmidth USA, Inc. (f/d/b/a Excel Foundry & Machine, Inc. and f/d/b/a FLSmidth Krebs) and FLSmidth Inc. (f/d/b/a FLSmidth Airtech Inc. a/k/a FLS Inc.) (jointly "FLSmidth"), by and through their counsel, Curtin & Heefner LLP, and respectfully represents:

1. FLSmidth is a supplier and service provider to Energy Future Holdings Corp., and Texas Competitive Electric Holdings Company LLC, and its subsidiaries Luminant Big Brown Mining Company LLC, Luminant Generation Company LLC, Luminant Generation Company LLC, Luminant Mining Company LLC, and Oak Grove Management Company LLC (collectively "Debtor").

2. FLSmidth f/d/b/a Excel Foundry & Machine, Inc. timely filed the following Proofs of Claim as follows:

| Debtor | Claim No. | 503(b)(9) Priority | Total Claim |
|---|---|---|---|
| Luminant Big Brown Mining Company LLC 14-11018 | 5900 | $2,040.00 | $ 8,053.00 |
| Oak Grove Management Company, LLC | 5899 | $1,904.00 | $ 1,904.00 |
| Luminant Mining Company, LLC | 5898 | $15,958.20 | $ 49,298.30 |

1

FLSmidth USA, Inc., f/d/b/a FLSmidth Krebs filed proofs of claim as follows:

| | | | |
|---|---|---|---|
| Luminant Generation Company LLC | 5897 | $ 1,541.00 | $ 1,831.00 |
| Luminant Generation Company LLC | 8001 | | $ 392.00 |
| Luminant Generation Company LLC | 8000 | | $ 386.00 |
| Oak Grove Manufacturing Company LLC | 7999 | | $ 1,053.00 |

FLSmidth Inc., f/d/b/a FLSmidth Airtech Inc. a/k/a FLS Inc. (Airtech") - AFT Div ("AFT") filed a proof of claims follows:

| | | | |
|---|---|---|---|
| Luminant Generation Company, LLC | 5896 | $489,625.00 | $1,713,531.14 |

(collectively "FLSmidth Proofs of Claim"). These amounts are undisputed.

3. Pending before the U.S. Bankruptcy Court ("District of Delaware") ("Court") is the Fifth Amended Plan of Reorganization ("Plan"). FLSmidth has timely submitted Ballots voting "No", thereby rejecting the terms of the Plan and the Releases of the numerous identified persons in the Plan.

4. On October 20, 2015, the Debtor filed: Plan Supplement *for the Joint Plan of Reorganization of Energy Future Holdings Corp., Et Al., Pursuant to Chapter 11 of the Bankruptcy Code* Filed (Attachments: # 1 Exhibit A # 2 Exhibit A(i) # 3 Exhibit A(ii) # 4 Exhibit A(iii) # 5 Exhibit B # 6 Exhibit B(i) # 7 Exhibit B(ii) # 8 Exhibit B(iii) # 9 Exhibit C, Part 1 # 10 Exhibit C, Part 2 # 11 Exhibit D # 12 Exhibit E # 13 Exhibit E(i) # 14 Exhibit E(ii), Part 1 # 15 Exhibit E(ii), Part 2 # 16 Exhibit E(ii), Part 3 # 17 Exhibit E(ii), Part 4 # 18 Exhibit E(ii), Part 5 # 19 Exhibit E(ii), Part 6 # 20 Exhibit E(ii), Part 7 # 21 Exhibit E(ii), Part 8 # 22 Exhibit E(ii), Part 9 # 23 Exhibit E(ii), Part 10 # 24 Exhibit E(ii), Part 11 # 25 Exhibit E(ii), Part 12 # 26 Exhibit E(ii), Part 13 # 27 Exhibit E(ii), Part 14 # 28 Exhibit E(iii) # 29 Exhibit F # 30

1555637.1/48545

Exhibit F(i) # 31 Exhibit F(ii) # 32 Exhibit G # 33 Exhibit H # 34 Exhibit I # 35 Exhibit J # 36 Exhibit J(i) # 37 Exhibit J(ii) # 38 Exhibit J(iii) # 39 Exhibit J(iv) # 40 Exhibit K # 41 Exhibit L # 42 Exhibit M # 43 Exhibit N # 44 Exhibit O # 45 Exhibit P # 46 Exhibit Q # 47 Exhibit R # 48 Exhibit S # 49 Exhibit T # 50 Exhibit U) (Madron, Jason) (Doc 6544 Filed 10/21/2015) ("Supplement")

5. Supplement Exhibit C is a list of contracts to be assumed. FLSmidth is not listed on Exhibit C.

6. Supplement Exhibit D is a list of contracts to be rejected. FLSmidth is not listed on Exhibit D.

7. Supplement Exhibit E is a schedule of Retained Causes of Action. Doc 6544-18. On Pages 497 and 498 the following FLSmidth entities are identified:

    a. FLSmidth Airtech
    b. FLSmidth Inc Airtech Division
    c. FLSmidth Inc (Bethlehem PA)
    d. FLSmidth Inc (Pittsburgh)
    e. FLSmidth Krebs Inc.
    f. FLSmidth Salt Lake City, Inc. (Alan Stuart Zelkowitz Chicago IL)
    g. FLSmidth Salt Lake City, Inc. (CT Corporation)

8. Prior to the commencement of the bankruptcy case, FLSmidth and the Debtors were parties to Contract No. S0424612C, together with related agreements, amendments, or modifications, dated November 24, 2003 ("Contract").

9. During the postpetition period, FLSmidth has continued to be a supplier and service provider to the Debtors.

10. The Debtor and FLSmidth have conducted direct talks among the business representatives discussing among other items: continuation of postpetition contractual terms, modification of contractual terms, critical vendor status, potential preference avoidance claims,

and legal expenses which FLSmidth has incurred because of the commencement of the bankruptcy case, the protracted litigation among bondholder groups which has continued with the latest plan of reorganization filing, and the consequences of agreement or disagreement between FLSmidth and the Debtors on and after the date of an order confirming a plan of reorganization.

11.     The Debtor presented FLSmidth with a proposed amendment to the Contract which included the business terms for post-confirmation operations, proposed an amended "cure amount" only equivalent to FLSmidth's Section 503(b)(9) claim, and proposed unsecured status for the balance of the claim. The proposal left unanswered the assumption of the Contract and status of any avoidance claim. FLSmidth responded with a proposed comprehensive amendment to the Contract which included the assumption of the Contract with modifications, a counter offer for the cure amount, and a release of any avoidance action.

12.     In response, Debtor informed that the FLSmidth proposal was unsatisfactory. However, no counterproposal was offered. With the negotiations at a halt, the Debtor informed that it did not expect the Contract, as modified, to be assumed and identified in the Plan Supplement. As described above it was neither assumed nor rejected. FLSmidth's interpretation is that the Debtor believes that FLSmidth will continue as a supplier and service provider under the Contract with the proposed changes to the business terms after the entry of a confirmation order.

13.     With the omission of the Contract in the Plan Supplement and the retention of claims against FLSmidth. FLSmidth's position is that with the confirmation of the proposed Plan, the Contract is rejected. FLSmidth will continue as a supplier and a service provider under the terms and conditions that FLSmidth shall determine at its sole discretion. Such terms may

include changes in rates and modifications to the credit terms. FLSmidth may also terminate the provision of supplies and services at any time as no contract will be operative and no notice of termination is required.

14. The Plan should not be confirmed because:

a. The Plan fails to assume or reject the FLSmidth Contract leaving totally uncertain FLSmidth's status as a creditor and as a proposed supplier and service provider.

b. The Plan retains all causes of action, yet undefined, against FLSmidth.

c. The Plan is not confirmable under Section 1129(a)(7) and (9), 11 U.S.C. § 1129(a)(7) and (9), for the following specific reasons, among others, because the Plan fails to explain why vendors and suppliers of the Debtor (Energy Future Holdings Corp., and Texas Competitive Electric Holdings Company LLC, and its subsidiaries Luminant Big Brown Mining Company LLC, Luminant Generation Company LLC, Luminant Generation Company LLC, Luminant Mining Company LLC, and Oak Grove Management Company LLC) which generate all proceeds for the Debtor are not being paid in full prior to any diversion of cash proceeds up stream to holding companies for payment of costs of administration and bondholders who provide no goods or services to the Debtor. Both the Plan and accompanying Disclosure Statement are void as to providing any explanation for this discriminatory treatment.

d. The Plan is not confirmable under Section 1129(b), 11 U.S.C. § 1129(b), for the following specific reasons, among others, because it fails to provide for payment to vendors and supplier in full; it permits payments to holders of claims junior to FLSmidth's claims before FLSmidth's claims are paid in full; the proposed treatment of FLSmidth's claim is unknown because of Debtor's omission in the Plan Supplement as an assumed or rejected

contract; the Plan is not fair and equitable as to FLSmidth; and the Plan provides for releases of the Debtor while the Debtor retain claims against FLSmidth.

WHEREFORE, for all of the above reasons, the Plan should not be confirmed.

Respectfully submitted,

/s/ ROBERT SZWAJKOS

Robert Szwajkos, Esquire
Curtin & Heefner LLP

250 N. Pennsylvania Ave.
Morrisville, PA 19067
Telephone:   215-736-2521
FAX:         215-736-3647
Email:       rsz@curtinheefner.com

Dated: October 23, 2015