**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ALCOA INC. WITH
RESPECT TO THE FIFTH AMENDED JOINT PLAN OF REORGANIZATION OF
ENERGY FUTURE HOLDINGS CORP., *ET AL.*, PURSUANT TO CHAPTER 11 OF
THE BANKRUPTCY CODE**

Alcoa Inc. ("Alcoa"), by and through its undersigned counsel, hereby files this limited

objection and reservation of rights with respect the confirmation of the *Fifth Amended Joint Plan*

*of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the*

*Bankruptcy Code* [ECF No. 6122] (the "Plan") filed by the above-captioned debtors and debtors-

in-possession (collectively, the "Debtors").[1]   In support hereof, Alcoa respectfully states as

follows:

**PRELIMINARY STATEMENT**

1.       Alcoa does not object to the confirmation of the Plan in principle.  Rather, Alcoa

files this limited objection for two reasons to ensure that the Plan is not misinterpreted to

adversely affect Alcoa.  ***First***, Alcoa seeks to clarify that its contractual and other rights *vis-à-vis*

Debtors Luminant Generation, LLC ("Luminant Generation"), Luminant Mining, LLC

("Luminant Mining"), and Sandow Power Company, LLC ("Sandow Power," and, together with

Luminant Generation and Luminant Mining, "Luminant") are preserved and unaffected by the

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Plan.

Plan and order confirming the Plan (the "Confirmation Order") pending the resolution of the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Approving the Assumption of All Executory Contracts by and Among Luminant Generation Company LLC, Luminant Mining Company LLC, Sandow Power Company LLC, Texas Competitive Electric Holdings Company LLC and Alcoa Inc.*, dated August 28, 2015 [ECF No. 5789] (the "Assumption Motion").

2.      Because the Debtors have moved by the separate Assumption Motion, which is being heard on a separate track from Plan confirmation, Alcoa seeks to clarify that nothing in the Plan or the Confirmation Order, including the releases in the Plan and/or the Confirmation Order,[2] will interfere with or effectively operate to assume or establish the terms of assumption of the multitude of contracts between Alcoa and Luminant that are the subject of the Assumption Motion (as more fully described below, the "Alcoa/Luminant Agreements").

3.      ***Second***, Exhibit E(ii) to the Debtors' *Plan Supplement for the Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [ECF No. 6544] (the "Plan Supplement") lists Alcoa as (i) a "party to or that the Debtors believe may become party to litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal, judicial or non-judicial" and (ii)  a party to "claims and Causes of Action the Debtors expressly retain based in whole or in part upon any and all contracts and leases to which any Debtor, Reorganized Debtor, or New EFH is a party or pursuant to which any Debtor, Reorganized Debtor, or New EFH has

---

[2] Alcoa timely voted both to reject the Plan and to opt out of the releases therein.

any rights whatsoever."[3]  Further, Exhibit E(iii) to the Plan Supplement lists Alcoa as an entity that "recently or that currently owe[s] money to the Debtors" against which the "Debtors expressly reserve all Causes of Action."[4]

4.      Although nothing in the Plan Supplement or otherwise makes clear what these claims or causes of action against Alcoa that the Debtors believe they have are, Alcoa objects to the Plan insofar as it would preclude Alcoa, whether through the Plan releases, the Plan injunction, or otherwise, from asserting Alcoa's contractual and other rights (including rights to setoff and recoupment), counterclaims, and/or defenses Alcoa may have in connection with such claims and/or causes of action.

5.      ***Accordingly***, Alcoa requests that the Confirmation Order and the record at the confirmation hearing expressly make clear that nothing in the Plan and the Confirmation Order (i) operates to assume, establish the terms of assumption, reject, modify or otherwise affect the Alcoa/Luminant Agreements and Alcoa's rights thereunder and (ii) preclude Alcoa from asserting its rights to setoff and recoupment, counterclaims, and/or defenses Alcoa may have in connection with any claims and/or causes of action asserted or brought by the Reorganized Debtors.  Specifically, Alcoa requests that language substantially in the form as follows be added to the Confirmation Order:

> "*Nothing in the Plan and/or Confirmation Order, including, without limitation, the releases and/or injunctions in the Plan and the Confirmation Order or otherwise, shall interfere with, modify, assume, reject, or otherwise affect the Alcoa/Luminant Agreements or Alcoa's rights thereunder.  Neither the Plan nor the Confirmation Order shall affect the terms of assumption or rejection of the Alcoa/Luminant Agreements.  The assumption*

---

[3] Plan Supplement Exhibit E(ii) [ECF No. 6544-14], at 36-38, 50, the relevant pages of which are attached hereto as Exhibit A.

[4] Plan Supplement Exhibit E(iii) [ECF No. 6544-15], at 2, the relevant pages of which are attached hereto as Exhibit B.

*or rejection of each of the Alcoa/Luminant Agreements shall be governed by separate motion and order.*

*Nothing in the Plan and/or the Confirmation Order shall preclude or otherwise bar Alcoa from asserting its contractual and other rights (including rights to setoff and/or recoupment), counterclaims, and/or defenses against the Reorganized Debtors in connection with any counterclaims, Causes of Action, litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal, judicial or non-judicial asserted or brought against Alcoa by the Reorganized Debtors, including, without limitation, the releases and/or injunctions in the Plan and the Confirmation Order or otherwise.*"

Alcoa remains willing to discuss an appropriate clarification to avoid misinterpretation of the Plan with all parties-in-interest.

## BACKGROUND

A.    <u>Alcoa's Status as a Party to Certain Pre-Petition Agreements with Certain of the Debtors</u>

6.    In 1951, Alcoa began its decades-long relationship with Luminant to fuel, maintain, and operate a power plant located on an Alcoa smelting facility in Rockdale, Texas (the "<u>Rockdale Facility</u>").  Over the years the parties entered into dozens of agreements, amendments and supplements, regarding the operation of power generation units at the Rockdale Facility, which comprise the Alcoa/Luminant Agreements.  Generally, pursuant to the Alcoa/Luminant Agreements, Luminant Mining was contracted by Alcoa to mine lignite coal, which Alcoa would then sell to Luminant Generation and Sandow Power.  Luminant Generation and Sandow Power would then use the lignite coal it purchased from Alcoa to generate electricity at two units (known as "<u>Unit 4</u>" and "<u>Unit 5</u>"), which are part of the Rockdale Facility.

7.    The parties originally entered into two contracts in 1951, under which Luminant entities operated three of Alcoa's power plants until late 1980.  In 1976, the parties entered into an agreement related to the operation of Unit 4 (the "<u>Unit 4 Agreement</u>"), pursuant to which

Luminant agreed to build, own and operate the Unit 4 power plant, and Alcoa agreed to purchase from Luminant, on a cost-plus basis, a set amount of "firm" power (from any source) and to supply Luminant with an amount of lignite coal sufficient to operate Unit 4.

8.      In addition to the Unit 4 Agreement, there are myriad other agreements Alcoa and Luminant have entered into over the years (including amendments and side letters).  By way of example, some of the other Alcoa/Luminant Agreements consist of agreements related to, *inter alia*, Unit 5, mining, lignite royalty payments, water rights, leases, power generation, asset purchase, and common facilities arrangements.

B.      The Motion to Assume

9.      Instead of seeking to assume the Alcoa/Luminant Agreements as part of the Plan and Plan confirmation process, the Debtors have elected to assume the Alcoa/Luminant Agreements through the Assumption Motion, effectively removing Alcoa from the Plan confirmation process.  Indeed, at the September 9, 2015, status conference the Court recognized that a trial on the Motion to Assume and Alcoa's cure claims would not be heard in conjunction with Plan confirmation.

10.      At the status conference, the Court asked the parties (i) to try to reach agreement on a trial commencement date between early December 2015 and early January 2016, (ii) to try to reach agreement on a protective order and on a schedule for discovery and other pre-trial matters based on the agreed trial commencement date, and (iii) to revert to the Court regarding any issues the parties were unable to resolve by agreement.

11.      The parties are negotiating a scheduling order on the Motion to Assume (with a trial commencement date of February 9, 2016, as set by the Court's staff), and the parties are also negotiating the terms of a protective order.

C.      The Plan Supplement

12.     Two days prior to the deadline to object to the Plan, Alcoa received the Plan

Supplement, which listed Alcoa on Plan Supplement Exhibits E(ii) and E(iii).  With respect to

Exhibit E(ii), the Debtors listed Alcoa as being among:

> Entities that are party to or that the Debtors believe may become party to
> litigation, arbitration, or any other type of adversarial proceeding or dispute
> resolution proceeding, whether formal or informal, judicial or non-judicial. Unless
> otherwise released by the Plan, the Debtors expressly reserve all Causes of Action
> against or related to all Entities that are party to or that may in the future become
> party to litigation, arbitration, or any other type of adversarial proceeding or
> dispute resolution proceeding, whether formal or informal, judicial or non-
> judicial, regardless of whether such Entity is included on Exhibit E(ii).   In
> addition, the following Exhibit E(ii) includes claims and Causes of Action the
> Debtors expressly retain based in whole or in part upon any and all contracts and
> leases to which any Debtor, Reorganized Debtor, or New EFH is a party or
> pursuant to which any Debtor, Reorganized Debtor, or New EFH has any rights
> whatsoever. Unless otherwise released by the Plan, the Debtors retain all such
> claims and Causes of Action regardless of whether such contract or lease is
> included on Exhibit E(ii).

13.     With respect to Exhibit E(iii), the Debtors listed Alcoa as being among:

> Entities that have recently or that currently owe money to the Debtors (other than
> customers, which are discussed in Exhibit E(iv)). Unless otherwise released by
> the Plan, the Debtors expressly reserve all Causes of Action against or related to
> all Entities that owe or that may in the future owe money to the Debtors, the
> Reorganized Debtors, or New EFH regardless of whether such Entity is included
> on Exhibit E(iii). Furthermore, unless otherwise released by the Plan, the Debtors
> expressly reserve all Causes of Action against or related to all Entities who assert
> or may assert that the Debtors, the Reorganized Debtors, or New EFH owe money
> to them.

14.     As mentioned above, the Plan Supplement does not specify which of the

Reorganized Debtors have claims and/or Causes of Action against Alcoa, the nature of such

Claims or Causes of Action, nor does the Plan Supplement specify the nature of any alleged

accounts receivable the Debtors may have against Alcoa.

## LIMITED OBJECTION

A.   <u>Nothing in the Confirmation Order or in the Plan Should Affect the Alcoa/Luminant Agreements and Alcoa's Rights</u>

15.     Because all matters related to the assumption or rejection of the Alcoa/Luminant Agreements will be resolved post-confirmation following a trial on the Assumption Motion, Alcoa has no interest in the Plan confirmation process.  Indeed, Alcoa does not object to the assumption of the Alcoa/Luminant Agreements *per se*, as the Debtors have already represented in the Assumption Motion that

> To the extent the Court determines that a default has occurred or that the Debtors are required to provide adequate assurance of future performance in any event, the Debtors submit that the Debtor Parties' Plan, which will reduce their prepetition debt by an estimated $23 billion, will provide more than enough adequate assurance to Alcoa that the Debtor Parties are able to satisfy their contractual obligations going forward.  Additionally, the Debtor Parties submit that Alcoa is adequately assured of the Debtors' future performance under the Alcoa Contracts due to the Debtors' (a) funding under the $3.375 billion debtor-in-possession financing facility, (b) continued access to cash collateral, (c) ongoing power generation and electricity sale operations, and (d) diligence in remaining current on postpetition obligations to Alcoa.[5]

Alcoa has therefore proceeded with the understanding that the preservation of its rights upon assumption and its cure claims against Luminant will be resolved in conjunction with the trial on the Motion to Assume and any resulting assumption order and that nothing in the Plan and/or Confirmation Order will affect Alcoa's rights under the Alcoa/Luminant Agreements.  Indeed, Alcoa informed the Court of this both in Alcoa's September 9, 2015, letter to this Court, as well as at the September 9, 2015 hearing.[6]

---

[5] Assumption Motion ¶ 41.

[6] See Alcoa's September 9, 2015, Letter to the Court [ECF No. 5891], at 3, attached hereto as Exhibit C; 9/9/2015 Hrg. Tr. at 81:20-82:2, attached hereto as Exhibit D.

16.     Nevertheless, Alcoa seeks clarification in the Confirmation Order that nothing therein or in the Plan, including the releases in the Plan and Confirmation Order, shall interfere with, modify, assume, reject, establish the terms of assumption, or otherwise affect the Alcoa/Luminant Agreements or Alcoa's rights thereunder.

**B.      Nothing in the Confirmation Order or in the Plan Should Bar Alcoa from Asserting Its Rights, Claims, and/or Defenses with Respect to Any Counterclaims or Causes of Action Brought Against It**

17.     The Plan contains releases and an injunction that may be incorrectly interpreted to prevent Alcoa from asserting its contractual and other rights (including rights to setoff and recoupment), counterclaims, and/or defenses against claims brought against Alcoa by the Reorganized Debtors.  For example, Plan Art. VII.D, provides that each "Releasing Party to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Claims and Causes of Action . . . ."  Alcoa is arguably a "Releasing Party" under Plan Art. I.A.285 insofar as it is a general unsecured creditor.

18.     Further, Plan Art. VIII.F may also be incorrectly interpreted to prohibit Alcoa from asserting its contractual and other rights (including rights to setoff and recoupment), counterclaims, and/or defenses—even against claims and causes of action brought against Alcoa *by the Reorganized Debtors*:

> [A]ll Entities . . . are permanently enjoined, from . . . (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such Entity has timely asserted such setoff right in a document Filed with the Bankruptcy Court explicitly preserving such setoff, and notwithstanding an indication of a claim or interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan.

19.     Any such broad injunction is improper insofar as it would bar Alcoa from

asserting its contractual and other rights (including rights to setoff or recoupment), counterclaims, and/or defenses against the Reorganized Debtors in the event they pursue whatever claims and/or causes of action they believe they have against Alcoa. Indeed, confirmation of a plan of reorganization normally does not automatically extinguish, for example, setoff claims when their existence is unknown in time to assert them affirmatively. *Cf. United States v. Continental Airlines (In re Continental Airlines)*, 134 F.3d 536, 542 (3d Cir. 1998) (setoff right waived where creditor knew of both claim and counterclaim and failed to object to plan's treatment of its claim). Here, Alcoa has no idea which claims and causes of action the Debtors are attempting to preserve in the Plan Supplement, nor has it waived any of its contractual or other rights—including its rights to setoff.[7]

20.      Indeed, Alcoa and the Debtors also entered into a stipulation (the "Setoff Stipulation"), which was approved by order of this Court on September 12, 2014.[8] Under the Setoff Stipulation, Luminant and Alcoa netted, among other things, all agreed mutual pre-petition and post-petition amounts the parties owed to each other.[9] Further, Setoff Stipulation § 2.08 also contains a broad reservation of rights, making abundantly clear that Alcoa never

---

[7] The addendum to Alcoa's proofs of claims filed in these cases expressly provides that

> Alcoa does not waive any right or rights of action that Alcoa has or may have against the Luminant Entities' and/or any of the other Debtors' estates or any other entity. Alcoa reserves any and all rights it has or may have with respect to any other agreements that may exist between Alcoa and the Luminant Entities and/or other of the Debtors, including without limitation, any rights of setoff, recoupment, netting, contribution, subrogation, and common law indemnification. Nothing herein shall be deemed a waiver by Alcoa of any of its rights and remedies in connection with such agreements, if any.

Addendum to Alcoa Proofs of Claim (docketed as Claim Nos. 6185-910) ¶ 22, a copy of which is attached hereto as Exhibit D.

[8] *Order Approving The Stipulation By And Among Luminant Generation Company LLC, Luminant Mining Company LLC, Sandow Power Company LLC, And Alcoa Inc.* [ECF No. 2002]. A copy of the Setoff Stipulation is attached hereto as Exhibit E.

[9] Setoff Stipulation §§ 2.01-2.02.

intended to waive *any* of its rights (including rights to setoff), claims/counterclaims, and/or defenses.  The Plan and/or Confirmation Order should not be read to permit the Debtors to disregard Alcoa's rights under the Setoff Stipulation now.

21.     Accordingly, the Plan and/or Confirmation Order should be modified to expressly permit Alcoa to assert its contractual and other rights (including rights to setoff and recoupment), counterclaims, and/or defenses in connection with any of the claims and causes of action retained by the Reorganized Debtors.

## RESERVATION OF RIGHTS

22.     Alcoa reserves all its rights and defenses with respect to any proposed assumption, assignment, and/or rejection of the Alcoa/Luminant Agreements, including, without limitation, Alcoa's rights under the Alcoa/Luminant Agreements and applicable law.  Alcoa further reserves all its rights, counterclaims, and defenses in connection with any claims, causes of action, and any similar litigation or proceeding brought against Alcoa by the Reorganized Debtors.

**WHEREFORE**, Alcoa respectfully requests that the Court (i) modify the Confirmation Order to include language clarifying that (a) nothing in the Confirmation Order or in the Plan or in the record at the confirmation hearing, including the releases contained in the Plan and the Confirmation Order, shall interfere with, modify, assume, reject or otherwise affect the Alcoa/Luminant Agreements or Alcoa's rights thereunder, (b) the assumption or rejection of each of the Alcoa/Luminant Agreements (and the terms of such assumption or rejection) shall be governed by separate motion and order, (c) Alcoa is not precluded or otherwise barred from asserting any and all contractual and other rights (including rights to setoff and recoupment), counterclaims, and/or defenses against the Reorganized Debtors with respect to any claims, causes of action, and similar litigation or other proceeding brought against it by the Reorganized

Debtors; and (ii) grant Alcoa such other and further relief as this Court may deem just and proper

under the circumstances.

Dated: October 23, 2015                         LANDIS RATH & COBB LLP
       Wilmington, Delaware

*/s/ Matthew B. McGuire*
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19899
Telephone: (302) 467-4400
Facsimile:  (302) 467-4450

-and-

MCKOOL SMITH, P.C.

Peter S. Goodman (*Admitted Pro Hac Vice*)
Michael R. Carney (*Admitted Pro Hac Vice*)
One Bryant Park, 47th Floor
New York, New York 10036
Telephone:  (212) 402-9400
Facsimile:  (212) 402-9444
E-mail:  pgoodman@mckoolsmith.com
E-mail:  mcarney@mckoolsmith.com

*Counsel for Alcoa Inc.*