**EXHIBIT C**

**9/9/2015 Letter to the Court**

# MCKOOL SMITH

Peter S. Goodman
Direct Dial: 212-402-9408
Email: pgoodman@mckoolsmith.com

One Bryant Park
47th Floor
New York, NY 10036

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

September 9, 2015

**VIA HAND DELIVERY AND ECF**

Hon. Christopher S. Sontchi
United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 Market Street, 5th Floor
Wilmington, DE 19801

      RE:    *In re Energy Future Holdings Corp.*, et al., Main Case No. 14-10979 (CSS)
             (Bankr. D. Del.)

Dear Judge Sontchi:

      I write on behalf of Alcoa Inc. ("Alcoa") to address the new omissions, errors, and misstatements of fact in the September 8, 2015, letter of Christopher W. Keegan, counsel to the debtors and debtors-in-possession (the "Debtors") in the above-referenced bankruptcy cases.[1] The fundamental problem that undermines the Debtors' September 8 letter in its entirety is that the Debtors completely fail to address the fact that Alcoa made a reasonable proposal on August 31 that eliminates any purported need to expedite discovery and trial on claims under the Rockdale Contracts. Specifically, Alcoa proposed that (i) the Debtors would be free to assume the Rockdale Contracts (ii) the parties would agree to a separate hearing on the breach/cure claim and damages/cure amounts for charging Alcoa improper costs (as well as adequate assurance the Debtors will not continue such breaches of the Rockdale Contracts)—based on a workable schedule for discovery, briefing, and a trial that would occur after the confirmation hearing, (iii) Alcoa would not object to the feasibility of the Plan, and (iv) nothing in the assumption order or the Plan would prohibit Alcoa from enforcing all of its rights under the Rockdale Contracts, including but not limited to the parties reciprocal Change in Law rights.[2] Alcoa's proposal is inherently reasonable, but the Debtors, in their September 8 letter to the Court, have failed to respond or articulate any reason why they will not accept it.

      The Debtors' September 8 letter includes additional errors and misstatements of fact. Despite the Debtors' claim to the contrary, Alcoa has been clear that it is litigating two claims. First, Alcoa is litigating its cure claims (and, by extension, cure amounts) related to the Debtors' charging Alcoa with improper costs under the Rockdale Contracts, which breaches must be cured

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in Alcoa's August 31, 2015, letter to the Court [D.I. 5807].
[2] *See* August 31 letter, at 2. Alcoa's most recent proposed schedule to the Debtors is attached hereto as Exhibit 1.

**McKool Smith**
A Professional Corporation • Attorneys
Austin | Dallas | Houston | Los Angeles | Marshall | New York | Silicon Valley | Washington, DC

Hon. Christopher S. Sontchi
September 9, 2015
Page 2

upon assumption. Second, Alcoa is litigating the form of adequate assurance of future performance to which Alcoa is entitled to ensure that the Debtors will not continue to breach the Rockdale Contracts.

Also, it is simply wrong for the Debtors to suggest that Alcoa has changed its position on whether it would object to assumption *per se*. Alcoa's position has been that it would likely object to assumption if warranted by the facts, but as it obtained additional facts, Alcoa determined that such an objection is not warranted. In fact, based upon the Debtors' recent representations that it can pay Alcoa's cure claims as set forth in its Motion, Alcoa decided not to object to assumption.[3]

Next, it is likewise inaccurate and misleading for the Debtors to suggest that Alcoa has refused to negotiate a schedule. Alcoa has consistently stated that it is agreeable to starting discovery early in relation to the cure hearing, but Alcoa believes that the timing of the hearing needed to be addressed. Alcoa believes that the hearing should take place after the confirmation hearing, as with all other cure claim disputes. Over a week ago, Alcoa further specifically proposed to the Debtors that the parties work together to jointly develop such a schedule. The Debtors initially balked at responding to Alcoa's proposal and requested Alcoa to provide its own schedule. In response, on Friday, Sept 4, Alcoa advised the Debtors it would provide its proposed schedule before the Sept 9 conference with the Court, but, due to the impending holiday weekend, that likely would not happen until the following week. As promised, yesterday Alcoa submitted its proposed schedule to the Debtors. In the meantime, the Debtors did an about face over the last several days and engaged in discussions and made an acceptable counterproposal to Alcoa's August 31 letter to the Court that they, themselves, acknowledged could resolve the scheduling dispute; and then yesterday did yet another about face and suddenly took the discussions in a different direction.

Moreover, contrary to the Debtors' representations, Alcoa has never objected to the commencement of discovery related to Alcoa's cure claims and cure amounts under the Rockdale Contracts and a hearing date that is realistic, given the complexity of the Rockdale Contracts and Alcoa's breach/cure claims and damages/cure amounts. Whereas the Debtors apparently think that Alcoa's breach/cure claims and damages/cure amounts are simple—requiring "the testimony of a few witnesses, if that many"—they are not.[4] Alcoa's claims for the breach of the Rockdale Contracts are based on Alcoa's assertion that Debtors have not operated the plant efficiently and economically. Proof of this claim will necessitate in significant part the Debtors' documents and it will require detailed expert analysis of the source and nature of investment in the power plant and of the economics of the plant and the electricity market over an extended period of time. This claim is not dependent solely on the current price of power. Thus, any discovery plan that is consistent with Debtors' proposed expedited schedule is, in fact, substantively infirm and unworkable given the complex nature of Alcoa's breach/cure claims and what it will require to establish Alcoa's damages/cure amounts.

---

[3] *See* August 31 letter at 2; Motion ¶ 41; *see also* Debtors' September 8 letter, at n. 1.
[4] Other than a confidential presentation given over a month ago, the Debtors have little, if any, knowledge of Alcoa's breach claims under the Rockdale Contracts.

The Debtors are wrong to suggest that Alcoa is at fault for delaying discovery because it has refused to accept the Debtors' confidentiality order. The confidentiality order proposed by the Debtors is both unreasonable and unworkable in that it is designed for a different type of claim with a completely different set of circumstances made by a different type of claimant.

This case is about prudence of the investments in a power plant, and thus, the people that need to review the documents are the Alcoa people most familiar with the operation of the plant, the types of investments that were made and the projections and other considerations that existed. Likewise, the documents that are most critical to the case are the documents containing financial investment information, projections, and other considerations related to operation of the plant, which the Debtors are designating as highly confidential. Yet, the Debtors' confidentiality order would effectively forbid any Alcoa personnel (even a limited group) from reviewing these critical highly confidential documents that the Debtors acknowledge comprise roughly half of their production. In addition, the Debtors are proposing this type of unreasonable restriction in circumstances where the time limits imposed for this type of complex case in bankruptcy (even if it is not expedited) make it absolutely critical that a limited group of Alcoa employees who are knowledgeable about the Rockdale facility assist counsel in quickly understanding the documents.

To resolve the dispute regarding the confidentiality order, Alcoa's suggested that a select group of specifically identified employees be allowed to review the documents produced by the Debtors on a confidential basis. Yet, without providing any justification for their position, the Debtors have insisted this is non-negotiable and have still refused to provide these documents to Alcoa employees. Alcoa is not a competitor of the Debtors, nor is Alcoa an *ad hoc* committee or trading debt. Indeed, there is no justifiable reason for the Debtors to preclude the very people critical to establishing Alcoa's breach/cure claims and damages/cure amounts from analyzing those documents necessary to establish the claim.

Finally, the Motion was filed in clear violation of the May and August Stipulations. This is obvious from the language quoted in Alcoa's August 31 letter to the Court. The May and August Stipulations themselves contain the *quid pro quo* that Alcoa would agree to limit the scope of its objection to the Plan in exchange for having the assumption of the Rockdale Contracts being brought as part of the Plan confirmation process. Alcoa bargained for more notice and not less time than any other party to litigate its cure claim dispute.

All Alcoa is requesting is a fair opportunity to establish its breach/cure claims and damages/cure amounts—and to ensure that all of its contractual rights are expressly preserved This is not available to Alcoa on the timetable and under the conditions set forth in the Debtors' Motion and proposed discovery plan and confidentiality order. Moreover, the Debtors have provided no justification for their proposed timetable and conditions and, in fact, Alcoa's proposal outlined in the first paragraph of this letter (which Debtors ignore) negates any possible justification for Debtors' attempt to expedite this process as proposed.

        Very truly yours,

        /s/ Peter S. Goodman

        Peter S. Goodman

AB