# EXHIBIT D

**9/9/2015 Hearing Transcript**

**Page 1**

1  UNITED STATES BANKRUPTCY COURT
2  DISTRICT OF DELAWARE
3
4
5  In re:                              :
                                        :    Chapter 11
6  ENERGY FUTURE HOLDINGS               :
   CORP., et al.,                       :    Case No. 14-10979(CSS)
7                                       :
           Debtors.                     :    (Jointly Administered)
8  _____       :
9
10
11
12                          United States Bankruptcy Court
13                          824 North Market Street
14                          Wilmington, Delaware
15
16
17                          September 9, 2015
18                          2:02 PM
19
20  B E F O R E :
21  HON. CHRISTOPHER S. SONTCHI
22  U.S. BANKRUPTCY JUDGE
23
24
25  ECR OPERATOR:  LESLIE MURIN

1              MR. GOODMAN:  I --
2              THE COURT:  -- go ahead.
3              MR. GOODMAN:  I'm sorry.  I didn't meant to
4     interrupt, Your Honor.
5              THE COURT:  No.  It's okay.
6              MR. GOODMAN:  Okay.  Your Honor, you know,
7     obviously I would have to talk to my client, but I -- you
8     know, from sitting here today I don't have a problem, you
9     know, with having this heard after confirmation, whether
10    it's assumption and a cure or just cure.  I mean, I think it
11    was contemplated that cure place -- cure would take place
12    after confirmation, the cure hearing.
13             I'm a little confused about the debtors' position
14    on these contracts that they've made a business decision to
15    assume in full light and knowledge of the claims that we've
16    asserted because we have met with them and given them a
17    detailed analysis of our claims.  And the fact that in their
18    motion they represented, "To the extent the Court determines
19    that a default is" -- and this is in paragraph 41:
20             "To the extent the Court determines that a default
21    has cure or that the debtors are required to provide
22    adequate assurance of future performance in any event, the
23    debtors submit that the  -- that the debtors' plan, which
24    will reduce debt by an estimated 23 billion, will provide
25    more than enough adequate assurance to Alcoa; that the

1  debtors are able to satisfy their contractual obligations
2  going forward."
3           So to me that's a representation.  Apparently,
4  they've now changed that position.
5           The other thing is with respect to the business
6  judgment, Your Honor, the business judgment to assume is
7  quite different than a determination on a single contractual
8  provision which we say they're in breach of because the
9  debtors have to assume the contract as is.  They can't
10 modify it.  It's a contractual provision that they are aware
11 that was in there and we've notified them of that.
12          But I think Your Honor has given us some guidance.
13 I take that as a suggestion that maybe the parties get
14 together and see if they could reach an agreement on timing,
15 and I think given Your Honor's guidance we should be able to
16 do it.
17          THE COURT:  Yeah.  I mean, I'm perfectly happy to
18 bifurcate the issue and hear assumption issues only on
19 October 2nd, with a reservation for a later date for cure
20 and adequate assurance issues.
21          However, if the parties -- and by the parties I
22 mean if the debtors are not agreeable to bifurcation and
23 want it all heard at the same time, that's fine as well.
24 I'll schedule that sometime between early December and early
25 January.  And that's the time frame I have in mind.  That