**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., et al., | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos.: 6122** |

**OBJECTION OF THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS INDENTURE TRUSTEE FOR THE EFCH 2037 NOTES CLAIMS, TO CONFIRMATION OF THE FIFTH AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

The Bank of New York Mellon Trust Company, N.A. ("BNYMTC"), in its capacity as the EFCH 2037 Notes Trustee,[1] objects to confirmation of the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. 6122) (the "Plan"). In support of the objection, BNYMTC respectfully states as follows:

**I.     PRELIMINARY STATEMENT**

1.     The Debtors offer no meaningful explanation as to why they separately classify the EFCH 2037 Notes Claims from the rest of the "T-side" funded indebtedness claims, which are classified in Class C4 TCEH Unsecured Debt Claims, and from the rest of the "T-side" unsecured claims, which are classified in Class C5 General Unsecured Claims Against the TCEH Debtors Other Than EFCH.

2.     Class C4 TCEH Unsecured Debt Claims and Class C5 General Unsecured Claims Against the TCEH Debtors Other Than EFCH are receiving a recovery under the Plan.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*.

Conversely, Class C6 General Unsecured Claims Against EFCH are receiving *no* recovery under the Plan.

3.  Absent the Debtors' proving that the separate classification and treatment of the EFCH 2037 Notes Claims is reasonable, valid, and not arbitrary or otherwise improper, this Court should deny confirmation of the Plan.

## II.  FACTUAL BACKGROUND

### A.  The Debtors' Bankruptcy Cases

4.  On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. These chapter 11 cases are jointly administered.

### B.  The EFCH 2037 Notes Claims

5.  BNYMTC serves as the EFCH 2037 Notes Trustee under an Indenture, dated as of December 1, 1995, by and among Texas Utilities Electric Company n/k/a EFCH, as issuer, and BNYMTC, as EFCH 2037 Notes Trustee. As of the Petition Date, approximately $9 million in principal amount of the EFCH 2037 Notes were outstanding, including $1 million of "Series D" Floating Rate Junior Subordinated Debentures due June 30, 2037" and $8 million of "Series E" 8.175% Fixed Rate Junior Subordinated Debentures due June 30, 2037."

6.  The EFCH 2037 Notes are unsecured obligations of EFCH and are subordinate to EFCH's other prepetition funded indebtedness.

7.  The EFCH 2037 Notes Trustee's fees and expenses, however, are *not* subordinated. *See* EFCH 2037 Notes Indenture at § 1502 ("Nothing in Section 1501 or in this Section 1502 shall apply to claims of, or payments to, the Trustee under or pursuant to Section 907.").

8.  The EFCH 2037 Notes Trustee timely filed unsecured proofs of claim relating to the EFCH 2037 Notes in the aggregate amount of $9.0 million, plus interest and fees.

### C. The Disclosure Statement and Plan

9. On September 21, 2015, the Debtors filed the Plan and the *Disclosure Statement for the Plan* (D.I. 6124) (the "Disclosure Statement").

10. The Plan classifies the EFCH 2037 Notes Claims in Class C6 among the "General Unsecured Claims Against EFCH," which include any Unsecured Claim against EFCH that is not otherwise paid in full pursuant to an order of the Bankruptcy Court, including the EFCH 2037 Notes Claims, but exclude: (a) Administrative Claims against EFCH; (b) Priority Tax Claims against EFCH; (c) Intercompany Claims against EFCH; (d) Other Priority Claims against EFCH; and (e) DIP Claims.

11. With respect to the Class C6 General Unsecured Claims Against EFCH, the Plan provides that "General Unsecured Claims Against EFCH shall be canceled and released without any distribution on account of such Claims." *See* Plan, Art. III.B.31, p. 59.

## III. OBJECTIONS

### A. The Debtors Bear the Burden of Proof under Section 1129(a) of the Bankruptcy Code.

12. A bankruptcy court may only confirm a plan of reorganization if it meets all sixteen requirements of section 1129(a) of the Bankruptcy Code. *See* 11 U.S.C. § 1129(a). "The Code imposes an independent duty upon the court to determine whether a plan satisfies each element of section 1129, regardless of the absence of valid objections to confirmation." *In re Lernout & Hauspie Speech Prods, N.V.*, 301 B.R. 651, 656 (Bankr. D. Del. 2003) *aff'd* 308 B.R. 672 (D. Del. 2004); *accord In re Flintkote Co.*, 486 B.R. 99, 122 (Bankr. D. Del. 2012).

13. The plan proponent bears the burden of establishing, by a preponderance of the evidence, each confirmation requirement of section 1129(a) of the Bankruptcy Code. *See In re PTL Holdings LLC*, No. 11-12676 (BLS), 2011 WL 5509031, at *2 (Bankr. D. Del. Nov. 10,


2011) ("As the plan proponent, the burden rests with the Debtors to demonstrate that the requirements of Bankruptcy Code § 1129 have been satisfied."); *In re Exide Techs.*, 303 B.R. 48, 58 (Bankr. D. Del. 2003) (same); *In re Genesis Health Ventures, Inc.*, 266 B.R. 591, 598-99 (Bankr. D. Del. 2001) (same).

### B. The Debtors Must Demonstrate that the Classification and Treatment of the EFCH 2037 Notes Claims in Class C6 General Unsecured Claims Against EFCH Is Proper.

14. "'Equality of distribution among creditors is a central policy of the Bankruptcy Code.'" *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 239 (3d Cir. 2004) (quoting *Begier v. IRS*, 496 U.S. 53, 58 (1990)); *see also In re W.R. Grace & Co.*, 729 F.3d 311, 327 (3d Cir. 2013) (stating that "equality of distribution among creditors is a central policy of the Bankruptcy Code that is furthered by several different Code provisions"). Several provisions of the Bankruptcy Code "are designed to ensure equality of distribution from the time the bankruptcy petition is filed." *Combustion Eng'g*, 391 F.3d at 239.

15. In furtherance of this central policy of equality of distribution, section 1122(a) of the Bankruptcy Code provides that "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." 11 U.S.C. § 1122(a). "Section 1122(a) is mandatory in one respect: only substantially similar claims may be classified together. Yet, Section 1122(a) is permissive is this respect: it does not provide that all similar claims must be placed in the same class." *In re Tribune Co.*, 476 B.R. 843, 854-855 (Bankr. D. Del. 2012) (citing *In re AOV Indus., Inc.*, 792 F.2d 1140, 1150 (D.C. Cir. 1986); *In re Jersey City Med. Ctr.*, 817 F.2d 1055, 1061 (3d Cir. 1987) ("[W]e agree with the general view which permits the grouping of similar claims in different classes."); *In re Coram Healthcare Corp.*, 315 B.R. 321, 348 (Bankr. D. Del. 2004) (the Bankruptcy Code "does not expressly prohibit placing 'substantially similar' claims in separate classes")).

16. "Although plan proponents have discretion to classify claims, the Third Circuit has recognized that the Code does not allow a plan proponent complete freedom to place substantially similar claims in separate classes." *Tribune,* 476 B.R. at 855 (citing *John Hancock Mut. Life Inc. Co. v. Route 37 Bus. Park Assocs. (In re Route 37 Bus. Park Assocs.)*, 987 F.2d 154, 158 (3d Cir. 1993)). Rather, plan proponents must demonstrate that a classification scheme is "reasonable." *Id.* (citing *John Hancock Mut. Life Inc.*, 987 F.2d at 159).

17. It is a "well-recognized principle" that the classification of claims or interests "cannot be grouped together for arbitrary or fraudulent purposes." *In re W.R. Grace & Co.*, 475 B.R. 34, 110 (D. Del. 2012) (citing *Jersey City Med. Ctr.*, 817 F.2d at 1061, and *John Hancock Mut. Life. Ins. Co.*, 987 F.2d at 159). In sum, "substantially similar claims may not be classified separately when it is done for an illegitimate reason.'" *W.R. Grace*, 475 B.R. 110 (quoting *In re Dow Corning*, 244 B.R. 634, 644 (Bankr. E.D. Mich. 1999)).

18. Here, the Plan classifies the EFCH 2037 Notes Claims as Class C6 General Unsecured Claims Against EFCH. Class C6 General Unsecured Claims against EFCH include holders of any Allowed Unsecured Claims against EFCH that are not otherwise paid in full pursuant to an order of the Bankruptcy Code, including the EFCH 2037 Notes Claims.

19. The Debtors must demonstrate that there is a valid basis to for the separate classification of the EFCH 2037 Notes Claims from the rest of the T-side funded indebtedness claims, which are classified in Class C4 TCEH Unsecured Debt Claims, and from the rest of the T-side unsecured claims, which are classified in Class C5 General Unsecured Claims Against the TCEH Debtors Other Than EFCH.

20. The Plan provides a recovery for Class C4 TCEH Unsecured Debt Claims and Class C5 General Unsecured Claims Against the TCEH Debtors Other Than EFCH. In contrast,

the Plan provides that Class C6 General Unsecured Claims Against EFCH are receiving *no* recovery under the Plan.  *See* Plan, Art. III.B.31, p. 59.  The Disclosure Statement provides that "Holders of Claims against TCEH are not being paid in full under the Plan, so EFCH's ownership interest in TCEH has no value.  Consequently, Claims asserted against EFCH (including the Class C6 Claims) are not receiving any recovery under the Plan and are deemed to reject the Plan."  Disclosure Statement, Art. V.E.29, p. 132.

21.     The Debtors, however, do not indicate why the EFCH 2037 Notes Claims are not receiving any distribution on account of claims relating to the pre-bankruptcy restructuring and related transfers.

### C.     The Stay Pending Appeal Should Not Be Waived

22.     Bankruptcy Rule 3020(e) provides that "[a]n order confirming a plan is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 3020(e).  The stay should not be waived.

23.     The purpose of a stay pending appeal is to provide sufficient time for an objecting party to request a stay pending appeal before the order can be implemented.  An objecting party should have time to appeal and seek a stay to avoid arguments that the appeal may well be moot.  *But see In re One2One Commc'ns, LLC*, No. 13-3410, 2015 WL 4430302 (3d Cir. July 21, 2015) (questioning equitable mootness doctrine).

24.     The Debtors cannot demonstrate that there is a need to consummate the Plan within the 14-day period nor can the Debtors show that the interests of holders of the 2037 EFCH Notes Claims are sufficiently protected.

25.     Therefore, the stay should not be waived.

## IV. CONCLUSION

For the foregoing reasons, BNYMTC respectfully requests that the Court enter an Order (a) denying confirmation of the Plan unless the Debtors satisfy their burden of proof with respect to the classification and treatment of the EFCH Notes Claims, and (b) granting such other and further relief to BNYMTC as is appropriate.

Dated:  October 23, 2015
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By:  */s/ Kurt F. Gwynne*
Kurt F. Gwynne (No. 3951)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
Email:  kgwynne@reedsmith.com

Sarah K. Kam (*pro hac vice*)
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 549-0284
Facsimile: (212) 521-5450
Email: skam@reedsmith.com

Counsel to The Bank of New York Mellon Trust Company, N.A., in its capacity as the EFCH 2037 Notes Trustee