# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered |

**EFH INDENTURE TRUSTEE'S NOTICE OF DEPOSITION
OF DEBTORS PURSUANT TO FED. R. BANKR. PRO. 30(B)(6)**

PLEASE TAKE NOTICE that American Stock Transfer & Trust Company, LLC, as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "<u>EFH Indenture Trustee</u>") by and through its attorneys of record, will take the oral and videotaped deposition of the above-referenced debtors (the "Debtors") regarding the matters identified in **Exhibit A**.  The deposition will take place beginning at 10:00 a.m. on a date to be agreed upon, at the offices of Nixon Peabody, LLP, 437 Madison Avenue, New York, New York, 10022, or at another location and time agreed upon by the parties, before an officer authorized to administer oaths and shall continue from day to day until completed.

Pursuant to Federal Rule of Civil Procedure 30(b)(6) as made applicable to these proceedings by Fed. Bankr. R. P. 7030, the Debtors are obligated to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf concerning the matters set forth in Exhibit A.  No later than five business days prior to the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification Numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

1

4846-6476-8809.6

deposition, EFH is requested to set forth in writing the identity of each witness that will testify in response to this notice and the matters on which each witness will testify.

This deposition shall be upon oral examination before an officer or person as provided in Federal Rule of Civil Procedure 28 as made applicable to these proceedings by Fed. Bankr. R. P. 7028 and shall be recorded by stenographic and video means. This deposition may be used for any purpose permitted under Federal Rule of Civil Procedure 32 as made applicable to these proceedings by Fed. Bankr. R. P. 7032 and any other applicable and local rules.

Dated: Wilmington, DE
October 23, 2015

**CROSS & SIMON, LLC**

By: /s/ *Christopher P. Simon*
Christopher P. Simon (Del. Bar No. 3697)
105 North Market Street, Suite 901
Wilmington, Delaware 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
csimon@crosslaw.com

- and –

**NIXON PEABODY LLP**
Amanda D. Darwin
Richard C. Pedone
Erik Schneider
100 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
adarwin@nixonpeabody.com
rpedone@nixonpeabody.com

-and-

Christopher J. Fong
437 Madison Avenue
New York, NY 10022
Telephone: 212-940-3724
Facsimile: 855-900-8613
cfong@nixonpeabody.com

*Co-Counsel to American Stock Transfer & Trust Company, LLC, as Indenture Trustee*

4846-6476-8809.6

EXHIBIT A

DEFINITIONS AND INSTRUCTIONS

Unless otherwise indicated, the use of the name or identity of any person, business organization, or other entity shall specifically include all past and present employees, officers, directors, partners, agents, representatives, and attorneys of that person, organization, or entity, its affiliates, and its predecessors and successors in interest.

All definitions and rules of construction contained in the Federal Rules of Civil Procedure and the Federal Rules of Evidence are incorporated herein by reference, and are given their broadest meaning.

Unless otherwise set forth herein, all capitalized but undefined terms shall have the meaning ascribed to such terms in the Debtors' Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 6122], as it may be amended, modified or supplemented (the "Plan").

    A. The term "Document" is used in its broadest sense and shall mean and include, but without limitation, each original, and if the original is not available, each duplicate of any material from which information can be read, obtained, translated or deciphered, whether typed, handwritten, printed or otherwise, or any photograph, photostat, microfilm or other reproduction thereof, including without limitation, letters, memoranda, handwritten notes, ledgers, journals, business or financial records of any kind, personal diaries, calendars, travel records, telephone logs, telephone bills for long distance calls, photographs, reports, diagrams, illustrations, or any other tangible repositories of information, including that stored in a computer or similar device and/or preserved on backup tapes or other archival media, e-mail, voice mail, magnetically and optically recorded documents, archival copies of magnetically or optically recorded documents,

3

documents that have been logically deleted but not physically erased, actual media (whether magnetic, optical, or other) that have been used to record or store data. This includes data and media stored and maintained by responding party and by employees and agents or responding party (*e.g.*, on personal computers and email accounts). This also includes each document which is in whole or in part a duplicate or copy of another document, but which is not in every respect identical to the original from which it was copied or duplicated shall be a separate original document, regardless of the nature of the difference (i.e. whether the difference is because the duplicate identifies margin notes, comments or deletions not appearing on the original).

B. The terms "Person and "Individual" mean any natural person or persons.

C. "Communication" shall mean every manner or means of disclosure, transfer, or exchange of information, including, but not limited to, any of the following: (a) any written letter, memorandum, or other Document of any kind by mail, courier, other delivery services, telecopy, facsimile, telegraph, electronic mail, voicemail, or any other means; (b) any telephone call, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal.

D. "EFH Indenture 2012 Supplement" shall mean any supplement delivered in 2012 to any EFH Legacy Note Indenture.

E. "Person" or "persons" shall mean all natural persons, corporations, partnerships or other business associations, and all other legal or governmental entities or associations.

F. "You" or "your" shall refer to any person to whom these requests have been addressed and all of their current and former affiliates, parents, direct or indirect subsidiaries, members, officers, directors, representatives, employees, agents, consultants, accountants,

4846-6476-8809.6

attorneys, financial advisors, predecessors, successors, assigns, and any other person currently or formerly acting or purporting to act on the Person's behalf for any purpose whatsoever.

G.  The terms "relating to" and "concerning" each mean, in addition to their usual and customary meanings, concerning, relating to, discussing, mentioning, evidencing, embodying, constituting, effecting, referring to, assessing, recording, analyzing, describing, evaluating, memorializing, about, regarding, touching upon, listing, or reflecting the matter specified in the request.

H.  The use of the singular form of any word includes the plural and vice versa.

## DEPOSITION TOPICS

**A. The EFH Indenture Trust 2012 Supplement**

TOPIC NO. 1:

All facts that the Debtors will rely on to establish the enforceability of the EFH Indenture 2012 Supplement including, without limitation, withstanding any challenge that the EFH Indenture 2012 Supplement approval required unanimous consent under the Trust Indenture Act.

TOPIC NO. 2:

Any analysis or review of the requisite holder consent necessary to amend the EFH Legacy Note Indentures in the manner set forth in the EFH Indenture 2012 Supplement.

TOPIC NO. 3:

The terms of the EFH Indenture 2012 Supplement, including the Debtors' reasons for seeking to amend the EFH Legacy Note Indentures in 2012.

TOPIC NO. 4:

The process undertaken by the Debtors to obtain approval of the EFH Indenture 2012 Supplement, including any communications with holders EFH Legacy Notes or their agents in advance of soliciting their consent.

TOPIC NO. 5:

The preparation, negotiation, execution or distribution of the EFH Indenture 2012 Supplement, including, without limitation, any ballot or other requests for approval or consent delivered in connection with any such EFH Indenture Supplement and any response thereto.

TOPIC NO. 6:

Any proposal to modify any EFH Legacy Note Indenture in connection with any potential "Permitted Asset Transfer" or "TCEH Transfer", as subsequently defined under any EFH Indenture 2012 Supplement, or similar potential transfer or transaction.

TOPIC NO. 7:

The searches undertaken and other steps taken to locate documents responsive to EFH Committee's Second Discovery Requests to Debtors as to requests for documents numbered 38-41.

    **B.  Reinstatement of the Legacy Series Notes**

TOPIC NO. 8:

The ability of Reorganized TCEH to satisfy its obligations under the EFH Legacy Series Q Notes and the EFH Legacy Series R Notes if they become obligations with Reorganized TCEH pursuant to the Plan.

TOPIC NO. 9:

The impact on the capital structure of Reorganized TCEH after the contemplated reinstatement of the EFH Legacy Series Q Notes and the EFH Legacy Series R Notes, including, *e.g.*, compliance with covenants pertaining to leverage or total funded indebtedness in any existing or future credit facilities, and options for future refinancings.

TOPIC NO. 10:

Any analysis or estimate of projected impact on the feasibility of the Plan resulting from the reinstatement of the EFH Legacy Notes at Reorganized TCEH.

TOPIC NO. 11:

How the Debtors will determine whether to reinstate the EFH Legacy Series Q Notes and the EFH Legacy Series R Notes with Reorganized TCEH.

TOPIC NO. 12:

The terms of any agreements between and among the Debtors and the holders of any TCEH First Lien Claim to facilitate the reinstatement of the EFH Legacy Series Q Notes and the EFH Legacy Series R Notes with Reorganized TCEH.

TOPIC NO. 13:

The terms of any agreements between and among any parties to facilitate the reinstatement of the EFH Legacy Series Q Notes and the EFH Legacy Series R Notes with Reorganized TCEH.

TOPIC NO. 14:

The content of submissions made by the Debtors to the Internal Revenue Service regarding the terms of the Plan and whether any such submissions contained information

describing in detail the proposed reinstatement of the EFH Legacy Series Q Notes and the EFH Legacy Series R Notes with Reorganized TCEH.

TOPIC NO. 15:

The Debtors' post-confirmation planning and projections for Reorganized TCEH for potential volatility in energy and fuel markets, including, but not limited to, the Reorganized TCEH's capacity and plans to manage such risks through the use of hedging transactions and other derivative products.

TOPIC NO. 16:

The Debtors' post-confirmation planning and projections for managing potential volatility in interest rates, including, but not limited to, the use of hedging transactions and other derivative products.

TOPIC NO. 17:

All communications related to any potential waiver of Condition Precedent # 9.

| | |
|---|---|
| Dated: Wilmington, DE<br>October 23, 2015 | **CROSS & SIMON, LLC**<br><br>By: /s/ *Christopher P. Simon*<br>Christopher P. Simon (Del. Bar No. 3697)<br>1105 North Market Street, Suite 901<br>Wilmington, Delaware 19801<br>Telephone: (302) 777-4200<br>Facsimile: (302) 777-4224<br>csimon@crosslaw.com<br><br>- and – |

4846-6476-8809.6

**NIXON PEABODY LLP**
Amanda D. Darwin
Richard C. Pedone
Erik Schneider
100 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
adarwin@nixonpeabody.com
rpedone@nixonpeabody.com

-and-

Christopher J. Fong
437 Madison Avenue
New York, NY 10022
Telephone: 212-940-3724
Facsimile: 855-900-8613
cfong@nixonpeabody.com

*Co-Counsel to American Stock Transfer & Trust Company, LLC, as Indenture Trustee*

4846-6476-8809.6