IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

IN THE MATTER OF:    CASE NO. 14-10979

ENERGY FUTURE HOLDINGS
CORP., ET AL

  DEBTOR    CHAPTER 11

OBJECTION TO CONFIRMATION OF FIFTH
AMENDED JOINT PLAN OF REORGANIZATION
OF ENERGY FUTURE HOLDINGS CORP., ET AL.,

TO THE HONORABLE BANKRUPTCY JUDGE:

NOW COME The County of Anderson, Texas, The County of Bastrop, Texas, Tax Appraisal District of Bell County, Brown County Appraisal District, The County of Cherokee, Texas, The County of Coryell, Texas, The County of Denton, Texas, Eastland County Appraisal District, Eastland County Appraisal District, Gorman Independent School District, The County of Freestone, Texas, The County of Henderson, Texas, Hill County Appraisal District, The County of Hill, Texas, The County of Leon, Texas, Groesbeck Independent School District, Mexia Independent School District, City of Waco and/or Waco Independent School District, Midland Central Appraisal District, The County of Milam, Texas, The County of Stephens, Texas, Central Appraisal District of Taylor County and The County of Williamson, Texas, ("Texas Ad Valorem Taxing Jurisdictions"), and file their Objection to the Confirmation of the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al. ("Plan"), on the following grounds:

1. The claims of the undersigned are included in the class of claims described as General Administrative Claims.

2. The claims of the Texas Ad Valorem Taxing Jurisdictions are impaired under the Plan, and the Texas Ad Valorem Taxing Jurisdictions have not accepted the Plan within the time fixed to do so.

3. These claims arise from property taxes for the 2015 tax years on the Debtors' property described as personal property, real property and minerals located in these ad valorem tax jurisdictions. On January 1, 2015, personal liability arose and a statutory lien attached for the 2015 tax year. Texas Property Tax Code Section 32.01(a). There are currently taxes due for the 2015 tax years in the approximate aggregate amount of $17,973,516.72 to the Texas Ad Valorem Taxing Jurisdictions. The laws of the State of Texas Property Tax Code, Section 32.05(b), give the tax liens securing these property taxes superior claim over any other claim or lien against this property. This state priority for tax liens is retained in the Bankruptcy Code giving this claim a superior position over all other claims against this property. <u>Stanford v. Butler</u>, 826 F.2d 353 (5th Cir. 1987), 11 USC § 506; <u>Universal Seismic Associates</u>, Inc., 288 F.3d 205 (5th Cir. 2002); <u>In Re Winn's Stores, Inc.;</u> 177 B.R. 253 (Bktcy W.D. Tex 1995).

4. The Plan provisions which deal with the secured claims of the Texas Ad Valorem Taxing Authorities fail to provide fair and equitable treatment to these secured claims as required by 1129(b)(1) and (2)(A) in that:

   a. Article II(A)(1) of the Plan which treats general administrative claims requires holders of such claims to file a request for payment within 30 days of the Effective Date. Section 503(b)(1)(D) of the Bankruptcy Code specifically states that governments entities shall not be required to file a request for payment.

   b. Article II(A)(1) of the Plan further requires the Reorganized Debtors to pay General Administrative Claims either (1) on the Effective Date; (2) if the claim is not allowed on the Effective Date within 60 days of the Effective Date; (3) in the ordinary course if the claim arose post-petition in the ordinary course of business. The claims of the Texas Ad Valorem Taxing Jurisdictions arguably fall within the classification of claims that arose post-petition and at the Reorganized Debtor's choice be paid in the ordinary course. The ordinary course of business as to Texas property

taxes means that the taxes shall be paid by January 31, 2016 as provided by Section 31.02(a) of the Texas Property Tax Code.

Article IV(H) of the Plan states that all assets of the Estate shall vest in the Reorganized Debtor on the Effective Date free and clear of liens. If the Reorganized Debtor chooses to not pay the 2015 property taxes on the Effective Date the 2015 tax liens should remain in full force and effect until the taxes, as well as any penalties or interest that may ultimately accrue thereunto, have been paid in full.

c. Article VI(H) of the Plan provides that no claims are entitled to post-petition interest. In the event the Reorganized Debtors fail to the pay the 2015 taxes before January 31, 2016 the Texas Ad Valorem Taxing Jurisdictions are entitled to penalty and interest as provided by the Texas Property Tax Code Section 33.01.

WHEREFORE, the Texas Ad Valorem Taxing Jurisdictions object to confirmation of the Plan due to noncompliance with the provisions of § 1129(b)(1) and (2)(A) of the Bankruptcy Code, and further request other and such relief as is just and proper.

Dated: October 23, 2015

        Respectfully submitted,

        MCCREARY, VESELKA, BRAGG & ALLEN, P.C.
        Attorneys for the Texas Ad Valorem Taxing
        Jurisdictions

        */s/Lee Gordon*
        Lee Gordon
        State Bar Number 08212500
        P.O. Box 1269
        Round Rock, Texas 78680
        Telephone: (512) 323-3200
        Fax: (512) 323-3205

CERTIFICATE OF SERVICE

    I hereby certify that I have placed a copy of the above Objection to Confirmation of the Fifth Amended Plan to the following parties and to those parties listed on the Court's Notice of Electronic Filing on October 23, 2015, by Electronic Notification.

                                                */s/Lee Gordon*
                                                Lee Gordon

Kirkland & Ellis, LLP
601 Lexington Avenue
New York, NY 10022
http://www.kirkland.com
Fax:   (212) 446-4900
Attn:   Edward O. Sassower, P.C.
Stephen E. Hessler
Brian E. Schartz


Richards Layton & Finger
920 North King Street
Wilmington, DE 19801
http://www.rlf.com
Fax:   (302) 651-7701
Attn:   Mark D. Collins
Daniel J. DeFranceschi
Jason M. Madron


Kirkland & Ellis, LLP
300 North LaSalle
Chicago, IL 60654
http://www.kirkland.com
Fax:   (312) 862-2200
Attn:   James H.M. Sprayregen, P.C.
Chad J. Husnick
Steven N. Serajeddini