**<u>Exhibit E</u>**

**Supplemental Indenture dated January 29, 2013**

| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN32 11.2 | SER devir0dc | 29-Jan-2013 05:57 EST | | 474858 EX4_4 1 | 1* |
| FORM 8-K | | | DAL | | | HTM IFV | 0C |

Exhibit 4.4

**ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC**
**AND**
**EFIH FINANCE INC.**

**10.000% SENIOR SECURED NOTES DUE 2020**

———————————

**FIRST SUPPLEMENTAL INDENTURE**

**Dated as of January 29, 2013**

**To the Indenture dated as of**
**August 17, 2010**

———————————

**THE BANK OF NEW YORK**
**MELLON TRUST COMPANY, N.A.**

**TRUSTEE**

———————————



MOLDOVAN
PLAINTIFF'S EXHIBIT
24
11/20/14   KRB

| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN 11.2 | SER devir0dc | 29-Jan-2013 05:57 EST | | 474858 EX4_4 2 | 1* |
| FORM 8-K | | | DAL | | | HTM IFV | 0C |

FIRST SUPPLEMENTAL INDENTURE ("this First Supplemental Indenture"), dated as of January 29, 2013, among Energy Future Intermediate Holding Company LLC, a Delaware limited liability company ("EFIH"), and EFIH Finance Inc., a Delaware corporation ("EFIH Finance" and, together with EFIH, the "Issuer"), and The Bank of New York Mellon Trust Company, N.A., as Trustee.

### RECITALS OF THE ISSUER

**WHEREAS**, the Issuer and the Trustee have duly executed and delivered the Indenture, dated as of August 17, 2010 (the "Indenture"), providing for the issuance of $2,180,000,000 aggregate principal amount of the Issuer's 10.000% Senior Secured Notes due 2020 (the "Initial Notes");

**WHEREAS**, Section 9.01(1) of the Indenture provides that the Issuer and the Trustee may amend or supplement the Indenture to cure any ambiguity, omission, mistake, defect or inconsistency;

**WHEREAS**, on August 17, 2010 the Issuer issued the Initial Notes;

**WHEREAS**, Section 2.01(d) of the Indenture provides for the issuance from time to time of Additional Notes by the Issuer;

**WHEREAS**, Section 9.01(9) of the Indenture provides that the Issuer and the Trustee may amend or supplement the Indenture to provide for the issuance of Additional Notes (as defined in the Indenture);

**WHEREAS**, Section 9.01(12) of the Indenture provides that the Issuer and the Trustee may amend or supplement the Indenture to make certain amendments to the provisions of the Indenture relating to the transfer and legending of Notes (as defined in the Indenture) as permitted by the Indenture under certain conditions;

**WHEREAS**, the Issuer has duly authorized the creation and issuance on the date hereof of $1,302,106,000 aggregate principal amount of Additional Notes (the "New Notes") under the Indenture;

**WHEREAS**, the Issuer desires to amend the Indenture to provide for the issuance of the New Notes, to make certain amendments to the provisions of the Indenture relating to the transfer and legending of Notes and to cure an ambiguity, omission, mistake, defect or inconsistency in accordance with clauses (1), (9) and (12) of Section 9.01 of the Indenture;

**WHEREAS**, the Issuer has duly authorized the execution and delivery of this First Supplemental Indenture;

**WHEREAS**, all conditions and requirements necessary to make this First Supplemental Indenture a valid and binding instrument in accordance with its terms have been done and performed, and the execution and delivery hereof has been in all respects duly authorized; and

1

EFIHMW00270289

| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN02 11.2 | 8ER devir0dc | 29-Jan-2013 05:58 EST | 474858 EX4_4 3 | 1* |
| FORM 8-K | | | DAL | | HTM IFV | 0C |

**WHEREAS**, pursuant to Section 9.01 of the Indenture, the Trustee is authorized to execute and deliver this First Supplemental Indenture and the Trustee has received the request of the Issuer to join with the Issuer in the execution of this First Supplemental Indenture accompanied by a resolution of its Board of Directors authorizing the execution of this First Supplemental Indenture and the documents referred to in the Indenture.

**NOW, THEREFORE**, in consideration of the foregoing and for other good and valuable consideration, the receipt of which is hereby acknowledged, the parties mutually covenant and agree for the equal and ratable benefit of all Persons who are now or hereafter become Holders of Notes, hereby enter into this First Supplemental Indenture and agree as follows:

**ARTICLE 1**

**DEFINITIONS**

Section 1.1 <u>Capitalized Terms</u>. Capitalized terms used herein without definition shall have the meanings assigned to them in the Indenture.

Section 1.2 <u>Rules of Construction</u>. For all purposes of this First Supplemental Indenture, except as otherwise herein expressly provided or unless the context otherwise requires: (i) the words "herein," "hereof" and "hereby" and other words of similar import used in this First Supplemental Indenture refer to this First Supplemental Indenture as a whole and not to any particular section hereof and (ii) the terms and expressions used herein shall have the same meanings as corresponding terms and expressions used in the Indenture.

**ARTICLE II**

**CHANGES TO CERTAIN PROVISIONS**

Section 2.1 <u>Amendments to Article 1</u>.

(a) The following definitions shall be added to Section 1.01 of the Indenture and replace any existing definitions (as applicable) in the Indenture:

"<u>144A Global Note</u>" means a Global Note substantially in the form of Exhibit A hereto bearing the Global Note Legend, the Private Placement Legend and the Tax Legend (if applicable) and deposited with or on behalf of, and registered in the name of, the Depositary or its nominee that will be issued in a denomination equal to the outstanding principal amount of the Notes sold in reliance on Rule 144A.

"<u>Agent's Message</u>" means a message transmitted by DTC to, and received by, the Depositary and forming a part of the book-entry confirmation, which states that DTC has received an express acknowledgment from each participant in DTC tendering the Notes that such participants have received the Letter of Transmittal and agree to be bound by the terms of the Letter of Transmittal and the Issuer may enforce such agreement against such participants.

2

Confidential

EFIHMW00270290



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN112.7 SER devir0dc | 29-Jan-2013 05:58 EST | 474858 EX4_4 4 | 1* |
| FORM 8-K | | DAL | | HTM IFV | 0C |

"Applicable Procedures" means, with respect to any transfer or exchange of or for beneficial interests in any Global Note, the rules and procedures of the Depositary, Euroclear and/or Clearstream that apply to such transfer or exchange.

"broker-dealer" has the meaning set forth in the Registration Rights Agreement.

"Clearstream" means Clearstream Banking, société anonyme, and its successors.

"Euroclear" means Euroclear Bank, S.A./N.V., as operator of the Euroclear system.

"Exchange Notes" means any notes issued in exchange for the Notes pursuant to the Registration Rights Agreement.

"Exchange Offer" means, as applicable, either (i) for the purpose of the definitions of "EBITDA", "Issue Date", "Permitted Investments" and "Prospectus" and Section 4.07, the exchange of the Initial Notes for the existing Indebtedness of EFH Corp. pursuant to the Prospectus or (ii) for the purpose of the definition of "Letter of Transmittal" and Section 2.06, the meaning set forth in the Registration Rights Agreement.

"Exchange Registration Statement" has the meaning set forth in the Registration Rights Agreement.

"Global Note Legend" means the legend set forth in Section 2.06(h)(ii) hereof, which is required to be placed on all Global Notes issued under this Indenture.

"Global Notes" means, individually and collectively, each of the Restricted Global Notes and the Unrestricted Global Notes deposited with or on behalf of and registered in the name of the Depositary or its nominee, substantially in the form of Exhibit A and that bears the Global Note Legend and that has the "Schedule of Exchanges of Interests in the Global Note" attached thereto, issued in accordance with Section 2.01, 2.06(a), 2.06(b)(iii), 2.06(b)(iv), 2.06(e)(ii), 2.06(e)(iii) or 2.06(g) hereof.

"Indirect Participant" means a Person who holds a beneficial interest in a Global Note through a Participant.

"Issue Date" means August 17, 2010 (the date on which the Initial Notes were issued in the related Exchange Offer).

"Letter of Transmittal" means the letter of transmittal to be prepared by the Issuer and sent to all Holders of the Notes for use by such Holders in connection with the Exchange Offer.

"Non-U.S. Person" means a Person who is not a U.S. Person.

"Notes" means the Initial Notes, and more particularly means any Note authenticated and delivered under this Indenture. For all purposes of this Indenture, the term "Notes" shall also include any Additional Notes that may be issued under this Indenture (including any Exchange Notes issued in exchange therefor). The Notes and Additional Notes subsequently issued under

3



this Indenture shall be treated as a single class for all purposes under this Indenture, except as set forth herein.

"Participant" means, with respect to the Depositary, Euroclear or Clearstream, a Person who has an account with the Depositary, Euroclear or Clearstream, respectively (and, with respect to DTC, shall include Euroclear and Clearstream).

"Private Placement Legend" means the legend set forth in Section 2.06(h)(i) hereof to be placed on all Notes issued under this Indenture except where otherwise permitted by the provisions of this Indenture.

"QIB" means a "qualified institutional buyer" as defined in Rule 144A.

"Registration Rights Agreement" means, with respect to any Additional Notes, any registration rights agreement among the Issuer and the other parties thereto relating to the registration by the Issuer of such Additional Notes under the Securities Act.

"Regulation S" means Regulation S promulgated under the Securities Act.

"Regulation S Global Note" means a Global Note in the form of Exhibit A hereto, bearing the Global Note Legend, the Private Placement Legend and the Tax Legend (if applicable) and deposited with or on behalf of and registered in the name of the Depositary or its nominee, issued in a denomination equal to the outstanding principal amount at maturity of the Notes sold in reliance on Regulation S.

"Restricted Definitive Note" means a Definitive Note bearing the Private Placement Legend.

"Restricted Global Note" means a Global Note bearing the Private Placement Legend.

"Restricted Period" means the 40-day distribution compliance period as defined in Regulation S.

"Rule 144" means Rule 144 promulgated under the Securities Act.

"Rule 144A" means Rule 144A promulgated under the Securities Act.

"Rule 903" means Rule 903 promulgated under the Securities Act.

"Rule 904" means Rule 904 promulgated under the Securities Act.

"Shelf Registration Statement" means the Shelf Registration Statement as defined in the Registration Rights Agreement.

"Tax Legend" means the legend set forth in Section 2.06(h)(iii) hereof to be placed on all Notes (if applicable) issued under this Indenture except where otherwise permitted by the provisions of this Indenture.

4

Confidential

| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN32 11.2 | 3ER devir0dc | 29-Jan-2013 05:58 EST | 474858 EX4_4 6 | 1* |
| FORM 8-K | | | DAL | | HTM IFV | 0C |

"Unrestricted Definitive Note" means one or more Definitive Notes that do not bear and are not required to bear the Private Placement Legend.

"Unrestricted Global Note" means a permanent Global Note, substantially in the form of Exhibit A hereto, that bears the Global Note Legend and that has the "Schedule of Exchanges of Interests in the Global Note" attached thereto, and that is deposited with or on behalf of and registered in the name of the Depositary, representing one or more Global Notes that do not bear and are not required to bear the Private Placement Legend.

"U.S. Person" means a U.S. person as defined in Rule 902(k) promulgated under the Securities Act.

Section 2.2 Amendments to Article 2.

(a) The following clause (e) shall be added to Section 2.01:

"(e) Euroclear and Clearstream Procedures Applicable. The provisions of the "Operating Procedures of the Euroclear System" and "Terms and Conditions Governing Use of Euroclear" and the "General Terms and Conditions of Clearstream Banking" and "Customer Handbook" of Clearstream shall be applicable to transfers of beneficial interests in the Regulation S Global Notes that are held by Participants through Euroclear or Clearstream."

(b) The fourth paragraph of Section 2.02 shall be deleted and replaced with the following:

"On the Issue Date, the Trustee shall, upon receipt of a written order of the Issuer signed by an Officer (an "Issuer Authentication Order"), authenticate and deliver the Initial Notes. In addition, at any time, and from time to time, the Trustee shall, upon receipt of an Issuer Authentication Order, authenticate and deliver any Additional Notes or Exchange Notes for an aggregate principal amount specified in such Issuer Authentication Order for such Additional Notes or Exchange Notes. Such Issuer Authentication Order shall specify the amount of the Notes to be authenticated and, in the case of any issuance of Additional Notes, shall certify that such issuance is in compliance with Sections 4.09 and 4.12 hereof."

(c) Section 2.06 shall be deleted and replaced with the following:

"Section 2.06 Transfer and Exchange.

(a) Transfer and Exchange of Global Notes. Except as otherwise set forth in this Section 2.06, a Global Note may be transferred, in whole and not in part, only to another nominee of the Depositary or to a successor Depositary or a nominee of such successor Depositary. A beneficial interest in a Global Note may not be exchanged for a Definitive Note unless (i) the Depositary (x) notifies the Issuer that it is unwilling or unable to continue as Depositary for such Global Note or (y) has ceased to be a clearing agency registered under the Exchange Act and, in either case, a successor Depositary is not appointed by the Issuer within 120 days or (ii) there shall have occurred and be continuing a Default with respect to the Notes. Upon the occurrence of any of the preceding events in (i) or (ii) above, Definitive Notes delivered in exchange for any Global Note or beneficial interests therein will be registered in the

5

PX 075
Page 6 of 42



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN34<br>11.2 | SER devir0dc | 29-Jan-2013 05:58 EST | 474858 EX4_4 7 | 1* |
|---|---|---|---|---|---|---|
| FORM 8-K | | | DAL | | HTM IFV | 0C |

names, and issued in any approved denominations, requested by or on behalf of the Depositary (in accordance with its customary procedures). Global Notes also may be exchanged or replaced, in whole or in part, as provided in Sections 2.07 and 2.10 hereof. Every Note authenticated and delivered in exchange for, or in lieu of, a Global Note or any portion thereof, pursuant to this Section 2.06 or Section 2.07 or 2.10 hereof, shall be authenticated and delivered in the form of, and shall be, a Global Note, except for Definitive Notes issued subsequent to any of the preceding events in (i) or (ii) above and pursuant to Section 2.06(c) hereof. A Global Note may not be exchanged for another Note other than as provided in this Section 2.06(a); provided, however, beneficial interests in a Global Note may be transferred and exchanged as provided in Section 2.06(b), (d) or (g) hereof.

(b) Transfer and Exchange of Beneficial Interests in the Global Notes. The transfer and exchange of beneficial interests in the Global Notes shall be effected through the Depositary, in accordance with the provisions of this Indenture and the Applicable Procedures. Beneficial interests in the Restricted Global Notes shall be subject to restrictions on transfer comparable to those set forth herein to the extent required by the Securities Act. Transfers of beneficial interests in the Global Notes also shall require compliance with either subparagraph (i) or (ii) below, as applicable, as well as one or more of the other following subparagraphs, as applicable:

(i) Transfer of Beneficial Interests in the Same Global Note. Beneficial interests in any Restricted Global Note may be transferred to Persons who take delivery thereof in the form of a beneficial interest in the same Restricted Global Note in accordance with the transfer restrictions set forth in the Private Placement Legend; provided, however, that prior to the expiration of the Restricted Period, transfers of beneficial interests in a Regulation S Global Note may not be made to a U.S. Person or for the account or benefit of a U.S. Person. Beneficial interests in any Unrestricted Global Note may be transferred to Persons who take delivery thereof in the form of a beneficial interest in an Unrestricted Global Note. No written orders or instructions shall be required to be delivered to the Registrar to effect the transfers described in this Section 2.06(b)(i).

(ii) All Other Transfers and Exchanges of Beneficial Interests in Global Notes. In connection with all transfers and exchanges of beneficial interests that are not subject to Section 2.06(b)(i) hereof, the transferor of such beneficial interest must deliver to the Registrar either (A) both (1) a written order from a Participant or an Indirect Participant given to the Depositary in accordance with the Applicable Procedures directing the Depositary to credit or cause to be credited a beneficial interest in another Global Note in an amount equal to the beneficial interest to be transferred or exchanged and (2) instructions given in accordance with the Applicable Procedures containing information regarding the Participant account to be credited with such increase or (B) both (1) a written order from a Participant or an Indirect Participant given to the Depositary in accordance with the Applicable Procedures directing the Depositary to cause to be issued a Definitive Note of the same series in an amount equal to the beneficial interest to be transferred or exchanged and (2) instructions given by the Depositary to the Registrar containing information regarding the Person in whose name such Definitive Note shall be registered to effect the transfer or exchange referred to in (1) above. Upon consummation of an Exchange Offer by the Issuer in accordance with

6

EFIHMW00270294



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN12 112 | SER devir0dc | 29-Jan-2013 05:58 EST | 474858 EX4_4 8 | 1* |
| FORM 8-K | | | DAL | | HTM IFV | 0C |

Section 2.06(g) hereof, the requirements of this Section 2.06(b)(ii) shall be deemed to have been satisfied upon receipt by the Registrar of the instructions contained in the Letter of Transmittal delivered by the Holder of such beneficial interests in the Restricted Global Notes. Upon satisfaction of all of the requirements for transfer or exchange of beneficial interests in Global Notes contained in this Indenture and the Notes or otherwise applicable under the Securities Act, the Trustee shall adjust the principal amount of the relevant Global Note(s) pursuant to Section 2.06(c) hereof.

(iii) <u>Transfer of Beneficial Interests to Another Restricted Global Note</u>. A beneficial interest in any Restricted Global Note may be transferred to a Person who takes delivery thereof in the form of a beneficial interest in another Restricted Global Note if the transfer complies with the requirements of Section 2.06(b)(ii) hereof and the Registrar receives the following:

(A) if the transferee will take delivery in the form of a beneficial interest in a 144A Global Note, then the transferor must deliver a certificate in the form of <u>Exhibit C</u> hereto, including the certifications in item (1) thereof; or

(B) if the transferee will take delivery in the form of a beneficial interest in a Regulation S Global Note, then the transferor must deliver a certificate in the form of <u>Exhibit C</u> hereto, including the certifications in item (2) thereof.

(iv) <u>Transfer and Exchange of Beneficial Interests in a Restricted Global Note for Beneficial Interests in an Unrestricted Global Note</u>. A beneficial interest in any Restricted Global Note may be exchanged by any holder thereof for a beneficial interest in an Unrestricted Global Note or transferred to a Person who takes delivery thereof in the form of a beneficial interest in an Unrestricted Global Note if the exchange or transfer complies with the requirements of Section 2.06(b)(ii) hereof and:

(A) such exchange or transfer is effected pursuant to the Exchange Offer in accordance with the Registration Rights Agreement and the holder of the beneficial interest to be transferred, in the case of an exchange, or the transferee, in the case of a transfer, certifies in the applicable Letter of Transmittal that it is not (1) a broker-dealer, (2) a Person participating in the distribution of the Exchange Notes or (3) a Person who is an affiliate (as defined in Rule 144) of the Issuer;

(B) such transfer is effected pursuant to the Shelf Registration Statement in accordance with the Registration Rights Agreement;

(C) such transfer is effected by a broker-dealer pursuant to the Exchange Registration Statement in accordance with the Registration Rights Agreement; or

(D) the Registrar receives the following:

7

Confidential

**PX 075**
**Page 8 of 42**

| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN08 11.2 | SER devir0dc | 29-Jan-2013 05:58 EST | 474858 EX4_4 9 | 1* |
| FORM 8-K | | | DAL | | HTM IFV | 0C |

(1) if the holder of such beneficial interest in a Restricted Global Note proposes to exchange such beneficial interest for a beneficial interest in an Unrestricted Global Note of the same series, a certificate from such Holder substantially in the form of <u>Exhibit D</u> hereto, including the certifications in item (1)(a) thereof; or

(2) if the holder of such beneficial interest in a Restricted Global Note proposes to transfer such beneficial interest to a Person who shall take delivery thereof in the form of a beneficial interest in an Unrestricted Global Note of the same series, a certificate from such holder in the form of <u>Exhibit C</u> hereto, including the certifications in item (4) thereof;

and, in each such case set forth in this subparagraph (D), if the Registrar so requests or if the Applicable Procedures so require, an Opinion of Counsel in form reasonably acceptable to the Registrar to the effect that such exchange or transfer is in compliance with the Securities Act and that the restrictions on transfer contained herein and in the Private Placement Legend are no longer required in order to maintain compliance with the Securities Act.

If any such transfer is effected pursuant to subsection (B) or (D) above at a time when an Unrestricted Global Note has not yet been issued, the Issuer shall issue and, upon receipt of an Issuer Authentication Order in accordance with Section 2.02 hereof, the Trustee shall authenticate one or more Unrestricted Global Notes in an aggregate principal amount equal to the aggregate principal amount of beneficial interests transferred pursuant to subparagraph (B) or (D) above.

Notwithstanding the provisions of the first sentence of this subparagraph (iv), at the option of the Issuer, beneficial interests in a Restricted Global Note shall automatically be exchanged for beneficial interests in an Unrestricted Global Note upon the Issuer's compliance in full with the Depositary's "Procedures for the Mandatory Exchange of Rule 144A Securities for Unrestricted Securities" or "Procedures for the Mandatory Exchange of Regulation S Securities for Unrestricted Securities," as applicable (or such replacement procedures as the Depositary shall put in place). Upon such exchange of beneficial interests pursuant to this Section 2.06 (b)(iv), the Registrar shall reflect on its books and records the date of such exchange and a decrease and increase in the principal amount of the applicable Restricted Global Note and the Unrestricted Global Note, respectively, equal to the principal amount of beneficial interests exchanged. Following any such exchange pursuant to this Section 2.06(b)(iv) of all of the beneficial interests in a Restricted Global Note to an Unrestricted Global Note, such Restricted Global Note shall be cancelled.

Beneficial interests in an Unrestricted Global Note cannot be exchanged for, or transferred to Persons who take delivery thereof in the form of, a beneficial interest in a Restricted Global Note.

(c) <u>Cancellation and/or Adjustment of Global Notes</u>. At such time as all beneficial interests in a particular Global Note have been exchanged for Definitive Notes or a particular Global Note has been redeemed, repurchased or canceled in whole and not in part, each such

8

EFIHMW00270296

| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN 11.2 | SER devir0dc | 29-Jan-2013 05:57 EST | 474858 EX4_4 10 | 1* |
| FORM 8-K | | | DAL | | HTM IFV | 0C |

Global Note shall be returned to or retained and canceled by the Trustee in accordance with Section 2.11 hereof. At any time prior to such cancellation, if any beneficial interest in a Global Note is exchanged for or transferred to a Person who shall take delivery thereof in the form of a beneficial interest in another Global Note or for Definitive Notes, the principal amount of Notes represented by such Global Note shall be reduced accordingly and an endorsement shall be made on such Global Note by the Trustee or by the Depositary at the direction of the Trustee to reflect such reduction; and if the beneficial interest is being exchanged for or transferred to a Person who shall take delivery thereof in the form of a beneficial interest in another Global Note, such other Global Note shall be increased accordingly and an endorsement shall be made on such Global Note by the Trustee or by the Depositary at the direction of the Trustee to reflect such increase.

(d) <u>Transfer or Exchange of Beneficial Interests for Definitive Notes</u>.

(i) <u>Beneficial Interests in Restricted Global Notes to Restricted Definitive Notes</u>. If any holder of a beneficial interest in a Restricted Global Note proposes to exchange such beneficial interest for a Restricted Definitive Note or to transfer such beneficial interest to a Person who takes delivery thereof in the form of a Restricted Definitive Note, then, upon the occurrence of any of the events in paragraph (i) or (ii) of Section 2.06(a) hereof and receipt by the Registrar of the following documentation:

(A) if the holder of such beneficial interest in a Restricted Global Note proposes to exchange such beneficial interest for a Restricted Definitive Note, a certificate from such holder substantially in the form of <u>Exhibit D</u> hereto, including the certifications in item (2)(a) thereof;

(B) if such beneficial interest is being transferred to a QIB in accordance with Rule 144A, a certificate substantially in the form of <u>Exhibit C</u> hereto, including the certifications in item (1) thereof;

(C) if such beneficial interest is being transferred to a Non-U.S. Person in an offshore transaction in accordance with Rule 903 or Rule 904, a certificate substantially in the form of <u>Exhibit C</u> hereto, including the certifications in item (2) thereof;

(D) if such beneficial interest is being transferred pursuant to an exemption from the registration requirements of the Securities Act in accordance with Rule 144, a certificate substantially in the form of <u>Exhibit C</u> hereto, including the certifications in item (3)(a) thereof;

(E) if such beneficial interest is being transferred to the Issuer or any of its Restricted Subsidiaries, a certificate substantially in the form of <u>Exhibit C</u> hereto, including the certifications in item (3)(b) thereof; or

(F) if such beneficial interest is being transferred pursuant to an effective registration statement under the Securities Act, a certificate substantially in the form of <u>Exhibit C</u> hereto, including the certifications in item (3)(c) thereof,

9

EFIHMW00270297



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN 11.2 | SER devir0dc | 29-Jan-2013 05:57 EST | | 474858 EX4_4 11 | 1* |
|---|---|---|---|---|---|---|---|
| FORM 8-K | | | DAL | | | HTM IFV | 0C |

the Trustee shall cause the aggregate principal amount of the applicable Global Note to be reduced accordingly pursuant to Section 2.06(c) hereof, and the Issuer shall execute and the Trustee shall authenticate and mail to the Person designated in the instructions a Restricted Definitive Note in the applicable principal amount. Any Restricted Definitive Note issued in exchange for a beneficial interest in a Restricted Global Note pursuant to this Section 2.06(d)(i) shall be registered in such name or names and in such authorized denomination or denominations as the holder of such beneficial interest shall instruct the Registrar through instructions from the Depositary and the Participant or Indirect Participant. The Trustee shall mail such Restricted Definitive Notes to the Persons in whose names such Notes are so registered. Any Restricted Definitive Note issued in exchange for a beneficial interest in a Restricted Global Note pursuant to this Section 2.06(d)(i) shall bear the Private Placement Legend and shall be subject to all restrictions on transfer contained therein.

(ii) [Reserved].

(iii) Beneficial Interests in Restricted Global Notes to Unrestricted Definitive Notes. A holder of a beneficial interest in a Restricted Global Note may exchange such beneficial interest for an Unrestricted Definitive Note or may transfer such beneficial interest to a Person who takes delivery thereof in the form of an Unrestricted Definitive Note only upon the occurrence of any of the events in subsection (i) or (ii) of Section 2.06(a) hereof and if:

(A) such exchange or transfer is effected pursuant to the Exchange Offer in accordance with the Registration Rights Agreement and the holder of such beneficial interest, in the case of an exchange, or the transferee, in the case of a transfer, certifies in the applicable Letter of Transmittal that it is not (1) a broker-dealer, (2) a Person participating in the distribution of the Exchange Notes or (3) a Person who is an affiliate (as defined in Rule 144) of the Issuer;

(B) such transfer is effected pursuant to the Shelf Registration Statement in accordance with the Registration Rights Agreement;

(C) such transfer is effected by a broker-dealer pursuant to the Exchange Registration Statement in accordance with the Registration Rights Agreement; or

(D) the Registrar receives the following:

(1) if the holder of such beneficial interest in a Restricted Global Note proposes to exchange such beneficial interest for an Unrestricted Definitive Note, a certificate from such holder substantially in the form of Exhibit D hereto, including the certifications in item (1)(b) thereof; or

(2) if the holder of such beneficial interest in a Restricted Global Note proposes to transfer such beneficial interest to a Person who shall take delivery thereof in the form of an Unrestricted Definitive Note,

10

EFIHMW00270298



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN112 | SER devir0dc | 29-Jan-2013 05:57 EST | 474858 EX4_4 12 | 1* |
| FORM 8-K | | | DAL | | HTM IFV | 0C |

a certificate from such holder substantially in the form of Exhibit C hereto, including the certifications in item (4) thereof;

and, in each such case set forth in this subparagraph (D), if the Registrar so requests or if the Applicable Procedures so require, an Opinion of Counsel in form reasonably acceptable to the Registrar to the effect that such exchange or transfer is in compliance with the Securities Act and that the restrictions on transfer contained herein and in the Private Placement Legend are no longer required in order to maintain compliance with the Securities Act.

(iv) Beneficial Interests in Unrestricted Global Notes to Unrestricted Definitive Notes. If any holder of a beneficial interest in an Unrestricted Global Note proposes to exchange such beneficial interest for an Unrestricted Definitive Note or to transfer such beneficial interest to a Person who takes delivery thereof in the form of an Unrestricted Definitive Note, then, upon the occurrence of any of the events in subsection (i) or (ii) of Section 2.06(a) hereof and satisfaction of the conditions set forth in Section 2.06(b)(ii) hereof, the Trustee shall cause the aggregate principal amount of the applicable Global Note to be reduced accordingly pursuant to Section 2.06(c) hereof, and the Issuer shall execute and the Trustee shall authenticate and mail to the Person designated in the instructions an Unrestricted Definitive Note in the applicable principal amount. Any Unrestricted Definitive Note issued in exchange for a beneficial interest pursuant to this Section 2.06(d)(iv) shall be registered in such name or names and in such authorized denomination or denominations as the holder of such beneficial interest shall instruct the Registrar through instructions from or through the Depositary and the Participant or Indirect Participant. The Trustee shall mail such Unrestricted Definitive Notes to the Persons in whose names such Notes are so registered. Any Unrestricted Definitive Note issued in exchange for a beneficial interest pursuant to this Section 2.06(d)(iv) shall not bear the Private Placement Legend.

(e) Transfer and Exchange of Definitive Notes for Beneficial Interests.

(i) Restricted Definitive Notes to Beneficial Interests in Restricted Global Notes. If any Holder of a Restricted Definitive Note proposes to exchange such Note for a beneficial interest in a Restricted Global Note or to transfer such Restricted Definitive Note to a Person who takes delivery thereof in the form of a beneficial interest in a Restricted Global Note, then, upon receipt by the Registrar of the following documentation:

(A) if the Holder of such Restricted Definitive Note proposes to exchange such Note for a beneficial interest in a Restricted Global Note, a certificate from such Holder substantially in the form of Exhibit D hereto, including the certifications in item (2)(b) thereof;

(B) if such Restricted Definitive Note is being transferred to a QIB in accordance with Rule 144A, a certificate substantially in the form of Exhibit C hereto, including the certifications in item (1) thereof;

11

Confidential

EFIHMW00270299



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN3 11.2 | 3ER devir0dc | 29-Jan-2013 05:57 EST | | 474858 EX4_4 13 | 1* |
|---|---|---|---|---|---|---|---|
| FORM 8-K | | | DAL | | | HTM IFV | 0C |

(C) if such Restricted Definitive Note is being transferred to a Non-U.S. Person in an offshore transaction in accordance with Rule 903 or Rule 904, a certificate substantially in the form of <u>Exhibit C</u> hereto, including the certifications in item (2) thereof;

(D) if such Restricted Definitive Note is being transferred pursuant to an exemption from the registration requirements of the Securities Act in accordance with Rule 144, a certificate substantially in the form of <u>Exhibit C</u> hereto, including the certifications in item (3)(a) thereof;

(E) if such Restricted Definitive Note is being transferred to the Issuer or any of its Restricted Subsidiaries, a certificate substantially in the form of <u>Exhibit C</u> hereto, including the certifications in item (3)(b) thereof; or

(F) if such Restricted Definitive Note is being transferred pursuant to an effective registration statement under the Securities Act, a certificate substantially in the form of <u>Exhibit C</u> hereto, including the certifications in item (3)(c) thereof,

the Trustee shall cancel the Restricted Definitive Note, increase or cause to be increased the aggregate principal amount of, in the case of clause (A) above, the applicable Restricted Global Note, in the case of clause (B) above, the applicable 144A Global Note, and in the case of clause (C) above, the applicable Regulation S Global Note.

(ii) <u>Restricted Definitive Notes to Beneficial Interests in Unrestricted Global Notes</u>. A Holder of a Restricted Definitive Note may exchange such Note for a beneficial interest in an Unrestricted Global Note or transfer such Restricted Definitive Note to a Person who takes delivery thereof in the form of a beneficial interest in an Unrestricted Global Note only if:

(A) such exchange or transfer is effected pursuant to the Exchange Offer in accordance with the Registration Rights Agreement and the Holder, in the case of an exchange, or the transferee, in the case of a transfer, certifies in the applicable Letter of Transmittal that it is not (1) a broker-dealer, (2) a Person participating in the distribution of the Exchange Notes or (3) a Person who is an affiliate (as defined in Rule 144) of the Issuer;

(B) such transfer is effected pursuant to the Shelf Registration Statement in accordance with the Registration Rights Agreement;

(C) such transfer is effected by a broker-dealer pursuant to the Exchange Registration Statement in accordance with the Registration Rights Agreement; or

(D) the Registrar receives the following:

(1) if the Holder of such Restricted Definitive Notes proposes to exchange such Notes for a beneficial interest in the Unrestricted Global

12

EFIHMW00270300



Note, a certificate from such Holder substantially in the form of <u>Exhibit D</u> hereto, including the certifications in item (1)(c) thereof; or

    (2) if the Holder of such Restricted Definitive Notes proposes to transfer such Notes to a Person who shall take delivery thereof in the form of a beneficial interest in the Unrestricted Global Note, a certificate from such Holder substantially in the form of <u>Exhibit C</u> hereto, including the certifications in item (4) thereof;

and, in each such case set forth in this subsection (D), if the Registrar so requests or if the Applicable Procedures so require, an Opinion of Counsel in form reasonably acceptable to the Registrar to the effect that such exchange or transfer is in compliance with the Securities Act and that the restrictions on transfer contained herein and in the Private Placement Legend are no longer required in order to maintain compliance with the Securities Act.

Upon satisfaction of the conditions of any of the subparagraphs in this Section 2.06(e)(ii), the Trustee shall cancel the Restricted Definitive Notes and increase or cause to be increased the aggregate principal amount of the Unrestricted Global Note.

    (iii) <u>Unrestricted Definitive Notes to Beneficial Interests in Unrestricted Global Notes</u>. A Holder of an Unrestricted Definitive Note may exchange such Note for a beneficial interest in an Unrestricted Global Note or transfer such Unrestricted Definitive Notes to a Person who takes delivery thereof in the form of a beneficial interest in an Unrestricted Global Note at any time. Upon receipt of a request for such an exchange or transfer, the Trustee shall cancel the applicable Unrestricted Definitive Note and increase or cause to be increased the aggregate principal amount of one of the Unrestricted Global Notes.

If any such exchange or transfer from a Definitive Note to a beneficial interest is effected pursuant to subsections (ii)(B), (ii)(D) or (iii) above at a time when an Unrestricted Global Note has not yet been issued, the Issuer shall issue and, upon receipt of an Issuer Authentication Order in accordance with Section 2.02 hereof, the Trustee shall authenticate one or more Unrestricted Global Notes in an aggregate principal amount equal to the principal amount of Definitive Notes so transferred.

    (f) <u>Transfer and Exchange of Definitive Notes for Definitive Notes</u>. Upon request by a Holder of Definitive Notes and such Holder's compliance with the provisions of this Section 2.06(f), the Registrar shall register the transfer or exchange of Definitive Notes. Prior to such registration of transfer or exchange, the requesting Holder shall present or surrender to the Registrar the Definitive Notes duly endorsed or accompanied by a written instruction of transfer in form satisfactory to the Registrar duly executed by such Holder or by its attorney, duly authorized in writing. In addition, the requesting Holder shall provide any additional certifications, documents and information, as applicable, required pursuant to the following provisions of this Section 2.06(f):

    (i) <u>Restricted Definitive Notes to Restricted Definitive Notes</u>. Any Restricted Definitive Note may be transferred to and registered in the name of Persons who take

13

EFIHMW00270301



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN12 11.2 | 3ER devir0dc | 29-Jan-2013 05:57 EST | 474858 EX4_4 15 | 1* |
| FORM 8-K | | | DAL | | HTM IFV | 0C |

delivery thereof in the form of a Restricted Definitive Note if the Registrar receives the following:

(A) if the transfer will be made to a QIB in accordance with Rule 144A, then the transferor must deliver a certificate in the form of Exhibit C hereto, including the certifications in item (1) thereof;

(B) if the transfer will be made pursuant to Rule 903 or Rule 904, then the transferor must deliver a certificate in the form of Exhibit C hereto, including the certifications in item (2) thereof; or

(C) if the transfer will be made pursuant to any other exemption from the registration requirements of the Securities Act, then the transferor must deliver a certificate in the form of Exhibit C hereto, including the certifications required by item (3) thereof, if applicable.

(ii) Restricted Definitive Notes to Unrestricted Definitive Notes. Any Restricted Definitive Note may be exchanged by the Holder thereof for an Unrestricted Definitive Note or transferred to a Person or Persons who take delivery thereof in the form of an Unrestricted Definitive Note if:

(A) such exchange or transfer is effected pursuant to the Exchange Offer in accordance with the Registration Rights Agreement and the Holder, in the case of an exchange, or the transferee, in the case of a transfer, certifies in the applicable Letter of Transmittal that it is not (1) a broker-dealer, (2) a Person participating in the distribution of the Exchange Notes or (3) a Person who is an affiliate (as defined in Rule 144) of the Issuer;

(B) any such transfer is effected pursuant to the Shelf Registration Statement in accordance with the Registration Rights Agreement;

(C) any such transfer is effected by a broker-dealer pursuant to the Exchange Registration Statement in accordance with the Registration Rights Agreement; or

(D) the Registrar receives the following:

(1) if the Holder of such Restricted Definitive Notes proposes to exchange such Notes for an Unrestricted Definitive Note, a certificate from such Holder substantially in the form of Exhibit D hereto, including the certifications in item (1)(d) thereof; or

(2) if the Holder of such Restricted Definitive Notes proposes to transfer such Notes to a Person who shall take delivery thereof in the form of an Unrestricted Definitive Note, a certificate from such Holder substantially in the form of Exhibit C hereto, including the certifications in item (4) thereof;

14

Confidential

EFIHMW00270302



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN3 11.2 | SER devir0dc | 29-Jan-2013 05:57 EST | 474858 EX4_4 16 | 1* |
| FORM 8-K | | | DAL | | HTM IFV | 0C |

and, in each such case set forth in this subsection (D), if the Registrar so requests, an Opinion of Counsel in form reasonably acceptable to the Registrar to the effect that such exchange or transfer is in compliance with the Securities Act and that the restrictions on transfer contained herein and in the Private Placement Legend are no longer required in order to maintain compliance with the Securities Act.

(iii) <u>Unrestricted Definitive Notes to Unrestricted Definitive Notes</u>. A Holder of Unrestricted Definitive Notes may transfer such Notes to a Person who takes delivery thereof in the form of an Unrestricted Definitive Note. Upon receipt of a request to register such a transfer, the Registrar shall register the Unrestricted Definitive Notes pursuant to the instructions from the Holder thereof.

(g) <u>Exchange Offer</u>. Upon the occurrence of the Exchange Offer in accordance with the Registration Rights Agreement, the Issuer shall issue and, upon receipt of an Issuer Authentication Order in accordance with Section 2.02 hereof, the Trustee shall authenticate:

(i) one or more Unrestricted Global Notes in an aggregate principal amount equal to the principal amount of the beneficial interests in the Restricted Global Notes tendered for acceptance, and accepted, in the Exchange Offer by Persons that certify in the applicable Letters of Transmittal or through an Agent's Message through the DTC Automated Tender Offers Program that (A) they are not broker-dealers, (B) they are not participating in a distribution of the Exchange Notes and (C) they are not affiliates (as defined in Rule 144) of the Issuer; and

(ii) Unrestricted Definitive Notes in an aggregate principal amount equal to the principal amount of the Restricted Definitive Notes tendered for acceptance, in the Exchange Offer by Persons that certify in the applicable Letters of Transmittal that (A) they are not broker-dealers, (B) they are not participating in a distribution of the Exchange Notes and (C) they are not affiliates (as defined in Rule 144) of the Issuer.

Concurrently with the issuance of such Notes, the Trustee shall cause the aggregate principal amount of the applicable Restricted Global Notes to be reduced accordingly, and the Issuer shall execute and the Trustee shall authenticate and deliver to the Persons designated by the Holders of Definitive Notes so accepted Unrestricted Definitive Notes in the appropriate principal amount. Any Notes that remain outstanding after the consummation of an Exchange Offer, and Exchange Notes issued in connection with an Exchange Offer, shall be treated as a single class of securities under this Indenture.

(h) <u>Legends</u>. The following legends shall appear on the face of all Global Notes and Definitive Notes issued under this Indenture except for the Initial Notes and unless specifically stated otherwise in the applicable provisions of this Indenture:

(i) <u>Private Placement Legend</u>.

(A) Except as permitted by subparagraph (B) below, each Global Note and each Definitive Note (and all Notes issued in exchange therefor or substitution therefor) shall bear the legend in substantially the following form:

15



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN12R devir0dc 112 | 29-Jan-2013 05:57 EST | 474858 EX4_4 17 | 1* |
|---|---|---|---|---|---|
| FORM 8-K | | DAL | | HTM IFV | 0C |

"THIS NOTE HAS NOT BEEN REGISTERED UNDER THE U.S. SECURITIES ACT OF 1933, AS AMENDED (THE "SECURITIES ACT"), OR THE SECURITIES LAWS OF ANY STATE OR OTHER JURISDICTION AND, ACCORDINGLY, MAY NOT BE OFFERED OR SOLD WITHIN THE UNITED STATES OR TO, OR FOR THE ACCOUNT OR BENEFIT OF, U.S. PERSONS EXCEPT AS SET FORTH BELOW. BY ITS ACQUISITION HEREOF, THE HOLDER (1) REPRESENTS THAT (A) IT IS A "QUALIFIED INSTITUTIONAL BUYER" (AS DEFINED IN RULE 144A UNDER THE SECURITIES ACT) OR (B) IT IS NOT A U.S. PERSON AND IS ACQUIRING THIS NOTE IN AN OFFSHORE TRANSACTION IN COMPLIANCE WITH REGULATION S UNDER THE SECURITIES ACT, (2) AGREES THAT IT WILL NOT WITHIN [IN THE CASE OF 144A GLOBAL NOTES: ONE YEAR] [IN THE CASE OF REGULATION S GLOBAL NOTES: 40 DAYS] AFTER THE LATER OF THE ORIGINAL ISSUE DATE HEREOF AND THE LAST DATE ON WHICH THE ISSUER OR ANY AFFILIATE OF THE ISSUER WAS THE OWNER OF THIS NOTE (OR ANY PREDECESSOR OF SUCH NOTE) RESELL OR OTHERWISE TRANSFER THIS NOTE EXCEPT (A) TO THE ISSUER OR ANY SUBSIDIARY THEREOF, (B) INSIDE THE UNITED STATES TO A QUALIFIED INSTITUTIONAL BUYER IN COMPLIANCE WITH RULE 144A UNDER THE SECURITIES ACT, (C) OUTSIDE THE UNITED STATES IN AN OFFSHORE TRANSACTION IN COMPLIANCE WITH RULE 903 OR RULE 904 UNDER THE SECURITIES ACT, (D) PURSUANT TO THE EXEMPTION FROM REGISTRATION PROVIDED BY RULE 144 UNDER THE SECURITIES ACT (IF AVAILABLE), (E) IN ACCORDANCE WITH ANOTHER EXEMPTION FROM THE REGISTRATION REQUIREMENTS OF THE SECURITIES ACT (AND BASED UPON AN OPINION OF COUNSEL IF THE ISSUER SO REQUESTS), OR (F) PURSUANT TO AN EFFECTIVE REGISTRATION STATEMENT UNDER THE SECURITIES ACT AND (3) AGREES THAT IT WILL GIVE TO EACH PERSON TO WHOM THIS NOTE IS TRANSFERRED A NOTICE SUBSTANTIALLY TO THE EFFECT OF THIS LEGEND. AS USED HEREIN, THE TERMS "OFFSHORE TRANSACTION," "UNITED STATES" AND "U.S. PERSON" HAVE THE MEANING GIVEN TO THEM BY REGULATION S UNDER THE SECURITIES ACT."

(B) Notwithstanding the foregoing, any Global Note or Definitive Note issued pursuant to subparagraph (b)(iv), (d)(iii), (d)(iv), (e)(ii), (e)(iii), (f)(ii), (f)(iii) or (g) of this Section 2.06 (and all Notes issued in exchange therefor or substitution thereof) shall not bear the Private Placement Legend.

(ii) Global Notes Legends. Each Global Note shall bear a legend in substantially the following form:

"THIS GLOBAL NOTE IS HELD BY THE DEPOSITARY (AS DEFINED IN THE INDENTURE GOVERNING THIS NOTE) OR ITS NOMINEE IN CUSTODY FOR THE BENEFIT OF THE BENEFICIAL OWNERS HEREOF, AND IS NOT TRANSFERABLE TO ANY PERSON UNDER ANY

16

EFIHMW00270304



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN112 | SER devir0dc | 29-Jan-2013 05:57 EST | 474858 EX4_4 18 | 1* |
| FORM 8-K | | | DAL | | HTM IFV | 0C |

CIRCUMSTANCES EXCEPT THAT (I) THE TRUSTEE MAY MAKE SUCH NOTATIONS HEREON AS MAY BE REQUIRED PURSUANT TO SECTION 2.06(c) OF THE INDENTURE, (II) THIS GLOBAL NOTE MAY BE EXCHANGED IN WHOLE BUT NOT IN PART PURSUANT TO SECTION 2.06(a) OF THE INDENTURE, (III) THIS GLOBAL NOTE MAY BE DELIVERED TO THE TRUSTEE FOR CANCELLATION PURSUANT TO SECTION 2.11 OF THE INDENTURE AND (IV) THIS GLOBAL NOTE MAY BE TRANSFERRED TO A SUCCESSOR DEPOSITARY WITH THE PRIOR WRITTEN CONSENT OF THE ISSUER.

UNLESS AND UNTIL IT IS EXCHANGED IN WHOLE OR IN PART FOR NOTES IN DEFINITIVE FORM, THIS NOTE MAY NOT BE TRANSFERRED EXCEPT AS A WHOLE BY THE DEPOSITARY TO A NOMINEE OF THE DEPOSITARY OR BY A NOMINEE OF THE DEPOSITARY TO THE DEPOSITARY OR ANOTHER NOMINEE OF THE DEPOSITARY OR BY THE DEPOSITARY OR ANY SUCH NOMINEE TO A SUCCESSOR DEPOSITARY OR A NOMINEE OF SUCH SUCCESSOR DEPOSITARY. UNLESS THIS CERTIFICATE IS PRESENTED BY AN AUTHORIZED REPRESENTATIVE OF THE DEPOSITORY TRUST COMPANY (55 WATER STREET, NEW YORK, NEW YORK) ("DTC") TO THE ISSUER OR ITS AGENT FOR REGISTRATION OF TRANSFER, EXCHANGE OR PAYMENT, AND ANY CERTIFICATE ISSUED IS REGISTERED IN THE NAME OF CEDE & CO. OR SUCH OTHER NAME AS MAY BE REQUESTED BY AN AUTHORIZED REPRESENTATIVE OF DTC (AND ANY PAYMENT IS MADE TO CEDE & CO. OR SUCH OTHER ENTITY AS MAY BE REQUESTED BY AN AUTHORIZED REPRESENTATIVE OF DTC), ANY TRANSFER, PLEDGE OR OTHER USE HEREOF FOR VALUE OR OTHERWISE BY OR TO ANY PERSON IS WRONGFUL INASMUCH AS THE REGISTERED OWNER HEREOF, CEDE & CO., HAS AN INTEREST HEREIN."

(iii) <u>Tax Legend</u>. Any Global Notes issued with more than a de minimis amount of original issue discount for U.S. federal income tax purposes and each Definitive Note issued with more than a de minimis amount of original issue discount for U.S. federal income tax purposes shall bear the legend in substantially the following form:

THIS NOTE IS ISSUED WITH ORIGINAL ISSUE DISCOUNT FOR PURPOSES OF SECTION 1271 ET SEQ. OF THE INTERNAL REVENUE CODE OF 1986, AS AMENDED. A HOLDER MAY OBTAIN THE ISSUE PRICE, AMOUNT OF ORIGINAL ISSUE DISCOUNT, ISSUE DATE AND YIELD TO MATURITY FOR SUCH NOTE BY SUBMITTING A WRITTEN REQUEST FOR SUCH INFORMATION TO THE ISSUER AT THE FOLLOWING ADDRESS: ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC, ENERGY PLAZA, 1601 BRYAN STREET, DALLAS, TEXAS 75201-3411, ATTENTION: GENERAL COUNSEL.

17

Confidential

EFIHMW00270305

**PX 075**
**Page 18 of 42**



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN02 11.2 | SER devir0dc | 29-Jan-2013 05:57 EST | 474858 EX4_4 19 | 1* |
| FORM 8-K | | | DAL | | HTM IFV | 0C |

(i) General Provisions Relating to Transfers and Exchanges.

(i) To permit registrations of transfers and exchanges, the Issuer shall execute and the Trustee shall authenticate Global Notes and Definitive Notes upon receipt of an Issuer Authentication Order in accordance with Section 2.02 hereof or at the Registrar's request.

(ii) No service charge shall be made to a holder of a beneficial interest in a Global Note or to a Holder of a Definitive Note for any registration of transfer or exchange, but the Issuer may require payment of a sum sufficient to cover any transfer tax or similar governmental charge payable in connection therewith (other than any such transfer taxes or similar governmental charge payable upon exchange or transfer pursuant to Sections 2.07, 2.10, 3.06, 3.09, 4.10, 4.14 and 9.05 hereof).

(iii) Neither the Registrar nor the Issuer shall be required to register the transfer of or exchange any Note selected for redemption in whole or in part, except the unredeemed portion of any Note being redeemed in part.

(iv) All Global Notes and Definitive Notes issued upon any registration of transfer or exchange of Global Notes or Definitive Notes shall be the valid obligations of the Issuer, evidencing the same debt, and entitled to the same benefits under this Indenture, as the Global Notes or Definitive Notes surrendered upon such registration of transfer or exchange.

(v) The Issuer shall not be required (A) to issue, to register the transfer of or to exchange any Notes during a period beginning at the opening of business 15 days before the day of any selection of Notes for redemption under Section 3.02 hereof and ending at the close of business on the day of selection; (B) to register the transfer of or to exchange any Note so selected for redemption in whole or in part, except the unredeemed portion of any Note being redeemed in part; or (C) to register the transfer of or to exchange a Note between a Record Date and the next succeeding Interest Payment Date.

(vi) Prior to due presentment for the registration of a transfer of any Note, the Trustee, any Agent and the Issuer may deem and treat the Person in whose name any Note is registered as the absolute owner of such Note for the purpose of receiving payment of principal, premium, if any, and interest on such Notes and for all other purposes, and none of the Trustee, any Agent or the Issuer shall be affected by notice to the contrary.

(vii) Upon surrender for registration of transfer of any Note at the office or agency of the Issuer designated pursuant to Section 4.02 hereof, the Issuer shall execute, and the Trustee shall authenticate and mail, in the name of the designated transferee or transferees, one or more replacement Notes of any authorized denomination or denominations of a like aggregate principal amount.

(viii) At the option of the Holder, Notes may be exchanged for other Notes of any authorized denomination or denominations of a like aggregate principal amount upon surrender of the Notes to be exchanged at such office or agency. Whenever any Global

18

EFIHMW00270306



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN13.2 | SER devir0dc | 29-Jan-2013 05:57 EST | 474858 EX4_4 20 | 1* |
|---|---|---|---|---|---|---|
| FORM 8-K | | | DAL | | HTM IFV | 0C |

Notes or Definitive Notes are so surrendered for exchange, the Issuer shall execute, and the Trustee shall authenticate and mail, the replacement Global Notes and Definitive Notes which the Holder making the exchange is entitled to in accordance with the provisions of Section 2.02 hereof.

(ix) All certifications, certificates and Opinions of Counsel required to be submitted to the Registrar pursuant to this Section 2.06 to effect a registration of transfer or exchange may be submitted by facsimile."

Section 2.3 Amendments to Article 4.

(a) The following sentence shall be added at the end of clause (a) of Section 4.03.

"In addition, to the extent not satisfied by the foregoing, EFIH shall, for so long as any Notes are outstanding, furnish to Holders and to securities analysts and prospective investors, upon their request, the information required to be delivered pursuant to Rule 144A(d)(4) under the Securities Act."

Section 2.4 Amendments to Article 5.

(a) The words "as in effect on the Issue Date" shall be added at the end of clause (a)(2) of Section 5.01.

Section 2.5 Amendments to Exhibits.

(a) Exhibit A to the Indenture shall be deleted and replaced by Exhibit A to this First Supplemental Indenture.

(b) Exhibits C and D to this First Supplemental Indenture shall be added to the Indenture.

## ARTICLE III

## MISCELLANEOUS

Section 3.1 Ratification of Indenture; First Supplemental Indenture Part of Indenture. Except as expressly amended hereby, the Indenture is in all respects ratified and confirmed and all the terms, conditions and provisions thereof shall remain in full force and effect. Upon the execution and delivery of this First Supplemental Indenture by the Issuer and the Trustee, this First Supplemental Indenture shall form a part of the Indenture for all purposes, and the Issuer, the Trustee and every Holder of Notes heretofore or hereafter authenticated and delivered shall be bound hereby. Any and all references to the Indenture, whether within the Indenture or in any notice, certificate or other instrument or document, shall be deemed to include a reference to this First Supplemental Indenture (whether or not made), unless the context shall otherwise require.

19

Confidential



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN32 11.2 | SER devir0dc | 29-Jan-2013 05:57 EST | | 474858 EX4_4 21 | 1* |
| FORM 8-K | | | DAL | | | HTM IFV | 0C |

Section 3.2 <u>No Exchange of Existing Notes Required</u>. The execution of this First Supplemental Indenture shall not require the exchange of or modification to the certificates representing Notes existing prior to the date hereof.

Section 3.3 <u>Governing Law</u>. THIS FIRST SUPPLEMENTAL INDENTURE, SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK.

Section 3.4 <u>Counterparts</u>. The parties may sign any number of copies of this First Supplemental Indenture. Each signed copy shall be an original, but all of them together represent the same agreement.

Section 3.5 <u>Effect of Headings</u>. The Article and Section headings herein are for convenience only and shall not affect the construction hereof.

Section 3.6 <u>The Trustee</u>. The Trustee shall not be responsible in any manner whatsoever for or in respect of the validity or sufficiency of this First Supplemental Indenture or the New Notes or for or in respect of the recitals or statements contained herein or therein, all of which recitals and statements are made solely by the Issuer.

Section 3.7 <u>Benefits of First Supplemental Indenture</u>. Nothing in this First Supplemental Indenture, the Indenture or the Notes, express or implied, shall give to any Person, other than the parties hereto and thereto and their respective successors hereunder and thereunder, any Paying Agent, any Registrar and the Holders any benefit of any legal or equitable right, remedy or claim under the Indenture, this First Supplemental Indenture or the Notes.

Section 3.8 <u>Successors</u>. All agreements of the Issuer in this First Supplemental Indenture shall bind its successors. All agreements of the Trustee in this First Supplemental Indenture shall bind its successors.

*[Signature Page Follows]*

20

Confidential

EFIHMW00270308



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN32<br>11.2 | 3ER devir0dc | 29-Jan-2013 05:57 EST | 474858 EX4_4 22 | 1* |
| FORM 8-K | | | DAL | | HTM IFV | 0C |

IN WITNESS WHEREOF, the parties hereto have caused this First Supplemental Indenture to be duly executed, all as of the date first above written.

ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC

By:     /s/ Anthony R. Horton
Name: Anthony R. Horton
Title:  Senior Vice President and Treasurer

EFIH FINANCE INC.

By:     /s/ Anthony R. Horton
Name: Anthony R. Horton
Title:  Senior Vice President and Treasurer

THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., as Trustee

By:     /s/ Julie Hoffman-Ramos
Name: Julie Hoffman-Ramos
Title:  Vice President

[Signature Page to First Supplemental Indenture]

Confidential

| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN28<br>11.2 | SER devir0dc | 29-Jan-2013 05:57 EST | | 474858 EX4_4 23 | 1* |
|---|---|---|---|---|---|---|---|
| FORM 8-K | | | DAL | | | HTM IFV | 0C |

EXHIBIT A

[Face of Note]

*[Insert the Global Note Legend, if applicable pursuant to the provisions of the Indenture]*

*[Insert the Private Placement Legend, if applicable pursuant to the provisions of the Indenture]*

*[Insert the Tax Legend, if applicable pursuant to the provisions of the Indenture]*

CUSIP: [●][1]
ISIN: [●]

[RULE 144A] [REGULATION S] GLOBAL NOTE

10.000% Senior Secured Notes due 2020

No.[R-1][S-1]                                                                                              [$          ]

## ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC
## EFIH FINANCE INC.

promises to pay to [          ] or registered assigns, the principal sum [set forth on the Schedule of Exchanges of Interests in the Global Note attached hereto] [of [     ] United States Dollars ($[       ])] on December 1, 2020.

Interest Payment Dates: June 1 and December 1

Record Dates: May 15 and November 15

---
[1]     Rule 144A Note CUSIP: 29269Q AK3

Rule 144A Note ISIN: US29269QAK31
Permanent Regulation S Note CUSIP: U29197 AG2
Permanent Regulation S Note ISIN: USU29197AG23

A-1

**PX 075**
**Page 23 of 42**

| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN11.2 | SER devir0dc | 29-Jan-2013 05:57 EST | 474858 EX4_4 24 | 1* |
| FORM 8-K | | ■ | DAL | | HTM IFV | 0C |

IN WITNESS HEREOF, the Issuer has caused this instrument to be duly executed.

Dated:              , 20

ENERGY FUTURE INTERMEDIATE
HOLDING COMPANY LLC

By: _____
Name:
Title:

EFIH FINANCE INC.

By: _____
Name:
Title:

This is one of the Notes referred to in the within-mentioned Indenture:

THE BANK OF NEW YORK MELLON
TRUST COMPANY, N.A., as Trustee

By: _____
      Authorized Signatory

Dated:              , 20

A-2

EFIHMW00270311



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN<br>112 | ER devir0dc | 29-Jan-2013 05:57 EST | 474858 EX4_4 25 | 1* |
| FORM 8-K | | DAL | | | HTM IFV | 0C |

[Back of Note]

Capitalized terms used herein shall have the meanings assigned to them in the Indenture referred to below unless otherwise indicated.

(1) *INTEREST.* Energy Future Intermediate Holding Company LLC, a Delaware limited liability company ("EFIH"), and EFIH Finance Inc., a Delaware corporation (collectively, the "Issuer"), promise to pay interest on the principal amount of this Note at 10.000% per annum from August 17, 2010 until maturity. The Issuer will pay interest semi-annually in arrears on June 1 and December 1 of each year, or if any such day is not a Business Day, on the next succeeding Business Day (each, an "Interest Payment Date") without interest accruing on the amount then so payable from such day that is not a Business Day until such Business Day. Interest on the Notes will accrue from the most recent date to which interest has been paid or, if no interest has been paid, from and including December 1, 2012. The Issuer will pay interest (including post-petition interest in any proceeding under any Bankruptcy Law) on overdue principal and premium, if any, from time to time on demand at the interest rate on the Notes; it shall pay interest (including post-petition interest in any proceeding under any Bankruptcy Law) on overdue installments of interest (without regard to any applicable grace periods) from time to time on demand at the interest rate on the Notes. Interest will be computed on the basis of a 360-day year comprised of twelve 30-day months.

(2) *METHOD OF PAYMENT.* The Issuer will pay interest on the Notes to the Persons who are registered Holders of Notes at the close of business on the May 15 or November 15 (whether or not a Business Day), as the case may be, next preceding the Interest Payment Date, even if such Notes are canceled after such Record Date and on or before such Interest Payment Date, except as provided in Section 2.12 of the Indenture with respect to defaulted interest. Payment of interest may be made by check mailed to the Holders at their addresses set forth in the register of Holders; provided that payment by wire transfer of immediately available funds will be required with respect to principal, premium, if any, and interest on, all Global Notes and all other Notes the Holders of which shall have provided wire transfer instructions to the Issuer or the Paying Agent. Such payment shall be in such coin or currency of the United States of America as at the time of payment is legal tender for payment of public and private debts.

(3) *PAYING AGENT AND REGISTRAR.* Initially, The Bank of New York Mellon Trust Company, N.A., the Trustee under the Indenture, will act as Paying Agent and Registrar. The Issuer may change any Paying Agent or Registrar without notice to the Holders. The Issuer or any of its Subsidiaries may act in any such capacity.

(4) *INDENTURE.* The Issuer issued the Notes under an Indenture, dated as of August 17, 2010, between the Issuer and the Trustee, as supplemented by the First Supplemental Indenture, dated as of January 29, 2013, between the Issuer and the Trustee (as so supplemented, the "Indenture"). This Note is one of a duly authorized issue of notes of the Issuer designated as its 10.000% Senior Secured Notes due 2020 (the "Notes"). The Issuer shall be entitled to issue Additional Notes pursuant to Sections 2.01, 4.09 and 4.12 of the Indenture. The terms of the Notes include those stated in the Indenture and those made part of the Indenture by reference to the Trust Indenture Act of 1939, as amended (the "Trust Indenture Act"). The Notes are subject to all such terms, and Holders are referred to the Indenture and such Act for a statement of such

A-3

EFIHMW00270312

**PX 075**
**Page 25 of 42**

| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN 112 | SER devir0dc | 29-Jan-2013 05:57 EST | 474858 EX4_4 26 | 1* |
| FORM 8-K | | | DAL | | HTM IFV | 0C |

terms. To the extent any provision of this Note conflicts with the express provisions of the Indenture, the provisions of the Indenture shall govern and be controlling.

(5) OPTIONAL REDEMPTION.

(a) Except as set forth below, the Issuer will not be entitled to redeem Notes at its option prior to December 1, 2015.

(b) At any time prior to December 1, 2015, the Issuer may redeem all or a part of the Notes, upon not less than 30 nor more than 60 days' prior notice mailed by first class mail to the registered address of each Holder of Notes or otherwise in accordance with procedures of DTC, at a redemption price equal to 100% of the principal amount of the Notes redeemed plus the Applicable Premium, plus accrued and unpaid interest to the date of redemption (the "Redemption Date"), subject to the right of Holders of Notes of record on the relevant Record Date to receive interest due on the relevant Interest Payment Date.

(c) From and after December 1, 2015, the Issuer may redeem the Notes, in whole or in part, upon not less than 30 nor more than 60 days' prior notice mailed by first class mail to the registered address of each Holder of Notes or otherwise in accordance with the procedures of DTC, at the redemption prices (expressed as percentages of principal amount of the Notes to be redeemed) set forth below, plus accrued and unpaid interest to the applicable Redemption Date, subject to the right of Holders of Notes of record on the relevant Record Date to receive interest due on the relevant Interest Payment Date, if redeemed during the twelve-month period beginning on December 1 of each of the years indicated below:

| Year | Percentage |
|---|---|
| 2015 | 105.000% |
| 2016 | 103.333% |
| 2017 | 101.667% |
| 2018 and thereafter | 100.000% |

(d) Prior to December 1, 2013, the Issuer may, at its option, on one or more occasions, redeem up to 35% of the aggregate principal amount of all Notes at a redemption price equal to 110.000% of the aggregate principal amount thereof, plus accrued and unpaid interest to the Redemption Date, subject to the right of Holders of Notes of record on the relevant Record Date to receive interest due on the relevant Interest Payment Date, with the net cash proceeds of one or more Equity Offerings; provided that at least 50% of the sum of the original aggregate principal amount of Initial Notes and any Additional Notes issued under the Indenture after the Issue Date remains outstanding immediately after the occurrence of each such redemption; provided further that each such redemption occurs within 90 days of the date of closing of each such Equity Offering. Notice of any redemption upon any Equity Offerings may be given prior to the redemption thereof, and any such redemption or notice may, at the Issuer's discretion, be subject to one or more conditions precedent, including, but not limited to, completion of the related Equity Offering.

A-4

EFIHMW00270313



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN112 | SER devir0dc | 29-Jan-2013 05:58 EST | 474858 EX4_4 27 | 1* |
| FORM 8-K | | | DAL | | HTM IFV | 0C |

(e) If the Issuer redeems less than all of the outstanding Notes, the Trustee shall select the Notes to be redeemed in the manner described under Section 3.02 of the Indenture.

(f) Any redemption pursuant to this paragraph 5 shall be made pursuant to the provisions of Sections 3.01 through 3.06 of the Indenture.

(6) *MANDATORY REDEMPTION*. The Issuer shall not be required to make mandatory redemption or sinking fund payments with respect to the Notes.

(7) *NOTICE OF REDEMPTION*. Subject to Section 3.03 of the Indenture, notice of redemption will be mailed by first-class mail at least 30 days but not more than 60 days before the Redemption Date (except that redemption notices may be mailed more than 60 days prior to a Redemption Date if the notice is issued in connection with Article 8 or Article 12 of the Indenture) to each Holder whose Notes are to be redeemed at its registered address or otherwise in accordance with the procedures of DTC. Notes in denominations larger than $2,000 may be redeemed in part but only in whole multiples of $1,000 in excess thereof, unless all of the Notes held by a Holder are to be redeemed. On and after the Redemption Date interest ceases to accrue on Notes or portions thereof called for redemption.

(8) *OFFERS TO REPURCHASE*.

(a) If a Change of Control occurs, the Issuer shall make an offer (a "<u>Change of Control Offer</u>") to each Holder to purchase all or any part (equal to $2,000 or an integral multiple of $1,000 in excess thereof) of each Holder's Notes at a purchase price equal to 101% of the aggregate principal amount thereof <u>plus</u> accrued and unpaid interest to the date of purchase (the "<u>Change of Control Payment</u>"), subject to the right of Holders of Notes of record on the relevant Record Date to receive interest due on the relevant Interest Payment Date. The Change of Control Offer shall be made in accordance with Section 4.14 of the Indenture.

(b) If EFIH or any of its Restricted Subsidiaries consummates an Asset Sale (other than an Asset Sale of Collateral or other Oncor-related Assets), within 10 Business Days of each date that the aggregate amount of Excess Proceeds exceeds $200.0 million, EFIH shall make an offer to all Holders of the Notes, and if required or permitted by the terms of any Senior Indebtedness, to the holders of such Senior Indebtedness (an "<u>Asset Sale Offer</u>"), to purchase the maximum aggregate principal amount of the Notes and such Senior Indebtedness that is a minimum of $2,000 or an integral multiple of $1,000 in excess thereof that may be purchased out of the Excess Proceeds at an offer price in cash in an amount equal to 100% of the principal amount thereof, <u>plus</u> accrued and unpaid interest to the date fixed for the closing of such offer, in accordance with the procedures set forth in the Indenture. To the extent that the aggregate amount of Notes, and such Senior Indebtedness tendered pursuant to an Asset Sale Offer is less than the Excess Proceeds, EFIH may use any remaining Excess Proceeds for general corporate purposes, subject to other covenants contained in the Indenture. If the aggregate principal amount of Notes or such Senior Indebtedness surrendered by such holders thereof exceeds the amount of Excess Proceeds, the Notes and such Senior Indebtedness will be purchased on a <u>pro rata</u> basis based on the accreted value or principal amount of the Notes or such Senior Indebtedness tendered.

A-5



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN2 11.2 | SER devir0dc | 29-Jan-2013 05:58 EST | | 474858 EX4_4 28 | 1* |
|---|---|---|---|---|---|---|---|
| FORM 8-K | | | DAL | | | HTM IFV | 0C |

(c) EFIH may, at its option, make an Asset Sale Offer using proceeds from any Asset Sale at any time after consummation of such Asset Sale (other than an Asset Sale of Collateral or other Oncor-related Assets); provided that such Asset Sale Offer shall be in an aggregate amount of not less than $25.0 million. Upon consummation of such Asset Sale Offer, any Net Proceeds not required to be used to purchase Notes shall not be deemed Excess Proceeds.

(d) If EFIH or any of its Restricted Subsidiaries consummates an Asset Sale of Collateral or other Oncor-related Assets, within 10 Business Days of each date that the aggregate amount of Collateral Excess Proceeds exceeds $200.0 million, EFIH and/or any of its Restricted Subsidiaries shall make an offer to all Holders of the Notes and, if required or permitted by the terms of any Parity Lien Debt, to the holders of such Parity Lien Debt (and if required or permitted by the terms of any Indebtedness of EFH Corp. that is guaranteed by EFIH and constitutes Parity Lien Debt, EFH Corp. may make an offer to all holders of such Indebtedness) (a "Collateral Asset Sale Offer"), to purchase the maximum aggregate principal amount of the Notes and such Parity Lien Debt that is a minimum of $2,000 or an integral multiple of $1,000 in excess thereof that may be purchased out of the Collateral Excess Proceeds at an offer price in cash in an amount equal to 100% of the principal amount thereof, plus accrued and unpaid interest to the date fixed for the closing of such offer, in accordance with the procedures set forth in the Indenture. To the extent that the aggregate amount of Notes and such Parity Lien Debt tendered pursuant to a Collateral Asset Sale Offer is less than the Collateral Excess Proceeds, EFIH and/or any of its Restricted Subsidiaries may use any remaining Collateral Excess Proceeds for general corporate purposes, subject to other covenants contained in the Indenture and the terms of such Parity Lien Debt. If the aggregate principal amount of Notes or the Parity Lien Debt surrendered by such holders thereof exceeds the amount of Collateral Excess Proceeds, the Notes and such Parity Lien Debt will be purchased on a pro rata basis based on the accreted value or principal amount of the Notes or such Parity Lien Debt tendered.

(e) The Issuer (and, if applicable, EFH Corp.) may, at its option, make a Collateral Asset Sale Offer using proceeds from any Asset Sale of Collateral or other Oncor-related Assets at any time after consummation of such Asset Sale; provided that such Collateral Asset Sale Offer shall be in an aggregate amount of not less than $25.0 million. Upon consummation of such Collateral Asset Sale Offer, any Net Proceeds not required to be used to purchase Notes shall not be deemed Collateral Excess Proceeds and the Issuer and its Restricted Subsidiaries may use any remaining Net Proceeds for general corporate purposes, subject to the other covenants contained in the Indenture.

(9) *DENOMINATIONS, TRANSFER, EXCHANGE.* The Notes are in registered form without coupons in denominations of $2,000 and integral multiples of $1,000 in excess thereof. The transfer of Notes may be registered and Notes may be exchanged as provided in the Indenture. The Registrar and the Trustee may require a Holder, among other things, to furnish appropriate endorsements and transfer documents and the Issuer may require a Holder to pay any taxes and fees required by law or permitted by the Indenture. The Issuer need not exchange or register the transfer of any Notes or portion of Notes selected for redemption, except for the unredeemed portion of any Notes being redeemed in part. Also, the Issuer need not exchange or register the transfer of any Notes for a period of 15 days before a selection of Notes to be redeemed.

A-6



| **ENERGY FUTURE HOLDIN** | RR Donnelley ProFile | LANFBU-MWE-XN2 11.2 | BER devir0dc | 29-Jan-2013 05:58 EST | 474858 EX4_4 29 | 1* |
| **FORM 8-K** | | | DAL | | HTM IFV | 0C |

(10) *PERSONS DEEMED OWNERS.* The registered Holder of a Note may be treated as its owner for all purposes.

(11) *AMENDMENT, SUPPLEMENT AND WAIVER.* The Indenture, the Guarantees or the Notes may be amended or supplemented as provided in the Indenture.

(12) *DEFAULTS AND REMEDIES.* The Events of Default relating to the Notes are defined in Section 6.01 of the Indenture. If any Event of Default occurs and is continuing, the Trustee or the Holders of at least 30% in aggregate principal amount of the then outstanding Notes may declare the principal, premium, if any, interest and any other monetary obligations on all the then outstanding Notes to be due and payable immediately. Notwithstanding the foregoing, in the case of an Event of Default arising from certain events of bankruptcy or insolvency, all outstanding Notes will become due and payable immediately without further action or notice. Holders may not enforce the Indenture, the Notes or the Guarantees except as provided in the Indenture. Subject to certain limitations, Holders of a majority in aggregate principal amount of the then outstanding Notes may direct the Trustee in its exercise of any trust or power. The Trustee may withhold from Holders of the Notes notice of any continuing Default (except a Default relating to the payment of principal, premium, if any, or interest) if it determines that withholding notice is in their interest. The Holders of a majority in aggregate principal amount of the then outstanding Notes by notice to the Trustee may on behalf of the Holders of all of the Notes waive any existing Default or and its consequences under the Indenture except a continuing Default in payment of the principal, premium, if any, or interest on, any of the Notes held by a non-consenting Holder. EFIH is required to deliver to the Trustee annually a statement regarding compliance with the Indenture, and EFIH is required within five Business Days after becoming aware of any Default, to deliver to the Trustee a statement specifying such Default and what action the EFIH proposes to take with respect thereto.

(13) *AUTHENTICATION.* This Note shall not be entitled to any benefit under the Indenture or be valid or obligatory for any purpose until authenticated by the manual signature of the Trustee.

(14) *GOVERNING LAW.* THE INDENTURE, THE NOTES AND THE GUARANTEES WILL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK.

(15) *CUSIP/ISIN NUMBERS.* Pursuant to a recommendation promulgated by the Committee on Uniform Security Identification Procedures, the Issuer has caused CUSIP/ISIN numbers to be printed on the Notes and the Trustee may use CUSIP/ISIN numbers in notices of redemption as a convenience to Holders. No representation is made as to the accuracy of such numbers either as printed on the Notes or as contained in any notice of redemption and reliance may be placed only on the other identification numbers placed thereon.

The Issuer will furnish to any Holder upon written request and without charge a copy of the Indenture and/or the Security Documents. Requests may be made to the Issuer at the following address:

Energy Future Intermediate Holding Company LLC

A-7

EFIHMW00270316



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LAN FBU-MWE-XN28 112 | 3ER devir0dc | 29-Jan-2013 05:58 EST | 474858 EX4_4 30 | 1* |
| FORM 8-K | | | DAL | | HTM IFV | 0C |

Energy Plaza
1601 Bryan Street
Dallas, Texas 75201-3411
Facsimile No.: (214) 812-6032
Attention: General Counsel

and

Facsimile No.: (214) 812-4097
Attention: Treasurer

and

EFIH Finance Inc.
Energy Plaza
1601 Bryan Street
Dallas, Texas 75201-3411
Facsimile No.: (214) 812-6032
Attention: General Counsel

or

Facsimile No.: (214) 812-4097
Attention: Treasurer

A-8

Confidential

EFIHMW00270317

| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN03 11.2.8 | SER perup1dc | 29-Jan-2013 06:05 EST | 474858 EX4_4 31 | 3* |
| FORM 8-K | | | ■ DAL | | HTM ESS | 0C |

ASSIGNMENT FORM

To assign this Note, fill in the form below:

(I) or (we) assign and transfer this Note to: _____

(Insert assignee's legal name)

_____

(Insert assignee's Soc. Sec. or tax I.D. no.)

_____
_____
_____
_____

(Print or type assignee's name, address and zip code)

and irrevocably appoint _____ to transfer this Note on the books of the Issuer. The agent may substitute another to act for him.

Date:_____

Your Signature _____<br>(Sign exactly as your name appears<br>on the face of this Note)

Signature Guarantee*:_____

_____

* Participant in a recognized Signature Guarantee Medallion Program (or other signature guarantor acceptable to the Trustee).

A-9

Confidential

EFIHMW00270318

| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | NCR602AC350265 11.2.8 | SER mccas0cm | 29-Jan-2013 11:13 EST | | 474858 EX4_4 32 | 4* |
| FORM 8-K | | | DAL | | | HTM ESS | 0C |

### OPTION OF HOLDER TO ELECT PURCHASE

If you want to elect to have this Note purchased by the Issuer pursuant to Section 4.10(d), 4.10(h) or 4.14 of the Indenture, check the appropriate box below:

☐ Section 4.10(d)          ☐ Section 4.10(h)          ☐ Section 4.14

If you want to elect to have only part of this Note purchased by the Issuer pursuant to Section 4.10(d), 4.10(h) or Section 4.14 of the Indenture, state the amount you elect to have purchased:

$_____

Date:_____

Your Signature: _____
(Sign exactly as your name appears
on the face of this Note)

Tax Identification No.: _____

Signature Guarantee*:_____

_____
*  Participant in a recognized Signature Guarantee Medallion Program (or other signature guarantor acceptable to the Trustee).

A-10

Confidential



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN01 11.2.8 | SER ayyam0dc | 29-Jan-2013 06:13 EST | 474858 EX4_4 33 | 3* |
| FORM 8-K | | | DAL | | HTM ESS | 0C |

## SCHEDULE OF EXCHANGES OF INTERESTS IN THE GLOBAL NOTE

The initial outstanding principal amount of this Global Note is $         . The following exchanges of a part of this Global Note for an interest in another Global Note or for a Definitive Note, or exchanges of a part of another Global or Definitive Note for an interest in this Global Note, have been made:

| Date of Exchange | Amount of decrease in Principal Amount | Amount of increase in Principal Amount of this Global Note | Principal Amount of this Global Note following each decrease or increase | Signature of authorized officer of Trustee or Custodian |
| --- | --- | --- | --- | --- |

A-11

EFIHMW00270320



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN08 11.2.9 | SER perup1dc | 29-Jan-2013 06:08 EST | 474858 EX4_4 34 | 2* |
| FORM 8-K | | | DAL | | HTM ESS | 0C |

EXHIBIT C

FORM OF CERTIFICATE OF TRANSFER

Energy Future Intermediate Holding Company LLC
Energy Plaza
1601 Bryan Street
Dallas, Texas 75201-3411
Facsimile No.: (214) 812-6032
       (214) 812-4097

EFIH Finance Inc.
Energy Plaza
1601 Bryan Street
Dallas, Texas 75201-3411
Facsimile No.: (214) 812-6032
       (214) 812-4097

The Bank of New York Mellon Trust Company, N.A.
Corporate Trust Division
601 Travis Street – 16th Floor
Houston, TX 77002
Facsimile No.: (713) 483-6954
Attention: EFIH Senior Secured Notes Trustee

Re:  10.000% Senior Secured Notes due 2020

    Reference is hereby made to the Indenture, dated as of August 17, 2010, among Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. and the Trustee, as supplemented by the First Supplemental Indenture, dated as of January 29, 2013, among Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. and the Trustee (as so supplemented, the "<u>Indenture</u>"). Capitalized terms used but not defined herein shall have the meanings given to them in the Indenture.

        (the "<u>Transferor</u>") owns and proposes to transfer the Note[s] or interest in such Note[s] specified in Annex A hereto, in the principal amount of $    in such Note[s] or interests (the "<u>Transfer</u>"), to    (the "<u>Transferee</u>"), as further specified in Annex A hereto. In connection with the Transfer, the Transferor hereby certifies that:

[CHECK ALL THAT APPLY]

    1. **Check if Transferee will take delivery of a beneficial interest in the 144A Global Note or a Definitive Note pursuant to Rule 144A.** The Transfer is being effected pursuant to and in accordance with Rule 144A under the United States Securities Act of 1933, as amended (the "<u>Securities Act</u>"), and, accordingly, the Transferor hereby further certifies that the beneficial interest or Definitive Note is being transferred to a Person that the Transferor reasonably believes is purchasing the beneficial interest or Definitive Note for its own account, or for one or more accounts with respect to which such Person exercises sole investment discretion, and such Person and each such account is a "<u>qualified institutional buyer</u>" within the

C-1

Confidential

EFIHMW00270321



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN1 11.2.8 SER ayyam0dc | 29-Jan-2013 06:14 EST | 474858 EX4_4 35 | 2* |
|---|---|---|---|---|---|
| FORM 8-K | | ■ DAL | | HTM ESS | 0C |

meaning of Rule 144A in a transaction meeting the requirements of Rule 144A and such Transfer is in compliance with any applicable blue sky securities laws of any state of the United States.

    2. **Check if Transferee will take delivery of a beneficial interest in the Regulation S Global Note or a Definitive Note pursuant to Regulation S**. The Transfer is being effected pursuant to and in accordance with Rule 903 or Rule 904 under the Securities Act and, accordingly, the Transferor hereby further certifies that (i) the Transfer is not being made to a person in the United States and (x) at the time the buy order was originated, the Transferee was outside the United States or such Transferor and any Person acting on its behalf reasonably believed and believes that the Transferee was outside the United States or (y) the transaction was executed in, on or through the facilities of a designated offshore securities market and neither such Transferor nor any Person acting on its behalf knows that the transaction was prearranged with a buyer in the United States, (ii) no directed selling efforts have been made in contravention of the requirements of Rule 903(b) or Rule 904(b) of Regulation S under the Securities Act, (iii) the transaction is not part of a plan or scheme to evade the registration requirements of the Securities Act and (iv) if the proposed transfer is being made prior to the expiration of the Restricted Period, the transfer is not being made to a U.S. Person or for the account or benefit of a U.S. Person (other than an Initial Purchaser). Upon consummation of the proposed transfer in accordance with the terms of the Indenture, the transferred beneficial interest or Definitive Note will be subject to the restrictions on Transfer enumerated in the Indenture and the Securities Act.

    3. **Check and complete if Transferee will take delivery of a beneficial interest in the Definitive Note pursuant to any provision of the Securities Act other than Rule 144A or Regulation S**. The Transfer is being effected in compliance with the transfer restrictions applicable to beneficial interests in Restricted Global Notes and Restricted Definitive Notes and pursuant to and in accordance with the Securities Act and any applicable blue sky securities laws of any state of the United States, and accordingly the Transferor hereby further certifies that (check one):

    (j) [  ] such Transfer is being effected pursuant to and in accordance with Rule 144 under the Securities Act;

OR

    (k) [  ] such Transfer is being effected to the Issuer or a subsidiary thereof;

OR

    (l) [  ] such Transfer is being effected pursuant to an effective registration statement under the Securities Act and in compliance with the prospectus delivery requirements of the Securities Act.

    4. **Check if Transferee will take delivery of a beneficial interest in an Unrestricted Global Note or of an Unrestricted Definitive Note**.

    (a) **Check if Transfer is Pursuant to Rule 144**. (i) The Transfer is being effected pursuant to and in accordance with Rule 144 under the Securities Act and in compliance with the

C-2

**PX 075**
**Page 35 of 42**

| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN03 11.2.8 | SER ayyam0dc | 29-Jan-2013 06:14 EST | | 474858 EX4_4 36 | 2* |
| FORM 8-K | | | DAL | | | HTM ESS | 0C |

transfer restrictions contained in the Indenture and any applicable blue sky securities laws of any state of the United States and (ii) the restrictions on transfer contained in the Indenture and the Private Placement Legend are not required in order to maintain compliance with the Securities Act. Upon consummation of the proposed Transfer in accordance with the terms of the Indenture, the transferred beneficial interest or Definitive Note will no longer be subject to the restrictions on transfer enumerated in the Private Placement Legend printed on the Restricted Global Notes, on Restricted Definitive Notes and in the Indenture.

(b) **Check if Transfer is Pursuant to Regulation S**. (i) The Transfer is being effected pursuant to and in accordance with Rule 903 or Rule 904 under the Securities Act and in compliance with the transfer restrictions contained in the Indenture and any applicable blue sky securities laws of any state of the United States and (ii) the restrictions on transfer contained in the Indenture and the Private Placement Legend are not required in order to maintain compliance with the Securities Act. Upon consummation of the proposed Transfer in accordance with the terms of the Indenture, the transferred beneficial interest or Definitive Note will no longer be subject to the restrictions on transfer enumerated in the Private Placement Legend printed on the Restricted Global Notes, on Restricted Definitive Notes and in the Indenture.

(c) **Check if Transfer is Pursuant to Other Exemption**. (i) The Transfer is being effected pursuant to and in compliance with an exemption from the registration requirements of the Securities Act other than Rule 144, Rule 903 or Rule 904 and in compliance with the transfer restrictions contained in the Indenture and any applicable blue sky securities laws of any State of the United States and (ii) the restrictions on transfer contained in the Indenture and the Private Placement Legend are not required in order to maintain compliance with the Securities Act. Upon consummation of the proposed Transfer in accordance with the terms of the Indenture, the transferred beneficial interest or Definitive Note will not be subject to the restrictions on transfer enumerated in the Private Placement Legend printed on the Restricted Global Notes or Restricted Definitive Notes and in the Indenture.

C-3

Confidential

| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LAN FBU-MWE-XN08 11.2.8 | SER ayyam0dc | 29-Jan-2013 06:14 EST | | 474858 EX4_4 37 | 2* |
| FORM 8-K | | ■ | DAL | | | HTM ESS | 0C |

This certificate and the statements contained herein are made for your benefit and the benefit of the Issuer.

[Insert Name of Transferor]

By: _____

Name:

Title:

Dated:

C-4

Confidential

EFIHMW00270324

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **ENERGY FUTURE HOLDIN** | RR Donnelley ProFile | LANFBU-MWE-XN0 11.2.8 | SER ayyam0dc | 29-Jan-2013 06:14 EST | | 474858 EX4_4 38 | 2* |
| **FORM 8-K** | | DAL | | | | HTM ESS | 0C |

### ANNEX A TO CERTIFICATE OF TRANSFER

1.   The Transferor owns and proposes to transfer the following:

[CHECK ONE OF (a) OR (b)]

(a)   a beneficial interest in the:

    (i)   144A Global Note (CUSIP [          ] [          ]), or

    (ii)   Regulation S Global Note (CUSIP [          ] [          ]), or

(b)   a Restricted Definitive Note.

2.   After the Transfer the Transferee will hold:

[CHECK ONE]

(a)   a beneficial interest in the:

    (i)   ☐ 144A Global Note (CUSIP [          ] [          ]), or

    (ii)   ☐ Regulation S Global Note (CUSIP [          ] [          ]), or

    (iii)   Unrestricted Global Note (CUSIP [          ] [          ]):

or

(b)   a Restricted Definitive Note; or

(c)   an Unrestricted Definitive Note, in accordance with the terms of the Indenture.

C-5

Confidential



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN0311.2.8 | SER ayyam0dc | 29-Jan-2013 06:14 EST | 474858 EX4_4 39 | 3* |
|---|---|---|---|---|---|---|
| FORM 8-K | | | DAL | | HTM ESS | 0C |

EXHIBIT D

FORM OF CERTIFICATE OF EXCHANGE

Energy Future Intermediate Holding Company LLC
Energy Plaza
1601 Bryan Street
Dallas, Texas 75201-3411
Facsimile No.: (214) 812-6032
           (214) 812-4097

EFIH Finance Inc.
Energy Plaza
1601 Bryan Street
Dallas, Texas 75201-3411
Facsimile No.: (214) 812-6032
           (214) 812-4097

The Bank of New York Mellon Trust Company, N.A.
Corporate Trust Division
601 Travis Street – 16th Floor
Houston, TX 77002
Facsimile No.: (713) 483-6954
Attention: EFIH Senior Secured Notes Trustee

Re:   10.000% Senior Secured Notes due 2020

    Reference is hereby made to the Indenture, dated as of August 17, 2010, among Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. and the Trustee, as supplemented by the First Supplemental Indenture, dated as of January 29, 2013, among Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. and the Trustee (as so supplemented, the "Indenture"). Capitalized terms used but not defined herein shall have the meanings given to them in the Indenture.

              (the "Owner") owns and proposes to exchange the Note[s] or interest in such Note[s] specified herein, in the principal amount of $     in such Note[s] or interests (the "Exchange"). In connection with the Exchange, the Owner hereby certifies that:

      1. **Exchange of Restricted Definitive Notes or Beneficial Interests in a Restricted Global Note for Unrestricted Definitive Notes or Beneficial Interests in an Unrestricted Global Note**

    (a) ☐  **Check if Exchange is from beneficial interest in a Restricted Global Note to beneficial interest in an Unrestricted Global Note.** In connection with the Exchange of the Owner's beneficial interest in a Restricted Global Note for a beneficial interest in an Unrestricted Global Note in an equal principal amount, the Owner hereby certifies (i) the beneficial interest is being acquired for the Owner's own account without transfer, (ii) such Exchange has been effected in compliance with the transfer restrictions applicable to the Global Notes and pursuant to and in accordance with the United States Securities Act of 1933, as

D-1

Confidential

EFIHMW00270326



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN0 11.2.8 | SER ayyam0dc | 29-Jan-2013 06:14 EST | | 474858 EX4_4 40 | 2* |
|---|---|---|---|---|---|---|---|
| FORM 8-K | | | ■ DAL | | | HTM ESS | 0C |

amended (the "Securities Act"), (iii) the restrictions on transfer contained in the Indenture and the Private Placement Legend are not required in order to maintain compliance with the Securities Act and (iv) the beneficial interest in an Unrestricted Global Note is being acquired in compliance with any applicable blue sky securities laws of any state of the United States.

(b) ☐  **Check if Exchange is from beneficial interest in a Restricted Global Note to Unrestricted Definitive Note**. In connection with the Exchange of the Owner's beneficial interest in a Restricted Global Note for an Unrestricted Definitive Note, the Owner hereby certifies (i) the Definitive Note is being acquired for the Owner's own account without transfer, (ii) such Exchange has been effected in compliance with the transfer restrictions applicable to the Restricted Global Notes and pursuant to and in accordance with the Securities Act, (iii) the restrictions on transfer contained in the Indenture and the Private Placement Legend are not required in order to maintain compliance with the Securities Act and (iv) the Definitive Note is being acquired in compliance with any applicable blue sky securities laws of any state of the United States.

(c) ☐  **Check if Exchange is from Restricted Definitive Note to beneficial interest in an Unrestricted Global Note**. In connection with the Owner's Exchange of a Restricted Definitive Note for a beneficial interest in an Unrestricted Global Note, the Owner hereby certifies (i) the beneficial interest is being acquired for the Owner's own account without transfer, (ii) such Exchange has been effected in compliance with the transfer restrictions applicable to Restricted Definitive Notes and pursuant to and in accordance with the Securities Act, (iii) the restrictions on transfer contained in the Indenture and the Private Placement Legend are not required in order to maintain compliance with the Securities Act and (iv) the beneficial interest is being acquired in compliance with any applicable blue sky securities laws of any state of the United States.

(d) ☐  **Check if Exchange is from Restricted Definitive Note to Unrestricted Definitive Note**. In connection with the Owner's Exchange of a Restricted Definitive Note for an Unrestricted Definitive Note, the Owner hereby certifies (i) the Unrestricted Definitive Note is being acquired for the Owner's own account without transfer, (ii) such Exchange has been effected in compliance with the transfer restrictions applicable to Restricted Definitive Notes and pursuant to and in accordance with the Securities Act, (iii) the restrictions on transfer contained in the Indenture and the Private Placement Legend are not required in order to maintain compliance with the Securities Act and (iv) the Unrestricted Definitive Note is being acquired in compliance with any applicable blue sky securities laws of any state of the United States.

2. <u>**Exchange of Restricted Definitive Notes or Beneficial Interests in Restricted Global Notes for Restricted Definitive Notes or Beneficial Interests in Restricted Global Notes**</u>

(a) ☐  **Check if Exchange is from beneficial interest in a Restricted Global Note to Restricted Definitive Note**. In connection with the Exchange of the Owner's beneficial interest in a Restricted Global Note for a Restricted Definitive Note with an equal principal amount, the Owner hereby certifies that the Restricted Definitive Note is being acquired for the Owner's own account without transfer. Upon consummation of the proposed Exchange in accordance with the terms of the Indenture, the Restricted Definitive Note issued will continue to

D-2

Confidential

EFIHMW00270327



| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN01 11.2.8 | SER ayyam0dc | 29-Jan-2013 06:18 EST | 474858 EX4_4 41 | 3* |
| FORM 8-K | | | ■ DAL | | HTM ESS | 0C |

be subject to the restrictions on transfer enumerated in the Private Placement Legend printed on the Restricted Definitive Note and in the Indenture and the Securities Act.

(b) ☐ **Check if Exchange is from Restricted Definitive Note to beneficial interest in a Restricted Global Note.** In connection with the Exchange of the Owner's Restricted Definitive Note for a beneficial interest in the [CHECK ONE] ☐ 144A Global Note ☐ Regulation S Global Note, with an equal principal amount, the Owner hereby certifies (i) the beneficial interest is being acquired for the Owner's own account without transfer and (ii) such Exchange has been effected in compliance with the transfer restrictions applicable to the Restricted Definitive Notes and pursuant to and in accordance with the Securities Act, and in compliance with any applicable blue sky securities laws of any state of the United States. Upon consummation of the proposed Exchange in accordance with the terms of the Indenture, the beneficial interest issued will be subject to the restrictions on transfer enumerated in the Private Placement Legend printed on the relevant Restricted Global Note and in the Indenture and the Securities Act.

D-3

Confidential

| ENERGY FUTURE HOLDIN | RR Donnelley ProFile | LANFBU-MWE-XN08 11.2.8 | SER ayyam0dc | 29-Jan-2013 06:14 EST | 474858 EX4_4 42 | 2* |
| FORM 8-K | | | DAL | | HTM ESS | 0C |

This certificate and the statements contained herein are made for your benefit and the benefit of the Issuer and are dated

[Insert Name of Transferor]

By: _____

Name:

Title:

Dated:

D-4

Confidential

EFIHMW00270329