**Exhibit 2**

1

2              UNITED STATES BANKRUPTCY COURT

3                 FOR THE DISTRICT OF DELAWARE

4       --------------------------------------x

5    In Re:

6    Energy Future Holdings Corporation,

7    et al.,

8                            Debtors.

9

10    Chapter 11

11    Case No. 14-10979

12    Jointly Administered

13    --------------------------------------x

14

15              DEPOSITION OF STACEY DORÉ

16                  New York, New York

17                  September 28, 2015

18

19

20    Reported by:

21    MARY F. BOWMAN, RPR, CRR

22    JOB NO. 98268

23

24

25

S. Doré



15    Q.    He said -- well, let me try to

16    translate it in my words, and tell me why I

17    have it wrong.

18             If an appellate court says that

19        it's an obligation of reorganized EFIH,

20        then it's an obligation of reorganized

21        EFIH.  Isn't that what he said?

22    A.    That is what he said.

23    Q.    How is that not a tautology?

24    A.    It may or may not be a tautology,

25    but it's the truth.  If the appellate court

1                          S. Doré

2      says that it's an obligation of the

3      reorganized companies, then it is.



Page 123

1                                S. Doré



21        Q.    So the issue that Judge Sontchi
22   is going to be addressing is a plan that
23   does not provide for any recovery for
24   make-whole claims that are allowed after
25   the effective date, on appeal after the

1                      S. Doré

2     effective date, right?

3         A.    It just doesn't speak to the

4     issue of the -- it doesn't allow for

5     make-whole claims, period, before or after

6     the effective date.  There are no

7     make-whole claims allowed in the plan.

8         Q.    And the debtors have no current

9     plan -- I hate to use the word plan twice

10    in this context, but have no current plan

11    to further amend what is currently the

12    fifth amended plan, right?

13        A.    Not that I'm aware of at this

14    time.

15        Q.    The debtors have no plan -- no

16    intention to amend the plan to make it

17    clear that claim -- make-whole claims

18    allowed on appeal after the effective date

19    would become obligations of the reorganized

20    entities, correct?

21        A.    We do not have a current

22    intention to do that amendment, that is

23    correct.