**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
ENERGY FUTURE HOLDINGS CORP., *et al.*,                      :   Case No. 14-10979 (CSS)
                                                             :
                        Debtors.                             :   (Jointly Administered)
                                                             :
------------------------------------------------------------ x   **Related to Docket Nos. 5249**

## EFIH SECOND LIEN INDENTURE TRUSTEE'S STATEMENT IN RESPONSE TO DEBTORS' SETTLEMENT MOTION

Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacity as indenture trustee (the "**EFIH Second Lien Trustee**") for the EFIH Second Lien notes (the "**EFIH Second Lien Notes**" and the holders thereof, the "**EFIH Second Lien Noteholders**") issued by Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. (collectively, "**EFIH**") pursuant to the Indenture dated as of April 25, 2011 (together with all supplements, amendments, and exhibits) hereby submits this statement (the "**Statement**") in response to the *Motion to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement* (the "**Settlement Motion**") [Dkt. No. 5249].

### STATEMENT

1. Since the outset of this case, certain of the Settling Creditors[1] have alleged a host of potential claims relating to Oncor Electric Delivery Company LLC ("**Oncor Electric**") (a non-debtor) and Oncor Electric Delivery Holdings Company LLC (the non-debtor subsidiary

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Motion or the Settlement Agreement.

that holds EFIH 80% equity interest in Oncor Electric) (collectively referred to herein with Oncor Electric as "**Oncor**") as well as inter-Debtor claims. The threat of these potential claims has played a central role in this case, including voluminous discovery and negotiation leverage in plan discussions. The Settlement Agreement that is purported to resolve all potential litigation has been touted by the Debtors as having the independent benefit of "disarmament" and ensuring resolution of the many contentious litigation issues in this case, regardless of whether the current Plan is confirmed. Yet, a key element missing from this Settlement Agreement is a release of claims against Oncor itself.

2.  The Settlement Motion and the Litigation Letters identify a variety claims that could be asserted against Oncor, including claims relating to the 2005 Oncor Transfer, the Tax and Interest Makewhole Agreements, the Luminant Makewhole Settlement, and the 2007 LBO. However, under the Settlement Agreement, only the *Debtors* (and the other Settling Creditors) are released from these (and other) claims. As non-Debtors, Oncor does not receive a release under the Settlement Agreement. Emphasizing this fact, the Settlement Motion contains a footnote which states that "Although not a party to the Settlement Agreement, Oncor is both a released and releasing party under the Plan." *See* Settlement Motion, Fn. 41. The Settlement Agreement states that, upon entry of the Settlement Order, the Settlement Agreement will remain binding on all parties to the agreement regardless of whether the Plan is confirmed or consummated. It is therefore possible that, if the Settlement Motion is approved but the Plan is not approved or never goes effective, the parties to the Settlement Agreement would release the *Debtors* from all of the delineated claims, but Oncor would not receive such a release. This would enable the Settling Creditors to pursue all of the various claims alleged against Oncor

KL2 2919371.7

itself, which would directly impact the E-Side and imperil the plan process. Such a result would be directly contrary to the Debtors' assertion of disarmament.

3.  The Debtors have previously informed the EFIH Second Lien Trustee that the Settlement Motion is intended to release claims against Oncor and such claims may not be asserted against Oncor following its approval. Therefore, the EFIH Second Lien Trustee submits that in order to achieve the benefit of true disarmament and to avoid a situation where litigation has ceased against all parties other than Oncor, the Settlement Order should be clarified to include the release of claims against Oncor.

WHEREFORE, for the reasons stated above, the EFIH Second Lien Trustee respectfully requests that the Court modify the Settlement Order as contemplated herein and grant such other relief as is just and proper.

Dated: October 23, 2015          PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones
Laura Davis Jones (Bar No. 2436)
Robert J. Feinstein (NY Bar No. RF-2836)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@ pszjlaw.com
      rfeinstein@ pszjlaw.com

*- and -*

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Thomas Moers Mayer
Gregory A. Horowitz
Joshua K. Brody
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9100
Facsimile:   (212) 715-8000
Email: tmayer@kramerlevin.com
 ghorowitz@kramerlevin.com
 boneill@kramerlevin.com
 jbrody@kramerlevin.com

*- and -*

BRYAN CAVE LLP

Stephanie Wickouski
1290 Avenue of the Americas
New York, New York 10104-3300
Telephone: 212-541-1114
Facsimile: 212-904-0514
Email: stephanie.wickouski@bryancave.com

*Counsel to the EFIH Second Lien Trustee*

4

KL2 2919371.7