UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | CASE NO. 14-10979 (CSS) |
| ENERGY FUTURE HOLDINGS CORP, et al., | Chapter 11<br>Jointly Administered |
| Debtors. | Hearing: Tuesday, Nov. 3, 2015 at 11:00 a.m. ET |

**Local Texas Tax Authorities' Objection to Confirmation of Fifth Amended Joint Plan of Reorganization**

TO THE HONORABLE COURT:

NOW COME Angelina County, Aransas County, Archer County, Atascosa County, Beckville ISD, Bexar County, Bonham, Brownsboro ISD, Camp CAD, Carrollton, Cayuga ISD, Cherokee CAD, Cisco College, Cisco ISD, Clay County, Coppell, Coppell ISD, Corinth, Crane County, Culberson Co. – Allamoore ISD, Culberson County, Dallas County, Ector CAD, El Paso, Ellis County, Falls County, Fannin CAD, Fannin County, Fort Bend County, Franklin County, Franklin ISD, Gainesville ISD, Goliad County, Grayson County, Harris County, Hood CAD, Hopkins County, Hunt County, Irving ISD, Jack County, Judson ISD, Kaufman County, Kerens ISD, Kleberg County, Lamar CAD, Lee County, Limestone County, Llano County, Loving County, Malakoff, Malakoff ISD, McAllen, McLennan County, McMullen County, Montague County, Mission CISD, Morris CAD, Mount Vernon, Navarro County, Northeast TX Community College District, Northwest ISD, Nueces County, Rains County AD, Red River CAD, Red River County, Reeves CAD, Reeves County, Rio Grande City, Rio Grande City CISD, Robertson County, Rockwall CAD, Round Rock ISD, Rusk County, San Marcos CISD, Slocum ISD, Smith County, South Texas College, South Texas ISD, Stephenville, Stephenville ISD, Sulphur Springs, Sulphur

Springs ISD, Tarrant County, Upshur County, Valley View ISD, Van Zandt CAD, Victoria County, Walnut Springs ISD, Ward County, Winkler County, Wise CAD, and Wise County (jointly the "Local Texas Tax Authorities" or "Tax Authorities"), and file their Objection to confirmation of the proposed Fifth Amended Joint Plan of Reorganization. In support of their Objection, the Local Tax Authorities would show the Court as follows:

I.

The Local Texas Tax Authorities are political subdivisions of the State of Texas, authorized to assess and collect taxes. The Tax Authorities have filed pre-petition claims for property taxes owed for the 2014 and prior tax years on the Debtors' real and business personal property. These property taxes were duly assessed in accordance with the laws of the State and constitute valid, liquidated secured claims against the Debtors' property entitled to priority over other secured claims under 11 U.S.C.A. § 506. While the vast majority of the Tax Authorities' pre-petition claims have been paid, the remaining pre-petition claims of the Tax Authorities total approximately $53,000[1]. Further, the Local Texas Tax Authorities are owed administrative expense claims for the 2015 ad valorem taxes, which amounts are expected to total approximately $33,500,000.[2]

The Tax Authorities' claims are for ad valorem taxes assessed against the Debtors on January 1 of each applicable tax year pursuant to Texas Property Tax Code §§ 32.01 and 32.07. These taxes are secured by first priority liens on the real and personal property of the Debtors pursuant to Tex. Prop. Tax Code §§ 32.01 and 32.05. The Tax Authorities' liens take priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995)

[1] The pre-petition amount is as of the petition date and does not include interest to which the Tax Authorities are entitled pursuant to 11 U.S.C. § 506(b) as oversecured creditors.

[2] The 2015 taxes are in the process of being finalized pursuant to applicable Texas law.

(bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien on all personal property of the Debtor. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995). These tax claims are entitled to priority as secured claims, senior to other secured claims, according to the Bankruptcy Code, 11 U.S.C. §506. Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987).

II.

It appears from the proposed Plan that the Debtors intend to treat the Tax Authorities' pre-petition claims as Class A1, B1 and C1 Other Secured Claims. These classes are allegedly unimpaired. However, in fact, the Tax Authorities' are impaired by the Plan, and therefore they object to their treatment.

The proposed Plan fails to properly provide for the payment of interest on the Tax Authorities' pre-petition claims as required by 11 U.S.C. §§506(b) and 1129(b)(2)(A)(i)(II). Paragraph H of Article VI on page 79 of the Plan provides that no post-petition interest will be paid on any claim unless specifically provided for. The payment of interest from and after the Effective Date on pre-petition secured claims is mandated by § 1129 to protect the present value of secured claims. This Plan does not preserve the "present value as of the effective date" contemplated by Congress and required by the Bankruptcy Code. Absent the requirement that the Debtors pay interest on these claims, there is no incentive for them to file and resolve claim objections in a timely manner. In a case of this size, it is not unlikely that objections could be filed only days before the claim objection bar date (which is 180 days after the Effective Date) and a hearing put off for many months. Or, even more likely, the Claim Objection Bar Date will be extended even

beyond that date. As proposed, the Plan provides the Debtors with interest-free use of the Tax Authorities' money for many months post-confirmation. The Plan should not be confirmed unless and until it is amended to clearly provide for payment of interest on the allowed amount of the Tax Authorities' pre-petition secured claims from the Effective Date through the date of payment.

As over-secured creditors, the Tax Authorities are also entitled to interest from the Petition Date through the Effective Date pursuant to 11 U.S.C. § 506(b). See In re Ron Pair Enterprises, Inc., 489 U.S. 235 (1989). Section 506(b) applies only from the date of filing through the plan effective date. See Rake v. Wade, 508 U.S. 464, 468 (1993); In re T-H New Orleans Limited Partnership, 116 F.3d 790, 796-797 (5th Cir. 1997). To deprive an over-secured creditor of this right to interest, "the party who contends that there is a dispute as to whether a creditor is entitled to interest under § 506(b) must motion the bankruptcy court to make such a determination. The creditor though bears the ultimate burden to prove . . . that its claim was oversecured . . . ." T-H New Orleans, 116 F.3d at 798. The Debtors have already had the use of the Tax Authorities' money for a year and a half while this case has been pending, thus significantly "impairing" the Tax Authorities if they are not paid interest on their claims during this period.

"Unimpaired" claims are entitled to interest under § 1129 and § 506(b) at their statutory rate, which in the case of the Local Texas Tax Authorities is 12% per annum. 11 U.S.C. § 511; Texas Property Tax Code § 33.01; see also U. S. v. Graham, 59 Fed. Appx. 660 (6th Cir. 2003).

Finally, with respect to the pre-petition taxes owed, the Plan fails to specify that the tax liens are preserved until the claims are paid. Paragraph H of Article IV on pages 67-68 of the Plan provides that all property will vest in the Reorganized Debtors free and clear of "all Liens, Claims, charges, Interests, or other encumbrances" except as specifically otherwise provided in the Plan. The Plan should specifically provide that holders of Class A1, B1 and C1 "unimpaired" claims retain their liens until their allowed claims are paid in full.

III.

The Local Texas Tax Authorities object to Article VI, Paragraph D.6, which provides that no distribution will be made on claims less than $50. Several of the Tax Authorities' claims are for small amounts, but this does not mean that they should not be paid in full. There is no provision of the Bankruptcy Code which permits, essentially, the disallowance of these claims without a claim objection being filed. The pre-petition claims are purportedly "unimpaired" yet if the Plan also says they will not be paid, then they are substantially impaired. The Plan should not be confirmed unless and until this provision is deleted with respect to the claims of allegedly "unimpaired" secured creditors.

IV.

With respect to the post-petition 2015 taxes owed to the Local Texas Tax Authorities, the Plan impermissibly attempts to require them to file requests for payment of administrative expenses in order for the post-petition taxes to be paid. 11 U.S.C. § 503(b)(1)(D) specifically provides that "a governmental unit shall not be required to file a request for the payment of an expense [for post-petition taxes] . . . as a condition of its being an allowed administrative expense." This provision furthers the purpose of 28 U.S.C. §§ 959 and 960 which require debtors in possession to operate in compliance with all state and local laws, including the laws pertaining to the payment of taxes. The 2015 ad valorem taxes should be paid pursuant to applicable non-bankruptcy law whether or not a request for payment is filed. Further, the Plan should provide that the provisions of Article IV, Paragraph H, as set forth on pages 67-68 of the plan are not applicable to post-petition taxes; the property of the Debtors should not vest in the Reorganized Debtors free and clear of the statutory liens for post-petition taxes. And finally, it should be made clear that Article VI paragraph H does not apply to statutory interest, and penalties, on post-petition taxes which amounts are allowed under 11 U.S.C. § 503.

V.

The Local Texas Tax Authorities object to Article VII paragraphs D, F and G. These provisions are attempts to deprive creditors of their rights to file claims and have them allowed absent objection and a ruling from the court pursuant to 11 U.S.C. § 502.

Article VII paragraph D on page 81 of the Plan provides that "Any Claim that has been paid or satisfied, or any Claim that has been amended or superseded, may be adjusted or expunged on the Claims Register by the Reorganized Debtors without a Claims objecting having to be filed and without any further notice, order, or approval of the Bankruptcy Court." Essentially the Debtors would be allowed to declare claims paid and disallowed without giving a creditor the opportunity to object. The Tax Authorities are owed many claims for 2014 and prior year taxes which the Debtors may believe are paid in full, but that belief does not make it so and is not a basis for the claim being expunged. Creditors should be given notice and an opportunity to object to Debtors' assertions that claims are paid in full as required by the Bankruptcy Code.

Article VII paragraph F provides that "all Proofs of Claim Filed after the Bar Date shall be deemed disallowed and expunged as of the Effective Date without any further notice to or action, order, or approval of the Bankruptcy Court, and Holders of such Claims may not receive any distributions on account of such Claims, unless on or before the Confirmation Hearing such late Claim has been deemed timely Filed by a Final Order". Again, this provision is over-reaching and is attempting to establish a "bar date" for seeking to allow late filed claims with little notice to creditors. A claim is deemed allowed pursuant to 11 U.S.C. § 502(a) unless a party in interest objects, and the courts shall allow claims except to the extent that one of the basis for disallowance set forth in § 502(b) is found. One of the basis for disallowance is that the claim was not timely filed. 11 U.S.C. § 502(b)(9). There are many reasons for which late claims may be allowed, and confirmation of the plan containing this provision would cut off creditors from raising possibly

meritorious issues which could result in the allowance and payment of their claims and deprive them of the procedural safeguards required by § 502.

Article VII paragraph G provides that "On or after the Effective Date, a Proof of Claim or Interest may not be Filed or amended without the prior authorization of the Bankruptcy Court or the Reorganized Debtors, and any such new or amended Proof of Claim or Interest Filed shall be deemed disallowed in full and expunged without any further action." This provision further attempts to deprive creditors of their rights to file and amend claims as allowed under the Bankruptcy Code.

WHEREFORE, based upon the foregoing, the Local Texas Tax Authorities request the Court to enter an order denying confirmation of the proposed Plan and for such other and further relief to which the Court may find they are entitled.

Dated: October 23, 2015

Respectfully submitted,

Linebarger Goggan Blair & Sampson, LLP

By: /s/ Elizabeth Weller
Elizabeth Weller
Tex.Bar No. 00785514

2777 N. Stemmons Fwy., Ste. 1000
Dallas, TX 75207
(469)221-5075 Phone
(469)221-5003 Fax
BethW@publicans.com Email

CERTIFICATE OF SERVICE

I hereby certify that this 23rd day of October, 2015, I caused a true and exact copy of the foregoing to be served upon all parties to the Court's electronic servicing system and upon the parties on the Service List via electronic mail.

/s/ Elizabeth Weller

Elizabeth Weller

SERVICE LIST

Edward. O. Sassower at edward.sassower@kirkland.com
Stephen E. Hessler at Stephen.hessler@kirkland.com
Brian E. Schartz at brian.schartz@kirkland.com
James Sprayregen at james.sprayregen@kirkland.com
Marc Kieselstein at marc.kieselstein@kirkland.com
Chad Husnick at chad.husnick@kirkland.com
Steven Serajeddini at steven.serajeddini@kirkland.com
Mark Collins at Collins@rlf.com
Daniel DeFranceschi at dfranceschi@rlf.com
Jason Madron at madron@rlf.com
Jeff Marwil at jmarwil@proskauer.com
Mark Thomas at mthomas@proskauer.com
Peter Young at pyoung@proskauer.com
David Klauder at dklauder@oeblegal.com
Shannon Dougherty at sdougherty@oeblegal.com
Thomas Walper at Thomas.Walper@mto.com
Todd Rosen at Todd.Rosen@mto.com
Seth Goldman at Seth.Goldman@mto.com
John Spiegel at John.Spiegel@mto.com
David Primack at dprimack@mdmc-law.com
Michael Paskin at mpaskin@cravath.com
Richard Levin at rlevin@jenner.com
Joseph Hutson at jhh@stevenslee.com
Richard Schepacarter at Richard.L.Schepacarter@usdoj.gov
Andrea Schwartz at Andrea.B.Schwartz@usdoj.gov
James Peck at jpeck@mofo.com
Brett Miller at brettmiller@mofo.com
Lorenzo Marinuzzi at lmarinuzzi@mofo.com
Todd Goren at tgoren@mofo.com
Samantha Martin at smartin@mofo.com
Christopher Ward at cward@polsinelli.com
Justin Edelson at jedelson@polsinelli.com
Shanti Katona at skatona@polsinelli.com
Andrew Dietderich at dietdericha@sullcrom.com
Brian Gleuckstein at gluecksteinb@sullcrom.com
Miahcal Torkin at torkinm@sullcrom.com
Natalie Ramsey at nramsey@mmwr.com
Davis Wright at dwright@mmwr.com
Mark Fink at mfink@mmwr.com