**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | Objection Deadline: October 23, 2015<br>Hearing Date: November 3, 2015 at 11:00 a.m. |

**JOINDER OF CONTRARIAN CAPITAL MANAGEMENT, LLC
TO AMERICAN STOCK TRANSFER & TRUST COMPANY, LLC'S
OBJECTION TO CONFIRMATION OF THE DEBTORS'
FIFTH AMENDED PLAN OF REORGANIZATION**

Contrarian Capital Management, LLC (as advisors, or affiliates of advisors to holders, or managers of various accounts with investment authority, contractual authority or voting authority, "Contrarian"), by its undersigned counsel, hereby joins (the "Joinder") in the objection (collectively, the "Confirmation Objections") of American Stock Transfer & Trust Company, LLC (the "EFH Trustee"), as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, under the indentures for certain notes issued by EFH Future Holdings Corp., (the "Indenture Trustee Objection" [Docket No. 6609], to confirmation of the fifth amended plan of reorganization of Energy Future Holdings Corp., *et al*. [Docket No. 6122] (as may be further amended, modified or supplemented, the "Plan").

**PRELIMINARY STATEMENT**

These cases started with a plan of reorganization negotiated pre-petition that valued the Debtors at billions of dollars less than the Plan now before the Court. Contrarian, as a member of the ad hoc group of EFH Legacy Holders, vehemently objected to the Debtors' proposed Restructuring Support Agreement ("RSA") on the basis of this undervaluation and the chilling

effect the RSA would have on competitive bidding. In the face of this objection, among others, the Debtors withdrew the RSA, which enabled a sale process leading to now solvent estates on the E-side. Since its initial objection, Contrarian has worked diligently behind the scenes to formulate a plan proposal, negotiate a consensual resolution of these cases and avoid further litigation.

Unfortunately, litigation now seems inevitable. While Contrarian's objections concerning its treatment at EFH are relatively discrete, neither the Debtors nor the supporting creditor groups have engaged either Contrarian or the Indenture Trustee in any meaningful negotiations of these issues. Although there have been references to negotiations with Fidelity in a recent court conference, Contrarian remains concerned that such negotiations are geared to buy Fidelity's support in a manner that would provide disparate treatment in favor of Fidelity (another problem that plagued and doomed the RSA), not to fully resolve the class-wide issues presented in the Indenture Trustee Objection.

Contrarian, alongside Fidelity, remains open to negotiating a consensual resolution of EFH Legacy bondholder claims. Confirmation issues raised by the proposed treatment of the EFH Legacy claims and the Debtors' empty reinstatement threat, are solvable. Should a consensual resolution prove unworkable, Contrarian respectfully suggests that the parties promptly engage in mediation. A T-side plan mediator, Peter Borowitz, has been appointed to address issues relating to the restructuring of the TCEH Debtors' estates. As the Debtors now propose to transform EFH Legacy bondholders into T-side creditors, Contrarian respectfully submits that mediation therefore is fully consistent with Mr. Borowitz's mandate to resolve T-Side disputes to avoid the burden to this Court, and the delay and cost of litigation that likely can

and should be avoided if parties negotiate in good faith.  Barring such a resolution, however, Contrarian must object to the Plan as set forth below.

## JOINDER

Specifically, Contrarian objects to confirmation of the Plan on the bases set forth in Sections III.A, B, C, D, G. H, I and J of the Indenture Trustee Objection, and respectfully request that the Court deny confirmation of the Plan.  In addition, Contrarian joins in all arguments made by the EFH Trustee and E-Side Committee as to invalidity of reinstatement in these cases.

## RESERVATION OF RIGHTS

Contrarian reserves the right to (a) amend or supplement this Joinder and otherwise take any additional or further action with respect to the Plan, and (b) be heard before this Court with respect to confirmation of the Plan.

Dated: October 23, 2015
      Wilmington, Delaware

              HOGAN♦MCDANIEL

              By: /s/: *Garvan F. McDaniel*
              Garvan F. McDaniel, Esq. (DE #4167)
              1311 Delaware Avenue
              Wilmington, Delaware 19806
              Telephone:  (302) 656-7540
              Facsimile:  (302) 656-7599
              Email:  gfmcdaniel@dkhogan.com

                  – and –

              KASOWITZ, BENSON, TORRES
               & FRIEDMAN LLP

              David S. Rosner, Esq.
              Andrew K. Glenn, Esq.
              Daniel A. Fliman, Esq.
              1633 Broadway
              New York, New York 10019
              Telephone:  (212) 506-1700
              Facsimile:  (212) 506-1800
              Email:  DRosner@kasowitz.com
                      AGlenn@kasowitz.com
                      DFliman@kasowitz.com

              *Counsel to* Contrarian Capital Management, LLC