# EXHIBIT 7

# EFCH00034820

**ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC ("EFCH")**
**TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC ("TCEH")**
**MINUTES OF JOINT MEETING OF DISINTERESTED MANAGER OF THE BOARDS OF EFCH AND TCEH**

| | |
|---|---|
| Date: | August 9, 2015 at 10:00 a.m. Eastern Time |
| Location: | Teleconference |
| EFCH: | Hugh E. Sawyer |
| TCEH: | Hugh E. Sawyer |
| Others: | Thomas Walper (*MTO*)   John Spiegel (*MTO*)   Jay Fujitani (*MTO*) |
| | Emily Bussigel (*MTO*)   Andrea Weintraub (*MTO*)   Sam Greenberg (*MTO*) |
| | Bradley Robins (*GH*)   Eric Mendelsohn (*GH*)   Stephanie Shideler (*GH*) |
| | Timothy Mergenthal (*GH*) |

Mr. Hugh Sawyer, the sole disinterested manager of the Boards of Managers of EFCH and TCEH (the "Disinterested Manager"), was in attendance. Also present were representatives from Munger, Tolles & Olson LLP ("MTO"), independent counsel to EFCH and TCEH reporting to the Disinterested Manager with respect to matters on which there is an actual conflict of interest between EFCH, TCEH, or their subsidiaries, on the one hand, and another Debtor, on the other hand (such matters, "Conflict Matters"), and Greenhill & Co. LLC ("Greenhill"), independent financial advisor to EFCH and TCEH reporting to the Disinterested Manager with respect to Conflict Matters (together with MTO, the "Independent Advisors"). Thomas Walper acted as secretary. At 10:08 a.m. Eastern Time, following waiver of notice, the meeting of the Disinterested Manager of the Boards of EFCH and TCEH was called to order.

The Disinterested Manager referenced the materials provided to him, including (i) a presentation dated August 9, 2015 prepared by MTO, (ii) a presentation dated August 9, 2015 prepared by Greenhill, (iii) selected pages from the joint board materials prepared by Kirkland & Ellis LLP, counsel to the Debtors, (iv) transaction documents (including the Merger Agreement, Tax Matters Agreement, Backstop Agreement, Equity Commitment Letter, Limited Guarantee, Disclosure Letter, Third Amended Plan, Plan Support Agreement, and Settlement Agreement), and (v) bankruptcy court documents (including the Second Amended Disclosure Statement, motion and order to approve the Plan Support Agreement, and motion and order to approve the Settlement Agreement). The Disinterested Manager confirmed that he had received and reviewed these materials in advance of the meeting.

The Independent Advisors and the Disinterested Manager discussed the contents of the MTO and Greenhill presentations and the selected pages from the joint board materials and referenced the related transaction and bankruptcy court documents as necessary.

**Status of Plan Negotiations:** Walper reviewed the current status of the case, including the filing of the Second Amended Plan of Reorganization containing both a standalone and merger scenario, and for the standalone scenario, an allocation of reorganized EFH equity to E-Side creditors. Walper reviewed the status of negotiations with T-Side creditors and constituents on a merger REIT plan (the "Third Amended Plan").

**Plan Support Agreement, Settlement Agreement, and Third Amended Plan,:** Bradley Robins of Greenhill referenced the presentation provided by Greenhill. He reviewed previous and current plan discussions and described the Third Amended Plan framework and its key provisions. Robins then discussed the potential financial impacts of the Third Amended Plan. He reviewed effective TCEH recoveries from EFH/EFIH under different scenarios and valuations. The Disinterested Manager discussed the information provided by Greenhill with the Independent Advisors.

Walper then referenced the MTO presentation. He listed the various documents to be executed in conjunction with the Third Amended Plan, if approved by the Debtors' boards, and the projected schedule for filing and approval of the various documents.

1

Walper then reviewed the diligence and negotiations undertaken by the Independent Advisors and the Disinterested Manager with respect to the Plan Support Agreement, Settlement Agreement, Third Amended Plan, and related transaction documents. He discussed the fact that the Disinterested Manager has regularly informed himself of the status of plan negotiations through review of plan proposals, draft plan documents, summaries of negotiations and documents prepared by MTO, board presentations and meetings, and separate meetings and discussions with his Independent Advisors. Walper also noted that based upon his conversations with the legal advisors to the statutory committee of unsecured creditors of TCEH Debtors, the ad hoc committee of TCEH First Lien Creditors, the ad hoc group of TCEH Unsecured Noteholders, and the ad hoc consortium of TCEH Second Lien Noteholders, the Plan Support Agreement, Settlement Agreement, and Third Amended Plan and related transaction documents had been reviewed by them and either approved by their constituents or recommended by each to their respective constituents for approval or support.

Walper reviewed the authority of the Disinterested Manager with respect to Conflict Matters. Walper then described the key terms of the Plan Support Agreement and Settlement Agreement. Walper reviewed various other elements of the Third Amended Plan, including executive compensation matters and required tax rulings. Walper discussed various considerations with respect to approval of the Plan Support Agreement, Settlement Agreement, Third Amended Plan, and other transaction documents, as they related to Conflict Matters.

Finally, Walper referenced certain select pages from a joint board presentation prepared by the Debtors' counsel, Kirkland & Ellis LLP, describing certain terms of the Plan Support Agreement, Settlement Agreement, and Third Amended Plan.

The Disinterested Manager and Independent Advisors discussed the proposed Third Amended Plan, the related transaction documents, the Plan Support Agreement, and the Settlement Agreement, and various considerations with respect to each.

The Disinterested Manager stated that in his business judgment, informed by his review of the materials described herein and extensive consultation with the Independent Advisors, the Plan Support Agreement, Settlement Agreement, and Third Amended Plan and related transaction documents should be authorized to the extent of any Conflict Matters, and that he will recommend that the full Boards of EFCH and TCEH approve the same in all respects.

Walper of MTO reviewed the resolutions to be considered by the Disinterested Manager.

Following further discussion, on motion, the Disinterested Manager adopted the following resolutions for each of EFCH and TCEH:

> WHEREAS, Energy Future Competitive Holdings Company LLC ("EFCH") and Texas Competitive Electric Holdings Company LLC ("TCEH") adopted resolutions on November 7, 2014 and December 9, 2014, designating Hugh Sawyer as the Disinterested Manager of EFCH and TCEH with respect to matters on which there is an actual conflict of interest between EFCH, TCEH, or their subsidiaries, on the one hand, and another Debtor, on the other hand, (such matters, "Conflict Matters") and, delegated to the Disinterested Manager the authority to, among other things, decide Conflict Matters, and to retain independent advisors to advise EFCH and TCEH (as directed by the Disinterested Manager) on Conflict Matters and on whether any matter constitutes a Conflict Matter;

> WHEREAS, the Disinterested Manager retained Munger Tolles & Olson LLP ("MTO") as legal counsel on November 16, 2014 and Greenhill & Co. LLC ("Greenhill," and together with MTO, the "Independent Advisors") as financial advisor on November 17, 2014 to advise on Conflict Matters and on whether any matter constitutes a Conflict Matter;

> WHEREAS, the Disinterested Manager negotiated a settlement of prepetition intercompany claims, causes of action and disputes, including, without limitation, avoidance actions under 11 U.S.C. §§ 544, 547, and 548 that was approved by the Disinterested Manager on April 1, 2015 (the "Settlement") to be incorporated into a filed plan of reorganization;

2

WHEREAS, subject to ongoing review, the Disinterested Manager has determined that the following matters constitute Conflict Matters: (1) intercompany claims, including intercompany tax claims between EFCH and TCEH and their subsidiaries, on one hand, and non-EFCH and TCEH debtors, on the other hand; (2) intercompany tax planning, structuring, and settlement issues, such as use of net operating losses, basis step-up, and taxable or non-taxable transactions; (3) claims against equity sponsors as related to intercompany claims, settlement of intercompany claims, allocation of litigation or settlement proceeds, or indemnification; (4) the plan of reorganization as related to Conflict Matters, including claim settlement, allocation of litigation or settlement proceeds, and tax structuring issues; (5) the Oncor bid process as related to Conflict Matters including intercompany claim settlement, allocation of litigation or settlement proceeds, separation agreements, bankruptcy court mandated approval, and tax structuring issues; (6) requests for standing to prosecute EFCH and TCEH estate causes of action as related to Conflict Matters, including claim settlement; and (7) the allocation of reorganized EFH equity to creditors of EFH and EFIH under a plan of reorganization in which creditors of EFH and EFIH convert their debt into reorganized equity of EFH;

WHEREAS, the forgoing list of matters is not comprehensive and the evaluation of Conflict Matters and whether a certain matter constitutes a Conflict Matter is dynamic and subject to ongoing review and evaluation;

WHEREAS, Energy Future Holdings Corp., a Texas corporation (the "Company" and collectively, with certain of its affiliates including EFCH and TCEH, the "Debtors"), after approval and authorization of the Debtors' Boards, including the Disinterested Manager, filed a joint plan of reorganization on April 14, 2015 that incorporated the Settlement (the "Plan") to resolve outstanding claims against and equity interests in the Debtors, and a disclosure statement soliciting support for the Plan among the constituencies permitted to vote for the Plan under the Bankruptcy Code (the "Disclosure Statement");

WHEREAS, the Debtors, after approval and authorization of the Debtors' Boards, including the Disinterested Manager, filed an amended Plan on July 23, 2015 (the "Amended Plan") to resolve outstanding claims against and equity interests in the Debtors, and an amended Disclosure Statement to solicit support for the Amended Plan among the constituencies permitted to vote for the Amended Plan under the Bankruptcy Code;

WHEREAS, the Debtors, after approval and authorization of the Debtors' Boards, including the Disinterested Manager, filed a further amended Plan on August 2, 2015 (the "Second Amended Plan");

WHEREAS, the Debtors, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, including the Independent Advisors, have proposed to further amend the Plan (as may hereafter be amended, supplemented, or modified from time to time, the "Third Amended Plan") and related Disclosure Statement (as may hereafter be amended, supplemented, or modified from time to time, the "Second Amended Disclosure Statement") the current draft of which such Third Amended Plan and Second Amended Disclosure Statement was provided to the Disinterested Manager in advance of the August 9, 2015 meeting;

WHEREAS, with the assistance of their financial and legal advisors, including the Independent Advisors, the Debtors have negotiated and formulated transaction documents relating to the Third Amended Plan, including but not limited to, a Merger Agreement, Backstop Agreement, Equity Commitment Letter, Limited Guarantee, and Disclosure Letter (together, the "Merger Documents");

WHEREAS, the Debtors, upon further negotiations with their constituencies and with the assistance of their financial and legal advisors, including the Independent Advisors, formulated that certain plan support agreement (the "Plan Support Agreement") and settlement agreement (the "Settlement Agreement") by and among the Debtors (including EFCH and TCEH), certain creditors, certain interest holders, and certain third parties;

WHEREAS, the Disinterested Manager has reviewed the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, and consulted with his Independent Advisors regarding the Third Amended Plan, Second Amended Disclosure Statement, Merger

Highly Confidential                                                                                                                          EFCH00034822

Documents, Settlement Agreement, and Plan Support Agreement, and other documents necessary to obtain Bankruptcy Court approval of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement;

WHEREAS, the Disinterested Manager reserves all rights in advance of, or after, any Bankruptcy Court filing to amend, supplement, or modify the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, in response to negotiations with the Debtors' key constituents or as otherwise determined by the Debtors, to the extent of any Conflict Matters; and

WHEREAS, to the extent of any Conflict Matters, the Disinterested Manager has determined that in his business judgment, informed by his review of materials and extensive consultation with his Independent Advisors, it is in the best interests of EFCH and TCEH, their respective subsidiaries, creditors, and other parties in interest, that the Debtors, with the assistance of their financial and legal advisors, including the Independent Advisors, complete the preparation of, and execute as necessary, the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, and that he will recommend the same to the full Boards of EFCH and TCEH for approval in all respects.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Disinterested Manager, EFCH and TCEH shall be and hereby are authorized, empowered, and directed to pursue and implement the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and any related documents, filings, or pleadings to the extent of any Conflict Matters;

RESOLVED, that any officers of EFCH or TCEH (collectively, acting alone or with one or more other officers of EFCH or TCEH, the "Authorized Officers") (or their respective designees or delegates) are hereby authorized, empowered, and directed to take any and all actions that they deem necessary or proper to carry out these resolutions as directed by the Disinterested Manager to the extent of any Conflict Matters;

RESOLVED, that the Disinterested Manager received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the EFCH and TCEH, or hereby waives any right to have received such notice; and

RESOLVED, that each of the Authorized Officers (and their respective designees and delegates) be and hereby are authorized, empowered, and directed to take all actions or to not take any action in the name of EFCH or TCEH with respect to the actions and transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of EFCH or TCEH, in each case as directed by the Disinterested Manager to the extent of any Conflict Matters.

There being no further business to come before the meeting, it was adjourned at 11:57 a.m. Eastern Time.

/s/ Thomas Walper
Thomas Walper
Acting Secretary

4