# EXHIBIT 9

# EFIH_DD0028055

ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC (the "Company")
MINUTES OF THE MEETING OF THE INDEPENDENT MANAGER OF THE BOARD OF MANAGERS

---

| | | | |
|---|---|---|---|
| **Date:** | August 9, 2015, at 9:00 a.m. ET | | |
| **Location:** | Teleconference | | |
| **Manager:** | Charles H. Cremens | | |
| **Advisors:** | Richard Levin *(Jenner)* | Philip A. Gelston *(Cravath)* | David W. Prager *(Goldin)* |
| | Vincent Lazar *(Jenner)* | Allison Wein *(Cravath)* | Karthik Bhavaraju *(Goldin)* |

Mr. Charles H. Cremens, the sole independent manager of the Board of Managers of the Company, was in attendance. Richard Levin acted as secretary.

Mr. Levin called the meeting to order and explained that the purpose of the meeting was to review the proposed terms of a transaction (the "**Merger Transaction**") with an investor group led by Hunt Consolidated, Inc. ("**Hunt**") and members of a group of unsecured creditors of Texas Competitive Electric Holdings Company LLC ("**TCEH**" and, together with Hunt, the "**Investors**") and to determine whether to approve the proposed terms of the Merger Transaction and of a related settlement agreement with the Investors insofar as such terms relate to matters as to which there is an actual conflict of interests between the Company and certain of its affiliates (such matters, "**Conflict Matters**").

Mr. Levin referred to the prior presentations, meetings and discussions with Mr. Cremens regarding the substantive legal, financial and practical issues raised by the proposed Merger Transaction and the proposed settlement agreement and the Conflict Matters contained therein, including materials previously provided to Mr. Cremens. Mr. Levin also referred to materials and presentations prepared for the full Board of Managers of the Company by Kirkland & Ellis LLP and Evercore Group L.L.C. and the managements of the Company and EFH.

Representatives of Jenner & Block LLP ("**Jenner**") and Cravath, Swaine & Moore LLP ("**Cravath**") reviewed with Mr. Cremens the material terms of the proposed Merger Transaction as set forth in an amended joint plan of reorganization, a merger agreement, backstop agreement, equity commitment letter, guarantee, plan support agreement and the material terms of a proposed settlement agreement proosed in conjunction with the signing of the Merger Transaction, including the scope of the releases contained in the settlement agreement and plan support agreement and when such releases would become effective. Mr. Cremens asked numerous questions of the representatives of Jenner and Cravath, including with respect to the scope of the releases contained in the settlement and plan support agreement and when such releases would become effective as well as the conditionality of the merger agreement and related documents. Mr. Cremens also discussed with representatives of Jenner and Cravath the extent to which Mr. Cremens, as the sole independent director of the Board of Managers, would be entitled to terminate the proposed transaction and certain settlements contained in the amended joint plan of reorganization as an exercise of his fiduciary duties. Mr. Cremens and his advisors also discussed the fact that the proposed settlement agreement incorporated the principal terms of the settlement of intercompany claims by the disinterested managers and directors of the Company, TCEH and Energy Future Holdings Corp. ("**EFH**"), including the waiver by the Company of its claim under debt issued by EFH and that if the Court approved that settlement, Mr. Cremens would no longer have a "fiduciary out" for that settlement. Mr. Cremens and his advisors discussed the possible impact of that development on the negotiation of an alternative plan if the Merger Transaction were not consummated. Mr. Cremens asked numerous questions of representatives of Goldin Associates LLC ("**Goldin**") regarding the financial terms of the proposed transaction, to which the representatives responded. .

A discussion of the terms of the proposed Merger Transaction with the Investors, and the associated risks and benefits thereof, followed.

Following careful consideration and discussion with his advisors, Mr. Cremens determined that approval of the proposed terms of the Merger Transaction with the Investors and of the settlement agreement, insofar as such terms relate to Conflict Matters, is desirable and in the best interests of the Company, its creditors and other parties in interest.

Thereupon, Mr. Cremens, as the sole independent manager of the Board of Managers of the Company, adopted the following resolutions:

> WHEREAS, on April 29, 2014, Energy Future Intermediate Holding Company LLC (the "**Company**") and certain of its affiliates (collectively with the Company, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**");
>
> WHEREAS, on April 14, 2015, Energy Future Holdings Corp. ("**EFH**") filed a joint plan of reorganization (the "**Plan**") to resolve outstanding claims against and equity interests in the Debtors, which Plan included certain settlements and compromises with respect to Conflict Matters, and a disclosure statement soliciting support for the Plan among the constituencies permitted to vote for the Plan under the Code (the "**Disclosure Statement**");
>
> WHEREAS, on July 23, 2015, with the assistance of its financial and legal advisors, the Company filed an amended Plan to resolve outstanding claims against and equity interests in the Debtors, and an amended Disclosure Statement soliciting support for the amended Plan among the constituencies permitted to vote for the Plan under the Code (the "**First Amended Plan**" and "**First Amended Disclosure Statement**," respectively);
>
> WHEREAS, on August 2, 2015, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, filed a further amended Plan which reflected, among other modifications, the allocation of certain reorganized equity and related rights provided under the Plan to holders of claims against EFH, the Company and EFIH Finance Inc. (the "**Second Amended Plan**");
>
> WHEREAS, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, has further amended the Plan (as may hereafter be amended, supplemented or modified from time to time, the "**Third Amended Plan**") and related Disclosure Statement (as may hereafter be amended, supplemented or modified from time to time, the "**Second Amended Disclosure Statement**"), the current draft of which such Third Amended Plan was provided to the Disinterested Manager (as defined below) in advance of the August 9, 2015 meeting of the Disinterested Manager;
>
> WHEREAS, with the assistance of its financial and legal advisors, the Company has formulated documents relating to the Third Amended Plan, including but not limited to, a merger agreement, backstop agreement, equity commitment letter and guarantee (together, the "**Merger Documents**"), the current drafts of which Merger Documents were provided to the Disinterested Manager in advance of the August 9, 2015 meeting of the Disinterested Manager;
>
> WHEREAS, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, formulated that certain plan support agreement (the "**Plan Support Agreement**") and settlement agreement (the "**Settlement Agreement**") by and among the Company, the other Debtors, certain creditors, certain interest holders, and certain third parties, the current drafts of which were provided to the Disinterested Manager in advance of the August 9, 2015 meeting of the Disinterested Manager;

WHEREAS, Charles Cremens (the "**Disinterested Manager**") is a member of the Board of Managers of the Company (the "**Board**") who is disinterested within the meaning of Section 144 of the Delaware General Corporation Law or the Company's governing documents, to the extent applicable, with respect to matters on which there is an actual conflict of interests between the Company and another Debtor (such matters, "**Conflicts Matters**");

WHEREAS, the Board of the Company has delegated to the Disinterested Manager full authority to resolve Conflicts Matters;

WHEREAS, the Disinterested Manager, in consultation with Cravath, Swaine & Moore LLP ("**Cravath**"), Jenner & Block LLP ("**Jenner**") and Goldin Associates, LLC ("**Goldin**"), advisors to the Company (acting under the direction of the Disinterested Manager) with respect to Conflicts Matters (Cravath, Jenner and Goldin collectively, the "**Conflicts Matters Advisors**"), has conducted an extensive review of the Third Amended Plan, the Second Amended Disclosure Statement, the Merger Documents, the Settlement Agreement, the Plan Support Agreement and related documents;

WHEREAS, the Disinterested Manager and the Conflicts Matters Advisors have participated in numerous meetings and telephone conferences with the Conflicts Matters counsel and financial advisors to the other Debtors to discuss the terms of the Third Amended Plan, the Second Amended Disclosure Statement, the Merger Documents, the Settlement Agreement, the Plan Support Agreement and related documents; and

WHEREAS, the resolution of all Conflicts Matters, including any such Conflicts Matters contained in the Third Amended Plan, the Second Amended Disclosure Statement, the Merger Documents, the Settlement Agreement, the Plan Support Agreement and related documents, have been delegated to the Disinterested Manager and the disinterested managers or directors of the other Debtors.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Disinterested Manager, it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company shall and hereby does approve of the terms of the Third Amended Plan, the Second Amended Disclosure Statement, the Merger Documents, the Settlement Agreement, the Plan Support Agreement and related documents insofar as such materials relate to Conflicts Matters.

RESOLVED, that any officer of the Company (collectively, the "**Authorized Officers**"), including the co-chief restructuring officers, acting alone or with one or more other Authorized Officers be and hereby are authorized, empowered, and directed to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions as such Authorized Officer shall deem necessary, advisable, or desirable in such Authorized Officers' reasonable business judgment as may be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the transactions contemplated herein.

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized, empowered, and directed in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' (or their respective designees' or delegates') reasonable business judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED, that the Disinterested Manager has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by

3

the organizational documents of the Company, or hereby waives any right to have received such notice;

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, certificate, or document has been specifically authorized in advance by resolution of the Disinterested Manager; and

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized, empowered, and directed to take all actions or to not take any action in the name of the Company with respect to the actions and transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary, advisable, or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the actions and transactions contemplated herein.

There being no further business to come before the meeting, it was adjourned at 9:45 a.m. ET.

_____
Richard Levin
Acting Secretary
