**EXHIBIT 11**

**EFH06004432**

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

## ENERGY FUTURE HOLDINGS CORP. ("EFH CORP.")
## ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC ("EFIH")
## TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC ("TCEH")
## ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC ("EFCH")
## TCEH FINANCE, INC. ("TCEH FINANCE")
## EFIH FINANCE INC. ("EFIH FINANCE")
## MINUTES OF JOINT MEETING

| | | | | |
|---|---|---|---|---|
| **Date:** | August 9, 2015 at 6:02 p.m. | | | |
| **Location:** | Teleconference originating at Energy Plaza, 1601 Bryan Street, Dallas, Texas | | | |
| **EFH:** | Donald L. Evans | Arcilia C. Acosta | Thomas D. Ferguson | Brandon A. Freiman |
| | Scott Lebovitz | Kenneth Pontarelli | William K. Reilly | Jonathan D. Smidt |
| | Billie I. Williamson | John F. Young | Kneeland Youngblood | |
| **EFIH:** | John F. Young | Charles H. Cremens | Thomas D. Ferguson | Paul M. Keglevic |
| | Kenneth Pontarelli | Kneeland Youngblood | | |
| **TCEH:** | John F. Young | Arcilia C. Acosta | Paul M. Keglevic | Scott Lebovitz |
| | Hugh E. Sawyer | Jonathan D. Smidt | | |
| **EFCH:** | John F. Young | Arcilia C. Acosta | Paul M. Keglevic | Scott Lebovitz |
| | Hugh E. Sawyer | Jonathan D. Smidt | | |
| **TCEH Finance:** | John F. Young | Paul M. Keglevic | | |
| **EFIH Finance:** | John F. Young | Paul M. Keglevic | Kneeland Youngblood | |
| **Others:** | James A. Burke | Michael L. Carter | Stacey H. Doré | Cecily S. Gooch |
| | Anthony R. Horton | Carla A. Howard | Carrie L. Kirby | Jeffrey J. Walker |
| | Andrew M. Wright | | | |
| **Advisors:** | Andrew Calder (*K&E*) | Chad J. Husnick (*K&E*) | Marc Kieselstein (*K&E*) | Todd F. Maynes (*K&E*) |
| | William Levy (*K&E*) | Mark E. McKane (*K&E*) | Amber Meek (*K&E*) | Edward O. Sassower (*K&E*) |
| | Brian Schartz (*K&E*) | James Sprayregen (*K&E*) | Jeremy Matican (*Evercore*) | Bo Yi (*Evercore*) |
| | David Ying (*Evercore*) | Julie M. Allen (*Proskauer*) | Michael Firestein (*Proskauer*) | Jeff Marwil (*Proskauer*) |
| | Mark K. Thomas (*Proskauer*) | Philip Gelston (*Cravath*) | Vincent Lazar (*Proskauer*) | Richard Levin (*Jenner*) |
| | John Speigel (*Munger*) | Thomas B. Walper (*Munger*) | Neil F. Luria (*SOLIC*) | Raoul Nowitz (*SOLIC*) |
| | Harrison J. Goldin (*Goldin*) | David Prager (*Goldin*) | Brad Robins (*Greenhill*) | |

A quorum for the board of each company was present with Bonderman and MacDougall absent. Young joined the meeting later. Evans, Chairman of EFH Corp., presided. Walker, Secretary of each company, acted as secretary. Participants referred to the applicable materials provided in advance of the meeting.

The meeting was attended by professionals from Proskauer Rose LLP ("Proskauer") and SOLIC Capital Advisors LLC, legal counsel and financial advisor, respectively, on actual conflict matters for EFH Corp.; Munger, Tolles & Olson LLP ("Munger") and Greenhill & Co., Inc., legal counsel and financial advisor, respectively, on actual conflict matters for EFCH and TCEH; Cravath, Swaine & Moore LLP and Jenner & Block LLP ("Jenner"), legal counsel on actual conflict matters for EFIH; and Goldin Associates, LLC, financial advisor on actual conflict matters for EFIH.

Evans called the meeting to order.

**Restructuring Update:** Sassower of Kirkland & Ellis LLC ("K&E") reported to the board that a deal (the "Merger Transaction") had been reached with the group coordinated by Hunt Consolidated, Inc. and certain of the TCEH unsecured creditors (the "Hunt Consortium") and that the conflicts matters advisors had met with the disinterested directors and managers of EFH Corp., EFIH, EFCH and TCEH regarding that deal. He then reviewed the progress towards gaining creditor support for the proposed plan support agreement ("PSA") and settlement agreement (the "Settlement Agreement"). He explained that under the PSA the TCEH first lien creditors (the "TCEH First Lien Creditors") agreed to facilitate a distribution of $550 million (subject to reduction associated with certain extensions of deadlines under the PSA) to the

EFH06004432

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

TCEH junior creditors if the U.S. Bankruptcy Court for the District of Delaware (the "Court") did not approve the plan of reorganization and the Settlement Agreement. In exchange, the TCEH junior creditors agreed that in the event the Hunt Consortium failed to close the Merger Transaction, they would not interfere with confirmation and consummation of an alternative restructuring and would vote in favor of that alternative plan so long as it contained certain required terms, including, among other things, a distribution of $550 million (subject to reduction associated with certain extensions of deadlines under the PSA) to TCEH junior creditors. Young joined the call. Sassower explained the terms of the Settlement Agreement in detail. Discussion of the Settlement Agreement followed concerning what would happen if no more signatures were obtained from the TCEH First Lien Creditors. Sassower explained that **Redacted For Privilege**

**Redacted For Privilege** Sassower also discussed the possible response of the Court to the Settlement Agreement. He added that the Official Committee of TCEH Unsecured Creditors, and certain of the TCEH First Lien Creditors and TCEH second lien creditors were supporting the proposed transaction. Sassower explained that until December 29, 2015, only the debtors could file a plan of reorganization, but that the TCEH First Lien Creditors were reserving their rights to pursue a taxable transaction if the Hunt Consortium failed to meet any of the milestones set forth in the PSA. Sprayregen of K&E explained that the merger transaction could fail following December 29, 2015, at which point the TCEH First Lien Creditors could pursue a taxable transaction. Wright, Vice President and Deputy General Counsel, then reviewed the terms of the 'sore loser' provision that would constrain the Hunt Consortium from objecting to another plan if the Public Utility Commission of Texas does not approve the Merger Transaction or if the debtors terminate the deal before June 30, 2016. He then reviewed applicable provisions in the merger agreement concerning the drag-along provision for Texas Transmission Investment LLC ("TTI") and cooperation provisions. He then reviewed the side letter agreement with Oncor Electric Delivery Company LLC ("Oncor"), including that it requires Oncor to operate its business in the ordinary course, to file the application for approval of the change of control with the Public Utilities Commission of Texas, and the support for the real estate investment trust conversion of EFH Corp. He explained that if the Oncor side letter is not finalized in 15 business days, the parties can terminate the Merger Transaction. He discussed the possible contingencies pertaining to TTI. Keglevic, Executive Vice President, Chief Financial Officer and Co-Chief Restructuring Officer, and Doré, Executive Vice President, General Counsel and Co-Chief Restructuring Officer, noted that they were supportive of the Merger Transaction. Ying of Evercore explained that all alternative plans had been pursued and that he recommended the Merger Transaction. In response to a question about the enforceability of the settlement provisions, Doré and Sprayregen said **Redacted For Privilege**

**Disinterested Director Update:** Thomas of Proskauer said that Proskauer had reviewed and commented on all documents in the Merger Transaction, had discussed the Merger Transaction with Evans and Williamson, had discussed potential alternatives to the Merger Transaction with the EFH Corp. and EFIH creditors, and that the EFH Corp. and EFIH creditors had not reached agreement on an alternate proposal. He said he had considered provisions in the Settlement Agreement and the provisions of the PSA on intercompany claims, noting those terms were substantially similar to the settlement reached previously by the disinterested directors/managers. He said that Proskauer recommended to Evans and Williamson that they support the Merger Transaction to the extent it contained or constituted a conflict matter.

Walper of Munger discussed the review of the Merger Transaction undertaken by the TCEH and EFCH disinterested director advisors, and he said he agreed with Doré and Sprayregen **Redacted For Privilege** **Redacted For Privilege** He commented on **Redacted For Privilege** **Redacted For Privilege** He said Munger discussed the Merger Transaction, Settlement Agreement, PSA and related documents at length with Sawyer over the course of the last several months of plan negotiations and that Sawyer had voted separately in support of the Merger Transaction with the Hunt Consortium to the extent it constituted a conflict matter, and that Sawyer recommended the debtors' boards vote in support of it, too.

Highly Confidential

EFH06004433

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

Levin of Jenner concurred in the comments made by others, and he said that Redacted For Privilege   Redacted For Privilege

Upon motion duly made and seconded, the following resolutions were adopted by the respective boards.

*EFH*

Effective as of this 9th day of August, 2015, the members constituting a majority of the votes of a quorum of the board of directors (the "Board of Directors") of Energy Future Holdings Corp., a Texas corporation (the "Company"), took the following actions and adopted the following resolutions:

WHEREAS, on April 29, 2014 (the "Petition Date"), the Company and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief (each such petition, a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, on April 14, 2015, with the assistance of its financial and legal advisors, the Company filed a joint plan of reorganization (the "Plan") to resolve outstanding claims against and equity interests in the Company and its affiliated Debtors, which included a settlement of inter-Debtor claims by the Disinterested Directors (as defined below) described in the *Declaration in Support -- Statement of the Disinterested Directors of Debtor Energy Future Holdings Corp. Regarding Proposed Settlement of Conflict Matters as Part of Proposed Plan of Reorganization [D.I. 4147]*, and a disclosure statement soliciting support for the Plan among the constituencies permitted to vote for the Plan under the Bankruptcy Code (the "Disclosure Statement");

WHEREAS, on July 23, 2015, with the assistance of its financial and legal advisors, the Company filed an amended Plan to resolve outstanding claims against and equity interests in the Company and its affiliated Debtors, and an amended Disclosure Statement soliciting support for the amended Plan among the constituencies permitted to vote for the Plan under the Bankruptcy Code (the "First Amended Plan" and "First Amended Disclosure Statement," respectively);

WHEREAS, on August 2, 2015, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, filed a further amended Plan (the "Second Amended Plan"), the current draft of which such Second Amended Plan was provided to the board of directors of the Company (the "Board of Directors") in advance of the August 2, 2015 meeting of the Board of Directors;

WHEREAS, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, has further amended the Plan (as may hereafter be amended, supplemented, or modified from time to time, the "Third Amended Plan") and related Disclosure Statement (as may hereafter be amended, supplemented, or modified from time to time, the "Second Amended Disclosure Statement") the current draft of which such Third Amended Plan and Second Amended Disclosure Statement was provided to the Board of Directors of the Company in advance of the August 9, 2015 meeting of the Board of Directors;

WHEREAS, with the assistance of its financial and legal advisors, the Company has formulated corporate documents relating to the Third Amended Plan, including but not limited to, a merger agreement, backstop agreement, equity commitment letter, and guarantee (together, the "Merger Documents"), substantially in the form presented to the Company's Board of Directors in advance of the August 9, 2015, meeting of the Board of Directors;

WHEREAS, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, formulated that certain plan support agreement (the "Plan Support Agreement") and settlement agreement (the "Settlement Agreement") by and among the Company, certain of its affiliates, certain creditors, certain interest holders, and certain third parties,

Highly Confidential

EFH06004434

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

substantially in the form presented to the Company's Board of Directors in advance of the August 9, 2015 meeting of the Board of Directors;

WHEREAS, the Board of Directors has met, reviewed, and discussed the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, and consulted with the Company's advisors regarding the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and other documents necessary to obtain Bankruptcy Court approval of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement;

WHEREAS, the members of the Board of Directors that are disinterested (within the meaning of Sections 21.418 and 101.255 of the Texas Business Organizations Code (the "TBOC") or Company's governing documents, to the extent applicable) (the "Disinterested Directors") have reviewed the terms and conditions of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement and related documents and insofar as they relate to matters (the "Conflict Matters") that they have determined to involve an actual conflict of interest between the Company, on the one hand, and another Debtor, on the other hand, the resolution of which Conflict Matters has been delegated to the Disinterested Directors, the Disinterested Directors have discussed such Conflict Matters with their advisors and have approved such materials insofar as they relate to such Conflict Matters;

WHEREAS, the members of the Board of Directors have acknowledged that the material facts relating to the relationships or interests of other members of the Board of Directors with other companies and other material relationships in connection with the Third Amended Plan, contemplated by this resolution (including with respect to the releases contained therein) have been disclosed to them or are otherwise known to them, as contemplated by Sections 21.418 and 101.255 of the TBOC or the Company's governing documents, to the extent applicable;

WHEREAS, some members of the Board of Directors are members of the boards or employees or officers of other companies that are subject to, and would be released under, the terms of the Third Amended Plan and related documents;

WHEREAS, members of the Board of Directors are also subject to, and would be released under, the terms of the Third Amended Plan and related documents;

WHEREAS, on April 3, 2015, the members of the Board of Directors, pursuant to the Company's Amended and Restated Bylaws Section 14, delegated to a special committee of four directors, Billie I. Williamson, Donald L. Evans, John F. Young, and Arcilia C. Acosta (the "Special Committee"), who are not appointed by and/or employed or affiliated with Goldman, Sachs & Co., Kohlberg Kravis Roberts & Co. L.P., TPG Capital, L.P. (the "Sponsors"), the authority to review and decide whether to release the Company's alleged claims against the Sponsors (the "Alleged Claims") and resolved that any such determination shall be binding on the Company and the Company's subsidiaries;

WHEREAS, on April 10, 2015, the Special Committee approved the inclusion of the full release and discharge of the Alleged Claims against the Sponsors in the Plan;

WHEREAS, the full release and discharge of the Alleged Claims against the Sponsors remains unchanged in the Third Amended Plan;

WHEREAS, under the Third Amended Plan, Texas Competitive Electric Holdings Company LLC shall have an Allowed Claim (as defined in the Third Amended Plan) in the amount of $700 million against EFH Corp.;

WHEREAS, the Board of Directors reserves all rights in advance of, or after, any Bankruptcy Court filing to amend, supplement, or modify the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, as filed, in

Highly Confidential                                                                 EFH06004435

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

response to negotiations with the Debtors' key constituents or as otherwise determined by the Debtors, and as directed by the Disinterested Directors with respect to any Conflicts Matters; and

WHEREAS, in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company with the assistance of its advisors, complete the preparation of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, and other materials reviewed by the Board of Directors to further the Debtors' restructuring and the resolution of the Debtors' Chapter 11 Cases.

NOW, THEREFORE, BE IT,

RESOLVED, that the form, terms, and provisions of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, substantially in the form reviewed by each member of the Board of Directors, and the transactions contemplated thereby, are hereby approved, and that any officer of the Company, including the co-chief restructuring officers (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and all other papers or documents and to take any and all action that they deem necessary or proper to obtain confirmation of a plan materially consistent with the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and other materials reviewed by the Board of Directors.

RESOLVED, that all members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

RESOLVED, that in advance of filing an amendment, supplement, or modification to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, with the Bankruptcy Court, the Company must: (a) obtain approval from the Board of Directors (and, with respect to Conflict Matters, the Disinterested Directors) with respect to any material amendments, supplements, or modifications to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, and (b) for the avoidance of doubt, must provide any immaterial amendments, supplements, or modifications to the Board of Directors (and with respect to Conflicts Matters, the Disinterested Directors), for review and discussion, and obtain approval from the co-chief restructuring officers of the form, terms, and provisions of any such immaterial amendment, supplement, or modification before filing any such immaterial amendment, supplement, or modification to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement.

RESOLVED, that, consistent with the foregoing, each of the Authorized Officers of the Company be, and each are hereby authorized, empowered, and directed, together with the Company's advisors, to file all other papers and documents deemed necessary to confirm a plan materially consistent with the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, including, but not limited to, any amendments, supplements, and modifications to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, to the extent the Bankruptcy Court approves the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement.

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized

Highly Confidential                                                                                           EFH06004436

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized, empowered, and directed in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' reasonable business judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that all acts, transactions, agreements, and certificates relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by resolution of the Board of Directors.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized, empowered, and directed to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary, advisable, or desirable in such Authorized Officers' reasonable business judgment as may be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the transactions contemplated herein.

*EFIH*

Effective as of this 9th day of August, 2015, the members constituting a majority of the votes of a quorum of the board of managers (the "Board of Managers") of Energy Future Intermediate Holding Company LLC, a Delaware limited liability company (the "Company"), took the following actions and adopted the following resolutions:

WHEREAS, on April 29, 2014 (the "Petition Date"), the Company and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief (each such petition, a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, on April 14, 2015, with the assistance of its financial and legal advisors, the Company filed a joint plan of reorganization (the "Plan") to resolve outstanding claims against and equity interests in the Company and its affiliated Debtors, which included a settlement of inter-Debtor claims by the disinterested directors, as described in the *Declaration in Support – Statement of the Disinterested Directors of Debtor Energy Future Holdings Corp. Regarding Proposed Settlement of Conflict Matters as Part of Proposed Plan of Reorganization* [D.I. 4147], and a disclosure statement soliciting support for the Plan among the constituencies permitted to vote for the Plan under the Bankruptcy Code (the "Disclosure Statement");

WHEREAS, on July 23, 2015, with the assistance of its financial and legal advisors, the Company filed an amended Plan to resolve outstanding claims against and equity interests in the Company and its affiliated Debtors, and an amended Disclosure Statement soliciting support for the amended Plan among the constituencies permitted to vote for the Plan under the Bankruptcy Code (the "First Amended Plan" and "First Amended Disclosure Statement," respectively);

WHEREAS, on August 2, 2015, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, filed a further amended Plan (the "Second Amended Plan"), the current draft of which such Second Amended Plan was provided to the board of managers of the Company (the "Board of Managers") in advance of the August 2, 2015 meeting of

Highly Confidential                                                                                                      EFH06004437

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

the Board of Managers;

WHEREAS, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, has further amended the Plan (as may hereafter be amended, supplemented, or modified from time to time, the "Third Amended Plan") and related Disclosure Statement (as may hereafter be amended, supplemented, or modified from time to time, the "Second Amended Disclosure Statement") the current draft of which such Third Amended Plan and Second Amended Disclosure Statement was provided to the Board of Managers of the Company in advance of the August 9, 2015 meeting of the Board of Managers;

WHEREAS, with the assistance of its financial and legal advisors, the Company has formulated corporate documents relating to the Third Amended Plan, including but not limited to, a merger agreement, backstop agreement, equity commitment letter, and guarantee (together, the "Merger Documents"), substantially in the form presented to the Company's Board of Managers in advance of the August 9, 2015 meeting of the Board of Managers;

WHEREAS, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, formulated that certain plan support agreement (the "Plan Support Agreement") and settlement agreement (the "Settlement Agreement") by and among the Company, certain of its affiliates, certain creditors, certain interest holders, and certain third parties, substantially in the form presented to the Company's Board of Managers in advance of the August 9, 2015 meeting of the Board of Managers;

WHEREAS, the Board of Managers has met, reviewed, and discussed the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, and consulted with the Company's advisors regarding the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and other documents necessary to obtain Bankruptcy Court approval of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement;

WHEREAS, the member of the Board of Managers that is disinterested (within the meaning of Section 144 of the Delaware General Corporation Law (the "DGCL") or the Company's governing documents, to the extent applicable) (the "Disinterested Manager") has reviewed the terms and conditions of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement and related documents and insofar as they relate to matters (the "Conflict Matters") that he has determined to involve an actual conflict of interest between the Company, on the one hand, and another Debtor, on the other hand, the resolution of which Conflict Matters has been delegated to the Disinterested Manager, the Disinterested Manager has discussed such Conflict Matters with his advisors and has approved such materials insofar as they relate to such Conflict Matters;

WHEREAS, the members of the Board of Managers have acknowledged that the material facts relating to the relationships or interests of other members of the Board of Managers with other companies and other material relationships in connection with the Third Amended Plan, contemplated by this resolution (including with respect to the releases contained therein) have been disclosed to them or are otherwise known to them, as contemplated by Section 144 of the DGCL or the Company's governing documents, to the extent applicable;

WHEREAS, some members of the Board of Managers are members of the boards or employees or officers of other companies that are subject to, and would be released under, the terms of the Third Amended Plan and related documents;

WHEREAS, members of the Board of Managers are also subject to, and would be released under, the terms of the Third Amended Plan and related documents;

Highly Confidential                                                                                         EFH06004438

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

WHEREAS, on April 3, 2015, the members of the Board of Managers, pursuant to the Company's Fourth Amended and Restated Limited Liability Company Agreement Article 3, delegated to four managers, Hugh E. Sawyer, John F. Young, Paul M. Keglevic, and Arcilia C. Acosta (the "Special Committee"), who are not appointed by and/or employed or affiliated with Goldman, Sachs & Co., Kohlberg Kravis Roberts & Co. L.P., TPG Capital, L.P. (the "Sponsors"), the authority to review and decide whether to release the Company's alleged claims against the Sponsors (the "Alleged Claims") and resolved that any such determination shall be binding on the Company and the Company's subsidiaries;

WHEREAS, on April 9, 2015, the Special Committee approved the inclusion of the full release and discharge of the Alleged Claims against the Sponsors in the Plan;

WHEREAS, the full release and discharge of the Alleged Claims against the Sponsors remains unchanged in the Third Amended Plan;

WHEREAS, under the Third Amended Plan, Texas Competitive Electric Holdings Company LLC shall have an Allowed Claim (as defined in the Third Amended Plan) in the amount of $700 million against EFH Corp.;

WHEREAS, the Board of Managers reserves all rights in advance of, or after, any Bankruptcy Court filing to amend, supplement, or modify the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, as filed, in response to negotiations with the Debtors' key constituents or as otherwise determined by the Debtors, and Disinterested Manager with respect to any Conflicts Matters; and

WHEREAS, in the judgment of the Board of Managers, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company with the assistance of its advisors, complete the preparation of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and other materials reviewed by the Board of Managers to further the Debtors' restructuring and the resolution of the Debtors' Chapter 11 Cases.

NOW, THEREFORE, BE IT,

RESOLVED, that the form, terms, and provisions of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, substantially in the form reviewed by each member of the Board of Managers, and the transactions contemplated thereby, are hereby approved, and that any officer of the Company, including the co-chief restructuring officers (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and all other papers or documents, and to take any and all action that they deem necessary or proper to obtain confirmation of a plan materially consistent with the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and other materials reviewed by the Board of Managers.

RESOLVED, that all members of the Board of Managers of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

RESOLVED, that in advance of filing an amendment, supplement, or modification to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, with the Bankruptcy Court, the Company must: (a) obtain approval from the Board of Managers (and, with respect to Conflict Matters, the Disinterested Manager) with

Highly Confidential

EFH06004439

respect to any material amendments, supplements, or modifications to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, and (b) for the avoidance of doubt, must provide any immaterial amendments, supplements, or modifications to the Board of Managers (and with respect to Conflicts Matters, the Disinterested Manager), for review and discussion, and obtain approval from the co-chief restructuring officers of the form, terms, and provisions of any such immaterial amendment, supplement, or modification before filing any such immaterial amendment, supplement, or modification to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement.

RESOLVED, that, consistent with the foregoing, each of the Authorized Officers of the Company be, and each are hereby authorized, empowered, and directed, together with the Company's advisors, to file all other papers and documents deemed necessary to confirm a plan materially consistent with the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, including, but not limited to, any amendments, supplements, and modifications to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, to the extent the Bankruptcy Court approves the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement.

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized, empowered, and directed in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' reasonable business judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that all acts, transactions, agreements, and certificates relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by resolution of the Board of Managers.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized, empowered, and directed to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary, advisable, or desirable in such Authorized Officers' reasonable business judgment as may be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the transactions contemplated herein.

*TCEH*

Effective as of this 9th day of August, 2015, the members constituting a majority of the votes of a quorum of the board of managers (the "Board of Managers") of Texas Competitive Electric Holdings Company LLC, a Delaware limited liability company (the "Company"), took the following actions and adopted the following resolutions:

WHEREAS, on April 29, 2014 (the "Petition Date"), the Company and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief (each such petition, a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

(the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, on April 14, 2015, with the assistance of its financial and legal advisors, the Company filed a joint plan of reorganization (the "Plan") to resolve outstanding claims against and equity interests in the Company and its affiliated Debtors, which included a settlement of inter-Debtor claims by the disinterested directors as described in the *Declaration in Support − Statement of the Disinterested Directors of Debtor Energy Future Holdings Corp. Regarding Proposed Settlement of Conflict Matters as Part of Proposed Plan of Reorganization* [D.I. 4147], and a disclosure statement soliciting support for the Plan among the constituencies permitted to vote for the Plan under the Bankruptcy Code (the "Disclosure Statement");

WHEREAS, on July 23, 2015, with the assistance of its financial and legal advisors, the Company filed an amended Plan to resolve outstanding claims against and equity interests in the Company and its affiliated Debtors, and an amended Disclosure Statement soliciting support for the amended Plan among the constituencies permitted to vote for the Plan under the Bankruptcy Code (the "First Amended Plan" and "First Amended Disclosure Statement," respectively);

WHEREAS, on August 2, 2015, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, filed a further amended Plan (the "Second Amended Plan"), the current draft of which such Second Amended Plan was provided to the board of managers of the Company (the "Board of Managers") in advance of the August 2, 2015 meeting of the Board of Managers;

WHEREAS, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, has further amended the Plan (as may hereafter be amended, supplemented, or modified from time to time, the "Third Amended Plan") and related Disclosure Statement (as may hereafter be amended, supplemented, or modified from time to time, the "Second Amended Disclosure Statement") the current draft of which such Third Amended Plan and Second Amended Disclosure Statement was provided to the Board of Managers of the Company in advance of the August 9, 2015 meeting of the Board of Managers;

WHEREAS, with the assistance of its financial and legal advisors, the Company has formulated corporate documents relating to the Third Amended Plan, including but not limited to, a merger agreement, backstop agreement, equity commitment letter, and guarantee (together, the "Merger Documents"), substantially in the form presented to the Company's Board of Managers in advance of the August 9, 2015 meeting of the Board of Managers;

WHEREAS, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, formulated that certain plan support agreement (the "Plan Support Agreement") and settlement agreement (the "Settlement Agreement") by and among the Company, certain of its affiliates, certain creditors, certain interest holders, and certain third parties, substantially in the form presented to the Company's Board of Managers in advance of the August 9, 2015 meeting of the Board of Managers;

WHEREAS, the Board of Managers has met, reviewed, and discussed the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, and consulted with the Company's advisors regarding the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and other documents necessary to obtain Bankruptcy Court approval of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement;

WHEREAS, the member of the Board of Managers that is disinterested (within the meaning of Section 144 of the Delaware General Corporation Law (the "DGCL") or the Company's governing documents, to the extent applicable) (the "Disinterested Manager") has reviewed the terms and

Highly Confidential

EFH06004441

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

conditions of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement and related documents and insofar as they relate to matters (the "Conflict Matters") that he has determined to involve an actual conflict of interest between the Company, on the one hand, and another Debtor, on the other hand, the resolution of which Conflict Matters has been delegated to the Disinterested Manager, the Disinterested Manager has discussed such Conflict Matters with his advisors and has approved such materials insofar as they relate to such Conflict Matters;

WHEREAS, the members of the Board of Managers have acknowledged that the material facts relating to the relationships or interests of other members of the Board of Managers with other companies and other material relationships in connection with the Third Amended Plan, contemplated by this resolution (including with respect to the releases contained therein) have been disclosed to them or are otherwise known to them, as contemplated by Section 144 of the DGCL or the Company's governing documents, to the extent applicable;

WHEREAS, some members of the Board of Managers are members of the boards or employees or officers of other companies that are subject to, and would be released under, the terms of the Third Amended Plan and related documents;

WHEREAS, members of the Board of Managers are also subject to, and would be released under, the terms of the Third Amended Plan and related documents;

WHEREAS, on April 3, 2015, the members of the Board of Managers, pursuant to the Company's Fourth Amended and Restated Limited Liability Company Agreement Article 3, delegated to four managers, Hugh E. Sawyer, John F. Young, Paul M. Keglevic, and Arcilia C. Acosta (the "Special Committee"), who are not appointed by and/or employed or affiliated with Goldman, Sachs & Co., Kohlberg Kravis Roberts & Co. L.P., TPG Capital, L.P. (the "Sponsors"), the authority to review and decide whether to release the Company's alleged claims against the Sponsors (the "Alleged Claims") and resolved that any such determination shall be binding on the Company and the Company's subsidiaries;

WHEREAS, on April 9, 2015, the Special Committee approved the inclusion of the full release and discharge of the Alleged Claims against the Sponsors in the Plan;

WHEREAS, the full release and discharge of the Alleged Claims against the Sponsors remains unchanged in the Third Amended Plan;

WHEREAS, under the Third Amended Plan, Texas Competitive Electric Holdings Company LLC shall have an Allowed Claim (as defined in the Third Amended Plan) in the amount of $700 million against EFH Corp.;

WHEREAS, the Board of Managers reserves all rights in advance of, or after, any Bankruptcy Court filing to amend, supplement, or modify the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, as filed, in response to negotiations with the Debtors' key constituents or as otherwise determined by the Debtors, and Disinterested Manager with respect to any Conflicts Matters; and

WHEREAS, in the judgment of the Board of Managers, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company with the assistance of its advisors, complete the preparation of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and other materials reviewed by the Board of Managers to further the Debtors' restructuring and the resolution of the Debtors' Chapter 11 Cases.

NOW, THEREFORE, BE IT,

RESOLVED, that the form, terms, and provisions of the Third Amended Plan, Second Amended

Highly Confidential

EFH06004442

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, substantially in the form reviewed by each member of the Board of Managers, and the transactions contemplated thereby, are hereby approved, and that any officer of the Company, including the co-chief restructuring officers (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and all other papers or documents, and to take any and all action that they deem necessary or proper to obtain confirmation of a plan materially consistent with the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and other materials reviewed by the Board of Managers.

RESOLVED, that all members of the Board of Managers of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

RESOLVED, that in advance of filing an amendment, supplement, or modification to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, with the Bankruptcy Court, the Company must: (a) obtain approval from the Board of Managers (and, with respect to Conflict Matters, the Disinterested Manager) with respect to any material amendments, supplements, or modifications to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, and (b) for the avoidance of doubt, must provide any immaterial amendments, supplements, or modifications to the Board of Managers (and with respect to Conflicts Matters, the Disinterested Manager), for review and discussion, and obtain approval from the co-chief restructuring officers of the form, terms, and provisions of any such immaterial amendment, supplement, or modification before filing any such immaterial amendment, supplement, or modification to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement.

RESOLVED, that, consistent with the foregoing, each of the Authorized Officers of the Company be, and each are hereby authorized, empowered, and directed, together with the Company's advisors, to file all other papers and documents deemed necessary to confirm a plan materially consistent with the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, including, but not limited to, any amendments, supplements, and modifications to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, to the extent the Bankruptcy Court approves the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement.

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized, empowered, and directed in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' reasonable business judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that all acts, transactions, agreements, and certificates relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and

Highly Confidential

EFH06004443

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by resolution of the Board of Managers.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized, empowered, and directed to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary, advisable, or desirable in such Authorized Officers' reasonable business judgment as may be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the transactions contemplated herein.

*EFCH*

Effective as of this 9th day of August, 2015, the members constituting a majority of the votes of a quorum of the board of managers (the "Board of Managers") of Energy Future Competitive Holdings Company LLC, a Delaware limited liability company (the "Company"), took the following actions and adopted the following resolutions:

WHEREAS, on April 29, 2014 (the "Petition Date"), the Company and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief (each such petition, a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, on April 14, 2015, with the assistance of its financial and legal advisors, the Company filed a joint plan of reorganization (the "Plan") to resolve outstanding claims against and equity interests in the Company and its affiliated Debtors, which included a settlement of inter-Debtor claims by the disinterested directors as described in the *Declaration in Support -- Statement of the Disinterested Directors of Debtor Energy Future Holdings Corp. Regarding Proposed Settlement of Conflict Matters as Part of Proposed Plan of Reorganization* [D.I. 4147], and a disclosure statement soliciting support for the Plan among the constituencies permitted to vote for the Plan under the Bankruptcy Code (the "Disclosure Statement");

WHEREAS, on July 23, 2015, with the assistance of its financial and legal advisors, the Company filed an amended Plan to resolve outstanding claims against and equity interests in the Company and its affiliated Debtors, and an amended Disclosure Statement soliciting support for the amended Plan among the constituencies permitted to vote for the Plan under the Bankruptcy Code (the "First Amended Plan" and "First Amended Disclosure Statement," respectively);

WHEREAS, on August 2, 2015, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, filed a further amended Plan (the "Second Amended Plan"), the current draft of which such Second Amended Plan was provided to the board of managers of the Company (the "Board of Managers") in advance of the August 2, 2015 meeting of the Board of Managers;

WHEREAS, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, has further amended the Plan (as may hereafter be amended, supplemented, or modified from time to time, the "Third Amended Plan") and related Disclosure Statement (as may hereafter be amended, supplemented, or modified from time to time, the "Second Amended Disclosure Statement") the current draft of which such Third Amended Plan and Second Amended Disclosure Statement was provided to the Board of Managers of the Company in advance of the August 9, 2015 meeting of the Board of Managers;

WHEREAS, with the assistance of its financial and legal advisors, the Company has formulated corporate documents relating to the Third Amended Plan, including but not limited to, a merger

Highly Confidential                                                                                        EFH06004444

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

agreement, backstop agreement, equity commitment letter, and guarantee (together, the "Merger Documents"), substantially in the form presented to the Company's Board of Managers in advance of the August 9, 2015 meeting of the Board of Managers;

WHEREAS, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, formulated that certain plan support agreement (the "Plan Support Agreement") and settlement agreement (the "Settlement Agreement") by and among the Company, certain of its affiliates, certain creditors, certain interest holders, and certain third parties, substantially in the form presented to the Company's Board of Managers in advance of the August 9, 2015 meeting of the Board of Managers;

WHEREAS, the Board of Managers has met, reviewed, and discussed the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, and consulted with the Company's advisors regarding the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and other documents necessary to obtain Bankruptcy Court approval of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement;

WHEREAS, the member of the Board of Managers that is disinterested (within the meaning of Section 144 of the Delaware General Corporation Law (the "DGCL") or the Company's governing documents, to the extent applicable) (the "Disinterested Manager") has reviewed the terms and conditions of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement and related documents and insofar as they relate to matters (the "Conflict Matters") that he has determined to involve an actual conflict of interest between the Company, on the one hand, and another Debtor, on the other hand, the resolution of which Conflict Matters has been delegated to the Disinterested Manager, the Disinterested Manager has discussed such Conflict Matters with his advisors and has approved such materials insofar as they relate to such Conflict Matters;

WHEREAS, the members of the Board of Managers have acknowledged that the material facts relating to the relationships or interests of other members of the Board of Managers with other companies and other material relationships in connection with the Third Amended Plan, contemplated by this resolution (including with respect to the releases contained therein) have been disclosed to them or are otherwise known to them, as contemplated by Section 144 of the DGCL or the Company's governing documents, to the extent applicable;

WHEREAS, some members of the Board of Managers are members of the boards or employees or officers of other companies that are subject to, and would be released under, the terms of the Third Amended Plan and related documents;

WHEREAS, members of the Board of Managers are also subject to, and would be released under, the terms of the Third Amended Plan and related documents;

WHEREAS, on April 3, 2015, the members of the Board of Managers, pursuant to the Company's Limited Liability Company Agreement Article II Section 2.1, delegated to four managers, Hugh E. Sawyer, John F. Young, Paul M. Keglevic, and Arcilia C. Acosta (the "Special Committee"), who are not appointed by and/or employed or affiliated with Goldman, Sachs & Co., Kohlberg Kravis Roberts & Co. L.P., TPG Capital, L.P. (the "Sponsors"), the authority to review and decide whether to release the Company's alleged claims against the Sponsors (the "Alleged Claims") and resolved that any such determination shall be binding on the Company and the Company's subsidiaries;

WHEREAS, on April 9, 2015, the Special Committee approved the inclusion of the full release and discharge of the Alleged Claims against the Sponsors in the Plan;

WHEREAS, the full release and discharge of the Alleged Claims against the Sponsors remains

Highly Confidential                                                                                                  EFH06004445

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

unchanged in the Third Amended Plan;

WHEREAS, under the Third Amended Plan, Texas Competitive Electric Holdings Company LLC shall have an Allowed Claim (as defined in the Third Amended Plan) in the amount of $700 million against EFH Corp.;

WHEREAS, the Board of Managers reserves all rights in advance of, or after, any Bankruptcy Court filing to amend, supplement, or modify the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, as filed, in response to negotiations with the Debtors' key constituents or as otherwise determined by the Debtors, and Disinterested Manager with respect to any Conflicts Matters; and

WHEREAS, in the judgment of the Board of Managers, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company with the assistance of its advisors, complete the preparation of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and other materials reviewed by the Board of Managers to further the Debtors' restructuring and the resolution of the Debtors' Chapter 11 Cases.

NOW, THEREFORE, BE IT,

RESOLVED, that the form, terms, and provisions of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, substantially in the form reviewed by each member of the Board of Managers, and the transactions contemplated thereby, are hereby approved, and that any officer of the Company, including the co-chief restructuring officers (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and all other papers or documents, and to take any and all action that they deem necessary or proper to obtain confirmation of a plan materially consistent with the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and other materials reviewed by the Board of Managers.

RESOLVED, that all members of the Board of Managers of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

RESOLVED, that in advance of filing an amendment, supplement, or modification to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, with the Bankruptcy Court, the Company must: (a) obtain approval from the Board of Managers (and, with respect to Conflict Matters, the Disinterested Manager) with respect to any material amendments, supplements, or modifications to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, and (b) for the avoidance of doubt, must provide any immaterial amendments, supplements, or modifications to the Board of Managers (and with respect to Conflicts Matters, the Disinterested Manager), for review and discussion, and obtain approval from the co-chief restructuring officers of the form, terms, and provisions of any such immaterial amendment, supplement, or modification before filing any such immaterial amendment, supplement, or modification to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement.

RESOLVED, that, consistent with the foregoing, each of the Authorized Officers of the Company be, and each are hereby authorized, empowered, and directed, together with the Company's advisors, to file all other papers and documents deemed necessary to confirm a plan materially consistent with

Highly Confidential

EFH06004446

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, including, but not limited to, any amendments, supplements, and modifications to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, to the extent the Bankruptcy Court approves the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement.

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized, empowered, and directed in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' reasonable business judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that all acts, transactions, agreements, and certificates relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by resolution of the Board of Managers.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized, empowered, and directed to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary, advisable, or desirable in such Authorized Officers' reasonable business judgment as may be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the transactions contemplated herein.

*TCEH Finance*

Effective as of this 9th day of August, 2015, the members constituting a majority of the votes of a quorum of the board of directors (the "Board of Directors") of TCEH Finance, Inc., a Delaware corporation (the "Company"), took the following actions and adopted the following resolutions:

WHEREAS, on April 29, 2014 (the "Petition Date"), the Company and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief (each such petition, a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, on April 14, 2015, with the assistance of its financial and legal advisors, the Company filed a joint plan of reorganization (the "Plan") to resolve outstanding claims against and equity interests in the Company and its affiliated Debtors, and a disclosure statement soliciting support for the Plan among the constituencies permitted to vote for the Plan under the Bankruptcy Code (the "Disclosure Statement");

WHEREAS, on July 23, 2015, with the assistance of its financial and legal advisors, the Company filed an amended Plan to resolve outstanding claims against and equity interests in the Company and its affiliated Debtors, and an amended Disclosure Statement soliciting support for the amended Plan among the constituencies permitted to vote for the Plan under the Bankruptcy Code (the "First Amended Plan" and "First Amended Disclosure Statement," respectively);

Highly Confidential

EFH06004447

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

WHEREAS, on August 2, 2015, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, filed a further amended Plan (the "Second Amended Plan"), the current draft of which such Second Amended Plan was provided to the board of directors of the Company (the "Board of Directors") in advance of the August 2, 2015 meeting of the Board of Directors;

WHEREAS, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, has further amended the Plan (as may hereafter be amended, supplemented, or modified from time to time, the "Third Amended Plan") and related Disclosure Statement (as may hereafter be amended, supplemented, or modified from time to time, the "Second Amended Disclosure Statement") the current draft of which such Third Amended Plan and Second Amended Disclosure Statement was provided to the Board of Directors of the Company in advance of the August 9, 2015 meeting of the Board of Directors;

WHEREAS, with the assistance of its financial and legal advisors, the Company has formulated corporate documents relating to the Third Amended Plan, including but not limited to, a merger agreement, backstop agreement, equity commitment letter, and guarantee (together, the "Merger Documents"), substantially in the form presented to the Company's Board of Directors in advance of the August 9, 2015 meeting of the Board of Directors;

WHEREAS, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, formulated that certain plan support agreement (the "Plan Support Agreement") and settlement agreement (the "Settlement Agreement") by and among the Company, certain of its affiliates, certain creditors, certain interest holders, and certain third parties, substantially in the form presented to the Company's Board of Directors in advance of the August 9, 2015 meeting of the Board of Directors;

WHEREAS, the Board of Directors has met, reviewed, and discussed the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, and consulted with the Company's advisors regarding the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and other documents necessary to obtain Bankruptcy Court approval of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement;

WHEREAS, some members of the Board of Directors are members of the boards or employees or officers of other companies that are subject to, and would be released under, the terms of the Third Amended Plan and related documents;

WHEREAS, members of the Board of Directors are also subject to, and would be released under, the terms of the Third Amended Plan and related documents;

WHEREAS, the members of the Board of Directors have acknowledged that the material facts relating to the relationships or interests of other members of the Board of Directors with other companies and other material relationships in connection with the Third Amended Plan, contemplated by this resolution (including with respect to the releases contained therein) have been disclosed to them or are otherwise known to them, as contemplated by Section 144 of the Delaware General Corporation Law or the Company's governing documents, to the extent applicable;

WHEREAS, the Board of Directors reserves all rights in advance of, or after, any Bankruptcy Court filing to amend, supplement, or modify the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, as filed, in response to negotiations with the Debtors' key constituents or as otherwise determined by the Debtors; and

WHEREAS, in the judgment of the Board of Directors, it is desirable and in the best interests of the

Highly Confidential

EFH06004448

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

Company, its creditors, and other parties in interest, that the Company with the assistance of its advisors, complete the preparation of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and other materials reviewed by the Board of Directors to further the Debtors' restructuring and the resolution of the Debtors' Chapter 11 Cases.

NOW, THEREFORE, BE IT,

RESOLVED, that the form, terms, and provisions of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, substantially in the form reviewed by each member of the Board of Directors, and the transactions contemplated thereby, are hereby approved, and that any officer of the Company, including the co-chief restructuring officers (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement,  and all other papers or documents, and to take any and all action that they deem necessary or proper to obtain confirmation of a plan materially consistent with the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and other materials reviewed by the Board of Directors.

RESOLVED, that all members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

RESOLVED, that in advance of filing an amendment, supplement, or modification to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, with the Bankruptcy Court, the Company must: (a) obtain approval from the Board of Directors with respect to any material amendments, supplements, or modifications to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, and (b) for the avoidance of doubt, must provide any immaterial amendments, supplements, or modifications to the Board of Directors, for review and discussion, and obtain approval from the co-chief restructuring officers of the form, terms, and provisions of any such immaterial amendment, supplement, or modification before filing any such immaterial amendment, supplement, or modification to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement.

RESOLVED, that, consistent with the foregoing, each of the Authorized Officers of the Company be, and each are hereby authorized, empowered, and directed, together with the Company's advisors, to file all other papers and documents deemed necessary to confirm a plan materially consistent with the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, including, but not limited to, any amendments, supplements, and modifications to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, to the extent the Bankruptcy Court approves the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement.

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized, empowered, and directed in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' reasonable business judgment, shall be necessary, advisable or desirable in order to fully

Highly Confidential                                                                                                                                    EFH06004449

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that all acts, transactions, agreements, and certificates relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by resolution of the Board of Directors.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized, empowered, and directed to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary, advisable, or desirable in such Authorized Officers' reasonable business judgment as may be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the transactions contemplated herein.

### EFIH Finance

Effective as of this 9th day of August, 2015, the members constituting a majority of the votes of a quorum of the board of directors (the "Board of Directors") of EFIH FINANCE INC., a Delaware corporation (the "Company"), took the following actions and adopted the following resolutions:

WHEREAS, on April 29, 2014 (the "Petition Date"), the Company and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief (each such petition, a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, on April 14, 2015, with the assistance of its financial and legal advisors, the Company filed a joint plan of reorganization (the "Plan") to resolve outstanding claims against and equity interests in the Company and its affiliated Debtors, and a disclosure statement soliciting support for the Plan among the constituencies permitted to vote for the Plan under the Bankruptcy Code (the "Disclosure Statement");

WHEREAS, on July 23, 2015, with the assistance of its financial and legal advisors, the Company filed an amended Plan to resolve outstanding claims against and equity interests in the Company and its affiliated Debtors, and an amended Disclosure Statement soliciting support for the amended Plan among the constituencies permitted to vote for the Plan under the Bankruptcy Code (the "First Amended Plan" and "First Amended Disclosure Statement," respectively);

WHEREAS, on August 2, 2015, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, filed a further amended Plan (the "Second Amended Plan"), the current draft of which such Second Amended Plan was provided to the board of directors of the Company (the "Board of Directors") in advance of the August 2, 2015 meeting of the Board of Directors;

WHEREAS, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, has further amended the Plan (as may hereafter be amended, supplemented, or modified from time to time, the "Third Amended Plan") and related Disclosure Statement (as may hereafter be amended, supplemented, or modified from time to time, the "Second Amended Disclosure Statement") the current draft of which such Third Amended Plan and Second Amended Disclosure Statement was provided to the Board of Directors of the Company in advance of the August 9, 2015 meeting of the Board of Directors;

WHEREAS, with the assistance of its financial and legal advisors, the Company has formulated

Highly Confidential

EFH06004450

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

corporate documents relating to the Third Amended Plan, including but not limited to, a merger agreement, backstop agreement, equity commitment letter, and guarantee (together, the "Merger Documents"), substantially in the form presented to the Company's Board of Directors in advance of the August 9, 2015 meeting of the Board of Directors;

WHEREAS, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, formulated that certain plan support agreement (the "Plan Support Agreement") and settlement agreement (the "Settlement Agreement") by and among the Company, certain of its affiliates, certain creditors, certain interest holders, and certain third parties, substantially in the form presented to the Company's Board of Directors in advance of the August 9, 2015 meeting of the Board of Directors;

WHEREAS, the Board of Directors has met, reviewed, and discussed the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, and consulted with the Company's advisors regarding the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and other documents necessary to obtain Bankruptcy Court approval of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement;

WHEREAS, some members of the Board of Directors are members of the boards or employees or officers of other companies that are subject to, and would be released under, the terms of the Third Amended Plan and related documents;

WHEREAS, members of the Board of Directors are also subject to, and would be released under, the terms of the Third Amended Plan and related documents;

WHEREAS, the members of the Board of Directors have acknowledged that the material facts relating to the relationships or interests of other members of the Board of Directors with other companies and other material relationships in connection with the Third Amended Plan, contemplated by this resolution (including with respect to the releases contained therein) have been disclosed to them or are otherwise known to them, as contemplated by Section 144 of the Delaware General Corporation Law or the Company's governing documents, to the extent applicable;

WHEREAS, the Board of Directors reserves all rights in advance of, or after, any Bankruptcy Court filing to amend, supplement, or modify the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, as filed, in response to negotiations with the Debtors' key constituents or as otherwise determined by the Debtors; and

WHEREAS, in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company with the assistance of its advisors, complete the preparation of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and other materials reviewed by the Board of Directors to further the Debtors' restructuring and the resolution of the Debtors' Chapter 11 Cases.

NOW, THEREFORE, BE IT,

RESOLVED, that the form, terms, and provisions of the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, substantially in the form reviewed by each member of the Board of Directors, and the transactions contemplated thereby, are hereby approved, and that any officer of the Company, including the co-chief restructuring officers (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company the Third Amended Plan, Second Amended Disclosure Statement,

Highly Confidential

EFH06004451

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

Merger Documents, Settlement Agreement, Plan Support Agreement, and all other papers or documents, and to take any and all action that they deem necessary or proper to obtain confirmation of a plan materially consistent with the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, Plan Support Agreement, and other materials reviewed by the Board of Directors.

RESOLVED, that all members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

RESOLVED, that in advance of filing an amendment, supplement, or modification to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, with the Bankruptcy Court, the Company must: (a) obtain approval from the Board of Directors with respect to any material amendments, supplements, or modifications to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, and (b) for the avoidance of doubt, must provide any immaterial amendments, supplements, or modifications to the Board of Directors, for review and discussion, and obtain approval from the co-chief restructuring officers of the form, terms, and provisions of any such immaterial amendment, supplement, or modification before filing any such immaterial amendment, supplement, or modification to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement.

RESOLVED, that, consistent with the foregoing, each of the Authorized Officers of the Company be, and each are hereby authorized, empowered, and directed, to file all other papers and documents deemed necessary to confirm a plan materially consistent with the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, including, but not limited to, any amendments, supplements, and modifications to the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement, to the extent the Bankruptcy Court approves the Third Amended Plan, Second Amended Disclosure Statement, Merger Documents, Settlement Agreement, and Plan Support Agreement.

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized, empowered, and directed in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' reasonable business judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that all acts, transactions, agreements, and certificates relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by resolution of the Board of Directors.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized, empowered, and directed to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary, advisable, or desirable in such Authorized Officers' reasonable business judgment as may be necessary, advisable, or desirable in

Highly Confidential                                                                                                          EFH06004452

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

order to fully carry out the intent and accomplish the purposes of the transactions contemplated herein.

There being no further business to come before the meeting, it was adjourned at 7:09 p.m.

_Jeffrey J. Walker_
Secretary

Highly Confidential

EFH06004453