IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 |
| | § | |
| ENERGY FUTURE HOLDINGS, CORP., *et al.,* | § | Case No. 14-10979 (CSS) |
| | § | |
| | § | |
| Debtor | § | (Jointly Administered) |

AMENDED OBJECTION OF CERTAIN TEXAS TAXING ENTITIES TO CONFIRMATION
OF FIFTH AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE
HOLDINGS CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE
(RELATES TO DOCKET NO. 6122)

TO THE HONORABLE CHRISTOPHER S. SONTCHI:
UNITED STATES BANKRUPTCY JUDGE:

NOW COME, City of River Oaks, Castleberry Independent School District, Eagle Mountain-

Saginaw Independent School District, Everman Independent School District, Crowley

Independent School District, Mansfield Independent School District, Arlington Independent

School District, City of Benbrook, Carroll Independent School District, City of Grapevine,

Grapevine-Colleyville Independent School District, Town of Pantego, City of Cleburne,

Cleburne Independent School District, City of Joshua, Joshua Independent School District,

Burleson Independent School District, Johnson County/Hill College, Nolan County, Wes Tex

Groundwater, Nolan County Hospital, Highland Independent School District, City of

Sweetwater, Sweetwater Independent School District, Blackwell Independent School District,

City of Roscoe, Roscoe ISD, Valwood, Richardson Independent School District, City of

Garland, Garland Independent School District, Palo Pinto County, City of Mineral Wells,

Mineral Wells Independent School District, Forney Independent School District,  Blue Ridge

Independent School District, Wylie Independent School District, City of Highland Village,

Bonham Independent School District, Whiteboro Independent School District, Mitchell County,

1

Colorado Independent School District, Westbrook Independent School District, Lone Wolf Ground Water Dist, Somervell County, Somervell CO Water Imprv Dist, Glen Rose Independent School District, Somervell Hospital Dist, City of Glen Rose, Archer City Independent School District, Baylor County, Bowie Independent School District, Burkburnett Independent School District, City View Independent School District, Cooke CAD, Iowa Park Independent School District, Wichita Co, Young CAD, Panola County, Tyler Independent School District, Commerce Independent School District, Greenville Independent School District, City of Greenville, Houston County Tax Office, Hudson Independent School District, Zavalla Independent School District, Nacogdoches CAD, Childress Central Appraisal District, Cameron Independent School District, Buckholts Independent School District, Thorndale Independent School District, and Copperas Cove Independent School District (the "Texas Ad Valorem Taxing Jurisdictions"), and file their Amended Objection to the Confirmation of the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al. ("Plan")(Doc. No. 6122), on the following grounds:

1.  This Amended Objection is filed to correct claim amounts set forth in the original Objection filed on October 23, 2015 (Doc. No. 6608).

2.  It appears that the claims of the Certain Texas Taxing Entities are included in the class of claims described as General Administrative Claims under the Plan.

3.  The claims of the undersigned are impaired under the Plan, and the Certain Texas Taxing Entities have not accepted the Plan within the time fixed to do so.

4.   These claims arise from ad valorem property taxes for the 2014 and 2015 tax years on the Debtors' property generally described as personal property, real property and minerals located within the Certain Texas Taxing Entities. The Certain Texas Taxing Entities are required to levy ad valorem taxes on all taxable property within their boundaries in order to discharge their statutory

duties under Texas law.  On January 1, 2014 and 2015, personal liability arose and a statutory liens attached for the 2014 and 2015 tax years.  Texas Property Tax Code Section 32.01(a).  There are currently taxes due for the 2014 tax year in the approximate amount of $331,000.43[1] and for the 2015 tax year in the approximate aggregate amount of $39,927,708.68 to the Certain Texas Taxing Entities.  The laws of the State of Texas Property Tax Code, Section 32.05(b), give the tax liens securing these property taxes superior claim over any other claim or lien against this property. This state priority for tax liens is retained in the Bankruptcy Code giving this claim a superior position over all other claims against this property.  Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987), 11 USC § 506; Universal Seismic Associates, Inc., 288 F.3d 205 (5th Cir. 2002); In Re Winn's Stores, Inc.; 177 B.R. 253 (Bktcy W.D. Tex 1995).

5.   The Plan provisions which deal with the pre- and post-petition secured claims of the Certain Texas Taxing Entities  fail to provide fair and equitable treatment to these secured claims as required by 1129(b)(1) and (2)(A) in that:

     a.   Article II(A)(1) of the Plan which treats general administrative claims requires holders of such claims to file a request for payment within 30 days of the Effective Date.   Section 503(b)(1)(D) specifically states that governments entities shall not be required to file a request for payment.

     b.   Article II(A)(1) further requires the Reorganized Debtors to pay General Administrative Claims either (1) on the Effective Date; (2) if the claim is not allowed on the Effective Date within 60 days of the Effective Date; or (3) in the ordinary course if the claim arose post-petition in the ordinary course of business.   The claims of the Texas Ad Valorem Taxing Jurisdictions arguably fall within the classification of claims that arose post-petition and at the Reorganized Debtor's choice be paid in the ordinary course. The ordinary course as to taxes means that the taxes shall be paid

---

[1] Included in this amount is a secured pre-petition claim in the approximate amount of $311,646.54 filed by Somervell County filed based on a failure to render penalty under Section 22.28(a) of the Texas Property Tax Code.

3

by January 31, 2016 as provided by Section 31.02(a) of the Texas Property Tax Code.

Article IV(H) of the Plan states that all assets of the Estate shall vest in the Reorganized Debtor on the Effective Date free and clear of liens. If the Reorganized Debtor chooses to not pay the 2014 or the 2015 property taxes on the Effective Date the 2014 and 2015 tax liens should remain in full force and effect until the taxes, as well as any penalties or interest that may accrue under Texas law, have been paid in full.

c.  Article VI(H) of the Plan provides that no claims are entitled to post-petition interest.  In the event the Reorganized Debtors fail to the pay the 2015 taxes before January 31, 2016, the Texas Ad Valorem Taxing Jurisdictions are entitled to penalty and interest as provided under Texas law.

d.  The Certain Texas Taxing Entities object to the confirmation of the Plan as to their secured pre-petition claims to the extent it fails to:

i)  provide for the payment as required under 11 U.S.C. §1129(a)(C) and (D),

ii)  provide for the retention of their tax liens,

iii)  provide for the payment of interest at the applicable non-bankruptcy rate,

iv)  provide that they are entitled to exercise their remedies in state court under Texas law in the event of default and failure to cure upon reasonable notice, and

v)  provide for their payment prior to the payment of any claims of lower priority.

WHEREFORE, the Certain Texas Taxing Entities object to confirmation of the Plan due to noncompliance with the provisions of § 1129(b)(1) and (2)(A) of the Bankruptcy Code, and further request other and such relief as is just and proper.

4

Dated:  October 26, 2015

Respectfully submitted,

PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.
Attorneys for Certain Texas Taxing Entities
1235 North Loop West, Suite 600
Houston, Texas 77008
(713) 862-1860 (phone)
(713) 862-1429 (fax)

*/s/ Owen M. Sonik*
Owen M. Sonik
Texas State Bar No. 18847250
Elizabeth Banda Calvo
Texas State Bar No.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of October, 2015, I sent a true and correct copy of the above and foregoing Amended Objection to Confirmation of the Debtors' 5th Amended Chapter 11 Plan to the following parties by the following means:

*/s/ Owen M. Sonik*
Owen M. Sonik

**CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION**

**RICHARDS, LAYTON & FINGER, P.A.**

| | |
|---|---|
| Mark D. Collins, whose email address is: | collins@rlf.com |
| Daniel J. DeFranceschi, whose email address: | defranceschi@rlf.com |
| Jason M. Madron, whose email address is: | madron@rlf.com |

**KIRKLAND & ELLIS LLP**

**KIRKLAND & ELLIS INTERNATIONAL LLP**

| | |
|---|---|
| Edward O. Sassower, whose email address is: | edward.sassower@kirkland.com |
| Stephen E. Hessler, whose email address is: | stepehen.hessler@kirkland.com |
| Brian E. Schartz, whose email address is: | brian.schartz@kirkland.com |
| James H. M. Sprayregen, whose email address is: | james.sprayregen@kirkland.com |
| Marc Kieselstein, whose email address is: | marc.kieselstein@kirkland.com |
| Chad J. Husnick, whose email address is: | chad.husnick@kirkland.com |
| Steven N. Serajeddini, whose email address is: | steven.serajeddini@kirkland.com |