UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | Hearing Date: Nov. 3, 2015, 11.00 a.m. |
| | ) | Obj. Response Deadline: Oct. 27, 2015 |
| | ) | Related Docket No. 6544, 6122 |

### OBJECTION OF CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS TO PROPOSED CURE AMOUNTS IN PLAN SUPPLEMENT

COMES NOW Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), by and through its undersigned attorneys, and in support of its objection to a certain proposed cure amount set forth in the List of Executory Contracts and Unexpired Leases to be Assumed by Reorganized Debtors on the Effective Date, filed on October 20, 2015 as Exhibit C of the Plan Supplement for the Joint Plan of Reorganization of Energy Future Holdings Corp*., et al.,* Pursuant to Chapter 11 of the Bankruptcy Code [Doc. No. 6544] (the "Plan Supplement"), states as follows:

### INTRODUCTION

Verizon Wireless delivers wireless telecommunications solutions to Energy Future Holdings Corp., *et al.* (the "Debtors") pursuant to a telecommunications service agreement. The Debtors seek to establish the cure amount for assuming the agreement through the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.,* Pursuant to Chapter 11 of the Bankruptcy Code [Doc. No. 6122] (the "Plan"). Although Verizon Wireless

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these Chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

CORE/0048629.0698/111049434.1
ME1 21375351v.1

does not generally oppose assumption of the agreement, it objects to such assumption to the extent that the proposed total cure amount fails to satisfy all existing defaults under the agreement in accordance with 11 U.S.C. § 365(b).

## FACTS

1. On April 29, 2014 ("Petition Date"), the Debtors filed voluntary petitions for relief with this Court under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 - 1532.

2. Prior to the Petition Date, Verizon Wireless provided wireless telecommunications services to the Debtors pursuant to a service agreement (with all exhibits, schedules, supplements and amendments, the "Agreement"). After the Petition Date, Verizon Wireless continued providing wireless telecommunications services to the Debtors.

3. On October 17, 2014, Verizon Wireless timely filed a proof of claim on behalf of itself and certain other Verizon entities against Debtor Energy Future Holdings Corp. This claim was designated as Claim No. 6264 by the Debtors' Claims and Noticing Agent, Epiq Bankruptcy Solutions.[2]

4. The amount due Verizon Wireless for pre-petition services provided to the Debtors as reflected in Claim No. 6264 is $37,085.64.

5. On October 20, 2015, the Debtors filed the Plan Supplement. Included as Exhibit C of the Plan Supplement is a List of Executory Contracts and Unexpired Leases to be Assumed by Reorganized Debtors on the Effective Date ("Assumption List").

---

[2] On August 17, 2015, Debtors filed the Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 ("Twenty-Eighth Omnibus Objection") [Dkt. No. 5373]. Claim No. 6264 was included in the Twenty-Eighth Omnibus Objection. Verizon Wireless filed a response to the Twenty-Eighth Omnibus Objection [Dkt. No. 5802], and the parties are in the process of working to reconcile the claim.

6. Verizon Wireless and the Agreement are included on the Assumption List with a proposed cure amount of $0.00.

7. The Assumption List states that "At least 14 days before the Confirmation Hearing, the Debtors will provide for notices of proposed assumption and proposed cure amounts to be sent to applicable third parties and for procedures for objecting thereto and resolution of disputes by the Bankruptcy Court." Dkt. No. 6544-9, p.2. As of the date of filing of this Objection, no notice of proposed assumption and proposed cure amounts has been served on counsel for Verizon Wireless.

8. According to the Assumption List, "[a]ny objection by a counterparty to an Executory Contract or Unexpired Lease to a proposed assumption or related cure amount must be Filed, served, and actually received by the Debtors at least seven (7) days before the Confirmation Hearing." *Id.* The confirmation hearing for the Plan is scheduled to begin on November 3, 2015.

## OBJECTION

9. Verizon Wireless does not oppose the assumption of the Agreement provided that it receives the prompt cure required by 11 U.S.C. § 365.

10. 11 U.S.C. § 365(b)(1) states, in pertinent part:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure such default . . . ;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

3

      (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

11. A cure under 11 U.S.C. § 365 means that all unpaid amounts due under the agreement have been paid. *In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005).

12. The proposed cure for assumption of the Agreement is $0.00. Verizon Wireless's proof of claim filed against Debtor Energy Future Holdings Corp. shows $37,085.64 is owed to Verizon Wireless for pre-petition services provided to the Debtors.

13. As the case proceeds and Verizon Wireless continues to provide postpetition services to the Debtors' estates, additional amounts become due under the Agreement. In addition to the pre-petition amounts due, any postpetition amounts due must also be paid to Verizon Wireless in order to cure the existing defaults.

14. Accordingly, unless and until the Debtors both cure the pre-petition balance owed to Verizon Wireless in full and pay any postpetition amounts which may be due, the Debtors cannot assume the Agreement.

15. Verizon Wireless asks that payment of the cure amount for assumption of the Agreement be sent to counsel at Verizon Wireless at the address below so that it may be properly applied to the Debtors' contractual accounts:

William M. Vermette, Esq.
Assistant General Counsel, Verizon
22001 Loudoun County Parkway, Suite E1-3-115
Ashburn, VA  20147

WHEREFORE, Verizon Wireless respectfully requests that this Court enter an Order: a) conditioning the assumption of the agreement between Verizon Wireless and the Debtors upon

CORE/0048629.0698/111049434.1
ME1 21375351v.1

the payment of the cure amounts described herein; and b) granting such other and further relief as this Court deems equitable and proper.

Dated: October 27, 2015

Respectfully submitted:

MCCARTER & ENGLISH, LLP

*William F. Taylor, Jr.*
William F. Taylor, Jr. (DE Bar #2936)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
Tel: 302-984-6300; Fax: 302-984-6399
wtaylor@mccarter.com

and

Darrell W. Clark
STINSON LEONARD STREET LLP
1775 Pennsylvania Ave., NW, Suite 800
Washington, DC 20006
Tel: 202-785-9100; Fax: 202-785-9163
darrell.clark@stinson.com

*Counsel for Cellco Partnership d/b/a Verizon Wireless*

5