## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., et. al.[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) **Related to D.I. #6544** |
| | ) |

## CURE OBJECTION AND RESERVATION OF RIGHTS OF SALESFORCE.COM, INC. RELATED TO THE PROPOSED ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO THE JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., ET. AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

Salesforce.com, Inc. ("**Salesforce**") hereby objects (the "**Cure Objection**") to the assumption and assignment of the Salesforce Contract[2] pursuant to the Plan[3] filed by Energy Future Holdings Corp., and its affiliated debtors (the "**Debtors**") <u>unless the order approving the assumption and assignment of the Salesforce Contract</u> (the "**Assumption Order**"): (A) requires payment of **$464,988.86** (the "**Salesforce Cure Amount**") to cure the monetary default by the Debtor with respect to Fees due and owing to Salesforce as of this date, but which are unpaid, or Salesforce hereinafter agrees to other treatment; (B) reserves all rights, interests, claims, counterclaims, rights of setoff and recoupment and/or defenses of Salesforce pertaining to the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms not defined in this Cure Objection shall have the meaning ascribed to them herein and in the Rolovich Declaration (as hereinafter identified) and, to the extent not defined in these pleadings, such terms shall have the meaning ascribed to them in the Plan (as hereinafter identified).

[3] *See Fifth Amended Joint Plan of Reorganization Of Energy Future Holdings Corp., et. al., Pursuant to Chapter 11 Of The Bankruptcy Code* [ECF 6122] (as may be amended from time to time, collectively, the "Plan")

Cure Objection Of Salesforce.com To Assumption
Of Executory Contracts And Unexpired Leases

16130105v.1

Excluded Salesforce Contracts (as hereinafter identified); and (C) grants such other relief as may be requested hereinafter.

The Cure Objection is based on the matters set forth herein, the *Declaration Of Jack Rolovich In Support Of The Cure Objection And Reservation Of Rights Of Salesforce.Com, Inc. Related To  The Proposed Assumption Of Certain Executory Contracts And Unexpired Leases Pursuant To The Joint Plan Of Reorganization Of Energy Future Holdings Corp., Et. Al., Pursuant To Chapter 11 Of The Bankruptcy Code* (the "**Rolovich Declaration**") (Exhibit "C") filed in support hereof, the files and the records in this case, and such other and further evidence as may be submitted at or before the trial on this matter.

Salesforce requests that the Court take judicial notice of the pleadings filed in this case and the facts set forth in the Court's orders, findings of fact and conclusions of law pursuant to Rule 201 of the Federal Rules of Evidence (as incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure).

## <u>RELIEF REQUESTED BY SALESFORCE</u>

The Debtor filed its Plan seeking, *inter alia*, entry of an order approving the assumption by the Debtors  of certain executory contracts and unexpired leases.   Pursuant to the Plan, the Debtors filed their Plan Supplement[4] and it (a) identifies Salesforce.com, Inc. as the non-debtor counterparty to that certain "Software License And Support Agreement Dated 9/17/2010" that is to be assumed pursuant to the Plan, and (b) lists a monetary default of $22,000.00 that must be paid as prerequisite to assumption of this contract.

Salesforce does not object to entry of an order (the "**Order**") authorizing and approving the assumption of the Salesforce Contract <u>provided that the Order protects Salesforce's</u>

---

[4]  *See Plan Supplement For The Joint Plan Of Reorganization Of Energy Future Holdings Corp., et. al. Pursuant To Chapter 11 Of The Bankruptcy Code,* including *Exhibit C-List of  Executory Contracts and Unexpired Leases To Be Assumed By Reorganized Debtor On The Effective Date* [ECF 6544] (the "Plan Supplement")

Cure Objection Of Salesforce.com To Assumption
Of Executory Contracts And Unexpired Leases

16130105v.1

interests.    In that regard, Salesforce submits that the Assumption And Assignment Order expressly should --

(1)    Require payment by the Debtor of **$464,988.86**, as of the Effective Date[5] of the Plan, in satisfaction of the monetary default for amounts that are due and owing, but unpaid, as of October 21, 2015, plus any additional amounts that becomes due and owing as of the date the Order is entered as necessary to cure the monetary default that exists as of the date such assumption is effective;

(2)    Reserve all rights, interests, claims, counterclaims, rights of setoff and recoupment and/or defenses of Salesforce pertaining to the Excluded Salesforce Contracts (as hereinafter identified) including, without limitation, (a) the right to object to the assumption and/or assignment by the Debtor of any Excluded Salesforce Contract, (b) the right to payment of all monetary defaults that exist with respect to each such contract and/or (c) the right to have the assignment of any such contract specifically conditioned on the Court finding, based on competent evidence, that the Purchaser (or its designee) is capable of performing all terms and conditions of the Salesforce Contract including, without limitation, payment of all amounts that will come due and owing subsequent to any such assignment; and,

(3)    Grant such other and further relief as is necessary to protect the all rights, interests, claims, counterclaims, rights of setoff and recoupment and/or defenses of Salesforce in this matter.

## **BACKGROUND**

1.    Salesforce provides provides on-demand customer relationship management

---

[5]  The "*Effective Date*" means, with respect to the Plan, the date after the Confirmation Date selected by the Debtors, including the Debtors acting at the direction of the Disinterested Directors and Managers with respect to Conflict Matters, in consultation with the Plan Sponsors and the TCEH Supporting First Lien Creditors, on which: (a) no stay of the Confirmation Order is in effect; and (b) all conditions precedent specified in Article IX.B have been satisfied or waived (in accordance with Article IX.C).  *See* Article I., A., Defined Terms, at §89 of the Plan.

Cure Objection Of Salesforce.com To Assumption
Of Executory Contracts And Unexpired Leases

16130105v.1

and software application services (the collectively, the "**Salesforce Services**") to

Salesforce.com's business customers (individually, a "**Customer**" and, collectively,

"**Customers**") pursuant to terms and conditions set forth in a Master Subscription Agreement

(hereinafter "**MSA**").  *See* Rolovich Declaration at ¶6.  The MSA is available on Salesforce's

website for review by Customers, and all Customers must accept the MSA as a condition of

using the Salesforce Services.   In this instance, on August 19, 2010 , TXU Energy Retail

Company LLC accepted the terms of the MSA. A true and correct copy of the MSA is

attached to the Rolovich Declaration as <u>"Exhibit A"</u> and is incorporated by reference herein

as if fully set forth. *Id.*

2.      After accepting the MSA, Salesforce and the Debtor entered into those certain

Order Form Nos.*, Q-1227538,* dated November 30, 2012, *05286869,*  dated February 26,

2014, and *Q-2001300,* dated December 31, 2014 (collectively, the "**Orders**" and, together

with the MSA, the "**Salesforce Contract**"), pursuant to which Salesforce is obligated to

provide the Salesforce Services and the Debtor became obligated to pay certain fees and

other monies (collectively, the "**Fees**") with respect to the Salesforce Services.  Copies of

the Orders are not attached hereto due to  the confidentiality provisions contained within the

MSA but true and accurate copies will be provided to the Debtors upon request.  *See*

Rolovich Declaration at ¶7.

3.      The Salesforce Contract provides that (a) the Fees due by a Customer (and, in

this instance, the Debtors) are based on the Salesforce Services ordered and not on actual

usage of any such services, (b) such Fees are invoiced in advance pursuant to the billing

terms set forth on the Orders, and (c) such Fees are due within the terms specified on the

Orders.  *See* MSA at Section 6.1. and Section  6.2, and the Orders at page 1.  *See* Rolovich

Declaration at ¶8.

4.      On April 29, 2014 (the "**Petition Date**"), the Debtor and its related entities

Cure Objection Of Salesforce.com To Assumption
Of Executory Contracts And Unexpired Leases

filed their voluntary petitions in the above-captioned Court seeking relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

5.     On May 1, 2014, the Court entered its *Order Directing Joint Administration of The Debtors' Chapter 11 Cases* [ECF 287] under the lead case of Energy Future Holdings Corp., 14-10979, and, continually since that date, the Debtors have operated as debtors-in-possession with respect to their respective bankruptcy cases and estates.

6.     On September 21, 2015, the Debtors filed the Plan[6] and it provides, in pertinent part, that "[o]n the Effective Date,[7] except as otherwise provided herein, all Executory Contracts or Unexpired Leases of the Debtors, not previously assumed or rejected pursuant to an order of the Bankruptcy Court, will be deemed to be Assumed Executory Contracts or Unexpired Leases." *See* Plan at Article V., A.  (Emphasis added.)  The further provides that, "[a]y monetary defaults under each Assumed Executory Contract . . . shall be satisfied . . . by payment of the default amount in Cash on the Effective Date, subject to the limitation described below, or on such other terms as the parties to such Executory Contracts or Unexpired Leases may otherwise agree." *See* Plan, Article V, C.

7.     On October 20, 2015, the Debtors filed their Plan Supplement[8] and it identifies, in pertinent part, (a) Salesforce.com, Inc. as the non-debtor counterparty to that certain "*Software License And Support Agreement Dated 9/17/2010*" that the Debtors seek to

---

[6]  *See* the *Fifth Amended Joint Plan of Reorganization Of Energy Future Holdings Corp., et. al., Pursuant to Chapter 11 Of The Bankruptcy Code* [ECF 6122] (as amended from time to time, collectively, the "**Plan**").

[7]  The "*Effective Date*" means, with respect to the Plan, the date after the Confirmation Date selected by the Debtors, including the Debtors acting at the direction of the Disinterested Directors and Managers with respect to Conflict Matters, in consultation with the Plan Sponsors and the TCEH Supporting First Lien Creditors, on which: (a) no stay of the Confirmation Order is in effect; and (b) all conditions precedent specified in Article IX.B have been satisfied or waived (in accordance with Article IX.C).  *See* Article I., A., Defined Terms, at §89 of the Plan.

[8]  *See* Plan Supplement For The Joint Plan Of Reorganization Of Energy Future Holdings Corp., et. al. Pursuant To Chapter 11 Of The Bankruptcy Code, including *Exhibit C-List of Executory Contracts and Unexpired Leases To Be Assumed By Reorganized Debtor On The Effective Date* [ECF 6544].

Cure Objection Of Salesforce.com To Assumption
Of Executory Contracts And Unexpired Leases

assume pursuant to the Plan and (b) a monetary default of $22,000.00 that has to be cured as a pre-condition to assumption of such contract.

8.     In fact, the Debtors have failed to pay all Fees due and owing pursuant to the Salesforce Contract. More specifically, as of October 21, 2015, the Debtors owe Salesforce the sum of $**464,988.86** (the "**Salesforce Cure Amount**") pursuant to the Salesforce Contract, consisting of: (1) the amount of $24,988.86 that is due and owing, but which remains unpaid, for Salesforce Services provided pre-petition, and (2) the amount of $440,000.00 that is due and owing, but which remains unpaid, for Salesforce Services provided post-petition. *See* Rolovich Declaration at paragraph 13. A summary of the Salesforce Cure Amount is set forth below.

| ORDER NO. | ORDER DATE | INVOICE NO. | INVOICE DATE | INVOICE DUE DATE | SERVICE PERIOD | AGGREGATE BALANCE | PRE-PETITION | POST-PETITION |
|---|---|---|---|---|---|---|---|---|
| Q-2001300 | 28-Jan-15 | 6648242 | 28-Jan-15 | 27-Feb-15 | 2/15/15 - 2/14/16 | $440,000.00 | | $ 440,000.00 |
| 5286869 | 26-Feb-14 | 5806179 | 30-Apr-14 | 14-Jun-14 | March 24-28, 2014 | $ 23,452.00 | $23,452.00 | |
| Q-1227538 | 3-Dec-12 | 4585324 | 3-Dec-12 | 17-Jan-13 | 11/17/12 - 2/16/13 | $1,536.86 | $1,536.86 | |
| | | | | | | $464,988.86 | $24,988.86 | $440,000.00 |

[True and accurate copies of the Invoices are as <u>Exhibit "B"</u> to the Rolovich Declaration at paragraph 13 and are incorporated by reference herein as if fully set forth.]

<u>**GROUNDS FOR THE RELIEF REQUESTED**</u>

<u>**All Defaults Under An Assumed Contract Must Be Cured**</u>

9.     Pursuant to the U.S. Bankruptcy Code, a debtor who has defaulted on its obligations under an executory contract or unexpired lease is prohibited from assuming that

Cure Objection Of Salesforce.com To Assumption
Of Executory Contracts And Unexpired Leases

16130105v.1

contract unless it cures all monetary defaults – including all monetary defaults that arise both pre-petition and post-petition. *See* 11 U.S.C. §365(b)(1)(A); *accord, Stoltz v. Brattleboro Housing Authority,* 315 F.3d 80, 94 (2nd Cir. 2002).  "The other party to the contract or lease that the [debtor in possession or] trustee proposes to assume is entitled to insist that any defaults, whenever they may have occurred, be cured, that appropriate compensation be provided, and that, a past default having occurred, adequate assurance of future performance is available."  3 COLLIER ON BANKRUPTCY § 365.05[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2008).   These conditions "protec[t] the creditor's pecuniary interests before requiring a creditor to continue a contractual relationship with a debtor." *Stoltz, supra.*

10.      In this instance, as of October 21, 2015, the Debtors have defaulted in their obligation to pay $464,988.86 due and owing pursuant to the Salesforce Contracts.  *See* Rolovich Declaration at ¶13.  Accordingly, Salesforce respectively submits that the Debtor must pay not less than **$464,988.86** upon the Effective Date of the Plan in order to cure all monetary defaults under Salesforce Contract.  *Id.*

## RESERVATION OF RIGHTS

11.      Although Salesforce consents to assumption of the Salesforce Contracts, upon payment of the Salesforce Cure Amount, Salesforce hereby expressly reserves (the "**Reservation of Rights**") all rights, interests, claims, counterclaims, rights of setoff and recoupment and/or defenses of Salesforce pertaining to all other executory contracts to which it is a counterparty (individually, an "**Excluded Salesforce Contract**") and, collectively, the "**Excluded Salesforce Contracts**") including, without limitation, (a) the right to object to the assumption and/or assignment by the Debtor of any Excluded Salesforce Contract, (b) the right to payment of all monetary defaults that exist with respect to each such contract(s) and/or (c) the right to have the assignment of any such contract(s) specifically conditioned on the Court finding,

Cure Objection Of Salesforce.com To Assumption
Of Executory Contracts And Unexpired Leases

based on competent evidence, that the actual, proposed assignee of such contract is capable of performing all terms and conditions of the Salesforce Contract including, without limitation, payment of all amounts that will come due and owing subsequent to any such assignment.

WHEREFORE, if the Court determines to approve assumption of the Salesforce Contracts and/or any Excluded Salesforce Contract, Salesforce submits that the Order expressly should --

(1)    Require payment by the Debtors of $464,988.86, as such additional amounts as may become due and owing from and after October 21, 2015, on the Effective Date of the Plan, in satisfaction of the monetary default for amounts that are due and owing, but unpaid, as of the date such assumption is effective;

(2)    Grant the Reservation Of Rights with respect to all Excluded Salesforce Contracts as requested herein; and,

(3)    Grant such other and further relief as is necessary to protect the all rights, interests, claims, counterclaims, rights of setoff and recoupment and/or defenses of Salesforce in this matter.

Dated:  October 27, 2015

Respectfully submitted,
WHITE AND WILLIAMS.
/s/ *James Yoder*_____
James Yoder  (DE #3642)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899
Telephone: (302) 467-4524
Facsimile: (302) 467-4554
E-mail: uyoderj@whiteandwilliams.com

-and-

Cure Objection Of Salesforce.com To Assumption
Of Executory Contracts And Unexpired Leases

16130105v.1

BIALSON, BERGEN & SCHWAB,
A Professional Corporation
Thomas M. Gaa, Esq.
2600 El Camino Real, Suite 300
Palo Alto, CA 94306
Telephone: (650) 857-9500
Fax: (650) 494-2738
E-mail: Tgaa@bbslaw.com
*Attorneys for Creditor Saleforce.com, Inc.*

Cure Objection Of Salesforce.com To Assumption
Of Executory Contracts And Unexpired Leases

16130105v.1