**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Case No. 14-10979 (CSS) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Re: D.I. 6122, 6222, 6544** |
| | ) | |
| | ) | |

**MICHELIN NORTH AMERICA, INC.'S OBJECTION TO THE PROPOSED CURE
AMOUNT ON THE DEBTORS' NOTICE OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES TO BE ASSUMED AND PLAN SUPPLEMENT**

Michelin North America, Inc. ("Michelin"), by and through its undersigned counsel, hereby files this Objection and Reservation of Rights (the "Objection") to the proposed cure amount set forth in the *Debtors' Notice of (A) Executory Contracts and Unexpired Leases to be Assumed by the Debtors Pursuant to the Plan; (B) Cure Amounts, if any; and (C) Related Procedures in Connection Therewith* (the "Cure Notice") and the *Plan Supplement for the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6544] (the "Plan Supplement"). In support of its Objection, Michelin states as follows:

**BACKGROUND**

1.      The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      On April 29, 2014, Energy Future Holdings Corp. and certain affiliates (the "Debtors") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), 11 U.S.C. § 101 *et seq.*[1]

3.      Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors have retained possession of their assets and are currently operating as debtors in possession.

4.      Michelin is a party to a North America Tire Supply Agreement ("Supply Agreement," as amended) with Debtor Luminant Mining Company, LLC ("Luminant") dated as of January 1, 2014.  Pursuant to the Supply Agreement, Michelin supplies — and Luminant purchases — certain of Michelin's mining tire products.[2]

5.      On or about October 14, 2015, the Debtors served the Assumption Notice on Michelin, and on or about October 20, 2015, the Debtors subsequently filed the Plan Supplement.  Pursuant to the Plan, the Plan Supplement, and the Assumption Notice, the Debtors seek Bankruptcy Court authority to, among other things, assume the Supply Agreement.  Michelin objects to the proposed assumption of this executory contract for the reasons set forth herein.

6.      First, according to the Assumption Notice, the Debtors proposes to assume the Supply Agreement with a designated cure amount of $0.  This cure amount is incorrect.  As of the Petition Date, the amount owing to Michelin by Luminant under the Supply Agreement is no less than $893,047.18.  Moreover, this is the amount the Debtors have previously conceded are due in the *Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Certain Improperly*

---

[1]     All further references to the Bankruptcy Code are by section number only.
[2]     The Supply Agreement was amended by an Amendment dated June 3, 2014.

*Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001,*
*3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 6505] (the "Claim Objection"), in
which the Debtors identified $805,131.02 as due and owing from Luminant and $87,916.16 as
due and owing from Oak Grove Management Company, LLC.[3]  Although Michelin disagrees
that a portion of its claim is against Oak Grove Management Company, LLC as alleged in the
Claim Objection, and reserves all rights in connection therewith, it shows that the cure amount is
certainly more than $0, as all of Michelin's shipments to the Debtors were pursuant to the Supply
Agreement.

7.     Moreover, there is currently $293,941.27 outstanding for post-petition shipments
under the Supply Agreement.

8.     Second, the Debtors have failed to provide adequate assurance of future
performance under the Supply Agreement.

9.     Bankruptcy Code Section 365(b)(1)(A) requires, as a condition to the assumption
of an executory contract, that the Debtors promptly cure or provide adequate assurance that there
will be a prompt cure of all defaults under the Supply Agreement.

10.     Michelin therefore objects to the proposed $0 cure amount and requests that this
Court find that the amount necessary to cure Luminant's defaults under the Supply Agreement is
no less than $1,186,988.45 plus any additional unpaid invoices as of the Effective Date.   In
addition, Michelin objects to the proposed assumption to the extent that the Debtors have failed
to provide adequate assurance of future performance.

---

[3]     Luminant also scheduled $576,293.60 owed to Michelin on its Schedule F, while Oak
Grove Management Company, LLC scheduled $84,192 owed to Michelin on its Schedule F.

11.    At this time, for the reasons set forth above, Michelin is unable to determine whether the Debtors have complied — or will comply — with the requirements of section 365(b)(1) of the Bankruptcy Code.

WHEREFORE, Michelin requests that the Court enter an Order sustaining this Objection, finding that the required cure payment under the Supply Agreement is no less than $1,186,988.45, plus any additional unpaid invoices as of the Effective Date, and granting such other relief as this Court deems just and proper, including requiring the Debtor to provide adequate assurance of future performance under the Supply Agreement.

Dated:  October 27, 2015                    Respectfully submitted,

                                            **BENESCH, FRIEDLANDER,**
                                            **    COPLAN & ARONOFF LLP**

                            By:    */s/ Jennifer R. Hoover*_____
                                            Jennifer R. Hoover (No. 5111)
                                            Kevin M. Capuzzi (No. 5462)
                                            222 Delaware Avenue, Suite 801
                                            Wilmington, DE 19801
                                            Telephone:  (302) 442-7010
                                            Facsimile:  (302) 442-7012
                                            jhoover@beneschlaw.com
                                            kcapuzzi@beneschlaw.com

                                            - AND -

                                            **NELSON MULLINS RILEY &**
                                            **SCARBOROUGH, LLP**
                                            Jody A. Bedenbaugh (SC 9210)
                                            Meridian, 17th Floor
                                            1320 Main Street
                                            Columbia, SC 29201
                                            Telephone: (803) 255-9820
                                            Facsimile:  (803) 256-7500