**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 6394** |

**DECLARATION OF MAC MCFARLAND, CEO OF LUMINANT HOLDINGS
COMPANY LLC IN SUPPORT OF THE MOTION OF ENERGY
FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER
AUTHORIZING ENERGY FUTURE HOLDINGS CORP., *ET AL.*, TO
FILE REDACTED PORTIONS OF MOTION OF ENERGY FUTURE
HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER AUTHORIZING,
BUT NOT REQUIRING, THE TCEH DEBTORS (A) TO PARTICIPATE IN A
COMPETITIVE BIDDING PROCESS, AND (B) IF SELECTED AS THE WINNING
BIDDER, TO CONSUMMATE A PROPOSED ACQUISITION**

Pursuant to 28 U.S.C. § 1746, I, Mac McFarland, declare as follows:

1. I am Chief Executive Officer of Luminant Holdings Company LLC ("Luminant"). Luminant is an indirect subsidiary of Energy Future Holdings Corp. ("EFH Corp.").

2. I have been Chief Executive Officer of Luminant since December 2012, and have worked for certain of EFH Corp.'s direct and indirect subsidiaries, including Luminant (collectively, the "Debtors"), since July 2008. I am generally familiar with the Debtors' day-to-day operations, financial matters, results of operations, cash flows, and underlying books and records. All facts set forth in this declaration are based upon my personal knowledge of the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Debtors' business, operations, and related financial information gathered from my review of their books and records, relevant documents, and information supplied to me by members of the Debtors' management teams and advisors. I am over the age of 18 and duly authorized to execute this declaration (this "Declaration"), on behalf of the Debtors in support of the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing Energy Future Holdings Corp., et al., to File Redacted Portions of Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing, But Not Requiring, the TCEH Debtors (A) To Participate in a Competitive Bidding Process, and (B) If Selected as the Winning Bidder, to Consummate a Proposed Acquisition* [D.I. 6394] (the "Sealing Motion").[2]

3.    Pursuant to the Sealing Motion, the Debtors seek entry of an Order authorizing the Debtors to preserve the confidentiality of certain discrete categories of information described in the Sealing Motion and the Bid Procedures Motion: (a) the identity of the Seller, (b) information regarding the Assets, and (c) pricing information and, specifically, the Initial Bid Amount (including the Cash Bid and the Credit Support Obligations), the size of the Secured Loan Terms, and the Bid Cap. Pursuant to the Declaration, I seek to provide additional disclosures regarding the need to preserve the identity of the Seller.

4.    As described in the Sealing Motion, the Sale Process is not public and only purchasers selected by the Seller were given an opportunity to participate in the Sale Process. In an auction process outside the context of the chapter 11 process, potential bidders generally take care to ensure that their identity and anticipated participation in the auction remain confidential from other potential bidders. The number of participants in the Texas wholesale electric market is relatively small. Based on prior transactions in other auctions for assets like the Assets,

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Sealing Motion.

bidders may be able to project another potential bidder's behavior based on the type of bidder and strategic fit of the assets for sale. In addition to predicting the bidding behavior of other bidders, potential bidders may adjust their *own* bid strategy once they become aware of another bidder's identity. Each of these results may skew the auction to the detriment of all bidders and the Seller. Indeed, it is for this very reason that the Seller required all potential bidders to sign a confidentiality agreement. Collectively, the execution of confidentiality agreements and the redactions requested in the Sealing Motion are designed to ensure that all potential bidders remain on equal footing in the Sale Process.

5.    By the Sealing Motion, therefore, the Debtors are seeking to mimic the conditions of a normal auction process as far as possible. By sealing the identity of the Seller, the Debtors are ensuring that the *Debtors*' participation in the auction does not become public. The Debtors do not have knowledge regarding the identity of other potential bidders and if those bidders were to become aware of the Debtors' participation, such information asymmetry would cause injury to the Debtors to competitively participate in the Sale Process.

6.    Similarly, if there is a risk that the Seller's identity becomes public, the Seller is very likely to eliminate the Debtors as a potential bidder to preserve the confidentiality of the Sale Process. As described in the Bid Procedures Motion, the Debtors believe the Assets have the potential to provide significant value to the estate and are focused on remaining competitive in the Sale Process. To that end, the Debtors have been working with certain of their creditor constituencies (who have also executed agreements with Seller requiring them to maintain the confidentiality contemplated by the Bid Procedures Motion) to develop consensus on the proposed Bidding Procedures. No party objected to the Bid Procedures Motion or the Sealing Motion and the Debtors anticipate filing a proposed form of order that reflects the consensus of

their constituencies who have a vested interest in the requested relief.

7. In conclusion, disclosure of the Seller's identity ultimately harms the Debtors' competitive prospects. The Seller may determine that the "leaks" attributable to the Debtors' participation are not balanced by the Debtors' willingness to competitively participate. Given the value of the potential Assets to the Debtors' operations, I believe it is critical that the Debtors are permitted to seal those narrow aspects of the Bid Procedures Motion that are necessary to put the Debtors on the same footing as other potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  October 27, 2015                          Respectfully submitted,

                                                  */s/ M.A. McFarland*
                                                  M.A. McFarland
                                                  Chief Executive Officer
                                                  Luminant Holdings Company LLC