## Exhibit B

**Blackline of Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**ORDER AUTHORIZING ENERGY FUTURE
HOLDINGS CORP., *ET AL.*, TO FILE REDACTED PORTIONS
OF MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR
ENTRY OF AN ORDER AUTHORIZING, BUT NOT REQUIRING, THE
TCEH DEBTORS (A) TO PARTICIPATE IN A COMPETITIVE BIDDING
PROCESS, AND (B) IF SELECTED AS THE WINNING BIDDER, TO
CONSUMMATE A PROPOSED ACQUISITION**

Upon the motion (the "Sealing Motion")[2] of the Debtors for entry of an order (this "Order"), authorizing the Debtors to file under seal those redacted portions the Bid Procedures Motion and the Carter Declaration and upon the *Declaration of Mac McFarland, CEO of Luminant Energy Company LLC in Support of the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing Energy Future Holdings Corp., et al., to File Redacted Portions of Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing, But Not Requiring, the TCEH Debtors (A) To Participate in a Competitive Bidding Process, and (B) If Selected as the Winning Bidder, to Consummate a Proposed Acquisition*; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Sealing Motion, as applicable.

1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Sealing Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Sealing Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Sealing Motion and the opportunity for a hearing on the Sealing Motion under the circumstances; and the Court having reviewed the Sealing Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Sealing Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Sealing Motion is granted as set forth herein.

2. The Debtors are authorized to file those redacted portions of the Bid Procedures Motion and Carter Declaration under seal pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

3. Those redacted portions of the Bid Procedures Motion are confidential, shall remain under seal, and shall not be made available to anyone without the consent of the Debtors and the Seller, except that unredacted copies of the Bid Procedures Motion shall be provided to (i) the Court, (ii) the U.S. Trustee on a confidential basis, (iii) on a confidential, "professionals' eyes only" basis, the advisors to the TCEH Creditors' Committee and the Ad Hoc Group of TCEH First Lien Creditors.

4. The relief granted pursuant to this Order shall be limited to the instant case and shall not have precedental effect in any other chapter 11 proceeding whether or not such proceeding involves the Debtors.

5. Notice of the Sealing Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. This Order is without prejudice to the rights of any party in interest to seek to declassify and make public any portion of the material filed under seal.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Sealing Motion.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2015

                                        HONORABLE CHRISTOPHER S. SONTCHI
                                        UNITED STATES BANKRUPTCY JUDGE