**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>Re: D.I. 6530 |

**OBJECTION OF THE EFH OFFICIAL COMMITTEE TO NOTICE OF PROPOSED SETTLEMENT OF EFIH PIK NOTE CLAIMS OF GSO CAPITAL PARTNERS LP AND AVENUE CAPITAL MANAGEMENT II, L.P.**

The official committee of unsecured creditors (the "EFH Committee") of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc. hereby submits this objection to the notice (the "Settlement Notice") of the Plan Sponsors[2] for approval of their settlement with GSO Capital Partners LP, on behalf of certain funds and accounts it manages or advises (collectively, "GSO"), and Avenue Capital Management II, L.P. ("Avenue") with respect to GSO and Avenue's EFIH Senior Toggle Note claims with the against the EFIH Debtors, and respectfully represents as follows:

1.  The outsourcing of these cases to non-Debtors accelerates. Up next is a unilateral "notice" by "certain" of the uncommitted "Plan Sponsors" announcing the consensual

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6122] (as may be further modified, amended or supplemented from time to time, the "Plan").

SC1:3975961.3

allowance of postpetition interest claims by GSO and Avenue against the EFIH Debtors, "subject to review and approval by the Debtors." (Settlement Notice at 2.)

2. The subject claims are hotly contested and scheduled for oral argument tomorrow. GSO and Avenue are the only E-side creditors invited to join the T-side transaction. Indeed, the notice seems nothing more than a blatant attempt to influence settlement discussions with respect to the pending litigation in the favor of GSO and Avenue, by creating a false sense that the Debtors have agreed.

3. These T-side parties are in no position to propose a settlement by the EFIH Debtors "subject to review and approval by the Debtors." (Settlement Notice at 2.) Only the Debtors may propose a settlement against their estates. *See* Fed. R. Bankr. P. 9019 (referring to "the trustee" proposing a compromise or settlement); *see also In re Smart World Techs., LLC*, 423 F.3d 166, 175 (2d Cir. 2005) ("Rule 9019 expressly states—that it is the debtor-in-possession, as legal representative of the estate, who is vested with the power to settle the estate's claims.").

4. Moreover, the filing is misleading. These T-side parties had no basis for the statement that they "expect such documents to be finalized quickly." (Settlement Notice at 3.) The deal they announced involves the permanent allowance of these claims against the EFIH Debtors, regardless of whether the REIT merger closes. The EFH Committee understands that such a permanent settlement had no support at EFIH or EFH at the time the Settlement Notice was filed, and has no support now.

5. The EFH Committee objects to any proposed compromise of these claims other than by the EFIH Debtors, as trustee, on proper notice. *See* Fed. R. Bankr. P. 9019 and

SC1:3975961.3

Fed. R. Bankr. P. 2002(a)(3).  Meanwhile, the argument on this matter scheduled for this Wednesday afternoon should proceed.

| | |
|---|---|
| Dated:   Wilmington, Delaware<br>              October 27, 2015 | **MONTGOMERY McCRACKEN WALKER & RHOADS, LLP**<br><br>*/s/ Mark A. Fink*<br>Natalie D. Ramsey (DE Bar No. 5378)<br>Davis Lee Wright (DE Bar No. 4324)<br>Mark A. Fink (DE Bar No. 3946)<br>1105 North Market Street, 15th Floor<br>Wilmington, DE  19801<br>Telephone: (302) 504-7800<br>Facsimile: (302) 504 -7820<br>E-mail:     nramsey@mmwr.com<br>                 dwright@mmwr.com<br>                 mfink@mmwr.com<br><br>– and –<br><br>**SULLIVAN & CROMWELL LLP**<br><br>Andrew G. Dietderich<br>Brian D. Glueckstein<br>John L. Hardiman<br>Alexa J. Kranzley<br>125 Broad Street<br>New York, New York  10004<br>Telephone:    (212) 558-4000<br>Facsimile:     (212) 558-3588<br>E-mail:         dietdericha@sullcrom.com<br>                     gluecksteinb@sullcrom.com<br>                     hardimanj@sullcrom.com<br>                     kranzleya@sullcrom.com<br><br>*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc.* |