# Exhibit B

## Blackline of Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**ORDER AUTHORIZING, BUT NOT REQUIRING, THE DEBTORS (A) TO PARTICIPATE IN A COMPETITIVE BIDDING PROCESS, AND (B) IF SELECTED AS THE WINNING BIDDER, TO CONSUMMATE A PROPOSED ACQUISITION**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the TCEH Debtors to (a) participate in a competitive bidding process for the acquisition of certain strategic business assets, pursuant to the Bidding and Acquisition Procedures; and (b) if selected as the winning bidder, execute a purchase agreement and consummate the Transaction without further order of the Court.; as set forth in the Motion; and upon the *Declaration of Michael Carter in Support of the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing, But Not Requiring, the Debtors (A) to Participate in a Competitive Bidding Process, and (B) If Selected as the Winning Bidder, to Consummate a Proposed Acquisition*; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

§ 157(b)(2); and the Court having found that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. For the reasons set forth herein and on the record at the Hearing, all objections to the Motion and the relief requested therein or granted in this Order that have not been withdrawn, waived, or settled, and all reservations of rights included in any such objections, are denied and overruled on the merits with prejudice.

3. No assets of any Debtor other than the TCEH Debtors will be used to satisfy amounts paid in connection with the Bidding and Acquisition Procedures.

4. The TCEH Debtors are authorized, but not required, to bid for, and if selected as the winning bidder, to consummate an acquisition of, the Assets pursuant to the following procedures (the "Bidding and Acquisition Procedures"):

    a. ***Initial Bid Amount.*** The TCEH Debtors will be authorized, but not required, to (x) submit a Cash Bid not to exceed _____ and agree to satisfy the Credit Support Obligations in an amount not to exceed _____ (collectively, the "Initial Bid Amount") and (y) agree to the Secured Loan Terms, from and after consummation of the Transaction (collectively, the "Bid Terms"). If selected as the winning bidder on the basis of the Bid

Terms, including a Cash Bid and Credit Support Obligations that do not, in the aggregate, exceed the Initial Bid Amount, the TCEH Debtors are authorized to execute definitive agreements, obtain any necessary regulatory authorizations or consents for the Transaction, and consummate the Transaction without further order of the Court. The TCEH Debtors will advise the Notice Parties (as defined below) of the material terms of the definitive agreements for the Transaction.[3]

b. ***Bid Cap.*** Notwithstanding the foregoing, no less than four business days before the objection deadline on this Motion, the TCEH Debtors may determine, in the exercise of their business judgment and in consultation with their professional advisors, to increase the Initial Bid Amount. If the TCEH Debtors desire to increase the Initial Bid Amount, the TCEH Debtors shall provide notice no less than four business days before the objection deadline on this Motion of their intent to increase the Initial Bid Amount up to a designated amount (such amount, the "Bid Cap").

This notice shall include the Bid Cap and shall be provided to the Court, under seal,[4] and to the following parties, on a confidential and professionals' eyes only basis: (a) counsel to the TCEH Creditors' Committee, Morrison & Foerster LLP, 250 W. 55th Street, New York, NY 10019, Attn: Brett Miller and Todd Goren; and (b) counsel to the ad hoc committee of TCEH first lien creditors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn: Brian S. Hermann and Jacob A. Adlerstein (collectively, the "Notice Parties").

    i. If any of the Notice Parties object to the proposed Bid Cap, such Party must file a timely, written objection with the Court, under seal, and serve notice of such objection upon the TCEH Debtors

---

[3] It is anticipated that the definitive purchase and sale agreement for the Transaction will include customary purchase price adjustment provisions, such as to take into account the HoldCos' working capital balance at the closing of the Transaction. Because any such purchase price adjustment is not determinable in advance of the closing of the Transaction, the Cash Bid as described herein does not reflect any amount payable by the TCEH Debtors on account of such purchase price adjustment provisions. Pursuant to the Order, authorization to submit a final binding bid and to consummate the Transaction in accordance with this Motion and the Bidding and Acquisition Procedures shall be deemed to include authorization for the TCEH Debtors to pay any amounts payable on account of such purchase price adjustment provisions.

In addition, the principal amount of the Secured Loan outstanding may be reduced prior to the submission of the final, binding bid and the consummation of the Transaction due to payments on the Secured Loan by the HoldCos, in which case the Cash Bid may be increased up to the amount of the offsetting decrease in the outstanding principal amount of the Secured Loan. Pursuant to the Order, authorization to submit a final binding bid and to consummate the Transaction in accordance with this Motion and the Bidding and Acquisition Procedures shall be deemed to include authorization for the TCEH Debtors to pay such additional amount in the Cash Bid

[4] For the avoidance of doubt, the Debtors will file a separate motion with the Court seeking authority to file notice of the Bid Cap under seal.

3

and their counsel, and the other Notice Parties. If any of the Notice Parties files a timely objection to the proposed Bid Cap, the TCEH Debtors shall not be authorized to submit a bid in excess of the Initial Bid Amount unless and until such objection is withdrawn, resolved to the satisfaction of the objecting Notice Party and the TCEH Debtors, or overruled by the Court. If no objections are received, the TCEH Debtors will be authorized to submit a final, binding bid, reflecting the Bid Terms and, with respect to the Initial Bid Amount, in an amount up to the Bid Cap, and, if selected as the winning bidder, execute definitive agreements, obtain any necessary regulatory authorizations or consents, and consummate the Transaction without further order of the Court and subject to the terms of the Order. The TCEH Debtors will advise the Notice Parties of the material terms of the definitive agreements for the Transaction.[5]

c. ***Enhanced Bid.*** The TCEH Debtors may decide, in the exercise of their business judgment and in consultation with their professional advisors, to submit a final, binding bid, reflecting the Bid Terms and, with respect to the Initial Bid Amount, in an amount in excess of the Bid Cap. By these Bidding and Acquisition Procedures, the TCEH Debtors are authorized, but not required to, submit any proposal to increase the Initial Bid Amount in an amount in excess of the Bid Cap and, if selected as the winning bidder, to execute definitive agreements, obtain any necessary regulatory authorizations or consents, and consummate the Transaction without further order of the Court, *provided, however,* that the Notice Parties approve such enhanced bid pursuant to the following procedures (the "Enhanced Bid Approval Procedures"):

    i. if the TCEH Debtors determine, in their business judgment, that submission of a final, binding bid reflecting the Bid Terms and, with respect to the Initial Bid Amount, in an amount in excess of the Bid Cap is in the best interests of the TCEH Debtors' estates, they shall submit a written request (a "Request") to the Notice Parties for approval of such increase;

    ii. upon receipt of a Request from the TCEH Debtors, the Notice Parties will have two business days to provide a written response (a "Response") to the TCEH Debtors either (A) approving such increase in the Initial Bid Amount in an amount in excess of the Bid Cap, or (B) stating that the Notice Parties do not approve such increase;

---

[5] *See, supra,* footnote 3.

   iii. if the Notice Parties do not approve such increase or fail to deliver a timely Response, the TCEH Debtors shall not submit a final, binding bid reflecting an Initial Bid Amount in excess of the Bid Cap, unless and until the TCEH Debtors receive written approval from the Notice Parties or upon further order of the Court; and

   iv. if the Notice Parties approve such increase, the Bid Cap shall be increased by the amount set forth in the Request and the TCEH Debtors are authorized to submit a final, binding bid reflecting the Bid Terms and, with respect to the Initial Bid Amount, in an amount not to exceed the amount set forth in the Request. If the TCEH Debtors are selected as the winning bidder, the TCEH Debtors are authorized to execute definitive agreements, obtain any necessary regulatory authorizations or consents, and consummate the Transaction with the Seller without further order of the Court, subject to the terms of the Order. The TCEH Debtors will advise the Notice Parties of the material terms of the definitive agreements for the Transaction.[6]

5. Notwithstanding anything herein or in the Motion to the contrary, the TCEH Debtors will not execute any definitive documentation with respect to the Transaction (including any final binding bid or any related purchase and sale agreement) without the prior written consent of the ad hoc committee of TCEH first lien creditors.

6. For the avoidance of doubt, the automatic stay under section 362 of the Bankruptcy Code shall not affect any rights the Seller may have to initiate an action for the breach of any agreements relating to the Sale Process without any further approval or action by the Bankruptcy Court, and all parties reserve all rights with respect to any such claims or such actions.

7. <u>The TCEH Debtors will not use any unencumbered assets or Segregated Cash (as defined in the TCEH Cash Collateral Order) to acquire the Assets. Any property or assets that</u>

---

[6] *See, supra*, footnote 3.

any of the TCEH Debtors directly acquire pursuant to and upon consummation of the Transaction (including any capital stock, beneficial interest, or other ownership interest in SaleCo) shall automatically, upon the transfer of interests in such property or assets from the Seller (or any of its affiliates) to any of the TCEH Debtors pursuant to the terms of the definitive purchase and sale agreement, become subject to the Prepetition First Priority Liens and the Prepetition Second Priority Liens (as defined in the TCEH Cash Collateral Order) to secure repayment of the Prepetition First Lien Obligations and the Prepetition Second Lien Obligations (as defined in the TCEH Cash Collateral Order), as applicable, without the need for any further action by any party or entry of any further order of the Court. For the avoidance of doubt, to the extent SaleCo and the HoldCos are designated as "Unrestricted Subsidiaries" under the TCEH DIP Credit Agreement none of (a) the Assets, (b) the assets of SaleCo; or (c) the assets of the HoldCos will be subject to the Prepetition First Priority Liens or Prepetition Second Priority Liens.

7.8.    Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

8.9.    Nothing in this Order shall affect the rights, duties, or obligations of any Debtor other than the TCEH Debtors.

9.10.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.11.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

~~11.~~ 12. The TCEH Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

~~12.~~ 13. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2015

THE HONORABLE CHRISTOPHER S. SONTCHI<br>UNITED STATES BANKRUPTCY JUDGE