# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*
_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

October 27, 2015

Via ECF and Hand Delivery

Honorable Christopher S. Sontchi,
   United States Bankruptcy Court for the District of Delaware,
     824 N. Market Street, 5th Floor,
       Wilmington, DE  19801.

        Re:   *In re Energy Future Holdings Corp., et al.*,
              Case. No. 14-10979 (CSS)

Dear Judge Sontchi:

       We are counsel to the official committee (the "EFH Committee") of unsecured creditors of Energy Future Holdings Corp. ("EFH"), Energy Future Intermediate Holding Company LLC ("EFIH"), EFIH Finance Inc., and EECI, Inc.  We write to request that the Court enter a protective order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure quashing the *Notice of Deposition* [D.I. 6650] served upon the EFH Committee pursuant to Rule 30(b)(6) on Sunday, October 25, 2015 by the Ad Hoc Group of TCEH Unsecured Noteholders,[1] purportedly in connection with the *Trial Brief and Omnibus Objection* of the EFH Committee [D.I. 6627] and *Supplement* thereto [D.I. 6643], both dated October 23, 2015.

       Through the Notice of Deposition, the Ad Hoc Group of TCEH Unsecured Noteholders seeks to depose the EFH Committee on November 2, 2015, the day before the start of the Confirmation Hearing, on matters relating to the EFH Committee's prehearing briefs and objections.  There is no purpose or sense to this discovery request.  As the Court is well aware, the EFH Committee is a statutory committee appointed pursuant to section 1102 of the Bankruptcy Code with duties to its constituency as a whole to, among other things, seek the maximum distributable value of the EFH Debtors' estates.  The members of the EFH Committee, fiduciaries for the unsecured creditors of

---

[1] The "Ad Hoc Group of TCEH Unsecured Noteholders is the ad hoc group of certain holders of 10.25% Fixed Senior Notes due 2015 (including Series B) and 10.50%/11.25% Senior Toggle Notes due 2016 issued by Texas Competitive Electric Holdings Company LLC and TCEH Finance, Inc., represented by White & Case LLP.  The above-referenced Federal Rules of Civil Procedure are made applicable by Federal Rules of Bankruptcy Procedure 7026, 7030 and 9014.

Honorable Christopher S. Sontchi                                                             -2-

the "E-side," will not be testifying at the hearing and neither the EFH Committee, nor its members, appears on the witness list of the EFH Committee or any other party, save that of the Ad Hoc Group of TCEH Unsecured Noteholders who purport to reserve the right to call the Rule 30(b)(6) deponent they now seek.[2]

Despite the fact that the EFH Committee has not designated any of its members as trial witnesses — and doing so would make no sense given the issues to be addressed relating to the confirmation of the Plan and approval of the Settlement Agreement — the Notice of Deposition seeks the testimony of the EFH Committee on three topics:

> 1. All factual allegations in the [EFH Committee's Trial Brief and Objection], including in paragraphs 23, 26, 35, 39, 44-48, 52-54, 64–69, 86-89, 95-97, 101-105, 110, 115-119, 121-124, 132-139, 152, 154, 156, 157, 168-171, 183, 186-188, 193-194, 235, 243-245, 247- 249, 252, 260, 269-270, 272, 276-277, 279, 280-284, and 289.
>
> 2. All factual allegations in [the EFH Committee's Supplement to its Trial Brief and Objection], including in paragraphs 3, 11, 16, 25-27, 43, 61-65, 75-80, 85, 86 and 89.
>
> 3. All testimony and evidence which the EFH Committee intends to present or rely on at the Plan Confirmation Hearing

None these topics is appropriate or requires the testimony of the EFH Committee. The record evidence on which the EFH Committee relies is extensively cited in its briefs filed, and none of it is in the form of testimony from any members of the EFH Committee. Rather, the EFH Committee will be presenting its case through the testimony and cross-examination of fact and expert witnesses (who have already been deposed) and the documentary evidence of record. Thus, the testimony of the EFH Committee is not necessary or relevant to the three topics on which the Ad Hoc Group of TCEH Unsecured Noteholders demands a deposition.

---

[2]   For the reasons discussed herein, the EFH Committee also objects to any attempt to call an EFH Committee representative at the Confirmation Hearing.

Honorable Christopher S. Sontchi -3-

    The Notice of Deposition also disregards the prehearing procedures set by the Court in its Amended Scheduling Order,[3] which details how, and when, information relating to the Confirmation Hearing will be exchanged through witness lists, exhibit lists, briefs and objections.  Simply put, neither the pretrial procedures adopted by this Court nor the issues in dispute permit or require the deposition testimony sought by the Ad Hoc Group of TCEH Unsecured Noteholders, which, if it were permitted, would amount to nothing more than a recitation of the written disclosure already provided.  The Notice of Deposition should be quashed.

    In light of the deposition being noticed for Monday, November 2 and the commencement of the Confirmation Hearing on Tuesday, November 3, the EFH Committee respectfully requests that the Court address this issue during the Final Pretrial Conference in this matter set for tomorrow, October 28, 2015.[4]

                     Respectfully submitted,

                     */s/ Brian D. Glueckstein*

                     Brian D. Glueckstein

cc:  All Participating Parties (via E-mail)
    All counsel of record (via ECF)

---

[3] The "Amended Scheduling Order" is the *Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization* [D.I. 5771] and the and the *Notice of Agreed Amendments to the Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization*, dated October 14, 2015

[4] The EFH Committee sought in good faith to obtain the voluntary withdrawal of the Notice of Deposition by the Ad Hoc Group of TCEH Unsecured Noteholders, but they would not agree to do so and asserted that the deposition was necessary to obtain unspecified "admissions" of the EFH Committee without any explanation of how such admissions are relevant to the issues to be tried.  Prior to the current Notice of Deposition, the Ad Hoc Group of TCEH Unsecured Noteholders served on September 15, 2015 a Notice of Deposition upon the EFH Committee seeking the testimony of the EFH Committee relating to its objections to the Plan [D.I. 6043].  The EFH Committee objected to that notice, and the parties ultimately agreed that they would defer their dispute.  Thus, although the current Notice of Deposition is untimely under the Amended Scheduling Order, the EFH Committee's objection to the Notice is directed to its substance rather than its timeliness.