UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | Hearing Date: Nov. 3, 2015 @ 11.00 a.m. |
|  | ) | Obj. Response Deadline: Oct. 27, 2015 |
|  | ) | Related Docket No. 6544, 6122 |

**AETNA LIFE INSURANCE COMPANY'S AND AETNA INC.'S LIMITED OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO THE PROPOSED CURE AMOUNT FOR EXECUTORY CONTRACTS TO BE ASSUMED**

Aetna Life Insurance Company and its affiliate, Aetna, Inc. (collectively, "Aetna"), by and through its counsel, files this limited objection and reservation of rights with respect to the proposed cure amount set forth in the Plan Supplement for the Fifth Amended Joint Plan of Reorganization ("Plan of Reorganization") of Energy Future Holdings Corp. et al. [D.I. 6544] (the "Plan Supplement"), and in support hereof, Aetna respectfully states as follows:

**Background**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157, and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On April 29, 2014, Debtors filed a petition seeking protection under Chapter 11 of Title 11 of the United States Bankruptcy Code. Debtors have retained possession of their assets and are operating their businesses as debtors in possession.

3. Aetna is a party to a certain Master Services Agreement ("ASA") between Aetna and Debtor Energy Futures Holding Corp. pursuant to which Aetna administers

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these Chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

\9643381.1

ME1 21379796v.1

certain claims for benefits provided by Debtor pursuant to Debtor's self-funded employee benefits plan ("Benefits Plan").

4. On or about October 20, 2015, Debtors filed the Plan Supplement, listing the ASA, described therein as a Dental Plan Services Agreement dated 1/1/2008, as an executory contract to be assumed in connection with the Plan of Reorganization. Debtors listed the cure amount as $0.00.

5. Pursuant to Article V of the Plan of Reorganization, all claims and defaults arising at any time prior to the effective date of assumption under a contract designated for assumption are released and deemed satisfied.

6. Consequently, under the Plan, any payments owing to Aetna under the ASA relating to the period prior to the Plan Effective Date will be deemed waived, whether a default has occurred or not.

## Limited Objection

7. For the Debtors to assume any executory contract or unexpired lease, the Debtors must cure any amounts outstanding thereunder pursuant to section 365 of the Bankruptcy Code and must provide adequate assurance of future performance. *See* 11 U.S.C. § 365(b)(1).

8. Although Aetna does not believe that the Debtors are currently in default under the ASA, various amounts remain outstanding from the Debtors and will continue to arise on a daily basis under the ASA. Aetna wishes to preserve its right to demand and receive payment for any amounts that become due on or after the Plan Effective Date on account of claims that arise prior to the Plan Effective Date, including amounts advanced by

Aetna to pay claims under the Benefits Plan with respect to dental and/or healthcare services rendered prior to the Plan Effective Date.

9. Aetna thus objects on a limited basis to the Cure Amount of $0.00 stated in the Plan Supplement and to the provision that purports to waive any claims arising prior to the Plan Effective Date regardless of whether a default exists. Aetna reserves the right to recover, as cure or adequate assurance of performance, any additional amounts that may become due on account of claims arising prior to the Plan Effective Date. Aetna also reserves and retains all rights to assert post-assumption reimbursement or other claims that may arise under the ASA relating to pre-assumption events.

WHEREFORE, for the foregoing reasons, Aetna respectfully requests that this Court condition assumption of Aetna's ASA on the satisfaction in full of the actual sums that become due and payable to Aetna on account of claims arising prior to the Plan Effective Date and grant Aetna such other and further relief as the Court deems just and proper.

Dated: October 27, 2015
      Wilmington, Delaware

**McCARTER & ENGLISH, LLP**

By: */s/ Katharine L. Mayer*
Katharine L. Mayer, Esq. (DE # 3758)
Matthew Rifino (DE #4749)
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone (302) 984-6300
Facsimile (302) 984-6399
kmayer@mccarter.com
mrifino@mccarter.com

-and-

\9643381.1

ME1 21379796v.1

Aaron McCollough
Patricia K. Smoots
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 849-8100
amccollough@mcguirewoods.com
psmoots@mcguirewoods.com

*Counsel for Aetna Life Insurance Company and Aetna Inc.*

\9643381.1

ME1 21379796v.1