## Exhibit D

**Blackline - Form of Stipulation**

## STIPULATION

This STIPULATION (this "**Stipulation**")[1] is made and entered into as of October [~~   ~~],27, 2015 (the "**Stipulation Effective Date**"), by and among the following parties:

(a) (i) Energy Future Intermediate Holding Company LLC ("**EFIH**"), a Delaware limited liability company; and (ii) EFIH Finance Inc. ("**EFIH Finance**," and together with EFIH, the "**EFIH Debtors**"), a Delaware corporation and a direct, wholly-owned subsidiary of EFIH; and

(b) GSO Capital Partners LP, solely on behalf of the undersigned funds and accounts it manages or advises (collectively, "**GSO**"), Avenue Capital Management II, L.P. ("**Avenue**," and together with GSO, the "**Initial EFIH PIK Settling Noteholders**"), and the other undersigned beneficial holders or investment advisors or managers for such beneficial holders or discretionary accounts of such beneficial holders (collectively with the Initial EFIH PIK Settling Noteholders, the "**Settling EFIH PIK Noteholders**") that hold claims (the "**EFIH PIK Note Claims**") against the EFIH Debtors arising out of the 11.25%/12.25% senior toggle notes due December 1, 2018 (the "**EFIH PIK Notes**"), issued pursuant to that certain Indenture (as amended and/or supplemented, the "**EFIH PIK Notes Indenture**") dated as of December 5, 2012, by and among, *inter alia*, the EFIH Debtors, as issuers, and UMB Bank, N.A., as successor indenture trustee to The Bank of New York Mellon Trust Company, N.A. (the "**EFIH PIK Notes Trustee**").

Each EFIH Debtor and each Settling EFIH PIK Noteholder is referred to herein as a "**Party**" and are collectively referred to herein as the "**Parties**."

WHEREAS, on April 29, 2014 (the "**Petition Date**"), Energy Future Holdings Corp. ("**EFH**"), the EFIH Debtors, and certain of their affiliates commenced chapter 11 cases in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), which chapter 11 cases are being jointly administered and are captioned In re Energy Future Holdings Corp., et al., Case No. 14-10979 (CSS) (the "**Chapter 11 Cases**");

WHEREAS, on or about October 23, 2014, the EFIH PIK Notes Trustee filed proof of claim 6347 (the "**EFIH PIK Proof of Claim**") in the Chapter 11 Cases on behalf of itself and all holders of EFIH PIK Notes, whereby it asserted claims for, among other things, all "principal, premiums, the Applicable Premium, pre-payment penalties, make-whole premiums, [and/or] call premiums" and "interest ... arising from and after" the Petition Date;

WHEREAS, on July 9, 2015, the EFIH Debtors filed the *EFIH Debtors' Partial Objection to Proof of Claim No. 6347 Filed by the Indenture Trustee for the EFIH Unsecured Notes* [D.I. 4964] (the "**EFIH PIK Claim Objection**"), whereby the EFIH Debtors objected to the EFIH PIK Proof of Claim to the extent it seeks payment of (i) an Applicable Premium

---

[1] Unless otherwise indicated, capitalized terms used but not otherwise defined herein have the meaning ascribed to such terms in the Plan, as defined below~~.~~, and, if not defined therein, the PSA, as defined below.

**Confidential Settlement discussions subject to fre 408**

under section 3.07(a) of the EFIH PIK Notes Indenture, (ii) an Optional Redemption Price under section 3.07(d) of the EFIH PIK Notes Indenture, or (iii) unmatured interest;

**WHEREAS**, on September 11, 2015, the Debtors and certain other parties entered into that certain *Amended & Restated Plan Support Agreement* (the "**PSA**") setting forth the terms and conditions on which such parties will pursue the approval and consummation of the Plan and the Restructuring Transactions;

**WHEREAS**, on September 21, 2015, the Debtors filed in the Chapter 11 Cases the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6122] (as may be amended from time to time, the "**Plan**"), which provides that the EFIH PIK Note Claims shall be allowed in an amount equal to outstanding principal, accrued but unpaid prepetition interest, and accrued postpetition interest on the principal amount outstanding as of the Petition Date at the Federal Judgment Rate, but excluding any Makewhole Claims; and

**WHEREAS**, the EFIH Debtors, the Settling EFIH PIK Noteholders, and certain other parties in interest in the Chapter 11 Cases have been engaged in good faith negotiations with each other regarding the disputes with respect to the EFIH PIK Note Claims, and the Parties have reached agreement with each other with respect to such disputes on the terms and conditions set forth in this Stipulation.

**NOW, THEREFORE**, in consideration of the promises and the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each Party, intending to be legally bound, agrees as follows:

**Section 1.**     **Effective Date of Stipulation**.

This Stipulation shall be immediately effective and binding on each Party, other than the EFIH Debtors, upon the execution and delivery to the other Parties of a signature page to this Stipulation and entry by such Party into the PSA; *provided, however*, that this Stipulation shall become effective and binding with respect to the EFIH Debtors upon entry by the Bankruptcy Court of an order approving this Stipulation.

**Section 2.**     **Settlement of EFIH PIK Note Claims**.

2.1     Notwithstanding anything to the contrary in the Plan, the EFIH PIK Note Claims held by the Settling EFIH PIK Noteholders shall be Allowed in an amount equal to the sum of: (a) the principal amount outstanding of EFIH PIK Notes held by the Settling EFIH PIK Noteholders, plus accrued but unpaid prepetiton interest at the non-default contract rate set forth in the EFIH PIK Notes Indenture; and (b) 57.5% of accrued but unpaid postpetition interest at the non-default contract rate set forth in the EFIH PIK Notes Indenture through the effective date of a chapter 11 plan for EFIH, but not including for the avoidance of doubt any Makewhole Claims.

**Confidential Settlement discussions subject to fre 408**

2.2    (a) the Initial EFIH PIK Settling Noteholders and (b~~),~~) in the EFIH Debtors' discretion, with (during the Plan Support Effective Period~~, as defined in the PSA (defined below)~~) the consent of the Required Investor Parties ~~(as defined in the PSA)~~, other Settling EFIH PIK Noteholders ~~who execute that certain Amended & Restated Plan Support Agreement dated September 11, 2015 (as it may be amended from time to time, including by that certain First Amendment to Amended & Restated Plan Support Agreement dated October [___], 2015, the "**PSA**"), by and among the Debtors and certain other parties in interest in the Chapter 11 Cases,~~ shall receive a consent fee equal to 2.5% of unpaid postpetition interest accrued at the non-default contract rate set forth in the EFIH PIK Notes Indenture through the effective date of a chapter 11 plan for EFIH with respect to the EFIH PIK Notes held by such Settling EFIH PIK Noteholder, which consent fee shall be (~~a~~y) earned upon the last to occur of ~~execution~~the effectiveness of ~~the PSA~~this Stipulation as to such Settling EFIH PIK Noteholder and the date the Bankruptcy Court enters an order approving this Stipulation and (~~b~~z) payable upon the effective date of a chapter 11 plan for EFIH, unless such Settling EFIH PIK Noteholder has terminated this Stipulation under section 4.1 hereof.

**Section 3.    Other Commitments of the Settling EFIH PIK Noteholders**.

If Fidelity Management & Research Company ("**Fidelity**") executes and becomes a party to the PSA, then upon or as soon as reasonably practicable after such execution of the PSA by Fidelity, the Settling EFIH PIK Noteholders that are parties in the adversary proceeding captioned *Avenue Capital Management II LP, et al., v. Fidelity Investments*, Adv. Pro. No. 14-50797 (CSS) (Bankr. D. Del.) (the "**Fidelity Call Litigation**"), will take all commercially reasonable actions to dismiss with prejudice the Fidelity Call Litigation, including any and all pending appeals related thereto.

**Section 4.    Termination**.

4.1    This Stipulation ~~may~~shall be automatically terminated with respect to ~~any Settling EFIH PIK Noteholder, by such Settling EFIH PIK Noteholder delivering to each other Party a written notice~~all Parties upon the occurrence ~~and during the continuation~~ of any of the following events: (a) ~~the~~ termination~~, with respect to any Settling EFIH PIK Noteholder,~~ of the PSA ~~under Section 12 thereof~~by EFIH or (b) the Plan Support Termination Date, as defined and set forth in Section 11 of the PSA~~, occurs~~.  This Stipulation shall be automatically terminated with respect to a Settling EFIH PIK Noteholder upon a termination of the PSA with respect to such Settling EFIH PIK Noteholder.

4.2    Upon termination of this Stipulation with respect to a ~~Settling EFIH PIK Noteholder~~Party in accordance with Section 4.1 hereof: (a) this Stipulation shall be of no further force and effect with respect to such Party; (b) ~~su~~each Party subject to such termination shall be released from its commitments, undertakings, and agreements under this Stipulation and shall have the rights that it would have had, had it not entered into this Stipulation, and shall be entitled to take all actions that it would have been entitled to take had it not entered into this Stipulation; and (c) the remaining Parties to this Stipulation, if any, shall be released from any commitments, undertaking, and agreements owed to such terminated Party under this Stipulation (including Section 2.2 hereof); *provided*, *however*r, for the avoidance of doubt, if the Fidelity Call Litigation has been dismissed with prejudice, no Settling EFIH PIK Noteholder

3

~~Confidential Settlement discussions subject to fre 408~~

~~that terminates its obligations hereunder~~ shall take any action to revive or otherwise pursue the claims and causes of action asserted in such Fidelity Call Litigation.

**Section 5.    Miscellaneous**.

5.1    Complete Agreement.

This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof and supersedes and nullifies all prior agreements, oral or written, among the Parties with respect thereto; *provided*, for the avoidance of doubt, the Parties' agreements pursuant to the PSA shall not be affected by the Parties' entry into this Stipulation.

5.2    Governing Law; Jurisdiction; Waiver of Jury Trial.

(a)    This Stipulation shall be construed and enforced in accordance with, and the rights of the Parties shall be governed by, the laws of the State of Delaware, without giving effect to the conflict of laws principles thereof.  Each Party hereto agrees that it shall bring any action or proceeding in respect of any claim arising out of or related to this Stipulation in the United States Bankruptcy Court for the District of Delaware (the "**Chosen Court**"), and solely in connection with claims arising under this Stipulation: (i) irrevocably submits to the exclusive jurisdiction and the authority of the Chosen Court; (ii) waives any objection to laying venue in any such action or proceeding in the Chosen Court; and (iii) waives any objection that the Chosen Court is an inconvenient forum, does not have jurisdiction over any Party hereto, or lacks the constitutional authority to enter final orders in connection with such action or proceeding.

(b)    Each Party hereby waives, to the fullest extent permitted by applicable law, any right it may have to a trial by jury in any legal proceeding arising out of, or relating to, this Stipulation or the transactions contemplated hereby (whether based on contract, tort, or any other theory).  Each Party (i) certifies that no representative, agent, or attorney of any other Party has represented, expressly or otherwise, that such other Party would not, in the event of litigation, seek to enforce the foregoing waiver and (ii) acknowledges that it and the other Parties have been induced to enter into this Stipulation by, among other things, the mutual waivers and certifications in this Section 5.2.

5.3    Execution of Stipulation.

This Stipulation may be executed and delivered in any number of counterparts and by way of electronic signature and delivery, each such counterpart, when executed and delivered, shall be deemed an original, and all of which together shall constitute the same agreement.  Each individual executing this Stipulation on behalf of a Party has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

5.4    Interpretation and Rules of Construction.

This Stipulation is the product of negotiations among the Parties and in the enforcement or interpretation hereof, is to be interpreted in a neutral manner, and any presumption with

**Confidential Settlement discussions subject to fre 408**

regard to interpretation for or against any Party by reason of that Party having drafted or caused to be drafted this Stipulation, or any portion hereof, shall not be effective in regard to the interpretation hereof. The Parties were each represented by counsel during the negotiations and drafting of this Stipulation and continue to be represented by counsel. In addition, this Stipulation shall be interpreted in accordance with section 102 of the Bankruptcy Code.

5.5     Settlement Discussions.

This Stipulation and the transactions contemplated herein are part of a proposed settlement among the Parties. Nothing herein shall be deemed an admission of any kind. To the extent provided by Federal Rule of Evidence 408, all applicable mediation privileges, and any applicable state rules of evidence, this Stipulation and all negotiations relating thereto shall not be admissible into evidence in any proceeding other than a proceeding to enforce the terms of this Stipulation.

5.6     Successors and Assigns; No Third Party Beneficiaries.

This Stipulation is intended to bind and inure to the benefit of the Parties and their respective successors and permitted assigns, as applicable. Except as otherwise explicitly set forth herein, nothing in this Stipulation is intended to benefit or create any right or cause of action in or on behalf of any person other than the Parties hereto (and their affiliated persons and entities who are intended to be beneficiaries of the releases and settlements set forth herein).

5.7     Notices.

All notices hereunder shall be deemed given if in writing and delivered, if sent by electronic mail, courier, or registered or certified mail (return receipt requested) to the following addresses (or at such other addresses as shall be specified by like notice):

(a)     if to the EFIH Debtors, to:

Energy Future Holdings Corp., et al.
Energy Plaza
1601 Bryan Street
Dallas, Texas 75201
Attention: General Counsel
E-mail addresses:    stacey.dore@energyfutureholdings.com
                     andrew.wright@energyfutureholdings.com

with copies (which shall not constitute notice) to:

Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Attention: Edward O. Sassower, P.C., Stephen E. Hessler, and Brian E. Schartz
E-mail addresses:    esassower@kirkland.com

5

**Confidential Settlement discussions**
**subject to fre 408**

      shessler@kirkland.com
      bschartz@kirkland.com

  and

  Kirkland & Ellis LLP
  300 North LaSalle Street
  Chicago, IL 60654
  Attention:  James H.M. Sprayregen, P.C., Marc Kieselstein, P.C., Chad J. Husnick and Steven N. Serajeddini
  E-mail addresses: jsprayregen@kirkland.com
      marc.kieselstein@kirkland.com
      chusnick@kirkland.com
      steven.serajeddini@kirkland.com;

  and

  Cravath, Swaine and Moore LLP
  Worldwide Plaza
  825 Eighth Avenue
  New York, NY 10019
  Attention:  Philip A. Gelston
  Email address: pgelston@cravath.com

  and

  Jenner & Block LLP
  919 Third Avenue
  New York, NY 10022
  Attention:  Richard Levin
  Email address: rlevin@jenner.com

(b) if to a Settling EFIH PIK Noteholder, to:

  [Akin Gump Strauss Hauer & Feld LLP
  One Bryant Park
  Bank of America Tower
  New York, New York 10036
  Attention: Ira S. Dizengoff and Scott L. Alberino
  E-mail addresses: idizengoff@akingump.com
      salberino@akingump.com]

or such other address as may have been furnished by a Party to each of the other Parties by notice given in accordance with the requirements set forth above. Any notice given by delivery, mail, or courier shall be effective when received.

~~**Confidential Settlement discussions subject to fre 408**~~

5.8     <u>Severability and Construction</u>.

If any provision of this Stipulation shall be held by a court of competent jurisdiction to be illegal, invalid, or unenforceable, the remaining provisions shall remain in full force and effect if essential terms and conditions of this Stipulation for each Party remain valid, binding, and enforceable.

IN WITNESS WHEREOF, the Parties have caused this Stipulation to be executed and delivered by their respective duly authorized officers, solely in their respective capacity as officers of the undersigned and not in any other capacity, as of the date first set forth above.

[Signature Pages Follow]

Americas 90867703

~~Confidential Settlement discussions subject to fre 408~~

**Debtor Signature Pages**

[DEBTOR]

By: _____
    Name:
    Title:

8

~~Confidential Settlement discussions subject to fre 408~~

**Settling EFIH PIK Noteholder Signature Pages**

[SETTLING EFIH PIK NOTEHOLDER]


By:_____
    Name:
    Title:

9