# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## JOINT STIPULATED FINAL PRE-TRIAL ORDER

WHEREAS, on August 10, 2015, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement* [D.I. 5249] (the "Settlement Motion");

WHEREAS, on August 21, 2015, the Debtors filed the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Et Al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6122] (as may be further amended, modified, or supplemented, the "Plan");

WHEREAS, on October 15, 2015, the Court held an initial pre-trial conference relating to the hearing on the Settlement Motion and confirmation of the Plan (the "Confirmation Proceedings");

WHEREAS, on October 28, 2015, the Court will hold a final pretrial conference relating to the Confirmation Proceedings;

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 13205306v.1

WHEREAS, the Confirmation Proceedings will commence on November 3, 2015;

It is HEREBY ORDERED THAT the following provisions shall apply to the Confirmation Proceedings:

1. **Scope and Phasing.** The Confirmation Proceedings will be divided into two phases. The first phase ("Phase I") shall address all issues relating to the Settlement Motion, and issues relating to confirmation of the Plan that are not covered in the second phase ("Phase II"). Phase II shall address only the potential reinstatement of EFH legacy notes at TCEH and the feasibility of reorganized TCEH if such notes are reinstated. Phase II of the Confirmation Proceedings shall commence the week of November 30, 2015.

2. The Confirmation Proceedings will not address issues relating to merits or amounts of any makewhole claims, postpetition contract interest claims, fee and expense claims, or certain other amounts allegedly due on the EFH or EFIH notes (provided, however, that nothing herein shall preclude any Participating Party from introducing evidence regarding: (i) the feasibility of the Plan, including regarding the ability of any successor to EFH or EFIH to satisfy any such claims after the Effective Date; (ii) whether the Plan provides for the payment in full of all such claims or amounts to the extent allowed, whether before or after the Effective Date; and/or (iii) whether the Plan otherwise alters the claimants' rights with respect to such claims). Whether the makewhole, post-petition interest, or fee and expense claims are allowed or disallowed, including all issues raised in the *EFH Legacy Series Q/R Trustee's Motion for Partial Summary Judgment: (I) In Response to Objection to Makewhole Claims; And (II) Regarding Condition Precedent 9 to Effectiveness of Plan* [D.I. 6386], and the expert report of Jack Williams, will be resolved in separate proceedings.

3.  Witnesses called in Phase I of the Confirmation Proceedings shall take the stand only once in that phase. To the extent that a witness appears on the witness lists of both Plan supporters and Plan objectors, the cross examination of the witness may exceed the scope of the direct if necessary to avoid recalling the witness.

4.  **Trial Time and Allocation.** Phase I shall be limited to fifty-five hours of total trial time. This time limit shall include all court time used during the evidentiary proceedings, including opening statements, direct and cross examinations, and motion arguments. Closing arguments shall not count against the time limit.

5.  The total trial time in Phase I shall be divided evenly between Plan supporters and Plan objectors (collectively, the "Participating Parties"), such that each shall be limited to twenty-seven and one-half hours of time. The Plan objectors shall meet and confer in good faith regarding the allocation of the Plan objectors' trial time. Any dispute regarding allocation of trial time may be submitted to the Court. Use of trial time by each side shall be monitored by a chess clock.

6.  These Phase I time limits and allocations shall be extended by the Court only upon a showing of cause or compelling need. The Court retains discretion with respect to any request to extend the Phase I time limits.

7.  **Opening Statements.** The opening statements of the Debtors and Plan supporters shall be limited to no more than 2 hours total, of which the Debtors' opening will be targeted at 45 minutes and limited to no more than 1 hour. The opening statements of Plan objectors shall be limited to no more than 2 hours total, with a target of 30 minutes for the EFH Official Committee and a target of 10 minutes each for the remaining Plan objectors.

3

8.  **Direct Examinations.** Participating Parties may submit narrative written direct examinations for all or part of any witness's testimony. Written directs shall not count against a party's allocated time. Witnesses testifying by written direct are permitted to supplement the written direct with live testimony.

9.  All witnesses must be tendered for cross examination. The Debtors shall provide written directs for their first three witnesses to the Court and all Participating Parties on Friday, October 30, 2015 at 4:00 p.m. The Debtors shall provide written directs for their fourth and fifth witnesses to the Court and all Participating Parties by Sunday, November 1, 2015 at 4:00 p.m. The Debtors shall provide a written direct for their sixth witness to the Court and all Participating Parties by Monday, November 2, 2015 at 4:00 p.m. [Debtors: Thereafter,] [E Committee: In no circumstance shall a witness be called to testify less than 72 hours after the written direct is provided to the Participating Parties. For all witnesses after the Debtors' first six witnesses] each Participating Party submitting testimony through a written direct shall provide such written direct to the Court and all Participating Parties at least [Debtors: 72 hours] [E Committee: four calendar days] before the witness is called and any testimony is offered.

10. If a Participating Party intends to call a witness adversely who is not otherwise being called, it must give counsel to the witness at least four calendar days' notice before doing so.

11. **Deposition Designations.** Plan objectors may submit deposition designations for fact witnesses who are not employed or affiliated with any Plan objector, even for witnesses who are available and will testify at trial either live or through written direct examination.

12. **Exhibits.** The inclusion of a document on a Participating Party's final exhibit list shall constitute notice pursuant to Paragraph 17 of the *Confidentiality Agreement and Stipulated*

4

*Protective Order* [D.I. 1833] (the "Protective Order") that the Participating Party intends to offer or use the document in open court. By October 28, 2015, each Participating Party must give notice to any party that is not a Participating Party of any exhibits included on the Participating Party's final exhibit list that were produced by the other party. If an exhibit appearing on any final exhibit list contains Designated Material under the Protective Order, the party that produced the exhibit shall have until October 30, 2015 to object to the publication of the exhibit in open court. If the producing party objects, the provisions of Paragraph 17 of the Protective Order regarding resolution of any disputes shall apply.

13. Notwithstanding any other order to the contrary, the Participating Parties need not lodge objections to any exhibit on another Participating Party's exhibit list on October 28, 2015. By Monday, November 2, each Participating Party shall give notice of all exhibits it intends to move into evidence in the first week of trial following the Debtors' identification of the witnesses expected to testify that week. Thereafter, each Participating Party shall provide notice each Tuesday by 12:00 p.m. (noon) of all exhibits it intends to move into evidence that week after conferring, as necessary, about which witnesses are expected to testify that week. Any evidentiary objections to any exhibit shall be lodged by 12:00 p.m. (noon) on the Wednesday after notice of the exhibit has been provided.

14. At the specified time, the Participating Party may give notice of any of the noticed exhibits that it intends to admit under seal. Interested Participating Parties shall meet and confer in good faith to resolve any confidentiality or evidentiary disputes regarding the noticed exhibits. If no Participating Party objects to the admission of an exhibit under seal, it shall be admitted under seal, subject to the Court's discretion. If any Participating Party objects to the admission

of an exhibit under seal, the offering party shall apprise the Court of the dispute and seek relief from the Court.

15. Any exhibit admitted under seal shall not be published in the courtroom and no Participating Party shall disclose, or elicit testimony disclosing, the confidential information contained within the exhibit, unless the Court orders otherwise.

16. Exhibits produced by any Participating Party are self-authenticating and are understood to be true and accurate representations of the original document.

17. **Demonstratives.** A Participating Party must provide to all other Participating Parties any demonstrative to be used at the Confirmation Proceedings, prior to 10:00 p.m. Eastern Standard Time of the day before the demonstrative's use.

18. **Post-trial Briefing.** Upon the completion of the evidentiary portion of Phase I, the Participating Parties shall have [Debtors: ten] [E Committee: fourteen] calendar days to submit post-trial briefing to the Court.

19. **Closing Arguments.** The Participating Parties shall confer in good faith and work with the Court to schedule closing arguments as the trial progresses.

20. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October _____, 2015
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE