**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., et al., | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No.: 6530** |

**LIMITED OBJECTION OF THE BANK OF NEW YORK MELLON, AS INDENTURE
TRUSTEE, AND THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,
AS INDENTURE TRUSTEE, TO NOTICE OF PROPOSED SETTLEMENT OF
EFIH PIK NOTE CLAIMS OF GSO CAPITAL PARTNERS LP AND
AVENUE CAPITAL MANAGEMENT II, L.P.**

The Bank of New York Mellon ("BNYM"), in its capacity as the PCRB Trustee, and

The Bank of New York Mellon Trust Company, N.A. ("BNYMTC" and, together with BNYM,

"BNY"), in its capacity as the EFCH 2037 Notes Trustee, file this limited objection to the

Proposed Settlement of EFIH PIK Note Claims of GSO Capital Partners LP and Avenue Capital

Management II, L.P. (the "PIK Settlement") and the Amended and Restated Plan Support

Agreement ("Amended PSA"), which embodies the terms of the PIK Settlement.  In support of

the limited objection, BNY respectfully states as follows.

**I.      FACTUAL BACKGROUND**

1.      On August 10, 2015, the Debtors filed the Motion of Energy Future Holdings

Corp., et al. to Authorize the Debtors to Enter into and Perform under the Plan Support

Agreement and Hearing Thereon which sought authority for the Debtors to enter into a plan

support agreement (the "Original PSA") [Dkt. No. 5248].

2.      On September 18, 2015, this Court entered an Order Authorizing the Debtors to

Enter into and Perform under the Plan Support Agreement (the "PSA Order") [Dkt. No. 6097].

3.      BNY filed a Notice of Appeal of the PSA Order [Dkt. No. 6245] and the appeal

has been docketed by the United States District Court for the District of Delaware (the "District

Court") as of October 2, 2015 [Dkt. No. 6333] (the "Appeal").

4.      The Appeal is pending before the District Court.

5.      The proposed PIK Settlement would be embodied in the Amended PSA, which is

an amendment to the Original PSA, the approval of which is on Appeal before the District Court.

## II.    THE COURT SHOULD ENSURE THAT IT DOES NOT DISTURB ISSUES ON APPEAL TO THE DISTRICT COURT.

6.      "Generally, a notice of appeal divests the [trial] Court of jurisdiction 'over those

aspects of the case involved in the appeal.'"  *Kull v. Kutztown Univ. of Pa.*, 543 F. App'x 244,

248 (3d Cir. 2013) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).

7.      As the Third Circuit explained, the timely filing of a notice of appeal "'is an event

of jurisdictional significance, immediately conferring jurisdiction on [an appellate court] and

divesting a [lower] court of its control over those aspects of the case involved in the appeal.'"

*Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985) (citing *Griggs*, 459 U.S. at 58).

8.      "'Divest' means what it says - the power to act, in all but a limited number of

circumstances, has been taken away and placed elsewhere."  *Venen*, 758 F.2d at 120-21.

9.      The "rule is a judge-made . . . creation that is founded on prudential

considerations.  It is designed to prevent the confusion and inefficiency that would result if both

the district court and the court of appeals were adjudicating the same issues simultaneously."

*Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 97 (3d Cir. 1988); *Venen*, 758 F.2d at 121;

*Bensalem Township v. Internat'l Surplus Lines Ins. Co.*, 758 F.2d 117, 121 (3d Cir. 1985).

10.      Notwithstanding the divestiture of jurisdiction, a trial court "generally retains

jurisdiction to enforce, implement, or otherwise treat as valid judgments and orders that are the

subject of pending appeals, *as long as this enforcement, implementation, or treatment does not disturb the issues that are on appeal*." *See, e.g., Georgine v. AmChem Prods.*, No. 93-0215, 1995 WL 561297, *at* \*7 (E.D.Pa. July 10, 2001) (emphasis added); *In re Sherman*, 491 F.3d 948, 967 (9th Cir. 2007) (holding that after the timely filing of an appeal, "the bankruptcy court retains jurisdiction over all other matters that it must undertake to implement or enforce the judgment or order"); *see generally Chao v. Koresko*, 2005 WL 2521886, \*5 (3d Cir. Oct. 12, 2005) ("court retains authority to enforce a judgment that has not been stayed").

11.     Accordingly, before approving the Amended PSA, this Court should ensure that it is not "disturb[ing] the issues that are on appeal" to the District Court.

WHEREFORE, BNY respectfully requests that the Court (a) ensure that any order approving the Amended PSA does not disturb the issues on Appeal and (b) grant such further relief to BNY as is appropriate.

Dated:  October 28, 2015
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By:     */s/ Kurt F. Gwynne*
        Kurt F. Gwynne (No. 3951)
        1201 Market Street, Suite 1500
        Wilmington, DE 19801
        Telephone: (302) 778-7500
        Facsimile: (302) 778-7575
        Email:  kgwynne@reedsmith.com

        Counsel to The Bank of New York Mellon,
        in its capacity as the PCRB Trustee, and The
        Bank of New York Mellon Trust Company,
        N.A., in its capacity as the EFCH 2037
        Notes Trustee