**Exhibit 3**

**Relevant Excerpts of Form 424B3 Prospectus of Energy Future Holdings Corp., dated April 4, 2012**

**PROSPECTUS**

Filed Pursuant to Rule 424(b)(3)<br>
SEC File Nos. 333-171256, 333-171256-01 and 333-171256-02

**ENERGY FUTURE HOLDINGS CORP.**
$1,060,757,000 10.000% Senior Secured Notes due 2020
$115,446,000 9.75% Senior Secured Notes due 2019
$928,564,000 5.55% Series P Senior Notes due November 15, 2014
$750,000,000 6.50% Series Q Senior Notes due November 15, 2024
$750,000,000 6.55% Series R Senior Notes due November 15, 2034
$1,786,546,000 10.875% Senior Notes due 2017
$3,221,526,485 11.250%/12.000% Senior Toggle Notes due 2017

―――――――――――

**10.000% Senior Secured Notes due 2020**

Interest on the 10.000% Senior Secured Notes due 2020 (the "10.000% Notes" or the "EFH Corp. 10.000% Notes") is payable on January 15 and July 15 of each year. The 10.000% Notes accrue interest at the rate of 10.000% per annum. The 10.000% Notes will mature on January 15, 2020.

Energy Future Holdings Corp. ("EFH Corp.") may redeem any of the 10.000% Notes beginning on January 15, 2015 at the redemption prices set forth in this prospectus. EFH Corp. may also redeem any of the 10.000% Notes at any time prior to January 15, 2015 at a price equal to 100% of their principal amount, plus accrued and unpaid interest and a "make-whole" premium. In addition, before January 15, 2013, EFH Corp. may redeem up to 35% of the aggregate principal amount of the 10.000% Notes using the proceeds from certain equity offerings at the redemption price set forth in this prospectus.

The 10.000% Notes are senior obligations of EFH Corp. and rank equally in right of payment with all senior indebtedness of EFH Corp. The 10.000% Notes are effectively subordinated to any indebtedness of EFH Corp. secured by assets of EFH Corp. to the extent of the value of the assets securing such indebtedness and structurally subordinated to all indebtedness and other liabilities of EFH Corp.'s non-guarantor subsidiaries and any other unrestricted subsidiaries. The 10.000% Notes are senior in right of payment to any future subordinated indebtedness of EFH Corp.

Energy Future Competitive Holdings Company ("EFCH") and Energy Future Intermediate Holding Company LLC ("EFIH" and, together with EFCH, the "guarantors"), direct, wholly-owned subsidiaries of EFH Corp., jointly and severally guarantee the 10.000% Notes (the "10.000% Notes guarantees"). The 10.000% Notes guarantee from EFIH is secured, equally and ratably with certain outstanding indebtedness of EFH Corp. and EFIH, by the pledge of all membership interests and other investments EFIH owns or holds in Oncor Electric Delivery Holdings Company LLC ("Oncor Holdings") or any of Oncor Holdings' subsidiaries (such membership interests and other investments, the "Collateral"). The 10.000% Notes guarantee from EFCH is unsecured. The 10.000% Notes guarantees are senior obligations of each guarantor and rank equally in right of payment with all existing and future senior indebtedness of each guarantor. The 10.000% Notes guarantee from EFIH is effectively senior to all unsecured indebtedness of EFIH to the extent of the value of the Collateral. The 10.000% Notes guarantees are effectively subordinated to all secured indebtedness of each guarantor secured by assets other than the Collateral to the extent of the value of the assets securing such indebtedness, and are structurally subordinated to any existing and future indebtedness and liabilities of EFH Corp.'s subsidiaries that are not guarantors.

For a more detailed description of the 10.000% Notes, see "Description of the 10.000% Notes" beginning on page 43.

―――――――――――

**9.75% Senior Secured Notes due 2019**

Interest on the 9.75% Senior Secured Notes due 2019 (the "9.75% Notes" or the "EFH Corp. 9.75% Notes") is payable on April 15 and October 15 of each year. The 9.75% Notes accrue interest at the rate of 9.75% per annum. The 9.75% Notes will mature on October 15, 2019.

EFH Corp. may redeem any of the 9.75% Notes beginning on October 15, 2014 at the redemption prices set forth in this prospectus. EFH Corp. may also redeem any of the 9.75% Notes at any time prior to October 15, 2014 at a price equal to 100% of their principal amount, plus accrued and unpaid interest and a "make-whole" premium. In addition, before October 15, 2012, EFH Corp. may redeem up to 35% of the aggregate principal amount of the 9.75% Notes using the proceeds from certain equity offerings at the redemption price set forth in this prospectus.

The 9.75% Notes are senior obligations of EFH Corp. and rank equally in right of payment with all senior indebtedness of EFH Corp. The 9.75% Notes are effectively subordinated to any indebtedness of EFH Corp. secured by assets of EFH Corp. to the extent of the value of the assets securing such indebtedness and structurally subordinated to all indebtedness and other liabilities of EFH Corp.'s non-guarantor subsidiaries and any other unrestricted subsidiaries. The 9.75% Notes are senior in right of payment to any future subordinated indebtedness of EFH Corp.

The guarantors jointly and severally guarantee the notes (the "9.75% Notes guarantees"). The 9.75% Notes guarantee from EFIH is secured, equally and ratably with certain outstanding indebtedness of EFIH, by the pledge of the Collateral. The 9.75% Notes guarantee from EFCH is unsecured. The 9.75% Notes guarantees are senior obligations of each guarantor and rank equally in right of payment with all existing and future senior indebtedness of each guarantor. The 9.75% Notes guarantee from EFIH is effectively senior to all unsecured indebtedness of EFIH to the extent of the value of the Collateral. The guarantee from EFIH will be effectively subordinated to all secured indebtedness of EFIH secured by assets other than the Collateral to the extent of the value of the assets securing such indebtedness and will be structurally subordinated to any

existing and future indebtedness and liabilities of EFIH's subsidiaries that are not guarantors. The 9.75% Notes guarantee from EFCH will be effectively subordinated to all secured indebtedness of EFCH to the extent of the value of the assets securing such indebtedness and will be structurally subordinated to any existing and future indebtedness and liabilities of EFCH's subsidiaries that are not guarantors.

The 9.75% Notes and the 10.000% Notes are collectively referred to herein as the "EFH Corp. Senior Secured Notes."

For a more detailed description of the 9.75% Notes, see "Description of the 9.75% Notes" beginning on page 117.

The 9.75% Notes are listed on the New York Stock Exchange under the symbol "TXU19."

---

**Legacy Notes due 2014, 2024 and 2034**

Interest on the 5.55% Series P Senior Notes due November 15, 2014 (the "5.55% Notes"), the 6.50% Series Q Senior Notes due November 15, 2024 (the "6.50% Notes") and the 6.55% Series R Senior Notes due November 15, 2034 (the "6.55% Notes") is payable on May 15 and November 15 of each year. The 5.55% Notes accrue interest at the rate of 5.55% per annum, the 6.50% Notes accrue interest at the rate of 6.50% per annum and the 6.55% Notes accrue interest at the rate of 6.55% per annum. The 5.55% Notes, the 6.50% Notes and the 6.55% Notes, which are collectively referred to herein as the "Legacy Notes," will mature on November 15, 2014, November 15, 2024 and November 15, 2034, respectively.

EFH Corp. may redeem any of the Legacy Notes at the "make-whole" redemption prices set forth in this prospectus, plus accrued and unpaid interest to the redemption date.

The Legacy Notes are unsecured and rank equally with all unsecured senior indebtedness of EFH Corp. None of EFH Corp.'s subsidiaries guarantees the Legacy Notes. The Legacy Notes are effectively junior to all indebtedness, preferred stock and other liabilities of EFH Corp.'s subsidiaries.

For a more detailed description of the Legacy Notes, see "Description of the Legacy Notes" beginning on page 183.

[Table of Contents](#)

There is no automatic acceleration, even in the event of bankruptcy, insolvency or reorganization of EFH Corp. (Indenture, Section 802.)

Other than its duties in case of an event of default under an Indenture, the Trustee is not obligated to exercise any of its rights or powers under the Indenture at the request, order or direction of any of the holders, unless the holders offer the Trustee a reasonable indemnity. (Indenture, Section 903.) If they provide this reasonable indemnity, the holders of a majority in principal amount of any series of notes will have the right to direct the time, method and place of conducting any proceeding for any remedy available to the Trustee, or exercising any power conferred upon the Trustee. However, if the event of default under the Indenture relates to more than one series of Debt Securities, only the holders of a majority in aggregate principal amount of all affected series of Debt Securities, considered as one class, will have the right to give this direction. The Trustee is not obligated to comply with directions that conflict with law or other provisions of an Indenture. (Indenture, Section 812.)

No holder of notes of any series will have any right to institute any proceeding under an Indenture, or any remedy under an Indenture, unless:

- the holder has previously given to the Trustee written notice of a continuing event of default under that Indenture;
- the holders of a majority in aggregate principal amount of the outstanding Debt Securities of all series in respect of which an event of default under that Indenture has occurred and is continuing have made a written request to the Trustee, and have offered reasonable indemnity to the Trustee to institute proceedings; and
- the Trustee has failed to institute any proceeding for 60 days after notice and has not received during such period any direction from the holders of a majority in aggregate principal amount of the outstanding Debt Securities of all series in respect of which an event of default under that Indenture has occurred and is continuing, inconsistent with the written request of holders referred to above.

(Indenture, Section 807.)

However, these limitations do not apply to a suit by a holder of a note for payment of the principal of or premium, if any, or interest on the note on or after the applicable due date. (Indenture, Section 808.)

EFH Corp. will provide to the Trustee an annual statement by an appropriate officer as to its compliance with all conditions and covenants under the Indentures. (Indenture, Section 606.)

**Modification and Waiver**

Without the consent of any holder of the notes, EFH Corp. and the Trustee may enter into one or more supplemental indentures for any of the following purposes:

- to evidence the assumption by any permitted successor of the covenants of EFH Corp. in an Indenture and in any notes;
- to add additional covenants of EFH Corp. or to surrender any right or power conferred upon EFH Corp. under an Indenture;
- to add additional events of default under an Indenture;
- to change or eliminate or add any provision to an Indenture; provided, however, that if the change, elimination or addition will adversely affect the interests of the holders of notes of any series in any material respect, it will become effective only:
    (1)   when the consent of the holders of notes of such series has been obtained in accordance with the relevant Indenture; or
    (2)   when no notes of the affected series remain outstanding under the relevant Indenture;
- to provide collateral security for all but not part of the notes;
- to establish the form or terms of Debt Securities of any other series as permitted by an Indenture;
- to provide for the authentication and delivery of bearer securities with or without coupons;
- to evidence and provide for the acceptance of appointment by a separate or successor Trustee or co-trustee;
- to provide for the procedures required for use of a noncertificated system of registration for the Debt Securities of all or any series;