IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Re: D.I. 6505** |
| | ) |
| | ) |

### RESPONSE OF MICHELIN NORTH AMERICA, INC. TO DEBTOR'S THIRTY-FOURTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN IMPROPERLY ASSERTED CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1

Michelin North America, Inc. ("Michelin") files this Response to the *Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 6505] (the "Claim Objection"). In support of its Response, Michelin states the following:

1. The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On April 29, 2014, Energy Future Holdings Corp. and certain affiliates (the "Debtors") filed their voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 *et seq.*[1]

3. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors have retained possession of their assets and are currently operating as debtors in possession.

---

[1] All further references to the Bankruptcy Code are by section number only.

8851998 v1

4. Michelin is a party to a North America Tire Supply Agreement ("Supply Agreement," as amended) with Debtor Luminant Mining Company, LLC ("Luminant") dated as of January 1, 2014 under which Michelin supplies, and Luminant purchases, certain of Michelin's mining tire products. The Supply Agreement was amended by an Amendment dated June 3, 2014.

5. On August 18, 2014, the Court entered the *Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claims and Requests for Payment for Payment under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment for Payment under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof* [D.I. 1866] (the "General Bar Date Order"). The General Bar Date Order sets a deadline of October 27, 2014 for claimants (unless excluded from the General Bar Date Order) to file proofs of claims.

6. On September 19, 2014, Michelin timely filed its proof of claim against Luminant in the amount of $905,896.58, which includes a claim under Bankruptcy Code Section 503(b)(9) in the amount of $220,793.38. The claim was designated as claim number 4535.

7. In the Claim Objection, the Debtors assert the following amounts are due to the below debtor entities:

| Debtor | Priority Status | Amount |
|---|---|---|
| Luminant Mining Company, LLC | 503(b)(9) | $216,579.42 |
| Luminant Mining Company, LLC | Unsecured | $588,551.60 |
| Oak Grove Management Company, LLC | 503(b)(9) | $3,440.56 |
| Oak Grove Management Company, LLC | Unsecured | $84,475.60 |
|  | Total: | $893,047.18 |

2

8851998 v1

The Debtors assert the modified debtor reflects the debtors against which the claim is properly asserted according to their books and records, and the modified amount reflects reduction for goods returned because the corresponding purchase order was closed at the time of the receipt.

8.   Michelin disagrees with the modified debtor set forth in the Claim Objection. All of the pre-petition shipments to the Debtors were made by Michelin pursuant to the Supply Agreement, to which Luminant is the only counterparty. According to Michelin's books and records, all of the pre-petition invoices were billed to Luminant and accounted for under Luminant's account number. Michelin does not have a contractual relationship with Oak Grove Management Company, LLC, has not invoiced that entity, and has not received any payment from that entity. Accordingly, Michelin submits that the entire amount of Michelin's prepetition claim was properly asserted against Luminant.

9.   Michelin does not dispute the reductions in the amount of $773.40 to the claim under Section 503(b)(9) and $12,076.00 to the general unsecured claim, as set forth in the Claim Objection.

WHEREFORE, Michelin requests the Court to enter its Order overruling the "modified debtor" as set forth in the Claims Objection as to Michelin's proof of claim (Claim No. 4535), and granting such other relief as this Court deems just and proper.

Dated: October 28, 2015

Respectfully submitted,

**BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP**

By:  */s/ Jennifer R. Hoover*
Jennifer R. Hoover (No. 5111)
Kevin M. Capuzzi (No. 5462)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
jhoover@beneschlaw.com
kcapuzzi@beneschlaw.com

- AND -

**NELSON MULLINS RILEY &
SCARBOROUGH, LLP**
Jody A. Bedenbaugh (SC 9210)
Meridian, 17th Floor
1320 Main Street
Columbia, SC 29201
Telephone: (803) 255-9820
Facsimile: (803) 256-7500