# **<u>Exhibit C</u>**

# Rebuttal Report of David Ying

## Comments on the Expert Report of Mark F. Rule

October 27, 2015

EVERCORE

# Scope of Rebuttal Report

- I have been asked to review and respond to opinions rendered by Mark F. Rule in his report dated October 12, 2015 ("Rule Report")

- Other than as stated in this rebuttal report, I offer no opinions concerning the accuracy or completeness of the analyses prepared by Duff & Phelps ("D&P"), upon which Rule relied in reaching his conclusions

## Summary of Rebuttal Report

- Rule's opinions are flawed in three ways

    - First, Rule's "Consolidated EFH" solvency analysis improperly consolidates "E-side" and "T-side" debt

    - Second, Rule's "E-side only" analysis incorrectly treats EFH debt held by EFIH

    - Third, Rule incorrectly removes the control premium for Oncor applied by D&P

- Each of these flaws contributes to an understatement of the equity value of EFH

## Solvency of "Consolidated EFH"

- Rule's methodology in assessing the solvency of "Consolidated EFH" is incorrect

- EFH has two debt "silos," the "E-side" (EFIH) and the "T-side" (EFCH and TCEH). The two debt silos are separate; specifically, neither EFH nor EFIH guaranteed the debt of TCEH

- EFH solvency should be analyzed by calculating the equity value that EFH has in the E-side and the T-side as compared to third-party debt at EFH

- To the extent that TCEH's equity value is less than zero, a Consolidated EFH calculation incorrectly deducts TCEH's negative equity value from EFH's value

- Rule's calculations include a negative T-side equity value in years 2008 to 2012

- Because EFH and EFIH are not guarantors of T-side debt obligations, including the negative equity value on the T-side in a Consolidated EFH calculation, as Rule does, is not a correct measure of EFH solvency

# E-Side Solvency

- Rule does perform an alternative analysis of E-side solvency that excludes TCEH
- However, Rule's accounting in this E-side only analysis for debt issued by EFH that is held by EFIH incorrectly distorts his calculation of EFH solvency
- According to Rule's Calculations, EFIH is solvent in all years of his analysis even without attributing any value to intercompany debt of EFH held by EFIH
- In further evidence of EFIH's solvency, EFH at any time could have required EFIH to dividend its holdings of EFH debt to EFH for cancelation. In fact, in the first quarter of 2013, EFIH dividended more than $6 billion of EFH debt to EFH and that debt was then cancelled
- Because EFIH is solvent without attributing any value to EFH debt held by EFIH, it is not appropriate to include that debt as an asset of EFIH and a liability of EFH
- Rule should have calculated EFH's equity interest in EFIH, excluding any debt EFIH holds in EFH, and compared EFIH's equity value to EFH's debt held by third parties to calculate EFH's solvency
- Rule further distorts his solvency calculation by incorrectly valuing EFH debt held by EFIH:
  - EFH debt held by EFIH appears as an asset of EFIH at market value, thus increasing the equity value of EFH, which owned 100% of EFIH, by a like amount; and
  - EFH debt held by EFIH appears as a liability of EFH at par value, thus decreasing the equity value of EFH by a like amount
- Because EFH's debt was trading below par in the time periods analyzed by Rule, the net effect of including EFH debt held by EFIH in Rule's calculations is to incorrectly decrease the equity value of EFH

# Inclusion of Oncor Control Premium

- Rule opines that Duff & Phelps ("D&P") should not have included a control premium in its valuation of Oncor, because Oncor is a "ring-fenced" entity (Rule Report at 12). That is wrong, and understates the equity value of EFH

- The ring fence is largely the result of regulatory requirements, and was put in place to insulate Oncor from EFH's increased credit risk at the time of the LBO

- Were Oncor to be sold to an investment-grade purchaser, the ring-fencing measures would no longer be necessary to protect Oncor

- An investment-grade purchaser would therefore not consider the Oncor ring fencing provision to be a barrier to paying a control premium for Oncor

- D&P's inclusion of a control premium to the value of Oncor is therefore appropriate, and Rule's elimination of the control premium leads to an understatement of the equity value of EFH