**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date:  November 3, 2015** |
| | ) **at 11:00 a.m.** |

**EFH COMMITTEE'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF THE PURCHASERS'
SUBJECTIVE INTENT TO CLOSE THE TRANSACTION
<u>CONTEMPLATED IN THE PLAN</u>**

---

[1]      The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ............................................................................................ 1

FACTS SPECIFIC TO THE REQUESTED RELIEF ...................................................... 2

ARGUMENT.................................................................................................................... 4

CONCLUSION................................................................................................................. 6

SC1:3971254.10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anjelino* v. *N.Y. Times Co.*,
    200 F.3d 73 (3d Cir. 1999)............................................................................6

*Bradley* v. *Pittsburgh Bd. of Educ.*,
    913 F.2d 1064 (3d Cir. 1990).......................................................................4

*EEOC* v. *Carolina Freight Carriers Corp.*,
    723 F. Supp. 734 (S.D. Fla. 1989) ..............................................................5

*Gilliland* v. *Hergert*,
    No. 2:05-CV-01059, 2008 WL 2682587 (W.D. Pa. Jul. 1, 2008) ........................................5, 6

*Leonard* v. *Stemtech Health Scis., Inc.*,
    981 F. Supp. 2d 273 (D. Del. 2013)............................................................5

*Praxair, Inc.* v. *ATMI, Inc.*,
    445 F. Supp. 2d 460 (D. Del. 2006)............................................................6

*SEC* v. *Grossman*,
    887 F. Supp. 649 (S.D.N.Y. 1995) .............................................................6

*Total Control, Inc.* v. *Danaher Corp.*,
    359 F. Supp. 2d 387 (E.D. Pa. 2005) ..........................................................6

SC1:3971254.10

The official committee of unsecured creditors of Energy Future Holdings

Corporation ("**EFH**"), Energy Future Intermediate Holding Company LLC, EFIH Finance Inc.,

and EECI, Inc. (the "**EFH Committee**") hereby submits this memorandum in support of its

motion *in limine* (the "**Motion**") for entry of an order, substantially in the form attached hereto

as Exhibit A (the "**Proposed Order**"), excluding evidence concerning the subjective intent of the

Purchasers (as defined below) to close the transaction contemplated in the Plan.

## PRELIMINARY STATEMENT

1.      On September 11, 2015, the Court had a telephonic hearing to resolve a

discovery dispute regarding the EFH Committee's request that the members of the consortium

that has been formed amongst Hunt Consolidated, Inc., certain investors and certain T-side

creditors (collectively, the "**Purchasers**") produce documents relating to their subjective intent

to close the transaction contemplated in the REIT Plan, including internal group

communications.  The Purchasers, supported by the Debtors, had opposed such discovery as

irrelevant.  The Court ultimately ruled in favor of the Purchasers and found that they did not have

to produce the documents requested by the EFH Committee.

2.      By this motion *in limine*, the EFH Committee seeks an order confirming

the logical extension to trial of the discovery posture that the Purchasers and Debtors urged upon

the Court:  exclusion of evidence concerning the Purchasers' subjective intent to close the

transactions contemplated in the REIT Plan.

## FACTS SPECIFIC TO THE REQUESTED RELIEF[2]

3.      On August 10, 2015, the Debtors filed the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5244] and the *Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement* [D.I. 5249], reflecting the agreed-upon terms of the REIT Plan proposal and a separate Settlement Agreement.

4.      On August 27 and 28, 2015, the EFH Committee served document requests ("**Document Requests**") upon certain of the Purchasers.  One such document request sought documents concerning whether the Purchasers actually intend or expect to consummate the transaction contemplated in the REIT Plan, including internal group communications on that topic.  The Purchasers refused to produce these materials, claiming such documents were irrelevant.  They argued to the Court:

> Even with respect to an issue such as feasibility, the existence of a hypothetical communication between a group member and a financial advisor relating to the subjective willingness to fund the Plan—which is apparently the EFH Committee's dreamed "needle" for which the haystack must be wrought—would be entirely irrelevant evidence of subjective intent contradicting the express terms of funding commitments before the Court.

([D.I. 5921] at 7.)

---

[2]      A detailed factual background of the case is set forth in the *Trial Brief and Omnibus Objection of the EFH Official Committee to (I) Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter and Perform Under the Settlement Agreement and (II) Confirmation of the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6627] and is incorporated herein by reference. This section specifically recites only those facts directly relevant to the instant Motion.

SC1:3971254.10

5.      Following a meet-and-confer teleconference between counsel to the EFH Committee and counsel to the Purchasers that did not resolve the dispute, the EFH Committee sent a letter to the Court on September 9, 2015, requesting that the Court address the dispute. ([D.I. 5900].)  The Court held a telephonic hearing ("**Discovery Hearing**") on September 11, 2015 to address this and other discovery issues.  At the Discovery Hearing, the EFH Committee argued that intra-group communications regarding the subjective intent of the Purchasers are highly relevant to feasibility and probative of the good-faith nature of the REIT Plan.  (Sept. 11, 2015 Hr'g Tr. at 12:18-13:24.)  The Purchasers argued in response that their subjective intent is irrelevant to feasibility because "the issue with respect to whether the financing parties are going to close the transaction is going to be governed by the contract[]s.  Their subjective intent is completely irrelevant to the meaning of those contracts . . . ."  (*Id.* at 19:8-12.)  The Purchasers also argued that the terms of the contracts are the only relevant evidence on the issue of feasibility.  (*Id.*)  Counsel to the Debtors agreed with the Purchasers' argument.  (*Id.* at 26:12 ("[W]e agree with the position that [the Purchasers] have taken . . . .").)

6.      The Court stated that it "completely agree[d] with the position of [the Purchasers]" with respect to the pending discovery dispute.  (*Id.* at 32:4-5.)  The Court did not specifically rule on the issue of relevance of subjective intent.  (*Id.* at 31:23-32:1.)  The Court did, however, approve the limited scope of discovery advocated by the T-side Parties, thus prohibiting the EFH Committee from obtaining any of the discovery it sought on the issue of the subjective intent of the Purchasers.  (*Id.* at 31:23-32:24.)

7.      At depositions, the Debtors and Purchasers ███████████████████████ ██████████████████████████████████ (*See, e.g.*, Oct. 1, 2015 Keglevic Depo. Tr. at 165:5-169:21 ████████████████████████████████████████████████████

-3-

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████ Sept. 28, 2015 Doré Depo. Tr. at 316:9-10, 325:10-14

█████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████ Oct. 5, 2015 Baker Depo Tr. at 154:2-13 (replying to the question of whether the

Hunts would close the transaction if it proves uneconomical at the time of closing:  "I believe we

signed documents that would say if the conditions precedent have been satisfied, we fund. . . .  I

can't think of a time in which the Hunts would say we are not inclined to fulfill our contractual

obligations , so yes.").)

8.    The EFH Committee has not been able to adequately test these statements

because it has been denied access to documents that may indicate the Purchasers' actual views

on the likelihood of closing and what factors they are actually considering.  Such factors include

the circumstances under which they would decline to close; whether they consider their

commitment firm or optional; a readiness or even fiduciary obligation to or agreement with

investors to walk away freely if the economics warrant at the time of closing; concerns that the

value of Oncor will be unlikely to permit closing; skepticism about the likelihood of a REIT; and

the impact of the potential $550 million cash payout and the decision to close.

## ARGUMENT

9.    Motions *in limine* are useful tools "designed to narrow the evidentiary

issues for trial and to eliminate unnecessary trial interruptions."  *Bradley* v. *Pittsburgh Bd. of

Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).  Their purpose "is to bar irrelevant, inadmissible, and

prejudicial issues from being introduced at trial, thus narrowing the evidentiary issues for trial."
*Leonard* v. *Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) (internal
quotations and citation omitted).

       10.    Having blocked the EFH Committee from seeking discovery related to the
Purchasers' subjective intent on the grounds that such discovery was irrelevant, the Debtors and
the Purchasers must live with the consequences of maintaining that position and should not be
permitted to introduce evidence on the same issue at trial.

       11.    *Gilliland* v. *Hergert*, No. 2:05-CV-01059, 2008 WL 2682587, at *2 (W.D.
Pa. Jul. 1, 2008) is instructive. In *Gilliland* the court granted the plaintiff's motion *in limine* to
preclude evidence on an issue that the defendant had maintained was irrelevant over the course
of discovery. When the defendant later asserted the same issue was "highly relevant" and
prepared to argue the point, the court embraced the plaintiff's estoppel argument and stated that
the "[d]efendant stonewalled this specific discovery by claiming it to be irrelevant and he will
have to live with the consequences of having taken that position." *Id.*

       12.    Similarly, in *Equal Employment Opportunity Commission* v. *Carolina
Freight Carriers Corp.*, the court found a party estopped from introducing evidence at trial on an
issue it had argued was irrelevant during discovery. 723 F. Supp. 734, 747 (S.D. Fla. 1989). The
party had "adamantly argued that any discovery concerning [the issue] was 'totally irrelevant and
immaterial to and beyond the proper scope of the litigation.'" *EEOC* v. *Carolina Freight
Carriers Corp.*, 723 F. Supp. 734, 747 (S.D. Fla. 1989). Based on that argument, the court
denied the plaintiff's motions to obtain discovery on the issue. *Id.* The court found that, as a
result, the party was "estopped from introducing evidence on" the issue. *Id.*

13.    Similar to the parties in *Gilliland* and *Carolina Freight Carriers*, the Purchasers and Debtors have consistently maintained that the subjective intent of the Purchasers is irrelevant to the issues in this case and successfully precluded the EFH Committee from obtaining documents on the topic.  Allowing them now to introduce any evidence or testimony on the issue would severely prejudice the EFH Committee and should not be permitted.  *Praxair, Inc.* v. *ATMI, Inc.*, 445 F. Supp. 2d 460, 472-73 (D. Del. 2006) ("It could be that there are courts who still allow parties to hide their cards during discovery and use trial as the vehicle to disclose their evidence for the first time.  It is known that this court requires the discovery process to be a meaningful one, so that there should be no surprises at trial."); *see also Anjelino* v. *N.Y. Times Co.*, 200 F.3d 73, 100 (3d Cir. 1999) ("[T]he District Court did not abuse its discretion by holding counsel to the representation that no further discovery was needed."); *Total Control, Inc.* v. *Danaher Corp.*, 359 F. Supp. 2d 387, 399-400 (E.D. Pa. 2005) (precluding defendant's admission of evidence that directly contradicted defendant's earlier representation to plaintiff during discovery because allowing the evidence would have prejudiced plaintiff); *SEC* v. *Grossman*, 887 F. Supp. 649, 660 (S.D.N.Y. 1995) (finding a party "cannot now complain that they are precluded from offering evidence on the very issues for which they have declined to provide discovery for several years").

## **CONCLUSION**

WHEREFORE, the EFH Committee respectfully request that the Court grant the requested relief and order such other and further relief as it deems just and proper.  Evidence relating to the subjective intent of the Purchasers to close the transaction contemplated in the REIT Plan should be excluded because the EFH Committee was precluded from conducting discovery on that issue.

-6-

Dated:  Wilmington, Delaware
        October 28, 2015

**MONTGOMERY McCRACKEN WALKER & RHOADS, LLP**

*/s/ Brian D. Glueckstein*
Natalie D. Ramsey (DE Bar No. 5378)
Davis Lee Wright (DE Bar No. 4324)
Mark A. Fink (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, DE  19801
Telephone: (302) 504-7800
Facsimile: (302) 504 -7820
E-mail:      nramsey@mmwr.com
             dwright@mmwr.com
             mfink@mmwr.com

– and –

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich
Brian D. Glueckstein
John L. Hardiman
Alexa J. Kranzley
125 Broad Street
New York, New York  10004
Telephone:   (212) 558-4000
Facsimile:   (212) 558-3588
E-mail:      dietdericha@sullcrom.com
             gluecksteinb@sullcrom.com
             hardimanj@sullcrom.com
             kranzleya@sullcrom.com

*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc.*

SC1:3971254.10

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[3] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |

**ORDER PRECLUDING ALL PARTIES FROM OFFERING EVIDENCE OR
ARGUMENT OF THE SUBJECTIVE INTENT OF THE PURCHASERS TO CLOSE
THE TRANSACTION CONTEMPLATED IN THE REIT PLAN**

Upon the motion (the "**Motion**")[4] of the official committee of unsecured creditors

of Energy Future Holdings Corporation ("**EFH**"), Energy Future Intermediate Holding Company

LLC, EFIH Finance Inc., and EECI, Inc. (the "**EFH Committee**"), for entry of an order (this

"**Order**") excluding evidence regarding the subjective intent of the Purchasers to close the

transaction contemplated in the REIT Plan; and the Court having found that this Court has

jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334; and the Court

having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the

Court having found that venue of this proceeding and the Motion in this District is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that proper, timely,

adequate, and sufficient notice, including notice of the Motion and the relief requested therein,

has been provided in accordance with the Bankruptcy Rules and/or order of the Court and no

---

[3]     The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[4]     All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

other or further notice of the Motion is or shall be required; and the Court having reviewed the

Motion and having heard arguments and testimony presented at the hearing before the Court (if

any); and the Court having found that the relief requested in the Motion is in the best interests of

the Debtors' estates, their creditors and other parties in interest; and the Court having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and any objections (if any) to the Motion having been withdrawn or overruled on the

merits; and after due deliberation and sufficient cause appearing, it is hereby ORDERED THAT:

      1.      The Motion is GRANTED.

      2.      All parties are precluded from offering evidence regarding the subjective

intent of the Purchasers to close the transaction contemplated in the REIT Plan.

      3.      This Court shall retain jurisdiction to interpret and enforce this Order and

to hear any motion by the Debtors for reconsideration of this Order.


Dated: November __, 2015
      Wilmington, Delaware

                                     _____
                                     Christopher S. Sontchi
                                     United States Bankruptcy Judge

SC1:3971254.10