# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date:  November 3, 2015** |
| | ) **at 11:00 a.m.** |

### EFH COMMITTEE'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE <u>EVIDENCE CONCERNING THE VALUE OF ONCOR</u>

---

[1]    The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

FACTS SPECIFIC TO THE REQUESTED RELIEF ................................................................. 2

ARGUMENT .............................................................................................................................. 4

CONCLUSION ........................................................................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Autoforge, Inc.* v. *Am. Axle & Mfg., Inc.*,
   No. CIV.A. 02-01265, 2008 WL 65603 (W.D. Pa. Jan. 4, 2008)............................................4

*Daubert* v. *Merrell Dow Pharms.*,
   509 U.S. 579 (1993)......................................................................................................6

*DIJO, Inc.* v. *Hilton Hotels Corp.*,
   351 F.3d 679 (5th Cir. 2003) ........................................................................................4

*Donlin* v. *Philips Lighting N. Am. Corp.*,
   581 F.3d 73 (3d Cir. 2009)...........................................................................................4

*Eichorn* v. *AT&T Corp.*,
   484 F.3d 644 (3d Cir. 2007).........................................................................................5

*Hirst* v. *Inverness Hotel Corp.*,
   544 F.3d 221 (3d Cir. 2008).....................................................................................4, 6

*In re Nellson Nutraceutical, Inc.*,
   No. 06-10072(CSS), 2007 WL 201134 (Bankr. D. Del. Jan. 18, 2007)...................................5

*In re Paoli R.R. Yard PCB Litig.*,
   35 F.3d 717 (3d Cir. 1994)...........................................................................................6

*S.E.C.* v. *Alexander*,
   No. 00CIV7290LTSHBP, 2004 WL 1468528 (S.D.N.Y. June 28, 2004)...............................7

*Schneider* v. *Fried*,
   320 F.3d 396 (3d Cir. 2003).........................................................................................6

*Total Control, Inc.* v. *Danaher Corp.*,
   359 F. Supp. 2d 387 (E.D. Pa. 2005) ............................................................................7

*United States* v. *Powers*,
   578 F. App'x 763 (10th Cir. 2014) ...............................................................................5

*United States* v. *Throckmorton*,
   269 F. App'x 233 (3d Cir. 2008) ..................................................................................4

*In re Vaso*,
   500 B.R. 384 (Bankr. D. Del. 2013) .............................................................................7

SC1:3964829.9

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 7026..................................................................................................................6

Fed. R. Civ. P. 26(a)(2).............................................................................................................6

Fed. R. Evid. 701 ...........................................................................................................2, 4, 5, 6

Fed. R. Evid. 702 ...............................................................................................................4, 5, 6

SC1:3964829.9

The official committee of unsecured creditors of Energy Future Holdings

Corporation ("**EFH**"), Energy Future Intermediate Holding Company LLC, EFIH Finance Inc.,

and EECI, Inc. (the "**EFH Committee**") hereby submits this motion *in limine* (the "**Motion**") for

entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "**Proposed Order**"),

excluding evidence relating to the value of Oncor Electric Delivery Holdings Company LLC and

its direct and indirect subsidiaries ("**Oncor**"), other than that contained in the *Fifth Amended*

*Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of*

*the Bankruptcy Code* [D.I. 6122] (as may be further modified, amended or supplemented from

time to time, the "**Plan**") or the *Disclosure Statement for the Fifth Amended Joint Plan of*

*Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the*

*Bankruptcy Code* [D.I. 6124] (as may be further modified, amended or supplemented from time

to time, the "**Disclosure Statement**").  In support of the Motion, the EFH Committee

concurrently submits the following memorandum of law.

<u>**PRELIMINARY STATEMENT**</u>

1.      The Debtors have represented, and the Court has accepted, that that the

Debtors will not present at the plan confirmation hearing a value of Oncor at Plan effectiveness.

(Aug. 25, 2015 Hr'g. Tr. at 70:17-18 (ruling that the parties are "not having a valuation trial").)

Consistent with their representation, the Debtors have not offered an expert to present a valuation

of Oncor as a REIT at Plan effectiveness.  The EFH Committee, in reliance on the Debtors'

representation and the Court's ruling, also has not sought to offer a valuation expert on this topic.

By this motion *in limine*, the EFH Committee seeks an order, consistent with the Court's August

25, 2015 ruling, excluding evidence concerning the value of Oncor as a REIT at Plan

effectiveness.

2.      Further, the Court should not permit the Debtors to rely on lay testimony that suggests what the value of Oncor might be in the future as a REIT.  Rule 701 of the Federal Rules of Evidence and case law dictate that the valuation of a multi-billion-dollar regulated energy company such as Oncor, especially after its wholesale transformation to a new corporate form, is wholly in the domain of expert opinion.  The Debtors have conceded as much by retaining a purported expert to present a valuation of TCEH, a less speculative exercise.  If they were seeking to offer evidence on the valuation of Oncor as a REIT—and the Court had permitted them to do so—the Debtors needed to do so through the opinion of an expert, but they have not proffered such expert testimony.  Accordingly, the Court should enter an order foreclosing the Debtors from now submitting evidence concerning the future value of Oncor as a REIT in the guise of fact testimony.

## FACTS SPECIFIC TO THE REQUESTED RELIEF[2]

3.      At an August 25, 2015 hearing, the Court heard argument on the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Amending Certain Hearing Dates and Deadlines in Connection with the Confirmation of Debtors' Plan of Reorganization* [D.I. 5269], which sought to accelerate the confirmation hearing from January 20, 2016 to October 28, 2015.  The Debtors argued that the filing of the Plan, which purports to unimpair all E-side creditors and eliminate approval rights and § 1129(b) rights with respect to the REIT conversion, "substantially narrow[ed] the confirmation issues" because it required no evidence of valuation on the E-side.  (Aug. 25, 2015 Hr'g Tr. at 15:16-22.)

---

[2]      A detailed factual background of the case is set forth in the *Trial Brief and Omnibus Objection of the EFH Official Committee to (I) Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement and (II) Confirmation of the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6627] and is incorporated herein by reference. This section specifically recites only those facts directly relevant to the instant Motion.

4.      The EFH Committee and other E-side creditors argued in opposition and requested time to permit evidence about the value of Oncor at effectiveness, among other issues. The EFH Committee and other E-side creditors argued that valuation could be put at issue by the Debtors to establish feasibility and the likelihood that the purchasing consortium under the Plan (the "**Purchasers**") would elect to purchase Oncor.  (*Id.* at 70:13-16, 71:3-72:4, 82:25-83:5, 93:5-94:1.)  Accordingly, the EFH Committee argued that the conditionality associated with the future value of Oncor could be material at the plan confirmation hearing and the parties should take the time to prepare.[3]  (Aug. 25, 2015 Hr'g Tr. at 70:13-16, 71:3-72:4, 82:25-83:5, 93:5-94:1.)

5.      The Court overruled the EFH Committee's objections, reasoning that the issues in the Debtors' new Plan had been "sufficiently narrowed" by the Debtors' decision to proceed in reliance on "unimpairment" and that the parties are "not having a valuation trial."  (*Id.* at 70:17-18, 148:25-149:5.)

6.      Consistent with their statements to the Court at the hearing on scheduling, the Debtors served four expert reports, none of which presented a valuation of Oncor as a REIT. TCEH served one expert report that also offers no valuation of Oncor as a REIT.

7.      However, certain fact witnesses in deposition testimony have speculated what the value of Oncor might be after a successful REIT conversion.  Out of an abundance of caution, the EFH Committee brings this motion to prevent the value of Oncor as a REIT becoming a trial issue through fact witnesses offering valuation evidence that was not, and should only be, introduced through experts.

---

[3]      The EFH Committee respectfully maintains that the likelihood of closing depends on the value of Oncor in the future.  (*See* [D.I. 6627] ¶¶ 243-50.)

## ARGUMENT

8.     Testimony by a lay witness as to the future value of Oncor as a REIT far exceeds the bounds of permissible lay opinion under Federal Rule 701.  Under Federal Rule 701(c), lay opinion testimony may not be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701(c).  The purpose of subsection (c) is to "'eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing' and to 'ensure[] that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 . . . by simply calling an expert witness in the guise of a layperson.'"  *Hirst* v. *Inverness Hotel Corp.*, 544 F.3d 221, 227 (3d Cir. 2008) (first alteration in original) (quoting Fed. R. Evid. 701 advisory committee's note).

9.     Oncor is a multi-billion-dollar regulated energy company, and the task of valuation here is considerably complicated by the REIT conversion contemplated by the Plan.[4]

███████████████████████████████████████████████████████████

███████  (*See* Oct. 19, 2015 Ying Depo. Tr. at 88:2-10 ████████████████████

---

[4]     For this reason, it would be especially inappropriate to permit any EFH officer or employee to offer a view as to Oncor's value.  Although a business owner or officer may testify as to the value of a business, any such opinion must be based on "personal knowledge."  *Donlin* v. *Philips Lighting N. Am. Corp.*, 581 F.3d 73, 81 (3d Cir. 2009); *see also DIJO, Inc.* v. *Hilton Hotels Corp.*, 351 F.3d 679, 686 (5th Cir. 2003) (finding it was abuse of discretion for trial court to admit testimony as to the lost value of a project where the witness "did not have the requisite first-hand, personal knowledge about [the company] and the Project necessary to qualify as a Rule 701 opinion witness").  Because Oncor exists as a C-corporation, no employee or officer can have personal knowledge of Oncor's hypothetical operations as a REIT.  Therefore, it would be error to permit an officer or employee to offer a view as to the value of Oncor as a REIT.  *See United States* v. *Throckmorton*, 269 F. App'x 233, 235-36 (3d Cir. 2008) (unpublished) (finding district court erred in permitting officer to testify without qualifying as an expert where his testimony went beyond "facts discovered during this particular investigation" and instead relied on "the wealth of his experience ").  Nor may an officer or employee of EFH simply regurgitate the results of valuation analyses performed by outside consultants.  Analyses performed by third parties are not facts within the "personal knowledge" of a witness.  *See Autoforge, Inc.* v. *Am. Axle & Mfg., Inc.*, No. CIV.A. 02-01265, 2008 WL 65603, at *10 (W.D. Pa. Jan. 4, 2008) (declining to permit lay witness to testify as to value where the witness sought to rely on data contained in an excluded expert report).

SC1:3964829.9

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████ ) As contemplated by the Plan, the REIT conversion

of Oncor will involve the separation of its regulated business into two corporations, one that will

own Oncor's assets and another that will lease them. ███████████████████████

██████████ (*See id.* at 80:6-23 ████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████ ) Equally

uncertain is whether Oncor's regulators will insist on recapturing any increase in value for

ratepayers.

      10.     Thus, valuation of Oncor undoubtedly calls for "scientific, technical, or

other specialized knowledge within the scope of Rule 702," bringing it outside the scope of

permissible lay opinion testimony.  Fed. R. Evid. 701; *see In re Nellson Nutraceutical, Inc.*, No.

06-10072(CSS), 2007 WL 201134, at *1 (Bankr. D. Del. Jan. 18, 2007) (Sontchi, J.) ("Generally

speaking, in order to accomplish that task [*i.e.*, valuation] the Court would consider the opinions

of the competent experts."); *see also United States* v. *Powers*, 578 F. App'x 763, 774 (10th Cir.

2014) (unpublished) (explaining that lay opinions may rely on "basic math" or "straightforward,

common-sense calculations" but not "complex computations"); *Eichorn* v. *AT&T Corp.*, 484

F.3d 644, 650 & n.3 (3d Cir. 2007) (affirming the district court's exclusion of lay testimony

concerning expected future pension benefits, reasoning that the requisite calculations were

SC1:3964829.9

"sufficiently complex" and the witness lacked the "relevant experience or training" to perform them).

11.    The Debtors themselves acknowledge that valuation in this case is exclusively the domain of expert opinion, as they have retained Mr. Ying as a purported expert to present a valuation of TCEH.  The Debtors could have offered an expert to perform a valuation of Oncor as well, but they elected not to do so.  Had the Debtors submitted a valuation of Oncor in the future as a REIT in the form of expert testimony, the EFH Committee would have had the benefit of a written report of those opinions, an opportunity to depose the witness, and, had it known this would be a "valuation trial," the ability to retain its own expert to offer rebuttal opinions.  *See* Fed. R. Civ. P. 26(a)(2); Fed. R. Bankr. P. 7026.  Without these important protections, which Rule 701(c) was designed to secure, *see Hirst*, 544 F.3d at 227-28, the EFH Committee is unable to assess whether any views that might be offered as to the value of Oncor, especially as a REIT, meet the requirements of Rule 702.[5]  The Court should prevent any attempt to "use Rule 701 as an end-run around the reliability requirements of Rule 702 and the disclosure requirements of the Rules of Procedure."[6]  *Hirst*, 544 F.3d at 227.

12.    Moreover, it would be unfair to the EFH Committee if the Debtors and the Purchasers were permitted to secure an expedited hearing on the Plan by arguing that the future value of Oncor at effectiveness is irrelevant to the Plan, and subsequently try to backdoor evidence of that future value through fact witnesses at the confirmation hearing after expert discovery has closed.  In reliance on the Debtors' representations and the Court's August 25,

---

[5]    "Rule 702 embodies a trilogy of restrictions on expert testimony:  qualification, reliability and fit."  *Schneider* v. *Fried*, 320 F.3d 396, 404 (3d Cir. 2003) (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741-43 (3d Cir. 1994); *Daubert* v. *Merrell Dow Pharms.*, 509 U.S. 579 (1993)).

[6]    The risk of gamesmanship is particularly acute here, where the Debtors' valuation expert on non-Oncor issues is also a fact witness.

2015 ruling, the EFH Committee has not retained an expert to present a valuation of Oncor at effectiveness. *See, e.g.*, *Total Control, Inc.* v. *Danaher Corp.*, 359 F. Supp. 2d 387, 399-400 (E.D. Pa. 2005) (precluding defendant's proffer of evidence that directly contradicted defendant's earlier representation to plaintiff during discovery because admitting the evidence would have prejudiced plaintiff); *S.E.C.* v. *Alexander*, No. 00CIV7290LTSHBP, 2004 WL 1468528, at *9 (S.D.N.Y. June 28, 2004) (finding the plaintiff would be prejudiced if the court allowed a defendant to proceed to trial without having participated in discovery).

13.    For the forgoing reasons, the Court should exclude all evidence concerning the value of Oncor as a REIT.

## CONCLUSION

WHEREFORE, the EFH Committee respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A and grant such other and further relief as the Court deems just and proper.

SC1:3964829.9

Dated:   Wilmington, Delaware
        October 28, 2015

**MONTGOMERY McCRACKEN WALKER & RHOADS, LLP**

*/s/ Brian D. Glueckstein*
Natalie D. Ramsey (DE Bar No. 5378)
Davis Lee Wright (DE Bar No. 4324)
Mark A. Fink (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, DE  19801
Telephone: (302) 504-7800
Facsimile: (302) 504 -7820
E-mail:        nramsey@mmwr.com
               dwright@mmwr.com
               mfink@mmwr.com

– and –

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich
Brian D. Glueckstein
John L. Hardiman
Alexa J. Kranzley
125 Broad Street
New York, New York  10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588
E-mail:        dietdericha@sullcrom.com
               gluecksteinb@sullcrom.com
               hardimanj@sullcrom.com
               kranzleya@sullcrom.com

*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc.*

**<u>EXHIBIT A</u>**

**<u>Proposed Order</u>**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

## ORDER PRECLUDING ALL PARTIES FROM OFFERING
## EVIDENCE REGARDING THE VALUE OF ONCOR

Upon the motion (the "**Motion**")[2] of the official committee of unsecured creditors

of Energy Future Holdings Corporation ("**EFH**"), Energy Future Intermediate Holding Company

LLC, EFIH Finance Inc., and EECI, Inc. (the "**EFH Committee**"), for entry of an order (this

"**Order**") excluding evidence regarding the value of Oncor Electric Delivery Holdings Company

LLC and its direct and indirect subsidiaries ("**Oncor**"); and the Court having found that this

Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334; and

the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

and the Court having found that venue of this proceeding and the Motion in this District is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that proper, timely,

adequate, and sufficient notice, including notice of the Motion and the relief requested therein,

has been provided in accordance with the Bankruptcy Rules and/or order of the Court and no

---

[1]    The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

other or further notice of the Motion is or shall be required; and the Court having reviewed the

Motion and having heard arguments and testimony presented at the hearing before the Court (if

any); and the Court having found that the relief requested in the Motion is in the best interests of

the Debtors' estates, their creditors and other parties in interest; and the Court having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and any objections (if any) to the Motion having been withdrawn or overruled on the

merits; and after due deliberation and sufficient cause appearing, it is hereby ORDERED THAT:

    1.    The Motion is GRANTED.

    2.    All parties are precluded from offering evidence regarding the value of Oncor as a REIT.

    3.    This Court shall retain jurisdiction to interpret and enforce this Order and to hear any motion by the Debtors for reconsideration of this Order.

Dated: November __, 2015
       Wilmington, Delaware

                                        _____
                                        Christopher S. Sontchi
                                        United States Bankruptcy Judge

SC1:3964829.9