## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:  November 3, 2015 at 11:00 a.m.** |

## EFH COMMITTEE'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF CONSULTATION WITH COUNSEL OFFERED TO SUPPORT REASONABLENESS OF SETTLEMENT

---

[1]     The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ..................................................................................................1

FACTS SPECIFIC TO THE REQUESTED RELIEF ..................................................................2

ARGUMENT.................................................................................................................................6

    A.    Evidence that the Debtors Consulted with Counsel Is Inadmissible Because
the Debtors Precluded Discovery Relating to the Advice of Counsel. ..........................7

CONCLUSION.............................................................................................................................10

SC1:3975712.7B

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Arista Records LLC* v. *Lime Group LLC*,
  No. 06 CV 5936 (KMW), 2011 WL 1642434 (S.D.N.Y. Apr. 20, 2011) ...............................9

*Berckeley Inv. Grp., Ltd.* v. *Colkitt*,
  455 F.3d 195 (3d Cir. 2006) ........................................................................................8

*Brigham & Women's Hosp. Inc.* v. *Teva Pharm. USA, Inc.*,
  707 F. Supp. 2d 463 (D. Del. 2010) ...........................................................................10

*E.G.L. Gem Lab Ltd.* v. *Gem Quality Inst., Inc.*,
  90 F. Supp. 2d 277 (S.D.N.Y. 2000) .............................................................................9

*In re ID Liquidation One, LLC*,
  555 F. App'x 202 (3d Cir. 2014) ..................................................................................7

*McLean* v. *Garage Mgmt. Corp.*,
  No. 10 Civ. 3950 (DLC), 2012 WL 1358739 (S.D.N.Y. Apr. 19, 2012) ...............................9

*In re Residential Capital, LLC*,
  491 B.R. 63 (Bankr. S.D.N.Y. 2013) ....................................................................8, 9, 10

*In re Spansion, Inc.*,
  No. 09-10690 (KJC), 2009 WL 1531788 (Bankr. D. Del. June 2, 2009) ...............................7

*Remington Arms Co.* v. *Liberty Mut. Ins. Co.*,
  142 F.R.D. 408 (D. Del. 1992) .....................................................................................7

*Tracinda Corp.* v. *DaimlerChrysler AG*,
  362 F. Supp. 2d 487 (D. Del. 2005) ..............................................................................8

*Travelers Cas. & Sur. Co.* v. *Ins. Co. of N. Am.*,
  609 F.3d 143 (3d Cir. 2010) ........................................................................................8

*United States* v. *Bilzerian*,
  926 F.2d 1285 (2d Cir. 1991) ......................................................................................8

*In re Wash. Mut., Inc.*,
  442 B.R. 314 (Bankr. D. Del. 2011) .............................................................................7

The official committee of unsecured creditors of Energy Future Holdings Corporation ("**EFH**"), Energy Future Intermediate Holding Company LLC ("**EFIH**"), EFIH Finance Inc. ("**EFIH Finance**"), and EECI, Inc. (the "**EFH Committee**") hereby submits this motion *in limine* (the "**Motion**") for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), excluding evidence of the Debtors' consultation with counsel in support of the *Motion of Energy Future Holdings Corp. et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement* [D.I. 5249].  In support of the Motion, the EFH Committee concurrently submits the following memorandum of law.

<u>PRELIMINARY STATEMENT</u>

1.    This Motion arises out of the Debtors' reliance on the attorney-client privilege to preclude any meaningful discovery into the reasonableness of their decision to settle the claims encompassed by the Settlement Agreement.  Specifically, the Debtors have used the attorney-client privilege as a shield to prevent the EFH Committee from probing into the analysis conducted by the Debtors and Disinterested Directors concerning the Settlement Agreement, but, in depositions have cited to the general fact that counsel analyzed and researched the potential claims as a sword to meet their burden of proving the reasonableness of the Settlement Agreement.  The Debtors cannot have it both ways.  The Court should therefore prohibit the Debtors from justifying the Settlement Agreement based on consultation with counsel.

## FACTS SPECIFIC TO THE REQUESTED RELIEF[1]

2.      The Debtors filed an *Amended & Restated Settlement Agreement* [D.I. 6085] (the "**Settlement Agreement**") on September 17, 2015.  According to the *Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement* [D.I. 5249], the Settlement Agreement incorporates, *inter alia*, a settlement of intercompany claims (the "**Disinterested Director Settlement**") that resulted purportedly from arms'-length negotiations that occurred in early 2015 between and among the Debtors' disinterested directors and managers (the "**Disinterested Directors**"), and independent legal counsel and professional advisors retained at their behest (collectively, the "**Disinterested Director Advisors**").  ([D.I. 5249] at 21.)  The Debtors bear the burden of proving by a preponderance of the evidence that the Settlement Agreement as a whole is reasonable.  (*See* [D.I. 6627] at 75.)

3.      In support of the Settlement Agreement and the Disinterested Director Settlement contained therein, the Debtors, including the Disinterested Directors, rely, in part, on the fact that they consulted with counsel.  (*See, e.g.*, Oct. 1, 2015 Keglevic Depo. Tr. at 367:5; Sept. 15, 2015 Cremens Depo. Tr. at 88:11-89:6.)  The Disinterested Directors also rely on a handful of presentations and memoranda drafted by their respective Disinterested Director Advisors as evidence of the analysis undertaken with respect to the Disinterested Director Settlement.  (*See* [D.I. 4145] at Exs. B-F to Ex. 1; [D.I. 4146] at Exs. B, C.)

---

[1]      A detailed factual background of the case is set forth in the *Trial Brief and Omnibus Objection of the EFH Official Committee to (I) Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement and (II) Confirmation of the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6627] (the "**Trial Brief and Omnibus Objection**") and is incorporated herein by reference.  This section specifically recites only those facts directly relevant to the instant Motion.

4.      The EFH Committee has, accordingly, sought to investigate the specific facts and circumstances underlying these consultations with counsel.  At every turn, the Debtors and Disinterested Directors have turned back EFH Committee's discovery on this topic with assertions of attorney-client privilege.

5.      For example, Mr. Keglevic, the co-Chief Restructuring Officer of EFH, consistently maintained that ███████████████████████████████████ (Oct. 1, 2015 Keglevic Depo. Tr. at 367:5.) ██████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████ (*Id.* at 367:8-11.) ██████████████

███████████████████████████████████████████ (*Id.* at 367:13.) ███

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████ (*Id.* at 109:9-13; 285:22-286:4.)

6.      █████████████████████████████████████████ throughout the deposition of Hugh Sawyer, the "Disinterested Manager" of Energy Future Competitive Holdings Company, LLC ("**EFCH**") and Texas Competitive Electric Holdings Company LLC ("**TCEH**").  ████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████ (Sept. 24, 2015

Sawyer Depo. Tr. at 793:21-794:9.) ████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████



(*Id.* at 880:20-881:3.)

(*Id.* at 779:13-781:15.)

       7.      Similarly, during the deposition of Donald Evans, one of the two

"Disinterested Directors" of EFH,



██████████████████████████████████████

██ (*See, e.g.*, Sept. 25, 2015 Evans Depo. Tr. at 193:9-196:12.) ██████████

████████████████████████████████████████

████████████████████████████

(*Id.* at 194:23-196:12.)

8. Chuck Cremens, the "Independent Manager" of EFIH, also testified about

███████████████████████████████████

████████████████████ (Sept. 15, 2015 Cremens Depo. Tr. at 87:25-88:10.)

████████████████████████████████

█████████████████████████████

████████████████████████



(*Id.* at 88:11-89:6.)

[2]

## ARGUMENT

9.      The Court should grant this Motion and preclude the Debtors from

offering the fact that they consulted with counsel as evidence that their decision to enter into the

Settlement Agreement was reasonable because they prevented the EFH Committee from

conducting any meaningful discovery into the soundness and circumstances of the Debtors'

reliance on counsel.

A.      **Evidence that the Debtors Consulted with Counsel Is Inadmissible Because the Debtors Precluded Discovery Relating to the Advice of Counsel.**

10.      As justification that the Settlement Agreement and the Disinterested

Director Settlement contained therein were reasonable, the Debtors' officers and directors stated

---

[2]      (*See, e.g.*, EFH06002898-941                                at EFH06002901                                ; *see also* EFH06002843-94                                at EFH06002846                                .)

frequently that they consulted with counsel.  The Debtors also selectively rely on several

presentations and one memorandum drafted by the Disinterested Director Advisors, which

purport to memorialize the Disinterested Directors' advice from their counsel.  (*See* [D.I. 4145]

at Exs. B-F to Ex. 1; [D.I. 4146] at Exs. B, C.)  The EFH Committee's attempts to examine and

understand the specifics of the Debtors' analyses of the settled claims are necessary "to provide a

basis for evaluating the strengths and weaknesses of the litigation" and the reasonableness of the

decision to settle.  *In re Spansion, Inc.*, No. 09–10690 (KJC), 2009 WL 1531788, at *7-8 (Bankr.

D. Del. June 2, 2009).  But each time the EFH Committee has attempted to explore the facts and

circumstances underlying those consultations, the Debtors have refused to provide any disclosure

under the guise of attorney-client privilege.  Additionally, by selectively blocking discovery on

attorney-client privilege grounds, the Debtors have, in effect, cherry-picked the facts they are

asking the Court to consider, which is precisely the result that the rule against using the privilege

as a sword and a shield is designed to avoid.

   11.  The Debtors should not be allowed to rely on assertions of privilege to

support the Settlement Agreement when they prevented the EFH Committee from seeking

discovery into the facts and circumstances underlying those assertions of privilege.  "The

elements of the attorney-client privilege are not designed to preclude the disclosure of relevant

factual information."  *Remington Arms Co.* v. *Liberty Mut. Ins. Co.*, 142 F.R.D. 408, 415-16 (D.

Del. 1992).

   12.  Furthermore, it is black letter law that "the attorney-client privilege cannot

at once be used as a shield and a sword."  *United States* v. *Bilzerian*, 926 F.2d 1285, 1292 (2d

Cir. 1991) (cited with approval in *Travelers Cas. & Sur. Co.* v. *Ins. Co. of N. Am.*, 609 F.3d 143,

164 (3d Cir. 2010)); *see also Berckeley Inv. Grp., Ltd.* v. *Colkitt*, 455 F.3d 195, 221 n.24 (3d Cir.

2006) ("[W]e remind the parties that the attorney-client privilege cannot be used as both a 'shield' and a 'sword': [plaintiff] cannot rely upon the legal advice it received for the purpose of negating its scienter without permitting [defendant] the opportunity to prove the surrounding circumstances and substance of that advice."); *Tracinda Corp.* v. *DaimlerChrysler AG*, 362 F. Supp. 2d 487, 513 (D. Del. 2005) ("The attorney client privilege should not be used as both a sword and a shield . . . . [A] party should not be permitted to use the privilege to shield information which it has deliberately chosen to use offensively.").

13.     The court in *In re Residential Capital, LLC* confronted this very issue in the context of settlement evaluations under Rule 9019 of the Federal Rules of Bankruptcy Procedure.  491 B.R. 63, 68-69 (Bankr. S.D.N.Y. 2013).  Throughout discovery in that case, including during depositions, the unsecured creditor committee consistently pressed for the production of documents relating to the evaluation, negotiation, and approval of the settlement at issue.  *See In re Residential Capital, LLC*, 491 B.R. at 65.  "With few exceptions, the Debtors' counsel asserted attorney-client privilege to all document production requests and deposition testimony concerning advice of counsel."  *Id.*  The unsecured creditors committee then moved to preclude the Debtors from offering any evidence of their reliance on advice of counsel in seeking to approve the settlement at trial.  *See id.*

14.     The court held that the Debtors could not engage in the selective disclosure of the legal advice that they received in deciding to enter the settlement, while continuing to assert attorney-client privilege to bar discovery of documents or deposition testimony on the same subject matter.  *Id.* at 69-70.  The court found that, "[d]espite producing a 'mere handful' of documents pursuant to the [settlement issue], and repeatedly instructing witnesses not to answer on the basis of attorney-client privilege during depositions, the Debtors'

. . . reply briefs . . . contain numerous statements that the Debtors relied on the advice of counsel in approving the . . . Settlement." *Id.* at 66.  The court concluded that "[t]he law does not permit such cherry-picking of reliance on counsel evidence.  The consequences of failing to make a *full* disclosure of the advice that was given is that the Debtors are now precluded from offering *any* evidence of the legal advice provided to the Debtors' officers and directors that was considered in connection with the decision to enter into the . . . Settlement."  *Id.* at 70.

15.    Likewise, "[c]ourts have repeatedly held that, where a party 'blocked his adversary from conducting discovery on [his communications with counsel], he will not now be heard to advance reliance on counsel.'"  *In re Residential Capital, LLC*, 491 B.R. at 68-69 (quoting *E.G.L. Gem Lab Ltd.* v. *Gem Quality Inst., Inc.*, 90 F. Supp. 2d 277, 296 n.133 (S.D.N.Y. 2000)); *see also McLean* v. *Garage Mgmt. Corp.*, No. 10 Civ. 3950 (DLC), 2012 WL 1358739, at *7 (S.D.N.Y. Apr. 19, 2012) (precluding a party from offering defense based on good faith reliance on the advice of counsel after previous invocation of attorney-client privilege); *Arista Records LLC* v. *Lime Group LLC*, No. 06 CV 5936(KMW), 2011 WL 1642434, at *2 (S.D.N.Y. 2011) (precluding defendants from offering evidence or argument at trial regarding their purported belief in the lawfulness of their conduct where defendants had blocked inquiry on the basis of privilege).  It would be manifestly unjust to allow the Debtors to advocate their reliance on counsel as evidence of the reasonableness of their Settlement without fulsome concomitant discovery into facts underlying those consultations with counsel.

16.    In this case the Debtors have cherry-picked a handful of documents demonstrating that they received advice from counsel on the claims settled in the Settlement Agreement.  The Debtors then repeatedly instructed their witnesses not to answer questions on the nature of that advice during depositions.  As the court in *In re Residential Capital, LLC*

-9-

found, this tactic is an abuse of the attorney-client privilege.  *See* 491 B.R. at 69-70; *see also*

*Brigham & Women's Hosp. Inc.* v. *Teva Pharm. USA, Inc.*, 707 F. Supp. 2d 463, 471 (D. Del.

2010) ("Plaintiffs are attempting to use the advice of counsel both as a sword to defeat the intent

prong of inequitable conduct and as a shield to prevent defendants from obtaining information to

prove intent to withhold information . . . .  They cannot have it both ways.").  The fact that the

Debtors sought legal advice does not, by itself, lead to the conclusion that the Settlement

Agreement must be reasonable.[3]  The Debtors must therefore be prohibited from offering

evidence concerning their consultation with counsel, including in support of their argument that

the Settlement Agreement is a reasonable exercise of their business judgment.

## CONCLUSION

WHEREFORE, the EFH Committee respectfully requests that the Court grant the

requested relief and order such other and further relief as it deems just and proper.  The Debtors

must be precluded from offering the fact that they relied on counsel as evidence that their

decision to enter into the Settlement Agreement was reasonable.

---

[3]     It is possible, for example, that counsel told the Debtors that the merits of TCEH's claims against EFH are weak, but the Debtors decided to approve a settlement claim by EFH against TCEH anyway.  While the Debtors are entitled to seek advice from their counsel in connection with their duty of care, *see In re Residential Capital, LLC*, 491 B.R. at 70, the issue here is that due to the Debtors' assertions of privilege, the EFH Committee was prevented from exploring how and why the Debtors' reliance on counsel led to their belief that the Settlement Agreement is reasonable.

Dated:  Wilmington, Delaware
   October 28, 2015

**MONTGOMERY McCRACKEN WALKER & RHOADS, LLP**

*/s/ Brian D. Glueckstein*
Natalie D. Ramsey (DE Bar No. 5378)
Davis Lee Wright (DE Bar No. 4324)
Mark A. Fink (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, DE  19801
Telephone: (302) 504-7800
Facsimile: (302) 504 -7820
E-mail:  nramsey@mmwr.com
    dwright@mmwr.com
    mfink@mmwr.com

– and –

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich
Brian D. Glueckstein
John L. Hardiman
Alexa J. Kranzley
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
E-mail:  dietdericha@sullcrom.com
    gluecksteinb@sullcrom.com
    hardimanj@sullcrom.com
    kranzleya@sullcrom.com

*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc.*

**<u>EXHIBIT A</u>**

**<u>Proposed Order</u>**

SC1:3975712.7B

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER PRECLUDING THE DEBTORS FROM OFFERING THE FACT THAT THEY
CONSULTED WITH COUNSEL AS EVIDENCE OF THEIR REASONABLE BUSINESS
JUDGMENT IN ENTERING INTO THE SETTLEMENT AGREEMENT**

Upon the motion (the "**Motion**")[2] of the official committee of unsecured creditors

of Energy Future Holdings Corporation ("**EFH**"), Energy Future Intermediate Holding Company

LLC ("**EFIH**"), EFIH Finance Inc., and EECI, Inc. (the "**EFH Committee**"), for entry of an

order (this "**Order**") precluding evidence of the Debtors' consultation with counsel in support of

the *Motion of Energy Future Holdings Corp. et al., to Approve a Settlement of Litigation Claims*

*and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement* [D.I.

5249] (the "**Settlement Motion**"); and the Court having found that this Court has jurisdiction to

consider and determine this matter pursuant to 28 U.S.C. § 1334; and the Court having found

that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having

found that venue of this proceeding and the Motion in this District is proper pursuant to 28

---

[1]    The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

U.S.C. §§ 1408 and 1409; and the Court having found that proper, timely, adequate, and

sufficient notice, including notice of the Motion and the relief requested therein, has been

provided in accordance with the Bankruptcy Rules and/or order of the Court and no other or

further notice of the Motion is or shall be required; and the Court having reviewed the Motion

and having heard arguments and testimony presented at the hearing before the Court (if any); and

the Court having found that the relief requested in the Motion is in the best interests of the

Debtors' estates, their creditors and other parties in interest; and the Court having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and any objections (if any) to the Motion having been withdrawn or overruled on the

merits; and after due deliberation and sufficient cause appearing, it is hereby ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Debtors and proponents of approving the Settlement Agreement are

precluded from offering evidence relating to the fact that the Debtors consulted with counsel in

support of the Settlement Motion.

3.      This Court shall retain jurisdiction to interpret and enforce this Order and

to hear any motion by the Debtors for reconsideration of this Order.


Dated:   November __, 2015                          _____
         Wilmington, Delaware                       Christopher S. Sontchi
                                                    United States Bankruptcy Judge

SC1:3975712.7B