# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>Re: D.I. 6530, 6699 |

### STATEMENT AND RESERVATION OF RIGHTS OF THE EFH OFFICIAL COMMITTEE WITH RESPECT TO THE PROPOSED STIPULATION BETWEEN THE PLAN SPONSORS AND CERTAIN HOLDERS OF EFIH PIK NOTE CLAIMS

The official committee of unsecured creditors (the "EFH Committee") of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc. hereby submits this statement and reservation of rights to the stipulation [D.I. 6699 and certain exhibits thereto] (the "Stipulation") between the Plan Sponsors[2] and certain holders of Senior Toggle Note claims against the EFIH Debtors (the "Stipulating PIK Holders"), and respectfully represents as follows:

1. The Debtors have represented to the Court and the EFH Committee that the Stipulation, as modified after filing of the EFH Committee's previous Objection, will not alter the allowed amount of the Stipulating PIK Holders' claims for post-petition interest (the

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6122] (as may be further modified, amended or supplemented from time to time, the "REIT Plan").

"PPI Claims") in any plan other than the REIT Plan. Accordingly, the EFH Committee has no further objection to the Stipulation as a financial matter.[3]

2. However, the EFH Committee believes the Stipulation and proposed form of Order (the "Proposed Order") raise due process issues beyond their narrow terms. *First*, the Court should consider whether entry of the Proposed Order may deprive creditors of their right to be heard on the eve of the confirmation and settlement hearings. *See* 11 U.S.C. § 1109(b). There has not been time for these creditors to engage their own counsel and they have, until recently, relied on their bond trustee. The bond trustee may now be an adverse party with respect to some complex questions of contractual interpretation and the relationship between the indenture and the rights of creditors under the Bankruptcy Code. The Proposed Order proposes to resolve some of these questions definitely. *See, e.g.,* Proposed Order ¶ 4 (authorizing and directing non *pro rata* distributions to the ratable bonds "[n]othwithstanding anything contained in the [indenture]").

3. *Second*, the EFH Committee is concerned that the Stipulation and Proposed Order, proposed to be issued pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, may not be 'fair and equitable' with respect to the non-consenting holders. Due process may include the need for affected creditors to be advised by counsel on the interrelationship between their contractual rights under the indenture and Rule 9019 jurisprudence.

4. Finally, the EFH Committee reserves the right to argue in connection with the confirmation of the REIT Plan that the Stipulation, Proposed Order and PSA are

---

[3] The EFH Committee reserves its rights to object to the Stipulation in the future if the Debtors amend or modify the REIT Plan to alter recoveries for unsecured creditors of EFH or EFIH.

modifications to the REIT Plan that redundantly preclude its confirmation under section 1129 of the Bankruptcy Code.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>October 30, 2015 | **MONTGOMERY McCRACKEN WALKER & RHOADS, LLP**<br><br>*/s/ Mark A. Fink*<br>Natalie D. Ramsey (DE Bar No. 5378)<br>Davis Lee Wright (DE Bar No. 4324)<br>Mark A. Fink (DE Bar No. 3946)<br>1105 North Market Street, 15th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 504-7800<br>Facsimile: (302) 504-7820<br>E-mail: nramsey@mmwr.com<br>dwright@mmwr.com<br>mfink@mmwr.com<br><br>– and –<br><br>**SULLIVAN & CROMWELL LLP**<br><br>Andrew G. Dietderich<br>Brian D. Glueckstein<br>John L. Hardiman<br>Alexa J. Kranzley<br>125 Broad Street<br>New York, New York 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>gluecksteinb@sullcrom.com<br>hardimanj@sullcrom.com<br>kranzleya@sullcrom.com<br><br>*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc.* |