**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP, *et al.*, | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. [1] | ) | (Jointly Administered) |
| | ) | |
| | ) | RE: D.I. 6530, 6699 |

**PRELIMINARY OBJECTION OF YORK CAPITAL MANAGEMENT GLOBAL**
**ADVISORS, LLC AND P. SCHOENFELD ASSET MANAGEMENT L.P. TO**
**PROPOSED SETTLEMENT OF CERTAIN EFIH PIK NOTE CLAIMS**

York Capital Management Global Advisors, LLC and P. Schoenfeld Asset Management L.P., on behalf of funds and accounts that they each manage or advise (the "Non-Settling EFIH PIK Noteholders"), hereby submit this preliminary objection (this "Objection") to the *Settlement of EFIH PIK Note Claims With Certain EFIH PIK Noteholders* (the "Settlement")[2] [Docket No. 6699], for which approval is sought to settle certain EFIH PIK Note Claims with GSO Capital Partners, on behalf of certain funds and accounts it manages or advises Avenue Capital Management II, L.P. and certain other holders of EFIH PIK Noteholders (collectively the "Settling EFIH PIK Noteholders").  As and for this Objection, the Non-Settling EFIH PIK Noteholders respectfully state as follows:

**PRELIMINARY OBJECTION**

1.      The Non-Settling EFIH PIK Noteholders, who collectively hold approximately 38% of the EFIH PIK Note Claims submit this objection to the entry of the proposed EFIH PIK Settlement Order approving the Stipulation and other agreements since, as drafted, the Order

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  A complete list of debtors and their respective tax identification numbers may be found at http://www.efhcaseinfo.com.

[2]     Capitalized terms not defined herein have the meaning ascribed to such terms in the Settlement.

would alter the rights of the parties under the EFIH PIK Notes Indenture and would negatively affect the rights of Non-Settling EFIH PIK Noteholders.  As is typical in cases like these, the non-settling EFIH PIK Noteholders have been working through and relying upon the EFIH PIK Notes Trustee to protect and enforce their rights under the EFIH PIK Note Indenture.  The relief sought by the Debtors could result in stripping the Non-Settling EFIH PIK Noteholders of this protection and leave them in a procedural "gotcha" that this Court should not allow.

2.      Pursuant to the Proposed Settlement, Settling EFIH PIK Noteholders holding approximately 50.4% of the EFIH PIK Note Claims will have allowed claims in an amount equal to (i) the principal amount owing on their EFIH PIK Notes, and (ii) 57.5% of accrued but unpaid postpetition interest at the non-default contract rate set forth in the EFIH PIK Notes Indenture through the effective date of a chapter 11 plan.  Additionally, certain of the Settling EFIH PIK Noteholders will receive a consent fee equal to 2.5% accrued but unpaid postpetition interest at the non-default contract rate set forth in the EFIH PIK Notes Indenture through the effective date of a chapter 11  plan.

3.      As this Court noted at the hearing held earlier this week, there is no "Motion" which specifically lays out the relief sought by the Debtors.  Rather, there is a three page notice advising parties that a claims settlement has been reached, a series of agreements attached to the notice, and a form of Settlement Order which purports to grant broad relief sought in a "Motion" that has never been filed and which approves agreements which both alter and seek to eviscerate the rights of those who are not parties to the settlement.

4.      Under these circumstances, such all-encompassing relief should not be granted.  Indeed, relief from this Court is not really needed to effectuate the claims resolution.  All the Debtors need to do is partially withdraw their claim objection as it relates to the Settling EFIH PIK

Noteholders and agree to the allowance of the claims in the agreed upon amounts and terms. Alternatively, if any relief is provided by this Court, that relief should be limited to the absolute bare minimum. So, by way of example, if the Settling EFIH PIK Noteholders want some form of comfort order regarding their allowed claims, then the Order should simply allow the claims of those parties in the agreed upon amounts and nothing more. If the Debtors determine that they need Court authorization to enter into the Stipulation and other documents, the Settlement Order should so provide. But that is all and nothing more. The Settlement Order should not approve and incorporate the Stipulation and the amended Plan Support Agreement, give blessing to the Direction Letter being sent to the EFIH PIK Note Trustee, or alter the rights of the parties under the EFIH PIK Note Indenture.[3]

5.       While parties should be free to settle their disputes, such a settlement should not come at the expense of those entities who are not parties to the settlement. *See, e.g., In re SportStuff, Inc.*, 430 B.R. 170, 179 (B.A.P. 8th Cir. 2010) (the B.A.P reversed the bankruptcy court's approval of a 9019 settlement between a debtor and its insurer because the settlement would "impair significant rights of third parties . . . without compensation or their consent"). For example, Paragraph 4 of the proposed EFIH PIK Settlement Order would **<u>explicitly override</u>** any applicable provisions of the EFIH PIK Notes Indenture by starting out with the express directive that "[n]otwithstanding anything contained in the EFIH PIK Notes Indenture . . . and then directs how funds are to be distributed by the EFIH PIK Notes Trustee. The settlement should not be used as a tool to alter rights under the EFIH PIK Notes Indenture. Indeed, the EFIH PIK Settlement

---

[3] Moreover, the terms of the EFIH PIK Settlement Order that concern matters *other than* the amount and allowance of a claim should be the subject of an amendment to the EFIH plan of reorganization. Parties-in-interest should be given time to review these material revisions to the plan and be afforded the opportunity, upon notice and motion, to object to these revisions pursuant to the plan confirmation standards set forth in, *inter alia*, section 1129 of the Bankruptcy Code.

Order should preserve the rights of the Non-Settling EFIH PIK Noteholders and specifically state that nothing contained in such order shall in any way alter the rights and obligations of the EFIH PIK Notes Indenture Trustee and the Non-Settling EFIH PIK Noteholders under the EFIH PIK Notes Indenture. *In re Dewey & LeBoeuf LLP*, 478 B.R. 627, 644 (Bankr. S.D.N.Y. 2012) (approving Rule 9019 settlement, in part, because the settlement agreement did "not prevent non-debtor third parties or non-settling partners from asserting" their contractual rights); *In re Mavrode*, 205 B.R. 716, 721 (Bankr. D.N.J. 1997) ("It is the duty of the bankruptcy court to ensure that the proposed settlement will not result in further injury to the other creditors. A proposed settlement will necessarily fail where one creditor benefits at the other creditors' expense."); *In re Devon Capital Management*, 261 B.R. 619, 623 (Bankr. W.D.Pa. 2001) ("Even if a settlement is fair and equitable to the parties to the settlement, approval is not appropriate if the rights of others who are not parties to the settlement will be unduly prejudiced. . . . Ignoring the effect of a settlement on rights of third parties 'contravenes a basic notion of fairness.'") (internal citations omitted).

6.      The *Sportstuff* case cited above is instructive on point. In *Sportstuff*, the chapter 11 debtor, a manufacturer of inflatable water and winter sports and leisure products, filed an adversary complaint seeking injunctive and declaratory relief to stay numerous lawsuits and claims made against it and its insurers, co-insureds, and indemnitees for personal injuries allegedly caused by its products. The unsecured creditors committee and insurers intervened, with the insurers filing a complaint naming the vendors of debtor's products as defendants. Following entry of a preliminary injunction, the debtor sought Bankruptcy Court approval of settlements it had reached with three of its insurers. The vendors objected to the settlements on the ground that the settlements purported to eliminate the rights of the vendors to any of the insurance proceeds. On

appeal, the Bankruptcy Appellate Panel for the 8th Circuit reversed the Bankruptcy Court's approval of the settlements and determined that "the Settlements are . . . not fair and equitable" because they "do not preserve to the Vendors the rights they would have either under the Bankruptcy Code or under state law outside of bankruptcy." *SportStuff,* 430 B.R. at 177.

7.      The same principal is at issue here.  The proposed EFIH PIK Settlement Order explicitly overrides the bargained-for rights of Non-Settling EFIH PIK Noteholders.   The Settlement Order improperly approves the Direction Letter and then exculpates and releases the EFIH PIK Notes Trustee for any and all actions taken for the settlement.  The EFIH PIK Notes Indenture Trustee has obligations to the Non-Settling EFIH PIK Noteholders and should not be relieved of those obligations through a summary proceeding approving a settlement.  Another example of how parties' rights are being altered is the effectuated changes to the EFIH PIK Notes Indenture by altering the *pro rata* sharing provisions in Section 6.13 by directing how funds are to be distributed by the EFIH PIK Notes Trustee.  The settlements reached in this matter alter and impair the rights of Non-Settling EFIH PIK Noteholders under non-bankruptcy law and are therefore not "fair and equitable."

8.      Additionally, if the Settlement is approved, it may impair the ability of the Non-Settling EFIH PIK Noteholders to continue to litigate their claims with the Debtors with respect to the payment of postpetition interest on their claim sat the "contract rate."  On September 4, 2014, UMB Bank, N.A., EFIH PIK Notes Trustee, filed its *Response to the Debtors' Partial Objection to Proof of Claim No. 6347 Filed by the Indenture Trustee for the EFIH Unsecured Notes* [Docket No. 5874] (the "Trustee's Response").  Among other things, in the Trustee's Response the EFIH PIK Notes Trustee argued that **all** of the EFIH PIK Noteholders were entitled to postpetition interest on their claims at the contract rate.

9.     However, the Plan Support Agreement requires that the EFIH PIK Notes Trustee withdraw the Trustee's Response upon the direction of the Settling EFIH PIK Noteholders. Specifically, Section 4.1(g) of the Plan Support Agreement provides that:

> if holders of 50.10% or more of the aggregate principal amount of outstanding EFIH PIK Notes are or become Parties to this Agreement and accept the EFIH PIK Notes Claim Settlement in accordance with Section 10(r), **such holders will direct the EFIH PIK Notes Trustee**, in its capacity as indenture trustee for the EFIH PIK Notes, to (i) execute this Agreement, (ii) **during the Plan Support Effective Period, not directly or indirectly, or encourage any other entity to directly or indirectly, object to, delay, impede, or take any other action or any inaction to interfere with the acceptance, implementation, consummation, or amendment of the Plan, the Restructuring Transactions, the Claims Settlement, and the EFIH PIK Note Claims Settlement**, and (iii) during the Plan Support Effective Period, refrain from supporting and not pursue with respect to such notes payment of postpetition interest (except as contemplated herein) or any Makewhole Claims.

Plan Support Agreement, Exhibit A to the Settlement, at Section 4.1(g) (emphasis added).

10.     The Settling EFIH PIK Noteholders, upon information and belief, already constitute over 50.10% of the aggregate principal amount of outstanding EFIH PIK Notes and have directed the EFIH PIK Notes Trustee to withdraw the Trustee's Response in the claims litigation. If the EFIH PIK Notes Trustee were to withdraw the Trustee's Response, the Non-Settling EFIH PIK Noteholders recourse or ability to continue to dispute the Debtors' objection to paying postpetition interest on EFIH PIK Note claims at the contract rate may be impaired because (i) the EFIH PIK Noteholders' relied upon the EFIH PIK Notes Trustees (ii) the objection deadline has passed, and (iii) the EFIH PIK Notes Trustee has been the party responsible for filing the claim and litigating with claim with the Debtors.  In effect, the Settlement allows the Settling EFIH PIK Noteholders to recover 57.5% of accrued but unpaid postpetition interest at the non-default contract rate set forth in the EFIH PIK Notes Indenture through the effective date of a chapter 11 plan for EFIH, *see* Stipulation, Section 2.1, while potentially leaving the Non-Settling EFIH PIK Noteholders with limited abilities to object to the treatment of their claims in the Plan.  Once again,

this treatment is unfair and should not be approved as part of the Settlement and is in derogation of the EFIH PIK Notes Indenture which provides that a "Holder of a Note may not use this Indenture to prejudice the right of another Holder of a Note or to obtain a preference a priority over another Holder of a Note," *see* EFIH PIK note Indenture § 6.06.

11.     The fairness of the Settlement to Non-Settling EFIH PIK Noteholders and the potential overriding impact of the Settlement on the EFIH PIK Notes Indenture raise serious concerns.  Third parties to the Settlement need time to read, understand and properly react to what is being proposed by the settling parties.  The Settlement (as amended) was filed on Tuesday of this week and the objection deadline to the Settlement is Friday, October 30th, at noon.  A three-day return date is wholly insufficient, especially considering that if the Settlement was filed as a motion pursuant to Bankruptcy Rule 9019, the parties would have a twenty-one (21) day notice period.  *See* Federal Rules of Bankruptcy Procedure, Rule 2002(a)(3).  If the Debtors and the Settling EFIH PIK Noteholders are unwilling to revise the EFIH PIK Settlement Order to preserve the rights of Non-Settling EFIH PIK Noteholders, then the Non-Settling EFIH PIK Noteholders will require additional time to consider a more fulsome response, which may include discovery, in what ultimately may be a contested matter.

*[The remainder of the page is left blank intentionally]*

WHEREFORE, the Impaired PIK Noteholders request that this Court (i) decline to approve the EFIH PIK Settlement Order in its current form, or (ii) if the EFIH PIK Settlement Order is approved, limit the relief granted as set forth herein and provide that the EFIH PIK Settlement Order preserves the rights of the Non-Settling EFIH PIK Noteholders and in no way alter the rights and obligations of the EFIH PIK Notes Indenture Trustee and the Non-Settling EFIH PIK Noteholders under the EFIH PIK Notes Indenture.

Dated: October 30, 2015
      New York, New York

Respectfully submitted,

GELLERT SCALI BUSENKELL & BROWN, LLC

By:  /s/ Michael Busenkell
     Michael Busenkell (No. 3933)
     913 N. Market Street, 10th Floor
     Wilmington, DE 19801
     Telephone: (302) 425-5812
     Facsimile:  (302) 425-5814

     -and-

     KAYE SCHOLER LLP
     Scott D. Talmadge, Esq.
     250 West 55th Street
     New York, NY 10019
     Telephone: (212) 836-8000
     Facsimile:  (212) 836-6540

*Attorneys for York Capital Management Global Advisors, LLC and P. Schoenfeld Asset Management L.P., on behalf of funds and accounts that they each manage or advise*