# EXHIBIT B

## Blackline – Revised Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

## ORDER APPROVING SETTLEMENT OF CERTAIN EFIH PIK NOTEHOLDER CLAIMS AND AUTHORIZING DEBTORS TO ENTER INTO AND PERFORM UNDER STIPULATION

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (this "EFIH PIK Settlement Order"), (a) approving the Stipulation, attached hereto as Exhibit 1, by and among (i) the Debtors and (ii) certain beneficial holders or investment advisors or managers for such beneficial holders or discretionary accounts of such beneficial holders (collectively, the "Settling EFIH PIK Noteholders") of the 11.25%/12.25% senior toggle notes due December 1, 2018, issued pursuant to that certain Indenture (as supplemented and/or amended, the "EFIH PIK Notes Indenture") dated as of December 5, 2012, by and among, *inter alia*, the EFIH Debtors, as issuers, and UMB Bank, N.A., as successor indenture trustee to The Bank of New York Mellon Trust Company, N.A. (the "EFIH PIK Notes Trustee"); and (b) authorizing the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] All capitalized terms used but not otherwise defined in this EFIH PIK Settlement Order shall have the meanings ascribed to them in the Motion, and if not defined therein, then in the Settlement Agreement.

Debtors and the EFIH PIK Notes Trustee, as applicable, to take any and all actions reasonably necessary to consummate, and to perform any and all obligations contemplated by the Stipulation, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    The Motion is **GRANTED** as set forth herein, and any objections to the Motion not previously withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled with prejudice.

    2.    Pursuant to Fed. R. Bankr. P. 9019(a), the Stipulation, a true and correct copy of which is attached hereto as Exhibit 1, and the settlement and compromises set forth therein are hereby approved in their entirety, and all of the terms of the Stipulation are incorporated herein by reference and upon entry of this EFIH PIK Settlement Order are fully binding,

effective, and enforceable as to each of the parties to the Stipulation, and this EFIH PIK Settlement Order shall be final, binding and effective on all parties in interest in the Debtors' Chapter 11 Cases (including any subsequently appointed chapter 11 or chapter 7 trustee).

3. The parties to the Stipulation are authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate, complete, execute, and implement the Stipulation in accordance with the terms and conditions thereof, and the Debtors (with, during the Plan Support Effective Period, the consent of the Required Investor Parties) are authorized, without further order of the Court, to settle and compromise the EFIH PIK Note Claims of holders who are not Settling EFIH PIK Noteholders as of the date of this order on terms that are the same or less favorable than those set forth in the Stipulation.

4. Notwithstanding anything contained in the EFIH PIK Notes Indenture, if the EFIH PIK Notes Trustee makes distributions to the Settling EFIH PIK Noteholders with respect to the EFIH PIK Notes under the Plan, it shall make such distributions consistent in all respects with this EFIH PIK Settlement Order and the Stipulation, and all money or property held or collected by the EFIH PIK Notes Trustee with respect to the EFIH PIK Notes held by the Settling EFIH PIK Noteholders shall be held in trust to pay principal and interest on those particular EFIH PIK Notes in accordance with this EFIH PIK Settlement Order and the Stipulation ~~and shall not be used to secure the payment of, or to pay, obligations of the Debtors to the EFIH PIK Notes Trustee under Sections 6.12, 6.13 and 7.07 of the EFIH PIK Notes Indenture incurred or arising on or after entry of this EFIH PIK Settlement Order in connection with seeking the allowance or payment of postpetition interest or any Makewhole Claims; provided that the foregoing paragraph shall not apply to any EFIH PIK Notes held by~~

3

Americas 90842875

a Settling EFIH PIK Noteholder who withdraws from the Stipulation pursuant to Section [4.1] thereof. For the avoidance of doubt, provided, however, subject to paragraph 5 of this Order, nothing in this EFIH PIK Settlement Order shall impair, waive or extinguish any rights of the EFIH PIK Notes Trustee to use any such money or property held or collected with respect to the EFIH PIK Notes held by the Settling EFIH PIK Noteholders to secure the payment of, or to pay, the obligations of the Debtors to the EFIH PIK Notes Trustee under Sections 6.12, 6.13 and 7.07 of the EFIH PIK Notes Indenture not expressly precluded by this Order.

5.   If the EFIH PIK Notes Trustee accepts a direction from holders of 50.10% or more of the aggregate principal amount of the EFIH PIK Notes which contains directions consistent with sections 4.1(g)(ii) and (iii) of the PSA, then (i) all money or property held or collected by the EFIH PIK Notes Trustee with respect to the EFIH PIK Notes held by the Settling EFIH PIK Noteholders shall not be used to secure the payment of, or to pay, obligations of the Debtors to the EFIH PIK Notes Trustee under Sections 6.12, 6.13 and 7.07 of the EFIH PIK Notes Indenture incurred or arising on or after entry of this EFIH PIK Settlement Order in connection with seeking the allowance or payment of postpetition interest or any Makewhole Claims; provided that the foregoing paragraph shall not apply to any EFIH PIK Notes held by a Settling EFIH PIK Noteholder who withdraws from the Stipulation pursuant to Section 4.1 thereof, and (ii) holders of EFIH PIK Notes (individually, or as an ad hoc group) who do not become parties to the Stipulation (the "Non-Settling Holders") may file joinders to the pleadings filed by the EFIH PIK Notes Trustee and appear and be heard in these cases with respect to such pleadings (in respect of any contested hearings and related appeals) provided that such parties file affidavits with the Court attesting that such Non-

4

Settling Holder has relied on the EFIH PIK Notes Trustee to represent its interests in these cases.

6. The Non-Settling Holders and the EFIH PIK Notes Trustee (unless otherwise directed as set forth in paragraph 5 of this Order) reserve all rights to raise objections to confirmation of the Plan relating to approval of the Stipulation and entry of the EFIH PIK Settlement Order. This Order is without prejudice to the rights of UMB Bank, N.A., as successor indenture trustee to The Bank of New York Mellon Trust Company, N.A. (the "EFIH Unexchanged Notes Trustee") under the indenture for the 9.75% Senior Notes due 2019.

5̶7. The EFIH PIK Notes Trustee is authorized and directed to make distributions under the Plan to the Settling EFIH PIK Noteholders in accordance with the Stipulation, this EFIH PIK Settlement Order, and any other related documents or agreements.

6̶8. The EFIH PIK Notes Trustee shall not have or incur any liability for, and is released and exculpated from any cause of action or any claim related to any act or omission in connection with, relating to, arising out of, or required under, the Stipulation, this EFIH PIK Settlement Order, and any other related documents or agreements.

7̶9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this EFIH PIK Settlement Order shall be effective and enforceable immediately upon entry.

8̶10. In the event of any inconsistencies between this EFIH PIK Settlement Order, the Motion, and the Stipulation, this EFIH PIK Settlement Order shall govern in all respects.

9̶11. The Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this EFIH PIK Settlement Order.

~~10~~12.  The Court shall retain jurisdiction over any matter or disputes arising from or relating to the interpretation, implementation or enforcement of this EFIH PIK Settlement Order.

Dated: _____, 2015

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

Americas 90842875