**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Energy Future Holdings Corporation, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 6122, 6544** |

**STATEMENT OF THE AD HOC CONSORTIUM OF**
**TCEH SECOND LIEN NOTEHOLDERS IN SUPPORT OF**
**THE DEBTORS' JOINT PLAN OF REORGANIZATION**

The ad hoc consortium of certain unaffiliated holders of second lien secured claims against the TCEH Debtors (the "Ad Hoc Consortium of TCEH Second Lien Noteholders" or the "Consortium"), by and through its undersigned counsel, hereby files this statement (the "Statement") in support of the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6122] (as may be modified, amended or supplemented from time to time, the "Plan").[1]   In support of the Statement, the Consortium respectfully states as follows:

**STATEMENT IN SUPPORT OF CONFIRMATION**

1.      The Consortium need not remind the Court how long the road to confirmation has been.  For the past 18 months, the Debtors' estates have been overwhelmed by massive and costly litigation (both actual and threatened) and a number of false starts toward reorganization. Indeed, the Consortium, along with Wilmington Savings Fund Society, FSB ("WSFS"), as successor trustee under that certain indenture, dated as of October 6, 2010, among TCEH, TCEH Finance, Inc., the guarantors party thereto, and The Bank of New York Mellon Trust Co., N.A., as trustee (as amended or supplemented, the "Indenture"), were initially among the primary

---

[1]      Capitalized terms used but not otherwise defined herein shall the meaning given to such terms in the Plan.

opponents to the Debtors' failed attempts to restructure.  Among other things, WSFS and the Consortium sought to move these Chapter 11 cases to another venue, vociferously opposed the Debtors' Restructuring Support Agreement, actively participated in Legacy Discovery after seeking authority to pursue their own discovery of prepetition claims, successfully sought the appointment of the Disinterested Manager of EFCH/TCEH, and opposed the transactions contemplated by the Bidding Procedures that would have locked the Debtors into a path toward reorganization that lacked support from a substantial number of their creditors.  At all times, WSFS and the Consortium took these actions not to frustrate the Debtors' attempts to reorganize, but to help set these Chapter 11 cases on the right track.

2.      Now the Debtors have succeeded in proposing a plan of reorganization that renders all "E-side" creditors unimpaired, enjoys the support of nearly every "T-side" constituent, and maximizes recoveries for all creditors.  Because it renders the "E-side" creditors unimpaired and is supported by substantially all "T-side" creditors, the Plan represents the best, and perhaps only, opportunity for an efficient exit from Chapter 11 and for greater, more meaningful recoveries than any alternative.

3.      By "maximizing property available to satisfy creditors," the Plan satisfies a fundamental goal of the Chapter 11 process.  Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship, 526 U.S. 434, 453 (1999); see Toibb v. Radloff, 501 U.S. 157, 163-64 (1991) (discussing "the congressional purpose of deriving as much value as possible from the debtor's estate"); In re Integrated Telecom Express, Inc., 384 F.3d 108, 119 (3d Cir. 2004) (same). Throughout the process leading up to the proffering of the Plan, parties abandoned their parochial interests to build consensus around a confirmable, value-maximizing plan of reorganization.  Indeed, the Plan is premised upon, among other things, a settlement of all

prepetition Claims or Causes of Action of the TCEH Debtors against the EFH Debtors, the EFIH Debtors, Oncor, the Holders of Interests in EFH Corp., and/or their Affiliates.  For their part, members of the Consortium have maintained throughout these Chapter 11 cases that, pursuant to the Indenture, their lien should attach to at least some of those Claims and Causes of Action that the Plan proposes to settle.  Notwithstanding this defensible position, the Consortium members compromised their claim for superior treatment in order to facilitate the greater good of broad consensus and global disarmament.

4.      For the "T-side" creditors, the Debtors have reached near-universal consensus through compromise.  And, because of those compromises, the Debtors are able to prosecute a Plan that provides the "E-side" creditors a 100% recovery on their claims.  Furthermore, through the Settlement Agreement, the Plan resolves myriad complex issues, which, if left for resolution by litigation, could result in substantial expenditures of time and estate resources and would, in all likelihood, destroy the consensus that has been forged after years of trying.  And the Debtors achieve these accomplishments through a Plan that satisfies each and every requirement of the Bankruptcy Code, as set forth in the Debtors' *Memorandum in Support of Confirmation of Joint Plan of Reorganization* [Docket No. 6647] (the "Debtors' Memorandum").  The Plan should be confirmed.

## RESERVATION OF RIGHTS

The Ad Hoc Consortium of TCEH Second Lien Noteholders hereby joins in any other submission in response to Plan objections that is consistent with this Statement and reserves its right to supplement this Statement and otherwise take any additional or further action with respect to the Confirmation Hearing or the matters related thereto.

**WHEREFORE,** for the foregoing reasons, as well as those stated in the Debtors' Memorandum, the Ad Hoc Consortium of TCEH Second Lien Noteholders respectfully requests that the Court enter Orders approving the Plan and Settlement Agreement, overrule all Objections related thereto, and grant such other and further relief as it deems just and proper.

Dated: October 30, 2015
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

*/s/ Gregory A. Taylor*
William P. Bowden (I.D. #2553)
Gregory A. Taylor (I.D. No. 4008)
500 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

- and -

**BROWN RUDNICK LLP**
Edward S. Weisfelner (admitted pro hac vice)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

- and -

Jeffrey L. Jonas (admitted pro hac vice)
Jonathan D. Marshall (admitted pro hac vice)
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201

*Counsel to the Ad Hoc Consortium of TCEH Second Lien Noteholders and Wilmington Savings Fund Society, FSB, solely in its capacity as successor Indenture Trustee*