IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS | ) | |
| CORP., et al., | ) | Case No. 14-10979 (CSS) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related Docket: **6495** |
| | ) | |
| | ) | Hearing Date: November 25, 2015 |

**DOYENNE CONSTRUCTORS LLC'S RESPONSE TO THE DEBTORS'
THIRTY-SECOND OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO
INSUFFICIENT DOCUMENTATION, AMENDED, AND WRONG DEBTOR
CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY
RULE 3007-1**

COMES NOW, Doyenne Constructors LLC. ("Doyenne") and files this

response to the *Debtors' Thirty-Second Omnibus (Non-Substantive) Objection to*

*Insufficient Documentation, Amended, and Wrong Debtor Claims Pursuant to Section*

*502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local*

*Bankruptcy Rule 3007-1* ("Debtor's Motion").  As to Doyenne, the Objection

related to Claim 1102.  In support, Doyenne states the following:

**BACKGROUND**

1.      This Court has jurisdiction over this proceeding pursuant to 28

U.S.C. §§ 157 and 1334.  Venue in this District is proper pursuant to 28 U.S.C. §§

1408 and 1409.

2.      On April 29, 2014, Energy Future Holdings Corp. and certain

affiliates ("Debtors") filed their voluntary petition for relief under Chapter 11 of

the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 *et seq*.

3.      Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtors

retained possession of their assets and are currently operating as debtors-in-

possession.

4.      The Objection relates to Doyenne's claim numbered 1102.

### DOYENNE'S CLAIM

5.      Claim 1102 is based on a construction contract for work performed

by Doyenne in the State of Texas at the Luminant Mining Company, LLC

("Luminant")[1] Kosse Mine facility located 7 miles East on the North side of

Highway 7, Limestone County, Kosse, Texas ("Kosse Project"). *See* **Exhibit A**.

6.      At the time of the Kosse Project, Doyenne was a Certified Women's

Business Enterprise ("WBENC").[2]

7.      Doyenne furnished construction labor, materials and equipment for

the Kosse Project that was otherwise incorporated in the Debtor's real property.

As such, Doyenne's claim is secured by the Texas statutory and constitutional

---

[1] The contract identifies Oak Grove as a contracting party but subsequently defines the contracting party as:

> The term "COMPANY Group" means COMPANY, its parent corporation, Energy Future Holdings Corp., and all subsidiaries and affiliates of Energy Future Holdings Corp., and all officers, directors, shareholders, associates, related firms and entities, employees, servants and agents of both COMPANY and each such subsidiary or affiliate.

*See Exhibit A* at p.2.

[2] Information relating to WBENC is available at http://www.wbenc.org/ (last checked on October 30, 2015).

mechanic's liens.  Specifically, the Texas Constitution provides:

> LIENS OF MECHANICS, ARTISANS, AND MATERIAL MEN.
> Mechanics, artisans and material men, of every class, shall have a
> lien upon the buildings and articles made or repaired by them for
> the value of their labor done thereon, or material furnished
> therefor; and the Legislature shall provide by law for the speedy
> and efficient enforcement of said liens.

TEX. CONST., ART. 16, § 37.

8.      Doyenne's constitutional lien is self-executing and arises simply by
virtue of Doyenne's performance of work at the Debtor's property. *Hayek v.
Western Steel Co.*, 478 S.W.2d 786, 790 (Tex. 1972); *Strang v. Pray*, 35 S.W. 1054,
1055 (1896). This self-executing quality of the Texas constitutional lien translates
into automatic protection for the Doyenne as the lien-holder. *In re A & M
Operating Co.*, 182 B.R. 997, 1000 (Bnkr. E.D.Tex. 1995).

9.      Other creditors performing construction work for the Debtor in
Texas asserted similar Texas constitutional liens. *See, e.g.*, DK 888 (Claim No.
2747), DK 1723 (Claim No. 4868).

## ARGUMENT

10.      *Incorrectly Named Debtor*.  Debtor's Motion at Exhibit 3, page 16,
asserts that Doyenne filed its proof of claim against the wrong debtor.  Doyenne
agrees, in part.  The contract supporting claim 1102 was arguably between
Doyenne and Oak Grove Management Company, LLC ("Oak Grove"),
construction was performed, invoiced to and paid for by Luminant.

11.      Notably, Doyenne's proof of claim form identified both Luminant

and Oak Grove as the relevant debtors. *See* **Exhibit B** (identifying the debtor as

Luninate and, in response to proof of claim question 3 identifying Oak Grove).

12.     *Secured Claim.*  The Objection qualifies Doyenne's claim as

unsecured.  The claim was filed on June 4, 2014.  Doyenne amended the claim on

September 4, 2015.  That amendment re-designated the claim from unsecured to

secured.  Doyenne reserves its right to enforce a secured claim subject to the

Court, upon Doyenne's motion to amend, determination to be filed so as to heard

concurrently with the Objection.

WHEREFORE, Doyenne Constructors LLC respectfully prays that this

Honorable Court grant the Debtor's request to correct the name of the relevant

debtor, and further afford Doyenne the opportunity to enforce its claim as

secured and grant such other relief as may be warranted by the law, equity or the

facts.

**COHEN SEGLIAS PALLAS GREENHALL &
FURMAN PC**

*/S/ Bernard G. Conaway*
Bernard G. Conaway, Esquire (DE 2856)
The Nemours Building, Suite 1130
1007 North Orange Street
Wilmington, DE 19801
(302) 528-8687

*Attorney for Doyenne Constructors LLC*

DATE: October 30, 2015
        Wilmington, DE