IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS | ) | |
| CORP., et al., | ) | Case No. 14-10979 (CSS) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related Docket: **6499** |
| | ) | |
| | ) | Hearing Date: November 25, 2015 |

**DOYENNE CONSTRUCTORS LLC'S RESPONSE TO THE DEBTORS'
THIRTY-THIRD OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO
INSUFFICIENT DOCUMENTATION, AMENDED, AND WRONG DEBTOR
CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY
RULE 3007-1**

COMES NOW, Doyenne Constructors LLC ("Doyenne") and files this

response to the *Debtors' Thirty-Third Omnibus (Non-Substantive) Objection to*

*Insufficient Documentation, Amended, and Wrong Debtor Claims Pursuant to Section*

*502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and local*

*Bankruptcy Rule 3007-1* ("Debtor's Motion").  As to Doyenne, the Objection

related to Claim 1103.  In support, Doyenne states the following:

**BACKGROUND**

1.      This Court has jurisdiction over this proceeding pursuant to 28

U.S.C. §§ 157 and 1334.  Venue in this District is proper pursuant to 28 U.S.C. §§

1408 and 1409.

2.      On April 29, 2014, Energy Future Holdings Corp. and certain

affiliates ("Debtors") filed their voluntary petition for relief under Chapter 11 of

the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 *et seq.*

3.      Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtors retained possession of their assets and are currently operating as debtors-in-possession.

4.      The Objection relates to Doyenne's claim numbered 1103.

### DOYENNE'S CLAIM

5.      Claim 1103 arises out of a construction contract for work performed by Doyenne in the State of Texas at the Luminant Generation Company, LLC ("Luminant"), Sandow Steam Electric Station located in Milam County, Rockdale, Texas ("Sandow Project"). *See* **Exhibit A**.

6.      Doyenne had a direct contract with the Debtor to complete various improvements for the Debtor as property owner.

7.      Doyenne furnished construction labor, materials and equipment for the Sandow Project that was otherwise incorporated in the Debtor's real property.  As such, Doyenne's claim is secured by the Texas statutory and constitutional mechanic's liens.  Specifically, the Texas Constitution provides:

> LIENS OF MECHANICS, ARTISANS, AND MATERIAL MEN.
> Mechanics, artisans and material men, of every class, shall have a
> lien upon the buildings and articles made or repaired by them for
> the value of their labor done thereon, or material furnished
> therefor; and the Legislature shall provide by law for the speedy
> and efficient enforcement of said liens.

TEX. CONST., ART. 16, § 37.

8.      Doyenne's constitutional lien is self-executing and arises simply by

virtue of Doyenne's performance of work at the Debtor's property. *Hayek v. Western Steel Co.*, 478 S.W.2d 786, 790 (Tex. 1972); *Strang v. Pray*, 35 S.W. 1054, 1055 (1896). This self-executing quality of the Texas constitutional lien translates into automatic protection for the Doyenne as the lien-holder. *In re A & M Operating Co.*, 182 B.R. 997, 1000 (Bnkr. E.D.Tex. 1995).

9.      Other creditors performing construction work for the Debtor in Texas asserted similar Texas constitutional liens. *See, e.g.*, DK 888 (Claim No. 2747), DK 1723 (Claim No. 4868).

## ARGUMENT

10.      *No Liability*.  Doyenne's claim relates to Doyenne's cost to de-mobilize (i.e., pack-up equipment, tools, material, trailers, etc. and leave the construction site.) from the Debtor's property.  This "demob" charge was a specific line item expense clearly authorized by the contract. *See* **Exhibit B** at pp 3.  Indeed, under the contract Doyenne was paid a mobilization fee to deliver equipment, tools, material, trailers, etc. to the construction site so that contract work could be completed.  *Exhibit A* at**.**  The demobilization fee simply compensates Doyenne for the cost of clearing the job site.

11.      Debtor's Motion at Exhibit 2, page 11, declares that Doyenne's claim for "demob" was extinguished by a negotiated termination of the Sandow Project contract. Specifically, according to the Objection, the Debtor and Doyenne "negotiated a termination of the contract" that provided the "Debtor's liability would be limited to amounts already paid."

12.     To the contrary the Debtor did not negotiate a resolution that excluded its liability for Doyenne's claim.

13.     The underlying contract was terminated on October 13, 2013. *See* **Exhibit C**.  Thereafter, on November 4, 2013, Doyenne emailed the Debtor to request that it "authorize demobilization from the Sandow Plant."  That email, from Brent Smith, Doyenne's Executive Vice President, states:

> Please see KST's comment below requesting information concerning the final change order submitted.
>
> KST has also requested a date they could arrange to demobilize from the Sandow Plant.

*See* **Exhibit D**.[1]  Two days later, Sherry Han, Debtor's project manager for the Sandow Project, responded:

> KST may demobilize from Sandow at their earliest convenience, please coordinate exit schedule and inspection with Walter Ditto directly, I also cc'ed Walter in this email.

*Id*.

14.     The Sandow Project contract specifically provides that if the contract is terminated, then the Debtor's "only liability will be to pay CONTRACTOR the unpaid balance due CONTRACTOR for Work actually performed." *Exhibit A* at p. BATES 16.  The demobilization was approved, completed, invoiced and due.

15.     *Secured Claim*.  The Objection qualifies Doyenne's claim as unsecured.  The claim was filed on June 4, 2014.  Doyenne amended the claim on

---

[1] KST refers to KST Electric. That entity was Doyenne's sub-contractor.

September 4, 2015.  That amendment re-designated the claim from unsecured to

secured.  Doyenne reserves its right to enforce a secured claim subject to the

Court, upon Doyenne's motion to amend, determination to be filed so as to heard

concurrently with the Objection.

WHEREFORE, Doyenne Constructors LLC respectfully prays that this

Honorable Court deny the Debtor's request to disallow Doyenne's claim 1103,

further afford Doyenne the opportunity to enforce its claim as secured and to

grant such other relief as might be warranted by the law, equity or facts.

**COHEN SEGLIAS PALLAS GREENHALL &
FURMAN PC**

*/S/ Bernard G. Conaway*
Bernard G. Conaway, Esquire (DE 2856)
The Nemours Building, Suite 1130
1007 North Orange Street
Wilmington, DE 19801
(302) 528-8687

*Attorney for Doyenne Constructors LLC*

DATE: October 30, 2015
       Wilmington, DE

3580102.1 53544-0001