IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRIC OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] ) | |
| ) | |
| Debtors. ) | Case No. 14-10979 (CSS) |
| ) | |
| ) | (Jointly Administered) |
| ) | |
| ) | **Re: D.I. 6505** |

## RESPONSE OF KNIFE RIVER CORPORATION – SOUTH TO CLAIM OBJECTION FILED BY DEBTOR

Knife River Corporation – South ("Knife River") through its undersigned counsel, and for its response to the Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims (Docket # 6506) (the "Objection") respectfully states as follows:

1. On April 29, 2014 (the "Petition Date"), Energy Future Holdings Corp. and certain affiliates (the "Debtors") filed their voluntary petition for relief under Title 11 of the United States Code 11 U.S.C. § 101 *et seq* (the "Bankruptcy Code").

2. Knife River timely filed its Proof of Claim, being designated as Claim # 5246 asserting $330,900.47 as an administrative expense claim under 11 U.S.C. § 503(b)(9) (the "Claim") on account of concrete materials supplied by Knife River to certain of the Debtors in the 20 day period preceding the Petition Date. A true copy of the Claim is attached hereto as Exhibit A.

---

[1] The last four digits of Energy Future Holding Corp.'s tax identification number are 8810. The location of the debtor's service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

3. On October 16, 2015, the Debtors filed the Objection seeking to reclassify a portion of the Claim from a priority claim under 11 U.S.C. § 503(b)(9) to a general unsecured claim.

4. As stated in Exhibit 2 to Exhibit A of the Objection, the Debtors contend that

> "modified priority reflects (1) goods that were received by the Debtor more than 20 days before the petition date, claims for which are ineligible for 503(b)(9) priority status, and (2) the portion of the claim which is, according to the Debtors' books and records and/or documentation filed with the proof of claim, for services or other non-goods, which do not qualify for 503(b)(9) priority."

5. As modified, the Debtors contend that Luminant Big Brown Mining Company, LLC and Luminant Mining Company, LLC are the proper debtors and that only $117,985.07 of the $330,900.47 correctly qualifies as 509(b)(9) priority. The Debtors seek to reclassify the balance of the Claim as a general unsecured claim.

6. To the extent that the Claim does not qualify as an administrative expense priority claim under section 502(b)(9) of the Bankruptcy Code, the Claim should not be reclassified as a general unsecured claim as Knife River has a valid materialman's lien perfected under Texas state law. See Tex. Prop. Code § 53.002; See also Notice of Perfection of Lien Pursuant to 11 U.S.C § 546(b) attached hereto as <u>Exhibit B</u> [D.I. 888].

7. In accordance with Texas law and the requirements related thereto, Knife River perfected their materialmen's lien under Texas law.

**(PAGE LEFT INTENTIONALLY BLANK)**

WHEREFORE, Knife River respectfully requests that the Court overrule the Objection and grant such further relief as is proper and just.

Dated: October 30, 2015

GELLERT SCALI BUSENKELL
& BROWN LLC

Michael Busenkell (DE 3933)
Evan Rassman (DE 6111)
913 N. Market Street, 10th Floor
Wilmington, DE 19801
(302) 425-5812; (302) 425-5814 Fax
mbusenkell@gsbblaw.com
erassman@gsbblaw.com

*Attorneys for Knife River Corporation – South*