# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | . | Chapter 11 |
| | . | |
| CAPMARK FINANCIAL GROUP INC., | . | Case No. 09-13684(CSS) |
| *et al.,* | . | (Jointly Administered) |
| | . | |
| | . | October 14, 2010 |
| | . | 10:00 a.m. |
| Debtors. | . | (Wilmington) |
| | . | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

| | |
|---|---|
| For the Debtors: | Michael P. Kessler, Esq. |
| | Martin Bienenstock, Esq. |
| | Richard W. Reinthaler, Esq. |
| | Arielle Kane, Esq. |
| | George E. Mastoris, Esq. |
| | Paul J. Brodnicki, II, Esq. |
| | Meredith Grabill, Esq. |
| | Dewey & LeBoeuf, LLP |
| | |
| | Lee E. Kaufman, Esq. |
| | Richards, Layton & Finger, P.A. |
| | |
| For the Committee: | Craig L. Siegel, Esq. |
| | Gregory A. Horowitz, Esq. |
| | Thomas Moers Mayer, Esq. |
| | Joshua Brody, Esq. |
| | Kramer, Levin, Naftalis |
| | & Frankel, LLP |
| | |
| | Jeffrey R. Gleit, Esq. |
| | David E. Ross, Esq. |
| | Kasowitz, Benson, Torres |
| | & Friedman, LLP |

 1   Q.   And did they have the same discussions with the board?

 2   A.   Yes.

 3   Q.   More than once, you said.

 4   A.   Yes.

 5   Q.   And did the board ask questions?

 6   A.   Yes.

 7   Q.   And was the board, were the board's questions answered?

 8   A.   Yes.

 9   Q.   In reaching a decision to settle the secured claims with

10   the secured lenders, did the management rely upon the legal

11   advice undertaken in that memorandum that we've been

12   discussing?

13        MR. SIEGEL: Your Honor, the Committee objects to

14   this question.  The witness is testifying at length about

15   this alleged legal analysis about the avoidance actions that

16   the Committee has requested and hasn't been given a copy of.

17   They're essentially just using it as a sword.  I want to, and

18   they're not sharing that with us.  We think it's

19   fundamentally unfair, and the witness shouldn't be allowed to

20   testify about it.  And they've invoked privilege with respect

21   to that, as well as with respect to other documents that

22   they've redacted apparently because it, those documents

23   reflect that same legal advice that the witness is testifying

24   he and the board and the company relied on in making their

25   decision.

 1          MR. KESSLER: Your Honor, we assert the

 2   attorney/client privilege with respect to the legal analysis.

 3   It has not been disclosed outside the attorney/client

 4   relationship.  The fact, the subject matters of advice can be

 5   disclosed without breaching the attorney/client privilege,

 6   and so the witness testified that it dealt with the avoidance

 7   actions and preference actions, and so forth, but I have not

 8   asked him to disclose what the advice given was, and he has

 9   not disclosed the advice given.  He's only disclosed the fact

10   that it was discussed, his questions were answered at both

11   the, at both the management level and the board level as a

12   result.

13          THE COURT: Well, you also asked him questions about

14   the quality of the advice.  You did.  And he said it was very

15   good.  You know, it was an excellent memo, it was exhaustive,

16   it was a hundred pages, and now he's going to say that he

17   relied on that in connection with doing the settlement.  And

18   the other side's position is you've put into play the

19   substance of that advice, I suppose, and as a result, they

20   should have access to it in order to properly cross examine

21   the witness.

22          MR. KESSLER: And we have carefully attempted not to

23   put into the play the substance of the advice, but just the

24   subject matter of the advice, and the fact that management

25   and the board relied upon it in reaching their conclusions.

1   It's a reasonable reliance, business judgement issue.

2              THE COURT: Anything further?  All right.  I'll

3   overrule the objection.

4              MR. KESSLER: Thank you, Your Honor.

5   BY MR. KESSLER:

6   Q.   Going back to my last question.  Did management, to your

7   understanding, rely in part on the legal advice in reaching

8   the conclusion to settle this matter?

9   A.   Yes.

10  Q.   And did the board rely in part on the legal advice in

11  making its decision to settle this matter?

12  A.   Yes.

13  Q.   Now, Mr. – -

14             MR. SIEGEL: Your Honor?

15  BY MR. KESSLER:

16  Q.   - - Fairfield - -

17             MR. SIEGEL: I apologize.  May we just have a

18  continuing objection to these questions?

19             THE COURT: Yes.

20             MR. SIEGEL: Thank you.

21  BY MR. KESSLER:

22  Q.   Mr. Fairfield, you mentioned earlier that two outside

23  reports were also requested.  One on a solvency analysis and

24  the other on a valuation of the pledged pool?

25  A.   Yes.

 1    So, enjoy yourself.  All right, we're in recess until

 2    tomorrow at 12:30.

 3              ALL: Thank you.

 4              (Whereupon at 10:43 p.m., the hearing in this

 5    matter was concluded for this date.)

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18              I, Jennifer Ryan Enslen, approved transcriber for

19    the United States Courts, certify that the foregoing is a

20    correct transcript from the electronic sound recording of the

21    proceedings in the above entitled matter.

22

23    _/s/*Jennifer Ryan Enslen*_                October 17, 2010
       Jennifer Ryan Enslen
24    43 Bay Boulevard
       Newark, DE 19702
25    (302)836-1905