# Exhibit K

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

**COURT USE ONLY**

Filed: USBC - District of Delaware
Energy Future Holdings Corp., et al., Et Al.
14-10979 (CSS)          0000008704

| Name of Debtor: | Case Number: |
|---|---|
| Energy Future Holdings Corp. | 14-10979 |

NOTE: Do not use this form to make a claim for an administrative expense that arises *after* the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.

Name and address where notices should be sent:

TPG Capital, L.P.
301 Commerce Street
Suite 3300
Fort Worth, TX 76102
Attention: Ronald Cami

Telephone number:          Email:
(817) 871-4000

❑ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**
(*If known*) _____
Filed on: _____

❑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**FILED / RECEIVED**

**OCT 27 2014**

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Name and address where payment should be sent (if different from above): | COURT USE ONLY |
|---|---|

Telephone number:          Email:

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❑ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

❑ Wages, salaries or commissions (up to $12,475), earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507(a)(4).

❑ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

❑ Up to $2,775 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

❑ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

❑ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$ _____

**1.   Amount of Claim as of Date Case Filed:**          $   See Annex
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
If all or part of the claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.
❑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest charges.

**2.   Basis for Claim:**          See Annex
(See instruction #2)

**3.   Last four digits of any number by which creditor identifies debtor:** ___ ___ ___ ___
**3a.  Debtor may have scheduled account as:** _____
(See instruction #3a)

**4.   Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:**
❑ Real Estate          ❑ Motor Vehicle          ❑ Other
**Describe:** _____
**Value of Property:** $ _____
**Annual Interest Rate** _____% ❑ Fixed  or  ❑ Variable
(when case was filed)

**Amount of arrearage and other charges, as of time case was filed, included in secured claim, if any:**
$ _____
**Basis for perfection:** _____
**Amount of Secured Claim:** $ _____
**Amount Unsecured:** $ _____

**6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $ _____          (See instruction #6)**

**7.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8.   Documents:** Attach **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8 and definition of "redacted".)*
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**9.   Signature:** (See instruction #9)   Check the appropriate box:
☑ I am the creditor.   ❑ I am the creditor's authorized agent.          ❑ I am the trustee, or the debtor, or their          ❑ I am a guarantor, surety, indorser, or other codebtor.
(Attached a copy of power of attorney, if any.)          authorized agent. (See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Address, telephone number, and email (if different from notice address above):
_____

| Print Name: | Ronald Cami | | |
|---|---|---|---|
| Title: | Vice President | (Signature) | *Ronald Cami*  10/21/14 |
| Company: | TPG Capital, L.P. by TPG Capital, LLC | (Date) | |

Telephone number: _____
Email: _____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
Fill in the debtor's full name, and the case number. The full list of debtors is provided under the general information section on the Claims Agent's website:

**http://www.efhcaseinfo.com**

If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice. If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5, and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.)

If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

---
## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**If by First Class Mail:**

Energy Future Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

**If by Hand Delivery or Overnight Mail:**

Energy Future Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

---
## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's website (**http://www.efhcaseinfo.com**) to view your filed proof of claim under "Claims."

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **ENERGY FUTURE HOLDINGS CORP.,** *et al.,* | : | **14-10979 (CSS)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

## ANNEX TO PROOF OF CLAIM OF TPG CAPITAL, L.P. AGAINST ENERGY FUTURE HOLDINGS CORP., *et al.*:

### Background

1.    On April 29, 2014 (the "Petition Date"), Energy Future Holdings Corp. ("EFH") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Chapter 11 Cases are being jointly administered under Chapter 11 Case No. 14-10979.

2.    On August 18, 2014, the Court entered that certain *ORDER (A) SETTING BAR DATES FOR FILING NON-CUSTOMER PROOFS OF CLAIM AND REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, (B) APPROVING THE FORM OF AND MANNER FOR FILING NON-CUSTOMER PROOFS OF CLAIM AND REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, AND (C) APPROVING NOTICE THEREOF* [D.I. 1866] (the "Bar Date Order") which, among other things, establishes October 27, 2014 at 5:00 p.m. (ET) as the general deadline (the "Bar Date") for each person or entity to file proofs of claim based on prepetition claims against the Debtors.

3.    TPG CAPITAL, L.P., on behalf of itself and all of its direct and indirect subsidiaries and affiliates including affiliated investment entities[1] (collectively, the "Claimant"), files this proof of claim (the "Proof of Claim") against Energy Future Holdings Corp. and each of its direct or indirect subsidiaries that filed petitions for relief under the Bankruptcy Code. On October 10, 2007, the Claimant acquired indirect equity interests in EFH through a merger involving the newly-created Texas Energy Future Holdings Limited Partnership, which acquired the outstanding shares of TXU Corp. The terms of the Merger were set forth in (i) the Agreement and Plan of Merger by and among TXU Corp., Texas Energy Future Holdings Limited Partnership, and Texas Energy Future Merger Sub Corp., dated February 25, 2007 (the "Merger Agreement"); and (ii) the Amended and Restated Limited Partnership Agreement of Texas Energy Future Holdings Limited Partnership ("Parent"), dated October 10, 2007 (the "Partnership Agreement").

4.    At the time of the Merger Agreement, the Claimant, among others, entered into an agreement with EFH and Parent, dated October 10, 2007 (the "Management Agreement"). Pursuant to the Management Agreement, the Claimant agreed to provide Debtors with services, including management, consulting and financial services and members of the Company Group (as defined in the Management Agreement to include EFH and all of its divisions, subsidiaries and affiliates) agreed to compensate the Claimant for the services and reimburse the Claimant for other fees and expenses incurred in connection with the retention.

5.    At the time of the Merger Agreement, the Claimant, among others, also entered into an indemnification agreement with EFH and Parent, dated October 10, 2007 (the

---

[1] Such entities include, without limitation, TPG Partners V, L.P., TPG Partners IV, L.P., TPG FOF V-A, L.P., and TPG FOF V-B, L.P.

"Indemnification Agreement"). Pursuant to the Indemnification Agreement, EFH agreed to indemnify, defend and hold harmless each "Indemnitee" described therein, including the Claimant and others, from and against the "Obligations" described therein.

## The Claims

6.      Indemnification. The Claimant hereby asserts claims against all Debtors for contractual, statutory and common law rights of indemnity, contribution, reimbursement, set-off and liability against the Debtors arising from the Claimant's investment in and management of the Debtors, including under the Indemnification Agreement. Section 2 of the Indemnification Agreement entitles the Managers and their affiliates, employees and agents, among others, to indemnity and reimbursement from EFH for, among other things, any and all losses, fees or expenses relating to any action or failure to act of any member of the Company Group (as defined in the Indemnification Agreement) or any of their predecessors. The Claimant is entitled to reimbursement for, among other things, all legal, financial advisory and other professional fees and expenses or other losses relating to the Debtors' restructuring and related matters, including fees and expenses of counsel, financial advisors, and other professionals, to the extent not paid by the Debtors.

7.      Fees and Expenses. The Claimant hereby asserts claims against all Debtors for all fees and expenses owed under the Management Agreement, including all fees and expenses owed under sections 1 and 5 of the Management Agreement, to the extent not paid by the Debtors.

8.      Additional Claims. The Claimant further asserts against the Debtors any and all other claims, rights, and/or remedies, known or unknown, that it has or may have under the Management Agreement and Indemnification Agreement, together with any other agreements,

3

documents, exhibits, schedules and appendices delivered pursuant to or in connection therewith or evidencing any claim, as well as any and all other claims, rights and/or remedies under applicable law or equity and/or arising under, in connection with or related to any and all transactions or transfers between or involving the Claimant and any Debtor.

9.      The Debtors are obligated to the Claimant to the extent that any payment to or for the benefit of the Claimant is rescinded, returned, recovered, avoided, reversed or otherwise invalidated. Any such rescission, return, recovery, avoidance, reversal or invalidation will give rise to a reinstatement of the paid claim and the Debtors will be obligated to the Claimant with respect to the reinstated claim pursuant to section 502(h) of the Bankruptcy Code and other applicable law.

10.      The full amount of the Claimant's claims cannot be reasonably calculated or estimated at this time, but the Claimant does not waive its right to seek payment from the Debtors by not currently stating a specific amount. The Claimant reserves the right to assert additional claims including the right to claim that all or any portion of the losses, claims, damages, liabilities, legal or other expenses incurred by the Claimant after the Petition Date are administrative expenses entitled to priority treatment under section 507(a)(2) of the Bankruptcy Code or otherwise.

11.      On information and belief, the Debtors have knowledge of the underlying claims and copies of the Merger Agreement, Partnership Agreement, Management Agreement, and Indemnification Agreement. As agreed by Debtors' counsel, the Claimant has not annexed hereto the documents supporting the Claimant's claims. The Claimant will provide copies of any such documents upon reasonable written request delivered to counsel for the Claimant.

## **Counterclaims and Setoffs**

12.    Upon information and belief, no portion of the claims is subject to any setoffs, defenses or counterclaims by any of the Debtors.

## **Proof of Claim Timely**

13.    This Proof of Claim is timely submitted by the Claimant in accordance with the Bar Date Order.

## **Reservation of Rights**

14.    The assertion of the claims by the Claimant is not a concession or admission as to the correct characterization or treatment of any such claims, nor a waiver of any rights or defenses of the Claimant, all of which are expressly reserved. The execution and filing of the Proof of Claim does not constitute: (i) a waiver or release of the Claimant's rights against any other entity or person liable for all or part of the claims; (ii) a consent by the Claimant to the jurisdiction of this Court with respect to any proceeding commenced against or otherwise involving the Claimant; (iii) a consent by the Claimant to the treatment of any non-core claim against it as a core claim; (iv) a waiver of the right to move to withdraw the reference with respect to the subject matter of the claims or otherwise, including without limitation any objection or other proceedings commenced with respect thereto, or any other proceedings commenced against or otherwise involving the Claimant; (v) a waiver of any right to the subordination, in favor of the Claimant, of indebtedness or liens held by other creditors of the relevant Debtor; (vi) an election of remedies that waives or otherwise affects any other remedies; (vii) a waiver of any right to arbitration or other alternative dispute resolution mechanism that is otherwise applicable; or (viii) a waiver of any right with respect to property of the Claimant held by a Debtor.

5

15.     The Claimant expressly reserves its right to amend and supplement this Proof of Claim to the full extent permitted by law, including to specify (and quantify) damages, costs, fees, expenses and other charges or claims incurred by the Claimant and to file additional proofs of claim for additional claims, including (i) claims for post-petition interest, legal fees and related expenses and (ii) claims arising from or relating to the avoidance of transfers made to the Claimant or any other entity, including any payments of claims described herein. The Claimant does not waive, and hereby expressly reserves, the Claimant's rights to pursue claims, including the claims described herein, against the Debtors based upon any and all alternative legal theories. The Claimant expressly reserves its right to file any separate or additional proof of claim with respect to claims set forth herein or otherwise (which proof of claim, if so filed, shall not be deemed to supersede this Proof of Claim), or to file additional proofs of claim in respect of any other claim against or liability of the Debtors, or for any other reason. Moreover, the Claimant specifically reserves the right to conduct discovery with respect to this matter in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

16.     To the extent any of the claims set forth herein, in whole or in part, or any component thereof, arise or relate in any manner to the period on or after the Petition Date, the Claimant asserts that such claims (or any portions thereof) are entitled to priority pursuant to Sections 503 and 507 of the Bankruptcy Code. The Claimant reserves the right to file one or more requests for payment of administrative expenses pursuant to Section 503(a) of the Bankruptcy Code, with respect to any administrative expense claim that the Claimant may now have or hereafter hold or acquire against the Debtors or their estates.

### Notices Regarding Proof of Claim

17.     All notices and correspondence with respect to this Proof of Claim (and if filed, any objection thereto) must be sent to the Claimant, and its counsel, at the following addresses:

| | |
|---|---|
| TPG Capital, L.P. | Wachtell, Lipton, Rosen & Katz |
| 301 Commerce Street, Suite 3300 | 51 West 52nd Street |
| Fort Worth, TX 76102 | New York, NY 10019 |
| Attention: Ronald Cami | Attention: Emil Kleinhaus |
| Facsimile: (817) 871-4001 | Facsimile: (212) 403-2332 |

### Disclosure

18.     To the best of the Claimant's knowledge, information and belief, no judgment has been rendered on the claims, no security interest is held for the claims, the Claimant has not assigned any portion of the claims, and the above statements are true and accurate based upon the information currently available to the Claimant.

## EPIQ SYSTEMS

Inbound Date & Time: 10/27/2014

Recepient        Persaud, Tony
Client Code      efh
Logged By        S. Lam



EPIQ2887

**H
A
N
D

D
E
L
I
V
E
R
Y**

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.

TP                  10/27/2014          2:30 pm

**RECEIVED BY:**        **DATE**            **TIME**

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

| Name of Debtor: | Case Number: |
|---|---|
| Energy Future Holdings Corp | 14-10979 |

**NOTE:** Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.

Name and address where notices should be sent:

Goldman, Sachs & Co.
c/o Wachtell, Lipton, Rosen & Katz
51 W. 52nd Street
New York, NY 10019
Attention: Emil Kleinhaus, Esq.

Telephone number:    Email:
(212) 403-1000

Name and address where payment should be sent (if different from above):

Telephone number:    Email:

## PROOF OF CLAIM

**COURT USE ONLY**

Filed: USBC - District of Delaware
Energy Future Holdings Corp., et al., Et Al.
14-10979 (CSS)    0000008917

❑ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**

(*If known*) _____

Filed on: _____

❑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**FILED / RECEIVED**

**OCT 27 2014**

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

**COURT USE ONLY**

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❑ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

❑ Wages, salaries or commissions (up to $12,475, earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507(a)(4).

❑ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

❑ Up to $2,775 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

❑ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

❑ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)_____).

**Amount entitled to priority:**

$ _____

**1. Amount of Claim as of Date Case Filed:** $ See Annex

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
If all or part of the claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.
❑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest charges.

**2. Basis for Claim:** See Annex
(See instruction #2)

**3.** Last four digits of any number by which creditor identifies debtor: ___ ___ ___ ___
3a. Debtor may have scheduled account as: _____
(See instruction #3a)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:**
❑ Real Estate   ❑ Motor Vehicle   ❑ Other

Describe: _____
Value of Property: $_____
**Annual Interest Rate** _____ % ❑ Fixed or ❑ Variable
(when case was filed)

Amount of arrearage and other charges, as of time case was filed, included in secured claim, if any:

$ _____

**Basis for perfection:** _____

**Amount of Secured Claim:** $ _____

**Amount Unsecured:** $ _____

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $** _____    (See instruction #6)

**7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attach **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8 and definition of "redacted".)*
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box:
☑ I am the creditor.   ❑ I am the creditor's authorized agent.   ❑ I am the trustee, or the debtor, or their   ❑ I am a guarantor, surety, indorser, or other codebtor.
(Attached a copy of power of attorney, if any.)   authorized agent. (See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

| Print Name: | Scott Lebovitz | (Signature) | Address, telephone number, and email (if different from notice address above): |
|---|---|---|---|
| Title: | Managing Director | | 200 West Street |
| Company: | Goldman, Sachs & Co. | (Date) | New York, NY 10282 |
| | | | Telephone number: __(212) 902-1000__ |
| | | | Email: _____ |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**

Fill in the debtor's full name, and the case number. The full list of debtors is provided under the general information section on the Claims Agent's website:

**http://www.efhcaseinfo.com**

If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice. If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**

Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**

State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5, and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**

State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**

State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**

Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**

Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.)

If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**

If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):**

State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**

An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**

Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**

The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**

A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**

A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**

A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**

A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**If by First Class Mail:**

**Energy Future Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613**

**If by Hand Delivery or Overnight Mail:**

**Energy Future Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017**

**Secured Claim Under 11 U.S.C. §506(a)**

A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**

An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**

Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**

Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

---

## INFORMATION

**Acknowledgment of Filing of Claim**

To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's website (**http://www.efhcaseinfo.com**) to view your filed proof of claim under "Claims."

**Offers to Purchase a Claim**

Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **ENERGY FUTURE HOLDINGS CORP.,** *et al.,* | : | **14-10979 (CSS)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

## ANNEX TO PROOF OF CLAIM OF GOLDMAN, SACHS & CO. AGAINST ENERGY FUTURE HOLDINGS CORP., *et al.*:

### Background

1.      On April 29, 2014 (the "Petition Date"), Energy Future Holdings Corp. ("EFH") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Chapter 11 Cases are being jointly administered under Chapter 11 Case No. 14-10979.

2.      On August 18, 2014, the Court entered that certain *ORDER (A) SETTING BAR DATES FOR FILING NON-CUSTOMER PROOFS OF CLAIM AND REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, (B) APPROVING THE FORM OF AND MANNER FOR FILING NON-CUSTOMER PROOFS OF CLAIM AND REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, AND (C) APPROVING NOTICE THEREOF* [D.I. 1866] (the "Bar Date Order") which, among other things, establishes October 27, 2014 at 5:00 p.m. (ET) as the general deadline (the "Bar Date") for each person or entity to file proofs of claim based on prepetition claims against the Debtors.

3.      GOLDMAN, SACHS & CO., on behalf of itself and all of its direct and indirect subsidiaries and affiliates including affiliated investment entities[1] (collectively, the "Claimant"), files this proof of claim (the "Proof of Claim") against Energy Future Holdings Corp. and each of its direct or indirect subsidiaries that filed petitions for relief under the Bankruptcy Code.  On October 10, 2007, the Claimant acquired indirect equity interests in EFH through a merger involving the newly-created Texas Energy Future Holdings Limited Partnership, which acquired the outstanding shares of TXU Corp.  The terms of the Merger were set forth in (i) the Agreement and Plan of Merger by and among TXU Corp., Texas Energy Future Holdings Limited Partnership, and Texas Energy Future Merger Sub Corp., dated February 25, 2007 (the "Merger Agreement"); and (ii) the Amended and Restated Limited Partnership Agreement of Texas Energy Future Holdings Limited Partnership ("Parent"), dated October 10, 2007 (the "Partnership Agreement").

4.      At the time of the Merger Agreement, the Claimant, among others, entered into an agreement with EFH and Parent, dated October 10, 2007 (the "Management Agreement").  Pursuant to the Management Agreement, the Claimant agreed to provide Debtors with services, including management, consulting and financial services and members of the Company Group (as defined in the Management Agreement to include EFH and all of its divisions, subsidiaries and affiliates) agreed to compensate the Claimant for the services and reimburse the Claimant for other fees and expenses incurred in connection with the retention.

---

[1] Such entities include, without limitation, GS Capital Partners VI Fund, L.P., GSCP VI Offshore TXU Holdings, L.P., GSCP VI Germany TXU Holdings, L.P., GS Capital Partners VI Parallel, L.P., GS Global Infrastructure Partners I, L.P., GS Infrastructure Offshore TXU Holdings, L.P. (GSIP International Fund), GS Institutional Infrastructure Partners I, L.P., Goldman Sachs TXU Investors L.P., and Goldman Sachs TXU Investors Offshore Holdings, L.P.

5.    At the time of the Merger Agreement, the Claimant, among others, also entered into an indemnification agreement with EFH and Parent, dated October 10, 2007 (the "Indemnification Agreement"). Pursuant to the Indemnification Agreement, EFH agreed to indemnify, defend and hold harmless each "Indemnitee" described therein, including the Claimant and others, from and against the "Obligations" described therein.

## The Claims

6.    Indemnification. The Claimant hereby asserts claims against all Debtors for contractual, statutory and common law rights of indemnity, contribution, reimbursement, set-off and liability against the Debtors arising from the Claimant's investment in and management of the Debtors, including under the Indemnification Agreement. Section 2 of the Indemnification Agreement entitles the Managers and their affiliates, employees and agents, among others, to indemnity and reimbursement from EFH for, among other things, any and all losses, fees or expenses relating to any action or failure to act of any member of the Company Group (as defined in the Indemnification Agreement) or any of their predecessors. The Claimant is entitled to reimbursement for, among other things, all legal, financial advisory and other professional fees and expenses or other losses relating to the Debtors' restructuring and related matters, including fees and expenses of counsel, financial advisors, and other professionals, to the extent not paid by the Debtors.

7.    Fees and Expenses. The Claimant hereby asserts claims against all Debtors for all fees and expenses owed under the Management Agreement, including all fees and expenses owed under sections 1 and 5 of the Management Agreement, to the extent not paid by the Debtors.

3

8.      Additional Claims.  The Claimant further asserts against the Debtors any and all

other claims, rights, and/or remedies, known or unknown, that it has or may have under the

Management Agreement and Indemnification Agreement, together with any other agreements,

documents, exhibits, schedules and appendices delivered pursuant to or in connection therewith

or evidencing any claim, as well as any and all other claims, rights and/or remedies under

applicable law or equity and/or arising under, in connection with or related to any and all

transactions or transfers between or involving the Claimant and any Debtor.

9.      The Debtors are obligated to the Claimant to the extent that any payment to or for

the benefit of the Claimant is rescinded, returned, recovered, avoided, reversed or otherwise

invalidated.  Any such rescission, return, recovery, avoidance, reversal or invalidation will give

rise to a reinstatement of the paid claim and the Debtors will be obligated to the Claimant with

respect to the reinstated claim pursuant to section 502(h) of the Bankruptcy Code and other

applicable law.

10.     The full amount of the Claimant's claims cannot be reasonably calculated or

estimated at this time, but the Claimant does not waive its right to seek payment from the

Debtors by not currently stating a specific amount.  The Claimant reserves the right to assert

additional claims including the right to claim that all or any portion of the losses, claims,

damages, liabilities, legal or other expenses incurred by the Claimant after the Petition Date are

administrative expenses entitled to priority treatment under section 507(a)(2) of the Bankruptcy

Code or otherwise.

11.     On information and belief, the Debtors have knowledge of the underlying claims

and copies of the Merger Agreement, Partnership Agreement, Management Agreement, and

Indemnification Agreement.  As agreed by Debtors' counsel, the Claimant has not annexed

4

hereto the documents supporting the Claimant's claims. The Claimant will provide copies of any such documents upon reasonable written request delivered to counsel for the Claimant.

## Counterclaims and Setoffs

12.    Upon information and belief, no portion of the claims is subject to any setoffs, defenses or counterclaims by any of the Debtors.

## Proof of Claim Timely

13.    This Proof of Claim is timely submitted by the Claimant in accordance with the Bar Date Order.

## Reservation of Rights

14.    The assertion of the claims by the Claimant is not a concession or admission as to the correct characterization or treatment of any such claims, nor a waiver of any rights or defenses of the Claimant, all of which are expressly reserved. The execution and filing of the Proof of Claim does not constitute: (i) a waiver or release of the Claimant's rights against any other entity or person liable for all or part of the claims; (ii) a consent by the Claimant to the jurisdiction of this Court with respect to any proceeding commenced against or otherwise involving the Claimant; (iii) a consent by the Claimant to the treatment of any non-core claim against it as a core claim; (iv) a waiver of the right to move to withdraw the reference with respect to the subject matter of the claims or otherwise, including without limitation any objection or other proceedings commenced with respect thereto, or any other proceedings commenced against or otherwise involving the Claimant; (v) a waiver of any right to the subordination, in favor of the Claimant, of indebtedness or liens held by other creditors of the relevant Debtor; (vi) an election of remedies that waives or otherwise affects any other remedies; (vii) a waiver of any right to arbitration or other alternative dispute resolution mechanism that is

5

otherwise applicable; or (viii) a waiver of any right with respect to property of the Claimant held by a Debtor.

15. The Claimant expressly reserves its right to amend and supplement this Proof of Claim to the full extent permitted by law, including to specify (and quantify) damages, costs, fees, expenses and other charges or claims incurred by the Claimant and to file additional proofs of claim for additional claims, including (i) claims for post-petition interest, legal fees and related expenses and (ii) claims arising from or relating to the avoidance of transfers made to the Claimant or any other entity, including any payments of claims described herein. The Claimant does not waive, and hereby expressly reserves, the Claimant's rights to pursue claims, including the claims described herein, against the Debtors based upon any and all alternative legal theories. The Claimant expressly reserves its right to file any separate or additional proof of claim with respect to claims set forth herein or otherwise (which proof of claim, if so filed, shall not be deemed to supersede this Proof of Claim), or to file additional proofs of claim in respect of any other claim against or liability of the Debtors, or for any other reason. Moreover, the Claimant specifically reserves the right to conduct discovery with respect to this matter in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

16. To the extent any of the claims set forth herein, in whole or in part, or any component thereof, arise or relate in any manner to the period on or after the Petition Date, the Claimant asserts that such claims (or any portions thereof) are entitled to priority pursuant to Sections 503 and 507 of the Bankruptcy Code. The Claimant reserves the right to file one or more requests for payment of administrative expenses pursuant to Section 503(a) of the Bankruptcy Code, with respect to any administrative expense claim that the Claimant may now have or hereafter hold or acquire against the Debtors or their estates.

6

## Notices Regarding Proof of Claim

17.     All notices and correspondence with respect to this Proof of Claim (and if filed,

any objection thereto) must be sent to the Claimant's counsel at the following address:

Wachtell, Lipton, Rosen & Katz

51 West 52nd Street

New York, NY 10019

Attention: Emil Kleinhaus

Facsimile: (212) 403-2332

## Disclosure

18.     To the best of the Claimant's knowledge, information and belief, no judgment has

been rendered on the claims, no security interest is held for the claims, the Claimant has not

assigned any portion of the claims, and the above statements are true and accurate based upon

the information currently available to the Claimant.

7

## EPIQ SYSTEMS

Inbound Date & Time: 10/27/2014

Recepient        Persaud, Tony
Client Code      efh
Logged By        S. Lam



EPIQ2887

**H
A
N
D**

**D
E
L
I
V
E
R
Y**

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If required from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.

TP

**RECEIVED BY:**                10/27/2014                2:30pm

                              **DATE**                **TIME**