# EXHIBIT A

**(Objection Chart)**

**IN RE ENERGY FUTURE HOLDINGS CORP., *ET AL.*, CASE NO. 14-10979 (CSS)**

**STATUS CHART OF RESPONSES TO OBJECTION TO THE FIFTH AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE** [1]

| | Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|---|
| 1 | JoAnn M. Robinson | 6451 | 1. The Plan is unconfirmable because JoAnn M. Robinson is entitled to vote on the Plan. | 1. Contested.  *See* section VI.G of the Reply. |
| 2 | FLSmidth USA, Inc. and FLSmith Inc. | 6580 | 1. The Plan is unconfirmable because the Plan fails to assume or reject contracts between the Debtors and FLSmidth | 1. Resolved.  The Debtors will include FLSmidth's contracts on the list of rejected contracts exhibit to the Plan Supplement. |
| | | | 2. The Plan is unconfirmable because the Plan retains all causes of actions against FLSmidth. | 2. Contested.  *See* section VI.F of the Reply. |
| | | | 3. The Plan is unconfirmable under sections 1129(a)(7) and (9) because the Plan is discriminatory and fails to explain why the Debtors' vendors and suppliers are not being paid in full prior to any diversion of cash proceeds up stream  for the payment of administration and bondholders. | 3. Contested.  Same as above. |
| | | | 4. The Plan is not fair and equitable and is unconfirmable under section 1129(b). | 4. Contested.  Same as above. |

---

[1]  Objections are listed in docket order number.  Shaded objections have been entirely resolved and withdrawn.  Capitalized terms used but not defined herein shall be given the meanings ascribed to them in the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code (the "Plan") and the Disclosure Statement for the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code (the "Disclosure Statement").  Unless otherwise provided herein, the Debtors intend to submit a revised status chart in advance of the Confirmation Hearing that will reflect any additional resolutions of pending objections as well as the specific location of additions or changes to the Plan.  All changes to the Plan referred to in this document remain subject to final approval from the Debtors' boards of directors, to the extent required.

| | Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|---|
| 3 | Alcoa, Inc. | 6582 | 1. The Plan is unconfirmable to the extent it affects the Alcoa agreements that are the subject of an assumption motion that will be heard by the Bankruptcy Court after the Confirmation Hearing.<br><br>2. The Plan is unconfirmable to the extent the Plan precludes Alcoa from asserting its contractual or other rights, counterclaims, and/or defenses it may have in connection with the Debtors' claims and/or causes of action. | 1. Resolved, subject to the inclusion of language in the Confirmation Order specifying that the litigation re assumption of the Alcoa/Luminant Agreements is not affected by either the Plan or the Confirmation Order.<br><br>2. Resolved. Same as above. |
| 4 | Bank of New York Mellon, EFCH 2037 Note Indenture Trustee | 6585 | 1. The Debtors fail to satisfy their burden of proving why the EFCH 2037 Note Claims are separately classified from the Class C4 TCEH Unsecured Debt Claims or the Class C5 General Unsecured Claims Against the TCEH Debtors Other than EFCH. | 1. Contested. *See* section IV.C of the Reply. |
| 5 | Marathon Asset Management, LP | 6587 | 1. The Plan is unconfirmable because it divests the New York Federal Court of its obligation to decide where its claims will be heard and deprives Marathon Asset Management of its opportunity to have its intercreditor claims heard on the merits by the court chosen. | 1. Postponed Pending Resolution. The parties affected by the Marathon Asset Management objection continue to work in good faith to resolve this objection on the basis set forth on record at the hearing on October 28, 2015, and have agreed that to the extent they are unable to finalize an agreement, a supplemental response regarding such arguments will be filed in advance of argument on the issue by the Debtors and/or the Intervenor Defendants in the pending action in the Southern District of New York described in the Marathon Asset Management objection. As stated at the hearing, the parties request that if argument is needed, it take place at the end of Phase I of the Confirmation |

2

| | Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|---|
| | | | | Hearing. |
| | | | 2. The Plan does not satisfy section 1129(a) of the Bankruptcy Code because the Plan does not respect Marathon Asset Management's priority rights under the TCEH First Lien Intercreditor Agreement and the third-party intercreditor releases are unfair and fail to meet relevant Third Circuit standards. | 2. Same as above. |
| 6 | Tex-La Electric Cooperative of Texas, Inc. & Rural Utilities Service | 6590 | 1. Tex-La objects to any estoppel or preclusive effect that any party may raise post-confirmation regarding the Allowance of the Tex-La Obligations or the Tex-La Claims.<br><br>2. The creditors request that any Confirmation Order and Plan:<br><br>a. not limit Tex-La's rights to seek all claimed amounts that may be due under the Tex-La Obligations or the Tex-La Claims; and<br><br>b. include language expressly preserving Tex-La's rights post-confirmation to seek and receive all claimed amounts as an Allowed Claim, including, without limitation, prepayment premiums, and attorney fees and costs. | 1. Contested. *See* section VI.E of the Reply.<br><br>2. Contested. Same as above. |
| 7 | Oracle America, Inc. | 6592 | 1. The Plan is unconfirmable to the extent that the Debtors seek authority to assume any Oracle agreements or share use of Oracle's licenses and services without Oracle's consent under section 365(c)(1) of the Bankruptcy Code.<br><br>2. The Plan Supplement does not provide sufficient information for Oracle to determine whether the proposed cure amount or adequate protection of the assumed Oracle contracts is correct. | 1. Resolved. *See* Oracle Cure Objection in No. 29 below.<br><br>2. Resolved. Same as above. |

3

| | Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|---|
| 8 | Christopher Haecker | 6597 | 1. Article III, Section B.18(b) of the Plan should be amended to include the principal amounts outstanding and the allowed amount of such claims to the EFIH Class B3 First Lien Notes. | 1. Contested. *See* section VI.H of the Reply. |
| 9 | Texas Ad Valorem Taxing Jurisdictions | 6598 | 1. The Plan is unconfirmable because it fails to provide fair and equitable treatment to Texas Ad Valorem Taxing Authorities secured claims as required by section 1129(b)(1) and (2)(A) of the Bankruptcy Code. | 1. Resolved, subject to the inclusion of language in the Confirmation Order specifying that the tax liens will be retained in accordance with applicable state law, that nothing in the Confirmation Order will affect the Texas Ad Valorem Taxing Jurisdictions' rights to collect on unsatisfied tax amounts, and that the Texas Ad Valorem Taxing Jurisdictions are not required to submit a request for payment pursuant to section 503(b)(1)(D) of the Bankruptcy Code. |
| 10 | Delaware Trust Company, Indenture Trustee for the EFIH First Lien Notes | 6600 | 1. The Plan is unconfirmable under sections 1129(a)(2) and (a)(10) of the Bankruptcy Code because the Plan impairs the EFIH First Lien Noteholders.<br><br>2. Unless the Plan is modified to "unimpair" the EFIH First Lien Notes Claims, the Plan cannot be confirmed under sections 1129(a)(2), 1126(a), and 1129(a)(10) of the Bankruptcy Code because the Debtors have not solicited these noteholders for their votes and there is no class of impaired claims at EFIH that has accepted the Plan.<br><br>3. The Plan is unconfirmable under section 1129(b) because the EFIH First Lien Noteholders are not being paid in full and junior creditors are receiving recoveries under the Plan. | 1. Contested. *See* section III of the Reply.<br><br>2. Contested. Same as above.<br><br>3. Contested. Same as above. |

4

| | Objecting Party | Docket Number | Objection | | Status of Objection | |
|---|---|---|---|---|---|---|
| 11 | United States, on behalf of the Environmental Protection Agency | 6601 | 1. | The Plan violates section 507 of the Bankruptcy Code and is unconfirmable because it fails to provide sufficient grounds for the disparate treatment of unsecured EFCH creditors in Class C6 from that received by unsecured TCEH creditors in Class C5. | 1. | Contested. *See* section IV.C. of the Reply. |
| | | | 2. | The Plan is unconfirmable because the Plan cancels and releases environmental obligations ofEFCH, which violates sections 1141(d)(1) and 1129(a)(1) of the Bankruptcy Code and would prevent the US from seeking economic recoveries against non-debtors. | 2. | Contested. *See* section VI.C. of the Reply. |
| | | | 3. | The Plan is unconfirmable, and in violation of the good faith requirements of section 1129(a)(3) of the Bankruptcy Code, to the extend the Plan proposes to dissolve or distribute the assets of non-debtor affiliates without providing sufficient funds to meet potential environmental obligations. | 3. | Contested. Same as above. |
| 12 | Texas Taxing Entities | 6608 | 1. | The Plan is unconfirmable because it fails to provide fair and equitable treatment to Texas Ad Valorem Taxing Authorities secured claims as required by section 1129(b)(1) and (2)(A) of the Bankruptcy Code. | 1. | Resolved, subject to the inclusion of language in the Confirmation Order specifying that the tax liens will be retained in accordance with applicable state law, that nothing in the Confirmation Order will affect the Texas Taxing Entities' rights to collect on unsatisfied tax amounts, and that the Texas Taxing Entities are not required to submit a request for payment pursuant to section 503(b)(1)(D) of the Bankruptcy Code. |
| | | | 2. | The Plan is unconfirmable to the extent it fails to provide for:<br><br>a.  payment as required under section 1129(a)(C) and (D) | 2. | Resolved. Same as above. |

5

| | Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|---|
| | | | of the Bankruptcy Code; | |
| | | | b.   retention of tax liens; | |
| | | | c.   payment of interest at the applicable non-bankruptcy rate; | |
| | | | d.   the exercise of Texas state court remedies in the event of default; and | |
| | | | e.   payment prior to the payment of claims of lower priority. | |
| 13 | EFH Indenture Trustee | 6609 | 1.   The Plan is unconfirmable because the EFH Noteholders are impaired. | 1.   Contested.   *See* section III of the Reply. |
| | | | 2.   If EFH Corp. is solvent, then the EFH Indenture Trustee's claims must be allowed if they are to be unimpaired. | 2.   Contested.  Same as above. |
| | | | 3.   The Plan must include provisions for payment of the Makewholes in order to render Class A4 unimpaired and satisfy condition precedent 9. | 3.   Contested.   *See* section III.B of the Reply. |
| | | | 4.   The Plan impairs the EFH Indenture Trustee's claims by failing to provide an adequate reserve or other satisfactory provision for payment of contract rate postpetition interest. | 4.   Contested.   *See* section III.A of the Reply. |
| | | | 5.   The Plan's treatment of the EFH Indenture Trustee's claims as unimpaired mandates compliance with contractual provisions providing for the payment of the fees and expenses of the EFH Indenture Trustee and its advisors | 5.   Contested.   *See* section III.D. of the Reply. |
| | | | 6.   EFH Corp. creditors are impaired by allowance of the TCEH settlement claim in the settlement agreement, which should have been incorporated into the plan. | 6.   Contested.   *See* section III.E of the Reply. |

RLF1 13226530v.1

| | Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|---|
| | | | 7. The Plan is unconfirmable because the Plan was not validly authorized by the Debtors' boards of directors. | 7. Contested. *See* section V of the Reply. |
| | | | 8. The Plan is unconfirmable because the Plan provides for releases not authorized by the Bankruptcy Code. | 8. Contested. *See* section V.A of the Reply. |
| | | | 9. The Plan is unconfirmable because the Plan does not satisfy the bests interests test. | 9. Contested. *See* section III.D of the Reply. |
| | | | 10. The Plan is not feasible because the EFH Indenture Trustee's makewhole claims must be allowed (and for the reasons set forth in the EFH Official Committee's objection and supplemental objection). | 10. Contested. *See* section II.B of the Reply. |
| 14 | Fenicle and Fahy | 6610 | 1. The Plan is unconfirmable because it fails to comply with section 524(g) of the Bankruptcy Code because, per the court order of an asbestos bar date, claimants who are unaware of their latent illness and the pending bar date are cut off from recovery and subject to broad injunctions. | 1. Contested. *See* section V.D of the Reply. |
| | | | 2. The Plan is unconfirmable because if fails to comply with section 1123(a)(4) of the Bankruptcy Code because it provides for unimpaired claims for manifested asbestos claims but denies that treatment to unmanifested asbestos claims. | 2. Contested. Same as above. |
| | | | 3. The Plan is not feasible because it is unclear how the Debtors can prove feasibility with respect to asbestos claims as the bar date has not yet occurred and such claims are not liquidated and can result in significant liability that is impossible to forecast. | 3. Contested. Same as above. |
| | | | 4. The Plan fails to provide due process because: | 4. Contested. Same as above. |
| | | | a. any unmanifested claimant who has no reason to suspect he has a claim cannot constitutionally be discharged if the bankruptcy makes no provision for distribution to or | |

| | Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|---|
| | | | representation of that claimant; and<br><br>b.  the asbestos bar date notice did not include notice of the confirmation hearing, so those who filed proofs of claim have lost their right to object to and modify the plan. | |
| 15 | EFIH Second Lien Trustee | 6614 | 1.  The Plan is unconfirmable because the EFIH Second Lien Note Claims are impaired under the Plan.<br><br>2.  The Plan cannot be confirmed if the EFIH Second Lien Note Claims are, in fact, impaired because they were not solicited. | 1.  Contested. *See* section III of the Reply.<br><br>2.  Contested.  Same as above. |
| 16 | PCRB Indenture Trustee | 6621 | 1.  The Plan is unconfirmable because it provides for the disparate treatment of the PCRB claims as compared to other Class C4 creditors in violation of § 1123(a)(4) of the Bankruptcy Code.<br><br>2.  The Plan is unconfirmable because it is not proposed in good faith because the Debtors offered more consideration to Class C4 members whose votes were necessary and sufficient to control the Class C4 vote.<br><br>3.  The Plan provides for the improper payment of professionals, including those retained by the TCEH Ad Hoc Group, in violation of § 1129(a)(4) and § 503(b) of the Bankruptcy Code. | 1.  Contested. *See* section IV.A of the Reply.<br><br>2.  Contested. *See* section IV of the Reply.<br><br>3.  Contested. *See* section VI.B.iii of the Reply. |
| 17 | Local Texas Tax Authorities | 6622 | 1.  The Plan is unconfirmable because the Plan fails to properly provide for the payment of interest on the Local Texas Tax Authorities pre-petition secured claims as required by sections 506(b) and 1129(b)(2)(A)(i)(II) of the Bankruptcy Code.<br><br>2.  The Plan is unconfirmable because the Local Texas Tax Authorities are oversecured creditors and the Plan does not provide for the payment of post-petition date interest | 1.  Resolved based on immaterial modifications to Articles III.B.26, VII.D, and VIII.B, of the Plan.<br><br>2.  Resolved.  Same as above. |

RLF1 13226530v.1

| | Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|---|
| | | | through the Effective Date pursuant to section 506(b) of the Bankruptcy Code. | |
| | | | 3. The Plan is unconfirmable because the Plan fails to specify that the Local Texas Tax Authorities liens are preserved until their claims are paid. | 3. Resolved. Same as above. |
| | | | 4. The Plan is unconfirmable because the Plan provides that no distribution will be made on claims less than $50, rendering several of the Local Texas Tax Authorities impaired. | 4. Resolved. Same as above. |
| | | | 5. The Plan is unconfirmable because the Plan requires the Local Texas Tax Authorities to file a request for payment in violation of section 503(b)(1)(D) of the Bankruptcy Code. | 5. Resolved. Same as above. |
| | | | 6. The Plan is unconfirmable because the Plan does not provide for notice and opportunity to object to the Debtors' assertions that claims are paid in full, disallows all claims filed after the Bar Date without notice to creditors, and deprives creditors of their rights to file and amend claims. | 6. Resolved. |
| 18 | Fireman's Fund Insurance Company | 6625 | 1. The Plan is unconfirmable because the Plan deprives Fireman's Fund Insurance Company of certain contractual rights and defenses under liability insurance policies it issued to the Debtors or their predecessors. | 1. Resolved with addition of agreed language to the Confirmation Order and Articles V.F and VI.K.3 of the Plan. |

9

| | Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|---|
| 19 | EFH Official Committee of Unsecured Creditors | 6627 | 1.  The Plan is unconfirmable because it is not feasible. | 1.  Contested.  *See* section II of the Reply. |
| | | | 2.  The Plan is unconfirmable because the Effective Date is subject to numerous conditions with may never be satisfied and could occur up to several months after confirmation of the Plan. | 2.  Contested.  Same as above. |
| | | | 3.  The Plan is unconfirmable under section 1123(a)(5) because the Debtors retain no ability to control the Plan's realization resulting in the Plan lacking the "adequate means for implementation." | 3.  Contested.  Same as above. |
| | | | 4.  The Plan is unconfirmable because the Plan is proposed for an improper purpose of achieving a Bankruptcy Rule 9019 settlement. | 4.  Contested. *See* section I of the Reply. |
| | | | 5.  The Plan is unconfirmable under sections 1129(a)(1), (a)(2), and (a)(3) because the E-side Debtors have failed to comply with their fiduciary duties. | 5.  Contested.  *See* section V.A of the Reply. |
| | | | 6.  The Plan is unconfirmable because the Debtors have artificially unimpaired the EFH unsecured creditors to deprive these creditors to the right to vote on the Plan and expedite the confirmation process at the detriment of the EFH Committee and EFH unsecured creditors. | 6.  Contested.  *See* section V.B of the Reply. |
| | | | 7.  The Plan is unconfirmable because the Plan is designed to control exclusivity, prevent the confirmation of alternative plans, and control the exclusivity of negotiations related to the development of an alternative plan. | 7.  Contested.  Same as above. |
| | | | 8.  The Plan is unconfirmable because the Debtors violated section 1103 of the Bankruptcy Code by excluding the EFH Committee from the formulation of the Plan. | 8.  Contested.  *See* section V.C of the Reply. |

RLF1 13226530v.1

| | Objecting Party | Docket Number | | Objection | | Status of Objection |
|---|---|---|---|---|---|---|
| 20 | Contrarian Capital Management, LLC | 6629 | 1. | Objects to the Plan "on the bases set forth in Sections III.A, B, C, D, G. H, I and J of the EFH Indenture Trustee Objection" | 1. | Contested. *See* Status of Objection for EFH Official Committee of Unsecured Creditors and the EFH Indenture Trustee above. |
| | | | 2. | Joins in all arguments made by EFH Trustee and EFH Committee regarding the invalidity of reinstatement in these cases. | 2. | Contested. Same as above. |
| 21 | UMB Bank, N.A., as EFIH PIK Notes Indenture Trustee | 6640 | 1. | The Plan is unconfirmable because the EFIH Unsecured Notes are, in fact, impaired under the Plan because the Plan fails to provide for payment in full and in cash of all contractual entitlements, including payment of post-petition interest at the contractual rate, indemnification obligations, and fees and expenses. | 1. | Contested. *See* section III of the Reply. |
| | | | 2. | The Plan impermissibly seeks to disallow claims for unpaid fees and compensation; such claims are allowable GUC claims under the code, a plan of reorganization should not be used as a claim objection and the requirements of Bankruptcy Rule 3007 are not met. | 2. | Contested. *See* section III.A of the Reply. |
| | | | 3. | The Plan violates section 1123(a)(5) because it fails to provide adequate means for implementation. The Postpetition Interest reserve will not be sufficiently funded because it does not provide for the accrual of interest-on-interest post-Effective Date, which is provided for under the Indentures, and the reserve will not be established if the Court disallow the contractual interest, even if that order is not a final order. | 3. | Contested. *See* section III.C of the Reply. |
| | | | 4. | The Plan violates section 1123(a)(4) because it does not provide the opportunity to participate in the Equity Investment to all EFIH Unsecured Noteholders, just to participating noteholders. | 4. | Contested. *See* section IV.B of the Reply. |
| | | | 5. | The Plan was not proposed in good faith, in violation of | 5. | Contested. *See* section I of the Reply. |

|  | Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|---|
|  |  |  | section 1129(a)(3), to the extent confirmation is conditioned upon approval of the Settlement Agreement because it contains releases that become effective upon approval of the settlement, rather than the Effective Date, and that were conditioned upon payment in full to EFIH creditors. |  |
| 22 | Fidelity Managed Funds and Accounts | 6642 | 1. Fidelity joins and adopts the arguments set forth in the Plan objections by the EFH Official Committee of Unsecured Creditors and the EFH Indenture Trustee. | 1. Contested. *See* Status of Objection for EFH Official Committee of Unsecured Creditors and the EFH Indenture Trustee above. |
| 23 | United States Trustee | 6705 | 1. The Plan is unconfirmable because it may grant inappropriate third-party releases in favor of numerous non-debtor parties. | 1. Contested. *See* section VI.B of the Reply. |
|  |  |  | 2. The Plan is unconfirmable because the Plan unlawfully extends exculpation to non-estate fiduciaries, including non-debtor affiliates and shareholders. | 2. Contested. Same as above. |
|  |  |  | 3. The Plan is unconfirmable because it pays the fees and expenses of non-estate retained professionals without adequate disclosure or legal justification. | 3. Contested. Same as above. |
|  |  |  | 4. The Plan is unconfirmable to the extent the Plan does not fix the rights to compensation of the Reorganized Management Incentive Plan by selected management at the time of Confirmation rather than the post-emergence board of directors. | 4. Contested. Same as above. |
| 24 | Internal Revenue Service | N/A, informal objection | 1. The Plan is unconfirmable without additional language clarifying tax liabilities. | 1. Resolved with addition of agreed language to the Confirmation Order and new Article IX.E of the Plan. |
| 25 | Pension Benefit Guaranty Corporation | N/A, informal objection | 1. The PBGC is unconfirmable without additional language clarifying ongoing pension liabilities. | 1. Resolved with addition of agreed language to Article IX.B of the Plan. |

| | Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|---|
| 26 | Texas Comptroller | N/A, informal objection | 1. The Plan is unconfirmable because the Plan provides that no post-Effective Date interest will be paid on priority tax claims, in violation of section 1129(a)(9)(C) of the Bankruptcy Code. | 1. Resolved with addition of agreed language to the Articles II.C, IV.M, VIII.B of the Plan. |
| | | | 2. The Plan is unconfirmable because the Plan exemption under Section 1146 of the Bankruptcy Code is overly broad. | 2. Resolved. Same as above. |
| | | | 3. The Plan is unconfirmable because the Plan fails to provide for the retention of the Texas Comptroller's liens. | 3. Resolved. Same as above. |
| | **Assumption and Cure Objections and Reservations of Rights[2]** **(To Be Addressed at December 16th Omnibus Hearing, or another hearing convenient to the Court)** | | | |
| 27 | TXU 2007-1 Railcar Leasing LLC | 6576 | 1. Reservation of rights in regard to the Plan and the treatment of railcar leases in the event the Debtors proposed treatment of such railcar lease differs than an agreed assumption of the lease under modified and consensual terms. | 1. Resolved. The Debtors and GE have reached an agreement in principle on the assumption of the railcar lease and are finalizing an amended agreement for execution. |
| 28 | Buffalo Industrial Supply, Inc. | 6586 | 1. Objection to proposed cure amount. | 1. The Debtors and Buffalo Industrial Supply, Inc. are working to resolve contract cure amounts. *See* section VII of the Reply. |
| 29 | Oracle America, Inc. | 6592 | 1. The Plan is unconfirmable to the extent that the Debtors seek authority to assume any Oracle agreements or share use of Oracle's licenses and services without Oracle's consent. | 1. Resolved through the addition of language to the Confirmation Order limiting the use of Oracle's licenses. |
| | | | 2. The Plan Supplement does not provide sufficient information | 2. The Debtors and Oracle are working |

---

[2] Liberty Mutual Insurance Company filed an assumption and cure objection on October 30, 2015 [D.I. 6789]. While the Debtors will work with Liberty Mutual Insurance Company to provide any requested documents and consensually resolve its objection, the Debtors reserve all rights and defenses with respect to this late-filed objection.

| | Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|---|
| | | | for Oracle to determine whether the proposed cure amount or adequate protection of the assumed Oracle contracts is correct. | to resolve outstanding cure amounts. *See* section VII of the Reply. |
| 30 | Cellco Partnership D/B/A Verizon Wireless | 6678 | 1.  Objection to proposed cure amount. | 1.  The Debtors and Cellco Partnership are working to resolve contract cure amounts.  *See* section VII of the Reply. |
| 31 | Salesforce.com, Inc. | 6679 | 1.  Objection to proposed cure amount. | 1.  Resolved.  The Debtors and Salesforce, Inc. have reached an agreement in principle on the cure amount and the Debtors have clarified that they will pay postpetition amounts in the ordinary course. |
| 32 | Michelin North America, Inc. | 6681 | 1.  Objection to proposed cure amount. | 1.  The Debtors and Michelin North America, Inc. are working to resolve contract cure amounts.  *See* section VII of the Reply. |
| 33 | MoreTech, Inc. | 6684 | 1.  Objection to proposed cure amount. | 1.  The Debtors and MoreTech, Inc. are working to resolve contract cure amounts.  *See* section VII of the Reply. |
| 34 | Tannor Partners (Babcock & Wilcox Power Generation Group, Inc.Buckman Laboratories Inc.Romco Equipment CoUnited Conveyor Supply CoVeolia ES Industrial Services) | 6687 | 1.  Objection to proposed cure amount. | 1.  The Debtors and Tannor Partners are working to resolve contract cure amounts.  *See* section VII of the Reply. |

14

| | Objecting Party | Docket Number | Objection | Status of Objection |
|---|---|---|---|---|
| 35 | Aetna Inc., Aetna Life Insurance Company | 6698 | 1. Limited Objection/Reservation of Rights to unpaid postpetition amounts. | 1. Resolved through clarification that the Debtors will continue to pay postpetition amounts as they come due in the ordinary course of business. See section VII of the Reply. |