# EXHIBIT 2

**Page 1**

1  UNITED STATES BANKRUPTCY COURT
2  DISTRICT OF DELAWARE
3
4
5  In re:                              :
                                        :   Chapter 11
6  ENERGY FUTURE HOLDINGS              :
   CORP., et al.,                      :   Case No. 14-10979(CSS)
7                                       :
           Debtors.                    :   (Jointly Administration
8  _____     :   Requested)
   CSC TRUST COMPANY OF DELAWARE,:
9  as INDENTURE TRUSTEE,               :
                                        :
10         Plaintiff,                  :
                                        :
11     v.                              :   Adv. Proc. No. 14-50363
                                        :   (CSS)
12 ENERGY FUTURE INTERMEDIATE          :
   HOLDING COMPANY LLC and EFIH        :
13 FINANCE INC.,                       :
                                        :
14         Defendants.                 :
   _____:
15
16
17
18                         United States Bankruptcy Court
19                         824 North Market Street
20                         Wilmington, Delaware
21                         June 30, 2014
22                         9:44 AM - 5:43 PM
23
24
25

```
                                                            Page 2
 1    B E F O R E :
 2    HON CHRISTOPHER S. SONTCHI
 3    U.S. BANKRUPTCY JUDGE
 4
 5
 6
 7
 8    ECR OPERATOR:   AL LUGANO
 9
10
11
12    HEARING re Motion of Energy Future Holdings Corp., et al.,
13    for Entry of Interim and Final Orders (A) Authorizing the
14    Debtors to (I) Pay Certain prepetition Compensation and
15    Reimbursable Employee Expenses, (II) Pay and Honor Employee
16    and Retiree Medical and Similar Benefits, and (III) Continue
17    Employee and Retiree Benefit Programs, and (B) Modifying the
18    Automatic Stay [D.I. 25; filed April 29, 2014]
19
20    HEARING re Motion of Energy Future Holdings Corp., et al.,
21    for Entry of Interim and Final Orders Authorizing the
22    Debtors to (A) Continue Performing Under Prepetition Hedging
23    and Trading Arrangements, (B) Pledge Collateral and Honor
24    Obligations Thereunder, and (C) Enter into and Perform Under
25    Trading Continuation Agreements and Postpetition Hedging and
```

1    Trading Arrangements [D.I. 41; filed April 29, 2014]

2

3    **HEARING re Motion of Energy Future Holdings Corp., et al.,**

4    **for Entry of an Order Authorizing the Debtors to (A) Pay**

5    **Certain Prepetition Amounts on Account of Non-Insider**

6    **Compensation Programs and (B) Continue the Non-Insider**

7    **Compensation Programs in the Ordinary Course of Business on**

8    **a Postpetition Basis [D.I. 468; filed May 15, 2014]**

9

10   **HEARING re Motion of Energy Future Holdings Corp., et al.,**

11   **for Entry of Orders Approving Certain EFIH Settlements and**

12   **the Oncor TSA Amendment [D.I. 472; filed May 15, 2014]**

13

14   **HEARING re Motion of Energy Future Intermediate Holding**

15   **Company LLC and EFIH Finance Inc. for Entry of an Order (A)**

16   **Approving Postpetition Second Lien Financing, (B) Granting**

17   **Liens and Providing Superpriority Administrative Expense**

18   **Claims; (C) Authorizing the Use of Cash Collateral, (D)**

19   **Authorizing the EFIH Second Lien Repayment, (E) Authorizing**

20   **Entry into and Payment of Fees Under the Commitment Letter;**

21   **and (F) Modifying the Automatic Stay [D.I. 477; filed May**

22   **15, 2014]**

23

24   **HEARING re Complaint for Declaratory Relief [D.I. 470/Adv.**

25   **D.I. 1; filed May 15, 2014]**

```
                                                              Page 4
 1   HEARING re Motion of Wilmington Savings Fund Society, FSB
 2   for Leave to Conduct Discovery Pursuant to Rule 2004 of the
 3   Federal Rules of Bankruptcy Procedure of Energy Future
 4   Holdings Corporation, its Affiliates, and Certain Third
 5   Parties (the "2004 Motion") [D.I. 6; filed April 29, 2014]
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24   Transcribed by:  Dawn South, Lisa Beck, and Sheila Orms
25
```

212-267-6868              www.veritext.com              516-608-2400

1            Five and finally, all of this is being done without
2    any analysis of what Mr. Peck referred to as the TCH claims.
3    It's been our thesis from the beginning of the case that the
4    TCH is a material creditor of both EFH and EFIH starting
5    with the premise that while the TCEH debtors were insolvent,
6    according to Mr. Keglevic -- in 2013, they paid 2.2 billion
7    dollars to affiliates.  We have to look at those claims.  We
8    filed our 2004, as you'll hear at the end of this hearing.
9    We're still not even there on the 2004.  And, you know, the
10   amount of documentation that has been produced to date is
11   woefully inadequate.  There needs to be a sequence here.
12   The debtors just filed their schedules.  On those
13   schedules -- I haven't reviewed them but I'm told TCEH is
14   scheduling a 773 million dollar claim against EFH.  TCEH may
15   be the largest creditor of EFH.  The TCEH board has not met
16   on an EFIH DIP.  They haven't met on the equity splits.  How
17   can the TCEH board as the largest creditor of EFH be
18   standing back and watching the equity splits occur or
19   allowing Fidelity, which is a smaller creditor, to take the
20   fees?  There's a reason for process.  There's a reason for
21   sequencing.  And when they try to jump ahead of this, that's
22   where we all get into problems.
23           So what we're saying is, the debtors should put the
24   pen back.  And if they insist on taking the pen out at this
25   point, Your Honor should tell them no.  If they can arrange