# EXHIBIT 4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| ENERGY FUTURE HOLDINGS | : | |
| CORP., et al., | : | Case No. 14-10979(CSS) |
| | : | |
| Debtors. | : | (Jointly Administration |
| ________________________ | : | Requested) |
| CSC TRUST COMPANY OF DELAWARE, | : | |
| as INDENTURE TRUSTEE and | : | |
| COLLATERAL TRUSTEE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Proc. No. 14-50410 |
| | : | (CSS) |
| COMPUTERSHARE TRUST COMPANY, | : | |
| N.A., COMPUTERSHARE TRUST | : | |
| COMPANY OF CANADA, EPIQ | : | |
| BANKRUPTCY SOLUTIONS, LLC, | : | |
| EPIQ SYSTEMS, INC., EPIQ | : | |
| SYSTEMS ACQUISITIONS, INC., | : | |
| THE DEPOSITORY TRUST COMPANY, | : | |
| and CEDE & CO., | : | |
| | : | |
| Defendants. | : | |
| ______________________________ | : | |

United States Bankruptcy Court
824 North Market Street
Wilmington, Delaware

September 16, 2014
11:11 AM - 1:41 PM

B E F O R E :

HON CHRISTOPHER S. SONTCHI

U.S. BANKRUPTCY JUDGE

ECR OPERATOR: LESLIE MURIN

HEARING re Joint Motion of CSC Trust Company of Delaware as Indenture Trustee, and Certain EFIH 10% First Lien Noteholders, for Confirmation that the Automatic Stay Does Not Apply or, Alternatively, for Limited Relief from the Automatic Stay, Solely Regarding Rescission of Acceleration [D.I. 473; filed May 15, 2014]

HEARING re Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ PricewaterhouseCoopers LLP as Internal Audit, Information Security, and Tax Consultants Effective Nunc Pro Tunc to the Petition Date [D.I. 654; filed May 29, 2014]

HEARING re Application of Energy Future Holdings Crop., et

al. for Entry of an Order Authorizing the Debtors to Retain and Employ Ernst & Young LLP as Providers of Tax Advisory and Information Technology Services Effective Nunc Pro Tunc to the Petition Date [D.I. 655; filed May 29, 2014]

HEARING re Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to (A) Pay Certain Prepetition Amounts on Account of the Insider Compensation Programs and (B) Continue the Insider Compensation Programs in the Ordinary Course of Business on a Postpetition Basis [D.I. 1792; filed August 8, 2014]

HEARING re Motion of Energy Future Holdings Corporation for Entry of an Order Authorizing the Debtors to File Under Seal the Certain Portions of Commercially Sensitive Information Set Forth in the Debtors' Motion for Entry of an Order Authorizing the Debtors to (A) Pay Certain Prepetition Amounts on Account of the Insider Compensation Programs and (B) Continue the Insider Compensation Programs in the Ordinary Course of Business on a Postpetition Basis [D.I. 1795; filed August 8, 2014]

HEARING re Motion of Energy Future Holdings Corp., et al., for Entry of an Order Establishing Procedures to Make Certain Capital Investments and Purchases [D.I. 1925; filed

August 26, 2014]

HEARING re Motion of Energy Future Holdings Corp., et al. Approving the Stipulation by and Among Luminant Generation Company LLC, Luminant Mining Company, LLC, Sandow Power Company LLC, and Alcoa Inc. [D.I. 1928; filed August 26, 2014]

HEARING re Motion of Energy Future Holdings Corp., et al., for the Entry of an order Authorizing and Approving Expedited Procedures to Reject or Assume Executory Contracts and Unexpired Leases [D.I 1930; filed August 26, 2014]

HEARING re Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Filsinger Energy Partners as Energy Consultant Effective Nunc Pro Tunc to the Petition Date [D.I. 650; filed May 29, 2014]

HEARING re Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Evercore Group L.L.C. as Investment Banker and Financial Advisor Effective Pro Tunc to the Petition Date [D.I. 651; filed May 29, 2014]

HEARING re Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ KPMG LLP as Bankruptcy Accounting and Tax Advisors Effective Nunc Pro Tunc to the Petition Date [D.I. 652; filed May 29, 2014]

HEARING re Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Thompson & Knight LLP as Special Counsel for Certain Tax-Related Matters, Effective Nunc Pro Tunc to the Petition Date [D.I. 653; filed May 29, 2014]

HEARING re Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Deloitte & Touche LLP as Independent Auditor Effective Nunc Pro Tunc to the Petition Date [D.I. 656; filed May 29, 2014]

HEARING re Motion of Energy Future Holdings Corp., et al., for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals [D.I. 658; filed May 29, 2014]

HEARING re Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain

and Employ Richards, Layton & Finger, P.A. as Co-Counsel Effective Nunc Pro Tunc to the Petition Date [D.I. 659; filed May 29, 2014]

HEARING re Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective Nunc Pro Tunc to the Petition Date [D.I. 660; filed May 29, 2014]

HEARING re Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Alvarez & Marsal North America, LLC as Restructuring Advisor Effective Nunc Pro Tunc to the Petition Date [D.I. 661; filed May 29, 2014]

HEARING re Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Gibson, Dunn & Crutcher LLP as Special Counsel for Certain Corporate and Litigation Matters, Effective Nunc Pro Tunc to the Petition Date [D.I. 662; filed May 29, 2014]

HEARING re Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Epiq Bankruptcy Solutions, LLC as the

Administrative Advisor for the Debtors, Effective Nunc Pro Tunc to the Petition Date [D.I. 663; filed May 29, 2014]

HEARING re Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ McDermott Will & Emery LLP as Special Counsel for Certain Energy-Related Transactional Matters, Effective Nunc Pro Tunc to the Petition Date [D.I. 664; filed May 29, 2014]

HEARING re Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Sidley Austin LLP as Special Counsel for Certain Corporate and Litigation matters, Effective Nunc Pro Tunc to the Petition Date [D.I. 665; filed May 29, 2014]

HEARING re Application of the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al., for Entry of an order Pursuant to Sections 328(a) and 1103(a) of the Bankruptcy Code and Fed. R. Bankr. P. 2014 for Authority to Retain and Employ Morrison & Foerster LLP Effective as of May 12, 2014 [D.I. 1696; filed July 25, 2014]

HEARING re Application of the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al.,

for Entry of an order Pursuant to Sections 328(a) and 1103(a) and the Bankruptcy Rules 2014(a) and 2016(b) Approving the Employment and Retention of Polsinelli PC Nunc Pro Tunc to May 13, 2014, as Co-Counsel to the Official Committee of Unsecured Creditors [D.I. 1698; filed July 25, 2014]

HEARING re Application of the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al., for Entry of an Order Pursuant to Sections 328(a) and 1103(a) of the Bankruptcy Code Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor Effective as of May 19, 2014 [D.I. 1699; filed July 25, 2014]

HEARING re Application of the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al., for Entry of an Order (A) Authorizing the Employment and Retention of Lazard Freres & Co., LLC as Investment Banker Effective as of May 14, 2014, (B) Waiving Certain Time-Keeping Requirements Pursuant to Local Rule 2016-2(h) , and (C) Granting Related Relief [D.I.. 1700, filed July 25, 2014]

HEARING re Application of Fee Committee for Authorization to

Employ and Retain Godfrey & Kahn, S.C. as Counsel to the Fee Committee, Nunc Pro Tunc to the Fee Committee's Appointment [D.I. 1888; filed August 19, 2014]

HEARING re Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof [D.I. 1682; filed July 23, 2014]

HEARING re Motion of Energy Future Holdings Corp., et al., for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code [D.I. 1683; filed July 23, 2014]

HEARING re Amended Complaint [Adv. D.I. 4; filed June 29, 2014]

HEARING re Motion of EFH Notes Indenture Trustee Pursuant to 11 U.S.C. §§ 1102(a)(1) and 105 for Appointment of an Official Committee of Unsecured Creditors for Energy Future

Holdings Corp. [D.I. 1676, filed July 23, 2014]

Transcribed by: Dawn South

is essentially that the TCH creditors are somehow inappropriately interfering with the debtors' right to retain counsel.

As we noted since the beginning of the cases there are significant unresolved interstate conflicts. I don't think anybody's disputing that. Some of those are historical disputes. Whether -- for example, whether and to what extent a $770 million intercompany claim from the T side up to EFH is a legitimate claim. That's a dispute between estates. Whether or not the T side has claims arising out of the LBO. Those are significant unresolved issues that the Court has already authorized investigation into under the 2004 protocol.

Some of the conflicts are perspective. How are we going to be dealing with this tax issue when it is a zero sum game? Someone may have to pay the tax and how that gets apportioned between the estates is going to have to be resolved at some point. How you're going to disentangle the estates and get rid of agreements that exist between the T side and the E side if there's a deconsolidation.

As Mr. Sassower pointed out we tried to be proactive on this, at least agree to some minimum terms under which the parties were going to address those issues going forward, and that largely had to do with notice. Let us know what's going on. You can do certain things, we're