# EXHIBIT 5

**Page 1**

1  UNITED STATES BANKRUPTCY COURT
2  DISTRICT OF DELAWARE
3
4
5  In re:                          :
                                   :   Chapter 11
6  ENERGY FUTURE HOLDINGS          :
   CORP., et al.,                  :   Case No. 14-10979(CSS)
7                                  :
            Debtors.               :   (Jointly Administered)
8  _____
9
10
11
12                                 United States Bankruptcy Court
13                                 824 North Market Street
14                                 Wilmington, Delaware
15
16
17                                 October 27, 2014
18                                 12:08 AM - 5:01 PM
19
20
21 B E F O R E :
22 HON CHRISTOPHER S. SONTECHI
23 U.S. BANKRUPTCY JUDGE
24
25 ECR OPERATOR:  LESLIE MURIN

Page 2

1   HEARING re Motion of Energy Future Holdings Corp., et al.,
2   for Entry of an Order Extending the Period Within Which the
3   Debtors May Remove Luminant Generation Company, LLC v. Titus
4   County Appraisal District [D.I. 1990; filed September 10,
5   2014]
6
7   HEARING re Motion for Entry of an Order Authorizing
8   Wilmington Savings Fund Society, FSB to File Under Seal (I)
9   an Unredacted Version of its Objection to Motion of Energy
10  Future Holdings Corp., et al., for Entry of an Order (A)
11  Approving Bidding Procedures, (B) Scheduling an Auction and
12  Related Deadlines and Hearings, and (C) Approving the Form
13  and Manner of Notice Thereof and (II) Exhibits 1 and 2 to
14  the Declaration of Jeremy B. Coffey in Support of the
15  Objection [D.I. 2370; filed October 10, 2014]
16
17  HEARING re Motion of Energy Future Holdings Corp., et al.,
18  for Entry of an Order (A) Approving Bidding Procedures, (B)
19  Scheduling an Auction and Related Deadlines and Hearings,
20  and (C) Approving the Form and Manner of Notice Thereof
21  [D.I. 2087; filed September 19, 2014]
22
23
24
25  Transcribed by:  Dawn South, Sheila Orms, and Linda Foley

1   process, and if there is a record to do the sale process,
2   they should do it on the right foundation.  They should
3   start this process on the right foundation, with a clear
4   articulation as to what they want to do that is frank with
5   the Court, if this is about pushing the plan forward.
6           They're going to tell you how it helps to do that,
7   they're going to give you an analysis of the costs and
8   benefits.  They're going to discuss potential alternatives,
9   they're going to have a full disclosure of the facts,
10  they're going to have Board votes, or explicit designations,
11  and they're going to tell you what the strategy is.  That's
12  what needs to be done if they're going to come forward and
13  say, we want to start a process to sell a $10 billion asset.
14          Then there also has to be, of course, a duty of
15  loyalty, and a cognition of the conflicts.  No one has
16  disputed that the estates are in conflict, both on a
17  historical basis with respect to claims or even on an active
18  basis, it was dizzying testimony from Mr. Keglevic when he
19  was talking about how if Oncor wanted to pass on the excess
20  taxes to its rate payers, TCEH would have to intervene in
21  that rate proceeding to assert that they were as the largest
22  customer of Oncor, they were interested in not seeing the
23  rates rise.
24          And with respect to conflicts let's be clear, the
25  independent directors have no independence at all in the

1  sense that they can't stop anything.  They have one vote,

2  they are given no delegation of any kind of authority to

3  act, they haven't availed themselves of the ability to get

4  independent counsel at this point or independent advisors.

5           And in some, I guess I would say, managed, highly

6  managed testimony we heard that Mr. Sawyer believes that

7  there are no ripe conflicts at this point.  Look, the issue

8  of ripe conflicts and whether or not that is a question of

9  state law or a question of disinterestedness, I'm not sure

10 how the debtors got themselves comfortable with publishing a

11 tax memorandum where Your Honor is being given their view of

12 the legal merits of a dispute, including the data discussion

13 of subjective intent.

14           I think, what I thought, and what I understood the

15 tax memorandum to be would be like a foreign law declaration

16 that you would see in Chapter 15 or something like that.

17 Here's the law.  What we got instead was, here are the law,

18 here are the facts as we believe them, here's what other

19 people say the law is, and why you should reject it, and

20 hear what -- here's our response to all these facts.

21           One is educating the Court about the law.  The

22 other, his coming out and telling the market at the time the

23 bidding procedures are going on, exactly why the debtors

24 only want to get one form of bid, and ultimately putting us

25 all in a position where we'll have to respond.  And we will