# EXHIBIT 13

Page 1

1  UNITED STATES BANKRUPTCY COURT
2  DISTRICT OF DELAWARE
3
4
5  In re:                          :
                                   :   Chapter 11
6  ENERGY FUTURE HOLDINGS          :
   CORP., et al.,                  :   Case No. 14-10979(CSS)
7                                  :
          Debtors.                 :   (Jointly Administered)
8  _____  :
9
10                     United States Bankruptcy Court
11                     824 North Market Street
12                     Wilmington, Delaware
13
14                     May 13, 2015
15                     2:05 PM
16
17
18
19
20  B E F O R E :
21  HON CHRISTOPHER S. SONTCHI
22  U.S. BANKRUPTCY JUDGE
23  ECR OPERATOR:  LESLIE MURIN
24
25

```
 1   HEARING re Objection of the EFH Official Committee to
 2   General Unsecured Tax Claims of Texas Competitive Electric
 3   Holdings Company LLC Against Energy Future Holdings
 4   Corporation
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25   Transcribed by:  Lisa Beck
```

1    to take additional discovery and evaluation of the inter
2    inter-silo settlement, a component of which is this claim.
3    And there will be an opportunity to evaluate the
4    disinterested directors and to -- and how, you know, this
5    tax claim factors into their overall thinking.  So
6    additional clarity will be gained, but that clarity is best
7    viewed in the context of an overall settlement as part of an
8    overall plan.
9              It is for that reason that we absolutely believe
10   that this claim objection should not be scheduled or heard
11   until the overall proposed settlement is considered as part
12   of a plan, or as noted by Mr. Walper in his papers and said
13   today that proposed settlement is withdrawn or by another
14   order of the Court.
15             Thank you, Your Honor.
16             THE COURT:  Thank you.
17             MR. SHORE:  Your Honor, Chris Shore from White &
18   Case.  May I be heard?
19             THE COURT:  Of course.
20             MR. SHORE:  Okay.  Well this telephonic hearing is
21   going to make some strange bedfellows because I'm going to
22   come out on the same side as the debtors and Mr. Sawyer,
23   along with the committee.
24             We're going ask that you at least not schedule the
25   motion until after the disclosure statement to keep a level

1  playing field.

2         Effectively, what happened last week, as we
3  understood it, is the Court put on hold the litigative
4  process to see if more plan consensus could take hold.  I
5  think you heard that nobody has still come out in front of
6  the -- in favor of the debtors' plan, but we've made
7  significant efforts in advancing the alternative
8  transaction.  Since we were there last week I think we've
9  completed the negotiation with the NDA with the companies,
10 and either today or first thing tomorrow our small group of
11 backstop parties will be restricted.

12         They are currently holding an aggregate of 4
13 billion dollars of claims in the capital structure.  They
14 have allocated out, at least on an initial basis, the
15 primary backstop commitments of up to 6 billion dollar of
16 equity financing.  There may be an additional upsize of a
17 billion dollars on that plan.  The term sheet is in heavy
18 negotiations with the REIT sponsor.  We have drafts of the
19 backstop commitments plan term sheet, plan support
20 agreement.  Due diligence is full speed ahead and we've got
21 continued meetings with Oncor and the debtors.

22         We may not get there.  It looks like we will get
23 to the point where we have a fully executable plan supported
24 throughout the capital structure.

25         The problem with the claim objection right now is

1  it goes to the heart of the premise of the settlement

2  embodied in the alternate plan, which is resolving the

3  cross-structure claims.  Litigation of the claims now is

4  going to be an impediment to the process.  An answer isn't

5  necessarily going to be helpful to the balance that's being

6  struck between the E side and the T side, but I would like

7  to point out that it's not correct to say that any plan

8  needs to have a resolution of the T side and E side issue.

9           Under the alternate transaction that's being

10  proposed, all of the EFH committees' constituents will

11  receive their legal entitlements in full and will be

12  unimpaired.  So their desire to push forward an objection in

13  the face of an alternate transaction taking hold can really

14  only be seen and is an attempt to get the upside of a

15  transaction to which they are not entitled.  It really, at

16  this point, is an arrangement between the equity of EFH,

17  which the committee does not represent, and the T side.

18           So for that reason, we'd ask the Court not to

19  schedule the hearing on the objection until after the

20  disclosure statement hearing, allow the process to continue

21  to work within the framework that the Court set up, and if

22  we get to that point, and notwithstanding the great effort

23  that's taking place by a lot of people that we don't get to

24  a deal, there'll be plenty of time for war.

25           THE COURT:  Thank you.