# EXHIBIT 18

```
                                                              Page 1
 1   UNITED STATES BANKRUPTCY COURT
 2   DISTRICT OF DELAWARE
 3
 4
 5   In re:                         :
                                    :     Chapter 11
 6   ENERGY FUTURE HOLDINGS         :
     CORP., et al.,                 :     Case No. 14-10979(CSS)
 7                                  :
           Debtors.                 :     (Joint Administration
 8   _____ :     Requested)
 9
10                                  United States Bankruptcy Court
11                                  824 North Market Street
12                                  Wilmington, Delaware
13
14                                  September 17, 2015
15                                  9:41 AM- 11:211 AM
16
17
18
19
20   B E F O R E :
21   HON CHRISTOPHER S. SONTCHI
22   U.S. BANKRUPTCY JUDGE
23
24
25   ECR OPERATOR:  LESLIE MURIN
```

|     |                                                                          |
| --- | ------------------------------------------------------------------------ |
|     | Page 2                                                                   |
| 1   | HEARING RE: Motion of Energy Future Holdings Corp., et al.,              |
| 2   | to Authorize the Debtors to Enter into and Perform Under the             |
| 3   | Plan Support Agreement [D.I. 5248; filed August 10, 2015]                |
| 4   |                                                                          |
| 5   |                                                                          |
| 6   |                                                                          |
| 7   |                                                                          |
| 8   |                                                                          |
| 9   |                                                                          |
| 10  |                                                                          |
| 11  |                                                                          |
| 12  |                                                                          |
| 13  |                                                                          |
| 14  |                                                                          |
| 15  |                                                                          |
| 16  |                                                                          |
| 17  |                                                                          |
| 18  |                                                                          |
| 19  |                                                                          |
| 20  |                                                                          |
| 21  |                                                                          |
| 22  |                                                                          |
| 23  |                                                                          |
| 24  |                                                                          |
| 25  | Transcribed by:  Sonya Ledanski Hyde                                     |

1   the house, second lien interested EFIH, PPI if awardable to
2   any of the e side creditors, legal restructuring expense
3   which is gargantuan in this case, and adequate protection
4   payments.
5          The ability to get out now, lock in sufficient
6   support that the debtors feel comfortable making their
7   regulatory approval requests for a particular deal is part
8   of the consideration which is being used to resolve the
9   cases.  In other words, waiting to have those processes
10  started makes less distributable value and makes it harder
11  to get a deal done.
12         In the end, I don't think that the central tenant
13  of the two objections, that we should be protected from
14  ourselves carries water.  I think it's the other way around.
15  I think the PCRBs certainly need to be told that they need
16  to get serious about their recoveries and move forward with
17  those recovers.
18         Ironically, when one talks about protecting the
19  disenfranchised, the only reason the PCRBs are
20  disenfranchised is because they disenfranchised themselves.
21  There has still not been a single holder of a PCRB who has
22  appeared in this case either individual or through counsel
23  who has the ability to negotiate for a compromise of their
24  principle and interest.
25         In sum, I think the record reflects here that the