# EXHIBIT 20

Page 1

1    UNITED STATES BANKRUPTCY COURT

2    DISTRICT OF DELAWARE

3

4

5    In re:                    :

                               :    Chapter 11

6    ENERGY FUTURE HOLDINGS     :

     CORP.,  et al.,            :    Case No. 14-10979(CSS)

7                               :

              Debtors.          :    (Jointly Administration

8    _____:    Requested)

9

10

11                             United States Bankruptcy Court

12                             824 North Market Street

13                             Wilmington, Delaware

14                             June 06, 2014

15                             9:44 AM - 5:41 PM

16

17

18   B E F O R E :

19   HON CHRISTOPHER S. SONTCHI

20   U.S. BANKRUPTCY JUDGE

21

22

23

24

25   ECR OPERATOR:  AL LUGANO

1    HEARING re Joint Motion of CSC Trust Company of Delaware as

2    Indenture Trustee, and Certain EFIH 10% First Lien

3    Noteholders, for Confirmation that the Automatic Stay does

4    not Apply or, Alternatively, for Limited Relief from the

5    Automatic Stay, Solely Regarding Rescission of Acceleration

6    [D.I. 473; filed May 15, 2014]

7

8    HEARING re Motion of Energy Future Holdings Corp., LLC and

9    EFIH Finance Inc. for Entry of an Order (A) Approving

10   Postpetition Second Lien Financing, (B) Granting Liens and

11   Providing Superpriority Administrative Expense Claims, (C)

12   Authorizing the Use of Cash Collateral, (D) Authorizing the

13   EFIH Second Lien Repayment, (E) Authorizing Entry into and

14   Payment of Fees Under the Commitment Letter, and (F)

15   Modifying the Automatic Stay [D.I. 477; filed May 15, 2014]

16

17   HEARING re Motion of Energy Future Holdings Corp., et al.,

18   for Entry of an Order Authorizing the Debtors to (A) Pay

19   Certain Prepetition Amounts on Account of Non-Insider

20   Compensation Programs and (B) Continue the Non-Insider

21   Compensation Programs in the Ordinary Course of Business on

22   a Postpetition Basis [D.I. 468; filed May 15, 2014]

23

24   HEARING re Motion of Energy Future Holdings Corp., et al.,

25   for Entry of an Order Authorizing the RSA Debtors to Assume

1    the Restructuring Support Agreement and Modifying the

2    Automatic Stay [D.I. 505; filed May 15, 2014]

3

4    HEARING re Motion of Energy Future Holdings Corp., et al.,

5    for Entry of an Interim and Final Orders Authorizing the

6    Debtors to (A) Grant Administrative Expenses Priority to all

7    Undisputed Obligations for Good and Services Ordered

8    Prepetition and Delivered Postpetition and Satisfy Such

9    Obligations in the Ordinary Course of Business, and (B) Pay

10   Prepetition Claims of Shippers, Warehousemen, and

11   Materialmen [D.I. 27; filed April 29, 2014]

12

13   HEARING re Motion of Energy Future Holdings Corp., et al.,

14   for Entry of an Order Establishing Procedures to Sell,

15   Transfer, or Abandon Certain De Minimis Assets [D.I. 467;

16   filed May 15, 2014]

17

18   HEARING re Motion of Energy Future Holdings Corp., et al.,

19   for Entry of an Order Authorizing the Retention and

20   Compensation of Certain Professionals Utilized in the

21   Ordinary Course of Business [D.I. 506; filed May 17, 2014]

22

23   HEARING re Motion of Energy Future Holdings Corp., et al.,

24   for Entry of an Order Directing Joint Administration of the

25   Debtors' Chapter 11 Cases [D.I. 17; filed April 29, 2014]

1    HEARING re Motion of Energy Future Holdings Corp., et al.,

2    for Entry of Interim and Final Orders Authorizing the

3    Debtors to Pay Certain Prepetition Taxes and Fees [D.I. 23;

4    filed April 29, 2014]

5

6    HEARING re Motion of Energy Future Holdings Corp., et al.,

7    for Entry of Interim and Final Orders (A) Authorizing the

8    Debtors to (I) Pay Certain Prepetition Compensation and

9    Reimbursable Employee Expenses, (II) Pay and Honor Employee

10   and Retiree Medical and Similar Benefits, and (III) Continue

11   Employee and Retiree Benefit Programs, and (B) Modifying the

12   Automatic Stay [D.I. 25; filed April 29, 2014]

13

14   HEARING re Motion of Energy Future Holdings Corp., et al.,

15   for Entry of Interim and Final Orders Determining Adequate

16   Assurance of Payment for Future Utility Services [D.I. 26;

17   filed April 29, 2014]

18

19   HEARING re HEARING re Motion of Energy Future Holdings

20   Corp., et al., for Entry of Interim and Final Orders

21   Authorizing the Debtors to Pay Prepetition Critical Vendor

22   Claims [D.I. 29; filed April 29, 2014]

23

24   HEARING re Motion of Energy Future Holdings Corp., et al.,

25   for Entry of (A) an Order Authorizing the Debtors to (I)

1    maintain and Administer Customer Programs and Customer

2    Agreements, (II) Honor Prepetition Obligations Related

3    Thereto, (III) Pay Certain Expenses on Behalf of Certain

4    Organizations, (IV) Fix the Deadline to File Proofs of Claim

5    for Certain Customer Claims, and (V) Establish Procedures

6    for Notifying Customers of Commencement of the Debtors'

7    Chapter 11 Cases, Assumption of Customer Agreements, and the

8    Bar Date for Customer Claims and (B) an Order Authorizing

9    Certain of the Debtors to Assume the Customer Agreements

10   [D.I. 31; filed April 29, 2014]

11

12   HEARING re Motion of Energy Future Holdings Corp., et al.,

13   for Entry of an Order (A) Authorizing the Debtors to (I)

14   Continue Using Their Existing Cash Management System, (II)

15   Maintain Existing Bank Accounts and Business Forms, and

16   (III) Continue Using Certain Investment Accounts; (B)

17   Authorizing Continued Intercompany Transactions and Netting

18   of Intercompany Claims; and (C) Granting Postpetition

19   Intercompany Claims Administrative Expense Priority [D.I.

20   37; filed April 29, 2014]

21

22   HEARING re Motion of Energy Future Holdings Corp., et al.,

23   for Entry of (A) an Order Authorizing Certain of the Debtors

24   to Pay Certain Prepetition Transition Charges and Delivery

25   Charges and (B) an Order Authorizing Certain of the Debtors

1   to assume Transmission and Distribution Service Agreements

2   [D.I. 38; filed April 29, 2014]

3

4   HEARING re Motion of Energy Future Holdings Corp., et al.,

5   for Entry of an Order Authorizing Certain of the Debtors to

6   Assume Standard Form Market Participant Agreements with

7   ERCOT [D.I. 40; filed April 29, 2014]

8

9   HEARING re Motion of Energy Future Holdings Corp., et al.,

10  for Entry of Interim and Final Order Authorizing the Debtors

11  to (A) Continue Performing Under Prepetition Hedging and

12  Trading Arrangements, (B) Pledge Collateral and Honor

13  Obligations Thereunder, and (C) Enter into and Perform Under

14  Trading Continuation Agreements and New Postpetition Hedging

15  and Trading Arrangements [D.I. 41; filed April 29, 2104]

16

17  HEARING re Motion of Texas Competitive Electric Holding

18  Company LLC and Certain of its Debtor Affiliates for Entry

19  of Interim and Final Orders (A) Authorizing Use of Cash

20  Collateral, (B) Granting Adequate Protection (C) Modifying

21  the Automatic Stay, and (D) Scheduling a Final Hearing [D.I.

22  71; filed April 29, 2014]

23

24  HEARING re Motion of Texas Competitive Electric Holdings

25  Company LLC and Certain of its Debtor Affiliates, for Entry

1   of Interim and Final Orders (A) Approving Postpetition

2   Financing, (B) Granting Liens and Providing Superpriority

3   Administrative Expense Claims, (C) Modifying the Automatic

4   Stay, and (D) Scheduling a Final Hearing [D.I. 73; filed

5   April 29, 2014]

6

7   HEARING re Motion of Energy Future Intermediate Holding

8   Company LLC and EFIH Finance, Inc. for Entry of (I) and

9   Interim order (A) Approving Certain Fees Related to

10  Postpetition Financing and Granting Such fees Administrative

11  Expense Priority and (B) Scheduling a Final hearing; and

12  (II) a Final Order (A) Approving Postpetition Financing, (B)

13  Granting Liens and Providing Superpriority Administrative

14  Expense Claims, (C) Authorizing the Use of Cash Collateral,

15  (D) Authorizing the EFIH First Lien Refinancing, (E)

16  Authorizing Issuance of Roll-Up Debt to the Extent

17  Authorized by the Settlement Motion, (F) Determining the

18  Value of Secured Claims, and (G) Modifying the Automatic

19  Stay [D.I. 74; filed April 29, 2014]

20

21  HEARING re Motion of Energy Future Holdings Corp., et al.,

22  for Entry of an Order Extending the Debtors' Time to File

23  Schedules of Assets and Liabilities, Schedules of Current

24  Income and Expenditures, Schedules of Executory Contracts

25  and Unexpired leases, and Statement of Financial Affairs

Page 8

1    [D.I. 466; filed May 15, 2014]

2

3    HEARING re Motion of Energy Future Holdings Corp., et al.,

4    for Entry of Order Approving Certain EFIH Settlements and

5    the Oncor TSA Amendment [D.I. 472; filed May 15, 2014]

6

7    HEARING re Motion of Wilmington Savings Fund Society, FSB

8    for Leave to Conduct Discovery Pursuant to Rule 2004 of the

9    Federal Rules of Bankruptcy Procedure of Energy Future

10   Holdings Corporation, its Affiliates, and Certain Third

11   Parties (the "2004 Motion")[D.I. 6; filed April 29, 2014]

12

13   HEARING re Letter to the Honorable Christopher S. Sontchi

14   from Edward s. Weisfelner (Redacted)[D.I. 698; filed June 2,

15   2014]

16

17

18

19

20

21

22

23

24   Transcribed by:  Jamie Gallagher, Dawn South, Nicole Yawn,

25   Melissa Looney, Sheila Orms, and Sherri Breach

1    don't think is discriminatory.  I don't think that the

2    differential treatment for the funding fees, et cetera is in

3    any way discriminatory because it's supported by separate

4    consideration.

5             I don't find the favored nations clause to be

6    particularly troubling in connection with this -- with this

7    specific settlement.  I'm going to expressly reserve the

8    right to think about that again in the context of the second

9    lien settlement where there are some different allegations.

10   But here I don't see that -- this as a problem.

11            And, you know, at the end of day, look, if you

12   lean on the make-hole in September you -- you're making --

13   you know, you could say you're making all these people that

14   settled look like idiots because you got a much better

15   recovery.  People make decisions.  They make decisions based

16   on their understanding, their risk, willingness, et cetera.

17            And I haven't heard anything about discrimination

18   or about any kind of unsupported activity that would make me

19   look at this settlement as anything other than under the

20   normal reasonable exercise of business judgment, lowest

21   range of reasonableness which I think is -- personally I

22   think is too low.  I think about it in the concept of

23   exercise of business judgment.  The record clearly supports

24   that this was a reasonable exercise of the debtors' business

25   judgment.