# EXHIBIT 21

**Page 1**

1  UNITED STATES BANKRUPTCY COURT
2  DISTRICT OF DELAWARE
3  In re:                              :
4                                      :   Chapter 11
5  ENERGY FUTURE HOLDINGS              :
6  CORP., et al.,                      :   Case No. 14-10979(CSS)
7                                      :
8         debtors.                     :   (Joint Administration
9  _____:          Requested)
10
11
12
13                                United States Bankruptcy Court
14                                824 North Market Street
15                                Wilmington, Delaware
16
17                                October 28, 2015
18                                11:04 AM - 3:48 PM
19
20
21  B E F O R E :
22  HON CHRISTOPHER S. SONTCHI
23  U.S. BANKRUPTCY JUDGE
24
25  ECR OPERATOR:  LESLIE MURIN

Page 2

1  HEARING re Fifth Amended Joint Plan of Reorganization of
2  Energy Future Holdings Corp., et al., Pursuant to Chapter 11
3  of the Bankruptcy Code [D.I.; filed September 21, 2015]
4
5  HEARING re EFIH Debtors' Partial Objection to Proof of Claim
6  No. 6347 Filed by the Indenture Trustee for the EFIH
7  Unsecured Notes [D.I. 4964; filed July 9, 2015]
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25 Transcribed by:  Sonya Ledanski Hyde

1  the debtors and wait in case. They were in that process.
2           With respect to due diligence and whether we
3  should have challenged or filed our own challenge. As Your
4  Honor said before, what party thinks doesn't matter. We
5  didn't file a challenge. That's the bottom line. If Mr.
6  Shore thinks that's relevant, he can make that argument. We
7  don't think it's relevant, but he can make that argument.
8  What the process was for deciding not to bring a challenge
9  is irrelevant.
10          With respect to Mr. Shore asking if we due
11 diligence to claims and if we were going to do a litigation
12 budget for them. We are not challenging the sufficiency of
13 the settlement. We never were, and we're not doing it now.
14 We're not saying more should have come in.
15          All we're saying is that our claims that belong to
16 TCEH, that whatever they were worth, they were settled. And
17 when those claims were settled, we were shut entirely out of
18 the distribution. We did zero recovery from the waiver of
19 the TCEH first lien deficiency claim, which was declared pro
20 quo for waiving all the T Side claims against the first lien
21 creditors.
22          But we're not challenging the debtor's decision to
23 settle them. All we're saying is that we have a right as a
24 creditor of TCEH to share in whatever that distribution is.
25 That's a legal issue. It's not a factual issue. It doesn't