# **DX 644**

# **EFH00030576**

Confidential - Subject to CA
Mike Kunkel

<u>Execution Copy</u>

## PROMISSORY NOTE

FOR VALUE RECEIVED, Energy Future Holdings Corp., a Texas corporation, (collectively with its successors and assigns, the "<u>Maker</u>") promises to pay, on demand, to the order of TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY, a Delaware limited liability company (collectively with its successors and assigns as holder of this Note, the "<u>Payee</u>"), an amount equal to the principal amount agreed upon by Maker and Payee from time to time (such amount not to exceed TWO BILLION DOLLARS ($2,000,000,000) outstanding at any one time) and set forth (as of the most recent date) on Schedule I attached hereto, together with interest thereon at the interest rate herein described, and otherwise in strict accordance with the terms and provisions hereof.

1.  <u>Payments.</u>  All payments under this Note shall be made in immediately available funds in lawful money of the United States of America which at the time shall be legal tender for the payment of all debts, public and private.

2.  <u>Interest.</u>  Interest shall accrue on the unpaid daily principal balance hereof on a monthly basis (i.e. from, and including, the first day of such month to, and including, the last day of such month) at a rate equal to one-month LIBOR (as reasonably determined by Maker on the first business day of each month) plus five hundred (500) basis points. Interest shall be calculated on the basis of a three hundred sixty (360) day year for the actual days elapsed. Unless otherwise agreed to by Maker and Payee, interest shall be paid on the last calendar day of each month; provided, however, if such day is not a business day, then such interest shall be paid, without penalty, on the first business day of the next succeeding month.

3.  <u>Interest Computation.</u>  At no time shall the interest rate on indebtedness evidenced by this Note exceed the maximum lawful rate of interest which may be contracted for, charged, taken, reserved or received by Payee in accordance with the applicable laws of the State of Texas (or applicable United States federal law to the extent that such law permits the Payee to contract for, charge, take, reserve or receive a greater amount than under Texas law), taking into account all charges made in connection with the transactions evidenced by this Note ("<u>Maximum Lawful Rate</u>").

4.  <u>Optional Prepayment.</u>  Maker may prepay at any time in whole, or from time to time in part, at its option, amounts due under this Note without premium or penalty.

5.  <u>Mandatory Prepayment.</u>  Maker agrees to repay amounts due under this Note without premium or penalty as contemplated in, and to the extent required by, the last two paragraphs of Section 10.6 of that certain Credit Agreement, dated as of October

1

Confidential - Subject to CA
Mike Kunkel

Highly Confidential

EFH00030576

10, 2007 (as amended from time to time, the "Credit Agreement"), among Payee, the several lenders named therein and Citibank N.A., as Administrative Agent.

6. **Default Interest Rate.** If the unpaid principal balance of any advance made hereunder is not paid on demand, such matured unpaid principal balance shall thereafter bear interest at the Maximum Lawful Rate. After maturity, interest shall be computed on the basis of a three hundred sixty-five (365) day year.

7. **Waivers.** MAKER AND ANY ENDORSERS OR GUARANTORS SEVERALLY WAIVE AND RELINQUISH PRESENTMENT FOR PAYMENT, NOTE OF NONPAYMENT OR NONPERFORMANCE, PROTEST, NOTICE OF PROTEST, NOTICE OF INTENT TO ACCELERATE, NOTICE OF ACCELERATION OR ANY OTHER NOTICES OR ANY OTHER ACTION.

8. **Guarantors.** Each of Energy Future Competitive Holdings Company and Energy Future Intermediate Holding Company LLC (each, a "Guarantor," and together, the "Guarantors") hereby, jointly and severally, fully and unconditionally guarantees all payment obligations of Maker hereunder. Each Guarantor agrees that this is a guarantee of payment and not a guarantee of collection. Each Guarantor hereby waives diligence, presentment, demand of payment, filing of claims with a court in the event of insolvency or bankruptcy of the Maker, any right to require a proceeding first against the Maker, protest, notice and all demands whatsoever and covenants that its guarantee shall not be discharged except by complete performance of the obligations contained hereunder. If Payee is required by any court or otherwise to return to the Maker, the Guarantors or any custodian, trustee, liquidator or other similar official acting in relation to either the Maker or the Guarantors, any amount paid to the Payee, each Guarantor agrees that its guarantee, to the extent theretofore discharged, shall be reinstated in full force and effect. Each Guarantor agrees that it shall not be entitled to any right of subrogation in relation to the Payee in respect of any obligations guaranteed hereby until payment in full of all obligations guaranteed hereby. Each payment to be made by a Guarantor in respect of its guarantee shall be made without set-off, counterclaim, reduction or diminution of any kind or nature.

9. **Special Covenant.** Maker hereby covenants and agrees that the sum of (without duplication) (A) the aggregate amount of outstanding senior secured indebtedness (including guarantees) of Maker and any subsidiary of Maker, including Energy Future Intermediate Holdings Company LLC ("EFIH"), that is secured on a second priority basis by the equity interests that EFIH owns in Oncor Electric Delivery Holdings Company LLC or any successor thereto (such indebtedness, "EFIH Second Priority Debt") plus (B) the aggregate amount of outstanding Parent Loans (as such term is defined in the Credit Agreement), shall not exceed, at any time, the maximum amount of EFIH Second Priority Debt permitted by the EFH 10% Indenture (as defined in the Credit Agreement), as such indenture is in effect on the Amendment No. 2 Effective Date (as defined in the Credit Agreement).

Highly Confidential

EFH00030577

10.  Set-off.  At any time, in addition to any rights and remedies of the Payee provided by the applicable laws of the State of Texas, Payee shall have the right, upon prior notice to Maker, upon any amount becoming due and payable by Maker hereunder to set-off and appropriate and apply against such amount any and all loans or similar extensions of credit made by Maker to Payee, in each case whether direct or indirect, absolute or contingent, matured or unmatured, at any time held or owing by Payee to or for the credit or the account of Maker.

11.  Usury Savings.  It is expressly stipulated and agreed to be the intent of Maker and Payee at all times to comply strictly with the applicable Texas law governing the maximum rate or amount of interest payable on the indebtedness evidenced by this Note (or applicable United States federal law to the extent that such law permits the Payee to contract for, charge, take, reserve or receive a greater amount than under Texas law). If any amount (i) contracted for, charged, taken, reserved or received pursuant to this Note, or any other communication or writing between Maker and Payee, (ii) contracted for, charged or taken, reserved or received by reason of Payee's demand of payment, or (iii) Maker will have paid or Payee will have received by reason of a voluntary prepayment of indebtedness evidenced by this Note, is ever judiciously interpreted to be usurious, then it is Maker's and Payee's express intent that all amounts charged in excel of the Maximum Lawful Rate shall be automatically cancelled, ab initio, and all amounts in excess of the Maximum Lawful Rate theretofore collected by Payee shall be credited on the principal balance of this Note owed by Maker (or if such amounts have been paid in full, refunded to Maker).

12.  Governing Law.  This Note shall be governed by and construed in accordance with the laws of the State of Texas.

13.  Authorization.  Maker represents and warrants to Payee that its execution and delivery of this Note and performance of the terms of this Note have been duly authorized by the board of directors of Maker and that this Note constitutes the legal, valid, binding and enforceable agreement of Maker.

14.  Headings.  Headings appearing in this Note are only for convenience of the parties and shall not be used in interpreting any provisions of this Note.

[remainder of page intentionally left blank]

3

Highly Confidential
EFH00030578

Confidential - Subject to CA
Mike Kunkel

IN WITNESS WHEREOF, the undersigned has hereunto set its hand effective as of April 7, 2011.

ENERGY FUTURE HOLDINGS CORP., as Maker

By: _____
Name: Anthony Horton
Title:  Treasurer


ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY, as Guarantor

By: _____
Name: Anthony Horton
Title:  Treasurer


ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC, as Guarantor

By: _____
Name: Anthony Horton
Title:  Treasurer


ACKNOWLEDGED AND AGREED:

TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY

By: _____
Name: Anthony Horton
Title:  Treasurer


[Signature Page to P&I Promissory Note]

Confidential - Subject to CA
Mike Kunkel

Highly Confidential                                                              EFH00030579