

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

**Richard C. Pedone**
*Partner*
T 617-345-1305
rpedone@nixonpeabody.com

100 Summer Street
Boston, MA  02110-2131
617-345-1000

November 2, 2015

*Via Electronic Filing*

The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

> **Re:** **In re Energy Future Holdings Corporation, et al., Case No. 14-10979**
> **EFH Indenture Trustee's Request for Court Conference to Address Certain**
> **Trial Management Issues Related to Timing of Introduction of Evidence**
> **Regarding Potential Entitlement to Postpetition Interest**

Dear Judge Sontchi:

We serve as counsel to the EFH Indenture Trustee[1] and we write to the Court requesting a conference to address when the parties should expect to present evidence and arguments regarding the equitable considerations affecting their requests for postpetition interest (and potentially other claims) that are implicated by the reasoning in the Court's October 30, 2015 *Memorandum Opinion* [Docket No. 6782].[2]

The EFH Indenture Trustee respectfully seeks guidance from the Court on whether or not evidence and arguments as to equitable considerations such as EFH Corp.'s solvency are to be (i) an aspect of Phase I Confirmation Proceedings, (ii) submitted as part of the imminent "separate proceedings" reserved for the "merits and amounts" of the EFH Indenture Trustee's makewhole claims, postpetition contract-rate interests claims and fees and expenses, or (iii) submitted and considered as part of a further, additional proceeding.

---

[1]    The EFH Indenture Trustee is American Stock Transfer & Trust Company, LLC ("AST"), as successor trustee to The Bank of New York Mellon Trust Company, N.A. under the indentures for certain notes (the "EFH Notes", and the holders thereof, the "EFH Noteholders") issued by Energy Future Holdings Corp. ("EFH Corp.").

[2]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 6122] (the "Plan").

4852-5453-9818.2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

**I.     Need for Clarification on Schedule For Trying Equitable Aspects Of Postpetition Interest Entitlement Pursuant to Claims and/or Plan (and Potentially Other Claims) In Light Of The Court's <u>October 30, 2015 Memorandum Opinion</u>**

As the Court is aware, in the Plan and the three EFH Notes Claims Objections,[3] the Debtors have objected to three categories of claims asserted by the EFH Indenture Trustee: (i) makewhole amounts, (ii) postpetition interest at the contract rate, and (iii) fees and expenses of the EFH Indenture Trustee and its advisors.  On October 14, 2015 the Debtors filed the Legacy Notes Objection and set the hearing on that objection for November 25, 2015.[4]  On October 23, 2015, the Debtors filed objections to the EFH LBO Notes claims and EFH Unexchanged Notes claims and set a hearing on those objections for November 25, 2015 as well.

Following the final pretrial conference held on October 28, 2015, the Court entered the *Joint Stipulated Final Pre-Trial Order* [Docket No. 6748] (the "<u>Pre-Trial Order</u>") which, in part, provided that the merits and amounts of those claims would be tried in a separate proceeding, but that certain matters relating to such claims could nonetheless be tried as part of the Phase I confirmation trial.  In particular, paragraph 2 of the Pre-Trial Order provided:

> 2. The Confirmation Proceedings will not address issues relating to merits or amounts of any makewhole claims, postpetition contract interest claims, fee and expense claims, or certain other amounts allegedly due on the EFH or EFIH notes (provided, however, that nothing herein shall preclude any Participating Party from introducing evidence regarding: (i) the feasibility of the Plan, including regarding the ability of any successor to EFH or EFIH to satisfy any such claims after the Effective Date; (ii) whether the Plan provides for the payment in full of all such claims or amounts to the extent allowed, whether before or after the Effective Date; and/or (iii) whether the Plan otherwise alters the claimants' rights with respect to such claims).  Whether the makewhole, post-petition interest, or fee and expense claims are allowed or

---

[3]     "<u>EFH Notes Claims Objections</u>" shall mean, collectively, the (i) *Objection of EFH Corp. to Proofs of Claim 6524-6733, 7477, 7478 and 7479 filed by American Stock Transfer and Trust Co., LLC as Indenture Trustee for EFH Legacy Notes* [Docket No. 6463] (the "<u>Legacy Notes Objection</u>"), (ii) *Objection of Energy Future Holdings Corp., et al., to Proofs of Claim 7475, 7480, 7481, and 6874-6943 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH LBO Notes* [Docket No. 6596] (the "<u>LBO Notes Objection</u>"), and (iii) *Objection of Energy Future Holdings Corp., et al., to Proofs of Claim 7476, 7482, and 6734-6873 Filed By American Stock Transfer & Trust Co. As Indenture Trustee for the EFH Unexchanged Notes* [Docket No. 6599] (the "<u>Unexchanged Notes Objection</u>").

[4]     Counsel for the EFH Indenture Trustee and counsel for the Debtors had a preliminary "meet and confer" on November 1, 2015 regarding certain discovery and scheduling issues related to the EFH Notes Claim Objections and Phase II of the confirmation trial currently scheduled for November 30th.  While many issues are still in flux, and under discussion, counsel agreed that the November 25, 2015(Thanksgiving eve) hearing date should be moved to a later date.

4852-5453-9818.2

The Honorable Christopher S. Sontchi
November 2, 2015
Page 3

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

> disallowed, including all issues raised in the *EFH Legacy Series
> Q/R Trustee's Motion for Partial Summary Judgment: (I) In
> Response to Objection to Makewhole Claims; And (II) Regarding
> Condition Precedent 9 to Effectiveness of Plan* [D.I. 6386], and the
> expert report of Jack Williams, will be resolved in separate
> proceedings.

One fair interpretation, as of the issuance of the Pretrial Order, of the procedural posture of the disputed EFH Indenture Trustee's claims, including for postpetition contract-rate-interest and makewholes, was that the merits and amounts of those claims would be adjudicated as a matter of the "separate proceeding" to resolve the claims objections that was initially set for November 25, 2015, although that date is under discussion. However, the Court's October 30, 2015 *Memorandum Opinion* may well have altered that. In particular, and without attempting to exhaustively summarize the Court's decision, it appears that postpetition interest (under that decision) is not to be analyzed as a component of an allowed claim, but rather may be awarded as an aspect of the Court's review of a plan for approval under section 1129(2)(b) as fair and equitable as well as in determining whether a claim is unimpaired. Among other things, the Court ruled:

> In any event, this Court holds that the plain meaning of section 1129(b)(2) does <u>not</u> require payment to unsecured creditors of post-petition interest when a junior class is receiving a distribution for a plan to be fair and equitable. Rather, the Court has the discretion to exercise its equitable power to require, among other things, the payment of post-petition interest. The rate of interest may be the contract rate or such other rate as the Court deems appropriate. [footnote omitted]. <u>Exercise of the Court's discretion to award interest will vary on a case by case basis and must be based on an evidentiary record</u>.

Memorandum Opinion at 17 (second emphasis added). Furthermore:

> But the plan must allow for the PIK Noteholders to be awarded post-petition interest at an appropriate rate under equitable principles. In effect, the Court holds that the fair and equitable test as applied to unsecured creditors in solvent debtor cases, see p. 17, supra, must also be met in solvent debtor cases for such creditors <u>to be unimpaired</u>. As with the fair and equitable test, the rate of interest may be the contract rate or such other rate as the Court deems appropriate. [footnote omitted]. <u>Whether such interest would be awarded and at what rate in this case cannot be determined at this time</u> . . .

*Id*. at 28 (emphasis added). Finally, "in order for the PIK Noteholders to be unimpaired the plan must provide that the Court may award post-petition interest at an appropriate rate if it determines to do so under its equitable power." *Id*. at 29.

The Court's October 30, 2015 ruling thus highlights the need for an "evidentiary record" upon which the Court may base an exercise of discretion, as a matter of equity. It also points to

4852-5453-9818.2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

required elements necessary for plan confirmation (fair and equitable, unimpairment) as the statutory grounds for that determination.

One interpretation of the procedural posture for a claim of contract-rate postpetition interest, then, is that the Debtors have a burden during Phase I to present evidence and arguments to support that payment at less than contract rate is fair and equitable and leaves the claimant-creditors unimpaired.  Such evidence and arguments bearing on the Court's equitable ruling would be part of the Phase I plan approval hearing, and would not be part of the "separate proceedings" regarding the merits and amounts of the claims mentioned in paragraph 2 of the Final Pre-Trial Order.

Another possible interpretation, however, might be that the Court does not expect the parties to introduce evidence and argue the equitable aspects at this time, but rather will entertain a further additional "separate proceeding" to address those aspects.

There may be other interpretations as well.  <u>The EFH Indenture Trustee seeks guidance from the court in order to minimize confusion and avoid the possibility of prejudice</u>.  In addition, because of the particular reasoning of the Court's October 30, 2015 *Memorandum Opinion*, it is plausible, although far from certain, that many of the same equitable concerns might affect other claims (including makewholes) as well.  To the extent that the line of solvent debtor cases may be viewed as finding support in the "fair and equitable" standard for approving plans, for example, similar equitable considerations – and the timing and procedures for presenting a record supporting any necessary equitable rulings – may be implicated.

The timing and procedural issues regarding potential equitable rulings are particularly sharp in light of the potential issue of the solvency of EFH Corp.  In the Legacy Notes Objection, the Debtors objected to allowance of certain claims on the grounds that EFH Corp. is insolvent.  Specifically, the Debtors stated that:

- "[T]he Debtors' proposed plan of reorganization does not provide for any distribution on account of equity interests in EFH Corp. **EFH Corp. therefore is not solvent within the meaning of the solvent-debtor exception**."  *See* Legacy Notes Objection, at 3 (emphasis added).

- "Here, shareholders of EFH Corp. will not receive any distribution under the Plan. **EFH Corp. therefore is not solvent** for the purposes of this exception because the implied chapter 7 "waterfall" under section 726(a) for distribution of value would never reach equity."  *Id.* at ¶ 45 (emphasis added).

However, in the subsequently filed LBO Notes Objection and Unexchanged Notes Objection, the Debtors make <u>no</u> assertion that EFH Corp. is insolvent.  This discrepancy and the implications the Debtors' position raises for the scope of the hearing(s) on the EFH Note Claims Objections were one of the topics discussed, but not resolved, during the November 1 "meet and confer."

4852-5453-9818.2

The Honorable Christopher S. Sontchi
November 2, 2015
Page 5

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

As the Court is well aware, many cases recognize that postpetition interest is appropriate to award, and indeed at contract rates, in solvent debtor cases; and the same reasoning is often applied to makewhole claims (assuming the contract language is consistent with awarding a makewhole).  Whether this is taken as a general rule, or ought to be analyzed as a guideline in determining what is equitable, EFH Corp.'s solvency or insolvency (if it is indeed contested by EFH Corp.) may have a substantial bearing.

Again, the EFH Indenture Trustee respectfully seeks the Court's guidance on whether or not evidence and arguments as to EFH Corp.'s solvency (including the potential equitable implications) are to be an aspect of Phase I Confirmation Proceedings, or submitted as part of the imminent "separate proceedings" reserved for the "merits and amounts" of the EFH Indenture Trustee's makewhole claims, postpetition contract-rate interests claims and fee and expense claims as mentioned in paragraph 2 of the Pre-Trial Order, or perhaps to be submitted and considered as part of a further, additional proceeding.

Accordingly, the EFH Indenture Trustee requests a conference with the Court so that the parties can address the schedule for submission of evidence and arguments regarding equitable issues regarding postpetition contract-rate interest and potentially other claims – including potentially evidence regarding solvency of EFH Corp.– in light of the Court's October 30, 2015 *Memorandum Opinion*.

Sincerely,

*/s/ Richard C. Pedone*

Richard C. Pedone
Partner

cc:     Erica Goodstein

4852-5453-9818.2