1  UNITED STATES BANKRUPTCY COURT

2  DISTRICT OF DELAWARE

3

4

5  In re:                          :

6                                  :   Chapter 11

7  ENERGY FUTURE HOLDINGS          :

8  CORP., et al.,                  :   Case No. 14-10979(CSS)

9                                  :

10         Debtors.                :   (Jointly Administered)

11  _____:

12

13                                  United States Bankruptcy Court

14                                  824 North Market Street

15                                  Wilmington, Delaware

16                                  October 30, 2015

17                                  3:05 PM - 3:18 PM

18

19

20  B E F O R E :

21  HON CHRISTOPHER S. SONTCHI

22  U.S. BANKRUPTCY JUDGE

23

24

25  ECRO OPERATOR:  LESLIE MURIN

1  HEARING re HEARING re Amended Notice of Settlement of EFIH
2  PIK note Claims with Certain EFIH PIK Noteholders [D.I.
3  6699; filed October 27, 2015]
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  Transcribed by:  Sonya Ledanski Hyde

```
 1   A P P E A R A N C E S :

 2

 3   PAUL WEISS RIFKIND WHARTON & GARRISON LLP

 4        Counsel To Ad Hoc Committee Of TCEJ First Liens

 5

 6   BY:  JACOB A. ADLERSTEIN

 7

 8   YOUNG CONAWAY

 9        Counsel to Ad Hoc Group of TCEH Unsecured Noteholders

10

11   BY:  RYAN BARTLEY

12

13   FOX ROTHSCHILD

14            Attorney for Counsel to Ad Hoc Group of

15            TCEH Unsecured Noteholders

16

17   BY:  JOHN BIRD

18

19   GELLERT SCALI BUSENKELL & BROWN, LLC

20        Attorney for York Capital

21

22   BY:  MICHAEL BUSENKELL

23

24

25
```

```
 1   RICHARDS, LAYTON & FINGER, P.A.
 2        Co-Counsel to the Debtors
 3
 4   BY:  DANIEL DEFRANCHESCHI
 5
 6   SULLIVAN & CROMWELL, LLP C
 7        Co-Counsel to the EFH Creditors' Committee
 8
 9   BY:  ANDREW DIETDERICH
10
11   MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
12        Co-Counsel to the EFH Creditors' Committee
13
14   BY:  MARK A. FINK
15        SIDNEY LIEBERMAN
16
17   MORRISON & FOERSTER
18        Attorneys for T-side Committee
19
20   BY:  DANIEL J. HARRIS
21
22   FOLEY & LARDNER LLP
23        Attorney for UMB Bank, NA as Indenture Trustee
24
25   BY:  MARK F. HEBBEIN
```

1  KIRKLAND & ELLIS, LLP
2        Co-Counsel to the Debtors
3
4  BY:  CHAD J. HUSNICK
5
6  PACHULSKI STANG ZIEL & JONES
7        Attorney for Second Lien Indenture Trustee
8
9  BY:  LAURA DAVIS JONES
10
11 O'KELLY, ERNST & BIELLI LLP
12       Co-Counsel to Energy Future Holdings Corp.
13
14 BY:  DAVID KLAUDER
15
16 RICHARDS, LAYTON & FINGER, P.A.
17       Co-Counsel to the Debtors
18
19 BY:  JASON M. MADRON
20
21 MCELROY, DEUTSCH, MUVANEY, & CARPENTER, LLP
22       Co-Counsel to the TCEH Debtors
23
24 BY:  DAVID PRIMACK
25

```
 1   KRAMER LEVIN
 2        Second Lien Indenture Trustee
 3
 4   BY:  RACHAEL RINGER
 5
 6   WHITE & CASE
 7        Attorney for Ad Hoc TCEH Unsecured Noteholders
 8
 9   BY:  J. CHRISTOPHER SHORE
10
11   KAYE SCHOLER
12        Attorney for York Capital
13
14   BY:  SCOTT TALMADGE
15
16   POLSINELLI
17        Attorney for T Committee
18
19   BY:  JARRETT VINE
20
21   APPEARING TELEPHONICALLY:
22   PHIL ANKER
23   ASHLEY F. BARTRAM
24   LAUREN BITZIN
25   STEPHEN J. BLAUNER
```

```
 1   SEAN M. BRENNECKE
 2   PEG A. BRICKLEY
 3   CHRISTOPHER L. CARTER
 4   MARK A. CODY
 5   KENT COLLIER
 6   LOUIS A. CURCIO
 7   STACEY DORE
 8   DAVID M. DUNN
 9   JAMIE EDMONSON
10   BENJHAMIN D. FEDER
11   MARK FLANNAGAN
12   BRIAN GLUECKSTEIN
13   SETH GOLDMAN
14   TODD M. GOREN
15   ISLEY M. GOSLIN
16   XIAOYU GU
17   BRIAN GUINEY
18   CHRISTOPHER HAHM
19   PATRICK HOLOHAN
20   GREGORY HOROWITZ
21   MATTHEW W. KINSKEY
22   CHARLES KOSTER
23   STUART KOVENSKY
24   VINCENT LAZAR
25   CATHERINE LO TEMPIO
```

```
 1   JONATHAN D. MARSHALL
 2   LUCKEY MCDOWELL
 3   BRIAN MORGAN
 4   HAL F. MORRIS
 5   MEREDITH S. PARKINSON
 6   RICHARD PEDONE
 7   LARS A PETERSON
 8   MEREDITH PFISTER
 9   LARRY A. RAPPAPORT
10   ELIZABETH RASSKAZOVA
11   MARC B. ROITMAN
12   MATTHEW ROOSE
13   JEFFREY S. SABIN
14   NED S. SCHODEK
15   GREGORY TAYLOR
16   ANDREW M. THAU
17   MARK K. THOMAS
18   AMER TIWANA
19   MICHAEL TURKEL
20   MATTHEW UNDERWOOD
21   KEVIN M. VAN DAM
22   THOMAS WALPER
23   JULIA M. WINTERS
24   APARNA YENAMANDRA
25   PETER YOUNG
```

1                P R O C E E D I N G S
2            THE COURT:  Mr. Husnick, good morning -- or good
3    afternoon.
4            MR. HUSNICK:  Good afternoon, Your Honor, and
5    apologies for being a couple minutes late.
6            THE COURT:  Of course.  That's fine.
7            MR. HUSNICK:  Your Honor, Chad Husnick from
8    Kirkland & Ellis, counsel to the debtors.  Your Honor, we're
9    here today on the EFIH PIK noteholders settlement as well as
10   I believe Your Honor has some hemming rulings on certain
11   issues related to the EFIH PIK noteholders.
12           Your Honor, if I may, I'll give a brief update on
13   where we're at on the discussions and then talk about where
14   we want to go from here.
15           THE COURT:  Okay.
16           MR. HUSNICK:  Your Honor, when we were here on
17   Tuesday and we informed the Court that we have not reached
18   resolution yet with the EFIH indenture trustee in the
19   discussions that we were having with them regarding the
20   direction that had been issued in connection with the
21   settlement agreement.  Your Honor, as you may know, there
22   was a condition subsequent to the settlement agreement that
23   the indenture trustee, that is, the EFIH PIK indenture
24   trustee, honor the direction that's given to it by the
25   majority of the EFIH PIK noteholders to, among other things,

```
 1    stand down on litigating post-petition interest and the
 2    confirmation issues.
 3             The debtors continue to work with the settling
 4    EFIH PIK noteholders and the indenture trustee to try and
 5    facilitate a deal where the indenture trustee would accept
 6    that direction.  As of this moment, Your Honor, the EFIH
 7    indenture trustee and the plan sponsors have not been able
 8    to reach agreement on the terms of the direction and at this
 9    point, therefore, the debtors are not prepared to move
10    forward with the settlement agreement.  That does not mean
11    that the debtors are trying to -- or taking the position
12    that the settlement agreement can never go forward.
13    Instead, we'd ask that Your Honor put the settlement
14    agreement over to Tuesday to allow the EFIH PIK indenture
15    trustee and the plan sponsors to continue their discussions
16    in the hope that they can reach agreement on the terms of
17    the direction so that condition subsequent can be satisfied
18    as set forth in the agreement.
19             All that said, Your Honor, the debtors -- and I
20    believe all the parties in the courtroom here today are
21    amenable to adjourning the hearing as to the settlement but
22    would like Your Honor to go ahead, if you're willing and
23    ready, to rule on the EFIH PIK issues that have been put
24    forward to Your Honor, including the post-petition interest
25    issue.
```

1            THE COURT:  Okay.

2            MR. HUSNICK:  Unless you have any other questions,

3    that's the update.

4            THE COURT:  Are the conversations that are going

5    on between the plan sponsors and the indenture trustee, and

6    I assume the debtors, you're talking about honoring the

7    direction -- are there discussions that are going on that

8    deal with some of the other issues that the trustee raised

9    in its objection, such as modification of the indenture,

10   preservation of the rights of the minority holders, etc.?

11           MR. HUSNICK:  Your Honor, I believe that those are

12   all terms that are the subject of the discussions that are

13   ongoing.  And I believe any resolution of -- hopefully, any

14   resolution of the direction issues will resolve those

15   subsidiary issues as well.  I'm not sure which direction it

16   will ultimately go but happy to defer to the indenture

17   trustee if I got that wrong.  But I think that's...

18           THE COURT:  Okay, thank you, Mr. Husnick.

19           MR. DIZENGOFF:  Good afternoon, Your Honor.  Ira

20   Dizengoff, Akin Gump Strauss Hauer & Feld, on behalf of UMB.

21   What Mr. Husnick said is directionally correct.  We haven't

22   had earnest conversations about how to fix the direction

23   letter.  So they saw our objection, they saw how we marked

24   up the order -- that effectively lays out the problems with

25   the direction.  I think we probably can get to an acceptable

1    one but it's going to require some back and forth.  And, as
2    you know, the indenture trustee is uniquely concerned about
3    the position of minority bondholders if the direction is
4    honored.  So, if we can get past that hurdle then I'm pretty
5    sure we'll get to an acceptable resolution, and then the
6    settlement should go forward without issue.
7              THE COURT:  Okay.
8              MR. DIZENGOFF:  Thank you.
9              MR. TALMADGE:  Good afternoon, Your Honor.  Scott
10   Talmadge from Kaye Scholer on behalf of the minority non-
11   settling holders.  Your Honor, I just found out about all of
12   this as I walked into the courtroom today about what the
13   parties want to do, which directionally I'm okay with.  The
14   issue that I have is we can't go through this machination
15   over the weekend, over the next several days, and Tuesday I
16   find out that -- and I don't think the trustees are going
17   there and I don't think they are -- but we can't be in a
18   position where all of a sudden the minority holders don't
19   have the rights to push forward with the confirmation
20   objections in some form or another.  So we have to have some
21   understanding about what's going to happen with that,
22   otherwise Tuesday is going to come around, the confirmation
23   hearing is going to start, and there may or may not be an
24   objection that's out there for my clients to press.
25             THE COURT:  Well, I think prudence would be to get

1  ready for confirmation on Tuesday.

2         MR. TALMADGE:  I appreciate that but I also need

3  to know that no one's going to jump up and say, "You're too

4  late.  You're out of time." I mean, we can do all of those

5  things and I'm happy to, Your Honor.

6         THE COURT:  Well, we can have that argument.  I'm

7  not going to -- somebody says, "Ignore the minority

8  bondholders on Tuesday because everybody except the minority

9  bondholders agrees" and just say, "That's okay, that's what

10  I'm going to do." You'll have an opportunity to argue why

11  that's inappropriate.  And I read your objection, and I read

12  the trustee's objection.  I don't like to insert myself into

13  negotiations because I don't know all the subtleties.  I

14  would say that I thought that the trustee raised some very

15  important and valid concerns with how it was laid out, and

16  that it's important that they be addressed, those concerns.

17         MR. TALMADGE:  Thank you, Your Honor.

18         THE COURT:  You're welcome.  Mr. Shore?

19         MR. SHORE:  Chris Shore from White & Case on

20  behalf of the ad hoc group of TCEH unsecured notes.  It is a

21  complicated situation and not all parties are aligned at all

22  in resolving it.  And Mr. Husnick said that the discussions

23  are between the indenture trustee and the plan sponsors --

24  well, that's not exactly right.  There are certain issues

25  that go between the settling PIK noteholders and their

1   trustee, and those relate, for example, to what happens with
2   the charging lien.  Are you going to accept my instruction?
3   I don't want to be in a position where what ends up
4   happening is you don't take my instruction, there's an
5   adverse ruling, and now the debtors are terminating.  Those
6   are all issues that are going to take place between the
7   indenture trustee, the minority PIK noteholders, and the
8   majority PIK noteholders over what happens.  I'm speaking on
9   behalf of the plan sponsors, the unsecured noteholders who
10  are going to be funding all of this.  We clearly feel a
11  moral obligation to the deal.  We settled with people and in
12  order to get any kind of settlements done we're going to add
13  the settlements regardless with subsequent events.
14          So if Your Honor rules something less than what
15  they've settled for, we're going to feel bound to find a way
16  to get that deal done.  We don't know how that's going to
17  happen and we expect that the settling noteholders, if the
18  Court rules something more today, they're going to be bound
19  the same way.
20          The issue that was just raised with respect to the
21  minority PIK holders coming in now, there is one issue under
22  the indenture which should be addressed between the parties
23  to that indenture.  The issue of whether or not a party who
24  did not become a participating party, who did not
25  participate in any discovery, and who did not file a plan

1  objection on a timely basis is a matter that's not just for
2  the people who are here in court, but everybody else who was
3  a participating party in the process who did subject
4  themselves to discovery.  These minority holders have six or
5  $700,000,000 of claims in this case and clearly have access
6  to counsel.  We'll take it up on Tuesday.  If they show up
7  and they want to appear and be heard, there are going to be
8  a lot of people, I think, not just the people in this room,
9  who are going to have a view as to whether or not that's
10  fair to everybody else at that point.  It's not a due
11  process problem.  Your Honor laid out an order and the way
12  this process was going to work months ago, and everybody's
13  been on notice of that.
14              THE COURT:  Yeah.  I understand.  Anyone else?
15  Instead of Tuesday, would there be an objection to getting
16  together on the phone late Monday afternoon on this issue?
17  I'm trying to preserve the integrity of my confirmation
18  hearing at least to the first day.  So, I am in New York but
19  I get back -- my train allegedly gets back about 2:30.  So I
20  could have you on the phone at, say, 3:30 on Monday to
21  discuss this issue.  Would that be acceptable?
22              MR. HUSNICK:  Your Honor, the debtors have no
23  objection.
24              THE COURT:  All right.  We can do it by phone.  We
25  don't need to have people come in.  Although if you're in

1    town already and you want to appear in person, that's fine.

2    So let me put that on my schedule before I forget.  Just so

3    I'm clear, Mr. Husnick, the parties would like me to go

4    ahead and rule on the outstanding PIK issues?

5              MR. HUSNICK:  That's correct, Your Honor.

6              THE COURT:  You will get a decision today.  It's

7    ready to go.

8              MR. HUSNICK:  Thank you.

9              THE COURT:  I hope it doesn't blow up the world.

10   There were some issues that came up in some telephone calls

11   with counsel just about logistics for next week.  And I

12   don't know if anyone's ready to talk about those.  Some had

13   to do with the East Side Committee was asking for some

14   electronic extra monitors and...  I know it's kind of nuts

15   and bolts issues but I want to see if we can figure out

16   exactly what's going on.

17             MR. FINK:  Your Honor, Mark Fink with Montgomery

18   McCracken.  We've coordinated with the debtors and we're on

19   the same page.  Everybody at 3 o'clock on Monday, the tech

20   people are going to be here and they're going to set up the

21   courtroom and everybody's working together.

22             THE COURT:  Who?  Well, that's good to know

23   because I just set a hearing for 3:30.

24             MR. FINK:  That was something I was going to

25   raise.

```
 1            THE COURT:  Well, we'll probably...  I'm not going
 2   to mess that up, so that's fine.  We will probably then have
 3   -- I'll use somebody else's courtroom for Monday afternoon
 4   at 3:30 for the telephone call and anyone who wants to
 5   participate in person can be here.  Hang on for a minute.
 6   Okay.  All right.
 7            MR. FINK:  Thank you.
 8            THE COURT:  So, that's all arranged.  Tech people,
 9   debtor, everybody's worked it out.
10            MR. FINK:  Right.  And we're also working on
11   getting all your binders here on Monday.
12            THE COURT:  Okay, very good.
13            MR. FINK:  Thank you.
14            THE COURT:  These logistics matter.  Okay.  All
15   right, is there anything else for today?
16            MR. HUSNICK:  That's it, Your Honor.
17            THE COURT:  All right, very good.  I will see-
18   slash-hear you Monday at 3:30.  Otherwise, have a productive
19   weekend.  Mr. Madron, everything's onboard to get me the
20   information as requested?
21            MR. MADRON:  It is, Your Honor, yes.
22            THE COURT:  Very good.  Thank you.  I appreciate
23   that.  We're adjourned.
24            MR. HUSNICK:  Thank you, Your Honor.
25                         * * * * *
```

C E R T I F I C A T I O N

I, Sonya Ledanski Hyde, certified that the foregoing transcript is a true and accurate record of the proceedings.

*Sonya Ledanski Hyde*

Digitally signed by Sonya Ledanski Hyde
DN: cn=Sonya Ledanski Hyde, o, ou, email=digital1@veritext.com, c=US
Date: 2015.11.03 16:58:25 -05'00'

Sonya Ledanski Hyde

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501

Date: November 3, 2015