IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Hearing Date: November 25, 2015 at 10:00 a.m. |
| | ) Objection Deadline: November 18, 2015 at 4:00 p.m. |

**MOTION OF ENERGY FUTURE HOLDINGS
CORP., *ET AL.*, FOR ENTRY OF AN ORDER AUTHORIZING
LUMINANT MINING COMPANY LLC TO TRANSFER CERTAIN ASSETS
TO OAK GROVE MANAGEMENT COMPANY AND GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing Luminant Mining Company LLC ("Luminant") to transfer the Dragline Asset (as defined below) to Oak Grove Management Company LLC ("Oak Grove") (both of which are Debtors in these chapter 11 cases) in the ordinary course of business under section 363(b) and (c) of title 11 of the United States Code (the "Bankruptcy Code"). In support of this Motion, the Debtors submit the *Declaration of Robert Frenzel in Support of the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing Luminant Mining Company LLC to Transfer Certain Assets to Oak Grove Management Company and Granting Related Relief* (the "Frenzel Declaration").

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 13266603v.1

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested in this Motion is section 363 of title 11 of the United States Code (the "Bankruptcy Code").

**Relief Requested**

4. By this Motion, the Debtors request entry of the Order authorizing the Debtors to execute the Dragline Transfer (as defined below) and the associated Transfer Transactions (as defined below) in the ordinary course of business.

**Background**

5. On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I.

849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420], and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC ("EFIH"), EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6. Luminant Holding Company LLC, a wholly-owned Debtor subsidiary of TCEH, and certain of its Debtor subsidiaries (collectively, the "Luminant Debtors") own and operate twelve surface lignite coal mines in Texas. As the largest coal miner in Texas, the Debtors continue to develop their mining locations in the ordinary course of business during the course of these chapter 11 cases. In particular, the Luminant Debtors are currently in the process of further developing the mine located in Kosse, Texas (the "Kosse Mine") to support the Oak Grove power plant, which began operation in 2010. In order to best utilize the Kosse Mine, the Luminant Debtors must relocate a certain large piece of mining equipment, known as a dragline excavator (the "Dragline Asset"),[2] from one of the mining locations at the Martin Lake power plant to Kosse Mine. The Luminant Debtors began disassembling the Dragline Asset (which must be done in order to move it) in August 2015 and anticipate that they will complete the disassembly process by the end of 2015. The Dragline Asset will be transported, refurbished,

---

[2] As of August 2015, the approximate book value of the Dragline Asset is $3.2 million.

repaired, and reassembled at the new location in 2015 and 2016. The estimated cost of the relocation and refurbishment is roughly $43 million.

7. In addition to moving the physical location of the Dragline Asset, the Debtors must legally transfer the Dragline Asset from Luminant to Oak Grove (the "Dragline Transfer"). Importantly, all of the entities taking part in the Dragline Transfer are TCEH Debtors and "restricted subsidiaries" under the TCEH DIP Credit Agreement as approved under the TCEH Final DIP Order.[3] The Luminant Debtors intend to execute the following steps, substantially simultaneously (collectively, the "Transfer Transactions"):

    a. Luminant will form a new wholly-owned subsidiary ("Newco") and contribute the Dragline Asset to Newco;

    b. Luminant will then dividend the equity of Newco to Luminant Holding Company LLC, resulting in Newco being a sister company to Luminant and Oak Grove; and

    c. Luminant Holding Company LLC will then contribute the equity of Newco to Oak Grove.

8. The Transfer Transactions will facilitate (i) separate financial accounting for the Dragline Asset, (ii) efficient intercompany reporting, and (iii) a future transfer of the Dragline Asset to another location (if necessary). Whereas comingling the Dragline Asset with Oak Grove's assets may result in difficulties for the Luminant Debtors.

9. The Dragline Transfer and the Transfer Transactions are in the ordinary course of the Debtors' business, as the Debtors have executed similar transfers in the past, most recently in 2010 (the "2010 Transfer"). For example, as part of the 2010 Transfer, the Debtors transferred certain assets from one TCEH subsidiary to another subsidiary using substantially similar steps

---

[3] *See Final Order (A) Approving Postpetition Financing for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, and (C) Modifying the Automatic Stay* [D.I. 856] (the "TCEH Final DIP Order").

4

RLF1 13266603v.1

to the ones listed above (including the formation of a new entity). The Dragline Transfer and the Transfer Transactions are in the ordinary course of business, but the Debtors recognize that the formation of Newco may cause concern for some creditors.

## Basis for Relief

10. The Debtors respectfully request that the Court approve the Dragline Transfer and the associated Transfer Transactions. As an initial matter, section 363(c) of the Bankruptcy Code provides that a debtor "may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). A transaction is in the ordinary course of business if it is "of the sort commonly undertaken by companies in [the debtor's] industry" and it does not subject a hypothetical creditor "to economic risk of a nature different from those he accepted when he decided to extend credit." *In re Roth Am., Inc.*, 975 F.2d 949, 952-53 (3d Cir. 1992).

11. The Dragline Transfer and the Transfer Transactions are in the ordinary course of the Debtors' business. Companies across the industry, as well as the Debtors, often need to transfer pieces of mining equipment from one area to another in order to develop new and profitable mining locations. The Dragline Transfer and the Transfer Transactions accomplish this while also facilitating separate financial accounting for the Dragline Asset, efficient intercompany reporting, and future transfers of the Dragline Asset (if necessary) each is more easily accomplished by holding the Dragline Asset in a separate entity rather than commingling it with Oak Grove's assets.

12. Additionally, the Dragline Transfer and the Transfer Transactions will not subject any creditors to any incremental economic risk. The Dragline Transfer and the Transfer

Transactions do not reduce or alter the value of the DIP Collateral, as defined in the TCEH Final DIP Order, because both Luminant and Oak Grove are "restricted" TCEH subsidiaries. Upon formation Newco will be a "restricted" TCEH subsidiary will remain so following the Dragline Transfer and the Transfer Transactions.[4] As a result, the Debtors respectfully submit that the Court should approve the Dragline Transfer and the Transfer Transactions as an ordinary course transaction under section 363(c)(1) of the Bankruptcy Code.

13. Creditors may argue that certain aspects of the Transfer Transactions, specifically the formation of Newco, could be construed as outside of the ordinary course of business. Even if this is the case, section 363(b) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In the Third Circuit, courts have authorized transactions outside the ordinary course of business when the transaction has a sound business purpose and is proposed in good faith. *See In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991); *In re Exaeris, Inc.*, 380 B.R. 741, 744 (Bankr. D. Del. 2008).

14. The Court may approve the Dragline Transfer and the Transfer Transactions as a non-ordinary course transaction. First, the Debtors have a sound business purpose for proposing the Dragline Transfer and the Transfer Transactions. As stated above, the Dragline Transfer and the Transfer Transactions will allow the Debtors to develop the valuable Kosse Mine while also facilitating separate financial accounting for the Dragline Asset, efficient intercompany reporting, and a potential future transfer of the Dragline Asset to another location if necessary, as

---

[4] *See Final Order (A) Authorizing Use of Cash Collateral for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Adequate Protection, and (C) Modifying the Automatic Stay* [D.I. 855] (the "<u>TCEH Final Cash Collateral Order</u>").

discussed above. Second, the Debtors have proposed the Dragline Transfer and the Transfer Transactions in good faith and believe that this is an exercise of their sound business judgment. Thus, the Debtors submit that the Dragline Transfer and the Transfer Transactions should be approved under section 363(b) of the Bankruptcy Code.

### Notice

15.     The Debtors shall provide notice of this Motion on the date hereof via first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as

indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

16. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: November 4, 2015
       Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

RLF1 13266603v.1