**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| *Debtors.* | ) ) ) ) | (Jointly Administered) |

**RESPONSE OF THE TCEH DEBTORS TO EFH OFFICIAL
COMMITTEE'S OBJECTIONS TO WRITTEN
<u>TESTIMONY OF ERIC MENDELSOHN</u>**

Eric Mendelsohn, an expert witness for the TCEH Debtors, will testify regarding the potential TCEH claim with respect to the interest EFH paid on the TCEH Intercompany Notes ("Notes"). Consistent with Rule 26(a)(2)(B), Mr. Mendelsohn provided a detailed written report setting forth his opinions and their bases ("Report"; Exh. 3 hereto) – a Report that is substantially tracked by his written testimony declaration ("Testimony"; Exh. 2 hereto). The EFH Committee nevertheless has served[2] an objection to portions of that Testimony that (i) elaborate on one point in support of one of Mr. Mendelsohn's core opinions and (ii) respond to the core argument of the EFH Committee's own expert regarding the interest rate on the Notes ("Objection"; Exh. 1 hereto), based on an assertion that those portions of the Testimony were not contained in Mr. Mendelsohn's Report. The Court should overrule this Objection for several reasons.

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Although the Objection was not filed, the TCEH Debtors are filing this Response so as to avoid burdening the Court with a potential need to review portions of Mr. Mendelsohn's Report and deposition transcript in open court while the witness is on the stand.

First, Rule 26(a)(2)(B) does not prohibit Mr. Mendelsohn from elaborating on the opinions set forth in his written report. *See Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir. 2006) (holding that Rule 26(a)(2)(B) "contemplates that the expert will supplement, elaborate upon, explain and subject himself to cross-examination upon his report"). A core opinion of Mr. Mendelsohn – discussed in detail in his Report – is that the purported "demand" feature of the Notes did not justify EFH paying an interest rate that was far below the rate that third-party lenders would have required to advance unsecured loans to EFH. In his Testimony, Mr. Mendelsohn elaborates on this opinion by observing, in a couple sentences objected to by EFH Committee, that in his view, EFH did not have sufficient cash on hand to repay the TCEH Intercompany Notes "on demand" during most of the period that the notes were outstanding. (Exh. 2, 7th bullet on paragraph 25; 1st sentence of paragraph 42). This assertion falls well within the scope of Mr. Mendelsohn's opinion on the "demand" feature of the TCEH Intercompany Notes. *See Thompson*, 470 F.3d at 1203 (rejecting the argument that Rule 26(a)(2)(B) "limits an expert's testimony simply to reading his report"). Indeed, the Report also contained a more general version of this very point, in stating: "As a practical matter, if TCEH had demanded repayment [of the Notes], EFH likely would have been forced to borrow from higher-cost third-party sources …." (Exh. 3 at 19.)

Second, the EFH Committee erroneously seeks to preclude Mr. Mendelsohn from responding to the core argument of the EFH Committee's own expert on the reasonableness of the interest rate paid on the Notes. That expert, Mr. Michael Henkin, has opined (in a report served the same day as Mr. Mendelsohn's Report) that the Notes were analogous to so-called "corporate demand notes" issued to the investing public by companies such as Ford Motor Credit Corporation and that it is inappropriate to use EFH public notes (as Mr. Mendelsohn did) as a

benchmark for assessing the reasonableness of the interest rate on the Notes. (*See* ECX 679 at 36-42). Mr. Mendelsohn is entitled to respond to this opinion – indeed, it is routine for expert witnesses to be asked if they have reviewed their counterpart's report and to state their disagreements – and the EFH Committee cannot fairly argue that it was surprised or unfairly prejudiced by the fact that Mr. Mendelsohn has done so.

Third, and on a related point, the EFH Committee questioned Mr. Mendelsohn at his deposition about the very targets of its objection – namely, EFH's ability to repay the Notes on demand (Exh. 4 hereto at 212-13), and Mr. Henkin's opinion regarding the Ford Credit Corp. notes (*id*. at 228-231). Accordingly, the EFH Committee has not been prejudiced by the absence of an explicit discussion of these points in Mr. Mendelsohn's Report.

Finally, even if the EFH Committee's objection were well-founded (and it is not), Mr. Mendelsohn could be called later to testify to the same points as a rebuttal witness to Mr. Henkin, which would only create inefficiency at a trial where time is scarce.

For these reasons, the Court should overrule the EFH Committee's objection to Mr. Mendelsohn's testimony.

| | |
|---|---|
| Dated:  November 5, 2015 | **McElroy, Deutsch, Mulvaney & Carpenter, LLP**<br><br>/s/*David P. Primack*<br>David P. Primack, Esq. (No. 4449)<br>300 Delaware Ave., Suite 770<br>Wilmington, DE 19801<br>Phone: (302) 300-4515<br>Facsimile: (302) 654-4031<br>dprimack@mdmc-law.com<br><br>-and-<br><br>/s/*Kevin S. Allred*<br>**Munger, Tolles & Olson LLP**<br>Thomas B. Walper, Esq. (admitted *pro hac vice*)<br>John W. Spiegel, Esq. (admitted *pro hac vice*)<br>Kevin S. Allred, Esq. (admitted *pro hac vice)*<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071<br>Phone: (213) 683-9100; Facsimile: (213) 683-4022<br>Email: Thomas.Walper@mto.com<br>         John.Spiegel@mto.com<br>         Kevin.Allred@mto.com<br><br>*Counsel to the TCEH Debtors* |