## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | Re: D.I. 6889 |

### REPLY OF THE EFH COMMITTEE TO THE RESPONSE OF THE TCEH DEBTORS TO EFH OFFICIAL COMMITTEE'S OBJECTIONS TO WRITTEN TESTIMONY OF ERIC MENDELSOHN

The EFH Committee hereby submits this reply to *The Response of the TCEH Debtors to EFH Official Committee's Objections to Written Testimony of Eric Mendelsohn* [D.I. 6889].

1.      The EFH Committee objects to the following portions of the *Trial Direct Testimony Declaration of Eric R. Mendelsohn* (the "Written Direct Testimony"):

i.      The testimony concerning whether EFH had "sufficient cash resources to repay the TCEH Intercompany Notes 'on demand'" based on Mr. Mendelsohn's undisclosed, post-deposition "review of quarter-end and year-end financial information from EFH's . . . 10-Ks and 10-Qs from 2007 to 2013." The EFH Committee objects specifically to the seventh bullet in paragraph 25 and accompanying note 20 and the first sentence of paragraph 42 and accompanying note 38; and

ii.      The testimony concerning Ford Motor Credit Co. LLC, based on Mr. Mendelsohn's undisclosed review of "Ford Motor Credit Company 10-K[s] filed for the years 2012, 2011, 2010, 2009, 2008 and 2007." The EFH Committee objects specifically to the second and third sentences of paragraph 50 and accompanying notes 41, 42 and 43 and the third sentence of paragraph 47 and accompanying note 40.

---

[1]      The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

2.      The response of the TCEH Debtors to the EFH Committee's objection is without merit.  The objectionable testimony is not "elaborat[ion] on the opinions set forth in" the written report (TCEH Debtors' Response at 2), nor is it testimony Mr. Mendelson offered at deposition.  Nowhere in Mr. Mendelsohn's report does he offer any opinion or analysis that, based on a purported review of six years of EFH's public filings, "EFH did not have sufficient cash resources" to pay the TCEH Intercompany Notes.  Instead, as the TCEH Debtors' Response makes clear, his opinions on this subject were limited to the general view that had TCEH demanded repayment EFH "likely" would have had to finance the repayment.  (*See* TCEH Debtors' Response at 2.)

3.      When the EFH Committee asked Mr. Mendelsohn at his deposition what use he had made of EFH's 10-Ks and other public filings, he responded that he had fully disclosed any analysis in his report:

> Q Let me ask it this way because all I have is your report, and as you understand, I can't fish through thousands of pages to try to figure out what is important to you or what you're going to be testifying about. That has to be disclosed in your report. So let me ask you: Other than what is specifically cited in your report, is there anything in Category Number 1 [of your Materials Considered, "Available Company 10Ks, 10Qs, Annual Reports, investor presentations and press releases"] that you are going to be relying on in your testimony at trial?
> . . . .
> A I'm not aware of anything in Category 1 that I've held back from my report.

(Ex. A (Oct. 21, 2015 Mendelsohn Depo. Tr.) at 26:11-27:3 (objections omitted).)

4.      Mr. Mendelsohn was also asked if he had performed, or expected to perform, any other study or analysis in response to Mr. Henkin's testimony, and he said "No":

> Q And you have not instructed your team to perform any study or calculation to respond to Mr. Henkin's report?
> . . . .

A We do not intend to recalculate an appropriate rate based on these demand note rates because I don't think they're the right benchmark.

Q My question was a little broader. Are you or your team doing any further study or calculation in response to Mr. Henkin's report?

. . . .

A I'm not aware of any further analysis going on right now. I haven't directed any further analysis to be done after today, but, you know I'm going to continue to review this and think about it.

Q And there's no analysis that you've had done prior to today that you haven't disclosed to me?

A I mean, I talked about having reviewed his report, having reviewed his materials. Gave you some of my views on Mr. Henkin's opinion.

Q Have you or your team conducted any other analysis on Mr. Henkin's opinion?

A Not that I -- not that I'm aware of or can think of that I haven't already discussed with you.

(Ex. A (Oct. 21, 2015 Mendelsohn Depo. Tr.) at 239:11-240:18 (objections omitted).)

5.     Similarly, Mr. Mendelsohn seeks to insert an undisclosed analysis of six years of Ford Motor Credit Company's 10-Ks into his testimony.  (*See* Trial Direct Testimony Declaration of Eric R. Mendelsohn at 32 n.41.)  Although Mr. Mendelsohn offered general opinions on Ford credit when deposed (which the EFH Committee does not seek to exclude), his reliance on, and purported analysis of, years of Ford Motor Credit Company 10-Ks was not disclosed at deposition.  The EFH Committee asked Mr. Mendelsohn, at deposition on October 21, 2015, what he reviewed between the time he served his report and his deposition, and he said nothing other than the EFH Committee's expert reports:  "Q  Did you look at any documents relating to the demand note issues since you submitted your report, other than what was discussed in Mr. Henkin's report?  A Not that I'm aware of."  (Ex. A (Oct. 21, 2015 Mendelsohn Depo. Tr.) at 14:20-24.)  It was only on October 29, 2015, eight days after his deposition, that the TCEH Debtors served an errata sheet changing Mr. Mendelsohn's answer to this question to add

"other than publicly filed 10-Ks from Ford Motor Credit." (Ex. B (Errata Sheet for Oct. 21, 2015 Mendelsohn Depo. Tr.).)[2] Of course, this addition came too late.

6.      The TCEH Debtors' argument that the EFH Committee is improperly seeking to exclude any response or rebuttal to Mr. Henkin's report (*see* TCEH Debtors' Response at 2) is also incorrect. The parties simultaneously served expert reports on October 12 in accordance with the Amended Scheduling Order, which did not provide for rebuttal reports.[3] In lieu of rebuttal reports, the parties had the opportunity at deposition (which in Mr. Mendelsohn's case occurred 9 days after all reports were served) to inquire as to any rebuttal opinions to be offered. The EFH Committee does not seek, other than with respect to the few identified sentences and footnotes, to exclude the entire rebuttal portion of Mr. Mendelson's testimony (pages 28 to 33). Likewise, the EFH Committee does not seek to confine Mr. Mendelsohn to "reading his report" or to exclude various "elaborations" found throughout his Written Direct Testimony. The EFH Committee seeks only to exclude the undisclosed analysis of years of public filings upon which the EFH Committee had no opportunity to examine Mr. Mendelsohn at deposition.

## CONCLUSION

For the foregoing reasons, the EFH Committee asks that the above-referenced portions of the *Trial Direct Testimony Declaration of Eric R. Mendelsohn* be excluded.

---

[2]      The page references on the errata sheet are off by one page.

[3]      *Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization* [D.I. 5771], requiring that an expert's report contain a "complete statement of all opinions the witness will express and the basis and reasons for them." ([D.I. 5771], at 6.) *See also* Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Bankr. P. 7026.

Dated:  Wilmington, Delaware
        November 6, 2015

**SULLIVAN & CROMWELL LLP**

*s/    Brian D. Glueckstein*
Andrew G. Dietderich
Brian D. Glueckstein
John L. Hardiman
Alexa J. Kranzley
125 Broad Street
New York, New York  10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588
E-mail:        dietdericha@sullcrom.com
              gluecksteinb@sullcrom.com
              hardimanj@sullcrom.com
              kranzleya@sullcrom.com

– and –

**MONTGOMERY McCRACKEN WALKER & RHOADS, LLP**

Natalie D. Ramsey (DE Bar No. 5378)
Sidney S. Liebesman (DE Bar No. 3702)
Mark Sheppard (admitted *Pro Hac Vice*)
Mark A. Fink (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, DE  19801
Telephone: (302) 504-7800
Facsimile: (302) 504-7820
E-mail:        nramsey@mmwr.com
              sliebesman@mmwr.com
              msheppard@mmwr.com
              mfink@mmwr.com

*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc.*