UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| ENERGY FUTURE HOLDINGS CORP., ET AL., *Debtors.* | TXU Energy Retail Company LLC<br>Case No. 14-10097<br><br>Jointly Administered Under<br>**Case No. 14-10979**<br><br>**Claim No. 4992**<br><br>**PROOF AMOUNT $60,350.00** |

**NOTICE:** TRANSFER OF PROOF OF CLAIM PURSUANT TO FRBP RULE 3001 (e) (2)

To transferor:   Epsilon Data Management
                 6021 Connection Drive
                 Irving, TX 75039

The transfer of your PROOF OF CLAIM as shown above, in the amount of $60,350.00 has been transferred *(unless previously expunged by court order)* to:

   Drum Capital Liquidity Partners LLC
   4 Stamford Plaza
   Stamford, CT  06902

No action is required if you do not object to the transfer of your claim.  However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

   **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:
   United States Bankruptcy Court
   824 Market Street North
   3rd Floor
   Wilmington, DE  19801

   **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**

Refer to INTERNAL CONTROL NO. _____ in your objection.  If you file an objection, a hearing will be scheduled.
**IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT**

-----------------------------------------------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid
on _____ , 20 ___ .
INTERNAL CONTROL NO. _____
Copy: (check)  Claims Agent ____   Transferee ____   Debtor's Attorney ____

                                                            _____
                                                                      Deputy Clerk

## ASSIGNMENT OF CLAIM

Epsilon Data Management, LLC, a limited liability company organized under the laws of the State of California having offices at 6021 Connection Drive Irving, TX 75039 ("Assignor"), for good and valuable consideration in the amount of $ .       e ("Consideration"), does hereby absolutely and unconditionally sell, transfer and assign unto Drum Capital Liquidity Partners, LLC a Delaware Corporation, with offices at Four Stamford Plaza, Stamford CT 06902, its successors and assigns ("Assignee"), all rights, title and interest in and to the claim of Assignor against ___TXU Energy Retail Company, LLC___ Debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court, District of Delaware (the "Court"), Case No. __14-10997__ ("Debtor"), in the amount of not less than $60,350 (the "Claim"), and all rights and benefits of Assignor relating to the Claim, including without limitation any interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments and/or other property which may be paid or issued in satisfaction of the Claim. The Claim is based on accounts owed to Assignor by Debtor as set forth below and this Assignment shall be for the purpose of collection and shall not be deemed to create a security interest.

Assignor represents and warrants the following: (Check appropriate box)

☐ A Proof of Claim HAS NOT BEEN filed in the Proceedings.

☐ A Proof of Claim in the amount of $ 60,350.00 HAS BEEN DULY AND TIMELY FILED in the Proceedings (and a true copy of such Proof of Claim with supporting documentation is attached to this Assignment). If the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

other party to reduce the amount of the Claim or affect its validity or enforceability.

    Assignor is aware that the consideration being paid by Assignee hereunder may differ both in kind and amount from the amount ultimately distributed with respect to the Claim pursuant to any plan of reorganization which is confirmed by the Court in the Proceedings. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim. Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court in the Proceedings which may be pertinent to Assignor's decision to transfer the Claim), made its own analysis and decision to enter into this Assignment of Claim.

    In the event all or any part of the Claim is impaired in the Proceedings as a result of a final order disallowing or reducing the Claim or in the event a preference or avoidance action is reduced to final judgment to

Page 1   Form Standard

is made.

In the event the claim is ultimately allowed in an amount in excess of the amount purchased herein, Assignor is hereby deemed to sell to Assignee, and Assignee hereby agrees to purchase, the balance of said Claim up to a maximum amount equal to the amount stated in the Proof of Claim at the same percentage of Claim paid herein. Assignee shall remit such payment to Assignor upon Assignee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection by the Debtor.

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney for the limited purposes expressly set forth in this Assignment of Claim agreement, and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such consideration which is now, or may hereafter become due and payable for, or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and Assignor's rights thereunder pursuant to this Assignment of Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take such further action, at its own expense, as may be necessary or desirable to effect the assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor agrees to forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein. Assignor reserves the right to defend against and settle any alleged right of setoff, reduction, avoidance, disallowance, subordination, preference actions or other impairment for a period of one year from the date of this Agreement. Assignee will promptly forward to Assignor any notice received by Assignee relating to potential impairment of the Claim. Assignee will not take any action to settle such an alleged impairment without Assignor's prior written consent for a period of one year from the date of this Agreement.

Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instruments and/or any other property, shall constitute property of Assignee to which Assignee shall have an absolute right, and that Assignor will hold such property in trust and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

The terms of this Assignment of Claim shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns. Assignor hereby acknowledges that Assignee may at any time re-assign the Claim, together with all rights, title and interest of Assignee in and to this Assignment of Claim. All representation and warranties made herein shall survive the execution and delivery of this Assignment of Claim and any such re-assignment.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of Connecticut. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal Court located in the State of Connecticut, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment of Claim, and in any action hereunder Assignor waives the right to demand trial by jury.

CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim and hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.

IN WITNESS WHEREOF; the undersigned Assignor has duly executed this Assignment of Claim by its authorized representative this 27th day of October, 2015.

WITNESS:                                                    BY: _____ A. Henderson _____

SIGNATURE OF WITNESS                                        AUTHORIZED SIGNATURE

PRINT NAME / TITLE                                          PRINT NAME / TITLE

                                                            TELEPHONE NUMBER