## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, ) | Chapter 11 |
| *Debtors.* ) | Case No. 14-10979 (CSS) |
| ) | (Jointly Administered) |

## STIPULATION AND CONSENT ORDER REGARDING LIMITED OBJECTION OF MARATHON ASSET MANAGEMENT, LP TO CONFIRMATION OF DEBTORS' FIFTH AMENDED PLAN OF REORGANIZATION

Marathon Asset Management, LP, on behalf of one or more managed funds and/or accounts ("Marathon"), on the one hand, and Angelo Gordon & Co., LP, Apollo Advisors VII, L.P., and Brookfield Asset Management Private Institutional Capital Adviser (Canada), L.P. (collectively, the "Intervenor Defendants" and together with Marathon, the "Parties"), on the other, hereby stipulate and agree as follows (the "Stipulation and Order"):

A.      On May 14, 2015, Marathon filed a complaint against Wilmington Trust, N.A., as successor collateral agent and administrative agent (in such capacities, the "Agent") to the first lien lenders to Texas Competitive Electric Holdings Company LLC ("TCEH") under that certain Credit Agreement dated as of October 10, 2007, in the Supreme Court of the State of New York (the "New York State Court"), commencing the action captioned *Marathon Asset Management, LP v. Wilmington Trust, N.A.*, Index No. 651669/2015 (the "Marathon New York Action").

B.      On June 12, 2015, the Intervenor Defendants intervened as defendants in the Marathon New York Action.

C.      On June 17, 2015, the Intervenor Defendants filed a Notice of Removal, removing the Marathon New York Action to the U.S. District Court for the Southern District of New York (the "New York Federal Court"), where it is currently pending as

Case No. 15-cv-4727 (AT)(AJP).  In the New York Federal Court, Marathon filed a

motion to remand the Marathon New York Action to the New York State Court, which

the Intervenor Defendants opposed, and the Intervenor Defendants filed a motion to

transfer venue to the U.S. Bankruptcy Court for the District of Delaware (the "Delaware

Bankruptcy Court") (via the U.S. District Court for the District of Delaware), which

Marathon opposed.

      D.     On September 21, 2015, TCEH, its parent, and certain of its affiliates and

subsidiaries that are debtors and debtors-in-possession in the above-captioned cases filed

the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al.,*

*Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6122] (as may be amended,

modified and/or supplemented, the "Plan") in the Delaware Bankruptcy Court.

      E.     On October 23, 2015, Marathon filed a Limited Objection to the Plan [D.I.

6587] (the "Marathon Plan Objection"), asserting that the Plan is not confirmable because

of its treatment of the Marathon New York Action and the rights and claims asserted by

Marathon in and through the Marathon New York Action (the "Marathon Asserted

Rights").

      **NOW, THEREFORE,** it is hereby ordered, agreed, and stipulated that:

      1.     Upon (a) the approval and entry by this Court of this Stipulation and Order

and (b) the filing by the Debtors of an amended Plan including the amendments to the

Plan reflected in the redline attached hereto as Exhibit A (whether alone or together with

other amendments to the Plan that do not conflict with such amendments attached hereto

or otherwise adversely affect the Marathon Asserted Rights) (the "Plan Amendments")

(the foregoing clauses (a) and (b) being referred to herein as the "Withdrawal

Conditions"), (x) the Marathon Plan Objection shall be deemed withdrawn with prejudice, and (y) Marathon agrees that it will (i) not file any further objection to the Plan (or to any amended or future Plan or other plan of reorganization for any Debtor), (ii) not seek to prevent, limit, condition, or require to be held in reserve any distributions under the Plan (or any amended or future Plan or other plan of reorganization for any Debtor) to holders of TCEH First Lien Secured Claims (as defined in the Plan) (whether directly or through any agent, trustee or other representative) and acknowledges that the Agent shall not have any liability to Marathon with respect to distributions made or directed to be made by the Agent pursuant to and accordance with the Plan and that its sole recourse for damages, if any, arising out of the Marathon Asserted Claims shall be against holders of TCEH First Lien Claims other than the Agent, and in no event shall the Agent have any obligation or liability with respect to any attempts by Marathon to recover damages from the holders of TCEH First Lien Claims (other than the Agent) in the event Marathon prevails with respect to the Marathon Asserted Claims, and (iii) not assert any claims against other holders of TCEH First Lien Secured Claims based on Marathon's alleged rights under the TCEH First Lien Intercreditor Agreement or the TCEH Credit Agreement, as they are known to Marathon as of the date hereof, other than the claims in respect of the Marathon Asserted Rights to be asserted against other holders of TCEH First Lien Secured Claims (other than the Agent, except in the Agent's capacity as a nominal defendant to declaratory judgment claims in respect of which no monetary recovery is sought in the Marathon Delaware Action) in the Marathon Delaware Action in accordance herewith (provided that nothing in this subclause (iii) shall impair any rights Marathon may have to distributions under the Plan or as against any person or

entity other than the Agent and other holders of TCEH First Lien Secured Claims), in each case on the grounds set forth in the Marathon Plan Objection or similar grounds, provided that the Plan (or any amended or future Plan or other plan of reorganization for any Debtor, as applicable) treats the Marathon Asserted Rights in substantially the same manner as set forth in the Plan Amendments (any chapter 11 plan satisfying the foregoing requirements, including the Plan, an "Acceptable Plan"). The Intervenor Defendants agree that they will not pursue or support any chapter 11 plan for one or more of the Debtors that does not constitute an Acceptable Plan; provided, that nothing herein shall require the Intervenor Defendants to actively oppose any chapter 11 plan that is not an Acceptable Plan. For the avoidance of doubt, other than claims in respect of the Marathon Asserted Rights asserted against the Agent in its capacity as a nominal defendant to declaratory judgment claims in respect of which no monetary recovery is sought in the Marathon Delaware Action, Marathon releases and discharges the Agent from any and all claims and causes of action based on or relating to, or in any manner arising from, in whole or in part, the TCEH Credit Agreement or the TCEH First Lien Intercreditor Agreement.

2.      Marathon agrees, subject to the occurrence of the Withdrawal Conditions, that any pursuit of the Marathon Asserted Rights shall occur in the Delaware Bankruptcy Court, and not in the New York Federal Court or any other court, provided that the Delaware Bankruptcy Court accepts jurisdiction to determine the Marathon Asserted Rights. To effectuate the foregoing sentence, Marathon shall, following satisfaction of the Withdrawal Conditions, (a) file a notice of dismissal of the Marathon New York Action with the New York Federal Court, and (b) file a complaint in the Delaware

Bankruptcy Court asserting the Marathon Asserted Rights (the "Marathon Delaware Action"). Marathon shall file the Marathon Delaware Action no later than seven (7) business days after occurrence of the Withdrawal Conditions. Marathon and the Intervenor Defendants shall support, and shall not contest, the jurisdiction of the Delaware Bankruptcy Court to determine the Marathon Delaware Action, provided that if the Delaware Bankruptcy Court declines to accept jurisdiction of the Marathon Delaware Action, Marathon and the Intervenor Defendants will discuss in good faith alternate means for determining the Marathon Asserted Rights, with the goal of having the Marathon Asserted Rights determined in the Delaware Bankruptcy Court or other federal court. Marathon and the Intervenor Defendants shall discuss in good faith a schedule for reaching a prompt and final resolution of the Marathon Delaware Action. For the avoidance of doubt, (x) Marathon shall not assert the Marathon Delaware Action against, and shall have no recourse in respect of the Marathon Delaware Action against, the Debtors, the Reorganized Debtors, or the Agent (except in the Agent's capacity as a nominal defendant to declaratory judgment claims in respect of which no monetary recovery is sought in the Marathon Delaware Action), and (y) nothing herein shall obligate Marathon to pursue the Marathon Asserted Rights to the extent that Marathon determines, in its sole discretion, to discontinue pursuit of the Marathon Asserted Rights.

3.      If the Withdrawal Conditions are not satisfied on or before November 13, 2015 (or any extension of such date as may be agreed in writing among Marathon and the Intervenor Defendants), this Stipulation and Order shall be void and of no effect, and Marathon and the Intervenor Defendants shall coordinate with the Debtors and other Participating Parties (as defined in the Joint Stipulated Final Pre-Trial Order [D.I. 6748])

regarding the hearing of the Marathon Plan Objection within the Plan confirmation process, with the goal of holding oral argument on the Marathon Plan Objection on November 23, 2015 or November 24, 2015.

4.    The provisions of this Stipulation and Order shall be binding on the Parties and their respective successors, transferees and assigns and shall inure to the benefit of the Parties and their respective successors, transferees and assigns.

Dated: November 6, 2015
       Wilmington, Delaware

LANDIS RATH & COBB LLP

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450
landis@lrclaw.com
mcguire@lrclaw.com

WILMER CUTLER PICKERING HALE AND DORR LLP

George W. Shuster, Jr.              Benjamin W. Loveland
7 World Trade Center               60 State Street
250 Greenwich Street              Boston, MA 02109
New York, NY 10007               Telephone:  617-526-6000
Telephone: 212-230-8800          Facsimile: 617-526-5000
Facsimile: 212-230-8888          Benjamin.Loveland@wilmerhale.com
George.Shuster@wilmerhale.com

*Counsel for Marathon Asset Management, LP*

Dated: November 6, 2015
　　　　Wilmington, Delaware

ROSS ARONSTAM & MORITZ LLP

*/s/ Bradley R. Aronstam*
Bradley R. Aronstam (Bar No. 5129)
Benjamin J. Schladweiler (Bar No. 4601)
100 S. West Street
Wilmington, Delaware 19801
Telephone: (302) 576-1600
Facsimile:  (302) 576-1100
BAronstam@ramllp.com
BSchladweiler@ramllp.com

-and-

O'MELVENY & MYERS LLP

George A. Davis (admitted *pro hac vice*)
Peter Friedman (admitted *pro hac vice*)
Daniel Shamah (admitted *pro hac vice*)
Andrew Sorkin (admitted *pro hac vice*)
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile:  (212) 326-2061
gdavis@omm.com
pfriedman@omm.com
dshamah@omm.com
asorkin@omm.com

*Counsel to the Deposit L/C Intervenors*


**SO ORDERED:**

November 10, 2015

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE