# EXHIBIT 1

**Stipulation**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

### STIPULATION FURTHER EXTENDING DEADLINE TO ASSUME OR REJECT A CERTAIN NONRESIDENTIAL REAL PROPERTY LEASE UNDER SECTION 365(d)(4) OF THE BANKRUPTCY CODE

EFH Corporate Services Company ("Lessee"), a debtor in the above-captioned chapter 11 cases, and EFH Properties Company, a Texas corporation, ("Lessor" and, together with Lessee, the "Parties"), by and through their undersigned counsel, hereby enter into this stipulation (this "Stipulation"), and stipulate and agree as follows.

### Recitals

WHEREAS, Lessee is the lessee under the Lease Agreement with Lessor, dated as of October 1, 1994, for premises located at 1601 Bryan Street, Dallas, Texas, 75201 (commonly known as Energy Plaza) (the "Lease");

WHEREAS, on August 11, 2014, the Court entered the *Order, Pursuant to Section 365(d)(4) of the Bankruptcy Code, Extending the Debtors' Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* [D.I. 1803], thereby extending the period within which

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 13290794v.1

the debtors in the above-captioned case (the "Debtors") must assume or reject unexpired leases of nonresidential real property through and including November 25, 2014;

WHEREAS, the Debtors are currently evaluating the Lease and related obligations before determining whether to assume or reject the Lease pursuant to section 365 of the Bankruptcy Code;

WHEREAS, the Debtors requested, and Lessor agreed to grant the Debtors, additional time to determine whether to assume or reject the Lease under section 365(d)(4) of the Bankruptcy Code, up to and including May 25, 2015;

WHEREAS, on October 31, 2014, the Court entered an order approving a stipulation by and between the Parties further extending the date by which the Debtors must assume or reject the Lease through and including May 25, 2015 [D.I. 2676];

WHEREAS, the Debtors requested, and Lessor agreed to grant the Debtors, additional time to determine whether to assume or reject the Lease under section 365(d)(4) of the Bankruptcy Code, up to and including November 25, 2015;

WHEREAS, on May 13, 2015, the Court entered an order approving a stipulation by and between the Parties further extending the date by which the Debtors must assume or reject the Lease through and including November 25, 2015 [D.I. 4458];

WHEREAS, the Debtors have requested, and Lessor has agreed to grant the Debtors, additional time to determine whether to assume or reject the Lease under section 365(d)(4) of the Bankruptcy Code, up to and including May 25, 2016 (the "Extension Deadline");

WHEREAS, the Parties desire to memorialize their agreement in this Stipulation;

**NOW, THEREFORE,** it is hereby stipulated and agreed to by and among the Parties:

1. Pursuant to section 365(d)(4) of the Bankruptcy Code, the time period within which the Debtors must assume or reject the Lease is extended from November 25, 2015, through and including the Extension Deadline;

2. The Parties acknowledge and agree that this Stipulation hereby constitutes "prior written consent of the lessor," as required by section 365(d)(4)(B)(ii) of the Bankruptcy Code, and that no further consent of Lessor shall be required for the sole purpose of extending the time within which the Debtors must assume or reject the Lease through and including the Extension Deadline.

3. The extensions of time granted pursuant to this Stipulation are without prejudice to the Debtors' rights to seek further extensions of their time to assume or reject the Lease as provided in Section 365(d)(4).

4. Nothing contained in this Stipulation or any actions taken by the Debtors pursuant to relief granted herein is intended or should be construed as: (a) an admission as to the validity or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an admission by the Debtors that any contract or lease, including the Lease, is executory or unexpired, as applicable; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, including the Debtors' right to assume, reject, and/or seek any other related relief with respect to any contract or lease; or (g) an alteration, amendment, or other modification of the terms of the Lease.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to and in accordance with this Stipulation.

3

6. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

7. The Bankruptcy Court retains sole and exclusive jurisdiction to enforce the provisions of this Stipulation.

*[Signatures follow.]*

IN WITNESS WHEREOF, the Parties hereby have caused this Stipulation to be duly executed.

/s/ *Michael L. Carter*
By: Michael L. Carter
Its: Officer
Agreed and Accepted By:
Senior Vice President and Assistant Treasurer
**EFH Corporate Services Company**

/s/ *P. Kevin Chase*
By: P. Kevin Chase
Its: Officer
Agreed and Accepted By:
Chairman, President and Chief Executive
**EFH Properties Company**