# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) RE D.I. No. 6617 |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BIELLI & KLAUDER, LLC AS CO-COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION ENERGY FUTURE HOLDINGS CORP. EFFECTIVE *NUNC PRO TUNC* TO OCTOBER 1, 2015

Upon the application (the "Application")[2] of debtor and debtor in possession Energy Future Holdings Corp. ("EFH Corp.") for the entry of an order (this "Order") authorizing EFH Corp., under the supervision of its disinterested directors, Donald L. Evans and Billie I. Williamson, to retain and employ Bielli & Klauder, LLC ("BK") as its attorneys effective *nunc pro tunc* to October 1, 2015, to render professional services to EFH Corp.'s disinterested directors, in connection with Conflict Matters as defined in and pursuant to the authority delegated to the disinterested directors pursuant to resolutions of the EFH Corp. Board of Directors attached to the Application as Exhibit B (the "Resolutions"), including the determination by EFH Corp.'s disinterested directors regarding whether any matter constitutes a Conflict Matter pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"); and the Court having reviewed the Application, the Declaration of David M. Klauder, a member of BK (the "Klauder Declaration"), and the declaration of Donald I. Evans, Executive Chairman of the Board of Directors of EFH Corp. (the "Evans Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found, based on the representations made in the Application and in the Klauder Declaration, that (a) BK does not hold or represent an interest adverse to EFH Corp.'s estate and (b) BK is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of EFH Corp.'s estate, its creditors, and other parties in interest; and the Court having found that EFH Corp. provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. EFH Corp. is authorized to retain and employ BK as its attorneys *nunc pro tunc* to October 1, 2015 in accordance with the terms and conditions set forth in the Application and the Engagement Letter attached hereto as **Exhibit 1**; *provided, however*, that nothing in the Engagement Letter shall supersede any provisions of the Bankruptcy Code during the pendency of EFH Corp.'s chapter 11 case; *provided further, however*, that to the extent the Application, the Klauder Declaration, the Evans Declaration, any later declaration or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

3. Under the supervision of EFH Corp.'s disinterested directors, Donald I. Evans and Billie I. Williamson, BK is authorized to render professional services to EFH Corp.'s disinterested directors in connection with Conflict Matters as defined in and pursuant to the authority delegated to the disinterested directors pursuant to the Resolutions, including the determination by EFH Corp.'s disinterested directors regarding whether any matter constitutes a Conflict Matter.

4. BK shall use its reasonable efforts to avoid any duplication of services provided by any of EFH Corp.'s other retained professionals in EFH Corp.'s chapter 11 case.

5. Absent further order of this Court, fees and expenses incurred by BK shall be paid by EFH Corp.

6. BK shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with EFH Corp.'s chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, any case-specific fee protocols approved by the Court after notice and a hearing pursuant to paragraph C.5 of the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order"), the *Order Establishing*

*Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* entered on September 16, 2014 [D.I. 2066] and any other applicable procedures and orders of the Court. BK also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by BK in this chapter 11 case.

7. Notwithstanding anything to the contrary in the Application, the Klauder Declaration, any subsequent declaration or the Engagement Letter, BK shall cooperate with the fee committee appointed pursuant to the Fee Committee Order in the discharge of the fee committee's duties. BK has agreed to be bound by the terms of the terms of the Fee Committee Order.

8. Notwithstanding anything to the contrary in the Application or the Engagement Letter, BK will not seek reimbursement of expenses for office supplies.

9. BK shall provide ten business days' notice to EFH Corp., the U.S. Trustee, and the Committees before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

10. BK shall not charge a markup to the EFH Debtors with respect to fees billed by contract attorneys who are hired by BK to provide services to the EFH Debtors and shall ensure

that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules. For the avoidance of doubt, BK shall not share fees with existing or future contract attorneys who advise on the Debtors' chapter 11 cases or enter into fee sharing arrangements with any such contract attorneys.

11. EFH Corp. and BK are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

13. To the extent the Application, the Klauder Declaration, the Evans Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. Notwithstanding any contrary provision in the Application or the Engagement Letter, the Court shall retain jurisdiction to hear and determine all matters arising from or related to implementation of this Order.

Dated: 11/12/15
Wilmington, Delaware

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge