# Exhibit A

**Motion of UMB Bank, N.A. to Alter or Amend Order Regarding EFIH Debtors' Partial Objection to Proof of Claim 6347**

63182413

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) **Re: D.I. 4964, 6783**<br>) <u>Proposed Objection Deadline</u>: November 19, 2015 at 4:00 p.m.<br>) <u>Proposed Hearing Date</u>: November 25, 2015 at 10:00 a.m. |

## MOTION OF UMB BANK, N.A. TO ALTER OR AMEND ORDER REGARDING EFIH DEBTORS' PARTIAL OBJECTION TO PROOF OF CLAIM 6347

UMB Bank, N.A., as Indenture Trustee (the "<u>Trustee</u>") for the unsecured 11.25%/12.25% Senior Toggle Notes Due 2018 (the "<u>PIK Notes</u>" and such holders, the "<u>PIK Noteholders</u>"), by and through its undersigned counsel, files this motion ("<u>Motion</u>"), pursuant to Federal Rule of Civil Procedure 59(e), made applicable by Federal Rule of Bankruptcy Procedure 9023, and Federal Rule of Civil Procedure 60(b), made applicable by Federal Rule of Bankruptcy Procedure 9024, to alter or amend the Court's judgment entered by Order dated October 30, 2015 [D.I. 6783], sustaining *EFIH Debtors' Partial Objection to Proof of Claim No. 6347* [D.I. 4964] (the "<u>Partial Claim Objection</u>"), by entering separate orders substantially in the form attached hereto as **Exhibits A-B** in connection with (i) the Memorandum Opinion "disallow[ing] the portion of the PIK Claim seeking an amount for 'premiums, Applicable Premium, prepayment penalties, make-whole premiums, [and/or] call premiums'" (the "<u>Call Premium Opinion</u>") [D.I. 6781] and (ii) the Memorandum Opinion addressing the PIK Noteholders' entitlement to postpetition interest [D.I. 6782] (the "<u>Postpetition Interest Opinion</u>").

## Jurisdiction

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee consents pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested in this Motion are rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 59(e) and 60(b) of the Federal Rules of Civil Procedure (the "Federal Rules"), and Local Rule 9013-1k(ii).

## Relief Requested

4. By this Motion, the Trustee requests that the Court alter or amend the judgment entered by Order dated October 30, 2015 [D.I. 6783] sustaining the Partial Claim Objection (the "Order") by entering separate orders substantially in the form attached hereto as **Exhibits A-B** in connection with (i) the Call Premium Opinion and (ii) the Postpetition Interest Opinion. Counsel to the above captioned debtors and debtors-in-possession (the "Debtors") has informed Trustee's counsel that the Debtors have no objection to the relief requested in the Motion.

## Background

5. On July 9, 2015, Energy Future Intermediate Holding Company LLC and EFIH

Finance Inc. (together, the "EFIH Debtors") filed the Partial Claim Objection. The EFIH Debtors objected to the Proof of Claim No. 6347 (the "PIK Claim") to the extent it sought (i) payment of a makewhole or call premium pursuant to section 3.07(a) or 3.07(d) of the indenture (the "PIK Indenture") governing the PIK Notes (the "Call Premium Objection") and (ii) postpetition interest at the rate specified in the PIK Indenture (the "Postpetition Interest Objection"). Partial Claim Obj. at 1-2.

6. By agreement between the Trustee and the EFIH Debtors, the parties briefed the Call Premium Objection and the Postpetition Objection separately.

7. On October 20, 2015, the Court heard a joint oral argument on the Call Premium Objection and summary judgment motions filed in connection with the adversary proceeding commenced by the indenture trustee for the EFIH second lien notes (the "Second Lien Trustee") regarding the EFIH second lien noteholders' entitlement to a call premium [Adv. Proc. No. 14-50405, D.I. 41] (the "Second Lien Call Premium Litigation") concerning nearly identical issues as the Call Premium Objection.

8. On October 28, 2015, the Court heard oral argument on the Postpetition Interest Objection.

9. On October 29, 2015, the Court issued the Amended Memorandum Opinion [Adv. Proc. No. 14-50405, D.I. 64] and Corrected Order [Adv. Proc. No. 14-50405, D.I. 65] (the "Second Lien Order"), granting summary judgment in favor of the EFIH Debtors in the Second Lien Call Premium Litigation. Similarly, on October 30, 2015, the Court issued the Call Premium Opinion, sustaining the Call Premium Objection.

10. On October 30, 2015, the Court issued a separate Postpetition Interest Opinion, sustaining the Postpetition Interest Objection.

11. On October 30, 2015, the Court also entered a single Order [D.I. 6783] referring to both the Call Premium Opinion and the Postpetition Interest Opinion and sustaining the Partial Claim Objection.

12. On November 2, 2015, the Second Lien Trustee filed a Notice of Appeal of the Second Lien Order [Adv. Proc. No. 14-50405, D.I. 67] (the "Second Lien Appeal").

### Basis for Relief

13. By this Motion, the Trustee is not asking the Court to revisit its holdings in either the Call Premium Opinion or the Postpetition Interest Opinion. Rather, the Trustee is simply requesting that the Court alter or amend the Order by entering separate orders related to each opinion. Debtors' counsel has informed Trustee's counsel that the Debtors have no objection to the relief requested in the Motion.

14. The Court has authority to alter or amend its judgment to enter separate orders pursuant to both Federal Rule 59(e), made applicable in these proceedings by Bankruptcy Rule 9023, which provides that the Court may alter or amend its judgment, and Federal Rule 60(b), made applicable in these proceedings by Bankruptcy Rule 9024, which provides that the Court may provide relief from a final judgment or order for, among other things, any "reason that justifies relief."

15. Entering separate orders would promote procedural and judicial efficiency by allowing the Trustee to prosecute separate appeals related to distinct issues. Otherwise because the Order sustains both the Call Premium Objection and the Postpetition Interest Objection, the Trustee's notice of appeal of the Order, if not modified, necessarily would relate to both issues notwithstanding that the Court entered separate opinions related to each objection. The Call

Premium Opinion and the Postpetition Interest Opinion, however, deal with distinct issues that were argued and briefed separately in front of this Court.

16.   For the same reasons it was most efficient for the Court to hear those issues separately, it would be most efficient for the issues to be appealed separately.[1] In particular, given the similarities between the call premium claims at issue in the Call Premium Objection and the Second Lien Appeal, the Trustee believes those appeals should be consolidated into one appeal, while any appeal of the Postpetition Interest Opinion should be prosecuted separately. If the Court enters two separate judgments related to the Call Premium Opinion, on the one hand, and the Postpetition Interest Premium, on the other hand, the Trustee believes that separate appeals, including consolidation of the call premium appeal with the Second Lien Appeal, can be easily accomplished.

*[Remainder of page intentionally left blank.]*

---

[1]   The deadline to file a notice of appeal is tolled pending resolution of this Motion. Fed. R. Bankr. P. 8002(b). Nevertheless, out of an abundance of caution, the Trustee is filing a notice of appeal of the Order already entered concurrently with this Motion. If the requested relief in this Motion is granted, that notice of appeal will be withdrawn in order for the Trustee to pursue separate appeals of the two orders. Because this Motion is a timely motion under Bankruptcy Rules 9023 and 9024 filed prior to the notice of appeal, this Court retains jurisdiction to consider the Motion. Fed. R. Bankr. P. 8002(b)(2).

## Conclusion

**WHEREFORE**, for the reasons set forth in this Motion, the Trustee respectfully requests that the Court (i) alter or amend the Order by entering orders substantially in the form attached hereto as **Exhibits A-B** and (ii) grant any other and further relief as this Court deems just and proper.

Dated: November 12, 2015
Wilmington, Delaware

| | |
|---|---|
| **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Ira S. Dizengoff (admitted *pro hac vice*)<br>Abid Qureshi (admitted *pro hac vice*)<br>One Bryant Park<br>New York, NY 10036<br>Telephone: (212) 872-1000<br><br>Scott L. Alberino (admitted *pro hac vice*)<br>1333 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036<br>Telephone: (202) 887-4000 | By: */s/ Raymond H. Lemisch*<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>Raymond H. Lemisch (No. 4204)<br>919 Market Street, Suite 1000<br>Wilmington, DE 19801<br>Telephone: (302) 426-1189<br><br>**FOLEY & LARDNER LLP**<br>Harold L. Kaplan (admitted *pro hac vice*)<br>Mark F. Hebbeln (admitted *pro hac vice*)<br>Lars A. Peterson (admitted *pro hac vice*)<br>321 North Clark Street, Suite 2800<br>Chicago, IL 60654-5313<br>Telephone: (312) 832-4500<br><br>Barry G. Felder (admitted *pro hac vice*)<br>Jonathan H. Friedman (admitted *pro hac vice*)<br>90 Park Avenue<br>New York, NY 10016<br>Telephone: (212) 682-7474 |

*Co-Counsel for UMB BANK, N.A., as Trustee*

# Exhibit A

**Proposed Order Related to Call Premium Opinion**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) **Re: D.I. 4964**<br>)<br>) |

## ORDER

For the reasons set forth in the Court's Memorandum Opinion dated October 30, 2015 [D.I. 6781], the Court will sustain *EFIH Debtors' Partial Objection to Proof of Claim No. 6347 filed by the Indenture Trustee for the EFIH Unsecured Notes* [D.I. 4964] filed on July 9, 2015, as it relates to the portion of the PIK Claim seeking an amount for premiums, Applicable Premium, prepayment penalties, make-whole premiums, and/or call premiums. This Order amends and supersedes the prior Order at Docket No. 6783.

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

Date: November __, 2015

## Exhibit B

**Proposed Order Related to Postpetition Interest Opinion**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) **Re: D.I. 4964**<br>)<br>) |

## ORDER

For the reasons set forth in the Court's Memorandum Opinion dated October 30, 2015 [D.I. 6782], the Court will sustain *EFIH Debtors' Partial Objection to Proof of Claim No. 6347 filed by the Indenture Trustee for the EFIH Unsecured Notes* [D.I. 4964] filed on July 9, 2015, as it relates to the portion of the PIK Claim seeking postpetition interest at the rate specified in the PIK Indenture. This Order amends and supersedes the prior Order at Docket No. 6783.

                                              THE HONORABLE CHRISTOPHER S. SONTCHI
                                              UNITED STATES BANKRUPTCY JUDGE

Date: November __, 2015