# Exhibit A

**UMB Motion**

63186854

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) Re: D.I. 4964, 6783<br>)<br>) |

**MOTION OF UMB BANK, N.A. TO SHORTEN NOTICE PERIOD IN CONNECTION WITH MOTION OF UMB BANK, N.A. TO ALTER OR AMEND ORDER REGARDING EFIH DEBTORS' PARTIAL OBJECTION TO PROOF OF CLAIM 6347**

UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes Due 2018 (the "PIK Notes" and such holders, the "PIK Noteholders"), by and through its undersigned counsel, files this motion ("Motion"), seeking entry of an order shortening the notice period in connection with the relief requested in connection with the *Motion of UMB Bank, N.A. to Alter or Amend Order Regarding EFIH Debtors' Partial Objection to Proof of Claim 6347* ("Motion to Amend"), filed contemporaneously herewith. In support of this Motion, the Trustee respectfully represents as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee consents pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this

Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested in this Motion are rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-1(e).

### Relief Requested

4. By this Motion, the Trustee requests entry of an order shortening the notice, objection, and reply periods with respect to the Motion to Amend.

### Background

5. On July 9, 2015, Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. (together, the "EFIH Debtors") filed the *EFIH Debtors' Partial Objection to Proof of Claim No. 6347* [D.I. 4964] (the "Partial Claim Objection"). The EFIH Debtors objected to the Proof of Claim No. 6347 (the "PIK Claim") to the extent it sought (i) payment of a makewhole or call premium pursuant to section 3.07(a) or 3.07(d) of the indenture (the "PIK Indenture") governing the PIK Notes (the "Call Premium Objection") and (ii) postpetition interest at the rate specified in the PIK Indenture (the "Postpetition Interest Objection"). Partial Claim Obj. at 1-2.

6. By agreement between the Trustee and the EFIH Debtors, the parties briefed the Call Premium Objection and the Postpetition Objection separately.

7. On October 20, 2015, the Court heard a joint oral argument on the Call Premium Objection and summary judgment motions filed in connection with the adversary proceeding commenced by the indenture trustee for the EFIH second lien notes (the "Second Lien Trustee") regarding the EFIH second lien noteholders' entitlement to a call premium [Adv. Proc. No. 14-

50405, D.I. 41] (the "Second Lien Call Premium Litigation") concerning nearly identical issues as the Call Premium Objection.

8.  On October 28, 2015, the Court heard oral argument on the Postpetition Interest Objection.

9.  On October 29, 2015, the Court issued the Amended Memorandum Opinion [Adv. Proc. No. 14-50405, D.I. 64] and Corrected Order [Adv. Proc. No. 14-50405, D.I. 65] (the "Second Lien Order"), granting summary judgment in favor of the EFIH Debtors in the Second Lien Call Premium Litigation. Similarly, on October 30, 2015, the Court issued a Memorandum Opinion sustaining the Call Premium Objection (the "Call Premium Opinion") [D.I. 6781].

10. On October 30, 2015, the Court issued a separate Memorandum Opinion sustaining the Postpetition Interest Objection [D.I. 6782] (the "Postpetition Interest Opinion").

11. On October 30, 2015, the Court also entered a single Order [D.I. 6783] (the "Order") referring to both the Call Premium Opinion and the Postpetition Interest Opinion and sustaining the Partial Claim Objection.

12. On November 2, 2015, the Second Lien Trustee filed a Notice of Appeal of the Second Lien Order [Adv. Proc. No. 14-50405, D.I. 67] (the "Second Lien Appeal").

13. In the Motion to Amend filed concurrently herewith, the Trustee requests that the Court alter or amend the Order solely to enter separate orders with respect to the Call Premium Objection and the Postpetition Interest Objection. Entry of separate orders will promote procedural and judicial efficiency by allowing the Trustee to prosecute separate appeals related to distinct issues.

## Basis for Relief

14. Local Rule 9006-1 (c) provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1 (b) at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). Local Rule 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1 (e). Additionally, Local Rule 9006-1(d) further provides that "[r]eply papers may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." Del. Bankr. L.R. 9006-1(d).

15. For the reasons set forth herein, the Trustee seeks to shorten the notice, objection, and reply periods for the relief requested in the Motion to Amend, and ask that the Court consider the Motion to Amend at the next omnibus hearing scheduled to take place in these chapter 11 cases on November 25, 2015 starting at 10:00 a.m. (prevailing Eastern Time) (the "November 25th Hearing").

16. The Motion to Amend does not seek for this Court to revisit its rulings in connection with the Call Premium Opinion and the Postpetition Interest Opinion. Instead, it merely requests that the Court enter separate orders to promote procedural and judicial efficiency in the related appeals. Counsel to the above captioned debtors and debtors-in-possession (the "Debtors") has informed Trustee's counsel that the Debtors—who would be the appellees in any appeals related to the Call Premium Opinion and the Postpetition Interest Opinion—have no objection to the relief requested in the Motion to Amend.

17. In light of the limited, and likely uncontroversial, procedural relief requested in the Motion to Amend, shortening the notice and objection period will allow the Trustee to

4

prosecute any appeals as expeditiously as possible. While the Trustee believes any arguments that its appeals will be equitably mooted if the Debtors' proposed plan of reorganization is consummated would be meritless, the Trustee believes it important to prosecute its appeals as expeditiously as possible, in part, to avoid any such arguments.

18. Moreover, one of the reasons for seeking entry of separate orders is so the Trustee can seek to consolidate its appeal of an order sustaining only the Call Premium Objection with the Second Lien Appeal, which addresses nearly identical issues. Shortening the notice and objection period would allow the Trustee to move for consolidation while the Second Lien Appeal remains at its early stages.

19. Accordingly, the Trustee seeks to shorten notice to have the Motion to Amend heard at the November 25 Hearing—13 days from the filing of the Motion to Amend. Given the circumstances, it is reasonable and appropriate to require parties to file and serve any objections to the relief requested in the Motion to Amend by November 19, 2015 at 4:00 p.m. (prevailing Eastern Time). Such proposed objection deadline will provide parties in interest with sufficient time to respond to the relief requested in connection with the Motion to Amend.

20. The Motion to Amend, as well as this Motion, was served by overnight delivery on November 12, 2015.

*[Remainder of page intentionally left blank.]*

## Conclusion

**WHEREFORE**, for the reasons set forth in this Motion, the Trustee respectfully requests that the Court (i) shorten the notice and objection period for the Motion to Amend by entering an orders substantially in the form attached hereto as **Exhibit A** and (ii) grant any other and further relief as this Court deems just and proper.

Dated: November 12, 2015
Wilmington, Delaware

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira S. Dizengoff (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000

Scott L. Alberino (admitted *pro hac vice*)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000

By: /s/ Raymond H. Lemisch
**KLEHR HARRISON HARVEY BRANZBURG LLP**
Raymond H. Lemisch (No. 4204)
919 Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 426-1189

**FOLEY & LARDNER LLP**
Harold L. Kaplan (admitted *pro hac vice*)
Mark F. Hebbeln (admitted *pro hac vice*)
Lars A. Peterson (admitted *pro hac vice*)
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: (312) 832-4500

Barry G. Felder (admitted *pro hac vice*)
Jonathan H. Friedman (admitted *pro hac vice*)
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474

*Co-Counsel for UMB BANK, N.A., as Trustee*

Case 14-10979-CSS    Doc 6969-1    Filed 11/12/15    Page 1 of 3

# Exhibit A

## Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) Re: D.I. 4964<br>) |

## ORDER SHORTENING NOTICE PERIOD IN CONNECTION WITH RELIEF REQUESTED IN CONNECTION WITH MOTION OF UMB BANK, N.A. TO ALTER OR AMEND ORDER REGARDING EFIH DEBTORS' PARTIAL OBJECTION TO PROOF OF CLAIM 6347

Upon the motion, dated November 12, 2015 (the "Motion"), of UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes Due 2018 (the "PIK Notes" and such holders, the "PIK Noteholders"), for entry of an order pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware shortening the notice period in connection with certain relief requested in the *Motion of UMB Bank, N.A. to Alter or Amend Order Regarding EFIH Debtors' Partial Objection to Proof of Claim 6347* ("Motion to Amend") and granting certain related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having determined the relief sought in the Motion is in the best

interests of the Debtors, their estates and creditors, and all parties in interest; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is

ORDERED that the Motion is GRANTED, as set forth herein; and it is further

ORDERED that the hearing to consider the relief requested in the Motion to Amend shall be held on November 25, 2015 at 10:00 a.m. (prevailing Eastern Time); and it is further

ORDERED that written objections to the relief requested the Motion to Amend, if any, shall be filed and served no later than November 19, 2015 at 4:00 p.m. (prevailing Eastern Time); and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

Date: November __, 2015