# Exhibit A

**Fidelity Claims Stipulation**

**STIPULATION**

This STIPULATION (this "**Stipulation**")[1] is made and entered into as of November 12, 2015 (the "**Stipulation Effective Date**"), by and among the following parties:

(a) (i) Energy Future Holdings Corp., a Texas corporation ("**EFH**"); (ii) Energy Future Intermediate Holding Company LLC ("**EFIH**"), a Delaware limited liability company; and (iii) EFIH Finance Inc. ("**EFIH Finance**," and together with EFIH, the "**EFIH Debtors**"), a Delaware corporation and a direct, wholly-owned subsidiary of EFIH; and

(b) the undersigned funds and accounts advised or sub-advised by Fidelity Management & Research Company or one of its affiliates (collectively, "**Fidelity**").

EFH, EFIH, EFIH Finance and Fidelity are each referred to herein as a "**Party**" and are collectively referred to herein as the "**Parties**."

**WHEREAS**, on April 29, 2014 (the "**Petition Date**"), EFH, the EFIH Debtors, and certain of their affiliates commenced chapter 11 cases in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), which chapter 11 cases are being jointly administered and are captioned In re Energy Future Holdings Corp., et al., Case No. 14-10979 (CSS) (the "**Chapter 11 Cases**");

**WHEREAS**, Fidelity holds (i) claims (the "**EFH LBO Note Claims**") against EFH arising out of (a) the 10.875% senior notes due November 1, 2017 (the "**EFH LBO Senior Notes**") issued pursuant to that certain indenture (as amended and/or supplemented, the "**EFH LBO Note Indenture**") dated as of October 31, 2007 by and among EFH, as issuer, and American Stock Transfer & Trust Company, LLC, as indenture trustee (the "**EFH Notes Trustee**"), and (b) the 11.25%/12.00% toggle notes due November 1, 2017 (the "**EFH LBO Toggle Notes**" and together with the EFH LBO Senior Notes, the "**EFH LBO Notes**") issued pursuant to the EFH LBO Note Indenture; (ii) claims (the "**EFH Legacy Note Claims**") against EFH arising out of (a) the 5.55% Series P Notes due November 15, 2014 (the "**EFH Legacy Series P Notes**") issued pursuant to that certain indenture (as amended and/or supplemented, the "**EFH Legacy Series P Indenture**") dated as of November 1, 2004 by and among EFH, as issuer, and the EFH Notes Trustee, (b) the 6.50% Series Q Notes due November 15, 2024 (the "**EFH Legacy Series Q Notes**") issued pursuant to that certain indenture (as amended and/or supplemented, the "**EFH Legacy Series Q Indenture**") dated as of November 1, 2004 by and among EFH, as issuer, and the EFH Notes Trustee, and (c) the 6.55% Series R Notes due November 15, 2034 (the "**EFH Legacy Series R Notes**" and together with the EFH Legacy Series P Notes and the EFH Legacy Series Q Notes, the "**EFH Legacy Notes**") issued pursuant to that certain indenture (as amended and/or supplemented, the "**EFH Legacy Series R Indenture**" and together with the EFH Legacy Series P Indenture and EFH Legacy Series Q Indenture, the "**EFH Legacy Note Indentures**") dated as of

---

[1] Unless otherwise indicated, capitalized terms used but not otherwise defined herein have the meaning ascribed to such terms in the Plan, as defined below, and, if not defined therein, the PSA, as defined below.

November 1, 2004 by and among EFH, as issuer, and the EFH Notes Trustee; and (iii) claims (the "**EFIH Second Lien Note Claims**" and together with the EFH LBO Note Claims and EFH Legacy Note Claims, the "**Fidelity Claims**") against the EFIH Debtors arising out of the 11.00% senior secured second lien notes due October 1, 2021 and 11.75% senior secured second lien notes due March 1, 2022 (the "**EFIH Second Lien Notes**") issued pursuant to that certain indenture (as amended and/or supplemented, the "**EFIH Second Lien Note Indenture**") dated as of April 25, 2011 by and among the EFIH Debtors, as issuers, and Computershare Trust Company, N.A. and Computershare Trust Company of Canada, as successor indenture trustee to The Bank of New York Mellon Trust Company, N.A. (the "**EFIH Second Lien Notes Trustee**");

**WHEREAS**, on June 16, 2014 the EFIH Second Lien Notes Trustee filed an adversary complaint against the EFIH Debtors, commencing the adversary proceeding captioned Computershare Trust Company, N.A. and Computershare Trust *Company of Canada v. Energy Future Intermediate Holding Company LLC and EFIH Finance, Inc.*, Adv. Pro. No. 14-50405 (CSS) (Bankr. D. Del.), seeking a declaration that the EFIH Debtors are obligated to pay makewhole claims in connection with the EFIH Second Lien Notes, along with other contested amounts relating to indemnification obligations, professional fees and interest;

**WHEREAS**, on or about October 24, 2014, the EFH Notes Trustee filed proofs of claim 6524-6943, 7475, 7476, 7477, 7478, 7479, 7480, 7481 and 7482 in the Chapter 11 Cases on behalf of itself and all holders of EFH LBO Notes and EFH Legacy Notes, whereby it asserted claims for, among other things, principal, prepetition interest, postpetition interest at the default rate set forth in the EFH LBO Note Indenture and the EFH Legacy Note Indentures, interest on interest, makewhole and other applicable premiums and penalties, and certain fees and expenses;

**WHEREAS**, on or about October 24, 2014, the EFIH Second Lien Notes Trustee filed proofs of claim 7486 and 7487 in the Chapter 11 Cases on behalf of itself and all holders of EFIH Second Lien Notes, whereby it asserted claims for, among other things, principal, prepetition interest, postpetition interest, and certain fees and expenses, and reserved its right to assert claims for any premiums, postpetition interest including "Additional Interest," and interest on overdue interest;

**WHEREAS**, on April 13, 2015, the EFIH Second Lien Notes Trustee filed the *Amended Complaint for Damages and Declaratory Relief* in the EFIH Second Lien Adversary Proceeding [Adv. D.I. 37], seeking, among other things, damages for a makewhole premium in connection with the Debtors' partial pay down of the EFIH Second Lien Notes on March 11, 2015;

**WHEREAS**, on September 11, 2015, the Debtors and certain other parties entered into that certain *Amended & Restated Plan Support Agreement* (the "**PSA**") setting forth the terms and conditions on which such parties will pursue the approval and consummation of the Plan and the Restructuring Transactions;

**WHEREAS**, on September 21, 2015, the Debtors filed in the Chapter 11 Cases the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant*

*to Chapter 11 of the Bankruptcy Code* [D.I. 6122] (as may be amended from time to time, the "**Plan**"), which provides that (i) EFH Legacy Note Claims and EFH LBO Note Claims (both primary claims at EFH and guaranty claims at the EFIH Debtors) shall be allowed in an amount equal to the sum of outstanding principal, accrued but unpaid prepetition interest, and accrued postpetition interest at the Federal Judgment Rate, but not including any Makewhole Claims; and (ii) EFIH Second Lien Note Claims shall be allowed in an amount equal to the sum of outstanding principal, accrued but unpaid prepetition interest, accrued postpetition interest (including Additional Interest and interest on interest) on such principal at the non-default contract rate set forth in the EFIH Second Lien Note Indenture through the Effective Date, and all reasonable and documented fees, expenses and indemnification claims owed under the EFIH Second Lien Note Indenture, but not including any Makewhole Claims;

**WHEREAS**, the Plan serves as the Debtors' objection to all other claims asserted and amounts alleged to be owed with respect to the EFH LBO Notes, EFH Legacy Notes and EFIH Second Lien Notes;

**WHEREAS**, on October 7, 2015, the EFH Notes Trustee filed a motion for partial summary judgment in response to the Debtors' objection with respect to Makewhole Claims on the EFH Legacy Series Q Notes and EFH Legacy Series R Notes arguing that payment of Makewhole Claims is compelled as a matter of law by the applicable indentures and governing law;

**WHEREAS**, on October 14, 2015, the Debtors filed the *Objection of Energy Future Holdings Corp. to Proofs of Claim 6524-6733, 7477, 7478 and 7479 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH Legacy Notes* (the "EFH Legacy Note Claims Objection") [D.I. 6463], objecting to the EFH Legacy Note Claims to the extent they, among other things, (a) assert an entitlement to (i) make-whole premiums, (ii) postpetition interest (including default interest and interest on overdue interest payments), (iii) unamortized original issue discount, (iv) alleged contractual damages in excess of the unpaid principal balance and prepetition interest and other amounts owing under the terms of the Legacy Notes that were accrued and unpaid as of the Petition Date, and (v) fees and expenses, including any right to indemnification from EFH or any other Debtor;

**WHEREAS**, on October 23, 2015, the Debtors filed the *Objection of Energy Future Holdings Corp. Et Al., to Proofs of Claim 7475, 7480, 7481 and 6874-6943 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH LBO Notes* (the "EFH LBO Note Claims Objection") [D.I. 6596], objecting to the EFH LBO Notes to the extent they, among other things, (a) assert an entitlement to (i) make-whole premiums, (ii) postpetition interest (including default interest and interest on overdue interest payments), (iii) unamortized original issue discount, and (b) assert claims against the Debtors other than EFH, as issuer, and Energy Future Competitive Holdings Company LLC and EFIH, as guarantors;

**WHEREAS**, on October 28, 2015, the EFH Notes Trustee filed the *Response of EFH Legacy Notes Trustee to Objection of Energy Future Holdings Corp. to Proofs of Claim 6524-6733, 7477, 7478 and 7479 Filed by American Stock Transfer & Trust Co. LLC as Indenture Trustee for EFH Legacy Notes* [D.I. 6718], arguing that the EFH Legacy Note Claims Objection and EFH LBO Note Claims Objection should be overruled; and

3

**WHEREAS**, EFH, the EFIH Debtors, Fidelity, and certain other parties in interest in the Chapter 11 Cases have been engaged in good faith negotiations with each other regarding the disputes with respect to the Fidelity Claims, and the Parties have reached agreement with each other with respect to such disputes on the terms and conditions set forth in this Stipulation.

**NOW, THEREFORE**, in consideration of the promises and the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each Party, intending to be legally bound, agrees as follows:

**Section 1.    Effective Date of Stipulation**.

This Stipulation shall be immediately effective and binding on Fidelity upon the last to occur of (a) execution and delivery by Fidelity to the other Parties of a signature page to this Stipulation and entry by Fidelity into the PSA, and (b) dismissal with prejudice of the adversary proceeding captioned *Avenue Capital Management II LP, et al., v. Fidelity Investments*, Adv. Pro. No. 14-50797 (CSS) (Bankr. D. Del.), including any and all pending appeals related thereto (the "**Fidelity Call Litigation**"). For the avoidance of doubt and purposes of clarity, in the event that the Fidelity Call Litigation is not dismissed with prejudice for any reason, then in that event Fidelity's execution of this Stipulation shall be a nullity, and Fidelity shall have no obligations whatsoever in connection with this Stipulation. This Stipulation shall become effective and binding with respect to EFH and the EFIH Debtors upon the last to occur of (a) entry by the Bankruptcy Court of an order approving this Stipulation, and (b) dismissal with prejudice of the Fidelity Call Litigation.

**Section 2.    Settlement of Fidelity Claims**.

2.1    The EFH Legacy Note Claims held by Fidelity as of the date Fidelity executes this Stipulation will be Allowed in an amount equal to the sum of (a) the principal amount outstanding of the EFH Legacy Notes held by Fidelity, plus accrued but unpaid prepetition interest, under the EFH Legacy Note Indentures, and (b) postpetition interest at the Federal Judgment Rate through the effective date the Plan, but not including, for the avoidance of doubt, any Makewhole Claims.

2.2    The EFH LBO Note Claims held by Fidelity as of the date Fidelity executes this Stipulation will be Allowed in an amount equal to the sum of (a) the principal amount outstanding of EFH LBO Notes held by Fidelity, plus accrued but unpaid prepetition interest, under the EFH LBO Note Indenture, and (b) 57.5% of accrued but unpaid postpetition interest at the non-default contract rate set forth in the EFH LBO Note Indenture through the effective date of the Plan, but not including, for the avoidance of doubt, any Makewhole Claims. In addition, Fidelity shall receive a consent fee equal to 2.5% of unpaid postpetition interest accrued at the non-default contract rate set forth in the EFH LBO Note Indenture through the effective date of the Plan with respect to the EFH LBO Note Claims held by Fidelity, which consent fee shall be (y) earned upon the last to occur of the effectiveness of this Stipulation as to Fidelity and the date the Bankruptcy Court enters an order approving this Stipulation and (z) payable upon the effective date of the Plan, unless this Stipulation has been terminated under

4

section 3.1 hereof.  For the avoidance of doubt, Fidelity will only be entitled to a single recovery with respect to the EFH LBO Notes and related guarantees.

2.3    The EFIH Second Lien Note Claims held by Fidelity as of the date Fidelity executes this Stipulation will be Allowed in an amount equal to the sum of (a) the principal amount outstanding of EFIH Second Lien Notes held by Fidelity, plus accrued but unpaid prepetition interest thereon (including any Additional Interest and interest on interest, as applicable) at the applicable non-default contract rate set forth in, and calculated in accordance with, the EFIH Second Lien Note Indenture and all related agreements, as applicable, and (b) accrued but unpaid postpetition interest (including any Additional Interest and interest on interest) on such principal at the non-default contract rate set forth in, and calculated in accordance with, the EFIH Second Lien Note Indenture and all related agreements, as applicable, through the effective date of the Plan, but not including for the avoidance of doubt, any Makewhole Claims.

2.4    In exchange for Fidelity's agreements contained herein and in the PSA, including the commitment to purchase $500 million of New EFH Common Stock, EFH shall pay on the Effective Date of the Plan all reasonable and documented unpaid fees and expenses incurred by Fidelity in connection with these Chapter 11 Cases in an amount not to exceed $12 million.

2.5    All Allowed EFH Legacy Note Claims, Allowed EFH LBO Note Claims and Allowed EFIH Second Lien Note Claims held by Fidelity shall be paid in Cash on the Effective Date of the Plan.  The Debtors will not exercise the option in Article III, Section B(4)(c) of the Plan to reinstate EFH Legacy Series Q Claims and EFH Legacy Series R Claims held by Fidelity.  For the avoidance of doubt, the commitments in this Section 2.5 shall apply only in connection with consummation of the Plan and shall not bind the Debtors or any other party in connection with any other restructuring transaction, including, without limitation, any Alternative Restructuring (as defined in the PSA).

**Section 3.    Termination**.

3.1    This Stipulation shall be automatically terminated with respect to all Parties upon the occurrence of any of the following events: (a) termination of the PSA by EFH or (b) the Plan Support Termination Date, as defined and set forth in Section 11 of the PSA.

3.2    Upon termination of this Stipulation with respect to a Party in accordance with Section 3.1 hereof: (a) this Stipulation shall be of no further force and effect with respect to such Party; (b) such Party subject to such termination shall be released from its commitments, undertakings, and agreements under this Stipulation and shall have the rights that it would have had, had it not entered into this Stipulation, and shall be entitled to take all actions that it would have been entitled to take had it not entered into this Stipulation; and (c) the remaining Parties to this Stipulation, if any, shall be released from any commitments, undertaking, and agreements owed to such terminated Party under this Stipulation (including Section 2 hereof).

**Section 4.    Miscellaneous**.

4.1    Complete Agreement.

This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof and supersedes and nullifies all prior agreements, oral or written, among the Parties with respect thereto; *provided*, for the avoidance of doubt, the Parties' agreements pursuant to the PSA shall not be affected by the Parties' entry into this Stipulation.

4.2    Governing Law; Jurisdiction; Waiver of Jury Trial.

(a)    This Stipulation shall be construed and enforced in accordance with, and the rights of the Parties shall be governed by, the laws of the State of Delaware, without giving effect to the conflict of laws principles thereof.  Each Party hereto agrees that it shall bring any action or proceeding in respect of any claim arising out of or related to this Stipulation in the United States Bankruptcy Court for the District of Delaware (the "**Chosen Court**"), and solely in connection with claims arising under this Stipulation: (i) irrevocably submits to the exclusive jurisdiction and the authority of the Chosen Court; (ii) waives any objection to laying venue in any such action or proceeding in the Chosen Court; and (iii) waives any objection that the Chosen Court is an inconvenient forum, does not have jurisdiction over any Party hereto, or lacks the constitutional authority to enter final orders in connection with such action or proceeding.

(b)    Each Party hereby waives, to the fullest extent permitted by applicable law, any right it may have to a trial by jury in any legal proceeding arising out of, or relating to, this Stipulation or the transactions contemplated hereby (whether based on contract, tort, or any other theory).  Each Party (i) certifies that no representative, agent, or attorney of any other Party has represented, expressly or otherwise, that such other Party would not, in the event of litigation, seek to enforce the foregoing waiver and (ii) acknowledges that it and the other Parties have been induced to enter into this Stipulation by, among other things, the mutual waivers and certifications in this Section 3.2.

4.3    Execution of Stipulation.

This Stipulation may be executed and delivered in any number of counterparts and by way of electronic signature and delivery, each such counterpart, when executed and delivered, shall be deemed an original, and all of which together shall constitute the same agreement. Each individual executing this Stipulation on behalf of a Party has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

4.4    Interpretation and Rules of Construction.

This Stipulation is the product of negotiations among the Parties and in the enforcement or interpretation hereof, is to be interpreted in a neutral manner, and any presumption with regard to interpretation for or against any Party by reason of that Party having drafted or caused to be drafted this Stipulation, or any portion hereof, shall not be effective in regard to the interpretation hereof. The Parties were each represented by counsel during the negotiations

6

and drafting of this Stipulation and continue to be represented by counsel. In addition, this Stipulation shall be interpreted in accordance with section 102 of the Bankruptcy Code.

4.5     Settlement Discussions.

This Stipulation and the transactions contemplated herein are part of a proposed settlement among the Parties. Nothing herein shall be deemed an admission of any kind. To the extent provided by Federal Rule of Evidence 408, all applicable mediation privileges, and any applicable state rules of evidence, this Stipulation and all negotiations relating thereto shall not be admissible into evidence in any proceeding other than a proceeding to enforce the terms of this Stipulation.

4.6     Successors and Assigns; No Third Party Beneficiaries.

This Stipulation is intended to bind and inure to the benefit of the Parties and their respective successors and permitted assigns, as applicable. Except as otherwise explicitly set forth herein, nothing in this Stipulation is intended to benefit or create any right or cause of action in or on behalf of any person other than the Parties hereto (and their affiliated persons and entities who are intended to be beneficiaries of the releases and settlements set forth herein).

4.7     Notices.

All notices hereunder shall be deemed given if in writing and delivered, if sent by electronic mail, courier, or registered or certified mail (return receipt requested) to the following addresses (or at such other addresses as shall be specified by like notice):

(a)     if to EFH or the EFIH Debtors, to:

Energy Future Holdings Corp., et al.
Energy Plaza
1601 Bryan Street
Dallas, Texas 75201
Attention: General Counsel
E-mail addresses:     stacey.dore@energyfutureholdings.com
                      andrew.wright@energyfutureholdings.com

with copies (which shall not constitute notice) to:

Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Attention: Edward O. Sassower, P.C., Stephen E. Hessler, and Brian E. Schartz
E-mail addresses:     esassower@kirkland.com
                      shessler@kirkland.com
                      bschartz@kirkland.com

and

7

>Kirkland & Ellis LLP
>300 North LaSalle Street
>Chicago, IL 60654
>Attention:  James H.M. Sprayregen, P.C., Marc Kieselstein, P.C., Chad J. Husnick and Steven N. Serajeddini
>E-mail addresses:   jsprayregen@kirkland.com
>marc.kieselstein@kirkland.com
>chusnick@kirkland.com
>steven.serajeddini@kirkland.com;
>
>and
>
>Cravath, Swaine and Moore LLP
>Worldwide Plaza
>825 Eighth Avenue
>New York, NY 10019
>Attention:  Philip A. Gelston
>Email address:   pgelston@cravath.com
>
>and
>
>Jenner & Block LLP
>919 Third Avenue
>New York, NY 10022
>Attention:  Richard Levin
>Email address:   rlevin@jenner.com

(b)  if to Fidelity, to:

>Fidelity Management & Research Company
>82 Devonshire Street, # F6b
>Boston, MA 02109
>Attention:  Nate Van Duzer and Daniel Chisholm
>Email address:   Nate.VanDuzer@fmr.com
>daniel.chisholm@fmr.com
>
>with copies (which shall not constitute notice) to:
>
>Fried, Frank, Harris, Shriver & Jacobson LLP
>One New York Plaza
>New York, New York 10004
>Attention: Brad Eric Scheler, Gary Kaplan, and Matthew Roose
>E-mail addresses:   brad.eric.scheler@friedfrank.com
>gary.kaplan@friedfrank.com
>matthew.roose@friedfrank.com

or such other address as may have been furnished by a Party to each of the other Parties by notice given in accordance with the requirements set forth above. Any notice given by delivery, mail, or courier shall be effective when received.

4.8     Severability and Construction.

If any provision of this Stipulation shall be held by a court of competent jurisdiction to be illegal, invalid, or unenforceable, the remaining provisions shall remain in full force and effect if essential terms and conditions of this Stipulation for each Party remain valid, binding, and enforceable.

IN WITNESS WHEREOF, the Parties have caused this Stipulation to be executed and delivered by their respective duly authorized officers, solely in their respective capacity as officers of the undersigned and not in any other capacity, as of the date first set forth above.

[Signature Pages Follow]

**Debtor Signature Pages**

ENERGY FUTURE HOLDINGS CORP.
EFIH FINANCE INC.
ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC

By: _____
Name: Anthony R. Horton
Title: Senior Vice President & Treasurer

*[Stipulation]*

[Signature Pages Redacted]