IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ENERGY FUTURE HOLDINGS CORP., | : | Bankruptcy Case No. 14-10979 (CSS) |
| Debtor. | : | |
| | : | |
| SHIRLEY FENICLE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Miscellaneous Action No. 15-265-RGA |
| | : | |
| ENERGY FUTURE HOLDINGS CORP., | : | |
| | : | |
| Defendant. | : | |

**ORDER**

I have before me the Motion for Leave to Appeal Pursuant to 28 U.S.C. § 158(a)(3). (D.I. 1). The parties agree that whether I should grant this motion is discretionary. (D.I. 1, p.4; D.I. 2, p.8).

The motion was filed October 6, and the objection to it was filed October 20. There was nothing to indicate that the motion should get expedited consideration, and, thus, I only read the papers today. Debtors represent that the confirmation hearing, expected to take multiple weeks, was to begin on November 3. It appears that the confirmation hearing did indeed start on November 3. (Bkr. No. 14-10979, D.I. 6878 ("Transcript [re:] Hearing Held 11/3/2015 RE: Confirmation"); *see also* D.I. 6886, 6920, 6925).[1]

As I understand the subject matter of the proposed appeal, it is that the order approving

---

[1] I say "it appears" because I do not have access to the actual transcripts.

the disclosure statement was erroneous because its proposed treatment of "unmanifested" asbestos claimants was erroneous, as the proposed treatment could never be confirmed. Thus, it would "materially advance the ultimate termination of the litigation" for me (promptly) to so instruct the Bankruptcy Court. I do not express any opinion on the merits of the proposed treatment of the unmanifested asbestos claimants. Nevertheless, I am confident that allowing this interlocutory appeal while the confirmation hearing is going on makes no sense. First, even with expedition by everyone, the chances are that the Bankruptcy Court is going to decide the confirmation question before I would be able to decide the appeal. Second, as I understand it, the Bankruptcy Court has not decided whether the proposed treatment complies with the law or not. "[I]f the debtors and I get to confirmation and I decide they are trying to do what they can only do under 524(g), well they don't have that information and I think the plan would be DOA there. . . . I don't read that as what they're doing. . . . I'll hear argument on that at confirmation." (D.I. 2, Exh. A, pp. 55-56).

I do not believe that an interlocutory appeal would "materially advance the ultimate termination of the litigation."

The motion (D.I. 1) is **DENIED**.

IT IS SO ORDERED this 9 day of November 2015.

/s/ Richard G. Andrews
United States District Judge