## Exhibit B

## Retention Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: 653, 2044, 2045** |

## ORDER AUTHORIZING
## THE DEBTORS TO RETAIN AND EMPLOY THOMPSON &
## KNIGHT LLP AS SPECIAL COUNSEL FOR CERTAIN TAX-RELATED
## MATTERS, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing Energy Future Holdings Corp. ("EFH Corp.") to retain and employ Thompson & Knight LLP ("T&K") as special counsel to the Debtors for certain tax-related matters in accordance with the terms and conditions set forth in the Engagement Letters, effective *nunc pro tunc* to the Petition Date; all as more fully set forth in the Application, the McNulty Declaration, the Keglevic Declaration, and the *Supplemental Declaration of Mary McNulty in Support of the Application of Energy Future Holdings et al., for Entry of an Order Authorizing Energy Future Holdings Corp. to Retain and Employ Thompson & Knight LLP as Special Counsel for Certain Tax-Related Matters Effective*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application, the McNulty Declaration, the Keglevic Declaration, and the Supplemental McNulty Declaration, as applicable.

Nunc Pro Tunc *to the Petition Date* [D.I. 2044] (the "Supplemental McNulty Declaration"), and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application (as modified herein) is in the best interests of the Debtors' estates, their creditors, and other Parties-in-Interest; and the Court having found that the Debtors provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application, the McNulty Declaration, the Keglevic Declaration, the Supplemental McNulty Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent provided herein, effective *nunc pro tunc* to the Petition Date.

2. To the extent the Application, the McNulty Declaration, the Keglevic Declaration, the Supplemental McNulty Declaration, or the Engagement Letters is inconsistent with this Order, the terms of this Order shall govern.

3. The Debtors are authorized pursuant to sections 327(e), 328, and 330 of the Bankruptcy Code to employ and retain T&K as special counsel to represent the Debtors in connection with (a) the Debtors' debt restructuring, (b) IRS tax controversies, (c) Texas tax

2

issues, and (d) other tax matters as needed throughout the Debtors' chapter 11 cases (collectively, the "Tax Issues"), effective *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letters attached to the McNulty Declaration as **Exhibit 1**; *provided, however*, that nothing in the Engagement Letter shall supersede any provisions of the Bankruptcy Code during the pendency of the Debtors' chapter 11 cases. Furthermore, nothing in the Engagement Letter shall relieve T&K from the responsibility and obligation to disclose any and all proposed representations that may result in T&K being potentially adverse to the Debtors by way of a separate supplemental declaration filed in these cases.

4. T&K is authorized to provide the Debtors with the Services as described in the Application and the Engagement Letters.

5. T&K shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

6. T&K is authorized without further order of the Court to reserve and apply amounts from the retainer that T&K earned prepetition in accordance with the Engagement Letter and any advanced payments T&K earned prepetition (collectively, the "Retainer") that would otherwise be applied toward payment of postpetition fees and expenses (the "Postpetition Fees and Expenses") as are necessary and appropriate to compensate and reimburse T&K for fees or expenses accrued on or prior to the Petition Date (the "Prepetition Fees and Expenses") consistent with its ordinary course billing practices. T&K shall apply the remaining portion(s) of the Retainer to satisfy the payment of the Prepetition Fees and Expenses before the entry of an order approving any portion of T&K's first interim application (the "First Interim Fee Application") for payment of Postpetition Fees and Expenses. T&K currently estimates that the

3

remaining amount of the Retainer is approximately $122,234 and that the Prepetition Fees and Expenses total approximately $0. In advance of the hearing on the First Interim Fee Application, T&K shall disclose the amount of the Retainer (if any) that remains after applying the Retainer to the Prepetition Fees and Expenses. Thereafter, T&K shall apply the remaining amount of the Retainer (if any) to satisfy the payment of Postpetition Fees and Expenses approved pursuant to the order granting the First Interim Fee Application. The Retainer shall not be replenished postpetition.

7. T&K shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court; *provided, however*, that to the extent T&K received a retainer, such retainer must first be applied to the first allowed fees and must not be reserved by T&K at its discretion or be used to pay outstanding prepetition fees.

8. T&K also intends to make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with the Application and any interim and final fee applications to be filed by T&K in these chapter 11 cases.

9. T&K shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by T&K to provide services to the Debtors and shall ensure that

4

any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

10. T&K shall provide ten business days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application or the Engagement Letters are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

11. The Debtors and T&K are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. Notwithstanding any provision to the contrary in this Application, the McNulty Declaration, the Keglevic Declaration, the Supplemental McNulty Declaration, or the Engagement Letter, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Wilmington, Delaware
Dated: 9/16, 2014

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE