IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) Re: D.I. 6982, 7009 |

## STIPULATED SCHEDULING ORDER WITH RESPECT TO POSSIBLE REINSTATEMENT OF EFH LEGACY NOTES

**WHEREAS,** on September 28, 2015 the Court ruled that with regard to "issues related to the reinstatement of the EFH legacy notes on the T-side of the capital structure" it will permit "separate track discovery—document and deposition—on those narrow issues and also an extension of time for the submission of expert reports by the objectors." (9/28/15 Hr'g Tr. at 43.)

**WHEREAS,** the Court also held that "the issues related to the feasibility of reorganized TCEH and any other specific issues related to the reinstatement of the legacy notes won't be considered in trial until the week of November 30th." (*Id.*)

**WHEREAS,** the Debtors have worked in good faith to respond to informal diligence requests regarding potential reinstatement from the EFH Official Committee, including through written responses to diligence questions; the Debtors' production of documents; an in-person meeting with the Debtors' expert witnesses on October 15, 2015; a telephonic conference with

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

the Debtors' personnel on October 21, 2015; and an in-person meeting with the Debtors' personnel on October 26, 2015. On November 2, 2015, the EFH Official Committee issued a follow-up informal diligence request for certain additional documents and information (the "Reinstatement Diligence Request").

**WHEREAS,** on October 6, 2015, the EFH Official Committee served requests for certain documents related to Reinstatement (the "Reinstatement Document Requests"); on October 19, 2015, the Debtors served responses and objections to the Reinstatement Document Requests.

**WHEREAS,** the Debtors have worked in good faith with the EFH Indenture Trustee to identify materials in the Debtors' legacy discovery and Plan confirmation document productions relating to potential reinstatement of the EFH legacy notes.

**WHEREAS,** in light of these rulings and developments, the Debtors, the EFH Official Committee, and the EFH Indenture Trustee have conferred and agreed upon a schedule to govern further proceedings concerning the potential reinstatement of the EFH legacy notes.

**NOW, THEREFORE,** it is hereby ordered:

1. The following dates and deadlines shall govern formal discovery and proceedings strictly limited to issues regarding the potential reinstatement of the EFH legacy notes:

   (a) **Tuesday November 10, 2015,** shall be the deadline for the EFH Official Committee and EFH Indenture Trustee to serve deposition notices for up to three fact witness depositions, including an amended version of the Rule 30(b)(6) deposition notice that the EFH Indenture Trustee served October 23, 2015. The parties will work in good faith to identify the appropriate fact witnesses, including in response to any amended Rule 30(b)(6) deposition notice. Each witness the Debtors must offer in response to a 30(b)(6) deposition notice shall count as one deposition. Document subpoenas and any necessary depositions of keepers of records of third parties will not count toward the total number of depositions. In all events Kristopher Moldovan shall be made available as a fact witness for deposition.

(b) **Monday, November 16, 2015,** shall be the date on which the Debtors shall complete the production of documents requested in paragraph 5 of the Reinstatement Diligence Request.

(c) Subject to any ruling on a motion to compel, **Thursday, November 19, 2015,** shall be the date by which the EFH Official Committee and EFH Indenture Trustee collectively may serve up to two expert reports. The Debtors will be given an opportunity to depose the expert(s) before November 30, 2015.

(d) The parties must meet and confer in good faith to resolve all discovery disputes before filing a motion to compel. **Friday, November 20, 2015,** shall be the date on which the EFH Official Committee and the EFH Indenture Trustee may file a motion to compel to resolve any outstanding discovery disputes with the Debtors; opposition to such a motion shall be due the next business day after the motion is filed. The deadlines in this paragraph may be extended by the Debtors without further court order. No deadline shall be set for the EFH Indenture Trustee to move to compel third party compliance with any subpoenas served.

(e) **Monday, November 23, 2015,** shall be the date on which all fact discovery shall be complete.[2]

(f) **Wednesday, November 25, 2015,** shall be the date by which the EFH Official Committee and the EFH Indenture Trustee may file any supplemental pre-trial briefing on the issues concerning the potential reinstatement of the EFH legacy notes.

(g) **Wednesday, November 25, 2015,** shall be the date by which the Debtors, the EFH Official Committee, and the EFH Indenture Trustee must serve a list of witnesses and exhibits they intend to offer at the confirmation hearing regarding potential reinstatement of the EFH legacy notes, including a brief summary of each witness's anticipated testimony.

(h) **Wednesday, December 2, 2015,** shall be the date by which the Debtors may file a response to any supplemental briefing by the EFH Official Committee and the EFH Indenture Trustee.

(i) **Thursday, December 3, 2015,** shall be the earliest date on which the phase of the trial addressing the potential reinstatement of EFH legacy notes may commence.

2. The EFH Official Committee and the EFH Indenture Trustee expressly reserve the right to depose Mr. Ying with respect to any opinion regarding TCEH plan feasibility in

---

[2] This date is subject to a Court ruling on a motion to compel.

3

connection with reinstatement. The parties will work together in good faith with respect to the scheduling of Mr. Ying's further deposition.

3. Apart from those set forth above, this Order does not modify any other applicable dates or deadlines.

Dated: November 17, 2015
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 13381805v.1