# Exhibit F

# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) <br> ) Chapter 7 <br> ) |
| DOWNEY FINANCIAL CORP., | ) Case No. 08-13041 (CSS) <br> ) |
| Debtor. | ) <br> ) |
| | ) |
| MATTHEW A. CANTOR, in his <br> capacity as Chapter 7 Trustee for <br> Downey Financial Corp., and <br> WILMINGTON TRUST COMPANY, <br> in its capacity as Indenture Trustee, | ) <br> ) Adversary Proceeding <br> ) No.: 10-53731 (CSS) <br> ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) <br> ) |
| FEDERAL DEPOSIT INSURANCE <br> CORPORATION, in its capacity as receiver <br> for Downey Savings & Loan Association, F.A., | ) <br> ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## CERTIFICATION OF AMENDED ORDER FOR DIRECT APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT PURSUANT TO 28 U.S.C. § 158(d)(2)

The Plaintiffs have requested that the Court certify the Court's Order and Final Judgment of November 15, 2013 [D.I. 152] (the "Amended Order") for direct appeal to the United States Court of Appeals for the Third Circuit (the "Third Circuit"), pursuant to 28 U.S.C. § 158(d)(2) and Rule 8001(f) of the Federal Rules of Bankruptcy Procedure. A copy of the Amended Order and related opinion are attached hereto as Exhibit A and Exhibit B.

This Court's Amended Order entered final judgment in the above-captioned adversary proceeding based on the Court's grant of summary judgment to Plaintiffs, holding that certain tax refunds are property of the debtor bank holding company's bankruptcy estate. On

DOC ID - 20733153.3

135934.01600/40209545v.1

November 15, 2013, the Federal Deposit Insurance Corporation as receiver for Downey Savings
& Loan Association, F.A. (the "FDIC-R") filed a notice of appeal from the Amended Order.

If the parties to an appeal, the bankruptcy court or the district court so certify, an
appeal from a judgment, order, or decree may be taken directly to the governing United States
Circuit Court of Appeals if that Court authorizes the direct appeal. The required certification is
as follows:

> (i) the judgment, order, or decree involves a question of law as to
> which there is no controlling decision of the court of appeals for
> the circuit or of the Supreme Court of the United States, or
> involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law
> requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may
> materially advance the progress of the case or proceeding in which
> the appeal is taken.

28 U.S.C. § 158(d)(2)(A).

Certification of an order for direct appeal is mandatory in the presence of any of
the circumstances enumerated above. *See* 28 U.S.C. § 158(d)(2)(B) (providing that certification
"shall" be made in that instance). Upon consideration of the Plaintiffs' request, this Court
determines that each of those circumstances is present here. Specifically:

> 1.      The decision reflected in the Opinion and embodied in the Amended
>
> Order involves a question of law as to which there is no controlling decision of
>
> the Court of Appeals for this Circuit or the Supreme Court of the United States,
>
> namely the question whether and under what circumstance a bankrupt parent
>
> company owns tax refunds remitted to the parent company by the IRS or holds
>
> such refunds in trust for members of the consolidated group.

2.     The issue also clearly concerns a matter of public importance that transcends the parties to this bankruptcy case because the issue of whether tax refunds are property of the estate has come up repeatedly, and it will continue to arise in bankruptcy cases.  Thus, certification of the Amended Order to the Third Circuit will help to bring clarity not only to other courts considering similar issues related to tax sharing agreements, but also to commercial entities seeking to enter, or who already are party to, tax sharing arrangements.

3.     The Amended Order involves a question of law requiring resolution of conflicting decisions.  Although this Court has concluded that those cases which have resolved the question presented against the bankruptcy parent company are distinguishable from this case, appellant FDIC-R has argued otherwise.

4.     Direct appeal of the Amended Order will materially advance the progress of this bankruptcy case.  The issue of whether potentially substantial tax refunds are property of the estate is a central one in this bankruptcy case and its resolution by the Third Circuit will materially advance the case, foster judicial economy and reduce estate expenses.  Among other things, it is highly likely that an appeal of the question presented ultimately will be taken to the Third Circuit, and that this case will not be resolved until the Third Circuit has addressed the issue.  The question presented has been discussed in numerous opinions available for the Third Circuit's consideration.

Accordingly, for the reasons set forth above, it is hereby

ORDERED that the Plaintiffs' request for certification under 28 U.S.C. § 158(d)(2) is GRANTED, and the Court hereby CERTIFIES the Amended Order for direct appeal to the Third Circuit because each of the circumstances enumerated in 28 U.S.C. § 158(d)(2)(i)-(iii) exists in this instance.

Dated: January 13, 2014
       Wilmington, Delaware

                            HONORABLE CHRISTOPHER S. SONTCHI
                            UNITED STATES BANKRUPTCY JUDGE