# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 6705, 6976 & 6989 |

### OBJECTION AND RESERVATION OF RIGHTS OF CONTRARIAN CAPITAL MANAGEMENT, LLC TO PROPOSED SETTLEMENT OF CLAIMS HELD BY FIDELITY MANAGEMENT & RESEARCH COMPANY

Contrarian Capital Management, LLC (as advisors, or affiliates of advisors to holders, or managers of various accounts with investment authority, contractual authority or voting authority, "Contrarian"), as holders of EFH Legacy Notes[1] issued by Energy Future Holdings Corp. ("EFH"), pursuant to the EFH Legacy Note Indentures, hereby submits this objection and reservation of rights (the "Objection") to entry of an order (the "Fidelity Settlement Order") approving: (i) the proposed settlement (the "Fidelity Settlement") resolving, among other things, the outstanding disputes regarding the allowance and treatment (as applicable) under the Plan of the EFH Legacy Note Claims, EFH LBO Note Claims, and EFIH Second Lien Note Claims held by Fidelity (collectively, the "Fidelity Claims"); and (ii) the Amended and Restated Plan Support Agreement (the "Amended PSA"), which embodies the terms of the Fidelity Settlement. As and for its Objection, Contrarian respectfully states as follows:

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to such terms in the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 6122] (as may be amended, modified or supplemented, the "Plan") or the *Notice of Settlement Between Debtors and Fidelity Management & Research Company* (the "Settlement Notice") [Docket No. 6976], as applicable.

1. As foreshadowed in Contrarian's Confirmation Objection,[2] the Fidelity Settlement is the product of a closed-door negotiation aimed at buying Fidelity's support by providing disparate treatment to Fidelity at the expense of Contrarian. Such disparate treatment violates the EFH Legacy Note Indentures, and violates basic bankruptcy principles of fair and equitable treatment of similarly situated creditors.

2. For example, the Fidelity Settlement and the Fidelity Settlement Order includes approval of a direction to the EFH Indenture Trustee to cease litigation related to the Plan. *See Order Approving Settlement of Claims Held by Fidelity and Authorizing Debtors to Enter into and Perform under Stipulation*, [Docket No. 6976-2] at 4. This purportedly will require the EFH Indenture Trustee, solely at Fidelity's direction, to abandon its ongoing efforts to protect the rights of all EFH Legacy Note-holders that are not receiving the same treatment.

3. The clear goal of the settlement is to thwart the right of Contrarian to get the full value to which it is entitled under the Indentures. Contrarian has the unconditional right to receive payment of principal, interest and premiums under the Legacy Notes, which right cannot be impaired without its consent.[3] Section 808 of the EFH Legacy Note Indentures provides, in relevant part as follows:

---

[2] On October 23, 2015, the EFH Indenture Trustee filed the *EFH Indenture Trustee's Objection and Pretrial Brief for Phase I Trial Regarding Confirmation of Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al.* ("EFH Indenture Trustee Confirmation Objection") [Docket No. 6609]. That day, Contrarian filed the *Joinder of Contrarian Capital Management, LLC, to American Stock Transfer & Trust Company, LLCs Objection to Confirmation of the Debtors Fifth Amended Plan of Reorganization* ("Contrarian Confirmation Objection") [Docket No. 6629]. For the avoidance of doubt, Contrarian objects to any attempt to preclude Contrarian from pursuing its objection.

[3] The *Fidelity Claims Stipulation*, [Docket No. 6976-1], attached as Exhibit A to the Settlement Notice, provides that EFH Legacy Note Claims, the EFH LBO Note Claims, and the EFIH Second Lien Note Claims waives any right held by Fidelity forfeit to pursue any Makewhole Claims. *Id.* at 5-6. Additionally, the EFH Legacy Note Claims held by Fidelity are only entitled to postpetition interest at the Federal Judgment Rate, an amount substantially less than they are entitled to. *Id.* at 5; EFH Indenture Trustee Confirmation Objection at 32-37. Additionally, the EFH LBO Note Claims and EFIH Second Lien Note Claims will receive only the non-default contract rate, when they are entitled to a higher amount. Fidelity Claims Stipulation at 5-6; EFH Indenture Trustee Confirmation Objection at 32-37.

> [n]otwithstanding any other provision in this Indenture, the Holder of any Security shall have the right, which is absolute and unconditional, to receive payment of the principal of and premium, if any, and (subject to Sections 307 and 312) interest, if any, on such Security on the Stated Maturity or Maturities expressed in such Security (or, in the case of redemption, on the Redemption Date) and to institute suit for the enforcement of any such payment, and such rights shall not be impaired without the consent of such Holder.

EFH Legacy Note Indentures § 808.

4. The EFH Indenture Trustee, to date, has been advocating to protect and preserve the rights of all Holders, including Contrarian, under Section 808. The EFH Indenture Trustee has argued that the Plan cannot be confirmed without payment of the Makewhole provisions. EFH Indenture Trustee Confirmation Objection at 16-32. Additionally, it has argued that the proposed payment of postpetition interest at the Federal Judgment Rate, or contract rate, which are both substantially lower than what the holders of EFH Legacy Notes are entitled to in default, is not fair and equitable, and likewise preclude confirmation of the Plan. *Id*. at 32-37. As a result of the proposed Fidelity Settlement, such efforts could cease, leaving Contrarian without an entrusted fiduciary and vulnerable to the ongoing efforts to deprive the Holders, like Contrarian, of their guaranteed rights under the EFH Legacy Note Indentures.[4]

5. In addition, the Fidelity Settlement violates the "equal and ratable" protections under the EFH Legacy Note Indentures that prevent unequal treatment to Contrarian. Specifically, Section 807 provides that no holder can use the indenture to "disturb or prejudice the rights of any other of such Holders or to obtain or to seek to obtain priority or preference over any other of such Holders or to enforce any right under this Indenture, except in the manner herein provided and for the equal and ratable benefit of all of such Holders." EFH Legacy Note

---

[4] Contrarian reserves all rights should the Indenture Trustee to accept a direction from Fidelity under these circumstances.

Indentures § 807.  Through the Fidelity Settlement, Fidelity will receive consideration on account of its Notes that Contrarian will not receive:  the right to purchase $500 million of New EFH Common stock, and $12 million in fee reimbursements.  *See Fidelity Claims Stipulation*, [Docket No. 6976-1] at 6.  Despite numerous overtures to be included in any negotiation involving the Legacy Notes, Contrarian was excluded from the negotiation of the Fidelity Settlement and has not received the same terms as embodied in the Fidelity Settlement.  The Fidelity Settlement, thus, is discriminatory to Contrarian.  While Fidelity is free to settle its disputes, such a settlement should not come at the expense of creditors that are not party to the settlement.  *See, e.g.*, *Overton's, Inc. v. Interstate Fire & Cas. Ins. Co. (In re SportStuff, Inc.)*, 430 B.R. 170, 179 (B.A.P. 8th Cir. 2010) (reversing the bankruptcy court's approval of a 9019 settlement between a debtor and its insurer because the settlement would "impair significant rights of third parties . . . without compensation or their consent").

6.    The Debtors have the burden of proving that the settlement was negotiated on an arms-length basis in good faith.  *In re WebSci Techs., Inc.*, 234 F. App'x 26, 30 (3d Cir. 2007); *Whyte v. Kivisto (In re SemCrude, L.P.)*, No. 08-11525 BLS, 2010 WL 4814377, at *3 (Bankr. D. Del. Nov. 19, 2010).  "The 'best interests' standard under Bankruptcy Rule 9019 contemplates a determination by the bankruptcy court as to whether the proposed settlement was negotiated in good faith."  *Hicks, Muse & Co, Inc. v. Brandt (In re Healthco Int'l, Inc.)*, 136 F.3d 45, 53 (1st Cir. 1998) (citing *In re Kuhns*, 101 B.R. 243, 246-47 (Bankr. D. Mont.1989)) (disapproving "bad faith" settlement).  A settlement that seeks to offer benefits to one creditor to which other similarly situated creditors are entitled does not satisfy this standard.  *See In re Nutritional Sourcing Corp.* 398 B.R. 816, 836-38 (rejecting 9019 settlement that provided impermissibly disparate treatment to one group of trade creditors at the expense of another).

4

WHEREFORE, Contrarian requests that this Court (i) decline to approve the Fidelity Settlement and Fidelity Settlement Order, and (ii) grant Contrarian such other and further relief deemed just and proper.

Dated: November 18, 2015
       Wilmington, Delaware

HOGAN♦MCDANIEL

By: /s/: Garvan F. McDaniel
Garvan F. McDaniel, Esq.
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone:  (302) 656-7540
Facsimile:  (302) 656-7599
Email: gfmcdaniel@dkhogan.com

– and –

KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP

David S. Rosner, Esq.
Andrew K. Glenn, Esq.
Daniel A. Fliman, Esq.
1633 Broadway
New York, New York 10019
Telephone:  (212) 506-1700
Facsimile:  (212) 506-1800
Email: DRosner@kasowitz.com
       AGlenn@kasowitz.com
       DFliman@kasowitz.com

*Counsel to Contrarian Capital Management, LLC*