## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered<br><br>Re: Docket No. 6976 |

**RESPONSE OF THE EFH INDENTURE TRUSTEE TO THE DEBTORS' REQUEST FOR ENTRY OF ORDER APPROVING THE SETTLEMENT BETWEEN DEBTORS AND FIDELITY MANAGEMENT & RESEARCH COMPANY**

American Stock Transfer & Trust Company, LLC ("AST"), as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "EFH Indenture Trustee") under the indentures (the "Indentures") for certain notes (the "EFH Notes" and the holders thereof, the "EFH Noteholders") issued by Energy Future Holdings Corp. ("EFH Corp.") (as described in Exhibit 1 attached hereto), by its undersigned counsel, hereby responds (the "Response") to the Debtors' request for entry of an Order (the "Settlement Order") approving the Stipulation, dated as of November 12, 2015, by and among Fidelity, EFH Corp., EFIH and EFIH Finance (the "Stipulation") in connection with the *Notice Of Settlement Between Debtors And Fidelity Management & Research Company* [Docket No. 6976] (the "Settlement Notice") filed

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.

on November 12, 2015.[2]  In response to the Settlement Notice, the EFH Indenture Trustee

respectfully states as follows:

## I.

## PRELIMINARY STATEMENT

1.        As a preliminary matter the EFH Indenture Trustee notes that it is engaged in

ongoing settlement discussions with the Debtors and other parties in interest to resolve all issues

in these cases relating to the EFH Indenture Trustee's proofs of claim (the "Claims")[3] and the

Plan.  The final results of these efforts must respect the applicable provisions of the Trust

Indenture Act of 1939 (the "TIA"), various provisions of the applicable Indentures, and the

Bankruptcy Code's prohibitions against disparate treatment.

2.        The Debtors have entered into a stipulation with the wrong party if their goal is to

resolve the Plan Objection filed by the EFH Indenture Trustee and to resolve their objections to

the proofs of claim filed by the EFH Indenture Trustee.  While Fidelity's[4] agreement on

economic terms is certainly welcomed, and is a positive step, it is only one of the steps needed to

get to a fully consensual confirmation.  The Stipulation does not, and cannot resolve the Claims

or the Plan Objection.  While Fidelity may hold an economic interest in its EFH Notes and has

the right to vote such interests in connection with a plan, it did not file its own proofs of claim

and it did not respond to or join the EFH Indenture Trustee's response to the Debtors' objections

to the EFH Indenture Trustee's proofs of claim filed on behalf of *all* EFH Noteholders.  In

---

[2]      Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the
Stipulation or the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al.,
Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 6122] (the "Plan"), as applicable.

[3]      *See e.g.*, Proof of Claim Nos. 6524-6943, 7474, 7476, 7477, 7478, 7,79, 7480, 7481 and 7482.

[4]      As used herein the term "Fidelity" shall collectively mean certain funds and accounts advised or sub-advised
by Fidelity Management & Research Company or its affiliates as more fully defined in the Stipulation.

summary, Fidelity does not control the EFH Indenture Trustee's objection to confirmation of the

Debtors' Plan – Fidelity only joined the EFH Indenture Trustee's Plan Objection.  While the

Stipulation locks in Fidelity's support of the Plan, it does not resolve the pending disputes.

3.      The EFH Indenture Trustee acknowledges that as a presumptive majority holder

of multiple series of EFH Notes, subject to the limitations and conditions of each applicable

Indenture, Fidelity has the right to direct the EFH Indenture Trustee in the time, method and

place of conducting any proceeding for any remedy available to the Trustee or of exercising any

trust or power conferred on the Trustee under the applicable Indentures.  However, each

Indenture also provides that the EFH Indenture Trustee need not follow a direction if, among

other grounds, such direction violates the terms of the applicable indenture or applicable law, is

unduly prejudicial to the rights of any other Holder, or could involve the EFH Indenture Trustee

in personal liability for which it is not provided with a sufficient indemnity.

4.      Furthermore, none of the Bankruptcy Code, the TIA, nor the Indentures permit

the EFH Indenture Trustee to stand down from its advocacy and representation of the Minority

Holders – even pursuant to a direction – while a majority of EFH Noteholders receives special

treatment.[5]  While Fidelity could, ***with a proper direction and indemnity***, direct the EFH

Indenture Trustee to ***settle all claims*** on behalf of ***all*** EFH Noteholders, such a permanent ratable

resolution of the claims is not what the Debtors' agreement contemplates.  Instead, the

Stipulation provides for special and preferential treatment for Fidelity while the fate of other

---

[5]     The Trust Indenture Act of 1939 requires that issuers of indentures being offered to the public provide an
independent and qualified trustee for the purpose of protecting the interests of the public and investors.
Congress expressly found "that the national public interest and the interest of investors in notes, bonds,
debentures, . . . which are offered to the public, are adversely affected – (1) when the obligor fails to provide a
trustee to protect and enforce the rights and to represent the interest of such investors…"  Trust Indenture Act
of 1939, section 302, 15 U.S.C. § 77bbb(a);  *see also Marblegate Asset Mgmt., LLC v. Educ. Mgmt. Corp.,*
2015 U.S. Dist. LEXIS 81395 (S.D.N.Y. June 23, 2015*); BOKF v. Caesars Entm't Corp., 2015 U.S. Dist.
LEXIS 113794* (S.D.N.Y. Aug. 27, 2015).

EFH Noteholders is left for another day.  While it may be within the Debtors' power, subject to this Court's approval, to enter into to an agreement to provide Fidelity with the treatment provided for in the Stipulation, such treatment may not be implemented in the contemplated manner.  Accordingly, as detailed below, the EFH Indenture Trustee requests that the order approving the Stipulation be modified to make it clear that all parties' rights to object to any plan amendments or other proposed methods to implement the agreements reached in the Stipulation are preserved and that the Court order that proper notice and an opportunity to object be provided to all holders of the EFH Notes in connection with the Court's consideration of any proposed means of implementation of the Debtor's agreement with Fidelity.

5.      In conjunction with its agreements with the Debtors, Fidelity was required to direct the EFH Indenture Trustee to cease prosecution of its Plan Objection (the "Direction"). For the reasons discussed below the EFH Indenture Trustee cannot, without necessary revisions to the terms of the Settlement and Direction, accept the Direction.  As a result, the EFH Indenture Trustee will continue to represent and advocate on behalf of all holders of EFH Notes, including Fidelity.

## II.
## RELEVANT BACKGROUND

### A.      Procedural Background

6.      AST serves as the successor indenture trustee under the Indentures for the EFH Notes which have a combined aggregate outstanding principal balance of approximately $1.9 billion.  Approximately $1.2 billion of that debt is held by EFIH.

7.      Approximately 27% of the EFH Notes held by non-Debtors are held by parties other than Fidelity (collectively, the "Minority Holders").

4

8.      On October 23, 2015, the EFH Indenture Trustee filed the *EFH Indenture Trustee's Objection and Pretrial Brief for Phase I Trial Regarding Confirmation of Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al.* [Docket No. 6609] (the "Plan Objection").  On the same day, Fidelity filed a joinder [Docket No. 6642] to the Plan Objection.

9.      The Plan is premised on the Debtors' and Plan Sponsors' assertion that the Plan leaves Fidelity and the Minority Holders unimpaired.  Accordingly, the Debtors did not solicit votes from Fidelity or the Minority Holders.

**B.      Proofs of Claim Filed by EFH Indenture Trustee and Debtors' Objections to the EFH Indenture Trustee's Proofs of Claim**

10.     The EFH Indenture Trustee filed proofs of claim 6524-6943, 7475, 7476, 7477, 7478, 7479, 7480, 7481 and 7482.  Fidelity, like the vast majority of EFH Noteholders, did not file any proofs of claim on account of its EFH Note holdings.  In addition, at no time did Fidelity direct or attempt to direct, the EFH Indenture Trustee's prosecution of its rights under the Indentures on behalf of the EFH Noteholders in these Chapter 11 Cases.

11.     The Debtors have implicitly recognized that the EFH Indenture Trustee is the proper party to prosecute and settle the claims, because the Debtors objected to proofs of claim filed by various individual EFH Noteholders.  *See Debtors Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1*, filed 12/12/2014 [Docket No. 2994] (objecting to individual EFH Noteholders' claims, stating that these and other "Bondholder Duplicate Claims have each been filed by an individual bondholder on account of one or more bonds they hold and are each duplicative of another Proof of Claim filed by the indenture trustee for the same underlying bond(s). ***The indenture trustee is***

*the appropriate party to file a Proof of Claim for a bond and, as such, the duplicate Proofs of Claim filed by individual bondholders should be expunged*") (emphasis added).

12.     On October 14, 2015, and October 23, 2015, the Debtors objected to the claims field by the EFH Indenture Trustee.[6]  The EFH Indenture Trustee responded to the Legacy Notes Objection on October 28, 2015.[7]  Fidelity did not file its own response to the Legacy Note Objection, nor did it join the EFH Indenture Trustee's response.

## C.     The Terms of the Debtors' Settlement with Fidelity

13.     As the chart below illustrates, if the proposed Stipulation is implemented, Fidelity will receive better treatment than the Minority Holder will receive under the Plan:

|  | Proposed Treatment For Fidelity Claims Under Stipulation | Proposed Treatment for Minority Holders Under Plan |
|---|---|---|
| **EFH LBO Note Primary Claims (Class A6)** | Allowed in an amount equal to the sum of<br><br>• the principal amount outstanding of EFH LBO Notes held by Fidelity, plus accrued but unpaid prepetition interest, under the EFH LBO Note Indenture, and<br><br>• **57.5% of accrued** but unpaid postpetition interest at the **non-default contract** rate set forth in the EFH LBO Note Indenture through the effective date of the Plan, but not including, for | Allowed in an amount equal to the sum of:<br><br>• the principal amount outstanding, plus accrued but unpaid prepetition interest, under the EFH LBO Note Indenture; and<br><br>• accrued postpetition interest at the **Federal Judgment Rate**, but not including, for the avoidance of doubt, any Makewhole Claims.[9] |

---

[6]     *See* (i) *Objection of EFH Corp. to Proofs of Claim 6524-6733, 7477, 7478 and 7479 filed by American Stock Transfer and Trust Co., LLC as Indenture Trustee for EFH Legacy Notes* [Docket No. 6463] (the "Legacy Notes Objection"), (ii) *Objection of Energy Future Holdings Corp., et al., to Proofs of Claim 7475, 7480, 7481, and 6874-6943 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH LBO Notes* [Docket No. 6596] (the "LBO Notes Objection") and (iii) *Objection of Energy Future Holdings Corp., et al., to Proofs of Claim 7476, 7482, and 6734-6873 Filed By American Stock Transfer & Trust Co. As Indenture Trustee for the EFH Unexchanged Notes* [Docket No. 6599] (the "Unexchanged Notes Objection," together with the Legacy Notes Objection and the LBO Notes Objection, the "Claim Objections").

[7]     *See Response of EFH Legacy Notes Trustee to Objection of Energy Future Holdings Corp. to Proofs of Claim 6524-6733, 7477, 7478 and 7479 Filed by American Stock Transfer & Trust Co. LLC as Indenture Trustee for EFH Legacy Note* [Docket No. 6718].

[9]     Plan, at Art. III.B.6.

| | Proposed Treatment For Fidelity Claims Under Stipulation | Proposed Treatment for Minority Holders Under Plan |
|---|---|---|
| | the avoidance of doubt, any Makewhole Claims.<br><br>Fidelity shall also receive **a consent fee equal to 2.5% of unpaid postpetition interest accrued at the non-default contract rate** set forth in the EFH LBO Note Indenture through the effective date of the Plan with respect to the EFH LBO Note Claims held by Fidelity.[8] | |
| **EFH Legacy Note Claims (Class A4)** | Allowed in an amount equal to the sum of:<br><br>• the principal amount outstanding of the EFH Legacy Notes held by Fidelity, plus accrued but unpaid prepetition interest, under the EFH Legacy Note Indentures, and<br><br>• postpetition interest at the Federal Judgment Rate through the effective date the Plan, but not including, for the avoidance of doubt, any Makewhole Claims.[10]<br><br>**The Debtors have agreed to not reinstate Fidelity's EFH Legacy Notes.** | Allowed in an amount equal to the sum of:<br><br>• the principal amount outstanding, plus accrued but unpaid prepetition interest, under the EFH Legacy Note Indentures; and<br><br>• accrued postpetition interest at the Federal Judgment Rate, but not including, for the avoidance of doubt, any Makewhole Claims.[11]<br><br>**Non-Fidelity Q/R Notes remain subject to reinstatement at TCEH** |
| **Additional Consideration** | Reimbursement of Fidelity's fees and expenses, up to $12,000,000,<br><br>Dismissal of the Call Right litigation and appeal,<br><br>Right to participate with up to $500 million in the rights offering of New EFH Common Stock. | None. |

---

[8]    Stipulation, at § 2.2.

[10]    Stipulation, at § 2.1.

[11]    Plan, at Art. III.B.4.

**III.**
**RESPONSE**

A.    **The Debtors Cannot Settle the EFH Indenture Trustee's Claims by Way of A Bilateral Settlement With One Holder**

14.    While the Debtors may enter into a settlement with Fidelity that provides for Fidelity to support an amended Plan or to vote in favor of a future plan, the Debtors may not enter into a settlement with Fidelity in preference to any treatment afforded to the non-settling Minority Holders.  While a majority holder has the right under each indenture to direct the EFH Indenture Trustee to take certain actions, including compromising claims, such actions must be on behalf of and for the benefit of ***all holders***.  *See* EFH Legacy Note Indenture, Section 812; EFH LBO Notes Indenture, Section 6.05 (excerpted sections of the EFH Legacy Note Indentures and EFH LBO Indenture are attached hereto as Exhibit 2 and Exhibit 3, respectively).  Under the applicable "No Action Clause" of each Indenture, no EFH Noteholders, not even Fidelity as the majority holder, has "any right in any manner whatever by virtue of, or by availing of, any provision of this Indenture to affect, disturb or prejudice the rights of any other of such Holders or to obtain or to seek to obtain priority or preference over any other of such Holders or to enforce any right under this Indenture, except in the manner herein provided and for the ***equal and ratable benefit of all of such Holders***."  EFH Legacy Note Series Section 807; *See also* EFH LBO Note Indenture Section 6.05 ("A Holder of a Senior Note may not use this Indenture to prejudice the rights of another Holder of a Senior Note or to obtain a preference or priority over another Holder of a Senior Note").

15.    Accordingly, if the Debtors wish to settle and compromise the EFH Indenture Trustee's proofs of claim, the Debtors must either (i) negotiate with the EFH Indenture Trustee, which after due consideration and appropriate input from holders, settles the Claims on behalf of

8

all EFH Noteholders; or (ii) negotiate a settlement on account of all notes with the majority

holders, who then direct and indemnify the EFH Indenture Trustee to enter into such a settlement

on behalf of all holders.

**B.**    **The Indentures and the Bankruptcy Rules Recognize that**
**the EFH Indenture Trustee is the Proper Party to Settle**
**all of the EFH Indenture Trustee's Proof of Claims**

16.    As previously recognized by the Debtors in their objections to individual EFH

Noteholder's proofs of claim, under each of the applicable Indentures and the applicable

Bankruptcy Rules only the EFH Indenture Trustee is the proper party to file and settle proofs of

claim on behalf of all EFH Noteholders.  *See* EFH Legacy Note Indentures Section 804; EFH

LBO Notes Indentures Section 6.12; s*ee also* Fed. Bankr. R. 3003(c)(5) ("An indenture trustee

may file a claim on behalf of all known or unknown holders of securities issued pursuant to the

trust instrument under which it is trustee"); Fed. Bankr. R. 3021 ("Except as provided in Rule

3020(e), after a plan is confirmed, distribution shall be made to creditors whose claims have been

allowed, to interest holders whose interests have not been disallowed, and to indenture trustees

who have filed claims pursuant to Rule 3003(c)(5) that have been allowed . . . ").

17.    While Fidelity may be entitled to lead the negotiations and to tell the Debtors that

the treatment afforded their claims in the Stipulation is the minimum that they must receive to

stand down on their joinder to the Plan Objection, and while they can certainly agree to vote to

approve such treatment in an amended or future plan, Fidelity may not direct the EFH Indenture

Trustee to stand down in the face of disparate treatment of the Minority Holders.  Neither the

TIA, the Indentures, nor bankruptcy law provides a majority holder with such power.

**C.    The Contemplated Implementation of the Stipulation Will Violate**
**the Ratable Distribution Provisions of the Indentures and**
**the *Pari Passu* Treatment Under Section 1123(a)(4)**

18.    As noted, the EFH Indenture Trustee does not contest the ability of the Debtors

and Fidelity to reach an agreement on the narrow issue of the minimum treatment that Fidelity

will find acceptable in connection with contemplated amendments to this Plan or any future plan.

However, such agreements may not be implemented in a manner that prejudices the rights of

Minority Holders.  The contemplated implementation of the Debtors' Stipulation, by way of a

direction to the EFH Indenture Trustee, violates the ratable distribution requirements of the

indentures and the Bankruptcy Code.  Although Fidelity may hold a majority of the EFH LBO

Notes and the EFH Legacy Notes, the EFH Indenture Trustee represents ***all*** EFH Noteholders

and after an Event of Default, each Indenture requires the EFH Indenture Trustee to apply any

proceeds collected on account of the Notes ratably among the holders.  *See* EFH Legacy Note

Indenture, Section 806; EFH LBO Notes Indenture, Section 6.13.

19.    Nor does the Bankruptcy Code permit the Debtors to accord superior and

preferential treatment to one class member to the detriment of all other class members who have

not consented.  *See e.g.*, *In re Quad Sys. Corp.*, 2001 Bankr. LEXIS 2284, *28-29 (Bankr. E.D.

Pa. Mar. 20, 2001) ("Unsecured creditors must be treated equally. To allow one unsecured

creditor's use of estate property, so as to reduce that creditor's damages, may be perfectly

appropriate in a non-bankruptcy context, but may result in preferential treatment *vis-a-vis* other

unsecured creditors and so be prohibited in bankruptcy").

20.    Unless the current Plan is amended, the terms of the Stipulation would provide for

a more favorable treatment to one creditor over the Minority Holders.  Accordingly, the Court

cannot approve any aspect of the Stipulation and Direction that violates both the ratable sharing

provisions of the Indentures and the ratable sharing provisions of the Bankruptcy Code.

**D.      Adequate Notice Must be Provided to Minority Holders
          Ahead of Any Implementation of the Stipulation**

21.      In bankruptcy cases, due process dictates that relief that may be adverse to parties

in interest may only be granted by way of motion and after adequate notice to all affected parties.

The current procedural posture for approval of the relief sought in the Settlement Order is

defective because it has not provided adequate time for Minority Holders of EFH Notes to

evaluate the Stipulation and to respond.  The Settlement Notice is not a formal motion under

Bankruptcy Rule 9019.  The Court should require that the Debtors file a motion with notice to all

affected parties affording them an opportunity to object and be heard by this Court, or amend any

order to make it clear that all rights of Minority Holders to appear and be heard before any aspect

of the Stipulation is implemented are preserved.

**E.      The Stipulation Does Not Resolve the Indenture Trustee's Objection to the
          Plan Related Impairment**

22.      The EFH Indenture Trustee is tasked with representing all EFH Noteholders.  In

that capacity, the EFH Indenture Trustee filed the Plan Objection on the grounds that, among

other things, the Plan impairs all EFH Noteholders.  Fidelity agreed with the Plan Objection and

filed a joinder.

23.      The Stipulation does not resolve the impairment issues under the Plan.  While

Fidelity has directed the EFH Indenture Trustee to stand down on its continued prosecution of its

confirmation objection based on impairment of the Claims of other holders of EFH Notes under

the Plan, and to withdraw its Plan Objection, that direction cannot be followed in the current

circumstance for the reasons discussed above.

24.     The EFH Indenture Trustee objects to the approval of any order on the Stipulation that in any way limits or curtails the right of the EFH Indenture Trustee to meet its obligations as trustee under the Indentures and to continue to assert that holders are impaired until all its claims on behalf of its holders are resolved.

**F.      The EFH Indenture Trustee and Debtors Continue to Negotiate.**

25.     The EFH Indenture Trustee and the Debtors continue to attempt to consensually resolve the Plan Objection and the Claim Objections.  The EFH Indenture Trustee seeks a resolution for the benefit of all EFH Noteholders that will not adversely affect the rights of Minority Holders.  The EFH Indenture Trustee and the Debtors should be permitted to continue negotiations while Minority Holders are provided adequate time to evaluate the Stipulation and any proposed means for implementation.

## IV.
## CONCLUSION

WHEREFORE, the EFH Indenture Trustee respectfully requests that the Court: (i) include language in any order approving the Stipulation confirming that all rights of the EFH Indenture Trustee to continue to oppose confirmation and to prosecute claims are preserved and establish procedures for all Minority Holders to receive adequate notice and be heard in connection with any means for implementation of the Stipulation, all as more specifically provided in the redline of a revised form order attached hereto as Exhibit 4; (ii) strike the overly broad relief and findings requested in the Debtors' proposed order as illustrated in the revised form of order attached hereto; and (iii) grant such other and further relief as is just and proper.

Dated: Wilmington, DE
      November 18, 2015

**CROSS & SIMON, LLC**

By: */s/ Christopher P. Simon*
Christopher P. Simon (Del. Bar No. 3697)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
csimon@crosslaw.com

- and –

NIXON PEABODY LLP
Amanda D. Darwin
Richard C. Pedone
George J. Skelly
100 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
adarwin@nixonpeabody.com
rpedone@nixonpeabody.com
gskelly@nixonpeabody.com

*Co- Counsel to American Stock Transfer & Trust*
*Company, LLC, as Indenture Trustee*