## EXHIBIT 4

**REDLINE OF PROPOSED ORDER**

[Preliminary Proposed Responses]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., et al.,[1] | ) | Jointly Administered |
|  | ) | Re: Docket No. 6976 |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |

**ORDER APPROVING SETTLEMENT ~~OF CLAIMS~~**
**~~HELD BY FIDELITY~~ AND AUTHORIZING DEBTORS TO**
**ENTER INTO AND PERFORM UNDER STIPULATION**

Upon the *Notice of Settlement Between Debtors and Fidelity Management & Research Company* [D.I. 6976] filed by the above-captioned debtors and debtors in possession (the "Debtors") and the Debtors' request (the "Requested Relief") that this court enter an order (this "Fidelity Settlement Order"), (a) approving the Stipulation, attached hereto as Exhibit 1 (the "Stipulation")[2], by and among (i) the Debtors and (ii) Fidelity Management & Research Company on behalf of funds and accounts under management (collectively, "Fidelity") with respect to EFIH Legacy Note Claims held by Fidelity, EFH LBO Note Claims held by Fidelity, and EFIH Second Lien Note Claims held by Fidelity; and (b) authorizing the Debtors to take any and all actions reasonably necessary to consummate, and to perform any and all obligations contemplated by the Stipulation; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

4837-3537-~~9755.1~~9755.2

in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Requested Relief is in the best interests of the Debtors' estates, their creditors, and other parties in interest; ~~and the Court having found that the Debtors provided appropriate notice of the Requested Relief and the opportunity for a hearing on the Requested Relief under the circumstances~~; and the Court having reviewed the Stipulation and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having heard the request of the EFH Notes Trustee that the Court not rule on the propriety of any proposed means for implementation of the agreements reached in the Stipulation; and the Court having determined that the legal and factual bases set forth in the Requested Relief and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      ~~The~~To the extent provided for in this Order the Requested Relief is **GRANTED** as set forth herein, and any objections to the Requested Relief not previously withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled with prejudice.

2.      Pursuant to Fed. R. Bankr. P. 9019(a), the Stipulation, a true and correct copy of which is attached hereto as Exhibit 1, and the settlement and compromises set forth therein are hereby approved in their entirety, ~~and all of the terms of the Stipulation are incorporated herein by reference~~ and upon entry of this Fidelity Settlement Order are fully binding, effective, and enforceable as to each of the parties to the Stipulation~~, and this Fidelity Settlement Order shall be final, binding and effective on all parties in interest in the Debtors' Chapter 11 Cases (including any subsequently appointed chapter 11 or chapter 7 trustee)~~.

3.    ~~The parties to the Stipulation are authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate, complete, execute, and implement~~

~~the Stipulation in accordance with the terms and conditions thereof and the Debtors (with, during the Plan Support Effective Period, the consent of the Required Investor Parties) are authorized, without further order of the Court, to settle and compromise the EFH Legacy Note Claims and EFH LBO Note Claims of holders other than Fidelity as of the date of this order on terms that are the same or less favorable than those set forth in the Stipulation.~~

4.    ~~If the EFH Notes Trustee accepts the direction letter issued to it by holders of the majority in aggregate principal amount of the outstanding EFH Legacy Notes with respect to the Plan, the EFH Notes Trustee shall not have or incur any liability for, and is released and exculpated from any cause of action or any claim related to any act or omission in connection with, relating to, arising out of, or required under, the Stipulation, this Fidelity Settlement Order, and any other related documents or agreements.~~

3.    ~~5. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Fidelity Settlement Order shall be effective and enforceable immediately upon entry.~~ The parties to the Stipulation are authorized to prepare and file an amended plan to implement the agreements reached in the Stipulation. The Court shall hold a hearing on the proposed amendments following notice to all holders of the EFH Notes. All rights of the EFH Indenture Trustee and all holders of the EFH Notes to object to the proposed plan amendments, including without limitation any arguments that they are discriminatory or otherwise prohibited, and the means of implementation of the Settlement are preserved.

4.    6. In the event of any inconsistencies between this Fidelity Settlement Order and the Stipulation, this Fidelity Settlement Order shall govern in all respects.

5.    7. The Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Fidelity Settlement Order.

6.    8. The Court shall retain jurisdiction over any matter or disputes arising from or relating to the interpretation, implementation or enforcement of this Fidelity Settlement Order.

_____

Dated: _____, 2015

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

_____

Document comparison by Workshare Compare on Wednesday, November 18, 2015 11:15:37 AM

| Input: | |
|---|---|
| Document 1 ID | C:\ND\schneidere\ndWeb\EFH - Ex 4 to Response to Stipulation (1).docx |
| Description | C:\ND\schneidere\ndWeb\EFH - Ex 4 to Response to Stipulation (1).docx |
| Document 2 ID | C:\ND\schneidere\ndWeb\EFH - Ex 4 to Response to Stipulation (Proposed Order).docx |
| Description | C:\ND\schneidere\ndWeb\EFH - Ex 4 to Response to Stipulation (Proposed Order).docx |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 6 |
| Deletions | 16 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |

| Total changes | 22 |
|---|---|