# **Exhibit A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Re: D.I. 6873** |

## ORDER APPROVING THE MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER AUTHORIZING LUMINANT MINING COMPANY LLC TO TRANSFER CERTAIN ASSETS TO OAK GROVE MANAGEMENT COMPANY AND GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing Luminant to transfer the Dragline Assets to Oak Grove under section 363 of title 11 of the United States Code (the "Bankruptcy Code") and granting certain related relief, including authorizing the Dragline Transfer and the Transfer Transactions, all as set forth in the Motion; and upon the Frenzel Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

KE 38626063

the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to execute the Dragline Transfer and the Transfer Transactions in the manner described in the Motion.

3. Upon the creation of Newco in connection with the Dragline Transfer and the Transfer Transactions, Newco shall be a "Restricted Subsidiary" under the TCEH DIP Credit Agreement and the First Lien Credit Agreement (as such term is defined in the TCEH Final Cash Collateral Order) and any capital stock, ownership interests or other beneficial interests of Newco directly or indirectly held or acquired by any of the TCEH Debtors (as defined in the TCEH Final Cash Collateral Order) shall be deemed to constitute DIP Collateral (as such term is defined in the TCEH Final DIP Order) and Prepetition Collateral (as defined in the TCEH Final Cash Collateral Order) and shall be deemed pledged, without further action or notice by any party or further order of the Court, to secure repayment of the DIP Obligations (as such term is defined in the TCEH Final DIP Order) and the Prepetition First Lien Obligations (as defined in the TCEH Final Cash Collateral Order).

4. Notwithstanding the Dragline Transfer and the Transfer Transactions, both before and after the Transfer Transactions, the Dragline Asset will continue to be subject to any applicable pre- and post-petition liens that encumbered such assets immediately prior to the Transfer Transactions, including, without limitation, the DIP Liens (as defined in the TCEH

Final DIP Order) and the Prepetition First Priority Liens (as defined in the TCEH Final Cash Collateral Order), and such liens will be deemed valid, binding, continuing, enforceable, fully-perfected security interests in and liens upon the Dragline Asset without any further action by any party, including under the TCEH Final Cash Collateral Order, the TCEH Final DIP Order, the TCEH DIP Credit Agreement, or the First Lien Credit Agreement.

5. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

6. Notwithstanding anything to the contrary in this Order, nothing in this Order shall affect the rights, duties, or obligations of any Debtor other than the Luminant Debtors.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2015

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

KE 38626063