## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| COMPUTERSHARE TRUST COMPANY, N.A. and COMPUTERSHARE TRUST COMPANY OF CANADA, as INDENTURE TRUSTEE, | |
| *Plaintiffs,* | Adversary Proceeding |
| v. | No. 14-50405 (CSS) |
| ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC and EFIH FINANCE INC., | |
| *Defendants.* | |

## NOTICE OF AGENDA OF MATTERS SCHEDULED FOR
## HEARING ON NOVEMBER 25, 2015 STARTING AT 10:00 A.M. (EST)[2]

### I.   CONTINUED/RESOLVED MATTERS:

1.   Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] The November 25, 2015 (the "November 25th Hearing") hearing will be held before The Honorable Christopher S. Sontchi at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801 beginning at 10:00 a.m. (EDT).  Any person who wishes to appear telephonically at the November 25th Hearing must contact COURTCALL, LLC at 866-582-6878 prior to **12:00 p.m. (noon) (EST) on Tuesday, November 24, 2015** to register his/her telephonic appearance in accordance with the *Instructions for Telephonic Appearances Effective January 5, 2005, Revised April 27, 2009.*

Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2808; filed November 18, 2014]

Response/Objection Deadline:          December 11, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:

A.      Response to Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Sections 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Koetter Fire Protection of Austin, L.L.C. [D.I. 2950; filed December 5, 2014]

B.      Response to Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Sections 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Allied Electronics, Inc. [D.I. 2964; filed December 10, 2014]

C.      Emerson Network Power Liebert Services' Response to Debtors' Omnibus Objection to Proof of Claim #3297 [D.I. 2970; filed December 11, 2014]

Related Documents:

i.      Declaration of Steve R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2809; filed November 18, 2014]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 2948; filed December 4, 2014]

iii.    Order Sustaining Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3046; filed December 17, 2014]

iv.     Order (Second) Sustaining Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient

Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3469; filed February 6, 2015]

Status: The individual status of each remaining claim subject to this matter is listed on the attached Exhibit A.  On December 17, 2014, the Court entered an order granting the objection with respect to certain claimants.  On February 6, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto.  All unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

2.     Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2992; filed December 12, 2014]

Response/Objection Deadline:          December 31, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:

A.     Response to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Mason Guy [D.I. 3153; filed December 29, 2014]

B.     Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Susan Keyes [D.I. 3164; filed December 31, 2014]

C.     Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Ruth Caesar [D.I. 3171; filed January 5, 2015]

D.     Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Maria Soto [Not on Docket]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2993; filed December 12, 2014]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3160; filed December 30, 2014]

iii.    Order Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3236; filed January 12, 2015]

iv.     Order (Second) Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3470; filed February 6, 2015]

v.      Order (Third) Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3839; filed March 9, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit B.  On January 12, 2015, the Court entered an order granting the objection with respect to certain claims.  On February 6, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto.  On March 9, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

3.      Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2994; filed December 12, 2014]

Response/Objection Deadline:        December 31, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:        None.

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2995; filed December 12, 2014]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3161; filed December 30, 2014]

iii.    Order Sustaining Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3234; filed January 12, 2014]

iv.     Order (Second) Sustaining Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3502; filed February 10, 2014]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit C.  On January 12, 2015, the Court entered an order granting the objection with respect to certain claims. On February 10, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto.    All remaining unresolved claims subject to this matter are continued to a date to be determined.    Consequently, no hearing with respect to this matter is required at this time.

4.      Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3212; filed January 9, 2015]

Response/Objection Deadline:        January 23, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.      Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the

Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Deborah Moore [D.I. 3352; filed January 23, 2015]

B.      Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Stephen W. Mitchell [D.I. 3355; filed January 23, 2015]

C.      Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Monica Regina Hawkins [D.I. 3386; filed January 27, 2015]

D.      Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by JoAnn M. Robinson [D.I. 3389; filed January 28, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3213; filed January 9, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3374; filed January 27, 2015]

iii.    Order Sustaining Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3468; filed February 6, 2015]

iv.     Order (Second) Sustaining Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3838; filed March 9, 2015]

v.      Letter Referring to the Omnibus Objection to Claims (Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1) [D.I. 3926; filed March 18, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit D.  On February 6, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto.  On March 9, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

5.      Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3218; filed January 9, 2015]

Response/Objection Deadline:          January 23, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.      Response to Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by DeAnna & Gerald Edwards [D.I. 3388; filed January 28, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3219; filed January 9, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3375; filed January 27, 2015]

iii.    Order Sustaining Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy

Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3465; filed February 6, 2015]

iv.     Order (Second) Sustaining Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3854; filed March 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit E. On February 6, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On March 10, 2015, the Court entered a further form of order in connection with this matter sustaining this matter with respect to the claim of Gary Waldrep. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

6.     Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3381; filed January 27, 2015]

Response/Objection Deadline:        February 10, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.     Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Leo Griffin [D.I. 3498; filed February 9, 2015]

B.     Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jackie McClain [D.I. 3500; filed February 9, 2015]

C.     Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jack R. Beard, Jr. [D.I. 3511; filed February 11, 2015]

D.     Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local

Bankruptcy Rule 3007-1 filed by Jesus A Moreno [D.I. 3578; filed February 18, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3382; filed January 27, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3637; filed February 24, 2015]

iii.    Order Sustaining Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3640; filed February 24, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit F. On February 24, 2015, the Court entered an order granting the objection with respect to certain claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

7.      Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3473; filed February 6, 2015]

Response/Objection Deadline:        February 20, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.      Objection to Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Melva Johnson [D.I. 3636; filed February 24, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Tenth Omnibus

(Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3474; filed February 6, 2015]

ii.      Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3639; filed February 24, 2015]

iii.     Order Sustaining Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3876; filed March 12, 2015]

iv.      Order (Second) Sustaining Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4094; filed April 9, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit G. On March 12, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On April 9, 2015, the Court entered a further from of order sustaining the objection with respect to certain additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

8.       Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims (Redacted) [D.I. 3593; filed February 19, 2015]

Response/Objection Deadline:          March 3, 2015 at 4:00 p.m. (EST)

Reply Deadline:                       April 1, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.       Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726; filed March 3, 2015]

B.       Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727; filed March 3, 2015]

C.  Omnibus Objection of CCP Credit Acquisition Holdings, L.L.C., Centerbridge Special Credit Partners, L.P., and Centerbridge Special Credit Partners, II, L.P. to the Standing Motions [D.I. 3729; filed March 3, 2015]

D.  Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First Lien Administrative Agent and Successor TCEH First Lien Collateral Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3, 2015]

E.  Omnibus Objection of the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

F.  Reply of Wilmington Savings Fund Society, FSB to Debtors' Omnibus Objection to Standing Motions [D.I. 4029; filed April 1, 2015]

G.  Reply in Support of Motion of the Official Committee of TCEH Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims [D.I. 4031; filed April 1, 2015]

H.  Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections [D.I. 4099; filed April 9, 2015]

Related Documents:

i.  Motion of Official Committee of TCEH Unsecured Creditors for Leave to File and Serve a Late Reply in Response to Any Objections or Responses Filed in Connection with the "Motion of Official Committee of TCEH Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims" [D.I. 3759; filed March 4, 2015]

ii.  Notice of Withdrawal of Docket No. 3759 [D.I. 3793; filed March 4, 2015]

iii.  Notice of Filing of Unredacted Motion of the Official Committee of TCEH Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims [D.I. 3862; filed March 10, 2015]

iv.   Statement of Hugh Sawyer, Disinterested Manager of Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC, in Connection with Standing Motions [D.I. 4085; filed April 8, 2015]

v.    Notice of Deposition of Hugh E. Sawyer [D.I. 4092; filed April 8, 2015]

vi.   Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4112; filed April 10, 2015]

vii.  Notice of Filing of Unredacted Omnibus Objection to the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 4118; filed April 10, 2015]

viii. Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Corrected Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4119; filed April 10, 2015]

ix.   Notice of Rescheduled Deposition [D.I. 4128; filed April 13, 2015]

x.    Order Quashing Notice of Deposition of Hugh Sawyer [D.I. 4133; filed April 13, 2015]

xi.   Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Redacted) [D.I. 4140; filed April 14, 2015]

xii.  Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Sealed) [D.I. 4141; filed April 14, 2015]

xiii. Notice of Filing of *Unredacted* Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4271; filed April 24, 2015]

xiv.  Amended and Restated Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4498; filed May 18, 2015]

xv.   Stipulation and Consent Order Extending Certain Deadlines in the Final Cash Collateral [D.I. 5922; filed September 11, 2105]

Status: The hearing on this matter is continued pending further order of the Court, subject to the terms of that certain *Plan Support Agreement* attached as an exhibit to D.I. 5248 (the "PSA"), including section 12 thereof, and that certain *Settlement Agreement* attached as an exhibit to D.I. 5249 (the "Settlement Agreement"). Consequently, no hearing with respect to this matter is required at this time.

9.    Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an
Order Granting Standing and Authority to Commence, Prosecute, and Settle
Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens,
Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of
Claims (Sealed) [D.I. 3596; filed February 19, 2015]

Response/Objection Deadline:          March 3, 2015 at 4:00 p.m. (EST)

Reply Deadline:                       April 1, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Response and Limited Objection of Wilmington Savings Fund Society,
FSB to Certain Motions for Standing [D.I. 3725; filed March 3, 2015]

B.    Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726;
filed March 3, 2015]

C.    Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727;
filed March 3, 2015]

D.    Omnibus Objection of CCP Credit Acquisition Holdings, L.L.C.,
Centerbridge Special Credit Partners, L.P., and Centerbridge Special
Credit Partners, II, L.P. to the Standing Motions [D.I. 3729; filed March 3,
2015]

E.    Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First
Lien Administrative Agent and Successor TCEH First Lien Collateral
Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3,
2015]

F.    Omnibus Objection of the Ad Hoc Committee of TCEH First Lien
Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

G.    Omnibus Response of the Official Committee of TCEH Unsecured
Creditors to (I) Motion of the Ad Hoc Group of TCEH Unsecured
Noteholders for Entry of an Order Granting Standing and Authority to
Commence, Prosecute, and Settle Certain Claims for Declaratory
Judgment, Avoidance and Recovery of Liens, Security Interests,
Obligations, Fees, and Interest Payments, and Disallowance of Claims;
and (II) Motion of the EFH Official Committee for Entry of an Order
Granting Derivative Standing and Authority to Prosecute and Settle
Claims on Behalf of the Luminant Debtors' Estates [D.I. 3733; filed
March 3, 2015]

H.    Reply of Wilmington Savings Fund Society, FSB to Debtors' Omnibus
Objection to Standing Motions [D.I. 4029; filed April 1, 2015]

I.      Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections (Sealed) [D.I. 4044; filed April 1, 2015]

J.      Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections (Redacted) [D.I. 4045; filed April 1, 2015]

K.      Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections [D.I. 4099; filed April 9, 2015]

Related Documents:

i.      Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims (Redacted) [D.I. 3603; filed February 19, 2015]

ii.     Statement of Hugh Sawyer, Disinterested Manager of Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC, in Connection with Standing Motions [D.I. 4085; filed April 8, 2015]

iii.    Notice of Deposition of Hugh E. Sawyer [D.I. 4092; filed April 8, 2015]

iv.     Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4112; filed April 10, 2015]

v.      Notice of Filing of Unredacted Omnibus Objection to the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 4118; filed April 10, 2015]

vi.     Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Corrected Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4119; filed April 10, 2015]

vii.    Notice of Rescheduled Deposition [D.I. 4128; filed April 13, 2015]

viii.   Order Quashing Notice of Deposition of Hugh Sawyer [D.I. 4133; filed April 13, 2015]

ix.     Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Redacted) [D.I. 4140; filed April 14, 2015]

x.     Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Sealed) [D.I. 4141; filed April 14, 2015]

xi.    Notice of Filing of *Unredacted* Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4271; filed April 24, 2015]

xii.   Amended and Restated Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4498; filed May 18, 2015]

xiii.  Stipulation and Consent Order Extending Certain Deadlines in the Final Cash Collateral Order [D.I. 5922; filed September 11, 2015]

Status: The hearing on this matter is continued pending further order of the Court, subject to the terms of the PSA, including section 12 thereof, and the Settlement Agreement. Consequently, no hearing with respect to this matter is required at this time.

10.   Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3605; filed February 19, 2015]

Response/Objection Deadline:       March 3, 2015 at 4:00 p.m. (EST)

Reply Deadline:                    April 1, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.     Response and Limited Objection of Wilmington Savings Fund Society, FSB to Certain Motions for Standing [D.I. 3725; filed March 3, 2015]

B.     Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726; filed March 3, 2015]

C.     Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727; filed March 3, 2015]

D.     Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First Lien Administrative Agent and Successor TCEH First Lien Collateral Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3, 2015]

E.     Omnibus Objection of the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

F.     Omnibus Response of the Official Committee of TCEH Unsecured Creditors to (I) Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to

Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims; and (II) Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3733; filed March 3, 2015]

G.     Objection of the Ad Hoc Group of TCEH Unsecured Noteholders to the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3734; filed March 3, 2015]

H.     Objection of Law Debenture Trust Company of New York, as Indenture Trustee, to the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3741; filed March 3, 2015]

I.     Reply of Wilmington Savings Fund Society, FSB to Debtors' Omnibus Objection to Standing Motions [D.I. 4029; filed April 1, 2015]

J.     Reply of the EFH Official Committee to Objections and Responses Filed in Connection with the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates (Sealed) [D.I. 4034; filed March 1, 2015]

K.     Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections [D.I. 4099; filed April 9, 2015]

Related Documents:

i.     Motion of the EFH Official Committee for Leave to File and Serve a Late Reply in Connection with the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3774; filed March 4, 2015]

ii.    Notice of Withdrawal of Docket Number 3774 [D.I. 3795; filed March 4, 2015]

iii.   Notice of Filing of Unredacted Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3869; filed March 10, 2015]

iv.     Notice of Filing of Unsealed Reply of the EFH Official Committee to Objections and Responses Filed in Connection with the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 4107; filed March 9, 2015]

v.      Notice of Filing of Unredacted Omnibus Objection to the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 4118; filed April 10, 2015]

vi.     Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Redacted) [D.I. 4140; filed April 14, 2015]

vii.    Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Sealed) [D.I. 4141; filed April 14, 2015]

viii.   Notice of Filing of *Unredacted* Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4271; filed April 24, 2015]

ix.     Amended and Restated Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4498; filed May 18, 2015]

x.      Stipulation and Consent Order Extending Certain Deadlines in the Final Cash Collateral Order [D.I. 5922; filed September 11, 2015]

Status: The hearing on this matter is continued pending further order of the Court, subject to the terms of the PSA, including section 12 thereof, and the Settlement Agreement. Consequently, no hearing with respect to this matter is required at this time.

11.  Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3896; filed March 13, 2015]

Response/Objection Deadline:          March 27, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.      Claimant Response to Debtor Objection to Claim for Rose S. Washington [D.I. 3998; filed March 27, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twelfth Omnibus

(Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3897; filed March 13, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4013; filed March 31, 2015]

iii.    Order Sustaining Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4093; filed April 9, 2015]

iv.    Order (Second) Sustaining Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4677; filed June 4, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit H.  On April 9, 2015, the Court entered an order sustaining this matter as to various claims subject thereto.  On June 4, 2015, the Court entered a further form of order sustaining the objection with respect to certain additional claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

12.    Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4003; filed March 27, 2015]

Response/Objection Deadline:        April 10, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Lori Slocum for estate of Donald L. Cox [D.I. 4088; filed April 8, 2015]

B.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the

Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Yolanda H. Small [D.I. 4089; filed April 8, 2015]

C.      Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Timmy Villarreal [D.I. 4114; filed April 10, 2015]

D.      Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Joan H. Hughes [D.I. 4150; filed April 14, 2015]

E.      Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Robert E. Walker [D.I. 4151; filed April 14, 2015]

F.      Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Marilyn Bell [D.I. 4152; filed April 14, 2015]

G.      Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Nikita Denis Bailey-Kelly [D.I. 4153; filed April 14, 2015]

H.      Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Judy Allen [D.I. 4154; filed April 14, 2015]

I.      Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Melvin Williams [D.I. 4204; filed April 17, 2015]

Related Documents:

i.  Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4004; filed March 27, 2015]

ii.  Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4226; filed April 20, 2015]

iii.  Order Sustaining Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4373; filed May 1, 2015]

iv.  Order (Second) Sustaining Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4676; filed June 4, 2015]

v.  Order (Third) Sustaining Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4905; filed July 1, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit I. On May 1, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On June 4, 2015, the Court entered a further form of order sustaining the objection with respect to certain additional claims subject thereto. On July 1, 2015, the Court entered a further form of order sustaining the objection with respect to certain additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

13.  Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4050; filed April 2, 2015]

Response/Objection Deadline:        April 16, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:      None.

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4051; filed April 2, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4227; filed April 20, 2015]

iii.    Order Sustaining Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4280; filed April 27, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit J.   On April 27, 2015, the Court entered an order sustaining this matter as to various claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.   Consequently, no hearing with respect to this matter is required at this time.

14.     Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4052; filed April 2, 2015]

Response/Objection Deadline:        April 16, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.      Amelia Maurillo's Response to Debtor's Objection to Amelia Maurillo Proof of Claim [D.I. 4206; filed April 17, 2015]

Related Documents:

i.       Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4053; filed April 2, 2015]

ii.      Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4228; filed April 20, 2015]

iii.     Order Sustaining Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4281; filed April 27, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit K.  On April 27, 2015, the Court entered an order sustaining this matter as to various claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

15.    Motion of the EFH Official Committee for Entry of an Order Directing Disclosure of Oncor Bid Information to the EFH Official Committee [D.I. 4260; filed April 23, 2015]

Response/Objection Deadline:        May 12, 2015 at 4:00 p.m. (EDT); extended to June 30, 2014 at 4:00 p.m. (EDT) for the Debtors and TCEH Official Committee

Responses/Objections Received:     None.

Related Documents:

i.       Motion of the EFH Official Committee for Entry of an Order Shortening Notice with Respect to the Motion of the EFH Official Committee for Entry of an Order Directing Disclosure of Oncor Bid Information to the EFH Official Committee [D.I. 4259; filed April 23, 2015]

ii.      Order [D.I. 4267; filed April 24, 2015]

      iii.     Re-Notice of Motion of the EFH Official Committee for Entry of an Order Directing Disclosure of Oncor Bid Information to the EFH Official Committee [D.I. 4338; filed April 28, 2015]

    Status: The hearing on this matter has been continued to a date and time to be determined. Consequently, no hearing with respect to this matter is required at this time.

16.    Motion for Order Authorizing Payment and Reimbursement of Certain Fees and Expenses of UMB Bank, N.A., as the EFIH Unsecured Indenture Trustee [D.I. 4438; filed May 8, 2015]

    Response/Objection Deadline:      May 22, 2015 at 4:00 p.m. (EDT); extended to September 10, 2015 at 4:00 p.m. (EDT) for the Debtors

    Responses/Objections Received:

    A.     Objection of the EFH Official Committee to Motion for Order Authorizing Payment and Reimbursement of Certain Fees and Expenses of UMB Bank, N.A., as the EFIH Unsecured Indenture Trustee [D.I. 4567; filed May 22, 2015]

    B.     The Acting United States Trustee's Objection to the Motion for an Order Authorizing Payment and Reimbursement of Certain Fees and Expenses of UMB Bank, N.A., as the EFIH Unsecured Indenture Trustee (D.I. 4438) [D.I. 4575; filed May 22, 2015]

    C.     Debtors' Objection to Motion for Order Authorizing Payment and Reimbursement of Certain Fees and Expenses of UMB Bank, N.A., as the EFIH Unsecured Indenture Trustee [D.I. 5909; filed September 10, 2015]

    Status: By agreement of the parties, the hearing on this matter is continued to the omnibus hearing scheduled for December 16, 2015 at 9:30 a.m. (EST). Consequently, no hearing with respect to this matter is required at this time.

17.    Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4782; filed June 16, 2015]

    Response/Objection Deadline:     June 30, 2015 at 4:00 p.m. (EDT)

    Responses/Objections Received:

    A.     Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims

Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Consolidated Communications Inc. [D.I. 4894; filed June 30, 2015]

B.     Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Glenda Carol Phillips Lee [D.I. 4896; filed June 30, 2015]

C.     Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Donna Phillips [D.I. 4897; filed June 30, 2015]

D.     Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jacquelyn A. Myles [D.I. 4906; filed July 1, 2015]

E.     Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Amelia M. McMillan [D.I. 4917; filed July 2, 2015]

F.     Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Austin Kovach [D.I. 4943; filed July 8, 2015]

Related Documents:

i.     Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4783; filed June 16, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Related to "Debtors Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section

502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4913; filed July 2, 2015]

iii.     Order Sustaining Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5006; filed July 15, 2015]

iv.     Declaration of Barry Harman, Pro Se Claimant, in Support of the Original Claim as Filed and in Opposition to Debtors Standard Form Objection(s) [D.I. 5076; filed July 22, 2015]

v.     Order (Second) Sustaining Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5875; filed September 8, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit L.  On July 15, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. On September 8, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

18.     Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4784; filed June 16, 2015]

Response/Objection Deadline:          July 2, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.     Creditors Response to Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Wayne English [D.I. 4882; filed June 29, 2015]

B.     Response to Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules

3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Puente Brothers Investments, LLC [D.I. 4895; filed June 30, 2015]

C.      Response to Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jeffrey and Linda Sue Lammers [D.I. 4919; filed July 2, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4785; filed June 16, 2015]

ii.     *Amended* Notice of "Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" and Hearing Thereon [D.I. 4804; filed June 18, 2015]

iii.    *Second Amended* Notice of "Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" and Hearing Thereon [D.I. 4851; filed June 24, 2015]

iv.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5011; filed July 15, 2015]

v.      Order Sustaining Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5089; filed July 24, 2015]

vi.     Order (Second) Sustaining Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5876; filed September 8, 2015]

<u>Status</u>: The individual status of each claim subject to this matter is listed on the attached <u>Exhibit M</u>. On July 24, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. On September 8, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

19.    Debtors' Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4786; filed June 16, 2015]

<u>Response/Objection Deadline</u>:        July 2, 2015 at 4:00 p.m. (EDT)

<u>Responses/Objections Received</u>:        None.

<u>Related Documents</u>:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Eighteenth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4787; filed June 16, 2015]

ii.    *Amended* Notice of "Debtors' Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" and Hearing Thereon [D.I. 4805; filed June 18, 2015]

iii.    *Second Amended* Notice of "Debtors' Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" and Hearing Thereon [D.I. 4852; filed June 24, 2015]

iv.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5012; filed July 15, 2015]

v.    Order Sustaining Debtors' Eighteenth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the

Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5214; filed August 5, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit N. On August 5, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

20.     Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4970; filed July 10, 2015]

Response/Objection Deadline:          July 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4971; filed July 10, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5014; filed July 15, 2015]

iii.    Order Sustaining Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5255; filed August 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit O. On August 10, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

21.    Debtors' Twentieth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4972; filed July 10, 2015]

Response/Objection Deadline:        July 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Response of Rexel, Inc. to Debtors' 20th and 21st Omnibus Objections to Claims [D.I. 5195; filed July 31, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twentieth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4973; filed July 10, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twentieth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5015; filed July 15, 2015]

iii.    Order Sustaining Debtors' Twentieth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5253; filed August 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit P.  On August 10, 2015, the Court entered an order sustaining this matter as to various claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

22.    Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4974; filed July 10, 2015]

Response/Objection Deadline:        July 24, 2015 at 4:00 p.m. (EDT); extended to August 7, 2015 at 4:00 p.m. (EDT) for Mastercraft Printed Products

Responses/Objections Received:

A.    Response of Rexel, Inc. to Debtors' 20th and 21st Omnibus Objections to Claims [D.I. 5195; filed July 31, 2015]

B.    Mastercraft Printed Products & Services, Inc.'s Response to Debtors' Objection to Claims [D.I. 5241; filed August 7, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4975; filed July 10, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5017; filed July 15, 2015]

iii.    Order Sustaining Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5252; filed August 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit Q.  On August 10, 2015, the Court entered an order sustaining this matter as to various claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

23.    Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4976; filed July 10, 2015]

Response/Objection Deadline:        July 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Response of Claimant, Spencer Harris of Arkansas, Inc. to Objection to Claims [D.I. 5085; filed July 22, 2015]

B.  Objection from Ty Flot Inc [SIC] to Debtors' Twenty-Second Omnibus (Non-Substantice [SIC]) Objection to Claims (Wrong Debtor) [D.I. 5087; filed July 24, 2015]

Related Documents:

i.   Declaration of Michael Carter in Support of the Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 4977; filed July 10, 2015]

ii.  Notice of Submission of Copies of Proofs of Claim Regarding the Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5000; filed July 15, 2015]

iii. Order Sustaining Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5250; filed August 10, 2015]

iv.  Notice of Withdrawal of Objection from Ty-Flot Inc. to Debtor's [SIC] Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) [D.I. 5399; filed August 18, 2015]

v.   Order (Second) Sustaining Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 6777; filed October 30, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit R. On August 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On October 30, 2015, the Court entered a subsequent order in connection with this matter resolving additional various claims subject thereto. All remaining unresolved claims subject to this matter are continued to the omnibus hearing scheduled for December 16, 2015 starting at 9:30 a.m. (EST). Consequently, no hearing with respect to this matter is required at this time.

24.  Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 4978; filed July 10, 2015]

Response/Objection Deadline:     July 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.      Declaration of Michael Carter in Support of the Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 4979; filed July 10, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Regarding the Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5001; filed July 15, 2015]

iii.    Order Sustaining Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5251; filed August 10, 2015]

iv.     Order (Second) Sustaining Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 6778; filed October 30, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit S. On August 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On October 30, 2015, the Court entered a subsequent order in connection with this matter resolving additional various claims subject thereto. All remaining unresolved claims subject to this matter are continued to the omnibus hearing scheduled for December 16, 2015 starting at 9:30 a.m. (EST). Consequently, no hearing with respect to this matter is required at this time.

25.    Debtors' Twenty-Fifth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5366; filed August 17, 2015]

Response/Objection Deadline:        August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i. Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twenty-Fifth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5368; filed August 17, 2015]

ii. Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twenty-Fifth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5699; filed August 24, 2015]

iii. Order Sustaining Debtors' Twenty-Fifth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5906; filed September 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit T. On September 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

26. Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5369; filed August 17, 2015]

Response/Objection Deadline: August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received: None.

Related Documents:

i. Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5370; filed August 17, 2015]

ii. Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code,

Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5701; filed August 24, 2015]

iii.    Order Sustaining Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5907; filed September 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit U. On September 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

27.    Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5371; filed August 17, 2015]

Response/Objection Deadline:        August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.    Declaration of Michael Carter in Support of the Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5372; filed August 17, 2015]

ii.    Notice of Submission of Proofs of Claim Regarding the Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5675; filed August 21, 2015]

iii.    Order Sustaining Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 6051; filed September 16, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit V. On September 16, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to the omnibus hearing scheduled for December 16, 2015 starting at 9:30 a.m.

(EST). Consequently, no hearing with respect to this matter is required at this time.

28.    Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5373; filed August 17, 2015]

Response/Objection Deadline:        August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Response of Cellco Partnership d/b/a Verizon Wireless to Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5802; filed August 31, 2015]

B.    Objection to Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 filed by Benetech Inc. [D.I. 5834; filed August 31, 2015]

C.    Response of Rexel, Inc. to Debtors' 28th Omnibus Objection [SIC] to Claims [D.I. 5838; filed September 2, 2015]

D.    Response of Benetech to the Excel File Titled Claim 5776 [D.I. 6147; filed September 23, 2015]

Related Documents:

i.    Declaration of Michael Carter in Support of the Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5374; filed August 17, 2015]

ii.    Notice of Submission of Proofs of Claim Regarding the Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5678; filed August 21, 2015]

iii.    Order Sustaining Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 6050; filed September 16, 2015]

iv.    Order (Second) Sustaining Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 6776; filed October 30, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit W. On September 16, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On October 30, 2015, the Court entered a subsequent order in connection with this matter resolving additional various claims subject thereto. All remaining unresolved claims subject to this matter are continued to the omnibus hearing scheduled for December 16, 2015 starting at 9:30 a.m. (EST). Consequently, no hearing with respect to this matter is required at this time.

29.    Application for an Order Approving the Employment of Gibbs & Bruns LLP as Special Conflicts Trial Counsel to the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. Under Bankruptcy Code Sections 328(a) and 1103(a), Bankruptcy Rule 2014(a), and Local Rule 2014-1, Effective *Nunc Pro Tunc* to September 8, 2015 [D.I. 6140; filed September 22, 2015]

Response/Objection Deadline:    October 6, 2015 at 4:00 p.m. (EDT); extended to November 20, 2015 at 4:00 p.m. (EST) for the Debtors only; extended to December 11, 2015 at 4:00 p.m. (EST) for the Office of the United States Trustee only

Responses/Objections Received:

A.    Objection of Energy Future Holdings Corp., *et al.*, to the Application Seeking Employment of Gibbs & Bruns LLP as Special Conflicts Trial Counsel to the EFH Committee Under Bankruptcy Code Sections 328(a) and 1103(a), Bankruptcy Rule 2014(a), and Local Rule 2014-1, Effective *Nunc Pro Tunc* to September 8, 2015 [D.I. 6341; filed October 6, 2015]

B.    Joinder of the Ad Hoc Group of TCEH Unsecured Noteholders in the Objection of Energy Future Holdings Corp., *et al.*, to the Application Seeking Employment of Gibbs & Bruns LLP as Special Conflicts Trial Counsel to the EFH Committee Under Bankruptcy Code Sections 328(a) and 1103(a), Bankruptcy Rule 2014(a), and Local Rule 2014-1, Effective *Nunc Pro Tunc* to September 8, 2015 [D.I. 6353; filed October 6, 2015]

Related Documents:

i.    Notice of Rescheduled Hearing on Retention of Gibbs & Bruns LLP [D.I. 6434; filed October 13, 2015]

Status: By agreement of the parties, the hearing on this matter is continued to the omnibus hearing scheduled for December 16, 2015 at 9:30 a.m. (EST). Consequently, no hearing with respect to this matter is required at this time.

30. Objection of Energy Future Holdings Corp. to Proofs of Claim 6524-6733, 7477, 7478 and 7479 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for EFH Legacy Notes [D.I. 6463; filed October 14, 2015]

Response/Objection Deadline:          October 28, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A. Response of EFH Legacy Notes Trustee to Objection of Energy Future Holdings Corp. to Proofs of Claim 6524-6733, 7477, 7478 and 7479 Filed by American Stock Transfer & Trust Co. LLC as Indenture Trustee for EFH Legacy Notes [D.I. 6718; filed October 28, 2015]

Related Documents:

i. Re-Notice of (I) "Objection of Energy Future Holdings Corp. to Proofs of Claim 6524-6733, 7477, 7478 and 7479 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for EFH Legacy Notes" [D.I. 6463]; (II) "Objection of Energy Future Holdings Corp., et al., to Proof of Claim 7475, 7480, 7481, and 6874-6943 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH LBO Notes" [D.I. 6596]; and (III) "Objection of Energy Future Holdings Corp., et al., to Proofs of Claim 7476, 7482, and 6734-6873 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH Unexchanged Notes" [D.I. 6599] [D.I. 6950; filed November 11, 2015]

Status: By agreement of the parties, the hearing on this matter is continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

31. Debtors' Thirty-Second Omnibus (Non-Substantive) Objection to Insufficient Documentation, Amended, and Wrong Debtor Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 6496; filed October 16, 2015]

Response/Objection Deadline:          October 30, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A. Doyenne Constructors LLC's Response to the Debtors' Thirty-Second Omnibus (Non-Substantive) Objection to Insufficient Documentation, Amended, and Wrong Debtor Claims Pursuant to Section 502(b) of the

Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 6788; filed October 30, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC in Support of the Debtors' Thirty-Second Omnibus (Non-Substantive) Objection to Insufficient Documentation, Amended, and Wrong Debtor Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 6498; filed October 16, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Thirty-Second Omnibus (Non-Substantive) Objection to Insufficient Documentation, Amended, and Wrong Debtor Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 6936; filed November 10, 2015]

iii.    Certification of Counsel Regarding "Debtors' Thirty-Second Omnibus (Non-Substantive) Objection to Insufficient Documentation, Amended, and Wrong Debtor Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 7061; filed November 19, 2015]

iv.     Order Sustaining Debtors' Thirty-Second Omnibus (Non-Substantive) Objection to Insufficient Documentation, Amended, and Wrong Debtor Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 7070; filed November 20, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit X. On November 20, 2015, the Court entered an order in connection with this matter resolving the claims subject thereto. Consequently, no hearing with respect to this matter is required at this time.

32.     Debtors' Thirty-Third Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 6499; filed October 16, 2015]

Response/Objection Deadline:        October 30, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.      Doyenne Constructors LLC's Response to the Debtors' Thirty-Third Omnibus (Non-Substantive) Objection to Insufficient Documentation, Amended, and Wrong Debtor Claims Pursuant to Section 502(b) of the

Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 6791; filed October 30, 2015]

B.    Amended Doyenne Constructors LLC's Response to the Debtors' Thirty-Third Omnibus (Non-Substantive) Objection to Insufficient Documentation, Amended, and Wrong Debtor Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, 3007, and Local Bankruptcy Rule 3007-1 [D.I. 6792; filed October 30, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC in Support of the Debtors' Thirty-Third Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 6501; filed October 16, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Thirty-Third Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 6937; filed November 10, 2015]

iii.    Certification of Counsel Regarding "Debtors' Thirty-Third Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 7062; filed November 19, 2015]

iv.    Order Sustaining Debtors' Thirty-Third Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 7071; filed November 20, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit Y. On November 20, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

33.    Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 6505; filed October 16, 2015]

Response/Objection Deadline:        October 30, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.      Response of Michelin North America, Inc. to Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 6723; filed October 28, 2015]

B.      Response to Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 Filed by Locomotive Service, Inc. [D.I. 6775; filed October 30, 2015]

C.      Response of Tannor Partners Credit Fund, LP to Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims [D.I. 6785; filed October 30, 2015]

D.      Response of Knife River Corporation - South to Claim Objection Filed by Debtor [D.I. 6798; filed October 30, 2015]

E.      Objection to Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 Filed by OEAAT Inc. [D.I. 6865; filed November 2, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC in Support of the Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 6506; filed October 16, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 6938; filed November 10, 2015]

iii.    Certification of Counsel Regarding "Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 7063; filed November 19, 2015]

iv.    Order Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 7069; filed November 20, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit Z. On November 20, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

34.    Objection of Energy Future Holdings Corp., *et al.*, to Proofs of Claim 7475, 7480, 7481, and 6874-6943 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for EFH LBO Notes [D.I. 6596; filed October 23, 2015]

Response/Objection Deadline:        November 6, 2015 at 4:00 p.m. (EST); extended to a date to be determined for American Stock Transfer & Trust Co., as indenture trustee

Responses/Objections Received:      None at this time.

Related Documents:

i.    Re-Notice of (I) "Objection of Energy Future Holdings Corp. to Proofs of Claim 6524-6733, 7477, 7478 and 7479 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for EFH Legacy Notes" [D.I. 6463]; (II) "Objection of Energy Future Holdings Corp., *et al.*, to Proof of Claim 7475, 7480, 7481, and 6874-6943 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH LBO Notes" [D.I. 6596]; and (III) "Objection of Energy Future Holdings Corp., *et al.*, to Proofs of Claim 7476, 7482, and 6734-6873 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH Unexchanged Notes" [D.I. 6599] [D.I. 6950; filed November 11, 2015]

Status: By agreement of the parties, the hearing on this matter is continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

35.    Objection of Energy Future Holdings Corp., *et al.*, to Proofs of Claim 7476, 7482, and 6734-6873 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for EFH Unexchanged Notes [D.I. 6599; filed October 23, 2015]

Response/Objection Deadline:        November 6, 2015 at 4:00 p.m. (EST); extended to a date to be determined for

American Stock Transfer & Trust Co., as indenture trustee

Responses/Objections Received:    None at this time.

Related Documents:

i.    Re-Notice of (I) "Objection of Energy Future Holdings Corp. to Proofs of Claim 6524-6733, 7477, 7478 and 7479 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for EFH Legacy Notes" [D.I. 6463]; (II) "Objection of Energy Future Holdings Corp., *et al.*, to Proof of Claim 7475, 7480, 7481, and 6874-6943 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH LBO Notes" [D.I. 6596]; and (III) "Objection of Energy Future Holdings Corp., *et al.*, to Proofs of Claim 7476, 7482, and 6734-6873 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH Unexchanged Notes" [D.I. 6599] [D.I. 6950; filed November 11, 2015]

Status: By agreement of the parties, the hearing on this matter is continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

36.    Debtor Energy Future Holdings Corp.'s Application for Entry of an Order Authorizing the Retention and Employment of Bielli & Klauder, LLC as Co-Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp. Effective *Nunc Pro Tunc* to October 1, 2015 [D.I. 6617; filed October 23, 2015]

Response/Objection Deadline:    November 6, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:    None.

Related Documents:

i.    Certificate of No Objection (Re: D.I. 6617) [D.I. 6951; filed November 11, 2015]

ii.    Order Authorizing the Retention and Employment of Bielli & Klauder, LLC as Co-Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp. Effective *Nunc Pro Tunc* to October 1, 2015 [D.I. 6963; filed November 12, 2015]

Status: On November 12, 2015, the Court entered an order granting the Debtors the relief requested in connection with this matter.  Consequently, no hearing with respect to this matter is required.

**II.    UNCONTESTED MATTERS WITH A CERTIFICATION OF NO OBJECTION OR CERTIFICATION OF COUNSEL:**

37.    Motion of Energy Future Holdings Corp., *et al.*, for Substitution of Exhibit [D.I. 6764; filed October 29, 2015]

Response/Objection Deadline:        November 12, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:      None.

Related Documents:

i.    Debtors' Memorandum in Support of its Motion *in Limine* to Limit the Expert Report and Testimony of Michael Henkin [D.I. 6743; filed October 29, 2015]

ii.    Certification of No Objection Regarding "Motion of Energy Future Holdings Corp., *et al.*, for Substitution of Exhibit" [D.I. 6764] [D.I. 7092; filed November 23, 2015]

Status: On November 23, 2015, the Debtors filed a certification of no objection in connection with this matter. Consequently, a hearing with respect to this matter is required only to the extent that the Court has any questions or concerns.

38.    Debtors' Motion for Entry of an Order (A) Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004, (B) Providing Requirements for the Purchase of Certain Claims Against the Debtors, and (C) Establishing Notification and Hearing Procedures for Relief from the Requirements on the Purchase of Certain Claims Against the Debtors [D.I. 6871; filed November 4, 2015]

Response/Objection Deadline:        November 18, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Informal comments from the TCEH First Lien Administrative Agent

Related Documents:

i.    Declaration of Andrew M. Wright in Support of the Debtors' Motion for Entry of an Order (A) Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004, (B) Providing Requirements for the Purchase of Certain Claims Against the Debtors, and (C) Establishing Notification and Hearing Procedures for Relief from the Requirements on the Purchase of Certain Claims Against the Debtors [D.I. 6872; filed November 4, 2015]

ii.    Certification of Counsel Concerning Order (A) Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004, (B) Providing Requirements for the Purchase of Certain Claims Against the Debtors, (C) Establishing Notification and Hearing Procedures for Relief from the Requirements on the Purchase of Certain Claims Against the Debtors [D.I. 7073; filed November 20, 2015]

Status: On November 20, 2015, the Debtors filed a certification of counsel attaching a revised form of agreed order in connection with this matter. Consequently, a hearing with respect to this matter is required only to the extent that the Court has any questions or concerns.

39.    Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Mining Company LLC to Transfer Certain Assets to Oak Grove Management Company and Granting Related Relief [D.I. 6873; filed November 4, 2015]

Response/Objection Deadline:    November 18, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Informal comments from the Ad Hoc Group of TCEH First Lien Lenders

Related Documents:

i.    Declaration of Robert Frenzel in Support of the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Mining Company LLC to Transfer Certain Assets to Oak Grove Management Company and Granting Related Relief [D.I. 6874; filed November 4, 2015]

ii.    Certification of Counsel Concerning Order Approving the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Authorizing Luminant Mining Company LLC to Transfer Certain Assets to Oak Grove Management Company and Granting Related Relief [D.I. 7080; filed November 20, 2015]

Status: On November 20, 2015, the Debtors filed a certification of counsel attaching a revised form of agreed order in connection with this matter. Consequently, a hearing with respect to this matter is required only to the extent that the Court has any questions or concerns.

40.    Motion of UMB Bank, N.A. to Alter or Amend Order Regarding EFIH Debtors' Partial Objection to Proof of Claim 6347 [D.I. 6968; filed November 12, 2015]

Response/Objection Deadline:    November 20, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:        None.

Related Documents:

i.      EFIH Debtors' Partial Objection to Proof of Claim No. 6347 filed by the Indenture Trustee for the EFIH Unsecured Notes [D.I. 4964; filed July 9, 2015]

ii.     Order Sustaining Debtors' Partial Objection to Proof of Claim No. 6347 filed by the Indenture Trustee for the EFIH Unsecured Notes [D.I. 6783; filed October 30, 2015]

iii.    Motion of UMB Bank, N.A. to Shorten Notice Period in Connection with Motion of UMB Bank, N.A. to Alter or Amend Order Regarding EFIH Debtors' Partial Objection to Proof of Claim 6347 [D.I. 6969; filed November 12, 2015]

iv.     Notice of Appeal [D.I. 6970; filed November 12, 2015]

v.      Notice of Appeal [D.I. 6972; filed November 12, 2015]

vi.     Motion of Ad Hoc Group of Non-Settling EFIH PIK Noteholders to Alter or Amend Order Regarding EFIH Debtors' Partial Objection to Proof of Claim No. 6347 [D.I. 6973; filed November 12, 2015]

vii.    Motion of Ad Hoc Group of Non-Settling EFIH PIK Noteholders to Shorten Notice Period in Connection with Motion of Ad Hoc Group of Non-Settling EFIH PIK Noteholders to Alter or Amend Order Regarding EFIH Debtors' Partial Objection to Proof of Claim No. 6347 [D.I. 6974; filed November 12, 2015]

viii.   Order Shortening Notice Period in Connection with Relief Requested in Connection with Motion of UMB Bank, N.A. to Alter or Amend Order Regarding EFIH Debtors' Partial Objection to Proof of Claim No. 6347 [D.I. 6985; filed November 13, 2015]

ix.     Notice of Hearing Related to Motion of UMB Bank, N.A. to Alter or Amend Order Regarding EFIH Debtors' Partial Objection to Proof of Claim No. 6347 [D.I. 6988; filed November 13, 2015]

x.      Order Shortening Notice Period in Connection with Relief Requested in Motion of Ad Hoc Group of Non-Settling EFIH PIK Noteholders to Alter or Amend Order Regarding EFIH Debtors' Partial Objection to Proof of Claim No. 6347 [D.I. 6992; filed November 13, 2015]

xi.     Order Shortening Notice Period in Connection with Relief Requested in Motion of Ad Hoc Group of Non-Settling EFIH PIK Noteholders to Alter

or Amend Order Regarding EFIH Debtors' Partial Objection to Proof of Claim No. 6347 [D.I. 7017; filed November 17, 2015]

xii.    Notice of Hearing Regarding Motion of Ad Hoc Group of Non-Settling EFIH PIK Noteholders to Alter or Amend Order Regarding EFIH Debtors' Partial Objection to Proof of Claim No. 6347 [D.I. 7052; filed November 19, 2015]

Status: The Debtors anticipate that the movant will file a certification of no objection seeking entry of an order in connection with this matter prior to the hearing. Consequently, a hearing with respect to this matter should only be required to the extent that the Court has any questions or concerns.

41.    Motion of Ad Hoc Group of Non-Settling EFIH PIK Noteholders to Alter or Amend Order Regarding EFIH Debtors' Partial Objection to Proof of Claim No. 6347 [D.I. 6973; filed November 12, 2015]

Response/Objection Deadline:        November 20, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:      None.

Related Documents:

i.      EFIH Debtors' Partial Objection to Proof of Claim No. 6347 filed by the Indenture Trustee for the EFIH Unsecured Notes [D.I. 4964; filed July 9, 2015]

ii.     Order Sustaining Debtors' Partial Objection to Proof of Claim No. 6347 filed by the Indenture Trustee for the EFIH Unsecured Notes [D.I. 6783; filed October 30, 2015]

iii.    Motion of UMB Bank, N.A. to Alter or Amend Order Regarding EFIH Debtors' Partial Objection to Proof of Claim 6347 [D.I. 6968; filed November 12, 2015]

iv.     Notice of Appeal [D.I. 6970; filed November 12, 2015]

v.      Notice of Appeal [D.I. 6972; filed November 12, 2015]

vi.     Motion of Ad Hoc Group of Non-Settling EFIH PIK Noteholders to Shorten Notice Period in Connection with Motion of Ad Hoc Group of Non-Settling EFIH PIK Noteholders to Alter or Amend Order Regarding EFIH Debtors' Partial Objection to Proof of Claim No. 6347 [D.I. 6974; filed November 12, 2015]

vii.    Order Shortening Notice Period in Connection with Relief Requested in Connection with Motion of UMB Bank, N.A. to Alter or Amend Order

Regarding EFIH Debtors' Partial Objection to Proof of Claim No. 6347 [D.I. 6985; filed November 13, 2015]

viii.    Notice of Hearing Related to Motion of UMB Bank, N.A. to Alter or Amend Order Regarding EFIH Debtors' Partial Objection to Proof of Claim No. 6347 [D.I. 6988; filed November 13, 2015]

ix.    Order Shortening Notice Period in Connection with Relief Requested in Motion of Ad Hoc Group of Non-Settling EFIH PIK Noteholders to Alter or Amend Order Regarding EFIH Debtors' Partial Objection to Proof of Claim No. 6347 [D.I. 6992; filed November 13, 2015]

x.    Order Shortening Notice Period in Connection with Relief Requested in Motion of Ad Hoc Group of Non-Settling EFIH PIK Noteholders to Alter or Amend Order Regarding EFIH Debtors' Partial Objection to Proof of Claim No. 6347 [D.I. 7017; filed November 17, 2015]

xi.    Notice of Hearing Regarding Motion of Ad Hoc Group of Non-Settling EFIH PIK Noteholders to Alter or Amend Order Regarding EFIH Debtors' Partial Objection to Proof of Claim No. 6347 [D.I. 7052; filed November 19, 2015]

Status: The Debtors anticipate that the movant will file a certification of no objection seeking entry of an order in connection with this matter prior to the hearing. Consequently, a hearing with respect to this matter should only be required to the extent that the Court has any questions or concerns.

## III.    **ADVERSARY PROCEEDING**:

42.    Request for Certification of Direct Appeal to the Court of Appeals Under 28 U.S.C. § 158(d)(2) [Adv. D.I. 75/D.I. 7026; filed November 17, 2015]

Response/Objection Deadline:        November 24, 2015 at 12:00 p.m. (EST)

Responses/Objections Received:      None at this time.

Related Documents:

i.    Motion to Fix Hearing Date on and Shorten Time to Respond to Second Lien Trustee's Request for Certification of Direct Appeal to the Court of Appeals Under 28 U.S.C. § 158(d)(2) [Adv. D.I. 76/D.I. 7027; filed November 17, 2015]

ii.    Order Fixing Hearing Date and Shortening Time to Respond to Second Lien Trustee's Request for Certification of Direct Appeal to the Court of Appeals Under 28 U.S.C. § 158(d)(2) [Adv. D.I. 77/D.I. 7030; filed November 18, 2015]

iii.    Notice of Hearing and Objection Deadline with Respect to Second Lien Trustee's Request for Certification of Direct Appeal to the Court of Appeals Under 28 U.S.C. § 158(d)(2) [Adv. D.I. 79/D.I. 7048; filed November 18, 2015]

iv.    Clerk's Notice Regarding Filing of Request for Certification of Direct Appeal [Adv. D.I. 82/D.I. 7034; filed November 18, 2015]

<u>Status</u>: The Debtors intend to file their objection in connection with this matter prior to 12:00 p.m. (noon) (EST) on November 24, 2015. By agreement of the parties (and with the Court's permission), this matter will thereafter be submitted for decision by the Court on the papers without the need for oral argument.

*[Remainder of page intentionally left blank.]*

Dated: November 23, 2015
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
        defranceschi@rlf.com
        madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
        stephen.hessler@kirkland.com
        brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
        marc.kieselstein@kirkland.com
        chad.husnick@kirkland.com
        steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*