## Exhibit C

**Blackline — EFIH PIK Settlement Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|                                              |     |                              |
| :------------------------------------------- | :-- | :--------------------------- |
|                                              | )   |                              |
| In re:                                       | )   | Chapter 11                   |
|                                              | )   |                              |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]   | )   | Case No. 14-10979 (CSS)      |
|                                              | )   |                              |
| Debtors.                                     | )   | (Jointly Administered)       |
|                                              | )   |                              |

**ORDER APPROVING SETTLEMENT OF CERTAIN EFIH PIK
NOTEHOLDER CLAIMS AND AUTHORIZING DEBTORS TO
ENTER INTO AND PERFORM UNDER STIPULATIONS**

Upon (a) the *Second Amended Notice of Settlement of EFIH PIK Note Claims With Certain EFIH PIK Noteholders* [D.I. 6699 18] filed by of the above-captioned debtors and debtors in possession (the "Debtors") and the Debtors' request (the "Initial PIK Requested Relief") that this Court enter an order (this "EFIH PIK Settlement Order"), (ai) approving the Stipulation, attached hereto as Exhibit 1 (the "Initial PIK Stipulation"),[2] by and among (iA) the Debtors and (iiB) certain beneficial holders or investment advisors or managers for such beneficial holders or discretionary accounts of such beneficial holders (collectively, the "Initial Settling EFIH PIK Noteholders") of the 11.25%/12.25% senior toggle notes due December 1, 2018, (the "EFIH PIK Notes"), issued pursuant to that certain Indenture (as supplemented and/or amended, the "EFIH PIK Notes Indenture") dated as of December 5, 2012, by and among, *inter alia*, the EFIH Debtors, as issuers, and UMB Bank, N.A., as successor indenture trustee to The Bank of New York Mellon Trust Company, N.A. (the "EFIH PIK Notes Trustee"); and (bii)

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   All capitalized terms used but not otherwise defined in this EFIH PIK Settlement Order shall have the meanings ascribed to them in the Stipulation.

authorizing the Debtors and the EFIH PIK Notes Trustee, as applicable, to take any and all actions reasonably necessary to consummate, and to perform any and all obligations contemplated by the Initial PIK Stipulation, and (b) the *Third Amended Notice of Settlement of EFIH PIK Note Claims With Certain EFIH PIK Noteholders* [D.I. _____] filed by the Debtors and the Debtors' request (the "Subsequent PIK Requested Relief" and together with the Initial PIK Requested Relief, the "Requested Relief") that this Court (i) approve the Stipulation, attached hereto as Exhibit 2 (the "Subsequent PIK Stipulation" and together with the Initial PIK Stipulation, the "Stipulations"),[3] by and among (A) the Debtors and (B) certain beneficial holders or investment advisors or managers for such beneficial holders or discretionary accounts of such beneficial holders of the EFIH PIK Notes (collectively, the "Subsequent Settling EFIH PIK Noteholders" and together with the Initial Settling EFIH PIK Noteholders, the "Settling EFIH PIK Noteholders"); and (ii) authorizing the Debtors and the EFIH PIK Notes Trustee, as applicable, to take any and all actions reasonably necessary to consummate, and to perform any and all obligations contemplated by the Subsequent PIK Stipulation; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Requested Relief is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Requested Relief and the opportunity for a hearing on the Requested Relief under the circumstances; and the Court having reviewed ~~Stipulation~~the Stipulations and having heard the statements in support of the Requested Relief at

---

[3]    All capitalized terms used but not otherwise defined in this EFIH PIK Settlement Order shall have the meanings ascribed to them in the Stipulations.

a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in –the Requested Relief and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Requested Relief is **GRANTED** as set forth herein, and any objections to the Requested Relief not previously withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled with prejudice.

2.    Pursuant to Fed. R. Bankr. P. 9019(a), the ~~Stipulation, a~~Stipulations, true and correct cop~~y~~ies of which ~~is~~are attached hereto as Exhibit 1 and Exhibit 2, and the settlements and compromises set forth therein are hereby approved in their entirety, and all of the terms of the Stipulations are incorporated herein by reference and upon entry of this EFIH PIK Settlement Order are fully binding, effective, and enforceable as to each of the parties to the Stipulations, and this EFIH PIK Settlement Order shall be final, binding and effective on all parties in interest in the Debtors' Chapter 11 Cases (including any subsequently appointed chapter 11 or chapter 7 trustee).

3.    The EFIH PIK Note Claims held by the Initial Settling EFIH PIK Noteholders shall be Allowed for purposes of the Plan and not subject to objection by any party in interest in an amount equal to the sum of: (a) the principal amount outstanding of EFIH PIK Notes held by the Initial Settling EFIH PIK Noteholders, plus accrued but unpaid prepetiton interest at the non-default contract rate, including any PIK Interest, Additional Interest and interest on interest, as applicable (i.e., 12.75% per annum and compounded), all set forth in the EFIH PIK Notes Indenture; and (b) 57.5% of accrued but unpaid postpetition interest at the non-default contract rate, including any PIK Interest, Additional Interest and interest on interest, as applicable (i.e.,

3

12.75% per annum and compounded), all as set forth in the EFIH PIK Notes Indenture through the ~~effective date of a chapter 11 plan for EFIH~~Effective Date of the Plan, but not including for the avoidance of doubt any Makewhole Claims.  The Initial ~~EFIH PIK Settling Noteholders and those~~ Settling EFIH PIK Noteholders who executed the Initial PIK Stipulation and that certain direction of holders of a majority of the aggregate principal amount of the EFIH PIK Notes dated November 9, 2015 (the "November 9th Direction Letter ~~as of the date of entry of this Order~~"), a copy of which is attached hereto as Exhibit 3 (excluding exhibits thereto), shall receive upon consummation of the Plan a consent fee equal to 2.5% of unpaid postpetition interest accrued at the non-default contract rate, including any PIK Interest, Additional Interest and interest on interest, as applicable (i.e., 12.75% per annum and compounded), all as set forth in the EFIH PIK Notes Indenture through the effective date of the Plan with respect to the EFIH PIK Notes held by such Initial Settling EFIH PIK Noteholders as of October 30, 2015.

4.      The EFIH PIK Note Claims held by the Subsequent Settling EFIH PIK Noteholders as of the date the Subsequent Settling EFIH PIK Noteholders execute the Subsequent PIK Stipulation ("Subsequent PIK Stipulation Execution Date") shall be Allowed for purposes of the Plan and not subject to objection by any party in interest in an amount equal to the sum of: (a) the principal amount outstanding of EFIH PIK Notes held by the Subsequent Settling EFIH PIK Noteholders, plus accrued but unpaid prepetiton interest at the non-default contract rate, including any PIK Interest, Additional Interest and interest on interest, as applicable (i.e., 12.75% per annum and compounded), all as set forth in the EFIH PIK Notes Indenture; and (b) 40% of accrued but unpaid postpetition interest at the non-default contract rate, including any PIK Interest, Additional Interest and interest on interest, as applicable (i.e.,

4

12.75% per annum and compounded), all set forth in the EFIH PIK Notes Indenture through the Effective Date of the Plan, but not including any Makewhole Claims.

5.    The EFH Legacy Note Claims held by the Subsequent Settling EFIH PIK Noteholders as of the Subsequent PIK Stipulation Execution Date shall be Allowed for purposes of the Plan and not subject to objection by any party in interest in an amount equal to the sum of (a) the principal amount outstanding of the EFH Legacy Notes held by the Subsequent Settling EFIH PIK Noteholders, plus accrued but unpaid prepetition interest at the non-default contract rate (including any PIK Interest, Additional Interest and interest on interest, as applicable) set forth in the EFH Legacy Note Indentures, and (b) postpetition interest at the Federal Judgment Rate through the Effective Date of the Plan, but not including any Makewhole Claims.

6.    The EFH LBO Note Claims held by the Subsequent Settling EFIH PIK Noteholders as of the Subsequent PIK Stipulation Execution Date shall be Allowed for purposes of the Plan and not subject to objection by any party in interest in an amount equal to the sum of (a) the principal amount outstanding of EFH LBO Notes held by the Subsequent Settling EFIH PIK Noteholders, plus accrued but unpaid prepetition interest at the non-default contract rate, including any PIK Interest, Additional Interest and interest on interest, as applicable (i.e., 10.875% per annum or 11.25% per annum, as applicable, and compounded), all as set forth in the EFH LBO Note Indenture, and (b) 40% of accrued but unpaid postpetition interest at the non-default contract rate, including any PIK Interest, Additional Interest and interest on interest, as applicable (i.e., 10.875% per annum or 11.25% per annum, as applicable, and compounded), all as set forth in the EFH LBO Note Indenture through the Effective Date of the Plan, but not including any Makewhole Claims.  The Subsequent Settling EFIH PIK Noteholders will only be entitled to a single recovery with respect to the EFH LBO Notes and related guarantees.

Americas 90939497

7.      The EFH Unexchanged Notes held by the Subsequent Settling EFIH PIK Noteholders as of the Subsequent PIK Stipulation Execution Date shall be Allowed for purposes of the Plan and not subject to objection by any party in interest in an amount equal to the sum of: (a) the principal amount outstanding of EFH Unexchanged Notes held by the Subsequent Settling EFIH PIK Noteholders, plus accrued but unpaid prepetiton interest at the non-default contract rate, including any PIK Interest, Additional Interest and interest on interest, as applicable (i.e., 9.75% per annum and compounded), all as set forth in the EFH Unexchanged Notes Indentures; and (b) 40% of accrued but unpaid postpetition interest at the non-default contract rate, including any PIK Interest, Additional Interest and interest on interest, as applicable (i.e., 9.75% per annum and compounded), all as set forth in the EFH Unexchanged Notes Indentures through the Effective Date of the Plan, but not including any Makewhole Claims.

8.      The EFIH Second Lien Note Claims held by the Subsequent Settling EFIH PIK Noteholders as of the Subsequent PIK Stipulation Execution Date shall be Allowed for purposes of the Plan and not subject to objection by any party in interest in an amount equal to the sum of (a) the principal amount outstanding of EFIH Second Lien Notes held by the Subsequent Settling EFIH PIK Noteholders, plus accrued but unpaid prepetition interest thereon, including any Additional Interest and interest on interest, as applicable, at the applicable non-default contract rate (i.e., 11.00% per annum or 12.25% per annum, as applicable, and compounded), all as forth in, and calculated in accordance with, the EFIH Second Lien Note Indenture and all related agreements, as applicable, and (b) accrued but unpaid postpetition interest, including any Additional Interest and interest on interest, as applicable, on such principal at the non-default contract rate (i.e., 11.00% per annum or 12.25% per annum, as applicable, and compounded), all

Americas 90939497

as set forth in, and calculated in accordance with, the EFIH Second Lien Note Indenture and all related agreements, as applicable, through the Effective Date of the Plan, but not including any Makewhole Claims.

4.9.    The parties to the Stipulations are authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate, complete, execute, and implement the Stipulations in accordance with the terms and conditions thereof, and the Debtors (with, during the Plan Support Effective Period, the consent of the Required Investor Parties) are authorized, without further order of the Court, to settle and compromise the EFIH PIK Note Claims of holders who are not Settling EFIH PIK Noteholders (the "Non-Settling EFIH PIK Noteholders") as of the date of this order, claims of holders of EFH Legacy Notes ("EFH Legacy Noteholders"), claims of holders of EFH LBO Notes ("EFH LBO Noteholders"), claims of holders of EFH Unexchanged Notes ("EFH Unexchanged Noteholders"), and claims of holders of the 9.75% Senior Notes due 2019 (the "EFIH Unexchanged Noteholders") on terms that are the same or less favorable to such Non-Settling EFIH PIK Noteholders, EFH Legacy Noteholders, EFH LBO Noteholders, EFH Unexchanged Noteholders, and EFIH Unexchanged Noteholders than those set forth in the Stipulations.

5.10.    Notwithstanding anything contained in the EFIH PIK Notes Indenture or the Plan, all distributions to the Settling EFIH PIK Noteholders pursuant to the Plan shall be made directly to the EFIH PIK Notes Trustee, and the EFIH PIK Notes Trustee shall make all distributions to the Settling EFIH PIK Noteholders with respect to the EFIH PIK Notes under the Plan, and it shall make such distributions consistent in all respects with this EFIH PIK Settlement Order, the Stipulation andStipulations, the November 9th Direction Letter, that

7

certain direction of holders of a majority of the aggregate principal amount of the EFIH PIK Notes dated November [___],24, 2015 (the "November 24th Direction Letter" and, together with the November 9th Direction Letters, the "Direction Letters"), a copy of which is attached hereto as Exhibit 2,4 (excluding exhibits thereto), and all money or property held or collected by the EFIH PIK Notes Trustee with respect to the EFIH PIK Notes held by the Settling EFIH PIK Noteholders shall be held in trust to pay principal and interest on those particular EFIH PIK Notes in accordance with this EFIH PIK Settlement Order, the Stipulations, the Plan and the Direction Letters, provided, however, subject to paragraph 511 of this EFIH PIK Settlement Order, nothing in this EFIH PIK Settlement Order shall impair, waive or extinguish any rights of the EFIH PIK Notes Trustee to use any such money or property held or collected with respect to the EFIH PIK Notes held by the Settling EFIH PIK Noteholders to secure the payment of, or to pay, the obligations of the Debtors to the EFIH PIK Notes Trustee under Sections 6.12, 6.13 and 7.07 of the EFIH PIK Notes Indenture or to establish reserves as set forth in the Direction Letter; provided further, however, that, unless the Plan is not consummated, the EFIH PIK Notes Trustee shall not seek payment by or recovery from the Debtors or their estates with respect to any fees or expenses of the EFIH PIK Notes Trustee that may be recovered from money or property held or collected by the EFIH PIK Notes Trustee under Sections 6.12, 6.13 and 7.07 of the EFIH PIK Notes Indenture with respect to the EFIH PIK Notes held by the Settling EFIH PIK Noteholders. Nothing contained in this EFIH PIK Settlement Order shall limit or impair the right of the Trustee to seek payment by or recovery from the Debtors or their estates with respect to any fees or expenses of the EFIH PIK Notes Trustee with respect to the EFIH PIK Notes held by the Non-Settling EFIH PIK Noteholders.

8

6.11.    In accordance with the Direction Letters, all money or property held or collected by the EFIH PIK Notes Trustee with respect to the EFIH PIK Notes held by the Settling EFIH PIK Noteholders shall not be used to secure the payment of, or to pay, the fees and expenses of the EFIH PIK Notes Trustee under Sections 6.12, 6.13 and 7.07 of the EFIH PIK Notes Indenture (the "Charging Lien") incurred or arising on or after entry of this EFIH PIK Settlement Order in connection with seeking the allowance or payment of postpetition interest, any Makewhole Claims or any Subsequent PIK Claim Objections (as defined herein); provided that the foregoing paragraph shall not apply (i) to any EFIH PIK Notes held by a Settling EFIH PIK Noteholder with respect to which the applicable Stipulation is terminated pursuant to Section 4.1 thereof, or (ii)  in the event the Plan is not consummated.

7.12.    The EFIH PIK Notes Trustee and the Settling EFIH PIK Noteholders are authorized to comply with the terms of the Direction Letters (subject to the provisions therein), and upon entry of this EFIH PIK Settlement Order and satisfaction of the conditions in the Direction Letters, the EFIH PIK Notes Trustee shall dismiss, upon the terms set forth in the Direction Letters, its objections to the Plan, the *Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter into and Perform Under the Settlement Agreement* [Docket No. 5249] (the "Global Settlement Motion") and the EFIH PIK Note Claims Settlement.  Notwithstanding any other provision herein or in the Direction Letters, the EFIH PIK Notes Trustee waives any and all right to appeal, seek reconsideration of, or otherwise challenge the Court's ruling made at the hearing held before the Court on November 2, 2015 denying the request of the EFIH PIK Notes Trustee to permit Non-Settling EFIH PIK Noteholders to be substituted for the EFIH PIK Notes Trustee with respect to its objections to the Plan and the Global Settlement Motion.

9

8.13.   Notwithstanding any other provision herein or in the Stipulations, the Debtors and the Plan Sponsors (a) waive any and all right to argue that Non-Settling EFIH PIK Noteholders lack standing to (i) raise and pursue appeals and proceedings related thereto (the "Appeals") of this Court's decisions dated October 30, 2015 [D.I. 6781, 6782] with respect to the allowance or payment of postpetition interest or Makewhole Claims, and (ii) be heard in any proceeding in this Court relating to the Non-Settling EFIH PIK Noteholders' entitlement, if any, to postpetition interest on equitable bases (which, if litigated, shall be litigated separate and apart from confirmation of the Plan and approval of the Global Settlement Motion) as set forth in the Court's opinion dated October 30, 2015 [D.I. 6782]; (b) acknowledge that the EFIH PIK Notes Trustee may participate as a nominal party to any proceeding referenced in (a)(i) above solely for the purposes of preserving appellate jurisdiction, with such costs (other than in respect of Appellate Suspension Costs (as defined in the November 24th Direction Letter)) to be borne solely by the Non-Settling EFIH PIK Noteholders; *provided*, *however*, that all other rights of all parties with respect to any such litigation or Appeals referenced in this paragraph are reserved.  In addition, the Settling EFIH PIK Noteholders agree that they will not direct the EFIH PIK Notes Trustee to stand down on any future objections to the Non-Settling EFIH PIK Noteholders' claims brought by the Debtors or other parties interest (the "Subsequent PIK Claim Objections").

9.14.   This EFIH PIK Settlement Order is without prejudice to the rights of UMB Bank, N.A. (the "EFIH Unexchanged Notes Trustee"), as successor indenture trustee to The Bank of New York Mellon Trust Company, N.A. under the indenture (the "EFIH Unexchanged Notes Indenture") for the 9.75% Senior Notes due 2019 (the "EFIH Unexchanged Notes"); *provided*, *however*, that based on the agreement of the Debtors and the Plan Sponsors that claims arising

10

out of the EFIH Unexchanged Notes shall be allowed on terms that are the same or no less favorable than the claims of the Non-Settling EFIH PIK Noteholders with respect to the EFIH PIK Notes, the EFIH Unexchanged Notes Trustee shall not initiate or pursue any litigation with respect to the EFIH Unexchanged Notes or the EFIH Unexchanged Notes Indenture unless the Plan is not consummated.

10.15.  The EFIH PIK Notes Trustee is authorized and directed to make distributions under the Plan to the Settling EFIH PIK Noteholders in accordance with the Stipulations, the Plan, this EFIH PIK Settlement Order, the Direction Letter and any other related documents or agreements.

16.     The EFH Notes Trustee and EFH Unexchanged Notes Trustee are authorized and directed to make distributions under the Plan to the Subsequent Settling EFIH PIK Noteholders in accordance with the Subsequent PIK Stipulation, the Plan, this EFIH PIK Settlement Order, and any other related documents or agreements.

11.17.  The EFIH PIK Notes Trustee shall not have or incur any liability for, and is released and exculpated from any cause of action or any claim related to any act or omission in connection with, relating to, arising out of, or required under, the Stipulations, this EFIH PIK Settlement Order, and any other related documents or agreements.

18.     This EFIH PIK Settlement Order shall bind the Debtors, the Settling EFIH PIK Noteholders, their respective successors, assigns, heirs, executors, administrators, and representatives, including any transferee of the Settling EFIH PIK Noteholders.

12.19.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this EFIH PIK Settlement Order shall be effective and enforceable immediately upon entry.

11

Americas 90939497

13.20.  In the event of any inconsistencies between this EFIH PIK Settlement Order, the Motion, and the StipulationStipulations or Direction Letters, this EFIH PIK Settlement Order shall govern in all respects.  EFH and the EFIH Debtors shall not amend the Plan, the PSA, or the Settlement Agreement in a manner that is materially inconsistent with the Stipulations or this EFIH PIK Settlement Order.

14.21.  The Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this EFIH PIK Settlement Order.

15.22.  The Court shall retain jurisdiction over any matter or disputes arising from or relating to the interpretation, implementation or enforcement of this EFIH PIK Settlement Order.

Dated: _____, 2015

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

Americas 90939497

**EXHIBIT 1**

**<u>Initial PIK</u> Stipulation**

**EXHIBIT 2**

**Subsequent PIK Stipulation**

2

**EXHIBIT 3**

**November 9th Direction Letter**

Americas 90939497

**EXHIBIT 4**

**November 24th Direction Letter**

Americas 90939497