# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>Re: Dkt. Nos. 6544<br><br>Hearing Date: Nov. 25, 2015 at 11:00 a.m. ET |

## OBJECTION OF POOLED EQUIPMENT INVENTORY COMPANY
## TO PLAN SUPPLEMENT AND PROPOSED CURE AMOUNT

Pooled Equipment Inventory Company ("PEICo") hereby objects to the cure amount listed in the Debtors' Assumption Schedule attached as Exhibit C to the Debtors' Plan Supplement ("Plan Supplement") filed on October 20, 2015.[2] In support hereof, PEICo states as follows:

1. PEICo operates a program called Pooled Inventory Management ("PIM"). The US Nuclear Regulatory Commission ("NRC") has regulatory authority over all United States nuclear electric generating plants and has adopted a rule requiring plans to maintain "response center" equipment. The NRC allows nuclear plants to satisfy the requirement by participating in PIM, which a plant does by entering into a Participation Contract with PEICo.

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. A complete list of the Debtors and the last four digits of their federal tax identification numbers is available at http://www.efhcaseinfo.com.

[2] While the Plan Supplement was filed on October 20, 2015, from what PEICo can tell, it has never received any cure notice or notice of the objection deadline. PEICo notes that the PEICo representative listed on the address indicated in the Plan Supplement has not been with PEICo for over 4 years.

2.  One of the Debtors, Luminant Generation LLC, owns two United States nuclear electric generating plants and has entered into a Participation Contract with PEICo dated March 15, 1985.

3.  In connection with the Plan Supplement, the Debtors have indicated that they intend to assume the Participation Contract. However, they have listed the cure as $31,402.67 noting that rather than paying the full cure amount, they intend to setoff certain amounts against what they owe to PEICo and only pay the net. However, under the terms of the Participation Contract they intend to assume, setoff, if any, is not permitted unless and until the Debtors either withdrew from the PIM or the PIM program is dissolved. Accorrdingly, authorizing the debtors to prematurely setoff amounts negatively affects the contractual rights and financial obligations of the approximately 40 other parties governed by the same program, and would result in trying to account for the Debtors' failure to pay the full amount required for many years into the future.

4.  The proper cure amount due and owing is **$62,062.80**. This objection to the proposed setoff should come as no surprise.

5.  The Debtors should not be permitted, as part of assumption and cure of the Participation Contract to improperly apply setoff rights in violation of the very agreement they are assuming. If they intend to assume the contract, then they should pay the full cure of $62,062.80, subject to their rights, if any, to setoff amounts at the conclusion of the PIM program, whenever that might be.

WHEREFORE, PEICo respectfully requests that the Court order the Debtors to pay $62,062.80 in connection with the proposed assumption of the Participation Contract.

Dated: November 24, 2015

**MORRIS JAMES LLP**

_/s/ Carl N. Kunz, III_
Carl N. Kunz, III (DE Bar No. 3201)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899-2306
Telephone:  (302) 888-6800
Facsimile:  (302) 571-1750
Email: ckunz@morrisjames.com