**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., et al.,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## ORDER APPROVING SETTLEMENT AMONG DEBTORS, EFH COMMITTEE, EFH NOTES TRUSTEE, AND CERTAIN OTHER PARTIES

Upon the *Amended Notice of Settlement Among the Debtors, the EFH Committee, and the EFH Notes Trustee* [D.I. 7131 ] filed by the above-captioned debtors and debtors in possession (the "Debtors") and the Debtors' request (the "Requested Relief") that this court enter an order (this "Settlement Order"), (a) approving the Settlement & Support Agreement, attached hereto as Exhibit 1 (the "Agreement"),[2] by and among (i) the Debtors, (ii) the EFH Committee, (iii) the EFH Notes Trustee, (iv) the Consenting TCEH First Lien Creditors, (v) the Plan Sponsors, and (vi) the TCEH Committee; and (b) authorizing the Debtors to take any and all actions reasonably necessary to consummate, and to perform any and all obligations contemplated by the Agreement; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Requested Relief is in the best interests of the Debtors' estates, their creditors, and other parties in interest;

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement and, if not defined therein, the Plan.

and the Court having found that the Debtors provided appropriate notice of the Requested Relief and the opportunity for a hearing on the Requested Relief under the circumstances; and the Court having reviewed the Agreement and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Requested Relief and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Requested Relief is **GRANTED** as set forth herein, and any objections to the Requested Relief not previously withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled with prejudice, except as set forth in paragraph 9 of this Settlement Order.

2. The Parties have been engaged in extensive arm's-length negotiations with each other in good faith, and as a result of such negotiations, the Parties have resolved to enter into the Agreement.

3. Pursuant to Fed. R. Bankr. P. 9019(a), the Agreement, a true and correct copy of which is attached hereto as Exhibit 1, and the settlement and compromises set forth therein are hereby approved in their entirety. All of the terms of the Agreement are incorporated herein by reference and upon entry of this Settlement Order are fully binding, effective, and enforceable as to each of the Parties to the Agreement, their respective successors, assigns, heirs, executors, administrators, and representatives, including, for the avoidance of doubt, any transferee of any Party. This Settlement Order shall be final, binding, and effective on all parties in interest in the Debtors' Chapter 11 Cases (including any subsequently appointed chapter 11 or chapter 7 trustee).

4. The EFH Notes Trustee Objections, the EFH Committee Objection, as well as the EFH Committee's objections to the Debtors' proposed settlements with certain holders of Claims derived from or based upon the EFIH Senior Toggle Notes (as defined in the Plan) and Fidelity pending in the Chapter 11 Cases, are hereby deemed resolved and withdrawn pending the Effective Date.

5. The limitations on the activities of the EFH Committee under the Agreement are hereby approved, and the EFH Committee shall use reasonable efforts to minimize its participation in the Chapter 11 Cases in accordance with the Agreement. The EFH Committee has acted prudently, in good faith, and in compliance with its applicable fiduciary duties in agreeing to such limitations on its activities and shall have no liability to any person for any act or omission arising out of or related to the Agreement or performance by the EFH Committee of its obligations thereunder; *provided, however*, that the foregoing shall not prevent any Party to the Agreement from seeking relief from the Court to direct performance by the EFH Committee of its commitments under the Agreement.

6. TCEH is hereby authorized and directed to perform its obligations under the Agreement, including, without limitation, with respect to the Contractual Subordination of the Settlement Intercompany Claim. Other than as provided in the Settlement Agreement, TCEH shall not sell, assign, or transfer its right, title, and interest in the Settlement Intercompany Claim unless the purchaser, assignee, or transferee executes a joinder to the Agreement in a form reasonably acceptable to the Parties. Subject to further order of the Court, any other purported sale, assignment, or transfer of TCEH's right, title, and interest in the Settlement Intercompany Claim shall be void and without effect.

7. Upon the later of entry of this Settlement Order and entry of the *Order Approving Settlement of Certain EFIH PIK Noteholder Claims and Authorizing Debtors to Enter Into and Perform Under Stipulations* (the "EFIH PIK Settlement Order"), all holders of EFIH PIK Note Claims or EFIH Unexchanged Note Claims (each as defined in the Plan) who have not previously entered into settlements with the Debtors with respect to their EFIH PIK Note Claims as of such date (the "Non-Settling EFIH PIK Noteholders") shall receive reasonable notice indicating that they have been deemed "Subsequent Settling EFIH PIK Noteholders" under the EFIH PIK Settlement Order (or, with respect to holders of EFIH Unexchanged Note Claims, that such Claims will be Allowed for purposes of the Plan in equivalent amounts) and shall be (i) bound by the Subsequent PIK Stipulation[3] (as defined in the EFIH PIK Settlement Order) and the EFIH PIK Settlement Order and (ii) entitled to Allowance of their EFIH PIK Note Claims or EFIH Unexchanged Note Claims (as applicable) to the same extent that the EFIH PIK Note Claims of the Subsequent Settling EFIH PIK Noteholders are Allowed under the Subsequent PIK Stipulation; *provided, however*, that such Non-Settling EFIH PIK Noteholders shall not be bound by either the Subsequent PIK Stipulation or this EFIH PIK Settlement Order in their capacity as Holders of any Claims other than EFIH PIK Note Claims or EFIH Unexchanged Note Claims; *provided, further, however*, that such Non-Settling EFIH PIK Noteholders shall not be bound by Section 3.2 of the Subsequent PIK Stipulation in any capacity, but any transferee of such a Non-Settling EFIH PIK Noteholder shall be bound by the Subsequent PIK Stipulation and this EFIH PIK Settlement Order to the same extent as the transferring Non-Settling EFIH PIK Noteholder; *provided, further, however*, that such Non-Settling EFIH PIK Noteholders may elect to opt out of the Subsequent PIK Stipulation and designation as Subsequent Settling EFIH PIK

---

[3] A copy of the Subsequent PIK Stipulation is attached hereto as Exhibit 2.

4

Noteholders (or, with respect to holders of EFIH Unexchanged Note Claims, allowance of their Claims in equivalent amounts), and reserve all rights related thereto, by delivering a notice of such election, on or before thirty (30) calendar days after entry of this Settlement Order, to (a) counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Chad J. Husnick (chusnick@kirkland.com) and Steven N. Serajeddini (steven.serajeddini@kirkland.com); (b) counsel to the ad hoc group of TCEH unsecured noteholders, White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131, Attn: Thomas E Lauria (tlauria@whitecase.com) and Matthew C. Brown (mbrown@whitecase.com); and (c) counsel to the EFIH PIK Note Trustee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, New York 10036, Attn: Ira S. Dizengoff (idizengoff@akingump.com) and Scott L. Alberino (salberino@akingump.com).

8. The EFH Notes Trustee has acted prudently and in good faith in the Chapter 11 Cases, has, as of the date hereof, fully and properly performed and discharged all of its duties under the EFH Note Indentures, and shall have no (nor incur any) liability for, and is released ~~and exculpated~~ from any cause of action or any claim related to any act or omission in connection with, relating to, arising out of, or required under, the Agreement, this Settlement Order, or any other related documents or agreements; *provided, however*, that the foregoing shall not release or exculpate the EFH Notes Trustee from liability for any act or omission that is inconsistent with the EFH Notes Trustee's obligations, commitments, or undertakings under the Agreement.

9. Notwithstanding anything to the contrary in this Settlement Order or the Agreement, this Settlement Order shall not constitute this Court's approval of any amounts

payable by the Debtors or their estates on account of professional fees and expenses incurred by the EFH Notes Trustee, which amounts, if any, shall be Allowed or otherwise authorized and paid by the Debtors or their estates only in connection with the Plan (including through the charging lien under EFH Notes Indenture) or further order of the Court.

10. The parties to the Agreement are authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate, complete, execute, and implement the Agreement in accordance with the terms and conditions thereof.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Settlement Order shall be effective and enforceable immediately upon entry.

12. In the event of any inconsistencies between this Settlement Order and the Agreement, this Settlement Order shall govern in all respects.

13. The Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Settlement Order.

14. The Court shall retain jurisdiction over any matter or disputes arising from or relating to the interpretation, implementation or enforcement of the Agreement and this Settlement Order.

Dated: November 25, 2015

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge