**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) Hearing Date:  12/16/2015 at 9:30 a.m. (EST) |
| | ) Obj. Deadline:  12/9/2015 at 4:00 p.m. (EST) |

**APPLICATION OF ENERGY
FUTURE HOLDINGS CORP., *ET AL*., FOR AN
ORDER AUTHORIZING THE DEBTORS TO RETAIN
AND EMPLOY GREENBERG TRAURIG, LLP AS SPECIAL
COUNSEL FOR CERTAIN ENERGY-RELATED TRANSACTIONAL
MATTERS, EFFECTIVE *NUNC PRO TUNC* TO NOVEMBER 2, 2015**

The above captioned debtors and debtors in possession (collectively, the "Debtors") file this application (this "Application") for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to employ and retain Greenberg Traurig, LLP ("Greenberg") as special counsel for the Debtors effective *nunc pro tunc* to November 2, 2015 (as defined herein).  The limited purpose of this Application is to permit the Debtors to retain and employ Greenberg to represent the Debtors as their special counsel in connection with energy-related transactional matters.  In support of this Application, the Debtors submit the *Declaration of Iskender H. Catto, in Support of the Application of Energy Future Holdings Corp.,* et al.*, for an Order Authorizing the Debtors to Retain and Employ Greenberg Traurig, LLP as Special Counsel for Certain Energy-Related Transactional Matters, Effective*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Nunc Pro Tunc *to November 2, 2015* (the "Catto Declaration"), attached hereto as **Exhibit B**, and the *Declaration of Andrew M. Wright in Support of the Application of Energy Future Holdings Corp., et al., for an Order Authorizing the Debtors to Retain and Employ Greenberg Traurig, LLP as Special Counsel for Certain Energy-Related Transactional Matters, Effective* Nunc Pro Tunc *to November 2, 2015*, attached hereto as **Exhibit C** (the "Wright Declaration"). In further support of this Application, the Debtors respectfully state as follows.

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested in this Application are sections 327(e), 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-2 of the Local Bankruptcy Rules.

**Relief Requested**

4. By this Application, the Debtors seek entry of the Order authorizing the

employment and retention of Greenberg as special counsel to the Debtors with respect to energy-related transactional matters in accordance with the terms and conditions set forth in that certain engagement letter (the "Engagement Letter"), effective as of November 2, 2015, between Luminant Energy Company LLC, Luminant Holding Company LLC, and Luminant Generation Company LLC (collectively, the "Luminant Entities") and Greenberg, a copy of which is attached as **Exhibit 1** to **Exhibit A** and incorporated herein by reference.

## Background

5. On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors in these chapter 11 cases on May 13, 2014 [D.I. 420]. Further information regarding the Debtors' business operations and capital structure is set forth in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp.*, et al., *in Support of First Day Motions* [D.I. 98].

6. On September 16, 2014, the Court entered the *Order Authorizing the Debtors to Retain and Employ McDermott Will & Emery LLP as Special Counsel for Certain Energy-Related Transactional Matters Effective* nunc pro tunc *to the Petition Date* [D.I. 2062] authorizing the retention of McDermott Will & Emery LLP ("McDermott") as special counsel on certain energy-related transaction matters. As a partner at McDermott, Iskender H. Catto was the attorney primarily responsible for the energy-related transactions services provided to the

3

Debtors by McDermott, including services related to trading issues, fuel transportation and storage, power plant operations, contract disputes, and negotiations and claims resolution (the "Energy Services").

7. On July 15, 2015, the Court entered the *Order Expanding the Retention and Employment of McDermott Will & Emery as Special Counsel for Energy-Related and REIT Transaction Matters* [D.I. 4999] expanding the scope of McDermott's retention to include certain additional services (such services, the "REIT Transactional Services" and such order, the "Expanded McDermott Order").

## Greenberg's Qualifications

8. On November 2, 2015, Greenberg hired Iskender H. Catto to further bolster its already top-notch transactional practice. Since September 24, 2013, Mr. Catto and McDermott provided the Energy Services to the Debtors in connection with their restructuring efforts. Additionally, Mr. Catto has a long-standing relationship with the Debtors (predating the Debtors' restructuring efforts) in connection with their hedging and trading operations—which are at the heart of the Energy Services.

9. In providing such prepetition professional services to the Debtors, Mr. Catto has become familiar with the Debtors and their business, including the Debtors' financial affairs, debt structure, operations, and related matters. Having worked with the Debtors' management and their other advisors, Mr. Catto has developed relevant experience and expertise regarding the Debtors that will assist him in providing effective and efficient services in these chapter 11 cases. Mr. Catto has brought his expertise and experience with the Debtors to Greenberg. Accordingly, Greenberg is both well-qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

**Services to be Provided**

10. In addition to providing counsel with respect to energy-related transactional matters, consistent with the Engagement Letter and the Catto Declaration, as modified by the Order approving this Application, the Debtors request that Greenberg represent the Debtors in connection with the Energy Services.[2]

**Professional Compensation**

11. Greenberg intends to apply for allowance of compensation for professional services and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.  The hourly rates and corresponding rate structure Greenberg will use in these chapter 11 cases are the same as the hourly rates and corresponding rate structure that Greenberg uses in other restructuring matters, as well as in similar corporate matters, whether in court or otherwise, regardless of whether a fee application is required.

12. The Debtors and Greenberg have agreed that Greenberg shall be paid its current hourly rates for services rendered and shall be reimbursed according to its customary reimbursement policies, all as set forth in the Catto Declaration.

13. Mr. Catto will be principally responsible for services provided to the Debtors.  As circumstances warrant, other lawyers or non-lawyer professionals will be assigned to work on the Debtors' matters.

14. Greenberg's fees reflect the value of their services and are based on hourly billing rates that take into account the complexity of the matter, the skill and experience required to

---

[2] McDermott will continue to provide the REIT Transactional Services to the Debtors pursuant to the Expanded McDermott Order.

perform the services, the time constraints imposed by the circumstances and the size of the matter, among other factors. In the normal course of business, Greenberg revises its hourly rates annually and may do so during the course of its representation of the Debtors.[3] These hourly rates are consistent with the rates that Greenberg charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case. Mr. Catto's current billing rate is $875.00 per hour.

15. The rate structure provided by Greenberg is appropriate and not significantly different from (a) the rates Greenberg charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Greenberg will perform in these chapter 11 cases.

16. It is Greenberg's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Greenberg's policy to charge its clients only the amount actually incurred by Greenberg in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

17. To ensure compliance with all applicable deadlines in these chapter 11 cases,

---

[3] For example, like many of its peer law firms, Greenberg increases the hourly billing rate of attorneys and paraprofessionals annually in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013). As set forth in the Order, Greenberg will provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before implementing any periodic increases, and shall file such notice with the Court.

For the avoidance of doubt, Greenberg did not provide advisory services to the Debtors before the Petition Date.

6

from time to time Greenberg utilizes the services of overtime secretaries.  Greenberg charges fees for these services pursuant to the Engagement Letter, which permits Greenberg to bill the Debtors for overtime secretarial charges that arise out of business necessity.  In addition, Greenberg professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with prepetition practices.

18.     Greenberg currently charges the Debtors $0.10 per page for standard duplication in its offices in the United States.  Notwithstanding the foregoing and consistent with the Local Bankruptcy Rules, Greenberg will charge no more than $0.10 per page for standard duplication services in these chapter 11 cases.  Greenberg will not charge its clients for incoming facsimile transmissions.

19.     The Debtors' believe that Greenberg is well-qualified to act on their behalf given Greenberg's recent hiring of Mr. Catto and Greenberg's extensive knowledge and expertise in energy-related transactional matters.

**Compensation Received by Greenberg from the Debtors**

20.     As set forth in the Catto Declaration, Greenberg did not represent the Debtors before the Petition Date, and, consequently, Greenberg did not receive any amounts from the Debtors on account of the Energy Services as of the Petition Date.

21.     Pursuant to Bankruptcy Rule 2016(b), Greenberg has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the shareholders, associates, and contract attorneys associated with Greenberg or (b) any compensation another person or party has received or may receive.

**Basis for Relief**

22.     Section 327(e) of the Bankruptcy Code provides that a debtor subject to court approval:

7

> [M]ay employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C § 327(e).

23. Moreover, section 1107(b) of the Bankruptcy Code provides that a person is not disqualified for employment under section 327 of the Bankruptcy Code by a debtor-in-possession solely because of such person's employment by or representation of the debtor before the commencement of the case. 11 U.S.C. § 1107(b).

24. Retention of an attorney under section 327(e) does not require the same searching inquiry required for a debtor to retain general bankruptcy counsel under section 327(a). *See Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 847 (D. Del. 1996) ("[S]pecial counsel employed under [section] 327(e) need only avoid possessing a conflict of interest concerning the matter at hand.").

25. Nevertheless, the phrase "does not represent or hold any interest adverse to the debtor or to the estate" requires a factual determination of "all relevant facts surrounding the debtors' case, including, but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, [and] the expense of replacement counsel. . ." *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (D. Del. 2005). In general, however, subject to the requirements of sections 327 and 1107, a debtor-in-possession is entitled to the counsel of their choosing. *In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

**I.  Retaining Greenberg as Special Counsel is in the Best Interests of the Debtors' Estates.**

26. The Debtors believe that, in light of Greenberg's experience in the energy sector,

8

Greenberg's recent hiring of Mr. Catto, and Mr. Catto's institutional knowledge of the Debtors' business and particular legal matters in which it represents the Debtors, it is in the best interests of the Debtors' estates to retain Greenberg as special counsel. In this respect, retaining Greenberg will avoid unnecessary administrative expenses and delays, result in cost efficiencies, and provide valuable assistance to the Debtors' efforts to reorganize.

**II.     Greenberg Neither Holds nor Represents any Interest Adverse to the Debtors**.

27.     Except as set forth below and in the Catto Declaration, Greenberg, to the best of the Debtors' knowledge, information, and belief, does not represent, and does not hold, any interest adverse to the Debtors or their estates, their creditors, or equity security holders, their respective attorneys and accountants, the United States Trustee for the District of Delaware (the "U.S. Trustee"), any person employed by the Office of the U.S. Trustee, or any other party in interest in these chapter 11 cases (a) in the matters for which Greenberg is to be retained or (b) in matters related to the services to be performed by Greenberg for the Debtors. Except as described below and in the Catto Declaration, Greenberg has agreed not to represent any creditors or parties in interest in the chapter 11 proceeding in any matters adverse to the Debtors.

28.     Moreover, the lawyers and staff expected to provide services to the Debtors on behalf of Greenberg are not related to the U.S. Trustee assigned to these cases, any person employed in the Office of the U.S. Trustee, or the Bankruptcy Judge presiding over these cases.

### Notice

29. The Debtors shall provide notice of this Application on the date hereof via first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its

capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain

holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) Greenberg.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

30. No prior request for the relief sought in this Application has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as is appropriate under the circumstances.

Wilmington, Delaware
Dated: November 25, 2015

                                               */s/ Andrew M. Wright*
                                               Andrew M. Wright
                                               Vice President and Deputy General Counsel
                                               of EFH Corp.