# Exhibit B

## Redline - Revised Fidelity Settlement Order

RLF1 13452637v.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., et al.,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER APPROVING SETTLEMENT OF CLAIMS
HELD BY FIDELITY AND AUTHORIZING DEBTORS
TO ENTER INTO AND PERFORM UNDER STIPULATION**

Upon the *Second Amended Notice of Settlement Between Debtors and Fidelity Management & Research Company* [D.I. ——[7132] filed by the above-captioned debtors and debtors in possession (the "Debtors") and the Debtors' request (the "Requested Relief") that this court enter an order (this "Fidelity Settlement Order"), (a) approving the Stipulation, attached hereto as Exhibit 1 (the "Stipulation"),[2] by and among (i) the Debtors and (ii) Fidelity Management & Research Company on behalf of funds and accounts under management (collectively, "Fidelity") with respect to EFIH Legacy Note Claims held by Fidelity, EFH LBO Note Claims held by Fidelity, and EFIH Second Lien Note Claims held by Fidelity; and (b) authorizing the Debtors to take any and all actions reasonably necessary to consummate, and to perform any and all obligations contemplated by the Stipulation; and upon consideration of the *Objection and Reservation of Rights of Contrarian Capital Management, LLC* ("Contrarian") *to Proposed Settlement of Claims Held by Fidelity Management & Research Company* [D.I. 7031]

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation or the Plan.

(the "Contrarian Objection"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Requested Relief is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Requested Relief and the opportunity for a hearing on the Requested Relief under the circumstances; and the Court having reviewed the Stipulation and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Requested Relief and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.   The Requested Relief is **GRANTED** as set forth herein, and any objections to the Requested Relief not previously withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled with prejudice, except as set forth in paragraph 6 of this Fidelity Settlement Order.

2.   Pursuant to Fed. R. Bankr. P. 9019(a), the Stipulation, a true and correct copy of which is attached hereto as Exhibit 1, and the settlement and compromises set forth therein are hereby approved in their entirety, and all of the terms of the Stipulation are incorporated herein by reference and upon entry of this Fidelity Settlement Order are fully binding, effective, and enforceable as to each of the parties to the Stipulation, and this Fidelity Settlement Order shall be

final, binding and effective on all parties in interest in the Debtors' Chapter 11 Cases (including any subsequently appointed chapter 11 or chapter 7 trustee).

3. The parties to the Stipulation are authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate, complete, execute, and implement the Stipulation in accordance with the terms and conditions thereof and the Debtors (with, during the Plan Support Effective Period, the consent of the Required Investor Parties) are authorized, without further order of the Court, to settle and compromise the EFH Legacy Note Claims and EFH LBO Note Claims of holders other than Fidelity as of the date of this order on terms that are the same or less favorable than those set forth in the Stipulation.

4. In resolution of the Contrarian Objection and the *Joinder of Contrarian Capital Management, LLC, To American Stock Transfer & Trust Company, LLC's Objection to Confirmation of the Debtors Fifth Amended Plan of Reorganization* [D.I. 6629] (the "Contrarian Joinder"), (i) the EFH Legacy Note Claims held by Contrarian as of the date of this Fidelity Settlement Order shall be Allowed for purposes of the Plan in an amount equal to the sum of (a) the principal amount outstanding of the EFH Legacy Notes held by Contrarian, plus accrued but unpaid prepetition interest at the non-default contract rate under the EFH Legacy Note Indentures, (b) postpetition interest at the Federal Judgment Rate through the Effective Date of the Plan, but not including, for the avoidance of doubt, any Makewhole Claims, and (c) additional postpetition interest in the amount of $1.250 million on the Effective Date; (ii) upon the Effective Date of the Plan, Contrarian shall release and waive and shall be deemed to release and waive all additional claims against the Debtors, the Plan Sponsors and the Reorganized Debtors, including Makewhole Claims, claims for postpetition interest, and claims

for fees and expenses; (iii) Contrarian shall not object to or otherwise oppose or interfere with that certain Settlement & Support Agreement, dated as of November 23, 2015, by and among EFH, EFIH, EFIH Finance, EECI, Inc., EEC Holdings, Inc., LSGT Gas Company LLC, LSGT SACROC, Inc., TCEH, the EFH Official Committee, the EFH Notes Trustee, the TCEH First Lien Creditors signatory thereto, the Plan Sponsors, and the TCEH Official Committee; (iv) the Contrarian Joinder shall be deemed withdrawn upon entry of this Fidelity Settlement Order and Contrarian shall not object to, delay, impede, or take any other action or any inaction to interfere with implementation and consummation of the Plan, including the releases set forth therein; and (v) Contrarian shall not object to or otherwise oppose or interfere with the Settlement Agreement. For the avoidance of doubt, the foregoing provisions of this paragraph 4 shall cease to apply upon the occurrence of the Plan Support Termination Date (as defined in the PSA).

5. If the EFH Notes Trustee accepts the direction letter issued to it by holders of the majority in aggregate principal amount of the outstanding EFH Legacy Notes with respect to the Plan, the EFH Notes Trustee shall not have or incur any liability for, and is released ~~and exculpated~~ from any cause of action or any claim related to any act or omission in connection with, relating to, arising out of, or required under, the Stipulation, this Fidelity Settlement Order, and any other related documents or agreements; *provided, however*, that the foregoing shall not release or exculpate the EFH Notes Trustee from liability for any act or omission that is inconsistent with the EFH Notes Trustee's obligations, commitments, or undertakings under the Agreement. The EFH Notes Trustee has acted prudently and in good faith in the Chapter 11 Cases and has, as of the date hereof, fully and properly performed and discharged all of its duties under the EFH Legacy Note Indentures, the EFH LBO Note Indenture, the EFH 2019 Note Indenture, and the EFH 2020 Note Indenture.

6. Notwithstanding anything to the contrary in this Fidelity Settlement Order or the Stipulation, this Fidelity Settlement Order shall not constitute this Court's approval of any amounts payable on account of professional fees and expenses incurred by Fidelity, the EFH Notes Trustee, or Contrarian, which amounts, if any, shall be Allowed or otherwise authorized and paid only in connection with the Plan and to the extent Allowed or otherwise authorized by this Court.

7. This Fidelity Settlement Order shall bind the Debtors, Fidelity, Contrarian and their respective successors, assigns, heirs, executors, administrators, and representatives, including, for the avoidance of doubt, any transferee of Fidelity in accordance with the terms of the PSA or Contrarian.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Fidelity Settlement Order shall be effective and enforceable immediately upon entry.

9. In the event of any inconsistencies between this Fidelity Settlement Order and the Stipulation, this Fidelity Settlement Order shall govern in all respects.

10. The Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Fidelity Settlement Order.

11. The Court shall retain jurisdiction over any matter or disputes arising from or relating to the interpretation, implementation or enforcement of this Fidelity Settlement Order.

Dated: _____, 2015

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

**EXHIBIT 1**

**Stipulation**