# Exhibit B

## EPA Settlement Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

**ORDER APPROVING SETTLEMENT AMONG DEBTORS, U.S.
ENVIRONMENTAL PROTECTION AGENCY, AND CERTAIN OTHER PARTIES**

Upon the *Notice of Settlement Between Debtors and the U.S. Environmental Protection Agency* [D.I. ____] filed by the above-captioned debtors and debtors in possession (the "Debtors") and the Debtors' request (the "Requested Relief") that this court enter an order (this "Settlement Order"), (a) approving the Agreement, attached hereto as Exhibit 1 (the "Agreement")[2], by and among (i) Energy Future Holdings Corp., Texas Competitive Electric Holdings Company LLC, and Energy Future Competitive Holdings Company, LLC (collectively, the "Debtors"); (ii) the United States on behalf of the U.S. Environmental Protection Agency (the "EPA"); (iii) the Consenting TCEH First Lien Creditors; (iv) the Plan Sponsors; and (v) the TCEH Committee; and (b) authorizing the Debtors to take any and all actions reasonably necessary to consummate, and to perform any and all obligations contemplated by the Agreement; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Requested Relief is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Requested Relief and the opportunity for a hearing on the Requested Relief under the circumstances; and the Court having reviewed the Agreement and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Requested Relief and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Requested Relief is **GRANTED** as set forth herein, and any objections to the Requested Relief not previously withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled with prejudice.

2. Pursuant to Fed. R. Bankr. P. 9019(a), the Agreement, a true and correct copy of which is attached hereto as Exhibit 1, and the settlement and compromises set forth therein are hereby approved in their entirety, and all of the terms of the Agreement are incorporated herein by reference and upon entry of this Settlement Order are fully binding, effective, and enforceable as to each of the parties to the Agreement, and this Settlement Order shall be final, binding and effective on all parties in interest in the Debtors' Chapter 11 Cases (including any subsequently appointed chapter 11 or chapter 7 trustee), subject to paragraph 16 of the Agreement.

3. The parties to the Agreement are authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all

actions reasonably necessary or appropriate to consummate, complete, execute, and implement the Agreement in accordance with the terms and conditions thereof.

4. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Settlement Order shall be effective and enforceable immediately upon entry.

5. In the event of any inconsistencies between this Settlement Order and the Agreement, this Settlement Order shall govern in all respects.

6. The Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Settlement Order.

7. The Court shall retain jurisdiction over any matter or disputes arising from or relating to the interpretation, implementation or enforcement of this Settlement Order.

Dated: _____, 2015

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

# EXHIBIT 1

## Agreement

KE 38633431