# EXHIBIT 1

## Agreement

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS<br>CORP., *et al.*,<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered |

## STIPULATION AND SETTLEMENT AGREEMENT

This STIPULATION AND SETTLEMENT AGREEMENT (this "**Agreement**")[1] is made and entered into as of December 1, 2015 (the "**Signing Date**"), by and among the following parties:

(a) Energy Future Holdings Corp. ("**EFH**"), Texas Competitive Electric Holdings Company LLC ("**TCEH**"), and Energy Future Competitive Holdings Company, LLC ("**EFCH**," and collectively, the "**Debtor Parties**");

(b) the United States on behalf of the U.S. Environmental Protection Agency (the "**EPA**");

(c) the undersigned Consenting TCEH First Lien Creditors (as such term is defined in the PSA);

(d) the Plan Sponsors (as such term is defined in the Plan); and

(e) the official committee of unsecured creditors of EFCH, TCEH, and EFH Corporate Services Company appointed in the Chapter 11 Cases (the "**TCEH Committee**").

Each Debtor Party, the EPA, each Consenting TCEH First Lien Creditor, the Plan Sponsors, and the TCEH Committee are referred to herein as a "**Party**" and are collectively referred to herein as the "**Parties**."

---

[1] Unless otherwise indicated, capitalized terms used but not otherwise defined herein have the meaning ascribed to such terms in the Plan, as defined below, and, if not defined therein or if otherwise provided, the PSA, as defined below. The rules of interpretation set forth in Article I.B of the Plan shall apply to this Agreement, including section 102(3) of the Bankruptcy Code. 11 U.S.C. § 102(3) ("'includes' and 'including' are not limiting").

**WHEREAS**, on April 29, 2014 (the "**Petition Date**"), EFH, TCEH, EFCH, and certain of their affiliates (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), which have been jointly administered under case number 14-10979 (CSS) (collectively, the "**Chapter 11 Cases**");

**WHEREAS**, on May 1, 2015, the EPA filed proof of claim no. 10059 against EFCH in these Chapter 11 Cases (the "**EPA Claim**"), asserting a claim under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601–9675 ("**CERCLA**") for costs incurred and expected to be incurred in the future by the United States in response to releases and threats of releases of hazardous substances at or in connection with the Faith, Hope, Doris, and Isabella Uranium Mine Sites, located in McKinley County, New Mexico (each, the "**Faith, Hope, Doris, and Isabella Sites**," and collectively, the "**New Mexico Sites**");

**WHEREAS**, the EPA Claim asserts the aforementioned response cost liability as a general unsecured claim in the aggregate amount of $23,153,204.00;

**WHEREAS**, on September 11, 2015, (i) the Debtors and certain other parties entered into that certain *Amended & Restated Plan Support Agreement* (the "**PSA**") setting forth the terms and conditions on which such parties will pursue the approval and consummation of the Plan and the Restructuring Transactions; and (ii) the Debtors and certain other parties entered into that certain *Amended & Restated Settlement Agreement* (the "**Settlement Agreement**") setting forth the terms and conditions on which such parties agreed to settle certain alleged claims and litigation among them;

**WHEREAS**, on September 21, 2015, the Debtors filed in the Chapter 11 Cases the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6122] (as may be amended from time to time, the "**Plan**");

**WHEREAS**, on October 23, 2015, the EPA filed the *Objection of the United States to Debtors' Motion to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement (D.I. 5249) and Debtors' Fifth Amended Plan of Reorganization (D.I. 6122)* [D.I. 6601] (the "**EPA Objection**");

**WHEREAS**, the Debtor Parties, the Consenting TCEH First Lien Creditors, the TCEH Committee, and the Plan Sponsors disagree with the United States' contentions and, but for this Agreement, would dispute, in whole or in part, the EPA Claim and the allegations contained herein;

**WHEREAS**, the Debtors, the EPA, and certain other parties in interest in the Chapter 11 Cases have been engaged in good faith negotiations with each other regarding the disputes with respect to the EPA Claim and the EPA Objection, and the Parties have reached an agreement with respect to such disputes on the terms and conditions set forth in this Agreement;

**WHEREAS**, this Agreement is in the public interest and is an appropriate means of resolving these matters; and

**WHEREAS**, the Parties recognize, and the Bankruptcy Court by approving this Agreement finds, that this Agreement is in the interests of the Debtors' estates and is fair, reasonable, and consistent with applicable law;

**NOW, THEREFORE**, without the admission of liability or the adjudication of any issue of fact or law, and upon the consent and agreement of the Parties to this Agreement by their attorneys and authorized officials, it is hereby agreed as follows:

1.    The Bankruptcy Court has jurisdiction over the subject matter hereof pursuant to 28 U.S.C. §§ 157, 1331, and 1334.

2.    In settlement and full and final satisfaction of the EPA Claim against the Debtors and Reorganized Debtors (as defined in the Plan, and including New EFH), and in resolution of the EPA Objection, the EPA shall receive the settlement payment set forth in either subsection (a) or (b) below (the "**Settlement Payment**"), which Settlement Payment may be allocated among the Special Accounts (as defined below) in accordance with paragraph 4 of this Agreement, on the terms as follows:

(a)    upon Confirmation and Consummation of the Plan, the EPA shall receive on the Effective Date a distribution under the Plan in the amount of $2,000,000.00 on account of an Allowed Class C5 General Unsecured Claim Against the TCEH Debtors (the "**EPA Class C5 Claim**"), which shall be Allowed in the amount, as of the Effective Date, sufficient to obtain such recovery from the Cash-Out Election Pool; *provided*, that the EPA shall be deemed to have made irrevocably the Cash-Out Election with respect to the EPA Class C5 Claim; *provided further, however*, that (x) Rights in respect of the EPA Class C5 Claim shall be deemed to constitute Assigned C5 Rights and shall be assigned to Holders of Allowed Class C3 TCEH First Lien Secured Claims and (y) Reorganized EFH Common Stock in respect of the EPA Class C5 Claim shall be deemed to constitute Assigned C5 Equity and shall be assigned to Reorganized TCEH, in the case of both clauses (x) and (y) as if the EPA Class C5 Claim constituted an Allowed, liquidated, non-contingent Class C5 General Unsecured Claim Against the TCEH Debtors as of the Rights Offering Record Date in an amount calculated as set forth above for which a timely Cash-Out Election had been made, provided that the exact amount of the Rights Offering Allowed Claim shall be mutually agreed by the Debtors, the Plan Sponsors, and the Consenting TCEH First Lien Creditors; or

(b)    in the case of an Alternative Restructuring (as defined in the PSA), the EPA shall receive, on the effective date of such Alternative Restructuring, $1,000,000.00 from TCEH; *provided, however*, that if the Conforming Amendments (as defined below) are not executed by the required parties, such $1 million payment shall be

3

paid from, and counted against, the TCEH Cash Payment (as defined in the PSA and the Settlement Agreement).

3.    The Parties, as applicable, agree that the PSA and Settlement Agreement shall be amended to reduce the TCEH Cash Payment by $1 million, subject to entry of the Approval Order (such amendments, the "**Conforming Amendments**"). The Parties, as applicable, shall use their commercially reasonable efforts to execute the Conforming Amendments as soon as reasonably practicable. For the avoidance of doubt, in no event shall the EPA receive less than $2,000,000 under the Plan or $1,000,000 under an Alternative Restructuring, and in no event shall the Settlement Payment, or any portion thereof, be reduced by (i) any provision of the Plan, the PSA, this Agreement, or the Confirmation Order, or (ii) any provision related to an Alternative Restructuring. Any provision of the Bankruptcy Code or other applicable law that authorizes or provides for subordination of Allowed Claims, including sections 105, 510, and 726(a)(4) of the Bankruptcy Code, shall not apply.

4.    EPA may, in its sole discretion, deposit any portion of any cash distributions it receives for a site pursuant to this Agreement into special accounts established by EPA for the New Mexico Sites within the Hazardous Substance Superfund pursuant to Section 122(b)(3), 42 U.S.C. § 9622(b)(3) (the "**Special Accounts**"), to be retained and used to conduct or finance response actions at or in connection with the New Mexico Sites, or to be transferred to the Hazardous Substance Superfund. As set forth in the following subparagraphs 4(a)-(d), the Settlement Payment shall be distributed among one or more Special Accounts and assigned to each Site as follows:

(a) 2 % of the total Settlement Payment shall be assigned to the Doris Site;

(b) 46 % of the total Settlement Payment shall be assigned to the Hope Site;

(c) 39 % of the total Settlement Payment shall be assigned to the Faith Site; and

(d) 13 % of the total Settlement Payment shall be assigned to the Isabella Site.

5.    Only the amount of cash received by the United States pursuant to this Agreement with respect to each of the Faith, Hope, Doris, and Isabella Sites, respectively, shall be credited as a recovery by EPA for each such Site, which credit shall reduce the liability of non-settling potentially responsible parties for each Site by the amount of the credit allocated to such Site.

6.    Cash distributions to the United States pursuant to this Agreement shall be made at https://www.pay.gov or by FedWire Electronic Funds Transfer to the United States Department of Justice account in accordance with instructions, including a Consolidated Debt Collection System ("**CDCS**") number, to be provided to the Debtor Parties by the Financial Litigation Unit of the United States Attorney's Office for the District of Delaware. At the time of any cash distribution pursuant to this Agreement, the Debtor Parties shall transmit written confirmation of such distribution to the United States at the addresses specified below, and email confirmation of such distribution to the EPA Cincinnati Finance Office at cinwd_acctsreceivable@epa.gov, with

4

a reference to Bankruptcy Case Number 14-10979, the CDCS number, and Site/Spill ID Number A6KV:

> Chief, Environmental Enforcement Section
> Environment and Natural Resources Division
> U.S. Department of Justice
> P.O. Box 7611
> Washington, DC 20044
> Ref. DOJ File No. 90-5-2-1-09894/2

> Chief, Enforcement Assessment Section (6SF-TE)
> U.S. Environmental Protection Agency, Region 6
> 1445 Ross Ave., Suite 1200
> Dallas, Texas 75202-2733

7.    In consideration of the distributions that will be made under the terms of this Agreement, and except as specifically provided in paragraphs 8 and 9, the EPA covenants not to sue or assert or file any civil claims or causes of action, or take any administrative action, pursuant to Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606, 9607 or Section 7003 of the Resource Conservation and Recovery Act, 42 U.S.C. § 6973, with respect to the EPA Claim or the New Mexico Sites, against any of the Debtors, the Reorganized Debtors (including New EFH), and any successors in interest (the "**Covenant Beneficiaries**").

8.    The covenant set forth in paragraph 7 extends only to the Covenant Beneficiaries and does not extend to any other person.  Nothing in this Agreement is intended as a covenant for any person or entity other than the Covenant Beneficiaries and the United States.  EPA and the Covenant Beneficiaries expressly reserve all claims, demands, defenses, and causes of action, either judicial or administrative, past, present, or future, in law or equity, which they may have against all other persons, firms, corporations, entities, or predecessors of the Covenant Beneficiaries, excluding, for the avoidance of doubt, the Covenant Beneficiaries (including any predecessors that have been merged or otherwise combined with a Covenant Beneficiary), for any matter arising at or relating in any manner to the New Mexico Sites.  Further, nothing in this Agreement diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to enter into any settlement that gives rise to contribution protection for any person not a party to this Agreement.  For the avoidance of doubt, all rights are expressly reserved between the EPA and any non-Debtor, including non-Debtor EFH Properties Company.

9.    The covenant set forth in paragraph 7 does not pertain to any matters other than those expressly specified therein.  The EPA expressly reserves, and this Agreement is without prejudice to, all rights against the Covenant Beneficiaries with respect to all matters other than those set forth in paragraph 7.  The EPA also specifically reserves, and this Agreement is without prejudice to, any action based on a failure to meet a requirement of this Agreement.  In addition,

the EPA reserves, and this Agreement is without prejudice to, all rights against the Covenant Beneficiaries with respect to the New Mexico Sites for liability under federal or state law for acts relating to the New Mexico Sites by the Covenant Beneficiaries and their successors or assigns that occur after the Settlement Effective Date.

10. Nothing in this Agreement shall be deemed to limit the authority of the United States to take any response action under Section 104 of CERCLA, 42 U.S.C. § 9604, or any other applicable statute or regulation, or to alter the applicable legal principles governing judicial review of any action taken by the United States pursuant to such authority, *provided, however,* that nothing in this sentence affects the covenant set forth in paragraph 7. Nothing in this Agreement shall be deemed to limit the information-gathering authority of the United States under Sections 104 and 122 of CERCLA, 42 U.S.C. §§ 9604 and 9622, or any applicable statute or regulation.

11. The Covenant Beneficiaries covenant not to sue and agree not to assert or pursue any claims or causes of action against the United States, including any department, agency, or instrumentality of the United States, with respect to the New Mexico Sites, including: (i) any direct or indirect claim for reimbursement from the Hazardous Substance Superfund established pursuant to 26 U.S.C. § 9507; (ii) any claim under Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, or Section 7002(a) of RCRA, 42 U.S.C. § 6972(a); or (iii) any claims arising out of response activities at the New Mexico Sites. Nothing in this Agreement shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

12. Notwithstanding any other provision of this Agreement, the Covenant Beneficiaries reserve, and this Agreement is without prejudice to, claims or defenses against the United States in the event any claim is asserted by the United States against the Covenant Beneficiaries pursuant to any of the reservations set forth in paragraph 9, other than for failure to meet a requirement of this Agreement, but only to the extent that the Covenant Beneficiaries' claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

13. Subject to the public notice and comment period described in paragraph 16 of this Agreement, this Agreement shall be subject to, and immediately effective and binding on the Parties upon the entry by the Bankruptcy Court of an order authorizing the Debtor Parties to enter into and perform under this Agreement (such order, the "**Approval Order**," and the date of entry of such order, the "**Settlement Effective Date**"). The Debtors shall promptly seek entry of the Approval Order under Bankruptcy Rule 9019 or applicable provisions of the Bankruptcy Code.

14. The Parties agree, and by entering the Approval Order the Bankruptcy Court finds, that this Agreement constitutes a judicially-approved settlement pursuant to which the Covenant Beneficiaries have, as of the Settlement Effective Date, resolved liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and are entitled, as of the Settlement Effective Date, to protection from contribution actions or claims as provided by

Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this Agreement. The "matters addressed" in this paragraph of this Agreement are all response actions taken or to be taken, and all costs (including response and oversight costs) incurred or to be incurred, at or in connection with the New Mexico Sites by the EPA or any potentially responsible parties, *provided, however,* that if the EPA exercises rights under the reservations in paragraph 9, other than for failure to meet a requirement of this Agreement, the "matters addressed" in this Agreement shall no longer include those response costs or response actions that are within the scope of the exercised reservation. The Debtor Parties contend that the contribution protection provided under this Agreement applies to actions brought under Section 107 of CERCLA, and as such, the Debtor Parties reserve the right to argue that this Agreement and Section 113(f)(2) of CERCLA protect against claims for contribution brought under Section 107 of CERCLA.

15. Upon the Signing Date and subject to entry of the Approval Order, the United States shall withdraw the EPA Objection and any other pleadings related to the same, and shall not, with respect to the New Mexico Sites or proof of claim no. 10059, impair, hinder, or delay confirmation and consummation of the Plan or an Alternative Restructuring that is consistent with this Agreement. The EPA Claim shall be paid in accordance with paragraphs 2 and 3 of this Agreement and any claim (as defined in the Bankruptcy Code) concerning the New Mexico Sites or proof of claim no. 10059 against the Debtors, including the EPA Claim, shall be discharged under the Plan or an Alternative Restructuring, as applicable.

16. This Agreement shall be filed with the Bankruptcy Court on the Signing Date (or as soon as reasonably practicable thereafter) and shall thereafter be subject to a period of public comment following publication of notice of the Agreement in the *Federal Register*. After the conclusion of the public comment period, the United States will file with the Bankruptcy Court any comments received, as well as the United States' responses to the comments, and at that time, if appropriate, the United States will request approval of the Agreement. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Agreement disclose facts or considerations that indicate that the Agreement is not in the public interest; provided, however, that the withdrawal of the EPA Objection, shall be effective on the Signing Date, subject to entry of the Approval Order, and shall survive any withdrawal of this Agreement.

17. If for any reason (a) the Agreement is withdrawn by the United States as provided in paragraph 16, or (b) the Agreement is not approved by the Bankruptcy Court: (i) this Agreement shall be null and void, and the Parties hereto shall not be bound under the Agreement or under any documents executed in connection herewith; (ii) the Parties shall have no liability to one another arising out of or in connection with this Agreement or under any documents executed in connection herewith; and (iii) this Agreement and any documents prepared in connection herewith shall have no residual or probative effect or value; *provided, however,* and notwithstanding anything to the contrary in this Agreement, the  withdrawal of the EPA Objection shall survive and remain unaffected by any termination or withdrawal of this Agreement, after the Signing Date and subject to entry of the Approval Order.

18.  This Agreement constitutes the entire agreement of the Parties hereto with respect to the matters addressed herein and supersedes and nullifies all prior agreements, oral or written, among the Parties with respect thereto.

19.  This Agreement may not be modified or amended except in writing with the agreement of each of the Parties.

20.  This Agreement may be executed in counterparts, each of which shall constitute an original, and all of which shall constitute one and the same agreement.

21.  The Bankruptcy Court (or, upon withdrawal of the Bankruptcy Court's reference, the United States District Court for the District of Delaware) shall retain jurisdiction over the subject matter of this Agreement and the Parties hereto for the duration of the performance of the terms and provisions of this Agreement for the purpose of enabling any of the Parties to apply at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Agreement or to effectuate or enforce compliance with its terms.

[Signatures follow.]

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.,* Case No. 14-10979 (Bankr. Del.).

FOR THE UNITED STATES OF AMERICA:

Date: *December 1, 2015*                    By: _____
                                            NATHANIEL DOUGLAS
                                            Deputy Section Chief
                                            Environment and Natural Resources Division
                                            U.S. Department of Justice

Date: *December 1, 2015*                    By: _____
                                            ANNA GRACE
                                            BRANDON ROBERS
                                            Trial Attorneys
                                            Environmental Enforcement Section
                                            Environment and Natural Resources Division
                                            U.S. Department of Justice
                                            Regular Mail: P.O. Box 7611
                                            Washington, DC  20044-7611
                                            Overnight Mail: 601 D Street NW
                                            Washington, DC  20004

                                            ALAN TENENBAUM
                                            National Bankruptcy Coordinator
                                            Environmental Enforcement Section
                                            Environment and Natural Resources Division
                                            U.S. Department of Justice
                                            Regular Mail: P.O. Box 7611
                                            Washington, DC  20044-7611
                                            Overnight Mail: 601 D Street NW
                                            Washington, DC  20004

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.).

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:

Date:

CARL E. EDLUND, P.E., Director
Superfund Division
U.S. Environmental Protection Agency
Region 6
1445 Ross Ave., Suite 1200
Dallas, TX 75202

Date:

JOHN BLEVINS, DIRECTOR
Compliance Assurance and Enforcement
    Division
U.S. Environmental Protection Agency
Region 6
1445 Ross Ave., Suite 1200
Dallas, TX 75202

Date:

PAMELA J. TRAVIS
Attorney, 6RC-S
U.S. Environmental Protection Agency
Region 6
1445 Ross Ave., Suite 1200
Dallas, Texas 75202

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.).

FOR THE DEBTORS:

Date:                   12/1/15  By:   Stacey H. Doré
                                       EVP & General Counsel

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.).

FOR THE TCEH COMMITTEE:

Date: 12/1/15            By: _____

Frank Godino

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.).

FOR THE PLAN SPONSORS:

Ovation Acquisition I, L.L.C.

Date: _____

By: _____

Name: _DAVID C. HERNANDEZ_

Title: _SR. VICE PRESIDENT_

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.

ANGELO, GORDON & CO., L.P.

Date: _____

By: _____
     Name:   Gavin Baiera
     Title:   Authorized Signatory

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.

Apollo Management Holdings, L.P.
By: Apollo Management Holdings GP, LLC,
its general partner

Name: Laurie Medley
Title: Vice President
Date: 11/30/2015

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.


Date: _____     By: _____


BROOKFIELD ASSET MANAGEMENT
PRIVATE INSTITUTIONAL CAPITAL
ADVISOR (CANADA) L.P.

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.

Date:  30 November 2015

**FORTRESS CREDIT OPPORTUNITIES I LP**, solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP

By:  Fortress Credit Opportunities I GP LLC, its general partner

By: _____

Constantine M. Dakolias
President

2

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.

Date:  30 November 2015

**FCO MA II SECURITIES LTD.**, solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP

By: _____

Constantine M. Dakolias
Director

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.


Date:  30 November 2015


**FGOY SECURITIES LTD.**, solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP


By: _____

Constantine M. Dakolias
Director

4

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.


Date:  30 November 2015


**SUP FCO MA UB SECURITIES LLC**, solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP


By: _____

Constantine M. Dakolias
President

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.


Date:  30 November 2015


**FCO MA III SECURITIES LTD.,** solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP


By: _____

Constantine M. Dakolias
Director

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.


Date:  30 November 2015


**FCO MA SC LP**, solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP


By:  FCO MA SC/GP LLC, its general partner

By:  _____

Constantine M. Dakolias
President

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.


Date:  30 November 2015


**FCO MA CENTRE STREET SECURITIES LTD**, solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP


By: _____

Constantine M. Dakolias
Director

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.


Date:  30 November 2015


**DRAWBRIDGE SPECIAL OPPORTUNITIES FUND LTD.**, solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP


By: _____

Constantine M. Dakolias
President

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.

Date: 30 November 2015

**DRAWBRIDGE SPECIAL OPPORTUNITIES FUND LP**, solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP

By: Drawbridge Special Opportunities GP LLC, its general partner

By: _____

Constantine M. Dakolias
President

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.

Date:  30 November 2015

**FCO III CLO TRANSFEROR LLC**, solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP

By: _____

Constantine M. Dakolias
President

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.


Date:  30 November 2015


**FCO MA II UB SECURITIES LLC**, solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP


By: _____

Constantine M. Dakolias
President

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.


Date:  30 November 2015


**FCO MA LSS LP**, solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP


By:  FCO MA LSS GP LLC, its general partner

By: _____

Constantine M. Dakolias
President

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.


Date:  30 November 2015


**FCO MA MAPLE LEAF LP**, solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP


By:  FCO MA MAPLE LEAF GP LLC, its general partner

By:  _____

Constantine M. Dakolias
President

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.


Date:  30 November 2015


**FCOF II UB INVESTMENTS LLC**, solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP


By: _____

Constantine M. Dakolias
President

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.


Date:  30 November 2015


**FCOF II UB SECURITIES LLC**, solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP


By: _____

Constantine M. Dakolias
President

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.

Date:  30 November 2015

**FCOF III UB INVESTMENTS LP,** solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP

By:  FCOF III UB Investments GP LLC, its general partner

By: _____

Constantine M. Dakolias
President

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.

Date:  30 November 2015

**FCOF UB INVESTMENTS LLC**, solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP

By: _____

Constantine M. Dakolias
President

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.

Date:  30 November 2015

**FORTRESS GLOBAL OPPORTUNITIES (YEN) FUND L.P.,** solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP

By:  FGO (Yen) GP LLC, its general partner

By: _____

Constantine M. Dakolias
President

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.

Date: 30 November 2015

**FORTRESS ETXU LLC,** solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP

By: _____

Constantine M. Dakolias
President

By: _____
     MARC K. FURSTEIN
     CHIEF OPERATING OFFICER

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.

Date:  30 November 2015

**FTS SIP L.P.**, solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP

By:  FCO MA GP LLC, its general partner

By: _____

Constantine M. Dakolias
President

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.

Date:  30 November 2015

**WORDEN MASTER FUND II LP**, solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP

By:  Fortress Special Opportunities I GP LLC, its general partner

By: _____

Constantine M. Dakolias
President

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.

Date:  30 November 2015

**WORDEN MASTER FUND LP**, solely in its capacity as a beneficial holder of TCEH Credit Agreement Claims and solely with respect to the TCEH Credit Agreement Claims and not, for the avoidance of doubt, with respect to any other Debtor Claims/Interests beneficially held by funds or accounts managed or co-managed by Fortress MK Advisors LLC and/or Mount Kellett Capital Management LP

By:  Fortress Special Opportunities I GP LLC, its general partner

By: _____

Constantine M. Dakolias
President

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.

**Franklin Advisers, Inc.**
Solely on behalf of its managed entities and not in its individual capacity

Date: *12/1/15*

By: _____
Name: *ERIC TAKAHA*
Title: *PORTFOLIO MANAGER*

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.

Franklin Mutual Advisers, LLC as Agent for certain of its Advisory Clients as listed on Exhibit A

Date: 11 - 30 - 15

By: _____
Shawn Tumulty
Vice President

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.

OCM Opportunities Fund VI, L.P.

By: OCM Opportunities Fund VI GP, L.P.
Its: General Partner

By: Oaktree Fund GP I, L.P.
Its: General Partner

By: _____
Name:    Robert O'Leary
Title:    Authorized Signatory

By: _____
Name:
Title:    Rajath Shourie
          Authorized Signatory

OCM Opportunities Fund VII, L.P.

By: OCM Opportunities Fund VII GP, L.P.
Its: General Partner

By: OCM Opportunities Fund VII GP Ltd.
Its: General Partner

By: Oaktree Capital Management, L.P.
Its: Director

By: _____
Name:    Robert O'Leary
Title:    Managing Director

By: _____
Name:    Rajath Shourie
Title:    Managing Director

OCM Opportunities Fund VIIb. L.P.

By: OCM Opportunities Fund VIIb GP, L.P.
Its: General Partner

By: OCM Opportunities Fund VIIb GP, Ltd.
Its: General Partner

By: Oaktree Capital Management, L.P.
Its: Director

By: _____
Name:    Robert O'Leary
Title:    Managing Director

By: _____
Name:    Rajath Shourie
Title:    Managing Director

Oaktree Opportunities Fund VIII, L.P.
Oaktree Opportunities Fund VIII (Parallel 2), L.P.

By: Oaktree Opportunities Fund VIII GP, L.P
Its: General Partner

By: Oaktree Opportunities Fund VIII GP Ltd.
Its: General Partner

By: Oaktree Capital Management, L.P.
Its: Director

By: _____
Name:    Robert O'Leary
Title:    Managing Director

By: _____
Name:    Rajath Shourie
Title:    Managing Director

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.

Oaktree Opportunities Fund VIIIb, L.P.
Oaktree Opportunities Fund VIIIb (Parallel), L.P.

By: Oaktree Opportunities Fund VIIIb GP, L.P
Its: General Partner

By: Oaktree Opportunities Fund VIIIb GP Ltd.
Its: General Partner

By: Oaktree Capital Management, L.P.
Its: Director

By: _____
Name: Robert O'Leary
Title: Managing Director

By: _____
Name:
Title: Rajath Shourie
Managing Director


Oaktree Opportunities Fund IX (Parallel), L.P.
Oaktree Opportunities Fund IX (Parallel 2), L.P.

By: Oaktree Opportunities Fund IX GP, L.P
Its: General Partner

By: Oaktree Opportunities Fund IX GP Ltd.
Its: General Partner

By: Oaktree Capital Management, L.P.
Its: Director

By: _____
Name: Robert O'Leary
Title: Managing Director

By: _____
Name:
Title: Rajath Shourie
Managing Director


Oaktree Value Opportunities Fund, L.P.

By: Oaktree Value Opportunities Fund GP, L.P.
Its: General Partner

By: Oaktree Value Opportunities Fund GP, Ltd.
Its: General Partner

By: Oaktree Capital Management, L.P.
Its: Director

By: _____
Name: Robert O'Leary
Title: Managing Director

By: _____
Name:
Title: Rajath Shourie
Managing Director


Oaktree Huntington Investment Fund, L.P..

By: Oaktree Huntington Investment Fund GP, L.P.
Its: General Partner

By: Oaktree Huntington Investment Fund GP Ltd.
Its: General Partner

By: Oaktree Capital Management, L.P.
Its: Director

By: _____
Name: Robert O'Leary
Title: Managing Director

By: _____
Name:
Title: Rajath Shourie
Managing Director

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.

Oaktree FF Investment Fund, L.P.

By: Oaktree FF Investment Fund GP, L.P.
Its: General Partner

By: Oaktree FF Investment Fund GP, Ltd.
Its: General Partner

By: Oaktree Capital Management, L.P.
Its: Director

By: _____
Name:
Title:    Martin Boskovich
          Managing Director

By: _____
Name:
Title:
          Mary Gallegly
          Vice President, Legal

Oaktree Capital Management, L.P., solely as manager of certain funds and accounts within its High Yield strategy

By: _____
Name:
Title:    Martin Boskovich
          Managing Director

By: _____
Name:
Title:
          Mary Gallegly
          Vice President, Legal

Oaktree Capital Management, L.P., solely as manager of certain funds and accounts within its Senior Loans strategy

By: _____
Name:
Title:    Martin Boskovich
          Managing Director

By: _____
Name:
Title:
          Mary Gallegly
          Vice President, Legal

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.

Date:    11\30\15

OZ Management LP on behalf of certain of its affiliated investment funds
By: Och-Ziff Holding Corporation, its general partner

By: _____

Name:  Joel M. Frank
Title:   Chief Financial Officer

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.) in its capacity as a Consenting TCEH First Lien Creditor and not with respect to any other Debtor Claims/Interests (as defined in the PSA) held by such entity.

Date: November 30, 2015          By: _____

                                 **Stuart Merzer**

                                 **Authorized Signatory**

                                 **Paulson & Co Inc**