## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ) | Chapter 11 |
| ) |  |
| In re: ) |  |
| ) | Case No. 14-10979 (CSS) |
| ENERGY FUTURE HOLDINGS CORP, *et al.*, ) |  |
| ) | (Jointly Administered) |
| Debtors. [1] ) |  |
| ) | RE: D.I. 6781, 7119 |
| ) |  |
| ) |  |

### NOTICE OF APPEAL

Appellants, the Subsequent Settling EFIH PIK Noteholders,[2] appeal under 28 U.S.C. § 158 to the United States District Court for the District of Delaware from the Order of the United States Bankruptcy Court for the District of Delaware (Sontchi, J.), dated November 24, 2015 [D.I. 7119] (the "Order"), sustaining the EFIH Debtors' Partial Objection to Proof of Claim No. 6347 as it relates to the portion of the PIK Claim seeking an amount for premiums, applicable premium, prepayment penalties, make-whole premiums, and/or call premiums; from the Memorandum Opinion related to that Order [D.I. 6781] (the "Memorandum Opinion"); and from all other orders, opinions, or decisions merged into the foregoing Order and Memorandum Opinion. True and correct copies of the Order and Memorandum Opinion are attached as Exhibits A and B to this Notice.

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. A complete list of debtors and their respective tax identification numbers may be found at http://www.efhcaseinfo.com.

[2]     The Subsequent Settling EFIH PIK Noteholders are comprised of the following: York Capital Management Global Advisors, LLC; P. Schoenfeld Asset Management L.P.; Polygon Convertible Opportunity Master Fund; Polygon Distressed Opportunities Master Fund; and Marathon Asset Management, LP, on behalf of funds and accounts that they each manage or advise.

63208747

The names of all parties to the Order and the names, addresses, and telephone numbers of their respective attorneys are as follows:

| Party | Counsel |
|-------|---------|
| Appellants | GELLERT SCALI BUSENKELL & BROWN, LLC<br>Mike Busenkell (No. 3933)<br>913 N. Market Street, 10th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 425-5812<br>Email:  mbusenkell@gsbblaw.com<br><br>-and-<br><br>KAYE SCHOLER LLP<br>Scott D. Talmadge (admitted *pro hac vice*)<br>250 West 55th Street<br>New York, NY 10019<br>Telephone: (212) 836-8000<br>Email: scott.talmadge@kayescholer.com |
| UMB Bank, N.A., as Trustee | KLEHR HARRISON HARVEY BRANZBURG LLP<br>Raymond H. Lemisch (No. 4204)<br>919 Market Street, Suite 1000<br>Wilmington, DE 19801<br>Telephone: (302) 426-1189<br>Email: rlemisch@klehr.com<br><br>-and-<br><br>FOLEY & LARDNER LLP<br>Harold L. Kaplan (admitted *pro hac vice*)<br>Mark F. Hebbeln (admitted *pro hac vice*)<br>Lars A. Peterson (admitted *pro hac vice*)<br>321 North Clark Street, Suite 2800<br>Chicago, IL 60654-5313<br>Telephone: (312) 832-4500<br>Email: hkaplan@foley.com<br>mhebbeln@foley.com<br>lapeterson@foley.com<br><br>Barry G. Felder (admitted *pro hac vice*)<br>Jonathan H. Friedman (admitted *pro hac vice*) |

| Party | Counsel |
|---|---|
|  | 90 Park Avenue<br>New York, NY 10016<br>Telephone: (212) 682-7474<br>Email: bgfelder@foley.com<br>        jfriedman@foley.com |
| Andrew R. Vara, Acting United States Trustee | U.S. DEPARTMENT OF JUSTICE<br>OFFICE OF THE U.S. TRUSTEE<br>Richard L. Schepacarter<br>Andrea B. Schwartz<br>J. Caleb Boggs Federal Building<br>844 N. King Street, Room 2207, Lockbox 35<br>Wilmington, DE 19801<br>Telephone: (302) 573-6491<br>Email: Richard.Schepacarter@usdoj.gov<br>        Andrea.B.Schwartz@usdoj.gov |
| Appellees-Debtors and Debtors in Possession | RICHARDS, LAYTON & FINGER, P.A.<br>Mark D. Collins (No. 2981)<br>Daniel J. DeFranceschi (No. 2732)<br>Jason M. Madron (No. 4431)<br>920 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 651-7700<br>Email: collins@rlf.com<br>        defranceschi@rlf.com<br>        madron@rlf.com<br><br>-and-<br><br>KIRKLAND & ELLIS LLP<br>Edward O. Sassower, P.C. (admitted *pro hac vice*)<br>Stephen E. Hessler (admitted *pro hac vice*)<br>Brian E. Schartz (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, NY 10022-4611<br>Telephone: (212) 446-4800<br>Email: edward.sassower@kirkland.com<br>        stephen.hessler@kirkland.com<br>        brian.schartz@kirkland.com<br><br>James H.M. Sprayregen, P.C. (admitted *pro hac vice*)<br>Marc Kieselstein, P.C. (admitted *pro hac vice*)<br>Chad J. Husnick (admitted *pro hac vice*)<br>Steven N. Serajeddini (admitted *pro hac vice*) |

| Party | Counsel |
|-------|---------|
| | 300 North LaSalle<br>Chicago, IL 60654<br>Telephone: (312) 862-2000<br>Email: james.sprayregen@kirkland.com<br>　　　marc.kieselstein@kirkland.com<br>　　　chad.husnick@kirkland.com<br>　　　steven.serajeddini@kirkland.com |
| Energy Future Holdings Corp. | O'KELLY ERNST & BIELLI, LLC<br>David M. Klauder (No. 5769)<br>Shannon J. Dougherty (No. 5740)<br>901 N. Market Street, Suite 1000<br>Wilmington, DE 19801<br>Telephone: (302) 778-4000<br>Email: dklauder@oeblegal.com<br>　　　sdougherty@oeblegal.com<br><br>-and-<br><br>PROSKAUER ROSE LLP<br>Jeff J. Marwil (admitted *pro hac vice*)<br>Mark K. Thomas (admitted *pro hac vice*)<br>Peter J. Young (admitted *pro hac vice*)<br>Three First National Plaza<br>70 W. Madison Street, Suite 3800<br>Chicago, IL 60602<br>Telephone: (312) 962-3550<br>Email: jmarwil@proskauer.com<br>　　　mthomas@proskauer.com<br>　　　pyoung@proskauer.com |
| Energy Future Intermediate Holding Company LLC | STEVENS & LEE, P.C.<br>Joseph H. Huston, Jr. (No. 4035)<br>1105 North Market Street, Suite 700<br>Wilmington, DE 19801<br>Telephone: (302) 425-3310<br>Email: jhh@stevenslee.com<br><br>-and-<br><br>CRAVATH, SWAINE AND MOORE LLP<br>Michael A. Paskin, Esq.<br>Trevor M. Broad, Esq.<br>Worldwide Plaza<br>825 Eighth Avenue |

| Party | Counsel |
|-------|---------|
| | New York, NY 10019-7475<br>Telephone: (212) 474-1760<br>Email: mpaskin@cravath.com<br>        tbroad@cravath.com<br><br>-and-<br><br>JENNER & BLOCK<br>Richard Levin<br>919 Third Avenue<br>New York, NY 10022-3908<br>Telephone: (212) 891-1601<br>Email: rlevin@jenner.com |
| TCEH Debtors | MCELROY, DEUTSCH, MULVANEY<br>& CARPENTER, LLP<br>David P. Primack (No. 4449)<br>300 Delaware Avenue, Suite 770<br>Wilmington, DE 19801<br>Telephone: (302) 300-4515<br>Email: dprimack@mdmc-law.com<br><br>-and-<br><br>MUNGER, TOLLES & OLSON LLP<br>Thomas B. Walper<br>Seth Goldman<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 683-9100<br>Email: Thomas.Walper@mto.com<br>        Seth.Goldman@mto.com |
| TCEH Official Committee | MORRISON & FOERSTER LLP<br>James M. Peck<br>Brett H. Miller<br>Lorenzo Marinuzzi<br>Todd M. Goren<br>250 West 55th Street<br>New York, New York 10019-9601<br>Telephone: (212) 468-8000<br>Email: jpeck@mofo.com<br>        brettmiller@mofo.com<br>        lmarinuzzi@mofo.com<br>        tgoren@mofo.com |

| Party | Counsel |
|---|---|
| | -and-<br><br>POLSINELLI PC<br>Christopher A. Ward (Del. Bar No. 3877)<br>Justin K. Edelson (Del. Bar No. 5002)<br>Shanti M. Katona (Del. Bar No. 5352)<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-0920<br>Email: cward@polsinelli.com<br>        jedelson@polsinelli.com<br>        skatona@polsinelli.com |
| The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc. | MONTGOMERY McCRACKEN WALKER & RHOADS, LLP<br>Natalie D. Ramsey (DE Bar No. 5378)<br>Mark B. Sheppard<br>Mark A. Fink (DE Bar No. 3946)<br>1105 North Market Street, 15th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 504-7800<br>E-mail: nramsey@mmwr.com<br>        msheppard@mmwr.com<br>        mfink@mmwr.com<br><br>-and-<br><br>SULLIVAN & CROMWELL LLP<br>Andrew G. Dietderich<br>Steven L. Holley<br>Robert J. Giuffra, Jr.<br>Brian D. Glueckstein<br>125 Broad Street<br>New York, New York 10004<br>Telephone: (212) 558-4000<br>E-mail: dietdericha@sullcrom.com<br>        holleys@sullcrom.com<br>        giuffrar@sullcrom.com<br>        gluecksteinb@sullcrom.com |

Dated: December 2, 2015

     Wilmington, Delaware

Respectfully submitted,

GELLERT SCALI BUSENKELL & BROWN, LLC

By: _____
     Michael Busenkell (No. 3933)
     913 N. Market Street, 10th Floor
     Wilmington, DE 19801
     Telephone: (302) 425-5812
     Facsimile:  (302) 425-5814

     -and-

KAYE SCHOLER LLP
Scott D. Talmadge, Esq.  (admitted *pro hac vice*)
250 W. 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile:  (212) 836-6540

*Attorneys for the Subsequent Settling EFIH PIK
Noteholders comprised of York Capital
Management Global Advisors, LLC, P. Schoenfeld
Asset Management L.P., Polygon Convertible
Opportunity Master Fund, Polygon Distressed
Opportunities Master Fund,  and Marathon Asset
Management, LP, on behalf of funds and accounts
that they each manage or advise*

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 14-10979 (CSS) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | (Jointly Administered) |
| Debtors. | **Re: Docket Nos. 4964, 6968, 6973** |

## ORDER

For the reasons set forth in the Court's Memorandum Opinion dated October 30, 2015 [D.I. 6781], the Court will sustain *EFIH Debtors' Partial Objection to Proof of Claim No. 6347 filed by the Indenture Trustee for the EFIH Unsecured Notes* [D.I. 4964] filed on July 9, 2015, as it relates to the portion of the PIK Claim seeking an amount for premiums, Applicable Premium, prepayment penalties, make-whole premiums, and/or call premiums.  This Order amends and supersedes the prior Order at Docket No. 6783.

Dated: November 24, 2015

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS | ) | Case No. 14-10979 (CSS) |
| CORP., et al., | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Related D.I. 4964** |

## MEMORANDUM OPINION[1]

Energy Future Intermediate Holding Company LLC ("EFIH") and EFIH Finance

Inc. (together with EFIH, the "EFIH Debtors") two of the above-captioned debtors and

debtors in possession (the "Debtors") have filed the *EFIH Debtors' Partial Objection to Proof*

*of Claim No. 6347 Filed by the Indenture Trustee for the EFIH Unsecured Notes* (the "PIK Claim

Objection"). [2]  The PIK Claim Objection objects to Claim No. 6347 (the "PIK Claim") filed

by UMB Bank, N.A. ("UMB" or "Indenture Trustee"), as indenture trustee for the

unsecured 11.25%/12.25% Senior Toggle Notes Due 2018 (the "PIK Notes" and such

holders the "PIK Noteholders"), which seeks a minimum of approximately $1.57 billion

in principal "plus interest, fees and other amounts arising in connection with the [PIK]

Indenture."[3]  Among other things, the PIK Claim seeks an amount related to "premiums,

---

[1] This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bank. P. 7052, which is applicable to this matter by virtue of Fed. R. Bankr. P. 9014.  The Court has subject matter jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 11 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The Court has the judicial power to enter a final order.

[2] D.I. 4964.

[3] The PIK Claim was filed in the amount of $1,647,374,288.21 plus interest, fees, expenses and other amounts "arising in connection with the [PIK] Indenture (see addendum)." PIK Claim (attached as Exh. 1 to the PIK Claim Objection).  Based on the record in these proceedings it is the Court's understanding that there is

Applicable Premium, pre-payment penalties, make-whole premiums, [and/or] call premiums"[4] (collectively, referred to herein as "make-whole premiums" or "premiums"), which is the subject of this Memorandum Opinion.

Through the PIK Claim Objection, the EFIH Debtors object to the portion of the PIK Claim that seeks: (i) payment of the "Applicable Premium" under section 3.07(a) or the Optional Redemption Price under section 3.07(d) of the PIK Indenture; and (ii) post-petition interest at the rate specified in the PIK Indenture.  The Court will address the post-petition interest issues in a separate decision.  This Memorandum Opinion solely relates to the premiums.

The issue before the Court is whether the language in the PIK Indenture (in bold below) gives rise to a claim for a premium upon automatic acceleration after an event of default.

> [I]n the case of an Event of Default arising under clause (6) or (7) of Section 6.01(a) hereof, all principal of **and premium, if any,** interest (including Additional Interest, if any) **and any other monetary obligations** on the outstanding Notes shall be due and payable immediately without further action or notice.

The Court recently addressed virtually identical language in relation to the First Lien Notes and found no payment was owed.

> When the EFIH Debtors filed for bankruptcy, the Notes automatically accelerated and became due and payable immediately.  Under New York law, a borrower's repayment after acceleration is not considered voluntary.  This is because acceleration moves the maturity date from the original

---

approximately $1.57 billion in principal, $81 million in pre-petition accrued interest and $109,000 in pre-petition accrued fees and expenses owed under the PIK Notes.

[4] PIK Claim, Addendum to the Proof of Claim of UMB Bank, N.A., as Indenture Trustee for the 11.25%/12.25% Senior Toggle Notes Due 2018 ("PIK Claim Addendum"), ¶ 4.

maturity date to the acceleration date and that date becomes the new maturity date. Prepayment can only occur prior to the maturity date, and acceleration, by definition, advances the maturity date of the debt so that payment thereafter is not prepayment but instead is payment made after maturity. Once the maturity date is accelerated to the present, it is no longer possible to prepay the debt before maturity. Acceleration therefore does not trigger the Trustee's right to prepayment consideration under the Optional Redemption provision. Thus, the Trustee's claim that the EFIH Debtors' repayment was an optional redemption must fail.[5]

The inclusion of the "premium, if any" and "other monetary obligations" language in the PIK Indenture, which was not present in the First Lien Indenture, does not change the analysis. Thus, the Court will sustain the portion of PIK Claim Objection relating to make-whole premiums.

## BACKGROUND

### A.    Prior Litigation Regarding the PIK Notes

The EFIH Debtors initiated an adversary proceeding seeking declaratory judgment relating to the issues raised in the PIK Claim Objection. Thereafter, an Ad Hoc Committee of PIK Noteholders moved to dismiss the complaint as unripe. On June 15, 2015, the Court issued an opinion and entered an order dismissing the adversary proceeding as unripe and stating that "nothing in this Opinion limits the EFIH Debtors' ability to object to the PIK Claim or to seek to liquidate such claim."[6] The EFIH Debtors subsequently filed the PIK Claim Objection.

---

[5] *Delaware Trust Co. v. Energy Future Intermediate Holding Company LLC (In re Energy Future Holdings Corp.)*, 527 B.R. 178, 195 (Bankr. D. Del. 2015) (citations and quotations marks omitted). Capitalized terms not defined herein shall have the meaning ascribed to them in the Court's opinion.

[6] *Energy Future Intermediate Holding Co. LLC v. UMB Bank, N.A. (In re Energy Future Holdings Corp.)*, 531 B.R. 499, 515 (Bankr. D. Del. 2015).

### B.    PIK Indenture

On December 2, 2012, the EFIH Debtors, as issuers, and the PIK Trustee entered into an indenture (the "PIK Indenture", as amended and supplemented) pursuant to which EFIH issued $1,144,770,000 aggregate principal amount PIK Notes. EFIH subsequently issued an additional (i) $159,032,000 aggregate principal amount of PIK Notes under a First Supplemental Indenture dated as of December 19, 2012, (ii) $63,930,000 aggregate principal amount of PIK Notes under a Second Supplemental Indenture dated as of January 29, 2013, and (iii) $24,713,000 aggregate principal amount of PIK Notes under a Third Supplemental Indenture dated as of January 30, 2013.

Pursuant to section 12.08 of the PIK Indenture, the PIK Indenture and the PIK Notes are governed by, and construed in accordance with the laws of the State of New York.[7]

The PIK Notes provide for the payment of an "Applicable Premium" upon optional redemption before December 1, 2014. Section 3.07(a) of the PIK Indenture titled "Optional Redemption" states:

> [P]rior to December 1, 2014, the Issuer may redeem, in whole or in part, the Notes at a redemption price equal to 100% of the principal amount of the Notes redeemed <u>plus</u> the Applicable Premium as of, and accrued and unpaid interest (including Additional Interest, if any) to, the date of the redemption (the "<u>Redemption Date</u>"), subject to the right of the Holders of the Notes of record on the relevant Record Date to receive interest due on the relevant Interest Payment Date.

Section 1.1 of the PIK Indenture defines "Applicable Premium" as:

---

[7] PIK Indenture §12.08.

4

"Applicable Premium" means, with respect to any Note on any Redemption Date, the greater of:

1.0% of the principal amount of such Note; and

(2) the excess, if any, of (a) the present value at such Redemption Date of (i) the redemption price of such Note at December 1, 2014 (such redemption price as set forth in the table appearing under Section 3.07(d) hereof), plus (ii) all required interest payments (calculated based on the Cash Interest rate payable on the Notes) due on such Note through December 1, 2014 (excluding accrued and unpaid interest, if any, to the redemption date), computed using a discount rate equal to the Treasury Rate as of such Redemption Date plus 50 basis points; over (b) the principal amount of such Note.

The PIK Notes also provide that after December 1, 2014, EFIH may voluntarily "redeem" the notes at certain "redemption prices" ("Optional Redemption Price"). Thus if the PIK Notes are redeemed after December 31, 2014 but before maturity, the EFIH Debtors would repay the principal plus an additional pre-payment/make-whole payment.

EFIH has not repaid the PIK Notes. However, the proposed plan before the Court provides that each holder of general unsecured claims against the EFIH Debtors, which includes the PIK Noteholders, will receive "up to the Allowed amount of its Claim, payment in full in Cash or other treatment rendering such Claim unimpaired."

Section 6.01(a) of the PIK Indenture defines "Event of Default" and includes at subsections (6) and (7) certain definitions of an Event of Default that relate to insolvency and bankruptcy, including the filing of a bankruptcy petition (which the Debtors voluntarily filed on April 29, 2014). Section 6.02 of the PIK Indenture defines "Acceleration" and, as noted above, specifies (emphasis added):

> [I]n the case of an Event of Default arising under clause (6) or
> (7) of Section 6.01(a) hereof, all principal of **and premium, if
> any**, interest (including Additional Interest, if any) **and any
> other monetary obligations** on the outstanding Notes shall be
> due and payable immediately without further action or
> notice.

The PIK Trustee highlights that these bolded phrases are not in the First Lien Indenture.

Thus, the PIK Trustee asserts that this Court's prior holding is not applicable to the PIK

Noteholders' claim for make-whole premiums and the PIK Claim seeks payment of the

Applicable Premium and/or the Optional Redemption Price after acceleration.

## ANALYSIS

**A.      Claims Objection and Burden of Proof**

Section 502(b) of the Bankruptcy Code states that the Court shall allow a claim,

except to the extent "such claim is unenforceable against the debtor and property of the

debtor, under any agreement or applicable law for a reason other than because such claim

is contingent or unmatured. . . . "

The burden of proof rests on different parties at different stages of the claim

objection process:

> Initially, the claimant must allege facts sufficient to support
> the claim. If the averments in his filed claim meet this
> standard of sufficiency, it is *"prima facie"* valid. In other
> words, a claim that alleges facts sufficient to support a legal
> liability to the claimant satisfies the claimant's initial
> obligation to go forward. The burden of going forward then
> shifts to the objector to produce evidence sufficient to negate
> the prima facie validity of the filed claim. It is often said that
> the objector must produce evidence equal in force to the
> prima facie case. In practice, the objector must produce
> evidence which, if believed, would refute at least one of the
> allegations that is essential to the claim's legal sufficiency. If

6

> the objector produces sufficient evidence to negate one or
> more of the sworn facts in the proof of claim, the burden
> reverts to the claimant to prove the validity of the claim by a
> preponderance of the evidence.  The burden of persuasion is
> always on the claimant.[8]

As the EFIH Debtors have rebutted the *prima facie* validity of the PIK Claim, the PIK

Trustee must now prove the validity of the PIK Claim by a preponderance of the

evidence.

## B.     Parties' Argument

### i.     *The EFIH Debtors*

The PIK Claim seeks payment of "premiums, the Applicable Premium, pre-

payment penalties, make-whole premiums, [and] call premiums."[9]  This language seeks

the Applicable Premium due upon an optional redemption before December 1, 2014,

under section 3.07(a) of the PIK Indenture, and/or seeks the Optional Redemption Price

based on an optional redemption after December 1, 2014, under section 3.07(c) of the PIK

Indenture.[10]

The EFIH Debtors assert that they do not owe an Applicable Premium because an

Applicable Premium is *only* owed if the PIK Notes are optionally redeemed before

December 1, 2014.  As December 1, 2014, has passed and the PIK Notes have not been

repaid in any way, the EFIH Debtors assert that the Applicable Premium cannot be owed.

The EFIH Debtors also argue that separate and apart from the expiration of the December

---

[8] *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) (citations omitted).

[9] PIK Claim Addendum ¶ 4.

[10] The PIK Indenture provides for other types of premiums; however, these premiums are not at issue for the purposes of this Memorandum Opinion.  *See, e.g.*, PIK Indenture §§ 2.06(h)(i)(vi), 4.10(b)(4)(f), 5.02, 12.01, and 12.02.

1, 2014 deadline, neither the Applicable Premium nor the Optional Redemption Price is owed because the repayment of the PIK Notes will not be an optional redemption.

The PIK Indenture provides that an "Event of Default" occurs when EFIH "commenc[es] proceedings to be adjudicated bankruptcy or insolvent."[11] The EFIH Debtors filed for chapter 11 protection on April 29, 2014, triggering this Event of Default. The EFIH Debtors assert that, under the plain language of the Indenture, the bankruptcy-induced Event of Default automatically accelerated the PIK Notes' maturity date to the Petition Date. The PIK Indenture provides, "in the case of an Event of Default arising" out of EFIH's bankruptcy filing, "all principal of and premium, if any, interest (including Additional Interest, if any) and any other monetary obligations on the outstanding Notes *shall be due and payable immediately without further action or notice*."[12]

The EFIH Debtors argue that in order to optionally redeem the debt, they must provide the PIK Noteholders with "at least 30 days but not more than 60 days" notice[13] (The EFIH Debtors have not delivered an optional redemption notice to the PIK Trustee). The EFIH Debtors compare this to the automatic acceleration which does not contemplate notice: upon EFIH's bankruptcy filing, "the outstanding Notes shall be due and payable immediately without further action or notice."[14]

---

[11] PIK Indenture § 6.01(a)(6)(i).

[12] PIK Indenture § 6.02 (emphasis added).

[13] PIK Indenture § 3.03.

[14] PIK Indenture §6.02.

The EFIH Debtors argue that the language differences between the First Lien Indenture and the PIK Indenture do not give rise to a valid claim for an Applicable Premium or an Optional Redemption Price after acceleration.

## ii.    *The PIK Trustee*

The PIK Trustee argues that the deliberate insertion of "and premium, if any" immediately following "principal" and before "interest" indicated that such language is not surplusage, but a reference to an adjustment to the principal amount. The PIK Trustee continues that "premium, if any" read together with "any other monetary obligations" must refer to something more specific and could only logically refer to the premiums set forth in section 3.07 of the PIK Indenture. The PIK Trustee also asserts that by using the phrase "premium, if any" rather than the narrower term of "Applicable Premium," the PIK Indenture captures the multiple premiums that could be owed, depending on the time of repayment. Further, the PIK Trustee asserts that "premium, if any" refers to *all* of the premiums in the PIK Indenture. The PIK Trustee continues that the "if any" qualifier contemplates all situations, such as filing for bankruptcy because of the looming maturity date and repayment after the maturity date. The PIK Trustee also asserts that the phrases "premium, if any," as well as, "other monetary obligations" are "catch all" provisions that refer to the applicability of the call premium except when payments are made after the maturity date. Finally, the PIK Trustee attempts to introduce parole evidence that demonstrates (in the PIK Trustee's opinion) that the PIK Indenture

9

(including the differences from the First Lien Indenture) was specifically bargained for to provide different legal entitlements upon acceleration from the First Lien Indenture.

## C.   Contract Interpretation Under New York Law

In construing a contract under New York law, the Court should look to the language of the contract because "when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms."[15] "Where the contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence."[16] Thus, if unambiguous, the contract must be enforced according to its plain terms.[17]

A contract is ambiguous if the terms have more than one meaning "when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business."[18] In instances when the contract is susceptible to more than one meaning the Court may look to parole evidence.[19]

---

[15] *D'Addario & Co. v. Embassy Indus., Inc.*, 980 N.E.2d 940, 943 (2012) (citations and internal quotation marked omitted).

[16] *British Int'l Ins. Co. Ltd. v. Seguros La Republica, S.A.*, 342 F.3d 78, 82 (2d Cir. 2003) (citations, modifications and internal quotation marks omitted).

[17] *In re MPM Silicones, LLC*, No. 14-22503-RDD, 2014 WL 4436335, at *3 (Bankr. S.D.N.Y. Sept. 9, 2014) *aff'd*, 531 B.R. 321 (S.D.N.Y. 2015) (hereinafter, "*Momentive*").

[18] *British Int'l Ins. Co.*, 342 F.3d at 82 (citations and internal quotation marks omitted); *Evans v. Famous Music Corp.*, 807 N.E.2d 869, 872 (N.Y. 2004).

[19] *Momentive* at *3.

"It is also fundamental that every word of the agreement should, to the extent possible, be given a meaning, or, in other words, one of the most basic interpretive canons is that a contract should be construed so that effect is given to all of its provisions and no part will be inoperative or superfluous or of no significance."[20]

The PIK Indenture is unambiguous; therefore, the Court will not consider extrinsic evidence.

## D.    Make-Whole and Prepayment Premiums

As a general rule regarding make-whole or prepayment premiums, "a lender is not entitled to prepayment consideration after a default unless the parties' agreement expressly requires it.   This is because prepayment provisions generally address the consideration to be paid when the borrower voluntarily prepays the debt, but after a default the borrower's repayment is neither voluntary nor in the nature of a prepayment."[21]  However, parties may agree that "even after default and acceleration, or where the borrower's prepayment is otherwise involuntary, an amount that is equivalent

---

[20] *Id.*

[21] *In re S. Side House, LLC*, 451 B.R. 248, 268 (Bankr. E.D.N.Y. 2011) *aff'd sub nom. U.S. Bank Nat. Ass'n v. S. Side House, LLC*, No. 11-CV-4135 ARR, 2012 WL 273119 (E.D.N.Y. Jan. 30, 2012) (citations omitted). *See also Energy Future Holdings Corp.*, 527 B.R. at 192 ("Under New York law, an indenture must contain express language requiring payment of a prepayment premium upon acceleration; otherwise, it is not owed."); and *MSCI 2007-IQ16 Retail 9654, LLC v. Dragul*, No. 1:14-CV-287, 2015 WL 1468435, at *3 (S.D. Ohio Mar. 30, 2015) ("Upon default and the acceleration of the loan, the maturity date advances and any subsequent payment is no longer considered a voluntary prepayment.  The lender forfeits the collection of a prepayment premium in such a scenario unless the parties' agreement contains a 'clear and unambiguous' clause requiring payment of the prepayment premium upon default and acceleration.  This general rule created the problem that a borrower might actually intentionally default to acquire the right to prepay without penalty, so lenders began including provisions in loan documents to ensure the prepayment penalty would be enforceable after default.") (citations omitted)).

to prepayment consideration may nevertheless be due."[22]    However, the parties'

agreement *must* be express and the terms of their agreement *must* define the parameters

of the borrower's obligation to make a make-whole or prepayment premium in the event

of default and/or acceleration.[23]  If the language is explicit,

> [c]ourts review prepayment consideration terms that are
> triggered by default and acceleration under the standards
> applicable to liquidated damages. That is, courts consider
> whether the amount due is an unenforceable penalty.[24]

As the Second Circuit has explained, a prepayment premium is enforceable "where

(1) actual damages may be difficult to determine and (2) the sum stipulated is not 'plainly

disproportionate' to the possible loss."[25]

### E.    Neither an Applicable Premium Nor an Optional Redemption Price is Due Under the Terms of the PIK Indenture.

Pursuant to the terms of the PIK Indenture, the Court must determine whether an

Applicable Premium or an Optional Redemption Price is due.   As noted above, the

Applicable Premium is only due upon optional redemption before December 1, 2014.  As

the PIK Notes were not redeemed prior to December 1, 2014, the PIK Notes are not

entitled to an Applicable Premium.

---

[22] *S. Side House*, 451 B.R. at 269 (citations omitted).

[23] *Id.* at 270.

[24] *Id.* (holding mortgage lender's claim for a post-default, post-acceleration prepayment premium, pursuant to "escape" clause in mortgage documents that prohibited debtor from evading prepayment fee by tendering full amount of debt post-foreclosure, had to be disallowed; because the debtor, in proposing to pay mortgage debt over time in plan of reorganization, was not tendering full amount of debt, and was not attempting to prepay this accelerated debt.).

[25] *United Merchants and Mfrs., Inc. v. Equitable Life Assurance Society of the US (In re United Merchants & Mfrs., Inc.)*, 674 F.2d 134, 142 (2d Cir. 1982).

The PIK Indenture provides for an Optional Redemption Price (also referred to herein as a "prepayment premium" or a "make-whole premium") if the PIK Notes are redeemed after December 1, 2014, but prior to the maturity date.[26] As the PIK Notes were automatically accelerated as a result of the EFIH Debtors' bankruptcy filings, repayment of the PIK Notes will not be an optional redemption. As this Court stated in relation to the First Lien Notes, which is also applicable herein:

> When the EFIH Debtors filed for bankruptcy, the Notes automatically accelerated and became due and payable immediately. Under New York law, a borrower's repayment after acceleration is not considered voluntary. This is because acceleration moves the maturity date from the original maturity date to the acceleration date and that date becomes the new maturity date. Prepayment can only occur prior to the maturity date, and acceleration, by definition, advances the maturity date of the debt so that payment thereafter is not prepayment but instead is payment made after maturity. Once the maturity date is accelerated to the present, it is no longer possible to prepay the debt before maturity. Acceleration therefore does not trigger the Trustee's right to prepayment consideration under the Optional Redemption provision. Thus, the Trustee's claim that the EFIH Debtors' repayment was an optional redemption must fail.[27]

There is nothing in the PIK Indenture that would lead the Court to a different conclusion. If the EFIH Debtors repay the PIK Notes, such repayment would not be "optional" as the PIK Notes were accelerated under the terms of section 6.02 of the PIK Indenture. According to the terms of the PIK Indenture, neither the Applicable Premium nor the Optional Redemption Premium is due. Thus, even if the Court found that the

---

[26] PIK Indenture § 3.07(d).

[27] *Energy Future Holdings Corp.*, 527 B.R. at 195 (citations and quotations marks omitted).

language "if any" (as discussed *infra*) refers back to sections 3.07(a) and 3.07(d) of the PIK Indenture, there would be no premium due pursuant to the terms of the PIK Indenture.[28]

**F.     PIK Indenture Language: "Premium, If Any"**

As stated above, neither the Applicable Premium nor the Optional Redemption Price have been triggered under the terms of the PIK Indenture.  However, the PIK Trustee asserts that language in the acceleration provision provides for payment of a make-whole premium (in addition to principal, interest, etc.) upon automatic acceleration.  The PIK Trustee asserts that the acceleration clause language in the PIK Indenture differs from the First Lien Indenture – and these additional 9 words create the obligation to pay the make-whole upon acceleration.  As compared to the acceleration clause in the First Lien Indenture, the PIK Indenture states, in part (differing language is bolded):

> [I]n the case of an Event of Default arising under clause (6) or (7) of Section 6.01(a) hereof, all principal of **and premium, if any**, interest (including Additional Interest, if any) **and any other monetary obligations** on the outstanding Notes shall be due and payable immediately without further action or notice.[29]

Thus, the Court must determine whether these additional 9 words create the obligation to pay a make-whole premium after acceleration.

---

[28] *See Momentive* at *15.

[29] PIK Indenture § 6.02 (emphasis added).

The Bankruptcy Court for the Southern District of New York examined virtually identical language in *Momentive*.[30]  The language in the Momentive's indenture was as follows: "'If an Event of Default specified in Section 6.01(f) or (g) with respect to MPM [which includes the debtors' bankruptcy] occurs, the principal of, premium, if any, and interest on all the Notes shall ipso facto become and be immediately due and payable without any declaration or other act on the part of the Trustee or any Holders.'"[31]  In *Momentive*, Judge Drain held:

> [I]t is "well-settled law," that, unless the parties have clearly and specifically provided for payment of a make-whole (in this case the Applicable Premium), notwithstanding the acceleration or advancement of the original maturity date of the notes, a make-whole will not be owed.  Such language is lacking in the relevant sections of the first and 1.5 lien indentures and notes; therefore, they do not create a claim for Applicable Premium following the automatic acceleration of the debt pursuant to Section 6.02 of the indentures.[32]

Thus, the *Momentive* court held that the "premium, if any" to be paid upon prepayment was not specific enough to meet the specificity requirement of New York law in order for the make-whole or prepayment claim to be payable post-acceleration.[33]  Judge Drain continued to state that even if the "if any" language referred back to the actual provisions of the indenture that provides for a specific premium, those premium provisions do not sufficiently provide for payment after acceleration under New York law.[34]

---

[30] 2014 WL 4436335, *supra.*

[31] *Id.* at *13.

[32] *Id.* at *14 (citations omitted).

[33] *Id.* at *15.

[34] *Id.*

The *Momentive* court stated that there are only two ways to receive a make-whole upon acceleration under New York law: (i) explicit recognition that the make-whole would be payable notwithstanding the acceleration, or (ii) a provision that requires the borrower to pay a make-whole whenever debt is repaid prior to the *original* maturity.[35] As discussed *infra*, the relevant language in this case is identical to that in *Momentive* and does not explicitly provide for payment of the premiums notwithstanding acceleration nor does it provide for payment of the make-whole any time prior to the original due date.

The District Court for the Southern District of New York affirmed the bankruptcy court's holding in *Momentive* holding that the language "premium, if any" was not sufficient to create an "unambiguous right to a make-whole payment."[36] This Court fully endorses and adopts the holding in the *Momentive* cases.

The PIK Trustee attempts to distinguish *Momentive* because Judge Drain likened "if any" to other belt-and-suspenders catch-all provisions in other New York cases, where the role of "catch-all" in the PIK Indenture is played by the "and any other monetary obligations" provision – thus, according to the PIK Trustee, the phrase "premium, if any" in this case refers to the applicability of the call premium for payments made after the maturity date. This distinction fails for several reasons: (i) the PIK Indenture is not

---

[35] *Id.*

[36] *U.S Bank N.A. v. Wilmington Savings Fund Society (In re MPM Silicones, LLC)*, 531 B.R. 321, 336 (S.D.N.Y. 2015).

specific or explicit about the payment of any premium upon automatic acceleration;[37] and (ii) "if any" means that the premium may not be due at all.

The PIK Trustee also advances the argument that "premium, if any" must be "specific" because the Indenture would not contain two "catch all" provisions. However, legal documents such as the PIK Indenture often contain redundant language and "mere redundancy of words is not so unusual as to justify the court in giving an interpretation to the contract which its words do not import."[38]

In another example similar to *Momentive*, in *In re Solutia Inc.*, the bankruptcy court found the language of "premium, if any" insufficient and lacking in "explicitness that would be expected in a typical post-acceleration yield-maintenance clause."[39] Similarly, in *In re AMR Corp.*, the bankruptcy court held that it "reads 'if any' to mean that payment of the Make–Whole Amount is not automatic and there are some circumstances under which a Make–Whole Amount will not be payable."[40]

These cases should be compared to *Northwestern Mutual* and *United Merchants*, wherein the courts held that the contractual language was explicit. In *Northwestern Mutual Life Ins. Co. v. Uniondale Realty Associates*, the court reviewed the following language in the loan agreement (referred to below as the "Note"):

---

[37] As set forth in note 10, *supra*, there are many different premiums discussed in the PIK Indenture.

[38] *Casler v. Connecticut Mut. Life Ins. Co.*, 22 N.Y. 427, 432 (1860).

[39] *In re Solutia Inc.*, 379 B.R. 473, 488 (Bankr. S.D.N.Y. 2007).

[40] *U.S. Bank Trust N.A. v. American Airlines, Inc. (In re AMR Corp.)*, 485 B.R. 279, 303 (Bankr. S.D.N.Y.) *aff'd*, 730 F.3d 88 (2d Cir. 2013) *cert. denied sub nom. U.S. Bank Trust Nat. Ass'n v. AMR Corp.*, 134 S. Ct. 1888, 188 L. Ed. 2d 913 (2014).

"Borrower shall have the right, upon thirty (30) days advance written notice, beginning December 15, 2003 of paying this note in full with a *prepayment fee*.   This fee represents consideration to Lender for loss of yield and reinvestment costs.   The fee shall be the greater of *Yield Maintenance* or 2% of the outstanding principal balance of this note on the date of prepayment.   In the event of a prepayment of this note following (i) the occurrence of an Event of Default . . . followed by the acceleration of the whole indebtedness evidenced by this note . . . such prepayment will constitute an evasion of the prepayment terms . . . and be deemed to be a voluntary prepayment . . . and such payment will, therefore, . . . include the prepayment fee required under the prepayment in full privilege recited above . . ."[41]

The *Northwestern Mutual* court held: "When a clear and unambiguous clause which calls for payment of the prepayment premium or a sum equal thereto, at any time after default and acceleration is included in the loan agreement, such clause is analyzed as liquidated damages and is generally enforceable."[42]  The *Northwestern Mutual* court found that the critical language in the subject clause is "in the event of prepayment" and "evasion."[43]

The *Northwestern Mutual* court held:

the subject clause eliminates the need to prove that prepayment after acceleration is an intentional avoidance of the premium, as prepayment after acceleration is "deemed" voluntary and an avoidance.  *The clause does not, however, contain language indicating prepayment application in foreclosure, redemption or any other payment.*  If the word "prepayment" in the subject clause was intended to include "redemption" in the context of foreclosure, it would be expressly included, as was done in the aforementioned examples.[44]

---

[41] *Nw. Mut. Life Ins. Co. v. Uniondale Realty Associates*, 816 N.Y.S.2d 831, 833-34 (Sup. Ct. 2006) (*quoting* the Note at issue in the case; emphasis supplied in Note).

[42] *Id.* at 836 (citations omitted).

[43] *Id.* at 839.

[44] *Id.* (emphasis added).

Thus, the court ultimately found that the prepayment premium was only relevant after an attempt at prepayment after a default and acceleration but prior to commencement of a foreclosure action; thus in *Northwestern Mutual*, as it was a foreclosure action, the prepayment premium was not recoverable.[45]   Thus, even though the language in *Northwestern Mutual* was more specific than the PIK Indenture language, the *Northwestern Mutual* court ultimately held that the language lack specificity in a foreclosure context and, therefore, did not allow the premium.

Similarly, in *In re United Merchants and Manufacturers, Inc.*, the default provision in the note at issue stated:

> then, at the option of the holder of any Note, exercised by written notice to (UM&M), the principal of such Note shall forthwith become due and payable, together with the interest accrued thereon, and, to the extent permitted by law, an *amount equal to the pre-payment charge that would be payable if (UM&M) were pre-paying such Note at the time pursuant to P 8.2 hereof.*[46]

The Second Circuit held that this liquidated damages provision in the agreement was valid under New York law as it was a loan agreement between sophisticated parties for a large sum of money and the amount stipulated was "not plainly disproportionate to the possible loss."[47]   Again, however, as distinguished from this case, the contractual language was specific regarding the amount of the pre-payment charge and specifically referring to the calculation thereof in the note.  Here, the PIK Indenture states "premium,

---

[45] *Id.* at 839-40.

[46] *United Merchants and Mfrs*, 674 F.2d at 140 (emphasis added; footnote and citations omitted).

[47] *Id.* at 143 (internal quotation marked omitted).

if any" without any additional language referring to the amount of such premium or what type of premium being sought.

The PIK Indenture does not provide specifically for a payment of a premium upon acceleration, nor does it refer back to specific sections of the Indenture.  As such, and for the reasons set forth in *Momentive*, the Court finds that the PIK Indenture's acceleration clause is unambiguous, insufficient and lacking in explicitness regarding whether a make-whole premium is due upon an event of default.  Thus, after acceleration, the PIK Trustee does not have a valid claim for either an Applicable Premium nor an Optional Redemption Price.

## CONCLUSION

Thus, as stated above, the Court will sustain the Partial Objection and disallow the portion of the PIK Claim seeking an amount for "premiums, Applicable Premium, prepayment penalties, make-whole premiums, [and/or] call premiums."[48]  An order will be entered.

BY THE COURT:

Christopher S. Sontchi
United States Bankruptcy Court

Dated: October 30, 2015

---

[48] PIK Claim Addendum ¶ 4.

20

## CERTIFICATE OF SERVICE

I, Michael Busenkell, Esquire, hereby certify that on December 2, 2015, I caused a true and correct copy of the foregoing *Notice of Appeal* to be served via the CM/ECF electronic notification system and served via First Class Mail upon the parties listed on the attached Service List.

Dated: December 2, 2015

Michael Busenkell (DE 3933)

ABRAMS & BAYLISS LLP
KEVIN G. ABRAMS & JOHN M. SEAMAN
20 MONTCHANIN RD STE 200
WILMINGTON DE 19807
*(COUNSEL TO GOLDMAN SACHS & CO)*

ASHBY & GEDDES PA
ATTN: WILLIAM BOWDEN ESQ & GREGORY TAYLOR ESQ
PO BOX 1150
WILMINGTON DE 19899
*(COUNSEL TO WILMINGTON SAVINGS/WSFS)*

BALLARD SPAHR LLP
ATTN: MATTHEW G SUMMERS ESQ
919 N MARKET ST 11TH FL
WILMINGTON DE 19801
*(COUNSEL TO LOUISIANA ENERGY & URENCO)*

BARNES & THORNBURG LLP
ATTN: KEVIN G COLLINS ESQ
ATTN: DAVID M POWLEN ESQ
1000 N WEST ST STE 1500
WILMINGTON DE 19801
*(COUNSEL TO GATX CORPORATION)*

BAYARD PA
ATTN: NEIL GLASSMAN ESQ
222 DELAWARE AVE STE 900
WILMINGTON DE 19801
*(COUNSEL TO CSC TRUST CO OF DELAWARE, SUCC TTEE UNDER THE
TCEH 11.5% SR SECURED NOTES INDENTURE)*

BENESCH FRIEDLANDER COPLAN & ARONOFF LLP
ATTN: KEVIN M. CAPUZZI
222 DELAWARE AVE STE 801
WILMINGTON DE 19801-1611
*(COUNSEL TO THERMO FISHER)*

BIELLI & KLAUDER LLC
ATTN: DAVID M KLAUDER ESQ &
CORY P STEPHENSON ESQ
1204 N KING STREET
WILMINGTON DE 19801
*(COUNSEL TO ENERGY FUTURE HOLDINGS CORP)*

BLANK ROME LLP
ATTN: MICHAEL DEBAECHE; STANLEY TARR
1201 MARKET ST STE 800
WILMINGTON DE 19801
*(COUNSEL TO WILMINGTON TRUST NA-FIRST LIEN AGENT)*

BUCHANAN INGERSOLL & ROONEY PC
ATTN: KATHLEEN A. MURPHY
919 N MARKET ST STE 1500
WILMINGTON DE 19801
*(COUNSEL TO CATERPILLAR FINANCIAL SERVICES CORP)*

CHIPMAN BROWN CICERO & COLE LLP
ATTN: WILLIAM CHIPMAN JR ESQ; MARK OLIVERE ESQ
1007 N ORANGE ST STE 1110
WILMINGTON DE 19801
*(COUNSEL TO AD HOC COMMITTEE OF EFIH UNSECURED NOTEHOLDERS
AND EFIH SECOND LIEN DIP COMMITMENT)*

CIARDI CIARDI & ASTIN
ATTN: D ASTIN, J MCLAUGHLIN JR, J MCMAHON JR
1204 N KING STREET
WILMINGTON DE 19801
*(COUNSEL TO ATMOS ENERGY; TXU 2007-1 RAILCAR, & RED BALL OXYGEN)*

COZEN O'CONNOR
ATTN: MARK E. FELGER
1201 N MARKET ST STE 1001
WILMINGTON DE 19801
*(COUNSEL TO J ARON & COMPANY)*

CROSS & SIMON LLC
ATTN: MICHAEL J JOYCE ESQ
1105 N MARKET ST STE 901
WILMINGTON DE 19801
*(COUNSEL TO FIDELITY MANAGEMENT & RESEARCH CO)*

CSC TRUST COMPANY OF DELAWARE
ATTN: SANDRA E HORWITZ MANAGING DIRECTOR
2711 CENTERVILLE RD STE 400
WILMINGTON DE 19808

DLA PIPER LLP (US)
ATTN: ASHLEY R. ALTSCHULER; R.CRAIG MARTIN & SCOTT CZERWONKA, ESQS.
1201 NORTH MARKET STREET, SUITE 2100
WILMINGTON DE 19801
*(COUNSEL TO DEF. MORGAN STANLEY CAPITAL GRP, INC.)*

DORSEY & WHITNEY DELAWARE LLP
ATTN: ERIC LOPEZ SCHNABEL, ROBERT W. MALLARD & ALESSANDRA GLORIOSO
300 DELAWARE AVE STE 1010
WILMINGTON DE 19801
*(COUNSEL TO U.S. BANK NATIONAL ASSOCIATION)*

DRINKER BIDDLE & REATH LLP
ATTN: HOWARD A. COHEN & ROBERT K. MALONE
222 DELAWARE AVE STE 1410
WILMINGTON DE 19801-1621
*(COUNSEL TO CITIBANK NA, TCEH DIP AGENT)*

FOX ROTHSCHILD LLP
ATTN: JEFFREY SCHLERF; JOHN STROCK; L. JOHN BIRD
919 N MARKET ST STE 300
WILMINGTON DE 19801
*(COUNSEL TO AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS)*

GEBHARDT & SMITH LLP
ATTN: LISA BITTLE TANCREDI ESQ
1000 N WEST ST STE 1200
WILMINGTON DE 19801
*(COUNSEL TO MILAM APPRAISAL DISTRICT)*

G

GIBBONS PC
ATTN: NATASHA M SONGONUGA ESQ
1000 N WEST ST STE 1200
WILMINGTON DE 19801-1058
*(COUNSEL TO VEOLIA)*

HILLER & ARBAN LLC
ATTN: ADAM HILLER ESQ, BRIAN ARBAN ESQ
JOHNNA M DARBY ESQ
1500 N FRENCH ST 2ND FL
WILMINGTON DE 19801
*(COUNSEL TO STEAG)*

HOGAN MCDANIEL
ATTN: DANIEL K HOGAN ESQ
ATTN: GARVAN F MCDANIEL ESQ
1311 DELAWARE AVE
WILMINGTON DE 19806
*(COUNSEL TO THE RICHARDS GROUP; PI LAW FIRMS/ASBESTOS CLAIMANTS)*
*(COUNSEL TO AD HOC GROUP OF EFH LEGACY NOTEHOLDER)*

KLEHR HARRISON HARVEY BRANZBURG LLP
ATTN: RAYMOND H LEMISCH ESQ
919 MARKET ST STE 1000
WILMINGTON DE 19801
*(COUNSEL TO UMB BANK N.A. INDENTURE TRUSTEE)*

LANDIS RATH & COBB LLP
ATTN: ADAM G LANDIS ESQ, MATTHEW B MCGUIRE ESQ
919 MARKET ST STE 1800
WILMINGTON DE 19801
*(COUNSEL TO MARATHON MGMT, ALCOA AND NEXTERA ENERGY RESOURCES, LLC)*

LAW OFFICE OF CURTIS A HEHN
ATTN: CURTIS A HEHN ESQ
1000 N WEST ST STE 1200
WILMINGTON DE 19801
*(COUNSEL TO SOMERVELL CAD)*

MANION GAYNOR & MANNING LLP
ATTN: MARC PHILLIPS ESQ
THE NEMOURS BUILDING
1007 N ORANGE ST 10TH FL
WILMINGTON DE 19801
*(COUNSEL TO ONCOR STEERING COMMITTEE)*

MARGOLIS EDELSTEIN
ATTN: JAMES E. HUGGETT & AMY D. BROWN
300 DELAWARE AVE STE 800
WILMINGTON DE 19801
*(COUNSEL TO URS ENERGY & CONSTRUCTION INC)*

MCELROY DEUTSCH MULVANEY & CARPENTER LLP
ATTN: DAVID P PRIMACK ESQ
300 DELAWARE AVE STE 770
WILMINGTON DE 19801
*(COUNSEL TO TCEH DEBTORS)*

MONTGOMERY MCCRACKEN WALKER & RHOADS LLP
ATTN: NATALIE D RAMSEY ESQ, DAVIS LEE WRIGHT ESQ
MARK A FINK ESQ, SIDNEY S LIEBESMAN ESQ
1105 N MARKET ST 15TH FL
WILMINGTON DE 19801
*(COUNSEL TO EFH CREDITORS COMMITTEE)*

MORRIS JAMES LLP
ATTN: STEPHEN M MILLER ESQ
PO BOX 2306
WILMINGTON DE 19899-2306
*(COUNSEL TO LAW DEBENTURE TRUST COMPANY OF NY)*

MORRIS NICHOLS ARSHT & TUNNELL LLP
ATTN: DERK ABBOTT; ANDREW REMMING; ERIN FAY
1201 N MARKET ST STE 1600
WILMINGTON DE 19801
*(COUNSEL TO THE "EFH EQUITY INTEREST HOLDERS")*

OFFICE OF THE UNITED STATES ATTORNEY
ATTN: ELLEN SLIGHTS ESQ
PO BOX 2046
WILMINGTON DE 19899-2046

OFFICE OF THE UNITED STATES TRUSTEE
ATTN: RICHARD L. SCHEPACARTER
J. CALEB BOGGS FEDERAL BUILDING
844 KING STREET, SUITE 2207 - LOCKBOX #35
WILMINGTON DE 19801

PACHULSKI STANG ZIEHL & JONES LLP
ATTN: LAURA DAVIS JONES ESQ; ROBERT FEINSTEIN
ESQ
PO BOX 8705
WILMINGTON DE 19899
*(COUNSEL TO INDENTURE TRUSTEE OF 11% & 11.75% SR)*

PINCKNEY WEIDINGER URBAN & JOYCE LLC
ATTN: GREGORY T. DONILON, ESQ.
1220 N MARKET ST STE 950
WILMINGTON DE 19801
*(COUNSEL TO AUTOMATIC SYSTEMS INC)*

POLSINELLI PC
ATTN: CHRISTOPHER WARD ESQ, JUSTIN EDELSON ESQ
SHANTI KATONA ESQ
222 DELAWARE AVE STE 1101
WILMINGTON DE 19801
*(COUNSEL TO TCEH CREDITORS COMMITTEE)*

POTTER ANDERSON & CORROON LLP
ATTN: JEREMY RYAN ESQ
1313 N MARKET ST 6TH FL
PO BOX 951
WILMINGTON DE 19801
*(COUNSEL TO DEUTSCHE BANK, AGENT TO DIP FINANCING)*

REED SMITH LLP
ATTN: KURT F. GWYNNE; KIMBERLY E.C. LAWSON
ATTN: RICHARD A. ROBINSON
1201 MARKET ST STE 1500
WILMINGTON DE 19801

RICHARDS LAYTON & FINGER
ATTN: MARK D COLLINS ESQ
DANIEL J DEFRANCESCHI ESQ
JASON M MADRON ESQ
920 N KING ST
WILMINGTON DE 19801
*(CO-COUNSEL TO EFHC DEBTORS)*

ROSS ARONSTAM & MORITZ LLP
ATTN: BRADLEY ARONSTAM, BENJAMIN
SCHLADWEILER ESQS
100 S WEST ST STE 400
WILMINGTON DE 19801
*(COUNSEL TO ANGELO GORDON, APOLLO, AND BROOKFIELD)*

SAUL EWING LLP
ATTN: MARK MINUTI ESQ
ATTN: LUCIAN B MURLEY ESQ
222 DELAWARE AVE STE 1200
PO BOX 1266
WILMINGTON DE 19899
*(COUNSEL TO ELECTRIC RELIABILITY COUNCIL OF TEXAS/ERCOT)*
*(COUNSEL TO JOHNSON MATTHEY)*

SCHNADER HARRISON SEGAL & LEWIS LLP
ATTN: RICHARD A BARKASY ESQ
824 N MARKET ST STE 800
WILMINGTON DE 19801
*(COUNSEL TO CCP CREDIT ACQUISITION/CENTERBRIDGE)*

SKADDEN ARPS SLATE MEAGHER & FLOM LLP
ATTN: MARK S CHEHI ESQ
PO BOX 636
WILMINGTON DE 19899-0636
*(COUNSEL TO BOREALIS INFRASTRUCTURE MGMT INC)*

SMITH KATZENSTEIN & JENKINS LLP
ATTN: KATHLEEN M MILLER ESQ
PO BOX 410
WILMINGTON DE 19899
*(COUNSEL TO AIRGAS USA LLC & VALERO TEXAS POWER)*

STEVENS & LEE PC
ATTN: JOSEPH H HUSTON JR ESQ
1105 N MARKET ST STE 700
WILMINGTON DE 19801
*(COUNSEL TO ENERGY FUTURE INTERMIEDIATE HOLDING COMPANY
LLC/EFIH)*

SULLIVAN HAZELTINE ALLINSON LLC
ATTN: ELIHU E. ALLINSON, III
901 N MARKET ST STE 1300
WILMINGTON DE 19801
*(COUNSEL TO HENRY PRATT COMPANY LLC)*

VENABLE LLP
ATTN: JAMIE L. EDMONSON
1201 NORTH MARKET STREET
WILMINGTON DE 19801
*(COUNSEL TO PACIFIC INVESTMENT MANAGEMENT CO LLC)*

WEIR & PARTNERS LLP
ATTN: JEFFREY S CIANCIULLI ESQ
824 N MARKET ST STE 800
WILMINGTON DE 19801
*(COUNSEL TO EVERCORE GROUP LLC)*

WERB & SULLIVAN
ATTN: "J" JACKSON SHRUM ESQ & DUANE D WERB ESQ
PO BOX 25046
WILMINGTON DE 19899
*(COUNSEL TO THE KANSAS CITY SOUTHERN RAILWAY)*

WHITEFORD TAYLOR & PRESTON LLC
ATTN: L KATHERINE GOOD ESQ,
CHATELLE D MCCLAMB ESQ
THE RENAISSANCE CENTRE
405 N KING ST STE 500
WILMINGTON DE 19801
*(COUNSEL TO SIMEIO)*

WILMINGTON SAVINGS FUND SOCIETY
ATTN: PATRICK J HEALY
500 DELAWARE AVENUE
WILMINGTON DE 19801

WOMBLE CARLYLE SANDRIDGE & RICE LLP
ATTN: STEVEN K KORTANEK; MARK L
DESGROSSEILLIERS
ATTN: FRANCIS A MONACO JR & KEVIN J MANGAN ESQS
222 DELAWARE AVE STE 1501
WILMINGTON DE 19801
*(COUNSEL TO CENTERPOINT)  (COUNSEL TO ALLTITE)*
*(COUNSEL TO HOLT TEXAS LTD D/B/A HOLT CAT)*
*(COUNSEL TO AMECO, FLUOR, & AMERICAN EQUIPMENT)*

YOUNG CONAWAY STARGATT & TAYLOR LLP
ATTN: PAULINE MORGAN; JOEL WAITE; RYAN BARTLEY;
ANDREW MAGAZINER
RODNEY SQUARE
1000 NORTH KING STREET
WILMINGTON DE 19801
*(COUNSEL TO AD HOC COMMITTEE OF TCEH FIRST LIEN)*

QUARLES & BRADY LLP
ATTN: HOHN A. HARRIS; JASON D. CURRY
RENAISSANCE ONE
TWO N CENTRAL AVE
PHOENIX AZ 85004-2391
*(COUNSEL TO TXU 2007-1 RAILCAR LEASING LLC)*

MUNGER TOLLES & OLSON LLP
ATTN: THOMAS B WALPER ESQ, TODD J ROSEN ESQ;
SETH GOLDMAN; JOHN W SPIEGEL ESQ
355 S GRAND AVE 35TH FL
LOS ANGELES CA 90071
*(COUNSEL TO TCEH DEBTORS)*

BUCHALTER NEMER, A PROFESSIONAL CORPORATION
ATTN: SHAWN M. CHRISTIANSON
55 SECOND ST 17TH FL
SAN FRANCISCO CA 94105-3493
*(COUNSEL TO ORACLE AMERICA INC)*

TW TELECOM INC
ATTN: LINDA BOYLE
10475 PARK MEADOWS DR #400
LITTLETON CO 80124

BROWN RUDNICK LLP
ATTN: HOWARD SIEGEL ESQ
185 ASYLUM ST
HARTFORD CT 06103
*(COUNSEL TO WILMINGTON SAVINGS/WSFS)*

AKIN GUMP STRAUSS HAUER & FELD LLP
ATTN: SCOTT ALBERINO; JOANNA NEWDECK
ROBERT S. STRAUSS BUILDING
1333 NEW HAMPSHIRE AVE, NW
WASHINGTON DC 20036-1564
*(COUNSEL TO AD HOC COMMITTEE OF EFIH UNSECURED NOTEHOLDERS*
*AND EFIH SECOND LIEN DIP COMMITMENT)*

CADWALADER WICKERSHAM & TAFT LLP
ATTN: MARK C ELLENBERG ESQ
700 SIXTH STREET, N.W.
WASHINGTON DC 20001
*(COUNSEL TO DEF. MORGAN STANLEY CAPITAL GRP INC)*

HOLLAND & KNIGHT LLP
ATTN: CHRISTINE C RYAN ESQ
800 17TH ST NW STE 1100
WASHINGTON DC 20006
*(COUNSEL TO TEX-LA ELECTRIC COOPERATIVE OF TEXAS)*

O'MELVENY & MYERS LLP
ATTN: PETER FRIEDMAN ESQ AND ANDREW SORKIN ESQ
1625 EYE ST, NW
WASHINGTON DC 20006
*(COUNSEL TO ANGELO GORDON, APOLLO, AND BROOKFIELD)*

PENSION BENEFIT GUARANTY CORPORATION (PBGC)
OFFICE OF THE CHIEF COUNSEL
ATTN: DESIREE M AMADOR, ATTY
1200 K STREET, NW
WASHINGTON DC 20005-4026

PENSION BENEFIT GUARANTY CORPORATION (PBGC)
ATTN: JON CHATALIAN
OFFICE OF THE CHIEF COUNSEL
1200 K STREET, NW
WASHINGTON DC 20005-4026

SECURITIES AND EXCHANGE COMMISSION
100 F STREET, NE
WASHINGTON DC 20549

UNITED STATES DEPARTMENT OF JUSTICE
ATTN: MATTHEW J TROY ESQ
CIVIL DIVISION
PO BOX 875
BEN FRANKLIN STATION
WASHINGTON DC 20044-0875
*(ON BEHALF OF UNITED STATES OF AMERICA, DEPT. OF AGRICULTURE, RURAL UTILITIES SERVICE)*

UNITED STATES DEPARTMENT OF JUSTICE
ATTN: ARI D KUNOFSKY ESQ & WARD W BENSON ESQ
PO BOX 227
BEN FRANKLIN STATION
WASHINGTON DC 20044
*(COUNSEL TO THE UNITED STATES OF AMERICA)*

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL COMMUNICATIONS COMMISSION
ATTN: MATTHEW J TROY, CIVIL DIVISION
PO BOX 875
BEN FRANKLIN STATION
WASHINGTON DC 20044-0875
*(COUNSEL TO THE UNITED STATES OF AMERICA)*

UNITED STATES DEPARTMENT OF JUSTICE
ENVIRONMENTAL ENFORCEMENT SECTION, ENRD
ATTN: ANNA GRACE AND BRANDON ROBERS, TRIAL ATTYS
P.O. BOX 7611
WASHINGTON DC 20044-7611
*(COUNSEL TO THE UNITED STATES OF AMERICA)*

CITIBANK N.A.
ATTN: OWEN COYLE
1615 BRETT ROAD, OPS III
NEW CASTLE DE 19720

CITIBANK N.A.
BANK LOAN SYNDICATIONS DEPARTMENT
1615 BRETT ROAD, BUILDING III
NEW CASTLE DE 19720

CITIBANK N.A.
ATTN: ANNEMARIE E PAVCO
SECURITIES PROCESSING SENIOR ANALYST
GLOBAL LOANS, 1615 BRETT RD., OPS III
NEW CASTLE DE 19720

WHITE & CASE LLP
ATTN: THOMAS LAURIA ESQ; MATTHEW BROWN ESQ
200 S BISCAYNE BLVD STE 4900
MIAMI FL 33131
*(COUNSEL TO AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS;
AND LAW DEBENTURE)*

AKERMAN LLP
ATTN: SUNDEEP S. SIDHU
420 S ORANGE AVE STE 1200
ORLANDO FL 32801-4904
*(COUNSEL TO SIEMENS POWER GENERATION INC)*

ALSTON & BIRD LLP
ATTN: SAGE M SIGLER ESQ
ONE ATLANTIC CENTER
1201 W PEACHTREE ST STE 4900
ATLANTA GA 30309-3424
*(COUNSEL TO SIMEIO)*

TAYLOR ENGLISH DUMA LLP
ATTN: STEPHEN C GREENBERG ESQ
1600 PARKWOOD CIR STE 400
ATLANTA GA 30339
*(COUNSEL TO HENRY PRATT COMPANY LLC)*

ALVAREZ & MARSAL
ATTN: PAUL KINEALY
55 W MONROE STE 4000
CHICAGO IL 60603

BARNES & THORNBURG LLP
ATTN: KEVIN C DRISCOLL JR ESQ
1 N WACKER DR STE 4400
CHICAGO IL 60606-2833
*(COUNSEL TO GATX)*

FOLEY & LARDNER LLP
ATTN: HAROLD KAPLAN ESQ, MARK HEBBELN ESQ
LARS PETERSON ESQ
321 N CLARK ST STE 2800
CHICAGO IL 60654-5313
*(COUNSEL TO UMB BANK, INDENTURE TRUSTEE)*

FRANKGECKER LLP
ATTN: JOSEPH D FRANK ESQ AND REED HEILIGMAN ESQ
ATTN: FRANCES GECKER ESQ
325 N LASALLE ST STE 625
CHICAGO IL 60654
*(COUNSEL TO EXPERIAN; THE PI LAW FIRMS/ASBESTOS)*
*(COUNSEL TO THE PI LAW FIRMS/ASBESTOS CLAIMANTS)*

JENNER & BLOCK
ATTN: VINCENT E LAZAR ESQ
353 N CLARK ST
CHICAGO IL 60654
*(COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING CO/EFIH)*

KIRKLAND & ELLIS LLP
ATTN: JAMES H.M. SPRAYREGEN PC
CHAD HUSNICK ESQ & STEVEN SERAJEDDINI ESQ
300 N LASALLE
CHICAGO IL 60654
*(COUNSEL TO EFHC DEBTORS)*

PROSKAUER ROSE LLP
ATTN: JEFF J MARWIL ESQ, MARK K THOMAS ESQ
PETER J YOUNG ESQ
THREE FIRST NATIONAL PLAZA
70 W MADISON ST STE 3800
CHICAGO IL 60602
*(OF COUNSEL TO ENERGY FUTURE HOLDINGS CORP)*

SKADDEN ARPS SLATE MEAGHER & FLOM LLP
ATTN: GEORGE N PANAGAKIS ESQ; CARL T TULLSON ESQ
155 N WACKER DR STE 2700
CHICAGO IL 60606-1720
*(COUNSEL TO BOREALIS INFRASTRUCTURE MGMT INC)*

STEFFES VINGIELLO & MCKENZIE LLC
ATTN: NOEL STEFFES MELANCON ESQ
13702 COURSEY BLVD BLDG 3
BATON ROUGE LA 70817
*(COUNSEL TO SETPOINT INTEGRATED SOLUTIONS)*

LOCKE LORD LLP
ATTN: C. DAVIN BOLDISSAR ESQ
601 POYDRAS ST STE 2660
NEW ORLEANS LA 70130-6036
*(COUNSEL TO BP AMERICA PRODUCTION COMPANY)*

BROWN RUDNICK LLP
ATTN: JEFFREY JONAS ESQ, ANDREW STREHLE ESQ
1 FINANCIAL CENTER
BOSTON MA 02111
*(COUNSEL TO WILMINGTON SAVINGS/WSFS)*

HINCKLEY ALLEN
ATTN: JENNIFER V. DORAN
28 STATE ST
BOSTON MA 02109
*(COUNSEL TO INVENSYS SYSTEMS INC)*

MORGAN LEWIS BOCKIUS LLP
ATTN: JULIA FROST-DAVIES & CHRISTOPHER CARTER ESQS
ONE FEDERAL ST
BOSTON MA 02110-1726
*(COUNSEL TO PACFIC INVESTMENT MANAGEMENT COMPANY)*

NIXON PEABODY
ATTN: RICHARD C PEDONE ESQ; AMANDA D DARWIN ESQ
100 SUMMER ST
BOSTON MA 02110
*(COUNSEL TO AMERICAN STOCK TRANSFER & TRUST CO)*

WILMER CUTLER PICKERING HALE & DORR LLP
ATTN: BENJAMIN LOVELAND ESQ
60 STATE ST
BOSTON MA 02109
*(COUNSEL TO MARATHON ASSET MGMT)*

VARNUM LLP
ATTN: MARY KAY SHAVER ESQ
BRIDGEWATER PLACE
PO BOX 352
GRAND RAPIDS MI 49501-0352
*(COUNSEL TO APPLABS)*

MASLON EDELMAN BORMAN & BRAND LLP
ATTN: CLARK T. WHITMORE, ANA CHILINGARISHVILI
90 S SEVENTH ST STE 3300
MINNEAPOLIS MN 55402
*(COUNSEL TO U.S. BANK NATIONAL ASSOCIATION)*

PURDUE AWSUMB & BAUDLER PA
ATTN: AMY R BAUDLER
4700 W 77TH ST STE 240
MINNEAPOLIS MN 55435
*(COUNSEL TO BARR ENGINEERING CO)*

WILMINGTON TRUST FSB
ATTN: JEFFREY T. ROSE
50 S SIXTH ST STE 1290
MINNEAPOLIS MN 55402

MISSOURI DEPARTMENT OF REVENUE
BANKRUPTCY UNIT
ATTN: STEVEN A. GINTHER
PO BOX 475
JEFFERSON CITY MO 65105-0475

GREGORY D WILLARD ESQ
7339 WESTMORELAND DRIVE
SAINT LOUIS MO 63130-4241
*(COUNSEL TO AUTOMATIC SYSTEMS INC)*

THOMPSON COBURN LLP
ATTN: DAVID D. FARRELL
ONE US BANK PLAZA, STE 3200
SAINT LOUIS MO 63101
*(COUNSEL TO MARTIN ENGINEERING COMPANY)*

UMB BANK N.A.
ATTN: LAURA ROBERSON, VP
2 S BROADWAY STE 600
ST. LOUIS MO 63102

UNION PACIFIC RAILROAD COMPANY
ATTN: MARY ANN KILGORE & JENNIE L. ANDERSON
1400 DOUGLAS ST STOP 1580
OMAHA NE 68179

COMPUTERSHARE
ATTN: TINA VITALE, BA; LL.B.
480 WASHINGTON BLVD
JERSEY CITY NJ 07310

EMC CORPORATION
ATTN: RONALD L ROWLAND ESQ, AGENT
305 FELLOWSHIP RD STE 100
MOUNT LAUREL NJ 08054
*C/O RECEIVABLE MANAGEMENT SERVICES (RMS)*

GIBBONS PC
ATTN: DALE E BARNEY ESQ
ONE GATEWAY CENTER
NEWARK NJ 07102-5310
*(COUNSEL TO VEOLIA)*

BROWN & CONNERY LLP
ATTN: DONALD K. LUDMAN
6 NORTH BROAD ST STE 100
WOODBURY NJ 08096
*(COUNSEL TO SAP INDUSTRIES INC)*

THE BANK OF NEW YORK MELLON TRUST COMPANY
ATTN: THOMAS VLAHAKIS,VP
385 RIFLE CAMP RD 3RD FL
WOODLAND PARK NJ 07424

AMERICAN STOCK TRANSFER & TRUST CO LLC
ATTN: GENERAL COUNSEL
ATTN: PAUL KIM
6201 15TH AVE
BROOKLYN NY 11219

AKIN GUMP STRAUSS HAUER & FELD LLP
ATTN: IRA DIZENGOFF; ABID QURESHI; STEPHEN BALDINI
MEREDITH LAHAIE; ROBERT BOLLER; CHRISTOPHER CARTY
1 BRYANT PARK, BANK OF AMERICA TOWER
NEW YORK NY 10036-6745
*(COUNSEL TO AD HOC COMMITTEE OF EFIH UNSECURED NOTEHOLDERS AND EFIH SECOND LIEN DIP COMMITMENT)*

BROWN RUDNICK LLP
ATTN: EDWARD WEISFELNER ESQ
ATTN: JEREMY B. COFFEY
7 TIMES SQUARE
NEW YORK NY 10036
*(COUNSEL TO WILMINGTON SAVINGS/WSFS)*

BRYAN CAVE LLP
ATTN: STEPHANIE WICKOUSKI; MICHELLE MCMAHON
ATTN: ROBERT E. PEDERSEN
1290 AVENUE OF THE AMERICAS
NEW YORK NY 10104
*(COUNSEL TO INDENTURE TRUSTEE OF 11% & 11.75% SR)*

CADWALADER WICKERSHAM & TAFT LLP
ATTN: HOWARD R. HAWKINS, JR.; ELLEN M. HALSTEAD;
MICHELE MAMAN & THOMAS J. CURTIN, ESQS.
ONE WORLD FINANCIAL CENTER
NEW YORK NY 10281
*(COUNSEL TO DEF. MORGAN STANLEY CAPITAL GRP, INC.)*

CHADBOURNE & PARKE LLP
ATTN: HOWARD SEIFE, DAVID M LEMAY AND
CHRISTY RIVERA ESQS
1301 AVENUE OF THE AMERICAS
NEW YORK NY 10019-6022
*(COUNSEL TO NEXTERA ENERGY RESOURCES LLC)*

CITIBANK N.A.
388 GREENWICH ST
NEW YORK NY 10013
*ATTN: ERIC O LIGAN, VICE PRESIDENT*
*ATTN: RYAN FALCONER*
*ZORI MIGLIORINI, STANDBY LETTER OF CREDIT DEPT, AS FRONTING BANK*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ATTN: THOMAS MOLONEY; SEAN O'NEAL; HUMAYUN
KHALID
ONE LIBERTY PLAZA
NEW YORK NY 10006
*(COUNSEL TO J ARON & COMPANY)*

CRAVATH SWAINE & MOORE LLP
ATTN: MICHAEL A PASKIN ESQ
WORLDWIDE PLAZA
825 EIGHTH AVE
NEW YORK NY 10019-7475
*(COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY
LLC/EFIH)*

DAVIS POLK & WARDWELL LLP
ATTN: MARSHALL HUEBNER; BENJAMIN KAMINETZKY;
ELLIOT MOSKOWITZ; DAMON MEYER
450 LEXINGTON AVE
NEW YORK NY 10017
*(COUNSEL TO GOLDMAN SACHS, ET AL)*

DEUTSCHE BANK
ATTN: MARCUS M TARKINGTON
60 WALL STREET (NYCC60-0266)
NEW YORK NY 10005-2836

EPIQ BANKRUPTCY SOLUTIONS LLC
ATTN: JAMES KATCHADURIAN, E.V.P.
777 THIRD AVE 12TH FL
NEW YORK NY 10017
*(CLAIMS AGENT)*

EPSTEIN BECKER & GREEN PC
ATTN: WENDY G MARCARI ESQ & STEPHANIE LERMAN
ESQ
250 PARK AVE
NEW YORK NY 10017
*(COUNSEL TO BENBROOKE)*

FRIED FRANK HARRIS SHRIVER & JACOBSON LLP
ATTN: BRAD E SCHELER ESQ, GARY L KAPLAN ESQ
MATTHEW M ROOSE ESQ
ONE NEW YORK PLAZA
NEW YORK NY 10004
*(COUNSEL TO FIDELITY MANGEMENT & RESEARCH CO)*

GOODWIN PROCTER LLP
ATTN: WILLIAM P. WEINTRAUB; KIZZY L. JARASHOW
THE NEW YORK TIMES BUILDING
620 EIGHTH AVENUE
NEW YORK NY 10018
*(COUNSEL TO AURELIUS CAPITAL MANAGEMENT LP)*

HAYNES AND BOONE LLP
ATTN: JONATHAN HOOK
30 ROCKEFELLER CENTER, 26TH FL
NEW YORK NY 10112
*(COUNSEL TO AIRGAS USA LLC)*

JENNER & BLOCK
ATTN: RICHARD LEVIN, ESQ.
919 THIRD AVENUE
NEW YORK NY 10022-3908
*(COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING CO/EFIH)*

KASOWITZ BENSON TORRES & FRIEDMAN LLP
ATTN: DAVID ROSNER, ANDREW GLENN, DANIEL
FLIMAN
1633 BROADWAY
NEW YORK NY 10019
*(COUNSEL TO AD HOC GROUP OF EFH LEGACY NOTEHOLDER)*

KELLEY DRYE & WARREN LLP
ATTN: JAMES S. CARR, BENJAMINN D. FEDER &
GILBERT R. SAYDAH
101 PARK AVE
NEW YORK NY 10178
*(COUNSEL TO CSC TRUST OF DE, AS PROPOSED SUCC INDENTURE TTEE
FOR 7.46% & 7.48% TCEH SECURED FACILITY BONDS)*

KIRKLAND & ELLIS LLP
ATTN: EDWARD SASSOWER PC, STEPHEN HESSLER ESQ
BRIAN E SCHARTZ ESQ
601 LEXINGTON AVE
NEW YORK NY 10022
*(COUNSEL TO EFHC DEBTORS)*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
ATTN: THOMAS MOERS MAYER; GREGORY HOROWITZ;
JOSHUA BRODY; PHILIP BENTLEY
1177 AVENUE OF THE AMERICAS
NEW YORK NY 10036
*(COUNSEL TO INDENTURE TRUSTEE OF 11% & 11.75% SR)*

LAW DEBENTURE TRUST COMPANY OF NEW YORK
ATTN: FRANK GODINO, VP
400 MADISON AVE STE 4D
NEW YORK NY 10017

MCKOOL SMITH
ATTN: PETER S. GOODMAN; MICHAEL R. CARNEY
ONE BRYANT PARK, 47TH FL
NEW YORK NY 10036
*(COUNSEL TO ALCOA)*

MILBANK TWEED HADLEY & MCCLOY LLP
ATTN: DENNIS F DUNNE ESQ, EVAN R FLECK ESQ
KAREN GARTENBERG ESQ
28 LIBERTY STREET
NEW YORK NY 10005-1413
*(COUNSEL TO CITIBANK NA, TCEH DIP AGENT)*

MORRISON & FOERSTER LLP
ATTN: JAMES PECK ESQ, BRETT H MILLER ESQ
LORENZO MARINUZZI ESQ
250 W 55TH ST
NEW YORK NY 10019
*(COUNSEL TO TCEH CREDITORS COMMITTEE)*

OFFICE OF THE UNITED STATES TRUSTEE
ATTN: ANDREA SCHWARTZ
201 VARICK STREET, SUITE 1006
NEW YORK NY 10014
*U.S. FEDERAL OFFICE BUILDING*

O'MELVENY & MYERS LLP
ATTN: GEORGE A. DAVIS
ATTN: DANIEL S SHAMAH ESQ
7 TIMES SQUARE
NEW YORK NY 10036
*(COUNSEL TO APOLLO GLOBAL MANAGEMENT LLC)*
*(COUNSEL TO ANGELO GORDON, APOLLO, AND BROOKFIELD)*

PATTERSON BELKNAP WEBB & TYLER LLP
ATTN: DANIEL A LOWENTHAL ESQ; CRAIG W DENT ESQ
BRIAN P GUINEY ESQ
1133 AVENUE OF THE AMERICAS
NEW YORK NY 10036-6710
*(COUNSEL TO LAW DEBENTURE TRUST COMPANY OF NY)*

PAUL WEISS RIFKIND WHARTON & GARRISON LLP
ATTN: ALAN KORNBERG; KELLEY CORNISH; BRIAN
HERMANN
JACOB ADLERSTEIN
1285 AVENUE OF THE AMERICAS
NEW YORK NY 10019
*(COUNSEL TO AD HOC COMMITTEE OF TCEH FIRST LIEN)*

PERKINS COIE LLP
ATTN: TINA N MOSS ESQ
30 ROCKEFELLER PLAZA 22ND FL
NEW YORK NY 10112-0015
*(COUNSEL TO DELAWARE TRUST COMPANY, AS SUCC TTEE UNDER TCEH*
*11.5% SENIOR SECURED NOTES INDENTURE)*

REED SMITH LLP
ATTN: SARAH K KAM ESQ
599 LEXINGTON AVE 22ND FL
NEW YORK NY 10022
*(COUNSEL TO BANK OF NEW MELLON, PCRB TRUSTEE)*

ROPES & GRAY LLP
ATTN: MARK R SOMERSTEIN
1211 AVENUE OF THE AMERICAS
NEW YORK NY 10036-8704

SATTERLEE STEPHENS BURKE & BURKE LLP
ATTN: CHRISTOPHER R BELMONTE ESQ AND
PAMELA A BOSSWICK ESQ
230 PARK AVE
NEW YORK NY 10169
*(COUNSEL TO MOODY'S ANALYTICS)*

SEWARD & KISSEL LLP
ATTN: JOHN ASHMEAD; KALYAN DAS; ARLENE ALVES
ONE BATTERY PARK PLAZA
NEW YORK NY 10014
*(COUNSEL TO WILMINGTON TRUST NA-FIRST LIEN AGENT)*

SHEARMAN & STERLING LLP
ATTN: FREDERIC SOSNICK ESQ & NED SCHODEK ESQ
599 LEXINGTON AVE
NEW YORK NY 10022
*(COUNSEL TO DEUTSCHE BANK, AGENT TO DIP FINANCING)*

SKADDEN ARPS SLATE MEAGHER & FLOM LLP
ATTN: JAY M GOFFMAN ESQ
FOUR TIMES SQUARE
NEW YORK NY 10036-6522
*(COUNSEL TO BOREALIS INFRASTRUCTURE MGMT INC)*

SULLIVAN & CROMWELL LLP
ATTN: ANDREW G DIETDERICH, BRIAN D GLUECKSTEIN
MICHAEL H TORKIN ESQS
125 BROAD ST
NEW YORK NY 10004
*(COUNSEL TO EFH CREDITORS COMMITTEE)*

TROUTMAN SANDERS LLP
ATTN: HUGH MCDONALD ESQ, LOUIS CURCIO ESQ AND
BRETT GOODMAN ESQ
875 THIRD AVENUE
NEW YORK NY 10022
*(COUNSEL TO WILMINGTON SAVINGS FUND SOCIETY, FSG, IN ITS
CAPACITY AS SUCCESSOR INDENTURE TTEE (WSFS)*

VEDDER PRICE PC
ATTN: MICHAEL L SCHEIN ESQ
1633 BROADWAY 47TH FL
NEW YORK NY 10019
*(COUNSEL TO FIRST UNION RAIL CORPORATION)*

VENABLE LLP
ATTN: JEFFREY S. SABIN ESQ
1270 AVENUE OF THE AMERICAS
NEW YORK NY 10020
*(COUNSEL TO PACIFIC INVESTMENT MANAGEMENT CO LLC)*

WACHTELL LIPTON ROSEN & KATZ
ATTN: RICHARD MASON; EMIL KLEINHAUS; AUSTIN
WITT
51 W 52ND ST
NEW YORK NY 10019
*(COUNSEL TO THE "EFH EQUITY INTEREST HOLDERS")*

WHITE & CASE LLP
ATTN: J. CHRISTOPHER SHORE; GREGORY STARNER
1155 AVENUE OF THE AMERICAS
NEW YORK NY 10036
*(COUNSEL TO AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS;
AND LAW DEBENTURE)*

WILMER CUTLER PICKERING HALE & DORR LLP
ATTN: PHILIP ANKER ESQ & GEORGE SHUSTER ESQ
ATTN: PHILIP D ANKER; CHARLES C PLATT;
DENNIS L JENKINS & GEORGE W SHUSTER JR ESQ
7 WORLD TRADE CENTER, 205 GREENWICH ST
NEW YORK NY 10007
*(COUNSEL TO MARATHON ASSET MGMT)*
*(COUNSEL TO CSC TRUST COMPANY OF DELAWARE AS IND. &
COLLATERAL TTEE FOR 10% SR SECUR NOTES DUE 2020)*

WINSTON & STRAWN LLP
ATTN: DAVID NEIER, ESQ.
200 PARK AVE
NEW YORK NY 10166
*(COUNSEL TO CHICAGO BRIDGE & IRON COMPANY N.V.)*

SQUIRE SANDERS (US) LLP
ATTN: STEPHEN D. LERNER & ANDREW M. SIMON
221 E FOURTH ST STE 2900
CINCINNATI OH 45202
*(COUNSEL TO ARCELORMITTLA USA LLC)*

MICHAEL G. SMITH
111 N 6TH ST
PO BOX 846
CLINTON OK 73601
*(COUNSEL TO VALERO TEXAS POWER MARKETING INC)*

CROWE & DUNLEVY, PC
ATTN: JUDY HAMILTON MORSE ESQ
324 N ROBINSON AVE STE 100
OKLAHOMA CITY OK 73102
*(COUNSEL TO DEVON ENERGY)*

BLANK ROME LLP
ATTN: MICHAEL B. SCHAEDLE
ONE LOGAN SQUARE
130 N 18TH ST
PHILADELPHIA PA 19103
*(COUNSEL TO WILMINGTON TRUST NA-FIRST LIEN AGENT)*

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA PA 19101-7346

COHEN & GRIGSBY, PC
ATTN: THOMAS D. MAXSON
625 LIBERTY AVE
PITTSBURGH PA 15222-3152
*(COUNSEL TO NOVA CHEMICALS INC)*

REED SMITH LLP
ATTN: ROBERT P SIMONS ESQ
REED SMITH CENTRE
225 FIFTH AVE STE 1200
PITTSBURGH PA 15222
*(COUNSEL TO THE BANK OF NEW YORK MELLON SOLELY IN ITS CAPACITY
AS TRUSTEE UNDER ENUMERATED TRUST)*

TUCKER ARENSBERG, PC
ATTN: JORDAN S. BLASK, LARA E. SHIPKOVITZ
1500 ONE PPG PLACE
PITTSBURGH PA 15222
*(COUNSEL TO THERMO FISHER)*

COMPUTERSHARE TRUST COMPANY OF CANADA
ATTN: ALESSANDRA PANSERA
1500, UNIVERSITY ST., SUITE 700
MONTREAL QC H3A 3S8
CANADA

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTN: JODY A. BEDENBAUGH AND GEORGE B. CAUTHEN
1320 MAIN ST 17TH FL
PO BOX 11070 (29211)
COLUMBIA SC 29201
*(COUNSEL TO MICHELIN NORTH AMERICA INC)*

PERDUE BRANDON FIELDER COLLINS & MOTT LLP
ATTN: ELIZABETH BANDA CALVO ESQ
500 E BORDER ST STE 640
ARLINGTON TX 76010
*(COUNSEL TO SOMERVELL COUNTY ET AL)*

COMPTROLLER OF PUBLIC ACCOUNTS OF THE STATE OF TX
OFFICE OF THE TEXAS ATTORNEY GENERAL
BANKRUPTCY & COLLECTIONS DIVISION
ATTN: RACHEL OBALDO & JOHN MARK STERN
PO BOX 12548
AUSTIN TX 78711-2548

LINEBARGER GOGGAN BLAIR & SAMPSON LLP
ATTN: DIANE WADE SANDERS
PO BOX 17428
AUSTIN TX 78760
*(COUNSEL TO WALNUT SPRINGS ISD, FRANKLIN ISD, ROBERTSON CTY, LEE CTY, MCLENNAN CTY, FALLS CTY, ROUND ROCK ISD, NEUCES CTY, LIMESTONE CTY)*

LLOYD GOSSELINK ROCHELLE & TOWNSEND PC
ATTN: GEOFFREY GAY ESQ
816 CONGRESS AVE STE 1900
AUSTIN TX 78701
*(COUNSEL TO ONCOR STEERING COMMITTEE)*

LOWER COLORADO RIVER AUTHORITY
SERVICES CORPORATION (LCRA TSC)
LEGAL SERVICES
ATTN: WILLIAM T. MEDAILLE
PO BOX 220
AUSTIN TX 78767
*LOWER COLORADO RIVER AUTHORITY TRANSMISSION*

MUNSCH HARDT KOPF & HARR PC
ATTN: RUSSELL L MUNSCH ESQ
303 COLORADO ST STE 2600
AUSTIN TX 78701-3924
*(COUNSEL TO ELECTRIC RELIABILITY COUNCIL OF TEXAS/ERCOT)*

OFFICE OF THE TEXAS ATTORNEY GENERAL
ATTN: HAL MORRIS & ASHLEY BARTRAM
ATTN: HAL F MORRIS ESQ & ASHLEY BARTRAM ESQ
BANKRUPTCY REGULATORY SECTION
BANKRUPTCY & COLLECTIONS DIVISION
PO BOX 12548
AUSTIN TX 78711-2548
*(COUNSEL TO PUBLIC UTILITY COMMISSION OF TEXAS)*
*(COUNSEL TO TEXAS COMMISSION ON ENVIRONMENTAL QUALITY & RAILROAD COMMISSION)*

PERDUE BRANDON FIELDER COLLINS & MOTT LLP
ATTN: JOHN T BANKS ESQ
3301 NORTHLAND DR STE 505
AUSTIN TX 78731
*(COUNSEL TO ISD: CAMERON, THORNDALE, BUCKHOLTS, COPPERAS COVE, MCALLEN; HIDALGO COUNTY ET AL)*

STEPHEN SAKONCHICK II PC
6502 CANON WREN DR
AUSTIN TX 78746
*(COUNSEL TO RANGER EXCAVATING LP)*

STREUSAND LANDON & OZBURN LLP
ATTN: SABRINA L. STREUSAND
811 BARTON SPRINGS RD STE 811
AUSTIN TX 78704
*(COUNSEL TO ALLEN SHRODE)*

SUTHERLAND ASBILL & BRENNAN LLP
ATTN: LINO MENDIOLA, III, ESQ.
ONE AMERICAN CENTER
600 CONGRESS AVENUE, SUITE 2000
AUSTIN TX 78701
*(COUNSEL TO TITUS COUNTY FRESH WATER SUPPLY DISTRICT NO. 1)*

TEXAS OFFICE OF PUBLIC UTILITY COUNSEL (OPUC)
BANKRUPTCY & COLLECTIONS DIVISION
ATTN: JASON A STARKS, ASST ATTORNEY GENERAL
PO BOX 12548
AUSTIN TX 78711-2548

THE UNIVERSITY OF TEXAS SYSTEM
ON BEHALF OF THE UNIVERSITY OF TEXAS AT
ARLINGTON
OFFICE OF GENERAL COUNSEL
ATTN: TRACI L COTTON ESQ
201 W SEVENTH ST
AUSTIN TX 78701

TRAVIS COUNTY
ATTN: KAY D. BROCK, ASSISTANT COUNTY ATTORNEY
PO BOX 1748
AUSTIN TX 78767

BAILEY BRAUER PLLC
ATTN: BENJAMIN L. STEWART
CAMPBELL CENTRE I
8350 N CENTRAL EXPY STE 206
DALLAS TX 75206
*(COUNSEL TO PINNACLE TECHNICAL RESOURCES INC)*

BAKER BOTTS LLP
ATTN: JAMES PRINCE; OMAR J ALANIZ
2001 ROSS AVE
DALLAS TX 75201-2980
*(COUNSEL TO CENTERPOINT)*

COWLES & THOMPSON
ATTN: STEPHEN C. STAPLETON
BANK OF AMERICA PLAZA
901 MAIN ST STE 3900
DALLAS TX 75202
*(COUNSEL TO ATMOS ENERGY CORPORATION)*

DYKEMA GOSSETT PLLC
ATTN: JEFFREY R FINE ESQ
1717 MAIN ST STE 4200
DALLAS TX 75201
*(COUNSEL TO TEX-LA ELECTRIC COOPERATIVE OF TEXAS)*

ENERGY FUTURE HOLDINGS CORP ET AL
ATTN: ANDREW M WRIGHT
1601 BRYAN ST 43RD FL
DALLAS TX 75201

GLAST PHILLIPS & MURRAY PC
ATTN: JONATHAN L HOWELL PLLC
14801 QUORUM DR STE 500
DALLAS TX 75254
*(COUNSEL TO RED BALL OXYGEN COMPANY)*

JACKSON WALKER LLP
ATTN: MONICA S. BLACKER
901 MAIN ST STE 6000
DALLAS TX 75202
*(COUNSEL TO HOLT TEXAS LTD D/B/A HOLT CAT)*

JONES DAY
ATTN: PATRICIA VILLAREAL
ATTN: MICHAEL L. DAVITT
2727 N HARWOOD STREET
DALLAS TX 75201
*(COUNSEL TO ONCOR)*

LACKEY HERSHMAN LLP
ATTN: JAMIE R WELTON ESQ
3102 OAK LAWN AVE STE 777
DALLAS TX 75219
*(COUNSEL TO THE RICHARDS GROUP INC)*

LAW OFFICES OF ROBERT E LUNA PC
ATTN: DANIEL K BEARDEN ESQ
4411 N CENTRAL EXPRESSWAY
DALLAS TX 75205
*(COUNSEL TO CARROLLTON-FARMERS BRANCH ISD)*

LINEBARGER GOGGAN BLAIR & SAMPSON LLP
ATTN: ELIZABETH WELLER ESQ
2777 N STEMMONS FWY STE 1000
DALLAS TX 75207
*(COUNSEL TO TARRANT & DALLAS COUNTY)*

MUNSCH HARDT KOPF & HARR PC
ATTN: KEVIN M LIPPMAN ESQ
500 N AKARD ST STE 3800
DALLAS TX 75201-6659
*(COUNSEL TO ELECTRIC RELIABILITY COUNCIL OF TEXAS/ ERCOT)*

WEINSTEIN RADCLIFF LLP
ATTN: GREGORY M WEINSTEIN ESQ
8350 N CENTRAL EXPY STE 1550
DALLAS TX 75206
*(COUNSEL TO MARIO SINACOLA & SONS EXCAVATING INC)*

CITY OF FORT WORTH
ATTN: CHRISTOPHER B. MOSLEY
1000 THROCKMORTON ST
FORT WORTH TX 76102

HAYNES AND BOONE LLP
ATTN: IAN T. PECK
301 COMMERCE ST STE 2600
FORT WORTH TX 76102
*(COUNSEL TO BNSF RAILWAY COMPANY)*

KELLY HART & HALLMAN LLP
ATTN: MICHAEL MCCONNELL ESQ & CLAY TAYLOR ESQ
KATHERINE THOMAS ESQ
201 MAIN ST STE 2500
FORT WORTH TX 76102
*(COUNSEL TO ONCOR STEERING COMMITTEE)*

POPE HARDWICKE CHRISTIE SCHELL KELLY & RAY LLP
ATTN: MICHAEL L. ATCHLEY; MATTHEW T. TAPLETT
500 W 7TH ST STE 600
FORT WORTH TX 76102
*(COUNSEL TO TARRANT REGIONAL WATER DISTRICT & NORTH TEXAS MUNICIPAL WATER DISTRICT)*

GREER HERZ & ADAMS LLP
ATTN: ANDREW J MYTELKA ESQ, MICHAEL ADAMS ESQ
J SCOTT ANDREWS ESQ, JAMES M ROQUEMORE ESQ
1 MOODY PLAZA 18TH FL
GALVESTON TX 77550
*(COUNSEL TO SOMERVELL CAD)*

GAY MCCALL ISAACKS GORDON & ROBERTS PC
ATTN: DUSTIN L BANKS ESQ
1919 S SHILOH RD STE 310 LB 40
GARLAND TX 75042
*(COUNSEL TO GARLAND INDEPENDENT SCHOOL DISTRICT & CITY OF GARLAND)*

ALDINE INDEPENDENT SCHOOL DISTRICT
ATTN: COURTENEY F HARRIS ESQ
14910 ALDINE WESTFIELD RD
HOUSTON TX 77032

FISHER BOYD JOHNSON & HUGUENARD LLP
ATTN: BERNARD G JOHNSON III ESQ &
WAYNE FISHER ESQ
2777 ALLEN PKWY 14TH FL
HOUSTON TX 77019
*(COUNSEL TO MILAM APPRAISAL DISTRICT)*

GARDERE WYNNE SEWELL LLP
ATTN: JOHN P. MELKO & MICHAEL K. RIORDAN
1000 LOUISIANA, STE 3400
HOUSTON TX 77002
*(COUNSEL TO ROMCO EQUIPMENT CO)*

HAYNES AND BOONE LLP
ATTN: PATRICK L. HUGHES
1221 MCKINNEY ST STE 2100
HOUSTON TX 77010
*(COUNSEL TO AIRGAS USA LLC)*

JACKSON WALKER LLP
ATTN: BRUCE J RUZINSKY ESQ &
MATTHEW D CAVENAUGH ESQ
1401 MCKINNEY ST STE 1900
HOUSTON TX 77010
*(COUNSEL TO MILAM APPRAISAL DISTRICT)*

LINEBARGER GOGGAN BLAIR & SAMPSON LLP
ATTN: JOHN P DILLMAN ESQ
PO BOX 3064
HOUSTON TX 77253-3064
*(COUNSEL TO HARRIS, ANGELINA & FORT BEND COUNTIES)*

LOCKE LORD LLP
ATTN: PHILIP EISENBERG ESQ
2800 JPMORGAN CHASE TOWER
600 TRAVIS
HOUSTON TX 77002
*(COUNSEL TO AMECO, FLUOR, & AMERICAN EQUIPMENT)*

MCKOOL SMITH
ATTN: PAUL D. MOAK, ESQ.
600 TRAVIS ST STE 7000
HOUSTON TX 77002
*(COUNSEL TO ALCOA)*

PERDUE BRANDON FIELDER COLLINS & MOTT LLP
ATTN: OWEN M SONIK ESQ
1235 N LOOP WEST STE 600
HOUSTON TX 77008
*(COUNSEL TO GALENA PARK ISD)*

THE BANK OF NEW YORK MELLON
TRUST COMPANY
ATTN: RAFAEL MARTINEZ,VP - CSM
ATTN: DENNIS ROEMLEIN
601 TRAVIS ST 16TH FL
HOUSTON TX 77002

WOMAC LAW
ATTN: STACEY L KREMLING ESQ
8301 KATY FREEWAY
HOUSTON TX 77024
*(COUNSEL TO 2603 AUGUST INVESTORS LP)*

SEARCY & SEARCY PC
ATTN: JASON R SEARCY ESQ AND JOSHUA P SEARCY ESQ
PO BOX 3929
LONGVIEW TX 75606
*(COUNSEL TO D COURTNEY CONSTRUCTION INC)*

LAW OFFICE OF PATRICIA WILLIAMS PREWITT
ATTN: PATRICIA WILLIAMS PREWITT
10953 VISTA LAKE COURT
NAVASOTA TX 77868
*(COUNSEL TO TARGA GAS MARKETING; KINDER MORGAN TEXAS
PIPELINE; KINDER MORGAN TEJAS PIPELINE LLCS; NAT. GAS PIPELINE CO
OF AMERICA; EL PASO NAT. GAS)*

GAY MCCALL ISAACKS GORDON & ROBERTS PC
ATTN: DAVID MCCALL ESQ
777 E 15TH ST
PLANO TX 75074
*(COUNSEL TO COLLIN COUNTY)*

MCCREARY VESELKA BRAGG & ALLEN PC
ATTN: LEE GORDON
PO BOX 1269
ROUND ROCK TX 78680
*(COUNSEL TO TEXAS AD VALOREM TAXING JURISDICTIONS)*

JACKSON WALKER LLP
ATTN: J. SCOTT ROSE
WESTON CENTRE
112 E PECAN ST STE 2400
SAN ANTONIO TX 78205
*(COUNSEL TO HOLT TEXAS LTD D/B/A HOLT CAT)*

NAMAN HOWELL SMITH & LEE PLLC
ATTN: KERRY L HALIBURTON ESQ
PO BOX 1470
WACO TX 76703-1470
*(COUNSEL TO BUFFALO INDUSTRIAL SUPPLY INC)*

SHEEHY LOVELACE & MAYFIELD, PC
ATTN: STEVEN M. BURTON
510 N VALLEY MILLS DR STE 500
WACO TX 76710
*(COUNSEL TO CENTRAL TEXAS SECURITY & FIRE EQUIPMENT, INC.)*

PERDUE BRANDON FIELDER COLLINS & MOTT LLP
ATTN: JEANMARIE BAER
PO BOX 8188
WICHITA FALLS TX 76307
*(COUNSEL TO YOUNG CTY, GRAHAM ISD, GRAHAM HOSPITAL DISTRICT & NORTH CENTRAL TEXAS COLLEGE DISTRICT)*

INTERNAL REVENUE SERVICE
DEPARTMENT OF THE TREASURY
OGDEN UT 84201

SNELL & WILMER LLP
ATTN: DAVID E. LETA
15 W SOUTH TEMPLE STE 1200
SALT LAKE CITY UT 84101
*(COUNSEL TO HEADWATERS RESOURCES INC)*

RIDDELL WILLIAMS P.S.
ATTN: JOSEPH E SHICKICH JR & HILARY B MOHR ESQS
1001 - 4TH AVE STE 4500
SEATTLE WA 98154
*(COUNSEL TO MICROSOFT)*