IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Energy Future Holdings Corp., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Hearing Date: December 16, 2015 at 9:30 a.m.** |
| | ) **Objection Deadline: December 9, 2015 at 4:00 p.m.** |
| | ) **Re: D.I. 7185, 7289** |

### JOINDER OF THE CREDITOR-INVESTOR CONSORTIUM IN THE DEBTORS' OBJECTION TO "AMENDED MOTION FOR APPLICATION OF FED. R. BANKR. P. 7023 TO THIS PROCEEDING AND TO CERTIFY A CLASS PURSUANT TO FRCP 23"

The creditor-investor consortium (the "Creditor-Investor Consortium")[2] comprised of certain holders, advisors, or affiliates of advisors to holders, or managers of various accounts with investment authority, contractual authority or voting authority, of or with respect to the 10.25% Fixed Senior Notes due 2015 (including Series B) and 10.50%/11.25% Senior Toggle Notes due 2016 issued by TCEH and TCEH Finance, Inc., as set forth in Exhibit B to the *Second Supplemental Verified Statement of White & Case LLP, Fox Rothschild LLP, the Ad Hoc Group of TCEH Unsecured Noteholders and the Creditor-Investor Consortium Pursuant to Bankruptcy Rule 2019* [Docket No. 5268], hereby joins in the *Debtors' Objection to "Amended Motion for Application of Fed. R. Bankr. P. 7023 to this Proceeding and to Certify a Class Pursuant to*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors (the "Debtors") and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://efhcaseinfo.com.

[2] The members of the Creditor-Investor Consortium are the Backstop Purchasers (as defined in the *Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al*., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 7235] (the "Confirmed Plan") and, together with the Equity Investors, the Plan Sponsors (each as defined in the Confirmed Plan).

*FRCP 23"* [D.I. 7289] (the "<u>Objection</u>").[3]  In support of this joinder, the Creditor-Investor Consortium respectfully represents as follows:

## **JOINDER**

The putative Class Claimants' request for class certification and permission to file a class proof of claim comes nearly a year and a half after the Debtors proposed a bar date process for these cases, nearly a year after the Court issued its Asbestos Bar Date Opinion (which opinion was never appealed), many months after the Debtors and the EFH Committee engaged in extensive negotiations that led to the formulation of the Debtors' Notice Plan, which was approved by the Court pursuant to the Asbestos Notice Order (which order was never opposed or appealed), months after the Debtors spent $2.5 million executing the Notice Plan, on the eve of the Asbestos Bar Date and, now, after the Court's entry of an Order confirming the Confirmed Plan.  Simply put, the Certification Motion is untimely, improper and completely unnecessary.

The Court should not sanction the putative Class Claimants' last-minute collateral attack of the Court-approved bar date noticing procedures carried out by the Debtors by allowing the putative Class Claimants to file a class proof of claim in contravention of the Order setting the Asbestos Bar Date on behalf of individuals who received proper notice of the Asbestos Bar Date, <u>see</u> Hr'g Tr. 59:9-11, 62:3-7, 63:1-4, Dec. 3, 2015 (acknowledgment by the Court that the "Debtors' two and a half million dollars plan [is] reasonably calculated to provide notice to unmanifested claimants" and thus, is facially constitutional), but failed to file proofs of claim in accordance therewith.  As the Court has recognized, any dispute with respect to the Court's approval of the Asbestos Bar Date and Notice Plan, including as they pertain to unmanifested asbestos claims, should have been addressed through an appeal of the Court's Asbestos Notice

---

[3]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

Order.  See Hr'g Tr. 57:16-22, Dec. 3, 2015 (rejecting as an "inappropriate collateral attack" on the Asbestos Notice Order the argument of certain asbestos claimants that the asbestos bar date and plan violate due process by barring the claims of unmanifested asbestos claimants that fail to file a timely proof of claim).  The time for such an appeal is long past.

Granting certification to the putative Class Claimants and allowing them to file a class proof of claim at this juncture in the cases would serve no legitimate purpose.  Furthermore, granting the requested relief would require the Debtors to engage in noticing procedures that would be entirely unnecessary and duplicative of those already approved by the Court and carried out at substantial expense and effort.  Accordingly, the Creditor-Investor Consortium joins in the Debtors' Objection and requests that the Court deny the Certification Motion.

*[Remainder of page left intentionally blank.]*

Dated: Wilmington, Delaware
December 9, 2015

                FOX ROTHSCHILD LLP

By: */s/ L. John Bird*
     Jeffrey M. Schlerf (No. 3047)
     L. John Bird (No. 5310)
     919 North Market St., Suite 300
     Wilmington, DE 19801
     Telephone: (302) 654-7444
     Facsimile: (302) 463-4971
     jschlerf@foxrothschild.com
     lbird@foxrothschild.com

     and

     WHITE & CASE LLP
     Thomas E Lauria (admitted *pro hac vice*)
     Matthew C. Brown (admitted *pro hac vice*)
     Southeast Financial Center, Suite 4900
     200 South Biscayne Blvd.
     Miami, FL 33131
     Telephone: (305) 371-2700
     Facsimile: (305) 358-5744
     tlauria@whitecase.com
     mbrown@whitecase.com

     and

     J. Christopher Shore (admitted *pro hac vice*)
     Gregory M. Starner (admitted *pro hac vice*)
     1155 Avenue of the Americas
     New York, NY 10036
     Telephone: (212) 819-8200
     Facsimile: (212) 354-8113
     cshore@whitecase.com
     gstarner@whitecase.com

     *Counsel to the Creditor-Investor Consortium*