**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: D.I. 7157** |
|  | ) |  |

**CERTIFICATION OF NO OBJECTION REGARDING "APPLICATION OF
ENERGY FUTURE HOLDINGS CORP, *ET AL.*, FOR AN ORDER AUTHORIZING
THE DEBTORS TO RETAIN AND EMPLOY GREENBERG TRAURIG, LLP AS
SPECIAL COUNSEL FOR CERTAIN RELATED TRANSACTIONAL MATTER,
EFFECTIVE *NUNC PRO TUNC* TO NOVEMBER 2, 2015" [D.I. 7157]**

The undersigned hereby certifies that, as of the date hereof, he has received no answer,

objection or any other responsive pleading to the *Application of Energy Future Holdings Corp,*

*et al., for an Order Authorizing the Debtors to Retain and Employ Greenberg Traurig, LLP as*

*Special Counsel for Certain Related Transactional Matter, Effective Nunc Pro Tunc to*

*November 2, 2015* [D.I. 7157] (the "Application") filed by the above-captioned debtors and

debtors in possession (collectively, the "Debtors"), with the United States Bankruptcy Court for

the District of Delaware (the "Court") on November 25, 2015.

The undersigned further certifies that he has reviewed the Court's docket in this case and

no answer, objection or other responsive pleading to the Application appears thereon. Pursuant

to the *Notice of "Application of Energy Future Holdings Corp, et al., for an Order Authorizing*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*the Debtors to Retain and Employ Greenberg Traurig, LLP as Special Counsel for Certain Related Transactional Matter, Effective Nunc Pro Tunc to November 2, 2015" and Hearing Thereon* filed contemporaneously with the Application, responses to the Application were to be filed and served no later than **4:00 p.m. (Eastern Standard Time) on December 9, 2015.**

The Debtors therefore respectfully request that the proposed form of order attached hereto as **Exhibit A**, which is materially in the same form filed with the Application, be entered at the earliest convenience of the Court.

*[Remainder of page intentionally left blank.]*

Dated: December 11, 2015
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          collins@rlf.com
                defranceschi@rlf.com
                madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          edward.sassower@kirkland.com
                stephen.hessler@kirkland.com
                brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                marc.kieselstein@kirkland.com
                chad.husnick@kirkland.com
                steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

## EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 7157** |

## ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY GREENBERG TRAURIG, LLP AS SPECIAL COUNSEL FOR CERTAIN ENERGY-RELATED TRANSACTIONAL MATTERS, EFFECTIVE *NUNC PRO TUNC* TO NOVEMBER 2, 2015

Upon the application [D.I. 7157] (the "Application")[2] filed by the Debtors, seeking authorization to employ and retain Greenberg Traurig, LLP ("Greenberg") as special counsel to the Debtors in accordance with the terms and conditions set forth in the Engagement Letter, as modified herein, effective *nunc pro tunc* to November 2, 2015, all as more fully set forth in the Application, the Catto Declaration, and the Wright Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application (as modified herein) is in the best interests of the Debtors' estates, their creditors,

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application, the Catto Declaration, and the Wright Declaration.

and other parties-in-interest; and the Court having found that the Debtors provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application, Catto Declaration, and the Wright Declaration, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted to the extent provided herein, effective *nunc pro tunc* to November 2, 2015.

2.      To the extent the Application, the Catto Declaration, the Wright Declaration, or the Engagement Letter is inconsistent with the Order, the terms of this Order shall govern.

3.      The Debtors are authorized to retain and employ Greenberg as special counsel to represent the Debtors in connection with energy-related transactional matters effective *nunc pro tunc* to November 2, 2015 in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as **Exhibit 1**; *provided, however*, that nothing in the Engagement Letter shall supersede any provisions of the Bankruptcy Code during the pendency of the Debtors' chapter 11 cases. Furthermore, nothing in the Engagement Letter shall relieve Greenberg from the responsibility and obligation to disclose any and all proposed representations that may result in Greenberg being potentially adverse to the Debtors by way of a separate supplemental declaration filed in these cases.

RLF1 13525854v.1

4.      Greenberg shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases, including McDermott.

5.      Greenberg is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letter. Specifically, but without limitation, Greenberg will render the following legal services, including but not limited to trading issues, fuel transportation and storage, power plant operations, contract disputes, and negotiations and claims resolution.

6.      Greenberg shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

7.      Greenberg also intends to make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with this application and the interim and final fee applications to be filed by Greenberg in these chapter 11 cases.

8.      Notwithstanding anything in the Engagement Letter to the contrary, Greenberg shall apply any remaining amounts of its prepetition retainers as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to Greenberg. Greenberg is authorized without further order

3

of the Court to reserve and apply amounts from the prepetition retainers that would otherwise be applied toward payment of postpetition fees and expenses as are necessary and appropriate to compensate and reimburse Greenberg for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practices.

9.    Greenberg shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Greenberg to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.  For the avoidance of doubt, Greenberg shall not share fees with existing or future contract attorneys who advise on the Debtors' chapter 11 cases or enter into fee sharing arrangements with such contract attorneys.

10.    Greenberg shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

11.    The Debtors and Greenberg are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12.    Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

13.    Notwithstanding any provision to the contrary in the Engagement Letter, any

4

dispute relating to the services provided by Greenberg shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the form for resolving fee disputes.

14.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.    Notwithstanding any provision to the contrary in this Application, the Catto Declaration, the Wright Declaration, or the Engagement Letter, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated: December _____, 2015
      Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

5

# Exhibit 1

**GT** GreenbergTraurig

Iskender H. Catto
Tel 212.801.6865
Fax 212.801.6400
cattoi@gtlaw.com

November 5, 2015

Andrew M. Wright
Deputy General Counsel
Energy Future Holdings Corp.
1601 Bryan Street
Dallas, Texas 75201

Dear Andy:

Thank you for engaging Greenberg Traurig, LLP ("Greenberg Traurig" or the "Firm"), to represent Energy Future Holdings Corp. and its debtor affiliates, including without limitation, Luminant Energy Company LLC, Luminant Holding Company LLC and Luminant Generation Company LLC, (collectively, the "Company") in connection with energy trading matters, including in connection with the Company's restructuring under Chapter 11 of the Bankruptcy Code. We believe it is important to share an understanding of the basis on which we will provide professional services to you. The purpose of this letter is to confirm the terms and conditions on which you have engaged us.

Greenberg Traurig will represent the Company and not any of its individual directors, officers, employees, shareholders or agents. In performing the engagement, however, we will advise and consult with the Company by communicating with its directors, officers and employees acting in their corporate capacities.

The Company has engaged Greenberg Traurig to represent it in connection with energy-related transactional matters. The scope of our engagement may change if you ask us to provide different services and we agree in writing to provide them or we proceed to provide them and bill you for them. If our engagement changes, the terms set out in this letter will apply to the changed engagement, unless we send you a further letter modifying or superseding this one.

I will be the attorney primarily responsible for your matter. As appropriate, I will draw upon the talent and expertise of other attorneys in the Firm and may also assign paralegals to the matter. We will make every effort to staff the Company's matters as efficiently as possible.

You will be billed on the basis of hourly rates multiplied by the number of hours worked on your matter. From time to time, other attorneys or staff may provide services, and their time will be charged at their applicable hourly rates. My hourly rate is $875. These rates are subject to periodic adjustment. Adjustment usually occurs in January of each year and if there is a step up to the next level of seniority. Hourly billing will be in 6-minute units

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
MetLife Building, 200 Park Avenue ■ New York, New York 10166 ■ Tel 212.801.9200 ■ Fax 212.801.6400

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BERLIN¬
BOCA RATON
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY*
MIAMI
MILAN"
NEW JERSEY
NEW YORK
NORTHERN VIRGINIA
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME"
SACRAMENTO
SAN FRANCISCO
SEOUL*
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TOKYO=
WARSAW~
WASHINGTON, D.C.
WESTCHESTER COUNTY
WEST PALM BEACH

Andrew M. Wright
November 5, 2015
Page 2

(ten to the hour) for time spent on the matter. These rates do not include any amounts that
may be added to a particular invoice for disbursements and charges.

You will be responsible for disbursements and charges incurred in the matter that are beyond
our general office-related expenses. Such disbursements and charges may include, but are not
limited to, photocopying, facsimiles, long distance telephone calls, hand deliveries, overnight
courier services, overtime meals and staff services, overtime car travel services, airline and
train travel (economy class unless otherwise approved), computer research and electronic data
processing (e.g., scanning/blowbacks, bibliographic coding, hosting and back-up tape
restoration/data harvesting).

We will bill our time charges on a monthly basis. Each invoice is payable upon receipt. Any
unpaid balance not paid within sixty (60) days of the billing date may incur interest upon such
balance at the rate of 1.5% per month. If you anticipate that payment will be delayed, please
discuss this delay with us at the earliest possible opportunity. If you have any questions
regarding an invoice, please contact us so that we may try to answer them promptly.

As lawyers, we are always mindful of our obligation to safeguard our clients' proprietary,
sensitive or otherwise confidential information. To this end it is important that we agree from
the outset on what kinds of communication technology will be employed in the course of this
engagement. If there are particular forms of communication technology that you do not wish
us to use, or if there are other specific safeguards that you would like us to put in place, please
advise us promptly. If you do not so advise us, we will assume that you have given your
consent to, and accepted any risks attendant upon, the use of any means of communication
that we deem to be appropriate (including cell phones, electronic mail and facsimiles.)

Because Greenberg Traurig is a large international general service law firm that may be asked
in other matters to represent persons or entities whose interests are adverse to yours, we
request advance waivers of conflicts of interests in matters distinct from the matters in which
we represent you. Accordingly, in engaging us, you agree that we will not henceforth be
precluded from accepting a separate engagement, whether in a business transaction, in a
bankruptcy or insolvency matter, or otherwise (except in litigation), from any existing or new
client, and that you will not seek to disqualify the Firm, provided that: (a) such separate
engagement does not involve the same factual and legal matters for which you have retained
us or may hereafter retain us; (b) in representing such other persons or entities, we will not
disclose any of the proprietary, sensitive or otherwise confidential information that we
obtained in representing you; and (c) such engagement is not otherwise prohibited by law.

Generally, we keep clients' files for a reasonable time after the conclusion of a matter in
accordance with our record retention program. After such time, we reserve the right to
destroy such files. If you wish Greenberg Traurig to retain your files for a longer or shorter
time or if you wish to take possession of your files or have them transferred to a third party,
you must notify us in writing. If you wish to take possession of your files or have them

Andrew M. Wright
November 5, 2015
Page 3

transferred to a third party, we reserve the right to charge you the reasonable costs of the preparation and delivery of your files.

If the Firm is required to respond to a subpoena or other demand seeking production of files relating to services that the Firm performed for you, or if the Firm is required to testify by deposition or otherwise concerning such services, we will consult with you as to whether you wish us to supply the information requested or to assert the attorney-client privilege. To the extent permitted under ethical guidelines, by engaging the Firm you agree to pay the Firm for the charges incurred in responding to such subpoena or other demand and/or providing advice, if appropriate, without regard to whether the Firm is otherwise representing you at the time the subpoena or other demand is served. Such charges may include, without limitation, the time and expense we incur in searching for documents (both hard copy and electronic), photocopying costs, review of documents, preparation of objections, appearance at depositions or hearings, or other responses to issues raised by such subpoenas or demands.

Greenberg Traurig has procedures to address any issue that you would like to raise, and we encourage you to inform us if at any time our services do not meet your expectations. We will strive to address any problem promptly and in a professional manner.

You may end this relationship at any time by giving us written notice. However, termination will not diminish or extinguish your obligation to pay us subject to the terms of this agreement. We, in turn, may withdraw from the representation upon written notice where withdrawal is permissible or required under rules of professional conduct.

Although we do not expect that differences will arise between us, as lawyers we recognize that disagreements can happen and it is therefore wise to agree upon a procedure for resolving them fairly and expeditiously. Accordingly, any dispute arising out of or relating to our rendering professional services to you or our fees, disbursements and charges will first be submitted to private, confidential non-binding mediation with a mediator jointly selected by you and the Firm, or failing a joint selection with a mediator selected by the New York office of JAMS.

If resolution through mediation is not achieved, any such dispute will be finally resolved by private, confidential binding arbitration. If the New York Fee Dispute Resolution Program (Part 137 of 22 NYCRR) applies, the arbitration will be conducted in accordance with that Program (copy available upon request). Otherwise, the arbitration will be conducted in Washington, DC in accordance with the procedures in this letter and the CPR Institute Rules for Non-Administered Arbitration ("Rules") in effect on the date of this letter, or such other rules and procedures as the parties may agree. In the event of a conflict between the Rules and the provisions of this letter, the latter will control. The arbitration will be conducted before a panel of three arbitrators of whom each party shall select one, and the third shall be selected by the two party selected arbitrators. No potential arbitrator may be appointed unless he or she has agreed in writing to these procedures. Any issue concerning the extent to which any dispute is subject to arbitration, or concerning the applicability, interpretation or enforceability of any of

Andrew M. Wright
November 5, 2015
Page 4

these procedures shall be governed by the Federal Arbitration Act and resolved by the arbitrators. Discovery shall be permitted only to the extent expressly authorized by the arbitration panel upon a showing of substantial need by the party seeking discovery. The arbitration panel shall have no power to award non-monetary or equitable relief or to award damages in the nature of punitive, exemplary, statutory, consequential or other damages in excess of compensatory damages. The arbitrators shall issue a final award in writing as promptly as practicable which shall be binding on each of us. Judgment on an award may be entered in any court having jurisdiction. All information concerning the fact, substance or result of the arbitration shall remain confidential and not disclosed except to the extent necessary to enforce the award or as otherwise required by law. The arbitrators' fees and expenses shall be borne equally by the parties. Each party shall bear the fees and expenses of its counsel.

We have reviewed your Outside Legal Counsel Policy and agree that the terms therein will apply to the instant engagement except to the extent otherwise agreed to in writing or in this letter. For clarity, in the event of a conflict in the provisions set forth in the body of this letter, any applicable retention order, and your Outside Counsel Policy, the following shall be the order of controlling provisions: (i) any applicable retention order, (ii) the provisions set forth in the body of this letter, and (iii) your Outside Counsel Policy.

This letter represents the entire agreement between us concerning the terms and conditions of this engagement. By signing below, you acknowledge that this letter has been reviewed and understood and that you agree to be bound by its terms and conditions. No change or waiver of any of the provisions of this letter will be binding on either you or Greenberg Traurig unless the change is in writing and signed by both you and us. If you are in agreement with the foregoing terms and conditions, would you please sign and return the enclosed copy of this letter to us.

Once again, we thank you for engaging Greenberg Traurig to handle this matter. We very much look forward to working with you.

Sincerely yours,

Iskender H. Catto

**A G R E E D:**

**ENERGY FUTURE HOLDINGS CORP.**

By: _____
Andrew M. Wright
Title: VP & Deputy General Counsel

Date: 11/24/15