## Exhibit A

**Proposed form of EFH Notes Charging Lien Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) **Re: Docket No. ____** |

**ORDER APPROVING ADDITIONAL RELIEF
IN CONNECTION WITH SETTLEMENT WITH EFH NOTES TRUSTEE**

Upon the *Notice of Hearing in Connection with the Settlement Between the Debtors and the EFH Notes Trustee* [D.I. ____] (the "Notice")[2] filed by the above-captioned debtors and debtors in possession (the "Debtors") and American Stock Transfer & Trust Company, LLC, as EFH Notes Trustee, and the request (the "Requested Relief"), that this Court enter an order (this "EFH Notes Charging Lien Order") (a) approving the EFH Charging Lien Advance (as defined herein) and (b) authorizing the Debtors and the EFH Notes Trustee, as applicable, to take any and all actions reasonably necessary to consummate, and to perform any and all obligations contemplated by the Requested Relief; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Requested Relief is in the best interests of the Debtors' estates, their

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Notice.

creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Requested Relief and the opportunity for a hearing on the Requested Relief under the circumstances; and the Court having heard the statements in support of the Requested Relief at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Requested Relief is **GRANTED** as set forth herein, and any objections to the Requested Relief not previously withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled with prejudice.

2.      In consideration of the *Settlement & Support Agreement*, dated as of November 23, 2015 (the "EFH Settlement Agreement"), by and among certain of the Debtors, the EFH Committee (as defined in the EFH Settlement Agreement), the EFH Notes Trustee, and the other parties thereto, and entry of the order approving the EFH Settlement Agreement, the EFH Debtors shall advance, within ten (10) calendar days of entry of this EFH Notes Charging Lien Order, to the EFH Notes Trustee funds in an amount sufficient to cover any charging lien obligations (irrespective of amounts payable by the Debtors on the Effective Date under Article IV.R of the Plan) of the Holders of the EFH Legacy Notes, the EFH LBO Notes, and the EFH Unexchanged Notes (each as defined in the EFH Settlement Agreement, and collectively, the "EFH Notes") under the EFH Legacy Note Indentures, EFH LBO Note Indenture, and the EFH Unexchanged Note Indentures (each as defined in the EFH Settlement Agreement), respectively, through and including the date of the entry of the order approving the EFH Settlement

Agreement (the "EFH Charging Lien Advance").  The EFH Charging Lien Advance shall be treated as a permanent dollar-for-dollar satisfaction and reduction of the amount owed with respect to Allowed EFH Legacy Note Claims, EFH LBO Note Claims, and EFH Unexchanged Note Claims (each as defined in the EFH Settlement Agreement, and collectively, the "EFH Note Claims") and the amounts due to the EFH Notes Trustee under Article IV.R. of the Plan (which amounts shall remain subject to the review process further described in paragraph 119 of the Confirmation Order) for all purposes in these cases, including under the Plan, an Alternative Restructuring, or any other chapter 11 plan; *provided, however*, for the avoidance of doubt, (i) with respect to the Plan, the EFH Charging Lien Advance when advanced by the EFH Debtors will not reduce at that time the amount of any Allowed EFH Note Claims or amounts due to the EFH Notes Trustee under Article IV.R of the Plan and such Claims shall continue to accrue interest as set forth in the EFH Settlement, and (ii) if the Plan is not consummated, all parties' rights are reserved regarding the characterization of the EFH Charging Lien Advance as payment of principal, interest, or fees; *provided further, however*, upon entry of an order approving any future plan of reorganization or liquidation of EFH that provides a recovery to the Holders of such Allowed EFH Note Claims that is less than the amount of the EFH Charging Lien Advance, the EFH Notes Trustee and each immediate transferee of the proceeds of the EFH Charging Lien Advance shall be severally liable for that portion of the EFH Charging Lien Advance ultimately retained by the EFH Notes Trustee or transferred to such immediate transferee and must refund, as soon as reasonably practicable, any such difference in amounts (or in the case of any immediate transferees their pro rata share of such difference in amounts based on actual amounts transferred to such transferees) to EFH.  In the event the Plan is not consummated, the EFH

Notes Trustee shall have the right to seek payment from the EFH estate on account of any fees or expenses of the EFH Notes Trustee with respect to the EFH Notes and shall distribute any such amounts received up to the amount of the EFH Charging Lien Advance to Holders of the EFH Notes. The Debtors and the Plan Sponsors acknowledge, consent, and shall not object to the EFH Debtors' advance of funds in an amount sufficient to cover the EFH Charging Lien Advance as set forth above; *provided, however*, that consent to such EFH Charging Lien Advance shall not affect the rights, if any, of the Holders of EFH Notes under the EFH Note Indentures with respect to the reasonableness of the compensation, expenses, disbursements and advances of the EFH Notes Trustee, its agents, and counsel.

3. This EFH Notes Charging Lien Order shall bind the Debtors, the Plan Sponsors, the holders of EFH Notes, beneficial owners of interests in the EFH Notes, their respective successors, assigns, heirs, executors, administrators, and representatives, including any transferee of the EFH Notes or a beneficial ownership interest therein.

4. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this EFH Notes Charging Lien Order shall be effective and enforceable immediately upon entry.

5. In the event of any inconsistencies between this EFH Notes Charging Lien Order and the EFH Settlement Agreement or the order approving the EFH Settlement Agreement, this EFH Notes Charging Lien Order shall govern in all respects.

6. The Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this EFH Notes Charging Lien Order.

7. The Court shall retain jurisdiction over any matter or disputes arising from or relating to the interpretation, implementation or enforcement of this EFH Notes Charging Lien Order.

Dated: _____, 2015
Wilmington, DE

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE