## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | Re: D.I. 7157 |

### ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY GREENBERG TRAURIG, LLP AS SPECIAL COUNSEL FOR CERTAIN ENERGY-RELATED TRANSACTIONAL MATTERS, EFFECTIVE *NUNC PRO TUNC* TO NOVEMBER 2, 2015

Upon the application [D.I. 7157] (the "Application")[2] filed by the Debtors, seeking authorization to employ and retain Greenberg Traurig, LLP ("Greenberg") as special counsel to the Debtors in accordance with the terms and conditions set forth in the Engagement Letter, as modified herein, effective *nunc pro tunc* to November 2, 2015, all as more fully set forth in the Application, the Catto Declaration, and the Wright Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application (as modified herein) is in the best interests of the Debtors' estates, their creditors,

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application, the Catto Declaration, and the Wright Declaration.

and other parties-in-interest; and the Court having found that the Debtors provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application, Catto Declaration, and the Wright Declaration, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted to the extent provided herein, effective *nunc pro tunc* to November 2, 2015.

2.      To the extent the Application, the Catto Declaration, the Wright Declaration, or the Engagement Letter is inconsistent with the Order, the terms of this Order shall govern.

3.      The Debtors are authorized to retain and employ Greenberg as special counsel to represent the Debtors in connection with energy-related transactional matters effective *nunc pro tunc* to November 2, 2015 in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as **Exhibit 1**; *provided, however*, that nothing in the Engagement Letter shall supersede any provisions of the Bankruptcy Code during the pendency of the Debtors' chapter 11 cases. Furthermore, nothing in the Engagement Letter shall relieve Greenberg from the responsibility and obligation to disclose any and all proposed representations that may result in Greenberg being potentially adverse to the Debtors by way of a separate supplemental declaration filed in these cases.

RLF1 13525854v.1

4.     Greenberg shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases, including McDermott.

5.     Greenberg is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letter. Specifically, but without limitation, Greenberg will render the following legal services, including but not limited to trading issues, fuel transportation and storage, power plant operations, contract disputes, and negotiations and claims resolution.

6.     Greenberg shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

7.     Greenberg also intends to make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with this application and the interim and final fee applications to be filed by Greenberg in these chapter 11 cases.

8.     Notwithstanding anything in the Engagement Letter to the contrary, Greenberg shall apply any remaining amounts of its prepetition retainers as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to Greenberg.  Greenberg is authorized without further order

3

of the Court to reserve and apply amounts from the prepetition retainers that would otherwise be applied toward payment of postpetition fees and expenses as are necessary and appropriate to compensate and reimburse Greenberg for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practices.

9.      Greenberg shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Greenberg to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.  For the avoidance of doubt, Greenberg shall not share fees with existing or future contract attorneys who advise on the Debtors' chapter 11 cases or enter into fee sharing arrangements with such contract attorneys.

10.     Greenberg shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

11.     The Debtors and Greenberg are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12.     Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

13.     Notwithstanding any provision to the contrary in the Engagement Letter, any

dispute relating to the services provided by Greenberg shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the form for resolving fee disputes.

14.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.    Notwithstanding any provision to the contrary in this Application, the Catto Declaration, the Wright Declaration, or the Engagement Letter, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated: December _15_, 2015
      Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

5