IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: D.I. 7212** |

## ORDER APPROVING ADDITIONAL RELIEF IN CONNECTION WITH SETTLEMENT OF CERTAIN EFIH PIK NOTEHOLDER CLAIMS

Upon the *Notice of Hearing in Connection With the Settlement of Certain EFIH PIK Noteholder Claims* [D.I. 7212] filed by the above-captioned debtors and debtors in possession (the "Debtors") and the UMB Bank, N.A., as indenture trustee for the EFIH PIK Notes (the "EFIH PIK Notes Trustee"), and the request (the "Requested Relief"), pursuant to paragraph 15 of the *Order Approving Settlement of Certain EFIH PIK Noteholder Claims and Authorizing Debtors to Enter Into and Perform Under Stipulations* [D.I. 7145] (the "EFIH PIK Settlement Order"),[2] that this Court enter an order (this "Charging Lien Order") (a) approving the Charging Lien Advance (as defined herein) and (b) authorizing the Debtors and the EFIH PIK Notes Trustee, as applicable, to take any and all actions reasonably necessary to consummate, and to perform any and all obligations contemplated by the Requested Relief; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the EFIH PIK Settlement Order.

Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Requested Relief is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Requested Relief and the opportunity for a hearing on the Requested Relief under the circumstances; and the Court having heard the statements in support of the Requested Relief at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Requested Relief is **GRANTED** as set forth herein, and any objections to the Requested Relief not previously withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled with prejudice; *provided, however*, that the relief granted herein is subject to entry of an order of this Court approving the *Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement* [D.I. 5249], including approval of the payment of fees and expenses as set forth thereunder.

2. In consideration of the Stipulations and entry of the EFIH PIK Settlement Order, the EFIH Debtors shall advance, within ten (10) calendar days of entry of this Charging Lien Order, to the EFIH PIK Notes Trustee funds in an amount sufficient to cover the Charging Lien obligations of the Holders of the EFIH PIK Notes, as set forth in Sections 6.12, 6.13 and 7.07 of the EFIH PIK Notes Indenture, through and including the date of the entry of the EFIH PIK Settlement Order (the "Charging Lien Advance"). The Charging Lien Advance shall be treated

as a permanent dollar-for-dollar satisfaction and reduction of the amount owed with respect to Allowed EFIH PIK Note Claims on a ratable basis for all purposes in these cases, including under the Plan, an Alternative Restructuring, or any other chapter 11 plan; *provided, however*, for the avoidance of doubt, (i) with respect to the Plan, the Charging Lien Advance when advanced by the EFIH Debtors will not reduce at that time the amount of any Allowed EFIH PIK Note Claims and such Claims shall continue to accrue interest as set forth in the EFIH PIK Settlement Order or with respect to the Non-Settling EFIH PIK Noteholders, as ordered by the Court, through the Effective Date, and (ii) if the Plan is not consummated, all parties' rights are reserved regarding the characterization of the Charging Lien Advance as payment of principal, interest, or fees; *provided further, however*, upon entry of an order approving any future plan of reorganization or liquidation of EFIH that provides a recovery to the Holders of such Allowed EFIH PIK Note Claims that is less than the amount of the Charging Lien Advance, the EFIH PIK Notes Trustee and each immediate transferee of the proceeds of the Charging Lien Advance shall be severally liable for that portion of the Charging Lien Advance ultimately retained by the EFIH PIK Notes Trustee or transferred to such immediate transferee and must refund, as soon as reasonably practicable, any such difference in amounts (or in the case of any immediate transferees their pro rata share of such difference in amounts based on actual amounts transferred to such transferees) to EFIH. In the event the Plan is not consummated, the EFIH PIK Notes Trustee shall have the right to seek payment from the EFIH estate on account of any fees or expenses of the EFIH PIK Notes Trustee with respect to the EFIH PIK Notes and shall distribute any such amounts received up to the amount of the Charging Lien Advance to Holders of the EFIH PIK Notes. The Debtors, the Plan Sponsors, and the Settling EFIH PIK Noteholders acknowledge, consent and shall not object to the EFIH Debtors' advance of funds in an amount

sufficient to cover the Charging Lien Advance as set forth above; *provided, however,* that consent to such Charging Lien Advance shall not affect the rights, if any, of the Settling EFIH PIK Noteholders under the EFIH PIK Notes Indenture with respect to the reasonableness of the compensation, expenses, disbursements and advances of the EFIH PIK Notes Trustee, its agents and counsel

3. The EFIH PIK Notes Trustee is authorized and directed to make distributions under the Plan to the Settling EFIH PIK Noteholders in accordance with the Stipulations, the Plan, the EFIH PIK Settlement Order, the Direction Letter, this Charging Lien Order, and any other related documents or agreements.

4. The EFIH PIK Notes Trustee shall not have or incur any liability for, and is released from any cause of action or any claim related to any act or omission in connection with, relating to, arising out of, or required under, the Stipulations, the EFIH PIK Settlement Order, this Charging Lien Order, and any other related documents or agreements.

5. This Charging Lien Order shall bind the Debtors, the Plan Sponsors, the EFIH PIK Noteholders, their respective successors, assigns, heirs, executors, administrators, and representatives, including any transferee of the EFIH PIK Noteholders.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this EFIH PIK Settlement Order shall be effective and enforceable immediately upon entry.

7. In the event of any inconsistencies between this Charging Lien Order and the Stipulations or Direction Letters, this Charging Lien Order shall govern in all respects. In the event of any inconsistencies between paragraph 15 of the EFIH PIK Settlement Order and this Charging Lien Order, this Charging Lien Order shall govern in all respects. EFH and the EFIH

Debtors shall not amend the Plan, the PSA, or the Settlement Agreement in a manner that is materially inconsistent with this Charging Lien Order.

8. The Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Charging Lien Order.

9. The Court shall retain jurisdiction over any matter or disputes arising from or relating to the interpretation, implementation or enforcement of this Charging Lien Order.

Dated: December 15, 2015
Wilmington, Delaware

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge