## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors.[1] | (Jointly Administered) |

## CERTIFICATION OF NO OBJECTION REGARDING
## TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC'S
## NOTICE OF ENTRY INTO LIQUIDATION AGREEMENT

The undersigned hereby certifies that, as of the date hereof, he has received no answer, objection or other responsive pleading with respect to the *Notice of Entry into Liquidation Agreement* (the "Liquidation Notice"), a copy of which is attached hereto as **Exhibit 1.**

1. The Liquidation Notice was served by the Debtors' claims and noticing agent on December 13, 2015 in connection with that certain liquidation agreement entered into by and between Texas Competitive Electric Holdings Company LLC ("TCEH") and certain of its affiliates (collectively with TCEH, the "TCEH Debtors") and J. Aron & Company ("Counterparty" and together with the TCEH Debtors, the "Parties") (the "Liquidation Agreement") to resolve all claims arising under certain hedging and trading transactions entered into by and between the Parties.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

2.      The Liquidation Notice was served in accordance with the terms of the Court's *Order Establishing Procedures for the Liquidation by Third Parties of Claims on Account of Certain Hedging and Trading Arrangements* [D.I. 1957] (the "Liquidation Procedures Order").

3.      Pursuant to the terms of the Liquidation Procedures Order and the Liquidation Notice, parties objecting to TCEH's entry into the Liquidation Agreement were to submit a written statement of their objection(s) within fourteen (14) calendar days of receiving the Liquidation Notice (a "Liquidation Objection"). If no Liquidation Objection was timely served in accordance with the terms of the Liquidation Notice, all parties who were served with the Liquidation Notice are barred from objecting to the Liquidation Agreement and the Debtors shall file with the Court a certification of no objection.

4.      The undersigned hereby certifies that the Debtors have not received a Liquidation Objection. Accordingly, under the terms of the Liquidation Procedures Order, TCEH and Counterparty are immediately authorized to consummate the Liquidation Agreement in accordance with its terms.

*[Remainder of page intentionally left blank.]*

Dated: December 30, 2015
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession

## EXHIBIT 1

**Liquidation Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) Case No. 14-10979 (CSS) |
| Energy Future Holdings Corp., *et al.* | ) Jointly Administered |
|  | ) |
| Debtors.[1] | ) |
|  | ) |

### TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC'S
### NOTICE OF ENTRY INTO LIQUIDATION AGREEMENT

**TO:** (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Trustee for the Southern District of New York; (iii) counsel to the Official Committee of Unsecured Creditors; and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE NOTICE** that on December 13, 2015, Texas Competitive Electric Holdings Company LLC ("TCEH") and certain of its affiliates listed on Exhibit A hereto (collectively with TCEH, the "TCEH Debtors") entered into a liquidation agreement (the "Liquidation Agreement") with J. Aron & Company ("Counterparty" and, together with the TCEH Debtors, each individually a "Party" and collectively, the "Parties") to resolve all claims arising under certain hedging and trading transactions entered into by and between the Parties.

**PLEASE TAKE FURTHER NOTICE** that in accordance with the Bankruptcy Court's *Order Establishing Procedures for the Liquidation by Third Parties of Claims on Account of Certain Hedging and Trading Arrangements* [ECF No. 1957] (the "Liquidation Procedures Order"), the Debtors have the authority to negotiate, resolve, and liquidate claims arising on account of the Hedging and Trading Arrangements (as defined in the Debtors' *Motion for an Order Establishing Procedures for the Liquidation by Third Parties of Claims of Certain Hedging and Trading Arrangements* [ECF. No. 1838]) (including interest rate swaps executed by Debtor EFH Corp.), consistent with the relief granted in the Liquidation Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that in accordance with the terms of the Liquidation Procedures Order, the following is a summary of the key terms of the Liquidation Agreement:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

➢ The Liquidation Agreement has been entered into by and between the TCEH Debtors, having an address at 1601 Bryan Street, Dallas, Texas 75201, and the Counterparty, having an address at 200 West Street, New York, New York 10282.

➢ The Liquidation Agreement allows the secured claims of Counterparty arising out of the Hedging and Trading Arrangements and the Transactions (each, as defined in the Liquidation Agreement). The Liquidation Agreement provides that each of Counterparty's Filed Claims (as defined in the Liquidation Agreement) against the TCEH Debtors shall be an allowed secured claim in the amount of $945,000,000.00 (the "Settlement Amount").

➢ The Liquidation Agreement provides, *inter alia*, that upon the Effective Date (as defined in the Liquidation Agreement) (i) Counterparty shall have an allowed secured claim constituting a Prepetition First Lien Obligation (as defined in the Liquidation Agreement) secured by the same collateral and to the same extent and priority as other Prepetition First Lien Obligations against each TCEH Debtor in the amount of the Settlement Amount, which shall be entitled to the benefits of the *Order Granting the Motion of Energy Future Holdings Corp. to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement* [D.I. 7243], the *Amended Order Confirming the Sixth Amended Joint Plan of Reorganization (the "Plan") of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I.7285], and the Plan; (ii) Counterparty reserves the right (a) to additionally recover Adequate Protection Payments (as defined in the Liquidation Agreement) under and subject to the terms of the Final Cash Collateral Order (as defined in the Liquidation Agreement) and (b) additionally, to the extent allowed by further order of the Bankruptcy Court, interest, fees, expenses, and other charges accruing from and after the Petition Date (as defined in the Liquidation Agreement) on the Allowed Claims (as defined in the Liquidation Agreement) at the rate and in the amount provided for under the Hedging and Trading Arrangements (as defined in the Liquidation Agreement); provided, however, that nothing in the foregoing subsection (b) shall prejudice the rights of any TCEH Debtor to object to the payment of such Post-Petition Accruals (as defined in the Liquidation Agreement); (iii) the Parties agree to full mutual releases with respect to all Claims (on the terms set forth in the Liquidation Agreement); (iv) the Parties agree that the Transactions and the terminated Hedging and Trading Arrangements shall no longer be of any force or effect; provided that, no Party waives, releases or discharges any other Party from any of its rights and obligations under the Liquidation Agreement, the Final Cash Collateral Order, the First Lien Facilities, or the First Lien Intercreditor Agreement (each, as defined in the Liquidation Agreement); (v) each of the Parties waives the provisions, rights and benefits of California Civil Code § 1542 and any similar law, which provides that a general release does not extend to claims which the creditor does not know or suspect to exist at the time of executing the release, which if known must have materially affected the settlement with the debtor; (vi) the Filed Claims are deemed allowed in accordance with the terms of the Liquidation Agreement; and

(vii) the Parties will promptly execute and submit joint instructions to Epiq Bankruptcy Solutions, LLC, requesting that the claims register in the Bankruptcy Proceedings be amended to reflect the allowance of each of the Allowed Claims in the Settlement Amount.

➢ TCEH believes that entering into the Liquidation Agreement is a sound exercise of its business judgment as it avoids the cost, uncertainty and delay of a protracted litigation concerning the Parties' payables.

**PLEASE TAKE FURTHER NOTICE** that in accordance with the terms of the Liquidation Procedures Order, parties objecting (each, an "Objecting Party") to TCEH's entry into the Liquidation Agreement shall submit a written statement of their objection(s) within fourteen (14) calendar days of receiving this Liquidation Notice (a "Liquidation Objection"). Each Liquidation Objection must be served by electronic mail or overnight delivery service upon the following parties: (i) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Brian E. Schartz, and 300 N. LaSalle, Chicago, IL 60654, Attn: Chad J. Husnick; (ii) J. Aron & Company, 200 West Street, New York, New York 10282, Attn: Steven M. Bunkin, and Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Thomas J. Moloney, Sean A. O'Neal and Humayun Khalid; (iii) the Office of the United States Trustee for the District of Delaware; (iv) the Office of the United States Trustee for the Southern District of New York; (v) counsel to the Official Committee of Unsecured Creditors; and (vi) those parties requesting notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if no Liquidation Objection is timely served in accordance with the above paragraph, or a timely served Liquidation Objection is withdrawn by the Objecting Party, all parties who were served with the Liquidation Notice shall be barred from objecting to the Liquidation Agreement and the Debtors shall file with the Bankruptcy Court a certificate of no objection. Upon such filing, TCEH and Counterparty shall be immediately authorized to consummate the Liquidation Agreement in accordance with its terms and the Liquidation Agreement shall be deemed to be a Final Order of the Bankruptcy Court pursuant to the Liquidation Procedures Order.

*[Remainder of page intentionally left blank.]*

Dated: December 13, 2015
       New York, New York

/s/ Iskender H. Catto
**GREENBERG TRAURIG LLP**
Iskender H. Catto
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

*Proposed Special Counsel to the Debtors*
*for Certain Energy-Related Transactional Matters*

## Exhibit A

### The TCEH Debtors

| |
|---|
| 4Change Energy Company |
| 4Change Energy Holdings LLC |
| Big Brown 3 Power Company LLC |
| Big Brown Lignite Company LLC |
| Big Brown Power Company LLC |
| Collin Power Company LLC |
| DeCordova II Power Company LLC |
| DeCordova Power Company LLC |
| Eagle Mountain Power Company LLC |
| Energy Future Competitive Holdings Company LLC |
| Generation MT Company LLC |
| Generation SVC Company |
| Lake Creek 3 Power Company LLC |
| Luminant Big Brown Mining Company LLC |
| Luminant Energy Company LLC |
| Luminant Energy Trading California Company |
| Luminant ET Services Company |
| Luminant Generation Company LLC |
| Luminant Holding Company LLC |
| Luminant Mineral Development Company LLC |
| Luminant Mining Company LLC |
| Luminant Renewables Company LLC |
| Martin Lake 4 Power Company LLC |
| Monticello 4 Power Company LLC |
| Morgan Creek 7 Power Company LLC |
| NCA Resources Development Company LLC |
| Oak Grove Management Company LLC |
| Oak Grove Mining Company LLC |
| Oak Grove Power Company LLC |
| Sandow Power Company LLC |
| TCEH Finance, Inc. |
| Tradinghouse 3 & 4 Power Company LLC |
| Tradinghouse Power Company LLC |
| TXU Energy Retail Company LLC |
| TXU Energy Solutions Company LLC |
| TXU Retail Services Company |
| TXU SEM Company |
| Valley NG Power Company LLC |
| Valley Power Company LLC |