## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Energy Future Holdings Corp., *et al.* | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

## CERTIFICATION OF NO OBJECTION REGARDING
## TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC'S
## NOTICE OF ENTRY INTO LIQUIDATION AGREEMENT

The undersigned hereby certifies that, as of the date hereof, he has received no answer, objection or other responsive pleading with respect to the *Notice of Entry into Liquidation Agreement* (the "Liquidation Notice"), a copy of which is attached hereto as **Exhibit A.**

1.      The Liquidation Notice was served by the Debtors' claims and noticing agent on December 17, 2015 in connection with that certain liquidation agreement entered into by and between Texas Competitive Electric Holdings Company LLC ("TCEH") and Credit Suisse International ("Counterparty" and, together with TCEH, the "Parties") (the "Liquidation Agreement") to resolve all claims arising under certain hedging and trading transactions entered into by and between the Parties.

2.      The Liquidation Notice was served in accordance with the terms of the Court's *Order Establishing Procedures for the Liquidation by Third Parties of Claims on Account of Certain Hedging and Trading Arrangements* [D.I. 1957] (the "Liquidation Procedures Order").

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

3.      Pursuant to the terms of the Liquidation Procedures Order and the Liquidation Notice, parties objecting to TCEH's entry into the Liquidation Agreement were to submit a written statement of their objection(s) within fourteen (14) calendar days of receiving the Liquidation Notice (a "<u>Liquidation Objection</u>").  If no Liquidation Objection was timely served in accordance with the terms of the Liquidation Notice, all parties who were served with the Liquidation Notice are barred from objecting to the Liquidation Agreement and the Debtors shall file with the Court a certification of no objection.

4.      The undersigned hereby certifies that the Debtors have not received a Liquidation Objection.  Accordingly, under the terms of the Liquidation Procedures Order, TCEH and Counterparty are immediately authorized to consummate the Liquidation Agreement in accordance with its terms.

*[Remainder of page intentionally left blank.]*

RLF1 13630114v.1

Dated: January 5, 2016
     Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
    defranceschi@rlf.com
    madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
    stephen.hessler@kirkland.com
    brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
    marc.kieselstein@kirkland.com
    chad.husnick@kirkland.com
    steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession

# EXHIBIT A

## Liquidation Notice

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 14-10979 (CSS) |
| Energy Future Holdings Corp., *et al.* | ) Jointly Administered |
| | ) |
| Debtors.[1] | ) |
| | ) |

### TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC'S
### NOTICE OF ENTRY INTO LIQUIDATION AGREEMENT

**TO:** (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Trustee for the Southern District of New York; (iii) counsel to the Official Committee of Unsecured Creditors; and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE NOTICE** that on November 30, 2015, Texas Competitive Electric Holdings Company LLC ("TCEH") entered into a liquidation agreement (the "Liquidation Agreement") with Credit Suisse International ("Counterparty" and, together with TCEH, the "Parties") to resolve all claims arising under certain hedging and trading transactions entered into by and between the Parties.

**PLEASE TAKE FURTHER NOTICE** that in accordance with the Bankruptcy Court's *Order Establishing Procedures for the Liquidation by Third Parties of Claims on Account of Certain Hedging and Trading Arrangements* [ECF No. 1957] (the "Liquidation Procedures Order"), the Debtors have the authority to negotiate, resolve, and liquidate claims arising on account of the Hedging and Trading Arrangements (as defined in the Debtors' *Motion for an Order Establishing Procedures for the Liquidation by Third Parties of Claims of Certain Hedging and Trading Arrangements* [ECF. No. 1838]) (including interest rate swaps executed by Debtor EFH Corp.), consistent with the relief granted in the Liquidation Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that in accordance with the terms of the Liquidation Procedures Order, the following is a summary of the key terms of the Liquidation Agreement:

> ➢ The Liquidation Agreement has been entered into by and between TCEH, having an address at 1601 Bryan Street, Dallas, Texas 75201, and the Counterparty, having an address at One Cabot Square, London, E14 4QJ, United Kingdom.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

➢ The Liquidation Agreement liquidates the secured claim of Counterparty arising out of the Transactions (as defined in the Liquidation Agreement). The Liquidation Agreement provides that Counterparty's proof of claim against TCEH (assigned claim number 6483) shall be an allowed secured claim in the amount of $11,750,000.00 (the "Settlement Payment").

➢ The Liquidation Agreement provides, *inter alia*, that (i) Counterparty shall have an allowed secured claim in the amount of the Settlement Payment; (ii) the Parties agree to full mutual releases with respect to all claims arising out of the Terminated Hedging and Trading Arrangements (as defined in the Liquidation Agreement); and (iii) to the extent Counterparty has filed any proofs of claims related to the Terminated Hedging and Trading Arrangements, other than the Filed Claims (as defined in the Liquidation Agreement) allowed pursuant to the Liquidation Agreement, Counterparty agrees that it will withdraw such proofs of claims with prejudice within five (5) business days of the execution of the Liquidation Agreement. The Liquidation Agreement recognizes that Counterparty has also filed substantively identical proofs of claim (assigned claim numbers 6485-6523) arising from the Terminated Hedging and Trading Arrangements and the Transactions against numerous of TCEH's affiliated Debtors. Each of these proofs of claim shall be an allowed secured claim in the amount of the Settlement Payment, however, the aggregate amount of Counterparty's recoveries in the bankruptcy case on account of the Terminated Hedging and Trading Arrangements and the Transactions shall not exceed the amount of the Settlement Payment.

➢ TCEH believes that entering into the Liquidation Agreement is a sound exercise of its business judgment as it avoids the cost, uncertainty and delay of a protracted litigation concerning the Parties' payables.

**PLEASE TAKE FURTHER NOTICE** that in accordance with the terms of the Liquidation Procedures Order, parties objecting (each, an "Objecting Party") to TCEH's entry into the Liquidation Agreement shall submit a written statement of their objection(s) within fourteen (14) calendar days of receiving this Liquidation Notice (a "Liquidation Objection"). Each Liquidation Objection must be served by electronic mail or overnight delivery service upon the following parties: (i) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Brian E. Schartz, and 300 N. LaSalle, Chicago, IL 60654, Attn: Chad J. Husnick; (ii) Credit Suisse International, Head of Credit Risk Management, One Cabot Square, London, E14 4QJ, United Kingdom, and King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036, Attn: Michael C. Rupe, Esq.; (iii) the Office of the United States Trustee for the District of Delaware; (iv) the Office of the United States Trustee for the Southern District of New York; (v) counsel to the Official Committee of Unsecured Creditors; and (vi) those parties requesting notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if no Liquidation Objection is timely served in accordance with the above paragraph, or a timely served Liquidation Objection is withdrawn by the Objecting Party, all parties who were served with the Liquidation Notice shall be barred

from objecting to the Liquidation Agreement and the Debtors shall file with the Court a certificate of no objection. Upon such filing, TCEH and Counterparty shall be immediately authorized to consummate the Liquidation Agreement in accordance with its terms.

Dated: December 17, 2015
      New York, New York

                              */s/ Iskender H. Catto*
                              **GREENBERG TRAURIG LLP**
                              Iskender H. Catto
                              200 Park Avenue
                              New York, NY 10166
                              Telephone: (212) 801-9200
                              Facsimile: (212) 801-6400

                              *Special Counsel to the Debtors for*
                              *Certain Energy-Related Transactional Matters*