# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: February 2, 2016 at 4:00 p.m.**<br>**Hearing Date: To be determined.** |

**SUMMARY OF SECOND INTERIM FEE APPLICATION OF CHARLES RIVER ASSOCIATES AS NATURAL GAS AND ENERGY CONSULTANT FOR THE OFFICIAL COMMITTEE OF TCEH UNSECURED CREDITORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM THE PERIOD OF JANUARY 1, 2015 THROUGH OCTOBER 31, 2015**

| Name of Applicant | Charles River Associates |
|---|---|
| Authorized to Provide Professional Services to: | Official Committee of TCEH Unsecured Creditors |
| Date of Retention: | December 17, 2014 *nunc pro tunc* to August 4, 2014 |
| Period for which compensation and reimbursement is sought: | January 1, 2015 through October 31, 2015 |
| Amount of compensation sought as actual, reasonable, and necessary: | $363,732.00 |
| Amount of expense reimbursement sought as actual, reasonably, and necessary: | $1,280.87 |

This is a(n) ___ monthly _X__ interim ___ final application. No prior application was filed for this Fee Period.[2]

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Notice of this Monthly Fee Statement shall be served in accordance with the Interim Compensation Order [Docket No. 2066] and Fee Committee Order [Docket No. 1896], and objections to the relief requested in this Monthly Fee

**Summary of Fees and Expenses Requested to Date**

| Date & Docket No. Filed | Filing Period | Requested Fees | Requested Expenses | CNO Date & Docket No. Filed | Approved Fees (80%) | Approved Expenses (100%) | Unapproved Holdback |
|---|---|---|---|---|---|---|---|
| 2/6/2015 D.I. 3477 | 8/4/2014 through 8/31/2014 | $4,923.00 | $0.00 | CNO 3/3/2015 D.I. 3735 | $3,938.40 | $0.00 | $984.60 |
| 2/6/2015 D.I. 3478 | 9/1/2014 through 9/30/2014 | $44,812.00 | $2,125.17 | CNO 3/3/2015 D.I. 3736 | $35,849.60 | $2,125.17 | $8,962.40 |
| 2/6/2015 D.I. 3479 | 10/1/2014 through 10/31/2014 | $35,658.50 | $38.00 | CNO 3/3/2015 D.I. 3737 | $28,526.80 | $38.00 | $7,131.70 |
| 2/6/2015 D.I. 3480 | 11/1/2014 through 11/30/2014 | $13,060.00 | $0.00 | CNO 3/3/2015 D.I. 3738 | $10,448.00 | $1,567.38 | $2,612.00 |
| 2/6/2015 D.I. 3481 | 12/1/2014 through 12/31/2014 | $6,530.00 | $0.00 | CNO 3/3/2015 D.I. 3739 | $5,224.00 | $2,700.75 | $1,306.00 |
|  | 1/1/2015 through 10/31/2015 | $363,732.00 | $1,280.87 | CNO N/A [--] | $290,985.60 | $1,280.87 | $72,746.40 |
| **TOTAL** |  | **$468,715.50** | **3,440.04** |  | **$374,972.40** | **$3,444.04** | **$93,743.10** |

(cont.)
Statement shall be addressed in accordance with the Interim Compensation Order and Fee Committee Order.

51809647.2

**Summary of Professional Services Rendered By**
**Individual Consultants of Charles River Associates**

| Professional Person | Position with the Applicant | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Adamson, Seabron | Vice President | Energy | $675.00 | 194.6 | $131,355.00 |
| Plewes, Jeffrey | Principal | Energy | $500.00 | 96.9 | $48,450.00 |
| Kaineg, Robert | Senior Associate | Energy | $400.00 | 129.8 | $51,920.00 |
| Fox, Ryan | Consulting Associate | Energy | $310.00 | 2.9 | $899.00 |
| Fong, Justin | Consulting Associate | Energy | $310.00 | 57.5 | $17,825.00 |
| Good, Courtney | Associate | Energy | $310.00 | 247.2 | $76,632.00 |
| Painley, Jonathan | Associate | Energy | $310.00 | 4.1 | $1,271.00 |
| O'Sullivan, Francis | Outside Consultant | Energy | $600.00 | 23.5 | $14,100.00 |
| Neimeyer, Michael | Consulting Associate | Energy | $320.00 | 66.5 | $21,280.00 |
| **Total:** | | | | **823** | **$363,732.00** |

## Summary of Actual and Necessary Expenses

| **Category** | **Amount** |
|---|---:|
| Lodging | $342.36 |
| Meals | $14.72 |
| Travel | $766.20 |
| Transportation | $54.73 |
| Travel Agency Fee | $102.86 |
| **Total** | **$1,280.87** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: February 2, 2016 at 4:00 p.m.**<br>**Hearing Date: To be determined.** |

**SECOND INTERIM FEE APPLICATION OF CHARLES RIVER ASSOCIATES AS NATURAL GAS AND ENERGY CONSULTANT FOR THE OFFICIAL COMMITTEE OF TCEH UNSECURED CREDITORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM THE PERIOD OF JANUARY 1, 2015 THROUGH OCTOBER 31, 2015**

Pursuant to sections 328(a) and 1103 of Title 11 of the United States Code, (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the *Order Authorizing the TCEH Committee to Retain and Employ Charles River Associates as Natural Gas and Energy Consultant Effective as of August 4, 2014* [Docket No. 3049] (the "**Retention Order**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals,* dated September 16, 2014 [Docket No. 2066] (the "**Interim Compensation Order**"), the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896] (the "**Fee Committee Order**"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Charles River Associates ("**CRA**"), natural gas and energy consultant to the Official Committee of TCEH Unsecured Creditors (the "**TCEH Committee**") of Energy Future

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

51809647.2

Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC, and their direct and indirect subsidiaries (the "**TCEH Debtors**"), and EFH Corporate Services Company, files this second interim fee application (this "**Application**") for (i) compensation in the amount of $363,732.00 and (ii) reimbursement of expenses of $1,280.87 for the reasonable and necessary services CRA rendered to the TCEH Committee from January 1, 2015 through October 31, 2015 (the "**Compensation Period**"). In support of this Application, CRA respectfully states as follows:

### Jurisdiction, Venue, and Predicates for Relief Sought

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue of this proceeding and this Application is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The predicates for the relief sought are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the Retention Order, the Interim Compensation Order, the Fee Committee Order, and Local Rule 2016-2.

### Background

3.  On April 29, 2014 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "**Court**") commencing the above-captioned chapter 11 cases (the "**Cases**"). The factual background regarding the Debtors, including their business operations and the events leading to the filing of these Cases, is set forth in detail in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions* [Docket No. 98].

51809647.2

4. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in these Cases.

6. On May 13, 2014, the Office of the United States Trustee appointed the Committee [Docket No. 420]. The Committee members include: (i) Pension Benefit Guaranty Corporation; (ii) HCL America, Inc.; (iii) The Bank of New York Mellon; (iv) Law Debenture Trust Company of New York; (v) Holt Texas LTD, d/b/a Holt Cat; (vi) ADA Carbon Solutions (Red River); and (vii) Wilmington Savings Fund Society.

7. On November 26, 2014, CRA filed the *Application of the Official Committee of Unsecured Creditors for an Order under Bankruptcy Code Sections 328(a) and 1103(a) and Bankruptcy Rules 2014(a) and 2016(a) Approving the Employment and Retention of Charles River Associates Nunc Pro Tunc August 4, 2014, as Natural Gas and Energy Consultants to the Official Committee of Unsecured Creditors* [Docket No. 2900] (the "**Retention Application**"). On December 17, 2014, this Court entered the Retention Order.

8. Pursuant to the Interim Compensation Order, each professional may file on or after the 21st day of each calendar month a Monthly Fee Application (as defined in the Interim Compensation Order) seeking interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month. If no objections are raised prior to the expiration of the applicable Objection Deadline (as defined in the Interim Compensation Order), the Debtors are authorized to pay each professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application or (ii) 80% of the fees and 100% of the expenses not subject to an objection.

51809647.2

**Summary of Professional Compensation and
Reimbursement of Expenses Requested**

9. This Application has been prepared in accordance with sections 330 and 331 the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, the Retention Order, the Interim Compensation Order, the Fee Committee Order, and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases, effective June 11, 2013* (the "**UST Guidelines**"). The Committee has reviewed this Application and approves and supports interim allowance of the amounts requested by CRA for professional services performed and expenses incurred during the Compensation Period. Pursuant to the Guidelines, a certification of Jonathan D. Yellin of CRA regarding compliance with the Guidelines and the Local Rules is attached as Exhibit A.

10. CRA seeks allowance of interim compensation for professional services during the Compensation Period in the amount of $363,732.00 and for expenses incurred in connection with the rendition of those services in the amount of $1,280.87. During the Compensation Period, CRA professionals expended a total of 823 hours to perform the necessary services.

11. All services for which compensation is requested by CRA in this Application were performed for or on behalf of the Committee. CRA has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between CRA and any other person (other than through the normal compensation process of CRA) for the sharing of compensation to be received for services rendered in these Cases.

12. CRA believes its rates are the market rates that the majority of economic consulting firms charge clients for the type of services CRA has been asked to provide here.

13. The fees charged by CRA in these Cases are billed in accordance with CRA's

51809647.2

existing billing rates and procedures in effect during the Compensation Period. The rates CRA charges for the services rendered by its professionals in these Cases are the same rates CRA charges for professional services rendered in comparable bankruptcy and non-bankruptcy matters. These fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and nonbankruptcy cases in a competitive national market.

14.   Pursuant to the Guidelines, attached as <u>Exhibit B</u> is a schedule setting forth all CRA professionals who performed services in these Cases during the Compensation Period, the capacities in which such individuals are employed by CRA, the hourly billing rates charged by CRA for services performed by such individuals, and the aggregate number of hours expended and fees billed.

15.   Attached as <u>Exhibit C</u> is a schedule specifying the categories of expenses for which CRA is seeking reimbursement and the total amount for each expense category.

### CRA's Fee Statements

16.   CRA maintains computerized records of time spent by all CRA professionals in connection with the representation of the Committee. CRA submitted monthly fee statements (the "**Monthly Fee Statements**") to the Notice Parties (as that term is defined in the Interim Compensation Order) in the format specified by the Guidelines, and as requested by the Fee Committee, allowing each of the Notice Parties an opportunity to review and object to the Monthly Fee Statements. During the Compensation Period, CRA provided the Notice Parties with the following Monthly Fee Statements:

17.   For January 1, 2015 through October 31, 2015 – fees of $363,732.00 and expenses of $1,280.87;

18.   In total, CRA submitted Monthly Fee Statements during the Compensation Period

51809647.2

for fees of $363,732.00 and expenses of $1,280.87. As noted, prior to submitting the Monthly Fee Statements, CRA conducted an internal review of the fees and expenses incurred during each applicable period. As part of this review certain time entries may have been revised or written off at CRA's discretion.

19.     Therefore, pursuant to this Application, CRA respectfully requests that the Court enter an order awarding CRA fees in an aggregate amount of $363,732.00 and the reimbursement of actual and necessary expenses CRA incurred during the Compensation Period in the aggregate amount of $1,280.87.

## Summary of Consulting Services Rendered

20.     A summary of some of the services rendered by CRA during the Compensation Period are as follows:

a. <u>Preparation of Initial Gas forecasts for Valuation</u> - CRA prepared various initial gas forecasts as requested for use in plant valuation by FTI and Lazard, and discussed various gas pricing scenarios with the leader of the valuation team.

b. <u>Gas Model Development</u> – The CRA team developed the Gas Model in preparation for litigation and further use in the bankruptcy proceedings. Each of the main components of the model were addressed in the first six months of 2015. Data for the existing components was refreshed through acquisition and extensive research. New data sources were identified to enable model enhancements that would improve the reliability and credibility of the model. The following is a summary of some of the key efforts in Gas Model development during this fee period:

  i. Created a detailed work plan for updating and enhancing the Gas Model.

  ii. Researched total gas resource potential, including the review of several major studies

51809647.2

    iii. Evaluated production costs across all major shale plays

    iv. Increased the granularity of the model by adding shale plays as needed

    v. Evaluated multiple production data sources. Selected HPDI data for its improvements over existing sources. Acquired this data and reviewed it for inclusion in the Gas Model. Used the data to evaluate well production rates and costs.

    vi. Conducted a detailed state-level analysis on policies and taxes related to natural gas production.

    vii. Ran the model throughout the development process for quality assurance and analysis purposes. This included evaluating sensitivities around assumptions/data and calibrating the model to near term oil and gas price estimates.

c. <u>Decline Curve Analysis</u> – A very important component of a natural gas production model is the set of assumptions around the production declines in new and existing wells. These production decline curves, or type curves, can drastically impact results. The CRA team evaluated a variety of data sources and conducted a thorough review of the literature. We developed a method for calculating the curves for each shale play.

d. <u>Integrating External Expertise</u> – CRA involved MIT-based expert Francis O'Sullivan for a review of our well productivity modeling technique and data.

e. <u>Gas Volatility and Futures Analysis</u> – CRA undertook research on gas price volatility, towards developing economic models of future gas price outcomes as agreed in the scope of work with the Committee. This was designed to:

    i. Model future probabilistic bounds in gas prices (which feed through to power prices in ERCOT), for examining asset valuations under various upside and

      downside cases.

    ii. Researched and developed initial econometric models of how well futures prices predict future spot price outcomes in gas beyond the period of futures market liquidity. Volume and tenor-based data and models were developed to show that futures prices (expected to be used by the debtors) are a poor predictor of future market outcomes over long-dated periods.

  f. <u>Administrative</u> – The CRA project manager prepared monthly invoices, MFIS requests, and Fee Applications as required by the Fee Committee for payment.

### Actual and Necessary Disbursements of CRA

21.    As set forth in <u>Exhibit C</u>, CRA has disbursed $1,280.87 as expenses incurred in providing professional services during the Compensation Period. These expenses are reasonable and necessary in light of the size and complexity of these Cases. For example, the complex nature of the Debtors' business, including the financial and regulatory implications of the Debtors' restructuring, required CRA professionals to work long hours, engage in numerous long distance communications and travel, and perform computerized research in order to effectively represent the Committee.

22.    The time constraints facing the Committee, along with the sheer magnitude of tasks generated in these Cases, required CRA's professionals to devote significant time during the evenings and weekends to perform legal services on behalf of the Committee. CRA's services were essential to meet deadlines, respond to motions and objections, and to satisfy the extraordinary demands of these Cases. In accordance with Local Rule 2016-2(e)(iii), all copying charges are billed at no more than $0.10 per page. Accordingly, CRA's expenses were actual and necessary to the efficient representation of the Committee and the unsecured creditors of the TCEH Debtors' estates.

51809647.2

**CRA's Requested Compensation Should be Allowed**

23.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern this Court's award of interim compensation. 11 U.S.C. § 331 (2015). Section 330 provides that a court may award a professional employed under section 328 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement of actual, necessary expenses." Id. § 330(a)(1). Section 330 also provides the criteria for awarding compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

24.     CRA submits that the services for which it seeks compensation and the expenditures on which it seeks reimbursement in this Application were necessary for and beneficial to the Committee and stakeholders of the TCEH estates. CRA worked assiduously to respond to the needs of the Committee in these Cases. The compensation requested in this Application is reasonable in light of the nature, extent, and value of CRA's services to the Committee, the TCEH estates, and all parties in interest.

51809647.2

25. Compensation of the foregoing serviced as requested is commensurate with the complexity and importance of the issues and tasked involved. CRA's professionals performed their services expediently and efficiently. Groups of the same CRA professionals were used for similar tasks in these Cases to minimize the costs of intra-CRA communication and education about the Committee and Debtors' circumstances. CRA also coordinated with other Committee professionals to prevent the duplication of services provided to the Committee.

26. CRA's services were necessary and beneficial to the Committee, and the TCEH Debtors' estates, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of compensation for professional services and reimbursement of expenses is warranted.

WHEREFORE, CRA requests that it be allowed reimbursement for its fees and expenses incurred during the Compensation Period in the total amount of $365,012.87 consisting of (a) $363,732.00 in fees incurred by the Committee for reasonable and necessary professional services rendered by CRA and (b) $1,280.87 for actual and necessary costs and expenses, and that such fees and expenses be paid as administrative expenses of the TCEH Debtors' estates.[2]

---

[2] Paragraph 2(b) of the Interim Compensation Order requires Professionals (as defined in the Interim Compensation Order) to allocate any fees and expenses to the applicable Debtors for whose direct benefit such fees and expenses were incurred (such fees, the "**Direct Benefit Fees**"). CRA has incurred fees and expenses for the collective benefit of the TCEH Debtors, but has not performed any services directly for the benefit of EFH Corporate Services Company that could be allocated as Direct Benefit Fees pursuant to the Interim Compensation Order. As a result, CRA has not attempted to break out the specific Direct Benefit Fees performed for the benefit of the TCEH Debtors since all of its fees and expenses would be allocated to the TCEH Debtors regardless under the Interim Compensation Order. Thus, all of CRA's fees and expenses identified in this Interim Fee Application should be paid by the TCEH Debtors.

51809647.2

| | |
|---|---|
| Dated: Wilmington, Delaware<br>January 12, 2016 | **MORRISON & FOERSTER LLP**<br>James M. Peck<br>Brett H. Miller<br>Lorenzo Marinuzzi<br>Todd M. Goren<br>250 West 55th Street<br>New York, New York 10019-9601<br>Telephone:  (212) 468-8000<br>Facsimile:  (212) 468-7900<br>E-mail:  jpeck@mofo.com<br>            brettmiller@mofo.com<br>            lmarinuzzi@mofo.com<br>            tgoren@mofo.com<br><br>            -and-<br><br>*/s/ Christopher A. Ward*<br>Christopher A. Ward (Del. Bar No. 3877)<br>Justin K. Edelson (Del. Bar No. 5002)<br>Jarrett K. Vine (Del. Bar No. 5400)<br>**POLSINELLI PC**<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-0920<br>Facsimile:  (302) 252-0921<br>E-mail:  cward@polsinelli.com<br>            jedelson@polsinelli.com<br>            jvine@polsinelli.com<br><br>*Counsel to the Official Committee of TCEH Unsecured Creditors* |