## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF AGENDA OF MATTERS SCHEDULED FOR
## HEARING ON JANUARY 14, 2016 STARTING AT 10:00 A.M. (EST)[2]

---

*AS NO MATTERS ARE SCHEDULED TO GO FORWARD,*
*THE HEARING HAS BEEN CANCELLED WITH PERMISSION FROM THE COURT*

---

## I.    CONTINUED/WITHDRAWN/RESOLVED MATTERS:

1.    Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2808; filed November 18, 2014]

Response/Objection Deadline:          December 11, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Sections 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Koetter Fire Protection of Austin, L.L.C. [D.I. 2950; filed December 5, 2014]

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] The January 14, 2016 hearing was scheduled to be held before The Honorable Christopher S. Sontchi at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801 beginning at 10:00 a.m. (EST).

B.      Response to Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Sections 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Allied Electronics, Inc. [D.I. 2964; filed December 10, 2014]

C.      Emerson Network Power Liebert Services' Response to Debtors' Omnibus Objection to Proof of Claim #3297 [D.I. 2970; filed December 11, 2014]

Related Documents:

i.      Declaration of Steve R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2809; filed November 18, 2014]

ii.      Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 2948; filed December 4, 2014]

iii.      Order Sustaining Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3046; filed December 17, 2014]

iv.      Order (Second) Sustaining Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3469; filed February 6, 2015]

Status: The individual status of each remaining claim subject to this matter is listed on the attached Exhibit A. On December 17, 2014, the Court entered an order granting the objection with respect to certain claimants. On February 6, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

2

2.   Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2992; filed December 12, 2014]

Response/Objection Deadline:        December 31, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:

A.   Response to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Mason Guy [D.I. 3153; filed December 29, 2014]

B.   Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Susan Keyes [D.I. 3164; filed December 31, 2014]

C.   Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Ruth Caesar [D.I. 3171; filed January 5, 2015]

D.   Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Maria Soto [Not on Docket]

Related Documents:

i.   Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2993; filed December 12, 2014]

ii.   Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3160; filed December 30, 2014]

    iii.    Order Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3236; filed January 12, 2015]

    iv.    Order (Second) Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3470; filed February 6, 2015]

    v.    Order (Third) Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3839; filed March 9, 2015]

<u>Status</u>: The individual status of each claim subject to this matter is listed on the attached <u>Exhibit B</u>. On January 12, 2015, the Court entered an order granting the objection with respect to certain claims. On February 6, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. On March 9, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

3.    Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2994; filed December 12, 2014]

<u>Response/Objection Deadline</u>:    December 31, 2014 at 4:00 p.m. (EST)

<u>Responses/Objections Received</u>:    None.

<u>Related Documents</u>:

    i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2995; filed December 12, 2014]

    ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy

Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3161; filed December 30, 2014]

iii.  Order Sustaining Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3234; filed January 12, 2014]

iv.  Order (Second) Sustaining Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3502; filed February 10, 2014]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit C. On January 12, 2015, the Court entered an order granting the objection with respect to certain claims. On February 10, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

4.  Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3212; filed January 9, 2015]

Response/Objection Deadline:       January 23, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.  Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Deborah Moore [D.I. 3352; filed January 23, 2015]

B.  Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Stephen W. Mitchell [D.I. 3355; filed January 23, 2015]

C.  Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local

5

Bankruptcy Rule 3007-1 filed by Monica Regina Hawkins [D.I. 3386; filed January 27, 2015]

D.    Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by JoAnn M. Robinson [D.I. 3389; filed January 28, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3213; filed January 9, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3374; filed January 27, 2015]

iii.    Order Sustaining Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3468; filed February 6, 2015]

iv.    Order (Second) Sustaining Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3838; filed March 9, 2015]

v.    Letter Referring to the Omnibus Objection to Claims (Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1) [D.I. 3926; filed March 18, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit D. On February 6, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On March 9, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be

RLF1 13661222v.1

determined.    Consequently, no hearing with respect to this matter is required at this time.

5.    Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3218; filed January 9, 2015]

Response/Objection Deadline:            January 23, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by DeAnna & Gerald Edwards [D.I. 3388; filed January 28, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3219; filed January 9, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3375; filed January 27, 2015]

iii.    Order Sustaining Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3465; filed February 6, 2015]

iv.    Order (Second) Sustaining Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3854; filed March 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit E.  On February 6, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto.  On March 10, 2015, the Court entered a further form of order in connection with this matter sustaining this matter with respect to the claim of Gary Waldrep. All remaining unresolved claims subject to this matter are

7

continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

6.    Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3381; filed January 27, 2015]

Response/Objection Deadline:        February 10, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Leo Griffin [D.I. 3498; filed February 9, 2015]

B.    Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jackie McClain [D.I. 3500; filed February 9, 2015]

C.    Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jack R. Beard, Jr. [D.I. 3511; filed February 11, 2015]

D.    Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jesus A Moreno [D.I. 3578; filed February 18, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3382; filed January 27, 2015]

ii.   Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy

8

Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3637; filed February 24, 2015]

iii.    Order Sustaining Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3640; filed February 24, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit F. On February 24, 2015, the Court entered an order granting the objection with respect to certain claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

7.    Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3473; filed February 6, 2015]

Response/Objection Deadline:        February 20, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Objection to Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Melva Johnson [D.I. 3636; filed February 24, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3474; filed February 6, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3639; filed February 24, 2015]

iii.    Order Sustaining Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3876; filed March 12, 2015]

9

iv.     Order (Second) Sustaining Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4094; filed April 9, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached <u>Exhibit G</u>. On March 12, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On April 9, 2015, the Court entered a further from of order sustaining the objection with respect to certain additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

8.     Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims (Redacted) [D.I. 3593; filed February 19, 2015]

Response/Objection Deadline:          March 3, 2015 at 4:00 p.m. (EST)

Reply Deadline:                         April 1, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.     Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726; filed March 3, 2015]

B.     Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727; filed March 3, 2015]

C.     Omnibus Objection of CCP Credit Acquisition Holdings, L.L.C., Centerbridge Special Credit Partners, L.P., and Centerbridge Special Credit Partners, II, L.P. to the Standing Motions [D.I. 3729; filed March 3, 2015]

D.     Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First Lien Administrative Agent and Successor TCEH First Lien Collateral Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3, 2015]

E.     Omnibus Objection of the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

F.     Reply of Wilmington Savings Fund Society, FSB to Debtors' Omnibus Objection to Standing Motions [D.I. 4029; filed April 1, 2015]

G.    Reply in Support of Motion of the Official Committee of TCEH Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims [D.I. 4031; filed April 1, 2015]

H.    Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections [D.I. 4099; filed April 9, 2015]

Related Documents:

i.    Motion of Official Committee of TCEH Unsecured Creditors for Leave to File and Serve a Late Reply in Response to Any Objections or Responses Filed in Connection with the "Motion of Official Committee of TCEH Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims" [D.I. 3759; filed March 4, 2015]

ii.    Notice of Withdrawal of Docket No. 3759 [D.I. 3793; filed March 4, 2015]

iii.    Notice of Filing of Unredacted Motion of the Official Committee of TCEH Unsecured Creditors for Entry of an Order Granting Exclusive Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims [D.I. 3862; filed March 10, 2015]

iv.    Statement of Hugh Sawyer, Disinterested Manager of Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC, in Connection with Standing Motions [D.I. 4085; filed April 8, 2015]

v.    Notice of Deposition of Hugh E. Sawyer [D.I. 4092; filed April 8, 2015]

vi.    Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4112; filed April 10, 2015]

vii.    Notice of Filing of Unredacted Omnibus Objection to the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 4118; filed April 10, 2015]

viii.    Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Corrected Motion to

11

Quash Notice of Deposition of Hugh Sawyer [D.I. 4119; filed April 10, 2015]

ix.    Notice of Rescheduled Deposition [D.I. 4128; filed April 13, 2015]

x.    Order Quashing Notice of Deposition of Hugh Sawyer [D.I. 4133; filed April 13, 2015]

xi.    Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Redacted) [D.I. 4140; filed April 14, 2015]

xii.    Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Sealed) [D.I. 4141; filed April 14, 2015]

xiii.    Notice of Filing of *Unredacted* Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4271; filed April 24, 2015]

xiv.    Amended and Restated Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4498; filed May 18, 2015]

xv.    Stipulation and Consent Order Extending Certain Deadlines in the Final Cash Collateral [D.I. 5922; filed September 11, 2105]

Status: Pursuant to paragraph P of the *Order Granting the Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement*, entered December 7, 2015 [D.I. 7243] (the "Settlement Order"), this matter was denied and overruled, with prejudice, as moot. Consequently, no hearing with respect to this matter is required.

9.    Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims (Sealed) [D.I. 3596; filed February 19, 2015]

Response/Objection Deadline:    March 3, 2015 at 4:00 p.m. (EST)

Reply Deadline:    April 1, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Response and Limited Objection of Wilmington Savings Fund Society, FSB to Certain Motions for Standing [D.I. 3725; filed March 3, 2015]

B.    Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726; filed March 3, 2015]

C.    Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727; filed March 3, 2015]

D.    Omnibus Objection of CCP Credit Acquisition Holdings, L.L.C., Centerbridge Special Credit Partners, L.P., and Centerbridge Special Credit Partners, II, L.P. to the Standing Motions [D.I. 3729; filed March 3, 2015]

E.    Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First Lien Administrative Agent and Successor TCEH First Lien Collateral Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3, 2015]

F.    Omnibus Objection of the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

G.    Omnibus Response of the Official Committee of TCEH Unsecured Creditors to (I) Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims; and (II) Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3733; filed March 3, 2015]

H.    Reply of Wilmington Savings Fund Society, FSB to Debtors' Omnibus Objection to Standing Motions [D.I. 4029; filed April 1, 2015]

I.    Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections (Sealed) [D.I. 4044; filed April 1, 2015]

J.    Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections (Redacted) [D.I. 4045; filed April 1, 2015]

K.    Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections [D.I. 4099; filed April 9, 2015]

Related Documents:

i.      Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims (Redacted) [D.I. 3603; filed February 19, 2015]

ii.     Statement of Hugh Sawyer, Disinterested Manager of Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC, in Connection with Standing Motions [D.I. 4085; filed April 8, 2015]

iii.    Notice of Deposition of Hugh E. Sawyer [D.I. 4092; filed April 8, 2015]

iv.     Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4112; filed April 10, 2015]

v.      Notice of Filing of Unredacted Omnibus Objection to the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 4118; filed April 10, 2015]

vi.     Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Corrected Motion to Quash Notice of Deposition of Hugh Sawyer [D.I. 4119; filed April 10, 2015]

vii.    Notice of Rescheduled Deposition [D.I. 4128; filed April 13, 2015]

viii.   Order Quashing Notice of Deposition of Hugh Sawyer [D.I. 4133; filed April 13, 2015]

ix.     Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Redacted) [D.I. 4140; filed April 14, 2015]

x.      Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Sealed) [D.I. 4141; filed April 14, 2015]

xi.     Notice of Filing of *Unredacted* Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4271; filed April 24, 2015]

xii.    Amended and Restated Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4498; filed May 18, 2015]

xiii.  Stipulation and Consent Order Extending Certain Deadlines in the Final Cash Collateral Order [D.I. 5922; filed September 11, 2015]

<u>Status</u>: Pursuant to paragraph P of the Settlement Order, this matter was denied and overruled, with prejudice, as moot. Consequently, no hearing with respect to this matter is required.

10.  Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3605; filed February 19, 2015]

<u>Response/Objection Deadline</u>:  March 3, 2015 at 4:00 p.m. (EST)

<u>Reply Deadline</u>:  April 1, 2015 at 4:00 p.m. (EDT)

<u>Responses/Objections Received</u>:

A.  Response and Limited Objection of Wilmington Savings Fund Society, FSB to Certain Motions for Standing [D.I. 3725; filed March 3, 2015]

B.  Debtors' Omnibus Objection to Standing Motions (Redacted) [D.I. 3726; filed March 3, 2015]

C.  Debtors' Omnibus Objection to Standing Motions (Sealed) [D.I. 3727; filed March 3, 2015]

D.  Omnibus Objection of Wilmington Trust, N.A., as Successor TCEH First Lien Administrative Agent and Successor TCEH First Lien Collateral Agent, to the Motions for Derivative Standing [D.I. 3731; filed March 3, 2015]

E.  Omnibus Objection of the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 3732; filed March 3, 2015]

F.  Omnibus Response of the Official Committee of TCEH Unsecured Creditors to (I) Motion of the Ad Hoc Group of TCEH Unsecured Noteholders for Entry of an Order Granting Standing and Authority to Commence, Prosecute, and Settle Certain Claims for Declaratory Judgment, Avoidance and Recovery of Liens, Security Interests, Obligations, Fees, and Interest Payments, and Disallowance of Claims; and (II) Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3733; filed March 3, 2015]

G.     Objection of the Ad Hoc Group of TCEH Unsecured Noteholders to the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3734; filed March 3, 2015]

H.     Objection of Law Debenture Trust Company of New York, as Indenture Trustee, to the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3741; filed March 3, 2015]

I.     Reply of Wilmington Savings Fund Society, FSB to Debtors' Omnibus Objection to Standing Motions [D.I. 4029; filed April 1, 2015]

J.     Reply of the EFH Official Committee to Objections and Responses Filed in Connection with the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates (Sealed) [D.I. 4034; filed March 1, 2015]

K.     Omnibus Reply of the Ad Hoc Group of TCEH Unsecured Noteholders to Standing Objections [D.I. 4099; filed April 9, 2015]

Related Documents:

i.     Motion of the EFH Official Committee for Leave to File and Serve a Late Reply in Connection with the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3774; filed March 4, 2015]

ii.    Notice of Withdrawal of Docket Number 3774 [D.I. 3795; filed March 4, 2015]

iii.   Notice of Filing of Unredacted Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 3869; filed March 10, 2015]

iv.    Notice of Filing of Unsealed Reply of the EFH Official Committee to Objections and Responses Filed in Connection with the Motion of the EFH Official Committee for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Luminant Debtors' Estates [D.I. 4107; filed March 9, 2015]

v.     Notice of Filing of Unredacted Omnibus Objection to the Ad Hoc Committee of TCEH First Lien Creditors to Standing Motions [D.I. 4118; filed April 10, 2015]

vi.      Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Redacted) [D.I. 4140; filed April 14, 2015]

vii.     Notice of Filing of Stipulation and Agreed Order Regarding the Adjournment of Standing Motions (Sealed) [D.I. 4141; filed April 14, 2015]

viii.     Notice of Filing of *Unredacted* Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4271; filed April 24, 2015]

ix.      Amended and Restated Stipulation and Agreed Order Regarding the Adjournment of Standing Motions [D.I. 4498; filed May 18, 2015]

x.       Stipulation and Consent Order Extending Certain Deadlines in the Final Cash Collateral Order [D.I. 5922; filed September 11, 2015]

Status: Pursuant to paragraph P of the Settlement Order, this matter was denied and overruled, with prejudice, as moot. Consequently, no hearing with respect to this matter is required.

11.    Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3896; filed March 13, 2015]

Response/Objection Deadline:       March 27, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.      Claimant Response to Debtor Objection to Claim for Rose S. Washington [D.I. 3998; filed March 27, 2015]

Related Documents:

i.       Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3897; filed March 13, 2015]

ii.      Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4013; filed March 31, 2015]

    iii.    Order Sustaining Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4093; filed April 9, 2015]

    iv.    Order (Second) Sustaining Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4677; filed June 4, 2015]

<u>Status</u>: The individual status of each claim subject to this matter is listed on the attached <u>Exhibit H</u>. On April 9, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. On June 4, 2015, the Court entered a further form of order sustaining the objection with respect to certain additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

12.    Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4003; filed March 27, 2015]

    <u>Response/Objection Deadline</u>:    April 10, 2015 at 4:00 p.m. (EDT)

    <u>Responses/Objections Received</u>:

    A.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Lori Slocum for estate of Donald L. Cox [D.I. 4088; filed April 8, 2015]

    B.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Yolanda H. Small [D.I. 4089; filed April 8, 2015]

    C.    Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Timmy Villarreal [D.I. 4114; filed April 10, 2015]

D.     Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Joan H. Hughes [D.I. 4150; filed April 14, 2015]

E.     Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Robert E. Walker [D.I. 4151; filed April 14, 2015]

F.     Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Marilyn Bell [D.I. 4152; filed April 14, 2015]

G.     Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Nikita Denis Bailey-Kelly [D.I. 4153; filed April 14, 2015]

H.     Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Judy Allen [D.I. 4154; filed April 14, 2015]

I.     Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Melvin Williams [D.I. 4204; filed April 17, 2015]

Related Documents:

i.     Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4004; filed March 27, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4226; filed April 20, 2015]

iii.   Order Sustaining Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4373; filed May 1, 2015]

iv.    Order (Second) Sustaining Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4676; filed June 4, 2015]

v.     Order (Third) Sustaining Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4905; filed July 1, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit I.  On May 1, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto.  On June 4, 2015, the Court entered a further form of order sustaining the objection with respect to certain additional claims subject thereto.  On July 1, 2015, the Court entered a further form of order sustaining the objection with respect to certain additional claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

13.    Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4050; filed April 2, 2015]

Response/Objection Deadline:        April 16, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:      None.

Related Documents:

i.     Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of

20

the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4051; filed April 2, 2015]

ii.   Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4227; filed April 20, 2015]

iii.  Order Sustaining Debtors' Fourteenth Omnibus (Substantive) Objection to (Certain Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4280; filed April 27, 2015]

iv.   Letter and Statement of Facts filed by Kenneth R. Stewart [D.I. 5384; filed August 18, 2015]

v.    Statement of Facts-Amendment to the Statement with Additional Information filed by Kenneth R. Stewart [D.I. 5716; filed August 25, 2015]

vi.   Letter Regarding Time to Hire an Attorney to File an Adversary filed by Kenneth R. Stewart [D.I. 6101; filed September 18, 2015]

vii.  Letter filed by Kenneth R. Stewart [D.I. 6934; filed November 10, 2015]

viii. Order (Second) Sustaining Debtors' Fourteenth Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 7382; filed December 16, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit J.  On April 27, 2015, the Court entered an order sustaining this matter as to various claims subject thereto.  On December 16, 2015, the Court entered a further form of order sustaining the objection with respect to the remaining claims of Kuk Ja Stewart and any alleged claims asserted by Kenneth Stewart for this matter. Consequently, no hearing with respect to this matter is required.

14.  Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4052; filed April 2, 2015]

Response/Objection Deadline:        April 16, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.      Amelia Maurillo's Response to Debtor's Objection to Amelia Maurillo
        Proof of Claim [D.I. 4206; filed April 17, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez &
        Marsal North America, LLC, in Support of the Debtors' Fifteenth
        Omnibus (Non-Substantive) Objection to (Insufficient Documentation)
        Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy
        Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I.
        4053; filed April 2, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors'
        Fifteenth  Omnibus  (Non-Substantive)  Objection  to  (Insufficient
        Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy
        Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy
        Rule 3007-1" [D.I. 4228; filed April 20, 2015]

iii.    Order  Sustaining  Debtors'  Fifteenth  Omnibus  (Non-Substantive)
        Objection to (Insufficient Documentation) Claims Pursuant to Section
        502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007,
        and Local Bankruptcy Rule 3007-1 [D.I. 4281; filed April 27, 2015]

Status: The individual status of each claim subject to this matter is listed on the
        attached Exhibit K.  On April 27, 2015, the Court entered an order
        sustaining this matter as to various claims subject thereto.  All remaining
        unresolved claims subject to this matter are continued to a date to be
        determined.  Consequently, no hearing with respect to this matter is
        required at this time.

15.   Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient
      Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b)
      of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local
      Bankruptcy Rule 3007-1 [D.I. 4782; filed June 16, 2015]

      Response/Objection Deadline:        June 30, 2015 at 4:00 p.m. (EDT)

22

Responses/Objections Received:

A.   Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Consolidated Communications Inc. [D.I. 4894; filed June 30, 2015]

B.   Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Glenda Carol Phillips Lee [D.I. 4896; filed June 30, 2015]

C.   Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Donna Phillips [D.I. 4897; filed June 30, 2015]

D.   Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jacquelyn A. Myles [D.I. 4906; filed July 1, 2015]

E.   Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Amelia M. McMillan [D.I. 4917; filed July 2, 2015]

F.   Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Austin Kovach [D.I. 4943; filed July 8, 2015]

Related Documents:

i.   Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4783; filed June 16, 2015]

ii. Notice of Submission of Copies of Proofs of Claim Related to "Debtors Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4913; filed July 2, 2015]

iii. Order Sustaining Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5006; filed July 15, 2015]

iv. Declaration of Barry Harman, Pro Se Claimant, in Support of the Original Claim as Filed and in Opposition to Debtors Standard Form Objection(s) [D.I. 5076; filed July 22, 2015]

v. Order (Second) Sustaining Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5875; filed September 8, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit L.  On July 15, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. On September 8, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

16. Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4784; filed June 16, 2015]

Response/Objection Deadline:        July 2, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A. Creditors Response to Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Wayne English [D.I. 4882; filed June 29, 2015]

24

B.    Response to Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Puente Brothers Investments, LLC [D.I. 4895; filed June 30, 2015]

C.    Response to Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jeffrey and Linda Sue Lammers [D.I. 4919; filed July 2, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4785; filed June 16, 2015]

ii.    *Amended* Notice of "Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" and Hearing Thereon [D.I. 4804; filed June 18, 2015]

iii.    *Second Amended* Notice of "Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" and Hearing Thereon [D.I. 4851; filed June 24, 2015]

iv.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5011; filed July 15, 2015]

v.    Order Sustaining Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5089; filed July 24, 2015]

vi.    Order (Second) Sustaining Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5876; filed September 8, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit M. On July 24, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. On September 8, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

17.    Debtors' Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4786; filed June 16, 2015]

Response/Objection Deadline:    July 2, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:    None.

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Eighteenth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4787; filed June 16, 2015]

ii.    *Amended* Notice of "Debtors' Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" and Hearing Thereon [D.I. 4805; filed June 18, 2015]

iii.    *Second Amended* Notice of "Debtors' Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" and Hearing Thereon [D.I. 4852; filed June 24, 2015]

iv.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code,

Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5012; filed July 15, 2015]

v.     Order Sustaining Debtors' Eighteenth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5214; filed August 5, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit N. On August 5, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

18.   Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4970; filed July 10, 2015]

Response/Objection Deadline:      July 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:      None.

Related Documents:

i.     Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4971; filed July 10, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5014; filed July 15, 2015]

iii.   Order Sustaining Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5255; filed August 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit O. On August 10, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

19.   Debtors' Twentieth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4972; filed July 10, 2015]

Response/Objection Deadline:        July 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.      Response of Rexel, Inc. to Debtors' 20th and 21st Omnibus Objections to Claims [D.I. 5195; filed July 31, 2015]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twentieth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4973; filed July 10, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twentieth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5015; filed July 15, 2015]

iii.    Order Sustaining Debtors' Twentieth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5253; filed August 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit P. On August 10, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

RLF1 13661222v.1

20. Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4974; filed July 10, 2015]

Response/Objection Deadline:    July 24, 2015 at 4:00 p.m. (EDT); extended to August 7, 2015 at 4:00 p.m. (EDT) for Mastercraft Printed Products

Responses/Objections Received:

A. Response of Rexel, Inc. to Debtors' 20th and 21st Omnibus Objections to Claims [D.I. 5195; filed July 31, 2015]

B. Mastercraft Printed Products & Services, Inc.'s Response to Debtors' Objection to Claims [D.I. 5241; filed August 7, 2015]

Related Documents:

i. Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4975; filed July 10, 2015]

ii. Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5017; filed July 15, 2015]

iii. Order Sustaining Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5252; filed August 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit Q. On August 10, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

21. Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4976; filed July 10, 2015]

Response/Objection Deadline:    July 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:    None.

Related Documents:

i.      Declaration of Michael Carter in Support of the Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 4977; filed July 10, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Regarding the Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5000; filed July 15, 2015]

iii.    Order Sustaining Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5250; filed August 10, 2015]

iv.     Notice of Withdrawal of Objection from Ty-Flot Inc. to Debtor's [SIC] Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) [D.I. 5399; filed August 18, 2015]

v.      Order (Second) Sustaining Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 6777; filed October 30, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit R. On August 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On October 30, 2015, the Court entered a subsequent order in connection with this matter resolving additional various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

22.   Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 4978; filed July 10, 2015]

RLF1 13661222v.1

Response/Objection Deadline:    July 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:    None.

Related Documents:

i.    Declaration of Michael Carter in Support of the Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 4979; filed July 10, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Regarding the Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5001; filed July 15, 2015]

iii.    Order Sustaining Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5251; filed August 10, 2015]

iv.    Order (Second) Sustaining Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 6778; filed October 30, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit S. On August 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On October 30, 2015, the Court entered a subsequent order in connection with this matter resolving additional various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

23.    Debtors' Twenty-Fifth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5366; filed August 17, 2015]

Response/Objection Deadline:    August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:    None.

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twenty-Fifth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5368; filed August 17, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twenty-Fifth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5699; filed August 24, 2015]

iii.    Order Sustaining Debtors' Twenty-Fifth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5906; filed September 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit T. On September 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

24.    Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5369; filed August 17, 2015]

Response/Objection Deadline:          August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5370; filed August 17, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code,

Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5701; filed August 24, 2015]

iii.     Order Sustaining Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5907; filed September 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit U. On September 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

25.     Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5371; filed August 17, 2015]

Response/Objection Deadline:          August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:     None.

Related Documents:

i.      Declaration of Michael Carter in Support of the Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5372; filed August 17, 2015]

ii.     Notice of Submission of Proofs of Claim Regarding the Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5675; filed August 21, 2015]

iii.    Order Sustaining Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 6051; filed September 16, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit V. On September 16, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date

33

to be determined.  Consequently, no hearing with respect to this matter is required at this time.

26.    Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5373; filed August 17, 2015]

Response/Objection Deadline:          August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.     Response of Cellco Partnership d/b/a Verizon Wireless to Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5802; filed August 31, 2015]

B.     Objection to Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 filed by Benetech Inc. [D.I. 5834; filed August 31, 2015]

C.     Response of Rexel, Inc. to Debtors' 28th Omnibus Objection [SIC] to Claims [D.I. 5838; filed September 2, 2015]

D.     Response of Benetech to the Excel File Titled Claim 5776 [D.I. 6147; filed September 23, 2015]

Related Documents:

i.     Declaration of Michael Carter in Support of the Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5374; filed August 17, 2015]

ii.    Notice of Submission of Proofs of Claim Regarding the Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5678; filed August 21, 2015]

iii.   Order Sustaining Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 6050; filed September 16, 2015]

34

iv.    Order (Second) Sustaining Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 6776; filed October 30, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit W. On September 16, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On October 30, 2015, the Court entered a subsequent order in connection with this matter resolving additional various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

27.    Objection of Energy Future Holdings Corp. to Proofs of Claim 6524-6733, 7477, 7478 and 7479 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for EFH Legacy Notes [D.I. 6463; filed October 14, 2015]

Response/Objection Deadline:    October 28, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Response of EFH Legacy Notes Trustee to Objection of Energy Future Holdings Corp. to Proofs of Claim 6524-6733, 7477, 7478 and 7479 Filed by American Stock Transfer & Trust Co. LLC as Indenture Trustee for EFH Legacy Notes [D.I. 6718; filed October 28, 2015]

Related Documents:

i.    Re-Notice of (I) "Objection of Energy Future Holdings Corp. to Proofs of Claim 6524-6733, 7477, 7478 and 7479 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for EFH Legacy Notes" [D.I. 6463]; (II) "Objection of Energy Future Holdings Corp., et al., to Proof of Claim 7475, 7480, 7481, and 6874-6943 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH LBO Notes" [D.I. 6596]; and (III) "Objection of Energy Future Holdings Corp., et al., to Proofs of Claim 7476, 7482, and 6734-6873 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH Unexchanged Notes" [D.I. 6599] and Hearing Thereon [D.I. 6950; filed November 11, 2015]

Status: By agreement of the parties, the hearing on this matter is continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

35

28.    Debtors' Thirty-Third Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 6499; filed October 16, 2015]

Response/Objection Deadline:        October 30, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Doyenne Constructors LLC's Response to the Debtors' Thirty-Third Omnibus (Non-Substantive) Objection to Insufficient Documentation, Amended, and Wrong Debtor Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 6791; filed October 30, 2015]

B.    Amended Doyenne Constructors LLC's Response to the Debtors' Thirty-Third Omnibus (Non-Substantive) Objection to Insufficient Documentation, Amended, and Wrong Debtor Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 6792; filed October 30, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC in Support of the Debtors' Thirty-Third Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 6501; filed October 16, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Thirty-Third Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 6937; filed November 10, 2015]

iii.    Order Sustaining Debtors' Thirty-Third Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 7071; filed November 20, 2015]

iv.    Order (Second) Sustaining Debtors' Thirty-Third Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 7381; filed December 16, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit X. On November 20, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On December 16, 2015, the Court entered a further form of order sustaining the objection with respect to certain additional claims subject thereto. The parties entered into a *Claim Settlement Stipulation* which, among other things, fully and finally resolves the claim of Doyenne Constructors LLC subject to this matter. All other remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

29.    Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 6505; filed October 16, 2015]

Response/Objection Deadline:          October 30, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Response of Tannor Partners Credit Fund, LP to Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims [D.I. 6785; filed October 30, 2015]

B.    Response of Knife River Corporation - South to Claim Objection Filed by Debtor [D.I. 6798; filed October 30, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC in Support of the Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 6506; filed October 16, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 6938; filed November 10, 2015]

iii.    Order Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 7069; filed November 20, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit Y. On November 20, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

30.   Objection of Energy Future Holdings Corp., *et al.*, to Proofs of Claim 7475, 7480, 7481, and 6874-6943 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for EFH LBO Notes [D.I. 6596; filed October 23, 2015]

Response/Objection Deadline:     November 6, 2015 at 4:00 p.m. (EST); extended to a date to be determined for American Stock Transfer & Trust Co., as indenture trustee

Responses/Objections Received:     None at this time.

Related Documents:

i.   Re-Notice of (I) "Objection of Energy Future Holdings Corp. to Proofs of Claim 6524-6733, 7477, 7478 and 7479 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for EFH Legacy Notes" [D.I. 6463]; (II) "Objection of Energy Future Holdings Corp., *et al.*, to Proof of Claim 7475, 7480, 7481, and 6874-6943 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH LBO Notes" [D.I. 6596]; and (III) "Objection of Energy Future Holdings Corp., *et al.*, to Proofs of Claim 7476, 7482, and 6734-6873 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH Unexchanged Notes" [D.I. 6599] and Hearing Thereon [D.I. 6950; filed November 11, 2015]

Status: By agreement of the parties, the hearing on this matter is continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

31.   Objection of Energy Future Holdings Corp., *et al.*, to Proofs of Claim 7476, 7482, and 6734-6873 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for EFH Unexchanged Notes [D.I. 6599; filed October 23, 2015]

Response/Objection Deadline:     November 6, 2015 at 4:00 p.m. (EST); extended to a date to be determined for American Stock Transfer & Trust Co., as indenture trustee

Responses/Objections Received:     None at this time.

Related Documents:

i.      Re-Notice of (I) "Objection of Energy Future Holdings Corp. to Proofs of Claim 6524-6733, 7477, 7478 and 7479 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for EFH Legacy Notes" [D.I. 6463]; (II) "Objection of Energy Future Holdings Corp., *et al.*, to Proof of Claim 7475, 7480, 7481, and 6874-6943 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH LBO Notes" [D.I. 6596]; and (III) "Objection of Energy Future Holdings Corp., *et al.*, to Proofs of Claim 7476, 7482, and 6734-6873 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH Unexchanged Notes" [D.I. 6599] and Hearing Thereon [D.I. 6950; filed November 11, 2015]

Status: By agreement of the parties, the hearing on this matter is continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

32.    Doyenne Constructors LLC's Motion to Approve and/or for Leave to Amend Claims Nos. 1102-1104 [D.I. 7156; filed November 25, 2015]

Response/Objection Deadline:       December 9, 2015 at 4:00 p.m. (EST); extended for the Debtors to a date to be determined

Responses/Objections Received:     None.

Status: The parties entered into a *Claim Settlement Stipulation* which, among other things, provides that this matter is deemed withdrawn. Consequently, no hearing with respect to this matter is required.

33.    Notice of Filing of "Stipulation and Consent Order Authorizing the Debtors to Make Non-Scheduled Payments to Kirkland & Ellis LLP Subject to Reservation of Rights" [D.I. 7450; filed December 23, 2015]

Response/Objection Deadline:       January 7, 2016 at 4:00 p.m. (EST)

Responses/Objections Received:     None.

Related Documents:

i.      Certification of No Objection Regarding "Stipulation and Consent Order Authorizing the Debtors to Make Non-Scheduled Payments to Kirkland & Ellis LLP Subject to Reservation of Rights" [D.I. 7450] [D.I. 7616; filed January 11, 2016]

39

ii.     Order Approving Stipulation Authorizing the Debtors to Make Non-Scheduled Payments to Kirkland & Ellis LLP Subject to Reservation of Rights [D.I. 7627; filed January 12, 2016]

Status: On January 12, 2016, the Court entered an order granting the Debtors the relief requested in connection with this matter. Consequently, no hearing with respect to this matter is required.

## II.     PLAN CONFIRMATION CURE OBJECTIONS:

34.     Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 7235; filed December 6, 2015]

Cure Response/Objection Deadline: October 30, 2015

Extant/Unresolved Cure Responses/Objections Received:

A.     Oracle's Limited Objection and Reservation of Rights Regarding (I) the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code; and (II) Notice of (A) Executory Contracts and Unexpired Leases to be Assumed by the Debtors Pursuant to the Plan; (B) Cure Amounts, if Any; and (C) Related Procedures in Connection Therewith [D.I. 6592; filed October 23, 2015]

B.     Limited Objection and Reservation of Rights of Tannor Partners Credit Fund, L.P. to Proposed Assumption and Assignment of Certain Executory Contracts and Unexpired Leases [D.I. 6687; filed October 27, 2015]

C.     Liberty Mutual Insurance Company's Limited Objection to Notice of (A) Executory Contracts and Unexpired Leases to be Assumed by the Debtors Pursuant to the Plan; (B) Cure Amounts, it any; and (C) Related Procedures in Connection Therewith [D.I. 6789; filed October 30, 2015]

Status: The status of each cure objection received is set forth on Exhibit Z hereto. Each of the unresolved cure objections is further adjourned to the hearing scheduled to take place on February 18, 2016 starting at 11:00 a.m. (EST).

*[Remainder of page intentionally left blank.]*

Dated: January 12, 2016
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Email:         collins@rlf.com
               defranceschi@rlf.com
               madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         edward.sassower@kirkland.com
               stephen.hessler@kirkland.com
               brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         james.sprayregen@kirkland.com
               marc.kieselstein@kirkland.com
               chad.husnick@kirkland.com
               steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

41