**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: D.I. 4786, 4787, 5214** |

**ORDER (SECOND) SUSTAINING DEBTORS'
EIGHTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION
TO (CERTAIN IMPROPERLY ASSERTED) CLAIMS PURSUANT
TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1**

Upon the objection (the "Objection")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), modifying the Disputed Claim set forth on **Exhibit 1** attached hereto, all as set forth in the Objection and the Kotarba Declaration; and the Court having previously entered the *Order Sustaining Debtors' Eighteenth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1*, dated August 5, 2015 [D.I. 5214] (the "Initial Order"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Objection in this district is proper pursuant to

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Objection and the opportunity for a hearing on the Objection (the "Hearing") under the circumstances; and the Court having reviewed the Objection and having heard the statements in support of the relief requested therein at the Hearing, if any; and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is sustained as set forth in the Initial Order and herein.

2. The Disputed Claim set forth on the attached **Exhibit 1** is hereby modified as provided on the attached **Exhibit 1**.

3. The Claims Agent is authorized to modify the Claims Register to comport with the entry of this Order.

4. Nothing set forth herein shall affect the parties' rights with respect to the Disputed Claims, as modified, and the parties' rights with respect to such claims are reserved, including, for the avoidance of doubt, the Debtors' right to object in the future to the Disputed Claims on any grounds permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any particular claim (including the Proofs of Claim) against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim (including the Proofs of Claim) on any grounds;

(c) a promise or requirement to pay any particular claim (including the Proofs of Claim); (d) an implication or admission that any particular claim is of a type specified or defined in this Objection (except as set forth herein); (e) an admission by the Debtors that any contract or lease is executory or unexpired, as applicable; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (g) a request or authorization to assume or reject any agreements under section 365 of the Bankruptcy Code; (h) a waiver of any party's rights to assert that any other party is in breach or default of any agreement; or (i) an admission that any contract or lease is integrated with any other contract or lease.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

8. This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Dated: January _____, 2016
       Wilmington, Delaware      _____
                                       THE HONORABLE CHRISTOPHER S. SONTCHI
                                       UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1** to **EXHIBIT A**

**Modify Amount and Modify Priority Claims**

**ENERGY FUTURE HOLDINGS CORP., et al.**

**EIGHTEENTH OMNIBUS (SUBSTANTIVE): EXHIBIT 1 TO EXHIBIT A – Modify Amount and Modify Priority Claims**

| | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | AMOUNT | MODIFIED DEBTOR | PRIORITY STATUS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | SONAR CREDIT PARTNERS III, LLC AS ASSIGNEE OF ARBILL INDUSTRIES SUITE 208 80 BUSINESS PARK DRIVE ARMONK, NY 10504 | 5106 | Luminant Mining Company LLC | 503(b)(9) | $13,102.63 | Luminant Mining Company LLC | 503(b)(9) | $13,023.05 |
| | | | | | | Luminant Mining Company LLC | Unsecured | $10.48 |
| | | | | | | | Subtotal | $13,033.53 |
| | REASON FOR MODIFICATION: Modified amount reflects (1) adjustment for amount paid via check number 8000939916 on 4/21/2014 and (2) amount owed according to Debtors' books and records. Modified priority reflects goods that were received by the Debtor more than 20 days before the petition date, claims for which are ineligible for 503(b)(9) priority status. | | | | | | | |
| | | | | TOTAL | $13,102.63 | | TOTAL | $13,033.53 |

Page 1 of 1

**Exhibit B**

**Redline of Exhibit 1**

**(Modify Amount and Priority Claim)**

# ENERGY FUTURE HOLDINGS CORP., et al.

## EIGHTEENTH OMNIBUS (SUBSTANTIVE): EXHIBIT 1 TO EXHIBIT A – Modify Amount and Modify Priority Claims

| | NAME | CLAIM # | ASSERTED DEBTOR | ASSERTED PRIORITY STATUS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED PRIORITY STATUS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | SONAR CREDIT PARTNERS III, LLC AS ASSIGNEE OF ARBILL INDUSTRIES SUITE 208 80 BUSINESS PARK DRIVE ARMONK, NY 10504 | 5106 | Luminant Mining Company LLC | 503(b)(9) | $13,102.63 | Luminant Mining Company LLC | 503(b)(9) | $13,023.05~~13,013.89~~ |
| | | | | | | Luminant Mining Company LLC | Unsecured | $10.48~~19.64~~ |
| | | | | | | | Subtotal | $13,033.53 |

**REASON FOR MODIFICATION:** Modified amount reflects (1) adjustment for amount paid via check number 8000939916 on 4/21/2014 and (2) amount owed according to Debtors' books and records. Modified priority reflects goods that were received by the Debtor more than 20 days before the petition date, claims for which are ineligible for 503(b)(9) priority status.

| | | | | TOTAL | $13,102.63 | | TOTAL | $13,033.53 |