**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SUMMARY COVER SHEET TO THE FIFTH INTERIM
FEE APPLICATION OF KIRKLAND & ELLIS LLP AND
KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS FOR
THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD
FROM SEPTEMBER 1, 2015 THROUGH AND INCLUDING DECEMBER 31, 2015**

In accordance with the Local Bankruptcy Rules for the District of Delaware (the "Local Bankruptcy Rules"), Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "Kirkland"), attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submit this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the fifth interim fee application to which this Summary is attached (the "Fee Application")[2] for the period from September 1, 2015 through and including December 31, 2015 (the "Fee Period").

Kirkland submits the Fee Application as an interim fee application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order") and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").

| General Information |
|---|

| | |
|---|---|
| Name of Applicants: | Kirkland & Ellis LLP and Kirkland & Ellis International LLP |

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]  Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application.

| | |
|---|---|
| Authorized to Provide Services to: | Energy Future Holdings Corp., *et al.* |
| Petition Date: | April 29, 2014 |
| Date of Order Authorizing the Debtors to Retain Kirkland: | September 16, 2014, *nunc pro tunc* to April 29, 2014 [D.I. 2052] |

### Summary of Fees and Expenses Sought in the Fee Application[3]

| | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | September 1, 2015 through and including December 31, 2015 |
| Voluntary Fee Waiver and Expense Reduction in this Fee Period: [4] | Reduced fees by $1,196,081.00 and expenses by $108,762.20 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $20,074,835.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $1,256,581.06 |

---

[3]    Of the amount of fees and expenses sought in the Fee Application, as of the date hereof, $4~~3,838~~,059,~~193~~.90 represents the amount for which Kirkland has not sought compensation in the monthly fee statements it has filed for the following periods:  September 1, 2015 to September 30, 2015 [D.I. 7010] (the "September Monthly Fee Statement"), October 1, 2015 to October 31, 2015 [D.I. 7252] (the "October Monthly Fee Statement"), November 1, 2015 to November 30, 2015 [D.I. 7550] (the "November Monthly Fee Statement"), and December 1, 2015 to December 31, 2015 [D.I. 7699] (the "December Monthly Fee Statement" and, collectively with the other above-referenced fee statements, the "Monthly Fee Statements").

The total fees and expenses sought in the Fee Application include (a) fees for work performed and expenses incurred for a specific Debtor's estate totaling $3,000,486.50 (comprised of $2,996,092.00 in fees and $4,394.50 in expenses) (the "Direct Benefit Fees") and (b) fees for work performed and expenses incurred for all Debtors' estates totaling $18,~~552,064~~330,930.06 (comprised of $17,~~299,877~~078,743.50 in fees and $1,252,186.56 in expenses) (the "Collective Benefit Fees").  Specifically, the Direct Benefit Fees include fees and expenses of (a) $31,296.10 for the EFH Corp. Debtors, (b) $618,292.00 for the EFIH Debtors, and (c) $2,350,989.40 for the TCEH Debtors.   The Collective Benefit Fees include fees and expenses of (a) $~~500,516.49~~498,548.06 for the EFH Corp. Debtors, (b) $4,~~406,392.69~~351,039.94 for the EFIH Debtors, and (c) $13,~~645,154.88~~481,342.06 for the TCEH Debtors.

[4]    Kirkland voluntarily reduced its fees and expenses by the amounts described above and consequently does not seek payment of these fees and expenses in this Fee Application.  Subsequent to the filing of the September Monthly Fee Statement and the October Monthly Fee Statement, Kirkland made additional voluntary reductions of amounts sought.  Consequently, Kirkland does not seek compensation for those reduced fees in this Fee Application.

Total Compensation and Expense
Reimbursement Requested for the Fee Period:                $21,331,416.56

**Rate Increases Applicable to the Fee Period**

Total Amount of Compensation
Sought for the Fee Period, Calculated              $ 18,214,726.50
Using Rates as of the Date of Retention:

**Summary of Past Requests for Compensation and Prior Payments**[5]

Total Amount of Compensation Previously Requested
Pursuant to the Interim Compensation Order to Date: [6]     $125,067,877.50

Total Amount of Expense Reimbursement Previously
Requested Pursuant to the Interim Compensation Order to Date:   $9,366,581.51

Total Compensation Approved
Pursuant to the Interim Compensation Order to Date:        $76,150,362.43

Total Amount of Expense Reimbursement Approved
Pursuant to the Interim Compensation Order to Date:        $5,784,855.77

Total Allowed Compensation Paid to Date:              $76,150,362.43

Total Allowed Expenses Paid to Date:               $5,784,855.77

Compensation Sought in this Fee Application Already Paid
Pursuant to the Interim Compensation Order But Not Yet       $10,602,564.80
Allowed:

Expenses Sought in this Fee Application Already Paid
Pursuant to the Interim Compensation Order But Not Yet       $837,492.33
Allowed:

---

[5]   Kirkland filed the September Monthly Fee Statement on November 16, 2015 [D.I. 7010], the October Monthly
      Fee Statement on December 7, 2015 [D.I. 7252], the November Monthly Fee Statement on January 4, 2016
      [D.I. 7550], and the December Monthly Fee Statement on January 20, 2016 [D.I. 7699].  As of the date hereof,
      Kirkland has received payments totaling $11,440,057.13 relating to compensation and expenses sought in the
      Monthly Fee Statements.

[6]   Kirkland filed its fourth interim fee application on October 15, 2015 [D.I. 6484], which will be heard at the
      hearing scheduled for February 18, 2016.

Wilmington, Delaware
Dated:  January ~~21~~22, 2016

/s/ Edward O. Sassower

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:             edward.sassower@kirkland.com
                   stephen.hessler@kirkland.com
                   brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:             james.sprayregen@kirkland.com
                   marc.kieselstein@kirkland.com
                   chad.husnick@kirkland.com
                   steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## FIFTH INTERIM FEE APPLICATION OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM SEPTEMBER 1, 2015 THROUGH AND INCLUDING DECEMBER 31, 2015

Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "Kirkland"), attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits its fifth interim fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $20,074,835.50 and reimbursement of actual and necessary expenses in the amount of $1,256,581.06 that Kirkland incurred for the period from September 1, 2015 through and including December 31, 2015 (the "Fee Period"). In support of this Fee Application, Kirkland submits the declaration of Edward O. Sassower, the president of Edward O. Sassower, P.C., a partner of Kirkland & Ellis LLP, and a partner of Kirkland & Ellis International LLP, (the "Sassower Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference. In further support of this Fee Application,

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Kirkland respectfully states as follows.[2]

## Jurisdiction

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and Kirkland consents pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Fee Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2016-1 and 2016-2 of the Local Bankruptcy Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order") and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").[3]

---

[2]    Capitalized terms used but not otherwise defined in this Fee Application shall have the meanings ascribed to such terms in the *Summary Cover Sheet to the Fifth Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period from September 1, 2015 Through and Including December 31, 2015.*

[3]    On October 3, 2014, October 7, 2014, December 1, 2014, March 9, 2015, June 9, 2015, and December 15, 2015, the Fee Committee (as defined herein) distributed guidelines to those professionals retained in these chapter 11 cases regarding a number of topics, including, expense reimbursement, fee review criteria, and the contents of interim fee applications (collectively, the "Fee Committee Guidelines").

**Background**

4.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp. ("EFH Corp."), Energy Future Intermediate Holding Company, LLC ("EFIH"), EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee" and, together with the TCEH Creditors' Committee, the "Official Committees") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

5.      On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in these cases.

6.      Given the size and complexity of the Debtors' chapter 11 cases, the U.S. Trustee, the Debtors, and the TCEH Creditors' Committee agreed to recommend that the Court appoint a fee committee to review and report on, as appropriate, interim and final fee applications filed by all retained professionals in accordance with sections 328, 330, and 331 of the Bankruptcy Code

and the Interim Compensation Order (the "<u>Fee Committee</u>").  On August 21, 2014, the Court entered the Fee Committee Order, appointing the Fee Committee and establishing the procedures governing the Fee Committee's review of the Debtors' retained professionals' applications for compensation and the resolution of any concerns raised during such review.

<b><u>Preliminary Statement</u></b>

7.      To say that this has been one of the most productive and value-maximizing Fee Periods—a sentiment echoed by the Court in confirming the comprehensive plan of reorganization (the "<u>Plan</u>")—over the course of the Debtors' three-year restructuring efforts would be an understatement.  During the Fee Period, the Debtors obtained approval of the disclosure statement (the "<u>Disclosure Statement</u>"), launched and completed solicitation of the Plan, obtained entry of an order approving the plan support agreement (the "<u>PSA</u>"), and participated in an eight-day confirmation trial that involved, as the Court noted, "the presentation of a huge amount of evidence" in a "highly professional, highly efficient" manner.  Ultimately, the Debtors reached consensual resolutions that resulted in 100% of the Debtors' over $40 billion of funded debtholders either supporting or not objecting to the Plan, paving the way for confirmation of the Plan and support of a global settlement agreement that resolved billions of dollars of potential litigation and binds the parties even if the Plan does not ultimately become effective (the "<u>Settlement Agreement</u>").

8.      Early in the Fee Period, the Debtors faced objections to the PSA, objections to the adequacy of the disclosures in the Disclosure Statement, and, simultaneously, a tremendous amount of discovery related to confirmation of the Plan.  Through extensive negotiations with objecting parties (leading to consensual, out-of-court resolutions in several instances) and several telephonic hearings, the Debtors ultimately narrowed the scope of objections and discovery requests on the PSA, the Disclosure Statement, and Plan discovery.  On September 18, 2015, the

4

Court approved entry into the PSA,[4] and on September 21, 2015, the Court approved the Disclosure Statement.[5]  Following approval of the Disclosure Statement, the Debtors launched solicitation on an aggressive timeline (the product of significant efforts in the weeks leading up to approval of the Disclosure Statement) to ensure a Plan confirmation hearing could commence on November 3, 2015.  The classes entitled to vote on the Plan overwhelmingly voted to accept the Plan—over 90% in amount and over 70% in number of each class entitled to vote on the Plan voted to accept the Plan.

9.      The Debtors then turned their focus to addressing objections filed to the Settlement Agreement and the Plan, and simultaneously drafting briefs and replies in support of the Plan and Settlement Agreement.  Ultimately, thirty-five objections were filed to the Plan and ten objections were filed to the Settlement Agreement.  The Debtors consensually resolved the vast majority of Plan and Settlement Agreement objections in advance of the confirmation and settlement hearing, except the objections filed by the EFH Creditors' Committee, certain asbestos plaintiffs, and certain of the "E-side" funded debt holders, and filed detailed pleadings with the Court, setting forth their case that the Plan and the Settlement Agreements met the requirements under the Bankruptcy Code and Third Circuit jurisprudence.

10.      At the same time, the Debtors were aware that it was unlikely that all Plan and Settlement Agreement objections would be consensually resolved before the start of the confirmation and settlement hearing. As a result, the Debtors simultaneously worked to prepare witnesses, prepare cross-examinations, prepare evidence submissions, and prepare presentations

---

[4]     *See Order Authorizing Debtors to Enter Into and Perform Under Plan Support Agreement* [D.I. 6097].

[5]     *See Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving the Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents* [D.I. 6131].

to the Court regarding the Plan and the Settlement Agreement. Preparation for the confirmation and settlement hearing hearing required a tremendous undertaking by the Debtors and their professionals. The sheer logistics of preparing multiple Debtor witnesses and supporting evidence while simultaneously preparing for cross-examinations of multiple witnesses on an accelerated timeline required a coordinated effort amongst the Debtors' professionals and a dedicated effort by the Kirkland team, who played a pivotal role in these undertakings.

11.     As the confirmation and settlement hearing progressed, Kirkland continued to work with the plan sponsors to settle unresolved objections. Over the course of several telephonic and in-person meetings, the Debtors ultimately entered into settlements with every significant objecting party holding "E-side" funded debt as well as the EFH Creditors' Committee.[6]  Yet again, the Debtors defied all expectations—many of the issues raised by these once objecting parties had been difficult to resolve for months, if not years. As the Court noted, it was nothing short of "extraordinary" that six months after the first Plan was filed, the Debtors obtained confirmation of a Plan supported by the entire capital structure.[7]

12.     In addition to Plan confirmation efforts, the Debtors made inroads on a number of other key workstreams. The Debtors continued to prevail with respect to makewhole and interest rate issues, winning summary judgment on claims for makewhole premiums brought by holders of second lien notes of the EFIH Debtors.[8]  The Debtors also continued discussions with the IRS with respect to the contemplated tax-free spin-off of TCEH. The Debtors' tax advisors conducted

---

[6]    *See Order Approving Settlement Of Claims Held By Fidelity And Authorizing Debtors To Enter Into And Perform Under Stipulation* [D.I. 7142]; *Order Approving Settlement Among Debtors, EFH Committee, EFH Notes Trustee, And Certain Other Parties* [D.I. 7143]; *Order Approving Settlement Of Certain EFIH PIK Noteholder Claims And Authorizing Debtors To Enter Into And Perform Under Stipulations* [D.I. 7145].

[7]    *See* 12/3/2015 Hr. Tr. 82:1-82:5.

[8]    *See e.g.*, *Memorandum Opinion* [D.I. 6717].

due diligence and legal analysis of various issues related to the TCEH spin-off, including work on supplemental submissions to the IRS regarding the private letter ruling and analysis of various issues related to the partial basis step-up transaction, including diligence and the treatment of certain assets.

13.     At the same time, the Debtors continue to pursue breach of contract claims and seek specific performance against Texas Transmission Investment LLC ("TTI") for its failure to sell its minority interest in Oncor Electric Delivery Company LLC, with a multi-day trial scheduled to commence on March 21, 2016.  During the Fee Period, the Debtors prepared and filed their adversary complaint and later secured an order denying TTI's motion to dismiss.[9]  As the March trial date approaches, the Debtors are fully engaged in discovery and preparation for trial.  The Debtors are also in the process of a multi-day hearing in front of the Public Utility Commission of Texas regarding the transactions contemplated by the Merger Agreement and the Plan.

14.     Finally, the Debtors continued to work towards maximizing the value of their businesses and operations.  Among other things, the Debtors obtained entry of an order approving their 2016 compensation program after extensive negotiations with the ad hoc committee of TCEH first lien creditors and discussions with the TCEH Committee and TCEH Ad Hoc Group.  The Debtors also finalized a significant settlement with Alcoa, and are working with contract and lease counterparties to resolve cure and rejection issues as expeditiously as possible.

15.     In sum, while the Debtors' chapter 11 journey is not over, they have made enormous progress during the Fee Period and now stand poised to bring their restructuring to a close.

---

[9]     *See Adversary Complaint* [Adversary D.I. 1]; *Order Denying Motion to Dismiss Adversary Proceeding* [Adversary D.I. 49]

## Case Status Summary

16.     The Debtors made critical progress during the Fee Period toward consummating a value-maximizing reorganization.  After months of preparation, the consensual resolution of significant objections, and two weeks of hearings on the Debtors' case in chief, the Court confirmed the Debtors' Plan and entered an order approving the Settlement Agreement. Significant work remains for the Plan to go effective, including the Debtors' efforts to obtain the regulatory approval necessary to close the TCEH tax-free spin-off and REIT transactions.  At the same time, the Debtors are pressing forward on multiple litigation workstreams, including with respect to makewhole and interest rate issues, and TTI.  The Debtors are also continuing the process of reconciling filed proofs of claim (including the claims related to certain asbestos claims which were subject to a December 15, 2015 bar date) and resolving outstanding cure objections.[10]

## The Debtors' Retention of Kirkland

17.     On September 16, 2014, the Court entered the *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2052] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference. The Retention Order authorizes the Debtors to compensate and reimburse Kirkland in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Committee Order, and the Interim Compensation Order.  The Retention Order also authorizes the Debtors to compensate Kirkland at Kirkland's hourly rates charged for services of this type and to reimburse Kirkland for actual and necessary out-of-pocket expenses incurred, subject to

---

[10]     *See Order (A) Setting the Bar Date for Filing Asbestos Proofs of Claim*, *(B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof* [D.I. 5171].

application to this Court.[11]   The particular terms of Kirkland's engagement are detailed in the engagement letter by and between Kirkland and the Debtors, effective as of June 19, 2012, and attached hereto as **Exhibit C** (the "Engagement Letter").

18.     The Retention Order authorizes Kirkland to provide the following services consistent with and in furtherance of the services enumerated above:

     a.  advising the Debtors with respect to their powers and duties as debtors-in-possession in the continued management and operation of their businesses and properties;

     b.  preparing pleadings, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates and consistent with the services identified in the Retention Order;

     c.  appearing before the Court and any appellate courts to represent the interests of the Debtors' estates before those courts in connection with the services in the Retention Order; and

     d.  performing all other legal services reasonably necessary or otherwise beneficial for the Debtors in connection with these chapter 11 cases.

### Disinterestedness of Kirkland

19.     To the best of the Debtors' knowledge and as disclosed in:  the *Declaration of Edward O. Sassower, P.C. in Support of the Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Effective Date* [D.I. 660] (the "First Sassower Declaration"); the *Amended Declaration of Edward O. Sassower in Support of the Debtors Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Effective Date* [D.I. 1733] (the "Amended Sassower Declaration"); the *First Supplemental*

---

[11]   In accordance with the Retention Order, Kirkland does not seek reimbursement of expenses for office supplies pursuant to this Fee Application.

*Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2005] (the "<u>First Supplemental Sassower Declaration</u>"); the *Second Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2949] (the "<u>Second Supplemental Sassower Declaration</u>"); the *Third Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 3041] (the "<u>Third Supplemental Sassower Declaration</u>"); the *Fourth Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 4963] (the "<u>Fourth Supplemental Sassower Declaration</u>"); the *Fifth Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland and Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 6240] (the "<u>Fifth Supplemental Sassower Declaration</u>"); the *Sixth Supplemental Declaration of James H.M. Sprayregen in Support of the Debtors' Application for Entry of an Order Authoritzing the Retention and Employment of Kirkland & Ellis LLP and Kirkland and*

*Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 7418] (the "Sixth Supplemental Sprayregen Declaration" and together with the First Sassower Declaration, the Amended Sassower Declaration, the First Supplemental Sassower Declaration, the Second Supplemental Sassower Declaration, the Third Supplemental Sassower Declaration, the Fourth Supplemental Sassower Declaration, and the Fifth Supplemental Sassower Declaration, the "Kirkland Declarations"), Kirkland (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code; (b) does not hold or represent an interest adverse to the Debtors' estates; and (c) has no connection to the Debtors, their creditors, or other parties-in-interest, except as may be disclosed in the Kirkland Declarations.

20.     Kirkland may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors in these chapter 11 cases.  In the Kirkland Declarations, Kirkland disclosed its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.  Kirkland will update the Kirkland Declarations or file additional ones, as appropriate, if Kirkland becomes aware of relevant and material new information.

21.     Kirkland performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

22.     Except to the extent of the advance payments paid to Kirkland that Kirkland previously disclosed to this Court in the Kirkland Declarations, Kirkland has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.[12]

---

[12]    Under the Merger and Purchase Agreement (as defined below) (attached as Exhibit B to the *Motion of Energy Future Holdings Corp.* et al., *to Authorize the Debtors to Enter Into and Perform Under the Plan Support*

23.     Pursuant to Bankruptcy Rule 2016(b), Kirkland has not shared, nor has Kirkland agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Kirkland or (b) any compensation another person or party has received or may receive.

<u>**Summary of Compliance with Interim Compensation
Order and Fee Committee Order**</u>

24.     This Fee Application has been prepared in accordance with the Interim Compensation Order and the Fee Committee Order.

25.     Kirkland seeks interim compensation for professional services rendered to the Debtors during the Fee Period in the amount of $20,074,835.50 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $1,256,581.06.    During the Fee Period, Kirkland attorneys and paraprofessionals expended a total of 27,096.60 hours for which compensation is requested.

26.     Kirkland has received payments totaling $115,504,363.43 under the Interim Compensation Order and the Fee Committee Order.    Kirkland has submitted the Monthly Fee Statements seeking payment of (a) 80% of the fees incurred by the Debtors for reasonable and necessary professional services rendered by Kirkland and (b) 100% of the actual and necessary costs and expenses incurred by Kirkland in connection with the services provided to the Debtors for each month.[13]

---

*Agreement* [D.I. 5248]) EFH Corp. is separately tracking certain fees and expenses incurred by the Debtors' professionals (including Kirkland) in connection with certain Enforcement Actions (as defined in the Merger and Purchase Agreement). EFH Corp. will seek reimbursement from an entity owned by the Hunt Consortium (defined as the "Parent" in the Merger and Purchase Agreement) for any such fees and expenses.

[13]    Pursuant to the *Order Approving Stipulation Authorizing the Debtors to Make Non-Scheduled Payments to Kirkland & Ellis LLP Subject to Reservation of Rights*, [D.I. 7627] (the "<u>Fee Stipulation Order</u>"), the Debtors will pay amounts due under this Fee Application by Janauary 30, 2016, *provided*, *however*, that, by its terms, nothing in the Fee Stipulation Order will prejudice the rights of the Fee Committee, the U.S. Trustee, or an

27.     Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, Kirkland seeks payment of the remaining $43,838,059,193.90, which represents the 20% holdback period on fees incurred during the Fee Period.

**Fees and Expenses Incurred During Fee Period**

**A.      Customary Billing Disclosures**.

28.     Kirkland's hourly rates are set at a level designed to compensate Kirkland fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure utilized by Kirkland in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by Kirkland for other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  The rates and rate structure reflect that such restructurings and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures.  For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit D** is a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtors during the Fee Period.

**B.      Fees Incurred During Fee Period**.

29.     In the ordinary course of Kirkland's practice, Kirkland maintains computerized records of the time expended to render the professional services required by the Debtors and their estates.  For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit E**

---

Application Recipient (as defined in the Interim Compensation Order) from seeking to assert their rights on the terms and times set forth in the Interim Compensation Order.

is a summary of fees incurred and hours expended during the Fee Period, setting forth the

following information:

- the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional at Kirkland's current billing rates;

- the hourly billing rate for each attorney and each paraprofessional as disclosed in the first interim fee application;

- the number of rate increases since the inception of the case; and

- a calculation of total compensation requested using the rates disclosed in the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 660] (the "Retention Application").

## C.    Expenses Incurred During Fee Period.

30.    In the ordinary course of Kirkland's practice, Kirkland maintains a record of

expenses incurred in the rendition of the professional services required by the Debtors and their

estates and for which reimbursement is sought.  Kirkland currently charges $0.16 per page for

standard duplication in its offices in the United States.  Notwithstanding the foregoing and

consistent with the Local Bankruptcy Rules, Kirkland charged no more than $0.10 per page for

standard duplication services in these chapter 11 cases.  Kirkland does not charge its clients for

incoming facsimile transmissions.

31.    For the convenience of the Court and all parties-in-interest, attached hereto as

**Exhibit F** is a summary of expenses incurred during the Fee Period and setting forth the total

amount of reimbursement sought with respect to each category of expenses for which Kirkland is seeking reimbursement.

**Proposed Payment Allocation**

32.    In accordance with paragraph 2(b) of the Interim Compensation Order, Kirkland proposes the following allocation of the fees and expenses sought in this Fee Application among (a) EFH Corp., (b) EFIH, and (c) the TCEH Debtors:

| Direct Benefit Fees: $3,000,486.50 | |
| --- | --- |
| **(comprised of $2,996,092.00 fees and $4,394.50 expenses)** | |
| **Debtor(s)** | **Amount** |
| EFH Corp. | $31,296.10 |
| EFIH | $618,292.00 |
| TCEH Debtors | $2,350,898.40 |
| *Total:* | $3,000,486.50 |
| Collective Benefit Fees:  $18,~~552,064~~330,930.06 | |
| **(comprised of $17,~~299,877~~078,743.50 fees and $1,252,186.56 expenses)** | |
| **Debtor(s)** | **Amount** |
| EFH Corp. | $~~500,516.49~~498,548.06 |
| EFIH | $4,~~406,392.69~~351,039.94 |
| TCEH Debtors | $13,~~645,154.88~~481,342.06 |
| *Total:* | $18,~~552,064~~330,930.06 |
| *Grand Total:* | $21,~~552,550~~331,416.56 |

**Summary of Legal Services Rendered During the Fee Period**

33.    As discussed above, during the Fee Period, Kirkland provided extensive and important professional services to the Debtors in connection with these chapter 11 cases.  These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

34.    To provide a meaningful summary of Kirkland's services provided on behalf of the Debtors and their estates, Kirkland has established, in accordance with its internal billing procedures, certain subject matters categories (each, a "Matter Category") in connection with

these chapter 11 cases.  The following is a summary of the fees and hours billed for each Matter

Category in the Fee Period:[14]

| Matter Number | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 0003 | [ALL] Automatic Stay | 0.90 | $279.00 |
| 0004 | [ALL] Bond Issues | 1.00 | $818.50 |
| 0006 | [ALL] Case Administration | 134.00 | $65,690.50 |
| 0008 | [ALL] Claims Administration & Objections | 529.20 | $346,788.00 |
| 0009 | [ALL] Contested Matters & Adv. Proceed. | 11,470.40 | $7,609,273.50 |
| 0010 | [ALL] Corp. Governance and Sec. Issues | 540.10 | $473,665.00 |
| 0011 | [ALL] Exec. Contracts & Unexpired Leases | 154.40 | $85,289.50 |
| 0012 | [ALL] Hearings | 1,217.90 | $981,504.50 |
| 0014 | [ALL] Kirkland Retention and Fee Applications | 909.10 | $504,590.00 |
| 0016 | [ALL] Non-Debtor Affiliates | 2.90 | $2,117.00 |
| 0017 | [ALL] Non-Kirkland Retentions & Fee Apps | 118.10 | $77,740.00 |
| 0018 | [ALL] Non-Working Travel | 629.80 | $489,838.50 |
| 0021 | [ALL] Plan and Disclosure Statements | 5,186.00 | $4,479,305.50 |
| 0023 | [ALL] Regulatory Issues | 8.30 | $6,904.50 |
| 0026 | [ALL] Retiree and Employee Issues/OPEB | 563.70 | $440,573.00 |
| 0029 | [ALL] Tax Issues | 1,105.60 | $1,186,245.50 |
| 0030 | [ALL] U.S. Trustee Issues | 7.20 | $4,788.00 |
| 0033 | [ALL] Vendor and Other Creditor Issues | 22.30 | $14,848.50 |
| 0034 | [TCEH] Asset Dispositions and Purchases | 221.70 | $182,462.00 |
| 0036 | [TCEH] Bond Issues | 1.60 | $1,272.00 |
| 0037 | [TCEH] Business Operations | 0.40 | $292.00 |
| 0038 | [TCEH] Cash Collateral and DIP Financing | 98.10 | $101,487.00 |
| 0039 | [TCEH] Claims Administration & Objection | 86.50 | $40,992.50 |
| 0040 | [TCEH] Contested Matters & Advers. Proc. | 408.50 | $313,565.50 |
| 0042 | [TCEH] Environmental Issues | 223.40 | $186,877.00 |
| 0046 | [TCEH] Non-Debtor Affiliates | 2.20 | $1,494.00 |
| 0048 | [TCEH] Non-Working Travel | 4.50 | $3,577.50 |
| 0057 | [TCEH] Trading and Hedging Contracts | 19.60 | $14,675.50 |
| 0062 | [TCEH] Vendor and Other Creditor Issues | 55.80 | $30,454.00 |
| 0066 | [EFIH] Cash Collat./DIP Finan./Make-whole | 92.10 | $103,893.00 |
| 0068 | [EFIH] Contested Matters & Advers. Pro. | 631.70 | $512,344.50 |
| 0070 | [EFIH] Hearings | 1.80 | $1,845.00 |
| 0086 | [EFH] Contested Matters & Advers. Proc. | 31.60 | $24,947.50 |
| 0089 | [EFH] EFH Properties | 5.70 | $4,324.50 |
| 0093 | [EFH] Non-Debtor Affiliates | 1.40 | $1,022.00 |
| 0108 | [TCEH] Exec. Contracts & Unexpired Lease | 1,537.00 | $1,000,841.50 |
| 0113 | [ALL] Enforcement of TTI Rights | 840.20 | $529,618.50 |

---

[14]    In certain instances Kirkland may have billed the same amount of fees, but different amount of hours to different Matter Categories.  This difference is the result of different staffing of each such Matter Category.

| Matter Number | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 0115 | [TCEH] Exit Financing | 231.90 | $248,591.00 |

35.    The following is a summary, by Matter Category, of the most significant professional services provided by Kirkland during the Fee Period.  This summary is organized in accordance with Kirkland's internal system of matter numbers.   The detailed descriptions demonstrate that Kirkland was heavily involved in performing services for the Debtors on a daily basis, often including night and weekend work, to meet the needs of the Debtors' estates in these chapter 11 cases.

36.    A schedule setting forth a description of the Matter Categories utilized in this case, the number of hours expended by Kirkland partners, associates, and paraprofessionals by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit G**.  **Exhibit H** is Kirkland's budget and staffing plan for this Fee Period, which has been approved by the Debtors, and **Exhibit I** is a comparison of hours and fees budgeted for each matter category to which Kirkland professionals and paraprofessionals billed time during the Fee Period against the hours and fees for which Kirkland seeks compensation for the Fee Period.

37.    In addition, Kirkland's computerized records of time expended providing professional services to the Debtors and their estates are attached hereto as **Exhibit J**, and Kirkland's records of expenses incurred during the Fee Period in the rendition of professional services to the Debtors and their estates are attached as **Exhibit K**.

(a)    **[ALL] Automatic Stay (Matter No. 3)**

Total Fees:    $279.00
Total Hours:   0.90

38.    This Matter Category includes time spent by a Kirkland paraprofessional during the Fee Period related to the automatic stay.  Specifically, a Kirkland paraprofessional spent time compiling pleadings regarding a motion to lift the automatic stay in the Tremble matter.

(b)    **[ALL] Bond Issues (Matter No. 4)**

Total Fees:    $818.50
Total Hours:   1.00

39.    This Matter Category includes time spent by a Kirkland attorney during the Fee Period corresponding about indenture trustee lien issues.

(c)    **[ALL] Case Administration (Matter No. 6)**

Total Fees:    $65,690.50
Total Hours:   134.00

40.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period on tasks assuring the smooth and efficient administration of the Debtors' chapter 11 cases.  Specifically, Kirkland attorneys and paraprofessionals spent time:

i.     coordinating work streams, client communications, and creditor communications by monitoring critical dates and case developments and maintaining and disseminating case calendars, task lists, work-in-progress reports, and key deadlines in these chapter 11 cases;

ii.    preparing for and participating in regular meetings and telephone conferences with both the Kirkland working groups, other retained professionals, and the Debtors regarding the status of pending workstreams; and

iii.   reviewing docket entries as they are filed to apprise the Debtors, as well as other retained professionals, of developments in these chapter 11 cases, in real-time.

18

(d)    **[ALL] Claims Administration & Objections (Matter No. 8)**

Total Fees:    $346,788.00
Total Hours:    529.20

41.    To date, creditors have filed over 10,000 non-asbestos proofs of claim in these chapter 11 cases.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period related to the administration and resolution of claims either filed against all of the Debtors' estates or claims, the resolution of which may affect all of the Debtors' estates.    Specifically, Kirkland attorneys and paraprofessionals spent time, among other things:

    i.    analyzing and researching issues related to claims against the Debtors;

    ii.    analyzing asbestos-related litigation issues, including responding to discovery requests, filing an objection to certain asbestos plaintiffs' motion for leave to file an interlocutory appeal as well as researching, drafting, and filing an objection to a motion to grant class certification to unmanifested asbestos claimants;[15]

    iii.    preparing and filing three omnibus objections to claims, which resulted in the court disallowing or modifying 264 proofs of claim to reduce the total amount asserted against the Debtors by $2,796,599.47;[16]

    iv.    responding to formal and informal responses to the omnibus objections; and

---

[15]    *See Order Denying the Amended Motion for Application of Fed. R. Bankr. P. 7023 to this Proceeding and to Certify a Class Pursuant to FCRP Rule 23* [D.I. 7383].

[16]    *Debtors' Thirty-Second Omnibus (Non-Substantive) Objection to Claims (Insufficient Documentation, Amended, and Wrong Debtor Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1)* [D.I. 6496]; *Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims (Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1)* [D.I. 6499]; *Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims (Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1)* [D.I. 6505]; *Objection of Energy Future Holdings Corp.,* et al.*, to Proofs of Claim 7475, 7480, 7481, and 6874-6943 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH LBO Notes* [D.I. 6596]; *Objection of Energy Future Holdings Corp., et al., to Proofs of Claim 7476, 7482, and 6734-6873 Filed By American Stock Transfer & Trust Co. As Indenture Trustee for the EFH Unexchanged Notes* [D.I. 6599].

v.      drafting, negotiating, and filing a motion to govern trading procedures of certain claims that could affect the Debtors' regulatory applications.[17]

**(e)      [ALL] Contested Matters & Adversary Proceedings (Matter No. 9)**

Total Fees:      $7,609,273.50
Total Hours:     11,470.40

42.      This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period focused on the Settlement Agreement.  Specifically, Kirkland attorneys and paraprofessionals spent time:

i.      drafting and revising written discovery and written responses and objections to consolidated discovery requests;

ii.     monitoring the docket to ensure compliance with certain requirements of a confidentiality agreement and protective order and fulfilling requirements to maintain confidentiality of designated material;

iii.    identifying, collecting, and processing documents from the Debtors and various third parties for review and potential production;

iv.     coordinating document review processes internally and with third-party database vendors to ensure an efficient document review process;

v.      analyzing and reviewing potentially responsive documents, culminating in the production of approximately 28,000 documents and 254,000 pages, and preparing a privilege log and conferencing with the Debtors, their advisors, and certain parties-in-interest regarding the same;

vi.     preparing for and participating in hearings and seventeen depositions related to the PSA, Settlement Agreement, and Plan, including negotiating with objectors, developing case strategy through daily internal discussions and consultation with the Debtors and their advisors, and presenting arguments and witness testimony;

vii.    analyzing ten objections to the Settlement Motion, totaling 337 pages of unsealed briefing;

---

[17]    *See Debtors' Motion for Entry of an Order (A) Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004, (B) Providing Requirements for the Purchase of Certain Claims Against the Debtors, and (C) Establishing Notification and Hearing Procedures for Relief From the Requirements on the Purchase of Certain Claims Against the Debtors* [D.I. 6871]; *Order (A) Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004, (B) Providing Requirements for the Purchase of Certain Claims Against the Debtors, and (C) Establishing Notification and Hearing Procedures for Relief From the Requirements on the Purchase of Certain Claims Against the Debtors* [D.I. 7100].

    viii.        drafting, revising, and filing an omnibus reply to objections to the Settlement Motion;[18]

    ix.        drafting, revising, and filing a motion in limine and responding to the motions in limine of objectors to the Settlement Motion;[19]

    x.        during the multi-week confirmation hearing, presenting the testimony of ten witnesses and putting into evidence about 500 exhibits and fifteen written directs;

    xi.        drafting, revising, and filing a motion to extend the deadline by which the Debtors may request to remove non-bankruptcy litigation to bankruptcy court and securing Court approval of the same;[20] and

    xii.        securing Court approval of the Settlement Agreement.[21]

    **(f)**        **[ALL] Corporate and Securities Issues (Matter No. 10)**

        Total Fees:    $473,665.00
        Total Hours:  540.10

43.     This Matter Category includes time spent by Kirkland attorneys during the Fee Period related to corporate governance issues involving all of the Debtors, including their respective disinterested directors and managers.  Specifically, Kirkland attorneys spent time:

    i.        preparing for, and participating in, joint meetings with all of the Debtors' boards of directors regarding corporate and financial aspects of the chapter 11 process;

    ii.        drafting, reviewing, and revising documents and resolutions related to all of the Debtors' corporate governance during the chapter 11 process;

---

[18]   *See Motion of Energy Future Holdings Corp.,* et al*., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement* [D.I. 5249] (the "Settlement Motion"); *Omnibus Reply in Support of Motion of Energy Future Holdings Corp, et al, to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter into and Perform Under the Settlement Agreement* [D.I. 6820].

[19]   *See Debtors' Memorandum in Support of its Motion in Limine to Limit the Expert Report and Testimony of Michael Henkin* [D.I. 6743]; *Debtors' Opposition to EFH Committee's Motion in Limine to Exclude Evidence Concerning the Value of Oncor* [D.I. 6806].

[20]   *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 7203].

[21]   *See Order Granting the Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter into and Perform Under the Settlement Agreement* [D.I. 7243].

    iii.    drafting and revising regulatory and transactional documents necessary to execute the merger agreement between EFH, EFIH, and the Hunt/TCEH Unsecured Group regarding the economic interests in Oncor (with the latter providing the funding necessary to consummate the merger) (such transaction, the "<u>Merger Transaction</u>" and such agreement the "<u>Merger and Purchase Agreement</u>");

    iv.    analyzing issues relating to the Merger Transaction, including rights offering procedures and Hart-Scott-Rodino filing procedures; and

    v.    revising plan and disclosure statement filing resolutions.

**(g)    <u>[ALL] Exec. Contracts & Unexpired Leases (Matter No. 11)</u>**

    Total Fees:    $85,289.50
    Total Hours:  154.40

44.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period examining issues related to the Debtors' executory contracts and unexpired leases.  Specifically, Kirkland attorneys and paraprofessionals spent time:

    i.    analyzing and researching the Debtors' obligations under various executory contracts and leases;

    ii.    communicating with the Debtors and their advisors regarding contract assumption and rejection issues; and

    iii.    negotiating with outside parties regarding contract assumption and rejection issues.

**(h)    <u>[ALL] Hearings (Matter No. 12)</u>**

    Total Fees:    $981,504.50
    Total Hours:  1,217.90

45.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period preparing for and attending 25 hearings, including, among others:

    i.    a hearing to consider the Debtors' entry into the PSA;

    ii.    a hearing to consider the adequacy of the Debtors' Disclosure Statement;

    iii.    the Debtor's multi-week confirmation hearing;

iv.     confirmation status conferences and scheduling conferences;

v.      oral argument regarding certain makewhole claims; and

vi.     hearing to consider a motion to certify a class of unmanifested asbestos claimants.

### (i)     [ALL] Kirkland Retention and Fee Applications (Matter No. 14)

Total Fees:    $504,590.00
Total Hours:   909.10

46.     This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period providing services related to Kirkland's retention and fee materials.  Specifically, Kirkland attorneys and paraprofessionals spent time:

i.      reviewing, revising, and refining budget and staffing materials;

ii.     reviewing and revising invoices regarding privilege and compliance with applicable guidelines and rules;

iii.    reviewing and analyzing conflicts reports for any potential conflicts of interest; and

iv.     preparing and filing Kirkland's fourth interim fee application.[22]

### (j)     [ALL] Non-Debtor Affiliates (Matter No. 16)

Total Fees:    $2,117.00
Total Hours:   2.90

47.     This Matter Category includes time spent by a Kirkland attorney during the Fee Period providing services related to a non-debtor affiliate.

---

[22]   *See Fourth Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period from May 1, 2015 through and including August 31, 2015* [D.I. 6484].

**(k)    [ALL] Non-Kirkland Retentions and Fee Applications (Matter No. 17)**

Total Fees:    $77,740.00
Total Hours:    118.10

48.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period providing services related to the retention of professionals other than Kirkland.  Specifically, Kirkland attorneys and paraprofessionals spent time:

    i.    corresponding with the Debtors' professionals regarding, among other things, supplemental declarations, the scope of the professionals' services, budgeting, and the interim compensation process;

    ii.    assisting other professionals in receiving compensation in accordance with the interim compensation process; and

    iii.    objecting to the retention of Gibbs & Bruns LLP as special conflicts trial counsel to the EFH Committee.[23]

**(l)    [ALL] Non-Working Travel (Matter No. 18)**

Total Fees:    $489,838.50
Total Hours:    629.80

49.    This Matter Category includes non-working travel time spent by Kirkland attorneys and paraprofessionals during the Fee Period in connection with their representation of the Debtors.  The amounts requested in the Fee Application reflect a reduction of one-half of the charges for travel time not spent working on matters related to these chapter 11 cases.

---

[23]    *See Objection of Energy Future Holdings Corp., et al., to the Application Seeking Employment of Gibbs & Bruns LLP as Special Conflicts Trial Counsel to the EFH Committee Effective Nunc Pro Tunc to September 8, 2015* [D.I. 6341].

    **(m)**    **[ALL] Plan and Disclosure Statements (Matter No. 21)**

    Total Fees:    $4,479,305.50
    Total Hours:   5,186.00

50.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period working to confirm the Plan. Specifically, Kirkland attorneys and paraprofessionals spent time:

    i.    communicating and coordinating with the Debtors and their other advisors regarding the terms of the PSA, Disclosure Statement, and Plan;

    ii.    communicating with the disinterested directors' advisors of each of EFH Corp., EFIH, and EFCH/TCEH regarding the PSA, Disclosure Statement, and Plan;

    iii.    evaluating, investigating, and responding to diligence requests from creditor constituencies and disinterested director advisors regarding the PSA, Disclosure Statement, and Plan;

    iv.    preparing for and participating in substantive negotiations with the Debtors' key stakeholders regarding twelve objections to Disclosure Statement and resolving ten of the objections before the Disclosure Statement hearing;

    v.    analyzing and responding to thirty-five formal and informal Plan objections, comprising 854 total pages;

    vi.    resolving at least twenty-one confirmation objections through formal settlement agreements[24] or the inclusion of language in the Plan; and

    vii.    securing confirmation of the Plan.[25]

---

[24]   *See, e.g.*, *Order Approving Settlement Among Debtors, U.S. Environmental Protection Agency, and Certain Other Parties* [D.I. 7204]; *Order Approving Settlement Of Claims Held By Fidelity And Authorizing Debtors To Enter Into And Perform Under Stipulation [D.I. 7142]; Order Approving Settlement Among Debtors, EFH Committee, EFH Notes Trustee, And Certain Other Parties [D.I. 7143]; Order Approving Settlement Of Certain EFIH PIK Noteholder Claims And Authorizing Debtors To Enter Into And Perform Under Stipulations [D.I. 7145].*

[25]   *See Amended Order Confirming the Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp.*, et al., *Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 7285].

(n)      **[ALL] Regulatory Issues (Matter No. 23)**

Total Fees:     $6,904.50
Total Hours:    8.30

51.     This Matter Category includes time spent by K&E attorneys and a paraprofessional during the Fee Period related to advising the Debtors as to various regulatory issues and addressing the same.  Specifically, K&E attorneys and a paraprofessional spent time engaging with various regulatory bodies regarding, among other things, necessary or preferred rulings or guidance in connection with contemplated Plan transactions.

(o)      **[ALL] Retiree and Employee Issues / OPEB (Matter No. 26)**

Total Fees:     $440,573.00
Total Hours:    563.70

52.     This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period providing services related to various issues concerning the Debtors' retirees and employees, including employees of EFH Corporate Services. Specifically, Kirkland attorneys and paraprofessionals spent time:

i.      analyzing, in consultation with the Debtors, certain of the Debtors' retiree and employee compensation and benefit obligations, including employment agreement considerations;

ii.     advising the Debtors in connection with the potential transfer of benefit programs to the reorganized Debtor as part of the Plan;

iii.    advising the Debtors to ensure compliance with the order approving the 2015 compensation program;

iv.     providing ongoing advice to the Debtors regarding existing compensation relief and compliance therewith;

v.      drafting and revising motion for an order approving the 2016 compensation program, and securing court approval of same;[26] and

---

[26]     *See Order Approving the 2016 Compensation Programs* [D.I. 7350].

vi.      advising the Debtors to ensure compliance with the order approving the 2016 compensation program.

    **(p)**      **[ALL] Tax Issues (Matter No. 29)**

        Total Fees:    $1,186,245.50
        Total Hours:  1,105.60

53.      This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period conducting legal research, preparing correspondence, pleadings, and disclosures, and generally advising the Debtors in connection with tax issues. Specifically, Kirkland attorneys and paraprofessionals spent time:

i.      researching and analyzing the REIT structure associated with the Plan and Merger Transaction;

ii.      researching and analyzing certain tax issues associated with the Merger and Purchase Agreement and related transactions;

iii.      researching and analyzing certain tax issues arising in connection with the Debtors' current business operations and proposed transactions;

iv.      drafting and revising tax memoranda;

v.      drafting and revising tax-related sections of confirmation and Settlement Agreement briefing;

vi.      preparing confirmation hearing testimony regarding certain tax-related issues;

vii.      addressing and responding to inquiries from various parties-in-interest regarding diligence related to various tax considerations; and

viii.      analyzing and corresponding about legislative proposals regarding REIT spin offs.

**(q)     [ALL] U.S. Trustee Issues (Matter No. 30)**

Total Fees:     $4,788.00
Total Hours:   7.20

54.     This Matter Category includes time spent by Kirkland attorneys during the Fee Period related to reviewing and revising the Debtors' monthly operating reports to comply with U.S. Trustee guidelines.

**(r)     [ALL] Vendor and Other Creditor Issues (Matter No. 33)**

Total Fees:     $14,848.50
Total Hours:   22.30

55.     This Matter Category includes time spent by Kirkland attorneys during the Fee Period related to reviewing general vendor inquiries and responding to the same.

**(s)     [TCEH] Asset Disposition and Acquisition (Matter No. 34)**

Total Fees:     $182,462.00
Total Hours:   221.70

56.     This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period rendering services related to the disposition, investment, or purchase of assets by the TCEH Debtors.  Specifically, Kirkland attorneys represented the Debtors in negotiations with parties-in-interest regarding the terms and conditions of certain *de minimis* acquisitions, analyzing diligence regarding same, researching certain potential investments, and drafting and revising ordinary course asset transfer motions.

**(t)     [TCEH] Bond Issues (Matter No. 36)**

Total Fees:     $1,272.00
Total Hours:   1.60

57.     This Matter Category includes time spent by a Kirkland attorney during the Fee Period related to analyzing potential collateral agent issues under the TCEH debt documents.

28

### (u)    [TCEH] Cash Collateral and DIP Financing (Matter No. 38)

> Total Fees:    $101,487.00
> Total Hours:   98.10

58.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period related to the DIP facility available to TCEH and TCEH's authorized use of cash collateral.  Specifically, Kirkland attorneys and paraprofessionals spent time:

    i.    analyzing issues and advising the TCEH Debtors and their other professionals regarding payments under the TCEH cash collateral order; and

    ii.    analyzing issues regarding a DIP extension and exit financing.

### (v)    [TCEH] Claims Administration and Objections (Matter No. 39)

> Total Fees:    $40,992.50
> Total Hours:   86.50

59.    This Matter Category includes time spent by Kirkland attorneys and a paraprofessional during the Fee Period related to the administration and resolution of claims against the TCEH Debtors' estates.

### (w)    [TCEH]  Contested  Matters  and  Adversary  Proceedings  (Matter No. 40)

> Total Fees:    $313,565.50
> Total Hours:   408.50

60.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period related to motions and a contested hearing involving the TCEH Debtors, specifically regarding abstention and venue issues arising from the Debtors'

motion to determine certain ad valorem property taxes pursuant to section 505 of the Bankruptcy Code.[27]

### (x)      [TCEH] Environmental Issues (Matter No. 42)

Total Fees:     $186,877.00
Total Hours:    223.40

61.     This Matter Category includes time spent by Kirkland attorneys during the Fee Period analyzing and addressing certain environmental compliance issues, including potential environmental liabilities, litigation matters and related settlement options, and the dischargeability of environmental claims against the TCEH Debtors.

### (y)      [TCEH] Non-Debtor Affiliates (Matter No. 46)

Total Fees:     $1,494.00
Total Hours:    2.20

62.     This Matter Category includes time spent by Kirkland attorneys during the Fee Period advising certain of the TCEH Debtors' non-debtor affiliates (excluding Oncor) on matters related to a joint venture.

### (z)      [TCEH] Non-Working Travel (Matter No. 48)

Total Fees:     $3,577.50
Total Hours:    4.50

63.     This Matter Category includes non-working travel time spent by a Kirkland attorney during the Fee Period in connection with their representation of the TCEH Debtors.  The amounts requested in the Fee Application reflect a reduction of one-half of the charges for travel time not spent working on matters related to these chapter 11 cases.

---

[27]   *Notice of Agenda of Matters Schedules for Hearing on October 15, 2015 Starting At 10:30 a.m. (EDT)* [D.I. 6435].

**(aa)** **[TCEH] Trading and Hedging Contracts (Matter No. 57)**

Total Fees:    $14,675.50
Total Hours:    19.60

64.    This Matter Category includes time spent by a Kirkland attorney during the Fee Period related to responding to issues concerning the hedging and trading activities of the TCEH Debtors.

**(bb)** **[TCEH] Vendor and Other Creditor Issues (Matter No. 62)**

Total Fees:    $30,454.00
Total Hours:    55.80

65.    This Matter Category includes time spent by a Kirkland attorney and paraprofessional during the Fee Period related to addressing issues involving certain of the TCEH Debtors' suppliers and vendors.    Specifically, Kirkland attorneys and paraprofessionals spent time:

   i.    addressing correspondence from the TCEH Debtors' vendors including inquiries related to potential liens, reclamation, and other claims;

   ii.    researching, conferring, and corresponding with vendors regarding such inquiries;

   iii.    drafting response letters to trade vendors;

   iv.    reviewing vendor and other creditor contracts; and

   v.    negotiating resolutions to vendor issues.

**(cc)** **[EFIH] Cash Collateral / DIP Financing / Make-whole Issues (Matter No. 66)**

Total Fees:    $103,893.00
Total Hours:    92.10

66.    This Matter Category includes time spent by Kirkland attorneys during the Fee Period related to EFIH financing issues.    Specifically, Kirkland attorneys spent time:

   i.    analzying EFIH financing options, including a proposal for a potential DIP extension; and

31

      ii.      meeting with lenders and corresponding with the Company regarding the same.

**(dd)**   **[EFIH] Contested Matters and Adversary Proceedings (Matter No. 68)**

        Total Fees:    $512,344.50
        Total Hours:  631.70

67.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period related to the EFIH Debtors' contested matters and adversary proceedings with EFIH creditors, in particular, the EFIH Second Lien and Unsecured makewhole and postpetition interest litigations. Specifically, Kirkland attorneys and paraprofessionals spent time:

      i.       researching, drafting, and revising pleadings and appellate briefs associated with these litigations;

      ii.     securing the denial of the EFIH Second Lien's claim for a makewhole premium;[28]

      iii.    and negotiating and entering into a settlement with the EFIH PIK holders.[29]

**(ee)**   **[EFIH] Hearings (Matter No. 70)**

        Total Fees:    $1,845.00
        Total Hours:  1.80

68.    This Matter Category includes time spent by a Kirkland attorney during the Fee Period attending a hearing regarding makewhole and interest rate issues in connection with claims filed by EFIH creditors.

---

[28]   *See e.g.*, *Memorandum Opinion* [D.I. 6717].

[29]   *See Order Approving Settlement Of Certain EFIH PIK Noteholder Claims And Authorizing Debtors To Enter Into And Perform Under Stipulations* [D.I. 7145].

**(ff)**     **[EFH] Contested Matters and Adversary Proceedings (Matter No. 86)**

       Total Fees:     $24,947.50
       Total Hours:    31.60

69.     This Matter Category includes the time spent by Kirkland attorneys during the Fee Period analyzing certain issues related to claims filed by EFH Corp. creditors.

**(gg)**     **[EFH] EFH Properties (Matter No. 89)**

       Total Fees:     $4,324.50
       Total Hours:    5.70

70.     This Matter Category includes time spent by Kirkland attorneys during the Fee Period providing services, on behalf of the Debtors, related to certain leases, as well as researching, drafting, and revising analyses regarding EFH Properties.

**(hh)**     **[EFH] Non-Debtor Affiliates (Matter No. 93)**

       Total Fees:     $1,022.00
       Total Hours:    1.40

71.     This Matter Category includes time spent by Kirkland attorneys during the Fee Period providing services, on behalf of the Debtors, related to issues regarding non-Debtor affiliates. Specifically, a Kirkland attorney spent time corresponding about issues regarding EFH Vermont Insurance Company.

**(ii)**     **[TCEH] Executory Contracts and Unexpired Leases (Matter No. 108)**

       Total Fees:     $1,000,841.50
       Total Hours:    1,537.00

72.     This Matter Category [30] includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period examining issues related to the TCEH Debtors' executory contracts and unexpired leases. Specifically, Kirkland attorneys and paraprofessionals spent time:

---

[30]    This Matter Category includes 0.40 hours and $292.00 in fees spent that Kirkland previously reported under Matter Category TCEH Business Operations (Matter No. 37) in the September Monthly Fee Statement. Based

i.      researching and analyzing the TCEH Debtors' obligations under various executory contracts and leases;

ii.     drafting, reviewing, and revising stipulations, discovery responses and requests, and related documents with respect to rejecting, assuming, or assigning such contracts and leases;

iii.    drafting, reviewing, and revising contract assumption stipulations and amendments;

iv.     preparing for and participating in meetings and client interviews regarding the Alcoa litigation;

v.      reviewing and evaluating production documents regarding privilege and responsiveness and drafting and revising discovery responses and objections in preparation for the same;[31]

vi.     negotiating and documenting a settlement resolving the same.[32]

**(jj)    [ALL] Enforcement of TTI Rights (Matter No. 113)**

Total Fees:     $529,618.50
Total Hours:    840.20

73.     This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period reviewing and analyzing potential litigation required under the Merger Agreement as part of the Merger Transaction.  Specifically, Kirkland attorneys spent time:

i.      reviewing EFH and TTI governing documents (e.g., Investor Rights Agreement);

ii.     engaging in discussions with various parties to the Plan Support Agreement and Merger and Purchase Agreement regarding discussions

---

on additional review, Kirkland determined that this amount belongs in Matter Categroy TCEH Executory Contracts and Unexpired Leases (Matter No. 108).

[31]    *See e.g.*, *Notice of Deposition of Alcoa Inc. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure* [D.I. 6701].

[32]    *See Motion of Energy Future Holdings Corp.*, et al., *for Entry of an Order Approving the Assumption of All Executory Contracts By and Among Luminant Generation Company LLC, Luminant Mining Company LLC, Sandow Power Company LLC, Texas Competitve Electric Holdings Company LLC, and Alcoa Inc. and Approving the Settlement Agreement and Mutual Release in Connection Therewith* [D.I. 7549].

with TTI related to EFH's "drag-along rights" associated with the sale of Oncor;

iii.        drafting complaint and other pleadings related to the enforcement of EFH's "drag along rights";[33]

iv.        securing denial of a motion to dismiss the adversary case;[34]

v.        compiling discovery requests and responses in preparation for trial; and

vi.        evaluating regulatory considerations related to, among other things, potential EFH enforcement actions.

### (kk)   [TCEH] Exit Financing (Matter No. 115)

Total Fees:   $248,591.00
Total Hours:  231.90

74.     This Matter Category includes time spent by Kirkland attorneys during the Fee Period examining issues related to the TCEH Debtors' exit financing. Specifically, Kirkland attorneys spent time:

i.        drafting and analyzing various exit financing issues, including exit financing commitments and obligations; and

ii.        corresponding with the Company, its financial advisor, and opposing counsel regarding the same.

### Actual and Necessary Expenses Incurred by Kirkland

75.     As set forth in **Exhibit K** attached hereto, and as summarized in **Exhibit F** attached hereto, Kirkland has incurred a total of $9,366,581.51 in expenses on behalf of the Debtors during the Fee Period. These charges are intended to reimburse Kirkland's direct operating costs, which are not incorporated into the Kirkland hourly billing rates. Kirkland charges external copying and computer research at the provider's cost without markup. Only clients who actually use services of the types set forth in **Exhibit K** of this Fee Application are

---

[33] *See, e.g., Adversary Complaint* [Adversary D.I. 1]; *Plaintiff Energy Future Holdings Corp.'s Memorandum of Law in Opposition to Defendant Texas Transmission Investment LLC's Motion to Dismiss* [Adversary D.I. 31].

[34] *See Order Denying Motion to Dismiss Adversary Proceeding* [Adversary D.I. 49].

separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would be to impose that cost upon clients who do not require extensive photocopying and other facilities and services.

<u>**Reasonable and Necessary Services Provided by Kirkland**</u>

**A.      Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.**

76.      The foregoing professional services provided by Kirkland on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

77.      Many of the services performed by partners and associates of Kirkland were provided by Kirkland's Restructuring Group.  Kirkland has a prominent practice in this area and enjoys a national and international reputation for its expertise in financial reorganizations and restructurings of troubled companies, with approximately 100 attorneys focusing on this area of the law.  The attorneys at Kirkland have represented either the debtor or the creditors' committee or have acted as special counsel in many large chapter 11 cases.

78.      In addition, due to the facts and circumstances of these chapter 11 cases, attorneys from Kirkland's Litigation, Corporate, and Tax Groups were heavily involved with Kirkland's representation of the Debtors during the Fee Period.  These practice groups also enjoy a national and international reputation for their expertise.  Overall, Kirkland brings to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

**B.      Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.**

79.      The time constraints imposed by the circumstances of these chapter 11 cases required Kirkland attorneys and other employees to devote substantial time during the evenings and on weekends to perform services on behalf of the Debtors.  These services were essential to

36

meet deadlines, respond to daily inquiries from various creditors and other parties-in-interest on a timely basis, satisfy the demands of the Debtors' businesses, and ensure the orderly administration of their estates.  Consistent with firm policy and the Fee Committee Guidelines, and as further disclosed in the Retention Application, Kirkland attorneys and other Kirkland employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs.  Kirkland's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

80.    In addition, due to the location of the Debtors' businesses, co-counsel, creditors, and other parties-in-interest in relation to Kirkland's offices, frequent multi-party telephone conferences involving numerous parties were required.  On many occasions, the exigencies and circumstances of these chapter 11 cases required overnight delivery of documents and other materials.  The disbursements for such services are not included in Kirkland's overhead for the purpose of setting billing rates, and Kirkland has made every effort to minimize its disbursements in these chapter 11 cases.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors in these chapter 11 cases.

81.    Among other things, Kirkland makes sure that all overtime meals, travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement.  Specifically, Kirkland regularly reviews its bills to ensure that the Debtors are billed for only services that were actual and necessary, and also, where appropriate, prorates expenses across the Debtors' estates.  In accordance with the Retention Order, Kirkland does not seek reimbursement

of expenses for office supplies pursuant to this Fee Application.  In addition, Kirkland has waived

certain fees and reduced certain expenses to comply with the Fee Committee Guidelines.

Kirkland will not seek reimbursement of expenses related to, among other things, in-office and

out-of-office meals in excess of that allowed under the Fee Committee Guidelines and local travel

expenses for those Kirkland employees who work on weekends or late in the evenings that do not

meet the Fee Committee Guidelines.   In the Fee Period, Kirkland voluntarily reduced its fees by

$1,196,081.00 and expenses by $108,762.20.  Consequently, Kirkland does not seek payment of

such fees or reimbursement of such expenses in this Fee Application.

### Kirkland's Requested Compensation and Reimbursement Should be Allowed

82.    Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to

govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides

that a court may award a professional employed under section 327 of the Bankruptcy Code

"reasonable compensation for actual necessary services rendered . . . and reimbursement for

actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the

award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court
> should consider the nature, extent, and the value of such services, taking into
> account all relevant factors, including—
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the administration
> of, or beneficial at the time at which the service was
> rendered toward the completion of, a case under this title;
>
> (d)    whether the services were performed within a reasonable
> amount of time commensurate with the complexity,
> importance, and nature of the problem, issue, or task
> addressed; and

> (e)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

83.    Kirkland respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates.  Kirkland further believes that it performed the services for the Debtors economically, effectively, and efficiently, and that the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' stakeholders.  Kirkland further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties-in-interest.

84.    During the Fee Period, Kirkland's hourly billing rates for attorneys ranged from $480.00 to $1,375.00.  The hourly rates and corresponding rate structure utilized by Kirkland in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by Kirkland for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  Kirkland strives to be efficient in the staffing of matters. These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

85.    Moreover, Kirkland's hourly rates are set at a level designed to compensate Kirkland fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals

assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

86.     In sum, Kirkland respectfully submits that the professional services provided by Kirkland on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by Kirkland, the nature and extent of Kirkland's services provided, the value of Kirkland's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.  Accordingly, Kirkland respectfully submits that approval of the compensation sought herein is warranted and should be approved.

### Reservation of Rights and Notice

87.     It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  Kirkland reserves the right to include such amounts in future fee applications.  In addition, the Debtors have provided notice of this Fee Application to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel

thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) the Fee Committee; and (z) those

41

parties that have requested notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties").  The

Debtors submit that, in light of the nature of the relief requested, no other or further notice need

be given.

88.    Pursuant to the Interim Compensation Order and the Fee Committee Order, any

Notice Party (other than the Fee Committee) that wishes to object to the Fee Application must file

its objection with the Court, with a copy to Chambers and serve it on Kirkland and the Notice

Parties so that it is **actually received** on or before February ~~16~~17, 2016, at 4:00 p.m. (Prevailing

Eastern Time).

### No Prior Request

89.    No prior application for the relief requested herein has been made to this or any

other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, Kirkland respectfully requests that the Court enter an order (a) awarding Kirkland interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $20,074,835.50, and reimbursement of actual, reasonable, and necessary expenses incurred in the Fee Period in the amount of $1,256,581.06; (b) authorizing and directing the Debtors to remit payment to Kirkland for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Wilmington, Delaware
Dated:  January 2122, 2016

*/s/ Edward O. Sassower*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:           edward.sassower@kirkland.com
                 stephen.hessler@kirkland.com
                 brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:           james.sprayregen@kirkland.com
                 marc.kieselstein@kirkland.com
                 chad.husnick@kirkland.com
                 steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Sassower Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF EDWARD O. SASSOWER**
**IN SUPPORT OF THE FIFTH INTERIM FEE APPLICATION**
**OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS**
**INTERNATIONAL LLP, ATTORNEYS FOR THE DEBTORS AND**
**DEBTORS IN POSSESSION, FOR THE PERIOD OF**
**SEPTEMBER 1, 2015 THROUGH AND INCLUDING DECEMBER 31, 2015**

I, Edward O. Sassower, being duly sworn, state the following under penalty of perjury:

1.      I am the president of Edward O. Sassower, P.C., a partner of the law firm of Kirkland & Ellis LLP, located at 601 Lexington Ave., New York, New York 10022, and a partner of Kirkland & Ellis International LLP (together with Kirkland & Ellis LLP, "<u>Kirkland</u>").[2] I am the lead attorney from Kirkland working on the above-captioned chapter 11 cases. I am a member in good standing of the Bar of the State of New York, and I have been admitted to practice in the United States Bankruptcy Court for the Southern District of New York and the United States Bankruptcy Court for the Eastern District of New York. There are no disciplinary proceedings pending against me.

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning as set forth in the Fee Application.

2.      I have read the foregoing fifth interim fee application of Kirkland, attorneys for the Debtors, for the Fee Period (the "Fee Application").  To the best of my knowledge, information and belief, the statements contained in the Fee Application are true and correct.  In addition, I believe that the Fee Application complies with Local Bankruptcy Rules 2016-1 and 2016-2.

3.      In connection therewith, I hereby certify that:

a)      to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions, except as specifically set forth herein;

b)      except to the extent disclosed in the Fee Application, the fees and disbursements sought in the Fee Application are billed at rates customarily employed by Kirkland and generally accepted by Kirkland's clients.  In addition, none of the professionals seeking compensation varied their hourly rate based on the geographic location of the Debtors' case;

c)      Kirkland is seeking compensation with respect to the approximately 745 hours and $414,028.00 in fees spent reviewing or revising time records and preparing, reviewing, and revising invoices for privileged or confidential information;

d)      in providing a reimbursable expense, Kirkland does not make a profit on that expense, whether the service is performed by Kirkland in-house or through a third party;

e)      in accordance with Rule 2016(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 504, no agreement or understanding exists between Kirkland and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules; and

f)      all services for which compensation is sought were professional services on behalf of the Debtors and not on behalf of any other person.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  January 2122, 2016                    Respectfully submitted,

                                              /s/ *Edward O. Sassower*
                                              _____
                                              Edward O. Sassower
                                                   as President of Edward O. Sassower,
                                                   P.C., as Partner of Kirkland & Ellis LLP;
                                                   and as Partner of Kirkland & Ellis
                                                   International LLP

**<u>Exhibit B</u>**

**Retention Order**

**<u>Exhibit C</u>**

**Engagement Letter**

## Exhibit D

**Voluntary Rate Disclosures**

**Voluntary Rate Disclosures**

- The blended hourly rate for all Kirkland domestic timekeepers (including both professionals and paraprofessionals) who billed to non-bankruptcy matters (collectively, the "Non-Bankruptcy Matters") [1] during the Fee Period was, in the aggregate, approximately $696.68 per hour (the "Non-Bankruptcy Blended Hourly Rate").[2]

- The blended hourly rate for all Kirkland timekeepers (including both professionals and paraprofessionals) who billed to the Debtors during the Fee Period was approximately $740.86 per hour (the "Debtor Blended Hourly Rate").[3]

- A detailed comparison of these rates is as follows:

| Position at Kirkland | Debtor Blended Hourly Rate for This Fee Application | Non-Bankruptcy Blended Hourly Rate |
|---|---|---|
| Partners | $1,000.46 | $937.10 |
| Of Counsel | $0.00 | $722.51 |
| Associates | $666.34 | $588.04 |
| Visiting Attorney | $0.00 | $483.86 |
| Law Clerk | $0.00 | $285.46 |
| Legal Assistants | $302.48 | $279.48 |
| Case Assistants | $204.02 | $182.41 |
| Project Assistant | $197.35 | $184.01 |
| Support Staff | $306.71 | $264.46 |
| **Total** | **$740.86** | **$696.68** |

---

[1]  It is the nature of Kirkland's practice that certain non-bankruptcy engagements require the advice and counsel of professionals and paraprofessionals who work primarily within Kirkland's Restructuring Group. Accordingly, Non-Bankruptcy Matters consist of matters for which Kirkland domestic timekeepers represented a client in a matter other than an in-court bankruptcy proceeding.  Moreover, the Non-Bankruptcy Matters include time billed by Kirkland domestic timekeepers who work primarily within Kirkland's Restructuring Group.

[2]  Kirkland calculated the blended rate for Non-Bankruptcy Matters by dividing the *total dollar amount* billed by Kirkland domestic timekeepers to the Non-Bankruptcy Matters during the Fee Period by the *total number of hours* billed by Kirkland domestic timekeepers to the Non-Bankruptcy Matters during the Fee Period.

[3]  Kirkland calculated the blended rate for timekeepers who billed to the Debtors by dividing the *total dollar amount billed* by such timekeepers during the Fee Period by the *total number of hours billed* by such timekeepers during the Fee Period.

## Exhibit E

**Summary, by Individual Timekeeper, of Total
Fees Incurred and Hours Billed During the Fee Period**

## Summary, by Individual Timekeeper, of Total
## Fees Incurred and Hours Billed During the Fee Period

| Attorney Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed | | Fees Billed |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | In this Application | In the First Interim Application | In this Application at First Interim Application Billing Rate |
| Mike Beinus | Partner | Taxation | 1999 | $1,220.00 | 1.00 | N/A | 1,220.00 | N/A | N/A |
| Andrew Calder, P.C. | Partner | Corporate - M&A/Private Equity | 2003 | $64,864.50 | 52.10 | N/A | 1,245.00 | 1,195.00 | N/A |
| Lauren O Casazza | Partner | Litigation - General | 2002 | $31,977.00 | 34.20 | N/A | 935.00 | N/A | N/A |
| Gregory W Gallagher, P.C. | Partner | Taxation | 1997 | $373,065.00 | 292.60 | N/A | 1,275.00 | 1,195.00 | N/A |
| Chad J Husnick | Partner | Restructuring | 2004 | $714,285.00 | 732.60 | N/A | 975.00 | 915.00 | N/A |
| Christopher Keegan | Partner | Litigation - General | 2002 | $202,635.00 | 237.00 | N/A | 855.00 | N/A | N/A |
| Marc Kieselstein, P.C. | Partner | Restructuring | 1988 | $639,730.00 | 518.00 | N/A | 1,235.00 | N/A | N/A |
| Michelle Kilkenney | Partner | Corporate - Debt Finance | 2002 | $90,100.00 | 85.00 | N/A | 1,060.00 | 995.00 | N/A |
| Michael Kim | Partner | Corporate - Capital Markets | 2003 | $8,200.00 | 8.00 | N/A | 1,025.00 | N/A | N/A |
| Joshua N Korff, P.C. | Partner | Corporate - Capital Markets | 1994 | $3,112.50 | 2.50 | N/A | 1,245.00 | N/A | N/A |
| William A Levy, P.C. | Partner | Taxation | 1988 | $98,812.50 | 77.50 | N/A | 1,275.00 | 1,195.00 | N/A |
| Todd F Maynes, P.C. | Partner | Taxation | 1988 | $327,112.50 | 237.90 | N/A | 1,375.00 | 1,295.00 | N/A |
| Andrew R McGaan, P.C. | Partner | Litigation - General | 1986 | $748,830.00 | 687.00 | N/A | 1,090.00 | 1,025.00 | N/A |
| Mark E McKane | Partner | Litigation - General | 1999 | $759,627.50 | 741.10 | N/A | 1,025.00 | 925.00 | N/A |
| Andres C Mena | Partner | Corporate - Debt Finance | 2001 | $3,286.00 | 3.10 | N/A | 1,060.00 | 995.00 | N/A |
| Dennis M Myers, P.C. | Partner | Corporate - Capital Markets | 1996 | $1,120.50 | 0.90 | N/A | 1,245.00 | 1,195.00 | N/A |
| Linda K Myers, P.C. | Partner | Corporate - Debt Finance | 1990 | $369,675.00 | 279.00 | N/A | 1,325.00 | 1,245.00 | N/A |
| Scott D Price | Partner | Executive Compensation | 1998 | $25,647.00 | 20.60 | N/A | 1,245.00 | 1,175.00 | N/A |
| Edward O Sassower, P.C. | Partner | Restructuring | 2000 | $551,427.50 | 446.50 | N/A | 1,235.00 | 1,125.00 | N/A |
| Joseph Serino, Jr., P.C. | Partner | Litigation - General | 1988 | $27,823.50 | 24.30 | N/A | 1,145.00 | N/A | N/A |
| James H M Sprayregen, P.C. | Partner | Restructuring | 1985 | $496,477.50 | 374.70 | N/A | 1,325.00 | 1,245.00 | N/A |
| Sara B Zablotney | Partner | Taxation | 2003 | $202,244.00 | 173.60 | N/A | 1,165.00 | 1,095.00 | N/A |
| Jack N Bernstein | Partner | Employee Benefits | 1995 | $38,642.50 | 37.70 | N/A | 1,025.00 | 965.00 | N/A |

| Attorney Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed | | Fees Billed |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | In this Application | In the First Interim Application | In this Application at First Interim Application Billing Rate |
| Marin K Boney | Partner | Litigation - Antitrust/Competition | 2008 | $247.50 | 0.30 | N/A | 825.00 | 775.00 | N/A |
| Jeanne T Cohn-Connor | Partner | Environment - Transactional | 1985 | $252,979.50 | 264.90 | N/A | 955.00 | 895.00 | N/A |
| Cormac T Connor | Partner | Litigation - Gov/Reg/Internal Investgn | 2006 | $370,363.50 | 438.30 | N/A | 845.00 | 775.00 | N/A |
| Michael Esser | Partner | Litigation - General | 2009 | $597,795.00 | 724.60 | N/A | 825.00 | 750.00 | N/A |
| Jonathan F Ganter | Partner | Litigation - General | 2010 | $652,822.50 | 791.30 | N/A | 825.00 | 775.00 | N/A |
| Jeffrey M Gould | Partner | Litigation - General | 2008 | $121,264.00 | 137.80 | N/A | 880.00 | 795.00 | N/A |
| Warren Haskel | Partner | Litigation - General | 2009 | $142,725.00 | 173.00 | N/A | 825.00 | N/A | N/A |
| Erik Hepler | Partner | Corporate - Debt Finance | 1990 | $3,922.00 | 3.70 | N/A | 1,060.00 | 995.00 | N/A |
| Richard U S Howell | Partner | Litigation - General | 2006 | $62,744.00 | 71.30 | N/A | 880.00 | N/A | N/A |
| Reid Huefner | Partner | IP - Litigation | 2007 | $29,490.50 | 34.90 | N/A | 845.00 | N/A | N/A |
| Ellen M Jakovic | Partner | Litigation - Antitrust/Competition | 1985 | $55,016.00 | 52.90 | N/A | 1,040.00 | 975.00 | N/A |
| Natalie H Keller | Partner | Taxation | 1997 | $40,232.50 | 38.50 | N/A | 1,045.00 | N/A | N/A |
| Joshua R McLane | Partner | Taxation | 2009 | $92.00 | 0.10 | N/A | 920.00 | 790.00 | N/A |
| Amber J Meek | Partner | Corporate - M&A/Private Equity | 2009 | $83,328.00 | 89.60 | N/A | 930.00 | 775.00 | N/A |
| Roberto S Miceli | Partner | Real Estate | 2000 | $4,063.50 | 4.30 | N/A | 945.00 | 885.00 | N/A |
| JoAnne Nagjee | Partner | Taxation | 2009 | $97,713.00 | 103.40 | N/A | 945.00 | 895.00 | N/A |
| Michael A Petrino | Partner | Litigation - General | 2008 | $228,772.50 | 277.30 | N/A | 825.00 | 775.00 | N/A |
| John Pitts | Partner | Corporate - M&A/Private Equity | 2010 | $22,320.00 | 24.00 | N/A | 930.00 | N/A | N/A |
| William T Pruitt | Partner | Litigation - General | 2004 | $22,285.50 | 24.90 | N/A | 895.00 | 840.00 | N/A |
| Brenton A Rogers | Partner | Litigation - General | 2007 | $709,466.50 | 792.70 | N/A | 895.00 | N/A | N/A |
| Joshua Samis | Partner | Corporate - Debt Finance | 2007 | $61,008.00 | 65.60 | N/A | 930.00 | 840.00 | N/A |
| Brian E Schartz | Partner | Restructuring | 2008 | $105,276.00 | 113.20 | N/A | 930.00 | 840.00 | N/A |
| Steven Serajeddini | Partner | Restructuring | 2010 | $514,177.50 | 574.50 | N/A | 895.00 | 795.00 | N/A |
| Bryan M Stephany | Partner | Litigation - General | 2007 | $602,976.00 | 685.20 | N/A | 880.00 | 795.00 | N/A |
| Wayne E Williams | Partner | Corporate - Capital Markets | 2006 | $60,738.00 | 63.60 | N/A | 955.00 | 875.00 | N/A |
| James Barolo | Associate | Litigation - General | 2014 | $245,310.00 | 442.00 | N/A | 555.00 | N/A | N/A |

| Attorney Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed | | Fees Billed |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | In this Application | In the First Interim Application | In this Application at First Interim Application Billing Rate |
| Andrew Barton | Associate | Executive Compensation | 2010 | $16,378.50 | 18.30 | N/A | 895.00 | 795.00 | N/A |
| Rebecca Blake Chaikin | Associate | Restructuring | 2015 | $225,891.00 | 396.30 | N/A | 570.00 | N/A | N/A |
| Kevin Chang | Associate | Litigation - General | 2014 | $290,598.00 | 523.60 | N/A | 555.00 | N/A | N/A |
| Ryan Copeland | Associate | Corporate - Debt Finance | 2012 | $32,266.00 | 44.20 | N/A | 730.00 | N/A | N/A |
| Haley Darling | Associate | Litigation - General | 2014 | $19,869.00 | 35.80 | N/A | 555.00 | N/A | N/A |
| Alexander Davis | Associate | Litigation - General | 2012 | $229,898.00 | 323.80 | N/A | 710.00 | 595.00 | N/A |
| George Desh | Associate | IP - Litigation | 2011 | $10,268.00 | 13.60 | N/A | 755.00 | N/A | N/A |
| Jason Fitterer | Associate | IP - Litigation | 2012 | $21,726.00 | 30.60 | N/A | 710.00 | N/A | N/A |
| Emily Geier | Associate | Restructuring | 2012 | $667,879.50 | 840.10 | N/A | 795.00 | 685.00 | N/A |
| Jason Gott | Associate | Restructuring | 2012 | $106,288.00 | 145.60 | N/A | 730.00 | N/A | N/A |
| Shayne Henry | Associate | Litigation - General | 2014 | $20,257.50 | 36.50 | N/A | 555.00 | N/A | N/A |
| Sean F Hilson | Associate | Restructuring | 2013 | $332.50 | 0.50 | N/A | 665.00 | 535.00 | N/A |
| Sam Hong | Associate | IP - Transactional | 2008 | $238.50 | 0.30 | N/A | 795.00 | 685.00 | N/A |
| Natasha Hwangpo | Associate | Restructuring | 2014 | $392,483.00 | 590.20 | N/A | 665.00 | 535.00 | N/A |
| Miles Johnson | Associate | Taxation | 2015 | $1,435.50 | 2.90 | N/A | 495.00 | N/A | N/A |
| Cyril V Jones | Associate | Corporate - M&A/Private Equity | 2011 | $70,198.50 | 88.30 | N/A | 795.00 | N/A | N/A |
| Vinu Joseph | Associate | Litigation - General | 2013 | $8,191.50 | 12.90 | N/A | 635.00 | 520.00 | N/A |
| Lina Kaisey | Associate | Restructuring | 2015 | $389,538.00 | 683.40 | N/A | 570.00 | N/A | N/A |
| Howard Kaplan | Associate | Litigation - General | 2011 | $574,479.50 | 760.90 | N/A | 755.00 | 665.00 | N/A |
| Austin Klar | Associate | Litigation - General | 2013 | $94,869.00 | 149.40 | N/A | 635.00 | 520.00 | N/A |
| Lucas J Kline | Associate | Litigation - General | 2009 | $73,590.00 | 89.20 | N/A | 825.00 | 750.00 | N/A |
| Serafima Krikunova | Associate | Litigation - General | 2012 | $29,749.00 | 41.90 | N/A | 710.00 | N/A | N/A |
| Nick Laird | Associate | Litigation - General | 2013 | $290,449.00 | 457.40 | N/A | 635.00 | 520.00 | N/A |
| Christine Lehman | Associate | Taxation | 2014 | $29,221.50 | 48.30 | N/A | 605.00 | N/A | N/A |
| Teresa Lii | Associate | Restructuring | 2014 | $109,060.00 | 164.00 | N/A | 665.00 | 535.00 | N/A |
| Ashley Littlefield | Associate | Litigation - General | 2011 | $2,718.00 | 3.60 | N/A | 755.00 | 665.00 | N/A |
| Jeffery Lula | Associate | Litigation - General | 2010 | $433,990.50 | 545.90 | N/A | 795.00 | N/A | N/A |

| Attorney Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed | | Fees Billed |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | In this Application | In the First Interim Application | In this Application at First Interim Application Billing Rate |
| Eric Merin | Associate | Litigation - General | 2014 | $7,874.00 | 12.40 | N/A | 635.00 | 520.00 | N/A |
| Timothy Mohan | Associate | Restructuring | 2014 | $385,766.50 | 580.10 | N/A | 665.00 | 535.00 | N/A |
| David Moore | Associate | Corporate - General | 2015 | $2,304.00 | 4.80 | N/A | 480.00 | N/A | N/A |
| Jennie L Morawetz | Associate | Environment - Transactional | 2013 | $2,337.00 | 4.10 | N/A | 570.00 | N/A | N/A |
| Veronica Nunn | Associate | Corporate - M&A/Private Equity | 2010 | $140,861.50 | 166.70 | N/A | 845.00 | 685.00 | N/A |
| Samara L Penn | Associate | Litigation - General | 2010 | $18,285.00 | 23.00 | N/A | 795.00 | 710.00 | N/A |
| Jonah Peppiatt | Associate | Restructuring | 2015 | $9,348.00 | 16.40 | N/A | 570.00 | N/A | N/A |
| Carleigh T Rodriguez | Associate | Environment - Transactional | 2013 | $25,669.00 | 38.60 | N/A | 665.00 | 535.00 | N/A |
| Jeremy Roux | Associate | IP - Litigation | 2014 | $11,266.50 | 20.30 | N/A | 555.00 | N/A | N/A |
| Daniel Rudewicz | Associate | Restructuring | | $36,000.00 | 75.00 | N/A | 480.00 | N/A | N/A |
| Michael Saretsky | Associate | Environment - Transactional | 2010 | $3,933.00 | 6.90 | N/A | 570.00 | N/A | N/A |
| Mark F Schottinger | Associate | Litigation - General | 2012 | $4,899.00 | 6.90 | N/A | 710.00 | 595.00 | N/A |
| Alexander Schwartz | Associate | Corporate - Capital Markets | 2013 | $2,327.50 | 3.50 | N/A | 665.00 | N/A | N/A |
| Anthony Sexton | Associate | Taxation | 2011 | $64,875.00 | 86.50 | N/A | 750.00 | 685.00 | N/A |
| Anthony Sexton | Associate | Taxation | 2011 | $267,189.00 | 316.20 | N/A | 845.00 | 685.00 | N/A |
| Stephanie Shropshire | Associate | Litigation - General | 2014 | $14,605.00 | 23.00 | N/A | 635.00 | 520.00 | N/A |
| Daniel Sito | Associate | Taxation | 2015 | $13,315.50 | 26.90 | N/A | 495.00 | N/A | N/A |
| Justin Sowa | Associate | Litigation - General | 2013 | $488,338.00 | 687.80 | N/A | 710.00 | 595.00 | N/A |
| Adam Stern | Associate | Litigation - General | 2013 | $118,428.00 | 166.80 | N/A | 710.00 | N/A | N/A |
| Sarah Stock | Associate | Litigation - General | 2013 | $58,928.00 | 92.80 | N/A | 635.00 | 520.00 | N/A |
| Nathan Taylor | Associate | Litigation - General | 2015 | $3,385.50 | 6.10 | N/A | 555.00 | N/A | N/A |
| Adam Teitcher | Associate | Litigation - General | 2013 | $53,960.00 | 76.00 | N/A | 710.00 | 595.00 | N/A |
| Anna Terteryan | Associate | Litigation - General | 2014 | $437,062.50 | 787.50 | N/A | 555.00 | N/A | N/A |
| McClain Thompson | Associate | Restructuring | 2014 | $151,563.00 | 265.90 | N/A | 570.00 | N/A | N/A |
| Steven Torrez | Associate | Restructuring | 2014 | $224,010.00 | 393.00 | N/A | 570.00 | N/A | N/A |
| Holly R Trogdon | Associate | Litigation - General | 2014 | $305,694.00 | 550.80 | N/A | 555.00 | 450.00 | N/A |
| Andrew D Walker | Associate | Corporate - General | 2014 | $15,504.00 | 27.20 | N/A | 570.00 | N/A | N/A |

| Attorney Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed | | Fees Billed |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | In this Application | In the First Interim Application | In this Application at First Interim Application Billing Rate |
| Kyle M Watson | Associate | Corporate - General | 2013 | $2,261.00 | 3.40 | N/A | 665.00 | N/A | N/A |
| Nicolas Wenker | Associate | Corporate - General | 2015 | $480.00 | 1.00 | N/A | 480.00 | N/A | N/A |
| Charles D Wineland, III | Associate | IP - Litigation | 2013 | $14,033.50 | 22.10 | N/A | 635.00 | N/A | N/A |
| Spencer A Winters | Associate | Restructuring | 2013 | $550,287.50 | 827.50 | N/A | 665.00 | 535.00 | N/A |
| Aparna Yenamandra | Associate | Restructuring | 2013 | $534,506.00 | 732.20 | N/A | 730.00 | 625.00 | N/A |

| Paraprofessional Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed | | Fees Billed |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | In this Application | In the First Interim Application | In this Application at First Interim Application Billing Rate |
| Eric M Dellon | Legal Assistant | Litigation - General | N/A | $7,476.00 | 26.70 | N/A | 280.00 | N/A | N/A |
| Gary A Duncan | Legal Assistant | Litigation - General | N/A | $10,290.00 | 34.30 | N/A | 300.00 | N/A | N/A |
| Kristen Kelly Farnsworth | Legal Assistant | Litigation - General | N/A | $560.50 | 1.90 | N/A | 295.00 | N/A | N/A |
| Michael S Fellner | Legal Assistant | Litigation - General | N/A | $65,587.50 | 247.50 | N/A | 265.00 | 250.00 | N/A |
| Beth Friedman | Legal Assistant | Restructuring | N/A | $14,212.00 | 37.40 | N/A | 380.00 | 355.00 | N/A |
| Jacob Goldfinger | Legal Assistant | Restructuring | N/A | $45,900.00 | 135.00 | N/A | 340.00 | 320.00 | N/A |
| Shavone Green | Legal Assistant | Restructuring | N/A | $700.00 | 2.50 | N/A | 280.00 | 265.00 | N/A |
| Paul M Jones | Legal Assistant | Litigation - General | N/A | $42,141.00 | 127.70 | N/A | 330.00 | N/A | N/A |
| Gabriel King | Legal Assistant | Litigation - General | N/A | $6,825.00 | 32.50 | N/A | 210.00 | N/A | N/A |
| Travis J Langenkamp | Legal Assistant | Litigation - General | N/A | $47,460.00 | 135.60 | N/A | 350.00 | N/A | N/A |
| Maureen McCarthy | Legal Assistant | Restructuring | N/A | $7,000.00 | 20.00 | N/A | 350.00 | 330.00 | N/A |
| Bella More | Legal Assistant | Litigation - General | N/A | $3,816.00 | 10.60 | N/A | 360.00 | N/A | N/A |
| Carrie Oppenheim | Legal Assistant | Restructuring | N/A | $1,581.00 | 5.10 | N/A | 310.00 | 290.00 | N/A |
| Robert Orren | Legal Assistant | Restructuring | N/A | $91,295.00 | 294.50 | N/A | 310.00 | 290.00 | N/A |
| Sharon G Pace | Legal Assistant | Litigation - General | N/A | $3,630.50 | 13.70 | N/A | 265.00 | 250.00 | N/A |
| Nancy J Pittman | Legal Assistant | Litigation - General | N/A | $256.00 | 0.80 | N/A | 320.00 | N/A | N/A |
| Meghan Rishel | Legal Assistant | Litigation - General | N/A | $129,373.00 | 488.20 | N/A | 265.00 | 250.00 | N/A |
| Laura Saal | Legal Assistant | Restructuring | N/A | $640.00 | 2.00 | N/A | 320.00 | 300.00 | N/A |
| Kenneth J Sturek | Legal Assistant | Litigation - General | N/A | $74,165.00 | 211.90 | N/A | 350.00 | 330.00 | N/A |
| Jeanette L Boykins | Case Assistant | Litigation - Antitrust/Competition | N/A | $1,008.00 | 4.80 | N/A | 210.00 | N/A | N/A |

| Paraprofessional Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed | | Fees Billed |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | In this Application | In the First Interim Application | In this Application at First Interim Application Billing Rate |
| Stephanie Ding | Case Assistant | Litigation - General | N/A | $93,534.00 | 445.40 | N/A | 210.00 | 195.00 | N/A |
| Jason Douangsanith | Case Assistant | Litigation - General | N/A | $56,725.50 | 290.90 | N/A | 195.00 | N/A | N/A |
| Abdulyekinni A Fasinro | Case Assistant | Restructuring | N/A | $4,560.00 | 22.80 | N/A | 200.00 | N/A | N/A |
| Gayle M Lodygowski | Case Assistant | Litigation - General | N/A | $798.00 | 3.80 | N/A | 210.00 | N/A | N/A |
| Madison Clark | Project Assistant | Litigation - General | N/A | $4,855.50 | 24.90 | N/A | 195.00 | N/A | N/A |
| Meg McCarthy | Project Assistant | Litigation - General | N/A | $32,604.00 | 167.20 | N/A | 195.00 | N/A | N/A |
| Ned Rooney | Project Assistant | Litigation - General | N/A | $7,476.00 | 35.60 | N/A | 210.00 | N/A | N/A |
| Library Factual Research | Support Staff | Admin Services | N/A | $900.00 | 3.00 | N/A | 300.00 | N/A | N/A |
| Library Business Research | Support Staff | Admin Services | N/A | $120.00 | 0.40 | N/A | 300.00 | N/A | N/A |
| Olivia Altmayer | Support Staff | Litigation - Antitrust/Competition | N/A | $117.50 | 0.50 | N/A | 235.00 | 220.00 | N/A |
| Linda M Chuk | Support Staff | Admin Services | N/A | $1,008.00 | 4.20 | N/A | 240.00 | 205.00 | N/A |
| Stephen P Garoutte | Support Staff | Admin Services | N/A | $10,824.00 | 45.10 | N/A | 240.00 | 200.00 | N/A |
| Allison Graybill | Support Staff | Admin Services | N/A | $5,688.00 | 23.70 | N/A | 240.00 | 180.00 | N/A |
| Kurt J Wunderlich | Support Staff | Litigation - Antitrust/Competition | N/A | $4,975.50 | 9.30 | N/A | 535.00 | 500.00 | N/A |
| Megan Buenviaje | Support Staff | Litigation - General | N/A | $140.00 | 0.50 | N/A | 280.00 | N/A | N/A |
| Mark Cuevas | Support Staff | Litigation - General | N/A | $47,027.00 | 151.70 | N/A | 310.00 | 290.00 | N/A |
| Anne R Lubinsky | Support Staff | Litigation - General | N/A | $336.00 | 1.20 | N/A | 280.00 | N/A | N/A |
| James P McIntyre | Support Staff | Litigation - General | N/A | $279.00 | 0.90 | N/A | 310.00 | N/A | N/A |
| Colleen C Caamano | Support Staff | Litigation - General | N/A | $15,283.00 | 49.30 | N/A | 310.00 | 290.00 | N/A |
| Jason Goodman | Support Staff | Litigation - General | N/A | $1,209.00 | 3.90 | N/A | 310.00 | 290.00 | N/A |
| William G Marx | Support Staff | Litigation - General | N/A | $5,292.00 | 16.80 | N/A | 315.00 | 295.00 | N/A |
| Chad M Papenfuss | Support Staff | Litigation - General | N/A | $170,982.00 | 542.80 | N/A | 315.00 | 295.00 | N/A |

| Paraprofessional Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed | | Fees Billed |
| | | | | | | | In this Application | In the First Interim Application | In this Application at First Interim Application Billing Rate |
|---|---|---|---|---|---|---|---|---|---|
| Kenneth W Dyche | Support Staff | Litigation - General | N/A | $32,970.00 | 109.90 | N/A | 300.00 | N/A | N/A |
| Giang Pettinati | Support Staff | Litigation - General | N/A | $2,212.50 | 7.50 | N/A | 295.00 | N/A | N/A |
| Joshua L Urban | Support Staff | Litigation - General | N/A | $42,421.00 | 143.80 | N/A | 295.00 | N/A | N/A |
| Marvin R Gibbons, Jr. | Support Staff | Litigation - General | N/A | $150.00 | 0.50 | N/A | 300.00 | N/A | N/A |
| Audrey Schlicht | Support Staff | Admin Services | N/A | $228.00 | 0.60 | N/A | 380.00 | N/A | N/A |

## **Exhibit F**

**Summary, by Expense Type, of Actual and
Necessary Expenses Incurred During the Fee Period**

### Summary, by Expense Type, of Actual and
### Necessary Expenses Incurred During the Fee Period

| Expense | Vendor (if any)[1] | Unit Cost (if applicable) | Amount |
|---|---|---|---|
| Third Party Telephone Charges | Intercall | | $24,062.92 |
| Standard Copies or Prints | Internal (Kirkland & Ellis LLP) | $0.10 per page | $22,859.20 |
| Binding | Internal (Kirkland & Ellis LLP) | | $0.00 |
| Tabs/Indexes/Dividers | | | $0.00 |
| Color Copies or Prints | Internal (Kirkland & Ellis LLP) | | $17,076.90 |
| Laege Format Copy/Print | | | $12.00 |
| Scanned Images | | | $1.30 |
| Production Blowbacks | Internal (Kirkland & Ellis LLP) | $0.10 per page | $17,235.50 |
| Closing/Mini Books | Internal (Kirkland & Ellis LLP) | $0.10 per page | $600.00 |
| 4" Binders | | | $0.00 |
| 5" Binders | | | $0.00 |
| Flash Drives | | | $0.00 |
| Postage | Federal Express | | $244.16 |
| Overnight Delivery | | | $7,591.26 |
| Overnight Delivery - Refund | | | ($115.21) |
| Outside Messenger Services | | | $2,087.13 |
| Local Transportation | | | $3,096.10 |
| Travel Expense | | | $197,936.76 |
| Airfare | | | $160,507.31 |
| Transportation to/from airport | | | $36,940.30 |
| Travel Meals | | | $16,426.89 |
| Car Rental | | | $271.96 |
| Other Travel Expenses | | | $2,591.50 |
| Court Reporter Fee/Deposition | | | $70,946.50 |
| Other Court Costs and Fees | | | $970.00 |
| Trial Exhibits | | | $64,598.80 |
| Outside Computer Services | | | $0.72 |
| Outside paralegal Assistance | | | $440,539.50 |
| Outside Copy/Binding Services | | | $64,629.41 |
| Working Meals/K&E Only | | | $38.25 |
| Working Meals/K&E and Others | | | $0.00 |
| Catering Expenses | | | $22,100.88 |
| Outside Retrieval Service | | | $296.38 |
| Inter-Library Loan | | | $25.00 |
| Computer Database Research | | | $13,319.61 |
| Westlaw Research | | | $29,753.95 |
| LexisNexis Research | | | $3,006.79 |
| Overtime Transportation | | | $6,013.53 |
| Overtime Meals - Non-Attorney | Seamless North America Inc. | | $273.24 |
| Overtime Meals - Attorney | Seamless North America Inc. | | $5,142.28 |
| Secretarial Overtime | | | $0.00 |
| Document Services Overtime | | | $0.00 |
| Rental Expenses | | | $13,904.09 |
| Leased Equipment | | | $11,889.75 |

---

[1]   Kirkland may use one or more service providers.  The service providers identified herein are the primary service providers for the categories described.

| Expense | Vendor (if any)[1] | Unit Cost (if applicable) | Amount |
|---|---|---|---|
| Miscellaneous Office Expenses | | | $231.00 |
| Cash Credits | | | ($524.60) |
| **Total** | | | **$1,256,581.06** |

**Exhibit G**

**Summary, by Matter Category, of Actual
Fees and Expenses Incurred During the Fee Period**

**Summary, by Matter Category, of Actual
Fees and Expenses Incurred During the Fee Period**

| Matter Number | Project Category Description | Hours Billed | Total Compensation Billed | Expenses | Total |
|---|---|---|---|---|---|
| 0002 | Chapter 11 Bankruptcy Filing | $0.00 | $0.00 | $0.00 | $0.00 |
| 0003 | [ALL] Automatic Stay | $0.90 | $279.00 | $0.00 | $279.00 |
| 0004 | [ALL] Bond Issues | $1.00 | $818.50 | $0.00 | $818.50 |
| 0005 | [ALL] Business Operations | $0.00 | $0.00 | $0.00 | $0.00 |
| 0006 | [ALL] Case Administration | $134.00 | $65,690.50 | $0.00 | $65,690.50 |
| 0007 | [ALL] Cash Management | $0.00 | $0.00 | $0.00 | $0.00 |
| 0008 | [ALL] Claims Administration & Objections | $529.20 | $346,788.00 | $0.00 | $346,788.00 |
| 0009 | [ALL] Contested Matters & Adv. Proceed. | $11,470.40 | $7,609,273.50 | $0.00 | $7,609,273.50 |
| 0010 | [ALL] Corp. Governance and Sec. Issues | $540.10 | $473,665.00 | $0.00 | $473,665.00 |
| 0011 | [ALL] Exec. Contracts & Unexpired Leases | $154.40 | $85,289.50 | $0.00 | $85,289.50 |
| 0012 | [ALL] Hearings | $1,217.90 | $981,504.50 | $0.00 | $981,504.50 |
| 0013 | [ALL] Insurance | $0.00 | $0.00 | $0.00 | $0.00 |
| 0014 | [ALL] K&E Retention and Fee Applications | $909.10 | $504,590.00 | $0.00 | $504,590.00 |
| 0015 | [ALL] Mediation | $0.00 | $0.00 | $0.00 | $0.00 |
| 0016 | [ALL] Non-Debtor Affiliates | $2.90 | $2,117.00 | $0.00 | $2,117.00 |
| 0017 | [ALL] Non-K&E Retentions & Fee Apps | $118.10 | $77,740.00 | $0.00 | $77,740.00 |
| 0018 | [ALL] Non-Working Travel | $629.80 | $489,838.50 | $0.00 | $489,838.50 |
| 0019 | [ALL] Official Committee Issues & Meet. | $0.00 | $0.00 | $0.00 | $0.00 |
| 0020 | [ALL] Oncor | $0.00 | $0.00 | $0.00 | $0.00 |
| 0021 | [ALL] Plan and Disclosure Statements | $5,186.00 | $4,479,305.50 | $0.00 | $4,479,305.50 |
| 0022 | [ALL] Private Letter Ruling/IRS Matters | $0.00 | $0.00 | $0.00 | $0.00 |
| 0023 | [ALL] Regulatory Issues | $8.30 | $6,904.50 | $0.00 | $6,904.50 |
| 0024 | [ALL] Rest. Support Agrmt./Global Settle | $0.00 | $0.00 | $0.00 | $0.00 |
| 0025 | [ALL] Retention of Professionals | $0.00 | $0.00 | $0.00 | $0.00 |
| 0026 | [ALL] Retiree and Employee Issues/OPEB | $563.70 | $440,573.00 | $0.00 | $440,573.00 |
| 0027 | [ALL] Schedules, SoFAs | $0.00 | $0.00 | $0.00 | $0.00 |
| 0028 | [ALL] Shared Services | $0.00 | $0.00 | $0.00 | $0.00 |
| 0029 | [ALL] Tax Issues | $1,105.60 | $1,186,245.50 | $0.00 | $1,186,245.50 |
| 0030 | [ALL] U.S. Trustee Issues | $7.20 | $4,788.00 | $0.00 | $4,788.00 |
| 0031 | [ALL] Utilities | $0.00 | $0.00 | $0.00 | $0.00 |
| 0032 | [ALL] Valuation | $0.00 | $0.00 | $0.00 | $0.00 |
| 0033 | [ALL] Vendor and Other Creditor Issues | $22.30 | $14,848.50 | $0.00 | $14,848.50 |
| 0034 | [TCEH] Asset Dispositions and Purchases | $221.70 | $182,462.00 | $0.00 | $182,462.00 |
| 0035 | [TCEH] Automatic Stay | $0.00 | $0.00 | $0.00 | $0.00 |
| 0036 | [TCEH] Bond Issues | $1.60 | $1,272.00 | $0.00 | $1,272.00 |

| 0037 | [TCEH] Business Operations | $0.40 | $292.00 | $0.00 | $292.00 |
|---|---|---|---|---|---|
| 0038 | [TCEH] Cash Collateral and DIP Financing | $98.10 | $101,487.00 | $0.00 | $101,487.00 |
| 0039 | [TCEH] Claims Administration & Objection | $86.50 | $40,992.50 | $0.00 | $40,992.50 |
| 0040 | [TCEH] Contested Matters & Advers. Proc. | $408.50 | $313,565.50 | $0.00 | $313,565.50 |
| 0041 | [TCEH] Corp. Governance and Sec. Issues | $0.00 | $0.00 | $0.00 | $0.00 |
| 0042 | [TCEH] Environmental Issues | $223.40 | $186,877.00 | $0.00 | $186,877.00 |
| 0043 | [TCEH] Hearings | $0.00 | $0.00 | $0.00 | $0.00 |
| 0044 | [TCEH] Insurance | $0.00 | $0.00 | $0.00 | $0.00 |
| 0045 | [TCEH] Letter of Credit Issues | $0.00 | $0.00 | $0.00 | $0.00 |
| 0046 | [TCEH] Non-Debtor Affiliates | $2.20 | $1,494.00 | $0.00 | $1,494.00 |
| 0047 | [TCEH] Non-K&E Retention & Fee Apps | $0.00 | $0.00 | $0.00 | $0.00 |
| 0048 | [TCEH] Non-Working Travel | $4.50 | $3,577.50 | $0.00 | $3,577.50 |
| 0049 | [TCEH] Official Committee Issues & Meet. | $0.00 | $0.00 | $0.00 | $0.00 |
| 0050 | [TCEH] Oncor | $0.00 | $0.00 | $0.00 | $0.00 |
| 0051 | [TCEH] Plan/Disclosure Statements | $0.00 | $0.00 | $0.00 | $0.00 |
| 0052 | [TCEH] Private Letter Ruling/IRS Issues | $0.00 | $0.00 | $0.00 | $0.00 |
| 0053 | [TCEH] Rest. Support Agrmt./Global Sett. | $0.00 | $0.00 | $0.00 | $0.00 |
| 0054 | [TCEH] Retiree and Employee Issues/OPEB | $0.00 | $0.00 | $0.00 | $0.00 |
| 0055 | [TCEH] Schedules, SoFAs | $0.00 | $0.00 | $0.00 | $0.00 |
| 0056 | [TCEH] Shared Services | $0.00 | $0.00 | $0.00 | $0.00 |
| 0057 | [TCEH] Trading and Hedging Contracts | $19.60 | $14,675.50 | $0.00 | $14,675.50 |
| 0058 | [TCEH] Transition Services | $0.00 | $0.00 | $0.00 | $0.00 |
| 0059 | [TCEH] U.S. Trustee Issues | $0.00 | $0.00 | $0.00 | $0.00 |
| 0060 | [TCEH] Utilities | $0.00 | $0.00 | $0.00 | $0.00 |
| 0061 | [TCEH] Valuation | $0.00 | $0.00 | $0.00 | $0.00 |
| 0062 | [TCEH] Vendor and Other Creditor Issues | $55.80 | $30,454.00 | $0.00 | $30,454.00 |
| 0063 | [EFIH] Asset Dispositions and Purchases | $0.00 | $0.00 | $0.00 | $0.00 |
| 0064 | [EFIH] Automatic Stay | $0.00 | $0.00 | $0.00 | $0.00 |
| 0065 | [EFIH] Bond Issues | $0.00 | $0.00 | $0.00 | $0.00 |
| 0066 | [EFIH] Cash Collat./DIP Finan./Makewhole | $92.10 | $103,893.00 | $0.00 | $103,893.00 |
| 0067 | [EFIH] Claims Administration & Objection | $0.00 | $0.00 | $0.00 | $0.00 |
| 0068 | [EFIH] Contested Matters & Advers. Pro. | $631.70 | $512,344.50 | $0.00 | $512,344.50 |
| 0069 | [EFIH] Corp. Governance and Sec. Issues | $0.00 | $0.00 | $0.00 | $0.00 |
| 0070 | [EFIH] Hearings | $1.80 | $1,845.00 | $0.00 | $1,845.00 |
| 0071 | [EFIH] Insurance | $0.00 | $0.00 | $0.00 | $0.00 |
| 0072 | [EFIH] Non-K&E Retention & Fee Applicat. | $0.00 | $0.00 | $0.00 | $0.00 |
| 0073 | [EFIH] Non-Working Travel | $0.00 | $0.00 | $0.00 | $0.00 |
| 0074 | [EFIH] Official Committee Issues & Meet. | $0.00 | $0.00 | $0.00 | $0.00 |
| 0075 | [EFIH] Oncor | $0.00 | $0.00 | $0.00 | $0.00 |

| 0076 | [EFIH] Plan / Disclosure Statement | $0.00 | $0.00 | $0.00 | $0.00 |
|------|-----------------------------------|-------|-------|-------|-------|
| 0077 | [EFIH] Private Letter Ruling/IRS Issues | $0.00 | $0.00 | $0.00 | $0.00 |
| 0078 | [EFIH] Rest. Support Agrmt./Global Sett. | $0.00 | $0.00 | $0.00 | $0.00 |
| 0079 | [EFIH] Schedules, SoFAs | $0.00 | $0.00 | $0.00 | $0.00 |
| 0080 | [EFIH] Shared Services | $0.00 | $0.00 | $0.00 | $0.00 |
| 0081 | [EFIH] Valuation | $0.00 | $0.00 | $0.00 | $0.00 |
| 0082 | [EFH] Asset Dispositions and Purchases | $0.00 | $0.00 | $0.00 | $0.00 |
| 0083 | [EFH] Automatic Stay | $0.00 | $0.00 | $0.00 | $0.00 |
| 0084 | [EFH] Bond Issues | $0.00 | $0.00 | $0.00 | $0.00 |
| 0085 | [EFH] Claims Administration & Objections | $0.00 | $0.00 | $0.00 | $0.00 |
| 0086 | [EFH] Contested Matters & Advers. Proc. | $31.60 | $24,947.50 | $0.00 | $24,947.50 |
| 0087 | [EFH] Corp. Governance and Sec. Issues | $0.00 | $0.00 | $0.00 | $0.00 |
| 0088 | [EFH] EFH Corporate Services | $0.00 | $0.00 | $0.00 | $0.00 |
| 0089 | [EFH] EFH Properties | $5.70 | $4,324.50 | $0.00 | $4,324.50 |
| 0090 | [EFH] Hearings | $0.00 | $0.00 | $0.00 | $0.00 |
| 0091 | [EFH] Insurance | $0.00 | $0.00 | $0.00 | $0.00 |
| 0092 | [EFH] Non-Core Subs/Discontinued Op. | $0.00 | $0.00 | $0.00 | $0.00 |
| 0093 | [EFH] Non-Debtor Affiliates | $1.40 | $1,022.00 | $0.00 | $1,022.00 |
| 0094 | [EFH] Non-K&E Retention & Fee Apps | $0.00 | $0.00 | $0.00 | $0.00 |
| 0095 | [EFH] Non-Working Travel | $0.00 | $0.00 | $0.00 | $0.00 |
| 0096 | [EFH] Official Committee Issues & Meet. | $0.00 | $0.00 | $0.00 | $0.00 |
| 0097 | [EFH] Oncor | $0.00 | $0.00 | $0.00 | $0.00 |
| 0098 | [EFH] Plan/Disclosure Statement | $0.00 | $0.00 | $0.00 | $0.00 |
| 0099 | [EFH] Private Letter Ruling/IRS Issues | $0.00 | $0.00 | $0.00 | $0.00 |
| 0100 | [EFH] Rest. Support Agrmt./Global Sett. | $0.00 | $0.00 | $0.00 | $0.00 |
| 0101 | [EFH] Retiree and Employee Issues/OPEB | $0.00 | $0.00 | $0.00 | $0.00 |
| 0102 | [EFH] Schedules, SoFAs | $0.00 | $0.00 | $0.00 | $0.00 |
| 0103 | [EFH] Shared Services | $0.00 | $0.00 | $0.00 | $0.00 |
| 0104 | [EFH] Valuation | $0.00 | $0.00 | $0.00 | $0.00 |
| 0105 | [EFH] Vendor and Other Creditor Issues | $0.00 | $0.00 | $0.00 | $0.00 |
| 0106 | [ALL] Venue | $0.00 | $0.00 | $0.00 | $0.00 |
| 0107 | [ALL] Invoice Review | $0.00 | $0.00 | $0.00 | $0.00 |
| 0108 | [TCEH] Exec. Contracts & Unexpired Lease | $1,537.00 | $1,000,841.50 | $0.00 | $1,000,841.50 |
| 0109 | [ALL] Expenses | $0.00 | $0.00 | $1,252,186.56 | $1,252,186.56 |
| 0110 | [TCEH] Expenses | $0.00 | $0.00 | $3,182.90 | $3,182.90 |
| 0111 | [EFIH] Expenses | $0.00 | $0.00 | $209.50 | $209.50 |
| 0112 | [EFH] Expenses | $0.00 | $0.00 | $1,002.10 | $1,002.10 |
| 0113 | [ALL] Enforcement of TTI Rights | $840.20 | $529,618.50 | $0.00 | $529,618.50 |
| 0114 | [ALL] Drag Along Rights | $0.00 | $0.00 | $0.00 | $0.00 |
| 0115 | [TCEH] Exit Financing | $231.90 | $248,591.00 | $0.00 | $248,591.00 |
| **Totals** | | **$27,096.60** | **$20,074,835.50** | **$1,256,581.06** | **$21,331,416.56** |

**Exhibit H**

**Budget and Staffing Plan**

## Budget and Staffing Plan for the Fee Period

### Budget

| Matter Number | Project Category Description | Hours Budgeted | Total Compensation Budgeted |
|---|---|---|---|
| Applicable to All Debtors | | | |
| 3 | [ALL] Automatic Stay | 20 - 40 | $12,000 - $20,000 |
| 6 | [ALL] Case Administration | 210 - 240 | $140,000 - $160,000 |
| 7 | [ALL] Cash Management | 20 - 40 | $12,000 - $20,000 |
| 8 | [ALL] Claims Administration and Objections | 965 - 1,080 | $640,000 - $720,000 |
| 9 | [ALL] Contested Matters and Adversary Proceedings | 14,040 - 15,740 | $9,200,000 - $10,300,000 |
| 10 | [ALL] Corporate Governance and Securities Issues | 2,385 - 2,675 | $1,980,000 - $2,220,000 |
| 11 | [ALL] Exec. Contracts & Unexpired Leases | 130 - 150 | $80,000 - $110,000 |
| 12 | [ALL] Hearings | 305 - 340 | $270,000 - $305,000 |
| 14 | [ALL] Kirkland Retention and Fee Applications | 935 - 1,055 | $560,000 - $620,000 |
| 17 | [ALL] Non-Kirkland Retentions and Fee Applications | 80 - 100 | $60,000 - $80,000 |
| 18 | [ALL] Non-Working Travel | 530 - 590 | $460,000 - $520,000 |
| 19 | [ALL] Official Committee Issues and Meetings | 30 - 60 | $28,000 - $40,000 |
| 21 | [ALL] Plan and Disclosure Statement | 14,760 - 16,520 | $12,600,000 - $14,115,000 |
| 26 | [ALL] Retiree and Employee Issues/OPEB | 820 - 915 | $620,000 - $690,000 |
| 29 | [ALL] Tax Issues | 2,465 - 2,765 | $2,600,000 - $2,920,000 |
| 30 | [ALL] U.S. Trustee Issues | 30 - 40 | $20,000 - $40,000 |
| 32 | [ALL] Valuation | 200 - 220 | $180,000 - $200,000 |
| 113 | [ALL] Enforcement of TTI Rights | 60 - 80 | $60,000 - $80,000 |
| 114 | [ALL] Drag Along Rights | 60 - 80 | $60,000 - $80,000 |
| Applicable to TCEH Debtors | | | |
| 34 | [TCEH] Asset Disposition | 30 - 60 | $20,000 - $40,000 |
| 37 | [TCEH] Business Operations | 65 - 85 | $48,000 - $60,000 |
| 38 | [TCEH] Cash Collateral and DIP Financing | 60 - 80 | $60,000 - $80,000 |
| 39 | [TCEH] Claims Administration and Objections | 335 - 375 | $200,000 - $220,000 |
| 40 | [TCEH] Contested Matters and Adversary Proceedings | 785 - 880 | $600,000 - $680,000 |
| 41 | [TCEH] Corporate Governance and Securities Law Issues | 20 - 40 | $12,000 - $22,000 |
| 42 | [TCEH] Environmental Issues | 50 - 75 | $50,000 - $67,000 |
| 46 | [TCEH] Non-Debtor Affiliates | 20 - 40 | $12,000 - $20,000 |
| 48 | [TCEH] Non-Working Travel | 20 - 60 | $20,000 - $28,000 |
| 49 | [TCEH] Official Committee Issues and Meetings | 40 - 60 | $12,000 - $20,000 |
| 51 | [TCEH] Plan/Disclosure Statement | 120 - 145 | $125,000 - $160,000 |

| Matter Number | Project Category Description | Hours Budgeted | Total Compensation Budgeted |
|---|---|---|---|
| 57 | [TCEH] Trading and Hedging Contracts | 100 - 120 | $85,000 - $105,000 |
| 62 | [TCEH] Vendor and Other Creditor Issues | 205 - 230 | $120,000 - $140,000 |
| 108 | [TCEH] Exec. Contracts & Unexpired Leases | 1,870 - 2,090 | $1,170,000 - $1,315,000 |
| 115 | [TCEH] Exit Financing | 60 - 80 | $60,000 - $80,000 |
| Applicable to EFIH Debtors | | | |
| 66 | [EFIH] Cash Collateral/DIP Financing/Make-whole Issues | 150 - 170 | $180,000 - $200,000 |
| 68 | [EFIH] Contested Matters and Adversary Proceedings | 2,295 - 2,570 | $1,800,000 - $2,015,000 |
| 69 | [EFIH] Corporate Governance and Securities Law Issues | 100 - 110 | $100,000 - $110,000 |
| 70 | [EFIH] Hearings | 390 - 435 | $400,000 - $440,000 |
| 72 | [EFIH] Non-Kirkland Retention and Fee Applications | 0 | $0 |
| 73 | [EFIH] Non-Working Travel | 40 - 60 | $40,000 - $60,000 |
| 74 | [EFIH] Official Committee Issues and Meetings | 40 - 60 | $12,000 - $20,000 |
| Applicable to EFH Corp. Debtors | | | |
| 87 | [EFH] Corporate Governance and Securities Law Issues | 45 - 60 | $45,000 - $60,000 |
| 89 | [EFH] EFH Properties | 125 - 145 | $93,000 - $110,000 |
| 92 | [EFH] Non-Core Subsidiaries / Discontinued Operations | 20 - 40 | $20,000 - $28,000 |
| 96 | [EFH] Official Committee Issues and Meetings | 40 - 60 | $12,000 - $20,000 |
| **Total** | | **45,060 - 50,860** | **$34,778,000 - $39,230,000** |

## Staffing Plan

| Category of Timekeeper | Number of Timekeepers Expected to Work on the Matter Categories During the Budget Period | Average Hourly Rate[1] |
|---|---|---|
| Partner | 30 | $1,039 |
| Associate | 33 | $691 |
| Legal Assistant | 9 | $320 |
| Case Assistant | 2 | $203 |
| Project Assistants (and other support staff) | 7 | $312 |
| **Total Attorney** | **63** | **$858** |
| **Total Non-Attorney** | **19** | **$305** |
| **Total** | **82** | **$730** |

---

[1]    The "Average Hourly Rate" is a weighted average based on the individual hourly rate of, and projected number of hours worked by, each timekeeper over the course of the chapter 11 cases.

## **Exhibit I**

**Summary, by Matter Category, of Fees
Budgeted and Fees Incurred During the Fee Period**

## Summary of Legal Services Rendered

| Matter Number | Project Category Description | Hours | | Total Compensation | |
|---|---|---|---|---|---|
| | | Budgeted | Billed | Budgeted | Billed |
| 0003 | [ALL] Automatic Stay | 20 - 40 | 0.90 | $12,000 - $20,000 | $279.00 |
| 0004 | [ALL] Bond Issues | 0 | 1.00 | $0 | $818.50 |
| 0006 | [ALL] Case Administration | 210 - 240 | 134.00 | $140,000 - $160,000 | $65,690.50 |
| 0007 | [ALL] Cash Management | 20 - 40 | 0 | $12,000 - $20,000 | $0.00 |
| 0008 | [ALL] Claims Administration & Objections | 965 - 1,080 | 529.20 | $640,000 - $720,000 | $346,788.00 |
| 0009 | [ALL] Contested Matters & Adv. Proceed. | 14,040 - 15,740 | 11,470.40 | $9,200,000 - $10,300,000 | $7,609,273.50 |
| 0010 | [ALL] Corp. Governance and Sec. Issues | 2,385 - 2,675 | 540.10 | $1,980,000 - $2,220,000 | $473,665.00 |
| 0011 | [ALL] Exec. Contracts & Unexpired Leases | 130 - 150 | 154.40 | $80,000 - $110,000 | $85,289.50 |
| 0012 | [ALL] Hearings | 305 - 340 | 1,217.90 | $270,000 - $305,000 | $981,504.50 |
| 0014 | [ALL] Kirkland Retention and Fee Applications | 935 - 1,055 | 909.10 | $560,000 - $620,000 | $504,590.00 |
| 0016 | [ALL] Non-Debtor Affiliates | 0 | 2.90 | $0 | $2,117.00 |
| 0017 | [ALL] Non-Kirkland Retentions & Fee Apps | 80 - 100 | 118.10 | $60,000 - $80,000 | $77,740.00 |
| 0018 | [ALL] Non-Working Travel | 530 - 590 | 629.80 | $460,000 - $520,000 | $489,838.50 |
| 0019 | [ALL] Official Committee Issues & Meet. | 30 - 60 | 0 | $28,000 - $40,000 | $0.00 |
| 0021 | [ALL] Plan and Disclosure Statements | 14,760 - 16,520 | 5,186.00 | $12,600,000 - $14,115,000 | $4,479,305.50 |
| 0023 | [ALL] Regulatory Issues | 0 | 8.30 | $0 | $6,904.50 |
| 0026 | [ALL] Retiree and Employee Issues/OPEB | 0 | 563.70 | $620,000 - $690,000 | $440,573.00 |
| 0029 | [ALL] Tax Issues | 2,465 - 2,765 | 1,105.60 | $2,600,000 - $2,920,000 | $1,186,245.50 |
| 0030 | [ALL] U.S. Trustee Issues | 20 - 40 | 7.20 | $20,000 - $40,000 | $4,788.00 |
| 0032 | [ALL] Valuation | 200 - 220 | 0 | $180,000 - $200,000 | $0.00 |
| 0033 | [ALL] Vendor and Other Creditor Issues | 0 | 22.30 | $0 | $14,848.50 |
| 0034 | [TCEH] Asset Dispositions and Purchases | 30 - 60 | 221.70 | $20,000 - $40,000 | $182,462.00 |
| 0036 | [TCEH] Bond Issues | 0 | 1.60 | $0 | $1,272.00 |

| Matter Number | Project Category Description | Hours | | Total Compensation | |
|---|---|---|---|---|---|
| | | Budgeted | Billed | Budgeted | Billed |
| 0037 | [TCEH] Business Operations | 65 - 85 | 0.40 | $48,000 - $60,000 | $292.00 |
| 0038 | [TCEH] Cash Collateral and DIP Financing | 60 - 80 | 98.10 | $60,000 - $80,000 | $101,487.00 |
| 0039 | [TCEH] Claims Administration & Objection | 335 - 375 | 86.50 | $200,000 - $220,000 | $40,992.50 |
| 0040 | [TCEH] Contested Matters & Advers. Proc. | 785 - 880 | 408.50 | $600,000 - $680,000 | $313,565.50 |
| 0041 | [TCEH] Corporate Governance and Securities Law Issues | 20 - 40 | 0 | $12,000 - $22,000 | $0.00 |
| 0042 | [TCEH] Environmental Issues | 50 - 75 | 223.40 | $50,000 - $67,000 | $186,877.00 |
| 0046 | [TCEH] Non-Debtor Affiliates | 20 - 40 | 2.20 | $12,000 - $20,000 | $1,494.00 |
| 0048 | [TCEH] Non-Working Travel | 20 - 60 | 4.50 | $20,000 - $28,000 | $3,577.50 |
| 0049 | [TCEH] Official Committee Issues & Meet. | 40 - 60 | 0 | $12,000 - $20,000 | $0.00 |
| 0051 | [TCEH] Plan/Disclosure Statement | 150 - 170 | 0 | $125,000 - $160,000 | $0.00 |
| 0057 | [TCEH] Trading and Hedging Contracts | 100 - 120 | 19.60 | $85,000 - $105,000 | $14,675.50 |
| 0062 | [TCEH] Vendor and Other Creditor Issues | 205 - 230 | 55.80 | $120,000 - $140,000 | $30,454.00 |
| 0066 | [EFIH] Cash Collat./DIP Finan./Make-whole | 150 - 170 | 92.10 | $180,000 - $200,000 | $103,893.00 |
| 0068 | [EFIH] Contested Matters & Advers. Pro. | 2,295 - 2,570 | 631.70 | $1,800,000 - $2,000,000 | $512,344.50 |
| 0069 | [EFH] Corporate Governance and Securities Law Issues | 100 - 110 | 0 | $100,000 - $110,000 | $0.00 |
| 0070 | [EFIH] Hearings | 390 - 435 | 1.80 | $400,000 - $440,000 | $1,845.00 |
| 0073 | [EFIH] Non-Working Travel | 40 - 60 | 0 | $40,000 - $60,000 | $0.00 |
| 0074 | [EFIH] Official Committee Issues and Meetings | 40 - 60 | 0 | $12,000 - $20,000 | $0.00 |
| 0086 | [EFH] Contested Matters & Advers. Proc. | 0 | 31.60 | $0 | $24,947.50 |
| 0087 | [EFH] Corp. Governance and Sec. Issues | 45 - 60 | 0 | $45,000 - $60,000 | $0.00 |
| 0089 | [EFH] EFH Properties | 125 - 145 | 5.70 | $93,000 - $110,000 | $4,324.50 |
| 0092 | [EFH] Non-Core | 20 - 40 | 0 | $20,000 - | $0.00 |

| Matter Number | Project Category Description | Hours | | Total Compensation | |
|---|---|---|---|---|---|
| | | Budgeted | Billed | Budgeted | Billed |
| | Subs/Discontinued Op. | | | $28,000 | |
| 0093 | [EFH] Non-Debtor Affiliates | 0 | 1.40 | $0 | $1,022.00 |
| 0096 | [EFH] Official Committee Issues & Meet. | 40 - 60 | 0 | $12,000 - $20,000 | $0.00 |
| 0108 | [TCEH] Exec. Contracts & Unexpired Lease | 1,870 - 2,090 | 1,537.00 | $1,170,000 - $1,315,000 | $1,000,841.50 |
| 0113 | [ALL] Enforcement of TTI Rights | 60 - 80 | 840.20 | $60,000 - $80,000 | $529,618.50 |
| 0114 | [ALL] Drag Along Rights | 60 - 80 | 0 | $60,000 - $80,000 | $0.00 |
| 0115 | [TCEH] Exit Financing | 60 - 80 | 231.90 | $60,000 - $80,000 | $248,591.00 |
| **Total** | | **45,060 - 50,860** | **27,096.60** | **$34,778,000 - $39,230,000** | **$20,074,835.50** |

**<u>Exhibit J</u>**

**Detailed Description of Services
Provided During the Fee Period**

**<u>Exhibit K</u>**

**Detailed Description of Expenses
Incurred and Disbursements Made During the Fee Period**