**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: February 18, 2016 at 11:00 a.m.** |
| | ) **Objection Deadline: February 11, 2016 at 4:00 p.m.** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(A) AUTHORIZING THE TCEH DEBTORS TO ENTER INTO CERTAIN FINANCING**
**AGREEMENTS AND PAY FEES AND EXPENSES ASSOCIATED WITH INCURRING**
**NEW REORGANIZED TCEH DEBT AND (B) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors") file this motion

(this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**

(the "Order"): (a) authorizing the TCEH Debtors to enter into certain Financing Agreements (as

defined herein) and to pay fees and expenses associated with incurring the New Reorganized

TCEH Debt in accordance with the *Sixth Amended Joint Plan of Reorganization of Energy*

*Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No.

7235] (the "Plan") and the *Amended Order Confirming the Sixth Amended Joint Plan of*

*Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the*

*Bankruptcy Code* [D.I. 7285] (the "Confirmation Order")[2] and (b) granting related relief. In

support of this Motion, the Debtors respectfully state as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

## Jurisdiction

1.       The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory bases for the relief requested herein are sections 105(a), 363(b), and 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Relief Requested

4.       By this Motion, the Debtors seek entry of an Order:  (a) authorizing the TCEH Debtors to enter into, execute, and perform their respective obligations pursuant to any Financing Agreements and to pay fees and expenses, in their reasonable discretion, associated with incurring the New Reorganized TCEH Debt under the Plan and (b) granting related relief.[3]

---

[3] As explained further in this Motion, the Debtors believe that they have already received authority to implement the relief requested in this Motion.  Nonetheless, the Debtors seek entry of the Order in an abundance of caution.

**Background**

5.      On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570].  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6.      On December 9, 2015, the Court entered the Confirmation Order confirming the Plan, approving the Plan Supplement (including any documents that may be amended through and including the Effective Date), and authorizing the Debtors to implement and consummate the Plan.  Among other things, the Plan directs Reorganized TCEH to (a) incur the New Reorganized TCEH Debt, which is defined as "new long-term debt of Reorganized TCEH to be issued on the Effective Date . . . ," and (b) enter into, deliver, and perform its obligations under, the New Reorganized TCEH Debt Documents, which are defined as "the documents necessary to effectuate the New Reorganized TCEH Debt" and which are to be included in the Plan Supplement.  Plan at Article I.A ¶¶ 245, 246; Article IV.C.2; Article IV.J.

RLF1 13805188v.1

7.	To consummate the Plan, the TCEH Debtors may decide in their reasonable business judgment to obtain a commitment to fund—or an agreement to exercise efforts to obtain funding for—the New Reorganized TCEH Debt.  The Debtors, their advisors, and the TCEH first lien creditors have been monitoring the debt and capital markets and, if desired, the TCEH Debtors will seek to enter into such an arrangement when they believe the markets will provide the best terms for the New Reorganized TCEH Debt.

8.	The TCEH Debtors believe the Confirmation Order and the Plan already provide them with the authorization to enter into commitment letters, structuring letters, engagement letters, and other agreements, documents, and letters with respect to the incurrence of the New Reorganized TCEH Debt (the "Financing Agreements") and to incur associated obligations to, among other things, pay certain reasonable fees and expenses related thereto (the "Financing Obligations").  *See* Plan at Article IV.C.2 ("Confirmation shall constitute approval of the New Reorganized TCEH Debt Documents (including the . . . obligations to be incurred by Reorganized TCEH in connection therewith), and authorization for Reorganized TCEH to enter into and execute the Reorganized TCEH Debt Documents.").  Out of an abundance of caution, however, the TCEH Debtors are seeking entry of the Order authorizing them to enter into Financing Agreements and the Financing Obligations on terms that the TCEH Debtors agree to with the new lenders of such exit financing in the TCEH Debtors' reasonable discretion.

9.	The Financing Obligations, which will be set forth in the New Reorganized TCEH Debt Documents (including the Financing Agreements and associated fee letters), may include, without limitation: commitment fees; arrangement fees; structuring fees; underwriting fees; upfront fees and original issue discount; closing fees; funding fees; consent fees; ticking fees; escrow-related fees; agency fees; rating agency fees; letter-of-credit fees; break-up,

4

alternate transaction, or termination fees; processing and recordation fees; professionals' fees;
listing fees; regulatory fees; indemnities; and all costs and expenses (including attorneys' fees
and expenses associates with syndication and any "road show") owing in connection with the
foregoing.

**Basis for Relief**

10.     The Bankruptcy Code authorizes the use of property outside the ordinary course
of business with court approval and given a valid business reason.    Specifically, the
Bankruptcy Code authorizes a debtor in possession, after notice and a hearing, to "use, sell, or
lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b).
It is well established in this jurisdiction that a debtor may use property of the estate outside the
ordinary course of business under this provision if there is a good business reason for doing so.
*See, e.g.*, *In re Elpida Memory, Inc.*, No. 12-10947 (CSS) 2012 WL 6090194, at *5
(Bankr. D. Del. Nov. 20, 2012); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153
(Bankr. D. Del. 1999); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 175 (Bankr. D. Del. 1991).

11.     The standard for approval of the use of property outside the ordinary course of
business is a deferential one.  Once "the debtor articulates a reasonable basis for its business
decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not
entertain objections to the debtor's conduct."   *Comm. of Asbestos-Related Litigants and/or
Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616
(Bankr. S.D.N.Y. 1986).  Rather, there is "a presumption that in making a business decision the
directors of a corporation acted on an informed basis, in good faith and in the honest belief that
the action taken was in the best interests of the company."  *Gantler v. Stephens*, 965 A.2d 695,
705-06 (Del. 2009).  Indeed, the business judgment standard "embodies the deference that is

5

accorded to managerial decisions of a board of directors." *Omnicare, Inc. v. NCS Healthcare, Inc.*, 818 A.2d 914, 928 (Del. 2003).

12.     The TCEH Debtors respectfully submit that entry into, delivery, and performance of their obligations under any Financing Agreements and the incurrence of the Financing Obligations associated with obtaining the New Reorganized TCEH Debt represent a sound exercise of the TCEH Debtors' business judgment and are for a valid business purpose.  The Financing Agreements will facilitate the incurrence of the New Reorganized TCEH Debt and will provide the Debtors with the assurance that they will have access to the capital necessary for their emergence from chapter 11 as contemplated under the Plan and ongoing working capital needs.  The New Reorganized TCEH Debt will be the result of an extensive marketing process and arm's-length negotiations between sophisticated commercial parties.  Furthermore, the TCEH Debtors will ensure that the New Reorganized TCEH Debt Fees will be reasonable, appropriate, and customary with respect to financings of this type and size.

13.     Finally, in accordance with section 503(b) of the Bankruptcy Code, the Financing Obligations should be afforded administrative expense priority as an "actual, necessary cost[] and expense[] of preserving the estate."  11 U.S.C. 503(b)(1)(A).  The Financing Obligations will be an actual and necessary cost, not only for preserving the TCEH Debtors' estates, but also for maximizing their value and enhancing creditor recoveries.  The obligations incurred by any lender pursuant to the New Reorganized TCEH Debt Documents will confer substantial benefits onto the TCEH Debtors and their estates, and will facilitate the TCEH Debtors' access to the New Reorganized TCEH Debt and, ultimately, their ability to emerge from chapter 11. Therefore, the Financing Obligations should be granted administrative priority under section 503(b)(1) of the Bankruptcy Code.

RLF1 13805188v.1

14.    Importantly, courts in this jurisdiction and others have approved debtors' entry into commitment letters and the incurrence of obligations in connection with exit financings on the basis of such debtors' reasonable business judgment.  *See, e.g.*, *In re GSE Envtl., Inc.*, No. 14-11126 (MFW) (Bankr. D. Del. July 11, 2014) (approving entry into and payment of fees under commitment letter); *In re Overseas Shipholding Grp., Inc.*, No. 12-20000 (PJW) (Bankr. D. Del. May 27, 2014); *In re NewPage Corp.*, No. 11-12804 (KG) (Bankr. D. Del. Nov. 6, 2012); *In re Local Insight Media Holdings, Inc.*, No. 10-13677 (KG) (Bankr. D. Del. Oct. 12, 2011); *In re Muzak Holdings LLC*, No. 09-10422 (KJC) (Bankr. D. Del. Dec. 21, 2009).  For all the foregoing reasons, the incurrence of the Financing Obligations is warranted and appropriate based on the TCEH Debtors' sound business judgment.

## Relief Under Bankruptcy Rule 6004(h) Is Appropriate

15.    To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and any stay of an order granting the relief requested herein pursuant to Bankruptcy Rule 6004(h).

## Reservation of Rights

16.    Nothing contained in this motion or any actions taken by the Debtors pursuant to relief granted in the Order is intended or should be construed as:  (a) an admission as to the validity of any particular claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this motion are valid,

7

and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

**Notice**

17.    The Debtors shall provide notice of this Motion on the date hereof via first class mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as

indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:    (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

18.    No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  January 28, 2016
        Wilmington, Delaware

/s/ Jason M. Madron

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
    defranceschi@rlf.com
    madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
    stephen.hessler@kirkland.com
    brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
    marc.kieselstein@kirkland.com
    chad.husnick@kirkland.com
    steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*