**Exhibit A**

**Proposed Form of Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

**ORDER (A) AUTHORIZING THE
TCEH DEBTORS TO ENTER INTO CERTAIN FINANCING AGREEMENTS
AND PAY FEES AND EXPENSES ASSOCIATED WITH INCURRING
NEW REORGANIZED TCEH DEBT AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) a authorizing the TCEH Debtors to enter into, deliver, and perform their respective obligations under any Financing Agreements and incur the Financing Obligations and (b) granting related relief; all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Plan, as applicable.

RLF1 13805188v.1

28 U.S.C. §§ 1408 and 1409; and this Court having found that the TCEH Debtors' entry into any Financing Agreements and incurrence of the Financing Obligations constitute an exercise of sound business judgment under section 363(b)(1) of the Bankruptcy Code; and this Court having found that the payment of the fees and expenses in connection with the New Reorganized TCEH Debt provides a benefit to the TCEH Debtors' estates necessary to preserve the value of such estates; and this Court having found that the relief requested in the Motion is in the best interests of the TCEH Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent provided herein.

2. Any and all objections to the Motion are hereby overruled in all respects.

3. The TCEH Debtors are authorized to enter into, deliver, and perform their obligations under any Financing Agreements in connection with the incurrence of the New Reorganized TCEH Debt, *provided*, *however*, that any such Financing Agreements shall be in form and substance reasonably acceptable to the TCEH Supporting First Lien Creditors.

4. The TCEH Debtors are authorized to incur and pay the Financing Obligations, in their reasonable discretion, on the terms and conditions set forth in the New Reorganized TCEH Debt Documents and any related Financing Agreements, without notice, hearing, or further order

of this Court as, when, and to the extent they become due and payable under the terms of the New Reorganized TCEH Debt Documents and any Financing Agreements.

5. The Financing Obligations, to the extent agreed to under the New Reorganized TCEH Debt Documents, the Plan, and this Order, are actual, necessary costs and expenses of preserving the Debtors' estates and shall be treated as allowed administrative priority claims against the Debtors under sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code. Such fees, expenses, and indemnities shall be paid promptly without further order of this Court.

6. The terms and provisions of this Order shall be binding in all respects upon all parties in these chapter 11 cases, the Debtors, their estates, and all successors and assigns thereof, including any chapter 7 trustee or chapter 11 trustee appointed in any of these cases or after conversion of any of these cases to cases under chapter 7 of the Bankruptcy Code or any plan agent, administrator, or trustee no matter how denominated.

7. The provisions and effect of this Order, any actions taken pursuant to this Order, and the respective rights, obligations, remedies, and protections provided for herein shall survive the conversion, dismissal, or closing of these chapter 11 cases, the appointment of a trustee herein (or after conversion of any of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code), or the substantive consolidation of these chapter 11 cases with any other case or cases, and the terms and provisions of this Order shall continue in full force and effect notwithstanding the entry of any such order.

8. Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall not be stayed.

9. The Debtors are authorized to take all actions reasonably necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

Dated: _____, 2016
       Wilmington, Delaware

                                                The Honorable Christopher S. Sontchi
                                                United States Bankruptcy Judge