## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Objection Deadline: March 1, 2016 at 4:00 p.m.** |
|  | ) |  |

### SUMMARY COVER SHEET TO THE FOURTH INTERIM FEE APPLICATION OF RICHARDS, LAYTON & FINGER, P.A., CO-ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM MAY 1, 2015 THROUGH AND INCLUDING AUGUST 31, 2015

In accordance with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), Richards, Layton & Finger, P.A. ("RL&F"), co-attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submits this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the fourth interim fee application to which this Summary is attached (the "Fee Application")[2] for the period from May 1, 2015 through August 31, 2015 (the "Fee Period").

RL&F submits the Fee Application as an interim fee application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order") and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application.

## General Information

| | |
|---|---|
| Name of Applicant: | Richards, Layton & Finger, P.A. |
| Authorized to Provide Services to: | Energy Future Holdings Corp., *et al.* |
| Petition Date: | April 29, 2014 |
| Date of Order Authorizing the Debtors to Retain RL&F [D.I. 2539]: | October 24, 2014, *nunc pro tunc* to April 29, 2014 |

## Summary of Fees and Expenses Sought in the Fee Application

| | |
|---|---|
| Period for Which Compensation and Reimbursement Is Sought in the Fee Application: | May 1, 2015 through August 31, 2015 |
| Voluntary Expense Reduction in this Fee Period: | Reduced expenses by $0.00 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $467,550.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $29,883.76 |
| Total Holdback Compensation Requested in this Application for the Fee Period: | $93,510.10 |
| Total Compensation and Expense Reimbursement Requested for the Fee Period: | $497,434.26 |

## Total Rate Increases Applicable to the Fee Period:   $21,884.00

### Summary of Past Requests for Compensation and Prior Payments[3]

| | |
|---|---|
| Total Amount of Compensation Previously Requested Pursuant to the Interim Compensation Order Through August 31, 2015: | $3,127,207.50 |
| Total Amount of Expense Reimbursement Previously Requested Pursuant to the Interim Compensation Order Through August 31, 2015: | $322,142.81 |
| Total Compensation Approved Pursuant to the Interim Compensation Order Through August 31, 2015: | $2,501,766.00 |
| Total Amount of Expense Reimbursement Approved Pursuant to the Interim Compensation Order Through August 31, 2015: | $322,142.81 |
| Total Allowed Compensation Paid Through August 31, 2015: | $2,501,766.00 |
| Total Allowed Expenses Paid Through August 31, 2015: | $322,142.81 |
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed: | $0.00 |
| Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed: | $0.00 |

---

[3] On July 27, 2015, September 2, 2015, September 30, 2015, and November 16, 2015, RL&F filed the Monthly Fee Statements. No objections were filed to any of the Monthly Fee Statements. RL&F subsequently received payments totaling $376,223.02 relating to compensation sought in the Monthly Fee Statements.

Dated: February 8, 2016
       Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          collins@rlf.com
                defranceschi@rlf.com
                madron@rlf.com

*Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: March 1, 2016 at 4:00 p.m.** |
| | ) | |

## FOURTH INTERIM FEE APPLICATION OF
## RICHARDS, LAYTON & FINGER, P.A., CO-ATTORNEYS
## FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD
## FROM MAY 1, 2015 THROUGH AND INCLUDING AUGUST 31, 2015

Richards, Layton & Finger, P.A. ("RL&F"), co-attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits its fourth interim fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $467,550.50 and reimbursement of actual and necessary expenses in the amount of $29,883.76 that RL&F incurred for the period from May 1, 2015 through August 31, 2015 (the "Fee Period"). In support of this Fee Application, RL&F submits the declaration of Jason M. Madron, counsel at RL&F (the "Madron Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference. In further support of this Fee Application, RL&F respectfully states as follows.

### Jurisdiction

1.     The United States Bankruptcy Court for the District of Delaware (the "Court")

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order"), and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").[2]

### Background

4.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered an order for joint administration of these chapter 11 cases. The Court has not appointed a trustee or examiner in these chapter 11 cases. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors representing the interests of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH

---

[2] On October 3, 2014 and October 7, 2014, the Fee Committee (as defined herein) distributed guidelines to those professionals retained in these chapter 11 cases regarding a number of topics, including expense reimbursement, fee review criteria, and contents of interim fee applications (collectively, the "Fee Committee Guidelines").

2

Corporate Services Company (the "TCEH Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420], and an official committee of unsecured creditors representing the interests of Energy Future Holdings Corp. ("EFH"), Energy Future Intermediate Holding Company, LLC ("EFIH"), EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

5.    On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in these cases.

6.    Given the size and complexity of these chapter 11 cases, the U.S. Trustee, the Debtors, and the TCEH Creditors' Committee agreed to recommend that the Court appoint a fee committee to review and report on, as appropriate, interim and final fee applications filed by all of the Debtors' retained professionals in accordance with 11 U.S.C. §§ 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order (the "Fee Committee"). On August 21, 2014, the Court entered the Fee Committee Order, appointing the Fee Committee and establishing procedures governing the Fee Committee's review of the Debtors' retained professionals' applications for compensation and the resolution of any concerns raised during such review. On October 3, 2014, the Fee Committee distributed an initial memorandum regarding guidelines for expense reimbursements to those professionals retained in these chapter 11 cases (the "Fee Committee Guidelines"). RL&F reviewed the Fee Committee Guidelines on October 3, 2014. Except to the extent otherwise disclosed and discussed herein, RL&F believes that the relief requested herein generally complies with the Fee Committee Guidelines.

3

**Preliminary Statement**

7.    The Fee Period was one of the most active periods since the Petition Date for the Debtors and their professional advisors, including RL&F.  At the start of the Fee Period, the Debtors were in the early stages of obtaining support for their proposed plan of reorganization and accompanying disclosure statement, each of which was filed on April 14, 2015 (as each was subsequently amended from time to time, the "Plan" and "Disclosure Statement").  By the end of the Fee Period, the Debtors obtained the support of nearly every "T-side" creditor for a revised Plan, executed an extensively negotiated agreement settling and releasing a host of claims and causes of action by and against the Debtors and a number of other supporting stakeholders (the "Settlement Agreement"), and negotiated and executed a plan support agreement with a substantial number of the "T-side" creditors and certain other parties-in-interest (the "Plan Support Agreement").  The deal embodied in the Plan and Settlement Agreement resolves many of the issues in these chapter 11 cases, offers the potential for a 100% recovery for "E-side" creditors, and has the support of and consent by a significant majority of the "T-side" unsecured creditors.

8.    Early in the Fee Period, and with the goal of facilitating discussions with all stakeholders, the Debtors sought and obtained Court approval of a schedule governing Plan confirmation and an extension of exclusivity through the end of the statutory periods.  Against the backdrop of court-ordered deadlines, the Debtors used the time afforded by the exclusivity extension to engage all stakeholders in discussions regarding three potential restructuring alternatives with respect to Reorganized EFH embodied in the Plan: (a) a merger or sale transaction, (b) a standalone reorganization, and (c) a potential backstop transaction. Specifically, the Debtors and their advisors negotiated during the Fee Period with bidders to

4

acquire the economic interests in Oncor. At the same time, the Debtors advanced discussions with the "E-side" stakeholders on a potential standalone equitization alternative and discussions with "T-side" stakeholders on a merger transaction backstopped by certain members of the ad hoc group of TCEH unsecured noteholders (the "TCEH Unsecured Ad Hoc Group") and a consortium of purchasers led by Hunt Consolidated Inc. (the "Hunt Consortium"). The Debtors filed modified versions of the Plan and Disclosure Statement in July 2015 that reflected continued negotiations and narrowed the Debtors' potential restructuring alternatives.

9.      As the Court is aware, the Debtors reached agreement with the TCEH Unsecured Ad Hoc Group and nearly all of the "T-side" creditors on the terms of a Plan and Settlement Agreement that the Debtors filed on August 10, 2015. The version of the Plan filed on August 10, 2015 contemplated a tax-free spin-off of TCEH to the TCEH first lien creditors and a merger transaction premised upon a $12.6 billion investment, the proceeds of which will be used to provide a 100% recovery to E-side creditors. The Settlement Agreement resolves many of the alleged claims that have been the subject of expensive litigation in these chapter 11 cases, including alleged inter-Debtor claims, alleged claims against the TCEH first lien creditors, alleged claims against the holders of equity interests in EFH Corp., and alleged claims against the Debtors' directors and officers related to each of the foregoing periods.

10.     During the Fee Period, RL&F also assisted the Debtors and K&E in advancing various other work streams (described in greater detail below), including advancing the claims reconciliation process, continuing to litigate various interest rate and makewhole issues across the EFIH capital structure, and evaluating executory contracts and unexpired leases to assist the Debtors with determining whether to assume or reject such agreements.

5

## The Debtors' Retention of RL&F

11.     On October 24, 2014, the Court entered the *Order Authorizing the Debtors to Retain and Employ Richards, Layton & Finger, P.A. as Co-Counsel Effective Nunc Pro Tunc to the Petition Date* [D.I. 2539] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference.  The Retention Order authorizes the Debtors to compensate and reimburse RL&F in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Committee Order, and the Interim Compensation Order.  The Retention Order also authorizes the Debtors to compensate RL&F at RL&F's hourly rates charged for services of this type and to reimburse RL&F for RL&F's actual and necessary out-of-pocket expenses incurred,[3] subject to application to this Court.[4]  The particular terms of RL&F's engagement, which were approved by the Court, are detailed in the engagement letter by and between RL&F and the Debtors, dated January 16, 2014, and attached hereto as **Exhibit C** (the "Engagement Letter").

12.     The Retention Order authorizes RL&F to provide the following services consistent with and in furtherance of the services enumerated above:

  a.  Provide Delaware law expertise to the Debtors, including advising the Debtors and K&E on issues of local practice and the Local Bankruptcy Rules;

  b.  Act as Delaware counsel with respect to the Debtors' restructuring, including (i) reviewing, commenting on, and filing the various documents and pleadings principally drafted by K&E, and (ii) drafting certifications of counsel,

---

[3] In providing a reimbursable expense, RL&F does not make a profit on that expense, whether the service is performed by RL&F in-house or through a third party, provided, however, that regarding providers of on-line legal research (*e.g.,* LEXIS and WESTLAW), RL&F charges all of its clients the standard usage rates these providers charge, which, due to contractual flat fees, may not always equal RL&F's actual cost.  RL&F currently is under contract to pay these providers a flat fee every month.  Charging its clients the on-line providers' standard usage rates allows RL&F to cover adequately the monthly flat fees it must pay to these types of providers.

[4] In accordance with the Retention Order, RL&F does not seek reimbursement of expenses for office supplies pursuant to this Fee Application. See Retention Order at ¶ 13.

certifications of no objection, notices, and other routine documents that are not principally drafted by K&E for filing in the Debtors' chapter 11 cases;

c.  Appear in court and at meetings on behalf of the Debtors;

d.  Interact and communicate with chambers outside of hearings; and

e.  Act as conflicts counsel independently from K&E in certain matters.

## Disinterestedness of RL&F

13.  To the best of the Debtors' knowledge and as disclosed in the (a) *Affidavit of Daniel J. DeFranceschi in Support of the Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Richards, Layton & Finger, P.A. as Co-Counsel Effective Nunc Pro Tunc to the Petition Date* [D.I. 659, Ex. B] (the "Original Affidavit"); (b) the *Supplemental Affidavit and Disclosure of Daniel J. DeFranceschi on Behalf of Richards, Layton & Finger, P.A.*, filed on October 23, 2014 [D.I. 2531] (the "Supplemental Affidavit"); (c) the *Second Supplemental Affidavit and Disclosure of Daniel J. DeFranceschi on Behalf of Richards, Layton & Finger, P.A.*, filed on December 22, 2014 [D.I. 3127] (the "Second Supplemental Affidavit"); (d) the *Third Supplemental Affidavit and Disclosure of Daniel J. DeFranceschi on Behalf of Richards, Layton & Finger, P.A.*, filed on December 22, 2015 [D.I. 7433] (the "Third Supplemental Affidavit"); and (e) the *Fourth Supplemental Affidavit and Disclosure of Daniel J. DeFranceschi on Behalf of Richards, Layton & Finger, P.A.*, filed on January 5, 2016 [D.I. 7551] (the "Fourth Supplemental Affidavit" and together with the Original Affidavit, the Supplemental Affidavit, the Second Supplemental Affidavit, and the Third Supplemental Affidavit, the "RL&F Affidavits"), (i) RL&F is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates, (ii) RL&F neither holds nor represents an interest materially adverse to the Debtors or their estates,

7

and (iii) RL&F has not represented any of the Debtors' creditors, equity security holders, or other parties-in-interest in any matter relating to the Debtors or their estates except as disclosed in the RL&F Affidavits.

14.     RL&F may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors in these chapter 11 cases. In the RL&F Affidavits, RL&F disclosed its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. RL&F will update the RL&F Affidavits, as appropriate, if RL&F becomes aware of relevant and material new information.

15.     RL&F performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

16.     Except to the extent of (a) the advance payments paid to RL&F that RL&F previously disclosed to this Court in the RL&F Affidavits, and (b) any payments made to RL&F by the Debtors after the Petition Date in accordance with the Interim Compensation Order and/or the Fee Committee Order, RL&F has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

17.     Pursuant to Bankruptcy Rule 2016(b), RL&F has not shared, nor has RL&F agreed to share, (a) any compensation it has received or may receive with another party or person other than with the directors of RL&F, or (b) any compensation another person or party has received or may receive.

**Summary of Compliance with Interim Compensation Order and Fee Committee Order**

18.     This Fee Application has been prepared in accordance with the Interim Compensation Order and the Fee Committee Order.

19.     RL&F seeks interim compensation for professional services rendered to the Debtors during the Fee Period in the amount of $467,550.50 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $29,883.76.  During the Fee Period, RL&F attorneys and paraprofessionals expended a total of 1310.10 hours for which compensation is requested.

20.     RL&F has received payments totaling $376,223.02 under the Interim Compensation Order and the Fee Committee Order on account of fees and expenses incurred by RL&F during the Fee Period.  RL&F has submitted Monthly Fee Statements (as defined in the Interim Compensation Order) for each of May, June, July, and August 2015, seeking payment of (a) 80% of the fees incurred by the Debtors for reasonable and necessary professional services rendered by RL&F, and (b) 100% of the actual and necessary costs and expenses incurred by RL&F in connection with the services provided to the Debtors for each month.

21.     Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, RL&F seeks payment of the remaining $91,327.48, which represents the 20% holdback period on fees incurred during the Fee Period.[5]

---

[5] Pursuant to the Retention Order, RL&F is required to apply any remaining portion of the retainer provided by the Debtors to RL&F (the "Retainer") first to prepetition fees and expenses, and then the first court-authorized postpetition fees and expenses.  Specifically, paragraph 4 of the Retention Order, "RLF shall apply the remaining amount of the Retainer to satisfy the payment of allowed fees and expenses accruing after the Petition Date before seeking further payment from the Debtors in satisfaction of such allowed fees and expenses."  See Retention Order at ¶ 4.  As of the date of the filing of this Fee Application, the Retainer has been fully applied to previously allowed fees and expenses of RL&F and is exhausted.

9

<u>**Fees and Expenses Incurred During Fee Period**</u>

**A.      Customary Billing Disclosures.**

22.      RL&F's hourly rates are set at a level designed to compensate RL&F fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure utilized by RL&F in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by RL&F for other restructuring matters, as well as similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. The rates and rate structure reflect that such restructuring and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures. For the convenience of the Court and all parties-in-interest, attached hereto as **<u>Exhibit D</u>** is a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtors during the Fee Period.

**B.      Fees Incurred During Fee Period.**

23.      In the ordinary course of RL&F's practice, RL&F maintains computerized records of the time expended to render the professional services required by the Debtors and their estates. For the convenience of the Court and all parties-in-interest, attached hereto as **<u>Exhibit E</u>** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- The name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- Each attorney's year of bar admission and area of practice concentration;

- The aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

10

- The hourly billing rate for each attorney and each paraprofessional at RL&F's current billing rates;

- The hourly billing rate for each attorney and each paraprofessional as disclosed in the first interim application;

- The number of rate increases since the inception of the case; and

- A calculation of total compensation requested using the rates disclosed in the *Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Richards, Layton & Finger, P.A. as Co-Counsel Effective Nunc Pro Tunc to the Petition Date* [D.I. 659] (the "Retention Application").

**C.    Expenses Incurred During Fee Period.**

24.    In the ordinary course of RL&F's practice, RL&F maintains a record of expenses incurred in providing the professional services required by the Debtors and their estates and for which reimbursement is sought.    RL&F currently charges $0.10 per page for standard duplication and printing.  RL&F does not charge its clients for incoming facsimile transmissions.

25.    For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit F** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which RL&F is seeking reimbursement.

<u>**Proposed Payment Allocation**</u>

26.    In accordance with paragraph 2(b) of the Interim Compensation Order, RL&F proposes the following allocation of the fees and expenses sought in this Application chargeable to either all of the Debtors or one of the following: (a) EFH Corp., (b) EFIH, or  (c) the TCEH Debtors:

11

| FEES | |
|---|---|
| **(comprised of $374,040.40 of fees (80% of $467,550.50)** | |
| **Debtor(s)** | **Amount Sought to be Paid** |
| ALL | $315,206.40 |
| EFH Corp. | $1,188.00 |
| EFIH | $34,655.60 |
| TCEH Debtors | $22,990.40 |
| *Total:* | $374,040.40 |
| EXPENSES | |
| **(comprised of 100% of $29,883.76)** | |
| **Debtor(s)** | **Amount** |
| All | $25,728.75 |
| EFH Corp. | $220.78 |
| EFIH | $2,285.99 |
| TCEH Debtors | $1,648.24 |
| *Total:* | $29,883.76 |
| *Grand Total:* | $403,924.16 |

## Summary of Legal Services Rendered During the Fee Period

27.    As discussed above, during the Fee Period, RL&F provided extensive and important professional services to the Debtors in connection with these chapter 11 cases. These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

12

28.     To provide a meaningful summary of RL&F's services provided on behalf of the Debtors and their estates, RL&F has established, in accordance with its internal billing procedures, certain subject matter codes (each, a "Matter Code") in connection with these chapter 11 cases. The following is a summary of the fees and hours billed for each Matter Code in the Fee Period:[6]

| Matter Code | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 180326A | [ALL] Case Administration | 77.9 | $28,855.00 |
| 180326B | [ALL] Creditor Inquiries | 4.4 | $1,700.50 |
| 180326C | [ALL] Meetings | 37.0 | $22,170.00 |
| 180326D | [ALL] Executory Contracts/Unexpired Leases | 3.5 | $1,257.50 |
| 180326E | [ALL] Automatic Stay/Adequate Protection | 3.4 | $1,292.00 |
| 180326F | [ALL] Plan of Reorganization/Disclosure Statement | 174.0 | $76,047.50 |
| 180326G | [ALL] Use, Sale of Assets | 13.4 | $5,954.00 |
| 180326H | [ALL] Cash Collateral/DIP Financing | 0.0 | $0.00 |
| 180326I | [ALL] Claims Administration | 144.7 | $59,996.50 |
| 180326J | [ALL] Court Hearings | 283.9 | $105,871.00 |
| 180326K | [ALL] General Corporate/Real Estate | 0.3 | $180.00 |
| 180326L | [ALL] Schedules/SOFA/U.S. Trustee Reports | 7.0 | $2,619.00 |
| 180326M | [ALL] Employee Issues | 8.6 | $3,464.50 |
| 180326N | [ALL] Environmental | 0.0 | $0.00 |
| 180326O | [ALL] Tax Issues | 3.3 | $1,268.50 |
| 180326P | [ALL] Litigation/Adversary Proceedings | 18.9 | $7,090.50 |
| 180326Q-1 | [ALL] RLF Retention | 4.1 | $1,041.00 |
| 180326Q-2 | [ALL] Retention of Others | 15.8 | $5,717.50 |
| 180326R-1 | [ALL] RLF Fee Applications | 52.2 | $22,651.00 |
| 180326R-2 | [ALL] Fee Applications of Others | 124.7 | $46,832.00 |
| 180326S | [ALL] Vendors/Suppliers | 0.0 | $0.00 |

---

[6] In certain instances RL&F may have billed the same amount of fees but a different amount of hours to different Matter Categories. This difference is the result of different staffing of each such Matter Code.

13

| Matter Code | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 180326T | [ALL] Non-Working Travel | 0.0 | $0.00 |
| 180326U | [ALL] Utilities | 0.0 | $0.00 |
| 180326V | [ALL] Insurance | 0.0 | $0.00 |
| 180326A | [TCEH] Case Administration | 0.0 | $0.00 |
| 180326B | [TCEH] Creditor Inquiries | 0.0 | $0.00 |
| 180326C | [TCEH] Meetings | 0.0 | $0.00 |
| 180326D | [TCEH] Executory Contracts/Unexpired Leases | 28.2 | $11,067.50 |
| 180326E | [TCEH] Automatic Stay/Adequate Protection | 0.0 | $0.00 |
| 180326F | [TCEH] Plan of Reorganization/Disclosure Statement | 1.2 | $369.00 |
| 180326G | [TCEH] Use, Sale of Assets | 8.0 | $3,193.50 |
| 180326H | [TCEH] Cash Collateral/DIP Financing | 4.9 | $2,157.50 |
| 180326I | [TCEH] Claims Administration | 18.9 | $8,433.50 |
| 180326J | [TCEH] Court Hearings | 0.2 | $105.00 |
| 180326K | [TCEH] General Corporate/Real Estate | 0.0 | $0.00 |
| 180326L | [TCEH] Schedules/SOFA/U.S. Trustee Reports | 0.0 | $0.00 |
| 180326M | [TCEH] Employee Issues | 0.0 | $0.00 |
| 180326N | [TCEH] Environmental | 0.0 | $0.00 |
| 180326O | [TCEH] Tax Issues | 3.6 | $1,960.50 |
| 180326P | [TCEH] Litigation/Adversary Proceedings | 0.8 | $600.00 |
| 180326Q-1 | [TCEH] RLF Retention | 0.0 | $0.00 |
| 180326Q-2 | [TCEH] Retention of Others | 0.3 | $157.50 |
| 180326R-1 | [TCEH] RLF Fee Applications | 0.0 | $0.00 |
| 180326R-2 | [TCEH] Fee Applications of Others | 1.5 | $694.00 |
| 180326S | [TCEH] Vendors/Suppliers | 0.0 | $0.00 |
| 180326T | [TCEH] Non-Working Travel | 0.0 | $0.00 |
| 180326U | [TCEH] Utilities | 0.0 | $0.00 |
| 180326V | [TCEH] Insurance | 0.0 | $0.00 |
| 180326A | [EFIH] Case Administration | 0.0 | $0.00 |
| 180326B | [EFIH] Creditor Inquiries | 0.0 | $0.00 |
| 180326C | [EFIH] Meetings | 0.0 | $0.00 |
| 180326D | [EFIH] Executory Contracts/Unexpired Leases | 0.0 | $0.00 |

14

| Matter Code | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 180326E | [EFIH] Automatic Stay/Adequate Protection | 0.0 | $0.00 |
| 180326F | [EFIH] Plan of Reorganization/Disclosure Statement | 0.0 | $0.00 |
| 180326G | [EFIH] Use, Sale of Assets | 3.1 | $1,672.50 |
| 180326H | [EFIH] Cash Collateral/DIP Financing | 0.0 | $0.00 |
| 180326I | [EFIH] Claims Administration | 10.0 | $4,669.00 |
| 180326J | [EFIH] Court Hearings | 0.3 | $37.50 |
| 180326K | [EFIH] General Corporate/Real Estate | 0.7 | $367.50 |
| 180326L | [EFIH] Schedules/SOFA/U.S. Trustee Reports | 0.0 | $0.00 |
| 180326M | [EFIH] Employee Issues | 0.0 | $0.00 |
| 180326N | [EFIH] Environmental | 0.0 | $0.00 |
| 180326O | [EFIH] Tax Issues | 0.0 | $0.00 |
| 180326P | [EFIH] Litigation/Adversary Proceedings | 68.8 | $36,323.50 |
| 180326Q-1 | [EFIH] RLF Retention | 0.0 | $0.00 |
| 180326Q-2 | [EFIH] Retention of Others | 0.0 | $0.00 |
| 180326R-1 | [EFIH] RLF Fee Applications | 0.0 | $0.00 |
| 180326R-2 | [EFIH] Fee Applications of Others | 0.5 | $249.50 |
| 180326S | [EFIH] Vendors/Suppliers | 0.0 | $0.00 |
| 180326T | [EFIH] Non-Working Travel | 0.0 | $0.00 |
| 180326U | [EFIH] Utilities | 0.0 | $0.00 |
| 180326V | [EFIH] Insurance | 0.0 | $0.00 |
| 180326A | [EFH] Case Administration | 0.0 | $0.00 |
| 180326B | [EFH] Creditor Inquiries | 0.0 | $0.00 |
| 180326C | [EFH] Meetings | 0.0 | $0.00 |
| 180326D | [EFH] Executory Contracts/Unexpired Leases | 0.8 | $208.00 |
| 180326E | [EFH] Automatic Stay/Adequate Protection | 0.0 | $0.00 |
| 180326F | [EFH] Plan of Reorganization/Disclosure Statement | 0.0 | $0.00 |
| 180326G | [EFH] Use, Sale of Assets | 0.0 | $0.00 |
| 180326H | [EFH] Cash Collateral/DIP Financing | 0.0 | $0.00 |
| 180326I | [EFH] Claims Administration | 0.0 | $0.00 |
| 180326J | [EFH] Court Hearings | 0.0 | $0.00 |

15

| Matter Code | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 180326K | [EFH] General Corporate/Real Estate | 0.0 | $0.00 |
| 180326L | [EFH] Schedules/SOFA/U.S. Trustee Reports | 0.0 | $0.00 |
| 180326M | [EFH] Employee Issues | 0.0 | $0.00 |
| 180326N | [EFH] Environmental | 0.0 | $0.00 |
| 180326O | [EFH] Tax Issues | 0.0 | $0.00 |
| 180326P | [EFH] Litigation/Adversary Proceedings | 0.6 | $450.00 |
| 180326Q-1 | [EFH] RLF Retention | 0.0 | $0.00 |
| 180326Q-2 | [EFH] Retention of Others | 0.2 | $105.00 |
| 180326R-1 | [EFH] RLF Fee Applications | 1.4 | $722.00 |
| 180326R-2 | [EFH] Fee Applications of Others | 0.0 | $0.00 |
| 180326S | [EFH] Vendors/Suppliers | 0.0 | $0.00 |
| 180326T | [EFH] Non-Working Travel | 0.0 | $0.00 |
| 180326U | [EFH] Utilities | 0.0 | $0.00 |
| 180326V | [EFH] Insurance | 0.0 | $0.00 |
| **TOTALS** | | **1131.1** | **$467,550.50** |

29.     The following is a summary, by Matter Code, of the most significant professional services provided by RL&F during the Fee Period. This summary is organized in accordance with RL&F's internal system of matter numbers. The detailed descriptions demonstrate that RL&F was heavily involved in performing services for the Debtors on a daily basis, often including night and weekend work, to meet the needs of the Debtors' estates in these chapter 11 cases. A schedule setting forth a description of the Matter Categories utilized in this case; the number of hours expended by RL&F directors, counsels, associates, and paraprofessionals by matter; and the aggregate fees associated with each matter is attached hereto as **Exhibit G**.

30.     In addition, RL&F's computerized records of time expended providing professional services to the Debtors and their estates are attached hereto as **Exhibit H**, and RL&F's records of expenses incurred during the Fee Period in the rendition of professional services to the Debtors and their estates are attached as **Exhibit I**.

16

I.    **Fees Incurred on Behalf of All of the Debtors' Estates**

      A.    **[A-ALL] Case Administration/Miscellaneous Matters**

      Fees: $28,855.00          Total Hours: 77.9

This category includes all matters related to maintenance of calendars, critical date lists, communications with the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC ("Epiq"), concerning myriad service issues, review of work in process reports, review of notices of appearance, and maintaining service lists, none of which are specifically attributable to any of the Debtors' estates rather than all of the Debtors generally.

      B.    **[B-ALL] Creditor Inquiries**

      Fees: $1,700.50          Total Hours: 4.4

This category includes all matters related to responding to creditor inquiries not specific to one of the Debtors' estates.

      C.    **[C-ALL] Meetings**

      Fees: $22,170.00          Total Hours: 37.0

This category includes all matters, applicable to all of the Debtors generally, related to preparing for and attending meetings with Debtors, the creditors' committees, individual creditors, the U.S. Trustee, co-counsel, and the Debtors' other professionals, including attendance at and participation in work-in-process calls and meetings.

      D.    **[D-ALL] Executory Contracts/Unexpired Leases**

      Fees: $1,257.50          Total Hours: 3.5

This category includes all matters, applicable to all of the Debtors generally, related to contract and lease analysis and matters related to assumption, assignment, or rejection of executory contracts and unexpired leases.

RLF1 13665248v.1

### E.    [E-ALL] Automatic Stay/Adequate Protection

Fees: $1,292.00            Total Hours: 3.4

This category includes all matters, applicable to all of the Debtors generally, related to and including all motions to modify the automatic stay, issues related to the effect of the automatic stay or pending matters, and all other types of actions where adequate protection is the central issue.

### F.    [F-ALL] Plan of Reorganization/Disclosure Statement

Fees: $76,047.50      Total Hours: 174.0

This category includes all matters related to review, formulation, negotiation, preparation, and promulgation of plans of reorganization, disclosure statements, and related corporate documentation and research relating thereto, including reviewing, revising, consideration of, and filing a motion to assume a restructuring support agreement in these cases and supporting declarations.    Specifically, during the Fee Period, RL&F's attorneys and paraprofessionals spent time:

    i.    reviewing, revising, and filing the Debtors' motion to extend exclusivity to the statutory maximum, reviewing related objections, and preparing for a contested hearing involving such parties-in-interest regarding the Debtors' exclusivity motion;[7]

    ii.    reviewing, revising, and filing the amended Plans and related Disclosure Statements, as well as related exhibits and consents;[8]

---

[7] The Court entered an order approving the Debtors' exclusivity motion on June 1, 2015. *See Third Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code* [D.I. 4634].

[8] *See* the *Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5078]; *Amended Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5080]; *Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5197]; *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5244]; *Amended Disclosure Statement (Disclosure Statement for the Third*

18

     iii.     reviewing, revising, and filing a motion to approve a confirmation schedule;[9]

     iv.     reviewing, revising, and filing the Plan Support Agreement and Plan Support Agreement Motion;

     v.     reviewing a plan term sheet; and

     vi.     otherwise assisting the Debtors and K&E with respect to the Disclosure Statement approval and Plan confirmation process.

**G.**     **[G-ALL] Use, Sale, Lease of Assets**

Fees: $5,954.00     Total Hours: 13.4

This category includes all matters, applicable to all of the Debtors generally, relating to acquisitions, dispositions, and other postpetition uses of property of the Debtors.

**H.**     **[H-ALL] Cash Collateral/DIP Financing**

Fees: $0.00     Total Hours: 0.00

This category includes all matters relating to negotiation and documentation of debtor in possession financing and post-confirmation financing, all cash collateral issues, and related pleadings not specific to any one of the Debtors' estates.

**I.**     **[I-ALL] Claims Administration**

Fees: $59,996.50     Total Hours: 144.7

This category includes all matters related to and including claims administration matters and bar date matters, including claims objections and related contested matters not

---

*Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5247]; *Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6107]; *Disclosure Statement for the Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6110].

    [9] *See Motion of Energy Future Holdings Corp., et al., for Entry of an Order Amending Certain Hearing Dates and Deadlines in Connection with the Confirmation of the Debtors' Plan of Reorganization* [D.I. 4138].

19

specific to any one of the Debtors' estates.  To date, creditors have filed approximately 10,000 proofs of claim in these chapter 11 cases.  Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time among other things:

    i.        preparing for a trial on the asbestos bar date noticing plan and assisting K&E in connection with an agreed noticing plan in connection therewith;[10]

    ii.       reviewing, revising, and filing 9 omnibus objections to claims, which resulted in the Court disallowing or modifying 851 proofs of claim to reduce the total amount asserted against the Debtors by $41,429,416.62;[11] and

    iii.      responding to formal and informal responses to the omnibus objections.

---

[10] *See Objection of Energy Future Holdings Corp., et al., to the Emergency Motion of the EFH Official Committee for Entry of an Order (I) Adjourning the Hearing, Currently Scheduled for June 1, 2015, on the Debtors' Proposed Form of Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof and (II) Shortening Notice with Respect to the Emergency Motion* [D.I. 4565]; *Order (A) Setting Bar Date for Filing Asbestos Proofs of Claims, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof* [D.I. 5171].

[11] *See Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 4782]; *Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 4784]; *Debtors Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 4786]; *Debtors Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 4970]; *Debtors' Twentieth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 4972]; *Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 4974]; *Debtors' Twenty-Fourth Omnibus (Non-Substantive) Objection to Amended, Wrong Debtor, and Exact Duplicate Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 5364]; *Debtors Twenty-Fifth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 5366]; *Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-*[D.I. 5369].

J.      **[J-ALL] Court Hearings**

Fees: $105,871.00          Total Hours: 283.9

This category includes all matters, applicable to all of the Debtors generally, relating to preparation for and attendance at court hearings.  In addition to routine omnibus hearings that took place during the Fee Period, attorneys from RL&F also attended (i) hearings regarding the Debtors' third request for an extension of the Debtors' exclusivity period and amending the confirmation scheduling order; (ii) telephonic hearings regarding certain discovery and deposition disputes in connection with, among other things, the Debtors' Plan and Disclosure Statement; (iii) disclosure statement status conferences and scheduling conferences; and (iv) telephonic hearings regarding the Debtor's request to enter into certain long-term power purchase agreements.  RL&F believes that its staffing levels at hearings during the Fee Period were reasonable and appropriate.  Specifically, where RL&F staffed multiple associates at hearings, those attorneys were necessary to assist K&E attorneys and other client representatives in connection with matters taking place during the course of the hearing (*i.e.,* revising documents, orders, demonstratives, and completing similar tasks taking place in or outside of the courtroom during active court proceedings).  RL&F does not, as a general practice, bill for associate time where associates were merely observing the proceedings for informational or educational purposes only.  Rather, when RL&F bills associate time for hearing attendance, the associates are generally staffed to play an active role during the hearing to assist K&E and others acting on the Debtors' behalf, even if not actually presenting any matters to the Court during the hearing.  Multiple directors of RL&F have attended relatively few hearings in these cases, and in no instance during the Fee Period did more than one director attend any one hearing.  Although the role of RL&F's attorneys at hearings may not specifically include presenting matters to the

21

Court at the hearing, they are often providing real-time information and advice to the K&E attorneys also present at the hearing who are making presentations to the Court, thereby adding additional value by being present. Additionally, one counsel from RL&F has attended most hearings in these cases during the Fee Period in addition to the lead engagement director. The counsel in attendance at most hearings in these cases is the day-to-day "point person" for K&E and many of the Debtors' other professionals in these cases, who coordinates and files many of the documents filed on the Debtors' behalf in these cases that are being presented throughout the course of the hearings. Additionally, the managing director and the counsel staffed on this engagement each frequently coordinate with Chambers concerning hearing agendas and scheduling matters, making such attorneys necessary and appropriate to attend hearings.

**K.     [K-ALL] General Corporate/Real Estate**

Fees: $180.00          Total Hours: 0.3

This category includes all matters relating to transactional, corporate governance, and related matters involving the Debtors' business operations that are not part of a plan of reorganization or disclosure statement and not specific to any one of the Debtors' estates.

**L.     [L-ALL] Schedules/SOFA/U.S. Trustee Reports**

Fees: $2,619.00          Total Hours: 7.0

This category includes the review and filing of monthly operating reports and any other reports required by the U.S. Trustee or the Court not specific to any one of the Debtors' estates. Specifically, during the Fee Period, RL&F attorneys and/or paraprofessionals spent time (i) reviewing and filing monthly operating reports in the Debtors' chapter 11 cases; (ii) responding to certain information requests from the U.S. Trustee; and (iii) addressing certain issues concerning U.S. Trustee fees and related matters.

22

**M.**    **[M-ALL] Employee Issues**

Fees: $ 3,464.50                    Total Hours: 8.6

This category includes all matters related to employee wages, benefits, collective bargaining issues, other employee relations matters, ERISA, and retirement benefits not specific to any one of the Debtors' estates.

**N.**    **[N-ALL] Environmental**

Fees: $ 0.00            Total Hours: 0.00

This category includes all environmental matters other than environmental aspects of a plan of reorganization and not specific to any one of the Debtors' estates.

**O.**    **[O-ALL] Tax Issues**

Fees: $1,268.50        Total Hours: 3.3

This category includes all federal and state income, property, employment, excise, and other tax matters other than the tax aspects of a plan of reorganization and not specific to any one of the Debtors' estates.

**P.**    **[P-ALL] Litigation/Adversary Proceedings**

Fees: $7,090.50                    Total Hours: 18.9

This category includes all matters relating to litigation and adversary proceedings not specific to any one of the Debtors' estates, including working with K&E during the Fee Period to address various discovery requests related to the Disclosure Statement, including myriad document requests, interrogatories, and deposition notices.

**Q-1.    [Q-1-ALL] RL&F Applications**

Fees: $1,041.00                    Total Hours: 4.1

This category includes all matters related to preparing applications to retain

RL&F and supplements thereto as required by section 327(a) of the Bankruptcy Code, the Local

Bankruptcy Rules, and orders of the Court. Specifically, during the Fee Period, RL&F attorneys

and paraprofessionals spent time, among other things, reviewing and analyzing supplemental

disclosure materials in connection with RL&F's retention as co-counsel to the Debtors.

**Q-2.    [Q-2-ALL] Retention of Others**

Fees: $5,717.50        Total Hours: 15.8

This category includes time spent reviewing applications for retention by other

professionals, objecting to the retention of other professionals, and assisting other professionals

with preparing and filing retention applications. Specifically, during the Fee Period, RL&F

attorneys and paraprofessionals spent time:

> i.    reviewing and filing certain ordinary course professionals' declarations of disinterestedness;[12]

> ii.    corresponding with the Debtors' professionals regarding, among other things, supplemental declarations, the scope of the professionals' services, and the interim compensation process;

> iii.    assisting other professionals in receiving compensation in accordance with the interim compensation process;

---

[12] *See, e.g., Declaration of Disinterestedness of Jackson Gilmour & Dobbs, PC Pursuant to the Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [D.I. 4889]; *Declaration of Disinterestedness of The Willis Law Group, PLLC Pursuant to the Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [D.I. 4890]; *Declaration of Disinterestedness of Boulette Golden & Marin L.L.P. Pursuant to the Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [D.I. 4993]; *Supplemental Declaration of Disinterestedness of Vinson & Elkins LLP Pursuant to the Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [D.I. 5108].

iv.    reviewing, revising, and filing updated schedules of ordinary course professionals;[13] and

v.    facilitating the Debtors' retention of various professionals other than RL&F.[14]

### R-1.    [R-1-ALL] RL&F Fee Application

Fees: $22,651.00        Total Hours: 52.2

This category includes all time spent preparing, reviewing, filing, circulating, and/or relating to monthly billing memoranda and fee applications for RL&F, including reviewing and revising RL&F's billing memoranda for issues of attorney-client privilege and compliance with applicable guidelines and rules.

### R-2.    [R-2-ALL] Fee Application of Others

Fees: $46,832.00            Total Hours: 124.7

This category includes time spent reviewing invoices or applications of other professionals, objecting to fees of other professionals, and assisting other of the Debtors' professionals with filing and distributing monthly fee statements.

### S.    [S-ALL] Vendor/Supplies

Fees: $0.00        Total Hours: 0.00

This category includes all matters related to vendors and suppliers, including reclamation issues not specific to any one of the Debtors' estates.

---

[13] *See Amended List of Ordinary Course Professionals (Notice of Tenth Amended List of Ordinary Course Professionals)* [D.I. 4891]; *Amended List of Ordinary Course Professionals (Notice of Eleventh Amended Lists of Ordinary Course Professionals* [D.I. 4992]; *List of Ordinary Course Professionals (Notice of Twelfth Amended Lists of Ordinary Course Professionals)* [D.I. 5777].

[14] *See, e.g., Order Expanding the Retention and Employment of McDermott Will & Emery as Special Counsel for Energy-Related and REIT Transactional Matters Effective* nunc pro tunc *to June 2, 2015* [D.I. 4999].

### T.    [T-ALL] Non-Working Travel

Fees: $ 0.00          Total Hours: 0.00

This category includes all travel time not otherwise chargeable.

### U.    [U-ALL] Utilities

Fees: $ 0.00          Total Hours: 0.00

This category includes all matters related to utility issues not specific to any one of the Debtors' estates.

### V.    [V-ALL] Insurance

Fees: $0.00          Total Hours: 0.00

This category includes all matters related to insurance policies or coverage not specific to any one of the Debtors' estates.

## II.    Fees Incurred on Behalf of the TCEH Debtors' Estates

### A.    [A-TCEH] Case Administration/Miscellaneous Matters

Fees: $0.00          Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to maintenance of calendars, critical date lists, communications with Epiq concerning myriad service issues, review of work in process reports, review of notices of appearance, and maintaining service lists.

### B.    [B-TCEH] Creditor Inquiries

Fees: $0.00          Total Hours: 0.0

This category includes all matters related to responding to creditor inquiries specific to the TCEH Debtors' estates.

RLF1 13665248v.1

### C.    [C-TCEH] Meetings

Fees: $0.00                          Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to preparing for and attending meetings with Debtors, the creditors' committees, individual creditors, the U.S. Trustee, co-counsel, and the Debtors' other professionals, including attendance at and participation in work-in-process calls and meetings.

### D.    [D-TCEH] Executory Contracts/Unexpired Leases

Fees: $11,067.50                     Total Hours: 28.2

This category includes all matters specific to the TCEH Debtors' estates related to contract and lease analysis and matters related to assumption, assignment, or rejection of executory contracts and unexpired leases.    During the Fee Period, RL&F attorneys and paraprofessionals spent time reviewing, revising, and filing motions and related documents with respect to rejecting, assuming, or assigning various contracts and leases specific to the TCEH Debtors' estates.[15]

### E.    [E-TCEH] Automatic Stay/Adequate Protection

Fees: $0.00                          Total Hours: 0.00

This category includes all matters related to and including all motions to modify the automatic stay, issues related to the effect of the automatic stay or pending matters, and all other types of actions where adequate protection is the central issue specific to the TCEH Debtors.    Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time

---

[15] *See, e.g., Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing Luminant Generation Company LLC to Reject Certain Executory Contracts with Tarrant County College District, Effective Nunc Pro Tunc to August 20, 2015* [D.I. 5604]; *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Approving the Assumption of All Executory Contracts by and Among Luminant Generation Company LLC, Luminant Mining Company LLC, Sandow Power Company LLC, Texas Competitive Electric Holdings Company LLC and Alcoa Inc.* [D.I. 5789].

reviewing, revising, and filing a pleading that the automatic stay does not apply to certain state court litigations and related pleadings.[16]

### F.    [F-TCEH] Plan of Reorganization/Disclosure Statement

Fees: $369.00                          Total Hours: 1.2

This category includes all matters specific to the TCEH Debtors' estates related to review, formulation, negotiation, preparation, and promulgation of plans of reorganization, disclosure statements, and related corporate documentation.

### G.    [G-TCEH] Use, Sale, Lease of Assets

Fees: $3,193.50                        Total Hours: 8.0

This category includes all matters relating to acquisitions, dispositions, and other postpetition uses of property of the TCEH Debtors.  Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time reviewing, revising, and filing a motion to enter into certain non-proprietary hedging and trading arrangements.[17]

### H.    [H-TCEH] Cash Collateral/DIP Financing

Fees: $2,157.50                        Total Hours: 4.9

This category includes all matters relating to TCEH Debtors' efforts to implement the TCEH DIP Facility and obtain entry of the TCEH Cash Collateral Order.  Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time reviewing, revising, and filing a stipulation extending the challenge period under the TCEH Cash Collateral Order.[18]

---

[16] *See Objection of Energy Future Holdings, et al., to the Tremble Motion Not to Reinstate Appeal* [D.I. 5908].

[17] *See Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing Certain Debtors to Enter Into Limited Non-Proprietary Hedging and Trading Arrangements Subject to the Debtors Risk Management Guidelines* [D.I. 5065].

[18] *See Stipulation and Consent Order Extending Certain Deadlines in the Final Cash Collateral Order* [D.I. 4958].

28

### I.    [I-TCEH] Claims Administration

Fees: $8,433.50                    Total Hours: 18.9

This category includes all matters specific to the TCEH Debtors' estates related to and including claims administration.    Among other things, during the Fee Period, RL&F attorneys and paraprofessionals spent time reviewing, revising, and filing a motion to approve a settlement of certain claims asserted against the TCEH Debtors.[19]

### J.    [J-TCEH] Court Hearings

Fees: $105.00                    Total Hours: 0.2

This category includes all matters relating to preparation for and attendance at court hearings specific to the TCEH Debtors' estates.

### K.    [K-TCEH] General Corporate/Real Estate

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates relating to transactional issues and corporate governance.

### L.    [L-TCEH] Schedules/SOFA/U.S. Trustee Reports

Fees: $0.00                    Total Hours: 0.0

This category includes all tasks in connection with U.S. Trustee reporting issues and information requests specific to the TCEH Debtors' estates.

---

[19] *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Approving the Stipulation Between Certain Debtors and Holt (A) Resolving Claims Asserted by Holt and (B) Assuming Certain Executory Contracts* [D.I. 5778].

29

**M.     [M-TCEH] Employee Issues**

Fees: $0.00                          Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to employee wages, benefits, collective bargaining issues, other employee relations matters, ERISA, and retirement benefits.

**N.     [N-TCEH] Environmental**

Fees: $0.00                          Total Hours: 0.0

This category includes all environmental matters specific to the TCEH Debtors' estates.

**O.     [O-TCEH] Tax Issues**

Fees: $1,960.50                      Total Hours: 3.6

This category includes all federal and state income, property, employment, excise, and other tax matters specific to the TCEH Debtors' estates, other than the tax aspects of a plan of reorganization.  Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time reviewing, revising, and filing the Debtors' motion to determine certain *ad valorem* property taxes pursuant to section 505 of the Bankruptcy Code.[20]

**P.     [P-TCEH] Litigation/Adversary Proceedings**

Fees: $600.00        Total Hours: 0.8

This category includes all matters specific to the TCEH Debtors' estates relating to litigation, adversary proceedings, and appeals.

---

[20] *Motion of Energy Future Holdings Corp., et al., Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested Ad Valorem Tax Matters* [D.I. 5620].

### Q-1.    [Q-1-TCEH] RL&F Applications

Fees: $0.00                Total Hours: 0.00

This category includes all matters specific to the TCEH Debtors' estates related to preparing applications to retain RL&F and supplements thereto.

### Q-2.    [Q-2-TCEH] Retention of Others

Fees: $157.50              Total Hours: 0.3

This category includes time specific to the TCEH Debtors' estates spent reviewing applications for retention by other professionals, objecting to the retention of other professionals, and assisting other professionals with preparing and filing retention applications.

### R-1.    [R-1-TCEH] RL&F Fee Application

Fees: $0.00                Total Hours: 0.0

This category includes all time specific to the TCEH Debtors' estates spent preparing, reviewing, filing, circulating, and/or relating to monthly billing memoranda and fee applications for RL&F.

### R-2.    [R-2-TCEH] Fee Application of Others

Fees: $694.00              Total Hours: 1.5

This category includes all time specific to the TCEH Debtors' estates spent reviewing invoices or applications of other professionals, objecting to fees of other professionals, and assisting other professionals with filing and circulating monthly invoices and applications.

### S.    [S-TCEH] Vendor/Supplies

Fees: $0.00                Total Hours: 0.00

This category includes all matters specific to the TCEH Debtors' estates related to vendors and suppliers, including reclamation issues.

31

### T.      [T-TCEH] Non-Working Travel

Fees: $0.00                      Total Hours: 0.0

This category includes all travel time specific to the TCEH Debtors' estates not otherwise chargeable.

### U.      [U-TCEH] Utilities

Fees: $0.00                      Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to utility issues.

### V.      [V-TCEH] Insurance

Fees: $0.00                      Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to insurance policies or coverage.

## III.    Fees Incurred on Behalf of the EFIH Debtors' Estates

### A.      [A-EFIH] Case Administration/Miscellaneous Matters

Fees: $0.00                      Total Hours: 0.00

This category includes all matters specific to the EFIH Debtors' estates related to maintenance of calendars, critical date lists, communications with Epiq concerning myriad service issues, review of work in process reports, review of notices of appearance, and maintaining service lists.

### B.      [B-EFIH] Creditor Inquiries

Fees: $0.00                      Total Hours: 0.0

This category includes all matters related to responding to creditor inquiries specific to the EFIH Debtors' estates.

32

C.      **[C-EFIH] Meetings**

Fees: $0.00             Total Hours: 0.00

This category includes all matters specific to the EFIH Debtors' estates related to preparing for and attending meetings with Debtors, the creditors' committees, individual creditors, the U.S. Trustee, co-counsel, and the Debtors' other professionals, including attendance at and participation in work-in-process calls and meetings.

D.      **[D-EFIH] Executory Contracts/Unexpired Leases**

Fees: $0.00             Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to contract and lease analysis and matters related to assumption, assignment, or rejection of executory contracts and unexpired leases.

E.      **[E-EFIH] Automatic Stay/Adequate Protection**

Fees: $0.00             Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to and including all motions to modify the automatic stay, issues related to the effect of the automatic stay or pending matters, and all other types of actions where adequate protection is the central issue.

F.      **[F-EFIH] Plan of Reorganization/Disclosure Statement**

Fees: $0.00             Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to review, formulation, negotiation, preparation, and promulgation of plans of reorganization, disclosure statements, and related corporate documentation.

### G.     [G-EFIH] Use, Sale, Lease of Assets

Fees: $1,672.50                    Total Hours: 3.1

This category includes all matters relating to acquisitions, dispositions, and other postpetition uses of property of the EFIH Debtors.

### H.     [H-EFIH] Cash Collateral/DIP Financing

Fees: $0.00                        Total Hours: 0.0

This category includes all matters relating to negotiation and documentation of debtor in possession financing specific to the EFIH Debtors' estates.

### I.      [I-EFIH] Claims Administration

Fees: $4,669.00                    Total Hours: 10.0

This category includes all matters specific to the EFIH Debtors' estates related to and including claims administration.  Specifically, during the Fee Period, attorneys and paraprofessionals of RL&F spent time reviewing, revising, and filing the *EFIH Debtors' Partial Objection to Proof of Claim No. 6347 Filed By the Indenture Trustee for the EFIH Unsecured Notes* [D.I. 4964] and attending to matters related thereto.

### J.      [J-EFIH] Court Hearings

Fees: $37.50        Total Hours: 0.3

This category includes all matters relating to preparation for and attendance at court hearings specific to the EFIH Debtors' estates.

**K.     [K-EFIH] General Corporate/Real Estate**

Fees: $367.50                    Total Hours: 0.7

This category includes all matters specific to the EFIH Debtors' estates relating to transactional issues and corporate governance.

**L.     [L-EFIH] Schedules/SOFA/U.S. Trustee Reports**

Fees: $0.00                    Total Hours: 0.0

This category includes all tasks in connection with U.S. Trustee reporting issues and information requests specific to the EFIH Debtors' estates.

**M.     [M-EFIH] Employee Issues**

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to employee wages, benefits, collective bargaining issues, other employee relations matters, ERISA, and retirement benefits.

**N.     [N-EFIH] Environmental**

Fees: $0.00                    Total Hours: 0.0

This category includes all environmental matters specific to the EFIH Debtors' estates.

**O.     [O-EFIH] Tax Issues**

Fees: $0.00                    Total Hours: 0.0

This category includes all federal and state income, property, employment, excise, and other tax matters specific to the EFIH Debtors' estates, other than the tax aspects of a plan of reorganization.

35

### P.    [P-EFIH] Litigation/Adversary Proceedings

Fees: $36,323.50              Total Hours: 68.8

This category includes all matters relating to litigation and adversary proceedings specific to the EFIH Debtors' estates. During the Fee Period, RL&F attorneys and paraprofessionals spent time addressing contested matters and adversary proceedings with EFIH creditors, in particular the litigations regarding the EFIH First Lien, the EFIH Second Lien, and the EFIH Unsecured makewhole litigations. Specifically, RL&F attorneys and paraprofessionals spent time:

    i.    reviewing, revising, and filing myriad pleadings and other documents associated with these litigations;

    ii.    reviewing, revising, and filing the post-trial submissions for the lift stay hearing in the EFIH First Lien makewhole litigation;[21]

    iii.    reviewing, revising, and filing pleadings and other documents associated with and in preparation for the EFIH Second Lien makewhole summary judgment[22] and lift stay proceedings;

    iv.    preparing for and telephonically attending the Third Circuit mediation conference for the First Lien settlement appeal litigation;

    v.    reviewing, revising, and filing the Debtors' response brief in the EFIH First Lien settlement appeal litigation pending in the Third Circuit;

    vi.    reviewing the EFIH Debtors' materials in preparation for the hearing regarding the EFIH Unsecured noteholders motion to dismiss on ripeness grounds; and

    vii.    reviewing, revising, and filing submissions for the EFIH Unsecured makewhole litigation.[23]

---

[21] *See EFIH Debtors' Proposed Findings of Fact and Conclusions of Law* [Adversary D.I. 294]; *EFIH Debtors' Post-Trial Brief* [Adversary D.I. 295]; *Designation of Record by Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. Pursuant to Federal Rule of Bankruptcy Procedure 8009* [Adversary D.I. 315].

[22] *See, e.g., EFIH Debtors' Motion for Summary Judgment* [Adversary D.I. 41]; *EFIH Debtors' Memorandum in Support of Their Motion for Partial Summary Judgment* [Adversary D.I. 42].

36

### Q-1.    [Q-1-EFIH] RL&F Applications

Fees: $0.00                          Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to preparing applications to retain RL&F and supplements thereto.

### Q-2.    [Q-2-EFIH] Retention of Others

Fees: 0.00      Total Hours: 0.00

This category includes time specific to the EFIH Debtors' estates spent reviewing applications for retention by other professionals, objecting to the retention of other professionals, and assisting other professionals with preparing and filing retention applications.

### R-1.    [R-1-EFIH] RL&F Fee Application

Fees: $0.00                          Total Hours: 0.0

This category includes all time specific to the EFIH Debtors' estates spent preparing, reviewing, filing, circulating, and/or relating to monthly billing memoranda and fee applications for RL&F.

### R-2.    [R-2-EFIH] Fee Application of Others

Fees: $249.50        Total Hours: 0.5

This category includes all time specific to the EFIH Debtors' estates spent reviewing invoices or applications of other professionals, objecting to fees of other professionals, and assisting other professionals with filing and circulating monthly invoices and applications.

---

[23] *See EFIH Debtors' Partial Objection to Proof of Claim No. 6347 Filed by Indenture Trustee for the EFIH Unsecured Notes,* [D.I. 4964]; *EFIH Debtors' Reply in Support of Partial Objection to Proof of Claim No. 6347 Filed by Indenture Trustee for the EFIH Unsecured Notes* [D.I. 5962]; *McGaan Letter to Judge Sontchi re EFIH Debtors' Partial Objection to Proof of Claim No. 6347 Filed by Indenture Trustee for the EFIH Unsecured Notes* [D.I. 5238].

37

### S.    [S-EFIH] Vendor/Supplies

Fees: $0.00                        Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to vendors and suppliers, including reclamation issues.

### T.    [T-EFIH] Non-Working Travel

Fees: $0.00                        Total Hours: 0.0

This category includes all travel time specific to the EFIH Debtors' estates not otherwise chargeable.

### U.    [U-EFIH] Utilities

Fees: $0.00                        Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to utility issues.

### V.    [V-EFIH] Insurance

Fees: $0.00                        Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to insurance policies or coverage.

## IV.    Fees Incurred on Behalf of the EFH Estate

### A.    [A-EFH] Case Administration/Miscellaneous Matters

Fees: $0.00                        Total Hours: 0.0

This category includes all matters specific to EFH's estate related to maintenance of calendars, critical date lists, communications with Epiq concerning myriad service issues, review of work in process reports, review of notices of appearance, and maintaining service lists.

38

**B.**   **[B-EFH] Creditor Inquiries**

Fees: $0.00                    Total Hours: 0.0

This category includes all matters related to responding to creditor inquiries specific to EFH's estate.

**C.**   **[C-EFH] Meetings**

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to EFH's estate related to preparing for and attending meetings with Debtors, the creditors' committees, individual creditors, the U.S. Trustee, co-counsel, and the Debtors' other professionals, including attendance and participation in work-in-process calls and meetings.

**D.**   **[D-EFH] Executory Contracts/Unexpired Leases**

Fees: $208.00                    Total Hours: 0.8

This category includes all matters specific to EFH's estate related to contract and lease analysis and matters related to assumption, assignment, or rejection of executory contracts and unexpired leases.

**E.**   **[E-EFH] Automatic Stay/Adequate Protection**

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to EFH's estate related to and including all motions to modify the automatic stay, issues related to the effect of the automatic stay or pending matters, and all other types of actions where adequate protection is the central issue.

**F.**   **[F-EFH] Plan of Reorganization/Disclosure Statement**

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to EFH's estate related to review, formulation, negotiation, preparation, and promulgation of plans of reorganization, disclosure

39

statements, and related corporate documentation.

### G.    [G-EFH] Use, Sale, Lease of Assets

Fees: $0.00                    Total Hours: 0.0

This category includes all matters relating to acquisitions, dispositions, and other postpetition uses of property of EFH.

### H.    [H-EFH] Cash Collateral/DIP Financing

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to EFH's estate relating to negotiation and documentation of debtor in possession financing and post-confirmation financing, all cash collateral issues, and related pleadings.

### I.    [I-EFH] Claims Administration

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to EFH's estate related to and including claims administration.

### J.    [J-EFH] Court Hearings

Fees: $0.00                    Total Hours: 0.0

This category includes all matters relating to preparation for and attendance at court hearings specific to EFH's estate.

### K.    [K-EFH] General Corporate/Real Estate

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to EFH's estate relating to transactional issues and corporate governance.

L.      **[L-EFH] Schedules/SOFA/U.S. Trustee Reports**

Fees: $0.00                          Total Hours: 0.0

This category includes all tasks in connection with U.S. Trustee reporting issues and information requests specific to EFH's estate.

M.      **[M-EFH] Employee Issues**

Fees: $0.00                          Total Hours: 0.0

This category includes all matters specific to EFH's estate related to employee wages, benefits, collective bargaining issues, other employee relations matters, ERISA, and retirement benefits.

N.      **[N-EFH] Environmental**

Fees: $0.00                          Total Hours: 0.0

This category includes all environmental matters specific to EFH's estate.

O.      **[O-EFH] Tax Issues**

Fees: $0.00                          Total Hours: 0.0

This category includes all federal and state income, property, employment, excise, and other tax matters specific to EFH's estate, other than the tax aspects of a plan of reorganization.

P.      **[P-EFH] Litigation/Adversary Proceedings**

Fees: $450.00                        Total Hours: 0.6

This category includes all matters relating to litigation and adversary proceedings specific to EFH's estate.

### Q-1.   [Q-1-EFH] RL&F Applications

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to EFH's estate related to preparing applications to retain RL&F and supplements thereto.

### Q-2.   [Q-2-EFH] Retention of Others

Fees: $105.00          Total Hours: 0.2

This category includes time specific to EFH's estate spent reviewing applications for retention by other professionals, objecting to the retention of other professionals, and assisting other professionals with preparing and filing retention applications.

### R-1.   [R-1-EFH] RL&F Fee Application

Fees: $722.00          Total Hours: 1.4

This category includes all time specific to EFH's estate spent preparing, reviewing, filing, circulating, and/or relating to monthly billing memoranda and fee applications for RL&F.

### R-2.   [R-2-EFH] Fee Application of Others

Fees: $0.00              Total Hours: 0.0

This category includes all time specific to EFH's estate spent reviewing invoices or applications of other professionals, objecting to fees of other professionals, and assisting other professionals with filing and circulating monthly invoices and applications.

### S.   [S-EFH] Vendor/Supplies

Fees: $0.00              Total Hours: 0.0

This category includes all matters specific to EFH's estate related to vendors and suppliers, including reclamation issues.

42

### T.     [T-EFH] Non-Working Travel

Fees: $0.00                    Total Hours: 0.0

This category includes all travel time specific to EFH's estate not otherwise

chargeable.

### U.     [U-EFH] Utilities

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to EFH's estate related to utility issues.

### V.     [V-EFH] Insurance

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific EFH's estate related to insurance

policies or coverage.

### Actual and Necessary Expenses Incurred by RL&F

31.     As set forth in **Exhibit H** attached hereto, and as summarized in **Exhibit F**

attached hereto, RL&F has incurred a total of $29,883.76 in expenses on behalf of the Debtors

during the Fee Period. These charges are intended to reimburse RL&F's direct operating costs,

which are not incorporated into the RL&F hourly billing rates. RL&F charges external copying

at the provider's cost without markup. Only clients who actually use services of the types set

forth in **Exhibit H** of this Fee Application are separately charged for such services. The effect of

including such expenses as part of the hourly billing rates would be to impose that cost upon

clients who do not require extensive photocopying and other facilities and services.

## Reasonable and Necessary Services Provided by RL&F

**A.    Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.**

32.    The foregoing professional services provided by RL&F on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

33.    Most all of the services performed by directors, counsels, and associates of RL&F were provided by RL&F's Bankruptcy and Restructuring Group.  RL&F has a prominent practice in this area and enjoys a national reputation for its expertise in financial reorganizations and restructurings of troubled companies.  The attorneys at RL&F have represented either the debtor(s) or the creditors' committee or have acted as special counsel in many large chapter 11 cases in the District of Delaware.  Overall, RL&F brings to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

**B.    Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.**

34.    The time constraints imposed by the circumstances of these chapter 11 cases required RL&F attorneys and other employees to devote substantial time during the evenings and/or on weekends to perform services on behalf of the Debtors.  These services were essential to meet deadlines, provide necessary assistance to K&E, and ensure the orderly administration of the Debtors' estates.  Consistent with firm policy, and as further disclosed in the Retention Application, RL&F attorneys and other RL&F employees who worked late in the evenings or on weekends were provided with reasonable meals at a cost to the Debtors' estates.  RL&F's regular practice is not to include components for those charges in overhead when establishing billing

44

rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

35.     In addition, due to the location of the Debtors' businesses, co-counsel, creditors, and other parties-in-interest in relation to RL&F's office, numerous multi-party telephone conferences were required.   On many occasions, the exigencies and circumstances of these chapter 11 cases required overnight delivery of documents and other materials.     The disbursements for such services are not included in RL&F's overhead for the purpose of setting billing rates, and RL&F has made every effort to minimize its disbursements in these chapter 11 cases.     The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors in these chapter 11 cases.

36.     Among other things, RL&F makes sure that all overtime meals, travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement.[24]   Specifically, RL&F regularly reviews its bills to ensure that the Debtors are

---

[24] Among other things, the Fee Committee Guidelines prepared by Godfrey & Kahn, S.C., counsel to the Fee Committee, sets forth certain meal expense reimbursement guidelines.  Specifically, pursuant to the Expense Memo, the Fee Committee generally recommends that in-office meals be capped at $20 per person per meal, and should be reimbursable if (i) the professional attends a necessary lunch-hour business meeting or (ii) the professional works on the Debtors' chapter 11 cases past 8:00 p.m. and has worked more than four hours on the Debtors' chapter 11 cases during the billing day for which meal reimbursement is sought.  At the same time, the Fee Committee Guidelines note that the guidelines set forth therein are "not hard and fast rules," but rather principles that the Fee Committee generally will follow.  See Fee Committee Guidelines at 3.  The Fee Committee Guidelines further note that the "general statements [set forth in the Fee Committee Guidelines] reflect the Fee Committee's starting point for expense review, not its conclusions." See Fee Committee Guidelines at 5.  Consequently, RL&F submits that it should be permitted to be reimbursed for business meals in accordance with the following well-established guidelines adhered to regularly in other significant chapter 11 cases in the District of Delaware: $25 per person for breakfast, $35 per person for lunch, $55 per person for dinner, and not the $20 per person per meal cap set forth in the Fee Committee Guidelines. See, e.g., In re Old FENM Inc., Case No. 13-12569 (Bankr. D. Del.) (fee examiner applying $25 per person for breakfast, $35 per person for lunch, and $55 per person for dinner meal caps); In re FBI Wind Down, Inc., Case No. 13-12329 (Bankr. D. Del.) (same); In re School Specialty, Inc., Case No. 13-10125 (Bankr. D. Del.) (same); In re Vertis Holdings, Inc., Case No. 12-12821 (Bankr. D. Del.) (same); In re Southern Air Holdings, Inc.,

45

only billed for services that were actual and necessary and, where appropriate, prorates expenses. In accordance with the Retention Order, RL&F does not seek reimbursement of expenses for office supplies pursuant to this Application.

### RL&F's Requested Compensation and Reimbursement Should Be Allowed

37.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.    Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)     the time spent on such services;

---

Case No. 12-12690 (Bankr. D. Del.) (same); In re WP Steel Venture LLC, Case No. 12-11661 (Bankr. D. Del.) (same); In re Allied Systems Holdings, Inc., Case No. 12-11564 (Bankr. D. Del.) (same); In re AES Eastern Energy, L.P., Case No. 11-14138 (Bankr. D. Del.) (same); In re Raser Technologies, Inc., Case No. 11-11315 (Bankr. D. Del.) (same); In re Indianapolis Downs, Inc., Case No. 11-11046 (Bankr. D. Del.) (same); In re TW Liquidation Corp., Case No. 10-14092 (Bankr. D. Del.) (same); In re OTC Holdings Corp., Case No. 10-12636 (Bankr. D. Del.) (same); In re Specialty Products Holding Corp., Case No. 10-11780 (Bankr. D. Del.) (same). See also In re Armstrong World Industries, Inc., 366 B.R. 278, 284, n. 7 (D. Del. 2007) (emphasis added) (adopting certain meal caps substantially higher than those set forth in the Fee Committee Guidelines in connection with meal charges incurred nearly a decade ago and noting that such caps "... are not arbitrary, but instead are guidelines that the fee auditor developed in light of his experience and through *extensive surveys to determine reasonable costs of meals* ..."). If materially higher meal caps were accepted by the District Court in the Armstrong World Industries case several years ago, RL&F respectfully submits that imposing significantly lower caps in many cases involving nearly a decade of inflation makes little sense and would be inequitable. To the extent that RL&F exceeded the $25 per person for breakfast, $35 per person for lunch, and $55 per person for dinner meal caps roundly adhered to in the District of Delaware, RL&F has taken voluntary reductions to those generally accepted caps during the Fee Period. Separately, RL&F reserves all of its rights to argue that certain business meals do not constitute "in-office" meals and/or that the "8:00 p.m." and "four hour" billing requirements should not apply to its timekeepers.

RLF1 13665248v.1

(b)     the rates charged for such services;

(c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(e)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

38.     RL&F respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates. RL&F further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' stakeholders. RL&F further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties-in-interest.

39.     During the Fee Period, RL&F's hourly billing rates for attorneys ranged from $260.00 to $750.00. The hourly rates and corresponding rate structure utilized by RL&F in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by RL&F for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. RL&F strives to be, and believes it has been, efficient and effective in the staffing of matters. These rates and the rate structure reflect that such matters are

47

typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

40.    Moreover, RL&F's hourly rates are set at a level designed to compensate RL&F fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.   Hourly rates vary with the experience and seniority of the individuals assigned.  Pursuant to the terms of the Engagement Letter as approved by the Court through the Retention Order, and generally on client matters, these hourly rates are subject to periodic review and revision to reflect economic and other conditions and are consistent with the rates charged elsewhere.

41.    In sum, RL&F respectfully submits that the professional services provided by RL&F on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by RL&F, the nature and extent of RL&F's services provided, the value of RL&F's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.   Accordingly, RL&F respectfully submits that approval of the compensation sought herein is warranted and should be approved.

## Reservation of Rights and Notice

42.    It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  RL&F reserves the right to include such amounts in future fee applications.  In addition, the Debtors shall provide notice of this Fee Application on the date hereof to: (a) the U.S. Trustee, (b) counsel to the agent of the EFIH First Lien DIP Facility, (c) counsel to the agent of the TCEH DIP Facility, (d) counsel to the TCEH Creditors' Committee, (e) the EFH Creditors' Committee, (f) the Fee Committee, and (g) all

parties that have entered their appearance pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

43.     Pursuant to the Interim Compensation Order and the Fee Committee Order, (a) any Notice Party (other than the Fee Committee) that wishes to object to the Fee Application must file its objection with the Court, with a copy to Chambers, and serve it on RL&F and the Notice Parties so that it is **actually received** on or before **March 1, 2016 at 4:00 p.m. (Eastern Standard Time).**

### No Prior Request

44.     No prior application for the relief requested herein has been made to this or any other Court.

*[Remainder of page intentionally left blank.]*

49

WHEREFORE, RL&F respectfully requests that the Court enter an order (a) awarding RL&F interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $467,550.50, and reimbursement of actual, reasonable, and necessary expenses incurred in the Fee Period in the amount of $29,883.76; (b) authorizing and directing the Debtors to remit payment to RL&F for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated: February 8, 2016
     Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
         defranceschi@rlf.com
         madron@rlf.com

*Co-Counsel to the Debtors and Debtors in Possession*

50