**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) **Re: D.I. 7812** |

**DECLARATION OF STEVEN R. KOTARBA,
MANAGING DIRECTOR WITH ALVAREZ & MARSAL
NORTH AMERICA, LLC, IN SUPPORT OF THE DEBTORS'
THIRTY-SIXTH OMNIBUS (SUBSTANTIVE) OBJECTION TO
SUBSTANTIVE DUPLICATE AND NO LIABILITY CLAIMS PURSUANT
TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1**

Pursuant to 28 U.S.C. § 1746, I, Steven R. Kotarba, declare as follows:

1.  I am a Managing Director with Alvarez & Marsal North America, LLC ("A&M"). A&M serves as an advisor to the Debtors in preparation for and during these chapter 11 proceedings by assisting the Debtors with financial analyses, claims management, and various notice requirements. In preparing this declaration, I generally relied on court pleadings and other compilations on which I typically rely in performing my job, and which are generally relied on by the public or persons in my occupation. I am over the age of 18 and duly authorized to execute this declaration (the "Declaration") on behalf of the Debtors in support of the *Debtors' Thirty-Sixth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007,*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*and Local Bankruptcy Rule 3007-1* [D.I. 7812] (the "<u>Objection</u>"),[2] filed contemporaneously herewith.

2.  The facts in this Declaration are based on my personal knowledge and review of information and my experience with the Debtors' operations and these chapter 11 cases. If called to testify, I would testify to the facts set forth herein.

3.  To date, over 40,000 Proofs of Claim have been filed in these chapter 11 cases. Considerable time and resources have been expended to review and reconcile the Proofs of Claim filed against the Debtors in these chapter 11 cases. Upon review of the Proofs of Claim filed in these chapter 11 cases and supporting documentation attached thereto, the Debtors have determined that the Disputed Claims listed on **Exhibit 1** and **Exhibit 2** to **Exhibit A** to the Objection are not properly asserted pursuant to section 502(b) of the Bankruptcy Code, Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure, Local Rule 3007-1, and applicable orders of the Bankruptcy Court.

## I. Substantive Duplicate Proofs of Claim.

4.  Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified 14 Substantive Duplicate Claims listed on **Exhibit 1** to **Exhibit A**, in the aggregate claimed amount of $17,041,957.69. To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry—including the Debtors', their restructuring advisors' (Alvarez & Marsal, North America, LLC), and my (i) review of the Substantive Duplicate Claims and (ii) reasonable efforts to research the same on the Debtors' books and records and Schedules—the Substantive Duplicate Claims are each duplicative of another Proof of Claim filed by or on behalf of the same claimant (or a

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

successor) in respect of the same liabilities, but with certain differences (*e.g.*, a different asserted priority classification, a claim for a single liability duplicated against multiple Debtors, or a claim for a single invoice reasserted in a subsequently filed Proof of Claim that was not denoted as amending the initial Proof of Claim).

**II.     No Liability Proofs of Claim.**

5.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified 9 No Liability Claims listed on **Exhibit 2** to **Exhibit A**, in the aggregate claimed amount of $47,234.62.  To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry—including the Debtors', their restructuring advisors' (Alvarez & Marsal, North America, LLC), and my (i) review of the No Liability Claims and (ii) reasonable efforts to research the same on the Debtors' books and records and Schedules— the No Liability Claims reflect Proofs of Claim that are each asserted against the Debtors, but for which there is no indication that the Debtors are actually liable.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 9, 2016
       Wilmington, Delaware

                                        */s/ Steven R. Kotarba*
                                        Steven R. Kotarba
                                        Managing Director
                                        Alvarez & Marsal North America, LLC