IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) **Re: D.I. 662, 2036, 2058, 3422, 3978, 7795** |

*AMENDED AND SUPERSEDING* FOURTH SUPPLEMENTAL
DECLARATION OF ROBERT B. LITTLE IN SUPPORT OF THE APPLICATION
OF THE DEBTORS FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN
AND EMPLOY GIBSON, DUNN & CRUTCHER LLP AS SPECIAL COUNSEL
FOR CERTAIN CORPORATE AND LITIGATION MATTERS,
EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

I, Robert B. Little, declare and state as follows:

**BACKGROUND**

1.  I am a Partner with Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), which has a place of business at 2100 McKinney Avenue, Suite 1100, Dallas, TX 75201.

2.  I submit this fourth supplemental declaration, pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, in further support of the *Application of Energy Future Holdings Corp., et al., for an Order*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Authorizing the Debtors to Retain and Employ Gibson, Dunn & Crutcher LLP as Special Counsel for Certain Corporate and Litigation Matters, Effective Nunc Pro Tunc to the Petition Date* [D.I. 662] (the "<u>Application</u>").  Except as otherwise noted herein, I have personal knowledge of the matters set forth herein.

3. On May 29, 2014, the Debtors filed the Application.  In support of the Application, Gibson Dunn filed the *Declaration of Robert B. Little in Support of the Application of the Debtors for an Order Authorizing the Debtors to Retain and Employ Gibson, Dunn & Crutcher LLP as Special Counsel for Certain Corporate and Litigation Matters, Effective Nunc Pro Tunc to the Petition Date* [D.I. 662] (the "<u>Little Declaration</u>"), which was attached as Exhibit B to the Application.

4. On September 16, 2014, Gibson Dunn filed the *First Supplemental Declaration of Robert B. Little in Support of the Application of the Debtors for an Order Authorizing the Debtors to Retain and Employ Gibson, Dunn & Crutcher LLP as Special Counsel for Certain Corporate and Litigation Matters, Effective Nunc Pro Tunc to the Petition Date* [D.I. 2036].

5. The Court approved the Application by its *Order Authorizing the Debtors to Retain and Employ Gibson, Dunn & Crutcher LLP as Special Counsel for Certain Corporate and Litigation Matters, Effective Nunc Pro Tunc to the Petition Date* [D.I. 2058] (the "<u>Retention Order</u>").

6. In the Little Declaration, I disclosed Gibson Dunn's billing rate in effect at that time for matters related to these chapter 11 cases.  I also disclosed that Gibson Dunn's billing rates are subject to periodic adjustments to reflect economic and other conditions.  Pursuant to the Retention Order, Gibson Dunn must provide notice of changes to its billing rates during these chapter 11 cases.

7. In accordance with the Retention Order, on February 3, 2015, Gibson Dunn filed the *Second Supplemental Declaration of Robert B. Little in Support of the Application of the Debtors for an Order Authorizing the Debtors to Retain and Employ Gibson, Dunn & Crutcher LLP as Special Counsel for Certain Corporate and Litigation Matters, Effective Nunc Pro Tunc to the Petition Date* [D.I. 3422] (the "Second Supplemental Little Declaration") and on March 25, 2015, Gibson Dunn filed the *Third Supplemental Declaration of Robert B. Little in Support of the Application of the Debtors for an Order Authorizing the Debtors to Retain and Employ Gibson, Dunn & Crutcher LLP as Special Counsel for Certain Corporate and Litigation Matters, Effective Nunc Pro Tunc to the Petition Date* [D.I. 3978] (the "Third Supplemental Little Declaration"), providing notice that Gibson Dunn's billing rates would increase in 2015.

8. On February 5, 2016, Gibson Dunn filed the *Fourth Supplemental Declaration of Robert B. Little in Support of the Application of the Debtors for an Order Authorizing the Debtors to Retain and Employ Gibson, Dunn & Crutcher LLP as Special Counsel for Certain Corporate and Litigation Matters, Effective Nunc Pro Tunc to the Petition Date* [D.I. 7795] (the "Fourth Supplemental Little Declaration"), which included a list of 2016 billing rates for Gibson Dunn's primary timekeepers. Certain of the rates were incorrect and have been corrected in this Amended Declaration.

**RATE INCREASE**

9. It is a fundamental tenet of modern bankruptcy practice that "attorneys or other professionals whose retentions have been approved by the Bankruptcy Court are to be compensated based on market rates . . . ." *In re Drexel Burnham Lambert Group*, 133 B.R. 13, 15 (Bankr. S.D.N.Y. 1991). "In a reversal of the practice that had evolved under the former Bankruptcy Act . . . Congress directed Bankruptcy Courts to compensate lawyers at the market

<u>rate, reflected in rates generally accepted by the attorney's clients</u>, and not impose lower or different rates or charges simply because it is a reorganization proceeding." *Id.* at 17 (emphasis added).[2]

10.  Throughout these cases, the amounts charged to the Debtors for the particular services rendered have been equal to or lower than the rates charged to other clients of Gibson Dunn for similar services. Indeed, if Gibson Dunn's retention in these matters were not pursuant to the Bankruptcy Code, Gibson Dunn would have charged the Debtors, and expected to receive, on a current basis, an amount at least equal to the amounts requested in our fee applications for the professional services rendered.

11.  During the last quarter of each year, Gibson Dunn reviews its rate structure for the following year. In setting these annual rates, Gibson Dunn evaluates, among other factors, the market and the firm's cost structure, including increases in operating costs. From an expense standpoint, some of the firm's expenses are locked in over a multi-year basis. An example of these expenses include long-term office leases. Other expenses vary from year to year, such as associate attorney costs, the cost of infrastructure including staff, and the cost of insurance, which continually increases.

12.  As a result of our approach, we often lag behind the market when it comes to rate increases. For example, Gibson Dunn's average effective rate increase from 2015 to 2016 was

---

[2] Numerous cases are in accord. *See, e.g.*, *Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1404 (11th Cir. 1997) (holding that the court should rely on the market in determining whether fees are appropriate); *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 848-56 (3d Cir. 1994) (noting that the purpose of section 330 of the Bankruptcy Code is to compensate professionals at the market rate for services); *Novelly v. Palans (In re Apex Oil Co.)*, 960 F.2d 728, 733 (8th Cir. 1992) (same); In *re Nucorp Energy, Inc.*, 764 F.2d 655, 658 (9th Cir. 1985) (same); *Gazes v. Roswick (In re Roswick)*, 231 B.R. 843, 860 (Bankr. S.D.N.Y. 1999) (same).

3.9%. According to a survey conducted by Wells Fargo in their Comparative Analytic Tool 2016 Outlook, the average estimated rate increase for Am Law 100 firms is 4.3% and the National average is also estimated to be 4.3%.

13. Attached hereto as Schedule A is a list of the 2016 rates for the primary timekeepers, effective as of January 1, 2016, that are expected to bill time to the Debtors' cases. Schedule A separately identifies the amount of the proposed increase attributable to each attorney's increased level of experience and the amount of the proposed increase attributable to increases in Gibson Dunn's base rates for attorneys with similar levels of experience. Each of these rates was and will be consistent with, or lower than, the rates charged to other clients of the firm and to the rates charged by comparably skilled practitioners in the relevant market.

14. The rates listed on Schedule A were negotiated between Gibson Dunn and the Debtors, and the Debtors have consented to the rate increase described herein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on February 10, 2016.

*/s/ Robert B. Little*
Robert B. Little

# Schedule A

# 2016 Rates

**Gibson Dunn Billing Rates**
**Energy Future Holdings Corp.**

| Timekeeper | Gibson Dunn 2015 Rate | Progression | Rate Increase | Gibson Dunn 2016 Rate |
| --- | --- | --- | --- | --- |
| **Partner** | | | | |
| Kattan, Joe | $1,100.00 | $0.00 | -$70.00 | $1,030.00 |
| Dawson, Bill | $975.00 | $0.00 | $55.00 | $1,030.00 |
| Walters, Rob | $975.00 | $0.00 | $45.00 | $1,020.00 |
| Raiff, Mike | $885.00 | $0.00 | $45.00 | $930.00 |
| Little, Rob | $835.00 | $0.00 | $40.00 | $875.00 |
| Ho, James | $835.00 | $0.00 | $55.00 | $890.00 |
| Ising, Beth | $805.00 | $0.00 | $40.00 | $845.00 |
| **Of Counsel** | | | | |
| Johnson, Ashley E. | $690.00 | $0.00 | $25.00 | $715.00 |
| **Associate** | | | | |
| Whalen, Jonathan | $630.00 | $15.00 | $30.00 | $675.00 |
| Falconer, Russ | $610.00 | $15.00 | $25.00 | $650.00 |
| Viney, Elizabeth | $525.00 | $50.00 | -$10.00 | $565.00 |
| Calloway, Caitlin | $500.00 | $50.00 | $10.00 | $560.00 |
| Fisher, Tim | $450.00 | $70.00 | $15.00 | $535.00 |
| Vaughn, William C. (Casey) | $425.00 | $70.00 | $10.00 | $505.00 |
| Thompson, Will | $425.00 | $70.00 | $10.00 | $505.00 |
| Orien, Joe | $450.00 | $70.00 | $15.00 | $535.00 |
| Vasavada, Needhi | $410.00 | $45.00 | $25.00 | $480.00 |
| **Paralegal** | | | | |
| Amponsah, Duke K. | $395.00 | $0.00 | $15.00 | $410.00 |
| Holman, Gaya K. | $370.00 | $0.00 | $15.00 | $385.00 |

RLF1 13879971v.1