**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

_____
                                                              )
In re:                                                     )
                                                              )  Chapter 11
ENERGY FUTURE HOLDINGS CORP., *et al.*[1]  )
                                                              )  Case No. 14-10979 (CSS)
                                                              )  (Jointly Administered)
                            Debtors.          )
_____)

**FIFTH INTERIM FEE APPLICATION OF FTI CONSULTING, INC.,**
**FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES**
**RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD**
**SEPTEMBER 1, 2015 THROUGH DECEMBER 31, 2015**

| | |
|---|---|
| Name of Applicant: | FTI Consulting, Inc. |
| Authorized to provide professional services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | October 20, 2014 (Effective May 19, 2014) |
| Period for which compensation and reimbursement are sought: | September 1, 2015 through December 31, 2015 |
| Amount of compensation sought as actual, reasonable, and necessary: | $283,780.50 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $0.00 |

This is a(n): ____ Monthly __X__ Interim ____ Final Application

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

## SUMMARY OF MONTHLY APPLICATIONS
## FILED DURING THE INTERIM PERIOD

| DATE FILED | PERIOD COVERED | REQUESTED | | APPROVED | | HOLDBACK REQUESTED 20% |
|---|---|---|---|---|---|---|
| | | FEES | EXPENSES | FEES 80% | EXPENSES | FEES 20% |
| 10/26/2015 | 09/01/2015 - 09/30/2015 | $62,711.00 | $0.00 | $50,168.80 | $0.00 | $12,542.20 |
| 11/20/2015 | 10/01/2015 - 10/31/2015 | 116,415.50 | 0.00 | 93,132.40 | 0.00 | 23,283.10 |
| 12/17/2015 | 11/01/2015 - 11/30/2015 | 95,467.50 | 0.00 | 76,374.00 | 0.00 | 19,093.50 |
| 01/22/2015 | 12/01/2015 - 12/31/2015 | 34,186.50 | 0.00 | 27,349.20 | 0.00 | 6,837.30 |
| | Voluntary Reduction[1] | (25,000.00) | | | | (25,000.00) |
| **Total** | | **$283,780.50** | **$0.00** | **$247,024.40** | **$0.00** | **$36,756.10** |

(1) Subsequent to the filing of FTI's monthly fee statements for September through December 2015, FTI has voluntarily agreed to reduce fees by $25,000.00 for estimated fees incurred to review time entries in connection with billing activities.

*[Remainder of page left intentionally blank.]*

2

## SUMMARY OF FEES INCURRED BY PROFESSIONAL
## INTERIM PERIOD BY TIMEKEEPER

| Professional | Position | Billing Rate | Hours | Fees |
|---|---|---|---|---|
| Davido, Scott | Senior Managing Director | $875 | 2.8 | $2,450.00 |
| Diaz, Matthew | Senior Managing Director | 975 | 67.3 | 65,617.50 |
| Eisenband, Michael | Senior Managing Director | 975 | 15.0 | 14,625.00 |
| Joffe, Steven | Senior Managing Director | 975 | 0.9 | 877.50 |
| Scruton, Andrew | Senior Managing Director | 975 | 77.1 | 75,172.50 |
| Simms, Steven | Senior Managing Director | 975 | 10.3 | 10,042.50 |
| Cordasco, Michael | Managing Director | 795 | 71.0 | 56,445.00 |
| Greenberg, Mark | Managing Director | 795 | 27.7 | 22,021.50 |
| Park, Ji Yon | Managing Director | 795 | 2.3 | 1,828.50 |
| Arsenault, Ronald | Senior Director | 535 | 13.4 | 7,169.00 |
| Rauch, Adam | Director | 645 | 19.1 | 12,319.50 |
| Eimer, Sean | Senior Consultant | 495 | 40.5 | 20,047.50 |
| Gittelman, Jeremy | Consultant | 355 | 44.9 | 15,939.50 |
| Hellmund-Mora, Marili | Administrative | 250 | 16.0 | 4,000.00 |
| Moore, Teresa | Administrative | 225 | 1.0 | 225.00 |
| **Subtotal** | | | **409.3** | **$308,780.50** |
| Less: Voluntary Reduction[1] | | | | (25,000.00) |
| **Grand Total** | | | **409.3** | **$283,780.50** |

(1) The voluntary reduction of $25,000.00 represents estimated fees incurred to review time entries in connection with billing activities.


## SUMMARY OF FEES INCURRED DURING THE
## INTERIM PERIOD BY PROJECT CATEGORY

| BY TASK CODE | | Hours | Fees |
|---|---|---|---|
| 1 | Current Operating Results & Events | 0.4 | $318.00 |
| 9 | Analysis of Employee Compensation Programs | 25.3 | 18,940.50 |
| 11 | Prepare for and Attendance at Court Hearings | 28.3 | 24,316.50 |
| 13 | Analysis of Other Miscellaneous Motions | 42.2 | 32,634.00 |
| 14 | Analysis of Claims/Liabilities Subject to Compromise | 46.9 | 40,093.50 |
| 16 | POR & DS - Analysis, Negotiation and Formulation | 110.5 | 107,187.50 |
| 18.A | Investigations of Select Legacy Transactions- Historical Transactions | 2.6 | 1,677.00 |
| 21 | General Meetings with Committee & Committee Counsel | 11.6 | 10,176.00 |
| 24 | Preparation of Fee Application | 120.5 | 55,606.50 |
| 38 | Analysis of Tax Impact on Restructuring Scenarios | 1.8 | 1,431.00 |
| 39 | Analysis of Alternative Tax Structure | 19.2 | 16,400.00 |
| **Total** | Current Operating Results & Events | **409.3** | **$308,780.50** |
| | Less: Voluntary Reduction[1] | | (25,000.00) |
| **Grand Total** | | **409.3** | **$283,780.50** |

(1) The voluntary reduction of $25,000.00 represents estimated fees incurred to review time entries in connection with billing activities.

3

This fifth interim fee application for compensation and reimbursement of expenses (the "Fee Application") is filed by FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors and employees, "FTI") requesting payment for services rendered and reimbursement of costs expended as financial advisor for the Official Committee of Unsecured Creditors (the "Committee") of Energy Future Competitive Holdings Company LLC ("EFCH"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("TCEH") and their direct and indirect subsidiaries, and EFH Corporate Services Company (collectively with EFCH and TCEH, the "TCEH Debtors")[2] for the period of September 1, 2015 through December 31, 2015 (the "Application Period").  In support of this Fee Application, FTI respectfully states as follows:

*[Remainder of page left intentionally blank.]*

---

[2] Although EFH Corporate Services is not a subsidiary of TCEH, for ease of reference EFH Corporate Services is included in the definition "TCEH Debtors".

## Introduction

1.      FTI provided services to the Committee in accordance with the instructions and directions of the Committee.  FTI is compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses incurred by FTI.

2.      FTI submits this Fee Application pursuant to sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Administrative Order") [Docket No. 220], Del. Bankr. LR 2016-2 and the Retention Order.  By this Fee Application, FTI seeks interim allowance and payment of 100% of compensation for actual and necessary professional services rendered in the amount of $283,780.50, and seeks the allowance and payment of 100% of its actual and necessary expenses in the amount of $0.00, in accordance with the terms of the Administrative Order.

3.      FTI has filed and served the monthly fee statements for the periods of (i) September 1, 2015 through September 30, 2015, (ii) October 1, 2015 through October 31, 2015, (iii) November 1, 2015 through November 30, 2015, and (iv) December 1, 2015 through December 31, 2015.

## Jurisdiction

4.      The Court has jurisdiction over this matter under 28 U.S.C. § 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).  Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## Background

5.      On April 29, 2014 (the "Petition Date"), the TCEH Debtors filed voluntary petitions with this Court under chapter 11 of the Bankruptcy Code. The TCEH Debtors are operating their business as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6. On May 12, 2014 (the "Formation Meeting"), the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of the following seven members:

> (a) Pension Benefit Guaranty Corporation;
>
> (b) HCL America, Inc.;
>
> (c) The Bank of New York Mellon;
>
> (d) Law Debenture Trust Company of New York
>
> (e) Holt Texas LTD, d/b/a Holt Cat
>
> (f) ADA Carbon Solution (Red River); and
>
> (g) Wilmington Savings Fund Society.

On May 14, 2014, the Committee selected Morrison & Foerster LLP ("Committee Counsel") and Polsinelli PC to serve as Committee counsel. On May 16, 2014, the Committee selected Lazard Frères & Co. LLC ("Lazard") to serve as its investment banker, and on May 19, 2014, the Committee selected FTI as its financial advisor.

7. On July 25, 2014 FTI filed its retention application. On October 20, 2014 the Court entered an order approving the retention of FTI as financial advisor to the Committee effective as of May 19, 2014 (the "Retention Order") [Docket No. 2507].

**Summary of Services Rendered**

8. The Debtors' chapter 11 cases have presented numerous large and complex issues that had to be addressed in order to preserve and maximize value for unsecured creditors. The Retention Order authorized FTI to render financial advisory services to the Official Committee of Unsecured Creditors. FTI has taken steps to avoid duplication of efforts among the Committee professionals. The Committee professionals actively coordinate their efforts to discuss work streams, avoid duplication, and leverage each other's work.

6

9. FTI has taken reasonable steps to avoid duplication of services by FTI's professionals. During the course of the Fifth Interim Period, there have been a few instances where more than one FTI professional attended a hearing or participated in a conference call. These multiple attendees were necessary to accomplish the significant amount of work which needed to be performed in a compressed amount of time involving complex facts and transactions and the participation and involvement.

10. The total number of hours expended by FTI professionals and paraprofessionals in performing professional services for the Committee during the Application Period was 409.3 hours. Pursuant to the Retention Order, FTI is entitled to monthly compensation for its services provided to the Committee at its current hourly rates, plus reimbursement of necessary out of pocket expenses.

11. Subsequent to the filing of FTI's monthly fee statements for September through December 2015, FTI has voluntarily agreed to reduce fees by $25,000.00 for estimated fees incurred to review time entries in connection with billing activities.

12. Services rendered by each professional and paraprofessional during the Application Period, and a summary of the time incurred by project code followed by detailed time entries, is attached hereto as **Exhibit A**, **Exhibit B**, and **Exhibit C**.

13. The following paragraph(s) describe the primary services rendered by FTI, but are not limited to the categories set forth below.

*Code 9 – Analysis of Employee Compensation Programs (25.3 hours)*

During the Application Period, FTI was requested by the Committee to assess the reasonableness of the Debtors' proposed 2016 employee incentive plan. FTI prepared an analysis that compared the performance metrics and associated incentives with the Debtors' prior year incentive program. FTI conducted diligence on the proposed 2016 scorecards, and

7

conducted diligence calls with the Debtors regarding the program. FTI presented a summary of the incentive program with observations and recommendations in writing to the Committee.

*Code 11 – Prepare for and Attendance at Court Hearings (28.3 hours)*

During the Application Period, FTI prepared for and participated by phone in the Confirmation hearings, which took place over seven days, including the judge's decision regarding plan confirmation, which was rendered on December 3rd, 2015. During the hearings, FTI provided counsel with support with respect to topics including feasibility, REIT structuring, intercompany analyses, and ongoing settlement negotiations.

*Code 13 – Analysis of Other Miscellaneous Motions (42.2 hours)*

During the Application Period, the Debtors filed a motion seeking authority to participate in an auction for the purchase of certain generation assets that were located in Texas. Time in this task code included diligence performed by FTI regarding the potential bid, as well as assessing the liquidity that was required in order to participate in the auction. FTI analyzed the Debtors' financial models that were prepared in order to assess certain bidding ranges. In addition, FTI prepared sensitivity analysis on the financial models to assess the reasonableness of required bid levels. FTI presented a summary of the proposed auction process and presented observations and recommendations directly with Counsel and the Committee.

*Code 14 – Analysis of Claims and Liabilities Subject to Compromise (46.9 hours)*

During the Application Period, FTI analyzed the Debtors' proposed list of contract assumptions and contract rejections in order to assess the potential impact on the unsecured claims pool and related recoveries to T-side unsecured creditors. In addition, FTI performed due diligence regarding the Debtors' proposed claims stipulations and claims objections that were filed during the Application Period. FTI also assessed the impact on potential recoveries from the plan voting results that were made available during the Application Period. Time in this task code also includes numerous calls with the Debtors' advisors to review and discuss these

analyses, as well as periodic updates to discuss overall status of the claims reconciliation process. FTI periodically presented a summary of its findings both orally and in writing to Counsel.

*Code 16 – POR & DS – Analysis, Negotiation and Formulation (110.5 hours)*

FTI participated in numerous calls and meetings with Committee Counsel and the Debtors' advisors and other parties in connection with settlement negotiations with various case constituents involving certain aspects of the plan of reorganization. Key elements of these negotiations included treatment of intercompany claims, unsecured claims at various entities, settlement of litigation claims, overall creditor recoveries, among many other topics. FTI assessed the impact on T-side creditor recoveries based on these plan discussions. In addition, FTI analyzed the filed plan objections to assess the impact on the plan and in particular the case timeline.

FTI analyzed the filed revised plan, disclosure statement, and plan supplement, focusing on sections detailing the treatment of various constituencies and related recoveries. Drafts of the plan of reorganization, disclosure statement, and plan supplement were also reviewed for accuracy and appropriateness as it related to proper disclosure and fair representation for the general unsecured creditors.

**Actual and Necessary Costs and Expenses Incurred**

14.     Reimbursement of expenses in the amount of $0.00 is sought herein. FTI reserves the right to request, in subsequent fee applications, reimbursement of any additional expenses incurred during the Application Period, as such expenses may not have been captured in FTI's billing system on the date of filing this Fee Application.

**Statement from FTI Consulting, Inc.**

15. At all relevant times, FTI has been a disinterested person, as that term is defined at § 101(14) of the Bankruptcy Code, as modified by § 1103(b) of the Bankruptcy Code, and has not represented or held any interest adverse to any interest of the Committee.

16. FTI has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. No agreement or understanding exists between FTI and any other entity (other than shareholders or employees of FTI), except with respect to Cambridge Energy Solutions ("CES")[3], for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

17. All services for which FTI requests compensation were performed at the direction or instruction of the Committee and for or on behalf of the Committee. The professional services and related expenses for which FTI requests quarterly allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of FTI's professional responsibilities as Financial Advisors to the Committee in the Debtors' Chapter 11 cases.

18. FTI respectfully submit that, in accordance with the factors enumerated at § 330 of the Bankruptcy Code, the services provided were necessary and beneficial to the Committee, the Debtors' estates, creditors and other parties in interest and as such the compensation being sought for its services is fair and reasonable.

*[Remainder of page left intentionally blank.]*

---

[3] As disclosed in paragraph 6 of the Retention Order and the *Supplemental Declaration of Steven Simms in Support of Application for the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., et al, for Entry of an Order Under Section 328(a) and 1103(a) of the Bankruptcy Code Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor Effective May 19, 2014.*

**Notice**

19. As required by the Administrative Order, a copy of this Fee Application has been served upon: (a) Energy Future Holdings Corp.; (b) co-counsel for the Debtors, Kirkland & Ellis LLP; (c) co-counsel to the Debtors', Richards Layton & Finger, P.A.; (d) the Office of the United States Trustee for the District of Delaware; (e) counsel for the agent of the EFIH First Lien DIP Financing Facility, Shearman & Sterling LLP; (f) counsel for the TCEH First Lien DIP Facility, Milbank, Tweed, Hadley & McCloy LLP; (g) counsel to the Committee of Unsecured Creditors, Morrison & Foerster LLP; and (h) counsel to the Fee Committee, Godfrey & Kahn, S.C.  Notice of this Fee Application was served upon all parties requesting notice pursuant to Bankruptcy Rule 2002.

20. WHEREFORE, FTI respectfully requests that the Court (i) approve and allow on an interim basis the compensation requested and reimbursement of actual and necessary costs and expenses; and (ii) approve the payment of the 100% of allowed fees and expenses and (iii) provide such further relief as may be just and proper.[4]

Dated: February 12, 2016                                          FTI CONSULTING, INC

                                                                                        By: */s/ Matthew Diaz*
                                                                                            Matthew Diaz
                                                                                            Three Times Square
                                                                                            New York, NY 10036
                                                                                            Telephone: 212-499-3611
                                                                                            E-mail: matthew.diaz@fticonsulting.com

---

[4] Paragraph 2(b) of the Administrative Order requires Professionals (as defined in the Administrative Order) to allocate any fees and expenses to the applicable Debtors for whose direct benefit such fees and expenses were incurred (such fees, the "Direct Benefit Fees").  FTI has incurred fees and expenses for the collective benefit of the TCEH Debtors.  As a result, FTI has not attempted to break out the specific Direct Benefit Fees performed for the benefit of the TCEH Debtors since all of its fees and expenses would be allocated to the TCEH Debtors regardless under the Administrative Order.  Thus, all of FTI's fees and expenses identified in this Monthly Fee Statement should be paid by the TCEH Debtors.

**VERIFICATION PURSUANT TO DEL. BANKR.LR. 2016-2(f) AND 28 U.S.C. §1746(2)**

I, Matthew Diaz, verify as follows:

1. I am a Senior Managing Director with FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors and employees, "FTI"). FTI has rendered professional services to the Official Committee of Unsecured Creditors (the "Committee") in this Chapter 11 case.

2. I have read the foregoing application of FTI for compensation and reimbursement of expenses (the "Fee Application"). To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the facts set forth in the foregoing Fee Application are true and correct and materially comply with the applicable orders, rules, guidelines and requirements as set forth by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Del.Bankr.LR 2016-2, and the Executive Office for the United States Trustee.

Executed on: February 12, 2016				FTI CONSULTING, INC


								By: */s/ Matthew Diaz*
								    Matthew Diaz
								    Three Times Square
								    New York, NY 10036
								    Telephone: 212-499-3611
								    E-mail: matthew.diaz@fticonsulting.com

								    *Financial Advisors to the Official*
								    *Committee of Unsecured Creditors*