1  UNITED STATES BANKRUPTCY COURT

2  FOR THE DISTRICT OF DELAWARE

3  Case No. 14-10979-css

4  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

5  In the Matter of:

6

7  Energy Future Holdings, Corp.

8

9           Debtor.

10 - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

11 Adv. Proc 15-51386

12 Energy Future Holdings Corp.

13                v.

14 Texas Transmission Investment LLC

15 - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

16                    United States Bankruptcy Court

17                    824 N. Market Street

18                    Wilmington, DE  19805

19                    February 11, 2016

20                    2:00 PM

21

22 B E F O R E:

23 HON. CHRISTOPHER S. SONTCHI

24 U.S. BANKRUPTCY JUDGE

25 ECRO:  LESLIE MURIN

1  TELEPHONIC HEARING Re:   Discovery Dispute

25  Transcribed by:   Theresa Pullan

```
 1   A P P E A R A N C E S :

 2

 3   WHITE & CASE LLP

 4   BY:    J. Christopher Shore

 5          Attorneys for Ad Hoc Group of TCEH Unsecured Note Holders

 6

 7   SKADDEN ARPS

 8   BY:    Jason Vigna

 9          Attorneys for Texas Transmission Investment LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 4

1                    P R O C E E D I N G S

2            THE COURT:  Good afternoon, everybody, this is Judge

3    Sontchi.  Thank you for making yourselves available.

4            This is the continuation of the telephone hearing

5    with regard to the motion of Ovation, or the letter motion if

6    you will, of Ovation seeking to compel the production of

7    documents that have been withheld from production by defendant

8    Texas Transmission Investment LLC on the basis of the business

9    strategy immunity or privilege which consists of I believe,

10   excuse me I'm sorry, six documents, one of which was produced

11   except for a small redaction and the other five not produced.

12           In addition, Ovation has sought to have a continued

13   deposition of Mr. Ebbingdon to discuss the documents sought

14   specifically with regard to the issues before the Court as well

15   as documents that were originally listed as not to be produced

16   under the business strategy privilege, but were nonetheless at

17   a later time after the deposition Mr. Ebbingdon, produced.

18           At the request of the Court, TTI submitted in camera

19   the documents withheld pursuant to the business strategy

20   immunity as well as copies of the documents that were

21   originally listed as not going to be produced but were

22   subsequently produced -- 22 documents in total.  I received

23   those early this morning and have had an opportunity to review

24   all of those documents.

25           The Court finds that none of the documents that have

1   been identified as being subject to the business strategy

2   immunity are in fact covered by that immunity and that all six

3   documents in their entirety must be produced to Ovation and

4   they are designated by privilege log number as 15-823, 824,

5   825, 937 and 1874.  The Court finds that there is not an

6   ongoing negotiation that is sufficient to qualify under the

7   narrow business strategy immunity.  These documents are either

8   completely historical or the likelihood of an immediate

9   negotiation going on as sufficiently unlikely or attenuated to

10  not qualify for the privilege.  And that document in particular

11  on the latter point is document 1874.  The other documents are

12  clearly historical.

13          There is no question that there's information

14  contained in these documents that might prove difficult to TTI

15  in its ongoing negotiations and participation in the mediation,

16  but they cannot avoid production of, cannot avoid the

17  production of documents simply because to do so might reveal

18  information that puts them in a disadvantaged or not and ideal

19  negotiating position with the other side.  These are clearly

20  relevant, they're not covered by attorney-client privilege or

21  attorney work product and they don't qualify for the business

22  strategy immunity.  So the fact that they contain information

23  that the defendant would rather not have the other side hear is

24  neither here nor there for purposes of whether they have to be

25  produced.

1            Now, my read of at least some of these documents is
2     that there's information in here that might not be relevant.
3     I'm not making a ruling that the documents must be produced in
4     their entirety if there are other pieces of it that defendant
5     wishes to redact if they're going to produce, I don't know if
6     they want to do that or not.  But what I am ruling on is that
7     the entirety of the documents, nothing in the documents is
8     protected by the business strategy immunity.  I leave the rest
9     of whatever issues there might be, hopefully there are none,
10    but whatever issues there might be, for another day as to
11    whether certain information should or should not be produced.
12           For example, as I read many of these documents such
13    as, just for an example, such as 825 which is a series of
14    emails, there are updates on a number of matters that have
15    nothing to do with this particular case, other companies, for
16    example, other investments.  I don't know how the parties have
17    bene proceeding in connection with whether that type of
18    information is redacted or not.  I haven't been asked to rule
19    on that, but I just point that out for the record.
20           Obviously or not obviously, in addition to producing
21    the documents, the defendants need to make Mr. Ebbingdon
22    available for a supplement to his deposition where he can be
23    examined on the documents previously produced that were
24    initially not produced, those 22 documents that were submitted
25    to me today, as well as the five that I'm ordering, five or

1  six, I believe six, I keep saying five, the six I'm ordering

2  being produced today and any obviously factual issues that are

3  related to those documents are subject to exploration in that

4  deposition.  That deposition should occur as quickly as

5  possible given the close of fact discovery happened last week

6  under the scheduling order and these documents should be

7  produced as soon as possible to the other side.  Are there any

8  questions?

9             MR. VIGNA:  Your Honor, this is Jason Vigna, Skadden

10 Arps for the defendant, TTI, we'll of course produce these six

11 documents as soon as possible.

12            We didn't really have much of an opportunity to

13 discuss the scope of Mr. Ebbingdon's possible re-deposition

14 when we spoke yesterday, and I did want to put a couple of

15 comments on the record.

16            Of the 22 documents that we had in our, that were

17 designated, five of those actually had already been produced to

18 the plaintiffs and it was just an error in designation, and I

19 don't think it would be appropriate for an examination to focus

20 on those five documents that appear at tabs 1, 4, 13, 16 and 17

21 of the binder that I had delivered to you this morning.

22            And with respect to the vast majority of the other

23 documents, they actually are on topics for which other

24 documents had already been produced.  For example, the Court

25 may have noticed that tabs 15 and 22 in the binder are the

1   exact same type of report Ovation attached to its letter brief,
2   that's exhibit C on which the witnesses have been questioned at
3   length, and I would ask that the scope of Mr. Ebbingdon's re-
4   deposition be limited to truly new matters.  For example, tabs
5   2 and 3 involved a memorialization of a discussion with another
6   third party bidder for which just hadn't been produced before.
7   And I think that limiting the deposition of that matter would
8   be consistent with the cases that exists interpreting rule
9   30(a)(2)(a)(2) in the Federal Rules of Civil Procedure.
10              THE COURT:  Mr. Shore, if you're on the phone, do you
11  have any comments?  You're not coming through; you might be on
12  mute.
13              MR. SHORE:  No, I'm not on mute.  Can you hear me
14  now?
15              THE COURT:  I can, yes.
16              MR. SHORE:  Okay, sorry.  Actually, there may be a
17  different way to skin this cat and avoid disputes over what was
18  produced and not produced.  If we could just limit the
19  deposition to four hours and with a commitment that we're not
20  going to retread ground we've already done or with documents
21  we've already covered.  But I think to get into a dialogue in
22  the deposition about whether a document was produced or not or
23  whether it's like another document that was produced is just
24  going to waste more time than if we just ask the questions and
25  got the answers.

1          THE COURT:  Yes, I don't want to get into a sort of a
2    narrow kind of limitation here.  I think that frankly some
3    flexibility should be accorded to Ovation, and to the extent
4    the debtors wish to ask questions, given that there has sort of
5    been a kind of ongoing production now after the deposition
6    occurred that has filled out the perhaps the edges some on what
7    may have been an incomplete picture.  So let's limit the
8    deposition to four hours.  It should be focused on the new
9    documents and try as much as possible not to retread ground
10   that was thoroughly dealt with earlier.  If you're going to go
11   back on stuff or into stuff that you already dealt with it
12   needs to be in the context of the new documents.
13         UNIDENTIFIED:  Very good, Your Honor.
14         THE COURT:  Okay.  Anything else?
15         UNIDENTIFIED:  Nothing, Your Honor.
16         THE COURT:  Okay.  Very good.  We're adjourned.  Oh,
17   are you guys still on?
18         MR. VIGNA:  Jason Vigna from Skadden on behalf of
19   TTI, Your Honor.
20         THE COURT:  Sorry, Mr. Vigna.  Just so the record is
21   clear, the Court is going to destroy the documents that you
22   provided to me.  One thing we touched on -- I hope Mr. Shore is
23   still on -- one thing we touched on was whether they were going
24   to be produced on a confidential basis or not.  Do you need me
25   to weigh in on that or are you simply going to designate them

1  pursuant to the existing scheduling order, etc.?
2             MR. VIGNA:  I don't think that we need a ruling at
3  this time, Your Honor.  The parties have been pretty
4  cooperative in designating things properly and we would of
5  course designate these particular documents highly confidential
6  and produce them on that basis.
7             THE COURT:  All right.  Very good.  Thank you.  We're
8  adjourned.
9        (Proceedings concluded at 2:13 PM)

```
 1                        I N D E X
 2
 3
 4                        RULINGS
 5   DESCRIPTION                                          PAGE
 6   TELEPHONIC HEARING Re:  Discovery Dispute
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                         Page 12
 1                       CERTIFICATION

 2            I, Theresa Pullan, certify that the foregoing is a

 3   correct transcript from the official electronic sound recording

 4   of the proceedings in the above-entitled matter.

 5   Theresa Pullan    Digitally signed by Theresa Pullan
                       DN: cn=Theresa Pullan, o=Veritext, ou,
                       email=digital@veritext.com, c=US
                       Date: 2016.02.12 15:43:28 -05'00'

 6   AAERT Certified Electronic Transcriber CET**00650

 7   Theresa Pullan

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22   Veritext

23   330 Old Country Road

24   Suite 300

25   Mineola, NY   11501
```