**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Objections due: March 7, 2016 at 4:00 p.m. (ET)** |

**SUMMARY COVER SHEET TO THE FOURTH INTERIM FEE
APPLICATION OF MUNGER, TOLLES & OLSON LLP, COUNSEL TO
DEBTORS AND DEBTORS IN POSSESSION ENERGY FUTURE COMPETITIVE
HOLDINGS COMPANY LLC AND TEXAS COMPETITIVE ELECTRIC
HOLDINGS COMPANY LLC, FOR THE PERIOD FROM
SEPTEMBER 1, 2015 THROUGH AND INCLUDING DECEMBER 31, 2015**

In accordance with the Local Bankruptcy Rules for the District of Delaware (the "Local Bankruptcy Rules"), Munger, Tolles & Olson LLP ("MTO"), counsel for the debtors and debtors in possession Energy Future Competitive Holdings Company LLC ("EFCH") and Texas Competitive Electric Holdings Company LLC ("TCEH" and together with EFCH and their debtor subsidiaries, the "TCEH Debtors"), submits this summary of fees and expenses sought as actual, reasonable, and necessary in the fourth interim fee application to which this summary is attached (the "Fee Application")[2] for the period from September 1, 2015 through December 31, 2015 (the "Fee Period").

MTO submits the Fee Application as an interim fee application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order") and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined in this summary shall have the meanings ascribed to such terms in the Fee Application.

| *General Information* | |
|---|---|
| Name of Applicant: | Munger, Tolles & Olson LLP |
| Authorized to Provide Services to: | Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC and subsidiaries |
| Petition Date: | April 29, 2014 |
| Date of Order Authorizing the Debtors to Retain MTO [D.I. 3279]: | January 13, 2015, *nunc pro tunc* to November 16, 2014 |

| *Summary of Fees and Expenses Sought in the Fee Application*[3] | |
|---|---|
| Period for Which Fee Compensation and Expense Reimbursement is Sought in the Fee Application: | September 1, 2015 through December 31, 2015 |
| Voluntary Fee Waiver and Expense Reduction in this Fee Period: | Reduced fees by $99,116.50 and expenses by $24,991.03[4] |
| Amount of Fee Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $2,880,590.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $126,306.14 |
| Total Fee Compensation and Expense Reimbursement Requested for the Fee Period: | $3,006,896.64 |

---

[3] Twenty percent of the fees sought in this Fee Application ($576,118.10) were not requested to be paid as part of the monthly fee statements MTO filed for September 1, 2015 to September 30, 2015 [D.I. 6850], October 1, 2015 to October 31, 2015 [D.I. 7101], November 1, 2015 to November 30, 2015 [D.I. 7754], and December 1, 2015 to December 31, 2015 [D.I. 7796] (collectively, the "Monthly Fee Statements").

[4] MTO voluntarily reduced its fees and expenses by the amounts described above and consequently does not seek payment of these fees and expenses in this Fee Application.

| | |
|---|---|
| *Rate Increases Applicable to the Fee Period*[5] | |
| Total Amount of Fee Compensation Sought for the Fee Period, Calculated Using Rates as of the Date of Retention: | $2,715,650.00 |
| *Summary of Past Requests for Compensation and Prior Payments* | |
| Total Amount of Compensation Previously Requested Pursuant to the Interim Compensation Order to Date (in the First through Third Interim Fee Applications): | $10,306,880.90 |
| Total Amount of Expense Reimbursement Previously Requested Pursuant to the Interim Compensation Order to Date (in the First through Third Interim Fee Applications): | $134,395.52 |
| Total Compensation and Expense Reimbursement Approved Pursuant to the Interim Compensation Order to Date: | $6,074,252.43[6] |
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | $1,570,135.40[7] |
| Expenses Sought In This Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | $35,486.44[7] |

---

[5] While the hourly billing rates rendered during this Fee Period are higher than the hourly billing rates used in 2014, these hourly billing rate increases were disclosed in the Retention Application at ¶13, subject to objection by parties-in-interest, and approved with entry of the Retention Order [D.I. 3279].

[6] This amount represents the amount allowed with respect to MTO's first and second interim fee applications [D.I.s 3563, 4769] (the "Prior Interim Fee Applications"). After communication with the fee committee, MTO voluntarily reduced the fees and expenses requested in its third interim fee application [D.I. 6477] (the "Third Interim Fee Application") by $806.50 and $1,324.28, respectively. Although the court has not yet approved the Third Interim Fee Application, the fee committee did not object to its entry after the voluntary reduction.

[7] This amount represents the amount paid with respect to MTO's September and October Fee Statements [D.I.s 6850, 7101]. MTO filed its November Monthly Fee Statement on January 28, 2016 and its December Monthly Fee Statement on February 5, 2016. The deadline for objections to the November Monthly Fee Statement is February 18, 2016, and the deadline for objections to the December Monthly Fee Statement is February 26, 2016. No objections have been received as of the date of filing this Fee Application. MTO has not received any compensation for fees or expenses sought in the November or December Fee Statements as of the date of filing this Fee Application.

Dated: February 15, 2016            */s/ Todd J. Rosen*
                                       **MUNGER, TOLLES & OLSON LLP**
Thomas B. Walper (admitted *pro hac vice*)
Todd J. Rosen (admitted *pro hac vice*)
Seth Goldman (admitted *pro hac vice*)
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560

Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702
Email:    thomas.walper@mto.com
        todd.rosen@mto.com
        seth.goldman@mto.com

*Counsel to the TCEH Debtors*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objections due:  March 7, 2016 at 4:00 p.m. (ET)** |
| | ) | |

**FOURTH INTERIM FEE APPLICATION OF
MUNGER, TOLLES & OLSON LLP, COUNSEL TO
DEBTORS AND DEBTORS IN POSSESSION ENERGY FUTURE COMPETITIVE
HOLDINGS COMPANY LLC AND TEXAS COMPETITIVE ELECTRIC
HOLDINGS COMPANY LLC, FOR THE PERIOD FROM
SEPTEMBER 1, 2015 THROUGH AND INCLUDING DECEMBER 31, 2015**

Munger, Tolles & Olson LLP ("MTO"), counsel to the debtors and debtors in possession Energy Future Competitive Holdings Company LLC ("EFCH") and Texas Competitive Electric Holdings Company LLC ("TCEH" and together with EFCH and their debtor subsidiaries, the "TCEH Debtors"), hereby submits its fourth interim fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $2,880,590.50 and reimbursement of actual and necessary expenses in the amount of $126,306.14 that MTO incurred for the period from September 1, 2015 through December 31, 2015 (the "Fee Period"). In support of this Fee Application, MTO submits the declaration of Todd J. Rosen, a partner at MTO, (the "Rosen Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference.  In further support of this Fee Application, MTO respectfully states as follows.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**Jurisdiction**

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order"), and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").

**Background**

4.  On April 29, 2014 (the "Petition Date"), Energy Future Holdings Corp. ("EFH Corp.") and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed (a) an official committee of unsecured creditors composed of creditors of the TCEH Debtors and their direct and indirect affiliates and of creditors of EFH Corporate Services Company (collectively, the "TCEH Creditors Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420] and (b) an official committee of unsecured

2

creditors composed of creditors of Debtors EFH Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc. and EECI, Inc. (the "<u>EFH Creditors Committee</u>" and, together with the TCEH Creditors Committee, the "<u>Committees</u>") in these chapter 11 cases on October 27, 2014 [D.I. 2570].  On December 9, 2015, the Court entered an order confirming the Sixth Amended Joint Plan of Reorganization [D.I. 7285].  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98] (the "<u>First Day Declaration</u>").

5.      On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in these cases.  On August 21, 2014, the Court entered the Fee Committee Order, appointing a fee committee (the "<u>Fee Committee</u>") to review and report, as appropriate, on interim and final fee applications filed by retained professionals.  On October 3, 2014, October 7, 2014, December 1, 2014, February 18, 2015, March 9, 2015, June 9, 2015, and December 30, 2015, the Fee Committee distributed guidelines to the professionals retained in these chapter 11 cases regarding a number of topics, including expense reimbursements, fee review criteria, budgets, and the contents of interim fee applications (collectively, the "<u>Fee Committee Guidelines</u>").

**MTO Retention**

6.      On January 13, 2015, the Court entered the *Order Authorizing the Retention and Employment of Munger, Tolles & Olson LLP as Counsel to Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC Effective* Nunc Pro Tunc *to November 16, 2014*, dated January 13, 2015 [D.I. 3279] (the "<u>Retention Order</u>").  The Retention Order authorizes the TCEH Debtors to compensate and reimburse MTO in accordance with the Bankruptcy Code, the Bankruptcy

3

Rules, the Local Bankruptcy Rules, the Fee Committee Order, and the Interim Compensation Order. The Retention Order also authorizes the TCEH Debtors to compensate MTO at the hourly rates it charges for services of this type and to reimburse MTO for certain actual and necessary out-of-pocket expenses incurred, subject to application to this Court. The particular terms of MTO's engagement are detailed in the engagement letter by and between MTO and Hugh E. Sawyer, the disinterested manager of the TCEH Debtors, effective as of November 16, 2014 [D.I. 3040-2] (the "Engagement Letter").

7.     After the Retention Order was entered, MTO received and reviewed the Fee Committee Guidelines. MTO believes that the relief requested herein complies with those guidelines.

**MTO Disinterestedness**

8.     To the best of the Debtors' knowledge and as attested in the *Declaration of Todd J. Rosen in Support of the Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Munger, Tolles & Olson LLP as Counsel to Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC Effective* Nunc Pro Tunc *to November 16, 2014,* dated December 16, 2014 [D.I. 3040-4], the *First Supplemental Declaration of Todd J. Rosen in Support of the Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Munger, Tolles & Olson LLP as Counsel to the Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC Effective* Nunc Pro Tunc *to November 16, 2014*, dated January 8, 2015 [D.I. 3198-1], the *Second Supplemental Declaration of Todd J. Rosen in Support of Application for Entry of an Order Authorizing the Retention and Employment of Munger, Tolles & Olson LLP as Counsel to Debtors and Debtors in Possession Energy Future Competitive Holdings*

4

*Company LLC and Texas Competitive Electric Holdings Company LLC Effective* Nunc Pro Tunc *to November 16, 2014*, dated June 12, 2015 [D.I. 4744], the *Third Supplemental Declaration of Todd J. Rosen in Support of Application for Entry of an Order Authorizing the Retention and Employment of Munger, Tolles & Olson LLP as Counsel to Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC Effective* Nunc Pro Tunc *to November 16, 2014*, dated July 15, 2015 [D.I. 5007], and the *Fourth Supplemental Declaration of Todd J. Rosen in Support of Application for Entry of an Order Authorizing the Retention and Employment of Munger, Tolles & Olson LLP as Counsel to the Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC Effective* Nunc Pro Tunc *to November 16, 2014*, dated December 15, 2015 [D.I. 7361] (collectively, the "Retention Declarations") (a) MTO is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) MTO has no connection to the Debtors, their creditors, or other parties-in-interest, other than those disclosed in the Retention Declarations.

9. MTO may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors in these chapter 11 cases. In the Retention Declarations, MTO disclosed its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. MTO will update the Retention Declarations, as appropriate, if MTO becomes aware of relevant and material new information.

10. MTO performed the services for which it is seeking compensation on behalf of the TCEH Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

5

MTO has received no payment and no promises for payment from any source other than the TCEH Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases. MTO has not shared, nor has MTO agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of MTO or (b) any compensation another person or party has received or may receive.

## Relief Requested

11. MTO seeks interim compensation for professional services rendered to the Debtors during the Fee Period in the amount of $2,880,590.50 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $126,306.14. In accordance with paragraph 2(b) of the Interim Compensation Order, all of the fees and expenses MTO seeks in this Fee Application are allocated to TCEH.

12. MTO submitted Monthly Fee Statements (as defined in the Interim Compensation Order) for each of September, October, November, and December 2015, seeking payment of (a) 80 percent of the fees incurred by the TCEH Debtors for reasonable and necessary professional services rendered by MTO and (b) 100 percent of the actual and necessary costs and expenses incurred by MTO in connection with the services provided to the TCEH Debtors for each month. No objections were filed to the September or October Monthly Fee Statements and MTO received 80 percent of its fees and 100 percent of its costs and expenses for September and October. The deadline for objections to the November Monthly Fee Statement is February 18, 2016, and the deadline for objections to the December Monthly Fee Statement is February 26, 2016. As of the time of this filing, no party has objected to the November or December Monthly Fee Statements. To date, MTO has not received any payment for its fees, costs, and expenses incurred during November or December 2015.

13. MTO seeks, by this Fee Application, payment of the 20 percent holdback on fees required under the Interim Compensation Order in the amount of $576,118.10 for the Fee Period. To the extent that amounts requested in the November or December Monthly Fee Statements have not been paid by the time of the hearing on this Fee Application, MTO also seeks payment of such amounts.

**Fees and Expenses Incurred During Fee Period**

A. **Customary Billing Disclosures**.

14. MTO sets its hourly rates at a level designed to compensate it fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure MTO uses in its representation of the TCEH Debtors are the same as the hourly rates and corresponding rate structure that MTO uses in other bankruptcy representations, and are comparable to the hourly rates and corresponding rate structure that MTO uses for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit B** is a summary of the blended hourly rates for non-EFH matters in 2015 and the blended hourly rates applicable to this Fee Application.

B. **Fees Incurred During Fee Period**.

15. In the ordinary course of practice, MTO maintains computerized records of the time expended to render the professional services required by the TCEH Debtors and their estates. For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit C** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

7

- the attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional at MTO's billing rates during the Fee Period;

- the number of rate increases since the inception of the case; and

- a calculation of total compensation requested using the 2014 rates disclosed in *Debtors Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC's Application for Entry of an Order Authorizing the Retention and Employment of Munger, Tolles & Olson LLP as Counsel to Debtors and Debtors in Possession Debtors Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC Effective* Nunc Pro Tunc *to November 16, 2014* [D.I. 3040].[2]

**C.     Actual and Necessary Expenses Incurred During Fee Period**.

16.     It is MTO's policy to charge its clients in all areas of practice for expenses incurred in connection with its clients' cases. The expenses charged to clients include, among other things, telephone conference call and international call charges, mail, express mail, and overnight delivery service charges, special or hand delivery charges, document retrieval charges, charges for mass mailings (including envelopes and labels) provided by MTO to outside copying services, airfare, meals, lodging, transcription costs, and non-ordinary overhead expenses. MTO charges the TCEH Debtors for these expenses in a manner and at rates consistent with charges made generally to MTO's other clients and within the guidelines set forth in Rule 2014-1 of the Local Rules, all amendments and supplemental standing orders of the Court, and the Fee Committee Guidelines. MTO believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. MTO does not charge clients for office supplies, standard

---

[2]  MTO's hourly billing rates for both 2014 and 2015 were disclosed in the Retention Application at ¶13, subject to objection by parties-in-interest, and approved with entry of the Retention Order [D.I. 3279].

8

duplication, facsimile transmissions, secretarial support, or Lexis/Westlaw computer-assisted legal research.

17. For the convenience of the Court and all parties-in-interest, **Exhibit D** contains a summary of expenses for which MTO is seeking reimbursement by category and **Exhibit E** contains MTO's detailed records of expenses incurred during the Fee Period in the rendition of professional services to the TCEH Debtors and their estates.

18. MTO regularly reviews its bills to ensure that the TCEH Debtors are only billed for services that were actual and necessary and, where appropriate, prorates expenses. MTO has waived $99,116.50 of fees and $24,991.03 of expenses in accordance with the Fee Committee Guidelines.

### Summary of Legal Services Rendered During the Fee Period

19. The TCEH Debtors, at the direction of the disinterested manager of EFCH and TCEH, Hugh E. Sawyer, retained MTO in November 2015 to render professional services in connection with Conflict Matters (as defined in the Retention Order). Since its retention, MTO has worked diligently with Mr. Sawyer and the financial advisor to the TCEH Debtors, Greenhill & Co., to identify, investigate and resolve Conflict Matters. This work was instrumental in formulating the Plan and Settlement Agreement that the Court approved on December 3, 2015. *See* Hr'g Tr. 19, Dec. 3, 2016 (approving intercompany settlement and ruling that "disinterested director process as it related to conflict matters was gold-plated" and "a model of corporate governance").

20. During the Fee Period, MTO analyzed and provided advice to the TCEH Debtors on various Conflict Matters relating to: (a) the discussion, negotiation, and documentation of plan-related documents (collectively, the "Plan Documents"), including the plan support

agreement ("PSA") approved by the Court on September 18, 2015, disclosure statement approved by the court on September 21, 2015 (the "Disclosure Statement"), the Plan and settlement agreement (the "Settlement Agreement") approved by the Court on December 3, 2015, and the related transaction documents; (b) the review and approval of Plan Documents by the disinterested manager of EFCH and TCEH; (c) discovery and litigation related to confirmation of the Plan and approval of the Settlement Agreement; (d) intercompany tax planning, structuring and settlement issues related to the Plan and Settlement Agreement; and (e) whether matters constitute Conflict Matters and other corporate governance matters.

21. MTO used its reasonable efforts to avoid any duplication of services provided by any of the TCEH Debtors' other retained professionals in these chapter 11 cases, including Kirkland & Ellis, LLP and Richards, Layton & Finger, P.A. in their role as primary restructuring counsel on matters other than Conflicts Matters.

22. To provide a meaningful summary of MTO's services provided on behalf of the TCEH Debtors and their estates, MTO has established, in accordance with its internal billing procedures, certain subject matter categories (each, a "Matter Category") in connection with these chapter 11 cases. MTO's budget and staffing plan for the Fee Period, which has been provided to the TCEH Debtors, is attached hereto as **Exhibit F**. **Exhibit G** provides a comparison of the hours and fees budgeted to the hours billed and fees incurred for each Matter Category.

| Matter Number | Matter Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 007 | Contested Matters & Adversary Proceedings | 12.0 | $10,314.00 |
| 008 | Corporate Governance | 36.2 | $31,150.50 |
| 010 | Hearings | 53.1 | $46,868.00 |
| 013 | MTO Retention & Fee Applications | 55.4 | $40,173.00 |
| 014 | Non-Working Travel | 121.55 | $99,116.50 |
| 017 | Plan & Disclosure Statement | 3,494.7 | $2,498,464.50 |
| 018 | Private Letter Ruling/IRS Matters/Tax Issues | 220.4 | $154,504.00 |
| **Total** | | **3,993.35** | **$2,880,590.50** |

23.  In addition, subject to redaction for attorney-client privilege, work product doctrine, and confidentiality where necessary to protect the TCEH Debtors and their estates, MTO's computerized records of time expended on its representation of the TCEH Debtors and their estates are attached hereto as **Exhibit H**.

24.  The following is a summary, by Matter Category, of the most significant professional services provided by MTO during the Fee Period.

**(a)** **Corporate Governance (Matter No. 8)**

Total Fees:  $31,150.50
Total Hours: 36.2

25.  This Matter Category includes time spent by MTO attorneys relating to corporate governance issues involving the TCEH Debtors. During the Fee Period, this included preparing for and attending board meetings, including joint board meetings and meetings of the disinterested manager of EFCH and TCEH. MTO also provided advice to Mr. Sawyer regarding the identification of Conflict Matters and decisions involving Conflict Matters, including review and approval of several drafts of the Plan, Plan Documents, and disclosure statement. MTO also communicated with the Debtors' other advisors regarding corporate governance process.

11

  **(b)**   **Hearings (Matter No. 10)**

    Total Fees: $46,868.00
    Total Hours: 53.1

26.  This Matter Category includes time spent by MTO attorneys preparing for and attending hearings as Conflict Matters counsel to the TCEH Debtors.

  **(c)**   **MTO Retention & Fee Applications (Matter No. 13)**

    Total Fees: $40,173.00
    Total Hours: 55.4

27.  This Matter Category includes time spent by MTO attorneys preparing its monthly fee statements, interim fee applications, budgets, and supplemental declarations in support of its retention. This category does not include time spent reviewing time records for inclusion in the fee statements or fee applications.

  **(d)**   **Non-Working Travel (Matter No. 14)**

    Total Fees: $99,116.50
    Total Hours: 121.55 (50% of 243.1 hours billed to Non-Working Travel)

28.  This Matter Category includes non-working travel time spent by MTO attorneys in connection with their representation of the TCEH Debtors and includes travel to and from several depositions in New York and the trial on the Plan and Settlement Agreement in Delaware. In accordance with the Fee Guidelines, MTO has requested compensation for fifty percent of non-working travel time billed by MTO attorneys.

  **(e)**   **Plan & Disclosure Statement (Matter No. 17)**

    Total Fees: $2,498,464.50
    Total Hours: 3,494.7

29.  MTO attorneys devoted substantial time to review and negotiation of various iterations of the PSA, Settlement Agreement, Plan and other Plan Documents during the Fee Period. MTO also had a significant role in the Plan confirmation discovery and litigation, especially with respect to defending the Settlement Agreement, which was based on the deal

12

struck among the disinterested directors and managers. This work included production of over 30,000 pages of document discovery, preparation for and attendance at over fifteen depositions, and preparation for and presentation at the Plan and Settlement Agreement trial. This Matter Category also includes research on plan-related issues, and discussion of the plan process, structure, and scheduling with the Debtors' other advisors and advisors to the creditor constituencies.

**(f)** **Private Letter Ruling/IRS Matters/Tax Issues (Matter No. 18)**

Total Fees: $154,504.00
Total Hours: 220.4

30. During the Fee Period, MTO's tax team reviewed and commented on the Plan Documents and reviewed and analyzed tax structures proposed by the Plan and alternatives in MTO's capacity as Conflict Matters counsel to the TCEH Debtors. MTO's tax work during the Fee Period included research regarding the proposed tax structures and advice regarding the implications of the Debtors' historic and current tax sharing practices on certain challenges to the Settlement Agreement. In addition, MTO continued to review and analyze the private letter ruling request submitted to the IRS and advised Mr. Sawyer regarding the ruling. MTO's tax group participated in internal and external meetings to discuss the inter-debtor tax issues, including regular calls with the Debtors' tax professionals and advisors to the Committees. MTO was involved in the review and negotiation of the Tax Matters Agreement included in the Plan Documents.

**MTO's Requested Compensation and Reimbursement Should be Allowed**

31. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code

provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a) the time spent on such services;
>
> (b) the rates charged for such services;
>
> (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

32. The services for which MTO seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the TCEH Debtors and their estates. MTO performed the services for the TCEH Debtors in an efficient and effective manner and the results obtained not only benefited the TCEH Debtors, but also their constituents and the other Debtors and their stakeholders.

33. MTO's services were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Further, MTO used its reasonable efforts to avoid any duplication of services provided by any of the TCEH Debtors' other retained professionals in these chapter 11 cases, including Kirkland & Ellis, LLP and

Richards, Layton & Finger, P.A. in their role as primary restructuring counsel on matters other than Conflicts Matters.  MTO also minimized its disbursements, and the actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances.

34.     In sum, MTO believes that the compensation requested is appropriate and in accordance with section 330 of the Bankruptcy Code given the complexity and breadth of the Conflict Matters, the time expended by MTO professionals and paraprofessionals, the nature and extent of the services rendered by MTO, the necessity of such services, the value of MTO's services, and the cost of comparable services outside of bankruptcy.  Accordingly, MTO respectfully submits that approval of the compensation sought herein is warranted.

## Reservation of Rights and Notice

35.     It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  MTO reserves the right to include such amounts in future fee applications.

36.     The TCEH Debtors have provided notice of this Fee Application to:  (a) the Debtors; (b) counsel to the Debtors; (c) the U.S. Trustee; (d) counsel to the agent of the EFIH First Lien DIP Financing Facility; (e) counsel to the agent of the TCEH DIP Financing Facility; (f) counsel to the TCEH Creditors Committee; (g) counsel to the EFH Creditors Committee; (h) counsel to the Fee Committee; and (i) all parties that have entered their appearance pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

37.     Pursuant to the Interim Compensation Order and the Fee Committee Order, (a) any Notice Party (other than the Fee Committee) that wishes to object to the Fee Application must file its objection with the Court, with a copy to Chambers and serve it on MTO and the Notice Parties so that it is **actually received** on or before **March 7, 2016 at 4:00 p.m.**

(Prevailing Eastern Time) and (b) any member of the Fee Committee that wishes to object to the Fee Application must comply with the procedures set forth in the Fee Committee Order and if such member wishes to object to the Fee Application after complying with such procedures, such member must file its objection with the Court, with a copy to Chambers, and serve it on MTO and the Notice Parties, within the time specified under the Fee Committee Order.

## No Prior Request

38.     No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, MTO respectfully requests that the Court enter an order (a) awarding MTO interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $2,880,590.50, and reimbursement of actual, reasonable, and necessary expenses incurred in the Fee Period in the amount of $126,306.14; (b) authorizing and directing the TCEH Debtors to remit payment to MTO for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated: February 15, 2016        */s/ Todd J. Rosen*
                                **MUNGER, TOLLES & OLSON LLP**
                                Thomas B. Walper (admitted *pro hac vice*)
                                Todd J. Rosen (admitted *pro hac vice*)
                                Seth Goldman (admitted *pro hac vice*)
                                355 South Grand Avenue, 35th Floor
                                Los Angeles, California 90071-1560

                                Telephone:   (213) 683-9100
                                Facsimile:   (213) 687-3702
                                Email:       thomas.walper@mto.com
                                             todd.rosen@mto.com
                                             seth.goldman@mto.com

                                *Counsel to the TCEH Debtors*