**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: May 30, 2016 at 4:00 p.m.** |

**SUMMARY OF THE FOURTH INTERIM FEE APPLICATION OF ALIXPARTNERS, LLP SEEKING COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS RESTRUCTURING ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORPORATION, ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC, EFIH FINANCE INC., AND EECI, INC. FOR THE PERIOD FROM SEPTEMBER 1, 2015 THROUGH DECEMBER 31, 2015**

| | |
|---|---|
| Name of Applicant: | AlixPartners, LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | January 12, 2015 *nunc pro tunc* to November 20, 2014 |
| Period for which compensation and reimbursement are sought: | September 1, 2015 through December 31, 2015 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $1,118,835.50[2] (100% of fees) |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $101,021.60[3] |

This is a(n): monthly  _X_ interim __final application

---

1    The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

2    This amount is net the $12,590.50 reduction for 50% of non-working travel time.

3    This amount includes a July 2015 "Sub-contractor" expense amount of $4,870.80 previously billed during a prior interim period in error.  This amount was deducted from expenses billed in our September 2015 monthly Fee Statement in order to correct this error, and thus, the amounts previously billed during the Third Interim Period are now adjusted herein.

## SUMMARY OF FEES AND EXPENSES REQUESTED TO DATE FOR SERVICES PERFORMED BY ALIXPARTNERS LLP ON BEHALF OF THE COMMITTEE

| Date and Docket No. | Compensation Period | Requested Fees | Requested Expenses | Paid Fees | Paid Expenses | 20% Holdback | Approved |
|---|---|---|---|---|---|---|---|
| 01/26/2015 [Docket No. 3370] | 11/20/2014-11/30/2014 | $70,696.00 | $361.81 | $56,556.80 | $361.81 | $14,139.20 | yes |
| 02/05/2015 [Docket No. 3458] | 12/01/2014-12/31/2014 | 308,412.50 | 35,784.90 | 246,730.00 | 35,784.90 | 61,682.50 | yes |
| 02/26/2015 [Docket No. 3686] | 01/01/2015-01/31/2015 | 410,600.75 | 38,637.84 | 328,480.60 | 38,637.84 | 82,120.15 | yes |
| 03/24/2015 [Docket No. 3954] | 02/01/2015-02/28/2015 | 337,222.75 | 17,005.72 | 269,778.20 | 17,005.72 | 67,444.55 | yes |
| 04/22/2015 [Docket No. 4246] | 03/01/2015-03/31/2015 | 274,643.25 | 46,858.60 | 219,714.60 | 46,858.60 | 54,928.65 | yes |
| 05/22/2015 [Docket No. 4573] | 04/01/2015-04/30/2015 | 234,922.00 | 76,095.56 | 187,937.60 | 76,095.56 | 46,984.40 | yes |
| 6/22/2015 [Docket No. 4814] | 05/01/2015 - 05/31/2015 | 75,366.00 | 35,486.96 | 60,292.80 | 35,486.96 | 15,073.20 | yes |
| 07/21/2015 [Docket No. 5058] | 06/01/2015 - 06/30/2015 | 69,462.00 | 8.41 | 55,569.60 | 8.41 | 13,892.40 | yes |
| 08/24/2015 [Docket No. 5692] | 07/01/2015 - 07/31/2015 | 61,433.00 | 29,225.85 | 49,146.40 | 29,225.85 | 12,286.60 | yes |
| 09/25/2015 [Docket No. 6185] | 08/01/2015 - 08/31/2015 | 217,347.25 | 11,607.87 | 173,877.80 | 11,607.87 | 43,469.45 | yes |
| 10/21/2015 [Docket No. 6546] | 09/01/2015 - 09/30/2015 | 360,246.00 | (217.80) | 287,979.00 | 0.00 | 72,049.20 | yes |
| 11/30/2015 [Docket No. 7171] | 10/01/2015 - 10/31/2015 | 576,049.50 | 49,103.99 | 460,839.60 | 49,103.99 | 115,209.90 | yes |
| 1/19/2016 [Docket No. 7689] | 11/01/2015 - 11/30/2015 | 178,044.00 | 4,354.32 | pending | pending | 35,608.80 | pending |
| 02/03/2016 [Docket No. 7779] | 12/01/2015 - 12/31/2015 | 4,496.00 | 47,781.09 | pending | pending | 899.20 | pending |

**SUMMARY OF PROFESSIONAL SERVICES RENDERED BY ALIXPARTNERS LLP
ON BEHALF OF THE COMMITTEE [BY PROJECT CATEGORY] FOR
THE COMPENSATION PERIOD
SEPTEMBER 1, 2015 THROUGH DECEMBER 31, 2015**

| Project Code | Description | Hours | Amount |
|---|---|---|---|
| 9021.00135 | Tax Issues | 7.2 | 5,823.00 |
| 9021.00155 | Claims Analysis | 59.6 | 42,146.50 |
| 9021.00170 | Miscellaneous Motions | 2.6 | 1,887.00 |
| 9021.00175 | Potential Litigation: Other | 602.6 | 423,049.50 |
| 9021.00178 | Potential Litigation: Solvency/Valuation | 891.3 | 579,746.50 |
| 9021.00190 | UCC Meetings | 26.4 | 23,010.00 |
| 9021.00197 | Fee Applications and Retention | 42.1 | 30,582.50 |
| 9021.00198 | Non-Working Travel (Billed at 50%) | 33.8 | 25,181.00 |
| **Total Fees Incurred** | | **1,665.6** | **1,131,426.00** |
| **Less 50% Travel** | | | **(12,590.50)** |
| **Total Fees Requested** | | | **$1,118,835.50** |

## SUMMARY OF PROFESSIONAL FEES EARNED BY ALIXPARTNERS LLP ON BEHALF OF THE COMMITTEE FOR THE COMPENSATION PERIOD SEPTEMBER 1, 2015 THROUGH DECEMBER 31, 2015

| Name of Professional | Description of Function | Hourly Rate 2015 | Sep-15 | Oct-15 | Nov-15 | Dec-15 | Total Hours | Total Compensation |
|---|---|---|---|---|---|---|---|---|
| Alan Holtz* | Managing Director | $1,010 | 14.6 | 58.0 | 13.1 | 2.8 | 88.5 | $89,385.00 |
| Robert D. Albergotti** | Director | 745 | 2.8 | 1.0 | - | - | 3.8 | 2,831.00 |
| Matt Rogers | Director | 745 | 39.6 | 97.7 | - | - | 137.3 | 102,288.50 |
| Mark J. Brown | Director | 800 | 7.6 | 14.2 | 5.0 | - | 26.8 | 21,440.00 |
| Mark F. Rule | Director | 745 | 136.4 | 255.3 | 118.8 | - | 510.5 | 380,322.50 |
| John M. Labovitz | Director | 695 | 6.5 | - | - | - | 6.5 | 4,517.50 |
| Jeffrey W. Kopa** | Director | 695 | 3.5 | - | - | - | 3.5 | 2,432.50 |
| Christopher Rubel | Director | 695 | - | 7.3 | 24.4 | - | 31.7 | 22,031.50 |
| Adam Z. Hollerbach | Director | 695 | 223.0 | 194.0 | 63.3 | 2.4 | 482.7 | 335,476.50 |
| Kurt H Wessel | Vice President | 510 | 5.5 | 66.5 | - | - | 72.0 | 36,720.00 |
| Kim K. Chisholm | Vice President | 510 | 47.9 | 104.7 | 23.5 | - | 176.1 | 89,811.00 |
| Tom D. Pesch | Associate | 350 | 48.7 | 72.7 | 4.8 | - | 126.2 | 44,170.00 |
| | | | 487.4 | 871.4 | 252.9 | 5.2 | | |
| | | | | | | **Sub-Total** | **1,665.6** | **1,131,426.00** |
| | | | | | | **Less: 50% Travel** | | **(12,590.50)** |
| | | | | | | **Total** | **1,665.6** | **$1,118,835.50** |

*Reflects discount to actual 2015 billing rates of $1,045, in accordance with cap arrangement in Engagement Letter

**Although this individual billed less than 5 hours for the 4th Interim period, he/she is not a "transitory timekeeper,"

**SUMMARY OF ACTUAL AND NECESSARY EXPENSES INCURRED BY
ALIXPARTNERS LLP ON BEHALF OF THE COMMITTEE FOR THE
COMPENSATION PERIOD
SEPTEMBER 1, 2015 THROUGH DECEMBER 31, 2015**

| Expense Categories | September-15 | October-15 | November-15 | December-15 | TOTAL |
|---|---|---|---|---|---|
| Coach Airfare | $0.00 | $3,724.14 | $1,370.27 | - | $5,094.41 |
| Cab Fare / Ground Transportation | - | 955.09 | 567.00 | 317.35 | 1,839.44 |
| Lodging | - | 500.00 | 2,168.69 | - | 2,668.69 |
| Meals & Tips | - | 686.26 | 248.36 | 438.74 | 1,373.36 |
| Parking & Tolls | - | 25.00 | - | - | 25.00 |
| Sub-Contractors | 4,653.00 | 43,213.50 | - | 47,025.00 | 94,891.50 |
| Less sub-contractor correction | (4,870.80) | | | | (4,870.80) |
| Total Expenses | (217.80) | $49,103.99 | $4,354.32 | $47,781.09 | $101,021.60 |
| | | | | | |

5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[4] | ) | Case No. 14-10979 (CSS) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Objection Deadline: May 30, 2016 at 4:00 p.m. |

### FOURTH INTERIM FEE APPLICATION OF ALIXPARTNERS, LLP
### SEEKING COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS RESTRUCTURING ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORPORATION, ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC, EFIH FINANCE INC., AND EECI, INC.
### FOR THE PERIOD FROM SEPTEMBER 1, 2015 THROUGH DECEMBER 31, 2015

Pursuant to sections 328 and 1103 of title 11 of the United States Code, and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* entered on September 16, 2014 [Docket No. 2066] (the "***Interim Compensation Order***"), and the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896] (the "***Fee Committee Order***"), AlixPartners, LLP ("***AlixPartners***"), Restructuring Advisor to the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance Inc., and EECI, Inc. (the "***Committee***") in the above-captioned chapter 11 matter, hereby files its fourth interim fee application (the "***Fee Application***") seeking compensation for services rendered and reimbursement of expenses incurred during the period of September 1, 2015 through December 31, 2015 (the "***Application***

---

[4] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Period*"). Specifically, AlixPartners seeks approval of $1,118,835.50 (representing 100% of fees earned) and $101,021.60 in expenses incurred during the Application Period, for a total of $1,219,857.10 payable. In support of its Fee Application, AlixPartners respectfully represents as follows:

## BACKGROUND

1.      On April 29, 2014 (the "***Petition Date***"), the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court, District of Delaware (the "***Chapter 11 Cases***").

2.      On October 27, 2014, the Office of the United States Trustee for the District of Delaware (the "***U.S. Trustee***") pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of unsecured creditors[5] in these Chapter 11 Cases pursuant to section 1102(a)(1) of the bankruptcy Code [Docket No. 2570]. The U.S. Trustee selected the following five parties to serve as members of the Committee: (i) Mark B. Landon; (ii) Brown & Zhou, LLC, c/o Belleair Aviation, LLC (attn.: Mabel Brown); (iii) Peter Tinkham; (iv) Shirley Fenicle, as successor-in-interest to the Estate of George Fenicle, c/o Kazan, McClain, Satterley & Greenwood, PLC, (attn.: Steven Kazan); (v) David William Fahy, c/o Early, Lucarelli, Sweeney & Meisenkothen, LLC (attn.: Ethan Early).

3.      On January 12, 2015, the Court entered an Order Authorizing the Committee to Employ and Retain AlixPartners as its Restructuring Advisor *Nunc Pro Tunc* to November 20, 2014 (the "***Retention Order***") [Docket No. 3242] in accordance with the terms and conditions of AlixPartners' Engagement Letter with the Committee (as referenced and defined in the Retention Order).

---

[5]      Composed of Energy Future Holdings Corp.; Energy Future Intermediate Holding Company, LLC; EFIH Finance, Inc., and EECI, Inc., this committee represents the interests of the unsecured creditor of the aforementioned debtors and no others.

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### Summary of Monthly Statements

5.      Pursuant to the Engagement Letter, as approved and amended by the terms of the Retention Order, AlixPartners is entitled to compensation for fees earned and reimbursement of expenses incurred in its role advising the Committee during the pendency of the Debtors' Chapter 11 Cases.

6.      This Fee Application and the description of services set forth herein are in compliance with the requirements of Del.Bankr.L.R. 2016-2, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustee. A true and correct copy of the Certification of Alan D. Holtz is attached hereto as **Exhibit 1.**

7.      AlixPartners seeks allowance pursuant to the Interim Compensation Order with respect to the sum of $1,118,835.50 as compensation for services rendered and $101,021.60 for reimbursement of actual and necessary expenses, a total of $1,219,857.10 for the Application Period.

8.      All services for which compensation is requested by AlixPartners in this Fee Application were performed for or on behalf of the Committee. There is no agreement or understanding between AlixPartners and any other person for the sharing of compensation to be received for services rendered in these cases.

9.      Annexed hereto as **Exhibit 2** is a schedule setting forth all AlixPartners professionals who performed services in these chapter 11 cases during the Application Period, the capacities in which such individuals are employed by AlixPartners, the hourly billing rates

charged by AlixPartners for services performed by such individuals, and the aggregate number of hours expended and fees billed.

10.      Annexed hereto as **Exhibit 3** is a schedule specifying the categories of expenses for which AlixPartners seeks reimbursement and the total amount for each expense category. Annexed hereto as **Exhibit 3-A** is a detailed schedule of all of the expenses incurred during the Application Period. Annexed hereto as **Exhibit 3-B** are copies of any and all necessary receipts as required by the Fee Committee.

11.      Annexed hereto as **Exhibit 4** is a summary of AlixPartners time billed during the Application Period, broken down by project categories, as further described herein[6].

12.      Annexed hereto as **Exhibit 5** is AlixPartners' time detail for the Application Period.

13.      On or about January 26, 2015, AlixPartners submitted its first monthly statement seeking allowance of compensation for services rendered in the amount of $70,696.00 and reimbursement of expenses in the amount of $361.81 for the period from November 20, 2014 through November 30, 2014. AlixPartners has received payment in full with respect to this fee period.

14.      On or about February 5, 2015, AlixPartners submitted its second monthly statement seeking allowance of compensation for services rendered in the amount of $308,412.50 and reimbursement of expenses in the amount of $35,784.90 for the period from December 1, 2014 through December 31, 2014. AlixPartners received payment in full with respect to this fee period.

---

[6]      AlixPartners may determine, from time to time, to augment its professional staff with independent contractors (each an "Independent Contractor") in these chapter 11 cases. AlixPartners' standard practice in chapter 11 cases is to charge for an Independent Contractor's services at the rate equal to the compensation provided by AlixPartners to such Independent Contractor. Such charges are included herein as a reimbursable expense.

15.    On or about February 17, 2015, AlixPartners submitted its first interim fee application seeking allowance of compensation for services rendered in the amount of $379,108.50 and reimbursement of expenses in the amount of $36,146.71 for the period from November 20, 2014 through December 31, 2014. AlixPartners agreed to certain voluntary reductions in fees and expense reimbursement sought and received payment in the amount of $392,635.10 for this fee period.

16.    On or about February 26, 2015, AlixPartners submitted its third monthly statement seeking allowance of compensation for services rendered in the amount of $410,600.75 and reimbursement of expenses in the amount of $38,637.84 for the period from January 1, 2015 through January 31, 2015. AlixPartners received $367,118.44 with respect to this fee period.

17.    On or about March 24, 2015, AlixPartners submitted its fourth monthly statement seeking allowance of compensation for services rendered in the amount of $337,222.75 and reimbursement of expenses in the amount of $17,005.72 for the period from February 1, 2015 through February 28, 2015. AlixPartners received $286,783.92 with respect to this fee period.

18.    On or about April 22, 2015, AlixPartners submitted its fifth monthly statement seeking allowance of compensation for services rendered in the amount of $274,643.25 and reimbursement of expenses in the amount of $46,858.60 for the period from March 1, 2015 through March 31, 2015. AlixPartners received $266,573.20 with respect to this fee period.

19.    On or about May 22, 2015, AlixPartners submitted its sixth monthly statement seeking allowance of compensation for services rendered in the amount of $234,922.00 and reimbursement of expenses in the amount of $76,095.56 for the period from April 1, 2015 through April 30, 2015. AlixPartners received $264,033.16 with respect to this fee period.

20.     On or about June 22, 2015, AlixPartners submitted its seventh monthly statement seeking allowance of compensation for services rendered in the amount of $75,366.00 and reimbursement of expenses in the amount of $35,486.96 for the period of May 1, 2015 through May 31, 2015.  AlixPartners received $95,779.76 with respect to this fee period.

21.     On or about June 15, 2015, AlixPartners submitted its second interim fee application seeking allowance of compensation for services rendered in the amount of $1,257,388.75 and reimbursement of expenses in the amount of $178,597.72 for the period from January 1, 2015 through April 30, 2015. AlixPartners agreed to certain voluntary reductions in fees and expense reimbursement sought and to-date has received $1,184,508.72 with respect to this fee period.

22.     On or about July 21, 2015, AlixPartners submitted its eighth monthly statement seeking allowance of compensation for services rendered in the amount of $69,462.00 and reimbursement of expenses in the amount of $8.41 for the period from June 1, 2015 through June 30, 2015.  AlixPartners received $55,569.58 with respect to this fee period.

23.     On or about August 24, 2015, AlixPartners submitted its ninth monthly statement seeking allowance of compensation for services rendered in the amount of $61,433.00 and reimbursement of expenses in the amount of $29,225.85 for the period of July 1, 2015 through July 31, 2015.   AlixPartners received $78,372.25 with respect to this fee period.

24.     On or about September 25, 2015, AlixPartners submitted its tenth monthly statement seeking allowance of compensation for services rendered in the amount of $217,347.25 and reimbursement of expenses in the amount of $11,607.87 for the period of August 1, 2015 through August 31, 2015. AlixPartners received $185,485.67 with respect to this fee period.

25.    On or about October 15, 2015, AlixPartners submitted its third Interim Fee Application seeking allowance of compensation for services rendered in the amount of $423,608.25 and reimbursement of expenses in the amount of $76,329.09 for the period from May 1, 2015 through August 31, 2015. AlixPartners has received $415,215.69 with respect to this fee period, and no formal objection has been filed to-date.

26.    On or about October 21, 2015, AlixPartners submitted its eleventh monthly statement seeking allowance of compensation for services rendered in the amount of $360,246.00 and reimbursement of expenses in the amount of $-217.80 for the period of September 1, 2015 through September 30, 2015. AlixPartners received $287,979.00 with respect to this fee period.

27.    On or about November 30, 2015, AlixPartners submitted its twelfth monthly statement seeking allowance of compensation for services rendered in the amount of $576,049.50 and reimbursement of expenses in the amount of $49,103.99 for the period of October 1, 2015 through October 31, 2015.  AlixPartners received $509,943.59 with respect to this fee period.

28.    On or about January 19, 2016, AlixPartners submitted its thirteenth monthly statement seeking allowance of compensation for services rendered in the amount of $178,044.00 and reimbursement of expenses in the amount of $4,354.32 for the period of November 1, 2015 through November 30, 2015.  No payments have been received with regard to this monthly statement.

29.    On or about February 3, 2016, AlixPartners submitted its fourteenth monthly statement seeking allowance of compensation for services rendered in the amount of $4,496.00 and reimbursement of expenses in the amount of $47,781.09 for the period of December 1, 2015

through December 31, 2015.  Any objections to the fourteenth monthly statement are due by February 24, 2016; no payments have been received with regard to this monthly statement.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

30.     During the Application Period, AlixPartners provided complex and intricate services to the Committee. All services for which compensation is requested by AlixPartners were performed for or on behalf of the Committee.

31.     Services provided to the Committee for the Application Period include, but are not limited to the following:

## A.  TAX ISSUES

32.     During the Application Period, AlixPartners' services performed in connection with this category relate to the investigation and analysis of the Debtors' tax position, tax attributes (assets and liabilities), and other tax issues that impact recoveries to unsecured creditors and have implications on potential transactions associated with reorganization. Potential tax liabilities are at the very heart of this reorganization, and could swing intercompany recoveries (i.e., amounts payable to/from "E-side" and "T-side") by hundreds of millions of dollars and aggregate recoveries by billions of dollars. AlixPartners seeks compensation for 7.2 hours of reasonable and necessary professional fees incurred for Tax Issues in the total amount of $5,823.00, plus $90,020.70 [7] of subcontractor expense reimbursement related to tax issues for subcontractor hours worked.

## B.  CLAIMS ANALYSIS

33.     During the Application Period, AlixPartners' services performed in connection with this category relate to review of the claims reconciliation process and contract

---

[7]     Amount is net ($4,870.80) the July 2015 sub-contractor billing error.

rejections/assumptions. AlixPartners' work in this area involved the assessment of claims and the claims evaluation/reconciliation process, and was critical to the Committee because of the impact that the ultimate claim amounts have on unsecured creditor recoveries. AlixPartners seeks compensation for 59.6 hours of reasonable and necessary professional fees incurred for Claims Analysis in the total amount of $42,146.50.

### C. **MISCELLANEOUS MOTIONS**

34.     During the Application Period, AlixPartners' services performed in connection with this category relate to review and analysis of various miscellaneous court filings not attributable to a different work stream, including contract assumption and rejections, and settlement with pre-petition vendors. AlixPartners seeks compensation for 2.6 hours of reasonable and necessary professional fees incurred for Miscellaneous Motions in the total amount of $1,887.00.

### D. **POTENTIAL LITIGATION: SOLVENCY/VALUATION AND OTHER**

35.     During the Application Period, AlixPartners' services performed with respect to the Debtors' Motion to Approve a Settlement of Litigation Claims and Authorize the Debtors to enter into and perform under the Settlement Agreement.  This included analysis of the motion and supporting affidavit, and evaluation of the various potential claims and defenses asserted. Further, the work included in this category relates to the UCC's objection to this Motion and to potential related causes of action.  AlixPartners' role was to advise with respect to same and to act as expert witness on SG&A Expense allocation and damages, amongst other subjects. AlixPartners was going to be one of only a few key witnesses on behalf of the UCC during the confirmation hearings, and its testimony would have been extremely important with respect to the outcome of these cases and recoveries to E-Side unsecured creditors. On the eve of the testimony, a settlement was reached between the parties, and AlixPartners did not need to

testify. It is our belief that the development of a strong case on behalf of our clients' interest was an important factor in reaching a settlement and avoiding a much more expensive and risky litigated outcome. AlixPartners seeks compensation for 602.6 hours of reasonable and necessary professional fees incurred for Potential Litigation matters in the total amount of $423,049.50.

## E.  POTENTIAL LITIGATION: SOLVENCY/VALUATION

36.    During the Application Period, AlixPartners' services performed with respect to the Debtors' Motion to Approve a Settlement of Litigation Claims and Authorize the Debtors to enter into and perform under the Settlement Agreement.  This included analysis of the motion itself and the supporting affidavit and evaluation of the various potential claims and defenses asserted.  Further, the work included in this category relates to the UCC's objection to this Motion and to potential related causes of action.  AlixPartners' role was to advise with respect to same and to act as expert witness on solvency, valuation issues, and damages, which were the underpinnings of other causes of action. AlixPartners was going to be one of only a few key witnesses on behalf of the UCC during the confirmation hearings, and its testimony would have been extremely important with respect to the outcome of these cases and recoveries to E-Side unsecured creditors. On the eve of the testimony, a settlement was reached between the parties, and AlixPartners did not need to testify. It is our belief that the development of a strong case on behalf of our clients' interest was an important factor in reaching a settlement and avoiding a much more expensive and risky litigated outcome.  AlixPartners seeks compensation for 891.3 hours of reasonable and necessary professional fees incurred for Potential Litigation: Solvency/Valuation in the total amount of $579,746.50.

## F.  UCC MEETINGS

37.    During the Application Period, AlixPartners prepared for and attended telephonic and in-person meetings with the UCC. AlixPartners' participation in these meetings was

important because AlixPartners' personnel shared information and advice based on the work it performed for the UCC, gained the insights of work performed by other UCC professionals, and participated in strategic discussions with the UCC. AlixPartners seeks compensation for 26.4 hours of reasonable and necessary professional fees incurred for participation in UCC Meetings in the total amount of $23,010.00.

## G. FEE APPLICATIONS AND RETENTION

38.     During the Application Period, AlixPartners' services performed in connection with this category relate to preparation and review of various documents and schedules to facilitate retention related issues, monthly billing statements, and fee applications. AlixPartners seeks compensation for 42.1 hours of reasonable and necessary professional fees incurred for Fee Applications and Retention in the total amount of $30,582.50.

## H. NON-WORKING TRAVEL

39.     During the Application Period, AlixPartners' services performed in connection with this category relate to travel to and from in-person meetings related to these Chapter 11 Cases during which AlixPartners professionals were not conducting otherwise chargeable work. AlixPartners seeks compensation for 33.8 hours of reasonable and necessary professional fees incurred for Non-Working Travel in the total amount of $25,181.00, discounted by 50%, or $12,590.50.

## STATEMENT OF ALIXPARTNERS

40.     The foregoing professional services performed by AlixPartners were appropriate and necessary to the effective administration of these Chapter 11 Cases. They were in the best interests of creditors, the Debtors' estate, and other parties-in-interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the issues involved. Professional services rendered by AlixPartners were performed in an

appropriately expeditious and efficient manner. In addition, AlixPartners has made every effort to minimize its expense disbursements in these Chapter 11 Cases. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Committee.

41.    These Chapter 11 cases are large and complicated, made especially difficult because of the fundamental conflict of interest between "E-Side" and "T-Side" creditors, and the need for any fair plan to strike a balance between their competing interests.

42.    The three most important issues that will affect ultimate recoveries for E-Side unsecured creditors are: (1) the realized value of the assets from which E-Side claims will derive a recovery, (2) the size of the E-Side unsecured claims pool, and (3) the magnitude of intercompany claims between the two sides. The majority of the work performed by AlixPartners during the Application Period (including Tax Issues, Claims Analysis and Potential Litigation) was related to the third of these – intercompany claims. To put the size of this issue in perspective, one need only compare the intercompany settlement in the Debtors' proposed plan of reorganization – $700 million – to the amount that had been approved by EFH at the commencement of the case: $0. Hundreds of millions of dollars are at stake in these Chapter 11 Cases, and the important work performed by AlixPartners with respect thereto on behalf of the Committee and all "E-side" unsecured creditors during the Application Period was reasonable, necessary, and of great value.

**THE REQUESTED COMPENSATION SHOULD BE ALLOWED**

43.    The services for which AlixPartners seeks compensation in this Fee Application were, at the time rendered, necessary for, beneficial to, and in the best interests of, the Committee and the Debtors' estates. During the Application Period, AlixPartners worked diligently to maximize the value of the Debtors' estates for the benefit of all unsecured

17

creditors. The services rendered by AlixPartners were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by AlixPartners is fair and reasonable given (a) the complexity of these Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, and (d) the value of such services.

### RELIEF REQUESTED

44.    At the time of this Fee Application, AlixPartners has received payments (80% of approved amount of fees and 100% of expenses) on account for the Monthly Fee Statements of September and October, 2015 in the aggregate amount of $797,922.59. At the time of the filing of this Fee Application, AlixPartners has not received any payment with respect to the November and December 2015 Monthly Fee Statements. Therefore, and pursuant to the Administrative Order, AlixPartners hereby requests payment of the remaining 20% for the monthly fee statement periods of September and October 2015 in the amount of $187,259.10 and 100% of its fees earned and expenses incurred during November and December 2015 statement periods in the amount of $234,675.41, for a grand total of $421,934.51 [8]. In accordance with the Administrative Order, notice of this Fee Application has been given to the Notice Parties identified in paragraph 2 (a) of the Administrative Order. Because of the nature of the relief requested, such notice is sufficient and that no further notice of the relief requested in the Fee Application need be provided.

---

[8]    The fees and expenses of AlixPartners are for the benefit of the EFH Committee and fees and expenses are allocated evenly between Energy Future Holdings Corp. and Energy Future Intermediate Holdings Company LLC.

## NO PRIOR REQUEST

45.     No prior application for the relief requested herein has been made to this or any other Court.

## RESERVATION OF RIGHTS AND NOTICE

46.     Although every effort has been made to include all fees and expenses incurred in the Application Period, some fees and expenses might not be included in this Interim Fee Application due to delays caused by accounting and processing during the Application Period. AlixPartners reserves the right to make further application to this Court for allowance of such fees and expenses not included herein.

WHEREFORE, AlixPartners respectfully requests (i) that this Court enter an order awarding payment of 100% of compensation for professional services rendered in the amount of $1,118,835.50 and reimbursement for expenses incurred in the amount of $101,021.60, for a total of $1,219,857.10, and (ii) that this Court grant AlixPartners such other and further relief as is just.


Dated: New York, NY
February 16, 2016                            ALIXPARTNERS, LLP

                                             */s/Alan D. Holtz*
                                             Alan D. Holtz
                                             Managing Director
                                             AlixPartners, LLP