IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors.<br><br>―――――――――――――――<br><br>DELAWARE TRUST COMPANY as INDENTURE TRUSTEE,<br><br>Appellant,<br><br>v.<br><br>ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC, *et al.*,<br><br>Appellee. | Civil Action No. 15-620 RGA |

MEMORANDUM ORDER

Pursuant to 28 U.S.C. § 158(a), Appellant Delaware Trust Company ("Trustee")[1] appeals two orders of the United States Bankruptcy Court for the District of Delaware. (D.I. 1-1, 1-3). The appeal is fully briefed. (D.I. 38, 47, 50). Trustee raises three issues on appeal. (D.I. 38 at 16–18). The Court held oral argument on February 9, 2016, at the conclusion of which it ruled on the record in favor of Appellee ("EFIH") as to the first and third issues raised in Trustee's briefing. (D.I. 56). Presently, I solely address the second issue raised by Trustee.[2] As it concerns a matter of law, I review this issue *de novo*. *See In re Makowa*, 754 F.3d 143, 147 (3d Cir. 2014).

---

[1] Trustee is the indenture trustee for the Noteholders of a series of First Lien Notes issued by EFIH, pursuant to an Indenture dated August 17, 2010. (D.I. 1-2 at 1).

[2] Trustee frames this issue as: "Whether the bankruptcy court erred in holding that, although the noteholders had the right under the indenture to rescind acceleration and be paid the make-whole, that right was stayed under the automatic stay, 11 U.S.C. § 362, and that as a result, the noteholders' claim for the make-whole (or for damages for frustration of the right to rescind) was not allowable under the Bankruptcy Code's claims-allowance provision, *id.* § 502(b)(1)." (D.I. 38 at 17).

1

Section 6.02 of the Indenture governing the relationship between EFIH and the Noteholders, which addresses acceleration, has three paragraphs. (D.I. 42 at p. A755). The first paragraph provides Noteholders the option to accelerate the outstanding principal and interest of the Notes if there is a default, other than defaults related to Bankruptcy. (*Id.*). The second paragraph provides for the automatic acceleration of the Notes if the issuer pursues a bankruptcy filing. (*Id.*). The third paragraph, however, provides the Noteholders the right to "rescind any acceleration with respect to the Notes and its consequences . . . ." (*Id.*).

Trustee argues that the Bankruptcy Court erred by not allowing it to pursue its contractual right to rescind acceleration within the Bankruptcy proceeding, because "[t]he automatic stay operates only as a procedural stay of debt-collection outside the bankruptcy court; it does not disallow in the bankruptcy case the substantive claim to which the noteholders were entitled under state law by virtue of their contractual right to rescind acceleration." (D.I. 38 at 45–46). Trustee relies on the Third Circuit's unpublished decision in *In re Stephan*, 588 F. App'x 143 (3d Cir. 2014), as purportedly standing for the proposition that "if a creditor has a claim that would be valid under state law if it could exercise a right that the automatic stay prevents it from exercising—whatever that right—its claim must be allowed in bankruptcy under the express terms of [11 U.S.C.] § 502(b)(1)." (*Id.* at 51). In the alternative, Trustee argues that it should at least be able to pursue a damages claim for breach of its contractual right to rescind acceleration under the Indenture. (*Id.* at 52–53).

The Bankruptcy Court noted that "secured claims are not allowed for breach of contract damages unless those damages are specifically provided for in the Indenture." (D.I. 1-4 at 31, ¶ 87). It further explained that "[t]he Indenture here does not provide for any fee, cost, or charge for breach of the purported right to rescind. The Trustee merely asserts a vague claim for

2

damages arising out of its inability to decelerate the Notes." (*Id.* at 31, ¶ 86). Accordingly, the Bankruptcy Court held that "[t]he damages sought for the asserted breach of the alleged right to rescind . . . cannot therefore be allowed as a secured claim." (*Id.* at 31, ¶ 87).

I do not think the Bankruptcy Court committed legal error by not allowing Trustee to pursue its contractual right to rescind. To the extent Trustee argues that it should be able to actually rescind the acceleration within the Bankruptcy proceeding, rendering it able to pursue the make whole amount under § 3.07 of the Indenture, its arguments appear to be little more than an effort to evade clear precedent that a bankruptcy stay prevents specific enforcement of such contractual rights. *See, e.g., In re AMR Corp.*, 730 F.3d 88, 102 (2d Cir. 2013) ("[T]he bankruptcy court did not err in concluding that any attempt to [rescind acceleration] would be an attempt to modify contract rights and would therefore be subject to the automatic stay . . . ."); *In re Chemtura Corp.*, 439 B.R. 561, 604 (Bankr. S.D.N.Y. 2010) ("[T]he notion of specific performance is generally repugnant to bankruptcy policy . . . .").

To the extent Trustee seeks to pursue a claim for damages for breach of its rescission right, the analysis is two-fold. First, the Bankruptcy Court correctly concluded that the Indenture did not expressly provide for damages for breach of the right to rescission, thereby disallowing a secured claim for damages. *See* 11 U.S.C. § 506(b); *In re Calpine Corp.*, 365 B.R. 392, 398–99 (Bankr. S.D.N.Y. 2007) ("Absent a provision in the underlying agreement authorizing the payment of fees, costs or charges, the secured party is prohibited from incorporating such amounts into its allowed secured claim."). While some Bankruptcy Courts have allowed parties to pursue unsecured claims for damages for breach of no-call provisions in Indentures,[3] I find

---

[3] *See In re Premier Entm't Biloxi LLC*, 445 B.R. 582, 636 (Bankr. S.D. Miss. 2010) ("[T]he unavailability of specific performance as a remedy and the lack of a stipulated liquidated damages provision in the Indenture do not prohibit the allowance of an award of expectation damages to the Claimants as an alternative remedy for breach of the No–Call Provision, as an unsecured claim."); *In re Calpine Corp.*, 365 B.R. 392, 399 (Bankr. S.D.N.Y. 2007)

3

more persuasive the district court decisions that have disallowed this type of maneuver. *See In re MPM Silicones, LLC*, 531 B.R. 321, 338 n.13 (S.D.N.Y. 2015) ("[T]he automatic stay—and not the debtors—prevented the Senior Lien Appellants from exercising their right to rescind. The Court is not convinced such a circumstance can lead to liability for breach of contract on the part of the Debtors."); *HSBC Bank USA, Nat'l Ass'n v. Calpine Corp.*, 2010 WL 3835200, at *5 (S.D.N.Y. Sept. 15, 2010) (holding that noteholders' claim for expectation damages for breach of no-call provision was barred by the prohibition against claims for unmatured interest contained in section 502(b)(2) of the Bankruptcy Code). In fact, the district court's decision in *Calpine* specifically rejected arguments similar to those advanced by Trustee here. *See Calpine*, 2010 WL 3835200, at *5–7. Accordingly, I conclude that the Bankruptcy Court did not err by holding that the Noteholders' contractual right to rescission was subject to the automatic stay and did not otherwise provide grounds for a damages claim.

For the reasons stated herein, and in open court during oral argument, the orders of the Bankruptcy Court are **AFFIRMED**.

It is SO ORDERED this 16 day of February, 2016.

*[signature]*
United States District Judge

---

("[W]hile the agreements do not provide a premium or liquidated damages for repayment during the period the Debtors propose, the CalGen Secured Lenders still have an unsecured claim for damages for the Debtors' breach of the [no-call provisions in the] agreements.").