# **<u>Exhibit A</u>**

**Gidiere Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF P. STEPHEN GIDIERE III IN SUPPORT OF THE FOURTH INTERIM FEE APPLICATION OF BALCH & BINGHAM LLP, SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM SEPTEMBER 1, 2015 THROUGH AND INCLUDING DECEMBER 31, 2015**

1. I am a partner in the law firm of BALCH & BINGHAM LLP ("Balch"), located 1901 Sixth Avenue N, Suite 1500, Birmingham, AL 35203. I am the lead attorney from Balch working on the various matters as authorized by the Retention Order.[2] I am a member in good standing of the bars of the states of Alabama and Texas. There are no disciplinary proceedings pending against me.

2. I have personally performed many of the legal services rendered by Balch as special counsel to the Debtors for certain environmental-related matters and am familiar with all other work performed on behalf of the Debtors by the lawyers and other persons in the firm.

3. I have reviewed the foregoing Fee Application and the facts set forth therein are true and correct to the best of my knowledge, information, and belief.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Monthly Fee Statement filed herewith.

4. I have reviewed Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware and believe that the Monthly Fee Statement for Balch complies with Rule 2016-2, as augmented by the Interim Compensation Order and the Fee Committee Order.

5. In connection therewith, I hereby certify that:

   (a) to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions, except as specifically set forth herein;

   (b) except to the extent disclosed in the Fee Application, the fees and disbursements sought in the Fee Application are billed at or below rates customarily employed by Balch and generally accepted by Balch' clients;

   (c) in providing a reimbursable expense, Balch does not make a profit on the expense, whether the service is performed by Balch in-house or through a third-party;

   (d) in accordance with Rule 2016(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 504, (i) all compensation paid or promised to Balch in connection with the above cases is accounted for in the Fee Application, (ii) to the best of my knowledge, Debtors are the source of such compensation, and (iii) no agreement or understanding exists between Balch and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules; and

   (e) all services for which compensation is sought were professional services on behalf of the Debtors and not on behalf of any other person.

6. I hereby respond to the questions set forth in Section C.5. of the U.S. Trustee Guidelines as follows:

   (a) Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

   Response: No.

(b) If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the clients?

Response:  The fees sought in this application are less than the fees budgeted for the time period covered by this application.  We confer with the client regarding each month's budget.

(c) Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:  No.

(d) Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?  (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees.

Response:  No.

(e) Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

Response:  We estimate that the time spent reviewing and redacting invoices for privilege and confidential information as requested by the Debtors constitutes approximately 5% of the total fees for matter 021 (Bankruptcy Application and Retention).

(f) If the fee application includes any rate increases since retention:

  (i) Did your client review and approve those rate increases in advance

  Response:  Yes

  (ii) Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

  Response:  All rate increases were communicated and proposed to the client in advance, were reasonable, and were agreed to by the client.

7. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

/s/ P. Stephen Gidiere III
P. Stephen Gidiere III
as Partner of BALCH & BINGHAM LLP

4