```
 1   UNITED STATES BANKRUPTCY COURT
 2   DISTRICT OF DELAWARE
 3
 4   In re:                      :
                                 :    Chapter 11
 5   ENERGY FUTURE HOLDINGS       :
     CORP.,  et al.,             :    Case No. 14-10979(CSS)
 6                                :
             Debtors.            :    (Jointly Administered)
 7   _____:
                                 :
 8   MARATHON ASSET              :
     MANAGEMENT, LP;             :
 9   POLYGON CONVERTIBLE         :
     OPPORTUNITY MASTER          :
10   FUND; And POLYGON           :
     DISTRESSED OPPORTUNITIES :
11   MASTER FUND                 :
                                 :
12           Plaintiffs,         :    Adv. Pro No. 15-51917 (CSS)
                                 :
13       -against-               :
                                 :
14   WILMINGTON TRUST, N.A.,     :
     as First LienCollateral     :
15   Agent and First Lien        :
     Administrative Agent;       :
16   ANGELO GORDON& CO., LP;     :
     APOLLO ADVISORS VII,        :
17   L.P.;BROOKFIELD ASSET       :
     MANAGEMENT PRIVATE          :
18   INSTITUTIONAL CAPITAL       :
     ADVISOR (CANADA), L.P.;     :
19   and JOHN DOE #1 through      :
     JOHN DOE #10,               :
20                                :
             Defendants.         :
21   _____:
22
23
24
25
```

1          United States Bankruptcy Court

2          824 North Market Street

3          Wilmington, Delaware

4          February 18, 2016

5          11:05 AM - 11:20 AM

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21   B E F O R E :

22   HON CHRISTOPHER S. SONTCHI

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO OPERATOR:   LESLIE MURIN

1    HEARING re Debtors' First Omnibus (Non-Substantive)

2    Objection to (Amended and Superseded, Exact Duplicate, and

3    Insufficient Documentation) Claims Pursuant to Section

4    502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003,

5    and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2808; filed

6    November 18, 2014]

7

8    HEARING re Debtors' Third Omnibus (Non-Substantive)

9    Objection to (No Supporting Documentation) Customer Claims

10   Pursuant to Section 502(b) of the Bankruptcy Code,

11   Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy

12   Rule 3007-1 [D.I. 2992; filed December 12, 2014]

13

14   HEARING re Debtors' Fourth Omnibus (Substantive) Objection

15   to Certain Substantive Duplicate and No Liability Claims

16   Pursuant to Section 502(b) of the Bankruptcy Code,

17   Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy

18   Rule 3007-1 [D.I. 2994; filed December 12, 2014]

19

20   HEARING re Debtors' Sixth Omnibus (Non-Substantive)

21   Objection to (Insufficient Documentation) Claims Pursuant to

22   Section 502(b) of the Bankruptcy Code, Bankruptcy Rules

23   3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I.

24   3212; filed January 9, 2015]

25

1    HEARING re Debtors' Seventh Omnibus (Substantive) Objection

2    to Certain No Liability Claims Pursuant to Section 502(b) of

3    the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007,

4    and Local Bankruptcy Rule 3007-1 [D.I. 3218; filed January

5    9, 2015]

6

7    HEARING re Debtors' Eighth Omnibus (Non-Substantive)

8    Objection to (Insufficient Documentation) Claims Pursuant to

9    Section 502(b) of the Bankruptcy Code, Bankruptcy Rules

10   3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I.

11   3381; filed January 27, 2015]

12

13   HEARING re Debtors' Tenth Omnibus (Substantive) Objection to

14   (Certain No Liability) Claims Pursuant to Section 502(b) of

15   the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007,

16   and Local Bankruptcy Rule 3007-1 [D.I. 3473; filed February

17   6, 2015]

18

19   HEARING re Debtors' Twelfth Omnibus (Non-Substantive)

20   Objection to (Insufficient Documentation) Claims Pursuant to

21   Section 502(b) of the Bankruptcy Code, Bankruptcy Rules

22   3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I.

23   3896; filed March 13, 2015]

24

25   HEARING re Debtors' Thirteenth Omnibus (Non-Substantive)

1    Objection to (Insufficient Documentation) Claims Pursuant to

2    Section 502(b) of the Bankruptcy Code, Bankruptcy Rules

3    3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I.

4    4003; filed March 27, 2015]

5

6    HEARING re Debtors' Fifteenth Omnibus (Non-Substantive)

7    Objection to (Insufficient Documentation) Claims Pursuant to

8    Section 502(b) of the Bankruptcy Code, Bankruptcy Rules

9    3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I.

10   4052; filed April 2, 2015]

11

12   HEARING re Debtors' Sixteenth Omnibus (Non-Substantive)

13   Objection to (Insufficient Documentation, Amended, and Wrong

14   Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy

15   Code, Bankruptcy Rules 3001, 3003, and 3007, and Local

16   Bankruptcy Rule 3007-1 [D.I. 4782; filed June 16, 2015]

17

18   HEARING re Debtors' Seventeenth Omnibus (Substantive)

19   Objection to (Substantive Duplicate, No Liability, and No

20   Claim Asserted) Claims Pursuant to Section 502(b) of the

21   Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and

22   Local Bankruptcy Rule 3007-1 [D.I. 4784; filed June 16,

23   2015]

24

25   HEARING re Debtors' Eighteenth Omnibus (Substantive)

1    Objection to Certain Improperly Asserted Claims Pursuant to

2    Section 502(b) of the Bankruptcy Code, Bankruptcy Rules

3    3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I.

4    4786; filed June 16, 2015]

5

6    HEARING re Debtors' Nineteenth Omnibus (Non-Substantive)

7    Objection to (Insufficient Documentation, Amended, and Wrong

8    Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy

9    Code, Bankruptcy Rules 3001, 3003, and 3007, and Local

10   Bankruptcy Rule 3007-1 [D.I. 4970; filed July 10, 2015]

11

12   HEARING re Debtors' Twentieth Omnibus (Substantive)

13   Objection to (Substantive Duplicate and No Liability) Claims

14   Pursuant to Section 502(b) of the Bankruptcy Code,

15   Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy

16   Rule 3007-1 [D.I. 4972; filed July 10, 2015]

17

18   HEARING re Debtors' Twenty-First Omnibus (Substantive)

19   Objection to (Certain Improperly Asserted) Claims Pursuant

20   to Section 502(b) of the Bankruptcy Code, Bankruptcy

21   Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1

22   [D.I. 4974; filed July 10, 2015]

23

24   HEARING re Twenty-Second Omnibus (Non-Substantive) Objection

25   to Claims (Wrong Debtor) Pursuant to Section 502(b) of the

1    Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and

2    Local Bankruptcy Rule 3007-1 [D.I. 4976; filed July 10,

3    2015]

4

5    HEARING re Twenty-Third Omnibus (Substantive) Objection to

6    (Certain Improperly Asserted) Claims Pursuant to Section

7    502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003,

8    and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 4978; filed

9    July 10, 2015]

10

11   HEARING re Debtors' Twenty-Fifth Omnibus (Substantive)

12   Objection to (Substantive Duplicate and No Liability) Claims

13   Pursuant to Section 502(b) of the Bankruptcy Code,

14   Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy

15   Rule 3007- 1 [D.I. 5366; filed August 17, 2015]

16

17   HEARING re Debtors' Twenty-Sixth Omnibus (Substantive)

18   Objection to Certain Improperly Asserted Claims Pursuant to

19   Section 502(b) of the Bankruptcy Code, Bankruptcy

20   Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1

21   [D.I. 5369; filed August 17, 2015]

22

23   HEARING re Twenty-Seventh Omnibus (Non-Substantive)

24   Objection to Claims (Wrong Debtor) Pursuant to Section

25   502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003,

1   and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5371; filed

2   August 17, 2015]

3

4   HEARING re Twenty-Eighth Omnibus (Substantive) Objection to

5   (Certain Improperly Asserted) Claims Pursuant to Section

6   502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003,

7   and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5373; filed

8   August 17, 2015]

9

10  HEARING re Objection of Energy Future Holdings Corp. to

11  Proofs of Claim 6524-6733, 7477, 7478 and 7479 Filed by

12  American Stock Transfer & Trust Co. as Indenture Trustee for

13  EFH Legacy Notes [D.I. 6463; filed October 14, 2015]

14

15  HEARING re Debtors' Thirty-Third Omnibus (Substantive)

16  Objection to Substantive Duplicate and No Liability Claims

17  Pursuant to Section 502(b) of the Bankruptcy Code,

18  Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy

19  Rule 3007-1 [D.I. 6499; filed October 16, 2015]

20

21  HEARING re Debtors' Thirty-Fourth Omnibus (Substantive)

22  Objection to Certain Improperly Asserted Claims Pursuant to

23  Section 502(b) of the Bankruptcy Code, Bankruptcy Rules

24  3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I.

25  6505; filed October 16, 2015]

1    HEARING re Objection of Energy Future Holdings Corp., et

2    al., to Proofs of Claim 7475, 7480, 7481, and 6874-6943

3    Filed by American Stock Transfer & Trust Co. as Indenture

4    Trustee for EFH LBO Notes [D.I. 6596; filed October 23,

5    2015]

6

7    HEARING re Objection of Energy Future Holdings Corp., et

8    al., to Proofs of Claim 7476, 7482, and 6734-6873 Filed by

9    American Stock Transfer & Trust Co. as Indenture Trustee for

10   EFH Unexchanged Notes [D.I. 6599; filed October 23, 2015]

11

12   HEARING re Motion of Energy Future Holdings Corp., et al.,

13   for Entry of an Order Approving the Assumption of all

14   Executory Contracts by and Among Luminant Generation

15   Company LLC, Luminant Mining Company LLC, Sandow Power

16   Company LLC, Texas Competitive Electric Holdings Company

17   LLC, and Alcoa Inc. and Approving the Settlement Agreement

18   and Mutual Release in Connection Therewith [D.I. 7549; filed

19   January 4, 2016]

20

21   HEARING re Motion to Withdraw as Counsel to Kuk J. Stewart

22   [D.I. 7603; filed January 8, 2016]

23

24   HEARING re Motion of Energy Future Holdings Corp., et al.,

25   for Entry of an Order Granting a Limited Waiver of the 2016

1    Non-Proprietary Trading Order with Respect to Certain Non-

2    Proprietary Hedging and Trading Arrangements Subject to the

3    Debtors' Risk Management Guidelines [D.I. 7760; filed

4    January 28, 2016]

5

6    HEARING re Debtors' Motion for Entry of an Order (A)

7    Authorizing the TCEH Debtors to Enter into Certain Financing

8    Agreements and Pay Fees and Expenses Associated with

9    Incurring New Reorganized TCEH Debt and (B) Granting Related

10   Relief [D.I. 7762; filed January 28, 2016]

11

12   HEARING re Sixth Amended Joint Plan of Reorganization of

13   Energy Future Holdings Corp., et al., Pursuant to Chapter 11

14   of the Bankruptcy Code [D.I. 7235; filed December 6, 2015]

15

16   HEARING re Complaint [D.I. 7314/Adv. D.I. 1; filed December

17   10, 2015]

18

19   HEARING re Interim Fee Applications

20

21

22

23

24

25   Transcribed by:  Sonya Ledanski Hyde

1  A P P E A R A N C E S :

2

3  GODFREY & KAHN, S.C.

4       Attorney for Fee Committee

5

6  BY:  KATHERINE STADLER

7

8  GITLIN & CO., LLC

9       Attorney for Fee Committee Chair

10

11  BY:  RICHARD GITLIN

12

13  PHILLIPS GOLDMAN & SPENCE

14       Attorney for Fee Committee

15

16  BY:  STEPHEN A. SPENCE

17

18  UNITED STATES DEPARTMENT OF JUSTICE

19       Attorney for U.S. Trustee

20

21  BY:  TIMOTHY J. FOX, JR.

22

23

24

25

1    ROSS ARONSTAM & MORITZ

2          Attorney for

3

4    BY:  BENJAMIN SCHLADWEILER

5

6    POLSINELLI

7          Attorney for TCEH Committee

8

9    BY:  JUSTIN K. EDELSON

10

11   KIRKLAND & ELLIS

12         Attorney for the Debtors

13

14   BY:  CHAD J. HUSNICK

15

16   RICHARDS LAYTON & FINGER

17         Attorney for the Debtors

18

19   BY:  DANIEL J. DEFRANCESCHI

20

21   WILMER HALE

22         Attorney for Marathon/Polygon

23

24   BY:  GEORGE SHUSTER

25         BENJAMIN LOVELAND

1    LANDIS RATH & COBB

2         Attorney for Marathon/Polygon

3

4    BY:  MATT MCGUIRE

5

6    SEWARD & KISSEL LLP

7         Attorney Wilmington Trust, TCEH First Lien Agent

8

9    BY:  MARK D. KOTWICK

10

11   FOX ROTHSCHILD

12        Attorney for Ad Hoc Group of TCEH Lienholders

13

14   BY:  L. JOHN BIRD

15

16   MORRIS JAMES LLP

17        Attorney for Law Debenture of New York

18

19   BY:  STEPHEN M. MILLER

20

21   POTTER ANDERSON & CORROON LLP

22        Attorney for Deutsche Bank New York

23

24   BY:  R. STEPHEN MCNEIL

25

1   KLEHR HARRISON HARVEY & BRANZBURG LLP

2        Attorney for UMB Bank Indenture Trustee

3

4   BY:  RAYMOND H. LEMISCH

5

6   O'MELVENY & MEYER

7        Attorney Apollo, Brookfield, Angelo Gordon

8

9   BY:  PETER FRIEDMAN

10

11  MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

12       Attorney for TCEH

13

14  BY:  JASON ANGELO

15

16  STEVENS & LEE

17       Attorney for EFIH Special Counsel

18

19  BY:  JOSEPH H. HUSTON, JR.

20

21  ALSO PRESENT TELEPHONICALLY:

22

23  SCOTT L. ALBERINO

24  JOSHUA H. APFEL

25  MATTHEW BOUSLOG

```
 1    KENT COLLIER
 2    THOMAS CURTIN
 3    STACY DORÉ
 4    JAMIME L. EDMONSON
 5    CATHERINE EISENHUT
 6    BENJAMIN D. FEDER
 7    MARK A. FINK
 8    JOSEPH A. FLORCZAK
 9    SETH GOLDMAN
10    TODD M. GOREN
11    CHRISTOPHER HAHM
12    MARK W. HANCOCK
13    NATASHA HWANGPO
14    HAROLD KAPLAN
15    PRIYA RANGARAJAN
16    DEMETRA L. LIGGINS
17    DANIEL A. LOWENTHAL
18    CHIANSAN MA
19    JASON M. MADRON
20    JONATHAN D. MARSHALL
21    PAMELA S. MORIN
22    ABID QURESHI
23    ELIZABETH RASSKAZOVA
24    ANDREA B. SCHWARTZ
25    STEVEN R. SCHWARTZ
```

1   AMER TIWANA

2   MATTHEW UNDERWOOD

3   TAMARA VAN HELL

4   BRADY C. WILLIAMSON

5   APARNA YENAMANDRA

6   PETER YOUNG

7   DANIEL PINE

8   RACHAEL RINGER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

 1                    P R O C E E D I N G S

 2            CLERK:  All rise.

 3            THE COURT:  Please be seated.  Excuse me.  Good

 4    morning.

 5            MR. SPENCE:  Good morning, Your Honor.

 6            THE COURT:  Good morning.

 7            MR. SPENCE:  Stephen A. Spence from Phillips,

 8    Goldman and Spence here on behalf of the fee committee.

 9    Katherine Stadler is here with me at counsel table, and

10    she'll be handling today's hearing.

11            THE COURT:  Okay.  Thank you.

12            MR. SPENCE:  Um hmm.

13            MS. STADLER:  Good morning, Judge.  As Mr. Spence

14    said, my name is Katherine Stadler, counsel to the fee

15    committee, appearing with me today is Richard Gitlin, the

16    chair of the Fee Committee.

17            Judge, we're here on uncontested fee applications

18    for the fourth interim fee period, which ran from May 1st to

19    August 31st, (indiscernible).  The fifth interim fee period

20    ended as of December 31st of last year, and the fee

21    applications for that fee period are being filed this week.

22            As in prior fee periods, the fee committee is

23    pleased to recommend to the Court the approval of the 36

24    interim fee applications itemized in the summary report and

25    supplemental report, and also enumerated on Exhibit A.

1          As mentioned in the report, the fee committee has

2    continued to note improved compliance with billing and

3    expenses guidelines and the need for deductions has

4    continued to decline during this fee period.

5          We're happy to answer any questions about the

6    applications and the fee committee's process.  Otherwise we

7    would refer the Court to the status reports we have filed

8    and the enumeration of the deductions outlined on Exhibit A.

9          Also, Mr. Gitlin is here and would like to make a

10   few comments to the Court before adjournment today.

11          THE COURT:  Okay.  Well I have thoroughly reviewed

12   the report, which as usual, was extremely helpful and noted

13   the reductions.  And I've also noted the -- that the

14   reductions in general are trending towards requiring fewer

15   deductions, which means that the professionals are adapting

16   to the rigorous standards set by the fee committee and I'd

17   like to compliment the professionals for doing that.

18          The Court is very cognizant of the fact that in a

19   case like this, where a million things are happening, that

20   fees can sometimes, quite unintentionally, spin out of

21   control, especially on staffing issues.  And the fact that

22   professionals are making an effort to keep that at a

23   reasonable level is very much appreciated.  And of course

24   expense is always a concern and I'm happy to see that the

25   expense adjustments continue to trend downward.

1          So it might seem counterintuitive to have to

2     continue to pay for a process which is resulting in fewer

3     savings, in air quotes, but the reality is the savings, at

4     this point, are happening before the fee applications are

5     even filed, and I'm very cognizant of that and appreciative

6     of that.

7          I do have a question about Godfrey's application.

8          MS. STADLER:  Yes.

9          THE COURT:  And I know that Ms. Werkheiser spoke

10    with you offline on this, but I noted that there were some

11    entries related to the Cal Dive case, about four hours'

12    worth of work, and also the General Motors case, a very

13    short period.  And I was wondering whether that was sort of

14    unintentional or whether that was actually related to this

15    case; and if so, how.

16         MS. STADLER:  It was related to this case, Your

17    Honor.  The fee committee, through its members and the

18    chair, have asked, from the beginning of this representation

19    that we, as their counsel, keep them informed of new

20    developments in the law as it pertains to bankruptcy fees.

21         Notwithstanding the recent cases, revisiting the

22    Asarco decision and Boomerang Tube, there's typically not

23    much in the way of published or publicized authority on

24    bankruptcy fee issues.  So when a contested fee issue does

25    arise, particularly in this courtroom, the fee committee is

1    very interested in knowing what those issues are and how the

2    Court views those issues.  Should the fee committee ever

3    deem it necessary to bring a contested fee issue to this

4    Court, it's helpful to know how similar issues have been

5    resolved in other cases.

6              THE COURT:  Okay.

7              MS. STADLER:  As a result, our client asked us to

8    monitor and report on the Cal Dive contested fee issue,

9    which we did, in a brief memo.  The other entry that -- the

10   General Motors entry arose from a discussion the fee

11   committee had at one of its meetings about a particular

12   billing guideline issue.  And the fee committee members were

13   in particular interested in other courts' treatment of that

14   same issue.  And so we did review records, and pull a

15   transcript from Judge Gerber, in the General Motors case

16   where he specifically addressed that issue.  We distributed

17   that to the fee committee and shared with them our summary

18   of what the judge had said as a result of that ruling in the

19   GM case.

20             So those were the explanations for the two --

21             THE COURT:  Okay.

22             MS. STADLER:  -- items you've identified.

23             THE COURT:  All right.  Well thank you very much

24   for that.  That's perfectly acceptable; I appreciate the

25   clarification.

1          So I have no comments to or additional changes to

2     the reductions that have already been agreed to, both in

3     fees and expenses.  And I have no objection or adjustments

4     to Gitlin and Godfrey -- Mr. Gitlin's fee, Godfrey's fee or

5     Phillips, Goldman and Spence's fee.  So I'll approve those

6     as submitted.  And I'm happy to sign the order that you've

7     prepared.

8          And of course, happy to hear Mr. Gitlin's

9     statement.

10          MS. STADLER:  May I approach with the order?

11          THE COURT:  Yes.

12          MS. STADLER:  Thank you.

13          THE COURT:  Before I do that, does anyone wish to

14     be heard?  Okay.

15          MR. HUSNICK:  No, Your Honor, just thank you.

16          THE COURT:  You're welcome, Mr. Husnick.

17          Thank you.

18          MS. STADLER:  Thank you.

19          THE COURT:  Good morning.

20          MR. GITLIN:  Good morning, Your Honor.  Richard

21     Gitlin, chairman of the fee committee.

22          Just two quick comments, Your Honor.  One, Your

23     Honor, in the confirmation order, asked the fee committee to

24     undertake the reasonableness review for the 503(b)

25     candidates.  And we have received a little bit in excess of

1    $40 million of those applications.  So we're in the process

2    of doing that, Your Honor.  And I expect we will have the

3    same cooperation, professionalism, having looked over the

4    firms involved, that we've had in the retained

5    professionals.

6              And I do have to reiterate, the task of asking

7    professionals who work so hard and so competent, to reduce

8    their fees, is a challenging one.  And we have only had a

9    professional and competent and cooperative response from

10   them.  So I also want to compliment the professionals, and

11   expect that we'll have the same interaction with the 503(b)

12   professionals.

13             One other just brief comment.  We started

14   discussion with regard to the fixed fee professionals, which

15   are the financial advisors, looking over whether or not the

16   monthlies that they're being paid continued to be

17   appropriate, either in amount or at all.  Those discussions

18   are underway; I just report to the Court on that.  We have

19   no conclusions at this point, we're having some preliminary

20   discussions.  I suspect we'll be back with some resolutions

21   before the Court.  But I thought I'd just alert the Court

22   that the fee committee is undertaking that as well.

23             THE COURT:  Okay.  Thank you.

24             MR. GITLIN:  Thank you, Your Honor.

25             THE COURT:  Well given -- just another comment,

1    given what happened in this case between September and

2    December of last year, I expect you'll have your work cut

3    out for you when you look at the next set of interim fee

4    applications.  So your work is not done, and I very much

5    appreciate the service, I really do.

6              I don't know what the Court would do if faced with

7    this level of review that is necessary, without the

8    assistance of some sort of fee assistance and I think the

9    use of a committee in this case has been particularly

10   helpful, as opposed to simply appointing a fee examiner.  So

11   very happy to sign the order.

12             That takes care of that.  There was -- now to Mr.

13   Husnick, I didn't see anything on the debtors' agenda, other

14   than the only other thing I saw was a pretrial conference.

15   Is that correct?

16             MR. HUSNICK:  That's correct, Your Honor.  Nothing

17   from the debtors today.  And I believe counsel for the

18   parties in the adversary are present.  And unless Your Honor

19   has anything from the debtors, I'd just ask if the debtors'

20   counsel can be excused.

21             THE COURT:  I don't think this will take very

22   long, so --

23             MR. HUSNICK:  Oh, okay.  Okay.

24             THE COURT:  -- I don't think it will be necessary.

25             MR. HUSNICK:  We can hang around.

```
 1            THE COURT:  All right.  Very good.  All right.

 2            MR. SHUSTER:  Good morning, Your Honor.  George

 3    Shuster on behalf of the plaintiffs in this action that we

 4    call the Letter of Credit Lender Action, for shorthand.

 5            As Your Honor may be aware, this action arose

 6    through the resolution of a plan confirmation objection.  By

 7    agreement that was dispute was transformed into an adversary

 8    proceeding, and a complaint was filed in this court in

 9    December of 2015.  Also by agreement, a motion to dismiss

10    that complaint was filed in late December.  And the briefing

11    on that motion to dismiss was completed as of two days ago,

12    February 16th, with a reply filed by the lender defendants.

13            At this point in time I -- we're on for a pretrial

14    conference, but I think the only appropriate action for the

15    Court at this moment would be to set a date for oral

16    argument.  I think both parties would like oral argument and

17    would make that formal request within the next few days.  If

18    we hadn't had this pretrial conference, and we can still do

19    that formally, but if the Court felt it appropriate, we'd be

20    perfectly happy to have the Court set that date now while

21    we're all in the room.

22            THE COURT:  Yes?

23            MR. FRIEDMAN:  Good morning, Your Honor.  Peter --

24            THE COURT:  Could you go to a microphone, please.

25    Thank you.
```

1          MR. FRIEDMAN:  Good morning, Your Honor.  Peter

2    Friedman of O'Melveny & Meyers on behalf of the lender

3    defendants.

4          We will file a request for oral argument as well

5    as our notice of completion of briefing, as required by the

6    rules.  There are issues that overlap with the March 4th

7    hearing, but we think, given the amount of information

8    already involved in the March 4th hearing with respect to

9    the Wilmington Trust First Delaware Trust litigation, I

10   can't imagine anybody would want to read a hundred more

11   pages of briefing in connection to that argument.

12          THE COURT:  Yeah.

13          MR. FRIEDMAN:  So some time after that argument

14   would be, I think, amenable both to Mr. Shuster and I, if --

15   whatever works for your schedule.

16          THE COURT:  Yeah.  My schedule's really terrible.

17   No, I -- and I agree, I do want to focus the March 4 oral

18   argument on the briefing that's already completed and the

19   work that's being done internally at the court to prepare is

20   well underway.  And obviously your briefing is just

21   completed, so I have not -- that's not true, actually, I

22   read -- the importance of a preliminary statement, I read

23   the preliminary statements to the opening and the answering

24   briefs.  So I have some idea --

25          MR. SHUSTER:  Were you able to stay awake, Your

1    Honor?

2            THE COURT:  No, no, no.  It's an important,

3    significant issue.  I don't know how I'll resolve it, but

4    that's why we play the game.

5            Let's see.  Unfortunately, my March is just

6    terrible, partly due to EFH and the Ovation trial.  I could

7    do something the week of April 4th.

8            MR. FRIEDMAN:  If we could do one of the first

9    three days Your Honor, that would work best for my schedule,

10   if that's acceptable.

11           THE COURT:  Okay.

12           MR. SHUSTER:  Your Honor, the plaintiffs are fine

13   with that as well.  The 8th does not work, but the other

14   days that week do work.

15           THE COURT:  How about the 6th?

16           MR. FRIEDMAN:  That works for us, Your Honor.

17           THE COURT:  Okay.

18           MR. SHUSTER:  Same, Your Honor.

19           THE COURT:  Let's do 2:00 p.m. on the 6th --

20           MR. FRIEDMAN:  Thank you, Your Honor --

21           THE COURT:  -- and we'll take the balance --

22           MR. SHUSTER:  Thank you, Your Honor.

23           THE COURT:  -- of the day until 5:00.  I think

24   three hours is more than sufficient, I hope?

25           MR. FRIEDMAN:  Yes, as do we.

1            THE COURT:  Okay.

2            MR. FRIEDMAN:  Thank you, Your Honor.

3            THE COURT:  You're welcome.  So we'll -- I won't

4    enter a scheduling order at this time, we'll leave that for

5    another day.  We'll have oral argument on the motion to

6    dismiss April 8th at 2:00 p.m. and -- April 6th.  The 8th

7    doesn't work, right?

8            THE CLERK:  Yeah.

9            THE COURT:  April 6th at 2:00 p.m.  Thank you.

10            MR. FRIEDMAN:  Thank you, Your Honor.

11            MR. SHUSTER:  Thank you, Your Honor.

12            THE COURT:  And if you could send over the

13    completion of briefing binders whenever they're ready.  You

14    don't need to file a formal request for oral argument at

15    this point.

16            MR. FRIEDMAN:  Thank you, Your Honor.

17            THE COURT:  You're welcome.

18            All right.  I believe that finishes all items

19    before the Court.  We're adjourned.

20

21

22

23

24

25

Page 28

C E R T I F I C A T I O N

1

2

3    I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6    **Sonya Ledanski Hyde**
Digitally signed by Sonya Ledanski Hyde
DN: cn=Sonya Ledanski Hyde, o=Veritext,
7    ou, email=digital@veritext.com, c=US
Date: 2016.02.18 15:34:16 -05'00'

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  February 18, 2016