## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: March 11, 2016 at 4:00 p.m.** |

**SUMMARY OF FIFTH INTERIM APPLICATION OF POLSINELLI PC
AS DELAWARE COUNSEL AND CONFLICTS COUNSEL FOR THE
OFFICIAL COMMITTEE OF TCEH UNSECURED CREDITORS
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR
THE PERIOD SEPTEMBER 1, 2015 THROUGH DECEMBER 31, 2015**

| Name of Applicant | Polsinelli PC |
|---|---|
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors of Energy Future Competitive Holdings Company LLC, EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC and their direct and indirect subsidiaries, and EFH Corporate Services Company |
| Date of Retention: | October 17, 2014 *nunc pro tunc* to May 13, 2014 |
| Period for which compensation and reimbursement is sought: | September 1, 2015 – December 31, 2015 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $573,465.50 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $25,451.29 |

This is a(n): __ Monthly _X_ Interim __ Final Fee Application.  This is the Fifth Interim Fee Application for Polsinelli.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

## SUMMARY OF FEES AND EXPENSES REQUESTED TO DATE

| Date & Docket No. Filed | Filing Period | Requested Fees | Requested Expenses | CNO Date & Docket No. Filed | Approved Fees (80%) | Approved Expenses (100%) | Unapproved Holdback |
|---|---|---|---|---|---|---|---|
| 10/28/2014 D.I. 2593 | 5/13/2014 through 5/31/2014 | $83,722.00 | $3,396.53 | CNO 11/20/2014 D.I. 2826 | $66,977.60 | $3,396.53 | $16,744.40 |
| 10/28/2014 D.I. 2594 | 6/1/2014 through 6/30/2014 | $175,093.00 | $23,558.93 | CNO 11/20/2014 D.I. 2827 | $140,074.40 | $23,558.93 | $35,018.60 |
| 10/28/2014 D.I. 2596 | 7/1/2014 through 7/31/2014 | $140,452.00 | $4,172.20 | CNO 11/20/2014 D.I. 2828 | $112,361.60 | $4,172.20 | $28,090.40 |
| 10/28/2014 D.I. 2597 | 8/1/2014 through 8/31/2014 | $101,660.50 | $1,567.38 | CNO 11/20/2014 D.I. 2829 | $81,328.40 | $1,567.38 | $20,332.10 |
| 10/28/2014 D.I. 2601 | 9/1/2014 through 9/30/2014 | $146,838.50 | $2,700.75 | CNO 11/20/2014 D.I. 2830 | $117,470.80 | $2,700.75 | $29,367.70 |
| 11/21/2014 D.I. 2840 | 10/1/2014 through 10/31/2014 | $224,514.50 | $15,783.59 | CNO 12/16/2014 D.I. 3025 | $179,611.60 | $15,783.59 | $44,902.90 |
| 12/22/2014 D.I. 3116 | 11/1/2014 through 11/30/2014 | $95,970.00 | $1,784.56 | CNO 1/21/2015 D.I. 3341 | $76,776.00 | $1,784.56 | $19,194.00 |
| 2/3/2015 D.I. 3420 | 12/1/2014 through 12/31/2014 | $81,805.50 | $2,971.23 | CNO 2/26/2015 D.I. 3681 | $65,444.40 | $2,971.23 | $16,361.10 |
| 3/18/2015 D.I. 3925 | 1/1/2015 through 1/31/2015 | $88,916.50 | $2,801.06 | CNO 4/10/2015 D.I. 4117 | $71,133.20 | $2,801.06 | $17,783.30 |
| 4/1/2015 D.I. 4028 | 2/1/2015 through 2/28/2015 | $106,484.00 | $686.40 | CNO 4/24/2015 D.I. 4269 | $85,187.20 | $686.40 | $21,296.80 |
| 5/7/2015 D.I. 4416 | 3/1/2015 through 3/31/2015 | $160,434.00 | $4,599.68 | CNO 6/1/2015 D.I. 4640 | $128,347.20 | $4,599.68 | $32,086.80 |
| 5/21/2015 D.I. 4546 | 4/1/2015 through 4/30/2015 | $123,961.00 | $5,320.28 | CNO 6/15/2015 D.I. 4757 | $99,168.80 | $5,320.28 | $24,792.20 |
| 6/22/2015 D.I. 4819 | 5/1/2015 through 5/31/2015 | $70,223.00 | $345.25 | CNO 7/15/2015 D.I. 5021 | $56,178.40 | $345.25 | $14,044.60 |
| 9/15/2015 D.I. 6004 | 6/1/2015 through 6/30/2015 | $99,177.50 | $3,117.82 | CNO 10/8/2015 D.I. 6408 | $79,342.00 | $3,117.82 | $19,835.50 |
| 9/15/2015 D.I. 6006 | 7/1/2015 through 7/31/2015 | $82,837.00 | $1,277.56 | CNO 10/8/2015 D.I. 6409 | $66,269.60 | $1,277.56 | $16,567.40 |
| 9/21/2015 D.I. 6118 | 8/1/2015 through 8/31/2015 | $116,044.00 | $668.44 | CNO 10/16/2015 D.I. 6486 | $92,835.20 | $668.44 | $23,208.80 |
| 10/26/2015 D.I. 6663 | 9/1/2015 through | $90,268.00 | $3,801.16 | CNO 11/19/2015 | $72,214.40 | $3,801.16 | $18,053.60 |

| | 9/30/2015 | | | D.I. 7058 | | | |
|---|---|---|---|---|---|---|---|
| 1/6/2016 D.I. 7569 | 10/1/2015 through 10/31/2015 | $151,305.50 | $21,750.58 | CNO 2/2/2016 D.I. 7777 | $121,044.40 | $21,750.58 | $30,261.10 |
| 2/2/2016 D.I. 7778 | 11/1/2015 through 11/30/2015 | $119,979.00 | $10,385.63 | CNO To Be Filed | [$95,983.20] | [$10,385.63] | [$23,995.80] |
| 2/9/2016 D.I. 7809 | 12/1/2015 through 12/31/2015 | $211,913.00 | $5,843.32 | CNO To Be Filed | [$169,530.40] | [$5,843.32] | [$42,382.60] |
| **TOTAL** | | **$2,471,598.50** | **$116,532.35** | | **$1,977,278.80** | **$116,532.35** | **$494,319.70** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: March 11, 2016 at 4:00 p.m.** |

### FIFTH INTERIM APPLICATION OF POLSINELLI PC AS DELAWARE COUNSEL AND CONFLICTS COUNSEL FOR THE OFFICIAL COMMITTEE OF TCEH UNSECURED CREDITORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD SEPTEMBER 1, 2015 <u>THROUGH DECEMBER 31, 2015</u>

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the *Order Authorizing the Official Committee of Unsecured Creditors Of Energy Future Holdings Corp., et al., to Retain and Employ Polsinelli PC Effective as of May 13, 2014* [Docket No. 2491] (the "**Retention Order**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 2066] (the "**Interim Compensation Order**"), the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896] (the "**Fee Committee Order**"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), Polsinelli PC ("**Polsinelli**" or the "**Firm**"), Delaware counsel and Conflicts Counsel to the Official Committee of TCEH Unsecured Creditors (the "**Committee**") of Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Electric Holdings Company LLC, and their direct and indirect subsidiaries (the "**TCEH Debtors**"), and EFH Corporate Services Company, files this fifth interim fee application (the "**Application**") for: (i) compensation in the amount of $573,465.50 for the reasonable and necessary legal services Polsinelli rendered to the Committee from September 1, 2015 through December 31, 2015 (the "**Compensation Period**"); and (ii) reimbursement for the actual and necessary expenses that Polsinelli incurred in the amount of $25,451.29 during the Compensation Period. In support of this Application, Polsinelli respectfully states as follows:

### Jurisdiction, Venue, and Predicates for Relief Sought

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue of this proceeding and this Application is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for the relief sought are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the Retention Order, the Interim Compensation Order, the Fee Committee Order, and Local Rule 2016-2.

### Background

3.      On April 29, 2014 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "**Court**") commencing the above-captioned chapter 11 cases (the "**Cases**"). The factual background regarding the Debtors, including their business operations and the events leading to the filing of these Cases, is set forth in detail in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp, et al., In Support of First Day Motions* [Docket No. 98].

4.    The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.    No trustee or examiner has been appointed in these Cases.

6.    On May 13, 2014, the Office of the United States Trustee appointed the Committee [Docket No. 420]. The Committee members include: (i) Pension Benefit Guaranty Corporation; (ii) HCL America, Inc.; (iii) The Bank of New York Mellon; (iv) Law Debenture Trust Company of New York; (v) Holt Texas LTD, d/b/a Holt Cat; (vi) ADA Carbon Solutions (Red River); and (vii) Wilmington Savings Fund Society.

7.    On July 25, 2014, Polsinelli filed the *Application of the Official Committee of Unsecured Creditors for an Order Under Bankruptcy Code Sections 328(a) and 1103(a) and Bankruptcy Rules 2014(a) and 2016(a) Approving the Employment and Retention of Polsinelli PC Nunc Pro Tunc to May 13, 2014, as Co-Counsel to the Official Committee of Unsecured Creditors* [Docket No. 1698] (the "**Retention Application**"). On October 17, 2014, this Court entered the Retention Order [Docket No. 2491].

8.    Pursuant to the Interim Compensation Order, each professional may file on or after the 21st day of each calendar month a Monthly Fee Application (as defined in the Interim Compensation Order) seeking interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month. If no objections are raised prior to the expiration of the applicable Objection Deadline (as defined in the Interim Compensation Order), the Debtors are authorized to pay each professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application or (ii) 80% of the fees and 100% of the expenses not subject to an objection.

52405540.1

## Summary of Professional Compensation and
## Reimbursement of Expenses Requested

9.      This Application has been prepared in accordance with sections 330 and 331 the

Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, the Retention Order, the Interim

Compensation Order, the Fee Committee Order, and the *Guidelines for Reviewing Applications*

*for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in*

*Larger Chapter 11 Cases, effective June 11, 2013* (the "**UST Guidelines**").  The Committee has

reviewed this Application and approves and supports interim allowance of the amounts requested

by Polsinelli for professional services performed and expenses incurred during the Compensation

Period.  Pursuant to the Guidelines, a certification of Christopher A. Ward, Esq. of Polsinelli

regarding compliance with the Guidelines and the Local Rules is attached as Exhibit A.

10.      Polsinelli seeks allowance of interim compensation for professional services

during the Compensation Period in the amount of $573,465.50 and for expenses incurred in

connection with the rendition of those services in the amount of $25,451.29.   During the

Compensation Period, Polsinelli attorneys and paraprofessionals expended a total of 1,140.20

hours to perform the necessary services.

11.      All services for which compensation is requested by Polsinelli in this Application

were performed for or on behalf of the Committee and done in coordination with Morrison &

Foerster LLP to assure that there was no duplication of effort.   Polsinelli has received no

payment and no promises for payment from any source for services rendered or to be rendered in

any capacity whatsoever in connection with the matters covered by this Application.  There is no

agreement or understanding between Polsinelli and any other person (other than the shareholders

of Polsinelli) for the sharing of compensation to be received for services rendered in these Cases.

12.      Polsinelli believes its rates are the market rates that the majority of law firms

charge clients for the type of services Polsinelli has been asked to provide here.  In addition,

Polsinelli believes that its charges are in accordance with the American Bar Association's ("**ABA**") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

13.    The fees charged by Polsinelli in these Cases are billed in accordance with Polsinelli's existing billing rates and procedures in effect during the Compensation Period. The rates Polsinelli charges for the services rendered by its professionals and paraprofessionals in these Cases are the same rates Polsinelli charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy matters. These fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and nonbankruptcy cases in a competitive national legal market.

14.    Pursuant to the Guidelines, attached as Exhibit B is a schedule setting forth all Polsinelli professionals and paraprofessionals who performed services in these Cases during the Compensation Period, the capacities in which such individuals are employed by Polsinelli, the hourly billing rates charged by Polsinelli for services performed by such individuals, and the aggregate number of hours expended and fees billed during the Compensation Period.

15.    Attached as Exhibit C is a schedule specifying the categories of expenses for which Polsinelli is seeking reimbursement and the total amount for each expense category.

16.    Attached as Exhibit D is a summary of Polsinelli time billed during the Compensation Period, broken down by project categories.

17.    Attached as Exhibit E are Polsinelli's budgets and staffing plans for the Compensation Period.

18.    Attached as Exhibit F are Polsinelli's time and expense detail for the Compensation Period.

## Polsinelli Monthly Fee Statements

19.    Polsinelli maintains computerized records of time spent by all Polsinelli attorneys and paraprofessionals in connection with the representation of the Committee.   Polsinelli submitted monthly fee statements (the "**Monthly Fee Statements**") to the Notice Parties (as that term is defined in the Interim Compensation Order) in the format specified by the Guidelines, and as requested by the Fee Committee, allowing each of the Notice Parties an opportunity to review and object to the Monthly Fee Statements.   During the Compensation Period, Polsinelli provided the Notice Parties with the following Monthly Fee Statements:

20.    For September 1, 2015 through September 30, 2015 – fees of $90,268.00 and expenses of $3,801.16 (the "**September Statement**");

21.    For October 1, 2015 through October 31, 2015 – fees of $151,305.50 and expenses of $5,421.18 (the "**October Statement**");

22.    For November 1, 2015 through November 30, 2015 – fees of $119,979.00 and expenses of $10,385.63 (the "**November Statement**"); and

23.    For December 1, 2015 through December 31, 2015 – fees of $211,913.00 and expenses of $5,843.32 (the "**December Statement**").

24.    In total, Polsinelli submitted Monthly Fee Statements during the Compensation Period for fees of $573,465.50 and expenses of $25,451.29.   As noted, prior to submitting the Monthly Fee Statements, Polsinelli conducted an internal review of the fees and expenses incurred during each applicable period.   As part of this review certain time entries may have been revised or written off at the Firm's discretion.   During the Compensation Period, Polsinelli voluntarily wrote-off $14,226.00 in fees for time entry review, transient timekeepers, and communications with the Fee Committee.

25.    Therefore, pursuant to this Application, Polsinelli respectfully requests that the

Court enter an order awarding Polsinelli fees in an aggregate amount of $573,465.50 and the reimbursement of actual and necessary expenses Polsinelli incurred during the Compensation Period in the aggregate amount of $25,451.29.

### Summary of Legal Services Rendered

26.    Polsinelli has prepared and/or assisted in the preparation of various motions, applications, and orders submitted to this Court for consideration, advised the Committee on a regular basis on numerous matters in connection with these Cases and the Local Rules, and has performed all necessary professional services.

27.    To provide an orderly and meaningful summary of the services rendered by Polsinelli on behalf of the Committee during the Compensation Period, Polsinelli has established task codes as promulgated by the Fee Guidelines.  The following is a summary of the significant professional services rendered by Polsinelli during the Compensation Period, organized in accordance with Polsinelli's task codes.  A more detailed report of the actual services provided is set forth on Exhibit F.

28.    The summary is divided according to the project billing codes that Polsinelli created based on the Fee Guidelines promulgated by the Office of the United States Trustee.  In certain circumstances, however, given the interconnectedness of the issues in these Cases, some of these categories, or tasks performed within certain categories, may overlap with one another. Polsinelli intends to work with the Fee Committee in these cases to work through any billing discrepancies that may exist.

A.  **Asset Disposition – B130**

Fees:  $3,496.00; Total Hours: 6.9

This category includes time spent by Polsinelli reviewing and analyzing various asset sales proposed by the Debtors during the Compensation Period, including the Debtors' decision

52405540.1

to engage in a formal marketing process to sell their indirect interests in Oncor (the "**Oncor Sale**"). Issues involved the process by which the Debtors intended to dispose of the Oncor assets, the tax implications of an Oncor Sale on the Debtors' tax position, and the Debtors' marketing process. In addition, Polsinelli's professionals spent time considering the implications of the Oncor Sale on the TCEH entities and advising the Committee and co-counsel on same.

This category also includes time spent reviewing and analyzing the Debtors' assets, including those unencumbered assets potentially available for distribution to unsecured creditors. During the Compensation Period, Polsinelli aided co-counsel in the legal and factual analysis to determine if there were additional unsecured assets not previously identified by the Debtors.

B. **Assumption/Rejection of Leases and Contracts – B185**

Fees: $5,451.50; Total Hours: 10.5

This category includes time spent reviewing the Debtors' motions to reject certain leases and abandon property, as well as the reviewing of the Debtors' requests to assume or reject numerous leases and contracts. Polsinelli coordinated with the other Committee professionals in addressing and negotiating the requested relief and advising on local practice and procedure related to section 365(d)(4) of the Bankruptcy Code.

C. **Business Operations – B210**

Fees: $6,650.00; Total Hours: 11.5

This category includes time spent by Polsinelli aiding the Committee and its professionals in reviewing matters involving the Debtors' business operations and evaluating the Debtors' business plans. This category also includes time spent researching and analyzing energy and regulatory issues related to the Debtors' proposed sale of Oncor and the related REIT transaction.

D. **Case Administration – B110**

Fees: $23,550.50; Total Hours: 50.4

This category includes all matters related to the internal administration of the Debtors' cases, including managing an extensive and detailed critical dates calendar, reviewing the case docket and tracking deadlines, preparation of *pro hac vice* applications and notices of appearance, reviewing and revising confidentiality agreements, and meetings and corresponding with other Committee professionals regarding general case issues and strategy.

Furthermore, this category includes time spent coordinating on case matters internally, with the Debtors, and with other creditor constituencies, including counsel to the TCEH first lien creditors and the TCEH ad hoc group of unsecured noteholders (the "**Ad Hoc Group**").

**Corporate Governance & Board Matters – B260**

Fees: $627.50; Total Hours: 1.1

This category includes time spent by Polsinelli reviewing the Debtors' corporate structure and aiding the Committee and its professionals in understanding how the Debtors have assembled their various boards of directors and the potential conflicts arising therefrom.

E. **Employment and Fee Applications – B160**

Fees: $52,208.50; Total Hours: 119.0

During the Compensation Period, Polsinelli spent a considerable amount of time dealing with retention issues, conflict issues, and fee applications for all the Committee's professionals. Polsinelli aided in the negotiating, drafting, and filing of supplemental declarations regarding retention orders for various professionals, as well as monthly fee statements, fourth interim fee applications, and budgets for Committee professionals including Polsinelli, Morrison & Foerster, FTI, Lazard, Charles River Associates, and Kurtzman Carson Consultants.

Additionally, during the Compensation Period, the Debtors and their Independent Directors filed numerous applications for authorization to retain legal counsel, investment bankers, financial advisors, special counsel, tax advisors, among others, as well as authorization to employ certain ordinary course professionals. Polsinelli reviewed and analyzed each of the retention applications and partook in numerous discussions with the Committee and its professionals concerning the various retention applications and potential conflicts.

F. **Financing & Cash Collateral – B230**

Fees: $1,243.00; Total Hours: 2.1

This category includes time spent by Polsinelli reviewing and analyzing the DIP and Cash Collateral Orders and underlying facilities to analyze impact on unsecured creditors and conferring with the other Committee professionals regarding same.

G. **Litigation Contested Matters (excluding assumption/rejection motions) – B190**

Fees: $66,450.50; Total Hours: 120.2

This category includes time spent by Polsinelli relating to, among other things, the EFIH first and second lien makewhole litigations (the "**Makewhole Litigations**"), litigation regarding postpetition interest, and other contested matters in the Cases. During the Compensation Period, Polsinelli aided co-counsel in reviewing the pleadings filed in the underlying bankruptcy case, adversary proceedings, and appeal proceedings regarding the Makewhole Litigations, considered the implications of the Makewhole Litigations on the TCEH Debtors and potential recoveries of unsecured creditors, and analyzed the arguments set forth by the parties. In addition, Polsinelli participated in advising the Committee with respect to the legal arguments made by the Debtors and the EFIH first and second lien trustees.

Furthermore, this category includes time spent by Polsinelli engaged in numerous aspects of the discovery process related to a variety of motions, including drafting and serving document

demands, preparing for and attending depositions, conducting legal research associated with formal and informal discovery, and tracking and reviewing the discovery obtained from various parties. Polsinelli met and conferred with numerous parties during all stages of the discovery process to resolve discovery disputes without Court intervention.

H. **Meetings & Communications with Creditors – B150**

Fees: $15,987.00; Total Hours: 29.4

This category includes time spent by Polsinelli relating to Committee matters, in-person meetings, and conference calls with the Committee as a whole, with individual Committee members, and with the Committee's other legal and financial advisors. Polsinelli, together with Morrison & Foerster, FTI, and Lazard, coordinates the Committee's activities, including attending to member issues and setting agendas for Committee conference calls and meetings. During the Compensation Period, Polsinelli participated in numerous regularly scheduled conference calls and meetings with the full Committee and its advisors related to the various issues arising in these Cases. During the Compensation Period, Polsinelli also had numerous conference calls with individual Committee members and their counsel, as well as conference calls with other professionals in preparation for Committee meetings and Committee calls.

I. **Plan & Disclosure Statement – B320**

Fees: $125,720.50; Total Hours: 258.6

This category includes time spent by Polsinelli reviewing and analyzing plan structures, conducting research regarding plan alternatives, and conferring with the other Committee professionals regarding same. Polsinelli reviewed and conferred with the other TCEH Committee professionals regarding the various iterations of the Debtors' proposed plan and disclosure statement, as well as the related plan support agreement and settlement agreement. Polsinelli spent significant time reviewing and analyzing objections to the plan, the motion to

approve the plan support agreement, and the motion to approve the settlement agreement.   In
conjunction with Morrison & Foerster, Polsinelli analyzed potential recoveries for TCEH
unsecured creditors and participated in the confirmation hearings in November and December.

J. **Tax Issues – B240**

> Fees: $3,485.00; Total Hours: 6.7

This category includes time spent by Polsinelli reviewing and analyzing the various tax
issues related to these Cases and the Debtors' current tax position, including an anlysis of the
Debtors' tax memorandum, the implications of the EFIH Second Lien DIP, and tax
consequences of a sale of Oncor.

K. **Claims Administration & Objections – B310**

> Fees: $13,571.00; Total Hours: 25.7

This category includes time spent by Polsinelli participating in the analysis and
investigation of potential claims that may be brought by the Committee on behalf of the
Debtors/estates against affiliates and/or third parties.   During the Compensation Period,
Polsinelli, in conjunction with other Committee professionals, conducted a thorough
investigation of potential claims that required professionals to undertake numerous tasks,
including: preparation of detailed legal memoranda of the potential claims and related legal
considerations, conducting significant legal research with respect to potential legal questions
associated with the claims, and reviewing and summarizing public documents and documents
produced to the Committee that describe various transactions undertaken by the Debtors.

This category also includes all matters relating to claims asserted against the Debtors and
the bar date process, as well as the request for a separate bar date for asbestos claimants.

L. **Operations – B200**

> Fees: $166,010.50; Total Hours: 311.9

This category includes time spent by Polsinelli attorneys analyzing and monitoring the status of the Public Utility Commission of Texas ("**PUCT**") proceedings involving Ovation's proposed acquisition of an indirect majority interest in Oncor and reorganization of Oncor through a joint survivor merger. Members of Polsinelli's Energy practice group have been monitoring the PUCT proceedings since October, and the team has been summarizing all testimony filed and reviewing the status of pending discovery. Additionally, the attorneys sought intervention in the proceeding on behalf of the TCEH Committee in order to protect the interests of the Committee's constituents.

### Actual and Necessary Disbursements of Polsinelli

29.     As set forth in <u>Exhibit C</u>, Polsinelli has disbursed $25,451.29 as expenses incurred in providing professional services during the Compensation Period. These expenses are reasonable and necessary in light of the size and complexity of these Cases. The time constraints facing the Committee, along with the sheer magnitude of tasks generated in these Cases, required Polsinelli's attorneys and other professionals to devote significant time during the evenings and weekends to perform legal services on behalf of the Committee. Polsinelli's services were essential to meet deadlines, respond to motions and objections, and to satisfy the demands of these Cases. In accordance with Local Rule 2016-2(e)(iii), all copying charges are billed at no more than $0.10 per page. Accordingly, Polsinelli's expenses were actual and necessary to the efficient representation of the Committee and the unsecured creditors of the TCEH Debtors' estates.

### Polsinelli's Requested Compensation Should be Allowed

30.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern this Court's award of interim compensation. 11 U.S.C. § 331 (2014). Section 330 provides that a court may

award a professional employed under section 328 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement of actual, necessary expenses." Id. § 330(a)(1). Section 330 also provides the criteria for awarding compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

31.     Polsinelli submits that the services for which it seeks compensation and the expenditures on which it seeks reimbursement in this Application were necessary for and beneficial to the Committee and stakeholders of the TCEH estates. The compensation requested in this Application is reasonable in light of the nature, extent, and value of Polsinelli's services to the Committee, the TCEH estates, and all parties in interest.

32.     Compensation of the foregoing services as requested is commensurate with the complexity and importance of the issues and tasked involved. Polsinelli's professionals and paraprofessionals performed their services expediently and efficiently. Whenever possible, Polsinelli sought to minimize the costs of its services to the Committee by using associates and paraprofessionals to handle more routine matters of these Cases. Groups of the same Polsinelli

52405540.1

attorneys were used for similar tasks in these Cases to minimize the costs of intra-Polsinelli communication and education about the Committee and Debtors' circumstances. Polsinelli also coordinated with other Committee professionals to prevent the duplication of services provided to the Committee.

33.    Polsinelli's services were necessary and beneficial to the Committee, and the TCEH Debtors' estates, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of compensation for professional services and reimbursement of expenses is warranted.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, Polsinelli requests that it be allowed reimbursement for its fees and expenses incurred during the Compensation Period in the total amount of $598,916.79 consisting of (a) $573,465.50 in fees incurred by the Committee for reasonable and necessary professional services rendered by Polsinelli, and (b) $25,451.29 for actual and necessary costs and expenses, and that such fees and expenses be paid as administrative expenses of the TCEH Debtors' estates.[2]

Dated: Wilmington, Delaware
    February 19, 2016

/s/ Christopher A. Ward
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
Shanti M. Katona (Del. Bar No. 5352)
Jarrett Vine (Del. Bar No. 5400)
**POLSINELLI PC**
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com
skatona@polsinelli.com
jvine@polsinelli.com

*Counsel to the Official Committee of TCEH Unsecured Creditors*

---

[2] Paragraph 2(b) of the Interim Compensation Order requires Professionals (as defined in the Interim Compensation Order) to allocate any fees and expenses to the applicable Debtors for whose direct benefit such fees and expenses were incurred (such fees, the "**Direct Benefit Fees**").  Polsinelli has incurred fees and expenses for the collective benefit of the TCEH Debtors, but has not performed any services directly for the benefit of EFH Corporate Services Company that could be allocated as Direct Benefit Fees pursuant to the Interim Compensation Order.  As a result, Polsinelli has not attempted to break out the specific Direct Benefit Fees performed for the benefit of the TCEH Debtors since all of its fees and expenses would be allocated to the TCEH Debtors regardless under the Interim Compensation Order.  Thus, all of Polsinelli's fees and expenses identified in this Interim Fee Application should be paid by the TCEH Debtors.

52405540.1