UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | § Case No. 14-10979 (CSS) |
| | § |
| Debtors | § (Jointly Administered) |
| | § |
| | § **Hearing Date: March 10,** |
| | § **2016 at 10:00 a.m.** |
| | § |
| | § **Response Deadline:** |
| | § **February 23, 2016 at** |
| | § **4:00 p.m.** |

_____

**Response of Ranger Excavating LP to the Debtors' Objection
to Ranger Excavating LP's Claim Against Luminant Mining Company
LLC as Set out in Debtors' Thirty-Seventh Omnibus(Substantive)
Objection to Certain Improperly Asserted Claims Pursuant to
Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001,
3003 and 3007, and Local Bankruptcy Rule 3007-1**

_____

Ranger Excavating LP ("Ranger") responds to the Debtors' objection to Ranger's secured claim against Luminant Mining Company LLC ("Luminant") as follows:

1.   On July 26, 2014, Ranger filed its secured claim against Luminant in the amount of $890,333.45 ("Claim").  The Claim was assigned claim number 2614.  A true and correct copy of the Claim, as filed, is attached as Exhibit A to this response.

2.   The Claim is based on Ranger's construction of improvements on real property owned by Luminant and is secured by a statutory mechanic's lien claim.  The Claim also includes a statement that the amount claimed is "together with all post petition interest, attorneys fees and expenses allowable under 11 U.S.C. §506(b)."

3.    The Claim was treated as a secured claim for purposes of plan confirmation.

4.    The Debtors' Thirty-Seventh Omnibus (Substantive) Claim Objection ("Objection") addresses the Claim under the category of Modify Claim Amount.  See Item 9 at Exhibit 5 to Exhibit A of the Objection.

5.    The Claim as asserted and modified, both reflect the claim as secured and the same amount of $890,333.45.  There is a notation that the "[m]odified amount reflects liquidation of claim to reflect the amount owed according to Debtors' books and records."

6.    However, in discussions with Debtors' attorneys, they were not certain whether or not the Objection to the Claim had any effect on the portion of the Claim dealing with Ranger's claim for post petition interest and attorneys fees under 11 U.S.C. Section 506(b).

7.    The payment of interest and attorneys fees on an oversecured claim appears mandatory.  11 U.S.C. Section 506(b) ("there shall be allowed to the holder of the claim, interest on such claim and any reasonable fees, costs, or charges provided under the agreement or State statute under which the claim arose").

8.    The Debtors do not assert in the Objection that the Claim is undersecured, and the appraised value of the taxing authority of the 1,611 acres subject to the claim, far exceeds the value of the

2

Claim.

9.    The agreement between Ranger and Luminant, attached as Exhibit E to the proof of claim, does not contain provisions for interest or attorneys fees. However, there are relevant statutes that apply.

10.    Section 302.002 of the Texas Finance Code provides that where a contract does not provide for interest, interest is allowed at the rate of 6% per annum beginning 30 days after the date on which the amount is due.  The Notice of Completion and Final Acceptance, Exhibit F to the Proof of Claim, is dated May 2, 2014. The contract provides that Ranger should have been paid on July 1, 2014, which is 60 days after the date of the Certificate of Completion and final acceptance.  Thirty days from that date is July 31, 2014 on which interest would begin to accrue under the statute.

11.    Chapter 53 of the Texas Property Code deals with mechanics liens.  Attorneys fees are provided for under Section 53.156 of the Texas Property Code.  In addition, Ranger should be entitled to attorneys fees under Section 38.001 of the Texas Civil Practice & Remedies Code (providing for attorneys fees for breach of an oral or written contract).

12.    The burden is on the Debtors to present enough evidence to overcome the prima facie effect of the Claim, here Ranger's rights for interest and attorneys fees under 11 U.S.C. Section

506(b). *Matter of O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998).

13. Ranger has not been provided with any documents by the Debtors to defeat the portion of Ranger's Claim under 11 U.S.C. Section 506(b), nor has it been put on notice of any.

14. Therefore, Ranger is entitled to post-petition interest and attorneys fees on the Claim.

15. Ranger is unaware of any procedure by the Debtors for the determination of post petition interest and attorneys fees under 11 U.S.C. Section 506(b) and requests such a procedure be established.

Wherefore, Ranger requests the Court overrule the Objection to the extent it would impair Ranger's right to interest and attorneys fees under 11 U.S.C. Section 506(b), allow the Claim in its entirety, and grant Ranger such other and further relief to which it is entitled.

Dated: February 19, 2016.

Respectfully submitted,

/s/ Stephen Sakonchick, II
_____
Stephen Sakonchick, II
State Bar No. 17525500
Stephen Sakonchick II, P.C.
6502 Canon Wren Drive
Austin, Texas  78746
(512) 329-0375
(512) 697-2859 (fax)
sakon@flash.net and ssakon@gmail.com

Attorney for Ranger Excavating LP

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2016, a true and correct copy of the above and foregoing was sent to all parties receiving electronic notice via the Court's ECF System, and by email to those attorneys shown as co-counsel on the objection to the claim.

/s/ Stephen Sakonchick, II

_____
Stephen Sakonchick, II