UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | § Case No. 14-10979 (CSS) |
| | § |
| Debtors | § (Jointly Administered) |
| | § |
| | § **Hearing Date: March 10,** |
| | §  **2016 at 10:00 a.m.** |
| | § |
| | § **Response Deadline:** |
| | §  **February 23, 2016 at** |
| | §  **4:00 p.m.** |

---

**Response of Ranger Excavating LP to the Debtors' Objection
to Ranger Excavating LP's Claim Against Sandow Power Company
LLC as Set out in Debtors' Thirty-Seventh Omnibus(Substantive)
Objection to Certain Improperly Asserted Claims Pursuant to
Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001,
3003 and 3007, and Local Bankruptcy Rule 3007-1**

---

Ranger Excavating LP ("Ranger") responds to the Debtors'
objection to Ranger's secured claim against Sandow Power Company
LLC ("Sandow") as follows:

1.    On July 26, 2014, Ranger filed its secured claim against
Luminant under a proof of claim in the amount of $292,598.58
("Claim").  The Claim was assigned claim number 2613.  A true and
correct copy of the Claim, as filed, is attached as Exhibit A to
this response.

2.    The Claim is based on Ranger's construction of
improvements on real property leased by Sandow and is secured by a
statutory mechanic's lien claim.  The Claim also includes a
statement that the amount claimed is "together with all post
petition interest, attorneys fees and expenses allowable under 11

U.S.C. §506(b).”

    3.    The Claim was treated as a secured claim for purposes of plan confirmation.

    4.    The Debtors' Thirty-Seventh Omnibus (Substantive) Claim Objection ("Objection") addresses the Claim under the category of Modify Claim Amount and Modify Classification Claims.  See Item 4 at Exhibit 7 to Exhibit A of the Objection.

    5.    The Claim as asserted is secured in the amount of $292,598.58, and as modified as unsecured in the same dollar amount.  The reason for modification is stated as:

> "Modified amount reflects liquidation of claim to reflect the amount owed according to the Debtors' books and records. Modified classification reflects that, according to the Debtors' books and records and/or documentation filed with the proof of claim, the claimant is not entitled to a secured constitutional lien against the Debtor for the construction of the haul road and disposal pit because there can only be a lien upon the buildings and articles made or repaired by them and the roads and pit are not considered buildings or articles."

Although the Objection indicated Ranger was to receive an individual notice of the Objection, none has been received as of the date of this response.

    6.    The modification ignores Ranger's right to its statutory mechanics lien claim which is much more expansive and clearly would include the haul road and disposal pit.

    7.    The burden is on the Debtors to present enough evidence to overcome the prima facie effect of the Claim.  *Matter of O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998).

### Ranger's Right to a Secured Claim

8.    The Claim is for the 10% retainage due on 2 contracts with Sandow (collectively "Contracts").   The first is Sandow Contract A1893758 and is for the haul road with retainage due of $80,993.00 ("Haul Road Contract"). The second is Sandow Contract A1893710 for the disposal pit with retainage due of $211,605.58 ("Pit Contract").

9.    The Contracts were completed post-petition on or about July 17, 2014, as reflected in the final invoices (Applications for Payment) signed off on by both Ranger and Sandow's Project Manager/Engineer.  These invoices were paid by Sandow post-petition in the ordinary course of business.   True and correct copies of these invoices are attached as Exhibit B.

10. Ranger has made a claim for a statutory and constitutional mechanic's lien, as applicable.  Ranger sent the required notice to Sandow and filed a timely affidavit asserting a mechanic's lien claim in the Milam County real property records in accordance with Chapter 53 of the Texas Real Property Code and Sections 362(b)(3) and 546(b) of the Bankruptcy Code.  Copies of the notice to Sandow and affidavit asserting a mechanic's lien are attached to the Claim as Exhibits A and B, respectively.

11.   The determination of property rights in the assets of a bankrupt's estate is a matter of state law.  *Butner v. United States*, 440 U.S. 48, 54–55 (1979).

12.    Texas law recognizes two possible types of mechanic's liens: (1) a constitutional lien and (2) a statutory lien. Tex. Const. Art. XVI, § 37; Section 53.001, Tex. Prop. Code.

13.    Mechanic's lien laws were enacted because of a desire to protect people and entities who furnished labor and materials for improving the value of another's land. *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 246 (Tex. 2002); *Strang v. Pray* 35 S.W. 1054, 1055 (Tex. 1896).

14.    The mechanic's and materialman's lien statutes are liberally construed for the purpose of protecting laborers and materialmen. *Hayek v. Western Steel Co.,* 478 S.W.2d 786, 795 (Tex. 1972*; First Nat'l Bank in Dallas v. Whirlpool Corp.*, 517 S.W.2d 262, 269 (Tex. 1974). For purposes of perfection, only substantial compliance with the statutes is required. *First Nat. Bank in Graham v. Sledge,* 653 S.W.2d 283, 285 (Tex. 1983).

15.    Where a lessee contracts for construction, the mechanic's lien attaches only to the leasehold interest, not to the fee interest of the lessor. *Diversified Mortg. Investor v. Lloyd D. Blaylock Gen. Contractor, Inc.*, 576 S.W.2d 794, 805 (Tex. 1978).

16.    In terms of mechanics liens the term "improvement" includes all additions and betterments to a freehold other than trade fixtures. *In re Demay International LLC,* 471 B.R. 510, 526 (SD. Tex. 2012)*; citing Big West Oil Co. v. Willborn Bros. Co.,* 836 S.W.2d 800, 802 (Tex. Civ. App.-Amarillo 1992) *Cantrell v.*

4

*Broadnax,* 306 S.W.2d 429, 432 (Tex. Civ. App.-Dallas 1957, no writ); *Dubin v. Carrier Corp.,* 731 S.W.2d 651, 653 (Tex. App.-Houston [1st Dist.] 1987, no writ.); and *Dedmon v. Stewart-Warner Corp.,* 950 F.2d 244, 246-47 (5th Cir. 1992).

17.   Under Section 53.001(2) "Improvement" includes:

"(A)   abutting sidewalks and streets and utilities in or on those sidewalks and streets;

(B)   clearing, grubbing, draining, or fencing of land;

(C)   wells, cisterns, tanks, reservoirs, or artificial lakes or pools made for supplying or storing water;

(D)   pumps, siphons, and windmills or other machinery or apparatuses used for raising water for stock, domestic use, or irrigation; and

(E)   planting orchard trees, grubbing out orchards and replacing trees, and pruning of orchard trees."

18.   Under Section 311.005(13) of the Texas Code Construction Act, "[i]ncludes" and "including" are terms of enlargement and not of limitation or exclusive enumeration, and use of the terms does not create a presumption that components not expressed are excluded.   Therefore, the foregoing definition of improvement is not limited by the enumerated descriptions.

19.   Under the relevant provisions of Section 53.021, Texas Property Code entitled *Persons Entitled To Lien*:

"(a)   A person has a lien if:

(1)   the person labors, specially fabricates material, or furnishes labor or materials for construction or repair in this state of:

(A)   a house, building, or improvement;

> > (B)    a levee or embankment to be erected for the reclamation of overflow land along a river or creek; or
> > (C)    a railroad; and
>
> > (2)    the person labors, specially fabricates the material, or furnishes the labor or materials under or by virtue of a contract with the owner or the owner's agent, trustee, receiver, contractor, or subcontractor.
>
> ...
> (c)    An architect, engineer, or surveyor who prepares a plan or plat under or by virtue of a written contract with the owner or the owner's agent, trustee, or receiver in connection with the actual or proposed design, construction, or repair of improvements on real property or the location of the boundaries of real property has a lien on the property.
>
> (d)    A person who provides labor, plant material, or other supplies for the installation of landscaping for a house, building, or improvement, including the construction of a retention pond, retaining wall, berm, irrigation system, fountain, or other similar installation, under or by virtue of a written contract with the owner or the owner's agent, contractor, subcontractor, trustee, or receiver has a lien on the property...”

20.   The lien secures payment for the labor done or material furnished for the construction or repair.   Section 53.023, Tex. Prop. Code.

21.   The Haul Road Contract called for the construction of a road.   The Pit Contract called for the construction of a disposal pit.   Both are clearly improvements under the broad scope of the Texas mechanics lien statutes, as those statutes have been interpreted by case law.

22.   So while maybe not a building or article described in the Texas constitutional mechanics lien, the haul road and disposal pit are improvements under the Texas statutory mechanics lien.

23.   The   indebtedness   reflected   by   the   retainage   on   the Contracts  owed  to  Ranger  accrued  on  the  last  day  of  July  2014, which  was  the  month  in  which  the  work  on  the  Contracts  were complete.  See Section 53.053, Tex. Prop. Code and Exhibit B.

24.  A contract is complete when the last of the work under the contract is finished, even if the owner has partial use of the improvements in the interim.  See *TD Industries v. NCNB Texas Nat'l Bank*, 837 S.W.2d 270 (Tex.  App.—Eastland 1992, no writ).

25.  The required notice and copy of the lien claim affidavit was sent to Sandow on June 9, 2014 and the lien claim affidavit was filed in the Milam County real property records on June 10, 2014. See Exhibits A and B to the Claim.

26.  As reflected in Exhibits A and B to the Claim, the notice and lien claim affidavit comply with the statutory requirements of Sections 53.052 and 53.054 of the Texas Property Code, for the timely perfection of a statutory lien claim in favor of Ranger on the Claim.

27.  Therefore, the Claim is a secured claim as a result of Rangers statutory mechanics lien claim.

28.  Since   the   Objection   only   dealt   with   the   Texas Constitutional mechanics lien, the Objection should be overruled in light of the Texas statutory mechanics lien to which Ranger is entitled to secure its Claim.

29.   In addition, the Claim is for retainage under the

7

Contracts.  Under Section 53.101 of the Texas Property Code, an owner, here Sandow, is required to retain 10% of the value of the work performed.

30.  Retainage is for the protection of derivative claimants who can assert a lien on retainage if they are not paid by the contractor.  See Sections 53.102 and 53.103, Tex. Prop. Code.

31.  Therefore, such retainage funds need to be segregated for a lien to attach.

32.  As a result, Ranger, having timely filed its lien claim affidavit, should also have a secured interest in the retainage, which are funds earned by and belonging to Ranger, but held by Sandow.

## Ranger is Entitled to Interest and Attorneys Fees Under 11 U.S. C. Section 506(b)

33.  Ranger is also entitled to postpetition interest and attorneys fees on the Claim.

34.  The payment of interest and attorneys fees on an oversecured claim appears mandatory.  11 U.S.C. Section 506(b) ("there shall be allowed to the holder of the claim, interest on such claim and any reasonable fees, costs, or charges provided under the agreement or State statute under which the claim arose").

35.  The agreements between Ranger and Sandow, attached as Exhibits E and F to the Claim, do not contain provisions for interest or attorneys fees.  Therefore, State statutes would apply.

36.  Section 302.002 of the Texas Finance Code provides that

8

where a contract does not provide for interest, interest is allowed at the rate of 6% per annum beginning 30 days after the date on which the amount is due.  The work on the Contracts was completed by the end of July 2014.  The Contracts provide that Ranger should have been paid by October 1, 2014, which is 60 days after the date the work was complete.  Thirty days from that date is October 31, 2014, on which interest would begin to accrue under the statute.

37.  Chapter 53 of the Texas Property Code deals with mechanics liens.  Attorneys fees are provided for under Section 53.156 of the Texas Property Code.  In addition, Ranger should be entitled to attorneys fees under Section 38.001 of the Texas Civil Practice  & Remedies Code (providing for attorneys fees for breach of an oral or written contract).

38.  Therefore, Ranger is entitled to post-petition interest and attorneys fees on the Claim.

39.  Ranger is unaware of any procedure by the Debtors for the determination of post petition interest and attorneys fees under 11 U.S.C. Section 506(b) and requests such a procedure be established.

Wherefore, Ranger requests the Court overrule the Objection that the Claim is unsecured, determine the claim to be secured by the statutory mechanics lien, overrule the Objection to the extent it would impair Ranger's right to interest and attorneys fees under 11 U.S.C. Section 506(b), allow the Claim in its entirety as a secured claim, and grant Ranger such other and further relief to

which it is entitled.

Dated: February 19, 2016.

Respectfully submitted,

/s/ Stephen Sakonchick, II
_____
Stephen Sakonchick, II
State Bar No. 17525500
Stephen Sakonchick II, P.C.
6502 Canon Wren Drive
Austin, Texas  78746
(512) 329-0375
(512) 697-2859 (fax)
sakon@flash.net and ssakon@gmail.com

Attorney for Ranger Excavating LP

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2016, a true and correct copy of the above and foregoing was sent to all parties receiving electronic notice via the Court's ECF System, and by email to those attorneys shown as co-counsel on the objection to the claim.

/s/ Stephen Sakonchick, II
_____
Stephen Sakonchick, II