## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: March 15, 2016 at 4:00 p.m.** |

## SUMMARY COVER SHEET TO THE FIFTH INTERIM
## FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC, IN THEIR
## CAPACITY AS RESTRUCTURING ADVISORS FOR THE DEBTORS AND DEBTORS
## IN POSSESSION, FOR THE PERIOD FROM SEPTEMBER 1, 2015 THROUGH AND
## INCLUDING DECEMBER 31, 2015

In accordance with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), Alvarez & Marsal North America, LLC ("A&M"), restructuring advisors for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submits this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the fee application to which this Summary is attached (the "Fee Application")[2] for the period from September 1, 2015 through December 31, 2015 (the "Fee Period").

A&M submits the Fee Application as an interim fee application in accordance with the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (the "Interim Compensation Order"), which permits A&M to file interim fee applications every 4 months.

### General Information

Name of Applicant: Alvarez & Marsal North America, LLC

Authorized to Provide Services to: Energy Future Holdings Corp., *et al.*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application.

| | |
|---|---|
| Petition Date: | April 29, 2014 |
| Date of Order Authorizing the Debtors to Retain A&M [D.I. 2055]: | September 16, 2014, *nunc pro tunc* to April 29, 2014 |

### Summary of Fees and Expenses Sought in the Fee Application

| | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | September 1, 2015 through December 31, 2015 |
| Voluntary Fee Waiver and Expense Reduction in this Fee Period[3]: | Reduced fees by $13,145.00 and expenses by $0 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $3,303,080.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $157,701.88 |
| Total Compensation and Expense Reimbursement Requested for the Fee Period: | $3,460,781.88 |

### Summary of Past Requests for Compensation and Prior Payments

| | |
|---|---|
| Total Amount of Compensation Previously Requested Pursuant to the Interim Compensation Order to Date: | $3,303,080.00 |
| Total Amount of Expense Reimbursement Previously Requested Pursuant to the Interim Compensation Order to Date: | $157,701.88 |
| Total Compensation Approved Pursuant to the Interim Compensation Order to Date: | $0 |
| Total Amount of Expense Reimbursement Approved Pursuant to the Interim Compensation Order to Date: | $0 |

---

[3]     In accordance with previous conversations and guidance memos from the Fee Committee, A&M agrees to voluntarily reduce its fees by an amount totaling $13,145.00. The breakdown of this voluntary fee reduction includes (a) $4,242.50  in fees related to preparing, reconciling and reviewing invoices, (b) $12,835 in fees related to review and preparation of monthly fee statements and certificates of no objection, and (c) $9,600 in other fees, including but not limited to, the review and preparation of monthly resource and staffing budgets.

| | |
|---|---|
| Total Allowed Compensation Paid to Date: | $0 |
| Total Allowed Expenses Paid to Date: | $0 |
| Compensation Sought in<br>this Application Already Paid Pursuant to<br>the Interim Compensation Order But Not Yet<br>Allowed: | $1,854,730.00 |
| Expenses Sought In This<br>Application Already Paid Pursuant to the<br>Interim Compensation Order But Not Yet Allowed: | $106,535.83 |

Date:   February 22, 2016
         Dallas, Texas

*/s/ John L. Stuart*
John L. Stuart
Managing Director
Alvarez & Marsal North America, LLC
2100 Ross Avenue, Suite 2100
Dallas, Texas  75201
Telephone:    (214) 438-8486

*Restructuring Advisors to the Debtors*
*and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: March 15, 2016 at 4:00 p.m.** |

**FIFTH INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH
AMERICA, LLC, IN THEIR CAPACITY AS RESTRUCTURING ADVISORS FOR
THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD
FROM SEPTEMBER 1, 2015 THROUGH AND INCLUDING DECEMBER 31, 2015**

Alvarez & Marsal North America, LLC ("A&M"), restructuring advisors for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits its interim fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $3,303,080.00 and reimbursement of actual and necessary expenses in the amount of $157,701.88 that A&M incurred for the period from September 1, 2015 through December 31, 2015 (the "Fee Period"). In support of this Fee Application, A&M submits the declaration of John L. Stuart, a Managing Director at A&M, (the "John L. Stuart Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference. In further support of this Fee Application, A&M respectfully states as follows.

## Jurisdiction

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of Expense for Professionals [D.I. 2066] and (the "Interim Compensation Order").

## Background

4.    On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC ("EFIH"), EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee" and, together with the TCEH Creditors' Committee, the "Official Committees") on October 27, 2014 [D.I. 2570].  Further information regarding the Debtors' business operations and capital structure

2

is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

5.      On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in these cases.

6.      Given the size and complexity of the Debtors' chapter 11 cases, the U.S. Trustee, the Debtors, and the TCEH Creditors' Committee agreed to recommend that the Court appoint a fee committee to review and report on, as appropriate, interim and final fee applications filed by all retained professionals in accordance with sections 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order (the "Fee Committee").  On August 21, 2014, the Court entered the Fee Committee Order, appointing the Fee Committee and establishing the procedures governing the Fee Committee's review of the Debtors' retained professionals' applications for compensation and the resolution of any concerns raised during such review.

**Preliminary Statement**

7.      During the Fee Period, A&M represented the Debtors professionally and diligently, advising them on a variety of complex matters and issues, as a result of which the Debtors took action to maximize the value of their estates for the benefit of all parties in interest.

**The Debtors' Retention of A&M**

8.      On September 16, 2014, the Court entered the *Order Authorizing the Debtors to Retain and Employ Alvarez & Marsal North America, LLC as Restructuring Advisors Effective Nunc Pro Tunc to the Petition Date* [D.I. 2055] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference.  The Retention Order authorizes the Debtors to compensate and reimburse A&M in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Interim Compensation Order.  The Retention Order

3

also authorizes the Debtors to compensate A&M at A&M's hourly rates charged for services of this type and to reimburse A&M for A&M's actual and necessary out-of-pocket expenses incurred, subject to application to this Court.  The particular terms of A&M's engagement are detailed in the engagement letter by and between A&M and the Debtors, effective as of January 30, 2013 and attached hereto as **Exhibit C**.

## Disinterestedness of A&M

9.      To the best of the Debtors' knowledge and as disclosed in the *Declaration of Jeffery J. Stegenga in Support of the Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Alvarez & Marsal North America, LLC as Restructuring Advisor Effective Nunc Pro Tunc to the Petition Date* [D.I. 661] (the "A&M Declaration"), (a) A&M is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) A&M has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the A&M Declaration.

10.      A&M may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors in these chapter 11 cases.  In the A&M Declaration, A&M disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts.  A&M has provided supplements to the A&M Declaration and will continue to do so in the future, as appropriate, if A&M becomes aware of relevant and material new information.

11.      A&M performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

12.      Except to the extent of the advance payments paid to A&M that A&M previously

4

disclosed to this Court in the A&M Declaration, A&M has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

13.    Pursuant to Bankruptcy Rule 2016(b), A&M has not shared, nor has A&M agreed to share (a) any compensation it has received or may receive with another party or person other than with the employees of A&M or (b) any compensation another person or party has received or may receive.

### Summary of Compliance with Interim Compensation Order

14.    This Fee Application has been prepared in accordance with the Interim Compensation Order.

15.    A&M seeks interim compensation for professional services rendered to the Debtors during the Fee Period in the amount of $3,303,080.00 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $157,701.88.  During the Fee Period, A&M employees expended a total of 6,678.8 hours for which compensation is requested.

16.    In accordance with the Interim Compensation Order, as of the date hereof, A&M has received payments totaling $1,961,265.83 ($1,854,730.00 of which was for services provided and $106,535.83 of which was for reimbursement of expenses) for the Fee Period.  Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, A&M seeks payment of the remaining $1,348,492.97, which amount represents the entire amount of fees and expenses incurred between September 1, 2015 and December 31, 2015.[2]

---

[2]    This amount also reflects the 20% holdback for the Fee Period.

**Fees and Expenses Incurred During Fee Period**

**A.     Customary Billing Disclosures**.

17.     A&M's hourly rates are set at a level designed to compensate A&M fairly for the work of its employees and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure utilized by A&M in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by A&M for other restructuring matters, regardless of whether a fee application is required.  The rates and rate structure reflect that such restructuring matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures.  For the convenience of the Court and all parties in interest, attached hereto as **Exhibit D** is a summary of blended hourly rates for timekeepers who billed to the Debtors during the Fee Period.

**B.     Fees Incurred During Fee Period**.

18.     In the ordinary course of A&M's practice, A&M maintains computerized records of the time expended to render the professional services required by the Debtors and their estates. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit E** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each A&M employee for whose work on these chapter 11 cases compensation is sought;

- the aggregate time expended and fees billed by each A&M employee during the Fee Period;

- the hourly billing rate for each A&M employee at A&M's current billing rates;

- a calculation of total compensation requested using the rates disclosed in the *Application of Energy Future Holdings Corp., et al., for and Entry of an Order Authorizing the Debtors to Retain and Employ Alvarez & Marsal North America, LLC as Restructuring Advisors Effective Nunc Pro Tunc to the Petition Date* (the "Retention Application"), as amended with approval of the Company and the Fee

6

Committee.

**C.    Expenses Incurred During Fee Period**.

19.    In the ordinary course of A&M's practice, A&M maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought.  A&M does not charge its clients for incoming facsimile transmissions.

20.    For the convenience of the Court and all parties in interest, attached hereto as **Exhibit F** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which A&M is seeking reimbursement.

**Summary of Professional Services Rendered During the Fee Period**

21.    As discussed above, during the Fee Period, A&M provided extensive and important professional services to the Debtors in connection with these chapter 11 cases.  These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

22.    To provide a meaningful summary of A&M's services provided on behalf of the Debtors and their estates, A&M has established, in accordance with its internal billing procedures, certain subject matters categories (each, a "Matter Category") in connection with these chapter 11 cases.  The following is a summary of the fees and hours billed for each Matter Category in the Fee Period:[3]

---

[3]    In certain instances A&M may have billed the same amount of fees, but different amount of hours to different matter categories.  This difference is the result of different staffing of each such matter category.

| Matter Category | Hours Billed | Total Compensation Billed |
|---|---|---|
| Accounting/Cut-Off | 111.9 | $59,062.50 |
| Bankruptcy Support | 627.9 | $345,475.00 |
| Business Plan/Operations | 304.0 | $112.980.00 |
| Cash Management | 31.1 | $11,485.00 |
| Causes of Action | 1.6 | $840.00 |
| Claims | 1,789.6 | $788,115.00 |
| Communication | 21.4 | $16,467.50 |
| Contracts | 2,155.4 | $1,069,452.50 |
| Coordination & Communication with Other Creditor Constituents | 31.1 | $17,982.50 |
| Coordination & Communication with UCC | 169.9 | $106,335.00 |
| Court | 61.2 | $48,232.50 |
| DIP Financing | 57.6 | $28,295.00 |
| Fee Applications | 143.8 | $60,432.50 |
| Motions and Orders | 6.2 | $4,650.00 |
| POR / Disclosure Statement | 561.1 | $303,127.50 |
| Status Meetings | 83.9 | $51,127.50 |
| Travel Time | 256.9 | $141,535.00 |
| UST Reporting Requirements | 36.1 | $19,102.50 |
| Vendor Management | 228.1 | $131,527.50 |
| **Total** | **6,678.8** | **$3,316,225.00** |

23.     The following is a summary, by Matter Category, of the most significant professional services provided by A&M during the Fee Period. This summary is organized in accordance with A&M's internal system of matter numbers. The detailed descriptions demonstrate that A&M was heavily involved in performing services for the Debtors on a daily basis, often including night and weekend work, to meet the needs of the Debtors' estates in these chapter 11 cases. A schedule setting forth a description of the Matter Categories utilized in this case, the number of hours expended by A&M employees by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit G**.

(a)     Accounting/Cut-off.  This category includes advising and assisting the Debtors with various accounting-related issues: accounts payable pre-petition and post-petition claims payment processes and reporting requirements, internal controls for

8

accounting / finance / treasury departments, bank related items and other accounting related items. The total fees sought under this category for the period September 1, 2015 through December 31, 2015 are $59,062.50 (111.9 hours).

(b)     <u>Bankruptcy Support</u>.  This category includes advising and assisting the Debtors on matters concerning operating the business under Chapter 11 including development and execution of work plans, weekly updates, review of court documents and general case management, reporting requirements and deadlines, and support counsel and others for Chapter 11 related items. The total fees sought under this category for the period September 1, 2015 through December 31, 2015 are $345,475.00 (627.9 hours).

(c)     <u>Business Planning/Operations</u>.  This category includes time assisting the Debtors with the development and implementation of long-range business plan, metrics, measurements, professional fee budgets and other tools to monitor and quantify the financial impact of various initiatives, and analyze other risks and opportunities that may exist. The total fees sought under this category for the period September 1, 2015 through December 31, 2015 are $112,980.00 (304.0 hours).

(d)     <u>Cash Management.</u>  This category includes advising and assisting the Debtors' prepare information and analyses required pursuant to the Debtors' financing; identifying and implementing short-term cash management procedures; preparing financial information for distribution to creditors and others, including, but not limited to cash receipts and disbursements analysis, correspondence with issuing banks regarding purchase and travel card issues and analysis of proposed transactions for which Court approval is sought. The total fees sought under this category for the period September 1, 2015 through December 31, 2015 are $11,485.00 (31.1 hours).

9

(e)    <u>Causes of Action</u>.  This category includes advising and assisting Debtors in connection with matters related to fraudulent conveyances and preference under Chapter 11.  The total fees sought under this category for the period September 1, 2015 through December 31, 2015 are $840.00 (1.6 hours).

(f)    <u>Claims</u>.  This category includes time assisting the Debtor with the claims planning process, claims analysis and review of claims filed against the Debtor.  During the Fee Period, A&M worked with the claims agent on claims reconciliation procedures and noticing issues.  The total fees sought under this category for the period September 1, 2015 through December 31, 2015 are $788,115.00 (1,789.6 hours).

(g)    <u>Communication</u>.  This category includes advising and assisting the Debtors with the coordination of information requests, and time associated with preparing for and attending meetings with various prepetition creditors and other interested parties and their advisors. During the Fee Period, A&M reviewed, discussed and assisted with the fulfillment of multiple information requests.  The total fees sought under this category for the period September 1, 2015 through December 31, 2015 are $16,467.50 (21.4 hours).

(h)    <u>Contracts</u>.  This category includes advising and assisting the Debtors with contract analyses and the potential assumption and rejection of contracts. During the Fee Period, A&M performed an extensive and on-going review and analysis of the Debtors' executory contracts to assist Debtors' management in assumption/rejection of favorable/unfavorable contracts by the Chapter 11 contracts deadline.  The total fees sought under this category for the period September 1, 2015 through December 31, 2015 are $1,069,452.50 (2,155.4 hours).

10

(i)      <u>Coordination & Communication with all other Creditor Constituents</u>.  This category includes advising and assisting the Debtors with the coordination of information requests, and time associated with preparing for and attending meetings with various prepetition creditors and other interested parties and their advisors. During the Fee Period, A&M reviewed, discussed and assisted with the fulfillment of multiple information requests.   The total fees sought under this category for the period September 1, 2015 through December 31, 2015 are $17,982.50 (31.1 hours).

(j)      <u>Coordination & Communication with UCC</u>.  This category includes time advising and assisting the Debtors to work with the UCC appointed professionals to discuss and fulfill various data request and motion noticing requirements.   During the Fee Period, A&M reviewed and discussed with Debtors' management and legal counsel multiple information requests, business plan due diligence, and presentation materials. A&M also created, reviewed and maintained the Debtors' UCC due diligence tracker. Finally, A&M assisted the Debtors in establishing a diligence data room and providing access to various UCC advisors in order to expedite information requests.   The total fees sought under this category for the period September 1, 2015 through December 31, 2015 are $106,335.00 (169.9 hours).

(k)      <u>Court</u>.  This category includes assisting the Debtors with preparation of and attendance of the Debtors' various legal proceedings. During the Fee Period, A&M assisted Debtors' counsel with preparation for court hearings.  The total fees sought under this category for the period September 1, 2015 through December 31, 2015 are $48,232.50 (61.2 hours).

(l) <u>DIP Financing</u>.  This category includes time spent assisting the Debtors with preparation of revisions to the TCEH and EFIH DIP budgets, entering into a DIP financing agreement, development of reporting required under the agreements and communication of the terms of such agreements to various constituents.  During the Fee Period, A&M updated and refined the DIP budget and assumptions based on revised financial projections.  The total fees sought under this category for the period September 1, 2015 through December 31, 2015 are $28,295.00 (57.6 hours).

(m) <u>Fee Applications</u>.  This category includes time preparing the interim fee applications and monthly fee statements for work performed on behalf of the Debtors. The total fees sought under this category for the period September 1, 2015 through December 31, 2015 are $60,432.50 (143.8 hours)[4].

(n) <u>Motions and Orders</u>.  This category includes advising and assisting the Debtors on various motions and orders.  The total fees sought under this category for the period September 1, 2015 through December 31, 2015 are $4,650.00 (6.2 hours).

(o) <u>POR / Disclosure Statement</u>.  This category includes advising and assisting the Debtors with the Plan of Reorganization and Disclosure Statement.  During the Fee Period, A&M assisted counsel with updates to the draft Disclosure Statement as well as ongoing preparation of the liquidation analyses.  The total fees sought under this category for the period September 1, 2015 through December 31, 2015 are $303,127.50 (561.1 hours).

---

[4]    In accordance with previous conversations and guidance memos from the Fee Committee, A&M agrees to voluntarily reduce its fees in this matter category by an amount totaling $13,145.00. The breakdown of this voluntary fee reduction includes (a) $1,105.00  in fees related to preparing, reconciling and reviewing invoices, (b) $1,325.00 in fees related to review and preparation of monthly fee statements and certificates of no objection, and (c) $10,715.00  in other fees, including but not limited to, communication with the fee committee and the review and preparation of monthly resource and staffing budgets.

(p)     <u>Status Meetings</u>.    This category includes advising and assisting the Debtors with and participation in regular status meetings.  During the Fee Period, A&M prepared and updated presentations on key dates, the reporting calendar, contract review, vendor / trading, and communications.  The total fees sought under this category for the period September 1, 2015 through December 31, 2015 are $51,127.50 (83.9 hours).

(q)     <u>Travel Time</u>.  This category contains non-working travel time on behalf of the Debtors.  This time was billed at one half the time incurred.  The total fees sought under this category for the period September 1, 2015 through December 31, 2015 are $141,535.00 (256.9 hours).

(r)     <u>UST Reporting Requirements</u>.    This category includes advising and assisting the Debtors with the preparation of Initial Debtor Interview requirements, Monthly Operating Reports and any related matters for the US Trustee.  The total fees sought under this category for the period September 1, 2015 through December 31, 2015 are $19,102.50 (36.1 hours).

(s)     <u>Vendor Management</u>.  This category includes advising and assisting the Debtors post-petition vendor management activities, including analyzing the financial impact of supplier agreements, tracking supplier accounts payable contraction and pre-petition payment activity, and attending supplier meetings to review and discuss supplier financial status.  The total fees sought under this category for the period September 1, 2015 through December 31, 2015 are $131,527.50 (228.1 hours).

24.     In addition, A&M's detailed computerized records of time expended providing professional services to the Debtors and their estates are attached hereto as **<u>Exhibit H</u>**, and A&M's detailed records of expenses incurred during the Fee Period in the rendition of

13

professional services to the Debtors and their estates are attached as **Exhibit I**.

## Actual and Necessary Expenses Incurred by A&M

25.    As set forth in **Exhibit I** attached hereto, and as summarized in **Exhibit F** attached hereto, A&M has incurred a total of $157,701.88 in expenses on behalf of the Debtors during the Fee Period.  These charges are intended to reimburse A&M's direct operating costs, which are not incorporated into the A&M hourly billing rates.

## Reasonable and Necessary Services Provided by A&M

**A.    Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.**

26.    The foregoing professional services provided by A&M on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

27.    Many of the services performed by employees of A&M were provided by A&M's Restructuring Group.  A&M has a prominent practice in this area and enjoys a national and international reputation for its expertise in financial reorganizations and restructurings of troubled companies.  The employees at A&M have represented either the debtor or the creditors' committee in many large chapter 11 cases.

**B.    Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.**

28.    The time constraints imposed by the circumstances of these chapter 11 cases required A&M employees to devote substantial time during the evenings and on weekends to perform services on behalf of the Debtors.  These services were essential to meet deadlines, respond to daily inquiries from various creditors and other parties in interest on a timely basis, and satisfy the demands of the Debtors' businesses and ensure the orderly administration of their estates.

29.    Among other things, A&M makes sure that all travel meals, hotel rates, and

14

airfares are reasonable and appropriate expenses for which to seek reimbursement.  Specifically,

A&M regularly reviews its bills to ensure that the Debtors are only billed for services that were

actual and necessary.  In that regard, A&M will waive certain fees and reduce its expenses if

necessary.  In the Fee Period, A&M voluntarily reduced its fees by $13,145.00 and expenses by

$0.  Consequently, A&M does not seek payment of such fees or reimbursement of such expenses

in the Fee Application.

### **A&M's Requested Compensation and Reimbursement Should be Allowed**

30.     Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code

to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code

provides that a court may award a professional employed under section 327 of the Bankruptcy

Code "reasonable compensation for actual necessary services rendered . . . and reimbursement

for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria

for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the
> court should consider the nature, extent, and the value of such services,
> taking into account all relevant factors, including—
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;
>
> (c)     whether the services were necessary to the
>          administration of, or beneficial at the time at which
>          the service was rendered toward the completion of,
>          a case under this title;
>
> (d)     whether the services were performed within a
>          reasonable amount of time commensurate with the
>          complexity, importance, and nature of the problem,
>          issue, or task addressed; and
>
> (e)     whether the compensation is reasonable based on
>          the customary compensation charged by
>          comparably skilled practitioners in cases other than

15

cases under this title.

11 U.S.C. § 330(a)(3).

31.     A&M respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates.   A&M further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' constituents.   A&M further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

32.     During the course of these chapter 11 cases, A&M's hourly billing rates for employees ranged from $275.00 to $925.00.  The hourly rates and corresponding rate structure utilized by A&M in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by A&M for restructuring, workout, bankruptcy, insolvency, and comparable matters, regardless of whether a fee application is required.  A&M strives to be efficient in the staffing of matters.  These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

33.     Moreover, A&M's hourly rates are set at a level designed to compensate A&M fairly for the work of its employees and to cover certain fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

34.     In sum, A&M respectfully submits that the professional services provided by

16

A&M on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by A&M, the nature and extent of A&M's services provided, the value of A&M's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.  Accordingly, A&M respectfully submits that approval of the compensation sought herein is warranted and should be approved.

35.    No previous application for the relief sought herein has been made to this or any other Court.

<strong><u>Reservation of Rights and Notice</u></strong>

36.    It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  A&M reserves the right to include such amounts in future fee applications.  In addition, the Debtors have provided notice of this Fee Application to:  (a) the U.S. Trustee; (b) counsel to the agent of the EFIH First Lien DIP Facility; (c) counsel to the agent of the TCEH DIP Facility; (d) counsel to the Official Committees; and (e) the Fee Committee (collectively, the "<u>Notice Parties</u>").

37.    Pursuant to the Interim Compensation Order and the Fee Committee Order, (a) any Notice Party (other than the Fee Committee) that wishes to object to the Fee Application must file its objection with the Court, with a copy to Chambers and serve it on A&M and the Notice Parties so that it is **actually** **received** on or before **March 15, 2016 at 4:00 p.m. (Eastern Daylight Time)** and (b) any member of the Fee Committee that wishes to object to the Fee Application must comply with the procedures set forth in the Fee Committee Order and if such member wishes to object to the Fee Application after complying with such procedures, such member must file its objection with the Court, with a copy to Chambers and serve it on A&M and the Notice Parties.

17

## **No Prior Request**

38.     No prior application for the relief requested herein has been made to this or any

other court.

[*Remainder of page intentionally left blank.*]

18

WHEREFORE, A&M respectfully requests that the Court enter an order (a) awarding A&M interim compensation for professional services provided during the Fee Period in the amount of $3,303,080.00 and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $157,701.88; (b) authorizing and directing the Debtors to remit payment to A&M for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Date:  February 22, 2016
      Dallas, Texas

*/s/ John L. Stuart*
John L. Stuart
Managing Director
Alvarez & Marsal North America, LLC
2100 Ross Avenue, Suite 2100
Dallas, Texas 75201
Telephone:     (214) 438-8486

*Restructuring Advisors to the Debtors
and Debtors in Possession*

19