Page 1

```
 1  UNITED STATES BANKRUPTCY COURT
 2  DISTRICT OF DELAWARE
 3
 4  In re:                              :
                                        :    Chapter 11
 5  ENERGY FUTURE HOLDINGS CORP.,       :
    et. al.,                            :    Case No.
 6                                      :
            Debtors.                    :    (Jointly Administration
 7  _____      :    Requested)
                                        :
 8  ENERGY FUTURE HOLDINGS CORP.,       :
                                        :
 9          Plaintiff,                  :
                                        :
10      v.                              :    Adv. Proc. No. 15-51386
                                        :    Re: Adv. D.I. 82
11  TEXAS TRANSMISSION INVESTMENT       :
    LLC                                 :
12                                      :
                                        :
13          Defendants.                 :
    _____:
14
15                              United States Bankruptcy Court
16                              824 North Market Street
17                              Wilmington, Delaware
18                              February 26, 2016
19                              1:03 PM – 1:24 PM
20
21  B E F O R E :
22  HON CHRISTOPHER S. SONTCHI
23  U.S. BANKRUPTCY JUDGE
24
25  ECRO OPERATOR:  LESLIE MURIN
```

1   HEARING re Status Conference
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  Transcribed by:   Sonya Ledanski Hyde

```
 1   A P P E A R A N C E S :

 2

 3   APPEARING TELEPHONICALLY:

 4   RYAN BARTLEY

 5   VAN BECKWITH

 6   PEG A. BRICKLEY

 7   EMILY A. BUSSIGEL

 8   MARIA CHUTCHIAN

 9   KENT COLLIER

10   DANIEL DEFRANCESCHI

11   WARREN HASKEL

12   JASON M. MADRON

13   MARK E. MCKANE

14   STEVEN R. SCHWARTZ

15   SIMON FRASER

16   R. STEPHEN MCNEILL

17   JACOB A. ADLERSTEIN

18   L. JOHN BIRD

19   JAMES W. BROWN

20   DAIN A. DE SOUZA

21   DAVID M. DUNN

22   JASON LIBERI

23   JONATHAN D. MARSHALL

24   GEORGE N. PANAGAKIS

25   J. CHRISTOPHER SHORE
```

Page 4

1  ERIN SMITH
2  AMER TIWANA
3  CARL TULLSON
4  JASON C. VIGNA
5  GEORGE ZIMMERMAN
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1              P R O C E E D I N G S
2            THE COURT: Good afternoon, counsel. This is
3    Judge Sontchi. Thank you for making yourself available for
4    this teleconference. I've asked you together to discuss
5    scheduling in connection with the motions for summary
6    judgment, the motion for determination of core proceeding
7    pretrial conference and trial date. So as I get into this,
8    I have some questions, I guess, before we start. I know the
9    briefing on the core proceeding has been completed. What is
10   the status of summary judgment motions?
11           MR. SHORE: Your Honor, this is Chris Shore. I
12   think short answer, everything is fully submitted to Your
13   Honor by March 7th.
14           THE COURT: Okay.
15           MR. MCKANE: Your Honor, it's Mark McKane, on
16   behalf of the Debtors. When it's appropriate, maybe we can
17   give you an update of where we stand on mediation, then
18   address the scheduling thoughts that we may have generally,
19   but only when appropriate.
20           THE COURT: Why don't you do that now?
21           MR. MCKANE: Okay, actually--
22           MR. SHORE: Mark, this is Chris. Sorry, we're a
23   little disorganized here. I was actually going to take you
24   through where we are on the deal which kind of
25   (indiscernible) together.

1              THE COURT:  Okay, yeah, I know this is
2    disorganized, because I called it without an agenda, so I
3    apologize.  But yeah, that could be great, Mr. Shore, if you
4    could proceed with that.
5              MR. SHORE:  No problem.  Well, and I think we've
6    all been very busy moving toward closing, the Debtors
7    ovation of the bank form the finance, the investors,
8    everything.  We have firm approval in hand now for the deal.
9    The PUC evidentiary record is closed, and we have two key
10   upcoming dates with PUCT.  There is a March 3rd meeting,
11   where we believe that we'll get a much better understanding
12   of where the PUC is, and what conditions, if any, it's going
13   to put on the closing the deal.  And then there's a March
14   24th PUC open meeting that we are all expecting will have a
15   final order announced by the PUC on that date.  We don't
16   have IRS approval yet, nor do we have NRC approval.  That
17   something, we're anticipating no problems.  We've been in
18   touch with both, or the Debtors have been in touch with
19   both.  They're carrying the ore on that.  But we just don't
20   have decisions yet.
21             Our current best thinking isn't where we are, is
22   that mid- to late-mid April, rights offering launch, held
23   open for four weeks with some dates we have to run after
24   that.  Which means that we have maybe a little bit more time
25   than we were expecting when we set the schedule in January.

1  We are now -- so just turning to the adversary, we are now
2  complete with fact discovery, all the documents in the
3  various disputes that occurred have been produced.  Mr.
4  Evans has been redeposed, and we're not aware of any
5  disputes over fact discovery.  We've exchanged expert
6  opening and rebuttal reports.  Their expert, Robert Reilly,
7  went this morning for deposition.  Ours, Vanderveen, I think
8  is scheduled for 3/3.  If not, we'll set a date for that.
9          And Judge Gross, as Mr. McKane pointed out, is
10 trying to work his magic.  We did have one all-day mediation
11 session in Wilmington, and we've got a tentative second date
12 set for 3/14.  The opening summary judgment papers, as I
13 said, has been filed.  Opposition, we moved on the schedule
14 a little bit.  They're going in on next Monday, with reply
15 due on March 7th.  Which means Your Honor will have six
16 briefs on the summary judgment piece, in addition to the
17 briefs we had on the motion to dismiss.
18         We do have a pretrial brief scheduled to be filed
19 on March 8th, and maybe that's something we can discuss
20 today.  I don't know that that's going to be real helpful to
21 the Court in light of the briefing you've had with the
22 evidence attached.  And then we have the March 11th pretrial
23 that you'd set, which might be actually a good date, if Your
24 Honor's amenable to it, to do the summary judgment core,
25 non-core argument, if you want to hear argument on that at

1   all.  I don't know whether I covered everything there, Mark.
2              MR. MCKANE:  Well, no, Chris, you did a great job.
3   Thank you for doing that.  I guess the only other thing,
4   Your Honor, we propose is to the extent that you have
5   concerns about the schedule and the pace you're picking up
6   on one of Chris's key points, which is that the rights
7   offering may not launch until mid- to late-April, and
8   recognizing that might prove a little more time than
9   anticipated.  I think if you polled all of our group,
10  collectively, in a well-run trial, kind of consistent with
11  how we did confirmation, we do not think it would take eight
12  days.  And I know we have eight days set aside.
13             And to the extent that Your Honor is concerned
14  about timing for evaluating the existing motions, including
15  the motion including the motion for summary judgment, one
16  proposal would be, for Your Honor's consideration, and
17  obviously for TTI's as well, and we did run this, we kind of
18  floated this proposal by TTI yesterday, we recognize things
19  are fluid.  Given all the briefing, one proposal would be to
20  just dispense with additional pretrial briefing.  So that
21  would eliminate the obligation due on the 8th.  If the
22  parties agree that eight full trial days I probably not what
23  it going to be needed for this trial, recognizing Your
24  Honor's schedule and the amount of paper that's already in
25  front of you, one proposal would be to free up the week of

1    the 21st, to enable you have additional time to consider the

2    briefing in front of you, and if necessary, have the

3    pretrial that week.

4             And I say if necessary only because we do have a

5    mediation date proposed for the 14th, the week of the 14th.

6    So then you would have pretrial the week of the 21st, at

7    some point, and then trial could start the following week.

8    I would note, for those who observe the date, that that is

9    Easter Sunday, so maybe we would, if Your Honor's amenable,

10   we would start trial maybe Easter Monday, or maybe in the

11   afternoon that Monday.  A lot of folks could travel in on

12   that day.  But that, if the estimate of the trial is more

13   like three to four days, a revised schedule along those

14   lines would allow you more time to consider the summary

15   judgment briefings and the non-core motions, and then still

16   ensure that we get the trial done in advance of rights

17   offering launch.

18             MR. SHORE:  Yeah, maybe I can -- this is Chris

19   again -- and maybe I can add on that.  And I have talked to

20   Mark about this.  My sense is that this is a summary

21   judgment case.  I mean, both sides have taken the position,

22   and they're moving papers, that the contract is unambiguous

23   in their favor.  But for all evidence that's been submitted

24   by the parties isn't really he-said, she-said, for all

25   evidence is draft of the agreement, testimony regarding the

1  negotiations, and internal investment memoranda, maybe a
2  piece on usage and trade.  But it's not really the kind of
3  stuff that requires any kind of credibility finding from the
4  Court.
5           It seems like one of those cases which we've all
6  done in front of Your Honor, which a summary judgment
7  opinion that resolves issues that the Court believes can be
8  resolved on summary judgment, and then leaving any trial
9  issues to be tried on a narrow trial kind of thing, would
10 dovetail with what Mr. McKane's saying, which is if we got a
11 summary judgment ruling, and Your Honor told us, "I think
12 there's a trial issue, with respect to, for example, usage
13 and trade," we can react to that very quickly, and tell you
14 very quickly how many days we'll need to try those issues so
15 that -- it may be that if we can get an argument done if
16 Your Honor wants the argument, again, and get a ruling, we
17 could, you know, do a trial very quickly after that, that
18 really just focused on that which you felt you need the
19 evidence on.
20          THE COURT:  Okay.  Thank you, Mr. Shore.  TTI's
21 been quiet, which is fine.  I don't know if you want to
22 chime in at all.
23          MR. ZIMMERMAN:  Yeah, good morning, Judge, good
24 afternoon.  This is George Zimmerman, on behalf of TTI.  We
25 have very little disagreement with anything that was said.

1   I think we would be amenable--obviously everything I say,
2   subject to the Court's preference.  Given the briefing on
3   summary judgment, it's not clear a pretrial brief would be
4   all that helpful, and would be more burdensome of the Court.
5   We also agree that this case either can be resolved
6   completely on summary judgment, or perhaps significantly
7   narrowed.
8           We also agree, regardless of summary judgment,
9   this should not be an eight-day trial.  It's just not that
10  many witnesses.  The testimony shouldn't be that long.  We
11  don't have a problem with the pretrial the week of the 21st.
12  Argument of summary judgment can go a long way, as well as
13  the core, non-core issue.  If and when the actual trial is
14  needed, whether it's the end of March, or maybe pushing back
15  a week, we can always figure out scheduling.  But subject to
16  that, it kind of looks like the parties kind of are in the
17  same ballpark here.
18          THE COURT:  Okay, that's very helpful. And you're
19  anticipating -- I'm sorry, does anybody want to say anything
20  else?  Okay.  I don't hear anybody.  You've anticipated
21  where I was coming from, and one of the reasons I wanted to
22  get you all on the phone today, which was to jigger around
23  the schedule here a little bit, to put off the pretrial --
24  let me back up for a second.  I agree that I believe that
25  the summary judgment briefing, which I understand will be

1    completed March 7th, is going to be more than adequate to

2    constitute pretrial briefing, and that anything that isn't

3    in the summary judgment motion that might be relevant to a

4    trial can be identified some way other than through a sort

5    of pretrial formal briefing process.  So I can only read so

6    many briefs as well.  So I am happy to wave the pretrial

7    briefing requirement.

8           I want to have time to read and digest the summary

9    judgment motions and briefing, and I do want to have real

10   argument on that, and I want time to decide.  And the way

11   the current schedule is built, I just don't have that kind

12   of time built into the scheduled.  So I would -- I also

13   believe going in, and it's nice to hear that I was at least

14   in line with the parties' expectations, that a full sort of

15   eight-day trial schedule wasn't going to be necessary, that

16   any factual dispute, any genuine issues of material fact

17   that would preclude summary judgment would probably be

18   fairly narrow.  So we've all gotten -- at least I've gotten

19   certainly slower than you've guys, but I've gotten a sense

20   of the case as its moved along, and have a feeling that it

21   is probably very much likely to be a summary judgment case.

22          But of course, we have to preserve trial date, in

23   case that doesn't prove to be accurate.  However, that trial

24   date, I believe, should slip.  So here's what I'd like to

25   do.  And I'm very cognizant, continue to be cognizant of the

1  need for expedite consideration here, although it's not
2  necessarily a technical condition, as Mr. Shore has stated
3  on numerous occasions, it's perhaps a consummation issue, so
4  I think it important to keep it on a fast track.  So here's
5  what I'd like to do, subject to the parties' availability,
6  which is again, to waive the pretrial briefs, to have the
7  summary judgment briefs submitted to the Court under
8  certification of counsel pretty much as soon as their done,
9  so hopefully Tuesday the 8th, if you could get those over.
10          I'd like to schedule oral argument on the summary
11 judgment briefs for March 21st, at 12:30, which is currently
12 the time we had set aside for the beginning of the trial.
13 So hopefully people are available.  And that would be the
14 balance of the day.  The focus on that would be obviously
15 the summary judgment motions, but I would also like brief
16 argument on the core issue, to the extent the parties would
17 like to argue that.  I'm going to withhold decision on that,
18 although I've actually already read the briefs, pending oral
19 argument at that time.
20          I would cancel the trial dates for the week of the
21 21st and the 28th, and reset a four-day trial for the week
22 of April 11.  So that would be done all day on April 11, 12,
23 13, and 15.  So Monday, Tuesday, Wednesday, and Friday, with
24 hopefully the ability with enough time to prepare use of
25 declarations, et cetera, we would be able to get that done

1    in those, in that timeframe, I think that's very doable.  It
2    may be that of course I -- well, not maybe.  I will issue a
3    decision on summary judgment sometime the week of April 4.
4    Excuse me, I'm taking some notes here.  And it's of course
5    possible that that decision would moot the need to go
6    forward with trial the week of the 11th, but we won't know
7    until the Court makes a decision, and that decision may,
8    even with we start to go forward with trial on the 11th, may
9    narrow significantly the amount of evidence that the Court
10   needs to hear at that trial.  We'll just sort of have to see
11   how things play out.
12           I think a pretrial conference really isn't going
13   to be necessary to do in person, but it may make sense to
14   have something on the telephone, oh, the week of the 4th of
15   April, just to have everybody at the same time to just
16   discuss the logistics, if nothing else, for how the week of
17   the 11th would proceed.  I don't know what that date would
18   be, as I sit here today.  It would have to be after my
19   summary judgment decision, which would hopefully be entered
20   on or about April 4th, possibly sooner, certainly no later
21   than the 5th or 6th.  That's how I'd like to proceed.  Of
22   course, open that up to the parties to comment on, and I
23   know that slips the schedule some.  I don't think it slips
24   it so much that it's going to be problematic for the
25   business deal.  Of course, you guys will know more on the

1    3rd, you'll know more on the 24th, and that'll continue to

2    evolve, perhaps, and I would always appreciate being kept up

3    to speed on what's going on in connection with those

4    developments.

5             I make a conscious decision not to read press

6    reports about the case, so I'm not going to be privy to

7    what's going on unless one of the parties, one or more of

8    the parties let me know what's going on, and I do that on

9    purpose.  So again, that would be summary judgment briefs on

10   the 7th, provide to the Court hopefully the 8th, oral

11   argument the 21st at 12:30, a decision by the Court

12   hopefully no later than the 4th of April, with trial the

13   week of April 11th, 11, 12, 13, and 15, with a pretrial

14   teleconference thrown into here somewhere between entry of a

15   decision on summary judgment, and the start of trial, to the

16   extent necessary.

17            MR. ZIMMERMAN:  Well, Judge, this is George

18   Zimmerman, for TTI.  All of that works for us fine.

19            MR. SHORE:  And this is Chris Shore.  The lawyers

20   will move the personnel around on that for the dates, and

21   we'll figure out how to do that, but the only caveat we have

22   is, I have no idea what the witness availability is during

23   that week.  Hopefully there won't be a problem, but that

24   will be -- we'll try to find out whether anybody who might

25   be necessary, depending on what the ruling is, can make some

1  time available that week.
2          MR. ZIMMERMAN:  Actually, it's Zimmerman again, we
3  have the same caveat.  But as far as the lawyers are
4  concerned, it's fine for us.
5          THE COURT:  Okay, Mr. McKane, anything?
6          MR. MCKANE:  No, Your Honor.  I have some personal
7  obligations that I'm going to need to rework, but we'll get
8  it done.
9          THE COURT:  All right.  I do apologize to the
10 extent it's going to mess up people's personal schedules,
11 but you know, that's how it is sometimes.
12         MR. MCKANE:  Your Honor, for the record, it's Mark
13 McKane, I totally understand, not suggesting otherwise.  But
14 we'll make it work.
15         THE COURT:  All right.
16         MR. MCKANE:  Again, thank you.
17         THE COURT:  Okay, let's -- since we've been
18 operating under a scheduling order in this case, and I think
19 it's probably important to continue to do so, if you guys
20 could work together to put that into writing and send it to
21 the Court, that would probably be helpful.  And of course, I
22 continue to hope mediation's successful, but I know you're
23 going to work under the careful tutelage of Judge Gross.
24 And if anyone can make it happen, it's him.  So I hope it
25 goes well on the 14th.  Anything else?  Okay, again, thank

```
 1   you very much for making yourself available, and I'll talk
 2   to you soon.  Goodbye.
 3               MR. MCKANE:  Okay, Your Honor.
 4
 5
 6                          * * * * *
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1                C E R T I F I C A T I O N

2

3    I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5    

6    Sonya Ledanski Hyde

7    

Digitally signed by Sonya Ledanski Hyde
DN: cn=Sonya Ledanski Hyde, o=Veritext, ou,
email=digital@veritext.com, c=US
Date: 2016.02.29 14:13:54 -05'00'

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20   Veritext Legal Solutions

21   330 Old Country Road

22   Suite 300

23   Mineola, NY 11501

24

25   Date:  February 29, 2016