# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>            Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br>(Jointly Administered)<br><br>Re: Docket No(s). 7812, 7814 |

### RED BALL OXYGEN COMPANY'S OMNIBUS RESPONSE TO DEBTOR'S THIRTY-SIXTH (36th) AND THIRTY-SEVENTH (37th) OMNIBUS CLAIM OBJECTIONS
[Re. 36th Obj. & Proofs of Claim Nos. 10066 – 10071]
[Re. 37th Obj. & Proofs of Claim Nos. 7675-7679]

Red Ball Oxygen Company ("Red Ball"), a party-in-interest and creditor in the above-styled, jointly administered case (the "Bankruptcy Case") hereby submits this *Omnibus Response* (the "Response") to the *Thirty-Sixth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 7182] (the "36th Omnibus Objection") and *Thirty-Seventh Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 7814] (the "37th Omnibus Objection") filed by the debtors and debtors-in-possession (the "Debtors") in the Bankruptcy Case, and respectfully states as follows:

## I.   BACKGROUND

1. In January 2012, the "Luminant Debtors"[1] entered into multiple *Master Purchase Agreements* with Red Ball (as amended or modified, the "Purchase Agreements"). Thereafter, pursuant to the terms of the Purchase Agreements, the Luminant Debtors routinely purchased gas and other welding supplies from Red Ball in the ordinary course of their business. Once delivered, the Debtors would then utilize the gas and other welding materials for, among other things, the Debtors' routine welding construction and maintenance performed at various plants, mines, and other facilities located throughout Texas.

2. On April 29, 2014, after struggling to generate sufficient positive cash flow to service certain debt obligations, the Debtors filed their voluntary petitions for Chapter 11 relief on April 29, 2014 (the "Petition Date"), thereby commencing this Bankruptcy Case and creating the Debtors' respective bankruptcy estates (the "Estates").

3. On June 30, 2014, the Debtors filed their *Schedules of Assets and Liabilities* (the "Schedules"). In their Schedules, the Luminant Debtors listed Red Ball as having multiple general unsecured claims against them. Collectively, the Luminant Debtors scheduled Red Ball's general unsecured claims as equal to approximately $680,967.44.[2]

4. On July 8, 2014, months before the Bar Date, Red Ball filed its *Notice of Perfection of Lien Pursuant to 11 U.S.C. § 546(b)* [D.E. 1505] (the "Lien Notice"), with this Court. Among other things, the Lien Notice notifies the Debtors and other parties-in-interest that

---

[1] For purposes of this Response, "Luminant Debtors" shall mean the following Debtors: Luminant Generation Company LLC, Oak Grove Management Company LLC, Sandow Power Company LLC, Luminant Mining Company LLC, and/or Luminant Big Brown Mining Company.

[2] According to Red Ball's records, Red Ball's prepetition claims against the Luminant Debtors equal no more than $455,395.44. Red Ball, however, reserves its right to seek a later amendment of this amount, following a reconciliation of the parties' records and/or the discovery by Red Ball of additional unknown prepetition claims. Nothing herein should be construed as a waiver by Red Ball to assert any postpetition claims held by it in the Bankruptcy Case, including, without limitation, any claims arising under sections 503 and 506 of the Bankruptcy Code.

Red Ball has claims against the Debtors for furnishing, from March 18, 2014 through April 8, 2014, "labor and materials for construction or repair to certain real property and improvements pursuant to contractual agreements with one or more of the Debtors for which Red Ball has not been paid." The Lien Notice further states that, for the applicable period, the principal amount the Luminant Debtors or their Estates owe Red Ball is not less than $47,025.22, exclusive of contractual interest, attorney's fees, and costs, (the "Secured Materialman Claims"). The Lien Notice further states that such claims of Red Ball against the Debtors have been successfully secured by the materialman's liens described in the Lien Notice, attached to the Debtors' real property, housing, buildings, fixtures, and improvements, and incept and relate back to "the commencement of construction and improvements or delivery of materials to the land . . ."[3]

5. On August 18, 2014, this Court entered its order [D.E. 1866] (the "Bar Date Order") fixing October 27, 2014 at 5:00 p.m. (eastern prevailing time) as the Bar Date for creditors to file proofs of claim for certain non-governmental prepetition claims and administrative claims under section 503(b)(9) of the Bankruptcy Code.

6. On October 24, 2014, three days before the Bar Date, Red Ball submitted its original proofs of claim against the Luminant Debtors in compliance with the procedures and other requirements set forth in the Bar Date Order. Collectively, Red Ball, through its original proofs of claim, asserted claims against the Luminant Debtors aggregating $408,370.22, of which $183,396.49 are administrative expense claims under section 503(b)(9) of the Bankruptcy Code. The original proofs of claim did not list any of Red Ball's secured claims, which had previously been detailed in the Lien Notice and collectively make up the Secured Materialman Claims.

---

[3] *See id.* § 53.124; *see also* 11 U.S.C. §§ 362(b)(3), 546(b)(1).

7. On or about May 8, 2015, Red Ball filed its proofs of claim on account of its Secured Materialman Claims (collectively, the "Materialman Proofs of Claim"). On or about June 9, 2015, this Court entered an order [D.I. 4957] (the "Materialman Order") approving that certain *Stipulation Regarding Certain Proofs of Claim of Red Ball Oxygen Company*, pursuant to which the Debtors waived any and all rights to object to the Materialman Proofs of Claim as being filed untimely. As made a finding in the Materialman Order, that "based on the Debtors' reasonable review of their books and records, the Debtors believe that Red Ball may have a reasonable basis for its [Materialman Proofs of Claim]."

### III. REPLY

#### A. DEBTOR'S THIRTY-SIXTH OMNIBUS (SUBSTANTIVE) OBJECTION

8. The Debtors incorrectly object to Materialman Proofs of Claim # 10066-10071 on the basis that the secured amounts of these claims were not properly perfected as to the underlying liabilities. According to the Debtors, the Materialman Proofs of Claim were not properly perfected because such liabilities purportedly either do not fall within the scope of, or do not meet the requirements of, the Texas Property Code. In arguing that the Materialman Proofs of Claim should be deemed as "No Liability Claims," the Debtors point out that invoices attached to the Materialman Proofs of Claim also support Red Ball's proofs of claim for administrative (i.e., 503(b)(9)) and general unsecured claims ("Other Proofs of Claim"). Finally, the Debtors argue that the Materialman Proofs of Claim should be disallowed because the documentation in support of the Materialman Proofs of Claim allegedly fails to evidence a valid secured claim.

9. A brief look beyond Debtors' sweeping, conclusory arguments demonstrates the Materialman Proofs of Claim are valid secured claims to be allowed in full. Under the Texas

Property Code, a supplier of labor or materials by virtue of a contract with the property owner or property owner's agent has a valid statutory mechanic's and materialman's lien. TEX. PROP. CODE § 53.021(a) (2016). To perfect a lien, a party must "file an affidavit with the county clerk of the county in which the property is located . . . not later than the fifteenth (15th) day of the fourth (4th) calendar month after the day on which the indebtedness accrues." *Id.*; *see also* § 53.054(a) (requiring the affidavit to include a certain level of specificity in terms of the amount at issue, the claimant, the property owner, the work or materials furnished, and the property sought to be charged with the lien); *but see* § 53.054(c) (clarifying an affidavit does not need "to set forth individual items of work done or material furnished . . ."). Upon a property owner filing for bankruptcy relief, a claimant may "reach back" to perfect its lien interest (as discussed above) postpetition without running afoul of the automatic stay and the scriptures of the Bankruptcy Code. *See, e.g.,* TEX. PROP. CODE § 53.124; 11 U.S.C. §§ 362(b)(3), 546(b)(1) (2016).

10. Here, the Materialman Proofs of Claim are comprised of debts owed to Red Ball for primarily furnishing gases and other welding supplies and materials to the Luminant Debtors between March 18, 2014 through April 8, 2014 to various plants, mines, and other facilities of the Luminant Debtors located throughout Texas, pursuant to the Purchase Agreements. At the time these debts arose (all of which are evidenced by detailed affidavits attached to the Materialman Proofs of Claim) Red Ball had a statutory lien for an equivalent amount in the property where the materials were being furnished. Red Ball's subsequent perfection of its liens through the timely filing of proper affidavits (copies of which are also attached to the Materialman Proofs of Claim) against properties owned by the Luminant Debtors effectively elevated Red Ball's debts during this time period from unsecured to secured, notwithstanding the implementation of the automatic stay or applicability of other statutory provisions of the

Bankruptcy Code.

11.  In the face of overwhelming evidence establishing the *prima facie* validity of Red Ball's Materialman Proofs of Claim, the Debtors dispute the *prima facie* validity of Red Ball's Materialman Proofs of Claim without offering any facts or evidence in support of their conclusory arguments. While there might be overlap between the debt obligations encompassing the Materialman Proofs of Claim and those comprising Red Ball's Other Proofs of Claim, these debts clearly make up Red Ball's secured claims against the Luminant Debtors and were only included in the Other Proofs of Claim out of an abundance of caution and so as to not prejudice or foreclose Red Ball's ability to assert these debts as unsecured in the event Red Ball was unable to "reach back" postpetition to perfect its liens under Texas law. For these reasons, the Debtors' objections to Materialman Proofs of Claim # 10066-10071 should be denied.

B.  **DEBTOR'S THIRTY-SEVENTH OMNIBUS (SUBSTANTIVE) OBJECTION**

12.  The Debtors object to Red Ball's Other Proofs of Claim # 7675-7679 based on the Other Proofs of Claim being (i) asserted against the incorrect Debtor and (ii) for either (a) an incorrect amount or (b) incorrect priority. The substance of the Debtors' objection to Red Ball's Other Proof of Claim # 7677 is that Proof of Claim #7677 should be reduced by a nominal amount and asserted as claims against Liquidating Mining Company LLC, as opposed to Luminant Big Brown Mining Company LLC. Red Ball has strong doubts, however, about whether the transfer of the underlying debts of Red Ball's Other Proof of Claim # 7677 from Luminant Big Brown Mining Company LLC to Luminant Mining Company LLC is proper, where Red Ball had been furnishing goods to "Luminant Big Brown Mine." Presumably, Luminant Big Brown Mining Company LLC is the owner of "Luminant Big Brown Mine."

13. The Debtors further object to Red Ball's Other Proofs of Claim # 7676 and 7679 on the bases that the underlying debts, at least in part, belong to another Debtor and that 503(b)(9) administrative expense portion of the claims should be reduced (with the overall amounts of Red Ball's Other Proofs of Claim # 7676 and 7679 staying the same). Again, Red Ball has strong doubts about whether the transfers of the debts of Red Ball to new Debtors are proper. With respect to Red Ball's Other Proof of Claim #7676, Red Ball had been furnishing a substantial portion of the goods to the "Oak Grove Power Plant and Kosse Mine," which is owned by Oak Grove Management Company LLC. As for Red Ball's Other Proof of Claim # 7679, Red Ball had been furnishing a substantial portion of the goods to, among others, the "Beckville Mine," "Tatum Mine," "Oak Hill Mine," "Winfield Mine," "Kosse Mine," and "Three Oaks Mine," the vast majority of which are owned by Luminant Mining Company. And, unlike Red Ball whom has attached invoices evidencing the validity of its asserted claims, including its 503(b)(9) administrative expense claim in its Other Proofs of Claim # 7676 and 7679, the Debtors fail to offer any evidence in support of its assertions that the underlying debts belong to other Debtors and its 503(b)(9) administrative expense portion of the claims should be reduced. Without such evidence, the Debtors' objections to Red Ball's Other Proofs of Claim # 7676 and 7679 shall be denied. *See Brown v. IRS (In re Brown)*, 82 F.3d 801 (8th Cir. 1996) (ruling a claim's presumptive validity is not altered unless an objection is supported by substantial evidence); *In re Hemingway Transp.*, 993 F.2d 915 (1st Cir. 1993) (same); *In re Fullmer*, 962 F.2d 1463 (10th Cir. 1992) (same).

14. Finally, the Debtors also object to Red Ball's Other Proofs of Claim # 7675 and 7678 on the bases that the underlying debts, at least in part, belong to another Debtor and that their claims should be reduced, including, but not limited to, the administrative expense portion

of their claims. Again, Red Ball has strong doubts about whether the transfer of the debts of Red Ball to new Debtors is proper. With respect to Red Ball's Other Proof of Claim #7675, Red Ball had been furnishing a substantial portion of the goods to the "Luminant Sandow" plant, which is owned by Sandow Power Company LLC. As for Red Ball's Other Proof of Claim # 7678, Red Ball had been furnishing a substantial portion of the goods to, among others, the "DeCordova" plant, the "Permian Basin" power plant, the "Martin Lake" power plant, the "Monticello" power plant, the "Big Brown" power plant, the "Graham" plant, the "Stryker Creek" plant, the "Trinidad" plant, the "Comanche Peak" plant, and the "Lake Hubbard" plant, vast majority of which are owned by Luminant Generation Company LLC. And, unlike Red Ball whom has attached invoices evidencing the validity of its asserted claims, including its 503(b)(9) administrative expense claim in its Other Proofs of Claim # 7675 and 7678, the Debtors fail to offer any evidence in support of its assertions that the underlying debts belong to other Debtors and its claims, including, without limitation, its 503(b)(9) administrative expense portion of the claims, should be reduced. Without such evidence, the Debtors' objections to Red Ball's Other Proofs of Claim # 7675 and 7678 shall be denied. *See Brown v. IRS (In re Brown)*, 82 F.3d at 801; *In re Hemingway Transp.*, 993 F.2d at 915; *In re Fullmer*, 962 F.2d at 1463.

## IV.    CONCLUSION

WHEREFORE, Red Ball requests that the Court deny the Debtors' 36th Omnibus Objection and 37th Omnibus Objection as they pertain to Red Ball's proofs of claim.

Dated: March 1, 2016　　　　　　　　**CIARDI CIARDI & ASTIN**
　　　　Wilmington, Delaware

　　　　　　　　　　　　　　　　　　*/s/ Joseph J. McMahon, Jr.*
　　　　　　　　　　　　　　　　　　Daniel K. Astin, Esq. (No. 4068)
　　　　　　　　　　　　　　　　　　John D. McLaughlin, Jr., Esq. (No. 4123)
　　　　　　　　　　　　　　　　　　Joseph J. McMahon, Jr., Esq. (No. 4819)
　　　　　　　　　　　　　　　　　　1204 N. King Street
　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　Phone: (302) 658-1100
　　　　　　　　　　　　　　　　　　Facsimile: (302) 658-1300
　　　　　　　　　　　　　　　　　　jmcmahon@ciardilaw.com

　　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　　**Glast, Phillips & Murray, P.C.**
　　　　　　　　　　　　　　　　　　Jonathan L. Howell, Esq.
　　　　　　　　　　　　　　　　　　Texas Bar No. 24053668
　　　　　　　　　　　　　　　　　　jhowell@gpm-law.com
　　　　　　　　　　　　　　　　　　14801 Quorum Drive, Suite 500
　　　　　　　　　　　　　　　　　　Dallas, TX 75254
　　　　　　　　　　　　　　　　　　Phone (972) 419-8300
　　　　　　　　　　　　　　　　　　Facsimile: (972) 419-7196

　　　　　　　　　　　　　　　　　　*Counsel to Red Ball Oxygen Company*