# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

## ORDER (A) APPROVING AN INCREASE IN THE LIMIT ON THE DEBTORS' AUTHORITY TO PAY NON-INSIDER SEVERANCE AND (B) AUTHORIZING THE DEBTORS TO PAY INSIDER SEVERANCE IN ACCORDANCE WITH THE INSIDER SEVERANCE PROCEDURES

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) approving an increase of the Non-Insider Severance Cap, to total an amount not to exceed $35 million in the aggregate and (b) authorizing the Debtors to honor obligations to Insiders on account of the Severance Program, in accordance with the Insider Severance Procedures, all as more fully set forth in the Motion and the Kirby Declaration, and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core case pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not ordered, to make payments under the Severance Program to non-insider employees, not exceeding $35 million in the aggregate.

3. The Debtors are authorized to honor obligations to Insiders on account of the Severance Program, in accordance with the following Insider Severance Procedures:

   a. the Debtors shall, at least fourteen (14) calendar days prior to such payment, give notice (each notice, an "Insider Severance Notice") of such payment to (i) the U.S. Trustee, (ii) counsel to the ad hoc committee of TCEH first lien creditors, (iii) counsel to TCEH Creditors' Committee, (iv) counsel to the Ad Hoc TCEH Unsecured Noteholders Group, and (v) counsel to the EFH Creditors' Committee (each an "Insider Severance Notice Party," collectively, the "Insider Severance Notice Parties");

   b. the Insider Severance Notice shall: (i) identify the Insider being severed, (ii) set forth the Insider Severance payment calculation, and (iii) set forth the mean severance payment made to non-management employees in the twelve-month period preceding the date on which severance is to be paid;

   c. if no written objection by any Insider Severance Notice Party is filed with this Court within fourteen (14) calendar days of service of such Insider Severance Notice (the "Insider Severance Objection Deadline"), the Debtors may immediately proceed with the Insider Severance payment; and

   d. if a written objection by an Insider Severance Notice Party is filed with the Court by the Insider Severance Objection Deadline (i) from the date the objection is filed, the Debtors shall have seven (7) calendar days to file a

reply and (ii) the relevant payments shall only be paid upon withdrawal of such written objection or further order of the Court.

4. Nothing herein shall prejudice the rights of the Debtors to seek additional or further relief from the Court with respect to the Severance Program, the Executive Severance Plan, Insider Severance payments, or the Insider Severance Procedures.

5. Notwithstanding anything herein to the contrary, or any prepetition policy, internal arrangement, or agreement among the Debtors, including any allocation methodologies contained in such polices, arrangements, or agreements, nothing in this Order shall be deemed a waiver of any party in interest's right to subsequently dispute the allocation of payments made pursuant to this Order among the Debtors.

6. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: __March 8__, 2016

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE