**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
|  |  | **Re: Docket No. 8071** |

**DECLARATION OF STEVEN R. KOTARBA, MANAGING DIRECTOR
WITH ALVAREZ & MARSAL NORTH AMERICA, LLC, IN SUPPORT
OF THE DEBTORS' FORTIETH OMNIBUS (SUBSTANTIVE) OBJECTION
TO NO LIABILITY AND OVERSTATED CLAIMS PURSUANT TO
SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES
3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1**

Pursuant to 28 U.S.C. § 1746, I, Steven R. Kotarba, declare as follows:

1. I am a Managing Director with Alvarez & Marsal North America, LLC ("A&M"). A&M serves as an advisor to the Debtors in preparation for and during these chapter 11 proceedings by assisting the Debtors with financial analyses, claims management, and various notice requirements. In preparing this declaration, I generally relied on court pleadings and other compilations that I typically rely on in performing my job and are generally relied on by the public or persons in my occupation. I am over the age of 18 and duly authorized to execute this declaration (the "Declaration") on behalf of the Debtors in support of the *Debtors' Fortieth Omnibus (Substantive) Objection to No Liability and Overstated Claims Pursuant to Section*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 7812] (the "Objection"),[2] filed contemporaneously herewith.

2.   The facts in this Declaration are based on my personal knowledge and review of information and my experience with the Debtors' operations and these chapter 11 cases. If called to testify, I would testify to the facts set forth herein.

3.   To date, over 40,000 Proofs of Claim have been filed in these chapter 11 cases. Considerable time and resources have been expended to review and reconcile the Proofs of Claim filed against the Debtors in these chapter 11 cases. Upon review of the Proofs of Claim filed in these chapter 11 cases and supporting documentation attached thereto, the Debtors have determined that the Disputed Claims listed on **Exhibit 1** and **Exhibit 2** to **Exhibit A** to the Objection are not properly asserted pursuant to section 502(b) of the Bankruptcy Code; Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure; Local Rule 3007-1; and applicable orders of the Bankruptcy Court.

I.   **No Liability Proof of Claim.**

4.   Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified one No Liability Claim listed on **Exhibit 1** to **Exhibit A**, in the aggregate claimed amount of $22,327,349.81. To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry—including the Debtors', their restructuring advisors' (A&M), and my (i) review of the No Liability Claim and (ii) reasonable efforts to research the same on the Debtors' books and records and Schedules — the No Liability Claim reflects a Proof of Claim that is asserted against the Debtors, but for which there is no indication that any of the Debtors are actually liable.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

**II.     Overstated Proofs of Claim.**

5.      Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified two Overstated Claims listed on **Exhibit 2** to **Exhibit A**, in the aggregate claimed amount of $78,274.57.  To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry—including the Debtors', their restructuring advisors' (A&M), and my (i) review of the Overstated Claims and (ii) reasonable efforts to research the same on the Debtors' books and records and Schedules— the Overstated Claims are filed for amounts that differ from and are greater than the amounts reflected on the Debtors' books and records.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 24, 2016
       Wilmington, Delaware

                                        */s/ Steven R. Kotarba*
                                        Steven R. Kotarba
                                        Managing Director
                                        Alvarez & Marsal North America, LLC