# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) Obj. Deadline: April 25, 2016 at 4:00 p.m. (EDT) |

## DEBTORS' FIFTH NOTICE OF CLAIMS SATISFIED IN FULL OR IN PART

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this notice (the "Notice"), pursuant to Del. Bankr. L.R. 3007-1(e)(iii)(J)(2), identifying certain Claims (as defined below) filed in the above-captioned chapter 11 cases which have been satisfied or released postpetition in full or in part (the "Satisfied Claims"). Each of the Satisfied Claims is listed in **Exhibit A** and **Exhibit B** attached hereto, which are incorporated herein by reference and are also accessible at the following website maintained by Epiq Bankruptcy Solutions, LLC ("Epiq"), the Debtors' court-appointed claims agent: www.efhcaseinfo.com. In support of this Notice, the Debtors respectfully state as follows.

## Background

1. On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 14166104v.1

chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company on May 13, 2014 [D.I. 420], and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98] and the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6124]. Additionally, on December 9, 2015, the Court entered the *Order (Amended) Confirming the Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, confirming the Debtors' plan of reorganization, effective as of December 7, 2015 [D.I. 7235].

2.  On June 30, 2014, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs ("Statements" and together with the Schedules, the "Schedules and Statements") [D.I. 1237–1307, 1319–1329, 1331–1343, 1345]. On September 26, 2014, the Debtors filed their amended Schedules and Statements [D.I. 2146–2216], addressing certain discrete issues. Additionally, in the ordinary course of business, the Debtors maintain books and records that reflect, among other things, the Debtors' aggregate liabilities and the specific amounts owed to each of their creditors.

3.      On May 2, 2014, the Court entered an order establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "Customer Claims Bar Date") as the final date and time for certain customer claimants holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Customer Proofs of Claim") in these chapter 11 cases and approving the form and manner of notice of the Customer Claims Bar Date [D.I. 307].

4.      Written notice of the Customer Claims Bar Date was mailed to current and certain former customers of the Debtors.[2]  In addition to mailing such actual notice, the Debtors also published notice of the Customer Claims Bar Date in *The Wall Street Journal*, *USA Today*, *The Dallas Morning News*, *Houston Chronicle*, *Corpus Christi Caller Times*, *Fort Worth Star-Telegram*, and *Waco Tribute Herald*.

5.      On August 18, 2014, the Court entered an order (the "General Bar Date Order") establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases (the "Non-Customer Proofs of Claim" and together with the Customer Proofs of Claim, the "Proofs of Claim"), except for claims specifically exempt from complying with the General Bar Date as set forth in the General Bar Date Order, and approving the form and manner of notice of the General Bar Date [D.I. 1866].

---

[2] The procedures for notifying the Debtors' current and former customers are set forth in the *Motion of Energy Future Holdings Corp., et al., for Entry of (A) an Order Authorizing the Debtors to (I) Maintain and Administer Customer Programs and Customer Agreements, (II) Honor Prepetition Obligations Related Thereto, (III) Pay Certain Expenses on Behalf of Certain Organizations, (IV) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (V) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of Customer Agreements, and the Bar Date for Customer Claims and (B) an Order Authorizing Certain of the Debtors to Assume the Customer Agreements* [D.I. 31].

6.      Written notice of the General Bar Date was mailed to, among others, all known creditors and other known holders of claims against the Debtors as of the date of entry of the General Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors, and to all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the General Bar Date Order.  In addition to mailing such actual notice, the Debtors also published notice of the General Bar Date in more than 200 publications nationwide, as detailed in Exhibit 4 to the Bar Date Order.

7.      On July 30, 2015, the Court entered an order (the "Asbestos Bar Date Order") establishing December 14, 2015, at 5:00 p.m. (prevailing Eastern Time) (the "Asbestos Bar Date") as the final date and time for all persons and entities holding or asserting a manifested or unmanifested asbestos claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases (the "Asbestos Proofs of Claim" and together with the Customer Proofs of Claim and the Non-Customer Proofs of Claim, the "Proofs of Claim"), except for claims specifically exempt from complying with the Asbestos Bar Date as set forth in the Asbestos Bar Date Order, and approving the form and manner of notice of the Asbestos Bar Date [D.I. 5171].

8.      Written notice of the Asbestos Bar Date was mailed to current and former employees and contractors as well as known asbestos claimants.  As detailed in the Asbestos Bar Date Order and exhibits thereto, the Debtors also effectuated an extensive publication notice plan, including: (i) providing notice in consumer publications, local newspapers, national newspapers, trade publications, and union labor publication; (ii) establishing a dedicated website and toll-free number; (iii) placing Internet banner advertisements and sponsoring Internet search

listings; (iv) distributing an informational release to approximately 4,200 print and broadcast media outlets and 5,500 online outlets; and (v) engaging in targeted outreach to labor unions.

9. To date, over 40,000 Proofs of Claim have been filed in these chapter 11 cases.

### Claims Satisfied After the Petition Date

10. In connection with their review of their books and records, the Debtors have identified certain Claims or portions of Claims, as set forth in **Exhibit A** and **Exhibit B** hereto, *i.e.,* the Satisfied Claims, that have been satisfied by the Debtors or released after the Petition Date, either in whole or in part, (a) pursuant to statute, agreements, and/or other documents executed by the Claimants releasing the Satisfied Claims held against the Debtors; (b) pursuant to an order of this Court, including, but not limited to, the *Final Order (A) Authorizing The Debtors To (I) Pay Certain Prepetition Compensation And Reimbursable Employee Expenses, (II) Pay And Honor Employee And Retiree Medical And Similar Benefits, And (III) Continue Employee And Retiree Benefit Programs, And (B) Modifying The Automatic Stay* [D.I. 786]; or (c) in the case of certain asserted post-petition amounts, in the ordinary course of the Debtors' businesses.

11. Accordingly, the Debtors intend to designate on the Claims Register the Satisfied Claims listed on **Exhibit A** as having been previously satisfied in full, and the Satisfied Claims listed on **Exhibit B** as (i) having been previously satisfied in part and (ii) remaining in the amounts and priorities listed under the heading "Remaining Amount" in the attached **Exhibit B**. Out of an abundance of caution, the Debtors will serve this Notice on all holders of Satisfied Claims to provide them with an opportunity to interpose an objection, if any, to the Debtors' determination that such Claims have been fully satisfied.

**Responses to the Notice**

12. By this Notice, the Debtors request that any holder of a Satisfied Claim who disputes the Debtors' determination that its Claim has been satisfied or released file a written response (the "Response") with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk"), 824 North Market Street, Wilmington, Delaware 19801. In addition, such Claimant must serve its Response upon the following entities, so that the Response is **received** no later than **April 25, 2016 at 4:00 p.m. (Eastern Daylight Time)** (the "Response Deadline"):  (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY, 10022, Attn: Brian Schartz; (b) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654, Attn: Chad Husnick and Steven Serajeddini; and (c) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Jason M. Madron.

13. Every Response must contain, at a minimum, the following information:

    a.   a caption setting forth the name of this Court, the name of the Debtors, the case number, and the title of this Notice;

    b.   the name of the Claimant, the number of his/her/its Satisfied Claim, and a description of the basis for the amount of the Satisfied Claim that the Claimant is contesting has not been satisfied;

    c.   the specific factual basis, supporting legal argument, and any supporting documentation, to the extent such documentation was not included with the Satisfied Claim previously filed with the Clerk or Epiq, upon which the Claimant will rely in opposing this Notice and the Debtors' determinations set forth therein; and

    d.   the name, address, telephone number, electronic mail address, and fax number of the person(s) (which may be the Claimant or its legal representative) with whom counsel for the Debtors should communicate with respect to the Satisfied Claim or the Notice and who possesses authority to reconcile, settle, or otherwise resolve any issues relating to the Satisfied Claim on behalf of the Claimant.

14. Upon the Debtors' receipt of a Response, the Debtors will then make a good faith effort to review the relevant Satisfied Claim in light of such Response, to determine whether

there is a basis upon which to sustain the Claimant's assertion that its Claim in fact is not a Satisfied Claim.  In the event the parties are unable to reach a resolution, the Debtors will schedule a hearing on the Satisfied Claim.  The Debtors reserve the right to contest any new assertions of liability against the Debtors made by the holders of Satisfied Claims with respect to their Claims.

15.     If a Claimant fails to file and serve a timely Response by the Response Deadline, (i) the Claimant is deemed to have consented to the Notice and the Debtors' determinations with respect to its Satisfied Claim, as set forth therein, and (ii) Epiq shall immediately, and without further notice to any party (including the Claimant), mark such Satisfied Claim as fully satisfied on the Claims Register.

## Reservation of Rights

16.     The Debtors expressly reserve the right to (a) amend, modify, or supplement this Notice, and (b) file additional objections to any claims in these chapter 11 cases, including, without limitation, objections to the Satisfied Claims or any other claims (filed or not) that have been or may be asserted against the Debtors' estates.

17.     Notwithstanding anything contained in this Notice or the attached exhibit, nothing herein shall be construed as a waiver of any rights that the Debtors may have:  (a) to bring avoidance actions under the applicable provisions of the Bankruptcy Code against the holder of any disputed claim, or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

[*Remainder of page intentionally left blank.*]

Dated: March 24, 2016
     Wilmington, Delaware

*/s/ Joseph C. Barsalona II*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
Joseph C. Barsalona II (No. 6102)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:   collins@rlf.com
       defranceschi@rlf.com
       madron@rlf.com
       barsalona@rlf.com

*Co-Counsel and Conflicts Counsel to
the Debtors and Debtors in Possession*