## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | Jointly Administered |
| | Objection Deadline: April 18, 2016 at 4:00 p.m. |

### EIGHTEENTH MONTHLY FEE STATEMENT FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES OF DELOITTE & TOUCHE LLP AS INDEPENDENT AUDITOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD OF OCTOBER 1, 2015 THROUGH OCTOBER 31, 2015

| | |
|---|---|
| Name of Applicant: | Deloitte & Touche LLP |
| Authorized to Provide Professional Services as: | Independent Auditor |
| Date of Retention: | Effective *Nunc Pro Tunc* to April 29, 2014 by Order Entered October 29, 2014 |
| Period for which Compensation and Reimbursement is Sought: | October 1, 2015 through October 31, 2015[2] |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $ 1,169,407.00 |
| Less: 50% Non-Working Travel | $ (7,605.25) |
| Total Amount of Fees Requested | $ 1,161,801.75 |
| 80% of Compensation Sought as Actual, Reasonable, and Necessary | $ 929,441.40 |
| Total Amount of Fees and Expense Reimbursement Sought as Actual, Reasonable and Necessary (100%): | **$ 1,161,801.75** |

This is the Applicant's Eighteenth Monthly Fee Application.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Certain fees and expenses incurred during this period may not be included herein. Deloitte & Touche LLP intends to include these fees and expenses in future interim fee applications.

Pursuant to sections 327, 330, and 331 of title 11 of the United States Code, (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Bankruptcy Rules of Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the *Order Authorizing the Debtors to Retain and Employ Deloitte & Touche LLP as Independent Auditor Effective Nunc Pro Tunc to the Petition Date* (the "Retention Order") [Docket No. 2617], the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals*, dated September 16, 2014 [Docket No. 2066] (the "Interim Compensation Order"), and the *Stipulation and Order Appointing a Fee Committee* [Docket No.1896] (the "Fee Committee Order"), Deloitte & Touche LLP ("Deloitte & Touche"), independent auditor for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby files this monthly fee statement (this "Monthly Fee Statement") for compensation in the amount of $929,441.40 (80% of $1,161,801.75) for the reasonable and necessary services rendered to the Debtors from October 1, 2015 through October 31, 2015 (the "Fee Period") [2].

**Itemization of Services Rendered**

1.  In support of this Monthly Fee Statement, attached are the following exhibits:

    - Exhibit A is a schedule of the number of hours expended and fees incurred (on an aggregate basis) of the professionals and paraprofessionals that rendered services in each project category. In connection with the professional services rendered, by this Monthly Fee Statement, Deloitte & Touche seeks payment of 80% of such fees in the amount of $929,441.40.

**Proposed Payment Allocation**

2.  Services rendered by Deloitte & Touche as independent auditor to the Debtors are for the benefit of all of the Debtors and not rendered for the specific benefit of any one Debtor alone. However, Deloitte & Touche believes that a reasonable allocation of services as required under paragraph 2(b) of the Interim Compensation Order would be 20%, 20% and 60% to Energy Future Intermediate Holdings, EFH Corp., and Texas Competitive Electric Holdings, respectively.

**Representations**

3.     Some fees and expenses incurred during this Fee Period may not be included in this Monthly Fee Statement. Deloitte & Touche reserves the right to make further application to this Court for allowance of such fees and expenses not included herein. Subsequent fee applications will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, Local Bankruptcy Rules, the Fee Committee Order, and the Interim Compensation Order.

WHEREFORE, Deloitte & Touche respectfully requests that the Court: (i) grant it allowance of compensation for professional services rendered to the Debtors during the Fee Period in the amount of $929,441.40, which represents 80% of the total compensation for professional services rendered during the Fee Period (such total being $1,161,801.75), and (ii) grant such other and further relief as is just and proper.

DATED:  March 25, 2016

        Respectfully submitted,

        DELOITTE & TOUCHE LLP
        By:   /s/ Randy Stokx
             Randy Stokx - Partner
             2220 Ross Avenue, Suite 1600
             Dallas, Texas 75201
             Telephone: (214) 840-7173

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors. | Jointly Administered |

## DECLARATION OF RANDY STOKX

STATE OF TEXAS:

COUNTY OF DALLAS:

Randy Stokx deposes and says:

1. I am a Partner in the applicant firm, Deloitte & Touche LLP.

2. I have personally led, as the engagement partner, the professional services rendered Debtors by Deloitte & Touche LLP, as their independent auditor, and am familiar with all work performed on behalf of the Debtors by the employees and partners/principals of my firm.

3. I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information, and belief.

_____
Randy Stokx