## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: April 20, 2016 at 4:00 p.m.** |
| | ) | |

### SUMMARY COVER SHEET TO THE FIRST INTERIM
### FEE APPLICATION OF GREENBERG TRAURIG, LLP,
### AS SPECIAL COUNSEL FOR CERTAIN ENERGY-RELATED TRANSACTIONAL
### MATTERS FOR THE DEBTORS AND DEBTORS IN POSSESSION,
### FOR THE PERIOD FROM NOVEMBER 2, 2015 THROUGH AND
### INCLUDING DECEMBER 31, 2015

In accordance with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), Greenberg Traurig, LLP ("Greenberg"), special counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors") for certain energy-related transactional matters, submits this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the fee application to which this Summary is attached (the "Fee Application")[2] for the period from November 2, 2015 through December 31, 2015 (the "Fee Period").

Greenberg submits the Fee Application as an interim fee application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order") and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application.

### General Information

| | |
|---|---|
| Name of Applicant: | Greenberg Traurig, LLP |
| Authorized to Provide Services to: | Energy Future Holdings Corp., *et al.* |
| Petition Date: | April 29, 2014 |
| Date of Order Authorizing the Debtors to Retain Greenberg [D.I. 7352]: | December 15, 2015, *nunc pro tunc* to November 2, 2015 |

### Summary of Fees and Expenses Sought in the Fee Application

| | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | November 2, 2015 through December 31, 2015 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $115,966.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $3,536.76 |
| Total Compensation and Expense Reimbursement Requested for the Fee Period: | $119,502.76 |

### Rate Increases Applicable to the Fee Period

| | |
|---|---|
| Total Amount of Compensation Sought for the Fee Period, Calculated Using Rates as of the Date of Retention: | $115,966.00 |

### Summary of Past Requests for Compensation and Prior Payments

| | |
|---|---|
| Total Amount of Compensation Previously Requested Pursuant to the Interim Compensation Order to Date: | $0 |
| Total Amount of Expense Reimbursement Previously Requested Pursuant to the Interim Compensation Order to Date: | $0 |
| Total Compensation Approved Pursuant to the Interim Compensation Order to Date: | $0 |

Total Amount of Expense Reimbursement Approved

| | |
|---|---|
| Pursuant to the Interim Compensation Order to Date: | $0 |
| Total Allowed Compensation Paid to Date: | $0 |
| Total Allowed Expenses Paid to Date: | $0 |
| Compensation Sought in  this Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | $0 |
| Expenses Sought In This Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | $0 |

Dated: March 29, 2016                    /s/ Iskender Catto
      New York, New York                    Iskender H. Catto
                                      GREENBERG TRAURIG, LLP
                                      200 Park Avenue
                                      New York, New York  10166
                                      Telephone:     (212) 801-9200
                                        Facsimile:     (212) 801-6400
                                        Email:   cattoi@gtlaw.com

*Special Counsel to the Debtors*
*and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors.[1] | (Jointly Administered) |
| | **Objection Deadline: April 20, 2016 at 4:00 p.m.** |

**FIRST INTERIM FEE APPLICATION OF GREENBERG TRAURIG, LLP,
AS SPECIAL COUNSEL FOR CERTAIN ENERGY-RELATED TRANSACTIONAL
MATTERS FOR THE DEBTORS AND DEBTORS IN POSSESSION,
FOR THE PERIOD FROM NOVEMBER 2, 2015 THROUGH AND
INCLUDING DECEMBER 31, 2015**

Greenberg Traurig, LLP ("Greenberg"), special counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors") for certain energy-related transactional matters, hereby submits its interim fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $115,966.00 and reimbursement of actual and necessary expenses in the amount of $3,536.76 that Greenberg incurred for the period from November 2, 2015 through December 31, 2015 (the "Fee Period"). In support of this Fee Application, Greenberg submits the declaration of Iskender H. Catto, a shareholder at Greenberg (the "Catto Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference. In further support of this Fee Application, Greenberg respectfully states as follows.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**<u>Jurisdiction</u>**

1.       The United States Bankruptcy Court for the Delaware (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 2016 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Bankruptcy Rules</u>"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "<u>Interim Compensation Order</u>"), and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "<u>Fee Committee Order</u>").

**<u>Background</u>**

4.       On April 29, 2014, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On June 5, 2014, the Court entered an order [D.I. 849] authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No entity has requested the appointment of a trustee or examiner in these chapter 11 cases.  On May 13, 2014, the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "<u>Committee</u>") [D.I. 420].

RLF1 14220592v.1

5.     A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 are set forth in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions*, filed on April 29, 2014 [D.I. 98] and incorporated herein by reference.

6.     On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

7.     Given the size and complexity of these chapter 11 cases, the U.S. Trustee, the Debtors, and the Committee agreed to recommend that the Court appoint a fee committee to review and report, as appropriate, on interim and final fee applications filed by all of the Debtors' retained professionals in accordance with 11 U.S.C. §§ 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order (the "Fee Committee").  On August 21, 2014, the Court entered the Fee Committee Order, appointing the Fee Committee and establishing procedures governing the Fee Committee's review of the Debtors' retained professionals' applications for compensation and the resolution of any concerns raised during such review.  On October 3, 2014, the Fee Committee distributed an initial memorandum regarding guidelines for expense reimbursements to those professionals retained in these chapter 11 cases (the "Fee Committee Guidelines").  Greenberg reviewed the Fee Committee Guidelines on or about November 1, 2015.  Greenberg believes that the relief requested herein complies with those guidelines.

**Preliminary Statement**

8.     During the Fee Period, Greenberg represented Texas Competitive Electric

Holdings Company, LLC and its debtor subsidiaries (collectively, the "TCEH Debtors") professionally and diligently, advising them on a variety of complex matters and issues, as a result of which the Debtors took action to maximize the value of their estates for the benefit of all parties in interest.

9.      Specifically, Greenberg rendered services to the TCEH Debtors as requested and as necessary and appropriate in furtherance of the Debtors' restructuring efforts.  The variety and complexity of the issues in these chapter 11 cases and the need to act or respond to issues on an expedited basis in furtherance of the TCEH Debtors' and the Debtors' needs required the expenditure of substantial time by Greenberg  personnel from multiple legal disciplines on an as-needed basis.  Greenberg diligently and expeditiously represented the TCEH Debtors—at times working with the TCEH Debtors' executives and in-house legal team at their Dallas, Texas offices—in connection with their energy-related transactional needs, including, but not limited to, energy trading and fuel-related transactional issues and claims administration.  As a result of Greenberg's efforts, the TCEH Debtors have been able to, *inter alia*, implement and continue successful trading strategies, successfully negotiate more favorable terms with existing contract counterparties, negotiate new contracts with counterparties, and resolve counterparties' claims arising out of prepetition hedging and trading arrangements.

### The Debtors' Retention of Greenberg

10.      On December 15, 2015, the Court entered the *Order Authorizing the Debtors to Retain and Employ Greenberg Traurig, LLP as Special Counsel for Certain Energy-Related Transactional Matters, Effective Nunc Pro Tunc to November 2, 2015* [D.I. 7352] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference.  The Retention Order authorizes the Debtors to compensate and reimburse Greenberg in accordance with the

4

Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Interim Compensation Order. The Retention Order also authorizes the Debtors to compensate Greenberg at Greenberg's hourly rates charged for services of this type and to reimburse Greenberg for Greenberg's actual and necessary out-of-pocket expenses incurred, subject to application to this Court. The particular terms of Greenberg's engagement are detailed in the engagement letter by and between Greenberg and Energy Future Holdings Corp. and its debtor affiliates, including without limitation, Luminant Energy Company LLC, Luminant Holding Company LLC and Luminant Generation Company LLC, attached hereto as **Exhibit C** (the "Engagement Letter").

11.    The Retention Order authorizes Greenberg to provide legal services and advice with respect to, but not limited to, the following:

       a.    energy trading issues;

       b.    fuel transportation and storage issues;

       c.    power plant operations;

       d.    contract disputes;

       e.    negotiations; and

       f.    claims resolution.

### Disinterestedness of Greenberg

12.    To the best of the Debtors' knowledge and as disclosed in the *Declaration of Iskender H. Catto in Support of the Application of Energy Future Holdings Corp, et al., for an Order Authorizing the Debtors to Retain and Employ Greenberg Traurig, LLP as Special Counsel for Certain Energy-Related Transactional Matters, Effective Nunc Pro Tunc to November 2, 2015* [D.I. 7157] (the "Catto Retention Declaration"), (a) Greenberg is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest

5

adverse to the Debtors' estates and (b) Greenberg has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Catto Retention Declaration.

13.    Greenberg may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors in these chapter 11 cases.    In the Catto Retention Declaration, Greenberg disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts. Greenberg will update the Catto Retention Declaration, if Greenberg becomes aware of relevant and material new information.

14.    Greenberg performed the services for which it is seeking compensation on behalf of the TCEH Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

15.    Greenberg has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

16.    Pursuant to Bankruptcy Rule 2016(b), Greenberg has not shared, nor has Greenberg agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Greenberg or (b) any compensation another person or party has received or may receive.

**Summary of Compliance with Interim Compensation Order and Fee Committee Order**

17.    This Fee Application has been prepared in accordance with the Interim Compensation Order and the Fee Committee Order.

18.    Greenberg seeks interim compensation for professional services rendered to the

TCEH Debtors during the Fee Period in the amount of $115,966.00 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $3,536.76.    During the Fee Period, Greenberg attorneys, paraprofessionals, and other professionals expended a total of 163.6 hours for which compensation is requested.

19.    As of the date hereof, Greenberg has not received any payments under the Interim Compensation Order and the Fee Committee Order.

20.    Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, Greenberg seeks payment of all amounts outstanding, totaling $119,502.76 which represents the aggregate amount of unpaid fees and expenses incurred between November 2, 2015 and December 31, 2015.

## Fees and Expenses Incurred During Fee Period

**A.    Customary Billing Disclosures**.

21.    Greenberg's hourly rates are set at a level designed to compensate Greenberg fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure utilized by Greenberg in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by Greenberg for other restructuring and energy-related matters, whether in court or otherwise, regardless of whether a fee application is required.    The rates and rate structure reflect that such energy-related transactional and restructuring matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures.    For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit D** is a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtors during the Fee Period.

**B.      Fees Incurred During Fee Period**.

22.      In the ordinary course of Greenberg's practice, Greenberg maintains computerized records of the time expended to render the professional services required by the Debtors and their estates.  For the convenience of the Court and all parties in interest, attached hereto as **Exhibit E** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional at Greenberg's current billing rates;

- the hourly billing rate for each attorney and each paraprofessional as disclosed in the Fee Application;

- the number of rate increases since the inception of the case; and

- a calculation of total compensation requested using the rates disclosed in the *Application of Energy Future Holdings Corp, et al., for an Order Authorizing the Debtors to Retain and Employ Greenberg Traurig, LLP as Special Counsel for Certain Energy-Related Transactional Matters, Effective Nunc Pro Tunc to November 2, 2015* [D.I. 7157] (the "Greenberg Retention Application").

**C.      Expenses Incurred During Fee Period**.

23.      In the ordinary course of Greenberg's practice, Greenberg maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought.  Consistent with the Local Bankruptcy Rules, Greenberg charged no more than $0.10 per page for standard duplication services in these chapter 11 cases.  Greenberg does not charge its clients for incoming facsimile transmissions.

24.      For the convenience of the Court and all parties in interest, attached hereto as

8

**Exhibit F** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which Greenberg is seeking reimbursement.

### Summary of Legal Services Rendered During the Fee Period

25.    As discussed above, during the Fee Period, Greenberg provided extensive and important professional services to the TCEH Debtors in connection with these chapter 11 cases. These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

26.    To provide a meaningful summary of Greenberg's services provided on behalf of the Debtors and their estates, Greenberg has established, in accordance with its internal billing procedures, certain subject task categories (each, a "Task Category") in connection with these chapter 11 cases.

27.    The following is a summary, by Task Category, of the most significant professional services provided by Greenberg during the Fee Period.  This summary is organized in accordance with Greenberg's internal system of task numbers.  The detailed descriptions demonstrate that Greenberg was heavily involved in performing services for the TCEH Debtors on a daily basis, often including night and weekend work, to meet the needs of the TCEH Debtors' estates in these chapter 11 cases.  A schedule setting forth the number of hours expended by Greenberg shareholders, associates and paraprofessionals by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit G**.

28.    In addition, Greenberg's computerized records of time expended providing services to the TCEH Debtors and their estates are attached hereto as **Exhibit H** and Greenberg's records of expenses incurred during the Fee Period in rendition of professional services to the

TCEH Debtors and their estates are attached hereto as **Exhibit I**.

29.     **Exhibit J** is Greenberg's budget and staffing plan for this Fee Period, which has been approved by the Debtors, and **Exhibit K** is a comparison of hours and fees budgeted for each task category to which Greenberg professionals and paraprofessionals billed time during the Fee Period against the hours and fees for which Greenberg seeks compensation for the Fee Period.

**A.     Applicable to TCEH Debtors**.

      **(a)     Retention [Task Code No. 926]**

            Total Fees:     $7,386.50
            Total Hours:   16.5

30.     During the Fee Period, Greenberg prepared the Greenberg Retention Application and the Catto Retention Declaration in support of Greenberg's retention, and reviewed conflict check results.

      **(b)     Energy Trading [Task Code No. EFH. ET]**

            Total Fees:     $108,579.50
            Total Hours:   147.1

31.     Greenberg played a central role in advising the TCEH Debtors with respect to energy trading issues throughout the Fee Period.  For example, Greenberg attorneys regularly participated on conference calls and negotiated with counterparties, reviewed and revised draft fuel, power, liquidation, and trading agreements, advised the TCEH Debtors with respect to safe harbor, termination, and automatic stay issues, negotiated and drafted counterparty liquidation agreements and stipulations resolving counterparty claims, and participated in the drafting and negotiation of the TCEH Debtors' contracts.

32.     Through meetings, telephonic conferences, research, analysis and negotiations, Greenberg attorneys have assisted the TCEH Debtors in implementing successful business

strategies in their negotiations with counterparties and their trading activities. Greenberg's services during the Fee Period enabled the TCEH Debtors and the Debtors to function as a coordinated group and enabled the TCEH Debtors to implement multiple energy trading strategies as they navigated the various complexities of these chapter 11 cases.

**Actual and Necessary Expenses Incurred by Greenberg**

33.     As set forth in **Exhibit I** attached hereto, and as summarized in **Exhibit F** attached hereto, Greenberg has incurred a total of $3,536.76 in expenses on behalf of the TCEH Debtors during the Fee Period. These charges are intended to reimburse Greenberg's direct operating costs, which are not incorporated into the Greenberg hourly billing rates. Greenberg charges external copying and computer research at the provider's cost without markup. Only clients who actually use services of the types set forth in **Exhibit I** of this Fee Application are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

**Reasonable and Necessary Services Provided by Greenberg**

**A.     Reasonable and Necessary Fees Incurred in Providing Services to the TCEH Debtors.**

34.     The foregoing professional services provided by Greenberg on behalf of the TCEH Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

35.     With respect to its energy practice, Greenberg's attorneys have experience restructuring trading and marketing activities and negotiating and litigating energy-related claims. Additionally, they have handled the negotiation of numerous long and short-term power sales agreements, established a revised hedging program, negotiated trading agreements, and

11

addressed a wide variety of commercial transactions and other matters. They have provided counsel with respect to the commercial operations of power-generating companies and have advised clients in complex and extensive negotiations involving regulatory agencies as well as in connection with the creation and implementation of energy programs, including transmission, storage and purchase enabling agreements, and fuel cost hedging instruments.

36.    In addition, due to the facts and circumstances of these chapter 11 cases, attorneys from Greenberg's restructuring group were involved with Greenberg's representation of the TCEH Debtors. Overall, Greenberg brings to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of EFH Corp., the TCEH Debtors, the Debtors and all stakeholders.

**B.    Reasonable and Necessary Expenses Incurred in Providing Services to the TCEH Debtors.**

37.    The time constraints imposed by the circumstances of these chapter 11 cases required Greenberg attorneys and other employees to devote substantial time during the evenings and on weekends to perform services on behalf of the TCEH Debtors. Moreover, the lead Greenberg attorney on this engagement traveled to and worked from the Debtors' offices in Dallas, allowing the Greenberg team to participate directly in in-person negotiations, provide on-site, real-time advice on the Debtors' trading floor, and work directly with the Debtors' in-house legal team and executives to develop and implement energy-related strategies vital to the Debtors' restructuring. These services were essential to meet deadlines, respond to daily inquiries from various creditors and other parties in interest on a timely basis, and satisfy the demands of the TCEH Debtors' businesses and ensure the orderly administration of their estates. Consistent with firm policy, and as further disclosed in the Greenberg Retention Application, Greenberg attorneys and other Greenberg employees who worked late in the evenings or on

weekends were reimbursed for their reasonable meal and transportation costs.  Greenberg's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

38.     In addition, due to the location of the Debtors' businesses, co-counsel, creditors, and other parties in interest in relation to Greenberg's offices, frequent multi-party telephone conferences involving numerous parties were required.  On certain occasions, the exigencies and circumstances of these chapter 11 cases required overnight delivery of documents and other materials.  The disbursements for such services are not included in Greenberg's overhead for the purpose of setting billing rates and Greenberg has made every effort to minimize its disbursements in these chapter 11 cases.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors in these chapter 11 cases.

39.     Among other things, Greenberg makes sure that all overtime meals, travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement.  Specifically, Greenberg regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary and, where appropriate, prorates expenses. In that regard, Greenberg will waive certain fees and reduce its expenses if necessary.

### Greenberg's Requested Compensation and Reimbursement Should be Allowed

40.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy

Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

41.    Greenberg respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the TCEH Debtors and their estates and were rendered to protect and preserve the Debtors' estates. Greenberg further believes that it performed the services for the TCEH Debtors economically, effectively, and efficiently, and the results obtained benefited not only the TCEH Debtors, but also the Debtors' estates and the Debtors' constituents. Greenberg further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

42.    During the Fee Period, 163.6 hours were expended by Greenberg's shareholders,

associates, and other professionals in providing the requested professional services.  Greenberg has made every effort to coordinate its efforts with those of the Debtors' bankruptcy counsel to avoid any duplication of efforts.  The number of hours spent by Greenberg is commensurate with the defined tasks Greenberg has performed and continues to perform on the matters described herein.

43.    During the Fee Period, Greenberg's hourly billing rates for attorneys ranged from $375 to $920.  The hourly rates and corresponding rate structure utilized by Greenberg in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by Greenberg for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex energy-related transactional matters, whether in court or otherwise, regardless of whether a fee application is required.  Greenberg strives to be efficient in the staffing of matters.  These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

44.    Moreover, Greenberg's hourly rates are set at a level designed to compensate Greenberg fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

45.    As detailed above, the services Greenberg provided to the TCEH Debtors have conferred substantial benefit on the Debtors' estates.  In providing these services, Greenberg has allowed Debtors' bankruptcy counsel to focus on issues more closely related to the reorganization of the Debtors' operations.

46.     Greenberg represents and can demonstrate to this Court that the services were performed in a reasonable amount of time, given the complexity of the issues involved and the many and varied legal issues facing the TCEH Debtors.  Greenberg's detailed and thorough time records can demonstrate that the time expended on various tasks was necessary and appropriate to the vigorous representation of the TCEH Debtors.  From the earliest stages of Greenberg's involvement, attempts were made to limit the hours worked, and to avoid duplication of services and other unnecessary costs.  Greenberg professionals frequently provided services on behalf of the TCEH Debtors under severe time constraints.

47.     Greenberg relies on the Court's experience and knowledge with respect to the compensation awards in similar cases.  Given that frame of reference, Greenberg submits that, in light of the circumstances of the case and the substantial benefits derived from Greenberg's assistance, compensation in the amount requested is fair and reasonable.

48.     In sum, Greenberg respectfully submits that the professional services provided by Greenberg on behalf the TCEH Debtors and their estates during the Fee Period and in these chapter 11 cases to date were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by Greenberg, the nature and extent of Greenberg's services provided, the value of Greenberg's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.  Accordingly, based on the factors to be considered under sections 330 and 331 of the Bankruptcy Code, the results Greenberg has achieved to date more than justify allowance in full of Greenberg's compensation and reimbursement request.

## Reservation of Rights and Notice

49.     It is possible that some professional time expended or expenses incurred during

16

the Fee Period are not reflected in the Fee Application.  Greenberg reserves the right to include

such amounts in future fee applications.  In addition, the Debtors have provided notice of this

Fee Application to:  (a) the U.S. Trustee; (b) counsel to the agent of the EFIH First Lien DIP

Facility; (c) counsel to the agent of the TCEH DIP Facility; (d) counsel to the Creditors'

Committee; and (e) the Fee Committee (collectively, the "<u>Notice Parties</u>").

50.     Pursuant to the Interim Compensation Order and the Fee Committee Order, (a)

any Notice Party (other than the Fee Committee) that wishes to object to the Fee Application

must file its objection with the Court, with a copy to Chambers and serve it on Greenberg and the

Notice Parties so that it is **actually <u>received</u> on or before April 20, 2016 at 4:00 p.m. (Eastern**

**Daylight Time)** and (b) any member of the Fee Committee that wishes to object to the Fee

Application must comply with the procedures set forth in the Fee Committee Order and if such

member wishes to object to the Fee Application after complying with such procedures, such

member must file its objection with the Court, with a copy to Chambers and serve it on

Greenberg and the Notice Parties.

<u>**No Prior Request**</u>

51.     No prior application for the relief requested herein has been made to this or any

other Court.

WHEREFORE, Greenberg respectfully requests that the Court enter an order (a) awarding Greenberg interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $115,966.00, and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $3,536.76; (b) authorizing and directing the Debtors to remit payment to Greenberg for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated: March 29, 2016
     New York, New York

*/s/ Iskender Catto*
Iskender H. Catto
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York  10166
Telephone:     (212) 801-9200
Facsimile:     (212) 801-6400
Email:   cattoi@gtlaw.com

*Special Counsel to the Debtors*
*and Debtors in Possession*