IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 3641, 3801, 4019, 4646, 5088, 5879, 6146, 6561, 7587, 7965, 8035**<br><br>**Objection Deadline: April 14, 2016** |

## ELEVENTH NOTICE OF KPMG DEBTORS' ENTRY INTO AN ADDITIONAL AGREEMENT WITH KPMG LLP

Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor-subsidiaries of EFCH and TCEH, and EFH Corporate Services Company ("EFH Corporate Services" and together with EFCH, TCEH, and their direct and indirect Debtor-subsidiaries, the "KPMG Debtors"), hereby submit this notice (the "Notice") of the KPMG Debtors' entry into Additional Agreements (as defined below) with KPMG LLP ("KPMG"), pursuant to the terms and conditions set forth in the *Order Granting the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing KPMG Debtors and KPMG Debtors in Possession to Submit Additional Agreements That Expand the Retention and Employment of KPMG LLP As Bankruptcy Accounting, Tax, and IT Advisors*, entered by the United States Bankruptcy Court for the District of Delaware (the "Court") on February 24, 2015

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing

RLF1 14249980v.1

[D.I. 3641] (the "Retention Protocol Order").[2]  In connection with this Notice, the above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows:

1. On May 29, 2014, the Debtors filed the *Application of Energy Future Holdings, et al., for Entry of an Order Authorizing the Debtors to Retain and Employ KPMG LLP as Bankruptcy Accounting and Tax Advisors Effective Nunc Pro Tunc to the Petition Date* [D.I. 652] (as supplemented by D.I. 1968, the "Retention Application").

2. Submitted with the Retention Application and attached thereto as Exhibit B, the Debtors filed the *Declaration of Thomas D. Bibby in Support of the Application of Energy Future Holdings, et al., for Entry of an Order Authorizing the Debtors to Retain and Employ KPMG LLP as Bankruptcy Accounting and Tax Advisors Effective Nunc Pro Tunc to the Petition Date* [D.I. 652] (the "Declaration"). The Declaration was supplemented from time to time by D.I. 1969, 2038, 2893, 3847, 7821.

3. On September 16, 2014, the Court entered its *Order Authorizing the Debtors to Retain and Employ KPMG LLP as Bankruptcy Accounting and Tax Advisors Effective Nunc Pro Tunc to the Petition Date* [D.I. 2054] (the "Original Order"). Pursuant to the Original Order, KPMG provides accounting, financial reporting, and tax advisory services as KPMG and the KPMG Debtors deem appropriate and feasible in order to advise the KPMG Debtors during the course of the KPMG Debtors' chapter 11 cases.

4. On motion of the Debtors, dated November 25, 2014 (see D.I. 2892), on December 17, 2014, the Court entered its *Order Granting the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the KPMG Debtors and KPMG Debtors in*

---

agent at http://www.efhcaseinfo.com.

[2] Any capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Retention Protocol Order.

RLF1 14249980v.1

*Possession to Expand the Retention and Employment of KPMG LLP as Bankruptcy Accounting and Tax Advisors Effective Nunc Pro Tunc to August 1, 2014* [D.I. 3048] (the "Additional Services Order"). Pursuant to the Additional Services Order, KPMG also provides IT services necessary to maintain the KPMG Debtors' technological infrastructure.

5.  On February 4, 2015, the Debtors filed the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the KPMG Debtors and KPMG Debtors in Possession to Establish Procedures to Submit Additional Agreements That Expand the Retention and Employment of KPMG LLP as Bankruptcy Accounting, Tax, and IT Advisors* [D.I. 3442] (the "Retention Protocol Motion"). Pursuant to the Retention Protocol Motion, the Debtors sought entry of an order establishing procedures to submit additional agreements and statements of work (the "Additional Agreements") that expand the scope of the retention and employment of KPMG as bankruptcy accounting, tax, and information technology advisors to the KPMG Debtors.

6.  On February 24, 2015, the Court entered the Retention Protocol Order.

7.  The Retention Protocol Order provides that, to the extent the KPMG Debtors and KPMG enter into any Additional Agreements, the Debtors shall file a Notice (attaching such Additional Agreements) with the Court and serve the Notice upon the Notice Parties.[2]

8.  The KPMG Debtors and KPMG have entered into one Additional Agreement. This Additional Agreement is attached hereto as **Exhibit A**. Pursuant to the terms of the Retention Protocol Order, any objections to the Additional Agreement must be filed with

---

[2] The KPMG Debtors previously entered into Additional Agreements with KPMG pursuant to the terms of the Retention Protocol Order. See D.I. 3801, 4019, 4646, 5088, 5879, 6146, 6561, 7587, 7965, 8035.

3

the Court and served so as to be **actually received** by the Debtors' undersigned co-counsel no later than **April 14, 2016** (the "Objection Deadline").

9.  The Retention Protocol Order further provides that, if an objection is properly filed and served on the KPMG Debtors' counsel by the Objection Deadline, unless such parties agree otherwise in writing, a hearing will be scheduled with the Court for no earlier than fourteen (14) days after such objection is received by the KPMG Debtors' counsel to consider that objection.  Finally, the Retention Protocol Order provides that for any Additional Agreements where no objection is filed and served by the Objection Deadline, such Additional Agreements are approved without need for any further action from the Court.

10. The Debtors shall cause this Notice to be served upon the Notice Parties on the date hereof by U.S. first-class mail.

*[Remainder of page intentionally left blank.]*

Dated: March 31, 2016
Wilmington, Delaware

/s/ Jason M. Madron

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:       collins@rlf.com
             defranceschi@rlf.com
             madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:       edward.sassower@kirkland.com
             stephen.hessler@kirkland.com
             brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:       james.sprayregen@kirkland.com
             marc.kieselstein@kirkland.com
             chad.husnick@kirkland.com
             steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession