```
                    UNITED STATES BANKRUPTCY COURT
                      FOR THE DISTRICT OF DELAWARE
```

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | § | Case No. 14-10979 (CSS) |
| | § | |
| Debtors | § | (Jointly Administered) |

_____

**Ranger Excavating LP's Notice under
11 U.S.C. Section 546(b) Further Perfecting its
Secured Claim Against Sandow Power Company LLC**
_____

Ranger Excavating LP ("Ranger") notifies Sandow Power Company LLC ("Sandow") pursuant to 11 U.S.C. Section 546(b), that Ranger further perfects its statutory mechanic's lien claim and provides this notice in lieu of an enforcement action to foreclose its statutory mechanics lien claim now barred by the automatic stay of 11 U.S.C. Section 362(a), and would show as follows:

1. On July 26, 2014, Ranger filed its secured claim against Sandow in the amount of $292,598.58 ("Claim"). The Claim was assigned claim number 2613.

2. The Claim is based on Ranger's construction of improvements on real property leased by Sandow and is secured by a statutory mechanic's lien claim on that lease estate.

**Ranger's Statutory Mechanic's Lien Claim**

3. On June 10, 2014, Ranger perfected its right to a statutory mechanic's lien claim in accordance with Chapter 53 of the Texas Property Code and 11 U.S.C. Sections 362(b)(3) and 546(b), by sending the required statutory notice to Sandow and

filing an Affidavit Claiming a Lien in the real property records of Milam County, Texas.  A true and correct copy of the statutory notice to Sandow is attached as Exhibit A and the file stamped Affidavit Claiming a Lien is attached as Exhibit B, and incorporated herein for all purposes.  Both describe the real property on which the lease and the statutory mechanic's lien claim is based.

### Texas Law Requires Foreclosure To Maintain Ranger's Statutory Mechanic's Lien Claim

4.    Under Section 53.154 of the Texas Property Code, "[a] mechanic's lien may be foreclosed only on judgment of a court of competent jurisdiction foreclosing the lien and ordering the sale of property subject to the lien."

5.    Under Section 53.158(a) of the Texas Property Code, "suit must be brought to foreclose the lien within two years after the claimant may file the lien affidavit under Section 53.052 or within one year after completion, termination, or abandonment of the work under the original contract under which the lien is claimed, whichever is later."  Here the two year period applies and has not yet run.

### Interrelationship of 11 U.S.C. Sections 362 and 546(b)

6.    However, 11 U.S.C. Section 362(a)(4), stays "any act to create, perfect, or enforce any lien against property of the estate."

7.    Section 362(b)(3) of the Bankruptcy Code excepts from the

2

automatic stay any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under 11 U.S.C. Section 546(b).

8. Section 546(b)(2) of the Bankruptcy Code provides that, where state law requires "commencement of an action to accomplish ... perfection, or maintenance or continuation of perfection of an interest in property" and the action has not been commenced prepetition, "perfection of such interest shall be maintained or continued, by giving notice within the time fixed by such law for ... such commencement."

9. As a result, where an act of perfection can be done by notice, the perfection is exempt from the automatic stay under 11 U.S.C. Section 362(b)(3). However, commencement of foreclosure proceedings is not an element of 'perfection' exempted under that section but rather enforcement, the notice provisions of 11 U.S.C. 546(b) apply, and 11 U.S.C. Section 108(c) tolls the enforcement period. *In re Hunters Run Ltd. Partnership,* 875 F.2d 1425, 1427-1429 (9th Cir. 1989).

### Notice Under 11 U.S.C. Section 546(b)(2)

10. Ranger gives notice that Ranger perfects its interest in its statutory mechanic's lien claim pursuant to the provisions of the Bankruptcy Code, including, but not limited to Section 546(b)(2). This notice is in lieu of the commencement of an action for the foreclosure of Ranger's statutory mechanic's lien claim,

3

seeking a judgment of a court of competent jurisdiction foreclosing the lien and ordering the sale of Sandow's property interest in the lease subject to the lien.  To the extent Ranger is required under applicable Texas law to file suit or take other actions to (a) perfect, maintain or continue perfection of its statutory mechanic's lien claim; or (b) foreclose on its statutory mechanic's lien claim; or (c) obtain a judgment against Sandow on its statutory mechanic's lien claim, Ranger gives this notice in lieu of the commencement of such action and demands adequate protection of Ranger's interest in the real property subject to its statutory mechanic's lien claim.

11.  Nothing in this notice shall be construed as a waiver of Ranger's rights to assert any claims against Sandow pursuant to the Bankruptcy Code or applicable federal or state law.

12.  This notice is being served on, among others, Sandow, its lead attorneys of record and the United States Trustee.

Dated: April 6, 2016.

          Respectfully submitted,

          /s/ Stephen Sakonchick, II
          _____
          Stephen Sakonchick, II
          State Bar No. 17525500
          Stephen Sakonchick II, P.C.
          6502 Canon Wren Drive
          Austin, Texas  78746
          (512) 329-0375
          (512) 697-2859 (fax)
          sakon@flash.net and ssakon@gmail.com

          Attorney for Ranger Excavating LP

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on April 6, 2016, a true and correct copy of the above and foregoing was sent to all parties receiving electronic notice via the Court's ECF System, and by first class U.S. Mail to the debtor, and by email to the debtor's lead attorneys of record and the United States Trustee as follows:

**Service is made by U.S. Mail to the following:**

Sandow Power Company LLC
Energy Plaza
1601 Bryan Street
Dallas, TX 75201

Energy Future Holdings Corp.
Energy Plaza
1601 Bryan Street
Dallas, TX 75201

**Service is made by email to the following**:

Edward O. Sassower, P.C.    edward.sassower@kirkland.com
Stephen E. Hessler    stephen.hessler@kirkland.com
Brian E. Schartz    brian.schwartz@kirkland.com
Kirkland & Ellis, LLP
601 Lexington Avenue
New York, NY 10022

James H.M. Sprayregen, P.C.    james.sprayregen@kirkland.com
Chad J. Husnick    chad.husnick@kirkland.com
Steven N. Serajeddini    stephen.serajeddini@kirkland.com
Kirkland & Ellis, LLP
300 North LaSalle
Chicago, IL 60654

Mark D. Collins    collins@rlf.com
Daniel J. DeFranceschi    defranceschi@rlf.com
Jason M. Madron    madron@rlf.com
Richards Layton & Finger
920 North King Street
Wilmington, DE 19801

Richard L. Schepacarter    richard.schepacarter@usdoj.gov
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207 - Lockbox #35
Wilmington, DE 19801

                                          */s/ Stephen Sakonchick, II*
                                          _____
                                          Stephen Sakonchick, II