## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket Nos. 7100 and 7321** |

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                                                    ) ss.:
COUNTY OF NEW YORK   )

CAROL ZHANG, being duly sworn, deposes and says:

1.  I am employed as a Noticing Coordinator by Epiq Bankruptcy Solutions, LLC, located at 777 Third Avenue, New York, NY 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2.  On January 12, 2016, I caused to be served:

    a)  the "Notice of Order (A) Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004, (B) Providing Requirements for the Purchase of Certain Claims Against the Debtors, and (C) Establishing Notification and Hearing Procedures for Relief from the Requirements on the Purchase of Certain Claims Against the Debtors," related to Docket No. 7100, annexed hereto as <u>Exhibit A</u>, (the "Notice"),

    b)  a cover letter to holders of TCEH First Lien Interest Rate Swaps, from Andy M. Wright, Vice President and Deputy General Counsel of Energy Future Holdings Corp., dated January 12, 2016, to which was attached the "Order (A) Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004, (B) Providing Requirements for the Purchase of Certain Claims Against the Debtors, and (C) Establishing Notification and Hearing Procedures for Relief from the Requirements on the Purchase of Certain Claims Against the Debtors," dated November 23, 2015 [Docket No. 7100], annexed hereto as <u>Exhibit B</u>, (the "Swaps Cover Letter with Trading Order"), and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

   c)   a cover letter to holders of TCEH term loans, from Andy M. Wright, Vice President and Deputy General Counsel of Energy Future Holdings Corp., dated January 12, 2016, to which was attached the "Order (A) Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004, (B) Providing Requirements for the Purchase of Certain Claims Against the Debtors, and (C) Establishing Notification and Hearing Procedures for Relief from the Requirements on the Purchase of Certain Claims Against the Debtors," dated November 23, 2015 [Docket No. 7100], annexed hereto as <u>Exhibit C</u>, (the "Term Loans Cover Letter with Trading Order"),

by causing true and correct copies of the:

   i.   Notice and Swaps Cover Letter with Trading Order, to be enclosed securely in a postage pre-paid envelope and delivered via overnight mail to the party listed on the annexed <u>Exhibit D</u>, and

   ii.   Notice and Term Loans Cover Letter with Trading Order, to be enclosed securely in separate postage pre-paid envelopes and delivered via overnight mail to those parties listed on the annexed <u>Exhibit E</u>.

3.   All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO THE ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

_Carol Zhang_
Carol Zhang

Sworn to before me this
13th day of January, 2016

_____
Notary Public

PANAGIOTA MANATAKIS
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. #01MA6221096
COMM. EXP. APRIL 26, 20

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF ORDER (A) REQUIRING CERTAIN ENTITIES TO**
**PROVIDE INFORMATION PURSUANT TO BANKRUPTCY RULE 2004,**
**(B) PROVIDING REQUIREMENTS FOR THE PURCHASE OF CERTAIN CLAIMS**
**AGAINST THE DEBTORS, AND (C) ESTABLISHING NOTIFICATION AND**
**HEARING PROCEDURES FOR RELIEF FROM THE REQUIREMENTS**
**ON THE PURCHASE OF CERTAIN CLAIMS AGAINST THE DEBTORS**

**PLEASE TAKE NOTICE THAT** on November 23, 2015, the United States Bankruptcy Court for the District of Delaware entered the *Order (A) Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004, (B) Providing Requirements for the Purchase of Certain Claims Against the Debtors, and (C) Establishing Notification and Hearing Procedures for Relief from the Requirements on the Purchase of Certain Claims Against the Debtors* [D.I. 7100] (the "Trading Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that in accordance with paragraph ten of the Trading Procedures Order, you are receiving this notice of entry of the Trading Procedures Order because records indicate that you own more than $500,000,000 of Allowed TCEH First Lien Claims.[2]  If you are not required to take action pursuant to the Trading Procedures Order, including if you do not meet the 5% threshold requirement for providing the Equity Holder Information, or have already taken action, including providing the Equity Holder Information, no additional action is required from you at this time.  Holders of Allowed TCEH First Lien Claims in excess of $500,000,000 will receive this notice approximately every two weeks.

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Trading Procedures Order and related motion.

**EXHIBIT B**

Energy Future Holdings Corp.
1601 Bryan Street
Dallas, Texas 75201.

~~November~~ January ~~30~~ 12, 201~~5~~6

Re:    *In re Energy Future Holdings Corp.*, et al. Case No. 14-10979

Dear Holder of Record:

Our records indicate that as of November 24, 2015, you hold an interest in the TCEH First Lien Interest Rate Swaps (the "SWAPS") under the TCEH First Lien Credit Agreement (a "TCEH First Lien Secured Claim").

Pursuant to the *Order (A) Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004, (B) Providing Requirements for the Purchase of Certain Claims Against the Debtors, and (C) Establishing Notification and Hearing Procedures for Relief from the Requirements on the Purchase of Certain Claims Against the Debtors* [D.I. 7100] (the "Trading Procedures Order"),[1] as a holder of a TCEH First Lien Secured Claim, you qualify as a potential "Substantial Equity Holder."

As such, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and the Trading Procedures Order, you are required to provide to counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Emily E. Geier, Esq., by ~~December~~ January ~~10~~ 22, 201~~5~~6 (the "Disclosure Date"), the "Equity Holder Information" described in the Order.

Very Sincerely,

_____/s/_____

Andy M. Wright
Vice President and Deputy General Counsel
Energy Future Holdings Corp.

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Trading Procedures Order, a copy of which is enclosed with this letter.

[THIS PAGE LEFT INTENTIONALLY BLANK]

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. __** |

### ORDER (A) REQUIRING CERTAIN ENTITIES TO PROVIDE INFORMATION PURSUANT TO BANKRUPTCY RULE 2004, (B) PROVIDING REQUIREMENTS FOR THE PURCHASE OF CERTAIN CLAIMS AGAINST THE DEBTORS, AND (C) ESTABLISHING NOTIFICATION AND HEARING PROCEDURES FOR RELIEF FROM THE REQUIREMENTS ON THE PURCHASE OF CERTAIN CLAIMS AGAINST THE DEBTORS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) requiring certain entities that will own equity in certain reorganized Debtors to provide information necessary to prepare and obtain approval of regulatory applications, (b) providing requirements for the purchase of certain claims against the Debtors that will convert to equity in certain reorganized Debtors, and (c) establishing notification and hearing procedures for relief from the requirements on the purchase of certain claims against the Debtors, all as more fully set forth in the Motion; and upon the Doré Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Plan, as applicable.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      To the extent not already provided, all Holders of Allowed TCEH First Lien Secured Claims other than TCEH First Lien Ad Hoc Committee Members and their Related Parties (as defined below), to the extent such Holder, together with any direct or indirect subsidiary or Affiliate of, or beneficial holder, investment fund, fund, or account that is advised, managed, or controlled by, such Holder or its Affiliates (such parties, generally, "Related Parties"), holds "disclosable economic interests" (as defined by Bankruptcy Rule 2019(a)(1)) with respect to Allowed TCEH First Lien Secured Claims that represent, in the aggregate, five percent (5%) or greater of all Allowed TCEH First Lien Secured Claims, are hereby ordered to provide to counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn:  Emily E. Geier, Esq., within seven (7) business days of the Debtors'

2

service of notice of entry of this Order (the "<u>Disclosure Date</u>"), the following information to be included in the Applications (the "<u>Equity Holder Information</u>"):

    a.    name, address, and citizenship of the potential Substantial Equity Holder;

    b.    the amount of such Allowed TCEH First Lien Secured Claims held by such Holder;

    c.    whether the holder has a controlling or voting equity interest in any other public utility or PGC subject to the regulation of the PUC or the FERC, and the number of such interests and/or the percentage ownership in such other entities, such information to be supplied in the manner reasonably directed by the Debtors; and

    d.    any other information that is required to be disclosed in a relevant application, including any information bearing upon the eligibility or suitability of a potential Substantial Equity Holder with respect to control of a Regulated Entity.

3.    In addition to the Equity Holder Information specified in paragraph 2 of this Order, potential Substantial Equity Holders shall cooperate with the Debtors as reasonably necessary to prepare and obtain approval of the Applications.

4.    Solely for purposes of compliance with this Order, Holders of Allowed TCEH First Lien Secured Claims should assume that the aggregate amount of Allowed TCEH First Lien Secured Claims is $25,900,000,000.

5.    The form of the cover letter attached to this Order as **Exhibit 1** is hereby approved.

6.    The Trading Requirements are hereby approved.

7.    The following Trading Procedures shall apply to the trading of Allowed TCEH First Lien Secured Claims upon entry of the Order and through the Effective Date:

    a.    <u>Pre-Acquisition Notice</u>: From the date of entry of the Order and through the Effective Date, five (5) business days prior to any transfer of any Allowed TCEH First Lien Secured Claim that would result in an entity or its Related Parties becoming a holder of twenty-five percent (25%) or greater of all allowed TCEH First Lien Secured Claims, such entity or

3

Related Party shall file with the Court, and serve on counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Emily E. Geier, Esq., advance written notice of the intended transfer in the form attached as **Exhibit 2** to this Order (each, a "Pre-Acquisition Notice"), which Pre-Acquisition Notice may, but shall not be required to, include a statement as to why the proposed acquisition would not adversely affect an Application.

b.    Objection Procedures: The Debtors shall have three (3) business days after receipt of a Pre-Acquisition Notice to file with the Court and serve on the entity filing the Pre-Acquisition Notice an objection to the proposed transfer on the grounds that such transfer may, in the Debtors' reasonable discretion, materially and adversely affect an Application. If an objection is filed, such entity shall not proceed with the proposed transaction (or if such entity does proceed with the proposed transaction, such transaction shall not be effective) unless and until (i) the objection is withdrawn, overruled, or otherwise resolved, or (ii) the proposed transaction is approved by a final and non-appealable order of the Bankruptcy Court determining that the proposed acquisition will not materially and adversely affect the Application. If no objection to a Pre-Acquisition Notice is filed within such 3-day period or if an objection to a Pre-Acquisition Notice is filed and later withdrawn, the transaction may proceed solely as set forth in the Pre-Acquisition Notice. In addition, any such entity shall have the right at any time to seek a ruling by the Court that the Debtors' objection that a proposed transfer will materially and adversely affect the Application was either not reasonable or not made in good faith. Any further transactions within the scope of this paragraph that would result in such entity or its Related Parties acquiring additional allowed TCEH First Lien Secured Claims that represent (5%) or greater of all allowed TCEH First Lien Secured Claims must comply with the same noticing and 3-day objection procedures.

c.    Post-Acquisition Notice: From the date of entry of the Order and through the Effective Date, Holders of Allowed TCEH First Lien Secured Claims shall file with the Court, and serve on counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Emily E. Geier, Esq., written notice in the form attached as **Exhibit 3** to this Order: (a) no later than five (5) business days after any Holder and its Related Parties (other than the TCEH Ad Hoc Committee Members and their Related Parties) becomes a Holder that, together with its Related Parties, holds "disclosable economic interests" (as defined by Bankruptcy Rule 2019(a)(1)) with respect to Allowed TCEH First Lien Secured Claims that represent, in the aggregate, five percent (5%) or greater of all Allowed TCEH First Lien Secured Claims; (b) no later than five (5) business days after any Holder and its Related Parties becomes a holder of ten percent (10%) or greater of all Allowed TCEH First Lien Secured Claims (other than TCEH Ad Hoc Committee Members and their Related Parties who

4

have already disclosed such ownership); (c) no later than five (5) business days after any Holder and its Related Parties becomes a holder of fifteen percent (15%) or greater of all Allowed TCEH First Lien Secured Claims and (d) no later than five (5) business days after any Holder and its Related Parties becomes a holder of twenty percent (20%) or greater of all Allowed TCEH First Lien Secured Claims.

8.      Any transfer of Allowed TCEH First Lien Secured Claims made in violation of the Trading Procedures shall be deemed void *ab initio*; *provided, however,* that the Debtors may waive, in writing, and in consultation with the Regulatory Agencies, any and all requirements, stays, and notification procedures contained in this Order or any other order entered with respect hereto.

9.      The Debtors shall serve a copy of this Order on all known Holders of Allowed TCEH First Lien Secured Claims, along with the cover letter attached to this Order as Exhibit 1. For purposes of the Debtors' service of this Order on known Holders of Allowed TCEH First Lien Secured Claims under the TCEH Credit Agreement (each, a "TCEH First Lien Lender"), the TCEH First Lien Administrative Agent shall provide the Debtors with the contact details for each TCEH First Lien Lender reflected in the register maintained by the TCEH First Lien Administrative Agent under the TCEH Credit Agreement as of the date of the entry of this Order, which shall be provided to the Debtors promptly after entry of this Order.

10.     Approximately every two weeks following entry of the Order, the Debtors will serve a notice of this Order to all Holders of Allowed TCEH First Lien Secured Claims holding in excess of $500,000,000.

11.     The TCEH First Lien Agent shall have no obligation to monitor compliance with this Order, including without limitation, monitoring compliance with the Trading Requirements and/or the Trading Procedures, and the TCEH First Lien Agent shall have no liability with

respect to any Holder of Allowed TCEH First Lien Secured Claims' violation of this Order, including violations of the Trading Requirements and/or the Trading Procedures.

12.     The Debtors shall provide the TCEH First Lien Administrative Agent with written notice of any putative transfer of an Allowed TCEH First Lien Secured Claim that is void pursuant to this Order (the "Notice"), which Notice shall identify (i) the putative purchaser of such Allowed TCEH First Lien Secured Claim; (ii) the putative seller of such Allowed TCEH First Lien Secured Claim; (iii) the type of loan purported to be transferred; (iv) the date of the putative transfer; and (v) the amount of the transfer of such Allowed TCEH First Lien Secured Claim that is void.  Upon receipt of the Notice, the TCEH First Lien Administrative Agent shall, as soon as reasonably practicable, update the register maintained by it pursuant to the TCEH Credit Agreement so as to reinstate the Holder of the Allowed TCEH First Lien Secured Claim immediately preceding the void transfer as the TCEH First Lien Lender of record under the TCEH Credit Agreement.  The TCEH First Lien Administrative Agent shall have no liability with respect to the treatment of any such purchaser as a TCEH First Lien Lender of record prior to the receipt of such Notice, shall be entitled to conclusively rely on any such Notice and shall have no obligation to reconcile any amounts distributed as between any such applicable purchaser or seller; it being understood that in no event shall any such purchaser or seller have any recourse against the TCEH First Lien Administrative Agent related thereto.

13.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or

6

authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

14.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

15.     To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

16.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

18.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

19.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:      11/23, 2015
Wilmington, Delaware

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

7

Case 14-10979-CSS    Doc 7180-1 Filed 11/25/15    Page 15 of 48

**EXHIBIT 1**

**Cover Letter**

8

Energy Future Holdings Corp.
1601 Bryan Street
Dallas, Texas 75201.

[DATE]

[Company]
[Address]
[Address]

Re:    *In re Energy Future Holdings Corp.*, et al. Case No. 14-10979

Dear Holder of Record:

Our records indicate that as of [DATE], you hold an interest in the [Debt Issuance] (the "Notes" / "Loans") issued by [Debtor Entity] pursuant to the [Indenture / Credit Agreement] (a "TCEH First Lien Secured Claim").

Pursuant to the *Order (A) Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004, (B) Providing Requirements for the Purchase of Certain Claims Against the Debtors, and (C) Establishing Notification and Hearing Procedures for Relief from the Requirements on the Purchase of Certain Claims Against the Debtors* [D.I. __] (the "Trading Procedures Order"),[1] as a holder of a TCEH First Lien Secured Claim, you qualify as a potential "Substantial Equity Holder."

As such, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and the Trading Procedures Order, you are required to provide to counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Emily E. Geier, Esq., by **[DATE], 2015** (the "Disclosure Date"), the "Equity Holder Information" described in the Order.

Very Sincerely,

[Andy M. Wright]
[Vice President and Deputy General Counsel]
Energy Future Holdings Corp.

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Trading Procedures Order, a copy of which is enclosed with this letter.

**EXHIBIT 2**

**Pre-Acquisition Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ACQUISITION NOTICE OF [_____] IN ACCORDANCE
### WITH THE ORDER (A) REQUIRING CERTAIN ENTITIES
### TO PROVIDE INFORMATION PURSUANT TO BANKRUPTCY RULE 2004,
### (B) PROVIDING REQUIREMENTS FOR THE PURCHASE OF CERTAIN
### CLAIMS AGAINST THE DEBTORS, AND (C) ESTABLISHING NOTIFICATION
### AND HEARING PROCEDURES FOR RELIEF FROM THE REQUIREMENTS
### ON THE PURCHASE OF CERTAIN CLAIMS AGAINST THE DEBTORS

PLEASE TAKE NOTICE that, pursuant to the *Order (A) Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004, (B) Providing Requirements for the Purchase of Certain Claims Against the Debtors, and (C) Establishing Notification and Hearing Procedures for Relief from the Requirements on the Purchase of Certain Claims Against the Debtors* [D.I. ___] (the "Trading Procedures Order"),[2] [Name of Prospective Substantial Equity Holder] (the "Prospective Equity Holder") hereby provides notice (this "Notice") of its intention to purchase, acquire, or otherwise accumulate one or more Allowed TCEH First Lien Secured Claims against one or more of the above-captioned debtors (the "Debtors") in the above-captioned bankruptcy cases pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Trading Procedures Order.

PLEASE TAKE FURTHER NOTICE that Prospective Equity Holder currently holds $ _____ in:

[Name of Debt Issuance] against [Name of Borrower/Issuer]

*[If applicable, list all Debt Issues and Borrowers/Issuers].*

PLEASE TAKE FURTHER NOTICE that the Prospective Equity Holder proposes to purchase, acquire or otherwise accumulate $ _____ in [Name of Debt Issuance] against [Name of Borrower/Issuer] (the "Proposed Transfer"). If the Proposed Transfer is permitted to occur, the Prospective Equity Holder will beneficially own $ _____ in [Name of Debt Issuance] against [Name of Borrower/Issuer] after the transfer.

[PLEASE TAKE FURTHER NOTICE that [Statement of Prospective Equity Holder explaining why the Proposed Transfer will not adversely affect the Application.]][3]

PLEASE TAKE FURTHER NOTICE that pursuant to the Trading Procedures Order, this Notice is being (a) filed with the Court, and (b) served upon counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Emily E. Geier, Esq. The Debtors have three (3) business days after receipt of this Notice to file with the Court and serve on the Prospective Equity Holder filing this Notice an objection to the Proposed Transfer on the grounds that such transfer may adversely affect an Application. If an objection is filed, the Prospective Equity Holder may not proceed with the Proposed Transfer (or if the Prospective Equity Holder does proceed with the Proposed Transfer, such transaction shall not be effective) unless and until (i) the objection is withdrawn or overruled or (ii) the Proposed Transfer is approved by a final and non-appealable order of the Court determining that the Proposed Transfer will not adversely affect an Application. If no objection to this Notice is filed within

---

[3] Not required to be included by Prospective Substantial Equity Holder.

2

such 3-day period or if an objection to this Notice is filed and later withdrawn, the Proposed Transfer may proceed solely as set forth in this Notice.  In addition, the Prospective Equity Holder filing this Notice shall have the right at any time to seek a ruling by the Court that the Debtors' objection that the Proposed Transfer will materially and adversely affect the Application was either not reasonable or not made in good faith.

Under penalties of perjury, Prospective Equity Holder hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.  The undersigned Prospective Equity Holder understands that any further transactions that would result in Prospective Equity Holder purchasing, acquiring, or otherwise accumulating additional Allowed TCEH First Lien Secured Claims against the Debtors that represent (5%) or greater of all allowed TCEH First Lien Secured Claims against the Debtors will require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully submitted,

_____
[Name of Prospective Equity Holder]
Taxpayer Identification Number:

_____
By:           _____
Name:        _____
Title:        _____
Address:     _____
             _____
             _____
Telephone:   _____
Facsimile:   _____

Date: _____

3

**EXHIBIT 3**

**Post-Acquisition Notice**

4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ACQUISITION NOTICE OF [_____] IN ACCORDANCE WITH THE ORDER (A) REQUIRING CERTAIN ENTITIES TO PROVIDE INFORMATION PURSUANT TO BANKRUPTCY RULE 2004, (B) PROVIDING REQUIREMENTS FOR THE PURCHASE OF CERTAIN CLAIMS AGAINST THE DEBTORS, AND (C) ESTABLISHING NOTIFICATION AND HEARING PROCEDURES FOR RELIEF FROM THE REQUIREMENTS ON THE PURCHASE OF CERTAIN CLAIMS AGAINST THE DEBTORS

PLEASE TAKE NOTICE that, pursuant to the *Order (A) Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004, (B) Providing Requirements for the Purchase of Certain Claims Against the Debtors, and (C) Establishing Notification and Hearing Procedures for Relief from the Requirements on the Purchase of Certain Claims Against the Debtors* [D.I. __] (the "Trading Procedures Order"),[2] [Name of Substantial Equity Holder] (the "Equity Holder") hereby provides notice (this "Notice") of its purchase, acquirement, or other such accumulation (such transaction, the "Transfer") of one or more Allowed TCEH First Lien Secured Claims against one or more of the above-captioned debtors

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]  Capitalized terms not defined herein shall have the meanings ascribed to them in the Trading Procedures Order.

RLF1 13415091v.1

(the "Debtors") in the above-captioned bankruptcy cases pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

PLEASE TAKE FURTHER NOTICE that, prior to the Transfer, Equity Holder held $_____ in:

[Name of Debt Issuance] against [Name of Borrower/Issuer]

*[If applicable, list all Debt Issues and Borrowers/Issuers]*.

PLEASE TAKE FURTHER NOTICE that the Equity Holder purchased, acquired or otherwise accumulated $_____ in [Name of Debt Issuance] against [Name of Borrower/Issuer] in the Transfer. As a result of the Transfer, the Equity Holder beneficially owns $_____ in [Name of Debt Issuance] against [Name of Borrower/Issuer].

PLEASE TAKE FURTHER NOTICE that pursuant to the Trading Procedures Order, this Notice is being (a) filed with the Court, and (b) served upon counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Emily E. Geier, Esq.

Under penalties of perjury, Equity Holder hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

*[Remainder of page intentionally left blank.]*

RLF1 13415091v.1

Respectfully submitted,

_____

[Name of Equity Holder]
Taxpayer Identification Number:

_____

By:        _____
Name:      _____
Title:     _____
Address:   _____
           _____
           _____
Telephone: _____
Facsimile: _____

Date: _____

3

**EXHIBIT C**

Energy Future Holdings Corp.
1601 Bryan Street
Dallas, Texas 75201.

<em>December</em> January <s>1</s> 12, 201<s>5</s>6

Re:     *In re Energy Future Holdings Corp.*, et al. Case No. 14-10979

Dear Holder of Record:

Our records indicate that as of November 23, 2015, you hold an interest in the TCEH term loans (the "Loans") under the TCEH First Lien Credit Agreement (a "TCEH First Lien Secured Claim").

Pursuant to the *Order (A) Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004, (B) Providing Requirements for the Purchase of Certain Claims Against the Debtors, and (C) Establishing Notification and Hearing Procedures for Relief from the Requirements on the Purchase of Certain Claims Against the Debtors* [D.I. 7100] (the "Trading Procedures Order"),[1] as a holder of a TCEH First Lien Secured Claim, you qualify as a potential "Substantial Equity Holder."

As such, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and the Trading Procedures Order, you are required to provide to counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Emily E. Geier, Esq., by <s>December</s> January <s>11</s> 22, 201<s>5</s>6 (the "Disclosure Date"), the "Equity Holder Information" described in the Order.

Very Sincerely,

/s/
_____
Andy M. Wright
Vice President and Deputy General Counsel
Energy Future Holdings Corp.

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Trading Procedures Order, a copy of which is enclosed with this letter.

[THIS PAGE LEFT INTENTIONALLY BLANK]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket No. __ |

**ORDER (A) REQUIRING CERTAIN ENTITIES TO**
**PROVIDE INFORMATION PURSUANT TO BANKRUPTCY RULE 2004,**
**(B) PROVIDING REQUIREMENTS FOR THE PURCHASE OF CERTAIN**
**CLAIMS AGAINST THE DEBTORS, AND (C) ESTABLISHING NOTIFICATION**
**AND HEARING PROCEDURES FOR RELIEF FROM THE REQUIREMENTS**
**ON THE PURCHASE OF CERTAIN CLAIMS AGAINST THE DEBTORS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) requiring certain entities that will own equity in certain reorganized Debtors to provide information necessary to prepare and obtain approval of regulatory applications, (b) providing requirements for the purchase of certain claims against the Debtors that will convert to equity in certain reorganized Debtors, and (c) establishing notification and hearing procedures for relief from the requirements on the purchase of certain claims against the Debtors, all as more fully set forth in the Motion; and upon the Doré Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Plan, as applicable.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted as set forth herein.

2.     To the extent not already provided, all Holders of Allowed TCEH First Lien Secured Claims other than TCEH First Lien Ad Hoc Committee Members and their Related Parties (as defined below), to the extent such Holder, together with any direct or indirect subsidiary or Affiliate of, or beneficial holder, investment fund, fund, or account that is advised, managed, or controlled by, such Holder or its Affiliates (such parties, generally, "Related Parties"), holds "disclosable economic interests" (as defined by Bankruptcy Rule 2019(a)(1)) with respect to Allowed TCEH First Lien Secured Claims that represent, in the aggregate, five percent (5%) or greater of all Allowed TCEH First Lien Secured Claims, are hereby ordered to provide to counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn:  Emily E. Geier, Esq., within seven (7) business days of the Debtors'

2

service of notice of entry of this Order (the "Disclosure Date"), the following information to be

included in the Applications (the "Equity Holder Information"):

     a.    name, address, and citizenship of the potential Substantial Equity Holder;

     b.    the amount of such Allowed TCEH First Lien Secured Claims held by such Holder;

     c.    whether the holder has a controlling or voting equity interest in any other public utility or PGC subject to the regulation of the PUC or the FERC, and the number of such interests and/or the percentage ownership in such other entities, such information to be supplied in the manner reasonably directed by the Debtors; and

     d.    any other information that is required to be disclosed in a relevant application, including any information bearing upon the eligibility or suitability of a potential Substantial Equity Holder with respect to control of a Regulated Entity.

3.    In addition to the Equity Holder Information specified in paragraph 2 of this Order, potential Substantial Equity Holders shall cooperate with the Debtors as reasonably necessary to prepare and obtain approval of the Applications.

4.    Solely for purposes of compliance with this Order, Holders of Allowed TCEH First Lien Secured Claims should assume that the aggregate amount of Allowed TCEH First Lien Secured Claims is $25,900,000,000.

5.    The form of the cover letter attached to this Order as **Exhibit 1** is hereby approved.

6.    The Trading Requirements are hereby approved.

7.    The following Trading Procedures shall apply to the trading of Allowed TCEH First Lien Secured Claims upon entry of the Order and through the Effective Date:

     a.    Pre-Acquisition Notice: From the date of entry of the Order and through the Effective Date, five (5) business days prior to any transfer of any Allowed TCEH First Lien Secured Claim that would result in an entity or its Related Parties becoming a holder of twenty-five percent (25%) or greater of all allowed TCEH First Lien Secured Claims, such entity or

Related Party shall file with the Court, and serve on counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Emily E. Geier, Esq., advance written notice of the intended transfer in the form attached as **Exhibit 2** to this Order (each, a "Pre-Acquisition Notice"), which Pre-Acquisition Notice may, but shall not be required to, include a statement as to why the proposed acquisition would not adversely affect an Application.

b.    Objection Procedures:  The Debtors shall have three (3) business days after receipt of a Pre-Acquisition Notice to file with the Court and serve on the entity filing the Pre-Acquisition Notice an objection to the proposed transfer on the grounds that such transfer may, in the Debtors' reasonable discretion, materially and adversely affect an Application.  If an objection is filed, such entity shall not proceed with the proposed transaction (or if such entity does proceed with the proposed transaction, such transaction shall not be effective) unless and until (i) the objection is withdrawn, overruled, or otherwise resolved, or (ii) the proposed transaction is approved by a final and non-appealable order of the Bankruptcy Court determining that the proposed acquisition will not materially and adversely affect the Application.  If no objection to a Pre-Acquisition Notice is filed within such 3-day period or if an objection to a Pre-Acquisition Notice is filed and later withdrawn, the transaction may proceed solely as set forth in the Pre-Acquisition Notice. In addition, any such entity shall have the right at any time to seek a ruling by the Court that the Debtors' objection that a proposed transfer will materially and adversely affect the Application was either not reasonable or not made in good faith.  Any further transactions within the scope of this paragraph that would result in such entity or its Related Parties acquiring additional allowed TCEH First Lien Secured Claims that represent (5%) or greater of all allowed TCEH First Lien Secured Claims must comply with the same noticing and 3-day objection procedures.

c.    Post-Acquisition Notice: From the date of entry of the Order and through the Effective Date, Holders of Allowed TCEH First Lien Secured Claims shall file with the Court, and serve on counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn:  Emily E. Geier, Esq., written notice in the form attached as **Exhibit 3** to this Order: (a) no later than five (5) business days after any Holder and its Related Parties (other than the TCEH Ad Hoc Committee Members and their Related Parties) becomes a Holder that, together with its Related Parties, holds "disclosable economic interests" (as defined by Bankruptcy Rule 2019(a)(1)) with respect to Allowed TCEH First Lien Secured Claims that represent, in the aggregate, five percent (5%) or greater of all Allowed TCEH First Lien Secured Claims; (b) no later than five (5) business days after any Holder and its Related Parties becomes a holder of ten percent (10%) or greater of all Allowed TCEH First Lien Secured Claims (other than TCEH Ad Hoc Committee Members and their Related Parties who

4

have already disclosed such ownership); (c) no later than five (5) business days after any Holder and its Related Parties becomes a holder of fifteen percent (15%) or greater of all Allowed TCEH First Lien Secured Claims and (d) no later than five (5) business days after any Holder and its Related Parties becomes a holder of twenty percent (20%) or greater of all Allowed TCEH First Lien Secured Claims.

8.      Any transfer of Allowed TCEH First Lien Secured Claims made in violation of the Trading Procedures shall be deemed void *ab initio*; *provided, however,* that the Debtors may waive, in writing, and in consultation with the Regulatory Agencies, any and all requirements, stays, and notification procedures contained in this Order or any other order entered with respect hereto.

9.      The Debtors shall serve a copy of this Order on all known Holders of Allowed TCEH First Lien Secured Claims, along with the cover letter attached to this Order as Exhibit 1. For purposes of the Debtors' service of this Order on known Holders of Allowed TCEH First Lien Secured Claims under the TCEH Credit Agreement (each, a "TCEH First Lien Lender"), the TCEH First Lien Administrative Agent shall provide the Debtors with the contact details for each TCEH First Lien Lender reflected in the register maintained by the TCEH First Lien Administrative Agent under the TCEH Credit Agreement as of the date of the entry of this Order, which shall be provided to the Debtors promptly after entry of this Order.

10.     Approximately every two weeks following entry of the Order, the Debtors will serve a notice of this Order to all Holders of Allowed TCEH First Lien Secured Claims holding in excess of $500,000,000.

11.     The TCEH First Lien Agent shall have no obligation to monitor compliance with this Order, including without limitation, monitoring compliance with the Trading Requirements and/or the Trading Procedures, and the TCEH First Lien Agent shall have no liability with

5

respect to any Holder of Allowed TCEH First Lien Secured Claims' violation of this Order, including violations of the Trading Requirements and/or the Trading Procedures.

12.    The Debtors shall provide the TCEH First Lien Administrative Agent with written notice of any putative transfer of an Allowed TCEH First Lien Secured Claim that is void pursuant to this Order (the "Notice"), which Notice shall identify (i) the putative purchaser of such Allowed TCEH First Lien Secured Claim; (ii) the putative seller of such Allowed TCEH First Lien Secured Claim; (iii) the type of loan purported to be transferred; (iv) the date of the putative transfer; and (v) the amount of the transfer of such Allowed TCEH First Lien Secured Claim that is void.  Upon receipt of the Notice, the TCEH First Lien Administrative Agent shall, as soon as reasonably practicable, update the register maintained by it pursuant to the TCEH Credit Agreement so as to reinstate the Holder of the Allowed TCEH First Lien Secured Claim immediately preceding the void transfer as the TCEH First Lien Lender of record under the TCEH Credit Agreement.  The TCEH First Lien Administrative Agent shall have no liability with respect to the treatment of any such purchaser as a TCEH First Lien Lender of record prior to the receipt of such Notice, shall be entitled to conclusively rely on any such Notice and shall have no obligation to reconcile any amounts distributed as between any such applicable purchaser or seller; it being understood that in no event shall any such purchaser or seller have any recourse against the TCEH First Lien Administrative Agent related thereto.

13.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or

6

authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

14.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

15.     To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

16.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

18.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

19.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____11/23____, 2015
Wilmington, Delaware

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

RLF1 13415091v.1

**<u>EXHIBIT 1</u>**

**Cover Letter**

RLF1 13415091v.1

Energy Future Holdings Corp.
1601 Bryan Street
Dallas, Texas 75201.

[DATE]

[Company]
[Address]
[Address]

Re:     *In re Energy Future Holdings Corp.*, et al. Case No. 14-10979

Dear Holder of Record:

Our records indicate that as of [DATE], you hold an interest in the [Debt Issuance] (the "<u>Notes</u>" / "<u>Loans</u>") issued by [Debtor Entity] pursuant to the [Indenture / Credit Agreement] (a "<u>TCEH First Lien Secured Claim</u>").

Pursuant to the *Order (A) Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004, (B) Providing Requirements for the Purchase of Certain Claims Against the Debtors, and (C) Establishing Notification and Hearing Procedures for Relief from the Requirements on the Purchase of Certain Claims Against the Debtors* [D.I. __] (the "<u>Trading Procedures Order</u>"),[1] as a holder of a TCEH First Lien Secured Claim, you qualify as a potential "Substantial Equity Holder."

As such, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and the Trading Procedures Order, you are required to provide to counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Emily E. Geier, Esq., by **[DATE], 2015** (the "<u>Disclosure Date</u>"), the "Equity Holder Information" described in the Order.

Very Sincerely,

[Andy M. Wright]
[Vice President and Deputy General Counsel]
Energy Future Holdings Corp.

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Trading Procedures Order, a copy of which is enclosed with this letter.

**EXHIBIT 2**

**Pre-Acquisition Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ACQUISITION NOTICE OF [_____] IN ACCORDANCE
WITH THE ORDER (A) REQUIRING CERTAIN ENTITIES
TO PROVIDE INFORMATION PURSUANT TO BANKRUPTCY RULE 2004,
(B) PROVIDING REQUIREMENTS FOR THE PURCHASE OF CERTAIN
CLAIMS AGAINST THE DEBTORS, AND (C) ESTABLISHING NOTIFICATION
AND HEARING PROCEDURES FOR RELIEF FROM THE REQUIREMENTS
ON THE PURCHASE OF CERTAIN CLAIMS AGAINST THE DEBTORS**

PLEASE TAKE NOTICE that, pursuant to the *Order (A) Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004, (B) Providing Requirements for the Purchase of Certain Claims Against the Debtors, and (C) Establishing Notification and Hearing Procedures for Relief from the Requirements on the Purchase of Certain Claims Against the Debtors* [D.I. ___] (the "Trading Procedures Order"),[2] [Name of Prospective Substantial Equity Holder] (the "Prospective Equity Holder") hereby provides notice (this "Notice") of its intention to purchase, acquire, or otherwise accumulate one or more Allowed TCEH First Lien Secured Claims against one or more of the above-captioned debtors (the "Debtors") in the above-captioned bankruptcy cases pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Trading Procedures Order.

PLEASE TAKE FURTHER NOTICE that Prospective Equity Holder currently holds $ _____ in:

[Name of Debt Issuance] against [Name of Borrower/Issuer]

*[If applicable, list all Debt Issues and Borrowers/Issuers].*

PLEASE TAKE FURTHER NOTICE that the Prospective Equity Holder proposes to purchase, acquire or otherwise accumulate $ _____ in [Name of Debt Issuance] against [Name of Borrower/Issuer] (the "Proposed Transfer"). If the Proposed Transfer is permitted to occur, the Prospective Equity Holder will beneficially own $ _____ in [Name of Debt Issuance] against [Name of Borrower/Issuer] after the transfer.

[PLEASE TAKE FURTHER NOTICE that [Statement of Prospective Equity Holder explaining why the Proposed Transfer will not adversely affect the Application.]][3]

PLEASE TAKE FURTHER NOTICE that pursuant to the Trading Procedures Order, this Notice is being (a) filed with the Court, and (b) served upon counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Emily E. Geier, Esq. The Debtors have three (3) business days after receipt of this Notice to file with the Court and serve on the Prospective Equity Holder filing this Notice an objection to the Proposed Transfer on the grounds that such transfer may adversely affect an Application. If an objection is filed, the Prospective Equity Holder may not proceed with the Proposed Transfer (or if the Prospective Equity Holder does proceed with the Proposed Transfer, such transaction shall not be effective) unless and until (i) the objection is withdrawn or overruled or (ii) the Proposed Transfer is approved by a final and non-appealable order of the Court determining that the Proposed Transfer will not adversely affect an Application. If no objection to this Notice is filed within

---

[3] Not required to be included by Prospective Substantial Equity Holder.

2

such 3-day period or if an objection to this Notice is filed and later withdrawn, the Proposed Transfer may proceed solely as set forth in this Notice. In addition, the Prospective Equity Holder filing this Notice shall have the right at any time to seek a ruling by the Court that the Debtors' objection that the Proposed Transfer will materially and adversely affect the Application was either not reasonable or not made in good faith.

Under penalties of perjury, Prospective Equity Holder hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete. The undersigned Prospective Equity Holder understands that any further transactions that would result in Prospective Equity Holder purchasing, acquiring, or otherwise accumulating additional Allowed TCEH First Lien Secured Claims against the Debtors that represent (5%) or greater of all allowed TCEH First Lien Secured Claims against the Debtors will require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully submitted,

_____
[Name of Prospective Equity Holder]
Taxpayer Identification Number:

_____
By: _____
Name: _____
Title: _____
Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

3

**EXHIBIT 3**

**Post-Acquisition Notice**

4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|                                          |   |                          |
|------------------------------------------|---|--------------------------|
| In re:                                   | ) | Chapter 11               |
|                                          | ) |                          |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS)  |
|                                          | ) |                          |
| Debtors.                                 | ) | (Jointly Administered)   |
|                                          | ) |                          |

**ACQUISITION NOTICE OF [_____] IN ACCORDANCE
WITH THE ORDER (A) REQUIRING CERTAIN ENTITIES
TO PROVIDE INFORMATION PURSUANT TO BANKRUPTCY RULE 2004,
(B) PROVIDING REQUIREMENTS FOR THE PURCHASE OF CERTAIN
CLAIMS AGAINST THE DEBTORS, AND (C) ESTABLISHING NOTIFICATION
AND HEARING PROCEDURES FOR RELIEF FROM THE REQUIREMENTS
ON THE PURCHASE OF CERTAIN CLAIMS AGAINST THE DEBTORS**

PLEASE TAKE NOTICE that, pursuant to the *Order (A) Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004, (B) Providing Requirements for the Purchase of Certain Claims Against the Debtors, and (C) Establishing Notification and Hearing Procedures for Relief from the Requirements on the Purchase of Certain Claims Against the Debtors* [D.I. __] (the "Trading Procedures Order"),[2] [Name of Substantial Equity Holder] (the "Equity Holder") hereby provides notice (this "Notice") of its purchase, acquirement, or other such accumulation (such transaction, the "Transfer") of one or more Allowed TCEH First Lien Secured Claims against one or more of the above-captioned debtors

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Trading Procedures Order.

RLF1 13415091v.1

(the "Debtors") in the above-captioned bankruptcy cases pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

PLEASE TAKE FURTHER NOTICE that, prior to the Transfer, Equity Holder held $_____ in:

[Name of Debt Issuance] against [Name of Borrower/Issuer]

*[If applicable, list all Debt Issues and Borrowers/Issuers]*.

PLEASE TAKE FURTHER NOTICE that the Equity Holder purchased, acquired or otherwise accumulated $ _____ in [Name of Debt Issuance] against [Name of Borrower/Issuer] in the Transfer. As a result of the Transfer, the Equity Holder beneficially owns $_____ in [Name of Debt Issuance] against [Name of Borrower/Issuer].

PLEASE TAKE FURTHER NOTICE that pursuant to the Trading Procedures Order, this Notice is being (a) filed with the Court, and (b) served upon counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Emily E. Geier, Esq.

Under penalties of perjury, Equity Holder hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

*[Remainder of page intentionally left blank.]*

2

Case 14-10979-CSS    Doc 7135-3   Filed 11/25/15   Page 4 of 4

Respectfully submitted,

_____

[Name of Equity Holder]
Taxpayer Identification Number:

_____

By: _____
Name: _____
Title: _____
Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

3

**EXHIBIT D**

| Claim Name | Address Information |
| --- | --- |
| J ARON & COMPANY | ATTN: STEVEN M. BUNKIN 200 WEST ST NEW YORK NY 10282-2198 |

**Total Creditor count  1**

**EXHIBIT E**

| Claim Name | Address Information |
| --- | --- |
| ANGELO GORDON & CO, LP | BRUCE MARTIN 245 PARK AVENUE NEW YORK NY 10167 |
| APOLLO CAPITAL MANAGEMENT, LP | JOSEPH GLATT 9 WEST 57TH STREET, 37TH FLOOR NEW YORK NY 10019 |
| BRIGADE CAPITAL MANAGEMENT, LP | JIM KEOGH 399 PARK AVENUE, 16TH FLOOR NEW YORK NY 10022 |
| CENTERBRIDGE | BANK DEBT 375 PARK AVENUE, 13TH FLOOR NEW YORK NY 10152 |
| CREDIT SUISSE ASSET MANAGEMENT, LLC | JENNIFER CHIN ONE MADISON AVENUE, 9TH FLOOR NEW YORK NY 10010 |
| EARLS EIGHT LIMITED | THE DIRECTORS PO BOX 1984 BOUNDARY HALL, CRICKET SQUARE GRAND CAYMAN KY1-1104 CAYMAN ISLANDS |
| FORTRESS INVESTMENT GROUP LLC | DREW MCKNIGHT ONE MARKET PLAZA SPEAR TOWER, 42ND FLOOR SAN FRANCISCO CA 94105 |
| FRANKLIN MUTUAL ADVISERS, LLC | SHAWN TUMULTY 101 JFK PARKWAY SHORT HILLS NJ 07078 |
| HBK SERVICES LLC | VIVIAN TORIAN 2101 CEDAR SPRINGS ROAD, SUITE 700 DALLAS TX 75201 |
| HIGHLAND CAPITAL MANAGEMENT, LP | DATA TEAM 300 CRESCENT COURT, SUITE 700 DALLAS TX 75201 |
| KING STREET CAPITAL MANAGEMENT, LP | BANK DEBT 65 EAST 55TH STREET, 30TH FLOOR NEW YORK NY 10022 |
| OAKTREE CAPITAL MANAGEMENT LP | DESMUND SHIRAZI 333 SOUTH GRAND AVE, 28TH FLOOR LOS ANGELES CA 90071 |
| OCH-ZIFF CAPITAL MANAGEMENT GROUP | DANIEL YOUSIF 9 WEST 57TH STREET, 13TH FLOOR NEW YORK NY 10019 |
| RBC CAPITAL MARKETS LLC | ANDRES LASSO THREE WORLD FINANCIAL CENTER, 5TH FLOOR 200 VESEY STREET NEW YORK NY 10281 |

**Total Creditor count  14**