# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: April 27, 2016 at 10:00 a.m. |
| | Objection Deadline: April 20, 2016 at 4:00 p.m. |

**MOTION OF ENERGY FUTURE
HOLDINGS CORP., *ET AL.*, FOR
ENTRY OF AN ORDER (A) SETTING A
SUPPLEMENTAL BAR DATE FOR NINETY
SUBSEQUENTLY IDENTIFIED PARTIES, (B) APPROVING
NOTICE THEREOF, AND (C) ESTABLISHING RELATED PROCEDURES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) authorizing the Debtors to establish a supplemental deadline for filing proofs of claim against the Debtors solely as to ninety (90) parties who shall be mailed notice of the supplemental deadline upon entry of the Order, (b) approving the form of notice thereof, and (c) establishing procedures that will allow the Debtors to establish further supplemental deadlines as necessary without having to seek further relief from the Court. In support of this Motion, the Debtors respectfully state as follows.

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court")

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested in this Motion are rules 2002 and 3003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

4. By this Motion, the Debtors seek entry of an order (a) authorizing the Debtors to establish a supplemental deadline for filing proofs of claim against the Debtors solely as to ninety (90) parties who shall be mailed notice of the supplemental deadline upon entry of the Order, (b) approving the form of notice thereof, and (c) establishing procedures that will allow the Debtors to establish further supplemental deadlines as necessary without having to seek further relief from the Court.

**Background**

5. On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter

11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98] and the *Disclosure Statement For the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp.*, et al., *Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6124], approved by the Court on September 22, 2015 [D.I. 6131].

6.      On August 18, 2014, the Court entered an *Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof* [D.I. 1866] (the "General Bar Date Order"), establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) as the deadline to submit proofs of claim against the Debtors (the "Bar Date"). The Debtors mailed notice of the Bar Date (the "Bar Date Notice") to all then-identified parties in interest consistent with the requirements of the General Bar Date Order.

7.      On December 9, 2015, the Court entered the *Order (Amended) Confirming the*

3

*Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, confirming the Debtors' plan of reorganization [D.I. 7285].

**Limited Supplemental Bar Date**

8.      The Debtors have identified ninety (90) parties (the "Subsequently Identified Parties") that may not have received the Bar Date Notice.  Each Subsequently Identified Party is a co-defendant to certain litigation matters that the Debtors either included in their schedules and statements filed on June 30, 2014, or, in one instance, inadvertently left off those schedules and statements.

9.      The Debtors desire to establish a new bar date by which the Subsequently Identified Parties must submit proofs of claim against the Debtors (if any) (the "Supplemental Bar Date").

10.     The Debtors propose that the Supplemental Bar Date be the date designated by the Debtors in a Notice of Designation of Supplemental Bar Date to be filed with the Court, which date will be no earlier than 5:00 p.m. (prevailing Eastern Time) on the first business day that is at least thirty (30) days after the date the Debtors serve, by first class mail, notice of the Supplemental Bar Date (the "Supplemental Notice").

11.     The Debtors propose that the Supplemental Notice be substantially in the form of the Bar Date Notice attached as Exhibit 2 to the General Bar Date Order but modified to reflect the Supplemental Bar Date and to make clear that the Supplemental Bar Date applies to the Subsequently Identified Parties only, substantially in the form attached hereto as **Exhibit 2** to **Exhibit A**.  The Debtors further propose that the Supplemental Notice be accompanied by a proof of claim form (the "Proof of Claim Form"), substantially in the form attached hereto as **Exhibit 1** to **Exhibit A**, similar to the proof of claim form attached as Exhibit 1 to the General

Bar Date Order but modified to reflect the applicable Supplemental Bar Date.  The Debtors further propose that the rules for who must (and who need not) file the Proof of Claim Form and the requirements for timely filing the Proof of Claim Form be the same as for the General Bar Date, as provided in the General Bar Date Order.

12. The Debtors request that the Court order that any Subsequently Identified Party who is mailed a Supplemental Notice and fails to file a Proof of Claim Form on or before the Supplemental Bar Date (a) be forever barred, estopped, and enjoined from asserting such claim against each of the Debtors and their respective estates, and each of the Debtors and their respective chapter 11 estates, successors, and property will be forever discharged from any and all indebtedness or liability with respect to such claim and (b) be precluded from participating in any distribution on account of such claim.

13. Other than seeking authority to establish the Supplemental Bar Date and approval of the Supplemental Notice and Proof of Claim Form to be used with respect thereto, this Motion does not seek any changes to the General Bar Date Order.  The Debtors propose that all provisions thereof, including with respect to the General Bar Date, remain in full force and effect.

14. Finally, in the event the Debtors discover any other parties for whom a supplemental bar date is appropriate, the Debtors seek authority, without having to seek further leave of the Court, but with filing a notice on the docket, to set a supplemental bar date that is thirty (30) days from service, via first-class mail, of notice to such parties with a bar date package in substantially form and substance as provided herein.

**Basis for Relief**

**I.    The Supplemental Bar Date, the Proposed Procedures for Filing Proofs of Claim, and the Proposed Notice Thereof Are Reasonable and Appropriate.**

15.    Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  Fed. R. Bankr. P. 3003(c)(3).

16.    It is well recognized that a claims bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors.  *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999).  A claims bar date allows the Debtors and parties in interest to expeditiously determine and evaluate the liabilities of the estates.  The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by the Debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law— "secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate."  *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

17.    Where a creditor is known to the debtor, due process requires that the debtor take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing proofs of claim.

18.    Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least 21 days' notice by mail of bar dates pursuant to Bankruptcy Rule 3003(c).

19. The procedures and notice periods described herein afford the Subsequently Identified Parties ample opportunity and a clear process to file Proofs of Claim. In fact, the relief request is consistent with the entries of orders in this district. *See In re A321 Systems, Inc.*, No. 12-12859 (KJC) (Bankr. D. Del. Feb. 4, 2013) (approving supplemental bar date for subsequently identified parties).

20. Accordingly, the Debtors respectfully submit that the Supplemental Bar Date and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

## Notice

21. The Debtors shall provide notice of this Motion on the date hereof via first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes

due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**Prior Request**

22.     As described herein, the relief sought in this Motion and the Order seeks a limited supplement to the relief granted by the Court pursuant to the General Bar Date Order.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, and grant such other and further relief as is appropriate under the circumstances.

Dated: April 6, 2016
      Wilmington, Delaware

/s/ Jason M. Madron
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:   collins@rlf.com
       defranceschi@rlf.com
       madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   edward.sassower@kirkland.com
       stephen.hessler@kirkland.com
       brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   james.sprayregen@kirkland.com
       marc.kieselstein@kirkland.com
       chad.husnick@kirkland.com
       steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession