CADWALADER, WICKERSHAM & TAFT LLP
700 6th Street, NW
Washington, DC 20001
Telephone: (202) 862-2200
Facsimile: (202) 862-2400
Mark C. Ellenberg

*Attorneys for Indian Mesa Wind Farm, LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**
-------------------------------------------------------------------x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | : Case No. 14-10979 (CSS) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : **Hearing Date: April 27, 2016 at 10 a.m.** |
| | : **Response Deadline: April 7, 2016 at 4 p.m.** |

------------------------------------------------------------------ x

**RESPONSE OF INDIAN MESA WIND FARM, LLC TO THE**
**DEBTORS' THIRTY-NINTH OMNIBUS (SUBSTANTIVE) OBJECTION**
**TO SUBSTANTIVE DUPLICATE AND NO LIABILITY CLAIMS PURSUANT**
**TO SECTION 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES**
**3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1**

TO THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE:

Indian Mesa Wind Farm, LLC (the "Claimant") hereby submits this response (the

"Response") to the *Thirty-Ninth Omnibus (Substantive) Objection to Substantive Duplicate and*

*No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001,*

*3003, and 3007, and Local Bankruptcy Rule 3007-1* [Dkt. No. 8069] (the "Objection") filed by

the Debtors with respect to Claim No. 7484 (the "Claim"). In support of its Response, the

Claimant respectfully states as follows:

1

## PRELIMINARY STATEMENT

1.     The Claim has two parts.  First, Claimant seeks the return of $575,000 that Luminant improperly drew on a letter of credit posted by the Claimant in connection with a purchase agreement.  Second, Claimant seeks damages in an as yet unliquidated amount with respect to Luminant's material breaches of the same purchase agreement.

2.     The Debtors assert that the Claim should be expunged because (1) the liability for any amounts drawn on the letter of credit is owed by a non-Debtor third party; and (2) the Texas Supreme Court has found that Luminant did not breach the purchase agreement. The Debtors are incorrect on both points.  First, the letter of credit was drawn by Luminant's successor in interest, thus placing the obligation to return the improperly drawn funds squarely on Luminant's shoulders.  The Objection neither provides a basis on which the obligation to return the draw would rest elsewhere nor identifies the party who is allegedly responsible. Moreover, the Texas State Supreme Court ruled unenforceable the liquidated damages provision on which Luminant's draw was based, thus making clear that the draw was improper and has to be refunded.  Second, the Debtors misstate the Texas Supreme Court's holding.  While the Texas Supreme Court did rule that Luminant was not required to ensure adequate transmission capacity under the terms of purchase agreement, and, therefore, Luminant's failure to do so was not a breach, the Texas Supreme Court did not address Luminant's multiple subsequent breaches of the purchase agreement that are the subject of the Claim.  Rather the Supreme Court remanded for further proceedings, which are pending.  Moreover, the breaches on which the Claim is based occurred long after the state court case was commenced.  Thus, the Texas Supreme Court decision does not resolve the Claim for breach of contract damages, and Luminant remains liable

to the Claimant for unliquidated amounts in connection with its subsequent material breaches of the purchase agreement.

## RELEVANT BACKGROUND

3.     The Claimant is a wind-powered electrical generation facility.  On August 25, 2000, the Claimant and TXU Electric Company ("TXU Electric") entered into a Renewable Energy Purchase Agreement (the "Purchase Agreement"), pursuant to which the Claimant sold to TXU Electric annual minimum quantities of renewable energy credits along with the wind-generated electric energy that produced the credits.  On June 27, 2002, SunTrust Bank ("SunTrust") issued Irrevocable Standby Letter of Credit No. ORL/F701557 (the "Letter of Credit"), for the account of Claimant and in favor of TXU Electric.  The Letter of Credit was to secure the Claimant's performance under the Purchase Agreement.

4.     TXU Portfolio Management Company, LP, ("TXU PM") is the assignee of TXU Electric's interest in the Purchase Agreement and the Letter of Credit.  See FPL Energy, LLC v. TXU Portfolio Mgmt., 426 S.W.3d 59, 61 (Tex. 2014);[1] TXU Portfolio Mgmt. Co., LP v. FPL Energy, LLC, 328 S.W.3d 580, 582 (Tex. App. 2010).[2]  Luminant Energy Company LLC ("Luminant") is the successor to TXU PM.  See Rider 1 to Luminant Energy Company LLC Voluntary Petition [Case No. 14-11023, Dkt. No. 1].

5.     On January 24, 2006, Luminant's predecessor in interest delivered a demand to SunTrust to draw on the Letter of Credit in the amount of $575,000, alleging that the Claimant defaulted in the payment of that amount under the Purchase Agreement.  Luminant's draw was based on Section 4.04 of the Purchase Agreement, which provides for liquidated

---

[1]    See infra n.5.
[2]    See infra n.4.

damages in the event that the Claimant failed to deliver certain minimum quantities of renewable energy.

6.    Luminant also sued the Claimant in the 116th Judicial District Court in Dallas County, Texas (the "Trial Court"), seeking liquidated damages of $575,000 for breach of contract with respect to the Claimant's failure to meet the delivery requirements of the Purchase Agreement.  TXU Portfolio Mgmt. Co. v. FPL Energy Pecos Wind I, L.P., No, 04-10314 (116th Dist. Ct. Tex.).  The Claimant counterclaimed, arguing that Luminant breached the Purchase Agreement by failing to ensure adequate transmission capacity, and that Luminant's breach excused the Claimant's non-performance and entitled the Claimant to damages.  On August 27, 2008, the Trial Court issued a declaratory judgment that (1) Luminant was required to provide adequate transmission capacity to the Claimant under the terms of the Purchase Agreement; (2) the liquidated  damages clause in the Purchase Agreement was void as an unenforceable penalty, and (3) Luminant was obligated to return the $575,000 drawn on the Letter of Credit to SunTrust on behalf of the Claimant.  TXU Portfolio Mgmt. Co. v. FPL Energy Pecos Wind I, L.P., No. 04-10314, 2008 WL 10906126 at *1 (116th Dist. Ct. Tex. August 27, 2008).[3]  The Trial Court also ordered that Luminant take nothing by way of its breach of contract claims against the Claimant because it adequately covered for Claimant's breaches.  Id.

7.    On July 27, 2010, the Court of Appeals of Dallas, Texas (the "Court of Appeals") reversed the Trial Court's judgments that Luminant was required to provide adequate transmission capacity and that the liquidated damages provision was an unenforceable penalty.  TXU Portfolio Mgmt. Co. v. FPL Energy, LLC, 328 S.W.3d 580, 587-590 (Tex. App. 2010).[4]

---

[3]    A copy of the Trial Court judgment is attached hereto as Exhibit A.
[4]    A copy of the Court of Appeals decision is attached hereto as Exhibit B.

The Court of Appeals also reversed the portion of the Trial Court's order that required Luminant to return the $575,000 drawn on the Letter of Credit to the Claimant.

8.    On March 21, 2014, the Supreme Court of Texas (the "State Supreme Court") affirmed the Court of Appeals' holding that Luminant did not owe the Claimant a contractual duty to provide adequate transmission capacity.  FPL Energy, LLC v. TXU Portfolio Mgmt., L.P., 426 S.W.3d 59, 61 (Tex. 2014).[5]  However, the State Supreme Court also held that the liquidated damages provision of the Purchase Agreement was void as a penalty, and reversed that portion of the Court of Appeals' order.  Id. at 72.  Accordingly, the Claimant is entitled to the return of the $575,000 that was drawn by Luminant based on the Purchase Agreement liquidated damages provision.  In addition, the State Supreme Court remanded for a determination of whether the Claimant owes Luminant actual damages for breach of contract, and if so, the amount of damages owed.  Id.  The remand has been fully briefed and was argued on October 8, 2015.  No decision has yet been announced.

9.    At the time the Claim was filed, Luminant was in material breach of the Purchase Agreement on account of its (i) submitting independent offer curves with respect to the Claimant, instead of merely passing through valid Electric Reliability Council of Texas ("ERCOT") Dispatch Instructions, or providing information to or from ERCOT (including failing to submit the offer curves and/or Output Schedules provided by Claimant and the base points received from ERCOT for the Claimant's project); and (ii) improperly bidding on the Claimant's wind generation to prevent it from accessing the transmission grid as required under the Purchase Agreement.  Claimant informed Luminant of these material breaches by letters dated April 11, 2012, May 23, 2012, June 1, 2012, December 18, 2012 and April 24, 2013. These material breaches were not addressed or included in the Texas state court litigation, which

---

[5]    A copy of the State Supreme Court decision is attached hereto as Exhibit C.

was commenced years before the breaches occurred.  Luminant remains liable to the Claimant

for certain losses incurred by the Claimant in connection with these breaches.

## RESPONSE

10.    A claim is prima facie valid if it alleges facts sufficient to support a legal

liability to the claimant.  In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992).  To

overcome the prima facie validity of a claim, a party objecting to the claim must present

"evidence equal in force to the prima facie case . . . . which, if believed, would refute at least one

of the allegations that is essential to the claim's legal sufficiency." Id. at 173-74.  An objecting

party cannot merely rely on conclusory statements to overcome the presumption of prima facie

validity.  Instead, the objecting party must produce sufficient rebuttal evidence in order to shift

the burden of proof back to the claimant.  See id. at 174.

**A.    The Debtors Have Not Produced Evidence Demonstrating that a Non-Debtor Third Party, and Not Luminant, is Liable for Amounts Drawn on the Letter of Credit.**

11.    The Letter of Credit was originally issued on the account of Claimant for

the benefit of TXU Electric.  Subsequently, TXU Electric assigned its interest in the Letter of

Credit to TXU PM, which made the improper draws on the Letter of Credit.  Luminant is the

successor to TXU PM.  Therefore, Luminant is liable for the return of funds drawn on the Letter

of Credit.  These facts are not merely alleged by Claimant, they are also findings of fact

embedded in the Texas state court decisions.

12.    To overcome the prima facie validity of the Claim, the Debtors must come

forward with probative evidence that the Luminant is not liable, and that a third-party non-

Debtor is liable.  In the Objection, the Debtors fail to offer any evidence that Luminant is not

liable on the Claim.  The Debtors merely assert that they do not believe that they are liable for

the Claim based on the supporting documentation provided in the Claim and a reasonable review

of the Debtors' books and records, Objection ¶ 18, and that the liability for any amounts drawn

on the Letter of Credit would be owed by a non-Debtor third party.  Exhibit 2 to Exhibit A to the

Objection, at 4.  However, the Debtors have neither bothered to identify the non-Debtor third

party that they believe is liable to the Claimant nor explained by Luminant would not be the

liable party.

   13. The Debtors have not offered, and cannot offer, any evidence in support of

their position.  The Debtors' position disregards the clear facts:  TXU Electric assigned its

interests in the Purchase Agreement and Letter of Credit to TXU PM, and Luminant is the

successor to TXU PM.  It also disregards the Texas state court decisions that recite those same

facts, and hold Luminant liable for the return of amounts drawn on the Letter of Credit.   As a

result, the Claimant is entitled to the return of the full amount of the $575,000 that was

improperly drawn by Luminant.

  **B.** **The Texas Supreme Court Decision Does Not Affect Luminant's Subsequent Breaches of Contract.**

   14. The Texas state court litigation resolved one of the Claimant's breach of

contract claims against Luminant.  However, it did not resolve the breach of contract claims that

arose beginning in April 2012, well after the litigation commenced.

   15. In reviewing the Court of Appeals' July 2010 opinion, the State Supreme

Court held that Luminant did not owe the Claimant a contractual duty to provide adequate

transmission capacity, and, therefore, Luminant's failure to do so was not a breach of contract.

However, the Claim seeks to recover unliquidated amounts for separate breaches of the Purchase

Agreement by Luminant that occurred in or around April 2012, May 2012, June 2012, December

2012 and April 2013.  These breaches related to Luminant's submitting independent offer curves

with respect to the Claimant and improperly bidding on the Claimant's wind generation.  These breaches were not the subject of the Texas state court litigation, and the State Supreme Court did not address or resolve these breaches.  As a result, the Claimant is entitled to reimbursement for the losses it incurred in connection with Luminant's  material breaches of the Purchase Agreement that occurred in or around April 2012, May 2012, June 2012, December 2012 and April 2013.

## RESERVATION OF RIGHTS

16.    The Claimant reserves all rights, claims and defenses, including, without limitation, the right to discovery in connection with the Debtors' Objection.

## CONCLUSION

WHEREFORE, the Claimant respectfully requests that the Court (i) overrule the Objection and allow Claim 7484 in an amount not less than $575,000, and (ii) grant such other and further relief as this Court deems just and proper under the circumstances.

Dated: Washington, DC
          April 6, 2016

CADWALADER, WICKERSHAM & TAFT LLP

/s/ Mark C. Ellenberg
Mark C. Ellenberg
700 6th Street, NW
Washington, DC 20001
Telephone:  (202) 862-2200
Facsimile:  (202) 862-2400

*Attorneys for Indian Mesa Wind Farm, LLC*