**EXHIBIT A**

TXU Portfolio Management Co. v. FPL Energy Pecos Wind I, LP, 2008 WL 10906126...

Case 14-10979-CSS    Doc 8152-1    Filed 04/07/16    Page 2 of 3

2008 WL 10906126 (Tex.Dist.) (Trial Order)
District Court of Texas.
116th Judicial District
Dallas County

TXU PORTFOLIO MANAGEMENT COMPANY, et al.,

v.

FPL ENERGY PECOS WIND I, LP, et al.

No. DC0410314.
August 27, 2008.

**Final Judgment**

[Bruce Priddy](), Judge.

*1  On June 18, 2007, this cause came on to be heard. Plaintiff TXU Portfolio Management Company, L.P. n/k/a Luminant Generation Company, LLC ("TXUPM") and Third-Party Defendant TXU US Holdings Company ("TXUUS") appeared and through counsel announced ready for trial. Defendants FPL Energy Pecos Wind I, LP; FPL Energy Pecos Wind II, LP; NWJ Indian Mesa Wind Farm, LP n/k/a Indian Mesa Wind Farm, LP; and FPL Energy, LLC (collectively, "the Wind Farms") also appeared and through counsel announced ready for trial.

On June 29, 2007, at the conclusion of a trial on the merits, the court submitted questions definitions and instructions to the jury. The jury returned its verdict with findings that the Court received, filed and entered of record. The jury was polled in open court as to each question and confirmed their verdict. The Court has carefully considered the jury's verdict, the evidence presented at trial, the pleadings on file, and the arguments of counsel, and hereby **GRANTS JUDGMENT** on the jury's verdict as follows:

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that TXUPM shall take nothing by way of its breach of contract claims against the Wind Farms. The Wind Farms shall take nothing by way of their causes of action for breach of contract, breach of fiduciary duty, conversion, conspiracy, an accounting, and exemplary damages.

On the parties' respective claims for declaratory relief, having considered the Court's previous summary judgment rulings, the pleadings on file, the arguments of counsel, and all other matters properly before the Court, the Court orders as follows:
(1) The Wind Farms' request for a judicial declaration regarding the proper scope of Section 2.03 of the Agreements is **GRANTED.** The Court **DECLARES** that

(a) Section 2.03 of the Agreements at issue in this litigation is unambiguous;

(b) Section 2.03 requires TXUPM and TXUUS to provide all services necessary to transmit electricity and/or energy from the Defendant Wind Farms to TXUPM's load; and

(c) "All services" under Section 2.03 includes the obligation to provide transmission capacity.

(2) TXUPM's request for a judicial declaration that the Wind Farms must pay liquidated damages to TXUPM is **DENIED** and the Court further **DECLARES** that the liquidated damages clause in the Agreements is an unenforceable penalty, and thus is void under [Texas Business and Commerce Code § 2.718(a)]() and other applicable law.

TXU Portfolio Management Co. v. FPL Energy Pecos Wind I, LP, 2008 WL 10906126...

Case 14-10979-CSS    Doc 8152-1    Filed 04/07/16    Page 3 of 3

(3) Both TXUPM's and the Wind Farms' requests for attorneys' fees pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code are **DENIED.**

(4) TXUPM's request for a judicial declaration that the Wind Farms "are obligated to provide additional Security in the amount necessary to restore the amount of Security to the level required under the REC Purchase Agreements" is DENIED. The Court further DECLARES that TXUPM is obligated to return to SunTrust Bank on behalf of the Wind Farms the full amount of the Security—$3,075 million—it accessed from the following letters of credit: ORL/F701178; ORL/F701179; and ORL/F701557. Once the Security has been returned, this Judgment is without prejudice to whatever rights TXUPM may have under the Agreements at issue requiring the Wind Farms to post Security.

**\*2** Because of the declaratory relief granted herein, the Wind Farms are entitled to their costs of court as successful parties pursuant to Rule 131 of the Texas Rules of Civil Procedure and, alternatively, as an equitable and just award of costs pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code.

This Judgment fully disposes of all claims, issues and parties presented in this cause. All relief not granted herein is expressly DENIED. The Court intends this judgment to be the complete resolution of the captioned case, final for all purposes.

SIGNED on the 27th day of August, 2008.

<<signature>>

Judge Bruce Priddy

116th Civil District Court

---

**End of Document**                © 2016 Thomson Reuters. No claim to original U.S. Government Works.