**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) | (Jointly Administered) |
|  | ) ) ) | **Objection Deadline: May 9, 2016 at 4:00 p.m.** |

## DEBTORS' SIXTH NOTICE OF CLAIMS SATISFIED IN FULL OR IN PART

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), file this notice (the "Notice"), pursuant to Del. Bankr. L.R. 3007-1(e)(iii)(J)(2), identifying certain Claims (as defined below) filed in the above-captioned chapter 11 cases, which have been satisfied or released postpetition in full or in part (the "Satisfied Claims"). Each of the Satisfied Claims is listed in **Exhibit A** and **Exhibit B** attached hereto, which are incorporated herein by reference and are also accessible at the following website maintained by Epiq Bankruptcy Solutions, LLC ("Epiq"), the Debtors' court-appointed claims agent: www.efhcaseinfo.com. In support of this Notice, the Debtors respectfully state as follows.

### Background

1. On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98] and the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6124]. Additionally, on December 9, 2015, the Court entered the *Order (Amended) Confirming the Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code*, confirming the Debtors' plan of reorganization, effective as of December 7, 2015 [D.I. 7235].

2. On June 30, 2014, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs ("Statements" and together, with the Schedules, the "Schedules and Statements") [D.I. 1237–1307, 1319–1329, 1331–1343, 1345]. On September 26, 2014, the Debtors filed their amended Schedules and Statements [D.I. 2146–2216], addressing certain discrete issues. Additionally, in the ordinary course of business, the

Debtors maintain books and records that reflect, among other things, the Debtors' aggregate liabilities and the specific amounts owed to each of their creditors.

3. On May 2, 2014, the Court entered an order establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "Customer Claims Bar Date") as the final date and time for certain customer claimants holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Customer Proofs of Claim") in these chapter 11 cases and approving the form and manner of notice of the Customer Claims Bar Date [D.I. 307].

4. On August 18, 2014, the Court entered an order (the "General Bar Date Order") establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases (the "Non-Customer Proofs of Claim"), except for claims specifically exempt from complying with the General Bar Date as set forth in the General Bar Date Order, and approving the form and manner of notice of the General Bar Date [D.I. 1866].

5. On July 30, 2015, the Court entered an order (the "Asbestos Bar Date Order") establishing December 14, 2015, at 5:00 p.m. (prevailing Eastern Time) (the "Asbestos Bar Date"), as the final date and time for all persons and entities holding or asserting a manifested or unmanifested asbestos claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases (the "Asbestos Proofs of Claim" and, together with the Customer Proofs of Claim and the Non-Customer Proofs of Claim, the "Proofs of Claim"), except for claims specifically exempt from complying with the Asbestos Bar Date as set forth in

3

the Asbestos Bar Date Order, and approving the form and manner of notice of the Asbestos Bar Date [D.I. 5171].

6. As of the date hereof, the Debtors and Epiq have identified on the Debtors' register of claims (the "Claims Register"), which register is prepared, maintained, and provided by Epiq, approximately 40,000 proofs of claim (collectively, the "Claims") filed against the Debtors in these chapter 11 cases by persons purporting to be holders of Claims (the "Claimants"). The Debtors and their advisors are in the process of comprehensively reviewing and reconciling the Claims with the Debtors' books and records to determine the validity of the Claims.

**Claims Satisfied After the Petition Date**

7. In connection with their review of their books and records, the Debtors have identified certain Claims or portions of Claims, as set forth in **Exhibit A** and **Exhibit B** hereto, *i.e.* the Satisfied Claims, that either are postpetition liabilities, which were satisfied in the ordinary course of business, or have been satisfied by the Debtors or released after the Petition Date pursuant to (a) agreements and/or other documents executed by the Claimants releasing the Satisfied Claims held against the Debtors, or (b) an order of this Court, including, but not limited to the: (i) *Final Order Authorizing The Debtors To Pay Certain Prepetition Taxes And Fees* [D.I. 799]; and (ii) *Order Approving the Assumption and Amendment of Certain Executory Contracts and Unexpired Leases* [DI 7179].

8. Accordingly, the Debtors intend to designate on the Claims Register the Satisfied Claims listed on **Exhibit A** as having been previously satisfied in full and the Satisfied Claims listed on **Exhibit B** as (i) having been previously satisfied in part and (ii) as remaining in the amounts and priorities listed under the heading "Remaining Claims" in the attached **Exhibit B**. Out of an abundance of caution, the Debtors will serve this Notice on all holders of Satisfied

4

Claims to provide them with an opportunity to interpose an objection, if any, to the Debtors' determination that such Claims have been fully satisfied.

### Responses to the Notice

9. By this Notice, the Debtors request that any holder of a Satisfied Claim who disputes the Debtors' determination that its Claim has been satisfied or released file a written response (the "Response") with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk"), 824 North Market Street, Wilmington, Delaware 19801. In addition, such Claimant must serve its Response upon the following entities, so that the Response is **received** no later than **May 9, 2016 at 4:00 p.m. (Eastern Daylight Time)** (the "Response Deadline"): (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY, 10022, Attn: Brian Schartz; (b) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654, Attn: Chad Husnick and Steven Serajeddini; and (c) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Jason M. Madron.

10. Every Response must contain, at a minimum, the following information:

    a. a caption setting forth the name of this Court, the name of the Debtors, the case number, and the title of this Notice;

    b. the name of the Claimant, the number of his/her/its Satisfied Claim, and a description of the basis for the amount of the Satisfied Claim that the Claimant is contesting has not been satisfied;

    c. the specific factual basis, supporting legal argument and any supporting documentation, to the extent such documentation was not included with the Satisfied Claim previously filed with the Clerk or Epiq, upon which the Claimant will rely in opposing this Notice and the Debtors' determinations set forth therein; and

    d. the name, address, telephone number, electronic mail address, and fax number of the person(s) (which may be the Claimant or its legal representative) with whom counsel for the Debtors should communicate with respect to the Satisfied Claim or the Notice and who possesses authority to reconcile, settle, or otherwise resolve any issues relating to the Satisfied Claim on behalf of the Claimant.

11. Upon the Debtors' receipt of a Response, the Debtors will then make a good faith effort to review the relevant Satisfied Claim in light of such Response, to determine whether there is a basis upon which to sustain the Claimant's assertion that its Claim in fact is not a Satisfied Claim.  In the event the parties are unable to reach a resolution, the Debtors will schedule a hearing on the Satisfied Claim.  The Debtors reserve the right to contest any new assertions of liability against the Debtors made by the holders of Satisfied Claims with respect to their Claims.

12. If a Claimant fails to file and serve a timely Response by the Response Deadline, (i) the Claimant is deemed to have consented to the Notice and the Debtors' determinations with respect to its Satisfied Claim, as set forth therein, and (ii) Epiq shall immediately, and without further notice to any party (including the Claimant), mark such Satisfied Claim as fully satisfied on the Claims Register.

## Reservation of Rights

13. The Debtors expressly reserve the right to (a) amend, modify or supplement this Notice, and (b) file additional objections to any claims in these chapter 11 cases, including, without limitation, objections to the Satisfied Claims, or any other claims (filed or not) that have been or may be asserted against the Debtors' estates.

14. Notwithstanding anything contained in this Notice or the attached exhibit, nothing herein shall be construed as a waiver of any rights that the Debtors may have:  (a) to bring avoidance actions under the applicable provisions of the Bankruptcy Code against the holder of any disputed claim, or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

[*Remainder of page intentionally left blank.*]

RLF1 14323096v.1

Dated: April 8, 2016
      Wilmington, Delaware

                  */s/ Jason M. Madron*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
         defranceschi@rlf.com
         madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
         stephen.hessler@kirkland.com
         brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
         marc.kieselstein@kirkland.com
         chad.husnick@kirkland.com
         steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*