IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.* | ) ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Related to Docket No. 8069 |
| | ) | |

**WILLIAM JEFFREY HERBERT'S RESPONSE
TO DEBTORS' THIRTY-NINTH OMNIBUS (SUBSTANTIVE) OBJECTION**

William Jeffery Herbert files this Response to Debtor Energy Future Holdings Corp.'s Thirty-Ninth Omnibus Objection. Herbert requests this Court deny Debtor's Objection and allow Herbert's claim to go forward. In support, Herbert submits the Affidavit of William Jeffery Herbert, which is attached to this Response.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. On April 29, 2014, Energy Future Holdings Corp., along with other Debtors (collectively, the "Debtors"), filed a voluntary petition with the Court under Chapter 11 of the Bankruptcy Code. The Court has entered a final order for joint administration of these cases. [D.I. 849].

2. On or about September 12, 2014, Herbert timely filed his Proof of Claim (the "Claim") asserting an unsecured claim for an unliquidated amount. In this Claim, Herbert alleged that Energy Future Holdings Corp., his former employer, discriminated against him on the basis of his race and gender/sex in violation of Title VII of the Civil Rights Act of 1964 and that he was improperly retaliated against.

3. On March 24, 2016, Debtors filed the Debtors' Thirty-Ninth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 (the

"Objection") with the Court. Herbert received the Objection on or about March 28, 2016. In their Objection, Debtors argue that they are not liable for Herbert's Claim because he failed to exhaust Title VII's administrative remedies. Additionally, Debtors argue that Herbert was discharged for a legitimate, non-discriminatory reason.

## ARGUMENT AND AUTHORITIES

4. By properly filing the Proof of Claim, Herbert introduced prima facie evidence that the claim is valid. Fed. R. Bankr. P. 3001(f). Debtors cannot shift the burden to prove the validity of the claim by simply denying it. *See In re Nejedlo*, 324 B.R. 697, 699 (Bankr. E.D. Wisc. 2005). To properly defeat a claim, the party objecting to it must produce evidence to rebut it or the claim will prevail. *Id.* The objecting party's evidence must be equal in force to the prima facie case. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992).

5. The sole grounds cited in the Objection are that (1) Herbert has failed to exhaust the administrative remedies as to his claim for gender discrimination under Title VII; and (2) Herbert was discharged for a legitimate, non-discriminatory reason. In support of this contention, Debtors have provided the Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Thirty-Ninth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 (the "Kotarba Declaration"). [D.I. 8070]. The Kotarba Declaration, however, is merely conclusory and provides no factual evidence to rebut Herbert's prima facie case. Therefore, Debtors have not met their burden in disproving the validity of Herbert's Claim.

6. Herbert recognizes that the burden of persuasion is always on the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d at 174. Therefore, to support this Response and further carry his burden, Herbert has attached the Affidavit of William Jeffery Herbert with Exhibit "A" attached. In this affidavit,

Herbert has provided additional factual evidence to rebut Debtor's argument that Herbert was discharged for a legitimate, non-discriminatory reason. Herbert also incorporates the documentation attached and made a part of his previously filed Proof of Claim. The affidavit and documents attached to Herbert's previously filed Proof of Claim show that Debtors' excuse is a mere pretext for the true, racially motivated reason that Herbert was fired. As such, Herbert has met his burden of proof.

## RESERVATION OF RIGHTS

7. Nothing contained in this Response is intended or should be construed as Herbert's consent for the Court to enter final orders or judgment if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Pursuant to Local Rule 9013-1(h), Herbert retains his right to object to the Court's jurisdiction at any time.

WHEREFORE, William Jeffery Herbert respectfully requests that the Court overrule Debtor's Objection because Debtors' have failed to carry their burden to disprove Herbert's Claim. Herbert further requests the Court allow the Claim to move forward and grant any other relief as is proper and just.

Dated: April 8, 2016
Wilmington, DE

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5812
Facsimile:  (302) 425-5814
mbusenkell@gsbblaw.com

-and-

PAKIS, GIOTES, PAGE & BURLESON, P.C.

**DAVID N. DEACONSON**
Texas Bar Card No. 05673400
Post Office Box 58
Waco, Texas  76703-0058
(254) 297-7300
(254) 297-7301  *Facsimile*
deaconson@pakislaw.com

*Attorneys for Claimant William Jeffery Herbert*