## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline:  May 9, 2016 at 4:00 p.m.** |
| | ) | |

### SUMMARY COVER SHEET TO THE FIFTH INTERIM FEE APPLICATION OF SIDLEY AUSTIN LLP AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF SEPTEMBER 1, 2015 THROUGH DECEMBER 31, 2015

In accordance with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Sidley Austin LLP ("Sidley"), special counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submits this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the fee application to which this Summary is attached (the "Fee Application")[2] for the period from September 1, 2015 through December 31, 2015 (the "Fee Period").

Sidley submits the Fee Application as an interim fee application in accordance with the *Order Establishing Procedures For Interim Compensation and Reimbursement of Expenses For Professionals* [D.I. 2066] (the "Interim Compensation Order").

| *General Information* | |
|---|---|
| Name of Applicant: | Sidley Austin LLP |
| Authorized to Provide Services to: | Debtors |
| Petition Date: | April 29, 2014 |

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application.

Date of Order Authorizing
the Debtors to Retain Sidley [D.I. 2060]:                September 16, 2014, *nunc pro tunc* to
                                                         April 29, 2014

| *Summary of Fees and Expenses Sought in the Fee Application* | |
|---|---|

Period for Which Compensation and
Reimbursement is Sought in the Fee Application:          September 1, 2015 through December
                                                         31, 2015

Amount of Compensation Sought as Actual,
Reasonable, and Necessary for the Fee Period:            $52,057.00[3]

Amount of Expense Reimbursement Sought as
Actual, Reasonable, and Necessary for the Fee Period:    $1,704.51

Total Compensation and Expense
Reimbursement Requested for the Fee Period:              $53,761.51

| *Rate Increases Applicable to the Fee Period* | |
|---|---|

Total Amount of Compensation
Sought for the Fee Period, Calculated
Using Rates as of the Date of Retention:                 $49,335.80

| *Summary of Past Requests for Compensation and Prior Payments* | |
|---|---|

Total Amount of Compensation Previously Requested
Pursuant to the Interim Compensation Order to Date:      $ 4,381,208.20

Total Amount of Expense
Reimbursement Previously Requested
Pursuant to the Interim Compensation Order to Date:      $ 60,312.87

Total Compensation Approved
Pursuant to the Interim Compensation Order to Date:      $ 3,709,549.05

Total Amount of Expense Reimbursement Approved
Pursuant to the Interim Compensation Order to Date:      $ 43,503.73

---

[3]  Sidley voluntarily reduced its fees by approximately $29,350.50 and its expenses by approximately $4.38 for the Fee Period (as defined herein) prior to filing the Monthly Fee Applications (as defined below).  Following the filing of the Monthly Applications, Sidley further reduced its fees for the Fee Period in the amount of $72,158.50.  Consequently, Sidley does not seek payment of those fees and expenses in this Fee Application (as defined herein).

| | |
|---|---|
| Total Allowed Compensation Paid to Date: | $ 3,709,549.05 |
| Total Allowed Expenses Paid to Date: | $ 43,503.73 |
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | $0 |
| Expenses Sought In This Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | $0 |
| Blended Rate in this Application for All Attorneys: | $815.60 |
| Blended Rate in this Application for All Timekeepers: | $656.46 |
| Number of Professionals Included in This Application: | 7 |
| Number of Professionals Billing Fewer Than 15 Hours to the Case During This Period: | 6 |

Respectfully submitted,

Date: April 15, 2016

*/s/ Paul S. Caruso*
James F. Conlan
Larry J. Nyhan
Paul S. Caruso
Geoffrey M. King
Chicago, Illinois 60603
(312) 853-7000
SIDLEY AUSTIN LLP

*Special Counsel to the Debtors
and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline:  May 9, 2016 at 4:00 p.m.** |
| | ) | |

## FIFTH INTERIM QUARTERLY FEE APPLICATION OF SIDLEY AUSTIN LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD OF SEPTEMBER 1, 2015 THROUGH DECEMBER 31, 2015

Sidley Austin, LLP ("Sidley") special counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits its interim fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $52,057.00 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $1,704.51 that Sidley incurred for the period from September 1, 2015 through December 31, 2015 (the "Fee Period").  In further support of this Fee Application, Sidley respectfully states as follows.

## JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the *Order Establishing Procedures For Interim Compensation and Reimbursement of Expenses For Professionals* [D.I. 2066] (the "Interim Compensation Order"), and *The Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").

## FACTUAL BACKGROUND OF THE CASES

4.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On June 5, 2014 the Court entered a final order [D.I. 849] authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No entity has requested the appointment of a trustee or examiner in these chapter 11 cases.

6.      On May 13, 2014, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code composed of creditors of Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC, and EFH Corporate Services Company [D.I. 420] (the "TCEH Committee"). On October 27, 2014, the U.S. Trustee appointed an official committee of unsecured creditors pursuant to section 1102 composed of creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding

Company, LLC, EFIH Finance, Inc., and EECI, Inc. [D.I. 2570] (the "<u>EFH/EFIH Committee</u>").

7.     On August 21, 2014, the Court entered the Fee Committee Order, which appointed a fee committee (the "<u>Fee Committee</u>") to, among other things, review and report as appropriate on all interim and final fee applications filed by professionals retained under sections 105, 327, 363 or 1003 of the Bankruptcy Code, in accordance with sections 328, 330 and 331 of the Bankruptcy Code and the Interim Compensation Order.

8.     On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

## <u>PROCEDURAL BACKGROUND FOR THE APPLICATION</u>

9.     The Debtors sought approval of this Court to retain Sidley as special counsel, pursuant to sections 327(e) and 1107 of the Bankruptcy Code, by application filed on May 29, 2014 [D.I. 665] (the "<u>Sidley Retention Application</u>").   As set forth in the Sidley Retention Application, Sidley's services to the Debtors include issues related to the Sponsors (the "<u>Sponsor Matters</u>"), certain environmental litigation matters (the "<u>EPA Matters</u>"), and on an as-requested basis for certain matters on which Debtors' counsel, Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "<u>K&E</u>"), will not advise.   Sidley's retention, <u>nunc pro tunc</u> to the Petition Date, was approved by this Court by order dated September 16, 2014 [D.I. 2060] (the "<u>Sidley Retention Order</u>").

10.     Pursuant to the procedures set forth in the Interim Compensation Order and the Fee Committee Order, Sidley prepared monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the Fee Period as follows: (i) the *Seventeenth Monthly Fee Application for of Sidley Austin LLP For*

*Allowance of Compensation and Reimbursement of Expenses For the Period From September 1*

*Through September 30, 2015* (D.I. 7958) (the "Seventeenth Monthly Fee Application"), (ii) the

*Eighteenth Monthly Fee Application for of Sidley Austin LLP For Allowance of Compensation*

*and Reimbursement of Expenses For the Period From October 1 Through October 31, 2015*

(D.I. 7959) (the "Eighteenth Monthly Fee Application"), (iii) the *Nineteenth Monthly Fee*

*Application for of Sidley Austin LLP For Allowance of Compensation and Reimbursement of*

*Expenses For the Period From November 1 Through November 30, 2015* (D.I. 7960) (the

"Nineteenth Monthly Fee Application"), and (iv) the *Twentieth Monthly Fee Application for of*

*Sidley Austin LLP For Allowance of Compensation and Reimbursement of Expenses For the*

*Period From December 1 Through December 31, 2015* (D.I. 7961) (the "Twentieth Monthly Fee

Application", and, together with the Seventeenth Monthly Fee Application, Eighteenth Monthly

Fee Application, and Nineteenth Monthly Fee Application, the "Monthly Fee Applications").

## RELIEF REQUESTED

11.     By this Fee Application, Sidley respectfully requests that the Court approve the

interim allowance and award of compensation for professional services rendered and

reimbursement of actual and necessary expenses incurred by Sidley as special counsel to the

Debtors during the Fee Period.

12.     Sidley seeks interim compensation for professional services rendered to the

Debtors during the Fee Period in the amount of $52,057.00 and reimbursement of actual and

necessary expenses incurred in connection with providing such services in the amount of

$1,704.51, representing 79.30 hours in professional and paraprofessional time for such services,

as well as reimbursement of actual, necessary expenses incurred by Sidley during the Fee Period.

Sidley seeks the interim allowance of such fees and expenses, as well as this Court's

authorization for payment of such amounts by the Debtors, less any amounts previously paid to Sidley prior to the hearing on this Fee Application pursuant to the Monthly Fee Applications.[2]

13.    This Fee Application has been prepared in accordance with the Interim Compensation Order and the Fee Committee Order.

## FEES AND EXPENSES INCURRED DURING FEE PERIOD

**A.    Customary Billing Disclosures**.

14.    Sidley's hourly rates are set at a level designed to compensate Sidley fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure utilized by Sidley in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure agreed to by Sidley and the Debtors pursuant to the terms of Sidley's engagement letters with the Debtors.  Furthermore, the hourly rates charged by Sidley professionals and paraprofessionals during the Interim Fee Period covered by this Fee Application are no greater than the customary hourly rates for such services provided both inside and outside of bankruptcy cases.  Sidley believes these rates are comparable to those charged by bankruptcy and other professionals of other firms of comparable size, statute, and experience.  For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit D** is a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtors during the Fee Period.[3]

---

[2]    To the extent any of the Monthly Fee Applications are allowed and have been paid prior to the hearing on this Fee Application, Sidley will seek approval of the remaining unpaid fees and expenses incurred between September 1, 2015 and December 31, 2015, in addition to the 20% holdback for any allowed Monthly Applications.

[3]    The Debtors and Sidley negotiated and reached agreement on billing arrangements for EPA Matters for the twelve month period beginning January 1, 2015, which included increased billing rates.  In accordance with this billing arrangement, Sidley has agreed to bill the Debtors for EPA Matters at an agreed-upon special rate. These rates are reflected in the total compensation sought during this Fee Period.

15.      With the exception of the advance payments previously disclosed to this Court,[4] Sidley has received no payment and no promises for payment from any source other than the Debtors for services rendered in these chapter 11 cases.  There is no agreement between Sidley and any other party for the sharing of compensation to be received for the services rendered by Sidley in these chapter 11 cases.  All professional and paraprofessional services for which compensation is sought herein were rendered solely on behalf of the Debtors in these cases.

**B.      Fees Incurred During Fee Period**.

16.      In the ordinary course of Sidley's practice, Sidley maintains records of the time expended to render the professional services required by the Debtors and their estates.  For the convenience of the Court and all parties in interest, attached hereto as **Exhibit A** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional at Sidley's current billing rates for these matters;

- the number of rate increases since the inception of the case (if applicable); and

- a calculation of total compensation requested using the rates disclosed in the Sidley Retention Application.

---

[4]      As further described in the *Declaration of Paul S. Caruso in Support of the Application of the Debtors For an Order Authorizing the* Debtors *to Retain and Employ Sidley Austin LLP as Special Counsel for Certain Corporate and Litigation Matters, Effective Nunc Pro Tunc to the Petition Date*, attached as **Exhibit B** to the Sidley Retention Application, prior to the Petition Date, Sidley received an Advance Payment Retainer and an EPA Advanced Payment.  After receiving payment for services provided to the TCEH Debtors during the First Interim Period, the EPA Advanced Payment was exhausted.  A balance of $795,850.80 remained on the Advance Payment Retainer.

**C.**     **Expenses Incurred During Fee Period**.

17.     In the ordinary course of Sidley's practice, Sidley maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought.  Sidley currently charges $0.10 per page for standard duplication in its offices in the United States.  Notwithstanding the foregoing and consistent with the Local Rules, Sidley charged no more than $0.10 per page for standard duplication services in these chapter 11 cases.[5]  Sidley does not charge its clients for incoming facsimile transmissions.

18.     For the convenience of the Court and all parties in interest, attached hereto as **Exhibit B** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which Sidley is seeking reimbursement.

**SUMMARY OF LEGAL SERVICES RENDERED DURING THE FEE PERIOD**

19.     During the Fee Period, Sidley provided necessary professional services to the Debtors in connection with certain insolvency and restructuring matters, the EPA Matters, and other matters as requested by the Debtors.  These services were necessary to address a multitude of critical issues both unique to these chapter 11 cases and faced by certain of the Debtors in ongoing litigation in the federal courts.

20.     To provide a meaningful summary of Sidley's services provided on behalf of the Debtors and their estates, Sidley has established, in accordance with its internal billing procedures, certain subject matters categories (each, a "Matter Category") in connection with these chapter 11 cases.  A schedule setting forth a description of the Matter Categories utilized in this case, the number of hours expended by Sidley partners, associates and paraprofessionals by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit C**.  In

---

[5]     In addition to standard duplication, Sidley also charged $0.50 per page for color duplication.

addition, Sidley's computerized records of time expended providing professional services to the Debtors and their estates are attached hereto as **Exhibit E**, and Sidley's records of expenses incurred during the Fee Period in the rendition of professional services to the Debtors and their estates are attached as **Exhibit F**.  To comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* promulgated by the Office of the United States Trustee, Sidley prepared budget and staffing plans for the Fee Period, attached hereto as **Exhibit G**.[6]

21.     The following is a summary, by Matter Category, of the most significant professional services provided by Sidley during the Fee Period.[7]  This summary is organized in accordance with Sidley's internal system of matter numbers.

### (a)     Fee Applications [Matter No. 30090]

Total Fees:     $ 14,930.00
Total Hours:    34.40

22.     This Matter Category includes time spent by Sidley attorneys and paraprofessionals providing services related to the preparation of Sidley's applications for fee and expense reimbursement.  During this Fee Period, Sidley professionals filed Monthly Fee Applications for the following periods:  (i) the thirteenth Monthly Fee Application for the period May 1 through May 31, 2015 [D.I. 7305], (ii) the fourteenth Monthly Fee Application for the period June 1 through June 30, 2015 [D.I. 7307], (iii) the fifteenth Monthly Fee Application for the period January 1, 2015 through January 31, 2015 [D.I. 5164], and (iv) the sixteenth Monthly Fee Application for the period August 1, 2015 through August 31, 2015 [D.I. 5165],

---

[6]   Sidley submitted proposed budget and staffing plans to the Debtors for the months of July and August during the Fee Period. Due to ongoing discussions with the Debtors regarding certain related matters, a proposed budget was not submitted to the Debtors for May or June 2015.  Rather, the attached budgets for May and June 2015 were prepared subsequently.

[7]   In certain instances Sidley may have billed the same amount of fees, but a different amount of hours to different matter categories.  This difference is the result of different staffing of each such matter category.

(Additionally, during this Fee Period, Sidley also filed Interim Fee Applications for the Fourth Interim Period [D.I. 7475].

### (b)    Clean Air Transport Rule Litigation [Matter No. 10040]

Total Fees:    $ 14,070.10
Total Hours:   14.90

23.    This Matter Category includes time spent by Sidley attorneys providing services in response to the Supreme Court's decision in *EPA v. EME Homer City Generation, LP*, issued on April 29, 2014.  Specifically, Sidley attorneys spent time during this Fee Period reviewing EPA rulemaking activity, assessing the impact on related litigation of the D.C. Circuit's decision on remand and EPA's subsequent rulemaking, and advising in-house counsel and co-counsel regarding regulatory and litigation activity in response to the D.C. Circuit's decision on remand.

### (c)    Regional Haze Program [Matter No. 10050]

Total Fees:    $ 16,494.90
Total Hours:   22.00

24.    This Matter Category involves Sidley's representation of certain of the Debtors in a challenge to the EPA's regional haze rule currently pending in the D.C. Circuit.  The matter was held in abeyance pending the D.C. Circuit's adjudication of *EME Homer* on remand from the U.S. Supreme Court.  In light of the D.C. Circuit's decision in that case, Sidley attorneys advised in-house counsel on the matter's potential return to the court's active docket and coordinated with co-counsel and EPA attorneys regarding further litigation and regulatory developments.  In addition, Sidley attorneys have counseled Debtors in connection with EPA regulation under the regional haze provisions of the Clean Air Act.

      **(d)**      **MSS Appeal [Matter No. 40030]**

      Total Fees:     $ 2,337.50
      Total Hours:  2.50

26.      This Matter Category includes limited time spent by Sidley attorneys counseling certain of the Debtors and their attorneys in connection with EPA's order that Texas revise and resubmit its State Implementation Plan under the Clean Air Act, and subsequent litigation developments regarding that order.

      **(e)**      **Counseling on Regulations for Existing Generating Units [Matter No. 40080]**

      Total Fees:     $ 4,224.50
      Total Hours:  5.50

25.      The time devoted to this Matter Category involved analyzing, counseling, and coordinating with members of the Debtors' in-house legal team on litigation in response to certain EPA actions regarding greenhouse gas rules for existing electric generating units.

**ACTUAL AND NECESSARY EXPENSES INCURRED BY SIDLEY**

26.      As set forth in **Exhibit F** attached hereto, and as summarized in **Exhibit B** attached hereto, Sidley has incurred a total of $1,704.51 in expenses on behalf of the Debtors during the Fee Period.  These charges are intended to reimburse Sidley's direct operating costs, which are not incorporated into the Sidley hourly billing rates.  Sidley charges external copying and computer research at the provider's cost without markup.  Only clients who actually use services of the types set forth in **Exhibit F** of this Fee Application are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

## SIDLEY'S REQUESTED COMPENSATION
## AND REIMBURSEMENT SHOULD BE ALLOWED

27.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.   Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."   11 U.S.C. § 330(a)(1).   Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;
>
> (c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

28.     Sidley respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates.   Sidley further believes that it performed the services for the Debtors economically, effectively, and efficiently,

and the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' constituents. Sidley further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest. Accordingly, Sidley respectfully submits that approval of the compensation sought herein is warranted and should be approved.

## REVIEW OF APPLICABLE LOCAL RULE

29. The undersigned has reviewed the requirements of Local Rule of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware 2016-2 and certifies to the best of his information, knowledge and belief that this Fee Application substantially complies with Rule 2016-2.

## RESERVATION OF RIGHTS

30. It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application. Sidley reserves the right to include such amounts in future fee applications.

## NOTICE

31. Notice of this Fee Application shall be provided on the date hereof via U.S. first class mail to: (a) the Debtors, (b) co-counsel to the Debtors, Kirkland & Ellis LLP, (iii) co-counsel to the Debtors, Richards, Layton & Finger, P.A., (iv) the Office of the United States Trustee; (v) counsel for the agent of the EFIH First Lien DIP Financing Facility, (vi) counsel for the agent of the TCEH DIP Financing Facility, (vii) counsel to the Official Creditors' Committee for creditors of TCEH, and (viii) counsel to the Fee Committee (collectively, the "Notice Parties"). Pursuant to the Interim Compensation Order, any party, other than the Notice Parties, that wishes to object to the Fee Application, must file its objection with the Court, with a copy to Chambers and serve it on the affected professional and the Notice Parties so that it is actually

received on or before **May 9, 2016 at 4:00 p.m. (Eastern Daylight Time).**

## NO PRIOR REQUEST

32.     Other than the applicable Monthly Fee Applications, no prior application for the relief requested herein has been made to this or any other court.


[*Remainder of page intentionally left blank.*]

WHEREFORE, Sidley respectfully requests that the Court enter an order (a) awarding Sidley interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $52,057.00 and reimbursement of actual and necessary expenses incurred in the Fee Period in the amount of $1,704.51 (b) authorizing and directing the Debtors to remit payment to Sidley for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Respectfully submitted,

Date: April 15, 2016

*/s/ Paul S. Caruso*
James F. Conlan
Larry J. Nyhan
Paul S. Caruso
Geoffrey M. King
Chicago, Illinois 60603
(312) 853-7000
SIDLEY AUSTIN LLP

*Special Counsel to the Debtors*
*and Debtors in Possession*

14