## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: May 9, 2016 at 4:00 p.m.** |
| | ) | |

### SUMMARY COVER SHEET TO THE FIFTH INTERIM FEE APPLICATION OF RICHARDS, LAYTON & FINGER, P.A., CO-ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM SEPTEMBER 1, 2015 THROUGH AND INCLUDING DECEMBER 31, 2015

In accordance with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), Richards, Layton & Finger, P.A. ("RL&F"), co-attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submits this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the fifth interim fee application to which this Summary is attached (the "Fee Application")[2] for the period from September 1, 2015 through December 31, 2015 (the "Fee Period").

RL&F submits the Fee Application as an interim fee application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order") and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application.

## General Information

| | |
|---|---|
| Name of Applicant: | Richards, Layton & Finger, P.A. |
| Authorized to Provide Services to: | Energy Future Holdings Corp., *et al.* |
| Petition Date: | April 29, 2014 |
| Date of Order Authorizing the Debtors to Retain RL&F [D.I. 2539]: | October 24, 2014, *nunc pro tunc* to April 29, 2014 |

## Summary of Fees and Expenses Sought in the Fee Application

| | |
|---|---|
| Period for Which Compensation and Reimbursement Is Sought in the Fee Application: | September 1, 2015 through December 31, 2015 |
| Voluntary Expense Reduction in this Fee Period: | Reduced expenses by $0.00 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $860,280.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $89,491.95 |
| Total Holdback Compensation Requested in this Application for the Fee Period: | $172,056.10[3] |
| Total Compensation and Expense Reimbursement Requested for the Fee Period: | $949,772.45 |

## Total Rate Increases Applicable to the Fee Period:  $34,863.00

---

[3] RL&F is owed $46,769.35 (the "November Underpayment") in addition to this amount on account of its November 2015 monthly fee statement due to an inadvertent underpayment on account of said monthly fee statement by the Debtors.

2

## *Summary of Past Requests for Compensation and Prior Payments*[4]

| | |
|---|---|
| Total Amount of Compensation Previously Requested Pursuant to the Interim Compensation Order Through December 31, 2015: | $3,987,488.00 |
| Total Amount of Expense Reimbursement Previously Requested Pursuant to the Interim Compensation Order Through December 31, 2015: | $411,634.76 |
| Total Compensation Approved Pursuant to the Interim Compensation Order Through December 31, 2015: | $3,189,990.40 |
| Total Amount of Expense Reimbursement Approved Pursuant to the Interim Compensation Order Through December 31, 2015: | $411,634.76 |
| Total Allowed Compensation Paid Through December 31, 2015: | $3,143,221.05[5] |
| Total Allowed Expenses Paid Through December 31, 2015: | $411,634.76 |
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed: | $0.00 |
| Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed: | $0.00 |

---

[4] On December 17, 2015, December 21, 2015, December 31, 2015, and January 29, 2016, RL&F filed the Monthly Fee Statements. No objections were filed to any of the Monthly Fee Statements. RL&F subsequently received payments totaling $730,947.00 relating to compensation sought in the Monthly Fee Statements.

[5] Exclusive of the November Underpayment.

Dated: April 15, 2016
      Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:       collins@rlf.com
               defranceschi@rlf.com
               madron@rlf.com

*Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: May 9, 2016 at 4:00 p.m.** |
| | ) | |

## FIFTH INTERIM FEE APPLICATION OF
## RICHARDS, LAYTON & FINGER, P.A., CO-ATTORNEYS
## FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD
## FROM SEPTEMBER 1, 2015 THROUGH AND INCLUDING DECEMBER 31, 2015

Richards, Layton & Finger, P.A. ("RL&F"), co-attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits its fifth interim fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $860,280.50 and reimbursement of actual and necessary expenses in the amount of $89,491.95 that RL&F incurred for the period from September 1, 2015 through December 31, 2015 (the "Fee Period"). In support of this Fee Application, RL&F submits the declaration of Jason M. Madron, counsel at RL&F (the "Madron Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference. In further support of this Fee Application, RL&F respectfully states as follows.

### Jurisdiction

1.      The United States Bankruptcy Court for the District of Delaware (the "Court")

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order"), and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").[2]

### Background

4.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered an order for joint administration of these chapter 11 cases. The Court has not appointed a trustee or examiner in these chapter 11 cases. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors representing the interests of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH

---

[2] On October 3, 2014 and October 7, 2014, the Fee Committee (as defined herein) distributed guidelines to those professionals retained in these chapter 11 cases regarding a number of topics, including expense reimbursement, fee review criteria, and contents of interim fee applications (collectively, the "Fee Committee Guidelines").

Corporate Services Company (the "TCEH Creditors' Committee") in these chapter 11 cases on

May 13, 2014 [D.I. 420], and an official committee of unsecured creditors representing the

interests of Energy Future Holdings Corp. ("EFH"), Energy Future Intermediate Holding

Company, LLC ("EFIH"), EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors'

Committee") on October 27, 2014 [D.I. 2570].   Further information regarding the Debtors'

business operations and capital structure is set forth in the declaration of Paul Keglevic in

support of the Debtors' first day motions [D.I. 98].

      5.      On September 16, 2014, the Court entered the Interim Compensation Order,

which sets forth the procedures for interim compensation and reimbursement of expenses for all

retained professionals in these cases.

      6.      Given the size and complexity of these chapter 11 cases, the U.S. Trustee, the

Debtors, and the TCEH Creditors' Committee agreed to recommend that the Court appoint a fee

committee to review and report on, as appropriate, interim and final fee applications filed by all

of the Debtors' retained professionals in accordance with 11 U.S.C. §§ 328, 330, and 331 of the

Bankruptcy Code and the Interim Compensation Order (the "Fee Committee").   On August 21,

2014, the Court entered the Fee Committee Order, appointing the Fee Committee and

establishing procedures governing the Fee Committee's review of the Debtors' retained

professionals' applications for compensation and the resolution of any concerns raised during

such review.   On October 3, 2014, the Fee Committee distributed an initial memorandum

regarding guidelines for expense reimbursements to those professionals retained in these chapter

11 cases (the "Fee Committee Guidelines").   RL&F reviewed the Fee Committee Guidelines on

October 3, 2014.  Except to the extent otherwise disclosed and discussed herein, RL&F believes

that the relief requested herein generally complies with the Fee Committee Guidelines.

3

### Preliminary Statement

7.      To say that this has been one of the most productive and value-maximizing Fee

Periods—a sentiment echoed by the Court in confirming the comprehensive plan of

reorganization (the "Plan")—over the course of the Debtors' three-year restructuring efforts

would be an understatement. During the Fee Period, the Debtors obtained approval of the

disclosure statement (the "Disclosure Statement"), launched and completed solicitation of the

Plan, obtained entry of an order approving the plan support agreement (the "PSA"), and

participated in an eight-day confirmation trial that involved, as the Court noted, "the presentation

of a huge amount of evidence" in a "highly professional, highly efficient" manner. Ultimately,

the Debtors reached consensual resolutions that resulted in 100% of the Debtors' over $40 billion

of funded debtholders either supporting or not objecting to the Plan, paving the way for

confirmation of the Plan and support of a global settlement agreement that resolved billions of

dollars of potential litigation and binds the parties even if the Plan does not ultimately become

effective (the "Settlement Agreement").

8.      Early in the Fee Period, the Debtors faced objections to the PSA, objections to the

adequacy of the disclosures in the Disclosure Statement, and, simultaneously, a tremendous

amount of discovery related to confirmation of the Plan. Through extensive negotiations with

objecting parties (leading to consensual, out-of-court resolutions in several instances) and several

telephonic hearings, the Debtors ultimately narrowed the scope of objections and discovery

requests on the PSA, the Disclosure Statement, and Plan discovery. On September 18, 2015, the

Court approved entry into the PSA,[3] and on September 21, 2015, the Court approved the

---

[3] *See Order Authorizing Debtors to Enter Into and Perform Under Plan Support Agreement* [D.I. 6097].

4

Disclosure Statement.[4]  Following approval of the Disclosure Statement, the Debtors launched solicitation on an aggressive timeline (the product of significant efforts in the weeks leading up to approval of the Disclosure Statement) to ensure a Plan confirmation hearing could commence on November 3, 2015.  The classes entitled to vote on the Plan overwhelmingly voted to accept the Plan—over 90% in amount and over 70% in number of each class entitled to vote on the Plan voted to accept the Plan.

9.      The Debtors then turned their focus to addressing objections filed to the Settlement Agreement and the Plan, and simultaneously drafting briefs and replies in support of the Plan and Settlement Agreement.  Ultimately, thirty-five objections were filed to the Plan and ten objections were filed to the Settlement Agreement.  The Debtors consensually resolved the vast majority of Plan and Settlement Agreement objections in advance of the confirmation and settlement hearing, except the objections filed by the EFH Creditors' Committee, certain asbestos plaintiffs, and certain of the "E-side" funded debt holders, and filed detailed pleadings with the Court, setting forth their case that the Plan and the Settlement Agreements met the requirements under the Bankruptcy Code and Third Circuit jurisprudence.

10.     At the same time, the Debtors were aware that it was unlikely that all Plan and Settlement Agreement objections would be consensually resolved before the start of the confirmation and settlement hearing.  As a result, the Debtors simultaneously worked to prepare witnesses, prepare cross-examinations, prepare evidence submissions, and prepare presentations to the Court regarding the Plan and the Settlement Agreement.  Preparation for the confirmation

---

[4] *See Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving the Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents* [D.I. 6131].

and settlement hearing required a tremendous undertaking by the Debtors and their professionals. The sheer logistics of preparing multiple Debtor witnesses and supporting evidence while simultaneously preparing for cross-examinations of multiple witnesses on an accelerated timeline required a coordinated effort amongst the Debtors' professionals and a dedicated effort by the professionals and paraprofessionals of RL&F, who devoted substantial efforts to assisting the Debtors and Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "K&E") in connection with such undertakings.

11.     Over the course of several telephonic and in-person meetings, the Debtors ultimately entered into settlements with every significant objecting party holding "E-side" funded debt as well as the EFH Creditors' Committee.[5]  Yet again, the Debtors defied all expectations—many of the issues raised by these once objecting parties had been difficult to resolve for months, if not years.  As the Court noted, it was nothing short of "extraordinary" that six months after the first Plan was filed, the Debtors obtained confirmation of a Plan supported by the entire capital structure.[6]

12.     In addition to Plan confirmation efforts, the Debtors made inroads on a number of other key workstreams.  The Debtors continued to prevail with respect to makewhole and interest rate issues, winning summary judgment on claims for makewhole premiums brought by holders of second lien notes of the EFIH Debtors.[7]  The Debtors also continued discussions with the IRS with respect to the contemplated tax-free spin-off of TCEH.   The Debtors' tax advisors

---

[5] *See Order Approving Settlement Of Claims Held By Fidelity And Authorizing Debtors To Enter Into And Perform Under Stipulation* [D.I. 7142]; *Order Approving Settlement Among Debtors, EFH Committee, EFH Notes Trustee, And Certain Other Parties* [D.I. 7143]; *Order Approving Settlement Of Certain EFIH PIK Noteholder Claims And Authorizing Debtors To Enter And Perform Under Stipulations* [D.I. 7145].

[6] *See* 12/3/2015 Hr. Tr. 82:1-82:5.

[7] *See e.g., Memorandum Opinion* [D.I. 6717].

6

conducted due diligence and legal analysis of various issues related to the TCEH spin-off, including work on supplemental submissions to the IRS regarding the private letter ruling and analysis of various issues related to the partial basis step-up transaction, including diligence and the treatment of certain assets.

13.    At the same time, the Debtors continue to pursue breach of contract claims and seek specific performance against Texas Transmission Investment LLC ("TTI") for its failure to sell its minority interest in Oncor Electric Delivery Company LLC.  During the Fee Period, the Debtors prepared and filed their adversary complaint and later secured an order denying TTI's motion to dismiss.[8]  The Debtors are also in the process of a multi-day hearing in front of the Public Utility Commission of Texas regarding the transactions contemplated by the Merger Agreement and the Plan.

14.    Finally, the Debtors continued to work towards maximizing the value of their businesses and operations.  Among other things, the Debtors obtained entry of an order approving their 2016 compensation program after extensive negotiations with the ad hoc committee of TCEH first lien creditors and discussions with the TCEH Committee and TCEH Ad Hoc Group.  The Debtors also finalized a significant settlement with Alcoa, and are working with contract and lease counterparties to resolve cure and rejection issues as expeditiously as possible.

15.    In sum, while the Debtors' chapter 11 journey is not over, they have made enormous progress during the Fee Period and continue to diligently work toward the goal of bringing their restructuring to a close.

---

[8] *See Adversary Complaint* [Adversary D.I. 1]; *Order Denying Motion to Dismiss Adversary Proceeding* [Adversary D.I. 49]

7

### The Debtors' Retention of RL&F

16.    On October 24, 2014, the Court entered the *Order Authorizing the Debtors to Retain and Employ Richards, Layton & Finger, P.A. as Co-Counsel Effective Nunc Pro Tunc to the Petition Date* [D.I. 2539] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference.  The Retention Order authorizes the Debtors to compensate and reimburse RL&F in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Committee Order, and the Interim Compensation Order.  The Retention Order also authorizes the Debtors to compensate RL&F at RL&F's hourly rates charged for services of this type and to reimburse RL&F for RL&F's actual and necessary out-of-pocket expenses incurred,[9] subject to application to this Court.[10]  The particular terms of RL&F's engagement, which were approved by the Court, are detailed in the engagement letter by and between RL&F and the Debtors, dated January 16, 2014, and attached hereto as **Exhibit C** (the "Engagement Letter").

17.    The Retention Order authorizes RL&F to provide the following services consistent with and in furtherance of the services enumerated above:

    a.    Provide Delaware law expertise to the Debtors, including advising the Debtors and K&E on issues of local practice and the Local Bankruptcy Rules;

    b.    Act as Delaware counsel with respect to the Debtors' restructuring, including (i) reviewing, commenting on, and filing the various documents and pleadings principally drafted by K&E, and (ii) drafting certifications of counsel,

---

[9] In providing a reimbursable expense, RL&F does not make a profit on that expense, whether the service is performed by RL&F in-house or through a third party, provided, however, that regarding providers of on-line legal research (*e.g.,* LEXIS and WESTLAW), RL&F charges all of its clients the standard usage rates these providers charge, which, due to contractual flat fees, may not always equal RL&F's actual cost.  RL&F currently is under contract to pay these providers a flat fee every month. Charging its clients the on-line providers' standard usage rates allows RL&F to cover adequately the monthly flat fees it must pay to these types of providers.

[10] In accordance with the Retention Order, RL&F does not seek reimbursement of expenses for office supplies pursuant to this Fee Application. See Retention Order at ¶ 13.

8

certifications of no objection, notices, and other routine documents that are not principally drafted by K&E for filing in the Debtors' chapter 11 cases;

c.   Appear in court and at meetings on behalf of the Debtors;

d.   Interact and communicate with chambers outside of hearings; and

e.   Act as conflicts counsel independently from K&E in certain matters.

### Disinterestedness of RL&F

18.    To the best of the Debtors' knowledge and as disclosed in the (a) *Affidavit of Daniel J. DeFranceschi in Support of the Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Richards, Layton & Finger, P.A. as Co-Counsel Effective Nunc Pro Tunc to the Petition Date* [D.I. 659, Ex. B] (the "Original Affidavit"); (b) the *Supplemental Affidavit and Disclosure of Daniel J. DeFranceschi on Behalf of Richards, Layton & Finger, P.A.*, filed on October 23, 2014 [D.I. 2531] (the "Supplemental Affidavit"); (c) the *Second Supplemental Affidavit and Disclosure of Daniel J. DeFranceschi on Behalf of Richards, Layton & Finger, P.A.*, filed on December 22, 2014 [D.I. 3127] (the "Second Supplemental Affidavit"); (d) the *Third Supplemental Affidavit and Disclosure of Daniel J. DeFranceschi on Behalf of Richards, Layton & Finger, P.A.*, filed on December 22, 2015 [D.I. 7433] (the "Third Supplemental Affidavit"); and (e) the *Fourth Supplemental Affidavit and Disclosure of Daniel J. DeFranceschi on Behalf of Richards, Layton & Finger, P.A.*, filed on January 5, 2016 [D.I. 7551] (the "Fourth Supplemental Affidavit" and together with the Original Affidavit, the Supplemental Affidavit, the Second Supplemental Affidavit, and the Third Supplemental Affidavit, the "RL&F Affidavits"), (i) RL&F is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates, (ii) RL&F neither holds nor represents an interest materially adverse to the Debtors or their estates,

9

and (iii) RL&F has not represented any of the Debtors' creditors, equity security holders, or other parties-in-interest in any matter relating to the Debtors or their estates except as disclosed in the RL&F Affidavits.

19.     RL&F may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors in these chapter 11 cases.  In the RL&F Affidavits, RL&F disclosed its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.  RL&F will update the RL&F Affidavits, as appropriate, if RL&F becomes aware of relevant and material new information.

20.     RL&F performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

21.     Except to the extent of (a) the advance payments paid to RL&F that RL&F previously disclosed to this Court in the RL&F Affidavits, and (b) any payments made to RL&F by the Debtors after the Petition Date in accordance with the Interim Compensation Order and/or the Fee Committee Order, RL&F has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

22.     Pursuant to Bankruptcy Rule 2016(b), RL&F has not shared, nor has RL&F agreed to share, (a) any compensation it has received or may receive with another party or person other than with the directors of RL&F, or (b) any compensation another person or party has received or may receive.

**Summary of Compliance with Interim Compensation Order and Fee Committee Order**

23.     This Fee Application has been prepared in accordance with the Interim Compensation Order and the Fee Committee Order.

24.     RL&F seeks interim compensation for professional services rendered to the Debtors during the Fee Period in the amount of $860,280.50 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $89,491.95. During the Fee Period, RL&F attorneys and paraprofessionals expended a total of 2186.1 hours for the Debtors' benefit on account of which compensation is requested.

25.     RL&F has received payments totaling $730,947.00 under the Interim Compensation Order and the Fee Committee Order on account of fees and expenses incurred by RL&F during the Fee Period. RL&F has submitted Monthly Fee Statements (as defined in the Interim Compensation Order) for each of September, October, November, and December 2015, seeking payment of (a) 80% of the fees incurred by the Debtors for reasonable and necessary professional services rendered by RL&F, and (b) 100% of the actual and necessary costs and expenses incurred by RL&F in connection with the services provided to the Debtors for each month.

26.     Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, RL&F seeks payment of the remaining $218,825.45, which represents the 20% holdback period on fees incurred during the Fee Period *plus* the November Underpayment.[11]

---

[11] Pursuant to the Retention Order, RL&F is required to apply any remaining portion of the retainer provided by the Debtors to RL&F (the "Retainer") first to prepetition fees and expenses, and then the first court-authorized postpetition fees and expenses. Specifically, paragraph 4 of the Retention Order, "RLF shall apply the remaining amount of the Retainer to satisfy the payment of allowed fees and expenses accruing after the Petition Date before seeking further payment from the Debtors in satisfaction of such allowed fees and expenses." See Retention Order at ¶ 4. As of the date of the filing of this Fee

11

## Fees and Expenses Incurred During Fee Period

### A.    Customary Billing Disclosures.

27.    RL&F's hourly rates are set at a level designed to compensate RL&F fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure utilized by RL&F in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by RL&F for other restructuring matters, as well as similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. The rates and rate structure reflect that such restructuring and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures. For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit D** is a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtors during the Fee Period.

### B.    Fees Incurred During Fee Period.

28.    In the ordinary course of RL&F's practice, RL&F maintains computerized records of the time expended to render the professional services required by the Debtors and their estates. For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit E** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- The name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- Each attorney's year of bar admission and area of practice concentration;

---

Application, the Retainer has been fully applied to previously allowed fees and expenses of RL&F and is exhausted.

- The aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- The hourly billing rate for each attorney and each paraprofessional at RL&F's current billing rates;

- The hourly billing rate for each attorney and each paraprofessional as disclosed in the first interim application;

- The number of rate increases since the inception of the case; and

- A calculation of total compensation requested using the rates disclosed in the *Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Richards, Layton & Finger, P.A. as Co-Counsel Effective Nunc Pro Tunc to the Petition Date* [D.I. 659] (the "Retention Application").

## C.    Expenses Incurred During Fee Period.

29.    In the ordinary course of RL&F's practice, RL&F maintains a record of expenses incurred in providing the professional services required by the Debtors and their estates and for which reimbursement is sought.    RL&F currently charges $0.10 per page for standard duplication and printing.  RL&F does not charge its clients for incoming facsimile transmissions.

30.    For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit F** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which RL&F is seeking reimbursement.

### Proposed Payment Allocation

31.    In accordance with paragraph 2(b) of the Interim Compensation Order, RL&F proposes the following allocation of the fees and expenses sought in this Application chargeable to either all of the Debtors or one of the following: (a) EFH Corp., (b) EFIH, or  (c) the TCEH Debtors:

13

| FEES | |
|---|---|
| **(comprised of $688,224.40 of fees (80% of $860,280.50))** | |
| **Debtor(s)** | **Amount Sought to be Paid** |
| ALL | $539,287.20 |
| EFH Corp. | $29,332.00 |
| EFIH | $81,924.00 |
| TCEH Debtors | $37,681.20 |
| *Total:* | $688,224.40 |
| EXPENSES | |
| **(comprised of 100% of 89,491.95)** | |
| **Debtor(s)** | **Amount** |
| All | $70,519.65 |
| EFH Corp. | $3,848.15 |
| EFIH | $10,649.55 |
| TCEH Debtors | $4,474.60 |
| *Total:* | $89,491.95 |
| *Grand Total:* | $777,716.35 |

## Summary of Legal Services Rendered During the Fee Period

32.     As discussed above, during the Fee Period, RL&F provided extensive and important professional services to the Debtors in connection with these chapter 11 cases. These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

14

33.    To provide a meaningful summary of RL&F's services provided on behalf of the Debtors and their estates, RL&F has established, in accordance with its internal billing procedures, certain subject matter codes (each, a "Matter Code") in connection with these chapter 11 cases. The following is a summary of the fees and hours billed for each Matter Code in the Fee Period:[12]

| Matter Code | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 180326A | [ALL] Case Administration | 79.2 | $28,175.50 |
| 180326B | [ALL] Creditor Inquiries | 2.9 | $937.00 |
| 180326C | [ALL] Meetings | 17.8 | $11,077.50 |
| 180326D | [ALL] Executory Contracts/Unexpired Leases | 18.0 | $6,353.00 |
| 180326E | [ALL] Automatic Stay/Adequate Protection | 0.0 | $0.00 |
| 180326F | [ALL] Plan of Reorganization/Disclosure Statement | 502.4 | $216,454.50 |
| 180326G | [ALL] Use, Sale of Assets | 6.9 | $3,043.00 |
| 180326H | [ALL] Cash Collateral/DIP Financing | 0.0 | $0.00 |
| 180326I | [ALL] Claims Administration | 53.2 | $16,980.50 |
| 180326J | [ALL] Court Hearings | 760.2 | $271,394.50 |
| 180326K | [ALL] General Corporate/Real Estate | 0.9 | $231.50 |
| 180326L | [ALL] Schedules/SOFA/U.S. Trustee Reports | 4.7 | $1,684.50 |
| 180326M | [ALL] Employee Issues | 12.3 | $5,120.00 |
| 180326N | [ALL] Environmental | 0.0 | $0.00 |
| 180326O | [ALL] Tax Issues | 0.1 | $75.00 |
| 180326P | [ALL] Litigation/Adversary Proceedings | 66.3 | $24,885.00 |
| 180326Q-1 | [ALL] RLF Retention | 25.7 | $7,779.00 |
| 180326Q-2 | [ALL] Retention of Others | 15.3 | $6,038.50 |
| 180326R-1 | [ALL] RLF Fee Applications | 65.2 | $26,267.00 |
| 180326R-2 | [ALL] Fee Applications of Others | 123.8 | $47,613.00 |
| 180326S | [ALL] Vendors/Suppliers | 0.0 | $0.00 |

---

[12] In certain instances RL&F may have billed the same amount of fees but a different amount of hours to different Matter Categories. This difference is the result of different staffing of each such Matter Code.

15

| Matter Code | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 180326T | [ALL] Non-Working Travel | 0.0 | $0.00 |
| 180326U | [ALL] Utilities | 0.0 | $0.00 |
| 180326V | [ALL] Insurance | 0.0 | $0.00 |
| 180326A | [TCEH] Case Administration | 0.2 | $150.00 |
| 180326B | [TCEH] Creditor Inquiries | 0.0 | $0.00 |
| 180326C | [TCEH] Meetings | 0.0 | $0.00 |
| 180326D | [TCEH] Executory Contracts/Unexpired Leases | 34.0 | $15,089.00 |
| 180326E | [TCEH] Automatic Stay/Adequate Protection | 0.0 | $0.00 |
| 180326F | [TCEH] Plan of Reorganization/Disclosure Statement | 0.0 | $0.00 |
| 180326G | [TCEH] Use, Sale of Assets | 25.2 | $10,714.50 |
| 180326H | [TCEH] Cash Collateral/DIP Financing | 6.3 | $2,891.50 |
| 180326I | [TCEH] Claims Administration | 18.7 | $7,454.00 |
| 180326J | [TCEH] Court Hearings | 14.5 | $4,529.00 |
| 180326K | [TCEH] General Corporate/Real Estate | 0.0 | $0.00 |
| 180326L | [TCEH] Schedules/SOFA/U.S. Trustee Reports | 0.0 | $0.00 |
| 180326M | [TCEH] Employee Issues | 0.0 | $0.00 |
| 180326N | [TCEH] Environmental | 0.0 | $0.00 |
| 180326O | [TCEH] Tax Issues | 10.9 | $4,748.00 |
| 180326P | [TCEH] Litigation/Adversary Proceedings | 2.1 | $1,015.50 |
| 180326Q-1 | [TCEH] RLF Retention | 0.0 | $0.00 |
| 180326Q-2 | [TCEH] Retention of Others | 0.0 | $0.00 |
| 180326R-1 | [TCEH] RLF Fee Applications | 0.0 | $0.00 |
| 180326R-2 | [TCEH] Fee Applications of Others | 1.8 | $510.00 |
| 180326S | [TCEH] Vendors/Suppliers | 0.0 | $0.00 |
| 180326T | [TCEH] Non-Working Travel | 0.0 | $0.00 |
| 180326U | [TCEH] Utilities | 0.0 | $0.00 |
| 180326V | [TCEH] Insurance | 0.0 | $0.00 |
| 180326A | [EFIH] Case Administration | 1.4 | $735.00 |
| 180326B | [EFIH] Creditor Inquiries | 0.0 | $0.00 |
| 180326C | [EFIH] Meetings | 0.0 | $0.00 |
| 180326D | [EFIH] Executory Contracts/Unexpired Leases | 0.0 | $0.00 |

16

| Matter Code | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 180326E | [EFIH] Automatic Stay/Adequate Protection | 1.2 | $604.00 |
| 180326F | [EFIH] Plan of Reorganization/Disclosure Statement | 0.0 | $0.00 |
| 180326G | [EFIH] Use, Sale of Assets | 1.4 | $738.00 |
| 180326H | [EFIH] Cash Collateral/DIP Financing | 0.0 | $0.00 |
| 180326I | [EFIH] Claims Administration | 117.3 | $50,137.00 |
| 180326J | [EFIH] Court Hearings | 46.1 | $16,073.50 |
| 180326K | [EFIH] General Corporate/Real Estate | 0.0 | $0.00 |
| 180326L | [EFIH] Schedules/SOFA/U.S. Trustee Reports | 0.0 | $0.00 |
| 180326M | [EFIH] Employee Issues | 0.0 | $0.00 |
| 180326N | [EFIH] Environmental | 0.0 | $0.00 |
| 180326O | [EFIH] Tax Issues | 0.0 | $0.00 |
| 180326P | [EFIH] Litigation/Adversary Proceedings | 67.2 | $33,642.00 |
| 180326Q-1 | [EFIH] RLF Retention | 0.0 | $0.00 |
| 180326Q-2 | [EFIH] Retention of Others | 0.1 | $23.50 |
| 180326R-1 | [EFIH] RLF Fee Applications | 0.0 | $0.00 |
| 180326R-2 | [EFIH] Fee Applications of Others | 1.8 | $452.00 |
| 180326S | [EFIH] Vendors/Suppliers | 0.0 | $0.00 |
| 180326T | [EFIH] Non-Working Travel | 0.0 | $0.00 |
| 180326U | [EFIH] Utilities | 0.0 | $0.00 |
| 180326V | [EFIH] Insurance | 0.0 | $0.00 |
| 180326A | [EFH] Case Administration | 1.9 | $678.50 |
| 180326B | [EFH] Creditor Inquiries | 0.0 | $0.00 |
| 180326C | [EFH] Meetings | 0.0 | $0.00 |
| 180326D | [EFH] Executory Contracts/Unexpired Leases | 0.1 | $52.50 |
| 180326E | [EFH] Automatic Stay/Adequate Protection | 0.0 | $0.00 |
| 180326F | [EFH] Plan of Reorganization/Disclosure Statement | 0.0 | $0.00 |
| 180326G | [EFH] Use, Sale of Assets | 0.0 | $0.00 |
| 180326H | [EFH] Cash Collateral/DIP Financing | 0.0 | $0.00 |
| 180326I | [EFH] Claims Administration | 10.4 | $4,438.50 |
| 180326J | [EFH] Court Hearings | 22.7 | $10,161.50 |

17

| Matter Code | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 180326K | [EFH] General Corporate/Real Estate | 0.0 | $0.00 |
| 180326L | [EFH] Schedules/SOFA/U.S. Trustee Reports | 0.0 | $0.00 |
| 180326M | [EFH] Employee Issues | 0.0 | $0.00 |
| 180326N | [EFH] Environmental | 0.0 | $0.00 |
| 180326O | [EFH] Tax Issues | 0.0 | $0.00 |
| 180326P | [EFH] Litigation/Adversary Proceedings | 40.3 | $19,230.00 |
| 180326Q-1 | [EFH] RLF Retention | 0.0 | $0.00 |
| 180326Q-2 | [EFH] Retention of Others | 3.0 | $1,406.00 |
| 180326R-1 | [EFH] RLF Fee Applications | 0.0 | $0.00 |
| 180326R-2 | [EFH] Fee Applications of Others | 2.6 | $698.00 |
| 180326S | [EFH] Vendors/Suppliers | 0.0 | $0.00 |
| 180326T | [EFH] Non-Working Travel | 0.0 | $0.00 |
| 180326U | [EFH] Utilities | 0.0 | $0.00 |
| 180326V | [EFH] Insurance | 0.0 | $0.00 |
| **TOTALS** | | **2,186.1** | **$860,280.50** |

34.     The following is a summary, by Matter Code, of the most significant professional services provided by RL&F during the Fee Period. This summary is organized in accordance with RL&F's internal system of matter numbers. The detailed descriptions demonstrate that RL&F was heavily involved in performing services for the Debtors on a daily basis, often including night and weekend work, to meet the needs of the Debtors' estates in these chapter 11 cases. A schedule setting forth a description of the Matter Categories utilized in this case; the number of hours expended by RL&F directors, counsels, associates, and paraprofessionals by matter; and the aggregate fees associated with each matter is attached hereto as **Exhibit G**.

35.     In addition, RL&F's computerized records of time expended providing professional services to the Debtors and their estates are attached hereto as **Exhibit H**, and RL&F's records of expenses incurred during the Fee Period in the rendition of professional services to the Debtors and their estates are attached as **Exhibit I**.

18

I.    **Fees Incurred on Behalf of All of the Debtors' Estates**

    A.    **[A-ALL] Case Administration/Miscellaneous Matters**

Fees: $28,175.50              Total Hours: 79.2

This category includes all matters related to maintenance of calendars, critical date lists, communications with the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC ("Epiq"), concerning myriad service issues, review of work in process reports, review of notices of appearance, and maintaining service lists, none of which are specifically attributable to any of the Debtors' estates rather than all of the Debtors generally.

    B.    **[B-ALL] Creditor Inquiries**

Fees: $937.00                Total Hours: 2.9

This category includes all matters related to responding to creditor inquiries not specific to one of the Debtors' estates.

    C.    **[C-ALL] Meetings**

Fees: $11,077.50              Total Hours: 17.8

This category includes all matters, applicable to all of the Debtors generally, related to preparing for and attending meetings with Debtors, the creditors' committees, individual creditors, the U.S. Trustee, co-counsel, and the Debtors' other professionals, including attendance at and participation in work-in-process calls and meetings.

    D.    **[D-ALL] Executory Contracts/Unexpired Leases**

Fees: $6,353.00               Total Hours: 18.0

This category includes all matters, applicable to all of the Debtors generally, related to contract and lease analysis and matters related to assumption, assignment, or rejection of executory contracts and unexpired leases.

19

### E.    [E-ALL] Automatic Stay/Adequate Protection

Fees: $0.00                                    Total Hours: 0.0

This category includes all matters, applicable to all of the Debtors generally, related to and including all motions to modify the automatic stay, issues related to the effect of the automatic stay or pending matters, and all other types of actions where adequate protection is the central issue.

### F.    [F-ALL] Plan of Reorganization/Disclosure Statement

Fees: $216,454.50                              Total Hours: 502.4

This category includes all matters related to review, formulation, negotiation, preparation, and promulgation of plans of reorganization, disclosure statements, and related corporate documentation and research relating thereto, including reviewing, revising, consideration of, and filing a motion to assume a restructuring support agreement in these cases and supporting declarations. Specifically, during the Fee Period, RL&F's attorneys and paraprofessionals spent time:

   i.      communicating and coordinating with the Debtors and K&E regarding the terms of the PSA, Disclosure Statement, and Plan;

   ii.     assisting the Debtors and K&E in responding to thirty-five formal and informal Plan objections, comprising 854 total pages, including reviewing, revising, and filing briefs, reply papers, declarations and other documents in connection with the same and Plan confirmation;[13] and

   iii.    assisting the Debtors and K&E in their efforts securing Court approval of the Plan.[14]

---

[13] *See, e.g.,* D.I. 6647, 6648, 6817, 6818, 6819, 6820, 6824, 6826.

[14] *See Amended Order Confirming the Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 7285].

### G.  [G-ALL] Use, Sale, Lease of Assets

Fees: $3,043.00                    Total Hours: 6.9

This category includes all matters, applicable to all of the Debtors generally, relating to acquisitions, dispositions, and other postpetition uses of property of the Debtors.

### H.  [H-ALL] Cash Collateral/DIP Financing

Fees: $0.00                        Total Hours: 0.0

This category includes all matters relating to negotiation and documentation of debtor in possession financing and post-confirmation financing, all cash collateral issues, and related pleadings not specific to any one of the Debtors' estates.

### I.  [I-ALL] Claims Administration

Fees: $16,980.50                   Total Hours: 53.2

This category includes all matters related to and including claims administration matters and bar date matters, including claims objections and related contested matters not specific to any one of the Debtors' estates.  To date, creditors have filed approximately 10,000 proofs of claim in these chapter 11 cases.  Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time among other things:

> i.     reviewing, revising, and filing three omnibus objections to claims, which resulted in the court disallowing or modifying 264 proofs of claim to reduce the total amount asserted against the Debtors by $2,796,599.47;[15]

---

[15] *See Debtors' Thirty-Second Omnibus (Non-Substantive) Objection to Claims (Insufficient Documentation, Amended, and Wrong Debtor Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1)* [D.I. 6496]; *Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims (Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1)* [D.I. 6499]; and *Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims (Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1)* [D.I. 6505].

    ii.      reviewing, revising, and filing two notices of satisfaction of certain claims and advising K&E on issues of local practice and procedure in connection with the same;[16] and

    iii.     assisting K&E in addressing formal and informal responses to the omnibus objections.

**J.**    **[J-ALL] Court Hearings**

Fees: $271,394.50              Total Hours: 760.2

This category includes all matters, applicable to all of the Debtors generally, relating to preparation for and attendance at court hearings. In addition to routine omnibus hearings that took place during the Fee Period, attorneys from RL&F also attended (i) a hearing to consider the Debtors' entry into the PSA; (ii) a hearing to consider the adequacy of the Disclosure Statement; (iii) the Debtor's multi-week Plan confirmation hearing; and (iv) various Plan confirmation status conferences and scheduling conferences. RL&F believes that its staffing levels at hearings during the Fee Period were reasonable and appropriate. Specifically, where RL&F staffed multiple associates at hearings, those attorneys were necessary to assist K&E attorneys and other client representatives in connection with matters taking place during the course of the hearing (*i.e.,* revising documents, orders, demonstratives, and completing similar tasks taking place in or outside of the courtroom during active court proceedings). RL&F does not, as a general practice, bill for associate time where associates were merely observing the proceedings for informational or educational purposes only. Rather, when RL&F bills associate time for hearing attendance, the associates are generally staffed to play an active role during the hearing to assist K&E and others acting on the Debtors' behalf, even if not actually presenting any matters to the Court during the hearing. Multiple directors of RL&F have attended relatively

---

[16] *See Debtors' Second Notice of Claims Satisfied in Full or in Part* [D.I. 5854]; and *Debtors' Third Notice of Claims Satisfied in Full or in Part* [D.I. 7044].

few hearings in these cases, and in no instance during the Fee Period did more than one director attend any one hearing. Although the role of RL&F's attorneys at hearings may not specifically include presenting matters to the Court at the hearing, they are often providing real-time information and advice to the K&E attorneys also present at the hearing who are making presentations to the Court, thereby adding additional value by being present. Additionally, one counsel from RL&F has attended most hearings in these cases during the Fee Period in addition to the lead engagement director. The counsel in attendance at most hearings in these cases is the day-to-day "point person" for K&E and many of the Debtors' other professionals in these cases, who coordinates and files many of the documents filed on the Debtors' behalf in these cases that are being presented throughout the course of the hearings. Additionally, the managing director and the counsel staffed on this engagement each frequently coordinate with Chambers concerning hearing agendas and scheduling matters, making such attorneys necessary and appropriate to attend hearings.

### K.    [K-ALL] General Corporate/Real Estate

Fees: $231.50                              Total Hours: 0.9

This category includes all matters relating to transactional, corporate governance, and related matters involving the Debtors' business operations that are not part of a plan of reorganization or disclosure statement and not specific to any one of the Debtors' estates.

### L.    [L-ALL] Schedules/SOFA/U.S. Trustee Reports

Fees: $1,684.50                            Total Hours: 4.7

This category includes the review and filing of monthly operating reports and any other reports required by the U.S. Trustee or the Court not specific to any one of the Debtors' estates. Specifically, during the Fee Period, RL&F attorneys and/or paraprofessionals spent time

23

(i) reviewing and filing monthly operating reports in the Debtors' chapter 11 cases; (ii) responding to certain information requests from the U.S. Trustee; and (iii) addressing certain issues concerning U.S. Trustee fees and related matters.

### M.    [M-ALL] Employee Issues

Fees: $5,120.00                    Total Hours: 12.3

This category includes all matters related to employee wages, benefits, collective bargaining issues, other employee relations matters, ERISA, and retirement benefits not specific to any one of the Debtors' estates.  Specifically, during the Fee Period, RL&F attorneys and/or paraprofessionals spent time reviewing, revising, and filing a motion for an order approving the 2016 compensation program, and securing court approval of same.[17]

### N.    [N-ALL] Environmental

Fees: $ 0.00                    Total Hours: 0.00

This category includes all environmental matters other than environmental aspects of a plan of reorganization and not specific to any one of the Debtors' estates.

### O.    [O-ALL] Tax Issues

Fees: $75.00                    Total Hours: 0.1

This category includes all federal and state income, property, employment, excise, and other tax matters other than the tax aspects of a plan of reorganization and not specific to any one of the Debtors' estates.

### P.    [P-ALL] Litigation/Adversary Proceedings

Fees: $24,885.00                    Total Hours: 66.3

This category includes all matters relating to litigation and adversary proceedings

---

[17] *See Order Approving the 2016 Compensation Programs* [D.I. 7350].

24

not specific to any one of the Debtors' estates, including working with K&E during the Fee

Period to:

i.        address various discovery requests related to the Plan, including myriad document requests, interrogatories, and deposition notices;

ii.       address asbestos-related litigation issues, including responding to discovery requests, filing an objection to certain asbestos plaintiffs' motion for leave to file an interlocutory appeal as well as reviewing, revising, and filing an objection to a motion to grant class certification to unmanifested asbestos claimants;[18]

iii.      review and analyze ten objections to the *Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement,* filed August 10, 2015 [D.I. 5249] (the "Settlement Motion"), totaling 337 pages of unsealed briefing

iv.      review, revise, and file an omnibus reply to objections to the Settlement Motion;[19]

v.       review, revise, and file a motion *in limine* and responding to the motions in limine of objectors to the Settlement Motion;[20]

vi.      review, revise, and file a motion to extend the deadline by which the Debtors may request to remove non-bankruptcy litigation to bankruptcy court and securing Court approval of the same;[21] and

vii.     assist the Debtors and K&E in their efforts securing Court approval of the Settlement Agreement.[22]

---

[18] *See Order Denying the Amended Motion for Application of Fed. R. Bankr. P. 7023 to this Proceeding and to Certify a Class Pursuant to FRCP Rule 23* [D.I. 7383].

[19] *See* the Settlement Motion; and *Omnibus Reply in Support of Motion of Energy Future Holdings Corp, et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter into and Perform Under the Settlement Agreement* [D.I. 6820].

[20] *See Debtors' Memorandum in Support of its Motion in Limine to Limit the Expert Report and Testimony of Michael Henkin* [D.I. 6743]; *Debtors' Opposition to EFH Committee's Motion in Limine to Exclude Evidence Concerning the Value of Oncor* [D.I. 6806].

[21] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 7203].

[22] *See Order Granting the Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter into and Perform Under the Settlement Agreement* [D.I. 7243].

## Q-1.   [Q-1-ALL] RL&F Applications

Fees: $7,779.00                    Total Hours: 25.7

This category includes all matters related to preparing applications to retain RL&F and supplements thereto as required by section 327(a) of the Bankruptcy Code, the Local Bankruptcy Rules, and orders of the Court. Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time, among other things, (i) reviewing and analyzing supplemental disclosure materials in connection with RL&F's retention as co-counsel to the Debtors; and (ii) drafting and filing the Third Supplemental Affidavit in further support of RL&F's retention as co-counsel and conflicts counsel to the Debtors.

## Q-2.   [Q-2-ALL] Retention of Others

Fees: $6,038.50                    Total Hours: 15.3

This category includes time spent reviewing applications for retention by other professionals, objecting to the retention of other professionals, and assisting other professionals with preparing and filing retention applications. Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time:

i.      reviewing and filing an ordinary course professional's declaration of disinterestedness;[23]

ii.     corresponding with the Debtors' professionals regarding, among other things, supplemental declarations and the scope of the professionals' services;

iii.    reviewing, revising, and filing updated schedules of ordinary course professionals;[24] and

---

[23] *See Declaration of Disinterestedness of Rajkovich, Williams, Kilpatrick & True, PLLC Pursuant to the Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [D.I. 7019].

[24] *See Notice of Thirteenth Amended List of Ordinary Course Professionals,* filed on November 18, 2015 [D.I. 7043].

26

iv.      facilitating the Debtors' retention of any professionals other than RL&F.

**R-1.    [R-1-ALL] RL&F Fee Application**

Fees: $26,267.00                    Total Hours: 65.2

This category includes all time spent preparing, reviewing, filing, circulating, and/or relating to monthly billing memoranda and fee applications for RL&F, including reviewing and revising RL&F's billing memoranda for issues of attorney-client privilege and compliance with applicable Court orders, guidelines, and rules.  Among other things, during the Fee Period, RL&F attorneys and paraprofessionals spent time, drafting, revising, finalizing, and filing six monthly fee statements[25] and one interim period fee application.[26]

**R-2.    [R-2-ALL] Fee Application of Others**

Fees: $47,613.00                    Total Hours: 123.8

This category includes time spent reviewing invoices or fee applications of other professionals, objecting to fees of other professionals, and assisting other of the Debtors' professionals with filing and distributing monthly fee statements.

**S.      [S-ALL] Vendor/Supplies**

Fees: $0.00                         Total Hours: 0.0

This category includes all matters related to vendors and suppliers, including reclamation issues not specific to any one of the Debtors' estates.

**T.      [T-ALL] Non-Working Travel**

Fees: $0.00                         Total Hours: 0.0

This category includes all travel time not otherwise chargeable.

---

[25] *See* D.I. 5839, 6238, 7007, 7406, 7431, 7521.

[26] *See* D.I. 6331.

### U.    [U-ALL] Utilities

Fees: $ 0.00                              Total Hours: 0.00

This category includes all matters related to utility issues not specific to any one of the Debtors' estates.

### V.    [V-ALL] Insurance

Fees: $0.00                               Total Hours: 0.00

This category includes all matters related to insurance policies or coverage not specific to any one of the Debtors' estates.

## II.    Fees Incurred on Behalf of the TCEH Debtors' Estates

### A.    [A-TCEH] Case Administration/Miscellaneous Matters

Fees: $150.00                            Total Hours: 0.2

This category includes all matters specific to the TCEH Debtors' estates related to maintenance of calendars, critical date lists, communications with Epiq concerning myriad service issues, review of work in process reports, review of notices of appearance, and maintaining service lists.

### B.    [B-TCEH] Creditor Inquiries

Fees: $0.00                              Total Hours: 0.0

This category includes all matters related to responding to creditor inquiries specific to the TCEH Debtors' estates.

### C.    [C-TCEH] Meetings

Fees: $0.00                              Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to preparing for and attending meetings with Debtors, the creditors' committees, individual

28

creditors, the U.S. Trustee, co-counsel, and the Debtors' other professionals, including attendance at and participation in work-in-process calls and meetings.

### D.    [D-TCEH] Executory Contracts/Unexpired Leases

Fees: $15,089.00                    Total Hours: 34.0

This category includes all matters specific to the TCEH Debtors' estates related to contract and lease analysis and matters related to assumption, assignment, or rejection of executory contracts and unexpired leases.    During the Fee Period, RL&F attorneys and paraprofessionals spent time (i) reviewing, revising, and filing motions and related documents with respect to rejecting, assuming, or assigning various contracts and leases specific to the TCEH Debtors' estates;[27] and (ii) assisting the Debtors and K&E with respect to various contract-related disputes with Alcoa Inc.[28]

### E.    [E-TCEH] Automatic Stay/Adequate Protection

Fees: $0.00                    Total Hours: 0.00

This category includes all matters related to and including all motions to modify the automatic stay, issues related to the effect of the automatic stay or pending matters, and all other types of actions where adequate protection is the central issue specific to the TCEH Debtors.    Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time reviewing, revising, and filing an objection to the Tremble parties' filing(s) concerning the applicability of the automatic stay to certain state court litigations.[29]

---

[27] *See, e.g.,* D.I. 5897, 5898, 6141, 6142, 6447.

[28] *See, e.g.,* D.I. 5877, 6692, 6701.

[29] *See Objection of Energy Future Holdings, et al., to the Tremble Motion Not to Reinstate Appeal* [D.I. 5908]. *See also* D.I. 6471.

29

### F.    [F-TCEH] Plan of Reorganization/Disclosure Statement

Fees: $0.00                           Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to review, formulation, negotiation, preparation, and promulgation of plans of reorganization, disclosure statements, and related corporate documentation.

### G.    [G-TCEH] Use, Sale, Lease of Assets

Fees: $10,714.50                      Total Hours: 25.2

This category includes all matters relating to acquisitions, dispositions, and other postpetition uses of property of the TCEH Debtors.

### H.    [H-TCEH] Cash Collateral/DIP Financing

Fees: $2,891.50                       Total Hours: 6.3

This category includes all matters relating to TCEH Debtors' efforts in connection with the TCEH DIP Facility.  Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time reviewing, revising, and filing stipulations extending certain deadlines and/or amending certain terms set forth in the TCEH Cash Collateral Order.[30]

### I.    [I-TCEH] Claims Administration

Fees: $7,454.00                       Total Hours: 18.7

This category includes all matters specific to the TCEH Debtors' estates related to and including claims administration.  Among other things, during the Fee Period, RL&F attorneys and paraprofessionals spent time reviewing, revising, and filing a motion to govern

---

[30] *See Stipulation and Consent Order Extending Certain Deadlines in the Final Cash Collateral Order*, dated September 11, 2015 [D.I. 5922]; and *Stipulation and Consent Order Amending Certain Terms of the Final Cash Collateral Order*, dated September 11, 2015 [D.I. 5923].

30

trading procedures of certain claims that could affect the Debtors' regulatory applications.[31]

### J.    [J-TCEH] Court Hearings

Fees: $4,529.00                    Total Hours: 14.5

This category includes all matters relating to preparation for and attendance at court hearings specific to the TCEH Debtors' estates.

### K.    [K-TCEH] General Corporate/Real Estate

Fees: $0.00                        Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates relating to transactional issues and corporate governance.

### L.    [L-TCEH] Schedules/SOFA/U.S. Trustee Reports

Fees: $0.00                        Total Hours: 0.0

This category includes all tasks in connection with U.S. Trustee reporting issues and information requests specific to the TCEH Debtors' estates.

### M.    [M-TCEH] Employee Issues

Fees: $0.00                        Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to employee wages, benefits, collective bargaining issues, other employee relations matters, ERISA, and retirement benefits.

---

[31] *See Debtors' Motion for Entry of an Order (A) Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004, (B) Providing Requirements for the Purchase of Certain Claims Against the Debtors, and (C) Establishing Notification and Hearing Procedures for Relief From the Requirements on the Purchase of Certain Claims Against the Debtors* [D.I. 6871]; *and Order (A) Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004, (B) Providing Requirements for the Purchase of Certain Claims Against the Debtors, and (C) Establishing Notification and Hearing Procedures for Relief From the Requirements on the Purchase of Certain Claims Against the Debtors* [D.I. 7100].

### N.    [N-TCEH] Environmental

Fees: $0.00                                Total Hours: 0.0

This category includes all environmental matters specific to the TCEH Debtors' estates.

### O.    [O-TCEH] Tax Issues

Fees: $4,748.00                            Total Hours: 10.9

This category includes all federal and state income, property, employment, excise, and other tax matters specific to the TCEH Debtors' estates, other than the tax aspects of a plan of reorganization. Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time addressing matters regarding abstention and venue issues arising from the Debtors' motion to determine certain ad valorem property taxes pursuant to section 505 of the Bankruptcy Code.[32]

### P.    [P-TCEH] Litigation/Adversary Proceedings

Fees: $1,015.50                            Total Hours: 2.1

This category includes all matters specific to the TCEH Debtors' estates relating to litigation, adversary proceedings, and appeals.

### Q-1.    [Q-1-TCEH] RL&F Applications

Fees: $0.00                                Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to preparing applications to retain RL&F and supplements thereto.

---

[32] *Notice of Agenda of Matters Schedules for Hearing on October 15, 2015 Starting at 10:30 a.m. (EDT)* [D.I. 6435].

RLF1 14330970v.1

### Q-2.    [Q-2-TCEH] Retention of Others

Fees: $0.00                                    Total Hours: 0.0

This category includes time specific to the TCEH Debtors' estates spent reviewing applications for retention by other professionals, objecting to the retention of other professionals, and assisting other professionals with preparing and filing retention applications.

### R-1.    [R-1-TCEH] RL&F Fee Application

Fees: $0.00                                    Total Hours: 0.0

This category includes all time specific to the TCEH Debtors' estates spent preparing, reviewing, filing, circulating, and/or relating to monthly billing memoranda and fee applications for RL&F.

### R-2.    [R-2-TCEH] Fee Application of Others

Fees: $510.00                                  Total Hours: 1.8

This category includes all time specific to the TCEH Debtors' estates spent reviewing invoices or applications of other professionals, objecting to fees of other professionals, and assisting other professionals with filing and circulating monthly invoices and applications.

### S.    [S-TCEH] Vendor/Supplies

Fees: $0.00                                    Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to vendors and suppliers, including reclamation issues.

### T.    [T-TCEH] Non-Working Travel

Fees: $0.00                                    Total Hours: 0.0

This category includes all travel time specific to the TCEH Debtors' estates not otherwise chargeable.

33

U.    **[U-TCEH] Utilities**

Fees: $0.00                              Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to

utility issues.

V.    **[V-TCEH] Insurance**

Fees: $0.00                              Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to

insurance policies or coverage.

III.    **Fees Incurred on Behalf of the EFIH Debtors' Estates**

A.    **[A-EFIH] Case Administration/Miscellaneous Matters**

Fees: $735.00                            Total Hours: 1.4

This category includes all matters specific to the EFIH Debtors' estates related to

maintenance of calendars, critical date lists, communications with Epiq concerning myriad

service issues, review of work in process reports, review of notices of appearance, and

maintaining service lists.

B.    **[B-EFIH] Creditor Inquiries**

Fees: $0.00                              Total Hours: 0.0

This category includes all matters related to responding to creditor inquiries

specific to the EFIH Debtors' estates.

C.    **[C-EFIH] Meetings**

Fees: $0.00                              Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to

preparing for and attending meetings with Debtors, the creditors' committees, individual

34

creditors, the U.S. Trustee, co-counsel, and the Debtors' other professionals, including attendance at and participation in work-in-process calls and meetings.

### D.    [D-EFIH] Executory Contracts/Unexpired Leases

Fees: $0.00                          Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to contract and lease analysis and matters related to assumption, assignment, or rejection of executory contracts and unexpired leases.

### E.    [E-EFIH] Automatic Stay/Adequate Protection

Fees: $604.00                        Total Hours: 1.2

This category includes all matters specific to the EFIH Debtors' estates related to and including all motions to modify the automatic stay, issues related to the effect of the automatic stay or pending matters, and all other types of actions where adequate protection is the central issue.

### F.    [F-EFIH] Plan of Reorganization/Disclosure Statement

Fees: $0.00                          Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to review, formulation, negotiation, preparation, and promulgation of plans of reorganization, disclosure statements, and related corporate documentation.

### G.    [G-EFIH] Use, Sale, Lease of Assets

Fees: $738.00                        Total Hours: 1.4

This category includes all matters relating to acquisitions, dispositions, and other postpetition uses of property of the EFIH Debtors.

35

**H.      [H-EFIH] Cash Collateral/DIP Financing**

Fees: $0.00                              Total Hours: 0.0

This category includes all matters relating to negotiation and documentation of debtor in possession financing specific to the EFIH Debtors' estates.

**I.      [I-EFIH] Claims Administration**

Fees: $50,137.00                        Total Hours: 117.3

This category includes all matters specific to the EFIH Debtors' estates related to and including claims administration. Specifically, during the Fee Period, among other things, attorneys and paraprofessionals of RL&F spent time reviewing, revising, and filing the *Objection of Energy Future Holdings Corp., et al., to Proofs of Claim 7475, 7480, 7481, and 6874-6943 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH LBO Notes*, dated October 23, 2015 [D.I. 6596] and the *Objection of Energy Future Holdings Corp., et al., to Proofs of Claim 7476, 7482, and 6734-6873 Filed By American Stock Transfer & Trust Co. As Indenture Trustee for the EFH Unexchanged Notes*, dated October 23, 2015 [D.I. 6599] and attending to matters related thereto.

**J.      [J-EFIH] Court Hearings**

Fees: $16,073.50                        Total Hours: 46.1

This category includes all matters relating to preparation for and attendance at court hearings specific to the EFIH Debtors' estates. Specifically, during the Fee Period, attorneys and paraprofessionals of RL&F spent time preparing for and attending oral argument regarding certain makewhole claims.

36

### K. [K-EFIH] General Corporate/Real Estate

Fees: $0.00                              Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates relating to transactional issues and corporate governance.

### L. [L-EFIH] Schedules/SOFA/U.S. Trustee Reports

Fees: $0.00                              Total Hours: 0.0

This category includes all tasks in connection with U.S. Trustee reporting issues and information requests specific to the EFIH Debtors' estates.

### M. [M-EFIH] Employee Issues

Fees: $0.00                              Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to employee wages, benefits, collective bargaining issues, other employee relations matters, ERISA, and retirement benefits.

### N. [N-EFIH] Environmental

Fees: $0.00                              Total Hours: 0.0

This category includes all environmental matters specific to the EFIH Debtors' estates.

### O. [O-EFIH] Tax Issues

Fees: $0.00                              Total Hours: 0.0

This category includes all federal and state income, property, employment, excise, and other tax matters specific to the EFIH Debtors' estates, other than the tax aspects of a plan of reorganization.

### P.    [P-EFIH] Litigation/Adversary Proceedings

Fees: $33,642.00                              Total Hours: 67.2

This category includes all matters relating to litigation and adversary proceedings specific to the EFIH Debtors' estates.    During the Fee Period, RL&F attorneys and paraprofessionals spent time addressing contested matters and adversary proceedings with EFIH creditors, in particular the litigations regarding the EFIH First Lien, the EFIH Second Lien, and the EFIH Unsecured makewhole litigations.    Specifically, RL&F attorneys and paraprofessionals spent time:

    i.    reviewing, revising, and filing pleadings and appellate briefs associated with the foregoing litigations;

    ii.    assisting the efforts of the Debtors and K&E to secure the denial of the EFIH Second Lien Trustee's claim for a makewhole premium;[33] and

    iii.    assisting the efforts of the Debtors and K&E with respect to documenting and entering into a settlement with the EFIH PIK holders.[34]

### Q-1.    [Q-1-EFIH] RL&F Applications

Fees: $0.00                                   Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to preparing applications to retain RL&F and supplements thereto.

### Q-2.    [Q-2-EFIH] Retention of Others

Fees: 23.50                                   Total Hours: 0.1

This category includes time specific to the EFIH Debtors' estates spent reviewing applications for retention by other professionals, objecting to the retention of other professionals, and assisting other professionals with preparing and filing retention applications.

---

[33] *See e.g., Memorandum Opinion* [D.I. 6717].

[34] *See Order Approving Settlement Of Certain EFIH PIK Noteholder Claims And Authorizing Debtors To Enter Into And Perform Under Stipulations* [D.I. 7145].

### R-1.    [R-1-EFIH] RL&F Fee Application

Fees: $0.00                                Total Hours: 0.0

This category includes all time specific to the EFIH Debtors' estates spent preparing, reviewing, filing, circulating, and/or relating to monthly billing memoranda and fee applications for RL&F.

### R-2.    [R-2-EFIH] Fee Application of Others

Fees: $452.00                              Total Hours: 1.8

This category includes all time specific to the EFIH Debtors' estates spent reviewing invoices or applications of other professionals, objecting to fees of other professionals, and assisting other professionals with filing and circulating monthly invoices and applications.

### S.    [S-EFIH] Vendor/Supplies

Fees: $0.00                                Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to vendors and suppliers, including reclamation issues.

### T.    [T-EFIH] Non-Working Travel

Fees: $0.00                                Total Hours: 0.0

This category includes all travel time specific to the EFIH Debtors' estates not otherwise chargeable.

### U.    [U-EFIH] Utilities

Fees: $0.00                                Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to utility issues.

V.    **[V-EFIH] Insurance**

Fees: $0.00                                  Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to insurance policies or coverage.

IV.    **Fees Incurred on Behalf of the EFH Estate**

A.    **[A-EFH] Case Administration/Miscellaneous Matters**

Fees: $678.50                              Total Hours: 1.9

This category includes all matters specific to EFH's estate related to maintenance of calendars, critical date lists, communications with Epiq concerning myriad service issues, review of work in process reports, review of notices of appearance, and maintaining service lists.

B.    **[B-EFH] Creditor Inquiries**

Fees: $0.00                                  Total Hours: 0.0

This category includes all matters related to responding to creditor inquiries specific to EFH's estate.

C.    **[C-EFH] Meetings**

Fees: $0.00                                  Total Hours: 0.0

This category includes all matters specific to EFH's estate related to preparing for and attending meetings with Debtors, the creditors' committees, individual creditors, the U.S. Trustee, co-counsel, and the Debtors' other professionals, including attendance and participation in work-in-process calls and meetings.

40

### D.    [D-EFH] Executory Contracts/Unexpired Leases

Fees: $52.50                                        Total Hours: 0.1

This category includes all matters specific to EFH's estate related to contract and lease analysis and matters related to assumption, assignment, or rejection of executory contracts and unexpired leases.

### E.    [E-EFH] Automatic Stay/Adequate Protection

Fees: $0.00                                         Total Hours: 0.0

This category includes all matters specific to EFH's estate related to and including all motions to modify the automatic stay, issues related to the effect of the automatic stay or pending matters, and all other types of actions where adequate protection is the central issue.

### F.    [F-EFH] Plan of Reorganization/Disclosure Statement

Fees: $0.00                                         Total Hours: 0.0

This category includes all matters specific to EFH's estate related to review, formulation, negotiation, preparation, and promulgation of plans of reorganization, disclosure statements, and related corporate documentation.

### G.    [G-EFH] Use, Sale, Lease of Assets

Fees: $0.00                                         Total Hours: 0.0

This category includes all matters relating to acquisitions, dispositions, and other postpetition uses of property of EFH.

### H.    [H-EFH] Cash Collateral/DIP Financing

Fees: $0.00                                         Total Hours: 0.0

This category includes all matters specific to EFH's estate relating to negotiation and documentation of debtor in possession financing and post-confirmation financing, all cash collateral issues, and related pleadings.

41

### I.      [I-EFH] Claims Administration

Fees: $4,438.50                              Total Hours: 10.4

This category includes all matters specific to EFH's estate related to and including claims administration.

### J.      [J-EFH] Court Hearings

Fees: $10,161.50                             Total Hours: 22.7

This category includes all matters relating to preparation for and attendance at court hearings specific to EFH's estate. Specifically, during the Fee Period, RL&F's attorneys and paraprofessionals spent time preparing for and attending hearings held in Adv. Proc. No. 15-51386 (CSS) (Bankr. D. Del.) related to the enforcement of EFH's "drag along rights" against Texas Transmission Investment LLC.

### K.      [K-EFH] General Corporate/Real Estate

Fees: $0.00                                  Total Hours: 0.0

This category includes all matters specific to EFH's estate relating to transactional issues and corporate governance.

### L.      [L-EFH] Schedules/SOFA/U.S. Trustee Reports

Fees: $0.00                                  Total Hours: 0.0

This category includes all tasks in connection with U.S. Trustee reporting issues and information requests specific to EFH's estate.

### M.      [M-EFH] Employee Issues

Fees: $0.00                                  Total Hours: 0.0

This category includes all matters specific to EFH's estate related to employee wages, benefits, collective bargaining issues, other employee relations matters, ERISA, and retirement benefits.

42

### N.    [N-EFH] Environmental

Fees: $0.00                                  Total Hours: 0.0

This category includes all environmental matters specific to EFH's estate.

### O.    [O-EFH] Tax Issues

Fees: $0.00                                  Total Hours: 0.0

This category includes all federal and state income, property, employment, excise, and other tax matters specific to EFH's estate, other than the tax aspects of a plan of reorganization.

### P.    [P-EFH] Litigation/Adversary Proceedings

Fees: $19,230.00                             Total Hours: 40.3

This category includes all matters relating to litigation and adversary proceedings specific to EFH's estate.    Specifically, during the Fee Period, RL&F's attorneys and paraprofessionals spent time:

i.      reviewing, revising, commenting on, and filing an adversary complaint (*see* Adv. Proc. No. 15-51386 (CSS) (Bankr. D. Del.)) and other documents related to the enforcement of EFH's "drag along rights" against Texas Transmission Investment LLC;[35]

ii.     securing denial of a motion to dismiss Adv. Proc. No. 15-51386 (CSS) (Bankr. D. Del.);[36] and

iii.    reviewing and serving various discovery requests and responses in preparation for trial.

---

[35] *See, e.g., Adversary Complaint* [Adv. D.I. 1]; *Plaintiff Energy Future Holdings Corp.'s Memorandum of Law in Opposition to Defendant Texas Transmission Investment LLC's Motion to Dismiss* [Adv. D.I. 31].

[36] *See Order Denying Motion to Dismiss Adversary Proceeding* [Adv. D.I. 49].

### Q-1.    [Q-1-EFH] RL&F Applications

Fees: $0.00                              Total Hours: 0.0

This category includes all matters specific to EFH's estate related to preparing applications to retain RL&F and supplements thereto.

### Q-2.    [Q-2-EFH] Retention of Others

Fees: $1,406.00                          Total Hours: 3.0

This category includes time specific to EFH's estate spent reviewing applications for retention by other professionals and objecting to the retention of other professionals where appropriate.[37]

### R-1.    [R-1-EFH] RL&F Fee Application

Fees: $0.00                              Total Hours: 0.0

This category includes all time specific to EFH's estate spent preparing, reviewing, filing, circulating, and/or relating to monthly billing memoranda and fee applications for RL&F.

### R-2.    [R-2-EFH] Fee Application of Others

Fees: $698.00                            Total Hours: 2.6

This category includes all time specific to EFH's estate spent reviewing invoices or applications of other professionals, objecting to fees of other professionals, and assisting other professionals with filing and circulating monthly invoices and applications.

---

[37] *See Objection of Energy Future Holdings Corp., et al., to the Application Seeking Employment of Gibbs & Bruns LLP as Special Conflicts Trial Counsel to the EFH Committee Effective Nunc Pro Tunc to September 8, 2015* [D.I. 6341].

44

**S.    [S-EFH] Vendor/Supplies**

Fees: $0.00                                    Total Hours: 0.0

This category includes all matters specific to EFH's estate related to vendors and suppliers, including reclamation issues.

**T.    [T-EFH] Non-Working Travel**

Fees: $0.00                                    Total Hours: 0.0

This category includes all travel time specific to EFH's estate not otherwise chargeable.

**U.    [U-EFH] Utilities**

Fees: $0.00                                    Total Hours: 0.0

This category includes all matters specific to EFH's estate related to utility issues.

**V.    [V-EFH] Insurance**

Fees: $0.00                                    Total Hours: 0.0

This category includes all matters specific EFH's estate related to insurance policies or coverage.

### Actual and Necessary Expenses Incurred by RL&F

36.    As set forth in **Exhibit H** attached hereto, and as summarized in **Exhibit F** attached hereto, RL&F has incurred a total of $89,491.95 in expenses on behalf of the Debtors during the Fee Period. These charges are intended to reimburse RL&F's direct operating costs, which are not incorporated into the RL&F hourly billing rates. RL&F charges external copying at the provider's cost without markup. Only clients who actually use services of the types set forth in **Exhibit H** of this Fee Application are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would be to impose that cost upon clients who do not require extensive photocopying and other facilities and services.

45

## Reasonable and Necessary Services Provided by RL&F

**A.    Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.**

37.    The foregoing professional services provided by RL&F on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

38.    Most all of the services performed by directors, counsels, and associates of RL&F were provided by RL&F's Bankruptcy and Restructuring Group.  RL&F has a prominent practice in this area and enjoys a national reputation for its expertise in financial reorganizations and restructurings of troubled companies.  The attorneys at RL&F have represented either the debtor(s) or the creditors' committee or have acted as special counsel in many large chapter 11 cases in the District of Delaware.  Overall, RL&F brings to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

**B.    Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.**

39.    The time constraints imposed by the circumstances of these chapter 11 cases required RL&F attorneys and other employees to devote substantial time during the evenings and/or on weekends to perform services on behalf of the Debtors.  These services were essential to meet deadlines, provide necessary assistance to K&E, and ensure the orderly administration of the Debtors' estates.  Consistent with firm policy, and as further disclosed in the Retention Application, RL&F attorneys and other RL&F employees who worked late in the evenings or on weekends were provided with reasonable meals at a cost to the Debtors' estates. RL&F's regular practice is not to include components for those charges in overhead when establishing billing

46

rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

40.     In addition, due to the location of the Debtors' businesses, co-counsel, creditors, and other parties-in-interest in relation to RL&F's office, numerous multi-party telephone conferences were required.   On many occasions, the exigencies and circumstances of these chapter 11 cases required overnight delivery of documents and other materials.   The disbursements for such services are not included in RL&F's overhead for the purpose of setting billing rates, and RL&F has made every effort to minimize its disbursements in these chapter 11 cases.   The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors in these chapter 11 cases.

41.     Among other things, RL&F makes sure that all overtime meals, travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement.[38]   Specifically, RL&F regularly reviews its bills to ensure that the Debtors are

---

[38] Among other things, the Fee Committee Guidelines prepared by Godfrey & Kahn, S.C., counsel to the Fee Committee, sets forth certain meal expense reimbursement guidelines.  Specifically, pursuant to the Expense Memo, the Fee Committee generally recommends that in-office meals be capped at $20 per person per meal, and should be reimbursable if (i) the professional attends a necessary lunch-hour business meeting or (ii) the professional works on the Debtors' chapter 11 cases past 8:00 p.m. and has worked more than four hours on the Debtors' chapter 11 cases during the billing day for which meal reimbursement is sought.  At the same time, the Fee Committee Guidelines note that the guidelines set forth therein are "not hard and fast rules," but rather principles that the Fee Committee generally will follow.  See Fee Committee Guidelines at 3.  The Fee Committee Guidelines further note that the "general statements [set forth in the Fee Committee Guidelines] reflect the Fee Committee's starting point for expense review, not its conclusions." See Fee Committee Guidelines at 5.  Consequently, RL&F submits that it should be permitted to be reimbursed for business meals in accordance with the following well-established guidelines adhered to regularly in other significant chapter 11 cases in the District of Delaware: $25 per person for breakfast, $35 per person for lunch, $55 per person for dinner, and not the $20 per person per meal cap set forth in the Fee Committee Guidelines. See, e.g., In re Old FENM Inc., Case No. 13-12569 (Bankr. D. Del.) (fee examiner applying $25 per person for breakfast, $35 per person for lunch, and $55 per person for dinner meal caps); In re FBI Wind Down, Inc., Case No. 13-12329 (Bankr. D. Del.) (same); In re School Specialty, Inc., Case No. 13-10125 (Bankr. D. Del.) (same); In re Vertis Holdings, Inc., Case No. 12-12821 (Bankr. D. Del.) (same); In re Southern Air Holdings, Inc.,

only billed for services that were actual and necessary and, where appropriate, prorates expenses. In accordance with the Retention Order, RL&F does not seek reimbursement of expenses for office supplies pursuant to this Application.

### RL&F's Requested Compensation and Reimbursement Should Be Allowed

42.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.    Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).    Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)    the time spent on such services;

---

Case No. 12-12690 (Bankr. D. Del.) (same); In re WP Steel Venture LLC, Case No. 12-11661 (Bankr. D. Del.) (same); In re Allied Systems Holdings, Inc., Case No. 12-11564 (Bankr. D. Del.) (same); In re AES Eastern Energy, L.P., Case No. 11-14138 (Bankr. D. Del.) (same); In re Raser Technologies, Inc., Case No. 11-11315 (Bankr. D. Del.) (same); In re Indianapolis Downs, Inc., Case No. 11-11046 (Bankr. D. Del.) (same); In re TW Liquidation Corp., Case No. 10-14092 (Bankr. D. Del.) (same); In re OTC Holdings Corp., Case No. 10-12636 (Bankr. D. Del.) (same); In re Specialty Products Holding Corp., Case No. 10-11780 (Bankr. D. Del.) (same). See also In re Armstrong World Industries, Inc., 366 B.R. 278, 284, n. 7 (D. Del. 2007) (emphasis added) (adopting certain meal caps substantially higher than those set forth in the Fee Committee Guidelines in connection with meal charges incurred nearly a decade ago and noting that such caps "… are not arbitrary, but instead are guidelines that the fee auditor developed in light of his experience and through *extensive surveys to determine reasonable costs of meals* …"). If materially higher meal caps were accepted by the District Court in the Armstrong World Industries case several years ago, RL&F respectfully submits that imposing significantly lower caps in many cases following nearly a decade of inflation makes little sense and would be inequitable. To the extent that RL&F exceeded the $25 per person for breakfast, $35 per person for lunch, and $55 per person for dinner meal caps roundly adhered to in the District of Delaware, RL&F has taken voluntary reductions to those generally accepted caps during the Fee Period. Separately, RL&F reserves all of its rights to argue that certain business meals do not constitute "in-office" meals and/or that the "8:00 p.m." and "four hour" billing requirements should not apply to its timekeepers.

48

(b)    the rates charged for such services;

(c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(e)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

43.    RL&F respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates. RL&F further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' stakeholders. RL&F further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties-in-interest.

44.    During the Fee Period, RL&F's hourly billing rates for attorneys ranged from $260.00 to $825.00. The hourly rates and corresponding rate structure utilized by RL&F in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by RL&F for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. RL&F strives to be, and believes it has been, efficient and effective in the staffing of matters. These rates and the rate structure reflect that such matters are

49

typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

45.     Moreover, RL&F's hourly rates are set at a level designed to compensate RL&F fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.   Hourly rates vary with the experience and seniority of the individuals assigned.  Pursuant to the terms of the Engagement Letter as approved by the Court through the Retention Order, and generally on client matters, these hourly rates are subject to periodic review and revision to reflect economic and other conditions and are consistent with the rates charged elsewhere.

46.     In sum, RL&F respectfully submits that the professional services provided by RL&F on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by RL&F, the nature and extent of RL&F's services provided, the value of RL&F's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.   Accordingly, RL&F respectfully submits that approval of the compensation sought herein is warranted and should be approved.

### **Reservation of Rights and Notice**

47.     It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  RL&F reserves the right to include such amounts in future fee applications.  In addition, the Debtors shall provide notice of this Fee Application on the date hereof to: (a) the U.S. Trustee, (b) counsel to the agent of the EFIH First Lien DIP Facility, (c) counsel to the agent of the TCEH DIP Facility, (d) counsel to the TCEH Creditors' Committee, (e) the EFH Creditors' Committee, (f) the Fee Committee, and (g) all

parties that have entered their appearance pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

48.     Pursuant to the Interim Compensation Order and the Fee Committee Order, (a) any Notice Party (other than the Fee Committee) that wishes to object to the Fee Application must file its objection with the Court, with a copy to Chambers, and serve it on RL&F and the Notice Parties so that it is **actually received** on or before **May 9, 2016 at 4:00 p.m. (Eastern Daylight Time).**

### No Prior Request

49.     No prior application for the relief requested herein has been made to this or any other Court.

*[Remainder of page intentionally left blank.]*

51

WHEREFORE, RL&F respectfully requests that the Court enter an order (a) awarding RL&F interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $860,280.50, and reimbursement of actual, reasonable, and necessary expenses incurred in the Fee Period in the amount of 89,491.95; (b) authorizing and directing the Debtors to remit payment to RL&F for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated: April 15, 2016
      Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
        defranceschi@rlf.com
        madron@rlf.com

*Co-Counsel to the Debtors and Debtors in Possession*

52