In Re: Energy Future Holdings Corp
Chapter 11
Claim# 4391
April 7, 2016
Re: Catherine McAloon vs. Energy Future Holdings Corp.



FILED
2016 APR 18  AM 9: 43
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

To Whom It May Concern

I received a notification in the mail on April 5th stating that my claim against Energy Future Holdings was without merit. EFH states that they were not informed of any issues prior to my being put on a PIP. That statement is incorrect. Mr. Tom Wang and Ms. Akilah Curtis were both verbally informed on several occasions that I had a gravely ill family member, an issue with a co-worker who was bullying me, and that due to all of the stress, my health was starting to decline. I was worried that with my declining health, my job performance was being impacted.

I verbally informed Ms. Curtis at the beginning of November, that because of my increasing health issues, the doctors were running tests to determine the cause of my daily bodily discomfort. Shortly after in November, I was called into an office and was informed by Ms. Curtis that she was putting me on a PIP. I was both shocked and devastated. I reminded her of all my family and health issues as well as the problems with the worker who was bullying me, Ms. Tisha Harvey. After the meeting I composed myself and immediately contacted David Hand who is on the HR Advocacy Team to inform them of what happened that day. David directed me to contact William Herbert who is the Employee Relations Manager. I told him everything that had been going on up to that day. I advised him on how I spoke to someone in HR regarding the verbal bullying I was receiving from Ms. Harvey, and how Mr. Wang and Ms. Curtis dismissed the allegations. I was informed by Mr. Herbert that he would investigate. I contacted him again on more than one occasion to check on the investigation, but had no response.

Because I was worried about the outcome of the PIP, that Ms. Curtis was just going through the motions and had no intention of being fair to me, I recorded every meeting that we had. I wanted to ensure that if anything happened, I would have verbal documentation. Indeed, during each meeting it seemed that it went well; however when she wrote up her evaluations of the meetings, her remarks were scathing, confirming my suspicion that she already had planned the outcome of the PIP and was just going through the motions.

There were numerous occasions both in the meetings and outside them that I verbally informed Ms. Curtis of my health and bullying issues that were occurring that she either dismissed or did not follow through to investigate. On the tapes I informed her of the outcome of the tests, requiring that I have gallbladder surgery. I informed her that I need preop tests. I informed her of the date of the surgery.

Indeed, exactly one week to the day prior to my scheduled surgery on March 6th I was pulled into an office by Ms. Curtis on February 26th, 2014 where another person Ms. Esther Coleman was seated. Ms. Curtis proceeded to read off of a piece of paper stating that I did not complete the PIP as required that I was being terminated. Ms. Coleman than informed me that my health insurance was being immediately

cancelled that day. I reminded them that I was scheduled for surgery on March 6th to which Ms. Curtis walked out of the room and Ms. Coleman coldly informed me that I would need to reschedule until I could find insurance that it was no longer EFH's issue. Because I had no idea that I was going to be terminated on that day, nor was I prepared for the meeting, I was not able to record the events. As a result I do not have any documentation to prove what was said in the office.

I am begging the courts to not dismiss my claim against EFH.

Sincerely

*Catherine McAloon*
Catherine McAloon

In Re: Energy Future Holdings Corp
Chapter 11
Case No: 14-10979 (CSS)

September 22, 2014

Re: Catherine McAloon vs. Energy Future Holdings Corp.

To Whom It May Concern

    Please consider my claim against Energy Future Holdings Corp and award me the requested $130,000.00 in damages. For a year and a half, I endured co-worker bullying that went unheeded after many complaints to my manager. As a result of this issue and personal family issues of which my manager was aware, my health and job performance began to decline.

    After my termination, I contacted a lawyer as I feel very strongly that I was discriminated against because of my health issues. My lawyer, Rob Wiley c/o Jessica Cohen, agreed that I had a small case until Energy Future Holdings Corp filed bankruptcy. Recently, Jessica left the firm of Rob Wiley and another lawyer was assigned to my case. The new attorney ended up dropping my case as he felt that because of the EFH bankruptcy, I would not be receiving the monetary damages to which I feel entitled. Thus, I am appealing directly to you.

    The major part of my claim is that during the decline in my health and job performance, it was determined that I would require gallbladder surgery. My case was severe enough that the doctor wanted to operate as soon as I cleared it with my manager and HR department. My manager was notified on January 29, 2014 that I would require surgery. On February 11, 2014, I advised my manager that my surgery was scheduled for March 6, 2014 barring any further medical complications that would require my surgery to be moved forward. On February 26, 2014 one week before my surgery I was terminated. On March 4, 2014, I confirmed with Blue Cross Blue Shield that my insurance was still in effect. On March 5, 2014, the day before my surgery, the surgeon's office contacted me that my insurance had been cancelled.

On both of my February paycheck stubs, it shows that I had been charged my insurance premium. Blue Cross Blue Shield confirmed that I should have been covered for 30 days which would have covered the period in which my surgery was completed. I did not receive any exit documentation; I was not allowed to get my personal effects from my desk on the day I was terminated. There are many personal items that I did not receive after I submitted a list of my personal items received and items that are still missing to this day.

I feel that there was blatant disregard to my health, the lack of controlling a bully and that my termination was grossly mishandled. I implore you to issue me the full $130,000.00 which covers two years' salary of $50,334.00 and $29,332.00 in medical expenses.

Sincerely

*Catherine McAloon*

Catherine McAloon

# PROOF OF CLAIM

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**
Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

**COURT USE ONLY**

Filed: USBC - District of Delaware
Energy Future Holdings Corp., et al., Et Al.
14-10979 (CSS)    0000004780

| | |
|---|---|
| Name of Debtor: Energy Future Holdings Corp | Case Number: 14-10979 |

Name and address where notices should be sent:

EFH (CREDITOR.DBF.CREDNUM)CREDNUM # 1000042191******
BAR(23) MAILID *** 000089920772 ***
CATHERINE MCALOON
801 LEGACY DR. APT 1414
PLANO, TX 75023

Telephone number: 847-809-5633    Email: Catherine.McAloon@Yahoo.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**FILED RECEIVED**
**SEP 30 2014**
EPIQ BANKRUPTCY SOLUTIONS, LLC

Name and address where payment should be sent (if different from above):

Telephone number: _____    Email: _____

**COURT USE ONLY**

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries or commissions (up to $12,475), earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,775 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**
$ 12,475.00

1. **Amount of Claim as of Date Case Filed:** $ 130,000.00
   If all or part of the claim is secured, complete item 4.
   If all or part of the claim is entitled to priority, complete item 5.
   If all or part of the claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.
   ☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest charges.

2. **Basis for Claim:** Employment Discrimination Claim
   (See instruction #2)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. **Debtor may have scheduled account as:** Customer No. 18112818
   (See instruction #3a)

4. **Secured Claim** (See instruction #4)
   Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
   **Nature of property or right of setoff:**
   ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $ _____
   Annual Interest Rate ___% ☐ Fixed or ☐ Variable
   (when case was filed)

   Amount of arrearage and other charges, as of time case was filed, included in secured claim, if any:
   $ _____
   Basis for perfection: _____
   Amount of Secured Claim: $ _____
   Amount Unsecured: $ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____ (See instruction #6)
7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8 and definition of "redacted".)
   **DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
   If the documents are not available, please explain:

9. **Signature:** (See instruction #9)    Check the appropriate box:
   ☑ I am the creditor.    ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their    ☐ I am a guarantor, surety, indorser, or other codebtor.
   (Attached a copy of power of attorney, if any.)    authorized agent. (See Bankruptcy Rule 3004.)    (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Catherine McAloon
Title: _____
Company: _____
(Signature) C McAloon
(Date) 9/1/14

Address, telephone number, and email (if different from notice address above):
_____
Telephone number: _____
Email: _____

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**
Fill in the debtor's full name, and the case number. The full list of debtors is provided under the general information section on the Claims Agent's website:

http://www.efhcaseinfo.com

If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice. If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5, and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.)

If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

_____ **DEFINITIONS** _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**If by First Class Mail:**
Energy Future Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

**If by Hand Delivery or Overnight Mail:**
Energy Future Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

_____ **INFORMATION** _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's website (http://www.efhcaseinfo.com) to view your filed proof of claim under "Claims."

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form. | ☒ FEPA ☒ EEOC | 450-2014-02156 |

Texas Workforce Commission – Civil Rights Division _____ and EEOC
(State or Local Agency, If Any)

| NAME (Indicate Mr., Ms., or Mrs.) Ms. Catherine McAloon | HOME TELEPHONE NUMBER (Include Area Code) (847) 809-5633 | |
|---|---|---|
| STREET ADDRESS 801 Legacy Dr., Apt. 1414 | CITY, STATE AND ZIP CODE Plano, Texas 75023 | DATE OF BIRTH 03-01-67 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below)

| NAME Energy Future Holdings | NO. OF EMPLOYEES/MEMBERS 500+ | TELEPHONE NUMBER (Include Area Code) (214) 812-4600 | |
|---|---|---|---|
| STREET ADDRESS 1601 Bryan St. | CITY, STATE AND ZIP CODE Dallas, Texas 75201 | | COUNTY Dallas |
| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area Code) | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☒ OTHER (Specify) Texas Labor Code,

DATE DISCRIMINATION TOOK PLACE
EARLIEST 2013   LATEST 2/26/14
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s))

1. Ms. McAloon first began working for Energy Future Holdings as a contractor in December 2011.
2. Because of Ms. McAloon's strong performance and dedication to Energy Future Holdings, she was taken on as a fulltime employee in March 2012.
3. Ms. McAloon served as a Financial Analyst, under Tom Wang, Senior IT Financial Manager.
4. For the duration of her employment, Ms. McAloon always gave her best efforts to Energy Future Holdings.
5. Indeed, prior to the events at issue in this matter, Ms. McAloon had received only one disciplinary action for an unrelated issue.
6. Further, Ms. McAloon's evaluations were always strong.
7. Unfortunately, Ms. McAloon's health began to deteriorate in March 2013.
8. Specifically, Ms. McAloon was having severe pain in her abdominal area.
9. Ultimately, the doctors determined she needed to have her gall bladder removed.
10. This condition affected one of more major life activities.
11. Ms. McAloon notified the company of her problems with her health in mid to late 2013.
12. Specifically, Ms. McAloon told Akilah Curtis, Manager and Ms. McAloon's direct supervisor, that she had been having problems and was having tests done.
13. Further, these problems were visible to other employees and co-workers.
14. Indeed, Ms. McAloon at times needed to take time off.
15. However, Energy Future Holdings was not accommodating, requiring Ms. McAloon to still complete work while she was at home.
16. After Ms. McAloon started experiencing health difficulties, everything changed.
17. Ms. McAloon was suddenly and unexpectedly given a performance improvement plan in November 2013, despite the fact that she had no relevant prior verbal or written disciplinary history.
18. Indeed, the PIP mentioned aspects of Ms. McAloon's job that Ms. Curtis had never previously discussed with Ms. McAloon.
19. It appears that only once Ms. McAloon began experiencing health difficulties, did Energy Future Holdings began to find flaws in her performance.
20. Ms. McAloon gave her best efforts towards satisfying the demands made in the PIP.

21. Despite Ms. McAloon's attempts, she was met only with more criticism and hostility.
22. Indeed, as the end of the year approached, Ms. McAloon's health worsened.
23. Similarly, beginning in January 2014, Ms. Curtis' reviews of Ms. McAloon became increasingly hostile.
24. On January 23, 2014, Ms. McAloon had an ultrasound on her abdominal area.
25. On January 27, 2014 she learned she would need surgery.
26. The following day, January 28, 2014, Ms. McAloon informed Ms. Curtis that she would require surgery and would meet with the surgeon on February 11, 2014.
27. The very next day, Ms. Curtis documented some of her harshest feedback on Ms. McAloon's progress on the PIP.
28. Ms. McAloon met with the surgeon on February 11, 2014.
29. That same day, Ms. McAloon provided to Ms. Curtis a note from her surgeon that she would need to take medical leave for surgery from March 6th through approximately March 14, 2014.
30. Three days later, February 14, 2014, Ms. Curtis issued the Final Assessment of the PIP, which ultimately resulted in her termination.
31. Indeed, Ms. McAloon was terminated on February 26, 2014 by Ms. Curtis and Esther Coleman, Human Resources.
32. The stated reason for the termination was failure to meet the PIP requirements.
33. At no time did Energy Future Holdings engage in an interactive discussion with Ms. McAloon to identify accommodations for her disability and poor health.
34. Furthermore, Energy Future Holdings never allowed Ms. McAloon to take intermittent medical leave and fired her before she was able to take the FMLA leave that she had requested.
35. Further, Ms. Coleman stated that Ms. McAloon's health insurance would be terminated that day.
36. Ms. McAloon's premium was taken out of her paycheck, and she had paid for her insurance through the end of March 2014, which would have included the gallbladder surgery.
37. Indeed, Ms. McAloon confirmed with Blue Cross Blue Shield that she had paid through the end of March.
38. Future Energy Holdings ultimately canceled Ms. McAloon's insurance the day before the surgery, March 5, 2014.
39. Such a malicious act by Future Energy Holdings is inexcusable.
40. This sort of spiteful behavior demonstrates malice and a reckless disregard towards Ms. McAloon's statutorily protected rights.
41. Ms. McAloon was forced to pay for the surgery out of pocket.
42. **Energy Future Holding's actions are arbitrary and capricious and can be used to draw an inference of discrimination.**
43. **Energy Future Holdings has violated the Americans With Disabilities Act, as amended, and the Texas Labor Code by discriminating against Ms. McAloon because of her disability and need for protected medical leave.**



JESSICA A. MARTINEZ
Notary Public, State of Texas
My Commission Expires
January 29, 2018

| I want this charge filed with the EEOC and the Texas Commission on Human Rights. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – (When necessary to meet State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| *Catherine McAloon* | *Catherine McAloon* |
| Date 4/22/14    Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE: (Month, day and year) 4/22/14 |

EEOC FORM 5 (Rev. 07/99)