**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et. al.,*[1] | Case No. 14-10979 (CSS) |
| | (Jointly Administered) |
| Debtors. | Re: Docket No. 8150 |

**LIMITED OBJECTION OF SHIRLEY FENICLE, INDIVIDUALLY, AND AS
SUCCESSOR-IN-INTEREST TO THE ESTATE OF GEORGE FENICLE, AND DAVID
WILLIAM FAHY TO MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*,
FOR ENTRY OF AN ORDER (A) SETTING A SUPPLEMENTAL BAR DATE FOR
NINETY SUBSEQUENTLY IDENTIFIED PARTIES, (B) APPROVING NOTICE
THEREOF, AND (C) ESTABLISHING RELATED PROCEDURES**

Shirley Fenicle, individually and as successor-in-interest to the Estate of George Fenicle,

and David William Fahy, by and through their undersigned counsel, submit this Limited

Objection ("**Limited Objection**") to the Motion of Energy Future Holdings Corp., *et al.*, for

Entry of an Order (A) Setting a Supplemental Bar Date for Ninety Subsequently Identified

Parties, (B) Approving Notice Thereof, and (C) Establishing Related Procedures, Apr. 6, 2016

(D.I. 8150), (the "**Motion**").  In support of this Limited Objection, Ms. Fenicle and Mr. Fahy

respectfully state as follows:

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are
8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.
Due to the large number of debtors in these chapter 11 cases, which are being jointly
administered on an interim basis, a complete list of the debtors and the last four digits of their
federal tax identification numbers is not provided herein.  A complete list of such information
may be obtained on the website of the debtors' proposed claims and noticing agent at
http://www.efhcaseinfo.com.

## BACKGROUND

Ms. Fenicle and Mr. Fahy are claimants in these bankruptcies.  Ms. Fenicle is the successor-in-interest to the estate of George Fenicle, a mesothelioma victim, and also was exposed to Debtors' asbestos brought home by her husband on his clothing.  Mr. Fahy is a mesothelioma claimant.  Ms. Fenicle and Mr. Fahy are members of the "E-Side" creditors' committee, which was formed October 27, 2014.[2]

On August 18, 2014, the Bankruptcy Court entered an order setting October 27, 2014 as the general bar date for filing proofs of claim against the Debtors.  *See* Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Request for Payment, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Request for Payment and, (C) Approving the Notice, Aug. 18, 2014 (D.I. 1866).[3]  On July 15, 2015, the Bankruptcy Court set a bar date for asbestos-related claims for December 14, 2015.  *See* Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof, July 15, 2015 (D.I. 4997) (the "**Bar Date Order**").  Under the Plan, claims for which proofs of claim are not timely filed, including claims "derived from or based upon liabilities based on asbestos", are discharged.  *See* Sixth Amended Plan of Reorganization of Energy Future Holdings Corp., *et al.* Pursuant to Chapter 11 of the Bankruptcy Code at 20, ¶¶ 221-222, Dec. 1, 2015 (D.I. 7187) (the "**Plan**") at 90, Art. VII(F).

Ms. Fenicle and Mr. Fahy objected to confirmation of the Plan on the grounds, *inter alia*, that discharging the claims of persons who had been exposed to the Debtors' asbestos but whose

---

[2]    The E-Side Committee is composed of creditors of Energy Future Holdings Corp.; Energy Future Intermediate Holding Company, LLC; EFIH Finance, Inc.; and EECI.  *See In re Energy Future Holdings Corp.* ("***In re EFH Corp.***"), 522 B.R. 520, 524 n. 7 (Bankr. D. Del. 2015).

[3]    It appears that the October 15, 2014 Bar Date was applicable to the claims of the 90 co-defendants for whom the Debtor now seeks a supplemental bar date.

asbestos-related illnesses would not be diagnosed until after confirmation ("**Unmanifested Claims**") for which proofs of claim were not filed would violate the due process rights of the holders of such claims ("**Unmanifested Claimants**").  *See* Trial Brief and Omnibus Objection of Fenicle and Fahy to (I) Motion of Energy Future Holdings Corp., *et al.*, to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement and (II) Confirmation of the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.* at 20-26, Oct. 23, 2015 (D.I. 6610).  On December 7, 2015, the Court entered an order confirming the Plan, and discharging claims, including Unmanifested Claims, for which proofs of claim were not filed.  Order Confirming Sixth Amended Plan of Reorganization of Energy Future Holdings Corp., *et al.* Pursuant to Chapter 11 of the Bankruptcy Code, Dec. 7, 2015 (D.I. 7244).  That order was amended on December 9, 2015.  *See* AMENDED Order Confirming Sixth Amended Plan of Reorganization of Energy Future Holdings Corp., *et al.* Pursuant to Chapter 11 of the Bankruptcy Code, Dec. 9, 2015 (D.I. 7285) (as amended, the "**Confirmation Order**").  In the Confirmation Order, the Court rejected Ms. Fenicle and Mr. Fahy's objections "on the merits."  *Id.* ¶ 80.  Ms. Fenicle and Mr. Fahy's appeal from the Confirmation Order is pending in the District Court.

## ARGUMENT

In their Motion, the Debtors ask this Court for an order establishing a new bar date by which 90 unidentified parties must file proofs of claim.  *See* Motion ¶ 4.  The Debtors do not identify those 90 parties in their Motion, but counsel for the Debtors have informally advised counsel for Ms. Fenicle and Mr. Fahy that each of the 90 parties is a co-defendant of one or more of the Debtors in an asbestos-related litigation matter that was either included on the Debtors' schedules and statements or, in one case, inadvertently omitted from those schedules and

statements.  *See* Correspondence between Daniel Hogan and Brent Rogers, attached hereto as **Ex. A**.

Thus, while insisting that the Unmanifested Claims of persons who were injured by the Debtors' products must be discharged, the Debtors would extend the bar date for 90 co-defendant tortfeasors who, with the Debtors, contributed to causing asbestos-related injuries.  In addition, the Debtors ask that they be granted authority, without further leave of the Court, to set a supplemental bar date for any additional parties for whom the Debtors conclude extending the bar date is "appropriate."  Motion ¶ 14.  That is, the Debtors would be able to choose which claims are discharged by the Plan.

The only justification provided by the Debtors for extending the bar date for their 90 co-defendants is that they "may not have received" notice of the bar date for filing their claims. Motion ¶ 8.[4]  The Debtors have provided no evidence that their co-defendants did not receive notice of the bar date.  Nor have the co-defendants themselves sought to file late claims.

Moreover, the Debtors have not explained why the bar date should be extended for these 90 co-defendants, but not for Unmanifested Claimants who did not receive constitutionally-sufficient notice of the bar date.  As this Court itself has recognized, Unmanifested Claimants "do not know, even with appropriate due diligence, that they will become ill, due to the potential for a long latency period between asbestos exposure and illness."  *In re EFH Corp,* 522 B.R. at 523.  Indeed, notice to such an "unselfconscious and amorphous" group of claimants is not possible, as they cannot be identified, and do not even know that they will suffer injuries in the

---

[4]    Presumably, each of the 90 co-defendants was provided notice of the pendency of the bankruptcies and Section 362 stays through filings in the state court actions in which they were co-defendants.  *See, e.g.*, Amended Notice of Suggestion on Pendency of Bankruptcy for Energy Future Holdings Corp., *et al.* and Automatic Stay of Proceedings, *Edwards v. ABB, Inc.*, No. 60-CV-14-424 (Ark. Cir. Ct. Oct. 14, 2014) (attached hereto as **Ex. B**).

future. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 628 (1997).  In *Covey v. Town of Somers*, the Supreme Court made clear that, where the person to whom the notice is addressed is incompetent and cannot be informed by the notice—that is, where notice is not possible—no form of purported notice alone can satisfy due process.   351 U.S. 141 (1956). Like the incompetent person in *Covey*, the Unmanifested Claimants in these cases cannot be given notice: they cannot identify themselves, and they cannot know that their interests will be affected.  "An exposed asbestos creditor who has not yet manifested an injury . . . is one who is impossible to identify, such that providing actual notice is, itself, impossible." *In re Flintkote Co.*, 486 B.R. 99, 128 (Bankr. D. Del. 2012); *see also Zerand-Bernal Grp., Inc.*, 23 F.3d 159, 163 (7th Cir. 1994) (notice to future claimants "might well be infeasible"); *In re Eagle-Picher Indus. Inc.*, 137 B.R. 679, 680 (Bankr. S.D. Ohio 1992) (noting that "[f]uture claimants, of course, would not be affected by a bar date, for they are as a class inherently unknown and unknowable.").

The Debtors have also failed to explain what effect the assertion of claims by the 90 co-defendants, against one or more of the Debtors, will have on the claims that have been asserted in these bankruptcy cases by the asbestos victims who are the plaintiffs in the underlying state court cases.  The Debtors have also failed to explain how the assertion of claims by the 90 co-defendants will impact the intercompany claims that the Asbestos Debtors,[5] including EECI, Inc., may have against EFH Corp.  The Asbestos Debtors are solvent, yet moribund, entities which hold nearly 1 billion dollars ($1,000,000,000.00) in intercompany claims.[6]

---

[5]    The **Asbestos Debtors**" are EECI, Inc., EEC Holdings , LSGT Gas Co. LLC, and LSGT SACROC, Inc.  EECI was formerly known as EBASCO, "which was at various times affiliated with Boise Cascade, Halliburton and Raytheon Corporation (all of which have had asbestos-related personal injury liability)." *In re EFH Corp.*, 522 B.R. at 524.

[6]    In his deposition, Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., *et al.*, stated that the subsidiary *(footnote continued)*

The Debtors do not propose extending the bar date for holders of Unmanifested Claims who have not been provided constitutionally adequate notice. To the contrary, the Debtors have insisted that any Unmanifested Claim for which a proof of claim was not filed should be discharged, and that if the holder of such a claim wishes to pursue that claim against the Debtors, he or she must apply to this Court for a retrospective determination of whether the discharge of his or her Unmanifested Claim violates due process. *See* Debtors' Supplemental Brief in Support of Bar Date with Respect to Asbestos Claims ¶ 21, Sept. 9, 2014 (D.I. 1984). There is no legitimate reason for affording preferential treatment to the Debtors' co-defendants by extending the bar date for their claims, while denying such treatment to the Debtors' asbestos victims. Such a result would be manifestly unfair and should not be permitted by this Court.

## **CONCLUSION**

Ms. Fenicle and Mr. Fahy respectfully submit that the Motion should be denied. In the alternative, if the Court is inclined to grant the Debtors' Motion to extend the Bar Date for the Debtors' co-defendants, Ms. Fenicle and Mr. Fahy respectfully submit that the Court should also order that the Bar Date for Unmanifested Claims be extended, and that the holders of such claims

---

*(Footnote continued from previous page.)*
companies are not insolvent and estimated the total liabilities of the subsidiary companies (EECI, Inc., which is a wholly-owned subsidiary of EEC Holdings, which in turn is wholly-owned by LSGT Gas Co., LLC) to be about 14 million dollars, with estimated post-employment benefits and asbestos liabilities totaling around 50 million dollars. Paul Keglevic Dep. Tr., 316:12-19, 317:2-25, 327:21-25, Oct. 1, 2015.

may file proofs of claim after the asbestos-related illnesses underlying those claims are diagnosed, within the time period set by the relevant statute of limitations.

Dated:   April 20, 2016                    Respectfully submitted:
         Wilmington, Delaware

                                   By:   */s/ Daniel K. Hogan*
                                         Daniel K. Hogan (DE Bar # 2814)
                                         **HOGAN♦McDANIEL**
                                         1311 Delaware Avenue
                                         Wilmington, Delaware  19806
                                         Telephone: (302) 656-7540
                                         Facsimile: (302) 656-7599
                                         dkhogan@dkhogan.com

                                         *Counsel for Shirley Fenicle, individually and as*
                                         *successor-in-interest to the Estate of George*
                                         *Fenicle, and David William Fahy*

                                         -and-

                                         Steven Kazan (CA Bar # 46855)
                                         Kazan McClain Satterley & Greenwood
                                         A Professional Law Corporation
                                         Jack London Market
                                         55 Harrison Street, Suite 400
                                         Oakland, CA 94607
                                         Telephone: (510) 302-1000
                                         Facsimile: (510) 835-4913

                                         *Counsel for Shirley Fenicle, individually and as*
                                         *successor-in-interest to the Estate of George*
                                         *Fenicle*

                                         -and-

                                         Ethan Early (CT Juris # 417930)
                                         Early Lucarelli Sweeney & Strauss
                                         265 Church Street, 11th Floor
                                         New Haven, CT 06508-1866
                                         Telephone: (203) 777-7799
                                         Facsimile: (203) 785-1671

                                         *Counsel for David William Fahy*