**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| Debtors. | ) | (Jointly Administered) |

**SECOND SUPPLEMENTAL DECLARATION OF TIMOTHY P. MATTHEWS OF MORGAN, LEWIS & BOCKIUS LLP PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, Timothy P. Matthews, declare under penalty of perjury:

1. I am a Partner of Morgan, Lewis & Bockius LLP, which has an office located at 1111 Pennsylvania Avenue, NW, Washington DC 20004 (the "Firm" or "Morgan Lewis").

2. I hereby submit this Declaration (the "Second Supplemental Declaration") to supplement the *Declaration of Disinterestedness of Morgan, Lewis & Bockius LLP Pursuant to the Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business*, filed with this Court in the above-captioned cases on June 27, 2014 [Dkt. No. 1213] (the "Ordinary Course Declaration"), as supplemented by the *Supplement to Declaration of Disinterestedness of Morgan, Lewis & Bockius LLP Pursuant to the Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business*, filed with this Court on December 5, 2014 [Dkt. No. 2597] (the

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

"Supplemental Declaration"). Unless otherwise stated in this Second Supplemental Declaration, I have personal knowledge of the facts set forth herein.

3. Morgan Lewis wishes to supplement the disclosures set forth in the Ordinary Course Declaration and the Supplemental Declaration as set forth below.

4. The Firm has been asked to advise Apollo Global Management, LLP ("Apollo"), acting on behalf of several holders of Allowed TCEH First Lien Secured Claims (as defined in the Plan),[2] regarding one or more possible filings under the Hart-Scott-Rodino Act ("HSR") in connection with the effectiveness of the Plan.[3] Morgan Lewis has a longstanding relationship with Apollo as its antitrust counsel.

5. The Debtors and Apollo are each aware of Morgan Lewis's prior and continuing representation of the other. The Firm believes, and I believe, that the Apollo representation does not represent or hold any interest adverse to the Debtors or to their estates with respect to the matters on which the Firm has been employed by the Debtors. Indeed, to the extent that an HSR filing will aid the effectiveness of the Plan, the parties are aligned with respect to these matters. Nevertheless, the Debtors have consented to Morgan Lewis's representation of Apollo and waived any potential conflict in connection therewith, and Apollo has consented to Morgan Lewis's representation of the Debtors and has waived any potential conflict in connection therewith.

6. As noted in the Ordinary Course Declaration and the Supplemental Declaration, as part of its customary practice, the Firm is retained in cases, proceedings, and transactions

---

[2] The Debtors' Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corporation *et al.* (the "Plan") was confirmed by this Court on December 3, 2015.

[3] The Debtors are paying the fees and expenses incurred by Morgan Lewis in connection with the Apollo engagement.

involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases. The Firm may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases.

7. The Firm does not perform services for any party in interest in connection with these chapter 11 cases, and does not have any relationship with any such person, their attorneys, or accountants, that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is proposed to be employed.

8. If, at any time during the period of its employment, the Firm should discover any facts bearing on the matters described herein, in the Ordinary Course Declaration or the Supplemental Declaration, the Firm will further supplement its disclosures to this Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: April 21, 2016

/s/Timothy P. Matthews
Timothy P. Matthews