# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Re: D.I. 8150, 8244** |

## DEBTORS' REPLY IN SUPPORT OF MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER (A) SETTING A SUPPLEMENTAL BAR DATE FOR NINETY SUBSEQUENTLY IDENTIFIED PARTIES, (B) APPROVING NOTICE THEREOF, AND (C) ESTABLISHING RELATED PROCEDURES

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this reply (this "Reply") to the *Limited Objection of Shirley Fenicle, Individually, and as Successor-in-Interest to the Estate of George Fenicle, and David William Fahy to Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Setting a Supplemental Bar Date for Ninety Subsequently Identified Parties, (B) Approving Notice Thereof, and (C) Establishing Related Procedures* [D.I. 8244] (the "Limited Objection" filed by "Fenicle and Fahy"). This Court should overrule the Limited Objection and grant the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Setting a Supplemental Bar Date for Ninety Subsequently Identified Parties, (B) Approving Notice Thereof, and (C) Establishing Related Procedures* [D.I. 8150] (the "Motion"). In response to the Limited Objection, the Debtors respectfully state as follows.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 14413601v.1

**Argument**

1. The Debtors seek in the Motion to establish a supplemental bar date (the "Supplemental Bar Date") for a limited set of potential claimants who the Debtors inadvertently omitted from the schedules and statements (the "Subsequently Identified Parties") and to establish procedures for setting supplemental bar dates for other subsequently identified parties who may be entitled to actual notice of a bar date.[2] While the Debtors believe they provided ample constructive notice to the co-defendants through their Court-approved, comprehensive noticing plan, the Debtors recognize that the Subsequently Identified Parties may argue that they are "known" creditors because of their status as co-defendants in litigation. Accordingly, the Debtors now seek to provide the Subsequently Identified Parties with actual notice of the Supplemental Bar Date to avoid any argument that constructive notice for this limited category of claimants was insufficient.

2. Fenicle and Fahy—asbestos claimants who *already filed proofs of claim*—argue that the Motion should be denied or, in the alternative, that the asbestos bar date should be extended for unmanifested claims. The Limited Objection should be overruled for two independent reasons.

3. First, neither Fenicle nor Fahy have standing to argue for an extension of the bar date for unmanifested claimants. Fenicle and Fahy already filed proofs of claim;[3] therefore, they cannot demonstrate any injury-in-fact by the Court setting a supplemental bar date for potential

---

[2] The Subsequently Identified Parties are ninety entities who are co-defendants with certain of the Debtors in six pre-petition litigation matters: (a) sixty-five of the Subsequently Identified Parties are co-defendants in five litigation matters included in the Debtors' schedules and statements and (b) the remaining twenty-five are co-defendants in one litigation matter inadvertently omitted from the schedules and statements. *See* Limited Objection, Ex. A.

[3] *See* Claim No. 16606 (David Fahy - manifested form); Claim Nos. 17201-17205 (Estate of George Fenicle - manifested forms); Claim No. 30875 (Shirley Fenicle - unmanifested form).

RLF1 14413601v.1

known creditors. *See In re Glob. Indus. Techs., Inc.*, 645 F.3d 201, 211 (3d Cir. 2011) (stating that "Article III standing and standing under the Bankruptcy Code are effectively coextensive," requiring at least "some specific, identifiable trifle of injury") (internal quotation marks omitted). And the Court already rejected one attempt to obtain standing on behalf of unmanifested claimants when it denied a motion, which Fenicle joined, to certify a class of unmanifested claimants.[4]

4. Second, even if Fenicle and Fahy have standing to request an extension of the asbestos bar date for unmanifested claimants who chose not to file a proof of claim, Fenicle and Fahy's complaints about due process for **unknown**, unmanifested claimants is irrelevant to the Debtors' efforts to set the Supplemental Bar Date for potential **known** claimants.

5. It is well settled that the Debtors must provide actual notice of a bar date to known creditors. *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995) ("Known creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date."); *see also In re Energy Future Holdings Corp.*, 522 B.R. 520, 529 (Bankr. D. Del. 2015) ("A debtor must provide actual notice to all 'known creditors' in order to discharge their claims."). "A known creditor is one whose identity is either known or reasonably ascertainable by the debtor." *In re W.R. Grace & Co.*, 316 Fed. App'x. 134, 137 (3d Cir. 2009) (internal quotation marks omitted).

6. Here, the Debtors arguably had actual knowledge of the Subsequently Identified Parties because each is a co-defendant with certain of the Debtors in six pre-petition litigation

---

[4] *See* D.I. 7383, *Order Denying the Amended Motion for Application of Fed. R. Bankr. P. 7023 to this Proceeding and to Certify a Class Pursuant to FRCP Rule 23*; D.I. 7291, *Joinder of Shirley Fenicle, as Successor-in-Interest to the Estate of George Fenicle, to the Amended Motion of Michael Cunningham, Joe Arabie and Michelle Ziegelbaum for Application of Fed. R. Bankr. P. 7023 to This Proceeding and to Certify a Class Pursuant to FRCP Rule 23*.

3

matters. *See* Limited Objection, Ex. A. Because the general bar date passed many months ago, the only meaningful way for the Debtors to provide actual notice of a bar date to the Subsequently Identified Parties and avoid any argument regarding the sufficiency of constructive notice was to request the Court's approval to set the Supplemental Bar Date.[5]

7.  In contrast, Fenicle and Fahy purport to represent the interests of unmanifested asbestos claimants who are by definition **unknown** creditors. *See In re Energy Future Holdings Corp.*, 522 B.R. at 529 (recognizing that "Unmanifested Claimants are 'unknown' creditors").

8.  The remainder of Fenicle and Fahy's Limited Objection rehashes the same due process arguments regarding the asbestos bar date for such unknown, unmanifested asbestos claimants. This Court has considered and rejected these exact same arguments *four times*. *See, e.g.*, 8/11/2015 Hr'g Tr. at 116:14-23 ("The fight about the bar date is over. It was over in January [2015]. No one appealed. . . . I'm also not going to hear a complaint about an agreed notice procedure that was put in place with the approval of the E-side Committee."); 12/3/2015 Hr'g Tr. at 57:16-22 ("Fenicle and Fahy's fourth and final objection to confirmation is that by barring the claims of unmanifested claim[ant]s that fail to file a timely proof of claim the bar date and the plan violate due process. Once again, the proper time and place to raise this objection was to appeal the Court's order setting the bar date. This objection is [an] inappropriate collateral attack on a final order."); 12/16/2015 Hr'g Tr. at 83:11-21 ("Certifying a class solely for purposes of filing a proof of claim . . . would be in effect a collateral attack on

---

[5] Fenicle and Fahy argue that the Debtors should have to demonstrate: (a) "evidence that their co-defendants did not receive notice of the bar date," (b) "what effect the assertion of claims by the 90 co-defendants . . . will have on the claims that have been asserted in these bankruptcy cases by the asbestos victims who are the plaintiffs in the underlying state court cases," and (c) "how the assertion of claims by the 90 co-defendants will impact the intercompany claims that the Asbestos Debtors, including EECI, Inc., may have against EFH Corp." These arguments, especially whether constructive notice is sufficient, are irrelevant if the Subsequently Identified Parties are **known** creditors.

what this Court has already done, which is set a bar date . . . and establish[] and approv[e] an elaborate noticing procedure that cost several million dollars designed to provide a notice as adequately as possible to as many possible claimants as possible. None of those matters have been appealed, and they are final orders."); *see also id.* at 86:12-13 ("The issue of whether that due process as applied is sufficient to individual claimants is fully preserved.").

9. The Court's earlier rulings are the law of the case. *See Am. Civil Liberties Union v. Mukasey*, 534 F.3d 181, 187 (3d Cir. 2008) ("Under the law-of-the-case doctrine, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (internal quotation marks omitted). Fenicle and Fahy have appealed certain of this Court's rulings to the United States District Court for the District of Delaware. That appeal is pending, but this Court's decisions remain the law of the case. *See In re Vaso Active Pharm., Inc.*, 500 B.R. 384, 399 (Bankr. D. Del. 2013), *aff'd*, 537 B.R. 182 (D. Del. 2015) (applying law-of-the-case and stating that "[a] mere appeal of that ruling to the District Court does not automatically render the Judgment 'clearly erroneous'").

10. Accordingly, the Court should overrule Fenicle and Fahy's Limited Objection and enter an order granting the relief requested in the Motion.

*[Remainder of page intentionally left blank.]*

Dated: April 22, 2016
       Wilmington, Delaware

/s/ *[signature]*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:   collins@rlf.com
       defranceschi@rlf.com
       madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   edward.sassower@kirkland.com
       stephen.hessler@kirkland.com
       brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   james.sprayregen@kirkland.com
       marc.kieselstein@kirkland.com
       chad.husnick@kirkland.com
       steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession

RLF1 14413601v.1