# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| | ) | Jointly Administered |
| Debtors. | ) | **Objection Deadline: 5/11/16 @ 4:00 p.m. (ET)** |
| | ) | **Hearing Date: 5/18/16 @ 2:00 p.m. (ET).** |

### APPLICATION TO AUTHORIZE EMPLOYMENT OF BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP AS DELAWARE COUNSEL TO THE ENERGY FUTURE HOLDINGS CORP. FEE COMMITTEE, *NUNC PRO TUNC* TO APRIL 7, 2016

The Fee Committee (as defined below), appointed by Order of this Court in the above-captioned jointly administered bankruptcy cases of Energy Future Holdings Corp. and certain of its affiliates ("EFH" or the "Debtors") on August 21, 2014, hereby submits this application (the "Application") for the entry of an order authorizing it to retain the law firm of Benesch, Friedlander, Coplan & Aronoff LLP ("Benesch") as Delaware co-counsel to the Fee Committee *nunc pro tunc* to April 7, 2016. In support of its Application, the Fee Committee respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these Chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

2. The statutory bases for the relief requested herein are sections 1103 and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 9010-2(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3. On April 29, 2014 (the "Petition Date"), the Debtors commenced these bankruptcy cases by filing their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. These cases are being jointly administered pursuant to interim and final orders of this Court.

5. The Debtors are continuing in possession of their property as a debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. Pursuant to the *Stipulation and Order Appointing a Fee Committee* (D.I. 1896) (the "Fee Committee Order"), the Court appointed a committee (the "Fee Committee") in these cases to carry out the duties set forth in the Fee Committee Order, and any other applicable orders, as they may be amended from time to time. These duties include, among other things, monitoring the fees and expenses incurred by professionals retained in these chapter 11 cases (the "Retained Professionals"). Pursuant to the joint recommendation of the parties, the Court appointed Richard Gitlin, individually, and as Chairman of Gitlin & Company, LLC, as the independent member and chairperson of the Fee Committee.

7. On September 16, 2014, this Court entered an Order (D.I. 2065) authorizing the Fee Committee to retain Godfrey & Kahn, S.C. ("Godfrey & Kahn"), as counsel to the Fee Committee.

8. On January 9, 2015, this Court entered an Order (D.I. 3216) authorizing the Fee Committee to retain Phillips, Goldman & Spence, P.A. ("PGS") as Delaware co-counsel to the Fee Committee.

9. PGS (now known as Phillips, Goldman, McLauglin & Hall, P.A.) is no longer able to continue as Delaware counsel to the Fee Committee. Upon entry of an order approving this Application, PGS and Benesch will execute and file a substitution of counsel document pursuant to Local Rule 9010-2(a).

10. On December 9, 2015, this Court entered the *Amended Order Confirming the Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. 7285).

11. The effective date of the Debtors' plan of reorganization has not yet occurred. Based upon information reasonably available to the Fee Committee, the Fee Committee anticipates that the effective date of the Debtors' plan will not occur until the third quarter of 2016 at the earliest. Consequently, the Fee Committee desires to continue to retain Delaware counsel in order to efficiently carry out its continuing duties under the Fee Committee Order.

**RELIEF REQUESTED**

12. By this Application, the Fee Committee requests that the Court approve the retention of Benesch as its Delaware counsel, *nunc pro tunc* to April 7, 2016, to assist the Fee Committee in fulfilling the duties detailed in all orders governing the Fee Committee and its responsibilities in these cases. The scope and costs of the engagement of Benesch are outlined in this Application.

**SERVICES TO BE RENDERED**

13. The Fee Committee believes Benesch is qualified to represent it in these cases in a cost-effective, efficient, and timely manner. Subject to the approval of this Court, Benesch will render the same professional services to the Fee Committee that PGS rendered to the Fee Committee, including the following:

   a. To read and to file all applications, motions, responses, objections, and other pleadings in these chapter 11 cases as may be necessary and as authorized by the Fee Committee;

   b. To appear on behalf of and represent the Fee Committee in the Debtors' bankruptcy cases at hearings, meetings, and proceedings, as appropriate;

   c. To appear on behalf of the Fee Committee with respect to any proceedings in which it may become a party;

   d. To perform all other necessary services which the Fee Committee may authorize as may be appropriate in connection with these cases;

14. Benesch intends to work closely with the Godfrey & Kahn, the Fee Committee's representatives, and the other professionals retained by the Fee Committee to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates.

15. Benesch is willing to act on behalf of the Fee Committee.

**QUALIFICATIONS OF PROFESSIONALS**

16. The Fee Committee selected Benesch as Delaware counsel because of the firm's extensive experience in and knowledge of all aspects of business reorganization and its knowledge of the practice before this Court. Benesch has experience representing official committees before this Court and other courts.

17. Additionally, the primary paralegal at Benesch that will work on this matter, Ms. Celeste Hartman, was formerly employed by PGS, where she worked extensively with Godfrey & Kahn and the Fee Committee in these cases. Ms. Hartman is familiar with the Fee Committee

and the history and fee procedures in place in these chapter 11 cases. Because the nature of the services to be performed by Benesch fall largely within the scope of Ms. Hartman's duties, subject to appropriate attorney oversight, Ms. Hartman's continued involvement at Benesch on behalf of the Fee Committee will allow for a smooth transition of Delaware counsel.

## DISINTERESTEDNESS OF PROFESSIONALS

18. To the best of the Fee Committee's knowledge, (i) neither Benesch nor the partners, "of counsel," or associates of Benesch have any connection with the Debtors, their creditors, or any other party in interest in the Debtors' bankruptcy cases, or their respective attorneys, except as set forth herein and in the Declaration of Jennifer R. Hoover, a partner of Benesch (the "Hoover Declaration"), attached hereto as **Exhibit A**, and (ii) Benesch is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code (as modified by section 1107(b)).

19. The Fee Committee is satisfied that Benesch represents no adverse interest to the Fee Committee that would preclude it from acting as counsel to the Fee Committee in matters upon which it is to be engaged, and that its employment will be in the best interest of the Debtors' estates.

## PROFESSIONAL COMPENSATION

20. Subject to this Court's approval, Benesch will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered and for its actual, reasonable, and necessary out-of-pocket disbursements incurred in connection therewith, as set forth in the Hoover Declaration. Attorneys and paraprofessionals of Benesch will bill their time on this matter in one-tenth hour increments.

The current standard hourly rates of the Benesch attorneys and paralegals that will be primarily responsible for this matter are as follows:[2]

| Billing Category | Rate | Year Admitted to Practice |
|---|---|---|
| Jennifer R. Hoover, Partner | $460 | 2001 |
| William M. Alleman, Jr., Associate | $325 | 2010 |
| Celeste A. Hartman, Paralegal | $270 | N/A |

21.     Benesch intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Orders of this Court.  Compensation will be payable to Benesch by the Debtors in compliance with the above rules, on an hourly basis, plus reimbursement of actual and necessary expenses incurred by Benesch in connection with its representation of the Fee Committee.

**NOTICE**

22.     Notice of this Application has been given to the United States Trustee for the District of Delaware, counsel to the Debtors, counsel for any appointed committees, and all persons requesting service pursuant to Rule 2002. The Fee Committee submits that no further notice need be given.

23.     No previous application for the relief sought herein has been made to this or any other Court.

---

[2]     Pursuant to its ordinary practice, Benesch generally revises its rates on October 1 of each year.  The rates provided below are Benesch's rates effective as of October 1, 2015.

6

WHEREFORE, the Fee Committee requests entry of an Order, substantially in the form of **Exhibit B** hereto, authorizing it to employ and retain Benesch as its Delaware counsel in these cases, *nunc pro tunc* to April 7, 2016, and granting the Fee Committee such other and further relief as may be just and proper.

Dated:  April 27, 2016　　　　　　　　　**GODFREY & KAHN, S.C.**

　　　　　　　　　　　　　　　　　　　By:  */s/ Katherine Stadler*
　　　　　　　　　　　　　　　　　　　Katherine Stadler, Esquire
　　　　　　　　　　　　　　　　　　　One East Main Street
　　　　　　　　　　　　　　　　　　　Madison, WI 53703
　　　　　　　　　　　　　　　　　　　(608) 257-3911 telephone
　　　　　　　　　　　　　　　　　　　(608) 257-0609 facsimile
　　　　　　　　　　　　　　　　　　　KStadler@gklaw.com

　　　　　　　　　　　　　　　　　　　*Counsel to the Energy Future Holdings Corp. Fee Committee*