**EXHIBIT B**

**Tax Matters Agreement Term Sheet**

*-- EFH Corp. --*
**Amended Tax Matters Agreement Term Sheet**

Energy Future Holdings Corp. ("**EFH Corp.**"), Energy Future Intermediate Holding Company LLC ("**EFIH**"), Energy Future Competitive Holdings Company LLC ("**EFCH**"), Texas Competitive Electric Holdings Company LLC ("**TCEH**"), and their affiliated debtors and debtors in possession (collectively with EFH Corp., EFIH, EFCH, and TCEH, the "**Debtors**") commenced cases under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on April 29, 2014. The Bankruptcy Court entered an order confirming the Debtors' sixth amended chapter 11 plan of reorganization (the "**Confirmed Plan**") on December 9, 2015 [D.I. 7285].

This term sheet (this "**Term Sheet**") describes (a) certain terms of a potential amended version of the Tax Matters Agreement (the "**TMA**") and (b) certain other conditions related to the TMA.[1] The proposed terms and conditions set forth in this Term Sheet are intended merely as an outline of certain material terms of amendments to the TMA and certain other conditions and are provided for discussion purposes only and do not constitute an offer, agreement, or binding commitment by or on behalf of any party. Any such obligation will be created only by definitive agreements, the provisions of which will supersede this Term Sheet. This Term Sheet is a draft, is intended for discussion purposes, is subject to Federal Rule of Evidence 408, and is subject to ongoing material review and revision, including tax and securities review. This Term Sheet is confidential and subject to all applicable confidentiality agreements.

This Term Sheet is prepared in connection with a proposal for an Alternative Restructuring, as defined in and permitted by the Amended and Restated Plan Support Agreement, among the Debtors and the parties thereto, dated September 11, 2015 (the "**PSA**"). The Debtors continue to pursue the effectiveness of the Confirmed Plan consistent with their obligations under the PSA. The Debtors do not intend to file the New Plan absent a Plan Support Termination Event (as defined in the PSA).

---

[1] Terms used by not defined in this Term Sheet have the meanings ascribed to them in the Confirmed Plan. For the avoidance of doubt, the Plan of Reorganization for the Alternative Restructuring will include a condition that the parties have entered into a TMA that is consistent with this Term Sheet.

| Term | Description |
|---|---|
| **Drafting Principles** | Other than the matters specifically addressed in this Term Sheet, the provisions of the TMA shall be substantially similar to the provisions of the Tax Matters Agreement that was attached as an exhibit to the PSA (the "**Existing TMA**"). |
| **Applicability of TMA to a Taxable Separation** | The TMA shall also apply to a TCEH Plan that is consummated pursuant to a separation in a taxable transaction (a "**Taxable Separation**"), in which case the following provisions of this Term Sheet (other than "Enforcement," "Consistency" and "Bankruptcy Court Jurisdiction") shall not apply. In addition, Sections 2.01(d), 2.04(d)(ii), 2.04(d)(iii), 2.05 and 6.01 of the Existing TMA, together with other provisions to be mutually agreed by the Debtors and the TCEH Supporting First Lien Creditors, shall not apply. For the avoidance of doubt, in the case of a Taxable Separation, the Parties intend that the provisions of the TMA that apply in such a scenario shall generally provide for (1) customary information sharing, tax return preparation, tax audit and cooperation provisions; (2) Reorganized TCEH indemnification of the EFH Debtors or the Reorganized EFH Debtors with respect to tax liabilities of the TCEH Debtors or Reorganized TCEH (other than alternative minimum tax liability or any other income tax liability in connection with a Taxable Separation or related transactions); (3) Reorganized EFH indemnification of the Reorganized TCEH Debtors with respect to tax liabilities of the EFH Debtors or the Reorganized EFH Debtors; and (4) customary consistent treatment provisions with respect to the Intended Tax Treatment. Except as otherwise provided in the previous sentence, the scope of the indemnities described in clauses (2) and (3) above shall be similar to such indemnities in the Existing TMA (except to the extent relating to the spin-off and related transactions). |
| **Covenants** | Section 6.01 of the Existing TMA shall continue to apply, including, for the avoidance of doubt, with respect to any action or transaction by an EFH Party (or its subsidiaries, as applicable) pursuant to a plan of reorganization of any EFH Debtor or EFIH Debtors (an "**EFH Plan**").<br><br>The following covenants (with respect to an EFH Party) shall be added to Section 6.01(b) of the TMA (*provided*, that covenant (b) shall not be limited by the two-year period set forth in Section 6.01(b)):<br><br>(a) Propose or support an EFH Plan or any other transaction pursuant to which EFH or EFIH, directly or indirectly, transfers their indirect economic interest in Oncor, the |

| Term | Description |
|---|---|
| | consummation of which would breach the TMA.<br><br>(b) Take any action outside the ordinary course of business that, in the reasonable determination of Reorganized TCEH, would give rise to $500 million or more of net taxable income recognized by the EFH Group (when combined with any other net taxable income of the EFH Group, but excluding, for the avoidance of doubt, the net taxable income arising in connection with the Preferred Stock Sale) in the same taxable year as the Effective Date of the TCEH Plan.<br><br>The following covenants shall be added to the TMA:<br><br>(a) If the TCEH Plan is consummated without receiving the TCEH Private Letter Ruling (or any TCEH Required Ruling), then EFH Corp. and EFIH shall continue to pursue the TCEH Private Letter Ruling until a determination is made by Reorganized TCEH (as determined by Reorganized TCEH under a reasonable exercise of its discretion) that the TCEH Private Letter Ruling (or any TCEH Required Ruling) cannot be obtained.  Reorganized TCEH shall have the right to participate in any submissions related to the TCEH Private Letter Ruling, including by (i) commenting on written submissions, (ii) having participation in in-person conferences, (iii) having participation in scheduled, substantive telephone conferences with the IRS, and (iv) being updated promptly regarding any unscheduled communications with the IRS; *provided, however*, that Reorganized TCEH shall work in good faith with counsel for the Debtors to determine the appropriate level of participation by any other persons in any particular meeting or conference.<br><br>(b) If the TCEH Plan is consummated after the receipt of the TCEH Private Letter Ruling, supplemental submissions with respect to the TCEH Private Letter Ruling shall be made to reflect any material developments with respect to the EFH Plan to the extent such developments implicate the Intended Tax Treatment (as determined by Reorganized TCEH under a reasonable exercise of its discretion). Reorganized TCEH shall have the right to participate in such supplemental submissions, including by (i) commenting on written submissions, (ii) having participation in in-person conferences, (iii) having |

| Term | Description |
|---|---|
|  | participation in scheduled, substantive telephone conferences with the IRS, and (iv) being updated promptly regarding any unscheduled communications with the IRS; *provided, however*, that Reorganized TCEH shall work in good faith with counsel for the Debtors to determine the appropriate level of participation by any other persons in any particular meeting or conference. |
| **Provisions of EFH Plan** | The TMA shall provide that in order for any EFH Plan to be approved by the Bankruptcy Court, the consummation of such EFH Plan must not have a material risk of causing an EFH Party to breach the TMA. |
| **AMT Liability in Taxable Separation** | In the case of a Taxable Separation, Reorganized TCEH shall not be liable for any alternative minimum tax liability, if any, arising as a result of the Taxable Separation. |
| **Enforcement** | (a) The Confirmation Order for any Alternative Restructuring shall authorize and direct execution of the TMA as of the TCEH Effective Date and will enjoin any actions taken in violation of the TMA and, upon approval, the TMA will be binding and enforceable against EFH, EFIH, their estates, and any chapter 7 or chapter 11 trustee appointed in either of their cases.<br><br>(b) Until the Effective Date of an EFH Plan with respect to an EFH Debtor or an EFIH Debtor, the TMA shall be enforceable (with respect to such EFH Debtor or EFIH Debtor) by specific performance and may not be rejected or terminated by such EFH Debtor or EFIH Debtor.<br><br>(c) Any claim against EFH Corp. or EFIH under the TMA shall be entitled to superpriority administrative claim status, junior only to (i) the EFIH First Lien DIP, (ii) the Carve-Out (as defined in the EFIH First Lien DIP Order), and (iii) any of the following fees owed by EFH Corp. (subject to the same caps applicable to the Carve-Out): (A) all fees required to be paid to the Clerk of the Court and to the Office of the United States Trustee under section 1930(a) of title 28 of the United States Code plus interest at the statutory rate; (B) reasonable fees and expenses incurred by a trustee under section 726(b) of the Bankruptcy Code; and (C) to the extent allowed at any time, whether by interim order, procedural order, or otherwise, all unpaid fees and expenses incurred by persons or firms retained by (1) the EFH Debtors, pursuant |

| Term | Description |
|---|---|
| | to section 327, 328, or 363 of the Bankruptcy Code, and (2) the EFH/EFIH Committee. |
| **Consistency** | Each Party shall (and shall cause its subsidiaries to) take the position on all tax returns and in any audits or other proceedings before the IRS or any other taxing authority (including in supplemental ruling request submissions to the IRS), unless otherwise required by a final determination, that (i) the transactions contemplated by the TCEH Plan qualify for the Spin-Off Intended Tax Treatment (in the case of the Spin-Off) or the Taxable Separation Intended Tax Treatment (in the case of the Taxable Separation) and (ii) the fair market value of each Stepped-Up TCEH Asset on the TCEH Effective Date is equal to the value of such asset that has been reasonably agreed to by the TCEH Supporting First Lien Creditors and the Debtors.<br><br>"**Stepped-Up TCEH Asset**" means, with respect to a TCEH Plan, any asset of the TCEH Debtors whose U.S. federal income tax basis immediately after the transactions contemplated by such TCEH Plan is determined by reference to its fair market value on the Effective Date in accordance with the Spin-Off Intended Tax Treatment or the Taxable Separation Intended Tax Treatment, as applicable. |
| **Bankruptcy Court Jurisdiction** | To the extent permitted by law, including the retention of jurisdiction provided by any plan of reorganization or confirmation order, the parties agree that the Bankruptcy Court shall hear and determine any bankruptcy-related matter that arises in connection with this Term Sheet or the TMA. |