**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Hearing Date (Requested): May 18, 2016 at 2:00 p.m.** <br> **Objection Deadline (Requested): May 13, 2016 at 4:00 p.m.** |

**MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, TO SHORTEN NOTICE PERIOD IN CONNECTION WITH "MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER SCHEDULING CERTAIN HEARING DATES AND DEADLINES AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH THE CONFIRMATION OF DEBTORS' JOINT PLAN OF REORGANIZATION AND THE APPROVAL OF DEBTORS' DISCLOSURE STATEMENT"**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") seeking entry of an order shortening the notice period in connection with certain relief requested in connection with *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization and The Approval of Debtors' Disclosure Statement* (the "Scheduling Motion"), filed contemporaneously herewith, and granting related relief. In support of this Motion, the Debtors respectfully represent as follows.

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**BACKGROUND**

1. On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee" and together with the TCEH Creditors' Committee, the "Creditors' Committees") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

2. On May 1, 2016, Debtors filed the *Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al., *Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 8355] (the "Plan"). Concurrently therewith, the Debtors filed the Scheduling Motion seeking entry of an order setting the schedule for confirmation of the Plan and approval of the related disclosure statement.

3. The *Amended and Restated Plan Support Agreement* [D.I. 6097] (the "PSA") requires the parties thereto to seek entry of an order setting a confirmation schedule for a confirmation hearing concluding on or before 90 days after the filing of a plan in connection with

an Alternative Restructuring (as defined in the PSA).[2] The transactions contemplated by the Plan constitute an Alternative Restructuring. The Court approved the Debtors' assumption of the PSA on September 18, 2015 [D.I. 6097] and, as a result, the Debtors bound themselves to perform under the PSA.

4. As a result, in light of the PSA's requirement that the parties thereto support a confirmation schedule providing for a confirmation hearing concluding within 90 days of the filing of an alternative plan that contemplates an Alternative Restructuring (*i.e.*, the Plan), the Scheduling Motion and the Confirmation Scheduling Order contemplated thereby set dates and deadlines as early as May 9, 2016.

5. In accordance with the expedited schedule contemplated in the Scheduling Motion and the PSA, and as described below, the Debtors are providing parties-in-interest with approximately 11 days (and in some instances, more than that, in light of ongoing discussions) to review the proposed schedule. This timeline is actually longer than that provided earlier in these proceedings when the Court granted a motion by the Debtors' to shorten the notice period in connection with confirmation schedule related to the Debtors' Third Amended Joint Plan of Reorganization.[3]

6. To honor their obligations under the PSA, and ensure the Debtors' expeditious emergence from bankruptcy, the Debtors seek to shorten the notice, objection, and reply period as it relates to the Debtors' Scheduling Motion.

---

2 PSA § 10(j) [D.I. 6097-1].

3 *See* D.I. 5324.

**JURISDICTION**

7. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

8. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The bases for the relief requested in this Motion are Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 9006-1(c).

**RELIEF REQUESTED**

10. By this Motion, the Debtors respectfully request entry of an order shortening the notice, objection, and reply periods with respect to the Debtors' Scheduling Motion.

11. Local Bankruptcy Rule 9006-1 (c) provides that, unless the Bankruptcy Rules or the Local Bankruptcy Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Bankruptcy Rule 2002-1 (b) at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior

to the hearing date."[4] Local Bankruptcy Rule 9006-1 (e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."[5] Additionally, Local Bankruptcy Rule 9006-1 (d) further provides that "[r ]eply papers may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda."[6]

12. For the reasons set forth herein, the Debtors seek to shorten the notice, objection, and reply periods for the relief requested in the Scheduling Motion, and ask that the Court consider the Scheduling Motion at the hearing scheduled to take place in these chapter 11 cases on May 18, 2016 starting at 2:00 p.m. (Eastern Daylight Time) (the "May 18th Hearing").

13. ***First***, setting the schedule contemplated in the Scheduling Motion is critical to preserving the deal set forth in the PSA pursuant to which all parties thereto agreed to support a confirmation schedule providing for "a confirmation hearing of reasonable length that concludes on or before 90 days after the filing of [an alternative plan of reorganization that constitutes an Alternative Restructuring]."[7]

14. ***Second***, given that the proposed confirmation schedule includes dates and deadlines as early as May 9, 2016, it is critical that creditors and the Court consider any potential revisions to the schedule on an expedited basis.

---

4 Del. Bankr. L.R. 9006-1 (c)(i).

5 Del. Bankr. L.R. 9006-1 (e).

6 Del. Bankr. L.R. 9006-l(d).

7 PSA § 10(j) [D.I. 6097-1].

15. ***Third***, the Debtors' proposed timeline for reviewing the schedule set forth in the Scheduling Motion provides even *more* time than the timeline set by this Court for reviewing the proposed plan-confirmation schedule in connection with the Debtors' Third Amended Plan of Reorganization.[8] There, the Court calendared a hearing on the Debtors scheduling motion for August 25, 2015, and an objection deadline of August 21, 2015, 14 days and 10 days, respectively, after the Debtors filed the related scheduling motion.[9] Here, Debtors filed the Scheduling Motion on May 1, 2016, requested a hearing date of May 18, 2016, and an objection deadline of May 13, 2016, 16 days and 11 days, respectively, after filing the Scheduling Motion. Creditors will not be prejudiced by having *more* time to evaluate this proposed schedule than they had to evaluate previous schedules.

16. The Debtors will provide notice of the Scheduling Motion by overnight delivery, which will provide approximately fourteen (14) days of actual notice of a hearing to parties on the mailing list for these chapter 11 cases in the event that any parties wish to be heard in connection with the relief requested in the Scheduling Motion. In addition, the Debtors have had informal discussions with certain parties-in-interest regarding the relief sought in connection with the Scheduling Motion. Under the circumstances, the Debtors believe that sufficient cause exists to shorten notice to permit them to preserve the deal struck in the PSA.

17. Local Bankruptcy Rule 9006-1(c)(ii) requires that the objection deadline with respect to motions be scheduled to permit all objections to be filed and served at least seven days before the hearing date.[10] Given the circumstances, it is reasonable and appropriate to require

---

8 *See* D.I. 5324

9 *Id.*

10 Del. Bankr. L.R. 9006-1(c)(ii).

parties to file and serve any objections to the relief requested in the Scheduling Motion by May 13, 2016 at 4:00 p.m. (Eastern Daylight Time). The proposed deadline will provide parties in interest with sufficient time to respond to the relief requested in connection with the Scheduling Motion.

18. Finally, the Debtors request that the Court grant them an extension of the deadline set forth in Local Bankruptcy Rule 9006-1(d) by which to file and serve a reply to any objection(s) that might be filed in connection with the relief requested in connection with the Scheduling Motion.[11] The agenda for the May 18th Hearing is due to be filed with the Court by May 16, 2016 at 12:00 p.m. (noon) Eastern Daylight Time).[12] As noted above, Local Bankruptcy Rule 9006-1(d) therefore requires that the Debtors file and serve any reply with the Court on or before May 13, 2016.[13] Accordingly, absent leave of Court, the Debtors would be forced to file and serve a reply the same day any objections are filed in order to comply with Local Bankruptcy Rule 9006-1(d). To the extent any objections to the relief requested in connection with the Scheduling Motion are filed, a written reply will (i) fully inform the Court of the Debtors' arguments regarding the issues presented related to the Scheduling Motion; (ii) assist the Court in deciding the merits of the Debtors' request regarding the Scheduling Motion and any objections or responses thereto; and (iii) help narrow disputed issues, if any, thereby serving to streamline the May 19th Hearing. As such, the Debtors request that they be permitted

[11] Although on its face, the language of Local Bankruptcy Rule 9006-1(d) sets a deadline for service of a reply, rather than a deadline for filing a reply, the Debtors seek a waiver of the rule out of an abundance of caution to the extent that the Court believes that the rule should be read to set a deadline for serving a reply.

[12] Del. Bankr. L.R. 9209-3(a)(i).

[13] Del. Bankr. L.R. 9006-1(d).

to file and serve a reply in connection with any objections to the relief requested in connection with the Scheduling Motion by no later than May 16, 2016.

**NOTICE**

19. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors shall provide notice of this Motion on May 2, 2016 via overnight delivery to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50%

TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request entry of an order (i) scheduling the relief requested in the Scheduling Motion for hearing on shortened notice at the May 18th Hearing; (ii) setting the objection deadline with respect to the relief requested in the Scheduling Motion for May 13, 2016 at 4:00 p.m. (Eastern Daylight Time); (iii) authorizing the Debtors to file and serve a reply to any objections that are filed in connection with the relief requested in the

Scheduling Motion on or before May 16, 2016; and (iv) granting such other and further relief as may be just and proper.

[*Remainder of page intentionally left blank*]

Dated: May 1, 2016
Wilmington, Delaware

*/s/ Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: collins@rlf.com
defranceschi@rlf.com
madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: edward.sassower@kirkland.com
stephen.hessler@kirkland.com
brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: james.sprayregen@kirkland.com
marc.kieselstein@kirkland.com
chad.husnick@kirkland.com
steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession