# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Andrew R. McGaan, P.C.<br>To Call Writer Directly:<br>(312) 862-2183<br>andrew.mcgaan@kirkland.com | 300 North LaSalle<br>Chicago, Illinois 60654<br><br>(312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

May 13, 2016

**By Hand Delivery**

Hon. Christopher S. Sontchi
United States Bankruptcy Court
  for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

> Re: Status of Appeals in
> *In re Energy Future Holdings Corp., et al.* No. 14-10979.

Dear Judge Sontchi:

In response to your request of Delaware counsel, I write to provide you with the status of the various pending appeals from *In re Energy Future Holdings Corp., et al.* No. 14-10979, and whether the non-consummation of the confirmed plan affects any of them.

None of the appeals from this Court's make-whole rulings or its postpetition interest ruling is mooted by the fact that Plan A will not close. The appeal from this Court's approval of the First Lien Settlement and the appeals from this Court's First and Second Lien Note make-whole rulings should proceed on their current course in the U.S. Court of Appeals for the Third Circuit, unaffected by this recent development. The appeal of the make-whole ruling regarding the EFIH Unsecured PIK Notes (the "PIKs") was stayed in the District Court, but the Debtors believe the stay should be lifted so the appeal may proceed. The three appeals to the District Court from this Court's order denying the PIK claim to a contract rate of postpetition interest were also stayed. Even though Plan A will not be consummated, the Debtors believe these postpetition interest appeals should remain stayed. The Debtors are conferring with the appellants in those appeals, but the parties have not yet addressed the District Court regarding the stays. The Debtors will inform this Court promptly if there is any change in the status of the make-whole or postpetition interest appeals.

The appeal from this Court's order approving the Plan Support Agreement ("PSA") had also been stayed by agreement pending the fate of Plan A. After it was declared "null and void," the parties proposed a renewed briefing schedule to the District Court. In response, the District Court directed the parties' to submit by May 18, 2016 their positions on whether the PSA appeal

Beijing   Hong Kong   Houston   London   Los Angeles   Munich   New York   Palo Alto   San Francisco   Shanghai   Washington, D.C.

RLF1 14522447v.1

KIRKLAND & ELLIS LLP

Hon. Christopher S. Sontchi
May 13, 2016
Page 2

should remain stayed until after confirmation of the Debtors' recently filed plan of reorganization.

Finally, there are two appeals related to unmanifested asbestos claims. The first appeal challenges this Court's order denying the motion to certify a class of unmanifested asbestos claimaints. That appeal should continue. In the second appeal, the asbestos claimants Shirley Fenicle and David William Fahy appealed the confirmation order to the extent the order extinguished any unmanifested asbestos claims. The Debtors have moved to dismiss that appeal as moot arguing that the unmanifested claims are no longer discharged because Plan A did not close. The District Court directed appellants to respond by May 23, 2016, to the Debtors' motion.

The following bullet points contain added detail regarding the status of these appeals:

- **First Lien Settlement Appeal** (appeal from No. 14-10979, D.I. 49). On February 19, 2015, the District Court affirmed this Court's ruling approving the settlement of certain claims by EFIH First Lien Noteholders. On May 4, 2016, the Third Circuit issued an unpublished opinion affirming this Court and the District Court. *See* Opinion, *Delaware Trust Company f/k/a CSC Trust Company Delaware, as Indenture Trustee v. Energy Future Intermediate Holdings Corp., et al. (In re Energy Future Holdings Corp., et al.)* (No. 15-1591) [Doc. 003112283242]. The First Lien Trustee has 14 days from May 4, to seek rehearing in the Third Circuit, and 90 days to file a petition for a writ of certiorari with the U.S. Supreme Court. The question whether the First Lien Settlement was legally permissible is unaffected by the non-consummation of Plan A. This appeal should proceed.

- **First Lien Make-Whole Appeal** (appeal from Adv. No. 14-50363, Nos. 245, 246, 304, 305). The District Court affirmed this Court's rulings on February 16, 2016, and the First Lien Trustee has appealed that ruling to the Third Circuit. On May 9, 2016, the First Lien Trustee filed its opening brief in the Third Circuit. The Debtors response brief is due by June 8, 2016, and any reply brief is due within 14 days of the submission of the Debtors' response brief. The question whether the First Lien Noteholders have a claim for a make-whole premium, or other amount, based on the language of the First Lien Indenture or its motion to lift the automatic stay is unaffected by the non-consummation of Plan A. This appeal should proceed.

- **Second Lien Make-Whole Appeal** (appeal from D.I. 6752 and Adv. No. 14-50405, D.I. 64, 65). The District Court affirmed this Court's rulings on April 12, 2016, and the Second Lien Trustee appealed that ruling to the Third Circuit. That court consolidated the Second and First Lien appeals for the purposes of disposition, but not briefing. That

## KIRKLAND & ELLIS LLP

Hon. Christopher S. Sontchi
May 13, 2016
Page 3

court has entered a briefing schedule, and the Second Lien Trustee's opening brief is due June 20, 2016, with the Debtors' response brief due within 30 days after the opening brief is filed, and any reply brief due within 14 days of the submission of the Debtors' response brief. This appeal should proceed.

- **PIK Make-Whole Appeals** (appeal from D.I. 6781, 7119) and **PIK Postpetition Interest Appeals** (appeal from D.I. 6782, 7118). After the Court issued its opinions addressing the claim for a make-whole premium and the claim for postpetition interest, the PIK Trustee settled both claims. Additional noteholders later joined the settlement. Despite the settlement, the PIK Trustee and the group of subsequent settling noteholders each appealed the Court's two rulings, four appeals in total, as a protective matter, because the settlement was contingent on the consummation of the plan. Those appeals were stayed in the District Court at the parties' request. Now that the plan has not been consummated, the parties will submit a joint status report to Judge Andrews. The Debtors will ask that the make-whole appeals proceed, as with the First and Second Lien make-whole appeals. For the same reasons, the make-whole appeals are not affected by the non-consummation of the plan. The Debtors, however, will ask that the postpetition interest appeals remain stayed pending a final ruling by this Court on whether to award postpetition interest. (The Debtors have not yet had an opportunity to meet and confer with the Appellants regarding the status report.) While the non-consummation of the plan does not moot these appeals, the need to confirm another plan should appropriately delay any ruling from this Court whether to award postpetition interest and, if so, at what rate.

- **Mudrick (PIK holder) Postpetition Interest Appeal** (appeal from D.I. 6782, 7188). Mudrick Capital Management L.P. is as an investment manager for one or more holders of the PIK Notes who did not join the settlement with other PIK Noteholders. Mudrick appealed only this Court's postpetition interest ruling. This appeal was also stayed by the District Court on the parties' joint motion pending an ultimate ruling by this Court regarding postpetition interest. The parties have submitted a joint status report to Judge Andrews asking to maintain the stay.

- **PSA Appeal** (appeal from D.I. 6097). The appeal from this Court's order approving the PSA had also been stayed by agreement pending the fate of Plan A. After the confirmed plan was declared "null and void," the parties a proposed renewed briefing schedule to the District Court. In response, the District Court directed the parties to submit by May 18, 2016 their positions on whether the PSA appeal should remain stayed until after confirmation of the Debtors' latest proposed plan of reorganization.

# KIRKLAND & ELLIS LLP

Hon. Christopher S. Sontchi
May 13, 2016
Page 4

- **Class Certification for Unmanifested Proof of Claim Appeal** (appeal from D.I. 7383). Michael Cunningham, Joe Arabie, and Michelle Zygielbaum, on their own behalf and on behalf of others similarly situated, appealed this Court's order denying their motion to certify a class solely for the purpose of filing a proof of claim on behalf of unmanifested asbestos claimants. Appellants filed their appeal brief on March 21, 2016. The Debtors filed their response on May 4, 2016. Appellants' reply, if any, is due on May 25, 2016.

- **Fenicle and Fahy Appeal** (appeal from D.I. 7285, the "Confirmation Order"). Asbestos claimants Shirley Fenicle and David William Fahy appealed this Court's Confirmation Order, asking the District Court to reverse "insofar as [the Order] would discharge future unmanifested asbestos claims, and declaring that such claims have not been discharged, but are reinstated against the Reorganized Debtors." Appellants' Brief [D. Del. 15-1183, D.I. 26] at 2. On May 4, 2016, the District Court granted an emergency stay of the Debtors' response, and directed appellants to respond by May 23, 2016 to the Debtors' motion to dismiss as moot, given that the Confirmation Order, by its own terms, has nullified and voided any discharge of "future unmanifested asbestos claims" complained of in the Fenicle and Fahy appeal.

Please let me know if the Court would like additional information regarding these appeals.

                                                    Respectfully submitted,

                                                    */s/ Andrew R. McGaan, P.C.*

                                                    Andrew R. McGaan, P.C.