**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., et al., | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Re:  ECF No. 8358** |

**OBJECTION OF THE BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE,
AND THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS
INDENTURE TRUSTEE, TO THE MOTION OF ENERGY FUTURE HOLDINGS
CORP., ET AL., FOR ENTRY OF AN ORDER SCHEDULING CERTAIN HEARING
DATES AND DEADLINES AND ESTABLISHING CERTAIN PROTOCOLS IN
CONNECTION WITH THE CONFIRMATION OF DEBTORS' JOINT PLAN
OF REORGANIZATION AND THE APPROVAL OF
DEBTORS' DISCLOSURE STATEMENT**

The Bank of New York Mellon ("BNYM"), in its capacity as the PCRB Trustee, and The

Bank of New York Mellon Trust Company, N.A. ("BNYMTC" and, together with BNYM,

"BNY"), in its capacity as the EFCH 2037 Notes Trustee, object to the *Motion of Energy Future*

*Holdings Corp., et al., for Entry of an Order Scheduling Certain Hearing Dates and Deadlines*

*and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan*

*of Reorganization and the Approval of Debtors' Disclosure Statement* (the "Motion"; ECF No.

8358) and state as follows:[1]

**I.      PRELIMINARY STATEMENT**

1.      As the Debtors acknowledge in the Motion, and despite the expenditure of

hundreds of millions of dollars, the Confirmed Plan and the Confirmation Order are "null and

void."  See Motion at ¶ 4.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion or the New Plan.

2.      Now, the Debtors seek Court approval of the "New Plan."  In the Motion, the Debtors claim that "[t]hrough the PSA, the Debtors and PSA parties resolved substantially *all* contested issues involving T-Side creditors.  All major TCEH creditor groups have agreed to accept the proposed plan treatment.  Thus, virtually no controversy should remain regarding the T-Side Debtors' ability to emerge from bankruptcy."  <u>See</u> Motion at ¶ 6.

3.      BNY's issues, however, have not been resolved and remain contested issues for confirmation of the Debtors' New Plan.

4.      As filed, the Proposed Confirmation Scheduling Order robs creditors of a fair opportunity to conduct discovery and strips creditors of a meaningful opportunity to vote on, and object to, the New Plan.

## II.     OBJECTIONS

### A.     Certain Discovery Relating to the Settled Claims Should Be Permitted.

5.      The Proposed Confirmation Scheduling Order provides that Participating Parties shall not "seek discovery on any topic that was resolved and settled in connection with the Settlement Order [D.I. 7243]."  <u>See</u> Proposed Confirmation Scheduling Order at ¶ 17.  The Settlement Order, however, resolved claims against the TCEH First Lien Lenders.  In exchange for the release of TCEH's claims against the TCEH First Lien Lenders, the TCEH First Lien Lenders agreed to give the distributions on account of the TCEH First Lien Deficiency Claims to unsecured creditors of TCEH, *excluding* the PCRBs.  BNYM must be allowed to take discovery on the settled claims, including, without limitation, which TCEH Debtor(s) owned the settled claims and the amount for which each claim was settled.

**B.**     **The May 9th Deadline for Serving Written Discovery Is Inappropriate and Unfairly Prejudicial to Creditors.**

6.     The Confirmation Scheduling Order purports to impose retroactive deadlines before this Court hears the Motion.  Specifically, although the hearing on the Motion is scheduled for May 23, 2016, the Debtors seek to impose May 9, 2016, as the deadline for serving written discovery requests.  Although BNY served written discovery requests by that time, the inappropriateness of that proposed deadline just days after the New Plan was filed[2] (and prior to approval of any Disclosure Statement) is obvious.  Indeed, the Debtors have already amended the New Plan and the Disclosure Statement *after* the proposed May 9, 2016, deadline.  Creditors should be able to serve written discovery requests at any time prior to the 30th day before the end of fact discovery concerning the New Plan.

**C.**     **The Proposed Confirmation Scheduling Order Unfairly Allocates Time to the Prejudice of Creditors.**

7.     The proposed Confirmation Scheduling Order also unfairly allocates the time among parties in interest.  Specifically, the Debtors seek to require creditors to serve discovery by May 9 -- within eight (8) days of receiving the New Plan and Disclosure Statement, while the Debtors want to produce documents as late as June 22 – forty four (44) days after receiving the written discovery requests.  See Proposed Confirmation Scheduling Order at ¶ 7(a) and (d).  The Debtors then seek to impose a five (5) day deadline (i.e., by June 27) during which the creditors must review all of the produced documents and file any motion to compel.

8.     The Debtors also seek to produce their privilege log on June 30, the same date upon which they propose that fact discovery would end, thereby precluding any creditor from

---

[2] "Parties would have eight days from filing of the New Plan and related Disclosure Statement to serve written Plan discovery."  Motion at ¶ 31.

meaningfully challenging any asserted privilege.  See Proposed Confirmation Scheduling Order

at ¶ 7(h) and (i).

> **D.    BNY Should Not Be Required to Serve Discovery Through the TCEH Creditors' Committee.**

9.      The TCEH Creditors' Committee is a party to the PSA.  As such, the TCEH

Creditors' Committee is technically an adversary to BNY with respect to the confirmation

proceedings regarding the New Plan.  Accordingly, it is absurd to require BNY to issue its

discovery requests through the TCEH Creditors' Committee.

10.     The Debtors' purported justification for requiring BNY to serve discovery

through the TCEH Creditors' Committee does not apply.  The Debtors assert that "[i]n

multiparty cases with no designated lead counsel, judges sometimes require parties with *similar*

*positions* to submit a combined set of [discovery requests].   Accordingly, the Debtors' Protocols

require coordination of discovery requests, with the Creditors' Committees acting as facilitators

and intermediaries between the Debtors and most other parties participating in Plan discovery."

See Motion at ¶ 35 (emphasis added).  BNY and the TCEH Creditors' Committee do not have

"similar positions."  The TCEH Creditors' Committee signed the PSA and supports the New

Plan.  BNY appealed the PSA and opposes the New Plan.

> **E.    The Overlap with Prior Discovery Should Be Treated Differently.**

11.     The Proposed Confirmation Scheduling Order provides that "Participating Parties

shall not serve discovery seeking the same documents from the same time period already

produced by that Participating Party in response to other requests in these chapter 11 cases,

including documents produced in connection with the . . . prior plan confirmation proceedings."

See Proposed Confirmation Scheduling Order at ¶ 17.

12.     The proceedings relating to confirmation of the New Plan are a different contested matter than the hearing on the prior plan.  Thus, parties were required to serve their "full" discovery requests by May 9 to avoid any problems from this Court not approving paragraph 17 of the Proposed Confirmation Scheduling Order.  In addition, prior discovery rulings regarding the former plan are not subject to appeal in connection with the New Plan.  Thus, proceedings on the New Plan need to be treated as the new, independent proceedings that they are.

13.     In the first instance, the Participating Parties should simply resolve among themselves any issues of whether discovery is duplicative and how to deal with it.

### F.     The Proposed Solicitation Period Is Too Short and Will Deprive Creditors of A Meaningful Opportunity to Vote on the New Plan.

14.     The Debtors propose to commence the solicitation of votes regarding the Plan on July 11, 2016, to complete solicitation by July 22, 2016 – the same day the Debtors propose for the confirmation objection deadline -- and to commence a confirmation hearing by August 1, 2016.  See Motion at n.14, p. 11.

15.     The Debtors' proposed schedule makes solicitation on the New Plan an illusory formality that will deprive creditors of any meaningful opportunity to review the Plan and Disclosure Statement (which will span hundreds of pages) and then vote on and object to the Plan.  A meaningful voting opportunity must allow (a) for the solicitation packages to be distributed from the Depository Trust Corporation to its participants, and then to stockbrokers and, finally, to beneficial owners, (b) time for the beneficial owners to review the massive amount of paper that will comprise the New Plan and Disclosure Statement, and (c) time for the beneficial owners to vote their interests and then have those votes tallied by the record holders and return to the Debtors.

### III.    CONCLUSION

16.    The Proposed Confirmation Scheduling Order would strip objecting creditors of a fair opportunity to conduct discovery regarding the New Plan and would strip creditors of a meaningful opportunity to vote on, and object to, the New Plan.

WHEREFORE, BNY respectfully requests that the Court (a) deny the Motion as submitted, and (b) grant such further relief to BNY as is appropriate.

Dated:  May 16, 2016
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By:    */s Kurt F. Gwynne*
Kurt F. Gwynne (No. 3951)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
Email:  kgwynne@reedsmith.com

Counsel to The Bank of New York Mellon, in its capacity as the PCRB Trustee, and The Bank of New York Mellon Trust Company, N.A., in its capacity as the EFCH 2037 Notes Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., et al., | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Re:  ECF No. 8358** |

<u>**CERTIFICATE OF SERVICE**</u>

I, Kurt F. Gwynne, hereby certify that on this 16th day of May, 2016, I caused a true and correct copy of the *OBJECTION OF THE BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE, AND THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS INDENTURE TRUSTEE, TO THE MOTION OF ENERGY FUTURE HOLDINGS CORP., ET AL., FOR ENTRY OF AN ORDER SCHEDULING CERTAIN HEARING DATES AND DEADLINES AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH THE CONFIRMATION OF DEBTORS' JOINT PLAN OF REORGANIZATION AND THE APPROVAL OF DEBTORS' DISCLOSURE STATEMENT* to be served upon the Debtors at the addresses below:

RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: collins@rlf.com
defranceschi@rlf.com
madron@rlf.com

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Edward O. Sassower, P.C. (admitted pro hac vice)
Stephen E. Hessler (admitted pro hac vice)
Brian E. Schartz (admitted pro hac vice)
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: edward.sassower@kirkland.com
stephen.hessler@kirkland.com
brian.schartz@kirkland.com
-and-
James H.M. Sprayregen, P.C. (admitted pro hac vice)
Marc Kieselstein, P.C. (admitted pro hac vice)
Chad J. Husnick (admitted pro hac vice)
Steven N. Serajeddini (admitted pro hac vice)
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: james.sprayregen@kirkland.com
marc.kieselstein@kirkland.com
chad.husnick@kirkland.com
steven.serajeddini@kirkland.com

Dated:  May 16, 2016
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By:    */s Kurt F. Gwynne*
Kurt F. Gwynne (No. 3951)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
Email:  kgwynne@reedsmith.com

Counsel to The Bank of New York Mellon,
in its capacity as the PCRB Trustee, and The
Bank of New York Mellon Trust Company,
N.A., in its capacity as the EFCH 2037
Notes Trustee