IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | : | Case No. 14-10979 (CSS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | x | **Related to Docket Nos. 8358, 8380** |

**OBJECTION OF EFIH SECOND LIEN INDENTURE TRUSTEE
TO DEBTORS' MOTION FOR ENTRY OF AN ORDER
SCHEDULING CERTAIN HEARING DATES AND ESTABLISHING
CERTAIN PROTOCOLS IN CONNECTION WITH THE CONFIRMATION
OF DEBTORS' JOINT PLAN OF REORGANIZATION
AND THE APPROVAL OF DEBTORS' DISCLOSURE STATEMENT**

Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in its capacity as indenture trustee (the "**EFIH Second Lien Trustee**") for the EFIH Second Lien notes (the "**EFIH Second Lien Notes**" and the holders thereof, the "**EFIH Second Lien Noteholders**") issued by Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. (collectively, "**EFIH**") pursuant to the Indenture dated as of April 25, 2011 hereby submits this objection (the "**Objection**") with respect to the *Motion of Energy Future Holdings Corp.,* et al., *for Entry of an Order Scheduling Certain Hearing Dates and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement* [Dkt. No. 8358] (the "**Scheduling Motion**").[1] In support of this Objection, the EFIH Second Lien Trustee respectfully submits the following:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Scheduling Motion.

KL2 2956544.2

## **OBJECTION**

1.      In the wake of the collapse of the Original Plan, the Debtors immediately filed an Amended Plan and the Scheduling Motion, seeking a Disclosure Statement hearing on June 15, 2016 followed by a Confirmation Hearing commencing on August 15, 2016. Instead of waiting even a few days to assess the situation and garner the support of any EFH or EFIH creditors, the Debtors filed the Amended Plan the same day they received a plan support termination notice. While the EFIH Second Lien Trustee understands (and agrees with) the Debtors' desire to emerge from chapter 11, the Debtors' rush to find an exit appears to be leading them to act without addressing important issues, that could be to the detriment of the very creditors whose interest they are supposed to protect. Accordingly, it is premature to set a Disclosure Statement and Confirmation schedule at this point.

2.      The Amended Plan impairs the EFIH Second Lien Notes and provides that EFIH Second Lien Noteholders shall receive "*at the option of the EFIH Debtors in their sole discretion",* either cash or equity. *Amended Plan* at 60. Notwithstanding this proposed plan treatment, even the Debtors recognize they cannot force EFIH Second Lien Noteholders to take equity, unless the EFIH Second Lien Noteholders consent to such treatment. Indeed, after filing the Amended Plan on May 1, 2016, which contained a proposed equity split that was never agreed to by, or even discussed with, the EFIH Second Lien Noteholders, the Debtors filed a revised Amended Plan on May 11, 2016 omitting the equity splits to allow for negotiations with stakeholders. The Debtors are now negotiating with the EFIH Second Lien Trustee and certain EFIH Second Lien Noteholders on the terms of a potential restructuring. While this is a positive step, it is still not the right time to establish a firm schedule and dates for a hearing on a Disclosure Statement and Amended Plan whose terms remain subject to substantial revisions.

3.  The EFIH Second Lien Trustee believes that EFIH Second Lien Noteholders are uniquely positioned to offer a plan structure that enables the Debtors to emerge from chapter 11 quickly.  The Debtors are, of course, simultaneously exploring restructuring options with other creditor constituencies and potential third-parties.  The result of these discussions will require changes to the Amended Plan and Disclosure Statement that will impact plan treatment for EFH and EFIH creditors, as well as how parties will prepare for a Disclosure Statement hearing and Confirmation hearing.  A critical missing piece in the Disclosure Statement is the projected plan value, which the Debtors state will be disclosed in advance of the Confirmation hearing. *Disclosure Statement* at 9.  Yet, with all these unknowns and without any committed creditor group or third party to facilitate emergence, the Debtors insistence on setting a schedule now puts the cart before the horse.

4.  Moreover, this is not just a simple transaction where the Debtors are entertaining proposals for Reorganized EFH equity to satisfy claims at EFH and EFIH.  The proposed TCEH spin-off may also have a significant impact on the ability for any party to consummate a tax-free deal on the EFH/EFIH side.  In addition, there is a tax matters agreement being negotiated by TCEH and EFH that may also have implications for an EFH/EFIH restructuring as it could lead to tax claims against EFH, and possibly EFIH under the tax matters agreement.[2]  The EFIH Second Lien Trustee is still analyzing the myriad of interwoven tax issues.  The Debtors should allow all parties to fully consider these issues before rushing a confirmation schedule.

5.  In addition, there are other open issues that will impact plan distributions, mechanics and claim amounts with respect to the EFIH Second Lien Notes.  For example, the EFIH First Lien Trustee has a turnover action against the EFIH Second Lien Trustee arising

---

[2] In addition, it is unclear why the Debtors are negotiating a tax matters agreement with TCEH prior to knowing the outcome of the EFH/EFIH restructuring and without the input of any key parties to such restructuring.  The EFIH Second Lien Trustee reserves all rights with respect to the tax matters agreement.

3

under the intercreditor agreement (the "**Intercreditor Litigation**"), which is pending before the Court.  If the EFIH Second Lien Noteholders were required to turn over any amounts, the EFIH Second Lien Trustee believes it would have a significant indemnification claim against the Debtors in addition to a claim by the EFIH Second Lien Noteholders against the Debtors that they have not been paid in full.  To the extent the EFIH Second Lien Trustee is required to hold back a portion of the distributions on the EFIH Second Lien Notes pending final resolution of the Intercreditor Litigation, the EFIH Second Lien Noteholders will also have a claim for interest against the Debtors on any amounts held in reserve.  Accordingly, resolution of the Intercreditor Litigation may also be an important step in negotiating an Amended Plan.

6. After the failure of the Original Plan, the Debtors need to focus on developing a confirmable plan that has a high certainty of closing.  They should not be rushing to seek approval of a schedule setting a May 31 Disclosure Statement objection deadline for a June 15 Disclosure Statement hearing, both of which may end up being before the Debtors announce the terms of a revised Plan.  Given how many times the plan structure and proposed plan treatment has changed over the past year and a half, the Debtors should not, once again, force creditors to take discovery and prepare for hearings on a plan that is certain to change.[3]

7. The EFIH Second Lien Trustee is fully in favor of working towards an expeditious exit and indeed hopes it and the EFIH Second Lien Noteholders can provide the framework to allow the Debtors to finally emerge from bankruptcy as soon as possible.  The Debtors should not, however, impose any deadlines relating to preparation for a Disclosure Statement and Confirmation hearing until the Debtors announce what path they will take with respect to a confirmable plan.

---

[3] The Scheduling Motion seeks several retroactive discovery dates.  Given that it would be premature to serve discovery at this point, the EFIH Second Lien Trustee has reserved its right to take discovery if and when it is appropriate to do so.

4

WHEREFORE, for the reasons stated above, the EFIH Second Lien Trustee respectfully requests that the Court deny the relief requested in the Scheduling Motion and grant such other relief as is just and proper.

Dated: May 16, 2016         PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (Bar No. 2436)
Robert J. Feinstein (NY Bar No. RF-2836)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: ljones@ pszjlaw.com
          rfeinstein@ pszjlaw.com

*- and –*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Thomas Moers Mayer
Gregory Horowitz
Joshua K. Brody
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9100
Facsimile:   (212) 715-8000
Email: tmayer@kramerlevin.com
          ghorowitz@kramerlevin.com
          jbrody@kramerlevin.com

*- and -*

BRYAN CAVE LLP
Stephanie Wickouski
1290 Avenue of the Americas
New York, New York 10104-3300
Tel: 212-541-1114
Fax: 212-904-0514
Email: stephanie.wickouski@bryancave.com

*Counsel to the EFIH Second Lien Trustee*