# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: <br><br> ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] <br><br> Debtors. | ) Chapter 11 <br> ) <br> ) Case No. 14-10979 (CSS) <br> ) <br> ) Jointly Administered <br> ) <br> ) **Re: Docket Nos. 8358, 8362, 8380** <br> ) <br> ) Hearing Date: May 23, 2016 at 10:00 a.m. <br> ) Objection Deadline: May 16, 2016 at 4:00 p.m. |

**OBJECTION OF EFH INDENTURE TRUSTEE TO MOTION OF ENERGY FUTURE HOLDINGS CORP., ET AL., FOR ENTRY OF AN ORDER SCHEDULING CERTAIN HEARING DATES AND DEADLINES AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH THE CONFIRMATION OF DEBTORS' JOINT PLAN OF REORGANIZATION AND THE APPROVAL OF <u>DEBTORS' DISCLOSURE STATEMENT</u>**

American Stock Transfer & Trust Company, LLC ("<u>AST</u>"), as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "<u>EFH Indenture Trustee</u>") under the Indentures for notes (the "<u>EFH Notes</u>") issued by EFH Future Holdings Corp. ("<u>EFH Corp.</u>") (as described in <u>Schedule 1</u> attached hereto), by its undersigned counsel, files this objection (the "<u>Objection</u>") to the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Scheduling Certain Hearing Dates and Deadlines And Establishing Certain Protocols In Connection with the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement* [Docket No. 8358] (the "<u>Scheduling Motion</u>").[2] In support of this Objection, the EFH Indenture Trustee respectfully states as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.

[2] Capitalized terms used but not otherwise defined in this Objection shall have the meanings ascribed to them in the Scheduling Motion.

**PRELIMINARY STATEMENT**

1.  Here, where the Debtors have not taken the time to engage in meaningful consultations with impaired creditors, and the proposed already once "Amended New Plan" does not contain specific details on the manner in which the maximum value will be extracted from Oncor for distribution to impaired creditors, no order scheduling solicitation and confirmation litigation should be entered.  These Debtors have not articulated a plan for a preferred value maximizing path out of bankruptcy - they have merely provided a list of possible routes.  In these circumstances this Court should not enter an order approving the expedited and inflexible deadlines and procedures requested by the Debtors.  Furthermore, in the absence of a clear actionable plan, the parties should not be required to commence discovery and waste resources.  The Debtors' attempt to unilaterally schedule expedited discovery deadlines before the Court enters a scheduling order is inappropriate in these unfortunate circumstances that call for consensus building.

2.  Accordingly, the EFH Indenture Trustee objects to the entry of the requested scheduling order.

**RELEVANT BACKGROUND**

3.  On April 29, 2014 (the "Petition Date") each of the Debtors filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**A.    Role of the EFH Indenture Trustee and Overview of E-Side Corporate Structure**

4.  The EFH Indenture Trustee serves as the successor indenture trustee under the Indentures for the EFH Notes issued by EFH Corp.  The combined aggregate outstanding

principal amount of the EFH Notes is approximately $1.9 billion. Approximately $1.2 billion of that debt is held by Energy Future Intermediate Holdings Corp. ("EFIH").

**B.     Prior Confirmed Plan and Amended New Plan**

5.     On December 9, 2015, the Court entered an order [Docket No. 7285] (the "Confirmation Order") confirming the Debtors' *Sixth Amended Joint Plan of Reorganization* [Docket No. 7187] (the "Terminated Plan").

6.     As the Court is aware, on May 1, 2016, the Debtors announced that certain first lien creditors of TCEH had delivered a written notice (the "Plan Support Termination Notice") to the Debtors and the other parties to the Plan Support Agreement notifying such parties of the occurrence of a Plan Support Termination Event (as defined in the Plan Support Agreement). The delivery of the Plan Support Termination Notice caused the Terminated Plan to become null and void.

7.     In response to this development, and with nominal consultation with creditors, on May 1, 2016, the Debtors filed the *Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 8355] (the "May 1 Plan") and the *Disclosure Statement for the New Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 8356].

8.     Ten days later, on May 10, 2016, the Debtors subsequently filed the *Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 8421] (as it may be further amended, supplemented or modified, the "Amended New Plan") and the *Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 8423] (the "Amended New Disclosure Statement").

9. The Amended New Plan provides different treatment for EFH Corp. noteholders than those creditors were to receive under the Terminated Plan.  Specifically, for EFH Corp. noteholders, the lynchpin of the Terminated Plan was payment "in full."  In contrast, under the Amended New Plan, all EFH Corp. noteholders are impaired and will only receive a pro-rata share of the "EFH Creditor Recovery Pool" or some yet-to-be determined treatment.

10. Other than disclosing that EFH Corp. noteholders are impaired under the Amended New Plan, the Amended New Disclosure Statement is long on vague optionality and short on specific information.  The Amended New Disclosure Statement contains practically no information on the proposed restructuring transactions, the effect and implications of each alternative to the various creditor constituents, or the process, if any, that the Debtors will implement to maximize the distributable value of their interest in Oncor.

11. Notwithstanding these deficiencies, the Debtors filed the Scheduling Motion seeking a confirmation hearing within 90 days of May 1, 2016.

**OBJECTION**

12. Rather than file a plan built on consensus, the Debtors have filed a laundry list of alternatives to be selected from at a later date.

13. Most notably, the laundry list does not even provide details for a process to be used to market EFH's interest in Oncor which is necessary to ensure that EFH Corp.'s noteholders receive the highest possible recovery in connection with any equitization or sale of EFH's interest in Oncor.  Absent consensus, such a deficiency should be treated as a show stopper and the relief requested should be denied.

14. Accordingly, the EFH Indenture Trustee objects to the entry of <u>any</u> scheduling order at this time.  At the May 23 hearing the Court should hear from parties on the status of

their negotiations and request input on the appropriate date for a future status conference to be held ahead of the filing of any future motion to establish a schedule.

15. In the alternative, if a scheduling order is to be entered, the EFH Indenture Trustee requests that the Proposed Scheduling Order be modified to provide:

a) For the Debtors to be required to produce within ten days, without the need for service of written discovery, all documents related to the current value of Oncor, any marketing of Oncor or third party interest in purchasing Oncor, and all material evaluated by the board of Energy Future Holdings Corp. in connection with their determination, if any, that the Amended New Plan and the proposed timing related thereto is in the best interests of creditors of EFH Corp.

b) For written discovery to be due no earlier than ten days after any detailed plan for marketing EFH's interest in Oncor is filed;

c) For supplemental document requests to be permitted;

d) For impaired creditors to be able to seek additional expedited discovery;

e) For the EFH Indenture Trustee to be included in the list of Participating Parties;

f) For the Debtors to provide detailed regular and current reports on the distributable cash available at EFH Corp.; and

g) Such other reasonable terms the EFH Indenture Trustee may request at the hearing on the Scheduling Motion.

*[Remainder of page intentionally left blank]*

## CONCLUSION

**WHEREFORE**, the EFH Indenture Trustee respectfully requests the Court: (i) deny the Scheduling Motion and not enter the Proposed Scheduling Order as provided in this Objection; and (ii) grant such other and further relief as is just.

Dated: Wilmington, DE
May 16, 2016

**CROSS & SIMON, LLC**

By: */s/ Christopher P. Simon*
Christopher P. Simon (No. 3697)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
csimon@crosslaw.com

- and –

**NIXON PEABODY LLP**
Amanda D. Darwin
Richard C. Pedone
Erik Schneider
100 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
adarwin@nixonpeabody.com
rpedone@nixonpeabody.com
eschneider@nixonpeabody.com

-and-

Christopher J. Fong
437 Madison Avenue
New York, NY 10022
Telephone: 212-940-3724
Facsimile: 855-900-8613
cfong@nixonpeabody.com

*Co-Counsel to American Stock Transfer & Trust Company, LLC, as EFH Indenture Trustee*

## Schedule I

## Indentures

1. Indenture dated as of November 1, 2004, between Energy Future Holdings Corp.("EFH Corp."), as issuer, and the EFH Indenture Trustee, as trustee, as amended and supplemented by the Officer's Certificate, dated as of November 26, 2004, the Supplemental Indenture, dated as of July 1, 2010, and the Second Supplemental Indenture, dated as of April 15, 2013 (collectively, the "Series P Indenture").

2. Indenture dated as of November 1, 2004, between EFH Corp., as issuer, and the EFH Indenture Trustee, as trustee, as amended and supplemented by the Officer's Certificate, dated as of November 26, 2004, the Supplemental Indenture, dated as of December 5, 2012, and the Second Supplemental Indenture, dated as of April 15, 2013 (collectively, the "Series Q Indenture").

3. Indenture dated as of November 1, 2004, between EFH Corp., as issuer, and the EFH Indenture Trustee, as trustee, as amended and supplemented by the Officer's Certificate, dated as of November 26, 2004, the Supplemental Indenture, dated as of December 5, 2012, and the Second Supplemental Indenture, dated as of April 15, 2013 (collectively, the "Series R Indenture")

4. Indenture dated as of November 16, 2009, between EFH Corp., as issuer, and the EFH Indenture Trustee, as trustee, as amended and supplemented by the Supplemental Indenture, dated as of January 25, 2013, and the Second Supplemental Indenture, dated as of April 15, 2013 (collectively, the "9.75% Senior Notes Indenture").

5. Indenture dated as of January 12, 2010, between EFH Corp., as issuer, and the EFH Indenture Trustee, as trustee, as amended and supplemented by the First Supplemental Indenture, dated as of March 16, 2010, the Second Supplemental Indenture, dated as of April 13, 2010, the Third Supplemental Indenture, dated as of April 14, 2010, the Fourth Supplemental Indenture, dated as of May 21, 2010, the Fifth Supplemental Indenture, dated as of July 2, 2010, the Sixth Supplemental Indenture, dated as of July 6, 2010, the Seventh Supplemental Indenture, dated as of July 7, 2010, the Eighth Supplemental Indenture, dated as of January 25, 2013, and the Ninth Supplemental Indenture, dated as of April 15, 2013 (collectively, the "10.00% Senior Notes Indenture").

6. Indenture dated as of October 31, 2007, among EFH Corp., as issuer, the Guarantors party thereto and the EFH Indenture Trustee, as trustee, as amended and supplemented by the First Supplemental Indenture, dated as of July 8, 2008, the Second Supplemental Indenture, dated as of August 3, 2009, the Third Supplemental Indenture, dated as of July 29, 2010, the Fourth Supplemental Indenture, dated as of October 18, 2011, and the Fifth Supplemental Indenture, dated as of April 15, 2013 (collectively, the "10.875% Senior Notes and 11.250%/12.000% Senior Toggle Notes Indenture", and collectively with the Series P Indenture, the Series Q Indenture, the Series R Indenture, the 9.75% Senior Notes Indenture, and the 10.00% Senior Notes Indenture, the "Indentures").