# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) <br> ) <br> ENERGY FUTURE HOLDINGS CORP., ) <br> et al., ) <br> ) <br> Debtors. ) <br> _____ ) <br> ) <br> ENERGY FUTURE HOLDINGS CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TEXAS TRANSMISSION ) <br> INVESTMENT LLC, ) <br> ) <br> Defendant. ) <br> _____ ) <br> ) <br> OVATION ACQUISITION I, L.L.C. and ) <br> OVATION ACQUISITION II, L.L.C., ) <br> ) <br> Intervenor Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TEXAS TRANSMISSION ) <br> INVESTMENT LLC, ) <br> ) <br> Defendant. ) | Chapter 11 <br> Case No. 14-10979 (CSS) <br> (Jointly Administered) <br> <br> <br> <br> <br> Adversary Proceeding <br> No. 15-51386 (CSS) <br> <br> <br> <br> <br> <br> <br> <br> <br> <br> <br> <br> <br> <br> <br> <br> **Related D.I. 1, 67, 110 and 112** |

## ORDER

Upon consideration of (i) Adversary Complaint (D.I. 1) (the "Complaint"); (ii) *Texas Transmission Investment LLC's Motion for Determination that the Court Lacks*

*Authority to Enter a Final Judgment or Order in this Proceeding* (Adv. D.I. 67) (the "Non-Core Motion"); (iii) *Plaintiffs' Joint Motion for Summary Judgment* (Adv. D.I. 110) (the "Plaintiffs' Motion for Summary Judgment"); and (iv) *Texas Transmission Investment LLC's Motion for Summary Judgment* (Adv. D.I. 112) ("TTI's Motion for Summary Judgment," and together with the Non-Core Motion, and Plaintiffs' Motion for Summary Judgment, the "Motions"); and the underlying dispute contemplated in the complaints filed by the above-captioned debtors ("Debtors") and the intervenor Ovation[1] asserting that Texas Transmission Investment, LLC ("TTI") breached the Investor Rights Agreement ("IRA") in two ways related to the Merger Agreement[2] between EFH and TTI: (a) by refusing to sell its interest in Oncor Electric Delivery Company LLC ("Oncor") to Ovation in connection with Ovation's offer to acquire substantially all of the outstanding equity in Oncor held by EFH and TTI, and (b) failing to cooperate with the purported "IPO Conversion Plan" to facilitate an IPO of Ovation, as successor to EFH; and the Court having held oral argument on the Motions on March, 21, 2016; and at the conclusion of the oral argument, the Court having taken the Motions under advisement; and in an effort to reduce fees and expenses associated with the impending trial in this adversary proceeding, the Court having held a telephonic conference and announced its preliminary rulings on the Motions;[3] and as stated at telephonic hearing, the Court

---

[1] Together, Ovation Acquisition I, L.L.C. ("OV1") and Ovation Acquisition II, L.L.C. ("OV2") are referred to herein as "Ovation."

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Complaint. Adv. D.I. 1.

[3] Preliminarily, the Court made the following decisions: (i) the Court had authority to enter a final judgment in this adversary action; (ii) the Court would grant Plaintiff's Motion for Summary Judgment;

having stated that it would issue written opinions and orders formalizing and setting forth the Court's ruling; and prior to the Court issuing its opinions and orders on the Motions, the above-captioned Debtors having notified the Court that the Merger Agreement has been terminated and, thus, the transactions contemplated by the plan and confirmation order (*see* D.I. 7187 and 7285) were no longer viable transactions, and the Debtors having filed an amended plan to be considered by the Court at a later time; and the Court having requested supplemental briefing from the parties to this adversary action regarding whether the issues raised in the Motions were moot or whether there remained a justiciable case or controversy; and the parties having filed such supplemental briefs (Adv. D.I. 185, 186, and 187); and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The U.S. Constitution forbids federal courts from granting advisory opinions, there is a requirement that there exist an actual case or controversy.[4] Here, a fundamental change in circumstances has rendered the Plaintiffs' requests for relief moot because Plaintiffs have terminated the transactions in which they sought to compel TTI to participate and cooperate.[5] Thus, there is no justiciable controversy between the

---

and (iii) the Court would deny TTI's Motion for Summary Judgment. However, such rulings would be subject to the Court's forthcoming opinions and orders.

[4] U.S. Const. Art. III § 2.

[5] *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992) ("The federal 'judicial power' extends only to 'Cases' or 'Controversies'. U.S. Const. art III, § 2. The 'case or controversy' requirement demands that a cause of action before a federal court present a 'justiciable' controversy, and 'no justiciable controversy is presented ... when the question sought to be adjudicated has been mooted by subsequent developments. . . .' Article III requires that a plaintiff's claim be live not just when he first brings the suit but throughout the entire litigation, and once the controversy ceases to exist the court must dismiss the case for lack of jurisdiction." (case citations omitted)).

3

Plaintiffs and TTI.[6] As a result, the Court hereby DISMISSES the Motions, without prejudice, as well as DISMISSES the above-captioned adversary action, without prejudice.

2. The Court retains jurisdiction with respect to and relating to the interpretation and/or implementation of this Order.

Dated: May 20, 2016
      Wilmington, Delaware

The Honorable Christopher S. Sontchi
U.S. Bankruptcy Court Judge

---

[6] TTI also seeks an order vacating the Intervention Order and dismissing that the Intervenor Complaint for lack of standing; as the entire adversary action is dismissed, without prejudice, the Court need not decide these specific issues.