# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] ) | Case No. 14-10979 (CSS) |
| ) |  |
| Debtors. ) | (Jointly Administered) |
| ) |  |
| ) | **Re: D.I. 2582, 3520, 4400, 5254, 6908, 7886** |

## ORDER EXTENDING DEADLINE TO ASSUME OR REJECT A CERTAIN NONRESIDENTIAL REAL PROPERTY LEASE UNDER SECTION 365(d)(4) OF THE BANKRUPTCY CODE

Upon the *Seventh Agreement Extending Deadline to Assume or Reject a Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code* (the "Agreement"),[2] a copy of which is attached hereto as **Exhibit A**, and upon the record of these chapter 11 cases and due deliberation thereon, and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Agreement is approved.

2. The date within which the Debtors must assume or reject the Lease is hereby extended up to and including August 25, 2016.

3. Nothing herein shall prejudice the Debtors' right to seek further extensions of time within which the Debtors must assume or reject the Lease, consistent with section 365(d)(4) of the Bankruptcy Code, as applicable.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Agreement.

4. Nothing herein or any actions taken by the Debtors pursuant to relief granted herein is intended or should be construed as: (a) an admission as to the validity or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an admission by the Debtors that any contract or lease, including the Lease, is executory or unexpired, as applicable; (e) a waiver or limitation of the Parties' rights under the Bankruptcy Code or any other applicable law, including, without limitation, the Debtors' right to assume, reject, and/or seek any other related relief with respect to any contract or lease; or (f) an alteration, amendment, or other modification of the terms of the Lease.

5. Nothing contained herein shall prejudice in any way or be deemed a waiver or limitation of any rights the Parties may have under section 365 of the Bankruptcy Code, and the Parties hereby reserve any and all rights with respect to the foregoing.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Agreement.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Date: May 23, 2016
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 14561225v.1