# Exhibit B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**ORDER SCHEDULING CERTAIN HEARING DATES AND DEADLINES AND
ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH THE
CONFIRMATION OF DEBTORS' JOINT PLAN OF REORGANIZATION AND THE
APPROVAL OF DEBTORS' DISCLOSURE STATEMENT**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order scheduling certain hearing dates and deadlines and establishing certain protocols in connection with the confirmation of the Debtors' Joint Plan of Reorganization (the "New Plan") and approval of the Debtors' related disclosure statement (the "Disclosure Statement"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.  The protocols and schedule set forth below shall govern approval of the Disclosure Statement (the "Disclosure Statement Proceedings") and confirmation of the New Plan (the "Confirmation Proceedings"), which, for the avoidance of doubt, includes all related discovery.

## I.      PARTICIPATION IN PROCEEDINGS

2.      Any party in interest, other than the parties listed in this paragraph, that intends to participate in the Disclosure Statement Proceedings or the Confirmation Proceedings (a "Proposed Participant") must file with the Court a notice indicating such intent (a "Notice of Intent"). Only a Proposed Participant who files a Notice of Intent to which the Court does not sustain an objection may take part in the Disclosure Statement Proceedings or the Confirmation Proceedings (each such party in interest a "Participating Party"). For purposes of the Disclosure Statement Proceedings and the Confirmation Proceedings, the Participating Parties shall include (a) the Debtors; (b) the ad hoc group of TCEH first lien creditors (the "TCEH First Lien Ad Hoc Committee"); (c) Wilmington Trust, N.A., as TCEH first lien collateral agent and first lien administrative agent; (d) the ad hoc group of EFIH "PIK" noteholders; (e) the TCEH Creditors' Committee; (f) the EFH Creditors' Committee; (g) Pacific Investment Co. LLC, as manager for certain funds and accounts that hold EFIH DIP Loan Notes; (h) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, as indenture trustee for the EFIH second

lien notes; (i) American Stock Transfer & Trust Company, LLC, Indenture Trustee for EFH Unsecured Notes; (j) the ad hoc group of EFH Legacy Noteholders; and (k)(k) UMB Bank, N.A., as Trustee for the EFIH Unsecured Notes; (l) Fidelity Management & Research Company; and (m) the United States Trustee in each case, without the need to file a Notice of Intent to participate in the Disclosure Statement Proceedings or the Confirmation Proceedings.

3.      Each Notice of Intent must contain: (a) the name and address of the party in interest (or, in the case of a group of parties in interest, the names and addresses of each of its members) and the name of the law firm(s) and individual attorneys representing such party in interest or group; and (b) a description of the claims that the party in interest believes it may have against the Debtors, including, if available, a list of all proof(s) of claim filed either individually or by the group.

4.      A Proposed Participant may file a Notice of Intent at any time prior to the close of the Confirmation Proceedings, but each Participating Party must comply with all deadlines set forth in this Order and shall not be allowed to reopen any deadlines that have already passed prior to the Participating Party's filing of a Notice of Intent.

5.      The Debtors and the Participating Parties shall, within ten days of the filing of any Notice of Intent, have the right to object to that Notice of Intent on any and all grounds, including that the Notice of Intent is harassing, was served by persons that are not parties in interest, does not comply with the terms of this Order, or does not demonstrate a legally cognizable interest in the Disclosure Statement Proceedings or the Confirmation Proceedings. Until the Court rules on any such objection, the Proposed Participant shall not be deemed a Participating Party.

## II.    APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE NEW PLAN WITH REGARD TO THE TCEH DEBTORS

6.    The Court strongly encourages the parties to resolve all objections to the Disclosure Statement before the hearing on the Disclosure Statement, encourages the parties to resolve all evidentiary disputes before the hearing on confirmation of the New Plan, and strongly discourages the parties from pursuing expensive, time-consuming, and unnecessary discovery or litigation regarding the adequacy of the Disclosure Statement or confirmation of the New Plan.

7.    The following dates shall govern approval of the Disclosure Statement with regard to aspects of the Disclosure Statement relating to the TCEH Debtors (as defined in the New Plan, but also including the EFH Corporate Services Debtors), including the hearing for the Court to consider approval of the Disclosure Statement (the "TCEH Disclosure Statement Hearing"), as well as confirmation of the New Plan with regard to aspects of the New Plan relating to the TCEH Debtors, including the hearing for the Court to consider confirmation of the New Plan as pertains to the TCEH Debtors (the "TCEH Confirmation Hearing"):

*Fact Discovery*

   a.    **Monday, May 2, 2016**, shall be the date on which Participating Parties may begin serving written discovery requests related to the TCEH Debtors (the "~~Consolidated~~ TCEH Requests") and all such written discovery requests must be served no later than ~~Wednesday~~**Friday,** **May** ~~25~~**27, 2016, at 4:00 p.m. (prevailing Eastern Time**~~, in accordance with the procedures in paragraph 11, below~~**.).**  The Participating Parties must serve written responses and objections to the ~~Consolidated~~ TCEH Requests no later than ~~Wednesday~~**Friday, June** ~~1~~**3, 2016**.

   b.    **Monday, May 2, 2016**, shall be the date on which Participating Parties may begin serving third-party subpoenas.

   c.    **Monday, May 2, 2016**, shall be the date on which Participating Parties may begin serving notices of depositions related to the TCEH Debtors, including notices under Rule 30(b)(6) of the Federal Rules of Civil Procedure.  Deposition notices must be served no later than seven days prior to the deposition date.

d.  **Wednesday, June 22, 2016**, shall be the date on which Participating Parties shall have completed responding to the ~~Consolidated~~ TCEH Requests (it being understood that Participating Parties will produce responsive materials on a rolling basis in advance of such date).

e.  **Wednesday, June 22, 2016**, shall be the date on which depositions of fact witnesses may begin.  Deposition notices must be served no later than seven days prior to the deposition date, and any objections thereto must be served no later than five days before the deposition date; *provided, however*, that the objection deadline will be no earlier than three days after the date the deposition notices are served.

f.  **Friday, June 24, 2016**, shall be the deadline for service of deposition notices.  Notwithstanding the foregoing, if a party designates a fact witness to testify at the TCEH Confirmation Hearing who has not been deposed, the deadline to serve a deposition notice on that witness shall be five days after the witness designation.

g.  **Wednesday, June 29, 2016**, shall be the deadline by which Participating Parties must file any motions to compel discovery responses and document production, except that a Participating Party shall have until **Tuesday, July 5, 2016**, to file a motion to compel based on that privilege log.  In no event will the making or the granting of a motion to compel be grounds, standing alone, to extend any of the dates set forth in this Order.

h.  **Thursday, June 30, 2016**, shall be the date on which Participating Parties shall have provided logs of all documents responsive to the ~~Consolidated~~ TCEH Requests that were withheld on the basis of any claim of privilege.

i.  **Thursday, June 30, 2016**, shall be the date on which all fact discovery related to the TCEH Debtors shall be complete.  Reasonable requests for follow up documents or limited fact depositions based on new information discovered after this date will not be unreasonably withheld.

*Disclosure Statement Proceedings*

j.  **Tuesday, May 31, 2016**, shall be the deadline by which any party, including the Participating Parties, must file any objections to the Disclosure Statement with regard to aspects of the Disclosure Statement relating to the TCEH Debtors.

k.  **Thursday, June 9, 2016**, shall be the deadline by which the Debtors must file their reply to all timely objections to the Disclosure Statement with regard to aspects of the Disclosure Statement relating to the TCEH Debtors.

l.  **Saturday, June 11, 2016**, shall be the date by which counsel to parties who filed timely objections to the Disclosure Statement with~~er~~out regard

5

to aspects of the Disclosure Statement relating to the TCEH Debtors and counsel to the Debtors must meet and confer with a view toward narrowing and resolving their disputes regarding the adequacy of the disclosure statement (the "TCEH DS Meet and Confer"). The TCEH DS Meet and Confer may be held either in person or by telephone. Any party whose attorney fails to timely participate in the TCEH DS Meet and Confer will be deemed to have waived its objections to the Disclosure Statement.

m. **Tuesday, June 14, 2016**, shall be the date on which the Debtors must file a statement identifying the objections to the Disclosure Statement with regard to aspects of the Disclosure Statement related to the TCEH Debtors that remain unresolved after the TCEH DS Meet and Confer. The Debtors shall contemporaneously file an amended version of the Disclosure Statement reflecting all proposed changes.

n. ~~Wednesday~~**Thursday**, **June** ~~15~~**16**, **2016**, **at 10:00 a.m. (prevailing Eastern Time)**, shall be the date and time of the start of the TCEH Disclosure Statement Hearing, and the Debtors shall have filed the material terms of a tax matters agreement as an exhibit to the proposed TCEH disclosure statement.

o. ~~**[DAY]**~~**Monday**, **June** ~~**[DATE]**~~**20**, **2016**, shall be the date by which the Debtors must file the final Disclosure Statement, with regard to aspects of the Disclosure Statement relating to the TCEH Debtors, as approved by the Court.

*Expert Discovery*

p. **Monday, July 11, 2016**, shall be the date by which the Participating Parties shall engage in the simultaneous exchange of reports prepared by the initial expert witnesses. These reports must satisfy the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. The Debtors will also update any of their valuation and liquidation analyses relating to the TCEH Debtors concurrently with the exchange of reports prepared by their initial expert witnesses.

q. **Monday, July 25, 2016**, shall be the date by which the Participating Parties shall engage in the simultaneous exchange of disclosures prepared by the rebuttal expert witnesses. These disclosures must satisfy the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

r. **Monday, August 1, 2016**, shall be the date on which all expert discovery relating to the TCEH Debtors shall be complete. Deposition notices must be served no later than five days prior to the deposition date, and any objections thereto must be served no later than three days before the

6

deposition date; *provided, however*, that the objection deadline will be no earlier than three days after the date the deposition notices are served.

*Plan Confirmation Proceedings*

s.  To the extent that the Debtors "toggle" to a taxable TCEH plan, the Debtors shall provide notice to all Participating Parties and request a status conference within two business days.

s.t. **Wednesday, July 13, 2016**, shall be the deadline by which Participating Parties must serve a preliminary list of witnesses and exhibits they intend to offer at the TCEH Confirmation Hearing.  Witness lists shall identify all witnesses that each party will call or may call at each phase of the TCEH Confirmation Hearing and shall provide a brief summary of each witness's anticipated testimony.

t.u. **Friday, July 15, 2016**, shall be the date on which counsel to the Participating Parties shall meet and confer regarding the initial pretrial conference, including as to the duration of the trial.

u.v.      **Wednesday, July 20, 2016, at 10:00 a.m. (prevailing Eastern Time),** shall be the date and time of an initial pretrial conference.  The number of trial days and the Court's post-trial procedures shall be determined at the initial pretrial conference.

v.w.      **Wednesday, August 3, 2016**, shall be the deadline by which Participating Parties seeking to admit a deposition transcript excerpt as evidence at the TCEH Confirmation Hearing must serve a notice identifying the specific excerpts to be offered.

w.x.      **Wednesday, August 3, 2016**, shall be the deadline by which any party, including the Participating Parties, must file any objections to the New Plan with regard to aspects of the New Plan relating to the TCEH Debtors.

x.y.      **Thursday, August 4, 2016**, shall be the deadline by which Participating Parties must serve a final list of witnesses and exhibits they intend to offer at the TCEH Confirmation Hearing.  Witness lists shall identify all witnesses that each Participating Party will call or may call at the TCEH Confirmation Hearing and shall provide a brief summary of each witness's anticipated testimony.

y.z.**Monday, August 8, 2016**, shall be the deadline by which any Participating Parties objecting to a deposition designation of a deposition transcript must serve their objection and by which any Participating Parties seeking to admit a deposition transcript excerpt as counter-evidence at the TCEH Confirmation Hearing must serve notice identifying the specific excerpts to be offered.

z.aa.    **Monday, August 8, 2016**, shall be the deadline by which Participating Parties must file motions in limine and by which Participating Parties must submit a proposed joint pretrial order per Local Bankruptcy Rule 7016-2(d).

aa.bb.    **Monday, August 8, 2016**, shall be the date by which the Participating Parties must meet and confer with a view toward narrowing and resolving their evidentiary disputes (the "TCEH Plan Meet and Confer"). The TCEH Plan Meet and Confer may be held either in person or by telephone.

bb.cc.    **Thuersday, August 911, 2016**, shall be the deadline by which Participating Parties must serve objections to final witness and exhibit lists and objections to deposition counter-designations.

cc.dd.    **Thursday, August 11, 2016**, shall be the deadline by which the Participating Parties must file oppositions to any motions in limine.

dd.ee.    **Friday, August 12, 2016**, shall be the deadline by which the Debtors must file their reply to all timely objections to the New Plan regarding aspects of the New Plan relating to the TCEH Debtors.

ee.ff.    **Monday, August 15, 2016, at 12:30 p.m. (prevailing Eastern Time),** shall be the date and time of the final pretrial conference.

ff.gg.    **Wednesday, August 17, 2016, at 10:00 a.m. (prevailing Eastern Time),** shall be the date and time of the start of the TCEH Confirmation Hearing. The TCEH Confirmation Hearing will continue from day to day, as the Court's schedule permits, until completed; provided, however, the TCEH Confirmation Hearing may be continued from time to time by the Court or the Debtors and, with respect to the TCEH Debtors, with the consent of the TCEH Supporting First Lien Creditors (as defined in the Plan), without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on all parties entitled to notice.

Trial time will be divided equally between New Plan supporters and New Plan objectors, to be monitored by a chess clock. The Court will consider the submission of written directs upon request by the parties, which submissions shall not count against the submitting party's available trial time.

The TCEH Debtors shall proceed first at the TCEH Confirmation Hearing, with supporters of and objectors to aspects of the New Plan affecting the TCEH Debtors putting forth their case as to such aspects. To the extent there are objections to confirmation of aspects of the Plan affecting EFH Debtors and/or EFIH Debtors (each as defined in the New Plan, and collectively, the "E-Side Debtors") that do not relate to or affect TCEH

8

Debtors, the Confirmation Hearing shall be concluded with respect to the TCEH Debtors and an appropriate order entered with respect thereto before proceeding with the Confirmation Hearing with respect to the E-Side Debtors (the "E-Side Confirmation Hearing," as described in Section III, below).

## III.   APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE NEW PLAN WITH REGARD TO THE E-SIDE DEBTORS

8.    The following dates shall govern approval of the Disclosure Statement with regard to aspects of the Disclosure Statement relating to the E-Side Debtors, including the hearing for the Court to consider approval of the Disclosure Statement (the "E-Side Disclosure Statement Hearing"), as well as confirmation of the New Plan with regard to aspects of the New Plan relating to the E-Side Debtors, including the hearing for the Court to consider confirmation of the New Plan as pertains to the E-Side Debtors (the "E-Side Confirmation Hearing"):

*Fact Discovery*

a.   **Monday, May 2, 2016**, shall be the date on which Participating Parties may begin serving written discovery requests related to the E-Side Debtors (the "~~Consolidated~~ E-Side Requests") and all such written discovery requests must be served no later than **Friday, May 27, 2016, at 4:00 p.m. (prevailing Eastern Time**~~, in accordance with the procedures in paragraph 11, below.~~**).**   The Participating Parties must serve written responses and objections to the ~~Consolidated~~ E-Side Requests no later than **Friday, June 3, 2016**.

b.   **Monday, May 2, 2016**, shall be the date on which Participating Parties may begin serving third-party subpoenas.

c.   **Monday, May 2, 2016**, shall be the date on which Participating Parties may begin serving notices of depositions related to the E-Side Debtors, including notices under Rule 30(b)(6) of the Federal Rules of Civil Procedure.  Deposition notices must be served no later than seven days prior to the deposition date.

d.   **Wednesday, June 29, 2016**, shall be the date on which Participating Parties shall have completed responding to the ~~Consolidated~~ E-Side Requests (it being understood that Participating Parties will produce responsive materials on a rolling basis in advance of such date).

9

e. **Thursday, June 30, 2016**, shall be the date on which depositions of fact witnesses may begin.  Deposition notices must be served no later than seven days prior to the deposition date, and any objections thereto must be served no later than five days before the deposition date; *provided, however*, that the objection deadline will be no earlier than three days after the date the deposition notices are served.

f. **Friday, July 8, 2016**, shall be the deadline for service of deposition notices.  Notwithstanding the foregoing, if a party designates a fact witness to testify at the E-Side Confirmation Hearing who has not been deposed, the deadline to serve a deposition notice on that witness shall be five days after the witness designation.

g. **Friday, July 8, 2016**, shall be the deadline by which the Debtors will file an amended Plan of Reorganization (the "Amended Plan"), and the Debtors shall request a telephonic status conference with the Court no later than two business days after filing the Amended Plan.  Participating Parties may serve supplemental written discovery requests  and supplemental deposition notices relating to material changes in the Amended Plan (the "Supplemental Requests") no later than **Wednesday, July 13, 2016, at 4:00 p.m. (prevailing Eastern Time), in accordance with the procedures in paragraph 11, below.).**  The Participating Parties must serve written responses and objections to the supplemental written discovery requestsSupplemental Requests no later than **Tuesday, July 19, 2016.**

h. **Friday, July 15, 2016**, shall be the date on which Participating Parties shall have provided logs of all documents responsive to the Consolidated E-Side Requests that were withheld on the basis of any claim of privilege.

i. **Friday, July 29, 2016**, shall be the date on which all fact discovery related to the E-Side Debtors shall be complete, except that the Participating Parties shall be required to complete production of documents in response to the Supplemental Requests by no later than **Friday, August 5, 2016**.  Reasonable requests for follow up documents or limited fact depositions based on new information discovered after this date will not be unreasonably withheld.

j. **Wednesday, August 10, 2016**, shall be the date on which Participating Parties shall have provided logs of all documents responsive to the Supplemental Requests that were withheld on the basis of any claim of privilege.

k. **Tuesday, August 2, 2016**, shall be the deadline by which Participating Parties must file any motions to compel discovery responses and document production, except that motions to compel discovery responses

and document production in response to the Supplemental Requests shall ~~by~~be filed by **Friday, August 12, 2016**.

*Disclosure Statement Proceedings*

l.   **Wednesday, July 13, 2016**, shall be the deadline by which any party, including the Participating Parties, must file any objections to the Disclosure Statement with regard to aspects of the Disclosure Statement relating to the E-Side Debtors.

m.   **Friday, July 15, 2016**, shall be the date by which counsel to parties who filed timely objections to the Disclosure Statement with regard to aspects of the Disclosure Statement relating to the E-Side Debtors and counsel to the Debtors must meet and confer with a view toward narrowing and resolving their disputes regarding the adequacy of the disclosure statement (the "E-Side DS Meet and Confer").  The E-Side DS Meet and Confer may be held either in person or by telephone.  Any party whose attorney fails to timely participate in the E-Side DS Meet and Confer will be deemed to have waived its objections to the Disclosure Statement.

n.   **Tuesday, July 19, 2016**, shall be the deadline by which the Debtors must file their reply to all timely objections to the Disclosure Statement with regard to aspects of the Disclosure Statement relating to the E-Side Debtors.

o.   **Wednesday, July 20, 2016**, shall be the date on which the Debtors must file a statement identifying the objections to the Disclosure Statement that remain unresolved after the E-Side DS Meet and Confer.  The Debtors shall contemporaneously file an amended version of the Disclosure Statement reflecting all proposed changes.

p.   **Thursday, July 21, 2016, at 10:00 a.m. (prevailing Eastern Time),** shall be the date and time of the start of the E-Side Disclosure Statement Hearing, provided, however, the E-Side Disclosure Statement Hearing may be continued from time to time by the Court or for good cause shown.

q.   **~~[DAY], [DATE],~~Tuesday, July 26, 2016**, shall be the date by which the Debtors must file the final Disclosure Statement, with regard to aspects of the Disclosure Statement relating to the E-Side Debtors, as approved by the Court.

*Expert Discovery*

r.   ~~Monday~~**Friday, August ~~8~~12, 2016**, shall be the date by which the Participating Parties shall engage in the simultaneous exchange of reports prepared by the initial expert witnesses.  These reports must satisfy the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

11

The Debtors will also update any of their valuation and liquidation analyses relating to the E-Side Debtors concurrently with the exchange of reports prepared by their initial expert witnesses.

s.    **Tuesday, August 23, 2016**, shall be the date by which the Participating Parties shall engage in the simultaneous exchange of disclosures prepared by the rebuttal expert witnesses.   These disclosures must satisfy the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

t.    **Thursday, September 8, 2016**, shall be the date on which all expert discovery relating to the E-Side Debtors shall be complete.   Deposition notices must be served no later than five days prior to the deposition date, and any objections thereto must be served no later than three days before the deposition date; *provided, however*, that the objection deadline will be no earlier than three days after the date the deposition notices are served.

*Plan Confirmation Proceedings*

u.    **Tuesday, August 23, 2016**, shall be the deadline by which Participating Parties must serve a <u>preliminary</u> list of witnesses and exhibits they intend to offer at the E-Side Confirmation Hearing.  Witness lists shall identify all witnesses that each party will call or may call at each phase of the E-Side Confirmation Hearing and shall provide a brief summary of each witness's anticipated testimony.

v.    **Tuesday, September 6, 2016**, shall be the date on which counsel to the Participating Parties shall meet and confer regarding the initial pretrial conference, including as to the duration of the trial.

w.    **Friday, September 9, 2016,** <u>**at 10:00 a.m. (prevailing Eastern Time)**</u><u>.</u> shall be the date <u>and time </u>of an initial pretrial conference.  The number of trial days and the Court's post-trial procedures shall be determined at the initial pretrial conference.

x.    **Monday, September 12, 2016**, shall be the deadline by which any party, including the Participating Parties, must file any objections to the New Plan with regard to aspects of the New Plan relating to the E-Side Debtors.

y.    **Tuesday, September 13, 2016**, shall be the deadline by which Participating Parties seeking to admit a deposition transcript excerpt as evidence at the E-Side Confirmation Hearing must serve a notice identifying the specific excerpts to be offered.

z.    **Thursday, September 15, 2016**, shall be the deadline by which Participating Parties must serve a <u>final</u> list of witnesses and exhibits they intend to offer at the E-Side Confirmation Hearing.  Witness lists shall identify all witnesses that each Participating Party will call or may call at

12

the E-Side Confirmation Hearing and shall provide a brief summary of each witness's anticipated testimony.

aa. **Thursday, September 15, 2016**, shall be the deadline by which any Participating Parties objecting to a deposition designation of a deposition transcript must serve their objection and by which any Participating Parties seeking to admit a deposition transcript excerpt as counter-evidence at the E-Side Confirmation Hearing must serve notice identifying the specific excerpts to be offered.

bb. **Thursday, September 15, 2016**, shall be the deadline by which Participating Parties must file motions in limine and by which Participating Parties must submit a proposed joint pretrial order per Local Bankruptcy Rule 7016-2(d).

cc. **Thursday, September 15, 2016**, shall be the date by which the Participating Parties must meet and confer with a view toward narrowing and resolving their evidentiary disputes (the "E-Side Plan Meet and Confer"). The E-Side Plan Meet and Confer may be held either in person or by telephone.

dd. **Friday, September 16, 2016**, shall be the deadline by which Participating Parties must serve objections to final witness and exhibit lists and objections to deposition counter-designations.

ee. **Monday, September 19, 2016**, shall be the deadline by which the Participating Parties must file oppositions to any motions in limine.

ff. **Thursday, September 22, 2016**, shall be the deadline by which the Debtors must file their reply to all timely objections to the New Plan regarding aspects of the New Plan relating to the E-Side Debtors.

gg. **Friday, September 23, 2016, at 10:00 a.m. (prevailing Eastern Time),** shall be the date and time of the final pretrial conference.

hh. **Monday, September 26, 2016, at 10:00 a.m. (prevailing Eastern Time)** shall be the date and time of the start of the E-Side Confirmation Hearing. The E-Side Confirmation Hearing will continue from day to day, as the Court's schedule permits, until completed; provided, however, the E-Side Confirmation Hearing may be continued from time to time by the Court or for good cause shown.

Trial time will be divided equally between New Plan supporters and New Plan objectors, to be monitored by a chess clock. The Court will consider the submission of written directs upon request by the parties, which submissions shall not count against the submitting party's available trial time.

## IV.    OTHER GOVERNING PROTOCOLS AND PROCEDURES

9.    **Separate Confirmation Hearings**.    This Confirmation Scheduling Order provides that the Debtors will seek to confirm and consummate the New Plan first as to the TCEH Debtors, as described above.    If any of the E-Side Debtors are unable to prosecute, confirm or consummate the Plan as it relates to such E-Side Debtors in a manner consistent with the deadlines set forth herein for any reason, the TCEH Debtors shall nevertheless (unless otherwise agreed to by the TCEH Debtors and the TCEH Supporting First Lien Creditors (as defined in the Plan)) separately pursue confirmation and consummation of the New Plan as to the TCEH Debtors as expeditiously as possible and in a manner consistent with the deadlines set forth herein (including in paragraph 7 of this Order).    Notwithstanding anything herein to the contrary, the deadlines set forth herein with respect to the Disclosure Statement Hearing and the Confirmation Hearing shall not be adjourned or otherwise amended as they relate to approval of the Disclosure Statement or confirmation or consummation of the New Plan as to the TCEH Debtors without the prior written consent of the TCEH Debtors and the TCEH Supporting First Lien Creditors. ~~If (a) the Disclosure Statement is not approved as to the TCEH Debtors by July 1, 2016, (b) the Confirmation Hearing as to the TCEH Debtors has not begun by August 17, 2016, (c) the New Plan does not go effective as to the TCEH Debtors by September 15, 2016, (d) the Debtors fail to commence solicitation on the New Plan as to the TCEH Debtors on or before the date that is fourteen (14) days after entry of an order approving the Disclosure Statement as to the TCEH Debtors, (e) the Debtors amend or modify the New Plan in a manner adverse to the holders of TCEH First Lien Claims (as defined in the New Plan) without the prior written consent of the TCEH Supporting First Lien Creditors (as defined in the New Plan), or (f) the Debtors file a notice abandoning, revoking, or withdrawing the New Plan as to one or more of the TCEH Debtors, then in each case, the TCEH First Lien Ad Hoc Committee may file on the~~

14

~~docket a notice of intent to become a proponent of its own chapter 11 plan and an amended draft~~ ~~of the New Plan only as to the TCEH Debtors (the "T-First Plan") and, if prior to approval of the~~ ~~Disclosure Statement, an amended Disclosure Statement (the "T-First DS"), and so long as such~~ ~~T-First Plan qualifies as an Alternative Restructuring under the PSA, such T-First Plan shall be~~ ~~deemed automatically to (i) have been filed as of May 1, 2016, (ii) have the full benefit of votes~~ ~~previously cast and any prior orders of the Court with respect to the New Plan as it relates to the~~ ~~TCEH Debtors (including any order approving the Disclosure Statement as it relates to the~~ ~~TCEH Debtors), and (iii) be subject to the same deadlines and timelines set forth in this~~ ~~Confirmation Scheduling Order, without further action or notice by any party or the Court.  In~~ ~~such event, the TCEH Debtors shall reasonably cooperate with and assist the TCEH First Lien~~ ~~Ad Hoc Committee in seeking to confirm and consummate the T-First Plan; *provided, however,*~~ ~~that each Debtor's right to seek any relief in respect of the T-First Plan, including, but not limited~~ ~~to, objecting to, as applicable, the T-First DS or the T-First Plan, is fully preserved to the extent~~ ~~such Debtor determines, in good faith,  that such relief is required in the exercise of its fiduciary~~ ~~duties.~~  For purposes of section 2.1 of the Settlement Agreement and Section 6.1(b)(ii) of the Plan Support Agreement (and any related provisions of the Settlement Agreement, the Plan Support Agreement, and/or the orders approving such agreements), notwithstanding anything to the contrary herein or in the New Plan, the New Plan constitutes a separate plan of reorganization for each Debtor and is not, and shall be deemed to not constitute, a joint plan of reorganization that includes both the TCEH Debtors and EFH.  For the avoidance of doubt, the foregoing shall not preclude or limit the right of the TCEH First Lien Ad Hoc Committee (or any member thereof) to file a chapter 11 plan of reorganization at any time, and all parties' rights with respect to such plan, if any, are fully preserved.

15

10.     **Protective Order**.  All discovery in connection with the Disclosure Statement Proceedings and Confirmation Proceedings shall be subject to and conducted in accordance with the terms of the Confidentiality Agreement and Stipulated Protective Order, dated August 13, 2014 [D.I. 1833], attached hereto as **Exhibit 1** (the "Protective Order").  By serving a Notice of Intent, each Proposed Participant shall be deemed to have read and agreed to abide by the terms of the Protective Order.  Upon becoming a Participating Party, each Participating Party must provide the Protective Order to any person it employs or engages who is given access to information produced in discovery.

11.     ~~**Coordination of Requests for Discovery**.  In order to avoid service of multiple, duplicative document requests and the attendant costs and other burdens imposed upon the Debtors and any non-Debtor producing parties to respond to such requests in connection with the Disclosure Statement Proceedings and Confirmation Proceedings, the Creditors' Committees shall act as facilitators and intermediaries between the Debtors and all other Participating Parties in preparation of the Consolidated Requests and any deposition notices.  The Creditors' Committees shall work together and coordinate to ensure that the Consolidated Requests and deposition notices are narrowly tailored and not redundant or duplicative.  Notwithstanding the foregoing, secured creditors that are Participating Parties shall not be required to coordinate with the Creditors' Committees in the preparation of the Consolidated Requests, and any deposition notices, and will be permitted to propound Consolidated Requests and Confirmation Proceeding deposition notices without such coordination.~~

~~12.~~11.  **Document Discovery**.

       a.    Repository.  All producing parties shall produce documents by providing them to a third-party service provider, which will then make the documents available through a document repository (the "Repository"). The Repository will be the same repository established under paragraph 7

16

of the *Order Establishing Discovery Procedures with Legacy Discovery of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties and Other Related Matters*, dated August 13, 2014 [D.I. 1832] (the "Legacy Discovery Protocol") and shall maintain the same functionality ordered under the Legacy Discovery Protocol. The Debtors shall remain responsible for the costs of housing the Repository, while each Participating Party shall be responsible for the costs of its respective access to and downloading from the Repository.

b. <u>Production Format Protocol</u>.  All documents and ESI produced by the Debtors or any non-Debtors in accordance with this Order shall be produced in conformance with the terms of the e-discovery protocol [D.I. 4138-2], attached hereto as **<u>Exhibit 2</u>**.

13.12.  **Document Discovery from Legal, Financial, or Industry Advisors of the Participating Party**.  Each Participating Party that is the recipient of a request for the production of documents agrees to make reasonable efforts to produce responsive and non-privileged documents on behalf of any legal, financial, or industry advisor retained by such Participating Party in connection with these chapter 11 cases and/or under the Participating Party's control, without the need for such advisor to be subpoenaed directly.

14.13.  **Assertions of Privilege**.  If any recipient of a discovery request withholds or redacts any documents on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, that person shall provide the Participants with a privilege log consistent with Rule 26(b)(5) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7026 and 9014.  Efficient means of providing information regarding claims of privilege are encouraged, and parties are encouraged to agree upon measures that further this end.  For example, when asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by Rule 26(b)(5) by group or category.  A party receiving a privilege log that groups documents or otherwise departs from a document-by-document or communication-by-communication listing may not object

solely on that basis, but may object if the substantive information required by Rule 26(b)(5) has not been provided in a comprehensible form.

~~15.~~14.  **Limitations on Interrogatories**.   Unless otherwise ordered by the Court, interrogatories shall be restricted to those seeking names of witnesses with knowledge of discoverable information.  Interrogatories other than those seeking information described in this paragraph shall not be allowed.

~~16.~~15.  **Requests for Admission**.  Without leave of the Court upon a specific showing of good cause, requests for admission pursuant to Rule 36 of the Federal Rules of Civil Procedure shall not be allowed, except with respect to any request to admit the authenticity of any described document.

~~17.~~16.  **Limitations on Depositions**. A Participating Party must obtain leave of Court, for good cause shown, to take a deposition that would result in (a) more than 10 fact witness depositions taken by Plan objectors or 10 fact witnesses taken by Plan proponents; or (b) a witness being deposed more than once in his or her individual capacity; for the avoidance of doubt, the 10-deposition limit shall apply separately to the E-Side Debtors and the TCEH Debtors.  Each deposition taken in connection with Confirmation Proceedings shall be limited to eight hours.  For purposes of these limitations, each witness produced in response to a Rule 30(b)(6) deposition notice shall be treated as a separate deponent.  At least forty-eight hours in advance of any Rule 30(b)(6) deposition, the party being deposed shall identify all witnesses who will be put forward to testify on the topics in the 30(b)(6) deposition notice.  The respective Creditors' Committees and the secured creditors shall negotiate in good faith regarding the allocation of fact depositions.

18

18.17.  **Overlap with Prior Discovery**. Participating Parties shall not serve discovery seeking the same documents from the same time period already produced by that Participating Party in response to other requests in these chapter 11 cases, including documents produced in connection with the Second Day motions, RSA, Venue, Retention, Makewhole proceedings, Legacy Discovery, or prior plan confirmation proceedings, nor shall the Participating Parties seek discovery on any topic that was resolved and settled in connection with the Settlement Order [D.I. 7243].  The Debtors will ensure that the Repository includes all documents produced pursuant to any formal document demand in these chapter 11 cases to which the Debtors have access.

19.18.  **Third-Party Documents Received Pursuant to Subpoena**.  Each Participating Party shall produce or make available to the other Participating Parties, through the Repository, all materials obtained from third parties pursuant to Rule 45 of the Federal Rules of Civil Procedure within five business days of receiving such material from a third party.

20.19.  **Expert Discovery**.  Any expert retained or specially employed to provide expert testimony in connection with the Confirmation Proceedings shall submit an expert report that satisfies the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.  The limitations on expert discovery under Rule 26(b)(4) shall apply.

21.20.  **Discovery Disputes**.  Any dispute with regard to discovery conducted under this Order that cannot be resolved in good faith consultation may be presented to the Court by a letter from the party seeking relief with all Participating Parties copied.  Unless otherwise agreed to by the disputing Participating Parties, any response to such letter shall be made by letter to the Court delivered within five business days after service of the initial letter submission on the applicable

19

Participating Party.  Without leave from the Court, no letter shall exceed eight pages in length and no additional submissions will be permitted.

22.21.  **Amendments or Modifications**.  Except as otherwise ordered by the Court, this Order shall control any and all discovery by Participating Parties in connection with the Confirmation Proceedings; *provided, however,* that the Debtors, in agreement with the affected Participating Parties, may amend or modify the terms of this Order without further order by the Court upon filing written notice of such amendment or modification with the Court; *provided further, however,* that the provisions of paragraph 9 of this Order and the deadlines set forth herein (including in paragraph 7 of this Order) as they relate to the Disclosure Statement Hearing and Confirmation Hearing for the TCEH Debtors shall not be adjourned, amended or modified without the prior written consent of the TCEH Debtors and the TCEH Supporting First Lien Creditors.  All Participating Parties may seek to amend or revise any of the dates or obligations herein for good cause shown.

23.22.  **Service**.  All pleadings, motions, and other papers related to the Confirmation Proceedings that are filed are to be served electronically.  In addition, the Participating Parties agree to serve by e-mail on all other Participating Parties all discovery requests—in both .pdf and Word format—and written responses and other papers that are not filed.  If transmission of voluminous materials as an e-mail attachment is impractical, those materials shall be served by overnight delivery with the ability to "track" deliveries and verify receipt.  Unless received by 6 p.m. Eastern time, discovery requests will be deemed received the next business day.

24.23.  **No Legal Representation Implied by Participation**.  For the avoidance of doubt, neither any provision of this Order nor the participation or activity by any attorney in any aspect of the Confirmation Proceedings shall be deemed or construed to create an attorney-client

relationship between any attorney and any Participating Party, and no attorney participating in the Confirmation Proceedings shall have any duty or obligation to any Participating Party other than as indicated on the applicable Notice of Intent.

## V.    MISCELLANEOUS

25.24.  For purposes of clarity, the page limit set forth in Local Bankruptcy Rule 7007-2(a)(iv) shall not apply to the Debtors in connection with filing any brief or declaration in support of Plan confirmation.

26.25.  Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

27.26.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

28.27.  All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

29.28.  The Debtors are authorized to take all actions necessary to effectuate the relief

30.29.  The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  _____, 2016            **SO ORDERED:**

                                        _____
                                        United States Bankruptcy Judge

21

# EXHIBIT 1

**Protective Order**

# EXHIBIT 2

**Production Format Protocol**