**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., et al.,[1]<br><br><br><br><br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) Jointly Administered<br>)<br>) Re: Docket Nos. 8357 & 8423<br>)<br>) Hearing Date: June 16, 2016 at 10:00 a.m. (E.T.)<br>) Objection Deadline: May 31, 2016<br>) |

**OBJECTION OF EFH INDENTURE TRUSTEE TO APPROVAL OF DISCLOSURE STATEMENT FOR THE AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

American Stock Transfer & Trust Company, LLC ("AST"), as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "EFH Indenture Trustee") under the indentures (the "Indentures") for notes (the "EFH Notes") issued by EFH Future Holdings Corp. ("EFH Corp.") (as described in Exhibit 1 attached hereto), by its undersigned counsel, hereby objects (the "Objection") to the *Motion of Energy Future Holdings Corp. et al., for Entry of an Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, And Tabulating Votes on the Plan and for Filing Objections to the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents* [Docket No.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification Numbers is not provided herein.

1

4826-1996-4978.10

8357] (the "Motion").² In opposition to approval of the *Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 8423] (the "Proposed New Disclosure Statement"),³ the EFH Indenture Trustee respectfully states as follows:

## I.
## PRELIMINARY STATEMENT

1.      As a preliminary matter it must be noted that the Proposed New Plan on file is a joint plan even though the Debtors have now confirmed their intention to proceed with two separate plans. Accordingly, both the Proposed New Plan and the Proposed New Disclosure Statement need significant revisions to address issues raised by the recent switch to a dual track confirmation schedule. As outlined below and as will be explained after the Debtors file a substantially amended disclosure statement – the separation of the T-Side from the E-Side is extraordinarily complicated and will by necessity require the transfer of E-Side assets, including real property, personal property and perhaps even tax attributes, to the T-Side. EFH Corp. must be compensated for these transfers and any disclosure statement must provide details concerning such transfers.

2.      In August 2015 — some nine months ago — the Debtors, the TCEH First Lien Lenders and certain other parties agreed on the broadest outline of the terms of an "Alternative

---

² In accordance with the Court's *Order Scheduling Certain Hearing Dates And Deadlines And Establishing Certain Protocols In Connection With The Confirmation Of Debtors Joint Plan Of Reorganization And The Approval Of Debtors Disclosure Statement* [Docket Number 8514], this Objection is for matters to be considered at the TCEH Disclosure Statement Hearing, currently scheduled for June 16, 2016. All rights with regard to the E-Side Disclosure Statement Hearing, currently scheduled for July 21, 2016, are reserved.

³ Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Proposed New Disclosure Statement or the *Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 8421] (as it may be further amended, supplemented or modified, the "Proposed New Plan"), as applicable.

Restructuring" to be implemented if the REIT Reorganization (under which all EFH Corp. creditors were to be paid in full) failed. The details of a confirmable plan for an "Alternative Restructuring" were never finalized.[4] Notably, the agreed outline contained in the Plan Support Agreement and the Settlement Agreement was silent on two key issues: (i) taxes and (ii) how TCEH would operate without the benefit of EFH Corporate Services, EFH Properties Company and certain other assets owned (directly or indirectly) by EFH Corp.[5]

3. While the Debtors are free to hand the "T-Side keys" to the TCEH First Lien Lenders, they are not entitled to transfer *any* assets of EFH Corp. to those lenders. EFH Corp. creditors are no longer being "paid in full."

4. At this stage, the Proposed New Disclosure Statement cannot be approved because it fails to provide key information relating to the contemplated transfer and use of EFH Corp.'s assets to or for the benefit of TCEH and its creditors. Aside from disclosing that these transfers are contemplated, the Proposed New Disclosure Statement contains no information regarding which assets might be transferred and which assets will be left behind, and no effort has been made to value those assets. Notably, the contemplated transfers, if made without appropriate consideration to EFH Corp., would be fraudulent transfers and thus render the T-Side plan patently unconfirmable. Furthermore, even if EFH Corp.'s board of directors has decided to give away assets and tax attributes of EFH Corp. as part of TCEH's plan of reorganization, they lack the power and authority to do so. Any such out of the ordinary course transfer or use of

---

[4] The EFH Indenture Trustee is not required to support any "Alternative Restructuring" – it is not a party to the Plan Support Agreement, and the settlement by the EFH Indenture Trustee of certain claims in connection with the prior plan did not require it to support any Alternative Restructuring.

[5] See, e.g., *Order Authorizing Debtors To Enter Into And Perform Under Plan Support Agreement* [Docket Number 6097] and *Order Granting the Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter into and Perform Under the Settlement Agreement* [Docket Number 7243].

3

EFH Corp.'s property should only be done as part of EFH Corp.'s own plan of reorganization or following a separate approval process in the EFH Corp. bankruptcy case.

5. Finally, it must be emphasized that as of the objection deadline, the Debtors have not yet filed new plans or disclosure statements providing information on how the dual-track confirmation process affects both the TCEH Debtors and EFH Corp. This failure alone is grounds for denial of the relief requested. Accordingly, the EFH Indenture Trustee anticipates that it will need to supplement this Objection prior to the hearing on the Proposed New Disclosure Statement and reserves all its rights to raise additional objections in response to any amendment to the Proposed New Disclosure Statement or any new plan that the Debtors may file.

6. For these reasons, and those outlined below, the Court should not enter an order approving the Proposed New Disclosure Statement.

## II.
## RELEVANT BACKGROUND

**A.    AST's Retention and Role as Indenture Trustee for the EFH Notes**

7. AST serves as the successor indenture trustee under the Indentures for the EFH Notes issued by EFH Corp. The combined aggregate outstanding principal amount of the EFH Notes is approximately $1.9 billion. Approximately $1.2 billion of that debt is held by EFIH.

**B.    Dual-Track Disclosure Statement and Confirmation Schedule
for TCEH and EFH/EFIH Debtors**

8. On May 24, 2016, the Court entered the *Order Scheduling Certain Hearing Dates And Deadlines And Establishing Certain Protocols In Connection With The Confirmation Of Debtors' Joint Plan Of Reorganization And The Approval Of Debtors' Disclosure Statement* [Docket No. 8514], which provides that the TCEH Debtors (as defined in the Proposed New Plan, ***including the EFH Corporate Services Debtors***) will have separate disclosure statement

and plan confirmation tracks than EFH Corp. and EFIH. As of now, the confirmation hearing for the TCEH Debtors is scheduled to begin on August 17 and EFH Corp.'s confirmation hearing will begin more than a month later on September 26. As of this date, the Debtors have not filed a revised disclosure statement or separate plans of reorganization for the T-Side and the E-Side to document the dual track confirmation process.

## III.
## OBJECTION

9. "Adequate information" is defined in section 1125(a) of the Bankruptcy Code as

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan,
> . . .

11 U.S.C. § 1125(a).

10. The standard for determining whether the Debtors have provided "adequate information" to creditors and parties-in-interest required under section 1125 is whether the "hypothetical reasonable investors receive[d] such information as will enable them to evaluate for themselves what impact the information might have on their claims and the outcome of the case, and to decide for themselves what course of action to take." *In re Ferguson*, 474 B.R. 466, 470-471 (Bankr. D.S.C. 2012) (denying approval of disclosure statement as not containing adequate information).

11. Courts have identified key elements that should be contained in a disclosure statement as a predicate to court approval. These include, among other things,

    (i)    the events which led to the filing of a bankruptcy petition;
    (ii)   a description of the available assets and their value;

(iii) the anticipated future of the company;
(iv) the source of information stated in the disclosure statement;
(v) a disclaimer;
(vi) the present condition of the debtor while in Chapter 11;
(vii) the scheduled claims;
(viii) the estimated return to creditors under a Chapter 7 liquidation;
(ix) the accounting method utilized to produce financial information and the name of the accountants responsible for such information;
(x) the future management of the debtor;
(xi) the Chapter 11 plan or a summary thereof;
(xii) the estimated administrative expenses, including attorneys' and accountants' fees;
(xiii) the collectibility of accounts receivable;
(xiv) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan;
(xv) information relevant to the risks posed to creditors under the plan;
(xvi) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers;
(xvii) litigation likely to arise in a nonbankruptcy context;
(xviii) tax attributes of the debtor; and
(xix) the relationship of the debtor with affiliates.

*See In re Metrocraft Pub. Services, Inc.,* 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (denying approval of disclosure statement as not containing adequate information) (emphasis added).

12.     Here, the Proposed New Disclosure Statement contains practically no information on how confirmation of the Proposed New Plan for TCEH and the EFH Corporate Services Debtors will affect EFH Debtors and their creditors, the value (or range of values) that EFH Corp.'s creditors will receive under the Proposed New Plan, or why certain EFH Corp. assets are being transferred to the TCEH Debtors for no consideration.

**A.     Procedural Objection**

13.     As of the date of the Objection, the Proposed New Disclosure Statement on file, which was prepared for a joint E-Side and T-Side reorganization, cannot be used as the disclosure statement for a standalone plan for TCEH and the EFH Corporate Services Debtors. Specifically, material details concerning the following issues remain outstanding and must be incorporated into the disclosure statement prior to approval:

    (i)       how the dual-track confirmation process affects both the TCEH Debtors and EFH Corp.;

    (ii)      the terms of the Tax Matters Agreement, including the tax implications of a potential Spin-Off on EFH Corp. and the tax implications of a potential taxable transaction on EFH Corp.; and

    (iii)     the value of the assets to be transferred by EFH Corp. to TCEH and the implications of and alterntives to any such transfer.

14.     This information is critical to reading and understanding any plan. In addition, all parties in interest are entitled to sufficient time to evaluate any amended disclosure statement containing such material information for at least 28 days under Fed. R. Bankr. P. 3017. Accordingly, the Court's consideration of the Proposed New Disclosure Statement is premature because that disclosure statement cannot be deemed complete. In cases as complex as these the 28-day objection period should not be shortened. The clock should only begin to run after the Debtors have filed a disclosure statement containing these key terms.

**B.**    **The Proposed New Disclosure Statement Does Not Provide Adequate Information Regarding T-Side Reorganization or Its Effect on EFH Corp.'s Tax Attributes**

15.     The Proposed New Plan provides for two alternative restructuring paths for the TCEH Debtors:

- "Under the Spin-Off, TCEH will spin off from the Debtors to form a standalone reorganized entity, Reorganized TCEH, and certain tax attributes of the EFH Group will be substantially used to provide Reorganized TCEH with a partial step-up in tax basis in certain of its assets, valued at approximately $1.0 billion."

- "If the Spin-Off Condition is not satisfied, then the assets of the TCEH Debtors will be transferred to Reorganized TCEH in a transaction or transactions intended to qualify as a taxable sale or exchange under section 1001."

Proposed New Disclosure Statement, at 9. At this time, it is not clear which path will be taken by the TCEH Debtors. Under a Spin-Off, the TCEH Debtors propose using *EFH Group* tax attributes. However, the Proposed New Disclosure Statement does not describe which tax

7

attributes will be used or the effect of that usage on EFH Corp. or its creditors.[6] In *Metrocraft*, the court denied approval of the debtor's disclosure statement because, among other things, the disclosure statement did not mention the debtor's net operating loss carry-overs and that "if such tax attributes are available for the debtor's use, they should be described so that creditors may evaluate the actual after-tax position of the debtor. If such tax attributes are not available to the debtor, a brief explanation of the reasons leading to that conclusion is sufficient." 39 B.R. at 571

16. Here, the Proposed New Disclosure Statement fails to provide any information regarding the tax consequences to EFH Corp. of either the so-called "tax-free" Spin-Off or of the transfer of TCEH and its assets as a taxable transaction. Since EFH Corp.'s creditors are not being paid in full, the tax attributes of EFH Corp. may represent a valuable asset to EFH Corp.'s creditors or future owners. Additionally, either the Spin-Off or the taxable disposition of TCEH could jeopardize EFH Corp.'s ability to capture the value of these tax attributes post-emergence. Accordingly, EFH Corp.'s creditors are entitled to more disclosure on the effects of the Spin-Off and the transfer of TCEH and its assets as a taxable transaction on EFH Corp.

**C.    The Proposed New Disclosure Statement Lacks Adequate Information Regarding EFH Corp.'s Transfer of EFH Corporate Services or its Assets to T-Side Debtors**

17. As the simplified organizational structure below illustrates, EFH Corporate Services is a wholly-owned subsidiary of EFH Corp. and its assets are not encumbered by the liens of the TCEH First Lien Creditors (Case No. 14- 10996):

---

[6] Presumably such detail will be addressed in the tax matters agreement which is scheduled to be filed on June 13, 2016, a mere three days prior to the hearing on the Proposed New Disclosure Statement. As noted above, parties-in-interest are entitled to 28 days notice of such material agreements. Fed. R. Bankr. P. 3017.



18. While the creditors of EFH Corporate Services are represented by the T-Side Committee, the interests of the equity holder in EFH Corporate Services, namely EFH Corp. and its creditors, are not represented by that committee.[7]

19. In the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., In Support of First Day Motions* [Docket No. 98] (the "First-Day Declaration") the Debtors explained:

> EFH Corporate Services provides a host of vital shared services, primarily to TCEH (i.e., Luminant and TXU Energy) and, to a lesser extent, EFH Corp., EFIH, and Oncor. EFH Corporate Services employs approximately 450 individuals—including the majority of the Debtors' senior executives. **These shared services are integral to EFH Corp. and its subsidiaries' business operations, and also generate significant cost savings.**

---

[7] A full corporate organizational chart is attached as Exhibit C to the First Day Declaration (defined below).

9

EFH Corporate Services provides the shared services to TCEH and EFIH under separate shared services agreements (the "Shared Services Agreements"), and to EFH Corp. and certain of EFH Corp.'s other direct and indirect subsidiaries through a series of operating procedures and the cash management system administrated by EFH Corporate Services. Services are provided to Oncor based on historical practice. All shared services are billed at cost. In 2014, shared services are expected to be allocated approximately 54% to Luminant, 30% to TXU Energy, 13% to Oncor, 2% to EFIH, and 2% to EFH Corp.

The shared services include, among other things, certain:

- legal functions;
- human resources functions;
- treasury functions;
- enterprise and market risk management functions;
- controller functions;
- federal, state, and local tax services;
- financial planning functions;
- strategy and business development functions;
- information technology and infrastructure services;
- external affairs, including political and regulatory advocacy services;
- investor and media relations services;
- corporate secretarial, security, compliance, and ethics issues advising;
- internal auditing and Sarbanes-Oxley compliance;
- supply chain services;
- business services administration; and
- facility design and construction and real estate management.

First-Day Declaration, at ¶¶45-47 (emphasis added); see also Proposed New Disclosure Statement, at 33-34.[8]

---

[8] The importance of EFH Corporate Services is underscored by the fact that Michael Carter, the Senior Vice President of Corporate Planning and an Assistant Treasurer of EFH Corporate Services Company, provided the declaration in support of the Debtors' motion to extend their exclusivity periods. *See Declaration of Michael Carter, Senior Vice President of Corporate Planning and Assistant Treasurer of EFH Corporate Services Company in Support of the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Extending the Debtors Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code* [Docket No. 1684].

20.     The proposed transfers at issue are material.  In the *Schedules of Assets and Liabilities* for EFH Corporate Services [Docket No. 1247] (the "EFH Corporate Services Schedules"), EFH Corporate Services is listed as having **over $147 million in assets** and only $55 million in liabilities, which include a $31 million intercompany payable to EFH Corp., and a $20 million intercompany payable to EFH CG Management Company LLC, a wholly owned subsidiary of EFH Corporate Services.

21.     By all indications, EFH Corporate Services is a valuable and *solvent* subsidiary of EFH Corp. that provides indispensable services to all Debtors.  Despite this, under the Proposed New Plan, EFH Corp. is transferring EFH Corporate Services to the T-Side for *no consideration* **in an amorphous and ill-defined transaction.**  Under the Proposed New Plan, the Debtors propose to transfer EFH Corporate Services to Reorganized TCEH, but the transaction is described simply as follows: "either the equity of EFH Corporate Services *or* certain assets and liabilities of EFH Corporate Services will be transferred to Reorganized TCEH . . . ."  Proposed New Disclosure Statement, at 34 (emphasis added).  No consideration for such transfer is mentioned.

22.     The vagueness of the description of the EFH Corporate Service transfer warrants denial of the Proposed New Disclosure Statement since it does not describe what is actually being transferred in any meaningful way.  An equity transaction is vastly different from an asset sale.  Moreover, the importance of EFH Corporate Services in the corporate structure cannot be overstated.  As set forth in the First-Day Declaration, the services provided by EFH Corporate Services are "integral to EFH Corp. and its subsidiaries' business operations, and also generate significant cost savings."  First-Day Declaration, at ¶45.  All parties in interest deserve to know what exactly is proposed for this valuable E-side entity.

23. Furthermore, as of the date hereof, no information has been provided to explain why EFH Corp. should give up such a valuable asset which, as of June 30, 2014, had a net value of nearly $100 million. The Proposed New Disclosure Statement also fails to explain why EFH Corporate Services should not remain an EFH Corp. subsidiary or have its own stand-alone plan. Although the EFH Corporate Services transfer was contemplated under the prior terminated plan, EFH Corp. creditors had no reason to challenge that transfer since they were getting paid in full. However, EFH Corp. creditors are now only receiving a pro-rata recovery; therefore, EFH Corporate Services represents a significant source of value to EFH Corp.'s creditors that should not be given away for free.

24. Finally, any plan that provides for any divestiture by EFH Corp. of its interest in EFH Corporate Services must disclose any adverse consequences to EFH Corp. and its continuing businesses. In contrast, other than the statement that "EFH Corporate Services provides a host of vital shared services to the TCEH Entities, EFH Corp, EFIH and Oncor Electric," the Proposed New Disclosure Statement contains no detail regarding these services, what the replacement cost of such services might be, or the business interruptions that may occur by the need to replace these services, either by obtaining the services from a third party or through an acquisition of assets and personnel necessary to provide such services.

## IV.
### Reservation of Rights

25. The EFH Indenture Trustee reserves all rights it may have in law or in equity to supplement this Objection and raise additional issues in the event further amendments or modifications to the Proposed New Disclosure Statement or Proposed New Plan are filed by the Debtors.

# V.
# **CONCLUSION**

WHEREFORE, the EFH Indenture Trustee respectfully request the Court deny approval of the Proposed New Disclosure Statement and grant such other relief as is just and proper.

| | |
|---|---|
| Dated: Wilmington, DE<br>May 31, 2016 | **CROSS & SIMON, LLC**<br><br>By: /s/ *Christopher P. Simon*<br>Christopher P. Simon (Del. Bar No. 3697)<br>1105 North Market Street, Suite 901<br>Wilmington, Delaware 19801<br>Telephone: (302) 777-4200<br>Facsimile: (302) 777-4224<br>csimon@crosslaw.com<br><br>- and –<br><br>NIXON PEABODY LLP<br>Amanda D. Darwin<br>Richard C. Pedone<br>Erik Schneider<br>100 Summer Street<br>Boston, Massachusetts 02110<br>Telephone: (617) 345-1000<br>Facsimile: (617) 345-1300<br>adarwin@nixonpeabody.com<br>rpedone@nixonpeabody.com<br><br>-and-<br><br>Christopher J. Fong<br>437 Madison Avenue<br>New York, NY 10022<br>Telephone: 212-940-3724<br>Facsimile: 855-900-8613<br>cfong@nixonpeabody.com<br><br>*Co- Counsel to American Stock Transfer & Trust Company, LLC, as Indenture Trustee* |

4826-1996-4978.10