**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) **Re: D.I. 8423**<br>) <u>Hearing Date</u>: June 16, 2016 at 10:00 a.m. ET<br>) <u>Objection Deadline</u>: May 31, 2016 |

**RESERVATION OF RIGHTS AND LIMITED OBJECTION OF
UMB BANK, N.A. TO THE DISCLOSURE STATEMENT FOR THE AMENDED
JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS
CORP., *ET AL.* PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

UMB Bank, N.A., as Indenture Trustee (the "<u>Trustee</u>") for the unsecured 11.25%/12.25% Senior Toggle Notes Due 2018 (the "<u>PIK Notes</u>") and the 9.75% Senior Notes due 2019 (the "<u>Unexchanged Senior Notes</u>" and, together with the PIK Notes, the "<u>EFIH Unsecured Notes</u>"), by and through its undersigned counsel, files this reservation of rights and limited objection (the "<u>Reservation of Rights</u>") in connection with the Debtors' *Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 8423] (the "<u>Disclosure Statement</u>").[1] In support of this Reservation of Rights, the Trustee respectfully submits as follows:

**RESERVATION OF RIGHTS AND LIMITED OBJECTION**

1. On May 23, 2016, the Court held a hearing and approved a scheduling order, providing for separate disclosure statement and plan confirmation schedules for the TCEH Debtors and the E-Side Debtors. *See generally Order Scheduling Certain Hearing Dates and*

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Scheduling Order (defined below) or the Disclosure Statement, as applicable.

*Deadlines and Establishing Certain Protocols in Connection with the Confirmation of the Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement* [D.I. 8514] (the "Scheduling Order"). Under the Scheduling Order, objections to aspects of the Disclosure Statement relating to the TCEH Debtors must be filed by May 31, 2016 and a Disclosure Statement hearing is scheduled for June 16, 2016 (the "T-Side DS Hearing"). *See* Scheduling Order, ¶ 7. The schedule for the E-Side Debtors is more attenuated – objections to the Disclosure Statement as it relates to the E-Side Debtors must be filed by July 13, 2016 and a hearing on the Disclosure Statement is scheduled for July 21, 2016 (the "E-Side DS Hearing"). *See id.* at ¶ 8.

2. While the Trustee recognizes that the T-Side DS Hearing is for approval of the "T-Side" Disclosure Statement only, and acknowledges that the Trustee does not represent "T-Side" creditors but rather the holders of EFIH Unsecured Notes (i.e., "E-Side" creditors), the simple fact remains that there currently is only *one* Plan and *one* Disclosure Statement on file for *all* of the Debtors. As such, if the Debtors are asking the Court to "bless" the current form of the Disclosure Statement that is purportedly for a single integrated Plan for the Debtors, then these disclosures must be thorough and complete as to *all* Debtors.

3. Many of the Trustee's disclosure concerns arise out of the yet-unfinished Tax Matters Agreement (and allocation of tax liabilities among the Debtors), the material terms of which do not need to be filed until June 13, 2016, only *3 days before* the T-Side DS Hearing and *2 weeks after* "T-Side" Disclosure Statement objections are due. The Trustee has been in discussions with the Debtors and other parties in interest regarding the negotiation of an agreed-to form of Tax Matters Agreement and is hopeful that the final form of the Tax Matters Agreement will adequately address the tax liabilities that the E-Side Debtors will bear in the

separation of the TCEH Debtors (whether through a Spin-Off or a Taxable Separation) and that the Disclosure Statement will be supplemented as appropriate. Nevertheless, the Trustee reserves all rights to object to the Disclosure Statement, after it has had the opportunity to review the material terms of the Tax Matters Agreement and updated Disclosure Statement, if additional disclosure is needed.

4. In addition, the Plan provides that the TCEH Debtors may restructure through either a Spin-Off or a Taxable Separation. The Disclosure Statement, however, fails to provide adequate information related to the Taxable Separation and lacks detail on the *mechanics* and *structure* of the Taxable Separation. *See* Disclosure Statement X.B(1)(b) (noting that "the structure of the Taxable Separation **has not been fully determined**. . . .") (emphasis added). To the extent that the TCEH Debtors pivot to a Taxable Separation, there will need to be a further hearing and determination from the Court at that time as to whether adequate information has been provided, including why the Debtors now believe that a taxable transaction will not result in the "doomsday" scenario previously espoused to this Court.[2]

5. Because it is unclear whether approval of the Disclosure Statement at the June 16th T-Side DS Hearing (and in particular the tax disclosures) will bind the E-Side Debtors and prevent the Trustee from raising objections at the E-Side DS Hearing, the Trustee is compelled to file this Reservation of Rights. At a minimum, because the Debtors have decided to proceed on different timelines for the E-Side Debtors and the TCEH Debtors for plan confirmation, the Debtors should be required to file a separate plan and disclosure statement for the E-Side and TCEH Debtors. Moreover, because the Trustee is currently conducting discovery in connection

---

[2] *See* Omnibus Tax Memorandum [D.I. No. 2296]. As the Court recognized, the Debtors cannot not just say "it's okay, it's not a big deal, we're switching to a taxable transaction, don't worry about anything you've been hearing about over the last two years. ***Unless there's some facts to back that up*** . . . ." Hr'g Tr. at 75:18-21, In re Energy Future Holdings Corp., No. 14-10979 (Bankr. D. Del. May 23, 2016) (emphasis added).

3

with the Plan and the Disclosure Statement, this Reservation of Rights is submitted without prejudice to, and with a full reservation of, the Trustee's rights, claims, defenses and remedies, including the right to raise and file raise additional objections to the Disclosure Statement and to introduce evidence at any hearing relating thereto, and without in any way limiting any other rights of the Trustee to further object to approval of the Disclosure Statement or Plan, on any grounds, as may be appropriate.

|  |  |
|---|---|
| Dated: May 31, 2016<br>Wilmington, Delaware | By: *Raymond H. Lemisch*<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>Raymond H. Lemisch (No. 4204)<br>919 Market Street, Suite 1000<br>Wilmington, DE 19801<br>Telephone: (302) 426-1189<br>Facsimile: (302) 426-9193 |
| **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Ira S. Dizengoff (admitted *pro hac vice*)<br>Abid Qureshi (admitted *pro hac vice*)<br>One Bryant Park<br>New York, NY 10036<br>Telephone:   (212) 872-1000<br>Facsimile:    (212) 872-1002 | *-and-*<br>**FOLEY & LARDNER LLP**<br>Harold L. Kaplan (admitted *pro hac vice*)<br>Mark F. Hebbeln (admitted *pro hac vice*)<br>Lars A. Peterson (admitted *pro hac vice*)<br>321 North Clark Street, Suite 2800<br>Chicago, IL 60654-5313<br>Telephone: (312) 832-4500<br>Facsimile: (312) 832-4700 |
| Scott L. Alberino (admitted *pro hac vice*)<br>Joanna F. Newdeck (admitted *pro hac vice*)<br>1333 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036<br>Telephone:   (202) 887-4000<br>Facsimile:    (202) 887-4288 | Barry G. Felder (admitted *pro hac vice*)<br>Jonathan H. Friedman (admitted *pro hac vice*)<br>90 Park Avenue<br>New York, NY 10016<br>Telephone: (212) 682-7474<br>Facsimile: (212) 687-2329 |

*Co-Counsel for UMB BANK, N.A., as Trustee*