# Exhibit B

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## AMENDED AND SUPERSEDING ORDER ESTABLISHING PROCEDURES TO SELL, TRANSFER, OR ABANDON CERTAIN *DE MINIMIS* ASSETS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), approving expedited procedures for the sale, transfer, or abandonment of De Minimis Assets, as set forth more fully in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Motion in this district is proper pursuant to §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the TCEH Debtors' estates, their creditors, and other parties in interest; and the Court having found that the TCEH Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to section 363(b) of the Bankruptcy Code, the TCEH Debtors are authorized, but not directed, to sell or transfer De Minimis Assets without any further order of the Court in accordance with the following Asset Sale Procedures:

> (a) With regard to the sale or transfer of De Minimis Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with a sale price less than or equal to $250,000:[3]
>
>> (i) the TCEH Debtors are authorized to consummate such transactions if the TCEH Debtors determine in the reasonable exercise of their business judgment that such sales are in the best interests of their estates, without further order of the Court or notice to any party;
>>
>> (ii) any such transactions shall be deemed final and fully authorized by the Court and free and clear of Liens with such Liens attaching only to the sale proceeds with the same validity, extent, and priority as immediately prior to the transaction; and
>>
>> (iii) good faith purchasers of such assets shall be entitled to the protections of section 363(m) of the Bankruptcy Code.
>
> (b) With regard to the sale or transfer of De Minimis Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with a sale price greater than $250,000 and less than or equal to $1 million:
>
>> (i) the TCEH Debtors are authorized to consummate such transactions if the TCEH Debtors determine in the reasonable exercise of their business judgment that such sales are in the best interests of their estates, without further order of the Court, subject only to the noticing procedures set forth herein;

---

[3] For purposes of these Asset Sale Procedures, sale price shall refer to the proceeds to be received by the TCEH Debtors or their estimate of such proceeds, as applicable, on account of any sale transaction net of removal costs, appraisal fees, broker fees, and other related expenses.

  (ii) the TCEH Debtors shall, at least ten (10) calendar days prior to closing or effectuating such sale or transfer, give written notice of such sale or transfer substantially in the form of **Exhibit 1** attached hereto (each notice, a "Sale Notice") to (a) the U.S. Trustee, (b) proposed counsel to the Creditors' Committee, and (c) any of the following parties that are affected by such sale or transfer: (i) counsel to any creditor asserting a Lien on the relevant assets; (ii) those parties requesting notice pursuant to Bankruptcy Rule 2002; (iii) counsel to the agent for the TCEH debtor-in-possession financing facility; (iv) counsel to the ad hoc committee of TCEH first lien creditors; and (v) any known affected or interested governmental entity or regulatory body (collectively, the "Sale Notice Parties"); ~~and~~

  (iii) the content of the Sale Notice shall consist of: (a) identification of the assets being sold or transferred; (b) identification of the TCEH Debtor(s) that directly own such assets; (c) identification of the purchaser of the assets; (d) the purchase price and terms of payment, including the cash and other consideration to be paid by the purchaser; (e) the projected book value for the assets being sold or transferred as reflected in the Debtors' books and records; (f) the marketing or sales process, including any commissions to be paid to third parties in connection with the sale; (g) the significant terms of the sale or transfer; (h) a statement as to whether the assets are encumbered or unencumbered; (i) the identities of any known parties holding or asserting Liens in the relevant assets; and (j) any known affected or interested governmental entity or regulatory body~~.~~;

  <u>(iv) any such transactions shall be free and clear of all Liens with such Liens, if any, attaching only to the sale proceeds with the same validity, extent, and priority as had attached to such assets immediately prior to the transaction; and</u>

  <u>(v) good faith purchasers of assets shall be entitled to the protections of section 363(m) of the Bankruptcy Code.</u>

(c) With regard to the sale or transfer of De Minimis Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with a sale price greater than $1 million and less than or equal to $5 million:

  (i) the TCEH Debtors are authorized to consummate such transactions if the TCEH Debtors determine in the reasonable exercise of their business judgment that such sales are in the best interests of their

|      | estates, without further order of the Court, subject only to the noticing and objection procedures set forth herein; |
|------|---|
| (ii) | the TCEH Debtors shall, at least ten (10) calendar days prior to closing or effectuating such sale or transfer, give written notice of such sale or transfer substantially in the form of the Sale Notice to the Sale Notice Parties; |
| (iii) | the content of the Sale Notice shall consist of: (a) identification of the assets being sold or transferred; (b) identification of the TCEH Debtor(s) that directly own such assets; (c) identification of the purchaser of the assets; (d) the purchase price and terms of payment, including the cash and other consideration to be paid by the purchaser; (e) the projected book value for the assets being sold or transferred as reflected in the Debtors' books and records; (f) the marketing or sales process, including any commissions to be paid to third parties in connection with the sale; (g) the significant terms of the sale or transfer; (h) a statement as to whether the assets are encumbered or unencumbered; (i) the identities of any known parties holding or asserting Liens in the relevant assets; and (j) any known affected or interested governmental entity or regulatory body; |
| (iv) | if no written objection from any Sale Notice Party is filed with this Court within ten (10) calendar days after service of the Sale Notice (the "Sale Objection Deadline"), the TCEH Debtors may submit an order authorizing the sale or transfer under certification of counsel, and the TCEH Debtors may consummate the sale or transfer immediately upon entry of such order; |
| (v) | if the terms of a proposed sale or transfer are materially amended after transmittal of the Sale Notice but prior to the Sale Objection Deadline, the TCEH Debtors will send a revised Sale Notice to the Sale Notice Parties. The Sale Objection Deadline will be extended such that the Sale Notice Parties will have an additional five calendar days to object in accordance with the Asset Sale Procedures; |
| (vi) | if any Sale Notice Party files a written objection to any such sale or transfer with the Court by the Sale Objection Deadline, then the relevant assets shall only be sold or transferred upon submission of a consensual form of order resolving the objection as between the TCEH Debtors and the objecting party or upon further order of the Court; |

    (vii)    any such transactions shall be free and clear of all Liens with such Liens, if any, attaching only to the sale proceeds with the same validity, extent, and priority as had attached to such assets immediately prior to the transaction;

    (viii)    the TCEH Debtors shall not commingle the proceeds from the sale of unencumbered assets with encumbered cash; and

    (ix)    good faith purchasers of assets shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

3.     With respect to all sale transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular buyer, and the sale transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state and federal, state, and local officials, and each of such person and entity is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

4.     All net proceeds from any sale or transfer of De Minimis Assets pursuant to the Asset Sale Procedures shall be treated in accordance with the interim or final order, as applicable, authorizing certain of the Debtors to obtain postpetition financing pursuant to that certain Senior Secured Superpriority Debtor-in-Possession Credit Agreement, dated as of May 5, 2014 (as amended, restated, supplemented, or otherwise modified from time to time, the "TCEH DIP Credit Agreement" and such orders, the "TCEH DIP Financing Orders") and the terms of

the TCEH DIP Credit Agreement and related documents (together, the "TCEH DIP Documents").

5.  The TCEH Debtors are authorized pursuant to section 554(a) of the Bankruptcy Code to abandon De Minimis Assets with a book value as recorded in the Debtors' books and records of $15 million or less without further order of the Court in accordance with the following Asset Abandonment Procedures:

  (a)  the TCEH Debtors shall, at least ten (10) calendar days prior to abandonment of De Minimis Assets, give written notice of such abandonment substantially in the form attached hereto as **Exhibit 2** (each notice, an "Abandonment Notice") to (a) the U.S. Trustee, (b) proposed counsel to the Creditors' Committee, and (c) any of the following parties that are affected by such abandonment: (i) counsel to any creditor asserting a Lien on the relevant assets; (ii) those parties requesting notice pursuant to Bankruptcy Rule 2002; (iii) counsel to the agent for the TCEH debtor-in-possession financing facility; (iv) counsel to the ad hoc committee of TCEH first lien creditors; and (v) any known affected or interested governmental entity or regulatory body (collectively, the "Abandonment Notice Parties");

  (b)  the Abandonment Notice shall: (i) contain a description in reasonable detail of the assets to be abandoned; (ii) identify the TCEH Debtor(s) that directly own such assets; (iii) set forth the TCEH Debtors' reasons for such abandonment; (iv) identify the entity to which the assets are being abandoned (if any); (v) contain the book value of the assets to be abandoned as reflected in the TCEH Debtors' books and records; (vi) identify any known parties holding or asserting Liens or other interests in the relevant assets; and (j) identify any known affected or interested governmental entity or regulatory body;

  (c)  if no written objection from any Abandonment Notice Party is filed with this Court within ten (10) calendar days after service of such Abandonment Notice (the "Abandonment Objection Deadline"), then the TCEH Debtors shall submit an order authorizing the abandonment under certification of counsel, and the TCEH Debtors may abandon such assets immediately upon entry of such order;

(d) if the terms of a proposed abandonment are materially amended after transmittal of the Abandonment Notice but prior to the Abandonment Objection Deadline, the TCEH Debtors will send a revised Abandonment Notice to the Abandonment Notice Parties. The Abandonment Objection Deadline will be extended such that the Abandonment Notice Parties will have an additional five calendar days to object in accordance with the Asset Abandonment Procedures; and

(e) if any Abandonment Notice Party files a written objection to any such abandonment with the Court by the Abandonment Objection Deadline, then the relevant assets shall only be abandoned upon submission of a consensual form of order resolving the objection as between the TCEH Debtors and the objecting party or upon further order of the Court.

6. Commencing on July 15, 2014, and every month thereafter, the Debtors shall file a report with the Court describing, in reasonable detail consistent with the Debtors' historical accounting practices, the assets sold, transferred, or abandoned pursuant to the Asset Sale Procedures or the Asset Abandonment Procedures for the preceding month, including, with respect to the sale or transfer of De Minimis Assets with a sale price greater than $250,000: (a) a general description of the assets sold, (b) the names of the purchasing parties and any relationship such party has with the TCEH Debtors and their estates, (c) the sale price for each such transaction, and (d) the identity of any third parties receiving commissions in connection with the sale, and the amount of the commissions paid to such third parties; *provided, however*, with respect to De Minimis Asset sales with a sale price of $250,000 or less and De Minimis Asset abandonments with an estimated book value of $250,000 or less, the Debtors shall only be required to disclose, as applicable, (i) the aggregate net sale price of all such sales for the preceding month, and (ii) the aggregate estimated book value of all such abandonments for the preceding month.

7. In accordance with the preceding paragraph and consistent with the TCEH Debtors' historical accounting practices, the Debtors shall maintain records of the sales, transfers, and abandonments authorized pursuant to this Order. Commencing on July 15, 2014,

the Debtors shall promptly provide such records to counsel to the agent for the TCEH debtor-in-possession financing facility, counsel to the ad hoc committee of TCEH first lien creditors, and proposed counsel to the Creditors' Committee upon request.

8. The TCEH Debtors are authorized to pay those necessary fees and expenses, net of any applicable sale proceeds, incurred in the sale, transfer, or abandonment of De Minimis Assets, including removal costs and commission fees to agents, brokers, auctioneers, and liquidators.

9. The Sale Notice with regard to the sale or transfer of De Minimis Assets substantially in the form attached to this Order as **Exhibit 1** is hereby authorized and approved, and service of the Sale Notice is sufficient notice of the sale or transfer of such assets.

10. The Abandonment Notice with regard to the abandonment of De Minimis Assets substantially in the form attached to this Order as **Exhibit 2** is hereby authorized and approved, and service of the Abandonment Notice is sufficient notice of the abandonment of such assets.

11. This Order does not grant any relief with respect to or affect the rights, duties, or obligations of, any Debtors other than the TCEH Debtors.

12. Nothing contained herein shall prejudice the rights of the TCEH Debtors to seek authorization for the sale of any asset under 11 U.S.C. § 363.

13. To the extent that any inconsistency exists between this Order and the terms of the TCEH DIP Documents or any of the TCEH DIP Financing Orders, the terms of such TCEH DIP Documents or the TCEH DIP Financing Orders (as applicable) shall control.

14. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

15. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

18. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

19. <u>The terms of this Order shall control with respect to any sale, transfer, or abandonment of De Minimis Assets that has been consummated pursuant to the relief requested in the Motion irrespective of whether or not such sale, transfer, or abandonment occurred prior to the entry of this Order.</u>

Wilmington, Delaware
Dated: _____, 201<s>4</s><u>6</u>

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**Form of Sale Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

## NOTICE OF SALE

**PLEASE TAKE NOTICE** that, on April 29, 2014, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

**PLEASE TAKE FURTHER NOTICE** that, on [DATE], 2014_6_, the United States Bankruptcy Court for the District of Delaware (the "Court") approved an *Amended and Superseding Order Establishing Procedures to Sell, Transfer, or Abandon Certain De Minimis Assets* [Docket No. ___] the ("Sale Order"), whereby the Court authorized the Debtors to sell certain surplus, obsolete, non-core, unused, or burdensome assets (collectively, the "De Minimis Assets").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Order, the Debtors propose to sell the De Minimis Assets as set forth and described on **Exhibit A** attached hereto (the "Sale Assets"). **Exhibit A** identifies, for each Sale Asset, the purchaser, sale price, significant terms of any applicable sale agreement, the marketing or sales efforts undertaken by the Debtors, and other relevant information.

*[If the De Minimis Asset sale price is greater than $1 million:*

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Order, any recipient of this notice may object to the proposed sale within ten (10) calendar days of service of this notice. Objections must: (i) **be in writing**; (ii) **be received within ten (10) calendar days of service of this notice** (the "Objection Deadline"); and (iii) be submitted by mail or facsimile to counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Brian Schartz (212) 446-4900 (facsimile). **If you file a written objection with the Court by the Objection Deadline, the Debtors may only sell the De Minimis Assets upon submission of a consensual form of order resolving the objection as between you and the Debtors, or upon further order of the Court approving the sale or transfer of such De Minimis Assets.**]

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**EXHIBIT 2**

**Form of Abandonment Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## NOTICE OF ABANDONMENT

**PLEASE TAKE NOTICE** that, on April 29, 2014, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

**PLEASE TAKE FURTHER NOTICE** that, on [DATE], 2014<u>6</u>, the United States Bankruptcy Court for the District of Delaware (the "Court") approved an *Amended and Superseding Order Establishing Procedures to Sell, Transfer, or Abandon Certain De Minimis Assets* [Docket No. __] the ("Abandonment Order"), whereby the Court authorized the Debtors to abandon certain surplus, obsolete, non-core, unused, or burdensome assets (collectively, the "De Minimis Assets").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Abandonment Order, the Debtors propose to abandon the De Minimis Assets set forth and described on **Exhibit A** attached hereto (the "Abandoned Assets"). **Exhibit A** also sets forth the Debtors' reasons for abandoning those Abandoned Assets and identifies the entity to which the Abandoned Assets are being abandoned (if any).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Abandonment Order, any recipient of this notice may object to the proposed abandonment within ten (10) calendar days of service of this notice. Objections must: (i) **be in writing**; (ii) **be filed with the Court within ten (10) calendar days of service of this notice** (the "Objection Deadline"); and (iii) be submitted by mail or facsimile to counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Brian Schartz (212) 446-4900 (facsimile). **If you file a written objection with the Court by the Objection Deadline, the Debtors may only abandon the De Minimis Assets upon submission of a consensual form of order resolving the objection as between you and the Debtors, or upon further order of the Court approving the abandonment of such De Minimis Assets.**

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.