## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket No. 7808** |

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                                          ) ss.:
COUNTY OF NEW YORK   )

KONSTANTINA HAIDOPOULOS, being duly sworn, deposes and says:

1. I am employed as a Noticing Coordinator by Epiq Bankruptcy Solutions, LLC, located at 777 Third Avenue, New York, NY 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2. On February 8, 2016, I caused to be served the:

   a. "Fourth Interim Fee Application of Richards, Layton & Finger, P.A., Co-Attorneys for the Debtors and Debtors in Possession, for the Period from May 1, 2015 through and Including August 31, 2015," dated February 8, 2016 [Docket No. 7808], (the "Richards, Layton & Finger 4th Interim Fee Application"), and

   b. "Fourth Interim Fee Application of Richards, Layton & Finger, P.A., Co-Attorneys for the Debtors and Debtors in Possession, for the Period from May 1, 2015 through and Including August 31, 2015," dated February 8, 2016 *related to Docket No. 7808*, annexed hereto as <u>Exhibit A</u>, (the "Richards, Layton & Finger 4th Interim Fee Application with slip sheet"),

   by causing true and correct copies of the:

   i. Richards, Layton & Finger 4th Interim Fee Application, to be enclosed securely in separate postage pre-paid envelopes and delivered via overnight mail to those parties listed on the annexed <u>Exhibit B</u>,

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

    ii.    Richards, Layton & Finger 4th Interim Fee Application, to be delivered via electronic mail to those parties listed on the annexed Exhibit C, and

    iii.    Richards, Layton & Finger 4th Interim Fee Application with slip sheet, to be enclosed securely in separate postage pre-paid envelopes and delivered via overnight mail to those parties listed on the annexed Exhibit D.

3.  All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO THE ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

_____
Konstantina Haidopoulos

Sworn to before me this
9th day of February, 2016

_____
Notary Public

Cassandra Murray
NOTARY PUBLIC STATE OF NEW YORK
No. 01MU6220179
Qualified in the County of Queens
Commission Expires April 12, 20_18_

-2-

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: March 1, 2016 at 4:00 p.m.** |
| | ) | |

### SUMMARY COVER SHEET TO THE FOURTH INTERIM FEE APPLICATION OF RICHARDS, LAYTON & FINGER, P.A., CO-ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM MAY 1, 2015 THROUGH AND INCLUDING AUGUST 31, 2015

In accordance with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), Richards, Layton & Finger, P.A. ("RL&F"), co-attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submits this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the fourth interim fee application to which this Summary is attached (the "Fee Application")[2] for the period from May 1, 2015 through August 31, 2015 (the "Fee Period").

RL&F submits the Fee Application as an interim fee application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order") and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application.

### General Information

| | |
|---|---|
| Name of Applicant: | Richards, Layton & Finger, P.A. |
| Authorized to Provide Services to: | Energy Future Holdings Corp., *et al.* |
| Petition Date: | April 29, 2014 |
| Date of Order Authorizing the Debtors to Retain RL&F [D.I. 2539]: | October 24, 2014, *nunc pro tunc* to April 29, 2014 |

### Summary of Fees and Expenses Sought in the Fee Application

| | |
|---|---|
| Period for Which Compensation and Reimbursement Is Sought in the Fee Application: | May 1, 2015 through August 31, 2015 |
| Voluntary Expense Reduction in this Fee Period: | Reduced expenses by $0.00 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $467,550.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $29,883.76 |
| Total Holdback Compensation Requested in this Application for the Fee Period: | $93,510.10 |
| Total Compensation and Expense Reimbursement Requested for the Fee Period: | $497,434.26 |

### Total Rate Increases Applicable to the Fee Period:    $21,884.00

RLFI 13665248v.1

*Summary of Past Requests for Compensation and Prior Payments*[3]

| | |
|---|---|
| Total Amount of Compensation Previously Requested Pursuant to the Interim Compensation Order Through August 31, 2015: | $3,127,207.50 |
| Total Amount of Expense Reimbursement Previously Requested Pursuant to the Interim Compensation Order Through August 31, 2015: | $322,142.81 |
| Total Compensation Approved Pursuant to the Interim Compensation Order Through August 31, 2015: | $2,501,766.00 |
| Total Amount of Expense Reimbursement Approved Pursuant to the Interim Compensation Order Through August 31, 2015: | $322,142.81 |
| Total Allowed Compensation Paid Through August 31, 2015: | $2,501,766.00 |
| Total Allowed Expenses Paid Through August 31, 2015: | $322,142.81 |
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed: | $0.00 |
| Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed: | $0.00 |

---

[3] On July 27, 2015, September 2, 2015, September 30, 2015, and November 16, 2015, RL&F filed the Monthly Fee Statements. No objections were filed to any of the Monthly Fee Statements. RL&F subsequently received payments totaling $376,223.02 relating to compensation sought in the Monthly Fee Statements.

RLF1 13665248v.1

Dated: February 8, 2016
   Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:    collins@rlf.com
       defranceschi@rlf.com
       madron@rlf.com

*Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Objection Deadline: March 1, 2016 at 4:00 p.m.** |
| | ) |

### FOURTH INTERIM FEE APPLICATION OF
### RICHARDS, LAYTON & FINGER, P.A., CO-ATTORNEYS
### FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD
### FROM MAY 1, 2015 THROUGH AND INCLUDING AUGUST 31, 2015

Richards, Layton & Finger, P.A. ("RL&F"), co-attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits its fourth interim fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $467,550.50 and reimbursement of actual and necessary expenses in the amount of $29,883.76 that RL&F incurred for the period from May 1, 2015 through August 31, 2015 (the "Fee Period"). In support of this Fee Application, RL&F submits the declaration of Jason M. Madron, counsel at RL&F (the "Madron Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference. In further support of this Fee Application, RL&F respectfully states as follows.

### Jurisdiction

1.    The United States Bankruptcy Court for the District of Delaware (the "Court")

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order"), and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").[2]

### Background

4.    On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code.    The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.    The Court has entered an order for joint administration of these chapter 11 cases.    The Court has not appointed a trustee or examiner in these chapter 11 cases.    The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors representing the interests of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH

---

[2] On October 3, 2014 and October 7, 2014, the Fee Committee (as defined herein) distributed guidelines to those professionals retained in these chapter 11 cases regarding a number of topics, including expense reimbursement, fee review criteria, and contents of interim fee applications (collectively, the "Fee Committee Guidelines").

2

Corporate Services Company (the "TCEH Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420], and an official committee of unsecured creditors representing the interests of Energy Future Holdings Corp. ("EFH"), Energy Future Intermediate Holding Company, LLC ("EFIH"), EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

5.      On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in these cases.

6.      Given the size and complexity of these chapter 11 cases, the U.S. Trustee, the Debtors, and the TCEH Creditors' Committee agreed to recommend that the Court appoint a fee committee to review and report on, as appropriate, interim and final fee applications filed by all of the Debtors' retained professionals in accordance with 11 U.S.C. §§ 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order (the "Fee Committee"). On August 21, 2014, the Court entered the Fee Committee Order, appointing the Fee Committee and establishing procedures governing the Fee Committee's review of the Debtors' retained professionals' applications for compensation and the resolution of any concerns raised during such review. On October 3, 2014, the Fee Committee distributed an initial memorandum regarding guidelines for expense reimbursements to those professionals retained in these chapter 11 cases (the "Fee Committee Guidelines"). RL&F reviewed the Fee Committee Guidelines on October 3, 2014. Except to the extent otherwise disclosed and discussed herein, RL&F believes that the relief requested herein generally complies with the Fee Committee Guidelines.

3

### Preliminary Statement

7.      The Fee Period was one of the most active periods since the Petition Date for the

Debtors and their professional advisors, including RL&F.  At the start of the Fee Period, the

Debtors were in the early stages of obtaining support for their proposed plan of reorganization

and accompanying disclosure statement, each of which was filed on April 14, 2015 (as each was

subsequently amended from time to time, the "Plan" and "Disclosure Statement").  By the end of

the Fee Period, the Debtors obtained the support of nearly every "T-side" creditor for a revised

Plan, executed an extensively negotiated agreement settling and releasing a host of claims and

causes of action by and against the Debtors and a number of other supporting stakeholders (the

"Settlement Agreement"), and negotiated and executed a plan support agreement with a

substantial number of the "T-side" creditors and certain other parties-in-interest (the "Plan

Support Agreement").  The deal embodied in the Plan and Settlement Agreement resolves many

of the issues in these chapter 11 cases, offers the potential for a 100% recovery for "E-side"

creditors, and has the support of and consent by a significant majority of the "T-side" unsecured

creditors.

8.      Early in the Fee Period, and with the goal of facilitating discussions with all

stakeholders, the Debtors sought and obtained Court approval of a schedule governing Plan

confirmation and an extension of exclusivity through the end of the statutory periods.  Against

the backdrop of court-ordered deadlines, the Debtors used the time afforded by the exclusivity

extension to engage all stakeholders in discussions regarding three potential restructuring

alternatives with respect to Reorganized EFH embodied in the Plan: (a) a merger or sale

transaction, (b) a standalone reorganization, and (c) a potential backstop transaction.

Specifically, the Debtors and their advisors negotiated during the Fee Period with bidders to

4

acquire the economic interests in Oncor. At the same time, the Debtors advanced discussions with the "E-side" stakeholders on a potential standalone equitization alternative and discussions with "T-side" stakeholders on a merger transaction backstopped by certain members of the ad hoc group of TCEH unsecured noteholders (the "TCEH Unsecured Ad Hoc Group") and a consortium of purchasers led by Hunt Consolidated Inc. (the "Hunt Consortium"). The Debtors filed modified versions of the Plan and Disclosure Statement in July 2015 that reflected continued negotiations and narrowed the Debtors' potential restructuring alternatives.

9.  As the Court is aware, the Debtors reached agreement with the TCEH Unsecured Ad Hoc Group and nearly all of the "T-side" creditors on the terms of a Plan and Settlement Agreement that the Debtors filed on August 10, 2015. The version of the Plan filed on August 10, 2015 contemplated a tax-free spin-off of TCEH to the TCEH first lien creditors and a merger transaction premised upon a $12.6 billion investment, the proceeds of which will be used to provide a 100% recovery to E-side creditors. The Settlement Agreement resolves many of the alleged claims that have been the subject of expensive litigation in these chapter 11 cases, including alleged inter-Debtor claims, alleged claims against the TCEH first lien creditors, alleged claims against the holders of equity interests in EFH Corp., and alleged claims against the Debtors' directors and officers related to each of the foregoing periods.

10.  During the Fee Period, RL&F also assisted the Debtors and K&E in advancing various other work streams (described in greater detail below), including advancing the claims reconciliation process, continuing to litigate various interest rate and makewhole issues across the EFIH capital structure, and evaluating executory contracts and unexpired leases to assist the Debtors with determining whether to assume or reject such agreements.

### The Debtors' Retention of RL&F

11.     On October 24, 2014, the Court entered the *Order Authorizing the Debtors to Retain and Employ Richards, Layton & Finger, P.A. as Co-Counsel Effective Nunc Pro Tunc to the Petition Date* [D.I. 2539] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference.  The Retention Order authorizes the Debtors to compensate and reimburse RL&F in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Committee Order, and the Interim Compensation Order.   The Retention Order also authorizes the Debtors to compensate RL&F at RL&F's hourly rates charged for services of this type and to reimburse RL&F for RL&F's actual and necessary out-of-pocket expenses incurred,[3] subject to application to this Court.[4]  The particular terms of RL&F's engagement, which were approved by the Court, are detailed in the engagement letter by and between RL&F and the Debtors, dated January 16, 2014, and attached hereto as **Exhibit C** (the "Engagement Letter").

12.     The Retention Order authorizes RL&F to provide the following services consistent with and in furtherance of the services enumerated above:

  a.   Provide Delaware law expertise to the Debtors, including advising the Debtors and K&E on issues of local practice and the Local Bankruptcy Rules;

  b.   Act as Delaware counsel with respect to the Debtors' restructuring, including (i) reviewing, commenting on, and filing the various documents and pleadings principally drafted by K&E, and (ii) drafting certifications of counsel,

---

[3] In providing a reimbursable expense, RL&F does not make a profit on that expense, whether the service is performed by RL&F in-house or through a third party, provided, however, that regarding providers of on-line legal research (*e.g.,* LEXIS and WESTLAW), RL&F charges all of its clients the standard usage rates these providers charge, which, due to contractual flat fees, may not always equal RL&F's actual cost.  RL&F currently is under contract to pay these providers a flat fee every month. Charging its clients the on-line providers' standard usage rates allows RL&F to cover adequately the monthly flat fees it must pay to these types of providers.

[4] In accordance with the Retention Order, RL&F does not seek reimbursement of expenses for office supplies pursuant to this Fee Application. See Retention Order at ¶ 13.

6

certifications of no objection, notices, and other routine documents that are not principally drafted by K&E for filing in the Debtors' chapter 11 cases;

c.  Appear in court and at meetings on behalf of the Debtors;

d.  Interact and communicate with chambers outside of hearings; and

e.  Act as conflicts counsel independently from K&E in certain matters.

### Disinterestedness of RL&F

13.    To the best of the Debtors' knowledge and as disclosed in the (a) *Affidavit of Daniel J. DeFranceschi in Support of the Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Richards, Layton & Finger, P.A. as Co-Counsel Effective Nunc Pro Tunc to the Petition Date* [D.I. 659, Ex. B] (the "Original Affidavit"); (b) the *Supplemental Affidavit and Disclosure of Daniel J. DeFranceschi on Behalf of Richards, Layton & Finger, P.A.*, filed on October 23, 2014 [D.I. 2531] (the "Supplemental Affidavit"); (c) the *Second Supplemental Affidavit and Disclosure of Daniel J. DeFranceschi on Behalf of Richards, Layton & Finger, P.A.*, filed on December 22, 2014 [D.I. 3127] (the "Second Supplemental Affidavit"); (d) the *Third Supplemental Affidavit and Disclosure of Daniel J. DeFranceschi on Behalf of Richards, Layton & Finger, P.A.*, filed on December 22, 2015 [D.I. 7433] (the "Third Supplemental Affidavit"); and (e) the *Fourth Supplemental Affidavit and Disclosure of Daniel J. DeFranceschi on Behalf of Richards, Layton & Finger, P.A.*, filed on January 5, 2016 [D.I. 7551] (the "Fourth Supplemental Affidavit" and together with the Original Affidavit, the Supplemental Affidavit, the Second Supplemental Affidavit, and the Third Supplemental Affidavit, the "RL&F Affidavits"), (i) RL&F is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates, (ii) RL&F neither holds nor represents an interest materially adverse to the Debtors or their estates,

7

and (iii) RL&F has not represented any of the Debtors' creditors, equity security holders, or other parties-in-interest in any matter relating to the Debtors or their estates except as disclosed in the RL&F Affidavits.

14.    RL&F may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors in these chapter 11 cases. In the RL&F Affidavits, RL&F disclosed its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. RL&F will update the RL&F Affidavits, as appropriate, if RL&F becomes aware of relevant and material new information.

15.    RL&F performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

16.    Except to the extent of (a) the advance payments paid to RL&F that RL&F previously disclosed to this Court in the RL&F Affidavits, and (b) any payments made to RL&F by the Debtors after the Petition Date in accordance with the Interim Compensation Order and/or the Fee Committee Order, RL&F has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

17.    Pursuant to Bankruptcy Rule 2016(b), RL&F has not shared, nor has RL&F agreed to share, (a) any compensation it has received or may receive with another party or person other than with the directors of RL&F, or (b) any compensation another person or party has received or may receive.

8

## Summary of Compliance with Interim Compensation Order and Fee Committee Order

18.    This Fee Application has been prepared in accordance with the Interim Compensation Order and the Fee Committee Order.

19.    RL&F seeks interim compensation for professional services rendered to the Debtors during the Fee Period in the amount of $467,550.50 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $29,883.76.  During the Fee Period, RL&F attorneys and paraprofessionals expended a total of 1310.10 hours for which compensation is requested.

20.    RL&F has received payments totaling $376,223.02 under the Interim Compensation Order and the Fee Committee Order on account of fees and expenses incurred by RL&F during the Fee Period.  RL&F has submitted Monthly Fee Statements (as defined in the Interim Compensation Order) for each of May, June, July, and August 2015, seeking payment of (a) 80% of the fees incurred by the Debtors for reasonable and necessary professional services rendered by RL&F, and (b) 100% of the actual and necessary costs and expenses incurred by RL&F in connection with the services provided to the Debtors for each month.

21.    Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, RL&F seeks payment of the remaining $91,327.48, which represents the 20% holdback period on fees incurred during the Fee Period.[5]

---

[5] Pursuant to the Retention Order, RL&F is required to apply any remaining portion of the retainer provided by the Debtors to RL&F (the "Retainer") first to prepetition fees and expenses, and then the first court-authorized postpetition fees and expenses.  Specifically, paragraph 4 of the Retention Order, "RLF shall apply the remaining amount of the Retainer to satisfy the payment of allowed fees and expenses accruing after the Petition Date before seeking further payment from the Debtors in satisfaction of such allowed fees and expenses."  See Retention Order at ¶ 4.  As of the date of the filing of this Fee Application, the Retainer has been fully applied to previously allowed fees and expenses of RL&F and is exhausted.

## Fees and Expenses Incurred During Fee Period

**A.    Customary Billing Disclosures.**

22.    RL&F's hourly rates are set at a level designed to compensate RL&F fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure utilized by RL&F in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by RL&F for other restructuring matters, as well as similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  The rates and rate structure reflect that such restructuring and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures.  For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit D** is a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtors during the Fee Period.

**B.    Fees Incurred During Fee Period.**

23.    In the ordinary course of RL&F's practice, RL&F maintains computerized records of the time expended to render the professional services required by the Debtors and their estates.  For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit E** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- The name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- Each attorney's year of bar admission and area of practice concentration;

- The aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

10

- The hourly billing rate for each attorney and each paraprofessional at RL&F's current billing rates;

- The hourly billing rate for each attorney and each paraprofessional as disclosed in the first interim application;

- The number of rate increases since the inception of the case; and

- A calculation of total compensation requested using the rates disclosed in the *Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Richards, Layton & Finger, P.A. as Co-Counsel Effective Nunc Pro Tunc to the Petition Date* [D.I. 659] (the "Retention Application").

**C.    Expenses Incurred During Fee Period.**

24.    In the ordinary course of RL&F's practice, RL&F maintains a record of expenses incurred in providing the professional services required by the Debtors and their estates and for which reimbursement is sought.   RL&F currently charges $0.10 per page for standard duplication and printing.  RL&F does not charge its clients for incoming facsimile transmissions.

25.    For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit F** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which RL&F is seeking reimbursement.

<u>**Proposed Payment Allocation**</u>

26.    In accordance with paragraph 2(b) of the Interim Compensation Order, RL&F proposes the following allocation of the fees and expenses sought in this Application chargeable to either all of the Debtors or one of the following: (a) EFH Corp., (b) EFIH, or  (c) the TCEH Debtors:

11

| FEES | |
| :---: | :---: |
| **(comprised of $374,040.40 of fees (80% of $467,550.50)** | |
| **Debtor(s)** | **Amount Sought to be Paid** |
| ALL | $315,206.40 |
| EFH Corp. | $1,188.00 |
| EFIH | $34,655.60 |
| TCEH Debtors | $22,990.40 |
| *Total:* | $374,040.40 |
| **EXPENSES** | |
| **(comprised of 100% of $29,883.76)** | |
| **Debtor(s)** | **Amount** |
| All | $25,728.75 |
| EFH Corp. | $220.78 |
| EFIH | $2,285.99 |
| TCEH Debtors | $1,648.24 |
| *Total:* | $29,883.76 |
| *Grand Total:* | $403,924.16 |

## Summary of Legal Services Rendered During the Fee Period

27.     As discussed above, during the Fee Period, RL&F provided extensive and important professional services to the Debtors in connection with these chapter 11 cases. These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

12

28.    To provide a meaningful summary of RL&F's services provided on behalf of the Debtors and their estates, RL&F has established, in accordance with its internal billing procedures, certain subject matter codes (each, a "Matter Code") in connection with these chapter 11 cases. The following is a summary of the fees and hours billed for each Matter Code in the Fee Period:[6]

| Matter Code | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 180326A | [ALL] Case Administration | 77.9 | $28,855.00 |
| 180326B | [ALL] Creditor Inquiries | 4.4 | $1,700.50 |
| 180326C | [ALL] Meetings | 37.0 | $22,170.00 |
| 180326D | [ALL] Executory Contracts/Unexpired Leases | 3.5 | $1,257.50 |
| 180326E | [ALL] Automatic Stay/Adequate Protection | 3.4 | $1,292.00 |
| 180326F | [ALL] Plan of Reorganization/Disclosure Statement | 174.0 | $76,047.50 |
| 180326G | [ALL] Use, Sale of Assets | 13.4 | $5,954.00 |
| 180326H | [ALL] Cash Collateral/DIP Financing | 0.0 | $0.00 |
| 180326I | [ALL] Claims Administration | 144.7 | $59,996.50 |
| 180326J | [ALL] Court Hearings | 283.9 | $105,871.00 |
| 180326K | [ALL] General Corporate/Real Estate | 0.3 | $180.00 |
| 180326L | [ALL] Schedules/SOFA/U.S. Trustee Reports | 7.0 | $2,619.00 |
| 180326M | [ALL] Employee Issues | 8.6 | $3,464.50 |
| 180326N | [ALL] Environmental | 0.0 | $0.00 |
| 180326O | [ALL] Tax Issues | 3.3 | $1,268.50 |
| 180326P | [ALL] Litigation/Adversary Proceedings | 18.9 | $7,090.50 |
| 180326Q-1 | [ALL] RLF Retention | 4.1 | $1,041.00 |
| 180326Q-2 | [ALL] Retention of Others | 15.8 | $5,717.50 |
| 180326R-1 | [ALL] RLF Fee Applications | 52.2 | $22,651.00 |
| 180326R-2 | [ALL] Fee Applications of Others | 124.7 | $46,832.00 |
| 180326S | [ALL] Vendors/Suppliers | 0.0 | $0.00 |

---

[6] In certain instances RL&F may have billed the same amount of fees but a different amount of hours to different Matter Categories. This difference is the result of different staffing of each such Matter Code.

13

| Matter Code | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 180326T | [ALL] Non-Working Travel | 0.0 | $0.00 |
| 180326U | [ALL] Utilities | 0.0 | $0.00 |
| 180326V | [ALL] Insurance | 0.0 | $0.00 |
| 180326A | [TCEH] Case Administration | 0.0 | $0.00 |
| 180326B | [TCEH] Creditor Inquiries | 0.0 | $0.00 |
| 180326C | [TCEH] Meetings | 0.0 | $0.00 |
| 180326D | [TCEH] Executory Contracts/Unexpired Leases | 28.2 | $11,067.50 |
| 180326E | [TCEH] Automatic Stay/Adequate Protection | 0.0 | $0.00 |
| 180326F | [TCEH] Plan of Reorganization/Disclosure Statement | 1.2 | $369.00 |
| 180326G | [TCEH] Use, Sale of Assets | 8.0 | $3,193.50 |
| 180326H | [TCEH] Cash Collateral/DIP Financing | 4.9 | $2,157.50 |
| 180326I | [TCEH] Claims Administration | 18.9 | $8,433.50 |
| 180326J | [TCEH] Court Hearings | 0.2 | $105.00 |
| 180326K | [TCEH] General Corporate/Real Estate | 0.0 | $0.00 |
| 180326L | [TCEH] Schedules/SOFA/U.S. Trustee Reports | 0.0 | $0.00 |
| 180326M | [TCEH] Employee Issues | 0.0 | $0.00 |
| 180326N | [TCEH] Environmental | 0.0 | $0.00 |
| 180326O | [TCEH] Tax Issues | 3.6 | $1,960.50 |
| 180326P | [TCEH] Litigation/Adversary Proceedings | 0.8 | $600.00 |
| 180326Q-1 | [TCEH] RLF Retention | 0.0 | $0.00 |
| 180326Q-2 | [TCEH] Retention of Others | 0.3 | $157.50 |
| 180326R-1 | [TCEH] RLF Fee Applications | 0.0 | $0.00 |
| 180326R-2 | [TCEH] Fee Applications of Others | 1.5 | $694.00 |
| 180326S | [TCEH] Vendors/Suppliers | 0.0 | $0.00 |
| 180326T | [TCEH] Non-Working Travel | 0.0 | $0.00 |
| 180326U | [TCEH] Utilities | 0.0 | $0.00 |
| 180326V | [TCEH] Insurance | 0.0 | $0.00 |
| 180326A | [EFIH] Case Administration | 0.0 | $0.00 |
| 180326B | [EFIH] Creditor Inquiries | 0.0 | $0.00 |
| 180326C | [EFIH] Meetings | 0.0 | $0.00 |
| 180326D | [EFIH] Executory Contracts/Unexpired Leases | 0.0 | $0.00 |

14

| Matter Code | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 180326E | [EFIH] Automatic Stay/Adequate Protection | 0.0 | $0.00 |
| 180326F | [EFIH] Plan of Reorganization/Disclosure Statement | 0.0 | $0.00 |
| 180326G | [EFIH] Use, Sale of Assets | 3.1 | $1,672.50 |
| 180326H | [EFIH] Cash Collateral/DIP Financing | 0.0 | $0.00 |
| 180326I | [EFIH] Claims Administration | 10.0 | $4,669.00 |
| 180326J | [EFIH] Court Hearings | 0.3 | $37.50 |
| 180326K | [EFIH] General Corporate/Real Estate | 0.7 | $367.50 |
| 180326L | [EFIH] Schedules/SOFA/U.S. Trustee Reports | 0.0 | $0.00 |
| 180326M | [EFIH] Employee Issues | 0.0 | $0.00 |
| 180326N | [EFIH] Environmental | 0.0 | $0.00 |
| 180326O | [EFIH] Tax Issues | 0.0 | $0.00 |
| 180326P | [EFIH] Litigation/Adversary Proceedings | 68.8 | $36,323.50 |
| 180326Q-1 | [EFIH] RLF Retention | 0.0 | $0.00 |
| 180326Q-2 | [EFIH] Retention of Others | 0.0 | $0.00 |
| 180326R-1 | [EFIH] RLF Fee Applications | 0.0 | $0.00 |
| 180326R-2 | [EFIH] Fee Applications of Others | 0.5 | $249.50 |
| 180326S | [EFIH] Vendors/Suppliers | 0.0 | $0.00 |
| 180326T | [EFIH] Non-Working Travel | 0.0 | $0.00 |
| 180326U | [EFIH] Utilities | 0.0 | $0.00 |
| 180326V | [EFIH] Insurance | 0.0 | $0.00 |
| 180326A | [EFH] Case Administration | 0.0 | $0.00 |
| 180326B | [EFH] Creditor Inquiries | 0.0 | $0.00 |
| 180326C | [EFH] Meetings | 0.0 | $0.00 |
| 180326D | [EFH] Executory Contracts/Unexpired Leases | 0.8 | $208.00 |
| 180326E | [EFH] Automatic Stay/Adequate Protection | 0.0 | $0.00 |
| 180326F | [EFH] Plan of Reorganization/Disclosure Statement | 0.0 | $0.00 |
| 180326G | [EFH] Use, Sale of Assets | 0.0 | $0.00 |
| 180326H | [EFH] Cash Collateral/DIP Financing | 0.0 | $0.00 |
| 180326I | [EFH] Claims Administration | 0.0 | $0.00 |
| 180326J | [EFH] Court Hearings | 0.0 | $0.00 |

15

| Matter Code | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 180326K | [EFH] General Corporate/Real Estate | 0.0 | $0.00 |
| 180326L | [EFH] Schedules/SOFA/U.S. Trustee Reports | 0.0 | $0.00 |
| 180326M | [EFH] Employee Issues | 0.0 | $0.00 |
| 180326N | [EFH] Environmental | 0.0 | $0.00 |
| 180326O | [EFH] Tax Issues | 0.0 | $0.00 |
| 180326P | [EFH] Litigation/Adversary Proceedings | 0.6 | $450.00 |
| 180326Q-1 | [EFH] RLF Retention | 0.0 | $0.00 |
| 180326Q-2 | [EFH] Retention of Others | 0.2 | $105.00 |
| 180326R-1 | [EFH] RLF Fee Applications | 1.4 | $722.00 |
| 180326R-2 | [EFH] Fee Applications of Others | 0.0 | $0.00 |
| 180326S | [EFH] Vendors/Suppliers | 0.0 | $0.00 |
| 180326T | [EFH] Non-Working Travel | 0.0 | $0.00 |
| 180326U | [EFH] Utilities | 0.0 | $0.00 |
| 180326V | [EFH] Insurance | 0.0 | $0.00 |
| **TOTALS** | | **1131.1** | **$467,550.50** |

29.     The following is a summary, by Matter Code, of the most significant professional services provided by RL&F during the Fee Period. This summary is organized in accordance with RL&F's internal system of matter numbers. The detailed descriptions demonstrate that RL&F was heavily involved in performing services for the Debtors on a daily basis, often including night and weekend work, to meet the needs of the Debtors' estates in these chapter 11 cases. A schedule setting forth a description of the Matter Categories utilized in this case; the number of hours expended by RL&F directors, counsels, associates, and paraprofessionals by matter; and the aggregate fees associated with each matter is attached hereto as **Exhibit G**.

30.     In addition, RL&F's computerized records of time expended providing professional services to the Debtors and their estates are attached hereto as **Exhibit H**, and RL&F's records of expenses incurred during the Fee Period in the rendition of professional services to the Debtors and their estates are attached as **Exhibit I**.

16

I.    **Fees Incurred on Behalf of All of the Debtors' Estates**

  A. **[A-ALL] Case Administration/Miscellaneous Matters**

  Fees: $28,855.00    Total Hours: 77.9

    This category includes all matters related to maintenance of calendars, critical date lists, communications with the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC ("Epiq"), concerning myriad service issues, review of work in process reports, review of notices of appearance, and maintaining service lists, none of which are specifically attributable to any of the Debtors' estates rather than all of the Debtors generally.

  B. **[B-ALL] Creditor Inquiries**

  Fees: $1,700.50    Total Hours: 4.4

    This category includes all matters related to responding to creditor inquiries not specific to one of the Debtors' estates.

  C. **[C-ALL] Meetings**

  Fees: $22,170.00    Total Hours: 37.0

    This category includes all matters, applicable to all of the Debtors generally, related to preparing for and attending meetings with Debtors, the creditors' committees, individual creditors, the U.S. Trustee, co-counsel, and the Debtors' other professionals, including attendance at and participation in work-in-process calls and meetings.

  D. **[D-ALL] Executory Contracts/Unexpired Leases**

  Fees: $1,257.50    Total Hours: 3.5

    This category includes all matters, applicable to all of the Debtors generally, related to contract and lease analysis and matters related to assumption, assignment, or rejection of executory contracts and unexpired leases.

### E. [E-ALL] Automatic Stay/Adequate Protection

Fees: $1,292.00                    Total Hours: 3.4

This category includes all matters, applicable to all of the Debtors generally, related to and including all motions to modify the automatic stay, issues related to the effect of the automatic stay or pending matters, and all other types of actions where adequate protection is the central issue.

### F. [F-ALL] Plan of Reorganization/Disclosure Statement

Fees: $76,047.50      Total Hours: 174.0

This category includes all matters related to review, formulation, negotiation, preparation, and promulgation of plans of reorganization, disclosure statements, and related corporate documentation and research relating thereto, including reviewing, revising, consideration of, and filing a motion to assume a restructuring support agreement in these cases and supporting declarations.    Specifically, during the Fee Period, RL&F's attorneys and paraprofessionals spent time:

i.      reviewing, revising, and filing the Debtors' motion to extend exclusivity to the statutory maximum, reviewing related objections, and preparing for a contested hearing involving such parties-in-interest regarding the Debtors' exclusivity motion;[7]

ii.     reviewing, revising, and filing the amended Plans and related Disclosure Statements, as well as related exhibits and consents;[8]

---

[7] The Court entered an order approving the Debtors' exclusivity motion on June 1, 2015.  *See Third Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code* [D.I. 4634].

[8] *See* the *Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5078]; *Amended Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5080]; *Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5197]; *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5244]; *Amended Disclosure Statement (Disclosure Statement for the Third*

18

iii.  reviewing, revising, and filing a motion to approve a confirmation schedule;[9]

iv.  reviewing, revising, and filing the Plan Support Agreement and Plan Support Agreement Motion;

v.  reviewing a plan term sheet; and

vi.  otherwise assisting the Debtors and K&E with respect to the Disclosure Statement approval and Plan confirmation process.

### G.    [G-ALL] Use, Sale, Lease of Assets

Fees: $5,954.00        Total Hours: 13.4

This category includes all matters, applicable to all of the Debtors generally, relating to acquisitions, dispositions, and other postpetition uses of property of the Debtors.

### H.    [H-ALL] Cash Collateral/DIP Financing

Fees: $0.00        Total Hours: 0.00

This category includes all matters relating to negotiation and documentation of debtor in possession financing and post-confirmation financing, all cash collateral issues, and related pleadings not specific to any one of the Debtors' estates.

### I.    [I-ALL] Claims Administration

Fees: $59,996.50        Total Hours: 144.7

This category includes all matters related to and including claims administration matters and bar date matters, including claims objections and related contested matters not

---

*Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 5247]; *Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6107]; *Disclosure Statement for the Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6110].

[9] *See Motion of Energy Future Holdings Corp., et al., for Entry of an Order Amending Certain Hearing Dates and Deadlines in Connection with the Confirmation of the Debtors' Plan of Reorganization* [D.I. 4138].

19

specific to any one of the Debtors' estates. To date, creditors have filed approximately 10,000 proofs of claim in these chapter 11 cases. Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time among other things:

    i.      preparing for a trial on the asbestos bar date noticing plan and assisting K&E in connection with an agreed noticing plan in connection therewith;[10]

    ii.     reviewing, revising, and filing 9 omnibus objections to claims, which resulted in the Court disallowing or modifying 851 proofs of claim to reduce the total amount asserted against the Debtors by $41,429,416.62;[11] and

    iii.    responding to formal and informal responses to the omnibus objections.

---

[10] *See Objection of Energy Future Holdings Corp., et al., to the Emergency Motion of the EFH Official Committee for Entry of an Order (I) Adjourning the Hearing, Currently Scheduled for June 1, 2015, on the Debtors' Proposed Form of Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof and (II) Shortening Notice with Respect to the Emergency Motion* [D.I. 4565]; *Order (A) Setting Bar Date for Filing Asbestos Proofs of Claims, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof* [D.I. 5171].

[11] *See Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 4782]; *Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 4784]; *Debtors Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 4786]; *Debtors Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 4970]; *Debtors' Twentieth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 4972]; *Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 4974]; *Debtors' Twenty-Fourth Omnibus (Non-Substantive) Objection to Amended, Wrong Debtor, and Exact Duplicate Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 5364]; *Debtors Twenty-Fifth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 5366]; *Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-*[D.I. 5369].

### J.    [J-ALL] Court Hearings

Fees: $105,871.00              Total Hours: 283.9

This category includes all matters, applicable to all of the Debtors generally, relating to preparation for and attendance at court hearings. In addition to routine omnibus hearings that took place during the Fee Period, attorneys from RL&F also attended (i) hearings regarding the Debtors' third request for an extension of the Debtors' exclusivity period and amending the confirmation scheduling order; (ii) telephonic hearings regarding certain discovery and deposition disputes in connection with, among other things, the Debtors' Plan and Disclosure Statement; (iii) disclosure statement status conferences and scheduling conferences; and (iv) telephonic hearings regarding the Debtor's request to enter into certain long-term power purchase agreements. RL&F believes that its staffing levels at hearings during the Fee Period were reasonable and appropriate. Specifically, where RL&F staffed multiple associates at hearings, those attorneys were necessary to assist K&E attorneys and other client representatives in connection with matters taking place during the course of the hearing (*i.e.,* revising documents, orders, demonstratives, and completing similar tasks taking place in or outside of the courtroom during active court proceedings). RL&F does not, as a general practice, bill for associate time where associates were merely observing the proceedings for informational or educational purposes only. Rather, when RL&F bills associate time for hearing attendance, the associates are generally staffed to play an active role during the hearing to assist K&E and others acting on the Debtors' behalf, even if not actually presenting any matters to the Court during the hearing. Multiple directors of RL&F have attended relatively few hearings in these cases, and in no instance during the Fee Period did more than one director attend any one hearing. Although the role of RL&F's attorneys at hearings may not specifically include presenting matters to the

21

Court at the hearing, they are often providing real-time information and advice to the K&E attorneys also present at the hearing who are making presentations to the Court, thereby adding additional value by being present. Additionally, one counsel from RL&F has attended most hearings in these cases during the Fee Period in addition to the lead engagement director. The counsel in attendance at most hearings in these cases is the day-to-day "point person" for K&E and many of the Debtors' other professionals in these cases, who coordinates and files many of the documents filed on the Debtors' behalf in these cases that are being presented throughout the course of the hearings. Additionally, the managing director and the counsel staffed on this engagement each frequently coordinate with Chambers concerning hearing agendas and scheduling matters, making such attorneys necessary and appropriate to attend hearings.

### K.    [K-ALL] General Corporate/Real Estate

Fees: $180.00          Total Hours: 0.3

This category includes all matters relating to transactional, corporate governance, and related matters involving the Debtors' business operations that are not part of a plan of reorganization or disclosure statement and not specific to any one of the Debtors' estates.

### L.    [L-ALL] Schedules/SOFA/U.S. Trustee Reports

Fees: $2,619.00          Total Hours: 7.0

This category includes the review and filing of monthly operating reports and any other reports required by the U.S. Trustee or the Court not specific to any one of the Debtors' estates. Specifically, during the Fee Period, RL&F attorneys and/or paraprofessionals spent time (i) reviewing and filing monthly operating reports in the Debtors' chapter 11 cases; (ii) responding to certain information requests from the U.S. Trustee; and (iii) addressing certain issues concerning U.S. Trustee fees and related matters.

22

### M.    [M-ALL] Employee Issues

Fees: $ 3,464.50                    Total Hours: 8.6

This category includes all matters related to employee wages, benefits, collective bargaining issues, other employee relations matters, ERISA, and retirement benefits not specific to any one of the Debtors' estates.

### N.    [N-ALL] Environmental

Fees: $ 0.00            Total Hours: 0.00

This category includes all environmental matters other than environmental aspects of a plan of reorganization and not specific to any one of the Debtors' estates.

### O.    [O-ALL] Tax Issues

Fees: $1,268.50        Total Hours: 3.3

This category includes all federal and state income, property, employment, excise, and other tax matters other than the tax aspects of a plan of reorganization and not specific to any one of the Debtors' estates.

### P.    [P-ALL] Litigation/Adversary Proceedings

Fees: $7,090.50                    Total Hours: 18.9

This category includes all matters relating to litigation and adversary proceedings not specific to any one of the Debtors' estates, including working with K&E during the Fee Period to address various discovery requests related to the Disclosure Statement, including myriad document requests, interrogatories, and deposition notices.

23

**Q-1.    [Q-1-ALL] RL&F Applications**

Fees: $1,041.00                     Total Hours: 4.1

This category includes all matters related to preparing applications to retain RL&F and supplements thereto as required by section 327(a) of the Bankruptcy Code, the Local Bankruptcy Rules, and orders of the Court. Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time, among other things, reviewing and analyzing supplemental disclosure materials in connection with RL&F's retention as co-counsel to the Debtors.

**Q-2.    [Q-2-ALL] Retention of Others**

Fees: $5,717.50      Total Hours: 15.8

This category includes time spent reviewing applications for retention by other professionals, objecting to the retention of other professionals, and assisting other professionals with preparing and filing retention applications. Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time:

    i.      reviewing and filing certain ordinary course professionals' declarations of disinterestedness;[12]

    ii.     corresponding with the Debtors' professionals regarding, among other things, supplemental declarations, the scope of the professionals' services, and the interim compensation process;

    iii.    assisting other professionals in receiving compensation in accordance with the interim compensation process;

---

[12] *See, e.g., Declaration of Disinterestedness of Jackson Gilmour & Dobbs, PC Pursuant to the Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [D.I. 4889]; *Declaration of Disinterestedness of The Willis Law Group, PLLC Pursuant to the Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [D.I. 4890]; *Declaration of Disinterestedness of Boulette Golden & Marin L.L.P. Pursuant to the Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [D.I. 4993]; *Supplemental Declaration of Disinterestedness of Vinson & Elkins LLP Pursuant to the Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [D.I. 5108].

iv.     reviewing, revising, and filing updated schedules of ordinary course professionals;[13] and

v.      facilitating the Debtors' retention of various professionals other than RL&F.[14]

### R-1.    [R-1-ALL] RL&F Fee Application

Fees: $22,651.00          Total Hours: 52.2

This category includes all time spent preparing, reviewing, filing, circulating, and/or relating to monthly billing memoranda and fee applications for RL&F, including reviewing and revising RL&F's billing memoranda for issues of attorney-client privilege and compliance with applicable guidelines and rules.

### R-2.    [R-2-ALL] Fee Application of Others

Fees: $46,832.00               Total Hours: 124.7

This category includes time spent reviewing invoices or applications of other professionals, objecting to fees of other professionals, and assisting other of the Debtors' professionals with filing and distributing monthly fee statements.

### S.      [S-ALL] Vendor/Supplies

Fees: $0.00               Total Hours: 0.00

This category includes all matters related to vendors and suppliers, including reclamation issues not specific to any one of the Debtors' estates.

---

[13] *See Amended List of Ordinary Course Professionals (Notice of Tenth Amended List of Ordinary Course Professionals)* [D.I. 4891]; *Amended List of Ordinary Course Professionals (Notice of Eleventh Amended Lists of Ordinary Course Professionals* [D.I. 4992]; *List of Ordinary Course Professionals (Notice of Twelfth Amended Lists of Ordinary Course Professionals)* [D.I. 5777].

[14] *See, e.g., Order Expanding the Retention and Employment of McDermott Will & Emery as Special Counsel for Energy-Related and REIT Transactional Matters Effective* nunc pro tunc *to June 2, 2015* [D.I. 4999].

25

### T. [T-ALL] Non-Working Travel

Fees: $ 0.00            Total Hours: 0.00

This category includes all travel time not otherwise chargeable.

### U. [U-ALL] Utilities

Fees: $ 0.00            Total Hours: 0.00

This category includes all matters related to utility issues not specific to any one of the Debtors' estates.

### V. [V-ALL] Insurance

Fees: $0.00            Total Hours: 0.00

This category includes all matters related to insurance policies or coverage not specific to any one of the Debtors' estates.

## II. Fees Incurred on Behalf of the TCEH Debtors' Estates

### A. [A-TCEH] Case Administration/Miscellaneous Matters

Fees: $0.00            Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to maintenance of calendars, critical date lists, communications with Epiq concerning myriad service issues, review of work in process reports, review of notices of appearance, and maintaining service lists.

### B. [B-TCEH] Creditor Inquiries

Fees: $0.00            Total Hours: 0.0

This category includes all matters related to responding to creditor inquiries specific to the TCEH Debtors' estates.

### C.    [C-TCEH] Meetings

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to preparing for and attending meetings with Debtors, the creditors' committees, individual creditors, the U.S. Trustee, co-counsel, and the Debtors' other professionals, including attendance at and participation in work-in-process calls and meetings.

### D.    [D-TCEH] Executory Contracts/Unexpired Leases

Fees: $11,067.50              Total Hours: 28.2

This category includes all matters specific to the TCEH Debtors' estates related to contract and lease analysis and matters related to assumption, assignment, or rejection of executory contracts and unexpired leases.    During the Fee Period, RL&F attorneys and paraprofessionals spent time reviewing, revising, and filing motions and related documents with respect to rejecting, assuming, or assigning various contracts and leases specific to the TCEH Debtors' estates.[15]

### E.    [E-TCEH] Automatic Stay/Adequate Protection

Fees: $0.00                    Total Hours: 0.00

This category includes all matters related to and including all motions to modify the automatic stay, issues related to the effect of the automatic stay or pending matters, and all other types of actions where adequate protection is the central issue specific to the TCEH Debtors.  Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time

---

[15] *See, e.g., Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing Luminant Generation Company LLC to Reject Certain Executory Contracts with Tarrant County College District, Effective Nunc Pro Tunc to August 20, 2015* [D.I. 5604]; *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Approving the Assumption of All Executory Contracts by and Among Luminant Generation Company LLC, Luminant Mining Company LLC, Sandow Power Company LLC, Texas Competitive Electric Holdings Company LLC and Alcoa Inc.* [D.I. 5789].

reviewing, revising, and filing a pleading that the automatic stay does not apply to certain state court litigations and related pleadings.[16]

### F.    [F-TCEH] Plan of Reorganization/Disclosure Statement

Fees: $369.00                    Total Hours: 1.2

This category includes all matters specific to the TCEH Debtors' estates related to review, formulation, negotiation, preparation, and promulgation of plans of reorganization, disclosure statements, and related corporate documentation.

### G.    [G-TCEH] Use, Sale, Lease of Assets

Fees: $3,193.50                  Total Hours: 8.0

This category includes all matters relating to acquisitions, dispositions, and other postpetition uses of property of the TCEH Debtors.  Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time reviewing, revising, and filing a motion to enter into certain non-proprietary hedging and trading arrangements.[17]

### H.    [H-TCEH] Cash Collateral/DIP Financing

Fees: $2,157.50                  Total Hours: 4.9

This category includes all matters relating to TCEH Debtors' efforts to implement the TCEH DIP Facility and obtain entry of the TCEH Cash Collateral Order.  Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time reviewing, revising, and filing a stipulation extending the challenge period under the TCEH Cash Collateral Order.[18]

---

[16] *See Objection of Energy Future Holdings, et al., to the Tremble Motion Not to Reinstate Appeal* [D.I. 5908].

[17] *See Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing Certain Debtors to Enter Into Limited Non-Proprietary Hedging and Trading Arrangements Subject to the Debtors Risk Management Guidelines* [D.I. 5065].

[18] *See Stipulation and Consent Order Extending Certain Deadlines in the Final Cash Collateral Order* [D.I. 4958].

### I.    [I-TCEH] Claims Administration

Fees: $8,433.50                Total Hours: 18.9

This category includes all matters specific to the TCEH Debtors' estates related to and including claims administration. Among other things, during the Fee Period, RL&F attorneys and paraprofessionals spent time reviewing, revising, and filing a motion to approve a settlement of certain claims asserted against the TCEH Debtors. [19]

### J.    [J-TCEH] Court Hearings

Fees: $105.00                Total Hours: 0.2

This category includes all matters relating to preparation for and attendance at court hearings specific to the TCEH Debtors' estates.

### K.    [K-TCEH] General Corporate/Real Estate

Fees: $0.00                Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates relating to transactional issues and corporate governance.

### L.    [L-TCEH] Schedules/SOFA/U.S. Trustee Reports

Fees: $0.00                Total Hours: 0.0

This category includes all tasks in connection with U.S. Trustee reporting issues and information requests specific to the TCEH Debtors' estates.

---

[19] *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Approving the Stipulation Between Certain Debtors and Holt (A) Resolving Claims Asserted by Holt and (B) Assuming Certain Executory Contracts* [D.I. 5778].

**M.**   **[M-TCEH] Employee Issues**

Fees: $0.00                        Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to employee wages, benefits, collective bargaining issues, other employee relations matters, ERISA, and retirement benefits.

**N.**   **[N-TCEH] Environmental**

Fees: $0.00                        Total Hours: 0.0

This category includes all environmental matters specific to the TCEH Debtors' estates.

**O.**   **[O-TCEH] Tax Issues**

Fees: $1,960.50                    Total Hours: 3.6

This category includes all federal and state income, property, employment, excise, and other tax matters specific to the TCEH Debtors' estates, other than the tax aspects of a plan of reorganization.  Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time reviewing, revising, and filing the Debtors' motion to determine certain *ad valorem* property taxes pursuant to section 505 of the Bankruptcy Code.[20]

**P.**   **[P-TCEH] Litigation/Adversary Proceedings**

Fees: $600.00     Total Hours: 0.8

This category includes all matters specific to the TCEH Debtors' estates relating to litigation, adversary proceedings, and appeals.

---

[20] *Motion of Energy Future Holdings Corp., et al., Pursuant to Sections 105, 505, and 506 of the Bankruptcy Code for Entry of an Order Determining Contested Ad Valorem Tax Matters* [D.I. 5620].

### Q-1.   [Q-1-TCEH] RL&F Applications

Fees: $0.00            Total Hours: 0.00

This category includes all matters specific to the TCEH Debtors' estates related to preparing applications to retain RL&F and supplements thereto.

### Q-2.   [Q-2-TCEH] Retention of Others

Fees: $157.50            Total Hours: 0.3

This category includes time specific to the TCEH Debtors' estates spent reviewing applications for retention by other professionals, objecting to the retention of other professionals, and assisting other professionals with preparing and filing retention applications.

### R-1.   [R-1-TCEH] RL&F Fee Application

Fees: $0.00            Total Hours: 0.0

This category includes all time specific to the TCEH Debtors' estates spent preparing, reviewing, filing, circulating, and/or relating to monthly billing memoranda and fee applications for RL&F.

### R-2.   [R-2-TCEH] Fee Application of Others

Fees: $694.00            Total Hours: 1.5

This category includes all time specific to the TCEH Debtors' estates spent reviewing invoices or applications of other professionals, objecting to fees of other professionals, and assisting other professionals with filing and circulating monthly invoices and applications.

### S.    [S-TCEH] Vendor/Supplies

Fees: $0.00            Total Hours: 0.00

This category includes all matters specific to the TCEH Debtors' estates related to vendors and suppliers, including reclamation issues.

31

### T.    [T-TCEH] Non-Working Travel

Fees: $0.00                    Total Hours: 0.0

This category includes all travel time specific to the TCEH Debtors' estates not otherwise chargeable.

### U.    [U-TCEH] Utilities

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to utility issues.

### V.    [V-TCEH] Insurance

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to insurance policies or coverage.

## III.   Fees Incurred on Behalf of the EFIH Debtors' Estates

### A.    [A-EFIH] Case Administration/Miscellaneous Matters

Fees: $0.00                    Total Hours: 0.00

This category includes all matters specific to the EFIH Debtors' estates related to maintenance of calendars, critical date lists, communications with Epiq concerning myriad service issues, review of work in process reports, review of notices of appearance, and maintaining service lists.

### B.    [B-EFIH] Creditor Inquiries

Fees: $0.00                    Total Hours: 0.0

This category includes all matters related to responding to creditor inquiries specific to the EFIH Debtors' estates.

**C.**    **[C-EFIH] Meetings**

Fees: $0.00          Total Hours: 0.00

This category includes all matters specific to the EFIH Debtors' estates related to preparing for and attending meetings with Debtors, the creditors' committees, individual creditors, the U.S. Trustee, co-counsel, and the Debtors' other professionals, including attendance at and participation in work-in-process calls and meetings.

**D.**    **[D-EFIH] Executory Contracts/Unexpired Leases**

Fees: $0.00          Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to contract and lease analysis and matters related to assumption, assignment, or rejection of executory contracts and unexpired leases.

**E.**    **[E-EFIH] Automatic Stay/Adequate Protection**

Fees: $0.00          Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to and including all motions to modify the automatic stay, issues related to the effect of the automatic stay or pending matters, and all other types of actions where adequate protection is the central issue.

**F.**    **[F-EFIH] Plan of Reorganization/Disclosure Statement**

Fees: $0.00          Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to review, formulation, negotiation, preparation, and promulgation of plans of reorganization, disclosure statements, and related corporate documentation.

33

### G.    [G-EFIH] Use, Sale, Lease of Assets

Fees: $1,672.50                    Total Hours: 3.1

This category includes all matters relating to acquisitions, dispositions, and other postpetition uses of property of the EFIH Debtors.

### H.    [H-EFIH] Cash Collateral/DIP Financing

Fees: $0.00                        Total Hours: 0.0

This category includes all matters relating to negotiation and documentation of debtor in possession financing specific to the EFIH Debtors' estates.

### I.    [I-EFIH] Claims Administration

Fees: $4,669.00                    Total Hours: 10.0

This category includes all matters specific to the EFIH Debtors' estates related to and including claims administration.   Specifically, during the Fee Period, attorneys and paraprofessionals of RL&F spent time reviewing, revising, and filing the *EFIH Debtors' Partial Objection to Proof of Claim No. 6347 Filed By the Indenture Trustee for the EFIH Unsecured Notes* [D.I. 4964] and attending to matters related thereto.

### J.    [J-EFIH] Court Hearings

Fees: $37.50        Total Hours: 0.3

This category includes all matters relating to preparation for and attendance at court hearings specific to the EFIH Debtors' estates.

34

### K.    [K-EFIH] General Corporate/Real Estate

Fees: $367.50                    Total Hours: 0.7

This category includes all matters specific to the EFIH Debtors' estates relating to transactional issues and corporate governance.

### L.    [L-EFIH] Schedules/SOFA/U.S. Trustee Reports

Fees: $0.00                    Total Hours: 0.0

This category includes all tasks in connection with U.S. Trustee reporting issues and information requests specific to the EFIH Debtors' estates.

### M.    [M-EFIH] Employee Issues

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to employee wages, benefits, collective bargaining issues, other employee relations matters, ERISA, and retirement benefits.

### N.    [N-EFIH] Environmental

Fees: $0.00                    Total Hours: 0.0

This category includes all environmental matters specific to the EFIH Debtors' estates.

### O.    [O-EFIH] Tax Issues

Fees: $0.00                    Total Hours: 0.0

This category includes all federal and state income, property, employment, excise, and other tax matters specific to the EFIH Debtors' estates, other than the tax aspects of a plan of reorganization.

35

P.    **[P-EFIH] Litigation/Adversary Proceedings**

Fees: $36,323.50            Total Hours: 68.8

This category includes all matters relating to litigation and adversary proceedings specific to the EFIH Debtors' estates.    During the Fee Period, RL&F attorneys and paraprofessionals spent time addressing contested matters and adversary proceedings with EFIH creditors, in particular the litigations regarding the EFIH First Lien, the EFIH Second Lien, and the EFIH Unsecured makewhole litigations.    Specifically, RL&F attorneys and paraprofessionals spent time:

    i.    reviewing, revising, and filing myriad pleadings and other documents associated with these litigations;

    ii.    reviewing, revising, and filing the post-trial submissions for the lift stay hearing in the EFIH First Lien makewhole litigation;[21]

    iii.    reviewing, revising, and filing pleadings and other documents associated with and in preparation for the EFIH Second Lien makewhole summary judgment[22] and lift stay proceedings;

    iv.    preparing for and telephonically attending the Third Circuit mediation conference for the First Lien settlement appeal litigation;

    v.    reviewing, revising, and filing the Debtors' response brief in the EFIH First Lien settlement appeal litigation pending in the Third Circuit;

    vi.    reviewing the EFIH Debtors' materials in preparation for the hearing regarding the EFIH Unsecured noteholders motion to dismiss on ripeness grounds; and

    vii.    reviewing, revising, and filing submissions for the EFIH Unsecured makewhole litigation.[23]

---

[21] *See EFIH Debtors' Proposed Findings of Fact and Conclusions of Law* [Adversary D.I. 294]; *EFIH Debtors' Post-Trial Brief* [Adversary D.I. 295]; *Designation of Record by Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. Pursuant to Federal Rule of Bankruptcy Procedure 8009* [Adversary D.I. 315].

[22] *See, e.g., EFIH Debtors' Motion for Summary Judgment* [Adversary D.I. 41]; *EFIH Debtors' Memorandum in Support of Their Motion for Partial Summary Judgment* [Adversary D.I. 42].

### Q-1.    [Q-1-EFIH] RL&F Applications

Fees: $0.00                            Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to preparing applications to retain RL&F and supplements thereto.

### Q-2.    [Q-2-EFIH] Retention of Others

Fees: 0.00        Total Hours: 0.00

This category includes time specific to the EFIH Debtors' estates spent reviewing applications for retention by other professionals, objecting to the retention of other professionals, and assisting other professionals with preparing and filing retention applications.

### R-1.    [R-1-EFIH] RL&F Fee Application

Fees: $0.00                            Total Hours: 0.0

This category includes all time specific to the EFIH Debtors' estates spent preparing, reviewing, filing, circulating, and/or relating to monthly billing memoranda and fee applications for RL&F.

### R-2.    [R-2-EFIH] Fee Application of Others

Fees: $249.50        Total Hours: 0.5

This category includes all time specific to the EFIH Debtors' estates spent reviewing invoices or applications of other professionals, objecting to fees of other professionals, and assisting other professionals with filing and circulating monthly invoices and applications.

---

[23] *See EFIH Debtors' Partial Objection to Proof of Claim No. 6347 Filed by Indenture Trustee for the EFIH Unsecured Notes,* [D.I. 4964]; *EFIH Debtors' Reply in Support of Partial Objection to Proof of Claim No. 6347 Filed by Indenture Trustee for the EFIH Unsecured Notes* [D.I. 5962]; *McGaan Letter to Judge Sontchi re EFIH Debtors' Partial Objection to Proof of Claim No. 6347 Filed by Indenture Trustee for the EFIH Unsecured Notes* [D.I. 5238].

37

### S.    [S-EFIH] Vendor/Supplies

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to vendors and suppliers, including reclamation issues.

### T.    [T-EFIH] Non-Working Travel

Fees: $0.00                    Total Hours: 0.0

This category includes all travel time specific to the EFIH Debtors' estates not otherwise chargeable.

### U.    [U-EFIH] Utilities

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to utility issues.

### V.    [V-EFIH] Insurance

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to insurance policies or coverage.

## IV.    Fees Incurred on Behalf of the EFH Estate

### A.    [A-EFH] Case Administration/Miscellaneous Matters

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to EFH's estate related to maintenance of calendars, critical date lists, communications with Epiq concerning myriad service issues, review of work in process reports, review of notices of appearance, and maintaining service lists.

38

**B.**    **[B-EFH] Creditor Inquiries**

Fees: $0.00                        Total Hours: 0.0

This category includes all matters related to responding to creditor inquiries specific to EFH's estate.

**C.**    **[C-EFH] Meetings**

Fees: $0.00                        Total Hours: 0.0

This category includes all matters specific to EFH's estate related to preparing for and attending meetings with Debtors, the creditors' committees, individual creditors, the U.S. Trustee, co-counsel, and the Debtors' other professionals, including attendance and participation in work-in-process calls and meetings.

**D.**    **[D-EFH] Executory Contracts/Unexpired Leases**

Fees: $208.00                        Total Hours: 0.8

This category includes all matters specific to EFH's estate related to contract and lease analysis and matters related to assumption, assignment, or rejection of executory contracts and unexpired leases.

**E.**    **[E-EFH] Automatic Stay/Adequate Protection**

Fees: $0.00                        Total Hours: 0.0

This category includes all matters specific to EFH's estate related to and including all motions to modify the automatic stay, issues related to the effect of the automatic stay or pending matters, and all other types of actions where adequate protection is the central issue.

**F.**    **[F-EFH] Plan of Reorganization/Disclosure Statement**

Fees: $0.00                        Total Hours: 0.0

This category includes all matters specific to EFH's estate related to review, formulation, negotiation, preparation, and promulgation of plans of reorganization, disclosure

39

statements, and related corporate documentation.

### G.    [G-EFH] Use, Sale, Lease of Assets

Fees: $0.00                    Total Hours: 0.0

This category includes all matters relating to acquisitions, dispositions, and other postpetition uses of property of EFH.

### H.    [H-EFH] Cash Collateral/DIP Financing

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to EFH's estate relating to negotiation and documentation of debtor in possession financing and post-confirmation financing, all cash collateral issues, and related pleadings.

### I.    [I-EFH] Claims Administration

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to EFH's estate related to and including claims administration.

### J.    [J-EFH] Court Hearings

Fees: $0.00                    Total Hours: 0.0

This category includes all matters relating to preparation for and attendance at court hearings specific to EFH's estate.

### K.    [K-EFH] General Corporate/Real Estate

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to EFH's estate relating to transactional issues and corporate governance.

40

**L.**      **[L-EFH] Schedules/SOFA/U.S. Trustee Reports**

Fees: $0.00             Total Hours: 0.0

This category includes all tasks in connection with U.S. Trustee reporting issues and information requests specific to EFH's estate.

**M.**      **[M-EFH] Employee Issues**

Fees: $0.00             Total Hours: 0.0

This category includes all matters specific to EFH's estate related to employee wages, benefits, collective bargaining issues, other employee relations matters, ERISA, and retirement benefits.

**N.**      **[N-EFH] Environmental**

Fees: $0.00             Total Hours: 0.0

This category includes all environmental matters specific to EFH's estate.

**O.**      **[O-EFH] Tax Issues**

Fees: $0.00             Total Hours: 0.0

This category includes all federal and state income, property, employment, excise, and other tax matters specific to EFH's estate, other than the tax aspects of a plan of reorganization.

**P.**      **[P-EFH] Litigation/Adversary Proceedings**

Fees: $450.00          Total Hours: 0.6

This category includes all matters relating to litigation and adversary proceedings specific to EFH's estate.

RLF1 13665248v.1

### Q-1.    [Q-1-EFH] RL&F Applications

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to EFH's estate related to preparing applications to retain RL&F and supplements thereto.

### Q-2.    [Q-2-EFH] Retention of Others

Fees: $105.00            Total Hours: 0.2

This category includes time specific to EFH's estate spent reviewing applications for retention by other professionals, objecting to the retention of other professionals, and assisting other professionals with preparing and filing retention applications.

### R-1.    [R-1-EFH] RL&F Fee Application

Fees: $722.00            Total Hours: 1.4

This category includes all time specific to EFH's estate spent preparing, reviewing, filing, circulating, and/or relating to monthly billing memoranda and fee applications for RL&F.

### R-2.    [R-2-EFH] Fee Application of Others

Fees: $0.00                    Total Hours: 0.0

This category includes all time specific to EFH's estate spent reviewing invoices or applications of other professionals, objecting to fees of other professionals, and assisting other professionals with filing and circulating monthly invoices and applications.

### S.    [S-EFH] Vendor/Supplies

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to EFH's estate related to vendors and suppliers, including reclamation issues.

42

**T.**    **[T-EFH] Non-Working Travel**

Fees: $0.00                          Total Hours: 0.0

This category includes all travel time specific to EFH's estate not otherwise chargeable.

**U.**    **[U-EFH] Utilities**

Fees: $0.00                          Total Hours: 0.0

This category includes all matters specific to EFH's estate related to utility issues.

**V.**    **[V-EFH] Insurance**

Fees: $0.00                          Total Hours: 0.0

This category includes all matters specific EFH's estate related to insurance policies or coverage.

### Actual and Necessary Expenses Incurred by RL&F

31.    As set forth in **Exhibit H** attached hereto, and as summarized in **Exhibit F** attached hereto, RL&F has incurred a total of $29,883.76 in expenses on behalf of the Debtors during the Fee Period. These charges are intended to reimburse RL&F's direct operating costs, which are not incorporated into the RL&F hourly billing rates. RL&F charges external copying at the provider's cost without markup. Only clients who actually use services of the types set forth in **Exhibit H** of this Fee Application are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would be to impose that cost upon clients who do not require extensive photocopying and other facilities and services.

43

**Reasonable and Necessary Services Provided by RL&F**

**A.      Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.**

32.      The foregoing professional services provided by RL&F on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

33.      Most all of the services performed by directors, counsels, and associates of RL&F were provided by RL&F's Bankruptcy and Restructuring Group.  RL&F has a prominent practice in this area and enjoys a national reputation for its expertise in financial reorganizations and restructurings of troubled companies.  The attorneys at RL&F have represented either the debtor(s) or the creditors' committee or have acted as special counsel in many large chapter 11 cases in the District of Delaware.  Overall, RL&F brings to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

**B.      Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.**

34.      The time constraints imposed by the circumstances of these chapter 11 cases required RL&F attorneys and other employees to devote substantial time during the evenings and/or on weekends to perform services on behalf of the Debtors.  These services were essential to meet deadlines, provide necessary assistance to K&E, and ensure the orderly administration of the Debtors' estates.  Consistent with firm policy, and as further disclosed in the Retention Application, RL&F attorneys and other RL&F employees who worked late in the evenings or on weekends were provided with reasonable meals at a cost to the Debtors' estates.  RL&F's regular practice is not to include components for those charges in overhead when establishing billing

44

rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

35.     In addition, due to the location of the Debtors' businesses, co-counsel, creditors, and other parties-in-interest in relation to RL&F's office, numerous multi-party telephone conferences were required.  On many occasions, the exigencies and circumstances of these chapter 11 cases required overnight delivery of documents and other materials.    The disbursements for such services are not included in RL&F's overhead for the purpose of setting billing rates, and RL&F has made every effort to minimize its disbursements in these chapter 11 cases.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors in these chapter 11 cases.

36.     Among other things, RL&F makes sure that all overtime meals, travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement.[24]  Specifically, RL&F regularly reviews its bills to ensure that the Debtors are

---

[24] Among other things, the Fee Committee Guidelines prepared by Godfrey & Kahn, S.C., counsel to the Fee Committee, sets forth certain meal expense reimbursement guidelines.  Specifically, pursuant to the Expense Memo, the Fee Committee generally recommends that in-office meals be capped at $20 per person per meal, and should be reimbursable if (i) the professional attends a necessary lunch-hour business meeting or (ii) the professional works on the Debtors' chapter 11 cases past 8:00 p.m. and has worked more than four hours on the Debtors' chapter 11 cases during the billing day for which meal reimbursement is sought.  At the same time, the Fee Committee Guidelines note that the guidelines set forth therein are "not hard and fast rules," but rather principles that the Fee Committee generally will follow.  See Fee Committee Guidelines at 3.  The Fee Committee Guidelines further note that the "general statements [set forth in the Fee Committee Guidelines] reflect the Fee Committee's starting point for expense review, not its conclusions." See Fee Committee Guidelines at 5.  Consequently, RL&F submits that it should be permitted to be reimbursed for business meals in accordance with the following well-established guidelines adhered to regularly in other significant chapter 11 cases in the District of Delaware: $25 per person for breakfast, $35 per person for lunch, $55 per person for dinner, and not the $20 per person per meal cap set forth in the Fee Committee Guidelines. See, e.g., In re Old FENM Inc., Case No. 13-12569 (Bankr. D. Del.) (fee examiner applying $25 per person for breakfast, $35 per person for lunch, and $55 per person for dinner meal caps); In re FBI Wind Down, Inc., Case No. 13-12329 (Bankr. D. Del.) (same); In re School Specialty, Inc., Case No. 13-10125 (Bankr. D. Del.) (same); In re Vertis Holdings, Inc., Case No. 12-12821 (Bankr. D. Del.) (same); In re Southern Air Holdings, Inc.,

45

only billed for services that were actual and necessary and, where appropriate, prorates expenses. In accordance with the Retention Order, RL&F does not seek reimbursement of expenses for office supplies pursuant to this Application.

### RL&F's Requested Compensation and Reimbursement Should Be Allowed

37.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.    Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).    Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)    the time spent on such services;

---

Case No. 12-12690 (Bankr. D. Del.) (same); In re WP Steel Venture LLC, Case No. 12-11661 (Bankr. D. Del.) (same); In re Allied Systems Holdings, Inc., Case No. 12-11564 (Bankr. D. Del.) (same); In re AES Eastern Energy, L.P., Case No. 11-14138 (Bankr. D. Del.) (same); In re Raser Technologies, Inc., Case No. 11-11315 (Bankr. D. Del.) (same); In re Indianapolis Downs, Inc., Case No. 11-11046 (Bankr. D. Del.) (same); In re TW Liquidation Corp., Case No. 10-14092 (Bankr. D. Del.) (same); In re OTC Holdings Corp., Case No. 10-12636 (Bankr. D. Del.) (same); In re Specialty Products Holding Corp., Case No. 10-11780 (Bankr. D. Del.) (same).    See also In re Armstrong World Industries, Inc., 366 B.R. 278, 284, n. 7 (D. Del. 2007) (emphasis added) (adopting certain meal caps substantially higher than those set forth in the Fee Committee Guidelines in connection with meal charges incurred nearly a decade ago and noting that such caps "… are not arbitrary, but instead are guidelines that the fee auditor developed in light of his experience and through *extensive surveys to determine reasonable costs of meals* …").    If materially higher meal caps were accepted by the District Court in the Armstrong World Industries case several years ago, RL&F respectfully submits that imposing significantly lower caps in many cases involving nearly a decade of inflation makes little sense and would be inequitable.    To the extent that RL&F exceeded the $25 per person for breakfast, $35 per person for lunch, and $55 per person for dinner meal caps roundly adhered to in the District of Delaware, RL&F has taken voluntary reductions to those generally accepted caps during the Fee Period.    Separately, RL&F reserves all of its rights to argue that certain business meals do not constitute "in-office" meals and/or that the "8:00 p.m." and "four hour" billing requirements should not apply to its timekeepers.

46

(b)     the rates charged for such services;

(c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(e)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

38.     RL&F respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates. RL&F further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' stakeholders. RL&F further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties-in-interest.

39.     During the Fee Period, RL&F's hourly billing rates for attorneys ranged from $260.00 to $750.00. The hourly rates and corresponding rate structure utilized by RL&F in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by RL&F for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. RL&F strives to be, and believes it has been, efficient and effective in the staffing of matters. These rates and the rate structure reflect that such matters are

47

typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

40.    Moreover, RL&F's hourly rates are set at a level designed to compensate RL&F fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.    Hourly rates vary with the experience and seniority of the individuals assigned.    Pursuant to the terms of the Engagement Letter as approved by the Court through the Retention Order, and generally on client matters, these hourly rates are subject to periodic review and revision to reflect economic and other conditions and are consistent with the rates charged elsewhere.

41.    In sum, RL&F respectfully submits that the professional services provided by RL&F on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by RL&F, the nature and extent of RL&F's services provided, the value of RL&F's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.    Accordingly, RL&F respectfully submits that approval of the compensation sought herein is warranted and should be approved.

### Reservation of Rights and Notice

42.    It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.    RL&F reserves the right to include such amounts in future fee applications.    In addition, the Debtors shall provide notice of this Fee Application on the date hereof to: (a) the U.S. Trustee, (b) counsel to the agent of the EFIH First Lien DIP Facility, (c) counsel to the agent of the TCEH DIP Facility, (d) counsel to the TCEH Creditors' Committee, (e) the EFH Creditors' Committee, (f) the Fee Committee, and (g) all

48

parties that have entered their appearance pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

43.     Pursuant to the Interim Compensation Order and the Fee Committee Order, (a) any Notice Party (other than the Fee Committee) that wishes to object to the Fee Application must file its objection with the Court, with a copy to Chambers, and serve it on RL&F and the Notice Parties so that it is **actually received** on or before **March 1, 2016 at 4:00 p.m. (Eastern Standard Time).**

## No Prior Request

44.     No prior application for the relief requested herein has been made to this or any other Court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, RL&F respectfully requests that the Court enter an order (a) awarding RL&F interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $467,550.50, and reimbursement of actual, reasonable, and necessary expenses incurred in the Fee Period in the amount of $29,883.76; (b) authorizing and directing the Debtors to remit payment to RL&F for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated: February 8, 2016
      Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
          defranceschi@rlf.com
          madron@rlf.com

*Co-Counsel to the Debtors and Debtors in Possession*

50

## Exhibit A

**Madron Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF JASON M. MADRON IN SUPPORT**
**OF THE FOURTH INTERIM FEE APPLICATION OF RICHARDS,**
**LAYTON & FINGER, P.A., CO-ATTORNEYS FOR THE DEBTORS**
**AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM**
**MAY 1, 2015 THROUGH AND INCLUDING AUGUST 31, 2015**

I, Jason M. Madron, being duly sworn, state the following under penalty of perjury:

1.      I am Counsel in the law firm of Richards, Layton & Finger, P.A., located at 920 North King Street, Wilmington, Delaware 19801 ("RL&F"). I am a member in good standing of the Bar of the State of Delaware, and I have been admitted to practice in the United States Bankruptcy Court for the District of Delaware. There are no disciplinary proceedings pending against me.

2.      I have read the foregoing fourth interim fee application of RL&F, co-attorneys for the Debtors, for the Fee Period (the "Fee Application"). To the best of my knowledge, information, and belief, the statements contained in the Fee Application are true and correct. In addition, I believe that the Fee Application complies with Local Bankruptcy Rules 2016-1 and 2016-2.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

3.  In connection therewith, I hereby certify that:

a)  to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions, except as specifically set forth herein;

b)  except to the extent disclosed in the Fee Application, the fees and disbursements sought in the Fee Application are billed at rates customarily employed by RL&F and generally accepted by RL&F's clients.   In addition, none of the professionals seeking compensation varied their hourly rate based on the geographic location of the Debtors' case;

c)  the Debtors agreed to accept all reasonable future rate increases;

d)  RL&F is seeking compensation with respect to the approximately 52.2 hours and $22,651.00 in fees spent preparing fee statements and applications, including, without limitation, reviewing and revising time records and preparing, reviewing, and revising billing memoranda. RL&F concurrently revised its billing memoranda for privileged and confidential information and accordingly did not spend any additional time reviewing time records to redact such privileged or confidential information;

e)  except as otherwise disclosed in the Fee Application, in providing a reimbursable expense, RL&F does not make a profit on that expense, whether the service is performed by RL&F in-house or through a third party;

f)  in accordance with rule 2016(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 504, no agreement or understanding exists between RL&F and any other person (other than the directors of RL&F) for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules; and

g)  all services for which compensation is sought were professional services on behalf of the Debtors and not on behalf of any other person.

RLF1 13665248v.1

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Jason M. Madron (No. 4431)

## Exhibit B

**Retention Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., et al.,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: D.I. 659, 2531 |
| | ) | |

ORDER AUTHORIZING THE DEBTORS
TO RETAIN AND EMPLOY RICHARDS, LAYTON & FINGER, P.A.
AS CO-COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application, dated May 29, 2014 [D.I. 659] (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to retain and employ Richards, Layton & Finger, P.A. ("RLF") as co-counsel effective *nunc pro tunc* to the Petition Date; all as more fully set forth in the Application, the DeFranceschi Affidavit, the Supplemental DeFranceschi Affidavit (D.I. 2531), the Doré Declaration and the First Day Declaration (collectively, the "Declarations"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

having found that the relief requested in the Application is in the best interests of the Debtors'

estates, their creditors, and other Parties-in-Interest; and the Court having found that the Debtors

provided appropriate notice of the Application and the opportunity for a hearing on the

Application under the circumstances; and the Court having reviewed the Application and the

Declarations; and the Court having determined that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein; and upon all of the relevant

proceedings with respect to the Application, if any, before the Court; and after due deliberation

and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    The Application is granted to the extent provided herein.

    2.    The Debtors are authorized pursuant to sections 327(a), 328, and 330 of the

Bankruptcy Code to employ and retain RLF, effective *nunc pro tunc* to the Petition Date, as co-

counsel to the Debtors in accordance with the terms and conditions set forth in the Application

and in the Engagement Letter attached to the Application as **Exhibit C**, *provided, however*, that

nothing in the Engagement Letter shall supersede any provisions of the Bankruptcy Code during

the pendency of the Debtors' chapter 11 cases; *provided further, however*, that to the extent the

Application, the Declarations, any later declaration, or the Engagement Letter is inconsistent

with this Order, the terms of this Order shall govern.

    3.    RLF is authorized to provide the Debtors with the professional services as

described in the Application, the Engagement Letter, the DeFranceschi Affidavit and the

Supplemental DeFranceschi Affidavit, as follows:

        a.  providing Delaware law expertise to the Debtors, including advising the
            Debtors and Kirkland & Ellis LLP and Kirkland & Ellis International LLP
            (together, "K&E") on issues of local practice and the Local Bankruptcy Rules;

        b.  acting as Delaware counsel with respect to the Debtors' restructuring,
            including (i) reviewing, commenting on, and filing the various documents and

2

pleadings principally drafted by K&E; and (ii) drafting certifications of counsel, certifications of no objection, notices, and other routine documents that are not principally drafted by K&E for filing in the Debtors' chapter 11 cases;

c.  appearing in Court and at meetings on behalf of the Debtors;

d.  interacting and communicating with chambers outside of hearings; and

e.  acting as conflicts counsel independently from K&E in certain matters.

4.      Notwithstanding anything in the Application, the DeFranceschi Affidavit, or the Engagement Letter to the contrary, RLF shall apply the remaining amount of the Retainer to satisfy the payment of allowed fees and expenses accruing after the Petition Date before seeking further payment from the Debtors in satisfaction of such allowed fees and expenses. The Retainer will not be replenished postpetition.

5.      Notwithstanding anything in the Engagement Letter to the contrary, for the avoidance of doubt, the Bankruptcy Court shall have jurisdiction over any and all matters arising under or in connection with RLF's engagement by the Debtors and the Engagement Letter.

6.      RLF shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

7.      RLF is aware of certain potential claims by and among the Debtors, including alleged potential actions under chapter 5 of the Bankruptcy Code, tax-related claims, and other intercompany claims,

8.      If any potential conflict between or among the Debtors, whether or not resulting from intercompany or other claims, becomes an actual conflict or RLF otherwise determines that it can no longer provide advice to the Debtor(s) on a particular matter (either one, an "Actual Conflict Matter"), then RLF immediately shall file a notice of the Actual Conflict Matter, with a

3

copy to the U.S. Trustee, and the applicable Debtor(s) will retain other conflicts counsel ("Conflicts Counsel") to advise the Debtor(s) in connection with the Actual Conflict Matter.

9.      RLF may not represent the applicable Debtor(s) in litigating or otherwise advising the applicable Debtor(s) with respect to the Actual Conflict Matter. RLF may confer with the Debtors, Conflicts Counsel, the Debtor(s)' other advisors, any other party, and advisors to such other parties in connection with RLF's continued representation of the Debtors in (i) negotiating, preparing, or prosecuting a plan of reorganization (or other restructuring transactions) that settles the Actual Conflict Matter, or (ii) matters wholly unrelated to the Actual Conflict Matter.

10.     RLF shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, any case-specific fee protocols approved by the Court after notice and a hearing pursuant to paragraph C.5 of the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order"), and any other applicable procedures and orders of the Court. RLF also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, in connection with the Application and any interim and final fee applications to be filed by RLF in these Chapter 11 Cases.

11.     Notwithstanding anything to the contrary in the Application, any of the Declarations, any subsequent declaration, or the Engagement Letter, RLF shall cooperate with

4

the fee committee appointed pursuant to the Fee Committee Order in the discharge of the fee committee's duties. RLF has agreed to be bound by the terms of the Fee Committee Order.

12.    RLF shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

13.    Notwithstanding anything to the contrary in the Application or the Engagement Letter, RLF will not seek reimbursement of expenses for office supplies.

14.    To the extent that the Declarations and the Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

15.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

16.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17.    Notwithstanding any contrary provision in the Application or the Engagement Letter, the Court shall retain jurisdiction to hear and determine all matters arising from or related to implementation of this Order.

Dated: October 24, 2014
      Wilmington, Delaware

                                _____
                                  THE HONORABLE CHRISTOPHER S. SONTCHI
                                  UNITED STATES BANKRUPTCY JUDGE

RLF1 10810432v.2

## Exhibit C

### Engagement Letter



RICHARDS
LAYTON &
FINGER
Attorneys at Law

DANIEL J. DEFRANCESCHI
DIRECTOR
302- 651-7816
DEFRANCESCHI@RLF.COM

HIGHLY CONFIDENTIAL
ATTORNEY CLIENT PRIVILEGED

January 16, 2014

<u>VIA EMAIL</u>

Mr. Andrew M. Wright
Vice President and Deputy General Counsel
Energy Future Holdings Corp.
1601 Bryan Street
Dallas, Texas 75201

Mr. Andrew M. Wright
Vice President and Deputy General Counsel,
Texas Competitive Electric Holding
Company LLC
1601 Bryan Street
Dallas, Texas 75201

Mr. Andrew M. Wright
Vice President and Deputy General Counsel
Energy Future Intermediate Holding
Company LLC
1601 Bryan Street
Dallas, Texas 75201

Mr. Andrew M. Wright
Vice President and Deputy General Counsel
Energy Future Competitive Holdings
Company LLC
1601 Bryan Street
Dallas, Texas 75201

Re:    <u>Engagement of Richards, Layton & Finger, P.A.</u>

Dear Mr. Wright,

We are very pleased that you have asked us to represent Energy Future Holdings Corp. and its direct and indirect subsidiaries (other than Oncor Holdings LLC and its subsidiaries) (collectively, "Oncor") (collectively, "you" or the "Company"), as its Delaware counsel in connection with a potential restructuring.

The purpose of this letter is to confirm and establish our agreement with regard to the nature and scope of our retention and to provide you and the Company with a summary of obligations in connection with our retention.

For all purposes of this matter, the client shall be the Company. All duties and responsibilities created and imposed by this agreement shall be owed to the Company and not to any officer, agent, partnership, other corporation, trustee, employee or third party individuals, unless expressly otherwise agreed, and then only after full and accurate disclosure to the court and other necessary parties.

¤ ¤ ¤

One Rodney Square ¤ 920 North King Street ¤ Wilmington, DE 19801 ¤ Phone: 302-651-7700 ¤ Fax: 302-651-7701

RLF1 9880357v.2                        www.rlf.com

Mr. Andrew Wright
January 16, 2014
Page 2

    In connection with this matter, we expect to assist the Company at its request in some or all of the following matters at the Company's sole direction:

    a.    representing the Company in any consensual out-of-court recapitalization or financial restructuring of the Company's obligations;

    b.    representing the Company in any strategic sale transactions;

    c.    preparing all petitions, motions, applications, orders, reports, and papers necessary or desirable to commence one or more cases under the Bankruptcy Code;

    d.    advising the Company of its rights, powers, and duties as a debtor and debtor in possession under chapter 11 of the Bankruptcy Code;

    e.    taking action to protect and preserve the Company's estate, including the prosecution of actions on the Company's behalf, the defense of actions commenced against the Company in the chapter 11 case, the negotiation of disputes in which the Company is involved, and the preparation of objections to claims filed against the Company;

    f.    preparing on behalf of the Company all motions, applications, answers, orders, reports, and papers in connection with the administration of the Company's estate;

    g.    preparing the Company's plan;

    h.    preparing the Company's disclosure statement and any related documents and pleadings necessary to solicit votes on the Company's plan of reorganization;

    i.    prosecuting on behalf of the Company the proposed plan and seeking approval of all transactions contemplated therein and in any amendments thereto; and

    j.    performing all other necessary or desirable legal services in connection with any such case under the Bankruptcy Code.

    Our representation of the Company in this matter is limited to legal matters only. We are not qualified to give advice on non-legal matters such as accounting matters, investment prospects or other business advice, and we suggest that the Company obtain professionals in those fields if you wish advice in those areas.

    Our fees for this matter will be based principally on the experience and expertise of the people who are providing services to the Company, and the amount of time spent on the project. Our current hourly rates for this project will range from $225 per hour to $800 per hour.

Mr. Andrew Wright
January 16, 2014
Page 3

Our hourly rates are reviewed and revised from time to time. We will try to maintain a continuing awareness of the issue of cost-effectiveness, and you should feel free to communicate with me if you have questions about any of our statements.

There are various categories of charges -- for example, long distance phone charges, photocopying charges, filing fees, expert witness fees, court reporter fees, travel expenses, and charges for computerized research -- that will be billed to the Company's account in addition to our fees for services. Many of these charges will be incurred to third parties, such as expert witnesses and court reporters. When such charges exceed $1,000, we will normally arrange with third parties to bill the Company directly. For example, the fee charged by the Bankruptcy Court to file the bankruptcy case is $1,213.00 per petition. This amount must be paid at the time the petition is filed, or else the Bankruptcy Court Clerk will not accept the petition. Additionally, based on prior experiences in representing debtors and debtors in possession in bankruptcy cases, there are significant copying costs associated with the many pleadings, motions, applications, statements, schedules, and related documents that are required to be filed with the Bankruptcy Court and served on interested parties and creditors. It is our intention to bill the Company directly for the copying we do in-house at my firm, but to have any third party copy service provider bill you directly for copying services provided by such providers.

We will provide statements to you on a regular basis. Each statement will include a description of the services performed and a description of any costs and expenditures incurred by us on the Company's behalf for which we expect reimbursement. Our statements are due on receipt, subject to any administrative order that may be entered in connection with the bankruptcy case establishing procedures for the payment of fees and expenses to professionals retained in this case.

We also typically require an advance retainer as a condition to undertake a representation in matters such as this. In this case, we have requested and since received an initial retainer of $125,000. We intend to periodically draw down on the retainer as we provide services and incur expense and, as necessary, seek to have this retainer replenished from time to time as the matter moves forward. Before the filing of any bankruptcy case, we will also be requesting that the Company "refresh" the retainer to an amount of not less than $125,000 to act as an "evergreen" retainer that we will hold as security throughout the bankruptcy cases. [1] Upon completion or termination of our engagement, we will promptly return any remaining funds that are not credited against outstanding statements.

In the event that a bankruptcy case is filed on behalf of the Company, all attorneys' fees and expenses incurred on behalf of the debtor must be approved by the Bankruptcy Court based upon fee applications which we file periodically. Those applications contain a complete description of all of the services performed and the time spent performing those services. All entries are itemized in the fee application.

---

[1] For your convenience, we have attached instructions to wire the retainer to our account.

RLF1 9880357v.2

Mr. Andrew Wright
January 16, 2014
Page 4

We will perform the legal services called for under this engagement, respond promptly to your inquiries and communications, and keep you informed of the status of your matter. It will be your responsibility to keep us apprised of the facts pertinent to our representation, review and comment on documents we prepare in the course of the engagement, and timely make payments required by this agreement.

Either of us may terminate the engagement at any time for any reason by written notice, subject on our part to applicable rules of professional conduct. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in the above matter (and, if you so request, we will suggest to you possible successor counsel and provide it with whatever papers you have provided to us and work product prepared for or on behalf of the Company). If permission for withdrawal is required by a Court, we will promptly apply for such permission, and you agree to engage successor counsel as and when reasonably practicable to represent you.

If you have any questions about the foregoing, please call me. If you are in agreement with the foregoing and it accurately represents your understanding of the Company's retainer with Richards, Layton & Finger, P.A., please execute the enclosed copy of this letter and return it to me. If not, kindly contact me as soon as possible. Please understand that we can assume no responsibility until the signed copy has been returned (and the required funds are received). We look forward to working with you on this engagement.

If you have any questions about any of these matters, please feel free to let me know. Otherwise, we will assume they are satisfactory to you.

Thank you again for selecting us to serve as Delaware counsel to the Company in connection with this matter.

Very truly yours,

RICHARDS, LAYTON & FINGER, P.A.

By: _Daniel J. DeFranceschi_

Daniel J. DeFranceschi
Authorized Representative

MDC/lma

RLF1 9880357v.2

Agreed and accepted this 5th day of _Feb_, 201_4_

ENERGY FUTURE HOLDINGS CORP.

By: _Andrew M. Wright_
Name: Andrew M. Wright
Title: Vice President and Deputy General Counsel

ENERGY FUTURE INTERMEDIATE HOLDING
COMPANY LLC

By: _Andrew M. Wright_
Name: Andrew M. Wright
Title: Vice President and Deputy General Counsel

TEXAS COMPETITIVE ELECTRIC HOLDINGS
COMPANY LLC

By: _Andrew M. Wright_
Name: Andrew M. Wright
Title: Vice President and Deputy General Counsel

ENERGY FUTURE COMPETITIVE HOLDINGS
COMPANY LLC

By: _Andrew M. Wright_
Name: Andrew M. Wright
Title: Vice President and Deputy General Counsel

RLF1 9780515v.1



RICHARDS
LAYTON &
FINGER

Instructions For Wire Transfers

FOR PAYMENT OTHER THAN INVOICES INCLUDING
RETAINERS & SETTLEMENTS

M&T Bank
(Escrow A/C)
Rodney Square North
Wilmington, Delaware 19890
ABA No. 022000046
Richards, Layton & Finger
Escrow A/C No. 2264-1166
Please reference Client/Matter 740489/180326

# Exhibit D

## Voluntary Rate Disclosures

- The blended hourly rate for all RL&F timekeepers (including both professionals and paraprofessionals) who billed to non-bankruptcy matters (collectively, the "Non-Bankruptcy Matters")[1] during the 12-month period beginning on July 1, 2014 and ending on June 30, 2015 (the "Comparable Period") was, in the aggregate, approximately $339.54 per hour (the "Non-Bankruptcy Blended Hourly Rate").[2]

- The blended hourly rate for all RL&F timekeepers (including both professionals and paraprofessionals) who billed to the Debtors during the Fee Period was approximately $363.82 per hour (the "Debtor Blended Hourly Rate").[3]

- A detailed comparison of these rates is as follows:

| Position at RL&F | Debtor Blended Hourly Rate for This Fee Application | Non-Bankruptcy Blended Hourly Rate |
|---|---|---|
| Directors | $750.00 | $664.57 |
| Counsels | $525.00 | $465.93 |
| Associates | $297.91 | $358.44 |
| Paralegals | $235.00 | $209.96 |
| CMA | $125.00 | $125.00 |
| MIS/Trial Support | $250.00 | $213.33 |
| **Aggregated** | **$363.82** | **$339.54** |

---

[1] It is the nature of RL&F's practice that certain non-bankruptcy engagements require the advice and counsel of professionals and paraprofessionals who work primarily within RL&F's Bankruptcy and Restructuring Group. Accordingly, "Non-Bankruptcy Matters" are matters for which RL&F timekeepers represented a client in a matter other than an in-court bankruptcy proceeding. Moreover, the Non-Bankruptcy Matters include time billed by RL&F timekeepers who work primarily within RL&F's Bankruptcy and Restructuring Group.

[2] RL&F calculated the blended rate for Non-Bankruptcy Matters by dividing the *total dollar amount* billed by RL&F timekeepers to the Non-Bankruptcy Matters during the Comparable Period by the *total number of hours* billed by RL&F timekeepers to the Non-Bankruptcy Matters during the Comparable Period.

[3] RL&F calculated the blended rate for timekeepers who billed to the Debtors by dividing the *total dollar amount billed* by such timekeepers during the Fee Period by the *total number of hours billed* by such timekeepers during the Fee Period.

# Exhibit E

**Summary of Total Fees Incurred and Hours Billed During the Fee Period**

**ENERGY FUTURE HOLDINGS CORP., *ET. AL.*
<u>INTERIM FEE APPLICATION</u>**

**The related Fee and Expense Detail associated with this Interim Fee Application have been excluded from service due to the size of the document.**

**The Fee and Expense Detail can be found for review and downloaded at the website of the Debtors' Claims and Noticing Agent, Epiq Bankruptcy Solutions, LLC ("Epiq"), at <u>http://www.EFHCaseInfo.com</u>.  The Fee and Expense Detail are located within Docket No. 7808.**

**You may also request a copy of the Fee and Expense Detail by contacting Epiq directly at (646) 282-2400 or email at <u>EFH@epiqsystems.com</u>.**

**EXHIBIT B**

ENERGY FUTURE HOLDINGS CORP ET AL
ATTN: ANDREW M WRIGHT & CECILY GOOCH
1601 BRYAN ST 43RD FL
DALLAS, TX 75201

ROBERTA A. DEANGELIS
UNITED STATES TRUSTEE - REGION 3
ATTN: RICHARD L. SCHEPACARTER
J. CALEB BOGGS FEDERAL BUILDING
844 KING ST, ROOM 2207
WILMINGTON, DE 19801

ROBERTA A. DEANGELIS
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE U.S. TRUSTEE
ATTN: ANDREA B. SCHWARTZ
U.S. FEDERAL BUILDING
201 VARICK STREET, ROOM 1006
NEW YORK, NY 10014

SHEARMAN & STERLING LLP
(AGENT TO EFIH FIRST LIEN DIP
FINANCING FACILITY)
ATTN: FREDERICK SOSNICK ESQ &
NED SHODEK ESQ
599 LEXINGTON AVE
NEW YORK, NY 10022

MILBANK, TWEED, HADLEY & MCCLOY LLP
(COUNSEL TO AGENT TCEH DIP
FINANCING FACILITY)
ATTN: EVAN FLECK AND MATTHEW BROD
1 CHASE MANHATTAN PLAZA
NEW YORK, NY 10005

MORRISON & FOERSTER LLP
(COUNSEL TO OFFICIAL CREDITORS'
COMMITTEE)
ATTN: LORENZO MARINUZZI & JENNIFER MARINES
250 W 55TH STREET
NEW YORK, NY 10019

GODFREY & KAHN, S.C.
(COUNSEL TO FEE COMMITTEE)
ATTN: KATHERINE STADLER
ONE E MAIN STREET
MADISON, WI 53703

**EXHIBIT C**

ENERGY FUTURE HOLDINGS CORP., ET AL.
CONSENTED TO EMAIL FED. R. BANKR. P. RULE 2002 LIST PARTIES
EMAIL NOTICE

| Name | Counsel To / Attention | Email Address |
| --- | --- | --- |
| BAILEY BRAUER PLLC | (COUNSEL TO PINNACLE TECHNICAL RESOURCES INC) ATTN: BENJAMIN L STEWART ESQ | bstewart@baileybrauer.com |
| BARNES & THORNBURG LLP | (COUNSEL TO COVERDYN) ATTN: PAULA J JACOBI ESQ | pjacobi@btlaw.com |
| BARNES & THORNBURG LLP | (COUNSEL TO COVERDYN & GATX CORPORATION) ATTN: KEVIN G COLLINS ESQ | Kevin.Collins@btlaw.com |
| CRAVATH SWAINE & MOORE LLP | (COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC/EFIH) ATTN: MICHAEL A PASKIN ESQ | mpaskin@cravath.com; tbroad@cravath.com |
| CROWE & DUNLEVY, PC | (COUNSEL TO DEVON ENERGY) ATTN: JUDY HAMILTON MORSE ESQ | judy.morse@crowedunlevy.com |
| GREGORY D. WILLARD, ESQ. | (COUNSEL TO AUTOMATIC SYSTEMS, INC.) | gregoryd.willard@gmail.com |
| JENNER & BLOCK | (COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC/EFIH) ATTN: RICHARD LEVIN ESQ AND VINCENT E LAZAR ESQ | rlevin@jenner.com; vlazar@jenner.com |
| PERKINS COIE LLP | (COUNSEL TO DELAWARE TRUST COMPANY, AS SUCC TTEE UNDER TCEH 11.5% SENIOR SECURED NOTES INDENTURE) ATTN: TINA N MOSS ESQ | tmoss@perkinscoie.com |
| PINCKNEY, WEIDINGER, URBAN & JOYCE LLC | (COUNSEL TO AUTOMATIC SYSTEMS, INC.) ATTN: GREGORY T DONILON ESQ | gdonilon@pwujlaw.com |
| SEARCY & SEARCY PC | (COUNSEL TO D.COURTNEY CONSTRUCTION INC) ATTN: JASON R SEARCY ESQ AND JOSHUA P SEARCY ESQ | jsearcy@jrsearcylaw.com; joshsearcy@jrsearcylaw.com |
| STEPHEN SAKONCHICK II, PC | (COUNSEL TO RANGER EXCAVATING LP) | sakon@flash.net; ssakon@gmail.com |

| | |
| --- | --- |
| Total Creditor Count | 11 |
| Total Email Count | 15 |

**EXHIBIT D**

| Claim Name | Address Information |
|---|---|
| ABRAMS & BAYLISS LLP | (COUNSEL TO GOLDMAN SACHS & CO) KEVIN G. ABRAMS & JOHN M. SEAMAN 20 MONTCHANIN RD STE 200 WILMINGTON DE 19807 |
| AKIN GUMP STRAUSS HAUER & FELD LLP | ATTN: I.DIZENGOFF; A.QURESHI; S.BALDINI; M.LAHAIE; R.BOLLER; C.CARTY ONE BRYANT PARK BANK OF AMERICA TOWER NEW YORK NY 10036-6745 |
| AKIN GUMP STRAUSS HAUER & FELD LLP | (COUNSEL TO AD HOC COMMITTEE OF EFIH UNSECURED NOTEHOLDERS AND EFIH SECOND LIEN DIP COMMITMENT) ATTN: SCOTT ALBERINO; JOANNA NEWDECK ROBERT S. STRAUSS BUILDING 1333 NEW HAMPSHIRE AVE, NW WASHINGTON DC 20036-1564 |
| ALDINE INDEPENDENT SCHOOL DISTRICT | ATTN: COURTENEY F HARRIS ESQ 14910 ALDINE WESTFIELD RD HOUSTON TX 77032 |
| ALSTON & BIRD LLP | (COUNSEL TO SIMEIO) ATTN: SAGE M SIGLER ESQ ONE ATLANTIC CENTER 1201 W PEACHTREE ST STE 4900 ATLANTA GA 30309-3424 |
| AMERICAN STOCK TRANSFER & TRUST CO LLC | ATTN: GENERAL COUNSEL 6201 15TH AVE BROOKLYN NY 11219 |
| AMERICAN STOCK TRANSFER & TRUST CO LLC | ATTN: PAUL KIM 6201 15TH AVE BROOKLYN NY 11219 |
| ASHBY & GEDDES, P.A. | (COUNSEL TO WILMINGTON SAVINGS/WSFS) ATTN: WILLIAM BOWDEN ESQ & GREGORY TAYLOR ESQ 500 DELAWARE AVE WILMINGTON DE 19899 |
| BAKER BOTTS LLP | (COUNSEL TO CENTERPOINT) ATTN: JAMES PRINCE; OMAR J ALANIZ 2001 ROSS AVE DALLAS TX 75201-2980 |
| BALLARD SPAHR LLP | (COUNSEL TO LOUISIANA ENERGY & URENCO) ATTN: MATTHEW G SUMMERS ESQ 919 N MARKET ST 11TH FL WILMINGTON DE 19801 |
| BARNES & THORNBURG LLP | (COUNSEL TO GATX CORPORATION) ATTN: KEVIN G COLLINS ESQ 1000 N WEST ST STE 1500 WILMINGTON DE 19801 |
| BARNES & THORNBURG LLP | (COUNSEL TO GATX CORPORATION) ATTN: DAVID M POWLEN ESQ 1000 N WEST ST STE 1500 WILMINGTON DE 19801 |
| BARNES & THORNBURG LLP | (COUNSEL TO GATX) ATTN: KEVIN C DRISCOLL JR ESQ 1 N WACKER DR STE 4400 CHICAGO IL 60606-2833 |
| BAYARD PA | (COUNSEL TO CSC TRUST CO OF DELAWARE, SUCC TTEE UNDER THE TCEH 11.5% SR SECURED NOTES INDENTURE) ATTN: NEIL GLASSMAN ESQ 222 DELAWARE AVE STE 900 WILMINGTON DE 19801 |
| BENESCH FRIEDLANDER COPLAN & ARONOFF LLP | (COUNSEL TO THERMO FISHER) ATTN: KEVIN M. CAPUZZI 222 DELAWARE AVE STE 801 WILMINGTON DE 19801-1611 |
| BIELLI & KLAUDER LLC | (COUNSEL TO ENERGY FUTURE HOLDINGS CORP) ATTN: DAVID M KLAUDER ESQ & CORY P STEPHENSON ESQ 1204 N KING STREET WILMINGTON DE 19801 |
| BLANK ROME LLP | (COUNSEL TO WILMINGTON TRUST NA-FIRST LIEN AGENT) ATTN: MICHAEL B. SCHAEDLE ONE LOGAN SQUARE 130 N 18TH ST PHILADELPHIA PA 19103 |
| BLANK ROME LLP | (COUNSEL TO WILMINGTON TRUST NA-FIRST LIEN AGENT) ATTN: MICHAEL DEBAECHE; STANLEY TARR 1201 MARKET ST STE 800 WILMINGTON DE 19801 |
| BROWN & CONNERY LLP | (COUNSEL TO SAP INDUSTRIES INC) ATTN: DONALD K. LUDMAN 6 NORTH BROAD ST STE 100 WOODBURY NJ 08096 |
| BROWN RUDNICK LLP | (COUNSEL TO WILMINGTON SAVINGS/WSFS) ATTN: EDWARD WEISFELNER ESQ 7 TIMES SQUARE NEW YORK NY 10036 |
| BROWN RUDNICK LLP | ATTN: JEREMY B. COFFEY SEVEN TIMES SQUARE NEW YORK NY 10036 |
| BROWN RUDNICK LLP | (COUNSEL TO WILMINGTON SAVINGS/WSFS) ATTN: HOWARD SIEGEL ESQ 185 ASYLUM ST HARTFORD CT 06103 |
| BROWN RUDNICK LLP | (COUNSEL TO WILMINGTON SAVINGS/WSFS) ATTN: JEFFREY JONAS, ANDREW STREHLE ONE FINANCIAL CENTER BOSTON MA 02111 |
| BRYAN CAVE LLP | (COUNSEL TO INDENTURE TRUSTEE OF 11% & 11.75% SR) ATTN: STEPHANIE WICKOUSKI; MICHELLE MCMAHON 1290 AVENUE OF THE AMERICAS NEW YORK NY 10104 |
| BRYAN CAVE LLP | ATTN: ROBERT E. PEDERSEN 1290 AVENUE OF THE AMERICAS NEW YORK NY 10104-3300 |
| BUCHALTER NEMER, A PROFESSIONAL CORPORATION | (COUNSEL TO ORACLE AMERICA INC) ATTN: SHAWN M. CHRISTIANSON 55 SECOND ST 17TH FL SAN FRANCISCO CA 94105-3493 |
| BUCHANAN INGERSOLL & ROONEY PC | (COUNSEL TO CATERPILLAR FINANCIAL SERVICES CORP) ATTN: KATHLEEN A. MURPHY 919 N MARKET ST STE 1500 WILMINGTON DE 19801 |
| CADWALADER WICKERSHAM & TAFT LLP | (COUNSEL TO DEF. MORGAN STANLEY CAPITAL GRP, INC.) ATTN: HOWARD R. HAWKINS, JR.; ELLEN M. HALSTEAD; MICHELE MAMAN & THOMAS J. CURTIN, ESQS. ONE WORLD |

| Claim Name | Address Information |
|---|---|
| CADWALADER WICKERSHAM & TAFT LLP | FINANCIAL CENTER NEW YORK NY 10281 |
| CADWALADER WICKERSHAM & TAFT LLP | (COUNSEL TO DEF. MORGAN STANLEY CAPITAL GRP INC) ATTN: MARK C ELLENBERG ESQ 700 SIXTH STREET, N.W. WASHINGTON DC 20001 |
| CHADBOURNE & PARKE LLP | (COUNSEL TO NEXTERA ENERGY RESOURCES LLC) ATTN: HOWARD SEIFE, DAVID M LEMAY AND CHRISTY RIVERA ESQS 1301 AVENUE OF THE AMERICAS NEW YORK NY 10019-6022 |
| CHIPMAN BROWN CICERO & COLE LLP | (COUNSEL TO AD HOC COMMITTEE OF EFIH UNSECURED NOTEHOLDERS AND EFIH SECOND LIEN DIP COMMITMENT) ATTN: WILLIAM CHIPMAN JR ESQ; MARK OLIVERE ESQ 1007 N ORANGE ST STE 1110 WILMINGTON DE 19801 |
| CIARDI CIARDI & ASTIN | (COUNSEL TO ATMOS ENERGY; TXU 2007-1 RAILCAR, & RED BALL OXYGEN) ATTN: D ASTIN, J MCLAUGHLIN JR, J MCMAHON JR 1204 N KING STREET WILMINGTON DE 19801 |
| CITIBANK N.A. | ATTN: ZORI MIGLIORINI 388 GREENWICH ST 21ST FL NEW YORK NY 10013 |
| CITIBANK N.A. | ATTN: ERIC O LIGAN, VICE PRESIDENT 388 GREENWICH ST 32ND FL NEW YORK NY 10013 |
| CITIBANK N.A. | ATTN: RYAN FALCONER 388 GREENWICH STREET NEW YORK NY 10013 |
| CITIBANK N.A. | ATTN: OWEN COYLE 1615 BRETT ROAD, OPS III NEW CASTLE DE 19720 |
| CITIBANK N.A. | BANK LOAN SYNDICATIONS DEPARTMENT 1615 BRETT ROAD, BUILDING III NEW CASTLE DE 19720 |
| CITIBANK N.A. | ATTN: ANNEMARIE E PAVCO SECURITIES PROCESSING SENIOR ANALYST GLOBAL LOANS, 1615 BRETT RD., OPS III NEW CASTLE DE 19720 |
| CITY OF FORT WORTH | ATTN: CHRISTOPHER B. MOSLEY 1000 THROCKMORTON ST FORT WORTH TX 76102 |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | (COUNSEL TO J ARON & COMPANY) ATTN: THOMAS MOLONEY; SEAN O'NEAL; HUMAYUN KHALID ONE LIBERTY PLAZA NEW YORK NY 10006 |
| COHEN & GRIGSBY, PC | (COUNSEL TO NOVA CHEMICALS INC) ATTN: THOMAS D. MAXSON 625 LIBERTY AVE PITTSBURGH PA 15222-3152 |
| COMPTROLLER OF PUBLIC ACCOUNTS OF THE STATE OF TX | OFFICE OF THE TEXAS ATTORNEY GENERAL BANKRUPTCY & COLLECTIONS DIVISION ATTN: RACHEL OBALDO & JOHN MARK STERN PO BOX 12548 AUSTIN TX 78711-2548 |
| COMPUTERSHARE | ATTN: TINA VITALE, BA; LL.B. 480 WASHINGTON BLVD JERSEY CITY NJ 07310 |
| COMPUTERSHARE TRUST COMPANY OF CANADA | ATTN: ALESSANDRA PANSERA 1500 ROBERT-BOURASSA BOULEVARD, 7TH FLOOR MONTREAL QC H3A 3S8 CANADA |
| COWLES & THOMPSON | (COUNSEL TO ATMOS ENERGY CORPORATION) ATTN: STEPHEN C. STAPLETON BANK OF AMERICA PLAZA 901 MAIN ST STE 3900 DALLAS TX 75202 |
| COZEN O'CONNOR | (COUNSEL TO J ARON & COMPANY) ATTN: MARK E. FELGER 1201 N MARKET ST STE 1001 WILMINGTON DE 19801 |
| CROSS & SIMON LLC | (COUNSEL TO FIDELITY MANAGEMENT & RESEARCH CO) ATTN: MICHAEL J JOYCE ESQ 1105 N MARKET ST STE 901 WILMINGTON DE 19801 |
| CSC TRUST COMPANY OF DELAWARE | ATTN: SANDRA E HORWITZ MANAGING DIRECTOR 2711 CENTERVILLE RD STE 400 WILMINGTON DE 19808 |
| DAVIS POLK & WARDWELL LLP | (COUNSEL TO GOLDMAN SACHS, ET AL) ATTN: MARSHALL HUEBNER; BENJAMIN KAMINETZKY; ELLIOT MOSKOWITZ; DAMON MEYER 450 LEXINGTON AVE NEW YORK NY 10017 |
| DECHERT LLP | (COUNSEL TO MUDRICK CAPITAL MANAGEMENT, L.P.) ATTN: MICHAEL J. SAGE & ANDREW C. HARMEYER) 1095 AVENUE OF THE AMERICAS NEW YORK NY 10036-6797 |
| DECHERT LLP | (COUNSEL TO MUDRICK CAPITAL MANAGEMENT, L.P.) ATTN: G. ERIC BRUNSTAD, JR. 90 STATE HOUSE SQUARE HARTFORD CT 06103-3702 |
| DECHERT LLP | (COUNSEL TO MUDRICK CAPITAL MANAGEMENT, L.P.) ATTN: KATE O'KEEFFE ONE INTERNATIONAL PLACE 40TH FLOOR 100 OLIVER STREET BOSTON MA 02110-2605 |
| DEUTSCHE BANK | ATTN: MARCUS M TARKINGTON 60 WALL STREET (NYCC60-0266) NEW YORK NY 10005-2836 |
| DLA PIPER LLP (US) | (COUNSEL TO DEF. MORGAN STANLEY CAPITAL GRP, INC.) ATTN: ASHLEY R. ALTSCHULER; R.CRAIG MARTIN & SCOTT CZERWONKA, ESQS. 1201 NORTH MARKET STREET, SUITE 2100 WILMINGTON DE 19801 |
| DORSEY & WHITNEY DELAWARE LLP | (COUNSEL TO U.S. BANK NATIONAL ASSOCIATION) ATTN: ERIC LOPEZ SCHNABEL, ROBERT W. MALLARD & ALESSANDRA GLORIOSO 300 DELAWARE AVE STE 1010 WILMINGTON DE 19801 |
| DRINKER BIDDLE & REATH LLP | (COUNSEL TO CITIBANK NA, TCEH DIP AGENT) ATTN: HOWARD A. COHEN & ROBERT K. MALONE 222 DELAWARE AVE STE 1410 WILMINGTON DE 19801-1621 |
| DYKEMA GOSSETT PLLC | (COUNSEL TO TEX-LA ELECTRIC COOPERATIVE OF TEXAS) ATTN: JEFFREY R FINE ESQ |

| Claim Name | Address Information |
|---|---|
| DYKEMA GOSSETT PLLC | 1717 MAIN ST STE 4200 DALLAS TX 75201 |
| EMC CORPORATION | C/O RECEIVABLE MANAGEMENT SERVICES (RMS) ATTN: RONALD L ROWLAND ESQ, AGENT 305 FELLOWSHIP RD STE 100 MOUNT LAUREL NJ 08054 |
| EPIQ BANKRUPTCY SOLUTIONS LLC | (CLAIMS AGENT) ATTN: JAMES KATCHADURIAN, E.V.P. 777 THIRD AVE 12TH FL NEW YORK NY 10017 |
| EPSTEIN BECKER & GREEN PC | (COUNSEL TO BENBROOKE) ATTN: WENDY G MARCARI ESQ & STEPHANIE LERMAN ESQ 250 PARK AVE NEW YORK NY 10017 |
| FEDERAL COMMUNICATIONS COMMISSION | UNITED STATE DEPARTMENT OF JUSTICE ATTN: MATTHEW J TROY, CIVIL DIVISION 1100 L STREET, NW – ROOM 10030 WASHINGTON DC 20530 |
| FISHER BOYD JOHNSON & HUGUENARD LLP | (COUNSEL TO MILAM APPRAISAL DISTRICT) ATTN: BERNARD G JOHNSON III ESQ & WAYNE FISHER ESQ 2777 ALLEN PKWY 14TH FL HOUSTON TX 77019 |
| FOLEY & LARDNER LLP | (COUNSEL TO UMB BANK, INDENTURE TRUSTEE) ATTN: HAROLD KAPLAN ESQ, MARK HEBBELN ESQ LARS PETERSON ESQ 321 N CLARK ST STE 2800 CHICAGO IL 60654-5313 |
| FOX ROTHSCHILD LLP | (COUNSEL TO AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS) ATTN: JEFFREY SCHLERF; JOHN STROCK; L. JOHN BIRD 919 N MARKET ST STE 300 WILMINGTON DE 19801 |
| FRANKGECKER LLP | (COUNSEL TO EXPERIAN; THE PI LAW FIRMS/ASBESTOS) ATTN: JOSEPH D FRANK ESQ AND REED HEILIGMAN ESQ 325 N LASALLE ST STE 625 CHICAGO IL 60654 |
| FRANKGECKER LLP | (COUNSEL TO THE PI LAW FIRMS/ASBESTOS CLAIMANTS) ATTN: FRANCES GECKER ESQ 325 N LASALLE ST STE 625 CHICAGO IL 60654 |
| FRIED FRANK HARRIS SHRIVER & JACOBSON LLP | (COUNSEL TO FIDELITY MANGEMENT & RESEARCH CO) ATTN: BRAD E SCHELER ESQ, GARY L KAPLAN ESQ MATTHEW M ROOSE ESQ ONE NEW YORK PLAZA NEW YORK NY 10004 |
| GARDERE WYNNE SEWELL LLP | (COUNSEL TO ROMCO EQUIPMENT CO) ATTN: JOHN P. MELKO & MICHAEL K. RIORDAN 1000 LOUISIANA, STE 3400 HOUSTON TX 77002 |
| GAY MCCALL ISAACKS GORDON & ROBERTS PC | (COUNSEL TO GARLAND INDEPENDENT SCHOOL DISTRICT & CITY OF GARLAND) ATTN: DUSTIN L BANKS ESQ 1919 S SHILOH RD STE 310 LB 40 GARLAND TX 75042 |
| GAY MCCALL ISAACKS GORDON & ROBERTS PC | (COUNSEL TO COLLIN COUNTY) ATTN: DAVID MCCALL ESQ 777 E 15TH ST PLANO TX 75074 |
| GELLERT SCALI BUSENKELL & BROWN LLC | (COUNSEL TO AURELIUS) ATTN: MICHAEL G. BUSENKELL 1201 N ORANGE ST STE 300 WILMINGTON DE 19801 |
| GIBBONS PC | (COUNSEL TO VEOLIA) ATTN: DALE E BARNEY ESQ ONE GATEWAY CENTER NEWARK NJ 07102-5310 |
| GIBBONS PC | (COUNSEL TO VEOLIA) ATTN: NATASHA M SONGONUGA ESQ 1000 N WEST ST STE 1200 WILMINGTON DE 19801-1058 |
| GLAST PHILLIPS & MURRAY PC | (COUNSEL TO RED BALL OXYGEN COMPANY) ATTN: JONATHAN L HOWELL PLLC 14801 QUORUM DR STE 500 DALLAS TX 75254 |
| GOODWIN PROCTER LLP | (COUNSEL TO AURELIUS CAPITAL MANAGEMENT LP) ATTN: WILLIAM P. WEINTRAUB; KIZZY L. JARASHOW THE NEW YORK TIMES BUILDING 620 EIGHTH AVENUE NEW YORK NY 10018 |
| GREER HERZ & ADAMS LLP | (COUNSEL TO SOMERVELL CAD) ATTN: ANDREW J MYTELKA ESQ, MICHAEL ADAMS ESQ J SCOTT ANDREWS ESQ, JAMES M ROQUEMORE ESQ 1 MOODY PLAZA 18TH FL GALVESTON TX 77550 |
| HAYNES AND BOONE LLP | (COUNSEL TO AIRGAS USA LLC) ATTN: JONATHAN HOOK 30 ROCKEFELLER CENTER, 26TH FL NEW YORK NY 10112 |
| HAYNES AND BOONE LLP | (COUNSEL TO BNSF RAILWAY COMPANY) ATTN: IAN T PECK ESQ 301 COMMERCE ST STE 2600 FORT WORTH TX 76102 |
| HAYNES AND BOONE LLP | (COUNSEL TO AIRGAS USA LLC) ATTN: PATRICK L HUGHES 1221 MCKINNEY ST STE 2100 HOUSTON TX 77010 |
| HILLER & ARBAN LLC | (COUNSEL TO STEAG) ATTN: ADAM HILLER ESQ, BRIAN ARBAN ESQ JOHNNA M DARBY ESQ 1500 N FRENCH ST 2ND FL WILMINGTON DE 19801 |
| HINCKLEY ALLEN | (COUNSEL TO INVENSYS SYSTEMS INC) ATTN: JENNIFER V. DORAN 28 STATE ST BOSTON MA 02109 |
| HOGAN MCDANIEL | (COUNSEL TO THE RICHARDS GROUP; PI LAW FIRMS/ ASBESTOS CLAIMANTS) ATTN: DANIEL K HOGAN ESQ 1311 DELAWARE AVE WILMINGTON DE 19806 |
| HOGAN MCDANIEL | (COUNSEL TO AD HOC GROUP OF EFH LEGACY NOTEHOLDER) ATTN: GARVAN F MCDANIEL ESQ 1311 DELAWARE AVE WILMINGTON DE 19806 |

| Claim Name | Address Information |
|---|---|
| HOLLAND & KNIGHT LLP | (COUNSEL TO TEX-LA ELECTRIC COOPERATIVE OF TEXAS) ATTN: CHRISTINE C RYAN ESQ 800 17TH ST NW STE 1100 WASHINGTON DC 20006 |
| INTERNAL REVENUE SERVICE | PO BOX 7346 PHILADELPHIA PA 19101-7346 |
| INTERNAL REVENUE SERVICE | DEPARTMENT OF THE TREASURY OGDEN UT 84201 |
| JACKSON WALKER LLP | (COUNSEL TO HOLT TEXAS LTD D/B/A HOLT CAT) ATTN: MONICA S. BLACKER 901 MAIN ST STE 6000 DALLAS TX 75202 |
| JACKSON WALKER LLP | (COUNSEL TO MILAM APPRAISAL DISTRICT) ATTN: BRUCE J RUZINSKY ESQ & MATTHEW D CAVENAUGH ESQ 1401 MCKINNEY ST STE 1900 HOUSTON TX 77010 |
| JACKSON WALKER LLP | (COUNSEL TO HOLT TEXAS LTD D/B/A HOLT CAT) ATTN: J. SCOTT ROSE WESTON CENTRE 112 E PECAN ST STE 2400 SAN ANTONIO TX 78205 |
| JONES DAY | (COUNSEL TO ONCOR) ATTN: PATRICIA VILLAREAL 2727 N HARWOOD STREET DALLAS TX 75201 |
| JONES DAY | (COUNSEL TO ONCOR) ATTN: MICHAEL L. DAVITT 2727 N HARWOOD STREET DALLAS TX 75201 |
| KASOWITZ BENSON TORRES & FRIEDMAN LLP | (COUNSEL TO AD HOC GROUP OF EFH LEGACY NOTEHOLDER) ATTN: DAVID ROSNER, ANDREW GLENN, DANIEL FLIMAN 1633 BROADWAY NEW YORK NY 10019 |
| KELLEY DRYE & WARREN LLP | (COUNSEL TO CSC TRUST OF DE) ATTN: JAMES CARR, BENJAMINN FEDER & BERT SAYDAH 101 PARK AVENUE NEW YORK NY 10178 |
| KELLY HART & HALLMAN LLP | (COUNSEL TO ONCOR STEERING COMMITTEE) ATTN: MICHAEL MCCONNELL ESQ & CLAY TAYLOR ESQ KATHERINE THOMAS ESQ 201 MAIN ST STE 2500 FORT WORTH TX 76102 |
| KLEHR HARRISON HARVEY BRANZBURG LLP | (COUNSEL TO UMB BANK N.A. INDENTURE TRUSTEE) ATTN: RAYMOND H LEMISCH ESQ 919 MARKET ST STE 1000 WILMINGTON DE 19801 |
| KRAMER LEVIN NAFTALIS & FRANKEL LLP | (COUNSEL TO INDENTURE TRUSTEE OF 11% & 11.75% SR) ATTN: THOMAS MOERS MAYER; GREGORY HOROWITZ; JOSHUA BRODY; PHILIP BENTLEY 1177 AVENUE OF THE AMERICAS NEW YORK NY 10036 |
| LACKEY HERSHMAN LLP | (COUNSEL TO THE RICHARDS GROUP INC) ATTN: JAMIE R WELTON ESQ 3102 OAK LAWN AVE STE 777 DALLAS TX 75219 |
| LANDIS RATH & COBB LLP | (COUNSEL TO MARATHON MGMT, ALCOA AND NEXTERA ENERGY RESOURCES, LLC) ATTN: ADAM G LANDIS ESQ, MATTHEW B MCGUIRE ESQ 919 MARKET ST STE 1800 WILMINGTON DE 19801 |
| LAW DEBENTURE TRUST COMPANY OF NEW YORK | ATTN: FRANK GODINO, VP 400 MADISON AVE STE 4D NEW YORK NY 10017 |
| LAW OFFICE OF CURTIS A HEHN | (COUNSEL TO SOMERVELL CAD) ATTN: CURTIS A HEHN ESQ 1000 N WEST ST STE 1200 WILMINGTON DE 19801 |
| LAW OFFICE OF PATRICIA WILLIAMS PREWITT | ATTN: PATRICIA WILLIAMS PREWITT 10953 VISTA LAKE COURT NAVASOTA TX 77868 |
| LAW OFFICES OF ROBERT E LUNA PC | (COUNSEL TO CARROLLTON-FARMERS BRANCH ISD) ATTN: DANIEL K BEARDEN ESQ 4411 N CENTRAL EXPRESSWAY DALLAS TX 75205 |
| LINEBARGER GOGGAN BLAIR & SAMPSON LLP | (COUNSEL TO TARRANT & DALLAS COUNTY) ATTN: ELIZABETH WELLER ESQ 2777 N STEMMONS FWY STE 1000 DALLAS TX 75207 |
| LINEBARGER GOGGAN BLAIR & SAMPSON LLP | (COUNSEL TO HARRIS, ANGELINA & FORT BEND COUNTIES) ATTN: JOHN P DILLMAN ESQ PO BOX 3064 HOUSTON TX 77253-3064 |
| LINEBARGER GOGGAN BLAIR & SAMPSON LLP | (COUNSEL TO WALNUT SPRINGS ISD, FRANKLIN ISD, ROBERTSON CTY, LEE CTY, MCLENNAN CTY, FALLS CTY, ROUND ROCK ISD, NEUCES CTY, LIMESTONE CTY) ATTN: DIANE WADE SANDERS PO BOX 17428 AUSTIN TX 78760 |
| LLOYD GOSSELINK ROCHELLE & TOWNSEND PC | (COUNSEL TO ONCOR STEERING COMMITTEE) ATTN: GEOFFREY GAY ESQ 816 CONGRESS AVE STE 1900 AUSTIN TX 78701 |
| LOCKE LORD LLP | (COUNSEL TO BP AMERICA PRODUCTION CO) ATTN: C. DAVIN BOLDISSAR ESQ 601 POYDRAS ST STE 2660 NEW ORLEANS LA 70130 |
| LOCKE LORD LLP | (COUNSEL TO AMECO, FLUOR, & AMERICAN EQUIPMENT) ATTN: PHILIP EISENBERG ESQ 2800 JPMORGAN CHASE TOWER 600 TRAVIS HOUSTON TX 77002 |
| LOWER COLORADO RIVER AUTHORITY | LOWER COLORADO RIVER AUTHORITY TRANSMISSION SERVICES CORPORATION (LCRA TSC) LEGAL SERVICES ATTN: WILLIAM T. MEDAILLE PO BOX 220 AUSTIN TX 78767 |
| MANION GAYNOR & MANNING LLP | (COUNSEL TO ONCOR STEERING COMMITTEE) ATTN: MARC PHILLIPS ESQ THE NEMOURS BUILDING 1007 N ORANGE ST 10TH FL WILMINGTON DE 19801 |
| MARGOLIS EDELSTEIN | (COUNSEL TO URS ENERGY & CONSTRUCTION INC) ATTN: JAMES E. HUGGETT & AMY D. |

| Claim Name | Address Information |
|---|---|
| MARGOLIS EDELSTEIN | BROWN 300 DELAWARE AVE STE 800 WILMINGTON DE 19801 |
| MASLON EDELMAN BORMAN & BRAND LLP | (COUNSEL TO U.S. BANK NATIONAL ASSOCIATION) ATTN: CLARK T. WHITMORE, ANA CHILINGARISHVILI 90 S SEVENTH ST STE 3300 MINNEAPOLIS MN 55402 |
| MCCREARY VESELKA BRAGG & ALLEN PC | (COUNSEL TO TEXAS AD VALOREM TAXING JURISDICTIONS) ATTN: LEE GORDON PO BOX 1269 ROUND ROCK TX 78680 |
| MCELROY DEUTSCH MULVANEY & CARPENTER LLP | (COUNSEL TO TCEH DEBTORS) ATTN: DAVID P PRIMACK ESQ 300 DELAWARE AVE STE 770 WILMINGTON DE 19801 |
| MCKOOL SMITH | (COUNSEL TO ALCOA) ATTN: PETER S. GOODMAN; MICHAEL R. CARNEY ONE BRYANT PARK, 47TH FL NEW YORK NY 10036 |
| MCKOOL SMITH | (COUNSEL TO ALCOA) ATTN: PAUL D. MOAK, ESQ. 600 TRAVIS ST STE 7000 HOUSTON TX 77002 |
| MICHAEL G. SMITH | (COUNSEL TO VALERO TEXAS POWER MARKETING INC) 111 N 6TH ST PO BOX 846 CLINTON OK 73601 |
| MISSOURI DEPARTMENT OF REVENUE | BANKRUPTCY UNIT ATTN: STEVEN A. GINTHER PO BOX 475 JEFFERSON CITY MO 65105-0475 |
| MONTGOMERY MCCRACKEN WALKER & RHOADS LLP | (COUNSEL TO EFH CREDITORS COMMITTEE) ATTN: NATALIE D RAMSEY ESQ, DAVIS LEE WRIGHT ESQ MARK A FINK ESQ, SIDNEY S LIEBESMAN ESQ 1105 N MARKET ST 15TH FL WILMINGTON DE 19801 |
| MORGAN LEWIS BOCKIUS LLP | (COUNSEL TO PACFIC INVESTMENT MGMT CO/PIMCO) ATTN: JULIA FROST-DAVIES ESQ, C. CARTER ESQ 1 FEDERAL ST BOSTON MA 02110-1726 |
| MORRIS JAMES LLP | (COUNSEL TO LAW DEBENTURE TRUST COMPANY OF NY) ATTN: STEPHEN M. MILLER 500 DELAWARE AVENUE, SUITE 1500 WILMINGTON DE 19899-2306 |
| MORRIS NICHOLS ARSHT & TUNNELL LLP | (COUNSEL TO THE "EFH EQUITY INTEREST HOLDERS") ATTN: DERK ABBOTT; ANDREW REMMING; ERIN FAY 1201 N MARKET ST STE 1600 WILMINGTON DE 19801 |
| MUNGER TOLLES & OLSON LLP | (COUNSEL TO TCEH DEBTORS) ATTN: THOMAS B WALPER ESQ, TODD J ROSEN ESQ; SETH GOLDMAN ESQ; JOHN W SPIEGEL ESQ 355 S GRAND AVE 35TH FL LOS ANGELES CA 90071 |
| MUNSCH HARDT KOPF & HARR PC | (COUNSEL TO ELECTRIC RELIABILITY COUNCIL OF TEXAS/ ERCOT) ATTN: KEVIN M LIPPMAN ESQ 500 N AKARD ST STE 3800 DALLAS TX 75201-6659 |
| MUNSCH HARDT KOPF & HARR PC | (COUNSEL TO ELECTRIC RELIABILITY COUNCIL OF TEXAS/ ERCOT) ATTN: RUSSELL L MUNSCH ESQ 303 COLORADO ST STE 2600 AUSTIN TX 78701-3924 |
| NAMAN HOWELL SMITH & LEE PLLC | (COUNSEL TO BUFFALO INDUSTRIAL SUPPLY INC) ATTN: KERRY L HALIBURTON ESQ PO BOX 1470 WACO TX 76703-1470 |
| NELSON MULLINS RILEY & SCARBOROUGH LLP | (COUNSEL TO MICHELIN NORTH AMERICA INC) ATTN: JODY A. BEDENBAUGH AND GEORGE B. CAUTHEN 1320 MAIN ST 17TH FL PO BOX 11070 (29211) COLUMBIA SC 29201 |
| NIXON PEABODY | (COUNSEL TO AMERICAN STOCK TRANSFER & TRUST CO) ATTN: RICHARD C PEDONE ESQ; AMANDA D DARWIN ESQ 100 SUMMER ST BOSTON MA 02110 |
| O'MELVENY & MYERS LLP | (COUNSEL TO APOLLO GLOBAL MANAGEMENT LLC) ATTN: GEORGE A. DAVIS 7 TIMES SQUARE NEW YORK NY 10036 |
| O'MELVENY & MYERS LLP | (COUNSEL TO ANGELO GORDON, APOLLO, AND BROOKFIELD) ATTN: DANIEL S SHAMAH ESQ 7 TIMES SQUARE NEW YORK NY 10036 |
| O'MELVENY & MYERS LLP | (COUNSEL TO ANGELO GORDON, APOLLO, AND BROOKFIELD) ATTN: PETER FRIEDMAN ESQ AND ANDREW SORKIN ESQ 1625 EYE ST, NW WASHINGTON DC 20006 |
| OFFICE OF THE TEXAS ATTORNEY GENERAL | (COUNSEL TO PUBLIC UTILITY COMMISSION OF TEXAS) ATTN: HAL MORRIS, ASHLEY BARTRAM, NICOLE MIGNONE 300 WEST 15TH ST AUSTIN TX 78701 |
| OFFICE OF THE TEXAS ATTORNEY GENERAL | (COUNSEL TO TEXAS COMMISSION ON ENVIRONMENTAL QUALITY) ATTN: HAL F MORRIS ESQ & ASHLEY BARTRAM ESQ 300 WEST 15TH ST AUSTIN TX 78711-2548 |
| OFFICE OF THE UNITED STATES ATTORNEY | ATTN: ELLEN SLIGHTS ESQ 1007 ORANGE STREET, SUITE 700 WILMINGTON DE 19899-2046 |
| PACHULSKI STANG ZIEHL & JONES LLP | (COUNSEL TO INDENTURE TRUSTEE) ATTN: LAURA DAVIS JONES; ROBERT FEINSTEIN 919 N MARKET ST 17TH FL WILMINGTON DE 19899 |
| PATTERSON BELKNAP WEBB & TYLER LLP | (COUNSEL TO LAW DEBENTURE TRUST COMPANY OF NY) ATTN: DANIEL A LOWENTHAL ESQ; CRAIG W DENT ESQ BRIAN P GUINEY ESQ 1133 AVENUE OF THE AMERICAS NEW YORK NY 10036-6710 |
| PAUL WEISS RIFKIND WHARTON & GARRISON | (COUNSEL TO AD HOC COMMITTEE OF TCEH FIRST LIEN) ATTN: ALAN KORNBERG; KELLEY |

| Claim Name | Address Information |
|---|---|
| LLP | CORNISH; BRIAN HERMANN JACOB ADLERSTEIN 1285 AVENUE OF THE AMERICAS NEW YORK NY 10019 |
| PENSION BENEFIT GUARANTY CORPORATION (PBGC) | OFFICE OF THE CHIEF COUNSEL ATTN: DESIREE M AMADOR, ATTY 1200 K STREET, NW WASHINGTON DC 20005-4026 |
| PENSION BENEFIT GUARANTY CORPORATION (PBGC) | ATTN: JON CHATALIAN OFFICE OF THE CHIEF COUNSEL 1200 K STREET, NW WASHINGTON DC 20005-4026 |
| PERDUE BRANDON FIELDER COLLINS & MOTT LLP | (COUNSEL TO SOMERVELL COUNTY ET AL) ATTN: ELIZABETH BANDA CALVO ESQ 500 E BORDER ST STE 640 ARLINGTON TX 76010 |
| PERDUE BRANDON FIELDER COLLINS & MOTT LLP | (COUNSEL TO YOUNG CTY, GRAHAM ISD, GRAHAM HOSPITAL DISTRICT & NORTH CENTRAL TEXAS COLLEGE DISTRICT) ATTN: JEANMARIE BAER PO BOX 8188 WICHITA FALLS TX 76307 |
| PERDUE BRANDON FIELDER COLLINS & MOTT LLP | (COUNSEL TO GALENA PARK ISD) ATTN: OWEN M SONIK ESQ 1235 N LOOP WEST STE 600 HOUSTON TX 77008 |
| PERDUE BRANDON FIELDER COLLINS & MOTT LLP | (COUNSEL TO ISD: CAMERON, THORNDALE, BUCKHOLTS, COPPERAS COVE, MCALLEN; HIDALGO COUNTY ET AL) ATTN: JOHN T BANKS ESQ 3301 NORTHLAND DR STE 505 AUSTIN TX 78731 |
| POLSINELLI PC | (COUNSEL TO TCEH CREDITORS COMMITTEE) ATTN: CHRISTOPHER WARD ESQ, JUSTIN EDELSON ESQ SHANTI KATONA ESQ 222 DELAWARE AVE STE 1101 WILMINGTON DE 19801 |
| POPE HARDWICKE CHRISTIE SCHELL KELLY & RAY LLP | (COUNSEL TO TARRANT REGIONAL WATER DISTRICT & NORTH TEXAS MUNICIPAL WATER DISTRICT) ATTN: MICHAEL L. ATCHLEY; MATTHEW T. TAPLETT 500 W 7TH ST STE 600 FORT WORTH TX 76102 |
| POTTER ANDERSON & CORROON LLP | (COUNSEL TO DEUTSCHE BANK, AGENT TO DIP FINANCING) ATTN: JEREMY RYAN ESQ 1313 N MARKET ST 6TH FL WILMINGTON DE 19801 |
| PROSKAUER ROSE LLP | (OF COUNSEL TO ENERGY FUTURE HOLDINGS CORP) ATTN: JEFF J MARWIL ESQ, MARK K THOMAS ESQ PETER J YOUNG ESQ THREE FIRST NATIONAL PLAZA 70 W MADISON ST STE 3800 CHICAGO IL 60602 |
| PURDUE AWSUMB & BAUDLER PA | (COUNSEL TO BARR ENGINEERING CO) ATTN: AMY R BAUDLER 4300 MARKETPOINTE DRIVE, STE 240 MINNEAPOLIS MN 55435 |
| QUARLES & BRADY LLP | (COUNSEL TO TXU 2007-1 RAILCAR LEASING LLC) ATTN: HOHN A. HARRIS; JASON D. CURRY RENAISSANCE ONE TWO N CENTRAL AVE PHOENIX AZ 85004-2391 |
| REED SMITH LLP | (COUNSEL TO BANK OF NEW MELLON, PCRB TRUSTEE) ATTN: SARAH K KAM ESQ 599 LEXINGTON AVE 22ND FL NEW YORK NY 10022 |
| REED SMITH LLP | (COUNSEL TO THE BANK OF NEW YORK MELLON AND THE BANK OF NEW YORK MELLON TRUST COMPANY NA, AS INDENTURE TRUSTEES) ATTN: KURT F GWYNNE; KIMBERLY E.C. LAWSON ESQS 1201 MARKET ST STE 1500 WILMINGTON DE 19801 |
| REED SMITH LLP | (COUNSEL TO THE BANK OF NEW YORK MELLON SOLELY IN ITS CAPACITY AS TTEE RE ENUMERATED TRUSTS) ATTN: RICHARD A ROBINSON ESQ 1201 MARKET ST STE 1500 WILMINGTON DE 19801 |
| REED SMITH LLP | (COUNSEL TO THE BONY MELLON, SOLELY AS TTEE) ATTN: ROBERT P SIMONS ESQ REED SMITH CENTRE 225 FIFTH AVENUE, SUITE 1200 PITTSBURGH PA 15222 |
| RIDDELL WILLIAMS P.S. | (COUNSEL TO MICROSOFT) ATTN: JOSEPH E SHICKICH JR & TRAVIS D. DAILEY, ESQ 1001 - 4TH AVE STE 4500 SEATTLE WA 98154 |
| ROPES & GRAY LLP | ATTN: MARK R SOMERSTEIN 1211 AVENUE OF THE AMERICAS NEW YORK NY 10036-8704 |
| ROSS ARONSTAM & MORITZ LLP | (COUNSEL TO ANGELO GORDON, APOLLO, AND BROOKFIELD) ATTN: BRADLEY ARONSTAM, BENJAMIN SCHLADWEILER ESQS 100 S WEST ST STE 400 WILMINGTON DE 19801 |
| SATTERLEE STEPHENS BURKE & BURKE LLP | (COUNSEL TO MOODY'S ANALYTICS) ATTN: CHRISTOPHER R BELMONTE ESQ AND PAMELA A BOSSWICK ESQ 230 PARK AVE NEW YORK NY 10169 |
| SAUL EWING LLP | (COUNSEL TO ELECTRIC RELIABILITY COUNCIL OF TEXAS/ ERCOT) ATTN: MARK MINUTI ESQ 222 DELAWARE AVE STE 1200 WILMINGTON DE 19899 |
| SAUL EWING LLP | (COUNSEL TO JOHNSON MATTHEY) ATTN: LUCIAN B MURLEY ESQ 222 DELAWARE AVE STE 1200 WILMINGTON DE 19899 |
| SCHNADER HARRISON SEGAL & LEWIS LLP | (COUNSEL TO CCP CREDIT ACQUISITION/CENTERBRIDGE) ATTN: RICHARD A BARKASY ESQ 824 N MARKET ST STE 800 WILMINGTON DE 19801 |
| SECURITIES AND EXCHANGE COMMISSION | 100 F STREET, NE WASHINGTON DC 20549 |

| Claim Name | Address Information |
|---|---|
| SEWARD & KISSEL LLP | (COUNSEL TO WILMINGTON TRUST NA, FIRST LIEN AGENT) ATTN: JOHN ASHMEAD, KALYAN DAS, ARLENE ALVES ONE BATTERY PARK PLAZA NEW YORK NY 10004 |
| SHEEHY LOVELACE & MAYFIELD, PC | (COUNSEL TO CENTRAL TEXAS SECURITY & FIRE EQUIPMENT, INC.) ATTN: STEVEN M. BURTON 510 N VALLEY MILLS DR STE 500 WACO TX 76710 |
| SKADDEN ARPS SLATE MEAGHER & FLOM LLP | (COUNSEL TO BOREALIS INFRASTRUCTURE) ATTN: JAY M GOFFMAN ESQ 4 TIMES SQUARE NEW YORK NY 10036-6522 |
| SKADDEN ARPS SLATE MEAGHER & FLOM LLP | (COUNSEL TO BOREALIS INFRASTRUCTURE MGMT INC) ATTN: GEORGE N PANAGAKIS ESQ; CARL T TULLSON ESQ 155 N WACKER DR STE 2700 CHICAGO IL 60606-1720 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | (COUNSEL TO BOREALIS INFRASTRUCTURE MGMT INC.) ATTN: MARK S. CHEHI ONE RODNEY SQUARE WILMINGTON DE 19899-0636 |
| SMITH, KATZENSTEIN & JENKINS LLP | (COUNSEL TO AIRGAS USA & VALERO TEXAS POWER) ATTN: KATHLEEN M. MILLER 1000 WEST ST STE 1501 WILMINGTON DE 19801-0410 |
| SNELL & WILMER LLP | (COUNSEL TO HEADWATERS RESOURCES INC) ATTN: DAVID E LETA ESQ 15 W SOUTH TEMPLE STE 1200 SALT LAKE CITY UT 84101-1547 |
| SQUIRE SANDERS (US) LLP | (COUNSEL TO ARCELORMITTLA USA LLC) ATTN: STEPHEN D. LERNER & ANDREW M. SIMON 221 E FOURTH ST STE 2900 CINCINNATI OH 45202 |
| STEFFES VINGIELLO & MCKENZIE LLC | (COUNSEL TO SETPOINT INTEGRATED SOLUTIONS) ATTN: NOEL STEFFES MELANCON ESQ 13702 COURSEY BLVD BLDG 3 BATON ROUGE LA 70817 |
| STREUSAND LANDON & OZBURN LLP | (COUNSEL TO ALLEN SHRODE) ATTN: SABRINA L. STREUSAND 811 BARTON SPRINGS RD STE 811 AUSTIN TX 78704 |
| SULLIVAN & CROMWELL LLP | (COUNSEL TO EFH CREDITORS COMMITTEE) ATTN: ANDREW G DIETDERICH, BRIAN D GLUECKSTEIN MICHAEL H TORKIN ESQS 125 BROAD ST NEW YORK NY 10004 |
| SULLIVAN HAZELTINE ALLINSON LLC | (COUNSEL TO HENRY PRATT COMPANY LLC) ATTN: ELIHU E. ALLINSON, III 901 N MARKET ST STE 1300 WILMINGTON DE 19801 |
| SUTHERLAND ASBILL & BRENNAN LLP | (COUNSEL TO TITUS COUNTY FRESH WATER SUPPLY DISTRICT NO. 1) ATTN: LINO MENDIOLA, III, ESQ. ONE AMERICAN CENTER 600 CONGRESS AVENUE, SUITE 2000 AUSTIN TX 78701 |
| TAYLOR ENGLISH DUMA LLP | (COUNSEL TO HENRY PRATT COMPANY LLC) ATTN: STEPHEN C GREENBERG ESQ 1600 PARKWOOD CIR STE 400 ATLANTA GA 30339 |
| TEXAS OFFICE OF PUBLIC UTILITY COUNSEL (OPUC) | BANKRUPTCY & COLLECTIONS DIVISION ATTN: JASON A STARKS, ASST ATTORNEY GENERAL PO BOX 12548 AUSTIN TX 78711-2548 |
| THE BANK OF NEW YORK MELLON | TRUST COMPANY ATTN: THOMAS VLAHAKIS,VP 385 RIFLE CAMP RD 3RD FL WOODLAND PARK NJ 07424 |
| THE BANK OF NEW YORK MELLON | TRUST COMPANY ATTN: RAFAEL MARTINEZ,VP - CSM 601 TRAVIS ST 16TH FL HOUSTON TX 77002 |
| THE BANK OF NEW YORK MELLON | TRUST COMPANY ATTN: DENNIS ROEMLEIN 601 TRAVIS ST 16TH FL HOUSTON TX 77002 |
| THE ROSNER LAW GROUP LLC | (COUNSEL TO MUDRICK CAPITAL MANAGEMENT LP) ATTN: FEDERICK B ROSNER ESQ & JULIA B KLEIN ESQ 824 MARKET ST STE 810 WILMINGTON DE 19801 |
| THE UNIVERSITY OF TEXAS SYSTEM | ON BEHALF OF THE UNIVERSITY OF TEXAS AT ARLINGTON OFFICE OF GENERAL COUNSEL ATTN: TRACI L COTTON ESQ 201 W SEVENTH ST AUSTIN TX 78701 |
| THOMPSON COBURN LLP | (COUNSEL TO MARTIN ENGINEERING COMPANY) ATTN: DAVID D. FARRELL ONE US BANK PLAZA, STE 3200 SAINT LOUIS MO 63101 |
| TRAVIS COUNTY | ATTN: KAY D. BROCK, ASSISTANT COUNTY ATTORNEY PO BOX 1748 AUSTIN TX 78767 |
| TROUTMAN SANDERS LLP | (COUNSEL TO WILMINGTON SAVINGS FUND SOCIETY, FSG, IN ITS CAPACITY AS SUCCESSOR INDENTURE TTEE/WSFS ATTN: HUGH MCDONALD, LOUIS CURCIO, BRETT GOODMAN 875 THIRD AVE NEW YORK NY 10022 |
| TUCKER ARENSBERG, PC | (COUNSEL TO THERMO FISHER) ATTN: JORDAN S. BLASK, LARA E. SHIPKOVITZ 1500 ONE PPG PLACE PITTSBURGH PA 15222 |
| TW TELECOM INC | ATTN: LINDA BOYLE 10475 PARK MEADOWS DR #400 LITTLETON CO 80124 |
| UMB BANK N.A. | ATTN: LAURA ROBERSON, VP 2 S BROADWAY STE 600 ST. LOUIS MO 63102 |
| UNION PACIFIC RAILROAD COMPANY | ATTN: MARY ANN KILGORE & JENNIE L. ANDERSON 1400 DOUGLAS ST STOP 1580 OMAHA NE 68179 |
| UNITED STATES DEPARTMENT OF JUSTICE | (COUNSEL TO THE UNITED STATES OF AMERICA) ATTN: ARI D KUNOFSKY ESQ & WARD W |

| Claim Name | Address Information |
|---|---|
| UNITED STATES DEPARTMENT OF JUSTICE | BENSON ESQ PO BOX 227 BEN FRANKLIN STATION WASHINGTON DC 20044 |
| UNITED STATES DEPARTMENT OF JUSTICE | (COUNSEL TO THE UNITED STATES OF AMERICA) ENVIRONMENTAL ENFORCEMENT SECTION, ENRD ATTN: ANNA GRACE AND BRANDON ROBERS, TRIAL ATTYS P.O. BOX 7611 WASHINGTON DC 20044-7611 |
| UNITED STATES DEPARTMENT OF JUSTICE | (ON BEHALF OF UNITED STATES OF AMERICA, DEPT. OF AGRICULTURE, RURAL UTILITIES SERVICE) ATTN: MATTHEW J. TROY, CIVIL DIVISION 1100 L STREET, NW WASHINGTON DC 20530 |
| VARNUM LLP | (COUNSEL TO APPLABS) ATTN: MARY KAY SHAVER ESQ BRIDGEWATER PLACE PO BOX 352 GRAND RAPIDS MI 49501-0352 |
| VEDDER PRICE PC | (COUNSEL TO FIRST UNION RAIL CORPORATION) ATTN: MICHAEL L SCHEIN ESQ 1633 BROADWAY 47TH FL NEW YORK NY 10019 |
| VENABLE LLP | (COUNSEL TO PACIFIC INVESTMENT MANAGEMENT CO LLC) ATTN: JEFFREY S. SABIN ESQ 1270 AVENUE OF THE AMERICAS NEW YORK NY 10020 |
| VENABLE LLP | (COUNSEL TO PACIFIC INVESTMENT MANAGEMENT CO LLC) ATTN: JAMIE L. EDMONSON 1201 NORTH MARKET STREET WILMINGTON DE 19801 |
| WACHTELL LIPTON ROSEN & KATZ | (COUNSEL TO THE "EFH EQUITY INTEREST HOLDERS") ATTN: RICHARD MASON; EMIL KLEINHAUS; AUSTIN WITT 51 W 52ND ST NEW YORK NY 10019 |
| WEINSTEIN RADCLIFF LLP | (COUNSEL TO MARIO SINACOLA & SONS EXCAVATING INC) ATTN: GREGORY M WEINSTEIN ESQ 8350 N CENTRAL EXPY STE 1550 DALLAS TX 75206 |
| WEIR & PARTNERS LLP | (COUNSEL TO EVERCORE GROUP LLC) ATTN: JEFFREY S CIANCIULLI ESQ 824 N MARKET ST STE 800 WILMINGTON DE 19801 |
| WERB & SULLIVAN | (COUNSEL TO THE KANSAS CITY SOUTHERN RAILWAY) ATTN: "J" JACKSON SHRUM ESQ 300 DELAWARE AVE STE 1300 WILMINGTON DE 19899 |
| WHITE & CASE LLP | (COUNSEL TO AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS; AND LAW DEBENTURE) ATTN: J. CHRISTOPHER SHORE; GREGORY STARNER 1155 AVENUE OF THE AMERICAS NEW YORK NY 10036 |
| WHITE & CASE LLP | (COUNSEL TO AD HOC GROUP OF TCEH UNSECURED NOTEHOLDERS; AND LAW DEBENTURE) ATTN: THOMAS LAURIA ESQ; MATTHEW BROWN ESQ 200 S BISCAYNE BLVD STE 4900 MIAMI FL 33131 |
| WHITEFORD TAYLOR & PRESTON LLC | (COUNSEL TO SIMEIO) ATTN: L KATHERINE GOOD ESQ, CHATELLE D MCCLAMB ESQ THE RENAISSANCE CENTRE 405 N KING ST STE 500 WILMINGTON DE 19801 |
| WILMER CUTLER PICKERING HALE & DORR LLP | (COUNSEL TO MARATHON ASSET MGMT) ATTN: PHILIP ANKER ESQ & GEORGE SHUSTER ESQ 7 WORLD TRADE CENTER, 205 GREENWICH ST NEW YORK NY 10007 |
| WILMER CUTLER PICKERING HALE & DORR LLP | (COUNSEL TO MARATHON ASSET MGMT) ATTN: BENJAMIN LOVELAND ESQ 60 STATE ST BOSTON MA 02109 |
| WILMER CUTLER PICKERING HALE AND DORR LLP | ATTN: PHILIP D. ANKER; CHARLES C. PLATT; DENNIS L. JENKINS & GEORGE W. SHUSTER, JR. 7 WORLD TRADE CENTER 250 GREENWICH STREET NEW YORK NY 10007 |
| WILMINGTON SAVINGS FUND SOCIETY | ATTN: PATRICK J HEALY 500 DELAWARE AVENUE WILMINGTON DE 19801 |
| WILMINGTON TRUST FSB | ATTN: JEFFREY T. ROSE 50 S SIXTH ST STE 1290 MINNEAPOLIS MN 55402 |
| WINSTON & STRAWN LLP | (COUNSEL TO CHICAGO BRIDGE & IRON COMPANY N.V.) ATTN: DAVID NEIER, ESQ. 200 PARK AVE NEW YORK NY 10166 |
| WOMAC LAW | (COUNSEL TO 2603 AUGUST INVESTORS LP) ATTN: STACEY L KREMLING ESQ 8301 KATY FREEWAY HOUSTON TX 77024 |
| WOMBLE CARLYLE SANDRIDGE & RICE LLP | (COUNSEL TO CENTERPOINT) ATTN: MARK L DESGROSSEILLIERS 222 DELAWARE AVE STE 1501 WILMINGTON DE 19801 |
| WOMBLE CARLYLE SANDRIDGE & RICE LLP | (COUNSEL TO HOLT TEXAS LTD D/B/A HOLT CAT) ATTN: MARK L DESGROSSEILLIERS ESQ 222 DELAWARE AVE STE 1501 WILMINGTON DE 19801 |
| WOMBLE CARLYLE SANDRIDGE & RICE LLP | (COUNSEL TO AMECO, FLUOR, & AMERICAN EQUIPMENT) ATTN: FRANCIS A MONACO JR & KEVIN J MANGAN ESQS 222 DELAWARE AVE STE 1501 WILMINGTON DE 19801 |
| WOMBLE CARLYLE SANDRIDGE & RICE LLP | (COUNSEL TO ALLTITE) ATTN: KEVIN J MANGAN ESQ 222 DELAWARE AVE STE 1501 WILMINGTON DE 19801 |
| YOUNG CONAWAY STARGATT & TAYLOR LLP | (COUNSEL TO AD HOC COMMITTEE OF TCEH FIRST LIEN) ATTN: PAULINE MORGAN; JOEL WAITE; RYAN BARTLEY; ANDREW MAGAZINER RODNEY SQUARE 1000 NORTH KING STREET WILMINGTON DE 19801 |

| Claim Name | Address Information |
| --- | --- |

**Total Creditor count  214**