**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date:  June 27, 2016 at 10:00 a.m.** |
| | ) | **Objection Deadline:  June 20, 2016 at 4:00 p.m.** |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING
TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC
AND CERTAIN OF ITS DEBTOR AFFILIATES TO FILE UNDER SEAL
THE CERTAIN FEE LETTER RELATED TO PROPOSED FINANCING**

Texas Competitive Electric Holdings Company LLC ("TCEH"), Energy Future Competitive Holdings Company LLC, and each of the Subsidiary Guarantors,[2] each as a debtor and debtor in possession (collectively, the "TCEH Debtors" and, together with the other above-captioned debtors and debtors in possession, the "Debtors"), file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) authorizing the TCEH Debtors to file under seal the certain letter (the "Fee Letter") among the TCEH Debtors, on the one hand, and Deutsche Bank AG New York Branch and Deutsche Bank Securities Inc., Barclays Bank PLC, Citigroup Global Markets Inc., Credit Suisse AG

---

1    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

2    Capitalized terms used but not defined herein have the meanings ascribed to them in the Financing Motion (as defined herein) or the Commitment Letter (as defined herein), as applicable.

(acting through such of its affiliates and branches it deems appropriate) and Credit Suisse Securities (USA) LLC (acting through such of its affiliates and branches it deems appropriate), Royal Bank of Canada and RBC Capital Markets,[3] UBS AG, Stamford Branch and UBS Securities LLC, and Natixis, New York Branch (collectively, the "TCEH Arrangers") on the other hand, regarding the payment of certain fees in connection with the TCEH Debtors' proposed commitment letter contemplating entry into either (i) exit financing upon the TCEH Debtors' emergence from chapter 11 or (ii) replacement debtor-in-possession financing facility that will convert into exit financing upon the TCEH Debtors' emergence from chapter 11 (the "Commitment Letter"), a copy of which is attached as **Exhibit 1** to **Exhibit A** to the *Motion of Texas Competitive Electric Holdings Company LLC and Certain of Its Debtor Affiliates, for Entry of Orders (I) (A) Authorizing the TCEH Debtors to (X) Enter into the Postpetition Financing Commitment Letter and the Fee Letter (Y) Pay Associated Fees and Expenses, and (B) Granting Related Relief and (II) (A) Approving Postpetition Financing For Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing Refinancing of Secured Post-Petition Debt and (D) Modifying the Automatic Stay* (the "Financing Motion"), filed contemporaneously herewith; and (b) directing that the Fee Letter shall remain under seal and confidential and not be made available to anyone without the consent of the TCEH Debtors and TCEH Arrangers, except to (i) the Court, (ii) the United States Trustee for the District of

---

[3]     RBC Capital Markets is a brand name for the capital markets activities of Royal Bank of Canada and its affiliates.

RLF1 14619389v.1

Delaware (the "U.S. Trustee") on a confidential basis, (iii) the ad hoc committee of TCEH first

lien creditors (the "TCEH First Lien Ad Hoc Committee") on a confidential basis, and (iv) the

advisors to the TCEH Creditors' Committee (as defined below) on a confidential basis and on a

"professionals' eyes only" basis.  In support of this Motion, the TCEH Debtors respectfully state

as follows.

### Jurisdiction and Venue

1.     The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended

Standing Order of Reference from the United States District Court for the District of Delaware*,

dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware

(the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this

Motion to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the

United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested in this Motion are sections 105(a) and 107(b) of

title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 9018-1.

3

**Relief Requested**

4.      By this Motion, the Debtors seek entry of the Order (a) authorizing the TCEH

Debtors to file the Fee Letter under seal, and (b) directing that the Fee Letter shall remain under

seal and confidential and not be made available to anyone without the consent of the TCEH

Debtors and the TCEH Arrangers except to (i) the Court, (ii) the U.S. Trustee on a confidential

basis, (iii) the TCEH First Lien Ad Hoc Committee on a confidential basis, and (iv) the advisors

to the TCEH Creditors' Committee on a confidential basis and on a "professionals' eyes only"

basis.

**Background**

5.      On April 29, 2014, each of the TCEH Debtors filed a voluntary petition with the

Court under the Bankruptcy Code.  The TCEH Debtors are operating their businesses and

managing their properties as TCEH Debtors in possession pursuant to sections 1107(a) and 1108

of the Bankruptcy Code.  The Court has entered a final order for joint administration of these

chapter 11 cases (these "Cases") [D.I. 849].  The Court has not appointed a trustee.  The U.S.

Trustee formed an official committee of unsecured creditors of Energy Future Competitive

Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC

("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate

Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420], and an

official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future

Intermediate Holding Company, LLC ("EFIH"), EFIH Finance, Inc., and EECI, Inc. (the "EFH

Creditors' Committee") on October 27, 2014 [D.I. 2570].  Further information regarding the

TCEH Debtors' business operations and capital structure is set forth in the declaration of Paul

Keglevic in support of the TCEH Debtors' first day motions [D.I. 98].

4

6.      Pursuant to the Financing Motion, the TCEH Debtors seek approval of, among other things, entry into the Commitment Letter, including the fees and other provisions contained therein and in the Fee Letter.  The Court should allow the TCEH Debtors to file the Fee Letter under seal for at least three reasons. First, the public disclosure of the confidential and proprietary information in the Fee Letter has the potential to increase the cost of syndicating the Facilities because of the sensitive nature of certain terms and provisions.  Second, public dissemination of this information could jeopardize the TCEH Debtors' ability to obtain postpetition or exit financing because confidentiality of the Fee Letter is required by the TCEH Arrangers.  Finally, disclosure could harm the TCEH Arrangers' businesses, impair their ability to syndicate the Facilities in the future, or otherwise harm the counterparties to the Fee Letter.  It is essential that the TCEH Arrangers' highly sophisticated and proprietary methodology for calculating the various fees remain confidential.  Because of the sensitivity of these materials, the TCEH Debtors have agreed to keep the specific terms of the Fee Letter confidential, and ask that the Court authorize them to file these materials under seal for that same reason.

## The Aggregate Fees Associated with the DIP Facility

7.      The aggregate fees payable in connection with the Financing are equal to approximately 2.25 percent (or $95.625 million) of the total Financing commitment of $4.25 billion.

## Basis For Relief

8.      The Bankruptcy Code provides strong support for sealing the Fee Letter. Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the TCEH Debtors to file the Fee Letter under seal by permitting the issuance of orders that protect entities from potential harm that may result from the disclosure of certain confidential information.  11 U.S.C. § 107(b).  Specifically, section 107(b) provides, in relevant part, that:

5

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1)    protect an entity with respect to a trade secret or confidential research, development, or commercial information.

*Id.*

9.    Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10.    Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.  Further, Local Bankruptcy Rule 9018-1(b) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect."  Del. Bankr. L.R. 9018-1(b).

11.    If the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27 (emphasis in original).  Moreover, the resulting order should be broad (*i.e.*, "any order which justice requires"). *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018.  "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005).  Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27.

6

Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. at 724.

12.     Courts have also found that such relief should be granted if the information sought to be protected is "commercial information," which is defined as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006); *see Global Crossing*, 295 B.R. at 725 (finding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Commercial information does not have to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 27-28 (finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature). Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See*, *e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information).

13.     Here, the Fee Letter contains commercially sensitive information, thus satisfying one of the categories enumerated in section 107(b) of the Bankruptcy Code for sealing documents. Disclosing certain terms and provisions of the Fee Letter executed by the TCEH

Arrangers would put great pressure on the ability of the TCEH Arrangers to market and syndicate the TCEH DIP Facility effectively to the marketplace. Indeed, such disclosure could increase the aggregate cost of the TCEH DIP Facility to the TCEH Debtors' estates. For that reason alone, the TCEH Debtors should be permitted to file the Fee Letter under seal.

14.    Moreover, the terms of the Fee Letter are the product of extensive, good faith arm's-length negotiations. Pursuant to the Fee Letter, the TCEH Debtors agreed to keep the terms confidential. The Fee Letter contains closely-guarded proprietary and commercial information that is highly sensitive to the TCEH Arrangers and the TCEH Debtors. As such, disclosure of the terms of the Fee Letter would cause substantial harm to the TCEH Arrangers and the TCEH Debtors, create an unfair advantage for competitors, and violate the TCEH Debtors' agreement with the TCEH Arrangers to keep the terms of the Fee Letter confidential.

15.    Indeed, the Fee Letter contains detailed proprietary information describing fees to be paid in connection with the Facilities, which information is customarily considered by the TCEH Arrangers, in particular, as well as the finance lending industry, in general, to be highly-sensitive, confidential information not typically disclosed to the public. Given the highly competitive nature of the investment banking and lending industries, it is of the utmost importance that the details of the fee structures set forth in the Fee Letter be kept confidential so that competitors cannot use the information contained therein to gain a strategic advantage in the marketplace.

16.    Financial institutions and borrowers commonly execute fee letters such as the Fee Letter on a confidential basis. Courts in this district have consistently authorized the filing of similar confidential financing documents under seal in other chapter 11 cases, and this Court has granted similar relief in these Cases. *See*, *e.g.*, *In re Energy Future Holdings*, No. 14-10979

(CSS) (Bankr. D. Del. May 1, 2014) (authorizing debtors to file under seal DIP financing fee letter); *In re Exide Techs.*, No. 13-11482 (KJC) (Bankr. D. Del. June 11, 2013) (authorizing debtors to file under seal DIP financing fee letter); *In re Rotech Healthcare Inc.*, No. 13-10741 (PJW) (Bankr. D. Del. July 29, 2013) (authorizing debtors to file exit financing fee letters under seal); *In re CHL Ltd.*, No. 12-12437 (KJC) (Bankr. D. Del. Aug. 31, 2012) (authorizing debtors to file under seal fee letter relating to DIP credit agreement and postpetition financing facility); *In re NewPage Corp.*, No. 11-12804 (KG) (Bankr. D. Del. Sept. 8, 2011) (authorizing debtors to file under seal fee letter related to DIP financing); *In re Tribune Co.*, No. 08-13141 (KJC), (Bankr. D. Del. Dec. 10, 2008) (authorizing the filing under seal of fee letters containing confidential information); *In re WCI Communities, Inc.*, No. 08-11643 (KJC) (Bankr. D. Del. Sept. 23, 2008) (authorizing the filing under seal of a fee letter executed in connection with a proposed DIP credit facility).[4]

17.    The TCEH Debtors therefore submit that good cause exists to authorize the TCEH Debtors to file the Fee Letter under seal because of the harm that would ensue if the sensitive and confidential commercial information contained in the Fee Letter became public information.

### Notice

18.    The Debtors shall provide notice of this Motion on the date hereof via U.S. first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control

---

[4]    Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:  (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad

Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) White & Case LLP, as counsel to the Commitment Parties.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

19.    No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

11

WHEREFORE, the TCEH Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:   June 6, 2016
         Wilmington, Delaware

*/s/ Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          collins@rlf.com
                defranceschi@rlf.com
                madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          edward.sassower@kirkland.com
                stephen.hessler@kirkland.com
                brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                marc.kieselstein@kirkland.com
                chad.husnick@kirkland.com
                steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession