**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) ) | (Jointly Administered) **Re: D.I. 8572, 8574** |

**TCEH DEBTORS' OMNIBUS REPLY TO
OBJECTIONS TO THE TCEH DISCLOSURE STATEMENT**

Texas Competitive Electric Holdings Company LLC ("TCEH" and, together with its direct parent company, Energy Future Competitive Holdings Company LLC ("EFCH") and certain of TCEH's direct and indirect subsidiaries, the "TCEH Debtors") file this reply (this "Reply") to the objections[2] filed to the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents* [D.I. 8357] (the "Disclosure Statement Motion"). On May 1, 2016, the above-captioned debtors and debtors in possession

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] By this Reply, the TCEH Debtors respond to the objections of: (i) The Bank of New York Mellon, as PCRB Trustee, and The Bank of New York Mellon Trust Company, N.A., as EFCH 2037 Notes Trustee [D.I. 8572] (the "PCRB Trustee Objection" and the objector, the "PCRB Trustee") and (ii) American Stock Transfer & Trust, LLC, as EFH Notes Indenture Trustee [D.I. 8574], (the "EFH Indenture Trustee Objection" and the objector, the "EFH Indenture Trustee").

RLF1 14634217v.1

(collectively, the "Debtors") filed the *Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 8355] (as amended by D.I. 8421 and as may be modified, amended or supplemented from time to time, the "Plan"). Contemporaneously herewith, the TCEH Debtors file the *Second Amended Disclosure Statement for the Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and the EFH Shared Services Debtors* (the "TCEH Disclosure Statement").[3] In support of this Reply and in further support of the TCEH Disclosure Statement and entry of the Order (as defined in the Disclosure Statement Motion), the TCEH Debtors respectfully state as follows.

## Reply

1. For more than two years, the TCEH Debtors have worked closely with their key stakeholders to build consensus for a value-maximizing plan of reorganization. It is, therefore, neither luck nor coincidence that the TCEH Disclosure Statement faces *just two objections*.[4]

2. Throughout these chapter 11 cases, the TCEH Debtors have worked to ensure that multiple safeguards protect against the execution risk inevitably associated with the de-levering of what this Court has repeatedly acknowledged is an exceptionally complex capital structure. *First*, the TCEH Debtors obtained Court approval of a plan support agreement (dated August 9, 2015, as amended on September 11, 2015, and as may be amended, supplemented, or otherwise modified from time to time, the "Plan Support Agreement") that governed the TCEH Debtors' contemplated path to exit *and* still provides binding terms for an alternative restructuring (as

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them as set forth in the Disclosure Statement Motion, the TCEH Disclosure Statement, or the Plan, as applicable.

[4] As discussed herein, the TCEH Debtors have resolved the PCRB Trustee's objection through additional disclosures in the TCEH Disclosure Statement. The TCEH Debtors also proposed additional disclosures to the EFH Indenture Trustee. The EFH Indenture Trustee's objection remains outstanding as of the date hereof.

defined in the Plan Support Agreement, the "Alternative Restructuring").  **Second**, the TCEH Debtors obtained approval of a critical and comprehensive settlement agreement (the "Settlement Agreement") that not only resolved untold numbers of significant claims and causes of action by and among the TCEH Debtors and their key constituencies but also ensured the survival of the Settlement Agreement to the extent the TCEH Debtors were unable to consummate the plan confirmed on December 9, 2016 (the "Confirmed Plan").[5]  **Third**, within moments of receiving the notice that the Confirmed Plan had been rendered null and void, the TCEH Debtors filed the revised Plan with an accompanying disclosure statement and scheduling motion, all pre-designed to expeditiously pivot to an alternative, value-maximizing transaction.

3. As discussed at the scheduling hearing on May 23, 2016, the TCEH Debtors' efforts have radically narrowed the open issues that once beset these chapter 11 cases, especially for the TCEH Debtors.  Consistent with that clear-cut reality, only two parties objected to the TCEH Disclosure Statement:  the PCRB Trustee and EFH Indenture Trustee.[6]

4. The TCEH Debtors have included additional language in the Disclosure Statement to address the issues raised by the PCRB Trustee, the EFH Indenture Trustee, and to update parties in interest and the Court of developments in connection with the TCEH Debtors'

---

[5] *See Order Granting the Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement* [D.I. 7243]; *Order (Amended) Confirming the Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 7285].

[6] Separately, UMB Bank, N.A, as Indenture Trustee for the EFIH Unsecured Notes (the "EFIH PIK Trustee") filed a *Reservation of Rights and Limited Objection* [D.I. 8575] (the "EFIH PIK Reservation of Rights"). The EFIH PIK Trustee states that "[w]hile the Trustee recognizes that the T-Side DS Hearing is for approval of the "T-Side" Disclosure Statement only, and acknowledges that the Trustee does not represent "T-Side" creditors . . . . [I]f the Debtors are asking the Court to "bless" the current form of the Disclosure Statement that is purportedly for a single integrated Plan for the Debtors, then these disclosures must be thorough and complete as to *all* Debtors." EFIH PIK Reservation of Rights, ¶ 2.  Because the Debtors intend to file a separate disclosure statement with respect to the Plan as it relates to the EFH/EFIH Debtors (and that by extension, nothing in the TCEH Disclosure Statement is intended to constitute a disclosure under section 1125 of the Bankruptcy Code with respect to the EFH/EFIH Debtors), the Debtors believe that the EFIH PIK Reservation of Rights, to the extent it constitutes an objection, is now moot.

3

efforts regarding a Private Letter Ruling. Specifically, with respect to the PCRB Trustee, the TCEH Debtors (a) added a statement in the preamble of the TCEH Disclosure Statement, instructing Holders of PCRB Claims to review the statement of the PCRB Trustee, (b) included the statement of the PCRB Trustee in Article V.E.4, entitled "Class C4 - TCEH Unsecured Note Claims," and (c) included additional calculations regarding the Class C4 and Class C5 recoveries in Article I.E., entitled "Summary of Treatment of Claims and Interests and Description of Recoveries Under the Plan." With respect to the EFH Indenture Trustee, the TCEH Debtors (a) added additional disclosures regarding EFH Corporate Services Company and EFH Properties Company in Article II.B.2, and (b) added a statement regarding the intent of the Tax Matters Agreement and the timing of the filing in Article I.C.2 and Article V.B.5. Finally, the TCEH Debtors added additional disclosures regarding the recent indications from the IRS regarding the Taxable Separation in Article I.C.2 and Article VIII.C.10 and VIII.C.12 (as discussed further below).

5. As a result of these additional disclosures, the PCRB Trustee has agreed that its objection to the TCEH Disclosure Statement has been resolved. This leaves the EFH Indenture Trustee—a party not entitled to vote on the Plan as to the TCEH Debtors—as the ***sole outstanding objection***. The Court should overrule the EFH Indenture Trustee's Objection for at least four reasons.

6. ***First***, the *EFH* Indenture Trustee lacks standing to object to the *TCEH* Disclosure Statement. Consistent with the Scheduling Order, the TCEH Debtors seek an order authorizing solicitation of the Plan only as to the TCEH Debtors. Only those impaired by a plan have standing to challenge the adequacy of a disclosure statement. *See*, *e.g.*, *In re B. Cohen & Sons Caterers, Inc.*, 124 B.R. 642, 646-47 (E.D. Pa. 1991) ("Creditors whose rights are unimpaired

under the plan and therefore have no right to vote on the plan . . . lack standing to object to a chapter 11 confirmation process.") (citations omitted); *In re Middle Plantation of Williamsburg, Inc.*, 47 B.R. 884, 891 (E.D. Va. 1984) ("Holders of impaired claims who have been induced to vote in favor of a plan are the only ones who may raise the issue of the adequacy of the Disclosure Statement[]."). The Plan, as it relates to the TCEH Debtors, does not—and could not—impair the claims of creditors of the EFH/EFIH Debtors. Accordingly, the EFH Indenture Trustee, which represents holders of claims against EFH only, lacks standing to challenge the TCEH Disclosure Statement.

7.  *Second*, the Court should reject—again—the EFH Indenture Trustee's request for additional time to analyze the forthcoming tax disclosures. Tax issues are foundational to this case, and no party can legitimately protest that there has been insufficient disclosure about them. Many of the fundamental tax issues today are the same issues discussed in the TCEH Debtors' omnibus tax memorandum, which all parties in interest have had ample time to analyze.[7] Additionally, the TCEH Debtors have revised the TCEH Disclosure Statement filed contemporaneously herewith to contain additional tax disclosures regarding the Plan as to the TCEH Debtors, including significant disclosures regarding the ongoing discussions with the IRS noted above. Specifically, the Debtors are seeking the Debt Characterization Ruling from the IRS. In the event the Debtors are not able to obtain the Debt Characterization Ruling, or some other relevant agreement from the IRS, there is a risk that significant tax liabilities could be incurred in the event of a Taxable Separation. The IRS has informed the TCEH Debtors that it is tentatively adverse to the requested Debt Characterization Ruling, although this decision is not yet final. Additionally, on June 9, 2016, the IRS issued certain regulations that tangentially

---

[7] *See Omnibus Tax Memorandum* [D.I. 2296].

5

address the issues presented by the Debt Characterization Ruling. Language in the preamble of those regulations further indicates that the IRS may not be favorably disposed to providing the Debt Characterization Ruling, in part because the IRS's view is that the debt of a disregarded entity should generally be treated as nonrecourse debt for certain tax purposes. The TCEH Debtors and other parties are also working on potential alternatives that may allow the Taxable Separation to proceed, without resulting in such significant tax liabilities, even if the Debt Characterization Ruling is not obtained. Further information regarding the Debt Characterization Ruling and the recent indications from the IRS is set forth in Article I.C.2 and Article VIII.C.10 and C12 of the TCEH Disclosure Statement. It is a folly to suggest that the "hypothetical reasonable investor" would benefit from an even deeper dive into the arcane details of tax considerations.

8. As to the tax matters agreement, the Court set a June 13, 2016, deadline for the TCEH Debtors to file the material terms of that agreement.[8] The TCEH Debtors will meet that deadline. As a sophisticated party with able counsel, the EFH Indenture Trustee does not need additional disclosures regarding a tax agreement that will be filed within days of the filing of this Reply.

9. To the extent that certain tax matters present issues going forward, they will be considered at the hearing concerning confirmation of the Plan as it relates to the TCEH Debtors. The creditors of the EFH/EFIH Debtors will have an opportunity to raise those issues at that time, and the TCEH Debtors do not contest EFH/EFIH creditors' standing as to those matters. Confirmation issues should not be addressed at a disclosure statement hearing. *In re Am. Capital Equip., LLC*, 688 F.3d 145, 153-54 (3d Cir. 2012) (noting limited exception "where it is obvious

---

[8] *See Scheduling Order*, ¶ 7(n).

at the disclosure statement stage that a later confirmation hearing would be futile because the plan described by the disclosure statement is patently unconfirmable").

10. *Third*, the EFH Indenture Trustee's vague statements about EFH "assets" being transferred to the TCEH Debtors without consideration are misplaced. EFH Corporate Services Company and EFH Properties Company are not profit centers, as suggested by the EFH Indenture Trustee. The EFH Indenture Trustee ignores that the TCEH Debtors are assuming certain of those entities' significant liabilities *and* fails to recognize that EFH Corporate Services Company and EFH Properties Company have value only through their association with the revenue-generating operations of the TCEH Debtors. Additional detail regarding the assets and liabilities reflected on the EFH Properties Company's and EFH Corporate Service Company's balance sheets (and the relationship of such assets and liabilities to the TCEH Debtors) is set forth in Article II.B.2 of the Disclosure Statement.

11. Most importantly, EFH Corporate Service Company's value is overwhelmingly driven by the TCEH Debtors. Indeed, its largest assets are shared-services contracts tied to the revenue-generating operations of the TCEH Debtors and accompanying receivables from the TCEH Debtors. Those contracts and receivables are not fungible absent an association with the TCEH Debtors. This is not surprising given that the TCEH Debtors include operating companies and EFH/EFIH Debtors are non-operating holding companies. Indeed, recognizing the relationship between the TCEH Debtors and EFH Corporate Services Company, the U.S. Trustee appointed the TCEH Committee to represent the interests of creditors at EFH Corporate Services Company and refused to reconstitute the TCEH Committee after appointing the EFH Committee.

12. Similarly, the TCEH Debtors are assuming significant liabilities in connection with the transfer of EFH Properties Company, which is the lessee of record with respect to

certain of EFH's real property leases, including the Debtors' headquarters. The Plan contemplates that the TCEH Debtors will acquire that lease *and* the lease payment obligations but will *not acquire the cash* available at EFH Properties Company. In addition to freeing the EFH/EFIH Debtors of the lease payment obligations, the EFH/EFIH Debtors will retain EFH Properties Company's cash net amounts necessary to pay creditors, including for any environmental claim settlement with the U.S. Department of Justice.

13.   *Fourth*, the Debtors' proposal to proceed with one joint plan of reorganization, two disclosure statements, and two confirmation orders is reasonable and supported by precedent.[9] The Debtors have concluded in their business judgment that the most logical approach to moving forward in these cases is to pursue a single ***joint plan of reorganization*** that delineates provisions applicable to the TCEH Debtors effective on consummation of the TCEH Debtors' Plan and provisions applicable to the EFH/EFIH Debtors on consummation of the EFH/EFIH Debtors' Plan. The EFH Debtors have included significant disclosure in the TCEH Disclosure Statement regarding the staggered confirmation process and the effects of the deconsolidation, including with respect to the tax and shared services issues.[10] The EFH Indenture Trustee's objection regarding the substance of the Plan on these two issues are reserved for and more properly addressed at confirmation.

---

[9] In *In re General Growth Properties*, the Bankruptcy Court for the Southern District of New York separately confirmed the same plan for multiple groups of debtors. *See, e.g.*, *In re General Growth Properties, Inc.*, No. 09-11977 (Bankr. S.D.N.Y. Jan. 20, 2010) (Findings of Fact, Conclusions of Law, and Order Confirming the Third Group of Plan Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code). Further, like the two-track emergence process contemplated by the Scheduling Order, various groups of *General Growth Properties* debtors emerged at different times. *See, e.g.*, *In re General Growth Properties, Inc.*, No. 09-11977 (Bankr. S.D.N.Y. Mar. 12, 2010) (Notice of Entry of Confirmation Order and Occurrence of Effective of the Plan Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code); *In re General Growth Properties, Inc.*, No. 09-11977 (Bankr. S.D.N.Y. June 7, 2010) (Notice of Entry of Confirmation Order and Occurrence of Effective of the Plan Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code).

[10] *See* TCEH Disclosure Statement Article II.B.2 and Article VIII.

## **Conclusion**

14.     For the foregoing reasons, the TCEH Debtors respectfully submit that the Court should overrule the EFH Indenture Trustee Objection and approve the TCEH Disclosure Statement as having satisfied the requirements set forth in section 1125 of the Bankruptcy Code.

[*Remainder of page intentionally left blank.*]

Dated: June 9, 2016
     Wilmington, Delaware        */s/ Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:   collins@rlf.com
      defranceschi@rlf.com
      madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   edward.sassower@kirkland.com
      stephen.hessler@kirkland.com
      brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   james.sprayregen@kirkland.com
      marc.kieselstein@kirkland.com
      chad.husnick@kirkland.com
      steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession

RLF1 14634217v.1