**<u>Exhibit B</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER (A) APPROVING ~~THE~~**
**THE DISCLOSURE STATEMENT OF THE**
**TCEH DEBTORS, (B) ESTABLISHING**
**THE TCEH VOTING**
**RECORD DATE, TCEH VOTING DEADLINE, AND OTHER**
**DATES, (C) APPROVING PROCEDURES FOR SOLICITING,**
**RECEIVING, AND TABULATING VOTES ON THE PLAN AND FOR**
**FILING OBJECTIONS TO THE PLAN AS TO THE TCEH**
**DEBTORS, AND (D) APPROVING**
**THE MANNER AND**
**FORMS OF NOTICE AND OTHER RELATED DOCUMENTS**

Upon the motion (the "Motion")[2] of Texas Competitive Electric Holdings Company LLC ("TCEH" and, together with its direct parent company, Energy Future Competitive Holdings Company LLC ("EFCH") and certain of TCEH's direct and indirect subsidiaries, the ~~above-captioned debtors and debtors in possession (collectively, the "~~"TCEH Debtors") for entry of an order (this "Order): (a) approving the *Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et~~.~~ al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors* (as amended, or supplemented from time to

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

time, the "TCEH Disclosure Statement"); (b) establishing the TCEH Voting Record Date (defined below), TCEH Voting Deadline (defined below), and other dates; (c) approving the procedures for soliciting, receiving, and tabulating votes on the Plan (the "as to the TCEH Debtors (the "TCEH Solicitation Procedures"); (d) approving the manner and forms of notices and other related documents; and (e) granting other relief relating thereto, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the TCEH Debtors' estates, their creditors, and other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief have been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1.      The Motion is granted to the extent provided herein.

## I.      Approval of the TCEH Disclosure Statement.

1.      The TCEH Disclosure Statement is hereby approved pursuant to section 1125 of the Bankruptcy Code as providing Holders of Claims and Interests against the TCEH Debtors entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

2.      The _TCEH_ Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims _against the TCEH Debtors_, Holders of Interests _against the TCEH Debtors_, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

## II.   Approval of the **Notice of the** Disclosure Statement Hearing ~~Notice~~.

3.      ~~The Disclosure Statement Hearing Notice, attached hereto as **Exhibit 1** and incorporated by reference herein, filed by the Debtors and served upon parties in interest in these chapter 11 cases no later than 28 days prior to the deadline by which parties in interest must file objections to the Disclosure Statement, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.~~The TCEH Debtors provided adequate notice of the Disclosure Statement Hearing and the time fixed for filing objections thereto.

## III.  Approval of the Materials and Timeline for Soliciting Votes.

### A.   Approval of Key Dates and Deadlines with Respect to the Plan **as to the TCEH Debtors** and **the TCEH** Disclosure Statement.

4.      The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept, and voting on, the Plan _as to the TCEH Debtors_:

(a)      [June ~~1~~6, 2016~~]~~, as the date for determining: (i) the Holders of Claims and Interests _against the TCEH Debtors_ entitled to receive TCEH Solicitation Packages; (ii) the Holders of Claims and Interests _against the TCEH Debtors_ entitled to vote to accept or reject the Plan; and

(iii) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of such Claim (the "TCEH Voting Record Date");

(b)     the Debtors shall distribute TCEH Solicitation Packages to Holders of Claims and Interests against the TCEH Debtors entitled to vote on the Plan within ten business days after the Debtors file the final version of the TCEH Disclosure Statement with the Court, (or as soon as reasonably practicable thereafter,) following entry of the order approving this Order (the Disclosure Statement (the ""TCEH Solicitation Deadline"); and

(c)     all Holders of Claims and Interests against the TCEH Debtors entitled to vote on the Plan must complete, execute, and return their Ballots so that they are actually received by the Solicitation Agent, as applicable, pursuant to the TCEH Solicitation Procedures, on or before [July 22August 3, 2016], at 4:00 p.m. (prevailing Eastern Time) (the "TCEH Voting Deadline").

**B.     Approval of the Form of, and Distribution of, TCEH Solicitation Packages to Parties Entitled to Vote on the Plan as to the TCEH Debtors.**

5.     In addition to the TCEH Disclosure Statement and exhibits thereto, including the Plan and this Order, the TCEH Solicitation Packages to be transmitted on or before the TCEH Solicitation Deadline to those Holders of Claims and Interests against the TCEH Debtors in the Voting Classes entitled to vote on the Plan as of the TCEH Voting Record Date shall include the following, the form of each of which is hereby approved:

(a)     The form Ballots and Master Ballots, substantially in the forms attached hereto as **Exhibit 21-A - 2-H1-F**, respectively;

(b)     the TCEH Cover Letter attached hereto as **Exhibit 32**;

(c)     the TCEH Disclosure Statement (and exhibits thereto, including the Plan);

(d)     this Order (without exhibits except for **Exhibit 87** attached hereto); and

(e)     the TCEH Confirmation Hearing Notice attached hereto as **Exhibit 43**.

6.     The TCEH Solicitation Packages provide the Holders of Claims and Interests against the TCEH Debtors entitled to vote on the Plan with adequate information to make

4

informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Bankruptcy Rules.

7.      The TCEH Debtors shall distribute TCEH Solicitation Packages to all Holders of Claims and Interests against the TCEH Debtors entitled to vote on the Plan on or before the TCEH Solicitation Deadline.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

8.      The TCEH Debtors are authorized, but not directed or required, to distribute the Plan, the TCEH Disclosure Statement, and this Order to Holders of Claims and Interests against the TCEH Debtors entitled to vote on the Plan in CD-ROM format.  The Ballots, the Cover Letter, and the TCEH Confirmation Hearing Notice will *only* be provided in paper form.  On or before the TCEH Solicitation Deadline, the TCEH Debtors shall provide (a) complete TCEH Solicitation Packages to the U.S. Trustee and counsel to the applicable agents for the TCEH Debtors' lenders and (b) the Order (in CD-ROM format) and the TCEH Confirmation Hearing Notice to all parties on the 2002 List as of the TCEH Voting Record Date.

9.      Any party who receives a CD-ROM, but who would prefer to receive materials in paper format, may contact the Solicitation Agent and request paper copies of the corresponding materials previously received in CD-ROM format (to be provided at the TCEH Debtors' expense).

10.     The Solicitation Agent is authorized to assist the TCEH Debtors in (a) distributing the TCEH Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims and Interests against the TCEH Debtors; (c) responding to inquiries from Holders of Claims and Interests against the TCEH Debtors and other parties in interest relating to the TCEH Disclosure Statement, the Plan, the Ballots, the TCEH Solicitation

5

Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan as to the TCEH Debtors; (d) soliciting votes on the Plan as to the TCEH Debtors; and (e) if necessary, contacting Holders of Claims and Interests against the TCEH Debtors regarding the Plan or as soon as practicable thereafter.

11.     Each Nominee through which one or more Beneficial Holders holds securities as of the TCEH Voting Record Date is hereby ordered to distribute the TCEH Solicitation Package to the Beneficial Holders for which they hold the securities within five business days after receipt of such TCEH Solicitation Package from the Solicitation Agent and obtain the vote of such Beneficial Holders consistent with customary practices for obtaining the votes of securities held in "street name," in one of the following two ways:

(a)     Master Ballots:  A Nominee may obtain the votes of Beneficial Holders by forwarding to the Beneficial Holders the applicable unsigned Beneficial Holder Ballot, together with the TCEH Solicitation Package, a return envelope provided by, and addressed to, the Nominee, and other materials requested to be forwarded.  Each such Beneficial Holder may then indicate his/her or its vote on the Beneficial Holder Ballot, complete the information requested in the Beneficial Holder Ballot, review the certifications contained in the Beneficial Holder Ballot, execute the Beneficial Holder Ballot, and return the Beneficial Holder Ballot to the Nominee.  After collecting the Ballots, the Nominee shall, in turn, complete the applicable Master Ballot provided to such Nominee by the Solicitation Agent, and compile the votes and other information from the Beneficial Holder Ballot, execute the Master Ballot, and deliver the Master Ballot to the Solicitation Agent so that it is received by the Balloting Solicitation Agent before the TCEH Voting Deadline.  All Beneficial Holder Ballots returned by Beneficial Holders must be retained by Nominees for inspection for at least one year from the TCEH Voting Deadline.

(b)     Pre-Validated Ballots:  A Nominee may pre-validate a Beneficial Holder Ballot, by: (i) signing the applicable Beneficial Holder Ballot indicating the name of the Nominee and the DTC participation number; (ii) indicating on the Beneficial Holder Ballot the account number of the Beneficial Holder, and amount of the securities held by the Nominee for such Beneficial Holder; and (iii) forwarding such

Beneficial Holder Ballot together with the TCEH Solicitation Package and other materials requested to be forwarded to the Beneficial Holder for voting.  The Beneficial Holder may then complete the information requested in the Ballot, review the certifications contained in the Ballot, and return the Ballot directly to the Solicitation Agent in the pre-addressed, postage paid envelope included with the TCEH Solicitation Package so that it is received by the Solicitation Agent before the TCEH Voting Deadline.  A list of the Beneficial Holders to whom "pre-validated" Ballots were delivered should be maintained by the Nominee for inspection for at least one year from the TCEH Voting Deadline.

**C.    Approval of the TCEH Confirmation Hearing Notice.**

12.    The TCEH Confirmation Hearing Notice, substantially in the form ~~of which is~~ attached hereto as **Exhibit ~~4~~3**, constitutes adequate and sufficient notice of the hearings to consider approval of the Plan, the manner in which a copy of the Plan could be obtained and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.  The TCEH Debtors shall publish the TCEH Confirmation Hearing Notice (in a format for publication) in: (i) *The Wall Street Journal, USA Today, The Dallas Morning News, Houston Chronicle, Corpus Christi Caller Times, Fort Worth Star-Telegram, and Waco Tribune-Herald*, and (ii) on the restructuring website established by Epiq, available at http://www.efhcaseinfo.com, in each case no later than seven days after the TCEH Solicitation Deadline (the "TCEH Publication Notice").

**D.    Approval of Notice of Filing of the Plan Supplement.**

13.    The TCEH Debtors are authorized to send notice of the filing of the Plan Supplement, which will be filed and served no later than fourteen days before the TCEH Confirmation Hearing or such later date as may be approved by this Court, substantially in the form attached hereto as **Exhibit ~~5~~4**, on the date the Plan Supplement is filed pursuant to the terms of the Plan.

**E.    Approval of the Form of Notices to Non-Voting Classes.**

14.    Except to the extent the TCEH Debtors determine otherwise, the TCEH Debtors are not required to provide TCEH Solicitation Packages to Holders of Claims or Interests against the TCEH Debtors in Non-Voting Classes, as such holders are not entitled to vote on the Plan. Instead, on or before the TCEH Solicitation Deadline, the Solicitation Agent shall mail (first-class postage prepaid) a Non-Voting Status Notice in lieu of TCEH Solicitation Packages, the form of each of which is hereby approved, to those parties who are not entitled to vote on the Plan.  Holders of Unimpaired Claims that are deemed to accept the Plan in Classes A1, A2, A3, A5, A8, A9, A10, A11, B1, B2, B3, C1, C2, D1, D2, D3, and C2D6 will receive notice, substantially in the form attached hereto as **Exhibit 65**, in lieu of a TCEH Solicitation Package. Holders of Impaired Claims against the TCEH Debtors that are deemed to reject the Plan in Classes A14, A16, B8, B10, C6, C8, C10, and C10D5 will receive notice, substantially in the form attached hereto as **Exhibit 76**, in lieu of a TCEH Solicitation Package.

15.    The TCEH Debtors will not provide the Holders of Intercompany Claims and Interests in Classes A13, A15, B7, C7, C9, and C9D4 with a TCEH Solicitation Package or any other type of notice in connection with solicitation.

16.    The TCEH Debtors are not required to mail TCEH Solicitation Packages or other solicitation materials to:  (a) Holders of Claims and Interests against the TCEH Debtors that have already been paid in full during these Chapter 11 Cases or (b) any party to whom the TCEH Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

**IV.    Approval of the TCEH Solicitation Procedures.**

17.    The TCEH Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the TCEH Solicitation Procedures attached hereto as **Exhibit 87**, which are hereby approved in their entirety; provided, however, that the TCEH Debtors reserve

8

the right to amend or supplement the TCEH Solicitation Procedures where, in the TCEH Debtors' best judgment, doing so would better facilitate the solicitation process.

**V.    Approval of Notices to Contract and Lease Counterparties**.

18.    The TCEH Debtors are authorized to mail a notice of assumption or rejection of any Executory Contracts or Unexpired Leases (and any corresponding Cure Claims), substantially in the forms attached hereto as **Exhibit 98** and **Exhibit 10 and incorporated herein by reference9**, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan (as the case may be), within the time periods specified in the Plan.

**VI.    Approval of the Timeline for Filing Objections to the Plan as to the TCEH Debtors**.

19.    Objections to the Plan as to the TCEH Debtors will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order (including the TCEH Voting and Tabulation Procedures).   Specifically, all objections to confirmation of the Plan as to the TCEH Debtors or requests for modifications to the Plan as to the TCEH Debtors, if any, must:  (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; (c) state the name and address of the objecting party and the amount and nature of their respective claim or equity interest; (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed, contemporaneously with a proof of service, with the Court and served so as to be **actually received** by the appropriate notice parties before the TCEH Plan Objection Deadline, **[July 22August 3**, **2016],** at **4:00 p.m. (prevailing Eastern Time)**.

20.     Nothing in this Order shall be construed as a waiver of the right of the TCEH Debtors or any other party in interest, as applicable, to object to a proof of claim after the TCEH Voting Record Date.

21.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

22.     The TCEH Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

23.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Wilmington, Delaware
Date: _____, 2016                   _____
                                              Honorable Christopher S. Sontchi
                                              United States Bankruptcy Judge

# EXHIBIT ~~3~~2

**Cover Letter to Holders of Claims and Interests Against the TCEH Debtors**

[LETTERHEAD]

**[DATE]**

<u>Via First Class Mail</u>

<u>RE</u>:     <u>**In re Energy Future Holdings Corp.**, *et al.*,</u>
       <u>**Chapter 11 Case No. 14-10979 (CSS) (Jointly Administered)**</u>

TO ALL HOLDERS OF CLAIMS AND INTERESTS AGAINST THE TCEH DEBTORS ENTITLED TO VOTE ON THE NEW PLAN:

Energy Future Holdings Corp. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>")[1] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") on April 29, 2014.

You have received this letter and the enclosed materials because you are entitled to vote on the *Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ——]8355] (as may be modified, amended or supplemented from time to time, the "<u>New Plan</u>").") as to the TCEH Debtors.[2]

Last year, you may have been entitled to vote, and you may have voted, in connection with the Debtors' *Joint Plan of Reorganization of Energy Future Holdings Corp.,* et. al., *Pursuant to Chapter 11 of the Bankruptcy Code* (the "<u>Original Confirmed Plan</u>").   **ANY VOTE YOU MADE IN CONNECTION WITH THE ORIGINAL CONFIRMED PLAN WILL NOT COUNT AS TO THE NEW PLAN.  YOU MUST SEPARATELY VOTE FOR OR AGAINST THE NEW PLAN.**

Texas Competitive Electric Holdings Company LLC ("TCEH" and, together with its direct parent company, Energy Future ~~Holdings Corp.~~Competitive Holdings Company LLC ("EFCH") and certain of TCEH's direct and indirect subsidiaries, the "TCEH Debtors") (on behalf of itself and each of the other TCEH Debtors) has approved the filing of the New Plan and the solicitation of votes to accept the New Plan.  The TCEH Debtors believe that the acceptance of the New Plan is in the best interests of their estates, holders of Claims and Interests against the TCEH Debtors, and all other parties in interest.  Moreover, the TCEH Debtors believe that any alternative other than Confirmation of the New Plan could result in extensive delays and increased administrative expenses, which, in turn, would likely result in smaller distributions (or no distributions) on account of Claims and Interests against the TCEH Debtors asserted in these Chapter 11 Cases.

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]     Capitalized terms not otherwise defined herein shall have the same meanings set forth in the New Plan.

---

THE TCEH DEBTORS STRONGLY URGE YOU TO PROPERLY
AND TIMELY CAST YOUR BALLOT TO ACCEPT THE NEW PLAN

---

On [____], 2016 the Court entered an order [D.I. ___] (the "TCEH Disclosure Statement Order"): (a) authorizing the Debtors to solicit acceptances for the New Plan as to the TCEH Debtors; (b) approving the *Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors*, including all exhibits and schedules thereto [D.I. ___] (as may be modified, amended or supplemented from time to time, the "TCEH Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "TCEH Solicitation Package"); and (d) approving procedures for soliciting, receiving and tabulating votes on the New Plan and for filing objections to the New Plan as to the TCEH Debtors.

In addition to this cover letter, the enclosed materials comprise your TCEH Solicitation Package, and were approved by the Court for distribution to hHolders of Claims and Interests against the TCEH Debtors in connection with the solicitation of votes to accept the New Plan. The TCEH Solicitation Package consists of the following:

a.  this Cover Letter explaining the solicitation process and urging Holders of Claims and Interests against the TCEH Debtors in the Voting Classes to accept the New Plan;

b.  the TCEH Disclosure Statement, as approved by the Bankruptcy Court (with all exhibits, including the New Plan);

c.  the TCEH Disclosure Statement Order (without exhibits except for **Exhibit 87** attached thereto);

d.  the notice of the hearing to consider confirmation of the New Plan as to the TCEH Debtors; and

e.  a Ballot (together with detailed voting instructions and a postage prepaid return envelope).

The materials in the TCEH Solicitation Package are intended to be self-explanatory. If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received a CD-ROM), please feel free to contact the Debtors' Claims and Noticing Agent, by: (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com, and reference "TCEH" in the subject line. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov. Please be advised that the Claims and Noticing Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but

may **not** advise you as to whether you should vote to accept or reject the New Plan.

# EXHIBIT 43

## TCEH Confirmation Hearing Notice

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al*.,[1] | ) ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF HEARING TO CONSIDER
CONFIRMATION OF THE CHAPTER 11 PLAN FILED
BY THE TCEH DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES**

**PLEASE TAKE NOTICE THAT** on [____], 2016, United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. ___] (the "TCEH Disclosure Statement Order"): (a) authorizing ~~Energy Future~~ Texas Competitive Electric Holdings ~~Corp.~~Company LLC ("TCEH" and, together with its ~~affiliated debtors~~direct parent company, Energy Future Competitive Holdings Company LLC ("EFCH") and ~~debtors in possession (collectively~~certain of TCEH's direct and indirect subsidiaries, the "TCEH Debtors") to solicit acceptances for the *Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ~~___~~8355] (as may be modified, amended or supplemented from time to time, the "~~Plan~~")") as to the TCEH Debtors;[2] (b) approving the *Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors*, including all exhibits and schedules thereto [D.I. ___] (as may be modified, amended or supplemented from time to time, the "TCEH Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan as to the TCEH Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** on ~~[____],~~May 24, 2016, the Court entered an *Order ~~(A)~~ Scheduling Certain Hearing Dates and Deadlines~~, (B)~~ and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization~~, and (C) Revising Certain Dates in~~ the Approval of Debtors'* Disclosure Statement ~~Scheduling Order~~ [D.I. ~~___~~8514] (the "Scheduling ~~Motion~~ Order") (a) scheduling dates and deadlines in

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

connection with the approval of the TCEH Disclosure Statement and the confirmation of the Plan as to the TCEH Debtors and (b) establishing certain protocols in connection with those proceedings in connection with the approval of the TCEH Disclosure Statement and the confirmation of the Plan as to the TCEH Debtors, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (as to the "TCEH Debtors (the "TCEH Confirmation Hearing") will commence at **[_____]10 a.m. prevailing Eastern Time on [_____],August 17, 2016**, before the Honorable Judge Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 842 Market Street, Third Floor, Wilmington, Delaware 19801.

---

**PLEASE BE ADVISED**:  THE TCEH CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE TCEH DEBTORS *WITHOUT FURTHER NOTICE* OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

---

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**TCEH Voting Record Date**.  The voting record date iswas **[June 16, 2016]** (the "TCEH Voting Record Date"), which iswas the date for determining which holders of Claims or Interests, as applicable, against the TCEH Debtors in Classes A4, A6, A7, A12, B4, B5, B6, B9, C3, C4, and C5 are entitled to vote on the Plan.

**TCEH Voting Deadline**.  The deadline for voting on the Plan as to the TCEH Debtors is **4:00 p.m. prevailing Eastern Time on [July 22August 3, 2016]** (the "TCEH Voting Deadline").  If you received a TCEH Solicitation Package, including a Ballot and intend to vote on the Plan you **must**:  (a) follow the instructions carefully; (b) complete *all* of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' solicitation agent, Epiq Bankruptcy Solutions, LLC (the "Solicitation Agent") on or before the TCEH Voting Deadline.  **A failure to follow such instructions may disqualify your vote**.

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

**Plan Objection Deadline**.  The deadline for filing objections to the Plan as to the TCEH Debtors is **[July 22],August 3, 2016, at 4:00 p.m. prevailing Eastern Time** (the "TCEH Plan Objection Deadline").  All objections to the relief sought at the TCEH Confirmation Hearing must:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if

practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before [July 22]August 3, 2016 at 4:00 p.m. prevailing Eastern Time:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Edward O. Sassower, P.C.<br>Attn: Stephen E. Hessler, Esq.<br>Attn: Brian E. Schartz, Esq.<br>601 Lexington Avenue<br>New York, New York 10022<br><br>Attn: James H.M. Sprayregen, P.C.<br>Attn: Marc Kieselstein, P.C.<br>Attn: Chad J. Husnick, Esq.<br>Attn: Steven N. Serajeddini, Esq.<br>300 North LaSalle<br>Chicago, Illinois 60654 | **RICHARDS, LAYTON & FINGER, P.A.**<br>Attn: Mark D. Collins, Esq.<br>Attn: Daniel J. DeFranceschi, Esq.<br>Attn: Jason M. Madron, Esq.<br>920 North King Street<br>Wilmington, Delaware 19801 |
| *Co-Counsel to the Debtors* | |
| **PROSKAUER ROSE LLP.**<br>Attn: Jeff J. Marwil, Esq.<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **O'KELLY, ERNST & BIELLI LLP**<br>Attn: David M. Klauder, Esq.<br>Attn: Shannon Dougherty, Esq.<br>901 N Market St STE 100<br>Wilmington, DE 19801 |
| *Co-Counsel to Energy Future Holdings Corp.* | |
| **MUNGER, TOLLES & OLSON LLP**<br>Attn: Thomas B. Walper, Esq.<br>Attn: Todd J Rosen, Esq.<br>Attn: Seth Goldman, Esq.<br>Attn: John W. Spiegel, Esq.<br>355 S. Grand Ave 35th FL<br>Los Angeles, CA 90071 | **MCELROY, DEUTSCH, MUVANEY, & CARPENTER, LLP**<br>Attn: David P. Primack, Esq.<br>300 Delaware Ste 770<br>Wilmington, Delaware 19801 |
| *Co-Counsel to the TCEH Debtors* | |
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE PC**<br>Attn: Joseph H. Hutson Jr, Esq.<br>1105 N. Market St STE 700<br>Wilmington, DE 19801 |
| *Co-Counsel to Energy Future Intermediate Holding Company LLC* | |
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn: Richard L. Shepacarter, Esq.<br>Attn: Andrea B. Schwartz, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware 19801 | |

<table>
<tr>
<td>

**MORRISON & FOERSTER LLP**
Attn: James M. Peck, Esq.
Attn: Brett H. Miller, Esq.
Attn: Lorenzo Marinuzzi, Esq.
Attn: Todd M. Goren, Esq.
Attn: Samantha Martin, Esq.
250 West 55th Street
New York, New York 10019

</td>
<td>

**POLSINELLI PC**
Attn: Christopher A. Ward, Esq.
Attn: Justin K. Edelson, Esq.
Attn: Shanti M. Katona, Esq.
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801

</td>
</tr>
<tr>
<td colspan="2" align="center">

*Co-Counsel to the TCEH Creditors' Committee*

</td>
</tr>
<tr>
<td>

**SULLIVAN & CROMWELL LLP**
Attn: Andrew G. Dietderich, Esq.
Attn: Brian D. Glueckstein, Esq.
Attn: Michael H. Torkin, Esq.
125 Broad St.
New York, NY 10004

</td>
<td>

**MONTGOMERY, MCCRACKEN, WALKER, & RHOADS LLP**
Attn: Natalie D. Ramsey, Esq.
Attn: Davis Lee Wright, Esq.
Attn: Lorenzo Marinuzzi, Esq.
Attn: Mark A. Fink, Esq.
1105 N. Market St 15th FL
Wilmington, DE 19801

</td>
</tr>
<tr>
<td colspan="2" align="center">

*Co-Counsel to the EFH Creditors' Committee*

</td>
</tr>
</table>

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**.  The materials in the TCEH Solicitation Package are intended to be self-explanatory.  If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received a CD-ROM), please feel free to contact the Debtors' Solicitation Agent, by:  (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com and reference "TCEH" in the subject line.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.  Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

**Filing the Plan Supplement**.  The Debtors will file the Plan Supplement (as defined in the Plan) no later than fourteen days before the Confirmation Hearing or such later date as may be approved by this Court and will serve notice on all holders of Claims and Interests entitled to vote on the Plan, which will:  (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

<div style="border:1px solid black; padding:10px; text-align:center">

**BINDING NATURE OF THE PLAN**:
**IF CONFIRMED THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS AGAINST THE TCEH DEBTORS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THE CHAPTER 11 CASES OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

</div>

Wilmington, Delaware
Dated: [_____]·[____], 2016

DRAFT

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          collins@rlf.com
                defranceschi@rlf.com
                madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          edward.sassower@kirkland.com
                stephen.hessler@kirkland.com
                brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                marc.kieselstein@kirkland.com
                chad.husnick@kirkland.com
                steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

5

## Exhibit 54

**Plan Supplement Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**NOTICE OF FILING OF PLAN
SUPPLEMENT FOR THE JOINT PLAN OF
REORGANIZATION OF ENERGY FUTURE HOLDINGS
CORP., ET AL, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE THAT** on [____], 2016, United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. ___] (the "TCEH Disclosure Statement Order"):   (a) authorizing Energy Future Texas Competitive Electric Holdings Corp.Company LLC ("TCEH" and, together with its affiliated debtorsdirect parent company, Energy Future Competitive Holdings Company LLC ("EFCH") and debtors in possession (collectivelycertain of TCEH's direct and indirect subsidiaries, the "TCEH Debtors") to solicit acceptances for the *Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al., *Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ___8355] (as may be modified, amended or supplemented from time to time, the "Plan")") as to the TCEH Debtors;[2] (b) approving the *Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors*, including all exhibits and schedules thereto [D.I. ___] (as may be modified, amended or supplemented from time to time, the "TCEH Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan as to the TCEH Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** on [____]May 24, 2016, the Court entered an *Order (A) Scheduling Certain Hearing Dates and Deadlines and (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization* [D.I.

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

*and the Approval of Debtors' Disclosure Statement* [D.I. 8514] (the "Scheduling Motion Order") (a) scheduling dates and deadlines in connection with the approval of the TCEH Disclosure Statement and the confirmation of the Plan as to the TCEH Debtors and (b) establishing certain protocols in connection with those proceedings in connection with the approval of the TCEH Disclosure Statement and the confirmation of the Plan as to the TCEH Debtors, as applicable.

PLEASE TAKE FURTHER NOTICE THAT as contemplated in the Plan, the Debtors filed the Plan Supplement with the Court on [____], 2016 [D.I. ___]. The Plan Supplement contains the following documents if any, and as applicable (each as defined in the Plan): (a) New Organizational Documents; (b) the Rejected Executory Contract and Unexpired Lease List; (c) the Assumed Executory Contract and Unexpired Lease List (which shall include the Employment Agreements and provide that such Employment Agreements are assigned to Reorganized TCEH on the TCEH Effective Date); (d) a list of retained Causes of Action; (e) the Reorganized TCEH Debtor Management Incentive Plan; (f) the New Employee Agreements/Arrangements; (g) the Reorganized TCEH Registration Rights Agreement; (h) the identity of the members of the New Boards and management for the Reorganized Debtors; (i) the New Reorganized TCEH Debt Documents; (j) the New Reorganized EFIH Debt Documents; (k) the Merger and Purchase Agreement; (l) the Backstop Agreement; (m) the Tax Matters Agreement; (n) the Transition Services Agreement; (o) the Reorganized TCEH Shareholders' Agreement; (p) the New EFH Shareholders' Agreement; (q) the Equity Commitment Letter; (r) the Separation Agreement; (s) the Spin-Off Tax Receivable Agreement or the Taxable Separation Tax Receivable Agreement (or the material terms and conditions thereof) (if any); (t) the Rights Offering Procedures; (u) the New EFH Management Agreement; (v) the Pension Backstop Agreement; and (w) the Taxable Separation Memorandum.

PLEASE TAKE FURTHER NOTICE THAT these documents remain subject to further negotiations among the Debtors and interested parties with respect thereto. The Debtors reserve all rights to modify, amend, or supplement the Plan Supplement and any of the documents contained therein in accordance with the terms of the Plan. To the extent material amendments or modifications are made to any of these documents before the Confirmation Hearing, the Debtors will file a blackline version with the Bankruptcy Court prior to the Confirmation Hearing marked to reflect such amendments or modifications.

PLEASE TAKE FURTHER NOTICE THAT the Plan Supplement is integral to, part of and incorporated by reference into the Plan, but these documents have not yet been approved by the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE THAT the hearing at which the Court will consider Confirmation of the Plan (as to the "TCEH Debtors (the "TCEH Confirmation Hearing") will commence at [_____]10 a.m. prevailing Eastern Time on [_____],August 17, 2016, before the Honorable Judge Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 842 Market Street, Third Floor, Wilmington, Delaware 19801.

**Plan Objection Deadline**.  The deadline for filing objections to the Plan as to the TCEH Debtors is [July 22],August 3, 2016, at 4:00 p.m. prevailing Eastern Time (the "TCEH Plan Objection Deadline").  All objections to the relief sought at the TCEH Confirmation Hearing must:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before [July 22],August 3, 2016 at 4:00 p.m. prevailing Eastern Time:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Edward O. Sassower, P.C.<br>Attn: Stephen E. Hessler, Esq.<br>Attn: Brian E. Schartz, Esq.<br>601 Lexington Avenue<br>New York, New York 10022<br><br>Attn: James H.M. Sprayregen, P.C.<br>Attn: Marc Kieselstein, P.C.<br>Attn: Chad J. Husnick, Esq.<br>Attn: Steven N. Serajeddini, Esq.<br>300 North LaSalle<br>Chicago, Illinois 60654 | **RICHARDS, LAYTON & FINGER, P.A.**<br>Attn: Mark D. Collins, Esq.<br>Attn: Daniel J. DeFranceschi, Esq.<br>Attn: Jason M. Madron, Esq.<br>920 North King Street<br>Wilmington, Delaware 19801 |
| *Co-Counsel to the Debtors* | |
| **PROSKAUER ROSE LLP.**<br>Attn: Jeff J. Marwil, Esq.<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **O'KELLY, ERNST & BIELLI LLP**<br>Attn: David M. Klauder, Esq.<br>Attn: Shannon Dougherty, Esq.<br>901 N Market St STE 100<br>Wilmington, DE 19801 |
| *Co-Counsel to Energy Future Holdings Corp.* | |
| **MUNGER, TOLLES & OLSON LLP**<br>Attn: Thomas B. Walper, Esq.<br>Attn: Todd J Rosen, Esq.<br>Attn: Seth Goldman, Esq.<br>Attn: John W. Spiegel, Esq.<br>355 S. Grand Ave 35th FL<br>Los Angeles, CA 90071 | **MCELROY, DEUTSCH, MUVANEY, &**<br>**CARPENTER, LLP**<br>Attn: David P. Primack, Esq.<br>300 Delaware Ste 770<br>Wilmington, Delaware 19801 |
| *Co-Counsel to the TCEH Debtors* | |
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE PC**<br>Attn: Joseph H. Hutson Jr, Esq.<br>1105 N. Market St STE 700<br>Wilmington, DE 19801 |
| *Co-Counsel to Energy Future Intermediate Holding Company LLC* | |

| | |
|---|---|
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn: Richard L. Shepacarter, Esq.<br>Attn: Andrea B. Schwartz, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware  19801 | |
| **MORRISON & FOERSTER LLP**<br>Attn: James M. Peck, Esq.<br>Attn: Brett H. Miller, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Todd M. Goren, Esq.<br>Attn: Samantha Martin, Esq.<br>250 West 55th Street<br>New York, New York 10019 | **POLSINELLI PC**<br>Attn: Christopher A. Ward, Esq.<br>Attn: Justin K. Edelson, Esq.<br>Attn: Shanti M. Katona, Esq.<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801 |
| *Co-Counsel to the TCEH Creditors' Committee* | |
| **SULLIVAN & CROMWELL LLP**<br>Attn: Andrew G. Dietderich, Esq.<br>Attn: Brian D. Glueckstein, Esq.<br>Attn: Michael H. Torkin, Esq.<br>125 Broad St.<br>New York, NY 10004 | **MONTGOMERY, MCCRACKEN, WALKER, & RHOADS LLP**<br>Attn: Natalie D. Ramsey, Esq.<br>Attn: Davis Lee Wright, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Mark A. Fink, Esq.<br>1105 N. Market St 15th FL<br>Wilmington, DE 19801 |
| *Co-Counsel to the EFH Creditors' Committee* | |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the TCEH Disclosure Statement, the Plan, the Plan Supplement or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the voting and claims agent retained by the Debtors in these Chapter 11 Cases, by:  (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com and reference "TCEH" in the subject line.   You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

*[Remainder of page intentionally left blank.]*

4

Wilmington, Delaware
Dated: [_____], [____], 2016

DRAFT

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:       (302) 651-7700
Facsimile:        (302) 651-7701
Email:             collins@rlf.com
                        defranceschi@rlf.com
                        madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:       (212) 446-4800
Facsimile:        (212) 446-4900
Email:             edward.sassower@kirkland.com
                        stephen.hessler@kirkland.com
                        brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:        (312) 862-2200
Email:             james.sprayregen@kirkland.com
                        marc.kieselstein@kirkland.com
                        chad.husnick@kirkland.com
                        steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

**EXHIBIT 65**

**Notice of Non-Voting Status (Unimpaired)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) |

## NOTICE OF NON-VOTING STATUS TO HOLDER
## OF UNIMPAIRED CLAIMS AND EQUITY INTERESTS AGAINST
## THE TCEH DEBTORS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE THAT** on [____], 2016, United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. ___] (the "TCEH Disclosure Statement Order"): (a) authorizing ~~Energy Future~~ Texas Competitive Electric Holdings ~~Corp.~~Company LLC ("TCEH") and, together with its ~~affiliated debtors~~direct parent company, Energy Future Competitive Holdings Company LLC ("EFCH") and ~~debtors in possession (collectively~~certain of TCEH's direct and indirect subsidiaries, the "TCEH Debtors") to solicit acceptances for the *Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al., *Pursuant to Chapter 11 of the Bankruptcy Code* [~~___~~]8355] (as may be modified, amended or supplemented from time to time, the "Plan"~~);"~~;") as to the TCEH Debtors;[2] (b) approving the *Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors,* including all exhibits and schedules thereto [D.I. ___] (as may be modified, amended or supplemented from time to time, the "TCEH Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan as to the TCEH Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** on ~~[___].~~May 24, 2016, the Court entered an *Order ~~(A)~~Scheduling Certain Hearing Dates and Deadlines~~, and (B)~~ Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization~~, and*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

*the Approval of Debtors' Disclosure Statement* [D.I. ——]8514] (the "Scheduling ~~Motion~~ Order") (a) scheduling dates and deadlines in connection with the approval of the TCEH Disclosure Statement and the confirmation of the Plan as to the TCEH Debtors and (b) establishing certain protocols in connection with those proceedings in connection with the approval of the TCEH Disclosure Statement and the confirmation of the Plan as to the TCEH Debtors, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, ***you are not entitled to vote on the Plan***. Specifically, under the terms of the Plan, as a holder of a Claim or Interest (as currently asserted against the TCEH Debtors) that is not Impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (as to the "TCEH Debtors (the "TCEH Confirmation Hearing") will commence at **[——]10 a.m. prevailing Eastern Time on [——].August 17, 2016**, before the Honorable Judge Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 842 Market Street, Third Floor, Wilmington, Delaware 19801.

**Plan Objection Deadline**. The deadline for filing objections to the Plan as to the TCEH Debtors is **[July 22],August 3, 2016,** at 4:00 p.m. prevailing Eastern Time (the "TCEH Plan Objection Deadline"). All objections to the relief sought at the TCEH Confirmation Hearing must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **[July 22],August 3, 2016** at 4:00 p.m. prevailing Eastern Time:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Edward O. Sassower, P.C.<br>Attn: Stephen E. Hessler, Esq.<br>Attn: Brian E. Schartz, Esq.<br>601 Lexington Avenue<br>New York, New York 10022<br><br>Attn: James H.M. Sprayregen, P.C.<br>Attn: Marc Kieselstein, P.C.<br>Attn: Chad J. Husnick, Esq.<br>Attn: Steven N. Serajeddini, Esq.<br>300 North LaSalle<br>Chicago, Illinois 60654 | **RICHARDS, LAYTON & FINGER, P.A.**<br>Attn: Mark D. Collins, Esq.<br>Attn: Daniel J. DeFranceschi, Esq.<br>Attn: Jason M. Madron, Esq.<br>920 North King Street<br>Wilmington, Delaware 19801 |
| *Co-Counsel to the Debtors* | |
| **PROSKAUER ROSE LLP.**<br>Attn: Jeff J. Marwil, Esq.<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **O'KELLY, ERNST & BIELLI LLP**<br>Attn: David M. Klauder, Esq.<br>Attn: Shannon Dougherty, Esq.<br>901 N Market St STE 100<br>Wilmington, DE 19801 |
| *Co-Counsel to Energy Future Holdings Corp.* | |

| | |
|---|---|
| **MUNGER, TOLLES & OLSON LLP**<br>Attn: Thomas B. Walper, Esq.<br>Attn: Todd J Rosen, Esq.<br>Attn: Seth Goldman, Esq.<br>Attn: John W. Spiegel, Esq.<br>355 S. Grand Ave 35th FL<br>Los Angeles, CA 90071 | **MCELROY, DEUTSCH, MUVANEY, &**<br>**CARPENTER, LLP**<br>Attn: David P. Primack, Esq.<br>300 Delaware Ste 770<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Debtors*

| | |
|---|---|
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE PC**<br>Attn: Joseph H. Hutson Jr, Esq.<br>1105 N. Market St STE 700<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Intermediate Holding Company LLC*

**THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**
Attn: Richard L. Shepacarter, Esq.
Attn: Andrea B. Schwartz, Esq.
844 King Street, Suite 2207
Wilmington, Delaware  19801

| | |
|---|---|
| **MORRISON & FOERSTER LLP**<br>Attn: James M. Peck, Esq.<br>Attn: Brett H. Miller, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Todd M. Goren, Esq.<br>Attn: Samantha Martin, Esq.<br>250 West 55th Street<br>New York, New York 10019 | **POLSINELLI PC**<br>Attn: Christopher A. Ward, Esq.<br>Attn: Justin K. Edelson, Esq.<br>Attn: Shanti M. Katona, Esq.<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Creditors' Committee*

| | |
|---|---|
| **SULLIVAN & CROMWELL LLP**<br>Attn: Andrew G. Dietderich, Esq.<br>Attn: Brian D. Glueckstein, Esq.<br>Attn: Michael H. Torkin, Esq.<br>125 Broad St.<br>New York, NY 10004 | **MONTGOMERY, MCCRACKEN, WALKER, &**<br>**RHOADS LLP**<br>Attn: Natalie D. Ramsey, Esq.<br>Attn: Davis Lee Wright, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Mark A. Fink, Esq.<br>1105 N. Market St 15th FL<br>Wilmington, DE 19801 |

*Co-Counsel to the EFH Creditors' Committee*

    **PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the TCEH Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the voting and claims agent retained by the Debtors in these Chapter 11 Cases, by:  (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com and reference "TCEH" in the subject line.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION
AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD-
PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE
PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.
IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN
OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN
ADDITIONAL INFORMATION, CONTACT EPIQ BANKRUPTCY SOLUTIONS, LLC.**

[*Remainder of page intentionally left blank.*]

Wilmington, Delaware
Dated: [_____], [_____], 2016

DRAFT
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          collins@rlf.com
                defranceschi@rlf.com
                madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          edward.sassower@kirkland.com
                stephen.hessler@kirkland.com
                brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                marc.kieselstein@kirkland.com
                chad.husnick@kirkland.com
                steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

## <u>EXHIBIT 7</u>

**Notice of Non-Voting Status (Impaired)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) |  |

**NOTICE OF NON-VOTING STATUS TO HOLDER OF
IMPAIRED CLAIMS AND EQUITY INTERESTS ~~DEEMED TO REJECT THE PLAN~~AGAINST
THE TCEH DEBTORS DEEMED TO REJECT THE PLAN**

> **PLEASE TAKE NOTICE THAT** on [____], 2016, United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. ___] (the "TCEH Disclosure Statement Order"): (a) authorizing ~~Energy Future~~ Texas Competitive Electric Holdings ~~Corp.~~Company LLC ("TCEH") and, together with its ~~affiliated debtors~~direct parent company, Energy Future Competitive Holdings Company LLC ("EFCH") and ~~debtors in possession (collectively~~certain of TCEH's direct and indirect subsidiaries, the "TCEH Debtors") to solicit acceptances for the *Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al., *Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ~~___]~~8355] (as may be modified, amended or supplemented from time to time, the "Plan~~")~~.") as to the TCEH Debtors;[2] (b) approving the *Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors*, including all exhibits and schedules thereto [D.I. ___] (as may be modified, amended or supplemented from time to time, the "TCEH Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan as to the TCEH Debtors.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** on [——],May 24, 2016, the Court entered an *Order (A) Scheduling Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization and the Approval of Debtors' Disclosure Statement* [D.I. ——]8514] (the "Scheduling Motion Order") (a) scheduling dates and deadlines in connection with the approval of the TCEH Disclosure Statement and the confirmation of the Plan as to the TCEH Debtors and (b) establishing certain protocols in connection with those proceedings in connection with the approval of the TCEH Disclosure Statement and the confirmation of the Plan as to the TCEH Debtors, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, ***you are not entitled to vote on the Plan***.  Specifically, under the terms of the Plan, as a holder of a Claim or Interest (as currently asserted against the TCEH Debtors) that is not Impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (as to the "TCEH Debtors (the "TCEH Confirmation Hearing") will commence at [——]10 a.m. **prevailing Eastern Time on [——],August 17, 2016**, before the Honorable Judge Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 842 Market Street, Third Floor, Wilmington, Delaware 19801.

**Plan Objection Deadline**.  The deadline for filing objections to the Plan as to the TCEH Debtors is **[July 22],August 3,** 2016, at 4:00 p.m. prevailing Eastern Time (the "TCEH Plan Objection Deadline").  All objections to the relief sought at the TCEH Confirmation Hearing must:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **[July 22],August 3, 2016 at 4:00 p.m. prevailing Eastern Time**:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP** | **RICHARDS, LAYTON & FINGER, P.A.** |
| Attn: Edward O. Sassower, P.C. | Attn: Mark D. Collins, Esq. |
| Attn: Stephen E. Hessler, Esq. | Attn: Daniel J. DeFranceschi, Esq. |
| Attn: Brian E. Schartz, Esq. | Attn: Jason M. Madron, Esq. |
| 601 Lexington Avenue | 920 North King Street |
| New York, New York 10022 | Wilmington, Delaware 19801 |
| | |
| Attn: James H.M. Sprayregen, P.C. | |
| Attn: Marc Kieselstein, P.C. | |
| Attn: Chad J. Husnick, Esq. | |
| Attn: Steven N. Serajeddini, Esq. | |
| 300 North LaSalle | |
| Chicago, Illinois 60654 | |

*Co-Counsel to the Debtors*

| | |
|---|---|
| **PROSKAUER ROSE LLP.**<br>Attn: Jeff J. Marwil, Esq.<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **O'KELLY, ERNST & BIELLI LLP**<br>Attn: David M. Klauder, Esq.<br>Attn: Shannon Dougherty, Esq.<br>901 N Market St STE 100<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Holdings Corp.*

| | |
|---|---|
| **MUNGER, TOLLES & OLSON LLP**<br>Attn: Thomas B. Walper, Esq.<br>Attn: Todd J Rosen, Esq.<br>Attn: Seth Goldman, Esq.<br>Attn: John W. Spiegel, Esq.<br>355 S. Grand Ave 35th FL<br>Los Angeles, CA 90071 | **MCELROY, DEUTSCH, MUVANEY, &<br>CARPENTER, LLP**<br>Attn: David P. Primack, Esq.<br>300 Delaware Ste 770<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Debtors*

| | |
|---|---|
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE PC**<br>Attn: Joseph H. Hutson Jr, Esq.<br>1105 N. Market St STE 700<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Intermediate Holding Company LLC*

| |
|---|
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn: Richard L. Shepacarter, Esq.<br>Attn: Andrea B. Schwartz, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware  19801 |

| | |
|---|---|
| **MORRISON & FOERSTER LLP**<br>Attn: James M. Peck, Esq.<br>Attn: Brett H. Miller, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Todd M. Goren, Esq.<br>Attn: Samantha Martin, Esq.<br>250 West 55th Street<br>New York, New York 10019 | **POLSINELLI PC**<br>Attn: Christopher A. Ward, Esq.<br>Attn: Justin K. Edelson, Esq.<br>Attn: Shanti M. Katona, Esq.<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Creditors' Committee*

| | |
|---|---|
| **SULLIVAN & CROMWELL LLP**<br>Attn: Andrew G. Dietderich, Esq.<br>Attn: Brian D. Glueckstein, Esq.<br>Attn: Michael H. Torkin, Esq.<br>125 Broad St.<br>New York, NY 10004 | **MONTGOMERY, MCCRACKEN, WALKER, &<br>RHOADS LLP**<br>Attn: Natalie D. Ramsey, Esq.<br>Attn: Davis Lee Wright, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Mark A. Fink, Esq.<br>1105 N. Market St 15th FL<br>Wilmington, DE 19801 |

*Co-Counsel to the EFH Creditors' Committee*

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the TCEH Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the voting and claims agent retained by the Debtors in these Chapter 11 Cases, by: (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com and reference "TCEH" in the subject line. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT EPIQ BANKRUPTCY SOLUTIONS, LLC.**

---

*[Remainder of page intentionally left blank.]*

Wilmington, Delaware
Dated: [⎯⎯⎯][⎯⎯⎯], 2016

DRAFT

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          collins@rlf.com
                defranceschi@rlf.com
                madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          edward.sassower@kirkland.com
                stephen.hessler@kirkland.com
                brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                marc.kieselstein@kirkland.com
                chad.husnick@kirkland.com
                steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

## EXHIBIT 8̶7

### TCEH Solicitation Procedures

# TCEH SOLICITATION PROCEDURES

The following procedures (the "TCEH Solicitation Procedures") will govern the solicitation and tabulation of votes to accept or reject the *Joint Plan of Reorganization of Energy Future Holdings Corp*. et al, *Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended or supplemented from time to time, the "Plan") These") applicable to Texas Competitive Electric Holdings Company LLC ("TCEH" and, together with its direct parent company, Energy Future Competitive Holdings Company LLC ("EFCH") and certain of TCEH's direct and indirect subsidiaries, the "TCEH Debtors"). These TCEH Solicitation Procedures comprise a material part of the *Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors*, dated [___], 2016 to which these procedures are attached as Exhibit [___] (as may be modified, amended or supplemented from time to time, the "TCEH Disclosure Statement") to which these procedures are attached as Exhibit 7 and incorporated by reference.

## A.    Defined Terms.

Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.  Other capitalized terms have the following meaning as used in these TCEH Solicitation Procedures:

1.    "Ballot" means the form or forms distributed to Holders of Claims and Interests against the TCEH Debtors in the Voting Classes or their Nominees by which such parties may indicate acceptance or rejection of the Plan.

2.    "Beneficial Holder" means a person or entity that holds the benefits of ownership of a publicly traded security even though title may be in another's name.

3.    "Claim" means any claim, as defined in section 101(5) of the Bankruptcy Code, against the TCEH Debtors.

4.    "Claims Bar Date" means any such date established by the Bankruptcy Court by which Proofs of Claim must be filed with respect to any such Claims, as may be ordered by the Bankruptcy Court.

5.    "Confirmation" means the entry of the TCEH Confirmation Order on the docket of the Chapter 11 Cases, subject to all conditions specified in Article IX.A of the Plan having been (a) satisfied or (b) waived pursuant to Article IX.C of the Plan.

6.    "Confirmation Hearing" means the hearing held by the Bankruptcy Court on Confirmation of the Plan pursuant to section 1129 of the Bankruptcy Code.

7.6.    "Holder" means an Entity holding a Claim or an Interest, as applicable, against the TCEH Debtors.

8.7.    "Impaired" means, with respect to a Class of Claims or Interests, a Class of Claims or Interests that is impaired within the meaning of section 1124 of the Bankruptcy Code.

9.8.    "Interest" means any equity security (as defined in section 101(16) of the Bankruptcy Code).

10.9.    "Master Ballot" means a Ballot submitted by a Nominee on behalf of one or more Beneficial Holders.

11.10.    "Nominee" means a record holder of securities for the benefit of one or more Beneficial Holders, including, without limitation, representatives such as brokers, banks, commercial banks, transfer agents, trust companies, dealers, other agents or nominees, or their mailing agents.

12.   "Non-Voting Classes" means the following Classes of Claims and Interest not entitled to vote under the Plan:

| Class | Claims and Interests | Voting Rights |
|---|---|---|
| A1 | Other Secured Claims Against the EFH Debtors | Not Entitled to Vote (Deemed to Accept) |
| A2 | Other Priority Claims Against the EFH Debtors | Not Entitled to Vote (Deemed to Accept) |
| A3 | Legacy General Unsecured Claims Against EFH Corp. | Not Entitled to Vote (Deemed to Accept) |
| A5 | EFH Unexchanged Note Claims | Not Entitled to Vote (Deemed to Accept) |
| A8 | EFH Non-Qualified Benefit Claims | Not Entitled to Vote (Deemed to Accept) |
| A9 | General Unsecured Claims Against EFH Corp. | Not Entitled to Vote (Deemed to Accept) |
| A10 | General Unsecured Claims Against the EFH Debtors Other Than EFH Corp. | Not Entitled to Vote (Deemed to Accept) |
| A11 | Tex-La Guaranty Claims | Not Entitled to Vote (Deemed to Accept) |
| A13 | EFH Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Accept or Reject) |
| A14 | Non-EFH Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Reject) |
| A15 | Interests in EFH Debtors Other Than EFH Corp. | Not Entitled to Vote (Deemed to Accept or Reject) |
| A16 | Interests in EFH Corp. | Not Entitled to Vote (Deemed to Reject) |
| B1 | Other Secured Claims Against the EFIH Debtors | Not Entitled to Vote (Deemed to Accept) |
| B2 | Other Priority Claims Against the EFIH Debtors | Not Entitled to Vote (Deemed to Accept) |
| B3 | EFIH First Lien Note Claims | Not Entitled to Vote (Deemed to Accept) |
| B7 | EFIH Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Accept or Reject) |
| B8 | Non-EFIH Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Reject) |
| B10 | Interests in EFIH Finance | Not Entitled to Vote (Deemed to Reject) |
| C1 | Other Secured Claims Against the TCEH Debtors | Not Entitled to Vote (Deemed to Accept) |
| C2 | Other Priority Claims Against the TCEH Debtors | Not Entitled to Vote (Deemed to Accept) |
| C6 | General Unsecured Claims Against EFCH | Not Entitled to Vote (Deemed to Reject) |
| C7 | TCEH Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Accept or Reject) |

| ~~Class~~ | ~~Claims and Interests~~ | ~~Voting Rights~~ |
|---|---|---|
| ~~C8~~ | ~~Non-TCEH Debtor Intercompany Claims~~ | ~~Not Entitled to Vote (Deemed to Reject)~~ |
| ~~C9~~ | ~~Interests in TCEH Debtors Other Than TCEH and EFCH~~ | ~~Not Entitled to Vote (Deemed to Accept or Reject)~~ |
| ~~C10~~ | ~~Interests in TCEH and EFCH~~ | ~~Not Entitled to Vote (Deemed to Reject)~~ |

~~13.~~11.    "Notes Claims" means, collectively, the (a) TCEH First Lien Note Claims, (b) TCEH Second Lien Note Claims, (c) TCEH Unsecured Note Claims, ~~(d) PCRB Claims; (e) EFIH Second Lien Note Claims, (f) EFIH Unsecured Note Claims, (g) EFH Legacy Note Claims, (h) EFH LBO Note Primary Claims, (i) EFH LBO Note Guaranty Claims, or (j) EFH Unexchanged Note~~and (d) PCRB Claims.

~~14.~~12.    "Petition Date" means April 29, 2014, the date on which the Debtors commenced the Chapter 11 Cases.

~~15.~~13.    "Proofs of Claim" means a proof of Claim filed against any of the Debtors in the Chapter 11 Cases.

~~16.~~14.    "Schedules" means the schedules of assets and liabilities, schedules of Executory Contracts or Unexpired Leases, and statement of financial affairs filed by the Debtors pursuant to section 521 of the Bankruptcy Code, the official bankruptcy forms, and the Bankruptcy Rules, as they may be amended, modified, or supplemented from time to time.

~~17.~~15.    "Solicitation Agent" means Epiq Bankruptcy Solutions, LLC.

16.    "TCEH Confirmation Hearing" means the hearing held by the Bankruptcy Court on Confirmation of the Plan as to the TCEH Debtors pursuant to section 1129 of the Bankruptcy Code.

17.    "TCEH Non-Voting Classes" means the following Classes of Claims and Interest against the TCEH Debtors not entitled to vote under the Plan:

| Class | Claims and Interests | Voting Rights |
|---|---|---|
| C1 | Other Secured Claims Against the TCEH Debtors | Not Entitled to Vote (Deemed to Accept) |
| C2 | Other Priority Claims Against the TCEH Debtors | Not Entitled to Vote (Deemed to Accept) |
| C6 | General Unsecured Claims Against EFCH | Not Entitled to Vote (Deemed to Reject) |
| C7 | TCEH Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Accept or Reject) |
| C8 | Non-TCEH Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Reject) |
| C9 | Interests in TCEH Debtors Other Than TCEH and EFCH | Not Entitled to Vote (Deemed to Accept or Reject) |
| C10 | Interests in TCEH and EFCH | Not Entitled to Vote (Deemed to Reject) |
| D1 | Other Secured Claims Against the EFH Shared Services Debtors | Not Entitled to Vote (Deemed to Accept) |

| Class | Claims and Interests | Voting Rights |
|-------|---------------------|---------------|
| D2 | Other Priority Claims Against the EFH Shared Services Debtors | Not Entitled to Vote (Deemed to Accept) |
| D3 | General Unsecured Claims Against the EFH Shared Services Debtors | Not Entitled to Vote (Deemed to Accept) |
| D4 | EFH Shared Services Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Accept or Reject) |
| D5 | Non-EFH Shared Services Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Reject) |
| D6 | Interests in EFH Shared Services Debtors | Not Entitled to Vote (Deemed to Accept or Reject) |

18.  "TCEH Solicitation Date" means ten business days after the TCEH Debtors file the final version of the TCEH Disclosure Statement with the Court, or as soon as reasonably practicable thereafter, the date the TCEH Debtors commence the distribution of TCEH Solicitation Packages to Holders of Claims and Interests against the TCEH Debtors in the Voting Classes.

19.  "TCEH Solicitation Package" means the solicitation materials and documents to be sent to Holders of Claims and Interests inagainst the TCEH Debtors in the Voting Classes as discussed in the TCEH Disclosure Statement, which materials will provide such Holders with the information needed to vote on the Plan.

20.1.  "TCEH "Unimpaired" means, with respect to a Class of Claims or Interests, a Class of Claims or Interests that is unimpaired within the meaning of section 1124 of the Bankruptcy Code.

21.20.  "Voting Classes" means the following impaired classes of Claims and Interests entitled to vote under the Plan.

| Class | Claims and Interests | Voting Rights |
|-------|---------------------|---------------|
| A4 | EFH Legacy Note Claims | Entitled to Vote |
| A6 | EFH LBO Note Primary Claims | Entitled to Vote |
| A7 | EFH Swap Claims | Entitled to Vote |
| A12 | TCEH Settlement Claim | Entitled to Vote |
| B4 | EFIH Second Lien Note Claims | Entitled to Vote |
| B5 | EFH LBO Note Guaranty Claims | Entitled to Vote |
| B6 | General Unsecured Claims Against the EFIH Debtors | Entitled to Vote |
| B9 | Interests in EFIH | Entitled to Vote |
| C3 | TCEH First Lien Secured Claims | Entitled to Vote |
| C4 | TCEH Unsecured Debt Claims | Entitled to Vote |

| Class | Claims and Interests | Voting Rights |
|-------|----------------------|---------------|
| C5 | General Unsecured Claims Against the TCEH Debtors Other Than EFCH | Entitled to Vote |

22.21.    "TCEH Voting Deadline" means [July 22August 3, 2016], at 4:00 p.m. (prevailing Eastern Time) by which time Ballots and Master Ballots must be actually received by the Solicitation Agent.

23.22.    "TCEH Voting Record Date" means [June 16, 2016], the date of the scheduled commencement of the hearing to consider the Disclosure Statement, the date for purposes of determining those Holders of Claims and Interests against the TCEH Debtors in the Voting Classes that are entitled to vote to accept or reject the Plan.

23.    "Unimpaired" means, with respect to a Class of Claims or Interests, a Class of Claims or Interests that is unimpaired within the meaning of section 1124 of the Bankruptcy Code.

24.    "Voting Report" means the report submitted by the Solicitation Agent detailing the results of the plan solicitation process.

**B.    Holders of Claims and Interests Against the TCEH Debtors Entitled to Vote to Accept or Reject the Plan.**

Only the Holders of Claims and Interests in the TCEH Voting Classes as of the TCEH Voting Record Date shall be entitled to vote to accept or reject the Plan with regard to such Claims and Interests.

**C.    Holders of Claims and Interests Against the TCEH Debtors Not Entitled to Vote to Accept or Reject the Plan.**

Holders of Claims and Interests in the TCEH Non-Voting Classes are not entitled to vote to accept or reject the Plan with regard to such Claims and Interests.  Holders of Claims or Interests in these TCEH Non-Voting Classes are either Unimpaired and deemed to accept the Plan or Impaired and deemed to reject the Plan.  The Holders of Claims and Interests in the TCEH Non-Voting Classes will receive and applicable notice of non-voting status.

**D.    Temporary Allowance of Claims for Tabulation Purposes.**

Solely for purposes of voting to accept or reject the Plan, and not for the purpose of making distributions on account of any Claim or Interest, and without prejudice to the rights of the Debtors or any other party in interest in any other context, each Claim or Interest within a TCEH Voting Class shall be temporarily allowed in an amount equal to the amount of such Claim or Interest as of the TCEH Voting Record Date.

If any creditor seeks to challenge the allowance of its Claim for voting purposes in accordance with the above procedures, the Debtors request the Court direct such claimant to serve on counsel for the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan on or before [July 22August 3, 2016], at 4:00 p.m. (prevailing Eastern Time).

Additionally, in accordance with Bankruptcy Rule 3018, any claimant filing such a motion, the claimant's Ballot will not be counted unless temporarily allowed by an order issued by the Court prior to the TCEH Voting Deadline.

**E.    Establishing Claim and Interest Amounts for Voting Purposes.**

The Claim or Interest amounts temporarily allowed pursuant to and set forth in these TCEH Solicitation Procedures shall control solely for voting purposes only, and shall not constitute the Allowed amount of any Claim

or Interest for distribution purposes under the Plan.  In tabulating votes, the below directions shall be used to determine the amount of the Claim and Interest associated with each Holder's vote:

1. with respect to the TCEH Credit Agreement Claims, included in Class C3 - TCEH First Lien Secured Claims, Claim amounts will be calculated based on the principal amounts outstanding under the TCEH Credit Agreement as of the TCEH Voting Record Date;

2. with respect to the TCEH First Lien Interest Rate Swap Claims and TCEH First Lien Commodity Hedges Claims, included in Class C3 - TCEH First Lien Secured Claims, Claim amounts will be calculated as of the TCEH Voting Record Date, net of setoff and netting rights pursuant to sections 506 and 553 of the Bankruptcy Code;

3. with respect to the following, Claim Amounts will be calculated based on the principal amounts outstanding under the respective operative indenture as of the TCEH Voting Record Date;

   a) ~~EFH Legacy Note Claims, included in Class A4 - EFH Legacy Note Claims;~~

   b) ~~EFH LBO Note Primary Claims, included in Class A6 - EFH LBO Note Primary Claims;~~

   c) ~~EFIH Second Lien Note Claims, included in Class B4 - EFIH Second Lien Note Claims;~~

   d) ~~EFH LBO Note Guaranty Claims, included in Class B5 - EFH LBO Note Guaranty Claims~~

   e) ~~EFIH Unsecured Note Claims, included in Class B6 - General Unsecured Claims Against the EFIH Debtors;~~

   ~~f)~~a) TCEH First Lien Note Claims included in Classes C3 - TCEH First Lien Secured Claims and C4 - TCEH Unsecured Debt Claims;

   ~~g)~~b) TCEH Second Lien Note Claims, included in Class C4 - TCEH Unsecured Debt Claims;

   ~~h)~~c) TCEH Unsecured Note Claims, included in Class C4 - TCEH Unsecured Debt Claims; and

   ~~i)~~d) PCRB Claims, included in Class C4 - TCEH Unsecured Debt Claims

4. with respect to non-Note Claims included within ~~Classes A7, A12, B6, and~~Class C5, the Claim amounts will be calculated as follows:

   (a) each Claim within ~~a~~Class ~~of Claims~~5 entitled to vote to accept or reject the Plan shall be allowed in an amount equal to the amount determined by the amount of such Claim as set forth in a timely filed proof of Claim, or, if no proof of Claim was filed, the liquidated, non-contingent, undisputed amount of such Claim as set forth in the Schedules; *provided, however,* that a party whose Claim has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such Claim, if any, to accept or reject the Plan;

   (b) the Claim amount settled and/or agreed upon by the Debtors (whether temporarily or otherwise), as reflected in a document filed with the Court, in an order of the Court, or in a document executed by the TCEH Debtors pursuant to authority granted by the Court but for voting purposes only, and not for purposes of allowance or distribution;

(c)     if a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a Proof of Claim was not (i) filed by the applicable Claims Bar Date for the filing of Proofs of Claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the TCEH Voting Deadline, the TCEH Debtors propose such Claim shall not be allowed for voting;

(d)     if a Claim is listed on a timely filed Proof of Claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(e)     if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(f)     notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same TCEH Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the TCEH Debtors have objected to such duplicate Claims;

(g)     claims filed for $0.00 are not entitled to vote; and

(h)     if a Proof of Claim has been amended by a later timely filed proof of claim, only the later filed amending Claim will be entitled to vote, regardless of whether the TCEH Debtors have objected to such earlier filed Claim; and

5.     with respect to the EFIH Interests, included in Class B9, Interest amounts will be calculated based on the number of shares of common stock in EFIH held as of the Voting Record Date; and

6.5.     with respect to all Claims, if a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent or disputed (as determined (i) on the face of the Claim, (ii) pursuant to the Plan, or (iii) after a reasonable review of the supporting documentation by the TCEH Debtors or the Solicitation Agent) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00; provided, that with respect to (iii) any such determinations will be documented in the Voting Report.

If a Holder of a Claim or Interest against the TCEH Debtors identifies a Claim or Interest amount on its Ballot that is different from the amount otherwise calculated in accordance with these TCEH Solicitation Procedures, such Claim or Interest will be allowed temporarily for voting purposes in an amount calculated in accordance with the procedures described in these TCEH Solicitation Procedures.  Moreover, any amounts filled in on Ballots or Master Ballots by the TCEH Debtors through the Solicitation Agent are not binding for any purpose, including allowance and distribution.

If, before the deadline to file the Voting Report, the TCEH Debtors have filed an objection to disallow or modify (including, but not limited to, modifications to the TCEH Debtor, amount, priority, or classification asserted) a Claim or Interest or a motion to allow or estimate a Claim or Interest in an amount different from the amount asserted in such Claim or Interest, such Claim or Interest will be temporarily allowed for voting purposes in the lesser amount and classification requested by such objection or motion, subject to the right of the Holder to file a motion objecting to such amounts (as described in Section D above.)

The TCEH Debtors are authorized to enter into stipulations with the Holder of any Claim or Interest against the TCEH Debtors agreeing to the amount of the Claim or Interest for voting purposes without further Court order.

**F.**     **General Ballot Tabulation.**

Subject to Section I below, the following voting procedures and standard assumptions shall be used in tabulating Ballots:

1.     except as otherwise provided in these TCEH Solicitation Procedures, unless a Ballot is actually received on or before the TCEH Voting Deadline, the Debtors shall reject such Ballot as invalid and decline to count it in connection with Confirmation;

2.     the Solicitation Agent will date all Ballots when received and will retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date, unless otherwise ordered by the Bankruptcy Court;

3.     the TCEH Debtors will file the Voting Report with the Bankruptcy Court before the TCEH Confirmation Hearing. The Voting Report shall, among other things, delineate every irregular Ballot, including those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or electronic mail or damaged. The Voting Report shall indicate the TCEH Debtors' intentions with regard to such irregular Ballots;

4.     the method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the appropriately, originally executed Ballot;

5.     Holders of Claims and Interests in a TCEH Voting Class may only submit an original executed Ballot. Delivery of a Ballot to the Solicitation Agent by facsimile, email, or any other electronic means will not be valid;

6.     no Ballot should be sent to any of the TCEH Debtors, the TCEH Debtors' agents (other than the Solicitation Agent), any administrative agent or indenture trustee (unless specifically instructed to do so), or the TCEH Debtors' financial or legal advisors, and, unless received by the Solicitation Agent, if so sent will not be counted;

7.     if a Holder or Nominee submits multiple Ballots with respect to the same Claim or Interest before the TCEH Voting Deadline, the latest properly completed Ballot timely received will be deemed to reflect that Holders of Beneficial Holder's intent and will supersede and revoke any prior received Ballot;

8.     if a Holder holds a Claim or Interest, as applicable, in a TCEH Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that TCEH Voting Class;

9.     for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

10.    if a voter simultaneously casts inconsistent Ballots, such Ballots will not be counted;

11.    Holders must vote all of their Claims or Interests within a TCEH Voting Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent a Holder holds multiple Claims within a TCEH Voting Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within the TCEH Voting Class for the purpose of counting votes;

12.     a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity should indicate such capacity when signing and, if required or requested by the applicable Nominee or its agent, the Solicitation Agent, the TCEH Debtors, or the Bankruptcy Court, must submit proper evidence to so act on behalf of such Holder or Beneficial Holder;

13.     neither the TCEH Debtors, nor any other entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification, although the Solicitation Agent may, in its discretion, contact voting parties to cure any such defects or irregularities;

14.     any defects or irregularities in connection with deliveries of Ballots must be cured before the TCEH Voting Deadline or such Ballots will not be counted, unless waived or as ordered by the Bankruptcy Court;

15.     notwithstanding any other conditions included herein, the TCEH Debtors may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

16.     if a party-in-interest requests a designation to vote on the Plan under section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim or Interest will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

17.     the TCEH Debtors reserve the right to reject any Ballot or Master Ballot not in proper form, the acceptance of which, in the opinion of the TCEH Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided, that any such rejections will be documented in the Voting Report;

18.     any Holder entitled to vote that has delivered a Ballot may withdraw such Ballot solely in accordance with Bankruptcy Rule 3018(a);

19.     the following Ballots will not be counted in determining the acceptance or rejection of the Plan:

        (a)     any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest;

        (b)     any Ballot cast by or on behalf of an entity that does not hold a Claim or Interest in a ~~Voting~~V TCEH oting Class;

        (c)     any Ballot that does not contain an original signature;

        (d)     any Ballot that is signed but does not otherwise comply with the requirement set forth in Section F.12., above;

        (e)     any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and

        (f)     any Ballot submitted by or on behalf of any entity not entitled to vote pursuant to the Plan, these TCEH Solicitation Procedures, or any order of the Bankruptcy Court; and

20.     any Class that contains Claims or Interests entitled to vote but no votes are returned for such Class shall be deemed to have accepted the Plan.

9

**G.      Voting Procedures Applicable to Holders of Class C3 TCEH Credit Agreement Claims.**

1.      Within three business days of the TCEH Voting Record Date, the TCEH First Lien Agent shall provide the Solicitation Agent with (a) a copy of the list of the names, addresses and holdings of all Holders of Class C3 TCEH Credit Agreement Claims as of the TCEH Voting Record Date in an electronic file and (b) such other information the Solicitation Agent deems reasonable and necessary to perform its duties pursuant to the Order.

2.      The Solicitation Agent shall use such information only for purposes consistent with these TCEH Solicitation Procedures and any order of the Bankruptcy Court.

**H.      Voting Procedures Applicable to Beneficial Holders of Notes Claims.**

The following additional procedures will apply to the voting of Claims held by Beneficial Holders:

1.      on the TCEH Solicitation Date, the Solicitation Agent shall distribute or cause to be distributed a Solicitation Package to each registered Holder of a Notes Claim as of the TCEH Voting Record Date, and distribute the appropriate number of TCEH Solicitation Packages[1] to the Nominees identified by the Solicitation Agent;

2.      each Nominee through which one or more Beneficial Holders holds a Notes Claim as of the TCEH Voting Record Date must distribute a TCEH Solicitation Package to each Beneficial Holder for which they hold the Notes Claim within five business days of receipt of such materials from the TCEH Debtors in one of the following two ways (as selected by the Nominee):

(a)      obtain the votes of Beneficial Holders of such Notes Claims by (i) immediately distributing the TCEH Solicitation Package, including Ballots, it receives from the Solicitation Agent to all such Beneficial Holders, (ii) promptly collecting Ballots from such Beneficial Holders that cast votes on the Plan, (iii) compiling and validating the votes and other relevant information of all such Beneficial Holders on the Master Ballot, and (iv) transmitting the Master Ballot to the Solicitation Agent by the TCEH Voting Deadline; or

(b)      distribute pre-validated Ballots pursuant to the following procedures:

(i)      the Nominee shall forward to each Beneficial Holder as of the TCEH Voting Record Date the TCEH Solicitation Package, an individual Ballot that has been pre-validated, postage prepaid return envelope as indicated in paragraph (ii) below;

(ii)      to pre-validate a Ballot, the Nominee should complete the first item and execute the Ballot and indicate on the Ballot the name of the Nominee and DTC participant number, the amount of securities held by the Nominee for the Beneficial Holder, and the account number for the account in which such securities are held by the Nominee; and

(iii)      the Beneficial Holder shall complete and return the pre-validated Ballot to the Solicitation Agent by the TCEH Voting Deadline.

---

[1]      The TCEH Solicitation Packages shall contain Ballots for voting by the Beneficial Holders.  In accordance with its customary practice, the Solicitation Agent shall distribute copies of Master Ballots to any relevant Nominees after the TCEH Solicitation Packages have been forwarded to the Beneficial Holders.

3.      any Nominee of Notes Claims holding such securities both as record holder and Beneficial Holder in its own name may vote on the Plan by completing a Ballot or a Master Ballot and returning it directly to the Solicitation Agent on or before the TCEH Voting Deadline;

4.      any indenture trustee (unless otherwise empowered to do so under the respective indenture) will not be entitled to vote on behalf of the Beneficial Holder; rather, each Beneficial Holder must vote his or her own Claim(s);

5.      any Ballot returned to a Nominee by a Beneficial Holder of a Notes Claim will not be counted for purposes of accepting or rejecting the Plan until such Nominee properly completes and delivers to the Solicitation Agent by the TCEH Voting Deadline a Master Ballot that reflects the vote of such Beneficial Holder, or otherwise validates the Ballot in a manner acceptable to the Solicitation Agent.  Nominees shall retain all Ballots returned by Beneficial Holders for a period of one year after the effective date of the Plan, or, in the case of pre-validated Ballots, a list of Beneficial Holders to whom pre-validated Ballots were sent for a period of at least one year after the TCEH Voting Deadline;

6.      if a Beneficial Holder of a Notes Claim holds securities through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Ballot, and each such Beneficial Holder should execute a separate Ballot for each block of securities that it holds through any Nominee and must return each such Ballot to the appropriate Nominee; and

7.      if a Beneficial Holder of a Notes Claim holds a portion of its securities through a Nominee or Nominees and another portion in its own name as the record Beneficial Holder, such Beneficial Holder should follow the procedures herein to vote the portion held in its own name and to vote the portion held by the Nominee(s).

## I.      Tabulation of Master Ballots.

These rules will apply with respect to the tabulation of Master Ballots:

1.      votes cast by Beneficial Holders through Nominees will be applied to the positions held by such Nominees as of the TCEH Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, will not be counted in excess of the principal amount held by such Nominee as of the TCEH Voting Record Date; provided, however, that the Solicitation Agent may adjust such principal amount to reflect the portion of the relevant Notes Claim actually voted; provided further, that any such adjustment will be documented in the TCEH Voting Report;

2.      if conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, the TCEH Debtors will attempt to reconcile discrepancies with the Nominee;

3.      if over-votes on a Master Ballot or pre-validated Ballot are not reconciled before the preparation of the TCEH Voting Report, the TCEH Debtors will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Ballot that contained the over-vote, but only to the extent of the Nominee's position in the Class;

4.      for purposes of tabulating votes of TCEH First Lien Claims, the Solicitation Agent will bifurcate the TCEH First Lien Claims pro rata into TCEH First Lien Secured Claims, which are classified in Class C3, and TCEH First Lien Deficiency Claims, which are classified together with TCEH Second Lien Note Claims, TCEH Unsecured Note Claims, and PCRB Claims in Class C4; and

5.        a single Nominee may complete and deliver to the Solicitation Agent multiple Master Ballots. Votes reflected on multiple Master Ballots will be counted, except to the extent they are duplicative of other Master Ballots.  If a Nominee submits multiple Master Ballots with respect to the same Claim or Interest before the Voting Deadline, the latest properly completed Master Ballot timely received will be deemed to reflect that Nominee's intent and will supersede and revoke any prior received Master Ballot

**J.        TCEH Debtors' Reservation of Rights Regarding Modification to the Plan.**

The TCEH Debtors expressly reserve the right to modify the Plan from time to time in accordance with the terms thereof (subject to compliance with the requirements of section 1127 of the Bankruptcy Code and the applicable terms of the Plan regarding modification).

# EXHIBIT 98

**Notice of Assumption**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF (A) EXECUTORY CONTRACTS AND
UNEXPIRED LEASES TO BE ASSUMED BY THE DEBTORS
PURSUANT TO THE PLAN; (B) CURE AMOUNTS, IF ANY;
AND (C) RELATED PROCEDURES IN CONNECTION THEREWITH**

**PLEASE TAKE NOTICE THAT** on [____], 2016, United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. ___] (the "TCEH Disclosure Statement Order"):   (a) authorizing ~~Energy Future~~ Texas Competitive Electric Holdings ~~Corp.~~Company LLC ("TCEH" and, together with its ~~affiliated debtors~~direct parent company, Energy Future Competitive Holdings Company LLC ("EFCH") and ~~debtors in possession (collectively~~certain of TCEH's direct and indirect subsidiaries, the "TCEH Debtors") to solicit acceptances for the *Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ~~___~~8355] (as may be modified, amended or supplemented from time to time, the "Plan~~")~~;") as to the TCEH Debtors;[2] (b) approving the *Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors*, including all exhibits and schedules thereto [D.I. ___] (as may be modified, amended or supplemented from time to time, the "TCEH Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan as to the TCEH Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** on ~~[____],~~May 24, 2016, the Court entered an *Order ~~(A)~~ Scheduling Certain Hearing Dates and Deadlines~~, (B)~~ and Establishing*

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

*Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization, and (C) Revising Certain Dates in the Approval of Debtors'* Disclosure Statement *Scheduling Order* [D.I. ——]8514] (the "Scheduling Motion Order") (a) scheduling dates and deadlines in connection with the approval of the TCEH Disclosure Statement and the confirmation of the Plan as to the TCEH Debtors and (b) establishing certain protocols in connection with those proceedings in connection with the approval of the TCEH Disclosure Statement and the confirmation of the Plan as to the TCEH Debtors, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** on October 21, 2015, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed the *Plan Supplement for the Joint Plan of Reorganization of Energy Future Holdings Corp.*, et al., *Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6544] and any amendments and modifications thereto, including D.I. 7191 and 7866 (as defined in the Plan, the "Plan Supplement").

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors filed the *List of Executory Contracts and Unexpired Leases to be Assumed by Reorganized Debtors on the Effective Date* (the "Assumption Schedule") with the Court as part of the Plan Supplement. The determination to assume the agreements identified on the Assumption Schedule is subject to revision.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (as to the "TCEH Debtors (the "TCEH Confirmation Hearing") will commence at [——]10 a.m. prevailing Eastern Time on [——],August 17, 2016, before the Honorable Judge Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 842 Market Street, Third Floor, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE THAT you are receiving this notice because the Debtors' records reflect that you are a party to a contract that is listed on the Assumption Schedule. Therefore, you are advised to review carefully the information contained in this notice and the related provisions of the Plan, including the Assumption Schedule.**

**PLEASE TAKE FURTHER NOTICE that the Debtors are proposing to assume the Executory Contract(s) and Unexpired Lease(s) listed below to which you are a party, as listed on Exhibit A attached hereto:[3]**

---

[3]   Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Assumption Schedule, nor anything contained in the Plan or each Debtor's schedule of assets and liabilities, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease capable of assumption, that any Reorganized Debtor(s) has any liability thereunder or that such Executory Contract or Unexpired Lease is necessarily a binding and enforceable agreement. Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Assumption Schedule and reject such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date and (b) contest any Claim (or cure amount) asserted in connection with assumption of any Executory Contract or Unexpired Lease.

2

**PLEASE TAKE FURTHER NOTICE THAT** section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed on **Exhibit A**.  Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the Debtors believe that there is no cure amount outstanding for such contract or lease.

**PLEASE TAKE FURTHER NOTICE THAT** absent any pending dispute, the monetary amounts required to cure any existing defaults arising under the Executory Contract(s) and Unexpired Lease(s) identified in **Exhibit A** will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by the Debtors in Cash on the Effective Date.  In the event of a dispute, however, payment of the cure amount would be made following the entry of a final order(s) resolving the dispute and approving the assumption.  If an objection to the proposed assumption or related cure amount is sustained by the Court, however, the Debtors, in their sole option, may elect to reject such Executory Contract or Unexpired Lease in lieu of assuming it.

**PLEASE TAKE FURTHER NOTICE THAT** any objection by a party to an Executory Contract or Unexpired Lease to a proposed assumption or related cure amount must be filed, served, and actually received by the Debtors at least seven days before the Confirmation Hearing.  Any such objection will be scheduled to be heard by the Bankruptcy Court at the Debtors' or Reorganized Debtors', as applicable, first scheduled omnibus hearing after which such objection is timely filed.  In the event of a dispute regarding (1) the amount of any payments to cure such a default, (2) the ability of the Reorganized Debtors or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed, or (3) any other matter pertaining to assumption, the cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a Final Order resolving the dispute and approving the assumption; underlined provided that notwithstanding anything to the contrary herein, the Debtors or the Reorganized Debtors, as applicable, with the reasonable consent of the Plan Sponsors and the TCEH Supporting First Lien Creditors, reserve the right to alter, amend, modify, or supplement the schedules of Executory Contracts and Unexpired Leases with respect to such Debtors and Reorganized Debtors at any time through and including 45 days after the Effective Date, without incurrence of any penalty or changing the priority or security of of any Claim as a result of such treatment change.

**PLEASE TAKE FURTHER NOTICE THAT** each Executory Contract and Unexpired Lease assumed pursuant to the Plan or by any order of the Bankruptcy Court, which has not been assigned to a third party before the Confirmation Date, shall revest in and be fully enforceable by the Reorganized Debtors in accordance with its terms, except as such terms are modified by the Plan or any order of the Bankruptcy Court authorizing and providing for its assumption under applicable federal law.

**PLEASE TAKE FURTHER NOTICE THAT** the **Plan Objection Deadline**.  The deadline for filing objections to the Plan is **[July 22]**, as to the TCEH Debtors is **August 3,** **2016,**

**at 4:00 p.m. prevailing Eastern Time** (the "TCEH Plan Objection Deadline").  All objections to the relief sought at the TCEH Confirmation Hearing must:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually** received on or before ~~[July 22],~~**August 3,** 2016 at 4:00 p.m. prevailing Eastern Time:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Edward O. Sassower, P.C.<br>Attn: Stephen E. Hessler, Esq.<br>Attn: Brian E. Schartz, Esq.<br>601 Lexington Avenue<br>New York, New York 10022<br><br>Attn: James H.M. Sprayregen, P.C.<br>Attn: Marc Kieselstein, P.C.<br>Attn: Chad J. Husnick, Esq.<br>Attn: Steven N. Serajeddini, Esq.<br>300 North LaSalle<br>Chicago, Illinois 60654 | **RICHARDS, LAYTON & FINGER, P.A.**<br>Attn: Mark D. Collins, Esq.<br>Attn: Daniel J. DeFranceschi, Esq.<br>Attn: Jason M. Madron, Esq.<br>920 North King Street<br>Wilmington, Delaware 19801 |
| *Co-Counsel to the Debtors* | |
| **PROSKAUER ROSE LLP.**<br>Attn: Jeff J. Marwil, Esq.<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **O'KELLY, ERNST & BIELLI LLP**<br>Attn: David M. Klauder, Esq.<br>Attn: Shannon Dougherty, Esq.<br>901 N Market St STE 100<br>Wilmington, DE 19801 |
| *Co-Counsel to Energy Future Holdings Corp.* | |
| **MUNGER, TOLLES & OLSON LLP**<br>Attn: Thomas B. Walper, Esq.<br>Attn: Todd J Rosen, Esq.<br>Attn: Seth Goldman, Esq.<br>Attn: John W. Spiegel, Esq.<br>355 S. Grand Ave 35th FL<br>Los Angeles, CA 90071 | **MCELROY, DEUTSCH, MUVANEY, &**<br>**CARPENTER, LLP**<br>Attn: David P. Primack, Esq.<br>300 Delaware Ste 770<br>Wilmington, Delaware 19801 |
| *Co-Counsel to the TCEH Debtors* | |
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE PC**<br>Attn: Joseph H. Hutson Jr, Esq.<br>1105 N. Market St STE 700<br>Wilmington, DE 19801 |
| *Co-Counsel to Energy Future Intermediate Holding Company LLC* | |

| | |
|---|---|
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn: Richard L. Shepacarter, Esq.<br>Attn: Andrea B. Schwartz, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware 19801 | |
| **MORRISON & FOERSTER LLP**<br>Attn: James M. Peck, Esq.<br>Attn: Brett H. Miller, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Todd M. Goren, Esq.<br>Attn: Samantha Martin, Esq.<br>250 West 55th Street<br>New York, New York 10019 | **POLSINELLI PC**<br>Attn: Christopher A. Ward, Esq.<br>Attn: Justin K. Edelson, Esq.<br>Attn: Shanti M. Katona, Esq.<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801 |
| *Co-Counsel to the TCEH Creditors' Committee* | |
| **SULLIVAN & CROMWELL LLP**<br>Attn: Andrew G. Dietderich, Esq.<br>Attn: Brian D. Glueckstein, Esq.<br>Attn: Michael H. Torkin, Esq.<br>125 Broad St.<br>New York, NY 10004 | **MONTGOMERY, MCCRACKEN, WALKER, & RHOADS LLP**<br>Attn: Natalie D. Ramsey, Esq.<br>Attn: Davis Lee Wright, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Mark A. Fink, Esq.<br>1105 N. Market St 15th FL<br>Wilmington, DE 19801 |
| *Co-Counsel to the EFH Creditors' Committee* | |

**PLEASE TAKE FURTHER NOTICE THAT** any objections to Plan in connection with the assumption of the Executory Contract(s) and Unexpired Lease(s) identified above and/or related cure or adequate assurances proposed in connection with the Plan that remain unresolved as of the Confirmation Hearing will be heard at the Confirmation Hearing (or such other date as fixed by the Court).

**PLEASE TAKE FURTHER NOTICE THAT any counterparty to an Executory Contract that fails to object timely to the proposed assumption or cure amount will be deemed to have assented to such assumption and cure amount.**

**PLEASE TAKE FURTHER NOTICE THAT ASSUMPTION OF ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE PURSUANT TO THE PLAN OR OTHERWISE SHALL RESULT IN THE FULL RELEASE AND SATISFACTION OF ANY CLAIMS OR DEFAULTS, WHETHER MONETARY OR NONMONETARY, INCLUDING DEFAULTS OF PROVISIONS RESTRICTING THE CHANGE IN CONTROL OR OWNERSHIP INTEREST COMPOSITION OR OTHER BANKRUPTCY-RELATED DEFAULTS, ARISING UNDER ANY ASSUMED EXECUTORY CONTRACT OR UNEXPIRED LEASE AT ANY TIME BEFORE THE DATE OF THE DEBTORS OR REORGANIZED DEBTORS ASSUME SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE. ANY PROOFS OF CLAIM FILED WITH RESPECT TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT HAS BEEN ASSUMED SHALL BE DEEMED DISALLOWED AND EXPUNGED, WITHOUT FURTHER NOTICE TO OR ACTION, ORDER OR APPROVAL OF THE BANKRUPTCY COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the TCEH Disclosure Statement, the Plan, the Plan Supplement or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the voting and claims agent retained by the Debtors in these Chapter 11 Cases, by: (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com and reference "TCEH" in the subject line. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT EPIQ BANKRUPTCY SOLUTIONS, LLC.**

---

*[Remainder of page intentionally left blank.]*

Wilmington, Delaware
Dated: [_____], [_____], 2016

DRAFT

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

| Ref. # | Debtor(s) | Description of Contract or Lease | Counterparty | Counterparty Address | Amount Required to Cure Default Thereunder, if any | Details of Material Amendments | Assumption Date |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

## EXHIBIT ~~10~~9

**Notice of Rejection**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**NOTICE REGARDING EXECUTORY CONTRACTS AND
UNEXPIRED LEASES TO BE REJECTED PURSUANT TO THE PLAN**

 **PLEASE TAKE NOTICE THAT** on [____], 2016, United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. ___] (the "TCEH Disclosure Statement Order"): (a) authorizing ~~Energy Future~~ Texas Competitive Electric Holdings ~~Corp.~~Company LLC ("TCEH") and, together with its ~~affiliated debtors~~direct parent company, Energy Future Competitive Holdings Company LLC ("EFCH") and ~~debtors in possession (collectively~~certain of TCEH's direct and indirect subsidiaries, the "TCEH Debtors") to solicit acceptances for the *Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ~~___~~8355] (as may be modified, amended or supplemented from time to time, the "Plan~~")~~:") as to the TCEH Debtors;[2] (b) approving the *Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors*, including all exhibits and schedules thereto [D.I. ___] (as may be modified, amended or supplemented from time to time, the "TCEH Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan as to the TCEH Debtors.

 **PLEASE TAKE FURTHER NOTICE THAT** on ~~[____],~~May 24, 2016, the Court entered an *Order ~~(A)~~ Scheduling Certain Hearing Dates and Deadlines~~, (B) and~~ Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization~~,~~ and*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

*(C) Revising Certain Dates in* the *Approval of Debtors' Disclosure Statement Scheduling Order* [D.I. ~~____~~8514] (the "Scheduling ~~Motion~~ Order") (a) scheduling dates and deadlines in connection with the approval of the TCEH Disclosure Statement and the confirmation of the Plan as to the TCEH Debtors and (b) establishing certain protocols in connection with those proceedings in connection with the approval of the TCEH Disclosure Statement and the confirmation of the Plan as to the TCEH Debtors, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** on October 21, 2015, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed the *Plan Supplement for the Joint Plan of Reorganization of Energy Future Holdings Corp.*, et al., *Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6544] and any amendments and modifications thereto, including D.I. 7191 and 7866 (as defined in the Plan, the "Plan Supplement").

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors filed the *List of Executory Contracts and Unexpired Leases to be Rejected by Reorganized Debtors on the Effective Date* (the "Rejection Schedule") with the Court as part of the Plan Supplement.  The determination to assume the agreements identified on the Rejection Schedule is subject to revision.

> **PLEASE TAKE FURTHER NOTICE THAT YOU ARE RECEIVING THIS NOTICE BECAUSE THE DEBTORS' RECORDS REFLECT THAT YOU ARE A PARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT WILL BE REJECTED PURSUANT TO THE PLAN.  THEREFORE, YOU ARE ADVISED TO REVIEW CAREFULLY THE INFORMATION CONTAINED IN THIS NOTICE AND THE RELATED PROVISIONS OF THE PLAN.[3]**
>
> **PLEASE TAKE FURTHER NOTICE THAT THE DEBTORS ARE PROPOSING TO REJECT THE EXECUTORY CONTRACT(S) AND/OR UNEXPIRED LEASE(S) TO WHICH YOU ARE A PARTY, AS LISTED ON EXHIBIT A**

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (as to the "TCEH Debtors (the "TCEH Confirmation Hearing") will commence at [____]10 a.m. prevailing Eastern Time on [____],August 17, 2016, before the Honorable Judge Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 842 Market Street, Third Floor, Wilmington, Delaware 19801.

---

[3]    Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Rejected Executory Contract and Unexpired Lease List, nor anything contained in the Plan, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that any Reorganized Debtor has any liability thereunder.  Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Rejection Schedule and assume such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date and (b) contest any Claim asserted in connection with rejection of any Executory Contract or Unexpired Lease.

**PLEASE TAKE FURTHER NOTICE THAT** all Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, pursuant to the Plan or the Confirmation Order, if any, must be filed within **30 days** after the later of:  (1) the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such rejection; and (2) the effective date of such rejection.  Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not Filed within such time will be automatically disallowed, forever barred from assertion and shall not be enforceable against the Debtors or the Reorganized Debtors, the Estates or their property without the need for any objection by the Reorganized Debtors or further notice to, or action, order or approval of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE THAT** all Claims arising from the rejection by any Debtor of any Executory Contract or Unexpired Lease pursuant to section 365 of the Bankruptcy Code shall be treated as General Unsecured Claims and may be objected to in accordance with Plan and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

**PLEASE TAKE FURTHER NOTICE THAT** rejection of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall not constitute a termination of preexisting obligations owed by the Executory Contract or Unexpired Lease counterparty or counterparties to the Debtors or the Reorganized Debtors, as applicable, under such Executory Contracts or Unexpired Leases.

**PLEASE TAKE FURTHER NOTICE THAT** the **Plan Objection Deadline**.  The deadline for filing objections to the Plan is **[July 22],** as to the TCEH Debtors is **August 3,** **2016,** **at 4:00 p.m. prevailing Eastern Time** (the "TCEH Plan Objection Deadline").  All objections to the relief sought at the TCEH Confirmation Hearing must:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually** **received** on or before **[July 22],** **August 3,** **2016 at 4:00 p.m. prevailing Eastern Time**:

<table>
<tr>
<td>

**KIRKLAND & ELLIS LLP**
Attn: Edward O. Sassower, P.C.
Attn: Stephen E. Hessler, Esq.
Attn: Brian E. Schartz, Esq.
601 Lexington Avenue
New York, New York 10022

Attn: James H.M. Sprayregen, P.C.
Attn: Marc Kieselstein, P.C.
Attn: Chad J. Husnick, Esq.
Attn: Steven N. Serajeddini, Esq.
300 North LaSalle
Chicago, Illinois 60654

</td>
<td>

**RICHARDS, LAYTON & FINGER, P.A.**
Attn: Mark D. Collins, Esq.
Attn: Daniel J. DeFranceschi, Esq.
Attn: Jason M. Madron, Esq.
920 North King Street
Wilmington, Delaware 19801

</td>
</tr>
<tr>
<td colspan="2" align="center">

*Co-Counsel to the Debtors*

</td>
</tr>
</table>

| | |
|---|---|
| **PROSKAUER ROSE LLP.**<br>Attn: Jeff J. Marwil, Esq.<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **O'KELLY, ERNST & BIELLI LLP**<br>Attn: David M. Klauder, Esq.<br>Attn: Shannon Dougherty, Esq.<br>901 N Market St STE 100<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Holdings Corp.*

| | |
|---|---|
| **MUNGER, TOLLES & OLSON LLP**<br>Attn: Thomas B. Walper, Esq.<br>Attn: Todd J Rosen, Esq.<br>Attn: Seth Goldman, Esq.<br>Attn: John W. Spiegel, Esq.<br>355 S. Grand Ave 35th FL<br>Los Angeles, CA 90071 | **MCELROY, DEUTSCH, MUVANEY, &<br>CARPENTER, LLP**<br>Attn: David P. Primack, Esq.<br>300 Delaware Ste 770<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Debtors*

| | |
|---|---|
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE PC**<br>Attn: Joseph H. Hutson Jr, Esq.<br>1105 N. Market St STE 700<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Intermediate Holding Company LLC*

| |
|---|
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn: Richard L. Shepacarter, Esq.<br>Attn: Andrea B. Schwartz, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware  19801 |

| | |
|---|---|
| **MORRISON & FOERSTER LLP**<br>Attn: James M. Peck, Esq.<br>Attn: Brett H. Miller, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Todd M. Goren, Esq.<br>Attn: Samantha Martin, Esq.<br>250 West 55th Street<br>New York, New York 10019 | **POLSINELLI PC**<br>Attn: Christopher A. Ward, Esq.<br>Attn: Justin K. Edelson, Esq.<br>Attn: Shanti M. Katona, Esq.<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Creditors' Committee*

| | |
|---|---|
| **SULLIVAN & CROMWELL LLP**<br>Attn: Andrew G. Dietderich, Esq.<br>Attn: Brian D. Glueckstein, Esq.<br>Attn: Michael H. Torkin, Esq.<br>125 Broad St.<br>New York, NY 10004 | **MONTGOMERY, MCCRACKEN, WALKER, &<br>RHOADS LLP**<br>Attn: Natalie D. Ramsey, Esq.<br>Attn: Davis Lee Wright, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Mark A. Fink, Esq.<br>1105 N. Market St 15th FL<br>Wilmington, DE 19801 |

*Co-Counsel to the EFH Creditors' Committee*

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the TCEH Disclosure Statement, the Plan, the Plan Supplement or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the voting and claims agent retained by the Debtors in these Chapter 11 Cases, by:  (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com and reference "TCEH" in the subject line.   You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT EPIQ BANKRUPTCY SOLUTIONS, LLC.**

---

*[Remainder of page intentionally left blank.]*

Wilmington, Delaware
Dated: [_____], [_____], 2016

DRAFT

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          ~~XXX~~ ilrklan@rlf.com
                defranceschi@rlf.com
                madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          edward.sassower@kirkland.com
                stephen.hessler@kirkland.com
                brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                marc.kieselstein@kirkland.com
                chad.husnick@kirkland.com
                steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

| Ref. # | Debtor(s) | Description of Contract or Lease | Counterparty | Counterparty Address | Description of Property to be Abandoned, if any | Rejection Date |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |