# EXHIBIT C

**Jenner & Block LLP Engagement Letter**

919 THIRD AVENUE NEW YORK NEW YORK 10022-3908

JENNER&BLOCK LLP

Richard Levin
Tel +1 212 891 1601
rlevin@jenner.com

As of May 18, 2015

Energy Future Intermediate Holding Company LLC
Energy Plaza
1601 Bryan Street
Dallas, TX 75201
Attn: Charles H. Cremens, Disinterested Manager

Ladies and Gentlemen:

This engagement letter confirms the engagement of Jenner & Block LLP, an Illinois limited liability partnership ("**Jenner & Block**"), by Energy Future Intermediate Holding Company LLC ("**you**"), and the basis on which Jenner & Block will represent you. We appreciate your confidence and thank you for selecting Jenner & Block as counsel.

1. **Scope of Representation**. Except as we may agree otherwise in writing, Jenner & Block will be representing only you and will not be representing any of your parents, subsidiaries, affiliated entities, shareholders, partners, directors, officers, agents or employees. Jenner & Block's engagement is limited to representing and advising you in connection with "Conflict Matters" as defined in resolutions of your Board of Managers adopted November 7, 2014 and supplemented by resolutions adopted December 9, 2014, a copy of which is attached hereto, and in advising your disinterested manager on whether a matter is a Conflict Matter.

Because the representation is limited to a specific undertaking, Jenner & Block's acceptance of this engagement does not involve an undertaking to represent you or your interests in any other matter unless specifically requested by you and agreed by Jenner & Block. Also, after completion of this matter, changes may occur in pertinent laws or regulations that will have an impact upon your future rights and liabilities. Unless you engage us after completion of this matter to provide additional advice on issues arising from this matter, Jenner & Block will have no continuing obligation to advise you with respect to future legal developments.

You may limit or expand the scope of Jenner & Block's representation from time to time, provided that Jenner & Block must agree to any expansion of scope. Except as we may otherwise agree in writing, the terms of this engagement letter apply to all expansions in the scope of representation and to all additional engagements for you which Jenner & Block may undertake.

As of May 18, 2015

2. **Fees and Expenses**. Our fees are based substantially upon hours charged, recorded in tenth of an hour increments, at Jenner & Block's scheduled rates which are in effect at the time the services are performed. Those scheduled rates are periodically adjusted, generally at the beginning of a calendar year. My present hourly rate is $1150. Jenner & Block's present scheduled hourly rates for others range from $635 to $1200 for partners, from $380 to $695 for associates, from $285 to $335 for paralegals and from $205 to $300 for project assistants.

In addition to fees, our statements include out-of-pocket expenses and internal charges which Jenner & Block incurs in connection with the representation. Also, it is our standard practice to have certain charges for outside retained services (such as for expert witnesses, local counsel and consultants) invoiced directly to you. This letter acknowledges your agreement to pay all such invoices in a timely manner and to hold Jenner & Block harmless from your failure to do so. To the extent such third party charges are paid directly by Jenner & Block, they will be included on our statements.

The fees and other charges for this matter are not in any way contingent upon its successful completion or outcome. Unless we otherwise expressly agree in writing, any advance estimates by us of fees and expenses in connection with services to be performed, and any deposits, retainers or advances which we may require for work to continue are not a limitation nor binding commitment on our part as to the total fees and other charges for which you are responsible under the terms of this engagement.

Jenner & Block's statements are typically submitted monthly, unless the amount to be billed is not significant, in which case amounts will be carried forward. Jenner & Block's statements are due and payable on receipt. If you question or dispute any entry on a statement, we ask that the matter be brought to our attention promptly, so that any disputes or problems can be fairly and amicably resolved in a timely manner. You agree that each statement will be paid within 30 days of the date on which the statement was sent to you. Subject to the requirement of applicable legal ethics rules, Jenner & Block reserves the right to stop work and close the files on all matters being handled for you if any amount invoiced to you is 60 days or more past due. Interest is charged at the rate of 7% per annum from the date of the statement(s) for amounts which are not paid within 60 days of that date. Interest will not be charged to individuals for whom Jenner & Block performs services for personal, family or household matters.

If you substantially fail to fulfill this agreement as to fees and expenses, Jenner & Block may withdraw or seek leave to withdraw from its representation of you. Such withdrawal shall not affect our right to be paid in full for previously incurred but unpaid fees, charges and disbursements.

If as a result of the engagement, Jenner & Block is required to produce documents or appear as a witness in connection with any litigation, arbitration, mediation, investigation or regulatory proceeding involving you, you also agree to pay to Jenner & Block the costs and expenses (including attorney and staff time at then scheduled hourly rates) reasonably incurred by Jenner & Block in connection with such a requirement. This provision survives the termination of Jenner & Block's representation of you.

Our employment and payment of our fees and expenses are subject to approval of the Bankruptcy Court. We will promptly apply to the Bankruptcy Court for approval. Because we

As of May 18, 2015

are not admitted to practice law in Delaware, we need to associate Delaware counsel as a condition to appearing in the Bankruptcy Court. We will associate Stevens & Lee, which is already your counsel of record in this case.

3. **Conflicts with Other Clients**. As we have discussed, you are aware that the firm represents many other companies and individuals. It is possible that during the time that we are representing you, some of our present or future clients will have disputes or transactions with you, or the Firm will be asked to represent a party to which you are adverse in this matter.

You agree that we may continue to represent or may undertake in the future to represent existing or new clients in any matter that is not substantially related to our work for you even if the interests of such clients in those other matters are directly adverse to you or you are adverse to those other clients in this matter. We agree, however, that your prospective consent to conflicting representation contained in the preceding sentence shall not apply in any instance where, as a result of our representation of you, we have obtained proprietary or other confidential information of a nonpublic nature, that, if known to such other client, could be used in any such other matter by such client to your material disadvantage.

We currently are advising a party to an executory contract with Texas Competitive Electric Holdings LLC, but we have not made an appearance in the Bankruptcy Court on the party's behalf. We believe this representation is not a conflict or potential conflict; this is for disclosure purposes only.

4. **Termination of Representation**. Either of us may terminate the engagement at any time for any reason by providing written notice, subject on the part of Jenner & Block to the requirements of applicable legal ethics rules. Unless we agree to render additional legal services for you, Jenner & Block's representation of you and the attorney/client relationship will terminate upon Jenner & Block sending its final statement for attorney services rendered in this matter.

6. **Document Retention**. During the course of the representation, Jenner & Block shall maintain a file on your behalf. The file may include material you have given to us in connection with the representation, as well as other material such as pleadings, transcripts, exhibits, reports, contracts, wills, certificates and other documents as are determined by Jenner & Block to be reasonably necessary to the representation ("**Your File**"). Your File shall be and remain your property. Jenner & Block may also include in the file its attorney work product, mental impressions and notes (collectively "**Work Product**"). Unless otherwise agreed between us, the Work Product shall be and remain the property of Jenner & Block.

At the termination of the representation and for a period of 7 years thereafter, and provided there are no outstanding unpaid statements for fees and charges owed by you to Jenner & Block, you shall have the right on request to take possession of Your File, not including the Work Product. In such event, Jenner & Block at its expense may make and retain copies of all or portions of Your File. If you do not request possession of Your File within such 7-year period, Jenner & Block will have no further responsibility for the retention and maintenance of Your File and may at its option dispose of all or parts of Your File without further notice to you.

As of May 18, 2015

**7. Approval and Return of Signed Letter.** Please signify your agreement to the arrangement for legal services described in this letter by returning to us a signed copy of the engagement letter. We have already commenced work on your behalf, and the effective date of our agreement to provide services will be the date on which we first performed services on your behalf. If you fail to sign and return the letter, we will stop work, close the file and seek to recover from you the reasonable value of any services performed to that point.

We look forward to working with you.

Sincerely,

Jenner & Block LLP

By: *[signature]*
Richard Levin

Accepted: Energy Future Intermediate Holding Company LLC

By: *[signature]*
Charles H. Cremens
Disinterested Manager

Date: As of May 18, 2015

4