**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: July 7, 2016 at 4:00 p.m.** |

**SUMMARY COVER SHEET TO THE SIXTH INTERIM
FEE APPLICATION OF KIRKLAND & ELLIS LLP AND
KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS FOR
THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD
FROM JANUARY 1, 2016 THROUGH AND INCLUDING APRIL 30, 2016**

In accordance with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "Kirkland"), attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submit this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the sixth interim fee application to which this Summary is attached (the "Fee Application")[2] for the period from January 1, 2016 through and including April 30, 2016 (the "Fee Period").

Kirkland submits the Fee Application as an interim fee application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order") and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").

### General Information

Name of Applicants:                                                  Kirkland & Ellis LLP and
Kirkland & Ellis International
LLP

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application.

| | |
|---|---|
| Authorized to Provide Services to: | Energy Future Holdings Corp., *et al.* |
| Petition Date: | April 29, 2014 |
| Date of Order Authorizing the Debtors to Retain Kirkland: | September 16, 2014, *nunc pro tunc* to April 29, 2014 [D.I. 2052] |

**Summary of Fees and Expenses Sought in the Fee Application**[3]

| | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | January 1, 2016 through and including April 30, 2016 |
| Voluntary Fee Waiver and Expense Reduction in this Fee Period: [4] | Reduced fees by $368,348.00 and expenses by $16,267.46 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $6,832,541.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $422,706.64 |
| Total Compensation and Expense Reimbursement Requested for the Fee Period: | $7,255,248.14 |

---

[3]    Of the amount of fees and expenses sought in the Fee Application, as of the date hereof, $1,366,508.30 represents the amount for which Kirkland has not sought compensation in the monthly fee statements it has filed for the following periods:  January 1, 2016 to January 31, 2016 [D.I. 7991] (the "January Monthly Fee Statement"), February 1, 2016 to February 29, 2016 [D.I. 8149] (the "February Monthly Fee Statement"), March 1, 2016 to March 31, 2016 [D.I. 8432] (the "March Monthly Fee Statement"), and April 1, 2016 to April 30, 2016 [D.I. 8663] (the "April Monthly Fee Statement" and, collectively with the other above-referenced fee statements, the "Monthly Fee Statements").

The total fees and expenses sought in the Fee Application include (a) fees for work performed and expenses incurred for a specific Debtor's estate totaling $1,369,617.00 (comprised of $1,366,237.00 in fees and $3,380.00 in expenses) (the "Direct Benefit Fees") and (b) fees for work performed and expenses incurred for all Debtors' estates totaling $5,885,631.14 (comprised of $5,466,304.50 in fees and $419,326.64 in expenses) (the "Collective Benefit Fees").  Specifically, the Direct Benefit Fees include fees and expenses of (a) $19,937.60 for the EFH Corp. Debtors, (b) $343,293.70 for the EFIH Debtors, and (c) $1,006,385.70 for the TCEH Debtors.  The Collective Benefit Fees include fees and expenses of (a) $318,934.36 for the EFH Corp. Debtors, (b) $1,519,406.27 for the EFIH Debtors, and (c) $4,047,290.51 for the TCEH Debtors.

[4]    Kirkland voluntarily reduced its fees and expenses by the amounts described above and consequently does not seek payment of these fees and expenses in this Fee Application.

| **Rate Increases Applicable to the Fee Period** | |
| --- | --- |
| Total Amount of Compensation Sought for the Fee Period, Calculated Using Rates as of the Date of Retention: | $5,766,280.50 |

| **Summary of Past Requests for Compensation and Prior Payments**[5] | |
| --- | --- |
| Total Amount of Compensation Previously Requested Pursuant to the Interim Compensation Order to Date: [6] | $131,679,285.00 |
| Total Amount of Expense Reimbursement Previously Requested Pursuant to the Interim Compensation Order to Date: | $9,789,288.15 |
| Total Compensation Approved Pursuant to the Interim Compensation Order to Date: | $101,271,203.18 |
| Total Amount of Expense Reimbursement Approved Pursuant to the Interim Compensation Order to Date: | $7,513,287.08 |
| Total Allowed Compensation Paid to Date: | $120,110,881.97 |
| Total Allowed Expenses Paid to Date: | $9,097,440.29 |
| Compensation Sought in this Fee Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | $2,602,903.19 |
| Expenses Sought in this Fee Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | $327,572.15 |

---

[5]   Kirkland filed the January Monthly Fee Statement on March 9, 2016 [D.I. 7991], the February Monthly Fee Statement on April 6, 2016 [D.I. 8149], the March Monthly Fee Statement on May 11, 2016 [D.I. 8432], and the April Monthly Fee Statement on June 6, 2016 [D.I. 8663].  As of the date hereof, Kirkland has received payments totaling $2,930,475.34 relating to compensation and expenses sought in the Monthly Fee Statements.

[6]   Kirkland filed the *Fifth Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period from September 1, 2015 Through and Including December 31, 2015* on January 21, 2016 [D.I. 7708, as amended on January 22, 2016, D.I. 7719], which will be heard at the hearing scheduled for June 27, 2016.

Dated: June 15, 2016
    New York, New York

*/s/ Edward O. Sassower*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
    stephen.hessler@kirkland.com
    brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
    marc.kieselstein@kirkland.com
    chad.husnick@kirkland.com
    steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Objection Deadline: July 7, 2016 at 4:00 p.m. |

**SIXTH INTERIM FEE APPLICATION OF
KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS
INTERNATIONAL LLP, ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM
JANUARY 1, 2016 THROUGH AND INCLUDING APRIL 30, 2016**

Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "Kirkland"),

attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"),

hereby submits its sixth interim fee application (the "Fee Application") for allowance of

compensation for professional services provided in the amount of $6,832,541.50 and

reimbursement of actual and necessary expenses in the amount of $422,706.64 that Kirkland

incurred for the period from January 1, 2016 through and including April 30, 2016 (the "Fee

Period"). In support of this Fee Application, Kirkland submits the declaration of Edward O.

Sassower, the president of Edward O. Sassower, P.C., a partner of Kirkland & Ellis LLP, and a

partner of Kirkland & Ellis International LLP, (the "Sassower Declaration"), which is attached

hereto as **Exhibit A** and incorporated by reference. In further support of this Fee Application,

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Kirkland respectfully states as follows.[2]

### Jurisdiction

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and Kirkland consents pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Fee Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2016-1 and 2016-2 of the Local Bankruptcy Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order") and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").[3]

---

[2]     Capitalized terms used but not otherwise defined in this Fee Application shall have the meanings ascribed to such terms in the *Summary Cover Sheet to the Sixth Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period from January 1, 2016 Through and Including April 30, 2016.*

[3]     On October 3, 2014, October 7, 2014, December 1, 2014, March 9, 2015, June 9, 2015, and December 15, 2015, the Fee Committee (as defined herein) distributed guidelines to those professionals retained in these chapter 11 cases regarding a number of topics, including, expense reimbursement, fee review criteria, and the contents of interim fee applications (collectively, the "Fee Committee Guidelines").

2

**Background**

1.    On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (EFCH, TCEH, and such indirect Debtor subsidiaries of EFCH and TCEH, collectively, the "TCEH Debtors") and such committee, the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp. ("EFH Corp."), Energy Future Intermediate Holding Company, LLC ("EFIH"), EFIH Finance, Inc., and EECI, Inc. (EFH Corp., EFIH, and EFIH Finance, and their direct and indirect Debtor subsidiaries excluding the TCEH Debtors, the "EFH/EFIH Debtors," such committee, the "EFH Creditors' Committee" and, together with the TCEH Creditors' Committee, the "Official Committees") on October 27, 2014 [D.I. 2570].  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

2.    On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in these cases.

3

3.      Given the size and complexity of the Debtors' chapter 11 cases, the U.S. Trustee, the Debtors, and the TCEH Creditors' Committee agreed to recommend that the Court appoint a fee committee to review and report on, as appropriate, interim and final fee applications filed by all retained professionals in accordance with sections 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order (the "Fee Committee").  On August 21, 2014, the Court entered the Fee Committee Order, appointing the Fee Committee and establishing the procedures governing the Fee Committee's review of the Debtors' retained professionals' applications for compensation and the resolution of any concerns raised during such review.

## Preliminary Statement

4.      During the Fee Period, Kirkland worked with the Debtors to consummate the restructuring transactions contemplated by (a) the Plan confirmed by the Court on December 9, 2016 [D.I. 7285] (the "Confirmed Plan") and (b) that certain merger and purchase agreement approved by the Court in connection with the Confirmed Plan (the "Merger and Purchase Agreement").   In particular, Kirkland represented the Debtors in connection with their enforcement action against Texas Transmission, Inc. ("TTI"), a current owner of 19.75% minority interest in Oncor, regarding certain provisions of an Investor Rights Agreement entered between the Debtors, TTI, and Oncor.  On April 5, 2016, after reviewing briefs filed by all the parties and dueling summary judgment motions, the Bankruptcy Court ruled in favor of the Debtors, resulting in the Debtors being permitted to "drag" TTI in connection with a transaction at Oncor. Furthermore, Kirkland worked alongside the TCEH Debtors to negotiate financing in the form of

4

exit financing or, at the TCEH Debtor's election, replacement DIP financing that will convert into exit financing.[4]

5.      Separately, the EFIH Debtors continued to make progress on multiple makewhole litigation fronts.   On February 16, 2016, the United States District Court for the District of Delaware entered an order denying a makewhole premium for certain EFIH first lien creditors. On April 12, 2016, after reviewing briefs filed by the parties, the United States District Court for the District of Delaware entered an order denying the EFIH second lien noteholders' makewhole claim as well as relief from the automatic stay.

6.      While working to consummate the Confirmed Plan, Kirkland also worked with the Debtors to prepare an alternative plan of reorganization in the event the Confirmed Plan could not be consummated on the timeframes and terms contemplated by the Plan Support Agreement approved by the Bankruptcy Court on September 18, 2016 [D.I. 6097] (the "Plan Support Agreement").

7.      On May 1, 2016, the ad hoc committee of TCEH first lien creditors delivered a Plan Support Termination Notice (as defined in the Plan Support Agreement) that had the effect of voiding the Confirmed Plan and shifting the Debtors' obligations under the Plan Support Agreement to pursue a new plan of reorganization that contained the required plan terms. Immediately, thereafter, EFH Corp., Energy Future Intermediate Holdings Company, LLC, and EFIH Finance, Inc., delivered a notice terminating their obligations under the Merger and Purchase Agreement.

---

[4]    *See Motion of Texas Competitive Electric Holdings Company LLC and Certain of Its Debtor Affiliates for Entry of Orders (A) Authorizing the TCEH Debtors to (X) Enter into the Postpetition Financing Commitment Letter and the Fee Letter (Y) Pay Associated Fees and Expenses, and (B) Granting Related Relief, and (II) (A) Approving Postpetition Financing For Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing Refinancing of Secured Post-Petition Debt and (D) Modifying the Automatic Stay* [D.I. 8668].

8.      Moments later, and one day after the end of the Fee Period, the Debtors filed (a) the *Joint Chapter 11 Plan of Reorganization of Energy Future Holdings Corp.*, et al., *Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 8355] (as amended on May 11, 2016 [D.I. 8422] and as may be amended, modified, or supplemented from time to time, the "New Plan") and supporting disclosure statement [D.I. 8356] (as amended on May 11, 2016 [D.I. 8423], the "New Disclosure Statement"), and (b) *Motion of Energy Future Holdings Corp.*, et al., *for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement* [D.I. 8358] (the "Scheduling Motion").  The New Plan, New Disclosure Statement, and Scheduling Motion collectively ensured that the termination of the Merger Agreement and voiding of the Confirmed Plan did not materially delay the Debtors' path to emergence.  As a result of these efforts, the Debtors have made a smooth transition to an alternative restructuring.

9.      In sum, during the Fee Period, the Debtors worked to capitalize on earlier efforts to ensure that pursuit of an alternative restructuring, if necessary, would not materially delay the Debtors' path to exit.

## Case Status Summary

10.      During the Fee Period, the Debtors prepared and filed the New Plan, New Disclosure Statement, and the Scheduling Motion. On May 23, 2016, the Court entered an order establishing the timeline for the TCEH and EFH/EFIH Debtors' paths to exit (the "Scheduling Order").  The TCEH Debtors are preparing for a disclosure statement hearing with respect to the TCEH Debtors on June 16, 2016, and a confirmation hearing with respect to the TCEH Debtors on August 17, 2016.   At the same time, the EFH/EFIH Debtors are working with their

6

stakeholders to reach consensus around an alternative restructuring transaction for the EFH/EFIH

Debtors.  The Scheduling Order contemplates that a disclosure statement hearing with respect to

the EFH/EFIH Debtors will take place on July 21, 2016, by which time the Debtors believe they

will be poised to inform the Court and all other parties in interest regarding the path forward on

the EFH/EFIH Debtors' restructuring.

### The Debtors' Retention of Kirkland

11.    On September 16, 2014, the Court entered the *Order Authorizing the Retention*

*and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys*

*for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date*

[D.I. 2052] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference.

The Retention Order authorizes the Debtors to compensate and reimburse Kirkland in accordance

with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee

Committee Order, and the Interim Compensation Order.  The Retention Order also authorizes the

Debtors to compensate Kirkland at Kirkland's hourly rates charged for services of this type and to

reimburse Kirkland for actual and necessary out-of-pocket expenses incurred, subject to

application to this Court.[5]  The particular terms of Kirkland's engagement are detailed in the

engagement letter by and between Kirkland and the Debtors, effective as of June 19, 2012, and

attached hereto as **Exhibit C** (the "Engagement Letter").

12.    The Retention Order authorizes Kirkland to provide the following services

consistent with and in furtherance of the services enumerated above:

> a. advising the Debtors with respect to their powers and duties as
>    debtors-in-possession in the continued management and operation of their
>    businesses and properties;

---

[5]    In accordance with the Retention Order, Kirkland does not seek reimbursement of expenses for office supplies
pursuant to this Fee Application.

7

     b. preparing pleadings, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates and consistent with the services identified in the Retention Order;

     c. appearing before the Court and any appellate courts to represent the interests of the Debtors' estates before those courts in connection with the services in the Retention Order; and

     d. performing all other legal services reasonably necessary or otherwise beneficial for the Debtors in connection with these chapter 11 cases.

### <u>Disinterestedness of Kirkland</u>

13. To the best of the Debtors' knowledge and as disclosed in: the *Declaration of Edward O. Sassower, P.C. in Support of the Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Effective Date* [D.I. 660] (the "<u>First Sassower Declaration</u>"); the *Amended Declaration of Edward O. Sassower in Support of the Debtors Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Effective Date* [D.I. 1733] (the "<u>Amended Sassower Declaration</u>"); the *First Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2005] (the "<u>First Supplemental Sassower Declaration</u>"); the *Second Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2949] (the "<u>Second Supplemental Sassower Declaration</u>"); the *Third Supplemental Declaration of Edward O. Sassower in Support of the*

8

*Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 3041] (the "Third Supplemental Sassower Declaration"); the *Fourth Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 4963] (the "Fourth Supplemental Sassower Declaration"); the *Fifth Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland and Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 6240] (the "Fifth Supplemental Sassower Declaration"); the *Sixth Supplemental Declaration of James H.M. Sprayregen in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland and Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 7418] (the "Sixth Supplemental Sprayregen Declaration" and together with the First Sassower Declaration, the Amended Sassower Declaration, the First Supplemental Sassower Declaration, the Second Supplemental Sassower Declaration, the Third Supplemental Sassower Declaration, the Fourth Supplemental Sassower Declaration, and the Fifth Supplemental Sassower Declaration, the "Kirkland Declarations"), Kirkland (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code; (b) does not hold or represent an interest adverse to the

9

Debtors' estates; and (c) has no connection to the Debtors, their creditors, or other parties-in-interest, except as may be disclosed in the Kirkland Declarations.

14.    Kirkland may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors in these chapter 11 cases.  In the Kirkland Declarations, Kirkland disclosed its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.  Kirkland will update the Kirkland Declarations or file additional ones, as appropriate, if Kirkland becomes aware of relevant and material new information.

15.    Kirkland performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

16.    Except to the extent of the advance payments paid to Kirkland that Kirkland previously disclosed to this Court in the Kirkland Declarations, Kirkland has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.[6]

17.    Pursuant to Bankruptcy Rule 2016(b), Kirkland has not shared, nor has Kirkland agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Kirkland or (b) any compensation another person or party has received or may receive.

---

[6]    Under the Merger and Purchase Agreement (attached as Exhibit B to the *Motion of Energy Future Holdings Corp.* et al., *to Authorize the Debtors to Enter Into and Perform Under the Plan Support Agreement* [D.I. 5248]) EFH Corp. is separately tracking certain fees and expenses incurred by the Debtors' professionals (including Kirkland) in connection with certain Enforcement Actions (as defined in the Merger and Purchase Agreement). EFH Corp. is entitled to seek reimbursement from an entity owned by the Hunt Consortium (defined as the "Parent" in the Merger and Purchase Agreement) or the Purchasers (as defined in the Merger Agreement) for any such fees and expenses.

10

## Summary of Compliance with Interim Compensation
## Order and Fee Committee Order

18.     This Fee Application has been prepared in accordance with the Interim Compensation Order and the Fee Committee Order.

19.     Kirkland seeks interim compensation for professional services rendered to the Debtors during the Fee Period in the amount of $6,832,541.50 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $422,706.64.  During the Fee Period, Kirkland attorneys and paraprofessionals expended a total of 7,922.40 hours for which compensation is requested.

20.     Kirkland has sought payments totaling $5,466,033.19 under the Interim Compensation Order and the Fee Committee Order pursuant to the monthly fee statements. Kirkland has submitted the Monthly Fee Statements seeking payment of (a) 80% of the fees incurred by the Debtors for reasonable and necessary professional services rendered by Kirkland and (b) 100% of the actual and necessary costs and expenses incurred by Kirkland in connection with the services provided to the Debtors for each month.

21.     Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, Kirkland seeks payment of the remaining $1,366,508.30, which represents the 20% holdback period on fees incurred during the Fee Period.

## Fees and Expenses Incurred During Fee Period

A.     **Customary Billing Disclosures**.

22.     Kirkland's hourly rates are set at a level designed to compensate Kirkland fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure utilized by Kirkland in these chapter 11 cases are

11

equivalent to the hourly rates and corresponding rate structure used by Kirkland for other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  The rates and rate structure reflect that such restructurings and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures.  For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit D** is a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtors during the Fee Period.

**B.      Fees Incurred During Fee Period**.

23.     In the ordinary course of Kirkland's practice, Kirkland maintains computerized records of the time expended to render the professional services required by the Debtors and their estates.  For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit E** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional at Kirkland's current billing rates;

- the hourly billing rate for each attorney and each paraprofessional as disclosed in the first interim fee application;

- the number of rate increases since the inception of the case; and

- a calculation of total compensation requested using the rates disclosed in the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in*

12

*Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 660] (the "Retention Application").

**C.    Expenses Incurred During Fee Period.**

24.    In the ordinary course of Kirkland's practice, Kirkland maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought.  Kirkland currently charges $0.16 per page for standard duplication in its offices in the United States.  Notwithstanding the foregoing and consistent with the Local Bankruptcy Rules, Kirkland charged no more than $0.10 per page for standard duplication services in these chapter 11 cases.  Kirkland does not charge its clients for incoming facsimile transmissions.

25.    For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit F** is a summary of expenses incurred during the Fee Period and setting forth the total amount of reimbursement sought with respect to each category of expenses for which Kirkland is seeking reimbursement.

**Proposed Payment Allocation**

26.    In accordance with paragraph 2(b) of the Interim Compensation Order, Kirkland proposes the following allocation of the fees and expenses sought in this Fee Application among (a) EFH Corp., (b) EFIH, and (c) the TCEH Debtors:

13

| Direct Benefit Fees:  $1,369,617.00 | |
| --- | --- |
| (comprised of $1,366,237.00 fees and $3,380.00 expenses) | |
| **Debtor(s)** | **Amount** |
| EFH Corp. | $19,937.60 |
| EFIH | $343,293.70 |
| TCEH Debtors | $1,006,385.70 |
| *Total:* | $1,369,617.00 |
| Collective Benefit Fees:  $5,885,631.14 | |
| (comprised of $5,466,304.50 fees and $419,326.64 expenses) | |
| **Debtor(s)** | **Amount** |
| EFH Corp. | $318,934.36 |
| EFIH | $1,519,406.27 |
| TCEH Debtors | $4,047,290.51 |
| *Total:* | $5,885,631.14 |
| *Grand Total:* | $7,255,248.14 |

**Summary of Legal Services Rendered During the Fee Period**

27.     As discussed above, during the Fee Period, Kirkland provided extensive and important professional services to the Debtors in connection with these chapter 11 cases.  These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

28.     To provide a meaningful summary of Kirkland's services provided on behalf of the Debtors and their estates, Kirkland has established, in accordance with its internal billing procedures, certain subject matters categories (each, a "Matter Category") in connection with these chapter 11 cases.  The following is a summary of the fees and hours billed for each Matter Category in the Fee Period:[7]

| Matter Number | Project Category Description | Hours Billed | Total Compensation Billed |
| --- | --- | --- | --- |
| 0005 | [ALL] Business Operations | 0.30 | 248.50 |

---

[7]     In certain instances Kirkland may have billed the same amount of fees, but different amount of hours to different Matter Categories.  This difference is the result of different staffing of each such Matter Category.

14

| Matter Number | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 0006 | [ALL] Case Administration | 82.70 | 41,739.00 |
| 0007 | [ALL] Cash Management | 2.30 | 1,598.50 |
| 0008 | [ALL] Claims Administration & Objections | 810.10 | 529,626.50 |
| 0009 | [ALL] Contested Matters & Adv. Proceed. | 298.60 | 192,957.00 |
| 0010 | [ALL] Corp. Governance and Sec. Issues | 560.30 | 463,549.50 |
| 0011 | [ALL] Exec. Contracts & Unexpired Leases | 60.50 | 33,848.00 |
| 0012 | [ALL] Hearings | 33.00 | 27,255.50 |
| 0014 | [ALL] Kirkland Retention and Fee Applications | 295.00 | 171,856.00 |
| 0015 | [ALL] Mediation | 0.50 | 140.00 |
| 0017 | [ALL] Non-Kirkland Retentions & Fee Apps | 68.70 | 44,874.50 |
| 0018 | [ALL] Non-Working Travel | 78.90 | 82,236.00 |
| 0021 | [ALL] Plan and Disclosure Statements | 1,404.80 | 1,572,787.50 |
| 0026 | [ALL] Retiree and Employee Issues/OPEB | 320.60 | 258,643.00 |
| 0029 | [ALL] Tax Issues | 734.00 | 871,860.00 |
| 0030 | [ALL] U.S. Trustee Issues | 2.30 | 2,420.50 |
| 0033 | [ALL] Vendor and Other Creditor Issues | 45.40 | 27,467.00 |
| 0034 | [TCEH] Asset Dispositions and Purchases | 152.10 | 112,955.00 |
| 0037 | [TCEH] Business Operations | 2.20 | 1,980.00 |
| 0038 | [TCEH] Cash Collateral and DIP Financing | 63.20 | 57,254.50 |
| 0039 | [TCEH] Claims Administration & Objection | 138.70 | 66,537.50 |
| 0042 | [TCEH] Environmental Issues | 56.20 | 54,336.00 |
| 0057 | [TCEH] Trading and Hedging Contracts | 8.30 | 7,019.00 |
| 0066 | [EFIH] Cash Collat./DIP Finan./Make-whole | 23.30 | 29,549.50 |
| 0068 | [EFIH] Contested Matters & Advers. Pro. | 312.50 | 306,332.50 |
| 0070 | [EFIH] Hearings | 6.00 | 7,290.00 |
| 0082 | [EFIH] Asset Dispositions and Purchases | 22.80 | 14,622.00 |
| 0089 | [EFH] EFH Properties | 3.40 | 3,434.00 |
| 0108 | [TCEH] Exec. Contracts & Unexpired Lease | 6.40 | 4,397.00 |
| 0113 | [ALL] Enforcement of TTI Rights | 1,661.40 | 1,143,197.50 |
| 0115 | [TCEH] Exit Financing | 667.90 | 700,530.00 |

29.    The following is a summary, by Matter Category, of the most significant professional services provided by Kirkland during the Fee Period.  This summary is organized in accordance with Kirkland's internal system of matter numbers.  The detailed descriptions demonstrate that Kirkland was heavily involved in performing services for the Debtors on a daily basis, often including night and weekend work, to meet the needs of the Debtors' estates in these chapter 11 cases.

15

30.     A schedule setting forth a description of the Matter Categories utilized in this case, the number of hours expended by Kirkland partners, associates, and paraprofessionals by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit G**.  **Exhibit H** is Kirkland's budget and staffing plan for this Fee Period, which has been approved by the Debtors, and **Exhibit I** is a comparison of hours and fees budgeted for each matter category to which Kirkland professionals and paraprofessionals billed time during the Fee Period against the hours and fees for which Kirkland seeks compensation for the Fee Period.

31.     In addition, Kirkland's computerized records of time expended providing professional services to the Debtors and their estates are attached hereto as **Exhibit J**, and Kirkland's records of expenses incurred during the Fee Period in the rendition of professional services to the Debtors and their estates are attached as **Exhibit K**.

(a)     **[ALL] Business Operations (Matter No. 5)**

Total Fees:     $248.50
Total Hours:   0.30

32.     This Matter Category includes time spent by Kirkland attorneys during the Fee Period on matters related to the Debtors' business operations.

(b)     **[ALL] Case Administration (Matter No. 6)**

Total Fees:     $41,739.00
Total Hours:   82.70

33.     This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period on tasks assuring the smooth and efficient administration of the Debtors' chapter 11 cases.  Specifically, Kirkland attorneys and paraprofessionals spent time:

     i.     coordinating work streams, client communications, and creditor communications by monitoring critical dates and case developments and

16

maintaining and disseminating case calendars, task lists, work-in-progress reports, and key deadlines in these chapter 11 cases;

ii.      preparing for and participating in telephone conferences with both the Kirkland working groups, other retained professionals, and the Debtors regarding the status of pending workstreams; and

iii.     reviewing docket entries as they are filed to apprise the Debtors, as well as other retained professionals, of developments in these chapter 11 cases, in real-time.

### (c)      [ALL] Cash Management (Matter No. 7)

Total Fees:    $1,598.50
Total Hours:   2.30

34.    This Matter Category includes time spent by Kirkland attorneys during the Fee Period on matters regarding the Debtors' bank accounts.

### (d)      [ALL] Claims Administration & Objections (Matter No. 8)

Total Fees:    $529,656.50
Total Hours:   810.10

35.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period related to the administration and resolution of claims filed against the Debtors' estates, the resolution of which may affect all of the Debtors' estates.  To date, creditors have filed more than 10,000 non-asbestos proofs of claim and more than 30,000 asbestos proofs of claim in these chapter 11 cases.  Specifically, Kirkland attorneys and paraprofessionals spent time, among other things:

i.       analyzing and researching issues related to claims against the Debtors;

ii.      preparing and filing five omnibus objections to claims, which resulted in the court disallowing or modifying 110 proofs of claim to reduce the total amount asserted against the Debtors by $118,095,403.86;[8]

---

[8]    *See Debtors' Thirty-Fifth Omnibus (Non-Substantive) Objection to Insufficient Documentation, Amended, and Wrong Debtor Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 7810]; *Debtors' Thirty-Sixth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy*

iii.      responding to formal and informal responses to the omnibus objections;

iv.      analyzing asbestos-related claims and litigation issues and drafting appellate briefing regarding the Court's orders denying an asbestos objection to the Confirmed Plan and a motion to grant class certification to unmanifested asbestos claimants;[9]

v.      drafting and filing a motion to establish a supplemental bar date and response to an objection to the same;[10] and

vi.      analyzing and responding to an appeal by a pro se claimant of the Court's denial of the claimant's $1.8 billion claim.[11]

**(e)      [ALL] Contested Matters & Adversary Proceedings (Matter No. 9)**

Total Fees:    $192,957.00
Total Hours:   298.60

36.     This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period providing services related to contested matters, adversary proceedings, and contingency planning for a new confirmation process. Specifically, Kirkland attorneys and paraprofessionals spent time:

i.      monitoring the docket to ensure compliance with certain requirements of a confidentiality agreement and protective order and fulfilling requirements to maintain confidentiality of designated material;

---

*Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 7812]; *Debtors' Thirty-Seventh Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 7814]; *Debtors' Thirty-Eighth Omnibus (Non-Substantive) Objection to Insufficient Documentation and Amended Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 8067]; *Debtors' Thirty-Ninth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Sections 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 8069]; *Debtors' Fortieth Omnibus (Substantive) Objection to No Liability and Overstated Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 8071].

[9]   *See Appellees' Motion to Dismiss Fenicle and Fahy Appeal* [D. Del. 15-1183, D.I. 38]; *Emergency Motion to Stay Briefing Deadlines* [D. Del. 15-1183, D.I. 40]; *Brief of Appellees* [D. Del. 15-1183, D.I. 43].

[10]   *See Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Setting a Supplemental Bar Date for Ninety Subsequently Identified Parties, (B) Approving Notice Thereof, and (C) Establishing Related Procedures* [D.I. 8150]; *Debtors' Reply in Support of Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Setting a Supplemental Bar Date for Ninety Subsequently Identified Parties, (B) Approving Notice Thereof, and (C) Establishing Related Procedures* [D.I. 8261].

[11]   *See Brief of Appellees* [D. Del. 15-1213, D.I. 20].

18

<div style="margin-left:2em">

ii.      analyzing issues related to confirmation of the confirmed Plan;

iii.     planning collection and processing of documents from the Debtors for review and potential production in connection with a new confirmation process; and

iv.     negotiating, drafting, and revising the scheduling motion and proposed order for a new confirmation process.

</div>

**(f)    [ALL] Corporate and Securities Issues (Matter No. 10)**

> Total Fees:   $463,549.50
> Total Hours: 560.30

37.    This Matter Category includes time spent by Kirkland attorneys during the Fee Period related to corporate governance issues involving all of the Debtors, including their respective disinterested directors and managers.  Specifically, Kirkland attorneys spent time:

<div style="margin-left:2em">

i.      preparing for, and participating in, joint meetings with all of the Debtors' boards of directors regarding corporate and financial aspects of the chapter 11 process;

ii.     drafting, reviewing, and revising documents and resolutions related to all of the Debtors' corporate governance during the chapter 11 process;

iii.    addressing regulatory issues and ancillary documents related to the Merger and Purchase Agreement (and the transactions contemplated therein, collectively, the "Merger Transaction"); and

iv.    analyzing issues relating to the Merger Transaction, including rights offering procedures and Hart-Scott-Rodino filing procedures.

</div>

**(g)    [ALL] Exec. Contracts & Unexpired Leases (Matter No. 11)**

> Total Fees:   $33,848.00
> Total Hours: 60.50

38.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period examining issues related to the Debtors' executory contracts and unexpired leases.  Specifically, Kirkland attorneys and paraprofessionals spent time:

<div style="margin-left:2em">

i.      analyzing and researching the Debtors' obligations under various outstanding executory contracts and leases;

</div>

<div style="text-align:center">19</div>

     ii.        communicating with the Debtors and their advisors regarding contract assumption and rejection issues; and

     iii.       negotiating with outside parties regarding contract assumption and rejection issues.

    **(h)**      **[ALL] Hearings (Matter No. 12)**

        Total Fees:    $27,255.50
        Total Hours:  33.00

39.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period preparing for and attending hearings, including, among others:

     i.         various telephonic status hearings in the TTI adversary proceeding and main chapter 11 case;

     ii.        a summary judgment hearing in the TTI adversary proceeding; and

     iii.       a hearing to consider approval of the Scheduling Order.

    **(i)**      **[ALL] Kirkland Retention and Fee Applications (Matter No. 14)**

        Total Fees:    $171,856.00
        Total Hours:  295.00

40.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period providing services related to Kirkland's retention and fee materials.  Specifically, Kirkland attorneys and paraprofessionals spent time:

     i.         reviewing, revising, and refining budget and staffing materials;

     ii.        reviewing and revising invoices regarding privilege and compliance with applicable guidelines and rules;

     iii.       reviewing and analyzing conflicts reports for any potential conflicts of interest;

     iv.       preparing and filing Kirkland's fifth interim fee application.[12]

---

[12]   *See Fifth Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period from September 1, 2015 through and including*

(j)      **[ALL] Mediation (Matter No. 15)**

        Total Fees:    $140.00
        Total Hours:   0.50

41.    This Matter Category includes time spent by a Kirkland paraprofessional during the Fee Period drafting a joint mediation statement in connection with the Bank of New York Mellon's appeal of the Plan Support Agreement.

(k)      **[ALL] Non-Kirkland Retentions and Fee Applications (Matter No. 17)**

        Total Fees:    $44,874.50
        Total Hours:   68.70

42.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period providing services related to the retention of professionals other than Kirkland.  Specifically, Kirkland attorneys and paraprofessionals spent time:

    i.      corresponding with the Debtors' professionals regarding, among other things, supplemental declarations, the scope of the professionals' services, budgeting, and the interim compensation process;

    ii.     assisting other professionals in receiving compensation in accordance with the interim compensation process and deal documents; and

    iii.    analyzing and drafting retention papers for a financial advisor in connection with a potential strategic transaction.

(l)      **[ALL] Non-Working Travel (Matter No. 18)**

        Total Fees:    $82,236.00
        Total Hours:   78.90

43.    This Matter Category includes non-working travel time spent by Kirkland attorneys during the Fee Period in connection with their representation of the Debtors.  The

---

*December 31, 2015* [D.I. 7708] and *Amended Fifth Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period from September 1, 2015 through and including December 31, 2015* [D.I. 7719].

21

amounts requested in the Fee Application reflect a reduction of one-half of the charges for travel time not spent working on matters related to these chapter 11 cases.

### (m)    [ALL] Plan and Disclosure Statements (Matter No. 21)

Total Fees:    $1,572,787.50
Total Hours:   1,404.80

44.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period working to consummate the Confirmed Plan and, to the extent necessary, developing the New Plan.    Specifically, Kirkland attorneys and paraprofessionals spent time:

    i.    communicating and coordinating with the Debtors and their other advisors regarding consummation of the transactions contemplated by the Confirmed Plan;

    ii.    communicating with the disinterested directors' advisors of each of EFH Corp., EFIH, and EFCH/TCEH regarding the Confirmed Plan;

    iii.    analyzing the regulatory approval process related to the transactions contemplated by the Confirmed Plan;

    iv.    drafting the New Plan and New Disclosure Statement filed on May 1, 2016;[13] and

    v.    discussing alternative restructuring terms with creditor constituencies and disinterested directors' advisors.

### (n)    [ALL] Retiree and Employee Issues / OPEB (Matter No. 26)

Total Fees:    $258,643.00
Total Hours:   320.60

45.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period providing services related to various issues concerning

---

[13]    *See Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 8355, as amended, D.I. 8421; *Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 8356, as amended, D.I. 8423].

22

the Debtors' retirees and employees, including employees of EFH Corporate Services. Specifically, Kirkland attorneys and paraprofessionals spent time:

     i.     drafting and revising motion for an order approving the 2016 compensation program, responding to diligence requests regarding the same, and securing court approval of same;[14]

     ii.     advising the Debtors in connection with the potential transfer of benefit programs to the reorganized Debtor as part of the Plan;

     iii.     advising the Debtors to ensure compliance with the orders approving the 2015 and 2016 compensation programs;[15] and

     iv.     providing ongoing advice to the Debtors regarding existing compensation relief and compliance therewith.

     **(o)**     **[ALL] Tax Issues (Matter No. 29)**

          Total Fees:     $871,860.00
          Total Hours:   734.00

46.     This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period conducting legal research, preparing correspondence, pleadings, and disclosures, and generally advising the Debtors in connection with tax issues. Specifically, Kirkland attorneys and paraprofessionals spent time:

     i.     preparing IRS submissions and correspondence in connection with the private letter ruling process;

     ii.     researching and analyzing the REIT structure associated with the Plan and Merger Transaction;

     iii.     researching and analyzing certain tax issues associated with current business operations, the Merger and Purchase Agreement and related transactions, the alternative restructuring terms, and other potential strategic transactions;

---

[14]   *See Order (A) Approving an Increase in the Limit on the Debtors' Authority to Pay Non-Insider Severance and (B) Authorizing the Debtors to Pay Insider Severance in Accordance with the Insider Severance Procedures* [D.I. 7981].

[15]   *See Order Approving the 2015 Compensation Programs* [D.I. 3052]; *Order Approving the 2016 Compensation Programs* [D.I. 7350].

iv.     addressing and responding to inquiries from various parties-in-interest regarding diligence related to various tax considerations related to restructuring transactions at the TCEH Debtors; and

v.      analyzing and corresponding regarding tax effect of recent legislation on potential REIT organization.

**(p)      [ALL] U.S. Trustee Issues (Matter No. 30)**

Total Fees:     $2,420.50
Total Hours:   2.30

47.     This Matter Category includes time spent by Kirkland attorneys during the Fee Period related to reviewing and revising the Debtors' monthly operating reports to comply with U.S. Trustee guidelines.

**(q)      [ALL] Vendor and Other Creditor Issues (Matter No. 33)**

Total Fees:     $27,467.00
Total Hours:   45.40

48.     This Matter Category includes time spent by a Kirkland attorney during the Fee Period related to general vendor inquiries and corresponding with counterparties and the Company regarding contract payments.

**(r)      [TCEH] Asset Disposition and Acquisition (Matter No. 34)**

Total Fees:     $112,955.00
Total Hours:   152.10

49.     This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period providing services related to the disposition, investment, or purchase of assets by the TCEH Debtors.     Specifically, Kirkland attorneys and paraprofessionals spent time:

i.      representing the Debtors in negotiations with parties-in-interest regarding the terms and conditions of certain *de minimis* acquisitions and analyzing diligence regarding the same; and

24

    ii.          analyzing certain potential transactions and drafting and revising documents regarding the same.

### (s)    [TCEH] Business Operations (Matter No. 37)

Total Fees:    $1,980.00
Total Hours:  2.20

50.    This Matter Category includes time spent by a Kirkland attorney during the Fee Period related to certain business operations of the TCEH Debtors.

### (t)    [TCEH] Cash Collateral and DIP Financing (Matter No. 38)

Total Fees:    $57,254.50
Total Hours:  63.20

51.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period related to the DIP facility available to TCEH and TCEH's authorized use of cash collateral.  Specifically, Kirkland attorneys and paraprofessionals spent time:

    i.          advising the TCEH Debtors and their other professionals regarding payments under the TCEH cash collateral order; and

    ii.          analyzing issues involving the TCEH Debtors regarding a potential DIP extension and DIP refinancing.

### (u)    [TCEH] Claims Administration and Objections (Matter No. 39)

Total Fees:    $66,537.50
Total Hours:  138.70

52.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period related to the administration and resolution of claims against the TCEH Debtors' estates.

### (v)    [TCEH] Environmental Issues (Matter No. 42)

Total Fees:    $54,336.00
Total Hours:   56.20

53.    This Matter Category includes time spent by Kirkland attorneys during the Fee Period analyzing and addressing certain environmental compliance issues, including potential environmental liabilities, litigation matters and related settlement options, and the dischargeability of environmental claims against the TCEH Debtors.

### (w)    [TCEH] Trading and Hedging Contracts (Matter No. 57)

Total Fees:    $7,019.00
Total Hours:   8.30

54.    This Matter Category includes time spent by Kirkland attorneys during the Fee Period providing services related to the hedging and trading activities of the TCEH Debtors.

### (x)    [EFIH] Cash Collateral / DIP Financing / Make-whole Issues (Matter No. 66)

Total Fees:    $29,549.50
Total Hours:   23.30

55.    This Matter Category includes time spent by Kirkland attorneys during the Fee Period providing services related to EFIH financing issues, including a potential DIP extension.

### (y)    [EFIH] Contested Matters and Adversary Proceedings (Matter No. 68)

Total Fees:    $306,332.50
Total Hours:   312.50

56.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period related to the EFIH Debtors' contested matters and adversary proceedings with EFIH creditors, in particular, the EFIH makewhole and postpetition interest litigations.  Specifically, Kirkland attorneys and paraprofessionals spent time:

26

    i.    researching, drafting, and revising pleadings and appellate briefs associated with these litigations;[16]

    ii.    preparing for and participating in oral arguments associated with these litigations;

    iii.    securing an order from the district court affirming the Court's denial of a makewhole premium for certain EFIH first lien creditors;[17]

    iv.    analyzing an appeal of the same to the Third Circuit and drafting a response brief that the Debtors filed on June 8, 2016;[18] and

    v.    securing an order from the district court affirming the Court's denial of a makewhole premium for certain EFIH second lien creditors and analyzing the appeal of same.[19]

**(z)**     **[EFIH] Hearings (Matter No. 70)**

    Total Fees:    $7,290.00
    Total Hours:  6.00

57.     This Matter Category includes time spent by a Kirkland attorney during the Fee Period appearing at an appellate hearing regarding makewhole issues in connection with claims filed by EFIH creditors.

---

[16]   *See, e.g.*, Debtors' Mot. for Entry of an Order (A) Approving an Increase in the Limit on the Debtors' Authority to Pay Non-Insider Severance and (B) Authorizing the Debtors to Pay Insider Severance in Accordance with the Insider Severance Procedures [D.I. 7894]; Appellee's Br., *Computershare Trust Co. N.A., et al. v. Energy Future Intermediate Holding Co. LLC, et al.*, Case No. 1:15-cv-01011-RGA (D. Del. Jan. 22, 2016) [Adv. D.I. 19].

[17]   Mem. Order, *Del. Trust. Co. v. Energy Future Intermediate Holding Co. LLC, et al..*, No. 15-620-RGA (D. Del. Feb. 16, 2016) [Adv. D.I. 57].

[18]   Appellants' Br., *Del. Trust Co. v. Energy Future Intermediate Holding Co. LLC, et al.*, No. 16-1351 (3d Cir. May 9, 2016); Appellee's Br., *Del. Trust Co. v. Energy Future Intermediate Holding Co. LLC, et al.*, No. 16-1351 (3d Cir. June 8, 2016).

[19]   Mem. Order, *Computershare Trust Co., N.A. et al.. v. Energy Future Intermediate Holding Co. LLC, et al.*, No. 15-1011-RGA (D. Del. Apr. 12, 2016) [Adv. D.I. 25]; Notice of Appeal, *Computershare Trust Co., N.A. et al. v. Energy Future Intermediate Holding Co. LLC, et al.*, No. 15-1011-RGA (D. Del. Apr. 13, 2016) [Adv. D.I. 26]; Order Consolidating Cases, *In re Energy Future Holdings Corp.*, Nos. 16-1351, 16-1926, 16-1927, 16-1928 (3d Cir. Apr. 19, 2016).

(aa)    **[EFIH] Asset Dispositions and Purchases (Matter No. 82)**

Total Fees:    $14,622.00
Total Hours:    22.80

58.    This Matter Category includes the time spent by Kirkland attorneys during the Fee

Period providing services related to a potential sale of assets of EFIH.

(bb)    **[EFH] EFH Properties (Matter No. 89)**

Total Fees:    $3,434.00
Total Hours:    3.40

59.    This Matter Category includes time spent by a Kirkland attorney during the Fee

Period providing services related to a settlement agreement regarding EFH Properties Company.

(cc)    **[TCEH] Executory Contracts and Unexpired Leases (Matter No. 108)**

Total Fees:    $4,397.00
Total Hours:    6.40

60.    This    Matter    Category    includes    time    spent    by    Kirkland    attorneys    and

paraprofessionals during the Fee Period examining issues related to the TCEH Debtors' executory

contracts and unexpired leases.  Specifically, Kirkland attorneys and paraprofessionals spent time:

i.    researching and analyzing the TCEH Debtors' obligations under various executory contracts and leases; and

ii.    finalizing and documenting a settlement resolving the Alcoa litigation and securing court approval of the same.[20]

---

[20]    *See Motion of Energy Future Holdings Corp.*, et al., *for Entry of an Order Approving the Assumption of All Executory Contracts By and Among Luminant Generation Company LLC, Luminant Mining Company LLC, Sandow Power Company LLC, Texas Competitive Electric Holdings Company LLC, and Alcoa Inc. and Approving the Settlement Agreement and Mutual Release in Connection Therewi*th [D.I. 7549]; *Order Approving The Assumption Of All Executory Contracts By And Among Luminant Generation Company LLC, Luminant Mining Company LLC, Sandow Power Company LLC, Texas Competitive Electric Holdings Company LLC, And Alcoa Inc., And Approving The Settlement Agreement And Mutual Release In Connection Therewith* [D.I. 7713].

28

### (dd)    [ALL] Enforcement of TTI Rights (Matter No. 113)

Total Fees:    $1,143,197.50
Total Hours:    1,661.40

61.    This Matter Category includes time spent by Kirkland attorneys and paraprofessionals during the Fee Period pursuing litigation required under the Merger Agreement as part of the Merger Transaction.  Specifically, Kirkland attorneys spent time:

i.    reviewing EFH and TTI governing documents (e.g., Investor Rights Agreement);

ii.    engaging in discussions with various parties to the Plan Support Agreement and Merger and Purchase Agreement regarding the litigation against TTI to enforce EFH's "drag along rights";

iii.    evaluating regulatory considerations related to the litigation against TTI;

iv.    identifying, collecting, and processing documents from the Debtors for review and potential production;

v.    coordinating document review processes internally and with third-party database vendor to ensure an efficient document review process;

vi.    analyzing and reviewing over 40,000 potentially responsive documents, culminating in the production of over 7,300 documents and over 191,000 pages, and preparing a privilege log and conferencing with the Debtors, their advisors, and certain parties-in-interest regarding the same;

vii.    fact investigation, including document review, in preparation for depositions, motions for summary judgment, and trial;

viii.    preparing for, taking, and defending depositions of nine fact and expert witnesses;

ix.    drafting, revising, and filing a motion for summary judgment and other pleadings;[21]

---

[21]    *See Plaintiffs Joint Motion for Summary Judgment* [Adv. Pro. 15-51386, D.I. 110]; *Plaintiffs Joint Response in Opposition to Texas Transmission Investments LLC's Motion for Summary Judgment* [Adv. Pro. 15-51386, D.I. 142]; *Plaintiffs Joint Response in Opposition to Texas Transmission Investment LLC's Motion for Summary Judgment* [Adv. Pro. 15-51386, D.I. 148]; *Plaintiffs Joint Reply in Support of Their Motion for Summary Judgment* [Adv. Pro. 15-51386, D.I. 158].

29

x.     preparing for and participating in oral argument on the parties' cross-motions for summary judgment and TTI's motion for a determination that the court lacks authority to enter a final judgment; and

xi.     preparing for trial.

**(ee)     [TCEH] Exit Financing (Matter No. 115)**

Total Fees:     $700,530.00
Total Hours:    667.90

62.     This Matter Category includes time spent by Kirkland attorneys during the Fee Period examining issues related to the TCEH Debtors' exit financing.   Specifically, Kirkland attorneys spent time:

i.     analyzing various exit financing issues, including exit financing commitments and obligations, and drafting documents regarding the same; and

ii.     corresponding with the Company, its financial advisor, and opposing counsel regarding the same.

**Actual and Necessary Expenses Incurred by Kirkland**

63.     As set forth in **Exhibit K** attached hereto, and as summarized in **Exhibit F** attached hereto, Kirkland has incurred a total of $422,706.64 in expenses on behalf of the Debtors during the Fee Period.   These charges are intended to reimburse Kirkland's direct operating costs, which are not incorporated into the Kirkland hourly billing rates.   Kirkland charges external copying and computer research at the provider's cost without markup.   Only clients who actually use services of the types set forth in **Exhibit K** of this Fee Application are separately charged for such services.   The effect of including such expenses as part of the hourly billing rates would be to impose that cost upon clients who do not require extensive photocopying and other facilities and services.

30

### Reasonable and Necessary Services Provided by Kirkland

**A.      Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.**

64.      The foregoing professional services provided by Kirkland on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

65.      Many of the services performed by partners and associates of Kirkland were provided by Kirkland's Restructuring Group.  Kirkland has a prominent practice in this area and enjoys a national and international reputation for its expertise in financial reorganizations and restructurings of troubled companies, with approximately 100 attorneys focusing on this area of the law.  The attorneys at Kirkland have represented either the debtor or the creditors' committee or have acted as special counsel in many large chapter 11 cases.

66.      In addition, due to the facts and circumstances of these chapter 11 cases, attorneys from Kirkland's Litigation, Corporate, and Tax Groups were heavily involved with Kirkland's representation of the Debtors during the Fee Period.  These practice groups also enjoy a national and international reputation for their expertise.  Overall, Kirkland brings to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

**B.      Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.**

67.      The time constraints imposed by the circumstances of these chapter 11 cases required Kirkland attorneys and other employees to devote substantial time during the evenings and on weekends to perform services on behalf of the Debtors.  These services were essential to meet deadlines, respond to daily inquiries from various creditors and other parties-in-interest on a timely basis, satisfy the demands of the Debtors' businesses, and ensure the orderly

31

administration of their estates.  Consistent with firm policy and the Fee Committee Guidelines, and as further disclosed in the Retention Application, Kirkland attorneys and other Kirkland employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs.  Kirkland's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

68.     In addition, due to the location of the Debtors' businesses, co-counsel, creditors, and other parties-in-interest in relation to Kirkland's offices, frequent multi-party telephone conferences involving numerous parties were required.  On many occasions, the exigencies and circumstances of these chapter 11 cases required overnight delivery of documents and other materials.  The disbursements for such services are not included in Kirkland's overhead for the purpose of setting billing rates, and Kirkland has made every effort to minimize its disbursements in these chapter 11 cases.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors in these chapter 11 cases.

69.     Among other things, Kirkland makes sure that all overtime meals, travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement. Specifically, Kirkland regularly reviews its bills to ensure that the Debtors are billed for only services that were actual and necessary, and also, where appropriate, prorates expenses across the Debtors' estates.  In accordance with the Retention Order, Kirkland does not seek reimbursement of expenses for office supplies pursuant to this Fee Application.  In addition, Kirkland has waived certain fees and reduced certain expenses to comply with the Fee Committee Guidelines.

32

Kirkland will not seek reimbursement of expenses related to, among other things, in-office and out-of-office meals in excess of that allowed under the Fee Committee Guidelines and local travel expenses for those Kirkland employees who work on weekends or late in the evenings that do not meet the Fee Committee Guidelines.  In the Fee Period, Kirkland voluntarily reduced its fees by $368,348.00 and expenses by $16,267.46.  Consequently, Kirkland does not seek payment of such fees or reimbursement of such expenses in this Fee Application.

### **Kirkland's Requested Compensation and Reimbursement Should be Allowed**

70.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

33

11 U.S.C. § 330(a)(3).

71.     Kirkland respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates.  Kirkland further believes that it performed the services for the Debtors economically, effectively, and efficiently, and that the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' stakeholders.  Kirkland further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties-in-interest.

72.     During the Fee Period, Kirkland's hourly billing rates for attorneys ranged from $510.00 to $1,445.00.  The hourly rates and corresponding rate structure utilized by Kirkland in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by Kirkland for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  Kirkland strives to be efficient in the staffing of matters. These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

73.     Moreover, Kirkland's hourly rates are set at a level designed to compensate Kirkland fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

34

74.     In sum, Kirkland respectfully submits that the professional services provided by Kirkland on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by Kirkland, the nature and extent of Kirkland's services provided, the value of Kirkland's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.  Accordingly, Kirkland respectfully submits that approval of the compensation sought herein is warranted and should be approved.

### Reservation of Rights and Notice

75.     It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  Kirkland reserves the right to include such amounts in future fee applications.  In addition, the Debtors have provided notice of this Fee Application to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada,

35

in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) the Fee Committee; and (z) those parties that have requested notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties"). The

36

Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

76.     Pursuant to the Interim Compensation Order and the Fee Committee Order, any Notice Party (other than the Fee Committee) that wishes to object to the Fee Application must file its objection with the Court, with a copy to Chambers and serve it on Kirkland and the Notice Parties so that it is **<u>actually</u> <u>received</u>** on or before **July 7, 2016 at 4:00 p.m. (Eastern Daylight Time)**.

<div align="center">**<u>No Prior Request</u>**</div>

77.     No prior application for the relief requested herein has been made to this or any other court.

<div align="center">[*Remainder of page intentionally left blank.*]</div>

<div align="center">37</div>

WHEREFORE, Kirkland respectfully requests that the Court enter an order (a) awarding Kirkland interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $6,832,541.50, and reimbursement of actual, reasonable, and necessary expenses incurred in the Fee Period in the amount of $422,706.44; (b) authorizing and directing the Debtors to remit payment to Kirkland for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated: June 15, 2016
      New York, New York

*/s/ Edward O. Sassower*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
    stephen.hessler@kirkland.com
    brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
    marc.kieselstein@kirkland.com
    chad.husnick@kirkland.com
    steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*