**EXHIBIT 7**

**TCEH Solicitation Procedures**

## TCEH SOLICITATION PROCEDURES

The following procedures (the "TCEH Solicitation Procedures") will govern the solicitation and tabulation of votes to accept or reject the *Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp. et al, Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended or supplemented from time to time, the "Plan") applicable to (a) Texas Competitive Electric Holdings Company LLC ("TCEH" and, together with its direct parent company, Energy Future Competitive Holdings Company LLC ("EFCH") and certain of TCEH's direct and indirect subsidiaries, the "TCEH Debtors") and (b) the EFH Shared Services Debtors (as applicable and as defined in the Plan).

These TCEH Solicitation Procedures comprise a material part of the *Third Amended Disclosure Statement for the Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors*, dated [___], 2016 (as may be modified, amended or supplemented from time to time, the "TCEH Disclosure Statement") to which these procedures are attached as Exhibit 7 and incorporated by reference.

### A.    Defined Terms.

Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan. Other capitalized terms have the following meaning as used in these TCEH Solicitation Procedures:

1.    "Ballot" means the form or forms distributed to Holders of Claims and Interests against the TCEH Debtors in the Voting Classes or their Nominees by which such parties may indicate acceptance or rejection of the Plan.

2.    "Beneficial Holder" means a person or entity that holds the benefits of ownership of a publicly traded security even though title may be in another's name.

3.    "Claim" means any claim, as defined in section 101(5) of the Bankruptcy Code, against the TCEH Debtors.

4.    "Claims Bar Date" means any such date established by the Bankruptcy Court by which Proofs of Claim must be filed with respect to any such Claims, as may be ordered by the Bankruptcy Court.

5.    "Confirmation" means the entry of the TCEH Confirmation Order on the docket of the Chapter 11 Cases, subject to all conditions specified in Article IX.A of the Plan having been (a) satisfied or (b) waived pursuant to Article IX.C of the Plan.

6.    "EFH Shared Services Debtors' Non-Voting Classes" means the following Classes of Claims and Interest against the EFH Shared Services Debtors not entitled to vote under the Plan:

| Class | Claim or Interest | Voting Rights |
|---|---|---|
| D1 | Other Secured Claims Against the EFH Shared Services Debtors | Not Entitled to Vote (Deemed to Accept) |
| D2 | Other Priority Claims Against the EFH Shared Services Debtors | Not Entitled to Vote (Deemed to Accept) |
| D3 | General Unsecured Claims Against the EFH Shared Services Debtors | Not Entitled to Vote (Deemed to Accept) |
| D4 | EFH Shared Services Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Accept or Reject) |
| D5 | Non-EFH Shared Services Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Reject) |

| Class | Claim or Interest | Voting Rights |
|---|---|---|
| D6 | Interests in EFH Shared Services Debtors | Not Entitled to Vote (Deemed to Accept or Reject) |

7. "Holder" means an Entity holding a Claim or an Interest, as applicable, against the TCEH Debtors.

8. "Impaired" means, with respect to a Class of Claims or Interests, a Class of Claims or Interests that is impaired within the meaning of section 1124 of the Bankruptcy Code.

9. "Interest" means any equity security (as defined in section 101(16) of the Bankruptcy Code).

10. "Master Ballot" means a Ballot submitted by a Nominee on behalf of one or more Beneficial Holders.

11. "Nominee" means a record holder of securities for the benefit of one or more Beneficial Holders, including, without limitation, representatives such as brokers, banks, commercial banks, transfer agents, trust companies, dealers, other agents or nominees, or their mailing agents.

12. "Notes Claims" means, collectively, the (a) TCEH First Lien Note Claims, (b) TCEH Second Lien Note Claims, (c) TCEH Unsecured Note Claims, and (d) PCRB Claims.

13. "Petition Date" means April 29, 2014, the date on which the Debtors commenced the Chapter 11 Cases.

14. "Proofs of Claim" means a proof of Claim filed against any of the Debtors in the Chapter 11 Cases.

15. "Schedules" means the schedules of assets and liabilities, schedules of Executory Contracts or Unexpired Leases, and statement of financial affairs filed by the Debtors pursuant to section 521 of the Bankruptcy Code, the official bankruptcy forms, and the Bankruptcy Rules, as they may be amended, modified, or supplemented from time to time.

16. "Solicitation Agent" means Epiq Bankruptcy Solutions, LLC.

17. "TCEH Confirmation Hearing" means the hearing held by the Bankruptcy Court on Confirmation of the Plan as to the TCEH Debtors pursuant to section 1129 of the Bankruptcy Code.

18. "TCEH Non-Voting Classes" means the following Classes of Claims and Interest against the TCEH Debtors not entitled to vote under the Plan:

| Class | Claim or Interest | Voting Rights |
|---|---|---|
| C1 | Other Secured Claims Against the TCEH Debtors | Not Entitled to Vote (Deemed to Accept) |
| C2 | Other Priority Claims Against the TCEH Debtors | Not Entitled to Vote (Deemed to Accept) |
| C6 | General Unsecured Claims Against EFCH | Not Entitled to Vote (Deemed to Reject) |
| C7 | TCEH Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Accept or Reject) |
| C8 | Non-TCEH Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Reject) |

| | | |
|---|---|---|
| C9 | Interests in TCEH Debtors Other Than TCEH and EFCH | Not Entitled to Vote (Deemed to Accept or Reject) |
| C10 | Interests in TCEH and EFCH | Not Entitled to Vote (Deemed to Reject) |

19.     "TCEH Solicitation Date" means ten business days after the TCEH Debtors and the EFH Shared Services Debtors file the final version of the TCEH Disclosure Statement with the Court, or as soon as reasonably practicable thereafter, the date the TCEH Debtors commence the distribution of TCEH Solicitation Packages to Holders of Claims and Interests against the TCEH Debtors in the Voting Classes.

20.     "TCEH Solicitation Package" means the solicitation materials and documents to be sent to Holders of Claims and Interests against the TCEH Debtors in the Voting Classes as discussed in the TCEH Disclosure Statement, which materials will provide such Holders with the information needed to vote on the Plan.

21.     "TCEH Voting Classes" means the following impaired classes of Claims and Interests entitled to vote under the Plan:

| | | |
|---|---|---|
| C3 | TCEH First Lien Secured Claims | Entitled to Vote |
| C4 | TCEH Unsecured Debt Claims | Entitled to Vote |
| C5 | General Unsecured Claims Against the TCEH Debtors Other Than EFCH | Entitled to Vote |

22.     "TCEH Voting Deadline" means August 3, 2016, at 4:00 p.m. (prevailing Eastern Time) by which time Ballots and Master Ballots must be actually received by the Solicitation Agent.

23.     "TCEH Voting Record Date" means June 6, 2016, the date for purposes of determining those Holders of Claims and Interests against the TCEH Debtors in the Voting Classes that are entitled to vote to accept or reject the Plan.

24.     "Unimpaired" means, with respect to a Class of Claims or Interests, a Class of Claims or Interests that is unimpaired within the meaning of section 1124 of the Bankruptcy Code.

25.     "Voting Report" means the report submitted by the Solicitation Agent detailing the results of the plan solicitation process.

**B.      Holders of Claims and Interests Against the TCEH Debtors Entitled to Vote to Accept or Reject the Plan.**

Only the Holders of Claims and Interests in the TCEH Voting Classes as of the TCEH Voting Record Date shall be entitled to vote to accept or reject the Plan with regard to such Claims and Interests.

**C.      Holders of Claims and Interests Against the TCEH Debtors Not Entitled to Vote to Accept or Reject the Plan.**

Holders of Claims and Interests in the TCEH Non-Voting Classes are not entitled to vote to accept or reject the Plan with regard to such Claims and Interests.  Holders of Claims or Interests in these TCEH Non-Voting

Classes are either Unimpaired and deemed to accept the Plan or Impaired and deemed to reject the Plan. The Holders of Claims and Interests in the TCEH Non-Voting Classes will receive and applicable notice of non-voting status.

**D.      Holders of Claims and Interests Against the EFH Shared Services Debtors Not Entitled to Vote to Accept or Reject the Plan.**

Holders of Claims and Interests in the EFH Shared Services Debtors' Non-Voting Classes are not entitled to vote to accept or reject the Plan with regard to such Claims and Interests. Holders of Claims or Interests in these EFH Shared Services Debtors' Non-Voting Classes are either Unimpaired and deemed to accept the Plan or Impaired and deemed to reject the Plan. The Holders of Claims and Interests in the EFH Shared Services Debtors' Non-Voting Classes will receive and applicable notice of non-voting status.

**E.      Temporary Allowance of Claims for Tabulation Purposes.**

Solely for purposes of voting to accept or reject the Plan, and not for the purpose of making distributions on account of any Claim or Interest, and without prejudice to the rights of the Debtors or any other party in interest in any other context, each Claim or Interest within a TCEH Voting Class shall be temporarily allowed in an amount equal to the amount of such Claim or Interest as of the TCEH Voting Record Date.

If any creditor seeks to challenge the allowance of its Claim for voting purposes in accordance with the above procedures, the Debtors request the Court direct such claimant to serve on counsel for the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan on or before August 3, 2016, at 4:00 p.m. (prevailing Eastern Time).

Additionally, in accordance with Bankruptcy Rule 3018, any claimant filing such a motion, the claimant's Ballot will not be counted unless temporarily allowed by an order issued by the Court prior to the TCEH Voting Deadline.

**F.      Establishing Claim and Interest Amounts for Voting Purposes.**

The Claim or Interest amounts temporarily allowed pursuant to and set forth in these TCEH Solicitation Procedures shall control solely for voting purposes only, and shall not constitute the Allowed amount of any Claim or Interest for distribution purposes under the Plan. In tabulating votes, the below directions shall be used to determine the amount of the Claim and Interest associated with each Holder's vote:

1.      with respect to the TCEH Credit Agreement Claims, included in Class C3 - TCEH First Lien Secured Claims and Class C4 - TCEH Unsecured Debt Claims, Claim amounts will be calculated based on the principal amounts outstanding under the TCEH Credit Agreement as of the TCEH Voting Record Date;

2.      with respect to the TCEH First Lien Interest Rate Swap Claims and TCEH First Lien Commodity Hedges Claims, included in Class C3 - TCEH First Lien Secured Claims and Class C4 - TCEH Unsecured Debt Claims, Claim amounts will be calculated as of the TCEH Voting Record Date, net of setoff and netting rights pursuant to sections 506 and 553 of the Bankruptcy Code;

3.      with respect to the following, Claim Amounts will be calculated based on the principal amounts outstanding under the respective operative indenture as of the TCEH Voting Record Date;

a)      TCEH First Lien Note Claims included in Classes C3 - TCEH First Lien Secured Claims and C4 - TCEH Unsecured Debt Claims;

b)      TCEH Second Lien Note Claims, included in Class C4 - TCEH Unsecured Debt Claims;

4

c)      TCEH Unsecured Note Claims, included in Class C4 - TCEH Unsecured Debt Claims; and

d)      PCRB Claims, included in Class C4 - TCEH Unsecured Debt Claims

4.      with respect to non-Note Claims included within Class C5, the Claim amounts will be calculated as follows:

(a)      each Claim within Class 5 entitled to vote to accept or reject the Plan shall be allowed in an amount equal to the amount determined by the amount of such Claim as set forth in a timely filed proof of Claim, or, if no proof of Claim was filed, the liquidated, non-contingent, undisputed amount of such Claim as set forth in the Schedules; *provided, however*, that a party whose Claim has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such Claim, if any, to accept or reject the Plan;

(b)      the Claim amount settled and/or agreed upon by the Debtors (whether temporarily or otherwise), as reflected in a document filed with the Court, in an order of the Court, or in a document executed by the TCEH Debtors pursuant to authority granted by the Court but for voting purposes only, and not for purposes of allowance or distribution;

(c)      if a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a Proof of Claim was not (i) filed by the applicable Claims Bar Date for the filing of Proofs of Claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the TCEH Voting Deadline, the TCEH Debtors propose such Claim shall not be allowed for voting;

(d)      if a Claim is listed on a timely filed Proof of Claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(e)      if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(f)      notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same TCEH Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the TCEH Debtors have objected to such duplicate Claims;

(g)      claims filed for $0.00 are not entitled to vote; and

(h)      if a Proof of Claim has been amended by a later timely filed proof of claim, only the later filed amending Claim will be entitled to vote, regardless of whether the TCEH Debtors have objected to such earlier filed Claim; and

5.      with respect to all Claims, if a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent or disputed (as determined (i) on the face of the Claim, (ii) pursuant to the Plan, or (iii) after a reasonable review of the supporting documentation by the TCEH Debtors or the Solicitation Agent) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00; provided, that with respect to (iii) any such determinations will be documented in the Voting Report.

If a Holder of a Claim or Interest against the TCEH Debtors identifies a Claim or Interest amount on its Ballot that is different from the amount otherwise calculated in accordance with these TCEH Solicitation Procedures, such Claim or Interest will be allowed temporarily for voting purposes in an amount calculated in accordance with the procedures described in these TCEH Solicitation Procedures. Moreover, any amounts filled in on Ballots or Master Ballots by the TCEH Debtors through the Solicitation Agent are not binding for any purpose, including allowance and distribution.

If, before the deadline to file the Voting Report, the TCEH Debtors have filed an objection to disallow or modify (including, but not limited to, modifications to the TCEH Debtor, amount, priority, or classification asserted) a Claim or Interest or a motion to allow or estimate a Claim or Interest in an amount different from the amount asserted in such Claim or Interest, such Claim or Interest will be temporarily allowed for voting purposes in the lesser amount and classification requested by such objection or motion, subject to the right of the Holder to file a motion objecting to such amounts (as described in Section D above.)

The TCEH Debtors are authorized to enter into stipulations with the Holder of any Claim or Interest against the TCEH Debtors, and the EFH Shared Services Debtors are authorized to enter into stipulations with the Holder of any Claim or Interest against the EFH Shared Services Debtors, in each case agreeing to the amount of the Claim or Interest for voting purposes without further Court order.

**G.      General Ballot Tabulation.**

Subject to Section I below, the following voting procedures and standard assumptions shall be used in tabulating Ballots:

1.      except as otherwise provided in these TCEH Solicitation Procedures, unless a Ballot is actually received on or before the TCEH Voting Deadline, the Debtors shall reject such Ballot as invalid and decline to count it in connection with Confirmation;

2.      the Solicitation Agent will date all Ballots when received and will retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date, unless otherwise ordered by the Bankruptcy Court;

3.      the TCEH Debtors will file the Voting Report with the Bankruptcy Court before the TCEH Confirmation Hearing. The Voting Report shall, among other things, delineate every irregular Ballot, including those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or electronic mail or damaged. The Voting Report shall indicate the TCEH Debtors' intentions with regard to such irregular Ballots;

4.      the method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the appropriately, originally executed Ballot;

5.      Holders of Claims and Interests in a TCEH Voting Class may only submit an original executed Ballot. Delivery of a Ballot to the Solicitation Agent by facsimile, email, or any other electronic means will not be valid;

6.      no Ballot should be sent to any of the TCEH Debtors, the TCEH Debtors' agents (other than the Solicitation Agent), any administrative agent or indenture trustee (unless specifically instructed to do so), or the TCEH Debtors' financial or legal advisors, and, unless received by the Solicitation Agent, if so sent will not be counted;

7.      if a Holder or Nominee submits multiple Ballots with respect to the same Claim or Interest before the TCEH Voting Deadline, the latest properly completed Ballot timely received will be deemed

6

to reflect that Holders of Beneficial Holder's intent and will supersede and revoke any prior received Ballot;

8.  if a Holder holds a Claim or Interest, as applicable, in a TCEH Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that TCEH Voting Class;

9.  for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

10. if a voter simultaneously casts inconsistent Ballots, such Ballots will not be counted;

11. Holders must vote all of their Claims or Interests within a TCEH Voting Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent a Holder holds multiple Claims within a TCEH Voting Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within the TCEH Voting Class for the purpose of counting votes;

12. a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity should indicate such capacity when signing and, if required or requested by the applicable Nominee or its agent, the Solicitation Agent, the TCEH Debtors, or the Bankruptcy Court, must submit proper evidence to so act on behalf of such Holder or Beneficial Holder;

13. neither the TCEH Debtors, nor any other entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification, although the Solicitation Agent may, in its discretion, contact voting parties to cure any such defects or irregularities;

14. any defects or irregularities in connection with deliveries of Ballots must be cured before the TCEH Voting Deadline or such Ballots will not be counted, unless waived or as ordered by the Bankruptcy Court;

15. notwithstanding any other conditions included herein, the TCEH Debtors may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

16. if a party-in-interest requests a designation to vote on the Plan under section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim or Interest will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

17. the TCEH Debtors reserve the right to reject any Ballot or Master Ballot not in proper form, the acceptance of which, in the opinion of the TCEH Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided, that any such rejections will be documented in the Voting Report;

18. any Holder entitled to vote that has delivered a Ballot may withdraw such Ballot solely in accordance with Bankruptcy Rule 3018(a);

19. the following Ballots will not be counted in determining the acceptance or rejection of the Plan:

(a)     any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest;

(b)     any Ballot cast by or on behalf of an entity that does not hold a Claim or Interest in a V TCEH oting Class;

(c)     any Ballot that does not contain an original signature;

(d)     any Ballot that is signed but does not otherwise comply with the requirement set forth in Section F.12., above;

(e)     any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and

(f)     any Ballot submitted by or on behalf of any entity not entitled to vote pursuant to the Plan, these TCEH Solicitation Procedures, or any order of the Bankruptcy Court; and

20.     any Class that contains Claims or Interests entitled to vote but no votes are returned for such Class shall be deemed to have accepted the Plan.

**H.     Voting Procedures Applicable to Holders of Class C3 TCEH Credit Agreement Claims.**

1.     Within three business days of the TCEH Voting Record Date, the TCEH First Lien Agent shall provide the Solicitation Agent with (a) a copy of the list of the names, addresses and holdings of all Holders of Class C3 TCEH Credit Agreement Claims as of the TCEH Voting Record Date in an electronic file and (b) such other information the Solicitation Agent deems reasonable and necessary to perform its duties pursuant to the Order.

2.     The Solicitation Agent shall use such information only for purposes consistent with these TCEH Solicitation Procedures and any order of the Bankruptcy Court.

**I.     Voting Procedures Applicable to Beneficial Holders of Notes Claims.**

The following additional procedures will apply to the voting of Claims held by Beneficial Holders:

1.     on the TCEH Solicitation Date, the Solicitation Agent shall distribute or cause to be distributed a Solicitation Package to each registered Holder of a Notes Claim as of the TCEH Voting Record Date, and distribute the appropriate number of TCEH Solicitation Packages[1] to the Nominees identified by the Solicitation Agent;

2.     each Nominee through which one or more Beneficial Holders holds a Notes Claim as of the TCEH Voting Record Date must distribute a TCEH Solicitation Package to each Beneficial Holder for which they hold the Notes Claim within five business days of receipt of such materials from the TCEH Debtors in one of the following two ways (as selected by the Nominee):

(a)     obtain the votes of Beneficial Holders of such Notes Claims by (i) immediately distributing the TCEH Solicitation Package, including Ballots, it receives from the Solicitation Agent to all such Beneficial Holders, (ii) promptly collecting Ballots from such Beneficial Holders that cast votes on the Plan, (iii) compiling and validating the votes and other relevant information of all such Beneficial Holders on the Master Ballot,

---

[1]     The TCEH Solicitation Packages shall contain Ballots for voting by the Beneficial Holders. In accordance with its customary practice, the Solicitation Agent shall distribute copies of Master Ballots to any relevant Nominees after the TCEH Solicitation Packages have been forwarded to the Beneficial Holders.

and (iv) transmitting the Master Ballot to the Solicitation Agent by the TCEH Voting Deadline; or

(b)    distribute pre-validated Ballots pursuant to the following procedures:

(i)    the Nominee shall forward to each Beneficial Holder as of the TCEH Voting Record Date the TCEH Solicitation Package, an individual Ballot that has been pre-validated, postage prepaid return envelope as indicated in paragraph (ii) below;

(ii)    to pre-validate a Ballot, the Nominee should complete the first item and execute the Ballot and indicate on the Ballot the name of the Nominee and DTC participant number, the amount of securities held by the Nominee for the Beneficial Holder, and the account number for the account in which such securities are held by the Nominee; and

(iii)    the Beneficial Holder shall complete and return the pre-validated Ballot to the Solicitation Agent by the TCEH Voting Deadline.

3.    any Nominee of Notes Claims holding such securities both as record holder and Beneficial Holder in its own name may vote on the Plan by completing a Ballot or a Master Ballot and returning it directly to the Solicitation Agent on or before the TCEH Voting Deadline;

4.    any indenture trustee (unless otherwise empowered to do so under the respective indenture) will not be entitled to vote on behalf of the Beneficial Holder; rather, each Beneficial Holder must vote his or her own Claim(s);

5.    any Ballot returned to a Nominee by a Beneficial Holder of a Notes Claim will not be counted for purposes of accepting or rejecting the Plan until such Nominee properly completes and delivers to the Solicitation Agent by the TCEH Voting Deadline a Master Ballot that reflects the vote of such Beneficial Holders, or otherwise validates the Ballot in a manner acceptable to the Solicitation Agent. Nominees shall retain all Ballots returned by Beneficial Holders for a period of one year after the effective date of the Plan, or, in the case of pre-validated Ballots, a list of Beneficial Holders to whom pre-validated Ballots were sent for a period of at least one year after the TCEH Voting Deadline;

6.    if a Beneficial Holder of a Notes Claim holds securities through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Ballot, and each such Beneficial Holder should execute a separate Ballot for each block of securities that it holds through any Nominee and must return each such Ballot to the appropriate Nominee; and

7.    if a Beneficial Holder of a Notes Claim holds a portion of its securities through a Nominee or Nominees and another portion in its own name as the record Beneficial Holder, such Beneficial Holder should follow the procedures herein to vote the portion held in its own name and to vote the portion held by the Nominee(s).

J.    **Tabulation of Master Ballots.**

These rules will apply with respect to the tabulation of Master Ballots:

1.    votes cast by Beneficial Holders through Nominees will be applied to the positions held by such Nominees as of the TCEH Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, will not be counted in excess of the principal amount held by such Nominee as of the TCEH Voting Record Date; provided, however, that the Solicitation Agent may adjust such principal amount to

reflect the portion of the relevant Notes Claim actually voted; provided further, that any such adjustment will be documented in the TCEH Voting Report;

2.   if conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, the TCEH Debtors will attempt to reconcile discrepancies with the Nominee;

3.   if over-votes on a Master Ballot or pre-validated Ballot are not reconciled before the preparation of the TCEH Voting Report, the TCEH Debtors will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Ballot that contained the over-vote, but only to the extent of the Nominee's position in the Class;

4.   for purposes of tabulating votes of TCEH First Lien Claims, the Solicitation Agent will bifurcate the TCEH First Lien Claims pro rata into TCEH First Lien Secured Claims, which are classified in Class C3, and TCEH First Lien Deficiency Claims, which are classified together with TCEH Second Lien Note Claims, TCEH Unsecured Note Claims, and PCRB Claims in Class C4; and

5.   a single Nominee may complete and deliver to the Solicitation Agent multiple Master Ballots. Votes reflected on multiple Master Ballots will be counted, except to the extent they are duplicative of other Master Ballots. If a Nominee submits multiple Master Ballots with respect to the same Claim or Interest before the Voting Deadline, the latest properly completed Master Ballot timely received will be deemed to reflect that Nominee's intent and will supersede and revoke any prior received Master Ballot

**K.   TCEH Debtors' and EFH Shared Services Debtors' Reservation of Rights Regarding Modification to the Plan.**

The TCEH Debtors and the EFH Shared Services Debtors expressly reserve the right to modify the Plan as it relates to the TCEH Debtors and the EFH Shared Services Debtors, respectively, from time to time in accordance with the terms thereof (subject to compliance with the requirements of section 1127 of the Bankruptcy Code and the applicable terms of the Plan regarding modification).