## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: July 11, 2016** |

### SUMMARY COVER SHEET TO THE FIFTH INTERIM FEE APPLICATION OF CRAVATH, SWAINE & MOORE LLP INDEPENDENT COUNSEL FOR ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC, FOR THE PERIOD JANUARY 1, 2016 THROUGH APRIL 30, 2016

Cravath, Swaine & Moore LLP ("**Cravath**"), independent counsel to Energy Future Intermediate Holding Company LLC, debtor and debtor in possession ("**EFIH**"), submits this Summary of fees and expenses sought in the fee application for the period from January 1, 2016 through April 30, 2016 (the "**Fee Period**") to which this Summary is attached (the "**Fee Application**").[2]

Cravath submits the Fee Application as an interim fee application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 2066] (the "**Interim Compensation Order**") and the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896] (the "**Fee Committee Order**").

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined in this Summary have the meanings ascribed to them in the Fee Application.

2445346.3

| General Information | |
| --- | --- |
| Name of Applicant: | Cravath, Swaine & Moore LLP |
| Authorized to Provide Services to: | **Energy Future Intermediate Holding Company LLC**, Debtor and Debtor in Possession |
| Petition Date: | April 29, 2014 |
| Date of Order Authorizing EFIH to Employ Cravath [Docket No. 3321]: | January 16, 2015, *nunc pro tunc* to November 16, 2014 |

| Summary of Fees and Expenses Sought in the Fee Application | |
| --- | --- |
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | January 1, 2016 through April 30, 2016 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $500,880.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $3,889.29 |
| Total Compensation and Expense Reimbursement Requested for the Fee Period: | $504,769.29 |

| Rate Increases Applicable to the Fee Period | |
| --- | --- |
| Total Amount of Compensation Sought for the Fee Period, Calculated Using Rates as of the Date of Employment: | $479,183.00 |

2

2445346.3

| Summary of Past Requests for Compensation and Prior Payments | |
|---|---|
| Total Amount of Compensation Previously Requested Under the Interim Compensation Order to Date: | $4,337,829.50 |
| Total Amount of Expense Reimbursement Previously Requested Under the Interim Compensation Order to Date: | $48,038.19 |
| Total Compensation Approved Under the Interim Compensation Order to Date: | $3,836,949.50 |
| Total Amount of Expense Reimbursement Approved Under the Interim Compensation Order to Date: | $44,148.90 |
| Total Allowed Compensation Paid to Date: | $2,910,104.50 |
| Total Allowed Expenses Paid to Date: | $35,290.04 |
| Compensation Sought in this Application Already Paid Under the Interim Compensation Order But Not Yet Allowed: | $0.00 |
| Expenses Sought In This Application Already Paid Under the Interim Compensation Order But Not Yet Allowed: | $ 0.00 |

DATED:  June 20, 2016

/s/    Michael Paskin
Michael Paskin (mpaskin@cravath.com)

CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
+1 (212) 474-1000

INDEPENDENT COUNSEL FOR ENERGY
FUTURE INTERMEDIATE HOLDING
COMPANY LLC

2445346.3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: July 11, 2016** |

**FIFTH INTERIM FEE APPLICATION OF CRAVATH, SWAINE &
MOORE LLP INDEPENDENT COUNSEL FOR ENERGY FUTURE
INTERMEDIATE HOLDING COMPANY LLC, FOR THE PERIOD
JANUARY 1, 2016 THROUGH APRIL 30, 2016**

Cravath, Swaine & Moore LLP ("**Cravath**"), independent counsel to debtor and debtor in possession Energy Future Intermediate Holding Company LLC ("**EFIH**"), submits this Fifth Interim Fee Application ("**Fee Application**") for allowance of compensation for professional services provided in the amount of $500,880.00 and reimbursement of actual and necessary expenses in the amount of $3,889.29 that Cravath incurred for the period January 1, 2016 through April 30, 2016 (the "**Fee Period**"). In support of this Fee Application, Cravath submits the declaration of Michael Paskin, a partner in Cravath (the "**Paskin Declaration**"), which is attached as **Exhibit A** and incorporated by this reference. In further support of this Fee Application, Cravath respectfully states as follows:

**Jurisdiction**

1.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This Fee Application is a core proceeding under 28 U.S.C. § 157(b)(2).

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

2445346.3.3

2.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested in this Fee Application are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 2066] (the "**Interim Compensation Order**"), and the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896] (the "**Fee Committee Order**").

## Background

4.      On April 29, 2014 (the "**Petition Date**"), EFIH commenced its chapter 11 case by filing a voluntary petition in this Court under chapter 11 of the Bankruptcy Code.

5.      The Debtor continues to operate its business and manage its property as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.[2]

6.      On May 13, 2014, the Office of the United States Trustee, Region 3 formed and appointed an Official Committee of Unsecured Creditors under section 1102(a)(1) of the Bankruptcy Code. [ECF 420.] On October 27, 2014, the Office of the United States Trustee, Region 3 formed and appointed another Official Committee of Unsecured Creditors under section 1102(a)(1) of the Bankruptcy Code. [ECF 2570.]

---

[2] Further information regarding the Debtors' business operations and capital structure is set forth in the Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions [ECF 98].

2445346.3.3

7.      On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in all of the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

8.      On August 21, 2014, the Court entered the Fee Committee Order, appointing a fee committee (the "**Fee Committee**") to review and report, as appropriate, on interim and final fee applications filed by the Debtors' retained professionals in accordance with sections 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order and establishing the procedures governing the Fee Committee's review of the Debtors' retained professionals applications for compensation and the resolution of any concerns raised during such review. The Fee Committee distributed an initial memorandum dated October 3, 2014 regarding guidelines for expense reimbursements to those professionals retained in the Chapter 11 Cases. Cravath believes that the relief requested in this Fee Application complies with the guidelines.

### Cravath's Employment, Disinterestedness, and Fee Request

9.      On January 16, 2015, the Court entered the Order Approving The Employment of Cravath, Swaine & Moore LLP As Counsel To Energy Future Intermediate Holding Company LLC Effective Nunc Pro Tunc to November 16, 2014 [Docket No. 3321] (the "**Employment Order**"), attached as **Exhibit B**. The Employment Order authorizes EFIH to compensate Cravath at Cravath's hourly rates charged for services of this type and to reimburse Cravath for Cravath's actual and necessary out-of-pocket expenses incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Interim Compensation Order, and the Fee Committee Order. The terms of Cravath's engagement are detailed in the engagement letter by and between Cravath and EFIH, effective as of November 16, 2014, and attached as **Exhibit C** (the "**Engagement Letter**").

3

10.     To the best of the Cravath's knowledge and as disclosed in the Declaration Of Richard Levin In Support Of Application For Order Approving The Employment Of Cravath, Swaine & Moore LLP As Counsel To Energy Future Intermediate Holding Company LLC Under Sections 327(a) And 1107(b) Of The Bankruptcy Code, Effective Nunc Pro Tunc To November 16, 2014 [Docket No. 3028] (the "**Levin Declaration**"), the First Supplemental Declaration Of Richard Levin In Support Of Application For Order Approving The Employment Of Cravath, Swaine & Moore LLP As Counsel To Energy Future Intermediate Holding Company LLC Under Sections 327(a) And 1107(b) Of The Bankruptcy Code, Effective Nunc Pro Tunc To November 16, 2014 [Docket No. 3205] (the "**First Supplemental Levin Declaration**"), and Second Supplemental Declaration of Richard Levin In Support of Application for Order Approving the Employment of Cravath, Swaine & Moore LLP as Counsel to Energy Future Intermediate Holding Company LLC Under Sections 327(a) and 1107(b) of the Bankruptcy Code [Docket No. 3782] (the "**Second Supplemental Levin Declaration**"), Cravath is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the EFIH's estate, as required by section 328(a) of the Bankruptcy Code and that Cravath's partners, associates and special attorneys do not hold or represent any interest adverse to EFIH or its estate, except as otherwise specified in the Declarations.

11.     Cravath might have in the past represented, might currently represent, and likely in the future will represent parties in interest in this case in connection with matters unrelated to EFIH or its chapter 11 case.  In the Levin Declaration, First Supplemental Levin Declaration and Second Supplemental Levin Declaration, Cravath disclosed its connections to parties in interest in the EFIH case that it has been able to ascertain using its reasonable efforts. Cravath will

4

2445346.3.3

update such disclosures, as appropriate, if Cravath becomes aware of relevant and material new information.

12.     Cravath performed the services for which it is seeking compensation on behalf of EFIH and its estate and not on behalf of any committee, creditor, or other entity.

13.     Commencing with January 2015, except as otherwise noted, Cravath submitted monthly budgets to EFIH, all of which EFIH approved as submitted. Copies of the monthly budgets for the Fee Period are attached to this Application as **Exhibit J**. The following table shows Cravath's actual incurred fees compared to the budgeted fees for the Fee Period (Cravath did not prepare a January 2016 budget because as of the beginning of January, it did not appear that any work would be performed in January for which compensation would be sought):

|  | January | February | March | April | Total |
|---|---|---|---|---|---|
| **Budget** | N/A | $50,210.00 | $105,330.00 | $157,380.00 | **$312,920.00** |
| **Actual** | $21,784.00 | $118,600.00 | $141,573.00 | $218,924.00 | **$500,880.00** |
| **Difference** | ($21,784.00) | ($62,140.00) | ($39,993.00) | ($61,544.00) | **($187,960.00)** |
| **% Budget** | **N/A** | **236%** | **134%** | **139%** | **160%** |

A more detailed comparison is shown in **Exhibit K**.

14.     Cravath did not discuss the reason for the 60% variation with EFIH. The principal reasons for the variation related to the difficulty in accurately estimating the amount and timing of work that needed to be performed in preparation for the possibility that, and after, the confirmed Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al. Pursuant to Chapter 11 of the Bankruptcy Code dated December 6, 2015 ("**Sixth Amended Plan**") could not be consummated due to regulatory issues, and in particular the complicated tax issues that would arise as a result.  During the Fee Period, Cravath's work included extensive

5

research, coordination and negotiations with other Disinterested Manager advisors and the Debtors' advisors concerning the tax implications to EFIH of several potential alternative plans of reorganization that were under consideration, participation in board meetings, and review and comment on transactional documents and related legal advice.

15.     Cravath seeks interim compensation for professional services provided to the Debtors during the Fee Period in the amount of $500,880.00 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $3,889.29. During the Fee Period, Cravath attorneys and paraprofessionals worked 453.6 hours for which compensation is requested.

16.     Cravath has submitted monthly fee statements for services rendered during the Fee Period but has been paid on none of them. The following table shows amounts submitted.

| Invoice Period | Total Amt Billed | Fees Billed | Fees at 80% | Expenses | Payments Received |
|---|---|---|---|---|---|
| January 2016 | $21,783.50 | $21,783.50 | $17,426.80 | $0.00 | $0.00 |
| February 2016 | $120,663.66 | $118,599.50 | $94,879.60 | $2,064.16 | $0.00 |
| March 2016 | $141,682.38 | $141,573.50 | $113,258.80 | $108.88 | $0.00 |
| April 2016 | $220,639.75 | $218,923.50 | $175,138.80 | $1,716.25 | $0.00 |
| **Total** | $504,769.29 | $500,880.00 | $400,704.00 | $3,889.29 | $0.00 |

17.     None of Cravath's fees or expenses sought in this Application have yet been approved by the Court. Cravath's First Interim Fee Application was filed February 15, 2015; the hearing on the Application was held on June 24, 2015, following which the Court issued its order allowing fees in the amount of $501,822.00 and expenses in the amount of $1,486.73. [ECF 4843.] Cravath's Second Interim Fee Application was filed on June 15, 2015 [ECF 4764]; the hearing on the Application was held on October 26, 2015, following which the Court issued its

order allowing fees in the amount of $1,479,619.50 and expenses in the amount of $28,553.37. [ECF 6667.] Cravath's Third Interim Fee Application was filed on October 27, 2015 [ECF 6704], and an Amended Third Interim Fee Application was filed on January 6, 2016 [ECF 7567]; the hearing on Cravath's Third Interim Application was held on February 18, 2016, following which the Court entered its order allowing fees in the amount of $929,377.00 and reimbursement of $4,535.94 in expenses [ECF 7883]. Cravath's Fourth Interim Fee Application was filed on February 16, 2016 [ECF 7867]; the hearing on Cravath's Fourth Interim Application has not yet been scheduled. The fees and expenses requested in this Fee Application are shown in the prior paragraph.

18.    Cravath has not received payment or promise of payment from any source other than EFIH for services provided or to be provided in any capacity whatsoever in connection with the EFIH case.

19.    Cravath does not share fees with any attorneys except to the extent permitted by section 504.

20.    By this Fee Application, and to the extent not already paid by the time of the hearing on this Fee Application, Cravath seeks payment of all amounts, including the remaining 20% holdback on fees incurred during the Fee Period and any prior periods, for which it has sought compensation.

**Fees and Expenses Incurred During Fee Period**

**A.    Customary Billing Disclosures**

21.    Cravath's hourly rates are set at a level designed to compensate Cravath fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure utilized by Cravath in this cases are equivalent to the hourly rates and corresponding rate structure used by Cravath for similar complex corporate,

7

securities, litigation, and restructuring matters, whether in court or otherwise, regardless of whether a fee application is required. The rates and rate structure reflect that such complex matters typically are national in scope and typically involve great complexity, high stakes, and intense time pressures.

22.     **Exhibit D** to this Fee Application is a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to EFIH during the Fee Period, as required by the "Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases" promulgated by the Executive Office of the United States Trustee, as applied to this case by the Interim Compensation Order.

**B.     Fees Incurred During Fee Period**

23.     In the ordinary course of Cravath's practice, Cravath maintains computerized records of the time spent on the professional services required by EFIH and its estate. **Exhibit E** to this Fee Application is a summary of fees incurred and hours worked during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time worked and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each such attorney and paraprofessional at Cravath's current billing rates;

- the hourly billing rate for each attorney and each paraprofessional as disclosed in Cravath employment application;

- the number of rate increases since the inception of the case; and

8

- a calculation of total compensation requested using the rates disclosed in the Cravath employment application.

## C.    Expenses Incurred During Fee Period

24.    In the ordinary course of Cravath's practice, Cravath maintains a record of expenses incurred in rendering professional services required by EFIH and its estate and for which reimbursement is sought. **Exhibit F** to this Fee Application is a summary for the Fee Period of the total amount of expenses for which Cravath seeks reimbursement with respect to each category of expenses. The out-of-pocket disbursement sum is broken down into categories of charges.

## Proposed Payment Allocation

25.    In accordance with paragraph 2(b) of the Interim Compensation Order, all of the fees and expenses that Cravath seeks in this Fee Application are allocated to EFIH.

## Summary of Legal Services Provided During the Fee Period

26.    During the Fee Period, Cravath provided extensive and important professional services to EFIH in connection with certain corporate, litigation, tax, and other matters.

27.    Cravath has established, in accordance with its internal billing procedures, ten subject matters categories (each, a "**Matter Category**") for keeping time records for the work performed for EFIH. The following is a summary, by Matter Category, of the professional services provided by Cravath during the Fee Period. This summary is organized in accordance with Cravath's internal system of matter numbers.

28.    A schedule setting forth a description of each Matter Category utilized in this case, the number of hours worked by Cravath attorneys and paraprofessionals for each Matter Category, and the aggregate fees associated with each Matter Category is attached as **Exhibit G**. In addition, subject to redaction for attorney-client privilege, work product doctrine, and

9

confidentiality where necessary to protect EFIH and its estate, Cravath's computerized records of time worked providing professional services to EFIH and its estate are attached hereto as **Exhibit H**, and Cravath's records of expenses incurred during the Fee Period in the rendition of professional services to EFIH and its estate are attached as **Exhibit I**.

29.    During the Fee Period, nearly all of Cravath's services were related to issues arising from the Sixth Amended Plan contingency planning in the event that the regulatory approval for the transactions contemplated in the Sixth Amended Plan contained terms or conditions that were unacceptable to the Plan Proponents.  In coordination with Kirkland and Jenner, Cravath actively participated in planning and in negotiations with other advisors to disinterested directors on behalf of the EFIH Disinterested Manager, and, after the Texas Public Utility Commission issued its order on the proposed transactions, with key creditor constituencies concerning potential alternative plan proposals.  Cravath also evaluated and commented on alternative plan proposals, including creditor proposals, and advised the EFIH Disinterested Manager with respect to all matters affecting EFIH's estate and its creditors. Cravath's work included extensive research, coordination and negotiations with the other Disinterested Manager advisors and the Debtors' advisors concerning the tax implications to EFIH of several potential alternative plans of reorganization that were under consideration, Cravath's efforts on behalf of the EFIH Disinterested Manager have been essential to the progress made to date in these cases.

**1.      Chapter 11 General and Administrative (Matter No. 1)**

Fees: $2,908.50                    Total Hours: 2.9

30.    During the Fee Period, Cravath participated in various coordination calls with Kirkland and with the other Conflicts Matter counsel and addressed other general and administrative matters.

**2.      Governance (Matter No. 2)**

Fees: $0.00      Total Hours: 0.0

31.      Cravath did not perform any services during the Fee Period related solely to corporate governance matters.

**3.      Plan and Disclosure Statement (Matter No. 3)**

Fees: $237,438.00      Total Hours: 196.7

32.      During the Fee Period, a significant amount of Cravath's work related to consideration and negotiation of an alternative plan of reorganization for EFIH if the Sixth Amended Plan could not be consummated.  Once it began to appear during the regulatory process seeking approval of the transactions necessary to consummate the Sixth Amended Plan that unacceptable regulatory terms or conditions might be imposed on the transactions, Cravath began to actively participate in contingency planning.

33.      Cravath, in coordination with Jenner, negotiated on behalf of the EFIH Disinterested Manager with other Conflicts Matter counsel and with key creditor constituencies concerning potential alternative plan structures.

34.      Cravath evaluated and commented on alternative plan proposals, including creditor proposals, and met and corresponded with representatives of parties in interest on plan issues. It remained in frequent communication, by email, telephone and in person, with Kirkland and the other Conflict Matters counsel regarding plan developments. It reviewed and commented on several term sheets and proposed transactional documents relating to the plan of reorganization for EFIH that is now under consideration.

35.      Cravath worked with EFIH's Conflict Matters financial advisor in evaluating plan proposals, and prepared recommendations to EFIH's Disinterested Manager regarding transactional document terms and the positions that were being taken by parties both supporting

11

and opposing various proposed plan structures.  It also advised the EFIH Disinterested Manager concerning the implications of a process under which the TCEH Debtors might confirm a plan of reorganization and emerge from bankruptcy earlier than EFIH.

**4.      Intercompany Claims (Matter No. 4)**

       Fees: $0.00      Total Hours: 0.0

36.      Cravath did not perform any services during the Fee Period related solely to intercompany claims.

**5.      Tax Issues (Matter No. 5)**

       Fees: $248,281.50      Total Hours: 234.8

37.      As previously noted, the tax issues in these Chapter 11 Cases will have a major effect on recoveries of parties in interest, including EFIH's creditors, and therefore minimizing taxes and the potential future tax consequences of any restructuring has been a major goal of the Debtors' restructuring efforts.

38.      During the Fee Period, Cravath was heavily involved on behalf of the EFIH Disinterested Manager in contingency planning in the event that the regulatory approval for the transactions contemplated in the Sixth Amended Plan contained terms or conditions that were unacceptable to the Plan Proponents.  Cravath's work included extensive research, coordination and negotiations with other Disinterested Manager advisors and the Debtors' advisors concerning the tax implications to EFIH of several potential alternative plans of reorganization that were under consideration.

39.      Cravath extensively analyzed tax issues that could affect EFIH creditor recoveries. It analyzed alternative ways to accomplish a tax-free restructuring and considered issues arising from the REIT conversion that had been provided for in the Sixth Amended Plan. Cravath, conducted both factual and legal research on tax issues, and participated in meetings

12

and conference calls with other counsel in the Chapter 11 Cases on tax issues for accuracy and completeness and to ensure they were consistent with the interests of EFIH.

**6.    Oncor Sale Process (Matter No. 6)**

Fees: $0.00          Total Hours: 0.0

40.    Cravath did not perform any services during the Fee Period related solely to the Oncor sale process.

**7.    Financing (Matter No. 7)**

Fees: $0.00          Total Hours: 0.0

41.    Cravath did not perform any services during the Fee Period related solely to financing matters.

**8.    Employment and Fee Applications (Matter No. 8)**

Fees: $1,002.00          Total Hours: 1.2

42.    Cravath relied on its co-counsel Jenner to handle most matters relating to employment, budgets and fee applications.  Cravath consulted with Jenner on these matters and approved all Monthly Fee Statements and budgets before they were filed or submitted.

**9.    Non-Working Travel (Matter No. 9)**

Fees: $11,250.00          Total Hours:  18.0

43.    During the Fee Period, Cravath attorneys traveled to and from Texas for board meetings, negotiations with other Conflict Matters counsel, and negotiations with key creditor constituencies. Fees in this Matter Category are charged at 50% of regular hourly rates.

**10.    Claims Litigation (Matter No. 10)**

Fees: $0.00          Total Hours: 0.0

44.    Cravath did not perform any services during the Fee Period related solely to claims litigation matters.

13

**Actual and Necessary Expenses Incurred by Cravath**

45.    As summarized in Exhibit F and as set forth in Exhibit I, Cravath has incurred a total of $3,889.29 in expenses on behalf of EFIH during the Fee Period. These charges are intended to reimburse Cravath's direct costs that are not included in Cravath's hourly billing rates. Only clients who actually use services of the types set forth in Exhibit I of this Fee Application are separately charged for such services.

**Cravath's Requested Compensation and Reimbursement Should be Allowed**

46.    As explained below, Cravath submits that the services for which it seeks compensation in this Fee Application were, at the time provided, necessary for and beneficial to the EFIH and its estate and were provided to protect and preserve the EFIH estate. Cravath further believes that it performed the services for EFIH economically, effectively, and efficiently, and they benefited EFIH and its constituents. Cravath further submits that the compensation requested is reasonable in light of the nature, extent, and value of such services to EFIH and its estate and all parties in interest. Accordingly, Cravath submits the compensation sought in this Fee Application is warranted and should be approved.

**A.    Reasonable and Necessary Fees Incurred in Providing Services to the Debtors**

47.    Section 331 of the Bankruptcy Code authorizes interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of interim compensation. Section 330(a)(1) of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered … and reimbursement for actual, necessary expenses." Section 330(a)(3) sets forth the criteria for such an award:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—

14

2445346.3.3

(A)     the time spent on such services;

(B)     the rates charged for such services;

(C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

48.     As analyzed below, Cravath submits the elements governing awards of compensation justify the allowance requested.

**1.      The Time and Labor Required**

49.     During the Fee Period, Cravath's partners, associates, and paraprofessionals spent 1,224.40 hours in providing professional services for EFIH. Cravath attempted to coordinate its efforts with Kirkland to prevent duplication of efforts and thereby not spend more time than required. Cravath required this amount of time to research and analyze the numerous, complex issues in the Chapter 11 Cases, to advise its client with respect to the issues, to participate in negotiations with other parties in interest in these Chapter 11 Case, and to perform the other tasks described above.

**2.      The Rates Charged for Such Services**

50.     During the Fee Period, Cravath's hourly billing rates ranged from $920 to $1,250 per hour for partners, from $535 to $835 for regular associates, from $540 to $1,080 for senior and specialist associates, $485 for discovery specialist attorneys, $355 for discovery review

15

attorneys, and from \$150 to \$340 for paraprofessionals. Based on the recorded hours expended by Cravath's attorneys and paraprofessionals, the average hourly billing rate for Cravath's services (after taking into account discounted travel) was \$1,104.23.

51.     Cravath's hourly rates are set at a level designed to compensate Cravath fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

52.     The hourly rates and corresponding rate structure that Cravath charges in this case are equivalent to or less than the hourly rates and corresponding rate structure that Cravath charges for similar complex corporate, securities, litigation, and restructuring matters, whether in court or otherwise, regardless of whether a fee application is required.

**3.     The Necessity of the Services and the Benefit to the Estate**

53.     The services Cravath provided to EFIH have conferred substantial benefit on EFIH's estate and are necessary because EFIH needs independent counsel to advise and represent it on Conflict Matters. Without independent counsel, EFIH would find it difficult, if not impossible, to protect its interests vis-a-vis the other Debtors in the Chapter 11 Cases.

**4.     The Reasonableness of the Time Spent, Based on the Complexity, Importance, Nature of the Issues**

54.     Cravath performed the services in a reasonable amount of time, given the complexity of the issues involved and the various intercompany legal issues facing EFIH. Cravath's detailed time records show that the time spent on each of the matters was necessary and appropriate to advising and representing EFIH on conflict matters.

06/20/2016 SL1 1420854v1 109285.00005

2445346.3.3

**5.      The Experience, Reputation, and Ability of the Attorneys Providing Services**

55.      Cravath attorneys have achieved a high degree of expertise and positive reputations in their respective fields. Cravath's Corporate (including its Merger & Acquisition Practice), Litigation, and Tax Departments frequently receive recognition for their skill and achievements, and Cravath is frequently cited as one of the leading U.S. law firms in these fields.

**6.      Customary Compensation**

56.      Cravath relies on the Court's experience and knowledge with respect to the compensation awards in similar cases as well as for other counsel in these Chapter 11 Cases. In addition, as noted above, the compensation Cravath seeks in this Fee Application is comparable to the compensation it would have sought for comparable work outside of a chapter 11 case.

57.      Cravath submits that the compensation requested is reasonable under all the factors considered under sections 330 and 331 of the Bankruptcy Code and that the factors justify the allowance in full of Cravath's compensation and reimbursement request.

**B.      Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors**

58.      For the Fee Period, Cravath requests reimbursement of $3,889.29 for reasonable and necessary costs and expenses incurred on behalf of EFIH.

59.      Cravath's normal billing rates do not take these costs and expenses into consideration. Rather, Cravath bills each cost and expense to the applicable client. Because of the disparity between the different clients' requirements for expenses such as travel, computer-assisted research, teleconference services, postage, courier and messenger services, and photocopying, it is difficult to charge costs and expenses fairly and equitably by including them in Cravath's ordinary billing rates. Accordingly, Cravath generally charges each client for such costs and expenses separately, in each case, at Cravath's costs.

60.     Cravath does not include the amortization of the cost of any investment, equipment, or capital outlay in its charges for these services.

61.     Under Rule 2016-2 of the Local Bankruptcy Rules, Cravath represents that its rate for duplication for black-and-white copies is $0.10 per page and for color copies is $0.50 per page, there is no charge for telecopier transmissions, and there is no surcharge for computer-assisted research.

62.     Any services billed by a third-party vendor, with the exception of certain computer-assisted research charges, are charged to EFIH in the amount billed to and paid by Cravath. Like many large law firms, Cravath has negotiated a special arrangement with computerized research companies under which Cravath pays a flat rate monthly fee for computerized research services. Consistent with its general policy of billing out-of-pocket expenses only to clients for which the use of such services is required, Cravath separately charges each client for computer-assisted research. To account for such charges while passing through Cravath's cost savings resulting from its special arrangements, Cravath charges those clients for whom such services are required at a reduced rate that is less than the rate charged by the computerized research companies to the general public for such services. These charges are intended to cover Cravath's direct costs for computerized research.

63.     Cravath has made reasonable efforts to minimize its costs and expenses in the Chapter 11 Cases. Each of the costs and expenses Cravath has incurred in providing professional services to EFIH was necessary, reasonable, and justified under the circumstances to serve the needs of EFIH and its estate.

### Statement by Cravath Under ¶ C(5) of the U.S. Trustee Guidelines

64.     Cravath did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services pertaining to the engagement that were

18

2445346.3.3

provided during the Fee Period, except as required by the U.S. Trustee Guidelines and the Fee Committee guidelines.

65.     Cravath did not discuss with EFIH the reason for the variation between its budget and actual fees for the Fee Period.  The principal reasons for the variation related to the difficulty in accurately estimating the amount and timing of work that needed to be performed in preparation for the possibility that, and after, the confirmed Sixth Amended Joint Plan could not be consummated due to regulatory issues, and in particular the complicated tax issues that would arise as a result.   During the Fee Period, Cravath's work included extensive research, coordination and negotiations with other Disinterested Manager advisors and the Debtors' advisors concerning the tax implications to EFIH of several potential alternative plans of reorganization that were under consideration, participation in board meetings, and review and comment on transactional documents and related legal advice.

66.     None of the professionals included in this Application varied their hourly rate based on the geographic location of the Chapter 11 Cases.

67.     The Application does not include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices.

68.     The Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.

69.     The Application does not include any rate increases since retention.

### Reservation of Rights and Notice

70.     It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application. Cravath reserves the right to include such amounts in future fee applications. EFIH has provided notice of this Fee Application to: (a) the U.S. Trustee; (b) counsel to the agent of the EFIH First Lien DIP Facility; (c) counsel to the

agent of the TCEH DIP Facility; (d) counsel to the Creditors' Committees; and (e) the Fee Committee (collectively, the "**Notice Parties**").

71.     Under the Interim Compensation Order and the Fee Committee Order, (a) any Notice Party (other than the Fee Committee) who wishes to object to the Fee Application must file its objection with the Court, with a copy to Chambers, and serve it on Cravath and the Notice Parties so that it is actually received on or before July 11, 2016 at 4:00 p.m. (Eastern Time) and (b) any member of the Fee Committee that wishes to object to the Fee Application must comply with the procedures set forth in the Fee Committee Order and if such member wishes to object to the Fee Application after complying with such procedures, such member must file its objection with the Court, with a copy to Chambers, and serve it on Cravath and the Notice Parties, within the time specified under the Fee Committee Order.

## No Prior Request

72.     No prior application for the relief requested by this Fee Application has been made to this or any other court.

2445346.3.3

06/20/2016 SL1 1420854v1 109285.00005

WHEREFORE, Cravath respectfully requests that the Court enter an order (a) awarding Cravath interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $500,880.00 and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $3,889.29; (b) authorizing and directing EFIH to remit payment to Cravath for such fees and expenses; (c) authorizing and directing the payment of any amounts previously approved by the Court as to which payment has been withheld; and (d) granting such other relief as is appropriate under the circumstances.

DATED: June 20, 2016

/s/    *Michael Paskin*
    Michael Paskin
    (mpaskin@cravath.com)

CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
+1 (212) 474-1000

*INDEPENDENT COUNSEL FOR ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC*

2445346.3.3