## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | x | |
| In re | : | Chapter 11 |
| | : | |
| ENERGY FUTURE HOLDINGS CORP. *et al.*, | : | Case No. 14-10979 (CSS) |
| | : | |
| Debtors-in-Possession. | : | (Jointly Administered) |
| | : | (D.I. 1888) |
| | X | |

## FEE COMMITTEE'S REPORT CONCERNING UNCONTESTED INTERIM FEE APPLICATIONS FOR HEARING ON JUNE 27, 2016 AT 10:00 A.M.

TO:     THE HONORABLE CHRISTOPHER S. SONTCHI,
          UNITED STATES BANKRUPTCY JUDGE:

        The Fee Committee appointed in the above-captioned chapter 11 cases (the "Fee Committee") respectfully submits this report (the "Report") concerning 31 interim fee applications (each an "Application" and, collectively, the "Applications") and requests that they be approved on an uncontested basis at the hearing scheduled for June 27, 2016. The Report covers the applications for fees and expenses filed by 28 Retained Professionals, largely—but not exclusively—for the Fifth Interim Fee Period (September 1, 2015 through December 31, 2015). It adopts and follows the format of the Fee Committee's seven previous reports.

        Interim applications for work performed during the Sixth Interim Fee Period (January 1, 2016-April 30, 2016) began to be filed on or around June 15, 2016, and the Fee Committee expects to report on uncontested fee applications from that time period at an omnibus hearing in October, 2016.

## EXECUTIVE SUMMARY

        Since the issuance of its last report, dated February 17, 2016, the Fee Committee has reviewed and, herein, expresses its recommendation for approval of Applications seeking interim

compensation and expenses that aggregate $55,059,477.34 in fees and $2,688,039.05 in expense reimbursements through December 31, 2015.  No objections have been filed.

To arrive at the recommendations in this Report, the Fee Committee, under the leadership of Chairman Richard Gitlin, has met on at least a monthly basis since its last report, including three in-person meetings and one telephonic meeting.  At these meetings, the Fee Committee again engaged in extensive discussion concerning the Applications, authorized individual draft Letter Reports on each interim application to each Retained Professional, and discussed and evaluated the responses from the Retained Professionals to the Letter Reports.[1]  In addition, after the Court's May 23, 2016 status and scheduling conference, the Fee Committee sent a memorandum to all of the Retained Professionals summarizing the Fee Committee's principal concerns as the renewed confirmation process moves forward.

Consistent with the previous four interim fee periods, the Fee Committee has continued to find the Retained Professionals generally responsive to requests for information and cooperative in discussing and resolving areas of concern.  In addition, the Fee Committee has again observed that for many of the professionals that had fees approved for the first four interim fee periods, the fifth interim period Applications generally continued to achieve more consistent compliance with the Local Rules, U.S. Trustee Guidelines, and Fee Committee standards than had prior interim fee period applications.  As a result, the negotiation and resolution process was—for most professionals—less involved, requiring fewer recommended adjustments.

As in the four prior interim fee periods, the Fee Committee's review has focused on compliance with the applicable requirements and guidelines established by the Bankruptcy Code, the Executive Office of the U.S. Trustee, and the Fee Committee.  Once again, the Fee

---

[1] Capitalized terms not otherwise defined shall have the meanings ascribed in prior Fee Committee Reports.

Committee has identified and will continue to identify areas of concern, including: excessive numbers of attendees at hearings and at depositions; time billed for invoicing activities and other administrative tasks that are properly part of a professional's overhead; and unreasonable amounts of time spent on retention and fee application activities. Other specific issues—such as a lack of sufficient detail in time records, block billing, timekeepers who appear to record time in half- or whole-hour increments (rather than the required tenth-hour increments), and travel expenses—also have been and will continue to be addressed by the Fee Committee. As noted, many of these guideline concerns have been significantly reduced or eliminated as of the Fifth Interim Fee Period.

The Fee Committee continues to calculate and monitor the cumulative impact of all rate increases, and it has specifically and repeatedly reserved its right with individual Retained Professionals—and in general—to object to rate increases in connection with interim and final fee applications as the aggregate effect of rate increases is determined. The Sixth Interim Fee period brings the case into its third calendar year, of course, meaning many professionals have had up to six separate rate adjustments since the petition date. The effect of these rate adjustments already is substantial, but until the proceedings reach a plan effective date, the Fee Committee probably will not be able to provide the Court with the complete analysis necessary to determine meaningfully the reasonableness of any rate increases.

The total fees requested on an interim basis and approved or recommended for approval by the Fee Committee to date are set forth below:[2]

---

[2] A complete schedule of interim fee applications scheduled for hearing on June 27, 2016, along with the Fee Committee's recommended deductions, is attached as **Exhibit A**.

9220434 v1

| NUMBER OF APPLICANTS | HEARING DATE | APPROVED BY THE COURT | | RECOMMENDED BY FEE COMMITTEE FOR APPROVAL ON 6/27/16 | |
|---|---|---|---|---|---|
| | | FEES APPROVED | EXPENSES APPROVED | FEES | EXPENSES |
| **FIRST INTERIM FEE PERIOD: APRIL 29, 2014 THROUGH AUGUST 31, 2014** | | | | | |
| 4 | December 29, 2014 | $12,862,747.75 | $353,843.86 | | |
| 1 | January 26, 2015 | $24,511,927.32 | $1,122,860.04 | | |
| 5 | February 18, 2015 | $16,517,565.76 | $820,543.45 | | |
| 6 | June 24, 2015 | $7,660,577.80 | $197,488.77 | | |
| 1 | February 18, 2016 | $1,092,339.62 | $166,506.74 | | |
| **SECOND INTERIM FEE PERIOD: SEPTEMBER 1, 2014 THROUGH DECEMBER 31, 2014** | | | | | |
| 12 (professionals' 1st applications) | June 24, 2015 | $7,542,288.16 | $211,020.11 | | |
| 12 (professionals' 2d applications) | June 24, 2015 | $50,892,491.94 | $2,852,293.26 | | |
| 1 (professional's 2d application) | October 26, 2015 | $3,134,247.50 | $199,105.35 | | |
| 1 (professional's 1st application) | February 18, 2016 | $94,193.77 | $2,089.63 | | |
| 3 (professionals' 2d applications) | February 18, 2016 | $1,648,332.99 | $157,254.96 | | |
| **THIRD INTERIM FEE PERIOD: JANUARY 1, 2015 THROUGH APRIL 30, 2015** | | | | | |
| 2 (professionals' 1st applications) | October 26, 2015 | $987,931.08 | $42,344.81 | | |
| 12 (professionals' 2nd applications) | October 26, 2015 | $21,696,829.99 | $731,858.25 | | |
| 12 (professionals' 3rd applications) | October 26, 2015 | $60,299,188.35 | $3,817,467.39 | | |
| 4 (professionals' 3d applications) | February 18, 2016 | $4,938,192.06 | $268,426.89 | | |
| **FOURTH INTERIM FEE PERIOD: MAY 1, 2015 THROUGH AUGUST 31, 2015** | | | | | |
| 1 (professional's 1st application) | February 18, 2016 | $424,647.50 | $5,446.69 | | |
| 2 (professionals' 2d applications) | February 18, 2016 | $850,583.00 | $28,884.65 | | |
| 11 (professionals' 3d applications) | February 18, 2016 | $19,074,204.14 | $283,355.34 | | |
| 12 (professionals' 4th applications) | February 18, 2016 | $49,343,624.32 | $2,548,324.99 | | |
| 4 (professionals' 4th applications) | June 27, 2016 | | | $3,035,668.80 | $236,148.39 |
| **FIFTH INTERIM FEE PERIOD: SEPTEMBER 1, 2015 THROUGH DECEMBER 31, 2015** | | | | | |
| 2 (professionals' 1st applications) | June 27, 2016 | | | $175,760.00 | $3,857.46 |
| 1 (professional's 2d application) | June 27, 2016 | | | $281,802.50 | $10,157.44 |
| 2 (professionals' 3d applications) | June 27, 2016 | | | $887,762.50 | $15,830.22 |
| 9 (professionals' 4th applications) | June 27, 2016 | | | $10,864,406.87 | $397,813.65 |
| 13 (professionals' 5th applications) | June 27, 2016 | | | $39,814,076.67 | $2,024,231.89 |

The table is titled: **CUMULATIVE TOTAL OF INTERIM FEES AND EXPENSE REIMBURSEMENTS REQUESTED[3]**

---

[3] This table does not include the fees and expenses incurred by the Fee Committee Chair or Fee Committee counsel for the Fourth Interim Fee Period, which aggregate $1,001,872.00 in fees and $75,924.58 in expense reimbursement requests. They, too, will be heard on June 27, 2016.

4

| FINAL FEE APPLICATION | | | | | |
|---|---|---|---|---|---|
| 1 (professional's first and final application) | February 18, 2016 | $300,000.00 | $0.00 | | |

## APPLICATIONS FOR INTERIM COMPENSATION
## SCHEDULED FOR HEARING ON JUNE 27, 2016

The Applications scheduled to be heard on June 27, 2016, which are the subject of this Report, correspond to work performed during the fourth and fifth interim fee periods, but most are for work performed during the Fifth Interim Fee Period (September 1, 2015-December 31, 2015).

## ISSUES IDENTIFIED

The Fee Committee's review continues to focus on each applicant's compliance with the Local Rules, the U.S. Trustee Guidelines, the Bankruptcy Code and rules, and other applicable authorities (collectively, the "Fee Committee Standards"). The Fee Committee has paid particular attention to several issues, including staffing levels and multiple attendance at confirmation-related depositions and hearings, which were extensive.

With respect to expenses, the Fee Committee has continued to identify charges in excess of case-specific caps, inadequately or wholly undocumented, or expenses that the Fee Committee has expressly identified as non-compensable but for which Retained Professionals continue to seek reimbursement. To improve the efficiency of the fee review process, the Fee Committee again reminds professionals that they should not include non-compensable activities (such as editing bills) or expenses (such as in-house printer use or overtime pay) in their fee applications.

During the Fifth Interim Fee Period, protracted discovery related to plan confirmation was followed by two full weeks of confirmation proceedings. The Fee Committee was very cognizant of the compressed schedule for the confirmation discovery process and the confirmation proceedings themselves and the attendant and extraordinary requirements placed on

9220434 v1

professionals and their supporting staffs.  It evaluated attendance at these events in that light.

Still, some professionals had many timekeepers at the confirmation hearings, and the Fee

Committee has engaged in detailed discussions with them regarding each timekeeper's

substantive role to ensure that all timekeepers contributed meaningfully to the confirmation

hearings.  Many of the applicants discussed in this Report have agreed to adjustments, some

significant, consistent with the Fee Committee's considered recommendations.

At least six professionals addressed in this Report are being compensated on a flat fee

basis, approved by the Court at the outset of the proceedings under 11 U.S.C. § 328(a).

Nevertheless, the fees remain subject to review under an appropriate standard—on an interim or

final basis.  Accordingly, the Fee Committee has always reviewed the applications and payments

of flat fee professionals.  As part of that review, the Fee Committee has analyzed the services

provided as if the time spent were billed on an hourly basis.  The unusual nature of the

proceedings has meant that, during the fifth interim fee period, some fixed fee professionals

reported relatively little time spent and, as a result, notably high hourly rates.  The Fee

Committee has discussed the issue with several of the fixed fee professionals that, in turn, have

made interim adjustments—all subject to the final application process at which the comparable

hourly rate will be one of a number of factors addressed.

## THE APPLICATIONS

Currently, 34 uncontested interim fee applications are scheduled to be heard by the Court

on June 27, 2016.[4]  The issues identified in each Application are summarized below.

---

[4] This number includes the 31 Applications recommended for Court approval in this Report along with the
applications of the Fee Committee Chair and Fee Committee counsel, all of which will be heard on June 27, 2016.
*See Fourth Interim Application of Richard Gitlin, Individually, and as Chairman of Gitlin & Company LLC, as the
Independent Member of the Fee Committee, for Allowance of Compensation for Services Rendered and
Reimbursement of Expenses for the Period From September 1, 2015 Through December 31, 2015* [D.I. 8643];
*Fourth Interim Application of Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Allowance of
Compensation for Services Rendered and Reimbursement of Expenses for the Period From September 1, 2015*

9220434 v1

**FOURTH INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE FOURTH INTERIM FEE PERIOD: MAY 1, 2015 THROUGH AUGUST 31, 2015**

> 1. *Fourth Interim Fee Application of EPIQ Bankruptcy Solutions, LLC and EPIQ eDiscovery Solutions for Allowance of An Administrative Claim for Compensation and Reimbursement of Expenses Incurred From May 1, 2015 Through August 31, 2015* [D.I. 8109].

On March 31, 2016, EPIQ Bankruptcy Solutions, LLC and EPIQ eDiscovery Solutions ("Epiq") filed its Fourth Fee Application seeking $101,138.80 in fees and $210,819.35 in expense reimbursements.  In its Letter Report to Epiq, the Fee Committee identified issues of concern, including the absence of detail as to certain communications and the failure to segregate tasks performed in some time entries.  However, the Fee Committee did not recommend any deductions, reminding the professional to improve compliance in subsequent fee applications. The Fee Committee recommends that the Court approve this Application without adjustment.

> 2. *Fourth Interim Fee Application of FTI Consulting, Inc., Financial Advisor to the Official Committee of Unsecured Creditors, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period May 1, 2015 Through August 31, 2015* [D.I. 6489].

On October 16, 2015, FTI Consulting, Inc. ("FTI") filed its Fourth Fee Application seeking $1,513,409.50 in fees and $2,233.77 in expense reimbursements.  In its Letter Report to FTI, the Committee identified issues of concern, including potential overstaffing or excessive management oversight and supervision and the notable amount of time spent on fee application activities.  FTI subsequently either provided adequate explanation for these issues or agreed to the adjustments set forth on Exhibit A.  The Fee Committee recommends that the Court approve this Application as adjusted.

---

*Through December  31, 2015* [D.I. 8644]; and *Fourth Interim Fee Application of Phillips, Goldman & Spence, P.A. for Compensation and Reimbursement of Expenses as Delaware Counsel to the Fee Committee for the Period September 1, 2015 Through December 31, 2015* [D.I. 7737].

9220434 v1

> 3. *Fourth Interim Application of Lazard Freres and Co. LLC, as Investment Banker to the Official Committee of TCEH Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses for the Period May 1, 2015 Through August 31, 2015* [D.I. 6620].

On October 23, 2015, Lazard Freres and Co., LLC ("Lazard") filed its Fourth Fee Application seeking $1 million in flat fees and $1,565.46 in expense reimbursements.  In its Letter Report to Lazard, the Committee identified issues of concern, including an excessive blended hourly rate.  The Fee Committee also noted that work performed in November, 2015 (134 hours, *see* D.I. 7429) and December, 2015 (4 hours, *see* D.I. 7581) did not appear to justify the continued payment of monthly flat fees.  Given the fact that Lazard's work substantially ceased as of October 31, 2015, Lazard agreed that it would discontinue flat fee billing effective October 31, 2015, reserving its right to resume flat fee monthly billing if the Fee Committee objected to Lazard's success and/or transaction fees,[5] or if Lazard were asked to perform substantial work on behalf of the T-side Committee after that date.  With that agreement, and one adjustment to expenses, the Fee Committee recommends that the Court approve this Application with the adjustment set forth on Exhibit A.

> 4. *Fourth Interim Fee Application of Richards, Layton & Finger, P.A., Co-Attorneys for the Debtors and Debtors in Possession, for the Period From May 1, 2015 Through and Including August 31, 2015* [D.I. 6620].

On February 8, 2016, Richards Layton ("RLF") filed its Fourth Fee Application seeking $467,550.50 in fees and $29,883.73 in expense reimbursements.  In its Letter Report to RLF, the Fee Committee identified issues of concern, including charges for "standby time" and multiple attendees at hearings.  RLF subsequently provided supplemental information and agreed to

---

[5] No such fees have yet been submitted for approval.

certain adjustments set forth on Exhibit A.  The Fee Committee recommends that the Court

approve this Application as adjusted.

### FIRST INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE FIFTH INTERIM FEE PERIOD: SEPTEMBER 1, 2015 THROUGH DECEMBER 31, 2015

> 5.    *First Interim Fee Application of Bielli & Klauder, LLC, Co-Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp,. for the Period From October 1, 2015 Through and Including December 31, 2015* [D.I. 7847].

On November 12, 2015, the Court authorized the Debtors to retain Bielli & Klauder, LLC

("BK") as counsel to Energy Future Holdings Corp., effective *nunc pro tunc* to October 1, 2015

[D.I. 6963].[6]  On February 15, 2016, BK filed its First Fee Application seeking $60,379.00 in

fees and $355.50 in expense reimbursements.  In its Letter Report to BK, the Fee Committee

identified very modest expense adjustments, to which BK agreed as outlined on Exhibit A.  The

Fee Committee recommends that the Court approve this Application as adjusted.

> 6.    *First Interim Fee Application of Greenberg Traurig, LLP as Special Counsel for Certain Energy-Related Transactional Matters for the Debtors and Debtors in Possession, for the Period From November 2, 2015 Through and Including December 31, 2015* [D.I. 8098].

On December 15, 2015, the Court authorized the Debtors to retain Greenberg Traurig,

LLP ("Greenberg") as special counsel for certain energy-related transactional matters, effective

*nunc pro tunc* to November 2, 2015 [D.I. 7352].[7]  On February 15, 2016, Greenberg filed its

First Fee Application seeking $115,966.00 in fees and $3,536.76 in expense reimbursements.  In

---

[6] On October 23, 2015, BK filed the *Debtor Energy Future Holdings Corp.'s Application for Entry of an Order Authorizing the Retention and Employment of Bielli & Klauder, LLC as Co-Counsel for Debtor and Debtor In Possession Energy Future Holdings Corp. Effective Nunc Pro Tunc to October 1, 2015* [D.I. 6617], explaining that "the [O'Kelly Ernst & Bielli, LLC] partner primarily responsible for the firm's representation [of EFH Corp.], David M. Klauder, left the firm effective September 30, 2015 and joined BK on October 1, 2015.  After consulting with EFH Corp.'s disinterested directors, Proskauer Rose LLP ("Proskauer"), EFH Corp.'s lead counsel for Conflict Matters, and BK, EFH Corp. decided to retain BK to represent it so that the same team of lawyers would continue to advise and represent EFH Corp. in connection with Conflict Matters."

[7] Greenberg substituted for McDermott Will & Emery, LLP, when the lead partner responsible for the special counsel representation at McDermott relocated to that firm effective November 2, 2015.

its Letter Report to BK, the Fee Committee identified very modest expense adjustments, to

which BK agreed as outlined on Exhibit A.  The Fee Committee recommends that the Court

approve this Application as adjusted.

### SECOND INTERIM FEE APPLICATION FOR WORK PERFORMED DURING THE FIFTH INTERIM FEE PERIOD: SEPTEMBER 1, 2015 THROUGH DECEMBER 31, 2015

> 7.  *Second Interim Quarterly Fee Application of Jenner & Block LLP Independent Counsel for Energy Future Intermediate Holding Company LLC, for the Period September 1, 2015 Through December 31, 2015* [D.I. 7861].

On February 16, 2016, Jenner & Block LLP ("Jenner ") filed its Second Fee Application

seeking $281,897.50 in fees and $10,929.30 in expense reimbursements.  In its Letter Report to

Jenner, the Fee Committee identified some issues of concern, and Jenner subsequently provided

supplemental information and agreed to certain adjustments set forth on Exhibit A.  The Fee

Committee recommends that the Court approve this Application as adjusted.

### THIRD INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE FIFTH INTERIM FEE PERIOD: SEPTEMBER 1, 2015 THROUGH DECEMBER 31, 2015

> 8.  *Third Interim Fee Application of McElroy, Deutsch, Mulvaney & Carpenter, LLP for Allowance of Compensation and for Reimbursement of Expenses Incurred During the Period September 1, 2015 Through December 31, 2015* [D.I. 7862].

On February 16, 2016, McElroy, Deutsch, Mulvaney & Carpenter, LLP ("McElroy")

filed its Third Fee Application seeking $89,160.00 in fees and $2,339.06 in expense

reimbursements.  In its Letter Report to McElroy, the Fee Committee identified several concerns,

and McElroy agreed to certain adjustments set forth on Exhibit A.  The Fee Committee

recommends that the Court approve this Application as adjusted.

9.  *Third Interim Application of SOLIC Capital Advisors, LLC, Financial Advisor for Debtor Energy Future Holdings Corp., for Compensation for Services Rendered and Reimbursement of Expenses Incurred From September 1, 2015 Through December 31, 2015* [D.I. 7864].

On February 16, 2016, SOLIC Capital Advisors, LLC ("SOLIC") filed its Third Fee Application seeking $800,000.00 in flat fees and $13,709.16 in expense reimbursements.  The Fee Committee noted that the blended hourly rate during the fee period was excessive, and it has informed the professional that the Fee Committee is closely monitoring the blended hourly rate of all flat fee professionals to ensure the continued reasonableness of flat fee arrangements.  The Fee Committee, however, identified no other issues of concern and recommends that the Court approve this Application as itemized on Exhibit A.

### FOURTH INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE FIFTH INTERIM FEE PERIOD: SEPTEMBER 1, 2015 THROUGH DECEMBER 31, 2015

10. *Fourth Interim Fee Application of AlixPartners, LLP Seeking Compensation for Services Rendered and Reimbursement of Expenses incurred as Restructuring Advisor to the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance Inc., and EECI, Inc. for the Period From September 1, 2015 Through December 31, 2015* [D.I. 7854].

On February 16, 2016, AlixPartners, LLP ("AlixPartners") filed its Fourth Fee Application seeking $1,118,835.50 in fees and $101,021.60 in expense reimbursements.  In its Letter Report to AlixPartners, the Fee Committee identified some issues of concern, including the number of participants at and frequency of meetings and certain expenses that lacked documentation.  AlixPartners subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on Exhibit A.  The Fee Committee recommends that the Court approve this Application as adjusted.

11

> 11. *Fourth Interim Fee Application of Balch & Bingham LLP, Special*
> *Counsel to the Debtors and Debtors in Possession, for the Period From*
> *September 1, 2015 Through and Including December 31, 2015*
> [D.I. 7881].

On February 17, 2016, Balch & Bingham LLP ("Balch & Bingham") filed its Fourth Fee Application seeking $740,153.50 in fees and $15,389.63 in expense reimbursements.  In its Letter Report to Balch & Bingham, the Fee Committee identified issues of concern with some billing errors and expense issues particularly noted.  Balch & Bingham subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on Exhibit A.  The Fee Committee recommends that the Court approve this Application as adjusted.

> 12. *Fourth Interim Fee Application of Cravath, Swaine & Moore LLP*
> *Independent Counsel for Energy Future Intermediate Holding Company*
> *LLC, for the Period September 1, 2015 Through December 31, 2015*
> [D.I. 7867].

On February 16, 2016, Cravath, Swaine & Moore LLP ("Cravath") filed its Fourth Fee Application seeking $872,647.50 in fees and $8,858.86 in expense reimbursements.  In its Letter Report to Cravath, the Fee Committee identified issues of concern, including charges for administrative tasks that the Fee Committee considers overhead and a continuing failure to segregate time entries by task.  Cravath subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on Exhibit A.  The Fee Committee recommends that the Court approve this Application as adjusted.

> 13. *Fourth Interim Fee Statement of Goldin Associates, LLC for Allowance*
> *of an Administrative Claim for Compensation and Reimbursement of*
> *Expenses Incurred From September 1, 2015 Through December 31, 2015*
> [D.I. 7870].

On February 17, 2016, Goldin Associates, LLC ("Goldin") filed its Fourth Fee Application requesting $600,000.00 in flat fee compensation and $188.27 in expense

9220434 v1

reimbursements.  The Fee Committee noted that the blended hourly rate during the fee period

was excessive, and it has informed the professional that the Fee Committee is closely monitoring

the blended hourly rate of all flat fee professionals to ensure the continued reasonableness of flat

fee arrangements.  The Fee Committee, however, identified no other issues of concern and

recommends that the Court approve this Application as itemized on Exhibit A.

> 14. *Fourth Interim Application of Greenhill & Co., LLC, as Financial Advisor to Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC for Allowance of Compensation and Reimbursement of Expenses for the Period September 1, 2015 Through December 31, 2015* [D.I. 7927].

On February 24, 2016, Greenhill & Co., LLC ("Greenhill") filed its Fourth Fee

Application, seeking $1 million in flat fees and $32,071.37 in expense reimbursements.  The Fee

Committee noted that the blended hourly rate during the fee period was excessive, and it has

informed the professional that the Fee Committee is closely monitoring the blended hourly rate

of all flat fee professionals to ensure the continued reasonableness of flat fee arrangements.  The

Fee Committee did identify several expense issues of concern.  Greenhill subsequently either

provided adequate explanation for these issues or agreed to certain adjustments set forth on

Exhibit A.  The Fee Committee recommends that the Court approve this Application as adjusted.

> 15. *Fourth Interim Fee Application of Guggenheim Securities, LLC, Investment Banker to the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. for Allowance of Compensation and Reimbursement of Expenses Incurred for the Period September 1, 2015 Through December 31, 2015* [D.I. 7829].

On February 12, 2016, Guggenheim Securities, LLC ("Guggenheim") filed its Fourth Fee

Application seeking $1 million in flat fees and $71,390.97 in expense reimbursements.  The Fee

Committee noted that the Fee Committee is closely monitoring the blended hourly rate of all flat

fee professionals to ensure the continued reasonableness of flat fee arrangements.  In its Letter

Report to Guggenheim, the Fee Committee identified several billing errors and noted that

documentation supporting expense reimbursements had not been submitted.  Guggenheim

subsequently submitted the requested documents and agreed to certain adjustments set forth on

Exhibit A.  The Fee Committee recommends that the Court approve this Application as adjusted.

> 16. *Fourth Interim Fee Application of Munger, Tolles & Olson LLP, Counsel
>     to Debtors and Debtors in Possession Energy Future Competitive
>     Holdings Company LLC and Texas Competitive Electric Holdings
>     Company LLC, for the Period From September 1, 2015 Through and
>     Including December 31, 2015* [D.I. 7849].

On February 15, 2016, Munger, Tolles & Olson LLP ("Munger Tolles") filed its Fourth

Fee Application seeking $2,880,590.50 in fees and $126,306.14 in expense reimbursements.  In

its Letter Report to Munger Tolles, the Fee Committee identified as specific concerns the issue of

overattendance at depositions and associated expense charges.  Munger Tolles subsequently

either provided adequate explanation for these issues or agreed to certain adjustments set forth on

Exhibit A.  The Fee Committee recommends that the Court approve this Application as adjusted.

> 17. *Fourth Interim Application of Proskauer Rose LLP, Counsel for Debtor
>     Energy Future Holdings Corp., for Compensation for Services Rendered
>     and Reimbursement of Expenses Incurred From September 1, 2015
>     Through December 31, 2015* [D.I. 7863].

On February 16, 2016, Proskauer Rose LLP ("Proskauer") filed its Fourth Fee

Application seeking $2,736,919.75 in fees and $67,629.00 in expense reimbursements.  In its

Letter Report to Proskauer, the Fee Committee identified several issues of particular and

continuing concern, including notably high blended hourly rates, excessive retention and

disclosure activities, and questionable staffing.  Proskauer subsequently either provided adequate

14

explanation for these issues or agreed to certain adjustments set forth on Exhibit A.  The Fee

Committee recommends that the Court approve this Application as adjusted.

> 18. *Fourth Interim Fee Application of Stevens & Lee, P.C., Special Counsel for Energy Future Intermediate Holding Company LLC, for the Period of September 1, 2015 Through December 31, 2015* [D.I. 7846].

On February 15, 2016, Stevens & Lee, P.C. ("Stevens & Lee") filed its Fourth Fee

Application seeking $106,643.00 in fees and $831.60 in expense reimbursements.  In its Letter

Report to Stevens & Lee, the Fee Committee identified some issues of concern.  Stevens & Lee

subsequently either provided adequate explanation for these issues or agreed to certain

adjustments set forth on Exhibit A.  The Fee Committee recommends that the Court approve this

Application as adjusted.

### FIFTH INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE FIFTH INTERIM FEE PERIOD: SEPTEMBER 1, 2015 THROUGH DECEMBER 31, 2015

> 19. *Fifth Interim Fee Application of Alvarez & Marsal North America, LLC, in their Capacity as Restructuring Advisors for the Debtors and Debtors in Possession, for the Period From September 1, 2015 Through and Including December 31, 2015* [D.I. 7910].

On February 22, 2016, Alvarez & Marsal North America, LLC ("Alvarez & Marsal")

filed its Fifth Fee Application seeking $3,303,080.00 in fees and $157,701.88 in expense

reimbursements.  In its Letter Report to Alvarez & Marsal, the Fee Committee identified issues

of concern.  Alvarez & Marsal subsequently either provided adequate explanation for these

issues or agreed to certain adjustments set forth on Exhibit A.  The Fee Committee recommends

that the Court approve this Application as adjusted.

> 20. *Fifth Interim Fee Application for Compensation for Services Rendered and Reimbursement of Expenses of Deloitte & Touche LLP as Independent Auditor to the Debtors and Debtors in Possession for the Period of September 1, 2015 Through December 31, 2015* [D.I. 8087].

On March 28, 2016, Deloitte & Touche LLP ("Deloitte") filed its Fifth Fee Application seeking $3,374,434.25 in fees and nothing in expense reimbursements.  In its Letter Report to Deloitte, the Fee Committee identified some issues of concern, including excessive time spent on routine billing and invoicing activities and multiple instances of inadvertent double-billing.  Deloitte subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on Exhibit A.  The Fee Committee recommends that the Court approve this Application as adjusted.

> 21. *Fifth Interim Fee Application of Evercore Group L.L.C., Debtors' Investment Banker and Financial Advisor for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred From September 1, 2015 Through December 31, 2015* [D.I. 7990].

On March 9, 2016, Evercore Group L.L.C. ("Evercore") filed its Fifth Fee Application seeking $2,100,000.00 in flat fees and $52,014.38 in expense reimbursements.  The Fee Committee noted that it is closely monitoring the blended hourly rate of all flat fee professionals to ensure the continued reasonableness of flat fee arrangements.  In its Letter Report to Evercore, the Fee Committee did not identify any other areas of concern.  The Fee Committee recommends that the Court approve this Application as reflected in Exhibit A.

> 22. *Fifth Interim Fee Application of Filsinger Energy Partners, Energy Consultants for the Debtors and Debtors in Possession, for the Period From September 1, 2015 Through and Including December 31, 2015* [D.I. 7911].

On February 22, 2016, Filsinger Energy Partners ("Filsinger") filed its Fifth Fee Application seeking $3,507,023.50 in fees and $145,320.24 in expense reimbursements.  In its

Letter Report to Filsinger, the Fee Committee identified de minimis issues of concern.  Filsinger

subsequently either provided adequate explanation for questioned expenses or agreed to certain

adjustments set forth on Exhibit A.  The Fee Committee recommends that the Court approve this

Application as adjusted.

> 23. *Fifth Interim Fee Application of FTI Consulting, Inc., Financial Advisor*
> *to the Official Committee of Unsecured Creditors, for Allowance of*
> *Compensation for Services Rendered and Reimbursement of Expenses*
> *Incurred For the Period September 1, 2015 Through December 31, 2015*
> *[D.I. 7828].*

On February 12, 2016, FTI Consulting, Inc. ("FTI") filed its Fifth Fee Application

seeking $283,780.50 in fees and no expense reimbursements.  In its Letter Report to FTI, the

Committee identified issues of continuing concern, including overattendance at hearings and

excessive time spent on fee application activities.  FTI subsequently either provided adequate

explanation for these issues or agreed to the adjustments set forth on Exhibit A.  The Fee

Committee recommends that the Court approve this Application as adjusted.

> 24. *Fifth Interim Fee Application of Gibson, Dunn & Crutcher LLP, Special*
> *Counsel to the Debtors and Debtors in Possession, for the Period From*
> *September 1, 2015 Through and Including December 31, 2015*
> *[D.I. 7836].*

On February 12, 2016, Gibson, Dunn & Crutcher LLP ("Gibson Dunn") filed its Fifth

Fee Application seeking $1,444,656.60 in fees and $21,356.60 in expense reimbursements.  In its

Letter Report to Gibson Dunn, the Fee Committee identified several issues of concern, including

some billing errors.  Gibson Dunn subsequently either provided adequate explanation for these

issues or agreed to certain adjustments set forth on Exhibit A.  The Fee Committee recommends

that the Court approve this Application as adjusted.

25. *Fifth Interim Fee Application of KPMG LLP for Compensation for*
    *Services Rendered and Reimbursement of Expenses as Bankruptcy*
    *Accounting and Tax Advisors to the Debtors and Debtors in Possession*
    *for the Period From September 1, 2015 Through December 31, 2015*
    [D.I. 7948].

On February 29, 2016, KPMG LLP ("KPMG") filed its Fifth Fee Application seeking

$2,026,911.80 in fees and $38,527.76 in expenses.  In its Letter Report to KPMG, the Fee

Committee identified several issues of concern, including excessive charges for time spent

responding to the Fee Committee's inquiries.  KPMG subsequently either provided adequate

explanation for these issues or agreed to certain adjustments set forth on Exhibit A.  The Fee

Committee recommends that the Court approve this Application as adjusted.

26. *Amended Fifth Interim Fee Application of Kirkland & Ellis LLP and*
    *Kirkland & Ellis International LLP, Attorneys for the Debtors and*
    *Debtors in Possession, for the Period From September 1, 2015 Through*
    *and Including December 31, 2015* [D.I. 7719].

On January 22, 2016, Kirkland & Ellis LLP ("Kirkland") filed its Fifth Fee Application

seeking $20,074,835.50 in fees and $1,256,581.06 in expense reimbursements.  In its Letter

Report to Kirkland, the Fee Committee identified issues of concern, including time spent on

routine billing and invoicing activities, overattendance at hearings and depositions, and certain

expense charges that are not compensable.  As Debtors' counsel, the firm bore the burden of the

confirmation hearings, and the Fee Committee's review recognized that.  Kirkland subsequently

either provided adequate explanation for these issues or agreed to certain adjustments set forth on

Exhibit A.  The Fee Committee recommends that the Court approve this Application as adjusted.

> 27. *Fifth Interim Fee Application of Richards, Layton & Finger, P.A.,*
> *Co-Attorneys for the Debtors and Debtors in Possession, for the Period*
> *From September 1, 2015 Through and Including December 31, 2015*
> [D.I. 8238].

On April 15, 2016, RLF filed its Fifth Fee Application seeking $860,280.50 in fees and

$89,491.95 in expense reimbursements.  In its Letter Report to RLF, the Fee Committee

identified only minor issues of concern.  RLF subsequently provided supplemental information

and agreed to certain adjustments set forth on Exhibit A.  The Fee Committee recommends that

the Court approve this Application as adjusted.

> 28. *Fifth Interim Fee Application of McDermott Will & Emery LLP, Special*
> *Counsel for the Debtors and Debtors in Possession, for the Period From*
> *September 1, 2015 Through and Including October 28, 2015* [D.I. 7972].

On March 7, 2016, McDermott Will & Emery ("McDermott") filed its Fifth Fee

Application seeking $85,629.50 in fees and $5,495.09 in expense reimbursements.  In its Letter

Report to McDermott, the Fee Committee identified no issues of concern.  The Fee Committee

recommends that the Court approve this Application as filed and noted on Exhibit A.

> 29. *Fifth Interim Application of Morrison & Foerster LLP as Counsel for the*
> *Official Committee of TCEH Unsecured Creditors for Compensation and*
> *Reimbursement of Expenses Incurred for the Period September 1, 2015*
> *Through December 31, 2015* [D.I. 7807].

On February 8, 2016, Morrison & Foerster LLP ("Morrison & Foerster") filed its Fifth

Fee Application seeking $2,696,076.75 in fees and $86,106.20 in expense reimbursements.  In its

Letter Report to Morrison & Foerster, the Fee Committee identified several issues of concern,

including billing errors, time spent by transitory timekeepers, and staffing issues.  Morrison &

Foerster subsequently either provided adequate explanation for these issues or agreed to certain

adjustments set forth on Exhibit A.  The Fee Committee recommends that the Court approve this

Application as adjusted.

> 30. *Fifth Interim Fee Application of Thompson & Knight LLP, Special Tax*
> *Counsel for the Debtors and Debtors in Possession, for the Period From*
> *September 1 Through and Including December 31, 2015* [D.I. 8066].

On March 24, 2016, Thompson & Knight LLP ("Thompson & Knight") filed its Fifth Fee

Application seeking $506,550.50 in fees and $2,038.41 in expense reimbursements.  In its Letter

Report to Thompson & Knight, the Fee Committee identified some issues of concern. Thompson

& Knight subsequently either provided adequate explanation for these issues or agreed to certain

adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this

Application as adjusted.

> 31. *Fifth Interim Fee Application of EPIQ Bankruptcy Solutions, LLC and*
> *EPIQ eDiscovery Solutions for Allowance of an Administrative Claim for*
> *Compensation and Reimbursement of Expenses Incurred From*
> *September 1, 2015 Through December 31, 2015* [D.I. 8433].

On May 11, 2016, Epiq filed its Fifth Fee Application seeking $212,520.30 in fees and

$256,008.03 in expense reimbursements.  In its Letter Report to Epiq, the Fee Committee

identified several issues of concern, including charges for training and billing errors.  Epiq

subsequently agreed to certain adjustments set forth on Exhibit A.  The Fee Committee

recommends that the Court approve this Application as adjusted.

## CONCLUSION

Based on all of the above, the Fee Committee respectfully requests that the Court enter

the order attached as Exhibit B approving on an interim basis the Applications outlined in this

Report and on the attached **Exhibit A**, subject to the agreed reductions summarized in the exhibit

and subject as well to further review and the final fee application process.

9220434 v1

Dated:  June 23, 2016.

GODFREY & KAHN, S.C.


_____*/s/ Katherine Stadler*_____
Katherine Stadler, *Admitted Pro Hac Vice*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: bwilliam@gklaw.com
        kstadler@gklaw.com

-and-

BENESCH, FRIEDLANDER,
        COPLAN & ARONOFF LLP
Jennifer R. Hoover, Esquire (DE #5111)
William M. Alleman, Jr., Esquire (DE #5449)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
302-442-7010 telephone
302-442-7012 facsimile
jhoover@beneschlaw.com
walleman@beneschlaw.com


*Attorneys for the Fee Committee*

15768716.2

9220434 v1