## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF AGENDA OF MATTERS SCHEDULED FOR
## HEARING ON JUNE 27, 2016 STARTING AT 10:00 A.M. (EDT)[2]

### I.    CONTINUED/RESOLVED MATTERS:

1.    Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2808; filed November 18, 2014]

Response/Objection Deadline:        December 11, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' First Omnibus (Non-Substantive) Objection to (Amended and Superseded, Exact Duplicate, and Insufficient Documentation) Claims Pursuant to Sections 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Allied Electronics, Inc. [D.I. 2964; filed December 10, 2014]

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] The June 27, 2016 (the "June 27th Hearing") hearing will be held before The Honorable Christopher S. Sontchi at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801 beginning at 10:00 a.m. (EDT). Any person who wishes to appear telephonically at the June 27th Hearing must contact COURTCALL, LLC at 866-582-6878 prior to **12:00 p.m. (noon) (EDT) on Friday 24, 2016** to register his/her telephonic appearance in accordance with the *Instructions for Telephonic Appearances Effective January 5, 2005, Revised April 27, 2009.*

Related Documents:

i.      Declaration of Steve R. Kotarba, Managing Director with Alvarez &
        Marsal North America, LLC, in Support of the Debtors' First Omnibus
        (Non-Substantive) Objection to (Amended and Superseded, Exact
        Duplicate and Insufficient Documentation) Claims Pursuant to Section
        502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007,
        and Local Bankruptcy Rule 3007-1 [D.I. 2809; filed November 18, 2014]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors'
        First Omnibus (Non-Substantive) Objection to (Amended and Superseded,
        Exact Duplicate, and Insufficient Documentation) Claims Pursuant to
        Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003,
        and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 2948; filed December
        4, 2014]

iii.    Order Sustaining Debtors' First Omnibus (Non-Substantive) Objection to
        (Amended   and   Superseded,   Exact   Duplicate,   and   Insufficient
        Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy
        Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy
        Rule 3007-1 [D.I. 3046; filed December 17, 2014]

iv.     Order (Second) Sustaining Debtors' First Omnibus (Non-Substantive)
        Objection to (Amended and Superseded, Exact Duplicate, and Insufficient
        Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy
        Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy
        Rule 3007-1 [D.I. 3469; filed February 6, 2015]

v.      Certification of Counsel Regarding "Debtors' First Omnibus (Non-
        Substantive) Objection to (Amended and Superseded, Exact Duplicate,
        and Insufficient Documentation) Claims Pursuant to Section 502(b) of the
        Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local
        Bankruptcy Rule 3007-1 [D.I. 2808] [D.I. 8593; filed June 2, 2016]

vi.     Order (Third) Sustaining Debtors' First Omnibus (Non-Substantive)
        Objection to (Amended and Superseded, Exact Duplicate, and Insufficient
        Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy
        Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy
        Rule 3007-1 [D.I. 8638; filed June 3, 2016]

Status: The individual status of each remaining claim subject to this matter is
        listed on the attached Exhibit A.  On December 17, 2014, the Court
        entered an order granting the objection with respect to certain claimants.
        On February 6, 2015, the Court entered a further form of order in
        connection with this matter resolving additional claims subject thereto.
        On June 3, 2016, the Court entered a further form of order in connection
        with this matter resolving additional claims subject thereto.    All

2

unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

2.    Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2992; filed December 12, 2014]

Response/Objection Deadline:        December 31, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Mason Guy [D.I. 3153; filed December 29, 2014]

B.    Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Susan Keyes [D.I. 3164; filed December 31, 2014]

C.    Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Ruth Caesar [D.I. 3171; filed January 5, 2015]

D.    Objection to Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Maria Soto [Not on Docket]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2993; filed December 12, 2014]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the

3

Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3160; filed December 30, 2014]

iii.    Order Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Customer Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3236; filed January 12, 2015]

iv.    Order (Second) Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3470; filed February 6, 2015]

v.    Order (Third) Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3839; filed March 9, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit B. On January 12, 2015, the Court entered an order granting the objection with respect to certain claims. On February 6, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. On March 9, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

3.    Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2994; filed December 12, 2014]

Response/Objection Deadline:    December 31, 2014 at 4:00 p.m. (EST)

Responses/Objections Received:    None.

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 2995; filed December 12, 2014]

4

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3161; filed December 30, 2014]

iii.    Order Sustaining Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3234; filed January 12, 2014]

iv.    Order (Second) Sustaining Debtors' Fourth Omnibus (Substantive) Objection to Certain Substantive Duplicate Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3502; filed February 10, 2014]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit C. On January 12, 2015, the Court entered an order granting the objection with respect to certain claims. On February 10, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

4.    Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3212; filed January 9, 2015]

Response/Objection Deadline:    January 23, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Deborah Moore [D.I. 3352; filed January 23, 2015]

B.    Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Stephen W. Mitchell [D.I. 3355; filed January 23, 2015]

C.    Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Monica Regina Hawkins [D.I. 3386; filed January 27, 2015]

D.    Response to Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by JoAnn M. Robinson [D.I. 3389; filed January 28, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3213; filed January 9, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3374; filed January 27, 2015]

iii.    Order Sustaining Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3468; filed February 6, 2015]

iv.    Order (Second) Sustaining Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3838; filed March 9, 2015]

v.    Letter Referring to the Omnibus Objection to Claims (Debtors' Sixth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1) [D.I. 3926; filed March 18, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit D. On February 6, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On March 9, 2015, the Court entered a further form of order in connection

6

with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

5.    Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3218; filed January 9, 2015]

Response/Objection Deadline:        January 23, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by DeAnna & Gerald Edwards [D.I. 3388; filed January 28, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3219; filed January 9, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3375; filed January 27, 2015]

iii.    Order Sustaining Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3465; filed February 6, 2015]

iv.    Order (Second) Sustaining Debtors' Seventh Omnibus (Substantive) Objection to Certain No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3854; filed March 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit E. On February 6, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On March 10, 2015, the Court entered a further form of order in connection

7

with this matter sustaining this matter with respect to the claim of Gary Waldrep. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

6.    Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3381; filed January 27, 2015]

Response/Objection Deadline:        February 10, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.    Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Leo Griffin [D.I. 3498; filed February 9, 2015]

B.    Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jackie McClain [D.I. 3500; filed February 9, 2015]

C.    Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jack R. Beard, Jr. [D.I. 3511; filed February 11, 2015]

D.    Response to Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jesus A Moreno [D.I. 3578; filed February 18, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3382; filed January 27, 2015]

    ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3637; filed February 24, 2015]

    iii.    Order Sustaining Debtors' Eighth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3640; filed February 24, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit F. On February 24, 2015, the Court entered an order granting the objection with respect to certain claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

7.    Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3473; filed February 6, 2015]

    Response/Objection Deadline:        February 20, 2015 at 4:00 p.m. (EST)

    Responses/Objections Received:

    A.    Objection to Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Melva Johnson [D.I. 3636; filed February 24, 2015]

    Related Documents:

    i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3474; filed February 6, 2015]

    ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 3639; filed February 24, 2015]

      iii.     Order Sustaining Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3876; filed March 12, 2015]

      iv.     Order (Second) Sustaining Debtors' Tenth Omnibus (Substantive) Objection to (Certain No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4094; filed April 9, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit G. On March 12, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On April 9, 2015, the Court entered a further from of order sustaining the objection with respect to certain additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

8.     Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3896; filed March 13, 2015]

Response/Objection Deadline:     March 27, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:

A.     Claimant Response to Debtor Objection to Claim for Rose S. Washington [D.I. 3998; filed March 27, 2015]

Related Documents:

      i.     Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 3897; filed March 13, 2015]

      ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4013; filed March 31, 2015]

      iii.     Order Sustaining Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the

10

Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4093; filed April 9, 2015]

iv.    Order (Second) Sustaining Debtors' Twelfth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4677; filed June 4, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit H.  On April 9, 2015, the Court entered an order sustaining this matter as to various claims subject thereto.  On June 4, 2015, the Court entered a further form of order sustaining the objection with respect to certain additional claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

9.    Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4003; filed March 27, 2015]

Response/Objection Deadline:        April 10, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Lori Slocum for estate of Donald L. Cox [D.I. 4088; filed April 8, 2015]

B.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Yolanda H. Small [D.I. 4089; filed April 8, 2015]

C.    Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Timmy Villarreal [D.I. 4114; filed April 10, 2015]

D.    Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local

11

Bankruptcy Rule 3007-1 filed by Joan H. Hughes [D.I. 4150; filed April 14, 2015]

E.     Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Robert E. Walker [D.I. 4151; filed April 14, 2015]

F.     Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Marilyn Bell [D.I. 4152; filed April 14, 2015]

G.     Objection to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Nikita Denis Bailey-Kelly [D.I. 4153; filed April 14, 2015]

H.     Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Judy Allen [D.I. 4154; filed April 14, 2015]

I.     Response to Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Melvin Williams [D.I. 4204; filed April 17, 2015]

Related Documents:

i.     Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4004; filed March 27, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4226; filed April 20, 2015]

iii.    Order Sustaining Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4373; filed May 1, 2015]

iv.    Order (Second) Sustaining Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4676; filed June 4, 2015]

v.    Order (Third) Sustaining Debtors' Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4905; filed July 1, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit I.    On May 1, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto.  On June 4, 2015, the Court entered a further form of order sustaining the objection with respect to certain additional claims subject thereto.  On July 1, 2015, the Court entered a further form of order sustaining the objection with respect to certain additional claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

10.    Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4052; filed April 2, 2015]

Response/Objection Deadline:        April 16, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Amelia Maurillo's Response to Debtor's Objection to Amelia Maurillo Proof of Claim [D.I. 4206; filed April 17, 2015]

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4053; filed April 2, 2015]

13

ii.    Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4228; filed April 20, 2015]

iii.    Order Sustaining Debtors' Fifteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4281; filed April 27, 2015]

Status:    The individual status of each claim subject to this matter is listed on the attached Exhibit J.  On April 27, 2015, the Court entered an order sustaining this matter as to various claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

11.    Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4782; filed June 16, 2015]

Response/Objection Deadline:        June 30, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.    Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Donna Phillips [D.I. 4897; filed June 30, 2015]

B.    Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jacquelyn A. Myles [D.I. 4906; filed July 1, 2015]

C.    Response to Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Austin Kovach [D.I. 4943; filed July 8, 2015]

14

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4783; filed June 16, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Related to "Debtors Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 4913; filed July 2, 2015]

iii.    Order Sustaining Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5006; filed July 15, 2015]

iv.     Declaration of Barry Harman, Pro Se Claimant, in Support of the Original Claim as Filed and in Opposition to Debtors Standard Form Objection(s) [D.I. 5076; filed July 22, 2015]

v.      Order (Second) Sustaining Debtors' Sixteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5875; filed September 8, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit K.  On July 15, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. On September 8, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

12.    Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4784; filed June 16, 2015]

Response/Objection Deadline:         July 2, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.     Creditors Response to Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Wayne English [D.I. 4882; filed June 29, 2015]

B.     Response to Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Jeffrey and Linda Sue Lammers [D.I. 4919; filed July 2, 2015]

Related Documents:

i.     Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4785; filed June 16, 2015]

ii.     *Amended* Notice of "Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" and Hearing Thereon [D.I. 4804; filed June 18, 2015]

iii.     *Second Amended* Notice of "Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" and Hearing Thereon [D.I. 4851; filed June 24, 2015]

iv.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5011; filed July 15, 2015]

v.     Order Sustaining Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5089; filed July 24, 2015]

RLF1 14688140v.1

vi.     Order (Second) Sustaining Debtors' Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5876; filed September 8, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit L. On July 24, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. On September 8, 2015, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

13.     Debtors' Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4786; filed June 16, 2015]

Response/Objection Deadline:          July 2, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Eighteenth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4787; filed June 16, 2015]

ii.     *Amended* Notice of "Debtors' Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" and Hearing Thereon [D.I. 4805; filed June 18, 2015]

iii.    *Second Amended* Notice of "Debtors' Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" and Hearing Thereon [D.I. 4852; filed June 24, 2015]

iv.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Eighteenth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code,

Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5012; filed July 15, 2015]

v.    Order Sustaining Debtors' Eighteenth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5214; filed August 5, 2015]

vi.   Order (Second) Sustaining Debtors' Eighteenth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 7697; filed January 20, 2016]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit M.  On August 5, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto.  On January 20, 2016, the Court entered a further form of order in connection with this matter resolving additional claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

14.   Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4970; filed July 10, 2015]

Response/Objection Deadline:        July 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:      None.

Related Documents:

i.    Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4971; filed July 10, 2015]

ii.   Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5014; filed July 15, 2015]

iii.  Order Sustaining Debtors' Nineteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation, Amended, and Wrong Debtor)

18

Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5255; filed August 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit N. On August 10, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. On January 19, 2016, the Court entered a notice of settlement of certain claims. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

15.    Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4974; filed July 10, 2015]

Response/Objection Deadline:          July 24, 2015 at 4:00 p.m. (EDT); extended to August 7, 2015 at 4:00 p.m. (EDT) for Mastercraft Printed Products

Responses/Objections Received:        None.

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4975; filed July 10, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5017; filed July 15, 2015]

iii.    Order Sustaining Debtors' Twenty-First Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5252; filed August 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit O. On August 10, 2015, the Court entered an order sustaining this matter as to various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be

determined. Consequently, no hearing with respect to this matter is required at this time.

16.    Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 4976; filed July 10, 2015]

Response/Objection Deadline:        July 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.    Declaration of Michael Carter in Support of the Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 4977; filed July 10, 2015]

ii.    Notice of Submission of Copies of Proofs of Claim Regarding the Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5000; filed July 15, 2015]

iii.    Order Sustaining Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5250; filed August 10, 2015]

iv.    Notice of Withdrawal of Objection from Ty-Flot Inc. to Debtor's [SIC] Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) [D.I. 5399; filed August 18, 2015]

v.    Order (Second) Sustaining Twenty-Second Omnibus (Non-Substantive) Objection to Claims (Wrong Debtor) Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 6777; filed October 30, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit P. On August 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On October 30, 2015, the Court entered a subsequent order in connection with this matter resolving additional various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

20

17.     Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 4978; filed July 10, 2015]

Response/Objection Deadline:       July 24, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:     None.

Related Documents:

i.      Declaration of Michael Carter in Support of the Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 4979; filed July 10, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Regarding the Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5001; filed July 15, 2015]

iii.    Order Sustaining Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5251; filed August 10, 2015]

iv.     Order (Second) Sustaining Twenty-Third Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 6778; filed October 30, 2015]

v.      Notice of Settlement of Certain Claims [D.I. 8430; filed May 11, 2016]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit Q. On August 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On October 30, 2015, the Court entered a subsequent order in connection with this matter resolving additional various claims subject thereto. On May 11, 2016, the Debtor Energy Future Holdings Corp. ("EFH Corp.") filed the *Notice of Settlement of Certain Claims* (the "Claims Settlement"). As stated in the Claims Settlement, EFH Corp. has fully and finally settled certain of the outstanding claims subject to this claims objection. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

21

18.    Debtors' Twenty-Fifth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5366; filed August 17, 2015]

Response/Objection Deadline:         August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:       None.

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twenty-Fifth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5368; filed August 17, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twenty-Fifth Omnibus (Substantive) Objection to (Substantive Duplicate and No Liability) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5699; filed August 24, 2015]

iii.    Order Sustaining Debtors' Twenty-Fifth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5906; filed September 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit R. On September 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

19.    Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5369; filed August 17, 2015]

Response/Objection Deadline:         August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:       None.

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5370; filed August 17, 2015]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 5701; filed August 24, 2015]

iii.    Order Sustaining Debtors' Twenty-Sixth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 5907; filed September 10, 2015]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit S. On September 10, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

20.     Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5373; filed August 17, 2015]

Response/Objection Deadline:        August 31, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.      Response of Cellco Partnership d/b/a Verizon Wireless to Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5802; filed August 31, 2015]

B.      Objection to Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 filed by Benetech Inc. [D.I. 5834; filed August 31, 2015]

23

C.    Response of Rexel, Inc. to Debtors' 28th Omnibus Objection [SIC] to Claims [D.I. 5838; filed September 2, 2015]

D.    Response of Benetech to the Excel File Titled Claim 5776 [D.I. 6147; filed September 23, 2015]

Related Documents:

i.    Declaration of Michael Carter in Support of the Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5374; filed August 17, 2015]

ii.    Notice of Submission of Proofs of Claim Regarding the Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 5678; filed August 21, 2015]

iii.    Order Sustaining Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 6050; filed September 16, 2015]

iv.    Order (Second) Sustaining Twenty-Eighth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1 [D.I. 6776; filed October 30, 2015]

v.    Notice of Settlement of Certain Claims [D.I. 8430; filed May 11, 2016]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit T. On September 16, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto. On October 30, 2015, the Court entered a subsequent order in connection with this matter resolving additional various claims subject thereto. On May 11, 2016, EFH Corp. filed the Claims Settlement (see D.I. 8430). As stated in the Claims Settlement, EFH Corp. has fully and finally settled certain of the outstanding claims subject to this claims objection. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required.

21.    Objection of Energy Future Holdings Corp. to Proofs of Claim 6524-6733, 7477, 7478 and 7479 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for EFH Legacy Notes [D.I. 6463; filed October 14, 2015]

24

Response/Objection Deadline:     October 28, 2015 at 4:00 p.m. (EDT)

Responses/Objections Received:

A.      Response of EFH Legacy Notes Trustee to Objection of Energy Future
        Holdings Corp. to Proofs of Claim 6524-6733, 7477, 7478 and 7479 Filed
        by American Stock Transfer & Trust Co. LLC as Indenture Trustee for
        EFH Legacy Notes [D.I. 6718; filed October 28, 2015]

Related Documents:

i.      Re-Notice of (I) "Objection of Energy Future Holdings Corp. to Proofs of
        Claim 6524-6733, 7477, 7478 and 7479 Filed by American Stock Transfer
        & Trust Co. as Indenture Trustee for EFH Legacy Notes" [D.I. 6463]; (II)
        "Objection of Energy Future Holdings Corp., et al., to Proof of Claim
        7475, 7480, 7481, and 6874-6943 Filed by American Stock Transfer &
        Trust Co. as Indenture Trustee for the EFH LBO Notes" [D.I. 6596]; and
        (III) "Objection of Energy Future Holdings Corp., et al., to Proofs of
        Claim 7476, 7482, and 6734-6873 Filed by American Stock Transfer &
        Trust Co. as Indenture Trustee for the EFH Unexchanged Notes" [D.I.
        6599] and Hearing Thereon [D.I. 6950; filed November 11, 2015]

Status: By agreement of the parties, the hearing on this matter is continued to a
        date to be determined.   Consequently, no hearing with respect to this
        matter is required at this time.

22.    Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Certain Improperly
       Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy
       Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 6505; filed
       October 16, 2015]

       Response/Objection Deadline:     October 30, 2015 at 4:00 p.m. (EDT)

       Responses/Objections Received:

       A.      Response of Knife River Corporation - South to Claim Objection Filed by
               Debtor [D.I. 6798; filed October 30, 2015]

       Related Documents:

       i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez &
               Marsal North America, LLC in Support of the Debtors' Thirty-Fourth
               Omnibus (Substantive) Objection to Certain Improperly Asserted Claims
               Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules
               3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 6506; filed
               October 16, 2015]

RLF1 14688140v.1

ii.  Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 6938; filed November 10, 2015]

iii.  Order Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 7069; filed November 20, 2015]

Status:  The individual status of each claim subject to this matter is listed on the attached Exhibit U.  On November 20, 2015, the Court entered an order in connection with this matter resolving various claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

23.  Objection of Energy Future Holdings Corp., *et al.*, to Proofs of Claim 7475, 7480, 7481, and 6874-6943 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for EFH LBO Notes [D.I. 6596; filed October 23, 2015]

Response/Objection Deadline:  November 6, 2015 at 4:00 p.m. (EST); extended to a date to be determined for American Stock Transfer & Trust Co., as indenture trustee

Responses/Objections Received:  None at this time.

Related Documents:

i.  Re-Notice of (I) "Objection of Energy Future Holdings Corp. to Proofs of Claim 6524-6733, 7477, 7478 and 7479 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for EFH Legacy Notes" [D.I. 6463]; (II) "Objection of Energy Future Holdings Corp., *et al.*, to Proof of Claim 7475, 7480, 7481, and 6874-6943 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH LBO Notes" [D.I. 6596]; and (III) "Objection of Energy Future Holdings Corp., *et al.*, to Proofs of Claim 7476, 7482, and 6734-6873 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH Unexchanged Notes" [D.I. 6599] and Hearing Thereon [D.I. 6950; filed November 11, 2015]

Status:  By agreement of the parties, the hearing on this matter is continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

RLF1 14688140v.1

24.     Objection of Energy Future Holdings Corp., *et al.*, to Proofs of Claim 7476, 7482, and 6734-6873 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for EFH Unexchanged Notes [D.I. 6599; filed October 23, 2015]

<u>Response/Objection Deadline</u>:         November 6, 2015 at 4:00 p.m. (EST); extended to a date to be determined for American Stock Transfer & Trust Co., as indenture trustee

<u>Responses/Objections Received</u>:      None at this time.

<u>Related Documents</u>:

i.      Re-Notice of (I) "Objection of Energy Future Holdings Corp. to Proofs of Claim 6524-6733, 7477, 7478 and 7479 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for EFH Legacy Notes" [D.I. 6463]; (II) "Objection of Energy Future Holdings Corp., *et al.*, to Proof of Claim 7475, 7480, 7481, and 6874-6943 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH LBO Notes" [D.I. 6596]; and (III) "Objection of Energy Future Holdings Corp., *et al.*, to Proofs of Claim 7476, 7482, and 6734-6873 Filed by American Stock Transfer & Trust Co. as Indenture Trustee for the EFH Unexchanged Notes" [D.I. 6599] and Hearing Thereon [D.I. 6950; filed November 11, 2015]

<u>Status</u>: By agreement of the parties, the hearing on this matter is continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

25.     Debtors' Thirty-Sixth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 7812; filed February 9, 2016]

<u>Response/Objection Deadline</u>:         February 23, 2016 at 4:00 p.m. (EST); extended to March 1, 2016 at 4:00 p.m. (EST) for Red Ball Oxygen Company

<u>Responses/Objections Received</u>:

A.      Red Ball Oxygen Company's Omnibus Response to Debtor's [SIC] Thirty-Sixth (36th) and Thirty-Seventh (37th) Omnibus Claim Objections [D.I. 7956; filed March 1, 2016]

<u>Related Documents</u>:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC in Support of the Debtors' Thirty-Sixth

27

Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 7813; filed February 9, 2016]

ii.   Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Thirty-Sixth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 7935; filed February 25, 2016]

iii.   Order Sustaining Debtors' Thirty-Sixth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 7984; filed March 9, 2016]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit V.  On March 9, 2016, the Court entered an order in connection with this matter resolving various claims subject thereto.  All remaining unresolved claims subject to this matter are continued to a date to be determined.  Consequently, no hearing with respect to this matter is required at this time.

26.   Debtors' Thirty-Seventh Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 7814; filed February 9, 2016]

Response/Objection Deadline:      February 23, 2016 at 4:00 p.m. (EST); extended to March 1, 2016 at 4:00 p.m. (EST) for Red Ball Oxygen Company; extended to March 2, 2016 at 4:00 p.m. (EST) for Steag Energy Services LLC

Responses/Objections Received:

A.   Response of Ranger Excavating LP to the Debtors' Objection to Ranger Excavating LP's Claim Against Luminant Mining Company LLC as Set out in Debtors' Thirty-Seventh Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 7898; filed February 19, 2016]

B.   Response of Ranger Excavating LP to the Debtors' Objection to Ranger Excavating LP's Claim Against Sandow Power Company LLC as Set out in Debtors' Thirty-Seventh Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy

28

Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 7901; filed February 19, 2016]

C. Texas Big Spring, LP's Response to the Debtors' Thirty-Seventh Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and Local Bankruptcy Rule 3007-1 [D.I. 7919; filed February 23, 2016]

D. Red Ball Oxygen Company's Omnibus Response to Debtor's [SIC] Thirty-Sixth (36th) and Thirty-Seventh (37th) Omnibus Claim Objections [D.I. 7956; filed March 1, 2016]

E. Informal response from Steag Energy Services LLC

Related Documents:

i. Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC in Support of the Debtors' Thirty-Seventh Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 7815; filed February 9, 2016]

ii. Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Thirty-Seventh Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 7936; filed February 25, 2016]

iii. Order Sustaining Debtors' Thirty-Seventh Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 7982; filed March 9, 2016]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit W. On March 9, 2016, the Court entered an order in connection with this matter resolving various claims subject thereto. All remaining unresolved claims subject to this matter are continued to a date to be determined. Consequently, no hearing with respect to this matter is required at this time.

27. Debtors' Thirty-Ninth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 8069; filed March 24, 2016]

Response/Objection Deadline:  April 7, 2016 at 4:00 p.m. (EDT); extended to April 28, 2016 for Hopkins County at 4:00 p.m. (EDT)

Responses/Objections Received:

A. Objection to Debtors' Thirty-Ninth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Maurice Jefferson [D.I. 8134; filed April 6, 2016]

B. Response of Indian Mesa Wind Farm, LLC to the Debtors' Thirty-Ninth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 8152; filed April 7, 2016]

C. Response of FPL Energy Pecos Wind I, LLC to the Debtors' Thirty-Ninth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 8153; filed April 7, 2016]

D. Response of FPL Energy Pecos Wind II, LLC to the Debtors' Thirty-Ninth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 8154; filed April 7, 2016]

E. William Jeffrey Herbert's Response to Debtors' Thirty-Ninth Omnibus (Substantive) Objection [D.I. 8173; filed April 8, 2016]

F. Response to Debtors' Thirty-Ninth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 filed by Catherine McAloon [D.I. 8240; filed April 18, 2016]

G. Response to Debtors' Thirty-Ninth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 submitted by Wendy Copeland [not on docket]

H. Response to Debtors' Thirty-Ninth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b)

of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 submitted by Wendy Copeland [not on docket]

I.      Response to Debtors' Thirty-Ninth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 submitted by Wendy Copeland [not on docket]

Related Documents:

i.      Declaration of Steven R. Kotarba, Managing Director with Alvarez & Marsal North America, LLC, in Support of the Debtors' Thirty-Ninth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 8070; filed March 24, 2016]

ii.     Notice of Submission of Copies of Proofs of Claim Relating to "Debtors' Thirty-Ninth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1" [D.I. 8223; filed April 13, 2016]

iii.    Order Sustaining Debtors' Thirty-Ninth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I. 8272; filed April 25, 2016]

Status: The individual status of each claim subject to this matter is listed on the attached Exhibit X. On April 25, 2016, the Court entered an order in connection with this matter resolving various claims subject thereto. The hearing on this matter with respect to the claims of FPL Energy Pecos Wind I, LLC, FPL Energy Pecos Wind II, LLC, William Herbert, and Indian Mesa Wind Farm, LLC are continued to the hearing scheduled to take place on July 15, 2016 starting at 11:00 a.m. (EDT). All remaining unresolved claims subject to this matter are continued to a date to be determined.

28.    Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions [D.I. 8665; filed June 6, 2016]

Response/Objection Deadline:        June 20, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:     None.

31

Related Documents:

i.      Certification of No Objection Regarding "Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions" [D.I. 8665] [D.I. 8789; filed June 21, 2016]

ii.     Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions [D.I. 8795; filed June 22, 2016]

Status: On June 22, 2016, the Court entered an order granting the Debtors the relief requested in connection with this matter. Consequently, no hearing with respect to this matter is required.

## II.    UNCONTESTED MATTERS WITH A CERTIFICATION OF NO OBJECTION OR A CERTIFICATION OF COUNSEL:

29.     Motion of Energy Future Holdings Corp., *et al.*, for Entry of a Second Order Approving an Increase in the Limit on the Debtors' Authority to Pay Non-Insider Severance [D.I. 8666; filed June 6, 2016]

Response/Objection Deadline:          June 20, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:       None.

Related Documents:

i.      Declaration of Carrie Kirby, Executive Vice President of Human Resources and Administration of Energy Future Holdings Corp., in Support of the Motion of Energy Future Holdings Corp., *et al.*, for Entry of a Second Order Approving an Increase in the Limit on the Debtors' Authority to Pay Non-Insider Severance [D.I. 8667; filed June 6, 2016]

ii.     Certification of Counsel Concerning Second Order Approving an Increase in the Limit on the Debtors' Authority to Pay Non-Insider Severance [D.I. 8797; filed June 22, 2016]

Status: On June 22, 2016, the Debtors filed a certification of counsel attaching a revised form of agreed order in connection with this matter. Consequently, a hearing with respect to this matter is required only to the extent that the Court has any questions or concerns.

30.     Motion for Entry of an Order Authorizing Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates to File Under Seal the Certain Fee Letter Related to Proposed Financing [D.I. 8669; filed June 6, 2016]

Response/Objection Deadline:          June 20, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:      None.

Related Documents:

i.      Certification of No Objection Regarding "Motion for Entry of an Order Authorizing Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates to File Under Seal the Certain Fee Letter Related to Proposed Financing" [D.I. 8669] [D.I. 8802; filed June 23, 2016]

Status: On June 23, 2016, the Debtors filed a certification of no objection in connection with this matter. Consequently, a hearing with respect to this matter is required only to the extent that the Court has any questions or concerns.

## III.    UNCONTESTED MATTER GOING FORWARD:

31.     Motion of Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates for Entry of Orders (I) (A) Authorizing the TCEH Debtors to (X) Enter into the Postpetition Financing Commitment Letter and the Fee Letter, (Y) Pay Associated Fees and Expenses, and (B) Granting Related Relief and (II) (A) Approving Postpetition Financing for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing Refinancing of Secured Post-Petition Debt and (D) Modifying the Automatic Stay [D.I. 8668; filed June 6, 2016]

Response/Objection Deadline:       June 20, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:      None.

Related Documents:

i.      Notice of Filing of "Exhibit A" to "Order (A) Approving Postpetition Financing for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing Refinancing of Secured Post-Petition Debt and (D) Modifying the Automatic Stay" in Connection with "Motion of Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates for Entry of Orders (I) (A) Authorizing the TCEH Debtors to (X) Enter into the Postpetition Financing Commitment Letter and the Fee Letter, (Y) Pay Associated Fees and Expenses, and (B) Granting Related Relief and (II) (A) Approving Postpetition Financing for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing Refinancing of Secured Post-Petition Debt and (D) Modifying the Automatic Stay" [D.I. 8668] [D.I. 8754; filed June 16, 2016]

33

ii.    Notice of Filing of Revised "Exhibit B" to "Motion of Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, for Entry of Orders (I) (A) Authorizing the TCEH Debtors to (X) Enter into the Postpetition Financing Commitment Letter and the Fee Letter, (Y) Pay Associated Fees and Expenses, and (B) Granting Related Relief and (II) (A) Approving Postpetition Financing for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing Refinancing of Secured Post-Petition Debt and (D) Modifying the Automatic Stay" [D.I. 8668] [D.I. 8762; filed June 17, 2016]

Status: The hearing on this matter will go forward.

## IV.    INTERIM FEE APPLICATIONS:[3]

32.    Fourth Interim Fee Application of Epiq Bankruptcy Solutions, LLC and Epiq eDiscovery Solutions for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from May 1, 2015 Through August 31, 2015 [D.I. 8109; filed March 31, 2016]

Response/Objection Deadline:        April 22, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:      None.

Related Documents:

i.    Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

33.    Fourth Interim Fee Application of FTI Consulting, Inc., Financial Advisor to the Official Committee of Unsecured Creditors, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period May 1, 2015 Through August 31, 2015 [D.I. 6489; filed October 16, 2015]

Response/Objection Deadline:        November 6, 2015 at 4:00 p.m. (EST)

---

[3] In accordance with paragraph 7(D) of the *General Chambers Procedures of the United States Bankruptcy Court for the District of Delaware, Dated April 3, 2006*, "[A] representative for each applicant personally familiar with the services rendered and costs incurred that are the subject of the [interim fee application] shall appear in person at the [interim fee hearing] in support of the application. If such person is not local counsel, then arrangements may be made through [CourtCall, LLC] to appear telephonically [at the interim fee hearing]." See General Chambers Procedures at ¶ 7(D).

Responses/Objections Received:    None.

Related Documents:

i.    Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

34.    Fourth Interim Application of Lazard Frères and Co. LLC, as Investment Banker to the Official Committee of TCEH Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses for the Period May 1, 2015 Through August 31, 2015 [D.I. 6620; filed October 23, 2015]

Response/Objection Deadline:    November 13, 2015 at 4:00 p.m. (EST)

Responses/Objections Received:    None.

Related Documents:

i.    Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

35.    Fourth Interim Fee Application of Richards, Layton & Finger, P.A., Co-Attorneys for the Debtors and Debtors in Possession, for the Period from May 1, 2015 Through and Including August 31, 2015 [D.I. 7808; filed February 8, 2016]

Response/Objection Deadline:    March 1, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:    None.

Related Documents:

i.    Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

36.    First Interim Fee Application of Bielli & Klauder, LLC, Co-Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp., for the Period from October 1, 2015 Through and Including December 31, 2015 [D.I. 7847; filed February 15, 2016]

   Response/Objection Deadline:        March 7, 2016 at 4:00 p.m. (EDT)

   Responses/Objections Received:      None.

   Related Documents:

   i.      Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

   Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

37.    First Interim Fee Application of Greenberg Traurig, LLP, as Special Counsel for Certain Energy-Related Transactional Matters for the Debtors and Debtors in Possession, for the Period from November 2, 2015 Through and Including December 31, 2015 [D.I. 8098; filed March 29, 2016]

   Response/Objection Deadline:        April 20, 2016 at 4:00 p.m. (EDT)

   Responses/Objections Received:      None.

   Related Documents:

   i.      Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

   Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

38.    Second Interim Fee Application of Jenner & Block LLP Independent Counsel for Energy Future Intermediate Holding Company LLC, for the Period September 1, 2015 Through December 31, 2015 [D.I. 7861; filed February 16, 2016]

   Response/Objection Deadline:        March 9, 2016 at 4:00 p.m. (EDT)

   Responses/Objections Received:      None.

Related Documents:

i.    Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

39.    Third Interim Fee Application of McElroy, Deutsch, Mulvaney & Carpenter, LLP for Allowance of Compensation and for Reimbursement of Expenses Incurred During the Period September 1, 2015 Through December 31, 2015 [D.I. 7862; filed February 16, 2016]

Response/Objection Deadline:        March 8, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:      None.

Related Documents:

i.    Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

40.    Third Interim Application of SOLIC Capital Advisors, LLC, Financial Advisor for Debtors Energy Future Holdings Corp., for Compensation for Services Rendered and Reimbursement of Expenses Incurred from September 1, 2015 Through December 31, 2015 [D.I. 7864; filed February 16, 2016]

Response/Objection Deadline:        March 8, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:      None.

Related Documents:

i.    Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

41.    Fourth Interim Fee Application of AlixPartners, LLP Seeking Compensation for Services Rendered and Reimbursement of Expenses Incurred as Restructuring Advisor to the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance Inc., and EECI, Inc. for the Period from September 1, 2015 Through December 31, 2015 [D.I. 7854; filed February 16, 2016]

Response/Objection Deadline:        May 30, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.        Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

42.    Fourth Interim Fee Application of Balch & Bingham LLP, Special Counsel to the Debtor and Debtors in Possession, for the Period from September 1, 2015 Through and Including December 31, 2015 [D.I. 7881; filed February 17, 2016]

Response/Objection Deadline:        March 10, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.        Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

43.    Fourth Interim Fee Application of Cravath, Swaine & Moore LLP Independent Counsel for Energy Future Intermediate Holding Company LLC, for the Period September 1, 2015 Through December 31, 2015 [D.I. 7867; filed February 16, 2016]

Response/Objection Deadline:        March 9, 2106 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.    Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

44.    Fourth Interim Fee Statement of Goldin Associates, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from September 1, 2015 Through December 31, 2015 [D.I. 7870; filed February 17, 2016]

Response/Objection Deadline:    March 10, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:    None.

Related Documents:

i.    Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

45.    Fourth Interim Application of Greenhill & Co., LLC, as Financial Advisor to Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC for Allowance of Compensation and Reimbursement of Expenses for the Period September 1, 2015 Through December 31, 2015 [D.I. 7927; filed February 24, 2016]

Response/Objection Deadline:    March 16, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:    None.

Related Documents:

i.    Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

46.     Fourth Interim Fee Application of Guggenheim Securities, LLC, Investment Banker to the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. for Allowance of Compensation and Reimbursement of Expenses Incurred for the Period September 1, 2015 Through December 31, 2015 [D.I. 7829; filed February 12, 2016]

Response/Objection Deadline:          May 30, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:          None.

Related Documents:

i.      Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

47.     Fourth Interim Fee Application of Munger, Tolles & Olson LLP, Counsel to Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC, for the Period from September 1, 2015 Through and Including December 31, 2015 [D.I. 7849; filed February 15, 2016]

Response/Objection Deadline:          March 7, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:          None.

Related Documents:

i.      Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

48.     Fourth Interim Application of Proskauer Rose LLP, Counsel for Debtor Energy Future Holdings Corp., for Compensation for Services Rendered and Reimbursement of Expenses Incurred from September 1, 2015 Through December 31, 2015 [D.I. 7863; filed February 16, 2016]

Response/Objection Deadline:          March 8, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:    None.

Related Documents:

i.    Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

49.    Fourth Interim Fee Application of Stevens & Lee, P.C., Special Counsel for Energy Future Intermediate Holding Company LLC, for the Period of September 1, 2015 Through December 31, 2015 [D.I. 7846; filed February 15, 2016]

Response/Objection Deadline:    March 9, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:    None.

Related Documents:

i.    Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

50.    Fifth Interim Fee Application of Alvarez & Marsal North America, LLC, in Their Capacity as Restructuring Advisors for the Debtors and Debtors in Possession, for the Period from September 1, 2015 Through and Including December 31, 2015 [D.I. 7910; filed February 22, 2016]

Response/Objection Deadline:    March 15, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:    None.

Related Documents:

i.    Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

51.   Fifth Interim Fee Application for Compensation for Services Rendered and Reimbursement of Expenses of Deloitte & Touche LLP as Independent Auditor to the Debtors and Debtors-in-Possession for the Period September 1, 2015 Through December 31, 2015 [D.I. 8087; filed March 28, 2016]

Response/Objection Deadline:          April 19, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.     Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

52.   Fifth Interim Fee Application of Evercore Group L.L.C., Debtors' Investment Banker and Financial Advisor for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from September 1, 2015 Through December 31, 2015 [D.I. 7990; filed March 9, 2016]

Response/Objection Deadline:          March 31, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.     Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

53.   Fifth Interim Fee Application of Filsinger Energy Partners, Energy Consultants for the Debtors and Debtors in Possession, for the Period from September 1, 2015 Through December 31, 2015 [D.I. 7911; filed February 22, 2016]

Response/Objection Deadline:          March 15, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.     Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

54.    Fifth Interim Fee Application of FTI Consulting, Inc., Financial Advisor to the Official Committee of Unsecured Creditors, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period from September 1, 2015 Through December 31, 2015 [D.I. 7828; filed February 12, 2016]

Response/Objection Deadline:        March 4, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:      None.

Related Documents:

i.     Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

55.    Fifth Interim Fee Application of Gibson, Dunn & Crutcher LLP Special Counsel to the Debtors and Debtors in Possession, for the Period from September 1, 2015 Through and Including December 31, 2015 [D.I. 7836; filed February 12, 2016]

Response/Objection Deadline:        March 7, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:      None.

Related Documents:

i.     Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

56.    Fifth Interim Fee Application of KPMG LLP for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Accounting and Tax Advisors to the Debtors and Debtors in Possession for the Period from September 1, 2015 Through December 31, 2015 [D.I. 7948; filed February 29, 2016]

Response/Objection Deadline:          March 22, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.     Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

57.    Amended Fifth Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period from September 1, 2015 Through and Including December 31, 2015 [D.I. 7719; filed January 22, 2016]

Response/Objection Deadline:          February 16, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.     Fifth Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period from September 1, 2015 Through and Including December 31, 2015 [D.I. 7708; filed January 21, 2016]

ii.    Amended Fifth Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period from September 1, 2015 Through and Including December 31, 2015 (Blackline) [D.I. 7720; filed January 22, 2016]

iii.   Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

44

58.     Fifth Interim Fee Application of Richards, Layton & Finger, P.A., Co-Attorneys for the Debtors and Debtors in Possession, for the Period from September 1, 2015 Through and Including December 31, 2015 [D.I. 8238; filed April 15, 2016]

Response/Objection Deadline:          May 9, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.      Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

59.     Fifth Interim Fee Application of McDermott Will & Emery LLP, Special Counsel for the Debtors and Debtors in Possession, for the Period from September 1, 2015 Through and Including October 28, 2015 [D.I. 7972; filed March 7, 2016]

Response/Objection Deadline:          March 29, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.      Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

60.     Fifth Interim Application of Morrison & Foerster LLP as Counsel for the Official Committee of Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Period from September 1, 2015 Through December 31, 2015 [D.I. 7807; filed February 8, 2016]

Response/Objection Deadline:          February 29, 2016 at 4:00 p.m. (EST)

Responses/Objections Received:        None.

Related Documents:

i.     Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

61.    Fifth Interim Fee Application of Thompson & Knight LLP, Special Tax Counsel for the Debtors and Debtors in Possession, for the Period from September 1, 2015 Through and Including December 31, 2015 [D.I. 8066; filed March 24, 2016]

Response/Objection Deadline:          April 15, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.     Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

62.    Fifth Interim Fee Application of Epiq Bankruptcy Solutions, LLC and Epiq eDiscovery Solutions for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from September 1, 2015 Through December 31, 2015 [D.I. 8433; filed May 11, 2016]

Response/Objection Deadline:          June 2, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:        None.

Related Documents:

i.     Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

63.     Fourth Interim Application of Richard Gitlin, Individually, and as Chairman of Gitlin & Company LLC, as the Independent Member of the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period from September 1, 2015 Through December 31, 2015 [D.I. 8643; filed June 3, 2016]

Response/Objection Deadline:        June 24, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:      None.

Related Documents:

i.      Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

64.     Fourth Interim Application of Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period from September 1, 2015 Through December 31, 2015 [D.I. 8644; filed June 3, 2016]

Response/Objection Deadline:        June 24, 2016 at 4:00 p.m. (EDT)

Responses/Objections Received:      None.

Related Documents:

i.      Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis. The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.

65.     Fourth Interim Application of Phillips, Goldman & Spence, P.A. for Compensation and Reimbursement of Expenses as Delaware Counsel to the Fee Committee for the Period September 1, 2015 Through December 31, 2015 [D.I. 7737; filed January 27, 2016]

Response/Objection Deadline:        February 17, 2016 at 4:00 p.m. (EST)

Responses/Objections Received:      None.

47

Related Documents:

i.      Certification of No Objection Regarding Docket No. 7737 [D.I. 7939; filed February 29, 2016]

ii.     Fee Committee's Report Concerning Uncontested Interim Fee Applications for the Hearing on June 27, 2016 at 10:00 a.m. [D.I. 8800; filed June 23, 2016]

Status: The hearing on this matter will go forward on an uncontested basis.  The parties intend to present a proposed form of agreed omnibus interim fee order to the Court for entry at the hearing.


*[Remainder of page intentionally left blank.]*

48

Dated: June 23, 2016
      Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
        defranceschi@rlf.com
        madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
        stephen.hessler@kirkland.com
        brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
        marc.kieselstein@kirkland.com
        chad.husnick@kirkland.com
        steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*