# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: D.I. 8669 |

## ORDER AUTHORIZING TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC TO FILE UNDER SEAL THE CERTAIN FEE LETTER RELATED TO PROPOSED FINANCING

Upon the motion (the "Motion")[2] of Texas Competitive Electric Holdings Company LLC, Energy Future Competitive Holdings Company LLC, and each of the Subsidiary Guarantors, each as a debtor and debtor in possession (collectively, the "TCEH Debtors" and, together with the other above-captioned debtors and debtors in possession, the "Debtors"), for entry of an order (this "Order"), (a) authorizing the TCEH Debtors to file under seal the certain letter (the "Fee Letter") regarding fees related to the Commitment Letter; and (b) directing that the Fee Letter shall remain under seal and confidential and not be made available to anyone without the consent of the TCEH Debtors and TCEH Arrangers, except to (i) the Court, (ii) the U.S. Trustee on a confidential basis, (iii) the TCEH First Lien Ad Hoc Committee on a confidential basis, and (iv) the advisors to the TCEH Creditors' Committee on a confidential basis and on a "professionals' eyes only" basis; and the Court having found that it has

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The TCEH Debtors are authorized to file the Fee Letter under seal, subject to further order of the Court, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

3. Except upon further order of the Court after notice to the TCEH Debtors and the TCEH Arrangers, the Fee Letter is confidential, shall remain under seal, and shall not be made available to anyone without the consent of the TCEH Debtors and TCEH Arrangers, except that copies of the Fee Letter shall be provided to (i) the Court, (ii) the U.S. Trustee on a confidential basis, (iii) the TCEH First Lien Ad Hoc Committee on a confidential basis, and (iv) the advisors to the TCEH Creditors' Committee on a confidential basis and on a "professionals' eyes only" basis.

4. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

5. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. This order is without prejudice to the rights of any party in interest to seek to declassify and make public any portion of the material filed under seal.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June 24, 2016
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE