# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## ORDER (A) AUTHORIZING THE DEBTORS TO (I) ENTER INTO THE EXIT FINANCING COMMITMENT LETTER AND THE FEE LETTER, (II) PAY ASSOCIATED FEES AND EXPENSES, AND (B) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Texas Competitive Electric Holdings Company LLC (the "Borrower" or "TCEH"), Energy Future Competitive Holdings Company LLC (the "Parent Guarantor"), and each of the Subsidiary Guarantors (as defined in the DIP Credit Agreement (as defined herein)) (the Subsidiary Guarantors, together with the Parent Guarantor, the "Guarantors"), each as a debtor and debtor-in-possession (collectively, the "TCEH Debtors") for entry of an order (this "Order") pursuant to sections 363(b) and 503(b)(1) of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004(h) and Local Rule 2002-1: (a) authorizing the Debtors to (i) enter into the Financing Papers, (ii) incur and pay associated fees and expenses in connection with the Financing Papers, and (iii) furnish related indemnities as set forth in the Financing Papers; and (b) granting related relief; all as more fully set forth in the Motion and the McMullan Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

RLF1 14619377v.1

U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest, and that the Debtors' obligations under the Letters are actual, necessary costs and expenses of preserving the estates; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, the McMullan Declaration, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Any and all objections to the Motion are hereby overruled in all respects.

3. The Debtors' entry into the Commitment Letter, substantially in the form attached hereto as **Exhibit 1**, and the related Fee Letter is approved.

4. Each of the Financing Papers is valid, binding, and enforceable against the Debtors, their estates, and the Commitment Parties.

5. The Debtors are authorized to enter into the Financing Papers and perform all obligations thereunder on the terms and conditions set forth therein, without notice, hearing, or further order of this Court when and to the extent they become due under the Financing Papers, pursuant to sections 105(a) and 363 of the Bankruptcy Code.

6.  The Debtors are authorized to pay to the Commitment Parties the fees and expenses associated with the Facilities in accordance with the Financing Papers, including, without limitation, all fees and expenses incurred prior to the date of this Order, on the terms and conditions set forth in the Financing Papers, without notice, hearing, or further order of this Court as, when and to the extent they become due and payable under the terms of the Financing Papers, including to (i) Davis Polk & Wardwell LLP in connection with drafting the Financing Papers and (ii) White & Case LLP as counsel to DB.

7.  White & Case is authorized to represent DB as Lead Arranger; *provided that* such retention in no way alters White & Case's obligations under the settlement agreement attached as Exhibit A to the *Order Granting the Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter into and Perform under the Settlement Agreement* [D.I. 7243] (such agreement as amended, modified, and supplement from time to time, the "Settlement Agreement," and such order, the "Settlement Order"), the Settlement Order, or the plan support agreement attached as Exhibit A to the *Order Authorizing Debtors to Enter into and Perform under the Plan Support Agreement* [D.I. 6097] (as amended, modified, and supplemented from time to time).

8.  The Debtors are authorized to indemnify and hold harmless each of the Indemnified Persons (as such term is defined in the Commitment Letter) on the terms and conditions set forth in the Commitment Letter, without notice, hearing, or further order of this Court as, when, and to the extent such obligation becomes due and payable under the terms of the Financing Papers.

9.  The fees, expenses, and indemnities associated with the Financing Papers, to the extent payable under the Financing Papers and this Order, are actual, necessary costs and

expenses of preserving the Debtors' estates and shall be treated as allowed administrative priority claims against the Debtors under sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code. Such fees, expenses, and indemnities shall not be discharged, modified, or otherwise affected by any chapter 11 plan of the Debtors, dismissal of these chapter 11 cases, or conversion of these chapter 11 cases to chapter 7 cases, nor shall any of such amounts be required to be disgorged.

10. The terms and provisions of this Order shall be binding in all respects upon all parties in these chapter 11 cases, the Debtors, their estates, and all successors and assigns thereof, including any chapter 7 trustee or chapter 11 trustee appointed in any of these cases or after conversion of any of these cases to cases under chapter 7 of the Bankruptcy Code.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions reasonably necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

Dated: June 24, 2016
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE