IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

NOTICE OF DEPOSITION
OF THE DEBTORS PURSUANT TO FED. R. CIV. P. 30(b)(6)
BY DELAWARE TRUST COMPANY, AS INDENTURE TRUSTEE

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, made applicable hereto pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (collectively the "Local Rules"), Delaware Trust Company, as indenture trustee (the "Trustee") for the EFIH First Lien Notes (the "Notes"), and as collateral trustee, by and through undersigned counsel will take the deposition of a knowledgeable witness or witnesses designated to testify on behalf of the above-captioned debtors. The deposition will take place on July 27, 2016, at 9:30 A.M., or such other date as the Participating Parties may agree, at the offices of **Wilmer Cutler Pickering Hale and Dorr, LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York, 10007**. The

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

1

deposition will take place before a court reporter and will be recorded by stenographic means, may be videotaped, and shall continue from day to day until it has been completed.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), made applicable here by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, the Debtors must designate one or more knowledgeable witnesses to testify on its behalf at the time and place specified above regarding the topics listed on attached Exhibit A.

Wilmington, Delaware
Dated:  July 8, 2016

COLE SCHOTZ P.C.

 */s/ J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: 302-652-3131
Facsimile: 302-652-3117
npernick@coleschotz.com
kstickles@coleschotz.com

-and-

WILMER CUTLER PICKERING HALE
AND DORR, LLP
Philip D. Anker
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800
Facsimile: 212-230-8888
philip.anker@wilmerhale.com

**EXHIBIT A**

A. **DEPOSITION TOPICS**

1. The treatment of all claims of the EFIH First Lien Trustee or of holders of EFIH First Lien Notes, including without limitation all Makewhole Claims, claims for unpaid interest, and claims for reimbursement of professional fees and other expenses of the EFIH First Lien Trustee, under the New Plan, and the description of that treatment and those claims in the Proposed Disclosure Statement;

2. The treatment of all claims of other creditors of EFH or EFIH under the New Plan and the description of that treatment and those claims in the Proposed Disclosure Statement;

3. The division and distribution of any Reorganized EFH Common Stock among classes of creditors under the New Plan, including the percentage of Reorganized EFH Common Stock, if any, to be distributed to each class of creditors under the New Plan;

4. Any potential distribution of any Reorganized EFH Common Stock (or any other equity or warrants or options to acquire equity in Reorganized EFH or Reorganized EFIH), or other distribution, under the New Plan to any holders of claims against EFH, or to any other person or entity, other than to holders of allowed claims against of EFIH in their capacity as such;

5. The ability of EFIH or Reorganized EFIH to incur, service and timely repay debt (including any debt incurred to refinance any other debt of EFH or Reorganized EFH), including without limitation any Makewhole Claims that may be allowed, as of the present, the EFH Effective Date, or thereafter;

6. The sources of payment of or distributions on any claims against, or interests in, EFH or EFIH under the New Plan, including without limitation any Makewhole Claims, claims for unpaid interest, claims for reimbursement of professional fees and other expenses of the EFIH First Lien Trustee, or other claims in Class B3 (or any other class that includes any claims of the EFIH First Lien Trustee or of holders of EFIH First Lien Notes) under the New Plan that are allowed before, on, or after the EFH Effective Date, and the sufficiency of such sources to make such payments or distributions;

7. Any reserves or other mechanism that may be established under the New Plan for payment of any claims that may ultimately be allowed, before, on, or after the Effective Date, of the EFIH First Lien Trustee or holders of EFIH First Lien Notes, including without limitation all Makewhole Claims, claims for unpaid interest, and claims for reimbursement of professional fees and other expenses of the EFIH First Lien Trustee;

8. The effect of a Taxable Separation on the total enterprise value of EFH or Reorganized EFH, including any claims by, or against, EFH or Reorganized EFH arising out of a Taxable Separation;

1

9. The effect of a Taxable Separation on the total enterprise value of EFIH or Reorganized EFIH, including any claims by, or against, EFIH or Reorganized EFIH arising out of a Taxable Separation;

10. Any Investment Scenario, Standalone Scenario, Equity Investment, Merger, Rights Offering, Backstop Agreement, REIT Reorganization, IPO Conversion Plan, sale, or other transaction to reorganize or liquidate EFH or EFIH under the New Plan on the EFH Effective Date.

11. All discussions with any third party regarding any potential investment in Reorganized EFIH or Reorganized EFH, or purchase of assets of Reorganized EFIH or EFH or EFIH or EFH, to fund or help fund the New Plan or otherwise in connection with the New Plan.

12. All conditions to confirmation or consummation of the New Plan.

13. All discussions and negotations regarding the New Plan.

B.    **DEFINITIONS**

1.    "And" and "Or," whether capitalized or not, are intended as terms of inclusion, and not exclusion, and should be construed both disjunctively and conjunctively so as to bring within the scope of these Requests and Interrogatories all documents and information which might otherwise be considered to be outside of their scope.

2.    "Bankruptcy Code" means Title 11 of the United States Code, 11 U.S.C. § 101, et seq.

3.    "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Delaware.

4.    "EFH" shall mean Energy Future Holdings Corp., a Texas corporation.

5.    "EFH Effective Date" shall have the meaning ascribed to it in the New Plan.

6.    "EFIH" shall mean Energy Future Intermediate Holding Company LLC and EFIH Finance Inc.

7.    "EFIH First Lien Notes" means, collectively, (a) the 6.875% senior secured notes due August 15, 2017, issued pursuant to an indenture dated August 14, 2012; and (b) the 10.0% senior secured notes due December 1, 2020, issued pursuant to an indenture dated August 17, 2010.

8.    "EFIH First Lien Trustee" means Delaware Trust Company, as successor indenture trustee to holders of the EFIH First Lien Notes..

9.    "Equity Investment" shall have the meaning ascribed to it in the New Plan.

10.    "Investment Scenario" shall mean the meaning ascribed to it in the New Plan.

11.    "IPO Conversion Plan" shall have the meaning ascribed to it in the New Plan.

12.    "Makewhole Claims" shall have the meaning ascribed to it in the New Plan.

13.    "Merger" shall have the meaning ascribed to it in the New Plan.

14.    "New Plan" shall mean the Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., pursuant to Chapter 11 of the Bankruptcy Code dated May 1, 2016, as it may be amended, modified or supplemented from time to time (including the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., pursuant to Chapter 11 of the Bankruptcy Code dated May 10, 2016, and any further amendments, modifications or supplements thereto).

15.    "New Reorganized EFIH Debt" shall have the meaning ascribed to it in the New Plan.

16. "Proposed Disclosure Statement" shall mean the Disclosure Statement for the New Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., pursuant to Chapter 11 of the Bankruptcy Code dated May 1, 2016, as it may be amended, modified or supplemented from time to time (including the Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., pursuant to Chapter 11 of the Bankruptcy Code dated May 10, 2016, and any further amendments, modifications or supplements thereto).

16. "REIT Reorganization" shall have the meaning ascribed to it in the New Plan.

17. "Reorganized EFH" shall have the meaning ascribed to it in the New Plan.

18. "Reorganized EFH Common Stock" shall have the meaning ascribed to it in the New Plan.

19. "Reorganized EFIH" shall have the meaning ascribed to it in the New Plan.

20. "Rights Offering" shall have the meaning ascribed to it in the New Plan.

21. "Standalone Scenario" shall have the meaning ascribed to it in the New Plan.

22. "Tax Matters Agreement" shall have the meaning ascribed to it in the New Plan.

23. "Taxable Separation" shall have the meaning ascribed to it in the New Plan.