**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: Requested**<br>**Objection Deadline: Requested** |

**MOTION OF CONTRARIAN CAPITAL MANAGEMENT, LLC**
**FOR ORDER SHORTENING NOTICE OF HEARING FOR**
**MOTION TO COMPEL MEDIATION OF DISPUTES**
**CONCERNING CERTAIN PLAN CONFIRMATION ISSUES**

Contrarian Capital Management, LLC (as advisors, or affiliates of advisors to holders, or managers of various accounts with investment authority, contractual authority or voting authority, "Contrarian"), by its undersigned counsel, files this motion (the "Motion"), pursuant to Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order shortening notice with respect to *Contrarian Capital Management, LLC's Motion to Compel Mediation of Disputes Concerning Certain Plan Confirmation Issues* (the "Motion to Compel")[1].  In support thereof, Contrarian respectfully states as follows:

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion to Compel.

**RELIEF REQUESTED**

1.      By this Motion, Contrarian respectfully requests that the Court enter an Order substantially in the form attached hereto as **Exhibit A**, pursuant to Fed. R. Bankr. P. 9006 and Local Rule 9006-1, shortening the notice period normally required by Local Rule 9006-1 so that the Motion to Compel, which is submitted simultaneously herewith, may be heard at either of the upcoming hearings currently scheduled for July 20, 2016 or July 21, 2016, or as soon thereafter as the Court's calendar permits.

**BASIS FOR RELIEF REQUESTED**

2.      Bankruptcy Rule 9006(c)(1) permits a bankruptcy court to reduce the time required for notice of a motion.  It states in pertinent part that, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given there under or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."

3.      As stated in more detail in the Motion to Compel, the relief sought therein should be granted because resolution of the Mediation Issues will be key to a more cost-effective and streamlined confirmation process.  Indeed, the issues related to the use of EFH Corp.'s NOLs and other tax attributes in connection with the transactions contemplated in the New Plan, and the EFH Debtors' proposed transfer to Reorganized TCEH of the equity interests in the Reorganized EFH Shared Services Debtors are going to be two of the primary issues litigated in connection with confirmation of the New Plan.  Mediation of these issues will be a more cost-effective and efficient avenue of prosecuting the Mediation Issues and will minimize the burden on this Court, and provide the parties the greatest chance of amicably resolving the issues ahead of Confirmation.

4.      Given that the start of the hearing on confirmation of the New Plan is scheduled to begin on August 17, 2016, time is of the essence.

5.      Reduction of the time period requested herein is not prohibited under Bankruptcy Rule 9006(c)(1) and the Rules listed therein.

## NOTICE

6.      Contrarian shall provide notice of this Motion to: (a) counsel to the Debtors; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50%

TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the TCEH Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor in possession financing facility and counsel thereto; (n) the agent for the EFIH debtor in possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) counsel to certain funds and accounts advised or sub-advised by Fidelity Management & Research Company or its affiliates; (s) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (t) Oncor Electric Delivery Company LLC and counsel thereto; (u) the Securities and Exchange Commission; (v) the Internal Revenue Service; (w) the Office of the United States Attorney for the District of Delaware; (x) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (y) counsel to the Electric Reliability Council of Texas; (z) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (aa) the United States Trustee.

## <u>NO PRIOR REQUEST</u>

7.      Contrarian has not previously sought the relief requested herein from this or any other Court.

**WHEREFORE**, the Contrarian respectfully requests that the Court (i) enter an order approving the shortening of the notice of the Motion to Compel as contemplated hereby such that a hearing on the Motion to Compel may convene on July 20, 2016 or July 21, 2016, or as soon

thereafter as the Court's calendar permits; and (ii) grant such other and further relief as the Court

deems just and proper.

Dated: July 11, 2016
      Wilmington, Delaware

                         HOGAN♦MCDANIEL

                         By: */s/ Garvan F. McDaniel*
                         Garvan F. McDaniel, Esq.
                         1311 Delaware Avenue
                         Wilmington, Delaware 19806
                         Telephone:  (302) 656-7540
                         Facsimile:  (302) 656-7599
                         Email: gfmcdaniel@dkhogan.com

                              – and –

                         KASOWITZ, BENSON, TORRES
                          & FRIEDMAN LLP

                         David S. Rosner, Esq.
                         Andrew K. Glenn, Esq.
                         Daniel A. Fliman, Esq.
                         1633 Broadway
                         New York, New York 10019
                         Telephone:  (212) 506-1700
                         Facsimile:  (212) 506-1800
                         Email: DRosner@kasowitz.com
                                  AGlenn@kasowitz.com
                                  DFliman@kasowitz.com

                         *Counsel to Contrarian Capital Management, LLC*

## EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. _____ |

**ORDER SETTING EXPEDITED HEARING AND SHORTENING NOTICE PERIOD
WITH RESPECT TO CONTRARIAN CAPITAL MANAGEMENT, LLC'S
MOTION TO COMPEL MEDIATION OF DISPUTES
CONCERNING CERTAIN PLAN CONFIRMATION ISSUES**

Upon the motion[1] of Contrarian Capital Management, LLC (as advisors, or affiliates of advisors to holders, or managers of various accounts with investment authority, contractual authority or voting authority, "Contrarian"), pursuant to Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e), for entry of an order setting an expedited hearing for and shortening the notice period on the Motion to Compel; and upon consideration of the Motion to Compel and all pleadings related thereto; and due and proper notice of the Motion to Compel having been given under the circumstances; and it appearing that no other or further notice is required; and it appearing that the Court has jurisdiction to consider the Motion to Compel in accordance with 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and after due deliberation, and sufficient cause appearing therefor,

IT IS HEREBY ORDERED

The Motion is granted.

The Motion to Compel is set for a hearing on July [__], 2016, at [_____] [_].m. (prevailing Eastern time) (the "Hearing").

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion to Compel filed contemporaneously herewith.

Responses or objections to the Motion to Co, if any, may be presented at the Hearing.

This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of the Order.

Dated: _____, 2016
Wilmington, Delaware

_____
The Honorable Christopher S. Sontchi
Judge of the United States Bankruptcy Court