# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 8890, 8892, 8894** |

## JOINDER OF FENICLE AND FAHY TO
## MOTION TO COMPEL MEDIATION OF DISPUTES
## CONCERNING CERTAIN PLAN CONFIRMATION ISSUES

Shirley Fenicle, as successor-in-interest to the Estate of George Fenicle, and David William Fahy (respectively, "Fenicle" and "Fahy")[1] hereby submit by their undersigned counsel, this joinder to the Motion of Contrarian Capital Management, LLC [D.I. 8890](the "Motion"), for an order directing the parties to mediate certain issues to *Second Amended Joint Plan of Reorganization of Energy Futures Holding Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, dated June 16, 2016 (as may be further amended, the "New Plan") [D.I. 8745].[2]  In support of the Joinder, Fenicle and Fahy respectfully state as follows:

## PRELIMINARY STATEMENT

During the course of proceedings in these cases, over the repeated protestations and objections of Fenicle and Fahy, the Debtors have adamantly pursued strategies for the rapid emergence from chapter 11 in a tax-free spin, that separates the two sides of their capital structure, the E-side and the T-side, with the support of certain preferred signatories to a prepetition Plan Support Agreement ("PSA").

---

[1]     Fenicle and Fahy are individual members of the EFH Official Committee of Unsecured Creditors ("Committee").

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the New Plan.

Fenicle and Fahy are E-side creditors who are concerned about the T-Side's plans to use valuable assets owned by certain E-side Debtors without adequate consideration, as well as the Debtors' failure to disclose the value of those assets.  Significant unresolved issues surrounding the New Plan necessitate the involvement of Fenicle and Fahy in the T-side confirmation procedures. Fenicle and Fahy have sought to illuminate these issues so that the E-side asbestos creditors will receive the Debtors' assurances of passing through this process unimpaired.

Now, with the T-Side confirmation hearing rapidly approaching, the disputed issues dividing the E-Side and T-Side estates have not been resolved.  As noted at the hearing to consider the T-Side Disclosure Statement, the T-Side plan seeks to use valuable assets owned by EFH for little or no consideration.  These assets include EFH's tax attributes and shared services as provided by EFH.

Fenicle and Fahy have made several advances to Debtors in an attempt to start settlement discussions with the Debtors, but Debtors have been unwilling to mediate and there have been no meaningful settlement negotiations to date. Fenicle and Fahy are also interested in a global resolution of the issues involving the treatment of asbestos claims. Fenicle and Fahy would like to avoid the additional time, expense and delay involved in contesting two plan confirmation hearings, one for each of the T-side and E-side. Fenicle and Fahy respectfully submit that the Court should compel the parties to mediate their outstanding disputes.  If the mediation process for these disputes proves as successful as previous mediation efforts in these cases, this Court will likely save significant time and resources.

## BACKGROUND

1.      The Debtors filed the Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 7187] (the "Sixth Amended Plan"), on December 1, 2015.

2.      Fenicle and Fahy objected to the Sixth Amended Plan, arguing that the discharge provisions of asbestos-related personal injury and wrongful death claims, including the claims of persons who, post-confirmation, will suffer injuries caused by prepetition exposure to Debtors' asbestos-containing products ("Unmanifested Claimants"), even though such claims had not accrued under applicable state law ("Unmanifested Claims"), would violate the due process rights of Unmanifested Claimants.

3.      On December 7, 2015, the Court entered an amended order confirming the Sixth Amended Plan [D.I. 7244], which was amended on December 9, 2015 (as amended, the "Confirmation Order") [D.I. 7285][3], and also entered an order (the "Settlement Order") [D.I. 7243], approving the settlement of certain litigation claims (the "Settlement Agreement").[4]

4.      Fenicle and Fahy have appealed the Confirmation Order to the Unites States District Court for the District of Delaware (the "Appeal").  *Shirley Fenicle, et al. v. Energy Future Holdings Corp., et al.*, No. 15-1183, D. Del. The parties have engaged in significant motion practice during the pendency of the Appeal.

---

[3]      Fenicle and Fahy appealed the Confirmation Order to the District Court.  *Shirley Fenicle, et al. v. Energy Future Holdings Corp., et al.*, No. 15-1183, D. Del.

[4]      Among other things, the Settlement Agreement compromised and resolved various inter-Debtor claims; several other claims and causes of actions of various creditors of the Debtors; claims and causes of action against holders of interests in EFH Corp; certain related entities and claims and causes of action against each of the Debtors' current and former directors managers and officers and other related entities.

## SETTLEMENT EFFORTS TO DATE

5.      Fenicle and Fahy have been active in this case, having moved or joined in motions related to the treatment of asbestos claims, including: a joinder to the Motion of Charlotte and Curtis Liberda to Appoint Legal Representative [D.I. 5194]; a joinder to the objections of the EFH Official Committee of Unsecured Creditors to the Debtors' motion for entry of an order approving the Disclosure Statement [D.I. 5361]; an objection to the Sixth Amended Plan [D.I. 6610]; a joinder to the objection of the EFH Official Committee to Notice of Proposed Settlement of EFIH PIK Note Claims [D.I. 6703]; a joinder to the Amended Motion of Michael Cunningham, Joe Arabie and Michelle Ziegelbaum for Application of Fed. R. Bankr. P. 7023 and to Certify a Class Pursuant to FRCP Rule 23 [D.I. 7219]; and the objection to the Debtors' Scheduling Order [D.I. 8450].

6.      The Sixth Amended Plan was not consummated by April 30, 2016 and thus, by its terms and the terms of the Confirmation Order, was rendered null and void.  The Debtors have moved to dismiss the Appeal as moot; Fenicle and Fahy have opposed that motion.  The Appeal and the Motion to Dismiss the Appeal remain pending before the District Court.

7.      On April 4, 2016, the Appeal was consolidated with another appeal involving the Court's denial of class certification and the treatment of asbestos claims, Michael Cunningham, et al. v. Energy Future Holdings Corp., et al., No. 15-1218, D. Del., and together with Appeal (the "Consolidated Appeals").

8.      Since May 1, 2016, Fenicle and Fahy have actively engaged in the protocols outlined in the Scheduling Order, including written discovery requests, the noticing of a 30(b)(6) deposition as well as meet and confers with Debtors on discovery issues.  Specifically, Fenicle and Fahy have repeatedly sought information regarding the potential value of assets available to

pay asbestos claims which are characterized as unimpaired on the E-side, while being impaired on the T-side.  Fenicle and Fahy have sought sufficient information to determine the value of the E-side assets and the extent of a possible shortfall at any of the E-side estates, particularly those of the Asbestos Debtors. They have also sought from the Debtors information regarding insurance coverage information as to the amount of insurance for the satisfaction of asbestos claims, which would have no value to any of the Debtors.

9.      In connection with this case, Fenicle and Fahy have made numerous advances to the Debtors to engage in a mediation process to advance a global resolution of the issues involving the treatment of asbestos claims on both the T-side and the E-side. To date, however, there has not been any meaningful response from the Debtors.

## RELIEF REQUESTED

10.      Fenicle and Fahy respectfully join in the motion for mediation filed by Contrarian and ask the Court to add to the issues to be mediated the impact of the Tax Attribute Issue and the Contribution Issue on the treatment of asbestos claims on both the T-side and the E-side (the "Asbestos Issue").

11.      Fenicle and Fahy request entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to Section 105(a) of the Bankruptcy Code, and Rules 9019-3 and 9019-5 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), directing the parties that have been designated a "Participating Party" under the Scheduling Order (each a "Party" and collectively, the "Parties"), to mediation to determine the issues related (a) to the use of EFH Corp.'s NOLs and other tax attributes (the "Tax Attribute Issue") in connection with the

transactions contemplated in the New Plan,[5] (b) to the EFH Debtors' proposed transfer to Reorganized TCEH of the equity interests in the Reorganized EFH Shared Services Debtors[6] (the "Contribution Issue"), and the  Asbestos Issue, together with the Tax Attributes Issue and the Contribution Issue, the "Mediation Issues").

## NOTICE

12.     Fenicle and Fahy shall provide notice of this joinder to: (a) counsel to the Debtors; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii)

---

[5]      *See e.g.*, TCEH  Disclosure Statement at 180 ("The Debtors currently project that, as of December 31, 2016 … the EFH Group will have approximately $8.2 billion of NOLs. … the Debtors expect that all of the EFH Group's NOLs will either be used or eliminated at the end of the EFH Group's taxable year in which the Effective Date occurs."

[6]      *Id*. at 181.

the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the TCEH Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor in possession financing facility and counsel thereto; (n) the agent for the EFIH debtor in possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) counsel to certain funds and accounts advised or sub-advised by Fidelity Management & Research Company or its affiliates; (s) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (t) Oncor Electric Delivery Company LLC and counsel thereto; (u) the Securities and Exchange Commission; (v) the Internal Revenue Service; (w) the Office of the United States Attorney for the District of Delaware; (x) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (y) counsel to the Electric Reliability Council of Texas; (z) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (aa) the United States Trustee.

13.    Fenicle and Fahy submit that no other or further notice is necessary under the circumstances.

## NO PRIOR MOTION

14.     Fenicle and Fahy have not made any prior motion for the relief sought in this

Motion to this Court or any other.

***

WHEREFORE,  Fenicle and Fahy respectfully request that the Court enter an order,

substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion

and such other and further relief as may be just and proper.

Dated: July 18, 2016
    Wilmington, Delaware    By:    */s/ Daniel K. Hogan*
    Daniel K. Hogan (DE Bar # 2814)
    **HOGAN♦McDANIEL**
    1311 Delaware Avenue
    Wilmington, Delaware  19806
    Telephone:  (302) 656-7540
    Facsimile: (302) 656-7599
    dkhogan@dkhogan.com

    -and-

    Steven Kazan (CA Bar # 46855)
    Kazan McClain Satterley & Greenwood
    A Professional Law Corporation
    Jack London Market
    55 Harrison Street, Suite 400
    Oakland, CA 94607
    Telephone: (510) 302-1000
    Facsimile: (510) 835-4913
    -and-

    Ethan Early (CT Juris # 417930)
    Early Lucarelli Sweeney & Strauss
    265 Church Street, 11th Floor
    New Haven, CT 06508-1866
    Telephone: (203) 777-7799
    Facsimile: (203) 785-1671

    *Counsel for Shirley Fenicle, as successor-in-interest*
    *to the Estate of George Fenicle, and David William*
    *Fahy*

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |

**ORDER DIRECTING PARTIES TO MEDIATE DISPUTES**
**CONCERNING CERTAIN PLAN CONFIRMATION ISSUES**

Upon the motion (the "Motion"),[1] of Contrarian Capital Management, LLC [D.I. 8892],

for entry of an order directing parties to mediate certain issues related to *Second Amended Joint*

*Plan of Reorganization of Energy Futures Holding Corp., et al., Pursuant to Chapter 11 of the*

*Bankruptcy Code*, dated June 16, 2016 (as may be further amended, the "New Plan") [D.I. 8747-

2], as more fully set forth in the Motion; and Fenicle and Fahy's joinder to the Motion (the

"Joinder"), and upon due and sufficient notice of the Motion and Joinder having been provided

under the particular circumstances, and it appearing that no other or further notice need be

provided; and the Court having jurisdiction to consider the Motion and Joinder, and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the

Motion and Joinder, and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b)(2); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409;

and a hearing having been scheduled and, to the extent necessary, held to consider the relief

requested in the Motion (the "Hearing"); and upon the record of the Hearing (if any was held),

and all the proceedings had before the Court; and the Court having found and determined that the

relief requested is in the best interests of the Debtors, their estates and creditors, and any parties

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

in interest; and the legal and factual bases set forth in the Motion, Joinder and at the Hearing (if

any was held) having established just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The issues related (a) to the use of EFH Corp.'s NOLs and other tax attributes (the

"Tax Attribute Issue") in connection with the transactions contemplated in the New Plan, (b) to

the EFH Debtors' proposed transfer to Reorganized TCEH of the equity interests in the

Reorganized EFH Shared Services Debtors  (the "Contribution Issue") and the impact of the Tax

Attribute Issue and the Contribution Issue  on the treatment of asbestos claims on both the T-side

and the E-side (the "Asbestos Issue"), and together with the Tax Attributes Issue and

Contribution Issue, the "Mediation Issues"), are hereby referred to Mediation in accordance with

Local Rule 9019- 3.

2.     Local Rule 9019-5, as supplemented by the following procedures (collectively,

the "Proposed Mediation Procedures"):

(i)     **Mandatory Mediation**. The parties shall proceed to mediation regarding the Mediation Issues. The Mediation will be privileged and confidential. Proceedings, discussions, and written materials associated with the Mediation will not be reported into evidence, nor shall anything stated or exchanged during the Mediation operate as an admission of liability, wrongdoing, or responsibility.

(ii)    **Mediators**. After consultation with Fenicle and Fahy, Contrarian shall file a list of proposed mediators from the Court's Register of Mediators within three (3) business days from entry of an order directing mediation.  The Court will select the mediator (the "Mediator") from that list. The Mediator selected will serve as the Mediator for the Mediation.

(iii)   **Time, Place, and Manner for the Mediations**. Unless otherwise and expressly agreed by the parties to the Mediation or as directed by the Mediator, all Mediations shall take place either in-person or telephonically at a time and location chosen by the Mediator.  Each party shall attend the Mediation, either in person or telephonically, by either its principal or by an appointed representative with

settlement authority. The Mediator shall establish the deadlines for the submission of materials.

(iv)    **Mediator's Report**. Promptly after conclusion of the Mediation, the Mediator shall electronically file a report with the Court indicating whether Mediation resulted in the parties reaching an agreement.

3.    The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Motion

4.    This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2016
Wilmington, Delaware

_____
Honorable Christopher S. Sontchi