IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) Hearing Date: August 16, 2016 at 10:00 a.m. |
|  | ) Objection Deadline: August 9, 2016 at 4:00 p.m. |

**MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR
ENTRY OF AN ORDER (I) SCHEDULING HEARING DATES
AND CERTAIN DEADLINES AND ESTABLISHING CERTAIN
PROCEDURES IN CONNECTION WITH ADJUDICATING CONTESTED
OBJECTIONS TO PRO SE CLAIMS AND (II) APPROVING NOTICE THEREOF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) scheduling certain dates and deadlines and establishing certain procedures in connection with the adjudication of contested objections to the claims filed by pro se claimants identified on **Exhibit B**, attached hereto and as discussed in further detail below (the "Contested Pro Se Claims"), and (b) approving the forms of notice for the hearings to consider the objections to the Contested Pro Se Claims (the "Pro Se Claims Hearings"). In further support of this Motion, the Debtors respectfully state as follows.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 14897549v.1

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested in this Motion is section 105(a) of the Bankruptcy Code.

**Relief Requested**

4. By this Motion, the Debtors seek entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) scheduling dates and deadlines and establishing certain procedures in connection with the adjudication of Contested Pro Se Claims and (b) approving the forms of notice for the Pro Se Claims Hearings.

**Background**

5. On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these

chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98] and the *Third Amended Disclosure Statement for the Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 8747].

6. On June 30, 2014, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs ("Statements" and together, with the Schedules, the "Schedules and Statements") [D.I. 1237–1307, 1319–1329, 1331–1343, 1345]. On September 26, 2014, the Debtors filed their amended Schedules and Statements [D.I. 2146–2216], addressing certain discrete issues.

7. On May 2, 2014, the Court entered an order establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "Customer Claims Bar Date") as the final date and time for certain customer claimants holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Customer Proofs of Claim") in these chapter

3

RLF1 14897549v.1

11 cases and approving the form and manner of notice of the Customer Claims Bar Date [D.I. 307].

8. Written notice of the Customer Claims Bar Date was mailed to current and certain former customers of the Debtors.[2] In addition to mailing such actual notice, the Debtors also published notice of the Customer Claims Bar Date in *The Wall Street Journal*, *USA Today*, *The Dallas Morning News*, *Houston Chronicle*, *Corpus Christi Caller Times*, *Fort Worth Star-Telegram*, and *Waco Tribute Herald*.

9. On August 18, 2014, the Court entered an order (the "General Bar Date Order") establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases (the "Non-Customer Proofs of Claim"), except for claims specifically exempt from complying with the General Bar Date as set forth in the General Bar Date Order, and approving the form and manner of notice of the General Bar Date [D.I. 1866].

10. Written notice of the General Bar Date was mailed to, among others, all known creditors and other known holders of claims against the Debtors as of the date of entry of the General Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors, and to all parties who had filed requests for notices under Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") as of the date of the General Bar Date

---

[2] The procedures for notifying the Debtors' current and former customers are set forth in the *Motion of Energy Future Holdings Corp., et al., for Entry of (A) an Order Authorizing the Debtors to (I) Maintain and Administer Customer Programs and Customer Agreements, (II) Honor Prepetition Obligations Related Thereto, (III) Pay Certain Expenses on Behalf of Certain Organizations, (IV) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (V) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of Customer Agreements, and the Bar Date for Customer Claims and (B) an Order Authorizing Certain of the Debtors to Assume the Customer Agreements* [D.I. 31].

4

Order. In addition to mailing such actual notice, the Debtors also published notice of the General Bar Date in more than 200 publications nationwide, as detailed in Exhibit 4 to the Bar Date Order.

11. On July 30, 2015, the Court entered an order (the "Asbestos Bar Date Order") establishing December 14, 2015, at 5:00 p.m. (prevailing Eastern Time) (the "Asbestos Bar Date"), as the final date and time for all persons and entities holding or asserting a manifested or unmanifested asbestos claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases (the "Asbestos Proofs of Claim" and, together with the Customer Proofs of Claim and the Non-Customer Proofs of Claim, the "Proofs of Claim"), except for claims specifically exempt from complying with the Asbestos Bar Date as set forth in the Asbestos Bar Date Order, and approving the form and manner of notice of the Asbestos Bar Date [D.I. 5171].

12. Written notice of the Asbestos Bar Date was mailed to current and former employees and contractors as well as known asbestos claimants. As detailed in the Asbestos Bar Date Order and exhibits thereto, the Debtors also effectuated an extensive publication notice plan, including: (i) providing notice in consumer publications, local newspapers, national newspapers, trade publications, and union labor publication; (ii) establishing a dedicated website and toll-free number; (iii) placing Internet banner advertisements and sponsoring Internet search listings; (iv) distributing an informational release to approximately 4,200 print and broadcast media outlets and 5,500 online outlets; and (v) engaging in targeted outreach to labor unions.

**The Claims Reconciliation Process and the Proposed Procedures.**

13. To date, over 40,000 Proofs of Claim have been filed in these chapter 11 cases. Over the course of these chapter 11 cases, the Debtors have conducted an intensive process to review and reconcile these Proofs of Claim. To avoid possible double or improper recovery by

5

claimants, to date, the Debtors have filed 43 omnibus objections (each, an "Objection") to 5,464 Proofs of Claim. In an effort to consensually resolve as many Objections as possible, upon receiving a response (formal or informal[3]) to an Objection, the Debtors typically adjourned the hearing with respect to the applicable Proof of Claim to allow the parties maximum time and flexibility to engage in discussions.

14. Approximately 56 of the adjourned Proofs of Claim were filed by pro se claimants (the "Pro Se Claimants") who responded (formally or informally) to an Objection and with whom the Debtors have been unable to come to a consensual resolution—either because the Debtors and the Pro Se Claimant are at an impasse in their discussions or because the Debtors have been unsuccessful in their attempts to engage the Pro Se Claimant concerning their Proof(s) of Claim. These Contested Pro Se Claims, none of which assert a liquidated claim above $125,000, fall into a few general categories:

- claims that are insufficiently substantiated by the Pro Se Claimant and for which there is no supporting evidence in the Debtors' books and records;

- claims that are against entities that are not Debtors and that have no apparent connection to the Debtors; and

- claims for which the Debtors believe there is no valid legal theory for liability.

15. The Debtors believe it is time to finally adjudicate the Objections to these Contested Pro Se Claims. However, given the number and nature of the Contested Pro Se Claims, the Debtors believe that it is essential to establish a process that will ensure the hearings are organized and expeditious. With that goal in mind, the Debtors propose the following schedule and procedures (the "Procedures"):

---

[3] By "formal" response, the Debtors refer to writings filed on the docket. By "informal" response, the Debtors refer to messages left with the Debtors' telephone hotline, emails sent to the Debtors' counsel or general case address, and letters mailed to the Debtors' counsel.

6

RLF1 14897549v.1

a. **Friday, August 19, 2016**, shall be the date by which the Debtors shall serve a customized notice of the Pro Se Claims Hearings and these Procedures, substantially in the form attached as **Exhibit 1** or **Exhibit 2** to **Exhibit A** (the "Notice"), as applicable, upon the Pro Se Claimants.[4] The Notice shall include a customized questionnaire, substantially in the form attached as **Exhibit 3** to **Exhibit A** (the "Questionnaire") requesting information regarding the Pro Se Claimants' participation in the Pro Se Claims Hearings, including their preferred date.

b. **Monday, September 19, 2016**, shall be the date by which Pro Se Claimants must file with the Court a formal response to the Objection (each, a "Formal Response") if they have not already done so (the "Claimant Response Deadline"). If no Formal Response regarding a Contested Pro Se Claim is received by the Claimant Response Deadline, the relevant Pro Se Claimant will be deemed to consent to the relief requested in the applicable Objection and, upon order of the Court, the Contested Pro Se Claim will be disallowed and expunged (or modified, if applicable) from the Claims Register.

c. **Monday, September 19, 2016**, shall be the date by which Pro Se Claimants must return the Questionnaire to the Debtors (the "Questionnaire Deadline"). Any Pro Se Claimant who does not submit a Questionnaire by the Questionnaire Deadline will not be allowed to participate in the Pro Se Claims Hearings absent further order of the Court.

d. **Friday, October 21, 2016**, shall be the date by which the Debtors must file their omnibus reply to all Formal Responses to the Objections that were filed on or before the Claimant Response Deadline (the "Debtors' Reply"). The Debtors will serve a copy of the Debtors' Reply on each Pro Se Claimant who timely filed a Formal Response.

e. **November 8, 2016 at 10:00 a.m. (ET)** shall be the date of the first Pro Se Claims Hearing. Oral argument shall be limited to ten minutes per Proof of Claim, except as otherwise ordered by the Court.[5]

f. **December 13, 2016 at 10:00 a.m. (ET)** shall be the date of the second Pro Se Claims Hearing. Oral argument shall be limited to ten minutes per Proof of Claim, except as otherwise ordered by the Court.

---

[4] **Exhibit 1** is a form of notice to be served upon Pro Se Claimants who have not filed a formal response to the Objection as of the date the Order is entered. **Exhibit 2** is a form of notice to be served upon Pro Se Claimants who have already filed a formal response to the Objection as of the date the Order is entered.

[5] Allocation of time between the parties to be determined.

16.    The Debtors believe that requiring each Pro Se Claimant to file a formal response (if they have not already done so) will help to further clarify and narrow the disputed issues concerning the applicable Proof(s) of Claim—particularly in instances where the Debtors have been unsuccessful in their attempts to meaningfully engage the Pro Se Claimant in discussions—as well as to identify Pro Se Claimants who no longer object to the relief requested in the applicable Objection to their Proof of Claim.

17.    The Debtors also believe that the Questionnaire, which solicits information regarding whether the Pro Se Claimants intend to participate in the Pro Se Hearing and whether they will attend in person or by telephone, will provide the Debtors with the information necessary to conduct organized and efficient hearings. Further, by requiring Claimants to submit a completed Questionnaire to participate in a Pro Se Claims Hearing, the Debtors will be able to target their preparations to only the Proofs of Claim where the respective Pro Se Claimant intends to engage in oral argument, thereby conserving estate resources. Where a Pro Se Claimant chooses not to participate in the Pro Se Claims Hearing, the Debtors will rest on their papers, including the Debtors' Reply, and any general presentation the Debtors make concerning their efforts to diligence and resolve Objections and responses thereto.

18.    Finally, limiting the speaking time on each Proof of Claim is necessary and appropriate. There are approximately 56 Contested Pro Se Claims, the disputes over which, where identifiable, are relatively straightforward and will not require significant time to present—particularly as the Debtors' Reply will comprehensively set forth all known relevant facts concerning each Contested Pro Se Claim and will have been filed well in advance of the Pro Se Claims Hearings. Even with time limits on oral argument, two hearings will be necessary to address the Contested Pro Se Claims. Furthermore, holding two hearings will allow the

RLF1 14897549v.1

Debtors to better accommodate the Pro Se Claimants' schedules. Should a Pro Se Claimant be unable to attend the hearing for which they are noticed, they can request to be heard at the other Pro Se Claims Hearing.

### Basis for Relief

19.  This Court has the power to grant the relief requested herein under section 105(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory fiat or under equitable common law principles. Specifically, section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent the abuse of process.

11 U.S.C. § 105(a).

20.  The purpose of section 105(a) is "to assure the bankruptcy courts [sic] power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy ¶105.01 at 105-6 (15th ed. 1999) (collecting cases). This is consistent with the broad equitable authority of the bankruptcy courts. *See, e.g., United States v. Energy Resources Co., Inc.*, 495 U.S. 545, 549 (1990); *In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000) ("Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code"); *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee*, 2005 WL 435207, *14 (D. N.J. Feb. 25, 2005) (reciting the power of the bankruptcy

court to "… issue any order … that is necessary or appropriate to carry out the provisions of … [title 11]").

21.   In this case, the Debtors believe that the Procedures requested to be approved by this Motion are necessary and appropriate to enable them to finally adjudicate the Objections to the Contested Pro Se Claims in a prompt and organized manner.  Absent granting the Debtors the relief requested in this Motion (or substantially similar relief), the Debtors would be placed in the difficult position of attempting to prosecute myriad pending Objections to the Contested Pro Se Claims without the benefit of any organized framework within which to do so.  Moreover, the Debtors believe that the procedures provided herein will benefit the Court, the Debtors, and the holders of the Contested Pro Se Claims by enabling the Debtors to resolve the pending Objections in a prompt, organized, and logical manner that amply takes into account the due process rights of the Pro Se Claimants, will promote judicial efficiency, and will conserve estate resources.  Consequently, the Debtors believe that the Court should grant this Motion and approve the procedures set forth herein and the Order with respect to the Contested Pro Se Claims.

### Reservation of Rights

22.   Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the Order is intended or should be construed as:  (a) an admission as to the validity of any particular claim (including the Contested Pro Se Claims) against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim (including the Contested Pro Se Claims) on any grounds; (c) a promise or requirement to pay any particular claim (including the Contested Pro Se Claims); (d) an admission by the Debtors that any contract or lease is executory or unexpired, as applicable; (e) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (f) a request or authorization to assume or reject

any agreements under section 365 of the Bankruptcy Code; (g) a waiver of any party's rights to assert that any other party is in breach or default of any agreement; or (h) an admission that any contract or lease is integrated with any other contract or lease.

### Notice

23.     The Debtors shall provide notice of this Motion on the date hereof via first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020,

RLF1 14897549v.1

and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

24. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and granting such other and further relief as is appropriate under the circumstances.

Dated: July 26, 2016
       Wilmington, Delaware

/s/ [signature]

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:    (302) 651-7701
Email:       collins@rlf.com
             defranceschi@rlf.com
             madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:       edward.sassower@kirkland.com
             stephen.hessler@kirkland.com
             brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Email:       james.sprayregen@kirkland.com
             marc.kieselstein@kirkland.com
             chad.husnick@kirkland.com
             steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*