**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors. | Jointly Administered |
| | **Re: Docket Nos. 1700 and 2509** |

**SUPPLEMENTAL DECLARATION OF TIMOTHY R. POHL IN FURTHERANCE OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER (A) AUTHORIZING THE EMPLOYMENT AND RETENTION OF LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER EFFECTIVE AS OF MAY 14, 2014, (B) WAIVING CERTAIN TIME-KEEPING REQUIREMENTS PURSUANT TO LOCAL RULE 2016-2(h), AND (C) GRANTING RELATED RELIEF**

I, Timothy R. Pohl, declare under penalty of perjury:

1.      I am a Managing Director of the firm Lazard Frères & Co. LLC ("**Lazard**"), and am duly authorized to make this supplement declaration ("**Supplemental Declaration**") on behalf of Lazard.  Unless otherwise stated in this Supplemental Declaration, I have personal knowledge of the facts set forth herein.[1]

2.      I submit this Supplemental Declaration in furtherance of the application of the Official Committee of TCEH Unsecured Creditors (the "**TCEH Committee**")[2] for entry of an order authorizing the TCEH Committee to employ and retain Lazard as their investment banker and pursuant to the *Order Authorizing the Official Committee of Unsecured Creditors to Retain*

---

[1]    Certain disclosures herein relate to matters within the personal knowledge of other professionals at Lazard and are based on information provided by them.

[2]    The TCEH Committee is the Official Committee of Unsecured Creditors of debtors Energy Future Competitive Holdings Company LLC ("**EFCH**"), EFCH's direct subsidiary, Texas Competitive Electric Holdings Company LLC ("**TCEH**") and their direct and indirect subsidiaries, and EFH Corporate Services Company (collectively with EFCH and TCEH, the "**TCEH Debtors**").

*and Employ Lazard as Investment Banker Effective as of May 14, 2014*, entered on October 20, 2014 [Dkt. No. 2509].

3. This Supplemental Disclosure supplements the disclosures provided in the *Declaration of Timothy R. Pohl in Support of the Application of the Official Committee of Unsecured Creditors of Energy Future Holdings Corp.,* et al.*, for Entry of an Order (A) Authorizing the Employment and Retention of Lazard Frères & Co. LLC as of May 14, 2014, (B) Waiving Certain Time-Keeping Requirements Pursuant to Local Rule 2016-2(h), and (C) Granting Related Relief*, filed on July 25, 2014 [Dkt. No. 1700-4].

4. On April 29, 2014, each of Energy Futures Holdings Corporation and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**") filed a voluntary petition with the Court under Chapter 11 of the Bankruptcy Code.

5. On May 12, 2014, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the TCEH Committee.

6. On October 20, 2014, the Court entered an order authorizing the retention and employment of Lazard as investment banker to the TCEH Committee *nunc pro tunc* to May 14, 2014.

7. On October 27, 2014, the U.S. Trustee appointed a separate official committee of unsecured creditors (the "**EFH Committee**") for Debtors Energy Future Holdings Corporation ("**EFH Corp.**"), Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (collectively, the "**EFH Debtors**").

8. The EFH Committee retained its own separate advisors, including Guggenheim Securities, LLC to serve as its investment banker.

9.      On August 9, 2015, the TCEH Committee entered into a plan support agreement (the "**Plan Support Agreement**") with the Debtors, the TCEH Supporting First Lien Creditors,[3] the TCEH First Lien Agent, the TCEH Supporting Second Lien Creditors, and the TCEH Ad Hoc Group.

10.     The Plan Support Agreement required, among other things, that the TCEH Committee, and the other parties thereto, support the Debtors' then-proposed plan of reorganization (the "**REIT Plan**") and that, should the REIT Plan fail to be confirmed or fail to be consummated following confirmation, that the TCEH Committee and the other parties thereto support an alternative restructuring (the "**Alternative Restructuring**") as detailed in the Plan Support Agreement.

11.     Among other terms, the Alternative Restructuring contemplates a cash payment of $550 million (subject to reductions) (the "**TCEH Cash Payment**") payable to the Holders of Allowed TCEH Unsecured Note Claims, Allowed TCEH Second Lien Note Claims, Allowed PCRB Claims, and Allowed General Unsecured Claims Against the TCEH Debtors Other Than EFCH.

12.     On September 18, 2015, the Court approved the Debtors' entry into the Plan Support Agreement [Dkt. No. 6097].

13.     On December 7, 2015, the Court entered the *Order Granting the Motion of Energy Future Holdings Corp.,* et al., *to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter into and Perform Under the Settlement Agreement* [Dkt. No.

---

[3]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Third Amended Disclosure Statement for the Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al., *Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors*.

26091187

7243] (the "Settlement Agreement Approval Order"), which approved the settlement and release of certain inter-debtor claims.

14.     On December 9, 2015, the Court entered an order confirming the REIT Plan [Dkt. No. 7285].  Pursuant to its obligations under the Plan Support Agreement, the TCEH Committee supported confirmation of the REIT Plan.

15.     Under the terms of the Plan Support Agreement, the parties', including the TCEH Committee's, obligations to support the REIT Plan could terminate on April 30, 2016 (the "**REIT Plan Termination Date**") unless (a) all required approvals from the Public Utility Commission of Texas had been obtained, or (b) certain investor parties agreed to a $50 million reduction of the TCEH Cash Payment in an Alternative Restructuring in order to extend the REIT Plan Termination Date.  When neither of those events happened by April 30, 2016, the Ad Hoc TCEH First Lien Committee delivered a Plan Support Termination Notice, which caused the REIT Plan to be null and void.

16.     The termination of the REIT Plan, however, did not terminate the Plan Support Agreement or the obligations of the TCEH Committee and the other parties thereto with respect to supporting an Alternative Restructuring.  Nor did the termination of the REIT Plan affect the settlement of the inter-debtor claims that were settled pursuant to the Settlement Agreement Approval Order.

17.     The Debtors have since filed the *Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 8745] (the "**TCEH Plan**"), which contains terms consistent with an Alternative Restructuring, which the TCEH Committee is bound by the Plan Support Agreement to support, including

26091187

providing for the TCEH Cash Payment to supply the distributions to the unsecured creditors of the TCEH Debtors.

18.     The confirmation hearing for the TCEH Plan is scheduled to commence on August 17, 2016, before and separately from any hearing on confirmation for any plan of reorganization that may be proposed for the EFH Debtors.

19.     Lazard has not performed any material work for the TCEH Committee since the confirmation of the REIT Plan, and thus agreed with the Fee Committee, subject to certain conditions, to discontinue, effective November 1, 2015, the fixed Monthly Fee to which it otherwise would be entitled under the terms of its engagement letter.

20.     The EFH Debtors have commenced a process regarding a potential transaction involving EFH Corp.'s indirect economic interest in non-Debtor Oncor Electric Delivery Company LLC (the "**Oncor Transaction**").

21.     A potential bidder in the Oncor Transaction has asked Lazard to advise it in connection with the process.   Lazard believes that this representation will not affect its representation of the TCEH Committee in these Chapter 11 Cases.   Lazard has advised the Debtors and the TCEH Committee of this engagement, and each has indicated that they do not object to the engagement.   In addition, I have been advised by counsel for Lazard that they consulted with the U.S. Trustee and, on the facts presented, the U.S. Trustee did not object to the engagement.

22.     Based upon the foregoing, I do not believe that Lazard's representation of a bidder in connection with the Oncor Transaction will cause Lazard to hold or represent an interest adverse to the TCEH Committee, the TCEH Debtors, or their estates in the matters upon

which Lazard is employed, and or cause Lazard to be "disinterested" as such term is defined in section 101(14) of title 11 of the U.S. Code.

23.     I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


Dated:  August  2, 2016                                          /s/ Timothy R. Pohl
         Chicago, IL                                    Timothy R. Pohl
                                                        Managing Director
                                                        Lazard Frères & Co. LLC

6

26091187