**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) | (Jointly Administered) |
|  | ) ) | **Re: Docket No. 8745** |

**LIMITED OBJECTION TO SECOND AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

NOW COMES AppLabs Technologies Pvt Ltd. ("AppLabs"), by and through its undersigned counsel, Chipman Brown Cicero & Cole, LLP and Varnum LLP, and for its Limited Objection to Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.,* Pursuant to Chapter 11 of the Bankruptcy Code (the "Limited Objection") states as follows:

1. The Debtors filed a voluntary bankruptcy petition on April 29, 2014 (the "Petition Date").

2. On June 16, 2016, the Debtors filed their Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.,* Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 8745] (the "Plan").

3. AppLabs provided services to TXU Energy Retail Company LLC ("TXU") through December 31, 2014.

4. As of the Petition Date, TXU owed AppLabs $734,468.41 for pre-petition services AppLabs provided to TXU (the "AppLabs Claim").

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

5.      In connection with the Original Confirmed Plan,[2] the Debtors filed the Original Plan Supplement.

6.      Exhibit E(ii) to the Original Plan Supplement [D.I. 6544-14] retained certain claims, defenses, cross-claims, and counter-claims related to litigation and possible litigation. Specifically, Exhibit E(ii) stated,

> In addition, the following Exhibit E(ii) includes claims and Causes of Action the Debtors expressly retain based in whole or in part upon any and all contracts and leases to which any Debtor, Reorganized Debtor, or New EFH is a party or pursuant to which any Debtor, Reorganized Debtor, or New EFH has any rights whatsoever. Unless otherwise released by the Plan, the Debtors retain all such claims and Causes of Action regardless of whether such contract or lease is included on Exhibit E(ii). The claims and Causes of Actions reserved include, Causes of Action against vendors, suppliers of goods or services, or any other parties: (a) for overpayments, back charges, duplicate payments, improper holdbacks, deposits, warranties, guarantees, indemnities, recoupment, or setoff; (b) for wrongful or improper termination, suspension of services or supply of goods, or failure to meet other contractual or regulatory obligations; (c) for failure to fully perform or to condition performance on additional requirements under contracts with any one or more of the Debtors before the assumption or rejection, if applicable, of such contracts; (d) for payments, deposits, holdbacks, reserves, or other amounts owed by any creditor, utility, supplier, vendor, insurer, surety, factor, lender, bondholder, lessor, or other party; (e) for any liens, including mechanic's, artisan's, materialmen's, possessory, or statutory liens held by any one or more of the Debtors; (f) arising out of environmental or contaminant exposure matters against landlords, lessors, environmental consultants, environmental agencies, or suppliers of environmental services or goods; (g) counter-claims and defenses related to any contractual obligations; (h) any turnover actions arising under section 542 or 543 of the Bankruptcy Code; and (i) for unfair competition, interference with contract or potential business advantage, breach of contract, infringement of intellectual property, or any business tort claims.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

7.      AppLabs is listed on page 87 of Exhibit E(ii) and the nature of claims is described as "Claims, Defenses, Cross-Claims and Counter-Claims Related to Litigation and Possible Litigation."

8.      On information and belief, the Debtors will file a supplement to the Plan (the "Plan Supplement") similar to the Original Plan Supplement. The deadline to file objections to the Plan is the same day as the Debtors are to file the Plan Supplement, so AppLabs cannot wait to review the Plan Supplement before filing this Limited Objection.

9.      Article VIII.A of the Plan provides, in part, ". . . . except as otherwise specifically provided in the Plan or in any contract, instrument, or other agreement or document created pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims . . . ., Interests, and Causes of Action of any nature whatsoever . . . . whether known or unknown against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date . . . ." (the "Discharge Provisions").

10.      Article VIII.F of the Plan provides, in part, ". . . . except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities that have held, hold, or may hold claims or interests that have been released pursuant to Article VIII.C or Article VIII.D of the Plan, shall be discharged pursuant to Article VIII.A of the Plan, or are subject to exculpation pursuant to Article VIII.E of the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, or the Released

Parties: . . . . (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such Entity has timely asserted such setoff right in a document Filed with the Bankruptcy Court explicitly preserving such setoff, and notwithstanding an indication of a claim or interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise . . . ." (the "Injunction Provisions").

11.     AppLabs objects to the Plan for the limited purpose of preserving its setoff and recoupment rights, if any, of the AppLabs Claim against Claims and Causes of Actions any Entity may have against AppLabs preserved by the Debtors in Exhibit E(ii), notwithstanding the Discharge Provisions or the Injunction Provisions of the Plan or the entry of the Confirmation Order.

12.     AppLabs only files this Limited Objection as a protective measure due to the Debtors' expected filing of the Plan Supplement, Exhibit E.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, AppLabs requests that the Court enter an Order:

(a) Preserving AppLabs's rights of setoff and recoupment rights, if any, of the AppLabs Claim against Claims and Causes of Actions any Entity may have against AppLabs preserved by the Debtors in Exhibit E(ii), notwithstanding the Discharge Provisions or the Injunction Provisions of the Plan or the entry of the Confirmation Order; and

(b) Granting such other relief as is just and proper.

Dated: August 2, 2016
      Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

    */s/ William E. Chipman, Jr.*
William E. Chipman, Jr. (No. 3818)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:  (302) 295-0191
Facsimile:  (302) 295-0199
Email:  chipman@chipmanbrown.com

-and-

Mary Kay Shaver, Esquire
Varnum LLP
Bridgewater Place
P.O. Box 352
Grand Rapids, MI 49501-0352
Telephone: (616) 336-6755
Facsimile: (616) 336-7000
E-Mail:  mkshaver@varnumlaw.com

*Attorneys for AppLabs Technolologies Pvt Ltd.*