## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Hearing Date: To Be Determined** |
| | ) | **Objection Deadline: August 22, 2016 at 4:00 p.m.** |
| | ) | |

**MOTION OF THE EFH/EFIH DEBTORS FOR ENTRY OF AN ORDER
(A) SCHEDULING CERTAIN HEARING DATES AND DEADLINES
AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH
CONFIRMATION OF THE DEBTORS' JOINT PLAN OF REORGANIZATION
AS IT RELATES TO THE EFH/EFIH DEBTORS, (B) APPROVING
THE EFH/EFIH DISCLOSURE STATEMENT, (C) ESTABLISHING
THE EFH/EFIH VOTING RECORD DATE, EFH/EFIH VOTING DEADLINE,
AND OTHER DATES, (D) APPROVING PROCEDURES FOR SOLICITING,
RECEIVING, AND TABULATING VOTES ON THE PLAN, AND (E) APPROVING
THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS**

Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) scheduling certain dates and deadlines and establishing certain

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

protocols in connection with the confirmation of the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended or supplemented from time to time, the "Plan") as it relates to the EFH/EFIH Debtors; (b) approving the *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors* (as modified, amended or supplemented from time to time, the "EFH/EFIH Disclosure Statement"); (c) establishing the voting record date, voting deadline, and other related dates for the Plan as it relates to the EFH/EFIH Debtors; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan as it relates to the EFH/EFIH Debtors; and (e) approving the manner and forms of notice and other related documents as they relate to the EFH/EFIH Debtors.[3]  In support of this Motion, the EFH/EFIH Debtors respectfully state as follows.

## **Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to entry of a final order in connection with this

---

[3]     Capitalized terms used but not otherwise defined in this Motion shall have the meaning ascribed to them in the Plan or EFH/EFIH Disclosure Statement, as appropriate.  To the extent used herein, "T-Side" shall refer to the TCEH Debtors and EFH Shared Services Debtors, and "E-Side" shall refer to the EFH Debtors and EFIH Debtors (each as defined in the EFH/EFIH Disclosure Statement).

Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), 502, 1123(a), 1124, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 3003, 3016, 3017, 3018, 3020, and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rules 2002-1, 3003-1, and 3017-1.

### Relief Requested

4.      By this Motion, the EFH/EFIH Debtors request entry of the Order granting the following relief with respect to the Plan and EFH/EFIH Disclosure Statement and such other relief as is just and proper:

- scheduling dates and deadlines in connection with the approval of the EFH/EFIH Disclosure Statement (the "EFH/EFIH Disclosure Statement Proceedings") and the confirmation of the Plan as it relates to the EFH/EFIH Debtors (the "EFH/EFIH Confirmation Proceedings" and, together with the EFH/EFIH Disclosure Statement Proceedings, the "EFH/EFIH Proceedings") and establishing certain protocols in connection with the EFH/EFIH Proceedings (the "Protocols"), including the protective order attached hereto as **Exhibit 1** and the production format protocol attached hereto as **Exhibit 2**;[4]

- approving the adequacy of the EFH/EFIH Disclosure Statement as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code;

- approving the EFH/EFIH Disclosure Statement Hearing Notice (defined herein), substantially in the form attached as **Exhibit 3** to the Order;

- approving the timeline for soliciting votes and voting on the Plan, including:

---

[4]  For the avoidance of doubt, the Court will have the ability to adjust the schedule of the Proceedings if necessary.

- o the EFH/EFIH Voting Record Date (defined herein) as **September 1, 2016**;

- o the EFH/EFIH Solicitation Deadline (defined herein) as ten days after the Debtors file the final version of the EFH/EFIH Disclosure Statement with the Court, or as soon as reasonably practicable thereafter;

- o the EFH/EFIH Voting Deadline (defined herein) among other things as **4:00 p.m. (prevailing Eastern Time) on November 21, 2016, the date that is fourteen days before the date of the EFH/EFIH Confirmation Hearing**; and

- approving the materials to be included in the EFH/EFIH Solicitation Packages, including the following:

  - o the forms of the Ballots (defined herein), substantially in the forms attached as **Exhibits 4-A - 4-E** to the Order;

  - o the Cover Letter (defined herein), substantially in the form attached as **Exhibit 5** to the Order; and

  - o the EFH/EFIH Confirmation Hearing Notice (defined herein), substantially in the form attached as **Exhibit 6** to the Order;

  - o approving the Non-Voting Status Notices (defined herein), substantially in the forms attached as **Exhibit 8** and **Exhibit 9** to the Order;

  - o approving the EFH/EFIH Solicitation Procedures (defined herein), substantially in the form attached as **Exhibit 10** to the Order; and

- approving the Plan Supplement Notice (defined herein), substantially in the form attached as **Exhibit 7** to the Order; and

- approving the form of notice to counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan, substantially in the forms attached as **Exhibit 11** and **Exhibit 12**.

### **Background**

5.    On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a

trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570].  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98] and the EFH/EFIH Disclosure Statement.

6.    On December 9, 2015, the Court entered an order confirming the *Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp.*, et al., *Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 7235] (the "Original Plan").  Certain events occurred on April 30, 2016, however, that rendered the Original Plan null and void. Consequently, on May 1, 2016, the Debtors filed the Plan.

**A.    Original Scheduling Order.**

7.    The Plan filed on May 1, 2016 reflected the Alternative Restructuring provisions set forth and agreed upon in the Original Plan Support Agreement.  As a result of these provisions (which remained binding on the applicable T-Side creditors, notwithstanding the termination of the Original Plan), the Plan as to the T-Side was largely developed.  On the E-Side, however, the Debtors had not identified a restructuring path forward (whether in the form of a standalone transaction or an investment transaction) as of May 1, 2016. As a result, the Debtors and a number of their key stakeholders began

RLF1 14976142v.1

coalescing around a confirmation construct that contemplated separate emergence timelines for the T-Side as compared to the E-Side.  In connection with these discussions, the Debtors proposed a bifurcated timeline that proposed one set of key dates, deadlines, and milestones for the TCEH Debtors' path to emergence and another set of key dates, deadlines, and milestones for the EFH/EFIH Debtors' path to emergence.

8.      On May 24, 2016, the Bankruptcy Court entered the *Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection With the Confirmation of the Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement* [D.I. 8514] (the "Original Scheduling Order"), which approved such a bifurcated timeline.

9.      On June 17, 2016, and consistent with the Original Scheduling Order, the Court entered an order approving the *Third Amended Disclosure Statement for the Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 8761].  The hearing to consider confirmation of the Plan as it relates to the TCEH Debtors and EFH Shared Services Debtors is scheduled to begin on August 17, 2016.

**B.      Negotiations for EFH/EFIH Debtors' Economic Interest in Oncor.**

10.      With respect to the EFH/EFIH Debtors, the Original Scheduling Order required the Debtors to file an amended plan by July 8, 2016.    As that date neared, the Debtors remained in discussions with multiple interested parties regarding a potential transaction involving their indirect economic interest in Oncor Electric Delivery Company, LLC ("Oncor").   To facilitate those discussions, the Debtors filed a supplement to the Original Scheduling Order requesting a suspension of the dates and deadlines set forth in

6

paragraph 8(f)-(hh) of the Original Scheduling Order (*i.e.*, the dates and deadlines relating to approval of a disclosure statement and confirmation of the Plan with respect to the EFH/EFIH Debtors) (the "First Scheduling Supplement") [D.I. 8882].  On July 11, 2016, the Court entered an order approving the First Scheduling Supplement [D.I. 8883].[5]

### C.    The NextEra Merger Agreement and Plan Support Agreement.

11.    Ultimately, after three months of intensive multiparty negotiations, the EFH/EFIH Debtors executed a merger agreement (the "Merger Agreement") and plan support agreement (as defined in the EFH/EFIH Disclosure Statement, the "Plan Support Agreement" and the parties thereto, the "PSA Parties") with NextEra Energy, Inc. on July 29, 2016.

12.    On August 3, 2016, the EFH/EFIH Debtors filed the *Motion of the EFH/EFIH Debtors for Order (A) Authorizing Entry into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry Into and Performance Under Plan Support Agreement* [D.I. 9190] (the "NextEra Approval Motion"), which seeks an order (the "NextEra Approval Order") authorizing the EFH/EFIH Debtors to enter into the Merger Agreement, pay the Termination Fee (as defined in the Merger Agreement), and enter into and perform under the Plan Support Agreement.

13.    Contemporaneously herewith, the EFH/EFIH Debtors filed an amended version of the Plan that incorporates the transactions contemplated by the Merger Agreement and the Plan Support Agreement.  The Plan Support Agreement sets forth certain deadlines intended to facilitate the expeditious implementation of the Plan and Merger Agreement.

---

[5]    Following a July 20, 2016, pretrial conference, the TCEH Debtors filed a second supplement to the Original Scheduling Order under certificate of counsel (the "Second Scheduling Supplement") [D.I. 8968].  The Court entered an order approving the Second Scheduling Supplement on July 21, 2016 [D.I. 8972].  The Second Scheduling Supplement extended three T-Side related dates, including the TCEH Plan Objection Deadline.

These milestones provide that certain of the PSA Parties may terminate the Plan Support Agreement, subject to certain notice requirements or other conditions, in the event that:

- the NextEra Approval Order has not been entered or approved by oral indication of the Court by September 20, 2016;

- the EFH/EFIH Disclosure Statement Order has not been entered or approved by oral indication of the Court by September 20, 2016;

- the Court has not entered an order confirming the Plan as to the EFH/EFIH Debtors or approved it by oral indication by December 15, 2016; or

- the Plan has not become effective as to the EFH/EFIH Debtors by March 29, 2017, subject to a 90-day extension for certain required regulatory and tax approvals.

**D.    Proposed Schedule for the EFH/EFIH Debtors.**

14.    In light of the milestones negotiated in the Plan Support Agreement, the EFH/EFIH Debtors have drafted a set of dates and deadlines relating to approval of a disclosure statement and confirmation of the Plan with respect to the EFH/EFIH Debtors.

15.    The Debtors understand that the Court wishes to hold a scheduling conference on August 16, 2016, at 9:30 a.m., prevailing Eastern Time—immediately before the 10 a.m. regularly-scheduled omnibus hearing—to discuss the proposed dates.

16.    **Fact Discovery**:

a.    **Friday, August 19, 2016, at 4:00 p.m. (prevailing Eastern Time)**, shall be the deadline for Participating Parties to serve supplemental written discovery requests relating to material changes in the Plan (the "Supplemental Requests"), in accordance with the procedures below.  **Friday, August 26, 2016**, shall be the deadline for the Participating Parties to serve responses and objections to the Supplemental Requests.

b.    **Thursday, September 8, 2016**, shall be the deadline for Participating Parties to serve supplemental notices of deposition related to the EFH/EFIH Debtors.  Deposition notices must be served no later than seven days prior to the deposition date, and any objections thereto must be served no later than five days before the deposition date; *provided,*

*however*, that the objection deadline will be no earlier than three days after the date the deposition notices are served.

   c. **Thursday, October 13, 2016**, shall be the date on which all fact discovery related to the EFH/EFIH Debtors shall be complete.  Reasonable requests for follow up documents or limited fact depositions based on new information discovered after this date will not be unreasonably withheld.

   d. **Tuesday, October 18, 2016**, shall be the date on which Participating Parties shall have provided logs of all documents responsive to the Supplemental Requests that were withheld on the basis of any claim of privilege.

   e. **Friday, October 21, 2016**, shall be the deadline by which Participating Parties must file any motions to compel discovery responses and document production.

17. **EFH/EFIH Disclosure Statement Proceedings**:

   a. **Tuesday, September 6, 2016, at 4:00 p.m. (prevailing Eastern Time)**, at shall be the deadline by which any party, including the Participating Parties, must file any objections to the EFH/EFIH Disclosure Statement with regard to aspects of the EFH/EFIH Disclosure Statement relating to the EFH/EFIH Debtors.

   b. **Thursday, September 8, 2016**, shall be the date by which counsel to parties who filed timely objections to the EFH/EFIH Disclosure Statement with regard to aspects of the EFH/EFIH Disclosure Statement relating to the EFH/EFIH Debtors and counsel to the Debtors must meet and confer with a view toward narrowing and resolving their disputes regarding the adequacy of the EFH/EFIH Disclosure Statement (the "EFH/EFIH DS Meet and Confer").  The EFH/EFIH DS Meet and Confer may be held either in person or by telephone.  Any party whose attorney fails to timely participate in the EFH/EFIH DS Meet and Confer will be deemed to have waived its objections to the EFH/EFIH Disclosure Statement.

   c. **Friday, September 9, 2016**, shall be the deadline by which the Debtors must file their reply to all timely objections to the EFH/EFIH Disclosure Statement with regard to aspects of the EFH/EFIH Disclosure Statement relating to the EFH/EFIH Debtors.

   d. **Monday, September 12, 2016**, shall be the date on which the Debtors must file a statement identifying the objections to the EFH/EFIH Disclosure Statement that remain unresolved after the EFH/EFIH DS Meet and Confer.  The Debtors shall contemporaneously file an amended version of the EFH/EFIH Disclosure Statement reflecting all proposed

changes to the extent not filed with the reply on Friday, September 9, 2016.

e. **Tuesday, September 13, 2016**, shall be the date of the start of the EFH/EFIH Disclosure Statement Hearing, *provided*, *however*, the EFH/EFIH Disclosure Statement Hearing may be continued from time to time by the Court or for good cause shown.

f. **Friday, September 16, 2016**, shall be the date by which the Debtors must file the final EFH/EFIH Disclosure Statement, with regard to aspects of the EFH/EFIH Disclosure Statement relating to the EFH/EFIH Debtors, as approved by the Court.

18. **Expert Discovery**:

a. **Friday, October 14, 2016**, shall be the date by which the Participating Parties shall engage in the simultaneous exchange of reports prepared by the initial expert witnesses. These reports must satisfy the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. The Debtors will also update any of their valuation and liquidation analyses relating to the EFH/EFIH Debtors concurrently with the exchange of reports prepared by their initial expert witnesses.

b. **Wednesday, November 2, 2016**, shall be the date by which the Participating Parties shall engage in the simultaneous exchange of disclosures prepared by the rebuttal expert witnesses. These disclosures must satisfy the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

c. **Friday, November 11, 2016**, shall be the date on which all expert discovery relating to the EFH/EFIH Debtors shall be complete. Deposition notices must be served no later than five days prior to the deposition date, and any objections thereto must be served no later than three days before the deposition date; provided, however, that the objection deadline will be no earlier than three days after the date the deposition notices are served.

19. **EFH/EFIH Confirmation Proceedings**:

a. **Friday, October 14, 2016**, shall be the deadline by which Participating Parties must serve a <u>preliminary</u> list of witnesses and exhibits they intend to offer at the EFH/EFIH Confirmation Hearing. Witness lists shall identify all witnesses that each party will call or may call at each phase of the EFH/EFIH Confirmation Hearing and shall provide a brief summary of each witness's anticipated testimony.

b. **Monday, October 31, 2016**, shall be the date on which counsel to the Participating Parties shall meet and confer regarding the initial pretrial conference, including as to the duration of the trial.

c. **Thursday, November 3, 2016**, shall be the date of an initial pretrial conference.  The number of trial days and the Court's post-trial procedures shall be determined at the initial pretrial conference.

d. **Monday, November 7, 2016**, shall be the deadline by which any party, including the Participating Parties, must file any objections to the Plan with regard to aspects of the Plan relating to the EFH/EFIH Debtors.

e. **Thursday, November 10, 2016**, shall be the deadline by which Participating Parties must serve a <u>final</u> list of witnesses and exhibits they intend to offer at the EFH/EFIH Confirmation Hearing.  Witness lists shall identify all witnesses that each Participating Party will call or may call at the EFH/EFIH Confirmation Hearing and shall provide a brief summary of each witness's anticipated testimony.

f. **Thursday, November 10, 2016**, shall be the deadline by which any Participating Parties objecting to a deposition designation of a deposition transcript must serve their objection and by which any Participating Parties seeking to admit a deposition transcript excerpt as counter-evidence at the EFH/EFIH Confirmation Hearing must serve notice identifying the specific excerpts to be offered.

g. **Thursday, November 10, 2016**, shall be the deadline by which Participating Parties must file motions in limine and by which Participating Parties must submit a proposed joint pretrial order per Local Bankruptcy Rule 7016-2(d).

h. **Thursday, November 10, 2016**, shall be the date by which the Participating Parties must meet and confer with a view toward narrowing and resolving their evidentiary disputes (the "<u>EFH/EFIH Plan Meet and Confer</u>").  The EFH/EFIH Plan Meet and Confer may be held either in person or by telephone.

i. **Friday, November 11, 2016**, shall be the deadline by which Participating Parties must serve objections to final witness and exhibit lists and objections to deposition counter-designations.

j. **Monday, November 14, 2016**, shall be the deadline by which the Participating Parties must file oppositions to any motions in limine.

k. **Wednesday, November 30, 2016**, shall be the deadline by which the Debtors must file their reply to all timely objections to the Plan regarding aspects of the Plan relating to the EFH/EFIH Debtors.

11

l.  **Friday, December 2, 2016**, shall be the date of the final pretrial conference.

m.  **Monday, December 5, 2016**, shall be the date of the start of the EFH/EFIH Confirmation Hearing.  The EFH/EFIH Confirmation Hearing will continue from day to day, as the Court's schedule permits, until completed; *provided*, *however*, the EFH/EFIH Confirmation Hearing may be continued from time to time by the Court or for good cause shown.

Trial time will be divided equally between Plan supporters and Plan objectors, to be monitored by a chess clock.  The Court will consider the submission of written directs upon request by the parties, which submissions shall not count against the submitting party's available trial time.

**E.    The Plan as it Relates to the EFH/EFIH Debtors.**

20.    The Plan and the EFH/EFIH Disclosure Statement describe in detail the transactions contemplated by the Plan and the recoveries provided for Holders of Claims and Interests against the EFH/EFIH Debtors.  The following chart summarizes the Classes of Claims and Interests against the EFH/EFIH Debtors:

| Class | Claims and Interests | Status | Voting Rights |
|---|---|---|---|
| **SUMMARY OF STATUS AND VOTING RIGHTS** | | | |
| Class A1 | Other Secured Claims Against the EFH Debtors | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class A2 | Other Priority Claims Against the EFH Debtors | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class A3 | Legacy General Unsecured Claims Against the EFH Debtors | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class A4 | EFH Legacy Note Claims | Impaired | Entitled to Vote |
| Class A5 | EFH Unexchanged Note Claims | Impaired | Entitled to Vote |
| Class A6 | EFH LBO Note Primary Claims | Impaired | Entitled to Vote |
| Class A7 | EFH Swap Claims | Impaired | Entitled to Vote |
| Class A8 | EFH Non-Qualified Benefit Claims | Impaired | Entitled to Vote |
| Class A9 | General Unsecured Claims Against EFH Corp. | Impaired | Entitled to Vote |
| Class A10 | General Unsecured Claims Against the EFH Debtors Other Than EFH Corp. | Impaired | Entitled to Vote |

| SUMMARY OF STATUS AND VOTING RIGHTS | | | |
|---|---|---|---|
| **Class** | **Claims and Interests** | **Status** | **Voting Rights** |
| Class A11 | Tex-La Guaranty Claims | Impaired | Entitled to Vote |
| Class A12 | TCEH Settlement Claim | Impaired | Entitled to Vote |
| Class A13 | EFH Debtor Intercompany Claims | Unimpaired/ Impaired | Not Entitled to Vote (Deemed to Accept or Reject) |
| Class A14 | Non-EFH Debtor Intercompany Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class A15 | Interests in EFH Debtors Other Than EFH Corp. | Unimpaired/ Impaired | Not Entitled to Vote (Deemed to Accept or Reject) |
| Class A16 | Interests in EFH Corp. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class B1 | Other Secured Claims Against the EFIH Debtors | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class B2 | Other Priority Claims Against the EFIH Debtors | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class B3 | EFIH First Lien Note Claims | Impaired | Entitled to Vote |
| Class B4 | EFIH Second Lien Note Claims | Impaired | Entitled to Vote |
| Class B5 | EFIH LBO Note Guaranty Claims | Impaired | Entitled to Vote |
| Class B6 | General Unsecured Claims Against the EFIH Debtors | Impaired | Entitled to Vote |
| Class B7 | EFIH Debtor Intercompany Claims | Unimpaired/ Impaired | Not Entitled to Vote (Deemed to Accept or Reject) |
| Class B8 | Non-EFH Debtor Intercompany Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class B9 | Interest in EFIH | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class B10 | Interests in EFIH Finance | Impaired | Not Entitled to Vote (Deemed to Reject) |

21.    The EFH/EFIH Debtors are proposing to solicit votes to accept or reject the Plan from Holders of Claims and Interests in Classes A4, A5, A6, A7, A8, A9, A10, A11, A12, B3, B4, B5, and B6 (collectively, the "EFH/EFIH Voting Classes").  The EFH/EFIH Debtors are not proposing to solicit votes from Holders of Claims and Interests in Classes A1, A2, A3, A13, A14, A15, A16, B1, B2, B7, B8, B9, and B10 (collectively, the "EFH/EFIH Non-Voting Classes").

**<u>Basis for Relief</u>**

**I.     Approval of the Proposed Schedule and Discovery Protocol.**

    **A.     The Proposed Schedule Provides Ample Time for Discovery.**

22.     Local Bankruptcy Rule 3017-1 requires a plan proponent to obtain from the Court hearing and objection dates for the approval of the EFH/EFIH Disclosure Statement and to provide notice of those dates to parties in interest in accordance with Bankruptcy Rules 3017 and 2002.  Bankr. D. Del. R. 3017-1(a).  In addition, Bankruptcy Rules 3017(c) and 3020(b)(1) provide for the Court to fix a time for the hearing on the confirmation of a plan of reorganization and the time by which objections to that plan are to be filed.  Fed. R. Bankr. P. 3017(c); Fed. R. Bankr. P. 3020(b)(1).  The EFH/EFIH Debtors' proposed schedule not only satisfies those requirements, it provides a comprehensive structure for pre-hearing events that is designed to support an EFH/EFIH Confirmation Hearing beginning in late 2016.  For example:

- The Bankruptcy Rules and Local Bankruptcy Rules require the deadline for parties to object to the EFH/EFIH Disclosure Statement to be set at least 28 days after the EFH/EFIH Disclosure Statement is served.  Fed. R. Bankr. P. 2002(b); Fed. R. Bankr. P. 3017(a); Bankr. D. Del. R. 3017-1(a).  The proposed schedule sets the objection deadline for 28 days after the EFH/EFIH Debtors estimate service of the notice of filing the EFH/EFIH Disclosure Statement to be completed;

- The Local Bankruptcy Rules require the hearing regarding approval of the EFH/EFIH Disclosure Statement to take place at least 35 days after the EFH/EFIH Disclosure Statement is served.  Bankr. D. Del. R. 3017-1(a).[6] The proposed schedule sets EFH/EFIH Disclosure Statement Hearing for no earlier than 35 days after the EFH/EFIH Debtors estimate service of notice of filing the EFH/EFIH Disclosure Statement to be completed;[7]

---

[6]  This Local Bankruptcy Rule extends the notice period required by the Bankruptcy Rules.  *See* Fed. R. Bankr. P. 2002(b) (requiring at least 28 days' notice for the Disclosure Statement hearing); Fed. R. Bankr. P. 3017(a) (same).

[7]  The Debtors estimate service of the notice of filing the EFH/EFIH Disclosure Statement will be completed by August 9, 2016.  The proposed schedule sets the EFH/EFIH Disclosure Statement objection deadline for

RLF1 14976142v.1

- The Bankruptcy Rules require the deadline for parties to object to the Plan to be set at least 28 days after the Plan is served. Fed. R. Bankr. P. 2002(b); Fed. R. Bankr. P. 3017(a). The proposed schedule sets the objection deadline for at least 35 days after the EFH/EFIH Debtors estimate service of the Plan; and

- The Bankruptcy Rules require the hearing regarding confirmation of the Plan to take place at least 28 days after the Plan is served. *Id.* The proposed schedule sets the beginning of the EFH/EFIH Confirmation Hearing for December 5, 2016.

23. The proposed schedule is not only consistent with the Bankruptcy Rules and Local Bankruptcy Rules, it is similar to the one previously approved by the Court and successfully executed by the parties in 2015.[8]

24. The proposed Order provides ample opportunity for all stakeholders to take discovery, especially in light of the extensive discovery already taken this summer. Further, the issues have narrowed considerably since the Court entered the first scheduling order on May 24, 2016. At that time, the objectors focused on the ambiguity of the Plan as it related to the EFH/EFIH Debtors because the Plan provided for three possible alternatives. As the Plan has become more definitive, the scope of required discovery has narrowed.

**B.      A Scheduling Order Limiting Discovery is Necessary and Appropriate.**

25. Rule 16(b) of the Federal Rules of Civil Procedure (the "Rules") requires entry of a scheduling order. Rule 16 applies to adversary proceedings in bankruptcy cases. Fed. R. Bankr. P. 7016. Although confirmation of the Plan is not an adversary proceeding, many of the principles underlying Rule 16 are equally applicable to contested confirmation proceedings. Specifically, the "rule's purpose is to provide for the judicial control over a case, streamline proceedings, maximize the efficiency of the court system, and actively

---

September 6, 2016, and the start of the EFH/EFIH Disclosure Statement Hearing for no earlier than September 13, 2016.

[8]  *See* D.I. 5771.

manage the timetable of case preparation to expedite the speedy and efficient disposition of cases." That purpose is as relevant here as it is in any adversary proceeding.

26.    Rule 16(b)(3) provides that a "scheduling order ***must*** limit the time to . . . complete discovery." Fed. R. Civ. P. 16(b)(3)(A) (emphasis added). As the Manual for Complex Litigation ("<u>MCL</u>")—a useful resource in cases like these—provides, "[t]he discovery plan should include a schedule for the completion of specified discovery, affording a basis for judicial monitoring of progress. . . . Time limits impose valuable discipline on attorneys, forcing them to be selective and helping to move the case expeditiously." MCL (Fourth) § 11.422 (2004).

27.    In addition to time limits, other examples of discovery limits include "limits on quantity," such as "limits on the number and length of depositions, on the number of interrogatories, and on the volume of requests for production." MCL § 11.422. The Debtors' Protocols put this advice into practice by instituting limits on the number and length of depositions and by eliminating interrogatories altogether.

28.    Among the "Other Practices to Save Time and Expense" propounded by the MCL are "[j]oint discovery requests and responses." MCL § 11.423. "In multiparty cases with no designated lead counsel, judges sometimes require parties with similar positions to submit a combined set of [discovery requests]." *Id.* Accordingly, the Debtors' Protocols require coordination of discovery requests, with the Creditors' Committees acting as facilitators and intermediaries between the EFH/EFIH Debtors and most other parties participating in Plan discovery.

29.    These limitations are especially appropriate in light of the fact that the scope of discovery needed leading up to the EFH/EFIH Confirmation Hearing has been

substantially narrowed.  The EFH/EFIH Debtors already produced nearly 17,000 documents containing over 117,007 pages this summer, and the parties have conducted dozens of depositions, and served hundreds of written discovery requests.

30.     In short, the EFH/EFIH Debtors' proposed schedule has all the salutary characteristics outlined in Rule 16 and the MCL, while appropriately acknowledging the tremendous amount of discovery and depositions provided and conducted to date. Ultimately, the EFH/EFIH Debtors believe that the proposed schedule will facilitate the EFH/EFIH Debtors' expeditious emergence from bankruptcy while affording all relevant stakeholders sufficient opportunity to investigate and be heard on matters truly at issue at the EFH/EFIH Confirmation Hearing.

## II.     Approval of the EFH/EFIH Disclosure Statement.

### A.     The EFH/EFIH Disclosure Statement Contains Adequate Information.

31.     Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired claims and interests entitled to vote on the plan.  11 U.S.C. § 1125.  Specifically, section 1125 of the Bankruptcy Code states, in relevant part, as follows:

> (a)(1) "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

32.     The primary purpose of a disclosure statement is to provide information material to creditors and interest holders determining whether to accept or reject a plan.  *See*

*Century Glove, Inc. v. First Am. Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988)

("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked

for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1985) ("The primary

purpose of a disclosure statement is to give the creditors the information they need to decide

whether to accept the plan."); *In re Phx. Petrol., Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa.

2001) ("[T]he general purpose of the disclosure statement is to provide 'adequate

information' to enable 'impaired' classes of creditors and interest holders to make an

informed judgment about the proposed plan and determine whether to vote in favor of or

against that plan."); *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987) ("The

primary purpose of a disclosure statement is to provide all material information which

creditors and equity security holders affected by the plan need in order to make an intelligent

decision whether to vote for or against the plan.").  Congress intended that such informed

judgments would be needed to both negotiate the terms of, and vote on, a plan of

reorganization.  *Century Glove, Inc.*, 860 F.2d at 100.

33.    "Adequate information" is a flexible standard, based on the facts and

circumstances of each case.  *See* 11 U.S.C. § 1125(a)(1) ("'adequate information means

information of a kind, and in sufficient detail, <u>as far as is reasonably practicable</u> in light of

the nature and history of the debtor and the condition of the debtor's books and records")

(emphasis supplied); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.3d

414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate

information will be determined by the facts and circumstances of each case."); *First Am.

Bank of New York v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that

adequacy of disclosure for a particular debtor will be determined based on how much

information is available from outside sources); S. Rep. No. 95-989, at 121 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5907 (indicating that "the information required will necessarily be governed by the circumstances of the case").

34.    The determination of whether the information provided by the plan proponent is adequate pursuant to section 1125 of the Bankruptcy Code resides within the broad discretion of the bankruptcy court.  *See, e.g.*, *Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (Bankr. D. N.J. 2005) (indicating the determination should be made on a case-by-case basis and according to the discretion of the bankruptcy court."); *In re Phx. Petrol., Co.*, 278 B.R. at 393 (suggesting the court has substantial discretion in making such a determination).

35.    Case law under section 1125 of the Bankruptcy Code has produced a list of topics that a court will look for in a proposed disclosure statement when evaluating the adequacy of the disclosures therein.  Such topics include:

    a.    the events precipitating the bankruptcy filing;

    b.    available assets;

    c.    the strategy and direction of the company;

    d.    the sources of the information contained in the disclosure statement;

    e.    the effects of the bankruptcy on the debtor's operations;

    f.    claims asserted against the debtor;

    g.    projected returns to creditors under a chapter 7 liquidation;

    h.    management of the debtor;

    i.    the chapter 11 plan;

    j.    factors informing creditors' decisions regarding acceptance or rejection of the chapter 11 plan;

> k.   risks posed to the creditors under the plan;
>
> l.   previous and potential recovery of preferential or otherwise voidable transfers;
>
> m.   litigation likely to arise in a nonbankruptcy context; and
>
> n.   tax attributes of the debtor.

*See In re U.S. Brass Corp.*, 194 B.R. 420, 424-25 (Bankr. E.D. Tex. 1996); *see also In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (listing the factors courts have considered in determining the adequacy of information provided in a disclosure statement); *In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same).

36.    Disclosure regarding all topics is not necessary in every case.  *See, e.g., In re U.S. Brass Corp.*, 194 B.R. at 424; *In re Phx. Petrol., Co.*, 278 B.R. at 393 ("[C]ertain categories of information which may be necessary in one case may be omitted in another; no one list of categories will apply in every case.").

37.    Here, the EFH/EFIH Disclosure Statement contains information useful for members of the EFH/EFIH Voting Classes to make an informed decision as to whether to accept or reject the Plan. Specifically, the EFH/EFIH Disclosure Statement includes the following sections:

- **Executive Summary**: A statement of the Debtors in support of the Plan, purpose and effect of the Plan and overview of the Classes of Claims and Interests and their respective treatment under the Plan.  *See* EFH/EFIH Disclosure Statement at Art. I;

- **EFH's Business Operations and Capital Structure**:  An overview of the Debtors' business operations, organizational structure, and capital structure. *See* EFH/EFIH Disclosure Statement at Art. II;

- **Events Leading to the Debtors' Financial Difficulties**: An overview of the Debtors' corporate history, response to market conditions, and out-of-court restructuring efforts in response to deteriorating economic conditions.  *See* EFH/EFIH Disclosure Statement at Art. III;

- **Material Events in the Chapter 11 Cases**: An overview of the significant events that have occurred within these Chapter 11 Cases. *See* EFH/EFIH Disclosure Statement at Art. IV;

- **Summary of the Plan**: Sources for consideration for the Plan distributions, the classification and treatment of Claims and Interests under the Plan, acceptance and rejection of the Plan, means for implementation of the Plan, treatment of Executory Contracts and Unexpired Leases under the Plan, settlement, release, injunction, and related provisions, and the binding nature of the Plan. *See* EFH/EFIH Disclosure Statement at Art. V;

- **Confirmation of the Plan**: Confirmation procedures and statutory requirements for confirmation and consummation of the Plan. *See* EFH/EFIH Disclosure Statement at Art. VI;

- **Voting Instructions**: A description of the EFH/EFIH Solicitation Procedures (defined herein) (attached as **Exhibit 10** to the Order). *See* EFH/EFIH Disclosure Statement at Art. VII;

- **Risk Factors**: Certain risks associated with the Debtors' businesses, as well as certain risks associated with forward-looking statements and an overall disclaimer as to the information provided by and set forth in the EFH/EFIH Disclosure Statement. *See* EFH/EFIH Disclosure Statement at Art. VIII;

- **Important Securities Law Disclosures**: A description of the applicability of section 1145 of the Bankruptcy Code. *See* EFH/EFIH Disclosure Statement at Art. IX;

- **Certain United States Federal Income Tax Consequences of the Plan**: A description of certain U.S. federal income tax law consequences of the Plan. *See* EFH/EFIH Disclosure Statement at Art. X; and

- **Recommendation of the Debtors**: A recommendation by the Debtors that Holders of Claims and Interests in the EFH/EFIH Voting Classes should vote to accept the Plan. *See* EFH/EFIH Disclosure Statement at Art. XI.

Based on the foregoing, the EFH/EFIH Debtors submit that the EFH/EFIH Disclosure Statement satisfies all requirements of section 1125 of the Bankruptcy Code and addresses the information set forth above in a manner that provides adequate information to Holders of Claims and Interests entitled to vote to accept or reject the Plan.

**B.** **The EFH/EFIH Disclosure Statement Provides Sufficient Notice of Injunction, Exculpation, and Release Provisions in the Plan.**

38.     Bankruptcy Rule 3016(c) requires that, if a plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code, the plan and disclosure statement must describe, in specific and conspicuous language, the acts to be enjoined, and the entities subject to the injunction.  Fed. R. Bankr. P. 3016(c).

39.     Article VIII of the Plan describes in detail the entities subject to an injunction under the Plan and the acts that they are enjoined from pursuing.  Further, the language in Article VIII of the Plan appears in bold, making it conspicuous to anyone who reads it.  *See* Fed. R. Bankr. P. 3016(c) ("If a plan provides for an injunction . . . the plan and disclosure statement shall describe in specific and conspicuous language (bold, italics, or underline text) all acts to be enjoined and identify the entities that would be subject to the injunction.").  As provided in the Plan and the relevant Ballots, the Holders of Claims or Interests in the EFH/EFIH Voting Classes have the option to opt-out of the Releases of Holders of Claims and Interests specified in Article VIII.D of the Plan (the "Releases").[9]  Accordingly, the EFH/EFIH Debtors respectfully submit that the EFH/EFIH Disclosure Statement complies with Bankruptcy Rule 3016(c) by conspicuously describing the conduct and parties enjoined by the Plan.

### III.    Approval of the EFH/EFIH Disclosure Statement Hearing Notice.

40.     Bankruptcy Rule 3017(a) requires that notice of the hearing to consider the proposed disclosure statement be provided to creditors and other parties in interest.  *See* Fed. R. Bankr. P. 3017(a) (providing that after a disclosure statement is filed, it must be mailed with the notice of the hearing to consider the disclosure statement and any objections or modifications thereto on no less than 28 days' notice thereof); *see also* Fed. R. Bankr. P. 2002(b) (requiring not

---

[9]    Members of Non-Voting Classes who are deemed to accept the Plan are considered "Releasing Parties," who are, therefore, subject to the Releases in Article VIII.D.  Members of Non-Voting Classes who are deemed to reject the Plan are not considered Releasing Parties, and therefore, are not subject to the Releases in Article VIII.D to the extent consent is required.

less than 28 days' notice by mail of the time for filing objections and the hearing to consider the approval of a disclosure statement).  Additionally, Local Bankruptcy Rule 3017-1(a) provides that, upon the filing of a disclosure statement, the proponent of the plan shall obtain hearing and objection dates from the Court and shall provide notice of those dates in accordance with Bankruptcy Rule 3017.  *See* Del. Bankr. L.R. 3017-1(a) (requiring a hearing date "at least thirty-five (35) days following . . . and the objection deadline . . . at least twenty-eight (28) days from service of the disclosure statement").

41.    Consistent with the date of the EFH/EFIH Disclosure Statement Hearing established pursuant to the Scheduling Order, the EFH/EFIH Debtors will serve all known creditors with a copy of a notice in the form attached as **Exhibit 3** to the Order (the "EFH/EFIH Disclosure Statement Hearing Notice").  The EFH/EFIH Disclosure Statement Hearing Notice identifies the following:  (a) the date, time, and place of the hearing to consider the EFH/EFIH Disclosure Statement; (b) the manner in which a copy of the EFH/EFIH Disclosure Statement (and exhibits thereto, including the Plan) can be obtained; and (c) the deadline and procedures for filing objections to the approval of the EFH/EFIH Disclosure Statement.  Additionally, the EFH/EFIH Debtors will distribute copies of the EFH/EFIH Disclosure Statement, including exhibits, in CD-ROM format to parties on the list of all parties required to be notified under Rule 2002 of the Bankruptcy Rules and Rule 2002-1 of the Local Bankruptcy Rules (the "2002 List").

**IV.    Approval of the Materials and Timeline for Soliciting Votes on the Plan.**

**A.    Approval of the EFH/EFIH Voting Record Date, EFH/EFIH Solicitation Deadline, and EFH/EFIH Voting Deadline.**

42.    Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stocks, bonds, debentures, notes, and other securities of record on the date the order

approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."  Fed. R. Bankr. P. 3017(d).  Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.  Fed. R. Bankr. P. 3018(a).  Additionally, Local Bankruptcy Rule 3017-1(b) provides that "[t]he plan proponent shall timely file a motion to be heard at a disclosure statement hearing for approval of the voting procedures, including the form of ballots, the voting agent and the manner and time of voting." Del. Bankr. L.R. 3017-1(b).  Similarly, Bankruptcy Rule 3017(c) provides that before approving the disclosure statement, the Court must fix a time within which the holders of claims and interests may accept or reject a plan and may fix a date for the hearing on confirmation of a plan. *See* Fed. R. Bankr. P. 3017(c).

43.    The EFH/EFIH Debtors request that the Court exercise its authority under Bankruptcy Rules 3017(d) and 3018(a) and Local Bankruptcy Rule 3017-1(c) to establish September 1, 2016, as the date for determining:  (a) the Holders of Claims and Interests entitled to receive EFH/EFIH Solicitation Packages; (b) the Holders of Claims and Interests entitled to vote to accept or reject the Plan; and (c) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of such Claim (the "EFH/EFIH Voting Record Date").

44.    Moreover, the EFH/EFIH Debtors propose that, with respect to any transferred Claim, the transferee shall be entitled to receive an EFH/EFIH Solicitation Package and, if the holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot (as defined herein) on account of such Claim *only if*:  (a) all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) and Local Rule 3001-1 have been completed by the EFH/EFIH Voting Record Date or (b) the transferee files by the EFH/EFIH Voting Record Date

(i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.  If a Claim is transferred after the EFH/EFIH Voting Record Date, the transferee of such Claim shall be bound by any vote (and the consequences thereof) on the Plan, made by the holder of such Claim as of the EFH/EFIH Voting Record Date.

45.    Upon Court approval of the EFH/EFIH Disclosure Statement as containing adequate information as required under section 1125 of the Bankruptcy Code, the EFH/EFIH Debtors propose to mail or cause to be mailed the EFH/EFIH Solicitation Packages ten days after the EFH/EFIH Debtors file the final version of the EFH/EFIH Disclosure Statement with the Court, or as soon as reasonably practicable thereafter (the "EFH/EFIH Solicitation Deadline").

46.    The EFH/EFIH Debtors request that the Court require that all Holders of Claims and Interests entitled to vote on the Plan complete, execute, and return their customized ballots (the "Ballots" and each a "Ballot") so that their Ballots (or Master Ballots on their behalf) are **actually received** by the Solicitation Agent on or before November 21, 2016, at 4:00 p.m. (prevailing Eastern Time) (the "EFH/EFIH Voting Deadline").

47.    The foregoing timing and materials will afford Holders of Claims and Interests entitled to vote on the Plan at least twenty-eight days within which to review and analyze such materials and subsequently make an informed decision as to whether to vote to accept or reject the Plan before the EFH/EFIH Voting Deadline consistent with the requirements of the applicable Bankruptcy Rules.  *See* Fed. R. Bankr. P. 3017(d) (after approval of a disclosure statement, the debtor must transmit the plan, the approved disclosure statement, a notice of the time within which acceptances and rejections of such plan may be filed and any other information that the court may direct to certain holders of claims).  Accordingly, the EFH/EFIH

RLF1 14976142v.1

Debtors request that the Court approve the form of, and the EFH/EFIH Debtors' proposed procedures for distributing, the EFH/EFIH Solicitation Packages to the Holders of Claims and Interests in the EFH/EFIH Voting Classes.

**B.      Approval of the Form of Ballots.**

48.      In accordance with Bankruptcy Rule 3018(c), the EFH/EFIH Debtors have prepared and customized the Ballots.  Based on Official Form No. 14, the Ballots have been modified to (a) address the particular circumstances of the Chapter 11 Cases and (b) include certain additional information that is relevant and appropriate for Claims in certain of the EFH/EFIH Voting Classes.  The proposed Ballots for each EFH/EFIH Voting Class are attached as **Exhibits 4-A - 4-E** to the Order.

49.      The EFH/EFIH Debtors respectfully submit that the forms of the Ballots comply with Bankruptcy Rule 3018(c) and, therefore, should be approved.

**C.      Approval of the Form of EFH/EFIH Solicitation Packages and Manner of Their Distribution to Parties Entitled to Vote on the Plan.**

50.      Bankruptcy Rule 3017(d) specifies the materials to be distributed to holders of allowed claims and/or equity interests upon approval of a disclosure statement, including the court-approved plan and disclosure statement and notice of the time within which acceptances and rejections of the plan may be filed.  Fed. R. Bankr. P. 3017(d).

51.      In accordance with this requirement, the EFH/EFIH Debtors propose to send the solicitation materials and documents to be included in the solicitation packages listed below (each, a "EFH/EFIH Solicitation Package" and, collectively, the "EFH/EFIH Solicitation Packages") to provide Holders of Claims and Interests in the EFH/EFIH Voting Classes with the information they need to be able to make informed decisions with respect to acceptance or rejection of the Plan.

52.    Specifically, on or before the EFH/EFIH Solicitation Deadline, the EFH/EFIH

Debtors will cause the EFH/EFIH Solicitation Packages to be distributed by first-class U.S. mail

to those Holders of Claims and Interests in the EFH/EFIH Voting Classes.  Each EFH/EFIH

Solicitation Package will include the following materials:

- the relevant Ballot, substantially in the form attached as **Exhibits 4-A - 4-E** to the Order, as applicable, together with detailed voting instructions (as may be modified for particular Classes and with instructions attached thereto) and a pre-addressed, postage prepaid return envelope;

- the letter to be sent by the EFH/EFIH Debtors to Holders of Claims and Interests entitled to vote on the Plan explaining the solicitation process and urging such parties to vote in favor of the Plan (the "Cover Letter"), substantially in the form attached as **Exhibit 5** to the Order;

- the EFH/EFIH Disclosure Statement (and exhibits thereto, including the Plan);

- the Order;

- the EFH/EFIH Confirmation Hearing Notice (defined below), substantially in the form attached as **Exhibit 6** to the Order; and

- such other materials as the Court may direct.

53.    The EFH/EFIH Debtors request that they be authorized to distribute the Plan, the

EFH/EFIH Disclosure Statement, and the Order to Holders of Claims and Interests entitled to

vote on the Plan in CD-ROM format.  (The Ballots, the Cover Letter, and the EFH/EFIH

Confirmation Hearing Notice will <u>only</u> be provided in paper format.)  Distribution in this manner

will translate into significant monetary savings for the EFH/EFIH Debtors' estates (the Plan, the

EFH/EFIH Disclosure Statement, and the proposed Order, collectively, total over 300 pages) and

will reduce both postage costs and production time, as generating CD-ROMs can be

accomplished faster than printing documents.  Bankruptcy courts in this district have permitted

debtors to transmit solicitation documents in CD-ROM format in other large chapter 11 cases in

the interest of saving printing and mailing costs.  *See, e.g.*, *In re Energy Future Holdings Corp.*,

No. 14-10979 (Bankr. D. Del. Sept. 22, 2015) (authorizing the debtors to transmit solicitation documents in CD-ROM format); *In re Source Home Entm't, LLC*, No. 14-11553 (KG) (Bankr. D. Del. Jan. 12, 2015) (same); *In re FAH Liquidating Corp. f/k/a Fisker Automotive Holdings, Inc.*, No. 13-13087 (KG) (Bankr. D. Del. Dec. 10, 2013) (same); *In re Pipeline Data Inc.*, No. 12-13123 (KJC) (Bankr. D. Del. Aug. 8, 2013) (same); *In re Conexant Sys., Inc.*, No. 13-10367 (MFW) (Bankr. D. Del. Apr. 19, 2013) (same); *In re Neb. Book Co.*, No. 11-12005 (PJW) (Bankr. D. Del. Apr. 12, 2012) (same); *In re Appleseed's Intermediate Holdings, LLC*, No. 11-10160 (KG) (Bankr. D. Del. Mar. 1, 2011) (same).[10]

54.      Additionally, the EFH/EFIH Debtors will provide (a) complete EFH/EFIH Solicitation Packages to the U.S. Trustee and counsel to the applicable agents for the EFH/EFIH Debtors' lenders and (b) the Order (in CD-ROM format) and the EFH/EFIH Confirmation Hearing Notice to all parties on the 2002 List as of the EFH/EFIH Voting Record Date.  Any party who receives a CD-ROM, but who would prefer paper format, may contact Epiq Bankruptcy Solutions, LLC ("Epiq" or the "Solicitation Agent") and request paper copies of the corresponding materials previously received in CD-ROM format (to be provided at the EFH/EFIH Debtors' expense).  The EFH/EFIH Debtors will not mail EFH/EFIH Solicitation Packages or other solicitation materials to Holders of Claims and Interests that have already been paid in full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court.

55.      The proposed EFH/EFIH Confirmation Hearing Notice informs parties in interest that the Plan and EFH/EFIH Disclosure Statement, together with all exhibits thereto, may be obtained:  (a) from the Debtors' Solicitation Agent's website at http://www.efhcaseinfo.com

---

[10]    Because of the voluminous nature of the orders cited herein, such orders are not attached to the Motion.  Copies of these orders are available upon request to the Debtors' counsel.

under the "Key Documents" section; (b) by telephoning the Debtors' Solicitation Agent at (877) 276-7311; (c) by emailing the Debtors' Solicitation Agent at efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line; or (d) for a fee via the Bankruptcy Court's website at http://www.deb.uscourts.gov. The proposed procedure for providing copies of the Plan and EFH/EFIH Disclosure Statement complies with the requirements of Bankruptcy Rule 3017(a) and Local Rule 3017-1(c).

56.    The EFH/EFIH Debtors respectfully request that the Solicitation Agent be authorized (to the extent not authorized by another order of the Court) to assist the EFH/EFIH Debtors in (a) distributing the EFH/EFIH Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims and Interests; (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the EFH/EFIH Disclosure Statement, the Plan, the Ballots, the EFH/EFIH Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan.

57.    For EFH/EFIH Solicitation Packages that will be sent to the Holders of debt securities entitled to vote on the Plan, the EFH/EFIH Debtors (through the Solicitation Agent) propose to deliver EFH/EFIH Solicitation Packages to the record holders of such Claims, including, representatives such as brokers, banks, commercial banks, transfer agents, trust companies, dealers, other agents or nominees, or their mailing agents (collectively, the "Nominees"). Each Nominee will receive reasonably sufficient numbers of EFH/EFIH Solicitation Packages, including sufficient beneficial Ballots (the "Beneficial Holder Ballots"), to distribute to the beneficial holders of the Claims (the "Beneficial Holders") for whom such

Nominee acts, and the EFH/EFIH Debtors shall reimburse Nominees for their reasonable and customary charges in connection with such distribution.

### D. Approval of the Notice of EFH/EFIH Confirmation Hearing.

58.     The EFH/EFIH Debtors will serve notice of the hearing to consider EFH/EFIH Confirmation of the Plan (the "EFH/EFIH Confirmation Hearing Notice"), attached as **Exhibit 6** to the Order, on all known Holders of Claims and Interests and the 2002 List, and other parties in interest (regardless of whether such parties are entitled to vote on the Plan) by the EFH/EFIH Solicitation Deadline, which will provide all parties in interest more than twenty-eight days' notice of the Plan Objection Deadline (as defined herein) and the EFH/EFIH Confirmation Hearing.  The EFH/EFIH Confirmation Hearing Notice will include:  (a) instructions as to how to view or obtain copies of the EFH/EFIH Disclosure Statement (including the Plan and the other exhibits thereto), the Order and all other materials in the EFH/EFIH Solicitation Package (excluding Ballots) from the Solicitation Agent and/or the Court's website via PACER; (b) notice of the EFH/EFIH Voting Deadline; (c) notice of the date by which the EFH/EFIH Debtors will file the Plan Supplement; (d) notice of the Plan Objection Deadline; and (e) notice of the EFH/EFIH Confirmation Hearing Date and information related thereto.

59.     Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."  Fed. R. Bankr. P. 2002(l).   Therefore, in addition to the foregoing distribution of the EFH/EFIH Confirmation Hearing Notice, the EFH/EFIH Debtors will publish the EFH/EFIH Confirmation Hearing Notice (in a format modified for publication) in: (a) *The Wall Street Journal*, *USA Today*, *The Dallas Morning News*, *Houston Chronicle*, *Corpus Christi Caller Times*, *Fort Worth Star-Telegram*, and *Waco Tribune-Herald* and (b) on the restructuring website established by Epiq, available at http://www.efhcaseinfo.com, in each case no later than seven days after the

EFH/EFIH Solicitation Deadline (the "<u>Publication Notice</u>").  The Publication Notice will provide

sufficient notice of, among other things, the entry of the Order, the EFH/EFIH Voting Deadline,

the Plan Objection Deadline, and the EFH/EFIH Confirmation Hearing to parties who did not

otherwise receive notice thereof by mail.  Additionally, service and publication of the EFH/EFIH

Confirmation Hearing Notice comports with the requirements of Bankruptcy Rule 2002 and

should be approved.

**E.    Approval of the Plan Supplement Notice.**

60.    The Plan defines "Plan Supplement" as including the compilation of documents

and forms of documents, schedules, and exhibits to the Plan that are filed by the EFH/EFIH

Debtors no later than fourteen days before the EFH/EFIH Confirmation Hearing or such later

date as may be approved by the Bankruptcy Court on notice to parties in interest, and additional

documents filed with the Bankruptcy Court prior to the Effective Date as amendments to the

Plan Supplement.  *See* Plan at Art. I.A.

61.    The Plan Supplement will include the following materials, among others, and as

applicable, in connection with confirmation (each as defined in the Plan): (a) New

Organizational Documents; (b) the Rejected Executory Contract and Unexpired Lease List;

(c) the Assumed Executory Contract and Unexpired Lease List; and (d) a list of retained Causes

of Action.

62.    To ensure that all parties on the 2002 List receive notice of the EFH/EFIH

Debtors' filing of the Plan Supplement, the EFH/EFIH Debtors propose to send notice of the

filing of the Plan Supplement (the "<u>Plan Supplement Notice</u>") in substantially the form attached

as **<u>Exhibit 7</u>** to the Order substantially on the date the EFH/EFIH Debtors file the Plan

Supplement, or as soon as practicable thereafter.  Because of the voluminous nature of the Plan

Supplement, the EFH/EFIH Debtors will not physically serve the Plan Supplement and the exhibits attached thereto.

**F.        Approval of the Form of Notices to EFH/EFIH Non-Voting Classes.**

63.        As discussed above, the EFH/EFIH Non-Voting Classes are <u>not</u> entitled to vote on the Plan.  As a result, they will <u>not</u> receive EFH/EFIH Solicitation Packages and, instead, the EFH/EFIH Debtors propose that such parties receive an appropriate form notifying such holder of its non-voting status (each, a "<u>Non-Voting Status Notice</u>").  Specifically, in lieu of solicitation materials, the EFH/EFIH Debtors propose to provide the following to Holders of Claims and Interests in EFH/EFIH Non-Voting Classes, as applicable:

- <u>Unimpaired Claims – Conclusively Presumed to Accept</u>:  Holders of Claims in Classes A1, A2, A3, B1, B2, and B9 are Unimpaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan.  As such, holders of such Claims will receive a notice, substantially in the form attached as **Exhibit 8** to the Order, in lieu of an EFH/EFIH Solicitation Package.

- <u>Impaired Claims and Interests – Deemed to Reject</u>:  Holders of Claims and Interests in Classes A14, A16, B8, and B10 are receiving no distribution under the Plan and, therefore, are deemed to reject the Plan and will receive a notice, substantially in the form attached as **Exhibit 9** to the Order, in lieu of an EFH/EFIH Solicitation Package.

- <u>Intercompany Claims and Interests</u>:  The EFH/EFIH Debtors propose not to provide the Holders of certain Intercompany Claims and Interests (Classes A13, A15, and B7) with an EFH/EFIH Solicitation Package or any other type of Notice.  Because such Holders are conclusively deemed to have accepted or rejected the Plan pursuant to section 1126(f) or section 1126(g) of the Bankruptcy Code, respectively, such holders are not entitled to vote to accept or reject the Plan.

64.        The Non-Voting Status Notice will describe, among other things:  (a) instructions as to how to view or obtain copies of the EFH/EFIH Disclosure Statement (including the Plan and the other exhibits thereto), the Order, and all other materials in the EFH/EFIH Solicitation Package (<u>excluding</u> Ballots) from the Solicitation Agent and/or the Court's website via PACER; (b) a disclosure regarding the settlement, release, exculpation, and injunction language set forth

in Article VIII of the Plan; (c) notice of the the Plan Objection Deadline; and (d) notice of the EFH/EFIH Confirmation Hearing Date and information related thereto.

65.     The EFH/EFIH Debtors believe that the mailing of Non-Voting Status Notices in lieu of EFH/EFIH Solicitation Packages satisfies the requirements of Bankruptcy Rule 3017(d). Accordingly, unless the Court orders otherwise, the EFH/EFIH Debtors do not intend to distribute EFH/EFIH Solicitation Packages to holders of Claims and Interests in the EFH/EFIH Non-Voting Classes.

66.     The EFH/EFIH Debtors further request that they not be required to mail EFH/EFIH Solicitation Packages or other solicitation materials to:  (a) holders of Claims that have already been paid in full during these Chapter 11 Cases or (b) any party to whom the EFH/EFIH Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

**G.     Approval of Notices to Contract and Lease Counterparties.**

67.     Article V.A. of the Plan provides that on the Effective Date, each of the EFH/EFIH Debtors' Executory Contracts and Unexpired Leases will be deemed assumed as of the Effective Date unless such agreement: (a) was previously assumed or rejected by the Debtors; (b) is identified on the Rejected Executory Contract and Unexpired Lease List included the Plan Supplement; (c) is the subject of a motion to reject Executory Contracts or Unexpired Leases that is pending on the EFH/EFIH Confirmation Date; or (d) is subject to a motion to reject an Executory Contract or Unexpired Lease pursuant to which the requested effective date of such rejection is after the Effective Date.  *See* Plan at Art. V.A.  Additionally, Article V.C. of the Plan provides that the EFH/EFIH Debtors will provide for notices of proposed assumption and proposed amounts of Cure Claims to the applicable third parties listed on the Assumed Executory Contracts and Unexpired Lease List.  *Id.* at Art. V.C.

33

68.     To ensure that counterparties to Executory Contracts and Unexpired Leases receive notice of assumption or rejection of their Executory Contract or Unexpired Lease (and any corresponding Cure Claim) pursuant to the Plan, the EFH/EFIH Debtors will mail a notice to such parties in substantially the form attached as **Exhibit 11** and **Exhibit 12** to the Order, as appropriate, within the time periods specified in the Plan.

### H.     Approval of the EFH/EFIH Solicitation Procedures.

69.     Section 1126(c) of the Bankruptcy Code provides that:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under section (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designed under subsection (e) of this section, that have accepted or rejected the plan.

11 U.S.C. § 1126(c).    Additionally, Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection [of a plan] shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent and conform to the appropriate Official Form."  Fed. R. Bankr. P. 3018(c).

70.     Consistent with these requirements, the EFH/EFIH Debtors propose to use the voting procedures and standard assumptions in tabulating Ballots (the "EFH/EFIH Solicitation Procedures") as set forth in **Exhibit 10** to the Order.   The EFH/EFIH Debtors respectfully request that the Court approve the EFH/EFIH Solicitation Procedures attached as **Exhibit 10** to the Order, which are consistent with section 1126(c) of the Bankruptcy Code and Bankruptcy Rule 3018(a).  The deadline for parties to object to a proof of claim for voting purposes is November 21, 2016, as referenced in Article D of the EFH/EFIH Solicitation Procedures.  The EFH/EFIH Debtors submit that they have shown good cause for the approval of the EFH/EFIH

Solicitation Procedures set forth herein and, therefore, request that the Court approve the EFH/EFIH Solicitation Procedures.

## V.    Approval of Procedures for Filing Objections to the Plan.

71.    Bankruptcy Rules 2002(b) and (d) require no less than twenty-eight days' notice to all holders of claims of the time fixed for filing objections to the hearing on confirmation of a chapter 11 plan.  To satisfy this requirement, the EFH/EFIH Debtors request that the Court establish November 7, 2016, at 4:00 p.m. (prevailing Eastern Time) as the date by which objections to the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (the "Plan Objection Deadline").

72.    The EFH/EFIH Debtors request that the Court direct the manner in which parties in interest may object to confirmation of the Plan.  Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1).  The EFH/EFIH Confirmation Hearing Notice will require that objections to confirmation of the Plan or requests for modifications to the Plan, if any, must:

- be in writing;

- conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Court;

- state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and

- be filed with the Court (contemporaneously with a proof of service) upon the notice parties so it is **actually received** on or before the Plan Objection Deadline.

73.    The EFH/EFIH Debtors believe that the Plan Objection Deadline for filing and service of objections (and proposed modifications, if any) will afford the Court, the EFH/EFIH Debtors, and other parties in interest reasonable time to consider the objections and proposed modifications prior to the EFH/EFIH Confirmation Hearing.

## Non-Substantive Modifications

74.    The EFH/EFIH Debtors request authorization to make non-substantive changes to the  EFH/EFIH Disclosure Statement, EFH/EFIH Disclosure Statement Hearing Notice, Plan, EFH/EFIH Confirmation Hearing Notice, EFH/EFIH Solicitation Procedures, EFH/EFIH Solicitation Packages, Non-Voting Status Notices, Ballots, Publication Notice, Notice of Assumption, Notice of Rejection, and any and all related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the  EFH/EFIH Disclosure Statement, the Plan, and any other materials in the EFH/EFIH Solicitation Packages before distribution.

## Notice

75.    The EFH/EFIH Debtors shall provide notice of this Motion on the date hereof via first class mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior

36

secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the EFH/EFIH Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested in the Motion and granting such other and further relief as is appropriate under the circumstances.

[*Remainder of page intentionally left blank.*]

RLF1 14976142v.1

Dated:  August 5, 2016
      Wilmington, Delaware

*/s/ Zachary I. Shapiro*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
Zachary I. Shapiro (No. 5103)
920 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Email:     collins@rlf.com
          defranceschi@rlf.com
          madron@rlf.com
          shapiro@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:     edward.sassower@kirkland.com
          stephen.hessler@kirkland.com
          brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:     james.sprayregen@kirkland.com
          marc.kieselstein@kirkland.com
          chad.husnick@kirkland.com
          steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*