# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>Re: Docket No. 8745<br><br>Hearing Date: August 17, 2016 at 10:00 a.m.<br>Objections Due: August 8, 2016 by 4:00 p.m. |

**OBJECTION OF SHIRLEY FENICLE, WILLIAM FAHY, AND JOHN H. JONES TO SECOND AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDING CORP. ET AL, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE, DATED JUNE 26, 2016**

Shirley Fenicle, individually and as successor-in-interest to the Estate of George Fenicle, David William Fahy, and John H. Jones ("**Objectors**") by their undersigned counsel, hereby submit this Objection ("**Objection**") to the *Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al., *Pursuant to Chapter 11 of the Bankruptcy Code*, dated June 16, 2016 (as may be further amended, the "**New Plan**") (D.I. 8745), as it relates to the TCEH Debtors.[1]  In support of this Objection, Objectors respectfully state as follows:

## PRELIMINARY STATEMENT

The New Plan provides for a tax-free spin-off of the TCEH Debtors.  If the spin-off occurs, almost $6 billion in net operating losses ("**NOL**s") owned by Debtor EFH Corp. would be used to provide Reorganized TCEH with a step-up in tax basis.  The Plan also provides that the equity of the EFH Shared Services Debtor would be transferred to Reorganized TCEH.  No consideration would be provided to the EFH Group for these valuable assets.

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the New Plan.

The NOLs and the EFH Group's equity interest in the EFH Corporate Services Debtors are property of the EFH Group; they are not property of the TCEH Debtors' estates. Thus, this Court cannot assert jurisdiction over that property in the TCEH Debtors' bankruptcy cases. In addition, because it would use property that does not belong to the TCEH Debtors' estates, the New Plan for those Debtors is in violation of section 541 of the Bankruptcy Code, and cannot be confirmed for that reason. Moreover, the New Plan cannot be confirmed because it would result in a fraudulent conveyance by the EFH Group, in violation of their fiduciary duties to the EFH Group's creditors. Finally, the New Plan cannot be confirmed because the Debtors have not met their burden of demonstrating that the New Plan for the TCEH Debtors would be feasible without the use of the EFH Group assets.

## BACKGROUND

Each of the Debtors—Energy Future Holdings Corp. ("**EFH Corp.**") and 69 of its direct and indirect subsidiaries (together, the "**Debtors**")—filed separate petitions for reorganization under Chapter 11 on April 29, 2014 (the "**Petition Date**"). *See* Chapter 11 Voluntary Pet., D.I. 1; *see also* Brief of Appellants Shirley Fenicle and David William Fahy, Mar. 21, 2016, D.I. 26 ("**Opening Brief on Appeal**"). The Debtors' bankruptcies were consolidated "for procedural purposes only" and administered jointly, pursuant to Federal Rule of Bankruptcy Procedure 1015 and Local Bankruptcy Rule 1015-1. *See* Interim Order Directing Joint Administration of the Debtors' Chapter 11 Cases, D.I. 287 ¶ 2. The bankruptcy cases were not substantively consolidated. *Id.* ¶ 5.

The Objectors have asbestos-related claims against the EFH Debtors, and, as such, they are parties in interest with respect to the New Plan for the TCEH Debtors because the assets of the EFH Group available to pay those Debtors' creditors would be diminished under the New Plan for the TCEH Debtors. Ms. Fenicle is the successor-in-interest to the estate of George

Fenicle, a mesothelioma victim, and also was exposed to asbestos brought home by her husband on his clothing.  Mr. Fahy is a mesothelioma claimant.  Ms. Fenicle and Mr. Fahy filed proofs of claim, and are members of the E-Side official creditors' committee,[2] which was appointed to represent the interests of unsecured creditors of certain Debtors, including EECI, Inc.  *See* Notice of Appointment of Committee of Unsecured Creditors, D.I. 2570.

Mr. Jones was exposed to the Debtors' asbestos while working at the Hanford Nuclear Plant in Washington State.  *See* Notice of Intent to Participate in Disclosure Statement Proceedings and Confirmation Proceedings for New Plan ¶ 3, Aug. 1, 2016, D.I. 9165 ("**Notice of Intent**").  The Hanford Nuclear Plant is on the EECI site list filed in these bankruptcy cases.  *See* Aff. Of Service at 34, Sept. 11, 2015, D.I. 5937.  Mr. Jones was diagnosed with metastatic malignant mesothelioma on December 14, 2015.  *See* Notice of Intent ¶ 3.  Mr. Jones did not file a proof of claim.  *Id.*

The Debtors filed the Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code (D.I. 7187) (the "**Sixth Amended Plan**"), on December 1, 2015.  Under the Confirmed Plan, asbestos-related personal injury and wrongful death claims for which timely proofs of claim were filed were reinstated, but the Plan purported to discharge all other such claims, including the claims of persons who, post-confirmation, will suffer injuries caused by prepetition exposure to Debtors' asbestos-containing products ("**Unmanifested Claimants**"), even though such claims had not accrued under applicable state law ("**Unmanifested Claims**").

---

[2]  The E-Side Committee is composed of creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc.. *See In re Energy Future Holdings Corp.* ("***EFH***"), 522 B.R. 520, 524 n.7 (Bankr. D. Del. 2015).  No separate committee was appointed to represent the interests of creditors with claims against EEC Holdings, LSGT Gas Co. LLC, and LSGT SACROC, Inc. (together with EECI, Inc., the "**Asbestos Debtors**").

On December 7, 2015, the Court entered an order confirming the Sixth Amended Plan (D.I. 7244), which was amended on December 9, 2015 (as amended, the "**Confirmation Order**") (D.I. 7285). In the Confirmation Order, the Court overruled "on the merits" objections raised by Ms. Fenicle and Mr. Fahy that the discharge provisions of Unmanifested Claims would violate the due process rights of Unmanifested Claimants. *See* Confirmation Order ¶ 80, at 33. The Court also entered an order (the "**Settlement Order**") (D.I. 7243), approving the settlement of certain litigation claims (the "**Settlement Agreement**") (D.I. 7243-1).[3]

Ms. Fenicle and Mr. Fahy appealed the Confirmation Order to the United States District Court for the District of Delaware (the "**Appeal**"). *See* Notice of Appeal, *Fenicle v. Energy Future Holdings Corp.*, No. 15-1183 (D. Del Dec. 21, 2015) (D.I. 1); Opening Brief on AppealThat Appeal is pending before the District Court.[4]

The Sixth Amended Plan was not consummated by April 30, 2016 and thus, by its terms and the terms of the Confirmation Order, was rendered null and void. *See* Confirmation Order ¶ 147. Immediately thereafter, on May 1, 2016, the Debtors filed a revised plan, which was subsequently amended on May 10, June 16, and August 5, 2016. Joint Plan of Reorganization of

---

[3] Among other things, the Settlement Agreement compromised and resolved various inter-Debtor claims; several other claims and causes of actions of various creditors of the Debtors; claims and causes of action against holders of interests in EFH Corp; certain related entities and claims and causes of action against each of the Debtors' current and former directors managers and officers and other related entities.

[4] On May 4, 2016, the Debtors moved to dismiss the Appeal as moot. *See* Appellees' Mot. to Dismiss Fenicle and Fahy Appeal, *Fenicle*, No. 15-1183 (D. Del May 4, 2016) (D.I. 38). Ms. Fenicle and Mr. Fahy opposed that motion. *See* Resp. of Appellants Fenicle and Fahy to Appellees' Mot. to Dismiss Fenicle and Fahy Appeal, *Fenicle*, No. 15-1183 (D. Del May 23, 2016) (D.I. 47); *see also* Decl. of Leslie M. Kelleher in Support of Mot. for Leave to File Sur-Reply in Opp'n to Appellees' Mot. to Dismiss Fenicle and Fahy Appeal at Ex. A, *Fenicle*, No. 15-1183 (D. Del June 8, 2016) (D.I. 54). The Appeal and the motion to dismiss the Appeal remain pending before the District Court. Also pending before the District Court is a motion to join Mr. Jones as an appellant. *See* Mot. for Joinder of Putative Appellant John H. Jones, *Fenicle*, No. 15-1183 (D. Del July 15, 2016) (D.I. 59).

Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, D.I. 8355; Am. Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, D.I. 8421; Second Am. Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, D.I. 8747-2; Third Am. Joint Plan of Reorganization of Energy Future Holdings, *et al*., Pursuant to Chapter 11 of the Bankruptcy Code, D.I. 9199-A, (as amended, the "**New Plan**").  The New Plan contains discharge provisions identical to those contained in the now-defunct Sixth Amended Plan, which are the subject of the pending Appeal.

Pursuant to a scheduling order entered by this Court on May 23, 2016, and subsequently supplemented and amended on July 11 and July 21, 2016 (as supplemented and amended, the "**Scheduling Order**")[5], the TCEH Group of Debtors (including the EFH Corporate Services Debtors) and the EFH Group of Debtors have different plan confirmation schedules.

On June 16, 2016, the Debtors filed the second amended version of the New Plan, as well as the Third Disclosure Statement for the Second Amended Joint Plan of Reorganization of Energy Future Holding Corp. *et. al.*, Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors (the "**TCEH Disclosure Statement**") (D.I. 8747).

As set out in the TCEH Disclosure Statement, the New Plan provides two alternative restructuring scenarios for the TCEH Debtors.  If the TCEH Debtors are reorganized through a

---

[5]  *See* Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement, D.I. 8514; Supplement to Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement, D.I. 8883; Second Supplement to Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement, D.I. 8972.

tax-free spin-off under the first, preferred, scenario, Reorganized TCEH will use NOLs owned by EFH Corp. to achieve a partial step-up in its tax basis:

> Under the Spin-Off, TCEH will spin off from the Debtors to form a standalone reorganized entity, Reorganized TCEH, and certain tax attributes of the EFH Group will be substantially used to provide Reorganized TCEH with a partial step-up in tax basis in certain of its assets, valued at approximately $1.0 billion.

TCEH Disclosure Statement at 10. [6]

As set out in the July 11, 2016 motion to compel mediation filed by Contrarian Capital,[7] the NOLs are property of the EFH Group. TCEH is classified as a disregarded entity for U.S. federal income tax purposes. Any income, losses, and/or tax attributes in respect of such losses (including NOLs) of a disregarded entity are considered income, losses, or attributes of its owner for U.S. federal tax purposes. *See, e.g.*, 26 C.F.R. § 301.7701-2(c)(2). Thus, the NOLs are property of EFH Corp., regardless of whether a portion of such NOLs arose due to losses incurred by TCEH or any other of EFH Corp.'s disregarded subsidiaries.

TCEH does not have a contractual right to have the NOLs used to provide Reorganized TCEH with a step-up tax basis as provided in the New Plan. Under the Settlement Agreement, TCEH released any and all claims it had against the EFH Group under the Tax Sharing Agreement, including any right to payment in respect of EFH Corp.'s use of its NOLs, in

---

[6]    *See also* TCEH Disclosure Statement at 180 ("The Debtors currently project that, as of December 31, 2016 . . . the EFH Group will have approximately $8.2 billion of NOLs. . . . the Debtors expect that all of the EFH Group's NOLs will either be used or eliminated at the end of the EFH Group's taxable year in which the Effective Date occurs.").

[7]    *See* Contrarian Capital Mgmt., LLC's Mot. to Compel Mediation of Disputes Concerning Certain Plan Confirmation Issues, July 11, 2016, D.I. 8890. Ms. Fenicle and Mr. Fahy joined Contrarian's motion to compel mediation. *See* Joinder of Fenicle and Fahy to Mot. to Compel Mediation of Disputes Concerning Certain Plan Confirmation Issues, July 18, 2016, D.I. 8943. This Court denied the motion. *See* Order, July 20, 2016, D.I. 8957.

exchange for a settlement claim of $700 million.[8]  But under the New Plan, the TCEH Debtors would substantially use up this valuable asset of EFH Corp., without providing any consideration to the EFH Debtors.  In addition, the EFH Debtors would transfer to Reorganized TCEH their equity interests in the Reorganized EFH Shared Services Debtors.  *See* TCEH Disclosure Statement at 181.  This transfer of assets to TCEH would also be without any consideration to the EFH Debtors.

## ARGUMENT

**I.  THE COURT DOES NOT HAVE JURISDICTION TO CONFIRM THE NEW PLAN, AS IT PURPORTS TO DISPOSE OF PROPERTY THAT DOES NOT BELONG TO THE TCEH DEBTORS' ESTATES**

Section 541 of the Bankruptcy Code provides that "property of the estate" is comprised of the "legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).  As the Third Circuit has instructed, a federal court sitting in bankruptcy has jurisdiction over the debtor's estate; the court's subject matter jurisdiction does not extend to property that is not property of the debtor's estate.  *See In re South Jersey Land Corp.*, 361 F.2d 610, 614-15 (3d Cir. 1966) (court sitting in bankruptcy did not have jurisdiction over a mortgage foreclosure proceeding against property that was not the debtor's).  *See also In re Holywell Corp.*, 118 B.R. 876, 879-80 (S.D. Fla. 1990) (adversary proceeding was not within the subject matter jurisdiction of the bankruptcy court because it did not concern property of the debtors' estate).

---

[8]  *See* Settlement Agreement § 2.1(a) ("[U]pon the occurrence of the Settlement Effective Date, all Non-EFH Debtor Intercompany Claims, and all Non-EFIH Debtor Intercompany Claims, and all Non-TCEH Debtor Intercompany Claims arising from the beginning of the world through the Settlement Effective Date, . . . as well as all other claims and Causes of Action . . . relating to or arising from disputes with respect to . . . the Tax Sharing Agreements . . . shall be voluntarily and knowingly, unconditionally, absolutely and forever waived, remised, released, settled, acquitted, satisfied, and discharged.").

A debtor's plan cannot use property belonging to a subsidiary or other affiliate. "A debtor may not use section 541(a) to divest another of property to which that person has rightful title." *Medrano Diaz v. Vazquez-Botet*, 204 B.R. 842, 849 (D.P.R. 1996), *aff'd sub nom. Diaz v. Hernandez*, 121 F.3d 695 (1st Cir. 1997). *See also In re Butts*, 46 B.R. 292, 297 (Bankr. D.N.D. 1985) (same); *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204 n.8 (1983) (Congress did not intend to include, within this definition, property of another in which the debtor holds only a "minor interest such as a lien or bare legal title."), *aff'g* 674 F.2d 144 (2d Cir. 1982). Property of a subsidiary or other affiliate of a debtor is not part of the debtor's estate, and is not within the court's jurisdiction. *See South Jersey Land Corp.*, 361 F.2d at 613. Thus, in *Parkview-Gem, Inc. v. Stein (In re Parkview-Gem, Inc.)*, 516 F.2d 807, 809-10 (8th Cir. 1975), the Eighth Circuit found that the lower court did not have bankruptcy jurisdiction to enjoin proceedings to terminate a lease owned by a subsidiary of the debtor, as the debtor was not the owner of the lease and the Trustee had neither actual nor constructive possession of the rights conferred by the lease. And, in *In re Pentell*, the Seventh Circuit held that the bankruptcy court lacked jurisdiction to disburse a partnership's property to a debtor's creditors where the debtor was only a partner, and not the partnership, and the partnership agreement did not provide that any single partnership asset was to be deemed the property of any individual partner. 777 F.2d 1281, 1283 (7th Cir. 1985).

As noted above, the NOLs and the EFH Group's equity interest in the EFH Shared Services Debtors are property of the EFH Group, not the TCEH Debtors. Thus, the Court may not assert jurisdiction over that property in these bankruptcy cases, and the New Plan cannot be confirmed because it would purport to dispose of property that is not part of the TCEH Debtors' estates.

II. **THE PLAN CANNOT BE CONFIRMED AS IT DOES NOT COMPLY WITH APPLICABLE PROVISIONS OF THE CODE, AND WOULD EMPLOY A MEANS FORBIDDEN BY LAW**

In order to confirm a plan, the court must find that the plan satisfies the requirements of 11 U.S.C. § 1129. "The Code imposes an independent duty upon the court to determine whether a plan satisfies each element of § 1129, regardless of the absence of valid objections to confirmation." *In re Lernout & Hauspie Speech Prods., N.V.*, 301 B.R. 651, 656 (Bankr. D. Del. 2003), *aff'd*, 308 B.R. 672 (D. Del. 2004) (internal citations omitted).[9]

Section 1129(a)(1) of the Bankruptcy Code provides that a plan cannot be confirmed unless it complies with applicable provisions of the Code. A plan that uses property that does not belong to the estate of the debtor, such as the New Plan would do here, violates section 541 of the Bankruptcy Code and cannot be confirmed. For example, in *In re Cent. Med. Ctr., Inc.*, the debtor's plan sought to use a fund held for the benefit of the bondholders, which the court found was not property of the estate because the debtor had no legal or equitable rights in the fund other than a reversionary interest. 122 B.R. 568, 573 (Bankr. E.D. Mo. 1990). The court found that the plan could not be confirmed because it "violates Section 541(a) due to its improper expansion of the estate's interest in the Fund" and thus "fails to satisfy Section 1129(a)." *Id.* The court also held that the plan violated section 1129(a)(1) "in that it baldly seeks to divest the bondholders of property which is rightfully theirs." *Id.*[10]

---

[9] As noted above, no official committee was appointed to represent the interests of all creditors with asbestos-related claims against the Asbestos Debtors; the E-Side committee does not represent the interests of creditors of EEC Holdings, LSGT Gas Co. LLC, and LSGT SACROC, Inc..

[10] *See also In re Cajun Elec. Power Coop., Inc.*, 230 B.R. 715, 736 (Bankr. M.D. La. 1999) (confirmation denied where court found that the plan would improperly transfer, to the estate, assets that were not property of the debtor's estate in violation of section 541, such that the requirement of section 1129(a)(1) was not satisfied); *In re Union Meeting Partners*, 160 B.R.

Similarly, in this case, the New Plan for the TCEH Debtors would use property that does not belong to the TCEH Debtors' estates, but rather, belongs to the EFH Group, and thus violates section 541 and fails to satisfy the requirements of section 1129.

Moreover, the New Plan would "baldly seek to divest [the EFH Group] of property which is rightfully theirs" by causing the EFH Group to transfer assets to TCEH without compensation, which would be a fraudulent transfer in violation of their fiduciary duties to the EFH Group's creditors. *See, e.g., Acequia, Inc. v. Clinton (In re Acequia, Inc.)*, 34 F.3d 800, 806 (9th Cir. 1994) (finding transfer by insolvent debtor to an insider was fraudulent); *In re Toy King Distribs., Inc.*, 256 B.R. 1, 128 (Bankr. M.D. Fla. 2000) ("Fraud will be presumed when the transfer occurs between corporations controlled by the same officers and directors.") (internal citation omitted). This is a "means forbidden by law," and the New Plan cannot be confirmed as it does not meet the requirements of 11 U.S.C. § 1129(a)(3).

### III. THE PLAN CANNOT BE CONFIRMED AS THE DEBTORS HAVE NOT DEMONSTRATED IT IS FEASIBLE

The TCEH Debtors bear the burden of proving the feasibility of the New Plan under 11 U.S.C. § 1129(a)(11). *See In re Danny Thomas Props. II Ltd. P'ship*, 241 F.3d 959, 963 (8th Cir. 2001), *aff'g* 231 B.R. 298 (Bankr. E.D. Ark. 1999). Here, the TCEH Debtors have not satisfied that burden; they have made no attempt to demonstrate that the Plan would be feasible without the use of the EFH Group's assets. Thus, the New Plan for the TCEH Debtors cannot be confirmed. *See Union Meeting Partners*, 160 B.R. at 767 (finding that plan was "not feasible without the Debtor's access to the rents" which were not property of the estate, and thus could not be confirmed). Thus, the New Plan cannot be confirmed.

---

757, 765-66 (Bankr. E.D. Pa. 1993) (plan could not be confirmed because it would allow the debtor to use rental proceeds that were not property of the debtor).

Objectors reserve all rights to supplement or modify this objection after reviewing documents recently filed by the Debtors, including the third amended version of the New Plan and related documents, and reserve all rights to conduct further discovery and cross-examine any and all witnesses in support of the T-side plan.

## CONCLUSION

For the reasons set forth above, Objectors respectfully submit that this Court should order that the New Plan cannot be confirmed because: (A) it would use property that does not belong to the TCEH Debtors' estates, and over which the Court does not have jurisdiction in the TCEH Debtors' cases; (B) the New Plan would violate section 541 of the Code, and would cause the EFH Debtors to make a fraudulent transfer of assets, and thus does not comply with the requirements of 11 U.S.C. §§ 1129 (a)(1) and (3) of the Code; and (C) the Debtors have not demonstrated that the New Plan for the TCEH Debtors is feasible without using property that does not belong to the TCEH Debtors' estates, and thus have not satisfied the requirements of 11 U.S.C. § 1129(a)(11).

Dated: August 8, 2016
      Wilmington, Delaware     By:    /s/ *Daniel K. Hogan*
                                            Daniel K. Hogan (DE Bar # 2814)
                                            **HOGAN♦McDANIEL**
                                            1311 Delaware Avenue
                                            Wilmington, Delaware  19806
                                            Telephone:  (302) 656-7540
                                            Facsimile: (302) 656-7599
                                            dkhogan@dkhogan.com

                                            *Counsel for Shirley Fenicle, individually and as successor-in-interest to the Estate of George Fenicle, David William Fahy, and John H. Jones*

                                            -and -

Steven Kazan (CA Bar # 46855)
Kazan McClain Satterley & Greenwood
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, CA 94607
Telephone: (510) 302-1000
Facsimile: (510) 835-4913

-and-

Ethan Early (CT Juris # 417930)
Early Lucarelli Sweeney & Strauss
265 Church Street, 11th Floor
New Haven, CT 06508-1866
Telephone: (203) 777-7799
Facsimile: (203) 785-1671

*Counsel for Shirley Fenicle, as successor-in-interest to the Estate of George Fenicle, and David William Fahy*

-and-

Beth Gori
Gori Julian & Associates, P.C.
156 North Main Street
Edwardsville, IL 62025
Telephone: (618) 659-9833
Facsimile: (618) 659-9834

*Counsel for John H. Jones*