## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Energy Future Holdings Corp., *et al.*, | : | Case No.  14-10979 (CSS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Ref. No. 9199** |

------------------------------------------------------------x

### RESERVATION OF RIGHTS OF NEXTERA TO CONFIRMATION OF THE THIRD AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE AS IT RELATES TO THE TCEH DEBTORS AND EFH SHARED SERVICES DEBTORS

NextEra Energy, Inc. ("NextEra") and its wholly-owned subsidiary NextEra Energy Capital Holdings, Inc. ("NEECH") file this reservation of rights (the "Reservation of Rights") with respect to the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9199] (the "Plan").[1]  In support of this Reservation of Rights, NextEra and NEECH respectfully state as follows:

### RESERVATION OF RIGHTS

1.      On July 29, 2016, NextEra and Merger Sub entered into an Agreement and Plan of Merger (the "Merger Agreement") with EFH Corp. and EFIH, pursuant to which NextEra agreed to acquire EFH Corp.'s indirect economic interest in Oncor Electric Delivery Company, LLC ("Oncor").[2]  The Merger Agreement is an essential element of the Plan as it relates to the EFH Debtors and the EFIH Debtors as it preserves the tax-free status of the Reorganized TCEH spin-off ("Spin-Off") and potentially avoids triggering approximately $4 billion in federal taxes.

---

[1]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

[2]      NEECH is a creditor and a party-in-interest in these cases and is the beneficial owner of EFIH Unsecured Senior Toggle Notes.

The tax-free nature of the Spin-Off and Merger is one of the key reasons, if not the sole reason, NextEra is able to provide approximately $10 billion to the estates.

2.      Attached to the Merger Agreement as Exhibit G is a form of tax matters agreement between the debtor entities on the E-Side, Merger Sub, and Reorganized TCEH.  The tax-free nature of the transactions and the proposed allocation of taxes between the E-Side and the T-Side, as set forth in that form of tax matters agreement, are critical to NextEra's valuation of Oncor pursuant to the Merger Agreement.  Indeed, the Merger Agreement provides that "the Company and Reorganized TCEH shall duly execute and deliver a Tax Matters Agreement substantially in the form of Exhibit G [and] in accordance with the Plan of Reorganization." *See* Section 6.14(f) of the Merger Agreement.  And, the Plan provides that the agreement needs to be "in form and substance" acceptable to not only the Debtors and the TCEH Supporting First Lien Creditors, but also to NextEra as Plan Sponsor.

3.      The Debtors filed a proposed tax matters agreement with the Bankruptcy Court on July 28, 2016 [D.I. 9100] (the "Tax Matters Agreement").  As filed, the Tax Matters Agreement is consistent with the form of agreement attached to the Merger Agreement with two important exceptions: (i) it leaves unresolved the allocation of taxes that could be incurred in connection with certain TCEH creditor or shareholder actions, *see* section 2.05(d) of the Tax Matters Agreement,[3] and (ii) it omits a "severability" provision that is standard in such agreements.  Both issues are of great importance to NextEra. NextEra has worked tirelessly to negotiate a form of tax matters agreement that is acceptable to the Debtors and believes that the agreement in its current form provides substantial benefits to Reorganized TCEH.  Accordingly, the TCEH First

---

[3]      The Debtors and the TCEH First Lien Creditors (as referenced in the Tax Matters Agreement) currently disagree on the allocation of taxes referenced in section 2.05(d) of the Tax Matters Agreement.  The Debtors and the TCEH First Lien Creditors have each proposed alternative language for this section and have reserved their rights pending finalization of the section.

Lien Creditors' attempt to make Reorganized EFH potentially responsible for "busted" spin-off taxes in excess of $4 billion attributable to TCEH creditor/shareholder actions that disqualify the Spin-Off from tax-free treatment is simply untenable.

4.      NextEra expects that EFH Corp., in the exercise of its fiduciary duties, will reach agreement with the TCEH First Lien Creditors on a final form of the Tax Matters Agreement that does not change the terms agreed to by NextEra and the Debtors, as set forth in the form of tax matters agreement attached to the Merger Agreement.  However, in the event the final form of the Tax Matters Agreement is not in form and substance acceptable to NextEra, NextEra reserves any and all of its rights to object to the Plan as it relates to the TCEH Debtors.

Dated: August 8, 2016
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450
Email: landis@lrclaw.com
      mcguire@lrclaw.com

*- and –*

**CHADBOURNE & PARKE LLP**
Howard Seife
Andrew Rosenblatt
Christy Rivera
Eric Daucher
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369
Email: hseife@chadbourne.com
      arosenblatt@chadbourne.com
      crivera@chadbourne.com
      edaucher@chadbourne.com

*Counsel to NextEra Energy, Inc. and
NextEra Energy Capital Holdings, Inc.*