## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Plan Hearing: August 17, 2016 at 10:00 AM**<br>**Objection Date: August 8, 2016**<br><br>**Docket Nos. 8745, 8985 & 9199** |

**ORACLE'S LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING (I) THE THIRD AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE; AND (II) PLAN SUPPLEMENT AS IT RELATES TO THE TCEH DEBTORS AND EFH SHARED SERVICES DEBTORS FOR THE THIRD AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

Oracle America, Inc., successor in interest to Oracle USA, Inc., Oracle Corporation, and Datalogix, Inc. ("Oracle"), a creditor and contract counter-party in the above-captioned jointly administered Chapter 11 cases, submits this Limited Objection and Reservation of Rights (the "Limited Objection") regarding the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code ("Plan") and the Plan Supplement as it Relates to the TCEH Debtors and EFH Shared Services Debtors for the Third Amended Joint Plan of Reorganization of Energy Future Holdings, Corp., *et al.* ("Plan Supplement") filed by Energy Future Holdings Corp., *et al.* ("Debtors").

### I.    INTRODUCTION

1.    By the Plan and the Plan Supplement, the Debtors seek Bankruptcy Court authority to, among other things, assume certain executory contracts between the Debtors and Oracle and potentially authorize the shared use of those contracts.

2.    Oracle does not consent to the proposed assumption for the following reasons.

    (a)    First, Oracle is in the process of verifying the accuracy of the Debtors' proposed cure amounts; and

    (b)    Second, the Debtors have failed to provide adequate assurance of future performance under the Oracle contracts.

3. Accordingly, Oracle requests that the Court deny confirmation of the Plan to the extent the Debtors seek authority to assume any Oracle agreements.

## II. FACTUAL BACKGROUND

4. The above-captioned case was filed on April 29, 2014, and a final order directing joint administration was entered on June 5, 2014.

### A. The Debtors' Initial Plan and Resolution of Oracle's Limited Objection Thereto.

5. On September 21, 2015, the Debtors filed their Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al*., Pursuant to Chapter 11 of the Bankruptcy Code ("Initial Plan").

6. On October 23, 2015, Oracle filed an objection to the Initial Plan ("Initial Objection"). Oracle's objection was based in part on inadequate contract descriptions, the inaccuracy of the cure amount and the potential shared use of Oracle's licenses and services.

7. Oracle and the Debtors were able to resolve the Initial Objection by, among other things, negotiating an agreed-upon cure amount of $69,619.45 and agreeing upon language to be included in the confirmation order to clarify that the contemplated TSA would not authorize shared use of Oracle's licenses and software.

8. On December 9, 2015, an Order was entered confirming the Debtors Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al. ("Initial Plan Order").

9. As agreed upon by the parties, the Initial Plan Order included the following language regarding the potential shared use.

> "Notwithstanding anything to the contrary in the Plan, this Confirmation Order, or the Transition Services Agreement contemplated by the Plan, the Debtors' post-confirmation use of any Oracle America, Inc. ("Oracle") license and services

agreement (each an "Oracle Agreement") will remain unchanged, the authorized number of users will not be exceeded, and all use will be consistent with the terms of the relevant Oracle Agreement. No shared use, license splitting, or other unauthorized use of any Oracle Agreement will be allowed absent Oracle's express prior written notice."[1]

(*See*, Initial Plan Order ¶ 126).

10. On February 16, 2016, the Debtors filed their Second Amended Plan Supplement for the Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code ("Initial Plan Supplement").

11. The Initial Plan Supplement reflected the agreed upon cure amount of $69,619.45 for the Oracle contracts to be assumed pursuant to the Initial Plan.

**B.    The Current Plan.**

12. On August 5, 2016, the Debtors' filed their current Plan. The Plan sets forth procedures for the assumption and rejection of executory contracts.

13. On August 3, 2016, the Debtors filed their Plan Supplement. No Oracle contracts are identified for rejection.

14. Exhibit "B" to the Plan Supplement, which lists executory contracts and unexpired leases to be assumed by the Reorganized T-Side Debtors on the Effective Date ("Assumed Contract List")[2] identifies the follow Oracle contracts, which are the same contracts targeted for assumption by the Initial Plan:

| Debtor(s) | Description of Contract | Counterparty | Cure Defaults |
|---|---|---|---|
| TXU Energy Retail Company LLC | Services Agreement Dated 02/03/2014 | Datalogix, Inc. | TXU Energy Retail Company LLC - $0.00 |

---

[1] Debtors have agreed to include identical language in any order confirming the Plan.

[2] Pursuant to Article V.C. of the Plan, at least 14 days prior to the confirmation hearing, the Debtors were required to provide a notice of proposed assumption and proposed cure amounts to applicable third parties and objections were due at least 7 days prior to the confirmation hearing (*i.e.* by 8/10/16). As of the filing of this Rights Reservation, Oracle has not received an individualized notice.

| Luminant Energy Company LLC | Services Agreement Dated 2/28/2008 | Oracle USA, Inc. | Luminant Energy Company LLC – $0.00 |
| EFH Corporate Services Company | Software License and Support Agreement Dated 02/10/1997 | Oracle Corporation | EFH Corporate Services Company - $0.00 |
| EFH Corporate Services Company, Luminant Energy Company LLC | Software License and Support Agreement dated 03/06/2014 | Oracle America, Inc. | EFH Corporate Services Company - $69,619.45 |

The agreements listed above are referred to herein collectively as the "Oracle Agreements."

### III. ARGUMENT

#### A. The Debtors May Not Assume The Oracle Agreements Absent Oracle's Consent Because They Pertain To Licenses Of Intellectual Property.

15. Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

16. Federal law makes non-exclusive patent licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *see also In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable.").

17. Where applicable law prohibits the assignment of an executory contract to a non-debtor third party, then under section 365(c)(1), a debtor may not assume the contract absent consent of the non-debtor contract counterparty. *In re West Electronics, Inc.*, 852 F.2d 79, 82 (3d Cir. 1988).

4

18. The Oracle Agreements are integrated agreements for the licensing of non-exclusive, patented software.

19. Accordingly, if the Debtors seek to assume any Oracle Agreements pursuant to the Plan, the Debtors must first obtain Oracle's consent.

20. At this time, for the reasons discussed herein, Oracle does not consent to any proposed assignment or transfer of the Oracle Agreements or the licensed software that is subject to the Oracle Agreements.

21. The Debtors' request to assume the Oracle Agreements pursuant to the Plan should therefore be denied.

**B.     The Debtors Have Failed To Provide The Correct Cure Amount.**

22. Before assuming any executory contract, the Debtors must cure (or provide adequate assurance of a prompt cure of) any default under the subject contracts. 11 U.S.C. § 365(b)(1).

23. Although the Debtors have proposed the $69,619.45 cure amount which the parties previously agreed to, additional sums have accrued and will come due prior to the effective date of the Plan.

24. Therefore, Oracle reserves its right to be heard further regarding the cure amount.

**C.     Assumption Should be Denied in the Absence of Adequate Assurance.**

25. Section 365(b) of the Bankruptcy Code sets forth specific prerequisites that must be met before a trustee/debtor can assume an executory contract, including (a) curing (or providing adequate assurance of a prompt cure of) any defaults under the subject contracts, and (b) providing adequate assurance of future performance under the contract. Absent the foregoing, the executory contracts may not be assumed.

26. At this time, for the reasons identified, Oracle is unable to determine whether Debtors have complied, or will comply, with the requirements of section 365(b)(1).

## IV.  CONCLUSION

27. For the reasons set forth above, Oracle respectfully requests that the Court deny the Debtors' request to confirm the Plan to the extent the Plan authorize the assumption of any Oracle Agreement. Oracle reserves its right to be heard on all issues set forth herein.

Dated: August 8, 2016  
Wilmington, Delaware

Respectfully submitted,  
**MARGOLIS EDELSTEIN**

/s/ James E. Huggett  
James E. Huggett, Esq. (#3956)  
300 Delaware Avenue, Suite 800  
Wilmington, Delaware  19801  
Telephone: (302) 888-1112  
E-mail: jhuggett@margolisedelstein.com

Amish R. Doshi, Esq.  
**MAGNOZZI & KYE, LLP**  
23 Green Street, Suite 302  
Huntington, New York 11743  
E-Mail: adoshi@magnozzikye.com  
Telephone: (631) 923-2858

Shawn M. Christianson, Esq.  
Valerie Bantner Peo, Esq.  
**BUCHALTER NEMER P.C.**  
333 Market Street, 25th Floor  
San Francisco, California 94105-2126  
Telephone: (415) 227-0900

Deborah Miller, Esq.  
Lillian Park, Esq.  
**ORACLE AMERICA, INC.**  
500 Oracle Parkway  
Redwood City, California  94065  
Telephone: (650) 506-5200

*Attorneys for Oracle America, Inc.*