IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) <br> ) Case No. 14-10979 (CSS) <br> ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) (Jointly Administered) <br> ) |
| Debtors. | ) **Re: D.I. 9199** <br> ) **Hearing Start Date**: August 17, 2016 at 10:00 <br> ) a.m. ET <br> ) **Objection Deadline**: August 8, 2016 |

## RESERVATION OF RIGHTS OF
## UMB BANK, N.A. TO CONFIRMATION OF THE THIRD AMENDED
## JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS
## CORP., *ET AL.* PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes Due 2018 and the 9.75% Senior Notes due 2019, by and through its undersigned counsel, files this reservation of rights (the "Reservation of Rights") in connection with confirmation of the Debtors' *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9199] as it relates to the T-Side Debtors (the "Plan").[1] In support of this Reservation of Rights, the Trustee respectfully submits as follows:

### RESERVATION OF RIGHTS

1. As previously outlined by the Trustee in its limited objection to approval of the Disclosure Statement for the T-Side Debtors [D.I. 8575], the Trustee's main goal was, and remains, ensuring that the E-Side Debtors, and in turn, the Trustee's constituency, are not prejudiced through the confirmation of the Plan as it relates to the T-Side Debtors. Specifically, the Trustee's concerns centered on certain tax issues that, even though being finalized in

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

connection with the "T-Side" Plan, inevitably will impact both the T-Side *and* the E-Side Debtors and the resolution of which will play a significant role in the E-Side Debtors' exit from bankruptcy. Forming the foundation of these tax issues is the Tax Matters Agreement (and allocation of tax liabilities among the Debtors) and whether the T-Side Debtors could, and would, pursue a Taxable Separation.

2. On July 28, 2016, the Debtors filed, among other things, the form of Tax Matters Agreement (the "Form of Tax Matters Agreement") [D.I. 9100]. Certain of the Trustee's professionals have informed the Trustee that the Form of Tax Matters Agreement strikes an acceptable balance of potential tax liabilities allocated between the E-Side and the T-Side Debtors. Nevertheless, the Form of Tax Matters Agreement indicates that at least one issue remains open among the parties. *See* Form of Tax Matters Agreement, p. 17, n. 2 (noting that TCEH and the TCEH First Lien Creditors have proposed alternative language to a Tax Matters Agreement provision). If the Form of Tax Matters Agreement is altered to incorporate the language proposed by TCEH and TCEH First Lien Creditors in footnote 2, or is otherwise modified in a way that adversely impacts the E-Side Debtors and the allocation of tax liabilities and risks, the Trustee reserves all rights to object to confirmation of the Plan for the T-Side Debtors on the basis, among others, that entry into the Tax Matters Agreement by the E-Side Debtors does not satisfy the business judgment standard.

3. Also on July 28, 2016, the Debtors received the Private Letter Ruling from the IRS. The Private Letter Ruling described in the Form of Tax Matters Agreement has been received in a manner that, on information and belief, would enable opinions to be delivered that the Debtors will qualify for the Spin-Off Intended Tax Treatment (as defined in the Form of Tax Matters Agreement), and would thereby permit the Spin-Off to proceed as

contemplated. Although the Form of Tax Matters Agreement does contemplate that a Taxable Separation could be pursued, upon information and belief, the requirements in the Form of Tax Matters Agreement that would need to be satisfied in order to pursue a Taxable Separation cannot be met in light of the rulings set out in the Private Letter Ruling. To the extent there are amendments to the Form of Tax Matters Agreement or other developments that would clear the path to pursue a Taxable Separation, the Trustee reserves all rights with respect thereto.

4. Lastly, the Trustee notes that the third amended Plan and related disclosure statement were filed just before midnight on August 5, 2016. The Trustee is in the process of reviewing the recently filed amended Plan and disclosure statement (as it relates to the E-Side Debtors) and reserves all rights to supplement this Reservation of Rights, or file an objection to confirmation of the Plan for the T-Side Debtors, once its review is complete. At a minimum, the amended Plan and disclosure statement incorporate new provisions related to the E-Side Debtors' reorganization and exit from bankruptcy and fails to incorporate comments previously provided to the Debtors by the Trustee. Accordingly, the Trustee reserves all rights to object to any issue related to approval of the disclosure statement or confirmation of the Plan as it relates to the E-Side Debtors.

*[Remainder of page intentionally left blank.]*

Dated: August 8, 2016
Wilmington, Delaware

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira S. Dizengoff (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone:   (212) 872-1000
Facsimile:    (212) 872-1002

Scott L. Alberino (admitted *pro hac vice*)
Joanna F. Newdeck (admitted *pro hac vice*)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone:   (202) 887-4000
Facsimile:    (202) 887-4288

By:  */s/ Raymond H. Lemisch*
**KLEHR HARRISON HARVEY BRANZBURG LLP**
Raymond H. Lemisch (DE Bar No. 4204)
919 Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 426-1189
Facsimile: (302) 426-9193

*-and-*

**FOLEY & LARDNER LLP**
Harold L. Kaplan (admitted *pro hac vice*)
Mark F. Hebbeln (admitted *pro hac vice*)
Lars A. Peterson (admitted *pro hac vice*)
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: (312) 832-4500
Facsimile: (312) 832-4700

Barry G. Felder (admitted *pro hac vice*)
Jonathan H. Friedman (admitted *pro hac vice*)
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-2329

*Co-Counsel for UMB BANK, N.A., as Trustee*