# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered |

**EFH INDENTURE TRUSTEE'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE DEBTORS FROM OFFERING EVIDENCE AT TRIAL AS TO WHICH THEY ASSERTED ATTORNEY CLIENT PRIVILEGE AND <u>PREVENTED DISCOVERY</u>**

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

i

## TABLE OF CONTENTS

**Page(s)**

FACTS SPECIFIC TO THE REQUESTED RELIEF ....................................................................... 1

ARGUMENT ................................................................................................................................. 3

CONCLUSION .............................................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Arista Records LLC v. Lime Group LLC*,
  2011 WL 1642434 (S.D.N.Y. 2011).................................................................................4

*Berckeley Inv. Grp., Ltd. v. Colkitt*,
  455 F.3d 195 (3d Cir. 2006).............................................................................................4

*In re Capmark Fin. Grp. Inc.*,
  No. 09-13684-CSS ...........................................................................................................5

*In re Residential Capital, LLC*,
  491 B.R. 63 (Bankr. S.D.N.Y. 2013)................................................................................4

*McLean v. Garage Mgmt. Corp.*,
  2012 WL 1358739 (S.D.N.Y. Apr. 19, 2012)...................................................................4

*Remington Arms Co. v. Liberty Mut. Ins. Co.*,
  142 F.R.D. 408 (D. Del. 1992) .........................................................................................4

*Tracinda Corp. v. DaimlerChrysler AG*,
  362 F.Supp. 2d 487 (D. Del. 2005)...................................................................................4

*Travelers Cas. & Sur. Co. v. Insurance Co. of N. Am.*,
  609 F.3d 143 (3d Cir. 2010).............................................................................................4

*United States v. Bilzerian*,
  926 F.2d 1285 (2d Cir. 1991)...........................................................................................4

**STATUTES**

Chapter 11 of the Bankruptcy Code......................................................................................1

American Stock Transfer & Trust Company, LLC ("AST"), as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "EFH Indenture Trustee") under the indentures for certain notes (the "EFH Notes") issued by Energy Future Holdings Corp. ("EFH Corp.") (as described in Exhibit 1 attached hereto), hereby moves *in limine* for entry of an order, substantially in the form attached as Exhibit A (the "Proposed Order"), (i) limiting testimony to the mere fact that legal advice was obtained on a narrowly defined subject; (ii) requiring that all testimony regarding the provision of legal advice be included in written direct testimony; and (iii) prohibiting the debtors from waiving the privilege concerning the content of any legal advice, or the content of any discussions where the privilege was asserted in any deposition, at trial.

In support of this Motion, the EFH Indenture Trustee states as follows.

## FACTS SPECIFIC TO THE REQUESTED RELIEF[2]

1. On August 5, 2016, the Debtors filed the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 9199] (the "Current Plan").

2. Under the Current Plan, EFH Corp. will transfer to Reorganized TCEH the equity of EFH Corporate Services, Inc. ("EFH Corporate Services") and EFH Properties Companies ("EFH Properties"). EFH Corporate Services and EFH Properties are wholly-owned subsidiaries of EFH Corp. and their assets are not encumbered by the liens of the TCEH First Lien Creditors.

---

[2] A detailed factual background of the case is set forth in the EFH Indenture Trustee's Objection to Confirmation of the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code (the "Objection") and is incorporated herein by reference. This section specifically recites only those facts directly relevant to this Motion.

1

3. The Current Plan also will permit Reorganized TCEH's use of approximately $5.8 billion of EFH Corp.'s accumulated net operating losses ("NOLs") that will directly increase Reorganized TCEH's value by more than $1 billion.

4. A central issue for the Confirmation Hearing will be determining how and why the officers and directors, and in particular the Disinterested Directors of EFH Corp., dealt with the disposition of the equity interest in EFH Corporate Services and EFH Properties and the decision to utilize EFH Corp.'s NOLs to provide Reorganized TCEH with a tax basis step up worth more than $1 billion.

5. The Debtors' witnesses refused to testify regarding several of these issues by asserting attorney client privilege. Further, documents produced dealing with these issues were heavily redacted for privilege.

6. By way of example, during her deposition on August 4, 2016, Ms. Williamson, repeatedly refused to answer certain questions on advice of counsel.

7. Questions she was instructed not to answer include the following:



---

[3] The text in brackets is paraphrased, the text and relevant lines of questioning are attached as Exhibit B.



8. By further example, the Debtors also produced in connection with this Confirmation Hearing minutes from meetings of the EFH Corp. Board of Directors. Several of these meeting minutes refer to presentations by counsel for the EFH Corp., but redact the substance of the advice given. *See, e.g*., February 25, 2016 Board Presentation (EFH06323727; EFH06323729; EFH06323730; EFH06323733; EFH06323748-49); July 22, 2016 Board Presentation (EFH06365723; EFH06365725; EFH06365730; EFH06365744); July 27, 2016 Board Presentation (EFH06365765-67; EFH06365780; EFH06365789; EFH06365790; EFH06365793).

## ARGUMENT

9. The Debtors should not be permitted to submit evidence at trial on subject matters that they blocked discovery into with assertions of privilege. "The elements of the attorney-

client privilege are not designed to preclude the disclosure of relevant factual information." *Remington Arms Co. v. Liberty Mut. Ins. Co.,* 142 F.R.D. 408, 415-16 (D. Del. 1992).

10. It is well-established law that "the attorney-client privilege cannot at once be used as a shield and a sword." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (cited by *Travelers Cas. & Sur. Co. v. Insurance Co. of N. Am.,* 609 F.3d 143, 164 (3d Cir. 2010)); *see also Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 221 n.24 (3d Cir. 2006) ("[W]e remind the parties that the attorney-client privilege cannot be used as both a 'shield' and a 'sword': [plaintiff] cannot rely upon the legal advice it received for the purpose of negating its scienter without permitting [defendant] the opportunity to prove the surrounding circumstances and substance of that advice"); *Tracinda Corp. v. DaimlerChrysler AG*, 362 F.Supp. 2d 487, 513 (D. Del. 2005) ("The attorney client privilege should not be used as both a sword and a shield . . . . [A] party should not be permitted to use the privilege to shield information which it has deliberately chosen to use offensively").

11. Likewise, "[c]ourts have repeatedly held that, where a party 'blocked his adversary from conducting discovery on [his communications with counsel], he will not now be heard to advance reliance on counsel.'" *In re Residential Capital, LLC,* 491 B.R. 63, 68-69 (Bankr. S.D.N.Y. 2013) (quoting *E.G.L. Gem Lab Ltd. v. Gem Quality Inst., Inc.*, 90 F. Supp. 2d 277, 296 n.133 (S.D.N.Y. 2000)); *see also McLean v. Garage Mgmt. Corp.*, 2012 WL 1358739, at *7 (S.D.N.Y. Apr. 19, 2012) (precluding a party from offering defense based on good faith reliance on the advice of counsel after previous invocation of attorney-client privilege); *Arista Records LLC v. Lime Group LLC*, 2011 WL 1642434, at *2 (S.D.N.Y. 2011) (precluding defendants from offering evidence or argument at trial regarding their purported belief in the lawfulness of their conduct where defendants had blocked inquiry on the basis of privilege).

12.     The EFH Indenture Trustee anticipates that the Debtors will argue that its arguments are futile because the Court previously denied the October 2015 motion *in limine* filed by the EFH Committee to exclude evidence of the Debtors' consultation with counsel in support of EFH Corp.'s Motion to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement [D.I. 6741].  But the relief requested here is much more narrow.

13.     The EFH Committee asked the Court to prohibit the Debtors from justifying the Settlement Agreement based on consultation with counsel while at the same time refusing to disclose the contents of the advice.  The same issue was before the Court in *In re Capmark Fin. Grp. Inc.,* No. 09-13684-CSS, Hearing Tr. 152:9-154:3 (Oct. 14, 2010) (Sontchi, J.), the case on which the Court relied in denying the EFH Committee's motion *in limine*.

14.     Here, the EFH Indenture Trustee seeks a narrower and more specific order: (i) limiting testimony to the mere fact that legal advice was obtained on a narrowly defined subject; (ii) requiring that all testimony regarding the provision of legal advice be included in written direct testimony; and (iii) prohibiting the debtors from waiving the privilege concerning the content of any legal advice, or the content of any discussions where the privilege was asserted in any deposition, at trial.[4]

## CONCLUSION

WHEREFORE, for the foregoing reasons, the EFH Indenture Trustee respectfully requests that the Court:

1.     Grant the EFH Indenture Trustee's Motion;

---

[4] The last of these requests is especially important because it would be prejudicial to allow the Debtors to waive the privilege at trial when they blocked discovery.

5

2. Enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) limiting testimony to the mere fact that legal advice was obtained on a narrowly defined subject; (ii) requiring that all testimony regarding the provision of advice be included in written direct testimony; and (iii) prohibiting the debtors from waiving the privilege concerning the content of any legal advice, or the content of any discussions where the privilege was asserted in any deposition, at trial.

| | |
|---|---|
| Dated: Wilmington, DE<br>August 8, 2016 | **CROSS & SIMON, LLC**<br><br>/s/ *Christopher P. Simon*<br>Christopher P. Simon (No. 3697)<br>1105 North Market Street, Suite 901<br>Wilmington, Delaware 19801<br>Telephone: (302) 777-4200<br>Facsimile: (302) 777-4224<br>csimon@crosslaw.com<br><br>- and –<br><br>NIXON PEABODY LLP<br>Amanda D. Darwin<br>Richard C. Pedone<br>George J. Skelly<br>100 Summer Street<br>Boston, Massachusetts 02110<br>Telephone: (617) 345-1000<br>Facsimile: (617) 345-1300<br>adarwin@nixonpeabody.com<br>rpedone@nixonpeabody.com<br>gskelly@nixonpeabody.com<br><br>-and-<br><br>Christopher J. Fong<br>437 Madison Avenue<br>New York, NY 10022<br>Telephone: 212-940-3724<br>Facsimile: 855-900-8613<br>cfong@nixonpeabody.com<br><br>*Co- Counsel to American Stock Transfer &<br>Trust Company, LLC, as Indenture Trustee* |

**EXHIBIT 1**

**INDENTURES**

1. Indenture dated as of November 1, 2004, between Energy Future Holdings Corp. ("EFH"), as issuer, and the Indenture Trustee, as trustee, as amended and supplemented by the Officer's Certificate, dated as of November 26, 2004, the Supplemental Indenture, dated as of July 1, 2010, and the Second Supplemental Indenture, dated as of April 15, 2013 (collectively, the "Series P Indenture").

2. Indenture dated as of November 1, 2004, between EFH, as issuer, and the Indenture Trustee, as trustee, as amended and supplemented by the Officer's Certificate, dated as of November 26, 2004, the Supplemental Indenture, dated as of December 5, 2012, and the Second Supplemental Indenture, dated as of April 15, 2013 (collectively, the "Series Q Indenture").

3. Indenture dated as of November 1, 2004, between EFH, as issuer, and the Indenture Trustee, as trustee, as amended and supplemented by the Officer's Certificate, dated as of November 26, 2004, the Supplemental Indenture, dated as of December 5, 2012, and the Second Supplemental Indenture, dated as of April 15, 2013 (collectively, the "Series R Indenture").

4. Indenture dated as of November 16, 2009, between EFH, as issuer, and the Indenture Trustee, as trustee, as amended and supplemented by the Supplemental Indenture, dated as of January 25, 2013, and the Second Supplemental Indenture, dated as of April 15, 2013 (collectively, the "9.75% Senior Notes Indenture").

5. Indenture dated as of January 12, 2010, between EFH, as issuer, and the Indenture Trustee, as trustee, as amended and supplemented by the First Supplemental Indenture, dated as of March 16, 2010, the Second Supplemental Indenture, dated as of April 13, 2010, the Third Supplemental Indenture, dated as of April 14, 2010, the Fourth Supplemental Indenture, dated as of May 21, 2010, the Fifth Supplemental Indenture, dated as of July 2, 2010, the Sixth Supplemental Indenture, dated as of July 6, 2010, the Seventh Supplemental Indenture, dated as of July 7, 2010, the Eighth Supplemental Indenture, dated as of January 25, 2013, and the Ninth Supplemental Indenture, dated as of April 15, 2013 (collectively, the "10.00% Senior Notes Indenture").

6. Indenture dated as of October 31, 2007, among EFH, as issuer, the Guarantors party thereto and the Indenture Trustee, as trustee, as amended and supplemented by the First Supplemental Indenture, dated as of July 8, 2008, the Second Supplemental Indenture, dated as of August 3, 2009, the Third Supplemental Indenture, dated as of July 29, 2010, the Fourth Supplemental Indenture, dated as of October 18, 2011, and the Fifth Supplemental Indenture, dated as of April 15, 2013 (collectively, the "10.875% Senior Notes and 11.250%/12.000% Senior Toggle Notes Indenture", and collectively with the Series P Indenture, the Series Q Indenture, the Series R Indenture, the 9.75% Senior Notes Indenture, and the 10.00% Senior Notes Indenture, the "Indentures"