**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | Bankruptcy Case No. 14-10979 (CSS) |
| ENERGY FUTURE HOLDINGS CORP., *et* ) | (Jointly Administered) |
| *al.*,[1] ) | |
| ) | |
| *Debtors.* ) | |
| ) | |

**DEBTORS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO
PRECLUDE E-SIDE ASBESTOS CLAIMANTS FENICLE AND FAHY FROM RAISING
CERTAIN ARGUMENTS AT THE TCEH CONFIRMATION HEARING**

Energy Future Holdings Corp. and its affiliated debtors and debtors in possession

(collectively, the "Debtors") respectfully request that the Court preclude E-Side asbestos

claimants Shirley Fenicle, as successor-in-interest to the Estate of George Fenicle, and David

William Fahy ("Fenicle" and "Fahy," respectively) from raising a due process argument on

behalf of unmanifested claimants during the TCEH Confirmation Hearing.[2]

**PRELIMINARY STATEMENT**

Fenicle and Fahy do not have standing to raise due process arguments on behalf of

unmanifested asbestos plaintiffs during the TCEH Confirmation Hearing because Fenicle's and

Fahy's claims, if any, are all against E-Side debtors. A party has standing to object to a proposed

plan at a confirmation hearing only if it is "a party in interest" capable of demonstrating a

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Fenicle and Fahy alluded to the unmanifested claimants in their objection to the Second Amended Joint Plan, but did not object to it on that basis. *Objection of Fenicle, Fahy, and John H. Jones to Second Amended Joint Plan of Reorganization of Energy Future Holding Corp.* et al*, Pursuant to Chapter 11 of the Bankruptcy Code, Dated June 26, 2016* [D.I. 9209]. The Debtors file this motion out of an abundance of caution and because Fenicle and Fahy have objected to previous plans on this ground. Counsel to the Debtors will promptly confer with counsel to Fenicle and Fahy to confirm whether they intend to make an argument as to unmanifested claimants at the confirmation hearing.

concrete and particularized injury caused by the Debtor, or by confirmation of the plan, that can be redressed by a court order.  Fenicle and Fahy fail each part of this test.

*First*, the Debtors requested and the Court approved bifurcation of the confirmation process in this matter into separate T-Side and E-Side proceedings—which concern fundamentally different issues and parties—to minimize the burden on all parties and to promote the fair and equitable resolution of claims against each debtor entity.  The TCEH Confirmation Hearing will pertain only to the TCEH Debtors and the EFH Corporate Services Debtors.  The "E-Side" confirmation hearing will afford E-Side creditors such as Fenicle and Fahy an opportunity to object to confirmation of the Plan as to the Debtors against which they hold claims.  Because Fenicle and Fahy will have this full opportunity at a later date to contest notice issues related to unmanifested asbestos claimants, and because the confirmation of the Plan as to the TCEH Debtors does not have an impact on their potential recovery, Fenicle and Fahy have no injury which can be redressed during the TCEH Confirmation Hearing.

*Second*, because Fenicle and Fahy will not be injured by confirmation of the T-Side plan, they cannot show a causal relationship between confirmation of the plan and an injury.  For the same reason, Fenicle and Fahy cannot show that a court order would redress an injury.

For the reasons set forth herein, Fenicle and Fahy do not have standing, and the Debtors respectfully request the Court preclude Fenicle and Fahy from raising a due process argument on behalf of unmanifested claimants during the TCEH Confirmation Hearing.

## BACKGROUND

1.      The Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code on April 29, 2014.  On December 6, 2015, the Debtors filed their *Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp. et al. Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 7235] (the "Prior Plan").  By the time the confirmation hearing ended, Fenicle and Fahy

were among the few remaining objectors, and the Prior Plan was confirmed over their objections on December 9, 2015 [D.I. 7285].

2.      The Prior Plan required certain conditions precedents, including regulatory approvals, to occur before becoming effective.  Because a conditions precedent did not occur, the Prior Plan was rendered null and void.

3.      On May 1, 2016, the Debtors filed (i) the *Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 8355] (the "New Plan"), (ii) the *Disclosure Statement for the New Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 8356], and (iii) the *Motion of Energy Future Holdings Corp.*, et al., *for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement* [D.I. 8358] (the "Motion for Scheduling Order").  The Motion for Scheduling Order called for bifurcated confirmation hearings.

4.      On May 24, 2016, the Court approved the proposed bifurcated procedures and entered the *Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement* [D.I. 8514] (the "Scheduling Order").  The Scheduling Order bifurcated the Disclosure Statement and Confirmation Hearing procedures for the two groups: (i) "the TCEH Debtors (as defined in the New Plan, but also including the EFH Corporate Services Debtors)" (Scheduling Order ¶7), and (ii) "the E-Side Debtors" (Scheduling Order ¶ 8).

5.      On June 10, 2016, the Debtors filed the *Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy*

*Code* [D.I. 8687] and *Second Amended Disclosure Statement for the Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 8689].

6.      On June 16, 2016, the Debtors filed the *Third Amended Disclosure Statement for the Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 8753].

7.      Fenicle and Fahy have asserted asbestos claims against four debtor entities— EECI, Inc. (Case No. 14-10992), EEC Holdings (Case No. 14-10990), LSGT Gas Co. LLC (Case No. 14- 11039), and LSGT SACROC, Inc. (Case No. 14-11012)—all of whom are E-Side debtors. Fenicle and Fahy have not asserted any claims against T-Side debtors or an independent interest in the T-Side proceedings, but in a letter to the Debtors' counsel, Fenicle and Fahy did suggest that their claims might be effectively impaired by confirmation of the T-Side plan if implementation of the plan left the E-Side undercapitalized.  (Letter from S. Kazan to M. Esser at 2, June 22, 2016 (Ex. A) ("[U]nder the new plan, the T-side plan could be confirmed, the assets dealt with, and relatively little left on the E-side for when we get around to resolving that part of the case. We have sought discovery to clarify the extent to which these receivables will in fact have value.").)

8.      On July 13, 2016, Fenicle and Fahy served a preliminary witness list identifying four witnesses they intended to testify at trial and identifying thirteen additional "may call" witnesses. (Fenicle and Fahy's Witness and Exhibit Lists for Trial on the T-Side Confirmation of the Debtors' Plan of Reorganization, Jul. 13, 2016 (Ex. B).)  On August 4, 2016, in implicit recognition of the lack of any real interest in the TCEH Confirmation Hearing, Fenicle and Fahy filed a final Witness and Exhibit list indicating that they do not intend to call witnesses or offer exhibits at trial.  (Fenicle

and Fahy's Witness and Exhibit Lists for Trial on the T-Side Confirmation of the Debtors' Plan of Reorganization, Aug. 4, 2016 (Ex. C).)  Still, however, Fenicle and Fahy indicated that they may choose to question witnesses called by other parties.  *Id*.

## ARGUMENT

9.      Before objecting to confirmation of a plan, the would-be objector must demonstrate that it has constitutional standing and standing under the Bankruptcy Code.  *In re Flintkote Co.*, 526 B.R. 515, 521 (D. Del. 2014).

10.     Demonstrating constitutional standing requires proof of three elements:  "(1) a concrete and particularized injury, (2) a causal connection between the injury and the conduct complained of, and (3) redressability."  *Id*.  Injury is sufficient under the first element only if it is an "invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *In re W.R. Grace & Co.*, 532 F. App'x 264, 266–67 (3d Cir. 2013); *see also id.* ("[a]llegations of possible future injury" generally "not sufficient to satisfy" this standard); *In re W.R. Grace & Co.*, 475 B.R. 34, 181 (D. Del. 2012) ("The law is clear, however, that in order to satisfy the requirements of standing, a party must show that it has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged [ ] conduct") (internal quotation marks omitted).  "The second and third elements of constitutional standing provide that the party's injury must be fairly traceable to the defendant's conduct, and that a favorable decision from the court could likely alleviate the injury. These two elements are 'closely related,' and therefore 'often overlap.'"  *Id*. at 184 (internal citations omitted).

11.     Under the bankruptcy code, only a "party in interest" has standing to "object to confirmation of a plan."  11 U.S.C. § 1128(b).  The Third Circuit defines a party in interest as an entity or individual "who has a legally protected interest that could be affected by a bankruptcy

proceeding." *In re Glob. Indus. Techs., Inc.*, 645 F.3d 201, 210 (3d Cir. 2011) (adopting standard

from *In re James Wilson Associates,* 965 F.2d 160, 169 (7th Cir. 1992)).  Applying this definition,

"courts have found that a party in interest in a bankruptcy case must have some legally protected

interest that either has been adversely affected (thereby warranting judicial relief) or that is in actual

danger of being adversely affected (if relief is not granted)." *In re W.R. Grace & Co.*, 475 B.R. at

177 (internal quotation marks omitted).  Standing under the Bankruptcy Code is thus "effectively

coextensive" with constitutional standing.  *In re Glob. Indus. Techs., Inc.*, 645 F.3d at 211.

I.    **CONFIRMING THE T-SIDE PLAN WITHOUT ADJUDICATING FENICLE AND FAHY'S DUE PROCESS ARGUMENT WILL NOT INJURE THEM.**

12.    Fenicle and Fahy will not be injured by confirmation of a T-Side plan that does not

provide for a set aside as to unmanifested asbestos plaintiffs because they do not purport to have

claims against the TCEH Debtors or the EFH Corporate Services Debtors.  That fact alone is

sufficient to find that Fenicle and Fahy are not parties in interest with standing to raise this argument

at the TCEH Confirmation Hearing.

13.    The only ground on which Fenicle and Fahy could claim an interest in the T-Side

proceedings is as *E-Side* creditors.  Their status as E-Side creditors may permit them to participate on

an appropriate subject, but it cannot provide a basis for litigating E-Side asbestos claims against T-

Side debtors.  It is well established that contingent, speculative injuries of that kind do not create

constitutional standing.  *In re W.R. Grace & Co.*, 475 B.R. at 181 ("The law is clear, however, that in

order to satisfy the requirements of standing, a party must show that it has sustained or is

immediately in danger of sustaining some direct injury as the result of the challenged [ ] conduct")

(internal quotation marks omitted).  Fenicle and Fahy have not yet suffered an injury, and there is no

evidence to suggest that an injury is imminent.

14.     Permitting Fenicle and Fahy to impose a discrete E-Side agenda on the TCEH Confirmation Hearing would also defeat the purpose of bifurcating this matter into T-Side and E-Side proceedings.  Fenicle and Fahy may make their objects to the treatment of unmanifested asbestos claims, if any, at the E-Side confirmation hearings.

## II.     FENICLE AND FAHY CANNOT SHOW THAT CONFIRMATION OF THE T-SIDE PLAN WOULD CAUSE THEM HARM OR THAT A DECISION OF THE COURT WOULD REDRESS THE HARM.

15.     Fenicle and Fahy do not have standing to participate in the TCEH Confirmation Hearing for the additional reason that they cannot demonstrate that confirmation of the T-Side plan would cause them harm or that a decision of the Court would redress that harm.  It is well-established that where, as here, there is no injury, there is neither causation nor grounds for redress.  *W.R. Grace & Co.*, 475 B.R. at 184 (given a failure "to establish a likelihood of injury here that is attributable to [debtor], it follows that a federal court ruling will not remedy allegedly aggrieved" party).

## <u>CONCLUSION</u>

For the foregoing reasons, the Debtors respectfully request entry of an order precluding Fenicle and Fahy from raising a claim on behalf of unmanifested, potential claimants during the TCEH Confirmation Hearing and awarding the Debtors such other and further relief as the Court deems just and proper.

*[Remainder of page intentionally left blank.]*

Dated: August 8, 2016
      Wilmington, Delaware

*/s/ Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:       collins@rlf.com
             defranceschi@rlf.com
             madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:       edward.sassower@kirkland.com
             stephen.hessler@kirkland.com
             brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini  (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:       james.sprayregen@kirkland.com
             marc.kieselstein@kirkland.com
             chad.husnick@kirkland.com
             steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession