**IN THE UNITED STATES BANKRUTPCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: August 17, 2016 at 10:00 a.m. (ET) |
| | Re: Dkt No. 9188 |

**OBJECTION OF BORAL MATERIAL TECHNOLOGIES, LLC TO
PLAN SUPPLEMENT AND PROPOSED CURE AMOUNTS**

Boral Material Technologies, LLC ("BMT") hereby objects to the cure amounts listed in the Debtors' Assumption Schedule (the "Assumption Schedule") attached as Exhibit B to the Debtors' Plan Supplement (the "Plan Supplement") filed on August 3, 2016 [D.I. 9188]. In support hereof, BMT states as follows:

1.  BMT and Luminant Generation Company, LLC ("Luminant") are parties to (i) that certain By-Products Marketing & Management Agreement dated December 19, 2013, related to the disposal of fly ash and related services at Luminant's Monticello Power Plant in Mount Pleasant, Texas (the "Monticello Agreement") and (ii) that certain By-Products Marketing & Management Agreement dated December 19, 2013, related to the disposal of fly ash and related services at Luminant's Big Brown Power Plant in Fairfield, Texas (the "Big Brown Agreement" and, together with the Monticello Agreement, the "Agreements").

2.  In connection with the Plan Supplement, the Debtors have indicated that they intend to assume the Agreements. *See* Assumption Schedule Reference Numbers 333 & 334.[1]

---

[1] The Assumption Schedule states that Luminant's counterparty under the Agreements is Boral Material Technologies, Inc., however, Boral Material Technologies, LLC is the correct counterparty under the Agreements.

The Assumption Schedule lists the proposed cure amounts for the Agreements as $7,317.81 and $7,908.00 (collectively, the "Cure Amounts," and each, individually, a "Cure Amount"). *Id.* Based on the information provided in the Assumption Schedule, BMT is unable to determine which Cure Amount purports to relate to each Agreement. BMT objects to the proposed Cure Amounts.

3. The proper Cure Amount due and owing to BMT for the Monticello Agreement is $21,041.90 (the "Monticello Cure Amount"). Invoices that reflect the Monticello Cure Amount were attached to BMT's proof of claim filed on September 10, 2014, and are attached hereto as Exhibit A.

4. The proper Cure Amount due and owing BMT for the Big Brown Agreement is $19,471.50 (the "Big Brown Cure Amount"). Invoices that reflect the Big Brown Cure Amount were attached to BMT's proof of claim filed on September 10, 2014, and are attached hereto as Exhibit B.

5. The invoices underlying the Monticello Cure Amount and the Big Brown Cure Amount remain unpaid.

6. Pursuant to 11 U.S.C. § 365(b), the Debtors are required to cure all defaults under the Agreements prior to their assumption. Accordingly, BMT is entitled to a total Cure Amount of $40,513.40 in connection with the Debtors' proposed assumption of the Agreements.

WHEREFORE, BMT respectfully requests that the Court order the Debtors to pay $40,513.40 in connection with the proposed assumption of the Agreements.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted this 10th day of August, 2016.

**WHITEFORD, TAYLOR & PRESTON LLC**

*/s/ L. Katherine Good*
L. Katherine Good (DE Bar No. 5101)
The Renaissance Centre, Suite 500
405 North King Street
Wilmington, DE 19801-3700
Telephone: (302)357-3265
kgood@wtplaw.com

**ALSTON & BIRD, LLP**

Sage M. Sigler (*pro hac vice application forthcoming*)
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309-3424
Telephone: (404)881-7000
sage.sigler@alston.com

*Attorneys for Boral Material Technologies, LLC*