IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re                                                            :    Chapter 11
                                                                 :
ENERGY FUTURE HOLDINGS CORP. *et al.*,                           :    Case No. 14-10979 (CSS)
                                                                 :
        Debtors-in-Possession.               :    (Jointly Administered)
---------------------------------------------------------------- x

**FEE COMMITTEE'S REPORT CONCERNING UNCONTESTED INTERIM FEE
APPLICATIONS AND SECTION 503(b) FEE REQUESTS FOR HEARING AT
SCHEDULED OMNIBUS HEARING ON AUGUST 16, 2016 AT 10:00 A.M.**

TO:    THE HONORABLE CHRISTOPHER S. SONTCHI,
          UNITED STATES BANKRUPTCY JUDGE:

The Fee Committee appointed in the above-captioned chapter 11 cases (the "Fee Committee") respectfully submits this report (the "Report") concerning four interim fee applications (each an "Application" and, collectively, the "Applications") and requests that they be approved on an uncontested basis at the omnibus hearing scheduled for August 16, 2016. The Report covers the applications for fees and expenses filed by four Retained Professionals, largely—but not exclusively—for the Fifth Interim Fee Period (September 1, 2015 through December 31, 2015).

In addition, with this Report, the Fee Committee recommends the Court's approval of the request of Morris James, LLP, one of the professional firms that has requested estate reimbursement of professional fees based on the Court's ruling on the December 2015 Plan Confirmation and the Amended Order Confirming the Sixth Amended Joint Plan of Reorganization (the "December 9th Confirmation Order") (D.I. 7285) that certain non-retained professionals may be compensated pursuant to 11 U.S.C. § 503(b).

9428075 v1

## EXECUTIVE SUMMARY

This report supplements the report filed on June 23, 2016 addressing interim fee applications primarily for the Fifth Interim Fee Period and heard and approved on June 27, 2016. To arrive at the recommendations in this Report, the Fee Committee, under Chairman Richard Gitlin, met on July 12, 2016, engaging in extensive discussion concerning Applications that, for various reasons, were not ready for Court review in June. As in the previous reporting periods, the Fee Committee had authorized individual draft Letter Reports for each Retained Professional, and it discussed and evaluated the responses from the Retained Professionals to the Letter Reports.[1]

The Fee Committee's review continued to focus on compliance with the applicable requirements and guidelines established by the Bankruptcy Code, the Executive Office of the U.S. Trustee, and the Fee Committee, and its conclusions were consistent with those drawn in the June 23, 2016 Report addressing a much larger group of Applications.

To date, the total fees requested on an interim basis and approved or recommended for approval by the Fee Committee are set forth below:[2]

| CUMULATIVE TOTAL OF INTERIM FEES AND EXPENSE REIMBURSEMENTS REQUESTED ||||||
| NUMBER OF APPLICANTS | HEARING DATE | APPROVED BY THE COURT || RECOMMENDED BY FEE COMMITTEE FOR APPROVAL ON 8/16/16 ||
| | | FEES APPROVED | EXPENSES APPROVED | FEES | EXPENSES |
| FIRST INTERIM FEE PERIOD: APRIL 29, 2014 THROUGH AUGUST 31, 2014 ||||||
| 4 | December 29, 2014 | $12,862,747.75 | $353,843.86 | | |
| 1 | January 26, 2015 | $24,511,927.32 | $1,122,860.04 | | |
| 5 | February 18, 2015 | $16,517,565.76 | $820,543.45 | | |
| 6 | June 24, 2015 | $7,660,577.80 | $197,488.77 | | |
| 1 | February 18, 2016 | $1,092,339.62 | $166,506.74 | | |
| SECOND INTERIM FEE PERIOD: SEPTEMBER 1, 2014 THROUGH DECEMBER 31, 2014 ||||||
| 12 (professionals' 1st applications) | June 24, 2015 | $7,542,288.16 | $211,020.11 | | |

---

[1] Capitalized terms not otherwise defined shall have the meanings in prior Fee Committee Reports.

[2] A complete schedule of interim fee applications scheduled for hearing, along with the Fee Committee's recommended deductions, is attached as **Exhibit A**.

2

9428075 v1

| | | | | | |
|---|---|---|---|---|---|
| 12 (professionals' 2d applications) | June 24, 2015 | $50,892,491.94 | $2,852,293.26 | | |
| 1 (professional's 2d application) | October 26, 2015 | $3,134,247.50 | $199,105.35 | | |
| 1 (professional's 1st application) | February 18, 2016 | $94,193.77 | $2,089.63 | | |
| 3 (professionals' 2d applications) | February 18, 2016 | $1,648,332.99 | $157,254.96 | | |
| **THIRD INTERIM FEE PERIOD: JANUARY 1, 2015 THROUGH APRIL 30, 2015** | | | | | |
| 2 (professionals' 1st applications) | October 26, 2015 | $987,931.08 | $42,344.81 | | |
| 12 (professionals' 2nd applications) | October 26, 2015 | $21,696,829.99 | $731,858.25 | | |
| 12 (professionals' 3rd applications) | October 26, 2015 | $60,299,188.35 | $3,817,467.39 | | |
| 4 (professionals' 3d applications) | February 18, 2016 | $4,938,192.06 | $268,426.89 | | |
| **FOURTH INTERIM FEE PERIOD: MAY 1, 2015 THROUGH AUGUST 31, 2015** | | | | | |
| 1 (professional's 1st application) | February 18, 2016 | $424,647.50 | $5,446.69 | | |
| 2 (professionals' 2d applications) | February 18, 2016 | $850,583.00 | $28,884.65 | | |
| 11 (professionals' 3d applications) | February 18, 2016 | $19,074,204.14 | $283,355.34 | | |
| 12 (professionals' 4th applications) | February 18, 2016 | $49,343,624.32 | $2,548,324.99 | | |
| 4 (professionals' 4th applications) | June 27, 2016 | $3,035,668.80 | $236,148.39 | | |
| **FIFTH INTERIM FEE PERIOD: SEPTEMBER 1, 2015 THROUGH DECEMBER 31, 2015** | | | | | |
| 2 (professionals' 1st applications) | June 27, 2016 | $175,760.00 | $3,857.46 | | |
| 1 (professional's 2d application) | June 27, 2016 | $281,802.50 | $10,157.44 | | |
| 2 (professionals' 3d applications) | June 27, 2016 | $887,762.50 | $15,830.22 | | |
| 9 (professionals' 4th applications) | June 27, 2016 | $10,864,406.87 | $397,813.65 | | |
| 13 (professionals' 5th applications) | June 27, 2016 | $39,814,076.67 | $2,024,231.89 | | |
| 2 (professionals' 5th applications) | August 16, 2016 | | | $585,198.07 | $26,817.89 |
| 2 (professionals' 4th applications) | August 16, 2016 | | | $11,833,551.11 | 866,483.74 |
| **FINAL FEE APPLICATION** | | | | | |
| 1 (professional's first and final application) | February 18, 2016 | $300,000.00 | $0.00 | | |

The Fee Committee's review of the fee requests pursuant to section 503(b) is ongoing. While only one section 503(b) fee request is ready for the Court's review on August 16, 2016, a brief summary of the process is as follows: On December 14, 2015, following the entry of the December 9th Confirmation Order, the Fee Committee sent a memorandum to all professionals expected to seek estate reimbursement for fees and expenses pursuant thereto. That

3

9428075 v1

memorandum asked that professionals submit a summary identifying their clients, disclosing the terms of their representation, and describing in general terms their role in these cases. The Fee Committee also requested electronic billing data in the same format required of all Retained Professionals. To date, 17 professional firms submitted memorandum fee requests under this process.

After counsel's initial review of these materials, the Fee Committee engaged in extensive discussions at its meetings in March, April, and May of 2016 regarding the appropriate treatment of the requests. Because not all of the requesting professionals followed bankruptcy billing conventions, many of the analytical tools available for the Retained Professional fee requests could not be used to review these section 503(b) requests. As a result, the Fee Committee concluded that it would issue letter reports to requesting professionals that, generally, did *not* seek wholesale deductions for some billing deficiencies such as vague and block timekeeping, failure to keep time in tenth-hour increments, and failure to maintain segregated matter numbers. Rather, the letter reports outlined the general categories of services identified and reviewed. Where the Fee Committee questioned the expenditure of resources in a particular task category, the letter report so noted and requested additional information.

In addition, the Fee Committee attempted to apply the same expense guidelines and limits applied to Retained Professionals to the section 503(b) fee requests. In many instances, the Fee Committee was unable to do so with the information provided and requested additional detail or documentation to verify compliance with the quantitative expense limitations placed on Retained Professionals. Certain professionals did, however, supply additional information as requested.

The Fee Committee issued letter reports to all of the 503(b) applicants, and continues to have informal discussions with many of them. Only one fee application is presented for approval

by the Court on August 16, 2016. The Fee Committee will not be able to meaningfully report on the other 503(b) fee requests until the professionals have provided the additional detail and documentation requested. The 503(b) fee request recommended for Court approval is as follows:

| 503(B) FEE REQUESTS | | | | | |
|---|---|---|---|---|---|
| NUMBER OF APPLICANTS | HEARING DATE | APPROVED BY THE COURT | | RECOMMENDED BY FEE COMMITTEE FOR APPROVAL ON 8/16/16 | |
| | | FEES APPROVED | EXPENSES APPROVED | FEES | EXPENSES |
| 1 | August 16, 2016 | | | $152,001.50 | $584.76 |

## THE APPLICATIONS

Four uncontested interim fee applications by Retained Professionals are scheduled to be heard by the Court on August 16, 2016. The issues identified in each Application are summarized below.

### FOURTH INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE FIFTH INTERIM FEE PERIOD: SEPTEMBER 1, 2015 THROUGH DECEMBER 31, 2015

1. *Fourth Interim Application of Montgomery, McCracken, Walker & Rhoads, LLP as Delaware Bankruptcy Counsel and Conflicts Counsel to the EFH Official Committee for Compensation and Reimbursement of Expenses for the Period of September 1, 2015 Through December 31, 2015* [D.I. 7868].

On February 17, 2016, Montgomery, McCracken, Walker & Rhoads, LLC ("Montgomery") filed its Fourth Fee Application seeking $2,979,882.00 in fees and $210,619.88 in expenses. In its Letter Report to Montgomery, the Fee Committee identified several issues of concern, including over attendance at hearings, depositions, and meetings and expenses that exceeded Fee Committee caps. Montgomery subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

5

9428075 v1

   2. *Fourth Interim Application of Sullivan & Cromwell LLP as Counsel to the EFH Committee for Interim Approval and Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period From September 1, 2015 Though and Including December 31, 2015* [D.I. 7822].

On February 12, 2016, Sullivan & Cromwell LLP ("Sullivan") filed its Fourth Fee Application seeking $9,170,708.50 in fees and $694,156.16 in expense reimbursements. In its Letter Report to Sullivan, the Fee Committee identified several issues of continuing concern, including staffing issues and excessive attendance at depositions and hearings. Sullivan subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

### FIFTH INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE FIFTH INTERIM FEE PERIOD: SEPTEMBER 1, 2015 THROUGH DECEMBER 31, 2015

   3. *Fifth Interim Application of Polsinelli PC as Delaware Counsel and Conflicts Counsel for the Official Committee of TCEH Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Period September 1, 2015 Through December 31, 2015* [D.I. 7897].

On February 19, 2016, Polsinelli PC ("Polsinelli") filed its Fifth Fee Application requesting $573,465.50 in fees and $25,451.29 in expense reimbursements. In its Letter Report to Polsinelli, the Fee Committee identified significant issues of concern, including excessive time spent reviewing and monitoring the retention and fee applications of professionals for which Polsinelli did not serve as local counsel. The Fee Committee has advised Polsinelli in prior fee periods that these charges are not compensable, but the professional continues to apply for them. In addition, the Fee Committee recommended deductions for over attendance at hearings and certain non-compensable or undocumented expenses. Polsinelli subsequently either provided

adequate explanation for these issues or agreed to the adjustments set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

> 4. *Fifth Interim Fee Application of Sidley Austin LLP as Special Counsel to the Debtors and Debtors in Possession for Compensation for Services Rendered and Reimbursement of Expenses for the Period of September 1, 2015 Through December 31, 2015* [D.I. 8237].

On April 15, 2016, Sidley filed its Fifth Fee Application seeking $52,057.00 in fees and $1,704.51 in expense reimbursements. In its Letter Report to Sidley, the Fee Committee expressed no concerns about the fees but noted significant problems with the expense submission. Sidley provided proper expense documentation and agreed to the minor adjustment set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

In addition, one request for fees under 11 U.S.C. § 503(b) is scheduled to be heard by the Court on August 16, 2016.

> 5. *Morris James, LLP, Delaware counsel to Law Debenture Trust Company New York as indenture trustee for the 10.25% Senior Notes due 2015, the 10.25% Senior Notes due 2015, the 10.25% Senior Notes due November 1, 2015, Series B, and the 10.50%/11.25% Senior Toggle Notes due November 1, 2106 issued by Texas Competitive Electric Holdings Company, LLC and TCEH Finance, Inc. pursuant to the Indenture dated October 31, 2011 and as amended thereafter.*

On January 27, 2016, Morris James LLP ("Morris James") submitted a memorandum to the Fee Committee requesting $152,001.50 in fees and $782.01 in expense reimbursements. In its Letter Report to Morris James, the Fee Committee itemized the categories in which Morris James timekeepers provided services and the approximate fees expended on each task:

- First Day matters – preparing and filing *pro hac vice* documents, making initial appearances, and evaluating first day filings – 21.1 hours, $10,712.00;

7

- Preparing and filing objections and joinders to DIP financing motions – 47.4 hours, $24,126.50;

- Hearing preparation and attendance – 59.1 hours, $28,664.00;

- Evaluating, commenting on, or participating in proceedings involving the Plan and Disclosure statement, including related discovery disputes – 30.3 hours, $15,398.00;

- Monitoring matters related to the bid procedures motion – 42.5 hours, $21,889.50;

- Monitoring matters related to the exclusivity motions – 11.6 hours, $4,754.00;

- Preparing for and attending committee calls – 15.1 hours, $8,994.50; and

- Preparing and filing the standing motions – 18.1 hours, $7,568.50.

The Fee Committee, with significant involvement by the creditors' representative on the Committee, determined that these tasks appeared largely consistent with those performed by similarly-situated Delaware counsel who are Retained Professionals. The Fee Committee identified roughly 40 hours of task descriptions that, under the standards applied to Retained Professionals, would have been questioned for adjustment—primarily communications with no participant or subject matter identified. However, the Fee Committee did not recommend deductions for these billing deficiencies in light of the Fee Committee's approach to section 503(b) submissions. The Fee Committee did identify modest expense requests in excess of case-specific caps, and Morris James agreed to the adjustment of its expense request to comply with all applicable caps. The Fee Committee, therefore, recommends that the Morris James request be approved in the adjusted amount identified on the attached **Exhibit A**.

## CONCLUSION

Based on all of the above, the Fee Committee respectfully requests that the Court enter the order attached as **Exhibit B** approving the Applications outlined in this Report and on the

9428075 v1

attached **Exhibit A**, subject to the agreed reductions summarized in the exhibit and, for Retained Professionals, subject to further review and the final fee application process.

Dated: August 11, 2016.

        **BENESCH, FRIEDLANDER,**
          **COPLAN & ARONOFF LLP**

        */s/ Jennifer R. Hoover*
        Jennifer R. Hoover, Esquire (5111)
        William M. Alleman, Jr., Esquire (5449)
        222 Delaware Avenue, Suite 801
        Wilmington, DE 19801
        302-442-7010 telephone
        302-442-7012 facsimile
        E-mail: jhoover@beneschlaw.com
              walleman@beneschlaw.com

        -and-

        GODFREY & KAHN, S.C.

        */s/ Katherine Stadler*
        Katherine Stadler, *Admitted Pro Hac Vice*
        GODFREY & KAHN, S.C.
        One East Main Street, Suite 500
        P.O. Box 2719
        Madison, Wisconsin 53701-2719
        Telephone: (608) 257-3911
        Facsimile: (608) 257-0609
        E-mail: bwilliam@gklaw.com
              kstadler@gklaw.com

        *Attorneys for the Fee Committee*

15956333.2

9428075 v1