## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket No. 9219, 9220** |
| | **Hearing Date: August 17, 2016 at 10:00 a.m.**<br>**Objections Due: August 12, 2016 by 6:00 p.m.**[1] |

**RESPONSE OF SHIRLEY FENICLE AND WILLIAM FAHY TO DEBTORS' MOTION *IN LIMINE* TO PRECLUDE E-SIDE ASBESTOS CLAIMANTS FENICLE AND FAHY FROM RAISING CERTAIN ARGUMENTS AT THE
TCEH CONFIRMATION HEARING**

Shirley Fenicle, individually and as successor-in-interest to the Estate of George Fenicle, David William Fahy, by their undersigned counsel, hereby submit this Response to the *Debtors' Motion* in Limine *to Preclude E-Side Asbestos Claimants Fenicle and Fahy From Raising Certain Arguments at the TCEH Confirmation Hearing*, dated August 8, 2016 (D.I. 9219) (the "**Motion *in Limine***" or "**Motion**).[2]  In support of this response, Ms. Fenicle and Mr. Fahy respectfully state as follows:

### PRELIMINARY STATEMENT

In their Motion, without addressing any arguments set out in Ms. Fenicle and Mr. Fahy's objection to the T-Side Plan, the Debtors assert that Ms. Fenicle and Mr. Fahy do not have

---

[1]     The August 11, 2016 response deadline fixed by the Court's Scheduling Order was extended to August 12, 2016 by agreement of the Debtors and the affected parties.  *See* Notice of Extension of Deadline by Which Participating Parties Must File Objections to Pending Motions *in Limine*, Aug. 11, 2016, D.I. 9256.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the New Plan.

standing to object to the T-Side Plan, and seek an order precluding Ms. Fenicle and Mr. Fahy from making any due process arguments on behalf of unmanifested claimants.

The Motion must be denied.  The T-Side Plan would diminish the assets of the E-Side Debtors, which would harm all unsecured E-Side creditors, including Ms. Fenicle and Mr. Fahy. There can be no serious dispute that Ms. Fenicle and Ms. Fahy would suffer an injury in fact if the T-Side Plan were confirmed, and thus have standing as parties in interest to object to confirmation.  In addition, the Court cannot preclude Ms. Fenicle and Mr. Fahy from asserting any due process arguments: a court cannot control a party's legal arguments, and to do so would be an impermissible prior restraint on speech.

## **BACKGROUND**

Ms. Fenicle and Mr. Fahy have asbestos-related personal injury and wrongful death claims against the EFH Debtors.  Ms. Fenicle is the successor-in-interest to the estate of George Fenicle, a mesothelioma victim, and also was exposed to asbestos brought home by her husband on his clothing.  Mr. Fahy is a mesothelioma claimant.  Ms. Fenicle and Mr. Fahy filed proofs of claim, and are members of the E-Side official creditors' committee,[3] which was appointed to represent the interests of unsecured creditors of certain Debtors, including EECI, Inc.  *See* Notice of Appointment of Committee of Unsecured Creditors, D.I. 2570.

The Debtors filed the Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, D.I. 7187 (the "**Sixth Amended Plan**"), on December 1, 2015.  Under the Sixth Amended Plan, asbestos-related

---

[3]    The E-Side Committee is composed of creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. *See In re Energy Future Holdings Corp.* ("**EFH**"), 522 B.R. 520, 524 n.7 (Bankr. D. Del. 2015).  No separate committee was appointed to represent the interests of creditors with claims against EEC Holdings, LSGT Gas Co. LLC, and LSGT SACROC, Inc. (together with EECI, Inc., the "**Asbestos Debtors**").

personal injury and wrongful death claims for which timely proofs of claim were filed were reinstated, but the Sixth Amended Plan purported to discharge all other such claims, including the claims of persons who, post-confirmation, will suffer injuries caused by prepetition exposure to Debtors' asbestos-containing products ("**Unmanifested Claimants**"), even though such claims had not accrued under applicable state law ("**Unmanifested Claims**").

The Court confirmed the Sixth Amended Plan, and overruled "on the merits" objections raised by Ms. Fenicle and Mr. Fahy that the discharge of Unmanifested Claims would violate the due process rights of Unmanifested Claimants.  *See* Order Confirming the Sixth Am. Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code ¶ 8, at 10, Dec. 7, 2015, D.I. 7244, *amended* Dec. 9, 2015, D.I. 7285 (as amended, the "**Confirmation Order**").

Ms. Fenicle and Mr. Fahy appealed the Confirmation Order to the United States District Court for the District of Delaware (the "**Appeal**").  *See* Notice of Appeal, *Fenicle v. Energy Future Holdings Corp.*, No. 15-1183 (D. Del. Dec. 21, 2015) (D.I. 1); *see also* Br. of Appellants Shirley Fenicle and David William Fahy, *Fenicle*, No. 15-1183 (D. Del. Mar. 21, 2016) (D.I. 26).  That Appeal is pending before the District Court.[4]  Also pending before the District Court is a motion to join as an appellant John H. Jones—an Unmanifested Claimant who was exposed the

---

[4]      On May 4, 2016, the Debtors moved to dismiss the Appeal as moot.  *See* Appellees' Mot. to Dismiss Fenicle and Fahy Appeal, *Fenicle*, No. 15-1183 (D. Del. May 4, 2016) (D.I. 38).  Ms. Fenicle and Mr. Fahy opposed that motion, and have demonstrated, *inter alia*, that the appeal is not moot because the Debtors' New Plan contains identical discharge provisions to those at issue in the Appeal.  *See* Resp. of Appellants Fenicle and Fahy to Appellees' Mot. to Dismiss Fenicle and Fahy Appeal, *Fenicle*, No. 15-1183 (D. Del. May 23, 2016) (D.I. 47); *see also* Decl. of Leslie M. Kelleher in Support of Mot. for Leave to File Sur-Reply in Opp'n to Appellees' Mot. to Dismiss Fenicle and Fahy Appeal at Ex. A, *Fenicle*, No. 15-1183 (D. Del. June 8, 2016) (D.I. 54).

Debtors' asbestos prepetition, and was diagnosed with mesothelioma post-petition.[5]  *See* Mot. for

Joinder of Putative Appellant John H. Jones, *Fenicle*, No. 15-1183 (D. Del. July 15, 2016) (D.I.

59).

The Sixth Amended Plan was not consummated, and the Debtors filed a revised plan.

*See* Third Am. Joint Plan of Reorganization of Energy Future Holdings, *et al.*, Pursuant to

Chapter 11 of the Bankruptcy Code, D.I. 9199-A (the "**New Plan**").  This Court has ordered

bifurcated confirmation proceedings for the New Plan with regard to the TCEH Debtors (the "**T-

Side Plan**") and with regard to the E-Side Debtors (the "**E-Side Plan**").[6]

On August 8, 2016, Ms. Fenicle, Mr. Fahy, and Mr. Jones (the "**Objectors**") filed an

objection to the T-Side Plan.  *See* Obj. of Shirley Fenicle, William Fahy, and John H. Jones to

Second Am. Joint Plan of Reorganization of Energy Future Holding Corp., *et al.*, Pursuant to

Chapter 11 of the Bankruptcy Code, D.I. 9209 (the "**Objection**").  The Objection sets out three

grounds on which the Court must deny confirmation of the T-Side plan.

*First*, the New Plan provides that if the TCEH Debtors are reorganized through a tax-free

spin-off, Reorganized TCEH will use net operating losses ("**NOLs**") owned by EFH Corp. to

---

[5]     Mr. Jones was exposed to asbestos while working at the Hanford Nuclear Plant in Washington State, which is on the EECI site list filed in these bankruptcy cases. *See* Notice of Intent to Participate in Disclosure Statement Proceedings and Confirmation Proceedings for New Plan ¶ 3, Aug. 1, 2016, D.I. 9165 ("**Jones Notice of Intent**"); *see also* Aff. of Service at 34, Sept. 11, 2015, D.I. 5937. Mr. Jones was diagnosed with metastatic malignant mesothelioma on December 14, 2015. *See* Jones Notice of Intent ¶ 3. Mr. Jones did not file a proof of claim. *Id.*

[6]     *See* Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement, May 24, 2016, D.I. 8514; Supplement to Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement, July 11, 2016, D.I. 8883; Second Supplement to Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement, July 21, 2016, D.I. 8972 (as supplemented and amended, the "**Scheduling Order**").

4

achieve a partial step-up in its tax basis.  *See* Third Disclosure Statement for the Second Am.

Joint Plan of Reorganization of Energy Future Holdings Corp. *et. al.*, Pursuant to Chapter 11 of

the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors at 10,

D.I. 8747 (the "**TCEH Disclosure Statement**").   As set out in the Objection, and in the

objection to confirmation filed by the EFH Indenture Trustee and Contrarian Capital

Management, LLC,[7] the NOLs are property of the EFH Group, and the TCEH Debtors do not

have a right to use the NOLs in the manner contemplated by the New Plan.  In addition, under

the New Plan, the EFH Debtors would transfer to Reorganized TCEH their equity interests in the

Reorganized EFH Shared Services Debtors.  *See* TCEH Disclosure Statement at 181.  This

equity interest and the NOLs are property of the EFH Debtors, and do not belong to the TCEH

Debtors' estates.  Thus, the Court does not have jurisdiction over that property in the TCEH

Debtors' cases, and cannot confirm the T-Side Plan.  *See* Objection, pt. 1.

     *Second*, the T-Side Plan would violate 11 U.S.C. § 541 because it would purport to use

property that does not belong to the estates of the TCEH Debtors.  Thus, the T-Side Plan cannot

be confirmed because it violates 11 U.S.C. § 1129(a)(1), which requires that a plan comply with

applicable provisions of the Bankruptcy Code.  Moreover, the T-Side Plan would cause the EFH

Debtors to transfer assets to the TCEH Debtors, which would constitute a fraudulent transfer in

violation of the EFH Debtors' fiduciary duties to their creditors.  Thus, the T-Side Plan cannot be

confirmed, as it employs a "means forbidden by law," in violation of 11 U.S.C. § 1129(a)(3).

*See* Objection, pt. 2.

---

[7]    *See* EFH Indenture Trustee and Contrarian Capital Management, LLC's Objection to Confirmation of Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, August 3, 2016, D.I. 9224.

*Third*, the Debtors have not met their burden of demonstrating that the T-Side Plan is feasible without using property that does not belong to the TCEH Debtors' estates.  Thus, the T-Side Plan cannot be confirmed.  *See* Objection, pt. 3.

On August 8, 2016, the Debtors filed the Motion *in Limine.*

## ARGUMENT

As a preliminary matter, it bears noting that a motion *in limine* is not the proper procedural device to raise the substantive legal issue of whether Ms. Fenicle and Mr. Fahy have standing to object in these confirmation proceedings, or to dispose of legal arguments.[8]  A motion *in limine* is an evidentiary device, "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."  *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).  Non-evidentiary issues cannot be raised *in limine.  See Louzon v. Ford Motor Co.*, 718 F.3d 556, 561-66 (6th Cir. 2013) (reversing the district court because it "improperly considered non-evidentiary matters on a motion *in limine*"), *rev'g* No. 09-11205, 2011 WL 3566610 (E.D. Mich. Aug. 12, 2011); *Bell v. Prefix, Inc.*, No. 05-74311, 2009 WL 3614353, at *1 (E.D. Mich. Nov. 2, 2009) ("Normally, motions *in limine* are not proper procedural devices for the wholesale disposition of theories or defenses.") (internal citations omitted);  *see also Bradley*, 913 F.2d at 1070 (motions *in limine* that would effectively terminate the litigation without appropriate notice and process were improper); *see also Williams v. Johnson,* 747 F. Supp. 2d 10, 14 (D.D.C. 2010) ("In light of their limited purpose, motions *in*

---

[8]    This Court's scheduling order contemplated that objections to a party's standing should be made within ten days of the party filing a notice of intent to participate. *See* Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement ¶ 5, at 3, May 24, 2016, D.I. 8514.  Ms. Fenicle and Mr. Fahy filed their notices on May 13, 2016, and the Debtors did not assert any objection until August 8, and then did so in a motion *in limine*.

*limine* should not be used to resolve factual disputes, which remains the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.") (internal citations omitted); *Brobst v. Columbus Servs. Int'l*, 761 F.2d 148, 154 (3d Cir. 1985) (holding that the district court's procedure improperly converted the *in limine* motion into one for summary judgment, without the procedural protections of notice which the federal rules require before judgment on the merits may be granted).

Nonetheless, as standing is a threshold jurisdictional matter, the merits of the Debtors' arguments are addressed below.[9]

## I.    Ms. Fenicle and Mr. Fahy Have Standing:  The T-Side Plan Would Harm Them by Diminishing the Assets of the EFH Debtors

A party will establish Article III standing by demonstrating an "injury in fact" that "fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." *In re Global Indus. Techs., Inc.*, 645 F.3d 201, 210 (3d Cir. 2011) (citations omitted) ("*GIT*"). In the bankruptcy context, Section 1109(b) of the Bankruptcy Code provides that "[a] party in interest . . . may raise and may appear and be heard on any issue in a case under this Chapter." 11 U.S.C. § 1109(b).  The Third Circuit has instructed that "Article III standing and standing under [Section 1109(b) of] the Bankruptcy Code are effectively coextensive." *GIT*, 645 F.3d at 211.

In their brief, the Debtors make broad, unqualified assertions that Ms. Fenicle and Mr. Fahy do not "do not have standing to participate in the TCEH Confirmation Hearing"—and thus, presumably, cannot assert any objections—because "they cannot demonstrate that confirmation of the T-Side plan would cause them harm or that a decision of the Court would redress that

---

[9]     Objectors reserve their right to respond to any arguments that the Debtors may raise in any response to the Objection, due August 15, 2016.  *See* Scheduling Order ¶ 7(ee), at 8.

harm." *See* Debtors' Mem. of Law in Support of Mot. in Lim. to Preclude E-Side Asbestos Claimants Fenicle and Fahy from Raising Certain Arguments at the TCEH Confirmation Hr'g ¶ 15, Aug. 8, 2016, D.I. 9220 (the "**Br. in Support of Motion**").  The Debtors assert that Ms. Fenicle and Mr. Fahy will not be injured because they do not have claims against the TCEH Debtors, *see* Br. in Support of Motion ¶ 12, and confirmation of the T-Side Plan would "not have an impact on their potential recovery."  *Id.* at 2.  Elsewhere in their brief, however, the Debtors seem to concede that Ms. Fenicle and Mr. Fahy do have standing to assert at least some objections, stating that "their status as E-Side creditors may permit them to participate on an appropriate subject."  *Id.* ¶ 13.

Indeed, it cannot be disputed that Ms. Fenicle and Mr. Fahy's "status as E-Side creditors" accords them standing to object to the T-Side Plan.  *Id.*  As set out in the Objection, the T-Side Plan would reduce the value of the E-Side estates by permitting Reorganized TCEH to use NOLs belonging to the EFH Debtors to achieve a partial step-up in tax basis, and by causing the EFH Debtors to transfer to Reorganized TCEH their equity interest in the Reorganized EFH Shared Services Debtors, without any compensation to the EFH Debtors.  The T-Side Plan thus would cause the EFH Debtors to fraudulently convey assets to the TCEH Debtors, and would unfairly reduce the value of the EFH Debtors' estates, to which the creditors will look for security.  *In re Randy*, 189 B.R. 425, 444 (Bankr. N.D. Ill. 1995) ("The purpose of fraudulent conveyance law, be it § 548 of the Code or the UFTA, is to protect a debtor's unsecured creditors from unfair reductions in the debtor's estate to which creditors usually look for security.").  This diminishment in the value of the EFH Debtors' estates would harm all E-Side creditors who hold unsecured claims, including Ms. Fenicle and Mr. Fahy.  *See In re Hartley*, 825 F.2d 1067, 1070 (6th Cir. 1987) ("If the transfer diminishes the estate, the other creditors are injured because less

remains for them to share."). This is not a contingent, speculative injury; rather, it would cause a significant, immediate injury to all unsecured creditors, including Ms. Fenicle and Mr. Fahy. *Cf. Clinton v. City of New York*, 524 U.S. 417, 431 (1998) (reinstatement of a contingent liability caused an *immediate and present injury*, in that it "*immediately and directly* affect[ed] the [State's] borrowing power, financial strength, and fiscal planning" (emphasis added)).

Moreover, as noted in the Objection, the Court has an independent duty to consider whether the Plan satisfies the requirements of section 1129 of the Bankruptcy Code, even in the absence of valid objections to confirmation. *In re Lernout & Hauspie Speech Prods., N.V.*, 301 B.R. 651, 656 (Bankr. D. Del. 2003), *aff'd*, 308 B.R. 672 (D. Del. 2004). The Court also has an independent duty to determine whether it has subject matter jurisdiction over the property that is the subject of the plan. *In re Mullarkey*, 536 F.3d 215, 220 (3d Cir. 2008) (bankruptcy courts must satisfy themselves of subject matter jurisdiction).

## II.    The Court Cannot Preclude Ms. Fenicle and Mr. Fahy From Raising Any Due Process Arguments.

The Debtors seek an order "that due process arguments by Fenicle and Fahy on behalf of unmanifested claimants shall be precluded." [10] [Proposed] Order Granting Debtors' Motion *In Limine* to Preclude E-Side Asbestos Claimants Fenicle and Fahy from Raising Certain Arguments at the TCEH Confirmation Hearing at 2, Aug. 8, 2016, D.I. 9219-2; *see also* Motion *in Limine* at 1.[11] Thus, the Debtors would have this Court prohibit Ms. Fenicle and Mr. Fahy from making any and all due process arguments. Such an order is manifestly improper; just as a

---

[10]    The Debtors have not sought an order precluding Mr. Jones from asserting due process arguments.

[11]    The Debtors acknowledge that the claimants have not objected to the T-Side Plan "on that basis," but state that they nonetheless filed the Motion *in Limine* "out of an abundance of caution." Motion *in Limine* at 1 n.2.

court cannot prohibit a party from filing pleadings permitted by the Federal Rules,[12] it cannot
control prospectively the legal arguments a party may make in those pleadings.[13]  Indeed, such a
blanket order would itself raise due process concerns, and would be an impermissible prior
restraint on speech, violative of the First Amendment.  *See Seattle Times Co. v. Rhinehart*, 467
U.S. 20, 32 n.18 (recognizing that "litigants do not surrender their First Amendment rights at the
courthouse door," even if those rights may be subordinated to other interests, such as restrictions
on communications of trial participants to ensure a fair trial for a criminal defendant) (internal
citation omitted)).

As noted above, the Objectors have objected to the T-Side Plan on the grounds that it
would use property that does not belong to the TCEH Debtors and thus is beyond the jurisdiction
of the court, and that the Plan does not satisfy the requirements of 11 U.S.C. § 1129.  The
Objectors will assert their objections to the E-Side Plan at the appropriate time, and the question
of whether the E-Side Plan violates due process by purporting to discharge Unmanifested Claims
will be considered and determined in the context of the E-Side confirmation proceedings.
However, to the extent that due process arguments are relevant to their objections to the T-Side

---

[12]    *See Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987)
("Absent extraordinary circumstances, such as a demonstrated history of frivolous and vexatious
litigation . . . or a failure to comply with sanctions imposed for such conduct . . . a court has no
power to prevent a party from filing pleadings, motions or appeals authorized by the Federal
Rules of Civil Procedure." (internal citations omitted)).

[13]    Under the Federal Rules, courts have power to sanction parties *post facto* for asserting
arguments that are not "warranted by existing law or by a nonfrivolous argument" for changing
existing law or establishing new law. Fed. R. Civ. P. 11(b)(2).  Federal courts also have inherent
power to sanction parties for contempt of court, *inter alia*.  *See Chambers v. Nasco*, 501 U.S. 32
(1991) (finding trial court has inherent power to issue sanctions on a party for litigating in bad
faith).    But, absent extraordinary circumstances such as those described in *Richardson
Greenshields* (*see supra* note 11), they do not have power to prospectively limit the legal
arguments a party may assert.

Plan, and particularly if such arguments would respond to any argument made by the Debtors,

Ms. Fenicle and Mr. Fahy cannot be precluded from asserting such arguments.

## **CONCLUSION**

For the reasons set forth above, Objectors respectfully submit that this Court should enter

an order denying the Debtors' Motion *in Limine* in its entirety.


Dated: August 11, 2016
      Wilmington, Delaware     By:    /s/ *Daniel K. Hogan*
                                     Daniel K. Hogan (DE Bar # 2814)
                                     **HOGAN♦McDANIEL**
                                     1311 Delaware Avenue
                                     Wilmington, Delaware 19806
                                     Telephone: (302) 656-7540
                                     Facsimile: (302) 656-7599
                                     dkhogan@dkhogan.com

                                     *Counsel for Shirley Fenicle, individually and as*
                                     *successor-in-interest to the Estate of George*
                                     *Fenicle, David William Fahy, and John H. Jones*


                                     Steven Kazan (CA Bar # 46855)
                                     Kazan McClain Satterley & Greenwood
                                     A Professional Law Corporation
                                     Jack London Market
                                     55 Harrison Street, Suite 400
                                     Oakland, CA 94607
                                     Telephone: (510) 302-1000
                                     Facsimile: (510) 835-4913

                                     *Counsel for Shirley Fenicle, as successor-in-interest*
                                     *to the Estate of George Fenicle*

                                     Ethan Early (CT Juris # 417930)
                                     Early Lucarelli Sweeney & Meisenkothen
                                     265 Church Street, 11th Floor
                                     New Haven, CT 06508-1866
                                     Telephone: (203) 777-7799
                                     Facsimile: (203) 785-1671

                                     *Counsel for David William Fahy*