## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Bankruptcy Case No. 14-10979 (CSS) |
| *Debtors*. | ) (Jointly Administered) |
| | ) |
| | ) **Re: D.I. 9218** |
| | ) |

## DEBTORS' OPPOSITION TO EFH INDENTURE TRUSTEE'S MOTION *IN LIMINE* TO PRECLUDE DEBTORS FROM OFFERING EVIDENCE AT TRIAL AS TO WHICH THEY ASSERTED ATTORNEY CLIENT PRIVILEGE AND PREVENTED DISCOVERY

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS**
**INTERNATIONAL LLP**
Edward A. Sassower, P.C. (*pro hac vice*)
Stephen E. Hessler (*pro hac vice*)
Brian E. Schartz (*pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

James H.M. Sprayregen, P.C. (*pro hac vice*)
Marc C. Kieselstein, P.C. (*pro hac vice*)
Chad J. Husnick (*pro hac vice*)
Steven N. Serajeddini (*pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile:  (302) 651-7701

*Co-Counsel to the Debtors and Debtors in Possession*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

# TABLE OF CONTENTS

Page(s)

**PRELIMINARY STATEMENT** ..................................................................................................1

**BACKGROUND** ........................................................................................................................2

**ARGUMENT** .............................................................................................................................5

     I.       THE EFH INDENTURE TRUSTEE HAS NO GROUNDS FOR RELIEF. ......................................................................................................5

     II.     THE MOTION REQUESTS IMPROPER EVIDENTIARY RESTRICTIONS. ..................................................................................6

**CONCLUSION** ..........................................................................................................................7

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*In re Capmark*, (*See* Ex. A, *In re Capmark Fin. Grp. Inc.*,
    No. 09-13684-CSS, Hr'g Tr. (Oct. 14, 2010) ...................................................................1, 2, 6

*In re Residential Capital, LLC*,
    491 B.R. 63 (Bankr. S.D.N.Y. 2013)...........................................................................................6

**Rules**

Fed. R. Civ. P. 30.....................................................................................................................................4

The above-captioned debtors and debtors in possession in these chapter 11 cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby respond and object to the *EFH Indenture Trustee's Motion and Memorandum of Law in Support of its Motion in Limine to Preclude Debtors from Offering Evidence at Trial as to which they Asserted Attorney Client Privilege and Prevented Discovery* [D.I. 9218] (the "Motion"), dated August 8, 2016, as follows:

## PRELIMINARY STATEMENT

The EFH Indenture Trustee's Motion is improper and so is each of the three evidentiary limitations it seeks to impose on the Debtors.  As an initial matter, the Motion does not allege that the Debtors' privilege assertions or instructions were unfounded or that the Debtors are guilty of any other discovery misconduct.  Nor could it:  the Debtors interposed objections where necessary to preserve the attorney-client privilege and have made every effort to meet and exceed their discovery obligations in this matter.  The Debtors' privilege objections and redactions, which were crafted to permit discovery as to the process of formulating the New Plan without divulging privileged advice, are also consistent with the Court's instructions in *In re Capmark*.  (*See* Ex. A, *In re Capmark Fin. Grp. Inc.*, No. 09-13684-CSS, Hr'g Tr. ("Capmark Hearing Tr.") 152:9-154:3 (Oct. 14, 2010) (Sontchi, J.) [D.I. 1925].)  With no alleged violation of the Federal Rules of Evidence, the Federal Rules of Civil or Bankruptcy Procedure, or the Bankruptcy Code, there is no basis for the EFH Indenture Trustee to seek any remedy or relief from the Court.

The three evidentiary limitations the EFH Indenture Trustee seeks to impose on the Debtors are also improper.  *First*, a restriction "limiting testimony to the mere fact that legal advice was obtained on a narrowly defined subject" is so overbroad that it could be read to

preclude the Debtors from offering any other testimony on any subject. *Second*, the EFH

Indenture Trustee is not entitled to a sneak peek at testimony concerning the provision of legal

advice, nor would it be possible to include all such testimony in written directs consistently with

the scheduling order in this case. *Third*, a blanket prohibition on waiver of the attorney-client

privilege is neither proper nor necessary. The Debtors do not now intend to waive privilege, but

if, based on how the hearing proceeds, the Debtors elect to waive privilege on a particular issue,

then the Court and parties can craft an appropriate disclosure of the privileged materials at that

time.

For the reasons set forth herein, the Debtors respectfully request that the EFH Indenture

Trustee's Motion be denied.

## **BACKGROUND**

1.      The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on

April 29, 2014. On October 28, 2015, after discovery ended and prior to the confirmation

hearing, the official committee of unsecured creditors of Energy Future Holdings Corporation,

Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc. filed a

motion *in limine* seeking to exclude evidence of the Debtors' consultation with counsel. *EFH

Committee's Motion and Memorandum of Law in Support of its Motion In Limine to Exclude

Evidence of Consultation with Counsel Offered to Support Reasonableness of Settlement* [D.I.

6741]. On November 2, 2015, the Court denied the motion, relying on *In re Capmark*. *Order*

[D.I. 6838].

2.      On December 6, 2015, the Debtors filed their *Sixth Amended Joint Plan of

Reorganization of Energy Future Holdings Corp. et al. Pursuant to Chapter 11 of the

Bankruptcy Code* [D.I. 7235] (the "Confirmed Plan"). The Confirmed Plan was confirmed on

December 9, 2015 [D.I. 7285].  The Confirmed Plan required certain conditions precedents, including regulatory approvals, to occur before becoming effective.  Because a condition precedent did not occur, the Confirmed Plan was rendered null and void in accordance with its terms.

3.    On May 1, 2016, the Debtors filed (i) the *Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 8355] (the "New Plan"), (ii) the *Disclosure Statement for the New Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 8356], and (iii) the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement* [D.I. 8358].

4.    Fact discovery for the T-Side proceedings began on May 2, 2016.  On May 27, 2016, the EFH Indenture Trustee served the Debtors with 112 written discovery requests.  (EFH Indenture Trustee's First Set of Requests for Production of Documents and Interrogatories to the Debtors in Connection with Confirmation of Debtors' Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code, dated May 27, 2016 (Ex. B).)  On June 1, 2016, the Debtors sent the EFH Indenture Trustee a list of proposed search terms and custodians.  (Email from J. Sowa to R. Pedone, dated June 1, 2016 (Ex. C).)  Over the next two weeks, the Debtors twice agreed to supplement their lists of search terms and custodians at the request of the EFH Indenture Trustee.  (Email from M. Esser to R. Pedone, dated June 8, 2016 (Ex. D)); (Email from J. Sowa to R. Pedone, dated June 15, 2016 (Ex E).)  The Debtors then produced nearly 17,000 documents containing the agreed-upon search terms,

totaling well over 100,000 pages. This production was in addition to the more than 6,000,000 pages of discovery the Debtors had already produced in these chapter 11 proceedings.

5.      A week after the close of document discovery on June 30, 2016, the EFH Indenture Trustee served the Debtors with fifty-six "supplemental" document requests. (Letter from R. Pedone to M. McKane, dated July 8, 2016 (Ex. F).) Despite having no obligation to do so, the Debtors searched for and produced over 150 additional documents in response to these requests and provided the EFH Indenture Trustee with multiple informal diligence calls to answer questions about the documents in the Debtors' productions. In response to the EFH Indenture Trustee's Rule 30(b)(6) deposition notice of over 100 topics and seven individual deposition notices, the Debtors also produced nine fact and two expert deponents.

6.      On July 21, 2016, the Court entered the *Second Supplement to Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement* [D.I. 8972], which provides that the TCEH Confirmation Hearing will begin on August 17, 2016. On August 8, 2016, the Debtors filed a draft of the *Joint Stipulated Final Pretrial Order* [D.I. 9217], which permits the parties to present direct testimony, in writing, live, or a combination of the two, and requires them to provide any written direct testimony they intend to offer at the confirmation hearing to each other and to the Court at least four days before the witness is scheduled to be called and any testimony is offered.

7.      On August 8, 2016, the EFH Indenture Trustee filed the pending Motion without first filing any prior motion to compel production of privileged documents or discussions.

<u>**ARGUMENT**</u>

**I.  THE EFH INDENTURE TRUSTEE HAS NO GROUNDS FOR RELIEF.**

8.      The EFH Indenture Trustee is not entitled to a remedy or relief from the Court because it has not alleged that the Debtors violated a duty imposed by any applicable rule. Instead, the gravamen of the EFH Indenture Trustee's Motion is that the Debtors would not provide testimony or written discovery describing the substance of their communications with counsel.  Mot. ¶¶ 5-8.  The EFH Indenture Trustee does not dispute in the Motion that this communication was protected by the attorney-client privilege, and the Debtors objected to questions and redacted documents when necessary to preserve it.

9.      The testimony and documents the EFH Indenture Trustee cites demonstrate this point.  Questions such as "What was the substance of [your] discussion [with Ms. Doré regarding the possibility of asking the T firsts to pay consideration for use of the NOLs in connection with the current plan]?" and "what risks [that EFH creditors could face from having two separate confirmation hearings] were explained to you," Mot. ¶ 7 (brackets in original), call for privileged information.  Had the Debtors answered, the EFH Indenture Trustee might well have argued that the privilege was waived as to entire subjects or categories of information.  Properly refusing to answer questions of this kind does not entitle the EFH Indenture Trustee to a preview of the Debtors' direct examinations or to impose other evidentiary limitations on the Debtors. Similarly, it is true that "the Debtors also produced in connection with this Confirmation Hearing minutes from meetings of the EFH Corp. Board of Directors" and that  "[s]everal of these meeting minutes refer to presentations by counsel for the EFH Corp., but redact the substance of the advice given."  Mot. ¶ 8.  Producing these documents was consistent with the Debtors' goal to be thorough and transparent with the parties to this proceeding, and the Debtors made redactions only where necessary to preserve the attorney-client privilege.  *See* Exs. G - I.  In

sum, the Debtors acted in compliance with their discovery obligations and consistently with *In re Capmark* to disclose as much information as possible about the formulation of the New Plan and the Debtors' prudent exercise of their business judgment without disclosing the substance of attorney-client communication.

10.     The Debtors will take a similar approach during the confirmation hearing.  They intend to establish that the New Plan is reasonable in part by presenting evidence of the robust process by which it was created and of the business rationales for their decision-making.  The Debtors do not intend to waive the privilege protecting the substance of attorney-client communications unless a development during the confirmation hearing makes it necessary to do so.

11.     This case is thus fundamentally different from those the EFH Indenture Trustee cites in the Motion.  Mot. ¶¶ 10-11.  For example, in *In re Residential Capital, LLC*, 491 B.R. 63, 69-70 (Bankr. S.D.N.Y. 2013), the debtors "engaged in selective disclosure of legal advice by providing a Limited Waiver to the legal advice given to the [board of directors] . . . while continuing to assert attorney-client privilege to bar discovery of documents or deposition testimony on the same subject matter," thereby "purposely and consistently adopt[ing] the strategy of selective (and extremely limited) disclosure."  Here, by contrast, the EFH Indenture Trustee has not alleged wrongdoing of any kind—nor could it—and it is therefore not entitled to an evidentiary remedy.

## II.  THE MOTION REQUESTS IMPROPER EVIDENTIARY RESTRICTIONS.

12.     The EFH Indenture Trustee is not entitled to a remedy, but even if it were, each of the evidentiary restrictions it seeks to impose on the Debtors is improper.

13.     *First*, the EFH Indenture Trustee moves for an order "limiting testimony to the mere fact that legal advice was obtained on a narrowly defined subject."  Mot. ¶ 14.  As written,

that provision could be read to preclude the Debtors from offering any testimony other than evidence of communication with counsel.

14.    *Second*, the EFH Indenture Trustee seeks an order "requiring that all testimony regarding the provision of legal advice be included in written direct testimony." *Id*.  That restriction would directly contradict the proposed Joint Stipulated Final Pre-Trial Order, which permits the parties to elect whether direct testimony will be in writing, live, or a combination of the two.  Joint Stipulated Final Pre-Trial Order ¶ 5.  The Debtors have not waived or forfeited their right to make that election; the EFH Indenture Trustee has not explained why the Joint Stipulated Final Pre-Trial Order should not apply to testimony regarding the provision of legal services; and the EFH Indenture Trustee is not otherwise entitled to preview testimony on that subject.[2]

15.    *Third*, the Debtors do not intend to waive privilege during the TCEH confirmation hearing.  However, if during the hearing it becomes necessary to do so, entering a blanket order that prohibits "the debtors from waiving the privilege concerning the content of any legal advice, or the content of any discussions where the privilege was asserted in any deposition, at trial," Mot. ¶ 14, would improperly prevent the parties and the Court from crafting an appropriate disclosure of privileged material.  Any necessary waiver of privilege can be addressed if and when the need arises.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court deny the Motion in its entirety and sustain the Debtors' objection thereto.

---

[2] In addition, because written directs must be shared with the parties and the Court four days before the witness is called and testimony presented, Joint Stipulated Final Pre-Trial Order ¶ 6, many of the written directs would be due before the Court considers the Motion.

Dated: August 12, 2016
Wilmington, Delaware

/s/ Jason M. Madron

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email:      collins@rlf.com
            defranceschi@rlf.com
            madron@ rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward A. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:(212) 446-4800
Facsimile: (212) 446-4900
Email:      edward.sassower@kirkland.com
            stephen.hessler@kirland.com
            brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc C. Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:(312) 862-2000
Facsimile: (312) 862-2200
Email:      james.sprayregen@kirkland.com
            marc.kieselstein@kirkland.com
            chad.husnick@kirland.com
            steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession