# **EXHIBIT A**

Capmark Hearing Transcript

```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE


IN RE:                            .   Chapter 11
                                  .
CAPMARK FINANCIAL GROUP INC.,     .   Case No. 09-13684(CSS)
et al.,                           .   (Jointly Administered)
                                  .
                                  .   October 14, 2010
                                  .   10:00 a.m.
              Debtors.            .   (Wilmington)
                                  .
```

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtors:              Michael P. Kessler, Esq.
                              Martin Bienenstock, Esq.
                              Richard W. Reinthaler, Esq.
                              Arielle Kane, Esq.
                              George E. Mastoris, Esq.
                              Paul J. Brodnicki, II, Esq.
                              Meredith Grabill, Esq.
                              Dewey & LeBoeuf, LLP

                              Lee E. Kaufman, Esq.
                              Richards, Layton & Finger, P.A.

For the Committee:            Craig L. Siegel, Esq.
                              Gregory A. Horowitz, Esq.
                              Thomas Moers Mayer, Esq.
                              Joshua Brody, Esq.
                              Kramer, Levin, Naftalis
                              & Frankel, LLP

                              Jeffrey R. Gleit, Esq.
                              David E. Ross, Esq.
                              Kasowitz, Benson, Torres
                              & Friedman, LLP

 1  Q.   And did they have the same discussions with the board?

 2  A.   Yes.

 3  Q.   More than once, you said.

 4  A.   Yes.

 5  Q.   And did the board ask questions?

 6  A.   Yes.

 7  Q.   And was the board, were the board's questions answered?

 8  A.   Yes.

 9  Q.   In reaching a decision to settle the secured claims with

10  the secured lenders, did the management rely upon the legal

11  advice undertaken in that memorandum that we've been

12  discussing?

13           MR. SIEGEL: Your Honor, the Committee objects to

14  this question.  The witness is testifying at length about

15  this alleged legal analysis about the avoidance actions that

16  the Committee has requested and hasn't been given a copy of.

17  They're essentially just using it as a sword.  I want to, and

18  they're not sharing that with us.  We think it's

19  fundamentally unfair, and the witness shouldn't be allowed to

20  testify about it.  And they've invoked privilege with respect

21  to that, as well as with respect to other documents that

22  they've redacted apparently because it, those documents

23  reflect that same legal advice that the witness is testifying

24  he and the board and the company relied on in making their

25  decision.

1            MR. KESSLER: Your Honor, we assert the

2   attorney/client privilege with respect to the legal analysis.

3   It has not been disclosed outside the attorney/client

4   relationship.  The fact, the subject matters of advice can be

5   disclosed without breaching the attorney/client privilege,

6   and so the witness testified that it dealt with the avoidance

7   actions and preference actions, and so forth, but I have not

8   asked him to disclose what the advice given was, and he has

9   not disclosed the advice given.  He's only disclosed the fact

10  that it was discussed, his questions were answered at both

11  the, at both the management level and the board level as a

12  result.

13           THE COURT: Well, you also asked him questions about

14  the quality of the advice.  You did.  And he said it was very

15  good.  You know, it was an excellent memo, it was exhaustive,

16  it was a hundred pages, and now he's going to say that he

17  relied on that in connection with doing the settlement.  And

18  the other side's position is you've put into play the

19  substance of that advice, I suppose, and as a result, they

20  should have access to it in order to properly cross examine

21  the witness.

22           MR. KESSLER: And we have carefully attempted not to

23  put into the play the substance of the advice, but just the

24  subject matter of the advice, and the fact that management

25  and the board relied upon it in reaching their conclusions.

1   It's a reasonable reliance, business judgement issue.

2           THE COURT: Anything further?  All right.  I'll

3   overrule the objection.

4           MR. KESSLER: Thank you, Your Honor.

5   BY MR. KESSLER:

6   Q.   Going back to my last question.  Did management, to your

7   understanding, rely in part on the legal advice in reaching

8   the conclusion to settle this matter?

9   A.   Yes.

10  Q.   And did the board rely in part on the legal advice in

11  making its decision to settle this matter?

12  A.   Yes.

13  Q.   Now, Mr. - -

14          MR. SIEGEL: Your Honor?

15  BY MR. KESSLER:

16  Q.   - - Fairfield - -

17          MR. SIEGEL: I apologize.  May we just have a

18  continuing objection to these questions?

19          THE COURT: Yes.

20          MR. SIEGEL: Thank you.

21  BY MR. KESSLER:

22  Q.   Mr. Fairfield, you mentioned earlier that two outside

23  reports were also requested.  One on a solvency analysis and

24  the other on a valuation of the pledged pool?

25  A.   Yes.