# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## SECOND REVISED JOINT STIPULATED FINAL PRE-TRIAL ORDER

WHEREAS, on June 16, 2016, the Debtors filed the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9199-1] (as may be further amended, modified, or supplemented, the "New Plan");

WHEREAS, on July 20, 2016, the Court held an initial pre-trial conference relating to the hearing on the confirmation of the New Plan (the "TCEH Confirmation Hearing");

WHEREAS, on August 15, 2016, the Court will hold a final pretrial conference relating to the TCEH Confirmation Hearing;

WHEREAS, the TCEH Confirmation Hearing will commence on August 17, 2016;

It is HEREBY ORDERED THAT the following provisions shall apply to the TCEH Confirmation Hearing:

1.  **Trial Time and Allocation.** The TCEH Confirmation Hearing shall be limited to [Debtors: twenty five hours] [EFH Indenture Trustee: forty hours] of total trial time. This limit

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

on trial time shall be subject to revision [Debtors: for cause shown] [EFH Indenture Trustee: after the EFH Indenture Trustee reviews the Plan Objections]. This time limit shall include all court time used during the evidentiary proceedings, including opening statements, direct and cross examinations, and motion arguments. Closing arguments shall not count against the time limit.

2. The total trial time in the TCEH Confirmation Hearing shall be divided evenly between New Plan supporters and New Plan objectors (collectively, the "Participating Parties"), such that each shall be limited to [Debtors: twelve hours and thirty minutes] [EFH Indenture Trustee: twenty hours] of time. New Plan objectors shall meet and confer in good faith regarding the allocation of the New Plan objectors' trial time. Any dispute regarding allocation of trial time may be submitted to the Court. Use of trial time by each side shall be monitored by a chess clock.

3. These TCEH Confirmation Hearing time limits and allocations shall be extended by the Court only upon a showing of cause or compelling need. The Court retains discretion with respect to any request to extend the TCEH Confirmation Hearing time limits.

4. **Opening Statements.** The opening statements of the Debtors and New Plan supporters shall be limited to no more than 1 hour and 30 minutes total. The opening statements of New Plan objectors shall be limited to no more than 1 hour and 30 minutes total. In all events, the EFH Indenture Trustee shall have up to one hour for its opening statement. New Plan objectors shall meet and confer in good faith regarding the allocation of the New Plan objectors' time for opening statements. Any dispute regarding allocation of time for opening statements may be submitted to the Court.

2

5. **Direct Examinations.** Participating Parties may submit narrative written direct examinations for all or part of any witness's testimony. Written directs shall not count against a party's allocated time. Witnesses testifying by written direct are permitted to supplement the written direct with live testimony.

6. All witnesses must be tendered for cross examination. Each Participating Party submitting testimony through a written direct shall provide such written direct to the Court and all Participating Parties at least four calendar days before the witness is scheduled to be called and any testimony is offered.

7. If a Participating Party intends to call a [EFH Indenture Trustee: non-rebuttal] witness adversely who is not otherwise being called, it must give counsel to the witness at least four calendar days' notice before doing so. [Debtors: If a Participating Party intends to call a rebuttal witness adversely who is not otherwise being called, it must give counsel to the witness at least three calendar days' notice before doing so.]

8. **Deposition Designations.** The EFH Indenture Trustee served deposition designations on August 13, 2016. The New Plan supporters shall provide counter designations and objections to those designations served August 13, 2016 on a rolling basis by witness, with such counter designations and objections due to the EFH Indenture Trustee by 10:00 AM the day before a witness is scheduled to take the stand. The parties must meet and confer prior to submitting designations to the Court, and the submission must be joint.

9. **Exhibits.** The inclusion of a document on a Participating Party's final exhibit list shall constitute notice pursuant to Paragraph 17 of the *Confidentiality Agreement and Stipulated Protective Order* [D.I. 1833] (the "Protective Order") that the Participating Party may offer or use the document in open court. By August 5, 2016, each Participating Party must give notice to

3

any party that is not a Participating Party of any exhibits included on the Participating Party's final exhibit list that were produced by the other party. If an exhibit appearing on any final exhibit list contains Designated Material under the Protective Order, the party that produced the exhibit shall have until August 15, 2016 to object to the publication of the exhibit in open court. If the producing party objects, the provisions of Paragraph 17 of the Protective Order regarding resolution of any disputes shall apply.

10. By Sunday, August 14, 2016, each Participating Party shall give notice of all exhibits it intends to move into evidence the first week of trial following the Debtors' identification of the witnesses expected to testify that week. Any evidentiary objections to any exhibit so identified shall be lodged by 9:00 p.m. (Eastern Daylight Time) on Monday, August 15, 2016. By Saturday, August 20, 2016 at 12:00 p.m. (noon) (Eastern Daylight Time), each Participating Party shall give notice of all exhibits it intends to move into evidence the second week of trial following the Debtors' identification of the witnesses expected to testify that week. Any evidentiary objections to any exhibit so identified shall be lodged by 12:00 p.m. (noon) (Eastern Daylight Time) on Sunday, August 21, 2016. The parties shall meet and confer in good faith in an effort to resolve any evidentiary objections prior to use of the exhibit(s) at trial.

11. At the specified time, the Participating Party may give notice of any of the noticed exhibits that it intends to admit under seal. Interested Participating Parties shall meet and confer in good faith to resolve any confidentiality or evidentiary disputes regarding the noticed exhibits. If no Participating Party objects to the admission of an exhibit under seal, it shall be admitted under seal, subject to the Court's discretion. If any Participating Party objects to the admission of an exhibit under seal, the offering party shall apprise the Court of the dispute and seek relief from the Court.

12. Any exhibit admitted under seal shall not be published in the courtroom and no Participating Party shall disclose, or elicit testimony disclosing, the confidential information contained within the exhibit, unless the Court orders otherwise.

13. Exhibits produced by any Participating Party are self-authenticating and are understood to be true and accurate representations of the original document.

14. **Demonstratives.** A Participating Party must provide to all other Participating Parties any demonstrative to be used at the TCEH Confirmation Hearing, prior to 10:00 p.m. (Eastern Daylight Time) of the day before the demonstrative's use.

15. **Closing Arguments.** The Participating Parties shall confer in good faith and work with the Court to schedule closing arguments as the trial progresses.

16. Federal Rule of Bankruptcy Procedure 9006 shall not apply to extend any deadlines set forth in this Order that fall on a Saturday or Sunday.

17. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August _____, 2016
Wilmington, Delaware

                      THE HONORABLE CHRISTOPHER S. SONTCHI
                      UNITED STATES BANKRUPTCY JUDGE