**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br>      Debtors. | Chapter 11<br>Case No. 14-10979 (CSS)<br>(Jointly Administered)<br><br>Related to Docket No. 9188 |

**RESERVATION OF RIGHTS OF RESPONSE OF DATA SYSTEMS &
SOLUTIONS LLC IN RESPECT OF SERVICE CONTRACTS FOR CERTAIN
COMPUTER SYSTEMS AT COMANCHE PEAK NUCLEAR POWER
PLANT BEING ASSUMED BY LUMINANT GENERATION COMPANY LLC
AND ASSIGNED TO TEX CP COMPANY UNDER PLAN SUPPLEMENT**
**[DOCKET NO. 9188]**

**DATA SYSTEMS & SOLUTIONS LLC** ("*DD&S*"), by and through its undersigned counsel, file this reservation of rights (this "*Reservation*"), pursuant to sections 365(b)(1)(C), 365(f)(2)(B) and 1123(b)(2) of the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. (the "*Bankruptcy Code*"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the *"Bankruptcy Rules"*), and Section V.A.2. of the Plan (as hereinafter defined), to the proposed assumption by Luminant Generation Company LLC ("*Luminant*") and assignment to a newly formed entity, TEX CP Company ("*CP Company*") under the Plan Supplement (as hereinafter defined) of both (a) that certain Contract for CPNPP Services, dated as of July 1, 2013, by and between the Luminant and DS&S, which service contract has a designated contract reference number C07817296C1 (such Service Contract, the "*Nuclear Service Contract*"), which contract is designated in Row No. 693 of the Assumption Schedule (as hereinafter defined), and (b) that certain Contract for CPNPP Services, dated as of July 1, 2013, by and between the Luminant and DS&S, which service contract has a designated contract reference number C07817156C6 (such service contract, the "*Non-Nuclear Service Contract*", and along with the Nuclear Service Contract, the "*DS&S/Luminant Service Contracts*"), which contract is designated in Row No. 694 of the

Assumption Schedule (as hereinafter defined),. In support of this Reservation, DS&S respectfully states as follows:

## SUMMARY

1. DS&S files this response only on the limited grounds that, although the Debtors (as defined below) are seeking to assume (by Luminant) and assign (to CP Company) the DS&S/Luminant Service Contracts, the Debtors have not provided any information regarding the ability of the newly formed CP Company to perform their obligations under the DS&S/Luminant Service Contracts. DS&S believes that the Debtors will be proffering evidence of the ability of the CP Company to adequately perform the obligations under the DS&S/Luminant Service Contracts as required under Sections 365(b)(1)(C), 365(f)(2)(B) and 1123(b)(2) of the Bankruptcy Code and hereby reserves its rights relating to such matters. To the extent that the Debtors proffer adequate evidence to it and/or at the confirmation hearings that CP Company can adequately perform its obligations under the. DS&S/Luminant Service Contracts, DS&S has no objection to the proposed assumption and assignment of such contracts.

## BACKGROUND

2. On June 4, 2014, Energy Future Holdings Corp., ("*EFHC*"), Luminant and certain affiliates filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors continued to manage and operate their business and property as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. The Debtors' cases are being jointly administered pursuant to rule 1015(b) of the Bankruptcy Rules.

3. A creditors' committee was appointed in these cases.

4. On June 16, 2016, 2016, EFHC, Luminant and certain of their affiliated Debtors filed that certain *Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* [Docket 8688). Thereafter, on

August 5, 2016, those Debtors filed their *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket 9199 (as amended from time to time, the "*Plan*").[1]  The confirmation hearing for the Plan is scheduled to commence on August 17, 2016.

5.      Section V.A.2 of the Plan provides that contracts listed in the Plan Supplement (as defined in the Plan) under the assumption schedule are to be assumed and/or assumed and assigned as provided under the Plan.

6.      In accordance with V.A.2 of the Plan, the Debtors filed their Plan Supplement with this Court on August 3, 2016 [Docket No. 9188].  In Exhibit B to the Plan Supplement, the Debtors' listed all contracts to be assumed and/or assumed and assigned by the Debtors.  *See* Docket No. 9188-2 (the "Assumption Schedule").

7.      Pursuant to the Assumption Schedule and the Plan, the Debtors are seeking to, *inter alia*, assume the DS&S/Luminant Service Contracts on the Effective Date (as such term is defined in the Plan) and assign such DS&S/Luminant Service Contracts to CP Company.[2]  *See* Plan Supplement, Exhibit B (Assumption Schedule), at Rows 693 and 694 (the listings for the DS&S/Luminant Service Contracts).

8.      In the Assumption Schedule, the Debtors properly listed that the cure amount for obligations owing by the Debtors as of the Petition Date under the DS&S/Luminant Service Contracts as $171,276 (the "*Cure Amount*").

---

[1]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

[2]     Because the exact objection and response deadline was not delineated in the Plan or the Plan Supplement (because such deadline was tied to the confirmation hearing dates, which occur on multiple dates), the Debtors and DS&S agreed that DS&S could filed an objection or response on or prior to August 15, 2016.

3

9. Also, pursuant to correspondence between counsel for the Debtors and counsel for DS&S, the Debtors confirmed that the listed cure amount was not meant to cover postpetition activities under the subject contracts and that any claims for services rendered postpetition, sales of goods sold and provided postpetition, and indemnification obligations that accrued postpetition -- all, to the extent provided under the DS&S/Luminant Service Contracts – were fully preserved and reserved and would be administered under the terms of the contracts being assumed. Specifically, with respect to amounts that have accrued postpetition, and that have not yet been invoiced for payment to Luminant, well in excess of $2 million is owed to DS&S for postpetition services and other postpetition obligations under the terms of the DS&S/Luminant Service Contracts. Luminant, as one of the Debtors, remains liable for all such amounts as postpetition administrative obligations of the Debtors. Further, for obligations accruing after the Effective Date under the Plan, CP Company will be liable for any amounts and obligations arising under the terms of such DS&S/Luminant Service Contracts.

10. DS&S hereby submits this Reservation solely as to the proposed assignment to CP Company because no information was provided in the Plan, the Disclosure Statement or the Plan Supplement as to the ability of CP Company that would form the basis for adequately assuring the CP Company's ability to perform under the DS&S/Luminant Service Contracts. Specifically, because none of the Plan, the Disclosure Statement (as defined in the Plan), nor the Plan Supplement provide any information regarding CP Company, DS&S requested that the Debtors provide information to show that CP Company will be able to adequately perform its obligations under the DS&S/Luminant Service Contracts. In fact, none of these documents provide any information about CP Company. The only information supplied to DS&S by the

Debtors' Counsel, which was supplied after the Plan Supplement was filed, is that CP Company is "acquir[ing] the Comanche Peak assets' under the Plan."

11.     Although DS&S believes that the Debtors are in the process of supplying additional information to DS&S regarding the adequate assurance of future performance by CP Company as required under Section 365(f)(2)(B) of the Bankruptcy Code, DS&S is hereby submitting this Reservation to request that the Debtors either supply sufficient information to DS&S or to this Court to demonstrate that CP Company can adequately perform future obligations under the DS&S/Luminant Service Contracts and the other contracts being assumed and assigned to CP Company.

## RESERVATION OF RIGHTS

12.     DS&S hereby submits this Reservation solely to reserve its rights regarding the Debtors' either (a) providing sufficient information to DS&S to enable it to determine that CP Company can adequately perform its obligations under the assumed and assigned DS&S/Luminant Service Contracts (which would be evidenced a written confirmation to the Debtors by DS&S or its counsel) or (b) provide evidence for this Court to determine that the assumption and assignment to CP Company meets the requirements for assumed and assigned contracts under 365(b)(1)(C), 365(f)(2)(B) and 1123(b)(2) of the Bankruptcy Code.

13.     Assuming that the Debtors can meet the requirements for showing adequate assurance of future performance by CP Company, and subject to the confirmations provided by the Debtors' counsel regarding administrative claims and postpetition obligations, DS&S fully supports the Debtors' assumption and assignment of the DS&S/Luminant Service Contracts under the Plan.

**VP Draft – 7/31/13**

# CONCLUSION

WHEREFORE, for the foregoing reasons, DS&S respectfully submits this Reservation and respectfully requests that this Court (x) require that the Debtors demonstrate that CP Company can adequately perform the obligations under the DS&S/Luminant Service Contracts, as required under sections 365(b)(1)(C), 365(f)(2)(B) and 1123(b)(2) of the Bankruptcy Code, (y) if the Debtors meet such requirements and pay in full the postpetition obligations arising thereunder (in accordance with the terms of such agreements), along with the Cure Amount, to approve the assumption and assignment of the DS&S Service Contracts, and (z) grant such other relief as is just and equitable under the circumstances.

Dated: New York, New York  
　　　　August 15, 2016

Respectfully Submitted,

**VEDDER PRICE P.C.**

By:　　/s/ Michael Schein　　　　　  
　　　Michael J. Edelman  
　　　Michael Schein  
1633 Broadway, 47th Floor  
New York, New York 10019  
Telephone:  212-407-7700  
Facsimile:  212-407-7799  
E-Mail:  MJEdelman@VedderPrice.com

*Counsel for Data Systems & Solutions LLC*

NEWYORK/#432751.1