# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

## SECOND SUPPLEMENTAL DECLARATION OF DISINTERESTEDNESS OF VINSON & ELKINS LLP PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS[2]

I, John C. Wander, declare under penalty of perjury:

1. I am a Partner of Vinson & Elkins LLP, located at 2001 Ross Avenue, Suite 3700, Dallas, TX 75201 (the "Company").

2. Energy Future Holdings Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have employed the Company to provide legal services to the Debtors as counsel in the appeal of the property tax valuation of the Comanche Peak nuclear plant (the "Services").

3. The Company may have performed legal services in the past, may currently perform legal services, and may perform legal services in the future in matters unrelated to these

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] On June 27, 2014, the Company filed its declaration of disinterestedness, and on July 27, 2015, the Company filed its second declaration of disinterestedness. This second supplemental declaration is supplemental and in addition to the previously filed declarations.

chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Company does not perform legal services as part of these chapter 11 cases for any such person, or have any relationship with any such person, their attorneys, or accountants, that in each case would be adverse to the Debtors or their estates with respect to the Services on which the Company is employed.

4. The Company has been engaged to perform legal services for several entities, some of which are parties in interest in the Debtors' chapter 11 cases, but in each case our legal services to such entities is limited to their capacity as potential investors in an entity that may be a bidder or plan sponsor in these cases (the "Other Services"). The Other Services are unrelated to the Services.

5. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

6. Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

7. Neither I nor any principal, partner, director, officer, of or professional employed by, the Company, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Company is employed.

8. The Debtors owe the Company $97,230.08 for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

9. I further understand that this Declaration will not suffice as the Company's proof of claim.

10. As of April 29, 2014, which was the date on which the Debtors commenced these chapter 11 cases, the Company was not party to an agreement for indemnification with certain of the Debtors.

11. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: 8/10 , 2016

John C. Wander