# **EXHIBIT 3**

```
 1
 2            UNITED STATES BANKRUPTCY COURT
 3            FOR THE DISTRICT OF DELAWARE
 4    - - - - - - - - - - - - - - - - - - - -x
      In Re:
 5
      Energy Future Holdings Corporation,
 6
      et al.,
 7
                          Debtors.
 8
      Chapter 11
 9
      Case No. 14-10979
10
      Jointly Administered
11
      - - - - - - - - - - - - - - - - - - - -x
12
13
14          DEPOSITION OF CARLA A. HOWARD
15
16              New York, New York
17            Thursday, July 7, 2016
18
19
20
21
22   Reported by:
23   JEFFREY BENZ, CRR, RMR
24   JOB NO. 109935
25
```

1                           Howard

2   and transfer the business ownership of the TCEH

3   business to the first lien creditors.

4        Q.    What tax issues does that business

5   transaction raise?

6             MR. McKANE:  Objection; overbroad.

7        A.    It raises a number of tax issues, as

8   we describe in the omnibus tax brief filed with

9   the Court earlier in the case and also as

10  described in the disclosure statement filed that

11  supports the current plan.

12       Q.    Could you briefly summarize those

13  issues?

14            MR. McKANE:  Same objection.

15       A.    This list won't be exhaustive.

16       Q.    That's fine.

17       A.    Even if we spend all day.

18       Q.    There's some merit to Mr. McKane's

19  objection, but I want to hear your explanation

20  of the summary.

21       A.    Generally, the case, as described in

22  the omnibus tax brief, has created difficult

23  separation issues from a tax perspective because

24  separation of either side leads to a potentially

25  large stranded tax, as it's been called in this

1                    Howard
2    case.  So the challenge has been to develop an
3    agreed path that does not leave a large stranded
4    tax at the EFH level.
5         Q.   You describe the tax aspects of the
6    transaction as two parts -- or you actually
7    described it as one.  You said a tax-free spin
8    with a busted 351.  Do those necessarily go
9    together?
10             MR. McKANE:  Objection; form, vague.
11        A.   The current plan on file poses two
12   possibilities:  One is a tax-free spinoff
13   incorporating a busted 351, the other is a
14   taxable separation.
15        Q.   Why couldn't you do the tax-free spin
16   within the busted 351?
17             MR. McKANE:  I object to form, vague,
18        calls for speculation.
19             Go ahead.
20        A.   I think the best way to think about it
21   is through the chronology of the case and the
22   way it's positioned in the omnibus tax brief,
23   which is separation creates this stranded tax
24   liability at the EFH level, but due to the
25   bankruptcy priorities and position of creditors