9-2016

CASE NO: 14-10979 (CSS)
Claim NO: 4959
P.O.C: 3389

E-mail: joannrobinson49@yahoo.com

Phone: 214-718-8961 OR)
972-898-7183

(New Address to mail at now)
9415 Burton Rd. apt. 5404
Dallas, TX. 75214

FILED
2016 AUG 16 AM 8:44
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

To whom it's may Concerns, I JoAnn M. Robinson I Pleading for. Help. Recieve Purchase Amount check filed for plan objections Deadlines on or Before dates. All objections Enclosed with this letters is notice Informing the courts has Scheduled Hearing on or Before Aug 17. 2016 to consider the plans comfirmation of the plans Voting Reorgnization (as may be amended or modified from time to time, with respect on the one on basic and the (E7H or E71H) Debtor on the other, Subsidiaries collectively Finance Inc. Appealing Hearing Aug 17, 2016  10:AM THE Honorable Judge Christoper S. Sonichi At the United States Bankrupcty At the United States Bankrupcty Court. for the District of Delware June 2016, July 2016, Aug 2016) Dates about Hearing In the Courtrooms, I send in my Evidence At the Copy All pages and paper I have To 824 North Market St. 5th floor Courtroom 6, Wilmington, Delware 19801 on Aug 17.16 And Send Copy All I have writing Statement To Approve my Case for Serve Years going on I have Copy of Claim purchase Agreement Settlement slip sign and dates for Judge to Appeal my distribution received claim payment is less I aware that the price may be different from amount ultimately I agree to 10% on the the amount repaid for this period of time from the dates. I sending Copy ID card, SS card, Invoices Statement, lease Statement, claim purchase agreement statement (the Recovery) Claim purchase Amount, Buth Cerlificate, TXU Statement. New Address Just Temporay 9415 Burton Rd. apt. 5404 Dallas, TX. 75217

creditor ID: 6916892

CASE NO: 14-10979 (CSS)
Claim NO: 4959
POC: 3389
E-mail: joannrobinson49@yahoo.com
Phone: 214-718-8961
Cell 972-898-7183 or

Temporary New Address too mail At:
9415 Barton Rd. Apt. 5404
Dallas, TX. 75214

FILED
2016 AUG 16 AM 8:44
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

The Honorable Judge Christoper S. Sonichi, AT THE United States Bankrupcty Court for THE District of Delware Aug 17, 2016 10:am Easter Time All objections Enclosed with this letter is notice Informing the Courts has Schulded Hearing on Aug 17, 2016. They likely Included any payment To JoAnn M. Robinson To Consider the plans Comfirmations of the plan Voteing Recorgnization (as may be amended or modifield from E7H Debtor on the other. with respect on the on on basic and the (ETH) case for Hearing. I send All Copy To: Honorable Judge christoper S. Sonichi, At The United States Bankrupcty TO: 824 North market St. 5th Floor Courtroom 6, Wilimgton, Delware 19801 on or Before Aug 17. 2016. I written before and after Dates to Approve my 30,500 Claim Amount. And I send In copy of Claim purchase have been made out To me Aug 2015 to further court filings. hAve indicated the Satisfaction of unsecured claims form me about CRG purchase price $17,842.50 out 30,500 dollars. How They said To send back copy of Evidence when they made out of the purchase price Such as Invoices, and statement I been doing day one first case was Started and return to them. Over and over. How they made The purchase with out They Invoice percent CRG provided on immedicate cash or not if they still offer To buy my claim with is purchasing claim the (EFH) corp. I agree that why I don't understand how they make a price up without checking and looking at Evidence aready there at your OFFICE. Why your putting me threw And running around when the Invoices copy are there. I mail out purchase slip to the court. (Thank you) To recive at court Aug 17, 2016 back

To Honable Judge Christoper DOS935 Filed 08/16/16 tend can To approve my Case and mail me back an check payment It been years about TXU Energy SEttlement case I send copy seen like it be decate For period of time I hope it not a scram on non-cash consideration I Going According to the bankruptcy court filings DATes Aug17. 2016
(CReditor ID : 676892

Thank you  Yoursly Truly
Ms. JoAnn M. Robinson
Any Question Please Contact me

Epiq Corp Send out claim purchase Agreement To CRG Group LLC For Energy Further Holldings corp. they didt give them ~~they~~ my related documents. send them copy Evidence. ID picture, SS. Card, TXu Statement, lease Contracts, Birth Certificate, InvoIcE come from my TXu Bills statement letter why they ask me were there no Evidence for them to see In Too. But they made a ~~for~~ Submissions a claim recovery a offer is on a first come first served basic to me from your company is owed 30,500. In year Aug 2015 that not right. now Epiq Corp or debtor or the bankruptcy court Is prohibited from mAking payment to certain creditors at this time, That why I likely to filings to the Honoable Judge Christoper S. Sonichi, To Appeal at the Hearing to approve my Claim Case i sending Him Copy of Evidence Too. I hope he recieve my letter i written and pleading over and over about this Settlement TXU Energy Futher Holding cases that one Day I can recieve a payment or recieve a check coming To me soon. it have been so different Mis understand and confuse Too me. every Day I doing My best to mail out they proof on this case. proof that this Is me ms. JoLnn M. Robinson I sorry about Delay on my behalf your Honor Judge Christoper S. Sonichi I Disabilty and sick ~~illegible~~ don't have evelope and stamp all time need more

| | | |
|---|---|---|
| **CLAIMS RECOVERY GROUP, LLC**<br>**92 UNION AVENUE**<br>**CRESSKILL, NJ 07626** |  | **TELEPHONE (201) 266-6988**<br>**FACSIMLE (201) 266-6985**<br>**CLAIMSRECOVERYLLC.COM** |

In Re: **Energy Future Holdings Corp. 14-10979**
In the **United States Bankruptcy Court for the District of Delaware**

| | |
|---|---|
| CREDITOR ID: 676892<br>ROBINSON, JOANN M<br>9744 FOREST LN APT 1622<br>DALLAS, TX 75243 US | **Offer Deadline**<br><br>**August 13, 2015**<br><br>**REPLY BEFORE THIS DATE** |

Dear Sir or Madam,

Pursuant to Bankruptcy Code §362, Energy Future Holdings Corp. is prohibited from making payments to certain creditors at this time. This likely includes any payments to ROBINSON, JOANN M. According to the bankruptcy court filings, your company is owed $30,500.00. Further, recent court filings have indicated that satisfaction of unsecured claims if/when paid, may be in the form of equity or other non-cash consideration.

Claims Recovery Group LLC (CRG) provides **immediate cash** on unpaid debt in certain bankruptcy cases. CRG is purchasing claims in the Energy Future Holdings Corp. case and is offering to buy your claim(s):

| | | |
|---|---|---|
| **Offer (% of Claim Amount):** | 58.5% | **DO NOT** |
| **Aggregate Claim Amount:** | $30,500.00 | **MISS THE** |
| **CRG Purchase Price:** | $17,842.50 | **STATED** |
| **Offer Valid Through:** | 13-Aug-2015 | **DEADLINE** |

**TO RECEIVE YOUR MONEY IMMEDIATELY**, simply sign the attached forms and return them with evidence of your claim. Upon confirmation of your claim we will **IMMEDIATELY SEND YOU A CHECK THAT YOU CAN DEPOSIT AS CASH.**

We will need you to send us evidence of your claim, such as invoices, statements concerning the claim amount and any other related documents. Signed forms can be sent via **fax (201) 266-6985** or email **submissions@claimsrecoveryllc.com** or mail to the address provided above.

**IF YOU HAVE ANY QUESTIONS AT ALL OR NEED HELP, CALL:**
**(877) 694-1194** or (201) 266-6988
To speak to a *CRG Payments Specialist*

This offer is on a first come first served basis and valid through **5:00 PM (EDT) on August 13, 2015**. Allocation for this case is limited, so please do not delay.

Sincerely,

*Randy Fish*

Randy Fish

*This letter is non-binding and shall be governed by the laws of NY. We reserve the right to refuse to purchase the claim for any reason without further notice or obligation. Claims Recovery Group LLC is an independent investment company not affiliated with or hired by the Debtor or the Bankruptcy Court.*

EFH073015W

## CLAIM PURCHASE AGREEMENT

Assignment of Claim. ROBINSON, JOANN M (hereinafter "Seller"), with a principal address of 9744 FOREST LN APT 1622 DALLAS, TX 75243, for good and valuable consideration in the sum of $17,842.50 (the "Purchase Price"), does hereby absolutely and unconditionally sell, convey, and transfer to Claims Recovery Group LLC, and any of its successors, assigns or designees (hereinafter "Purchaser"), all of Seller's right, title, benefit and interest in and to any and all of Seller's pre-petition claim or claims (the "Claim"), against Energy Future Holdings Corp. or any of its co-debtor subsidiaries or affiliates (collectively, the "Debtor"), in bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No. 14-10979 (the "Case"); and includes any Proof of Claim (defined below), along with voting and any other rights and benefits which may now exist, or come into existence, in regards to the Claim, all cash, securities, instruments and other property, to be paid or issued by Debtor or any other party, directly or indirectly, in connection with and/or in satisfaction of the Claim, including, without limitation, "cure" amounts related to the assumption of an executory contract and any rights to receive all payments in respect thereof, and all rights to receive interest, penalties, fees, and any damages from any cause of action, litigation or rights of any nature against Debtor, its affiliates, any guarantor or other third party, which may be paid or issued with respect to and/or in satisfaction of the Claim (the "Recovery"). This Claim Purchase Agreement (the "Agreement") shall be deemed an unconditional purchase of the Claim for the purpose of collection and shall not be deemed to create a security interest. Seller represents the Claim is in an aggregate amount not less than $30,500.00 (the "Claim Amount").

Proof of Claim. Seller represents and warrants that (check one):
(i)  ✓  a proof of claim in the amount of $ 30,500 (the "Proof of Claim Amount"), a copy of which is annexed hereto, has been duly and timely filed in the Case; or
(ii)  ___  no proof of claim has been filed.

The term "Proof of Claim" shall include: (a) any and all multiple Proofs of Claim filed by or on behalf of Seller in respect of the Claim, and (b) any and all of Seller's documentation supporting the Claim. The parties agree that if the Proof of Claim amount differs from the Claim Amount set forth above, Purchaser shall nevertheless be deemed the owner of the Proof of Claim, subject to the terms of this Agreement, and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court. The Parties further agree that, if the Proof of Claim Amount is less than the Claim Amount, the Purchase Price shall be proportionately reduced as set forth below.

Representations; Warranties and Covenants. Seller represents, warrants and covenants that, (a) Seller owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, including, without limitation, pursuant to any factoring agreement, and upon the sale of the Claim to Purchaser, Purchaser will receive good title to the Claim; (b) Seller has not previously sold, assigned, transferred, or pledged the Claim, in whole or in part, to any third party and neither Seller, nor any other third party, has received any payment or other distribution, in full or partial satisfaction of, or in connection with, the Claim; (c) the basis for the Claim is amounts validly due from and owing by the Debtor; (d) the Claim is a valid, undisputed, liquidated, enforceable, and non-contingent claim against the Debtor for which the Debtor has no defenses and no objection to the Claim has been filed, listed on the Debtor's schedule of liability or any amendment thereto (collectively, the "Schedules"), or threatened; (e) Seller has not engaged in, and will not engage in, any acts, conduct or omissions that might result in Purchaser receiving, in respect of the Claim, less payments or distributions or any less favorable treatment than other similarly situated creditors; (f) Debtor, or any other third party, has no basis to assert the Claim is subject to any defense, claim or right of setoff, reduction, impairment, disallowance, subordination or avoidance, including preference actions, whether on contractual, legal or equitable grounds; (g) Seller is not "insolvent" within the meaning of Section 1-201 (23) of the Uniform Commercial Code or Section 101 (32) of the Bankruptcy Code; and (h) Seller is not an "insider" of the Debtor, as set forth in § 101(31) of the Bankruptcy Code, or a member of any official or unofficial committee in connection with the Case. Seller acknowledges and unconditionally agrees any misrepresentation or breach by Seller may cause Purchaser irreparable harm and, accordingly, Purchaser shall be entitled to all available remedies for any such misrepresentation, breach or threatened breach, including, but not limited to, the immediate recovery of money damages ("Restitution") including, without limitation, a "Restitution Payment," as further defined below, plus reasonable attorneys fees and costs.

Seller is aware that the Purchase Price may differ from the amount ultimately distributed in the Case with respect to the Claim. Seller acknowledges that, except as set forth herein, neither Purchaser nor any agent or representative of Purchaser has made any representation whatsoever to Seller regarding the status of the Case, the condition of Debtor or any other matter relating to the Case, the Debtor or the Claim. Seller represents that it has adequate information concerning the Case to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Purchaser, and based on such information as it has deemed appropriate, made its own analysis and decision to enter into this Agreement.

Execution of Agreement. This Agreement shall become effective and valid when (a) Seller executes this Agreement and it is received by Purchaser, and (b) the Agreement is executed by an authorized representative of Purchaser.

Consent and Waiver. Seller hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any objections and/or to receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

Claim or Recovery Impaired or Allowed for an Amount Less than Claim Amount. **Purchaser assumes all risks with respect to the amount of Recovery, even if the Recovery is less than the Purchase Price.** Notwithstanding the foregoing, to the extent that (i) the Claim is impaired for any reason, including, without limitation, disallowance, subordination, objection, offset, demand for repayment as a preference, or due to a breach of this Agreement, and/or (ii) the Claim is not listed on the Schedules, or is listed on the Schedules as unliquidated, contingent or disputed, or is listed on the Schedules in a lesser amount than the Claim Amount, Seller agrees to make to Purchaser immediate proportional Restitution and repayment of the Purchase Price (the "Restitution Payment"), together with interest at the rate of ten percent (10%) per annum on the amount repaid for the period from the date of this Agreement through the date such repayment is made. Seller further agrees to reimburse Purchaser for all costs, and expenses, including reasonable legal fees and costs, incurred by Purchaser as a result of such disallowance or impairment. For the avoidance of doubt, Seller is liable to Purchaser for the Restitution Payment only if the Claim is invalid for any of the reasons set forth above. **The Seller is not liable to Purchaser for the Restitution Payment if the Claim is valid but the Recovery is less than the amount of the Purchase Price.**

EFH073015W

Notices (including Voting Ballots) Received by Seller; Further Cooperation. Seller agrees to immediately forward to Purchaser any and all notices received from Debtor, the Court or any third party regarding the Claim and to take such other action, with respect to the Claim, as Purchaser may request from time to time. More specifically, Seller shall take such further action as may be necessary or desirable to effect the transfer of the Claim and to direct any payments or distributions, or any form of Recovery on account of the Claim, to Purchaser, including the execution of appropriate voting ballots, transfer powers and consents at Purchaser's sole discretion.

Recovery Received/Delayed by Seller. In the event Seller (i) receives any distribution of the Recovery, or any portion thereof, made payable on or after the date of Seller's execution of this Agreement; or (ii) delays or impairs Purchaser's right to Recovery for any reason (each (i) and (ii) a "Delayed Recovery Event"), then Seller agrees to (a) accept any Recovery as Purchaser's agent and to hold the same in trust on behalf of and for the sole benefit of Purchaser and shall promptly deliver the same forthwith to Purchaser in the same form received, or in a form reasonably requested by Purchaser, free of any withholding, set-off, claim or deduction of any kind, and/or (b) settle or cure the reason for the Delayed Recovery Event (each (a) and (b) a "Settlement") within ten (10) business days of the Delayed Recovery Event (the "Settlement Date"). Seller shall pay Purchaser interest, calculated at the rate of ten (10%) percent per annum, of any amount or portion of Recovery that incurs a Delayed Recovery Event, for each day after the Settlement Date until such Recovery is received by Purchaser.

Authorizations. Seller irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all amounts as now are, or may hereafter become, due and payable on account of the Claim. Seller grants Purchaser full authority to do all things necessary to enforce the Claim and its rights thereunder. Seller agrees that the powers granted in this paragraph are discretionary in nature and that Purchaser may exercise or decline to exercise such powers at Purchaser's sole option. Purchaser shall have no obligation to prove or defend the Claim.

Indemnification. Seller agrees to indemnify Purchaser from (a) all losses, damages and liabilities, including reasonable attorneys fees and expenses, which result from Seller's breach of any representation, warranty or covenant set forth herein, (b) any action, proceedings, objection or investigation relating to any attempt or threatened attempt to avoid, disallow, reduce, subordinate or otherwise impair the Claim or otherwise delay payments or distributions in respect of the Claim, and/or (c) litigation arising out of or in connection with the enforcement of this Agreement.

Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Agreement may be brought in any State or Federal court located in the State of New York, and Seller consents to and confers personal jurisdiction over Seller by such court or courts and agrees that service of process may be upon Seller by mailing a copy of said process to Seller at the address set forth in this Agreement, and in any action hereunder the Seller and Purchaser each waive the right to demand a trial by jury.

Miscellaneous. Seller agrees that the terms of this Agreement are confidential and may not be disclosed without Purchaser's prior written consent. Purchaser shall have the right to all remedies including specific performance and other injunctive and equitable relief without a showing of irreparable harm or injury and without posting a bond for any breach of this Agreement. Each party expressly acknowledges and agrees that it is not relying upon any representations, promises, or statements, except to the extent that the same are expressly set forth in this Agreement, and that each party has the full authority to enter into this Agreement and that the individuals whose signatures appear below hereby expressly represent that they have the authority to bind the party for which they sign this Agreement. The parties hereby mutually agree and stipulate that this Agreement is the result of negotiations between the parties and the terms hereof are jointly negotiated terms. Accordingly, any rules of interpretation, construction or resolving ambiguity against the drafter that otherwise apply, shall not apply hereto. This Agreement (i) may not be modified, waived, changed or discharged, in whole or in part, except by an agreement in writing signed by the parties; (ii) constitutes the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and (iii) supersedes all prior agreements, understandings and representations pertaining to the subject matter hereof, whether oral or written. Seller hereby acknowledges that Purchaser may at any time resell the Claim, or any portion thereof, together with all right title and interest received by Purchaser in and to this Agreement. Seller shall not assign or otherwise transfer its rights or obligations under this Agreement without the prior written consent of Purchaser. This Agreement shall be binding upon any prospective successor of Seller (whether by operation of law, merger or otherwise) or on any purchaser of all or substantially all of Seller's assets ("Transfer"). In connection with any such Transfer, the purchaser, successor or assignee of Seller shall be bound by the terms and conditions of this Agreement. All representations and warranties made herein shall survive the execution and delivery of this Agreement and any Transfer. This Agreement may be signed in counterparts and by telecopy, or other commonly acceptable form of electronic transmission, each of which shall be deemed an original and all of which taken together shall constitute the Agreement. Failure or delay on the part of Purchaser to exercise any right, power or privilege hereunder shall not operate as a waiver thereof.

IN WITNESS WHEREOF, the undersigned Seller hereunto sets its hand this 27 day of July, 2016
ATTEST:

By: JoAnn M Robinson  214-718-8961
Signature                    Telephone #

Robinson JoAnn M
Print Name/Title          Fax #          Email: joannrobinson49@yahoo.c
ROBINSON, JOANN M

IN WITNESS WHEREOF, the undersigned Purchaser hereunto sets its hand this ____ day of _____, 20__.
ATTEST:
By: _____
Robert Axenrod, Claims Recovery Group LLC
(201) 266-6988 (tel)    (201) 266-6985 (fax)

EFH073015W

## NOTICE OF TRANSFER AND WAIVER

ROBINSON, JOANN M ("Seller"), sells, transfers and assigns unto Claims Recovery Group LLC, with an address at 92 Union Avenue, Cresskill, NJ 07626, its successors and assigns ("Purchaser"), pursuant to the terms of a Claim Purchase Agreement between Seller and Purchaser (the "Agreement"), all of Seller's right, title and interest in, to and under Seller's Claim (as defined in the Agreement) against Energy Future Holdings Corp. or any of its co-debtor subsidiaries or affiliates (the "Debtor"), in the aggregate amount of not less than $30,500.00, representing all claims of Seller pending against Debtor in the United States Bankruptcy Court, District of Delaware, jointly administered as Case No. 14-10979.

Seller hereby waives its right to raise any objection and/or receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedures and stipulates that an order may be entered recognizing the Agreement as an unconditional sale and the Purchaser as the valid owner of the Claim.

IN WITNESS WHEREOF, Seller has signed below as of the 27 day of July, 2016

By: _JoAnn M. Robinson_
Signature
_Robinson JoAnn M_
Print Name/Title
ROBINSON, JOANN M

IN WITNESS WHEREOF, Purchaser has signed below as of the ___ day of _____, 20__.

By: _____
Robert M. Axenrod, Claims Recovery Group LLC

EFH073015W