# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 14-10979 (CSS) |
| ENERGY FUTURE HOLDINGS CORP., *et al.,*[1] | Jointly Administered |
| | Re: D.I. 9199, 9224 |
| Debtors. | Hearing Date:  August 17, 2016 at 10:00 a.m. |

**PRETRIAL BRIEF OF EFH INDENTURE TRUSTEE REGARDING STANDARD OF REVIEW APPLICABLE TO APPROVAL OF EFH 363 TRANSACTIONS AND RELATED CORPORATE GOVERNANCE MATTERS**

**CROSS & SIMON, LLC**
Christopher P. Simon (Del. Bar No. 3697)
105 North Market Street, Suite 901
Wilmington, Delaware 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
csimon@crosslaw.com

**NIXON PEABODY LLP**
Amanda D. Darwin
Richard C. Pedone
George J. Skelly
100 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
adarwin@nixonpeabody.com
rpedone@nixonpeabody.com
gskelly@nixonpeabody.com

-and-

Christopher J. Fong
437 Madison Avenue
New York, NY 10022
Telephone: 212-940-3724
Facsimile: 855-900-8613
cfong@nixonpeabody.com

*Co- Counsel to American Stock Transfer & Trust Company, LLC, as Indenture Trustee*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.

## <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

NATURE AND STAGE OF PROCEEDINGS ..................................................................................1

SUMMARY OF ARGUMENT .....................................................................................................1

AGRUMENT ................................................................................................................................2

I.     The Debtors Seek Approval of EFH 363 Transactions Pursuant to
Section 363b ...............................................................................................................................2

         A.     Business Judgment Standard Under Section 363(b) .................................................2

         B.     Heightened Scrutiny and Entire Fairness Standard of Review ...............................3

         C.     Entire Fairness Analysis Is Also Required by Lack of Meaningful
E-Side Creditor Involvement ...................................................................................6

II.    The Process for Approving the EFH 363 Transactions Must Also Comply
With State Law ...........................................................................................................................7

CONCLUSION .............................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*FDIC v. Faigin*,
   No. CV 12-03448, 2013 WL 3389490 (C.D. Cal. Jul. 8, 2013) ...............................................7

*Gavin v. Tousignant (In re Ultimate Escapes Holdings, LLC)*,
   2015 Bankr. LEXIS 863 (Bankr. D. Del. Feb. 5, 2015) .........................................................3

*In re AWTR Liquidation Inc.*,
   548 B.R. 300 (Bankr. C.D. Cal. 2016)...................................................................................7

*In re Bridgeport Holdings, Inc.*,
   388 B.R. 548 (Bankr. D. Del. 2008) ......................................................................................8

*In re eToys, Inc.*,
   331 B.R. 176 (Bankr. D. Del. 2005) ......................................................................................2

*In re Exide Techs.*,
   303 B.R. 48 (Bankr. D. Del. 2003) ........................................................................................6

*In re Innkeepers USA Trust*,
   442 B.R. 227 (Bankr. S.D.N.Y. 2010) ..................................................................................4

*In re Jackson*,
   141 B.R. 909 (Bankr. N.D. Tex. 1992)..................................................................................7

*In re Performance Nutrition, Inc.*,
   239 B.R. 93 (Bankr. N.D. Tex. 1999)....................................................................................7

*In re Zenith Elecs. Corp.*,
   241 B.R. 92 (Bankr. D. Del. 1999) ...................................................................................6, 8

*Meyers v. Moody*,
   693 F.2d 1996 (5th Cir. 1982) ..........................................................................................7, 8

*Official Unsecured Creditors' Comm. of Broadstripe, LLC v. Highland Capital Mgmt.,*
   *L.P. (In re Broadstripe, LLC)*,
   444 B.R. 51 (Bankr. D. Del. 2010) ...................................................................................3, 4

*OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.)*,
   340 B.R. 510 (Bankr. D. Del. 2006) ......................................................................................4

**STATE CASES**

*Cede & Co. v. Technicolor, Inc.*,
   634 A.2d 345 (Del. 1993) ..................................................................................................7, 8

*Reis v. Hazelett Strip-Casting Corp.*,
    28 A.3d 442, 457 (Del. Ch. 2011)............................................................................................3

**FEDERAL STATUTES**

11 U.S.C. § 1129(a)(3)........................................................................................................1, 6, 8

11 U.S.C. § 363.................................................................................................................1, 2, 6

**STATE STATUTES**

TEX. BUS. ORG. CODE § 21.418(b)........................................................................................8

**OTHER AUTHORITIES**

S. REP. No. 95-989...............................................................................................................4

## NATURE AND STAGE OF PROCEEDINGS

The EFH Indenture Trustee,[2] by its undersigned counsel, hereby submits this pretrial brief regarding the standard of review applicable to approval of the EFH 363 Transactions in further support of the *EFH Indenture Trustee and Contrarian Capital Management, LLC's Objection to Confirmation of Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9224] (the "Objection") filed on August 8, 2016.

## SUMMARY OF ARGUMENT

1.      One of the central issue in the Confirmation Hearing will be the standard of review that the Court must apply in analyzing the actions (and inactions) of the EFH Disinterested Directors in connection with their approval of the EFH 363 Transactions.  The Debtors and the EFH Disintersted Directors argue that the business judgment standard applies. This Court, however, in its prior ruling related to the Oncor bidding procedures made clear that the Court must indepently review the challenged transactions and can employ a "heighted scrutiny" or "entire fairness" standard if the transactions involves insiders or interested directors. Here, the evidence at trial will demonstrate that the entire fairness standard must be applied and that the EFH 363 Transactions cannto be approved.

2.      Further, since the Debtors seek approval of the EFH 363 Transactions in connection with the Current Plan, section 1129(a)(3) requires that the state law corporate governance process for approving the EFH 363 Transactions must comply with state law.  The evidence at trial will show that the EFH Disinterested Directors did not satisfy their state law fiduciary duty of care by failing to (i) analyze alternatives to the Current Plan after termination of

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Current Plan or the Objection, respectively.

the prior plan and (ii) require TCEH to provide EFH Corp. with consideration in exchange for the EFH 363 Transactions.  For those reasons, and as will be demonstrated at trial, the EFH Disinterested Directors have not satisfied their state law fiduciary duties, therefore the Current Plan does not comply with section 1129(a)(3) and cannot be approved.

## ARGUMENT

### I.  The Debtors Seek Approval of EFH 363 Transactions Pursuant to Section 363

The Third Amended Disclosure Statement [D.I. 8747] provides that the Current Plan is a "deemed" motion under section 363 of the Bankruptcy Code seeking approval of the EFH 363 Transactions:

> The Plan **shall be deemed a motion or motions** by the applicable EFH Debtors and/or EFIH Debtors seeking authority to enter into, or effectuate, the Required E-Side Agreements and Actions, which will be subject to the applicable standard of review for **outside-the-ordinary course transactions under section 363 of the Bankruptcy Code and the burden shall be on the applicable EFH Debtor or EFIH Debtor(s) to satisfy such standard**.

Third Amended Disclosure Statement, at 3 (emphasis added).  As noted in the Third Amended Disclosure Statement, the burden is on the Debtors to satisfy the standard under section 363.

### A.  Business Judgment Standard Under Section 363(b)

In November 2014, in these chapter 11 cases, this Court articulated the applicable standard of review that a court must apply under section 363(b) in connection with the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof* [D.I. 2087] (the "Bidding Procedures Motion").  Under the proposed bidding procedures, the Debtors sought to market and sell EFH Corp.'s interest in Oncor Electric Delivery Company LLC ("Oncor").  Hr'g Tr. 110:1-2 (Nov. 3, 2014).

2

In ruling on the Bidding Procedures Motion, the Court stated that it "must find that the debtors have satisfied the business judgment standard under 363(b)(1), i.e., is the proposed action supported by a sound business reason and based on a sound exercise of business judgment?" Hr'g Tr. 16:21-25 (Nov. 3, 2014).  The Court "reviews the debtors' business judgment to determine ***independently*** whether the judgment is a reasonable one." *Id*. at 17: 5-7 (emphasis added).  As the Court made clear in November 2014, the "business judgment test" under section 363 is different that the "business judgment rule" under state law. *Id.* at 17:1-2.

The Court granted the Bidding Procedures Motion subject to several conditions, finding that "the business decision to market the Oncor business and prosecute the bidding procedures motion was the result of flawed and insufficient corporate governance." *Id.* at 18:1-4.  Among other things, the Court required the Debtors to obtain formal approval of the modified bidding procedures from each of the Debtors' respective boards of directors, including the disinterested directors and managers. *Id.* at 18:11-15.  The Court imposed that condition because "[w]ithout information as to what occurred it is difficult for the Court to evaluate that decision." *Id.* at 13:20-22.

### B.    Heightened Scrutiny and Entire Fairness Standard of Review

In its ruling on the Bidding Procedures Motion, the Court stated that "it might import where appropriate principals [sic] of state law governing the exercise of fiduciary duties such as requiring a debtor to demonstrate the entire fairness of a proposed transaction where the directors and/or management are self- interested." Hr'g Tr. 17:13-18 (Nov. 3, 2014); *see also In re eToys, Inc.,* 331 B.R. 176, 200 (Bankr. D. Del. 2005)("When faced with such divided loyalties, directors [and officers] have the burden of establishing the entire fairness of the transaction to survive careful scrutiny by the courts.")(brackets in original).

3

Under well-established Delaware corporate law, there are "three tiers of review when evaluating corporate fiduciary decision-making: the business judgment rule, enhanced scrutiny, and entire fairness." *Gavin v. Tousignant (In re Ultimate Escapes Holdings, LLC)*, 2015 Bankr. LEXIS 863, *22 (Bankr. D. Del. Feb. 5, 2015)(citing *Reis v. Hazelett Strip-Casting Corp.*, 28 A.3d 442, 457 (Del. Ch. 2011)).  "The applicable standard turns on whether the corporate fiduciaries (i) were disinterested and independent (the business judgment rule), (ii) faced potential conflicts of interest because of the decisional dynamics present in particular recurring and recognizable situations (enhanced scrutiny), or (iii) confronted actual conflicts of interest such that the directors making the decision did not comprise a disinterested and independent board majority (entire fairness)."  *Id.*

When confronted with an allegation that a director or officer who approved a transaction was interested or had a conflict, the Delaware Bankruptcy Court has required the application of an "entire fairness" analysis and has described the "entire fairness" standard as follows:

> The requirement of fairness is unflinching in its demand that where one stands on both sides of a transaction he has the burden of establishing its entire fairness, sufficient to pass the test of careful scrutiny by the courts.

*Official Unsecured Creditors' Comm. of Broadstripe, LLC v. Highland Capital Mgmt., L.P. (In re Broadstripe, LLC)*, 444 B.R. 51, 106 (Bankr. D. Del. 2010) (finding that entire fairness standard may be applicable if facts show party was on both sides of transaction).  An "entire fairness" analysis requires examination of both (i) fair dealing and (ii) fair price, examined together as a whole.  *Id.*

"Fair dealing" involves elements such as (i) when the transaction was timed, (ii) how it was initiated, (iii) how it was structured, (iv) how it was negotiated, (v) how it was disclosed to the directors, and (vi) how the approvals of the directors and the stockholders were obtained.  *Id.*

4

"Fair price" includes such considerations as "economic and financial considerations of the proposed merger, including all relevant factors: assets, market value, earnings, future prospects, and any other elements that affect the intrinsic or inherent value of a company's stock." *Id.*

If the challenged transaction involves insiders, courts will examine the transaction with heightened or enhanced scrutiny. *See In re Innkeepers USA Trust*, 442 B.R. 227, 231 (Bankr. S.D.N.Y. 2010)(denying debtor's motion to assume restructuring support agreement and stating that the "heightened scrutiny" standard closely examines transactions involving insiders); *see also OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.),* 340 B.R. 510, 523 (Bankr. D. Del. 2006)("[A]n insider is one who has a sufficiently close relationship with the debtor that his conduct is made subject to closer scrutiny than those dealing at arms' length with the debtor.") (citing S. REP. No. 95-989, 1978 WL 8531, at * 5810).

In applying heightened scrutiny, "courts are concerned with the integrity and entire fairness of the transaction at issue, typically examining whether the process and price of a proposed transaction not only appear fair but are fair and whether fiduciary duties were properly taken into consideration. The business judgment rule shields corporate decision makers and their decisions from judicial second-guessing only when the following elements are present: (i) a business decision, (ii) disinterestedness, (iii) due care, (iv) good faith, and (v) according to some courts and commentators, no abuse of discretion or waste of corporate assets." *Innkeepers*, 442 B.R. at 231. Here, in the context of these Bankruptcy cases and the review of the transactions under the Bankruptcy Code, the Court should, at a minimum, apply the heightened scrutiny analysis because the EFH 363 Transactions are among "insiders" as that term is defined in the Bankruptcy Code. *See* Objection, at 26, n. 33.

The EFH Indenture Trustee submits, however, that an "entire fairness" analysis is also required because the evidence will demonstrate that the EFH Disinterested Directors were interested in the EFH 363 Transactions by virtue of the releases granted to them under the Current Plan or improvements made to their employment arrangements.  It is important to note that the EFH Indenture Trustee is not arguing that heightened scrutiny applies because of any efforts at personal enrichment or nefarious acts on the part of Ms. Williamson or Mr. Evans.  Rather, where directors have an interest in a transaction, the integrity of the bankruptcy system requires that the Court analyze the transaction under heightened scrutiny and perform its own objective analysis of the facts.  Here, the central facts relate to the consideration (or lack thereof) that EFH Corp. will receive in connection with the transactions.  Further, at trial the evidence will also show that the EFH Disinterested Directors did not satisfy their fiduciary duty of care by failing to inform themselves of all the available options and alternatives and failing to cause any agent of EFH Corp. to demand or negotiate any payment for the assets transferred to Reorganized TCEH.

    **C.**    **Entire Fairness Analysis Is Also Required by Lack of Meaningful E-Side Creditor Involvement**

In its ruling on the Bidding Procedures Motion, the Court also stated that "[c]reditor and Court oversight of the debtors' action outside the ordinary course of business, including asset marketing and sales, is not only appropriate, but is required by the law."  Hr'g Tr. 21:15-18 (Nov. 3, 2014).  Where, as here, the EFH Committee is contractually prohibited from challenging the Current Plan and did not play any role in the evaluation of the EFH 363 Transactions, the Court should apply the entire fairness standard.  The evidence at trial will show, at best, limited communication and input from E-Side creditors prior to EFH Corp.

6

making a commitment to use all of its NOLs to provide Reorganized TCEH with the maximum possible basis step-up.

## II.    The Process for Approving the EFH 363 Transactions Must Also Comply With State Law

Although approval of the EFH 363 Transactions is sought under section 363, nothing in the Bankruptcy Code relieves EFH Corp. of its obligations to continue to comply with state law in connection with approval of the EFH 363 transactions.  Since the EFH 363 Transactions are to be consummated under the Current Plan, the Debtors have the burden to prove that the Current Plan, and the proposed EFH 363 Transactions to be effectuated thereunder, comply with section 1129(a) and applicable law.  *See e.g., In re Exide Techs.,* 303 B.R. 48, 58 (Bankr. D. Del. 2003)(denying confirmation of plan and stating that "plan proponent bears the burden of establishing the plan's compliance with each of the requirements set forth in § 1129(a) . . .").

Specifically, section 1129(a)(3) requires that a plan must comply with applicable state law.  *See e.g.,* 11 U.S.C. § 1129(a)(3) ("The court shall confirm a plan only if all of the following requirements are met: (3) The plan has been proposed in good faith and not by any means forbidden by law."); *In re Zenith Elecs. Corp.*, 241 B.R. 92, 108 (Bankr. D. Del. 1999) ("[T]he Plan must not only comply with the provisions of the Code, but must meet the standards for approval of such a transaction under [state] corporate law. We agree that section 1129(a)(3) does incorporate [state] law (as well as any other applicable nonbankruptcy law)."  In *Zenith*, the court examined whether a plan complied with Delaware state law to determine if section 1129(a)(3) was satisfied.  *Zenith*, 241 at 108.  Since the plan in *Zenith* involved a transaction between the debtor and an insider, the court applied the entire fairness standard.  *Id.*

The EFH 363 Transactions cannot be approved because the EFH Disinterested Directors have not complied with their underlying state law fiduciary duties in approving the transactions.

Numerous jurisdictions have recognized that a "director's duty of care requires a director, before voting on a proposed plan of merger or sale, to inform himself and his fellow directors of all material information that is reasonably available to them." *Cede & Co. v. Technicolor, Inc.*, 634 A.2d 345, 368 (Del. 1993) (finding that directors breached their duty of care based upon failure to conduct reasonable inquiry); *see also FDIC v. Faigin*, No. CV 12-03448, 2013 WL 3389490, at *9 (C.D. Cal. Jul. 8, 2013) (denying motion to dismiss claims against directors where directors' decision-making process was alleged to have been flawed).

These obligations do not change upon insolvency; directors must still "exercise business judgment in an informed and good faith effort to preserve and grow the corporation's value." *In re AWTR Liquidation Inc.,* 548 B.R. 300, 325 (Bankr. C.D. Cal. 2016) (emphasis added) (denying motion to dismiss claims of duty of care).  However, "[w]hat changes upon insolvency is the constituency;" creditors are now amongst those to whom directors are answerable. *Id.*

"Texas law imposes on corporate officers and directors a duty to exercise due care in the management of the corporation's affairs." *Meyers v. Moody,* 693 F.2d 1996, 1209 (5th Cir. 1982) (affirming finding of breach of duty of care by director-majority shareholder by negligent management of corporation and also found grossly negligent behavior on his part).  Directors must "act only in the best interest of the corporation." *In re Performance Nutrition, Inc*., 239 B.R. 93, 110-11 (Bankr. N.D. Tex. 1999) (finding director breached duty of care to the corporation).  Due care is defined under Texas law as "that degree of care which a person of ordinary prudence would exercise under the same or similar circumstances." *Id.* (quoting *In re Jackson*, 141 B.R. 909, 915 (Bankr. N.D. Tex. 1992) (finding directors liable for breach of their duties)); *Meyers*, 693 F.2d at 1209.  As part of their burden under section 1129(a)(3), the Debtors

8

must establish that all plan-related transactions were, and will be, undertaken in compliance with the Texas duty of care.

The EFH Disinterested Directors may argue that their actions should be reviewed under the Texas "business judgment rule" and thus the EFH 363 Transactions may be approved even if they breached their duty of care because gross negligence is required to void a transaction in Texas.[3]  That argument, however, misses the point that section 1129 requires compliance with state law fiduciary duties.  *See Zenith*, 241 B.R. at 108.  The facts at trial will establish the actions and omissions of the EFH Disinterested Directors in connection with their negotiations and approvals of the EFH 363 Transactions.[4]

Here, as will be demonstrated at trial, the EFH Disinterested Directors' actions in approving the EFH 363 Transactions did not satisfy their duty of care because, among other things, they did not review or analyze a range of alternatives.  Moreover, as will be shown at trial and discussed in a separate submission, the EFH 363 Transactions were for inadequate value and are fraudulent conveyances under Texas law.[5]  Based upon responses provided in discovery, the Debtors have offered no evidence of any request by EFH Corp. that Reorganized TCEH pay measurable consideration for use of its NOLs at any point after the December Settlement was

---

[3]    In the Objection, we described TEX. BUS. ORG. CODE § 21.418(b) as providing that "In a corporate transaction, when a director or officer has an interest in a transaction, the transaction will be void or voidable unless the material facts relating to the interest are disclosed to the board or shareholders, and the transaction is fair to the corporation when the transaction is authorized by them."  Objection, at ¶ 53.  For clarity, subsections 1 and 2 of TEX. BUS. ORG. CODE § 21.418(b) are used in the disjunctive and either subsection can be satisfied to prevent the application of section 21.418 to void a transaction.

[4]    Where directors "fail to inform themselves 'fully and in a deliberate manner,' then they 'lose the protection of the business judgment rule,' and the court is 'required to scrutinize the challenged transaction under an entire fairness standard of review.'" *In re Bridgeport Holdings, Inc.*, 388 B.R. 548, 569 (Bankr. D. Del. 2008) (denying motion to dismiss claims of breach of duty of care due to director's failure to adequately inform themselves) (quoting *Cede & Co. v. Technicolor, Inc.*, 634 A.2d 345 at 368).

[5]    The EFH Indenture Trustee intends to submit a brief separately addressing the fraudulent transfer issues under Texas state law.

approved.  Since the EFH 363 Transactions do not comply with state law, such transactions and the Current Plan cannot be approved.

## <u>CONCLUSION</u>

The foregoing Memorandum of Law is offered by the EFH Indenture Trustee in support of the Objection to confirmation of the Current Plan as set forth more fully in the Objection.  The EFH Indenture Trustee urges the Court to (i) deny confirmation of the Current Plan; (ii) deny approval of the EFH 363 Transactions, and (iii) grant such other and further relief as is just and proper.

Dated: Wilmington, DE
August 16, 2016

**CROSS & SIMON, LLC**

By: *Christopher P. Simon*
Christopher P. Simon (Del. Bar No. 3697)
105 North Market Street, Suite 901
Wilmington, Delaware 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
csimon@crosslaw.com

- and –

NIXON PEABODY LLP
Amanda D. Darwin
Richard C. Pedone
George J. Skelly
100 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
adarwin@nixonpeabody.com
rpedone@nixonpeabody.com
gskelly@nixonpeabody.com

-and-

Christopher J. Fong
437 Madison Avenue
New York, NY 10022
Telephone: 212-940-3724

Facsimile: 855-900-8613
cfong@nixonpeabody.com

*Co- Counsel to American Stock Transfer & Trust
Company, LLC, as Indenture Trustee*