1   UNITED STATES BANKRUPTCY COURT

2   DISTRICT OF DELAWARE

3

4

5   In re:                          :

                                    :   Chapter 11

6   ENERGY FUTURE HOLDINGS CORP., :

    et al.,                         :   Case No. 14-10979 (CSS)

7                                   :

            Debtors.                :   (Jointly Administered)

8   _____:

9

10

11

12                                  United States Bankruptcy Court

13                                  824 North Market Street

14                                  Wilmington, Delaware

15                                  August 15, 2016

16                                  12:47 PM - 1:10 PM

17

18

19

20

21   B E F O R E :

22   HON CHRISTOPHER S. SONTCHI

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO OPERATOR:  LESLIE MURIN

1    HEARING re Final T-Side Plan Confirmation Pre-Trial

2    Conference.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

Page 3

1   A P P E A R A N C E S :

2

3   VENABLE LLP

4        Attorney for PIMCO

5

6   BY:  JAMIE EDMONSON

7        JEFFREY SABIN

8

9   SULLIVAN & CROMWELL

10        Attorney for E-Side Committee

11

12   BY:  BRIAN GLUECKSTEIN

13

14   PACHULSKI STANG ZIEHL & JONES

15        Attorney for the Second Lien Indenture Trustee

16

17   BY:  COLIN R. ROBINSON

18

19   HOGAN MCDANIEL

20        Attorney for Fenicle & Fahy

21

22   BY:  DANIEL K. HOGAN

23

24

25

1   CROSS & SIMON

2       Attorney for Fidelity Management & Research

3

4   BY:  CHRISTOPHER SIMON

5

6   CHADBOURNE & PARKE

7       Attorneys for NextEra Energy

8

9   BY:  HOWARD SEIFE

10

11  KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

12       Attorney for Contrarian Capital

13

14  BY:  DANIEL FILMAN (TELEPHONICALLY)

15       ANDREW GLENN (TELEPHONICALLY)

16       NII-AMAR AMAMOO (TELEPHONICALLY)

17

18  MORRIS JAMES LLP

19       Attorney for Law Debenture Trust Company of New York,

20       in its capacity as Indenture Trustee

21

22  BY:  STEPHEN MILLER

23

24

25

1   NIXON PEABODY LLP

2       Attorney for American Stock Transfer as EFH Trustee

3

4   BY:  RICHARD PEDONE

5       MORGAN NIGHAN

6       GEORGE SHELLY

7

8   MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

9       Attorney for the TCEH Debtors

10

11  BY:  DAVID PRIMACK

12

13  POTTER ANDERSON & CORROON LLP

14      Counsel to Deutsche Bank, Agent to Dip Financing

15

16  BY:  JEREMY RYAN

17      R. STEPHEN MCNEILL

18

19  REED SMITH LLP

20      Attorneys for EFCH 2037 Notes Trustee

21

22  BY:  SARAH KAM

23

24

25

1    MUNGER, TOLLES & OLSON LLP

2          Attorney for the TCEH Debtors

3

4    BY:  TOM WALPER

5

6    BROWN RUDNICK, LLP

7          Attorneys for Wilmington Savings

8

9    BY:  JONATHAN D. MARSHALL (TELEPHONICALLY)

10

11   DRINKER BIDDLE & REATH LLP

12          Attorney for Citibank DIP Agent

13

14   BY:  HOWARD A. COHEN

15          ROBERT K. MALONE (TELEPHONICALLY)

16

17   UNITED STATES DEPARTMENT OF JUSTICE

18          Attorney for the U.S. Trustee

19

20   BY:  RICHARD L. SCHEPACARTER

21

22   BROWN & CONNERY, LLP

23          Attorneys for SAP Industries

24

25   BY:  DONALD K. LUDMAN

1   KLEHR HARRISON HARVEY BRANZBURG LLP

2       Attorney for UMB Bank, N.A. as Indenture Trustee

3

4   BY:  RAYMOND H. LEMISCH

5

6   MONTGOMERY MCCRACKEN WALKER & RHOADS LLP

7       Attorneys for E-Side Committee

8

9   BY:  MARK A. FINK

10

11  AKIN GUMP STRAUSS HAUER & FELD LLP

12      Attorney for UMB Bank, N.A. as Indenture Trustee

13

14  BY:  SCOTT L. ALBERINO (TELEPHONICALLY)

15      ABID QURESHI (TELEPHONICALLY)

16      CHRISTOPHER CARTY

17

18  YOUNG CONAWAY STARGATT & TAYLOR, LLP

19      Attorney for Ad Hoc Committee of TCEH First Lien

20      Creditors

21

22  PAULINE K. MORGAN

23

24

25

1   PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2       Attorney for Ad Hoc Committee of TCEH First Lien

3       Creditors

4

5   BY:  KELLIE CAIRNS (TELEPHONICALLY)

6       RICHARD BRONSTEIN

7       MOSES SILVERMAN

8       JACOB ALDERSTEIN

9

10  PROSKAUER ROSE LLP

11      Attorney for EFH Disinterested Directors

12

13  BY:  MICHAEL FIRESTEIN

14

15  BIELLI & KLAUDER, LLC

16      Attorney for EFH Disinterested Creditors

17

18  BY:  DAVID M. KLAUDER

19

20  FOX ROTHSCHILD LLP

21      Attorney for Ad Hoc Group of TCEH Unsecured Noteholders

22

23  BY:  L. JOHN BIRD

24

25

1   KIRKLAND & ELLIS

2       Attorneys for the Debtor

3

4   BY:  MARK MCKANE

5       CHAD HUSNICK

6

7   RICHARDS, LAYTON & FINGER, P.A.

8       Attorney for the Debtors

9

10  BY:  DANIEL T. DEFRANCESCHI

11      JASON M. MADRON

12

13  MORRISON & FOERSTER LLP

14      Attorneys for Official Committee of Unsecured Creditors

15

16  BY:  TODD M. GOREN (TELEPHONICALLY)

17

18  WHITE & CASE LLP

19      Attorney for the Ad Hoc TCEH Unsecured Notes Wilmington

20      Trust

21

22  BY:  J. CHRISTOPHER SHORE

23

24  ALSO PRESENT TELEPHONICALLY:

25  ARLENE R. ALVES

1    ASHLEY F. BARTRAM

2    MARIA CHUTCHIAN

3    MARK A. CODY

4    MICHAEL CUSTER

5    ALEXANDER DEFELICE

6    STACEY DORÉ

7    DAVID DUNN

8    CATHERINE EISENHUT

9    BARRY FELDER

10   SETH GOLDMAN

11   BRIAN GUINEY

12   THOMAS HALS

13   MARK F. HEBBELN

14   MARK HICKSON

15   NATASHA HWANGPO

16   ANNA KALENCHITS

17   STUART KOVENSKY

18   BRIAN P. MORGAN

19   HAL F. MORRIS

20   MICHAEL NEUMEISTER

21   MEREDITH PFISTER

22   JON PRUCHANSKY

23   ROBIN RUSSELL

24   NED S. SCHODEK

25   JENNIFER SHARRET

1    CHARLES SIEVING

2    SAGE M. SIGLER

3    ANGELO THALASSINOS

4    ANDREW M. THAU

5    AMER TIWANA

6    MICHAEL TURKEL

7    MATTHEW UNDERWOOD

8    TAMARA VAN HEEL

9    ANDREW WANG

10   JULIA M. WINTERS

11   APARNA YENAMANDRA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2              [SEE EXAMPLES] CLERK:  All rise.

3              THE COURT:  Please be seated.  Good afternoon.

4              MR. HUSNICK:  Good afternoon, Your Honor.  Chad

5    Husnick from Kirkland & Ellis.  I'm here with Mark McKane

6    today, and we're appearing on behalf of the Debtors.  Your

7    Honor, before we turn to the pretrial conference that Mr.

8    McKane will handle, I just wanted to take one moment to

9    update the Court on a development that we had previously

10   posted through chambers just on an open issue.

11             Your Honor may have heard that there was an open

12   issue on the tax matters agreement between the Debtors and

13   the TCH first lien lenders.  Your Honor, I'm happy to report

14   that early this morning, the parties had reached agreement

15   on a resolution of that issue, and we intend to file an

16   amended tax matters agreement that will resolve the open

17   issues on that document, and we'll do so today.

18             I did want to take to take a moment to thank those

19   who are responsible for that resolution, including Mr.

20   Maynes, Ms. Zablotney, Ms. Gallagher, and Mr. Sexton from

21   Kirkland.  Mr. Cavanaugh from Chadbourne & Parke on behalf

22   of Nextera, and Mr. Bronstein from the Paul Weiss Firm on

23   behalf of the TCH first lien lenders.  This has been a long

24   and contentious negotiation, but it does definitely set the

25   stage and clear the way for a confirmation hearing on

1    Wednesday.

2              THE COURT:  Okay.

3              MR. HUSNICK:  Thank you, Your Honor.

4              THE COURT:  You're welcome.

5              MR. McKANE:  Good afternoon, Your Honor, Mark

6    McKane of Kirkland & Ellis.  For the record, we have I

7    believe a very brief pretrial conference today as I believe

8    most issues are resolved.  We filed an Amended Second

9    Revised Joint Stipulated Final Pretrial Order this morning.

10   I have copies for the Court and staff if you need them.

11             THE COURT:  Yeah, I don't have that.  I have the

12   one you filed on the 12th, but I don't have today's.

13             MR. McKANE:  May I approach?

14             THE COURT:  Yes.

15             MR. McKANE:  Because there are even changes since

16   then.

17             THE COURT:  Yes.  Thank you.

18             MR. McKANE:  And, Your Honor, we have copies for

19   people in the Courtroom if they need them as well.

20             Your Honor, just to kind of -- a few updates in

21   terms of where we stand and as far as our pretrial

22   preparations.  With regards to the written directs of the

23   first four witnesses, written directs have been served on

24   the parties, and I believe delivered to chambers as well, so

25   that the written directives that currently have been served

1    on the parties are Mr. Keglevic, Mr. Moldovan, Ms. Howard,

2    and Mr. Ying.  We will continue that process consistent with

3    the Order and file them as the case goes on and provide

4    courtesy copies to the chambers.

5              THE COURT:  Okay.

6              MR. McKANE:  With regards to exhibits, we have

7    been working directly with your staff, and many thanks to

8    the RLF team for their assistance as well.  We understand

9    that with regards to the exhibits, there will be at least

10   three complete sets of all of the exhibits in the Courtroom

11   for the hearing, and that we are going to, I believe deliver

12   those tomorrow afternoon.

13             THE COURT:  Okay.

14             MR. McKANE:  In addition, with regard to trial

15   technology, we will be -- to the extent possible, consistent

16   with working with your staff, I'll be using the screens and

17   trial technology that the Court has, and we will have

18   obviously the expert teams from both of the plan proponents

19   and objectors.  We will coordinate together, and we'll also

20   be kind of, to the extent necessary, wiring the Courtroom

21   already, providing supplemental wiring to the Courtroom

22   tomorrow afternoon as well.

23             THE COURT:  Right.

24             MR. McKANE:  I believe at a time that your staff

25   has said is available.

1          THE COURT:  Yes, I understand that to be.  I

2     figured I'd do a walkthrough and go through it with the tech

3     people.

4          MR. McKANE:  Great. Thank you, Your Honor.  With

5     regards to witness order, we have had a series of

6     constructive discussions with Mr. Pedone, who is leading the

7     charge to the objectors with regards to sequencing of

8     witnesses, anticipated duration of time, anticipation

9     duration of cross examination, both before and after receipt

10    of the written directs.  That has been very helpful, I

11    think, in having both sides gauge the amount of trial time

12    that we will need.  And when we get to the order, I'll be

13    able to identify that we, frankly, have really resolved that

14    issue of the amount of needed trial time.

15          We do believe the first three witnesses, which

16    we've disclosed all of this to Mr. Pedone last week, will

17    undeniably be Mr. Keglevic, Mr. Moldovan, and Ms. Howard.

18    From there, depending on progress, we believe we may be able

19    to get to Mr. Ying.  We're hopeful we'll get to Mr. Ying.

20    But if we are only through those three witnesses by

21    Thursday, we will then call Ms. Williamson, and we'll be

22    serving her written direct as well very shortly, together

23    with her counsel at Proskaur.

24          Moving on from there, I will -- not everything's

25    perfect.  We do have some open discovery and evidentiary

1   disputes that we are working through.  But, consistent with

2   the major announcement of the day, which is the resolved

3   issue as it relates to the tax matters agreement, the

4   Debtors have agreed to provide a targeted supplement of

5   their discovery.  The Debtors completed their fact

6   discovery, in terms of a document production, as of July

7   27th, which was the date that the Boards approved the

8   ancillary agreements for filing.  And we provided all the

9   governance with that as well, so that was the production.

10  After that, there was a series of depositions that were

11  taken by the objectors regarding those final forms of those

12  agreements.

13          Recognizing that there is a final issue open, we

14  will supplement.  We will file the updated tax matters

15  agreement and also exchange, provide all drafts of the

16  resolved language that were exchanged across sides, and we

17  will endeavor to get that out tonight.  Recognizing that

18  sometimes extractions with metadata take more time, we're

19  going to do this as fast as we can and to the extent

20  possible, that may be more of a PDF format.  But we've been

21  communicating with Mr. Pedone; he'd like the information,

22  and so we're going to get it to him.

23          My understanding is that the Paul Weiss firm, on

24  behalf of the TCH first lien lenders, are also willing to do

25  a bring down of their production to address the resolution

1    of the tax matters agreement as well.

2              With that, we may have some evidentiary issues

3    along the way, some skirmishes.  We are working to narrow

4    those.  One relates to certain Board presentations; another

5    relates to the sufficient foundation for Excel files.  But

6    nothing ripe for the Court at this time, and we'll identify

7    those issues as they come at the pretrial conference in

8    chamber's meetings in advance.

9              THE COURT:  Right.

10             MR. McKANE:  Turning to the Order itself, Your

11   Honor, there are relatively few open issues, specifically in

12   Paragraphs 1 and 2 of the Order, which is an attachment, for

13   trial time and allocation.  When we filed this this morning,

14   we still kind of had an open issue, whether it was going to

15   take 40 hours or whether it was going to be 25 hours with

16   the ability to seek additional time for cause shown.  Based

17   in part, I think, on the efforts of the written directs and

18   their efforts to help narrow the issues, we believe this is

19   a resolved issue at this point in time.  And the EFH

20   indenture trustee has agreed to the Debtor's language of 25

21   hours of total trial time with the same allocations, but for

22   cause shown, they can seek additional time.

23             THE COURT:  Okay.

24             MR. McKANE:  With regard to Paragraph 5, Your

25   Honor, and direct examinations.  You'll see there's no

1    bracketed information, but there was an issue that the

2    parties had discussed.  And we will memorialize any final

3    Order, which is, as it relates to direct examinations, to

4    the extent that an objector wants to raise an evidentiary

5    objection to a portion of the written direct, the objectors

6    have agreed -- or Mr. Pedone, on behalf of the EFH indenture

7    trustee has agreed -- that they will identify that passage

8    by 10:00 AM the day before that witness is scheduled to

9    testify so that the parties can have an opportunity to meet

10   and confer and attempt to resolve that.

11              THE COURT:  Okay.

12              MR. McKANE:  And so we'll add that language.  The

13   next open issue was in Paragraph 7, with regards to rebuttal

14   witnesses and notice generally.  We believe that the notice

15   issue is now resolved, and I'll let Mr. Pedone confirm

16   obviously.  But what we've agreed to is, as it relates to

17   any rebuttal witness that Mr. Pedone wants to call, he has

18   agreed to identify that witness by noon on the Friday --

19   this Friday -- with a recognition that, under the current

20   allocation of time and expected duration of the hearing, it

21   is most likely that those witnesses would not testify until

22   Tuesday, thereby giving the parties enough time to one, try

23   to meet and confer as to whether this rebuttal witness is

24   appropriate and allow us to get that person to Delaware.

25              THE COURT:  Okay.

1          MR. McKANE:  As it relates to the substance, I

2     would say that Your Honor may be aware that Mr. Pedone has

3     identified specific rebuttal witnesses that he may call.

4     The Debtors and the TCH first lien group have identified

5     certain objections to those rebuttal witnesses -- some, not

6     all.  As of now, my understanding from Mr. Pedone is that he

7     EFI indenture trustee believes the need to call a rebuttal

8     witness will be low.  And that rather than taking the time

9     now to address whether it would be appropriate, for example,

10    to call as a witness the future CEO of TCEH, Mr. Morgan,

11    which is someone, I believe, the TCEH person in group and

12    the Debtors have objected to, based on his -- our belief

13    that he does not have anything of probative value as it

14    relates to the issues that are being prevented; rather than

15    addressing that issue now, it is better off to let the case

16    move forward, have Mr. Pedone evaluate his need for rebuttal

17    witnesses.

18          And then to the extent that Mr. Pedone concludes

19    that he needs to call a witness that we feel strongly does

20    not, you know, advance the proceedings, we could address it

21    Friday.

22          THE COURT:  Okay.

23          MR. McKANE:  And then finally -- well, I believe

24    just one other change, Your Honor, even from today, and

25    that's in Paragraph 10.  So by the first sentence of

1    Paragraph 10 refers to the notice that a participating party

2    would give to the exhibits that they plan to move in this

3    week, and the Debtor's complied with that first sentence

4    yesterday.  The objectors had asked for additional time to

5    identify which exhibits they would want to move in during

6    our case in chief.  Consistent with our earlier trial --

7    Your Honor's earlier trial practice, the parties have agreed

8    that they can go behind the scope of the direct and in the

9    cross-examination is supposed to avoid recalling witnesses,

10   and consistent with that, they may want to move in certain

11   exhibits.

12             As an accommodation to the objectors, the Debtors

13   have agreed that so long as the objectors identify those

14   exhibits that they intend to move in, again, 10:00 AM the

15   day before, so approximately 24 hours in advance of calling

16   the witness, that would be sufficient time for the Debtors

17   and their advisors to work together to see if they had any

18   objections to the admission of that exhibit.  So we're

19   proposing to modify Paragraph 10 accordingly.

20             THE COURT:  Okay.

21             MR. McKANE:  Good, thank you.

22             THE COURT:  Sorry.

23             MR. McKANE:  And with that, I don't believe that

24   there are any other open issues as it relates to the Final

25   Pretrial Order, but I'm happy to answer any questions the

1    Court may have regarding how we see the trial proceeding.

2              THE COURT:  No, I don't have any comment.  I know

3    I received two of the directs, Mr. Keglevic and another

4    person.  I don't think I've received all four, at least last

5    time I checked.  So if you could just double check with

6    Richard that they're all headed over maybe.

7              MR. McKANE:  We absolutely will, Your Honor.

8              THE COURT:  Okay, thank you.

9              MR. McKANE:  And we'll get those to you as soon as

10   possible.

11             THE COURT:  Okay.  And when are you going to

12   deliver the exhibits?

13             MR. McKANE:  I believe the hard copies of the

14   exhibits are going to be delivered on Tuesday afternoon,

15   with the walkthrough for the tech folks.

16             THE COURT:  All right, very good.

17             MR. PEDONE:  Your Honor, may I --

18             THE COURT:  Yes, of course.

19             MR. PEDONE:  -- confer with Mr. McKane on one

20   issue?

21             THE COURT:  Yes, of course, Mr. Pedone.

22             MR. McKANE:  Your Honor, the team for the EFI

23   indenture trustee has asked and we are willing to allow for

24   rolling work throughs of the exhibits.  So we've identified

25   all the exhibits we're going to move in.  We recognize that

1    it's a substantial list and, therefore, we will allow for

2    rolling identification of objections so long as we continue

3    to meet and confer in good faith.  So we will -- and

4    specifically, Your Honor, what they're referring to is in

5    Paragraph 10, the second sentence says -- it says that any

6    evidentiary objections to an exhibit so identified shall be

7    lodged by 9:00 tonight.  And we're willing to revise that to

8    allow them more time.

9              THE COURT:  Okay.  Do you have any idea just how

10   many -- the bulk we're talking about?  I mean, three

11   binders, 30 binders, somewhere between hopefully.  Of

12   course, you had 30, right, 60?

13             MR. McKANE:  The Debtors had about 700 exhibits

14   that identified.  I don't believe all those will be going

15   into evidence.  In terms of relative volume?  That's about a

16   third of where we were for the last hearing, so we are

17   paring down, but it's still substantial.

18             THE COURT:  All right.

19             MR. McKANE:  It may be a situation where we'll

20   have library carrels like we did before.  I would note that

21   last time, we had far more than three sets.  And we found

22   that we never actually used those sets because we used the

23   process of bringing, for each witness, the specific exhibits

24   that we're going to use with that witness.

25             THE COURT:  Right, right.

1           MR. McKANE:  And we'll have the electronic.  That

2    is our intended approach here.  So these three copies are

3    really more of a failsafe in the event the technology

4    crashes and we need to use an exhibit that's not in a

5    witness binder, then we would be able to refer to that.  But

6    we recognize the more than inconvenience that we impose on

7    the Court by delivering all the paper.

8           THE COURT:  All right, it's fine.  I just try to

9    get an idea.  So to the other comment is, or to the sort of

10   statement, I guess, is that, again, we're going to start at

11   10:00 and we'll try to be prompt about that.  But I would

12   like to do, as we did in many of my cases and in this case

13   and others when we have evidentiary hearings, have pretrial

14   chambers conferences in the mediation room at 9:30 for the

15   parties that are participating just to go through the plan

16   of the day and discuss any open issues.  I find that -- I

17   don't know if you find it helpful -- I find it helpful, so

18   that's really all that I care about actually that I find it

19   helpful.

20           So, okay.  Mr. Pedone, anything you'd like to

21   share?

22           MR. McKANE:  Thank you, Your Honor.

23           MR. PEDONE:  A couple of brief comments, Your

24   Honor.

25           THE COURT:  Yes, of course.

1          MR. PEDONE:  So, Your Honor, our hope was, and I

2    believed we obtained a Court Order to the effect, that the

3    final TMA would have been filed three weeks ago.  I realize

4    there's one paragraph in issue.  I have no idea how it was

5    resolved -- I'll see tonight.  And all of our rights, and I

6    believe the Committee's rights, to object to the trial going

7    forward are reserved.  My best guess is I have a hunch at

8    what the issues are.  If I need additional discovery related

9    to how it was worked out, I'll let the Court know promptly.

10          THE COURT:  Yes.

11          MR. PEDONE:  And we'll address that issue.

12          THE COURT:  Thank you.

13          MR. PEDONE:  But we really had hoped to have a

14   final deal we could take discovery on.  Your Honor, with

15   regard to rebuttal witnesses, we appreciate the move till

16   Friday, but I would just say those are for the particular

17   witnesses we've identified.  To the extent that more

18   testimony is coming in on Friday afternoon or Monday, that I

19   have a need to rebut with other witnesses, all of our rights

20   are reserved to seek additional witnesses.  In fairness to

21   the Court, I think there's a low probability that we do need

22   rebuttal witnesses that are potentially in disagreement;

23   but, of course, that all depends on what the Debtor's live

24   witnesses say on the stand.

25          THE COURT:  Okay.

1           MR. PEDONE:  Thank you.

2           THE COURT:  You're welcome.  One issue, which is,

3   I believe I have three motions in limine, right?  Two by the

4   Debtor and one by the indenture trustee.

5           MR. McKANE:  That's correct, Your Honor.

6           THE COURT:  And I saw that responses were filed

7   for those.  So I will review those and decide them and enter

8   Orders by tomorrow so that people know where we stand before

9   we go forward on Monday -- or Wednesday.

10          MR. McKANE:  Thank you, Your Honor.  We appreciate

11   that.

12          MR. PEDONE:  Thank you.

13          THE COURT:  You're welcome.  And, Your Honor, I

14   don't want to get this into a tit-for-tat issue.  But as it

15   relates to rebuttal witnesses, I do appreciate Mr. Pedone's

16   concern, which is if there's testimony going in on Monday

17   and, all of a sudden, a new issue springs up they ask for a

18   rebuttal witness on it, he can't be foreclosed.  All we

19   would ask -- what we'd ask for was the four days just to get

20   people here.  We just ask -- we recognize Your Honor has

21   eight trial days set aside for us and now we have 25 hours -

22   - we would just -- we may need to be flexible.  And we've

23   worked with Pedone and his team already.  We've done that,

24   we'll continue to do that.

25          And as it relates to the TMA, Mr. Pedone's taken

1    significant discovery already on all these issues.  He know

2    the issue, how it comes out -- you know, we'll work with him

3    to address his concerns, but we would have issues to the

4    extent he wants to take multiple depositions in the week of

5    trial.  But we'll work with him and see what we can do.

6            THE COURT:  Okay, understood.  Everybody's rights

7    are reserved, okay.

8            MR. PEDONE:  Continue to work on, thank you.

9            THE COURT:  And people have been working extremely

10   cooperatively, which, of course, I am very thankful for and

11   appreciate very, very much.  Does anyone else have any -- so

12   just give me an idea of who the players are going to be, as

13   we sort of develop this, who's going to be actively

14   involved.  Obviously, the Debtors, I assume the ad hoc

15   committee will be actively involved, the first lien lenders

16   on your side.

17           MR. McKANE:  Your Honor, I think from the plan

18   participant side, that would be accurate.  From what we've

19   been able to glean from the discovery process and the

20   objections, clearly, the indenture trustee is taking the

21   lead.  The other objectors that I know may participate in

22   the trial itself would be Contrarian, and they, you know,

23   have focused issues that I believe they'll be presenting; as

24   well as counsel for, I believe, it's Ms. Fenicle and Mr.

25   Fahy, you know, as it relates to those issues.  That was one

1    of the subjects for our motions in limine.  But regardless

2    of how you rule on that, they will be participating as well.

3              Beyond that, as we will be filing our reply brief,

4    hopefully, very soon, and what is striking is the amount of

5    harmony and consensus that we have for the plan as it

6    relates to the TCH debtors and the shared services debtors.

7    So those are the only -- those are the participants I'm

8    aware of.

9              THE COURT:  All right, okay.  Anybody have

10   anything else they'd like to say?

11             MR. McKANE:  Your Honor, I apologize, I apologize.

12   Fidelity, one of our largest holders, you know, across

13   certain aspect of the E-side, may participate.  They were

14   not active in the discovery process, but we know they were

15   monitoring the discovery process.  And so, obviously, their

16   rights are all reserved, and they did file a joinder to the

17   EFI, its indenture trustee, and Contrarian motion as well.

18             THE COURT:  Okay.  All right, all right, very

19   good.  I'll see trial people Wednesday at 9:30 in the

20   mediation room, and I'll see some of you -- probably most of

21   you -- tomorrow at 10:00.  Is that correct?

22             MR. McKANE:  Yes, Your Honor.

23             THE COURT:  10:00 AM, okay.  All right, very good.

24   Thank you very much.  Send that reply over when it's filed,

25   please.

1           MR. McKANE:  We'll do.

2           THE COURT:  And I'm sorry, you're going to submit

3    a final joint -- I'm sorry -- a final order under COC.

4           MR. McKANE:  Yes, we'll submit a final Order by

5    COC tonight.  Thank you, Your Honor.

6

7                        * * * * *

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                        C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6    Sonya
     Ledanski Hyde
7

Digitally signed by Sonya Ledanski
Hyde
DN: cn=Sonya Ledanski Hyde, o, ou,
email=digital1@veritext.com, c=US
Date: 2016.08.16 17:00:33 -04'00'

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  August 16, 2016