**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., et al.,<br><br><br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>Hearing Date: TBD<br>Objection Deadline: TBD |

**EFH INDENTURE TRUSTEE'S MOTION PURSUANT TO BANKRUPTCY CODE SECTION 105(a), BANKRUPTCY RULE 9017 AND FEDERAL RULE OF EVIDENCE 803 FOR CLARIFICATION AND/OR RECONSIDERATION OF THE COURT'S AUGUST 17, 2016 RULING ADMITTING BOARD DECKS INTO EVIDENCE**

American Stock Transfer & Trust Company, LLC ("AST"), as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "EFH Indenture Trustee") under the indentures for certain notes (the "EFH Notes") issued by Energy Future Holdings Corp. ("EFH Corp."), by its undersigned counsel, hereby files this (the "Motion"), pursuant to section 105(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 803 of the Federal Rules of Evidence made applicable to these proceedings by Rule 9017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking entry of an order in the form attached hereto as Exhibit A clarifying and/or reconsidering the Court's ruling admitting so-called "board deck" Powerpoint presentations, DX 48, 57, 103, 134, 321 (the "Board Decks") during the testimony of Mr. Paul Keglevic on the first day of the hearing to consider confirmation of the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No.

1

9199] (the "Current Plan") held before the Court on August 17, 2016 (the "Confirmation Hearing").[1] In support of the Motion, the EFH Indenture Trustee states as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012*. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2. The EFH Indenture Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory predicates for the relief requested are Bankruptcy Code section 105(a), Bankruptcy Rule 9017 and Federal Rule of Evidence 803.

## PRELIMINARY STATEMENT

4. During the Confirmation Hearing, the Debtors introduced through testimony certain Board Decks. Counsel to the EFH Indenture Trustee objected to the admission of the Board Decks as hearsay. The Court overruled the EFH Indenture Trustee's objection and admitted the Board Decks into evidence. However, the transcript of the Confirmation Hearing is unclear as to whether the Court admitted the Board Decks in their entirety under the "business record" exception to the hearsay rule – meaning that they can be considered for their truth – or

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Current Plan.

whether the Court admitted such documents for another purpose, such as to simply evidence what was shown to the board. The EFH Indenture Trustee has no objection to their admission for this limited purpose.

5. The EFH Indenture Trustee requests that the Court clarify its ruling to make clear that the Board Decks are not admitted for the truth of the matters asserted therein. Alternatively, if the Court did rule that the Board Decks were admitted pursuant to the "business records" exception to the hearsay rule, the EFH Indenture Trustee requests that the Court reconsider its ruling and deny admittance of the Board Decks into evidence for the truth of their content.

## BACKGROUND

**A.    The Current Plan and Confirmation Hearing**

6. On August 5, 2016, the Debtors filed the Current Plan. In support of confirmation of the Current Plan, the Debtors submitted the written direct testimony of Mr. Keglevic. *See* Declaration of Paul Keglevic in Support of Confirmation of the Third Amended Plan of Reorganization, dated August 13, 2016 (the "Keglevic Decl."). In his declaration, Mr. Keglevic testified to a variety of matters related to the Current Plan and cited to the Board Decks.

**B.    EFH's Submission of Board Decks as "Business Records"**

7. In connection with the testimony of Mr. Keglevic, the Debtors sought to admit the Board Decks prepared by the Debtors' counsel and financial advisors into evidence without any stated limit on the purpose of the admission. *See* Aug. 17, 2016 Hr'g Tr. at 163:10-164:17.[2]

8. The Debtors argued that all of these exhibits are "absolutely admissible business records of the board" because they were developed by the company and their advisors and presented to the board. *Id.* at 164:2-4; and 164:10-15. The EFH Indenture Trustee objected,

---

[2]    The relevant excerpts of the August 17, 2016 hearing are attached as Exhibit B.

3

4827-2107-4999.5

arguing that anything in these exhibits beyond the minutes and summaries of EFH's or TCEH's financial information that previously had been produced were inadmissible hearsay and also not "business records" under Federal Rule of Evidence 803(6).  *Id.* at 164:21-167:2.  Counsel for the EFH Indenture Trustee argued, among other things, that the Board Decks were not "business records" excepted from the rule against hearsay because:

- the Debtors failed to establish the proper foundation;

- the records were prepared in advance of the board meetings by EFH and its counsel and were not records of what occurred at the board meetings; and

- the presentations included multiple layers of hearsay, such as references to statements included in an expert report and references to what the TCEH first lien creditors had or would do.

*See id.*

9.    By way of example, one exhibit the in question, DX48, is a Board Deck which states "The TCEH First Lien Lenders have steadfastly rejected any argument that they should compensate EFH Corp. for this step-up in basis. . . . The TCEH First Lien Lenders would vigorously object to these alternative structures and would likely seek to file a standalone plan with a taxable separation."  *See* DX48 (EFH06365795).  Admitting this statement for the truth of the matter is impermissible under the Federal Rules of Evidence and is highly prejudicial where the TCEH First Lien Lenders have not been called by any party to testify in this matter and will thus not be available for cross examination.

10.    Following these arguments, the parties and the Court agreed that the Board Decks were admissible only to the extent they were being offered for something other than the truth.  Mr. Pedone remarked: "I have no problem with these coming in for actually the record of what

4827-2107-4999.5

was presented . . . [i]t's those statements of truth contained within the document, not that there was a presentation of the document at the meeting." *Id*. 168: 1-7.  And Mr. McKane agreed stating, "Your Honor, the reason why they come in is this was said. . . [n]ot whether its true or not." *Id*. 168: 8-12.  The Court commented, "So, what I'm hearing I think is that there's no disagreement." *Id*. 169:3-4.  However, the Court overruled the objection, admitted the Board Decks and then remarked "I think it's a business record." *Id*. 169: 15-17.  Based on this, it is unclear to the EFH Indenture Trustee whether the Court admitted the Board Decks pursuant to the "business record" exception to the Hearsay Rule – **meaning that they could be considered in their entirety for their truth** – or whether the Court ruled the Board Decks are not hearsay at all because they are being admitted for a purpose other than the truth.

## RELIEF REQUESTED

11.     Pursuant to section 105(a), Bankruptcy Rule 9017 and Federal Rule of Evidence 803, the EFH Indenture Trustee requests that the Court clarify its August 17, 2016 ruling to make clear that the Board Decks are not admitted for the truth of their content.  Alternatively, if the Court did rule that the Board Decks were admitted pursuant to the "business records" exception to the hearsay rule, the EFH Indenture Trustee requests that the Court reconsider its ruling and deny admittance of the Board Decks into evidence for the truth of their content.

## BASIS FOR RELIEF REQUESTED

12.     It is unclear to the EFH Indenture Trustee whether at the August 17 Hearing: (i) the Court deemed the Board Decks to have been admitted merely for the fact that they were documents presented to the board, and thus are not hearsay; or (ii) the Court deemed the Board Decks admissible pursuant to the business records exceptions to the Hearsay rule and are therefore admissible in their entirety and can be considered for the truth of the statements contained therein.

4827-2107-4999.5

13. If the Court's ruling is that the Board Decks are business records under FED. R. EVID. 803(6) and therefore admissible for all purposes as that rule provides, then the EFH Trustee respectfully requests that the Court reconsider its ruling. The Debtors have the burden of establishing that the Board Decks satisfy the standard of admissibility under FED. R. EVID. 803(6) and they have not met their burden.

14. In order for the business record exception to apply, a party must lay a proper foundation through the testimony of a credible witness or witnesses that

    1) the record was made in the regular practice of the business,

    2) kept in the regular course of the business,

    3) made by a person with knowledge, and

    4) made at or near the time of the event recorded.

15. The Board Decks do not satisfy any of the recited requirements of Fed. R. Evid. 803(6).

**A.** **Board Decks Were Not Made in the Regular Practice of Debtors' Business**

16. The Debtors have not laid a foundation to establish that the Board Decks were prepared in the regular practice of the Debtors' business. Even a cursory review of the Board Decks makes it clear that these documents were prepared in connection with the restructuring, not ordinary business, and they address matters in dispute or openly contested in connection with the restructuring process. For example, the July 27, 2016 Board Deck (DX 48) is labeled "Highly Confidential/Attorney Work Product/Attorney-Client Privileged." The Board Decks were not prepared as a matter of regular business practice by the Debtors; rather they were largely prepared <u>on behalf of the Debtors</u> and are therefore inadmissible as hearsay outside the business record exception. *See e.g., In re Hechinger Liquidation Trust*, 298 B.R. 240, 242

4827-2107-4999.5

(Bankr. Del. 2003) (finding that exhibits which contained hearsay did not constitute business records and were therefore inadmissible).

B.    **The Board Decks Were Not Kept in the Regular Course of Business**

17.    Moreover, it appears that the Board Decks were largely **prepared by the Debtors' advisors**, not by the Debtors, and thus were prepared outside of the ordinary course of the Debtors' business. *See In re Hechinger Liquidation Trust*, 298 B.R. at 242 (reports prepared by advisor in anticipation of bankruptcy litigation were not made in the regular practice of the proponent's business). Documents created expressly for the purpose of litigation do not fall within the business records exception because they lack the requisite indicia of reliability and trustworthiness that are necessary for the business records exception to apply. *See Palmer v. Hoffman,* 318 U.S. 109, 114, 63 (1943), *reh'g denied* 318 U.S. 800 (1943); *United States v. Casoni,* 950 F.2d 893, 910–911 (3d Cir.1991); *Certain Underwriters at Lloyd's, London v. Sinkovich,* 232 F.3d 200, 205 (4th Cir.2000).

C.    **The Board Decks Were Not Prepared As Records**

18.    Finally, the Board Decks cannot be a record of an event because they were made <u>before</u> the event. Many of the Board Decks were expressly marked "attorney work product" and were clearly not contemporaneous business records created at the time of the events described therein. As such, the Board Decks fall outside the scope of the business records exception under FED. R. EVID. 803(6).

**CONCLUSION**

19.    For the foregoing reasons, the EFH Indenture Trustee requests that the Court clarify and/or reconsider its ruling admitting the Board Decks on the first day of the Hearing.

7

4827-2107-4999.5

| | |
|---|---|
| Dated: Wilmington, DE<br>August 19, 2016 | **CROSS & SIMON, LLC**<br><br>By: /s/*Christopher P. Simon*<br>Christopher P. Simon (Del. Bar No. 3697)<br>105 North Market Street, Suite 901<br>Wilmington, Delaware 19801<br>Telephone: (302) 777-4200<br>Facsimile: (302) 777-4224<br>csimon@crosslaw.com<br><br>- and –<br><br>NIXON PEABODY LLP<br>Amanda D. Darwin<br>Richard C. Pedone<br>George J. Skelly<br>100 Summer Street<br>Boston, Massachusetts 02110<br>Telephone: (617) 345-1000<br>Facsimile: (617) 345-1300<br>adarwin@nixonpeabody.com<br>rpedone@nixonpeabody.com<br><br>-and-<br><br>Christopher J. Fong<br>437 Madison Avenue<br>New York, NY 10022<br>Telephone: 212-940-3724<br>Facsimile: 855-900-8613<br>cfong@nixonpeabody.com<br><br>*Co- Counsel to American Stock Transfer & Trust Company, LLC, as Indenture Trustee* |

4827-2107-4999.5