## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered<br><br>Hearing Date: TBD<br>Objection Deadline: TBD |

### MOTION OF EFH INDENTURE TRUSTEE FOR ORDER SHORTENING NOTICE OF HEARING ON EFH INDENTURE TRUSTEE'S MOTION PURSUANT TO BANKRUPT CODE SECTION 105(a) FOR CLARIFICATION AND/OR RECONSIDERATION OF THE COURT'S AUGUST 17, 2016 RULING ADMITTING BOARD DECKS INTO EVIDENCE

American Stock Transfer & Trust Company, LLC ("AST"), as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "EFH Indenture Trustee") under the indentures for certain notes (the "EFH Notes") issued by Energy Future Holdings Corp. ("EFH Corp."), files this motion (the "Motion"), pursuant to Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order shortening notice with respect to the *EFH Indenture Trustee's Motion Pursuant to Bankrupt Code Section 105(a) For Clarification and/or Reconsideration of the Court's August 17, 2016 Ruling Admitting Board Decks Into Evidence*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

(the "Motion for Clarification").[2]  In support of the Motion, the EFH Indenture Trustee states as follows:

## JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012.*   This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2.      The EFH Indenture Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The statutory predicates for the Motion are Bankruptcy Rule 2002 and 9006 and Local Rule 9006-1.

## RELIEF REQUESTED

4.      By this Motion, the EFH Indenture Trustee respectfully requests that the Court enter an Order substantially in the form attached hereto as Exhibit A, pursuant to FED. R. BANKR. P. 9006 and Local Rule 9006-1, shortening the notice period normally required by Local Rule 9006-1 so that the Motion for Clarification, which is submitted simultaneously herewith, may be heard as soon as possible in connection with the hearing to consider confirmation of the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to*

---

[2]      Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

*Chapter 11 of the Bankruptcy Code* [Docket No. 9199] (the "Current Plan") as it relates to the

TCEH Debtors and the EFH Shared Services Debtors.

## BASIS FOR RELIEF REQUESTED

5.      Bankruptcy Rule 9006(c)(1) permits a bankruptcy court to reduce the time

required for notice of a motion. It states in pertinent part that, "when an act is required or allowed

to be done at or within a specified time by these rules or by a notice given there under or by

order of court, the court for cause shown may in its discretion with or without motion or notice

order the period reduced." FED. R. BANKR. P. 9006(c)(1).

6.      The EFH Indenture Trustee submits that good cause and compelling

circumstances exist warranting expedited consideration and shortened notice of the Motion for

Clarification.  As stated in more detail in the Motion for Clarification, the Court made certain

evidentiary rulings on August 17, 2016 regarding the admissibility of Board Decks introduced by

the Debtors.  The EFH Indenture Trustee requests that the Court clarify or reconsider its ruling as

soon as possible so that the parties understand the evidentiary record as the confirmation hearing

proceeds.  This is critical for the parties' need to adjust, if necessary, their presentations,

witnesses and documentary evidence at trial.  Accordingly, the EFH Indenture Trustee requests

that the Motion for Clarification be heard as soon as the Court's calendar permits but prior to the

close of the confirmation hearing.

7.      Reduction of the time period requested herein is not prohibited under Bankruptcy

Rule 9006(c)(1) and the Rules listed therein.

## NOTICE

8.      The EFH Indenture Trustee shall provide notice of this Motion to: (a) counsel to

the Debtors; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors'

Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH

3

first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (g) UMB Bank, N.A. in its capacity as indenture trustee under: (h) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (j) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (k) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (l) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (m) counsel to certain holders of claims against the TCEH Debtors regarding each of the foregoing described in clauses (c) through (j); (n) the agent for the TCEH debtor in possession financing facility and counsel thereto; (o) the agent for the EFIH debtor in possession financing facility and counsel thereto; (p) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (q) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (r) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (s) counsel to certain funds and accounts advised or sub-advised by Fidelity Management & Research Company or its affiliates;

4

(t) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (u) Oncor Electric

Delivery Company LLC and counsel thereto; (v) the Securities and Exchange Commission; (w)

the Internal Revenue Service; (x) the Office of the United States Attorney for the District of

Delaware; (y) the Office of the Texas Attorney General on behalf of the Public Utility

Commission of Texas; (z) counsel to the Electric Reliability Council of Texas; (aa) those parties

that have requested notice pursuant to Bankruptcy Rule 2002; and (bb) the United States Trustee.

## NO PRIOR REQUEST

9.     The EFH Indenture Trustee has not previously sought the relief requested herein

from this or any other Court.

WHEREFORE, the EFH Indenture Trustee respectfully requests that the Court (i) enter

an order approving the shortening of the notice of the Motion for Clarification as contemplated

hereby such that the Motion for Clarification may be heard as soon as the Court's calendar

permits.

Dated: August 19, 2016
Wilmington, DE

**CROSS & SIMON, LLC**

By: /s/*Christopher P. Simon*
Christopher P. Simon (Del. Bar No. 3697)
105 North Market Street, Suite 901
Wilmington, Delaware 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
csimon@crosslaw.com

- and –

NIXON PEABODY LLP
Amanda D. Darwin
Richard C. Pedone
George J. Skelly
100 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-1000

4821-7981-4967.1

Facsimile: (617) 345-1300
adarwin@nixonpeabody.com
rpedone@nixonpeabody.com
gskelly@nixonpeabody.com

-and-

Christopher J. Fong
437 Madison Avenue
New York, NY 10022
Telephone: 212-940-3724
Facsimile: 855-900-8613
cfong@nixonpeabody.com

*Co- Counsel to American Stock Transfer &*
*Trust Company, LLC, as Indenture Trustee*