IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) **Re: D.I. 9201**<br>) **Hearing Date:** **August 23, 2016 at 3:00 p.m.**<br>) **(ET)**<br>) **Objection Deadline:** **August 19, 2016 at 4:00**<br>) **p.m. (ET)**<br>) |

**LIMITED OBJECTION OF UMB BANK, N.A. TO MOTION OF ENERGY
FUTURE HOLDINGS CORP.,** ***ET AL.*,** **FOR ENTRY OF AN ORDER (A) SCHEDULING
CERTAIN HEARING DATES AND DEADLINES AND ESTABLISHING CERTAIN
PROTOCOLS IN CONNECTION WITH CONFIRMATION OF THE DEBTORS' JOINT
PLAN OF REORGANIZATION AS IT RELATES TO THE EFH/EFIH DEBTORS,
(B) APPROVING THE EFH/EFIH DISCLOSURE STATEMENT, (C) ESTABLISHING
THE EFH/EFIH VOTING RECORD DATE, EFH/EFIH VOTING DEADLINE
AND OTHER DATES, (D) APPROVING PROCEDURES FOR SOLICITING,
RECEIVING, AND TABULATING VOTES ON THE PLAN, AND (E) APPROVING
THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS**

UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25%

Senior Toggle Notes Due 2018 and the 9.75% Senior Notes Due 2019, by and through its

undersigned counsel, files this limited objection (the "Limited Objection") to the Debtors'[1]

request for entry of an order scheduling certain dates and deadlines and establishing certain

protocols in connection with the *Third Amended Joint Plan of Reorganization of Energy Future*

*Holdings Corp.,* et al., *Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9199] (as modified,

amended or supplemented from time to time) as it relates to the EFH/EFIH Debtors (the "E-Side

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Scheduling
Motion or the Plan, as applicable.

Plan"), as set forth in the Scheduling Motion.[2] In support of this Limited Objection, the Trustee respectfully submits as follows:

## LIMITED OBJECTION

1.     As stated on the record at the status conference held on August 16, 2016 (the "August Status Conference"), the Trustee supports the Debtors' efforts to streamline confirmation of the E-Side Plan.[3] The Trustee, however, believes that the schedule proposed by the Debtors in the Scheduling Motion (the "Proposed Schedule"), which contemplates extensive discovery in anticipation of a full-blown valuation trial, unnecessarily delays the start of the confirmation hearing to December 5, 2016, when confirmation of the E-Side Plan can be achieved on a more expedited schedule. Specifically, the Trustee believes that any schedule entered by this Court should provide for a confirmation hearing to start in early November 2016. Such a schedule is appropriate and will provide sufficient time for any objecting parties to fully litigate any objections they may have, including a challenge to the market valuation derived from the extended Oncor marketing process. Such a schedule would be consistent with confirmation schedules the Court has approved previously and will reduce costs in order to preserve recoveries to E-Side creditors.

2.     At the August Status Conference, the Debtors advised the Court that they intend on taking a wait-and-see approach and are prepared to seek Court approval at a later date to

---

[2] On August 5, 2016, the Debtors filed the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Debtors' Joint Plan of Reorganization as it Relates to the EFH/EFIH Debtors, (B) Approving the EFH/EFIH Disclosure Statement, (C) Establishing the EFH/EFIH Voting Record Date, EFH/EFIH Voting Deadline and Other Dates, (D) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan, and (E) Approving the Manner and Forms of Notice and Other Related Documents* [D.I. 9201] (the "Scheduling Motion").

[3] *See* Hr'g Tr., 29:23-30:13 (Aug. 16, 2016).

modify the Proposed Schedule and commence confirmation prior to December 2016.[4] The Debtors, however, have it backwards. It is entirely appropriate for this Court, and in the interests of all stakeholders, to proceed promptly to confirmation of the E-Side Plan. A schedule leading to confirmation in early November is not unduly expedited. If, during the confirmation process, any party believes it needs more time, such party is free to file an appropriate motion with the Court to make its case.

3.      The Proposed Schedule, which contemplates the EFH/EFIH Confirmation Hearing to begin in December 2016, appears premised on the need to allow for fact and expert discovery in connection with a full-blown valuation trial. Given that the Debtors and other parties in interest have marketed the Debtors' interest in Oncor extensively over the past two years, a valuation trial is not necessary in connection with confirmation of the E-Side Plan. The marketing process for Oncor began in 2014 and a formal process commenced in March 2015, when bidding was first opened to the Debtors' creditor constituencies and other potential third-party partners in a Court-approved process.[5] Since then, the EFH/EFIH Debtors' economic interests have been thoroughly and vigorously marketed and there is simply no need for the full-blown valuation trial for which the Proposed Schedule currently provides.[6] Even if, in the face of a two-year extensive marketing process, the value of Oncor is challenged, the Trustee's

---

[4] *Id.*, 23:13-17 (Aug. 16, 2016).

[5] *See Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp.*, et al., *Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and the EFIH Debtors* [D.I. 9200], Art. IV.G.

[6] Very recently, the Debtors advised the Court that, with respect to the proposed merger with NextEra Energy, Inc., "[t]he EFH/EFIH Debtors determined to enter into this transaction after an extensive marketing of their economic interest in Oncor over a period of years. Virtually every available alternative has been considered and attempted, including a standalone equitization and a REIT restructuring. The asset has been marketed formally and informally since 2014 . . . ." *Motion of the EFH/EFIH Debtors for Order (A) Authorizing Entry into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry into and Performance Under Plan Support Agreement* [D.I. 9190], ¶ 2.

3

proposed confirmation schedule would still allow parties to put forth a desktop valuation in support of such an objection.

4.    In addition, establishing a schedule with confirmation set to begin in early November 2016, and modifying the discovery-related deadlines so parties can work toward that goal, will be entirely consistent with other confirmation scheduling orders entered in these cases when broader issues were in dispute. Almost exactly one year ago, on August 25, 2015, the Court approved a schedule for confirmation of the Debtors' prior proposed plan of reorganization (the "Prior Plan") with a confirmation hearing beginning on November 3, 2015. Then, the Debtors proposed, and the Court approved over numerous objections, a schedule providing 68 days to take fact and expert discovery, preparation of objections, and otherwise prepare for what parties anticipated to be a hotly-contested trial.[7]  At the August 25, 2015 hearing, the Court noted that additional time was not necessary because, in part, the parties had access to discovery with respect to valuation and other economic risks for over a year[8] and there would be no valuation trial because the Court could not "imagine a circumstance in which valuation of Oncor is relevant."[9]

5.    As the Debtors have previously noted, when compared to the Prior Plan, "the issues in this case have been enormously truncated" such that "[t]he remaining issues regarding E-Side valuation and tax matters are discrete, especially in light of the vast amount of material

---

[7] *See Amended Order (A) Revising Certain Hearing Dates and Deadlines, and (B) Establishing Certain Protocols in Connection with the Confirmation of Debtors' Plan of Reorganization* (Aug. 27, 2015) [D.I. 5771] (the "2015 Scheduling Order").

[8] Hr'g Tr., 97:9-25 (Aug. 25, 2105).

[9] *Id.*, 70: 17-19.

already available to creditors on these subjects."[10]  Notwithstanding the Debtors' position that

68 days to take fact and expert discovery, prepare objections, and otherwise prepare for trial on

confirmation of the Prior Plan was appropriate,[11] the Debtors now ask the Court to schedule the

EFH/EFIH Confirmation Hearing to begin on December 5, 2016, granting the parties

approximately 100 days to take fact and expert discovery, prepare objections, and otherwise

prepare for trial.  As recognized by the Court a year ago, the parties have had ample time to

conduct discovery and explore the value of the EFH/EFIH Debtors.  Indeed, parties have since

had an additional year's worth of discovery.  There is no need now to include an additional

month, when compared to last year's confirmation hearing, before the start of the EFH/EFIH

Confirmation Hearing for valuation-related discovery.

6.       Moreover, entering a schedule providing for confirmation to begin in early

November 2016 would also be consistent with the schedule previously proposed by the Debtors

for the Court's approval on May 24, 2016 (the "Prior Schedule") in connection with

confirmation of the E-Side Plan.[12]  In the Prior Schedule, the Debtors contemplated that they

would file a new E-Side Plan by July 8, 2016 before a confirmation hearing set to begin on

September 26, 2016.  The Debtors suspended the Prior Schedule when a new E-Side Plan could

not be filed by July 8, 2016; however, they filed the current E-Side Plan just less than a month

later on August 5, 2016.[13]  The Trustee's proposal for an early November confirmation hearing

would appropriately push back confirmation by a little over a month and is consistent with the

---

[10] *See Debtors' Omnibus Reply in Support of their Motion for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement* [D.I. 8479], ¶ 3.

[11] *See* 2015 Scheduling Order.

[12] *See Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection With the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement* [D.I. 8514].

[13] Scheduling Motion, ¶¶ 10-13.

timeline proposed by the Debtors in the Prior Schedule. Given, as the Debtors have stated, that "the issues have narrowed considerably since the Court entered the [Prior Schedule] on May 24, 2016," and "in light of the extensive discovery already taken this summer,"[14] the Trustee believes that an early November 2016 confirmation hearing would be appropriate.

7.    Furthermore, as the Court is well aware, the Debtors have incurred significant administrative expenses and interest accrual since the commencement of these chapter 11 cases over two years ago. Waiting until December to commence the EFH/EFIH Confirmation Hearing will only add an additional month of fees, expenses and interest. Such unnecessary fees will reduce the cash available at the E-Side estates and reduce E-Side unsecured creditor recoveries.

8.    Finally, no party in interest will be harmed if the Court sets a more expedited schedule now. If it is later determined that more time will be required, the Debtors or any party in interest may simply return to Court, as the Debtors have done on several occasions, and request an extension to the schedule. The Trustee believes that scheduling the EFH/EFIH Confirmation Hearing to begin in early November 2016 will permit the parties ample time to conduct discovery, collect evidence and litigate objections to the E-Side Plan.

*[Remainder of page intentionally left blank.]*

---

[14] *Id.* at ¶ 24.

## CONCLUSION

**WHEREFORE**, for the reasons set forth in this Limited Objection, the Trustee respectfully requests that the Court (a) deny the Scheduling Motion to the extent that it seeks to schedule the EFH/EFIH Confirmation Hearing to begin on December 5, 2016, (b) set the EFH/EFIH Confirmation Hearing to begin in early November 2016 and modify all discovery related deadlines accordingly, subject to the Court's calendar, and (c) grant such other and further relief as the Court deems appropriate under the circumstances.

Dated: August 19, 2016
Wilmington, Delaware

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira S. Dizengoff (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone:    (212) 872-1000
Facsimile:    (212) 872-1002
Email:    idizengoff@akingump.com
aqureshi@akingump.com

Scott L. Alberino (admitted *pro hac vice*)
Joanna F. Newdeck (admitted *pro hac vice*)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone:    (202) 887-4000
Facsimile:    (202) 887-4288
Email:    salberino@akingump.com

By:    */s/ Raymond H. Lemisch*
**KLEHR HARRISON HARVEY BRANZBURG LLP**
Raymond H. Lemisch (No. 4204)919 Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 426-1189
Facsimile: (302) 426-9193
E-mail: rlemisch@klehr.com

**FOLEY & LARDNER LLP**
Harold L. Kaplan (admitted *pro hac vice*)
Mark F. Hebbeln (admitted *pro hac vice*)
Lars A. Peterson (admitted *pro hac vice*)
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
Email: hkaplan@foley.com
mhebbeln@foley.com
lapeterson@foley.com

Barry G. Felder (admitted *pro hac vice*)
Jonathan H. Friedman (admitted *pro hac vice*)
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
E-mail: bgfelder@foley.com
jfriedman@foley.com

*Co-Counsel for UMB BANK, N.A., as Trustee*