IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) Re: D.I. 9201, 9348 |

**DEBTORS' REPLY TO LIMITED OBJECTION OF UMB BANK, N.A. TO MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL*., FOR ENTRY OF AN ORDER SCHEDULING CERTAIN HEARING DATES AND DEADLINES AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH CONFIRMATION OF THE DEBTORS' JOINT PLAN OF REORGANIZATION AS IT RELATES TO THE EFH/EFIH DEBTORS**

Energy Future Holdings Corp., certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and, together with the EFH Debtors, the "EFH/EFIH Debtors") file this reply (this "Reply") to the limited objection of UMB Bank, N.A. (such party, the "Objector" and such objection, the "Objection") [D.I. 9348] filed in response to the Scheduling / DS Motion.[3]

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] The other EFH Debtors are EBASCO Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the *Motion of the EFH/EFIH Debtors for Entry of an Order (A) Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Debtors' Joint Plan of Reorganization As It Relates to the EFH/EFIH Debtors, (B) Approving the EFH/EFIH Disclosure Statement, (C) Establishing the EFH/EFIH Voting Record Date, EFH/EFIH Voting Deadline, and Other dates, (d) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan, and (E) Approving the Manner and Forms of Notice and Other Related Documents* [D.I. 9201] (the "Scheduling / DS Motion")

RLF1 15057761v.1

In support of the relief requested in the Scheduling / DS Motion (as set forth in the modified order set forth as **Exhibit A** to this Reply (the "Modified Order") the EFH/EFIH Debtors respectfully state as follows.[4]

## Reply

1.  On August 5, 2016, the EFH/EFIH Debtors filed the Scheduling / DS Motion, seeking entry of an order approving various dates, deadlines, and procedures related to the approval of the EFH/EFIH Disclosure Statement and, separately, various dates, deadlines, and procedures related to the EFH/EFIH Disclosure Statement Proceedings and EFH/EFIH Confirmation Proceedings. As stated on the record at the August 16th scheduling conference on the schedule governing the EFH/EFIH Disclosure Statement Proceedings and the EFH/EFIH Confirmation Proceedings, the EFH/EFIH Debtors determined to bifurcate the relief originally requested in the Scheduling / DS Motion into two separate orders: (a) an order governing the various dates, deadlines, and procedures related to approval of the EFH/EFIH Disclosure Statement and (b) an order governing the schedule applicable to the EFH/EFIH Disclosure Statement Proceedings and EFH/EFIH Confirmation Proceedings (such scheduling relief reflected in the Modified Order attached hereto).

2.  The schedule governing the EFH/EFIH Disclosure Statement Proceedings has not been disputed by any party-in-interest. Only one party objects to the schedule governing the EFH/EFIH Confirmation Proceedings, on the basis that a more accelerated schedule would be appropriate. The EFH/EFIH Debtors' proposed schedule regarding the EFH/EFIH Confirmation Proceedings is the product of the EFH/EFIH Debtors' ongoing efforts to balance multiple competing interests.

---

[4] Attached hereto as **Exhibit B** is a redline of the Modified Order as compared to the draft order filed on August 16, 2016 [Docket No. 9313].

3. There are multiple considerations that weigh in favor of an accelerated schedule with respect to the EFH/EFIH Confirmation Proceedings. *First*, the Plan Support Agreement the EFH/EFIH Debtors executed on July 29, 2016 with NextEra Energy, Inc. requires the EFH/EFIH Debtors to obtain an oral indication from the Court by December 15, 2016, indicating that it will enter an order confirming the Plan as it relates to the EFH/EFIH Debtors by December 15, 2016.[5] *Second*, the EFH/EFIH Debtors believe that the contested issues at the EFH/EFIH Confirmation Proceedings will be significantly narrowed in light of, among other things, the evidence submitted in connection with the TCEH Confirmation Hearing (specifically related to the Tax Matters Agreement, the Separation Agreement, and the Interim Transition Services Agreement), the tremendous discovery produced in these chapter 11 cases to date and the EFH/EFIH Debtors' two years of formal and informal marketing efforts. *Third*, the EFH/EFIH Debtors and NextEra Energy, Inc. are currently in negotiations with the ad hoc group of EFIH second lien noteholders and the ad hoc group of EFIH unsecured noteholders. If these constituencies ultimately support the Plan as it relates to the EFH/EFIH Debtors, the EFH/EFIH Debtors will commence the EFH/EFIH Confirmation Proceedings with significant levels of support.

4. Of course, there are multiple considerations that weigh in favor of a more moderate schedule. *First*, the Plan as it relates to the EFH/EFIH Debtors does *not* satisfy all Claims against, and Interests in, the EFH Debtors and EFIH Debtors in full. As a result, despite the EFH/EFIH Debtors' best efforts, it is unlikely that EFH/EFIH Confirmation Proceedings will be wholly consensual. As a result, all parties in interest may avail themselves of the fact discovery and expert discovery schedule set forth in the Modified Order. Indeed, here, the

---

[5] "Plan Support Agreement" shall have the meaning set forth in the *Motion of EFH/EFIH Debtors for Order (A) Authorizing Entry Into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry Into and Performance Under Plan Support Agreement* [D.I. 9190] (the "PSA and Merger Approval Motion").

history of these chapter 11 cases speaks for itself: the Hunt Plan purported to satisfy all Claims against the EFH/EFIH Debtors in full and the Debtors nevertheless put on an eight-day confirmation trial in November and December of 2015.  *Second*, the EFH/EFIH Debtors anticipate that the key issues raised in connection with the Plan as it relates to the EFH/EFIH Debtors will relate to valuation: an issue that will likely require expert testimony and submission of expert reports.  While the EFH/EFIH Debtors do not believe a valuation trial is appropriate or necessary in light of the exhaustive marketing process undertaken to sell EFH Corp.'s indirect interest in Oncor since late 2013, the existence of Impaired Classes with Claims against the EFH/EFIH Debtors may necessitate the EFH/EFIH Debtors to present valuation evidence.  This is a reality reflected in the Modified Order.  *Third*, although the EFH/EFIH Debtors are hopeful that negotiations with the ad hoc group of EFIH second lien noteholders and EFIH unsecured noteholders will ultimately yield these constituencies' support of the Plan as it relates to the EFH/EFIH Debtors and agreement to join the Plan Support Agreement, no such agreement exists as of the date yet.  As fiduciaries of their respective estates, the EFH/EFIH Debtors cannot seek approval of a schedule that hinges on support that may or may not coalesce.

5. The schedule proposed by the sole Objector contemplates commencing the EFH/EFIH Confirmation Proceedings in early November 2016.  Although the Objector does not propose a fully revised schedule, requiring EFH/EFIH Confirmation Proceedings to commence in early November 2016 effectively eviscerates the fact discovery and expert discovery schedule.  While the EFH/EFIH Debtors strongly believe that only limited fact and expert discovery is necessary to confirm the Plan as it relates to the EFH/EFIH Debtors, the EFH/EFIH Debtors are equally cognizant of their responsibility to afford all parties-in-interest with an opportunity to "pressure test" the Plan as it relates to the EFH/EFIH Debtors.  Similarly, the proposed schedule

reflected in the Modified Order is a negotiated result: a material acceleration of the proposed schedule will destroy this hard-fought consensus.

6. There is no better example of the competing interests facing the EFH/EFIH Debtors than the discussions leading up to the hearing to consider the Objection and the Reply. The Debtors received feedback from certain constituencies requesting that the EFH/EFIH Confirmation Proceedings begin *later* than the schedule set forth in the Modified Order, and feedback from other constituencies requesting that the EFH/EFIH Confirmation Proceedings begin *earlier* than the schedule set forth in the Modified Order. Over the course of many discussions, the EFH/EFIH Debtors were able to obtain either consensus or agreement to not object from *every single "E-Side" constituency, except for the sole Objector*. Seeking to accelerate the schedule at this juncture will result in the EFH/EFIH Debtors losing the support of multiple EFH/EFIH constituencies.

7. At the same time, no party-in-interest is more prepared or eager to bring the EFH/EFIH Debtors' chapter 11 cases to a close than the EFH/EFIH Debtors themselves. In anticipation of developing greater consensus, the Modified Order expressly preserves all parties' rights to seek to accelerate the EFH/EFIH Confirmation Proceedings on or after the date of the EFH/EFIH Disclosure Statement Hearing, for cause. A review of objections, if any, filed in connection with the EFH/EFIH Disclosure Statement will provide all-parties-in-interest with valuable insight into likely EFH/EFIH Confirmation Proceedings objections. Additionally, the EFH/EFIH Debtors are hopeful that the Plan as it relates to the EFH/EFIH Debtors will have additional support by the time of the scheduled EFH/EFIH Disclosure Statement hearing.

8. In short, the history of these chapter 11 cases informs the relief requested in the Modified Order. The EFH/EFIH Debtors believe that the schedule set forth in the Modified

Order appropriately balances the need to bring the EFH/EFIH Debtors' chapter 11 cases to a close on a timeline consistent with the Plan Support Agreement and the narrow scope of contested issues, with the realities of a plan of reorganization that does not render all Classes Unimpaired.  The Modified Order also expressly preserves the ability of any party-in-interest seeking a faster emergence to revisit the proposed schedule set forth in the Modified Order in approximately four weeks.   It is *critical* that the EFH/EFIH Debtors obtain entry of a schedule governing the EFH/EFIH Disclosure Statement Proceedings and EFH/EFIH Confirmation Proceedings as soon as possible to bring order to the EFH/EFIH Debtors' path to exit.  The EFH Debtors and EFIH Debtors believe that the proposed schedule set forth in the Modified Order best achieves that goal.

## Conclusion

9. For the foregoing reasons, the EFH/EFIH Debtors respectfully submit that the Court should overrule the Objection and enter the Modified Order, establishing the schedule and protocols governing the EFH/EFIH Disclosure Statement Proceedings and EFH/EFIH Confirmation Proceedings.

*[Remainder of page intentionally left blank.]*

| | |
|---|---|
| Wilmington, Delaware<br>Dated:  August 22, 2016 | /s/ *Andrew M. Dean*<br>**RICHARDS, LAYTON & FINGER, P.A.**<br>Mark D. Collins (No. 2981)<br>Daniel J. DeFranceschi (No. 2732)<br>Jason M. Madron (No. 4431)<br>Andrew M. Dean (No. 6147)<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone:     (302) 651-7700<br>Facsimile:       (302) 651-7701<br>Email:             collins@rlf.com<br>                      defranceschi@rlf.com<br>                      madron@rlf.com<br>                      dean@rlf.com |

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:       (212) 446-4900
Email:             edward.sassower@kirkland.com
                      stephen.hessler@kirkland.com
                      brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:       (312) 862-2200
Email:             james.sprayregen@kirkland.com
                      marc.kieselstein@kirkland.com
                      chad.husnick@kirkland.com
                      steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession