# EXHIBIT 1

## Agreement

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered |

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (this "**Agreement**")[1] is made and entered by and among the following parties:

(a) EFH Properties Company ("**EFH Properties**[2]"); and

(b) The United States on behalf of the U.S. Environmental Protection Agency (the "**EPA**") and the Department of the Interior (the "**DOI**").

EFH Properties and the United States on behalf of EPA and DOI are referred to herein as a "**Party**" and are collectively referred to herein as the "**Parties**."

**WHEREAS**, on April 29, 2014 (the "**Petition Date**"), Energy Future Holdings Corp ("**EFH**"), and certain of its affiliates (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), which have been jointly administered under case number 14-10979 (CSS) (collectively, the "**Chapter 11 Cases**");

**WHEREAS**, on May 1, 2015, the EPA filed proof of claim no. 10059 against the Debtor, Energy Future Competitive Holdings Company, LLC ("**EFCH**"), in the Chapter 11 Cases (the "**EFCH Claim**"), asserting a claim under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601–9675 ("**CERCLA**") for costs incurred and expected to be incurred in the future by the EPA in response to releases and threats of releases of

---

[1] Unless otherwise indicated, capitalized terms used but not otherwise defined herein have the meaning ascribed to such terms in the Plan, as defined below. The rules of interpretation set forth in Article I.B of the Plan shall apply to this Agreement, including section 102(3) of the Bankruptcy Code. 11 U.S.C. § 102(3) ("'includes' and 'including' are not limiting").

[2] "EFH Properties" includes Chaco Energy Company, TXU Industries Company LLC, and EFH Industries Company LLC.

hazardous substances at or in connection with the Faith, Hope, Doris, and Isabella Uranium Mine Sites, located in McKinley County, New Mexico (each, the "**Faith, Hope, Doris, and Isabella Sites**," and collectively, the "**New Mexico Sites**");

WHEREAS, the EPA alleges that EFH Properties is jointly and severally liable with EFCH under CERCLA for costs incurred and expected to be incurred in the future by the EPA in response to releases and threats of releases of hazardous substances at or in connection with the New Mexico Sites (the "**EFH Properties Claim**");

WHEREAS, the EPA alleges that EFH Properties is liable for the New Mexico Sites as the successor to Chaco Energy Company, and EFH Properties disputes that allegation;

WHEREAS, the EPA asserts the aforementioned response cost liability is in the aggregate amount of $23,153,204.00;

WHEREAS, the DOI could potentially assert liability against EFH Properties for natural resources damages claims with respect to the New Mexico Sites;

WHEREAS, the Debtors and the EPA settled the EFCH Claim pursuant to the plan of reorganization that was confirmed by the Bankruptcy Court for the District of Delaware on December 9, 2015, effective as of December 7, 2015 [D.I. 7285] (the "**Plan**");

WHEREAS, EFH Properties contends that the contribution protection provided under this Agreement applies to actions brought under Section 107 of CERCLA, and as such, EFH Properties reserves the right to argue that this Agreement and Section 113(f)(2) of CERCLA protect against claims for contribution brought under Section 107 of CERCLA;

WHEREAS, EFH Properties disagrees with the United States' contentions and, but for this Agreement, would dispute, in whole or in part, the EFH Properties Claim and the allegations contained herein;

WHEREAS, the Parties have been engaged in good faith negotiations with each other regarding the disputes with respect to the EFH Properties Claim, and the Parties have reached an agreement with respect to such disputes on the terms and conditions set forth in this Agreement;

WHEREAS, EFH Properties and EFH agree that the EFH Properties Claim is intertwined and related to the Chapter 11 cases;

WHEREAS, this Agreement is in the public interest and is an appropriate means of resolving these matters; and

WHEREAS, the Parties recognize and the Bankruptcy Court by approving this Agreement finds, that this Agreement is in the interests of the Debtors' estates and is fair, reasonable and consistent with applicable law;

**NOW, THEREFORE**, without the admission of liability or the adjudication of any issue of fact or law, and upon the consent and agreement of the Parties to this Agreement by their attorneys and authorized officials, it is hereby agreed as follows:

1. The Bankruptcy Court has jurisdiction over the subject matter hereof, pursuant to 28 U.S.C. §§ 157, 1331, and 1334.

2. In settlement and full and final satisfaction of the EFH Properties Claim against EFH Properties, within 5 days of the Court's approval of this Agreement, EFH Properties shall pay to the United States on behalf of EPA the settlement payment of $4,000,000.00 (the "**Settlement Payment**"), which Settlement Payment may be allocated among the Special Accounts (as defined below) in accordance with paragraph 3 of this Agreement.

3. EPA may, in its sole discretion, deposit any portion of any payment received for a site pursuant to this Agreement into special accounts established by EPA for the New Mexico Sites within the Hazardous Substance Superfund pursuant to Section 122(b)(3), 42 U.S.C. § 9622(b)(3) (the "**Special Accounts**"), to be retained and used to conduct or finance response actions at or in connection with the New Mexico Sites, or to be transferred to the Hazardous Substance Superfund. As set forth in the following subparagraphs 3(a)-(d), the Settlement Payment shall be distributed among one or more Special Accounts and assigned to each Site as follows:

   (a) 2 % of the total Settlement Payment shall be assigned to the Doris Site;

   (b) 46 % of the total Settlement Payment shall be assigned to the Hope Site;

   (c) 39 % of the total Settlement Payment shall be assigned to the Faith Site; and

   (d) 13 % of the total Settlement Payment shall be assigned to the Isabella Site.

4. Only the amount of cash received by the United States on behalf of EPA pursuant to this Agreement with respect to each of the Faith, Hope, Doris, and Isabella Sites, respectively, shall be credited as a recovery by EPA for each such Site, which credit shall reduce the liability of non-settling potentially responsible parties for each Site by the amount of the credit allocated to such Site.

5. Payments to the United States pursuant to this Agreement shall be made at https://www.pay.gov or by FedWire Electronic Funds Transfer to the United States Department of Justice account in accordance with instructions, including a Consolidated Debt Collection System ("**CDCS**") number, to be provided to EFH Properties by the Financial Litigation Unit of the United States Attorney's Office for the District of Delaware. At the time of any payment pursuant to this Agreement, EFH Properties shall transmit written confirmation of such distribution to the United States at the addresses specified below, and email confirmation of such distribution to the EPA Cincinnati Finance Office at cinwd_acctsreceivable@epa.gov, with a reference to Bankruptcy Case Number 14-10979, the CDCS number, and Site/Spill ID Number A6KV:

      Chief, Environmental Enforcement Section
      Environment and Natural Resources Division
      U.S. Department of Justice
      P.O. Box 7611
      Washington, DC 20044
      Ref. DOJ File No. 90-5-2-1-09894/2

      Chief, Enforcement Assessment Section (6SF-TE)
      U.S. Environmental Protection Agency, Region 6
      1445 Ross Ave., Suite 1200
      Dallas, Texas 75202-2733

      6.    In consideration of the payment that will be made under the terms of this Agreement, and except as specifically provided in paragraphs 7 and 8, the EPA covenants not to sue or assert or file any civil claims or causes of action, or take any administrative action, pursuant to Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606, 9607, or Section 7003 of the Resource Conservation and Recovery Act, 42 U.S.C. § 6973, with respect to the EFH Properties Claim or the New Mexico Sites, against EFH Properties. In consideration of the payment that will be made under the terms of this Agreement, and except as specifically provided in paragraphs 7 and 8, the DOI covenants not to sue or assert or file any civil claims or causes of action, or take any administrative action, relating to injury to, destruction of, or loss of natural resources as defined in 42 U.S.C. § 101(16) (including claims or actions for natural resources damage assessment or restoration costs), pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, with respect to the EFH Properties Claim or the New Mexico Sites, against EFH Properties.

      7.    The covenants set forth in paragraph 6 extend only to EFH Properties and do not extend to any other person. Nothing in this Agreement is intended as a covenant for any person or entity other than EFH Properties and the United States. The United States and EFH Properties expressly reserve all claims, demands, defenses, and causes of action, either judicial or administrative, past, present, or future, in law or equity, which they may have against all other persons, firms, corporations, or entities for any matter arising at or relating in any manner to the New Mexico Sites. Further, nothing in this Agreement diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to enter into any settlement that gives rise to contribution protection for any person not a party to this Agreement.

      8.    The covenants set forth in paragraph 6 do not pertain to any matters other than those expressly specified therein. The United States expressly reserves, and this Agreement is without prejudice to, all rights against EFH Properties with respect to all matters other than those set forth in paragraph 6. The United States also specifically reserves, and this Agreement is without prejudice to, any action based on a failure to meet a requirement of this Agreement. In addition, the United States reserves, and this Agreement is without prejudice to, all rights against EFH Properties with respect to the New Mexico Sites for liability under federal law or state law for acts relating to the New Mexico Sites by EFH Properties and their successors and assigns that occur after the Settlement Effective Date.

9. Nothing in this Agreement shall be deemed to limit the authority of the United States to take any response action under Section 104 of CERCLA, 42 U.S.C. § 9604, or any other applicable statute or regulation, or to alter the applicable legal principles governing judicial review of any action taken by the United States pursuant to such authority; *provided, however*, that nothing in this sentence affects the covenants set forth in paragraph 6. Nothing in this Agreement shall be deemed to limit the information-gathering authority of the United States under Sections 104 and 122 of CERCLA, 42 U.S.C. §§ 9604 and 9622, or any applicable statute or regulation.

10. EFH Properties covenants not to sue and agrees not to assert or pursue any claims or causes of action against the United States, including any department, agency, or instrumentality of the United States, with respect to the New Mexico Sites, including: (i) any direct or indirect claim for reimbursement from the Hazardous Substance Superfund established pursuant to 26 U.S.C. § 9507; (ii) any claim under Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, or Section 7002(a) of RCRA, 42 U.S.C. § 6972(a); or (iii) any claims arising out of response activities at the New Mexico Sites. Nothing in this Agreement shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

11. Notwithstanding any other provision of this Agreement, EFH Properties reserves, and this Agreement is without prejudice to, claims or defenses against the United States in the event any claim is asserted by the United States against EFH Properties pursuant to any of the reservations set forth in paragraph 8, other than for failure to meet a requirement of this Agreement, but only to the extent that EFH Properties' claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

12. Subject to the public notice and comment period described in paragraph 14 of this Agreement, this Agreement shall be subject to, and immediately effective and binding on the Parties upon the entry by the Bankruptcy Court of an order authorizing EFH Properties to enter into and perform under this Agreement (such order, the "**Approval Order**," and the date of entry of such order, the "**Settlement Effective Date**").

13. The Parties agree that this Agreement constitutes a judicially-approved settlement pursuant to which EFH Properties has, as of the Settlement Effective Date, resolved liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is entitled, as of the Settlement Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this Agreement. The "matters addressed" in this paragraph of this Agreement are all response actions taken or to be taken, all actions taken or to be taken with respect to natural resource damages, and all costs (including assessment, restoration, response and oversight costs) incurred or to be incurred, at or in connection with the New Mexico Sites by the EPA or DOI, as applicable, or any potentially responsible parties *provided, however*, that if the EPA or DOI exercise rights under the reservations in paragraph 8, other than for failure to meet a requirement of this Agreement, the "matters addressed" in this Agreement shall no longer include those response costs or response actions that are within the scope of the exercised reservation.

14. This Agreement shall be subject to a period of public comment following publication of notice of the Agreement in the *Federal Register*. After the conclusion of the public comment period, the United States will notify the other Parties of any comments received, as well as the United States' responses to the comments, and at that time, if appropriate, the United States will request approval of the Agreement. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Agreement disclose facts or considerations that indicate that the Agreement is not in the public interest.

15. If for any reason the Agreement is withdrawn by the United States as provided in paragraph 14: (i) this Agreement shall be null and void, and the Parties hereto shall not be bound under the Agreement or under any documents executed in connection herewith; (ii) the Parties shall have no liability to one another arising out of or in connection with this Agreement or under any documents executed in connection herewith; and (iii) this Agreement and any documents prepared in connection herewith shall have no residual or probative effect or value.

16. This Agreement constitutes the entire agreement of the Parties hereto with respect to the matters addressed herein and supersedes and nullifies all prior agreements, oral or written, among the Parties with respect thereto.

17. This Agreement may not be modified or amended except in writing with the agreement of each of the Parties.

18. This Agreement may be executed in counterparts, each of which shall constitute an original, and all of which shall constitute one and the same agreement.

19. The Bankruptcy Court (or, upon withdrawal of the Bankruptcy Court's reference, the United States District Court for the District of Delaware) shall retain jurisdiction over the subject matter of this Agreement and the Parties hereto for the duration of the performance of the terms and provisions of this Agreement for the purpose of enabling any of the Parties to apply at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Agreement or to effectuate or enforce compliance with its terms. The retention of jurisdiction under this paragraph shall not be exclusive to the extent that other jurisdictions have concurrent jurisdiction.

20. This Settlement Agreement shall be binding upon EPA and DOI, and upon EFH Properties and its heirs, successors, and assigns.

[Signatures follow.]

The undersigned party hereby enters into this Agreement on behalf of the United States in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.).

FOR THE UNITED STATES OF AMERICA:

Date: July 27, 2016     By: /s/ Nathaniel Douglas
NATHANIEL DOUGLAS
Deputy Section Chief
Environment and Natural Resources Division
U.S. Department of Justice

Date: July 28, 2016     By: /s/ Anna Grace
ANNA GRACE
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Regular Mail: P.O. Box 7611
Washington, DC 20044-7611
Overnight Mail: 601 D Street NW
Washington, DC 20004

ALAN TENENBAUM
National Bankruptcy Coordinator
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Regular Mail: P.O. Box 7611
Washington, DC 20044-7611
Overnight Mail: 601 D Street NW
Washington, DC 20004

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.).

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:

Date: 7/27/2016

By: _____
CARL E. EDLUND, P.E., Director
Superfund Division
U.S. Environmental Protection Agency
Region 6
1445 Ross Ave., Suite 1200
Dallas, TX 75202

Date: 7·27·16

By: _____
JOHN M. BLEVINS, Director
Compliance Assurance and Enforcement Division
U.S. Environmental Protection Agency
Region 6
1445 Ross Ave., Suite 1200
Dallas, TX 75202

Date: 07/27/16

By: _____
PAMELA J. TRAVIS
Attorney, 6RC-S
U.S. Environmental Protection Agency
Region 6
1445 Ross Ave., Suite 1200
Dallas, Texas 75202

The undersigned party hereby enters into this Agreement in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. Del.).

FOR EFH PROPERTIES, and on behalf of CHACO ENERGY COMPANY, TXU INDUSTRIES COMPANY LLC, and EFH INDUSTRIES COMPANY LLC:

Date: 7/29/16            By: [signature]