**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | Re: D.I. 9190, 9399 |
| | Objection Deadline:  August 25, 2016 |
| | Hearing Date:  September 19, 2016 at 10:00 a.m. |

**OBJECTION AND JOINDER OF CONTRARIAN CAPITAL MANAGEMENT, LLC**
**TO MOTION OF EFH/EFIH DEBTORS FOR ORDER (A) AUTHORIZING**
**ENTRY INTO MERGER AGREEMENT, (B) APPROVING TERMINATION**
**FEE AND (C) AUTHORIZING ENTRY INTO AND PERFORMANCE**
**UNDER PLAN SUPPORT AGREEMENT**

Contrarian Capital Management, LLC (as advisors, or affiliates of advisors to holders, or

managers of various accounts with investment authority, contractual authority or voting

authority, "Contrarian"), by its undersigned counsel, hereby files this objection and joins in the

objection [D.I. 9399] (the "EFH Indenture Trustee Objection") of American Stock Transfer &

Trust Company, LLC, as successor trustee to The Bank of New York Mellon Trust Company,

N.A. (in such capacity, the "EFH Indenture Trustee") under the indentures for certain notes

issued by Energy Future Holdings Corp. ("EFH Corp."), to the motion of the above-referenced

Debtors seeking an order (a) authorizing the entry into a merger agreement, (b) approving a

termination fee and (c) authorizing entry and performance under a plan support agreement (the

"Motion") [D.I. 9190].[1]

---

[1]        Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the
Motion.

**OBJECTION**

1.      By the Motion, the Debtors are seeking authorization to enter into the Merger Agreement and perform under the Plan Support Agreement (the "PSA").  Both the Merger Agreement and the PSA are critical pieces for the Debtors' plan and reorganization and related proposed sale of the economic interest in Oncor Electric Delivery Company, LLC ("Oncor") to NextEra Energy, Inc. ("NextEra").

2.      Among other things, the PSA enumerates several plan-related milestones and other termination events (the "Termination Events").  Under the Merger Agreement, upon the occurrence of certain Termination Events, EFH Corp. and EFIH would become liable within five (5) days of such Termination Event for payment of the Termination Fee, in the amount of $275 million, as an allowed administrative expense claim.

3.      Under the Third Circuit's applicable law, the Debtors bear the burden of demonstrating under 11 U.S.C. § 503 that the Termination Fee is necessary to preserve value for the estates.  The Motion and supporting declaration fall short of meeting this standard.

4.      While presented in name as a "termination fee", this "fee" is similar to a break-up fee that is approved as part of bid protections afforded to a stalking horse bidder.  This Circuit's jurisprudence mandates that a break-up fee be only awarded where it is an appropriate expense of administration under section 503(b) of the Bankruptcy Code.  *See In re Reliant Energy Channelview LP*, 594 F.3d 200, 206 (3d Cir. 2010).

5.      Here, the Termination Fee neither provides a benefit to the estates nor is "actually necessary to preserve the value of the estate."  *In re O'Brien Energy Systems, Inc.* ("*Calpine*"), 181 F.3d 527, 538 (3d Cir. 1999).  Under *Calpine*, denial of a break-up fee is appropriate where a bidder has "strong financial incentives to undertake the cost of submitting a bid . . . even in the

absence of reimbursement.  *Id*. at 537.  Through the Motion and supporting papers, the Debtors have not demonstrated that the Termination Fee was necessary to induce NextEra to submit its bid, especially given that NextEra has been involved in these cases since they were first filed. Indeed, the Termination Fee only seems to serve to protect NextEra from competing bids and would chill bidding to the detriment of the Debtors' constituents.

6.      Accordingly, for the reasons stated above, the Termination Fee should not be approved and the Motion should be denied.

## **JOINDER**

7.      Contrarian joins in the EFH Indenture Trustee Objection and incorporates herein the arguments set forth in such objection.

(*Remainder of page left intentionally blank*)

WHEREFORE, Contrarian respectfully requests that the Court deny the relief requested in the Motion and grant to Contrarian such other and further relief as is just and proper.

Dated: August 25, 2016
      Wilmington, Delaware

HOGAN♦MCDANIEL

By: /s/: *Garvan F. McDaniel*
Garvan F. McDaniel(DE 4167)
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone:  (302) 656-7540
Facsimile:  (302) 656-7599
Email: gfmcdaniel@dkhogan.com

– and –

KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP

David S. Rosner, Esq.
Andrew K. Glenn, Esq.
Daniel A. Fliman, Esq.
1633 Broadway
New York, New York 10019
Telephone:  (212) 506-1700
Facsimile:  (212) 506-1800 Email:
DRosner@kasowitz.com

AGlenn@kasowitz.com
DFliman@kasowitz.com

*Counsel to Contrarian Capital Management, LLC*