# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) ) | (Jointly Administered)<br><br>**Hearing Date: To Be Determined**<br>**Objection Deadline: September 19, 2016 at 4:00 p.m.** |

**SUMMARY OF FINAL APPLICATION OF MCDERMOTT WILL & EMERY
LLP AS SPECIAL COUNSEL FOR THE DEBTORS FOR COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED FOR THE PERIOD FROM
APRIL 29, 2014 THROUGH OCTOBER 28, 2015**

| | |
|---|---|
| Name of Applicant: | McDermott Will & Emery LLP |
| Authorized to provide professional services to: | Energy Future Holdings Corp., *et al.* |
| Petition Date: | April 29, 2014 |
| Date of Order Authorizing the Debtor to Retain McDermott | September 16, 2014, *nunc pro tunc* to April 29, 2014 [D.I. 2062] |
| Date of Order Authorizing McDermott's Expanded Retention | July 15, 2015, *nunc pro tunc* to June 2, 2015 [D.I. 4999] |
| Period for which compensation and reimbursement is sought: | April 29, 2014 through October 28, 2015 |
| Amount of Compensation sought as actual, reasonable and necessary: | $1,334,140.62 |

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

| | |
|---|---|
| Estimated Amount of Compensation sought, as reasonable and necessary incurred preparing and prosecuting the Fifth Interim Fee Application and Final Fee Application: | $48,000.00[2] |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $142,827.75 |
| Total Allowed Compensation Paid to Date: | $1,334,140.62 |
| Total Allowed Expenses Paid to Date: | $142,827.75 |

This is a(n): ☐ Monthly   ☐ Interim   ☑ Final application

---

[2] Amount includes fees and expenses from November 1, 2015 through June 30, 2016 related to the preparation and prosecution of the Fifth Interim Fee Application and preparation of the Final Fee Application (defined herein) in the amount of $47,000.00, plus time expected to be incurred in the prosecution of this Final Application in the amount of $1,000.00, for a total amount of $48,000.00.

**PRIOR APPLICATION HISTORY**

| Title | Date Filed/ Docket # | Period Covered | Requested | | Ordered | | Certificate of No Objection / Signed Order |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Fees | Expenses | Fees | Expenses | |
| 1st Interim | 10/28/2014 D.I. 2679 | 4/29/2014– 8/31/2014 | $474,034.25 | $72,166.43 | $472,373.37 | $70,785.46 | 2/19/2015 D.I. 3597 |
| 2ND Interim | 2/18/2015 D.I. 3589 | 9/1/2014 – 12/31/2014 | $343,622.25 | $31,364.55 | $339,264.75 | $30,524.30 | 6/24/2015 D.I. 4843 |
| 3RD Interim | 6/22/2015 D.I. 4821 | 1/1/2015 – 4/30/2015 | $256,057.00 | $19,249.11 | $246,931.00 | $19,249.11 | 10/26/2015 D.I. 6667 |
| 4TH Interim | 10/30/2015 D.I. 6800 | 5/1/2015 – 8/31/2015 | $249,516.00 | $16,877.64 | $240,729.75 | $16,793.04 | 2/18/2016 D.I. 7883 |
| 5TH Interim | 3/7/2016 D.I. 7972 | 9/1/2015 – 10/28/2015 | $85,629.50 | $5,495.09 | $85,629.50 | $5,475.84 | Pending |
| SUBTOTALS | | | $1,408,859.00 | $145,152.82 | $1,384,928.37[3] | $142,827.75 | |
| MWE Voluntary Reduction | | | -- | -- | ($50,787.75) | | |
| TOTALS | | | $1,408,859.00 | $145,152.82 | $1,334,140.62 | $142,827.75 | |

---

[3] Subsequently, after the First Interim Fee Order was entered, McDermott agreed to voluntary reduce all non-working travel time during the first interim period, totaling $50,787.75, reducing the total amount of fees is $1,334,140.62.

## SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES FROM APRIL 29, 2014 THROUGH OCTOBER 28, 2015

| Timekeeper Name | Year Admitted | Title | Department | Hours Worked | Rate From April 29, 2014 – November 30, 2014 | December 1, 2014 Rate through October 28, 2015 | Bill Amount |
|---|---|---|---|---|---|---|---|
| Timothy W. Walsh | 1991 | Partner | Restructuring & Insolvency Department | 1.80 | $1,005.00 | $1,025.00 | $1,809.00 |
| Robert M. Lamkin | 1996 | Partner | Energy Advisory Department | 4.30 | $760.00 | $805.00 | $3,398.50 |
| Iskender Catto | 2000 | Partner | Energy Advisory Department | 1,026 | $850.00 | $875.00 | $847,047.50 |
| Melvin Huang | 2010 | Associate | Energy Advisory Department | 10.70 | $515.00 | $580.00 | $6,206.00 |
| Darren Azman | 2011 | Associate | Restructuring & Insolvency Department | 10.50 | $555.00 | $665.00 | $5,827.50 |
| Christopher Bloom | 2012 | Associate | Energy Advisory Department | 17.80 | $405.00 | $480.00 | $7,209.00 |
| Ryan A. Wagner | 2012 | Associate | Restructuring & Insolvency Department | $854.00 | $515.00 | $580.00 | $430,672.50 |
| Megan Preusker | 2013 | Associate | Restructuring & Insolvency Department | 3.10 | $385.00 | $540.00 | $1,674.00 |
| Jessica Bayles | 2014 | Associate | Energy Advisory Department | 7.80 | $385.00 | $425.00 | $3,183.00 |
| Adolpho Gomes | | Chief Economist, Transfer Pricing | Transfer Pricing Department | 103.00 | $600.00 | $625.00 | $64,375.00 |
| Haiyan Zhang | | Financial Analyst, Transfer Pricing | Transfer Pricing Department | 21.50 | $300.00 | $315.00 | $6,772.50 |
| Jill Kaylor-Brett | | Paralegal | Restructuring & Insolvency Department | 4.70 | $315.00 | $330.00 | $1,480.50 |
| Andrea Duncliffe | | Paralegal Manager | Corporate Advisory Department | 104.30 | $280.00 | $295.00 | $29,204.00 |
| **Total All Timekeepers:** | | | | | | | **$1,408,859.00[4]** |
| | | | | | | **Blended Rate:** | **$649.40** |

---

[4] Pursuant to an agreement with the Fee Examiner, McDermott's fees were voluntarily reduced in the amount of $74,718.38 and McDermott consequently does not seek payment of these fees in this Final Fee Application.

**SUMMARY OF COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD OF APRIL 29, 2014 THROUGH OCTOBER 28, 2015**

| Task Description | Hours | Total |
| --- | ---: | ---: |
| Case Administration | 41.80 | $21,447.50 |
| Claims Administration and Objections | 1.20 | $458.00 |
| EFH Asset Disposition | 125.50 | $71,727.50 |
| Energy Trading | 1366.70 | $1,038,171.00 |
| Fee/Employment Applications | 391.20 | $185,024.50 |
| Generating Assets | 28.50 | $16,003.50 |
| Hearings | 8.60 | $5,381.50 |
| Non-Working Travel | 187.40 | $60,851.50 |
| Plan and Disclosure Statement | 5.90 | $3,422.00 |
| Utilities | 12.60 | $6,354.00 |

## EXPENSE SUMMARY FOR THE PERIOD OF
## APRIL 29, 2014 THROUGH OCTOBER 28, 2015

| Expense Category | Vendor, if any | Amount |
|---|---|---|
| Binding | Williams Lea | $27.50 |
| Computer Research | Westlaw/Pacer | $4,903.99 |
| Express Mail/Federal Express | | $633.90 |
| Lodging | Dallas Marriott Hotel<br>Renaissance Dallas Hotel<br>Springhill Suites Marriott | $51,489.94 |
| Meals – Travel & Business | | $3,785.54 |
| Miscellaneous | | $868.89 |
| Telecommunications | Conference Plus a/k/a Arkadin | $493.74 |
| Transportation – Airfare | American/United Airlines | $60,477.90 |
| Transportation – Train | Amtrak | $348.00 |
| Transportation – Car Rental | Budget Car Rental | $9,861.97 |
| Transportation – Various/Parking | | $12,016.45 |
| Word Processing | Williams Lea | $245.00 |
| **Total Disbursements** | | **$145,152.82**[5] |

---

[5] Pursuant to an agreement with the Fee Examiner, McDermott's expenses were voluntarily reduced in the amount of $2,325.07, and McDermott consequently does not seek payment of these fees in this Final Fee Application.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date:  To Be Determined** |
| | ) **Objection Deadline:  September 19, 2016 at 4:00 p.m.** |

**FINAL APPLICATION OF MCDERMOTT WILL & EMERY LLP AS SPECIAL
COUNSEL FOR THE DEBTORS FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE
PERIOD FROM APRIL 29, 2014 THROUGH OCTOBER 28, 2015**

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, McDermott Will & Emery LLP ("McDermott"), as special counsel to the above captioned debtors and debtors in possession (collectively, the "Debtors"), submits its final application (the "Application") for allowance of compensation and reimbursement of expenses for the period of April 29, 2014 through October 28, 2015 (the "Final Fee Period").  By this Application, pursuant to the Interim Compensation Order (defined below), McDermott seeks allowance and payment of compensation in the amount of (i) $1,334,140.62 as compensation for necessary professional services rendered, (ii) $142,827.75 for actual and necessary expenses incurred, and (iii) $25,000.00 for fees and expenses related to the preparation and prosecution of the Fifth Interim Fee Application and the Final Fee Application, for a total of $1,501,968.37.  In support of this Application, McDermott respectfully states as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 15086367v.1

## BACKGROUND AND INTRODUCTION

1. On April 29, 2014, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code thereby commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On June 5, 2014, the Court entered an order [D.I. 849] authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

3. On May 13, 2014, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [D.I. 420].

4. A description of the Debtors' businesses, the reasons for commencing the Chapter 11 Cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 are set forth in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions*, filed on April 29, 2014 [D.I. 98] and incorporated herein by reference.

### The Debtors' Retention of McDermott

5. On September 16, 2014, the Court entered the *Order Authorizing the Employment and Retention of McDermott Will & Emery LLP as Special Counsel to the Debtors and Debtors in Possession for Certain Energy-Related Transactional Matters Nunc Pro Tunc to the Petition Date* [D.I. 2062] (the "Retention Order"), attached hereto as **Exhibit A** and incorporated by reference. The Retention Order authorizes the Debtors to compensate and reimburse McDermott

in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), and the Interim Compensation Order. The Retention Order also authorizes the Debtors to compensate McDermott at McDermott's hourly rates charged for services of this type and to reimburse McDermott for McDermott's actual and necessary out-of-pocket expenses incurred, subject to application to this Court. The particular terms of McDermott's engagement are detailed in the engagement letter by and between McDermott and Luminant Energy Company LLC, Luminant Holding Company LLC and Luminant Generation Company LLC effective as of September 24, 2013 and attached hereto as **Exhibit B** (the "Engagement Letter").

6. The Retention Order authorizes McDermott to provide legal services and advice with respect to, but not limited to, the following:

      a. energy trading issues;

      b. fuel transportation and storage issues;

      c. power plant operations;

      d. contract disputes;

      e. negotiations; and

      f. claims resolution.

7. On July 15, 2015, the Court entered the *Order Expanding the Retention and Employment of McDermott Will & Emery LLP for Energy-Related and REIT Transactional Matters Effective Nunc Pro Tunc to June 2, 2015* [D.I. 4999] (the "Expanded Retention Order"), attached hereto as **Exhibit C** and incorporated by reference. The Expanded Retention Order authorizes the Debtors to compensate and reimburse McDermott in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Interim

Compensation Order. The Expanded Retention Order also authorizes the Debtors to compensate McDermott at McDermott's hourly rates charged for services of this type and to reimburse McDermott for McDermott's actual and necessary out-of-pocket expenses incurred, subject to application to this Court. The particular terms of McDermott's engagement are detailed in the engagement letter by and between McDermott and Energy Future Holdings Corp. attached hereto as **Exhibit D**.

8. The Expanded Retention Order authorizes McDermott to provide legal services and advice with respect to, but not limited to, reviewing and evaluating potential asset, income, and other economic metrics with respect to the potential restructuring of Oncor Electric Delivery Holdings Company LLC and its affiliated companies (collectively, "Oncor") into a property company ("PropCo") and a separate operating company ("OpCo") to enable EFH Corp.'s economic interest in Oncor to be held in a real estate investment trust structure; and apply transfer pricing principles to these economic metrics to develop potential models for rent payments between PropCo and OpCo.

9. On September 16, 2014, the Court entered *the Order Establishing Procedures For Interim Compensation and Reimbursement Of Expenses Of Professionals* (the "Interim Compensation Order") [D.I. 2066].

10. Given the size and complexity of these Chapter 11 Cases, the U.S. Trustee, the Debtors, and the Committee agreed to recommend that the Court appoint a fee committee to review and report, as appropriate, on interim and final fee applications filed by all of the Debtors' retained professionals in accordance with 11 U.S.C. §§ 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order (the "Fee Committee"). On August 21, 2014, the Court entered the Fee Committee Order, appointing the Fee Committee and

establishing procedures governing the Fee Committee's review of the Debtors' retained professionals' applications for compensation and the resolution of any concerns raised during such review. On October 3, 2014, the Fee Committee distributed an initial memorandum regarding guidelines for expense reimbursements to those professionals retained in these Chapter 11 Cases (the "Fee Committee Guidelines"). McDermott reviewed the Fee Committee Guidelines on October 3, 2014. McDermott believes that the relief requested herein complies with those guidelines.

11. Pursuant to the Interim Compensation Order, the Professionals are required to comply with certain requirements of the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "Revised UST Guidelines"). The Office of the United States Trustee has promulgated forms to aid in compliance with the Revised UST Guidelines. These charts and tables were filled out with data based on the forms that were attached to each Monthly Fee Statement and Interim Fee Application to the extent relevant to these Chapter 11 Cases:

**Exhibit E:**   Voluntary Rate Disclosures;
**Exhibit F:**   Summary of Timekeepers Included During the Final Fee Period;
**Exhibit G:**   Summary of Actual and Necessary Expenses for the Final Fee Period;
**Exhibit H:**   Summary of Fees by Project Category for the Final Fee Period;
**Exhibit I-1:** Budget for the Final Fee Period;
**Exhibit I-2:** Staffing Plan for the Final Fee Period; and
**Exhibit J:**   Summary of Legal Services Rendered During the Final Fee Period.

12. As a partner at McDermott, Iskender H. Catto ("Catto") was the attorney primarily responsible for the energy-related transactions services provided to the Debtors by McDermott, including services related to trading issues, fuel transportation and storage, power

plant operations, contract disputes and negotiations and claims resolution (the "Energy Services").

13. On November 2, 2015, Greenberg Traurig, LLP ("Greenberg") hired Catto to further bolster its transaction practice. Since September 24, 2013, Catto and McDermott provided the Energy Services to the Debtors in connection with the Debtors' restructuring efforts. Due to Catto's long-standing relationship with the Debtors (predating the Debtors' restructuring efforts) in connection with their hedging and trading operations, Greenberg acquired the Debtors as their client with regard to the Energy Services matters.

14. On December 15, 2015, the Court entered an Order Authorizing the Debtors to Retain and Employ Greenberg Traurig, LLP as Special Counsel for Certain Energy-Related Transactional Matters, Effective *Nunc Pro Tunc* to November 2, 2015 [D.I. 7352] therefore, ceasing the services of McDermott.

**MCDERMOTT'S APPLICATION FOR
COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES**

15. McDermott's monthly fee applications for the periods from April 29, 2014 through October 28, 2015 have been filed and served pursuant to the Interim Compensation Order. In addition, McDermott's interim fee applications (the "Interim Fee Applications") as outlined below have been filed and served pursuant to the Interim Compensation Order.

16. On October 28, 2014, McDermott filed its first interim fee application [D.I. 2679] (the "First Interim Fee Application"), requesting interim approval and allowance of the fees and expenses incurred for the period from April 29, 2014 through August 31, 2014 (the "First Interim Compensation Period") requesting $474,034.25 in fees and $72,166.43 in expenses. As explained in the Fee Committee's report filed on February 12, 2015 [D.I. 3522], McDermott agreed to reduce its fees to $472,373.37 and expenses to $70,785.46. No party filed an objection

to the First Interim Fee Application.  On February 19, 2015, the Court entered an order [D.I. 3597] approving McDermott's fees and expenses for the First Interim Compensation Period on an interim basis.  Subsequently, after the First Interim Fee Order was entered, pursuant to an agreement with the Fee Examiner, McDermott agreed to voluntary reduce all non-working travel time during the first interim period, totaling $50,787.75.

17. On February 18, 2015, McDermott filed its second interim fee application [D.I. 3589] (the "Second Interim Fee Application"), requesting interim approval and allowance of the fees and expenses incurred for the period from September 1, 2014 through December 31, 2014 (the "Second Interim Compensation Period") requesting $343,622.25 in fees and $31,364.55 in expenses.  As explained in the Fee Committee's reports filed on June 16, 2015 and June 19, 2015 [D.I. 4774 and 4807, respectively], McDermott agreed to reduce its fees to $339,264.75 and expenses to $30,524.30.  No party filed an objection to the Second Interim Fee Application.  On June 24, 2015, the Court entered an order [D.I. 4843] approving McDermott's fees and expenses for the Second Interim Compensation Period on an interim basis.

18. On June 22, 2015, McDermott filed its third interim fee application [D.I. 4821] (the "Third Interim Fee Application"), requesting interim approval and allowance of the fees and expenses incurred for the period from January 1, 2015 through April 30, 2015 (the "Third Interim Compensation Period") requesting $256,057.00 in fees and $19,249.11 in expenses.  As explained in the Fee Committee's report filed on October 21, 2015 [D.I. 6548], McDermott agreed to reduce its fees to $246,931.00 and expenses to $19,249.11.  No party filed an objection to the Third Interim Fee Application.  On October 26, 2015, the Court entered an order [D.I. 6667] approving McDermott's fees and expenses for the Third Interim Compensation Period on an interim basis.

19. On October 30, 2015, McDermott filed its fourth interim fee application [D.I. 6800] (the "Fourth Interim Fee Application"), requesting interim approval and allowance of the fees and expenses incurred for the period from May 1, 2015 through August 31, 2015 (the "Fourth Interim Compensation Period") requesting $249,516.00 in fees and $16,877.64 in expenses. As explained in the Fee Committee's report filed on February 17, 2016 [D.I. 7873], McDermott agreed to reduce its fees to $240,729.75 and expenses to $16,793.04. No party filed an objection to the Fourth Interim Fee Application. On February 18, 2016, the Court entered an order [D.I. 7883] approving McDermott's fees and expenses for the Fourth Interim Compensation Period on an interim basis (the "Fourth Interim Fee Order").

20. On March 7, 2016, McDermott filed its fifth interim fee application [D.I. 7972] (the "Fifth Interim Fee Application"), requesting interim approval and allowance of the fees and expenses incurred for the period from September 1, 2015 through October 28, 2015 (the "Fifth Interim Compensation Period") requesting $85,629.50 in fees an $5,495.09 in expenses. McDermott agreed to reduce expenses to $5,475.84. No party filed an objection to the Fifth Interim Fee Application. On June 27, 2016, the Court entered an order [D.I. 8824] approving McDermott's fees and expenses for the Fifth Interim Compensation Period on an interim basis (the "Fifth Interim Fee Order").

21. The Interim Fee Applications covered by this Application contain detailed daily time logs describing the actual and necessary services provided and expenses incurred by McDermott during the periods covered by such applications, as well as other detailed information required to be included in fee applications. A detailed description of the services rendered during the Final Fee Period is attached hereto as **Exhibit K** and a detailed description of the expenses incurred during the Final Fee Period is attached hereto as **Exhibit L**.

22. In accordance with the Interim Compensation Order, McDermott seeks final approval of all fees and expenses requested and approved in the above-referenced Interim Fee Applications. McDermott also seeks full approval of estimated fees and expenses in the amount of $48,000.00 in connection with fees and expenses related to the preparation and prosecution of the Fifth Interim Fee Application and the Final Fee Application.

**Summary of Legal Services Rendered During the Fee Period**

23. As discussed above, during the Fee Period, McDermott provided extensive and important professional services to EFH Corp. and the TCEH Debtors in connection with these Chapter 11 Cases. These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these Chapter 11 Cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

24. To provide a meaningful summary of McDermott's services provided on behalf of the Debtors and their estates, McDermott has established, in accordance with its internal billing procedures, certain subject task categories (each, a "Task Category") in connection with these Chapter 11 Cases.

25. The following is a Task Category schedule of the professional services provided by McDermott during the Final Fee Period. This summary is organized in accordance with McDermott's internal system of task numbers. This schedule sets forth a description of the Task Categories utilized in this case, the number of hours expended by McDermott partners, associates and paraprofessionals by Task Category, and the aggregate fees associated with each Task Category. The chart demonstrates that McDermott was heavily involved in performing services for the Debtors on a daily basis, often including night and weekend work, to meet the needs of the Debtors' estates in these Chapter 11 Cases.

| Task Description | Hours | Total |
|---|---|---|
| Case Administration | 41.80 | $21,447.50 |
| Claims Administration and Objections | 1.20 | $458.00 |
| EFH Asset Disposition | 125.50 | 71,727.50 |
| Energy Trading | 1,366.70 | $1,038,171.00 |
| Fee/Employment Applications | 391.20 | $185,024.50 |
| Generating Assets | 28.50 | $16,003.50 |
| Hearings | 8.60 | $5,381.50 |
| Non-Working Travel | 187.40 | $60,851.50 |
| Plan and Disclosure Statement | 5.90 | $3,422.00 |
| Utilities | 12.60 | $6,354.00 |

26. McDermott has rendered professional services as counsel to the Debtors as requested and necessary and appropriate in these Chapter 11 Cases.

27. During the course of these Chapter 11 Cases, McDermott incurred and paid its actual and necessary disbursements and expenses.

28. This is McDermott's final application pursuant to the Interim Compensation Order. McDermott has made no prior or other application to this or any other Court for the relief requested herein.

## RELIEF REQUESTED

29. By this Application, McDermott requests that the Court approve payment of one-hundred percent (100%) of the fees and expenses incurred by McDermott during the Final Fee Period, and $48,000.00 for fees and expenses related to the preparation and prosecution of the Fifth Interim Fee Application and the Final Fee Application.

30. The professional services and related expenses for which McDermott requests approval were rendered and incurred in connection with the Chapter 11 Cases in accordance with

McDermott's professional responsibilities as counsel to the Debtors. McDermott's services have been necessary and beneficial to the Debtors.

31. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount of compensation requested by McDermott in this Final Fee Application is fair and reasonable given (a) the complexity of the Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, McDermott has reviewed the requirements of Del. Bankr. L.R. 2016-2, the Interim Compensation Order and the Revised UST Guidelines and believes this Final Fee Application complies with such Local Rule, Order and guidelines.

## DECLARATION OF COUNSEL

32. A Declaration of Counsel is attached hereto as **Exhibit M** and made part of this Application.

**WHEREFORE**, McDermott Will & Emery LLP respectfully requests the Court enter an order, substantially in the form attached hereto, providing (a) that a final allowance be made to McDermott Will & Emery LLP for the period from April 29, 2014 through October 28, 2015, in the amount of (i) $1,334,140.62 as compensation for necessary professional services rendered, (ii) $142,827.75 for actual and necessary expenses incurred, and (iii) $48,000.00 for fees and expenses related to the preparation and prosecution of the Fifth Interim Fee Application and the Final Fee Application, for a total of $1,524,968.37 (b) that the Debtors are authorized and directed to pay McDermott the outstanding amount of such sums; and (c) for such other and further relief as may be just and proper.

Date:  August 26, 2016
      New York, New York

                                                  */s/ Timothy W. Walsh*
                                                  Timothy W. Walsh
                                                  MCDERMOTT WILL & EMERY LLP
                                                  340 Madison Avenue
                                                  New York, New York  10173
                                                  Telephone:     (212) 547-5400
                                                  Facsimile:      (212) 547-5444
                                                  Email:            twwalsh@mwe.com

                                                  *Special Counsel to the Debtors*
                                                  *and Debtors in Possession*