## EXHIBIT A

RLF1 15102408v.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: D.I. 467, 8598, 9336, 9436** |

## *CORRECTED* ORDER AUTHORIZING SALE OF TRADINGHOUSE PROPERTY

Upon the *Amended and Superseding Order Establishing Procedures to Sell, Transfer, or Abandon Certain De Minimis Assets,* entered on June 3, 2016 [D.I. 8598] (the "De Minimis Asset Sale Order"); and no answer, objection, or other responsive pleading to the *Notice of Sale*, filed on August 18, 2016 [D.I. 9336] (the "Sale Notice"),[2] having been filed by the objection deadline of August 29, 2016, it is HEREBY ORDERED THAT:

1. The Debtors are authorized under section 363(b) of the Bankruptcy Code to sell certain property as described in the Sale Notice (the "Sale"), without further order of the Court or notice to any party, upon the terms and conditions set forth herein and in the Sale Notice.

2. This order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Notice.

required to report or insure any title or state of title in or to any of the property sold pursuant to this order, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state and federal, state, and local officials, and each of such person and entity is hereby directed to accept this order as sole and sufficient evidence of such transfer of title and shall rely upon this order in consummating the transactions contemplated hereby.

3. The Sale shall be free and clear of all liens, claims, interests, and encumbrances (collectively, the "Liens") pursuant to 363(f) of the Bankruptcy Code, with such Liens attaching only to the proceeds of the Sale, in the same order of priority, with the same validity, extent, and priority as immediately prior to the Sale; *provided, however*, that the property shall be subject to the Liens for 2016 ad valorem taxes to the extent such taxes are not paid in the ordinary course of business, or as set forth in an asset purchase agreement to be agreed upon by Luminant Generation Company LLC and Dead River Ranch LP.

4. The Sale is an arm's-length transaction entitled to the protection of section 363(m) of the Bankruptcy Code.

5. All net proceeds from the Sale (the "Sale Proceeds") shall be treated in accordance with the De Minimis Asset Sale Order, the *Final Order (A) Approving Postpetition Financing for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, and (C) Modifying the Automatic Stay* [D.I. 856] (the "TCEH DIP Order") authorizing certain of the Debtors to obtain postpetition financing pursuant to that certain Senior Secured Superpriority Debtor-in-Possession Credit Agreement, dated as of May 5, 2014 (as amended, restated, supplemented, or otherwise modified from time to time, the "TCEH DIP Credit Agreement"),

and the terms of the TCEH DIP Credit Agreement and related documents (together, the "TCEH DIP Documents").

6. The TCEH Debtors are authorized to pay those necessary fees and expenses, net of any applicable Sale Proceeds, incurred in the Sale, including removal costs and commission fees to agents, brokers, auctioneers, and liquidators.

7. To the extent that any inconsistency exists between this order and the terms of the TCEH DIP Order, or any of the TCEH DIP Documents, the terms of such TCEH DIP Order or TCEH DIP Documents (as applicable) shall control.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Establishing Procedures to Sell, Transfer, or Abandon Certain De Minimis Assets* [D.I. 467] and Sale Notice.

10. This Order amends and supersedes D.I. 9436.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August _____, 2016
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE