## EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## ORDER AUTHORIZING ENTRY INTO AND PERFORMANCE UNDER THE STIPULATION BETWEEN LUMINANT ENERGY COMPANY LLC AND BUCKSKIN MINING COMPANY

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a), authorizing entry into and performance under the Stipulation (the "Stipulation") between Luminant Energy Company LLC ("Luminant") and Buckskin Mining Company ("Buckskin," and, together with Luminant, the "Parties") substantially in the form attached hereto as **Exhibit 1**, all as set forth more fully in the Motion; and upon the Nutt Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion, the Nutt Declaration and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Stipulation, attached hereto as **Exhibit 1**, is hereby approved.

3.      The Parties are authorized to enter into, perform, execute, and deliver all documents and take all actions, necessary to immediately continue and fully implement the Stipulation in accordance with the terms, conditions, agreements, and releases set forth therein, all of which are hereby approved.

4.      The Agreed Claim is hereby allowed as a general unsecured claim in the amount of $1,979,718 against Luminant. Epiq Bankruptcy Solutions, LLC, is authorized and directed to amend the official claims register maintained in the Debtors' chapter 11 cases to reflect the Agreed Claim and the terms of the Stipulation.

5.      Except as provided in the Stipulation, nothing in this Order shall affect the rights, duties, or obligations of any Debtor other than Luminant.

6.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: September _____, 2016
      Wilmington, Delaware                 THE HONORABLE CHRISTOPHER S. SONTCHI
                                   UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1** to **EXHIBIT A**

**Stipulation**

.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### STIPULATION REGARDING MUTUAL CONTRACT TERMINATION

Luminant Energy Company LLC ("Luminant" or the "Debtor") and Buckskin Mining Company ("Buckskin") (Buckskin and the Debtor shall be together referred to as the "Parties"), respectfully submit this stipulation (this "Stipulation").

### Recitals

A.    On April 29, 2014, the Debtor and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which have been jointly administered under case number 14-10979 (CSS) (collectively, the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.    The Debtor and Buckskin entered into a certain Transaction Confirmation dated February 10, 2014 for the sale of coal by Buckskin (C617) to Luminant (Deal Ticket No. C01569) (the "Transaction Confirmation").

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

C.     The Debtor provided security for transactions with Buckskin, including the Transaction Confirmation, in the form of a letter of credit (the <u>Letter of Credit</u>").

D.     Pursuant to the Transaction Confirmation, the Debtor has received and paid for 183,639 tons of coal, and thus remains obligated to purchase 816,361 additional tons of coal (the "<u>Remaining Tons</u>").

E.     The Parties desire to amend and terminate the Transaction Confirmation and resolve all claims arising therefrom, including relieving the Debtor of its obligation to purchase and Buckskin of its obligation to deliver the Remaining Tons, in exchange for Buckskin's draw on the Letter of Credit and the Agreed Claim defined and described herein.

## Terms and Conditions

NOW, THEREFORE, in consideration of the mutual promises and stipulations and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1.     Notwithstanding anything to the contrary herein, this Stipulation shall not be effective until the date that the Bankruptcy Court has entered an order in the Chapter 11 Cases approving the Stipulation and there is no stay regarding the enforceability of the order (such order, the "<u>Order</u>" and such date, the "<u>Effective Date</u>"). The Parties' obligations with respect to this Stipulation, except for the Debtor's obligation to seek approval of this Stipulation, are expressly subject to the occurrence of the Effective Date. The Debtor shall take reasonably necessary steps to obtain approval of this Stipulation, as soon as reasonably practicable after execution of this Stipulation by each of the Parties

2.     The Parties hereby mutually agree to amend the Transaction Confirmation to provide that the quantity the Debtor is obligated to purchase under the Transaction Confirmation

as of the date hereof shall be reduced to 183,639 tons of coal, which amount has been fully delivered to and paid for by the Debtor.

3. In exchange, Buckskin shall be entitled to draw $1 million from the Letter of Credit on the Effective Date and shall receive an allowed general unsecured claim against the Debtor in the amount of $1,979,718 (the "Agreed Claim").

4. In order to reflect entry into this Stipulation and the allowance of the Agreed Claim, upon the Effective Date Luminant shall promptly instruct the claims agent, Epiq Bankruptcy Solutions LLC, to update the claims register accordingly.

5. The Parties hereto acknowledge and agree that Buckskin does not need to take any further action to seek to allow the Agreed Claim in the Chapter 11 Cases. Subject to Bankruptcy Court approval of this Stipulation and the occurrence of the Effective Date, the Debtors and/or the Bankruptcy Court-appointed claims agent may amend the claims register to reflect that the Agreed Claim is to be allowed solely against the Debtor and its estate in the amount and priority stipulated herein.

6. Except with respect to the Agreed Claim, which shall be allowed as provided in paragraph 3 of this Stipulation, and any of Debtors' obligations herein, for good and valuable consideration, the sufficiency of which is hereby acknowledged, upon the Effective Date, Buckskin agrees, to the maximum extent allowed by applicable law, to release, waive, and discharge the Debtors, their respective affiliates, parents, subsidiaries, members, partners, principals, shareholders, officers, directors, managers, employees, representatives, agents, financial advisors, attorneys, accountants, investment bankers, consultants, and other professionals, and any person or entity seeking to exercise the rights of the Debtors' estates, including any successors to the Debtors or any estate representative appointed or selected

pursuant to section 1123(b)(3) of the Bankruptcy Code and the Debtors' property (each, a "Debtor Released Party"), from any and all claims, interests, obligations, debts, rights, suits, damages, demands, causes of action, remedies, and liabilities, before or after the Petition Date whatsoever, including any derivative claims, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing or hereafter arising, in law, at equity or otherwise, any damages or administrative expenses before or after the Petition Date, including under sections 503(b)(1)(A) and (b)(9), whether for tort, contract, violations of federal or state securities laws, or otherwise, against any Debtor Released Party arising under or related to the Transaction Confirmation, any transactions entered thereunder (other than the Agreed Claim), or the negotiation, execution, performance or any breaches of any of the foregoing; *provided, however,* that nothing herein shall be deemed to release any claim of Buckskin judicially determined to have arisen from fraud, bad faith, or willful misconduct.

7. For good and valuable consideration, the sufficiency of which is hereby acknowledged, upon the Effective Date, the Debtors (on behalf of themselves and any other party, person or entity claiming under or through them and including any successor to any of them) agree, to the maximum extent allowed by applicable law, to release, waive, and discharge Buckskin, its respective affiliates, parents, subsidiaries, members, partners, principals, shareholders, officers, directors, managers, employees, representatives, agents, financial advisors, attorneys, accountants, investment bankers, consultants, and other professionals, and any person or entity seeking to exercise the rights of Buckskin's estates, including any successors to Buckskin or any estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code and Buckskin's property (each, a "Buckskin Released Party"), from any and all claims, interests, obligations, debts, rights, suits, damages, demands,

causes of action, remedies, and liabilities, before or after the Petition Date whatsoever, including any derivative claims, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing or hereafter arising, in law, at equity or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, against any Buckskin Released Party arising under or related to the Transaction Confirmation, any transactions entered thereunder, or the negotiation, execution, performance or any breaches of any of the foregoing; *provided, however*, that nothing herein shall be deemed to release any claim of the Debtors judicially determined to have arisen from fraud, bad faith, or willful misconduct.

8. The provisions of this Stipulation shall be binding on the Parties and their successors and assigns and shall inure to the benefit of the Parties and their successors and assigns.

9. This Stipulation constitutes the entire agreement and understanding between the Parties with respect to the subject matter hereof, and there are no representations, understandings, or agreements relative hereto which are not fully expressed herein. This Stipulation may not be modified, altered, or amended in whole or in part except by a written instrument executed by each Party.

10. This Stipulation shall be governed by and construed under the laws of the State of New York (including Section 5-1401 of the New York General Obligations Law), without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

11. The Parties consent to the exclusive jurisdiction of the Bankruptcy Court with respect to this Stipulation. The Parties hereby irrevocably waive any objection on the grounds of

venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Stipulation. In the event the Bankruptcy Court declines to accept jurisdiction over any matter related to this Stipulation, the Parties agree to then proceed in the Texas State District Court.

12. Each Party represents and warrants that in entering into this Stipulation it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. In entering into this Stipulation, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

13. This Stipulation has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Stipulation so as to give rise to any presumption of convention regarding construction of this document. All terms of this Stipulation were negotiated in good faith and at arm's-length, and this Stipulation was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Stipulation is the free and voluntary act of the Parties.

14. Nothing herein will impact upon or prejudice the rights of the Parties with respect to any other existing or future contracts or relationships other than the Transaction Confirmation.

15. It is understood and agreed by the Parties that this Stipulation represents a settlement and compromise of disputed claims and neither this Stipulation itself, any of the

payments or covenants described herein, nor anything else connected with this Stipulation is to be construed as an admission of fault or liability.

16. Each of the Parties agrees that it will not file or pursue any action based on any legal theory against each other with respect to violations or claimed violations of tariffs or other unlawful or allegedly unlawful conduct resulting from compliance with the terms and conditions of the Transaction Confirmation, this Stipulation, or the Bankruptcy Code.

17. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All signatures of the Parties to this Stipulation may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

18. If any provision of this Stipulation is determined to be prohibited or unenforceable by reason of any applicable law of a jurisdiction, then such provision shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions thereof, and any such prohibition or unenforceability in such jurisdiction shall not invalidate or render unenforceable such provisions in any other jurisdiction.

19. The Parties represent, warrant, and covenant that each document, notice, instruction, or request provided by each respective Party shall comply with applicable laws and regulations. Where, however, the conflicting provisions of any such applicable law may be waived, they are hereby irrevocably waived by the parties hereto to the fullest extent permitted by law, to the end that this Stipulation shall be enforced as written.

20. Except as provided in paragraphs 6 and 7 hereof, nothing in this Stipulation, whether express or implied, shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest or claim under or in respect of this Stipulation

21. This Stipulation shall not be modified, altered, amended or vacated without written consent of the Parties. Any such modification, alteration, amendment or vacation, in whole or in part, shall be subject to the approval of the Bankruptcy Court.

22. Nothing in this Stipulation or the relief sought herein shall constitute or be deemed an assumption or rejection of an executory contract or unexpired lease under section 365 of the Bankruptcy Code.

23. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to the Stipulation. Any motion or application brought before this Bankruptcy Court to resolve a dispute arising from or related to the Stipulation shall be brought on proper notice and in accordance with relevant Federal Rules of Bankruptcy Procedure and local rules of this Bankruptcy Court.

Dated: July 29 , 2016

**LUMINANT ENERGY COMPANY LLC., on behalf of itself and the other Debtors**

**BUCKSKIN MINING COMPANY**

By: _____

Name: Terry L. Nutt
Title: Senior Vice President

By: _____

Name: Michael W. Nimmo
Title: Sr. Vice President