**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: Sept. 26, 2016 at 10:00 a.m.** |
| | ) **Obj. Deadline: Sept. 16, 2016 at 4:00 p.m.** |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING**
**ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC**
**AND EFIH FINANCE, INC. TO FILE UNDER SEAL CERTAIN PORTIONS**
**OF THE FIRST AMENDMENT TO THE EFIH DEBTOR-IN-POSSESSION CREDIT**
**AGREEMENT AND RELATED ENGAGEMENT LETTER RELATING TO FEES**

Energy Future Intermediate Holding Company LLC ("EFIH") and EFIH Finance Inc.

(together with EFIH, the "Borrower" or the "EFIH Debtors," and together with the other

above-captioned debtors and debtors in possession, the "Debtors"), as debtors and debtors in

possession,[2] file this motion (this "Motion")[3] for entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "Order"), (a) authorizing the EFIH Debtors to file under seal

certain fees (the "Fees") in connection with the proposed first amendment to that certain Senior

Secured Superpriority Debtor-in-Possession Credit Agreement (the "Amendment") and related

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2]    For the avoidance of doubt, only the EFIH Debtors are seeking authority herein.

[3]    Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the EFIH DIP Amendment Motion (as defined herein), as applicable.

engagement letter (the "Engagement Letter"), and (b) directing that this information remain under seal, confidential, and not be made available to anyone without the consent of the EFIH Debtors and Deutsche Bank Securities Inc. (the "Lead Arranger"), except to (i) the Court, (ii) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") on a confidential basis, and (iii) the advisors to the EFH Creditors' Committee (as defined below) on a confidential and "professionals' eyes only" basis.  In support of this Motion, the EFIH Debtors respectfully state as follows.

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested in this Motion are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 9018-1.

2

**Relief Requested**

4.     By this Motion, the Debtors seek entry of the Order (a) authorizing the EFIH Debtors to file under seal unredacted portions of the Amendment and Engagement Letter relating to the payable Fees; and (b) directing that these certain portions remain under seal and confidential and not be made available to anyone without the consent of the EFIH Debtors and the Lead Arranger except to (i) the Court, the (ii) the U.S. Trustee on a confidential basis, and (iii) the advisors to the EFH Creditors' Committee (as defined below) on a confidential and "professionals' eyes only" basis.

**Background**

5.     On April 29, 2014, each of the EFIH Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The EFIH Debtors are operating their businesses and managing their properties as EFIH Debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The U.S. Trustee formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420], and an official committee of unsecured creditors of EFIH, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570].  Further information regarding the EFIH Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the EFIH Debtors' first day motions [D.I. 98].

6.      Pursuant to the *Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance, Inc. for Entry of an Order (A) Authorizing the EFIH Debtors to Enter into a First Amendment to the EFIH Debtor-in-Possession Credit Agreement, (B) Authorizing Entry into an Engagement Letter, (C) Authorizing Payment of Related Fees and Expenses, (D) Authorizing the Use of Cash Collateral, and (E) Modifying the Automatic Stay* (the "EFIH DIP Amendment Motion"), the EFIH Debtors seek approval of, among other things, entry into the Amendment and Engagement Letter, including the fees and other provisions contained therein.  The Court should allow the EFIH Debtors to file under seal information relating to Fees because the public dissemination of this information could jeopardize the EFIH Debtors' ability to obtain an amendment of postpetition financing at a desirable rate, as confidentiality is required by the Lead Arranger.  Moreover, disclosure could harm the Lead Arranger's businesses, impairing their ability to syndicate the EFIH DIP Facility in the future.  It is essential that the Lead Arranger's highly sophisticated and proprietary methodology for calculating the various fees remain confidential.  Because of the sensitivity of these materials, the EFIH Debtors have agreed to keep the specific information relating to the Fees confidential, and ask that the Court authorize them to file these materials under seal for that same reason.

### The Aggregate Fees Associated with the DIP Facility

7.      The aggregate fees payable in connection with the Amendment and Engagement Letter is estimated to fall within a possible range of approximately $16.575 million to $27.375 million, depending on lender participation.

### Basis For Relief

8.      The Bankruptcy Code provides strong support for sealing information relating to the Fees.  Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the EFIH

4

Debtors to file portions of the Amendment and Engagement Letter under seal by permitting the issuance of orders that protect entities from potential harm that may result from the disclosure of certain confidential information.  11 U.S.C. § 107(b).  Specifically, section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1)    protect an entity with respect to a trade secret or confidential research, development, or commercial information.

*Id.*

9.    Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

10.    Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."  Fed. R. Bankr. P. 9018.  Further, Local Bankruptcy Rule 9018-1(b) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect."  Del. Bankr. L.R. 9018-1(b).

11.    If the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to protect a requesting party and has no discretion to deny the application."  *Orion Pictures*, 21 F.3d at 27 (emphasis in original).  Moreover, the resulting order should be broad (*i.e.*, "any order which justice requires").  *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018.  "Courts have supervisory

5

powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. at 724.

12. Courts have also found that such relief should be granted if the information sought to be protected is "commercial information," which is defined as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006); *see Global Crossing*, 295 B.R. at 725 (finding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Commercial information does not have to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 27-28 (finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature). Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See*, *e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24 (2d Cir. 1994) (holding that a license

6

agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information).

13.     Here, the information relating to the payable Fees found in the Amendment and Engagement Letter is commercially sensitive, thus satisfying one of the categories enumerated in section 107(b) of the Bankruptcy Code for sealing documents.  Disclosing the Fees would put great pressure on the ability of the Lead Arranger to market and syndicate the Amendment effectively to the marketplace.  Indeed, such disclosure could increase the aggregate cost of the EFIH DIP Facility to the EFIH Debtors' estates.  For that reason alone, the EFIH Debtors should be permitted to file the Fees found in the Amendment and Engagement Letter under seal.

14.     Moreover, the Fees are calculated from closely-guarded proprietary and commercial information that is highly sensitive to the Lead Arranger and the EFIH Debtors.  As such, disclosure of the Arrangement Fee would cause substantial harm to the Lead Arranger and the EFIH Debtors and create an unfair advantage for competitors.

15.     Indeed, detailed proprietary information describing fees to be paid in connection with amending a debtor in possession facility, is customarily considered by the Lead Arranger, in particular, as well as the finance lending industry, in general, to be highly-sensitive, confidential information not typically disclosed to the public.  Given the highly competitive nature of the investment banking and lending industries, it is of the utmost importance that the details of the Fees and related structures set forth in the Amendment and Engagement Letter be kept confidential so that competitors cannot use the information contained therein to gain a strategic advantage in the marketplace.

16.     Courts in this district have consistently authorized the filing of similar confidential financing documents under seal in other chapter 11 cases, and this Court has granted

similar relief in these cases.  *See*, *e.g.*, *In re Energy Future Holdings*, No. 14-10979 (CSS) (Bankr. D. Del. May 1, 2014) (authorizing debtors to file under seal DIP financing fee letter); *In re Exide Techs.*, No. 13-11482 (KJC) (Bankr. D. Del. June 11, 2013) (authorizing debtors to file under seal DIP financing fee letter); *In re Rotech Healthcare Inc.*, No. 13-10741 (PJW) (Bankr. D. Del. July 29, 2013) (authorizing debtors to file exit financing fee letters under seal); *In re CHL Ltd.*, No. 12-12437 (KJC) (Bankr. D. Del. Aug. 31, 2012) (authorizing debtors to file under seal fee letter relating to DIP credit agreement and postpetition financing facility); *In re NewPage Corp.*, No. 11-12804 (KG) (Bankr. D. Del. Sept. 8, 2011) (authorizing debtors to file under seal fee letter related to DIP financing); *In re Tribune Co.*, No. 08-13141 (KJC), (Bankr. D. Del. Dec. 10, 2008) (authorizing the filing under seal of fee letters containing confidential information); *In re WCI Communities, Inc.*, No. 08-11643 (KJC) (Bankr. D. Del. Sept. 23, 2008) (authorizing the filing under seal of a fee letter executed in connection with a proposed DIP credit facility).[4]

17.    The EFIH Debtors therefore submit that good cause exists to authorize the EFIH Debtors to file the information relating to the Fees, payable pursuant to the Amendment and Engagement Letter, under seal because of the harm that would ensue if the sensitive and confidential commercial information became public information.

### Notice

18.    The Debtors shall provide notice of this Motion on the date hereof via first class mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor

---

[4]    Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion.  Copies of these orders are available upon request of the Debtors' counsel.

agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for

9

the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

19.      No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the EFIH Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

RLF1 15116123v.1

Wilmington, Delaware
Dated:  September 2, 2016

*/s/  Joseph C. Barsalona II*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
Joseph C. Barsalona II (No. 6102)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:       (302) 651-7701
Email:             collins@rlf.com
                       defranceschi@rlf.com
                       madron@rlf.com
                       barsalona@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
Email:             edward.sassower@kirkland.com
                       stephen.hessler@kirkland.com
                       brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200
Email:             james.sprayregen@kirkland.com
                       marc.kieselstein@kirkland.com
                       chad.husnick@kirkland.com
                       steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession