# EXHIBIT E

# Kazan, McClain, Satterley & Greenwood ᔆᴹ

## A Professional Law Corporation

Steven Kazan
David M. McClain
Joseph D. Satterley
Gordon D. Greenwood
Philip A. Harley (1947-2009)
Denise Abrams
Justin Bosl

Jack London Market • 55 Harrison Street, Suite 400 • Oakland, CA 94607
(510) 302-1000 • FAX: (510) 835-4913 • www.kazanlaw.com

Of Counsel
Frances C. Schreiberg
Ted W. Pelletier

Andrea Huston
Petra DeJesus
Ian A. Rivamonte
Matthew L. Thiel
Michael T. Stewart
William F. Ruiz
Autumn A. Mesa
Mark A. Swanson
Joseph Nicholson
Ryan Harris
Carole M. Bosch
Dawn Withers
Irena Kin
Stephanie Wargo-Wilson

August 19, 2015

Richard Schepacarter
Office of the United States Trustee
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801

Re:  ***In re: Energy Future Holdings Corp., et al.***
     **U.S. Bankruptcy Court, District of Delaware Case No. 14-10979(CSS)**

Dear Rich:

I am sorry we did not get a chance to talk after the hearing on August 11. I am sure you enjoyed watching me go down in flames, and I assure you you'll have ample opportunity to watch that again as this case progresses.

I write now to call your office's attention to what we perceive to be a very serious problem in this case. As you know, the T-side Creditors Committee, through its counsel, has asserted the absence of any asbestos problems on its side. However, that Committee is composed entirely of fiscal interests with no one at all having any knowledge about or particular sensitivity to the concerns of the T-side impaired asbestos creditors. Furthermore, as articulated by me in court and completely ignored by T-side Committee counsel, that Committee's local counsel, the Polsinelli firm, has a nationwide practice involving the defense of asbestos companies in active civil litigation. Putting aside the inherent conflict that the E-side Committee has brought to the court's attention arising from the tensions between present and future claimants, which the T-side Committee shares but ignores, it is hard to understand how an asbestos defense firm can appropriately act in this bankruptcy as counsel to asbestos victims in the face of its unwaivable conflict.

On the E-side, the Committee to which you appointed clients of mine and Mr. Early's is by definition one that deals only with creditors of EFH, EFIH, and EECI.

Judge Sontchi was very clear during the hearing about his views on the representation of unmanifested asbestos claimants. He observed, at page 115, lines 6-12:

> As such, the unmanifested asbestos claimants have a representative
> as do all unsecured creditors in the case and those representatives
> are the two committees, both the T-side and the E-side committee.
> Although, obviously, those committees' fiduciary duties are

Richard Schepacarter
August 19, 2015
Page 2

> limited to the unsecured creditors of the debtors identified for
> which they serve as the representative. [Emphasis added.]

This limited representation presents a problem since 90% of the "asbestos assets" are not accounted for. EECI has one asset – an $83.7 million account receivable owed it by LSGT Gas, another debtor.[1] EEC Holding, the parent of EECI,[2] has as its only asset a $402 million account payable due from LSGT Gas.[3] LSGT Gas' only significant asset is a $560 million account receivable due it from EFH Corporation.[4] However, LSGT Gas also owes another $502 million to LSGT SACROC[5] which is in turn a wholly owned subsidiary of LSGT Gas.[6] The LSGT companies and EEC Holding are not represented creditors in these proceedings, yet that is where the overwhelming bulk of asbestos money is tied up. Furthermore, none of these are operating companies, and are apparently all being controlled from above.[7]

I write now to respectfully request that the U.S. Trustee consider appointing a new committee to act on behalf of asbestos victims on both the T-side and the E-side, embracing not only EECI but also EEC Holding, LSGT Gas, and LSGT SACROC. There are unique asbestos issues in this case involving insurance coverage, which appears to exist but has been kept secret, available to protect asbestos victims certainly on the E-side and very likely on the T-side as well, as well as the assets listed on what appear to be well cooked books. This seems the best way to deal with the "missing debtors," and we suggest something must be done.

Furthermore, given Judge Sontchi's ruling that unmanifested claimants with potential future claims are current claimants as are those with manifested disease, an asbestos-only committee could under the circumstances reasonably act for all asbestos victims subject to this

---

[1] EECI SOAL, Docket #1269, p. 13.

[2] EECH SOAL, Docket #1250, p. 17.

[3] *ibid*, p. 13.

[4] LSGT Gas SOAL, Docket #1272, p. 18.

[5] *ibid*, p. 26.

[6] Docket #1272, p. 17.

[7] And these companies' books are highly suspect. None value general or product liability insurance policies. Even worse, LSGT Gas lists three wholly owned subsidiaries, EECH, LSGT SACROC, and Humphreys & Glasgow, Ltd. (Docket #1272, p. 17) which owes it $3 million (*ibid*, p. 18), but even a cursory Google search leads to www.Jacobs.com where typing "Humphreys" in the search box leads to a press release saying: "... in 1993 with the purchase of Humphreys & Glasgow", suggesting it has been sold!

1400754.1

Richard Schepacarter
August 19, 2015
Page 3

case[8] and could focus its efforts on asbestos-related issues. Should the U.S. Trustee decide to proceed along these lines, the clients currently represented on the E-side Committee by Mr. Early and my office could be "repurposed" to be members of that Committee. As I have already pointed out, Mrs. Fenicle is not only a manifested claimant by virtue of the claim for her husband's wrongful death, but also an unmanifested claimant because of her "take home" exposure from his Ebasco work. We would certainly not see any need to duplicate efforts on the banking, financial, and fiscal analysis sides, and would be perfectly happy to continue working with the consultants currently advising the E-side Committee, with appropriate mutual consents, and at likely trivial additional expense to the estate.

   If you have any questions or wish to discuss these matters further, I am available at your convenience.

        Very truly yours,

        Steven Kazan

SK:tr

---

  [8] See 8.11.TR 115:1-3, those with future asbestos exposure are not affected at all by this case.

1400754.1