## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket No. 9200** |
| | **Hearing Date:  September 19, 2016 at 10:00 a.m.**<br>**Objections Due:  September 7, 2016 at 4:00 p.m.** |

### OBJECTION OF SHIRLEY FENICLE, WILLIAM FAHY, AND JOHN H. JONES TO THE DISCLOSURE STATEMENT FOR THE THIRD AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE AS IT APPLIES TO THE EFH DEBTORS AND EFIH DEBTORS

Shirley Fenicle, individually and as successor-in-interest to the Estate of George Fenicle, David William Fahy, and John H. Jones ("**Asbestos Objectors**") by and through their undersigned counsel, hereby submit this Objection ("**Objection**") to the *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of The Bankruptcy Code as It Applies to the EFH Debtors and EFIH Debtors*, dated August 5, 2016 (as may be further amended, the "E-Side Disclosure Statement"), D.I. 9200. [1]  In support of this Objection, Objectors respectfully state as follows:

### PRELIMINARY STATEMENT

The E-Side Disclosure Statement lacks adequate information as required by 11 U.S.C. § 1125(b). Section 1125(a) of the Bankruptcy Code defines "adequate information," in relevant part, as "information of a kind, and in sufficient detail" as "would enable a hypothetical

---

[1]      Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Disclosure Statement.

reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan[.]" 11 U.S.C. § 1125(a).

The *Third Am. Joint Plan of Reorganization of Energy Future Holdings, et al., Pursuant to Chapter 11 of the Bankruptcy Code*, D.I. 9199-1 (the "**Third Amended Plan**" or the "**Plan**") is not confirmable. As the Asbestos Objectors will demonstrate at the appropriate time, the proposed E-Side Plan is not confirmable (and, indeed, is not confirmable on its face) because, *inter alia*, it would violate the due process rights of holders of unmanifested asbestos claims by discharging their claims without notice and without any safeguards of their rights.

## BACKGROUND

The Asbestos Objectors have asbestos-related personal injury and wrongful death claims against the EFH Debtors. Ms. Fenicle is the successor-in-interest to the estate of George Fenicle, a mesothelioma victim, and was exposed to asbestos brought home by her husband on his clothing. Mr. Fahy is a mesothelioma claimant. Ms. Fenicle and Mr. Fahy filed proofs of claim, and are members of the E-Side official creditors' committee, which was appointed to represent the interests of unsecured creditors of certain Debtors, including EECI, Inc.[2] *See Notice of Appointment of Committee of Unsecured Creditors*, D.I. 2570. Mr. Jones was exposed to asbestos while working at the Hanford Nuclear Plant in Washington State, which is on the EECI site list filed in these bankruptcy cases. *See Notice of Intent to Participate in Disclosure Statement Proceedings and Confirmation Proceedings for New Plan* ¶ 3, Aug. 1, 2016, D.I. 9165 ("**Jones Notice of Intent**"). Mr. Jones was diagnosed with metastatic malignant mesothelioma

---

[2]     The E-Side Committee is composed of creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. *See In re Energy Future Holdings Corp.* ("**EFH**"), 522 B.R. 520, 524 n.7 (Bankr. D. Del. 2015). No separate committee was appointed to represent the interests of creditors with claims against EEC Holdings, Inc., LSGT Gas Company LLC, and LSGT SACROC, Inc. (together with EECI, Inc., the "**Asbestos Debtors**").

on December 14, 2015.  *See* Jones Notice of Intent ¶ 3.  Mr. Jones did not file a proof of claim. *Id.*

The Debtors filed the *Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, D.I. 7187 (the "**Sixth Amended Plan**"), on December 1, 2015.  Under the Sixth Amended Plan, asbestos-related personal injury and wrongful death claims for which timely proofs of claim were filed were reinstated, but the Sixth Amended Plan purported to discharge all other such claims for which proofs of claim had not been filed.  Thus, it would discharge the claims of persons who were exposed to the Debtors' asbestos prepetition, but whose illnesses had not yet been diagnosed ("**Unmanifested Asbestos Claimants**"), even though such claims had not accrued under applicable state law ("**Unmanifested Asbestos Claims**").

The Court confirmed the Sixth Amended Plan, and overruled "on the merits" objections raised by Ms. Fenicle and Mr. Fahy that the discharge of Unmanifested Claims would violate the due process rights of Unmanifested Claimants.  *See Order Confirming the Sixth Am. Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* ¶ 8, at 10, Dec. 7, 2015, D.I. 7244, *amended* Dec. 9, 2015, D.I. 7285 (as amended, the "**Confirmation Order**").

Ms. Fenicle and Mr. Fahy appealed the Confirmation Order to the United States District Court for the District of Delaware (the "**Appeal**").  *See Notice of Appeal*, *Fenicle v. Energy Future Holdings Corp.*, No. 15-1183 (D. Del. Dec. 21, 2015), D.I. 1; *see also* Br. of Appellants Shirley Fenicle and David William Fahy, *Fenicle*, No. 15-1183 (D. Del. Mar. 21, 2016), D.I. 26,

(the "**Opening Br. on Appeal**").  The Appeal, and the Debtors' motion to dismiss the Appeal,[3] are pending before the District Court.[4]

The Sixth Amended Plan was not consummated, and the Debtors filed a revised plan on May 1, 2016, which was subsequently amended on May 10 and June 16, 2016.  *See Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code, May 1, 2016*, D.I. 8355; *Am. Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, May 10, 2016, D.I. 8421; *Second Am. Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, June 16, 2016, D.I. 8745.

On August 3, 2016, the Debtors filed the *Motion of the EFH/EFIH Debtors for Order (A) Authorizing Entry Into Merger Agreement, (B) Approving Termination Fee and (C) Authorizing Entry Into Performance Under Plan Support*, D.I. 9190, seeking this Court's (1) authority to enter into the Merger Agreement with NextEra,[5] (2) approval of the Termination Fee provided for in the Merger Agreement, and (3) authority to enter into and perform under the Plan Support

---

[3]     On May 4, 2016, the Debtors moved to dismiss the Appeal as moot.  *See* Appellees' Mot. to Dismiss Fenicle and Fahy Appeal, *Fenicle*, No. 15-1183 (D. Del. May 4, 2016), D.I. 38.  Ms. Fenicle and Mr. Fahy opposed that motion, and have demonstrated, *inter alia*, that the appeal is not moot because the Debtors' New Plan contains identical discharge provisions to those at issue in the Appeal.  *See* Resp. of Appellants Fenicle and Fahy to Appellees' Mot. to Dismiss Fenicle and Fahy Appeal, *Fenicle*, No. 15-1183 (D. Del. May 23, 2016), D.I. 47; *see also* Decl. of Leslie M. Kelleher in Support of Mot. for Leave to File Sur-Reply in Opp'n to Appellees' Mot. to Dismiss Fenicle and Fahy Appeal at Ex. A, *Fenicle*, No. 15-1183 (D. Del. June 8, 2016), D.I. 54.

[4]     Also pending before the District Court is a motion to join as an appellant Mr. Jones, an Unmanifested Claimant who was exposed the Debtors' asbestos prepetition, and was diagnosed with mesothelioma post-petition.  *See* Mot. for Joinder of Putative Appellant John H. Jones, *Fenicle*, No. 15-1183 (D. Del. July 15, 2016), D.I. 59.

[5]     As set out in the Motion, the Merger Agreement "contemplates a merger of EFH Corp. with and into the Merger Subsidiary whereby EFH Corp. will become a wholly-owned subsidiary of NextEra with an approximately $18.3 billion implied Oncor total enterprise value." Motion ¶ 25, at 10.

Agreement with NextEra.  On August 5, 2016, the Debtors filed the Third Amended Joint Plan.

See *Third Am. Joint Plan of Reorganization of Energy Future Holdings, et al., Pursuant to*

*Chapter 11 of the Bankruptcy Code*, D.I. 9199-1 (as amended, the "**Third Amended Plan**" or

the "**Plan**");[6] *see also* Merger Agreement Ex. A, at 120, D.I. 9190-2.  The Third Amended Plan

was "developed by" EFH and NextEra (Plan Support Agreement at 404, D.I. 9190-2), and, like

the now-defunct previous plan, it would discharge Unmanifested Claims for which proofs of

claim were not timely filed.  Plan, Art. VII(f). On August 5, 2016, the Debtors filed the

*Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future*

*Holdings Corp., et al., Pursuant to Chapter 11 of The Bankruptcy Code as It Applies to the EFH*

*Debtors and EFIH Debtors,* D.I. 9200.

This Court ordered bifurcated confirmation proceedings for the New Plan with regard to

the TCEH Debtors (the "**T-Side Plan**") and with regard to the E-Side Debtors (the "**E-Side**

**Plan**").[7]  The Court has ordered that hearings on the E-Side Disclosure Statement will

commence on September 19, 2016 and the confirmation hearings for the E-Side Plan will

commence on December 1, 2016.  *See Order Scheduling Certain Hearing Dates and Deadlines*

---

[6]     On August 23, 2016, the Debtors filed amendments to the Third Amended Plan.  *See* Third Am. Joint Plan of Reorganization of Energy Future Holdings Corp., *et al*., Pursuant to Chapter 11 of the Bankruptcy Code, Aug. 23, 2016, D.I. 9374; Redline of Third Am. Joint Plan of Reorganization of Energy Future Holdings Corp., *et al*., Pursuant to Chapter 11 of the Bankruptcy Code, Aug. 23, 2016, D.I. 9375.

[7]     *See* Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement, May 24, 2016, D.I. 8514; Supplement to Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement, July 11, 2016, D.I. 8883; Second Supplement to Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement, July 21, 2016, D.I. 8972 (as supplemented and amended, the "**Scheduling Order**").

*and Establishing Certain Protocols in Connection with Confirmation of the Debtors' Joint Plan*

*of Reorganization as it relates to the EFH/EFIH Debtors*, Aug. 24, 2016, D.I. 9381.

<u>**ARGUMENT**</u>

**I.    THE E-SIDE DISCLOSURE STATEMENT DOES NOT PROVIDE ADEQUATE INFORMATION**

The E-Side Disclosure Statement lacks adequate information as required by 11 U.S.C. § 1125(b). Section 1125(a) of the Bankruptcy Code defines "adequate information," in relevant part, as "information of a kind, and in sufficient detail" as "would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan[.]" 11 U.S.C. § 1125(a).

"Because creditors and the bankruptcy court rely heavily on the debtor's disclosure statement in determining whether to approve a proposed reorganization plan, the importance of full and honest disclosure cannot be overstated." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996); see also *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.3d 414, 417 (3d Cir. 1988) (declaring that the importance of such disclosure is "underlaid by the reliance placed upon the disclosure statement by the creditors and the court").

What constitutes adequate information varies from case to case. See *Oneida Motor Freight, Inc.,* 848 F.3d at 417 ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."). Courts in the Third Circuit refuse to approve disclosure statements that lack information a "reasonable hypothetical investor" would require to make an informed decision about a proposed plan. See, e.g., *Ryan Operations G.P.*, 81 F.3d at 362; Oneida Motor Freight, 848 F.2d at 447-48.

**A.    The Disclosure Statement Lacks Adequate Information Regarding the Class A3 EFH Legacy General Unsecured Claims Against the EFH Debtors.**

The Disclosure Statement does not provide any information regarding the distribution that holders of Class A3 Claim would receive under the New Plan.

**B.    The Disclosure Statement Lacks Adequate Information Regarding the ClassA13 EFH Debtor Intercompany Claims.**

The Disclosure Statement does not provide any information regarding the distribution that holders of Class A13 Claims would receive under the New Plan.

**C.    The Disclosure Statement Lacks Adequate Information Regarding the ClassA14 Non-EFH Debtor Intercompany Claims.**

The Disclosure Statement does not provide any information regarding the distribution that holders of Class A14 Claims would receive under the New Plan.

**II.    THE DISCLOSURE STATEMENT CANNOT BE APPROVED BECAUSE THE PLAN IS PATENTLY UNCONFIRMABLE.**

When the objectionable provisions of a proposed plan render the plan unconfirmable as a matter of law, the disclosure statement must be denied approval in order to avoid unnecessary costs and to avoid "delay[ing] any possibility of a successful reorganization." *In re R & G Props., Inc.*, 2009 WL 2043873, at *3 (Bankr. D. Vt. July 6, 2009) (internal citations omitted). "The court will not approve a disclosure statement where it describes a fatally flawed plan, incapable of confirmation * * *.  To do so would be an exercise in futility." *In re Robert's Plumbing & Heating, LLC*, 2011 WL 2972092, at *2 (Bankr. D. Md. July 20, 2011) (citation omitted); *see also In re E. Maine Elec. Coop., Inc.*, 125 B.R. 329, 333 (Bankr. D. Me. 1991) (citation omitted) ("If the disclosure statement describes a plan that is so 'fatally flawed' that confirmation is 'impossible,' the court should exercise its discretion to refuse to consider the adequacy of disclosures.").  .  Thus, it is "standard Chapter 11 practice that when an objection raises substantive plan issues that are normally addressed at confirmation, it is proper to consider

and rule upon such issues prior to confirmation, where the proposed plan is arguably unconfirmable on its face." *In re Felicity Assocs., Inc.*, 197 B.R. 12, 14 (Bankr. D.R.I. 1996) (internal quotations omitted). *See also In re Forest Grove, LLC*, 448 B.R. 729, 736 (Bankr. D.S.C. 2011) ("[A] court may deny approval of a disclosure statement, even if it is not by itself deficient, if a debtor's plan has no hope of being confirmed.").[8]

The Plan here is patently unconfirmable. As the Asbestos Objectors have shown elsewhere, under the circumstances of these cases, discharging Unmanifested Asbestos Claims for which no proof of claim was filed would violate the due process rights of the holders of those claims. *See* Opening Br. on Appeal.[9]  It is not possible to give constitutionally adequate notice to holders of Unmanifested Asbestos Claims, just as it is not possible to give constitutionally adequate notice to persons who are incompetent. *See Covey v. Town of Somers*, 351 U.S. 141 (1956) (notice to a person known to be an incompetent and who is without the protection of a guardian does not satisfy due process, as the incompetent person cannot understand the notice and its implications).  Just as incompetent persons cannot understand the nature and implications of a notice of proceedings that will affect their interests, holders of unmanifested claims cannot appreciate the implications of such notice. *See Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 628 (1997) ("Even if they fully appreciate the significance of class notice, those [exposed to

---

[8]    *See also In re Pecht*, 57 B.R. 137, 139 (Bankr. E.D. Va. 1986) ("If the Court can determine from a reading of the plan that it does not comply with § 1129 of the Bankruptcy Code, then it is incumbent upon the Court to decline approval of the disclosure statement and prevent diminution of the estate."); 7 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 1125.03[4] at 1125-23 (16th ed. 2009) ("[M]ost courts will not approve a disclosure statement if the underlying plan is clearly unconfirmable on its face.").

[9]    In addition, the E-Side Plan cannot be confirmed because it would cause the EFH Debtors to transfer assets to the TCEH Debtors without compensation, in violation of their fiduciary duties to their creditors, and thus does not comply with 11 U.S.C. § 1129(a)(1) and (3). Asbestos Objectors reserve the right to raise these and any other objections to the E-Side Plan at the appropriate time.

asbestos] without current afflictions may not have the information or foresight needed to decide, intelligently, whether to stay in or opt out."). By definition, such claimants cannot identify themselves, and cannot be identified; they are "unselfconscious and amorphous." *Id*. *See generally* Opening Br. on Appeal, pt. I.

Thus, before such claims may be discharged without notice—as notice cannot be provided—the court must determine whether the Plan provides adequate safeguards of the Unmanifested Claimants' rights. *See, e.g.*, *Connecticut v. Doehr*, 501 U.S. 1, 10 (1991) (court must consider (1) the private interest that will be affected; (2) the risk of erroneous deprivation of the claimants' rights, and the probable value of additional safeguards; and (3) the interest of the party seeking the remedy, with due regard for any ancillary interest of the government in providing the procedure or forgoing the added burden of providing greater protection). The Asbestos Objectors contend that it is clear that adequate safeguards have not been provided, and that the discharge of claims under the circumstances of these cases would not satisfy due process. *See* Opening Br. on Appeal, pt. II. Thus, under the circumstances of these cases, the Debtors cannot discharge Unmanifested Asbestos Claims.

The Asbestos Objectors recognize that, in its order confirming the now-defunct previous plan, this Court rejected the due process objections to the discharge of Unmanifested Claims. The Asbestos Objectors nonetheless make these objections in order to preserve their rights, as the issues is now on appeal before the District Court.

## CONCLUSION

For the reasons set forth above, the Asbestos Objectors respectfully submit that this Court should enter an order (a) denying approval of the Disclosure Statement because it does not provide adequate information and because the Plan is not confirmable on its face, and (b) granting such further relief to the Asbestos Objectors as is appropriate.

Dated: September 7, 2016
Wilmington, Delaware     By:     */s/ Daniel K. Hogan* _____
       Daniel K. Hogan (DE Bar # 2814)
       **HOGAN♦McDANIEL**
       1311 Delaware Avenue
       Wilmington, Delaware 19806
       Telephone: (302) 656-7597
       Facsimile: (302) 656-7599
       dkhogan@dkhogan.com

*Counsel for Shirley Fenicle, individually and as successor-in-interest to the Estate of George Fenicle, David William Fahy, and John H. Jones*

-and-

Steven Kazan (CA Bar # 46855)
Kazan McClain Satterley & Greenwood
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, CA 94607
Telephone: (510) 302-1000
Facsimile: (510) 835-4913

*Counsel for Shirley Fenicle, individually and as successor-in-interest to the Estate of George Fenicle*

-and-

Ethan Early (CT Juris # 417930)
Early Lucarelli Sweeney & Meisenkothen
265 Church Street, 11th Floor
New Haven, CT 06508-1866
Telephone: (203) 777-7799
Facsimile: (203) 785-1671

*Counsel for David William Fahy*

-and-

Beth Gori
Gori Julian & Associates, P.C.
156 North Main Street
Edwardsville, IL 62025
Telephone: (618) 659-9833
Facsimile: (618) 659-9834

*Counsel for John H. Jones*