**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) Re: D.I. 9200, 9201<br>) <u>Hearing Date</u>:  September 19, 2016 at 10:00 a.m. (ET)<br>) <u>Objection Deadline</u>:  September 7, 2016 at 4:00 p.m. (ET) |

**LIMITED OBJECTION OF UMB BANK, N.A., TO MOTION OF THE EFH/EFIH DEBTORS FOR ENTRY OF AN ORDER (A) SCHEDULING CERTAIN HEARING DATES AND DEADLINES AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH CONFIRMATION OF THE DEBTORS' JOINT PLAN OF REORGANIZATION AS IT RELATES TO THE EFH/EFIH DEBTORS, (B) APPROVING THE EFH/EFIH DISCLOSURE STATEMENT, (C) ESTABLISHING THE EFH/EFIH VOTING RECORD DATE, EFH/EFIH VOTING DEADLINE AND OTHER DATES, (D) APPROVING PROCEDURES FOR SOLICITING, RECEIVING, AND TABULATING VOTES ON THE PLAN AND (E) APPROVING THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS**

UMB Bank, N.A., as Indenture Trustee (the "<u>Trustee</u>") for the unsecured 11.25%/12.25% Senior Toggle Notes Due 2018 (the "<u>PIK Notes</u>") and the 9.75% Senior Notes Due 2019 (the "<u>Unexchanged Senior Notes</u>" and, together with the PIK Notes, the "<u>EFIH Unsecured Notes</u>"), by and through its undersigned counsel, files this limited objection (the "<u>Limited Objection</u>") to the *Motion of the EFH/EFIH Debtors for Entry of an Order (A) Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Debtors' Joint Plan of Reorganization as it Relates to the EFH/EFIH Debtors, (B) Approving the EFH/EFIH Disclosure Statement, (C) Establishing the EFH/EFIH Voting Record Date, EFH/EFIH Voting Deadlines, and Other Dates, (D) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan, and (E) Approving the Manner and Forms of*

*Notice and Other Related Documents* [ECF No. 9201] (the "Disclosure Statement Motion"). In support of this Limited Objection, the Trustee respectfully submits as follows:

**LIMITED OBJECTION**

1. The Trustee is supportive of the EFH/EFIH Debtors'[1] efforts to quickly proceed toward confirmation of a chapter 11 plan of reorganization and emergence from these chapter 11 proceedings. However, the EFH/EFIH Disclosure Statement does not include certain disclosures, detailed below, which are essential in order for the Trustee and its constituents (the holders of EFIH Unsecured Notes, the "EFIH Unsecured Noteholders") to fully understand and evaluate the distributions proposed under the Plan, including the anticipated recovery to the EFIH Unsecured Noteholders under the Plan, the timing and mechanics for receiving distributions under the Plan, and the factors which may impact the amount and form of consideration to be distributed to EFIH Unsecured Noteholders.[2]

2. The Trustee has highlighted for the EFH/EFIH Debtors those issues on which it believes additional disclosure is required and continues to work with the EFH/EFIH Debtors and their advisors to supplement the disclosure. Nevertheless, as negotiations remain ongoing, the Trustee files this Limited Objection to preserve its right to ask the Court to require additional disclosure should negotiations fail to resolve all open issues.

3. Bankruptcy Code section 1125 requires that a disclosure statement provide "adequate information," which is "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Disclosure Statement Motion or the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9199] (as modified, amended or supplemented from time to time) as it relates to the EFH/EFIH Debtors (the "Plan").

[2] In addition to the disclosures described in the Limited Objection, the Trustee is currently working with the EFH/EFIH Debtors on clarifying certain tax disclosures.

debtor's books and records . . . that would enable a hypothetical investor of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1); *see also Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 322 (3d Cir. 2003) ("The importance of full disclosure is underlaid by the reliance placed upon the disclosure statement by the creditors and the court.") (internal quotations omitted). In its current form, the EFH/EFIH Disclosure Statement lacks adequate information with respect to the following issues that are critical to the ability of the Trustee and the EFIH Unsecured Noteholders to make an informed judgment with respect to the Plan:[3]

    a.    <u>Recovery Projections</u>. The EFH/EFIH Disclosure Statement does not disclose projected recoveries to EFIH Unsecured Noteholders. The EFH/EFIH Disclosure Statement requires additional disclosure regarding the anticipated waterfall of proceeds under the Plan to EFH and EFIH creditors. In addition, the EFH/EFIH Disclosure Statement lacks any disclosure with respect to the anticipated ratio of cash versus equity that will be distributed to EFIH Unsecured Noteholders. Relatedly, there must be disclosure regarding whether there are any Unsecured Claims in Class B6 General Unsecured Claims Against the EFIH Debtors other than the Claims held by the EFIH Unsecured Noteholders and the amount of such Claims, if any.

    b.    <u>Timing of Distributions and Reserve Mechanics</u>.[4] The EFH/EFIH Disclosure Statement's discussion of the timing of distributions to creditors is inadequate. Article VI of the Plan states only that no distributions will be made to Holders of Allowed Claims against the EFH Debtors or the EFIH Debtors until (a) all Claims against the EFH Debtors and the EFIH Debtors have been resolved, (b) all Professional Fee Claims have been paid, (c) certain other fees and expenses have been paid, and (d) the Post-Closing Audit has been concluded. This section must be expanded, at the very least, to include language that clearly alerts creditors that, under the current provision, they will not receive *any* distribution on the Effective Date on account of their Allowed Claims, as well as disclosure regarding the anticipated timing of distributions to creditors. The EFH/EFIH Disclosure Statement should also describe in detail the remaining Claims against the EFH

---

[3] The Trustee has identified a limited number of confirmation-related issues under the Plan, some of which are related to the disclosures described below. The Trustee reserves all rights to raise additional objections related to these issues in connection with confirmation of the Plan.

[4] The Trustee believes that the proposed structure governing distributions is not appropriate; rather, initial distributions on account of Allowed Claims should be made to the holders of EFIH Unsecured Claims on the Effective Date with appropriate reserves to be set up, in consultation with the Trustee, for any disputed Claims. The Trustee reserves all rights to raise these issues in connection with Plan confirmation.

        Debtors and the EFIH Debtors, if any, that must be resolved before distributions may be made under the Plan and how long the EFH/EFIH Debtors anticipate it will take to resolve those Claims.

   c.   <u>Payment of Fees.</u>  While the Plan conditions the release of distributions on payment of Professional Fee Claims, the EFH/EFIH Disclosure Statement does not explain how those Professional Fee Claims will be allocated between the EFH Debtors and the EFIH Debtors.  Further, disclosure must be included to clarify that the Charging Lien Advance[5] is not being deducted from distributions to the EFIH Unsecured Noteholders under the Plan.

   d.   <u>Treatment of the Makewhole Claims.</u>  The EFH/EFIH Disclosure Statement lacks clarity regarding the Makewhole Claims.  The EFH/EFIH Disclosure Statement should clarify that any EFIH First Lien Note Makewhole Claims or EFIH Second Lien Note Makewhole Claims Allowed (i) before the Effective Date will be paid with Cash on hand and reduce recoveries to EFIH Unsecured Noteholders and (ii) after the Effective Date will be paid in full, in Cash, by Reorganized EFIH. Moreover, Article IX.D of the Plan provides that Makewhole Claims, other than those that are EFIH First Lien Note Claims or EFIH Second Lien Note Claims, must be disallowed by Final Order of the Bankruptcy Court as a condition to the EFH Effective Date.  The EFH/EFIH Disclosure Statement, however, includes no discussion regarding how the EFH/EFIH Debtors propose to resolve any Makewhole Claims asserted against the EFIH Debtors.

   e.   <u>EFH Plan Administrator Board</u>.[6]  The Plan provides for the establishment of the EFH Plan Administrator Board, which will be authorized to make distributions to Holders of Allowed Claims and Allowed Interests against the EFH Debtors and the EFIH Debtors.  However, the EFH/EFIH Disclosure Statement lacks any disclosure with respect to how the EFH Plan Administrator Board will be administered, whether creditors can expect to see any documents filed with respect to the governance of the EFH Plan Administrator Board, or the mechanics of how the EFH Plan Administrator Board will make distributions.[7]

   f.   <u>EFH/EFIH Distribution Account</u>.  Additional disclosure must be included in the EFH/EFIH Disclosure Statement to describe how these various escrow accounts will be managed and the mechanics and oversight for making distributions from the EFH/EFIH Distribution Account.  Further, information must be included

---

[5] On December 15, 2015, the Court authorized the EFIH Debtors to advance to the Trustee funds in an amount sufficient to cover the Charging Lien obligations of the holders of the PIK Notes (the "<u>Charging Lien Advance</u>") in connection with the settlement of certain claims held by the holders of the PIK Notes [D.I. 7353].

[6] In addition to the insufficient disclosures made in connection with the EFH Plan Administrator Board, the Trustee believes that separate EFH and EFIH Administrator Boards with separate distribution accounts should be established under the Plan and that the beneficiaries of the EFH/EFIH Distribution Accounts should have representation on such board or boards.  The Trustee reserves all rights to raise these issues in connection with Plan confirmation.

[7] To the extent any documents regarding the EFH Plan Administrator Board are filed at a later date, the Trustee reserves all rights to file an additional objection if those documents are inadequate.

    clarifying whether the EFH Plan Administrator Board will be required to report on the status of various distributions and whether the creditors will have the ability to access the EFH Plan Administrator Board or to compel distributions or challenge reserves.

  g. <u>Treatment of EFH Non-Qualified Benefit Claims</u>.  The Plan provides that Holders of EFH Non-Qualified Benefit Claims will receive their Pro Rata share of $30 million in Cash if the class of EFH Non-Qualified Benefit Claims constitutes EFH Beneficiary Claims.  The EFH/EFIH Disclosure Statement must describe how this cash distribution impacts recoveries to holders of the EFIH Unsecured Notes or other creditors.

  h. <u>Description of EFIH Unsecured Notes Claims Litigation</u>.  The Debtors' disclosures regarding the litigation over the allowable amount of claims arising under the PIK Notes[8] should be clarified to disclose that the Trustee (rather than "the holders" or the "Ad Hoc Committee of Unsecured Holders") was the defendant in the EFIH Unsecured Makewhole Adversary Proceeding and the party engaged in litigation of the Debtors' partial objection to the PIK Notes Claim.  Furthermore, the disclosures regarding the Bankruptcy Court's Memorandum Opinion of October 30, 2015 [D.I. 6782] should be supplemented to disclose that the Bankruptcy Court ruled that it has the power to award post-petition interest on the EFIH Unsecured Notes at the contract rate or such other rate as the court deems appropriate under equitable principles.

  4. Given the above-related disclosure deficiencies, the EFH/EFIH Disclosure Statement does not include sufficient disclosure with respect to several important issues which are essential to the ability of the Trustee and the EFIH Unsecured Noteholders to understand the transactions contemplated under the Plan and make an informed decision with respect to supporting the Plan.  Accordingly, the EFH/EFIH Disclosure Statement must be supplemented to address these deficiencies before Court approval can be granted.

---

[8] *See* EFH/EFIH Disclosure Statement at 79-80.

## CONCLUSION

**WHEREFORE**, for the reasons set forth in this Limited Objection, the Trustee respectfully requests that the Court (a) deny the Disclosure Statement Motion to the extent that it seeks approval of the EFH/EFIH Disclosure Statement in its present form and (b) grant such other and further relief as the Court deems appropriate under the circumstances.

Dated: September 7, 2016
Wilmington, Delaware

| | |
|---|---|
| **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Ira S. Dizengoff (admitted *pro hac vice*)<br>Abid Qureshi (admitted *pro hac vice*)<br>One Bryant Park<br>New York, NY 10036<br>Telephone:   (212) 872-1000<br>Facsimile:    (212) 872-1002<br>Email:    idizengoff@akingump.com<br>          aqureshi@akingump.com<br><br>Scott L. Alberino (admitted *pro hac vice*)<br>Joanna F. Newdeck (admitted *pro hac vice*)<br>1333 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036<br>Telephone:   (202) 887-4000<br>Facsimile:    (202) 887-4288<br>Email:        salberino@akingump.com | By: ___*Raymond H. Lemisch*___<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>Raymond H. Lemisch (No. 4204)919 Market Street, Suite 1000<br>Wilmington, DE 19801<br>Telephone: (302) 426-1189<br>Facsimile: (302) 426-9193<br>E-mail: rlemisch@klehr.com<br><br>**FOLEY & LARDNER LLP**<br>Harold L. Kaplan (admitted *pro hac vice*)<br>Mark F. Hebbeln (admitted *pro hac vice*)<br>Lars A. Peterson (admitted *pro hac vice*)<br>321 North Clark Street, Suite 2800<br>Chicago, IL 60654-5313<br>Telephone: (312) 832-4500<br>Facsimile: (312) 832-4700<br>Email: hkaplan@foley.com<br>mhebbeln@foley.com<br>lapeterson@foley.com<br><br>Barry G. Felder (admitted *pro hac vice*)<br>Jonathan H. Friedman (admitted *pro hac vice*)<br>90 Park Avenue<br>New York, NY 10016<br>Telephone: (212) 682-7474<br>Facsimile: (212) 687-2329<br>E-mail: bgfelder@foley.com<br>jfriedman@foley.com |

*Co-Counsel for UMB BANK, N.A., as Trustee*