# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FIRST DOCUMENT REQUESTS OF SHIRLEY FENICLE, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE ESTATE OF GEORGE FENICLE, AND DAVID WILLIAM FAHY TO DEBTORS IN CONNECTION WITH CONFIRMATION OF THE <u>DEBTORS' NEW JOINT PLAN OF REORGANIZATION</u>**

Pursuant to Rules 16, 26, 33 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), as incorporated by Rules 7016, 7026, 7033, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the Local Rules of the United States District Court for the District of Delaware, made applicable hereto pursuant to the Local Rules for the United States Bankruptcy Court for the District of Delaware (collectively the "<u>Local Rules</u>"), and the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors Joint Plan of Reorganization and the Approval of Debtors Disclosure Statement* dated May 1, 2016 (No. 14-10979, D.I. 8358) (the "<u>New Plan Confirmation Scheduling Motion</u>"), Shirley Fenicle, individually and as successor-in-interest to the Estate of George Fenicle, and David William Fahy (respectively, "<u>Fenicle</u>" and "<u>Fahy</u>"), both members of the EFH Official Committee of Unsecured Creditors (the "Committee")[2] by and

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    In this discovery, Fenicle and Fahy are acting in their own respective individual capacity and not as members of Committee.

through their undersigned counsel, hereby request that the Debtors produce the documents responsive to the following document requests in accordance with the New Plan Confirmation Scheduling Motion.

The Requests incorporate by reference all definitions and rules of construction set forth in Rule 34 of the Federal Rules and any applicable Local Rules that apply to each Request set forth herein.

## DOCUMENT REQUESTS

1.      Documents regarding the treatment of claims in Class A3 under the New Plan or the description of that treatment and those claims in the Proposed Disclosure Statement.

2.      Documents regarding the treatment of "Legacy General Unsecured Claim Against the TCEH Debtors" under the New Plan or the description of that treatment and those claims in the Proposed Disclosure Statement.

3.      Documents related to all the underlying financials for the Asbestos Debtors and their subsidiaries that substantiate the corresponding E-side intercompany Claims from creation (approximately 1990 to date), including all inter-company loan documents and ledgers detailing the intercompany Claims.

4.      Documents regarding the treatment of EFH Debtor Intercompany Claims, including financial statements and book entry summaries for the quarterly and annual inter-company interest accumulation, and amounts due and owing sums on account of the EFH Debtor Intercompany Claims.

5.      Documents related to the indemnity agreement with Raytheon and United Engineers & Constructors as documented in the Global Note and Statements of Limitations, Methods and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs, (LSGT Gas Company LLC, 14-11039) (Docket No. 1272).

6.     Documents related to any sales contracts between the Asbestos Debtors and either Raytheon and United Engineers & Constructors.

7.     Documents related to the time period prior to the 2007 leveraged buy-out when the Debtors maintained inter-company money pool agreements, with all schedules of internal interest rates as accrued on a quarterly and yearly basis.

8.     Documents related to all insurance policies providing asbestos coverage to any of the "Asbestos Debtors" for any asbestos related claims, including but not limited to policies, related coverage charts, tabulations, records related to tenders, and carrier reimbursements.

9.     Documents related to insurance indemnifying EFH against asbestos related claims, including but not limited to policies, related coverage charts, tabulations, records related to tenders, and carrier reimbursements.

10.     Documents related to all insurance policies, charts, tabulations, and correspondence produced or provided to the EFH Official Committee of Unsecured Creditors, whether under the  'professionals' eyes only' restriction or otherwise.

11.     Documents relating to the identity of the Subsequently Identified Parties and to the notice provided to the Subsequently Identified Parties in accordance with the Bar Date Notice.

12.     Documents relating to each Asbestos Debtors' board of directors' minutes for each board meeting and for each board sub-committee meetings from 1990 to date.

## DEFINITIONS

1.     "2007 leveraged buyout transactions" shall have the meaning the ascribed to it in the Proposed Disclosure Statement.

2.     "And" and "Or," whether capitalized or not, are intended as terms of inclusion, and not exclusion, and should be construed both disjunctively and conjunctively so as to bring

within the scope of these Requests and Interrogatories all documents and information which might otherwise be considered to be outside of their scope.

3.      "Asbestos Debtors" shall mean EECI, Inc. (Case No. 14-10992), EEC Holdings (Case No. 14-10990), LSGT Gas Co. LLC (Case No. 14- 11039), and LSGT SACROC, Inc. (Case No. 14-11012) collectively.

4.      "Bankruptcy Code" means Title 11 of the United States Code, 11 U.S.C. § 101, et seq.

5.      "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Delaware.

6.      "Bar Date Notice" shall mean the notice of the Bar Date mailed by Debtors pursuant to the August 18, 2014, Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof [D.I. 1866] (the "General Bar Date Order"), establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) as the deadline to submit proofs of claim against the Debtors (the "Bar Date").

7.      "Debtors" shall mean the debtors and debtors in possession in the above-captioned cases.

8.      "Document", whether capitalized or not, shall mean any recording of information in whatever form, including, but not limited to, memoranda, correspondence, e-mails, personal notes, spreadsheets, databases, work papers, telephone logs, calendars, plan books, diaries, journals and daily records of activity, drawings, graphs, charts, maps, photographs, video and/or

4

audio recordings and other data compilations from which information can be obtained or translated (with or without the use of detection devices), including electronic files, records, and archives.  For purpose of these requests, a document which is a copy of another document is intended to be separately requested if the copy differs in any way by virtue of any changes, additions, redactions, annotations or recipients.

9.      "EFH" shall mean Energy Future Holdings Corp., a Texas corporation.

10.     "EFH Debtor Intercompany Claims" shall mean the meaning ascribed to it in the New Plan.

11.     "EFH Effective Date" shall have the meaning ascribed to it in the New Plan.

12.     "Identify" shall mean

    a.      when used in reference to a natural person, to state:

        1.      the person's full name and present or last known address and telephone number(s); and

        2.      the person's present or last known position, title and employment or business affiliation.

    b.      when used in reference to a business entity, whether incorporated or not, to state:

        1.      the entity's name;

        2.      its principal place of business, including its address; and

        3.      the telephone number(s) of its principal place of business.

    c.      when used in reference to a document, to state:

        1.      the author of the document;

        2.      the date of the document;

        3.      each addressee or copy addressee of the document;

        4.      the subject matter of the document; and

5.    the present location of the document and the name of the present custodian of the document.

d.    when used in reference to a communication, act, transaction, event, occasion or instance, including an oral agreement, statement, recommendation or representation, to state:

1.    its date and place of occurrence (or, if a telephone call is involved, so state and provide the location of all parties to such telephone call and identify the person who initiated it);

2.    the identity of each person participating therein, who each such person participating therein represented or purported to represent, the nature and subject matter of any circumstances surrounding it, and the substance of what transpired or was said; and

3.    identify all documents summarizing, recording, reflecting, reporting or containing a reference to it.

13.    "Including," whether capitalized or not, shall mean including, but not limited to. Phrases following the term "including" are not intended to be exhaustive of the documents or information sought and shall not in any way be read to limit the scope of the Requests or Interrogatories.

14.    "New Plan" shall mean the Joint Plan of Reorganization of Energy Future Holdings Corp., *et. al*., pursuant to Chapter 11 of the Bankruptcy Code dated May 1, 2016, as it may be amended or modified from time to time.

15.    "Proposed Disclosure Statement" shall mean the Disclosure Statement for the New Joint Plan of Reorganization of Energy Future Holdings Corp., *et. al*., pursuant to Chapter 11 of the Bankruptcy Code dated May 1, 2016, as it may be amended or modified from time to time.

16.    "Regarding", whether capitalized or not, shall mean concerning, referring to, relating to, evidencing, explaining, constituting or comprising.

17.    "Reorganized EFH" shall have the meaning ascribed to it in the New Plan.

6

18.     "Subsequently Identified Parties" shall have the meaning ascribed to it in the Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Setting a Supplemental Bar Date for Ninety Subsequently Identified Parties, (B) Approving Notice Thereof, and (C) Establishing Related Procedures, (Docket No. 8150).

19.     "You" or "Your", whether capitalized or not, means the party responding to these discovery requests, including any agents, representatives or any person with any ownership interest thereof, or other persons acting, or purporting to act on behalf or under the control of the party responding to these discovery requests.

## INSTRUCTIONS

1.     If any information called for by any discovery request is withheld because You claim that such information is privileged or subject to protection as trial-preparation material, provide a description that will enable other parties to assess the claim, consistent with Federal Rule of Civil Procedure 26(b)(5)(A).

2.     As used herein, the singular shall include the plural and the plural shall include the singular whenever necessary to bring within the scope of these discovery requests that which might otherwise be outside their scope.

3.     The information sought in the preceding discovery requests includes all Your knowledge and information and all materials in Your possession, custody or control.

4.     If You are aware of documents responsive to these document requests, which are not available to You or not subject to Your reasonable access or control, identify any information You may have regarding the location and possessor of such documents.  If the addresses and telephone numbers of an individual or source identified in Your responses are available, please provide them.

7

5.      You are under an obligation to supplement Your responses under the circumstances specified in Federal Rule of Civil Procedure 26(e).

Dated:   May 13, 2016
             Wilmington, Delaware

By:  /s/ Daniel K. Hogan

Daniel K. Hogan (DE Bar # 2814)
**HOGAN♦McDANIEL**
1311 Delaware Avenue
Wilmington, Delaware  19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599
dkhogan@dkhogan.com

*Counsel for Shirley Fenicle, individually and as successor-in-interest to the Estate of George Fenicle, and David William Fahy*

-and-

Steven Kazan (CA Bar # 46855)
Kazan McClain Satterley & Greenwood
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, CA 94607
Telephone: (510) 302-1000
Facsimile: (510) 835-4913

*Counsel for Shirley Fenicle, individually and as successor-in-interest to the Estate of George Fenicle*

-and-

Ethan Early (CT Juris # 417930)
Early Lucarelli Sweeney & Strauss
265 Church Street, 11th Floor
New Haven, CT 06508-1866
Telephone: (203) 777-7799
Facsimile: (203) 785-1671

*Counsel for David William Fahy*

8