# **EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  | ) |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DEBTORS' RESPONSES AND OBJECTIONS TO THE FIRST DOCUMENT REQUESTS OF SHIRLEY FENICLE, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE ESTATE OF GEORGE FENICLE, AND DAVID WILLIAM FAHY TO DEBTORS IN CONNECTION WITH CONFIRMATION OF THE DEBTORS' NEW JOINT PLAN OF REORGANIZATION**

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014, and, as incorporated thereby, Rules 26 and 34 of the Federal Rules of Civil Procedure, and the *Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement*, dated May 24, 2016 [D.I.8514] ("Plan Confirmation Protocol"), and in connection with the *Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, dated May 11, 2016 [D.I. 8421], the above captioned debtors and debtors in possession in these chapter 11 cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby respond and object to the First Document Requests of Shirley Fenicle, Individually and as Successor-in-Interest to the Estate of George Fenicle, and David William Fahy to Debtors in Connection with Confirmation of the Debtors' New Joint Plan of Reorganization (the "Requests"), dated May 13, 2016.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

To the extent that the Debtors produce documents in response to these Document Requests, the Debtors do not waive any objections or rights.

### Specific Responses And Objections

The Debtors incorporate by reference each of their General Objections set forth below to the extent applicable herein. Nothing in these responses and objections shall be construed as an acceptance, endorsement, or adoption by the Debtors of any instruction or definition of any term contained in the Requests.

### Request for Production No. 1

Documents regarding the treatment of claims in Class A3 under the New Plan or the description of that treatment and those claims in the Proposed Disclosure Statement.

### Response to Request for Production No. 1

Subject to and without waiving the Debtors' Specific and General Objections, the Debtors will conduct a reasonable search for and produce non-privileged documents, if any, responsive to this Request. The Debtors object to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

### Request for Production No. 2

Documents regarding the treatment of "Legacy General Unsecured Claim Against the TCEH Debtors" under the New Plan or the description of that treatment and those claims in the Proposed Disclosure Statement.

### Response to Request for Production No. 2

Subject to and without waiving the Debtors' Specific and General Objections, the Debtors will conduct a reasonable search for and produce non-privileged documents, if any,

responsive to this Request. The Debtors object to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

### Request for Production No. 3

Documents related to all the underlying financials for the Asbestos Debtors and their subsidiaries that substantiate the corresponding E-side intercompany Claims from creation (approximately 1990 to date), including all inter-company loan documents and ledgers detailing the intercompany Claims.

### Response to Request for Production No. 3

The Debtors object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure. The Debtors also object to this Request on the ground that it states a timeframe that is not reasonably calculated to lead to the discovery of admissible evidence. The Debtors further object to this Request to the extent that the Request seeks the same documents from the same time period already produced by Debtors in contravention of Paragraph 17 of the Plan Confirmation Protocol.

### Request for Production No. 4

Documents regarding the treatment of EFH Debtor Intercompany Claims, including financial statements and book entry summaries for the quarterly and annual inter-company interest accumulation, and amounts due and owing sums on account of the EFH Debtor Intercompany Claims.

### Response to Request for Production No. 4

Subject to and without waiving the Debtors' Specific and General Objections, the Debtors will conduct a reasonable search for and produce non-privileged documents, if any, responsive to this Request. The Debtors object to this Request as overly broad, unduly

burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure. The Debtors further object to this Request on the ground that it fails to state a time frame. The Debtors further object to this Request to the extent that the Request seeks the same documents from the same time period already produced by Debtors in contravention of Paragraph 17 of the Plan Confirmation Protocol.

### Request for Production No. 5

Documents related to the indemnity agreement with Raytheon and United Engineers & Constructors as documented in the Global Note and Statements of Limitations, Methods and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs, (LSGT Gas Company LLC, 14-11039) (Docket No. 1272).

### Response to Request for Production No. 5

The Debtors object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure.

### Request for Production No. 6

Documents related to any sales contracts between the Asbestos Debtors and either Raytheon and United Engineers & Constructors.

### Response to Request for Production No. 6

The Debtors object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure. The Debtors further object to this Request to the extent that

the Request seeks the same documents from the same time period already produced by Debtors in contravention of Paragraph 17 of the Plan Confirmation Protocol.

### Request for Production No. 7

Documents related to the time period prior to the 2007 leveraged buy-out when the Debtors maintained inter-company money pool agreements, with all schedules of internal interest rates as accrued on a quarterly and yearly basis.

### Response to Request for Production No. 7

The Debtors object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure. The Debtors also object to this Request on the ground that it states a timeframe that is not reasonably calculated to lead to the discovery of admissible evidence.

### Request for Production No. 8

Documents related to all insurance policies providing asbestos coverage to any of the "Asbestos Debtors" for any asbestos related claims, including but not limited to policies, related coverage charts, tabulations, records related to tenders, and carrier reimbursements.

### Response to Request for Production No. 8

The Debtors object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure. The Debtors further object to this Request to the extent that it seeks a legal conclusion. The Debtors further object to this Request to the extent that the Request seeks the same documents from the same time period already produced by Debtors in contravention of Paragraph 17 of the Plan Confirmation Protocol. The Debtors further object to

this Request to the extent that the Debtors have already produced materials responsive to this Request.

### Request for Production No. 9

Documents related to insurance indemnifying EFH against asbestos related claims, including but not limited to policies, related coverage charts, tabulations, records related to tenders, and carrier reimbursements.

### Response to Request for Production No. 9

The Debtors object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure. The Debtors further object to this Request to the extent that it seeks a legal conclusion. The Debtors further object to this Request to the extent that the Request seeks the same documents from the same time period already produced by Debtors in contravention of Paragraph 17 of the Plan Confirmation Protocol. The Debtors further object to this Request to the extent that the Debtors have already produced materials responsive to this Request.

### Request for Production No. 10

Documents related to all insurance policies, charts, tabulations, and correspondence produced or provided to the EFH Official Committee of Unsecured Creditors, whether under the 'professionals' eyes only' restriction or otherwise.

### Response to Request for Production No. 10

The Debtors object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Debtors further object to this Request to the extent that the Request seeks the same documents from the same time period already produced by Debtors in contravention of Paragraph 17 of the Plan

6

Confirmation Protocol. The Debtors also object to this Request on the ground that the propounding parties, Fenicle and Fahy, are members of the EFH Official Committee of Unsecured Creditors and already are in possession of any such documents.

**Request for Production No. 11**

Documents relating to the identity of the Subsequently Identified Parties and to the notice provided to the Subsequently Identified Parties in accordance with the Bar Date Notice.

**Response to Request for Production No. 11**

The Debtors object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure. The Debtors further object to this Request to the extent that it seeks information that has already been provided to Fenicle and Fahy.

**Request for Production No. 12**

Documents relating to each Asbestos Debtors' board of directors' minutes for each board meeting and for each board sub-committee meetings from 1990 to date.

**Response to Request for Production No. 12**

The Debtors object to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, or other protection from disclosure. The Debtors also object to this Request on the ground that it states a timeframe that is not reasonably calculated to lead to the discovery of admissible evidence. The Debtors further object to this Request to the extent that the Request seeks the same documents from the same time period already produced by Debtors in contravention of Paragraph 17 of the Plan Confirmation Protocol.

**General Objections**

1. The Debtors object to the Requests to the extent that they seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to confirmation of the Debtors' Plan of Reorganization or approval of the related Disclosure Statement.

2. The Debtors object to the Requests to the extent that they are vague, ambiguous, and unclear, including the use of terms that are not defined and/or not otherwise susceptible to any single meaning.

3. The Debtors object to the Requests to the extent that they are duplicative of other requests made in connection with these proceedings, and to the extent that Debtors have already agreed to conduct a reasonable search for and produced non-privileged documents, if any, responsive to these Requests. Paragraph 17 of the Plan Confirmation Protocol prohibits Participating Parties from serving "discovery seeking the same documents from the same time period already produced by that Participating Party in response to other requests in these chapter 11 cases." [D.I. 8514]. The Debtors will ensure that the Repository includes all documents produced pursuant to any formal document demand in these chapter 11 cases to which the Debtors have access, and Participating Parties shall be free to use any such information in connection with confirmation of the New Plan to the extent otherwise permissible.

4. The Debtors object to the Requests to the extent that they are overly broad or unduly burdensome, including, without limitation, Requests seeking "all" documents or communications.

5. The Debtors object to the Requests to the extent that they fail to comply with the requirements of Federal Rule of Civil Procedure 34(b)(1)(A) (as incorporated by Federal Rule of

8

Bankruptcy Procedure 7034) to "describe with reasonable particularity each item or category of items to be inspected."

6. The Debtors object to the Requests to the extent that they are not limited in time or scope or designate a time or scope that, in light of the relevant circumstances, is overbroad or is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to confirmation of the Debtors' Plan of Reorganization or the related Disclosure Statement. To the extent the Debtors produce documents in response to a request that designates a time or scope, the Debtors' response should not be construed as an admission or adoption of the designated time or scope and the Debtors reserve the right to impose reasonable limitations on any search for responsive documents.

7. The Debtors object to the Requests to the extent that they seek documents or information related to versions of the Debtors' Plan of Reorganization that the Debtors are no longer pursuing.

8. The Debtors object to the Requests to the extent that they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, common-interest privilege, or any other applicable privilege or protection, or that would result in disclosure of the Debtors' counsel's mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories concerning this or any other litigation. Any inadvertent production or disclosure of privileged information shall not be deemed to constitute a waiver of any privilege.

9. The Debtors object to the Requests to the extent that they seek documents or information from the Debtors that contain sensitive, confidential, competitive, developmental or commercial research information that is of a proprietary nature and/or is protected by other

privacy protections provided by applicable laws, rules, and/or regulations. To the extent any such information is disclosed in response to the Requests, such disclosure shall be subject to and made pursuant to the Confidentiality Agreement and Stipulated Protective Order agreed upon by the parties and entered by the Court in reference to these Chapter 11 cases on August 13, 2014 [D.I. 1833].

10. The Debtors object to the Requests to the extent that they seek material that may not be divulged by law.

11. The Debtors object to the Requests and the Instructions to the extent that they purport to impose upon the Debtors obligations greater than those required by the Federal Rules of Bankruptcy Procedure, including but not limited to Federal Rules of Civil Procedure 26 and 34 as incorporated thereby. The Debtors will comply with the obligations required by these Rules.

12. The Debtors object to the Requests to the extent that they seek to impose upon the Debtors an obligation to provide documents not in their possession, custody and/or control, or to create documents that are not currently in their possession.

13. The Debtors object to the Requests to the extent that they purport to require the Debtors to respond on behalf of any person or entity other than the Debtors. The Debtors respond to these Requests only on behalf of themselves as debtors and debtors-in-possession to these chapter 11 cases.

14. The Debtors object to the Requests to the extent that they require the Debtors to search for and produce electronically stored documents (including email) from sources that are not reasonably accessible because of undue burden or cost, as set forth in Rule 26(b)(2)(B) of the

Federal Rules of Civil Procedure and incorporated by Rule 7026 of the Federal Rules of Bankruptcy Procedure.

15. The Debtors object to the Requests to the extent that they seek disclosure from which the Debtors are entitled to seek protection due to annoyance, embarrassment, oppression, or undue burden or expense. The Debtors reserve the right to seek such protections pursuant to Federal Rule of Civil Procedure 26(c)(1).

16. The Debtors object to all instructions, definitions, and Requests to the extent that they contain erroneous factual allegations or conclusions. By responding to these Requests, the Debtors do not admit the truth of any such allegations or conclusions.

17. The Debtors respond to each Request based on their present knowledge. The Debtors reserve the right to make any use of and/or introduce in any hearing or at trial, documents or information not known to exist at the time of production, including, but not limited to, documents obtained in the course of discovery in these chapter 11 cases.

18. The Debtors object to the Instructions and Definitions to the the extent that they render the Requests overbroad and unduly burdensome and would require the Debtors to conduct an unreasonably broad search to find responsive documents.

19. The Debtors object to the Instructions to the extent that they seek to impose obligations that are beyond those required by applicable Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

20. The Debtors object to the Instructions to the extent that they place unduly burdensome and costly electronic file formatting requirements on the Debtors' production

efforts. All documents and ESI produced by the Debtors will be produced in accordance with the Paragraph 11b of and Exhibit 2 to the Plan Confirmation Protocol.

21. The Debtors object to the Requests to the extent that they purport to require the production of documents that are publicly available or equally available to the requesting party.

22. To the extent the Debtors assert a specific objection to a particular Request, the Debtors do not thereby waive these General Objections. To the extent that the Debtors object to a particular Request but proceed to respond to said Request in whole or in part, the Debtors do not thereby waive any objection to that Request.

*****

At the appropriate time, the Debtors may supplement these general and specific objections and the Debtors expressly reserve their right to do so.

Notwithstanding and without waiving the foregoing objections, the Debtors are willing to meet and confer with Shirley Fenicle, individually and as successor-in-interest to the Estate of George Fenicle, and David William Fahy.

Dated: June 3, 2016

*/s/ Mark E. McKane*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
    stephen.hessler@kirkland.com
    brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Andrew McGaan (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
    marc.kieselstein@kirkland.com
    andrew.mcgaan@kirkland.com
    chad.husnick@kirkland.com
    steven.serajeddini@kirkland.com

-and-

Mark E. McKane (admitted *pro hac vice*)
555 California Street
San Francisco, CA 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500
Email:    mark.mckane@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

13