# **EXHIBIT E**

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  | 555 California Street<br>San Francisco, California  94104 |  |
|---|---|---|
| Michael P. Esser<br>To Call Writer Directly:<br>(415) 439-1973<br>michael.esser@kirkland.com | (415) 439-1400<br>www.kirkland.com | Facsimile:<br>(415) 439-1500 |

August 31, 2016

**VIA EMAIL**                                                                                                                **CONFIDENTIAL**

Steven Kazan
Kazan, McClain, Satterley & Greenwood
Jack London Market
55 Harrison St., Ste 400
Oakland, CA 94607

Re: *In re Energy Future Holdings Corp. et al.*, Case No. 14-10979

Dear Steve:

Thank you for your continued efforts to meet and confer regarding the *First Document Requests of Shirley Fenicle, Individually and as Successor-in-Interest to the Estate of George Fenicle, and David William Fahy to Debtors in Connection with Confirmation of the Debtors' New Joint Plan of Reorganization*, dated May 13, 2016. Reserving all rights and incorporating our responses and objections, I specifically write regarding your requests for: (a) certain insurance agreements, (b) certain indemnity agreements and related claims information, and (c) certain historical intercompany accounts receivable for the asbestos debtors (collectively, the "Document Requests").

*First*, we have evaluated the Document Requests in light of your clients' treatment under the *Third Amended Joint Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 9374] (the "Plan"). As we have maintained during the meet-and-confer process, the Document Requests are not reasonably calculated to lead to the discovery of evidence admissible at the EFH/EFIH Confirmation Hearing. As was the case last year, the Plan reinstates both your clients' claims and the intercompany claims and interests of EECI, Inc., EEC Holdings, Inc., LSGT Gas Co. LLC, and LSGT SACROC, Inc. (the "Asbestos Debtors"). As you know, the commitment to reinstate means that the claims are unaffected by the bankruptcy. Accordingly, (1) any valid, liquidated asbestos claims against the EFH/EFIH Debtors will be paid in due course, without reference to any amounts that may be placed in escrow, and (2) the recoveries of the intercompany claims of the Asbestos Debtors are not limited. Further, under the Plan, the Asbestos Debtors will continue to exist, with Reorganized EFH as their corporate parent.

*Second*, even if your Document Requests were reasonably calculated to lead to the discovery of admissible evidence, the Document Requests are overbroad. Given the age of certain records you are requesting (some dating back to 1990), collection would be unduly burdensome, time-consuming, and ultimately fruitless. As agreed, we have assessed the extent of these burdens with the Company. Certain information regarding the historical intercompany

# KIRKLAND & ELLIS LLP

Steven Kazan  **CONFIDENTIAL**
August 31, 2016
Page 2

accounts receivable predates electronic record-keeping; to the extent those records exist, some are no longer in the custody of the Company.

Nonetheless, in an effort to reach a consensual resolution and avoid an unnecessary burden on the Court, we are willing to make a production of the following:

> (a) Documents related to insurance policies providing asbestos coverage to the Asbestos Debtors; and
>
> (b) Documents related to the indemnity agreement with Raytheon and United Engineers & Constructors, *see* Docket No. 1272, and documents related to sales contracts between the Asbestos Debtors and either Raytheon and United Engineers & Constructors.

The Debtors believe this production will satisfy our discovery obligations.

We remain committed to meeting and conferring regarding these issues, and believe it best to continue these discussions before using the Court's time and resources to resolve any outstanding issues.

> Sincerely,
>
> */s/ Michael P. Esser*
>
> Michael P. Esser

MPE/mt