# **EXHIBIT G**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## DEBTORS' RESPONSES AND OBJECTIONS TO THE SECOND DOCUMENT REQUESTS OF SHIRLEY FENICLE, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE ESTATE OF GEORGE FENICLE, DAVID WILLIAM FAHY, AND JOHN H. JONES IN CONNECTION WITH CONFIRMATION OF THE DEBTORS' NEW JOINT PLAN OF REORGANIZATION

Pursuant to Federal Rules of Bankruptcy Procedure 7026, and 7034, and 9014, and, as incorporated thereby, Rules 26 and 34, of the Federal Rules of Civil Procedure, and the *Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Debtors' Joint Plan of Reorganization as it Relates to the EFH/EFIH Debtors*, dated August 24, 2016 [D.I. 9381] (the "Plan Confirmation Protocol"), and in connection with the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, dated August 23, 2016 [D.I. 9374] (the "Plan") the above captioned debtors and debtors in possession in these Chapter 11 cases (collectively, the "Debtors"), hereby respond and object (the "Responses and Objections") to the Second Document Requests of Shirley Fenicle, Individually and as Successor-in-Interest to the Estate of George Fenicle, David William Fahy, and John H. Jones in Connection with

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Confirmation of the Debtors' New Joint Plan of Reorganization (the "Requests"), dated August 31, 2016.

To the extent that the Debtors produce documents in response to these Document Requests, the Debtors do not waive any objections or rights.

### Specific Objections

The Debtors incorporate by reference their General Objections set forth below to the extent applicable herein. Nothing in these responses and objections shall be construed as an acceptance, endorsement, or adoption by the Debtors of any instruction or definition of any term contained in the Requests.

### Request for Production No. 1

Any and all documents relating to Debtors' decision to create the $250,000,000 "Asbestos Account" as described in the proposed "Agreement and Plan of Merger by and Among Nextera Energy, Inc., EFH Merger Co., LLC, Energy Future Intermediate Holding Company LLC, and Energy Future Holdings Corp." [D.I. 9190, Ex. 1 to Ex. A] "the Proposed Merger Agreement").

### Response to Request for Production No. 1

Subject to and without waiving the Debtors' Specific and General Objections, the Debtors will conduct a reasonable search for and produce non-privileged documents, if any, responsive to this Request. The Debtors object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The Debtors further object to this Request to the extent that the Debtors have already produced materials responsive to this Request.

### Request for Production No. 2

Any and all documents relating to the Debtors' determination and/or calculations of the asbestos liabilities of the Asbestos Debtors as they relate to the Asbestos Account.

### Response to Request for Production No. 2

The Debtors object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure.  The Debtors also object to this Request to the extent that it purports to seek discovery related to a legal conclusion.  The Debtors further object to this Request to the extent that the Debtors have already produced materials responsive to this Request.

### Request for Production No. 3

Any and all documents relating to Debtors' decision to create the "Asbestos Insurance Policy" as described in the proposed "Agreement and Plan of Merger by and Among Nextera Energy, Inc., EFH Merger Co., LLC, Energy Future Intermediate Holding Company LLC, and Energy Future Holdings Corp." [D.I. 9190, Ex. 1 to Ex. A] "the Proposed Merger Agreement").

### Response to Request for Production No. 3

Subject to and without waiving the Debtors' Specific and General Objections, the Debtors will conduct a reasonable search for and produce non-privileged documents, if any, responsive to this Request.  The Debtors object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure.  The Debtors further object to this Request to the extent that the Debtors have already produced materials responsive to this Request.

### Request for Production No. 4

Any and all documents relating to the Debtors' determination and/or calculations of the asbestos liabilities of the Asbestos Debtors as they relate to the Asbestos Insurance Policy.

### Response to Request for Production No. 4

The Debtors object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The Debtors further object to this Request to the extent that it purports to seek discovery related to a legal conclusion. The Debtors further object to this Request to the extent that the Debtors have already produced materials responsive to this Request.

### Request for Production No. 5

Any and all board presentations, materials, PowerPoint decks, conference call minutes, electronic records, and all other business records in which any reference or discussion was had concerning the four asbestos debtors, asbestos claims, or anything whatsoever related to the inter-company receivables owed to or held by of EEC Holdings, Inc., EECI, Inc., LSGT Gas Company LLC, and LSGT SACROC, Inc., (the "Asbestos Debtors") from 1999 to 2012.

### Response to Request for Production No. 5

The Debtors object to this Request as impermissible on the ground that it seeks information beyond the scope that is permitted by Paragraph 10(a) of the Plan Confirmation Protocol. The Debtors further object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The Debtors also object to this Request on the ground that it states a time frame that is not reasonably calculated to lead to the discovery of admissible evidence.

## Request for Production No. 6

Any and all documents, including but not limited to EFH's and LSGT Gas Company LLC's books and records, related to the intercompany transfer of the proceeds from the sale of Ensearch/Ebasco from LSGT Gas Company LLC to EFH.

## Response to Request for Production No. 6

The Debtors object to this Request as impermissible on the ground that it seeks information beyond the scope that is permitted by Paragraph 10(a) of the Plan Confirmation Protocol.  The Debtors further object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure.  The Debtors also object to this Request on the ground that it fails to state a time frame.

## Request for Production No. 7

Any and all documents of the Directors, Disinterested Directors, Officers, and Managers of the Asbestos Debtors relating to the Asbestos Debtors.

## Response to Request for Production No. 7

The Debtors object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure.  The Debtors further object to this Request to the extent that the Debtors have already produced materials responsive to this Request.  The Debtors also object to this Request on the ground that it fails to state a time frame.

## Request for Production No. 8

Any and all board presentations, materials, PowerPoint decks, conference call minutes, electronic records, and all other business records in which any reference or discussion to the 1993 sale by Enserch Corp. of its Humphreys and Glasgow Process Contracting, Ltd. subsidiary to Jacobs Engineering Group, Inc. was had.

**<u>Response to Request for Production No. 8</u>**

The Debtors object to this Request as impermissible on the ground that it seeks information beyond the scope that is permitted by Paragraph 10(a) of the Plan Confirmation Protocol.  The Debtors further object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure.  The Debtors also object to this Request on the ground that it states a time frame that is not reasonably calculated to lead to the discovery of admissible evidence.

**<u>Request for Production No. 9</u>**

Any and all documents related to annual financials and intercompany transactions of the Asbestos Debtors.

**<u>Response to Request for Production No. 9</u>**

The Debtors object to this Request as impermissible on the ground that it seeks information beyond the scope that is permitted by Paragraph 10(a) of the Plan Confirmation Protocol.  The Debtors further object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure.  The Debtors also object to this Request on the ground that it fails to state a time frame.

**<u>Request for Production No. 10</u>**

Any and all documents related to the tabulation of the Asbestos Claims and the number of those claims being defended.

### Response to Request for Production No. 10

The Debtors object to this Request as impermissible on the ground that it seeks information beyond the scope that is permitted by Paragraph 10(a) of the Plan Confirmation Protocol.  The Debtors object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure.  The Debtors further object to this Request to the extent that the Debtors have already produced materials responsive to this Request.

### Request for Production No. 11

Any and all documents, including but not limited to said proposals, relating to the Debtors' determination and/or calculations  supporting the April 2016 proposal to the various E-Side and T-Side creditors' advisors allocating the reorganized EFH Corp.'s equity among the EFIH creditors.

### Response to Request for Production No. 11

Subject to and without waiving the Debtors' Specific and General Objections, the Debtors will conduct a reasonable search for and produce non-privileged documents, if any, responsive to this Request. The Debtors object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure.  The Debtors further object to this Request to the extent that the Debtors have already produced materials responsive to this Request.

### Request for Production No. 12

Any and all documents and/or records of oral communication between Debtors and Thomas Vasquez, PhD, as they pertain to the Asbestos Claims.

## Response to Request for Production No. 12

The Debtors object to this Request as impermissible on the ground that it seeks information beyond the scope that is permitted by Paragraph 10(a) of the Plan Confirmation Protocol and that is not relevant to confirmation of the Plan as to the E-Side Debtors.  The Debtors also object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure.  The Debtors further object to this Request on the ground that it fails to state a time frame.

## Request for Production No. 13

Any and all documents related to the "Adjustment Procedure" referenced in Exhibit 13 to the *Declaration of Michael P. Esser, Esq., in Support of the Debtors' Memorandum of Law in Support of Confirmation of the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 9303] (the "Esser Declaration").

## Response to Request for Production No. 13

Subject to and without waiving the Debtors' Specific and General Objections, the Debtors will conduct a reasonable search for and produce non-privileged documents, if any, responsive to this Request. The Debtors object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure.  The Debtors further object to this Request to the extent that the Debtors have already produced materials responsive to this Request.

## Request for Production No. 14

Any and all documents related to the "Unknown Holdback Amount for Asbestos and OPEB Liabilities" referenced in Exhibit 13 to the Esser Declaration.

## Response to Request for Production No. 14

Subject to and without waiving the Debtors' Specific and General Objections, the Debtors will conduct a reasonable search for and produce non-privileged documents, if any, responsive to this Request. The Debtors object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The Debtors further object to this Request to the extent that the Debtors have already produced materials responsive to this Request.

## Request for Production No. 15

Any and all documents related to the treatment of the A3 Class Claims under the New Plan.

## Response to Request for Production No. 15

Subject to and without waiving the Debtors' Specific and General Objections, the Debtors will conduct a reasonable search for and produce non-privileged documents, if any, responsive to this Request. The Debtors object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The Debtors further object to this Request to the extent that the Debtors have already produced materials responsive to this Request.

## Request for Production No. 16

Any and all documents related to the treatment of the A13 Class Claims under the New Plan.

## Response to Request for Production No. 16

Subject to and without waiving the Debtors' Specific and General Objections, the Debtors will conduct a reasonable search for and produce non-privileged documents, if any, responsive to this Request. The Debtors object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The Debtors further object to this Request to the extent that the Debtors have already produced materials responsive to this Request.

## Request for Production No. 17

Any and all documents related to the treatment of the A15 Class Claims under the New Plan.

## Response to Request for Production No. 17

Subject to and without waiving the Debtors' Specific and General Objections, the Debtors will conduct a reasonable search for and produce non-privileged documents, if any, responsive to this Request. The Debtors object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The Debtors further object to this Request to the extent that the Debtors have already produced materials responsive to this Request.

## Request for Production No. 18

Any and all documents relating to the Debtors' determination and/or calculations resulting in the formation of the Asbestos Account.

## Response to Request for Production No. 18

Subject to and without waiving the Debtors' Specific and General Objections, the Debtors will conduct a reasonable search for and produce non-privileged documents, if any, responsive to this Request. The Debtors object to this Request on the grounds that "determination" and "resulting in the formation" are vague and ambiguous. The Debtors also object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The Debtors further object to this Request to the extent that the Debtors have already produced materials responsive to this Request. The Debtors further object to this Request to the extent that it is duplicative of Request No. 2.

## Request for Production No. 19

Any and all documents relating to the Company Disclosure Letter.

## Response to Request for Production No. 19

Subject to and without waiving the Debtors' Specific and General Objections, the Debtors will conduct a reasonable search for and produce non-privileged documents, if any, responsive to this Request. The Debtors object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The

Debtors further object to this Request to the extent that the Debtors have already produced materials responsive to this Request.

### Request for Production No. 20

Any and all documents related to the Asbestos Debtors' consideration of what will constitute "Conflict Matters."

### Response to Request for Production No. 20

The Debtors object to this request on the ground that "the Asbestos Debtors' consideration of what will constitute 'Conflict Matters'" is vague and ambiguous. The Debtors further object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The Debtors further object to this Request to the extent that it purports to seek discovery related to a legal conclusion. The Debtors also object to this Request on the ground that it fails to state a time frame.

### Request for Production No. 21

Any and all documents related to the Disinterested Directors and/or Managers' consideration of whether the Asbestos Claims constitute a "Conflict Matter."

### Response to Request for Production No. 21

Subject to and without waiving the Debtors' Specific and General Objections, the Debtors will conduct a reasonable search for and produce non-privileged documents, if any, responsive to this Request to the extent that such documents are reasonably within the Debtors' possession, custody, or control. The Debtors object to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The

Debtors further object to this Request to the extent that it purports to seek discovery related to a legal conclusion.  The Debtors further object to this Request to the extent that the Debtors have already produced materials responsive to this Request.  The Debtors also object to this Request on the ground that it fails to state a time frame.

[*Remainder of page intentionally left blank.*]

### General Objections

1.      The Debtors object to the Requests to the extent that they seek information beyond the scope that is permitted by Paragraph 10(a) of the Plan Confirmation Protocol.  These Responses and Objections are in addition to, and do not supersede, the Debtors' Responses and Objections to the First Document Requests of Shirley Fenicle, Individually and as Successor-In-Interest to the Estate of George Fenicle, and David William Fahy to Debtors in Connection with Confirmation of the Debtors' New Joint Plan of Reorganization, dated June 3, 2016, and the Debtors' ongoing discussions with Fenicle, Fahy, and Jones regarding discovery.

2.      The Debtors object to the Requests to the extent that they seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to confirmation of the Debtors' Plan of Reorganization or approval of the related Disclosure Statement.

3.      The Debtors object to the Requests to the extent that they are vague, ambiguous, and unclear, including the use of terms that are not defined and/or not otherwise susceptible to any single meaning.

4.      The Debtors object to the Requests to the extent that they are duplicative of other requests made in connection with these proceedings, and to the extent that Debtors have already agreed to conduct a reasonable search for and produced non-privileged documents, if any, responsive to these Requests.  Paragraph 21 of the Plan Confirmation Protocol prohibits Participating Parties from serving "discovery seeking the same documents from the same time period already produced by that Participating Party in response to other requests in these chapter 11 cases."  [D.I. 9381].  The Debtors will ensure that the Repository includes all documents produced pursuant to any formal document demand in these chapter 11 cases to which the

Debtors have access, and Participating Parties shall be free to use any such information in connection with confirmation of the New Plan to the extent otherwise permissible.

5.      The Debtors object to the Requests to the extent that they are overly broad or unduly burdensome, including, without limitation, Requests seeking "all" documents or communications.

6.      The Debtors object to the Requests to the extent that they fail to comply with the requirements of Federal Rule of Civil Procedure 34(b)(1)(A) (as incorporated by Federal Rule of Bankruptcy Procedure 7034) to "describe with reasonable particularity each item or category of items to be inspected."

7.      The Debtors object to the Requests to the extent that they are not limited in time or scope or designate a time or scope that, in light of the relevant circumstances, is overbroad or is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to confirmation of the Debtors' Plan of Reorganization or the related Disclosure Statement.  To the extent the Debtors produce documents in response to a request that designates a time or scope, the Debtors' response should not be construed as an admission or adoption of the designated time or scope and the Debtors reserve the right to impose reasonable limitations on any search for responsive documents.

8.      The Debtors object to the Requests to the extent that they seek documents or information related to versions of the Debtors' Plan of Reorganization that the Debtors are no longer pursuing.

9.      The Debtors object to the Requests to the extent that they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, common-interest privilege, or any other applicable privilege or protection, or that would result in

disclosure of the Debtors' counsel's mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories concerning this or any other litigation. Any inadvertent production or disclosure of privileged information shall not be deemed to constitute a waiver of any privilege.

10.     The Debtors object to the Requests to the extent that they seek documents or information from the Debtors that contain sensitive, confidential, competitive, developmental or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations. To the extent any such information is disclosed in response to the Requests, such disclosure shall be subject to and made pursuant to the Confidentiality Agreement and Stipulated Protective Order agreed upon by the parties and entered by the Court in reference to these Chapter 11 cases on August 13, 2014 [D.I. 1833].

11.     The Debtors object to the Requests to the extent that they seek material that may not be divulged by law.

12.     The Debtors object to the Requests and the Instructions to the extent that they purport to impose upon the Debtors obligations greater than those required by the Federal Rules of Bankruptcy Procedure, including but not limited to Federal Rules of Civil Procedure 26 and 34 as incorporated thereby. The Debtors will comply with the obligations required by these Rules.

13.     The Debtors object to the Requests to the extent that they seek to impose upon the Debtors an obligation to provide documents not in their possession, custody and/or control, or to create documents that are not currently in their possession.

14.     The Debtors object to the Requests to the extent that they purport to require the Debtors to respond on behalf of any person or entity other than the Debtors.  The Debtors respond to these Requests only on behalf of themselves as debtors and debtors-in-possession to these chapter 11 cases.

15.     The Debtors object to the Requests to the extent that they require the Debtors to search for and produce electronically stored documents (including email) from sources that are not reasonably accessible because of undue burden or cost, as set forth in Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure and incorporated by Rule 7026 of the Federal Rules of Bankruptcy Procedure.

16.     The Debtors object to the Requests to the extent that they seek disclosure from which the Debtors are entitled to seek protection due to annoyance, embarrassment, oppression, or undue burden or expense.  The Debtors reserve the right to seek such protections pursuant to Federal Rule of Civil Procedure 26(c)(1).

17.     The Debtors object to all instructions, definitions, and Requests to the extent that they contain erroneous factual allegations or conclusions.  By responding to these Requests, the Debtors do not admit the truth of any such allegations or conclusions.

18.     The Debtors respond to each Request based on their present knowledge.  The Debtors reserve the right to make any use of and/or introduce in any hearing or at trial, documents or information not known to exist at the time of production, including, but not limited to, documents obtained in the course of discovery in these chapter 11 cases.

19.     The Debtors object to the Instructions and Definitions to the the extent that they render the Requests overbroad and unduly burdensome and would require the Debtors to conduct an unreasonably broad search to find responsive documents.

20.    The Debtors object to the Requests to the extent that they seek information contained in prior deposition or trial testimony provided in connection with approval of the settlement agreement or prior plan confirmation hearings.

21.    The Debtors object to the Instructions to the extent that they place unduly burdensome and costly electronic file formatting requirements on the Debtors' production efforts.  All documents and ESI produced by the Debtors will be produced in accordance with Paragraph 15(b) of and Exhibit 2 to the Plan Confirmation Protocol.

22.    The Debtors object to the Requests to the extent that they purport to require the production of documents that are publicly available or equally available to the requesting party.

23.    To the extent the Debtors assert a specific objection to a particular Request, the Debtors do not thereby waive these General Objections.  To the extent that the Debtors object to a particular Request but proceed to respond to said Request in whole or in part, the Debtors do not thereby waive any objection to that Request.

*****

At the appropriate time, the Debtors may supplement these general and specific objections and the Debtors expressly reserve their right to do so.

Notwithstanding and without waiving the foregoing objections, the Debtors are willing to meet and confer with Fenicle, Fahy, and Jones.

[*Remainder of page intentionally left blank.*]

Dated: September 7, 2016

_/s/ Bryan M. Stephany_

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

-and-

Mark E. McKane (admitted *pro hac vice*)
555 California Street
San Francisco, CA 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500
Email:        mark.mckane@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*