**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors.[1] | (Jointly Administered) |

**MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, TO SHORTEN NOTICE PERIOD IN CONNECTION WITH "MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER APPROVING THE SETTLEMENT BETWEEN THE DEBTORS AND THE TEXAS COMPTROLLER"**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") seeking entry of an order shortening the notice, objection, and reply periods in connection with certain relief requested in connection with the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Approving the Settlement Between the Debtors and the Texas Comptroller* [D.I. 9513] (the "Settlement Motion"), filed contemporaneously herewith, and granting related relief. In support of this Motion, the Debtors respectfully represent as follows.

**BACKGROUND**

1.      On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Code.  The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee" and together with the TCEH Creditors' Committee, the "Creditors' Committees") on October 27, 2014 [D.I. 2570].  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98] and the *Third Amended Disclosure Statement for the Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 8747], filed with the Court on June 17, 2016.

2.     On August 23, 2016, the Debtors filed the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9374] (the "Plan").

3.     On August 29, 2016, the *Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 9421].

2

4.      The Debtors anticipate that the TCEH Effective Date (as defined in the Plan) will occur in October.  The next omnibus hearing in these chapter 11 cases—and the last hearing before the Debtors anticipate the TCEH Effective Date will occur—is scheduled for September 26, 2016 at 10:00 a.m. (Eastern Daylight Time) (the "September 26 Hearing").

5.      Given the complexities of the issues involved, the Debtors and the Texas Comptroller of Public Accounts (the "Texas Comptroller") were unable to finalize the settlement (as described in the Settlement Motion, the "Settlement") in time to provide notice in accordance with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") for the September 26 Hearing.

## JURISDICTION

6.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to Local Bankruptcy Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The bases for the relief requested in this Motion are Rule 9006 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9006-1.

RLF1 15146538v.1

**ARGUMENT**

9.     By this Motion, the Debtors respectfully request entry of an order shortening the notice, objection, and reply periods with respect to the Settlement Motion.

10.     Local Bankruptcy Rule 9006-1(c) provides that, unless the Bankruptcy Rules or the Local Bankruptcy Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Bankruptcy Rule 2002-1(b) at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date."[2]  Local Bankruptcy Rule 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."[3]     Additionally, Local Bankruptcy Rule 9006-1(d) further provides that "[r]eply papers may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda."[4]

11.     The Debtors seek to shorten the notice, objection, and reply periods for the relief requested in the Settlement Motion, and ask that the Court consider the Settlement Motion at the September 26 Hearing—before the anticipated TCEH Effective Date.

12.     As described in the Settlement Motion, the Settlement represents a significant resolution of all claims and liens for prepetition taxes asserted by the Texas Comptroller against the Debtors and potential refund claims asserted by the Debtors.  The Texas Comptroller has

---

[2] Del. Bankr. L.R. 9006-1 (c)(i).

[3] Del. Bankr. L.R. 9006-1 (e).

[4] Del. Bankr. L.R. 9006-l(d).

asserted that certain of those claims are secured.  To the extent those claims are secured, it is in the best interests of the estates to cut off any such interests as soon as possible.

13.     Consummating the Settlement before the anticipated TCEH Effective Date will facilitate a smoother post-emergence process:  the Settlement clears tax liens and potential tax claims against Reorganized TCEH under combined group and successor liability theories; the Settlement eliminates potential issues under the Tax Matters Agreement prior to emergence, and it is beneficial to the Oncor process to not have continued overhang of tax claims.

14.     In addition, despite the Texas Comptroller's position that all of its claims are fully secured, the Texas Comptroller's filed proofs of claim assert significant amounts as general unsecured claims.  Eliminating uncertainty regarding the priority level of these claims—and resolving them—prior to the TCEH Effective Date will better allow the Debtors to calculate and make initial distributions to Holders of Allowed TCEH Unsecured Debt Claims and Holders of Allowed General Unsecured Claims Against the TCEH Debtors Other Than TCEH (which Holders include virtually all of the vendors and key contract counterparties that support the Debtors' businesses).

15.     The Debtors will provide notice of the Settlement Motion by overnight delivery to the notice block in the Settlement Motion, which will provide approximately seventeen (17) days of actual notice of the hearing to those parties, in the event that any parties wish to be heard in connection with the relief requested.  In addition, the Debtors have had informal discussions with certain parties-in-interest regarding the relief sought in connection with the Settlement Motion. Under the circumstances, the Debtors believe that sufficient cause exists to shorten notice to permit them to preserve the deal set forth in the Settlement.

RLF1 15146538v.1

16.     Local Bankruptcy Rule 9006-1(c)(ii) provides that where a motion is filed on regular notice, the objection deadline shall be no earlier than fourteen days after the date of service and no later than seven days before the hearing date.[5]  Given the circumstances, it is reasonable and appropriate to require parties to file and serve any objections to the relief requested in the Settlement Motion by September 20, 2016 at 4:00 p.m. (Eastern Daylight Time)—eleven days after service and six days prior to the September 26 Hearing.  The Debtors submit that this proposed deadline will provide parties in interest with sufficient time to respond to the relief requested in connection with the Settlement Motion.

17.     Finally, the Debtors request that the Court grant them an extension of the deadline, set forth in Local Bankruptcy Rule 9006-1(d), to file and serve a reply to any objections to the relief requested in the Settlement Motion that may be filed.[6]  The agenda for the September 26 Hearing is due to be filed with the Court by September 22, 2016 at 12:00 p.m. (noon) (Eastern Daylight Time).[7]  As noted above, Local Bankruptcy Rule 9006-1(d) therefore requires that the Debtors file and serve any reply with the Court on or before 4:00 p.m. (Eastern Daylight Time) on September 21, 2016.[8]  Accordingly, absent leave of Court, the Debtors would be forced to file and serve a reply just twenty-four hours after the proposed objection deadline. To the extent any objections to the relief requested in connection with the Settlement Motion are filed, a written reply will (i) fully inform the Court of the Debtors' arguments regarding the

---

[5] Del. Bankr. L.R. 9006-1(c)(ii).

[6] Although on its face, the language of Local Bankruptcy Rule 9006-1(d) sets a deadline for service of a reply, rather than a deadline for filing a reply, the Debtors seek a waiver of the rule out of an abundance of caution to the extent that the Court believes that the rule should be read to set a deadline for serving a reply.

[7] Del. Bankr. L.R. 9209-3(a)(i).

[8] Del. Bankr. L.R. 9006-1(d).

RLF1 15146538v.1

issues presented related to the Settlement Motion; (ii) assist the Court in deciding the merits of the Debtors' request regarding the Settlement Motion and any objections or responses thereto; and (iii) help narrow disputed issues, if any, thereby serving to streamline the September 26 Hearing.    As such, the Debtors request that they be permitted to file and serve a reply in connection with any objections to the relief requested in connection with the Settlement Motion by no later than 11:00 a.m. (Eastern Daylight Time) on September 22, 2016.

[*Remainder of page intentionally left blank.*]

Dated: September 9, 2016
      Wilmington, Delaware

*/s/ Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
        defranceschi@rlf.com
        madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
        stephen.hessler@kirkland.com
        brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
        marc.kieselstein@kirkland.com
        chad.husnick@kirkland.com
        steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession