# **EXHIBIT 2**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER (A) AUTHORIZING ENTRY INTO MERGER
AGREEMENT, (B) APPROVING TERMINATION FEE, AND (C) AUTHORIZING
ENTRY INTO AND PERFORMANCE UNDER PLAN SUPPORT AGREEMENT**

Upon the motion (the "Motion")[2] of the EFH/EFIH Debtors for entry of an order (this "Order"): (a) (i) authorizing entry into the Merger Agreement, attached hereto as **Exhibit 1**, and (ii) approving the Termination Fee as an allowed administrative expense claim payable when due without further order of the Court, and (b) approving and authorizing the EFH/EFIH Debtors to enter into and perform under the PSA, attached hereto as **Exhibit 2**, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors provided due and proper notice of the Motion and such notice was adequate and appropriate under the particular circumstances; and the Court having held a hearing to consider the relief requested in the Motion

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] All capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

(the "Hearing"); and upon consideration of the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the EFH/EFIH Debtors' estates, their creditors and other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1. The Motion is hereby granted as set forth herein.

2. All objections, if any, to the Motion that have not been withdrawn, waived, settled, or specifically addressed in this Order, and all reservations of rights included in such objections, are specifically overruled in all respects on the merits.

3. The EFH/EFIH Debtors' entry into the Merger Agreement is authorized, and the Merger Agreement is approved in its entirety without modification.

4. The Termination Fee, upon the terms and conditions of the Merger Agreement, is approved, and the EFH/EFIH Debtors are authorized and directed to pay the Termination Fee as an allowed administrative expense to the extent it becomes due and payable pursuant to the terms and conditions of the Merger Agreement, at the time and in the manner provided for therein, without any further proceedings before, or order of, the Court.; *provided, however,* that in the event that the Termination Fee becomes payable in accordance with section 8.5(b) of the Merger Agreement, the EFH Debtors, on the one hand, and the EFIH Debtors, on the other hand, either will agree on the allocation of the Termination Fee between their respective estates (and seek Bankruptcy Court approval of such allocation) or each estate reserves the right to request that the Bankruptcy Court determine the appropriate allocation of the Termination Fee between the EFH Debtors and the EFIH Debtors; *provided, further, however* that the Termination Fee shall be

payable as provided in the Merger Agreement and both the EFH Debtors and the EFIH Debtors agree that any such payment of the Termination Fee, by either or both estates, shall be without prejudice to the rights of each estate to seek a subsequent Bankruptcy Court ruling regarding the appropriate allocation of the paid Termination Fee between the EFH Debtors and the EFIH Debtors.

5. The EFH/EFIH Debtors' entry into the PSA is authorized under section 363(b) of the Bankruptcy Code.

6. The PSA shall be binding and enforceable against the parties thereto in accordance with its terms.

7. The EFH/EFIH Debtors are authorized to enter into amendments to the Merger Agreement or PSA in accordance with the terms and conditions set forth therein without further order of the Court; *provided*, *however*, that the EFH/EFIH Debtors shall file with the Court a notice attaching a copy of any such amendments within five (5) business days of execution.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(a), 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be effective and enforceable immediately upon entry.

9. The EFH/EFIH Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. The Court shall retain jurisdiction over any matter or disputes arising from or relating to the interpretation, implementation or enforcement of this Order.

11. Notice of the Motion as provided therein is good and sufficient and the requirements of the Local Rules are satisfied by such notice.

Dated: _____, 2016
      Wilmington, Delaware

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

# **EXHIBIT 1**

**Merger Agreement**

**EXHIBIT 2**

**PSA**