IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | |
| ENERGY FUTURE HOLDINGS, et al., | Chapter 11<br>Bankr. No. 14-10979(CCS)<br>Jointly Administered |
| Debtors. | |
| KENNETH R. STEWART, | |
| Appellant, | Civ. No. 15-1213-RGA |
| v. | |
| ENERGY FUTURE HOLDINGS, et al., | |
| Appellees. | |

Kenneth R. Stewart, Dallas, Texas; Pro Se Appellant.

Jason Michael Madron, Esq., Richards, Layton & Finger, PA, Wilmington, Delaware; Counsel for Appellees.

**MEMORANDUM OPINION**

September 14, 2016
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Appellant Kenneth R. Stewart filed this bankruptcy appeal on December 29, 2015. He appears *pro se*. His appeal arises from two orders entered by the United States Bankruptcy Court for the District of Delaware on December 16, 2015 in *In re: Energy Future Holdings Corp.*, Bankr. No. 14-10979 (CSS) (Bankr. D. Del.) at D.I. 7381, D.I. 7382.

## I. BACKGROUND

Debtors/Appellees filed respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The matters are under the jurisdiction of the United States Bankruptcy Court for the District of Delaware. On May 2, 2014, the Bankruptcy Court entered an order that established October 27, 2014, as the final bar date to file proofs of claim for certain customer claimants holding or asserting a claim against Debtors arising on or before the petition date. (*See* Bankr. No.14-10979 (CSS) at D.I. 307). Written notice of the bar date was mailed to current and certain former customers of Debtors, including Claimant Kuk Ja Stewart in her capacity as a former customer of TXU Energy. (*See* D.I. 20 Ex. N at 16).

Claimant Stewart, who it appears is the mother of Appellant Kenneth R. Stewart, filed proof of claim No. 5739 for an unliquidated amount, proof of claim No. 10003 for $1.8 billion, and proof of claim No. 10982[1] for an unliquidated amount. (*Id.* at Exs. A, B,

---

[1] Claim No. 10982 is filed on behalf of Claimant, but is signed by Appellant as "Pro se Kenneth Stewart." (D.I. 20 Ex. C). During the December 16, 2015 hearing, Appellant stated, "they want to say this is a claim for Mrs. Stewart. That's incorrect. On the backside of it it says Kenneth Stewart, Pro Se." (*Id.* at Ex. N at 108). The Bankruptcy Court replied, "Well, the exhibit sort of speaks for itself. It says what it says. And I'll take it based on what it says and we can discuss what it means later." (*Id.*).

2

C; *see also id.* at Ex. N at 16). The proofs of claim seem to be for "unpaid mineral leases." (*Id.* at Ex. A at 2; *see* Ex. B at 2). Appellant also filed numerous documents in Debtors' Chapter 11 cases. (*Id.* at Exs. H-L).

The claims all relate to the same set of alleged facts regarding certain mineral rights related to parcels of land that Claimant asserts are owned or controlled by Debtors and certain pipelines and transmission lines wherein Claimant asserts ownership interests. Appellant asserts the property interests were fraudulently taken from Claimant and himself.

On April 2, 2015, Debtors filed the fourteenth omnibus objection, objecting to proof of claim Nos. 5739 and 10003. (*Id.* at Ex. D). Proof of claim No. 10982 was filed after Debtors had filed the fourteenth omnibus objection. (*Id.* at Ex. E). Next, on October 16, 2015, Debtors filed the thirty-third omnibus objection, objecting to proof of claim No. 10982. (*Id.*). The objections are supported by the declaration of Debtors' restructuring advisor, Steven Kotarba, managing director of Alvarez & Marsal North America, LLC. (*Id.* at Exs. F, G). Debtors investigated the claims at issue and informed Claimant's counsel and Appellant that none of the thousands of pages of materials submitted to the Bankruptcy Court evidenced any relationship between the claims and Debtors. (*Id.* at Ex. N at 18). Thereafter, Claimant's counsel propounded discovery requests on Debtors and requested any documents that related to any leases, easements, or agreements between Debtors and Claimant and her family, or the parcels of land identified by Claimant and her purported agents. (*Id.* at Ex. M, Ex. N at 18). Debtors responded to the discovery requests and explained they were unaware of

3

any responsive documents and that no such documents were in Debtors' possession. (*Id.* at Ex. M).

Hearing on the claim objections was held on December 16, 2015. It was noted that Claimant's counsel of record had withdrawn.[2] (*Id.* at Ex. N at 16). Claimant did not appear at the hearing, but Appellant appeared with his attorney, Charles Montemayor. (*Id.* at 17). Montemayor, on behalf of Appellant, asked that Appellant be given an opportunity to submit information to substantiate his claim. (*Id.* at 21). Appellant advised the Bankruptcy Court that he objected to Debtors' evidence, stating, "They haven't done their due diligence. I have the documentations that I actually submitted in the proof [of] claim at the very beginning and I have a list of easements that go across our properties." (*Id.* at 22). Debtors advised the Bankruptcy Court that Stewart (*i.e.*, the mother) was the only actual claimant and that Appellant had not filed any proofs of claim. (*Id.* at 28).

Debtors advised the Bankruptcy Court that: (1) they reviewed the proofs of claim and appended material and then rechecked their books and records and confirmed independently that there was no relationship to the land, the mining operations, the transmission lines, or the pipelines; (2) members of Debtors' legal team engaged in telephonic and in-person meetings with Marco Montemayor, Appellant's "agent;" and (3)

---

[2]The Bankruptcy Court stated that Claimant's attorney "has purported to withdraw without notice to the Court, without motion and without a court order. And under our local rule . . . , if you have a matter pending before the Court, which he does, and you are not substituting an attorney admitted before the bar, which he has not, your representation continues until the Court says it doesn't." (*Id.* at 31). The matter was postponed until later in the day and counsel appeared telephonically and explained to the Bankruptcy Court the circumstances of his withdrawal as counsel for Claimant. (*Id.* at 88-91).

4

they performed another search of the books and records in response to discovery served upon them and found no relationship between the claims and Debtors. (*Id.* at 28-30).

Kotarba testified and was cross-examined by Appellant. (*Id.* at 92-124). Kotarba testified as to the accuracy of his declaration, the process used in reviewing the claims filed, the claims that were investigated, and the results of his review. (*Id.*) Kotarba testified that he and his team were unable to find any connection between any of the parties identified, parcels of land identified, or Debtor's operations that purportedly touched the property, and Debtors. (*Id.* at 104-06). Ruling from the bench, the presiding Bankruptcy Court judge stated:

> I'm going to rule. I'm going to grant the objection. I'm going to disallow all the claims. The claims are *prima facie* valid under the law. It's the burden of the Debtors to rebut that presumption. They've done that through the submission of evidence today that indicates that there is no connection between the Debtors and any of the allegations you have made. I find that evidence to be credible and complete. It would then shift to you to try to convince me otherwise, and I've looked at your documents, I've read what you've submitted to the Court, both previously, and in preparation for today. . . . So I'm going to sustain the claim objection, and disallow your claims.

(*Id.* at 128-29).

The Court subsequently entered two orders on December 16, 2015, which sustained Debtors' fourteenth and thirty-third omnibus (substantive) objections to certain no liability Claims pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1. (*See* Bankr. No. 14-10979 at D.I. 7381, D.I. 7382). Appellant filed a timely notice of appeal on December 29, 2015. (*Id.* at 7462)

5

## II. STANDARD OF REVIEW

This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). District courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1) and (3). Disallowance of a proof of claim is a final order, since it resolves the dispute between the claimant and the debtor. See In re Allegheny Intern., Inc., 954 F.2d 167, 172 (3d Cir. 1992). In conducting its review of the issues on appeal, this Court reviews the Bankruptcy Court's findings of fact for clear error and exercises plenary review over questions of law. See American Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). The Court must "break down mixed questions of law and fact, applying the appropriate standard to each component." Meridian Bank v. Alten, 958 F.2d 1226, 1229 (3d Cir. 1992).

## III. ISSUES PRESENTED FOR REVIEW

While not set forth specifically, Appellant appears to raise the following issue for review: whether he was denied his right to due process as the bankruptcy case has been "blindly ruled" upon. (D.I. 10 at 1). Debtors/Appellees phrase the issue for review as whether the Bankruptcy Court clearly erred when it ruled that (i) Debtors presented

credible and complete evidence that there is no connection between Debtors and any of the claims asserted on behalf of Claimant and Appellant, and (ii) neither Claimant nor her purported agents submitted evidence tending to show a relationship between the claims and Debtors. (D.I. 20, pp. 7-8).

## IV. DISCUSSION

Appellant contends that the bankruptcy case has been "raced through the court process with no intervention on a multitude of unlawful and criminal acts." (D.I. 10). He lists a number of items that he contends justify his, and his mother's, claims. (See D.I. 10, 18, 19, 21, 23). Appellees argue that the Bankruptcy Court's orders should be affirmed because they rebutted the *prima facie* validity of the filed claims and that Appellant, arguing on behalf of the Claimant and himself, did not carry his burden to prove the validity of the claims. (D.I. 20). Appellees further argue that Appellant offered nothing in his statement or addenda, and has not pointed to a single piece of evidence in the record, to show that the Bankruptcy Court's factual findings were clearly erroneous. (*Id.* at p.15).

### Standing

Although the issue of Article III standing was not raised by the parties, the Court is "required to raise issues of standing *sua sponte* if such issues exist." *Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001). To have constitutional standing, Appellant must demonstrate: (1) a concrete and particularized injury, (2) a causal connection between the injury and the conduct complained of, and (3) redressability. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To have prudential

7

standing, Appellant "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Pitt News v. Fisher*, 215 F.3d 354, 359 (3d Cir. 2000). To have appellate standing, Appellant must be a "person aggrieved," that is a party "whose rights or interests are directly and adversely affected pecuniarily" by the bankruptcy court's order. *In re PWS Holding Corp.*, 228 F.3d 224, 248-49 (3d Cir. 2000).

There is no dispute that Claim Nos. 5739 and 10003 were filed by Claimant, not Appellant. It is evident from the record that, as to those two claims, Appellant does not have appellate standing. With regard to Claim No. 10982, Appellant appears to have standing given that he contends that he was an individual creditor, and the Bankruptcy Court "combined the two separate creditors as one, when they are definitely not." (D.I. 10 at 3). Since I ultimately conclude that the Bankruptcy Court committed no reversible error in sustaining the objections to the proofs of claims, and there is a colorable argument that Appellant has standing on at least one of the proofs of claim, I will not dismiss the appeal for lack of appellate standing.

**Proof of Claims**

The burden of proof for claims filed under the Bankruptcy Code "rests on different parties at different times." *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). The initial burden is on the claimant to allege sufficient facts to support the claim. *Id.* The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. *Id.* The objector must produce evidence which, if believed, would refute at least one of the allegations that is

8

essential to the claim's legal sufficiency. *Id.* at 173-74. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *Id. at 174.* "The burden of persuasion is always on the claimant." *Id.*

Upon reviewing the findings of fact and conclusions of law rendered by the Bankruptcy Court on the record in connection with the hearing on this matter, the Court concludes that the Bankruptcy Court did not err in sustaining Debtors' objections to the proofs of claims at issue. The Bankruptcy Court thoroughly considered the evidence before it and concluded that there was insufficient evidence to support a finding of a connection between Debtors and the claims.[3] The Bankruptcy Court further found that Appellant failed to convince it otherwise. In doing so, it sustained the claim objections, and disallowed the claims. The evidence of record clearly indicates that there is no evidence of a relationship between Debtors and the claims and supports the Bankruptcy Court's findings.

Further, Appellant's supporting brief fails to point this Court to evidence that support his claims or that support reversal of the decisions of the Bankruptcy Court. I

---

[3] After the Bankruptcy Court ruled from the bench, the judge noted that he had looked at Appellant's documents, read what he submitted to the Court, both previously and in preparation for the hearing, and that he took binders home and read them. (D.I. 20, Ex. N at 128). It appears that when Appellant then sought to submit additional papers, the Bankruptcy Court stated, "well, you're going to submit paper to the Court at 9:00 before a 9:30 hearing, they're not going to be read." (*Id.*). Appellant responded that he had asked his attorney to submit them the week before and he resigned. (*Id.*) Wherein, the Bankruptcy Court replied, "that's a question between you and [your former attorney] . . . . as your agent, didn't do what he was supposed to do, then you may or may not have claims against him. I'm not saying you do, but the Court can't be held responsible for any miscommunication between a client and counsel. (*Id.* at 128-29).

would expect that if there were unpaid mineral leases, that there would be some evidence that such an obligation was once acknowledged in writing. Yet, the record contains no documents that support Appellant's arguments. Appellant's numerous submissions on appeal contain conclusory and unsupported allegations, without reference to the law. While Appellant included exhibits with his brief, they do not support reversal of the Bankruptcy Court's rulings. (See D.I. 18, Ex.; D.I. 21, Exs. A, B, C, D).

In light of the record and the testimony adduced at the hearing, the Court cannot conclude that the findings of fact were clearly erroneous or that the conclusions of law were erroneous. Thus, the Bankruptcy Court did not err in sustaining Debtors' objections to Claim Nos. 5739, 10003, and 10982.

## V. CONCLUSION

For the reasons explained, that the bankruptcy court's December 16, 2015 Orders will be affirmed.

An order consistent with this opinion will be issued.