# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

## NOTICE OF DEPOSITION
## OF THE DEBTORS PURSUANT TO FED. R. CIV. P. 30(b)(6)
## BY DELAWARE TRUST COMPANY, AS INDENTURE TRUSTEE

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Delaware Trust Company, as indenture trustee (the "Trustee") for the EFIH First Lien Notes (the "Notes"), and as collateral trustee, by and through undersigned counsel will take the deposition of a knowledgeable witness or witnesses designated to testify on behalf of the above-captioned debtors.  The deposition will take place on October 7, 2016, at 9:30 A.M., or such other date as the Participating Parties may agree, at the offices of **Wilmer Cutler Pickering Hale and Dorr, LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York, 10007**.  The deposition will take place before a court reporter and will be recorded by stenographic means, may be videotaped, and shall continue from day to day until it has been completed.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

1

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), made applicable here by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, the Debtors must designate one or more knowledgeable witnesses to testify on its behalf at the time and place specified above regarding the topics listed on attached Exhibit A.

Wilmington, Delaware
Dated: September 15, 2016

COLE SCHOTZ P.C.

 /s/ J. Kate Stickles
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: 302-652-3131
Facsimile: 302-652-3117
npernick@coleschotz.com
kstickles@coleschotz.com

-and-

WILMER CUTLER PICKERING HALE
AND DORR, LLP
Philip D. Anker
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800
Facsimile: 212-230-8888
Philip.anker@wilmerhale.com

**EXHIBIT A**

A.  **DEPOSITION TOPICS**

1.  The allowance and treatment of Claims derived from or based upon the EFIH First Lien Notes, including Makewhole Claims, under the New Plan.

2.  The allowance and treatment of Claims in Class B3 under the New Plan.

3.  The allowance and treatment of Claims in Class B6 under the New Plan, including the expected or potential recoveries of holders of Claims in Class B6 on account of such Claims.

4.  The differences between the New Plan and the Original Confirmed Plan with respect to the allowance and treatment of Claims in Class B3 or Class B6, including the change in treatment of Claims in Class B3 from Unimpaired to Impaired and the deletion in the New Plan of all provisions in Article III.B.19(c) of the Original Confirmed Plan following the first sentence thereof.

5.  The procedures and timing for the allowance of Claims under Article III.B.19(b)(iii) of the New Plan.

6.  The payment under the New Plan of Claims derived from or based upon the EFIH First Lien Notes, including Makewhole Claims, that are Allowed before, on, or after the EFH Effective Date, and the timing of such payments.

7.  The sources under the New Plan of payment of or distributions on Claims derived from or based upon the EFIH First Lien Notes, including Makewhole Claims, that are Allowed before, on, or after the EFH Effective Date, and the sufficiency of such sources to make such payments or distributions.

8.  The entity or entities that will be liable for paying Claims derived from or based upon the EFIH First Lien Notes, including Makewhole Claims, that are Allowed before, on, or after the Effective Date.

9.  The effect of the New Plan on the liens securing the EFIH First Lien Notes, including the existence and priority of such liens after the EFH Effective Date.

10. The effect of the New Plan on the collateral securing the EFIH First Lien Notes, including the existence and identity of the collateral to which the liens securing the EFIH First Lien Notes will attach after the EFH Effective Date and the value of such collateral.

11. The EFIH Unsecured Creditor Recovery Pool, including the amounts of cash, stock, and other assets therein that will be available for distribution on account of Claims in Class B6.

12. The effect of the New Plan on any rights of the Holders of Claims derived from or based upon the EFIH First Lien Notes or the EFIH First Lien Notes Trustee with respect to (a) the pending appeal by the EFIH First Lien Notes Trustee and such Holders regarding the denial of their Makewhole Claims, *Delaware Trust Company v. Energy Future Intermediate Holding Company LLC,* No. 16-1351 (3d Cir.); (b) the pending appeal in the adversary proceeding commenced by the EFIH First Lien Notes Trustee against the EFIH Second Lien Notes Trustee for turnover and other relief, *Delaware Trust Company, as Indenture Trustee v. Computershare Share Trust Company, N.A., et al.,* No. 16-cv-461 (D. Del.); (c) the pending appellate proceedings regarding the EFIH First Lien Settlement, *In re Energy Future Holdings Corp.,* No. 16-154 (U.S.); (d) any proceeding on remand from any of the foregoing; or (e) any action or relief that may be sought or granted in any of the foregoing.

13. The effect of the Plan on the EFIH First Lien 2017 Note Indenture, the EFIH First Lien 2020 Note Indenture, the EFIH First Lien Notes, the Collateral Trust Agreement, or any other agreement or document relating to the EFIH First Lien Notes, including the continuation, modification or termination on or after the Effective Date of any such agreement or document.

14. The capacity of EFH or Reorganized EFH to incur, service and timely repay debt (including any debt incurred to refinance any other debt of EFH or Reorganized EFH) as of the present or the EFH Effective Date.

15. The capacity of EFIH or Reorganized EFIH to incur, service and timely repay debt (including any debt incurred to refinance any other debt of EFIH or Reorganized EFIH) as of the present or the EFH Effective Date.

16. The New Plan's potential compliance with section 1129(b) of the Bankruptcy Code if Class B3 votes to reject the New Plan.

17. Any provisions of the New Plan affecting (in terms of allowance, treatment or otherwise) any Claims derived from or based upon the EFIH First Lien Notes, including Makewhole Claims.

18. The negotiation of the New Plan and the Debtors' consideration of alternatives thereto.

B. **DEFINITIONS**

1. "Allowed" shall have the meaning ascribed to it in the New Plan.

2. "And" and "Or," whether capitalized or not, are intended as terms of inclusion, and not exclusion, and should be construed both disjunctively and conjunctively so as to bring within the scope of the deposition topics specified in part A of this Exhibit A all topics and information which might otherwise be considered to be outside of their scope.

3. "Bankruptcy Code" means Title 11 of the United States Code, 11 U.S.C. § 101, et seq.

4. "Claim" shall have the meaning ascribed to it in the New Plan.

5. "Collateral Trust Agreement" shall mean the collateral trust agreement dated November 16, 2009 by and between EFIH and the EFIH First Lien Notes Trustee, as amended or supplemented from time to time.

6. "Original Confirmed Plan" means the Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 7285-1].

7. "Debtors" shall mean the debtors and debtors in possession in the above-captioned cases.

8. "EFH" shall mean Energy Future Holdings Corp., a Texas corporation.

9. "EFH Effective Date" shall have the meaning ascribed to it in the New Plan.

10. "EFIH" shall mean Energy Future Intermediate Holding Company LLC and EFIH Finance Inc.

11. "EFIH First Lien 2017 Note Indenture" shall have the meaning ascribed to it in the New Plan.

12. "EFIH First Lien 2020 Note Indenture" shall have the meaning ascribed to it in the New Plan.

13. "EFIH First Lien Notes" shall have the meaning ascribed to it in the New Plan.

14. "EFIH First Lien Notes Trustee" shall have the meaning ascribed to it in the New Plan.

15. "EFIH Unsecured Creditor Recovery Pool" shall have the meaning ascribed to it in the New Plan.

16. "Impaired" shall have the meaning ascribed to it in the New Plan.

17. "Including," whether capitalized or not, shall mean including, but not limited to. Phrases following the term "including" are not intended to be exhaustive of the topics or information sought and shall not in any way be read to limit the scope of the deposition topics specified in part A of this Exhibit A.

18. "Makewhole Claim" shall have the meaning ascribed to it in the New Plan.

19. "New Plan" shall mean the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., pursuant to Chapter 11 of the Bankruptcy Code filed on August 5, 2016 [D.I. 9199-1], as it may be amended, modified or supplemented from time to time (including the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp, Et Al., Pursuant to Chapter 11 of the Bankruptcy Code dated August 16, 2016 [D.I. 9321], and any further amendments, modifications or supplements thereto).

20. "Regarding", whether capitalized or not, shall mean concerning, referring to, relating to, evidencing, explaining, constituting or comprising.

21. "Reorganized EFH" shall have the meaning ascribed to it in the New Plan.

22. "Reorganized EFIH" shall have the meaning ascribed to it in the New Plan.

5

23. "Unimpaired" shall have the meaning ascribed to it in the New Plan.