**EXHIBIT A**

A.  **DEPOSITION TOPICS**

1. The allowance and treatment of Claims derived from or based upon the EFIH Second Lien Notes, including Makewhole Claims, under the New Plan.

2. The allowance and treatment of Claims in Class B4 under the New Plan.

3. The allowance and treatment of Claims in Class B6 under the New Plan, including the expected or potential recoveries of holders of Claims in Class B6 on account of such Claims.

4. The differences between the New Plan and the Original Confirmed Plan with respect to the allowance and treatment of Claims in Class B4 or Class B6, including the change in treatment of Claims in Class B4 from Unimpaired to Impaired.

5. The procedures and timing for the allowance of Claims under Article III.B.20(b)(iii) of the New Plan.

6. The payment under the New Plan of Claims derived from or based upon the EFIH Second Lien Notes, including Makewhole Claims, that are Allowed before, on, or after the EFH Effective Date, and the timing of such payments.

7. The sources under the New Plan of payment of or distributions on Claims derived from or based upon the EFIH Second Lien Notes, including Makewhole Claims, that are Allowed before, on, or after the EFH Effective Date, and the sufficiency of such sources to make such payments or distributions.

8. The entity or entities that will be liable for paying Claims derived from or based upon the EFIH Second Lien Notes, including Makewhole Claims, that are Allowed before, on, or after the Effective Date.

9. The effect of the New Plan on the liens securing the EFIH Second Lien Notes, including the existence and priority of such liens after the EFH Effective Date.

10. The effect of the New Plan on the collateral securing the EFIH Second Lien Notes, including the existence and identity of the collateral to which the liens securing the EFIH Second Lien Notes will attach after the EFH Effective Date and the value of such collateral.

11. The EFIH Unsecured Creditor Recovery Pool, including the amounts of cash, stock, and other assets therein that will be available for distribution on account of Claims in Class B6.

12. The effect of the New Plan on any rights of the Holders of Claims derived from or based upon the EFIH Second Lien Notes or the EFIH Second Lien Notes Trustee with respect to (a) the pending appeal by the EFIH Second Lien Notes Trustee and such Holders

regarding the denial of their Makewhole Claims, *Computershare Trust Company, N.A. et. al. v. Energy Future Intermediate Holding Company LLC et. al.,* Nos. 16-1926, 16-1927, and 16-1928 (3d Cir.); (b) the pending appeal in the adversary proceeding commenced by the EFIH First Lien Notes Trustee against the EFIH Second Lien Notes Trustee for turnover and other relief, *Delaware Trust Company, as Indenture Trustee v. Computershare Share Trust Company, N.A., et al.,* No. 16-cv-461 (D. Del.); (c) any proceeding on remand from any of the foregoing; or (d) any action or relief that may be sought or granted in any of the foregoing.

       13.     The effect of the Plan on the EFIH Second Lien Indenture, or any other agreement or document relating to the EFIH Second Lien Notes, including the continuation, modification or termination on or after the Effective Date of any such agreement or document.

       14.     The capacity of EFH or Reorganized EFH to incur, service and timely repay debt (including any debt incurred to refinance any other debt of EFH or Reorganized EFH) as of the present or the EFH Effective Date.

       15.     The capacity of EFIH or Reorganized EFIH to incur, service and timely repay debt (including any debt incurred to refinance any other debt of EFIH or Reorganized EFIH) as of the present or the EFH Effective Date.

       16.     The New Plan's potential compliance with section 1129(b) of the Bankruptcy Code if Class B4 votes to reject the New Plan.

       17.     Any provisions of the New Plan affecting (in terms of allowance, treatment or otherwise) any Claims derived from or based upon the EFIH Second Lien Notes, including Makewhole Claims.

       18.     The negotiation of the New Plan and the Debtors' consideration of alternatives thereto.

**B.  DEFINITIONS**

       1.     "Allowed" shall have the meaning ascribed to it in the New Plan.

       2.     "And" and "Or," whether capitalized or not, are intended as terms of inclusion, and not exclusion, and should be construed both disjunctively and conjunctively so as to bring within the scope of the deposition topics specified in part A of this Exhibit A all topics and information which might otherwise be considered to be outside of their scope.

       3.     "Bankruptcy Code" means Title 11 of the United States Code, 11 U.S.C. § 101, et seq.

       4.     "Claim" shall have the meaning ascribed to it in the New Plan.

       5.     "Original Confirmed Plan" means the Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the

Bankruptcy Code [D.I. 7285-1].

      6.    "Debtors" shall mean the debtors and debtors in possession in the above-captioned cases.

      7.    "EFH" shall mean Energy Future Holdings Corp., a Texas corporation.

      8.    "EFH Effective Date" shall have the meaning ascribed to it in the New Plan.

      9.    "EFIH" shall mean Energy Future Intermediate Holding Company LLC and EFIH Finance Inc.

      10.    "EFIH Second Lien Notes" shall have the meaning ascribed to it in the New Plan.

      11.    "EFIH Second Lien Notes Trustee" shall have the meaning ascribed to it in the New Plan.

      12.    "EFIH Unsecured Creditor Recovery Pool" shall have the meaning ascribed to it in the New Plan.

      13.    "Impaired" shall have the meaning ascribed to it in the New Plan.

      14.    "Including," whether capitalized or not, shall mean including, but not limited to. Phrases following the term "including" are not intended to be exhaustive of the topics or information sought and shall not in any way be read to limit the scope of the deposition topics specified in part A of this Exhibit A.

      15.    "Makewhole Claim" shall have the meaning ascribed to it in the New Plan.

      16.    "New Plan" shall mean the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., pursuant to Chapter 11 of the Bankruptcy Code filed on August 5, 2016 [D.I. 9199-1], as it may be amended, modified or supplemented from time to time (including the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp, Et Al., Pursuant to Chapter 11 of the Bankruptcy Code dated August 16, 2016 [D.I. 9321], and any further amendments, modifications or supplements thereto).

      17.    "Regarding", whether capitalized or not, shall mean concerning, referring to, relating to, evidencing, explaining, constituting or comprising.

      18.    "Reorganized EFH" shall have the meaning ascribed to it in the New Plan.

      19.    "Reorganized EFIH" shall have the meaning ascribed to it in the New Plan.

20. "Unimpaired" shall have the meaning ascribed to it in the New Plan.