**EXHIBIT B**

# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**ORDER (A)** ~~SCHEDULING CERTAIN HEARING DATES AND DEADLINES AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH CONFIRMATION OF THE DEBTORS' JOINT PLAN OF REORGANIZATION AS IT RELATES TO THE EFH/EFIH DEBTORS, (B)~~ **APPROVING THE EFH/EFIH DISCLOSURE STATEMENT, (~~C~~B) ESTABLISHING THE EFH/EFIH VOTING RECORD DATE, EFH/EFIH VOTING DEADLINE, AND OTHER DATES, (~~D~~C) APPROVING PROCEDURES FOR SOLICITING, RECEIVING, AND TABULATING VOTES ON THE PLAN, AND (~~E~~D) APPROVING THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS**

Upon the motion (the "Order")[2] of the EFH/EFIH Debtors for entry of an order (this "Order"): (a) ~~scheduling certain dates and deadlines and establishing certain protocols in connection with the confirmation of~~ the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended or supplemented from time to time, the "Plan") as it relates to the EFH/EFIH Debtors; (b) approving the *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors* (as modified, amended or supplemented from

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

time to time, the "EFH/EFIH Disclosure Statement") in connection with the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended or supplemented from time to time, the "Plan") as it relates to the EFH/EFIH Debtors; (b"); (c) establishing the EFH/EFIH Voting Record Date, EFH/EFIH Voting Deadline, and other related dates; (dc) approving procedures for soliciting, receiving, and tabulating votes on the Plan as it relates to the EFH/EFIH Debtors; and (ed) approving the manner and forms of notice and other related documents, all as more fully described in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Motion was adequate and appropriate under the particular circumstances; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon consideration ofthe Court having considered the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief have been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

 1. The Motion is granted to the extent provided herein.

**I. SCHEDULING MATTERS**

2

2.     The Original Scheduling Order, as modified by the Second Supplement to the Original Scheduling Order, shall remain in full force and effect.

3.     The protocols and schedule set forth below shall govern approval of the EFH/EFIH Disclosure Statement (the "EFH/EFIH Disclosure Statement Proceedings") and confirmation of the Plan (the "EFH/EFIH Confirmation Proceedings"), which, for the avoidance of doubt, includes all related discovery.

4.     Any party in interest, other than the parties listed in this paragraph, that intends to participate in the EFH/EFIH Disclosure Statement Proceedings or the EFH/EFIH Confirmation Proceedings (a "Proposed Participant") must file with the Court a notice indicating such intent (a "Notice of Intent"). Only a Proposed Participant who files a Notice of Intent to which the Court does not sustain an objection may take part in the EFH/EFIH Disclosure Statement Proceedings or the EFH/EFIH Confirmation Proceedings (each such party in interest a "Participating Party"). For purposes of the EFH/EFIH Disclosure Statement Proceedings and the EFH/EFIH Confirmation Proceedings, the Participating Parties shall include (a) the Debtors; (b) the ad hoc committee of certain unaffiliated holders of first lien senior secured claims against the TCEH Debtors (the "TCEH First Lien Ad Hoc Committee"); (c) Wilmington Trust, N.A., as TCEH first lien collateral agent and first lien administrative agent; (d) the ad hoc group of EFIH "PIK" noteholders; (e) the TCEH Creditors' Committee; (f) the EFH Creditors' Committee; (g) Pacific Investment Co. LLC, as manager for certain funds and accounts that hold EFIH DIP Loan Notes; (h) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, as indenture trustee for the EFIH second lien notes; (i) American Stock Transfer & Trust Company, LLC, Indenture Trustee for EFH Unsecured Notes; (j) the ad hoc group of EFH Legacy Noteholders; and (k) the United States Trustee in each case, without the need to file a Notice of

Intent to participate in the EFH/EFIH Disclosure Statement Proceedings or the EFH/EFIH Confirmation Proceedings.

5.    Each Notice of Intent must contain: (a) the name and address of the party in interest (or, in the case of a group of parties in interest, the names and addresses of each of its members) and the name of the law firm(s) and individual attorneys representing such party in interest or group; and (b) a description of the claims that the party in interest believes it may have against the EFH/EFIH Debtors, including, if available, a list of all proof(s) of claim filed either individually or by the group.

6.    A Proposed Participant may file a Notice of Intent at any time prior to the close of the EFH/EFIH Confirmation Proceedings, but each Participating Party must comply with all deadlines set forth in this Order and shall not be allowed to reopen any deadlines that have already passed prior to the Participating Party's filing of a Notice of Intent.

7.    The EFH/EFIH Debtors and the Participating Parties shall, within ten days of the filing of any Notice of Intent, have the right to object to that Notice of Intent on any and all grounds, including that the Notice of Intent is harassing, was served by persons that are not parties in interest, does not comply with the terms of this Order, or does not demonstrate a legally cognizable interest in the EFH/EFIH Disclosure Statement Proceedings or the EFH/EFIH Confirmation Proceedings. Until the Court rules on any such objection, the Proposed Participant shall not be deemed a Participating Party.

8.    The Court strongly encourages the parties to resolve all objections to the EFH/EFIH Disclosure Statement before the EFH/EFIH Disclosure Statement Hearing, encourages the parties to resolve all evidentiary disputes before the EFH/EFIH Confirmation Hearing, and strongly discourages the parties from pursuing expensive, time-consuming, and

unnecessary discovery or litigation regarding the adequacy of the EFH/EFIH Disclosure Statement or confirmation of the Plan.

9.    The following dates shall govern approval of the EFH/EFIH Disclosure Statement, including the EFH/EFIH Disclosure Statement Hearing, as well as confirmation of the Plan as it applies to the EFH/EFIH Debtors, including the EFH/EFIH Confirmation Hearing:

10.    **Fact Discovery**:

a. **Friday, August 19, 2016, at 4:00 p.m. (prevailing Eastern Time)**, shall be the deadline for Participating Parties to serve supplemental written discovery requests relating to material changes in the Plan (the "Supplemental Requests"), in accordance with the procedures below. **Friday, August 26, 2016**, shall be the deadline for the Participating Parties to serve responses and objections to the Supplemental Requests.

b. **Thursday, September 8, 2016**, shall be the deadline for Participating Parties to serve supplemental notices of deposition related to the EFH/EFIH Debtors.    Deposition notices must be served no later than seven days prior to the deposition date, and any objections thereto must be served no later than five days before the deposition date; *provided, however*, that the objection deadline will be no earlier than three days after the date the deposition notices are served.

c. **Thursday, October 13, 2016**, shall be the date on which all fact discovery related to the EFH/EFIH Debtors shall be complete.    Reasonable requests for follow up documents or limited fact depositions based on new information discovered after this date will not be unreasonably withheld.

d. **Tuesday, October 18, 2016**, shall be the date on which Participating Parties shall have provided logs of all documents responsive to the Supplemental Requests that were withheld on the basis of any claim of privilege.

e. **Friday, October 21, 2016**, shall be the deadline by which Participating Parties must file any motions to compel discovery responses and document production.

11.    **EFH/EFIH Disclosure Statement Proceedings**:

f. **Tuesday, September 6, 2016, at 4:00 p.m. (prevailing Eastern Time)**, at shall be the deadline by which any party, including the Participating Parties, must file any objections to the EFH/EFIH Disclosure Statement

with regard to aspects of the EFH/EFIH Disclosure Statement relating to the EFH/EFIH Debtors.

g.  **Thursday, September 8, 2016**, shall be the date by which counsel to parties who filed timely objections to the EFH/EFIH Disclosure Statement with regard to aspects of the EFH/EFIH Disclosure Statement relating to the EFH/EFIH Debtors and counsel to the Debtors must meet and confer with a view toward narrowing and resolving their disputes regarding the adequacy of the EFH/EFIH Disclosure Statement (the "EFH/EFIH DS Meet and Confer"). The EFH/EFIH DS Meet and Confer may be held either in person or by telephone. Any party whose attorney fails to timely participate in the EFH/EFIH DS Meet and Confer will be deemed to have waived its objections to the EFH/EFIH Disclosure Statement.

h.  **Friday, September 9, 2016**, shall be the deadline by which the Debtors must file their reply to all timely objections to the EFH/EFIH Disclosure Statement with regard to aspects of the EFH/EFIH Disclosure Statement relating to the EFH/EFIH Debtors.

i.  **Monday, September 12, 2016**, shall be the date on which the Debtors must file a statement identifying the objections to the EFH/EFIH Disclosure Statement that remain unresolved after the EFH/EFIH DS Meet and Confer. The Debtors shall contemporaneously file an amended version of the EFH/EFIH Disclosure Statement reflecting all proposed changes to the extent not filed with the reply on Friday, September 9, 2016.

j.  **Tuesday, September 13, 2016**, shall be the date of the start of the EFH/EFIH Disclosure Statement Hearing, *provided*, *however*, the EFH/EFIH Disclosure Statement Hearing may be continued from time to time by the Court or for good cause shown.

k.  **Friday, September 16, 2016**, shall be the date by which the Debtors must file the final EFH/EFIH Disclosure Statement, with regard to aspects of the EFH/EFIH Disclosure Statement relating to the EFH/EFIH Debtors, as approved by the Court.

12.  **Expert Discovery**:

l.  **Friday, October 14, 2016**, shall be the date by which the Participating Parties shall engage in the simultaneous exchange of reports prepared by the initial expert witnesses. These reports must satisfy the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. The Debtors will also update any of their valuation and liquidation analyses relating to the EFH/EFIH Debtors concurrently with the exchange of reports prepared by their initial expert witnesses.

m. **Wednesday, November 2, 2016**, shall be the date by which the Participating Parties shall engage in the simultaneous exchange of disclosures prepared by the rebuttal expert witnesses. These disclosures must satisfy the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

n. **Friday, November 11, 2016**, shall be the date on which all expert discovery relating to the EFH/EFIH Debtors shall be complete. Deposition notices must be served no later than five days prior to the deposition date, and any objections thereto must be served no later than three days before the deposition date; provided, however, that the objection deadline will be no earlier than three days after the date the deposition notices are served.

13. **EFH/EFIH Confirmation Proceedings**:

o. **Friday, October 14, 2016**, shall be the deadline by which Participating Parties must serve a preliminary list of witnesses and exhibits they intend to offer at the EFH/EFIH Confirmation Hearing. Witness lists shall identify all witnesses that each party will call or may call at each phase of the EFH/EFIH Confirmation Hearing and shall provide a brief summary of each witness's anticipated testimony.

p. **Monday, October 31, 2016**, shall be the date on which counsel to the Participating Parties shall meet and confer regarding the initial pretrial conference, including as to the duration of the trial.

q. **Thursday, November 3, 2016**, shall be the date of an initial pretrial conference. The number of trial days and the Court's post-trial procedures shall be determined at the initial pretrial conference.

r. **Monday, November 7, 2016**, shall be the deadline by which any party, including the Participating Parties, must file any objections to the Plan with regard to aspects of the Plan relating to the EFH/EFIH Debtors.

s. **Thursday, November 10, 2016**, shall be the deadline by which Participating Parties must serve a final list of witnesses and exhibits they intend to offer at the EFH/EFIH Confirmation Hearing. Witness lists shall identify all witnesses that each Participating Party will call or may call at the EFH/EFIH Confirmation Hearing and shall provide a brief summary of each witness's anticipated testimony.

t. **Thursday, November 10, 2016**, shall be the deadline by which any Participating Parties objecting to a deposition designation of a deposition transcript must serve their objection and by which any Participating Parties seeking to admit a deposition transcript excerpt as counter-

evidence at the EFH/EFIH Confirmation Hearing must serve notice identifying the specific excerpts to be offered.

u.  **Thursday, November 10, 2016**, shall be the deadline by which Participating Parties must file motions in limine and by which Participating Parties must submit a proposed joint pretrial order per Local Bankruptcy Rule 7016-2(d).

v.  **Thursday, November 10, 2016**, shall be the date by which the Participating Parties must meet and confer with a view toward narrowing and resolving their evidentiary disputes (the "EFH/EFIH Plan Meet and Confer"). The EFH/EFIH Plan Meet and Confer may be held either in person or by telephone.

w.  **Friday, November 11, 2016**, shall be the deadline by which Participating Parties must serve objections to final witness and exhibit lists and objections to deposition counter-designations.

x.  **Monday, November 14, 2016**, shall be the deadline by which the Participating Parties must file oppositions to any motions in limine.

y.  **Wednesday, November 30, 2016**, shall be the deadline by which the Debtors must file their reply to all timely objections to the Plan regarding aspects of the Plan relating to the EFH/EFIH Debtors.

z.  **Friday, December 2, 2016**, shall be the date of the final pretrial conference.

aa. **Monday, December 5, 2016**, shall be the date of the start of the EFH/EFIH Confirmation Hearing. The EFH/EFIH Confirmation Hearing will continue from day to day, as the Court's schedule permits, until completed; *provided, however,* the EFH/EFIH Confirmation Hearing may be continued from time to time by the Court or for good cause shown.

Trial time will be divided equally between Plan supporters and Plan objectors, to be monitored by a chess clock. The Court will consider the submission of written directs upon request by the parties, which submissions shall not count against the submitting party's available trial time.

## II.  Other governing protocols and procedures

14.  **Protective Order**. All discovery in connection with the EFH/EFIH Disclosure Statement Proceedings and EFH/EFIH Confirmation Proceedings shall be subject to and conducted in accordance with the terms of the Confidentiality Agreement and Stipulated

8

Protective Order, dated August 13, 2014 [D.I. 1833], attached hereto as **Exhibit 1** (the "Protective Order"). By serving a Notice of Intent, each Proposed Participant shall be deemed to have read and agreed to abide by the terms of the Protective Order. Upon becoming a Participating Party, each Participating Party must provide the Protective Order to any person it employs or engages who is given access to information produced in discovery.

15. **Document Discovery**:

bb. Repository. All producing parties shall produce documents by providing them to a third party service provider, which will then make the documents available through a document repository (the "Repository"). The Repository will be the same repository established under paragraph 7 of the *Order Establishing Discovery Procedures with Legacy Discovery of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties and Other Related Matters*, dated August 13, 2014 [D.I. 1832] (the "Legacy Discovery Protocol") and shall maintain the same functionality ordered under the Legacy Discovery Protocol. The Debtors shall remain responsible for the costs of housing the Repository, while each Participating Party shall be responsible for the costs of its respective access to and downloading from the Repository.

cc. Production Format Protocol. All documents and ESI produced by the Debtors or any non-Debtors in accordance with this Order shall be produced in conformance with the terms of the e-discovery protocol [D.I. 4138-2], attached hereto as **Exhibit 2**.

16. **Document Discovery from Legal, Financial, or Industry Advisors of the Participating Party**. Each Participating Party that is the recipient of a request for the production of documents agrees to make reasonable efforts to produce responsive and non-privileged documents on behalf of any legal, financial, or industry advisor retained by such Participating Party in connection with these chapter 11 cases and/or under the Participating Party's control, without the need for such advisor to be subpoenaed directly.

17. **Assertions of Privilege**. If any recipient of a discovery request withholds or redacts any documents on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, that person shall provide the Participants with a privilege log

consistent with Rule 26(b)(5) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7026 and 9014. Efficient means of providing information regarding claims of privilege are encouraged, and parties are encouraged to agree upon measures that further this end. For example, when asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by Rule 26(b)(5) by group or category. A party receiving a privilege log that groups documents or otherwise departs from a document by document or communication by communication listing may not object solely on that basis, but may object if the substantive information required by Rule 26(b)(5) has not been provided in a comprehensible form.

18. **Limitations on Interrogatories**. Unless otherwise ordered by the Court, interrogatories shall be restricted to those seeking names of witnesses with knowledge of discoverable information. Interrogatories other than those seeking information described in this paragraph shall not be allowed.

19. **Requests for Admission**. Without leave of the Court upon a specific showing of good cause, requests for admission pursuant to Rule 36 of the Federal Rules of Civil Procedure shall not be allowed, except with respect to any request to admit the authenticity of any described document.

20. **Limitations on Depositions**. A Participating Party must obtain leave of Court, for good cause shown, to take a deposition that would result in (a) more than 10 fact witness depositions taken by Plan objectors or 10 fact witnesses taken by Plan proponents; or (b) a witness being deposed more than once in his or her individual capacity. Each deposition taken in connection with EFH/EFIH Confirmation Proceedings shall be limited to eight hours. For purposes of these limitations, each witness produced in response to a Rule 30(b)(6) deposition

10

notice shall be treated as a separate deponent.  At least forty-eight hours in advance of any Rule 30(b)(6) deposition, the party being deposed shall identify all witnesses who will be put forward to testify on the topics in the 30(b)(6) deposition notice.  The respective Creditors' Committees and the secured creditors shall negotiate in good faith regarding the allocation of fact depositions.

21.    **Overlap with Prior Discovery**.  Participating Parties shall not serve discovery seeking the same documents from the same time period already produced by that Participating Party in response to other requests in these chapter 11 cases, including documents produced in connection with the Second Day motions, RSA, Venue, Retention, Makewhole proceedings, Legacy Discovery, or prior plan confirmation proceedings, nor shall the Participating Parties seek discovery on any topic that was resolved and settled in connection with the Settlement Order [D.I. 7243].  The Debtors will ensure that the Repository includes all documents produced pursuant to any formal document demand in these chapter 11 cases to which the Debtors have access.

22.    **Third-Party Documents Received Pursuant to Subpoena**.  Each Participating Party shall produce or make available to the other Participating Parties, through the Repository, all materials obtained from third parties pursuant to Rule 45 of the Federal Rules of Civil Procedure within five business days of receiving such material from a third party.

23.    **Expert Discovery**.  Any expert retained or specially employed to provide expert testimony in connection with the EFH/EFIH Confirmation Proceedings shall submit an expert report that satisfies the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.  The limitations on expert discovery under Rule 26(b)(4) shall apply.

11

24.    **Discovery Disputes**.  Any dispute with regard to discovery conducted under this Order that cannot be resolved in good faith consultation may be presented to the Court by a letter from the party seeking relief with all Participating Parties copied.  Unless otherwise agreed to by the disputing Participating Parties, any response to such letter shall be made by letter to the Court delivered within five business days after service of the initial letter submission on the applicable Participating Party.  Without leave from the Court, no letter shall exceed eight pages in length and no additional submissions will be permitted.

25.    **Amendments or Modifications**.  Except as otherwise ordered by the Court, this Order shall control any and all discovery by Participating Parties in connection with the EFH/EFIH Confirmation Proceedings; *provided, however,* that the Debtors, in agreement with the affected Participating Parties, may amend or modify the terms of this Order without further order by the Court upon filing written notice of such amendment or modification with the Court.

26.    **Service**.  All pleadings, motions, and other papers related to the EFH/EFIH Confirmation Proceedings that are filed are to be served electronically.  In addition, the Participating Parties agree to serve by e-mail on all other Participating Parties all discovery requests—in both .pdf and Word format—and written responses and other papers that are not filed.  If transmission of voluminous materials as an e-mail attachment is impractical, those materials shall be served by overnight delivery with the ability to "track" deliveries and verify receipt.  Unless received by 6 p.m. prevailing Eastern Time, discovery requests will be deemed received the next business day.

27.    **No Legal Representation Implied by Participation**.  For the avoidance of doubt, neither any provision of this Order nor the participation or activity by any attorney in any aspect of the EFH/EFIH Confirmation Proceedings shall be deemed or construed to create an

~~attorney-client relationship between any attorney and any Participating Party, and no attorney participating in the EFH/EFIH Confirmation Proceedings shall have any duty or obligation to any Participating Party other than as indicated on the applicable Notice of Intent.~~

~~**III.    EFH/EFIH DISCLOSURE STATEMENT MATTERS.**~~

### A.    Approval of the EFH/EFIH Disclosure Statement.

~~28.~~2.    The EFH/EFIH Disclosure Statement is hereby approved pursuant to section 1125 of the Bankruptcy Code as providing Holders of Claims and Interests entitled to vote on the Plan with adequate information to make an informed decision ~~as to~~about whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

~~29.~~3.    The EFH/EFIH Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

### B.    Approval of the EFH/EFIH Disclosure Statement Hearing Notice.

~~30.~~4.    The EFH/EFIH Disclosure Statement Hearing Notice, filed by the Debtors at Docket No. 9313 and attached hereto as **Exhibit ~~3~~1** and incorporated by reference herein~~, filed by the Debtors and served upon parties in interest in these chapter 11 cases no later than 28 days prior to the deadline by which parties in interest must file objections to the EFH/EFIH Disclosure Statement~~, constitutes adequate and sufficient notice of the hearing to consider approval of the EFH/EFIH Disclosure Statement, the manner in which a copy of the EFH/EFIH Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

**C.     Approval of Key Dates and Deadlines with Respect to the Plan as to the EFH/EFIH Debtors and the EFH/EFIH Disclosure Statement.**

~~31.~~5.   The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept, and voting on, the Plan as to the EFH/EFIH Debtors:

> a. September ~~1~~19, 2016, as the date for determining: (i) the Holders of Claims and Interests against the EFH/EFIH Debtors entitled to receive EFH/EFIH Solicitation Packages; (ii) the Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote to accept or reject the Plan; and (iii) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of such Claim (the "EFH/EFIH Voting Record Date"); *provided that, if the TCEH Effective Date occurs during the period between the EFH/EFIH Voting Record Date and the EFH/EFIH Voting Deadline, Reorganized TCEH shall be deemed the record holder of the TCEH Settlement Claim.*

> b. the Debtors shall distribute EFH/EFIH Solicitation Packages to Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote on the Plan within ten business days after the Debtors file the final version of the EFH/EFIH Disclosure Statement with the Court (or as soon as reasonably practicable thereafter) following entry of this Order (the "EFH/EFIH Solicitation Deadline"); and

> c. all Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote on the Plan must complete, execute, and return their Ballots so that they are actually received by the Solicitation Agent, ~~as applicable,~~ pursuant to the EFH/EFIH Solicitation Procedures, on or before November ~~21~~15, 2016, at ~~4~~2:00 p.m. (prevailing Eastern Time) (the "EFH/EFIH Voting Deadline").

**D.     Approval of the Form of, and Distribution of, EFH/EFIH Solicitation Packages to Parties Entitled to Vote on the Plan as to the EFH/EFIH Debtors.**

~~32.~~6.   In addition to the EFH/EFIH Disclosure Statement and exhibits thereto, including the Plan and this Order, the EFH/EFIH Solicitation Packages to be transmitted on or before the EFH/EFIH Solicitation Deadline to those Holders of Claims and Interests against the EFH/EFIH

Debtors in the EFH/EFIH Voting Classes entitled to vote on the Plan as of the EFH/EFIH Voting Record Date shall include the following, the form of each of which is hereby approved:

a. The form Ballots and Master Ballots, substantially in the forms attached hereto as **Exhibit 42-A** - **4-E2-G**, respectively;

b. the EFH/EFIH Cover Letter attached hereto as **Exhibit 53**;

c. the EFH/EFIH Disclosure Statement (and exhibits thereto, including the Plan);

d. this Order (without exhibits except for **Exhibit 108** attached hereto); and

e. the EFH/EFIH Confirmation Hearing Notice attached hereto as **Exhibit 64**.

33.7.   The EFH/EFIH Solicitation Packages provide the Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Bankruptcy Rules.

34.8.   The EFH/EFIH Debtors shall distribute EFH/EFIH Solicitation Packages to all Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote on the Plan on or before the EFH/EFIH Solicitation Deadline.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

35.9.   The EFH/EFIH Debtors are authorized, but not directed or required, to distribute the Plan, the EFH/EFIH Disclosure Statement, and this Order to Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote on the Plan in CD-ROM format.  The Ballots, the Cover Letter, and the EFH/EFIH Confirmation Hearing Notice will *only* be provided in paper form.  On or before the EFH/EFIH Solicitation Deadline, the EFH/EFIH Debtors shall provide (a) complete EFH/EFIH Solicitation Packages to the U.S. Trustee and counsel to the applicable agents for the EFH/EFIH Debtors' lenders and (b) the Order (in CD-ROM format) and the

EFH/EFIH Confirmation Hearing Notice to all parties on the 2002 List as of the EFH/EFIH Voting Record Date.

36.10.  Any party who receives a CD-ROM, but who would prefer to receive materials in paper format, may contact the Solicitation Agent and request paper copies of the corresponding materials previously received in CD-ROM format (to be provided at the EFH/EFIH Debtors' expense).

37.11.  The Solicitation Agent is authorized to assist the EFH/EFIH Debtors in (a) distributing the EFH/EFIH Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims and Interests against the EFH/EFIH Debtors; (c) responding to inquiries from Holders of Claims and Interests against the EFH/EFIH Debtors and other parties in interest relating to the EFH/EFIH Disclosure Statement, the Plan, the Ballots, the EFH/EFIH Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan as to the EFH/EFIH Debtors; (d) soliciting votes on the Plan as to the EFH/EFIH Debtors; and (e) if necessary, contacting Holders of Claims and Interests against the EFH/EFIH Debtors regarding the Plan.

38.12.  Each Nominee through which one or more Beneficial Holders holds securities as of the EFH/EFIH Voting Record Date is hereby ordered to distribute the EFH/EFIH Solicitation Package to the Beneficial Holders for which they hold the securities within five business days after receipt of such EFH/EFIH Solicitation Package from the Solicitation Agent and obtain the vote of such Beneficial Holders consistent with customary practices for obtaining the votes of securities held in "street name," in one of the following two ways:

        a. <u>Master Ballots:</u>  A Nominee may obtain the votes of Beneficial Holders by forwarding to the Beneficial Holders the applicable unsigned Beneficial

Holder Ballot, together with the EFH/EFIH Solicitation Package, a return envelope provided by, and addressed to, the Nominee, and other materials requested to be forwarded.  Each such Beneficial Holder may then indicate his/her or its vote on the Beneficial Holder Ballot, complete the information requested in the Beneficial Holder Ballot, review the certifications contained in the Beneficial Holder Ballot, execute the Beneficial Holder Ballot, and return the Beneficial Holder Ballot to the Nominee.  After collecting the Ballots, the Nominee shall, in turn, complete the applicable Master Ballot provided to such Nominee by the Solicitation Agent, and compile the votes and other information from the Beneficial Holder Ballot, execute the Master Ballot, and deliver the Master Ballot to the Solicitation Agent so that it is received by the Solicitation Agent before the EFH/EFIH Voting Deadline.  All Beneficial Holder Ballots returned by Beneficial Holders must be retained by Nominees for inspection for at least one year from the EFH/EFIH Voting Deadline.

b. <u>Pre-Validated Ballots</u>:  A Nominee may pre-validate a Beneficial Holder Ballot, by: (i) signing the applicable Beneficial Holder Ballot indicating the name of the Nominee and the DTC participation number; (ii) indicating on the Beneficial Holder Ballot the account number of the Beneficial Holder, and amount of the securities held by the Nominee for such Beneficial Holder; and (iii) forwarding such Beneficial Holder Ballot together with the EFH/EFIH Solicitation Package and other materials requested to be forwarded to the Beneficial Holder for voting.  The Beneficial Holder may then complete the information requested in the Ballot, review the certifications contained in the Ballot, and return the Ballot directly to the Solicitation Agent in the pre-addressed, postage paid envelope included with the EFH/EFIH Solicitation Package so that it is received by the Solicitation Agent before the EFH/EFIH Voting Deadline.  A list of the Beneficial Holders to whom "pre-validated" Ballots were delivered should be maintained by the Nominee for inspection for at least one year from the EFH/EFIH Voting Deadline.

**E.    Approval of the EFH/EFIH Confirmation Hearing Notice.**

~~39.~~13.  The EFH/EFIH Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit ~~6~~4**, constitutes adequate and sufficient notice of the hearings to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.  The EFH/EFIH Debtors shall publish the EFH/EFIH Confirmation Hearing Notice (in a format for

publication) in: (a) *The Wall Street Journal*, *USA Today*, *The Dallas Morning News*, *Houston Chronicle*, *Corpus Christi Caller Times*, *Fort Worth Star-Telegram*, and *Waco Tribune-Herald*, and (b) on the restructuring website established by Epiq, available at http://www.efhcaseinfo.com, in each case no later than seven days after the EFH/EFIH Solicitation Deadline (the "EFH/EFIH Publication Notice").

### F.   Approval of Notice of Filing of the Plan Supplement.

~~40.~~14.  The EFH/EFIH Debtors are authorized to send notice of the filing of the Plan Supplement, which will be filed and served ~~no later than fourteen days before~~on November 10, 2016 (as may be extended if the start date of the EFH/EFIH Confirmation Hearing is postponed, or such later date as may be approved by this Court~~,~~), substantially in the form attached hereto as **Exhibit ~~7~~ 5**, on the date the Plan Supplement is filed pursuant to the terms of the Plan.

### G.   Approval of the Form of Notices to EFH/EFIH Non-Voting Classes.

~~41.~~15.  Except to the extent the EFH/EFIH Debtors determine otherwise, the EFH/EFIH Debtors are not required to provide EFH/EFIH Solicitation Packages to Holders of Claims or Interests against the EFH/EFIH Debtors in Non-Voting Classes, as such holders are not entitled to vote on the Plan.  Instead, on or before the EFH/EFIH Solicitation Deadline, the Solicitation Agent shall mail (first-class, postage prepaid) a Non-Voting Status Notice in lieu of EFH/EFIH Solicitation Packages, the form of each of which is hereby approved, to those parties who are not entitled to vote on the Plan.  Holders of Unimpaired Claims that are deemed to accept the Plan in Classes A1, A2, A3, B1, B2, and B9 will receive notice, substantially in the form attached hereto as **Exhibit ~~8~~6**, in lieu of an EFH/EFIH Solicitation Package.  Holders of Impaired Claims against the EFH/EFIH Debtors that are deemed to reject the Plan in Classes A14, A16, B8, and B10 will receive notice, substantially in the form attached hereto as **Exhibit ~~9~~7**, in lieu of an EFH/EFIH Solicitation Package.

42.16.  The EFH/EFIH Debtors will not provide the Holders of Intercompany Claims and Interests in Classes A13, A15, and B7 with an EFH/EFIH Solicitation Package or any other type of notice in connection with solicitation.

43.17.  The EFH/EFIH Debtors are not required to mail EFH/EFIH Solicitation Packages or other solicitation materials to:  (a) Holders of Claims and Interests against the EFH/EFIH Debtors that have already been paid in full during these Chapter 11 Cases or (b) any party to whom the EFH/EFIH Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

**H.      Approval of the EFH/EFIH Solicitation Procedures.**

44.18.  The EFH/EFIH Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the EFH/EFIH Solicitation Procedures attached hereto as **Exhibit 108**, which are hereby approved in their entirety; *provided*, *however*, that the EFH/EFIH Debtors reserve the right to amend or supplement the EFH/EFIH Solicitation Procedures where, in the EFH/EFIH Debtors' best judgment, doing so would better facilitate the solicitation process.

**I.      Approval of Notices to Contract and Lease Counterparties.**

45.19.  The EFH/EFIH Debtors are authorized to mail a notice of assumption or rejection of any Executory Contracts or Unexpired Leases (and any corresponding Cure Claims), substantially in the forms attached hereto as **Exhibit 119** and **Exhibit 1210**, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan (as the case may be), within the time periods specified in the Plan.

**IV.     MISCELLANEOUS**

**J.      Miscellaneous.**

20.    The Plan Supplement filed by the EFH/EFIH Debtors will provide additional detail regarding the timing on submission and review of invoices (and nothing herein affects the rights of any Indenture Trustee to argue the appropriate standard of review governing such invoices at the hearing to consider Confirmation of the Plan as it relates to the EFH/EFIH Debtors).  Invoices will be submitted to the EFH/EFIH Debtors, the ultimate purchaser of EFH Corp.'s economic interest in Oncor, and the U.S. Trustee.  The approved review process will commence as soon as reasonably practicable following entry of the EFH/EFIH Confirmation Order.  The EFH/EFIH Debtors will file the proposed process for review of fees and expenses in the Plan Supplement, to be filed no later than November 10, 2016 (as may be extended if the start date of the EFH/EFIH Confirmation Hearing is postponed).

46.21.  For purposes of clarity, the page limit set forth in Local Bankruptcy Rule 7007-2(a)(iv) shall not apply to the Debtors in connection with filing any brief or declaration in support of Plan confirmation.

47.22.  To the extent necessary, the Local Bankruptcy Rules, including, for the avoidance of doubt, Local Rule 3017-1(a), are waived.

48.23.  Notice of the Motion as provided therein shall be deemed good and sufficient, and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

49.24.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

50.25.  All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

51.26.  The Debtors are authorized to take all actions necessary to effectuate the relief granted herein.

52.27.  The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Date: _____, 2016

_____
Honorable Christopher S. Sontchi
United States Bankruptcy Judge