# **EXHIBIT A**

**(Objection Chart)**

**ENERGY FUTURE HOLDINGS CORP., et al., Case No. 14-10979 (CSS)**

**STATUS CHART OF OBJECTIONS TO THE DISCLOSURE STATEMENT FOR THE THIRD AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE AS IT APPLIES TO THE EFH DEBTORS AND EFIH DEBTORS[1]**

| # | PARTY | DOCKET NO. | BASIS OF OBJECTION | STATUS OF OBJECTION |
|---|---|---|---|---|
| 1 | Delaware Trust Company, as indenture and collateral trustee for the EFIH First Lien Notes | 9486 | I. The EFH/EFIH Disclosure Statement does not contain adequate information because it does not provide sufficient information regarding:<br>A. the treatment of the Trustee's and Noteholders' Claims, including:<br>  1. whether holders of such Claims will retain their liens after the EFH/EFIH Effective Date,<br>  2. whether makewhole claims allowed on appeal will be allowed as unsecured claims,<br>  3. whether the Trustee's and Noteholders' rights regarding the claims-allowance process, pending appeals, and subordination agreements will be impaired,<br>  4. the timing and mechanics for distributions on EFIH First Lien Note Claims, and<br>  5. the EFH/EFIH Disclosure Statement contains certain inconsistencies with the Plan and the Plan Sponsor's rights thereunder, and<br>B. the Trustee's position on makewhole issues and how the Plan affects such claims, if the Trustee | I. A. In Section II.D.1 of the EFH/EFIH Disclosure Statement, the EFH/EFIH Debtors have included a statement from the EFIH First Lien Notes Trustee regarding the allowance and treatment of the EFIH First Lien Note Claims.<br><br>B. In Section I.E.2. of the EFH/EFIH Disclosure Statement, the EFH/EFIH Debtors have made additional disclosures regarding the makewhole litigation, including a statement from the EFIH First Lien Notes Trustee regarding the Plan and such claims.<br><br>II. A. The EFH/EFIH Debtors have removed the affirmative opt-out from the ballots that will be distributed to Holders of Claims in Classes B3 and B4.<br><br>B. The parties have agreed that the EFH/EFIH Voting Date shall be September 19, 2016.<br><br>C. The parties have agreed that Holders of EFIH First Lien Note Claims will vote in the amount of the principal that was outstanding as of June 18, 2014. |

---

[1] The EFH/EFIH Debtors are continuing to address Plan comments with all creditor constituencies.

The following parties filed reservations of rights: Fidelity Management & Research Company [D.I. 9489]; American Stock Transfer & Trust Company, LLC [D.I. 9490]; and the EFH Committee [D.I. 9495].

RLF1 15180144v.1

| # | PARTY | DOCKET NO. | BASIS OF OBJECTION | STATUS OF OBJECTION |
|---|---|---|---|---|
| | | | prevails on its pending appeal.<br><br>II. The relief requested in the proposed EFH/EFIH Disclosure Statement Order is improper because:<br>  A. the ballots require an affirmative opt-out of the releases,<br>  B. the EFH/EFIH Voting Record Date should be the same day as approval of the EFH/EFIH Disclosure Statement, and<br>  C. allowance of the EFIH First Lien Note Claims for voting purposes in the amount of $1.00 is misleading and undermines the two-thirds-in-amount voting requirement. | |
| 2 | Computershare Trust Company, N.A. and Computershare Trust Company of Canada, as indenture trustee for the EFIH Second Lien notes | 9491 | I. The EFH/EFIH Disclosure Statement does not contain adequate information because it does not provide sufficient information regarding:<br>  A. the timing and mechanics for distributions to holders of the EFIH Second Lien Note Claims,<br>  B. the treatment and payment of the EFIH Second Lien Notes' Makewhole Claim,<br>  C. the impairment of the EFIH Second Lien Note Claims, and<br>  D. the timing and mechanics for payment of fees and expenses of the EFIH Second Lien Trustee.<br><br>II. The relief requested in the proposed EFH/EFIH Disclosure Statement Order is improper because the EFH/EFIH Voting Record Date should be the same day as approval of the EFH/EFIH Disclosure Statement. | I. In Section I.E.2 of the EFH/EFIH Disclosure Statement, the EFH/EFIH Debtors have included a statement from the EFIH Second Lien Notes Trustee regarding the allowance and treatment of the EFIH Second Lien Note Claims. Further, in Section I.E.2. of the EFH/EFIH Disclosure Statement, the EFH/EFIH Debtors have made additional disclosures regarding the makewhole litigation, including a statement from the EFIH Second Lien Notes Trustee regarding the Plan and such claims.<br><br>II. The parties have agreed that the EFH/EFIH Voting Date shall be September 19, 2016. |
| 3 | Shirley Fenicle, individually and as successor-in-interest to the Estate of George Fenicle, William Fahy, and John. H. | 9492 | I. The EFH/EFIH Disclosure Statement does not contain adequate information because it does not provide sufficient information regarding distributions to Classes A3, A13, and A14.<br><br>II. The EFH/EFIH Disclosure Statement cannot be approved because the Plan is patently unconfirmable because discharging Unmanifested Asbestos Claims for which no proof of claim was filed would violate such claimants' due process right. | I. The EFH/EFIH Debtors have made additional disclosures with respect to the identified classes.<br><br>II. The EFH/EFIH Debtors have added a statement from the Asbestos Objectors regarding their position on the due process rights of unmanifested asbestos claimants and the related appeals. |

2

RLF1 15180144v.1

| # | PARTY | DOCKET NO. | BASIS OF OBJECTION | STATUS OF OBJECTION |
|---|---|---|---|---|
|  | Jones |  |  |  |
| 4 | UMB Bank, N.A., as Indenture Trustee for the EFIH Unsecured Notes | 9496 | I. The EFH/EFIH Disclosure Statement does not contain adequate information because it does not provide sufficient information regarding:<br><br>A. the projected recoveries to the EFIH Unsecured Noteholders, including the anticipated ratio of cash versus equity, and the waterfall of proceeds to EFH and EFIH creditors,<br><br>B. the timing and mechanics for receiving distributions, including a discussion about the Claims that must first be resolved and how long the EFH/EFIH Debtors anticipate those resolutions will take,<br><br>C. how Professional Fee Claims will be allocated between the EFH Debtors and the EFIH Debtors,<br><br>D. the treatment of makewhole claims allowed before and after the EFH/EFIH Effective Date,<br><br>E. the administration of the EFH Plan Administrator Board, including how it will be authorized to make distributions and other governance matters,<br><br>F. the administration and oversight of and the EFH/EFIH Distribution Account,<br><br>G. how distributions on account of EFH Non-Qualified Benefit Claims impact recoveries to holders of the EFIH Unsecured Notes or other creditors, and<br><br>H. claims-related litigation regarding the PIK Notes. | I. The EFH/EFIH Debtors have revised the EFH/EFIH Disclosure Statement to make additional disclosures concerning the EFIH Unsecured Noteholders, including, among other things, the factors that may affect the size of projected recoveries, the allocation of Professional Fee Claims, the treatment of makewhole claims, and the governance of the EFH Plan Administrator Board. |