# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: October 26, 2016 at 10:00 a.m.** |
| | ) **Objection Deadline: September 30, 2016 at 4:00 p.m.** |

## MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR AN ORDER AUTHORIZING ENTRY INTO AND PERFORMANCE UNDER THE STIPULATION BETWEEN LUMINANT GENERATION COMPANY LLC AND UNITED STATES ENRICHMENT CORPORATION

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing entry into and performance under the claim settlement stipulation between Luminant Generation Company LLC ("Luminant") and United States Enrichment Corporation ("USEC," and, together with Luminant, the "Parties") substantially in the form attached hereto as **Exhibit 1** to **Exhibit A** (the "Stipulation"). In support of this Motion, the Debtors submit the *Declaration of Terry L. Nutt, Senior Vice President of Finance for Luminant Holding Company LLC, in Support of the Motion of Energy Future Holdings Corp., et al., for an Order Authorizing Entry into and Performance Under the Stipulation Between Luminant Generation Company LLC and United States Enrichment Corporation*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

(the "Nutt Declaration"), filed contemporaneously herewith.  In further support of this Motion, the Debtors respectfully submit as follows.

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested in this Motion are sections 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Relief Requested

4. By this Motion, the Debtors seek entry of the Order authorizing Luminant to enter into and perform under the Stipulation.  The Court's approval of the Stipulation will authorize: (a) USEC to receive an allowed general unsecured claim against Luminant in the amount of $7,506,500 on account of its claim number 9920, and (b) the mutual release of all claims relating to the Contract (as defined below).

**Background**

5. On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered an order for joint administration of these chapter 11 cases. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98] and the *Third Amended Disclosure Statement for the Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 8747], filed with the Court on June 16, 2016.

6. In 2002, Luminant, then known as TXU Generation Company LP, entered into a contract with USEC for the supply of enriched uranium needed by Luminant for certain refuelings of its Comanche Peak units (the "Contract").

7.  On October 30, 2014, the Debtors filed the *Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases and Related Relief Thereto* [D.I. 2660], which provided for the rejection of the Contract upon entry of a rejection order by the Court.

8.  On November 19, 2014, the Court entered the *Order Approving the Rejection of Certain Executory Contracts and Unexpired Leases* [D.I. 2817], pursuant to which the Contract was rejected. As of the date of the rejection of the Contract, Luminant had one remaining purchase to make under the Contract.

9.  At the time of rejection, Luminant's remaining purchase obligation required it to purchase (i) enriched uranium containing 100,000 separative work units ("SWUs") at a price of $165.50 per SWU; and (ii) a packaging and handling charge of $4.95 per kilogram of uranium for the enriched uranium delivered. Luminant also was obligated to supply natural uranium feed stock for the enriched uranium or, if it did not make a timely delivery of feed stock, to purchase it from USEC, at a price equal to 125% of the uranium's spot market value.

10. On December 18, 2014, USEC filed a proof of claim designated as claim number 9920 in respect of its claim against Luminant arising out of the rejection of the Contract in the amount of $34,629,882.88 (the "Claim").

11. In an effort to develop a global resolution of the Claim and any outstanding issues under the Contract, the Parties engaged in arm's-length discussions and negotiated the Stipulation. As described below, the Stipulation provides for a settlement of the Claim and a mutual release of claims relating to the Agreement among the Parties:[2]

---

[2] The summaries of the Stipulation set forth in this section are qualified in their entirety by the provisions of the Stipulation. To the extent there exists any inconsistency between this summary and the Stipulation, the Stipulation shall govern.

(a) *Agreed Claim.* USEC shall receive, on account of claim no. 9920, an allowed general unsecured claim against Luminant in the amount of $7,506,500 (the "Agreed Claim").

(b) *Mutual Release.* Except with respect to the Agreed Claim, as of the date of the Bankruptcy Court's approval of the Stipulation, the Parties agree to release, waive, and discharge each other from any and all claims (including the Claim) arising before or after the Petition Date under or related to the Contract, any transactions entered thereunder, the Claim (other than the Agreed Claim), or the negotiation, execution, performance or any breaches of any of the foregoing; *provided, however,* that, for the avoidance of doubt, the foregoing release shall not apply to any claims not arising under or related to the Contract, including any new contract for the supply of nuclear material or services executed by the Debtors and the Claimant following rejection of the Contract.

12. The Debtors believe that resolving the Claim through the Stipulation will save the Debtors time and cost, minimize the uncertainties surrounding USEC's claims, and maximize value for the Debtors' estates.

## Basis for Relief

### I. The Stipulation Satisfies Section 363 of the Bankruptcy Code.

13. Section 363(b)(1) of the Bankruptcy Code authorizes a bankruptcy court, after notice and a hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). A debtor may use, sell, or lease property of the estate where a sound business purpose justifies such actions. *See Contrarian Funds LLC v. Aretex LLC (In re WestPoint Stevens, Inc.)*, 600 F.3d 231, 248 n.8 (2d Cir. 2010); *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991) (noting that criteria for approval of transaction under section 363(b) is whether debtor has "an articulated business justification"); *see also Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) (holding that debtor must satisfy the business judgment rule under section 363(b)(1)); *In re Borders Grp., Inc.*, 453 B.R. 459, 473 (Bankr. S.D.N.Y. 2011) (same); *Dai-ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re*

*Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999) ("In determining whether to authorize the use, sale or lease of property of the estate under this section, courts require the debtor to show that a sound business purpose justifies such actions.") (*citing to Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (setting forth the "sound business purpose" test in the context of a sale of assets under § 363(b)). Specifically, once a debtor articulates a valid business justification for a particular form of relief, the court reviews the debtor's request under the business judgment rule. *See In re Commercial Mortg. and Fin. Co.*, 414 B.R. 389, 394 (Bankr. N.D. Ill. 2009) (noting that a debtor in possession "has the discretionary authority to exercise his business judgment in operating the debtor's business similar to the discretionary authority to exercise business judgment given to an officer or director of a corporation").

14. The Debtors submit that the Stipulation satisfies section 363(b)(1) of the Bankruptcy Code. Specifically, the proposed Stipulation was negotiated at arm's length and in good faith. The Stipulation would, if approved, efficiently resolve the amounts owed by Luminant arising from the rejection of the Contract and release and discharge the Debtors from the Claim and all other claims relating to the Contract. Accordingly, the Debtors respectfully request that the Court approve the Stipulation.

II. **The Stipulation is Fair and in the Best Interests of the Debtors' Estates, Is a Proper Exercise of the Debtors' Business Judgment, and Should Be Approved.**

15. Bankruptcy Rule 9019(a) provides, in relevant part:

> On motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, . . . and indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

16. The Stipulation is subject to approval by the Court under Bankruptcy Rule 9019(a). Settlements and compromises are tools often utilized to expedite case administration and to reduce unnecessary administrative costs; as such, they are favored in bankruptcy. *See In re Nutraquest, Inc.*, 434 F.3d 639, 646 (3d Cir. 2006) ("[i]t is axiomatic that settlement will almost always reduce the complexity and inconvenience of litigation"); *In re Key3Media Grp., Inc.*, 2006 WL 2842462, at *3 (D. Del. Oct. 2, 2006). Pursuant to Bankruptcy Rule 9019(a), a bankruptcy court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed compromise is fair, reasonable, and in the best interest of the estate. *See In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del 1998) ("[T]he ultimate inquiry [is] whether 'the compromise is fair, reasonable, and in the interest of the estate.'"); *In re Nw. Corp.*, 2008 WL 2704341, at *6 (Bankr. D. Del. July 10, 2008) ("[T]he bankruptcy court must determine whether the compromise is fair, reasonable, and in the best interests of the estate."); *In re Key3Media Grp., Inc.*, 336 B.R. 87, 92 (Bankr D. Del. 2005) ("[T]he bankruptcy court has a duty to make an informed, independent judgment that the compromise is fair and equitable.").

17. A proposed compromise need not be the best result that a debtor could have achieved, but only must fall within the "reasonable range of litigation possibilities." *In re Energy Corp.*, 886 F.2d 921, 929 (7th Cir. 1989); *In re Sea Containers Ltd.*, 2008 WL 4296562, at *5 (Bankr. D. Del. Sept. 19, 2008); *Key3Media Grp.*, 2006 WL 2842462, at *3.

18. In determining whether a compromise is fair and equitable, the Third Circuit has adopted a balancing test, under which a bankruptcy court should decide whether to approve a particular compromise or settlement. The factors of the balancing test are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation

involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Nutraquest,* 434 F.3d 639, 643; *see also Key3Media Grp.,* 336 B.R. 87 at 93 (when determining whether a compromise is in the best interests of the estate, courts must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal" (internal citations omitted)).

19. Based on the above factors, the Debtors believe the Stipulation represents a fair and reasonable compromise that is in the best interests of the Debtors' estates. The Stipulation resolves the Claim relating to the Contract by providing for an Agreed Claim in an amount significantly less than that asserted in the Claim, and avoids the time, expense, delay, and uncertainty of litigating the Claim. This compromise, therefore, preserves value for the Debtors' estates and the Debtors respectfully request that the Court approve the Stipulation pursuant to Bankruptcy Rule 9019 and section 363 of the Bankruptcy Code.

## Waiver of Bankruptcy Rules 6004(a) and 6004(h)

20. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## Notice

21. The Debtors shall provide notice of this Motion on the date hereof via first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer &

Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of

TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002; and (z) USEC and counsel thereto. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

22.  No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Wilmington, Delaware

Dated: September 16, 2016
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
defranceschi@rlf.com
madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
stephen.hessler@kirkland.com
brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted pro hac vice)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
marc.kieselstein@kirkland.com
chad.husnick@kirkland.com
steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*