

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

**ORDER (A) APPROVING THE
EFH/EFIH DISCLOSURE STATEMENT, (B) ESTABLISHING
THE EFH/EFIH VOTING RECORD DATE, EFH/EFIH VOTING DEADLINE,
AND OTHER DATES, (C) APPROVING PROCEDURES FOR SOLICITING,
RECEIVING, AND TABULATING VOTES ON THE PLAN, AND (D) APPROVING
THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS**

Upon the motion (the "Motion")[2] of the EFH/EFIH Debtors for entry of an order (this "Order"): (a) approving the *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors* (as modified, amended or supplemented from time to time, the "EFH/EFIH Disclosure Statement") in connection with the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended or supplemented from time to time, the "Plan") as it relates to the EFH/EFIH Debtors; (b) establishing the EFH/EFIH Voting Record Date, EFH/EFIH Voting Deadline, and other related dates; (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan as it relates to the EFH/EFIH Debtors; and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

1

(d) approving the manner and forms of notice and other related documents, all as more fully described in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Motion was adequate and appropriate under the particular circumstances; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and the Court having considered the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief have been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1. The Motion is granted to the extent provided herein.

A. **Approval of the EFH/EFIH Disclosure Statement.**

2. The EFH/EFIH Disclosure Statement is hereby approved pursuant to section 1125 of the Bankruptcy Code as providing Holders of Claims and Interests entitled to vote on the Plan with adequate information to make an informed decision about whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3. The EFH/EFIH Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**B.    Approval of the EFH/EFIH Disclosure Statement Hearing Notice.**

4. The EFH/EFIH Disclosure Statement Hearing Notice, filed by the Debtors at Docket No. 9313 and attached hereto as **Exhibit 1** and incorporated by reference herein, constitutes adequate and sufficient notice of the hearing to consider approval of the EFH/EFIH Disclosure Statement, the manner in which a copy of the EFH/EFIH Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

**C.    Approval of Key Dates and Deadlines with Respect to the Plan as to the EFH/EFIH Debtors and the EFH/EFIH Disclosure Statement.**

5. The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept, and voting on, the Plan as to the EFH/EFIH Debtors:

  a. September 19, 2016, as the date for determining: (i) the Holders of Claims and Interests against the EFH/EFIH Debtors entitled to receive EFH/EFIH Solicitation Packages; (ii) the Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote to accept or reject the Plan; and (iii) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of such Claim (the "EFH/EFIH Voting Record Date"); *provided that*, if the TCEH Effective Date occurs during the period between the EFH/EFIH Voting Record Date and the EFH/EFIH Voting Deadline, Reorganized TCEH shall be deemed the record holder of the TCEH Settlement Claim.

  b. the Debtors shall distribute EFH/EFIH Solicitation Packages to Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote on the Plan within ten business days after the Debtors file the final version of the EFH/EFIH Disclosure Statement with the Court (or as soon as reasonably practicable thereafter) following entry of this Order (the "EFH/EFIH Solicitation Deadline"); and

  c. all Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote on the Plan must complete, execute, and return their Ballots so that they are actually received by the Solicitation Agent, pursuant to the

EFH/EFIH Solicitation Procedures, on or before November 15, 2016, at 2:00 p.m. (prevailing Eastern Time) (the "EFH/EFIH Voting Deadline").

D. **Approval of the Form of, and Distribution of, EFH/EFIH Solicitation Packages to Parties Entitled to Vote on the Plan as to the EFH/EFIH Debtors.**

6. In addition to the EFH/EFIH Disclosure Statement and exhibits thereto, including the Plan and this Order, the EFH/EFIH Solicitation Packages to be transmitted on or before the EFH/EFIH Solicitation Deadline to those Holders of Claims and Interests against the EFH/EFIH Debtors in the EFH/EFIH Voting Classes entitled to vote on the Plan as of the EFH/EFIH Voting Record Date shall include the following, the form of each of which is hereby approved:

    a. The form Ballots and Master Ballots, substantially in the forms attached hereto as **Exhibit 2-A - 2-G**, respectively;

    b. the EFH/EFIH Cover Letter attached hereto as **Exhibit 3**;

    c. the EFH/EFIH Disclosure Statement (and exhibits thereto, including the Plan);

    d. this Order (without exhibits except for **Exhibit 8** attached hereto); and

    e. the EFH/EFIH Confirmation Hearing Notice attached hereto as **Exhibit 4**.

7. The EFH/EFIH Solicitation Packages provide the Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Bankruptcy Rules.

8. The EFH/EFIH Debtors shall distribute EFH/EFIH Solicitation Packages to all Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote on the Plan on or before the EFH/EFIH Solicitation Deadline. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

9. The EFH/EFIH Debtors are authorized, but not directed or required, to distribute the Plan, the EFH/EFIH Disclosure Statement, and this Order to Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote on the Plan in CD-ROM format. The Ballots, the Cover Letter, and the EFH/EFIH Confirmation Hearing Notice will *only* be provided in paper form. On or before the EFH/EFIH Solicitation Deadline, the EFH/EFIH Debtors shall provide (a) complete EFH/EFIH Solicitation Packages to the U.S. Trustee and counsel to the applicable agents for the EFH/EFIH Debtors' lenders and (b) the Order (in CD-ROM format) and the EFH/EFIH Confirmation Hearing Notice to all parties on the 2002 List as of the EFH/EFIH Voting Record Date.

10. Any party who receives a CD-ROM, but who would prefer to receive materials in paper format, may contact the Solicitation Agent and request paper copies of the corresponding materials previously received in CD-ROM format (to be provided at the EFH/EFIH Debtors' expense).

11. The Solicitation Agent is authorized to assist the EFH/EFIH Debtors in (a) distributing the EFH/EFIH Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims and Interests against the EFH/EFIH Debtors; (c) responding to inquiries from Holders of Claims and Interests against the EFH/EFIH Debtors and other parties in interest relating to the EFH/EFIH Disclosure Statement, the Plan, the Ballots, the EFH/EFIH Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan as to the EFH/EFIH Debtors; (d) soliciting votes on the Plan as to the EFH/EFIH Debtors; and (e) if necessary, contacting Holders of Claims and Interests against the EFH/EFIH Debtors regarding the Plan.

12. Each Nominee through which one or more Beneficial Holders holds securities as of the EFH/EFIH Voting Record Date is hereby ordered to distribute the EFH/EFIH Solicitation Package to the Beneficial Holders for which they hold the securities within five business days after receipt of such EFH/EFIH Solicitation Package from the Solicitation Agent and obtain the vote of such Beneficial Holders consistent with customary practices for obtaining the votes of securities held in "street name," in one of the following two ways:

a. <u>Master Ballots:</u>  A Nominee may obtain the votes of Beneficial Holders by forwarding to the Beneficial Holders the applicable unsigned Beneficial Holder Ballot, together with the EFH/EFIH Solicitation Package, a return envelope provided by, and addressed to, the Nominee, and other materials requested to be forwarded. Each such Beneficial Holder may then indicate his/her or its vote on the Beneficial Holder Ballot, complete the information requested in the Beneficial Holder Ballot, review the certifications contained in the Beneficial Holder Ballot, execute the Beneficial Holder Ballot, and return the Beneficial Holder Ballot to the Nominee.  After collecting the Ballots, the Nominee shall, in turn, complete the applicable Master Ballot provided to such Nominee by the Solicitation Agent, and compile the votes and other information from the Beneficial Holder Ballot, execute the Master Ballot, and deliver the Master Ballot to the Solicitation Agent so that it is received by the Solicitation Agent before the EFH/EFIH Voting Deadline. All Beneficial Holder Ballots returned by Beneficial Holders must be retained by Nominees for inspection for at least one year from the EFH/EFIH Voting Deadline.

b. <u>Pre-Validated Ballots:</u>  A Nominee may pre-validate a Beneficial Holder Ballot, by: (i) signing the applicable Beneficial Holder Ballot indicating the name of the Nominee and the DTC participation number; (ii) indicating on the Beneficial Holder Ballot the account number of the Beneficial Holder and amount of the securities held by the Nominee for such Beneficial Holder; and (iii) forwarding such Beneficial Holder Ballot together with the EFH/EFIH Solicitation Package and other materials requested to be forwarded to the Beneficial Holder for voting.  The Beneficial Holder may then complete the information requested in the Ballot, review the certifications contained in the Ballot, and return the Ballot directly to the Solicitation Agent in the pre-addressed, postage paid envelope included with the EFH/EFIH Solicitation Package so that it is received by the Solicitation Agent before the EFH/EFIH Voting Deadline. A list of the Beneficial Holders to whom "pre-validated" Ballots were delivered should be maintained by the Nominee for inspection for at least one year from the EFH/EFIH Voting Deadline.

### E. Approval of the EFH/EFIH Confirmation Hearing Notice.

13. The EFH/EFIH Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 4**, constitutes adequate and sufficient notice of the hearings to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. The EFH/EFIH Debtors shall publish the EFH/EFIH Confirmation Hearing Notice (in a format for publication) in: (a) *The Wall Street Journal*, *USA Today*, *The Dallas Morning News*, *Houston Chronicle*, *Corpus Christi Caller Times*, *Fort Worth Star-Telegram*, and *Waco Tribune-Herald*, and (b) on the restructuring website established by Epiq, available at http://www.efhcaseinfo.com, in each case no later than seven days after the EFH/EFIH Solicitation Deadline (the "EFH/EFIH Publication Notice").

### F. Approval of Notice of Filing of the Plan Supplement.

14. The EFH/EFIH Debtors are authorized to send notice of the filing of the Plan Supplement, which will be filed and served on November 10, 2016 (as may be extended if the start date of the EFH/EFIH Confirmation Hearing is postponed, or such later date as may be approved by this Court), substantially in the form attached hereto as **Exhibit 5**, on the date the Plan Supplement is filed pursuant to the terms of the Plan.

### G. Approval of the Form of Notices to EFH/EFIH Non-Voting Classes.

15. Except to the extent the EFH/EFIH Debtors determine otherwise, the EFH/EFIH Debtors are not required to provide EFH/EFIH Solicitation Packages to Holders of Claims or Interests against the EFH/EFIH Debtors in Non-Voting Classes, as such holders are not entitled to vote on the Plan. Instead, on or before the EFH/EFIH Solicitation Deadline, the Solicitation Agent shall mail (first-class, postage prepaid) a Non-Voting Status Notice in lieu of EFH/EFIH

Solicitation Packages, the form of each of which is hereby approved, to those parties who are not entitled to vote on the Plan. Holders of Unimpaired Claims that are deemed to accept the Plan in Classes A1, A2, A3, B1, B2, and B9 will receive notice, substantially in the form attached hereto as **Exhibit 6**, in lieu of an EFH/EFIH Solicitation Package. Holders of Impaired Claims against the EFH/EFIH Debtors that are deemed to reject the Plan in Classes A14, A16, B8, and B10 will receive notice, substantially in the form attached hereto as **Exhibit 7**, in lieu of an EFH/EFIH Solicitation Package.

16. The EFH/EFIH Debtors will not provide the Holders of Intercompany Claims and Interests in Classes A13, A15, and B7 with an EFH/EFIH Solicitation Package or any other type of notice in connection with solicitation.

17. The EFH/EFIH Debtors are not required to mail EFH/EFIH Solicitation Packages or other solicitation materials to: (a) Holders of Claims and Interests against the EFH/EFIH Debtors that have already been paid in full during these Chapter 11 Cases or (b) any party to whom the EFH/EFIH Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

**H.    Approval of the EFH/EFIH Solicitation Procedures.**

18. The EFH/EFIH Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the EFH/EFIH Solicitation Procedures attached hereto as **Exhibit 8**, which are hereby approved in their entirety; *provided, however*, that the EFH/EFIH Debtors reserve the right to amend or supplement the EFH/EFIH Solicitation Procedures where, in the EFH/EFIH Debtors' best judgment, doing so would better facilitate the solicitation process.

**I.    Approval of Notices to Contract and Lease Counterparties.**

19. The EFH/EFIH Debtors are authorized to mail a notice of assumption or rejection of any Executory Contracts or Unexpired Leases (and any corresponding Cure Claims), substantially in the forms attached hereto as **Exhibit 9** and **Exhibit 10**, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan (as the case may be), within the time periods specified in the Plan.

**J.     Miscellaneous.**

20. The Plan Supplement filed by the EFH/EFIH Debtors will provide additional detail regarding the timing on submission and review of invoices (and nothing herein affects the rights of any Indenture Trustee to argue the appropriate standard of review governing such invoices at the hearing to consider Confirmation of the Plan as it relates to the EFH/EFIH Debtors). Invoices will be submitted to the EFH/EFIH Debtors, the ultimate purchaser of EFH Corp.'s economic interest in Oncor, and the U.S. Trustee. The approved review process will commence as soon as reasonably practicable following entry of the EFH/EFIH Confirmation Order. The EFH/EFIH Debtors will file the proposed process for review of fees and expenses in the Plan Supplement, to be filed no later than November 10, 2016 (as may be extended if the start date of the EFH/EFIH Confirmation Hearing is postponed).

21. For purposes of clarity, the page limit set forth in Local Bankruptcy Rule 7007-2(a)(iv) shall not apply to the Debtors in connection with filing any brief or declaration in support of Plan confirmation.

22. To the extent necessary, the Local Bankruptcy Rules, including, for the avoidance of doubt, Local Rule 3017-1(a), are waived.

23. Notice of the Motion as provided therein shall be deemed good and sufficient, and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

24. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

25. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

26. The Debtors are authorized to take all actions necessary to effectuate the relief granted herein.

27. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware  
Date: September 19, 2016

_____  
Honorable Christopher S. Sontchi  
United States Bankruptcy Judge