IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: D.I. 9478** |
| | ) |

ORDER (A) AUTHORIZING THE EFIH
DEBTORS TO ENTER INTO A FIRST AMENDMENT TO THE EFIH
DEBTOR-IN-POSSESSION CREDIT AGREEMENT (B) AUTHORIZING
ENTRY INTO AN ENGAGEMENT LETTER, (C) AUTHORIZING PAYMENT OF
RELATED FEES AND EXPENSES, (D) AUTHORIZING THE USE OF CASH
COLLATERAL, AND (E) MODIFYING THE AUTOMATIC STAY

Upon the motion (the "Motion")[2] of the Energy Future Intermediate Holding Company LLC ("EFIH") and EFIH Finance Inc. (together with EFIH, the "Borrower"), each as a debtor and debtor-in-possession (collectively, the "EFIH Debtors") for entry of an order (this "Order") pursuant to sections 105, 361, 362, 363, 364, 502, 506, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 3012, 4001, 6003, 6004, and 9014, and Local Bankruptcy Rules 2002, 4001, and 9014: (a) authorizing the EFIH Debtors to enter into the proposed amendment to the EFIH First Lien DIP Credit Agreement, (b) authorizing entry into the related engagement letter (c) authorizing the EFIH Debtors to pay any fees, premiums, and expenses incurred in connection with the foregoing and transactions related thereto, (d) authorizing the use of cash

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

RLF1 15192675v.1

collateral, and (e) modifying the automatic stay; all as more fully set forth in the Motion and the McMullan Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the EFIH Debtors' estates, their creditors, and other parties in interest, and that the EFIH Debtors' obligations under the Engagement Letter and the Amendment are actual, necessary costs and expenses of preserving the estates; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, the McMullan Declaration, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY FOUND:[3]

    A.    Good cause has been shown for the entry of this Order.

    B.    The Amendment and Engagement Letter fees are fair, reasonable, and appropriate under the circumstances.

    C.    The Amendment and Engagement Letter are fair and reasonable, reflects the EFIH Debtors' exercise of business judgment consistent with their fiduciary duties and is supported by reasonably equivalent value and fair consideration.

---

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, pursuant to Bankruptcy Rule 7052.

D. The Amendment and Engagement Letter have been negotiated in good faith and at arm's length between the EFIH Debtors, the DIP Agent, and the EFIH First Lien DIP Lenders, and the EFIH Debtors' obligations and indebtedness arising under, in respect of or in connection with the Amendment shall be deemed to have been extended by the EFIH First Lien DIP Lenders in good faith, as that term is used in section 364(e) of the Bankruptcy Code.

Based upon the foregoing findings, and upon the record made before this Court at the Hearing, and good and sufficient cause appearing therefor; it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein on a final basis.

2. Any and all objections to the Motion are hereby overruled in all respects.

3. The Debtors' entry into (a) the Engagement Letter, in the form attached to the Motion as **Exhibit B**, and (b) the Amendment in the form attached hereto as **Exhibit 1**, is approved and the EFIH Debtors are authorized to use cash collateral, subject to the terms and conditions set forth in this Order.

4. The EFIH Debtors are authorized to enter into the Amendment and the Engagement Letter and perform all obligations thereunder on the terms and conditions set forth therein, without notice, hearing, or further order of this Court when and to the extent they become due under the Amendment and Engagement Letter pursuant to sections 105(a) and 363 of the Bankruptcy Code.

5. The Amendment is deemed to be a EFIH First Lien DIP Document (as defined in the Existing DIP Order) and the obligations of the EFIH Debtors under the Amendment are deemed to be EFIH First Lien DIP Obligations (as defined in the Existing DIP Order).

6. The Existing DIP Order, entered on March 10, 2015 has become a final and non-appealable order. The findings, terms, provisions, and protections set forth in the Existing

3

RLF1 15192675v.1

DIP Order, including, without limitation, any and all claims, liens and rights granted to the EFIH First Lien DIP Lenders therein remain fully in effect, are fully applicable to the Amendment and the Engagement Letter and are incorporated herein by reference as if fully set forth herein.

7. The EFIH Debtors hereby are authorized to use the cash and cash equivalent proceeds of the collateral securing the EFIH Prepetition Secured Obligations (as defined in the EFIH First Lien DIP Credit Agreement) that constitute "cash collateral" within the meaning of section 363 of the Bankruptcy Code and other property in which the EFIH Prepetition Collateral Trustee and Prepetition Secured Notes Trustees (as defined in the EFIH First Lien DIP Credit Agreement) have an interest pursuant to sections 363(b) and 363(c) of the Bankruptcy Code in accordance with the terms and conditions of the Amendment and Engagement Letter, the EFIH First Lien DIP Credit Agreement and as set forth in this Order, *provided, however*, that use of cash or transfers of cash to any debtor other than the EFIH Debtors shall not be permitted, except to the extent permitted under the "first day" order authorizing the EFIH Debtors to, among other things, continue using their cash management system (the "Cash Management Order"), *provided further, however*, that the foregoing shall not restrict intercompany payments and other transfers of cash collateral in connection with any bankruptcy-related expenses of the EFIH Debtors (including payment of professionals' fees of the EFIH Debtors) to the extent that such payments or other transfers are approved by the Cash Management Order, including, but not limited to, pursuant to any Shared Services Agreement, Separation Agreement, or Tax Sharing Agreement (as defined in the EFIH First Lien DIP Credit Agreement).

8. The EFIH Debtors are authorized to pay to the DIP Agent and the EFIH First Lien DIP Lenders the fees and expenses associated with the Amendment and Engagement Letter, including, without limitation, all fees and expenses incurred prior to the date of this Order, on the

terms and conditions set forth in the Amendment and Engagement Letter, without notice, hearing, or further order of this Court as, when and to the extend they become due and payable under the terms of the Amendment and Engagement Letter.

9. The fees and expenses associated with the Amendment and Engagement Letter, to the extent payable under the Amendment, Engagement Letter, and this Order, are actual, necessary costs and expenses of preserving the EFIH Debtors' estates and shall be treated as allowed administrative priority claims against the EFIH Debtors under sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code. Such fees, expenses, and indemnities shall not be discharged, modified, or otherwise affected by any chapter 11 Plan of the EFIH Debtors, dismissal of these chapter 11 cases, or conversion of these chapter 11 cases to chapter 7 cases, nor shall any of such amount be required to be disgorged.

10. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The EFIH Debtors are authorized to take all actions reasonably necessary or advisable to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

13. The terms and provisions of this Order shall be binding in all respects upon all parties in these Cases, the EFIH Debtors, their estates, and all successors and assigns thereof, including any chapter 7 trustee or chapter 11 trustee appointed in any of these cases or after conversion of any of these cases to cases under chapter 7 of the Bankruptcy Code.

Dated: September 20, 2016
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE