## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 9513** |

## CERTIFICATION OF NO OBJECTION REGARDING "MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER APPROVING THE SETTLEMENT BETWEEN THE DEBTORS AND THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS" [D.I. 9513]

The undersigned hereby certifies that, as of the date hereof, he has received no answer, objection or any other responsive pleading to the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Approving the Settlement Between the Debtors and the Texas Comptroller of Public Accounts* [D.I. 9513] (the "Motion") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), with the United States Bankruptcy Court for the District of Delaware (the "Court") on September 9, 2016.[2]

The undersigned further certifies that he has reviewed the Court's docket in this case and no answer, objection or other responsive pleading to the Motion appears thereon. Pursuant to the *Order Granting Motion to Shorten Notice and Request for Hearing With Respect to "Motion of*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] On September 9, 2016, the Debtors also filed the *Declaration of Carla A. Howard, Senior Vice President and General Tax Counsel of Energy Future Holdings Corp. in Support of the Motion of Energy Future Holdings Corp., et al., for Entry of an Order Approving the Settlement Between the Debtors and the Texas Comptroller* [D.I. 9514] in connection with, and in support of, the Motion.

*Energy Future Holdings Corp., et al., for Entry of an Order Approving the Settlement Between the Debtors and the Texas Comptroller of Public Accounts"*, dated September 12, 2016 [D.I. 9519], responses to the Motion were to be filed and served no later than 4:00 p.m. (Eastern Daylight Time) on September 20, 2016.

The Debtors therefore respectfully request that the proposed form of order attached hereto as **Exhibit A**, which is materially in the same form filed with the Motion, be entered at the earliest convenience of the Court.

*[Remainder of page intentionally left blank.]*

Dated: September 21, 2016
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 9513** |

## ORDER APPROVING THE SETTLEMENT BETWEEN
## THE DEBTORS AND THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 363(b) and 505 of the Bankruptcy Code and Bankruptcy Rule 9019(a), approving the Settlement between the Debtors and the Texas Comptroller of Public Accounts (together, the "Parties"), substantially in the form attached hereto as **Exhibit 1**, all as set forth more fully in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors provided due and proper notice of the Motion and such notice was adequate and appropriate under the particular circumstances; and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

upon any hearing held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the Howard Declaration, the record of the Hearing (if any), and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1.      The Motion is granted as set forth herein.

2.      The Settlement, attached hereto as **Exhibit 1**, is hereby approved.

3.      The Parties are authorized to enter into, perform, execute, and deliver all documents and take all actions, necessary to immediately continue and fully implement the Settlement in accordance with the terms, conditions, agreements, and releases set forth therein, all of which are hereby approved.

4.      Epiq Bankruptcy Solutions, LLC is authorized to amend the official claims register maintained in the Debtors' chapter 11 cases to reflect the terms of the Settlement.

5.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September _____, 2016
          Wilmington, Delaware                    _____
                                                              THE HONORABLE CHRISTOPHER S. SONTCHI
                                                              UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1** to **EXHIBIT A**

**Settlement**

<u>Settlement Agreement</u>

This Settlement Agreement (this "<u>Agreement</u>") is entered into as of September 9, 2016, by and between the Texas Comptroller of Public Accounts (the "<u>Texas Comptroller</u>"), Energy Future Holdings Corp. ("<u>EFH</u>") and certain subsidiaries thereof listed on Exhibit A hereto (collectively, the "<u>Taxpayer</u>", and the Taxpayer, together with the Texas Comptroller, the "<u>Parties</u>").

<u>Recitals</u>

EFH and certain of its subsidiaries filed for chapter 11 protection on April 29, 2014 (the "<u>Petition Date</u>") in the United States District Court for the District of Delaware (the "<u>Bankruptcy Court</u>");

The Texas Comptroller has asserted that the Taxpayer (either jointly and severally, in the case of the Texas Gross Margin Tax, or certain specified entities, in the case of sales, direct pay, and gross receipts utilities tax) owes various amounts for state taxes (as defined below, the "<u>Tax Claims</u>"), and that certain Tax Claims are supported by liens under applicable Texas law and, to the extent such Tax Claims are not secured, that substantially all such Tax Claims are entitled to priority under section 507(a)(8) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>");

A full list of the proofs of claim filed with respect to the Tax Claims is attached hereto as <u>Exhibit B</u>.

The Taxpayer disputes its obligation to pay certain of the Tax Claims on substantive grounds, contests the secured and/or priority status of certain Tax Claims, and contests certain Tax Claims on bar date grounds.

The Taxpayer has asserted various refund claims with respect to various kinds of taxes, including Texas Gross Margin Tax, sales tax, direct pay tax, and gross receipts utilities tax (as defined below, the "<u>Refunds</u>").

The Texas Comptroller contests the substantive validity of certain of the Taxpayer's asserted Refunds, asserts that the statute of limitations has run with respect to certain Refunds, and asserts that other Refunds are subject to setoff against the Tax Claims.

The Tax Claims and Refunds generally cover tax periods from 1997 through the date of the entry of the order approving this Agreement (such order, the "<u>Order</u>", and such date, the "<u>Order Entry Date</u>"), with certain exceptions specified below (as specified below, the "<u>Excluded Tax Claims</u>" and "<u>Excluded Refunds</u>").

The Parties, in exchange for consideration and after extensive arm's-length negotiations, have agreed to resolve all Tax Claims and Refunds (other than the Excluded Tax Claims and Refunds) on the terms set forth herein.

<u>Agreement</u>

1.     **<u>Definitions</u>.**

(a)     "<u>Excluded Tax Claims</u>" shall mean (i) claims under the Texas Gross Margin Tax for 2015 or any later year; (ii) claims with respect to any tax (other than the Texas Gross Margin Tax) arising in 2016 that has accrued but is unpaid as of the Order Entry Date; (iii) claims with respect to the TXU Energy Excluded Refund; and (iv) any Oncor Taxes.

(b)     "<u>Excluded Refunds</u>" shall mean (i) the TXU Energy Excluded Refund; (ii) any refund under the Texas Gross Margin Tax for 2015 or any later year; and (iii) any Oncor Refunds.

(c)     "<u>Oncor</u>" shall collectively mean Oncor Electric Delivery Holding Company, LLC; Oncor Electric Delivery Company, LLC; and any subsidiaries thereof.

(d)     "<u>Oncor Refunds</u>" is any refund claim with respect to any entity-level tax that would be owed solely to Oncor.

(e)     "<u>Oncor Taxes</u>" shall mean any sales, use, or other entity-level tax owed solely by Oncor.

(f)     "<u>Order Effective Date</u>" shall mean the date that any stay with respect to the effectiveness of the Order has expired, regardless of whether the Order is subject to appeal (unless a stay pending appeal has been entered with respect to the Order).

(g)     "<u>Payment Date</u>" shall mean the later of (a) 30 days of the Order Entry Date and (b) the Order Effective Date.

(h)     "<u>Refunds</u>" shall mean any and all asserted or assertable rights to any refund or credit by the Taxpayer of any amount with respect to state taxes, whether with respect to Texas Gross Margin Tax, sales, direct pay, gross receipts utilities, or any other type of tax whatsoever, that have accrued (whether or not paid, and whether or not any formal claim for a refund has been filed or asserted with any governmental body) as of the Order Entry Date; *provided, however*, that Refunds shall not include Excluded Refunds.

(i)     "<u>Reorganized EFH</u>" shall mean any successor to EFH and any other entity formed for the purpose of implementing a plan of reorganization with respect to EFH.

(j)     "<u>Reorganized TCEH</u>" shall mean TEX Energy LLC, TEX Finance Corp., TEX Intermediate Company LLC, TEX Operations Company LLC, TEX Preferred LLC, TEX CP Company LLC, TEX Asset Company LLC, any direct and indirect subsidiaries thereof, any other entity formed for the purpose of implementing a plan of reorganization with respect to Texas Competitive Electric Holdings Company, LLC, and any successors to such entities.

(k)    "Tax Claims" shall mean any and all asserted or assertable claims against the Taxpayer for any amount with respect to state taxes, whether with respect to Texas Gross Margin Tax, sales, direct pay, gross receipts utilities, or any other type of tax whatsoever, including, but not limited to, all claims asserted in the proofs of claim attached hereto at Exhibit A, that have accrued (whether or not paid, and whether or not claimed on any tax return) as of the Order Entry Date; *provided, however*, that Tax Claims shall not include Excluded Tax Claims.

(l)    "TXU Energy Excluded Refund" shall mean the approximate $1.3 million refund with respect to periods after the Petition Date asserted by TXU Energy with respect to sales tax and the so-called Residential/Commercial issue.

2.    **Settlement Payment**.  The Texas Comptroller agrees to accept the sum of $11,800,000 in full and final satisfaction of all Tax Claims and Refunds, other than the Excluded Tax Claims and the Excluded Refunds (the "Allowed Tax Claim").  No later than the Payment Date, the Taxpayer or Reorganized TCEH shall wire $11,800,000 to the Texas Comptroller (the "Settlement Payment").  Such Settlement Payment shall be made pursuant to wire instructions to be provided by the Texas Attorney General's Office to the Taxpayer.  No interest or penalties will accrue with respect to the Allowed Tax Claim unless the Settlement Payment is not made by the Payment Date.  If the Settlement Payment is not made by the Payment Date, then interest shall accrue at the rate of 3.75%, compounded monthly, until the Settlement Payment is made.

3.    **Setoff Rights.**  Nothing provided herein shall affect or impair any statutory or common law setoff rights of the Texas Comptroller in accordance with 11 U.S.C. § 553 with respect to the Excluded Tax Claims and Excluded Refunds.

4.    **Release of Tax Claims and Refunds.**  Payment of the Settlement Payment shall constitute and operate as a full and final release of any and all Tax Claims.  In consideration of such full and final release of any and all Tax Claims, the Taxpayer's right to any and all Refunds shall be fully and finally released.

5.    **Release of Tax Liens**.  Within no later than 14 days following the receipt of the Settlement Payment, the Texas Comptroller shall have taken all necessary and reasonable steps to release any and all liens that have been asserted with respect to the Tax Claims.

6.    **Release of Certain Third Parties**.  The full and final satisfaction of the Tax Claims contemplated by this Agreement shall also release (a) any parties who may be "responsible individuals" for any Tax Claims that are trust fund taxes under Texas law; (b) any entity, including Oncor, that is not a Party but would be jointly liable for any Tax Claim as a result of "combined group" liability with respect to the Texas Gross Margin Tax or any other Tax Claim under any similar theory; and (c) any entity that is not a Party but could potentially be liable for any Tax Claim under any theory of successor liability, piercing the corporate veil, or any other similar legal theory.

7.    **Termination of Audits and Administrative Proceedings**.  Any requests for administrative hearings with respect to the Tax Claims and Refunds are deemed withdrawn by

the Taxpayer.  The Parties shall take all reasonable and necessary steps to terminate any audits or administrative proceedings in respect of the Tax Claims and Refunds.

8.    **Enforcement by and Against Reorganized TCEH and Reorganized EFH**.  Following the consummation of the plan of reorganization with respect to Texas Competitive Electric Holdings Company LLC and its subsidiaries, to the extent not a party to this Agreement, any entity composing Reorganized TCEH and/or Reorganized EFH shall each be entitled to enforce the provisions of this Agreement, and the terms of this Agreement shall be enforceable against any entity composing Reorganized TCEH and Reorganized EFH as if they were Parties hereto.

9.    **Choice of Law and Venue**.  This Agreement is made according to Texas law. The Bankruptcy Court shall retain sole and exclusive jurisdiction to hear and resolve any disputes with respect to this Agreement; *provided, however*, that if the Bankruptcy Court determines that it does not have jurisdiction over this Agreement for any reason, venue for any dispute regarding this Agreement will be exclusively in the district courts of Travis County, Texas.

10.    **Signed Counterparts.**  This Agreement may be signed in two identical original counterparts that will each be considered an original for all purposes.  Each Party will retain one original counterpart.

11.    **Effective Date.**  This Agreement will, subject to approval by the Bankruptcy Court, be effective on the date it is executed by both Parties.

12.    **Denial of Liability**.  Nothing in this Agreement should be construed as an admission of liability by any Party with respect to the Tax Claims, the Refunds, the Excluded Tax Claims, or the Excluded Refunds.

13.    **No Other Agreements.**  The Parties specifically acknowledge that this Agreement is the only agreement between the two parties in this Agreement with respect to the Tax Claims and Refunds.  The Parties acknowledge the likelihood of future audits of the Taxpayer's compliance with applicable Texas tax law and the Parties make no agreements or releases concerning any such audits or with respect to the Excluded Tax Claims and Excluded Refunds.  Neither Party has relied on any statements by the other party that are not contained herein.

14.    **Final Agreement.**  This is the final agreement entered into between the Parties with respect to the Tax Claims and Refunds, subject to approval by the Bankruptcy Court.  This Agreement supersedes any and all prior agreements between the Parties with respect to the Tax Claims and Refunds.  No agreements inconsistent with the terms of this Agreement exist.  This Agreement can be amended only by a written amendment signed by all Parties.  This Agreement cannot be unilaterally modified.  This Agreement cannot be orally modified.

15.    **Further Cooperation.**  Each Party shall, at any time and from time-to-time after approval by the Bankruptcy Court of this Agreement, upon request by any other Party and without further consideration, execute and deliver such instruments of transfer or other documents and take such further action as may be objectively reasonably required in order to

fully consummate the Agreement or to carry out and perform the undertakings in this Agreement.

Signed and executed this 9th day of September, 2016, by:

**The Texas Comptroller of Public Accounts**

By: _Rachel R. Obaldo_

Rachel R. Obaldo
Assistant Attorney General
Bankruptcy & Collections Division
TEXAS ATTORNEY GENERAL'S OFFICE

*Counsel to the Texas Comptroller of Public Accounts*

**Energy Future Holdings Corp. and Certain of Its Subsidiaries**

By: _____

Carla Howard
Energy Future Holdings Corp. and Subsidiaries

*Tax Director of Taxpayer*

Signed and executed this 9th day of September, 2016, by:

**The Texas Comptroller of Public Accounts**

By: _____

    Rachel R. Obaldo
    Assistant Attorney General
    Bankruptcy & Collections Division
    TEXAS ATTORNEY GENERAL'S OFFICE

*Counsel to the Texas Comptroller of Public Accounts*

**Energy Future Holdings Corp. and Certain of Its Subsidiaries**

By: _____

    Carla Howard
    Energy Future Holdings Corp. and Subsidiaries

    *Tax Director of Taxpayer*

## Exhibit A

*Taxpayer Entities*

4Change Energy Company
4Change Energy Holdings LLC
Basic Resources Inc.
Big Brown 3 Power Company LLC
Big Brown Lignite Company LLC
Big Brown Power Company LLC
Brighten Energy LLC
Brighten Holdings LLC
Collin Power Company LLC
Comanche Peak Nuclear Power Company LLC
Dallas Power and Light Company, Inc.
DeCordova II Power Company LLC
DeCordova Power Company LLC
Eagle Mountain Power Company LLC
Ebasco Services of Canada Limited
EEC Holdings, Inc.
EECI, Inc.
EFH Australia (No. 2) Holdings Company
EFH CG Holdings Company LP
EFH CG Management Company LLC
EFH Corp.
EFH Corporate Services
EFH Finance (No. 2) Holdings Company
EFH FS Holdings Company
EFH Properties Company
EFH Renewables Company LLC
EFH Vermont Insurance Company
EFIH Finance
Energy Future Competitive Holdings Company LLC
Energy Future Intermediate Holding Company LLC
Forney Pipeline, LLC
Generation Development Company LLC
Generation MT Company LLC
Generation SVC Company
Greenway Development Company LLC
Humphreys & Glasgow Limited
La Frontera Holdings, LLC
Lake Creek 3 Power Company LLC
Lone Star Energy Company, Inc.
Lone Star Pipeline Company, Inc.
LSGT Gas Company LLC
LSGT SACROC, Inc.
Luminant Big Brown Mining Company LLC

Luminant Energy Company LLC
Luminant Energy Trading California Company
Luminant ET Services Company
Luminant Generation Company LLC
Luminant Holding Company LLC
Luminant Mineral Development Company LLC
Luminant Mining Company LLC
Luminant Renewables Company LLC
Martin Lake 4 Power Company LLC
MHI Nuclear North America, Inc.
Monticello 4 Power Company LLC
Morgan Creek 7 Power Company LLC
NCA Development Company LLC
NCA Resources Development Company LLC
Nuclear Energy Future Holdings II LLC
Nuclear Energy Future Holdings LLC
Oak Grove Management Company LLC
Oak Grove Mining Assets LLC
Oak Grove Mining Company LLC
Oak Grove Power Company LLC
Sandow Power Company LLC
Southwestern Electric Service Company, Inc.
TCEH Finance, Inc.
Texas Competitive Electric Holdings Company LLC
Texas Electric Service Company, Inc.
Texas Energy Industries Company, Inc.
Texas Power and Light Company, Inc.
Texas Utilities Company, Inc.
Texas Utilities Electric Company, Inc.
Tradinghouse 3 & 4 Power Company LLC
Tradinghouse Power Company LLC
TXU Acquisitions Limited
TXU Eastern Finance (A) Ltd
TXU Eastern Finance (B) Ltd
TXU Eastern Funding Company
TXU Electric Company, Inc.
TXU Energy Receivables Company LLC
TXU Energy Retail Company LLC
TXU Energy Solutions Company LLC
TXU Europe Limited
TXU Finance (No. 2) Limited
TXU Receivables Company
TXU Retail Services Company
TXU SEM Company
Valley NG Power Company LLC
Valley Power Company LLC

**Exhibit B**

*Filed Proofs of Claim[1]*

| Debtor | Claim number | Filed date | Total Filed Amt |
|---|---|---|---|
| 4Change Energy Company | 8294 | 10/27/2014 | $ 12,631,974.06 |
| 4Change Energy Company | 37660 | 7/29/2016 | $ 54,893,233.27 |
| 4Change Energy Holdings LLC | 5811 | 10/21/2014 | $ 12,631,974.06 |
| 4Change Energy Holdings LLC | 37634 | 7/29/2016 | $ 54,893,233.27 |
| Big Brown 3 Power Company LLC | 8296 | 10/27/2014 | $ 12,631,974.06 |
| Big Brown 3 Power Company LLC | 37658 | 7/29/2016 | $ 54,893,233.27 |
| Big Brown Lignite Company LLC | 8298 | 10/27/2014 | $ 12,631,974.06 |
| Big Brown Lignite Company LLC | 37662 | 7/29/2016 | $ 54,893,233.27 |
| Big Brown Power Company LLC | 8299 | 10/27/2014 | $ 12,631,974.06 |
| Big Brown Power Company LLC | 37664 | 7/29/2016 | $ 54,893,233.27 |
| Collin Power Company LLC | 8301 | 10/27/2014 | $ 12,631,974.06 |
| Collin Power Company LLC | 37663 | 7/29/2016 | $ 54,893,233.27 |
| Dallas Power & Light Company, Inc. | 8302 | 10/27/2014 | $ 12,631,974.06 |
| Dallas Power & Light Company, Inc. | 37683 | 7/29/2016 | $ 54,893,233.27 |
| DeCordova II Power Company LLC | 8304 | 10/27/2014 | $ 3,038,796.59 |
| DeCordova II Power Company LLC | 37685 | 7/29/2016 | $ 8,027,310.58 |
| DeCordova Power Company LLC | 8295 | 10/27/2014 | $ 12,631,974.06 |
| DeCordova Power Company LLC | 37681 | 7/29/2016 | $ 54,893,233.27 |
| EFH CG Holdings Company LP | 8337 | 10/27/2014 | $ 12,631,974.06 |
| EFH CG Holdings Company LP | 37684 | 7/29/2016 | $ 54,893,233.27 |
| EFH CG Management Company LLC | 8338 | 10/27/2014 | $ 12,631,974.06 |
| EFH CG Management Company LLC | 37654 | 7/29/2016 | $ 54,893,233.27 |
| EFH Corporate Services Company | 5810 | 10/21/2014 | $ 12,714,589.41 |
| EFH Corporate Services Company | 37672 | 7/29/2016 | $ 54,975,848.62 |
| EFH Renewables Company LLC | 5807 | 10/21/2014 | $ 6,058,330.95 |
| EFH Renewables Company LLC | 37682 | 7/29/2016 | $ 26,962,356.79 |
| Energy Future Competitive Holdings Company LLC | 8305 | 10/27/2014 | $ 12,631,974.06 |
| Energy Future Competitive Holdings Company LLC | 37669 | 7/29/2016 | $ 54,893,233.27 |
| Energy Future Holdings Corp. | 8339 | 10/27/2014 | $ 12,631,974.06 |
| Energy Future Holdings Corp. | 37632 | 7/29/2016 | $ 54,893,233.27 |
| Energy Future Intermediate Holding Company LLC | 5808 | 10/21/2014 | $ 12,631,974.06 |
| Energy Future Intermediate Holding Company LLC | 37668 | 7/29/2016 | $ 54,893,233.27 |
| Generation Development Company LLC | 8342 | 10/27/2014 | $ 12,631,974.06 |
| Generation Development Company LLC | 37673 | 7/29/2016 | $ 54,893,233.27 |
| Generation MT Company LLC | 8318 | 10/27/2014 | $ 12,631,974.06 |

---

[1]    Includes duplicative claims and certain filed claims that have been amended and superceded.

| Debtor | Claim number | Filed date | Total Filed Amt |
|---|---|---|---|
| Generation MT Company LLC | 37655 | 7/29/2016 | $ 54,893,233.27 |
| Generation SVC Company | 8320 | 10/27/2014 | $ 12,631,974.06 |
| Generation SVC Company | 37688 | 7/29/2016 | $ 54,893,233.27 |
| Lake Creek 3 Power Company LLC | 8323 | 10/27/2014 | $ 12,631,974.06 |
| Lake Creek 3 Power Company LLC | 37650 | 7/29/2016 | $ 54,893,233.27 |
| Lone Star Energy Company, Inc. | 8325 | 10/27/2014 | $ 12,631,974.06 |
| Lone Star Energy Company, Inc. | 37651 | 7/29/2016 | $ 54,893,233.27 |
| Lone Star Pipeline Company, Inc. | 8328 | 10/27/2014 | $ 12,631,974.06 |
| Lone Star Pipeline Company, Inc. | 37687 | 7/29/2016 | $ 54,893,233.27 |
| LSGT Gas Company LLC | 8331 | 10/27/2014 | $ 12,631,974.06 |
| LSGT Gas Company LLC | 37648 | 7/29/2016 | $ 54,893,233.27 |
| LSGT SACROC, Inc. | 8310 | 10/27/2014 | $ 12,631,974.06 |
| LSGT SACROC, Inc. | 37652 | 7/29/2016 | $ 54,893,233.27 |
| Luminant Big Brown Mining Company LLC | 8315 | 10/27/2014 | $ 12,631,974.06 |
| Luminant Big Brown Mining Company LLC | 37677 | 7/29/2016 | $ 54,893,233.27 |
| Luminant Energy Company LLC | 8344 | 10/27/2014 | $ 12,631,974.06 |
| Luminant Energy Company LLC | 37689 | 7/29/2016 | $ 54,893,233.27 |
| Luminant Energy Trading California Company | 8321 | 10/27/2014 | $ 12,631,974.06 |
| Luminant Energy Trading California Company | 37686 | 7/29/2016 | $ 54,893,233.27 |
| Luminant ET Services Company | 8324 | 10/27/2014 | $ 12,631,974.06 |
| Luminant ET Services Company | 37667 | 7/29/2016 | $ 54,893,233.27 |
| Luminant Generation Company LLC | 8345 | 10/27/2014 | $ 12,631,974.06 |
| Luminant Generation Company LLC | 37674 | 7/29/2016 | $ 54,893,233.27 |
| Luminant Holding Company LLC | 8329 | 10/27/2014 | $ 12,631,974.06 |
| Luminant Holding Company LLC | 37659 | 7/29/2016 | $ 54,893,233.27 |
| Luminant Mineral Development Company LLC | 8332 | 10/27/2014 | $ 12,631,974.06 |
| Luminant Mineral Development Company LLC | 37641 | 7/29/2016 | $ 54,893,233.27 |
| Luminant Mining Company LLC | 8347 | 10/27/2014 | $ 12,631,974.06 |
| Luminant Mining Company LLC | 37670 | 7/29/2016 | $ 54,893,233.27 |
| Luminant Renewables Company LLC | 5809 | 10/21/2014 | $ 12,631,974.06 |
| Luminant Renewables Company LLC | 37665 | 7/29/2016 | $ 54,893,233.27 |
| Martin Lake 4 Power Company LLC | 8308 | 10/27/2014 | $ 12,631,974.06 |
| Martin Lake 4 Power Company LLC | 37666 | 7/29/2016 | $ 54,893,233.27 |
| Monticello 4 Power Company LLC | 8309 | 10/27/2014 | $ 12,631,974.06 |
| Monticello 4 Power Company LLC | 37661 | 7/29/2016 | $ 54,893,233.27 |
| Morgan Creek 7 Power Company LLC | 8312 | 10/27/2014 | $ 12,631,974.06 |
| Morgan Creek 7 Power Company LLC | 37656 | 7/29/2016 | $ 54,893,233.27 |
| NCA Development Company LLC | 8314 | 10/27/2014 | $ 12,631,974.06 |
| NCA Development Company LLC | 37690 | 7/29/2016 | $ 54,893,233.27 |
| NCA Resources Development Company LLC | 8316 | 10/27/2014 | $ 12,631,974.06 |

| Debtor | Claim number | Filed date | Total Filed Amt |
|---|---|---|---|
| NCA Resources Development Company LLC | 37657 | 7/29/2016 | $ 54,893,233.27 |
| Oak Grove Management Company LLC | 8343 | 10/27/2014 | $ 12,631,974.06 |
| Oak Grove Management Company LLC | 37675 | 7/29/2016 | $ 54,893,233.27 |
| Oak Grove Mining Company LLC | 8319 | 10/27/2014 | $ 12,631,974.06 |
| Oak Grove Mining Company LLC | 37642 | 7/29/2016 | $ 54,893,233.27 |
| Oak Grove Power Company LLC | 8322 | 10/27/2014 | $ 12,631,974.06 |
| Oak Grove Power Company LLC | 37643 | 7/29/2016 | $ 54,893,233.27 |
| Sandow Power Company LLC | 8346 | 10/27/2014 | $ 12,631,974.06 |
| Sandow Power Company LLC | 37676 | 7/29/2016 | $ 54,893,233.27 |
| Southwestern Electric Service Company, Inc. | 8327 | 10/27/2014 | $ 12,631,974.06 |
| Southwestern Electric Service Company, Inc. | 37649 | 7/29/2016 | $ 54,893,233.27 |
| Texas Competitive Electric Holdings Company LLC | 8293 | 10/27/2014 | $ 12,631,974.06 |
| Texas Competitive Electric Holdings Company LLC | 37636 | 7/29/2016 | $ 54,893,233.27 |
| Texas Electric Service Company, Inc. | 8326 | 10/27/2014 | $ 12,631,974.06 |
| Texas Electric Service Company, Inc. | 37637 | 7/29/2016 | $ 54,893,233.27 |
| Texas Energy Industries Company, Inc. | 8330 | 10/27/2014 | $ 12,631,974.06 |
| Texas Energy Industries Company, Inc. | 37638 | 7/29/2016 | $ 54,893,233.27 |
| Texas Power & Light Company, Inc. | 8333 | 10/27/2014 | $ 12,631,974.06 |
| Texas Power & Light Company, Inc. | 37640 | 7/29/2016 | $ 54,893,233.27 |
| Texas Utilities Company, Inc. | 8334 | 10/27/2014 | $ 12,631,974.06 |
| Texas Utilities Company, Inc. | 37635 | 7/29/2016 | $ 54,893,233.27 |
| Texas Utilities Electric Company, Inc. | 8335 | 10/27/2014 | $ 12,631,974.06 |
| Texas Utilities Electric Company, Inc. | 37633 | 7/29/2016 | $ 54,893,233.27 |
| Tradinghouse 3 & 4 Power Company LLC | 8336 | 10/27/2014 | $ 12,631,974.06 |
| Tradinghouse 3 & 4 Power Company LLC | 37646 | 7/29/2016 | $ 54,893,233.27 |
| Tradinghouse Power Company LLC | 8297 | 10/27/2014 | $ 12,631,974.06 |
| Tradinghouse Power Company LLC | 37639 | 7/29/2016 | $ 54,893,233.27 |
| TXU Electric Company, Inc. | 8300 | 10/27/2014 | $ 12,631,974.06 |
| TXU Electric Company, Inc. | 37644 | 7/29/2016 | $ 54,893,233.27 |
| TXU Energy Retail Company LLC | 8341 | 10/27/2014 | $ 12,631,974.06 |
| TXU Energy Retail Company LLC | 37671 | 7/29/2016 | $ 54,893,233.27 |
| TXU Energy Solutions Company LLC | 8303 | 10/27/2014 | $ 12,631,974.06 |
| TXU Energy Solutions Company LLC | 37647 | 7/29/2016 | $ 54,893,233.27 |
| TXU Receivables Company | 8306 | 10/27/2014 | $ 12,631,974.06 |
| TXU Receivables Company | 37678 | 7/29/2016 | $ 54,893,233.27 |
| TXU Retail Services Company | 8307 | 10/27/2014 | $ 12,631,974.06 |
| TXU Retail Services Company | 37679 | 7/29/2016 | $ 54,893,233.27 |
| TXU SEM Company | 8311 | 10/27/2014 | $ 12,631,974.06 |
| TXU SEM Company | 37680 | 7/29/2016 | $ 54,893,233.27 |
| Valley NG Power Company LLC | 8313 | 10/27/2014 | $ 12,631,974.06 |

| Debtor | Claim number | Filed date | Total Filed Amt |
|---|---|---|---|
| Valley NG Power Company LLC | 37653 | 7/29/2016 | $ 54,893,233.27 |
| Valley Power Company LLC | 8317 | 10/27/2014 | $ 12,631,974.06 |
| Valley Power Company LLC | 37645 | 7/29/2016 | $ 54,893,233.27 |
| EFH Corporate Services Company | 8340 | 10/27/2014 | $ 1,382,913.42 |
| Luminant Energy Company LLC | 8091 | 10/27/2014 | $ 7,607,637.44 |
| Luminant Generation Company LLC | 8092 | 10/27/2014 | $ 5,045,493.56 |
| Luminant Mining Company LLC | 9925 | 12/22/2014 | $ 4,341,939.19 |
| Oak Grove Management Company LLC | 8090 | 10/27/2014 | $ 1,575,938.93 |
| Sandow Power Company LLC | 8093 | 10/27/2014 | $ 4,068,776.62 |
| TXU Energy Retail Company LLC | 9926 | 12/22/2014 | $ 47,975,391.80 |
| TXU Energy Retail Company LLC | 9936 | 1/5/2015 | $ 9,815,025.25 |
| TXU Energy Retail Company LLC | 9940 | 12/30/2014 | $ 17,739,346.32 |