**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) ) | (Jointly Administered) **Re: D.I. 2992, 3236, 3470, 3839** |

**CERTIFICATION OF COUNSEL REGARDING
"DEBTORS' THIRD OMNIBUS (NON-SUBSTANTIVE)
OBJECTION TO (NO SUPPORTING DOCUMENTATION) CLAIMS
PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1" [D.I. 2992]**

The undersigned hereby certifies as follows:

1. On December 12, 2014 the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Court") the *Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 2992] (the "Objection").[2]

2. On January 12, 2015, the Court entered the *Order Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

*Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 3236] in connection with the Objection.

3. On February 6, 2015, the Court entered the *Order (Second) Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 3470] in connection with the Objection.

4. On March 9, 2015, the Court entered the *Order (Third) Sustaining Debtors' Third Omnibus (Non-Substantive) Objection to (No Supporting Documentation) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 3839] in connection with the Objection.

5. Responses to the Objection were to be filed on or before 4:00 p.m. (Eastern Standard Time) on December 31, 2014 (the "Response Deadline").

6. Prior to the Response Deadline, the Debtors received inquiries submitted to through their dedicated claims hotline from the following individuals: (a) Maria Navejar Delgado regarding the Objection with respect to Proof of Claim number 2004; and (b) Nannanette Nedd-Johnson regarding the Objection with respect to Proof of Claim number 2021 (such claims, together, the "Contested Pro Se Claims").

7. On August 15, 2016, the Court entered the *Order Granting Debtors' Motion For Entry of an Order (I) Scheduling Hearing Dates and Certain Deadlines and Establishing Certain Procedures in Connection with Adjudicating Contested Objections to Pro Se Claims and (II) Approving Notice Thereof* [D.I. 9287] (the "Pro Se Claims Protocol Order"), which provided: "[i]f no Formal Response regarding a Contested Pro Se Claim is received by the Claimant Response Deadline, the relevant Pro Se Claimant will be deemed to consent to the relief

3

requested in the applicable Objection and, upon order of the Court, the Contested Pro Se Claim will be disallowed and expunged (or modified, if applicable) from the Claims Register." Pro Se Claims Protocol Order ¶ 2.b.  The Claimant Response Deadline expired on September 19, 2016 with no Formal Response (as defined in the Pro Se Claims Protocol Order) having been filed in connection with the Contested Pro Se Claims and no further communication having been received from the individuals who filed the Contested Pro Se Claims.

8. Therefore, the Debtors seek to expunge the Contested Pro Se Claims from the Claims Register, as set forth in **Exhibit 1** to **Exhibit A**, attached hereto as originally proposed in the Objection.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, at its earliest convenience.

Dated: September 23, 2016
       Wilmington, Delaware

                         */s/ Jason M. Madron*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:   collins@rlf.com
          defranceschi@rlf.com
          madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   edward.sassower@kirkland.com
          stephen.hessler@kirkland.com
          brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   james.sprayregen@kirkland.com
          marc.kieselstein@kirkland.com
          chad.husnick@kirkland.com
          steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*