**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) **Re: D.I. 4786, 5214, 7697** |

**ORDER (THIRD) SUSTAINING DEBTORS'
EIGHTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION
TO (CERTAIN IMPROPERLY ASSERTED) CLAIMS PURSUANT
TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1**

Upon the objection (the "Objection")[2] and the certification of counsel (the "Certification of Counsel") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") regarding the Objection and seeking entry of an order (this "Order") modifying the Claim set forth on **Exhibit 1** attached hereto, all as set forth in the Objection and the Kotarba Declaration; and the Court having previously entered its *Order Sustaining Debtors' Eighteenth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 5214], dated August 5, 2015 (the "Initial Order") and its *Order (Second) Sustaining Debtors' Eighteenth Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001,*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

*3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 7697], dated January 20, 2016 (the "Second Order" and, together with the Initial Order, the "Prior Orders") in connection with the Objection; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Objection and the opportunity for a hearing on the Objection (the "Hearing") under the circumstances; and the Court having reviewed the Objection and the Certification of Counsel and having heard the statements in support of the relief requested therein at the Hearing, if any; and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is sustained as set forth in the Prior Orders and herein.

2. The Contested Pro Se Claim set forth on the attached **Exhibit 1** is hereby modified as provided on the attached **Exhibit 1**.

3. The Claims Agent is authorized to modify the Claims Register to comport with the entry of this Order.

4. Nothing set forth herein shall affect the parties' rights with respect to the Disputed Claims, as modified, and the parties' rights with respect to such claims are reserved, including, for the avoidance of doubt, the Debtors' right to object in the future to the Disputed Claims on

any grounds permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules.

5.  Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim (including the Proofs of Claim) against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim (including the Proofs of Claim) on any grounds; (c) a promise or requirement to pay any particular claim (including the Proofs of Claim); (d) an implication or admission that any particular claim is of a type specified or defined in this Objection (except as set forth herein); (e) an admission by the Debtors that any contract or lease is executory or unexpired, as applicable; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (g) a request or authorization to assume or reject any agreements under section 365 of the Bankruptcy Code; (h) a waiver of any party's rights to assert that any other party is in breach or default of any agreement; or (i) an admission that any contract or lease is integrated with any other contract or lease.

6.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

8.  This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Dated:  September _____, 2016
         Wilmington, Delaware
                                              _____
                                              THE HONORABLE CHRISTOPHER S. SONTCHI
                                              UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1 to EXHIBIT A

**Contested Pro Se Claim**
**(Modify Priority Claim)**

**ENERGY FUTURE HOLDINGS CORP., et al.**

**EIGHTEENTH OMNIBUS (SUBSTANTIVE): EXHIBIT 1 TO EXHIBIT A – Modify Priority Claim**

| | NAME | CLAIM # | ASSERTED DEBTOR | ASSERTED PRIORITY STATUS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED PRIORITY STATUS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | HILDRETH, JOHN C/O ISSUELINK 1801 LAVACA ST #12C AUSTIN, TX 78701 | 4230 | EFH Corporate Services Company | Priority | $10,000.00 | EFH Corporate Services Company | Unsecured | $10,000.00 |

**REASON FOR MODIFICATION:** Priority asserted under 11 U.S.C. § 507(a)(4); according to Debtors' books and records and/or documentation filed with the proof of claim, claim is not on account of wages earned within 180 days of petition date and therefore ineligible for 507(a)(4) priority status.

| | | | | TOTAL | $10,000.00 | | TOTAL | $10,000.00 |