# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Marc Kieselstein, P.C.
To Call Writer Directly:
(312) 862-3029
marc.kieselstein@kirkland.com

300 North LaSalle
Chicago, Illinois  60654

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

September 25, 2016

**By Email**

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
United States Bankruptcy Court
District of Delaware
824 Market Street, 5th Floor
Wilmington, Delaware 19801

Re:   *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979

Dear Judge Sontchi:

The Debtors understand that the TCEH unsecured group believes that the TCEH unsecured indenture trustee must receive some or all of the $550 million TCEH cash settlement payment on the effective date (the "TCEH Effective Date") of the TCEH Debtors' confirmed plan of reorganization (the "Plan"). The Debtors write to explain why this assertion is unsupported by the documents and the facts.

The Court's order confirming the Plan [D.I. 9421], attached hereto as **Exhibit A** (the "TCEH Confirmation Order"), includes a provision that expressly provides that the TCEH cash payment will be paid into an escrow account on the TCEH Effective Date. This provision was negotiated with counsel to the TCEH unsecured group, which did not object to the TCEH Confirmation Order. Moreover, delaying the TCEH Effective Date until a cash distribution could be made directly to the indenture trustee would provide no benefit to the TCEH unsecured group while materially—and gratuitously—prejudicing other T-side parties in interest. The remaining claims allowance disputes on the T-side should not prohibit reorganized TCEH from emerging from these chapter 11 cases on October 3, the anticipated TCEH Effective Date.

*First*, the escrow mechanism is unambiguous on the face of the TCEH Confirmation Order, which the Court entered on August 29, 2016. In a section labeled "**Administration of the TCEH Cash Payment**," the TCEH Confirmation Order provides that, "[o]n the TCEH Effective Date, the TCEH Cash Payment shall be placed into an escrow account for the benefit of Holders of Allowed Claims in Classes C4 and C5." TCEH Confirmation Order ¶ 122 (boldface in original). It goes on to detail a page and a half of mechanics with respect to the

**KIRKLAND & ELLIS LLP**

The Honorable Christopher S. Sontchi
September 25, 2016
Page 2

escrow account, including the manner of payments of professional fees and the settlement of claims.

The Debtors filed a proposed form of the TCEH Confirmation Order on August 16, 2016, which contained the same language stating that the TCEH cash payment would be placed into an escrow account on the TCEH Effective Date. *See* Proposed TCEH Confirmation Order ¶ 117 [D.I. 9323-1]. The Debtors filed a revised proposed form of the order on August 25, 2016, which included the same language. *See* Amended Proposed TCEH Confirmation Order ¶ 122 [D.I. 9403-1]. Counsel to the TCEH unsecured group received actual notice of these filings and this specific paragraph, as detailed in email exchanges between counsel to the Debtors and counsel to the TCEH unsecured group. Counsel to the TCEH unsecured group reviewed and commented on the provision, and the Debtors incorporated those comments. Indeed, among other comments to the escrow paragraph, the Debtors added a provision to the paragraph, at the request of counsel to the TCEH unsecured group, stating that "Reorganized TCEH shall reasonably consult with . . . *counsel to the Ad Hoc Group of TCEH Unsecured Noteholders*" regarding certain claims settlements that would be paid from the escrowed cash. *Id.* (emphasis added). The Debtors also negotiated the escrow provision with counsel to the official committee of TCEH unsecured creditors.

Thus, counsel to the TCEH unsecured group was aware of and specifically negotiated the escrow provision of the TCEH Confirmation Order, which plainly states that the Debtors will escrow the $550 million on the TCEH Effective Date. As such, this provision is binding on the TCEH unsecured group.

*Second*, the escrow provision of the TCEH Confirmation Order is not inconsistent with any other provision of the TCEH Confirmation Order. A separate paragraph of the TCEH Confirmation Order provides that, "[n]otwithstanding anything contained . . . elsewhere in this TCEH Confirmation Order to the contrary, any and all distributions made by the Debtors or the Disbursing Agent on account of . . . TCEH Unsecured Note Claims shall be made to the TCEH Unsecured Notes Trustee." Confirmation Order ¶ 124. This same paragraph contains provisions referring to the escrow paragraph. Read together with the escrow paragraph, this provision simply clarifies that, when disbursements are ultimately made to holders out of the escrow account, they shall be made to the applicable indenture trustee. This general concept cannot reasonably be construed to contradict the specific escrow mechanism that the TCEH Confirmation Order mandates with respect to the TCEH cash payment.

*Third*, the escrow provision is not inconsistent with the settlement order entered by the Court in December 2015, attached hereto as **Exhibit B** [D.I. 7243] (the "Settlement Order"), or the settlement agreement and plan support agreement entered into between the Debtors and the TCEH unsecured group in August 2015. All of these documents contain materially the same language stating that "upon consummation of an Alternative Restructuring" holders of TCEH

2

**KIRKLAND & ELLIS LLP**

The Honorable Christopher S. Sontchi
September 25, 2016
Page 3

unsecured claims "shall receive, in the aggregate, $550 million in Cash," which shall occur "before any payment or other distribution (including transfer) is made in connection with such an Alternative Restructuring to the holders of Allowed TCEH First Lien Claims." *See* Settlement Order ¶ H.

The TCEH Confirmation Order simply expands upon and specifies the manner in which this long-standing agreement will be implemented on the TCEH Effective Date. TCEH unsecured creditors will receive their $550 million by payment into an escrow account "for the benefit" of such holders. Given that there will still be thousands of disputed asbestos claims as of the TCEH Effective Date, an escrow mechanism is a reasonable, and indeed the only, means of implementing the Settlement Order—a means that was specifically negotiated with counsel to the TCEH unsecured group and approved by the Court.

*Fourth*, even if there were any inconsistency, the Settlement Order expressly provides that its description of the TCEH cash payment is "[e]xcept as otherwise agreed in writing by the Debtors, the Required TCEH Creditor Parties, and the TCEH Official Committee." *See* Settlement Order ¶ H. Each of these parties reviewed and consented to the applicable provision in the TCEH Confirmation Order, which constitutes a Court-approved agreement in writing between the parties. Thus, for multiple reasons, the TCEH Confirmation Order appropriately provides that the TCEH cash payment will be held in escrow on the TCEH Effective Date.

*Finally*, nothing about the escrow mechanism or the mechanics for the TCEH cash payment warrant a delay in the TCEH Effective Date. The Plan sets forth specific conditions precedent to the TCEH Effective Date, none of which reference the TCEH cash payment. *See* Plan, Art. IX.C. It is a condition precedent that the Settlement Order remain in full force and effect, which it does. As set forth above, the TCEH Confirmation Order is entirely consistent with the Settlement Order and, in any event, is a binding order of the Court that counsel to the TCEH unsecured group negotiated and to which it failed to timely object.

Critically, as a practical matter, delaying the TCEH Effective Date does nothing to improve the position of the TCEH unsecured group, yet materially harms other stakeholders relying on the Plan. Reorganized TCEH—a multibillion operating company—would be delayed in its long-awaited emergence from chapter 11, postponing the appointment of the new board, frustrating the ability to pursue business opportunities that it has been unable to pursue in chapter 11, and adding to the incremental administrative expense of this restructuring. Yet whether the $550 million is escrowed or not, the TCEH unsecured group must wait for a determination of disputed claims to receive a distribution. To that end, the Debtors have filed an estimation motion seeking to bring about this result as soon as possible [D.I. 9635]. Otherwise, however, there is nothing that the Court or the Debtors can reasonably do to accelerate payments

# KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
September 25, 2016
Page 4

to the TCEH unsecured group. Forcing a delay in the emergence of reorganized TCEH does nothing to effectuate that result.

There is no reason for the Court to disturb the TCEH Confirmation Order or the TCEH Debtors' anticipated October 3 emergence.

                                            Sincerely,

                                            */s/ Marc Kieselstein*

                                            Marc Kieselstein, P.C.

cc:    Edward O. Sassower, P.C., Kirkland & Ellis LLP
       Chad J. Husnick, Kirkland & Ellis LLP
       Mark McKane, P.C., Kirkland & Ellis LLP
       Alan W. Kornberg, Paul, Weiss, Rifkind, Wharton & Garrison LLP
       Brian S. Hermann, Paul, Weiss, Rifkind, Wharton & Garrison LLP
       Thomas Lauria, White & Case LLP
       Chris Shore, White & Case LLP
       Brett H. Miller, Morrison & Foerster LLP
       Todd M. Goren, Morrison & Foerster LLP