NextEra Energy, Inc.
Energy Future Holdings Corp.

September 25, 2016

United States Bankruptcy Court
District of Delaware
824 North Market Street
5th Floor
Wilmington, DE 19801

Re: *In re Energy Future Holdings Corp., et al. (Case No. 14-10979 (CSS))*

Dear Judge Sontchi:

NextEra Energy, Inc. and Energy Future Holdings Corp. are submitting this letter jointly in response to the discussion during last Monday's merger agreement and termination fee approval proceeding regarding whether the termination fee is payable to NextEra Energy under certain circumstances.

Simply, each of us would like to convey our view that NextEra Energy is not entitled to a termination fee under the merger agreement if NextEra Energy terminates the merger agreement because the Commission either approves the merger agreement transaction with "burdensome conditions" (as defined in the merger agreement) or does not approve the merger agreement transaction.

In particular, the merger agreement provides that, if the agreement is terminated by NextEra Energy, and not EFH or EFIH, because the transaction has not closed by a specified date and the closing condition that requires NextEra Energy to have received the Commission's approval of the transaction, without the imposition of a burdensome condition, is the only closing condition set forth in the merger agreement that is not as of that specified date satisfied, then NextEra Energy is not entitled to any portion of the $275 million termination fee.

In other words, the $275 million termination fee is triggered if EFH and/or EFIH terminate the merger agreement as a consequence of the Commission either not approving the merger agreement transaction or approving the merger transaction with the imposition of a burdensome condition. In order for EFH and/or EFIH to pursue an alternative transaction, EFH and EFIH believe that they would only terminate in such a situation if they had an alternative proposal to pursue. The termination fee is not triggered if, under the same circumstances, NextEra Energy terminates the merger agreement instead of EFH and/or EFIH.

Ultimately, NextEra Energy and EFH would like to make clear that, in any event, NextEra will not seek to collect any portion of the termination fee contemplated by the merger agreement in the event it terminates the agreement under the circumstances described above. We are informing the Public Utility Commission of Texas of this as well.

Best regards,

*/s/ Charles E. Sieving*

Charles E. Sieving
Executive Vice President and General Counsel

*/s/ Chad J. Husnick*

Chad J. Husnick
Kirkland & Ellis LLP, counsel to EFH and EFIH

cc: Public Utility Commission of Texas