IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP.,<br>et al.,<br><br>Debtors. | Chapter 11<br>Bankruptcy Case No. 14-10979 (CSS)<br>(Jointly Administered)<br><br>Bankruptcy Adv. No. 15-51 |
| SHIRLEY FENICLE, INDIVIDUALLY,<br>AND AS SUCCESSOR-IN-INTEREST TO<br>THE ESTATE OF GEORGE FENICLE,<br>AND DAVID WILLIAM FAHY,<br><br>Appellants,<br><br>v.<br><br>ENERGY FUTURE HOLDINGS CORP.,<br>et al.,<br><br>Appellees. | Civil Action No. 15-cv-1183-RGA |

## MEMORANDUM OPINION

Leslie M. Kelleher, Esq. (argued), CAPLIN & DRYSDALE, CHARTERED, Washington, DC; Jeanna M. Koski, Esq., CAPLIN & DRYSDALE, CHARTERED, Washington, DC; Elihu Inselbuch, Esq., CAPLIN & DRYSDALE, CHARTERED, New York, NY.

Attorneys for Appellant Shirley Fenicle

Daniel K. Hogan, Esq., HOGAN MCDANIEL, Wilmington, DE.

Attorney for Appellants Shirley Fenicle and David William Fahy

Mark D. Collins, Esq., RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Daniel J. DeFranceschi, Esq., RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Jason M. Madron, Esq., RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Brenton A. Rogers, Esq. (argued), KIRKLAND & ELLIS LLP, Chicago, IL; Mark E. McKane, P.C., Esq., KIRKLAND & ELLIS LLP, San Francisco, CA.

Attorneys for Appellees Energy Future Holdings Corp., et al.

September 26, 2016

*/s/ Richard G. Andrews*
**ANDREWS, U.S. DISTRICT JUDGE:**

Presently before the Court are Amicus Curiae Public Justice's Motion for Leave to File an Amicus Brief (D.I. 36), Appellants' Motion for Leave to File a Surreply in Opposition to Appellees' Motion to Dismiss Fenicle and Fahy Appeal (D.I. 53) and related briefing (D.I. 57, 58), Appellants' Motion for Joinder of Putative Appellant John H. Jones (D.I. 59), and Appellees' Motion to Dismiss Fenicle and Fahy Appeal (D.I. 38) and related briefing (D.I. 47, 52).

For the reasons set forth below, Amicus Curiae Public Justice's Motion for Leave to File an Amicus Brief (D.I. 36) is **GRANTED**. Appellants' Motion for Leave to File a Surreply in Opposition to Appellees' Motion to Dismiss Fenicle and Fahy Appeal (D.I. 53) is **GRANTED**. Appellants' Motion for Joinder of Putative Appellant John H. Jones (D.I. 59) is **DISMISSED**. Appellees' Motion to Dismiss Fenicle and Fahy Appeal (D.I. 38) is **GRANTED**.

## I. BACKGROUND

Debtors/Appellees filed voluntary petitions for relief in the United States Bankruptcy Court for the District of Delaware under Chapter 11 of the Bankruptcy Code. On December 21, 2015, Appellants Fenicle and Fahy[1] filed an appeal with this Court, seeking relief from a provision of an order of the Bankruptcy Court dated December 9, 2015 confirming Debtors' Sixth Amended Plan of Reorganization. (D.I. 47, p. 1). The provision at issue would discharge future claims held by claimants who were exposed to asbestos but who have not yet manifested any illness and who failed to submit a proof of claim by the bar date of December 14, 2015. (D.I. 47, p. 4).[2]

---

[1] Appellants have filed a Motion for Joinder of Putative Appellant John H. Jones, a claimant who manifested after the bar date and whose claim would be discharged under the Plan at issue in this appeal. (D.I. 59, p. 7). Appellants seek to join Mr. Jones to forestall a possible argument by Appellees that Appellants lack standing to pursue this appeal. (*Id.* at p. 4). In light of the ruling on Appellees' Motion to Dismiss, Appellants' Motion for Joinder of Putative Appellant John H. Jones is dismissed as moot.

[2] Public Justice, P.C. has filed a Motion for Leave to File an Amicus Brief (D.I. 36). Public Justice represents that Appellants consented but that Appellees wished to defer a decision on whether to oppose until after reviewing the proposed brief. (*Id.* at p. 2). Appellees have not since indicated whether they consent to or oppose Public Justice's Motion. In light of this lack of opposition, the Motion for Leave to File an Amicus Brief (D.I. 36) is granted.

1

The order approving the Plan provided that the Plan would be rendered "null and void" if the Plan was not consummated by April 30, 2016. (D.I. 38, ¶4). That date passed without consummation of the Plan. (*Id.* at ¶7). On May 1, 2016, Debtors filed a new Joint Plan of Reorganization with the Bankruptcy Court that had yet to be confirmed at the time briefing on this motion concluded.[3] (*Id.*). Appellees have moved to dismiss the Fenicle and Fahy appeal. (D.I. 38).[4] The Court heard oral argument on September 9, 2016.

## II. DISCUSSION

This Court has jurisdiction to hear appeals from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). District courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings." 28 U.S.C. § 158(a)(1). District courts also have discretionary jurisdiction over appeals "from other interlocutory orders and decrees" of bankruptcy judges. § 158(a)(3).

A Bankruptcy Court order confirming a plan is a final order immediately appealable as of right under § 158(a)(1). *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015). An order denying plan confirmation, however, is not a final order as long as the debtor may propose an alternate plan. *Id.* The parties do not dispute that the confirmation order of December 9, 2015 was final and immediately appealable. Rather, the issue in this Motion to Dismiss is the effect of the failure of consummation on the finality and, therefore, the appealability of the confirmation order.

---

[3] On August 29, 2016, the Bankruptcy Court entered an order confirming the Third Amended Joint Plan of Reorganization. (Bankr. No. 14-10979 (CSS) D.I. 9421). Appellants filed a Notice of Appeal on September 12, 2016. (Bankr. No. 14-10979 (CSS) D.I. 9521, Civ. Act. No. 16-802 D.I. 1).

[4] Appellants have filed a Motion for Leave to File a Surreply in Opposition to Appellees' Motion to Dismiss Fenicle and Fahy Appeal. (D.I. 53). In the Motion to Dismiss, Appellees argue that the appeal is moot. (D.I. 38, ¶9). In their Reply brief, however, Appellees further argue that this Court lacks jurisdiction to hear this appeal because there is no order to appeal. (D.I. 52, p. 4). This is a new argument that Appellants should have an opportunity to address. Therefore, Appellants' Motion for Leave to File a Surreply (D.I. 53) is granted and the Surreply will be considered.

2

Finality with respect to plan confirmation proceedings rests on whether the order in question "alters the status quo and fixes the rights and obligations of the parties." *Bullard*, 135 S. Ct. at 1692. This is why an order denying confirmation is not a final order as long as the debtor has the option to amend or propose another plan. *Id.* at 1693. Such an order "does rule out the specific arrangement of relief embodied in a particular plan," but does not eliminate the possibility of confirmation of an alternate plan. *Id.*

The effect of the failure of consummation of Debtor's confirmed plan in the instant case is similar to the effect of a denial of a plan with leave to amend. The original confirmed plan "has been rendered null and void in all respects." (D.I. 38, ¶8). In other words, "[t]he parties' rights and obligations remain unsettled." *Bullard*, 135 S. Ct. at 1693. In this case, the Bankruptcy Court proceedings have not been dismissed and Debtor has proposed an alternate plan that is the subject of ongoing litigation. That plan is subject to further amendment and may be objected to during this ongoing proceeding. "'Final' does not describe this state of affairs." *Id.*

Appellants also request that if the order is deemed interlocutory, Appellants be granted leave to appeal under 28 U.S.C. § 158(a)(3). (D.I. 54-1, p.8). The failure of consummation, however, has not converted the confirmation order from a final order into an interlocutory order. Rather, the original confirmation order is simply no longer operative. In other words, the original order has not settled any disputes between the parties and has not conclusively determined any issues in the case. Therefore, leave to appeal under § 158(a)(3) is denied as the order in question is not interlocutory.

Appellants note that the discharge provisions of Debtors' new proposed plan are identical to those in the original confirmed plan that are the subject of this appeal. (D.I. 47, p. 6). This is irrelevant to the finality analysis, however, as the provisions of the new plan are not finally

3

determined until the Bankruptcy Court enters an order confirming the new plan.[5] If and when this happens, Appellants will be free to appeal the new confirmation order. For these reasons, Appellees' Motion to Dismiss is granted.

### III. CONCLUSION

For the reasons set forth herein, Amicus Curiae Public Justice's Motion for Leave to File an Amicus Brief is **GRANTED.** Appellants' Motion for Leave to File a Surreply in Opposition to Appellees' Motion to Dismiss Appeal is **GRANTED.** Appellants' Motion for Joinder of Putative Appellant John H. Jones is **DISMISSED.** Appellees' Motion to Dismiss Fenicle and Fahy Appeal is **GRANTED.**

An appropriate order will be entered.

---

[5] As noted in footnote 3, the Bankruptcy Court has confirmed a new plan for some portion of the proceedings, and an appeal has been taken from it. The parties, however, appear to agree that it is the second portion of the proceedings, scheduled for the first half of December 2016, in which the underlying issue is again scheduled to be decided. (D.I. 67 at 34-36, 60-61, 69-70, 109-10).

4