**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: D.I. 467, 8598, 9474** |

**ORDER AUTHORIZING SALE OF NORTH MAIN PROPERTY**

**WHEREAS,** the Debtor desires to sell the two tracts of land, Tract I being approximately 30.778 acres and Tract II being a separated tract of approximately 4.706 acres, containing approximately 35.484 total acres in the aggregate, more or less, situated in Tarrant County, Texas, more particularly described as "Tract I" and "Tract II" in **Exhibit A** attached hereto and made a part hereof (collectively, the "Property").

**WHEREAS,** the Property includes an approximately 7.009 acres area on Tract I where an approximately 3.6-acre area of contaminated soils are capped in place, and groundwater located outside of and surrounding the capped portion contains groundwater monitoring wells and groundwater treatment system (collectively referred to herein as the "Site").

**WHEREAS,** the Tarrant Regional Water District, a Water Control and Improvement District, a conservation and reclamation district created under Article 16, Section 59 of the Texas Constitution ("TRWD") desires to purchase the Property.

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**WHEREAS,** Texas Commission on Environmental Quality ("TCEQ") is the governmental unit with regulatory responsibility for human health, safety and, the environment with respect to the Property.

**WHEREAS,** TRWD has agreed to certain conditions to the sale as set forth below and such conditions are satisfactory to TCEQ and the Debtor.

**WHEREAS,** upon the Amended and Superseding Order Establishing Procedures to Sell, Transfer, or Abandon Certain De Minimis Assets entered on June 3, 2016 [D.I. 8598] (the "De Minimis Asset Sale Order"); and no answer, objection, or other responsive pleading to the Notice of Sale, filed on September 2, 2016 [D.I. 9474] (the "Sale Notice"),[2] having been filed by the objection deadline of September 12, 2016, it is **HEREBY ORDERED THAT**:

1. Financial assurance in the amount of $5,531,032.00 (the "Fund") shall be wired directly to the Texas Comptroller's Texas Treasury Safekeeping Trust Company's ("TTSTC") TCEQ account, and into the TRWD subaccount, in accordance with paragraph 2 below. The Fund shall be held for the benefit of TCEQ to ensure completion of the environmental requirements as described in the Financial Assurance Agreement ("FAA"), attached hereto as **Exhibit B**, and Sections 9 and 18(a) of the Conveyance Agreement, attached hereto as **Exhibit C**.

2. Luminant will deposit into TCEQ's TTSTC account Two Million Seven Hundred Sixty Five Thousand Five Hundred Sixteen Dollars ($2,765,516.00) and TRWD will separately deposit into TCEQ's TTSTC account Two Million Seven Hundred Sixty Five Thousand Five Hundred Sixteen Dollars ($2,765,516.00).

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to them in the Sale Notice.

3. Once such funds are deposited, neither Luminant nor TRWD shall have the right to direct or control the use of such funds, except as provided in the FAA or as approved in writing by the TCEQ's Executive Director or their designee.

4. TCEQ, and any successor thereto, is a beneficiary to the environmental provisions of the Conveyance Agreement and may enforce the provisions of the Conveyance Agreement relating to the environmental condition of the Property.

5. Upon closing of the sale, pursuant to the terms of the Conveyance Agreement, the Agreed Order issued on November 24, 1993 by the Texas Natural Resource Conservation Commission, (predecessor to the TCEQ), In the Matter of Texas Utilities Electric; SWR No. 39927 is satisfied.

6. This Sale Order is fully enforceable by the TCEQ, and any successor thereto, as the sole beneficiary to this Sale.

7. This Court and any Texas State Court of competent jurisdiction shall have concurrent jurisdiction with respect to all matters arising from or related to the implementation of this Sale Order.

8. TRWD agrees to be bound by this Sale Order.

9. The Sale documents shall include the following:

(a) The Conveyance Agreement; and

(b) The Financial Assurance Agreement.

10. Copies of these documents are incorporated by reference to this Sale Order as if fully set forth herein.

11. Subject to the order confirming the Debtors' plan of reorganization [D.I. 9421], notwithstanding anything to the contrary in this Sale Notice, the De Minimis Asset Sale Order and/or any sale agreement, the sale does not release, nullify or enjoin the enforcement of any

liability to a governmental unit under police and regulatory statutes or regulations to which any entity would be subject as an owner or operator of the property after the date of the sale, and the buyer reserves all rights and defenses with respect to any such liability other than asserting that the buyer is free of such liability on account of the De Minimis Asset Sale Order. Nothing contained in the Sale Notice, the De Minimis Asset Sale Order and/or any sale agreement releases the buyer of the Property from compliance with any applicable licensing, permitting, registration, authorization, or approval requirements of or with respect to a governmental unit.

12. The Sale is an arm's-length transaction entitled to the protection of section 363(m) of the Bankruptcy Code.

13. The Debtors are authorized under section 363(b) of the Bankruptcy Code to sell certain property as described in the Sale Notice (the "Sale"), without further order of the Court or notice to any party, upon the terms and conditions set forth herein and in the Sale Notice.

14. This Sale Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Sale Order, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state and federal, state, and local officials, and each of such person and entity is hereby directed to accept this Sale Order as sole and sufficient evidence of such transfer of title and shall rely upon this Sale Order in consummating the transactions contemplated hereby.

15. The Sale shall be free and clear of all liens, claims, interests, and encumbrances (collectively, the "Liens") pursuant to 363(f) of the Bankruptcy Code, with such Liens attaching only to the proceeds of the Sale, in the same order of priority, with the same validity, extent, and priority as immediately prior to the Sale.

16. All net proceeds from the Sale (the "Sale Proceeds") shall be treated in accordance with the De Minimis Asset Sale Order, the *Final Order (A) Approving Postpetition Financing for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, and (C) Modifying the Automatic Stay* [D.I. 856] (the "TCEH DIP Order") authorizing certain of the Debtors to obtain postpetition financing pursuant to that certain Senior Secured Superpriority Debtor-in-Possession Credit Agreement, dated as of May 5, 2014 (as amended, restated, supplemented, or otherwise modified from time to time, the "TCEH DIP Credit Agreement"), and the terms of the TCEH DIP Credit Agreement and related documents (together, the "TCEH DIP Documents").

17. The TCEH Debtors are authorized to pay those necessary fees and expenses, net of any applicable Sale Proceeds, incurred in the Sale, including removal costs and commission fees to agents, brokers, auctioneers, and liquidators.

18. To the extent that any inconsistency exists between this order and the terms of the TCEH DIP Order, or any of the TCEH DIP Documents, the terms of such TCEH DIP Order or TCEH DIP Documents (as applicable) shall control.

19. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Sale Order shall be immediately effective and enforceable upon its entry.

20. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Sale Order in accordance with the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Establishing Procedures to Sell, Transfer, or Abandon Certain De Minimis Assets* [D.I. 467] and Sale Notice.

Dated: September 27, 2016
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE



RLF1 15234437v.1