# EXHIBIT A

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

### ORDER AUTHORIZING ENTRY INTO AND PERFORMANCE UNDER THE STIPULATION BETWEEN LUMINANT ENERGY COMPANY LLC AND FOREST CREEK WIND FARM, LLC

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a), authorizing entry into and performance under the Stipulation (the "Stipulation") between Luminant Energy Company LLC ("Luminant") and Forest Creek Wind Farm, LLC ("Forest Creek," and, together with Luminant, the "Parties") substantially in the form attached hereto as **Exhibit 1**, all as set forth more fully in the Motion; and upon the Nutt Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

RLF1 15255254v.1

Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion, the Nutt Declaration and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Stipulation, attached hereto as **Exhibit 1**, is hereby approved.

3. The Parties are authorized to enter into, perform, execute, and deliver all documents and take all actions, necessary to immediately continue and fully implement the Stipulation in accordance with the terms, conditions, agreements, and releases set forth therein, all of which are hereby approved.

4. The Claim is hereby allowed as a general unsecured claim in the amount of $32,001,953.00 against Luminant and the Administrative Claim is hereby allowed as an administrative claim in the amount of $1,028,740.29 against Luminant. Epiq Bankruptcy Solutions, LLC is authorized and directed to amend the official claims register maintained in the Debtors' chapter 11 cases to reflect the terms of the Stipulation.

5. Except as provided in the Stipulation, nothing in this Order shall affect the rights, duties, or obligations of any Debtor other than Luminant.

3

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October \_\_\_\_\_, 2016
       Wilmington, Delaware

                                  THE HONORABLE CHRISTOPHER S. SONTCHI
                                  UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1 to EXHIBIT A

**Stipulation**

## CLAIM SETTLEMENT STIPULATION

**THIS STIPULATION** (as may be amended or modified from time to time, this "Stipulation") is made and entered into as of September 20, 2016, by and among Luminant Energy Company LLC ("Luminant" or the "Debtor") and Forest Creek Wind Farm, LLC (together with any successors thereto, the "Claimant" and, together with the Debtor, the "Parties").

**WHEREAS**, on April 29, 2014 (the "Petition Date"), Debtor and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which have been jointly administered under case number 14-10979 (CSS) (collectively, the "Chapter 11 Cases");

**WHEREAS**, the Debtor and Claimant are parties to the Renewable Energy and Renewable Energy Credits Purchase Agreement, dated as of March 10, 2006 (as amended or modified from time to time, the "Contract")[1];

**WHEREAS**, the Debtor had provided security as of the Petition Date under the Contract in the form of a letter of credit in the amount of $25 million (the "Letter of Credit") from Citibank, N.A.;

**WHEREAS**, Claimant provided "Net Energy" to Luminant during the postpetition period from March 1, 2015 to April 14, 2015 for which Claimant has not yet been paid (the "Unpaid Net Energy");

**WHEREAS**, the Claimant made draws on the Letter of Credit on March 3, 3015 and March 20, 2015 in the amounts of $1,708,151.38 and $23,291,848.62, respectively;

**WHEREAS**, on March 24, 2015, the Debtors filed the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract with Forest Creek Wind Farm, LLC, Effective Nunc Pro Tunc to March 24, 2015* [D.I. 3963], which provided for the rejection of the Contract;

**WHEREAS**, on April 20, 2015, the Bankruptcy Court entered the *Order Authorizing Luminant Energy Company LLC to Reject a Certain Executory Contract, Effective Nunc Pro Tunc to March 24, 2015* [D.I. 4223], pursuant to which the Contract was rejected;

**WHEREAS**, on June 15, 2015, Claimant filed a proof of claim designated as claim number 10078 in respect of its claim against Luminant arising out of the rejection of the Contract in the amount of $121,437,077.38 (the "Claim");

**WHEREAS**, on June 15, 2015, Claimant filed a *Request for Payment of Administrative Expense of Forest Creek Wind Farm, LLC* [D.I. 4762] (the "Administrative Claim" and, together with the Claim, the "Claims"), pursuant to which Claimant sought payment from Luminant of an

---

[1] Claimant and Debtor are successors to the parties named in the Contract, Airtricity Forest Creek Wind Farm, LLC and TXU Portfolio Management Company LP, respectively.

administrative expense claim in the amount of $1,048,740.29 on account of the Unpaid Net Energy.

**WHEREAS**, by this Stipulation, the Parties seek to settle any claims among the Parties, including the Claims, and any other claims, on account of the Contract, and to agree to all other terms and provisions contained herein;

**NOW THEREFORE**, in consideration of the foregoing and of the mutual covenants set forth herein, the Parties agree as follows.

1.      **Conditions to Effectiveness.**  Notwithstanding anything to the contrary herein, this Stipulation shall not be effective until the date that the Bankruptcy Court has entered an order in the Chapter 11 Cases approving the Stipulation and such order becomes a Final Order (such order, the "Order" and such date, the "Effective Date"). The Parties' obligations with respect to this Stipulation, except for the Debtor's obligation to seek approval of this Stipulation, are expressly subject to the occurrence of the Effective Date. The Debtor shall take reasonably necessary steps to obtain approval of this Stipulation, as soon as reasonably practicable after execution of this Stipulation by each of the Parties. For purposes of this Stipulation, "Final Order" shall mean an order as to which the time to appeal, petition for certiorari, or move for reargument, rehearing or reconsideration has expired and as to which no appeal, petition for certiorari, or other proceeding for reargument, rehearing or reconsideration shall then be pending or as to which any right to appeal, petition for certiorari, reargue, rehear or reconsider shall have been waived in writing by the entity possessing such right.

2.      **Agreed Claim.**  The Claimant shall receive (i) after application of the Letter of Credit proceeds, on account of claim no. 10078: an allowed general unsecured claim against Luminant in the amount of $32,001,953.00, and (ii) an allowed administrative expense claim against Luminant in the amount of $1,028,740.29 (collectively, the "Agreed Claim").

3.      **No Further Action by Claimant.**  The Parties hereto acknowledge and agree that the Claimant does not need to take any further action to seek to allow the Agreed Claim in the Chapter 11 Cases. Subject to Bankruptcy Court approval of this Stipulation and in order to reflect entry into this Stipulation and the allowance of the Agreed Claim, upon the Effective Date, Luminant shall promptly instruct the claims agent, Epiq Bankruptcy Solutions LLC, to update the claims register to reflect that the Agreed Claim is to be allowed solely against the Debtor and its estate in the amount and priority stipulated herein.

4.      **Release of the Debtors.**  Except with respect to the Agreed Claim, which shall be allowed as provided in paragraph 2 of this Stipulation, and any of Debtors' obligations herein, for good and valuable consideration, the sufficiency of which is hereby acknowledged, upon the Effective Date, the Claimant agrees, to the maximum extent allowed by applicable law, to release, waive, and discharge the Debtors, their respective affiliates, parents, subsidiaries, members, partners, principals, shareholders, officers, directors, managers, employees, representatives, agents, financial advisors, attorneys, accountants, investment bankers, consultants, and other professionals, and any person or entity seeking to exercise the rights of the Debtors' estates, including any successors to the Debtors or any estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code and the Debtors' property

(each, a "Debtor Released Party"), from any and all claims, interests, obligations, debts, rights, suits, damages, demands, causes of action, remedies, and liabilities, before or after the Petition Date whatsoever, including any derivative claims, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing or hereafter arising, in law, at equity or otherwise, any damages or administrative expenses before or after the Petition Date, including under sections 503(b)(1)(A) and (b)(9), whether for tort, contract, violations of federal or state securities laws, or otherwise, against any Debtor Released Party arising under or related to the Contract, any transactions entered thereunder, the Claims (other than the Agreed Claim), or the negotiation, execution, performance or any breaches of any of the foregoing; *provided, however*, that nothing herein shall be deemed to release any claim of Claimant judicially determined to have arisen from fraud, bad faith, or willful misconduct.

5.  **Release of Claimant.** For good and valuable consideration, the sufficiency of which is hereby acknowledged, upon the Effective Date, the Debtors (on behalf of themselves and any other party, person or entity claiming under or through them and including any successor to any of them) agree, to the maximum extent allowed by applicable law, to release, waive, and discharge the Claimant, its respective affiliates, parents, subsidiaries, members, partners, principals, shareholders, officers, directors, managers, employees, representatives, agents, financial advisors, attorneys, accountants, investment bankers, consultants, and other professionals, and any person or entity seeking to exercise the rights of the Claimant's estates, including any successors to the Claimant or the Claimant's property (each, a "Claimant Released Party"), from any and all claims, interests, obligations, debts, rights, suits, damages, demands, causes of action, remedies, and liabilities, before or after the Petition Date whatsoever, including any derivative claims, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing or hereafter arising, in law, at equity or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, against any Claimant Released Party arising under or related to the Contract, any transactions entered thereunder, or the negotiation, execution, performance or any breaches of any of the foregoing; *provided, however*, that nothing herein shall be deemed to release any claim of the Debtors judicially determined to have arisen from fraud, bad faith, or willful misconduct.

6.  **Successors and Assigns.** The provisions of this Stipulation shall be binding on the Parties and their successors and assigns and shall inure to the benefit of the Parties and their successors and assigns.

7.  **Entire Agreement.** This Stipulation constitutes the entire agreement and understanding between the Parties with respect to the subject matter hereof, and there are no representations, understandings, or agreements relative hereto which are not fully expressed herein. This Stipulation may not be modified, altered, or amended in whole or in part except by a written instrument executed by each Party.

8.  **Governing Law.** This Stipulation shall be governed by and construed under the laws of the State of New York (including Section 5-1401 of the New York General Obligations Law), without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

9. **Jurisdiction.** The Parties consent to the exclusive jurisdiction of the Bankruptcy Court with respect to this Stipulation. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Stipulation. In the event the Bankruptcy Court declines to accept jurisdiction over any matter related to this Stipulation, the Parties agree to then proceed in the Texas Federal District Court.

10. **No Reliance.** Each Party represents and warrants that in entering into this Stipulation it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. In entering into this Stipulation, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

11. **Construction.** This Stipulation has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Stipulation so as to give rise to any presumption of convention regarding construction of this document. All terms of this Stipulation were negotiated in good faith and at arm's-length, and this Stipulation was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Stipulation is the free and voluntary act of the Parties.

12. **No Liability.** It is understood and agreed by the Parties that this Stipulation represents a settlement and compromise of disputed claims and neither this Stipulation itself, any of the payments or covenants described herein, nor anything else connected with this Stipulation is to be construed as an admission of fault or liability.

13. **Execution in Counterparts.** This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All signatures of the Parties to this Stipulation may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

14. **Severability.** If any provision of this Stipulation is determined to be prohibited or unenforceable by reason of any applicable law of a jurisdiction, then such provision shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions thereof, and any such prohibition or unenforceability in such jurisdiction shall not invalidate or render unenforceable such provisions in any other jurisdiction.

15. **Compliance with Applicable Law.** The Parties represent, warrant, and covenant that each document, notice, instruction, or request provided by each respective Party shall comply with applicable laws and regulations. Where, however, the conflicting provisions of any such applicable law may be waived, they are hereby irrevocably waived by the parties hereto to the fullest extent permitted by law, to the end that this Stipulation shall be enforced as written.

16.     **No Third-Party Beneficiaries.**  Except as provided in paragraphs 4 and 5 hereof, nothing in this Stipulation, whether express or implied, shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest or claim under or in respect of this Stipulation.

*[Signature page follows]*

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation as of the date set forth above.

| | |
|---|---|
| **LUMINANT ENERGY COMPANY LLC, on behalf of itself and the other Debtors** | **FOREST CREEK WIND FARM, LLC** |
| By: *[signature]* | By: *[signature]* |
| Name: Terry L. Nutt | Name: Tom Festle |
| Title: SVP Finance | Title: CFO & Secretary |

*[Signature Page to Claim Settlement Stipulation]*