**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**[PROPOSED] ORDER SETTING AMOUNT OF TCEH FIRST LIEN CREDITOR PLAN DISTRIBUTION ALLOCATION DISPUTE RESERVE**

Upon consideration of the *Stipulation And Consent Order Approving TCEH First Lien Creditor Plan Distribution Allocation Dispute Reserve Process* (D.I. ____) (the "Stipulation and Order"), Texas Competitive Electric Holdings Company LLC ("TCEH"), Energy Future Competitive Holdings Company LLC ("EFCH"), certain of TCEH's direct and indirect subsidiaries that are debtors and debtors-in-possession in the above-captioned cases (collectively with TCEH and EFCH, the "TCEH Debtors"), Wilmington Trust, N.A., as successor collateral agent (the "First Lien Collateral Agent") and successor administrative agent (the "First Lien Administrative Agent," and together with the First Lien Collateral Agent, the "TCEH First Lien Agent") under that certain Credit Agreement dated as of October 10, 2007 (as amended, modified, or supplemented from time to time), Delaware Trust Company (f/k/a CSC Trust Company of Delaware), as successor indenture trustee (the "First Lien Notes Trustee") under that certain Indenture dated April 19, 2011, for the 11.50% senior secured notes due October 1,

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

2020, certain Holders of TCEH First Lien Interest Rate Swap Claims (as defined in the Plan),[2] and the ad hoc committee of certain unaffiliated holders of, *inter alia*, first lien senior secured claims against the TCEH Debtors (the "T<u>CEH First Lien Ad Hoc Committee</u>," and collectively with the TCEH Debtors, the TCEH First Lien Agent, the TCEH First Lien Notes Trustee, and the undersigned Holders of TCEH First Lien Interest Rate Swap Claims, the "<u>Parties</u>") pursuant to which the Parties agreed to, and this Court so-ordered, a process for having this Court resolve a dispute regarding the appropriate calculation of the TCEH First Lien Dispute Reserve (as defined in the Stipulation and Order); and upon consideration of each of the Proposals submitted for the Court's consideration pursuant to the Stipulation and Order; and it appearing that the Court has jurisdiction to consider the Proposals pursuant to 11 U.S.C. § 1334; and it appearing that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation thereon;

**IT IS HEREBY ORDERED THAT:**

1. The TCEH Debtors are authorized and directed to establish the TCEH First Lien Dispute Reserve on the TCEH Effective Date (as defined in the Plan) in accordance with this Order.

2. On or after the TCEH Effective Date, upon making any distribution pursuant to the Plan on account of an allowed Class C3 TCEH First Lien Interest Rate Swap Claim held by J. Aron & Company, the TCEH Debtors shall withhold 7.20% of such distribution and transfer it to the TCEH First Lien Dispute Reserve to be held in such reserve pending entry of a Final Order in the TCEH First Lien Creditor Plan Distribution Allocation Dispute.

---

[2]  Terms used but not otherwise defined in this Order shall have the meanings ascribed to such terms in the Plan.

3. On or after the TCEH Effective Date, upon making any distribution pursuant to the Plan on account of an allowed Class C3 TCEH First Lien Interest Rate Swap Claim not held by J. Aron & Company, the TCEH Debtors shall withhold 12.22% of such distribution and transfer it to the TCEH First Lien Dispute Reserve to be held in such reserve pending entry of a Final Order in the TCEH First Lien Creditor Plan Distribution Allocation Dispute.

4. On or after the TCEH Effective Date, upon making any distribution pursuant to the Plan on account of an allowed Class C3 TCEH First Lien Credit Agreement Claim on account of Non-extended 2014 Term Loans, the TCEH Debtors shall withhold 2.09% of such distribution and transfer it to the TCEH First Lien Dispute Reserve to be held in such reserve pending entry of a Final Order in the TCEH First Lien Creditor Plan Distribution Allocation Dispute.

5. On or after the TCEH Effective Date, upon making any distribution pursuant to the Plan on account of an allowed Class C3 TCEH First Lien Credit Agreement Claim on account of Non-extended 2014 Letters of Credit, the TCEH Debtors shall withhold 2.09% of such distribution and transfer it to the TCEH First Lien Dispute Reserve to be held in such reserve pending entry of a Final Order in the TCEH First Lien Creditor Plan Distribution Allocation Dispute.

6. Notwithstanding anything to the contrary in this Order or the [Escrow Agreement], only Holders of Allowed TCEH First Lien Secured Claims that complete and timely return a valid TRA Information Form shall be entitled to receive any Spin-Off TRA Rights that are deposited into escrow pursuant to the terms of the Order.  Holders of Allowed TCEH First Lien Secured Claims that fail

to complete and timely return a valid TRA Information Form shall not receive any Spin-Off Rights that are released pursuant to the terms of the [Escrow Agreement], and any Spin-Off TRA Rights that would have otherwise been released to a Holder of an Allowed TCEH First Lien Secured Claim that failed to complete and timely return a valid TRA Information Form shall instead be released to Reorganized TCEH, which shall transfer such Spin-Off TRA Rights to the Transfer Agent (as defined in the Spin-Off Tax Receivable Agreement) for cancellation as soon as reasonably practicable.

7. This Order shall not have any precedential value with respect to the determination of any appropriate rate of interest in the TCEH First Lien Note Intercreditor Action, including (but not limited to) under the doctrines of collateral estoppel and law of the case, and accordingly shall not be binding with respect to the underlying TCEH First Lien Note Intercreditor Action. No party to the TCEH First Lien Note Intercreditor Action is permitted to in any way to rely upon the Ruling with respect to any aspect of the TCEH First Lien Note Intercreditor Action.

8. The Parties rights to appeal this Order are hereby fully preserved; *provided*, *however*, that no Party shall have the right to seek a stay pending appeal of the Order in accordance with its agreement to forego such right in the Stipulation and Order.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

SO ORDERED this _____ day of September, 2016:

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge