IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP.,<br>et al.,<br><br>Debtors. | Chapter 11<br>Bankruptcy Case No. 14-10979 (CSS)<br>(Jointly Administered)<br><br>Bankruptcy Adv. No. 15-51 |
| MICHAEL CUNNINGHAM, JOE ARABIE, AND MICHELLE ZIEGELBAUM, ON THEIR OWN BEHALF AND ON BEHALF OF SIMILARLY SITUATED,<br><br>Appellants,<br><br>v.<br><br>ENERGY FUTURE HOLDINGS CORP., et al.,<br><br>Appellees. | Civil Action No. 15-cv-1183-RGA<br>(consolidated) |

MEMORANDUM OPINION

Jeanne E. Mirer, Esq. (argued), MIRER MAZZOCCHI SCHALET & JULIEN, PLLC, New York, NY; Daniel K. Hogan, Esq., HOGAN MCDANIEL, Wilmington, DE.

    Attorneys for Appellants

Mark D. Collins, Esq., RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Daniel J. DeFranceschi, Esq., RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Jason M. Madron, Esq., RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Brenton A. Rogers, Esq. (argued), KIRKLAND & ELLIS LLP, Chicago, IL; Mark E. McKane, P.C., Esq., KIRKLAND & ELLIS LLP, San Francisco, CA.

    Attorneys for Appellees

September 28, 2016

*[signature]*
ANDREWS, U.S. DISTRICT JUDGE:

This is an appeal from a December 16, 2015 order of the Bankruptcy Court denying a motion by Appellants for certification of a class pursuant to Fed. R. Civ. P. 23. The appeal is fully briefed. (Civ. Act. No. 15-1218 D.I. 21, Civ. Act. No. 15-1183 D.I. 43, 50).[1] The Court heard oral argument on September 9, 2016. (D.I. 67).

For the reasons set forth below, the order of the Bankruptcy Court is **AFFIRMED**.

**I. BACKGROUND**

Debtors/Appellees filed voluntary petitions for relief in the United States Bankruptcy Court for the District of Delaware under Chapter 11 of the Bankruptcy Code. Certain of Debtors' subsidiaries have potential liability related to former employees' "alleged exposure to asbestos in power plants owned, operated, designed, constructed, or maintained, in whole or in part, by the Debtors' predecessors." (D.I. 43, p. 21). On January 7, 2015, the Bankruptcy Court granted Debtors' motion to have the court establish a bar date for all asbestos claimants, including unmanifested claimants, those who were exposed to asbestos but who have not yet manifested any symptoms of asbestos-related disease. (Civ. Act. No. 15-1218 D.I. 22-1, pp. 1-8). On July 30, 2015, the Bankruptcy Court issued an order setting a bar date of December 14, 2015 for all asbestos claimants, establishing requirements for proofs of claim for manifested and unmanifested asbestos claimants, and approving notice procedures. (*Id.* at pp. 9-22).

On December 1, 2015, Appellants filed a motion with the Bankruptcy Court seeking to have the Court exercise its discretion to apply Federal Rule of Bankruptcy Procedure 7023 to the proceeding and to certify a class of persons holding unmanifested asbestos claims. (*Id.* at pp. 23-

---

[1] After Appellants filed their opening brief, the parties stipulated to consolidate the instant appeal (Civ. Act. No. 15-1218) with a related appeal (Civ. Act. No. 15-1183) for procedural and administrative purposes only. (Civ. Act. No. 15-1183 D.I. 34). In this opinion, all references to Docket Index numbers will refer to the docket in the lead case (Civ. Act. No. 15-1183) unless otherwise specified.

1

33). The Bankruptcy Court heard argument on the motion at a hearing on December 16, 2015. (D.I. 46-1, pp. 273-328 ("Hr'g Tr."))[2] The Bankruptcy Court denied the motion. (Civ. Act. No. 15-1218 D.I. 1-1). The court declined to exercise its discretion to apply Rule 7023. (Hr'g Tr. 82:19-85:1). In addition, the court found that the class proof of claim did not meet the superiority requirement of Fed. R. Civ. P. 23(b). (Hr'g Tr. 85:2-87:2).

## II. STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from a final judgment of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1). On appeal from an order issued by the Bankruptcy Court, the Court "review[s] the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re Trans World Airlines, Inc.*, 145 F.3d 124, 131 (3d Cir. 1998). Abuse of discretion is found where a "court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am., UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987).

Whether to allow a class proof of claim is within the discretion of the bankruptcy court. *In re Zenith Labs., Inc.*, 104 B.R. 659, 664 (D.N.J. 1989); *see In re Am. Reserve Corp.*, 840 F.2d 487, 488 (7th Cir. 1988). Rule 7023 of the Federal Rules of Bankruptcy Procedure expressly allows class certification in adversary actions, by incorporating Rule 23 of the Federal Rules of Civil Procedure. Fed. R. Bankr. P. 7023. Rule 9014 expands the reach of Rule 7023 to "any stage" in contested matters, at the court's discretion. Fed. R. Bankr. P. 9014(c).

A court's decision to deny certification of a class is reviewed for abuse of discretion. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 312 (3d Cir. 2008).

---

[2] Further citations to this transcript will refer to the transcript's internal pagination rather than the pagination of the document found at D.I. 46-1.

2

III. **DISCUSSION**

As an initial matter, Appellees question whether Appellants have standing to appeal the denial of the motion at issue. (D.I. 43, p. 17). I decline to decide the issue of standing at this time because I have jurisdiction to decide this appeal and will resolve it on other grounds.

A. **The Bankruptcy Court's Discretionary Decision not to Apply Fed. R. Bankr. P. 7023**

The Federal Rules of Bankruptcy Procedure require that appellants file "a statement of the issues to be presented" on appeal. Fed. R. Bankr. P. 8009(a)(1)(A). The Rules further require that, in opening briefs, appellants again state the issues presented on appeal as well as an argument "contain[ing] the appellant's contentions." Fed. R. Bankr. P. 8014(a)(5), (8). "[A] district court may, in its discretion, deem an argument waived if it is not presented in accordance with Rule 801[4]." *In re Trans World Airlines, Inc.*, 145 F.3d at 132.

Appellees argue that Appellants failed to address the Bankruptcy Court's discretionary decision not to apply Rule 7023 in their opening brief. (D.I. 43, p. 52). Appellants counter that this was not an independent ground for denying the motion; rather, "the consideration of the superiority issue was the focus of the Court's decision whether to exercise its discretion to certify the class." (D.I. 50, p. 10). According to Appellants, "the Bankruptcy Court merged the ruling about its discretion into a ruling on the merits." (*Id.* at p. 11).

Appellants misstate the Bankruptcy Court's ruling. In denying Appellants' motion, Judge Sontchi first discussed the discretionary decision whether to apply Rule 7023, concluding, "I will not exercise my discretion to apply Rule 7023 at all to the filing of a class proof of claim here." (Hr'g Tr. 84:24-85:1). He could not have been any clearer. Only after ruling on the question of whether to apply Rule 7023 did he turn to the issue of superiority, reasoning that if he were to certify a class, and "assum[ing] solely for purposes of this ruling that . . . 23(a) is . . . satisfied," he

3

did not "believe that in this situation the class action is superior to other available methods." (*Id.* at 85:2-17). In other words, the Bankruptcy Court's ruling that it would exercise its discretion not to permit the filing of a class proof of claim was separate from its ruling, in the alternative, that if it did apply Rule 7023, the Court would not certify the proposed class because class resolution would not be superior to alternative methods of adjudication.

Appellants failed to identify the Bankruptcy Court's decision not to exercise its discretion to apply Rule 7023 as an issue presented on appeal, and then did not argue it in their opening brief. In their reply brief, Appellants again failed to address this issue, arguing only that the issue was not waived because the exercise of discretion was not an independent ground for denying the motion. (D.I. 50, p. 10). For this reason, it is unnecessary to consider whether the Bankruptcy Court abused its discretion in not applying Rule 7023, as Appellants have waived the argument.

Even if the argument were not waived, there is no evidence that the Bankruptcy Court abused its discretion. As Judge Sontchi noted, "to allow a class proof of claim under the facts and circumstances of this case would be unprecedented." (Hr'g Tr. 83:1-3). This is not a case where there is a previously certified class from pending litigation outside the Bankruptcy Court proceedings that is coming to the Court to file a proof of claim on behalf of the class. In fact, the proposed class in this case would never litigate anything. Rather, Appellants seek class certification "solely for the purposes of filing a proof of claim." (*Id.* at 83:11-12). As Judge Sontchi recognized, the purpose of the class proof of claim would be to negate the bar date. (*Id.* at 84:15). The Bankruptcy Court recognized it had the power to allow a class proof of claim, and explained why it chose not to do so. The reasons it gave make sense. Therefore, the Bankruptcy Court did not abuse its discretion in declining to apply Rule 7023.

## B. Superiority of the Proposed Class

Although Appellants' waiver as to the Bankruptcy Court's decision not to apply Rule 7023 is a sufficient and independent reason to affirm, and, in any event, the Bankruptcy Court's decision was not an abuse of discretion, for the sake of completeness, and recognizing that there are important issues at stake here, I will address the parties' arguments regarding the Bankruptcy Court's ruling that the class would not be superior to alternative methods of adjudication.

### 1. *Abuse of Discretion is the Correct Standard of Review*

Appellants argue the Bankruptcy Court committed an error of law, requiring *de novo* review, when it used "the wrong comparator in its superiority analysis." (Civ. Act. No. 15-1218 D.I. 21, p. 18). In support of this assertion, Appellants provide only a conclusory statement that "whether a class action is superior to other forms of litigation in this context is inherently a question of law." (D.I. 50, p. 11). Appellants claim that the Bankruptcy Court used the bankruptcy proceeding, specifically the setting of a bar date and establishment of a notice procedure, as a comparator rather than an alternative form of adjudication, and that this was an incorrect legal standard. (Civ. Act. No. 15-1218 D.I. 21, p. 19).

While Appellants are correct that the District Court will review *de novo* the question of "whether an incorrect legal standard has been used," Appellants have not demonstrated that the Bankruptcy Court used an incorrect legal standard. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d at 312 (quoting *In re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24, 32 (2d Cir. 2006)). On the contrary, the Bankruptcy Court applied precisely the legal standard for which Appellants appear to argue.

Appellants argue that the Bankruptcy Court committed legal error by using the wrong comparator. (Civ. Act. No. 15-1218 D.I. 21, p. 18). The correct comparison for the superiority

5

analysis, Appellants claim, is not the notice and bar date procedure set up by the Bankruptcy Court, but rather individual litigation by future claimants as they manifest, beginning with proceedings in the Bankruptcy Court to determine whether their claims were discharged. (*Id.* at pp. 18-19).

This is an unconvincing argument, however, because the comparator Appellants propose is precisely the comparator the Bankruptcy Court used. During the hearing on the Motion, the Bankruptcy Court discussed the comparator it was using, finding:

> The issue of whether that due process as applied is sufficient to individual claimants is fully preserved. And that's what Grossman's is about. So if there are unmanifested claimants, who don't file a proof of claim, who manifest an injury in the future, and who attempt to file some sort of claim and prosecute a cause of action against the reorganized [debtors], their ability to argue under Grossman's that the due process I previously approved was insufficient and that their claim should survive, their cause of action should survive, that's fully preserved, and that [will] be decided on a fact-by-fact and a case-by-case basis in the future by whatever judge has to decide those issues.
> I think that that is sufficient and superior to requiring or allowing the issuance of a . . . class proof of claim in this instance."

(Hr'g Tr. 86:12-87:1). In other words, the Bankruptcy Court expressly considered individual litigation as compared to the proposed class proof of claim. Appellants have not shown that the Bankruptcy Court applied an incorrect legal standard. Abuse of discretion is, therefore, the correct standard of review.

2. *The Bankruptcy Court Did Not Abuse Its Discretion in Finding the Proposed Class Would Not Be Superior to Individual Litigation*

The superiority consideration requires a court to compare the proposed class "to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Appellants argue that the proposed class "is clearly superior in terms of efficiency and fairness." (Civ. Act. 15-1218 D.I. 21, p. 1). Appellants have not shown, however, that the Bankruptcy Court abused its discretion in its determination that the proposed class was not superior to individual litigation.

6

The Bankruptcy Court considered both efficiency and fairness, noting first that it had already established "an elaborate notice procedure" which it deemed successful. (Hr'g Tr. 85:18-21).[3] Appellants attempt to rebut this and to support their efficiency argument by arguing that, in the coming decades, "the Courts could *conceivably* be flooded with thousands" of suits filed by currently unmanifested claimants. (Civ. Act. 15-1218 D.I. 21, p. 22 (emphasis added)). Appellants provide no support for this claim, however, and an unsubstantiated claim about the potential number of future lawsuits cannot serve as the basis for finding abuse of discretion on the efficiency prong.

As to fairness, Appellants argue that the Bankruptcy Court "conflated the superiority analysis with the due process analysis applicable to the confirmation hearing and the entry of the bar date." (*Id.* at p. 23). Appellants claim that the alternative to the proposed class would involve the unfair and insurmountable burdens to individual claimants of having to appear in Bankruptcy Court in Delaware to argue that their claims were not discharged. (*Id.* at 23-24).

The Bankruptcy Court, as noted above, found that the notice procedure was successful. (Hr'g Tr. 85:18-21). In addition, the Court discussed how the due process issue raised by Appellants related to the superiority inquiry.

Under Third Circuit precedent prior to 2010, a claim for the purposes of bankruptcy arose not when the underlying act giving rise to liability occurred, but when the right to payment arose. *Matter of M. Frenville Co.*, 744 F.2d 332, 336 (3d Cir. 1984). In the context of asbestos claims, a claim arose when the state law tort cause of action accrued, which would typically be when the claimant manifested symptoms of an asbestos-related disease. *In re Grossman's, Inc.*, 607 F.3d

---

[3] Debtors represent that the notice procedure approved by the Bankruptcy Court cost approximately $2.5 million. (D.I. 43, p. 31). The notice procedure consisted of direct mailings to "individuals identified in employee and contractor records" in addition to known claimants, as well as "a comprehensive publication notice program, using print, online media, and other outlets." (*Id.* at pp. 31-32).

114, 118 (3d Cir. 2010). In other words, potential future claims by those exposed to asbestos but who had not manifested symptoms as of the bar date were considered post-petition claims that could not be discharged in bankruptcy. *Id.* at 119-20.

In 2010, however, the Third Circuit overruled the *Frenville* accrual test. *Id.* at 121. For the purpose of discharge of claims in bankruptcy, a claim now arises upon exposure rather than upon manifestation of symptoms. *Id.* at 125. As the Third Circuit recognized when it overruled *Frenville*, this definition presents due process concerns. *Id.* In order to protect unmanifested claimants, the court provided guidance for determining whether a claim has been discharged, directing courts to consider, among other things, whether the claimants received notice of the bar date for submitting proofs of claim in the bankruptcy proceedings. *Id.* at 127.

The Bankruptcy Court recognized that this is the law in the Third Circuit and that Appellants appeared to be attacking the Third Circuit's holding in *Grossman's*. (Hr'g Tr. 83:22-84:5). The Bankruptcy Court also recognized that allowing a "class proof of claim on behalf of unmanifested claimants" would amount to an end-run around the bar date because "the whole point of the bar date goes away because everybody's covered." (*Id.* at 84:14-16).

In fact, certifying the proposed class would have the effect of reinstating the accrual test of *Frenville*, at least as applied to the proposed class. In other words, the members of the proposed class would be able to bring suit whenever they manifest, regardless of whether they received notice of the bar date, which is precisely the opposite of what the Third Circuit, sitting en banc in *Grossman's*, held. *Grossman's*, 607 F.3d at 125.

This discussion of due process was directly relevant to the issue of fairness as it relates to the current law in this circuit. Appellants have not shown that the Bankruptcy Court made any erroneous findings of fact, errors of law, or that it improperly applied the law to the facts with

8

respect to the superiority inquiry. Therefore, the Bankruptcy Court did not abuse its discretion in finding the proposed class would not be superior to individual litigation.

## IV. CONCLUSION

For the reasons set forth herein, the Bankruptcy Court's December 16, 2015 Order denying class certification is **AFFIRMED**.

An appropriate order will be entered.