IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: D.I. 7243, 9321, 9421** |

## ORDER REGARDING CERTAIN PROVISIONS OF THE SETTLEMENT ORDER AND THE TCEH CONFIRMATION ORDER

Reference is hereby made to the *Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as It Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 9421] (such order, the "TCEH Confirmation Order" and the plan of reorganization attached thereto, the "Plan")[2] and *Order Granting the Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement* [D.I. 7243] (the "Settlement Order"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Unless otherwise specified, capitalized terms used but not defined herein have the meanings ascribed to them in the Plan or, if not defined therein, the TCEH Confirmation Order.

RLF1 15271447v.1

and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. On the TCEH Effective Date, the Disbursing Agent shall administer the TCEH Cash Payment (net of, for the avoidance of doubt, Settlement Agreement Professional Fees already paid (which Settlement Agreement Professional Fees shall reduce the recoveries to the Holders of Allowed Class C4 and Class C5 Claims as set forth in Section 2.7 of the Settlement Agreement), the EFH Committee Settlement Escrow ($9,450,000), and the EPA Settlement Amount ($1,000,000)) as follows:

   a. the following amounts of Cash shall, on the TCEH Effective Date, be deducted from the TCEH Cash Payment and placed into the TCEH Cash Payment Account: (i) an amount equal to the Pro Rata recovery under the Plan attributable to the alleged amount of alleged disputed Class C5 Claims against the TCEH Debtors, and with respect to the amount of alleged Claims against the TCEH Debtors derived from, or based upon, liabilities based on asbestos relating to the TCEH Debtors, the alleged liquidated amount of such alleged Claims (collectively, the "Disputed Class C5 Claims" and the "Disputed Class C5 Claims Escrow"); (ii) the aggregate amount of Pending Settlement Agreement Professional Fees; and (iii) all distributions to Holders of Allowed Class C5 Claims.

   b. after such deduction, the Debtors (a) shall, on the TCEH Effective Date, distribute to Holders of Allowed Claims in Class C4, their Pro Rata share of $427.7 million from the TCEH Cash Payment and (b) and the TCEH Committee advisors shall work in good faith to develop a schedule of distributions for Holders of Allowed Claims in Class C5 from the TCEH Cash Payment; *provided, that*, the Holders of Allowed Class C5 Claims will receive a distribution within thirty calendar days of the TCEH Effective Date (or such other date as may be mutually agreed to by the parties); *provided, further, however*, that, notwithstanding the foregoing, distributions from the TCEH Cash Payment made by the Debtors or the Disbursing Agent on account of (i) the PCRB Claims shall be made to the PCRB Trustee, (ii) the TCEH Unsecured Note Claims shall be made to the TCEH Unsecured Notes Trustee, and (iii) the TCEH Second Lien Note Claims shall be made to the TCEH Second Lien Notes Trustee (such trustees in clauses (i) through (iii), the "TCEH Indenture Trustees").

2. Subject to the occurrence of the TCEH Effective Date, each of the EFH Committee Settlement Escrow, the Pending Settlement Agreement Professional Fees, and the

Disputed Class C5 Claims Escrow shall be held in the TCEH Cash Payment Account pending a final determination of the amount of the EFH Committee Settlement Payment Amount, the Pending Settlement Agreement Professional Fees, and the Allowed amounts of Disputed Class C5 Claims, respectively, following which distributions from the TCEH Cash Payment Account shall be made consistent with the Plan and the TCEH Confirmation Order; *provided, however,* that periodic distributions shall be made from the TCEH Cash Payment Account to the TCEH Indenture Trustees (for the Holders of Allowed Class C4 Claims) (a) within three (3) business days following entry of an Order by the Bankruptcy Court that is not subject to a stay estimating all Claims derived from or based upon liabilities based on asbestos relating to the TCEH Debtors in an amount less than the currently alleged liquidated amount of such claims used for purposes of the calculation in paragraph 1(a) of this Order, (b) within three (3) business days following final resolution of any Claim for which an amount over $300 million has been reserved in the Disputed Class C5 Claims Escrow, whether by estimation or a final order that is not subject to a stay, *provided, that*, within three (3) business days following such final resolution, the Holders of Allowed Class C5 Claims Allowed as of the date of such resolution will also receive a distribution), (c) not less frequently than once every sixty (60) days following the TCEH Effective Date (each such sixty day period, a "60-Day Period"), if during a 60-Day Period, the Allowed Class C4 Claims or Allowed Class C5 Claims that become Allowed during such 60-Day Period result in an aggregate distribution to Holders of all Allowed Class C4 Claims and Allowed Class C5 Claims in excess of $[15] million, and (d) a final distribution as soon as reasonably practicable following the reconciliation of all Disputed Class C5 Claims. To the extent of any conflict in the timing of distributions to Holders of Allowed Class C4 Claims and

Allowed Class C5 Claims as set forth in this paragraph 2 and the TCEH Confirmation Order or the Plan, the provisions set forth in this paragraph 2 shall govern.

3. If the aggregate Disputed Class C5 Claims are ultimately Allowed or estimated by order of the Court in an amount greater than the aggregate amount allocated to Disputed Class C5 Claims and the amount remaining in the TCEH Cash Payment Account (other than the EFH Committee Settlement Escrow and the Pending Settlement Agreement Professional Fees) is insufficient to provide such claimants with their Pro Rata recovery, the Holders of Allowed Claims in Class C4 and C5 shall refund in Cash to the TCEH Cash Payment Account an amount necessary to result in Pro Rata distributions of Cash to all Holders of Allowed Claims in Classes C4 and C5, *provided, however*, a Holder of an Allowed Claim in Class C4 or Class C5 shall only be required to refund in Cash to the TCEH Cash Payment an amount necessary to result in Pro Rata distributions of Cash to all Holders of Allowed Claims in Classes C4 and C5 solely if such refund requires such Holder to refund a minimum of $5,000. For the avoidance of doubt, under no circumstances shall the TCEH Indenture Trustees, the Disbursing Agent, or any of the Reorganized TCEH Debtors be liable for such refunds, if any, or responsible for the collection of such refunds, if any. The first sentence of this paragraph shall be deemed null and void upon entry of an Order by the Bankruptcy Court estimating all Claims derived from or based upon liabilities based on asbestos relating to the TCEH Debtors in amount less than the currently alleged liquidated amount of such claims used for purposes of the calculation in paragraph 1(a) of this Order. Except as otherwise provided in the first sentence of this paragraph, all distributions (a) from the TCEH Cash Payment to the TCEH Indenture Trustees and the Holders of Allowed Claims in Class C5 and (b) by the TCEH Indenture Trustees to the Holders of Allowed Claims in Class C4, shall be indefeasible once made.

4.  From and after the TCEH Effective Date, the Reorganized TCEH Debtors shall have no liability in respect of Allowed Class C4 Claims or Allowed Class C5 Claims, which shall be payable solely from the TCEH Cash Payment and TCEH Cash Payment Account pursuant to, and in accordance with, the Plan, the TCEH Confirmation Order, and this Order.

5.  Neither the Reorganized TCEH Debtors nor the Disbursing Agent shall have any liability for actions (including the issuance of any distributions or the establishment of any reserves) taken pursuant to, and in accordance with, this Order.

6.  This Order amends, modifies, and supersedes the Plan, the Settlement Agreement, and any prior order of the Court, including the TCEH Confirmation Order and the Settlement Order, solely to the extent of any inconsistency therewith. For the avoidance of doubt, paragraph 122 of the TCEH Confirmation Order shall remain in full force and effect except to the extent inconsistent with this Order.

7.  Notice of this Order shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

8.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.  All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. The Debtors are authorized to take all actions necessary to effectuate the relief specified in this Order.

RLF1 15271447v.1

11.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September 30, 2016
      Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 15271447v.1