# **Exhibit A**

RLF1 15272703v.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## ORDER ESTABLISHING PLAN RESERVE FOR TCEH
## FIRST LIEN CREDITOR PLAN DISTRIBUTION ALLOCATION DISPUTE

Upon consideration of the letter brief proposals (each a "Proposal") submitted on behalf of the Intervenors[2] (D.I. 9701), Angelo Gordon & Co. L.P., Apollo Management Holdings L.P., and Oaktree Capital Management, L.P. (D.I. 9702), and the TCEH First Lien Notes Trustee (D.I. 9704) pursuant to the *Stipulation and Consent Order Approving TCEH First Lien Creditor Plan Distribution Allocation Dispute Reserve Process* (D.I. 9696); and upon consideration of the record of the status conference held before the Court on September 26, 2016; and upon consideration of the *Order Approving Stipulation and Granting in Part Motion of Delaware Trust Company for Stay Pending Appeal of Allocation Order Pursuant to Bankruptcy Rule 8007* (Adv. D.I. 132);[3] and upon consideration of the Opinion (Adv. D.I. 89), Order and Judgment (Adv. D.I. 90 and 91, respectively), and an Amended Order (Adv. D.I. 94) (collectively, the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] The "Intervenors" are Morgan Stanley Capital Group Inc. ("MS"), J. Aron & Company ("J. Aron"), and Titan Investment Holdings LP ("Titan").

[3] References to "Adv. D.I." refer to documents filed in *Delaware Trust Company v. Wilmington Trust, N.A. (In re Energy Future Holdings Corp.)*, Case No. 15-51239-CSS.

RLF1 15272911v.1

"Allocation Order")[4]; and upon consideration of the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. 9321) (the "Plan"); and upon consideration of the *Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* (D.I. 9421); and it appearing that the Court has jurisdiction to enter this Order pursuant to 11 U.S.C. § 1334; and it appearing that venue of this Order in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; it is hereby:

**ORDERED** that the Proposal of the TCEH First Lien Notes Trustee is hereby overruled, and nothing herein purports or shall be construed to waive or otherwise prejudice in any way any right of appeal of the TCEH First Lien Notes Trustee. The TCEH First Lien Notes Trustee expressly reserves any and all such rights; and it is further

**ORDERED** that Holders of Claims under the TCEH Credit Agreement whose maturities were extended pursuant to certain prepetition amendments to the TCEH Credit Agreement (such Claims, the "Extended TCEH Credit Agreement Claims"), and Holders of TCEH First Lien Notes are not required to fund the reserve provided for under Article III(B)(29)(d) of the Plan, and the TCEH Debtors are authorized and directed to distribute the full amount of such Holders' respective TCEH First Lien Creditor Distributions to such Holders on the TCEH Effective Date; and it is further

**ORDERED** that, the Intervenors (or their affiliates) and any other Holder of TCEH First Lien Interest Rate Swap Claims or Claims under the TCEH Credit Agreement that are not Extended TCEH Credit Agreement Claims (such claims, the "Non-Extended TCEH Credit

---

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Agreement Claims") (in each case, a "Reserving TCEH First Lien Creditor") that so elects shall be authorized to provide, severally and not jointly, undertakings in the form attached as Annex A hereto (an "Undertaking"), or in a form negotiated and agreed to in good faith by the TCEH First Lien Notes Trustee and a Reserving TCEH First Lien Creditor, by filing a completed and executed Undertaking[5] on the docket in these Chapter 11 Cases; and it is further

**ORDERED** that, on the TCEH Effective Date, (a) each Intervenor (or its affiliate)[6] and other Reserving TCEH First Lien Creditor that, in each case, files a completed and executed Undertaking prior to 5pm (EST) on September 30, 2016 (each, an "Undertaking Party") shall receive its Pro Rata share of Plan Distributions without any holdback; and (b) each Reserving TCEH First Lien Creditor that is not an Undertaking Party shall be subject to a holdback of the percentage (the "Holdbank Percentage") of its Pro Rata share of Plan Distributions ("Plan Distributions Holdback") as set forth in Schedule 1 hereto; and it is further

**ORDERED** that, any Reserving TCEH First Lien Creditor that is not an Undertaking Party on the TCEH Effective Date shall be entitled to become an Undertaking Party by filing a completed and executed Undertaking on the docket in these Chapter 11 Cases within 25 days after the TCEH Effective Date, whereupon it shall be entitled to a prompt release of its Plan Distributions Holdback; and it is further

**ORDERED** that, all Plan Distributions Holdbacks and all Plan Distributions and cash

---

[5] The completed Undertaking shall include the name of the Undertaking Party, its Undertaking Percentage, the amount and nature of the Claim as to which the undertaking is provided, and an election of either cash or distributions to be returned to Escrow (as provided for in Paragraph 3 of the Undertaking) if a return of the Undertaking Party's Undertaking Percentage of the Plan Distributions Holdback is required under the terms of the Undertaking.

[6] Any Undertakings provided on account of J. Aron's TCEH First Lien Interest Rate Swap Claim shall be provided severally and not jointly by (a) Longhorn GS LP, an affiliate of Titan ("Brookfield"), solely with respect to its 89.513% participated portion of the claim and (b) J. Aron, solely with respect to its 10.487% retained portion of the claim. For the avoidance of doubt, J. Aron and Brookfield will each file its own Undertaking.

subsequently returned pursuant to the Undertakings shall be held in escrow ("Escrow") by Reorganized TCEH in accordance with an escrow agreement in the form to be filed in these Chapter 11 Cases (the "Escrow Agreement") until there is a TCEH First Lien Creditor Plan Distribution Allocation Order (as defined in the Plan), at which time the reserved amounts shall be promptly returned or distributed by Reorganized TCEH in accordance with such order; and it is further

**ORDERED** that notwithstanding anything to the contrary in this Order or the Escrow Agreement, only Holders of Allowed TCEH First Lien Secured Claims that complete and timely return a valid TRA Information Form shall be entitled to receive any Spin-Off TRA Rights that are deposited into escrow pursuant to the terms of this Order. Holders of Allowed TCEH First Lien Secured Claims that fail to complete and timely return a valid TRA Information Form shall not receive any Spin-Off TRA Rights that are released pursuant to the terms of the Escrow Agreement, and any Spin-Off TRA Rights that would have otherwise been released to a Holder of an Allowed TCEH First Lien Secured Claim that failed to complete and timely return a valid TRA Information Form shall instead be released to Reorganized TCEH, which shall transfer such Spin-Off TRA Rights to the Transfer Agent (as defined in the Spin-Off Tax Receivable Agreement) for cancellation as soon as reasonably practicable; and it is further

**ORDERED** that the estimate of the value of the non-stock Plan Distributions at emergence per dollar of allowed amount of TCEH First Lien Claims (the "Non-Stock Distribution Value") for purposes of the Undertaking shall be equal to 5.791%; and it is further

**ORDERED** that the TCEH First Lien Agent shall promptly notify the Holders TCEH Credit Agreement Claims of entry of this Order, including the form of Undertaking attached

as Annex A hereto; and it is further

**ORDERED** that, the TCEH First Lien Notes Trustee and its officers, directors, shareholders, employees, agents, attorneys, successors and assigns shall not have or incur liability for, and are hereby released from any cause of action or any claim related to any act or omission in connection with, relating to, or arising out of, the formulation, preparation, negotiation, filing, termination or enforcement of this Order, this Order, the Undertaking, or any contract, instrument, release or other agreement or document contemplated by any of the foregoing or any related agreement, except for claims related to any act or omission that is determined in a final order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects the TCEH First Lien Notes Trustee shall be entitled to rely in good faith upon the advice of counsel with respect to any of the foregoing; provided, however, that nothing in this paragraph is meant to release any claims that the Parties to the Stipulation may have against the TCEH First Lien Notes Trustee arising out of or relating to enforcement of the Stipulation; and it is further

**ORDERED** that, notwithstanding any rule to the contrary, this Order shall take effect immediately upon entry; and it is further

**ORDERED** that this Court shall retain jurisdiction to resolve any disputes arising under or related to this order and to interpret, implement and enforce the provisions of this Order.

Dated: September 30, 2016
       Wilmington, Delaware

<div style="text-align:right">

HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

</div>

Schedule 1

Holdback Percentage of Plan Distributions

| **TCEH First Lien Claim** | **Holdback Percentage** |
|---|---|
| TCEH First Lien Notes | 0% |
| Extended TCEH Credit Agreement Claims | 0% |
| Non- Extended TCEH Credit Agreement Claims | 2.09% |
| J. Aron TCEH First Lien Interest Rate Swap Claims | 7.20% |
| Other TCEH First Lien Interest Rate Swap Claims | 12.22% |

## "ANNEX A" TO AGREED ORDER

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## UNDERTAKING FOR TCEH FIRST LIEN
## CREDITOR PLAN DISTRIBUTION ALLOCATION DISPUTE

Pursuant to the terms of the Order Establishing the Plan Reserve for TCEH First Lien Creditor Plan Distribution Allocation Dispute (D.I. [__]) (the "Order"),[2] the undersigned, [_____] (hereinafter, the "Undertaking Party") provides this Undertaking for the sole benefit of the TCEH First Lien Notes Trustee with respect to [100%][89.513%][10.487%] (the "Undertaking Percentage") of the Plan Distributions Holdback to the $[____] Allowed TCEH First Lien [Credit Agreement Claim] [Interest Rate Swap Claim of [Name of Swap Counterparty]] (the "Claim"):

1. For any party providing an Undertaking other than Morgan Stanley Capital Group, Inc., J. Aron & Company, and Longhorn Capital GS LP, the Undertaking Party certifies and represents that as of the date hereof it is a [_____] with a "net worth" (defined as assets in excess of current and long term debt obligations, or in the case of a financial manager, as assets under management) in excess of $2 billion.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order.

RLF1 15273012v.1

2. Promptly upon the entry of an order by a court of competent jurisdiction that directs the reversal of the Allocation Order, or has the effect of reversing the finding and conclusion in the Allocation Order that the Petition Date Allocation Method (as defined in the Allocation Order) is the appropriate method for distributing the Plan Distributions and determines that the Plan Distributions are to be allocated among the TCEH First Lien Creditors pursuant to the Postpetition Interest Allocation Method (as defined in the Allocation Order) (a "Reversal Order"), Reorganized TCEH shall provide written notice of such Reversal Order (a "Reversal Order Notice") to the Undertaking Party via facsimile and overnight delivery service at the address listed below in the signature block. The Reversal Order Notice shall include all necessary instructions for compliance with the Reversal Order.

3. The Undertaking Party hereby agrees that, within 12 Business Days of delivery of the Reversal Order Notice, it shall deposit to Escrow, in accordance with the instructions provided in the Reversal Order Notice: (a) with respect to the Reorganized TCEH Common Stock portion of the Plan Distributions Holdback distributed to the Holder of the Claim ("TCEH Stock Holdback"), either (i) its Undertaking Percentage of the TCEH Stock Holdback; **OR** (ii) if the Undertaking Party has sold the TCEH Stock Holdback, a cash amount representing the aggregate price at which the Undertaking Party sold its Undertaking Percentage of the TCEH Stock Holdback;[3] **AND** (b) with respect to the other Plan Distributions Holdback received by the Holder of the Claim (the "Non-Stock Holdback"), either (X) its Undertaking Percentage of the Non-Stock Holdback, **OR** (Y) a cash amount representing the product of (i) its Undertaking Percentage times (ii) the Holdback Percentage times (iii) the Allowed amount of the Claim times (iv) the Non-Stock Distribution Value pursuant to the Order, regardless of whether such

---

[3] The Undertaking Party shall elect the form (i.e., cash or in-kind) in which it undertakes to return its Undertaking Percentage of Plan Distributions Holdback that was distributed in stock form.

Undertaking Party retains or has transferred all or any portion of the Non-Stock Holdback, **OR** (Z) if the Undertaking Party has sold the Non-Stock Holdback to an unaffiliated party or at a market value (if there is an established trading price for this consideration at the time of sale), a cash amount representing the aggregate price at which the Undertaking Party sold its Undertaking Percentage of the Non-Stock Holdback and additional cash (if any) received by the Undertaking Party with respect to its Undertaking Percentage of the Non-Stock Holdback.

4. Each Undertaking Party, severally and not jointly, for so long as it has not fully complied with Paragraph 3 above within the time required hereby (i) consents to entry by the Court of a money judgment against it in an amount up to the amount for which the Undertaking Party is liable pursuant to Paragraph 2 above but has not returned to Escrow (or another account as may be directed by a court of competent jurisdiction) pursuant to Paragraph 3 above, (ii) waives any and all "mere conduit" and other defenses that it might otherwise be able to raise in proceedings to obtain or enforce such a judgment or any other proceedings regarding the enforcement of the Order, and (iii) agrees, from and after entry of a money judgment against it pursuant to Paragraph 4(i), not to oppose any party in interest from seeking to enforce such judgment until satisfied in full and to pay the costs and reasonable attorneys' fees incurred by such party in connection with enforcing such judgment; provided, however, that nothing herein shall affect such Undertaking Party's right to contest whether the conditions of Paragraph 2 have been satisfied.

5. The TCEH First Lien Notes Trustee shall have no obligation to take any action or pursue any remedy in connection with any Undertaking Party's breach of this Undertaking absent receiving a direction and an indemnity in accordance with the terms of the First Lien Notes Indenture that is satisfactory to the TCEH First Lien Notes Trustee in its sole discretion.

6.  The Undertaking Party shall take reasonable actions to ensure that its representations in this Undertaking continue to be accurate and complete, and that it is able to satisfy the obligations it has assumed in accordance with this Undertaking. The Undertaking Party's obligations under this Undertaking shall terminate upon compliance with the TCEH First Lien Creditor Plan Distribution Allocation Order (as defined in the Plan) or by Court order.

7.  For any party providing an Undertaking other than Morgan Stanley Capital Group, Inc., J. Aron & Company, and Longhorn Capital GS LP, as to whom the provisions of this paragraph 7 shall not apply,[4] if at any time while this Undertaking remains outstanding, the Undertaking Party's representations in this Undertaking cease to be accurate or complete in any material respect, the Undertaking Party shall become liable for and obligated to return its Undertaking Percentage of Plan Distributions Holdback or cash in accordance with paragraphs 2 and 3 above as if a Reversal Order had been entered. Within three (3) business days of any of the following, such Undertaking Party shall provide written notice to the TCEH First Lien Notes Trustee, which notice shall be deemed effective on the date sent, via overnight delivery service, to counsel for the TCEH First Lien Notes Trustee as set forth below:

   a. The representations in this Undertaking by the Undertaking Party are or will imminently become materially inaccurate and incomplete, whereby the notice shall state with particularity the inaccuracy or incompleteness;

---

[4] With respect to the Brookfield affiliate executing the Undertaking (whether with respect to swaps or non-extended debt), such affiliate shall maintain a coverage ratio such that the affiliate's net assets are at all times four (4) times greater than the value of the amounts that would otherwise have been placed in reserve absent the Undertaking. If any time prior to a TCEH First Lien Creditor Plan Distribution Allocation Order the coverage ratio falls below the four (4) times threshold, Longhorn (or the applicable Brookfield affiliate) will place 16.55% of its TCEH Stock Holdback (or true up its contribution to that amount if it had previously paid in the 7.20% following entry of a Reversal Order).

b. A resolution of the board of directors or decision by or on behalf of equivalent authorized decision-making body or individual(s) to execute an agreement providing for, take or commence any legal or administrative act or proceeding to execute or enter into any voluntary merger, acquisition, dissolution, winding up, liquidation by the Undertaking Party; provided, that nothing in this paragraph 7(b) shall require the Undertaking Party to make any disclosure prohibited under applicable law;

c. The Undertaking Party shall become aware that it is the subject of any involuntary merger, acquisition, dissolution, winding up, liquidation or other similar event; and

d. Any change to the address or other information set forth by the Undertaking Party in the signature block of this Undertaking.

8. In the event that notice to the Undertaking Party is required, including without limitation in the event of the entry of a Reversal Order, such notice shall be deemed effective on the date sent, via overnight delivery service, to the Undertaking Party at the address listed below in the signature block.

9. The Undertaking Party hereby submits to the jurisdiction of the Bankruptcy Court for the District of Delaware for the resolution of any disputes arising as a result of this Undertaking.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

[SIGNATURE PAGE TO UNDERTAKING]

Date: _____

                                        Undertaking Party: _____
                                        By _____
                                        Its _____

                                        _____
                                        _____
                                        ADDRESS FOR NOTICE AND SERVICE OF PROCESS