IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] ) | ) Case No. 14-10979 (CSS) |
| Debtors. ) | ) (Jointly Administered) |

## ORDER ESTABLISHING PLAN RESERVE FOR TCEH
## FIRST LIEN CREDITOR PLAN DISTRIBUTION ALLOCATION DISPUTE

Upon consideration of the letter brief proposals (each a "Proposal") submitted on behalf of the Intervenors[2] (D.I. 9701), Angelo Gordon & Co. L.P., Apollo Management Holdings L.P., and Oaktree Capital Management, L.P. (D.I. 9702), and the TCEH First Lien Notes Trustee (D.I. 9704) pursuant to the *Stipulation and Consent Order Approving TCEH First Lien Creditor Plan Distribution Allocation Dispute Reserve Process* (D.I. 9696); and upon consideration of the record of the status conference held before the Court on September 26, 2016; and upon consideration of the *Order Approving Stipulation and Granting in Part Motion of Delaware Trust Company for Stay Pending Appeal of Allocation Order Pursuant to Bankruptcy Rule 8007* (Adv. D.I. 132);[3] and upon consideration of the Opinion (Adv. D.I. 89), Order and Judgment (Adv. D.I. 90 and 91, respectively), and an Amended Order (Adv. D.I. 94) (collectively, the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] The "Intervenors" are Morgan Stanley Capital Group Inc. ("MS"), J. Aron & Company ("J. Aron"), and Titan Investment Holdings LP ("Titan").

[3] References to "Adv. D.I." refer to documents filed in *Delaware Trust Company v. Wilmington Trust, N.A. (In re Energy Future Holdings Corp.)*, Case No. 15-51239-CSS.

RLF1 15272911v.1

"Allocation Order")[4]; and upon consideration of the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (D.I. 9321) (the "Plan"); and upon consideration of the *Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* (D.I. 9421); and it appearing that the Court has jurisdiction to enter this Order pursuant to 11 U.S.C. § 1334; and it appearing that venue of this Order in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; it is hereby:

**ORDERED** that the Proposal of the TCEH First Lien Notes Trustee is hereby overruled, and nothing herein purports or shall be construed to waive or otherwise prejudice in any way any right of appeal of the TCEH First Lien Notes Trustee. The TCEH First Lien Notes Trustee expressly reserves any and all such rights; and it is further

**ORDERED** that Holders of Claims under the TCEH Credit Agreement whose maturities were extended pursuant to certain prepetition amendments to the TCEH Credit Agreement (such Claims, the "Extended TCEH Credit Agreement Claims"), and Holders of TCEH First Lien Notes are not required to fund the reserve provided for under Article III(B)(29)(d) of the Plan, and the TCEH Debtors are authorized and directed to distribute the full amount of such Holders' respective TCEH First Lien Creditor Distributions to such Holders on the TCEH Effective Date; and it is further

**ORDERED** that, the Intervenors (or their affiliates) and any other Holder of TCEH First Lien Interest Rate Swap Claims or Claims under the TCEH Credit Agreement that are not Extended TCEH Credit Agreement Claims (such claims, the "Non-Extended TCEH Credit

---

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Agreement Claims") (in each case, a "Reserving TCEH First Lien Creditor") that so elects shall be authorized to provide, severally and not jointly, undertakings in the form attached as Annex A hereto (an "Undertaking"), or in a form negotiated and agreed to in good faith by the TCEH First Lien Notes Trustee and a Reserving TCEH First Lien Creditor, by filing a completed and executed Undertaking[5] on the docket in these Chapter 11 Cases; and it is further

**ORDERED** that, on the TCEH Effective Date, (a) each Intervenor (or its affiliate)[6] and other Reserving TCEH First Lien Creditor that, in each case, files a completed and executed Undertaking prior to 5pm (EST) on September 30, 2016 (each, an "Undertaking Party") shall receive its Pro Rata share of Plan Distributions without any holdback; and (b) each Reserving TCEH First Lien Creditor that is not an Undertaking Party shall be subject to a holdback of the percentage (the "Holdbank Percentage") of its Pro Rata share of Plan Distributions ("Plan Distributions Holdback") as set forth in Schedule 1 hereto; and it is further

**ORDERED** that, any Reserving TCEH First Lien Creditor that is not an Undertaking Party on the TCEH Effective Date shall be entitled to become an Undertaking Party by filing a completed and executed Undertaking on the docket in these Chapter 11 Cases within 25 days after the TCEH Effective Date, whereupon it shall be entitled to a prompt release of its Plan Distributions Holdback; and it is further

**ORDERED** that, all Plan Distributions Holdbacks and all Plan Distributions and cash

---

[5] The completed Undertaking shall include the name of the Undertaking Party, its Undertaking Percentage, the amount and nature of the Claim as to which the undertaking is provided, and an election of either cash or distributions to be returned to Escrow (as provided for in Paragraph 3 of the Undertaking) if a return of the Undertaking Party's Undertaking Percentage of the Plan Distributions Holdback is required under the terms of the Undertaking.

[6] Any Undertakings provided on account of J. Aron's TCEH First Lien Interest Rate Swap Claim shall be provided severally and not jointly by (a) Longhorn GS LP, an affiliate of Titan ("Brookfield"), solely with respect to its 89.513% participated portion of the claim and (b) J. Aron, solely with respect to its 10.487% retained portion of the claim. For the avoidance of doubt, J. Aron and Brookfield will each file its own Undertaking.

RLF1 15272911v.1

subsequently returned pursuant to the Undertakings shall be held in escrow ("Escrow") by Reorganized TCEH in accordance with an escrow agreement in the form to be filed in these Chapter 11 Cases (the "Escrow Agreement") until there is a TCEH First Lien Creditor Plan Distribution Allocation Order (as defined in the Plan), at which time the reserved amounts shall be promptly returned or distributed by Reorganized TCEH in accordance with such order; and it is further

**ORDERED** that notwithstanding anything to the contrary in this Order or the Escrow Agreement, only Holders of Allowed TCEH First Lien Secured Claims that complete and timely return a valid TRA Information Form shall be entitled to receive any Spin-Off TRA Rights that are deposited into escrow pursuant to the terms of this Order. Holders of Allowed TCEH First Lien Secured Claims that fail to complete and timely return a valid TRA Information Form shall not receive any Spin-Off TRA Rights that are released pursuant to the terms of the Escrow Agreement, and any Spin-Off TRA Rights that would have otherwise been released to a Holder of an Allowed TCEH First Lien Secured Claim that failed to complete and timely return a valid TRA Information Form shall instead be released to Reorganized TCEH, which shall transfer such Spin-Off TRA Rights to the Transfer Agent (as defined in the Spin-Off Tax Receivable Agreement) for cancellation as soon as reasonably practicable; and it is further

**ORDERED** that the estimate of the value of the non-stock Plan Distributions at emergence per dollar of allowed amount of TCEH First Lien Claims (the "Non-Stock Distribution Value") for purposes of the Undertaking shall be equal to 5.791%; and it is further

**ORDERED** that the TCEH First Lien Agent shall promptly notify the Holders TCEH Credit Agreement Claims of entry of this Order, including the form of Undertaking attached

as Annex A hereto; and it is further

**ORDERED** that, the TCEH First Lien Notes Trustee and its officers, directors, shareholders, employees, agents, attorneys, successors and assigns shall not have or incur liability for, and are hereby released from any cause of action or any claim related to any act or omission in connection with, relating to, or arising out of, the formulation, preparation, negotiation, filing, termination or enforcement of this Order, this Order, the Undertaking, or any contract, instrument, release or other agreement or document contemplated by any of the foregoing or any related agreement, except for claims related to any act or omission that is determined in a final order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects the TCEH First Lien Notes Trustee shall be entitled to rely in good faith upon the advice of counsel with respect to any of the foregoing; provided, however, that nothing in this paragraph is meant to release any claims that the Parties to the Stipulation may have against the TCEH First Lien Notes Trustee arising out of or relating to enforcement of the Stipulation; and it is further

**ORDERED** that, notwithstanding any rule to the contrary, this Order shall take effect immediately upon entry; and it is further

**ORDERED** that this Court shall retain jurisdiction to resolve any disputes arising under or related to this order and to interpret, implement and enforce the provisions of this Order.

Dated: September 30, 2016
      Wilmington, Delaware

HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 15272911v.1