## EXHIBIT A(i)

**Certificate of Incorporation for Reorganized TCEH
and Redline Against August 11 Plan Supplement**

# CERTIFICATE OF INCORPORATION

## OF

## TCEH Corp.
### (a Delaware corporation)

## ARTICLE I
## NAME

The name of the corporation is TCEH Corp. (the "<u>Corporation</u>").

## ARTICLE II
## AGENT

The address of the Corporation's registered office in the State of Delaware is Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of its registered agent at such address is The Corporation Trust Company.

## ARTICLE III
## PURPOSE

The purpose of the Corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware (the "<u>DGCL</u>").

## ARTICLE IV
## STOCK

Section 4.1    <u>Authorized Stock</u>.  The total number of shares which the Corporation shall have authority to issue is 1,900,000,000, of which 1,800,000,000 shall be designated as Common Stock, par value $.01 per share (the "<u>Common Stock</u>"), and 100,000,000 shall be designated as Preferred Stock, par value $.01 per share (the "<u>Preferred Stock</u>").  For the avoidance of doubt, notwithstanding anything herein to the contrary, pursuant to Section 1123(a)(6) of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), the Corporation shall not issue non-voting equity securities; provided, however, that the foregoing restriction (i) shall have no further force or effect beyond that required under Section 1123 of the Bankruptcy Code, (ii) shall have such force and effect, if any, only for so long as such section is in effect and applicable to the Corporation and (iii) in all events may be amended or eliminated in accordance with applicable law as from time to time in effect.

Section 4.2    <u>Common Stock</u>.

(a)    Each holder of Common Stock, as such, shall be entitled to one vote for each share of Common Stock held of record by such holder on all matters on which stockholders

generally are entitled to vote; provided, however, that, except as otherwise required by law, holders of Common Stock, as such, shall not be entitled to vote on any amendment to this Certificate of Incorporation, including any certificate of designations relating to any series of Preferred Stock (each hereinafter referred to as a "Preferred Stock Designation"), that relates solely to the terms of one or more outstanding series of Preferred Stock if the holders of such affected series are entitled, either separately or together with the holders of one or more other such series, to vote thereon pursuant to this Certificate of Incorporation (including any Preferred Stock Designation).

(b)    Dividends.  Subject to the rights of the holders of any outstanding series of Preferred Stock, the holders of shares of Common Stock shall be entitled to receive dividends out of any funds of the Corporation legally available therefor when, as and if declared by the Board of Directors, and shall share equally on a per share basis in all such dividends.

(c)    Liquidation.  Upon the dissolution, liquidation or winding up of the Corporation, subject to the rights of the holders of any outstanding series of Preferred Stock, the holders of shares of Common Stock shall be entitled to receive the assets of the Corporation available for distribution to its stockholders ratably in proportion to the number of shares of Common Stock held by them.  A merger or consolidation of the Corporation with any other corporation or other entity, or a sale or conveyance of all or any part of the assets of the Corporation (which shall not in fact result in the liquidation of the Corporation and the distribution of assets to its stockholders) shall not be deemed to be a voluntary or involuntary dissolution, liquidation or winding up of the Corporation.

Section 4.3    Preferred Stock.  The Preferred Stock may be issued from time to time in one or more series.  Subject to limitations prescribed by law and the provisions of this Article IV, the Board of Directors is hereby authorized to provide by resolution and by causing the filing of a Preferred Stock Designation for the issuance of the shares of Preferred Stock in one or more series, and to establish from time to time the number of shares to be included in each such series, and to fix the designations, powers, preferences, and relative, participating, optional or other rights, if any, and the qualifications, limitations or restrictions, if any, of the shares of each such series.

The authority of the Board of Directors with respect to each series shall include, but not be limited to, determination of the following:

(i)    the number of shares constituting such series, which number the Board of Directors may thereafter (except where otherwise provided in the Preferred Stock Designation) increase or decrease (but not below the number of shares in any such series then outstanding), and the distinctive designation of such series, which may be by distinguishing number, letter or title;

(ii)    the dividend rate (or method of determining such rate) on the shares of such series, if any; whether dividends shall be cumulative, and, if so, from which date or dates, and the relative rights of priority, if any, of payment of dividends on shares of such series;

(iii)    whether the shares of such series shall have voting rights (including multiple, fractional or no votes per share) in addition to the voting rights provided by law, and, if so, the terms of such voting rights;

(iv)    whether the shares of such series shall have conversion rights, and, if so, the terms and conditions of such rights, including provision for adjustment of the conversion rate in such events as the Board of Directors shall determine;

(v)    whether or not the shares of such series shall be redeemable, and if so, the terms and conditions of such redemption, including the date or dates upon or after which they shall be redeemable, and the amount per share payable in case of redemption, which amount may vary under different conditions and at different redemption rates;

(vi)    whether a sinking fund shall be provided for the redemption or purchase of shares of such series, and, if so, the terms and the amount of such sinking fund;

(vii)    the restrictions, if any, on the issuance of the same series or of any other class or series;

(viii)    the rights of the shares of such series in the event of voluntary or involuntary liquidation, dissolution or winding up of the Corporation, and the relative rights of priority, if any, of payment of shares of such series; and

(ix)    any other relative rights, powers, preferences and qualifications, limitations or restrictions of such series.

Unless otherwise provided in the resolution or resolutions providing for the issuance of such series of Preferred Stock, shares of Preferred Stock, regardless of series, which shall be issued and thereafter acquired by the Corporation through purchase, redemption, exchange, conversion or otherwise shall return to the status of authorized but unissued Preferred Stock, without designation as to series of Preferred Stock, and the Corporation shall have the right to reissue such shares.

Section 4.4    No Class Vote on Changes in Authorized Number of Shares of Stock. Subject to the rights of the holders of any outstanding series of Preferred Stock, the number of authorized shares of any class or classes of stock may be increased or decreased (but not below the number of shares thereof then outstanding) by the affirmative vote of at least a majority of the voting power of the stock entitled to vote thereon irrespective of the provisions of Section 242(b)(2) of the DGCL.

## ARTICLE V
## BOARD OF DIRECTORS

Section 5.1    Number.  Except as otherwise provided for or fixed pursuant to the provisions of Article IV hereof (including any Preferred Stock Designation), the Board of Directors shall consist of such number of directors as shall be determined from time to time solely by resolution adopted by the affirmative vote of a majority of the total number of directors then authorized.

3

Section 5.2    <u>Classification</u>.

(a)    The Board of Directors (other than those directors elected by the holders of any series of Preferred Stock provided for or fixed pursuant to the provisions of Article IV hereof (including any Preferred Stock Designation) (the "<u>Preferred Stock Directors</u>")) shall be divided into three classes, as nearly equal in number as possible, designated Class I, Class II and Class III.  Class I directors shall initially serve until the first annual meeting of stockholders following the effectiveness of this Section 5.2; Class II directors shall initially serve until the second annual meeting of stockholders following the effectiveness of this Section 5.2; and Class III directors shall initially serve until the third annual meeting of stockholders following the effectiveness of this Section 5.2.  Commencing with the first annual meeting of stockholders following the effectiveness of this Section 5.2, directors of each class the term of which shall then expire shall be elected to hold office for a three-year term and until the election and qualification of their respective successors in office.  In case of any increase or decrease, from time to time, in the number of directors (other than Preferred Stock Directors), the number of directors in each class shall be apportioned as nearly equal as possible.

(b)    Subject to the rights of the holders of any outstanding series of Preferred Stock, and unless otherwise required by law, newly created directorships resulting from any increase in the authorized number of directors and any vacancies in the Board of Directors resulting from death, resignation, retirement, disqualification, removal from office or other cause shall be filled solely by the affirmative vote of a majority of the remaining directors then in office and entitled to vote thereon, even though less than a quorum of the Board of Directors, or by the sole remaining director.  Any director so chosen shall hold office until the next election of the class for which such director shall have been chosen and until his or her successor shall have been duly elected and qualified, or until such director's earlier death, resignation, disqualification or removal.  A director may resign at any time upon notice to the Corporation as provided in the Corporation's Bylaws.  No decrease in the authorized number of directors shall shorten the term of any incumbent director.

(c)    Except for such additional directors, if any, as are elected by the holders of any series of Preferred Stock as provided for or fixed pursuant to the provisions of Article IV hereof (including any Preferred Stock Designation), any director, or the entire Board of Directors, may be removed from office at any time, but only for cause and only by the affirmative vote of at least a majority of the voting power of the stock outstanding and entitled to vote thereon.

(d)    During any period when the holders of any series of Preferred Stock have the right to elect additional directors as provided for or fixed pursuant to the provisions of Article IV hereof (including any Preferred Stock Designation), and upon commencement and for the duration of the period during which such right continues:  (i) the then otherwise total authorized number of directors of the Corporation shall automatically be increased by such number of directors that the holders of any series of Preferred Stock have a right to elect, and the holders of such Preferred Stock shall be entitled to elect the additional directors so provided for or fixed pursuant to said provisions and (ii) each Preferred Stock Director shall serve until such Preferred Stock Director's successor shall have been duly elected and qualified, or until such director's right to hold such office terminates pursuant to said provisions, whichever occurs

4

earlier, subject to his or her earlier death, disqualification, resignation or removal.  In case any vacancy shall occur among the Preferred Stock Directors, a successor may be elected by the holders of Preferred Stock pursuant to said provisions.  Except as otherwise provided for or fixed pursuant to the provisions of Article IV hereof (including any Preferred Stock Designation), whenever the holders of any series of Preferred Stock having such right to elect additional directors are divested of such right pursuant to said provisions, the terms of office of all Preferred Stock Directors elected by the holders of such Preferred Stock, or elected to fill any vacancies resulting from the death, resignation, disqualification or removal of such additional directors, shall forthwith terminate and the total authorized number of directors of the Corporation shall be reduced accordingly.

Section 5.3    Powers.  Subject to the provisions of the DGCL and to any limitations in this Certificate of Incorporation relating to action required to be approved by the stockholders, the business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors.

Section 5.4    Election; Annual Meeting of Stockholders.

(a)    Ballot Not Required.  The directors of the Corporation need not be elected by written ballot unless the Bylaws of the Corporation so provide.

(b)    Notice.  Advance notice of nominations for the election of directors, and of business other than nominations, to be proposed by stockholders for consideration at a meeting of stockholders of the Corporation shall be given in the manner and to the extent provided in the Bylaws of the Corporation.

(c)    Annual Meeting. The annual meeting of stockholders, for the election of directors to succeed those whose terms expire and for the transaction of such other business as may properly come before the meeting, shall be held at such place, if any, either within or without the State of Delaware, on such date, and at such time as the Board of Directors shall fix.

**ARTICLE VI**
**STOCKHOLDER ACTION**

Except as otherwise provided for or fixed pursuant to the provisions of Article IV hereof (including any Preferred Stock Designation), no action that is required or permitted to be taken by the stockholders of the Corporation at any annual or special meeting of stockholders may be effected by written consent of stockholders in lieu of a meeting of stockholders.

**ARTICLE VII**
**SPECIAL MEETINGS OF STOCKHOLDERS**

Except as otherwise required by law, and except as otherwise provided for or fixed pursuant to the provisions of Article IV hereof (including any Preferred Stock Designation), a special meeting of the stockholders of the Corporation:  (a) may be called at any time by the Board of Directors;  and (b) shall be called by the Chairman of the Board of Directors or the Secretary of the Corporation upon the written request or requests of one or more stockholders of record that (i) at the time a request is delivered, hold shares representing at least a majority of the

voting power of the stock entitled to vote on the matter or matters to be brought before the proposed special meeting and (ii) comply with such procedures for calling a special meeting of stockholders as may be set forth in the Bylaws of the Corporation.  Except as otherwise required by law, and except as otherwise provided for or fixed pursuant to the provisions of Article IV hereof (including any Preferred Stock Designation), special meetings of the stockholders of the Corporation may not be called by any other person or persons.  Only such business shall be conducted at a special meeting of stockholders as shall have been brought before the meeting pursuant to the Corporation's notice of meeting.

**ARTICLE VIII**
**CORPORATE OPPORTUNITIES**

Section 8.1

      (a) In recognition and anticipation that (1) certain directors, principals, officers, employees and/or other representatives of Apollo Management Holdings L.P. ("Apollo"), Brookfield Asset Management Private Institutional Capital Adviser (Canada), L.P. ("Brookfield") and Oaktree Capital Management, L.P. ("Oaktree") and their respective Affiliates (as defined below) may serve as directors, officers or agents of the Corporation, and (2) Apollo, Brookfield and Oaktree and their respective Affiliates may now engage and may continue to engage in the same or similar activities or related lines of business as those in which the Corporation, directly or indirectly, may engage and/or other business activities that overlap with or compete with those in which the Corporation, directly or indirectly, may engage, the provisions of this Article VIII are set forth to regulate and define the conduct of certain affairs of the Corporation with respect to certain classes or categories of business opportunities as they may involve Apollo, Brookfield and Oaktree or their respective Affiliates and the powers, rights, duties and liabilities of the Corporation and its directors, officers and stockholders in connection therewith.

      (b)      None of Apollo, Brookfield or Oaktree or any of their respective Affiliates shall, to the fullest extent permitted by law, have any duty to refrain from directly or indirectly (1) engaging in the same or similar business activities or lines of business in which the Corporation or any of its Affiliates now engages or proposes to engage or (2) otherwise competing with the Corporation or any of its Affiliates, and, to the fullest extent permitted by law, none of Apollo, Brookfield and Oaktree or any of their respective Affiliates shall be liable to the Corporation or its stockholders or to any Affiliate of the Corporation for breach of any fiduciary or other duty by reason of the fact that Apollo, Brookfield or Oaktree or any of their respective Affiliates engages in any such activities. To the fullest extent permitted by law, the Corporation hereby renounces any interest or expectancy in, or right to be offered an opportunity to participate in, any business opportunity which may be a corporate opportunity for Apollo, Brookfield or Oaktree or any of their respective Affiliates and the Corporation or any of its Affiliates, except as provided in clause (c) of this Section 8.1. Subject to said clause (c) of this Section 8.1, in the event that Apollo, Brookfield or Oaktree or any of their respective Affiliates acquires knowledge of a potential transaction or other business opportunity which may be a corporate opportunity for itself, herself or himself and the Corporation or any of its Affiliates, Apollo, Brookfield and Oaktree and their respective Affiliates shall, to the fullest extent permitted by law, have no duty to communicate or offer such transaction or other business

6

opportunity to the Corporation or any of its Affiliates and shall not be liable to the Corporation or its stockholders or to any Affiliate of the Corporation for breach of any fiduciary duty as a stockholder, director or officer of the Corporation solely by reason of the fact that Apollo, Brookfield or Oaktree or any of their respective Affiliates pursues or acquires such corporate opportunity for itself, herself or himself, or offers or directs such corporate opportunity to another Person.

        (c)      The Corporation does not renounce its interest in any corporate opportunity offered to any director or officer of the Corporation if such opportunity is expressly offered to such person solely in his or her capacity as a director or officer of the Corporation, and the provisions of clause (b) of this Section 8.1 shall not apply to any such corporate opportunity.

        (d)      In addition to and notwithstanding the foregoing provisions of this Article VIII, a corporate opportunity shall not be deemed to be a potential corporate opportunity for the Corporation or any of its Affiliates if it is a business opportunity that (1) the Corporation and its Affiliates are neither financially or legally able, nor contractually permitted to undertake, (2) from its nature, is not in the line of the Corporation's or its Affiliates' business or is of no practical advantage to the Corporation or its Affiliates or (3) is one in which the Corporation and its Affiliates have no interest or reasonable expectancy.

        (e)      The following terms used in this <u>Section 8.1</u> shall have the meanings ascribed to them in this clause (e): (1) "<u>Affiliate</u>" shall mean (i) in respect of each of Apollo, Brookfield and Oaktree, any Person that, directly or indirectly, is controlled by Apollo, Brookfield or Oaktree, as applicable, controls such entity or is under common control with such entity, or is an investment fund, fund or account that is advised, managed, or controlled by any of the foregoing, and shall include any principal, member, director, partner, stockholder, officer, employee or other representative of any of the foregoing (other than the Corporation and any entity that is controlled by the Corporation), and (ii) in respect of the Corporation, any Person that, directly or indirectly, is controlled by the Corporation; and (2) "<u>Person</u>" shall mean any individual, corporation, general or limited partnership, limited liability company, joint venture, trust, association or any other entity.

        (f)      Notwithstanding any other provision of this Certificate of Incorporation, and in addition to any vote of the Board of Directors required by this Certificate of Incorporation or the DGCL, until the last to occur of (i) each of Apollo, Brookfield and Oaktree and their respective Affiliates cease to beneficially own (as shall be determined in accordance with Rules 13d-3 and 13d-5 promulgated under the Securities Exchange Act of 1934, as amended) shares of Common Stock representing at least five percent (5%) of the votes entitled to be cast by the then-outstanding shares of all classes and series of capital stock of the Corporation entitled generally to vote on the election of the directors of the Corporation (or any class thereof) at any annual or special meeting of stockholders, or (ii) no director is serving on the Board of Directors pursuant to the right of Apollo, Brookfield or Oaktree to nominate such director for election to the Board of Directors in accordance with the Corporation's Bylaws and pursuant to each such party's respective Stockholder Agreement, dated as of October 3, 2016 by and between the Corporation and such party  (together with subparagraph (i), the "<u>Operative Date</u>"), the affirmative vote of the holders of at least eighty percent (80%) of the voting power of the stock outstanding and

entitled to vote thereon, voting together as a single class, shall be required to amend, alter, change or repeal, or to adopt any provision as part of this Certificate of Incorporation inconsistent with, any provision of this Article VIII.  Neither the amendment, alteration or repeal of this Article VIII nor the adoption of any provision inconsistent with this Article VIII shall eliminate or reduce the effect of this Article VIII in respect of any matter occurring, or any cause of action, suit or claim that, but for this Article VIII, would accrue or arise, prior to such amendment, alteration, repeal or adoption.

(g)      To the fullest extent permitted by law, any Person purchasing or otherwise acquiring any interest in any shares of capital stock of the Corporation shall be deemed to have notice of and to have consented to the provisions of this Article VIII.

## ARTICLE IX
## BUSINESS COMBINATIONS WITH INTERESTED STOCKHOLDERS

The Corporation hereby expressly states that it shall not be bound or governed by, or otherwise subject to, Section 203 of the DGCL.

## ARTICLE X
## EXISTENCE

The Corporation shall have perpetual existence.

## ARTICLE XI
## AMENDMENT

Section 11.1    Amendment of Certificate of Incorporation.  The Corporation reserves the right at any time, and from time to time, to amend, alter, change or repeal any provision contained in this Certificate of Incorporation, and other provisions authorized by the laws of the State of Delaware at the time in force may be added or inserted, in the manner now or hereafter prescribed by the laws of the State of Delaware, and all powers, preferences and rights of any nature conferred upon stockholders, directors or any other persons by and pursuant to this Certificate of Incorporation in its present form or as hereafter amended are granted subject to this reservation; provided, that except as otherwise provided in this Certificate of Incorporation and in addition to any requirements of law, to the extent any amendment, alteration, change or repeal of any provision contained in this Certificate of Incorporation is subject to the affirmative vote of the stockholders pursuant to Section 242 of the DGCL, the affirmative vote of at least a majority of the voting power of the stock outstanding and entitled to vote thereon, voting together as a single class, shall be required to so adopt, amend or repeal such provision; provided, however, that except as otherwise provided in this Certificate of Incorporation and in addition to any requirements of law, the affirmative vote of at least 66⅔% of the voting power of the stock outstanding and entitled to vote thereon, voting together as a single class, shall be required to adopt, amend or repeal, or adopt any provision inconsistent with this Article XI and Article XII of this Certificate of Incorporation; provided, further, however, as provided in Section 8.1(f) of this Certificate of Incorporation, until the occurrence of the Operative Date, the affirmative vote of the holders of at least eighty percent (80%) of the voting power of the stock outstanding and entitled to vote thereon, voting together as a single class, shall be required to amend, alter,

change or repeal, or to adopt any provision as part of this Certificate of Incorporation inconsistent with, any provision of Article VIII.

Section 11.2    Amendment of Bylaws.  In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the Board of Directors is expressly authorized to adopt, amend or repeal the Bylaws of the Corporation.  Except as otherwise provided in this Certificate of Incorporation or the Bylaws of the Corporation, and in addition to any requirements of law, the affirmative vote of at least 66⅔% of the voting power of the stock outstanding and entitled to vote thereon, voting together as a single class, shall be required for the stockholders to adopt, amend or repeal, or adopt any provision inconsistent with Article VI and Article X of the Bylaws of the Corporation.

## ARTICLE XII
## LIABILITY OF DIRECTORS

Section 12.1    No Personal Liability.  To the fullest extent permitted by the DGCL as the same exists or as may hereafter be amended, no director of the Corporation shall be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director.

Section 12.2    Amendment or Repeal.  Any amendment, alteration or repeal of this Article XII that adversely affects any right of a director shall be prospective only and shall not limit or eliminate any such right with respect to any proceeding involving any occurrence or alleged occurrence of any action or omission to act that took place prior to such amendment or repeal.

## ARTICLE XIII
## FORUM FOR ADJUDICATION OF DISPUTES

Section 13.1    Forum.  Unless the Corporation consents in writing to the selection of an alternative forum, to the fullest extent permitted by law, and subject to applicable jurisdictional requirements, the sole and exclusive forum for any stockholder (including any beneficial owner) to bring internal corporate claims (as defined below) shall be a state court located within the State of Delaware (or, if no state court located within the State of Delaware has jurisdiction, the federal district court for the District of Delaware).  For purposes of this Article XIII, internal corporate claims means claims, including claims in the right of the Corporation (or so-called derivative claims):  (a) that are based upon a violation of a duty by a current or former director, officer, employee or stockholder in such capacity, or (b) as to which the DGCL confers jurisdiction upon the Court of Chancery.  If any action the subject matter of which is within the scope of this Article XIII is filed in a court other than a state court located within the State of Delaware (or, if no state court located within the State of Delaware has jurisdiction, the federal district court for the District of Delaware) (a "Foreign Action") by any stockholder (including any beneficial owner), such stockholder shall be deemed to have consented to: (a) the personal jurisdiction of the state and federal courts located within the State of Delaware in connection with any action brought in any such court to enforce this Article XIII, and (b) having service of process made upon such stockholder in any such action by service upon such stockholder's counsel in the Foreign Action as agent for such stockholder.

Section 13.2    <u>Enforceability</u>.  If any provision of this Article XIII shall be held to be invalid, illegal or unenforceable as applied to any person or entity or circumstance for any reason whatsoever, then, to the fullest extent permitted by law, the validity, legality and enforceability of such provision in any other circumstance and of the remaining provisions of this Article XIII (including, without limitation, each portion of any sentence of this Article XIII containing any such provision held to be invalid, illegal or unenforceable that is not itself held to be invalid, illegal or unenforceable) and the application of such provision to other persons or entities or circumstances shall not in any way be affected or impaired thereby.

**ARTICLE XIV**
**INCORPORATOR**

The name and mailing address of the incorporator are as follows:

Ashley Burton
1601 Bryan St.
Dallas, TX 75201


*The remainder of this page has been intentionally left blank.*

IN WITNESS WHEREOF, the undersigned incorporator hereby acknowledges that the foregoing Certificate of Incorporation is her act and deed and that the facts stated herein are true.

Dated: _____

By: _____
      Name:  Ashley Burton
      Title:  Incorporator

# CERTIFICATE OF INCORPORATION

## OF

## [            ]TCEH Corp.
**(a Delaware corporation)**

### ARTICLE I
### NAME

The name of the corporation is [            ]TCEH Corp. (the "Corporation").

### ARTICLE II
### AGENT

The address of the Corporation's registered office in the State of Delaware is Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of its registered agent at such address is The Corporation Trust Company.

### ARTICLE III
### PURPOSE

The purpose of the Corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware (the "DGCL").

### ARTICLE IV
### STOCK

Section 4.1    Authorized Stock.  The total number of shares which the Corporation shall have authority to issue is [            ]1,900,000,000, of which [            ]1,800,000,000 shall be designated as  Common Stock, par value $.01 per share (the "Common Stock"), and [            ]100,000,000 shall be designated as Preferred Stock, par value $.01 per share (the "Preferred Stock").   For the avoidance of doubt, notwithstanding anything herein to the contrary, pursuant to Section 1123(a)(6) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the Corporation shall not issue non-voting equity securities; provided, however, that the foregoing restriction (i) shall have no further force or effect beyond that required under Section 1123 of the Bankruptcy Code, (ii) shall have such force and effect, if any, only for so long as such section is in effect and applicable to the Corporation and (iii) in all events may be amended or eliminated in accordance with applicable law as from time to time in effect.

Section 4.2    Common Stock.

(a)    Each holder of Common Stock, as such, shall be entitled to one vote for each share of Common Stock held of record by such holder on all matters on which stockholders generally are entitled to vote; provided, however, that, except as otherwise required by law, holders of Common Stock, as such, shall not be entitled to vote on any amendment to this Certificate of Incorporation, including any certificate of designations relating to any series of Preferred Stock (each hereinafter referred to as a "Preferred Stock Designation"), that relates solely to the terms of one or more outstanding series of Preferred Stock if the holders of such affected series are entitled, either separately or together with the holders of one or more other such series, to vote thereon pursuant to this Certificate of Incorporation (including any Preferred Stock Designation).

(b)    Dividends. Subject to the rights of the holders of any outstanding series of Preferred Stock, the holders of shares of Common Stock shall be entitled to receive dividends out of any funds of the Corporation legally available therefor when, as and if declared by the Board of Directors, and shall share equally on a per share basis in all such dividends.

(c)    Liquidation. Upon the dissolution, liquidation or winding up of the Corporation, subject to the rights of the holders of any outstanding series of Preferred Stock, the holders of shares of Common Stock shall be entitled to receive the assets of the Corporation available for distribution to its stockholders ratably in

2

proportion to the number of shares of Common Stock held by them. [A merger or consolidation of the Corporation with any other corporation or other entity, or a sale or conveyance of all or any part of the assets of the Corporation (which shall not in fact result in the liquidation of the Corporation and the distribution of assets to its stockholders) shall not be deemed to be a voluntary or involuntary dissolution, liquidation or winding up of the Corporation.]

Section 4.3     Preferred Stock.  The Preferred Stock may be issued from time to time in one or more series.  Subject to limitations prescribed by law and the provisions of this Article IV, the Board of Directors is hereby authorized to provide by resolution and by causing the filing of a Preferred Stock Designation for the issuance of the shares of Preferred Stock in one or more series, and to establish from time to time the number of shares to be included in each such series, and to fix the designations, powers, preferences, and relative, participating, optional or other rights, if any, and the qualifications, limitations or restrictions, if any, of the shares of each such series.

The authority of the Board of Directors with respect to each series shall include, but not be limited to, determination of the following:

(i) the number of shares constituting such series, which number the Board of Directors may thereafter (except where otherwise provided in the Preferred Stock Designation) increase or decrease (but not below the number of shares in any such series then outstanding), and the distinctive designation of such series, which may be by distinguishing number, letter or title;

(ii)        the dividend rate (or method of determining such rate) on the shares of such series, if any; whether dividends shall be cumulative, and, if so, from which date or dates, and the relative rights of priority, if any, of payment of dividends on shares of such series;

3

(iii)    whether the shares of such series shall have voting rights (including multiple, fractional or no votes per share) in addition to the voting rights provided by law, and, if so, the terms of such voting rights;

(iv)    whether the shares of such series shall have conversion rights, and, if so, the terms and conditions of such rights, including provision for adjustment of the conversion rate in such events as the Board of Directors shall determine;

(v)    whether or not the shares of such series shall be redeemable, and if so, the terms and conditions of such redemption, including the date or dates upon or after which they shall be redeemable, and the amount per share payable in case of redemption, which amount may vary under different conditions and at different redemption rates;

(vi)    whether a sinking fund shall be provided for the redemption or purchase of shares of such series, and, if so, the terms and the amount of such sinking fund;

(vii)    the restrictions, if any, on the issuance of the same series or of any other class or series;

(viii)    the rights of the shares of such series in the event of voluntary or involuntary liquidation, dissolution or winding up of the Corporation, and the relative rights of priority, if any, of payment of shares of such series; and

(ix)    any other relative rights, powers, preferences and qualifications, limitations or restrictions of such series.

[Unless otherwise provided in the resolution or resolutions providing for the issuance of such series of Preferred Stock, shares of Preferred Stock, regardless of series, which shall be issued and thereafter acquired by the Corporation through purchase, redemption, exchange, conversion or otherwise shall return to the status of authorized but unissued Preferred Stock, without designation as to series of Preferred Stock, and the Corporation shall have the right to reissue such shares.]

Section 4.4    No Class Vote on Changes in Authorized Number of Shares of Stock. Subject to the rights of the holders of any outstanding series of Preferred Stock, the number of authorized shares of any class or classes of stock may be increased or decreased (but not below the number of shares thereof then outstanding) by the affirmative vote of at least a majority of the voting power of the stock entitled to vote thereon irrespective of the provisions of Section 242(b)(2) of the DGCL.

# ARTICLE V
# BOARD OF DIRECTORS

Section 5.1    Number.  Except as otherwise provided for or fixed pursuant to the provisions of Article IV hereof (including any Preferred Stock Designation), the Board of Directors shall consist of such number of directors as shall be determined from time to time solely by resolution adopted by the affirmative vote of a majority of the total number of directors then authorized.

Section 5.2    Classification.

(a)    The Board of Directors (other than those directors elected by the holders of any series of Preferred Stock provided for or fixed pursuant to the provisions of Article IV hereof (including any Preferred Stock Designation) (the "Preferred Stock Directors")) shall be divided into three classes, as nearly equal in number as possible, designated Class I, Class II and Class III.  Class I directors shall initially serve until the first annual meeting of stockholders following the effectiveness of this Section 5.2; Class II directors shall initially serve until the second annual meeting of stockholders following the effectiveness of this Section 5.2; and Class III directors shall

initially serve until the third annual meeting of stockholders following the effectiveness of this Section 5.2. Commencing with the first annual meeting of stockholders following the effectiveness of this Section 5.2, directors of each class the term of which shall then expire shall be elected to hold office for a three-year term and until the election and qualification of their respective successors in office.  In case of any increase or decrease, from time to time, in the number of directors (other than Preferred Stock Directors), the number of directors in each class shall be apportioned as nearly equal as possible.

(b)    Subject to the rights of the holders of any outstanding series of Preferred Stock, and unless otherwise required by law, newly created directorships resulting from any increase in the authorized number of directors and any vacancies in the Board of Directors resulting from death, resignation, retirement, disqualification, removal from office or other cause shall be filled solely by the affirmative vote of a majority of the remaining directors then in office and entitled to vote thereon, even though less than a quorum of the Board of Directors, or by the sole remaining director.  Any director so chosen shall hold office until the next election of the class for which such director shall have been chosen and until his or her successor shall have been duly elected and qualified, or until such director's earlier death, resignation, disqualification or removal.  A director may resign at any time upon notice to the Corporation as provided in the Corporation's Bylaws.  No decrease in the authorized number of directors shall shorten the term of any incumbent director.

6

(c)    Except for such additional directors, if any, as are elected by the holders of any series of Preferred Stock as provided for or fixed pursuant to the provisions of Article IV hereof (including any Preferred Stock Designation), any director, or the entire Board of Directors, may be removed from office at any time, but only for cause and only by the affirmative vote of at least a majority of the voting power of the stock outstanding and entitled to vote thereon.

(d)    During any period when the holders of any series of Preferred Stock have the right to elect additional directors as provided for or fixed pursuant to the provisions of Article IV hereof (including any Preferred Stock Designation), and upon commencement and for the duration of the period during which such right continues:  (i) the then otherwise total authorized number of directors of the Corporation shall automatically be increased by such number of directors that the holders of any series of Preferred Stock have a right to elect, and the holders of such Preferred Stock shall be entitled to elect the additional directors so provided for or fixed pursuant to said provisions and (ii) each Preferred Stock Director shall serve until such Preferred Stock Director's successor shall have been duly elected and qualified, or until such director's right to hold such office terminates pursuant to said provisions, whichever occurs earlier, subject to his or her earlier death, disqualification, resignation or removal.  In case any vacancy shall occur among the Preferred Stock Directors, a successor may be elected by the holders of Preferred Stock pursuant to said provisions.  Except as otherwise provided for or fixed pursuant

7

to the provisions of Article IV hereof (including any Preferred Stock Designation), whenever the holders of any series of Preferred Stock having such right to elect additional directors are divested of such right pursuant to said provisions, the terms of office of all Preferred Stock Directors elected by the holders of such Preferred Stock, or elected to fill any vacancies resulting from the death, resignation, disqualification or removal of such additional directors, shall forthwith terminate and the total authorized number of directors of the Corporation shall be reduced accordingly.

Section 5.3    Powers.  Subject to the provisions of the DGCL and to any limitations in this Certificate of Incorporation relating to action required to be approved by the stockholders, the business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors.

Section 5.4    Election; Annual Meeting of Stockholders.

(a)    Ballot Not Required.  The directors of the Corporation need not be elected by written ballot unless the Bylaws of the Corporation so provide.

(b)    Notice.  Advance notice of nominations for the election of directors, and of business other than nominations, to be proposed by stockholders for consideration at a meeting of stockholders of the Corporation shall be given in the manner and to the extent provided in the Bylaws of the Corporation.

(c)    Annual Meeting. The annual meeting of stockholders, for the election of directors to succeed those whose terms expire and for the transaction of such other business as may properly come before the meeting, shall be held at such place, if any, either

within or without the State of Delaware, on such date, and at such time as the Board of Directors shall fix.

## ARTICLE VI
## STOCKHOLDER ACTION

Except as otherwise provided for or fixed pursuant to the provisions of Article IV hereof (including any Preferred Stock Designation), no action that is required or permitted to be taken by the stockholders of the Corporation at any annual or special meeting of stockholders may be effected by written consent of stockholders in lieu of a meeting of stockholders.

## ARTICLE VII
## SPECIAL MEETINGS OF STOCKHOLDERS

Except as otherwise required by law, and except as otherwise provided for or fixed pursuant to the provisions of Article IV hereof (including any Preferred Stock Designation), a special meeting of the stockholders of the Corporation:  (a) may be called at any time by the Board of Directors;  and (b) shall be called by the Chairman of the Board of Directors or the Secretary of the Corporation upon the written request or requests of one or more stockholders of record that (i) at the time a request is delivered, hold shares representing at least a majority of the voting power of the stock entitled to vote on the matter or matters to be brought before the proposed special meeting and (ii) comply with such procedures for calling a special meeting of stockholders as may be set forth in the Bylaws of the Corporation.  Except as otherwise required by law, and except as otherwise provided for or fixed pursuant to the provisions of Article IV hereof (including any Preferred Stock Designation), special meetings of the stockholders of the Corporation may not be called by any other person or persons.  Only such business shall be conducted at a special meeting of stockholders as shall have been brought before the meeting pursuant to the Corporation's notice of meeting.

## ARTICLE VIII
## CORPORATE OPPORTUNITIES

Section 8.1

(a) In recognition and anticipation that (1) certain directors, principals, officers, employees and/or other representatives of Apollo Management Holdings L.P. ("Apollo"), Brookfield Asset Management Private Institutional Capital Adviser (Canada), L.P. ("Brookfield") and Oaktree Capital Management, L.P. ("Oaktree") and their respective Affiliates (as defined below) may serve as directors, officers or agents of the Corporation, and (2) Apollo, Brookfield and Oaktree and their respective Affiliates may now engage and may continue to engage in the same or similar activities or related lines of business as those in which the Corporation, directly or indirectly, may engage and/or other business activities that overlap with or compete with those in which the Corporation, directly or indirectly, may engage, the provisions of this Article VIII are set forth to regulate and define the conduct of certain affairs of the Corporation with respect to certain classes or categories of business opportunities as they may involve Apollo, Brookfield and Oaktree or their respective Affiliates and the powers, rights, duties and liabilities of the

9

Corporation and its directors, officers and stockholders in connection therewith.

(b)        None of Apollo, Brookfield or Oaktree or any of their respective Affiliates shall, to the fullest extent permitted by law, have any duty to refrain from directly or indirectly (1) engaging in the same or similar business activities or lines of business in which the Corporation or any of its Affiliates now engages or proposes to engage or (2) otherwise competing with the Corporation or any of its Affiliates, and, to the fullest extent permitted by law, none of Apollo, Brookfield and Oaktree or any of their respective Affiliates shall be liable to the Corporation or its stockholders or to any Affiliate of the Corporation for breach of any fiduciary or other duty by reason of the fact that Apollo, Brookfield or Oaktree or any of their respective Affiliates engages in any such activities. To the fullest extent permitted by law, the Corporation hereby renounces any interest or expectancy in, or right to be offered an opportunity to participate in, any business opportunity which may be a corporate opportunity for Apollo, Brookfield or Oaktree or any of their respective Affiliates and the Corporation or any of its Affiliates, except as provided in clause (c) of this Section 8.1. Subject to said clause (c) of this Section 8.1, in the event that Apollo, Brookfield or Oaktree or any of their respective Affiliates acquires knowledge of a potential transaction or other business opportunity which may be a corporate opportunity for itself, herself or himself and the Corporation or any of its Affiliates, Apollo, Brookfield and Oaktree and their respective Affiliates shall, to the fullest extent permitted by law, have no duty to communicate or offer such transaction or other business opportunity to the Corporation or any of its Affiliates and shall not be liable to the Corporation or its stockholders or to any Affiliate of the Corporation for breach of any fiduciary duty as a stockholder, director or officer of the Corporation solely by reason of the fact that Apollo, Brookfield or Oaktree or any of their respective Affiliates pursues or acquires such corporate opportunity for itself, herself or himself, or offers or directs such corporate opportunity to another Person.

(c)        The Corporation does not renounce its interest in any corporate opportunity offered to any director or officer of the Corporation if such opportunity is expressly offered to such person solely in his or her capacity as a director or officer of the Corporation, and the provisions of clause (b) of this Section 8.1 shall not apply to any such corporate opportunity.

(d)        In addition to and notwithstanding the foregoing provisions of this Article VIII, a corporate opportunity shall not be deemed to be a potential corporate opportunity for the Corporation or any of its Affiliates if it is a business opportunity that (1) the Corporation and its Affiliates are neither financially or legally able, nor contractually permitted to undertake, (2) from its nature, is not in the line of the Corporation's or its Affiliates' business or is of no practical advantage to the Corporation or its Affiliates or (3) is one in which the Corporation and its Affiliates have no interest or reasonable expectancy.

(e)        The following terms used in this Section 8.1 shall have the meanings ascribed to them in this clause (e): (1) "Affiliate" shall mean (i) in respect of each of Apollo, Brookfield and Oaktree, any Person that, directly or indirectly, is controlled by Apollo, Brookfield or Oaktree, as applicable, controls such entity or is under common control with such entity, or is an investment fund, fund or account that is advised, managed, or controlled by any of the foregoing, and shall include any principal, member, director, partner, stockholder, officer, employee or other representative of any of the foregoing (other than the Corporation and any entity that is controlled

by the Corporation), and (ii) in respect of the Corporation, any Person that, directly or indirectly, is controlled by the Corporation; and (2) "Person" shall mean any individual, corporation, general or limited partnership, limited liability company, joint venture, trust, association or any other entity.

(f)        Notwithstanding any other provision of this Certificate of Incorporation, and in addition to any vote of the Board of Directors required by this Certificate of Incorporation or the DGCL, until the last to occur of (i) each of Apollo, Brookfield and Oaktree and their respective Affiliates cease to beneficially own (as shall be determined in accordance with Rules 13d-3 and 13d-5 promulgated under the Securities Exchange Act of 1934, as amended) shares of Common Stock representing at least [five percent (5%)] of the votes entitled to be cast by the then-outstanding shares of all classes and series of capital stock of the Corporation entitled generally to vote on the election of the directors of the Corporation (or any class thereof) at any annual or special meeting of stockholders, or (ii) no director is serving on the Board of Directors pursuant to the right of Apollo, Brookfield or Oaktree to nominate such director for election to the Board of Directors in accordance with the Corporation's Bylaws and pursuant to each such party's respective Stockholder Agreement, dated as of [●] October 3, 2016 by and between the Corporation and such party (together with subparagraph (i), the "Operative Date"), the affirmative vote of the holders of at least eighty percent (80%) of the voting power of the stock outstanding and entitled to vote thereon, voting together as a single class, shall be required to amend, alter, change or repeal, or to adopt any provision as part of this Certificate of Incorporation inconsistent with, any provision of this Article VIII.  Neither the amendment, alteration or repeal of this Article VIII nor the adoption of any provision inconsistent with this Article VIII shall eliminate or reduce the effect of this Article VIII in respect of any matter occurring, or any cause of action, suit or claim that, but for this Article VIII, would accrue or arise, prior to such amendment, alteration, repeal or adoption.

(g)        To the fullest extent permitted by law, any Person purchasing or otherwise acquiring any interest in any shares of capital stock of the Corporation shall be deemed to have notice of and to have consented to the provisions of this Article VIII.

## ARTICLE IX
## BUSINESS COMBINATIONS WITH INTERESTED STOCKHOLDERS

The Corporation hereby expressly states that it shall not be bound or governed by, or otherwise subject to, Section 203 of the DGCL.

## ARTICLE X
## EXISTENCE

The Corporation shall have perpetual existence.

## ARTICLE XI
## AMENDMENT

Section 11.1    Amendment of Certificate of Incorporation.  The Corporation reserves the right at any time, and from time to time, to amend, alter, change or repeal any provision contained in this Certificate of Incorporation, and other provisions authorized by the laws of the State of Delaware at the time in force may be added or inserted, in the manner now or hereafter prescribed

by the laws of the State of Delaware, and all powers, preferences and rights of any nature conferred upon stockholders, directors or any other persons by and pursuant to this Certificate of Incorporation in its present form or as hereafter amended are granted subject to this reservation; provided, that except as otherwise provided in this Certificate of Incorporation and in addition to any requirements of law, to the extent any amendment, alteration, change or repeal of any provision contained in this Certificate of Incorporation is subject to the affirmative vote of the stockholders pursuant to Section 242 of the DGCL, the affirmative vote of at least a majority of the voting power of the stock outstanding and entitled to vote thereon, voting together as a single class, shall be required to so adopt, amend or repeal such provision; provided, however, that except as otherwise provided in this Certificate of Incorporation and in addition to any requirements of law, the affirmative vote of at least 66⅔% of the voting power of the stock outstanding and entitled to vote thereon, voting together as a single class, shall be required to adopt, amend or repeal, or adopt any provision inconsistent with this Article XI and Article XII of this Certificate of Incorporation; provided, further, however, as provided in Section 8.1(f) of this Certificate of Incorporation, until the occurrence of the Operative Date, the affirmative vote of the holders of at least eighty percent (80%) of the voting power of the stock outstanding and entitled to vote thereon, voting together as a single class, shall be required to amend, alter, change or repeal, or to adopt any provision as part of this Certificate of Incorporation inconsistent with, any provision of Article VIII.

Section 11.2    Amendment of Bylaws.  In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the Board of Directors is expressly authorized to adopt, amend or repeal the Bylaws of the Corporation.  Except as otherwise provided in this Certificate of Incorporation or the Bylaws of the Corporation, and in addition to any requirements of law, the affirmative vote of at least 66⅔% of the voting power of the stock outstanding and entitled to vote thereon, voting together as a single class, shall be required for the stockholders to adopt, amend or repeal, or adopt any provision inconsistent with Article VI and Article X of the Bylaws of the Corporation.

**ARTICLE XII**
**LIABILITY OF DIRECTORS**

Section 12.1    No Personal Liability.  To the fullest extent permitted by the DGCL as the same exists or as may hereafter be amended, no director of the Corporation shall be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director.

Section 12.2    Amendment or Repeal.  Any amendment, alteration or repeal of this Article XII that adversely affects any right of a director shall be prospective only and shall not limit or eliminate any such right with respect to any proceeding involving any occurrence or alleged occurrence of any action or omission to act that took place prior to such amendment or repeal.

**ARTICLE XIII**
**FORUM FOR ADJUDICATION OF DISPUTES**

Section 13.1    Forum.  Unless the Corporation consents in writing to the selection of an alternative forum, to the fullest extent permitted by law, and subject to applicable jurisdictional requirements, the sole and exclusive forum for any stockholder (including any beneficial owner) to

12

bring internal corporate claims (as defined below) shall be a state court located within the State of Delaware (or, if no state court located within the State of Delaware has jurisdiction, the federal district court for the District of Delaware). For purposes of this Article XIII, internal corporate claims means claims, including claims in the right of the Corporation (or so-called derivative claims): (a) that are based upon a violation of a duty by a current or former director, officer, employee or stockholder in such capacity, or (b) as to which the DGCL confers jurisdiction upon the Court of Chancery. If any action the subject matter of which is within the scope of this Article XIII is filed in a court other than a state court located within the State of Delaware (or, if no state court located within the State of Delaware has jurisdiction, the federal district court for the District of Delaware) (a "Foreign Action") by any stockholder (including any beneficial owner), such stockholder shall be deemed to have consented to: (a) the personal jurisdiction of the state and federal courts located within the State of Delaware in connection with any action brought in any such court to enforce this Article XIII, and (b) having service of process made upon such stockholder in any such action by service upon such stockholder's counsel in the Foreign Action as agent for such stockholder.

Section 13.2    Enforceability. If any provision of this Article XIII shall be held to be invalid, illegal or unenforceable as applied to any person or entity or circumstance for any reason whatsoever, then, to the fullest extent permitted by law, the validity, legality and enforceability of such provision in any other circumstance and of the remaining provisions of this Article XIII (including, without limitation, each portion of any sentence of this Article XIII containing any such provision held to be invalid, illegal or unenforceable that is not itself held to be invalid, illegal or unenforceable) and the application of such provision to other persons or entities or circumstances shall not in any way be affected or impaired thereby.

## ARTICLE XIV
## INCORPORATOR

The name and mailing address of the incorporator are as follows:



Ashley Burton
1601 Bryan St.
Dallas, TX 75201

*[The remainder of this page has been intentionally left blank.]*

IN WITNESS WHEREOF, the undersigned incorporator hereby acknowledges that the foregoing Certificate of Incorporation is [his] [her] act and deed and that the facts stated herein are true.

Dated: _____

By: _____

Name: [_____]Ashley Burton

Title:  Incorporator

Document comparison by Workshare Professional on Friday, September 30, 2016 3:12:58 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://DADMS/AL/102183349/1 |
| Description | #102183349v1<AL> - TCEH Certificate of Incorporation_filed as Exhibit A(ii) to 8-11 Plan Supplement |
| Document 2 ID | interwovenSite://DADMS/AL/102183349/2 |
| Description | #102183349v2<AL> - TCEH Corp. Certificate of Incorporation |
| Rendering set | GDCv9Rendering |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 10 |
| Deletions | 18 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 28 |