**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| Debtors. | ) | (Jointly Administered) |

**UNDERTAKING FOR TCEH FIRST LIEN CREDITOR PLAN DISTRIBUTION**
**ALLOCATION DISPUTE**

Pursuant to the terms of the Order Establishing the Plan Reserve for TCEH First Lien

Creditor Plan Distribution Allocation Dispute (D.I. 9718) (the "Order"),[2] the undersigned,

Oaktree Capital Management, L.P. on behalf of certain of its managed funds and accounts listed

on Annex A hereto (hereinafter, the "Undertaking Party") provides this Undertaking for the sole

benefit of the TCEH First Lien Notes Trustee with respect to 100% (the "Undertaking

Percentage") of the Plan Distributions Holdback to the $91,325,600.73 (calculated before PIK)

Allowed TCEH First Lien Credit Agreement Claim (the "Claim"):

1.      For any party providing an Undertaking other than Morgan Stanley Capital

Group, Inc., J. Aron & Company, and Longhorn Capital GS LP, the Undertaking Party certifies

and represents that as of the date hereof it is an Investment Adviser with a "net worth" (defined

as assets in excess of current and long term debt obligations, or in the case of a financial

manager, as assets under management) in excess of $2 billion.

---

[1]      The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order.

2.      Promptly upon the entry of an order by a court of competent jurisdiction that directs the reversal of the Allocation Order, or has the effect of reversing the finding and conclusion in the Allocation Order that the Petition Date Allocation Method (as defined in the Allocation Order) is the appropriate method for distributing the Plan Distributions and determines that the Plan Distributions are to be allocated among the TCEH First Lien Creditors pursuant to the Postpetition Interest Allocation Method (as defined in the Allocation Order) (a "Reversal Order"), Reorganized TCEH shall provide written notice of such Reversal Order (a "Reversal Order Notice") to the Undertaking Party via facsimile and overnight delivery service at the address listed below in the signature block. The Reversal Order Notice shall include all necessary instructions for compliance with the Reversal Order.

3.      The Undertaking Party hereby agrees that, within 12 Business Days of delivery of the Reversal Order Notice, it shall deposit to Escrow, in accordance with the instructions provided in the Reversal Order Notice:  (a) with respect to the Reorganized TCEH Common Stock portion of the Plan Distributions Holdback distributed to the Holder of the Claim ("TCEH Stock Holdback"), either (i) its Undertaking Percentage of the TCEH Stock Holdback; **OR** (ii) if the Undertaking Party has sold the TCEH Stock Holdback , a cash amount representing the aggregate price at which the Undertaking Party sold its Undertaking Percentage of the TCEH Stock Holdback;[3] **AND** (b) with respect to the other Plan Distributions Holdback received by the Holder of the Claim (the "Non-Stock Holdback"), either (X) its Undertaking Percentage of the Non-Stock Holdback , **OR** (Y) a cash amount representing the product of (i) its Undertaking Percentage times (ii) the Holdback Percentage times (iii) the Allowed amount of the Claim times (iv) the Non-Stock Distribution Value pursuant to the Order, regardless of whether such

---

[3]      The Undertaking Party shall elect the form (i.e., cash or in-kind) in which it undertakes to return its Undertaking Percentage of Plan Distributions Holdback that was distributed in stock form.

Undertaking Party retains or has transferred all or any portion of the Non-Stock Holdback, **OR**
(Z) if the Undertaking Party has sold the Non-Stock Holdback to an unaffiliated party or at a
market value (if there is an established trading price for this consideration at the time of sale), a
cash amount representing the aggregate price at which the Undertaking Party sold its
Undertaking Percentage of the Non-Stock Holdback and additional cash (if any) received by the
Undertaking Party with respect to its Undertaking Percentage of the Non-Stock Holdback.

    4.    Each Undertaking Party, severally and not jointly, for so long as it has not fully
complied with Paragraph 3 above within the time required hereby (i) consents to entry by the
Court of a money judgment against it in an amount up to the amount for which the Undertaking
Party is liable pursuant to Paragraph 2 above but has not returned to Escrow (or another account
as may be directed by a court of competent jurisdiction) pursuant to Paragraph 3 above, (ii)
waives any and all "mere conduit" and other defenses that it might otherwise be able to raise in
proceedings to obtain or enforce such a judgment or any other proceedings regarding the
enforcement of the Order, and (iii) agrees, from and after entry of a money judgment against it
pursuant to Paragraph 4(i), not to oppose any party in interest from seeking to enforce such
judgment until satisfied in full and to pay the costs and reasonable attorneys' fees incurred by
such party in connection with enforcing such judgment; provided, however, that nothing herein
shall affect such Undertaking Party's right to contest whether the conditions of Paragraph 2 have
been satisfied.

    5.    The TCEH First Lien Notes Trustee shall have no obligation to take any action or
pursue any remedy in connection with any Undertaking Party's breach of this Undertaking
absent receiving a direction and an indemnity in accordance with the terms of the First Lien
Notes Indenture that is satisfactory to the TCEH First Lien Notes Trustee in its sole discretion.

6.      The Undertaking Party shall take reasonable actions to ensure that its representations in this Undertaking continue to be accurate and complete, and that it is able to satisfy the obligations it has assumed in accordance with this Undertaking. The Undertaking Party's obligations under this Undertaking shall terminate upon compliance with the TCEH First Lien Creditor Plan Distribution Allocation Order (as defined in the Plan) or by Court order.

7.      For any party providing an Undertaking other than Morgan Stanley Capital Group, Inc., J. Aron & Company, and Longhorn Capital GS LP, as to whom the provisions of this paragraph 7 shall not apply,[4] if at any time while this Undertaking remains outstanding, the Undertaking Party's representations in this Undertaking cease to be accurate or complete in any material respect, the Undertaking Party shall become liable for and obligated to return its Undertaking Percentage of Plan Distributions Holdback or cash in accordance with paragraphs 2 and 3 above as if a Reversal Order had been entered. Within three (3) business days of any of the following, such Undertaking Party shall provide written notice to the TCEH First Lien Notes Trustee, which notice shall be deemed effective on the date sent, via overnight delivery service, to counsel for the TCEH First Lien Notes Trustee as set forth below:

   a. The representations in this Undertaking by the Undertaking Party are or will imminently become materially inaccurate and incomplete, whereby the notice shall state with particularity the inaccuracy or incompleteness;

   b. A resolution of the board of directors or decision by or on behalf of equivalent authorized decision-making body or individual(s) to execute an agreement

---

[4] With respect to the Brookfield affiliate executing the Undertaking (whether with respect to swaps or non-extended debt), such affiliate shall maintain a coverage ratio such that the affiliate's net assets are at all times four (4) times greater than the value of the amounts that would otherwise have been placed in reserve absent the Undertaking. If any time prior to a TCEH First Lien Creditor Plan Distribution Allocation Order the coverage ratio falls below the four (4) times threshold, Longhorn (or the applicable Brookfield affiliate) will place 16.55% of its TCEH Stock Holdback (or true up its contribution to that amount if it had previously paid in the 7.20% following entry of a Reversal Order).

providing for, take or commence any legal or administrative act or proceeding to execute or enter into any voluntary merger, acquisition, dissolution, winding up, liquidation by the Undertaking Party; provided, that nothing in this paragraph 7(b) shall require the Undertaking Party to make any disclosure prohibited under applicable law;

c. The Undertaking Party shall become aware that it is the subject of any involuntary merger, acquisition, dissolution, winding up, liquidation or other similar event; and

d. Any change to the address or other information set forth by the Undertaking Party in the signature block of this Undertaking.

8.    In the event that notice to the Undertaking Party is required, including without limitation in the event of the entry of a Reversal Order, such notice shall be deemed effective on the date sent, via overnight delivery service, to the Undertaking Party at the address listed below in the signature block.

9.    The Undertaking Party hereby submits to the jurisdiction of the Bankruptcy Court for the District of Delaware for the resolution of any disputes arising as a result of this Undertaking.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

[SIGNATURE PAGE TO UNDERTAKING]

Date:   October 3, 2016

Oaktree Capital Management, L.P. on behalf
of certain of its managed funds and accounts
listed on Annex A hereto

By:
Name:  Martin Boskovich    Jordan Mikes
Title:  Managing Director    Vice President

333 South Grand Avenue, 28th Floor
Los Angeles, CA 90071

ADDRESS FOR NOTICE AND SERVICE
OF PROCESS

**ANNEX A**

Oaktree Opportunities Fund VII Delaware, L.P.
Oaktree Opportunities Fund VIIb Delaware, L.P.
Oaktree FF Investment Fund, L.P. (Class F)
Oaktree FF Investment Fund, L.P. (Class B)
Oaktree Value Opportunities Fund Holdings, L.P.
Oaktree Opportunities Fund VIII Delaware, L.P.
Oaktree Huntington Investment Fund, L.P.
Oaktree Opportunities Fund VIII (Parallel 2), L.P.
Oaktree Opportunities Fund VIIIb Delaware, L.P.
Oaktree Opps X Holdco Ltd.
Oaktree-Forrest Multi-Strategy, LLC
Oaktree Opportunities Fund X Holdings (Delaware), LP