## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| ENERGY FUTURE HOLDINGS CORP. *et al.*, | : | Case No. 14-10979 (CSS) |
| | : | |
| Debtor-in-Possession. | : | (Jointly Administered) |

Objection deadline: October 26, 2016 at 10:00 a.m.
Hearing date: October 26, 2016 at 10:00 a.m.

**FIFTH INTERIM APPLICATION OF GODFREY & KAHN, S.C., COUNSEL TO THE FEE COMMITTEE, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JANUARY 1, 2016 THROUGH APRIL 30, 2016**

## SUMMARY (LOCAL FORM 101)[1]

| | |
|---|---|
| Name of Applicant: | Godfrey & Kahn, S.C. ("the **Applicant**") |
| Authorized to Provide Professional Services to: | Fee Committee |
| Date of Retention: | September 16, 2014, *nunc pro tunc* to August 21, 2014 |
| Date of order approving employment: | September 16, 2014 |
| Period for which compensation and reimbursement is sought: | January 1, 2016 – April 30, 2016 (the "**Compensation Period**") |
| Amount of Compensation sought as actual, reasonable and necessary: | $800,000.00 |

---

[1] This summary page combines the requirements of Local Rule 2016-2(c)(i) (Local Form 101) and ¶ C.2.1 and Exhibit E to the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "**U.S. Trustee Guidelines**").

| | |
|---|---|
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $27,657.42 |

The total time expended for fee applications is 23.4 hours and the corresponding compensation requested is $11,727.00, before the flat fee adjustment.

| | |
|---|---|
| Petition date: | April 29, 2014 |
| Total compensation approved by interim order to date: | $3,464,552.13 |
| Total expenses approved by interim order to date: | $227,481.46 |
| Total allowed compensation paid to date: | $3,464,552.13 |
| Total allowed expenses paid to date: | $227,481.46 |
| Blended rate in this application for all attorneys (before flat fee adjustment): | $420.66 |
| Blended rate in this application for all timekeepers (before flat fee adjustment): | $416.98[2] |
| Prior fee applications: | *First Interim Application of Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period from August 21, 2014 through December 31, 2014* [D.I. 3901] Approved by order entered on June 24, 2015 [D.I. 4843] |
| | *Second Interim Application of Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period from January 1, 2015 through April 30, 2015* [D.I. 5018] Approved by order entered on October 26, 2015 [D.I. 6667] |
| | *Third Interim Application of Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period from May 1, 2015 through August 31, 2015* [D.I. 7715] Approved by order entered on February 18, 2016 [D.I. 7883] |
| | *Fourth Interim Application of Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Allowance of Compensation for Services* |

---

[2] Effective blended rate in this application (after flat fee adjustment): $585.31.

*Rendered and Reimbursement of Expenses for the Period From September 1, 2015 Through December 31, 2015* [D.I. 8644] Approved by order entered on June 27, 2016 [D.I. 8824]

| | |
|---|---|
| Compensation sought in this application already paid pursuant to the Fee Committee Order but not yet allowed: | $800,000.00 |
| Expenses sought in this application not yet approved as interim expense reimbursement: | $27,657.42 |
| Number of professionals included in this application: | 12 |
| If applicable, number of professionals in this application not included in staffing plan approved by client: | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period: | N/A |
| Are any rates higher than those approved or disclosed at retention? | No |

## ATTACHMENTS TO FEE APPLICATION

### EXHIBIT A: LIST OF PROFESSIONALS

Attached to this Application as Exhibit A, in compliance with Local Rule 2016-2(c)(ii) and ¶ C.2.k of the U.S. Trustee Guidelines, is a chart identifying each of the professionals employed on these cases, their practice areas and years of experience, their hourly billing rate, total billed hours, total compensation sought, and number of rate increases (none) imposed during the Compensation Period.

### EXHIBIT B: COMPENSATION BY PROJECT CATEGORY

Attached to this Application as Exhibit B, in compliance with Local Rule 2016-2(c)(ii) and ¶ C.8.a and b of the U.S. Trustee Guidelines, is a summary of compensation requested by project category.

### EXHIBIT C: EXPENSE SUMMARY

Attached to this Application as Exhibit C, in compliance with Local Rule 2016-2(c)(ii) and U.S. Trustee Guidelines ¶ C.12, is a summary, by category, of requested expense reimbursements.

### EXHIBIT D: LIST OF PROFESSIONALS BY MATTER

Attached to this Application as Exhibit D, in compliance with U.S. Trustee Guidelines ¶ C.8.c, is a chart identifying each Godfrey & Kahn professional who provided services during the Compensation Period, organized by project category.

### EXHIBIT E: DETAILED TIME RECORDS

Attached to this Application as Exhibit E, in compliance with Local Rule 2016-2(d) and U.S. Trustee Guidelines ¶ C.9, are detailed records of the services provided by Godfrey & Kahn during the Compensation Period, organized by project category.

### EXHIBIT F: DETAILED EXPENSE RECORDS

Attached to this Application as Exhibit F, in compliance with Local Rule 2016-2(e)(i), are the detailed records summarizing the expenses for which Godfrey & Kahn requests reimbursement.[3]

### EXHIBIT G: "CUSTOMARY AND COMPARABLE" DISCLOSURES

The "Customary and Comparable Compensation Disclosures With Fee Applications," as required by ¶ C.3 of the U.S. Trustee Guidelines, are attached to this Application as Exhibit G.

### EXHIBIT H: BUDGET & STAFFING PLAN

The budget and staffing plans, as required by ¶ E of the U.S. Trustee Guidelines, are attached to this Application as Exhibit H.

---

[3] In compliance with Local Rule 2016-2(e)(iv), additional documentation of expenses and disbursements, noted with asterisks in Exhibit F, has not been filed with this Application but has been provided to the Fee Committee, U.S. Trustee, the Debtors, counsel to the Debtors and counsel to both creditors' committees.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| E<small>NERGY</small> F<small>UTURE</small> H<small>OLDINGS</small> C<small>ORP</small>. *et al.,* | : | Case No. 14-10979 (CSS) |
| Debtor-in-Possession. | : | (Jointly Administered) |

Objection deadline: October 26, 2016 at 10:00 a.m.
Hearing date: October 26, 2016 at 10:00 a.m.

**FIFTH INTERIM APPLICATION OF GODFREY & KAHN, S.C., COUNSEL TO THE FEE COMMITTEE, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD <u>FROM JANUARY 1, 2016 THROUGH APRIL 30, 2016</u>**

**FEE APPLICATION**

Godfrey & Kahn, S.C. ("**Godfrey & Kahn**"), counsel to the Fee Committee (the "**Applicant**") appointed in these cases, submits this *Fifth Interim Application of Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From January 1, 2016 Through April 30, 2016* (the "**Fee Application**") under 11 U.S.C. §§ 330 and 331, Fed. R. Bankr. P. 2016, Local Rule 2016-2, and the U.S. Trustee Guidelines. Pursuant to the flat fee compensation arrangement established in the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "**Fee Committee Order**"), the Fee Application requests interim allowance of compensation for professional services from January 1, 2016 through April 30, 2016 and for reimbursement of actual and necessary expenses for the same Compensation Period.

The Applicant requests retrospective Court approval for a total of $800,000.00 in fees and $27,657.42 in expenses. This total would, if expressed in terms of an hourly rate, reflect a blended rate of $585.31 for all timekeepers during this interim fee period.[4]

## BACKGROUND

1.  On April 29, 2014 (the "**Commencement Date**"), each of the Debtors filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  The Court appointed a Fee Committee on August 21, 2014 to execute the duties set forth in the Fee Committee Order, including, among other things, monitoring the fees and expenses incurred by professionals ("**Retained Professionals**") in these chapter 11 cases. The Fee Committee Order further approved the appointment of Richard A. Gitlin, individually and as Chairman of Gitlin & Company, LLC, as the Independent Member and chairperson of the Fee Committee (the "**Chair**").

3.  On September 16, 2014, the Court entered the *Order Authorizing the Employment and Retention of Godfrey & Kahn, S.C. as Counsel to the Fee Committee* [D.I. 2065] *nunc pro tunc* to the Fee Committee's appointment date of August 21, 2014, to assist the Fee Committee in fulfilling the duties set forth in the Fee Committee Order (the "**Godfrey & Kahn Employment Order**").

---

[4] The blended rate for all timekeepers for all interim fee periods is $412.35.

4. During the Compensation Period, the Fee Committee reviewed at least 35 interim fee applications from Retained Professionals (corresponding generally, but not exclusively, to the Fifth Interim Fee Period, September 1, 2015 through December 31, 2015), totaling approximately $65.7 million in requested fees for professional services and $3.5 million in expense reimbursements.

## THE APPLICANT

5. Godfrey & Kahn, S.C. is a 180-lawyer Wisconsin-based law firm. Only a relatively small number of Godfrey & Kahn professionals work on these matters, and their assignments have been designed to reduce duplication of effort to the extent possible. The majority of the work has been performed by Brady C. Williamson, Katherine Stadler, Carla O. Andres, Eric J. Wilson, Linda S. Schmidt, Erin A. West, Mark Hancock, W. Andrew Dalton, Leah Viola, and Kathleen Boucher. Each of those timekeepers' qualifications were set forth in the *First Interim Application of Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From August 21, 2014 Through December 31, 2014* [D.I. 3901] (the "First Fee Application"). The statement of those qualifications is incorporated by reference.

## FEE COMMITTEE PROCESS

6. During the Compensation Period, the Fee Committee met at least five times, with three of those meetings taking place in person in New York and two meetings by telephone. The Fee Committee continued the review and reporting process with respect to the cases' Fourth Interim Fee Period (May 1, 2015 through August 31, 2015) and began and continued the review and reporting process for the Fifth Interim Fee Period (September 1, 2015 through December 31, 2015).

3

7.Through the Chair and Godfrey & Kahn as its counsel, the Fee Committee continued to communicate the Fee Committee's standards and expectations to the Retained Professionals by memoranda and in conversations.

8.Retained Professionals began filing fee applications for the Fifth Interim Fee Period around February 15, 2016.

9.The description of Applicant's analytical and reporting process outlined in the First Fee Application [D.I. 3901] generally describes the processes for the Fifth Interim Fee Period. Those details are incorporated by reference.

10.In addition to performing the fee review and reporting processes described in its prior fee applications, the Fee Committee counsel and chair also began their review of 17 requests for compensation from non-retained professionals subject to the fee review provisions in the Plan of Reorganization.[5]

11.As documented in status reports filed with the Court [D.I. 4774, 4807, 6548, 7840, 7873, 8800 and 9257] and as a result of the collective efforts of the Fee Committee, the Applicant, and the Retained Professionals, no contested fee hearing has been required to date in these proceedings. All remaining fourth interim period fee applications and all fifth interim period fee applications ultimately were resolved on a consensual basis.

## DESCRIPTION OF SERVICES PROVIDED

12.The services for which the Applicant requests compensation have been provided in 53 project categories, summarized here.

---

[5] The Applicant's fees related to the review of fee requests by settlement parties and other non-retained professionals is outside the scope of the initial Fee Committee Order and will be the subject of a separate compensation request. The Fee Committee had hoped to present the non-retained professional fee requests to the Court for approval on an uncontested basis at the August 16, 2016 omnibus hearing. That effort was delayed, however, as a result of the *ad hoc* committees' request that the Court reconsider its order subjecting their professionals to fee review [D.I. 9269].

13. <u>Matters 020A-20QQ:  Analysis, Reports, and Recommendations Regarding Retained Professionals' Fee Applications:  $356,239.50 (875.1 hours)</u>.

    A. During the Compensation Period, the Applicant began reviewing at least 35 fee applications for the Fifth Interim Fee Period.  As before, the fee applications were divided into three groups of related professionals and, to reduce the likelihood of duplication, each group was assigned to a single supervising attorney.  *See supra*, ¶ 5.  Newly retained professionals were allocated for review to continue minimizing, to the extent possible, the risk of duplication of efforts.

    B. Some, but not all, of the Fifth Interim Fee Period reports to Retained Professionals were issued during the Compensation Period.  To summarize the substantive services during the Compensation Period, it is accurate to state that the Applicant completed work on most Fourth Interim Fee Period Applications and made substantial progress on Fifth Interim Fee Period applications.

14. <u>Matter 0002:  General Case Administration, docket monitoring and maintenance and calendaring:  $2,459.50 (10.9 hours)</u>.  Services provided in this category included general case management activities that do not fit easily into another substantive category.  These tasks include maintaining Godfrey & Kahn's "intranet" site, identifying and forwarding significant daily filings and postings to lawyers and staff, and managing the communications between and among Godfrey & Kahn professionals and paraprofessionals.  The vast majority of services provided in this task category has been performed by paralegals.

15. <u>Matter 0003:  Retention applications and disclosures—Chair and Godfrey & Kahn:  $1,322.50 (3.5 hours)</u>.  Services recorded in this category included the continued

5

monitoring of the Applicant's disinterestedness status and the preparation, when necessary, of supplemental disclosures to fulfill the Applicant's Rule 2014 obligations.

16. <u>Matter 0005: Committee Administrative Documents: $26,185.50 (53.9 hours)</u>. Professionals providing services in this category created materials for the use of the Fee Committee members or to help guide the Fee Committee's processes. With the start of a new calendar year, many professionals imposed rate increases. The continued calculation, monitoring, and reporting to the Fee Committee on the cumulative impact of these rate increases were largely recorded in this task category. Since many professionals experienced a dormant period at the beginning of the calendar year, as a result of the regulatory approval process, the Fee Committee asked counsel to pay particular attention to monthly and interim billings of flat fee professionals. The Fee Committee requested regular monitoring and reporting on the blended hourly rates of professionals charging a flat monthly fee for their services, which the Applicant provided.

17. <u>Matter 0006: Contact/Communications with Fee Committee members and U.S. Trustee's office: $21,832.00 (39.7 hours)</u>. Services provided in this category included communications between and among the Fee Committee counsel, Chair, and members beyond preparation for and attendance at Fee Committee meetings (Matter 0011).

18. <u>Matter 0007: Contact/Communications with Retained Professionals generally: $90.00 (0.4 hour)</u>. This category included communications between Fee Committee counsel and professionals that do not have a segregated matter number (020A-20QQ), including ordinary course professionals. This category also included the preparation and discussion of memoranda sent to all professionals updating the Fee Committee policies and standards.

6

19. <u>Matter 0008: Drafting documents to be filed with the Court: $15,027.50 (31.5 hours)</u>. During the Compensation Period, the Applicant filed its summary report on Fourth Interim Fee Period applications that were approved on an uncontested basis at the February 18, 2016 hearing.

20. <u>Matter 0009: Legal Research and drafting research memoranda: $715.00 (3.0 hours)</u>. Fee Committee counsel performed several limited research projects during the Compensation Period, including research related to the ongoing regulatory approval process and its impact on the Retained Professionals.

21. <u>Matter 0010: Reviewing filed documents: $2,322.00 (4.2 hours)</u>. Professionals recorded time in this category to review pleadings, transcripts, and other case materials and background information directly pertinent to the fee analysis process or the Fee Committee's work and, in an appropriate fashion, the progress of the proceedings. During the Compensation Period, this category included time spent reviewing and monitoring bankruptcy filings related to the ongoing regulatory process.

22. <u>Matter 0011: Prepare for and Attend Fee Committee Meetings: $65,292.50 (173.3 hours)</u>. During the Compensation Period, the Applicant attended meetings of the Fee Committee—in person, on January 19, March 21, and April 28, 2016, and, telephonically, on February 11 and April 6. This matter also reflects time spent preparing agendas, minutes, and comprehensive materials for each Fee Committee member prior to each meeting.

23. <u>Matter 0012: Database Establishment and Maintenance: $19,800.00 (40.0 hours)</u>. This task category represents work performed to develop, monitor, and maintain the Applicant's fee analysis database. This category also includes time spent developing the reporting formats used as exhibits to the Fee Committee's reports and working, on occasion, with

an external software developer to maintain customized audit and reporting processes for issues of particular interest to the Fee Committee.

24.     Matter 0013:  Non-Working Travel:  $15,336.00 (57.8 hours).  Charges for all non-working travel time have been reduced by half.  Godfrey & Kahn attorneys traveled to New York for Fee Committee meetings and to Wilmington on February 18, 2016 for an uncontested fee hearing.

25.     Matter 0014:  Prepare for and Attend Hearings and Court Communications: $5,726.50 (17.5 hours).  Services provided in this category included preparing for and attending the uncontested fee hearing on February 18, 2016, as well as making preliminary arrangements for the uncontested fee hearing that took place on June 27, 2016.  The applicant also has—at the Chair's request—monitored, by telephone, significant substantive hearings, including those related to new plan confirmation.

26.     Matter 0015:  Team Meetings:  $9,524.50 (30.8 hours).  Fee Committee counsel has continued its practice of regular team meetings.  These meetings are usually attended by Ms. Stadler, Ms. Andres, Mr. Wilson, Ms. Schmidt, Ms. West, Mr. Hancock, Mr. Dalton, Ms. Viola, and Ms. Boucher.  Most meetings last no more than one-half hour unless the group is addressing a major substantive issue or completing a cycle of reports.  There are two principal reasons for the meetings.  The first is to communicate decisions of the Fee Committee and determine how to most effectively implement them.  Second, the internal meetings allow Godfrey & Kahn's professionals to discuss issues arising in the fee application review process, comparing treatment and approaches to fee application review to ensure issues are consistently addressed.  In addition, the meetings allow the staff and lawyers to identify issues that require Fee Committee consideration as well as to coordinate the preparation and compilation of data

and Fee Committee materials. Counsel has shortened and/or eliminated the weekly meetings on occasion as the fee review process becomes, over time, more efficient.

27.     <u>Matter 0016: Media Inquiry: $990.00 (1.8 hours)</u>. This matter includes time spent responding to media inquiries about the Fee Committee or, more generally, fees charged in these cases.

28.     <u>Matter 0017: Fee Applications—Godfrey & Kahn and Gitlin & Company LLC: $11,727.00 (23.4 hours)</u>. Time spent in this task category included completion and filing of the Applicant's Third Fee Application [D.I. 7715] and the *Third Interim Application of Richard Gitlin, Individually, and as Chairman of Gitlin & Company LLC, as the Independent Member of the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From May 31, 2015 Through August 31, 2015* [D.I. 7714]. Time spent reviewing, editing, revising, and conforming time entries to the requirements of the Bankruptcy Code has *not* been included in this category or elsewhere in this fee application.

**REQUEST FOR APPROVAL OF COMPENSATION**

29.     Interim compensation for professionals is governed by 11 U.S.C. §§ 330 and 331. The Court is authorized to grant "reasonable compensation for actual, necessary services rendered by the [professional person] and reimbursement for actual, necessary expenses."

30.     The Applicant requests that the Court approve this Fee Application, incorporating services and expenses incurred during the Compensation Period, because it has completed its assignment in a timely, efficient and effective manner.

        A.     The services of the Applicant have provided direct benefit to the estates, both tangible and intangible, by saving amounts sought for professional services—whether inadvertently, improvidently or inappropriately billed to the estates.

9

    B. The services of the Applicant have assisted the Fee Committee, the Court and the U.S. Trustee in fulfilling their own responsibilities, and those same services have helped encourage the Retained Professionals to submit applications for compensation and reimbursement that meet the requirements of the Bankruptcy Code, the U.S. Trustee Guidelines and the local rules of the District of Delaware.

    C. All of the Fee Committee's standards and guidelines applied to other Retained Professionals have also been applied to the Applicant.

  31. Pursuant to the terms of the Fee Committee Order and the Godfrey & Kahn Employment Order, the Applicant has received $200,000.00 each month as a fixed payment for Fee Committee counsel services for the months of September through December, 2015.

  32. The Applicant agreed, pursuant to the Fee Committee Order, to accept a monthly flat fee payment for Fee Committee counsel services as an alternative to customary hourly billing.  *See* U.S. Trustee Guidelines ¶ C.5.a.

  33. The aggregate amount of $800,000.00 has been conditionally paid to the Fee Committee's counsel, subject to the filing of this Application and further order of this Court. The Applicant now seeks retrospective Court approval of these payments.

  34. Godfrey & Kahn's services were provided primarily by professionals and paraprofessionals in its Bankruptcy and Litigation practice groups at billing rates (if billed at the firm's standard hourly rates) ranging from $185.00 to $585.00 an hour.

35.     In calculating the "value" of services rendered before adjustment based on the flat fee arrangement, Godfrey & Kahn has charged rates generally consistent with those charged to Wisconsin-based clients in non-bankruptcy cases.[6]

36.     The detailed Godfrey & Kahn time records (totaling $554,590.00 at the firm's 2014 hourly rates, which have not changed), accompanying the Application as Exhibit E, reflect the Applicant's voluntary reductions including matters that, in Godfrey & Kahn's judgment, may not be appropriate for billing to the estates.  This includes time spent staffing, planning and establishing work flow, software and systems, training or updating attorneys on the use of software, developing billing categories and protocols, and reviewing third party or other materials for general knowledge about these cases but not necessarily related to a fee analysis task.  These pre-emptive write-offs also include time spent reviewing or revising time records or billing, regardless of whether the work was related to compliance with billing requirements unique to bankruptcy cases.  *See* U.S. Trustee Guidelines ¶¶ C.5.d and e.  In total, Godfrey & Kahn does not seek compensation for more than 374 hours of time recorded by its professionals during the Compensation Period.

37.     The fees and expenses recorded are in accordance with the Applicant's existing billing rates and practices.  The rates used to calculate the value of services provided in these cases have not changed since the commencement of this engagement.  *See* U.S. Trustee Guidelines ¶ C.5.f.

---

[6] Godfrey & Kahn, S.C. is a Wisconsin-based law firm.  *See* U.S. Trustee Guidelines ¶ C.5.c; *see also* Exhibit G (required comparability disclosure).  As a result of the Fee Committee Chair's and counsel's flat fee arrangement, the actual blended rate for each interim fee application may, at times, be higher or lower than Godfrey & Kahn's standard hourly rates.  The "value" of Godfrey & Kahn services provided during the Compensation Period, if calculated at the firm's hourly rates, is $245,410.00 less than the flat fees collected.  In the first three interim applications, the "value" of Godfrey & Kahn services, if calculated at the firm's hourly rates, significantly exceeded the flat fees collected.

11

38. There is no agreement or understanding between Godfrey & Kahn and any other entity, other than shareholders of Godfrey & Kahn, for the sharing of compensation to be received for the services rendered.

39. In reviewing whether a compensation request should be granted, the Court should be guided by the following factors:

> [T]he nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) The time spent on such services;
>
> (B) The rates charged for such services;
>
> (C) Whether the services were necessary to the administration of or beneficial at the time at which the service was rendered toward the completion of a case under this title;
>
> (D) Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;
>
> (E) With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) Whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than these under this title.

11 U.S.C. § 330.

40. The requested compensation and reimbursement meet the statutory requirements for allowance. The Applicant has completed its work in a timely and efficient manner commensurate with the complexity, importance and nature of the issues involved. The projects were staffed by professionals and paraprofessionals with demonstrated skill in the bankruptcy fee review context and in Chapter 11 proceedings generally, and all work has been assigned

consistently with the need to prevent unnecessary duplication and to ensure that work is performed by the least senior person competent to handle the matter efficiently.

41. Moreover, the requested compensation is reasonable because it is consistent with the customary compensation charged by comparably skilled professionals in Godfrey & Kahn's Wisconsin market and paid by Godfrey & Kahn's non-bankruptcy clients.

42. Accordingly, approval of the requested compensation is warranted.

### REQUEST FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED DURING THE COMPENSATION PERIOD

43. Godfrey & Kahn incurred total expenses from January 1, 2016 through April 30, 2016 in the amount of $27,993.62, of which $336.20 has been voluntarily assumed and not billed to the estate. Exhibits C and F contain the expense categories for which the Applicant seeks reimbursement and the detailed expense records.

    A. The expenses for which the Applicant seeks reimbursement include only some of those routinely charged to the Applicant's clients.

    B. The Applicant is not making a profit on any expense incurred as a result of services provided by a third party and has made a reasonable estimate of the actual cost for expenses incurred for any services provided in-house. The Applicant's charges in these cases are at the same rates or lower than those routinely charged to, and paid by, the Applicant's clients.

44. One of the largest expenditures other than travel was for external database support and maintenance. This service allows the Fee Committee counsel to have support around the clock if it requires assistance with database design and operation.

45. Another significant expense item was photocopies provided through a vendor, including copies made for the Fee Committee. For internal copies, Godfrey & Kahn typically charges clients $0.15 for each black-and-white copy and $0.50 for each color copy; however,

13

both rates have been reduced to $0.10 a copy. Photocopies provided by third-party vendors have been paid at rates of $0.08 to $0.125 per page for black-and-white and $1.00 per page for color. The Applicant has made supporting documentation available for all external photocopies. Another significant expense was for overnight mail services primarily related to providing Fee Committee materials to the members.

46. The Applicant has not charged the estates for any travel between Godfrey & Kahn offices, staff overtime, in-house meals, and certain travel meals.

47. The expenses requested have been adjusted, where necessary, to comply with all of the pertinent guidelines and caps the Fee Committee itself has applied in its evaluation of Retained Professional expenses. The expenses are actual, reasonable and necessary in light of the scope of the Applicant's retention to aid in the administration of these cases.

## CONCLUSION

The Applicant respectfully requests that the Court enter an order retrospectively authorizing interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $800,000.00 in fees and $27,657.42 in actual and necessary expenses incurred during the Compensation Period.

Dated: October 5, 2016.

                              BENESCH, FRIEDLANDER, COPLAN & ARNOFF LLP

By:     */s/ Jennifer R. Hoover*
       Jennifer R. Hoover (DE Bar No. 5111)
       William M. Alleman, Jr. (DE Bar No. 5449)
       BENESCH, FRIEDLANDER, COPLAND, & ARONOFF LLP
       222 Delaware Avenue, Suite 801
       Wilmington, DE 19801
       Phone: (302) 442-7010
       Fax: (302) 442-7012
       E-mail: jhoover@beneschlaw.com
       walleman@beneschlaw.com

       Katherine Stadler
       GODFREY & KAHN, S.C.
       One East Main Street, Suite 500
       P.O. Box 2719
       Madison, Wisconsin 53701-2719
       Telephone: (608) 257-3911
       Facsimile: (608) 257-0609
       E-mail: kstadler@gklaw.com

       *Attorneys for the Fee Committee*

## CERTIFICATION

Godfrey & Kahn, S.C., has reviewed the requirements of Local Rule 2016-2 and certifies that this Fee Application complies with Local Rule 2016-2.

GODFREY & KAHN, S.C.

   */s/ Katherine Stadler*
Brady C. Williamson
Katherine Stadler, *Admitted Pro Hac Vice*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: bwilliam@gklaw.com
            kstadler@gklaw.com

*Attorneys for the Fee Committee*

16166158.1