**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- X
In re                                          :        Chapter 11
                                               :
ENERGY FUTURE HOLDINGS CORP. *et al.,*         :        Case No. 14-10979 (CSS)
                                               :
       Debtor-in-Possession.                   :        (Jointly Administered)
                                               :
---------------------------------------------------------- X

Objection deadline: October 26, 2016 at 10:00 a.m.
Hearing date: October 26, 2016 at 10:00 a.m.

**FIFTH INTERIM APPLICATION OF RICHARD GITLIN, INDIVIDUALLY, AND AS CHAIRMAN OF GITLIN & COMPANY LLC, AS THE INDEPENDENT MEMBER OF THE FEE COMMITTEE, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JANUARY 1, 2016 THROUGH APRIL 30, 2016**

**SUMMARY (LOCAL FORM 101)**

| | |
|---|---|
| Name of Applicant: | Richard Gitlin, individually and as Chairman of Gitlin & Company LLC, as the Independent Member of the Fee Committee ("the **Applicant**") |
| Authorized to Provide Services to: | Fee Committee |
| Date of Appointment: | August 21, 2014 |
| Period for which compensation and reimbursement is sought: | January 1, 2016 – April 30, 2016 (the "**Compensation Period**") |
| Amount of Compensation sought as actual, reasonable and necessary: | $200,000.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $3,051.21 |

This is an:  _X_  interim      ___  final application.

The total time expended for fee application preparation is 0 hours and the compensation requested is $0.

| | |
|---|---|
| Prior fee applications: | *First Interim Application of Richard Gitlin, Individually, and as Chairman of Gitlin & Company LLC, as the Independent Member of the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From August 21, 2014 through December 31, 2014* [D.I. 3900]<br>Approved by order dated June 24, 2015 [D.I. 4843] |
| | *Second Interim Application of Richard Gitlin, Individually, and as Chairman of Gitlin & Company LLC, as the Independent Member of the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period from January 1, 2015 Through April 30, 2015* [D.I. 5013]<br>Approved by order dated October 26, 2015 [D.I. 6667] |
| | *Third Interim Application of Richard Gitlin, Individually, and as Chairman of the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period from May 1, 2015 Through August 31, 2015* [D.I. 7714]<br>Approved by order dated February 18, 2016 [D.I. 7883] |
| | *Fourth Interim Application of Richard Gitlin, Individually, and as Chairman of the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period from September 1, 2015 Through December 31, 2015* [D.I. 8643]<br>Approved by order dated June 27, 2016 [D.I. 8824] |

## ATTACHMENTS TO FEE APPLICATION

### EXHIBIT A:  DETAILED EXPENSE RECORDS

Detailed records summarizing the expenses incurred by the Applicant are attached to this Application as Exhibit A.

### EXHIBIT B:  DETAILED TIME RECORDS

Detailed records summarizing the services provided by the Applicant are attached to this Application as Exhibit B.

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP. *et al.*, | : | Case No. 14-10979 (CSS) |
| Debtor-in-Possession. | : | (Jointly Administered) |

Objection deadline: October 26, 2016 at 10:00 a.m.
Hearing date: October 26, 2016 at 10:00 a.m.

### FIFTH INTERIM APPLICATION OF RICHARD GITLIN, INDIVIDUALLY, AND AS CHAIRMAN OF GITLIN & COMPANY LLC, AS THE INDEPENDENT MEMBER OF THE FEE COMMITTEE, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JANUARY 1, 2016 THROUGH APRIL 30, 2016

### FEE APPLICATION

Richard Gitlin, individually, and as Chairman of Gitlin & Company LLC, as the Independent Member of the Fee Committee appointed in these cases, submits this *Fifth Interim Application of Richard Gitlin, Individually and as Chairman of Gitlin & Company LLC, as Independent Member of the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From January 1, 2016 Through April 30, 2016* (the "**Fee Application**") under 11 U.S.C. §§ 330 and 331, Fed. R. Bankr. P. 2016, and Local Rule 2016-2. Pursuant to the flat fee compensation arrangement established in the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "**Fee Committee Order**"), the Fee Application requests interim allowance of compensation for professional services from January 1, 2016 through April 30, 2016 and for reimbursement of actual and necessary expenses for the same Compensation Period.

The Applicant requests retrospective Court approval for a total of $200,000.00 in fees and $3,051.21 in expenses. This total would, if expressed in terms of an hourly rate, reflect an average rate through the first five fee periods, of $874.62.

## BACKGROUND

1. On April 29, 2014 (the "**Commencement Date**"), each of the Debtors filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Court appointed a Fee Committee on August 21, 2014 to execute the duties set forth in the Fee Committee Order, including, among other things, monitoring the fees and expenses incurred by professionals ("**Retained Professionals**") in these chapter 11 cases. The Fee Committee Order further approved the appointment of Richard A. Gitlin, individually and as Chairman of Gitlin & Company LLC, as the Independent Member and chairperson of the Fee Committee (the "**Chair**").

3. During the Compensation Period, the Fee Committee reviewed at least 35 interim fee applications (corresponding generally, but not exclusively, to the Fifth Interim Fee Period, September 1, 2015 through December 31, 2015) totaling approximately $65.7 million in requested fees for professional services and $3.5 million in expense reimbursements.

## THE APPLICANT

4. The Applicant's background and qualifications were detailed in the *First Interim Application of Richard Gitlin, Individually, and as Chairman of Gitlin & Company LLC, as the*

2

*Independent Member of the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From August 21, 2014 Through December 31, 2014* [D.I. 3900] (the "First Fee Application"), which is incorporated by reference.

## FEE COMMITTEE PROCESS

5. During the Compensation Period, the Fee Committee met at least five times, with three of those meetings taking place in person in New York and two meetings by telephone. The Fee Committee continued the review and reporting process with respect to the cases' Fourth Interim Fee Period (May 1, 2015 through August 31, 2015) and began and continued the review and reporting process for the Fifth Interim Fee Period (September 1, 2015 through December 31, 2015).

6. Retained Professionals began filing fee applications for the Fifth Interim Fee Period around February 15, 2016.

7. The description of the Fee Committee's analytical and reporting process outlined in the First Fee Application [D.I. 3900] generally describes the processes for the Fifth Interim Fee Period. Those details are incorporated by reference.

8. In addition to performing the fee review and reporting processes described in prior fee applications, the Applicant also continued the development of a review process for non-retained professionals seeking estate reimbursement of fees pursuant to 11 U.S.C. § 503(b).

9. As documented in status reports filed with the Court [D.I. 4774, 4807, 6548, 7850, 7873, 8800, and 9257] and as a result of the collective efforts of the Fee Committee—including the Applicant—and the Retained Professionals, no contested fee hearing has been required to date in these proceedings. All remaining fourth interim period fee applications and all fifth interim period fee applications ultimately were resolved on a consensual basis.

**DESCRIPTION OF SERVICES PROVIDED**

10. During the Compensation Period, the Chair presided over all Fee Committee meetings, which occurred in person on January 19, March 21, and April 28 and, telephonically, on February 11 and April 6, 2016. The Chair designed or approved each meeting agenda and the format and substance for the Reports submitted to each Retained Professional. He has continued to ask counsel to provide background memoranda and communicate with Retained Professionals to maintain open lines of communication. In addition, he has conducted numerous individual conferences and conversations with the Fee Committee's members and, on occasion, with the principal counsel for the Retained Professionals. He appeared before the Court at the uncontested fee hearing on February 18, 2016, and he has demonstrated an ability to facilitate the resolution of differences, whether in discussions within the Fee Committee or in negotiations with Retained Professionals.

**REQUEST FOR APPROVAL OF COMPENSATION**

11. Interim compensation to professionals is governed by 11 U.S.C. §§ 330 and 331. The Court is authorized to grant "reasonable compensation for actual, necessary services rendered by the [professional person] and reimbursement for actual, necessary expenses."

12. The Applicant requests that the Court approve this Fee Application, incorporating services and expenses incurred during the Compensation Period, because he has completed his assignment in a timely, efficient and effective manner.

    A. The services of the Applicant have provided direct benefit to the estates, both tangible and intangible, by saving amounts sought for professional services inadvertently, improvidently, or inappropriately billed to the estates.

    B. The services of the Applicant have assisted the Fee Committee, the Court and the U.S. Trustee in fulfilling their own responsibilities, and those same services have helped

encourage the Retained Professionals to submit applications for compensation and reimbursement that meet the requirements of the Bankruptcy Code, the U.S. Trustee Guidelines and the local rules of the District of Delaware.

C. All of the Fee Committee's standards and guidelines applied to other Retained Professionals have also been applied to the Applicant.

13. The Applicant has received a fixed $50,000.00 payment each month for Fee Committee Chair services for the months of January through April 2016. This flat fee payment was authorized by the Court both in the Fee Committee Order and the Order Authorizing the Employment and Retention of Godfrey & Kahn, S.C. as Counsel to the Fee Committee [D.I. 2065] (the "**Godfrey & Kahn Retention Order**").

14. The aggregate amount of $200,000.00 in flat fees has been conditionally paid to the Chair, subject to the filing of this Application and further order of this Court. The Applicant now seeks retrospective Court approval of these payments.

15. There is no agreement or understanding between the Applicant and any other entity for the sharing of compensation to be received.

16. The services provided were actual and necessary to the administration of the fee examination process in these cases. The fee review process is a statutory mandate in all chapter 11 cases. Given the size and complexity of these cases, however, the parties agreed to the creation of a Fee Committee to aid both the U.S. Trustee and the Court.

17. In reviewing whether a compensation request should be granted, the Court should be guided by the following factors:

> [T]he nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) The time spent on such services;

    (B)    The rates charged for such services;

    (C)    Whether the services were necessary to the administration of or beneficial at the time at which the service was rendered toward the completion of a case under this title;

    (D)    Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;

    (E)    With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    (F)    Whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than these under this title.

11 U.S.C. § 330.

18.     The requested compensation and reimbursement meet the statutory requirements for allowance. The Applicant has completed his work in a timely and efficient manner commensurate with the complexity, importance and nature of the issues involved. The Applicant has demonstrated skill in bankruptcy, generally, and in the bankruptcy fee review context, specifically.

19.     Moreover, the requested compensation is reasonable because it is no more than the customary compensation charged by comparably skilled professionals in other bankruptcy contexts, such as a Chapter 11 examiner.

20.     Accordingly, approval of the requested compensation is warranted.

**REQUEST FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED DURING THE COMPENSATION PERIOD**

21.     The Chair incurred total expenses from January 1, 2016 through April 30, 2016 in the amount of $3,051.21. Exhibit A itemizes the Chair's requested expense reimbursement.

22. The Applicant is not making a profit on any expense incurred as a result of services provided by a third party and has provided no expensed services in-house.

23. The expenses requested herein have been adjusted to comply with all of the pertinent guidelines and caps the Fee Committee has applied in its evaluation of Retained Professional expenses. The expenses are actual, reasonable and necessary in light of the scope of the Applicant's appointment to aid in the administration of these cases.

## CONCLUSION

The Applicant respectfully requests that the Court enter an order retrospectively authorizing interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $200,000.00 in fees and $3,051.21 in actual and necessary expenses incurred during the Compensation Period.

Dated: October 5, 2016.

          BENESCH, FRIEDLANDER, COPLAN & ARNOFF LLP

By:    */s/ Jennifer R. Hoover*
Jennifer R. Hoover (DE Bar No. 5111)
William M. Alleman, Jr. (DE Bar No. 5449)
BENESCH, FRIEDLANDER, COPLAND, & ARONOFF LLP
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Phone: (302) 442-7010
Fax: (302) 442-7012
E-mail: jhoover@beneschlaw.com
walleman@beneschlaw.com

Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com

*Attorneys for the Fee Committee*

8

## **CERTIFICATION**

The Chair has reviewed the requirements of Local Rule 2016-2 and certifies that the motion complies with Local Rule 2016-2.

| GITLIN & COMPANY LLC | GODFREY & KAHN, S.C. |
|---|---|
|   |   |
|   */s/ Richard A. Gitlin* |   */s/ Katherine Stadler* |
| Richard A. Gitlin | Brady C. Williamson |
| Fee Committee Chair | Katherine Stadler, *Admitted Pro Hac Vice* |

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: bwilliam@gklaw.com
       kstadler@gklaw.com
*Attorneys for the Fee Committee*

16122613.1