## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | Related to Docket No. 9409 |
| | Hearing Date: October 26, 2016 at 10:00 a.m. |

### DECLARATION OF STACY RODRIGUEZ IN SUPPORT OF RESPONSE OF CITY OF DALLAS, TEXAS IN OPPOSITION TO THE OBJECTION OF ENERGY FUTURE HOLDINGS, CORP., *ET AL.*, TO PROOF OF CLAIM NO. 13319

I, Stacy Rodriguez, declare as follows:

1. I am over 18 years of age and I submit this Declaration (the "Declaration") in support of the *Response of the City of Dallas, Texas in Opposition to the Objection of Energy Future Holdings Corp., Et Al., to Proof of Claim No. 13319 Filed by the City of Dallas* (the "Response").

2. Except where specifically noted, all of the following statements are based on my personal knowledge, information supplied or verified by the City of Dallas, Texas ("Dallas" or the "City") personnel or advisors, my review of the relevant documents, or my opinion based upon personal experience and knowledge of the City's affairs. If I was called to testify, I could and would testify competently as to the facts set forth herein.

3. I am employed by the City of Dallas as a Senior Assistant City Attorney. In that capacity, I am familiar with the litigation between the City and the Sabine River Authority relating to the water supply contract for water from the Lake Fork Reservoir.

4. In a good faith effort to protect the City and its customers from the effect of such action, Dallas has commenced three legal challenges to the Sabine River Authority's unilateral

water rate increase which have been pending for over a year with no expectation that they will be resolved in the near future.

5. Dallas' wholesale customers, including Luminant, also have been kept informed of the ongoing dispute between the City and the Sabine River Authority, both with respect to the litigation between them and the possible effect of such on the water rate.

6. The first challenge is an appeal to the PUC (the "PUC Appeal"), filed on October 30, 2014, in which the City has asserted that the rate set by the Sabine River Authority violated the Texas Water Code and the Sabine Water Agreement. The City has requested the PUC to establish an interim and final rate that is fair, reasonable and nondiscriminatory.

7. The PUC referred the action to the State Office of Administrative Hearings which, in turn, assigned an Administrative Law Judge ("ALJ") to hear the dispute.

8. On April 2, 2015, the ALJ ruled that Dallas: (i) would be required to pay, on an interim basis, the Sabine River Authority's unilaterally established renewal rate; and (ii) would make those interim payments ($24.1 million annually) into an escrow account until the dispute is resolved (the "PUC Escrow").

9. The Sabine River Authority also requested that the ALJ abate the PUC proceeding until a court ruled on the issue of whether the renewal rate was set pursuant to a contract (namely, the Sabine Water Agreement). The PUC's handling of a water rate case varies, depending upon whether the rate is set pursuant to a written contract. On January 21, 2015, the ALJ abated the proceeding as required under the PUC's substantive rules.

10. Following the ALJ's ruling, Dallas filed a declaratory judgment action against the Sabine River Authority in Travis County, Texas state court (the "Declaratory Judgment

Action")[1] seeking a declaration that the renewal rate was not set pursuant to a contract. In response, the Sabine River Authority asserted that it had governmental immunity from that claim and therefore the trial court lacked subject matter jurisdiction. On May 21, 2015, the trial court granted the jurisdictional challenge and dismissed the Declaratory Judgment Action on the basis of governmental immunity, finding that the City had not demonstrated a waiver of immunity. The City has appealed from that decision and awaits a ruling from the Third Court of Appeals in Austin, Texas.[2]

11. If the Travis County trial court's decision in the Declaratory Judgment Action is upheld on appeal, the City could appeal to the Texas Supreme Court, further delaying an ultimate ruling on the issue of whether the renewal rate was set by the Sabine River Authority pursuant to a contract, which is necessary for continuation of the PUC Appeal. If all of the City's avenues of appeal fail, the issue will not be adjudicated by the Travis County court. Absent such a ruling from of court of proper jurisdiction, the ALJ will likely not be in a position to resolve the PUC Appeal.

12. In addition to the PUC Appeal and the related Declaratory Judgment Action, Dallas filed a declaratory judgment action on February 13, 2015 in state district court against the individual members of the Sabine River Authority's Board of Directors in their official capacities (the "SRA Board Action").[3] In the SRA Board Action, Dallas asserted that the Sabine River Authority's Board members acted *ultra vires* when they established the renewal rate and requested the court to declare such actions as void.

---

[1] *City of Dallas v. Sabine River Auth.*, No. D-1-GN-15-000398 (in the 53rd District Court of Travis County, Texas, filed on January 30, 2015).

[2] *City of Dallas v. Sabine River Auth.*, No. 03-15-00371-CV (in the Third Court of Appeals, Austin, Texas filed June 16, 2015).

[3] *City of Dallas v. Abney, et al.*, No. D150045-C (in the 260th Judicial District, Court of Orange County, Texas).

13. On June 30, 2015, the Sabine River Authority intervened in the SRA Board Action and filed a claim against Dallas for breach of contract. The Board members and the Sabine River Authority moved for partial summary judgment on February 23, 2016. The court has not ruled on those motions.

14. In response to the Sabine River Authority's breach of contract claim against it, the City filed a plea to the jurisdiction asserting that its governmental immunity from suit deprived the court of subject matter jurisdiction over that claim. The trial court denied the City's plea on June 13, 2016. The City has appealed that ruling to the Ninth Court of Appeals in Beaumont, Texas.[4] On September 28, 2016, the Ninth Court of Appeals ordered that all trial court proceedings in the SRA Board Action are stayed until the appeal of the City's plea to jurisdiction is decided.

15. Notwithstanding the City's best efforts to reduce the wholesale rate through litigation with the Sabine River Authority, the potential outcomes of those litigations, the timing of such outcomes, and their impact on the wholesale water rate are, at best, uncertain.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.

Dated: October 7, 2016    Respectfully submitted,

_Stacy Rodriguez_
Stacy Rodriguez
City of Dallas, Texas

---

[4] *City of Dallas v. Abney, et al.;* No. 09-16-00246-CV (in the 9th Court of Appeals, Beaumont, Texas filed July 1, 2016).