# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## SIXTH INTERIM FEE STATEMENT OF
## GOLDIN ASSOCIATES, LLC FOR ALLOWANCE OF AN ADMINISTRATIVE
## CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
## INCURRED FROM MAY 1, 2016 THROUGH AUGUST 31, 2016

| **Name of Applicant** | **Goldin Associates, LLC** |
|---|---|
| Authorized to Provide Professional Services to: | Energy Future Intermediate Holding Company, LLC, Debtor and Debtor-in-Possession |
| Date of Retention: | January 13, 2015 *nunc pro tunc* to December 11, 2014 |
| Period for which compensation and reimbursement is sought: | May 1, 2016 through August 31, 2016 |
| Amount of Compensation sought as actual, reasonable and necessary: | $600,000 (20% of which is $120,000) |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $5,658.59 |

This is a __monthly _X_ interim __ final application. No prior application filed for this Fee Period.[2]

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Notice of this Interim Fee Statement (as defined herein) shall be served in accordance with the Interim Compensation Order and Fee Committee Order and objections to the relief requested in this Interim Fee Statement shall be addressed in accordance with the Interim Compensation Order and Fee Order.

Goldin Associates, LLC ("Goldin"), special financial advisor for Energy Future Intermediate Holding Company LLC, debtor and debtor in possession ("EFIH" or the "Debtor" and together with its debtor affiliates, the "Debtors"), hereby files this interim fee statement (this "Fee Statement") for: (i) compensation in the amount of $600,000 for the reasonable and necessary financial advisory services Goldin rendered to the Debtor from May 1, 2016 through August 31, 2016 (the "Fee Period"); and (ii) reimbursement for the actual and necessary expenses that Goldin incurred, in the amount of $5,658.59 during the Fee Period.

**Jurisdiction and Applicable Standards**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for and standards governing the relief requested herein are sections 327, 328, 330, and 331 of chapter 11 of title 11 of the United States Code, (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the *Order Approving the Retention of Goldin Associates, LLC as Special Financial Advisor to Energy Future Intermediate Holding Company LLC under Section 327(a) of the Bankruptcy Code, Effective Nunc Pro Tunc to December 11, 2014,* dated January 13, 2015 [ECF 3277] (the "Retention Order"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals,* dated September 16, 2014 [ECF 2066] (the "Interim Compensation Order"), the *Stipulation and Order Appointing a Fee Committee* [ECF 1896] (the "Fee Committee Order"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy

Rules"), and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 (the "Appendix A Guidelines").

## Case Background

4. On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On May 13, 2014, the United States Trustee for Region 3 (the "US Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [ECF 420]. On June 5, 2014, the Court entered an order [ECF 849] authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b). On October 27, 2014, the US Trustee appointed a second official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [ECF 2570]. No entity has requested the appointment of a trustee or examiner in these chapter 11 cases.

5. A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 are set forth in the declaration of Paul Keglevic in support of Debtors' first day motions, filed on April 29, 2014 [ECF 98] and incorporated herein by reference.

## Preliminary Statement

6. During the Fee Period, Goldin provided necessary and requested financial advisory services to EFIH related to Conflict Matters. A summary of these services is provided below.

### EFIH's Retention of Goldin Associates

7. On September 16, 2014, the Court approved the Stipulation and Agreed Order Regarding A Protocol For Certain Case Matters [ECF 2051], which authorized EFIH's disinterested manager to retain separate professionals of his choosing to advise or otherwise represent EFIH if he determines it is necessary or prudent to do so with respect to the Debtors' filing of a plan or other document that seeks to resolve potential claims of EFIH or its subsidiaries against other affiliates, where he determines that a potential conflict has become an actual conflict under applicable law, or where this Court determines that the retention of an independent advisor is appropriate. [ECF 2051, para. 4, at 3.]

8. On November 3, 2014, this Court issued its ruling on the Motion of Energy Future Holdings Corp., *et al.*, for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof [ECF 2087], finding, among other things, "[R]egardless of the merits of the debtors' preferred tax structure upon which I offer no opinion one way or the other, there can be no question that it raises actual internal conflicts among the debtors' estates." [Hrg. Tr. Nov. 3, 2014, at 13-14; ECF 2699.]

9. 10. On November 7, 2014, the Debtor's Board of Managers adopted resolutions, determining that Charles H. Cremens is a disinterested manager of EFIH ("Disinterested Manager") and delegating to him authority to engage independent legal counsel and such other professionals as he deems necessary to represent and advise EFIH on matters pertaining to this case in which a conflict exists between EFIH and any other Debtor ("Conflict Matters"). The Board of Directors of Energy Future Holdings Corp. ("EFH") and the Board of Managers of Energy Future Competitive Holdings LLC and its principal subsidiary Texas Competitive

Electric Holdings Company LLC (collectively, "ECFH") adopted substantively identical resolutions on the same day.

10. Based on the foregoing, among other things, the Disinterested Manager determined it necessary and prudent to retain independent counsel and an independent financial advisor with respect to Conflict Matters and whether any matter constitutes a Conflict Matter.

11. On December 9, 2014, EFIH's Board of Managers adopted supplemental resolutions, delegating to the Disinterested Manager the authority to review and act upon any Conflict Matter, to investigate and determine whether any matter constitutes a Conflict Matter, and to make and implement all decisions and bind EFIH and its subsidiaries (other than Oncor Electric Delivery Holdings Company LLC and its subsidiaries) in connection therewith, with the advice of independent advisors or others with whom he determines to consult. The Board of Directors of EFH and the Board of Managers of EFCH adopted substantively identical resolutions on the same day.

12. On December 11, 2014, the Disinterested Manager selected Goldin to serve as his financial advisor to advise EFIH in connection with Conflict Matters in EFIH's jointly administered chapter 11 case, reporting to and under the direction of the Disinterested Manager.

13. The Retention Order was entered on January 13, 2015, and is incorporated by reference. The Retention Order approves Goldin's fee and expense structure, pursuant to section 328 of the Bankruptcy Code, subject to the terms of the Retention Order. (Accordingly, compensation is sought pursuant to sections 328 and 331 and not 330 of the Bankruptcy Code, but subject to the terms of the Retention Order.)

14. As approved by the Retention Order, EFIH engaged Goldin to provide the following services, limited solely to Conflict Matters[3]:

- management of the Chapter 11 bankruptcy' process, including assisting the Client in evaluating and implementing strategic and tactical options throughout the proceedings;
- reviewing Debtor's cash management strategies and processes
- reviewing Debtor's budgets and financial forecasts;
- reviewing Debtor's business plans;
- negotiations with other debtors, lenders, creditors and other stakeholders involved in the Bankruptcy;
- reviewing the Debtor's sales procedures;
- reviewing the Debtor's post-petition financing arrangements;
- advising the Client on matters of actual or potential conflicting economic or business interest with other debtors involved in the Bankruptcy;
- reviewing Debtor's claims process;
- oral or written testimony, report, affidavit, declaration or other submission (collectively, "Testimony"), provided it is requested by Client and Goldin agrees in its sole discretion to do so; and
- such other matters as may be requested and that are mutually agreeable.

Notwithstanding the foregoing, the Retention Order further mandates that Goldin use its reasonable efforts not to duplicate unnecessarily any services of the Debtors' other professionals.

15. The particular terms of Goldin's engagement are detailed in the engagement letter attached to the Retention Order. The approved fee and expense structure may be summarized as follows:

(i) **Monthly Fee**: EFIH shall pay Goldin a monthly fee of $150,000 for each month of Goldin's engagement.

(ii) **Contingent Fee**: EFIH shall pay Goldin a contingent fee of $2,000,000 upon confirmation of a plan of which EFIH is a proponent or that EFIH otherwise supports.

(iii) **Credit**: 50% of all Monthly Fees earned for periods commencing October 2015 shall be credited against any Contingent Fee, provided that such credit shall not

---

[3] This summary is presented for convenience purposes only. The Retention Order is controlling in all respects. Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Retention Order.

exceed $1,000,000 (and the credit not to be applied if the Contingent Fee is not paid).

16. In accordance with the Retention Order, all of Goldin's fees and expenses are to be paid by EFIH.

**Itemization of Services Rendered and Disbursements Incurred**

17. Goldin is not compensated in this matter by the hour, but through the above-summarized structure of fixed fees and related compensation, such as was approved by the Retention Order. Accordingly, certain information appropriate to consideration of the fee requests of hourly-rate compensated professionals, such as blended rates or maturation, do not exist for Goldin.

18. In support of this Interim Fee Statement, attached are the following exhibits:

- **Exhibit A** is a schedule of Goldin's prior fee statement, application and allowance in this case.

- **Exhibit B** is a schedule of the hours expended on this matter during the Fee Period by each Goldin professional. Goldin professionals expended a total of 378.0 hours in connection with the EFIH chapter 11 cases during the Fee Period.

- **Exhibit C** is a schedule of the number of hours expended (on an aggregate basis) by Goldin professionals during the Fee Period with respect to each of the subject matter categories Goldin established in accordance with its internal billing procedures.

- **Exhibit D** is a schedule setting forth the total amount of reimbursement sought with respect to each category of expenses for which Goldin is seeking reimbursement in this Interim Fee Statement.

- **Exhibit E** is a detailed description of hours expended on this matter during the Fee Period by each Goldin professional, including the subject matter to which such time relates.

- **Exhibit F** is a detailed description of expenses for which Goldin is seeking reimbursement in this Interim Fee Statement. All of these disbursements comprise the requested sum for Goldin's out-of-pocket expenses.

19. During the Fee Period, Goldin provided professional services to the Debtors in connection Conflict Matters at the direction of the Disinterested Manager or his counsel. These services were performed at a high level of quality and were often subject to significant time constraints. These services were necessary to address a multitude of critical Conflict Matters.

20. To provide a meaningful summary of its services provided to EFIH, Goldin has established, in accordance with its internal procedures, certain subject matters categories (each a "Subject Matter") in connection with this chapter 11 case. The following is a summary, by Subject Matter, of the professional services provided by Goldin during the Fee Period. This summary is organized in accordance with Goldin's matter numbers.

- **Board/Director Communications**              **39.1 hours**

    Goldin advised the Disinterested Director on Conflict Matters and potential Conflict Matters. This Subject Matter includes attendance on board calls, analysis of board materials, discussions with the Disinterested Director, and responding to requests of the Disinterested Director. During the Fee Period, Goldin assisted the Disinterested Director in his evaluation of various issues as potential Conflict Matters, including the proposed plans of reorganization. Goldin has, to the extent practical, leveraged off work performed by the Debtors' general advisors.

- **Plan Development**                           **53.6 hours**

    This Subject Matter includes meetings with constituents respecting plan formulation, review of plan proposals and term sheets, and analysis of proposed settlements of Conflict Matters. During the Fee Period, the Debtors proposed a plan of reorganization and substantially revised such plan on at least two occasions.

- **Sales Process**                              **274.1 hours**

    This Subject Matter includes coordination with other Debtor professionals respecting the sales/bidding process for Oncor/EFIH/EFH and analysis of any Conflict Matters relating thereto. In support of this advice, Goldin reviewed and verified other Debtor professionals' assessment of market conditions and the value of EFIH's assets. Goldin also reviewed the sales process to date and proposed transaction terms and documentation.

- **General Case Matters/Other**                 **11.2 hours**

8

This Subject Matter contains activity necessary for Goldin to efficiently advise its client but do not otherwise fit into an above category. This Subject Matter may include general case research and review of case filings.

21. The foregoing professional services provided by Goldin on behalf of EFIH during the Fee Period were reasonable, necessary, and appropriate to the administration of this chapter 11 case and related matters. Goldin has endeavored to avoid unnecessary duplication of efforts both within the firm and with other of the Debtors' professionals.

22. The expenses for which Goldin requests reimbursement for the Fee Period are actual and necessary direct, non-overhead costs incurred in the course of rendering services to EFIH. Goldin's request for reimbursement of expenses is limited to the more restrictive of (a) the Fee Committee guidance or (b) Goldin's standard expense reimbursement policy. Goldin does not charge a mark-up on any expenses.

23. Goldin has not shared or agreed or entered into any understanding to share any of its compensation with any other entity or individual (other than Goldin's principals and employees).

## **Representations**

24. Although every effort has been made to include all fees and expenses incurred in the Fee Period, some fees and expenses might not be included in this Interim Fee Statement due to delays caused by accounting and processing during the Fee Period. Goldin reserves the right to make further application to this Court for allowance of such fees and expenses not included herein. Subsequent fee applications will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, Local Bankruptcy Rules, the Fee Committee Order, and the Interim Compensation Order.

25. There is no agreement or understanding between Goldin and any person other than members or employees of the firm for the sharing of compensation to be received for services rendered in this case.

## Certification of Compliance and Waiver

26. The undersigned representative of Goldin certifies that he has reviewed the requirements of Local Rule 2016-2 and that the Application substantially complies with that Local Rule except to the extent waived by the Retention Order or otherwise modified by orders of this Court and related guidance of the Fee Committee in this case, as permitted by orders of this Court establishing the Fee Committee and interim compensation procedures. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-2, as so modified, Goldin believes that such deviations are not material and respectfully requests that any such requirement be waived.

## No Prior Request

27. No prior application for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, Goldin requests allowance of its fees and expenses incurred during the Fee Period in the total amount of $605,658.59 consisting of (a) $600,000 for the fees incurred by the EFIH estate for reasonable and necessary professional services rendered by Goldin; and (b) $5,658.59 for actual and necessary costs and expenses, and that such fees and expenses be paid as administrative expenses of the EFIH estate.

Dated:  October 17, 2016              */s/ David W. Prager*
                                            **GOLDIN ASSOCIATES, LLC**
                                            **David W. Prager**
                                            **Managing Director**
                                            **350 Sixth Ave.**
                                            **The Empire State Building**
                                            **New York, NY 10118**