## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### SIXTH INTERIM APPLICATION OF PROSKAUER ROSE LLP, COUNSEL FOR DEBTOR ENERGY FUTURE HOLDINGS CORP., FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM MAY 1, 2016 THROUGH AUGUST 31, 2016

Proskauer Rose LLP ("Proskauer"), counsel for Energy Future Holdings Corp. ("EFH Corp."), hereby submits this application (the "Fee Application"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* dated September 16, 2014 [ECF No. 2066] (the "Interim Compensation Order"), the *Stipulation and Order Appointing a Fee Committee* dated August 21, 2014 [ECF No. 1896] (the "Fee Committee Order") and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Large Chapter 11 Cases, effective November 1, 2013 (the "UST Guidelines"), for the allowance and award of compensation for

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

professional services provided in the amount of $2,905,676.75[2] and reimbursement of actual and necessary expenses in the amount of $49,033.95 that Proskauer incurred during the period commencing May 1, 2016 through and including August 31, 2016 (the "Fee Period").  In support of the Fee Application, Proskauer submits the declaration of Peter J. Young, which is attached hereto as **Exhibit A** and incorporated herein by reference.   In further support of this Fee Application, Proskauer respectfully represents as follows:

### Jurisdiction

1.    The Court has jurisdiction over the Fee Application pursuant to 28 U.S.C. §§ 157 and 1334.

2.    This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    The bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rules 2016-1 and 2016-2, the Interim Compensation Order, the Fee Committee Order and the UST Guidelines.

### Factual Background of EFH Corp.'s Chapter 11 Case

5.    On April 29, 2014, EFH Corp. and each of its above-captioned debtor and debtor-in-possession affiliates (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed (a) an official committee of unsecured creditors representing the interests of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors'

---

[2] This amount reflects a reduction of $2,269.50 for fees sought in Proskauer's May fee statement for certain non-attorney professional services rendered.  Given that Proskauer already has received 80% payment of such amount, to account therefor, Proskauer will request that EFH Corp. reduce by $1,815.60 the amount of Proskauer's net holdback amount awarded pursuant to this Fee Application.

Committee") in these chapter 11 cases on May 13, 2014 [ECF No. 420], and (b) an official committee of unsecured creditors representing the interests of EFH Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance, Inc. and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [ECF No. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration [ECF No. 98] of Paul Keglevic in support of the Debtors' first day motions.

6.    On August 21, 2014, the Court entered the Fee Committee Order, which appointed a fee committee (the "Fee Committee") to, among other things, review and report as appropriate on all interim and final fee applications filed by professionals retained under sections 105, 327, 363 or 1103 of the Bankruptcy Code, in accordance with sections 328, 330 and 331 of the Bankruptcy Code and the Interim Compensation Order.

7.    On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in these chapter 11 cases.

## Procedural Background for the Fee Application

### A.    EFH Corp.'s Retention of Proskauer

8.    EFH Corp. sought approval of this Court to retain Proskauer as counsel, pursuant to sections 327(a) and 330 of the Bankruptcy Code, by application filed on December 16, 2014 [ECF No. 3037] (the "Proskauer Retention Application"). As set forth in the Proskauer Retention Application and Proskauer's engagement letter, EFH Corp. engaged Proskauer to advise and represent EFH Corp. in connection with Conflict Matters (used herein as such term is defined in and pursuant to the authority delegated to EFH Corp.'s disinterested directors pursuant to resolutions of EFH Corp.'s board of directors) and in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction of EFH Corp.'s disinterested directors.

3

Proskauer's retention was approved by this Court by order dated January 13, 2015 [ECF No. 3281] (the "Retention Order"), effective *nunc pro tunc* to November 19, 2014.

9.      The Retention Order authorizes EFH Corp. to compensate Proskauer at Proskauer's hourly rates charged for services of this type and to reimburse Proskauer for Proskauer's actual and necessary out-of-pocket expenses incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Interim Compensation Order, the Fee Committee Order and the UST Guidelines.

**B.      Disinterestedness of Proskauer**

10.     To the best of Proskauer's knowledge and as disclosed in the *Declaration of Jeff J. Marwil in Support of Debtor Energy Future Holdings Corp.'s Application for Entry of an Order Authorizing the Retention and Employment of Proskauer Rose LLP as Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp. Effective Nunc Pro Tunc to November 19, 2014* [ECF No. 3037, Exhibit C] (the "Initial Retention Declaration"), the *Supplemental Declaration of Jeff J. Marwil in Support of Debtor Energy Future Holdings Corp.'s Application for Entry of an Order Authorizing the Retention and Employment of Proskauer Rose LLP as Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp. Effective Nunc Pro Tunc to November 19, 2014* [ECF No. 3128] (the "Supplemental Retention Declaration"), the *Second Supplemental Declaration of Jeff J. Marwil in Support of Debtor Energy Future Holdings Corp.'s Application for Entry of an Order Authorizing the Retention and Employment of Proskauer Rose LLP as Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp. Effective Nunc Pro Tunc to November 19, 2014* [ECF No. 3200] (the "Second Supplemental Retention Declaration") and the *Third Supplemental Declaration of Jeff J. Marwil in Support of Debtor Energy Future Holdings Corp.'s Application for Entry of an Order Authorizing the Retention and Employment of Proskauer Rose LLP as Counsel for Debtor and*

4

*Debtor in Possession Energy Future Holdings Corp. Effective Nunc Pro Tunc to November 19, 2014* [ECF No. 3917] (the "Third Supplemental Retention Declaration" and, collectively with the Initial Retention Declaration, the Supplemental Retention Declaration and the Second Supplemental Retention Declaration, the "Retention Declarations"), Proskauer is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to EFH Corp.'s estate, as required by section 327(a) of the Bankruptcy Code, and Proskauer's attorneys do not hold or represent any interest adverse to EFH Corp. or its estate, except as otherwise specified in the Retention Declarations.

11.     Proskauer might have in the past represented, might currently represent, and may in the future represent parties in interest in this case in connection with matters unrelated to EFH Corp. or its chapter 11 case.  In the Retention Declarations, Proskauer disclosed its connections to parties in interest in EFH Corp.'s case that it has been able to ascertain using reasonable efforts.  Proskauer will update such disclosures, as appropriate, if Proskauer becomes aware of relevant and material new information.

12.     Proskauer performed the services for which it is seeking compensation on behalf of EFH Corp. and its estate and not on behalf of any committee, creditor or other entity.

13.     Proskauer has not received payment or promise of payment from any source other than EFH Corp. for services provided or to be provided in any capacity whatsoever in connection with EFH Corp.'s case.

14.     Proskauer does not share fees with any attorneys except to the extent permitted by section 504 of the Bankruptcy Code.

**C.    Summary of Compliance with Interim Compensation Order and Fee Committee Order**

15.     This Fee Application has been prepared in accordance with the Interim

Compensation Order and the Fee Committee Order.

16.    Proskauer seeks interim compensation for professional services rendered to EFH Corp. during the Fee Period in the amount of $2,905,676.75 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $49,033.95.  During the Fee Period, Proskauer attorneys and paraprofessionals expended a total of 2,985.4 hours for which compensation is requested.

17.    Proskauer has submitted monthly fee statements for the following periods: May 1, 2016 to May 31, 2016 [ECF No. 8829] (the "May Monthly Fee Statement"); June 1, 2016 to June 30, 2016 [ECF No. 9006] (the "June Monthly Fee Statement"); July 1, 2016 to July 31, 2016 [ECF No. 9363] (the "July Monthly Fee Statement"); and August 1, 2016 to August 31, 2016 [ECF No. 9607] (the "August Monthly Fee Statement" and, collectively with the May Monthly Fee Statement, the June Monthly Fee Statement and the July Monthly Fee Statement, the "Monthly Fee Statements").  Each of the Monthly Fee Statements sought payment for each month of (a) eighty percent (80%) of the fees incurred by EFH Corp. for reasonable and necessary professional services rendered by Proskauer and (b) one hundred percent (100%) of the actual and necessary costs and expenses incurred by Proskauer in connection with the services provided to EFH Corp. for each month.  Proskauer has received payments totaling $1,638,408.00[3] under the Interim Compensation Order and the Fee Committee Order during the Fee Period.

## **Relief Requested**

18.    By this Fee Application, Proskauer respectfully requests that the Court approve

---

[3]  This amount represents eighty percent (80%) of the fees incurred by EFH Corp. for reasonable and necessary professional services rendered by Proskauer and one hundred percent (100%) of the actual and necessary costs and expenses incurred by Proskauer in connection with such services for the periods covered by the May Monthly Fee Statement, the June Monthly Fee Statement and the July Monthly Fee Statement.  Proskauer has not received any compensation sought in the August Monthly Fee Statement as of the filing of this Fee Application.

the interim allowance and award of compensation for professional services rendered by Proskauer, as counsel for EFH Corp., during the Fee Period of $2,905,676.75, representing 2,985.4 hours in professional and paraprofessional time for such services and reimbursement of actual and necessary expenses incurred by Proskauer during the Fee Period of $49,033.95. Proskauer seeks the interim allowance of such fees and expenses, as well as this Court's authorization for payment of such amounts by EFH Corp., less any amounts paid to Proskauer prior to the hearing on this Fee Application pursuant to the Monthly Fee Statements and in accordance with the terms of the Interim Compensation Order.

**Summary of Professional Compensation and Reimbursement of Expenses Requested**

19.     Proskauer's hourly rates are set at a level designed to compensate Proskauer fairly for the work of its attorneys and paraprofessionals.  Proskauer's fees for this Fee Period are in accordance with the agreed-upon terms set forth in the Proskauer Retention Application.  Proskauer's fees for the services rendered are reasonable given the complexity of the matters attendant to this case and the level of expertise required to best serve EFH Corp.  In particular, the depth and complexity of the issues involved in EFH Corp.'s chapter 11 case, and the sophistication and breadth of expertise necessary to successfully advise EFH Corp. on such issues, is best served by employing counsel with Proskauer's sophistication in handling large matters for corporations and its expertise in, among other areas, restructuring, finance, litigation, and tax.  The hourly rates charged by Proskauer professionals and paraprofessionals during the Fee Period covered by this Fee Application are no greater than the customary hourly rates for such services provided both inside and outside of bankruptcy cases.  Moreover, Proskauer believes that its fees are comparable to the fees charged by other highly-skilled practitioners experienced in advising clients with sizeable operations in and outside of chapter 11.  Attached hereto as **Exhibit B** is a summary of the blended hourly rates for Proskauer attorneys and

7

paraprofessionals who billed to non-bankruptcy matters and the blended hourly rates for attorneys and paraprofessionals who billed to EFH Corp.'s chapter 11 case during the Fee Period.

20.     All services for which compensation is requested by Proskauer in this Fee Application were performed for or on behalf of EFH Corp.  Except as described in the Fee Application, Proskauer has not received payment from any source for services rendered in connection with EFH Corp.'s bankruptcy proceeding and Proskauer does not have an agreement to share compensation received for services rendered except as in accordance with the Bankruptcy Code.

21.     In the ordinary course of Proskauer's practice, Proskauer maintains records of the time expended to render the professional services required by EFH Corp.  For the convenience of the Court and all parties in interest, attached hereto as **Exhibit C** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on EFH Corp.'s chapter 11 case compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional at Proskauer's current billing rate for these matters; and

- a calculation of total compensation requested using the rates disclosed in the Proskauer Retention Application.

22.     Furthermore, in the ordinary course of Proskauer's practice, Proskauer maintains a record of expenses incurred in rendering professional services for EFH Corp. and for which reimbursement is sought.  Proskauer currently charges $0.15 per page for standard duplication in its offices in the United States.  Notwithstanding the foregoing and consistent with the Local

8

Bankruptcy Rules, Proskauer charged no more than $0.10 per page for standard duplication services. Proskauer's expense reimbursement request complies with the caps established by the Fee Committee.

23.    For the convenience of the Court and all parties in interest, attached hereto as **Exhibit D** is a summary of the total amount of reimbursement sought with respect to each category of expenses for which Proskauer is seeking reimbursement for the Fee Period.

### Proposed Payment Allocation

24.    Pursuant to paragraph 4 of the Retention Order, absent an order of the Court, the fees and expenses incurred by Proskauer are paid by EFH Corp. As such, no allocation pursuant to paragraph 2(b) of the Interim Compensation Order is applicable.

### Summary of Professional Services Rendered

25.    During the Fee Period, Proskauer provided necessary professional services to EFH Corp. with respect to Conflict Matters. These services were necessary to address a variety of critical issues both unique to EFH Corp. in its chapter 11 case and typically faced by large corporate debtors in similar cases of this magnitude.

26.    Proskauer has structured its time records using its internal system of matter numbers. A schedule setting forth a description of the matter numbers utilized in EFH Corp.'s chapter 11 case, the number of hours expended by Proskauer partners, associates and paraprofessionals by matter and the aggregate fees associated with each matter number is attached hereto as **Exhibit E**. Attached hereto as **Exhibit F** is Proskauer's budget and staffing plan for this Fee Period, and attached hereto as **Exhibit G** is a comparison of hours and fees budgeted for each matter category against the hours and fees for which Proskauer seeks compensation during the Fee Period. In addition, Proskauer's computerized records of time expended providing professional services to EFH Corp. are attached hereto as **Exhibit H** and

9

Proskauer's records of expenses incurred during the Fee Period in rendering professional services to EFH Corp. are attached hereto as **Exhibit I**.

27.    Proskauer utilized four primary practice groups in rendering services to EFH Corp.: tax, litigation, corporate/mergers and acquisitions and bankruptcy.  Due to the nature of Proskauer's engagement (and that many Conflict Matters or potential Conflict Matters are interdisciplinary), a discrete task assigned to one practice group or one Proskauer attorney could impact the overall strategy for EFH Corp.'s chapter 11 case.  Thus, Proskauer conducted periodic meetings among its attorneys, both within and across practice groups, to assist Proskauer's professionals in understanding the impact of their individual tasks on EFH Corp.'s overall restructuring goals.  Additionally, it often was necessary to have multiple attorneys attend meetings or conference calls due to any particular attorney's knowledge of a specific matter to be addressed during such meeting or call.  In all instances where multiple attendees were present for a meeting or a conference call, Proskauer took efforts to involve only those attorneys whose presence were deemed necessary due to such attorneys' specific work on, or knowledge regarding, a specific matter.

28.    The following descriptions provide a summary of the primary services rendered by Proskauer during the Fee Period with respect to each matter number.  Given the scope of the work performed, these summaries do not cover all work performed but instead highlight the major areas of work.

**A.    Case Administration – Matter Number 001**

*Total Fees: $7,232.50; Total Hours: 10.0*

29.    This category includes time spent by Proskauer on a variety of tasks that were necessary to ensure the efficient and smooth rendition of legal services relating to EFH Corp.'s chapter 11 case in connection with Conflict Matters and in determining whether matters

10

constitute Conflict Matters.  Specifically, Proskauer spent time:

- reviewing, analyzing and preparing documents in advance of court hearings; and

- conducting internal group meetings in preparation for court hearings.

**B.      EFH Business Operations – Matter Number 003**

*Total Fees: $19,632.50; Total Hours: 19.6*

30.      This category includes time spent by Proskauer reviewing matters involving EFH Corp.'s business operations, including reviewing and analyzing EFH Corp.'s operating reports, business plans, Securities and Exchange Commission filings and other public filings for information that impacts or could potentially impact Proskauer's representation of EFH Corp. with respect to Conflict Matters.

**C.      EFH Contested Matters and Adversary Proceedings – Matter Number 004**

*Total Fees: $13,607.50; Total Hours: 13.6*

31.      This category includes time spent by Proskauer relating to contested matters and adversary proceedings that involve or potentially involve Conflict Matters.   Specifically, Proskauer spent time reviewing and analyzing pleadings filed, and opinions issued, in certain adversary proceedings and appeals relating to such adversary proceedings, as well as advising EFH Corp.'s disinterested directors in connection therewith.

**D.      EFH Corporate Governance and Board Matters – Matter Number 005**

*Total Fees: $212,497.50; Total Hours: 194.1*

32.      This category includes time spent by Proskauer advising EFH Corp.'s disinterested directors with respect to corporate governance issues and preparing for and participating in EFH Corp.'s board meetings and joint meetings of the boards of EFH Corp. and other Debtors.  Specifically, Proskauer spent time:

11

- conducting internal group meetings in preparation for board meetings;

- preparing for, including coordinating with the Debtors' other professionals, and participating in numerous board meetings, including joint board meetings and meetings of EFH Corp.'s disinterested directors;

- drafting and revising board minutes and resolutions, including with respect to the Debtors' plans of reorganization, the Oncor sale process and related transactional issues, and other inter-estate issues;

- conducting research on discrete corporate governance issues;

- reviewing and commenting on board materials and other presentation materials distributed in connection with board meetings; and

- meeting and communicating with Proskauer professionals with respect to corporate governance issues.

**E.    Discovery (Intercompany and Cross Debtor Claims) – Matter Number 006**

*Total Fees: $408,676.00; Total Hours: 398.9*

33.    This category includes time spent by Proskauer related to responding to requests for discovery propounded by parties in interest on significant issues pending in the Debtors' cases that implicate Conflict Matters, including with respect to confirmation of the Debtors' plans of reorganization.  Specifically, Proskauer spent time:

- researching issues regarding privileges, challenges to discovery requests, subpoenas and other trial and discovery-related issues;

- drafting memoranda regarding the foregoing research;

- reviewing and analyzing deposition requests, requests for documents and other discovery-related requests;

- preparing and drafting responses to discovery requests;

- reviewing and analyzing documents produced by third parties;

- conducting internal meetings with respect to the discovery process, including on issues related to responses to discovery requests and privileges;

- drafting strategic memoranda with respect to subpoena responses, depositions and general plan confirmation strategy;

- meeting and corresponding with the Debtors' other retained professionals and other parties in interest regarding discovery and the confirmation process and issues in connection therewith; and

- researching and analyzing discrete issues in connection with scheduled depositions and preparing for and attending such depositions.

**F.      Fee Applications and Objections – Matter Number 008**

*Total Fees: $76,485.00; Total Hours: 84.4*

34.      This category includes time spent by Proskauer related to the preparation and filing of monthly fee statements and interim applications for compensation.  Specifically, Proskauer spent time:

- drafting Proskauer's fifth interim fee application and the Monthly Fee Statements;

- reviewing an interim fee application and monthly fee statements for SOLIC Capital Advisors ("SOLIC"), EFH Corp.'s financial advisor for Conflict Matters;

- reviewing and revising invoices regarding privilege and compliance with applicable guidelines and rules; and

- preparing, reviewing and revising monthly budgets and staffing plans.

**G.      Financing and Cash Collateral – Matter Number 009**

*Total Fee: $3,605.00; Total Hours: 3.6*

35.      This category includes time spent by Proskauer related to the Debtors' capital structure, prepetition and postpetition financing and cash collateral issues.  Specifically, Proskauer spent time reviewing the Debtors' postpetition financing reports.

**H.      Hearings – Matter Number 010**

*Total Fees: $137,637.50; Total Hours: 128.9*

36.      This category includes time spent by Proskauer related to preparing for and attending hearings, including multiple hearings on confirmation of the TCEH Debtors'

13

alternative plan of reorganization.  During the Fee Period, Proskauer professionals prepared for and participated in thirteen hearings.

**I.      Claims Investigation, Analyses and Objections – Matter Number 011**

*Total Fees: $36,112.50; Total Hours: 38.4*

37.      This category includes time spent by Proskauer related to investigating and analyzing potential claims between and among, and/or asserted against, EFH Corp. and the other Debtors.  Specifically, Proskauer spent time:

- communicating with certain claimholders in connection with resolving outstanding omnibus objections to claims;

- drafting various settlement notices and supplemental orders resolving adjourned claims objections;

- analyzing a proposed settlement of claims with certain governmental units; and

- reviewing and analyzing documents relating to certain asbestos claims asserted against EFH Corp. and its affiliates.

**J      Non-Working Travel – Matter Number 014**

*Total Fees: $141,496.25; Total Hours: 262.5*

38.      This category includes non-working travel time spent by Proskauer attorneys in connection with their representation of EFH Corp.   The amounts requested in the Fee Application reflect a reduction of fifty percent (50%) of the charges for travel time not spent working on matters related to EFH Corp.'s chapter 11 case.

**K.      Plan and Disclosure Statement – Matter Number 015**

*Total Fees: $1,316,225.50; Total Hours: 1,300.3*

39.      This category includes time spent by Proskauer related to various post-confirmation issues involving the Debtors' confirmed plan of reorganization and related to negotiating and confirming the alternative plan for the TCEH Debtors' as such plan implicates

14

Conflict Matters.  Specifically, Proskauer spent time:

- communicating and meeting with the Debtors' other retained professionals to discuss alternative plan issues, structures and strategies, including terms of disclosure statements, plans and proposed transaction documents;

- reviewing and analyzing plan materials that implicate Conflict Matters and conducting subsequent meetings and communications with creditors and other interested parties regarding such proposals;

- meeting with EFH Corp.'s disinterested directors and advising the disinterested directors on the solicitation and confirmation processes and other confirmation issues that implicate Conflict Matters, including with respect to the Oncor bidding and sale process;

- drafting various memoranda and preparing numerous presentations to EFH Corp.'s disinterested directors advising them on plan issues, structures and strategies, including disclosure statements, plans, ballots and solicitation materials, transition services agreement, valuation analyses, bid materials, and transaction documents proposed in connection with alternative plans;

- reviewing pleadings filed in connection with the plan approval processes that implicate Conflict Matters;

- preparing for and conducting meetings and telephone conferences with Proskauer professionals with respect to plan confirmation, including preparation and strategy for the TCEH Debtors' plan confirmation hearing;

- researching and analyzing certain discrete issues in connection with proposed alternative plan structures as such issues relate to Conflict Matters; and

- reviewing and analyzing information prepared by SOLIC regarding, among other items, valuation, recovery on claims and diligence issues and conducting meetings with SOLIC regarding the foregoing.

## L.    Tax – Matter Number 016

*Total Fees: $532,069.00; Total Hours: 530.7*

40.    This category includes time spent by Proskauer on tax issues, which time was critical given that EFH Corp., as the sole taxpayer among all of the Debtors' estates, could be subject to a multi-billion dollar Internal Revenue Service ("IRS") tax claim in certain circumstances.  Specifically, Proskauer spent time:

15

- researching discrete tax issues in connection with the TCEH Debtors' plan of reorganization, including issues with respect to tax consequences of the various alternative plan structures, intercompany tax claims, net operating loss issues, and the disposition of various assets of the Debtors;

- reviewing various tax-related documents, including the Debtors' tax sharing and allocation agreements, and analyzing such documents' impact on EFH Corp.'s tax liability;

- reviewing, evaluating and analyzing the tax provisions of the TCEH Debtors' alternative plan and advising EFH Corp.'s disinterested directors on the potential tax consequences;

- reviewing and revising tax provisions contained in the alternative plan and related documents;

- reviewing a tax matters agreement, analyzing the impact of such agreement on EFH Corp.'s tax liability, and preparing memoranda on the same;

- preparing presentations for EFH Corp.'s disinterested directors with respect to tax issues in connection with alternative plan structures and attending related meetings and conference calls;

- drafting certain submissions to the IRS; and

- conducting internal group meetings to discuss and analyze tax issues and the tax consequences to EFH Corp. relating to the foregoing.

## M.    Valuation – Matter Number 018

*Total Fees: $400.00; Total Hours: 0.4*

41.    This category includes time spent by Proskauer on analyzing valuation issues in connection with the valuation of Oncor.

## <u>Allowance of Compensation</u>

42.    The foregoing professional services rendered by Proskauer on behalf of EFH Corp. during the Fee Period were reasonable, necessary and appropriate for the administration of EFH Corp.'s chapter 11 case and in the best interests of EFH Corp. and its estate.    The compensation requested for the foregoing services is commensurate with the complexity and nature of the problems, issues and tasks involved.    The professional services were performed

16

expediently and in an efficient manner.  In particular, Proskauer made use of its internal experts and specialists to provide efficient and cost-effective answers to questions and allocated work among professionals and paraprofessionals in a manner designed to promote cost effectiveness.

43.    During the Fee Period, the professional services performed by Proskauer on behalf of EFH Corp. required an aggregate expenditure of 2,985.4 recorded hours by Proskauer professionals and paraprofessionals.  Of the aggregate time expended, 2,571.6 recorded hours were expended by partners, counsel and special counsel, 405.4 recorded hours were expended by associates and 8.4 recorded hours were expended by Proskauer paraprofessionals.

44.    Proskauer billed EFH Corp. for time expended by professionals and paraprofessionals at hourly rates ranging from $135 to $1,350.  Allowance of compensation in the amount requested would result in a blended hourly billing rate: (a) for partners, counsel and special counsel, approximately $1,010.49; (b) for associates, approximately $752.47; (c) for paraprofessionals, approximately $242.62; and (d) for all professionals and paraprofessionals, approximately $973.30.[4]  The hourly rates utilized by Proskauer in connection with its engagement by EFH Corp. are equivalent to the hourly rates used by Proskauer for similar complex corporate and litigation matters.  These rates and rate structures reflect that such matters involve great complexity, high stakes and severe time pressures.

### Actual and Necessary Expenses Incurred by Proskauer

45.    As set forth in **Exhibit D**, Proskauer seeks reimbursement of $49,033.95 on account of expenses incurred in performing professional services during the Fee Period.[5] Reimbursable expenses (whether performed by Proskauer in-house or by third-party vendors)

---

[4]  Blended hourly billing rates are calculated by dividing the total dollar amount billed by such timekeepers during the Fee Period by the total number of hours billed by such timekeepers during the Fee Period.

[5]  Of the amounts sought for reimbursement in this Fee Application, $1,283.06 relate to expenses incurred during the prior fee period that, due to the timing of the submission of such expenses and the time it takes to process and account for such expenses, were not included in Proskauer's prior interim fee application.

include: photocopying, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges, transcription charges, and expenses for "working meals." Pursuant to Proskauer's expense policies, out-of-pocket expenses are passed through at actual costs.

46. Proskauer has negotiated discounted rates for Westlaw and Lexis computer-assisted legal research, which rates vary according to the type of research conducted and the specific files researched, but, in any event, such charges are billed at cost. Computer-assisted legal research is used whenever the researcher determines that using Westlaw or Lexis is more cost effective than using traditional (non-computer assisted legal research) techniques.

47. In addition, Proskauer has applied a voluntary reduction in the amount of $26,688.10 to its expense reimbursement request to comply with the caps established by the Fee Committee. Specifically, Proskauer applied the following reductions:

- a fifty-percent (50%) reduction to non-refundable first-class airfare to approximate the cost differential between non-refundable first-class airfare and refundable coach-class fare, resolving the issue raised by the Fee Committee in connection with its review of Proskauer's first interim fee application;

- a $25.32 reduction for certain telecommunication expenses incurred that are not reimbursable pursuant to the guidelines established by the Fee Committee;

- a $2,750.04 reduction for business meal expenses in excess of the reimbursable cap imposed by the Fee Committee;

- a $6,432.41 reduction for lodging expenses in excess of the reimbursable cap imposed by the Fee Committee;

- a $1,089.08 reduction for cab and carfare expenses incurred going to and from airports in excess of the reimbursable cap imposed by the Fee Committee; and

- a $911.30 reduction of word processing and proofreading expenses incurred that are not reimbursable pursuant to the guidelines established by the Fee Committee.

48.     Factoring in the foregoing reductions, all expenses charged comply with the various provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Interim Compensation Order, the Fee Committee Order and the UST Guidelines.

49.     Proskauer respectfully submits that the actual expenses incurred in providing professional services during the Fee Period and billed to EFH Corp. were necessary, reasonable and justified under the circumstances to serve the needs of EFH Corp. in its chapter 11 case.

## The Requested Compensation Should be Allowed

50.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.   Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and . . . reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A) and (B).

51.     Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)     with respect to a professional person, whether the person is board

19

certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(F).

52.     In the instant case, Proskauer respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Fee Application were necessary for and beneficial to EFH Corp.'s orderly administration of its estate and its efforts in chapter 11.   Proskauer worked diligently to anticipate or respond to EFH Corp.'s needs and assist in EFH Corp.'s chapter 11 case.   Proskauer's services and expenditures were necessary to, and in the best interests of, EFH Corp.'s estate and creditors.   Proskauer submits further that the services its professionals and paraprofessionals provided to EFH Corp. were performed economically, effectively and efficiently, and that the results obtained to date have benefited not only EFH Corp. but all of EFH Corp.'s stakeholders.   The services provided by Proskauer were consistently performed in a timely manner commensurate with the complexity, importance, novelty and nature of the issues involved.   Accordingly, Proskauer respectfully submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to EFH Corp., its estate and all parties in interest.

## Reservation of Rights

53.     It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.   Proskauer reserves the right to include such amounts in future fee applications.

## Notice

54.     Proskauer provided notice of this Fee Application to:   (a) the Debtors; (b) co-

20

counsel to the Debtors, Kirkland & Ellis LLP; (c) co-counsel to the Debtors, Richards, Layton & Finger, P.A.; (d) the U.S. Trustee; (e) counsel for the agent of the EFIH First Lien DIP Financing Facility; (f) counsel to the EFH Creditors' Committee; and (g) counsel to the Fee Committee (collectively, the "Notice Parties").  Pursuant to the Interim Compensation Order, any party, other than the Notice Parties, that wishes to object to the Fee Application, must file its objection with the Court, with a copy to Chambers and serve it on Proskauer and the Notice Parties so that it is actually received on or before November 7, 2016, at 4:00 p.m. (prevailing Eastern Time).

## No Prior Request

55.    Other than the Monthly Fee Statements, no prior request for the relief requested herein has been made to this or any other Court.

WHEREFORE, Proskauer respectfully requests that the Court enter an order: (i) awarding Proskauer the sum of $2,905,676.75 as compensation for services rendered and $49,033.95 for reimbursement of actual and necessary expenses Proskauer incurred during the Fee Period; (ii) providing that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Proskauer's right to seek additional compensation for services rendered and for expenses incurred during the Fee Period which were not processed at the time of this Fee Application; and (iii) granting such other and further relief as the Court deems appropriate.

Dated:  October 17, 2016
      Chicago, Illinois

**PROSKAUER ROSE LLP**

*/s/ Peter J. Young*

Jeff J. Marwil (admitted *pro hac vice*)
Mark K. Thomas (admitted *pro hac vice*)
Peter J. Young (admitted *pro hac vice*)
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL  60602-4342
Telephone:  (312) 962-3550
Facsimile:  (312) 962-3551

*Counsel for Energy Future Holdings Corp.*