**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SUMMARY COVER SHEET TO THE FIFTH INTERIM APPLICATION OF SOLIC
CAPITAL ADVISORS, LLC, FINANCIAL ADVISOR FOR DEBTOR ENERGY
FUTURE HOLDINGS CORP., FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED**

| Name of Applicant: | SOLIC Capital Advisors, LLC ("<u>SOLIC</u>") |
|---|---|
| Authorized to provide professional services to: | Energy Future Holdings Corp. (the "<u>Debtor</u>") |
| Date of retention: | Retention order entered on February 6, 2015 (effective as of December 18, 2014) [D.I. 3467] |
| Period for which compensation and reimbursement is sought: | May 1, 2016 through August 31, 2016 |
| Amount of compensation sought as actual, reasonable and necessary: | $800,000.00 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $11,149.42 |

This is a __ monthly <u>X</u> interim __ final application. Four prior applications filed.[2]

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]     Notice of this interim fee application shall be served in accordance with the Interim Compensation Order (as defined herein) and Fee Committee Order (as defined herein) and objections, if any, to the monthly fee statement shall be addressed in accordance with the Interim Compensation Order and Fee Committee Order.

*Prior Statements, Applications and Allowances*

| Fee Statement Period Covered | Docket No. | Fees Requested | Fees Paid or to be Paid | Holdback (20%) | Expenses Requested | Expenses Paid or to be Paid (100%) |
|---|---|---|---|---|---|---|
| **First Interim Fee Application** December 18, 2014 through April 30, 2015 | 4892 | $ 890,322.58 | $ 890,322.58 | $0.00 | $ 41,787.51 | $ 41,459.01 [1] |
| **Second Interim Fee Application** May 1, 2015 through August 31, 2015 | 6509 | $ 800,000.00 | $ 800,000.00 | $0.00 | $ 27,676.85 | $ 27,676.85 |
| **Third Interim Fee Application** September 1, 2015 through December 31, 2015 | 7864 | $ 800,000.00 | $ 800,000.00 | $0.00 | $ 13,709.16 | $ 13,709.16 |
| January 1, 2016 through January 31, 2016 | 7931 | $ 200,000.00 | $ 160,000.00 | $ 40,000.00 | $ - | $ - |
| February 1, 2016 through February 29, 2016 | 8077 | $ 200,000.00 | $ 160,000.00 | $ 40,000.00 | $ 12,653.64 | $ 11,803.59 |
| March 1, 2016 through March 31, 2016 | 8254 | $ 200,000.00 | $ 160,000.00 | $ 40,000.00 | $ 6,885.43 | $ 6,885.43 |
| April 1, 2016 through April 30, 2016 | 8508 | $ 200,000.00 | $ 160,000.00 | $ 40,000.00 | $ 4,634.36 | $ 4,634.36 |
| **Fourth Interim Fee Application** January 1, 2016 through April 30, 2016 | 8752 | $ 800,000.00 | $ 640,000.00 | $160,000.00 | $ 24,173.43 | $ 23,323.38 [2] |
| May 1, 2016 through May 31, 2016 | 8848 | $ 200,000.00 | $ 160,000.00 | $40,000.00 | $ 8,388.60 | $ 8,388.60 |
| June 1, 2016 through June 30, 2016 | 9010 | $ 200,000.00 | $ 160,000.00 | $ 40,000.00 | $ 2,760.82 | $ 2,760.82 |
| July 1, 2016 through July 31, 2016 | 9477 | $ 200,000.00 | $ 160,000.00 | $ 40,000.00 | $ - | $ - |
| August 1, 2016 through August 31, 2016 | 9710 | $ 200,000.00 | $ 160,000.00 | $ 40,000.00 | $ - | $ - |
| **Fifth Interim Fee Application** May 1, 2016 through August 31, 2016 | | $ 800,000.00 | $ 640,000.00 | $160,000.00 | $ 11,149.42 | $ 11,149.42 |
| **SUBTOTAL** | | **$ 4,090,322.58** | **$ 3,770,322.58** | **$320,000.00** | **$ 118,496.37** | **$ 117,317.82** |

[1] This amount represents an agreed upon proposed reduction of the expenses encompassed in the First Interim Fee Application [Doc 4892] in the amount of $328.50

[2] This amount represents an agreed upon proposed reduction of the expenses encompassed in the Fourth Interim Fee Application [Doc 8752] in the amount of $850.05

**SUMMARY OF PROFESSIONAL SERVICES RENDERED**

SOLIC professionals rendering services during the Fee Period were:

| NAME OF PROFESSIONAL | TITLE | TOTAL HOURS BILLED |
|---|---|---|
| Neil Luria | Sr. Managing Director | 156.0 |
| Raoul Nowitz | Managing Director | 646.5 |
| Paul Hogan | Director | 12.5 |
| Matt Cumbee | Sr. Associate | 358.5 |
| **TOTAL** | | **1,173.5** |

SOLIC does not charge hourly rates to the Debtor in accordance with its retention in this Case and has no hourly rates associated with these professionals in this case.

**SUMMARY OF HOURS EXPENDED BY SUBJECT MATTER**

| TASK DESCRIPTION | TOTAL HOURS |
|---|---|
| Dataroom & Diligence Materials Review | 509.0 |
| Board Meeting Attendance | 25.0 |
| Fee Applications/Retention Applications | 17.0 |
| Meeting with Counsel & Other Constituents | 52.5 |
| Bid Review 2016 | 260.5 |
| Plan Development and Testimony Review & Analysis | 121.0 |
| Presentation Development | 77.0 |
| Project Management and Support | 28.5 |
| Tax Reviews | 2.5 |
| Travel Time | 56.0 |
| Financing Proposal Review | 13.0 |
| Intercompany Transfers Review | 11.5 |
| **TOTAL** | **1173.5** |

**SUMMARY OF ACTUAL AND NECESSARY EXPENSES INCURRED**

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Airfare | $6,407.15 |
| Ground Transportation | $1,182.41 |
| Hotels & Lodging | $2,880.89 |
| Business Meals | $595.27 |
| Mileage | $83.70 |
| **TOTAL** | **$11,149.42** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) |
| | ) Case No. 14-10979 (CSS) |
| Debtors. | ) |
| | ) (Jointly Administered) |

**FIFTH INTERIM APPLICATION OF SOLIC CAPITAL ADVISORS, LLC, FINANCIAL
ADVISOR FOR DEBTOR ENERGY FUTURE HOLDINGS CORP., FOR COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM
MAY 1, 2016 THROUGH AUGUST 31, 2016**

SOLIC Capital Advisors, LLC ("SOLIC"), financial advisor for Energy Future Holdings

Corp. ("EFH Corp." or the "Debtor"), hereby submits this application (the "Fee Application"),

pursuant to sections 327(a), 328(a), 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), Rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of

the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"),

the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses*

*for Professionals* dated September 16, 2014 [D.I. 2066] (the "Interim Compensation Order"),

and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee

Order"), for (a) interim approval and allowance of compensation for professional services

rendered in the amount of $800,000.00 from May 1, 2016 through August 31, 2016 (the "Fee

Period"); and (b) reimbursement of actual and necessary expenses in the amount of $11,149.42

incurred during the Fee Period.   In support of the Fee Application, SOLIC submits the

---

[1]      The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of
the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these
chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their
federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on
the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

declaration of Neil F. Luria, which is attached hereto as **Exhibit A** and incorporated herein by reference.  In further support of the Fee Application, SOLIC respectfully represents as follows:

### Jurisdiction

1.  The Court has jurisdiction over the Fee Application under 28 U.S.C. §§ 157 and 1334.

2.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The bases for the relief requested herein are sections 327(a), 328(a), 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rules 2016-1 and 2016-2, the Interim Compensation Order, and the Fee Committee Order.

### Background

5.  On April 29, 2014 (the "Petition Date"), EFH Corp. and each of its above-captioned debtor and debtor-in-possession affiliates (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered an order for the joint administration of these chapter 11 cases.  The Court has not appointed a trustee or examiner in these chapter 11 cases.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed (a) an official committee of unsecured creditors representing the interests of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420] and (b) an official committee of unsecured creditors representing the interests of EFH Corp., Energy Future

Intermediate Holding Company LLC, EFIH Finance, Inc. and EECI, Inc. (the "<u>EFH Creditors' Committee</u>") on October 27, 2014 [D.I. 2570].  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration [D.I. 98] of Paul Keglevic in support of the Debtors' first day motions.

6.  On August 21, 2014, the Court entered the Fee Committee Order, which appointed a fee committee (the "<u>Fee Committee</u>") to, among other things, review and report as appropriate on all interim and final fee applications filed by professionals retained under sections 105, 327, 363 or 1103 of the Bankruptcy Code, in accordance with sections 328, 330 and 331 of the Bankruptcy Code and the Interim Compensation Order.

7.  On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in these chapter 11 cases.

### EFH Corp.'s Retention of SOLIC

8.  EFH Corp. sought approval of this Court to retain SOLIC as financial advisor, pursuant to sections 327(a), 328(a) and 330 of the Bankruptcy Code, by application filed on January 16, 2015 [D.I. 3324] (the "<u>SOLIC Retention Application</u>").  As set forth in the SOLIC Retention Application and SOLIC's engagement letter, EFH Corp. engaged SOLIC to render professional services to EFH Corp.'s disinterested directors (the "<u>Disinterested Directors</u>") in connection with Conflict Matters (used herein as such term is defined in and pursuant to the authority delegated to EFH Corp.'s Disinterested Directors pursuant to resolutions of EFH Corp.'s board of directors) and in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction of EFH Corp.'s Disinterested Directors.  SOLIC's retention was approved by this Court by order dated February 6, 2015 [D.I. 3467] (the "<u>Retention Order</u>"), effective *nunc pro tunc* to December 18, 2014.  A true and correct copy of the

Retention Order is attached hereto as **Exhibit B**.  The Retention Order provides that SOLIC's compensation is approved pursuant to section 328 of the Bankruptcy Code, subject to the terms of the Retention Order.

9.  As is typical of financial advisory firms, SOLIC is not compensated by the hour, but through fixed fees.  The Retention Order authorizes EFH Corp. to compensate SOLIC as set forth in its engagement letter, consisting of (a) a $200,000 monthly fixed fee payment (pro-rated for any periods less than a month) and (b) reimbursement of reasonable and documented out-of-pocket expenses (including all fees of counsel), subject to any limitations or modifications as set forth in the Retention Order.  The fixed fee charged by SOLIC is typical for SOLIC's engagements both inside and outside of bankruptcy.  Although SOLIC typically also is provided an "incentive fee" or "success fee" in addition of fixed fees in other engagements both inside and outside of bankruptcy, SOLIC has not sought such a fee in this case.

**Summary of Professional Compensation and Reimbursement of Expenses Requested**

10.  This Fee Application has been prepared in accordance with the Interim Compensation Order and the Fee Committee Order.

11.  By this Fee Application, SOLIC seeks: (a) approval and allowance of compensation for professional services rendered by SOLIC as financial advisor for EFH Corp. during the Fee Period in the amount of $800,000.00; and (b) reimbursement of actual and necessary expenses incurred by SOLIC in connection with rendering professional services to EFH Corp. during the Fee Period of $11,149.42.

12.  Pursuant to the Interim Compensation Order, SOLIC has already received payment, or has filed fee statements and is awaiting payment, from EFH Corp. in the amount of $640,000.00, which represents 80% of SOLIC's fees for the Fee Period, and $11,149.42, which represents 100% of the expenses invoiced for the Fee Period.  Except as described in this Fee

Application, SOLIC has not entered into any agreement with any other party for the purpose of fixing of sharing fees or other compensation to be paid for professional services rendered in EFH Corp.'s chapter 11 case.  No promises have been received by SOLIC or any member thereof as to compensation in connection with EFH Corp.'s chapter 11 case other than in accordance with the provisions of the Bankruptcy Code.

13. SOLIC's fees for this Fee Period are in accordance with the agreed-upon terms for this period set forth in the SOLIC Retention Application.

14. During the Fee Period, SOLIC's professionals spent an aggregate of 1,173.5 hours performing services for EFH Corp. in connection with its chapter 11 case.

15. SOLIC's fees for the services rendered are reasonable and appropriate given the complexity of the matter and the level of expertise required to best serve EFH Corp.  In particular, the depth and complexity of the issues involved in EFH Corp.'s chapter 11 case and the sophistication and breadth of expertise necessary to successfully guide EFH Corp. through its chapter 11 case, is best served by employing a financial advisor with SOLIC's sophistication, experience, and expertise in handling large and complex matters for corporations.  SOLIC believes that its fees are comparable to the fees charged by other highly skilled practitioners experienced in advising clients with large, complex operations while in chapter 11.

**Proposed Payment Allocation**

16. Pursuant to paragraph 8 of the Retention Order, absent an order of the Court, the fees and expenses incurred by SOLIC are paid by EFH Corp.  As such, no allocation pursuant to paragraph 2(b) of the Interim Compensation Order is applicable.

### Summary of Professional Services Rendered

17. SOLIC has structured its time records using its internal system of project codes.   The following descriptions provide a summary of the primary services rendered by SOLIC during the Fee Period with respect to each project code.   Given the scope of the work performed, these summaries do not cover all work performed but instead highlight the major areas of work.   Descriptions of the day-to-day services provided by SOLIC and the time expended performing such services in each project category are attached hereto as **Exhibit C**.   Such descriptions demonstrate that SOLIC was heavily involved in the performance of services for EFH Corp. on a daily basis, including night and weekend work, often under extreme time constraints, to meet the needs of EFH Corp. in its chapter 11 case.

**A.      Dataroom & Diligence Materials Review (509.0 Hours)**

18. Download, analyze and review materials posted to the debtors' dataroom and follow-up with the Debtors' professionals pertaining to (i) items posted to the dataroom and (ii) follow-up information being sought in the dataroom.   Review of dataroom materials has focused, among other things, on understanding impact of various matters on EFH including cash projections, review of variance analyses, review of performance metrics, bonus depreciation analyses, professional fees projections, corporate service materials and other company and Evercore prepared materials.

**B.      Board Meeting Attendance (25.0 Hours)**

19. This category includes the time spent by SOLIC's professionals attending in-person and telephonic EFH Corp. board meetings, including engaging in pre-meeting preparation, post-meeting follow-up, and work plan development.

**C.      Fee Applications/Retention Applications (17.0 Hours)**

20. This category includes general preparation and review of SOLIC's retention, monthly fee statements, interim fee applications, and other court filings, as well as review and preparation of responses to inquiries by parties of interest, including the Fee Committee.

**D.     Meeting with Counsel & Other Constituents (52.5 Hours)**

21. Meetings with counsel to EFH, as well as meetings (telephonic and in-person) with professionals of other affiliates and constituents pertaining to Conflict Matters.  These meetings have been focused on reviewing and analyzing various issues that impact Conflict Matters.

**E.  Bid Review 2016 (260.5 Hours)**

22. Review of various bids and proposals put forth after post-termination of the Hunt/Ovation Deal, specifically including review of term sheets and bids provided by NextEra Energy and other proposals put forth, in ways in which recoverable value in favor of creditors might be increased and the review of issues identified.  This also included the assessment of contingencies provided in the bids and their impact on overall recoverable value to EFH Corp. creditors.  This category also included the review of Evercore-prepared materials pertaining to Oncor's valuation, analysis of bids, waterfall impacts and their impact on recoverable value.  This category also includes the development and review of related financial analyses, specifically the modeling of the impact of each bid on the recovery of the various creditor parties, and the review of materials ahead of meetings with financial advisors to creditor constituents.

**F.     Plan Development Review and Testimony Review and Analysis (121.0 Hours)**

23. This category includes review of restructuring proposals, as well as meetings with constituents regarding plan formulation, review of plan proposals and term sheets and analysis of proposed settlements of Conflict Matters.  This category also includes working

alongside counsel in review of elements pertaining to contingency planning regarding the Plan of Reorganization including the financial analysis and modeling of illustrative financial scenarios.  The review of restructuring proposals has included review of various alternative plan proposals and their impact on EFH stakeholders and comparisons to past proposals as well as the development of analysis for use by counsel and The Disinterested Directors.  This work was necessary and justified in the context of uncertainties that arose pertaining to required approvals necessary for the Plan that was filed.  SOLIC's work included, but was not limited to, an understanding of market conditions compared to market conditions at the time the Plan on file was confirmed, an understanding of various alternative transaction constructs, the review and continued monitoring of EFH Corp's cash as key element of recoverable value including sensitivities to projected cash balances and the identification of other potential sources of recoverable cash value, an assessment of legislative changes that were approved by Congress relating to bonus depreciation rules and the impact of these rule modifications on projected cash balances, the development of hypothetical waterfall scenario sensitivities on EFH Corp recoveries, the understanding of implications of delays in emergence on claims balances and resulting creditor recoveries, and the review and development of hypothetical alternative transaction constructs including discussion with counsel on same.  The work also included review of financial elements and materials pertaining to testimony provided in confirmation hearings.

## G.      Presentation Development (77.0 Hours)

24.    This category includes the development of specific presentations for discussion with the disinterested directors of EFH pertaining to Conflict Matters and potential Conflict Matters. Such work included internal discussion, review, and iteration of presentation materials.

## H.      Project Management and Support (28.5 Hours)

25. This category includes key elements of project management on the engagement including work plan development and internal discussion pertaining to same, as well as general review and research of case filings.

**I.      Tax Reviews (2.5 Hours)**

26.   This category includes development of financial analyses, as directed by counsel, pertaining to the tax structures being considered for contingency planning purposes, including financial modeling relating to the present value of a potential step-up in basis and net operating losses.

**J.      Travel Time (56.0 Hours)**

27. This category includes required travel by SOLIC professionals to attend in-person meetings with the Disinterested Directors, in-person board meetings, in-person meetings with legal counsel to the Disinterested Directors, and in-person meetings with various creditor constituents and their professional advisors.

**K.      Financing Proposal Review (13.0)**

28.   This category includes review of proposals and analyses relating to the potential extension of the terms and/or pay down of existing debt balances via various financing mechanisms proposed by the Company and potential bidders.

**L.      Intercompany Transfers Review (11.5)**

29.   This category includes review and analysis pertaining to the various claims and causes of action between and among EFH and its affiliates, including the nature of the claims, the magnitude of such claims and factors affecting the allowance or disallowance of such claims.

<u>**Allowance of Compensation**</u>

30.    The foregoing professional services rendered by SOLIC on behalf of EFH Corp. during the Fee Period were reasonable, necessary and appropriate to the administration of EFH Corp.'s chapter 11 case and related matters and in the best interests of EFH Corp. and its estate.  The

compensation requested for the foregoing services is commensurate with the complexity, importance and nature of the problems, issues and tasks involved. The professional services were performed expediently and in an efficient manner.

31. During the Fee Period, the professional services performed by SOLIC on behalf of EFH Corp. required an aggregate expenditure of 1,173.5 hours by SOLIC professionals and a fair market value of $800,000.00. As demonstrated by this Fee Application, SOLIC's services were rendered economically and without unnecessary duplication of efforts. In addition, the work involved and the time expended was carefully assigned in consideration of the experience and expertise required of each particular task.

## **Actual and Necessary Expenses Incurred by SOLIC**

32. SOLIC seeks reimbursement of $11,149.42 on account of expenses incurred in performing professional services during the Fee Period. SOLIC records all expenses incurred in connection with the performance of professional services. Detailed descriptions of these expenses were attached to and filed as exhibits to the monthly fee statements submitted during the Fee Period and are attached hereto as **Exhibit D**.

33. SOLIC seeks reimbursement only for the actual cost of such expenses to SOLIC. Throughout the Fee Period, SOLIC has been cognizant of cost considerations and has tried to minimize the expenses charged to the EFH Corp.'s estate. SOLIC respectfully submits that the actual expenses incurred, except where limits have been set forth by the Fee Committee (with hotels not being reimbursable in New York City above $500 or above $350 in an all other locations, meals being capped at $40 per person per meal and cars to and from an airport being capped at $100 in New York City, $75 in Dallas and $75 in Chicago) in providing professional services during the Fee Period and billed to EFH Corp. were necessary, reasonable and justified under the circumstances to serve the needs of EFH Corp. in its chapter 11 case.

## The Requested Compensation Should be Allowed

34. SOLIC respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Fee Application were necessary for and beneficial to EFH Corp.'s orderly administration of its estate and its efforts in its chapter 11 case. SOLIC worked diligently to anticipate or respond to EFH Corp.'s needs and assist in EFH Corp.'s chapter 11 case. SOLIC's services and expenditures were necessary to, and in the best interests of, EFH Corp.'s estate and creditors. SOLIC submits further that the services its professionals and paraprofessionals provided for EFH Corp. were performed economically, effectively and efficiently, and that the results obtained to date have benefited not only EFH Corp. but all stakeholders in its chapter 11 case. The services provided by SOLIC were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, SOLIC respectfully submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to EFH Corp., its estate and all parties in interest.

## Reservation of Rights

35. It is possible that some expenses incurred during the Fee Period are not reflected in the Fee Application. SOLIC reserves the right to include such amounts in future fee applications.

## Notice

36. SOLIC provided notice of this Fee Application to: (a) the Debtor; (b) co-counsel to the Debtors, Kirkland & Ellis LLP; (c) co-counsel to the Debtors, Richards, Layton & Finger, P.A.; (d) the Office of the United States Trustee; (e) counsel for the agent of the EFIH First Lien DIP Financing Facility; (f) counsel for the agent of the TCEH DIP Financing Facility; (g) counsel to the TCEH Creditors' Committee; (h) counsel to the EFH Creditors' Committee; and (i) counsel

to the Fee Committee (collectively, the "Notice Parties").  Pursuant to the Interim Compensation Order, any party, other than the Notice Parties, that wishes to object to the Fee Application, must file its objection with the Court, with a copy to Chambers and serve it on SOLIC and the Notice Parties so that it is actually received on or before November 7, 2016 at 4:00 p.m. (prevailing Eastern Time).

## No Prior Request

37. Other than the monthly fee statements, no prior request for the relief requested herein has been made to this or any other Court.

## Conclusion

WHEREFORE, SOLIC respectfully requests that the Court enter an order (i) awarding SOLIC the sum of $800,000.00 as compensation for services rendered and $11,149.42 for reimbursement of actual and necessary expenses SOLIC incurred during the Fee Period; (ii) that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to SOLIC's right to seek additional compensation for services rendered and for expenses incurred during the Fee Period which were not processed at the time of this Fee Application; and (iii) granting such other and further relief as the Court deems appropriate.

Dated:  October 17, 2016            /s/ Neil F. Luria
                                    SOLIC Capital Advisors, LLC
                                    Neil F. Luira, Senior Managing Director
                                    1603 Orrington Avenue, Suite 1600
                                    Evanston, Illinois 60201

## **Exhibit A**

[Declaration]

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**<u>Verification of Neil F. Luria</u>**

1.      I am a Senior Managing Director and President of SOLIC Capital Advisors, LLC ("<u>SOLIC</u>"),[2] which maintains a central office at 1603 Orrington Avenue, Suite 1600, Evanston, Illinois 60201.  I am one of the lead professionals from SOLIC working on EFH Corp.'s chapter 11 case.

2.      I have personally performed many of the services rendered by SOLIC as financial advisor to EFH Corp. and am familiar with all other work performed on behalf of EFH Corp. by SOLIC.

3.      The facts set forth in the foregoing Fee Application are true and correct to the best of my knowledge, information and belief.

4.      I have reviewed Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware and believe that SOLIC's Fee Application complies with Rule 2016-2 to the extent not waived or otherwise modified pursuant to the terms of the Retention Order.

---

[1]      The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]      Each capitalized term used but not otherwise defined herein shall have the meaning ascribed thereto in the *First Interim Application of SOLIC Capital Advisors, LLC, Financial Advisor for Debtor Energy Future Holdings Corp., for Compensation for Services Rendered and Reimbursement of Expenses Incurred From December 18, 2014 Through April 30, 2015* (the "<u>Fee Application</u>").

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: <u>October 17, 2016</u>                    <u>*/s/ Neil F. Luria*                    </u>

                                        Name:  Neil F. Luria
                                          Title:   Senior Managing Director

**<u>Exhibit B</u>**

[Retention Order]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SOLIC CAPITAL ADVISORS, LLC AS FINANCIAL ADVISOR FOR DEBTOR AND DEBTOR IN POSSESSION ENERGY FUTURE HOLDINGS CORP. EFFECTIVE *NUNC PRO TUNC* TO DECEMBER 18, 2014

Upon the application (the "Application")[2] of debtor and debtor in possession Energy Future Holdings Corp. ("EFH Corp.") for the entry of an order (this "Order") authorizing EFH Corp., under the supervision of its disinterested directors, Donald L. Evans and Billie I. Williamson, to retain and employ SOLIC Capital Advisors, LLC ("SOLIC") as financial advisor, effective *nunc pro tunc* to December 18, 2014, in connection with Conflict Matters as defined in and pursuant to the authority delegated to EFH Corp.'s disinterested directors pursuant to resolutions of the EFH Corp. Board of Directors attached to the Application as Exhibit B (the "Resolutions"), including the determination by EFH Corp.'s disinterested directors regarding whether any matter constitutes a Conflict Matter, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

District of Delaware (the "Local Bankruptcy Rules"); and the Court having reviewed the

Application and the Declaration of Neil F. Luria, a Senior Managing Director and President of

SOLIC (the "Luria Declaration"); and the Court having found that the Court has jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the

Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found

that venue of the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and the Court having found, based on the representations made in the Application and in the

Luria Declaration, that (a) SOLIC does not hold or represent an interest adverse to EFH Corp.'s

estate and (b) SOLIC is a "disinterested person" as defined in section 101(14) of the Bankruptcy

Code and as required by section 327(a) of the Bankruptcy Code; and the Court having

determined that the terms and conditions of SOLIC's employment, including the fee and expense

structure set forth in the Engagement Letter (attached hereto as **Exhibit 1**), are reasonable as

required by section 328 (a) of the Bankruptcy Code; and the Court having found that the relief

requested in the Application is in the best interests of EFH Corp.'s estate, its creditors, and other

parties in interest; and the Court having found that EFH Corp. provided adequate and appropriate

notice of the Application under the circumstances and that no other or further notice is required;

and the Court having reviewed the Application; and the Court having determined that the legal

and factual bases set forth in the Application just cause having been shown for the relief granted

herein; and any objections to the relief requested herein having been either withdrawn or

overruled; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

1.      The Application is granted to the extent set forth herein.

47349969v2

2.     EFH Corp. is authorized to retain and employ SOLIC as its financial advisor to advise it on Conflict Matters, including whether a matter constitutes a Conflict Matter, consistent with the terms and conditions set forth in the Engagement Letter, effective *nunc pro tunc* to December 18, 2014, and to pay fees and reimburse expenses to SOLIC on the terms and times specified in the Engagement Letter attached hereto as **Exhibit 1**; *provided, however*, that nothing in the Engagement Letter shall supersede any provisions of the Bankruptcy Code during the pendency of EFH Corp.'s chapter 11 case; *provided further, however*, that to the extent the Application, the Luria Declaration, and any later declaration or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern

3.     The terms of the Engagement Letter are approved in all respects except as limited or modified herein.

4.     SOLIC's compensation set forth in the Engagement Letter is approved pursuant to section 328(a) of the Bankruptcy Code and SOLIC shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court, including but not limited to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* dated September 16, 2014 [D.I. 2066].

5.     Pursuant to the terms of the Engagement Letter, SOLIC is entitled to reimbursement by EFH Corp. for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, including, without limitation, the reasonable fees, disbursements and other charges of SOLIC's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise), in

3

47349969v2

accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the

Local Bankruptcy Rules, any applicable orders of this Court and the Fee Guidelines promulgated

by the Office of the United States Trustee, *provided however*, that SOLIC shall not seek

reimbursement for any services provided by SOLIC's counsel to EFH Corp.; *provided further*,

that SOLIC shall submit the invoices of SOLIC's counsel, together with any application seeking

allowance of reimbursement for the fees, disbursements and other charges of its counsel.

6.      With respect to the provision of the Engagement Letter reflecting that SOLIC may

perform *de novo* analyses as may be required and approved by the Disinterested Directors, in

such events, SOLIC shall file a supplemental application or applications requesting authority to

undertake such analyses, which shall generally outline the scope of the *de novo* analyses and

identify the SOLIC professionals designated to perform such *de novo* analyses and their

corresponding hourly rates.

7.      None of the fees payable to SOLIC shall constitute a "bonus" or fee enhancement

under applicable law.

8.      Absent further order of this Court, fees and expenses incurred by SOLIC shall be

paid by EFH Corp.

9.      SOLIC shall use its reasonable efforts to avoid any duplication of services

provided by any of EFH Corp.'s other retained professionals in EFH Corp.'s chapter 11 case.

10.     Notwithstanding any provision to the contrary in this Order, the U.S. Trustee shall

have the right to object to SOLIC's request(s) for interim and final compensation and

reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy

Code, not section 328(a) of the Bankruptcy Code. This Order and the record relating to the

Court's consideration of the Application shall not prejudice or otherwise affect the rights of the

47349969v2

U.S. Trustee to challenge the reasonableness of SOLIC's fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of SOLIC's fees.

11.    SOLIC shall include in its fee applications, among other things, time records setting forth, in summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering services on behalf of ECF Corp. in half-hour increments, but SOLIC shall be excused from keeping time in tenth-hour increments.

12.    SOLIC is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d) to the extent requested in the Application.

13.    SOLIC shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; provided, however, the fee applications filed by SOLIC shall be subject to review only pursuant to the standard of review set forth in section 328 of the Bankruptcy Code and not subject to the standard of review set forth in section 330 of the Bankruptcy Code, except as otherwise expressly set forth herein.

14.    The relief granted herein shall be binding upon any chapter 11 trustee appointed in EFH Corp.'s chapter 11 case, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of EFH Corp.'s chapter 11 case to a case under chapter 7.

15.    The indemnification provisions set forth in the Engagement Letter are hereby approved, subject during the pendency of these cases to the following:

5

47349969v2

a. subject to the provisions of subparagraph d., *infra*, EFH Corp. is authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Engagement Letter) in accordance with the Engagement Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter; notwithstanding any provisions of the Engagement Letter to the contrary;

b. EFH Corp. shall have no obligation to indemnify SOLIC or provide contribution or reimbursement to SOLIC (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from SOLIC's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which EFH Corp. alleges the breach of SOLIC's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Company, et. al.*, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph d., *infra*, to be a claim or expense for which SOLIC should not receive indemnity, contribution or reimbursement under the terms of the Indemnification Letter, as modified by this Order;

c. if during the pendency of EFH Corp.'s case the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph b. above and SOLIC makes a claim for the payment of any amounts by EFH Corp. on account of EFH Corp.'s contribution obligations, then the contribution provisions in the Engagement Letter shall not apply; and

d. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in EFH Corp.'s case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing EFH Corp.'s case, SOLIC believes that it is entitled to the payment of any amounts by EFH Corp. on account of EFH Corp.'s indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, SOLIC must file an application therefor in this Court, and EFH Corp. may not pay any such amounts to SOLIC before the entry of an order by this Court approving the payment. This subparagraph d. is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by SOLIC for indemnification, contribution, or reimbursement and is not a provision limiting the duration of EFH Corp.'s obligation to indemnify SOLIC.

6

16.     Notwithstanding anything to the contrary in the Application or the Engagement Letter, SOLIC will not seek reimbursement of expenses for office supplies.

17.     EFH Corp. and SOLIC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

18.     Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

19.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20.     Notwithstanding any contrary provision in the Application or the Engagement Letter, the Court shall retain jurisdiction to hear and determine all matters arising from or related to implementation of this Order.

Dated:     ___2/6/15___
   Wilmington, Delaware

          _____
          The Honorable Christopher S. Sontchi
          United States Bankruptcy Judge

7

**Exhibit 1** (to Order)

[Engagement Letter]



SOLIC Capital Advisors, LLC
1603 Orrington Avenue, Suite 1600
Evanston, Illinois  60201
847.583.1619   Phone
847.583.1426   Fax

December 18, 2014

**Personal and Confidential**
The Honorable Donald L. Evans
Executive Chairman
Board of Directors
Energy Future Holdings Corp.
1601 Bryan St., 41st Floor
Dallas, Texas 75201
dle@donevans34.com

Billie I. Williamson
Director
Board of Directors
Energy Future Holdings Corp.
1601 Bryan St., 41st Floor
Dallas, Texas 75201
billie.williamson@forresterco.com

Dear Mr. Evans and Ms. Williamson:

Subject to approval of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), this letter confirms the retention of SOLIC Capital Advisors, LLC ("SOLIC") by Energy Future Holdings Corp. (the "Company"), nunc pro tunc to December 18, 2014, in accordance with the terms set forth in this letter, pursuant to which SOLIC will provide to the Company, at the direction of its disinterested directors, Donald L. Evans and Billie I. Williamson (the "Disinterested Directors"), the services described below in connection with the Company's chapter 11 case (the "Case").

On April 29, 2014 (the "Commencement Date"), the Company commenced its Case by filing a voluntary petition for relief under chapter 11 title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court.  This engagement letter (this "Engagement Letter"), and SOLIC's obligations and responsibilities relating to this engagement (the "Engagement"), shall be effective as of December 18, 2014, subject to obtaining Bankruptcy Court approval in this Case; provided, however, that either party may, in its sole discretion and without any liability arising therefrom, terminate this Engagement in the event that (a) a final order authorizing the employment of SOLIC as financial advisors for the Company (the "Order") is not issued by the Bankruptcy Court in this Case on or before one hundred twenty (120) days from the date hereof on the terms and conditions set forth herein or on such other terms and conditions as are satisfactory to SOLIC, or (b) the application of the Company seeking the Order is denied by the Bankruptcy Court in this Case. In such event, the Company hereby agrees to withdraw, promptly upon SOLIC's request, any application filed or to be filed with the Bankruptcy Court to retain SOLIC's services in this Case.

47349969v2

Energy Future Holdings Corp.
December 18, 2014

Specifically, the terms and conditions of our engagement and the services that it is anticipated that SOLIC will provide are as follows:

1. **Services.** Pursuant to this Engagement, SOLIC will provide a variety of financial advisory and other services to the Company, at the direction of its Disinterested Directors, in connection with "Conflict Matters" as defined in and pursuant to the authority delegated to the Disinterested Directors pursuant to resolutions of the Company's Board of Directors attached hereto as Exhibit A (the "Resolutions"), including the determination by the Company's Disinterested Directors regarding whether any matter constitutes a Conflict Matter. Such services will include:

   (a) Reviewing bid procedures and progress in developing a plan of reorganization;
   (b) reviewing inter-company claims between the Company and other affiliates;
   (c) reviewing financial elements pertaining to key tax issues;
   (d) reviewing financing proposals received to date and future financing needs of the Company; and
   (e) such other matters as may be agreed upon which are consistent with SOLIC's experience.

   It is the parties' desire that SOLIC rely on the work of the Company's legal and other financial advisors to provide the basis of any reviews and analysis provided hereunder unless *de novo* analysis is required and approved by the Disinterested Directors. For purposes hereof, "*de novo* analysis" shall mean any analysis where SOLIC is required to undertake independent review of source documentation or data (i.e., documents or data other than actual reports and analyses prepared by the Company's other advisors) or the development of new independent analyses as directed by the Disinterested Directors. For the sake of clarification, any reviews performed by SOLIC on existing work product produced by the Company's legal and other financial advisors will not constitute *de novo* analysis.

2. **Information.** In connection with SOLIC's activities hereunder, the Company agrees to cooperate with SOLIC and will use its good faith efforts to furnish to, or cause to be furnished to, SOLIC all information and data concerning the Company (the "Information") which SOLIC reasonably deems appropriate and will use its good faith efforts to assist SOLIC in obtaining access to the Company's officers, directors, employees and advisors, as necessary

   The Company acknowledges and agrees that the Company's management is responsible for supplying materially complete and accurate Information, representations, and books and records upon which we must rely in providing our services to the Company. The Company agrees to promptly notify SOLIC if the Company believes that any Information which was previously provided to SOLIC has become materially misleading. The Company acknowledges and agrees that, in rendering its services hereunder, SOLIC will be using and relying on Information (and information available from public sources and other sources deemed reliable by SOLIC) without independent verification thereof or independent appraisal or evaluation of the Company, or any other party. SOLIC does not assume responsibility for the accuracy or completeness of Information or any other information regarding the Company. SOLIC will have no obligation to update any report(s) that it may produce or to revise the information contained therein because of events and transactions occurring subsequent thereto. It is further understood that any advice rendered by SOLIC pursuant to its Engagement hereunder, including any advice rendered during the course of participating in negotiations and meetings with the Company and its representatives, as well as any written materials provided by SOLIC, are intended solely for the

2

Energy Future Holdings Corp.
December 18, 2014

benefit and use of the Company, its Disinterested Directors and professionals, and may not be relied upon by any other person or entity without SOLIC's prior written consent.

3.   **Compensation.**  In consideration of SOLIC's efforts, SOLIC shall be compensated as follows by the Company and/or from the Company's estate (subject to allowance and approval by the Bankruptcy Court):

SOLIC will be paid a monthly fixed fee payment of $200,000 (the "Monthly Fee"), via wire transfer per the wire instructions set forth on Exhibit B attached hereto, with the first payment (including the pro-rated Monthly Fee for the period December 18 through December 31, 2014 and any other accrued but unpaid Monthly Fees for periods thereafter) to be made upon the Court's approval of SOLIC's retention and, thereafter, in advance on the first day of each month during the term of our Engagement hereunder.  The parties hereto hereby agree that the Monthly Fee may be reviewed and potentially adjusted prospectively, if appropriate, based upon mutual agreement, taking into account, among other things, the contribution of SOLIC's professionals to the Case, the aggregate work performed over the course of the Engagement, and such other factors as may be mutually agreed upon, and as approved by the Bankruptcy Court, if necessary.

In addition to the Monthly Fees, if SOLIC is requested by the Company and the Disinterested Directors, to perform any "*de novo* analysis" or to provide litigation support or testimony (or support thereof) in support of any litigation matters, such services will be provided at SOLIC's standard billing rates as set forth on Exhibit C pursuant to a budget agreed upon by SOLIC and the Disinterested Directors on behalf of the Company and any such related fees and expenses will be subject to Bankruptcy Court approval and be paid in accordance with the following paragraph.

SOLIC will be reimbursed monthly for all of its reasonable and documented expenses and hourly fees, if any, related to this Engagement, including travel, document production, reasonable fees and expenses of our legal counsel (other than the cost of internal legal counsel), including amounts attributable to our obligation to respond to discovery requests, participate in depositions or appear in court in connection with services under this Engagement Letter, and other costs incurred in providing the services hereunder.

SOLIC understands that the Company will seek authorization of the Bankruptcy Court for it to fulfill its obligations under this Engagement Letter.

The Company has been informed that SOLIC intends to apply for compensation for professional services to be rendered in connection with this Case and for reimbursement of expenses incurred, in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware and any applicable order of the Bankruptcy Court (the "Payment Rules").  Payment of fees and reimbursement of expenses will be subject to ultimate allowance and approval by the Bankruptcy Court.  SOLIC will maintain internal time records for all work performed for the Company.  The request for Bankruptcy Court approval of our retention, and the proposed order to be submitted in connection therewith, shall be provided to SOLIC prior to submission and must be acceptable to SOLIC in its sole discretion.

3

Energy Future Holdings Corp.
December 18, 2014

To the extent that, at any time during this Case, the Bankruptcy Court reviews any of the terms of this Engagement Letter, such review shall be subject to the standard of review of Section 328(a) of the Bankruptcy Code and the Payment Rules, and not subject to any other standard of review under Section 330 of the Bankruptcy Code. SOLIC will submit reasonably detailed invoices and statements of expenses to the Company in accordance with that certain *Order Establishing Professional Interim Compensation Procedures* entered in the Case. Because SOLIC does not ordinarily maintain contemporaneous time records in one-tenth hour (0.1) increments, the Company agrees to request that SOLIC be excused from compliance with such requirements and should be required only to maintain time records in half-hour (0.50) increments setting forth, in a summary format, a description of services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Company.

In agreeing to these provisions, the Company acknowledges that it believes that our general restructuring experience and expertise will inure to the benefit of the Company and that the value to the Company and/or its constituents derives in substantial part from that expertise and experience and that, accordingly, the structure and amount of fees above are reasonable, regardless of the number of hours to be expended by our professionals in the performance of the services to be provided hereunder.

4.  **Termination.** SOLIC's engagement hereunder may be terminated by either the Company or SOLIC at any time, with or without cause, upon 30 days' written notice to the other party; provided, however, that no such termination will affect SOLIC's right to expense reimbursement or the payment of any accrued and unpaid fees pursuant to Section 3 hereof or the Indemnity Agreement (as defined below), and the provisions related thereto contained in this Engagement Letter will survive the expiration or termination of this engagement. Furthermore, if the Order is not obtained, or is later reversed or set aside for any reason, SOLIC may terminate this Engagement Letter and SOLIC shall be reimbursed for all fees and expenses reasonably incurred prior to the date of expiration or termination.

5.  **Collection.** In the event SOLIC prevails in any action to enforce collection of amounts due or other rights under this Engagement Letter, SOLIC's reasonable legal fees and other collection costs incurred by SOLIC, plus interest on amounts otherwise due but unpaid at the prime rate (Bank of America prime) plus 2 percent until paid, shall be paid by the Company and/or the Company's estate.

6.  **Governing Law.** This Engagement Letter will be deemed made in New York and will be governed by the laws of the State of New York. The Company and SOLIC irrevocably submit to the jurisdiction of the Bankruptcy Court as long as the Case is open, and once the Case is closed, to any court of the State of New York or the United States District Court for the Southern District of New York (Manhattan Division), for the purpose of any suit, action or other proceeding arising out of this Engagement Letter, or any of the agreements or transactions contemplated hereby, which is brought by or against the Company. Each of the Company and SOLIC hereby knowingly, voluntarily and irrevocably waives any right it may have to a trial by jury in respect of any claim based upon, arising out of or in connection with, this Engagement Letter and the transactions contemplated hereby). SOLIC will act under this Engagement Letter as an independent contractor with duties solely to the Company. Because we will be acting on the Company's behalf in this capacity, it is our practice to receive indemnification. A copy of our standard indemnity form is attached hereto as Exhibit D ("Indemnity Agreement"). The terms of

4

Energy Future Holdings Corp.
December 18, 2014

the Indemnity Agreement are incorporated by reference into this Engagement Letter. In no event will SOLIC's liability in connection with this Engagement Letter exceed the total fees paid to SOLIC hereunder. In no event shall SOLIC, the Company or their respective personnel be liable for consequential, special, indirect, incidental, punitive or exemplary loss, damage or expense relating to this Engagement.

7.    **Successors and Assigns.** This Engagement Letter shall be binding upon and inure to the benefit of the parties hereto, their respective successors and assigns. Neither party may delegate or assign its rights or obligations under this Engagement Letter without the written consent of the other party.

8.    **Review.** The services to be provided by SOLIC hereunder will not constitute (a) a fairness or solvency opinion or (b) a compilation, examination, review or audit of any entity's information, financial or otherwise, historical or prospective, as described in the pronouncements on professional standards issued by the American Institute of Certified Public Accountants. In addition, SOLIC does not make any predictions or provide any opinions or other assurances concerning the outcome of future events, including, without limitation, those that pertain to the operating results of any entity, the achievability of any business plan, the success of any investment, the recovery of any asset, or the ability to pay any debt. SOLIC reserves the right to issue a tombstone announcement with respect to SOLIC's involvement in connection with the Engagement consistent with the Order.

9.    **Limitations.** This Engagement Letter does not create, and will not be construed as creating, rights enforceable by any person or entity not a party hereto, except those entitled thereto by virtue of the Indemnity Agreement. The Company acknowledges and agrees that (a) SOLIC will act as an independent contractor and is being retained solely to assist the Company and the Disinterested Directors and, unless separately requested by the Company, that SOLIC is not being retained to provide a formal opinion as to any possible restructuring or outcome, (b) nothing in this Engagement Letter or in the nature of services in connection with the Engagement or otherwise shall be deemed to create a fiduciary duty or fiduciary or agency relationship between SOLIC and the Company, or any other party, (c) SOLIC is a professional advisor to the Company and is not and will have no duties or liabilities to the equityholders or creditors of the Company, any affiliate of the Company or any other person by virtue of this Engagement Letter and the retention of SOLIC hereunder (other than as set forth herein), all of which duties and liabilities are hereby expressly waived, and (d) any advice rendered by SOLIC does not constitute a recommendation to any creditor or stakeholder that such creditor or stakeholder might or should take in connection with a possible restructuring; provided, however, this clause (d) shall not apply to the advice rendered by SOLIC to the Disinterested Directors as part of the services provided under the terms of this Engagement Letter. Neither equityholders nor creditors of the Company are intended beneficiaries hereunder. The Company recognizes and acknowledges that by performing the services set forth in this Engagement Letter, SOLIC is not acting in any management capacity and that Company has not requested SOLIC to make, nor has SOLIC agreed to make, any business decisions on behalf of the Company. All decisions about the business of the Company remain the sole responsibility of the Company (and to the extent applicable, the Disinterested Directors). The Company and each Disinterested Director hereby expressly acknowledges that SOLIC does not guarantee, warrant, or otherwise provide any assurances that the Company will restructure successfully. SOLIC is not a law, accounting, tax, or actuarial firm and will not be providing any legal, accounting, tax advice, or actuarial services

5

47349969v2

Energy Future Holdings Corp.
December 18, 2014

hereunder.  In addition, the Company confirms that it will rely on its own counsel for legal advice.   SOLIC's services are not designed, nor should they be relied upon, to disclose internal weaknesses in internal controls, financial statement errors, irregularities, illegal acts or disclosure deficiencies.

10.    **Counterparts.**  This Engagement Letter, and any modification or amendment thereto, may be executed in counterparts, each of which will be deemed an original and all of which will constitute one and the same instrument.

11.    **Notices.**  All correspondence and notices shall be sent to the parties as listed hereafter or to such other persons or addresses as may be given by one party to the other, and will be deemed effective the earlier of actual delivery or three days after mailing.

<u>Personal and Confidential</u>

The Honorable Donald L. Evans
Executive Chairman
Energy Future Holdings Corp.
1601 Bryan St., 41st Floor
Dallas, Texas 75201

with a copy to:

General Counsel
Energy Future Holdings Corp.
1601 Bryan St., 41st Floor
Dallas, Texas 75201

Neil F. Luria
Senior Managing Director
SOLIC Capital Advisors, LLC
1603 Orrington Avenue
Suite 1600
Evanston, IL  60201

13.    **Entire Agreement.**   This Engagement Letter is the entire agreement between the parties pertaining to its or their subject matter and supersedes all prior agreements, representations and understandings of the parties.  No modification of this Engagement Letter shall be binding unless agreed to in writing by the parties.

14.    **Retention Application.**  The Company agrees to file the necessary retention applications in the Bankruptcy Court in order to properly retain SOLIC in accordance with the terms set forth in this letter.

47349969v2

Energy Future Holdings Corp.
December 18, 2014

If this Engagement Letter meets with your approval, please indicate your consent and agreement to be bound by the terms of this Engagement Letter by executing the attached copy and forwarding it to me.

Very truly yours,

SOLIC CAPITAL ADVISORS, LLC


By: _/s/ Neil F. Luria_ _____
        Neil F. Luria
        Senior Managing Director




ACKNOWLEDGED AND AGREED:


ENERGY FUTURE HOLDINGS CORP.

By: _/s/ Donald L. Evans_ _____
        Donald L. Evans
        Executive Chairman
        Board of Directors
        Energy Future Holdings Corp.

Date: December 18, 2014

47349969v2

Energy Future Holdings Corp.
December 18, 2014

**Exhibit "A"** (to Engagement Letter)

Energy Future Holdings Corp.
December 18, 2014

**ENERGY FUTURE HOLDINGS CORP. ("EFH")**
BOARD OF DIRECTORS RESOLUTIONS
DECEMBER 9, 2014

The following recitals and resolutions supplement the Board of Directors Resolutions dated as of November 7, 2014 ("November 7th Resolutions") and, in the event of any inconsistency, these resolutions shall supersede and control.

WHEREAS, EFH and certain of its direct and indirect subsidiaries (excluding Oncor Electric Delivery Holdings Company LLC and its subsidiaries), including TCEH (the "Debtors") on April 29, 2014, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Chapter 11 Case") in the Bankruptcy Court for the District of Delaware ("Bankruptcy Court");

WHEREAS, the members of the Board of Directors of EFH ("Board") having relationships or interests with other affiliated or related companies and their direct or indirect equity holders and other material relationships have disclosed certain facts that they believe to be material to the Board;

WHEREAS, as described in the material presented and reviewed by the Board and based on a review of the known facts and circumstances, the Board has determined and confirmed by the November 7th Resolutions that Donald L. Evans and Billie I. Williamson are the only current members of the Board that are disinterested with respect to any matter pertaining to the Chapter 11 Case on which an actual conflict exists between EFH, on the one hand, and any other Debtor, on the other hand ("Conflict Matters"), and were designated the Disinterested Directors ("Disinterested Directors") as set forth in *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters*, approved by the Bankruptcy Court on September 16, 2014 ("Stipulation");

WHEREAS, the members of the Board considered the Stipulation related to, among other things, the authority of the Disinterested Directors to retain independent legal counsel and other advisors under certain circumstances;

WHEREAS, the Board resolved by the November 7th Resolutions to delegate the authority to the Disinterested Directors to seek and retain, at EFH's sole expense, independent legal counsel and such other advisors ("Independent Advisors") as the Disinterested Directors deem necessary to represent and advise EFH, reporting to the Disinterested Directors, on the Conflict Matters;

WHEREAS, the Disinterested Directors interviewed and engaged certain Independent Advisors effective as of November 19, 2014 to represent and advise EFH, and reporting solely to the Disinterested Directors, as set forth herein; and

WHEREAS, pursuant to the Stipulation and Section 21.416 of the Texas Business Organizations Code, the members of the Board desire to delegate to the Disinterested Directors certain rights, authority, and powers in connection with Conflict Matters, among other matters set forth herein;

NOW, THEREFORE, BE IT,

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to review and act upon (as set forth herein) any Conflict Matters; and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to investigate and determine whether any matter constitutes a Conflict Matter, in the exercise of their business judgment and with the advice of the Independent Advisors, and any such determination shall be binding on EFH and EFH's subsidiaries (other than Energy Future Intermediate Holding Company LLC and its direct and indirect subsidiaries and

Energy Future Holdings Corp.
December 18, 2014

Energy Future Competitive Holdings Company LLC and its direct and indirect subsidiaries (the "Excluded Subsidiaries")); and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to make all decisions, and to implement or direct the implementation of all such decisions, in each case on EFH's behalf, with respect to Conflict Matters as the Disinterested Directors deem appropriate, in the exercise of their business judgment and with the advice of the Independent Advisors or others with whom the Disinterested Directors determine it is appropriate or necessary to consult, and to act on behalf of and bind EFH in connection therewith, including taking action on EFH's behalf, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, causing such subsidiaries (other than the Excluded Subsidiaries) to abide by and implement the decisions and actions of the Disinterested Directors with respect to Conflict Matters and the Disinterested Directors' determination of whether a matter constitutes a Conflict Matter; and further

RESOLVED that the Disinterested Directors will update the Board at board meetings on the status of their (i) review of and decisions on whether any matter constitutes a Conflict Matter, and (ii) review of and decisions on Conflict Matters, in each case in the manner that the Disinterested Directors determine is appropriate and necessary to fulfill their duties and obligations as the Disinterested Directors, taking into account the confidentiality or privilege of the Disinterested Directors' work and the advice of the Independent Advisors; and further

RESOLVED that EFH shall, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, direct and cause each of such subsidiaries (other than the Excluded Subsidiaries) to abide by and comply with these resolutions; and further

RESOLVED that the officers, employees, advisors and agents of EFH (collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons, be, and hereby are, directed to furnish to the Disinterested Directors and the Independent Advisors all information as the Disinterested Directors or the Independent Advisors may request, in a manner that shall not effect a waiver of any applicable privilege, and to cooperate with the Disinterested Directors and the Independent Advisors in all respects; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and hereby are, authorized, empowered and directed to implement any decision made by the Disinterested Directors in respect of a Conflict Matter on behalf of EFH as directed by the Disinterested Directors; provided that the Disinterested Directors retain the right to implement any such decision on behalf of EFH and its subsidiaries (other than the Excluded Subsidiaries) themselves or through the Independent Advisors; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and they hereby are, authorized, empowered and directed to take any and all action that they deem necessary or proper to assist the Disinterested Directors in carrying out the foregoing, in each case as requested by and under the direction of the Disinterested Directors; and further

RESOLVED that the Disinterested Directors shall control any attorney-client, work product, or other privilege belonging to EFH in connection with the Independent Advisors or their work or privileged communications on the Conflict Matters and on whether any matter constitutes a Conflict Matter; and further

RESOLVED that each member of the Board has agreed and hereby agrees that he or she shall not have access to, and shall not seek access to, and hereby directs that each Authorized Person shall not have access to and shall not seek access to, the work or privileged material of the Independent

2

Energy Future Holdings Corp.
December 18, 2014

Advisors on the Conflict Matters or on whether any matter constitutes a Conflict Matter, except as permitted by the Disinterested Directors; and further

RESOLVED that the Disinterested Directors be, and hereby are, authorized to take all such further action, at EFH's expense, as the Disinterested Directors shall deem necessary, proper or advisable consistent with these resolutions or in order to carry out fully the intent and purposes of these resolutions; and further

RESOLVED that all actions previously done or approved, or caused to be done or approved, by the Disinterested Directors or the Authorized Persons, including the retention of Independent Advisors, in each case only to the extent consistent with these resolutions, or to otherwise carry out the intent of these resolutions, be and hereby are approved, adopted, confirmed and ratified in all respects.

47349969v2

Energy Future Holdings Corp.
December 18, 2014

**Exhibit "B"** (to Engagement Letter)

Wiring Instructions

Please direct wire to:

| | |
|---|---|
| Account Name: | SOLIC Capital Advisors, LLC |
| Account Number: | 3800869411 |
| Bank: | Northern Trust Bank |
| Address: | 50 S. LaSalle, Chicago, IL 60675 |
| ABA#: | 071000152 |
| SWIFT: | CNORUS44 |
| | |
| Beneficiary Name: | SOLIC Capital Advisors, LLC |

Energy Future Holdings Corp.
December 18, 2014

**Exhibit "C"** (to Engagement Letter)

Standard Hourly Rates

| | |
|---|---|
| Senior Managing Directors | $750-895/hr |
| Managing Directors | $695-825/hr |
| Directors | $550-695/hr |
| Associate Directors | $450-550/hr |
| Managing Consultants | $350-450/hr |
| Consultants/Associates | $245-350/hr |
| Paraprofessionals | $95-125/hr |

Energy Future Holdings Corp.
December 18, 2014

**Exhibit "D" (to Engagement Letter)**

December 18, 2014

SOLIC Capital Advisors, LLC
1603 Orrington Avenue
Suite 1600
Evanston, IL 60201

Ladies and Gentlemen:

This agreement will confirm that Energy Future Holdings Corp. (the "Company"), has engaged SOLIC Capital Advisors, LLC ("SOLIC") to advise and assist it in connection with the matters referred to in our engagement letter, dated of even date herewith (the "Engagement Letter"). Capitalized terms used herein without definition shall have the meanings ascribed to them in the Engagement Letter. In connection with the terms of the Engagement Letter (the "Engagement"), the Company agrees to indemnify and hold harmless SOLIC and its affiliates and their respective members, officers, directors, employees and agents and each other person, if any, controlling SOLIC or any of its affiliates and their respective successors, assigns, independent contractors, agents, heirs and personal representatives (each referred to herein as a " SOLIC Indemnified Person") to the fullest extent permitted by law from and against any losses, claims, damages, obligations, penalties, judgments, awards, costs, disbursements or liabilities, including amounts paid in settlement (collectively, "Losses"), based upon, related to, arising out of or in connection the Engagement and will reimburse each SOLIC Indemnified Person for all expenses (including fees and expenses of counsel) ("Expenses") as they are incurred in connection with investigating, preparing, pursuing or defending any action, claim, suit, investigation, or proceeding related to, arising out of or in connection with the Engagement, whether or not pending or threatened and whether or not any SOLIC Indemnified Person is a party. Notwithstanding the foregoing, (i) in no event shall the Company be responsible for any Losses or Expenses that arise out of or in connection with the Engagement to the extent such Losses or Expenses are finally judicially determined to have resulted from the willful misconduct, bad faith or gross negligence of SOLIC or any other SOLIC Indemnified Person and (ii) if any SOLIC Indemnified Person to whom such Expenses have been advanced shall be determined pursuant to clause (i) to not be eligible for reimbursement of such Expenses, such SOLIC Indemnified Person shall promptly repay such expenses to the Company. If any litigation, investigation or proceeding is commenced as to which SOLIC proposes to demand indemnification, SOLIC will notify the Company with reasonable promptness; provided, however, that any failure by SOLIC to notify the Company will relieve the Company from their obligations hereunder only to the extent the Company have been materially prejudiced by such failure or delay.

The Company will, if requested by any SOLIC Indemnified Party, assume the defense of any proceeding in respect of which indemnity may be sought hereunder, including the employment of counsel reasonably satisfactory to SOLIC and the payment of the fees and expenses of such counsel, in which event, except as provided below, the Company shall not be liable for the fees and expenses of any other counsel retained by any SOLIC Indemnified Party in connection with such proceeding. In any such proceeding the defense of which the Company shall have so assumed, any SOLIC Indemnified Party shall have the right to participate in such Proceeding and to retain its own counsel, but the fees and expenses of such counsel shall be at the expense of such SOLIC Indemnified Party unless (i) the Company and such

47349969v2

Energy Future Holdings Corp.
December 18, 2014

SOLIC Indemnified Party shall have mutually agreed in writing to the retention of such counsel or (ii) the named parties to any such proceeding (including any impleaded parties) include such SOLIC Indemnified Party and representation of the Company and such SOLIC Indemnified Party by the same counsel would, in the opinion of counsel to such SOLIC Indemnified Party, be inappropriate due to actual or potential conflicts of interests between the Company and such SOLIC Indemnified Party, including situations in which there are one or more legal defenses available to the SOLIC Indemnified Party that are different from or additional to those available to the Company. The Company shall not be liable for any settlement of any proceeding effected without its written consent, such consent not to be unreasonably withheld, but if settled with such consent or if there is a final judgment against an SOLIC Indemnified Party, the Company agrees to indemnify the SOLIC Indemnified Party from and against any Loss by reason of such settlement or judgment.

If, for any reason, the foregoing indemnification is unavailable to any of the SOLIC Indemnified Parties or is insufficient to hold them harmless in respect of any Losses or Expenses, then the Company will contribute to the amount paid or payable by any of the SOLIC Indemnified Parties as a result of such Losses and Expenses in such proportion as is appropriate to reflect the relative benefits (or anticipated benefits) to the Company and the Disinterested Directors on the one hand and the SOLIC Indemnified Parties on the other hand, but also the relative fault of the Company and the Disinterested Directors, and their shareholders, members, agents and advisers (other than SOLIC) on the one hand and the SOLIC Indemnified Parties on the other hand, as well as any other relevant equitable considerations. The relative benefits received (or anticipated to be received) by the Company and the Disinterested Directors on the one hand and by the SOLIC Indemnified Parties on the other hand will be deemed to be in the same proportion as such benefit bears to the total fees paid to SOLIC pursuant to the Engagement Letter. The relative fault of any party or other person will be determined by reference to such party's or person's knowledge, access to information and opportunity to prevent or correct any misstatement, omission, misconduct or breach of duty. In no event will the amount required to be contributed by the SOLIC Indemnified Parties hereunder exceed the total amount of fees paid to SOLIC pursuant to the Engagement Letter. You and we agree that it would not be just and equitable if contribution were determined by pro rata allocation or by any other method of allocation which does not take account of the equitable considerations referred to above.

The reimbursement, indemnity and contribution obligations of the Company hereunder will (i) be in addition to any liability which the Company may otherwise have, (ii) survive the completion or termination of SOLIC's engagement under the Engagement Letter and (iii) shall be binding upon any successors and assigns of the Company.

The Company agree that without the prior written consent of SOLIC, the Company will not consent, settle, compromise, consent to the entry of any judgment in or otherwise seek to terminate any action, claims, suit or proceeding in respect of which indemnification may be sought hereunder (whether or not any SOLIC Indemnified Person is a party thereto) unless (i) such settlement, compromise, consent or termination includes an unconditional release of each SOLIC Indemnified Person from all claims and liabilities arising out of such action, claim, suit or proceeding and (ii) there is no statement in connection therewith as to an admission of fault, culpability or failure to act by or on behalf of any SOLIC Indemnified Party.

The provisions of this agreement shall apply to the Engagement and any modification thereof and shall remain in full force and effect regardless of any termination or the completion of your services under the Engagement Letter.

This agreement will be deemed made in New York. The validity and interpretation of this agreement will be governed by, and construed and enforced in accordance with, the laws of the State of New York applicable to agreements made and to be fully performed therein (excluding the conflicts of laws rules).

47349969v2

2

Energy Future Holdings Corp.
December 18, 2014

So long as the Case (as that term is defined in the Engagement Letter) is open, the Company and SOLIC irrevocably submit to the jurisdiction of the Bankruptcy Court with respect to any suit, action or proceeding arising out of the Engagement. However, once the Case is closed, the Company irrevocably submit to the jurisdiction of any court of the State of New York or the United States District Court of the Southern District of the State of New York (Manhattan Division) for the purpose of any suit, action or other proceeding arising out of this agreement which is brought by or against the Company. Each of the Company and SOLIC hereby knowingly, voluntarily and irrevocably waives any right it may have to a trial by jury in respect of any claim based upon, arising out of or in connection with this agreement.

Very truly yours,

ENERGY FUTURE HOLDINGS CORP.

By: /s/ Donald L. Evans
    Name:  Donald L. Evans
    Title:   Executive Chairman
          Board of Directors
          Energy Future Holdings Corp.

Date:  December 18, 2014

Accepted and agreed to:

SOLIC CAPITAL ADVISORS, LLC

By: /s/ Neil F. Luria
    Neil F. Luria
    Senior Managing Director

Date:  December 18, 2014



~~SOLIC Capital Advisors, LLC~~
~~1603 Orrington Avenue, Suite 1600~~
~~Evanston, Illinois  60201~~
~~847.583.1619   Phone~~
~~847.583.1426   Fax~~

1603 Orrington Avenue, Suite 1600
Evanston, Illinois  60201
847.583.1619   Phone
847.583.1426   Fax

December 18, 2014

**Personal and Confidential**
The Honorable Donald L. Evans
Executive Chairman
Board of Directors
Energy Future Holdings Corp.
1601 Bryan St., 41st Floor
Dallas, Texas 75201
dle@donevans34.com

Billie I. Williamson
Director
Board of Directors
Energy Future Holdings Corp.
1601 Bryan St., 41st Floor
Dallas, Texas 75201
billie.williamson@forresterco.com

Dear Mr. Evans and Ms. Williamson:

Subject to approval of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), this letter confirms the retention of SOLIC Capital Advisors, LLC ("SOLIC") by Energy Future Holdings Corp. (the "Company"), *nunc pro tunc* to December 18, 2014, in accordance with the terms set forth in this letter, pursuant to which SOLIC will provide to the Company, at the direction of its disinterested directors, Donald L. Evans and Billie I. Williamson (the "Disinterested Directors"), the services described below in connection with the Company's chapter 11 case (the "Case").

On April 29, 2014 (the "Commencement Date"), the Company commenced its Case by filing a voluntary petition for relief under chapter 11 title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court.  This engagement letter (this "Engagement Letter"), and SOLIC's obligations and responsibilities relating to this engagement (the "Engagement"), shall be effective as of December 18, 2014, subject to obtaining Bankruptcy Court approval in this Case; provided, however, that either party may, in its sole discretion and without any liability arising therefrom, terminate this Engagement in the event that (a) a final order authorizing the employment of SOLIC as financial advisors for the Company (the "Order") is not issued by the Bankruptcy Court in this Case on or before one hundred twenty (120) days from the date hereof on the terms and conditions set forth herein or on such other terms and conditions as are satisfactory to SOLIC, or (b) the application of the Company seeking the Order is denied

Energy Future Holdings Corp.
December 18, 2014

by the Bankruptcy Court in this Case.  In such event, the Company hereby agrees to withdraw, promptly upon SOLIC's request, any application filed or to be filed with the Bankruptcy Court to retain SOLIC's services in this Case.

Specifically, the terms and conditions of our engagement and the services that it is anticipated that SOLIC will provide are as follows:

1.  Services.  Pursuant to this Engagement, SOLIC will provide a variety of financial advisory and other services to the Company, at the direction of its Disinterested Directors, in connection with "Conflict Matters" as defined in and pursuant to the authority delegated to the Disinterested Directors pursuant to resolutions of the Company's Board of Directors attached hereto as <u>Exhibit A</u> (the "<u>Resolutions</u>"), including the determination by the Company's Disinterested Directors regarding whether any matter constitutes a Conflict Matter.  Such services will include:

   (a)  Reviewing bid procedures and progress in developing a plan of reorganization;
   (b)  reviewing inter-company claims between the Company and other affiliates;
   (c)  reviewing financial elements pertaining to key tax issues;
   (d)  reviewing financing proposals received to date and future financing needs of the Company; and
   (e)  such other matters as may be agreed upon which are consistent with SOLIC's experience.

   It is the parties' desire that SOLIC rely on the work of the Company's legal and other financial advisors to provide the basis of any reviews and analysis provided hereunder unless *de novo* analysis is required and approved by the Disinterested Directors.  For purposes hereof, "*de novo* analysis" shall mean any analysis where SOLIC is required to undertake independent review of source documentation or data (i.e., documents or data other than actual reports and analyses prepared by the Company's other advisors) or the development of new independent analyses as directed by the Disinterested Directors.  For the sake of clarification, any reviews performed by SOLIC on existing work product produced by the Company's legal and other financial advisors will not constitute *de novo* analysis.

2.  Information. In connection with SOLIC's activities hereunder, the Company agrees to cooperate with SOLIC and will use its good faith efforts to furnish to, or cause to be furnished to, SOLIC all information and data concerning the Company (the "Information") which SOLIC reasonably deems appropriate and will use its good faith efforts to assist SOLIC in obtaining access to the Company's officers, directors, employees and advisors, as necessary

   The Company acknowledges and agrees that the Company's management is responsible for supplying materially complete and accurate Information, representations, and books and records upon which we must rely in providing our services to the Company.  The Company agrees to promptly notify SOLIC if the Company believes that any Information which was previously provided to SOLIC has become materially misleading.  The Company acknowledges and agrees that, in rendering its services hereunder, SOLIC will be using and relying on Information (and information available from public sources and other sources deemed reliable by SOLIC) without independent verification thereof or independent appraisal or evaluation of the Company, or any other party.  SOLIC does not assume responsibility for the accuracy or completeness of Information or any other information regarding the Company.  SOLIC will have no obligation to update any report(s) that it may produce or to revise the information contained therein because

2

Energy Future Holdings Corp.
December 18, 2014

of events and transactions occurring subsequent thereto. It is further understood that any advice rendered by SOLIC pursuant to its Engagement hereunder, including any advice rendered during the course of participating in negotiations and meetings with the Company and its representatives, as well as any written materials provided by SOLIC, are intended solely for the benefit and use of the Company, its Disinterested Directors and professionals, and may not be relied upon by any other person or entity without SOLIC's prior written consent.

3.  Compensation.  In consideration of SOLIC's efforts, SOLIC shall be compensated as follows by the Company and/or from the Company's estate (subject to allowance and approval by the Bankruptcy Court):

SOLIC will be paid a monthly fixed fee payment of $200,000 (the "Monthly Fee"), via wire transfer per the wire instructions set forth on Exhibit B attached hereto, with the first payment (including the pro-rated Monthly Fee for the period December 18 through December 31, 2014 and any other accrued but unpaid Monthly Fees for periods thereafter) to be made upon the Court's approval of SOLIC's retention and, thereafter, in advance on the first day of each month during the term of our Engagement hereunder.  The parties hereto hereby agree that the Monthly Fee may be reviewed and potentially adjusted prospectively, if appropriate, based upon mutual agreement, taking into account, among other things, the contribution of SOLIC's professionals to the Case, the aggregate work performed over the course of the Engagement, and such other factors as may be mutually agreed upon, and as approved by the Bankruptcy Court, if necessary.

In addition to the Monthly Fees, if SOLIC is requested by the Company and the Disinterested Directors, to perform any "*de novo* analysis" or to provide litigation support or testimony (or support thereof) in support of any litigation matters, such services will be provided at SOLIC's standard billing rates as set forth on Exhibit C pursuant to a budget agreed upon by SOLIC and the Disinterested Directors on behalf of the Company and any such related fees and expenses will be subject to Bankruptcy Court approval and be paid in accordance with the following paragraph.

SOLIC will be reimbursed monthly for all of its reasonable and documented expenses and hourly fees, if any, related to this Engagement, including travel, document production, reasonable fees and expenses of our legal counsel (other than the cost of internal legal counsel), including amounts attributable to our obligation to respond to discovery requests, participate in depositions or appear in court in connection with services under this Engagement Letter, and other costs incurred in providing the services hereunder.

SOLIC understands that the Company will seek authorization of the Bankruptcy Court for it to fulfill its obligations under this Engagement Letter.

The Company has been informed that SOLIC intends to apply for compensation for professional services to be rendered in connection with this Case and for reimbursement of expenses incurred, in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware and any applicable order of the Bankruptcy Court (the "Payment Rules").  Payment of fees and reimbursement of expenses will be subject to ultimate allowance and approval by the Bankruptcy Court.  SOLIC will maintain internal time records for all work performed for the Company.  The request for Bankruptcy Court approval of our retention, and the proposed order to be submitted

3

Energy Future Holdings Corp.
December 18, 2014

in connection therewith, shall be provided to SOLIC prior to submission and must be acceptable to SOLIC in its sole discretion.

To the extent that, at any time during this Case, the Bankruptcy Court reviews any of the terms of this Engagement Letter, such review shall be subject to the standard of review of Section 328(a) of the Bankruptcy Code and the Payment Rules, and not subject to any other standard of review under Section 330 of the Bankruptcy Code. SOLIC will submit reasonably detailed invoices and statements of expenses to the Company in accordance with that certain *Order Establishing Professional Interim Compensation Procedures* entered in the Case. Because SOLIC does not ordinarily maintain contemporaneous time records in one-tenth hour (0.1) increments, the Company agrees to request that SOLIC be excused from compliance with such requirements and should be required only to maintain time records in half-hour (0.50) increments setting forth, in a summary format, a description of services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Company.

In agreeing to these provisions, the Company acknowledges that it believes that our general restructuring experience and expertise will inure to the benefit of the Company and that the value to the Company and/or its constituents derives in substantial part from that expertise and experience and that, accordingly, the structure and amount of fees above are reasonable, regardless of the number of hours to be expended by our professionals in the performance of the services to be provided hereunder.

4.  **Termination.** SOLIC's engagement hereunder may be terminated by either the Company or SOLIC at any time, with or without cause, upon 30 days' written notice to the other party; provided, however, that no such termination will affect SOLIC's right to expense reimbursement or the payment of any accrued and unpaid fees pursuant to Section 3 hereof or the Indemnity Agreement (as defined below), and the provisions related thereto contained in this Engagement Letter will survive the expiration or termination of this engagement. Furthermore, if the Order is not obtained, or is later reversed or set aside for any reason, SOLIC may terminate this Engagement Letter and SOLIC shall be reimbursed for all fees and expenses reasonably incurred prior to the date of expiration or termination.

5.  **Collection.** In the event SOLIC prevails in any action to enforce collection of amounts due or other rights under this Engagement Letter, SOLIC's reasonable legal fees and other collection costs incurred by SOLIC, plus interest on amounts otherwise due but unpaid at the prime rate (Bank of America prime) plus 2 percent until paid, shall be paid by the Company and/or the Company's estate.

6.  **Governing Law.** This Engagement Letter will be deemed made in New York and will be governed by the laws of the State of New York. The Company and SOLIC irrevocably submit to the jurisdiction of the Bankruptcy Court as long as the Case is open, and once the Case is closed, to any court of the State of New York or the United States District Court for the Southern District of New York (Manhattan Division), for the purpose of any suit, action or other proceeding arising out of this Engagement Letter, or any of the agreements or transactions contemplated hereby, which is brought by or against the Company and SOLIC hereby knowingly, voluntarily and irrevocably waives any right it may have to a trial by jury in respect of any claim based upon, arising out of or in connection with, this Engagement Letter and the transactions contemplated hereby). SOLIC will act under this Engagement Letter as an

4

Energy Future Holdings Corp.
December 18, 2014

independent contractor with duties solely to the Company. Because we will be acting on the Company's behalf in this capacity, it is our practice to receive indemnification. A copy of our standard indemnity form is attached hereto as Exhibit D ("Indemnity Agreement"). The terms of the Indemnity Agreement are incorporated by reference into this Engagement Letter. In no event will SOLIC's liability in connection with this Engagement Letter exceed the total fees paid to SOLIC hereunder. In no event shall SOLIC, the Company or their respective personnel be liable for consequential, special, indirect, incidental, punitive or exemplary loss, damage or expense relating to this Engagement.

7. **Successors and Assigns.** This Engagement Letter shall be binding upon and inure to the benefit of the parties hereto, their respective successors and assigns. Neither party may delegate or assign its rights or obligations under this Engagement Letter without the written consent of the other party.

8. **Review.** The services to be provided by SOLIC hereunder will not constitute (a) a fairness or solvency opinion or (b) a compilation, examination, review or audit of any entity's information, financial or otherwise, historical or prospective, as described in the pronouncements on professional standards issued by the American Institute of Certified Public Accountants. In addition, SOLIC does not make any predictions or provide any opinions or other assurances concerning the outcome of future events, including, without limitation, those that pertain to the operating results of any entity, the achievability of any business plan, the success of any investment, the recovery of any asset, or the ability to pay any debt. SOLIC reserves the right to issue a tombstone announcement with respect to SOLIC's involvement in connection with the Engagement consistent with the Order.

9. **Limitations.** This Engagement Letter does not create, and will not be construed as creating, rights enforceable by any person or entity not a party hereto, except those entitled thereto by virtue of the Indemnity Agreement. The Company acknowledges and agrees that (a) SOLIC will act as an independent contractor and is being retained solely to assist the Company and the Disinterested Directors and, unless separately requested by the Company, that SOLIC is not being retained to provide a formal opinion as to any possible restructuring or outcome, (b) nothing in this Engagement Letter or in the nature of services in connection with the Engagement or otherwise shall be deemed to create a fiduciary duty or fiduciary or agency relationship between SOLIC and the Company, or any other party, (c) SOLIC is a professional advisor to the Company and is not and will have no duties or liabilities to the equityholders or creditors of the Company, any affiliate of the Company or any other person by virtue of this Engagement Letter and the retention of SOLIC hereunder (other than as set forth herein), all of which duties and liabilities are hereby expressly waived, and (d) any advice rendered by SOLIC does not constitute a recommendation to any creditor or stakeholder that such creditor or stakeholder might or should take in connection with a possible restructuring; provided, however, this clause (d) shall not apply to the advice rendered by SOLIC to the Disinterested Directors as part of the services provided under the terms of this Engagement Letter. Neither equityholders nor creditors of the Company are intended beneficiaries hereunder. The Company recognizes and acknowledges that by performing the services set forth in this Engagement Letter, SOLIC is not acting in any management capacity and that Company has not requested SOLIC to make, nor has SOLIC agreed to make, any business decisions on behalf of the Company. All decisions about the business of the Company remain the sole responsibility of the Company (and to the extent applicable, the Disinterested Directors). The Company and each Disinterested Director hereby

47349969v2

Energy Future Holdings Corp.
December 18, 2014

expressly acknowledges that SOLIC does not guarantee, warrant, or otherwise provide any assurances that the Company will restructure successfully.  SOLIC is not a law, accounting, tax, or actuarial firm and will not be providing any legal, accounting, tax advice, or actuarial services hereunder.  In addition, the Company confirms that it will rely on its own counsel for legal advice.  SOLIC's services are not designed, nor should they be relied upon, to disclose internal weaknesses in internal controls, financial statement errors, irregularities, illegal acts or disclosure deficiencies.

10.   Counterparts.  This Engagement Letter, and any modification or amendment thereto, may be executed in counterparts, each of which will be deemed an original and all of which will constitute one and the same instrument.

11.   Notices.  All correspondence and notices shall be sent to the parties as listed hereafter or to such other persons or addresses as may be given by one party to the other, and will be deemed effective the earlier of actual delivery or three days after mailing.

Personal and Confidential

The Honorable Donald L. Evans
Executive Chairman
Energy Future Holdings Corp.
1601 Bryan St., 41st Floor
Dallas, Texas 75201

with a copy to:

General Counsel
Energy Future Holdings Corp.
1601 Bryan St., 41st Floor
Dallas, Texas 75201

Neil F. Luria
Senior Managing Director
SOLIC Capital Advisors, LLC
1603 Orrington Avenue
Suite 1600
Evanston, IL  60201

13.  Entire Agreement.  This Engagement Letter is the entire agreement between the parties pertaining to its or their subject matter and supersedes all prior agreements, representations and understandings of the parties.  No modification of this Engagement Letter shall be binding unless agreed to in writing by the parties.

14.  Retention Application.  The Company agrees to file the necessary retention applications in the Bankruptcy Court in order to properly retain SOLIC in accordance with the terms set forth in this letter.

47349969v2

Energy Future Holdings Corp.
December 18, 2014

If this Engagement Letter meets with your approval, please indicate your consent and agreement to be bound by the terms of this Engagement Letter by executing the attached copy and forwarding it to me.

Very truly yours,

SOLIC CAPITAL ADVISORS, LLC

By: _/s/ Neil F. Luria_____
      Neil F. Luria
      Senior Managing Director

ACKNOWLEDGED AND AGREED:

ENERGY FUTURE HOLDINGS CORP.

By: _/s/ Donald L. Evans_____
      Donald L. Evans
      Executive Chairman
      Board of Directors
      Energy Future Holdings Corp.

Date: December 18, 2014

7

Energy Future Holdings Corp.
December 18, 2014

**Exhibit "A"** (to Engagement Letter)

Energy Future Holdings Corp.
December 18, 2014

## ENERGY FUTURE HOLDINGS CORP. ("EFH")
### BOARD OF DIRECTORS RESOLUTIONS
### DECEMBER 9, 2014

The following recitals and resolutions supplement the Board of Directors Resolutions dated as of November 7, 2014 ("November 7th Resolutions") and, in the event of any inconsistency, these resolutions shall supersede and control.

WHEREAS, EFH and certain of its direct and indirect subsidiaries (excluding Oncor Electric Delivery Holdings Company LLC and its subsidiaries), including TCEH (the "Debtors") on April 29, 2014, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Chapter 11 Case") in the Bankruptcy Court for the District of Delaware ("Bankruptcy Court");

WHEREAS, the members of the Board of Directors of EFH ("Board") having relationships or interests with other affiliated or related companies and their direct or indirect equity holders and other material relationships have disclosed certain facts that they believe to be material to the Board;

WHEREAS, as described in the material presented and reviewed by the Board and based on a review of the known facts and circumstances, the Board has determined and confirmed by the November 7th Resolutions that Donald L. Evans and Billie I. Williamson are the only current members of the Board that are disinterested with respect to any matter pertaining to the Chapter 11 Case on which an actual conflict exists between EFH, on the one hand, and any other Debtor, on the other hand ("Conflict Matters"), and were designated the Disinterested Directors ("Disinterested Directors") as set forth in *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters*, approved by the Bankruptcy Court on September 16, 2014 ("Stipulation");

WHEREAS, the members of the Board considered the Stipulation related to, among other things, the authority of the Disinterested Directors to retain independent legal counsel and other advisors under certain circumstances;

WHEREAS, the Board resolved by the November 7th Resolutions to delegate the authority to the Disinterested Directors to seek and retain, at EFH's sole expense, independent legal counsel and such other advisors ("Independent Advisors") as the Disinterested Directors deem necessary to represent and advise EFH, reporting to the Disinterested Directors, on the Conflict Matters;

WHEREAS, the Disinterested Directors interviewed and engaged certain Independent Advisors effective as of November 19, 2014 to represent and advise EFH, and reporting solely to the Disinterested Directors, as set forth herein; and

WHEREAS, pursuant to the Stipulation and Section 21.416 of the Texas Business Organizations Code, the members of the Board desire to delegate to the Disinterested Directors certain rights, authority, and powers in connection with Conflict Matters, among other matters set forth herein;

NOW, THEREFORE, BE IT,

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to review and act upon (as set forth herein) any Conflict Matters; and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to investigate and determine whether any matter constitutes a Conflict Matter, in the exercise of their business judgment and with the advice of the Independent Advisors, and any such determination shall be binding on EFH and EFH's subsidiaries (other than

Energy Future Holdings Corp.
December 18, 2014

Energy Future Intermediate Holding Company LLC and its direct and indirect subsidiaries and Energy Future Competitive Holdings Company LLC and its direct and indirect subsidiaries (the "Excluded Subsidiaries")); and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to make all decisions, and to implement or direct the implementation of all such decisions, in each case on EFH's behalf, with respect to Conflict Matters as the Disinterested Directors deem appropriate, in the exercise of their business judgment and with the advice of the Independent Advisors or others with whom the Disinterested Directors determine it is appropriate or necessary to consult, and to act on behalf of and bind EFH in connection therewith, including taking action on EFH's behalf, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, causing such subsidiaries (other than the Excluded Subsidiaries) to abide by and implement the decisions and actions of the Disinterested Directors with respect to Conflict Matters and the Disinterested Directors' determination of whether a matter constitutes a Conflict Matter; and further

RESOLVED that the Disinterested Directors will update the Board at board meetings on the status of their (i) review of and decisions on whether any matter constitutes a Conflict Matter, and (ii) review of and decisions on Conflict Matters, in each case in the manner that the Disinterested Directors determine is appropriate and necessary to fulfill their duties and obligations as the Disinterested Directors, taking into account the confidentiality or privilege of the Disinterested Directors' work and the advice of the Independent Advisors; and further

RESOLVED that EFH shall, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, direct and cause each of such subsidiaries (other than the Excluded Subsidiaries) to abide by and comply with these resolutions; and further

RESOLVED that the officers, employees, advisors and agents of EFH (collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons, be, and hereby are, directed to furnish to the Disinterested Directors and the Independent Advisors all information as the Disinterested Directors or the Independent Advisors may request, in a manner that shall not effect a waiver of any applicable privilege, and to cooperate with the Disinterested Directors and the Independent Advisors in all respects; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and hereby are, authorized, empowered and directed to implement any decision made by the Disinterested Directors in respect of a Conflict Matter on behalf of EFH as directed by the Disinterested Directors; provided that the Disinterested Directors retain the right to implement any such decision on behalf of EFH and its subsidiaries (other than the Excluded Subsidiaries) themselves or through the Independent Advisors; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and they hereby are, authorized, empowered and directed to take any and all action that they deem necessary or proper to assist the Disinterested Directors in carrying out the foregoing, in each case as requested by and under the direction of the Disinterested Directors; and further

RESOLVED that the Disinterested Directors shall control any attorney-client, work product, or other privilege belonging to EFH in connection with the Independent Advisors or their work or privileged communications on the Conflict Matters and on whether any matter constitutes a Conflict Matter; and further

RESOLVED that each member of the Board has agreed and hereby agrees that he or she shall not have access to, and shall not seek access to, and hereby directs that each Authorized Person shall not have access to and shall not seek access to, the work or privileged material of the Independent

2

Energy Future Holdings Corp.
December 18, 2014

Advisors on the Conflict Matters or on whether any matter constitutes a Conflict Matter, except as permitted by the Disinterested Directors; and further

RESOLVED that the Disinterested Directors be, and hereby are, authorized to take all such further action, at EFH's expense, as the Disinterested Directors shall deem necessary, proper or advisable consistent with these resolutions or in order to carry out fully the intent and purposes of these resolutions; and further

RESOLVED that all actions previously done or approved, or caused to be done or approved, by the Disinterested Directors or the Authorized Persons, including the retention of Independent Advisors, in each case only to the extent consistent with these resolutions, or to otherwise carry out the intent of these resolutions, be and hereby are approved, adopted, confirmed and ratified in all respects.

3

Energy Future Holdings Corp.
December 18, 2014

**Exhibit "B"** (to Engagement Letter)

Wiring Instructions

Please direct wire to:

|                   |                                 |
|-------------------|---------------------------------|
| Account Name:     | SOLIC Capital Advisors, LLC     |
| Account Number:   | 3800869411                      |
| Bank:             | Northern Trust Bank             |
| Address:          | 50 S. LaSalle, Chicago, IL 60675 |
| ABA#:             | 071000152                       |
| SWIFT:            | CNORUS44                        |
|                   |                                 |
| Beneficiary Name: | SOLIC Capital Advisors, LLC     |

Energy Future Holdings Corp.
December 18, 2014

**Exhibit "C"** (to Engagement Letter)

Standard Hourly Rates

| | |
|---|---|
| Senior Managing Directors | $750-895/hr |
| Managing Directors | $695-825/hr |
| Directors | $550-695/hr |
| Associate Directors | $450-550/hr |
| Managing Consultants | $350-450/hr |
| Consultants/Associates | $245-350/hr |
| Paraprofessionals | $95-125/hr |

Energy Future Holdings Corp.
December 18, 2014

**Exhibit "D" (to Engagement Letter)**

December 18, 2014

SOLIC Capital Advisors, LLC
1603 Orrington Avenue
Suite 1600
Evanston, IL 60201

Ladies and Gentlemen:

This agreement will confirm that Energy Future Holdings Corp. (the "Company"), has engaged SOLIC Capital Advisors, LLC ("SOLIC") to advise and assist it in connection with the matters referred to in our engagement letter, dated of even date herewith (the "Engagement Letter"). Capitalized terms used herein without definition shall have the meanings ascribed to them in the Engagement Letter. In connection with the terms of the Engagement Letter (the "Engagement"), the Company agrees to indemnify and hold harmless SOLIC and its affiliates and their respective members, officers, directors, employees and agents and each other person, if any, controlling SOLIC or any of its affiliates and their respective successors, assigns, independent contractors, agents, heirs and personal representatives (each referred to herein as a " SOLIC Indemnified Person") to the fullest extent permitted by law from and against any losses, claims, damages, obligations, penalties, judgments, awards, costs, disbursements or liabilities, including amounts paid in settlement (collectively, "Losses"), based upon, related to, arising out of or in connection the Engagement and will reimburse each SOLIC Indemnified Person for all expenses (including fees and expenses of counsel) ("Expenses") as they are incurred in connection with investigating, preparing, pursuing or defending any action, claim, suit, investigation, or proceeding related to, arising out of or in connection with the Engagement, whether or not pending or threatened and whether or not any SOLIC Indemnified Person is a party. Notwithstanding the foregoing, (i) in no event shall the Company be responsible for any Losses or Expenses that arise out of or in connection with the Engagement to the extent such Losses or Expenses are finally judicially determined to have resulted from the willful misconduct, bad faith or gross negligence of SOLIC or any other SOLIC Indemnified Person and (ii) if any SOLIC Indemnified Person to whom such Expenses have been advanced shall be determined pursuant to clause (i) to not be eligible for reimbursement of such Expenses, such SOLIC Indemnified Person shall promptly repay such expenses to the Company. If any litigation, investigation or proceeding is commenced as to which SOLIC proposes to demand indemnification, SOLIC will notify the Company with reasonable promptness; provided, however, that any failure by SOLIC to notify the Company will relieve the Company from their obligations hereunder only to the extent the Company have been materially prejudiced by such failure or delay.

The Company will, if requested by any SOLIC Indemnified Party, assume the defense of any proceeding in respect of which indemnity may be sought hereunder, including the employment of counsel reasonably satisfactory to SOLIC and the payment of the fees and expenses of such counsel, in which event, except as provided below, the Company shall not be liable for the fees and expenses of any other counsel retained by any SOLIC Indemnified Party in connection with such proceeding. In any such proceeding the defense of which the Company shall have so assumed, any SOLIC Indemnified Party shall have the right to participate in such Proceeding and to retain its own counsel, but the fees and expenses of such counsel shall be at the expense of such SOLIC Indemnified Party unless (i) the Company and such

Energy Future Holdings Corp.
December 18, 2014

SOLIC Indemnified Party shall have mutually agreed in writing to the retention of such counsel or (ii) the named parties to any such proceeding (including any impleaded parties) include such SOLIC Indemnified Party and representation of the Company and such SOLIC Indemnified Party by the same counsel would, in the opinion of counsel to such SOLIC Indemnified Party, be inappropriate due to actual or potential conflicts of interests between the Company and such SOLIC Indemnified Party, including situations in which there are one or more legal defenses available to the SOLIC Indemnified Party that are different from or additional to those available to the Company. The Company shall not be liable for any settlement of any proceeding effected without its written consent, such consent not to be unreasonably withheld, but if settled with such consent or if there is a final judgment against an SOLIC Indemnified Party, the Company agrees to indemnify the SOLIC Indemnified Party from and against any Loss by reason of such settlement or judgment.

If, for any reason, the foregoing indemnification is unavailable to any of the SOLIC Indemnified Parties or is insufficient to hold them harmless in respect of any Losses or Expenses, then the Company will contribute to the amount paid or payable by any of the SOLIC Indemnified Parties as a result of such Losses and Expenses in such proportion as is appropriate to reflect the relative benefits (or anticipated benefits) to the Company and the Disinterested Directors on the one hand and the SOLIC Indemnified Parties on the other hand, but also the relative fault of the Company and the Disinterested Directors, and their shareholders, members, agents and advisers (other than SOLIC) on the one hand and the SOLIC Indemnified Parties on the other hand, as well as any other relevant equitable considerations. The relative benefits received (or anticipated to be received) by the Company and the Disinterested Directors on the one hand and by the SOLIC Indemnified Parties on the other hand will be deemed to be in the same proportion as such benefit bears to the total fees paid to SOLIC pursuant to the Engagement Letter. The relative fault of any party or other person will be determined by reference to such party's or person's knowledge, access to information and opportunity to prevent or correct any misstatement, omission, misconduct or breach of duty. In no event will the amount required to be contributed by the SOLIC Indemnified Parties hereunder exceed the total amount of fees paid to SOLIC pursuant to the Engagement Letter. You and we agree that it would not be just and equitable if contribution were determined by pro rata allocation or by any other method of allocation which does not take account of the equitable considerations referred to above.

The reimbursement, indemnity and contribution obligations of the Company hereunder will (i) be in addition to any liability which the Company may otherwise have, (ii) survive the completion or termination of SOLIC's engagement under the Engagement Letter and (iii) shall be binding upon any successors and assigns of the Company.

The Company agree that without the prior written consent of SOLIC, the Company will not consent, settle, compromise, consent to the entry of any judgment in or otherwise seek to terminate any action, claims, suit or proceeding in respect of which indemnification may be sought hereunder (whether or not any SOLIC Indemnified Person is a party thereto) unless (i) such settlement, compromise, consent or termination includes an unconditional release of each SOLIC Indemnified Person from all claims and liabilities arising out of such action, claim, suit or proceeding and (ii) there is no statement in connection therewith as to an admission of fault, culpability or failure to act by or on behalf of any SOLIC Indemnified Party.

The provisions of this agreement shall apply to the Engagement and any modification thereof and shall remain in full force and effect regardless of any termination or the completion of your services under the Engagement Letter.

This agreement will be deemed made in New York. The validity and interpretation of this agreement will be governed by, and construed and enforced in accordance with, the laws of the State of New York applicable to agreements made and to be fully performed therein (excluding the conflicts of laws rules).

Energy Future Holdings Corp.
December 18, 2014

So long as the Case (as that term is defined in the Engagement Letter) is open, the Company and SOLIC irrevocably submit to the jurisdiction of the Bankruptcy Court with respect to any suit, action or proceeding arising out of the Engagement. However, once the Case is closed, the Company irrevocably submit to the jurisdiction of any court of the State of New York or the United States District Court of the Southern District of the State of New York (Manhattan Division) for the purpose of any suit, action or other proceeding arising out of this agreement which is brought by or against the Company. Each of the Company and SOLIC hereby knowingly, voluntarily and irrevocably waives any right it may have to a trial by jury in respect of any claim based upon, arising out of or in connection with this agreement.

Very truly yours,

ENERGY FUTURE HOLDINGS CORP.

By: /s/ Donald L. Evans
     Name:  Donald L. Evans
     Title:    Executive Chairman
             Board of Directors
             Energy Future Holdings Corp.

Date:  December 18, 2014

Accepted and agreed to:

SOLIC CAPITAL ADVISORS, LLC

By: /s/ Neil F. Luria
     Neil F. Luria
     Senior Managing Director

Date:  December 18, 2014

47349969v2                                3

## **Exhibit C**

[Detailed Description of Services Provided]

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| 5/1/2016 | Luria, Neil | 705 - Plan Development and Testimony | 0.50 |
| | | Attention to review of updated Plan document and other related exhibits. | |
| 5/1/2016 | Luria, Neil | 705 - Plan Development and Testimony | 1.00 |
| | | Attention to review of valuation metrics. | |
| 5/1/2016 | Luria, Neil | 705 - Plan Development and Testimony | 1.00 |
| | | Attention to review of various summaries of transaction and review of financial waterfalls. | |
| 5/2/2016 | Luria, Neil | 710 - Bid Review 2016 | 2.50 |
| | | Attention to review of NextEra term sheet and implications with respect to potential net distributable proceeds. | |
| 5/2/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to various discussions with counsel on update matters pertaining to Plan B and alternative proposals. | |
| 5/2/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 3.50 |
| | | Attention to review of investment proposals and analysis of same. | |
| 5/2/2016 | Nowitz, Raoul | 765 - Presentation Development | 3.00 |
| | | Attention to review and update of materials for potential discussion with DDs | |
| 5/2/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of latest cash analysis with analysis of latest deducts in light of Plan discussions. | |
| 5/2/2016 | Nowitz, Raoul | 765 - Presentation Development | 1.00 |
| | | Attention to review of latest edits to presentation analysis. | |
| 5/2/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to various discussions with counsel on update matters pertaining to Plan B and alternative proposals. | |
| 5/2/2016 | Cumbee, Matthew | 765 - Presentation Development | 4.00 |
| | | Attention to continued development of presentation regarding utility sector trends | |
| 5/2/2016 | Cumbee, Matthew | 765 - Presentation Development | 4.00 |
| | | Attention to continued update of select Oncor financial analyses | |
| 5/2/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of the latest cash at emergence analysis | |
| 5/3/2016 | Luria, Neil | 750 - Travel Time | 4.00 |
| | | Attention to travel to Dallas for meetings with DDAs. | |
| 5/3/2016 | Nowitz, Raoul | 750 - Travel Time | 4.00 |
| | | Attention to travel to Dallas for DDA meetings and board meeting. | |
| 5/3/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to meeting with DDAs and Co-CROs with post meeting follow-up. | |
| 5/3/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.50 |
| | | Attention to further review of new proposals received | |
| 5/3/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to various discussions with counsel and other DDAs | |
| 5/3/2016 | Luria, Neil | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to meetings at Energy Plaza in Dallas with Disinterested Director Advisors. | |
| 5/3/2016 | Cumbee, Matthew | 750 - Travel Time | 4.00 |
| | | Attention to travel from Chicago to Dallas for DDA meetings | |
| 5/3/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 1.00 |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to various discussions with counsel and other DDAs | |
| 5/3/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to meeting with DDAs and Co-CROs with post meeting follow-up. | |
| 5/3/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of updated cash and claims balances | |
| 5/3/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to further review of cash and claims balances and impact on the waterfall/recovery model | |
| 5/3/2016 | Luria, Neil | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to meeting with DDAs and Co-CROs in Dallas. | |
| 5/4/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to discussions with counsel and other DDAs ahead of board meeting. | |
| 5/4/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 1.00 |
| | | Attention to further review of new proposals received and discussions with other DDA FAs regarding same. | |
| 5/4/2016 | Nowitz, Raoul | 729 - EFH Board Meeting Attendance | 1.50 |
| | | Attention to attendance at in-person board meeting in Dallas including post board meeting follow-up. | |
| 5/4/2016 | Nowitz, Raoul | 750 - Travel Time | 4.00 |
| | | Attention to return travel post in-person board meeting in Dallas. | |
| 5/4/2016 | Luria, Neil | 729 - EFH Board Meeting Attendance | 1.50 |
| | | Attention to participation at EFH Board meeting in Dallas. | |
| 5/4/2016 | Cumbee, Matthew | 750 - Travel Time | 4.00 |
| | | Attention to return trip from Dallas to Chicago | |
| 5/4/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 2.00 |
| | | Attention to discussions with counsel and other DDAs ahead of board meeting. | |
| 5/4/2016 | Luria, Neil | 718 - Meeting with counsel and with other | 2.50 |
| | | Attention to meetings with DDA's regarding Plan and bids. | |
| 5/5/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of Evercore calculations related to NextEra unsolicited offer. | |
| 5/5/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.50 |
| | | Attention to further review of bids and responses to client enquiries | |
| 5/5/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of board materials post board meeting on operational updates | |
| 5/5/2016 | Nowitz, Raoul | 730 - Project Management and Support | 2.00 |
| | | Attention to review of work plan in light of Plan B initiatives and discussions with team on same. | |
| 5/5/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.50 |
| | | Attention to assessment of bid contingencies and impact on recoverable value. | |
| 5/5/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 2.00 |
| | | Attention to further review of bids and responses to client enquiries | |
| 5/6/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.00 |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to comparison of current bids compared to round II bids from summer 2015 | |
| 5/6/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to further review of cash balances and proforma adjustments in the context of projected cash balances at emergence | |
| 5/6/2016 | Luria, Neil | 710 - Bid Review 2016 | 0.50 |
| | | Attention to review of Chapter 11 Plan and potential waterfall implications. | |
| 5/6/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 3.50 |
| | | Attention to developing comparative analysis of current bids with bids received in the last round | |
| 5/6/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of NextEra proposal and waterfall calculations. | |
| 5/6/2016 | Luria, Neil | 710 - Bid Review 2016 | 0.50 |
| | | Attention to review of potential implications of NextEra bid. | |
| 5/9/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.50 |
| | | Attention to further review of bid information on bids that have been received. | |
| 5/9/2016 | Nowitz, Raoul | 730 - Project Management and Support | 1.00 |
| | | Attention to updating of June 2016 budget and task code descriptions. | |
| 5/9/2016 | Luria, Neil | 705 - Plan Development and Testimony | 1.00 |
| | | Attention to review of potential valuation issues related to Plan B. | |
| 5/9/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 3.50 |
| | | Attention to further update of the comparative bid analysis | |
| 5/10/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 2.50 |
| | | Attention to review of dataroom postings ahead of Board call. | |
| 5/10/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 4.00 |
| | | Attention to review of updated TCEH valuation analysis and select financial valuation analysis and liquidation analyses. | |
| 5/10/2016 | Nowitz, Raoul | 729 - EFH Board Meeting Attendance | 1.00 |
| | | Attention to attendance on board call. | |
| 5/10/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of materials post board-call in light of information provided on call. | |
| 5/10/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to a call with Evercore to discuss materials presented in the Board meeting | |
| 5/10/2016 | Cumbee, Matthew | 765 - Presentation Development | 4.00 |
| | | Attention to continued update of various Oncor financial analyses | |
| 5/10/2016 | Cumbee, Matthew | 729 - EFH Board Meeting Attendance | 1.00 |
| | | Attention to attendance on EFH Board call | |
| 5/11/2016 | Luria, Neil | 705 - Plan Development and Testimony | 2.50 |
| | | Attention to review of Evercore valuation analysis from board presentation and related backup. | |
| 5/11/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to further review of revised Evercore TCEH valuation analysis and step-up value implications. | |
| 5/11/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 3.50 |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to further review of Evercore Oncor valuation analysis including review of WACC and cost of capital build-up and comparison against prior analysis. | |
| 5/11/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 3.00 |
| | | Attention to further review of Evercore Oncor comparable company and precedent transaction valuation analysis and comparison to prior analyses. | |
| 5/11/2016 | Cumbee, Matthew | 765 - Presentation Development | 3.50 |
| | | Attention to continued update of various Oncor financial analyses | |
| 5/11/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 3.00 |
| | | Attention to review of Evercore materials relating to potential Oncor valuation ranges | |
| 5/12/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of Q1 2016 EFH and EFIH cash and EBITDA variance analysis. | |
| 5/12/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of Oncor Mar 2016 Operating Report for EFH | |
| 5/12/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 0.50 |
| | | Attention to review of TCEH Q1 DIP report. | |
| 5/12/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 0.50 |
| | | Attention to review of EFIH DIP Budget variance report | |
| 5/12/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to dataroom postings folder 1.1.4.27 Q1 2016 QMM Presentations | |
| 5/12/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of Cumulative NOL analysis as of 12/31/16 as posted in the dataroom | |
| 5/12/2016 | Luria, Neil | 705 - Plan Development and Testimony | 2.00 |
| | | Attention to review of Evercore valuation materials. | |
| 5/12/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 4.00 |
| | | Attention to continued review of the Evercore materials regarding potential Oncor valuation ranges | |
| 5/12/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of items posted to the dataroom, including the Q1 2016 QMM Presentations | |
| 5/12/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of Q1 2016 EFH and EFIH cash and EBITDA variance analysis. | |
| 5/12/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of Cumulative NOL analysis as of 12/31/16 as posted in the dataroom | |
| 5/12/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of Oncor Mar 2016 Operating Report for EFH | |
| 5/12/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of TCEH Q1 DIP report. | |
| 5/13/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 3.00 |
| | | Attention to review of latest EFH financial projections and comparison to prior versions. | |
| 5/13/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of bonus depreciation changes and related impact on financial model and valuation. | |
| 5/13/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 2.50 |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to review of Evercore Oncor valuation summary football field analysis and basis of composition of indicative ranges of valuation. | |
| 5/13/2016 | Nowitz, Raoul | 730 - Project Management and Support | 1.00 |
| | | Attention to review of latest draft invoice and expense prior to submission. | |
| 5/13/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to further review of correspondence from counsel on NOL build-up schedule in dataroom. | |
| 5/13/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to further NOL analysis to understand potential excess NOL availability. | |
| 5/14/2016 | Nowitz, Raoul | 730 - Project Management and Support | 2.00 |
| | | Attention to work plan review and upcoming work streams/team allocation. | |
| 5/15/2016 | Luria, Neil | 750 - Travel Time | 4.00 |
| | | Attention to travel to New York City for Evercore meetings. | |
| 5/16/2016 | Nowitz, Raoul | 750 - Travel Time | 4.00 |
| | | Attention to travel from New York for meeting with Evercore | |
| 5/16/2016 | Nowitz, Raoul | 750 - Travel Time | 4.00 |
| | | Attention to travel to New York for meeting with Evercore | |
| 5/16/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to update in-person meeting with Evercore including review of Evercore valuation. | |
| 5/16/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of materials post discussion with Evercore. | |
| 5/16/2016 | Luria, Neil | 705 - Plan Development and Testimony | 1.00 |
| | | Attention to review of Evercore materials regarding NEE. | |
| 5/16/2016 | Luria, Neil | 718 - Meeting with counsel and with other | 1.50 |
| | | Attention to participation in meeting at Evercore's offices in NY to review current status of deal. | |
| 5/16/2016 | Cumbee, Matthew | 750 - Travel Time | 4.00 |
| | | Attention to return trip from New York to Chicago | |
| 5/16/2016 | Cumbee, Matthew | 750 - Travel Time | 4.00 |
| | | Attention to travel from Chicago to New York for meetings with Evercore | |
| 5/16/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 1.50 |
| | | Attention to in-person meeting with Evercore including review of Evercore valuation. | |
| 5/16/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of EFIH DIP Budget variance report | |
| 5/16/2016 | Luria, Neil | 705 - Plan Development and Testimony | 1.00 |
| | | Attention to review of Evercore valuation materials in advance of Evercore meeting. | |
| 5/17/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.50 |
| | | Attention to further review and comparison of key financial projections relative to prior version. | |
| 5/17/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to further review of Evercore DCF, comparable company and comparable transaction analyses. | |
| 5/17/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to review and discussion of financial analysis materials of team in relation to latest Evercore materials provided to Board on 5/10. | |
| 5/17/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of latest Oncor forecast to compare against prior versions and impact on bids | |
| 5/17/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review and discussion of financial analysis materials of team in relation to latest Evercore materials provided to Board on 5/10. | |
| 5/17/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 4.00 |
| | | Attention to further review of Evercore valuation analyses and related materials. | |
| 5/18/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 0.50 |
| | | Attention to update discuss with team on status and next steps. | |
| 5/18/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of rate case materials as supplied by team including discussion with EVR on same. | |
| 5/18/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of EFH Liquidation Analysis as provided and presented by A&M on 5/10. | |
| 5/18/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.50 |
| | | Attention to review of NEE revised bid term sheet dated 5/18/2016 | |
| 5/18/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 3.00 |
| | | Attention to development and review of financial analysis pertaining to revised NEE bid term sheet on 05.18.2016 | |
| 5/18/2016 | Cumbee, Matthew | 765 - Presentation Development | 4.00 |
| | | Attention to research relating to rate case calculations and the related impact on Oncor | |
| 5/18/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 4.00 |
| | | Attention to review of NEE revised bid term sheet | |
| 5/19/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 0.50 |
| | | Attention to discussion with counsel on latest NEE proposal | |
| 5/19/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 0.50 |
| | | Attention to call with EVR pertaining to latest NEE term sheet | |
| 5/19/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.50 |
| | | Attention to review of EVR analysis of latest NEE term sheet with comments provided to counsel. | |
| 5/19/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 1.50 |
| | | Attention to internal discussion and drafting of questions/issues relating to the latest NextEra term sheet. | |
| 5/19/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.00 |
| | | Attention to review of EVR analysis on 2L DIP financing economics, to determine the potential impact on EFH Corp. recoveries. | |
| 5/19/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of Evercore analysis of updated NextEra bid. | |
| 5/19/2016 | Luria, Neil | 718 - Meeting with counsel and with other | 0.50 |
| | | Attention to participation in teleconference with SOLIC and Evercore to review NEE bid issues. | |
| 5/19/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 1.00 |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to discussion with counsel on latest NEE proposal | |
| 5/19/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 3.50 |
| | | Attention to development of financial analysis pertaining to revised NEE bid term sheet | |
| 5/19/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 2.50 |
| | | Attention to update of the waterfall/recovery model based on the latest NEE bid | |
| 5/19/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of waterfall implications and comparisons to current plan and last NextEra bid. | |
| 5/20/2016 | Luria, Neil | 729 - EFH Board Meeting Attendance | 1.00 |
| | | Attention to attendance on EFH Board Call. | |
| 5/20/2016 | Nowitz, Raoul | 729 - EFH Board Meeting Attendance | 1.00 |
| | | Attention to attendance on weekly board call. | |
| 5/20/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 0.50 |
| | | Attention to call with Proskauer on plan process | |
| 5/20/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of latest dataroom financial information. | |
| 5/20/2016 | Cumbee, Matthew | 729 - EFH Board Meeting Attendance | 1.00 |
| | | Attention to attendance on EFH Board call | |
| 5/20/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to update call with Proskauer regarding plan next steps and timing | |
| 5/23/2016 | Luria, Neil | 705 - Plan Development and Testimony | 0.50 |
| | | Attention to review of NextEra analysis information. | |
| 5/23/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.50 |
| | | Attention to additional review of claims balances and impact on recoveries. | |
| 5/23/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 3.00 |
| | | Attention to review of materials pertaining to separate T-side and E-side timelines and implications on process. | |
| 5/23/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to internal review and discussion regarding the 0+12 Oncor model with May updates. | |
| 5/23/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of draft comparative analysis on trends in performance of select bidders and discussions with counsel on same. | |
| 5/23/2016 | Cumbee, Matthew | 765 - Presentation Development | 4.00 |
| | | Attention to development of analysis and related presentation regarding NextEra's historical financial performance | |
| 5/23/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 1.50 |
| | | Attention to continued update of the analysis of NextEra's potential cost of capital in light of the revised bid received | |
| 5/23/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 2.50 |
| | | Attention to analysis of NextEra's potential cost of capital in light of the revised bid received | |
| 5/23/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of latest 0+12 model with May updates | |
| 5/23/2016 | Luria, Neil | 705 - Plan Development and Testimony | 1.00 |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to review of potential issues associated with Plan B confirmation. | |
| 5/23/2016 | Luria, Neil | 710 - Bid Review 2016 | 0.50 |
| | | Attention to review of confirmation time and process. | |
| 5/23/2016 | Hogan, Paul | 795 - Fee Applications/Retention | 3.00 |
| | | Attention to preparation of April Fee statement and filing. | |
| 5/24/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 3.50 |
| | | Attention to further review of comparative financial analysis of select prospective bidders, revisions, and discussion with team on same. | |
| 5/24/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.00 |
| | | Attention to correspondence with counsel on observations from draft analysis shared. | |
| 5/24/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of current valuation materials prepared by Evercore. | |
| 5/24/2016 | Cumbee, Matthew | 765 - Presentation Development | 3.50 |
| | | Attention to review and edit of the NextEra financial trend presentation | |
| 5/24/2016 | Cumbee, Matthew | 765 - Presentation Development | 4.00 |
| | | Attention to further review and edit of the NextEra financial trend presentation | |
| 5/24/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of NextEra value at various points in time prepared by M. Cumbee and related follow-up. | |
| 5/25/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of correspondence from outside FAs | |
| 5/25/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to further review of financial projections as provided in the dataroom. | |
| 5/25/2016 | Luria, Neil | 705 - Plan Development and Testimony | 1.00 |
| | | Attention to further review of NextEra values in order to properly analyze current NEE bid. | |
| 5/25/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to a call with Perella Weinberg to discuss the latest waterfall assumptions | |
| 5/25/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to further review of financial projections as provided in the dataroom. | |
| 5/25/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of NEE term sheet. | |
| 5/25/2016 | Luria, Neil | 710 - Bid Review 2016 | 0.50 |
| | | Attention to review of current status of NEE bid. | |
| 5/26/2016 | Nowitz, Raoul | 730 - Project Management and Support | 2.00 |
| | | Attention to review of latest docket. | |
| 5/26/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 3.00 |
| | | Attention to further review of draft presentation with key observations | |
| 5/26/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.50 |
| | | Attention to revisiting of various elements of cash review at EFH and projected cash balances with adjustments. | |
| 5/26/2016 | Nowitz, Raoul | 715 - Tax Reviews | 2.50 |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to review of various elements of prior tax/NOL financial analysis performed | |
| 5/26/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to follow-up on certain SOLIC analysis in light of call with creditor FA | |
| 5/26/2016 | Nowitz, Raoul | 720 - Financing Proposal Review | 2.00 |
| | | Attention to review of prior EVR analysis and NEE proposal for early refi of 2L DIP and economic implications. | |
| 5/26/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of prior analyses and presentation in preparation for call with creditor FA's | |
| 5/27/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.50 |
| | | Attention to further review of analyses and recovery impacts post discussion with team members | |
| 5/27/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.50 |
| | | Attention to review of recent dataroom uploads and financial information. | |
| 5/27/2016 | Luria, Neil | 705 - Plan Development and Testimony | 0.50 |
| | | Attention to review of diligence questions provided by creditor advisors. | |
| 5/27/2016 | Luria, Neil | 705 - Plan Development and Testimony | 0.50 |
| | | Attention to review of current status of Plan discussion with Fidelity and other parties. | |
| 5/27/2016 | Luria, Neil | 705 - Plan Development and Testimony | 0.50 |
| | | Attention to review of pending issues with the current NEE bid. | |
| 5/31/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.50 |
| | | Attention to review of materials in preparation for meeting with creditor counsel and FA. | |
| 5/31/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 3.00 |
| | | Attention to review of cash projections and impact on EFH creditor recoveries. | |
| 5/31/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of current NEE bid. | |
| 5/31/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 3.50 |
| | | Attention to review of materials ahead of meeting with creditor counsel and FA. | |
| 5/31/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of potential strategies to increase NEE bid. | |
| 5/31/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of alternative equitization plans. | |
| 6/1/2016 | Nowitz, Raoul | 750 - Travel Time | 4.00 |
| | | Attention to travel to New York for meeting with select creditor advisors on case status and next steps. | |
| 6/1/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.50 |
| | | Attention to further review of information ahead of select creditor adviser meeting. | |
| 6/1/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to most recent schedule of professional fees projection and estimated allocations. | |
| 6/1/2016 | Cumbee, Matthew | 750 - Travel Time | 4.00 |
| | | Attention to travel to New York for meetings with select creditor advisers | |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| 6/1/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 2.00 |
| | | Attention to review of latest bid related materials ahead of meetings in New York | |
| 6/1/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of latest pro fees projections in light of plan revision | |
| 6/2/2016 | Nowitz, Raoul | 750 - Travel Time | 4.00 |
| | | Attention to travel from New York post meeting with select creditor advisers. | |
| 6/2/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 1.50 |
| | | Attention to meeting with select creditor advisers and Proskauer pertaining to case status and next steps. | |
| 6/2/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 0.50 |
| | | Attention to debrief with team post meeting with select creditor advisers | |
| 6/2/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.50 |
| | | Attention to review of materials ahead of select creditor adviser meeting on status and next steps. | |
| 6/2/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.00 |
| | | Attention to preparation for meeting with select creditor advisors. | |
| 6/2/2016 | Luria, Neil | 710 - Bid Review 2016 | 2.00 |
| | | Attention to review of 2L proposed EFH term sheet and Evercore analysis thereof. | |
| 6/2/2016 | Cumbee, Matthew | 750 - Travel Time | 4.00 |
| | | Attention to return trip home from meetings in New York | |
| 6/2/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 2.00 |
| | | Attention to in-person meeting with select creditor advisers to discuss next steps and timing regarding recent bids | |
| 6/2/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to internal meeting with Proskauer to debrief post-meeting with select creditor advisers | |
| 6/2/2016 | Cumbee, Matthew | 765 - Presentation Development | 3.50 |
| | | Attention to development of a draft presentation to EFH DD's regarding NextEra bid and financial trends | |
| 6/2/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.00 |
| | | Attention to teleconference with select creditor advisors and follow-up discussion with Proskauer re same. | |
| 6/3/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 3.00 |
| | | Attention to review of 2L Plan proposal analysis from Evercore | |
| 6/3/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of email update from S. Dore to Board and follow-up. | |
| 6/3/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 0.50 |
| | | Attention to correspondence with counsel on Plan next steps | |
| 6/3/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 4.00 |
| | | Attention to review of latest plan proposals provided by Evercore | |
| 6/3/2016 | Cumbee, Matthew | 765 - Presentation Development | 4.00 |
| | | Attention to continued development of a draft presentation to EFH DD's regarding NextEra bid and financial trends | |
| 6/3/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 4.00 |
| | | Attention to review of the latest data room postings, including Oncor financial and operating information | |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| 6/4/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of latest files uploaded to the dataroom on Oncor items/financial materials. | |
| 6/4/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 2.00 |
| | | Attention to review of latest plan proposals provided by Evercore | |
| 6/5/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of latest pre-emergence and post-emergence cash projections with comparison against prior versions. | |
| 6/5/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 3.50 |
| | | Attention to review of latest plan proposals provided by Evercore | |
| 6/6/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.00 |
| | | Attention to conference call with M. Thomas, P. Young, R. Nowitz and M. Cumbee and review of related issues. | |
| 6/6/2016 | Luria, Neil | 765 - Presentation Development | 2.00 |
| | | Attention to review of draft presentation to disinterested directors regarding current status of Plan, NextEra proposal and EFH creditor proposals. | |
| 6/6/2016 | Nowitz, Raoul | 765 - Presentation Development | 2.00 |
| | | Attention to review and iteration of draft presentation for EFH DD's. | |
| 6/6/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to discussion with Proskauer on status and next steps, including post-call follow-up. | |
| 6/6/2016 | Nowitz, Raoul | 765 - Presentation Development | 2.50 |
| | | Attention to items for consideration in draft presentation for EFH DDs. | |
| 6/6/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to internal update call with Proskauer | |
| 6/6/2016 | Cumbee, Matthew | 765 - Presentation Development | 4.00 |
| | | Attention to review and discussion of draft presentation to EFH DD's | |
| 6/6/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 3.00 |
| | | Attention to review of latest plan proposals provided by Evercore | |
| 6/6/2016 | Cumbee, Matthew | 765 - Presentation Development | 4.00 |
| | | Attention to update of the cash variance analysis given latest claims updates and cash projections from Evercore | |
| 6/7/2016 | Luria, Neil | 765 - Presentation Development | 0.50 |
| | | Attention to teleconference with R. Nowitz and M. Cumbee regarding disinterested director presentation materials. | |
| 6/7/2016 | Luria, Neil | 710 - Bid Review 2016 | 0.50 |
| | | Attention to review of disinterested director presentation comments from R. Nowitz. | |
| 6/7/2016 | Nowitz, Raoul | 765 - Presentation Development | 1.00 |
| | | Attention to review of final presentation to EFH DDs | |
| 6/7/2016 | Nowitz, Raoul | 765 - Presentation Development | 1.00 |
| | | Attention to discussion with Proskauer on SOLIC comments to draft presentation and follow-up on same. | |
| 6/7/2016 | Nowitz, Raoul | 765 - Presentation Development | 2.50 |
| | | Attention to review and discussion of draft SOLIC slides on market metrics for inclusion in draft presentation for EFH DDs | |
| 6/7/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 3.00 |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|---------:|
| | | Attention to review and EFH projected cash balances and related variances analyses. | |
| 6/7/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of tax adjustments in the latest cash projection, including discussion with counsel. | |
| 6/7/2016 | Nowitz, Raoul | 765 - Presentation Development | 2.00 |
| | | Attention to further review of draft presentation to EFH DDs. | |
| 6/7/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of variance analysis on cash forecast with comparison against prior version of projected cash | |
| 6/7/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.50 |
| | | Attention to reviewing NEE bid issues related to merger agreement. | |
| 6/7/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 3.50 |
| | | Attention to review of latest plan proposals provided by Evercore | |
| 6/7/2016 | Cumbee, Matthew | 765 - Presentation Development | 3.50 |
| | | Attention to further refinement of the cash variance analysis given latest claims updates and cash projections from Evercore | |
| 6/7/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 2.00 |
| | | Attention to internal update call with Proskauer | |
| 6/7/2016 | Luria, Neil | 710 - Bid Review 2016 | 0.50 |
| | | Attention to review of NEE comparison slides for inclusion in disinterested director presentation materials. | |
| 6/8/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of EFH diligence materials related to EFH cash in order to determine cash available at NextEra closing. | |
| 6/8/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of rate case drivers for financial modeling. | |
| 6/9/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of latest cash projection at emergence and correspondence with counsel on same. | |
| 6/9/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to analysis of tax deducts from emergence cash, including correspondence with Proskauer Tax on same | |
| 6/9/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of EFH cash trend at various emergence dates and impact of timing on effective cash balances. | |
| 6/9/2016 | Nowitz, Raoul | 730 - Project Management and Support | 1.50 |
| | | Attention to review of various elements of 4th fee app preparation | |
| 6/10/2016 | Luria, Neil | 729 - EFH Board Meeting Attendance | 1.00 |
| | | Attention to EFH Board teleconference. | |
| 6/10/2016 | Luria, Neil | 718 - Meeting with counsel and with other | 0.50 |
| | | Attention to teleconference with M. Thomas, P. Young and R. Nowitz regarding NextEra and related issues. | |
| 6/10/2016 | Nowitz, Raoul | 729 - EFH Board Meeting Attendance | 1.00 |
| | | Attention to attendance on weekly board call. | |
| 6/10/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to post board call debrief with Proskauer and related follow-up. | |
| 6/10/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of board materials ahead of weekly board call. | |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| 6/10/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to post board call follow-up discussions with Proskauer | |
| 6/10/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 3.50 |
| | | Attention to continued review and update of the NEE waterfall / recovery analysis | |
| 6/10/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of Board materials | |
| 6/11/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of various dataroom file uploads. | |
| 6/11/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.50 |
| | | Attention to revisiting of latest waterfall analysis on NEE transaction and impact on EFH recoveries. | |
| 6/13/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to further review of dataroom uploads, including various Oncor files | |
| 6/13/2016 | Cumbee, Matthew | 765 - Presentation Development | 3.00 |
| | | Attention to research of macroeconomic trends as it relates to public utilities and Oncor | |
| 6/14/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of dataroom uploads including revised latest NOL projections. | |
| 6/14/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to further review of revised cash projection and specific elements. | |
| 6/14/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of dataroom materials provided related to roll-forward of EFH cash and other matters impacting waterfall payments from NEE Term Sheet and equitization plans. | |
| 6/14/2016 | Hogan, Paul | 795 - Fee Applications/Retention | 2.00 |
| | | Attention to review of Fourth Interim Fee Application. | |
| 6/14/2016 | Cumbee, Matthew | 765 - Presentation Development | 3.00 |
| | | Attention to continued research and analysis of macroeconomic trends as it relates to public utilities and Oncor | |
| 6/14/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of data room uploads including the latest NOL projections. | |
| 6/14/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of data room uploads including various intercompany claims analyses. | |
| 6/14/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of data room uploads including various intercompany claims analyses. | |
| 6/15/2016 | Nowitz, Raoul | 730 - Project Management and Support | 2.50 |
| | | Attention to drafting and review of key elements of fee app ahead of deadline for submission. | |
| 6/15/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 1.50 |
| | | Attention to review of current market trends as it relates to Onor. | |
| 6/15/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of latest dataroom uploads including inter-company claims files posted and latest Oncor projection model details. | |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| 6/15/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of latest treasury rates in the context of yield movement and impact on utilities. | |
| 6/15/2016 | Luria, Neil | 795 - Fee Applications/Retention | 1.50 |
| | | Attention to internal review and iteration of monthly fee statement, including review of work stream descriptions and time entries. | |
| 6/15/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 0.50 |
| | | Attention to review of recent dataroom additions including Change of Control arrangements for Oncor. | |
| 6/15/2016 | Cumbee, Matthew | 765 - Presentation Development | 1.00 |
| | | Attention to internal discussion regarding public utility sector trends | |
| 6/15/2016 | Cumbee, Matthew | 765 - Presentation Development | 2.50 |
| | | Attention to refinement of macro public utility performance analysis | |
| 6/15/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 0.50 |
| | | Attention to review of cash implications of intercompany allocations. | |
| 6/16/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of several recent dataroom postings pertaining to Oncor | |
| 6/16/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.50 |
| | | Attention to internal review and discussion of revised claims and cash balances, including charging lien payments, as provided by EVR. | |
| 6/16/2016 | Nowitz, Raoul | 730 - Project Management and Support | 1.00 |
| | | Attention to final review of edits to 4th interim fee app prior to submission. | |
| 6/16/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of EFH updated claims and cash balance information provided by M. Cumbee and review same with R. Nowitz and M. Cumbee. | |
| 6/16/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.00 |
| | | Attention to further review of claims and waterfall balances in light of latest NEE analyses | |
| 6/16/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 3.00 |
| | | Attention to review of implied TEV/waterfall analysis in light of feedback from specific creditor groups | |
| 6/16/2016 | Nowitz, Raoul | 730 - Project Management and Support | 2.00 |
| | | Attention to review of latest filings on the docket including information regarding IRS comments on the T-side separation. | |
| 6/16/2016 | Nowitz, Raoul | 720 - Financing Proposal Review | 2.00 |
| | | Attention to review of EVR analysis on EFIH 1L DIP refi and effects on economics and recoveries. | |
| 6/16/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 3.00 |
| | | Attention to review of the latest claims projections from Evercore and development of related variance analysis | |
| 6/16/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 4.00 |
| | | Attention to update of the waterfall / recovery analysis given latest claims adjustments | |
| 6/16/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 4.00 |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to continued update of the waterfall / recovery analysis based on ongoing discussions with creditor groups | |
| 6/17/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of latest dataroom uploads pertaining to Oncor. | |
| 6/17/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.50 |
| | | Attention to further items on cash analysis pertaining to EFH Corp projected recoveries | |
| 6/17/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of dataroom updates related to cash rollforward and intercompany allocations. | |
| 6/17/2016 | Cumbee, Matthew | 720 - Financing Proposal Review | 4.00 |
| | | Attention to review of the proposal to refinance the EFIH 1L DIP and related impact on the waterfall / recovery analysis | |
| 6/20/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 2.00 |
| | | Attention to further update of the waterfall / recovery model based on ongoing negotiations | |
| 6/20/2016 | Hogan, Paul | 795 - Fee Applications/Retention | 2.50 |
| | | Attention to review of receipts for Fourth Fee application and upload file to Box.com. | |
| 6/20/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of latest EFIH and TCEH DIP reports including variance analysis. | |
| 6/20/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.00 |
| | | Attention to review of latest waterfall analysis by team in reference to guidance from Proskauer to model specific scenarios in light of creditor discussions. | |
| 6/20/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 0.50 |
| | | Attention to communications with team in light of latest waterfall scenarios developed. | |
| 6/20/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.50 |
| | | Attention to review of further waterfall materials post discussion by team member with a creditor constituent | |
| 6/20/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of alternative term sheet and associated estimated waterfall analysis. | |
| 6/20/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 3.00 |
| | | Attention to continued update of the waterfall / recovery analysis based on ongoing discussions with creditor groups | |
| 6/20/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 1.00 |
| | | Attention to internal discussion regarding updated waterfall / recovery analysis and ongoing creditor discussions | |
| 6/21/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 1.50 |
| | | Attention to Intralinks posting pertaining to latest claims projection schedule. | |
| 6/21/2016 | Nowitz, Raoul | 738 - Intercompany Transfers Review | 2.50 |
| | | Attention to review of materials provided by Proskauer on EFH Corporate Services and related, including correspondence with A&M and EVR on same. | |
| 6/21/2016 | Nowitz, Raoul | 738 - Intercompany Transfers Review | 1.00 |
| | | Attention to review of EFH Indenture Trustee notice of subpoena | |
| 6/21/2016 | Luria, Neil | 710 - Bid Review 2016 | 2.00 |

## Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to review of EFH Corporate Service assets to determine potential value to EFH. | |
| 6/22/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.50 |
| | | Attention to review of EFH Corporate services issues at the request of Proskauer Rose. | |
| 6/22/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 1.50 |
| | | Attention to review of materials on bid analysis from team and discussions with team on same. | |
| 6/22/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 1.50 |
| | | Attention to further refinement of the waterfall / recovery analysis given continued discussions with creditor groups | |
| 6/23/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.50 |
| | | Attention to further review of EFH Corporate Services issues in connection with review of potential alternative transactions. | |
| 6/23/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of board materials. | |
| 6/23/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.00 |
| | | Attention to review of analysis in light of bid analysis and materials from specific creditor group. | |
| 6/23/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of corporate services items and discussion with EVR ahead of planned discussion with company on 6.28 | |
| 6/24/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of various diligence items | |
| 6/24/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to update call with Proskauer on status and next steps. | |
| 6/24/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 1.50 |
| | | Attention to review of latest waterfall analytics on various bids. | |
| 6/24/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.50 |
| | | Attention to review of latest dataroom postings. | |
| 6/24/2016 | Luria, Neil | 729 - EFH Board Meeting Attendance | 1.50 |
| | | Attention to EFH telephonic board meeting. | |
| 6/24/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.00 |
| | | Attention to teleconference with Mark Thomas, Peter Young, Raoul Nowitz and M. Cumbee regarding current status of potential bids and litigation matters. | |
| 6/24/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to internal status update call with Proskauer | |
| 6/24/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 2.00 |
| | | Attention to internal discussion regarding various current bids and the impact on EFH recoveries | |
| 6/25/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of various dataroom postings | |
| 6/25/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of most recent cash analysis with attention to key items and trends in changes. | |
| 6/27/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to further review of materials on projected cash at emergence and asbestos matters including correspondence with EVR on same. | |
| 6/27/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to review of EFH Corporate Services materials provided by EVR ahead if scheduled 6.28 call on the subject. | |
| 6/27/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of EFH Corporate services asset summary and detailed balance sheet in advance of teleconference with the Debtor to review potential EFH Corporate Services issues. | |
| 6/28/2016 | Luria, Neil | 718 - Meeting with counsel and with other | 0.50 |
| | | Attention to teleconference with P. Young. R. Nowitz and M. Cumbee prior to call with Debtor regarding EFH Corporate Services issues. | |
| 6/28/2016 | Luria, Neil | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to teleconference with Proskauer, SOLIC, Evercore and debtor representatives to review EFH Corporate Services balance sheet issues. | |
| 6/28/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to further review of EFH corporate services items pertaining to assets and liabilities and related items. | |
| 6/28/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to call with company staff on EFH Corporate Services elements | |
| 6/28/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of materials post-call EFH Corporate Services | |
| 6/28/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to further review of EFH Corporate Services balance sheet issues and roll-forward distributable value. | |
| 6/28/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to call with EFH staff to discuss EFH Corporate Services | |
| 6/29/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of various diligence files. | |
| 6/29/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of most recent professional fee allocation schedule, including communication with EVR. | |
| 6/30/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of latest dataroom uploads. | |
| 6/30/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 1.00 |
| | | Attention to correspondence with EVR on EFH Corp cost allocations. | |
| 6/30/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of board minutes, tax documents, reinsurance documents and sales tax documents from EFH dataroom. | |
| 6/30/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.00 |
| | | Attention to review of analysis regarding admin fee payments and potential impact on waterfall recoveries. | |
| 7/1/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to various dataroom materials. | |
| 7/1/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to further review of professionals fees. | |
| 7/1/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of recent documents posted to the data room | |
| 7/1/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 3.00 |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to further review of professional fee allocations including a call with Evercore to discuss the same | |
| 7/2/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of prior materials on shared services in the context of EFH Corporate Services | |
| 7/2/2016 | Nowitz, Raoul | 730 - Project Management and Support | 1.50 |
| | | Attention to workplan considerations and next steps. | |
| 7/3/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to further review of various dataroom files as it relates to EFH Corp. projected cash balances. | |
| 7/3/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of prior materials pertaining to NOL analysis pertaining to quantification as part of DDA discussions. | |
| 7/5/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of latest NOL analysis. | |
| 7/5/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of dataroom materials in connection with roll-forward of EFH effective date cash. | |
| 7/5/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to further review of the latest NOL analysis | |
| 7/6/2016 | Nowitz, Raoul | 730 - Project Management and Support | 1.50 |
| | | Attention to review of drafting of contracts pertaining to professional fees budget as directed by the company. | |
| 7/6/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of NOL and ERISA documentation in dataroom. | |
| 7/6/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of impact on cash roll-forward with regard to NOL and ERISA documentation in dataroom. | |
| 7/7/2016 | Luria, Neil | 730 - Project Management and Support | 1.00 |
| | | Attention to development of professional fee budget through 3/31/2017 at the request of Natasha Hwangpo of Kirkland & Ellis. | |
| 7/7/2016 | Nowitz, Raoul | 730 - Project Management and Support | 2.50 |
| | | Attention to review and updating of current workplan and elements requiring further attention. | |
| 7/7/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to further elements pertaining to cash analysis and projected EFH Corp. cash balance. | |
| 7/7/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to further review pertaining to cash analysis and projected EFH Corporate cash balance. | |
| 7/8/2016 | Luria, Neil | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to discussions with J. Marwil and P. Young of Proskauer regarding review of diligence materials. | |
| 7/8/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to further elements pertaining to cash analysis and projected EFH Corp. cash balance. | |
| 7/8/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of various materials pertaining to corporate services. | |
| 7/8/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of various recent dataroom postings. | |

**Energy Future Holdings Corp - May through August 2016**

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| 7/8/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to further review pertaining to cash analysis and projected EFH Corporate cash balance. | |
| 7/8/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 4.00 |
| | | Attention to review of various documents and analysis relating to EFH Corporate Service expense allocations | |
| 7/8/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of additional ERISA and NOL information posted to the dataroom. | |
| 7/9/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of market trends including treasury rates in the context of the current marketing process of Oncor. | |
| 7/9/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to further review of professional fee allocation implications on EFH Corp recoveries. | |
| 7/9/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to download and review of the latest documents posted to the data room | |
| 7/10/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 4.00 |
| | | Attention to further development and review of analysis relating to Oncor market trends | |
| 7/11/2016 | Luria, Neil | 730 - Project Management and Support | 1.00 |
| | | Attention to development of professional fee budget through 3/31/2017 at the request of Natasha Hwangpo of Kirkland & Ellis. | |
| 7/11/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of last provided company cash projection and trends in cash | |
| 7/11/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of materials pertaining to items previously identified as areas for further review for favorable cash impacts. | |
| 7/12/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of materials pertaining to corporate services. | |
| 7/13/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of latest court information on creditor constituent actions regarding mediation and related materials on same. | |
| 7/13/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of litigation documentation in electronic dataroom. | |
| 7/13/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to follow-up post review of court materials pertaining to potential mediation elements. | |
| 7/14/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 0.50 |
| | | Attention to update call with Proskauer. | |
| 7/14/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to post Proskauer call follow-up. | |
| 7/14/2016 | Nowitz, Raoul | 738 - Intercompany Transfers Review | 3.00 |
| | | Attention to review of term sheet provided by creditors with impact on inter-company settlement recoveries | |
| 7/14/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.50 |
| | | Attention to summary financial analysis on extent of recovery based on term sheet provided by creditors. | |

## Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|--------------|----------|
| 7/14/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of contingent liabilities related to litigation and retirement liabilities included in recent dataroom submissions. | |
| 7/14/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 3.00 |
| | | Attention to summary financial analysis of recovery based on term sheet provided by creditors. | |
| 7/14/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 0.50 |
| | | Attention to update call with Proskauer. | |
| 7/14/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to follow up call with Proskauer. | |
| 7/14/2016 | Cumbee, Matthew | 738 - Intercompany Transfers Review | 3.00 |
| | | Attention to review of term sheet provided by creditors and what impact it may or may not have on inter-company settlement recoveries. | |
| 7/14/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of materials and preparation ahead of call with Proskauer | |
| 7/14/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 2.00 |
| | | Attention to further review and iteration of financial analysis of recovery based on Contrarian/Fidelity term sheet. | |
| 7/15/2016 | Luria, Neil | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of issues associated with potential Berkshire bid for Oncor. | |
| 7/15/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of materials on creditor-led plans. Discussions with counsel on same. | |
| 7/15/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of tax diligence materials related to NOLs. | |
| 7/15/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of EFH Corporate Services related issues at the request of Proskauer. | |
| 7/15/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 1.50 |
| | | Attention to review of materials on creditor-led plans. Discussions with counsel regarding same. | |
| 7/16/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of further diligence materials. | |
| 7/16/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to further review of corporate services elements. | |
| 7/16/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to further review of corporate services and related materials. | |
| 7/17/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to further diligence on tax NOL elements | |
| 7/17/2016 | Nowitz, Raoul | 738 - Intercompany Transfers Review | 2.00 |
| | | Attention to further review of Contrarian term sheet with follow-up on specific elements. | |
| 7/18/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to initial review of Jack Williams Expert Report on EFH Corporate Services | |
| 7/18/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to prior materials provided on EFH Corporate Services assets and liabilities and review of notes according to same. | |

**Energy Future Holdings Corp - May through August 2016**

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| 7/18/2016 | Luria, Neil | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to review of EFH Corporate Services issues at the request of Proskauer. | |
| 7/18/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of latest dataroom postings | |
| 7/18/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to further review of J. Williams Corporate Services expert report. | |
| 7/18/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to further review of J. Williams Corporate Services expert report. | |
| 7/18/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to further review of prior materials relating to EFH Corporate Service Asset and Liabilities analysis | |
| 7/18/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of expert report of Jack Williams. | |
| 7/18/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to follow-up from EVR communications on 7/18. | |
| 7/19/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of prior materials and diligence on EFH Properties | |
| 7/20/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to further review of EFH Corporate Services and EFH Properties diligence. | |
| 7/20/2016 | Nowitz, Raoul | 730 - Project Management and Support | 1.00 |
| | | Attention to work plan and status discussions and review. | |
| 7/20/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of latest dataroom postings. | |
| 7/20/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of EFH Corporate Services and EFH Properties diligence. | |
| 7/21/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of Asbestos Committee correspondence from Kirkland & Ellis. | |
| 7/21/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of board materials in advance of 7/22 board meeting. | |
| 7/21/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of EFH Corporate Services and EFH Property issues associated with Energy Plaza. | |
| 7/21/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of materials provided by counsel on EFH Corporate Services and EFH Properties. | |
| 7/21/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of EFH Corporate Services inter-company information shared by Evercore/A&M | |
| 7/21/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to development of EFH Corporate Services analysis and sharing with counsel of same. | |
| 7/21/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 4.00 |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to development of analysis on EFH Corporate Services and EFH properties based on recent materials provided by counsel | |
| 7/21/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to further iteration of analysis on EFH Corporate Services and EFH properties based on recent materials provided by counsel | |
| 7/21/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of EFH cash balances and EFH Corporate Services assets. | |
| 7/21/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 0.50 |
| | | Attention to review of litigation materials and summaries. | |
| 7/21/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 0.50 |
| | | Attention to review of change of control accruals and DD letter agreements. | |
| 7/22/2016 | Luria, Neil | 729 - EFH Board Meeting Attendance | 1.50 |
| | | Attention to EFH telephonic board meeting. | |
| 7/22/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 0.50 |
| | | Attention to call with Proskauer on EFH Corporate Services and EFH Properties transfers | |
| 7/22/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of EFH board materials. | |
| 7/22/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to follow-up on various EFH Corp services and EFH Properties issues post call with counsel. | |
| 7/22/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 0.50 |
| | | Attention to call with Proskauer on two EFH sectors, EFH Corporate Services and EFH Properties transfers. | |
| 7/22/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of EFH board materials produced by EFH. | |
| 7/22/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to follow-up on various EFH Corporate services and EFH Properties issues after call with counsel. | |
| 7/22/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to further review of Evercore-provided materials and corporate services activities. | |
| 7/22/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to post-Proskauer call debrief of team and related follow-up. | |
| 7/23/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of latest draft 07.28 board materials pertaining to latest actual cash and other variance analysis | |
| 7/23/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of 07.28 board materials focusing on current actual cash and other variance analysis. | |
| 7/23/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of hypothetical outcomes in light of EFH Corporate Services and EFH Properties discussions. | |
| 7/23/2016 | Nowitz, Raoul | 730 - Project Management and Support | 1.50 |
| | | Attention to review of latest budget, comparison to prior budget and related variance analyses. | |
| 7/23/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 0.50 |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to communications pertaining to board meeting attendance with team and other DDAs | |
| 7/24/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to continued review of various EFH Corporate Services and EFH Properties analyses | |
| 7/25/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to additional review of elements of EFH Corporate Services and EFH Properties. | |
| 7/25/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of draft board materials. | |
| 7/25/2016 | Cumbee, Matthew | 795 - Fee Applications/Retention | 3.00 |
| | | Attention to preparation and review of June fee statement. | |
| 7/26/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to further review of Corporate Services materials. | |
| 7/26/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of draft board materials. | |
| 7/26/2016 | Luria, Neil | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of draft board materials in advance of board meeting. | |
| 7/26/2016 | Hogan, Paul | 795 - Fee Applications/Retention | 2.00 |
| | | Attention to review and filing of June Fee statement. | |
| 7/27/2016 | Luria, Neil | 729 - EFH Board Meeting Attendance | 2.00 |
| | | Attention to EFH board meeting via teleconference. | |
| 7/27/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of J. Stuart (A&M) rebuttal report on transfer of EFH Corporate Services and EFH Properties. | |
| 7/27/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of further revised board materials | |
| 7/27/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of J. Stuart (A&M) contradiction report on transfer of EFH Corporate Services and EFH Properties. | |
| 7/27/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of another draft of board materials. | |
| 7/28/2016 | Luria, Neil | 729 - EFH Board Meeting Attendance | 3.00 |
| | | Attention to EFH Board meeting via telephone. | |
| 7/28/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of latest cash build analysis as provided by the company. | |
| 7/28/2016 | Nowitz, Raoul | 729 - EFH Board Meeting Attendance | 2.50 |
| | | Attention to attendance on EFH board call. | |
| 7/28/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to comparative review of cash projection at emergence for recent adjustments. | |
| 7/28/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 0.50 |
| | | Attention to communication with Evercore on cash projection information | |
| 7/28/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 0.50 |
| | | Attention to communication with Evercore on cash projection information. | |
| 7/28/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.50 |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to review of current cash build analysis as provided by the company. | |
| 7/28/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to comparative review of cash projection at emergence. | |
| 7/28/2016 | Cumbee, Matthew | 729 - EFH Board Meeting Attendance | 2.50 |
| | | Attention to monthly attendance on EFH board call. | |
| 7/28/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to further review of latest cash build and impact on recoveries. | |
| 7/29/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of CRO correspondence on status and review of latest bid analytics. | |
| 7/29/2016 | Nowitz, Raoul | 729 - EFH Board Meeting Attendance | 1.00 |
| | | Attention to attendance on board call. | |
| 7/29/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.50 |
| | | Attention to review of 8K on NEE transaction and review of analytics on same. | |
| 7/29/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of 8K on NEE transaction and review of analytics regarding same. | |
| 7/29/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of CRO correspondence on status of latest bid analytics. | |
| 7/29/2016 | Cumbee, Matthew | 729 - EFH Board Meeting Attendance | 1.00 |
| | | Attention to monthly attendance on EFH board call. | |
| 7/29/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 1.50 |
| | | Attention to developing analysis of impact on NEE bid on EFH Corporation recovery. | |
| 7/30/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to additional review of NEE transactional elements. | |
| 7/30/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to extra review of NEE transactional elements. | |
| 8/1/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.50 |
| | | Attention to further review of EVR-prepared bid materials. | |
| 8/1/2016 | Luria, Neil | 705 - Plan Development and Testimony | 1.00 |
| | | Attention to review of roll-forward cash calculations. | |
| 8/1/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 3.00 |
| | | Attention to review of the latest materials provided by Evercore detailing the updated bid statuses | |
| 8/1/2016 | Luria, Neil | 705 - Plan Development and Testimony | 1.00 |
| | | Attention to NEE related filings and agreements. | |
| 8/1/2016 | Luria, Neil | 705 - Plan Development and Testimony | 1.00 |
| | | Attention to review of EFH corporate services issues. | |
| 8/2/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to further review of cash projection at emergence with focus on changes by period. | |
| 8/2/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to further diligence pertaining to professional fees allocations amongst various estates and comparison to prior analyses. | |
| 8/2/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to review of pre-emergence cash changes at various emergence date and comparison to prior versions. | |
| 8/2/2016 | Luria, Neil | 705 - Plan Development and Testimony | 1.50 |
| | | Attention to review of NEE issues and ancillary documents related thereto. | |
| 8/3/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to development of questions and key focus areas ahead of call with EFH FP&A team. | |
| 8/3/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to call with EVR and EFH finance team (FP&A) on cash at emergence assumptions | |
| 8/3/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of MDC sale timing impacts (part of EFH Corporate Services) and timing of sale | |
| 8/3/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to post-call follow-up (post-call call with company) including correspondence with counsel on key observations and items requiring follow-up. | |
| 8/3/2016 | Luria, Neil | 705 - Plan Development and Testimony | 2.00 |
| | | Attention to review of NEE related documentation and waterfall impacts. | |
| 8/3/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 1.00 |
| | | Attention to call with Evercore and EFH regarding variances in EFH cash at emergence projections | |
| 8/4/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of classifications and allocations on professional fees. | |
| 8/4/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of various analyses relating to AIP at emergence and related corporate transfer impacts. | |
| 8/4/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of various tax elements as deducts from emergence cash, review bonus depreciation impacts of same. | |
| 8/4/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of admin claims and post-petition AP for comparison to settlement of monthly service bill balances | |
| 8/4/2016 | Luria, Neil | 705 - Plan Development and Testimony | 2.50 |
| | | Attention to review of NEE deal documentation and corporate services treatment. | |
| 8/5/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 3.00 |
| | | Attention to review of elements of NEE bid ahead of call with EVR. | |
| 8/5/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 0.50 |
| | | Attention to call with Evercore to discuss NEE deal construct analytics | |
| 8/5/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to further review of professional fees allocations at emergence. | |
| 8/5/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.50 |
| | | Attention to review of various dataroom postings and various other materials. | |
| 8/5/2016 | Cumbee, Matthew | 718 - Meeting with counsel and with other | 1.00 |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to a call with Evercore to discuss the latest implications on recovery from the NEE negotiations | |
| 8/6/2016 | Nowitz, Raoul | 730 - Project Management and Support | 3.00 |
| | | Attention to review of workplan to determine next steps and timing. | |
| 8/6/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 4.00 |
| | | Attention to review of B. Williamson deposition testimony. | |
| 8/6/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 3.00 |
| | | Attention to review of select items from review of B. Williamson deposition. | |
| 8/8/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to further analysis on debtor-allocated Settlement Agreement and POR fees | |
| 8/8/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of sizing of success and sale fees and basis of allocation | |
| 8/8/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to further review of AIP schedule including timing | |
| 8/8/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of trends in key tax deductions at emergence and Company narrative on the same. | |
| 8/8/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of company-prepared schedule on admin claims | |
| 8/9/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.50 |
| | | Attention to review of service bill schedule as prepared by the company to assess key trends and track codes. | |
| 8/9/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of SERP materials and assumptions at emergence | |
| 8/9/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of pre-petition trade payable noted in the cash projection | |
| 8/9/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of EFIH allocated professional fees schedule as a basis for comparative analysis | |
| 8/9/2016 | Luria, Neil | 705 - Plan Development and Testimony | 2.50 |
| | | Attention to further review of current NEE transaction and waterfall impact. | |
| 8/10/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.00 |
| | | Attention to review of financial risks on EFH recovery per NEE | |
| 8/10/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 3.00 |
| | | Attention to quantification of EFH recoveries in light of potential recovery risks. | |
| 8/10/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 1.50 |
| | | Attention to review of impact of extension fee risk sharing under NEE proposal. | |
| 8/10/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of claims FJR vs. contract rate on recoveries. | |
| 8/10/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 1.00 |
| | | Attention to ticking fee risk sharing. | |
| 8/10/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.00 |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to review of asbestos deduct under NEE vs. impact of insurance alternative | |
| 8/11/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 3.00 |
| | | Attention to review of proposed allocation of NEE stock vs. cash at EFH vs. EFIH per financial analysis | |
| 8/11/2016 | Nowitz, Raoul | 730 - Project Management and Support | 0.50 |
| | | Attention to further review of work plan. | |
| 8/11/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of prior cash and treasury materials | |
| 8/12/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to internal review and discussion regarding the most recent claims balance schedule post to the data room. | |
| 8/12/2016 | Nowitz, Raoul | 720 - Financing Proposal Review | 1.50 |
| | | Attention review of cash effects of proposed DIP extension in Sept 2016 | |
| 8/12/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 3.00 |
| | | Attention to review of financial metrics pertaining to specific bidder | |
| 8/12/2016 | Cumbee, Matthew | 720 - Financing Proposal Review | 3.50 |
| | | Attention to updating the waterfall and recoveries to reflect the potential DIP refinancing / extension | |
| 8/13/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of latest EFH and EFIH DIP liquidity forecast | |
| 8/13/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of pre-emergence liquidity forecast compared to prior versions. | |
| 8/15/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 3.00 |
| | | Attention to review of the EFH indenture trustee and Contrarian Capital's objection to confirmation of the plan | |
| 8/15/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 4.50 |
| | | Attention to review of various materials pertaining to elements in the ancillary agreements as part of the TCEH confirmation hearing. | |
| 8/15/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to further review of allocated professional and related plan fees. | |
| 8/15/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 3.00 |
| | | Attention to further review of certain elements of the company prepared waterfall analysis of the NEE transaction. | |
| 8/15/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 4.00 |
| | | Attention to updating the waterfall / recovery analysis based on latest NEE bid update | |
| 8/16/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of materials pertaining to content included in the EFH Indenture Trustee and Contrarian Capital's objection to the plan. | |
| 8/16/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of various data files uploaded to the dataroom | |
| 8/16/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of due diligence responses pertaining to prior company valuation analyses | |
| 8/16/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to dataroom due diligence responses including NOL walkforward analyses | |
| 8/16/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of latest EFH cash related files posted to the data room | |
| 8/17/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 2.00 |
| | | Attention to review of the Reply of the EFH DDs to objections to plan confirmation | |
| 8/17/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to follow-up on items noted in the EFH DD Reply to plan confirmation objections | |
| 8/17/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 1.50 |
| | | Attention to further review of build-up of implied TEV under the NEE transaction. | |
| 8/17/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 4.00 |
| | | Attention to update of analysis on implied Oncor TEV based on ongoing negotiations with bidders | |
| 8/18/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 2.00 |
| | | Attention to review of materials pertaining to T-side trial and testimony as it relates to EFH Corp. financial impacts | |
| 8/19/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of latest dataroom postings including make-whole claim schedules | |
| 8/19/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 4.00 |
| | | Attention to TCEH Confirmation Trail Day 1 testimony of P. Keglevic as it relates to financial impacts of disinterested director matters at EFH Corp. | |
| 8/19/2016 | Luria, Neil | 705 - Plan Development and Testimony | 1.00 |
| | | Attention to review of David Ying testimony and review of issues related thereto. | |
| 8/19/2016 | Luria, Neil | 705 - Plan Development and Testimony | 1.50 |
| | | Attention to review of transcript of bankruptcy court hearings re T side deal. | |
| 8/20/2016 | Luria, Neil | 705 - Plan Development and Testimony | 0.50 |
| | | Attention to review of articles re Hunt Consolidated interest in Oncor. | |
| 8/20/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 0.50 |
| | | Attention to review of S. Dore restructuring update | |
| 8/20/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of Hunt MOU to the PUCT. | |
| 8/20/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of PUCT letter of 08.16.2016 | |
| 8/20/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 5.00 |
| | | Attention to review of K. Moldovan, C. Howard and D. Ying testimony during the TCEH confirmation trial as it relates to EFH Corp. Disinterested Director matters. | |
| 8/20/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of the Hunt MOU and implications regarding Oncor | |
| 8/22/2016 | Luria, Neil | 705 - Plan Development and Testimony | 3.50 |
| | | Attention to review of confirmation hearing transcripts. | |
| 8/22/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 3.50 |

## Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to internal review and discussion of B. Williamson testimony in the TCEH confirmation trial. | |
| 8/22/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to follow-up pertaining to review of B. Williamson testimony. | |
| 8/22/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 3.00 |
| | | Attention to review of J. Williams, S. Dore and J. Stuart demonstratives used in the TCEH Confirmation hearing. | |
| 8/23/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of severance matters as requested by counsel. | |
| 8/23/2016 | Luria, Neil | 705 - Plan Development and Testimony | 4.00 |
| | | Attention to review of confirmation hearing transcripts. | |
| 8/23/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 4.50 |
| | | Attention to review of J. Stuart and S. Dore testimony at the TCEH Confirmation trial. | |
| 8/23/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to follow-up review of items in J. Stuart testimony. | |
| 8/24/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of latest EFH cash forecast as posted to the dataroom. | |
| 8/24/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to comparison of various cash forecast files and review of related notes on variances between updates. | |
| 8/25/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 3.50 |
| | | Attention to review of testimony from Jack Williams and High Sawyer as it relates to EFH Corp. Disinterested Director matters in the TCEH Confirmation Trial. | |
| 8/25/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to post-testimony review based on review of J. Williams testimony in the TCEH Confirmation Trial. | |
| 8/25/2016 | Luria, Neil | 705 - Plan Development and Testimony | 2.50 |
| | | Attention to review of confirmation hearing transcripts. | |
| 8/25/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of latest cash at emergence file uploaded to the dataroom comparison to prior version | |
| 8/25/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 0.50 |
| | | Attention to communication with counsel and Evercore pertaining to the latest projected EFH cash emergence projections | |
| 8/26/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.50 |
| | | Attention to review of current projection on Oncor tax payments to corporate to assess potential impact of bonus depreciation. | |
| 8/26/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of monthly cash projection on professional fees in pre-emergence analysis compared against details in the 26-week cash forecast. | |
| 8/26/2016 | Nowitz, Raoul | 705 - Plan Development and Testimony | 4.00 |
| | | Attention to review of closing statements transcript in the TCEH confirmation trial as it relates to EFH Corp. Disinterested Director matters. | |
| 8/26/2016 | Luria, Neil | 705 - Plan Development and Testimony | $ 2,887.50 |
| | | Attention to review of confirmation hearing transcripts. | |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| 8/26/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of the latest cash at emergence file posted to the data room | |
| 8/26/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of various analyses that impact EFH cash, including professional fee projections and allocations | |
| 8/27/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of latest EFIH cash projections in light of contemplated DIP refinancing. | |
| 8/29/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of details on NEE bid financing raised | |
| 8/29/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of details on objections to NEE termination/break-up fees of $275 mil. | |
| 8/29/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to research and review of the recent objection by Asbestos Claimants to Merger Agreement and Termination fee relating to purchase of Oncor | |
| 8/29/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to research relating to the recent financing from NextEra in support of the purchase of Oncor | |
| 8/29/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to research and review of the recent objection by EFIH Indentured Trustee to Merger Agreement and Termination fee relating to purchase of Oncor | |
| 8/29/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to research and review of the recent objection by Fidelity to Merger Agreement and Termination fee relating to purchase of Oncor | |
| 8/29/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.50 |
| | | Attention to review of objections filed by each of the EFH Indenture Trustee, Fidelity, and the Asbestos Claimants to the payment of the termination fee to NEE. | |
| 8/29/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 1.00 |
| | | Attention to review of waterfall impacts by virtue of a termination fee payment to NEE. | |
| 8/30/2016 | Nowitz, Raoul | 710 - Bid Review 2016 | 2.00 |
| | | Attention to review of internal analysis regarding NEE financial / market performance and potential impact on transaction value. | |
| 8/30/2016 | Luria, Neil | 705 - Plan Development and Testimony | 2.00 |
| | | Attention to review of pleadings associated with NextEra transaction including Fidelity objection to NEE Merger Agreement | |
| 8/30/2016 | Luria, Neil | 705 - Plan Development and Testimony | 2.50 |
| | | Attention to review of confirmation hearing transcripts and review of cash roll-forward for EFH. | |
| 8/30/2016 | Cumbee, Matthew | 710 - Bid Review 2016 | 4.00 |
| | | Attention to updating NEE financial performance trend analysis | |
| 8/30/2016 | Cumbee, Matthew | 705 - Plan Development and Testimony | 3.00 |
| | | Attention to updating the waterfall analysis to account for claims, cash and recoveries based on a 3/31 exit | |
| 8/31/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |

# Energy Future Holdings Corp - May through August 2016

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to additional follow-up with Evercore pertaining to reconciling 8/2016 pre-emergence cash variance and reasons for the variances. | |
| 8/31/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 2.00 |
| | | Attention to review of correspondence with Proskauer on Texas refund tax claim enquiry, follow-up on related due diligence | |
| 8/31/2016 | Nowitz, Raoul | 718 - Meeting with counsel and with other | 1.50 |
| | | Attention to review of additional materials pertaining to Texas tax claim refunds as part of drafting of response for Proskauer. | |
| 8/31/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of various versions of prior cash emergence analysis for identification of specific refund claim reserves. | |
| 8/31/2016 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of waterfall analysis for updated emergence; additional review of materials on MW and PPI in relation to comments from Proskauer. | |
| 8/31/2016 | Luria, Neil | 705 - Plan Development and Testimony | 2.00 |
| | | Attention to review of EFH cash roll-forward and closing date cash at the request of Proskauer. | |
| 8/31/2016 | Luria, Neil | 705 - Plan Development and Testimony | 1.00 |
| | | Attention to review of confirmation hearing transcripts. | |
| 8/31/2016 | Hogan, Paul | 795 - Fee Applications/Retention | 3.00 |
| | | Attention to review and filing of July monthly fee statement. | |
| 8/31/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 3.50 |
| | | Attention to developing variance analysis on EFH cash at emergence based on varying projections provided by Evercore | |
| 8/31/2016 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 4.00 |
| | | Attention to internal review and reiteration of cash at emergence variance analysis | |
| 8/31/2016 | Luria, Neil | 705 - Plan Development and Testimony | 1.50 |
| | | Attention to review of current status of confirmation and next steps to closing T side spin-off and implications to EFH. | |

**1,173.50**

**Energy Future Holdings Corp - May through August 2016**

| Professional | | Hours |
|---|---|---|
| Luria, Neil | Senior Managing Director | 156.00 |
| Nowitz, Raoul | Managing Director | 646.50 |
| Hogan, Paul | Director | 12.50 |
| Cumbee, Matthew | Senior Associate | 358.50 |
| **Grand Total:** | | **1,173.50** |

## **Exhibit D**

[Detailed Description of Expenses Incurred]

# Energy Future Holdings Corp – May 2016

| Date | Person | Expense Code | Fee |
|------|--------|--------------|-----|
| 5/4/2016 | Cumbee, Matthew | AIR - Airfare | $ 750.20 |
| | | Round trip, economy class ORD to DFW for EFH Board Meeting | |
| 5/16/2016 | Cumbee, Matthew | AIR - Airfare | $ 237.10 |
| | | One-way, economy class LGA to ORD for return trip from Evercore meeting | |
| 5/16/2016 | Cumbee, Matthew | AIR - Airfare | $ 431.10 |
| | | One-way, economy class ORD to EWR for Evercore Meeting | |
| 5/3/2016 | Luria, Neil | AIR - Airfare | $ 1,075.76 |
| | | One-way, economy class from MCO to DFW for EFH board meeting | |
| 5/4/2016 | Luria, Neil | AIR - Airfare | $ 222.09 |
| | | One-way, economy class DFW to LAX for return trip from board meeting in Dallas | |
| 5/15/2016 | Luria, Neil | AIR - Airfare | $ 661.10 |
| | | One-way, economy class CLE to LGA for Evercore Meeting | |
| 5/4/2016 | Nowitz, Raoul | AIR - Airfare | $ 506.20 |
| | | Round-trip, economy class ATL - DFW for EFH Board Meeting | |
| 5/16/2016 | Nowitz, Raoul | AIR - Airfare | $ 1,122.20 |
| | | Roundtrip, economy class ATL to LGA for Evercore meeting | |
| | | Total Airfare: | $ 5,005.75 |
| | | | |
| 5/3/2016 | Cumbee, Matthew | GRTRAN - Ground Transportation | $ 57.20 |
| | | Cab to ORD Airport | |
| 5/3/2016 | Cumbee, Matthew | GRTRAN - Ground Transportation | $ 10.00 |
| | | Cab to hotel in Dallas | |
| 5/4/2016 | Cumbee, Matthew | GRTRAN - Ground Transportation | $ 62.30 |
| | | Cab from airport to home | |
| 5/4/2016 | Cumbee, Matthew | GRTRAN - Ground Transportation | $ 5.00 |
| | | Cab from hotel to meeting | |
| 5/16/2016 | Cumbee, Matthew | GRTRAN - Ground Transportation | $ 67.04 |
| | | Cab from hotel to LGA Airport | |
| 5/16/2016 | Cumbee, Matthew | GRTRAN - Ground Transportation | $ 13.80 |
| | | Cab to Evercore meeting in NY | |
| 5/16/2016 | Cumbee, Matthew | GRTRAN - Ground Transportation | $ 60.00 |
| | | Cab from home to ORD Airport | |
| 5/16/2016 | Cumbee, Matthew | GRTRAN - Ground Transportation | $ 61.40 |
| | | Cab from ORD Airport to home | |
| 5/3/2016 | Luria, Neil | GRTRAN - Ground Transportation | $ 69.60 |
| | | Cab from DFW Airport to Energy Plaza | |
| 5/4/2016 | Luria, Neil | GRTRAN - Ground Transportation | $ 11.00 |
| | | Cab to Energy Plaza in Dallas | |
| 5/4/2016 | Luria, Neil | GRTRAN - Ground Transportation | $ 47.90 |
| | | Cab to hotel in Dallas | |
| 5/15/2016 | Luria, Neil | GRTRAN - Ground Transportation | $ 92.98 |
| | | Car service to CLE Airport | |
| 5/15/2016 | Luria, Neil | GRTRAN - Ground Transportation | $ 49.99 |
| | | Car service from LGA to mid-town. | |
| 5/17/2016 | Luria, Neil | GRTRAN - Ground Transportation | $ 100.00 |
| | | Car service to EWR Airport | |
| 5/3/2016 | Nowitz, Raoul | GRTRAN - Ground Transportation | $ 15.00 |

# Energy Future Holdings Corp – May 2016

| Date | Person | Expense Code | Fee |
|------|--------|--------------|-----|
| | | Cab to hotel in Dallas | |
| 5/4/2016 | Nowitz, Raoul | GRTRAN - Ground Transportation | $ 69.30 |
| | | Cab from airport to home | |
| 5/16/2016 | Nowitz, Raoul | GRTRAN - Ground Transportation | $ 41.60 |
| | | Cab to meeting Evercore meeting | |
| 5/16/2016 | Nowitz, Raoul | GRTRAN - Ground Transportation | $ 32.00 |
| | | Parking fees at ATL Airport | |
| | | Total Ground Transportation: | $ 866.11 |
| | | | |
| 5/3/2016 | Cumbee, Matthew | HOTEL - Hotel and Lodging | $ 350.00 |
| | | Room rate and taxes - 1 night in Dallas | |
| 5/4/2016 | Luria, Neil | HOTEL - Hotel and Lodging | $ 350.00 |
| | | Room rate and taxes - 1 night in Dallas | |
| 5/15/2016 | Luria, Neil | HOTEL - Hotel and Lodging | $ 500.00 |
| | | Room rate and taxes - 1 night in New York | |
| 5/16/2016 | Luria, Neil | HOTEL - Hotel and Lodging | $ 500.00 |
| | | Room rate and taxes - 1 night in New York | |
| 5/4/2016 | Nowitz, Raoul | HOTEL - Hotel and Lodging | $ 350.00 |
| | | Room rate and taxes - 1 night in Dallas | |
| | | Total Hotel and Lodging: | $ 2,050.00 |
| | | | |
| 5/3/2016 | Cumbee, Matthew | MEALS - Out of Town Meals | $ 9.90 |
| | | Attendee(s):   M. Cumbee | |
| 5/3/2016 | Cumbee, Matthew | MEALS - Out of Town Meals | $ 40.00 |
| | | Attendee(s):   M. Cumbee | |
| 5/4/2016 | Cumbee, Matthew | MEALS - Out of Town Meals | $ 6.06 |
| | | Attendee(s):   M. Cumbee | |
| 5/16/2016 | Cumbee, Matthew | MEALS - Out of Town Meals | $ 14.02 |
| | | Attendee(s):   M. Cumbee | |
| 5/3/2016 | Luria, Neil | MEALS - Out of Town Meals | $ 40.00 |
| | | Attendee(s):   N. Luria | |
| 5/4/2016 | Luria, Neil | MEALS - Out of Town Meals | $ 13.25 |
| | | Attendee(s):   N. Luria | |
| 5/16/2016 | Luria, Neil | MEALS - Out of Town Meals | $ 40.00 |
| | | Attendee(s):   N. Luria | |
| 5/16/2016 | Luria, Neil | MEALS - Out of Town Meals | $ 13.01 |
| | | Attendee(s):   N. Luria | |
| 5/3/2016 | Nowitz, Raoul | MEALS - Out of Town Meals | $ 10.78 |
| | | Attendee(s):   R. Nowitz | |
| 5/3/2016 | Nowitz, Raoul | MEALS - Out of Town Meals | $ 80.00 |
| | | Attendee(s):   R. Nowitz, N. Luria | |
| 5/4/2016 | Nowitz, Raoul | MEALS - Out of Town Meals | $ 19.82 |
| | | Attendee(s):   R. Nowitz | |
| 5/4/2016 | Nowitz, Raoul | MEALS - Out of Town Meals | $ 40.00 |
| | | Attendee(s):   R. Nowitz | |
| 5/16/2016 | Nowitz, Raoul | MEALS - Out of Town Meals | $ 20.93 |
| | | Attendee(s):   R. Nowitz | |
| 5/16/2016 | Nowitz, Raoul | MEALS - Out of Town Meals | $ 9.80 |
| | | Attendee(s):   R. Nowitz | |

# Energy Future Holdings Corp – May 2016

| Date | Person | Expense Code | Fee |
|------|--------|--------------|-----|
| 5/16/2016 | Nowitz, Raoul | MEALS - Out of Town Meals | $ 18.95 |
| | | Attendee(s):   R. Nowitz | |
| 5/16/2016 | Nowitz, Raoul | MEALS - Out of Town Meals | $ 40.00 |
| | | Attendee(s):   R. Nowitz | |
| | | Total Out of Town Meals: | $ 416.52 |
| | | | |
| 5/3/2016 | Nowitz, Raoul | MILES - USA - Mileage | $ 16.74 |
| | | Mileage to ATL Airport | |
| 5/16/2016 | Nowitz, Raoul | MILES - USA - Mileage | $ 33.48 |
| | | Mileage to/from ATL Airport | |
| | | Total USA - Mileage: | $ 50.22 |
| | | | $ 8,388.60 |

# Energy Future Holdings Corp – June 2016

| Date | Person | Expense Code | Fee |
|---|---|---|---|
| 6/1/2016 | Cumbee, Matthew | AIR - Airfare | $ 149.10 |
| | | One-way, economy class from ORD to LGA for meetings with select creditor advisers | |
| 6/1/2016 | Cumbee, Matthew | AIR - Airfare | $ 0.00 |
| | | Extra leg room ORD to LGA | |
| 6/2/2016 | Cumbee, Matthew | AIR - Airfare | $ 149.10 |
| | | One-way, economy class from LGA to ORD for return trip | |
| 6/2/2016 | Cumbee, Matthew | AIR - Airfare | $ 0.00 |
| | | LGA to ORD Main Cabin | |
| 6/2/2016 | Nowitz, Raoul | AIR - Airfare | $ 1,103.20 |
| | | Round-trip, economy class from ATL-LGA for meetings with select creditor advisers | |
| | | Total Airfare: | **$ 1,401.40** |
| | | | |
| 6/1/2016 | Cumbee, Matthew | GRTRAN - Ground Transportation | $ 49.59 |
| | | Cab to hotel | |
| 6/1/2016 | Cumbee, Matthew | GRTRAN - Ground Transportation | $ 60.00 |
| | | Cab to ORD | |
| 6/2/2016 | Cumbee, Matthew | GRTRAN - Ground Transportation | $ 43.28 |
| | | Cab to home | |
| 6/1/2016 | Nowitz, Raoul | GRTRAN - Ground Transportation | $ 10.75 |
| | | Taxi  from dinner | |
| 6/1/2016 | Nowitz, Raoul | GRTRAN - Ground Transportation | $ 65.44 |
| | | Taxi from airport | |
| 6/1/2016 | Nowitz, Raoul | GRTRAN - Ground Transportation | $ 19.24 |
| | | Taxi to dinner | |
| 6/2/2016 | Nowitz, Raoul | GRTRAN - Ground Transportation | $ 68.00 |
| | | Hartsfield Jacksonville Atlanta Int'l Airport parking | |
| | | Total Ground Transportation: | **$ 316.30** |
| | | | |
| 6/2/2016 | Cumbee, Matthew | HOTEL - Hotel and Lodging | $ 346.83 |
| | | Room rate and taxes - 1 night in New York | |
| 6/2/2016 | Nowitz, Raoul | HOTEL - Hotel and Lodging | $ 484.06 |
| | | Room rate and taxes - 1 night in New York | |
| | | Total Hotel and Lodging: | **$ 830.89** |
| | | | |
| 6/1/2016 | Nowitz, Raoul | MEALS - Out of Town Meals | $ 21.32 |
| | | Attendee:   R. Nowitz | |
| 6/1/2016 | Nowitz, Raoul | MEALS - Out of Town Meals | $ 40.00 |
| | | Attendee:   R. Nowitz | |
| 6/1/2016 | Nowitz, Raoul | MEALS - Out of Town Meals | $ 40.00 |
| | | Attendee:   R. Nowitz | |
| 6/1/2016 | Nowitz, Raoul | MEALS - Out of Town Meals | $ 37.43 |
| | | Attendee:   R. Nowitz | |
| 6/2/2016 | Nowitz, Raoul | MEALS - Out of Town Meals | $ 40.00 |
| | | Attendee:   R. Nowitz | |
| 6/2/2016 | Nowitz, Raoul | MEALS - Out of Town Meals | $ 0.00 |
| | | Attendee:   R. Nowitz | |

## Energy Future Holdings Corp – June 2016

| Date | Person | Expense Code | | Fee |
|------|--------|--------------|--|-----|
| | | | Total Out of Town Meals: | $ 178.75 |
| 6/2/2016 | Nowitz, Raoul | MILES - USA - Mileage from home to airport | | $ 16.74 |
| 6/2/2016 | Nowitz, Raoul | MILES - USA - Mileage from airport to home | | $ 16.74 |
| | | | Total USA - Mileage: | $ 33.48 |
| | | | | $ 2,760.82 |