**Exhibit A**

[Proposed Order]

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 4978, 4979, 5251, 6778** |

**ORDER (THIRD) SUSTAINING TWENTY-THIRD OMNIBUS (SUBSTANTIVE)
OBJECTION TO (CERTAIN IMPROPERLY ASSERTED) CLAIMS PURSUANT
TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 3001, 3003, AND 3007 AND LOCAL BANKRUPTCY RULE 3007-1**

Upon the objection (the "Objection")[2] of EFH Corp. for entry of an order (this "Order")

modifying the Disputed Claims set forth herein, all as set forth in the Objection and the Carter

Declaration; and the Court having previously entered the *Order Sustaining Twenty-Third*

*Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section*

*502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy*

*Rule 3007-1* [D.I. 5251] and the *Order (Second) Sustaining Twenty-Third Omnibus (Substantive)*

*Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy*

*Code, Bankruptcy Rules 3001, 3003, and 3007 and Local Bankruptcy Rule 3007-1* [D.I. 6778];

and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. §

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

157(b)(2); and the Court having found that venue of this case and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of EFH Corp.'s estate, its creditors, and other parties in interest; and the Court having found that EFH Corp. provided appropriate notice of the Objection and the opportunity for a hearing on the Objection under the circumstances; and the Court having reviewed the Objection and related documents in support of the relief requested therein; and the Court having determined that the legal and factual bases set forth in the Objection and related documents establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Objection is sustained as set forth herein.

2.     Proof of Claim number 2221 filed by Tannor Partners Credit Fund L.P. is hereby modified as provided on the attached **Exhibit 1**.

3.     The Wrong Debtor and Modify Amount Claim set forth on the attached **Exhibit 2** is hereby modified as provided on the attached **Exhibit 2**.

4.     The Claims Agent is authorized to modify the Claims Register to comport with the entry of this Order.

5.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.     EFH Corp. is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

52466199v1

7.      This Court shall retain exclusive jurisdiction to resolve any dispute arising from

or related to this Order.


Wilmington, Delaware
Dated: _____, 2016                        _____
                                            THE HONORABLE CHRISTOPHER S. SONTCHI
                                            UNITED STATES BANKRUPTCY JUDGE

3

**ENERGY FUTURE HOLDINGS CORP., et al.**

**TWENTY-THIRD OMNIBUS (NON-SUBSTANTIVE): EXHIBIT 1 TO ORDER – Wrong Debtor Claim**

| | NAME | CLAIM # | ASSERTED DEBTOR | ASSERTED PRIORITY STATUS | ASSERTED CLAIM AMOUNT | MODIFIED DEBTOR | MODIFIED PRIORITY STATUS | MODIFIED CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | TANNOR PARTNERS CREDIT FUND LP AS ASSIGNEE FOR LEICA GEOSYSTEMS ET AL 150 GRAND ST STE 401 WHITE PLAINS, NY 10601 | 2221 | Energy Future Holdings Corp. | 503(b)(9) | $3,994.51 | Luminant Mining Company LLC | 503(b)(9) | $3,994.51 |

REASON FOR MODIFICATION: Modified Debtor reflects the Debtor(s) against which the claim is properly asserted according to the Debtors' books and records.

| | | | | TOTAL | $3,994.51 | | TOTAL | $3,994.51 |

**ENERGY FUTURE HOLDINGS CORP., et al.**

**TWENTY-THIRD OMNIBUS (SUBSTANTIVE): EXHIBIT 2 TO ORDER – Wrong Debtor and Modify Amount Claims**

| | NAME | CLAIM # | DEBTOR | ASSERTED PRIORITY STATUS | CLAIM AMOUNT | MODIFIED DEBTOR | PRIORITY STATUS | CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | REDDY ICE CORPORATION | 3250 | Energy Future Holdings Corp. | 503(b)(9) | $2,308.00 | Luminant Generation Company LLC | 503(b)(9) | $1,084.46 |
| | 5720 LYNDON B JOHNSON FWY STE 200 DALLAS, TX 75240-6396 | | Energy Future Holdings Corp. | Unsecured | $632.08 | Luminant Mining Company LLC | 503(b)(9) | $175.50 |
| | | | | | | Luminant Mining Company LLC | Unsecured | $1,281.09 |
| | TRANSFERRED TO: LIQUIDITY SOLUTIONS, INC. | | | | | Oak Grove Management Company LLC | Unsecured | $151.00 |
| | TRANSFEROR: REDDY ICE CORPORATION ONE UNIVERSITY PLAZA SUITE 312 HACKENSACK, NJ 07601 | | | Subtotal | $2,940.08 | | Subtotal | $2,692.05 |

**REASON FOR MODIFICATION:** Modified Debtor reflects the Debtor(s) against which the claim is properly asserted according to the Debtors' books and records. Modified amount reflects (1) adjustment to amount asserted under 503(b)(9) priority status for credits owed to the Debtor in the amount of $1,746.04, which claimant incorrectly applied to the amount asserted as unsecured, according to the Debtors' books and records; (2) adjustment on account of invoice no. 10346507, for which the Debtors are not liable, according to their books and records (liability, if any, is owed by a non-Debtor third-party); and (3) adjustment for sales tax asserted (Debtor pays sales tax through a Texas Direct Pay Exemption Certificate).

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | TOTAL | $2,940.08 | | TOTAL | $2,692.05 |