**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## UNDERTAKING FOR TCEH FIRST LIEN CREDITOR PLAN DISTRIBUTION ALLOCATION DISPUTE

Pursuant to the terms of the Order Establishing the Plan Reserve for TCEH First Lien Creditor Plan Distribution Allocation Dispute (D.I. 9718) (the "Order"),[2] the undersigned, Brookfield Titan Holdings LP (hereinafter, "Brookfield Titan" or the "Undertaking Party"), a Brookfield affiliate, provides this Undertaking for the sole benefit of the TCEH First Lien Notes Trustee with respect to 100% (the "Undertaking Percentage") of the Plan Distributions Holdback to its $387,881,416 Allowed TCEH First Lien Credit Agreement Claim (the "Claim"):

1. [Omitted as not applicable to Undertaking Party]

2. Promptly upon the entry of an order by a court of competent jurisdiction that directs the reversal of the Allocation Order, or has the effect of reversing the finding and conclusion in the Allocation Order that the Petition Date Allocation Method (as defined in the Allocation Order) is the appropriate method for distributing the Plan Distributions and determines that the Plan Distributions are to be allocated among the TCEH First Lien Creditors

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order.

pursuant to the Postpetition Interest Allocation Method (as defined in the Allocation Order) (a "Reversal Order"), Reorganized TCEH shall provide written notice of such Reversal Order (a "Reversal Order Notice") to the Undertaking Party via facsimile and overnight delivery service at the address listed below in the signature block. The Reversal Order Notice shall include all necessary instructions for compliance with the Reversal Order.

3. The Undertaking Party hereby agrees that, within 12 Business Days of delivery of the Reversal Order Notice, it shall deposit to Escrow, in accordance with the instructions provided in the Reversal Order Notice: (a) with respect to the Reorganized TCEH Common Stock portion of the Plan Distributions Holdback distributed to the Holder of the Claim ("TCEH Stock Holdback"), its Undertaking Percentage of the TCEH Stock Holdback; **AND** (b) with respect to the other Plan Distributions Holdback received by the Holder of the Claim (the "Non-Stock Holdback"), either (X) its Undertaking Percentage of the Non-Stock Holdback, **OR** (Y) a cash amount representing the product of (i) its Undertaking Percentage times (ii) the Holdback Percentage times (iii) the Allowed amount of the Claim times (iv) the Non-Stock Distribution Value pursuant to the Order, regardless of whether such Undertaking Party retains or has transferred all or any portion of the Non-Stock Holdback, **OR** (Z) if the Undertaking Party has sold the Non-Stock Holdback to an unaffiliated party or at a market value (if there is an established trading price for this consideration at the time of sale), a cash amount representing the aggregate price at which the Undertaking Party sold its Undertaking Percentage of the Non-Stock Holdback and additional cash (if any) received by the Undertaking Party with respect to its Undertaking Percentage of the Non-Stock Holdback.

4. Each Undertaking Party, severally and not jointly, for so long as it has not fully complied with Paragraph 3 above within the time required hereby (i) consents to entry by the

Court of a money judgment against it in an amount up to the amount for which the Undertaking Party is liable pursuant to Paragraph 2 above but has not returned to Escrow (or another account as may be directed by a court of competent jurisdiction) pursuant to Paragraph 3 above, (ii) waives any and all "mere conduit" and other defenses that it might otherwise be able to raise in proceedings to obtain or enforce such a judgment or any other proceedings regarding the enforcement of the Order, and (iii) agrees, from and after entry of a money judgment against it pursuant to Paragraph 4(i), not to oppose any party in interest from seeking to enforce such judgment until satisfied in full and to pay the costs and reasonable attorneys' fees incurred by such party in connection with enforcing such judgment; <u>provided</u>, <u>however</u>, that nothing herein shall affect such Undertaking Party's right to contest whether the conditions of Paragraph 2 have been satisfied.

5. The TCEH First Lien Notes Trustee shall have no obligation to take any action or pursue any remedy in connection with any Undertaking Party's breach of this Undertaking absent receiving a direction and an indemnity in accordance with the terms of the First Lien Notes Indenture that is satisfactory to the TCEH First Lien Notes Trustee in its sole discretion.

6. The Undertaking Party shall take reasonable actions to ensure that its representations in this Undertaking continue to be accurate and complete, and that it is able to satisfy the obligations it has assumed in accordance with this Undertaking. The Undertaking Party's obligations under this Undertaking shall terminate upon compliance with the TCEH First Lien Creditor Plan Distribution Allocation Order (as defined in the Plan) or by Court order.

7. Paragraph 7 of the standard form undertaking does not apply to the Undertaking Party. Instead, the Undertaking Party, as a Brookfield affiliate, shall maintain a coverage ratio such that its net assets are at all times four (4) times greater than the value of the amounts that

would otherwise have been placed in reserve absent the Undertaking.  If at any time prior to a TCEH First Lien Creditor Plan Distribution Allocation Order the coverage ratio falls below the four (4) times threshold, Brookfield Titan (or the applicable Brookfield affiliate) will place in Escrow 16.555% of its TCEH Stock Holdback (or true up its contribution to that amount if it had previously paid in the 7.20% following entry of a Reversal Order).

8. In the event that notice to the Undertaking Party is required, including without limitation in the event of the entry of a Reversal Order, such notice shall be deemed effective on the date sent, via overnight delivery service, to the Undertaking Party at the address listed below in the signature block.

9. The Undertaking Party hereby submits to the jurisdiction of the Bankruptcy Court for the District of Delaware for the resolution of any disputes arising as a result of this Undertaking.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

[SIGNATURE PAGE TO UNDERTAKING]

Date: October 19, 2016

                                            **BROOKFIELD TITAN HOLDINGS LP**
By:  Titan Co-Investment GP, LLC
its General Partner

By: _____ /s/ Kristen Haase _____
Name: Kristen Haase
Title: Vice President and Secretary


ADDRESS FOR NOTICE AND SERVICE OF PROCESS

Joe Freedman
Brookfield Asset Management
Brookfield Place
181 Bay Street, Suite 300
Toronto, ON M5J 2T3

David Neiman
Brookfield Asset Management
250 Vesey Street, 15th Floor
New York, NY 10281-1023