## EXHIBIT C

**Cravath, Swaine & Moore LLP Engagement Letter**

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

————
CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

+1 (212) 474-1978

STUART W. GOLD
JOHN W. WHITE
EVAN R. CHESLER
MICHAEL L. SCHLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
C. ALLEN PARKER
SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
CHRISTINE A. VARNEY
PETER T. BARBUR

SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN

GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO

KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL
PAUL C. SAUNDERS

As of November 16, 2014

Engagement Agreement—Energy Future Intermediate Holding
Company LLC Disinterested Director

Ladies and Gentlemen:

        This letter confirms the agreement of Energy Future Intermediate
Holding Company LLC ("you" or "your") to engage Cravath, Swaine & Moore LLP
("we", "our" or "us") to represent and advise you, reporting to and under the sole
direction of your disinterested manager, Charles H. Cremens.

        Our engagement is limited to representing and advising you in
connection with "Conflict Matters" as defined in resolutions of your Board of Managers
adopted November 7, 2014 and supplemented by resolutions adopted December 9, 2014,
a copy of which is attached hereto, and in advising your disinterested manager on
whether a matter is a Conflict Matter.

        The services we will provide in connection with this engagement will
encompass all services normally and reasonably associated with this type of engagement
that we are requested and are able to provide and that are consistent with our ethical
obligations, including review of documents, providing legal analysis and advice,
consultation regarding strategy, and appearance on your behalf in the Bankruptcy
Court, its appellate courts and any other court as you may specifically request. Philip
Gelston and I will coordinate all engagement matters on our behalf.

        Attached to this letter is a description of the Firm's billing practices. We
review and may change our hourly base rates each year, typically as of January 1. We
will send you an invoice monthly for the hourly progress incurred. Subject to any
applicable Bankruptcy Court order, invoices are due within 60 days after receipt (other
than amounts being disputed in good faith).

        Our employment and payment of our fees and expenses are subject to
approval of the Bankruptcy Court. We will promptly apply to the Bankruptcy Court for

approval. Because we are not admitted to practice law in Delaware, we will need to associate Delaware counsel as a condition to appearing in the Bankruptcy Court.

Because of the nature of our practice, we may concurrently represent one client in a particular matter and the adversary of that client in an unrelated matter, or more than one client in a Restructuring Matter, whose interests are not adverse to each other. If a conflict of interest arises in the future between you and another of our clients, we will notify you of the conflict (unless providing such notification to you would violate our ethical duty to our other client, in which case we will notify you once providing notice no longer violates our ethical duty to our other client), and you agree to waive any such conflict of interest or other objection that would preclude our representation of the other client (a) in other current or future matters substantially unrelated to this engagement, as long as we have reasonably determined that our responsibilities to you and to the other client would not be adversely limited by the concurrent representations and that we can undertake each engagement without violating any applicable ethical rules or Bankruptcy Code provisions or (b) in another Restructuring Matter in which you may be a creditor or other party in interest of our other client. However, other than as described in clause (b) of the preceding sentence, we may not represent other entities or persons in litigation, arbitration, or other dispute resolution procedure directly adverse to you. As used in this paragraph, "Restructuring Matter" means matter: (a) arising in, arising under, or relating to, the Bankruptcy Code (or analogous state or foreign statute); (b) concerning a financing, refinancing, recapitalization, restructuring, or out-of-court workout of debt or equity; or (c) involving a company that might be in the vicinity of insolvency.

To further this agreement, you agree that you will not, for yourself or for any other party, assert that our representation of you in this engagement or in another engagement is a basis for disqualifying us from representing another party in any such other matter to the extent allowed by this agreement, and you agree that our representation of another party in any such other matter does not constitute a breach of duty to you. The agreement is subject to the Bankruptcy Code's requirements that we remain "disinterested" during our engagement and that we not hold, and not represent in connection with your chapter 11 case any client who holds, an interest adverse to the estate or to any class of creditors or equity security holders.

We have previously advised a holder of EFIH bonds with respect to the enforceability of the "make-whole" provision in the EFIH first and second lien bonds. That engagement has concluded, and the client in that engagement, who remains a client on unrelated matters, has consented to our undertaking this engagement and has waived any conflict that might arise from either representation. We have also previously represented, in connection with EFH's internal investigation before your chapter 11 case was filed, an investment bank who provided financial advisory services for the 2007 leveraged buy-out of Energy Future Holdings. That engagement has concluded; we continue to represent the bank on unrelated matters; and the bank does not have any objection to our undertaking this engagement. We were engaged by the Strategic Transactions Committee of the Board of Directors of TXU Corp. in connection with the 2007 leveraged buy-out. That Committee no longer exists, its members are no longer on

the Board of Directors of any TXU Corp. affiliate, and our representation has concluded. We will review the larger list of interested parties in your case for other client connections, which must be disclosed to the Bankruptcy Court in our employment application.

In accordance with our professional obligations, we will keep completely confidential all discussions, communications, ideas, strategies, and other information, whether written or oral, that we receive from you or the Disinterested Manager, not share any such information, directly or indirectly, in any manner with any other person and not use any such information for any other client's benefit without your or the other client's (as applicable) express and informed consent. You also agree not to assert that our possession of such information, even though it may relate to a matter for which we are representing another client or may be known to someone here working on the matter, (a) is a basis for disqualifying us from representing another of our clients in any matter in which you or any other party has an interest or (b) constitutes a breach of any duty we may owe to you, including any duty regarding information disclosure.

The provisions of this letter will continue in effect, including if you elect to end the engagement (which you are free to do at any time) or if we elect to end the engagement for good cause (which would be subject to ethical requirements and Bankruptcy Court approval). Good cause includes your breach of this agreement (including any material change in our engagement responsibilities without our consent or the failure to pay any amount when due under this agreement), your refusal or failure to cooperate with us, any fact or circumstance that would render our continuing representation unlawful or unethical, or, in our reasonable judgment, resignation of the engagement becomes necessary or appropriate.

At the conclusion of this matter, we will at your request return your file. If you do not request return of your file, we may destroy it after ten years from the conclusion of the matter.  Our own files pertaining to the matter will be retained by the firm.  These firm files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records.

You agree to make appropriate officers or employees available to us to assist as necessary in factual inquiries and factual determinations, court hearings and appearances, transactions and dealings relating to the subject matter on which we have been engaged.

This letter agreement shall be governed by, and construed in accordance with, the laws of the State of New York except to the extent that the Bankruptcy Code supersedes New York law with respect to this engagement.

If you have any questions or wish to discuss this further, please do not hesitate to call me.

With best regards.

Sincerely,

Richard Levin

Energy Future Intermediate Holding Company LLC
   Energy Plaza
     1601 Bryan Street
      Dallas, TX 75201
        Attention: Charles H. Cremens, Disinterested Manager

Encl.

ELECTRONIC MAIL

AGREED AND ACCEPTED AS OF NOVEMBER 16, 2014

ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC

By: _____
    Charles H. Cremens, Disinterested Manager