# EXHIBIT C

**Stevens & Lee, P.C. Engagement Letter**

SL1 1402813v1 109285.00006

# STEVENS & LEE
## LAWYERS & CONSULTANTS

1105 North Market Street
Suite 700
Wilmington, DE 19801
www.stevenslee.com

Direct Dial:  (302) 425-3310
Email:  jhh@stevenslee.com
Direct Fax:  (610) 371-7972

December 24, 2014

*Via Email and Regular Mail*

Energy Future Intermediate Holding Company LLC
Energy Plaza
1601 Bryan Street
Dallas, TX 75201
Attn; Charles H. Cremens

Re:  **Energy Future Intermediate Holding Company LLC - Chapter 11 Proceeding**

Dear Ladies and Gentlemen:

Thank you for engaging us to act as Delaware counsel to Energy Future Intermediate Holding Company LLC ("you" or the "Company") to the extent set forth below to assist Cravath, Swaine & Moore LLP ("Cravath") x. We are to act under the sole direction of Charles H. Cremens, as disinterested manager, in the above Chapter 11 bankruptcy pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). This letter confirms that our initial conflicts check revealed no reason why we cannot assist the Company, and sets forth the terms and conditions of our engagement. We have also performed a more thorough review of "interested parties" supplied to us by the Debtors' lead counsel in these cases for purposes of determining whether we are "disinterested" for purposes of the Bankruptcy Code and conclude that we are. Because of the pressing nature of your needs, we commenced work on November 26, 2104, and these terms relate back to that date.

The Rules of Professional Conduct suggest that we enter into a written agreement describing the basis upon which you will be charged for professional services performed by our firm. This letter confirms the scope of our engagement and provides you with a description of our billing procedures.

Scope of Engagement

We are to act as Delaware counsel for all matters relating to the Company in connection with the "Conflict Matters" as defined in resolutions of your Board of Managers adopted

Philadelphia • Reading • Valley Forge • Lehigh Valley • Harrisburg • Lancaster • Scranton
Wilkes-Barre • Princeton • Cherry Hill • New York • Wilmington

A PROFESSIONAL CORPORATION

SL1 1337571v6 109285.00001 SL1 1337571v6 109285.00001

# STEVENS & LEE
## LAWYERS & CONSULTANTS

Energy Future Intermediate Holding Company LLC
December 24, 2014
Page 2

November 7, 2014 and supplemented by resolutions adopted December 9, 2015, a copy of each of which is attached. If the scope of our services is enlarged beyond that, we may propose a separate fee arrangement for the additional work. The fact and terms of our retention are subject to application to and approval by the Bankruptcy Court, and to all of the billing and disclosure requirements of the United States Bankruptcy Code and Federal Rules of Bankruptcy Procedure, together with the requirements of the Office of the United States Trustee and the local rules of the Bankruptcy Court and any Bankruptcy Court orders, including orders relating to the Fee Committee.

Unlike many jurisdictions where local counsel is more "docket counsel" or an address for service of papers, the state and federal courts in Delaware insist that Delaware counsel be actively engaged in every matter; execute (and thus read and be responsible for) all documents which are filed with the court; act as the liaison with the court; and, unless specifically excused, be present at all "proceedings," a term which is broadly defined. As a consequence, we are expected to be conversant with all of the central issues in the case and its procedural posture without unnecessarily duplicating effort or attempting to usurp the role of lead counsel.

The Company acknowledges that Cravath is lead counsel, that we are not the Company's general counsel and that our acceptance of this engagement does not involve an undertaking to represent the Company or its interests other than as described above. Furthermore, the Company acknowledges that our representation does not entail a continuing obligation to advise it concerning legal developments that might have a bearing on its affairs generally or, after the completion of our engagement, to advise it about subsequent legal developments that might relate in some way to this matter. Except to the extent we are informed to the contrary by the Company, Cravath has full authority to direct our activities, negotiate with all other parties and otherwise act on the Company's behalf within the scope of its engagement in your chapter 11 case.

Fees, Disbursements and Other Expenses – Staffing

We strive to charge fees that are appropriate considering all of the circumstances. We consider the time (measured in tenths of an hour) devoted to a particular matter by the lawyers and paralegals who worked on that matter; the nature and complexity of the work performed; the expertise required to perform that work; the novelty and difficulty of the issues presented; the extent to which the urgency of the matter preempted other work; the extent to which the matter required special allocation of firm resources and staff overtime; and the result obtained. As noted above, our billing practices are governed by the Bankruptcy Code and Rules and the Delaware Bankruptcy Court's Local Rules, and are subject to review and approval by the Bankruptcy Court, the Office of the United States Trustee and the Fee Committee established in the case. Our current rates and proposed rates for 2015 are detailed below:.

# STEVENS & LEE
## LAWYERS & CONSULTANTS

Energy Future Intermediate Holding Company LLC
December 24, 2014
Page 3

|  | 2014 | 2015 |
|---|---|---|
| Attorney range: | $225 to $1,000 | $230 to $1,060. |
| Shareholders: | $430 to $1,000 | $400 to $1,060. |
| Of Counsel: | $445 to $650. | $410 to $700. |
| Associates: | $225 to $575 | $230 to $600. |
| Paralegals: | $220 to $260 | $240 to $270. |
| Legal assistants (for compensable professional services). | $160 | $165 |

Although the beginning of any engagement generally requires a more concentrated investment of senior lawyers' time in analysis and planning, we attempt to use the least expensive professionals competent to perform the required task. Junior staff, of course, work under the supervision of senior attorneys.

I will be the S&L attorney leading this Engagement, assisted by our Associate Camille C. Bent, paralegal Damien Dunnington, and legal assistant Stephanie L. Foster. In addition, from time to time we may require other S&L professionals to assist based upon efficiency and areas of required expertise. My current standard hourly rate is $680, Ms Bent's is $310.00, Mr. Dunnington's is $230, and Ms. Foster's is $160. Each is scheduled to increase slightly January 1, 2015, in accordance with our standard practice.

We bill monthly and will submit monthly fee statements. Subject to the review and approval of the Bankruptcy Court and the Fee Committee, our statements will be payable in full within 60 days of receipt unless another arrangement has been discussed and agreed to in advance. If at any time our invoice is not paid when due, we have the right to cease performing further work and to withdraw from the representation, subject in all respects to the Bankruptcy Court's approval. The Company would remain liable for any outstanding bills and unbilled fees and expenses in that event. Our billing and your payments are subject to the interim compensation protocol adopted by the Bankruptcy Court in this case providing for monthly payments and quarterly reconciliations, subject to additional review and approval by the Bankruptcy Court.

If the Company desires to make its payments of fees by electronic funds transfer, wiring and ACH instructions are included below.

Stevens & Lee operates as a firm. Therefore, the lawyer who serves as the Company's principal contact at the firm may seek assistance from or assign primary responsibility for a project to another lawyer who has experience in the particular area involved and who for that reason or otherwise is in a position to do the work most efficiently.

If you have any question or comment about our services, staffing, billing, or any other aspect of our representation, please contact me by any of the means listed in the inside address.

# STEVENS & LEE
## LAWYERS & CONSULTANTS

Energy Future Intermediate Holding Company LLC
December 24, 2014
Page 4

My legal assistant is Stephanie Foster and she can be reached at her direct dial number, (302) 425-3317. She will be glad to help you in my absence.

Duties and Responsibilities

Effective legal representation requires a high level of cooperation between attorney and client. You therefore agree to cooperate with us, to keep us fully informed of all developments which might affect our representation, and to perform your obligations under this letter. We, in turn, will rely on the information that you provide to us and agree to provide the legal services reasonably required by the matters described above and to respond to your inquiries. The Company also will make itself reasonably available to attend meetings, discovery proceedings and conferences, hearings, and other proceedings. When asked to perform some task, we are entitled to assume that Cravath has the Company's authority to approve negotiation, discovery and litigation strategy; causes of action and parties to any litigation; and acceptable terms of any compromise or agreement. In addition, they will be responsible for advising us whether any document we have prepared or received and sent to you for your approval or review is acceptable.

General Provisions

Enclosed with this letter is a statement entitled General Provisions, which apply to our representation to the extent not expressly superseded by this letter.

Conflicts

To determine if you are involved in any matter adverse to our firm or to our clients, we have checked the Company's name and certain other related and "interested" parties through our computerized conflicts checking system. We also provided the lawyers in all of our offices with notice that we are proposing to represent you. Other than as follows on a separate attachment, neither of those searches has revealed any such matter or conflict. We have agreed to establish an "ethical wall" to screen the teams of professionals working for any such entity from confidential matter relating to the other. Within 21 days before any hearing on our retention, we will perform any additional checking which may be advisable or reasonably required by the Bankruptcy Court or the United States Trustee. We therefore believe that we are "disinterested" as required by the Bankruptcy Code and will have no conflict in representing you in this matter and, to the extent there is a conflict, you have consented to our using the above procedures as a remedy.

It is common for this firm to be engaged to represent more than one party in a significant bankruptcy case in Delaware. At the commencement of this case we were approached by the Electric Reliability Council of Texas ("ERCOT") to advise it in connection with the assumption of its agreement with one or more of the Debtors in this case. We never received any confidential information and were never asked to provide substantive attention to any matter, however. In addition, ERCOT retained us local counsel to provide substantive attention to an entirely separate

# STEVENS & LEE
## LAWYERS & CONSULTANTS

Energy Future Intermediate Holding Company LLC
December 24, 2014
Page 5

bankruptcy case pending in the District of New Jersey, *In re North American Power Partners*. That matter has concluded and we do not otherwise represent ERCOT. We understand that ERCOT is not a creditor in the proceedings related to the Company but wanted to be sure that we had disclosed that relationship to you.

We also regularly represent certain utility companies who appeared to protect their rights under section 366 of the Bankruptcy Code at the beginning of these cases, but those matters were concluded early in the process and it is our understanding that neither do these matters affect the proceedings related to the Company. In addition, we represent and appeared for the City of Dallas, Texas, which is a creditor of a nondebtor affiliate of the debtors solely for the purpose of monitoring these proceedings. None of the lawyers, legal assistants or paralegals of the firm that represent the City of Dallas, Texas will be involved in this engagement, and we will establish an "ethical wall" to ensure that the Company's confidential information will not be shared with the City of Dallas, Texas or the lawyers, legal assistants or paralegals that represent the City of Dallas, Texas. We do not believe that either of these relationships constitutes a conflict or renders us "disinterested."

Our representation of the Company is limited to this engagement. Once the matter is concluded, the attorney-client relationship will end.

If the foregoing is acceptable, please confirm so by signing the enclosed copy of this letter in the space provided and returning it to me. We are pleased to have this opportunity to be of service. Thank you.

Very truly yours,

STEVENS & LEE

*/s/ Joseph H. Huston, Jr.*

Joseph H. Huston, Jr.

The undersigned represents that he has full authority to retain Stevens & Lee, has read and understood the terms and conditions set forth in this letter (including the attached General Provisions) and agrees to them.

Accepted and agreed to this 24th day of December, 2014:

Energy Future Intermediate Holding Company LLC

By: */s/Charles H. Cremens*
     Charles H. Cremens, as its disinterested manager

# STEVENS & LEE
LAWYERS & CONSULTANTS

Energy Future Intermediate Holding Company LLC
December 24, 2014
Page 6

**WIRE/ACH INSTRUCTIONS:**

Wells Fargo
600 Penn Street
Reading, PA 19601
ABA #121000248
Account of: Stevens & Lee, P.C
111 North Sixth St
P.O. Box 679
Reading, PA 19603-0679
Acct #: 2100010035934

**For ACH payment this routing number should be used:**
ACH Routing #: 031000503

**Special Instructions: Be sure to include your account name and number: Energy Future Intermediate Holding Company LLC, No. 109285.**

# STEVENS & LEE
## LAWYERS & CONSULTANTS

Energy Future Intermediate Holding Company LLC
December 24, 2014
Page 7

## Relationships with Potentially Interested Parties

| | |
|---|---|
| Alvaraz & Marsal | Current client; no active matter. |
| Charles Cremens | Affiliate/manager of the Company |
| AON Insurance Co. Trust, | Former Client; Affiliate of AON Hewitt Collective Inv. DIP Lender |
| Southern California Edison Company | Client; affiliate of So. Cal Edison Retirement Plan |
| Stichting Pensioenfonds DSM Nederlands | Client; Delaware counsel in a Chapter 11 case |
| HCC | Former Client |
| Liberty Mutual Insurance Co. | Client |
| RSUI Insurance Co. | Former Client |
| Blackrock Entities | An affiliate is Former Client |
| Redwood Capital Management | An affiliate is Former Client |
| Performance Contracting, Inc. | Former Client |

Stevens & Lee enjoys referral and co-counsel relationships with a number of the professionals involved in the case.

## **General Provisions**

Except as modified by the accompanying engagement letter, the following provisions will apply to the relationship between Stevens & Lee and our clients:

(1) The time for which a client will be charged will include, but will not be limited to, telephone and office conferences with a client and counsel, witnesses, consultants, court personnel, and others; conferences among our personnel; factual investigation; legal research; responding to clients' requests to provide information to auditors in connection with reviews or audits of financial statements; drafting of letters, pleadings, briefs, agreements, and other documents; travel time; waiting time in court, closings, or elsewhere; and time in depositions and other discovery proceedings.

(2) From time to time, internal conferences on a client's matter will take place among our personnel, and two or more may attend such conferences. It is our experience that this practice facilitates communication, improves the quality of the work, and ultimately is more efficient and economical.

(3) In addition to our fees, we will be entitled to payment or reimbursement for disbursements and other expenses incurred on behalf of a client such as photocopying, messenger and delivery, air freight, computerized research, videotape recording, travel (including mileage, parking, airfare, lodging, meals, and ground transportation), long distance telephone, telecopying, postage, court costs, transcripts, and filing fees. To the extent that we directly provide any of these services, we reserve the right to adjust the amount we charge, at any time or from time to time, as we deem appropriate, in light of our direct costs, our estimated overhead allocable to the services, and outside competitive rates. Unless special arrangements are made, fees and expenses of others (such as experts, investigators, witnesses, consultants, and court reporters) and other large disbursements (in excess of $300) will not be advanced by our firm and will be the responsibility of, and paid directly by, the client. Expenses are subject to the limits imposed by Local Bankruptcy Rule 2016-2

(4) Although we may, for a client's convenience, furnish estimates of fees or expenses that we anticipate will be incurred on a client's behalf, these estimates are subject to unforeseen circumstances and are by their nature inexact. We are not bound by any estimates except as otherwise expressly set forth in the engagement letter or otherwise agreed to by us in writing.

(5) Either at the beginning or during the course of our representation, we may express our opinions or beliefs concerning the matter or various courses of action and the results that might be anticipated. Any such statement made by any attorney or other employee of our firm is intended to be an expression of opinion only, based on information available to us at the time, and is not a promise or guarantee of any particular result.

(6) A client shall have the right at any time to terminate our services and representation upon written notice to the firm. Such termination shall not, however, relieve the client of the obligation to pay for all services rendered and disbursements and other expenses made or incurred on behalf of the client prior to the date of termination and for services rendered

and expenses incurred after such date to the extent they are required to protect our client's interests or as may be required by appropriate authorities.

(7) We reserve the right to withdraw from our representation with our client's consent or without consent for good cause, subject to Bankruptcy Court approval. "Good cause" may include the client's failure to honor the terms of the engagement letter, the client's failure to pay amounts billed in a timely manner, the client's failure to cooperate with us, or any fact or circumstance that would, in our view, impair an effective attorney-client relationship or would render our continuing representation inappropriate, unlawful, or unethical. If we elect to do so, the client will take all steps necessary to free us of any obligation to perform further, including the execution of any documents (including forms for substitution of counsel) necessary to complete our withdrawal, and we will be entitled to be paid for all services rendered and disbursements and other expenses made or incurred on behalf of the client prior to the date of withdrawal and for services rendered and expenses incurred after such date to the extent they are required to protect our client's interests or as may be required by appropriate authorities.

(8) We have found that our clients have become increasingly reliant upon various forms of electronic communication, such as e-mail, cellular telephones, other Internet communications, and electronic telefax (collectively, "Electronic Communications"), for purposes of day-to-day business communications. We note, however, that Electronic Communications may be inherently less secure than some traditional methods of communication (hard wired telephones and telefax, U.S. mail and commercial couriers, for example) and involve a risk of interception by unauthorized third parties. We understand that, because of the convenience and efficiency of Electronic Communications, you are willing to accept the risk of unauthorized interception and authorize us to communicate with you (and with others with whom we have dealings in connection with the matters we are handling for you) by means of Electronic Communications, unless you advise us in writing to the contrary.

(9) Any controversy, dispute, or claim arising out of or relating to our fees, expenses, performance of legal services, obligations reflected in this letter, or other aspects of our representation shall be resolved by the Bankruptcy Court, with the participation of interested parties entitled to participate in such disputes, such as the Office of the United States Trustee, and any official committees appointed by the court.

(10) Following the completion of this matter, the firm will not be precluded from accepting any other engagement on behalf of a client who may be adverse to you if such engagement is unrelated to the scope of our representation in this matter as described above and provided, of course, that any and all information that may be disclosed to the firm in the course of this matter shall not be disclosed to any former, current or future client of the firm.