**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | x | |
| In re | : | Chapter 11 |
| | : | |
| Energy Future Holdings Corp. *et al.*, | : | Case No. 14-10979 (CSS) |
| | : | |
| Debtors-in-Possession. | : | (Jointly Administered) |
| | : | (D.I. 1888) |
| | x | |

**FEE COMMITTEE'S REPORT CONCERNING UNCONTESTED FEE**
**APPLICATIONS AND SECTION 503(b) FEE REQUESTS FOR**
**HEARING ON OCTOBER 26, 2016 AT 10:00 A.M.**

TO:    THE HONORABLE CHRISTOPHER S. SONTCHI,
        UNITED STATES BANKRUPTCY JUDGE:

The Fee Committee appointed in the above-captioned chapter 11 cases (the "Fee

Committee") respectfully submits this report (the "Report") concerning 28 interim and final fee

applications (each an "Application" and, collectively, the "Applications") and requests that the

Applications be approved on an uncontested basis at the hearing scheduled for October 26, 2016.

The Report covers the applications for fees and expenses filed by the Retained Professionals,

largely—but not exclusively—for the Sixth Interim Fee Period (January 1, 2016 through

April 30, 2016).

Interim applications for work performed during the Seventh Interim Fee Period (May 1,

2016-August 31, 2016) began to be filed on or around October 15, 2016, and the Fee Committee

expects to report on uncontested fee applications from that time period at an omnibus hearing in

February, 2017.  For certain Retained Professionals, performing services for only T-Side

Debtors, the Fee Committee has requested that these professionals include the final weeks of

services with their seventh interim period requests, combining those requests with final fee

applications in the interests of efficiency.  The Fee Committee expects to report on final fee

applications for T-Side only professionals at an omnibus hearing towards the late spring next year.

In addition to the Applications, the Fee Committee recommends the Court's approval of certain fee requests (the "Fee Requests") of professional firms seeking estate reimbursement of professional fees based on the Court's December 2015 plan confirmation and the Amended Order Confirming the Sixth Amended Joint Plan (the "Plan") of Reorganization (the "December 9th Confirmation Order") (D.I. 7285) concerning certain non-retained professionals' compensation pursuant to 11 U.S.C. § 503(b).  These Fee Requests are addressed herein. *See infra* at pp. 22-26.

## EXECUTIVE SUMMARY

Since the issuance of its last report, dated August 11, 2016, the Fee Committee has reviewed and, herein, expresses its recommendation for approval of Applications seeking interim compensation and expenses that aggregate $24,234,489.16 in fees and $1,111,410.11 in expense reimbursements through April 30, 2016.  No objections have been filed.

To arrive at the recommendations in this Report, the Fee Committee, under the leadership of Chairman Richard Gitlin, has continued to meet on at least a monthly basis.  At these meetings, the Fee Committee again has engaged in extensive discussions of the Applications, authorized individual draft Letter Reports on each Application, and discussed and evaluated the responses from the Retained Professionals to the Letter Reports.[1]

Consistent with the previous five interim fee periods, the Retained Professionals have generally been responsive to the Fee Committee's requests for information and have been cooperative in discussing and resolving areas of concern.  In addition, because the regulatory

---

[1] Capitalized terms not otherwise defined shall have the meanings ascribed in prior Fee Committee Reports.

approval process was ongoing during the Sixth Interim Fee Period, professional activity in these bankruptcy cases was significantly lighter—with some exceptions—than in prior fee periods. The Fee Committee examined fees worked during this time period in light of that procedural fact. Sixth Interim Period Applications generally continued to achieve more consistent compliance with the Local Rules, U.S. Trustee Guidelines, and Fee Committee standards than in the first few fee periods. Again, the negotiation and resolution process was—for most professionals—less involved, requiring fewer recommended adjustments.

As in the five prior interim fee periods, the Fee Committee's review has focused on compliance with the applicable requirements and guidelines established by the Bankruptcy Code, the Executive Office of the U.S. Trustee, and the Fee Committee. Once again, the Fee Committee has identified and will continue to identify areas of concern, including: excessive numbers of attendees at hearings (including, during this fee period, bankruptcy professionals attending the Texas Public Utility Commission proceedings); time billed for invoicing activities and other administrative tasks that are properly part of a professional's overhead; and unreasonable amounts of time spent on retention and fee application activities. Other specific issues—such as a lack of sufficient detail in time records, block billing, timekeepers who appear to record time in half- or whole-hour increments (rather than the required tenth-hour increments), and travel expenses—also have been and will continue to be addressed by the Fee Committee. As noted, many of these guideline concerns have been significantly reduced or eliminated as of the Fifth Interim Fee Period.

The Fee Committee continues to calculate and monitor the cumulative impact of all rate increases, and it has specifically and repeatedly reserved its right, generally and in discussions and correspondence with individual Retained Professionals, to object to rate increases in

connection with interim and final fee applications as the aggregate effect of rate increases grows. Until the proceedings have concluded, the Fee Committee probably will not be able to provide the Court with the complete analysis necessary to determine meaningfully the reasonableness of any rate increases.

The total fees requested on an interim basis and approved or recommended for approval by the Fee Committee to date are set forth below:[2]

| CUMULATIVE TOTAL OF INTERIM FEES AND EXPENSE REIMBURSEMENTS REQUESTED[3] | | | | | |
|---|---|---|---|---|---|
| NUMBER OF APPLICANTS | HEARING DATE | APPROVED BY THE COURT | | RECOMMENDED BY FEE COMMITTEE FOR APPROVAL ON 10/26/16 | |
| | | FEES APPROVED | EXPENSES APPROVED | FEES | EXPENSES |
| FIRST INTERIM FEE PERIOD: APRIL 29, 2014 THROUGH AUGUST 31, 2014 | | | | | |
| 4 | December 29, 2014 | $12,862,747.75 | $353,843.86 | | |
| 1 | January 26, 2015 | $24,511,927.32 | $1,122,860.04 | | |
| 5 | February 18, 2015 | $16,517,565.76 | $820,543.45 | | |
| 6 | June 24, 2015 | $7,660,577.80 | $197,488.77 | | |
| 1 | February 18, 2016 | $1,092,339.62 | $166,506.74 | | |
| SECOND INTERIM FEE PERIOD: SEPTEMBER 1, 2014 THROUGH DECEMBER 31, 2014 | | | | | |
| 12 (professionals' 1st applications) | June 24, 2015 | $7,542,288.16 | $211,020.11 | | |
| 12 (professionals' 2d applications) | June 24, 2015 | $50,892,491.94 | $2,852,293.26 | | |
| 1 (professional's 2d application) | October 26, 2015 | $3,134,247.50 | $199,105.35 | | |
| 1 (professional's 1st application) | February 18, 2016 | $94,193.77 | $2,089.63 | | |
| 3 (professionals' 2d applications) | February 18, 2016 | $1,648,332.99 | $157,254.96 | | |
| THIRD INTERIM FEE PERIOD: JANUARY 1, 2015 THROUGH APRIL 30, 2015 | | | | | |
| 2 (professionals' 1st applications) | October 26, 2015 | $987,931.08 | $42,344.81 | | |
| 12 (professionals' 2nd applications) | October 26, 2015 | $21,696,829.99 | $731,858.25 | | |
| 12 (professionals' 3rd applications) | October 26, 2015 | $60,299,188.35 | $3,817,467.39 | | |
| 4 (professionals' 3d applications) | February 18, 2016 | $4,938,192.06 | $268,426.89 | | |
| FOURTH INTERIM FEE PERIOD: MAY 1, 2015 THROUGH AUGUST 31, 2015 | | | | | |
| 1 (professional's 1st application) | February 18, 2016 | $424,647.50 | $5,446.69 | | |

---

[2] A complete schedule of interim fee applications scheduled for hearing on October 26, 2016, along with the Fee Committee's recommended adjustments, is attached as **Exhibit A**.

[3] This table does not include the fees and expenses incurred by the Fee Committee Chair or Fee Committee counsel for the Fifth Interim Fee Period, which aggregate $1,000,000.00 in fees and $30,708.63 in expense reimbursement requests.  They, too, will be heard on October 26, 2016.

| | | | | | |
|---|---|---|---|---|---|
| 2 (professionals' 2d applications) | February 18, 2016 | $850,583.00 | $28,884.65 | | |
| 11 (professionals' 3d applications) | February 18, 2016 | $19,074,204.14 | $283,355.34 | | |
| 12 (professionals' 4th applications) | February 18, 2016 | $49,343,624.32 | $2,548,324.99 | | |
| 4 (professionals' 4th applications) | June 27, 2016 | $3,035,668.80 | $236,148.39 | | |
| FIFTH INTERIM FEE PERIOD: SEPTEMBER 1, 2015 THROUGH DECEMBER 31, 2015 | | | | | |
| 2 (professionals' 1st applications) | June 27, 2016 | $175,760.00 | $3,857.46 | | |
| 1 (professional's 2d application) | June 27, 2016 | $281,802.50 | $10,157.44 | | |
| 2 (professionals' 3d applications) | June 27, 2016 | $887,762.50 | $15,830.22 | | |
| 9 (professionals' 4th applications) | June 27, 2016 | $10,864,406.87 | $397,813.65 | | |
| 13 (professionals' 5th applications) | June 27, 2016 | $39,814,076.67 | $2,024,231.89 | | |
| 2 (professionals' 4th applications) | August 16, 2016 | $585,198.07 | $26,817.89 | | |
| 2 (professionals' 5th applications) | August 16, 2016 | $11,833,551.11 | $866,483.74 | | |
| 1 (professional's 2nd application for periods 3-5) | October 26, 2016 | | | $342,482.74 | 1,280.87 |
| SIXTH INTERIM FEE PERIOD: JANUARY 1, 2016 THROUGH APRIL 30, 2016 | | | | | |
| 2 (professionals' 2d applications) | October 26, 2016 | | | $281,603.00 | $1,851.62 |
| 1 (professional's 3rd application) | October 26,2016 | | | $237,948.75 | $3,635.99 |
| 2 (professionals' 4th applications) | October 26, 2016 | | | $819,098.00 | $23,368.38 |
| 11 (professionals' 5th applications) | October 26, 2016 | | | $6,970,587.12 | $122,168.67 |
| 10 (professionals' 6th applications) | October 26, 2016 | | | $15,582,769.55 | $959,104.58 |
| FINAL FEE APPLICATION | | | | | |
| 1 (professional's first and final application) | February 18, 2016 | $300,000.00 | $0.00 | | |
| 1 (professional's final fee application) | October 26, 2016 | | | $1,324,772.12 | $142,396.90 |

## APPLICATIONS FOR INTERIM COMPENSATION
## SCHEDULED FOR HEARING ON OCTOBER 26, 2016

The Applications scheduled to be heard on October 26, 2016—without objection—

generally correspond to work performed during the Sixth Interim Fee Period (January 1,

2016-April 30, 2016).  With one exception, noted at the outset, the Court has reviewed and

approved *all* of the interim applications for professional services through December 31, 2015.

**ISSUES IDENTIFIED**

The Fee Committee's review continues to focus on each applicant's compliance with the Local Rules, the U.S. Trustee Guidelines, the Bankruptcy Code and rules, and other applicable authorities (collectively, the "Fee Committee Standards").  The Fee Committee has paid particular attention to the nature and necessity of work performed during a time period that was, at least in the Chapter 11 proceedings, relatively quiet.  As expected, the Fee Committee noted significantly reduced billings from most professionals.

With respect to expenses, the Fee Committee has continued to identify charges in excess of case-specific caps, inadequately or wholly undocumented expenses, or expenses that the Fee Committee has expressly identified as non-compensable but for which Retained Professionals continue to seek reimbursement.  The Fee Committee yet again reminds professionals that they should not include non-compensable activities (such as editing bills) or expenses (such as in-house printer use or overtime pay) in their fee applications.

At least five professionals addressed in this Report are being compensated on a flat fee basis, approved by the Court at the outset of the proceedings under 11 U.S.C. § 328(a). Nevertheless, the fees remain subject to review under the "improvident" standard of section 328(a).  Accordingly, the Fee Committee has always reviewed the applications and payments of flat fee professionals.  As part of that review, the Fee Committee has analyzed the services provided as if the time spent were billed on an hourly basis.  Some fixed fee professionals continue to report notably high blended hourly rates.  The Fee Committee has discussed the issue with the fixed fee professionals and, as those professionals are aware, it will revisit the issue in connection with its review and reporting on final fee applications.

## THE APPLICATIONS

Currently, 30 uncontested interim fee applications are scheduled to be heard by the Court on October 26, 2016.[4]  The issues identified in each Application are summarized below.

### SECOND INTERIM FEE APPLICATION FOR WORK PERFORMED DURING THE THIRD, FOURTH, AND FIFTH INTERIM FEE PERIODS: JANUARY 1, 2015 THROUGH OCTOBER 31, 2015

1.   *Second Interim Fee Application of Charles River Associates as Natural Gas and Energy Consultant for the Official Committee of TCEH Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred From the Period of January 1, 2015 Through and Including October 31, 2015* [D.I.7619].

On January 12, 2016, Charles River Associates ("CRA") filed its Second Interim Fee Application seeking $363,732.00 in fees and $1,280.87 in expense reimbursements.  In its Letter Report to CRA, the Fee Committee identified several issues of concern—namely, the absence of electronic billing data, improperly "lumped" time entries, and expenses lacking documentation. CRA subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

---

[4] This number includes the 28 Applications recommended for Court approval in this Report along with the applications of the Fee Committee Chair and Fee Committee counsel, all of which will be heard on October 26, 2016.  *See Fifth Interim Application of Richard Gitlin, Individually, and as Chairman of Gitlin & Company LLC, as the Independent Member of the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From January 1, 2016 Through April 30, 2016* [D.I. 9766]; *Fifth Interim Application of Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From January 1, 2016 Through April 30, 2016* [D.I. 9764].

**SECOND INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE**
**SIXTH INTERIM FEE PERIOD: JANUARY 1, 2016 THROUGH APRIL 30, 2016**

2.      *Second Interim Fee Application of Bielli & Klauder, LLC, Co-Counsel for*
*Debtor and Debtor in Possession Energy Future Holdings Corp., for the*
*Period From January 1, 2016 Through and Including April 30, 2016*
[D.I. 8719].

On June 15, 2016, Bielli & Klauder, LLC ("BK") filed its Second Fee Application

seeking $10,934.00 in fees and $30.60 in expense reimbursements.  In its Letter Report to BK,

the Fee Committee identified very modest expense adjustments to which BK agreed as outlined

on **Exhibit A**.  The Fee Committee recommends that the Court approve this Application as

adjusted.

3.      *Second Interim Fee Application of Greenberg Traurig, LLP, as Special*
*Counsel for Certain Energy-Related Transactional Matters for the*
*Debtors and Debtors in Possession, for the Period From January 1, 2016*
*Through and Including April 30, 2016* [D.I. 9539].

On September 14, 2016, Greenberg Traurig, LLP ("Greenberg") filed its Second Fee

Application seeking $271,299.00 in fees and $1,821.02 in expense reimbursements.  In its Letter

Report to Greenberg, the Fee Committee identified very modest expense adjustments to which

Greenberg agreed as outlined on **Exhibit A**.  The Fee Committee recommends that the Court

approve this Application as adjusted.

**THIRD INTERIM FEE APPLICATION FOR WORK PERFORMED DURING THE**
**SIXTH INTERIM FEE PERIOD: JANUARY 1, 2016 THROUGH APRIL 30, 2016**

4.      *Third Interim Fee Application of Jenner & Block LLP Independent*
*Counsel for Energy Future Intermediate Holding Company LLC, for the*
*Period January 1, 2016 Through April 30, 2016* [D.I. 8735].

On June 15, 2016, Jenner & Block LLP ("Jenner") filed its Third Fee Application seeking

$237,948.75 in fees and $3,635.99 in expense reimbursements.  In its Letter Report to Jenner, the

Fee Committee recommended no deductions. The Fee Committee recommends that the Court

approve this Application as filed.

**FOURTH INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE
SIXTH INTERIM FEE PERIOD: JANUARY 1, 2016 THROUGH APRIL 30, 2016**

5.      *Fourth Interim Fee Application of McElroy, Deutsch, Mulvaney &
        Carpenter, LLP for Allowance of Compensation and for Reimbursement of
        Expenses Incurred During the Period January 1, 2016 Through April 30,
        2016* [D.I. 8722].

On June 15, 2016, McElroy, Deutsch, Mulvaney & Carpenter, LLP ("McElroy") filed its

Fourth Fee Application seeking $19,098.00 in fees and $45.00 in expense reimbursements.  In its

Letter Report to McElroy, the Fee Committee recommended no deductions.  The Fee Committee

recommends that the Court approve this Application as filed.

6.      *Fourth Interim Application of SOLIC Capital Advisors, LLC, Financial
        Advisor for Debtor Energy Future Holdings Corp., for Compensation for
        Services Rendered and Reimbursement of Expenses Incurred From
        January 1, 2016 Through April 30, 2016* [D.I. 8752].

On June 16, 2016, SOLIC Capital Advisors, LLC ("SOLIC") filed its Fourth Fee

Application seeking $800,000.00 in flat fees and $24,173.43 in expense reimbursements.  The

Fee Committee noted that the blended hourly rate during the fee period was excessive, and it has

reminded the professional that the Fee Committee closely monitors the blended hourly rate of all

flat fee professionals to ensure the continued reasonableness of flat fee arrangements.  In its

Letter Report to SOLIC, the Fee Committee also identified certain expense reimbursement

requests that were inadequately documented or are not compensable.  SOLIC subsequently either

provided adequate explanation for these issues or agreed to the adjustments set forth on

**Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted,

subject—as always—to the Fee Committee's right to revisit the blended rate issue in connection

with SOLIC's final fee application.

**FIFTH INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE
SIXTH INTERIM FEE PERIOD: JANUARY 1, 2016 THROUGH APRIL 30, 2016**

7.      *Fifth Interim Fee Application of AlixPartners, LLP Seeking Compensation
        for Services Rendered and Reimbursement of Expenses Incurred as
        Restructuring Advisor to the Official Committee of Unsecured Creditors of
        Energy Future Holdings Corporation, Energy Future Intermediate
        Holding Company, LLC, EFIH Finance Inc., and EECI, Inc. for the
        Period From January 1, 2016 Through April 30, 2016* [D.I. 8717].

On June 15, 2016, AlixPartners, LLP ("AlixPartners") filed its Fifth Fee Application

seeking $19,202.00 in fees and no expense reimbursements.  In its Letter Report to AlixPartners,

the Fee Committee identified one area of concern; namely, billing for the routine preparation of a

monthly bill.  AlixPartners agreed to the adjustments set forth on **Exhibit A**.  The Fee

Committee recommends that the Court approve this Application as adjusted.

8.      *Fifth Interim Fee Application of Balch & Bingham LLP, Special Counsel
        to the Debtor and Debtors in Possession, for the Period From January 1,
        2016 Through and Including April 30, 2016* [D.I. 8834].

On June 28, 2016, Balch & Bingham LLP ("Balch & Bingham") filed its Fifth Fee

Application seeking $1,164,908.50 in fees and $19,207.29 in expense reimbursements.  In its

Letter Report to Balch & Bingham, the Fee Committee identified several issues of concern,

including calculation errors.  Balch & Bingham subsequently either provided adequate

explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**.  The Fee

Committee recommends that the Court approve this Application as adjusted.

9.      *Fifth Interim Fee Application of Cravath, Swaine & Moore LLP
        Independent Counsel for Energy Future Intermediate Holding Company
        LLC, for the Period January 1, 2016 Through April 30, 2016* [D.I. 8780].

On June 20, 2016, Cravath, Swaine & Moore LLP ("Cravath") filed its Fifth Fee

Application seeking $500,880.00 in fees and $3,889.29 in expense reimbursements.  In its Letter

Report to Cravath, the Fee Committee identified only minor expense issues.  Cravath

subsequently either provided adequate explanation for these issues or agreed to certain

adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this

Application as adjusted.

> 10.  *Fifth Interim Fee Statement of Goldin Associates, LLC for Allowance of*
>      *an Administrative Claim for Compensation and Reimbursement of*
>      *Expenses Incurred From January 1, 2016 Through April 30, 2016*
>      [D.I. 8771].

On June 17, 2016, Goldin Associates, LLC ("Goldin") filed its Fifth Fee Application

requesting $600,000.00 in flat fee compensation and $5,026.26 in expense reimbursements.  The

Fee Committee noted that the blended hourly rate during the fee period was excessive, and it has

reminded the professional that the Fee Committee closely monitors the blended hourly rate of all

flat fee professionals to ensure the continued reasonableness of flat fee arrangements.  The Fee

Committee also identified minor expense issues, and Goldin agreed to deductions for them.  The

Fee Committee recommends that the Court approve this Application as adjusted, subject—as

always—to the Fee Committee's right to revisit the blended rate issue in connection with

Goldin's final fee application.

> 11.  *Fifth Interim Application of Greenhill & Co., LLC, as Financial Advisor*
>      *to Energy Future Competitive Holdings Company LLC and Texas*
>      *Competitive Electric Holdings Company LLC for Allowance of*
>      *Compensation and Reimbursement of Expenses for the Period January 1,*
>      *2016 Through April 30, 2016* [D.I. 8723].

On June 15, 2016, Greenhill & Co., LLC ("Greenhill") filed its Fifth Fee Application,

seeking $1 million in flat fees and $14,607.44 in expense reimbursements.  The Fee Committee

noted that the blended hourly rate during the fee period was excessive, and it has reminded the

professional that the Fee Committee closely monitors the blended hourly rate of all flat fee

professionals to ensure the continued reasonableness of flat fee arrangements.  In addition, the

Fee Committee did identify several expense issues of concern.  Greenhill subsequently either

provided adequate explanation or agreed to certain adjustments set forth on **Exhibit A**.  The Fee

Committee recommends that the Court approve this Application as adjusted, subject—as always—to the Fee Committee's right to revisit the blended rate issue in connection with Greenhill's final fee application.

> 12.    *Fifth Interim Fee Application of Guggenheim Securities, LLC, Investment Banker to the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. for Allowance of Compensation and Reimbursement of Expenses Incurred for the Period January 1, 2016 Through April 31, 2016* [D.I. 8720].

On June 15, 2016, Guggenheim Securities, LLC ("Guggenheim") filed its Fifth Fee Application seeking $1 million in flat fees and $24,441.34 in expense reimbursements.  The Fee Committee noted again that it closely monitors the blended hourly rate of all flat fee professionals to ensure the continued reasonableness of flat fee arrangements.  In its Letter Report to Guggenheim, the Fee Committee identified a minor expense issue, several instances of double-billing, and noted disproportionately high billing to retention and fee application matters. Guggenheim subsequently provided support for the expense request.  The Fee Committee recommends that the Court approve this Application as filed, subject to the Fee Committee's right—as always—to revisit the blended rate issue in connection with Guggenheim's final fee application.

> 13.    *Fifth Interim Application of Montgomery, McCracken, Walker & Rhoads, LLP as Delaware Bankruptcy Counsel and Conflicts Counsel to the EFH Official Committee for Compensation and Reimbursement of Expenses for the Period of January 1, 2016 Through April 30, 2016* [D.I. 8779].

On June 20, 2016, Montgomery, McCracken, Walker & Rhoads, LLC ("Montgomery") filed its Fourth Fee Application seeking $53,884.50 in fees and $7,254.92 in expenses.  In its Letter Report to Montgomery, the Fee Committee identified several issues of concern, including vague task descriptions or professionals performing non-compensable administrative tasks. Montgomery subsequently either provided adequate explanation for these issues or agreed to

certain adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court

approve this Application as adjusted.

14.     *Fifth Interim Fee Application of Munger, Tolles & Olson LLP, Counsel to
        Debtors and Debtors in Possession Energy Future Competitive Holdings
        Company LLC and Texas Competitive Electric Holdings Company LLC,
        for the Period From January 1, 2016 Through and Including April 30,
        2016* [D.I. 8733].

On June 15, 2016, Munger, Tolles & Olson LLP ("Munger Tolles") filed its Fifth Fee

Application seeking $975,237.50 in fees and $27,109.14 in expense reimbursements.  In its

Letter Report to Munger Tolles, the Fee Committee identified only minor expense issues.

Munger Tolles subsequently either provided adequate explanation for these issues or agreed to

certain adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court

approve this Application as adjusted.

15.     *Fifth Interim Application of Proskauer Rose LLP, Counsel for Debtor
        Energy Future Holdings Corp., for Compensation for Services Rendered
        and Reimbursement of Expenses Incurred From January 1, 2016 Through
        April 30, 2016* [D.I. 8718].

On June 15, 2016, Proskauer Rose LLP ("Proskauer") filed its Fifth Fee Application

seeking $1,512,145.50 in fees and $20,016.50 in expense reimbursements.  In its Letter Report to

Proskauer, the Fee Committee identified several issues of particular and continuing concern,

including notably high blended hourly rates and questionable staffing.  Proskauer subsequently

either provided adequate explanation for these issues or agreed to certain adjustments set forth on

**Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

16.     *Fifth Interim Fee Application of Stevens & Lee, P.C., Special Counsel for
        Energy Future Intermediate Holding Company LLC, for the Period of
        January 1, 2016 Through April 30, 2016* [D.I. 8744].

On June 16, 2016, Stevens & Lee, P.C. ("Stevens & Lee") filed its Fifth Fee Application

seeking $28,127.50.00 in fees and $463.15 in expense reimbursements.  In its Letter Report to

Stevens & Lee, the Fee Committee identified a minor issue of concern.  Stevens & Lee

subsequently agreed to certain adjustments set forth on **Exhibit A**.  The Fee Committee

recommends that the Court approve this Application as adjusted.

> 17.  *Fifth Interim Application of Sullivan & Cromwell LLP as Counsel to the EFH Committee for Interim Approval and Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period From January 1, 2016 Through and Including April 30, 2016* [D.I. 8721].

On June 15, 2016, Sullivan & Cromwell LLP ("Sullivan") filed its Fifth Fee Application

seeking $159,870.00 in fees and $5,494.95 in expense reimbursements.  In its Letter Report to

Sullivan, the Fee Committee identified several issues of continuing concern, including staffing

issues.  Sullivan subsequently either provided adequate explanation or agreed to certain

adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this

Application as adjusted.

### Sixth Interim Fee Applications for Work Performed During the Sixth Interim Fee Period: January 1, 2016 through April 30, 2016

> 18.  *Sixth Interim Fee Application of Alvarez & Marsal North America, LLC, in Their Capacity as Restructuring Advisors for the Debtors and Debtors in Possession, for the Period From January 1, 2016 Through and Including April 30, 2016* [D.I. 8851].

On July 1, 2016, Alvarez & Marsal North America, LLC ("Alvarez & Marsal") filed its

Sixth Fee Application seeking $1,646,787.00 in fees and $61,722.47 in expense reimbursements.

In its Letter Report to Alvarez & Marsal, the Fee Committee identified several issues of concern,

including staffing issues and certain expense items.  Alvarez & Marsal subsequently either

provided adequate explanation for these issues or agreed to certain adjustments set forth on

**Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

19.     *Sixth Interim Fee Application of Evercore Group L.L.C., Debtors'
        Investment Banker and Financial Advisor for Allowance of an
        Administrative Claim for Compensation and Reimbursement of Expenses
        Incurred From January 1, 2016 Through April 30, 2016* [D.I. 8939].

On July 18, 2016, Evercore Group L.L.C. ("Evercore") filed its Sixth Fee Application

seeking $2,100,000.00 in flat fees and $6,800.73 in expense reimbursements.  The Fee

Committee again noted that it closely monitors the blended hourly rate of all flat fee

professionals to ensure the continued reasonableness of flat fee arrangements.  In its Letter

Report to Evercore, the Fee Committee additionally identified a number of minor expense issues.

Evercore subsequently provided support for the questioned expenses or accepted the

recommended deductions outlined on **Exhibit A**.  The Fee Committee recommends that the

Court approve this Application as adjusted subject to the Fee Committee's right—as always—to

revisit the blended rate issue in connection with Evercore's final fee application.

20.     *Sixth Interim Fee Application of Filsinger Energy Partners, Energy
        Consultants for the Debtors and Debtors in Possession, for the Period
        From January 1, 2016 Through and Including April 30, 2016* [D.I. 8715].

On June 15, 2016, Filsinger Energy Partners ("Filsinger") filed its Sixth Fee Application

seeking $2,360,115.00 in fees and $120,687.80 in expense reimbursements.  In its Letter Report

to Filsinger, the Fee Committee identified minor expense issues of concern.  Filsinger

subsequently either provided adequate explanation for questioned expenses or agreed to certain

adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this

Application as adjusted.

21.     *Sixth Interim Fee Application of FTI Consulting, Inc., Financial Advisor*
*to the Official Committee of Unsecured Creditors, for Allowance of*
*Compensation for Services Rendered and Reimbursement of Expenses*
*Incurred for the Period January 1, 2016 Through April 30, 2016*
[D.I. 8703].

On June 14, 2016, FTI Consulting, Inc. ("FTI") filed its Sixth Fee Application seeking

$50,107.50 in fees.  In its Letter Report to FTI, the Committee identified a minor issue.  FTI

subsequently either provided adequate explanation for the issue or agreed to the adjustments set

forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this Application as

adjusted.

22.     *Sixth Interim Fee Application of Gibson, Dunn & Crutcher LLP, Special*
*Counsel to the Debtors and Debtors in Possession, for the Period From*
*January 1, 2016 Through and Including April 30, 2016* [D.I. 8725].

On June 15, 2016, Gibson, Dunn & Crutcher LLP ("Gibson Dunn") filed its Sixth Fee

Application seeking $561,955.50 in fees and $89,086.09 in expense reimbursements.  In its

Letter Report to Gibson Dunn, the Fee Committee identified several issues of concern, including

some billing errors and inadequately documented consulting fees.  Gibson Dunn subsequently

either provided adequate explanation for these issues or agreed to certain adjustments set forth on

**Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

23.     *Sixth Interim Fee Application of KPMG LLP for Compensation for*
*Services Rendered and Reimbursement of Expenses as Bankruptcy*
*Accounting and Tax Advisors to the Debtors and Debtors in Possession*
*for the Period From January 1, 2016 Through April 30, 2016* [D.I. 8944].

On July 18, 2016, KPMG LLP ("KPMG") filed its Sixth Fee Application seeking

$2,026,894.60 in fees and $59,962.19 in expenses.  In its Letter Report to KPMG, the Fee

Committee identified several issues of concern, including excessive charges for time spent

responding to the Fee Committee's inquiries.  KPMG subsequently either provided adequate

explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**.  The Fee

Committee recommends that the Court approve this Application as adjusted.

> 24.  *Sixth Interim Fee Application of Kirkland & Ellis LLP and Kirkland &*
> *Ellis International LLP, Attorneys for the Debtors and Debtors in*
> *Possession, for the Period From January 1, 2016 Through and Including*
> *April 30, 2016* [D.I. 8736].

On June 15, 2016, Kirkland & Ellis LLP ("Kirkland") filed its Sixth Fee Application

seeking $6,832,541.50 in fees and $422,706.64 in expense reimbursements.  The Fee Committee

Chair and counsel have had a series of communications with Kirkland about rate increases, with

the Fee Committee expressly reserving its right to raise the issue in connection with Kirkland's

final fee application.  In its Letter Report to Kirkland, the Fee Committee identified issues of

concern, including time spent on routine billing and invoicing activities, over-attendance at

hearings and depositions, and certain expense charges that are not compensable.  Kirkland

subsequently either provided adequate explanation for these issues or agreed to certain

adjustments set forth on **Exhibit A**.[5]  The Fee Committee recommends that the Court approve

this Application as adjusted.

> 25.  *Sixth Interim Application of Morrison & Foerster LLP as Counsel for the*
> *Official Committee of TCEH Unsecured Creditors for Compensation and*
> *Reimbursement of Expenses Incurred for the Period January 1, 2016*
> *Through April 30, 2016* [D.I. 8724].

On June 15, 2016, Morrison & Foerster LLP ("Morrison & Foerster") filed its Sixth Fee

Application seeking $368,006.00 in fees and $40,730.48 in expense reimbursements.  In its

Letter Report to Morrison & Foerster, the Fee Committee identified several issues of concern,

including billing errors, time spent by transitory timekeepers, and staffing issues.  One issue,

---

[5] The adjustments include stipulated deductions attributable to the fifth interim fee period but already paid to Kirkland pursuant to the *Order Approving Stipulation Authorizing the Debtors to Make Non-Scheduled Payment to Kirkland & Ellis LLP subject to Reservation of Rights* [D.I. 7627].

amounting to $11,637.00, has been reserved for consideration in connection with the final fee application.  Morrison & Foerster provided adequate explanation for all other issues identified, and agreed to certain adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

> 26.     *Sixth Interim Fee Application of Thompson & Knight LLP, Special Tax Counsel for the Debtors and Debtors in Possession, for the Period From January 1, 2016 Through and Including April 30, 2016* [D.I. 9317].

On August 16, 2016, Thompson & Knight LLP ("Thompson & Knight") filed its Sixth Fee Application seeking $253,709.50 in fees and $46.71 in expense reimbursements.  In its Letter Report to Thompson & Knight, the Fee Committee identified some minor issues of concern. Thompson & Knight subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

> 27.     *Sixth Interim Fee Application of EPIQ Bankruptcy Solutions, LLC and EPIQ eDiscovery Solutions for Allowance of An Administrative Claim for Compensation and Reimbursement of Expenses Incurred From January 1, 2016 Through April 30, 2016* [D.I. 8710].

On June 14, 2016, EPIQ Bankruptcy Solutions, LLC and EPIQ eDiscovery Solutions ("Epiq") filed the Sixth Fee Application seeking $49,217.70 in fees and $249,895.97 in expense reimbursements.  In its Letter Report to Epiq, the Fee Committee identified recurring issues of concern, including the absence of detail as to certain communications and the failure to segregate tasks performed in some time entries.  The Fee Committee recommended several minor deductions, reminding the professional to improve compliance in subsequent fee applications. The Fee Committee recommends that the Court approve this Application without adjustment.

### FINAL FEE APPLICATIONS FOR WORK PERFORMED
### FROM APRIL 29, 2014 THROUGH OCTOBER 28, 2015

28.     *Final Application of McDermott Will & Emery LLP as Special Counsel
for the Debtors for Compensation for Services Rendered and
Reimbursement of Expenses Incurred for the Period from April 29, 2014
Through October 28, 2015* [D.I. 9408].[6]

On August 26 2016, McDermott Will & Emery LLP ("McDermott") filed its Final Fee

Application seeking $1,382,140.62 in fees and $142,827.75 in expense reimbursements. This

Final Fee Application included $1,334,140.62 in fees that were subject to interim review and

approval and $48,000 in "estimated" fees for the preparation of the Final Fee Application. The

Fee Committee adopted the policy that it would not consider requests for estimated fees without

substantiation with billing statements or other documentation. McDermott then provided the

billing statements requested.

In its Letter Report to McDermott, the Fee Committee noted that the time spent on

preparation of the Final Fee Application was disproportionate both to the time spent on fee

applications in prior fee periods and the time spent by peer firms to prepare similar applications.

In light of that concern, McDermott agreed to additional adjustments to its final fee request, as

---

[6] On November 25, 2015, the Debtors filed the *Application of Energy Future Holdings Corp., et al., for an Order Authorizing the Debtors to Retain and Employ Greenberg Traurig, LLP as Special Counsel for Certain Energy-Related Transactional Matters, Effective Nunc Pro Tunc to November 2, 2015* [D.I. 7157] (the "Greenberg Retention Application"), along with the *Declaration of Iskender H. Catto in Support of the Debtors' Application for an Order Authorizing the Debtors to Retain and Employ Greenberg Traurig, LLP as Special Counsel for Certain Energy-Related Transactional Matters, Effective Nunc Pro Tunc to November 2, 2015* [D.I. 7157-3] (the "Catto Declaration"). The Greenberg Retention Application and the Catto Declaration disclosed that Attorney Catto, formerly of McDermott Will & Emery, had joined the Greenberg Traurig law firm effective November 2, 2015, *see* Greenberg Retention Application at ¶ 8, and that Mr. Catto would continue his prior representation of the Debtors in energy regulatory matters. *See* Catto Declaration at ¶ 10. The Court entered the *Order Authorizing the Debtors to Retain and Employ Greenberg Traurig, LLP as Special Counsel for Certain Energy-Related Transactional Matters, Effective Nunc Pro Tunc to November 2, 2015* [D.I. 7352] on December 15, 2015. Other than fees associated with the preparation of interim and final fee applications, McDermott ceased performing work on these cases as of October 28, 2015, making its final fee application appropriate for consideration at this time.

set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

**FEE REQUESTS OF NON-RETAINED PROFESSIONALS SEEKING ESTATE
REIMBURSEMENT OF COMPENSATION PURSUANT TO 11 U.S.C. § 503(B): FOR WORK
PERFORMED THROUGH JUNE 30, 2015**

Seventeen professional firms (the "Requesting Professionals") submitted memorandum Fee Requests under the process the Fee Committee had established for the review of non-retained professional fee requests.  *See* August 11, 2016 Fee Committee Report [D.I. 9257] at 3-5.  The Court previously approved one of those requests at the August 16, 2016 omnibus hearing.  *See* [D.I. 9308].  For most remaining Requesting Professionals, the information initially submitted had been insufficient for Fee Committee purposes.  The Fee Committee issued letter reports in May and July 2016 outlining its initial impressions and requesting the necessary supplemental information from Requesting Professionals.

The Court resolved an intervening dispute about the continuing necessity of the Fee Committee review process at a hearing on August 16, 2016, *see* [D.I. 9269, D.I. 9280], and the Fee Committee continued its discussions with this group of professionals, obtaining significant additional information and documentation as requested.  The Fee Committee now recommends that the Court enter an order allowing the six Fee Requests itemized on **Exhibit B** to this Report—on the terms outlined below and in the Proposed Order attached to this Report as **Exhibit D**.

The Court's orders, pursuant to Article IV(R) of the Plan, authorize payment of "reasonable and documented unpaid fees and expenses incurred on or before the Effective Date...."  *See Plan*, p. 78.  The T-Side Settlement Agreement, which the Court approved by order dated December 7, 2015 [D.I. 7243], similarly authorizes TCEH to "pay the reasonable and documented out-of-pocket fees, expenses, and reimbursements" of the Requesting Professionals.

The professionals for the TCEH Unsecured Creditors' group, discussed below, have represented that their clients, the noteholders and indenture trustees, have paid the fees requested—they are not "unpaid," but they are documented out-of-pocket expenses of the trustees.

In the second lien group, the terms of retention varied by professional, but most engagement letters (reviewed by the Fee Committee's counsel) provided that the noteholders and indenture trustee would be responsible only for the portion of fees not paid by a third party. Under these circumstances, then, the TCEH second lien group has not incurred "out-of-pocket" professional fees, though some portion of them may remain unpaid. The Fee Committee has assessed the reasonableness of and documentation for all of the Fee Requests submitted for consideration, but makes no representation that they are for either "unpaid" or "out-of-pocket" professional fees and expenses.

The fee review process for the Requesting Professionals was comprehensive, beginning with the extensive data analysis that has been the cornerstone of the review process for Retained Professionals over the 30 months of these proceedings. The section 503(b) process was not, however, as exacting as the Retained Professional review process—given the focus of the Court's orders, the statutory mandates, and the retrospective nature of the fee requests themselves. The Fee Committee benefitted nonetheless from the generally cooperative response of the Requesting Professionals, and most of them have provided supplemental explanation and documentation to satisfy the Fee Committee's concerns.

## THE 503(B) FEE REQUESTS

The Fee Committee recommends the following Fee Requests for Court approval on October 26, 2016.

29.     *Patterson Belknap Webb & Tyler LLP, Delaware Counsel to Law Debenture Trust Company New York in its Capacity as Indenture Trustee for Certain Notes issued by Texas Competitive Electric Holdings Company, LLC and TCEH Finance, Inc.*

On January 27, 2016, Patterson Belknap Webb & Tyler LLP ("Patterson") submitted a memorandum to the Fee Committee requesting a review of $1,235,080.00 in fees and $8,528.99 in expense reimbursements.  In its Letter Report to Patterson, the Fee Committee identified certain tasks and expenses that were non-compensable or for which the Fee Committee lacked the information necessary to evaluate compensability.  In particular, the Fee Committee was concerned with paraprofessional level tasks being assigned to attorneys at relatively high billing rates, mathematical errors, and failure to deduct 50 percent of non-working travel charges—basic standards, familiar to all bankruptcy attorneys.

In response, Patterson supplied the missing documentation and agreed to certain fee and expense deductions, summarized on **Exhibit B**.  The Fee Committee recommends the Patterson Fee Request be approved, as adjusted, on an uncontested basis.

30.     *Law Debenture Trust Company of New York, as Successor Trustee, Registrar, Paying Agent, and Custodian for Certain Notes Issued by Texas Competitive Electric Holdings Company, LLC and TCEH Finance, Inc.*

On January 26, 2016, Law Debenture Trust Company of New York ("Law Debenture") submitted a memorandum to the Fee Committee requesting a review of $69,700.00 in fees and $480.47 in expense reimbursements.  In its Letter Report to Law Debenture, the Fee Committee requested the fee schedule applicable to the requested fees and expenses, and noted some potentially non-compensable expense items requiring additional documentation.  In particular, the Fee Committee was concerned that Law Debenture sought reimbursement for first class airfare, which is inconsistent with the standards applied to Retained Professionals.

In response, Law Debenture supplied its extraordinary and administrative fee schedule and agreed to certain fee and expense deductions, summarized on **Exhibit B**.  The Fee Committee now recommends the Law Debenture Fee Request be approved, as adjusted, on an uncontested basis.

31.    *White & Case as Counsel to the Ad Hoc Group of TCEH Unsecured Noteholders.*

On January 28, 2016, White & Case submitted a memorandum to the Fee Committee requesting a review of $19,431,582.09 in fees and $1,217,216.36 in expense reimbursements. The Fee Committee, through its chair and counsel, engaged in extensive informal discussion with White & Case about the need for additional detail and documentation to support the request. Ultimately, in its Letter Report to White & Case, the Fee Committee itemized the categories in which White & Case timekeepers provided services:

- "Trustee Motion" – research, discussion, drafting, reviewing, revising;

- "Term Sheets" – drafting, discussion, reviewing, analyzing;

- Review and discussion of the TCEH Indenture;

- "Diligence" or "Data Room" – discussion, reviewing, analyzing;

- "Depositions" – noticing, preparing, attending, ordering and reviewing transcripts ;

- "First Day" Motions, Objections and Orders – reviewing, discussing, researching, summarizing; and,

- "Discovery," "Legacy," and "Document Production".

The Fee Committee requested additional detail on the nature of White & Case's work in some of these task categories, and noted significant concerns.  In particular, the Fee Committee concluded that White & Case may have sought reimbursement for summer associate fees, excessive oversight and supervisory tasks, tasks not appropriately assigned to the timekeeper

with the lowest billing rate, and failure to deduct 50 percent of the charges for non-working travel.  The Fee Committee also identified significant expense concerns, including undocumented research, unsubstantiated ground travel and meals, airfare and hotel charges that exceeded the caps established for Retained Professionals, and significant third party charges that were not documented.

In response, White & Case provided extensive documentation of most of its requested expenses.  The Fee Committee counsel was able to verify, to a reasonable degree of certainty, that the adjustments to the White & Case expense request outlined on **Exhibit B** hereto are sufficient to bring those expenses generally into compliance with the same expense guidelines applied to Retained Professionals.  White & Case elected, in lieu of attempting to review and explain fees billed years before, to propose a flat percentage adjustment to its requested fees of 10 percent, or $1,943,158.21, to address the Fee Committee's concerns.  That proposed resolution was sufficient to address all of the categories of questioned billing outlined in the Fee Committee's Letter Report, and the Fee Committee agreed to recommend the flat percentage deduction to the Court for approval.  The Fee Committee now recommends the White & Case Fee Request be approved, as adjusted on **Exhibit B**, on an uncontested basis.

32.    *Fox Rothschild, as Delaware Counsel to the Ad Hoc TCEH Unsecured Group.*

On May 5, 2016, Fox Rothschild LLP submitted a memorandum to the Fee Committee requesting a review of $363,095.00 in fees and $34,675.60 in expense reimbursements.  In its Letter Report to Fox Rothschild, the Fee Committee itemized the work Fox Rothschild performed:

- First Day matters – preparing and filing *pro hac vice* documents, making initial appearances, and evaluating first day filings;

- Preparing and filing standing motion;

- Preparing and serving deposition notices, attending depositions, and other discovery matters;

- Monitoring matters related to the bid procedures motion, including hearing preparation and attendance;

- Monitoring matters related to the exclusivity motions, including hearing preparation and  attendance;

- Preparing, monitoring, and filing other pleadings;

- Preparing for and attending committee calls and meetings;

- Preparing and filing the standing motions, including hearing preparation and attendance; and

- Reviewing docket and agendas, monitoring case progress, and distributing updates (most performed by paralegals).

The Fee Committee identified a single double-billed time entry and asked for documentation of certain expense requests.  In response, Fox Rothschild agreed to the fee reduction and provided additional documentation of the questioned expenses, ultimately agreeing to the deductions summarized on **Exhibit B**.  The Fee Committee now recommends the Fox Rothschild Fee Request be approved, as adjusted, on an uncontested basis.

33.    *Reed Smith LLP, as Counsel to the Bank of New York in its Capacity as Collateral Agent under the TCEH Second Lien Notes Indenture, the PCRB Trustee, and the EFCH 2037 Notes Trustee.*

On February 8, 2016, Reed Smith LLP submitted a memorandum to the Fee Committee requesting a review of $6,086.00 in fees.[7]  In its Letter Report to Reed Smith, the Fee Committee did not identify any questions or concerns with regard to Reed Smith's Fee Request.  The Fee Committee, therefore, recommends that the Reed Smith Fee Request be approved in the amount of $6,086.00, as indicated on the attached **Exhibit B**.

---

[7] Reed Smith also sought reimbursement of $16,080.00 in extraordinary administrative fees charged by the Bank of New York Mellon Trust Company.  That fee request was reviewed independently and is discussed at paragraph 34, *infra*.

34.    *Bank of New York Mellon Trust Company as Second Lien Collateral Agent for Texas Competitive Electric Holdings Company, LLC.*

On February 8, 2016, the Bank of New York Mellon Trust Company. ("BNY"), through Reed Smith, submitted a memorandum to the Fee Committee requesting a review of $16,080.00 in fees.  In its Letter Report to BNY, the Fee Committee asked for documentation of the fee schedule used to calculate the request.  BNY provided the requested fee schedule, and the Fee Committee concluded that the requested fees were calculated consistently with that fee schedule. The Fee Committee, therefore, recommends approval of the BNY Fee Request in the amount of $16,080.00, as indicated on the attached **Exhibit B**.

## CONCLUSION

Based on all of the above, the Fee Committee respectfully requests that the Court enter the order attached as **Exhibit C** approving on an interim basis the Applications outlined in this Report and on the attached **Exhibit A**, subject to the agreed reductions summarized in the exhibit and subject as well to further review and the final fee application process.  In addition, the Fee Committee asks that the Court enter the order attached as **Exhibit D** approving, on a final basis, the Fee Requests outlined in this Report and on the attached **Exhibit B**, subject to the agreed reductions summarized in the exhibit.

Dated:  October 21, 2016.

**BENESCH, FRIEDLANDER,
    COPLAN & ARONOFF LLP**


      */s/ William M. Alleman, Jr.*
Jennifer R. Hoover, Esquire (5111)
William M. Alleman, Jr., Esquire (5449)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
302-442-7010 telephone
302-442-7012 facsimile
jhoover@beneschlaw.com
walleman@beneschlaw.com

- and -


  GODFREY & KAHN, S.C.


    */s/ Katherine Stadler*
Katherine Stadler, *Admitted Pro Hac Vice*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: bwilliam@gklaw.com
            kstadler@gklaw.com

*Attorneys for the Fee Committee*

16171806.8