**Exhibit A**

**Chart of Contested Pro Se Claims**

| Claimant | POC # | Amount and Priority/ Classification | Objection # and Basis | Response D.I. | Description and Response | Questionnaire (participation method) | Hearing Date |
|---|---|---|---|---|---|---|---|
| | | | | | *Customer Claims (Account Complaints)* | | |
| Barbara Betts | 3831 | Undetermined  Secured | 3  No Supporting Documentation | None | • <u>Description of Claim</u>:  The Proof of Claim does not include a description of the claim being asserted or any supporting documentation.  During a conversation with Debtors' counsel on January 5, 2015, the claimant was unable to articulate a basis for the asserted claim, but mentioned an account with TXU Energy.  • <u>Diligence Efforts</u>:[1]  The TXU Team spoke with the claimant's husband on February 5, 2015, during which conversation the claimant's husband stated that the claim is related to a report of an unpaid balance on his credit report and that the balance was incurred by his daughter initiating service under his name without authorization.  The TXU Team sent a request to the consumer reporting agencies to delete the report and credited the claimant's account for the amount of the charges.  Despite agreeing that the issue was resolved by those actions, the claimant declined to resolve the Objection.  • <u>Debtors' Response</u>:  The credit reporting issue described by the claimant does not give rise to a claim against the Debtors (and claimant points to no authority in support of such theory for recovery).  The claimant has acknowledged that the issue has already been resolved.  Therefore, the claimant has not articulated any existing liability against the Debtors. | Yes  (not indicated) | Nov. 8 |
| Christina Matheu | 1637 | Undetermined  Secured | 12  Insufficient Documentation | None | • <u>Description of Claim</u>:  The Proof of Claim does not include a description of the claim being asserted or any supporting documentation.  During a conversation with Debtors' counsel on March 20, 2015, the claimant asserted that TXU Energy overcharged her.  • <u>Diligence Efforts</u>:[2]  The TXU Team reviewed the claimant's account and determined that there was no indication the claimant was charged more than the appropriate rate under the service plan in which she was enrolled and that there were no apparent discrepancies in the service, contract, pricing, or billing.  The TXU team spoke with the claimant on April 8, 2015, during which conversation the claimant indicated to the TXU Team that she was certain she was being charged more than what other service providers were charging.  • <u>Debtors' Response</u>:  The claimant has not provided any evidence of overcharges and a review of the customer account shows no indication that an incorrect rate or other improper charge was applied.  Even if another service provider would have charged the claimant a lower rate, such occurrence would not give rise to a right to payment or other entitlement that constitutes a claim under section 502 of the Bankruptcy Code (and claimant points to no authority in support of such theory for recovery). | Yes  (Telephone) | Nov. 8 |

---

[1]    McKillop Declaration at 3.

[2]    *Id*. at 4.

| Claimant | POC # | Amount and Priority/ Classification | Objection # and Basis | Response D.I. | Description and Response | Questionnaire (participation method) | Hearing Date |
|---|---|---|---|---|---|---|---|
| Cynthia Smith | 1423 | Undetermined<br><br>Unsecured | 3<br><br>No Supporting Documentation | None | • <u>Description of Claim</u>: The Proof of Claim does not include a description of the claim being asserted or any supporting documentation. During a conversation with Debtors' counsel on December 23, 2014, the claimant asserted that she was charged for gas when no appliance in her apartment was connected to a gas line.<br>• <u>Diligence Efforts</u>:[3] The TXU Team reviewed the claimant's account and determined that the claimant had enrolled in the "TXU Energy MarketEdgeSM" pricing plan, which has a pricing component that is based on the current month's price of natural gas pursuant to NYMEX. The method for calculating the price for electric service was clearly included in materials provided to the customer. At no point was the claimant billed for gas, which is a service that is not provided by the Debtors. The TXU Team was unable to reach the claimant to discuss.<br>• <u>Debtors' Response</u>: The claimant has not provided any evidence that she was charged for gas. The Debtors' records indicate that the claimant was correctly billed according to their selected pricing plan and, therefore, no liability is owed to the claimant. | Yes (Telephone) | Dec. 13 |
| Deborah Moore | 3927 | $12,780.00<br><br>Partially Priority; Partially Unsecured | 6<br><br>Insufficient Documentation | 3352 | • <u>Description of Claim</u>: The claimant asserts that she was overcharged for services over a period of ten years while deployed overseas (from 2004 to 2011). The claimant appended certain payment receipts and bills from 2007, 2008, and 2010 to the Proof of Claim.<br>• <u>Diligence Efforts</u>:[4] The TXU Team spoke with the claimant on January 27, 2015, during which conversation the claimant asserted that the premises connected to the account were vacant during her deployment. The TXU Team reviewed the claimant's account and determined that the claimant first enrolled in electric service from TXU Energy on February 2, 2006, that on March 24, 2006, the claimant added her sister, Terri Moore, to the account, and that both the claimant and her sister called TXU Energy throughout the time in question, usually to make a payment, balance inquiry, or payment arrangement—during none of these calls did the claimant or her sister indicate they believed they were being over- or improperly charged. The account was briefly enrolled in automatic payment, but removed for failed payment attempts. The TXU Team further determined that the account was accurately billed for electricity used according to a meter. The TXU Team spoke with the claimant on January 27, 2015, informing her of the results of the review, but the claimant declined to resolve the Objection.<br>• <u>Debtors' Response</u>: The Debtors' records indicate that the claimant was correctly billed for electricity usage. Had the Debtors been charging the claimant for services the claimant believed were not being used due to a vacant home, the claimant had ample opportunity to raise the issue and to decline to pay or to suspend service during the numerous calls the claimant made to TXU Energy during the period in question. Furthermore, there is no support for the amount the claimant asserts was improperly charged—several of the receipts attached to the | Not returned | Nov. 8 |

---

[3]  *Id.*

[4]  *Id.*

| Claimant | POC # | Amount and Priority/ Classification | Objection # and Basis | Response D.I. | Description and Response | Questionnaire (participation method) | Hearing Date |
|---|---|---|---|---|---|---|---|
| | | | | | Proof of Claim appear to be duplicative and the total amount reflected is substantially less than the amount claimed. | | |
| Jack Rogers Beard Jr. | 2304 | $2,000* Priority—503(b)(9) | 8 Insufficient Documentation | 3511 | • Description of Claim:  The Proof of Claim states only that the claimant was "over billed;" no documentation or further information was provided in the claimant's Formal Response.  The Debtors' counsel was unable to reach the claimant to request additional information. <br> • Diligence Efforts:[5]  The TXU Team reviewed the claimant's account and determined that there was no indication the customer was charged more than the appropriate rate under the service plan in which he was enrolled and that there were no apparent discrepancies in the service, contract, pricing, or billing (other than an issue in 2009 where invoices were inadvertently not sent to the customer for a period of time and which issue was promptly resolved by delivering a cumulative invoice that was subsequently paid by the claimant).  The TXU Team was unable to reach the claimant to discuss. <br> • Debtors' Response:  The claimant has not provided any evidence of overcharges. On the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors.  The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim.  In addition, there is no support for the asserted claim amount. | Not returned | Nov. 8 |
| Jackie McClain | 417 | $2,000.00 Secured | 8 Insufficient Documentation | 3500 | • Description of Claim:  The Proof of Claim states only that the claim is for "services performed." In response to the Formal Response, Debtors' counsel sent an e-mail to the claimant on March 3, 2015, explaining the type of information and documentation that would be necessary to substantiate a claim.  The claimant responded that she had been over-charged, but provided no supporting documentation. <br> • Diligence Efforts:[6]  The TXU Team reviewed the claimant's account and determined that there was no indication the customer was charged more than the appropriate rate under the service plan in which she was enrolled and that there were no apparent discrepancies in the service, contract, pricing, or billing.  The TXU Team was unable to reach the claimant to discuss. <br> • Debtors' Response:  The claimant has not provided any evidence of overcharges. On the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors.  The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim.  In addition, there is no support for the asserted claim amount. | Yes (Telephone) | Nov. 8 |

---

[5] *Id.*

[6] *Id.*

KE 43929945

| Claimant | POC # | Amount and Priority/ Classification | Objection # and Basis | Response D.I. | Description and Response | Questionnaire (participation method) | Hearing Date |
|---|---|---|---|---|---|---|---|
| Jacquelyn Myles | 9600 | $3,523.01<br><br>Unsecured | 16<br><br>Insufficient Documentation | 4906 | • Description of Claim:  The claimant asserts that she was charged for services during a period when she was not living at home.  In the Formal Response, the claimant asserts that someone visited the property daily to collect mail and check on the house.<br>• Diligence Efforts:[7]  The TXU Team reviewed the claimant's account and determined that she was accurately billed for electricity used according to a meter.  At no time did the claimant request to discontinue or suspend service during the time in question.<br>• Debtors' Response:  The claimant's customer account shows that the claimant was appropriately billed for electricity services used according to a meter operated by a third party.  If a property is not disconnected from service, electricity may still be used (for example, by appliances that remain plugged in or by visitors turning on lights when checking on the property).  A customer is responsible for electricity used while their account is active.  Furthermore, there is no support for the amount the claimant asserts was improperly charged—the amounts listed on the invoice appended to the Proof of Claim are substantially less than the amount claimed. | Not returned | Nov. 8 |
| Joan H. Hughes | 4465 | $7,444.40<br><br>Unsecured | 13<br><br>Insufficient Documentation | 4150 | • Description of Claim:  According to a complaint submitted by the claimant to the Public Utility Commission of Texas ("PUCT") in November 2007 and to an order dismissing the proceeding in 2008 (the "PUCT Order"), each appended to the Proof of Claim and Formal Response, the claimant appears to allege that TXU Energy committed fraud by overbilling the claimant and changing service terms without the claimant's consent.  The Proof of Claim appears to be reasserting the claims made in the 2007 complaint and does not appear to be asserting new claims.<br>• Debtors' Response:  The claim has already been adjudicated by the PUCT Order, which dismissed the proceeding initiated by the claimant.  The claimant is precluded from asserting a claim against the Debtors' estates for the same alleged actions.  See, e.g., Labelle Processing Co. v. Swarrow, 72 F.3d 308, 313 (3d Cir. 1995) ("Under the doctrine of res judicata or claim preclusion, a subsequent suit based on the same cause of action as a prior suit that involved the same parties or their privies is barred where there has been a final judgment on the merits in the prior suit.").  Furthermore, the claims have no merit.  The PUCT Order includes a careful review of each of the claimant's allegations and found, among other things, that:  (1) there were no inconsistencies or errors in the invoices or amounts charged to the claimant, PUCT Order at 3-5, (2) the only material change in the claimant's service terms was the addition of a guarantee against rate increases, which benefits the customer, and which state regulations did not require to be noticed to the customer, PUCT Order at 6, and (3) concluded that the claimant failed to state any claim for which relief may be granted, PUCT Order at 7-8.  In addition, there is no support for the asserted claim amount. | Yes<br>(not indicated) | Nov. 8 |

---

[7]   *Id.*

KE 43929945

| Claimant | POC # | Amount and Priority/ Classification | Objection # and Basis | Response D.I. | Description and Response | Questionnaire (participation method) | Hearing Date |
|---|---|---|---|---|---|---|---|
| Judy Allen | 3619 | Undetermined<br><br>Unsecured | 13<br><br>Insufficient Documentation | 4154 | • Description of Claim:  The Proof of Claim does not include a description of the claim being asserted or any supporting documentation.  The Formal Response appends statements from non-Debtor energy providers (including Center Point Energy and Just Energy).   During a conversation with Debtors' counsel on April 6, 2015, the claimant asserted that TXU Energy overcharged her during the years 2010 to 2013.<br>• Diligence Efforts:[8]  The TXU Team reviewed the claimant's account and determined that there was no indication the customer was charged more than the appropriate rate under the service plan in which she was enrolled and that there were no apparent discrepancies in the service, contract, pricing, or billing.  The TXU Team was unable to reach the claimant to discuss.<br>• Debtors' Response:  The claimant has not provided any evidence of overcharges.  On the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors.  The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim. | Not returned | Nov. 8 |
| Kathey Neal | 1499 | Undetermined<br><br>Unsecured | 3<br><br>No Supporting Documentation | None | • Description of Claim:  The Proof of Claim does not include a description of the claim being asserted or any supporting documentation.  In an e-mail to Debtors' counsel, dated December 22, 2014, the claimant stated they believed that the rates charged by electric companies were "outrageous" and that the public was overcharged.<br>• Diligence Efforts:[9]  The TXU Team reviewed the claimant's account and determined that the claimant made a complaint to TXU Energy customer service after receiving her first invoice in mid-2009.  As a gesture of goodwill, a TXU Energy supervisor changed the claimant to a plan with a lower rate per kilowatt hour used and waived the "early cancellation fee" for the prior selected plan.  The claimant switched to a different provider when the term of her plan expired.  The TXU Team spoke with the claimant on February 4, 2015, informing her of the results of the review, but the claimant declined to resolve the Objection.<br>• Debtors' Response:  On the face of the claimant's papers, the claimant has failed to allege facts sufficient to support the claim asserted against the Debtors.  The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim.  General dissatisfaction with service does not give rise to a right to payment or other entitlement that constitutes a claim under section 502 of the Bankruptcy Code (and claimant points to no authority in support of such theory for recovery).  Furthermore, the claimant's customer account shows no indication that an incorrect rate or other improper charge was applied and claimant already received a benefit from the Debtors on account of a rate complaint. | Yes<br>(not indicated) | Dec. 13 |

---

[8]    *Id.* at 5.

[9]    *Id.*

| Claimant | POC # | Amount and Priority/ Classification | Objection # and Basis | Response D.I. | Description and Response | Questionnaire (participation method) | Hearing Date |
|---|---|---|---|---|---|---|---|
| Linda and Jeffrey Lammers | 251 | $700.00<br><br>Priority—503(b)(9) | 17<br><br>No Liability | 4919, 5258 | • <u>Description of Claim</u>:  The claimants assert that TXU Energy changed or increased their rates without their agreement.  On July 24, 2015, the claimants submitted a letter to the Court requesting copies of their monthly bills for the prior four years so that they could have the documentation necessary to prove their claim [D.I. 5258].  After attempting to contact the claimants by telephone, the Debtors responded with the requested invoices on August 28, 2015.[10]  The claimants have not subsequently provided support for their claim.<br><br>• <u>Diligence Efforts</u>:[11]  The claimants were among those customers to whom TXU Energy customer service representatives reached out prior to filing an Objection to their claim.  The representatives left three voicemail messages, which the claimants did not return.  Following the Objection and Formal Response, the TXU Team reviewed the claimants' account and determined that on May 24, 2010, Ms. Lammers contacted TXU Energy to change their plan, which was about to expire.  Ms. Lammers selected the "Texas Choice 14" plan, which expired on August 17, 2011, at which time the account rolled to a month-to-month per stated company policy.  The plan structures changed and the claimants' account was updated accordingly on both April 17, 2012 and May 14, 2014.  The claimants were sent a notification by letter each time their plan changed, with the exception of the May 14, 2014 change, when the notification of the impending change was included on the April 2014 bill.  TXU Energy received only two communications from the claimants after the initial May 24, 2010 call—an e-mail in March 2012 indicating that their meter was falling away from the wall and an e-mail on July 2, 2012 stating that they would like to review available plans (a TXU customer service representative responded with a standard reply advising the claimants to call the customer service department, there is no record of the claimants making such call).  The TXU Team further determined that the claimants were billed correctly according to the various plans that were in effect.<br><br>• <u>Debtors' Response</u>:  On the face of the claimants' papers, the claimants have failed to allege facts sufficient to support the claim asserted against the Debtors.  The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimants' Proof of Claim.  In addition, there is no support for the asserted claim amount. | Not returned | Nov. 8 |

---

[10]   *See Certification of Counsel Regarding "Debtors Seventeenth Omnibus (Substantive) Objection to (Substantive Duplicate, No Liability, and No Claim Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1"* [D.I. 5831].

[11]   McKillop Declaration at 5.

| Claimant | POC # | Amount and Priority/ Classification | Objection # and Basis | Response D.I. | Description and Response | Questionnaire (participation method) | Hearing Date |
|---|---|---|---|---|---|---|---|
| Lorenzo Pipkin | 8052 | $15,600.00<br><br>Unsecured | 13<br><br>Insufficient Documentation | None | • <u>Description of Claim</u>:  The claimant asserts that he was overcharged during the years 1988 to 2014. No supporting documentation is attached to the Proof of Claim.<br>• <u>Diligence Efforts</u>:[12]  The TXU Team reviewed the claimant's account and determined that there was no indication the customer was charged more than the appropriate rate under the service plan in which he was enrolled and that there were no apparent discrepancies in the service, contract, pricing, or billing.  The TXU Team spoke with the claimant on May 8, 2015, informing him of the results of the review, but the claimant declined to resolve the Objection.<br>• <u>Debtors' Response</u>:  On the face of the claimant's papers, the claimant has failed to allege facts sufficient to support the claim asserted against the Debtors.  The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim.  In addition, there is no support for the asserted claim amount. | Yes (Telephone) | Nov. 8 |
| Maria Soto | 428 | Undetermined<br><br>Unsecured | 3<br><br>No Supporting Documentation | None | • <u>Description of Claim</u>:  The Proof of Claim does not include a description of the claim being asserted or any supporting documentation.  During a conversation with Debtors' counsel on January 5, 2015, the claimant asserted that she was overcharged.<br>• <u>Diligence Efforts</u>:[13]  The TXU Team reviewed the claimant's account and determined that there was no indication the customer was charged more than the appropriate rate under the service plan in which she was enrolled and that there were no apparent discrepancies in the service, contract, pricing, or billing.  The TXU Team spoke with the claimant on several occasions in February 2015, informing her of the results of the review, but the claimant declined to resolve the Objection.<br>• <u>Debtors' Response</u>:  On the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors.  The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim. | Yes (Telephone) | Dec. 13 |

---

[12]  *Id.*

[13]  *Id.*

| Claimant | POC # | Amount and Priority/ Classification | Objection # and Basis | Response D.I. | Description and Response | Questionnaire (participation method) | Hearing Date |
|---|---|---|---|---|---|---|---|
| Mary Jame Phillips | 844 | $49,925.00<br><br>Partially 503(b)(9); Partially Priority; Partially Secured; Partially Unsecured | 13<br><br>Insufficient Documentation | None | • Description of Claim: The Proof of Claim does not include a description of the claim being asserted or any supporting documentation. During a conversation with Debtors' counsel on April 10, 2015, the claimant's son asserted that the claimant was overcharged.<br>• Diligence Efforts:[14] The TXU Team reviewed the claimant's account and determined that there was no indication the customer was charged more than the appropriate rate under the service plan in which she was enrolled and that there were no apparent discrepancies in the service, contract, pricing, or billing. The TXU Team was unable to reach the claimant to discuss.<br>• Debtors' Response: On the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors. The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim. In addition, there is no support for the asserted claim amount. | Yes (Telephone) | Dec. 13 |
| Melvin Williams | 3256 | Undetermined<br><br>Secured | 13<br><br>Insufficient Documentation | 4204 | • Description of Claim: Neither the Proof of Claim nor the Formal Response includes a description of the claim being asserted or any supporting documentation. During a conversation with Debtors' counsel on April 10, 2015, the claimant stated that he "thinks" he may have been over-charged.<br>• Diligence Efforts:[15] The TXU Team reviewed the claimant's account and determined that there was no indication the customer was charged more than the appropriate rate under the service plan in which he was enrolled and that there were | Not returned | Nov. 8 |
| Robert Walker | 3557 | Undetermined<br><br>Secured | 13<br><br>Insufficient Documentation | 4151 | no apparent discrepancies in the service, contract, pricing, or billing. The TXU Team attempted to contact the claimant on May 12, 2015, but the claimant disconnected the call upon being informed that the call was regarding his claim.<br>• Debtors' Response: On the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors. The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim. | Not returned | Nov. 8 |
| Rose S. Washington | 6162 | $425.00<br><br>Unsecured | 12<br><br>Insufficient Documentation | 3998 | • Description of Claim: Neither the Proof of Claim nor the Formal Response includes a description of the claim being asserted or any supporting documentation. In a voicemail the claimant left with the Debtors' hotline, the claimant asserted that he was overcharged.<br>• Diligence Efforts:[16] The TXU Team reviewed the claimant's account and determined that there was no indication the customer was charged more than the appropriate rate under the service plan in which he was enrolled and that there were no apparent discrepancies in the service, contract, pricing, or billing. The TXU Team attempted to contact the claimant on May 12, | Not returned | Nov. 8 |

---

[14]  *Id.* at 6.

[15]  *Id.*

[16]  *Id.*

| Claimant | POC # | Amount and Priority/ Classification | Objection # and Basis | Response D.I. | Description and Response | Questionnaire (participation method) | Hearing Date |
|---|---|---|---|---|---|---|---|
| | | | | | 2015, but the claimant disconnected the call upon being informed that the call was regarding his claim.<br>• Debtors' Response:  On the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors.  The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim. | | |
| Shanta Woods | 2899 | $4,775.00<br><br>Partially Priority; Partially Secured | 6<br><br>Insufficient Documentation | None | • Description of Claim:  The Proof of Claim does not include a description of the claim being asserted or any supporting documentation.<br>• Diligence Efforts:[17]  The TXU Team spoke with the claimant on January 27, 2015, during which conversation the claimant stated that TXU Energy never returned her deposit and that she had received a letter from TXU Energy several years earlier notifying her that the company had overcharged her by $4,775. The TXU Team reviewed the claimant's account and determined that no deposit was required or collected from the claimant, there was no indication the customer was charged more than the appropriate rate under the service plan in which she was enrolled, and there were no apparent discrepancies in the service, contract, pricing, or billing. In addition, there was no notation in the customer's account regarding a communication about overcharges being sent—per company practice, any such communications to customers are noted in the customer's account.  The TXU Team spoke with the claimant on January 28, 2015, informing her of the results of the review, but the claimant declined to resolve the Objection.<br>• Debtors' Response:  The claimant's customer account shows no indication that an incorrect rate or other improper charge was applied and the Debtors have no record of sending any letter informing the claimant that she had been overcharged.  As the claimant has not provided any documentation to support that she paid a deposit, was overcharged, or was even informed that she had been overcharged, the Debtors submit that there is insufficient evidence to support the claim. | Yes (Telephone) | Nov. 8 |
| Sharron Carter | 5735 | $5,000.00<br><br>Partially Priority; Partially Secured | 13<br><br>Insufficient Documentation | None | • Description of Claim:  In a note appended to the Proof of Claim, the claimant stated that she had been overcharged.  During a conversation with Debtors' counsel, the claimant questioned why her bill increased during the winter.<br>• Diligence Efforts:[18]  The TXU Team reviewed the claimant's account and determined that there was no indication the customer was charged more than the appropriate rate under the service plan in which she was enrolled and that there were no apparent discrepancies in the service, contract, pricing, or billing.  The TXU Team spoke with the claimant on May 12, 2015, informing her of the results of the review, but the claimant declined to resolve the Objection.<br>• Debtors' Response:  On the face of the claimant's papers, the claimant has failed to allege facts | Yes (Telephone) | Nov. 8 |

---

[17]  *Id.*

[18]  *Id.*

9

| Claimant | POC # | Amount and Priority/ Classification | Objection # and Basis | Response D.I. | Description and Response | Questionnaire (participation method) | Hearing Date |
|---|---|---|---|---|---|---|---|
| | | | | | sufficient to establish a claim against the Debtors.  The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim.  In addition, there is no support for the asserted claim amount. | | |
| Stephen W. Mitchell | 2636 | $5,000.00<br><br>Unsecured | 6<br><br>Insufficient Documentation | 3355 | • Description of Claim:  Neither the Proof of Claim nor the Formal Response includes a description of the claim being asserted or attach any supporting documentation.<br>• Diligence Efforts:[19]  The TXU Team reviewed the claimant's account and determined that on January 21, 2013, the customer reported that his electricity flickered, causing certain appliances to cease working.  TXU Energy forwarded the report to Oncor for review and investigation.  TXU Energy is not responsible for, and therefore does not reimburse for any damages associated with, the quality of electricity delivery.  Otherwise, the TXU Team's review of the claimant's account showed no indication the customer was charged more than the appropriate rate under service plan in which he was enrolled and that there were no apparent discrepancies in the service, contract, pricing, or billing. The TXU Team was unable to reach the claimant to discuss.<br>• Debtors' Response:  On the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors.  The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim.  In addition, there is no support for the asserted claim amount. | Not returned | Nov. 8 |
| Teretta Vaughn | 8063 | Undetermined<br><br>Unsecured | 13<br><br>Insufficient Documentation | None | • Description of Claim:  The Proof of Claim does not include a description of the claim being asserted and appends only an account history.  During a conversation with Debtors' counsel on April 10, 2015, the claimant asserted that she had been overcharged.<br>• Diligence Efforts:[20]  The TXU Team reviewed the claimant's account and determined that there was no indication the customer was charged more than the appropriate rate under service plan in which she was enrolled and that there were no apparent discrepancies in the service, contract, pricing, or billing.  The TXU Team spoke with the claimant on May 11, 2015, informing her of the results of the review, but the claimant declined to resolve the Objection.<br>• Debtors' Response:  On the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors.  The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim. | Yes (Telephone) | Nov. 8 |

---

[19]    Id.

[20]    Id. at 7.

KE 43929945

| Claimant | POC # | Amount and Priority/ Classification | Objection # and Basis | Response D.I. | Description and Response | Questionnaire (participation method) | Hearing Date |
|---|---|---|---|---|---|---|---|
| Yolanda Small | 4830 | $12,475.00<br><br>Partially Priority; Partially Secured | 13<br><br>Insufficient Documentation | 4089 | • Description of Claim: The Proof of Claim states only that the claimant was "overcharged" and appends two account details.  The Debtors' counsel was unable to reach the claimant to solicit additional information.<br>• Diligence Efforts:[21]  The TXU Team reviewed the claimant's account and determined that there was no indication the customer was charged more than the appropriate rate under the service plan in which she was enrolled and that there were no apparent discrepancies in the service, contract, pricing, or billing.  The TXU Team attempted to contact the claimant on May 12, 2015, but the claimant disconnected the call upon being informed that the call was regarding her claim.<br>• Debtors' Response:  On the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors.  The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim.  In addition, there is no support for the asserted claim amount. | Yes (Telephone) | Nov. 8 |
| | | | | | *Customer Claims (Unknown)* | | |
| Austin Kovach | 9867 | $13,988.00<br><br>Partially Priority; Partially Secured; Partially Unsecured | 16<br><br>Insufficient Documentation | 4943 | • Description of Claim:  Neither the Proof of Claim nor the Formal Response includes a description of the claim being asserted or any supporting documentation.  The Debtors' counsel left several voicemails in an attempt to solicit additional information, but the claimant did not respond.<br>• Diligence Efforts:[22]  The TXU Team reviewed the claimant's customer account, including deposit, billing, and account service information, and did not find any issues.<br>• Debtors' Response:  On the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors.  The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim.  In addition, there is no support for the asserted claim amount. | Not returned | Dec. 13 |
| Cora Redic | 9919 | Undetermined<br><br>Secured | 16<br><br>Insufficient Documentation | None | • Description of Claim:  The Proof of Claim does not include a description of the claim being asserted or any supporting documentation.  The Debtors' counsel was unable to reach the claimant to solicit additional information.<br>• Diligence Efforts:[23]  The TXU Team reviewed the claimant's customer account, including deposit, billing, and account service information, and did not find any issues.<br>• Debtors' Response:  On the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors.  The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim. | Yes (In person) | Nov. 8 |

---

[21]  *Id.*

[22]  *Id.*

[23]  *Id.*

KE 43929945

Exhibit A

| Claimant | POC # | Amount and Priority/ Classification | Objection # and Basis | Response D.I. | Description and Response | Questionnaire (participation method) | Hearing Date |
|---|---|---|---|---|---|---|---|
| Donald Cox | 2701 | Undetermined<br><br>Unsecured | 13<br><br>Insufficient Documentation | 4088 | • **Description of Claim**: Neither the Proof of Claim nor the Formal Response includes a description of the claim being asserted or any supporting documentation. The Debtors' counsel sent an e-mail to the claimant requesting additional information, but the claimant did not respond.<br>• **Diligence Efforts**:[24] The TXU Team reviewed the claimant's customer account, including deposit, billing, and account service information, and did not find any issues.<br>• **Debtors' Response**: On the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors. The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim. | Not returned | Dec. 13 |
| Jesus Moreno | 2730 | $2,775.00<br><br>Partially Priority; Partially Secured | 8<br><br>Insufficient Documentation | 3578 | • **Description of Claim**: The Proof of Claim does not include a description of the claim being asserted or any supporting documentation. In his Formal Response, the claimant made general allegations that utilities companies were taking advantage of their customers, but acknowledged that he had no proof and did not keep records. In a conversation between the claimant and Debtors' counsel dated February 10, 2015, the Claimant declined to specify the claim being asserted against the Debtors and indicated he filled out the proof of claim only to express general dissatisfaction with the Debtors and the chapter 11 cases.<br>• **Diligence Efforts**:[25] The TXU Team reviewed the claimant's customer account, including deposit, billing, and account service information, and did not find any issues.<br>• **Debtors' Response**: General dissatisfaction with service does not give rise to a right to payment or other entitlement that constitutes a claim under section 502 of the Bankruptcy Code (and claimant points to no authority in support of such theory for recovery). On the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors. The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim. In addition, there is no support for the asserted claim amount. | Not returned | Dec. 13 |
| JoAnn M. Robinson | 4959 | $30,500.00<br><br>Partially 503(b)(9); Partially Priority; Partially Secured; Partially Unsecured | 6<br><br>Insufficient Documentation | 3389, 3926, 6451 8897, 8996, 9310 | • **Description of Claim**: Neither the Proof of Claim nor the Formal Response includes a description of the claim being asserted (though the claimant checked the boxes indicating the claim is entitled to priority under sections 503(b)(9) and 507(a) of the Bankruptcy Code for goods sold, domestic support obligations, wages, employee benefit plans, personal property, taxes owed to governmental units, and other). The Formal Response appends letters from various claims traders regarding offers to purchase the priority portion of the claimant's claim. During a conversation with Debtors' counsel on March 18, 2015, the claimant was unable to articulate a basis for a claim against the Debtors. | Yes (not indicated) | Nov. 8 |

---

[24]   *Id.*

[25]   *Id.*

KE 43929945

| Claimant | POC # | Amount and Priority/ Classification | Objection # and Basis | Response D.I. | Description and Response | Questionnaire (participation method) | Hearing Date |
|---|---|---|---|---|---|---|---|
| | | | | | • <u>Diligence Efforts</u>:[26]  The TXU Team reviewed the claimant's customer account, including deposit, billing, and account service information, and did not find any issues.<br>• <u>Debtors' Response</u>:  On the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors.  The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim. In addition, there is no support for the asserted claim amount.  A review of the claimant's submissions indicates that the claimant may have been confused by the bar date notice and the offers from third parties to purchase her claim. | | |
| Kimberley Olbrish | 669 | Undetermined<br><br>Unsecured | 3<br><br>No Supporting Documentation | None | • <u>Description of Claim</u>:  The Proof of Claim does not include a description of the claim being asserted or any supporting documentation.  The Debtors sent two letters to the claimant requesting a discussion concerning the claim, but the claimant did not respond.<br>• <u>Diligence Efforts</u>:[27]  The TXU Team reviewed the claimant's customer account, including deposit, billing, and account service information, and did not find any issues.<br>• <u>Debtors' Response</u>:  On the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors.  The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim. | Yes<br>(Telephone) | Dec. 13 |
| Marilyn Bell | 3368 | Undetermined<br><br>Secured | 13<br><br>Insufficient Documentation | 4152 | • <u>Description of Claim</u>:  The Proof of Claim does not include a description of the claim being asserted or any supporting documentation.  The Formal Response states only that the claimant has been a customer of TXU Energy since the 1980s and that the claim is for $6,000.  The Debtors' counsel sent an e-mail on April 6, 2016, requesting a description of the claim being asserted, but the claimant did not respond.<br>• <u>Diligence Efforts</u>:[28]  The TXU Team reviewed the claimant's customer account, including deposit, billing, and account service information, and did not find any issues.<br>• <u>Debtors' Response</u>:  On the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors.  The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim. | Yes<br>(Telephone) | Dec. 13 |
| Nikita Denise Bailey-Kelly | 2014 | $300.00<br><br>Partially Priority; Partially Secured | 13<br><br>Insufficient Documentation | 4153 | • <u>Description of Claim</u>:  Neither the Proof of Claim nor the Formal Response includes a description of the claim being asserted or any supporting documentation. The Debtors' counsel sent an e-mail on April 14, 2016, requesting a description of the claim being asserted, but the claimant did not respond.<br>• <u>Diligence Efforts</u>:[29]  The TXU Team reviewed the claimant's customer account, including | Yes<br>(not indicated) | Nov. 8 |

---

[26]   *Id.*

[27]   *Id.*

[28]   *Id.*

KE 43929945

| Claimant | POC # | Amount and Priority/ Classification | Objection # and Basis | Response D.I. | Description and Response | Questionnaire (participation method) | Hearing Date |
|---|---|---|---|---|---|---|---|
| | | | | | deposit, billing, and account service information, and did not find any issues. <br><br>• **Debtors' Response:** On the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors. The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim. In addition, there is no support for the asserted claim amount. | | |
| Ruth Caesar | 5630 | Undetermined <br><br> Unsecured | 3 <br><br> No Supporting Documentation | 3171 | • **Description of Claim:** Neither the Proof of Claim nor the Formal Response includes a description of the claim being asserted or any supporting documentation. The Formal Response was submitted by the claimant's daughter, notifying the Court that the claimant was unable to respond due to a health-related incident. The Debtors' counsel sent a letter on January 8, 2016, granting the requested adjournment and requesting a description of the claim being asserted, but the claimant did not respond. <br><br>• **Diligence Efforts:**[30] The TXU Team reviewed the claimant's customer account, including deposit, billing, and account service information, and did not find any issues. <br><br>• **Debtors' Response:** On the face of the claimant's papers, the claimant has failed to establish a claim against the Debtors. The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim. | Yes (not indicated) | Dec. 13 |
| Susan Keyes | 2891 | Undetermined <br><br> Unsecured | 3 <br><br> No Supporting Documentation | 3164 | • **Description of Claim:** Neither the Proof of Claim nor the Formal Response includes a description of the claim being asserted or any supporting documentation. The Debtors' counsel sent a letter on January 8, 2016, requesting a description of the claim being asserted, but the claimant did not respond. <br><br>• **Diligence Efforts:**[31] The TXU Team reviewed the claimant's customer account, including deposit, billing, and account service information, and did not find any issues. <br><br>• **Debtors' Response:** On the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors. The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim. | Not returned | Dec. 13 |
| | | | | | *Claims Against Non-Debtor Third Parties* | | |
| Amelia Maurillo | 4599 | $18,150.00 <br><br> Unsecured | 15 <br><br> Insufficient Documentation | 4206 | • **Description of Claim:** In the Formal Response, the claimant asserts that her claim is for non-payment of royalties under an oil, gas, and mineral lease agreement entered into with Dale Property Services in February 2007, a copy of which is attached to the Formal Response. <br><br>• **Diligence Efforts:**[32] The Debtors reviewed the oil, gas, and mineral lease included with the Formal Response and confirmed that the Debtors are not a party to the lease. The Debtors | Telephone | Dec. 13 |

---

29   *Id.*

30   *Id.*

31   *Id.*

| Claimant | POC # | Amount and Priority/ Classification | Objection # and Basis | Response D.I. | Description and Response | Questionnaire (participation method) | Hearing Date |
|---|---|---|---|---|---|---|---|
| | | | | | reviewed their books and records and verified that Dale Property Services is not a Debtor, nor a predecessor or affiliate of the Debtors. • Debtors' Response:  According to the terms of the oil, gas, and mineral lease, Dale Property Services—a non-Debtor third party—is the sole entity liable for royalties due.  In fact, the Debtors are not mentioned at all in the lease or the accompanying letter.  Therefore, on the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors.  In addition, there is no support for the asserted claim amount. | | |
| Annie Brinkley | 2345 | $5,063.00 Unsecured | 4 Non-EFH | None | • Description of Claim:  The claim relates to a solar hot water heater that the claimant states was installed by a company called "Green Monster."  Attached to the Proof of Claim is a summary of the claimant's issue with the heater and attempts to resolve the issue, which references several companies (Banz, FAFCO, Oncor, and Green Monster), as well as an invoice from "Green Python LLC." • Diligence Efforts:[33]  The Debtors reviewed the history and documentation provided by the claimant and confirmed that the Debtors are not connected to the installation of the heater.  The Debtors reviewed their books and records and verified that none of the companies referenced in the Proof of Claim are a Debtor, nor a predecessor or affiliate of the Debtors (other than Oncor). • Debtors' Response:  While the claimant asserts that she contacted Oncor regarding the issue, the claimant does not indicate what connection, if any, Oncor had to the heater.  Furthermore, Oncor is a non-Debtor affiliate of the Debtors; any claim against Oncor would not be a claim against the Debtors' estates.  The other referenced companies have no relevant connection to the Debtors and none of the Debtors make or install solar power systems or water heaters.  Therefore, on the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors. In addition, there is no support for the asserted claim amount. | Sent letter (not indicated) | Dec. 13 |
| Donna Phillips | 2226 | Undetermined Unsecured | 16 Insufficient Documentation | 4896, 4897 | • Description of Claim:  The claimant appears to be asserting a claim related to a mining lease located in Smith County, Texas. • Diligence Efforts:[34]  The Debtors reviewed their books and records and determined that they do not have mining operations in the county where the lease is located and, therefore, are not party to any mining leases located in that county. | Not returned | Dec. 13 |

---

[32]    Soesbe Declaration at 2.

[33]    *Id.*

[34]    *Id.*

| Claimant | POC # | Amount and Priority/ Classification | Objection # and Basis | Response D.I. | Description and Response | Questionnaire (participation method) | Hearing Date |
|---|---|---|---|---|---|---|---|
| | | | | | • Debtors' Response: As the claimant has failed to provide the Debtors with a copy of the applicable lease, the Debtors are unable to trace or substantiate the claimant's claim. Therefore, on the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors. | | |
| Gerald and DeAnna Edwards | 7659; 9922; 9923 | Undetermined  Unsecured | 7 & 17  No Liability & Substantive Duplicate | 3388; 4411; 4942 | • Description of Claim: None of the papers submitted by the claimants provide a clear description of the claim being asserted. The Proof of Claim attaches documentation of patents held by Mr. Edwards for a "digging tooth," as well as copies of easements, assignments, and other real property contracts between the claimants and various non-Debtor third parties. A Formal Response [D.I. 3388] indicates Ms. Edwards is confused by the notices sent to Mr. Edwards, who is a former customer of TXU Energy, and attaches correspondence with a variety of companies that are non-Debtor third parties.  • Diligence Efforts:[35] The Debtors reviewed the various papers submitted by the claimants and were unable to identify a claim being asserted against the Debtors. The Debtors' records show no indication of a connection to the properties or patents included in the claimant's papers.  • Debtors' Response: On the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors. In fact, no Debtor appears in any of the supporting documentation. The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim. | In Person | Dec. 13 |
| Melva Johnson-Cauley | 2686 | $2,000.00*  Priority | 10  No Liability | 3636 | • Description of Claim: The asserted claim is for royalties owed under an oil, gas, and mineral lease agreement entered into with Dale Property Services on August 8, 2008, a copy of which is appended to the Proof of Claim.  • Diligence Efforts:[36] The Debtors reviewed the oil, gas, and mineral lease included with the Formal Response and confirmed that the Debtors are not a party to the lease. The Debtors reviewed their books and records and verified that Dale Property Services is not a Debtor, nor a predecessor or affiliate of the Debtors.  • Debtors' Response: According to the terms of the oil, gas, and mineral lease, Dale Property Services—a non-Debtor third party—is the sole entity liable for royalties due. In fact, the Debtors are not mentioned at all in the lease or the accompanying letter and e-mail. Therefore, on the face of the claimant's papers, the claimant has failed to allege facts sufficient to establish a claim against the Debtors. The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim. In addition, there is no support for the asserted claim amount. | Not returned | Dec. 13 |

---

[35] *Id.*

[36] *Id.*

KE 43929945

| Claimant | POC # | Amount and Priority/ Classification | Objection # and Basis | Response D.I. | Description and Response | Questionnaire (participation method) | Hearing Date |
|---|---|---|---|---|---|---|---|
| Tim Villarreal | 1520 | $15,250.00<br><br>Priority | 13<br><br>Insufficient Documentation | 4114 | • <u>Description of Claim</u>: The Proof of Claim does not include a description of the claim being asserted or any supporting documentation. In his Formal Response and during a telephone call with Debtors' counsel on April 14, 2016, the claimant stated that he is asserting a WARN Act claim against his former employer, Jevic Transportation, which he asserts was "spun off" from the Debtors.<br><br>• <u>Diligence Efforts</u>: The Debtors reviewed their books and records and verified that there is no (and never has been) any affiliation with Jevic Transportation.[37] During the April 14, 2016 telephone call, the Debtors' counsel explained the lack of connection between the Debtors and Jevic Transportation to the claimant, who did not accept the explanation.<br><br>• <u>Debtors' Response</u>: Jevic Transportation is not a Debtor, but rather a company unrelated to the Debtors and which filed its own petition for chapter 11 relief in the District of Delaware in 2008. Jevic Transportation's chapter 11 cases are being jointly administered under *In re Jevic Holding Corp.*, Case No. 08–11006 (BLS). Therefore, any WARN Act claims the claimant may hold against Jevic Transportation are not liabilities against the Debtors or their estates. In addition, there is no support for the asserted claim amount. | Not returned | Dec. 13 |
| *Other Claims* | | | | | | | |
| Leo Griffin | 2191 | $2,775.00<br><br>Partially Priority; Partially Secured | 8<br><br>Insufficient Documentation | 3498 | • <u>Description of Claim</u>: The Proof of Claim does not include a description of the claim being asserted. The Formal Response attaches payment confirmations as proof that the claimant had an account with TXU Energy. During a conversation with Debtors' counsel on February 10, 2015, the claimant asserted that he was part of a class action regarding overcharges.<br><br>• <u>Diligence Efforts</u>: The Debtors reviewed their books and records and determined that they are not aware of any class action against the Debtors fitting the claimant's description.[38] The TXU Team reviewed the claimant's customer account, including deposit, billing, and account service information, and did not find any issues.[39]<br><br>• <u>Debtors' Response</u>: The Debtors do not dispute that the claimant was a TXU Energy customer; the claimant's status as a customer does not, in itself, give rise to a claim. The Debtors have no record of a class action suit, and claimant provided no evidence of one, that would give rise to a claim for the benefit of the claimant. Therefore, the claimant has failed to allege facts sufficient to establish a claim against the Debtors. The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim. In addition, there is no support for the asserted claim amount. | Not returned | Dec. 13 |

---

[37] *Id.*

[38] *Id.* at 3.

[39] McKillop Declaration at 8.

KE 43929945

Exhibit A

| Claimant | POC # | Amount and Priority/ Classification | Objection # and Basis | Response D.I. | Description and Response | Questionnaire (participation method) | Hearing Date |
|---|---|---|---|---|---|---|---|
| Mason Guy | 2738 | Undetermined<br><br>Unsecured | 3<br><br>No Supporting Documentation | 3153 | • <u>Description of Claim</u>:   Neither the Proof of Claim nor the Formal Response includes a description of the claim being asserted or any supporting documentation.  During a conversation with Debtors' counsel on December 31, 2014, the claimant asserted that he was part of a class action regarding gas prices.<br>• <u>Diligence Efforts</u>:  The Debtors reviewed their books and records and determined that they are not aware of any class action against the Debtors fitting the claimant's description.[40] The TXU Team reviewed the claimant's customer account, including deposit, billing, and account service information, and did not find any issues.[41]<br>• <u>Debtors' Response</u>:  The Debtors have no record of a class action suit, and claimant provided no evidence of one, that would give rise to a claim for the benefit of the claimant.  Furthermore, the Debtors do not sell gas.  Therefore, the claimant has failed to allege facts sufficient to establish a claim against the Debtors.  The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim. | Telephone | Nov. 8 |
| Maurice Jefferson | 7526; 9650 | $35,000.00*; $99,000.00<br><br>Partially Priority; Partially Secured | 39<br><br>No Liability | 8134 | • <u>Description of Claim</u>:  The claim is for a severance payment allegedly distributed to employees in connection with the 2007 restructuring.<br>• <u>Diligence Efforts</u>:[42]  The Debtors reviewed their books and records and determined that they are not aware of any severance program of the kind and from the time described.<br>• <u>Debtors' Response</u>:  The Debtors have no record of the severance program described by the claimant, who has provided no documentation or evidence of the alleged severance program, nor any details as to why he believes such a severance program existed.  In addition, there is no support for the asserted claim amount.  Furthermore, the Debtors have no record of unpaid amounts due to the claimant. | Telephone | Nov. 8 |

---

[40]    Soesbe Declaration at 3.

[41]    McKillop Declaration at 8.

[42]    Soesbe Declaration at 3.

KE 43929945

| Claimant | POC # | Amount and Priority/ Classification | Objection # and Basis | Response D.I. | Description and Response | Questionnaire (participation method) | Hearing Date |
|---|---|---|---|---|---|---|---|
| Monica Regina Hawkins | 1868 | $110,177.00<br><br>Partially Priority; Partially Secured; Partially Unsecured | 6<br><br>Insufficient Documentation | 3386 | • **Description of Claim:**  The Proof of Claim indicates the claimant is asserting a claim in connection with a foreclosure or mortgage note from Wells Fargo Home Mortgage and/or with an unspecified class action settlement.<br>• **Diligence Efforts:**  The Debtors reviewed their books and records and determined that they are not aware of any class action against the Debtors fitting the claimant's description and verified that Wells Fargo Home Mortgage is not a Debtor, nor a predecessor or affiliate of the Debtors.[43] The TXU Team reviewed the claimant's customer account and determined that there are no outstanding or unresolved issues.[44]<br>• **Debtors' Response:**  The Debtors have no connection to Wells Fargo Home Mortgage or to the note identified in the Proof of Claim and do not make home loans.  The Debtors have no record of a class action suit, and claimant provided no evidence of one, that would give rise to a claim for the benefit of the claimant.  Therefore, the claimant has failed to allege facts sufficient to establish a claim against the Debtors.   The lack of evidence of grounds for a claim in the Debtors' books and records further supports disallowing the claimant's Proof of Claim.  In addition, there is no support for the asserted claim amount. | Not returned | Dec. 13 |
| Wayne English | 9800 | $24,580.00<br><br>Secured | 17<br><br>No Liability | 4882 | • **Description of Claim:**  The claimant asserts that he is entitled to damages for selling his bonds at a loss.<br>• **Debtors' Response:**  When purchasing securities, an investor assumes risk that the value of such securities may decrease.  *See, e.g., Mathews v. Kidder, Peabody & Co.*, 260 F.3d 239, 247 (3d Cir. 2001) ("The value of a security is related to its expected return and its inherent risk.").  Absent a violation of securities laws or other applicable statute, an issuer is not liable to an investor for losses incurred in connection with the sale of securities.  Importantly, the claimant makes no allegation that the Debtors violated any law and points to no authority to support his theory that he is entitled to damages in connection with the sale of securities.  The cases cited by the claimant in the Formal Response are wholly inapposite: none concern the sale of securities and all involve claims for breach of contract.  The claimant misunderstands the legal theories of duty, breach, and mitigation. | Telephone | Dec. 13 |

---

[43]  *Id.*

[44]  McKillop Declaration at 8.

Exhibit A

| Claimant | POC # | Amount and Priority/ Classification | Objection # and Basis | Response D.I. | Description and Response | Questionnaire (participation method) | Hearing Date |
|---|---|---|---|---|---|---|---|
| Wendy Copeland | 10042; 10074; 10619 | $12,000; undetermined; $19,000<br><br>Unsecured | 39<br><br>No Liability | 9567 | • <u>Description of Claim</u>:   Neither the Proof of Claim nor the Formal Response includes a description of the claim being asserted against the Debtors.  The Formal Response states that a company called Durham Electric performed electrical work on the claimant's house and alleges that Durham Electric was purchased by TXU Energy.<br><br>• <u>Diligence Efforts</u>:[45]   The Debtors reviewed their books and records and confirmed that no company named Durham Electric was ever purchased by the Debtors.<br><br>• <u>Debtors' Response</u>:   Claimant's timely proof of claim no. 5644 was disallowed by the *Order Sustaining Debtors Thirteenth Omnibus (Non-Substantive) Objection to (Insufficient Documentation) Claims* [D.I. 4373].  To the extent the claimant's later-filed claims attempt to re-assert the same liability as that described in claim no. 5644, such liability has already been disallowed by the Court.  To the extent the claimant is attempting to assert new claims, such claims are untimely and disallowed by the Debtors' chapter 11 plan.  In addition, the claimant has failed to allege facts sufficient to establish a claim against the Debtors and there is no support for the asserted claim amounts. | Yes (not indicated) | Nov. 8 |

---

[45]   Soesbe Declaration at 3.

KE 43929945