**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Objection Deadline: November 14, 2016 at 4:00 p.m.** |

**TWENTY-NINTH MONTHLY FEE STATEMENT OF RICHARDS, LAYTON &
FINGER, P.A. FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
FROM SEPTEMBER 1, 2016 THROUGH SEPTEMBER 30, 2016**

| | |
|---|---|
| **Name of Applicant** | **Richards, Layton & Finger, P.A.** |
| Authorized to Provide Professional Services to: | Energy Future Holdings Corp, *et al.*<br>Debtors and Debtors in Possession |
| Date of Retention: | Retention Order Entered on October 24, 2014<br>(Effective as of April 29, 2014) |
| Period for which compensation and reimbursement is sought: | September 1, 2016 through September 30, 2016 |
| Amount of Compensation sought as actual, reasonable and necessary: | $156,504.00 (80% of $195,630.00) |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $14,455.00 |

This is a __X__ monthly ___ interim ___ final application.  No prior application filed for this Fee Period (as defined herein).[2]

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Notice of this Monthly Fee Statement (as defined herein) shall be served in accordance with the Interim Compensation Order and Fee Committee Order (both as defined herein) and objections to the

Pursuant to sections 327, 330, and 331 of chapter 11 of title 11 of the United States Code, (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the *Order Authorizing the Debtors to Retain and Employ Richards, Layton & Finger, P.A. As Co-Counsel Effective Nunc Pro Tunc to the Petition Date,* dated October 24, 2014 [D.I. 2539] (the "Retention Order"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals,* dated September 16, 2014 [D.I. 2066] (the "Interim Compensation Order"), the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the law firm of Richards, Layton & Finger, P.A. ("RL&F"), Delaware co-counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby files this monthly fee statement (this "Monthly Fee Statement") for: (i) compensation in the amount of $156,504.00 (i.e., 80% of $195,630.00) for the reasonable and necessary legal services RL&F rendered to the Debtors from September 1, 2016 through September 30, 2016 (the "Fee Period"); and (ii) reimbursement for the actual and necessary expenses that RL&F incurred, in the amount of $14,455.00 during the Fee Period.

## Itemization of Services Rendered and Disbursements Incurred

1.    In support of this Monthly Fee Statement, attached are the following exhibits:

- **Exhibit A** is a schedule of the number of hours expended and fees incurred (on an aggregate basis) by RL&F directors, counsels, associates, and paraprofessionals during the Fee Period with respect to each of the subject matter categories RL&F established in accordance with its internal billing procedures. As reflected in Exhibit A, RL&F incurred $195,630.00 in fees during the Fee Period. Pursuant to this Monthly Fee Statement, RL&F seeks reimbursement for 80% of such fees ($156,504.00 in the aggregate).

---

relief requested in this Monthly Fee Statement shall be addressed in accordance with the Interim Compensation Order and Fee Committee Order.

2

- **Exhibit B** is a schedule providing certain information regarding the RL&F attorneys and paraprofessionals for whose work on these chapter 11 cases compensation is sought in this Monthly Fee Statement. Attorneys and paraprofessionals of RL&F have expended a total of 435.1 hours in connection with these chapter 11 cases during the Fee Period.

- **Exhibit C** is a schedule for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which RL&F is seeking reimbursement in this Monthly Fee Statement. All of these disbursements comprise the requested sum for RL&F's out-of-pocket expenses.

- **Exhibit D** consists of RL&F's records of expenses incurred during the Fee Period in the rendition of the professional services to the Debtors and their estates.[3]

- **Exhibit E** is a meal chart of expenses incurred by RL&F during the Fee Period in the rendition of the professional services to the Debtors and their estates exclusively on account of business meals.[4]

---

[3] Regarding providers of on-line legal research (e.g., LEXIS and WESTLAW), RL&F charges all of its clients the standard usage rates these providers charge, which, due to contractual flat fees, may not always equal RL&F's actual cost. RL&F currently is under contract to pay these providers a flat fee every month. Charging its clients the on-line providers' standard usage rates allows RL&F to cover adequately the monthly flat fees it must pay to these types of providers.

[4] Among other things, the October 3, 2014 memorandum (the "Expense Memo") prepared by Godfrey & Kahn, S.C., counsel to the fee committee (the "Fee Committee"), sets forth certain meal expense reimbursement guidelines. Specifically, pursuant to the Expense Memo, the Fee Committee generally recommends that in-office meals be capped at $20 per person per meal, and should be reimbursable if (i) the professional attends a necessary lunch-hour business meeting or (ii) the professional works on the Debtors' chapter 11 cases past 8:00 p.m. and has worked more than four hours on the Debtors' chapter 11 cases during the billing day for which meal reimbursement is sought. At the same time, the Expense Memo notes that the guidelines set forth therein are "not hard and fast rules," but rather principles that the Fee Committee generally will follow. See Expense Memo at 3. The Expense Memo further notes that the "general statements [set forth in the Expense Memo] reflect the Fee Committee's starting point for expense review, not its conclusions." See Expense Memo at 5. Consequently, RL&F submits that it should be reimbursed for business meals in accordance with the following well-established guidelines adhered to regularly in other significant chapter 11 cases in the District of Delaware: $25 per person for breakfast; $35 per person for lunch; $55 per person for dinner and not the $20 per person per meal cap set forth in the Expense Memo. See, e.g., In re Old FENM Inc., Case No. 13-12569 (Bankr. D. Del.) (fee examiner applying $25 per person for breakfast, $35 per person for lunch, and $55 per person for dinner meal caps); In re FBI Wind Down, Inc., Case No. 13-12329 (Bankr. D. Del.) (same); In re School Specialty, Inc., Case No. 13-10125 (Bankr. D. Del.) (same); In re Vertis Holdings, Inc., Case No. 12-12821 (Bankr. D. Del.) (same); In re Southern Air Holdings, Inc., Case No. 12-12690 (Bankr. D. Del.) (same); In re WP Steel Venture LLC, Case No. 12-11661 (Bankr. D. Del.) (same); In re Allied Systems Holdings, Inc., Case No. 12-11564 (Bankr. D. Del.) (same); In re AES Eastern Energy, L.P., Case No. 11-14138 (Bankr. D. Del.) (same); In re Raser Technologies, Inc., Case No. 11-11315 (Bankr. D. Del.) (same); In re Indianapolis Downs, Inc., Case No.

3

## Proposed Payment Allocation

2.      In accordance with paragraph 2(b) of the Interim Compensation Order, RL&F proposes the following payment allocation of the fees and expenses sought in this Application among (a) Energy Future Holdings Corp. ("EFH Corp."), (b) Energy Future Intermediate Holding Company LLC ("EFIH"), and (c) Energy Future Competitive Holdings Company LLC and each of its direct and direct subsidiaries that are Debtors in these chapter 11 cases (collectively, the "TCEH Debtors"):

| FEES (comprised of $156,504.00 fees (80% of $195,630.00)) | |
|---|---|
| **Debtor(s)** | **Amount Sought to be Paid** |
| ALL | $51,411.60 |
| EFH Corp. | $50,858.80 |
| EFIH | $17,589.20 |
| TCEH Debtors | $36,644.40 |
| *Total:* | $156,504.00 |

---

11-11046 (Bankr. D. Del.) (same); In re TW Liquidation Corp., Case No. 10-14092 (Bankr. D. Del.) (same); In re OTC Holdings Corp., Case No. 10-12636 (Bankr. D. Del.) (same); In re Specialty Products Holding Corp., Case No. 10-11780 (Bankr. D. Del.) (same). To the extent that RL&F exceeded the $25 per person for breakfast; $35 per person for lunch; and $55 per person for dinner meal caps roundly adhered to in the District of Delaware, RL&F consents to voluntary reductions to those generally accepted caps. Separately, RL&F reserves its rights to argue that certain of the business meals set forth in Exhibit E do not constitute "in-office" meals and/or that the "8:00 p.m." and "four hour" billing requirements should not apply to its timekeepers.

4

| EXPENSES (comprised of 100% of $14,455.00 expenses) | |
|---|---|
| **Debtor(s)** | **Amount Sought to be Paid** |
| ALL | $4,748.46 |
| EFH Corp. | $4,697.88 |
| EFIH | $1,624.74 |
| TCEH Debtors | $3,383.92 |
| *Total:* | $14,455.00 |
| *Grand Totals:* | $170,959.00 |

### Representations

3.      Although every effort has been made to include all fees and expenses incurred in the Fee Period, some fees and expenses might not be included in this Monthly Fee Statement due to delays caused by accounting and processing during the Fee Period.  RL&F reserves the right to make further application to this Court for allowance of such fees and expenses not included herein.  Subsequent fee applications will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, Local Bankruptcy Rules, the Fee Committee Order, and the Interim Compensation Order.


*[Remainder of page intentionally left blank.]*

RLF1 15529544v.1

WHEREFORE, RL&F requests allowance of its fees and expenses incurred during the Fee Period in the total amount of $195,630.00 consisting of (a) $156,504.00, which is 80% of the fees incurred by the Debtors for reasonable and necessary professional services rendered by RL&F; and (b) $14,455.00 for actual and necessary costs and expenses, and that such fees and expenses be paid as administrative expenses of the Debtors' estates.

Dated: October 24, 2016
       Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

*Co-Counsel to the Debtors and Debtors in Possession*

6

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### VERIFICATION OF JASON M. MADRON

1.      I am Counsel in the law firm of Richards, Layton & Finger, P.A., located at 920 North King Street, Wilmington, Delaware 19801 ("RL&F"). I am a member in good standing of the Bar of the State of Delaware, and I have been admitted to practice in the United States Bankruptcy Court for the District of Delaware. There are no disciplinary proceedings pending against me.

2.      I have personally performed many of the legal services rendered by RL&F as bankruptcy co-counsel to the Debtors and am familiar with all other work performed on behalf of the Debtors by the lawyers and other persons in the firm.

3.      The facts set forth in the foregoing Monthly Fee Statement are true and correct to the best of my knowledge, information, and belief.

4.      I have reviewed Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware and believe that the Monthly Fee Statement for RL&F complies with such rule.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

5.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.


Respectfully submitted,


Jason M. Madron (No. 4431)

2