| United States Bankruptcy Court for the District of Delaware | | **REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM** |
|---|---|---|
| Name of Debtor Against Which Claim is Held: **LUMINANT GENERATION COMPANY LLC** | Case No. of Debtor: 14-11032 (CSS) (Jointly Administered under 14-10979 (CSS)) | THIS SPACE IS FOR COURT USE ONLY |

NOTE: This form should only be used to make a claim for an administrative expense arising after the commencement of the case.

| Name of Creditor: **DATA SYSTEMS AND SOLUTIONS LLC** Addresses Where notices should be sent: Send to each of: | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| (a) Data Systems & Solutions LLC, c/o Rolls-Royce – Nuclear Services, 5959 Shallowford Road, Suite 511, Chattanooga, Tennessee 37421, Attention: C. David Thompson, Vice President, Plant Automation & Monitoring Systems, Tel: 423 756 9730, Fax: 423 756 9728, Email: thompsoncha@ds-s.com; | Court Claim Number:_____ (*If known*) Filed on: _____ |
| (b) Data Systems & Solutions LLC, c/o Rolls-Royce North America Inc., 6546 Pound Rd., Williamson, NY 14589, Attn: Sue Brooks, Esq., Tel.: 315-589-4000 ext 2261, E-Mail: sue.brooks@rolls-roycenuclear.com; and | ☐ Check this box if you are aware that anyone else has filed a proof of administrative claim relating to your claim. Attach copy of statement giving particulars. |
| (c) Counsel for the Claimant, Vedder Price P.C., 1633 Broadway, 47th Floor, New York, New York 10019, Attn: Michael Edelman, Esq., Tel.: (212) 407-6970, Fax: (212) 407-7799. E-Mail: MJEdelman@VedderPrice.com. | THIS SPACE IS FOR COURT USE ONLY |

Name and address where payment should be sent (if different from above):

*Same as Above (under (a))*
Telephone number:          Email Address:

1. **Amount of Administrative Claim:**     *See Attached*

☐ Check this box if administrative claim includes interest or other charges in addition to principal amount of the administrative claim. Attach itemized statement of all interest or additional charges.

2. **Basis for Administrative Claim:** *See Attached (Postpetition Work Performed under Service Contracts*
3. **Period Addressed by Administrative Claim:** *See Attached*

4. **Credits:** The amount of all payments on this administrative claim has been credited for the purpose of making this proof of administrative claim.
5. **Documents:** Attach redacted copies of any documents that support the administrative claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. *See Attached.*
   **DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
   If the documents are not available, please explain: *See Attached.*

6. **Signature:** Check the appropriate box:

| ☒ I am the creditor | ☐ I am the creditor's authorized agent. (Attached a copy of power of attorney, if any) | ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) | ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.) |

I declare under penalty of perjury that the information provided in this proof of administrative claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: C. David Thompson    Title: Vice President, Plant Automation & Monitoring Systems    Company: Data Systems & Solutions LLC

Address and telephone number (if different from notice address above):
    *See Above*

*(Signature)* C. David Thompson

October 26, 2016
*(Date)*

Telephone number: *See Above*    Email: *See Above*

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **LUMINANT GENERATION** | ) | |
| **COMPANY LLC** | ) | Case No. 14-11032 (CSS) |
| | ) | **(Jointly Administered under 14-10979 (CSS)** |
| Debtor. | ) | |

**ADDENDUM TO REQUEST FOR PAYMENT OF ADMINISTRATIVE
EXPENSE CLAIM OF DATA SYSTEMS & SOLUTIONS LLC
AGAINST LUMINANT GENERATION COMPANY LLC IN RESPECT
OF SERVICE CONTRACTS FOR CERTAIN COMPUTER SYSTEMS
AT COMANCHE PEAK NUCLEAR POWER PLANT**

1.      **DATA SYSTEMS & SOLUTIONS LLC** ("**Administrative Claimant**"), by Administrative Claimant's duly authorized representative, submits the attached Request for Payment of Administrative Expenses Claim (including this Addendum thereto) (this "**Proof of Administrative Claim**") against Luminant Generation Company LLC (the "**Debtor**"), as, inter alia, the counterparty under the Services Contracts (as defined herein), which relate to the replacement of plant computer systems 1 and 2 and a simulator for the Debtor's Comanche Peak Nuclear Power Plant (which is sometimes referred to herein as the "**CPNPP**"). Capitalized terms used herein and not defined herein have the respective meanings ascribed to them in the Service Contracts. This Proof of Administrative Claim is made in conjunction with, and not as a replacement of, the Proof of Claim of the Administrative Claimant against the Debtor (the "**Unsecured Proof of Claim**"), that was previously filed in the Debtor's Bankruptcy Case (as defined herein) and is designated as Claim No. 7507 on the Debtor's claims registry maintained in the Bankruptcy Case.

2.      As more particularly set forth in Paragraph 3 below, in accordance with the Administrative Claimant's rights under Sections 503 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), the above referenced Debtor is justly and truly currently liable to the Administrative Claimant for a claim in the liquidated amount of **$4,094,244.00**, plus additional unliquidated amounts, that are entitled to administrative expense priority under sections 503 and 507(a)(1) of the Bankruptcy Code (the "**Administrative Claim**"), which Administrative Claim accrued from and after the June 4, 2014 petition date, the date that the Debtor's Chapter 11 case under the Bankruptcy Code commenced (the "**Petition Date**"). The total amount of such Administrative Claim cannot fully be calculated or estimated at this time, but the Administrative Claimant does not waive its rights thereto for any additional amounts by not stating a specific amount at this time. The Administrative Claimant asserts all such amounts and claims as specified in Paragraphs 2 and 3 hereof against the Debtor and its estate.

3. The consideration for this indebtedness is as follows:

A. In July 2013, the Debtor and the Administrative Claimant entered into the following service contracts (collectively, the "**Service Contracts**" and each a "**Service Contract**") for the replacement of plant computer systems 1 and 2 and a simulator for the Debtor's Comanche Peak Nuclear Power Plant (the "**Project**"):

    1. That certain Contract for CPNPP Services, dated as of July 1, 2013, by and between the Debtor and Administrative Claimant, which Service Contract has a designated contract reference number C07817296C1 (such Service Contract, the "**Nuclear Service Contract**"). Under the Nuclear Service Contract, the Administrative Claimant has agreed to provide a replacement of the plant computer system units 1 and 2 and simulator for the Project, including, as applicable, the sale and provision of all materials, engineering, construction, installation and cyber security requirements, for the nuclear safety related portion of the Project.

    2. That certain Contract for CPNPP Services, dated as of July 1, 2013, by and between the Debtor and Administrative Claimant, which Service Contract has a designated contract reference number C07817156C6 (such Service Contract, the "**Non-Nuclear Service Contract**"). Under the Non-Nuclear Service Contract, the Administrative Claimant has agreed to provide a replacement of the plant computer system units 1 and 2 and simulator for the Project, including, as applicable, the sale and provision of all materials, engineering, construction, installation and cyber security requirements, for the non-nuclear safety related portion of the Project.

    3. The Service Contracts also provide for the modification and construction related to certain existing plant equipment at the Debtor's Comanche Peak Nuclear Power Plant.

    4. As set forth more fully in the Services Contract, in connection with the Project, the Service Contracts also provide for the Administrative Claimant to provide to the Debtor certain materials, equipment, supervision, and labor required for the performance of the plant computer system at the Debtor's Comanche Peak Nuclear Power Plant.

B. Pursuant to the Service Contracts, Administrative Claimant and Debtor agreed upon certain terms for the Administrative Claimant's performance of the work, services and sales provided under the Service Contracts. Pursuant to the Service Contracts, the Debtor is liable to Administrative Claimant for, <u>inter alia</u>, the following amounts and obligations (all of which are included in the Administrative Claimant's Administrative Claims against the Debtor):

    1. Pursuant to Section 4 of each of the Service Contracts, the Debtor agreed to pay to the Administrative Claimant for the benefits conferred by the Administrative Claimant to the Debtor for performance under the Service

Contracts, which includes, *inter alia,* all of the payments and amounts provided for under Exhibit C of the Nuclear Service Contract (the "**Compensation Schedule**"), which governs both the amount of such compensation obligations owed by the Debtor to the Administrative Claimant

2. Pursuant to Section SC-7 of the Nuclear Service Contract, the Debtor is responsible for the payment for services and other work and benefits provided at the contract rates provided for under such contract.

3. Pursuant to Section GC-25 of the Nuclear Service Contract, the Debtor is liable to the Administrative Claimant for any "Extra Work" (as defined in the Nuclear Service Contract) at the rates provided for under the terms of the Nuclear Service Contract.

4. Pursuant to Section GC-26, the Debtor has the right to request a suspend all or a portion of the Nuclear Service Contract provided that it pays the Administrative Claimant at the rates provided for under the Nuclear Service Contract.

5. Pursuant to Section GC-28, the Debtor has the right to request a suspend all or a portion of the Nuclear Service Contract provided that it pays the Administrative Claimant at the rates provided for under the Nuclear Service Contract.

6. The Debtor is responsible for performing various obligations and supplying various materials and utilities to the Administrative Claimant, including for example, (a) under Section SC-3 of the Nuclear Service Contract, where the Debtor has agreed to provide requisite utilities for the Administrative Claimant in connection with the Project, (b) under Section SC-5 of the Nuclear Service Contract, where the Debtor has agreed to provide various equipment and material to the Administrative Claimant, and (c) under Section SC-12 of the Nuclear Service Contract, where the Debtor has agreed to provide certain transit and nuclear liability and property insurance to cover, among other, the Administrative Claimant.

7. The Debtor has also agreed to perform certain services and duties relating to the Project in accordance with the Requisition/Change Order No. 611-6R426989, which is annexed as Exhibit D to the Nuclear Service Contract.

8. The Debtor has also agreed to perform certain services and duties relating to the Project in accordance with the Requisition/Change Order No. 611FDA09287501, which is annexed as Exhibit D to the Non-Nuclear Service Contract.

9. The Debtor has also agreed to perform certain security and protection services in connection with the Project in accordance with Exhibit G to the Nuclear Service Contract.

3

C.  In addition, the Administrative Claimant from time to time provides goods and services to the Debtor outside the scope of the foregoing agreements. The Debtor is liable for all obligations under such transactions and arrangements at the rates associated with such transactions.

D.  After the Petition Date, the Debtor requested that the Administrative Claimant continue to perform the services and work set forth under the Services Contracts and the Administrative Claimant has continued to perform under, and in accordance with, the terms of the Service Contracts. The Debtor is obligated to pay to Administrative Claimant for all work that Administrative Claimant has performed for the Debtor at the rates provided for such under the Service Contracts and all such obligations of the Debtor are entitled to administrative expense priority under sections 503 and 507(a)(1) of the Bankruptcy Code.

E.  Specifically, after the Petition Date, the Administrative Claimant has performed substantial work for the benefit of the Debtor under the Service Contracts. Since the Petition Date, the Administrative Claimant has provided services, performance and goods with a value of **$4,094,244.00** (the "**Liquidated Claim Amount**") that have not yet been paid for by the Debtor. Because of the confidential and proprietary nature of the work performed under the Service Contracts, the Administrative Claimant has separately provided to the Debtor a detailed break-down and delineation of the services, performance and products provided to the Debtors since the Petition Date that remain unpaid and owing by the Debtors. Upon appropriate request from any other party in interest (subject to complying with or otherwise addressing any applicable confidentiality restrictions in a manner acceptable to Administrative Claimant and, as applicable, the Debtor), a further breakdown and itemization of such Administrative Claim will be furnished by Administrative Claimant (whether by an amendment to this Proof of Administrative Claim or otherwise). In this regard, this Proof of Administrative Claim covers the same unpaid services, work and goods covered under that certain invoice issued by the Administrative Claimant to the Debtor, dated September 21, 2016, and designated by the Administrative Claimant under invoice number 2000387018 (the "**Current Invoice**"). The full $4,094,244.00 remains outstanding, due and owing by the Debtor and no portion of such amount has been paid by the Debtor as of the Date hereof.

F.  All such amounts, including the Administrative Claim, asserted herein constitute claims entitled to administrative expense priority under sections 503 and 507(a)(1) of the Bankruptcy Code.

G.  Pursuant to that certain *Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code As It Applies to the TCEH Debtors and EFH Shared Services Debtors*, dated August 29, 2016 [Docket 9421] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, a copy of which was annexed as Exhibit A to the Confirmation Order (the "**Plan**"). Section V.A.2 of the Plan provides that contracts listed in the Plan Supplement (as defined in the Plan) (the

4

"**Plan Supplement**") under the assumption schedule are to be assumed and/or assumed and assigned as provided under the Plan. In accordance with V.A.2 of the Plan, the Debtor, along with certain affiliated debtors and debtors-in-possession (collectively, the "**Debtors**"), filed their Plan Supplement with this Court on August 3, 2016 [Docket No. 9188]. In Exhibit B to the Plan Supplement, the Debtors' listed all contracts to be assumed and/or assumed and assigned by the Debtors. *See* Docket No. 9188-2 (the "**Assumption Schedule**").

       H.     Pursuant to the Assumption Schedule and the Plan, the Debtors are seeking to, *inter alia*, assume the Service Contracts on the Effective Date (as such term is defined in the Plan) and assign the Service Contracts to TEX CP Company, the new special purpose company that will own and operate the Debtor's nuclear facility. *See* Plan Supplement, Exhibit B (Assumption Schedule), at Rows 693 and 694 (the listings for the Service Contracts).

       I.     Pursuant to discussions between the Debtor and the Administrative Claimant, the Debtor and the Administrative Claimant agreed that the cure payment provisions of the Plan for contracts being assumed did not relate to administrative expense claims arising under the Service Contract for work, services and products furnished by the Administrative Claimant to the Debtor. Rather, such administrative claims are covered by the Administrative Claims Bar Date (as defined in the Plan) under the Plan. This Proof of Administrative Claim is such request for payment of administrative expense claims as provided for under the terms of the Plan.

       J.     In connection with the proposed assignment and assumption of the Service Contracts provided under the Plan, the Administrative Claimant timely filed a reservation of rights relating to the Service Contracts. *See Reservation of Rights of Response of Data Systems & Solutions LLC in Respect of Service Contracts for Certain Computer Systems at Comanche Peak Nuclear Power Plant Being Assumed by Luminant Generation Company LLC and Assigned to TEX CP Company under Plan Supplement*, dated August 15, 2016 [Docket No. 9281] (the "**Administrative Claimants' Reservation of Rights**"). Under the Administrative Claimants' Reservation of Rights, the Administrative Claimant fully reserved its rights (a) to receive full payment of the multi-million dollars of unpaid postpetition services and other postpetition obligations owed by the Debtor under the terms of the Service Contracts and (b) to obtain more information about TEX CP Company, the assignee of the Service Contracts under the Plan Supplement.

       K.     Over the past several months, the parties have sought to amend the Service Contracts to resolve, *inter alia,* the matters raised by the Administrative Claimant in the Administrative Claimants' Reservation of Rights and to amend and modify certain terms and provisions of the Service Contracts. These efforts led to the entry into that certain Supplement No. 5 to the Nuclear Service Contract, dated and effective on October 26, 2016 (the "**Supplement**"), by Administrative Claimant and the Debtor, which Supplement amended and supplemented the Service Contracts (the Service Contracts, as so supplemented and amended by the Supplement, the "**Amended Service Contracts**"). The entry into the Supplement also enables the parties to resolve the issues raised in the

5

Administrative Claimants' Reservation of Rights, which resolution was set forth on the record before this Court in the Debtors' above-referenced bankruptcy cases at a hearing held on October 26, 2016 (the "**Hearing Record**").  Pursuant to the Supplement and the Hearing Record, the Debtor agreed to irrevocably and immediately assume the Amended Service Contracts and assign its rights and obligations under such Amended Service Contracts to Comache Peak Power Company LLC ("**CPPC**").  In this regard, this is the "proof of claim for administrative expense" referenced in the Supplement and the "request for payment of an administrative claim in the approximate amount of $4.1 million" referenced on the Hearing Record.  Pursuant to the terms of the Supplement and as set forth on the Hearing Record, the Debtor agreed that CPPC would pay $2 million of the Liquidated Claim Amount to the Administrative Claimant during the period between today's date and on or before November 2, 2016, and that the remainder of the Liquidated Claim Amount (the remaining $2,094,244 of the Liquidated Claim Amount) (along with all other terms and obligations of the Amended Service Contracts) thereafter would be paid and honored in accordance with the terms of the Amended Service Contracts.  If and when the Debtors' obligations described in this Administrative Claim have been paid in the full Liquidated Claim Amount, then the Administrative Claimant will withdraw this Administrative Claim in accordance with the terms of the Amended Service Contracts.

L.     Subject to the terms of the Amended Service Contracts, Administrative Claimant reserves any and all rights to claim additional amounts and adjust any amount claimed herein depending on facts and circumstances that may arise after the date hereof and for any further and additional obligations of the Debtor that may arise under the Service Contracts for all services and performance obligations arising for any periods not covered by the Current Invoice (i.e., amounts accruing through the Effective Date under the Plan) and to assert that any or all such amounts are entitled to administrative expense priority under sections 503 and 507(a)(1) of the Bankruptcy Code.

M.     Administrative Claimant hereby fully reserves its right to assert, as applicable, any defenses or limitations to any offsets, credits or claims asserted by Debtor (including any right to terminate any applicable agreement if the Administrative Claimant so chooses) to the full extent provided under any applicable agreements and/or applicable law (including, without limitation, the assertion that any such offset, defense, credit or claim is not permitted (by contract or other applicable law) while the Debtor is in default) and/or seeking, as necessary or deemed beneficial, appropriate judicial relief.  To the extent that such offsets and credits are agreed upon or are otherwise permitted (under the applicable agreements or otherwise), the Administrative Claimant will reflect such adjustments either in an amendment to this Proof of Administrative Claim or in such other manner as is appropriate to reflect such matters.

N.     Nothing herein shall prejudice any rights that the Administrative Claimant may have against any other person or entity, including, without limitation, any of the other debtors, any of their officers or directors and/or any guarantor, pursuant to the terms of any agreements and/or any applicable law.

O. Debtor is liable to Administrative Claimant for any obligations arising under the foregoing Service Contracts, including, but not limited to, the obligations described in Paragraphs 2 and 3 hereof, including, without limitation, the current liquidated amounts of the $4,094,244.00 set forth in this Proof of Administrative Claim. The total amount of such Administrative Claims and other claims cannot reasonably be calculated or estimated at this time, but Administrative Claimant does not waive its rights thereto for any additional amounts (whether or not listed or described) herein by not stating a specific amount at this time.

4. No judgment has been rendered upon the Administrative Claim or any part thereof.

5. The amount of all payments on the foregoing Claim has been credited and deducted for the purpose of making this Proof of Administrative Claim.

6. To the knowledge of the undersigned, this claim is not subject to any valid right of setoff or counterclaim by the Debtor.

7. This Proof of Administrative Claim is being filed as an Administrative Claim entitled to priority under sections 503 and 507(a)(1) of the Bankruptcy Code. To the extent that the Administrative Claim asserted herein as an administrative priority claim is denied administrative expense priority under Sections 507(a)(1) and 503(b) of the Bankruptcy Code, the Administrative Claimant reserves the right to claim that all or any part of such Administrative Claim against the Debtor is a general unsecured claim and/or a secured claim. Without limiting the generality of the foregoing, nothing contained herein shall be deemed to be or construed as a waiver of any general unsecured claim, administrative priority claim, secured claim or right to specific performance that the Administrative Claimant has or may have against the Debtor or any claims or obligations of any type that the Administrative Claimant has or may have against any other person or entity.

8. Due to the voluminous nature of the operative agreements and documents that are the subject of this Proof of Administrative Claim and confidentiality restrictions set forth in such agreements, the Administrative Claimant has provided the foregoing summary of certain provisions of several of such agreements and other documents and not set forth a breakdown of such amounts due under the Service Contracts. Rather, the Administrative Claimant has provided the details and breakdown of this Administrative Claim to the Debtors in the discussions that took place between the Debtors and the Administrative Claimant regarding the Service Contacts. Upon appropriate request from a party in interest (in the case of parties other than the Debtor, subject to complying with or otherwise addressing any applicable confidentiality restrictions in a manner acceptable to Administrative Claimant and, as applicable, the Debtor), supporting agreements and documents will be furnished by Administrative Claimant (whether by an amendment to this Proof of Administrative Claim or otherwise). The Administrative Claimant also fully reserves its rights to supplement and amend this Proof of Administrative Claim to set forth further information and delineation regarding the Administrative Claim and further claims and obligations that may arise under the Service Contracts.

9. Administrative Claimant does not waive any setoff rights, any right to any security that might be held by it or for its benefit, or any right to claim specific assets, or any other right or rights of action that the Administrative Claimant has or may have against the Debtor or any other persons or persons, and Administrative Claimant expressly reserves such rights, including, but not limited to, the right to file any proceedings or take any actions concerning this Administrative Claim or the Administrative Claimant's rights. Administrative Claimant also reserves the right to amend or supplement this Proof of Administrative Claim at any time and for any reason, including, but not limited to increase or amend the Administrative Claim, because of new information or otherwise. The filing of this Proof of Administrative Claim is not: (x) a waiver or release of the Administrative Claimant's rights against any person, entity or property, (y) an election of remedy or (z) a waiver of any past, present or future default or event of default. In filing the Proof of Administrative Claim, Administrative Claimant does not submit itself to the jurisdiction of this Court for any purpose other than with respect to the Administrative Claim and other matters asserted herein. Administrative Claimant does not waive (1) its right to have final orders in non-core matters entered only after de novo review by a United States District Judge, (2) its right to trial by jury in any proceeding so triable in these cases or any case, controversy, or proceeding related to these cases, (3) its right to request the United States District Court to withdraw the reference or to abstain in any matter subject to mandatory or discretionary withdrawal or abstention, or (4) any other rights, claims, actions, defenses, setoffs, or recoupments to which it is or may be entitled under agreements, in law, in equity, or otherwise, all of which rights, claims, actions, defenses, setoffs, and recoupments are expressly reserved.

10. Administrative Claimant requests that all notices, pleadings, and other communications of any kind regarding the Administrative Claim or this Proof of Administrative Claim be given to and served upon (a) Administrative Claimant, Data Systems & Solutions LLC, c/o Rolls-Royce – Nuclear Services, 5959 Shallowford Road, Suite 511, Chattanooga, Tennessee 37421, Attention: C. David Thompson, Vice President, Plant Automation & Monitoring Systems, Tel: 423 756 9730, Fax: 423 756 9728, Email: thompsoncha@ds-s.com; (b) Data Systems & Solutions LLC, c/o Rolls-Royce North America Inc., 6546 Pound Rd., Williamson, NY 14589, Attn: Sue Brooks, Esq., Tel.: 315-589-4000, ext 2261, E-Mail: sue.brooks@rolls-roycenuclear.com; and (c) counsel for the Administrative Claimant, Vedder Price P.C., 1633 Broadway, 47th Floor, New York, New York 10019, Attn: Michael Edelman, Esq., Tel.: (212) 407-6970, Fax: (212) 407-7799. E-Mail: MJEdelman@VedderPrice.com.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]