UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ( | Chapter 11 |
| | ( | |
| ENERGY FUTURE HOLDINGS CORP., et al.,[1] | ( | Case No. 14-10979 (CSS) |
| | ( | |
| Debtors. | ( | (Jointly Administered) |
| | ( | |

**UNDERTAKING FOR TCEH FIRST LIEN CREDITOR PLAN DISTRIBUTION ALLOCATION DISPUTE**

Pursuant to the terms of the Order Establishing the Plan Reserve for TCEH First Lien Creditor Plan Distribution Allocation Dispute (D.I. 9718) (the "Order"),[2] the undersigned, Goldman Sachs Lending Partners LLC (hereinafter, the "Undertaking Party") provides this Undertaking for the sole benefit of the TCEH First Lien Notes Trustee with respect to 100% (the "Undertaking Percentage") of the Plan Distributions Holdback to the $ 16,779,064.38 million Allowed Non-Extended TCEH First Lien Credit Agreement Claim:

1.  The Undertaking Party certifies and represents that as of the date hereof it is a limited liability company incorporated in the State of Delaware with a "net worth" (defined as assets in excess of current and long term debt obligations) in excess of $2 billion.

2.  Promptly upon the entry of an order by a court of competent jurisdiction that directs the reversal of the Allocation Order, or has the effect of reversing the finding and conclusion in the Allocation Order that the Petition Date Allocation Method (as defined in the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order.

Allocation Order) is the appropriate method for distributing the Plan Distributions and determines that the Plan Distributions are to be allocated among the TCEH First Lien Creditors pursuant to the Postpetition Interest Allocation Method (as defined in the Allocation Order) (a "Reversal Order"), Reorganized TCEH shall provide written notice of such Reversal Order (a "Reversal Order Notice") to the Undertaking Party via facsimile and overnight delivery service at the address listed below in the signature block. The Reversal Order Notice shall include all necessary instructions for compliance with the Reversal Order.

3.  The Undertaking Party hereby agrees that, within 12 Business Days of delivery of the Reversal Order Notice, it shall deposit to Escrow, in accordance with the instructions provided in the Reversal Order Notice: (a) with respect to the Reorganized TCEH Common Stock portion of the Plan Distributions Holdback distributed to the Holder of the Claim ("TCEH Stock Holdback"), either (i) its Undertaking Percentage of the TCEH Stock Holdback; OR (ii) if the Undertaking Party has sold the TCEH Stock Holdback, a cash amount representing the aggregate price at which the Undertaking Party sold its Undertaking Percentage of the TCEH Stock Holdback;[3] AND (b) with respect to the other Plan Distributions Holdback received by the Holder of the Claim (the "Non-Stock Holdback"), either (X) its Undertaking Percentage of the Non-Stock Holdback, OR (Y) a cash amount representing the product of (i) its Undertaking Percentage times (ii) the Holdback Percentage times (iii) the Allowed amount of the Claim times (iv) the Non-Stock Distribution Value pursuant to the Order, regardless of whether such Undertaking Party retains or has transferred all or any portion of the Non-Stock Holdback, OR (Z) if the Undertaking Party has sold the Non-Stock Holdback to an unaffiliated party or at a market value (if there is an established trading price for this consideration at the time of sale), a

---

[3] The Undertaking Party hereby elects cash as the form in which it undertakes to return its Undertaking Percentage of Plan Distributions Holdback that was distributed in stock form.

cash amount representing the aggregate price at which the Undertaking Party sold its Undertaking Percentage of the Non-Stock Holdback and additional cash (if any) received by the Undertaking Party with respect to its Undertaking Percentage of the Non-Stock Holdback.

4. Each Undertaking Party, severally and not jointly, for so long as it has not fully complied with Paragraph 3 above within the time required hereby (i) consents to entry by the Court of a money judgment against it in an amount up to the amount for which the Undertaking Party is liable pursuant to Paragraph 2 above but has not returned to Escrow (or another account as may be directed by a court of competent jurisdiction) pursuant to Paragraph 3 above, (ii) waives any and all "mere conduit" and other defenses that it might otherwise be able to raise in proceedings to obtain or enforce such a judgment or any other proceedings regarding the enforcement of the Order, and (iii) agrees, from and after entry of a money judgment against it pursuant to Paragraph 4(i), not to oppose any party in interest from seeking to enforce such judgment until satisfied in full and to pay the costs and reasonable attorneys' fees incurred by such party in connection with enforcing such judgment; provided, however, that nothing herein shall affect such Undertaking Party's right to contest whether the conditions of Paragraph 2 have been satisfied.

5. The TCEH First Lien Notes Trustee shall have no obligation to take any action or pursue any remedy in connection with any Undertaking Party's breach of this Undertaking absent receiving a direction and an indemnity in accordance with the terms of the First Lien Notes Indenture that is satisfactory to the TCEH First Lien Notes Trustee in its sole discretion.

6. The Undertaking Party shall take reasonable actions to ensure that its representations in this Undertaking continue to be accurate and complete, and that it is able to satisfy the obligations it has assumed in accordance with this Undertaking. The Undertaking

Party's obligations under this Undertaking shall terminate upon compliance with the TCEH First Lien Creditor Plan Distribution Allocation Order (as defined in the Plan) or by Court order.

7. If at any time while this Undertaking remains outstanding, the Undertaking Party's representations in this Undertaking cease to be accurate or complete in any material respect, the Undertaking Party shall become liable for and obligated to return its Undertaking Percentage of Plan Distributions Holdback or cash in accordance with paragraphs 2 and 3 above as if a Reversal Order had been entered. Within three (3) business days of any of the following, such Undertaking Party shall provide written notice the TCEH First Lien Notes Trustee, which notice shall be deemed effective on the date sent, via overnight delivery service, to counsel for the TCEH First Lien Notes Trustee as set forth below:

a. The representations in this Undertaking by the Undertaking Party are or will imminently become materially inaccurate and incomplete, whereby the notice shall state with particularity the inaccuracy or incompleteness;

b. A resolution of the board of directors or decision by or on behalf of equivalent authorized decision-making body or individual(s) to execute an agreement providing for, take or commence any legal or administrative act or proceeding to execute or enter into any voluntary merger, acquisition, dissolution, winding up, liquidation by the Undertaking Party; provided, that nothing in this paragraph 7(b) shall require the Undertaking Party to make any disclosure prohibited under applicable law;

c. The Undertaking Party shall become aware that it is the subject of any involuntary merger, acquisition, dissolution, winding up, liquidation or other similar event; and

d. Any change to the address or other information set forth by the Undertaking Party in the signature block of this Undertaking.

8. In the event that notice to the Undertaking Party is required, including without limitation in the event of the entry of a Reversal Order, such notice shall be deemed effective on the date sent, via overnight delivery service, to the Undertaking Party at the address listed below in the signature block.

9. The Undertaking Party hereby submits to the jurisdiction of the Bankruptcy Court for the District of Delaware for the resolution of any disputes arising as a result of this Undertaking.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

[SIGNATURE PAGE TO UNDERTAKING]

Date: October 27, 2016

Undertaking Party: Goldman Sachs Lending Partners LLC

By: *Adam H. Savarese*
Its: Authorized Signatory
200 West Street, New York, NY 10282

With copy to:

Cleary Gottlieb Steen & Hamilton LLP
1 Liberty Plaza New York, NY 10006
Attn: Sean A. O'Neal, Humayun Khalid

ADDRESS FOR NOTICE AND SERVICE OF PROCESS