# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: D.I. 9913, 9915** |

## SUPPLEMENTAL DECLARATION OF SINEAD SOESBE, SENIOR COUNSEL, IN SUPPORT OF THE DEBTORS' OMNIBUS REPLY IN SUPPORT OF OBJECTIONS TO CONTESTED PRO SE CLAIMS

Pursuant to 28 U.S.C. § 1746, I, Sinead Soesbe, declare as follows:

1. I am a Senior Counsel at Texas Competitive Electric Holdings Corp. ("TCEH"), a corporation organized under the laws of the state of Delaware.

2. I have worked for TCEH since 2009. As Senior Counsel in the legal department, I handle litigation and claims matters for TCEH and its affiliates. All facts set forth in this declaration are based upon my personal knowledge and review of the Debtors' corporate records and information supplied to me by employees of the Debtors. I am over the age of 18 and duly authorized to execute this supplemental declaration (the "Supplemental Declaration") on behalf of TXU Energy in further support of the *Debtors' Omnibus Reply in Support of Objections to Contested Pro Se Claims* [D.I. 9913] (the "Reply"), filed on October 21, 2016.[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Reply.

RLF1 15700194v.1

3.      I understand that, on November 1, 2016, a Pro Se Claimant, Mr. Maurice Jefferson, contacted the Debtors' bankruptcy counsel regarding the Pro Se Claims Hearings. As described in the Proofs of Claim, numbers 7526 and 9650, and the Formal Response [D.I. 8134], Mr. Jefferson's claims are for a payment allegedly distributed to employees in connection with the 2007 restructuring.

4.      I further understand that, during a conversation on November 2, 2016, Mr. Jefferson provided new information regarding his asserted claim—specifically, a key word associated with the distribution he was referencing. This information, the term "LESOP," allowed the Debtors to identify the distribution in their records and determine why Mr. Jefferson was not a recipient.

5.      The Leveraged Employee Stock Ownership Plan ("LESOP") was a program through which TXU Corp. maintained a fund to make future matching contributions to TXU Thrift Plan ("Thrift Plan") participants' accounts. Each year a scheduled number of LESOP shares were released to fund TXU Corp.'s required matching contributions and any leftover shares were allocated to participants at the end of the year.

6.      In connection with the closing of the 2007 acquisition and merger transaction, pursuant to which a group of investors led by Kohlberg Kravis Roberts & Co. L.P., TPG Capital, L.P., and Goldman, Sachs & Co. acquired TXU Corp., the predecessor of EFH Corp. (the "2007 Acquisition"), and in accordance with federal regulations, excess LESOP shares were allocated to eligible Thrift Plan participants' accounts.

7.      Pursuant to an amendment to the Thrift Plan, attached hereto as **Exhibit A**, to be eligible to receive a distribution of excess LESOP shares, an employee had to be both (1) actively employed by TXU Corp. or a subsidiary company and a participant in the Thrift Plan

3

at any time between January 1, 2007 and February 28, 2007, and (2) actively employed by TXU Corp. or a subsidiary company on the closing date of the 2007 Acquisition.[3]

8. The eligibility requirements were communicated to employees, including through articles posted to an internal website—an example of which is attached hereto as **Exhibit B**.

9. The 2007 Acquisition closed on October 10, 2007.

10. Mr. Jefferson's active employment terminated on August 31, 2007, when Mr. Jefferson separated due to long-term disability. Therefore, Mr. Jefferson was not actively employed on the closing date of the 2007 Acquisition and was ineligible to receive a distribution of excess LESOP shares.

[*Remainder of page intentionally left blank.*]

---

[3] *See* **Exhibit A** ¶ 5.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: November 7, 2016
       Dallas, Texas

                                      */s/ Sinead Soesbe*
                                      Sinead Soesbe
                                      Senior Counsel, Texas Competitive Electric
                                      Holdings Corp.

RLF1 15700194v.1