# EXHIBIT 8

1   UNITED STATES BANKRUPTCY COURT

    DISTRICT OF DELAWARE

2

3   In re:             :

                      :    Chapter 11

4   ENERGY FUTURE HOLDINGS  :

    CORP., et al.,    :  :  Case No. 14-10979(CSS)

5                      :

         Debtors.     :   (Jointly Administered)

6   _____:

7

8

9

10                   United States Bankruptcy Court

11                   824 North Market Street

12                   Wilmington, Delaware

13                   December 3, 2015

14                   10:24 AM - 12:39 PM

15

16

17

18

19

20   B E F O R E :

21   HON CHRISTOPHER S. SONTCHI

22   U.S. BANKRUPTCY JUDGE

23

24   ECRO OPERATOR:  LESLIE MURIN

25   Transcribed by:  Sonya Ledanski Hyde

```
                                                    Page 2
1    A P P E A R A N C E S :

2

3    FOLEY & LARDNER LLP

4         Attorney for UMB Bank, NA as Indenture Trustee

5

6    BY:  MARK F. HEBBEIN

7         HAROLD KAPLAN

8

9    MORRIS JAMES LLP

10        Attorney for Law Debenture of New York, Indenture

11        Trustee

12

13   BY:  STEPHEN M. MILLER

14

15   PATTERSON BELKNAP

16        Attorney for Law Debenture of New York, Indenture

17        Trustee

18

19   BY:  DANIEL A. LOWENTHAL

20

21

22

23

24

25
```

```
 1    FOX ROTHSCHILD LLP

 2          Attorney for Counsel to Ad Hoc Group of TCEH Unsecured

 3          Noteholders

 4

 5    BY:  L. JOHN BIRD

 6          JEFFREY M. SCHLERF

 7

 8    WHITE & CASE LLP

 9          Attorney to Ad Hoc Committee of EFIH Unsecured

10          Noteholders and EFIH Second Lien DIP Commitment

11

12    BY:  THOMAS LAURIA

13          J. CHRISTOPHER SHORE

14

15    U.S. DEPARTMENT OF JUSTICE

16          Attorney for the U.S. Trustee

17

18    BY:  RICHARD L. SCHEPACARTER

19

20    MCELROY, DEUTSCH, MULVANEY, & CARPENTER, LLP

21          Co-Counsel to the TCEH Debtors

22

23    BY:  DAVID H. PRIMACK

24

25
```

1  MUNGER, TOLLES & OLSON LLP

2      Co-Counsel to the TCEH Debtors

3

4  BY:  THOMAS B. WALPER

5

6  KLEHR HARRISON HARVEY BRANZBURG LLP

7      Counsel to UMB Bank N.A. Indenture Trustee

8

9  BY:  RAYMOND H. LEMISCH

10

11  AKIN GUMP

12      Counsel to UMB Bank N.A. Indenture Trustee

13

14  BY:  SCOTT L. ALBERINO

15

16  SHEARMAN & STERLING LLP

17      Counsel to Deutsche Bank, agent to DIP Financing

18

19  BY:  NED S. SCHODEK

20

21  POTTER ANDERSON & CORROON LLP

22      Attorneys for Deutsche Bank New York

23

24  BY:  R. STEPHEN MCNEILL

25

1   MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

2       Co-Counsel to the EFH Creditors' Committee

3

4   BY: MARK A. FINK

5

6   SULLIVAN & CROMWELL, LLP

7       Co-Counsel to the EFH Creditors' Committee

8

9   BY: BRIAN D. GLUECKSTEIN

10

11   VENABLE LLP

12       Attorney for PIMCO

13

14   BY: JAMIE L. EDMONSON

15

16   DRINKER BIDDLE & REATH LLP

17       Counsel to Citibank NA, TCEH DIP Agent

18

19   BY: HOWARD A. COHEN

20

21

22

23

24

25

```
 1   PAUL WEISS RIFKIND WHARTON & GARRISON LLP

 2        Counsel to Ad Hoc Committee Of TCEH First Lien

 3        Creditors

 4

 5   BY:  JACOB A. ADLERSTEIN

 6        BRIAN HERMANN

 7

 8   YOUNG CONAWAY STARGATT & TAYLOR, LLP

 9        Counsel to Ad Hoc Group of TCEH Unsecured Noteholders

10

11   BY:  PAULINE K. MORGAN

12

13   GODFREY & KAHN S.C.

14        Counsel to Fee Committee

15

16   BY:  BRADY C. WILLIAMSON

17

18   GITLIN & COMPANY LLC

19        Chairman of the Fee Committee

20

21   BY:  RICHARD GITLIN

22

23

24

25
```

1    NIXON PEABODY LLP

2         Attorneys for AST as EFH Indenture Trustee

3

4    BY:  RICHARD C. PEDONE

5

6    O'KELLY, ERNST & BIELLI LLP

7         Co-Counsel to Energy Future Holdings Corp.

8

9    BY:  DAVID M. KLAUDER

10

11   PROSKAUER ROSE LLP

12        Attorneys for EFH Corp. Disinterested Directors

13

14   BY:  MARK K. THOMAS

15        PETER J. YOUNG

16

17   SEWARD & KISSEL LLP

18        Wilmington Trust as Successor of First Lien

19        Administrative Agent and Collateral Agent

20

21   BY:  MARK D. KOTWICK

22        ARLENE R. ALVES

23

24

25

```
 1   WACHTELL, LIPTON, ROSEN & KATZ
 2        Attorneys for Equity Sponsors
 3
 4   BY:  EMIL A. KLEINHAUS
 5        RICHARD MASON
 6
 7   KIRKLAND & ELLIS LLP
 8        Co-Counsel to the Debtors
 9
10   BY:  MARC KIESELSTEIN
11        EDWARD O. SASSOWER
12        CHAD J. HUSNICK
13        STEVEN N. SERAJEDDINI
14
15   RICHARDS, LAYTON & FINGER, P.A.
16        Co-Counsel to the Debtors
17
18   BY:  DANIEL DEFRANCHESCHI
19
20   HOGAN MCDANIEL
21        Attorneys for Fenicle & Fahy
22
23   BY:  DANIEL K. HOGAN
24
25
```

1   BROWN RUDNICK LLP

2       Attorneys for WSFS Second Lien Trustee

3

4   BY:  JEFFREY L. JONAS

5       JONATHAN D. MARSHALL

6

7   ASHBY & GEDDES PA

8       Attorney for WSFS Second Lien Indenture Trustee

9

10  BY:  WILLIAM BOWDEN

11

12  PACHULSKI STANG ZIEL & JONES

13      Attorney for Computershare

14

15  BY:  LAURA DAVIS JONES

16

17  KRAMER LEVIN

18      Attorney for Computershare

19

20  BY:  RACHAEL L. RINGER

21

22  CIARDI CIARDI & ASTIN

23      Attorney for TXUZER7-1 RML CM

24

25  BY:  JOHN D. MCLAUGHLIN, JR.

PageID #: 2751

1    introduced evidence in support of this contention.  Even if

2    true, however, this contention is irrelevant to Section

3    1124(a)(4) which is only concerned with the legal treatment

4    of claims and not the outcome that results from equal legal

5    treatment.

6           Fenicle and Fahy's third objection to confirmation

7    is that the plan is not feasible because asbestos claims are

8    not yet liquidated, the bar date has not yet passed and

9    therefore the plan cannot forecast for potentially

10   significant asbestos liability.  The evidence, however, has

11   demonstrated the plan is feasible as it stands now and that

12   even if reorganized EFH has forced to shoulder hundreds of

13   millions of dollars of additional liability, the reorganized

14   Debtors would still be viable.  Because asbestos claims will

15   be reinstated against reorganized EFH, there is no need for

16   these claims to be liquidated prior to confirmation.

17          In addition, it's mentioned in the context of the

18   Settlement Agreement the Debtor's sixth amended plan

19   contains several provisions relevant to the treatment of

20   asbestos-related claims.  Specifically, the sixth amended

21   plan provides that asbestos-related Class A-3 legacy general

22   unsecured claims against the EFH Debtors shall be

23   reinstated.

24          Furthermore, the sixth amended plan provides the

25   Class A-14 claims, interest in the EFH Debtors' other than

1    EFH Corp, held by the Asbestos Debtors, shall be reinstated.

2         EECI, EEC Holdings and LSGT SACROCK are all

3    subsidiaries of LSGT Gas Company.  LSGT Gas Company is a

4    subsidiary of EFH Corp.  Furthermore, EECI, EEC Holdings and

5    LSGT SACROCK poses intercompany claims against LSGT Gas

6    Company totaling approximately $990 million.  LSGT Gas

7    Company, in turn, possessed an intercompany claim against

8    EFH Corp totaling approximately 560 million.  All of these

9    claims are being reinstated under the sixth amended plan.

10        Since 1992 the Debtors incurred approximately 26.4

11   million in total asbestos expenses.  Given the historical

12   rate of the Debtors asbestos-related expenses, reinstatement

13   of the above described claims ensures that a reorganized EFH

14   will continue to fund asbestos-related expenses that may

15   arise at the Asbestos Debtor.

16        Fenicle and Fahy's fourth and final objection to

17   confirmation is that by barring the claims of unmanifested

18   claims that fail to file a timely proof of claim the bar

19   date and the plan violate due process.  Once again, the

20   proper time and place to raise this objection was to appeal

21   the Court's order setting the bar date.  This objection is

22   inappropriate collateral attack on a final order.  Although

23   the Court could dismiss this objection on grounds of

24   finality, it will clarify due process as it applies to this

25   reorganization under Chapter 11.

A001239

```
 1              In order to comply with due process the Debtors
 2    must make, quote, notice reasonably calculated under all
 3    circumstances to appraise interested parties of the pendency
 4    of the action and afford them an opportunity to present
 5    their objections, end quote, Mullane v. Central Hanover Bank
 6    and Trust Company, 339 U.S. 306, 314, 1950.
 7              Fenicle and Fahy argue that because it may be
 8    impossible to give sufficient notice to some unmanifested
 9    claimants, the plan is not confirmable.  See Jones v.
10    Chemetron Corp, 214 F.3d 199 at 209, 210, Third Circuit,
11    1990, finding that notice of bar date was unconstitutional
12    is applied to a specific plan for when the time of the bar
13    date had not yet been born.
14              Fenicle and Fahy's reasoning is flawed.  The
15    Court's bar date would not bar the claim of an unborn
16    individual like the plaintiff in Chemetron.  That plaintiff
17    is a future claimant, in this case, an individual who has
18    not yet been exposed to asbestos, but who may be injured by
19    the exposure after the bar date.  Unmanifested claimants
20    under the plan are those that have already been exposed to
21    the Debtors' asbestos, but have not developed injury.
22              Even if the Court were to hold that Chemetron
23    requires the appointment of a class representative for the
24    claims of future claimants to be discharged, Fenicle and
25    Fahy's objection fails.  The Debtors do not seek to
```

1    prospectively. And on those factors the Debtors' attempts

2    to give notice are more than sufficient. First, the Court

3    can infer that the Debtors will be providing direct notice

4    to a vast majority of unmanifested claimants. The Debtors

5    -- Asbestos Debtors did not sell asbestos, they used it as

6    insulation within their plants.

7         Given that power plants are not open to the

8    general public, the Court can infer that the vast majority

9    of potential claimants are current and former employees and

10   contractors, and their family members. To the extent these

11   people can be identified by the Debtors' records, the

12   Debtors are providing all of them with direct notice. See

13   bar date order, Docket Item 5175, Pages 9 to 13, Paragraphs

14   7 to 17.

15        Additionally, the Debtors are providing direct

16   notice to all unions associated with its workers and

17   contractors. Therefore the Court can logically infer that

18   at a minimum a substantial majority of potential claimants

19   will receive direct news from the Debtors.

20        Second, it would be unreasonable for a significant

21   number of unmanifested claimants not to be aware of their

22   exposure to asbestos at this point in time. It is not a new

23   revelation that the Debtors used asbestos insulation in

24   their power plants, and as Fenicle and Fahy themselves

25   explained, this entire industry used asbestos insulation

1   until the 1980's and therefore, quote, asbestos exposure was

2   virtually unavoidable.  That's at the Fenicle and Fahy

3   objection brief at Page 2, Note 5.  The Debtors, quote, have

4   a long history of asbestos litigation, Fenicle and Fahy

5   objection brief at Page 11, Paragraph 20.  Individuals with

6   long careers at power plants should, by now, be aware of

7   their exposure.

8              Third, as the Court previously explained, Section

9   524(g) on its own terms applies only to future claimants,

10  not unmanifested claimants.  The bar date here does not

11  apply to future claimants.

12             Fourth, the Court notes that the primary reason

13  for appointing a class representative is not present here.

14  If the Debtors had proposed the creation of a trust to pay

15  all current and future asbestos claims, this Court likely

16  would have found it necessary to appoint a class

17  representative.

18             In that scenario, manifested claimants would have

19  an incentive to seek high payouts for claims on the trust,

20  because they would not bear the risk of the trust running

21  out of funds.

22             In this case, however, all claims are being

23  reinstated and reorganized EFH will be a solvent entity with

24  a predictable rate of return and low risk.  Thus, unlike

25  many asbestos cases, the interest of manifested claimants do

A001243

1   not diverge from unmanifested claimants.

2          Fenicle and Fahy's objections are ultimately easy

3   to answer.  Is the Debtors' two and a half million dollars

4   plan reasonably calculated to provide notice to unmanifested

5   claimants?  Yes.  The Court fails to see a better plan to

6   give notice to these individuals that does not massively

7   increase the cost of giving that notice.

8          Second, is there any substantial reason to appoint

9   a class representative for unmanifested claims?  No.  The

10  interests of manifested claimants and unmanifested claimants

11  are not adverse here.  And reinstated against a solvent and

12  economically viable reorganized EFH means that funds will be

13  available to pay the claims of unmanifested claimants once

14  their injuries develop.

15         Finally, the Court wishes to make clear that the

16  standard of due process here is prospective.  It is entirely

17  possible that an unmanifested claimant may bring a claim

18  after the bar date, argue the Debtors' notice scheme was

19  unconstitutional, as applied to her, and be correct in that

20  argument.  She would have her claim reinstated and the

21  Debtors would then be free to dispute its validity and/or

22  her damages.  But that is a retrospective determination, an

23  unconstitutional, as applied, determination.

24         That determination is irrelevant to whether the

25  Debtor's notice scheme prospectively satisfies due process.

A001244

Page 92

1            C E R T I F I C A T I O N

2

3    I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6    Sonya Ledanski Hyde

    Digitally signed by Sonya Ledanski Hyde
    DN: cn=Sonya Ledanski Hyde, o=Veritext,
    ou, email=digital@veritext.com, c=US
7    Date: 2015.12.04 14:42:18 -05'00'

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  December 4, 2015