**EXHIBIT F**

**Non-Retained Professionals Fee Process**

Any professionals (or any Indenture Trustees on behalf of any professionals) seeking payment of reasonable and documented fees and expenses that are owed under an Indenture (and/or any related agreement), including any interest on such reasonable and documented fees and expenses (solely to the extent expressly provided by such Indenture and/or any related agreement) and, with respect to Holders of Secured Allowed Claims, reasonable and documented fees and expenses that are Allowed under section 506(b) of the Bankruptcy Code (collectively, the "Indenture Fees," the "Indenture Expenses" (as applicable) and the "Non-Retained Professionals") shall, within 45 days of the EFH Effective Date, submit to the EFH Debtors or Reorganized EFH, the U.S. Trustee, and any other parties designated by the EFH Debtors or Reorganized EFH to act on behalf of the EFH Debtors or Reorganized EFH, full invoices (on a monthly basis) for fees incurred through the EFH Effective Date (each such invoice received, a "Non-Retained Professional Fee Request").

No later than ten business days after receipt by the EFH Debtors (or Reorganized EFH, as applicable) of such Non-Retained Professional Fee Request, the EFH Debtors (or Reorganized EFH, as applicable), shall pay to the applicable Non-Retained Professional 80% of the requested Indenture Fees and 100% of the requested Indenture Expenses, which amounts shall be subject to disgorgement if, and to the extent, the Court determines that such amounts are not reasonable.

Within 90 calendar days from receipt of a Non-Retained Professional Fee Request, the EFH Debtors, Reorganized EFH, or such other party designated by the EFH Debtors to act on behalf of the EFH Debtors) shall send a short-form letter (including via email) to each applicable Non-Retained Professional, with a copy to the U.S. Trustee, reflecting such parties' review of the Non-Retained Professional Fee Requests submitted during the prior 90-day period and including a final compensation proposal for such prior 90-day period (each such proposal, a "Non-Retained Professional Compensation Proposal").

If the applicable Non-Retained Professional, on the one hand, and the EFH Debtors, Reorganized EFH, as applicable, or such other party designated by the EFH Debtors or Reorganized EFH to act on behalf of the EFH Debtors or Reorganized EFH, on the other hand, cannot come to agreement on a Non-Retained Professional Compensation Proposal within 30 days of submission of such proposal, the applicable Non-Retained Professional may request the Court to consider such Non-Retained Professional Compensation Proposal, on a confidential basis (with a copy submitted to the U.S. Trustee), at a hearing to be scheduled by the Court. No later than ten days following the Court's ruling with respect to a Non-Retained Professional Fee Request, the applicable Reorganized Debtor shall pay any unpaid amounts with respect to such ruling, or the applicable Non-Retained Professional shall disgorge to the applicable Reorganized Debtor such amounts ordered by the Court, as applicable.

If the applicable Non-Retained Professional, on the one hand, and the EFH Debtors and Reorganized EFH, as applicable, or such other party designated by the EFH Debtors or Reorganized EFH to act on behalf of the EFH Debtors or Reorganized EFH, on the other hand, come to agreement on a Non-Retained Professional Compensation Proposal within 30 days of

2

submission of such proposal, the Non-Retained Professional shall file a report with the Court reflecting such agreement and request a hearing on such report at a time to be scheduled by the Court.  No later than ten days following the Court's ruling with respect to such report, the applicable Reorganized Debtor shall pay any unpaid amounts with respect to such ruling, or the applicable Non-Retained Professional shall disgorge to the applicable Reorganized Debtor such amounts ordered by the Court, as applicable.

For the avoidance of doubt, the Requesting Parties and the Fee Requests shall not be required to comply with (a) The Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware or other orders in these Cases with respect to fee applications, including the Stipulation and Order Appointing a Fee Committee  or (b) Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases, 78 Fed. Reg. No 116, page 36248 (June 17, 2013).

The foregoing procedures may be subject to further amendments or modifications prior to entry of the EFH Confirmation Order.  The final procedures governing Indenture Fees and Indenture Expenses governing Non-Retained Professionals will be set forth in the EFH Confirmation Order.

RLF1 15723393v.1