# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Mark McKane, P.C.<br>To Call Writer Directly:<br>(415) 439-1473<br>mark.mckane@kirkland.com | 555 California Street<br>San Francisco, California  94104<br><br>(415) 439-1400<br><br>www.kirkland.com | Facsimile:<br>(415) 439-1500 |

November 14, 2016

**By eFiling and Hand Delivery**

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re:   *In re Energy Future Holdings Corp., et. al.* (Case No. 14-10979)

Dear Judge Sontchi:

I write in connection with tomorrow's initial pre-trial conference regarding the *Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9612] (the "Plan") as it applies to the E-Side Debtors (the "E-Side Confirmation Hearing").[1]  Specifically, I write to provide the E-Side Debtors' position regarding the *Motion of Shirley Fenicle, David William Fahy, John H. Jones, and David Heinzmann to Dismiss Chapter 11 Petitions of Asbestos Debtors EECI, Inc.; EEC Holdings, Inc.; LSGT SACROC, Inc.; and LSGT Gas Co. LLC Pursuant to 11 U.S.C. § 1112(b)* [D.I. 10074] (the "Motion").  For the reasons stated below, the Court should construe the Motion as an objection to confirmation of the Plan and consider it during the E-Side Confirmation Hearing.

The Motion seeks to dismiss the Asbestos Debtors from these cases, alleging they did not file for chapter 11 in good faith and remain in chapter 11 merely to discharge claims against them.[2]  In order to satisfy the confirmation requirements set forth in section 1129 of the

---

[1] The E-Side Debtors are Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"), Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors").  Among the EFH Debtors are EEC Holdings, Inc., EECI, Inc., LSGT Gas Company LLC, and LSGT SACROC, Inc. (the "Asbestos Debtors").

[2] *See* Motion at 1 (stating the movants "bring this motion to dismiss the Chapter 11 cases . . . on the ground that the petitions were not filed in good faith"); *Memorandum in Support of Motion* at 17 [D.I. 10076] ("The Asbestos Debtors, as solvent debtors-in-possession, cannot remain in Chapter 11 merely to pursue their efforts to discharge claims and obtain a windfall for themselves and their controlling parent at the expense of their creditors.").

Beijing    Chicago    Hong Kong    Houston    London    Los Angeles    Munich    New York    Palo Alto    Shanghai    Washington, D.C.

RLF1 15766709v.1

**KIRKLAND & ELLIS LLP**

The Honorable Christopher S. Sontchi
November 14, 2016
Page 2

Bankruptcy Code, the Debtors (including the Asbestos Debtors) will show that they acted in good faith.[3] During the E-Side Confirmation Hearing, the Debtors intend to (a) present affirmative evidence of the Asbestos Debtors' good faith in connection with these cases, including with respect to commencing them, and (b) propose a confirmation order that will include a finding that all of the Debtors (including the Asbestos Debtors) acted in good faith. Should the Court issue an order confirming the Plan, the Motion will be moot.

The movants' desire to have the Motion heard before the E-Side Confirmation Hearing is unwarranted and unnecessary. An additional hearing—especially on the eve of confirmation—creates an unnecessary burden on the Court, its staff, the estate, and the Debtors' witnesses to resolve an issue that will be addressed during the E-Side Confirmation Hearing. The movants waited **31 months** to file the Motion. They cannot now credibly argue that any *de minimis* incremental delay from considering the Motion during the E-Side Confirmation Hearing would be prejudicial.

Finally, any argument that section 1112 of the Bankruptcy Code mandates an expedited hearing of the Motion fails as a practical and legal matter. As the Debtors have explained, this is a good faith issue pursuant to section 1129, not section 1112, of the Bankruptcy Code. Even if section 1112 *arguendo* were the proper vehicle for resolving this confirmation issue, the E-Side Debtors anticipate that the 30- and 15-day requirements in section 1112(b)(3) would both be satisfied.[4] The 30-day deadline falls on December 8, 2016—at which time the E-Side Debtors will likely have closed the evidentiary record presented during the E-Side Confirmation Hearing.

Respectfully,

*/s/ Mark McKane, P.C.*

Mark McKane, P.C.

---

[3] *See* 11 U.S.C. § 1129(a)(3) ("The court shall confirm a plan only if all of the following requirements are met: . . . The plan has been proposed in good faith and not by any means forbidden by law.").

[4] *See* 11 U.S.C. § 1112(b)(3) ("The court shall commence the hearing on a motion under this subsection not later than 30 days after filing of the motion, and shall decide the motion not later than 15 days after commencement of such hearing, unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting the time limits established by this paragraph.").