# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

555 California Street
San Francisco, California  94104

Mark McKane, P.C.
To Call Writer Directly:
(415) 439-1473
mark.mckane@kirkland.com

(415) 439-1400

www.kirkland.com

Facsimile:
(415) 439-1500

November 14, 2016

**By eFiling and Hand Delivery**

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re:     *In re Energy Future Holdings, Corp., et. al.* (Case No. 14-10979)

Dear Judge Sontchi:

I write on behalf of the debtors and debtors in possession of Energy Future Holdings Corp., *et al*. (collectively, the "Debtors"), in connection with tomorrow's initial pre-trial hearing on confirmation of the *Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9612] (as may be further amended, modified, or supplemented, the "Plan") as it relates to the E-Side Debtors (the "E-Side Confirmation Hearing").   Specifically, I write to update the Court on ongoing discussions between the Debtors and parties participating in the E-Side confirmation proceedings (the "Participating Parties") with regard to conducting the E-Side Confirmation Hearing.

## I.      Logistics for the E-Side Confirmation Hearing

On November 9, 2016, the Debtors hosted a telephonic initial pre-trial meet and confer, pursuant to paragraph 13(b) of the *Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization as it Relates to the EFH/EFIH Debtors* [D.I. 9381], as amended by the *Notice of Agreement to Extend Deadlines in Order Scheduling Certain Hearing Dates and Establishing Certain Protocols in Connection with Confirmation of the Debtors' Joint Plan of Reorganization as it Relates to the EFH/EFIH Debtors* [D.I. 9647] (collectively the "Scheduling Order"), in an effort to reach agreement on procedures for the E-Side Confirmation Hearing.

Counsel for the following parties participated: (1) the Debtors as a whole; (2) NextEra Energy, Inc.; (3) the United States Trustee; (4) the EFH Indenture Trustee; (5) Contrarian Capital Management; (6) the EFIH First Lien Indenture Trustee; (7) the EFIH Second Lien Indenture Trustee; (8) the EFIH Unsecured Notes; (9) the EFH Official Committee; (10) Fidelity; (11)

Beijing    Chicago    Hong Kong    Houston    London    Los Angeles    Munich    New York    Palo Alto    Shanghai    Washington, D.C.

# KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
November 14, 2016
Page 2

Pimco; (12) the EFIH PIK Indenture Trustee; (13) the Ad Hoc Group of EFH Legacy Noteholders; (14) Shirley Fenicle and David William Fahy; and (15) the Ad Hoc Group of TCEH Unsecured Noteholders.

Shortly after the telephonic meet and confer, the Debtors memorialized the proposals outlined during the discussion and requested that any objections thereto be raised by Friday, November 11, 2016. Based on the discussion during the telephonic meet and confer and the limited number of objections raised, it appears that the Debtors and the Participating Parties largely agree, subject to the Court's approval, on how to conduct the E-Side Confirmation Hearing. The proposed approach is largely based on the successful Court-approved procedures memorialized in the August 16, 2016 *Third Revised Joint Stipulated Final Pre-Trial Order* [D.I. 9309] for the T-Side Confirmation Hearing. Specifically, the Debtors and the Participating Parties substantially agree as to the following, further details of which will be reflected in a proposed final pre-trial order to be submitted to the Court by November 21, 2016:

**Trial Dates:** The Court previously provided ten trial days for the E-Side Confirmation Hearing (December 1-2, December 5-8, and December 12-15). The Participating Parties agree that it is unlikely they will need all of those trial days. For example, the Debtors believe that the Parties should be able to present all of their evidence in three trial days. Accordingly, the Participating Parties had preliminary discussions about potentially delaying the start of the E-Side Confirmation Hearing until Tuesday, December 6, with the expectation that the parties could conclude the hearing on Friday, December 9. However, given the Court's docket, and the Court's other matters scheduled for Friday, December 9, a delayed start likely is not practical. As such, the Debtors are prepared to proceed based on the current schedule, with the final pre-trial conference on Wednesday, November 30, and the E-Side Confirmation Hearing beginning on Thursday, December 1. Based on the Debtors' understanding of the anticipated witnesses and time allocations, the Debtors currently believe that it will be possible to conclude witness testimony by Monday, December 5, and would be ready to present closing arguments to the Court on Tuesday, December 6.

**Trial Time:** The Participating Parties believe twenty hours of trial time is sufficient time to complete the E-Side Confirmation Hearing. The Participating Parties agree to split this time 50 / 50 between Plan Supporters and Plan Objectors, and to use a chess clock to monitor the time.

**Opening Statements**: The Participating Parties believe three hours is an adequate amount of time to complete opening statements, and propose allocating this time 50 / 50 between Plan Supporters and Plan Objectors.

**Written Direct Examinations**: If acceptable to the Court, Participating Parties may submit narrative written direct examinations for all or part of any witness's testimony, which

KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
November 14, 2016
Page 3

shall not count against a party's allocated time.  Witnesses testifying by written direct would be permitted to supplement the written direct with live testimony, and must be tendered for cross examination.  Written direct testimony should be provided to Participating Parties and the Court four calendar days in advance of the witness being called.

**Exhibits**:  By Monday, November 28, 2016, each Participating Party shall give notice of all exhibits it intends to move into evidence at trial.  Any evidentiary objections to any exhibit so identified shall be lodged by 9:00 p.m. (Eastern Standard Time) on Wednesday, November 30, 2016.  The Participating Parties shall meet and confer in good faith in an effort to resolve any evidentiary objections prior to use of the exhibit(s) at trial.  Exhibits produced by any Participating Party are self-authenticating and are understood to be true and accurate representations of the original document.

**Demonstratives**:  Participating Parties must provide to all other Participating Parties any demonstrative to be used at the E-Side Confirmation Hearing prior to 10:00 p.m. (Eastern Standard Time) on the day before the demonstrative's use.

**Closing Arguments**:  The Participating Parties shall confer in good faith and work with the Court to schedule closing arguments as the trial progresses.

## II.      Proposed Revisions to Scheduling Order

The current Scheduling Order inadvertently does not include a deadline for affirmative deposition designations.  The Participating Parties propose revising the Scheduling Order as it relates to deposition designations to provide as follows:

- Monday, November 28, 2016 shall be the deadline for Plan Objectors to provide Plan Supporters with affirmative deposition designations, if any.  Plan Objectors shall coordinate to provide a single, consolidated set of deposition designations.

- Friday, December 2, 2016 shall be the deadline for Plan Supporters to object to Plan Objectors' affirmative designations, and/or provide Plan Objectors with counter-designations, if any.  Plan Supporters shall coordinate to provide a single, consolidated set of objections and counter-designations.

- The Participating Parties shall meet and confer in good faith to resolve any objections prior to submitting deposition designations to the Court, and the submission must be joint.

The Debtors believe these adjustments to the Scheduling Order will enable all Participating Parties to adequately prepare and respond to any and all deposition designations at

# KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
November 14, 2016
Page 4

the E-Side Confirmation Hearing.  On Friday, November 11, 2016, the Debtors circulated to all Participating Parties, a proposed Notice revising the Scheduling Order accordingly.  No party has objected to the proposed Notice to date, and the Debtors intend to file the Notice in advance of tomorrow's initial pretrial conference.

## III.    Contested Issues

Additional Merits Briefing.  The Scheduling Order contemplates a November 15, 2016 deadline for all Plan Objections, and a November 28, 2016 deadline for the Debtors' reply to all such objections.  The Debtors suggested, as part of the proposed pretrial procedures, to make explicit in the E-Side Confirmation pre-trial order that no additional merits briefing (pre- or post-trial), beyond that already contemplated under the Scheduling Order, should be permitted without leave of Court.  The Debtors understand that EFIH First and Second Lien Indenture Trustees object to this proposal.  No other party has raised any objection.  The EFIH First and Second Lien Indenture Trustees contend that such a proposal will not give them the opportunity to further respond to arguments that the Debtors make in their reply.  The Debtors believe that such a contention is unwarranted and without merit.  The Plan itself is a contested motion, to which Plan Objectors may file objections, and to which the Plan Supporters may file a reply.  A surreply is unnecessary and excessive.  To the extent any party believes additional briefing on the merits is necessary, the Debtors' proposal permits such party to seek leave of Court.  If additional briefing is somehow warranted, the Court will exercise its discretion to permit such additional briefing, as necessary or appropriate.

Because the Debtors are not confident that the Participating Parties can reach agreement on this issue before the November 21, 2016 deadline for submission of a pre-trial order, it may be beneficial for the Court to resolve this dispute during the initial pre-trial hearing.

Witnesses.  On November 3, 2016, the Participating Parties served their preliminary lists of witnesses and exhibits they intend to offer at the E-Side Confirmation Hearing.  The Debtors are having ongoing discussions with Contrarian Capital Management about two of their proposed witnesses, who do not appear on any other Participating Parties' preliminary witness list, and who the Debtors believe are likely cumulative of the remaining witnesses.  The Debtors and Contrarian hope to resolve the dispute amicably, but will use the Court's expedited dispute resolution procedures if necessary in advance of trial.

# KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
November 14, 2016
Page 5

Respectfully,

*/s/ Mark McKane, P.C.*

Mark McKane, P.C.