# EXHIBIT 1

Page 1

```
 1   UNITED STATES BANKRUPTCY COURT
     DISTRICT OF DELAWARE
 2
 3   In re:                       :
                                  :    Chapter 11
 4   ENERGY FUTURE HOLDINGS       :
     CORP., et al.,       :       :    Case No. 14-10979(CSS)
 5                                :
             Debtors.             :    (Jointly Administered)
 6   _____    :
 7
 8
 9
10                               United States Bankruptcy Court
11                               824 North Market Street
12                               Wilmington, Delaware
13                               December 3, 2015
14                               10:24 AM - 12:39 PM
15
16
17
18
19
20   B E F O R E :
21   HON CHRISTOPHER S. SONTCHI
22   U.S. BANKRUPTCY JUDGE
23
24   ECRO OPERATOR:  LESLIE MURIN
25   Transcribed by:  Sonya Ledanski Hyde
```

Case 1:15-cv-01351-RGA Document 26-3 Filed 03/22/16 Page 3 of 20 PageID #: 2697
Case 14-10979-CSS Doc 10142-1 Filed 11/15/16 Page 3 of 20

Page 2

```
 1  A P P E A R A N C E S :

 2

 3  FOLEY & LARDNER LLP

 4       Attorney for UMB Bank, NA as Indenture Trustee

 5

 6  BY:  MARK F. HEBBEIN

 7       HAROLD KAPLAN

 8

 9  MORRIS JAMES LLP

10       Attorney for Law Debenture of New York, Indenture

11       Trustee

12

13  BY:  STEPHEN M. MILLER

14

15  PATTERSON BELKNAP

16       Attorney for Law Debenture of New York, Indenture

17       Trustee

18

19  BY:  DANIEL A. LOWENTHAL

20

21

22

23

24

25
```

Case 1:15-cv-01561-RGA Document 26-2 Filed 03/22/16 Page 4 of 20 PageID #: 2698
Case 14-10979-CSS Doc 10142-1 Filed 11/15/16 Page 4 of 20

Page 3

1  FOX ROTHSCHILD LLP
2       Attorney for Counsel to Ad Hoc Group of TCEH Unsecured
3       Noteholders
4
5  BY: L. JOHN BIRD
6       JEFFREY M. SCHLERF
7
8  WHITE & CASE LLP
9       Attorney to Ad Hoc Committee of EFIH Unsecured
10      Noteholders and EFIH Second Lien DIP Commitment
11
12 BY: THOMAS LAURIA
13      J. CHRISTOPHER SHORE
14
15 U.S. DEPARTMENT OF JUSTICE
16      Attorney for the U.S. Trustee
17
18 BY: RICHARD L. SCHEPACARTER
19
20 MCELROY, DEUTSCH, MULVANEY, & CARPENTER, LLP
21      Co-Counsel to the TCEH Debtors
22
23 BY: DAVID H. PRIMACK
24
25

Page 4

1  MUNGER, TOLLES & OLSON LLP
2       Co-Counsel to the TCEH Debtors
3
4  BY:   THOMAS B. WALPER
5
6  KLEHR HARRISON HARVEY BRANZBURG LLP
7       Counsel to UMB Bank N.A. Indenture Trustee
8
9  BY:   RAYMOND H. LEMISCH
10
11 AKIN GUMP
12      Counsel to UMB Bank N.A. Indenture Trustee
13
14 BY:   SCOTT L. ALBERINO
15
16 SHEARMAN & STERLING LLP
17      Counsel to Deutsche Bank, agent to DIP Financing
18
19 BY:   NED S. SCHODEK
20
21 POTTER ANDERSON & CORROON LLP
22      Attorneys for Deutsche Bank New York
23
24 BY:   R. STEPHEN MCNEILL
25

Case 1:15-cv-01551-RGA Document 26-2 Filed 03/22/16 Page 7 of 92 PageID #: 2700
Case 14-10979-CSS Doc 10142-1 Filed 11/15/16 Page 6 of 20

Page 5

1  MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
2       Co-Counsel to the EFH Creditors' Committee
3
4  BY:   MARK A. FINK
5
6  SULLIVAN & CROMWELL, LLP
7       Co-Counsel to the EFH Creditors' Committee
8
9  BY:   BRIAN D. GLUECKSTEIN
10
11 VENABLE LLP
12      Attorney for PIMCO
13
14 BY:   JAMIE L. EDMONSON
15
16 DRINKER BIDDLE & REATH LLP
17      Counsel to Citibank NA, TCEH DIP Agent
18
19 BY:   HOWARD A. COHEN
20
21
22
23
24
25

Case 1:15-cv-01541-RGA Document 26-2 Filed 03/22/16 Page 7 of 20 PageID #: 2701
Case 14-10979-CSS Doc 10142-1 Filed 11/15/16 Page 7 of 20

Page 6

```
 1   PAUL WEISS RIFKIND WHARTON & GARRISON LLP
 2        Counsel to Ad Hoc Committee Of TCEH First Lien
 3        Creditors
 4
 5   BY:  JACOB A. ADLERSTEIN
 6        BRIAN HERMANN
 7
 8   YOUNG CONAWAY STARGATT & TAYLOR, LLP
 9        Counsel to Ad Hoc Group of TCEH Unsecured Noteholders
10
11   BY:  PAULINE K. MORGAN
12
13   GODFREY & KAHN S.C.
14        Counsel to Fee Committee
15
16   BY:  BRADY C. WILLIAMSON
17
18   GITLIN & COMPANY LLC
19        Chairman of the Fee Committee
20
21   BY:  RICHARD GITLIN
22
23
24
25
```

```
 1   NIXON PEABODY LLP
 2        Attorneys for AST as EFH Indenture Trustee
 3
 4   BY:  RICHARD C. PEDONE
 5
 6   O'KELLY, ERNST & BIELLI LLP
 7        Co-Counsel to Energy Future Holdings Corp.
 8
 9   BY:  DAVID M. KLAUDER
10
11   PROSKAUER ROSE LLP
12        Attorneys for EFH Corp. Disinterested Directors
13
14   BY:  MARK K. THOMAS
15        PETER J. YOUNG
16
17   SEWARD & KISSEL LLP
18        Wilmington Trust as Successor of First Lien
19        Administrative Agent and Collateral Agent
20
21   BY:  MARK D. KOTWICK
22        ARLENE R. ALVES
23
24
25
```

```
 1   WACHTELL, LIPTON, ROSEN & KATZ
 2        Attorneys for Equity Sponsors
 3
 4   BY:   EMIL A. KLEINHAUS
 5         RICHARD MASON
 6
 7   KIRKLAND & ELLIS LLP
 8        Co-Counsel to the Debtors
 9
10   BY:   MARC KIESELSTEIN
11         EDWARD O. SASSOWER
12         CHAD J. HUSNICK
13         STEVEN N. SERAJEDDINI
14
15   RICHARDS, LAYTON & FINGER, P.A.
16        Co-Counsel to the Debtors
17
18   BY:   DANIEL DEFRANCHESCHI
19
20   HOGAN MCDANIEL
21        Attorneys for Fenicle & Fahy
22
23   BY:   DANIEL K. HOGAN
24
25
```

Page 9

```
 1   BROWN RUDNICK LLP
 2        Attorneys for WSFS Second Lien Trustee
 3
 4   BY:  JEFFREY L. JONAS
 5        JONATHAN D. MARSHALL
 6
 7   ASHBY & GEDDES PA
 8        Attorney for WSFS Second Lien Indenture Trustee
 9
10   BY:  WILLIAM BOWDEN
11
12   PACHULSKI STANG ZIEL & JONES
13        Attorney for Computershare
14
15   BY:  LAURA DAVIS JONES
16
17   KRAMER LEVIN
18        Attorney for Computershare
19
20   BY:  RACHAEL L. RINGER
21
22   CIARDI CIARDI & ASTIN
23        Attorney for TXUZER7-1 RML CM
24
25   BY:  JOHN D. MCLAUGHLIN, JR.
```

```
 1   introduced evidence in support of this contention.  Even if
 2   true, however, this contention is irrelevant to Section
 3   1124(a)(4) which is only concerned with the legal treatment
 4   of claims and not the outcome that results from equal legal
 5   treatment.
 6            Fenicle and Fahy's third objection to confirmation
 7   is that the plan is not feasible because asbestos claims are
 8   not yet liquidated, the bar date has not yet passed and
 9   therefore the plan cannot forecast for potentially
10   significant asbestos liability.  The evidence, however, has
11   demonstrated the plan is feasible as it stands now and that
12   even if reorganized EFH has forced to shoulder hundreds of
13   millions of dollars of additional liability, the reorganized
14   Debtors would still be viable.  Because asbestos claims will
15   be reinstated against reorganized EFH, there is no need for
16   these claims to be liquidated prior to confirmation.
17            In addition, it's mentioned in the context of the
18   Settlement Agreement the Debtor's sixth amended plan
19   contains several provisions relevant to the treatment of
20   asbestos-related claims.  Specifically, the sixth amended
21   plan provides that asbestos-related Class A-3 legacy general
22   unsecured claims against the EFH Debtors shall be
23   reinstated.
24            Furthermore, the sixth amended plan provides the
25   Class A-14 claims, interest in the EFH Debtors' other than
```

Page 57

1  EFH Corp, held by the Asbestos Debtors, shall be reinstated.

2  EECI, EEC Holdings and LSGT SACROCK are all

3  subsidiaries of LSGT Gas Company. LSGT Gas Company is a

4  subsidiary of EFH Corp. Furthermore, EECI, EEC Holdings and

5  LSGT SACROCK poses intercompany claims against LSGT Gas

6  Company totaling approximately $990 million. LSGT Gas

7  Company, in turn, possessed an intercompany claim against

8  EFH Corp totaling approximately 560 million. All of these

9  claims are being reinstated under the sixth amended plan.

10  Since 1992 the Debtors incurred approximately 26.4

11  million in total asbestos expenses. Given the historical

12  rate of the Debtors asbestos-related expenses, reinstatement

13  of the above described claims ensures that a reorganized EFH

14  will continue to fund asbestos-related expenses that may

15  arise at the Asbestos Debtor.

16  Fenicle and Fahy's fourth and final objection to

17  confirmation is that by barring the claims of unmanifested

18  claims that fail to file a timely proof of claim the bar

19  date and the plan violate due process. Once again, the

20  proper time and place to raise this objection was to appeal

21  the Court's order setting the bar date. This objection is

22  inappropriate collateral attack on a final order. Although

23  the Court could dismiss this objection on grounds of

24  finality, it will clarify due process as it applies to this

25  reorganization under Chapter 11.

Case 1:15-cv-... Case 14-10979-CSS Doc ... PageID #: 2753

Page 58

```
 1              In order to comply with due process the Debtors
 2      must make, quote, notice reasonably calculated under all
 3      circumstances to appraise interested parties of the pendency
 4      of the action and afford them an opportunity to present
 5      their objections, end quote, Mullane v. Central Hanover Bank
 6      and Trust Company, 339 U.S. 306, 314, 1950.
 7              Fenicle and Fahy argue that because it may be
 8      impossible to give sufficient notice to some unmanifested
 9      claimants, the plan is not confirmable.  See Jones v.
10      Chemetron Corp, 214 F.3d 199 at 209, 210, Third Circuit,
11      1990, finding that notice of bar date was unconstitutional
12      is applied to a specific plan for when the time of the bar
13      date had not yet been born.
14              Fenicle and Fahy's reasoning is flawed.  The
15      Court's bar date would not bar the claim of an unborn
16      individual like the plaintiff in Chemetron.  That plaintiff
17      is a future claimant, in this case, an individual who has
18      not yet been exposed to asbestos, but who may be injured by
19      the exposure after the bar date.  Unmanifested claimants
20      under the plan are those that have already been exposed to
21      the Debtors' asbestos, but have not developed injury.
22              Even if the Court were to hold that Chemetron
23      requires the appointment of a class representative for the
24      claims of future claimants to be discharged, Fenicle and
25      Fahy's objection fails.  The Debtors do not seek to
```

Veritext Legal Solutions
212-267-6868            www.veritext.com            516-608-2400
A001240

Case 1:15-cv-01404-GMS Document 22-5 Filed 03/22/16 Page 14 of 20 PageID #: 2754
Case 14-10979-CSS Doc 10142-1 Filed 11/15/16 Page 14 of 20

Page 59

```
 1   discharge the claims of future claimants, so Chemetron is
 2   not applicable.
 3             The applicable standard here is clear.  The
 4   Debtors do not need to give actual or constructive notice to
 5   all current claimants.  Central Hanover requires only that
 6   their attempt to give notice be reasonably calculated.  The
 7   fact that there may be unmanifested claimants for whom the
 8   bar date, as applied to their specific case may not comport
 9   with due process, is simply irrelevant.  As long as the
10   notice given by the Debtors is reasonably calculated, the
11   bar date is facially constitutional.
12             This conclusion is made clear by the Third
13   Circuit's decision in Grossman, which laid out seven factors
14   relevant to whether discharge comports with due process as
15   applied to a specific individual.  One, the circumstances of
16   initial exposure; two, when the claimants became aware of
17   their vulnerability to asbestos; three, whether notice of
18   the claim's bar date came to their attention; four, whether
19   the claimants were known or unknown creditors; five, whether
20   the claimants had a colorable claim at the time of the bar
21   date; six, whether it was reasonable or possible for the
22   Debtors to establish a trust under Section 524(g); and
23   seven, other circumstances specific to the parties.
24   Grossman, 607 F.3d at 127, 128.
25             Only a subset of these factors can be examined
```

Case 1:15-cv-01534-RGA Document 22-5 Filed 03/22/16 Page 15 of 20 PageID #: 2755
Case 14-10979-CSS Doc 10142-1 Filed 11/15/16 Page 15 of 20

Page 60

1  prospectively. And on those factors the Debtors' attempts
2  to give notice are more than sufficient. First, the Court
3  can infer that the Debtors will be providing direct notice
4  to a vast majority of unmanifested claimants. The Debtors
5  -- Asbestos Debtors did not sell asbestos, they used it as
6  insulation within their plants.
7  Given that power plants are not open to the
8  general public, the Court can infer that the vast majority
9  of potential claimants are current and former employees and
10 contractors, and their family members. To the extent these
11 people can be identified by the Debtors' records, the
12 Debtors are providing all of them with direct notice. See
13 bar date order, Docket Item 5175, Pages 9 to 13, Paragraphs
14 7 to 17.
15 Additionally, the Debtors are providing direct
16 notice to all unions associated with its workers and
17 contractors. Therefore the Court can logically infer that
18 at a minimum a substantial majority of potential claimants
19 will receive direct news from the Debtors.
20 Second, it would be unreasonable for a significant
21 number of unmanifested claimants not to be aware of their
22 exposure to asbestos at this point in time. It is not a new
23 revelation that the Debtors used asbestos insulation in
24 their power plants, and as Fenicle and Fahy themselves
25 explained, this entire industry used asbestos insulation

Page 61

1  until the 1980's and therefore, quote, asbestos exposure was
2  virtually unavoidable.  That's at the Fenicle and Fahy
3  objection brief at Page 2, Note 5.  The Debtors, quote, have
4  a long history of asbestos litigation, Fenicle and Fahy
5  objection brief at Page 11, Paragraph 20.  Individuals with
6  long careers at power plants should, by now, be aware of
7  their exposure.
8           Third, as the Court previously explained, Section
9  524(g) on its own terms applies only to future claimants,
10 not unmanifested claimants.  The bar date here does not
11 apply to future claimants.
12          Fourth, the Court notes that the primary reason
13 for appointing a class representative is not present here.
14 If the Debtors had proposed the creation of a trust to pay
15 all current and future asbestos claims, this Court likely
16 would have found it necessary to appoint a class
17 representative.
18          In that scenario, manifested claimants would have
19 an incentive to seek high payouts for claims on the trust,
20 because they would not bear the risk of the trust running
21 out of funds.
22          In this case, however, all claims are being
23 reinstated and reorganized EFH will be a solvent entity with
24 a predictable rate of return and low risk.  Thus, unlike
25 many asbestos cases, the interest of manifested claimants do

Case 1:15-cv-01544-RGA Document 22 Filed 03/22/16 Page 17 of 20 PageID #: 2757
Case 14-10979-CSS   Doc 10142-1   Filed 11/15/16   Page 17 of 20

Page 62

1  not diverge from unmanifested claimants.

2              Fenicle and Fahy's objections are ultimately easy

3  to answer.  Is the Debtors' two and a half million dollars

4  plan reasonably calculated to provide notice to unmanifested

5  claimants?  Yes.  The Court fails to see a better plan to

6  give notice to these individuals that does not massively

7  increase the cost of giving that notice.

8              Second, is there any substantial reason to appoint

9  a class representative for unmanifested claims?  No.  The

10 interests of manifested claimants and unmanifested claimants

11 are not adverse here.  And reinstated against a solvent and

12 economically viable reorganized EFH means that funds will be

13 available to pay the claims of unmanifested claimants once

14 their injuries develop.

15             Finally, the Court wishes to make clear that the

16 standard of due process here is prospective.  It is entirely

17 possible that an unmanifested claimant may bring a claim

18 after the bar date, argue the Debtors' notice scheme was

19 unconstitutional, as applied to her, and be correct in that

20 argument.  She would have her claim reinstated and the

21 Debtors would then be free to dispute its validity and/or

22 her damages.  But that is a retrospective determination, an

23 unconstitutional, as applied, determination.

24             That determination is irrelevant to whether the

25 Debtor's notice scheme prospectively satisfies due process.

Case 1:15-cv-01531-RGA Document 22-5 Filed 03/22/16 Page 18 of 20 PageID #: 2758
Case 14-10979-CSS Doc 10142-1 Filed 11/15/16 Page 18 of 20

Page 63

1  Because the Debtors' scheme was for giving bar date is

2  reasonably calculated to give notice to all known and

3  unknown asbestos claimants, the Court overrules Fenicle and

4  Fahy's objection on this point.

5              Indeed, for the reasons just articulated, the

6  Court overrules the entirety of the Fenicle and Fahy

7  objection.

8              Fifth and last is the United States Trustee.  The

9  UST raises three objections to confirmation.  The UST also

10 objected to the Settlement Agreement which the Court

11 addressed separately.

12             Confirmation objections are one, the plan grants

13 inappropriate releases in favor of the Debtors' directors

14 and officers; two, the plan unlawfully extends exculpation

15 to non-estate fiduciaries, including non-Debtor affiliates

16 and shareholders; three, the plan pays the fees and expenses

17 of non-estate retained professionals without adequate

18 disclosure or legal justification.

19             The objection to the releases and exculpation

20 provision are overruled.  The objection to the payment of

21 professional fees and expenses will be sustained, solely as

22 it relates to the mechanism for the payment of those fees,

23 otherwise it is overruled.

24             Article 8, Section D of the plan provides for

25 third party releases.  The full list of releasing parties is

Case 1:15-cv-... Case 14-10979-CSS Doc 10142-1 Filed 11/15/16 Page 19 of 20 ... PageID #: 2759
Page 64

1  found in Article 1, Section A, Paragraph 248 of the fifth
2  amended plan.
3           The numbering on that may have changed in the
4  sixth amended plan.  The releases are given by claims and
5  interests who vote to accept the plan, all holders of claims
6  and interests that are deemed to accept the plan and all
7  holders in voting classes who abstained from voting on the
8  plan and did not opt out of the releases provided by the
9  plan.
10          As to the release of the Debtor's claims,
11 including derivative claims of the Debtors that others may
12 assert, the Court reviews the Debtor releases based on the
13 Zenith or Master Mortgage factors which are: one, an
14 indemnity of interest between the Debtor and the third
15 party, such that a suit against the non-Debtor is in essence
16 a suit against the Debtor or will deplete assets of the
17 estate; two, substantial contribution by the non-Debtor of
18 assets to the reorganization; three, the essential nature of
19 the release to the reorganization to the extent that without
20 the release, there's little likelihood of success; four, an
21 agreement by a substantial majority of creditors to support
22 the release, specifically if the impacted class or classes
23 overwhelmingly votes to accept the plan; and five, provision
24 in the plan for payment of all or substantially all of the
25 claims of the class or classes affected by the release.  In

Case 1:15-cv-03538-KBD Document 22-5 Filed 03/22/16 Page 20 of 20 PageID #: 2787
Case 14-10979-CSS Doc 10142-1 Filed 11/15/16 Page 20 of 20

Page 92

1   C E R T I F I C A T I O N

2

3   I, Sonya Ledanski Hyde, certified that the foregoing

4   transcript is a true and accurate record of the proceedings.

5
    Sonya Ledanski     Digitally signed by Sonya Ledanski Hyde
6   Hyde               DN: cn=Sonya Ledanski Hyde, o=Veritext,
                       ou, email=digital@veritext.com, c=US
7                      Date: 2015.12.04 14:42:18 -05'00'

8   Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20  Veritext Legal Solutions

21  330 Old Country Road

22  Suite 300

23  Mineola, NY 11501

24

25  Date:  December 4, 2015