**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Objections due:  December 6, 2016 at 4:00 p.m. (ET)**<br>**Hearing Date:  To be determined** |

**FINAL FEE APPLICATION OF GREENHILL & CO., LLC, AS FINANCIAL ADVISOR
TO ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC AND TEXAS
COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
NOVEMBER 17, 2014 THROUGH OCTOBER 3, 2016**

| | |
|---|---|
| **Name of Applicant:** | **Greenhill & Co., LLC** |
| Authorized to provide professional services to: | Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC |
| Date of Retention: | January 13, 2015<br>*nunc pro tunc* to November 17, 2014 [2] |
| Period for which compensation and reimbursement is sought: | November 17, 2014 – October 3, 2016 |
| Compensation sought as actual, reasonable, and necessary: | $13,740,860.22 [3] |
| Expense reimbursement sought as actual, reasonable, and necessary: | $225,630.67 |
| Amounts Paid to Date: | $5,183,476.34 [4] |
| Net Amount of Compensation Requested: | $8,354,838.71 [5] |

This is a:  ___ monthly          ___ interim          _X_ final application

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these Chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Greenhill's retention was initially authorized pursuant to an order of the Court dated January 13, 2015 [D.I. 3283]. Such order was amended and restated pursuant to a subsequent order of the Court entered on March 3, 2015 [D.I. 3728].

[3] This amount reflects $9,500,000.00 Transaction Fee, $250,000.00 Monthly Advisory Fees for each month from December 2014 to September 2016, $116,666.67 and $24,193.50 Monthly Advisory Fees for the stub periods of November 2014 and October 2016, respectively, less the $1,400,000.00 credit.

[4] This amount reflects $250,000.00 Monthly Advisory Fees for each month from December 2014 to December 2015, $200,000.00 Monthly Advisory Fees for each month from January 2016 to August 2016, $116,666.67 Monthly Advisory Fees for the stub period of November 2014, plus $216,809.67 of expenses already reimbursed. Amounts have not yet been received for September 2016, the Transaction Fee net of credit, and $8,820.00 in expense reimbursements.

[5] This amount represents the twenty percent (20%) holdback for each of May, June, July, August, September and October 2016, as well as the $9,500,000 transaction fee less the $1,400,000 credit.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[6]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Objections due: December 6, 2016 at 4:00 p.m. (ET)**<br>**Hearing Date:  To be determined** |

**FINAL FEE APPLICATION OF GREENHILL & CO., LLC, AS FINANCIAL ADVISOR TO ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC AND TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD NOVEMBER 17, 2014 THROUGH OCTOBER 3, 2016**

**Application**

**Exhibits:**

Exhibit A      Certification of Eric Mendelsohn

Exhibit B      Copy of the Engagement Letter

Exhibit C      Copy of Amended And Restated Order Authorizing Energy Future Competitive Holdings Company LLC And Texas Competitive Electric Holdings Company LLC To Retain And Employ Greenhill & Co. As Independent Financial Advisor Effective *Nunc Pro Tunc* to the Petition Date

Exhibit D      Summary of Expenses by Category

Exhibit E      Summary of Hours by Professionals and by Matter

---

[6]      The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these Chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

## Prior Statements, Applications and Allowances

| Filing, Date Filed, D.I. | Period Covered | Total Fees (100%) | Requested | | Approved | |
|---|---|---|---|---|---|---|
| | | | Fees (80%) | Expenses | Fees | Expenses |
| 1st Monthly Feb. 18, 2015 D.I. 3588 | Nov. 17, 2014 – Jan. 31, 2015 | $616,666.67 [7] | $493,333.33 | $7,181.08 | $493,333.33 | $7,181.08 |
| 1st Interim Mar. 31, 2015 D.I. 4018 | Nov. 17, 2014 – Dec. 31, 2014 | $366,666.67 | $366,666.67 | $36,048.14 | $366,666.67 | $32,885.49 |
| 2nd Monthly Apr. 2, 2015 D.I. 4054 | Feb. 1, 2015 – Feb. 28, 2015 | $250,000.00 | $200,000.00 | $70,684.62 | $200,000.00 | $70,684.62 |
| 3rd Monthly Apr. 27, 2015 D.I. 4316 | Mar. 1, 2015 – Mar. 31, 2015 | $250,000.00 | $200,000.00 | $16,010.35 | $200,000.00 | $16,010.35 |
| 4th Monthly June 5, 2015 D.I. 4696 | Apr. 1, 2015 – Apr. 30, 2015 | $250,000.00 | $200,000.00 | $17,159.68 | $200,000.00 | $17,159.68 |
| 2nd Interim Jun. 15, 2015 D.I. 4767 | Jan. 1, 2015 – Apr. 30, 2015 | $1,000,000.00 | $1,000,000.00 | $105,777.79 | $1,000,000.00 | $100,911.76 |
| 5th Monthly Jun. 30, 2015 D.I. 4899 | May 1, 2015 – May 31, 2015 | $250,000.00 | $200,000.00 | $3,871.12 | $200,000.00 | $3,871.12 |
| 6th Monthly Aug. 6, 2015 D.I. 5228 | Jun. 1, 2015 – Jun. 30, 2015 | $250,000.00 | $200,000.00 | $8,759.59 | $200,000.00 | $8,759.59 |
| 7th Monthly Aug. 27, 2015 D.I. 5749 | Jul. 1, 2015 – Jul. 31, 2015 | $250,000.00 | $200,000.00 | $5,673.68 | $200,000.00 | $5,673.68 |
| 8th Monthly Sep. 24, 2015 D.I. 6165 | Aug. 1, 2015 – Aug. 31, 2015 | $250,000.00 | $200,000.00 | $10,731.99 | $200,000.00 | $10,731.99 |
| 3rd Interim Oct. 15, 2015 D.I. 6478 | May. 1, 2015 – Aug. 31, 2015 | $1,000,000.00 | $1,000,000.00 | $29,036.38 | $1,000,000 | $24,886.51 |
| 9th Monthly Nov. 23, 2015 D.I. 7098 | Sep. 1, 2015 – Sep. 30, 2015 | $250,000.00 | $200,000.00 | $5,700.00 | $200,000.00 | $5,700.00 |
| 10th Monthly Dec. 17, 2015 D.I. 7395 | Oct. 1, 2015 – Oct. 31, 2015 | $250,000.00 | $200,000.00 | $20,194.89 | $200,000.00 | $20,194.89 |
| 11th Monthly Jan. 26, 2016 D.I. 7734 | Nov. 1, 2015 – Nov. 30, 2015 | $250,000.00 | $200,000.00 | $4,447.88 | $200,000.00 | $4,447.88 |
| 12th Monthly Feb. 18, 2016 D.I. 7885 | Dec. 1, 2015 – Dec. 31, 2015 | $250,000.00 | $200,000.00 | $1,728.60 | $200,000.00 | $1,728.60 |
| 4th Interim Feb. 24, 2016 D.I. 7927 | Sep. 1, 2015 – Dec. 31, 2015 | $1,000,000.00 | $1,000,000.00 | $32,071.37 | $1,000,000.00 | $31,848.85 |

---

[7]     Greenhill's First Monthly Fee Statement sought amounts from November 17, 2014 through and including January 31, 2015.  To comply with the Fee Committee's request, the First Interim Fee Application sought only amounts from November 17, 2014 through December 31, 2014.

## **Prior Statements, Applications and Allowances (cont.)**

| Filing, Date Filed, D.I. | Period Covered | Total Fees (100%) | Requested | | Approved | |
|---|---|---|---|---|---|---|
| | | | Fees (80%) | Expenses | Fees | Expenses |
| 13th Monthly Feb. 25, 2016 D.I. 7929 | Jan. 1, 2016 – Jan. 31, 2016 | $250,000.00 | $200,000.00 | $1,372.36 | $200,000.00 | $1,149.84 |
| 14th Monthly Mar. 31, 2016 D.I. 8106 | Feb. 1, 2016 – Feb. 29, 2016 | $250,000.00 | $200,000.00 | $8,291.31 | $200,000.00 | $8,291.31 |
| 15th Monthly May 27, 2016 D.I. 8562 | Mar. 1, 2016 – Mar. 31, 2016 | $250,000.00 | $200,000.00 | $4,208.03 | $200,000.00 | $4,208.03 |
| 16th Monthly Jun. 14, 2016 D.I. 8707 | Apr. 1, 2016 – Apr. 30, 2016 | $250,000.00 | $200,000.00 | $958.26 | $200,000.00 | $958.26 |
| 5th Interim Jun. 15, 2016 D.I. 8723 | Jan. 1, 2016 – Apr. 30, 2016 | $1,000,000.00 | $1,000,000.00 | $14,607.44 | PENDING | PENDING |
| 17th Monthly Aug. 8, 2016 D.I. 9207 | May 1, 2016 – May 31, 2016 | $250,000.00 | $200,000.00 | $3,149.17 | $200,000.00 | $3,149.17 |
| 18th Monthly Aug. 24, 2016 D.I. 9380 | June 1, 2016 – June 30, 2016 | $250,000.00 | $200,000.00 | $4,548.02 | $200,000.00 | $4,548.02 |
| 19th Monthly Aug. 29, 2016 D.I. 9415 | July 1, 2016 – July 31, 2016 | $250,000.00 | $200,000.00 | $1,466.59 | $200,000.00 | $1,466.59 |
| 20th Monthly Sep. 28, 2016 D.I. 9699 | August 1, 2016 – August 31, 2016 | $250,000.00 | $200,000.00 | $2,283.32 | $200,000.00 | $2,283.32 |
| 21st Monthly Oct. Nov. 7, 2016, 2016 D.I. 10052 | September 1, 2016 – October 3, 2016 | $274,193.55 | $219,354.84 | $4,704.00 | PENDING | PENDING |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Objections due: December 6, 2016 at 4:00 p.m. (ET)**<br>**Hearing Date:  To be determined** |

**FINAL FEE APPLICATION OF GREENHILL & CO., LLC, AS FINANCIAL ADVISOR TO ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC AND TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD NOVEMBER 17, 2014 THROUGH OCTOBER 3, 2016**

Pursuant to §§ 327, 328, 330, and 331 of Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the *Amended and Restated Order Authorizing Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC To Retain and Employ Greenhill & Co., LLC as Independent Financial Advisor Effective Nunc Pro Tunc to November 17, 2014*, dated March 3, 2015 [D.I. 3728] (the "**Retention Order**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals,* dated September 16, 2014 [D.I. 2066] (the "**Interim Compensation Order**"), the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "**Fee Committee Order**"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 (the "**Guidelines**"), Greenhill & Co., LLC ("**Greenhill**"), as financial advisor reporting to and taking direction from Hugh E. Sawyer, the disinterested member of the board of

directors (the "**Disinterested Manager**") of each of Energy Future Competitive Holdings Company LLC ("**EFCH**") and Texas Competitive Electric Holdings Company LLC ("**TCEH**" and collectively, the "**TCEH Debtors**"), in connection with certain "**Conflicts Matters**," files this Final Fee Application (the "**Final Fee Application**").

Pursuant to this Final Fee Application, Greenhill seeks an allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred in connection with such services from November 17, 2014 through and including October 3, 2016 (the "**Compensation Period**") in accordance with the terms of Greenhill's engagement letter (the "**Greenhill Engagement Letter**"), which is attached hereto as **Exhibit B**.  In support of this Final Fee Application, Greenhill respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested in this Application are §§ 327(a) and 328 of the Bankruptcy Code, Rules 2014(a) and 2016 of the Bankruptcy Rules, and Local Bankruptcy Rules 2014-1 and 2016-2.

## BACKGROUND

4. On April 29, 2014 (the "**Petition Date**"), the debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107 and 1108 of the

Bankruptcy Code, the debtors have continued to operate their businesses and manage their properties as debtors in possession since the Petition Date.

5.   On November 3, 2014, this Court issued its ruling on the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Related Deadlines and Hearings, and (C) Approving the Form and Manner of Notice Thereof* [D.I. 2087], finding, among other things, "[R]egardless of the merits of the debtors' preferred tax structure upon which I offer no opinion one way or the other, there can be no question that it raises actual internal conflicts among the debtors' estates." Hrg. Tr. Nov. 3, 2014, at 13:25-14:3 [D.I. 2699.] The Court also ruled that, based on these conflicts, the requisite vote on bidding procedures must be by the independent managers of the EFH, EFCH, TCEH, and EFIH debtors. See id. at 18:16-19.

6.   On November 7, 2014, the boards of directors of EFCH and TCEH adopted the Resolutions determining that Hugh E. Sawyer is a disinterested manager of each of EFCH and TCEH, and delegating to the TCEH Debtors' Disinterested Manager the authority to engage independent advisors as he deemed necessary to represent and advise the TCEH Debtors on Conflict Matters (including determining whether any matter constitutes a Conflict Matter).

7.   Consistent with this delegated authority, the TCEH Debtors' Disinterested Manager determined that, in addition to the advice of independent legal counsel, the TCEH Debtors required advice on Conflict Matters from an independent financial advisor.

8.   On December 9, 2014, the boards of managers of EFCH and TCEH each adopted supplemental resolutions that ratified the TCEH Debtors' Disinterested Manager's previous selection of independent advisors, including Greenhill, and further delegated to the TCEH Debtors' Disinterested Manager the authority to investigate and determine whether any

matter constitutes a Conflict Matter, and to make and implement all decisions and bind the TCEH Debtors and their subsidiaries in connection therewith, with the advice of independent advisors or others with whom he determines to consult.

9.    On December 17, 2014, the TCEH Debtors filed their *Application for Entry of an Order Authorizing Them to Retain and Employ Greenhill & Co., LLC as Independent Financial Advisor Effective Nunc Pro Tunc to November 17, 2014* [D.I. 3062] (the "**Greenhill Application**").

10.   On March 3, 2105, the Court entered the order authorizing the retention and employment of Greenhill as financial advisor to the TCEH Debtors *nunc pro tunc* to November 17, 2014 (the "**Retention Order**").[8]   The Retention Order approves Greenhill's fees and expenses structure pursuant to § 328 of the Bankruptcy Code, subject to the terms of the Retention Order.

11.   Since retention, Greenhill has filed a series of Monthly Fee Statements and Interim Applications, listed below:

| Filing, D.I. | Date Filed | Date Approved |
|---|---|---|
| 1st Monthly, D.I. 3588 | Feb. 28, 2015 | Mar. 13, 2015 |
| 1st Interim, D.I. 4018 | Mar. 31, 2015 | Jun. 24, 2015 |
| 2nd Monthly, D.I. 4054 | Apr. 2, 2015 | Apr. 27, 2015 |
| 3rd Monthly, D.I. 4316 | Apr. 27, 2015 | May 20, 2015 |
| 4th Monthly, D.I. 4696 | Jun. 5, 2015 | Jun. 29, 2015 |
| 2nd Interim, D.I. 4767 | Jun. 15, 2015 | Oct. 26, 2015 |
| 5th Monthly, D.I. 4899 | Jun. 30, 2015 | Jul. 23, 2015 |
| 6th Monthly, D.I. 5228 | Aug. 6, 2015 | Aug. 31, 2015 |

---

8    As mentioned above, the Retention Order amended and restated an earlier order of the Court authorizing Greenhill's retention [D.I. 3283].

| 7th Monthly, D.I. 5749 | Aug. 27, 2015 | Sep. 21, 2015 |
|---|---|---|
| 8th Monthly, D.I. 6165 | Sep. 24, 2015 | Oct. 19, 2015 |
| 3rd Interim, D.I. 6478 | Oct. 15, 2015 | Feb. 18, 2016 |
| 9th Monthly, D.I. 7098 | Nov. 23, 2015 | Dec. 16, 2016 |
| 10th Monthly, D.I. 7395 | Dec. 17, 2015 | Jan. 8, 2016 |
| 11th Monthly, D.I. 7734 | Jan. 26, 2016 | Feb. 18, 2016 |
| 12th Monthly, D.I. 7885 | Feb. 18, 2016 | Mar. 16, 2016 |
| 4th Interim, D.I. 7927 | Feb. 24, 2016 | Jun. 27, 2016 |
| 13th Monthly, D.I. 7929 | Feb. 25, 2016 | Apr. 5, 2016 |
| 14th Monthly, D.I. 8106 | Mar. 31, 2016 | May 2, 2016 |
| 15th Monthly, D.I. 8562 | May 27, 2016 | Jun. 22, 2016 |
| 16th Monthly, D.I. 8707 | Jun. 14, 2016 | Jul. 29, 2016 |
| 5th Interim, D.I. 8723 | Jun. 15, 2016 | PENDING |
| 17th Monthly, D.I. 9207 | Aug. 8, 2016 | Sep. 19, 2016 |
| 18th Monthly, D.I. 9380 | Aug. 24, 2016 | Sep. 19, 2016 |
| 19th Monthly, D.I. 9415 | Aug. 29, 2016 | Sep. 21, 2016 |
| 20th Monthly, D.I. 9699 | Sep. 28, 2016 | Oct. 26, 2016 |
| 21st Monthly, D.I. 10052 | Nov. 7, 2016 | PENDING |

12.     On August 29, 2016, the Court entered an order (the "Confirmation Order") approving the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al. Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* (the "Plan").

13. On October 3, 2016, the Plan became effective (the "Effective Date").

**TERMS AND CONDITIONS OF COMPENSATION OF GREENHILL**

14. Greenhill does not charge for its services on an hourly basis, but rather customarily charges a monthly advisory fee plus an additional fee that is contingent upon the

5

occurrence of a specified type of transaction.  The particular terms of Greenhill's engagement

are detailed in the Greenhill Engagement Letter, and were authorized by the Court under the

Retention Order.  The approved fee and expense structure may be summarized as follows:[9]

(a)    **Monthly Advisory Fee:** $250,000 per month until termination of Greenhill's engagement (the "**Monthly Advisory Fee**").

(b)    **Transaction Fee:** Upon consummation of any Restructuring,[10] Greenhill would be entitled to receive a transaction fee (the "**Transaction Fee**"), payable promptly at the closing thereof, equal to $9,500,000.

(c)    **Credit of Fee:** An amount equal to 50% of any Monthly Advisory Fees that arise after the 9th month of the term of the Greenhill Engagement Letter, to the extent paid, is creditable against the Transaction Fee.

(d)    **Expenses:** The TCEH Debtors are to pay reasonable and documented out-of-pocket expenses (including all fees and expenses of counsel).

15. The Fee and Expense Structure appropriately reflects the nature of the services

provided by Greenhill and is comparable to the fee structures utilized by leading financial

and restructuring advisors for comparable engagements, both in- and out-of-court.  The

ultimate benefit to the TCEH Debtors of the work performed by Greenhill in connection with

---

[9]    This summary is presented for convenience purposes only and is not an exhaustive reflection of the fee and expense terms set forth in the Greenhill Engagement Letter, which are controlling in all respects, except where otherwise specified in the Retention Order.  Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Greenhill Engagement Letter.

[10]   Defined as "Any sale, recapitalization, reorganization and/or restructuring (including, without limitation, through any exchange, conversion, cancellation, settlement, forgiveness, retirement and/or modification or amendment to the terms, conditions or covenants) of all or a material portion of the Company's equity and/or debt securities and/or other indebtedness, obligations or liabilities (including, without limitation, bank debt, swap liabilities, pension liabilities, OPEB liabilities, preferred stock, partnership interests, capital or operating lease obligations, trade claims, other contract or tort obligations, and other on and off balance sheet indebtedness), however such result is achieved, including, without limitation, pursuant to confirmation of a Plan, an exchange transaction, a solicitation of consents, waivers, acceptances or authorization, an acquisition of sale related transaction, the issuance of new securities or debt instruments and/or other similar transactions or series of transactions, and with respect to which Greenhill has provided the Company and/or the Disinterested Manager advice regarding Conflict Matters; *provided, however,* that no Restructuring, as such term is defined herein, shall be deemed to have occurred following a conversion of the Bankruptcy Proceeding to a case under chapter 7 of the Bankruptcy Code." […] "EFCH and TCEH shall be referred to herein, collectively with their debtor subsidiaries, as the Company."

this engagement would very much depend on the achievement of a chapter 11 restructuring, and the TCEH Debtors took this into account in setting the fee and expense structure.

16. In addition, Greenhill's restructuring expertise, mergers and acquisitions capabilities, as well as its capital markets knowledge and financing skills, some or all of which have been required by the TCEH Debtors during the term of Greenhill's engagement, were important factors in determining the fee and expense structure (including the Transaction Fee). Consequently, Greenhill's services cannot be measured merely by reference to the number of hours expended by Greenhill's professionals in the performance of such services.

17. The Greenhill Retention Order provides that Greenhill will apply for compensation for professional services and reimbursement of expenses incurred in connection with the TCEH Debtors' Chapter 11 Cases,; provided, however, that Greenhill shall be compensated pursuant to section 328(a) of the Bankruptcy Code and that Greenhill's compensation shall not be subject to any other standard of review, including under section 330 of the Bankruptcy Code. See Greenhill Retention Order (Exhibit C). However, the United States Trustee retained the right to object to Greenhill's fee applications based on the reasonableness standard provided for in section 330 of the Bankruptcy Code. See Greenhill Retention Order (Exhibit C).

## COMPENSATION REQUEST

18. Greenhill seeks allowance of compensation for professional services rendered to the TCEH Debtors and reimbursement of actual and necessary expenses during the Compensation Period in the aggregate amount of $13,966,489.89 (the "**Total Compensation Amount**"). The Total Compensation Amount consists of: (i) $9,500,000 of the Transaction Fee, (ii) $5,640,860.22, or 100% of the Monthly Advisory Fees for the Compensation Period,

7

and (iii) $225,629.67 for the reimbursement of actual and necessary expenses[11], less (iv) $1,400,000 of credit (50% of the Monthly Advisory Fees that arose after the Ninth monthly fee).

## SUMMARY OF SERVICES RENDERED

19. Greenhill was selected by the TCEH Debtors because of its extensive knowledge and reputation in this field, because of its familiarity with the issues involved in the Chapter 11 Cases and because the TCEH Debtors believed that Greenhill possessed the requisite resources and was well-qualified to represent the TCEH Debtors in these cases.

20. The Greenhill professionals who rendered services during the Compensation Period in these cases include: Eric Mendelsohn (Head of Restructuring & Financing Advisory), Bradley A. Robins (Former Co-Head of Restructuring & Financing Advisory), Gregory Randolph (Managing Director), Richard Lieb (Senior Advisor), Stephanie Shideler (Principal), Jochen Schmitz (Vice President), Aparajita Tripathi (Analyst), Laurence Coman (Analyst), Timothy Mergenthal (Analyst), Ludwig Kerck (Analyst) and Frances Wang (Analyst).

21. During the Compensation Period, Greenhill provided professional services to the TCEH Debtors in connection with Conflict Matters at the direction of the Disinterested Manager of TCEH and EFCH. Greenhill's professionals expended a total of 7,024.5 hours of professional services. These services were performed at a high level of quality and were often subject to significant time constraints. These services were necessary to address a multitude of critical Conflict Matters, and contributed to the TCEH Debtors' successful emergence from chapter 11. Among the key tasks performed by Greenhill are the following:

---

[11] After adjustments of $12,401.07 per Fee Committee

(a)     <u>Review of Intercompany Claims and Potential Causes of Action;</u>.  Greenhill, at the direction of the disinterested manager, worked with Munger, Tolles & Olson ("MTO" or "Counsel") to identify, diligence and analyze certain intercompany claims and potential causes of actions.  Greenhill reviewed and analyzed over a dozen potential claims, causes of action and counter-claims between the various debtors, encompassing billions of dollars of potential assets or liabilities of the TCEH estate.  Potential TCEH claims against EFH included intercompany tax claims, allocation of shared services and sponsor fees, the interest rate on intercompany notes, EFH holdings of TCEH debt, fees paid in the 2011 amend and extend transaction, claims surrounding the original LBO, and the allocation of the EFH Net Operating Loss balance of ~$4.6 billion (estimate as of March 2015).  Potential TCEH claims against EFIH included the allocation of shared services costs, prepetition restructuring fees, "reimbursement" payments from Luminant to Oncor, and the dividend of the Oncor business from EFCH to EFH.  Greenhill worked closely with Counsel to provide analyses and advice to the Disinterested Manager with respect to the size and potential merit of these claims.

(b)     <u>Negotiation of Intercompany Settlement Agreement.</u> Greenhill worked closely with Counsel and the Disinterested Manager to negotiate  a settlement of the intercompany claims with the EFH and EFIH Disinterested Managers and advisors. As described in the December 7, 2015 order approving the Settlement Agreement, the negotiations "were blunt, contentious, at arm's length" and "settlement was not a foregone conclusion." These negotiations helped pave the way for consensual plans of reorganization for the various debtors and resulted in TCEH receiving a $700 million claim at EFH as embodied in the Settlement Agreement.  Though not embodied in the Settlement Agreement, Greenhill participated in the negotiation of valuable tax attributes.  The Settlement Agreement was also ultimately supported by each of the key TCEH constituents including the *ad hoc* groups of TCEH First Lien creditors, second lien notes, and unsecured notes as well as the TCEH Official Committee of Unsecured Creditors.

(c)     <u>Critical Support for Plan Confirmation and Court Approval of the Settlement Agreement</u>. In connection with the Court's approval of the Settlement Agreement and the Sixth Amended Plan of Reorganization, Greenhill prepared and submitted an expert report, its representative was deposed, it provided written testimony and it provided live trial testimony in support of the Settlement Agreement.  The Settlement Agreement was approved and the Sixth Amended Plan was confirmed on December 7, 2015.  Greenhill also assisted the Disinterested Manager in the review, approval and support of the Plan that was approved on August 29, 2016.

(d)     <u>Oncor Sale Process and Oncor Plan Treatment</u>.  Prior to the appointment of the Disinterested Manager advisors, there was significant disagreement and litigation between creditor groups and the debtors regarding the proposed sale process for

the equity interest in Oncor.  Upon being retained, Greenhill reviewed the Oncor sale process proposed by the debtors, discussed potential options with TCEH creditors and provided feedback and input related thereto to the Disinterested Manager.  The Disinterested Manager worked with Greenhill and Counsel to suggest modifications to the proposed sale process and ultimately agreed to support a modified sale process in January 2015.  Throughout the Oncor sale process, Greenhill worked with Counsel to monitor the process and provide input to the Disinterested Manager and the debtors' advisors.  Once bids were received from certain of the potential investors, Greenhill reviewed and analyzed these bids with Counsel and the Disinterested Manager and provided input to the debtors' advisors.

(e)     Valuation and Recovery Analysis. Greenhill assisted the TCEH Debtors and Disinterested Manager with numerous valuation issues, including Oncor (and EFIH and EFH), TCEH, EFH Shared Services and EFH Properties.  Greenhill performed diligence and various financial and valuation analyses on each of these entities.  In the case of Oncor, Greenhill conducted valuation analyses for Oncor on a C-Corp and REIT basis and analyzed potential recovery outcomes for TCEH stakeholders under a range of scenarios.  Certain of these valuations were also used in support of the plan negotiations between the Disinterested Managers and advisors of TCEH, EFH and EFIH. In preparing its valuation analyses, Greenhill, among other items and as applicable, reviewed the respective business plans, various industry reports, information with respect to certain other comparable companies, conducted financial analysis with respect to that information, and prepared materials summarizing the valuation and impact on TCEH stakeholder recoveries.  Greenhill team members also spent considerable time internally discussing valuation related matters, including with Greenhill's Power & Energy team and REIT team.

(f)     Assistance with Plan Negotiations. Greenhill frequently engaged with the advisors of other constituencies regarding plan discussions and negotiations.  In this role, Greenhill facilitated productive dialogue and progress towards a consensual resolution of the chapter 11 cases and participated in regular internal strategic discussions, negotiations with the other disinterested managers and their advisors, and creditor negotiations.   In addition to helping lead the financial aspects of the negotiations of the Settlement Agreement, Greenhill also provided advice to the Disinterested Manager and helped lead the financial aspects of the negotiations of the Joint Plan of Reorganization filed in April 2015, supported by all of the disinterested managers, the Amended Plan of Reorganization filed in July 2015 supported by all of the disinterested managers, the Second Amended Plan of Reorganization filed in August 2015 supported by all of the disinterested managers, as well as subsequent plan iterations with the other disinterested manager advisors.  In addition to encompassing the Settlement Agreement, these

comprehensive plans also encompassed negotiation and analysis of debt capacity, valuation, equity splits and warrants with both the advisors and disinterested managers of EFIH and EFH. These heavily negotiated and ultimately consensual (among the debtors) plans were critical steps to keeping the emergence process on track, encouraging negotiations between creditors, encouraging the negotiation of plans with third party investors, as well as serving as backstop plans in the event other plans failed to materialize.

(g)     Meetings and Calls with Constituencies and other Disinterested Managers. Greenhill engaged in regular conversations with multiple TCEH creditor constituencies and their advisors, the other disinterested managers and their advisors as well as other stakeholders.  In connection therewith, Greenhill spent significant time preparing for and participating in meetings with third parties to review and discuss, among other items, intercompany claims and potential causes of action, M&A alternatives, and plan frameworks and proposals. Between the date of Greenhill's retention in November 2014 and TCEH's approval of the intercompany claim settlement in April 2015 alone, Greenhill participated in more than 75 meetings or phone calls with representatives of the debtors, the disinterested managers of EFH and EFIH and their advisors and various creditor groups, including over 25 meetings or calls with the key TCEH creditor constituents.

(h)     Meetings and Calls with the Disinterested Manager and Counsel.  Greenhill professionals participated in weekly, and for extended periods of time daily, planning sessions and other periodic meetings with the Disinterested Manager and Counsel concerning Conflict Matters and process and strategy issues related to the bankruptcy.  Many of these calls and meetings included financial analyses and presentations prepared by Greenhill to assist the Disinterested Manager in decision-making processes and strategies to preserve and maximize value for TCEH stakeholders.

(i)     Plan of Reorganization, Disclosure Statement and Other Court Filings.  Greenhill, working with Counsel, spent time reviewing and editing various sections of the Plan of Reorganization and Disclosure Statement.  Greenhill also worked with Counsel and other parties to prepare, edit and review court filings, including the numerous filed plans of reorganization, Greenhill's expert report and various other motions and court filings.

22. To provide a summary of its services provided to the TCEH Debtors, Greenhill has established certain subject matters categories in connection with this Chapter 11 case.

The following is a summary, by category, of the professional services provided by Greenhill during the Compensation Period[12]:

| Project Category | Total Hours |
|---|---|
| Communication with Professionals and Parties-In-Interest | 1,844.5 |
| Preparation and / or Review of Court Filings | 122.5 |
| Court Testimony / Deposition and Preparation | 684.5 |
| Valuation & Recoveries Analysis | 1,431.0 |
| Capital Structure Review & Analysis | 80.0 |
| Merger & Acquisition Research | 73.0 |
| General Financial Analysis, Research & Diligence | 2,139.0 |
| Plan of Reorganization | 286.0 |
| General Case Administration & Other | 364.0 |
| **Total** | **7,024.5** |

**Communications with Professionals and Parties-in-Interest**
Total Hours: 1,844.5

This category includes time spent in connection with Conflict Matters participating in meetings, negotiations, conference calls and correspondence with the Disinterested Manager and TCEH Debtors' counsel, TCEH Creditors and their professionals, the Debtors and their professionals, and other parties-in-interest and their professionals. Greenhill participated in numerous in-person and telephonic meetings in discussion and diligence of Conflict Matters, plan issues, constituent interests and various plan and M&A proposals.

**Preparation and/or Review of Court Filings**
Total Hours: 122.5

This category includes general preparation and review of Greenhill's Monthly Advisory Fee Statements and other court filings.

---

12      Greenhill has assigned each of its various tasks/services to the most representative category. Hours exclude certain Greenhill employees (such as legal, administrative and research personnel) who have worked on this matter during the period, but do not report their hours worked in connection with this matter.

**Court Testimony / Deposition and Preparation**
Total Hours: 684.5

This category primarily includes time spent preparing for and participating in matters related to Mr. Mendelsohn's expert report, deposition and testimony in connection with the Court's approval of the Settlement Agreement and confirmation of the Debtors' Sixth Amended Chapter 11 plan.

**Valuation & Recoveries Analysis**
Total Hours: 1,431.0

This category includes time spent by Greenhill in analyzing valuations and potential recoveries contemplated in discussions among parties-in-interest or proposed as part of the Debtors' Chapter 11 plans and / or the sale of its Oncor business.

**Capital Structure Review & Analysis**
Total Hours: 80.0

This category includes time spent evaluating the trading levels for the Debtors' publicly-traded debt and debt capacity considerations.

**Merger & Acquisition Research**
Total Hours: 73.0

This category includes certain aspects of the analysis and review of the bidding procedures, potential buyers and sale process considerations for Oncor/EFIH/EFH in connection with providing advice to the Disinterested Manager regarding the approval and timing of the proposed sale process of Oncor.

**General Financial Analysis, Research & Diligence**
Total Hours: 2,139.0

This category includes time spent preparing general financial analyses and conducting related research at the direction of the Disinterested Manager in connection with intercompany claims. Greenhill also analyzed various claim amounts and discussed their impact on recoveries proposed under the many filed plans of reorganization.

**Plan of Reorganization**
Total Hours: 286.0

This category includes time spent in connection with the review and analysis of the Debtors' Chapter 11 plans.

**General Case Administration & Other**
Total Hours: 364.0

This category contains activity necessary for Greenhill to efficiently advise the

13

Disinterested Manager but which do not otherwise fit into an above category. Subject matters include internal meetings to develop work plans, travel time, personal conflict checks, case compliance matters, and the organization and distribution of data room, docket and other materials and presentations, among other internal processes.

23. The foregoing professional services provided by Greenhill on behalf of the TCEH Debtors during the Compensation Period were reasonable, necessary, and appropriate to the administration of this Chapter 11 case and related matters. Greenhill has endeavored to avoid unnecessary duplication of efforts both within the firm and with other of the TCEH Debtors' professionals.

## SUMMARY OF EXPENSES

24. The expenses for which Greenhill requests reimbursement for the Compensation Period are actual and necessary direct, non-overhead costs incurred in the course of rendering services to the TCEH Debtors. Greenhill's request for reimbursement of expenses reflects Greenhill's standard expense reimbursement policy, including expenses for counsel in connection with Greenhill's retention, fee applications, discovery, and preparation for deposition and testimony.

25. During the Final Compensation Period, Greenhill incurred or disbursed actual and necessary costs and expenses related to these cases in the amount of $225,629.67.[13] The expenses incurred include, but are not limited to, ground transportation, business meals, legal fees and travel expenses.

---

[13] Per direction of the TCEH Debtors, this amount includes $4,166.00 of expenses for outside legal counsel incurred in connection with the preparation of this final fee application.

## PROPOSED PAYMENT ALLOCATION

26. All services for which Greenhill requests compensation were performed on behalf of the TCEH Debtors.  The TCEH Debtors and Greenhill's compensation is proposed as a joint and several expense of each of these estates pursuant to Section § 328 of the Bankruptcy Code.  The fees and expenses of Greenhill are for the benefit of the TCEH Debtors, and, accordingly, no allocation between TCEH Debtors is proposed at by Greenhill, nor would any seem appropriate given the purpose of Greenhill's engagement.

27. Greenhill has not shared or agreed or entered into any understanding to share any of its compensation with any other entity or individual (other than Greenhill's principals and employees).

## RELIEF REQUESTED

28. By this Application, Greenhill seeks entry of an order granting final approval of: (a) compensation for the actual and necessary professional services that it has rendered as financial advisor to the TCEH Debtors in these Chapter 11 Cases, including the Monthly Advisory Fees and the Transaction Fee (net of credit); and (b) reimbursement of actual and necessary expenses incurred in connection with the rendering of financial advisory services to the TCEH Debtors during the Compensation Period.

29. Greenhill respectfully hereby applies for an order granting Greenhill final allowance of compensation and reimbursement of expenses as follows:

(a)     Monthly Advisory Fees in the amount of $5,640,860.22 for the Compensation Period.

(b)     A Transaction Fee in the amount of $9,500,000 ($1,400,000 of which is creditable).  Payment of the Restructuring Transaction Fee was earned upon consummation of the Plan and is unpaid as of this Application.

(c)     Reimbursement of actual and necessary expenses in the amount of $225,629.67 incurred in connection with Greenhill's performance of financial advisory services.

30.     Greenhill has submitted twenty-one Monthly Fee Statements and five Interim Fee Statements amount to $5,640,860.22 in fees and $221,513.67 in expenses. Among that, $5,183,476.34 has been paid or reimbursed.

31.     Greenhill prepared this Application in accordance with the Guidelines.  The Certification of Eric Mendelsohn, dated November 11, 2016, describing Greenhill's compliance with the Local Guidelines is attached hereto as Exhibit A.

**BASIS FOR RELIEF**

32. Section 330 of the Bankruptcy Code provides for the compensation of professionals in a bankruptcy case and empowers the Court to award reasonable compensation for actual and necessary services and reimbursement of actual and necessary expenses.  See 11 U.S.C. § 330.  Section 330 of the Bankruptcy Code, by its terms, is "subject to" the provisions of section 328 of the Bankruptcy Code, id., which permits a debtor, subject to court approval, to employ a professional person "on any reasonable terms and conditions of employment, including on a retainer, or an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).  Accordingly, section 328(a) of the Bankruptcy Code permits the compensation of professionals, including financial advisors, on flexible terms that reflect the nature of their services and prevailing market conditions for those services.

33. It is respectfully submitted that the amount requested by Greenhill is fair and reasonable given (a) the complexity of the issues presented, (b) the time and labor required, (c) the skill necessary to perform the financial advisory services, (d) the preclusion of other employment for professionals involved with this matter, (e) the customary fees charged to

16

clients in bankruptcy and non-bankruptcy situations, and (f) the experience, reputation and ability of the professionals rendering services.

34. The amounts of fees and expenses sought in this Application are consistent with market practices both in and out of a bankruptcy context.  Greenhill does not charge its clients based on the number of hours expended in performing services.  Accordingly, Greenhill does not have hourly rates for its professionals and Greenhill does not ordinarily maintain time records for the work performed for its clients.

35. Greenhill believes that the services rendered to or on behalf of the TCEH Debtors have been necessary and in the best interest of the TCEH Debtors' estates.  Furthermore, in accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees and expenses requested by this Application are actual and necessary given the variety and complexity of the issues involved in these Chapter 11 Cases, the timeline of these Chapter 11 Cases, the value of the services provided by Greenhill, the costs of comparable services outside of bankruptcy and Greenhill's professionals' substantial experience and active involvement in other chapter 11 cases.

36. Greenhill has endeavored to render financial advisory services to the TCEH Debtors during these Chapter 11 Cases in the most expeditious and economic manner possible.  Greenhill has coordinated with the debtors' management and the other professionals involved in this case to minimize any duplication of effort and to minimize fees and expenses to the TCEH Debtors' estates.

37. There is no agreement or understanding between Greenhill and any other person or entity for sharing compensation received or to be received for services rendered by Greenhill in connection with these Chapter 11 Cases, except as permitted by section 504 of the Bankruptcy Code.

38. This Application is being submitted pursuant to and in accordance with sections 328(a) and 330 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-1. Greenhill respectfully submits that it has satisfied the requirements for the allowance of the compensation sought herein.

**WHEREFORE,** Greenhill respectfully requests, with respect to the Compensation Period, an allowance of its professional fees and expenses in the total amount of $13,966,489.89 consisting of (a) the $9,500,000.00 Transaction Fee, (b) $5,640,860.22 of Monthly Advisory Fees, less (c) $1,400,000.00 of credit, and (d) $225,513.67 for actual and necessary costs and expenses, all to be paid as administrative expenses of the TCEH Debtors.

Dated:    November 15, 2016                    /s/ Eric Mendelsohn

**Greenhill & Co., LLC**
Eric Mendelsohn
Managing Director
300 Park Avenue
New York, NY 10022