## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**ENERGY FUTURE HOLDINGS CORP.,** *et al.,*<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) Plan Hearing: December 1, 2016 at 10:00 AM<br>) Objection Date: November 15, 2016<br>)<br>) Docket Nos. 9616 |

### ORACLE'S RESERVATION OF RIGHTS REGARDING THE FOURTH AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

Oracle America, Inc., successor in interest to Oracle USA, Inc., Oracle Corporation, and Datalogix, Inc. ("Oracle"), a creditor and contract counter-party in the above-captioned jointly administered Chapter 11 cases, submits this Reservation of Rights (the "Rights Reservation") regarding the Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code ("Plan") filed by Energy Future Holdings Corp., *et al.* ("Debtors").

### I.    INTRODUCTION

1.    By the Plan, the Debtors seek Bankruptcy Court authority to, among other things, approve a Transitional Services Agreement ("TSA") which potentially authorizes the shared use of Oracle's licenses and support services between certain Debtors, including Energy Future Holding Corporation and TEX Operations Company, LLC.

2.    Such shared use is prohibited by the relevant Oracle contracts.

3.    Accordingly, Oracle requests that the Court deny confirmation of the Plan to the extent it authorizes the Debtors to share use of Oracle's licenses and services.

### II.    FACTUAL BACKGROUND

4.    The above-captioned case was filed on April 29, 2014, and a final order directing joint administration was entered on June 5, 2014.

5. On August 5, 2016 the Debtors' filed their Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code ("Third Amended Plan").

6. On August 8, 2016 Oracle filed its Limited Objection and Reservation of Rights Regarding (I) The Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code; and (II) Plan Supplement as it Relates to the TCEH Debtors and EFH Shared Services Debtors for the Third Amended Joint Plan of Reorganization of Energy Future Holding Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code.

7. On August 20, 2016, an Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al. Pursuant to Chapter 11 of the Bankruptcy Code as it applies to the TCEH Debtors and EFH Shared Services Debtors ("TCEH Plan Order") was entered.

8. The TCEH Plan Order provided for the assumption, assignment, and cure of certain Oracle agreements, as set forth therein.

9. As agreed upon by the parties, the TCEH Plan Order included the following language regarding potential shared use of Oracle agreements:

> Notwithstanding anything to the contrary in the Plan, this TCEH Confirmation Order, or the Transition Services Agreement contemplated by the Plan, the Debtors' post-confirmation use of any Oracle America, Inc. ("Oracle") license and services agreement (each an "Oracle Agreement") will remain unchanged, the authorized number of users will not be exceeded, and all use will be consistent with the terms of the relevant Oracle Agreement. No shared use, license splitting, or other unauthorized use of any Oracle Agreement will be allowed absent Oracle's express prior written notice.

(*See*, TCEH Plan Order ¶ 115)1.

---

1 This language was also included in the Order confirming the Debtors Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al which was entered on December 9, 2015.

10. On September 21, 2016, the Debtors' filed the current Plan. The Plan sets forth procedures for the assumption and rejection of executory contracts.

11. On November 11, 2016, the Debtors filed the Plan Supplement as it relates to the EFH Debtors and EFIH Debtors for the Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al. Pursuant to Chapter 11 of the Bankruptcy Code ("Plan Supplement").

12. The Plan Supplement does not identify any Oracle contracts for assumption or rejection by the Reorganized EFH Debtors or Reorganized EFIH Debtors on the EFH Effective Date.

13. Therefore, based upon the default rejection provision of the Plan, any Oracle contracts with the EFH Debtors or the EFIH Debtors will be rejected on the Effective Date.

14. As with the Third Amended Plan, the current Plan contemplates a TSA, defined by the Plan as:

> the transition services agreement, if any, to be entered into between Reorganized TCEH and EFH Corp on or before the TCEH Effective Date, in form and substance reasonably acceptable to each of the parties thereto, the Plan Sponsor, and the TCEH Supporting First Lien Creditors, as applicable, addressing the Shared Services and any other transition services reasonably necessary to the continued operation of Reorganized EFIH, Reorganized EFH (or EFH Corp., as applicable), and Oncor, which shall be included in the Plan Supplement.

Plan Art. I, § A, sub 490.

15. The current TSA is attached as Exhibit "I" to the Plan Supplement.

16. The scope of the anticipated transition services, as described in Section 1.1 and Annex A of the TSA, is not entirely clear.

17. However, the TSA anticipates shared use of the Debtors' computer systems, including licensed software provided to the Debtors by third parties, as part of the transition services. *See, e.g.,* TSA §§ 1.1(b), 1.1(e), 1.3(a).

18. The TSA further acknowledges that third party consent may be necessary to give the parties the right to continue using licensed third party software:

> The Parties acknowledge and agree that it may be necessary to obtain from third parties certain consents, waivers, permits, licenses or sublicenses ("Consents") in order for (i) OpCo to use third-party applications, Intellectual Property, systems, networks and similar services and functions in the provision of Transition Services and/or (ii) the Company to receive Transition Services.

TSA, § 1.3(a).

19. Oracle contacted Debtors' counsel to request that language similar to what was agreed upon and included in the TCEH Plan Order be included in the current confirmation order to confirm that the TSA does not operate to authorize shared use of Oracle's agreements. As of the date of this Rights Reservation, however, Oracle has received no response.

### III. ARGUMENT

#### A. The Debtors May Not Authorize Use of Oracle Agreements Absent Oracle's Consent Because The Agreements Pertain To Licenses Of Intellectual Property.

20. Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

21. Federal law makes non-exclusive patent licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *see also In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create

only personal and not property rights in the licensed intellectual property and so are not assignable.").

22. Where applicable law prohibits the assignment of an executory contract to a non-debtor third party, then under section 365(c)(1), a debtor may not assume the contract absent consent of the non-debtor contract counterparty. *In re West Electronics, Inc.*, 852 F.2d 79, 82 (3d Cir. 1988).

23. Oracle's agreements are integrated agreements for the licensing of non-exclusive, patented software.

24. Accordingly, if the Debtors seek to authorize use of any Oracle Agreements pursuant to the TSA, the Debtors must first obtain Oracle's consent. Shared use is not authorized by Oracle's agreements, and Oracle does not consent.

    **B.    Simultaneous Use Of The Oracle Agreements By The Debtors, The Reorganized Debtors, And Any Other New Entity Is Not Authorized.**

25. The Plan contemplates that, "On the TCEH Effective Date, (a) EFH and TEX Operations Company LLC will enter into the Transitional Services Agreement, if requested to do so by the Plan Sponsor or EFH Corp." Plan, Art. IV § B.4.

26. Oracle's contracts do not permit shared simultaneous access and use of Oracle's software, or unauthorized splitting of licenses.

27. Therefore, to the extent that the Debtors, the Reorganized Debtors, and/or any other new entity created by virtue of the Plan contemplate shared use of Oracle's license or support agreements, Oracle objects.

28. Oracle reserves its right to be heard on the transitional use contemplated by the Debtors until after the Debtors clarify the scope of any transitional use purportedly authorized by the TSA.

    **IV.    CONCLUSION**

29. For the reasons set forth above, Oracle respectfully requests that the Court deny the Debtors' request to confirm the Plan to the extent the Plan authorizes shared use of any Oracle agreement. Oracle reserves its right to be heard on all issues set forth herein.

Dated: November 15, 2016
Wilmington, Delaware

**MARGOLIS EDELSTEIN**

By: /s/ James E. Huggett
     James E. Huggett, Esq. (#3956)
300 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 888-1112
Email: jhuggett@margolisedelstein.com

Amish R. Doshi, Esq.
**MAGNOZZI & KYE, LLP**
23 Green Street, Suite 302
Huntington, New York 11743
E-Mail: adoshi@magnozzikye.com
Tel: (631) 923-2858

Shawn M. Christianson, Esq.
Valerie Bantner Peo, Esq.
**BUCHALTER NEMER P.C.**
333 Market Street, 25th Floor
San Francisco, California 94105-2126
Telephone: (415) 227-0900

Deborah Miller, Esq.
Lillian Park, Esq.
**ORACLE AMERICA, INC.**
500 Oracle Parkway
Redwood City, California 94065
Telephone: (650) 506-5200

**Attorneys for Oracle America, Inc.**