Page 1

1  UNITED STATES BANKRUPTCY COURT

2  DISTRICT OF DELAWARE

3

4

5  In re:                          :

                                   :   Chapter 11

6  ENERGY FUTURE HOLDINGS          :

   CORP., et al.,                  :   Case No. 14-10979(CSS)

7                                  :

           Debtors.               :   (Jointly Administered)

8  _____ :

9

10

11

12

13                          United States Bankruptcy Court

14                          824 North Market Street

15                          Wilmington, Delaware

16

17                          November 15, 2016

18                          2:12 PM - 2:41 PM

19

20

21  B E F O R E :

22  HON CHRISTOPHER S. SONTCEHI

23  U.S. BANKRUPTCY JUDGE

24

25  ECR OPERATOR:  LESLIE MURIN

Page 2

1    Fourth Amended Joint Plan of Reorganization of Energy Future

2    Holdings Corp., et al., Pursuant to Chapter 11 of the

3    Bankruptcy Code [D.I. 9612; filed September 21, 2016]

4

5    Motion of Shirley Fenicle, David William Fahy, John H.

6    Jones, and David Heinzmann to Dismiss Chapter 11 Petitions

7    of Asbestos Debtors EECI, Inc., EEC Holdings, Inc., LSGT

8    SACROC, Inc., and LSGT Gas Co., LLC Pursuant to 11 U.S.C.

9    1112(b) [D.I. 10074; filed November 8, 2016]

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Sherri L. Breach

1   A P P E A R A N C E S :

2   KIRKLAND & ELLIS

3        Attorney for the Debtors

4

5   BY:  MARK MCKANE, ESQ.

6        CHAD HUSNICK, ESQ.

7

8   RICHARDS, LAYTON & FINGER

9        Attorneys for the Debtors

10

11   BY:  DANIEL J. DEFRANCESCHI, ESQ.

12        JASON MADRON, ESQ.

13

14   POTTER ANDERSON CARROON LLP

15        Attorney for Deutsche Bank New York

16

17   BY:  R. STEPHEN MCNEILL, ESQ.

18

19   NIXON PEABODY

20        Attorneys for AST as EFH Indenture Trustee

21

22   BY:  RICHARD PEDONE, ESQ.

23

24

25

```
 1  MORRIS JAMES
 2       Attorney for Law Debenture
 3
 4  BY:  STEPHEN MILLER, ESQ.
 5
 6  PROSKAUER ROSE
 7       Attorneys for EFH Corp.
 8
 9  BY:  PETER YOUNG, ESQ.
10
11  CROSS & SIMON, LLP
12       Attorneys for EFH Indenture Trustee
13
14  BY:  CHRISTOPHER SIMON, ESQ.
15
16  BIELLI & KLAUDER
17       Attorneys for EFH Corp.
18
19  BY:  CORY STEPHENSON, ESQ.
20
21  VENABLE, LLP
22       Attorneys for Pimco
23
24  BY:  JEFFREY S. SABIN, ESQ.
25       JAMIE EDMONSON, ESQ.
```

1    CHADBOURNE & PARKE

2        Attorneys for NextEra Energy

3

4    BY:  ERIC DAUCHER, ESQ.

5        MARC ASHLEY, ESQ.

6        ROBIN D. BALL, ESQ.

7

8    WHITE & CASE

9        Attorney for TCEH Ad Hoc Group

10

11   BY:  J. CHRISTOPHER SHORE, ESQ.

12

13   PACHULSKI STANG ZIEHL & JONES

14       Attorney for EFIH Second Lien Noteholder

15

16   BY:  LAURA DAVIS JONES, ESQ.

17

18   SULLIVAN & CROMWELL

19       Attorney for E-Side Committee

20

21   BY:  VERONICA IP, ESQ.

22

23

24

25

1   MONTGOMERY MCCRACKEN WALKER & RHOADS LLP

2        Attorney for E-Side Committee

3

4   BY:  DAVIS WRIGHT, ESQ.

5

6   KLEHR HARRISON HARVEY BRANZBURG LLP

7        Attorney for UMB Bank, Indenture Trustee

8

9   BY:  RAYMOND H. LEMISCH, ESQ.

10

11  AKIN GUMP STRAUSS HAUER & FELD

12        Attorneys for UMB Bank, Indenture Trustee

13

14  BY:  CHRISTOPHER CARTY, ESQ.

15

16  PATTERSON BELKNAP

17        Attorney for Law Debenture Trust Company

18

19  BY:  BRIAN GUINEY, ESQ.

20

21  HOGAN MCDANIEL

22        Attorneys for Fenicle, Fehy & Jones

23

24  BY:  DANIEL K. HOGAN, ESQ.

25

1   KRAMER, LEVIN, NAFTALIS & FRANKEL

2        Attorneys for Second Lien Indenture Trustee

3

4   BY:  JOSHUA BRODY, ESQ.

5        JENNIFER SHERRETT, ESQ.

6

7   LANDIS, RATH & COBB

8        Attorneys for Nextera

9

10  BY:  MATTHEW MCGUIRE, ESQ.

11

12  STEVENS & LEE, P.C.

13        Attorneys for EFIH Independent Members

14

15  BY:  JOSEPH H. HUSTON, JR., ESQ.

16

17  WILMER HALE

18        Attorneys for First Lien Trustee

19

20  BY:  ISLEY GOSTIN, ESQ.

21

22  COLE SCHOTZ

23        Attorneys for First Lien Trustee

24

25  BY:  NORMAN PERNICK, ESQ.

```
 1                    P R O C E E D I N G S
 2            THE COURT:  Good afternoon.
 3            MR. MCKANE:  Good afternoon, Your Honor.  For the
 4    record, Mark McKane of Kirkland & Ellis on behalf of the
 5    debtors.
 6            Your Honor, very -- well, very limited docket
 7    today.  We have two issues, this initial pretrial conference
 8    and then a scheduling conference as it relates to the
 9    asbestos plaintiffs' motion to dismiss.
10            Just starting with the pretrial conference, really
11    more of a report to the Court with two limited issues for
12    your consideration.  We had, consistent with the scheduling
13    order, a very productive call on November 9th where we laid
14    out our proposed approach for going forward with
15    confirmation with, frankly, very little opposition or
16    feedback.
17            You had very kindly set aside ten trial days for
18    us.  And we're very confident we will not need all of those
19    days.  We're prepared to go forward with the hearing
20    starting out with the pretrial -- the final pretrial
21    conference on Wednesday, the 30th of November.
22            THE COURT:  Right.
23            MR. MCKANE:  And then based on our projection --
24    now, granted, we do not have the -- we have not had an
25    opportunity to review the objections that were due 14
```

1   minutes ago.  So based on what we think the objections will

2   be, based on the discovery to date and the -- and our

3   interactions with creditors, we believe that all the

4   evidence would be submitted by the end of the day on Monday.

5            So if we went December 1st, December 2nd,

6   Thursday, Friday and then continued onto Monday we believe

7   that that would be sufficient to close the evidence.  And if

8   you wanted to reserve an additional trial day for additional

9   evidence just in case we totally respect the fact that we

10  are aggressive sometimes with our scheduling estimates.

11  With that we're open to having closing arguments as soon as

12  the following day.

13           So with that we're always happy to give you days

14  back of your life.

15           THE COURT:  Okay.  That sounds fine.  I know that

16  there have been some discussions about going the 5th through

17  the 9th and I have a full slate of other cases on for the

18  9th.  So that wasn't going to work so I appreciate you being

19  flexible and agreeing to start on the 1st.

20           So what I'll -- that sounds fine.  So what I'll do

21  is I'll continue to hold, though, obviously the 1st, 2nd.  I

22  think I'm going to continue to hold the 5th, 6th, 7th and

23  8th.  I don't -- just because I can -- it's harder to give

24  back once I've freed up a date.  So -- but I will release

25  the dates for the following week, most of which I've already

1  given away in anticipation of this conference.  So that

2  would be very helpful.

3          MR. MCKANE:  All right.

4          THE COURT:  And that's acceptable to the Court.

5          MR. MCKANE:  Thank you, Your Honor.  And just so

6  you know we previewed our estimate of 20 hours.

7          THE COURT:  Twenty --

8          MR. MCKANE:  -- hours.

9          THE COURT:  Right.

10          MR. MCKANE:  And we received no objection from any

11  of the creditors.  So we thought that was a second --

12          THE COURT:  Okay.

13          MR. MCKANE:  -- a good secondary indicator.

14          Like our earlier confirmation hearings, the

15  parties are in agreement of three hours for opening

16  statements divided equally, one and a half between plan

17  supporters and plan objectors.  The parties are supportive

18  of using written direct examinations or declarations as we

19  have done previously so long as we file them four calendar

20  days in advance.

21          And we have agreed to dates for exchanging

22  exhibits such that all parties will identify exhibits that

23  they would want to move into evidence on November 28th which

24  objections due by the 30th.  And our expectation that we

25  would be able to resolve nearly all of those, but if

1    necessary present them, you know, during the course of the

2    hearing as needed.

3            THE COURT:  Okay.

4            MR. MCKANE:  With regards to demonstratives, the

5    protocol we've used in the past is to have -- exchange

6    demonstratives no later than 10 p.m. the day before their

7    use and parties are amenable to that.  And as it relates to

8    closing arguments, we'll continue to have that discussion

9    with folks and Your Honor as things progress in terms of

10   timing and what your interests are.

11           We did through the -- this process identify

12   frankly a bust in the scheduling order.  It's entirely the

13   debtors fault.  I blame Mr. Husnick.

14       (Laughter)

15           MR. MCKANE:  So we worked together with the other

16   parties to identify when to identify deposition designations

17   --

18           THE COURT:  Right.

19           MR. MCKANE:  -- that objectors want to move into

20   evidence.  We had proposed the 28th with the debtors getting

21   back to them no later than the 2nd.  The parties were

22   amenable to that and consistent with the scheduling order

23   that previously had been filed we filed a -- I believe on

24   the docket at noon today Docket Entry 10140 which is an

25   agreement of the parties to a -- to essentially extend the

Page 12

1    schedules so as to allow those dates to work.

2              THE COURT:  Okay.

3              MR. MCKANE:  With that there are --

4              THE COURT:  Do I need to take any action with

5    that?

6              MR. MCKANE:  We do not.  Based on your --

7              THE COURT:  Okay.

8              MR. MCKANE:  -- original scheduling order you had

9    basically said that to the extent that we were sliding out

10   dates that no longer -- that didn't impact you or your staff

11   and simply were exchanges between the parties that we were

12   able to do that by notice of an amendment.  And that's why

13   we filed the notice.

14             THE COURT:  Okay.  Very good.

15             MR. MCKANE:  There are really two issues that we

16   wanted to flag that may be contested, one of which we

17   probably need guidance from Your Honor on today and that

18   relates to additional merits briefing beyond the objection

19   and reply dates that are currently on the schedule.  We

20   colloquially think of this as the Pedoni rule because Mr.

21   Pedoni and on behalf of the EFH indenture trustee filed

22   additional pretrial briefing the day before the hearing in

23   last -- in September.  And so our concern is we want to

24   better manage briefing and make sure that all parties are on

25   the same page with that.

1          There are -- and so just to level set, objections

2    were due today by 2 p.m.  Our reply is due I believe on the

3    28th and our proposal is that there should be leave of court

4    for any additional briefing along those lines.

5          Now I would note that the E -- that the United

6    States Trustee's Office has filed an objection that goes not

7    just to the debtors' plan, but, you know, parties, for

8    example, the EFH indenture trustee as it relates to his fees

9    may want to file a reply.  We're fine with other parties

10   filing a reply to objections when the debtors file their

11   reply to the objections.  So if Mr. Pedoni has it -- you

12   know, wants the ability to do that we don't oppose that.

13         What we oppose is unmanaged briefing that comes in

14   at least -- you know, right before the trial date or

15   surreplies in some manner.  If we raise something in reply

16   and the parties need -- you know, want to file a surreply

17   they should contact the debtors and if we can't work it out

18   seek leave of court.  That's what we ask.

19         My understanding is at least the second liens

20   object to this issue and, frankly, not to put words in their

21   mouths, but their concern is that somehow the plan has

22   operated as an objection to the claim in a manner that we

23   haven't already objected to their claim.  All right.  We

24   already objected to the make-hole and additional interest

25   issues.

1            And we'll read their objection.  We'll file a

2    reply.  We fully expected that we'll be likely to work this

3    out with them so this notion of a surreply is inchoate at

4    this point.

5            But if not, then all they would have to do is --

6    if we objected to their filing a surreply, and we're not

7    saying that we would, they would just seek leave of court.

8    And so I think ultimately we don't think this is unusual in

9    any way given that we view a plan as a form of contested

10   motion.  We file the -- you know, the plan.  They object.

11   We file a reply.

12            THE COURT:  Okay.

13            MR. MCKANE:  So that's the only contested issue

14   for today as it relates to the pretrial conference.

15            There is an ongoing effort to work with Contrarian

16   Capital regarding their witness list.  They have two

17   witnesses identified that no other party has identified as a

18   potential witness.  We'll continue to work with them to see

19   if there is a way around what we view as cumulative evidence

20   or is there a way to do -- to basically minimize what we

21   would see as an unnecessary burden on -- to call additional

22   witnesses.  And -- but that might be an issue for another

23   day.  That's not ripe.

24            THE COURT:  Okay.

25            MR. MCKANE:  So with that, Your Honor, we're --

1    we'll yield the podium to any of the objectors.

2              THE COURT:  Okay.  Thank you.

3              Mr. Brody.

4              MR. BRODY:  Thank you, Your Honor.  For the record

5    Josh Brody from Kramer Levin on behalf of the EFIH second

6    lien indenture trustee.

7              I mean, I'm hoping Mr. McKane and I aren't talking

8    past each other.  Certainly, I think I know the way to Your

9    Honor's heart is not through more briefing right before

10   confirmation starts.  I'm not seeking that.  My issue is

11   this one really limited issue.

12             If I know -- and I thought I heard him say this

13   and maybe I misunderstood.  If the debtors are not going to

14   in their reply for the first time raise claims objections as

15   to the amount or liability of certain portions of my claim,

16   then I don't think I have an issue.  I'm prepared to live

17   with, you know, the current draft of the pretrial order and

18   then we would have to seek Your Honor's approval to file

19   anything further.

20             But it's really just that issue that if they're

21   going to try to turn confirmation into a claims allowance

22   proceeding and I'm not going to know anything about their

23   views on claims until they file their confirmation reply

24   three days before confirmation starts and now on top of that

25   they want to add an additional hurdle for me, not only do I

1    have almost no time to respond, I have to get a --

2    additionally then get leave of Your Honor to do it, that to

3    me is just -- it's too much.

4              I mean, I think it's -- again, it's a plan

5    objection as to whether they can -- whether or not they can

6    use the plan for that, then it's going to be part of our

7    objection.  But now it sort of shows up in the context of

8    the pretrial order because it also adds additional hurdles

9    for our ability to be heard.

10              THE COURT:  Okay.  Well, I think first of all with

11    this concept of without further briefing and without leave

12    of the Court -- I'm sorry.  Does anybody else want to be

13    heard before I start yapping?

14              MS. GOSTIN:  Isley Gostin of Wilmer Hale for the

15    EFIH first lien trustee.  The plan provision that Mr. Brody

16    referenced in his letter yesterday also purports to apply to

17    the first lien trustee, so we join his objection.

18              THE COURT:  Okay.

19              MS. GOSTIN:  Thanks.

20              THE COURT:  Thank you.

21              Anyone else?

22              All right.  I am going to stick with the debtors'

23    proposal that there be no additional briefing without leave

24    of the Court.  However, I view that that leave need not be

25    in writing.  That will just slow everything down.

1          So you're going to get their reply on November

2     28th and if there are issues that are raised by that reply

3     contact chambers and we'll have a call the morning of the

4     29th and we'll figure out whether or not, or the afternoon

5     or whatever, you know, whatever's appropriate on the 29th to

6     figure out whether to provide surreplies or additional

7     briefing before we start on the 1st or even after we start

8     on the 1st if that's more appropriate.

9          So I think it makes some sense to control the --

10    what comes into the court.  But, of course, if the debtors

11    take the step of objecting to the claim of the first liens

12    or the second liens you will absolutely, positively have an

13    opportunity to respond.  That will not be an issue.

14          So leave will be freely granted in that instance

15    at least.  But I think it makes sense to require that leave

16    and, again, you don't need to file any formal motion.  We

17    can simply get on the telephone and we'll deal with it in

18    that manner.

19          MR. BRODY:  Very good, Your Honor.

20          THE COURT:  Okay.  So what's the -- before we turn

21    to Mr. Hogan, so what's the plan to implement this process?

22          MR. MCKANE:  Your Honor, we have done a final

23    pretrial conference.

24          THE COURT:  Right.

25          MR. MCKANE:  Right.  And the only relief that we

1    needed between today and that final pretrial conference was

2    something that we were able to address through the notice

3    and amendment to the scheduling order.

4              THE COURT:  Okay.

5              MR. MCKANE:  So we actually do not need additional

6    relief from the Court today.

7              THE COURT:  Okay.  All right.

8              MR. MCKANE:  Between now and the pretrial

9    conference obviously we have our reply on the 28th and if

10   there's a surreply issue we'll address that, I guess, on the

11   29th and then we'll be back in front of you on the 30th, and

12   in advance of that I believe we will be filing a draft

13   scheduling order -- a draft pretrial order and, frankly, it

14   -- we hope to get to the point where it's unopposed.

15             THE COURT:  Okay.  Very good.  Thank you.

16   Everything sounds good.

17             MR. MCKANE:  Thank you, Your Honor.

18             THE COURT:  So let's deal with the issue about the

19   motion to dismiss.

20             MR. MCKANE:  Yeah.  Your Honor, quite simply the

21   motion to dismiss from the asbestos -- dismiss the asbestos

22   debtors was pretty baffling to us coming in 31 months after

23   the debtors filed.  And we view it, given that at its core

24   it challenges the good faith decision making of the asbestos

25   debtors to file and then to move forward with the plan as

1    simply really almost a mirror image of the good faith

2    finding that we would be seeking as part of confirmation.

3              THE COURT:  Not exactly the same, but, I mean,

4    there is a difference between good faith filing, I suppose,

5    and good faith proposal of a plan.

6              MR. MCKANE:  Right.

7              THE COURT:  Perhaps different facts if nothing

8    else.

9              MR. MCKANE:  It would be temporally a little

10   different.  What we would say is given when they filed it,

11   given how we view it, and given how close we are to

12   confirmation the easiest way through all this would be to

13   frankly have that motion be heard in parallel with

14   confirmation to the extent that we wouldn't have put on

15   evidence previously about our decision to -- the decision

16   making to file the asbestos debtors.  We can easily expand

17   that.  And then basically have it heard in conjunction with

18   confirmation.

19              And then basically the order could -- you know,

20   would be one that could be addressing both issues.  We would

21   just frankly expand the good faith finding that would be in

22   the proposed confirmation order.

23              What we have a concern about I think, frankly, is

24   this notion of having two separate orders with two separate

25   briefing schedules and two separate evidentiary hearings.

1    Putting it all together makes the most sense to us.

2              THE COURT:  So the motion was filed November 8th.

3              MR. MCKANE:  It was.

4              THE COURT:  All right.  So under the rules I have

5    to commence the hearing by the 8th --

6              MR. MCKANE:  That's correct.

7              THE COURT:  -- of December.  And under your

8    current schedule actually the hearing should be over by

9    then.  And then I have to issue a decision within 15 days --

10             MR. MCKANE:  Correct.  And under the -- under our

11   --

12             THE COURT:  PSA.

13             MR. MCKANE:  -- PSA we need at least an oral

14   indication by December 15th and obviously no one's trying to

15   jam Your Honor.  But when we looked at when they filed it,

16   we're kind of aware of the -- those scheduling dates and the

17   code it all seemed to work for us to have a joint hearing.

18             THE COURT:  Okay.  Mr. Hogan.  You always sit in

19   the back.

20             MR. HOGAN:  It's a great speaker back there.

21        (Laughter)

22             MR. HOGAN:  I can hear everything.  Thank you,

23   Your Honor.  Daniel Hogan, Hogan McDaniel, on behalf of the

24   asbestos objectors of -- as they've been characterized.

25             Your Honor, we did -- we filed this on November

1   8th.  And pursuant to 1112(b)(3) as you've stated it has to

2   be heard within 30 days.

3            Let me just speak to a couple of points.  As I

4   understand it today is just about scheduling.  So we're not

5   here to argue the merits of our motion --

6            THE COURT:  Absolutely.

7            MR. HOGAN:  -- in any capacity.  But, you know, I

8   did hear what the debtors say.  I mean, their whole purpose

9   of having these hearings is, of course, for the Court to

10   hear, but also for the parties to hear and understand each

11   other's positions.

12            When we filed it is entirely irrelevant.  We did

13   discovery.  We were held up on discovery.  We finally got

14   our discovery and we were able to determine what we needed

15   in order to make a showing for this dismissal motion.  So

16   we've done that.  It's not a surprise and shouldn't have

17   ever been a surprise given the line of questioning that we

18   articulated during the discovery.

19            So really, Your Honor, we're left with a

20   jurisdictional issue as we see it.  Before the Court can get

21   to a finding of good faith as it relates to confirmation the

22   Court has to make a good faith determination about whether

23   the filing was permissible.  And it's our position that you

24   can't get to confirmation until you deal with the good faith

25   for filing of the petition.

1          And, accordingly, there would have to be factual

2     articulations of what exactly gives rise to that good faith.

3     As you know, again, without getting into the balance of my

4     argument, the debtor has that burden.  We don't.  We've made

5     a showing.  And our evidence is largely predicated on all

6     the witnesses that are going to be here for confirmation.

7     Everything that we need to support our case is attached to

8     our memorandum as exhibits.

9          And if we need to cross-examine witnesses or what

10    have you we can do that.  But as we see it jurisdictionally

11    the Court's required to deal with the good faith and filing

12    the petition before the Court can get to a determination of

13    good faith and confirmation.

14          And so accordingly it's our position that the

15    Court is -- it's -- you're nearly mandated to deal with this

16    motion before you can get to confirmation.  And that's our

17    position and that's why we scheduled it when we -- when we

18    filed it and we think -- and based on the original schedule

19    we thought that it would be better to have it heard during

20    the pretrial.  All the witnesses will be here.  And then

21    assuming that the Court rules against us we can proceed

22    right to confirmation.  And assuming that we're successful,

23    the remaining debtors can succeed and proceed to

24    confirmation.

25          THE COURT:  Okay.

1       (Pause)

2               THE COURT:  Yes.

3               MR. MCKANE:  Your Honor, I heard Mr. Hogan's

4       argument that it's simply raising a jurisdictional issue

5       means that you must rule on that issue before confirmation.

6       I didn't -- I'm not aware of any authority that supports

7       that, either in the code or in the case law.  I think

8       ultimately you would have to rule on both, right, but the

9       fact that -- I don't think you -- there's any reason why you

10      couldn't hear the evidence presented and have the findings

11      made, you know, in connection with both.  It's not unusual,

12      quite frankly, I think to address jurisdictional arguments

13      or procedural arguments at the same time you hear the

14      merits.

15              And Mr. Hogan's assumption that all of our

16      witnesses would be available on the 30th is actually not

17      correct.  I mean, given that we are overlapping with a

18      Monday Tuesday -- with a Thursday, Friday and then a Monday,

19      you know, we've already reached out to witnesses to try to

20      sequence folks as best we can.

21              To be fair, we will put on our -- we know our

22      affirmative obligations.  We'll put on our evidentiary

23      showing.  You know, and are we not surprised that they filed

24      this motion, frankly, we are because -- not because -- one

25      because of the timing and, two, because of the evidence that

1    they've heard in the depositions.  And this is -- you know,

2    we're happy to put on -- we're happy to argue this out, but

3    we think for efficiency and -- there's no reason not to do

4    this at the same time.

5                THE COURT:  Okay.

6                MR. MCKANE:  Thank you.

7                THE COURT:  Thank you.

8                Mr. Hogan, anything further?

9                MR. HOGAN:  Just before -- with regard to the

10   Court's jurisdiction, and particularly the subject matter

11   jurisdiction, Your Honor, as I understand it to the extent

12   that they're allowed to proceed to confirmation and only to

13   have our motion heard after the fact at confirmation the

14   Court will have already made a determination and conclusion

15   that the plan could be either confirmed or not confirmed as

16   it relates to these four asbestos debtors.

17                And accordingly that would involve the Court

18   making a determination that it has subject matter

19   jurisdiction over those four asbestos debtors.  And it's our

20   position, based on our motion to dismiss, that there is no

21   good faith purpose for the filing of these Chapter 11's of

22   these four asbestos debtors and, accordingly, they're

23   putting the cart before the horse.

24                Thank you, Your Honor.

25                THE COURT:  You're welcome.

1            Well, a couple of things.  One, I have

2    jurisdiction until I don't and the cases are clearly cases

3    under Title XI as they exist today.  And whether or not I

4    dismiss them and what jurisdictional effect that would have,

5    of course, is a different matter.  So I don't think it's

6    inappropriate even though there's been a motion to dismiss

7    the cases to continue to manage the cases until they are, in

8    fact, dismissed.

9            And having said that, I think the rules are

10   designed by requiring a hearing to be done within 30 days

11   and a decision within 15 to not have an extensive period of

12   time to have these issues out there and open and muddle the

13   waters.  But it doesn't contemplate instantaneous decision

14   making by the Court.  And any Chapter 11 is going to

15   continue to operate in the ordinary course of business.

16   Decisions are going to be made, administrative expenses are

17   going to incur -- be incurred, other motions may be granted

18   or denied, all between the filing and the disposition of the

19   motion.

20           So I don't think there's anything special about

21   confirmation that's any different from any other action that

22   might occur in the context of managing a Chapter 11 until

23   the decision about whether it should be dismissed or not is

24   made pursuant to the time frame set forth in the rules.

25           I think that the issue of good faith filing and

1    good faith under the confirmation standards are not

2    necessarily identical.  They are very -- at the very least

3    there are temporal differences, but they are very much

4    interrelated in that the evidentiary record that will be

5    presented with regard to the filing and with regard to a

6    good faith -- or whether there's good faith to prosecute the

7    plan are going to -- is going to be duplicative.

8              So to have two separate hearings would be

9    inefficient and time consuming and not -- cost a lot of

10   money and not make any sense because I think the record will

11   very much overlap, although there are two different legal

12   issues.  But, again, they are very related and the facts and

13   evidence are very much related between the two motions.

14             You know, I think it is true that when the Court

15   sits down and makes a decision at the end of the evidence

16   and argument I'm going to be in a position where I have to

17   rule first on the motion to dismiss and then second, whether

18   I grant it or not grant it since it's not a motion to

19   dismiss all the debtors, just the four so-called asbestos

20   debtors, I'll then have to make a decision on confirmation.

21             That will be the sequencing of the Court's

22   decision, but it doesn't need to be the sequencing of the

23   presentation of evidence.

24             And, certainly, nothing in -- should be implied,

25   nor will it have any adverse effect in connection with the

1    motion to dismiss that I'm hearing all the other evidence

2    that goes along with confirmation.  I view the issues -- I

3    think I -- maybe I overestimate myself, but I think I can

4    bifurcate the issues in my brain and give a fair and full

5    opportunity to -- for the presentation of the motion to

6    dismiss even though I'm hearing other evidence in connection

7    with confirmation.

8              So we will wrap in the motion to dismiss,

9    evidentiary record and arguments in the context of

10   confirmation.  So I assume you're going to file -- we should

11   talk about when you should file your objection because I

12   think I want to give -- it's going to be -- it's going to

13   need to be before the 28th because I want to give Mr. Hogan

14   an opportunity to file a reply if he wishes.  And then we

15   should also talk about -- we should also talk about whether

16   we need to tweak the 20 hours or any of that issue to make

17   sure Mr. Hogan has a fair opportunity to present his case.

18             So I don't know if you've had that second

19   discussion or not.

20             MR. MCKANE:  I don't think we've had the second

21   discussion.  I think when we had our initial meet and confer

22   we -- you know, we hadn't baked that in.

23             I will tell you from our evidentiary presentation

24   I do not view this as a material expansion, but it further

25   justifies what, you know, I --

1          THE COURT:  Well, the thing I worry -- not so much

2     the evidence.  I worry more about --

3          MR. MCKANE:  The argument.

4          THE COURT:  -- the argument time and the fact that

5     you've got to currently split 50/50 between proponents and

6     objectors and I don't want to squeeze Mr. Hogan on that.

7          MR. MCKANE:  Yeah.

8          THE COURT:  So maybe we can make sure there's some

9     specific time set aside that he's comfortable with to make

10    his opening argument regardless of whatever the three hour

11    time limit is.

12         MR. MCKANE:  Yeah.  We'll have --

13         THE COURT:  I just want to make sure Mr. Hogan and

14    his colleagues have a full and fair opportunity to present

15    their case and I don't want to squeeze them inappropriately

16    through the confirmation issues.

17         MR. MCKANE:  Understood, Your Honor.  In our

18    continued meet and confer in advance of the pretrial we'll

19    see if we can resolve those issues.  But given the amount of

20    time you've set aside for the hearing in total, this will

21    work.

22         THE COURT:  Okay.

23         MR. HOGAN:  Thank you, Your Honor.

24         If we could, if we could pin down some dates now

25    in terms of --

1            THE COURT:  Yeah.  Let's do that.  So I think it

2    would be-- if you want to file a reply I think assuming they

3    get you --

4            MR. MCKANE:  We do.

5            THE COURT:  -- an objection in decent time, the

6    28th would probably be a good day for you to reply as well,

7    though that might squeeze you at Thanksgiving a little, so.

8            MR. MCKANE:  A little.  So, Your Honor, when Mr.

9    Hogan originally noticed the motion he had proposed an

10   objection deadline of, I believe, the 22nd, Tuesday, the

11   22nd.  We -- if it's acceptable with Your Honor if we could

12   have until the 23rd.  We recognize that is the Wednesday of

13   Thanksgiving and we could coordinate with your staff to make

14   certain you can get -- we handle it appropriately and

15   obviously wherever Mr. Hogan is going to be.  That would be

16   -- the debtors would appreciate that.

17           MR. HOGAN:  Your Honor, I would like to go back

18   and get my calendar if I could.

19           THE COURT:  Yes.  Yes.  of course.

20       (Pause)

21           THE COURT:  Could we do -- here's -- maybe we

22   could do the objection by noon on the 23rd and a reply by

23   noon on the 29th.

24           MR. MCKANE:  We'll make that happen for the

25   debtors.

```
 1              MR. HOGAN:  I think that would work for us, Your
 2     Honor.
 3              THE COURT:  All right.  Let's do that.
 4              MR. HOGAN:  So, again, the 23rd at noon for their
 5     response --
 6              THE COURT:  Right.
 7              MR. HOGAN:  -- and our reply on the 29th.
 8              THE COURT:  At 12, yeah.
 9              MR. HOGAN:  At 12 noon.  And then as to the
10     scheduling of time for the hearing, Your Honor, we will
11     obviously meet and confer with debtors' counsel and attempt
12     to reach some agreement as to how we're going to bifurcate
13     that issue and give us the appropriate time to deal with our
14     issue.
15              THE COURT:  Okay.  And if you can't work it out
16     you can -- we'll talk about it on the 30th --
17              MR. HOGAN:  Okay.
18              THE COURT:  -- at the final pretrial.
19              MR. HOGAN:  Thank you, Your Honor.
20              MR. MCKANE:  Very good, Your Honor.
21              THE COURT:  You're welcome.  Anything else?
22              MR. MCKANE:  That's it for today, Your Honor.
23              THE COURT:  I don't know.  The hearings get
24     shorter.  The crowds get smaller.  It's just not the same
25     old case anymore.
```

1          (Laughter)

2               MR. MCKANE:  We know.  We know, Your Honor.

3     Sorry.

4               THE COURT:  All right.  Thank you very much.

5     We're adjourned.

6               MR. MCKANE:  Thank you, Your Honor.

7          (Whereupon these proceedings were concluded at 2:41 PM)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                        I N D E X

2

3                      R U L I N G S

4                                                        PAGE

5    Fourth Amended Joint Plan of Reorganization of

6    Energy Future Holdings Corp., et al., Pursuant to

7    Chapter 11 of the Bankruptcy Code [D.I. 9612; filed

8    September 21, 2016]                                  --

9

10   Motion of Shirley Fenicle, David William Fahy,

11   John H. Jones, and David Heinzmann to Dismiss

12   Chapter 11 Petitions of Asbestos Debtors EECI, Inc.,

13   EEC Holdings, Inc., LSGT SACROC, Inc., and LSGT Gas

14   Co., LLC Pursuant to 11 U.S.C. 1112(b) [D.I. 10074;

15   filed November 8, 2016]                              --

16

17

18

19

20

21

22

23

24

25

1            C E R T I F I C A T I O N

2

3        I, Sherri L. Breach, certify that the foregoing

4    transcript is a true and accurate record of the proceedings.

5    Sherri          Digitally signed by Sherri Breach
                     DN: cn=Sherri Breach,
6    Breach          o=Veritext, ou,
                     email=digital@veritext.com,
7    _____
                     c=US
                     Date: 2016.11.16 15:58:32 -05'00'

8    Sherri L. Breach

9    AAERT Certified Electronic Reporter & Transcriber CERT*D-397

10

11

12    Date:  November 16, 2016

13

14

15

16

17

18

19

20

21

22    Veritext Legal Solutions

23    330 Old Country Road

24    Suite 300

25    Mineola, NY 11501