## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS | ) | Case No. 14-10979 (CSS) |
| CORP., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| DELAWARE TRUST COMPANY, as | ) | |
| TCEH First Lien Indenture Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No: 15-51239(CSS) |
| | ) | |
| WILMINGTON TRUST, N.A., as First Lien | ) | |
| Collateral Agent and First Lien Administrative | ) | |
| Agent, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MORGAN STANLEY CAPITAL GROUP INC., | ) | |
| J. ARON & COMPANY, and TITAN | ) | |
| INVESTMENT HOLDINGS LP, | ) | |
| | ) | |
| Intervenors. | ) | |

## MEMORANDUM ORDER

Before the Court is the *Motion of Delaware Trust Company, as TCEH First Lien*

*Indenture Trustee, to Partially Vacate Judgment Pursuant to Fed. R. Bankr. P. 9024 and Fed. R.*

*Civ. P. 60(b).* (Adv. D.I. 122) (the "Motion"), and the response and reply thereto (Adv. D.I.

127 and 128).  The Motion relates to the Court's Opinion dated March 11, 2016[1] (Adv. D.I. 89) (the "Bankruptcy Court Opinion"), Amended Order (Adv. D.I. 94), and Judgment (Adv. D.I. 91) in which the Court held that plan distributions and adequate protection payments distributed per the cash collateral order would be allocated between the first lien creditors on a *pro rata* basis based on amounts owed as of the petition date.[2]  The Bankruptcy Court Opinion relies, in part, on the provisions in the above-captioned Debtors' plan of reorganization (D.I. 6123) (as later amended, the "First Plan").  Delaware Trust Company, the TCEH First Lien Indenture Trustee, filed a Notice of Appeal (Adv. D.I. 97).  The appeal has been proceeding in the United States District Court for the District of Delaware (the "District Court") (D. Del. Case No. 16-189 (RGA)).  To date, the District Court has not yet ruled on the merits of the appeal.

At the time of the Bankruptcy Court Opinion the First Plan was confirmed but had not yet gone effective.  Shortly after the Court issued its Bankruptcy Court Opinion, certain conditions precedent to consummation of the First Plan were not expected to be satisfied, and thus, the First Plan became null and void.  Thereafter, the Debtors filed a new plan (D.I. 8355) (as amended, the "New Plan"), which was later confirmed and consummated (*see* D.I. 9421 and 9742).  Although the First Plan and the New Plan contain similar provisions, the two plans are wholly separate and distinct. Thus, the Bankruptcy

---

[1] *Delaware Trust Co. v. Wilmington Trust, N.A. (In re Energy Future Holdings Corp.)*, 546 B.R. 566 (Bankr. D. Del. 2016).

[2] *Id.* at 585.

Court Opinion is premised on a voided plan and yet an appeal to the Bankruptcy Court Opinion and related order remains pending.

As a general matter, '[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the [appellate court] and divests the [trial] court of its control over those aspects of the case involved in the appeal."[3] "The purpose of this judge-made rule is to 'prevent[ ] confusion and inefficiency' that would result if two courts were considering the same issues simultaneously."[4] It applies to appeals filed in bankruptcy cases.[5] "[A] lower court may take no action which interferes with the appeal process or with the jurisdiction of the appellate court."[6] Thus, this Court "cannot vacate or modify an order which is on appeal."[7]

Although much of the Motion is premised on Federal Rule of Civil Procedure 60(b), the Court finds that Federal Rule of Bankruptcy Procedure 8008 ("Rule 8008") is applicable. That rule "conforms bankruptcy practice with that of [Rule 62.1 of] the

---

[3] *SB Liquidation Trust v. Preferred Bank (In re Syntax-Brillian Corp.)*, No. 08-11407 BLS, 2013 WL 153831, at *5 (Bankr. D. Del. Jan. 15, 2013) (*quoting Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982)).

[4] *Syntax-Brillian Corp.*, No. 08-11407 BLS, 2013 WL 153831 at *5 (*quoting Venen v. Sweet*, 758 F.2d 117, 120-21 (3d Cir. 1985)).

[5] *See In re Millennium Global Emerging Credit Master Fund Ltd.*, 471 B.R. 342, 348 (Bankr. S.D.N.Y. 2012) ("[t]he filing of an appeal divests a bankruptcy court of jurisdiction over all aspects of the case that are the subject of the appeal.")

[6] *Dicola v. American Steamship Owners Mut. Prot. and Indem. Assoc., Inc. (In re Prudential Lines, Inc.)*, 170 B.R. 222, 243 (S.D.N.Y.1994) (citations omitted).

[7] *Hagel v. Drummond (In re Hagel)*, 184 B.R. 793, 798 (B.A.P. 9th Cir. 1995) (*citing Bialac v. Harsh Investment Corp. (In re Bialac)*, 694 F.2d 625, 627 (9th Cir. 1982) ("Even though a bankruptcy court has wide latitude to reconsider and vacate its own prior decisions, not even a bankruptcy court may vacate or modify an order while on appeal." (citations omitted)); *see also In re Washington Mut., Inc.*, 461 B.R. 200, 217 (Bankr. D. Del. 2011), *vacated in part*, No. 08-12229 MFW, 2012 WL 1563880 (Bankr. D. Del. Feb. 24, 2012).

Federal Rules of Civil Procedure and [Rule 12.1 of] the Federal Rules of Appellate Procedure. . . ."[8] As relevant, Rule 8008 states:

> If a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the bankruptcy court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state that the court would grant the motion if the court where the appeal is pending remands for that purpose, or state that the motion raises a substantial issue.[9]

The rule "provides a procedure for the issuance of an indicative ruling when a bankruptcy court determines that, because of a pending appeal, the court lacks jurisdiction to grant a request for relief that the court concludes is meritorious or raises a substantial issue."[10]  Rule 8008 applies "when a post judgment motion—such as a motion for relief from judgment under Civil Rule 60(b) made more than 14 day after entry of the judgment which does not suspend the time for filing a notice of appeal is made in the bankruptcy court at a time when a pending appeal has deprived the bankruptcy court of jurisdiction to decide the motion."[11]   In the event the bankruptcy court makes an

---

[8] 10 Collier on Bankruptcy, ¶ 8008.01 (Alan N. Resnick & Henry J. Somme reds., 16th ed.) (hereinafter "Collier").

[9] Fed. R. Bankr. P.8008(a). "If the bankruptcy court states that it would grant the motion or that the motion raises a substantial issue, the district court . . . ay remand for further proceedings, but it retains jurisdiction unless it expressly dismisses the appeal."  Fed. R. Bankr. P. 8008(c).

[10]  Fed. R. Bankr. P. 8008 Advisory Committee Note to 2014 Amendment.

[11] Collier, ¶ 8008.01.

indicative ruling, the district court may remand for further rulings, but it retains jurisdiction unless it expressly dismisses the appeal.[12]

In the case *sub judice*, as the Bankruptcy Court Opinion was premised on the provisions of the First Plan, which is now null and void, and as the terms of the New Plan are different, the Court finds that the intercreditor dispute would need to be examined under the provisions of the New Plan. Thus, the Court, pursuant to Rule 8008(a)(3), finds that the Motion raises substantial issues and suggests that the District Court remand the case to the Bankruptcy Court for further proceedings while retaining jurisdiction (unless the District Court expressly dismisses the appeal).

Dated: November 17, 2016

_____
Christopher S. Sontchi
United States Bankruptcy Judge

---

[12] Fed. R. Bankr. P. 8008(c).