## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: D.I. 10079** |

### OMNIBUS OBJECTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, TO VARIOUS MOTIONS FILED BY KENNETH R. STEWART (A/K/A KENNETH S. STEWART)

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this objection (this "Objection") to (a) the *Motion to Serve Debtor et al* [sic] *Electronic Emails for Official Delivery of Documents* (the "Service Motion"), (b) the *Objections to December 2015 Non-Final Ruling* (the "Untimely Confirmation Appeal"), and (c) the *Amended Motion to Debtor Fraud, Motion to Stay, and Motion to Intervene* (the "Intervenor Motion" and, together with the Service Motion and the Untimely Confirmation Appeal, the "Motions"), in each case filed by Kenneth R. Stewart, a/k/a Kenneth S. Stewart (the "Movant") and in each case purporting to seek relief related to Claims that have been overruled on multiple occasions by the Bankruptcy Court and the United States District Court for the District of Delaware (the "District Court").

In support of the Objection, the Debtors respectfully state as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com. Texas Competitive Electric Holdings Company, LLC, and certain of its debtor subsidiaries, as well as certain subsidiaries of Energy Future Holdings Corp. emerged from chapter 11 on October 3, 2016. Energy Future Holdings Corp., Energy Future Intermediate Holdings Company, LLC and certain of each of their subsidiaries continue to operate their businesses as debtors as of the date hereof.

## Preliminary Statement

The Debtors believe that the Motions are collectively intended to serve as briefs in support of (a) the Movant's procedurally improper and substantively meritless appeal of the Bankruptcy Court Order disallowing certain Claims asserted by the Movant (on behalf of himself and purportedly on behalf of Ms. Kuk Ja Stewart) and the District Court Order affirming the Bankruptcy Court Order and (b) the Movant's untimely appeal of the 2015 Confirmation Order (which order was rendered null and void in May of 2016). To say that the Debtors have evaluated and investigated the Claims extensively would be a gross understatement—the Debtors have not only exhausted all available options for investigating and evaluating the Claims, but have also successfully obtained orders from multiple courts affirming that the Claims simply do not have any merit.

Since the entry of the Bankruptcy Court Order (nearly a year ago), no new facts have come to light that would support challenging the Bankruptcy Court Order (or the District Court Order affirming the Bankruptcy Court Order). Nevertheless, the Movant has continued to file pleadings that contain baseless and slanderous statements against, among others, the Debtors and that append additional materials that are facially irrelevant to the Claims.

In short, nothing in the Motions is likely to lead to the discovery of new information. Despite the length of the Motions, they ultimately add nothing to support the Claims that, over the course of nearly three years, have proven time and time again to be meritless.

## Background

1.     At the heart of the Movant's Motions are three proofs of claim: (a) POC No. 5739 (for an unliquidated amount), (b) POC No. 10003 (for $1.8 billion), (c) POC No. 10982 (for an unliquidated amount), and (d) any other claims asserted by Movant, whether or not properly filed

as Proofs of Claim (collectively, the "Claims").[2]  All three Claims were filed by Ms. Kuk Ja Stewart.  All of the Claims relate to the same set of alleged facts: certain mineral rights related to parcels of land Ms. Stewart and the Movant assert were owned or controlled by the Debtors, and certain pipelines and transmission lines that Movant and Ms. Stewart are owned by the Stewart family.

2.    Ms. Stewart's son, the Movant, and his lawyer (who was never admitted to appear in front of the Bankruptcy Court) appeared in front of the Court at a hearing held on December 16, 2015 regarding the Claims.  After a several hour trial, in which the Movant and his lawyer had an opportunity to cross-examine the Debtors' witness, the Bankruptcy Court entered an order, expunging the Claims [D.I. 7381 and 7382] (collectively, the "Bankruptcy Court Order").  The Movant appealed to the United States District Court for the District of Delaware (the "District Court") on December 29, 2015 (the "Appeal").

3.    The District Court issued an order, affirming the Bankruptcy Court Order [Case No. 1:15-cv-01213-RGA [D.I. 29]] (the "District Court Order").  In support of the District Court Order, the District Court issued a memorandum opinion at Case No. 1:15-cv-01213-RGA [D.I. 31] (the "Memorandum Opinion"), finding that (a) the Movant does not have standing to prosecute the Claims filed by Ms. Stewart, (b) "the evidence of record clearly indicates that there is no evidence of a relationship between the Debtors and the [C]laims and supports the Bankruptcy Court's findings" and (c) the Movant's "numerous submissions on appeal contain conclusory and unsupported allegations, without reference to the law."  Memorandum Opinion, pg. 9-10.

---

[2] There continues to be lack of clarity as to whether the Movant believes he has any claims separate and apart from the filed claims, all of which were filed by Ms. Kuk Ja Stewart.  If the Movant believes he has any separate claims, such claims were never properly asserted and have also been expunged (together with the filed claims) by the Bankruptcy Court Order and the District Court Order.

4.    The Movant subsequently filed the following pleadings with the District Court

(a) a *Motion of Reconsideration* [D.I. 33-1], (b) the *Objection to December 2015 Nonfinal Ruling*

[D.I. 35], (c) the *Motion to Debtor Fraud, Motion to Stay, and Motion to Intervene* [D.I. 39], and

(d) the *Letter to the Court from Kenneth Stewart* [D.I. 40], making various allegations against the

Dallas Postmaster.  Each of these, to the extent they were pleadings seeking relief, were denied

by the District Court on October 4, 2016 [D.I. 36] and October 21, 2016 [D.I. 39] (collectively,

the "Subsequent District Court Orders").  The Subsequent District Court Order dated October 21,

2016 stated that "future similar motions" from the Movant would be "docketed, not considered."

As a result, the Movant has reverted to filing various missives on the Bankruptcy Court docket.

Indeed, the Untimely Confirmation Appeal and the Intervenor Motion appear to be virtually

identical to pleadings filed with, and overruled by, the District Court.

5.    In addition, the Movant attaches various materials to the Motions, none of which

have any facial relevance to the Claims:

- A letter from the law firm Brown, Dean, Wiseman, Proctor, Hart & Howell LLP to Cathy Dodson regarding "settlement documents" on behalf of "UP_G_KUK" regarding a property on Hunter Ferrell Road.  None of the alleged "settlement documents" are attached.  Hunter Ferrell Road is ten miles from any Debtor operations and has no relationship to the Debtors.

- Two invoices from the City of Irving for certain unpaid taxes.  Not only is this facially irrelevant to the Claims, the party listed as having legal title to the property being taxed is listed as "Joseph Mangrum," an entity that does not have any relationship to the Debtors or, as far as the Debtors aware, the Movant.

- What appears to be Internet search results for "associates stewart doug."  It is unclear how this attachment supports any of the Movant's allegations.

- Various lease agreements from Gulfmark Energy, Inc. to Ranch Production, LLC, neither of which has any relationship to the Debtors.

- A letter of intent regarding a joint venture between Ms. Stewart and Scout Exploration, J.V., an entity that has no relationship to the Debtors.

- What appears to be a construction agreement between the Movant and the City of Irving, Dallas County, a state actor that has no relationship to the Debtors.

- A petition filed by Associates Commercial Corporation, an entity with no relationship to the Debtors, against the Movant.

- A certificate of ownership for BJ Associates, an entity with no relationship to the Debtors.

6.      In short, the relief requested in the Motions has been substantively addressed by the Bankruptcy Court pursuant to the Bankruptcy Court Order, and the materials appended to the Motions do not present any new facts that warrant reversing the Bankruptcy Court Order or providing relief to the Movant inconsistent with the relief in the Bankruptcy Court Order.

## Objection

7.      As recognized by this Court, the Debtors undertook extensive efforts to review their books and records and ensure they do not have any connection to the Claims.  Specifically, over the course of several months, the Debtors  evaluated and investigated the Claims, including (a) conducting several in-person and telephonic conferences with the Movant, Ms. Stewart, Ms. Stewart's once-retained counsel,[3] (b) undertaking a thorough search of the Debtors' records for any connection to the Claimant or Mr. Stewart, (c) reviewing thousands of pages of ultimately irrelevant materials produced by the Claimant and Mr. Stewart, and (d) responding to discovery requests served by the Movant's once-retained counsel.  The Debtors presented evidence to support their efforts to research the alleged connection and their conclusion that no such connection exists during a day-long trial in the Bankruptcy Court (which Mr. Stewart attended, with counsel).  The Bankruptcy Court heard evidence presented by both parties, listened to witness testimony, reviewed the discovery requests and responses, and entered the Bankruptcy

---

[3] Ms. Stewart retained Delaware counsel, whose withdrawal from such representation was approved by the Bankruptcy Court on February 16, 2016 [D.I. 7857].

Court Order disallowing the Claims. Additional detail regarding the Debtors' investigation of the Claims, including their efforts to engage in settlement discussions with Mr. Stewart and his counsel (before such counsel resigned) are detailed in the brief the Debtors filed with the District Court on March 7, 2016, attached hereto as **Exhibit A** (the "Debtors' Brief").

8.      In spite of these efforts, the Movant has continued his crusade to seek additional information that does not exist, does not reside with the Debtors, or is facially irrelevant to the Claims, the Bankruptcy Court Order, and any appeals of Bankruptcy Court Order. In this regard, the Motions speak for themselves.

9.      The Untimely Confirmation Appeal clearly relates to the Claims, insofar as it requests the Court to "deny the Debtor's case" because of allegedly fraudulent actions undertaken by the Debtors with respect to the Movant's "financial and real property assets." *First*, as a challenge to the Bankruptcy Court Order expunging the Claims, the Untimely Confirmation Appeal is procedurally improper (a fact Movant appears to be aware of given that he filed the Appeal with the District Court Order promptly after entry of the Bankruptcy Court Order). Given the District Court Order affirming the Bankruptcy Court Order, the Debtors would ask the Bankruptcy Court to reaffirm the Bankruptcy Court Order with respect to the Untimely Confirmation Appeal. *Second*, as a challenge to the confirmation order entered in December 2015 (the "2015 Confirmation Order"), the Untimely Confirmation Appeal is not timely. Under Bankruptcy Rule 2002(a), the Movant had fourteen days from entry of the 2015 Confirmation Order to file an appeal. The Movant did not file such an appeal was filed, and no motion to extend the time to file an appeal was filed. *Third*, repeating what has now become a common refrain from the Movant, the Untimely Confirmation Appeal also makes various allegations regarding "collusion and conspiracy" by and between the Hunt family, the Debtors,

the Debtors' prepetition equity sponsors, and various insurance companies. The Movant does not attach or present any evidence in support of such allegations. For these remains, the relief requested in the Untimely Confirmation Appeal must be denied.

10. The relief requested in the Intervenor Motion must be denied for similar reasons. Not only does it purport to seek relief against a number of entities that have no identified relationship to the Debtors (*e.g.*, Charles Mitchell with law firm Namen, Howell, Brown, Dean and Wiseman, Douglas J. Brooks law firm, and the City of Grand Praire, TX), it again alleges collusion between the Debtors and these parties to "initiate the takeover of [the Movant's] assets." The Debtors have repeatedly informed the Movant (and have produced evidence) that they simply do not own, control, or have access to any of the Movant's alleged assets. For these reasons, the relief in the Intervenor Motion must be denied.

11. Finally, the Debtors do not believe the relief requested in the Service Motion is appropriate. The Debtors are not prepared to provide any "personal emails" to the Movant for service or any other purposes. The Debtors have already extended several courtesies to the Movant, including instructions on use of Courtcall, attempting to develop a consensual resolution on the timing of hearings, and delivering courtesy copies of pleadings beyond the requirements of the Local Rules and the Bankruptcy Rules. Should the Movant decide to continue to wage a nuisance campaign against the Debtors, he should be required to comply with the Local Rules and the Bankruptcy Rules to do so.

12. In sum, the Debtors object to all of the Motions as being overly broad, vague, and meritless. None of the Motions on their face give rise to any actionable right on the part of the Movant, and they collectively appear to be yet another attempt by the Movant to attack the Debtors. By this Objection, the Debtors incorporate by reference the Debtors' Brief and the

thirteen exhibits filed in support of the Debtors' Brief, which contain the evidence supporting the

Bankruptcy Court Order. This evidence is most aptly summarized by the Bankruptcy Court's

oral ruling, disallowing the Claims:

> I'm going to rule. I'm going to grant the objection. I'm going to
> disallow all the claims. The claims are prima facie valid under the
> law. It's the burden of the Debtors to rebut that presumption.
> They've done that through the submission of evidence today that
> indicates that there is no connection between the Debtors and any
> of the allegations you have made.
>
> I find that evidence to be credible and complete. It would then
> shift to you to try to convince me otherwise, and I've looked at
> your documents, I've read what you've submitted to the Court,
> both previously, and in preparation for today.

Exhibit N, Dec. 16, 2015 Hr'g Tr. at 128:3-15. A full transcript of the trial is attached to the

Debtors' Brief as **Exhibit N**.

13.    Based on the record made to this Court (as summarized in the Debtors' Brief and

for the reasons described above), the Court must overrule the Motions.

*[Remainder of page intentionally left blank.]*

Dated: November 18, 2016
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          collins@rlf.com
                defranceschi@rlf.com
                madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          edward.sassower@kirkland.com
                stephen.hessler@kirkland.com
                brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                marc.kieselstein@kirkland.com
                chad.husnick@kirkland.com
                steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession