## Scout Exploration, J.V.

5956 Sherry Lane, Suite 1810
Dallas, Texas 75225
214.891.0920 (Office)
214.891.9855 (Fax)

June 10, 2005

Mrs. Kuk Ja Stewart
2028 Sandy Lane
Irving, Texas 75060-5639

Re:    Letter of Intent- Oil and Gas Lease
       33.33 acres / 9.47 acres, J. Mangrum Survey, A-861
       Dallas County, Texas

Dear Mrs. Stewart:

       This Letter of Intent (LOI) shall serve to set forth the basic terms and conditions under which Lessor and Lessee would desire to enter in to an oil and gas lease (the "Lease") pertaining to the land described below.

**Lessor:**        Kuk Ja Stewart

**Lessee:**        Scout Exploration, J.V.

**Property Description:** A tract or tracts of land totaling approximately **42.80+/-** acres (comprised of a 33.33 acre tract and a 9.47 acre tract) located in Dallas County, Texas, and being further described on Exhibit "A" attached hereto and being (the "Property").

| | |
|---|---|
| **Bonus Price:** | **$500.00 (Five Hundred Dollars) per net mineral acre** |
| **Royalty:** | **25%** |
| **Term:** | **5 year paid-up lease** |
| **Surface Use Fee:** | **$25,000.00 (payable for each pad built)** |

**Mutually acceptable Lease:** Lessee shall have sixty (60) days from the Lessor's Execution Date of this LOI to negotiate in good faith with Lessor to execute a mutually acceptable Lease.

**Execution of Lease and Title Examination:** Lessee shall have a minimum of sixty (60) days after Lessor's Execution Date to obtain a Mineral Title Report covering the Property. Lessee and Lessor both agree that as long as Lessee is diligently working to

obtain said title report and if overcrowding in the County Clerk's office, or other issues out of Lessee's control prevents Lessee from finishing the reports within said sixty (60) day period; it is herein agreed that Lessee shall have the option and right, but not the obligation, to pay Lessor $1,000.00 for an additional thirty (30) day period within which to complete the title examination. In such event, Lessee agrees to keep Lessor closely apprised of Lessee's progress, and Lessor shall hold the minerals under the Property for exclusive lease by Lessee during such title examination period. Upon final completion of the Mineral Title Report, and if such Mineral Title Report is acceptable to Lessee, then Lessee will submit a formal Lease for execution by Lessor, and pay to Lessor the Lease bonus money due based upon Lessor's net mineral acre interest ownership in the Property as determined by said Mineral Title Report. Payment will be by Sight Draft given to Lessor at the time of execution of the Lease or if Lessor prefers, by company check within 10 days of the completion of the final Mineral Title Report.

**Property Information:** Lessor agrees to provide Lessee access to all information pertinent to the Property in its (or its consultant's) possession, including any and all title information or documentation, site plans, engineering plans, well logs, topographic surveys, existing Surveys and/or Plats of the Property as well as evidence of any past or current mineral lease in the possession of Lessor.

**Representations and Warranties.** Lessor shall make the usual and customary representations and warranties to the Lessee regarding the Property. **Lessor agrees to keep the terms and conditions of this agreement confidential.**

The above proposal is a statement of the terms under which Lessor and Lessee are prepared to enter into a Lease covering the Property, subject to and expressly conditioned upon (1) the execution and delivery of a mutually acceptable Lease and (2) title to the Property being acceptable to Lessee, in Lessee's sole and exclusive opinion. Notwithstanding any provision herein to the contrary, Lessor hereby agrees that while this LOI is in effect they shall negotiate exclusively with Lessee regarding the leasing of Lessor's mineral interest lying under the Property, and Lessor will not negotiate with any third parties during such time period.

If the terms of this LOI are acceptable to you, please sign where indicated below and return a copy of the letter to me so that we may begin our title due diligence. I appreciate your consideration to this proposal and look forward to hearing from you. **If you have any questions please contact Scott K. Wilpitz at 214.673.8719.**

Unless otherwise agreed to in writing this offer shall expire as of 5:00 pm on Thursday June 16, 2005. A signed copy may be faxed by Lessor to at Scout Exploration, J.V., Attn: Wallace Hall, Jr., (214) 891.9855 (fax).

File No. 106531-CHP
KW #24

### EXHIBIT "A"

BEING a tract of land situated in the JOSEPH MANGUM SURVEY, ABSTRACT NO. 881, Dallas County, Texas, and being part of two tracts of land described in deed to Jasper Federal Savings and Loan Association, as recorded in Volume 86166, Page 2089, Deed Records, Dallas county, Texas, and being more particularly described as follows:

BEGINNING at a 1/2" diameter iron rod found in the South line of a tract of land described in deed from Ashlin Development Company to Ward Williford, Trustee, as recorded in Volume 88119, Page 0715, Deed Records, Dallas County, Texas, said iron rod also being at the most Northerly Northwest corner of a tract of land described in deed from Gifford-Hill & Co., Inc. to the County of Dallas as recorded in Volume 70009, Page 0319, Deed Records, Dallas County, Texas, said iron rod also being in the West line of Hunter Ferrell Road (a 57.5 foot right-of-way at this point);

THENCE SOUTH, 1638.53 feet, with the said West line of Hunter Ferrell Road and with the West line of said County of Dallas tract and along a fence line, to a 1/2" diameter iron rod found;

THENCE South 45 degrees 03 minutes 05 seconds West, 70.86 feet, with the Northwest line of said Hunter Ferrell Road and with the Northwest line of said County of Dallas tract and along a fence line, to a 1/2" diameter iron rod found, said iron rod also being in the North line of Hunter Ferrell Road (a 60' right-of-way at this point);

THENCE South 89 degrees 59 minutes 05 seconds West, 1126.74 feet, with the North line of said Hunter Ferrell Road and with the North line of said County of Dallas tract and along a fence line, to a 1/2" diameter iron rod found at the Southeast corner of a tract of land described in Deed to Jasper Federal Savings and Loan Association, as recorded in Volume 86166, Page 2089, Deed Records, dallas county, Texas;

THENCE North 00 degrees 19 minutes 25 seconds East, 1594.79 feet, with the East line of said Jasper Federal Savings and Loan Association tract, to a 1/2" diameter iron rod found in the South line of said Ward Williford, Trustee tract;

THENCE South 89 degrees 42 minutes 16 seconds East, 1167.74 feet, with the said South line of Ward Williford, Trustee tract and along a fence line, to the PLACE OF BEGINNING and containing 1,864,485 square feet (42.803 acres) of land, more or less.

JUN-15-2005 WED 09:18 AM                    FAX NO.                    P. 04

LESSEE:
Scout Exploration, J.V.

By: _____

Name: Scott K. Wilpitz
Title:  Land Representative for Scout Exploration, J.V.
Lessee's Execution Date:  _JUNE 13____, 2005

LESSOR:

By: _____

Name:  Kuk Ja Stewart
Title:  Owner
Lessor's Execution Date:  _6-15-05_, 2005

# WARRANTY DEED

STATE OF TEXAS      }

                      }        KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF DALLAS   }

Grantor, KUK JA STEWART, of Irving, Dallas County, Texas, for good and valuable consideration received, GRANTS AND CONVEYS to:

UP_G_KUK,INC., a corporation organized and existing under the laws of the State of Texas, as Grantee, whose mailing address is:

    2028 Sandy Lane
    Irving, Texas 75060

that certain tract or parcel of real property located in Dallas County, Texas, more particularly described on Exhibit "A" attached hereto, together with all tenements, hereditaments and appurtenances thereto, subject to the permitted exceptions set forth on Exhibit "B" attached hereto.

TO HAVE AND TO HOLD the property described, together with all rights and appurtenances lawfully accompanying it, by the Grantee forever. Grantor binds herself and Grantor's heirs, personal representatives, successors, and assigns to warrant and forever defend the property against every person lawfully claiming or to claim all or any part of the property; provided, however, it is expressly understood and agreed that this conveyance is made subject to all easements, exceptions, covenants, conditions, restrictions, reservations, and rights appearing of record.

EXECUTED on August 31, 2005.

                                      _Kuk Ja Stewart_
                                      KUK JA STEWART

STATE OF TEXAS        }
                      }          CERTIFICATE OF ACKNOWLEDGMENT:
COUNTY OF DALLAS      }

BEFORE ME, the undersigned notary public, on this day personally appeared KUK JA STEWART, known to me by identification through an identification card bearing her photograph and signature to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the instrument for the purposes and considerations expressed in it.

SUBSCRIBED AND SWORN TO BEFORE ME on this 31ˢᵗ day of August, 2005.



NOTARY PUBLIC, State of Texas

N. JEANNINE JENKINS
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires 5-16-2009

My Comm. Expires: _05 - 16 - 09_

W:\CHARLES\FILES\INDIVIDUAL CLIENTS\STEWART, KUJA [REAL ESTATE 22711]\WARRANTY DEED.WPD

## EXHIBIT "A"

BEING a tract of land situated in the JOSEPH MANGUM SURVEY, ABSTRACT NO. 861, Dallas County, Texas, and being part of two tracts of land described in deed to Jasper Federal Savings and Loan Association, as recorded in Volume 86166, Page 2069, Deed Records, Dallas county, Texas, and being more particularly described as follows:

BEGINNING at a 1/2" diameter iron rod found in the South line of a tract of land described in deed from Ashlin Development Company to Ward Williford, Trustee, as recorded in Volume 88119, Page 0715, Deed Records, Dallas County, Texas, said iron rod also being at the most Northerly Northwest corner of a tract of land described in deed from Gifford-Hill & Co., Inc. to the County of Dallas as recorded in Volume 70009, Page 0319, Deed Records, Dallas County, Texas, said iron rod also being in the West line of Hunter Ferrell Road (a 57.5 foot right-of-way at this point);

THENCE SOUTH, 1538.53 feet, with the said West line of Hunter Ferrell Road and with the West line of said County of Dallas tract and along a fence line, to a 1/2" diameter iron rod found;

THENCE South 45 degrees 03 minutes 05 seconds West, 70.65 feet, with the Northwest line of said Hunter Ferrell Road and with the Northwest line of said County of Dallas tract and along a fence line, to a 1/2" diameter iron rod found, said iron rod also being in the North line of Hunter Ferrell Road (a 60' right-of-way at this point);

THENCE South 89 degrees 59 minutes 05 seconds West, 1126.74 feet, with the North line of said Hunter Ferrell Road and with the North line of said County of Dallas tract and along a fence line, to a 1/2" diameter iron rod found at the Southeast corner of a tract of land described in Deed to Jasper Federal Savings and Loan Association, as recorded in Volume 86166, Page 2069, Deed Records, dallas county, Texas;

THENCE North 00 degrees 19 minutes 26 seconds East, 1594.79 feet, with the East line of said Jasper Federal Savings and Loan Association tract, to a 1/2" diameter iron rod found in the South line of said Ward Williford, Trustee tract;

THENCE South 89 degrees 42 minutes 16 seconds East, 1167.74 feet, with the said South line of Ward Williford, Trustee tract and along a fence line, to the PLACE OF BEGINNING and containing 1,864,485 square feet (42.803 acres) of land, more or less.

## EXHIBIT "B"

1.    Easement granted by GIFCO PROPERTIES, INC. to TOMMY R. BARTON, ET AL, as evidenced by the instrument dated August 5, 1980 recorded in Volume 84211, Page 350, {Pg. 23} of the Deed Records, Dallas County, Texas.

2.    The rights of tenants in possession under the terms of any unrecorded leases or rental agreements.

3.    All visible and apparent easements and all underground easements the existence of which may arise by virtue of unrecorded grant or use.

4.    Any portion of the subject property lying within the boundaries of any road or roadway, public or private.

**BROWN, L _ _ , WISEMAN, LISER, PROCTOR & _ _ T, L.L.P.**

Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
JOHN W. PROCTOR
** JOHN C. HART
LARRY W. WILSHIRE
SANDRA LISER

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JASON C. MOON
JENNIFER L. WILLINGHAM

JESSE M. BROWN (1883-1978)
WILLIAM M. BROWN (1912-1987)

September 8, 2005

*Via Fax - 214/891-9855*
Mr. Wallace Hall
Scout Exploration, J.V.
5956 Sherry Lane, Suite 1810
Dallas, Texas 75225

Dear Mr. Hall:

As we discussed, attached please find a signed copy of a Warranty Deed transferring the subject property from Kuk Ja Stewart to UP_G_KUK, Inc., a corporation owned and operated by Mrs. Stewart. In addition, I have attached a copy of Scout Exploration's letter of intent with Mrs. Stewart. The basic terms and conditions are agreeable. Obviously, the Lessor will no longer be Kuk Ja Stewart, but UP_G_KUK, Inc.

Please feel free to contact me with any questions you may have.

Sincerely,

Sterling J. Elza

SJE/jj
Enclosure

cc:    Mr. Charles B. Mitchell, Jr. - Firm

September 8, 2005
Page 2

_____

bcc:    Kuk Ja Stewart
        2028 Sandy Lane
        Irving, Texas 75060

```
                                    P. 01
              TRANSACTION REPORT
                                    SEP-08-2005 THU 03:29 PM
    FOR:

  DATE  START    RECEIVER          TX TIME   PAGES TYPE      NOTE              M#  DP

  SEP-08 03:26 PM ##66528#2148919855  2'58"    9   SEND      OK               597

                                       TOTAL :     2M 58S  PAGES:   9
```

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.

### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
JOHN W. PROCTOR
** JOHN C. HART
LARRY W. WILSHIRE
SANDRA LISER

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

506 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JASON C. MOON
JENNIFER L. WILLINGHAM

JESSE M. BROWN (1883-1978)
WILLIAM M. BROWN (1912-1937)

| | |
|---|---|
| **Name:** | Mr. Wallace Hall |
| **Organization:** | Scout Exploration, J.V. |
| **Fax:** | (214) 891-98.5 |
| **Phone:** | |
| **From:** | Sterling J. Elza, Esq. |
| **Date:** | September 8, 2005 |
| **Subject:** | Kuja Stewart |
| | 3251.22711 |

**Pages:**     10 (including fax cover sheet)

Comments:     Please see attached.

**BROWN, L.**   **, WISEMAN, LISER, PROCTOR &**   **T, L.L.P.**

Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
JOHN W. PROCTOR
** JOHN C. HART
LARRY W. WILSHIRE
SANDRA LISER

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JASON C. MOON
JENNIFER L. WILLINGHAM

JESSE M. BROWN (1883-1978)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Mr. Wallace Hall |
| **Organization:** | Scout Exploration, J.V. |
| **Fax:** | (214) 891-9855 |
| **Phone:** | |
| **From:** | Sterling J. Elza, Esq. |
| **Date:** | September 8, 2005 |
| **Subject:** | Kuja Stewart |
| | 3251.22711 |

**Pages:**   10 (including fax cover sheet)

Comments:   Please see attached.

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR
REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND
THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

# Scout Exploration, J.V.

5956 Sherry Lane, Suite 1810
Dallas, Texas 75225
214.891.0920 (Office)
214.891.9855 (Fax)

June 10, 2005

Mrs. Kuk Ja Stewart
2028 Sandy Lane
Irving, Texas  75060-5639

Re:    Letter of Intent- Oil and Gas Lease
       33.33 acres / 9.47 acres, J. Mangrum Survey, A-861
       Dallas County, Texas

Dear Mrs. Stewart:

This Letter of Intent (LOI) shall serve to set forth the basic terms and conditions under which Lessor and Lessee would desire to enter in to an oil and gas lease (the "Lease") pertaining to the land described below.

**Lessor:**          Kuk Ja Stewart

**Lessee:**          Scout Exploration, J.V.

**Property Description:** A tract or tracts of land totaling approximately **42.80+/- acres** (comprised of a 33.33 acre tract and a 9.47 acre tract) located in Dallas County, Texas, and being further described on Exhibit "A" attached hereto and being (the "Property").

| | |
|---|---|
| **Bonus Price:** | **$500.00 (Five Hundred Dollars) per net mineral acre** |
| **Royalty:** | **25%** |
| **Term:** | **5 year paid-up lease** |
| **Surface Use Fee:** | **$25,000.00 (payable for each pad built)** |

**Mutually acceptable Lease:** Lessee shall have sixty (60) days from the Lessor's Execution Date of this LOI to negotiate in good faith with Lessor to execute a mutually acceptable Lease.

**Execution of Lease and Title Examination:** Lessee shall have a minimum of sixty (60) days after Lessor's Execution Date to obtain a Mineral Title Report covering the Property. Lessee and Lessor both agree that as long as Lessee is diligently working to

obtain said title report and if overcrowding in the County Clerk's office, or other issues out of Lessee's control prevents Lessee from finishing the reports within said sixty (60) day period; it is herein agreed that Lessee shall have the option and right, but not the obligation, to pay Lessor $1,000.00 for an additional thirty (30) day period within which to complete the title examination. In such event, Lessee agrees to keep Lessor closely apprised of Lessee's progress, and Lessor shall hold the minerals under the Property for exclusive lease by Lessee during such title examination period. Upon final completion of the Mineral Title Report, and if such Mineral Title Report is acceptable to Lessee, then Lessee will submit a formal Lease for execution by Lessor, and pay to Lessor the Lease bonus money due based upon Lessor's net mineral acre interest ownership in the Property as determined by said Mineral Title Report. Payment will be by Sight Draft given to Lessor at the time of execution of the Lease or if Lessor prefers, by company check within 10 days of the completion of the final Mineral Title Report.

**Property Information:** Lessor agrees to provide Lessee access to all information pertinent to the Property in its (or its consultant's) possession, including any and all title information or documentation, site plans, engineering plans, well logs, topographic surveys, existing Surveys and/or Plats of the Property as well as evidence of any past or current mineral lease in the possession of Lessor.

**Representations and Warranties.** Lessor shall make the usual and customary representations and warranties to the Lessee regarding the Property. **Lessor agrees to keep the terms and conditions of this agreement confidential.**

The above proposal is a statement of the terms under which Lessor and Lessee are prepared to enter into a Lease covering the Property, subject to and expressly conditioned upon (1) the execution and delivery of a mutually acceptable Lease and (2) title to the Property being acceptable to Lessee, in Lessee's sole and exclusive opinion. Notwithstanding any provision herein to the contrary, Lessor hereby agrees that while this LOI is in effect they shall negotiate exclusively with Lessee regarding the leasing of Lessor's mineral interest lying under the Property, and Lessor will not negotiate with any third parties during such time period.

If the terms of this LOI are acceptable to you, please sign where indicated below and return a copy of the letter to me so that we may begin our title due diligence. I appreciate your consideration to this proposal and look forward to hearing from you. **If you have any questions please contact Scott K. Wilpitz at 214.673.8719.**

Unless otherwise agreed to in writing this offer shall expire as of 5:00 pm on Thursday June 16, 2005. A signed copy may be faxed by Lessor to at Scout Exploration, J.V., Attn: Wallace Hall, Jr., (214) 891.9855 (fax).

File No. 106531-CHP
KW #24

### EXHIBIT "A"

BEING a tract of land situated in the JOSEPH MANGUM SURVEY, ABSTRACT NO. 881, Dallas County, Texas, and being part of two tracts of land described in deed to Jasper Federal Savings and Loan Association, as recorded in Volume 86166, Page 2069, Deed Records, Dallas county, Texas, and being more particularly described as follows:

BEGINNING at a 1/2" diameter iron rod found in the South line of a tract of land described in deed from Ashlin Development Company to Ward Williford, Trustee, as recorded in Volume 88119, Page 6715, Deed Records, Dallas County, Texas, said iron rod also being at the most Northerly Northwest corner of a tract of land described in deed from Gifford-Hill & Co., Inc. to the County of Dallas as recorded in Volume 70009, Page 0319, Deed Records, Dallas County, Texas, said iron rod also being in the West line of Hunter Ferrell Road (a 57.5 foot right-of-way at this point);

THENCE SOUTH, 1538.53 feet, with the said West line of Hunter Ferrell Road and with the West line of said County of Dallas tract and along a fence line, to a 1/2" diameter iron rod found;

THENCE South 45 degrees 03 minutes 05 seconds West, 70.85 feet, with the Northwest line of said Hunter Ferrell Road and with the Northwest line of said County of Dallas tract and along a fence line, to a 1/2" diameter iron rod found, said iron rod also being in the North line of Hunter Ferrell Road (a 60' right-of-way at this point);

THENCE South 89 degrees 59 minutes 05 seconds West, 1126.74 feet, with the North line of said Hunter Ferrell Road and with the North line of said County of Dallas tract and along a fence line, to a 1/2" diameter iron rod found at the Southeast corner of a tract of land described in Deed to Jasper Federal Savings and Loan Association, as recorded in Volume 86166, Page 2069, Deed Records, dallas county, Texas;

THENCE North 00 degrees 19 minutes 26 seconds East, 1594.79 feet, with the East line of said Jasper Federal Savings and Loan Association tract, to a 1/2" diameter iron rod found in the South line of said Ward Williford, Trustee tract;

THENCE South 89 degrees 42 minutes 16 seconds East, 1167.74 feet, with the said South line of Ward Williford, Trustee tract and along a fence line, to the PLACE OF BEGINNING and containing 1,864,485 square feet (42.803 acres) of land, more or less.

93014  1968

JUN-15-2005 WED 09:18 AM                    FAX NO.                    P. 04

LESSEE:
Scout Exploration, J.V.

By: _____

Name: Scott K. Wilpitz
Title:  Land Representative for Scout Exploration, J.V.
Lessee's Execution Date:  _JUNE  13_____, 2005

LESSOR:

By: ___Kuk J. Stewart_____

Name: Kuk Ja Stewart
Title:  Owner
Lessor's Execution Date:  _6 - 15 - 05_, 2005

## WARRANTY DEED

STATE OF TEXAS       }

                    }        KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF DALLAS   }

Grantor, KUK JA STEWART, of Irving, Dallas County, Texas, for good and valuable consideration received, GRANTS AND CONVEYS to:

UP_G_KUK,INC., a corporation organized and existing under the laws of the State of Texas, as Grantee, whose mailing address is:

    2028 Sandy Lane
    Irving, Texas 75060

that certain tract or parcel of real property located in Dallas County, Texas, more particularly described on Exhibit "A" attached hereto, together with all tenements, hereditaments and appurtenances thereto, subject to the permitted exceptions set forth on Exhibit "B" attached hereto.

TO HAVE AND TO HOLD the property described, together with all rights and appurtenances lawfully accompanying it, by the Grantee forever. Grantor binds herself and Grantor's heirs, personal representatives, successors, and assigns to warrant and forever defend the property against every person lawfully claiming or to claim all or any part of the property; provided, however, it is expressly understood and agreed that this conveyance is made subject to all easements, exceptions, covenants, conditions, restrictions, reservations, and rights appearing of record.

EXECUTED on August 31, 2005.

                                        KUK JA STEWART

STATE OF TEXAS           }
                         }          CERTIFICATE OF ACKNOWLEDGMENT:
COUNTY OF DALLAS         }

BEFORE ME, the undersigned notary public, on this day personally appeared KUK JA STEWART, known to me by identification through an identification card bearing her photograph and signature to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the instrument for the purposes and considerations expressed in it.

SUBSCRIBED AND SWORN TO BEFORE ME on this 31ˢᵗ day of August, 2005.


N. JEANNINE JENKINS
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires 5-16-2009

NOTARY PUBLIC, State of Texas

My Comm. Expires: _05 - 16 - 09_

W:\CHARLES\FILES\INDIVIDUAL CLIENTS\STEWART, KUJA [REAL ESTATE 22711]\WARRANTY DEED.WPD

## EXHIBIT "A"

BEING a tract of land situated in the JOSEPH MANGUM SURVEY, ABSTRACT NO. 861, Dallas County, Texas, and being part of two tracts of land described in deed to Jasper Federal Savings and Loan Association, as recorded in Volume 86166, Page 2069, Deed Records, Dallas county, Texas, and being more particularly described as follows:

BEGINNING at a 1/2" diameter iron rod found in the South line of a tract of land described in deed from Ashlin Development Company to Ward Williford, Trustee, as recorded in Volume 88119, Page 0715, Deed Records, Dallas County, Texas, said iron rod also being at the most Northerly Northwest corner of a tract of land described in deed from Gifford-Hill & Co., Inc. to the County of Dallas as recorded in Volume 70009, Page 0319, Deed Records, Dallas County, Texas, said iron rod also being in the West line of Hunter Ferrell Road (a 57.5 foot right-of-way at this point);

THENCE SOUTH, 1538.53 feet, with the said West line of Hunter Ferrell Road and with the West line of said County of Dallas tract and along a fence line, to a 1/2" diameter iron rod found;

THENCE South 45 degrees 03 minutes 05 seconds West, 70.65 feet, with the Northwest line of said Hunter Ferrell Road and with the Northwest line of said County of Dallas tract and along a fence line, to a 1/2" diameter iron rod found, said iron rod also being in the North line of Hunter Ferrell Road (a 60' right-of-way at this point);

THENCE South 89 degrees 59 minutes 05 seconds West, 1126.74 feet, with the North line of said Hunter Ferrell Road and with the North line of said County of Dallas tract and along a fence line, to a 1/2" diameter iron rod found at the Southeast corner of a tract of land described in Deed to Jasper Federal Savings and Loan Association, as recorded in Volume 86166, Page 2069, Deed Records, dallas county, Texas;

THENCE North 00 degrees 19 minutes 26 seconds East, 1594.79 feet, with the East line of said Jasper Federal Savings and Loan Association tract, to a 1/2" diameter iron rod found in the South line of said Ward Williford, Trustee tract;

THENCE South 89 degrees 42 minutes 16 seconds East, 1167.74 feet, with the said South line of Ward Williford, Trustee tract and along a fence line, to the PLACE OF BEGINNING and containing 1,864,485 square feet (42.803 acres) of land, more or less.

## EXHIBIT "B"

1.    Easement granted by GIFCO PROPERTIES, INC. to TOMMY R. BARTON, ET AL,
      as evidenced by the instrument dated August 5, 1980 recorded in Volume 84211,
      Page 350, {Pg. 23} of the Deed Records, Dallas County, Texas.

2.    The rights of tenants in possession under the terms of any unrecorded leases or
      rental agreements.

3.    All visible and apparent easements and all underground easements the existence
      of which may arise by virtue of unrecorded grant or use.

4.    Any portion of the subject property lying within the boundaries of any road or
      roadway, public or private.

TO:  CBM ✓
        P R
        S E ✓ Copy given to
                SE on 8/10/05

KUK JA 'STEUART/ OIC
        general GAS
              our
        8/10/05

# Scout Exploration Joint Venture
3811 Turtle Creek Blvd.
Dallas, Texas 75219



August 10, 2005

Via Hand Delivery, Return Receipt Requested

Mrs. Kuk Ja Stewart
2028 Sandy Lane
Irving, Texas 75060-5639

Re:    Letter of Intent – Oil and Gas Lease, dated June 10, 2005 (the "Letter of Intent")
       Between Kuk Ja Stewart ("Lessor") and Scout Exploration, J.V. ("Lessee")
       Covering 33.33 acres / 9.47 acres, J. Mangum Survey, A-861 (the "Property") in
       Dallas County, Texas

Dear Mrs. Stewart:

Pursuant to the terms of the Letter of Intent, this will confirm Lessee's election to exercise its option to extend the title examination period for an additional 30 days. Enclosed you will find Lessee's check in the amount of $1,000.00 in payment of the option fee. With this extension, Lessor will continue to hold the minerals under the Property for exclusive lease by Lessee through and including September 13, 2005, which is the 90th day following Lessor's execution of the Letter of Intent on June 15, 2005. All other terms and conditions of the Letter of Intent remain intact.

Sincerely,

Scout Exploration, J.V.

By: _____
    Wallace L. Hall, Jr.,
    Its Authorized Representative

✓ cc:   Charles B. Mitchell, Esq.
        c/o Mr. Sterling Elza
        BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, LLP
        105 West 7th Street, Suite 200
        Fort Worth, Texas 76102-4905

me 23 of 128

1009

**SCOUT EXPLORATION JV**
5956 SHERRY LANE, STE. 1810
DALLAS, TX 75225

**TEXAS CAPITAL BANK**
DALLAS, TEXAS
32-1797-1110

8/10/2005

PAY TO THE
ORDER OF       Kuk Ja Stewart

$   **1,000.00

One Thousand and 00/100*************************************************************************************************

DOLLARS

Kuk Ja Stewart
2028 Sandy Lane
Irving, TX 75060-5639

MEMO     Option Fee - J. Mangum Survey, A-861

MP

**SCOUT EXPLORATION JV**
Kuk Ja Stewart

8/10/2005

1009

Exclusive lease through and including September 13, 2005

1,000.00

Texas Capital Bank 3782     Option Fee - J. Mangum Survey, A-861

1,000.00

Mr. Charles B. Mitchell, Esq.
c/o Mr. Sterling Elza
BROWN, DEAN, WISEMAN, LISER,
PROCTOR & HART, LLP
105 West 7th Street
Suite 200
Fort Worth, TX  76102-4905

**BROWN, DL.   , WISEMAN, LISER, PROCTOR & r.   r, L.L.P.**

Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
JOHN W. PROCTOR
**JOHN C. HART
LARRY W. WILSHIRE
SANDRA LISER

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JASON C. MOON
JONATHAN E. CHEATHAM
JENNIFER L. WILLINGHAM

JESSE M. BROWN (1883-1978)
WILLIAM M. BROWN (1912-1987)

July 6, 2004

Secretary of State
State of Texas
James Earl Rudder Office Building
1019 Brazos
Austin, Texas 78711-3697
Attn: Corporations Dept.

**VIA FEDERAL EXPRESS**

> Re:    UP_G_KUK, Inc.
>        Our File No.:        3251.22958

Dear Sir/Madame:

Enclosed please find the original and one copy of Articles of Incorporation pursuant to Article 3.02 of the Texas Business Corporation Act, regarding the incorporation of UP_G_KUK, Inc. Also enclosed is a check in the amount of $325.00 regarding payment of the $300.00 filing fee for this business incorporation and the payment of the $25.00 expedite fee. As referenced, we request that you expedite this filing and then please return the appropriate evidence of filing, together with our file-stamped copy of the Articles of Incorporation, and a receipt for this payment, to our office in the return envelope provided.

Should you have any questions, please do not hesitate to contact the undersigned.

Thank you for your cooperation and assistance.

Sincerely yours,

Charles B. Mitchell, Jr.

CBM:PR:mm
Enclosures

W:\Charles\files\Individual Clients\Stewart, Kuja [Incorporation] 22958\Correspondence\Ltr to Secretary of State re Article of Incorporation 001 07.06.05.wpd

**FedEx.** *USA Airbill*  FedEx Tracking Number  **808308911552**

Form I.D. No. **0210**  SDA21 **Sender's Copy**

**1** From (please print and press hard)

Date 7/6/05  Sender's FedEx Account Number 0752-4682-0

Sender's Name CHarles B. MiTcHell, JR  Phone (817) 332-1391

Company BROWN HERMAN DEAN WISEMAN LISE

Address 306 W 7TH ST STE 200  Dept/Floor/Suite/Room

City FORT WORTH  State TX  ZIP 76102

**2** Your Internal Billing Reference Information
(Optional) (First 24 characters will appear on invoice) 3251.22958

**3** To (please print and press hard)

Recipient's Name SECRETARY of STATE, STATE of TEXAS  Phone ( )

ATTN: CoRPORATIONS' DiVision

Company JAMES EARL Rudder office Building

☐ Check here if residence
(Extra charge applies for FedEx Express Saver)

Address 1019 BRAZOS

To "HOLD" at FedEx location,  (We Cannot Deliver to P.O. Boxes or P.O. ZIP Codes)  Dept/Floor/Suite/Room
print FedEx address here)

City AUSTIN  State TX  ZIP 78711-3697

For HOLD at FedEx Location check here
☐ Hold Weekday (Not available with FedEx First Overnight)
☐ Hold Saturday (Not available at all locations) (Available for FedEx Priority Overnight and FedEx 2Day only)

For WEEKEND Delivery check here (Extra Charge. Not available to all locations)
☐ Saturday Delivery (Available for FedEx Priority Overnight and FedEx 2Day only)
☐ NEW Sunday Delivery (Available for FedEx Priority Overnight only)

**4a** **Express Package Service**  *Packages under 150 lbs.*  Delivery commitment may be later in some areas.
☑ FedEx Priority Overnight (Next business morning)
☐ FedEx Standard Overnight (Next business afternoon)
☐ FedEx First Overnight (Earliest next business morning delivery to select locations) (Higher rates apply)
☐ FedEx 2Day (Second business day)
☐ FedEx Express Saver (Third business day)
— FedEx Letter Rate not available. Minimum charge: One pound rate. —

**4b** **Express Freight Service**  *Packages over 150 lbs.*  Delivery commitment may be later in some areas.
☐ FedEx Overnight Freight (Next business day)
☐ FedEx 2Day Freight (Second business day)
☐ FedEx Express Saver Freight (Up to 3 business days)
(Call for delivery schedule. See back for detailed descriptions of freight services.)

**5** **Packaging**
☐ FedEx Letter  ☐ FedEx Pak  ☐ FedEx Box  ☐ FedEx Tube  ☐ Other Pkg.
Declared value limit $500.

**6** **Special Handling**  (One box must be checked)
Does this shipment contain dangerous goods?*  ☑ No  ☐ Yes (As per attached Shipper's Declaration)  ☐ Yes (Shipper's Declaration not required)
☐ Dry Ice
Dry Ice, 9, UN 1845 ___ x ___  ☐ Cargo Aircraft Only
*Dangerous Goods cannot be shipped in FedEx packaging.

**7** **Payment**  Bill to:
☑ Sender (Account No. in Section 1 will be billed)
☐ Recipient  ☐ Third Party  ☐ Credit Card  ☐ Cash/Check
(Enter FedEx Account No. or Credit Card No. below)

FedEx Account No. ___
Credit Card No. ___  Exp. Date ___

Total Packages ___  Total Weight ___  Total Declared Value* $ .00  Total Charges $ ___

* When declaring a value higher than $100 per shipment, you pay an additional charge. See SERVICE CONDITIONS, DECLARED VALUE, AND LIMIT OF LIABILITY section for further information.

**8** **Release Signature** *Sign to authorize delivery without obtaining signature.*

Your signature authorizes Federal Express to deliver this shipment without obtaining a signature and agrees to indemnify and hold harmless Federal Express from any resulting claims.

321

WCSL 0798
Rev. Date 3/98
Part #152023
©1994-98 FedEx
PRINTED IN U.S.A.

Service Conditions, Declared Value, and Limit of Liability – By using this Airbill, you agree to the service conditions in our current Service Guide or U.S. Government Service Guide. Both are available on request. SEE BACK OF SENDER'S COPY OF THIS AIRBILL FOR INFORMATION AND ADDITIONAL TERMS. We will not be responsible for any claim in excess of $100 per package whether the result of loss, damage, or delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, and document your actual loss in a timely manner. Your right to recover from us for any loss includes intrinsic value of the package, loss of sales, interest, profit, attorney's fees, costs, and other forms of damage, whether direct, incidental, consequential, or special, and is limited to the greater of $100 or the declared value but cannot exceed actual documented loss. The maximum declared value for any FedEx Letter and FedEx Pak is $500. Federal Express may, upon your request, and with some limitations, refund all transportation charges paid. See the FedEx Service Guide for further details.

**Questions?**
Call 1·800·Go·FedEx® (800)463-3339

*The World On Time*®

007108140  1

July 6, 2004
Page 2


bcc:    Kuk Ja Stewart (w/o encls.)
        2028 Sandy Lane
        Irving, Texas 75060

W:\Charles\files\Individual Clients\Stewart, Kuja [Incorporation] 22958\Correspondence\Ltr to Secretary of State re Article of Incorporation 001
07.06.05.wpd

| DATE | DESCRIPTION | INVOICE # | CHECK AMOUNT | DEDUCTION | NET AMOUNT |
|---|---|---|---|---|---|
| 6279.00 Secretary of State of Texas | | | | | |
| 07/06/05 | Incorporation fee CBM-Stewart/Incorporation | 3251.22958G | 325.00 | | 325.00 |

| CHECK DATE | CONTROL NUMBER | | | | | | |
|---|---|---|---|---|---|---|---|
| 07/06/05 | 50374 | TOTALS ► Gross: | 325.00 | Ded: | 0.00 | Net: | 325.00 |

50374

BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
200 FORT WORTH CLUB BUILDING
306 WEST 7TH STREET
FORT WORTH, TEXAS 76102-4905
817/332-1391

WORTH
National Bank
88-756/1119

| DATE | CHECK | AMOUNT |
|---|---|---|
| 07/06/05 | 50374 | ****$325.00 |

PAY         *** THREE HUNDRED TWENTY-FIVE & 00/100 DOLLARS

TO THE ORDER OF:   Secretary of State of Texas

BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
VOID AFTER 60 DAYS
AUTHORIZED SIGNATURE

BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.         50374
Vendor:   6279.00 Secretary of State of Texas

| Date | Description | Invoice # | Amount | Disc | Net Amt |
|---|---|---|---|---|---|
| 07/06/05 | Incorporation fee CBM-Stewart/Incorporation | 3251.22958G | 325.00 | | 325.00 |

| Check Date | Check # | Gross Amt | Disc Amt | Net Amt |
|---|---|---|---|---|
| 07/06/05 | 50374 | 325.00 | 0.00 | 325.00 |

BROWN, DEAN, WISEMAN, LISſ   ᵖROCTOR & HART, L.L.P.
Vendor:      6279.00 Secretaʳ    of State of Texas                              50374

| Date | Description | | Invoice # | Amount | Disc | Net Amt |
|------|-------------|---|-----------|--------|------|---------|
| 07/06/05 | Incorporation fee | | | | | |
| | CBM-Stewart/Incorporation | | 3251.22958G | 325.00 | | 325.00 |

| Check Date | Check # | Gross Amt | Disc Amt | Net Amt |
|------------|---------|-----------|----------|---------|
| 07/06/05 | 50374 | 325.00 | 0.00 | 325.00 |

| **Form 201**<br>**(revised 9/03)**<br><br>Return in Duplicate to:<br>Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>FAX: 512/463-5709<br><br>**Filing Fee: $300** | <br>**Articles of Incorporation**<br>**Pursuant to Article 3.02**<br>**Texas Business**<br>**Corporation Act** | This space reserved for office use. |
| --- | --- | --- |

## Article 1 – Corporate Name

The name of the corporation is as set forth below:

UP_'G_KUK, Inc.

The name must contain the word "corporation," "company," "incorporated," or an abbreviation of one of these terms. The name must not be the same as, deceptively similar to or similar to that of an existing corporate, limited liability company, or limited partnership name on file with the secretary of state. A preliminary check for "name availability" is recommended.

## Article 2 – Registered Agent and Registered Office (Select and complete either A or B and complete C)

☐  A.  The initial registered agent is an organization (cannot be corporation named above) by the name of:

**OR**

☒  B.  The initial registered agent is an individual resident of the state whose name is set forth below:

| First Name | M.I. | Last Name | Suffix |
| --- | --- | --- | --- |
| Charles | B. | Mitchell | Jr. |

C.  The business address of the registered agent and the registered office address is:

| Street Address | City | State | Zip Code |
| --- | --- | --- | --- |
| 306 West 7th St., Ste. 200 | Fort Worth | TX | 76102-4905 |

## Article 3 – Directors

The number of directors constituting the initial board of directors and the names and addresses of the person or persons who are to serve as directors until the first annual meeting of shareholders or until their successors are elected and qualified are set forth below:

| Director 1: First Name | M.I. | Last Name | Suffix |
| --- | --- | --- | --- |
| Kuk Ja | | Stewart | |

| Street Address | City | State | Zip Code |
| --- | --- | --- | --- |
| 2028 Sandy Lane | Irving | TX | 75060 |

| Director 2: First Name | M.I. | Last Name | Suffix |
| --- | --- | --- | --- |
| | | | |

| Street Address | City | State | Zip Code |
| --- | --- | --- | --- |
| | | | |

| Director 3:  First Name | M.I. | Last Name | | | Suffix |
|---|---|---|---|---|---|
| | | | | | |

| Street Address | City | | State | Zip Code |
|---|---|---|---|---|
| | | | | |

## Article 4 – Authorized Shares

☒ A.  The total number of shares the corporation is authorized to issue is ____1000____
and the par value of each of the authorized shares is $ __1.00__

**OR** (You must select and complete **either** option A **or** option B, **do not select both**.)

☐ B.  The total number of shares the corporation is authorized to issue is _____
and the shares shall have no par value.

If the shares are to be divided into classes, you must set forth the designation of each class, the number of shares of each class, the par value (or statement of no par value), and the preferences, limitations, and relative rights of each class in the space provided for supplemental information on this form.

## Article 5 – Duration

The period of duration is perpetual.

## Article 6 – Purpose

The purpose for which the corporation is organized is for the transaction of any and all lawful business for which corporations may be incorporated under the Texas Business Corporation Act.

## Supplemental Provisions/Information

Text Area: [The attached addendum, if any, is incorporated herein by reference.]

## Incorporator

The name and address of the incorporator is set forth below.

Name:

Charles B. Mitchell, Jr., Esq.

| Street Address | City | State | Zip Code |
|---|---|---|---|
| 306 West 7th St., Ste. 200 | Fort Worth | TX | 76102-4905 |

## Effective Date of Filing

☒ This document will become effective when the document is filed by the secretary of state.

**OR**

☐ This document will become effective at a later date, which is not more than ninety (90) days from the date of its filing by the secretary of state.  The delayed effective date is

## Execution

The undersigned incorporator signs these articles of incorporation subject to the penalties imposed by law for the submission of a false or fraudulent document.

Signature of Incorporator

Print    Reset

**BROWN, L   ', WISEMAN, LISER, PROCTOR &   'T, L.L.P.**

Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
· GRANT LISER
RICHARD W. WISEMAN
JOHN W. PROCTOR
·· JOHN C. HART
LARRY W. WILSHIRE
SANDRA LISER

OF COUNSEL
CATHERINE JANE ALDER, P.C

\* Also licensed to practice in Louisiana
\*\* Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JASON C. MOON
JONATHAN E. CHEATHAM
JENNIFER L. WILLINGHAM

JESSE M. BROWN (1883-1978)
WILLIAM M. BROWN (1912-1987)

June 17, 2005

Mr. Scott K. Wilpitz                                    **VIA FACSIMILE - (214) 891-9855**
Scout Exploration, J.V.
5956 Sherry Lane, Suite 1810
Dallas, Texas 75225

> Re:   Kuja Stewart
>       1800 and 1900 Hunter Ferrell Roads
>       Irving, Texas
>       Our File No.:  3251.22711

Dear Mr. Wilpitz:

Enclosed please find Ms. Stewart's executed signature page to the June 10, 2005 Letter of
Intent - Oil and Gas lease regarding the above-referenced matter. The original signature page will
follow via mail service.

Should you have any questions, please do not hesitate to contact the undersigned.

Thank you for your assistance.

Sincerely yours,

Charles B. Mitchell, Jr.

CBM:PR:mm
Enclosure

W:\Charles\files\Individual Clients\Stewart, Kuja [Real Estate 22711]\Correspondence\Ltr to Mr. Wilpitz 001 06.17.05.wpd

Mr. Scott K. Wilpitz
June 17, 2005
Page 2

bcc:   Ms. Kuja Stewart (w/o encl.)
      2028 Sandy Lane
      Irving, Texas 75060

# **Fax**

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
JOHN W. PROCTOR
** JOHN C. HART
LARRY W. WILSHIRE
SANDRA LISER

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JASON C. MOON
JONATHAN E. CHEATHAM
JENNIFER L. WILLINGHAM

JESSE M. BROWN (1883-1978)
WILLIAM M. BROWN (1912-1987)

**Name:** Mr. Scott K. Wilpitz
**Organization:** Scout Exploration, J.V.
**Fax:** (214) 891-9855
**Phone:**
**From:** Charles B. Mitchell, Jr., Esq.
**Date:** June _17_, 2005
**Subject:** Kuja Stewart
1800 and 1900 Hunter Ferrell Roads
Irving, Texas
Our File No.: 3251.22711

**Pages:** _6_ (including fax cover sheet)

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

```
                                TRANSACTION REPORT                          P. 01

                                                             JUN-17-2005 FRI 04:24 PM
        FOR:

  DATE   START      RECEIVER         TX TIME   PAGES TYPE        NOTE              M#   DP

  JUN-17 04:21 PM ##33507#2148919855   3'32"      6  SEND        OK                278

                                                 TOTAL :    3M 32S  PAGES:   6
```

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
• GRANT LISER
RICHARD W. WISEMAN
JOHN W. PROCTOR
••JOHN C. HART
LARRY W. WILSHIRE
SANDRA LISER

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 878-2427

CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JASON C. MOON
JONATHAN S. CHEATHAM
JENNIFER L. WILLINGHAM

JESSE M. BROWN (1883-1978)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Mr. Scott K. Wilpitz |
| **Organization:** | Scout Exploration, J.V. |
| **Fax:** | (214) 891-9855 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June __/7__, 2005 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |

# Scout Exploration, J.V.

5956 Sherry Lane, Suite 1810
Dallas, Texas 75225
214.891.0920 (Office)
214.891.9855 (Fax)

June 10, 2005

Mrs. Kuk Ja Stewart
2028 Sandy Lane
Irving, Texas  75060-5639

Re:    Letter of Intent- Oil and Gas Lease
       33.33 acres / 9.47 acres, J. Mangrum Survey, A-861
       Dallas County, Texas

Dear Mrs. Stewart:

        This Letter of Intent (LOI) shall serve to set forth the basic terms and conditions under which Lessor and Lessee would desire to enter in to an oil and gas lease (the "Lease") pertaining to the land described below.

**Lessor:**          Kuk Ja Stewart

**Lessee:**          Scout Exploration, J.V.

**Property Description:** A tract or tracts of land totaling approximately **42.80+/-** acres (comprised of a 33.33 acre tract and a 9.47 acre tract) located in Dallas County, Texas, and being further described on Exhibit "A" attached hereto and being (the "Property").

**Bonus Price:**      **$500.00 (Five Hundred Dollars) per net mineral acre**
**Royalty:**          **25%**
**Term:**             **5 year paid-up lease**
**Surface Use Fee:**  **$25,000.00 (payable for each pad built)**

**Mutually acceptable Lease:** Lessee shall have sixty (60) days from the Lessor's Execution Date of this LOI to negotiate in good faith with Lessor to execute a mutually acceptable Lease.

**Execution of Lease and Title Examination:** Lessee shall have a minimum of sixty (60) days after Lessor's Execution Date to obtain a Mineral Title Report covering the Property. Lessee and Lessor both agree that as long as Lessee is diligently working to

Page 1 of 3

obtain said title report and if overcrowding in the County Clerk's office, or other issues out of Lessee's control prevents Lessee from finishing the reports within said sixty (60) day period; it is herein agreed that Lessee shall have the option and right, but not the obligation, to pay Lessor $1,000.00 for an additional thirty (30) day period within which to complete the title examination. In such event, Lessee agrees to keep Lessor closely apprised of Lessee's progress, and Lessor shall hold the minerals under the Property for exclusive lease by Lessee during such title examination period. Upon final completion of the Mineral Title Report, and if such Mineral Title Report is acceptable to Lessee, then Lessee will submit a formal Lease for execution by Lessor, and pay to Lessor the Lease bonus money due based upon Lessor's net mineral acre interest ownership in the Property as determined by said Mineral Title Report. Payment will be by Sight Draft given to Lessor at the time of execution of the Lease or if Lessor prefers, by company check within 10 days of the completion of the final Mineral Title Report.

**Property Information:** Lessor agrees to provide Lessee access to all information pertinent to the Property in its (or its consultant's) possession, including any and all title information or documentation, site plans, engineering plans, well logs, topographic surveys, existing Surveys and/or Plats of the Property as well as evidence of any past or current mineral lease in the possession of Lessor.

**Representations and Warranties.** Lessor shall make the usual and customary representations and warranties to the Lessee regarding the Property. **Lessor agrees to keep the terms and conditions of this agreement confidential.**

The above proposal is a statement of the terms under which Lessor and Lessee are prepared to enter into a Lease covering the Property, subject to and expressly conditioned upon (1) the execution and delivery of a mutually acceptable Lease and (2) title to the Property being acceptable to Lessee, in Lessee's sole and exclusive opinion. Notwithstanding any provision herein to the contrary, Lessor hereby agrees that while this LOI is in effect they shall negotiate exclusively with Lessee regarding the leasing of Lessor's mineral interest lying under the Property, and Lessor will not negotiate with any third parties during such time period.

If the terms of this LOI are acceptable to you, please sign where indicated below and return a copy of the letter to me so that we may begin our title due diligence. I appreciate your consideration to this proposal and look forward to hearing from you. **If you have any questions please contact Scott K. Wilpitz at 214.673.8719.**

Unless otherwise agreed to in writing this offer shall expire as of 5:00 pm on Thursday June 16, 2005. A signed copy may be faxed by Lessor to at Scout Exploration, J.V., Attn: Wallace Hall, Jr., (214) 891.9855 (fax).

File No. 108531-CHP
KW #24

## EXHIBIT "A"

BEING a tract of land situated in the JOSEPH MANGUM SURVEY, ABSTRACT NO. 861, Dallas County, Texas, and being part of two tracts of land described in deed to Jasper Federal Savings and Loan Association, as recorded in Volume 86166, Page 2099, Deed Records, Dallas county, Texas, and being more particularly described as follows:

BEGINNING at a 1/2" diameter iron rod found in the South line of a tract of land described in deed from Ashlin Development Company to Ward Williford, Trustee, as recorded in Volume 88119, Page 0715, Deed Records, Dallas County, Texas, said iron rod also being at the most Northerly Northwest corner of a tract of land described in deed from Gifford-Hill & Co., Inc. to the County of Dallas as recorded in Volume 70009, Page 0319, Deed Records, Dallas County, Texas, said iron rod also being in the West line of Hunter Ferrell Road (a 57.5 foot right-of-way at this point);

THENCE SOUTH, 1536.53 feet, with the said West line of Hunter Ferrell Road and with the West line of said County of Dallas tract and along a fence line, to a 1/2" diameter iron rod found;

THENCE South 45 degrees 03 minutes 05 seconds West, 70.66 feet, with the Northwest line of said Hunter Ferrell Road and with the Northwest line of said County of Dallas tract and along a fence line, to a 1/2" diameter iron rod found, said iron rod also being in the North line of Hunter Ferrell Road (a 60' right-of-way at this point);

THENCE South 89 degrees 56 minutes 06 seconds West, 1126.74 feet, with the North line of said Hunter Ferrell Road and with the North line of said County of Dallas tract and along a fence line, to a 1/2" diameter iron rod found at the Southeast corner of a tract of land described in Deed to Jasper Federal Savings and Loan Association, as recorded in Volume 86166, Page 2099, Deed Records, dallas county, Texas;

THENCE North 00 degrees 19 minutes 26 seconds East, 1594.79 feet, with the East line of said Jasper Federal Savings and Loan Association tract, to a 1/2" diameter iron rod found in the South line of said Ward Williford, Trustee tract;

THENCE South 89 degrees 42 minutes 16 seconds East, 1167.74 feet, with the said South line of Ward Williford, Trustee tract and along a fence line, to the PLACE OF BEGINNING and containing 1,864,465 square feet (42.803 acres) of land, more or less.

93014  1968

LESSEE:
Scout Exploration, J.V.

By: ~~Scott K. Wilpitz~~

Name: Scott K. Wilpitz
Title: Land Representative for Scout Exploration, J.V.
Lessee's Execution Date: _JUNE 13_____, 2005

LESSOR:

By: ~~Kuk Ja Stewart~~

Name: Kuk Ja Stewart
Title: Owner
Lessor's Execution Date: _6-15-05_, 2005



**CITY OF IRVING**
**OFFICE OF THE CITY SECRETARY**
P.O. BOX 152288
IRVING, TEXAS 75015-2288
(972) 721-2493
(972) 721-2384 FAX

Date: _2/7_

To: _James Hurlburt_

Company: _____

Fax Number: _817 - 870 - 2427_   # of Pages: _8_

From: _Shareen_

COMMENTS:

We are transmitting from a Xerox 220. If there are any problems with this transmission or if you
do not receive the all the pages, please contact _____ at (972) 721-2492

# BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
## Attorneys at Law

**BEALE DEAN**
**JAMES T. BLANTON**
**\* GRANT LISER**
**RICHARD W. WISEMAN**
**\*\*JOHN C. HART**
**JOHN W. PROCTOR**
**LARRY W. WILSHIRE**
**SANDRA LISER**

OF COUNSEL
CATHERINE JANE ALDER, P.C

\* Also licensed to practice in Louisiana
\*\* Also licensed to practice in Minnesota

506 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON
JENNIFER L. WILLINGHAM

February 1, 2005

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

Janice Carroll, City Secretary
825 W. Irving Boulevard.
Irving, TX 75060
Telephone: (972)721-2493
Fax: (972)721-2384

      Re:    Copy of Ordinance 6311

Dear Ms. Carroll:

      I am requesting a copy of City of Irving Ordinance 6311, which according to the City of Irving website corresponds to Chapter 47 Flood Damage Prevention. Steve Reed from the City of Irving referred me to you for this request. Please advise regarding how we should pay for the cost of copying this ordinance, if any.

      Please send a copy to my attention at the above address. Thank you for your courtesies.

      Sincerely yours,

      James K. Hurlburt

cc: Charlie Mitchell

FEB 7 PM1:04

W:\Charles\files\Individual Clients\Stewart, Kuja [Real Estate 22711]\Correspondence\Ltr to City Secretary 001 020105.wpd

ORDINANCE NO. 6311

AN ORDINANCE AMENDING CHAPTER 47 OF THE CODE
OF THE CIVIL AND CRIMINAL ORDINANCES OF THE
CITY OF IRVING, TEXAS, BY PROVIDING FOR
TRINITY RIVER CORRIDOR DEVELOPMENT CERTIFI-
CATES; PROVIDING FOR A SEVERABILITY CLAUSE;
PROVIDING A PENALTY AND DECLARING AN
EMERGENCY.

BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF
IRVING, TEXAS:

SECTION 1.   That Chapter 47 of the Code of Civil and
Criminal Ordinances of the City of Irving, Texas, is hereby
amended by adding thereto a new Section 47-17 which shall read as
follows:

Sec. 47-17. Trinity River corridor develop-
ment certificate process.

(a) Definitions.   In this section:

*Corridor Development Certificate Manual*
means the manual by that title dated January
31, 1992, which is attached to this ordinance
and kept on file in the office of the city
secretary.

*Floodplain alteration* means any con-
struction of buildings or other structures,
mining, dredging, filling, grading, or
excavation in the floodplain.

*Trinity River Corridor* means the portion of
the bed and banks of the West Fork, Elm Fork,
and mainstream segments of the Trinity River
within the Irving city limits.

(b) **Certificate required.** A person commits an offense if he makes any floodplain alteration within the Trinity River Corridor without first obtaining a corridor development certificate from the director of public works. It is a defense to prosecution that an exemption or waiver has been obtained in accordance with subsection (e) of this section.

(c) **Application.** An application for a corridor development certificate must be filed with the director of public works on a form furnished by the department of public works.

(d) **Review.** The director of public works shall deny an application for a certificate unless it complies with the standards contained in the Corridor Development Certificate Manual or unless an exemption from or waiver of those standards is obtained in accordance with subsection (e) of this section.

(e) **Exemptions and waivers.**

(1) *Exemptions.*

    a. An exemption from the requirements of this section may be obtained if the floodplain alteration involves the following activities.

        1. ordinary maintenance of and repair to flood control structures;

        2. the construction of outfall structures and associated intake structures if the outfall has been permitted under state or federal law;

        3. discharge of material for backfall or bedding for utility lines, provided there is no significant change in pre-existing bottom contours and excess materials are removed to an upland disposal area.

        4. bank stabilization;

-2-

5. any project listed in the U.S.
Army Corps of Engineers March
1990 Reconnaissance Report,
which is attached as Appendix A
to the Corridor Development
Certificate Manual, or any
project approved under the pro-
visions of this division, pro-
vided the approval, permit, or
authorization has not expired
and no significant changes have
occurred since the approval,
permit, or authorization was
issued.

b. Application for an exemption must
be made to the director of public
works on a form provided by the
department of public works.

c. If the director of public works
determines that an application for
an exemption falls within one of
the categories listed in paragraph
(1), the director shall issue a
written exemption from the require-
ments of this section.

(2) *Waivers.* If the director of public
works determines that the application
for a corridor development certificate
does not comply with all of the
standards contained in the Corridor
Development Certificate Manual, the
applicant may apply for a waiver to
any standard contained in the manual.
An application for a waiver must be
made to the director of public works,
who shall schedule the application for
consideration by the city council.
The city council may grant a waiver
provided the waiver will not violate
any provision of federal or state law,
result in increased flood levels, or
endanger life or property.

-3-

SECTION 2. That the terms and provisions of this ordinance shall be deemed to be severable and that if the validity of any section, subsection, sentence, clause or phrase of this ordinance should be d .lared to be invalid, the same shall not affect the validity of any other section, subsection, sentence, clause or phrase of this ordinance.

SECTION 3. Any person violating or failing to comply with any provision of this ordinance shall be fined upon conviction, not less than One Dollar ($1.00) nor more than Five Hundred Dollars ($500.00).

SECTION 4. The fact that the present ordinances and r :ulations of the City of Irving are inadequate to control the height of flood waters within the Trinity River within and adjacent to the corporate limits of the City of Irving, creates an emergency for the immediate preservation of the public business, property, health, safety and general welfare of the public which requires that this ordinance shall become effective from and after the date of its passage as provided by the Charter of the City of Irving, and it is accordingly so ordained.

-4-

SECTION 2.  That the terms and provisions of this ordinance shall be deemed to be severable and that if the validity of any section, subsection, sentence, clause or phrase of this ordinance should be declared to be invalid, the same shall not affect the validity of any other section, subsection, sentence, clause or phrase of this ordinance.

SECTION 3.  Any person violating or failing to comply with any provision of this ordinance shall be fined upon conviction, not less than One Dollar ($1.00) nor more than Five Hundred Dollars ($500.00).

SECTION 4.  The fact that the present ordinances and regulations of the City of Irving are inadequate to control the height of flood waters within the Trinity River within and adjacent to the corporate limits of the City of Irving, creates an emergency for the immediate preservation of the public business, property, health, safety and general welfare of the public which requires that this ordinance shall become effective from and after the date of its passage as provided by the Charter of the City of Irving, and it is accordingly so ordained.

-4-

PASSED AND APPROVED BY THE CITY COUNCIL OF THE CITY OF IRVING, TEXAS, this 26th day of August, A.D., 1993.

BOBBY JOE RAPER
MAYOR

ATTEST:

Lester G. Ford
City Secretary

APPROVED AS TO FORM:

Don J. Korschach
City Attorney

APPROVED BY
CITY COUNCIL

AUG 26 1993

LESTER G. FORD
CITY SECRETARY
IRVING, TEXAS

-5-

**BROWN, D.   N, WISEMAN, LISER, PROCTOR &   ?T, L.L.P.**
Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
• GRANT LISER
RICHARD W. WISEMAN
•• JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE
SANDRA LISER

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

February 1, 2005

CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON
JENNIFER L. WILLINGHAM

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

Janice Carroll, City Secretary
825 W. Irving Boulevard.
Irving, TX 75060
Telephone: (972)721-2493
Fax: (972)721-2384

    Re:    Copy of Ordinance 6311

Dear Ms. Carroll:

    I am requesting a copy of City of Irving Ordinance 6311, which according to the City of Irving website corresponds to Chapter 47 Flood Damage Prevention. Steve Reed from the City of Irving referred me to you for this request. Please advise regarding how we should pay for the cost of copying this ordinance, if any.

    Please send a copy to my attention at the above address. Thank you for your courtesies.

                                    Sincerely yours,

                                    James K. Hurlburt

cc: Charlie Mitchell

W:\Charles\files\Individual Clients\Stewart, Kuja [Real Estate 22711]\Correspondence\Ltr to City Secretary 001 020105.wpd

```
X                                        TRANSACTION REPORT                          P. 01      X
X                                                                                               X
X                                                                      FEB-01-2005 TUE 04:43 PM X
X                                                                                               X
X       FOR:                                                                                    X
X-----------------------------------------------------------------------------------------------X
X   DATE  START     RECEIVER        TX TIME    PAGES TYPE        NOTE              M#   DP  X
X-----------------------------------------------------------------------------------------------X
X   FEB-01 04:42 PM ##55393#9727212384   xx'xx"    0  SEND       BUSY             502       X
X-----------------------------------------------------------------------------------------------X
X                                                                                               X
X                                              TOTAL :          0S   PAGES:   0                  X
X                                                                                               X
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
```

# Fax

*attempted to fax numerous times + always busy - mailed 2-2-05*

**Name:**          Janice Carroll
**Organization:**  City Secretary
**Fax:**           (972) 721-2384
**Phone:**
**From:**          James K. Hurlburt
**Date:**          February 1, 2005
**Subject:**       Kuja Stewart
                   1800 and 1900 Hunter Ferrell Roads
                   Irving, Texas
                   Our File No.:      3251.22711

**Pages:**         _____ (including fax cover sheet)

Comments:

**BROWN, Γ ιΝ, WISEMAN, LISER, PROCTOR & ιRT, L.L.P.**
Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
** JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE
SANDRA LISER

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

February 1, 2005

CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON
JENNIFER L. WILLINGHAM

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

Janice Carroll, City Secretary
825 W. Irving Boulevard.
Irving, TX 75060
Telephone: (972)721-2493
Fax: (972)721-2384

Re:    Copy of Ordinance 6311

Dear Ms. Carroll:

I am requesting a copy of City of Irving Ordinance 6311, which according to the City of Irving website corresponds to Chapter 47 Flood Damage Prevention. Steve Reed from the City of Irving referred me to you for this request. Please advise regarding how we should pay for the cost of copying this ordinance, if any.

Please send a copy to my attention at the above address. Thank you for your courtesies.

Sincerely yours,

James K. Hurlburt

cc: Charlie Mitchell

**BROWN, L   .N, WISEMAN, LISER, PROCTOR &  .ART, L.L.P.**

Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
• GRANT LISER
RICHARD W. WISEMAN
••JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

July 26, 2004

Ms. Nancy M. Croney

**VIA FACSIMILE - (817) 488-4768**

Re:   Kuja Stewart
      1800 and 1900 Hunter Ferrell Roads
      Irving, Texas
      Our File No.:      3251.22711

Dear Ms. Croney::

I have reviewed the proposed letter agreement between Kuja Stewart and Matbone Inc. It looks appropriate for Ms. Stewart to enter into.

Should you have any questions or concerns, please do not hesitate to call.

Sincerely yours,

Charles B. Mitchell, Jr.

CBM:mm

W:\Charles\files\Individual Clients\Stewart, Kuja [Real Estate 22711]\Correspondence\Ltr to Ms. Croney 001 072704.wpd

# Fax


## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
• GRANT LISER
RICHARD W. WISEMAN
•• JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1976)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Nancy Croney |
| **Organization:** | Re/Max Associates |
| **Fax:** | (817) 488-4768 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | July _27_, 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.:     3251.22711 |

**Pages:**     _2_  (including fax cover sheet)

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR
REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS
MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND
THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

```
**********************************************************************
X                                                                   P. 01    X
X                           TRANSACTION REPORT                               X
X                                                        JUL-27-2004 TUE 11:14 AM  X
X      FOR:                                                                  X
X-------------------------------------------------------------------------- X
X   DATE  START     RECEIVER       TX TIME   PAGES TYPE      NOTE        M#  DP X
X-------------------------------------------------------------------------- X
X   JUL-27 11:13 AM ##47003#8174884768   28"    2  SEND      OK         836    X
X-------------------------------------------------------------------------- X
X                                        TOTAL :      28S  PAGES:  2          X
X                                                                            X
**********************************************************************
```

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
• GRANT LISER
RICHARD W. WISEMAN
•• JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

106 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Nancy Croney |
| **Organization:** | Re/Max Associates |
| **Fax:** | (817) 488-476x |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | July _27_, 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.:    3251.22711 |





**The Croney Team**
**"Our Family Serving Yours"**
**Fax: 817-488-4768**
**www.CroneyTeam.com**

Date: 7-20-04          # of pages: 3

To: _Charles Mitchell_     Fax #: _817 870 2427_

From:

✓ Nancy Croney          ___ Keith Croney          ___ Jocelyn Croney
(cell) 817-781-9464        (cell) 817-781-9465        (cell) 817-781-9463

Re: _Letter of Agreement - Kukja Stewart_

**Comments:**

TO: CHARLES B. MITCHELL, JR., ESQ.

RE: 1800 AND 1900 HUNTER FERRELL ROAD
IRVING, TEXAS
KUKJA STEWART
FILE NO. 3251.2271

FROM: NANCY M. CRONEY, RE/MAX ASSOCIATES

Mr. Mitchell,
As per our conversation of July 16, Mrs. Stewart is willing to consider a core sample test
on the above captioned property. I have prepared a draft a Letter of Agreement for the
parties, but would greatly appreciate your review and input. Mrs. Stewart has given me
permission to forward this onto you.

We appreciate your expertise and welcome and changes that you feel would better protect
Mrs. Stewart.

Sincerely
Nancy M. Croney
817-781-9464
Fax: 817-488-4758
Nancy@Croneyteam.com

## LETTER OF AGREEMENT

Kukja Stewart, Owner of the property known as 1800 and 1900 Hunter Ferrell Roads, Irving, Texas 75060 and Matbone Inc., prospective Buyer of said property hereby agree on the following terms and provisions:

The Owner will allow Matbone Inc., the right to enter above mentioned property for a period of thirty (30) days for the sole purpose of drilling core samples. Matbone, Inc agrees to indemnify and hold Owner harmless for any injuries or damage to person or equipment employed by or authorized by Matbone, Inc while working on this property during this study period. Matbone, Inc also agrees to fill in all holes drilled or dug on the property if they cannot come to an agreement for sale or lease with the Owner during this period. Matbone Inc., also agrees to share any and all findings and results with the Owners regarding the soil and mineral samples taken from this property within fifteen days after the testing takes place.

Matbone Inc may not erect any structure on the property or use the property for any other purposes beside those mentioned above. Matbone Inc. will be responsible for any fines from city government if they cause an infraction.

All equipment must be removed from the property on or before thirty days from the execution of this agreement or the Owner will charge a leasing fee of $_____ per day for every day thereafter.

_____          _____
Owner                                     for Matbone, Inc.

# BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
• GRANT LISER
RICHARD W. WISEMAN
•• JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

July 8, 2004

Mr. Steven Reed
Community Development Manager
825 W. Irving Blvd.
Irving, Texas 75060

Re:     Kuja Stewart
        1800 and 1900 Hunter Ferrell Roads
        Irving, Texas
        Our File No.:        3251.22711

Dear Mr. Reed:

I am in receipt of the July 1, 2004 correspondence from David Caylor, City Attorney for the City of Irving. As of today's date, I have not heard from you with regard to this matter. Please contact me as soon as possible so that we may determine what development can take place and transfer sale of property with regard to these plots of land.

Sincerely yours,

Charles B. Mitchell, Jr.

CBM:mm

cc:     Mr. Ed Berry
        Community Development Director
        825 W. Irving Blvd., Dept. 15
        Irving, Texas 75060

W:\Charles\files\Individual Clients\Stewart, Kuja [Real Estate 22711]\Correspondence\Ltr to Mr. Reed 001 070804.wpd

Mr. Steven Reed
July 8, 2004
Page 2

cc:    Jim Cline
       Public Works and Transportation Director
       825 W. Irving Blvd., Dept. 15
       Irving, Texas 75060

       Gary Fennell
       Senior Civil Engineering
       825 W. Irving Blvd.
       Irving, Texas 75060

       Jim Driscoll
       Assistant Director/Traffic
       825 W. Irving Blvd.
       Irving, Texas 75060

       Robert Ruthven, Planner
       825 W. Irving Blvd.
       Irving, Texas 75060

       David Caylor
       City Attorney
       City Attorney's Office
       825 W. Irving Blvd.
       Irving, Texas 75060

       Kuja Stewart
       2028 Sandy Lane
       Irving, Texas 75060

TO: CBM
PR

KUJA STEWART / REAl
ESTATE

m m
7/2/04



**IRVING**

July 1, 2004

Mr. Charles B. Mitchell, Jr.
Brown, Dean, Wiseman, Liser, Proctor & Hart, L.L.P.
306 West 7th Street, Suite 200
Fort Worth, Texas 76102-4905

      Re:   Kuja Stewart
            1800 and 1900 Hunter Ferrell Road
            Irving, Texas
            Your File No.:   3251.22711

Dear Mr. Mitchell:

        I am in receipt of your letter dated June 30, 2004, relative to the above referenced matter. I have referred this matter to Mr. Steven Reed, Community Development Manager for the City of Irving.

        Mr. Reed will communicate further with you about how you can obtain the information you need.

        If you need anything further please contact me.

                Sincerely,

                David Caylor
                City Attorney

DC:dkm

cc:    Ed Barry, Community Development Director
       Steven Reed, Community Development Manager
       Jim Cline, Public Works and Transportation Director
       Jim Driscoll, Assistant Director/Traffic
       Garry Fennell, Senior Civil Engineer
       Robert Ruthven, Planner



**CITY OF IRVING**
City Attorney's Office
825 W. Irving Blvd.
IRVING | Irving, Texas 75060



02 1A
0004321889     JUL 01  2004
MAILED FROM ZIP CODE 75060

$ 00.37⁰



MR CHARLES B MITCHELL JR
BROWN DEAN WISEMAN LISER PROCTOR & HART LLP
306 WEST 7TH ST SUITE 200
FORT WORTH TX 76102-4905

76102+4905  62



**BROWN, D.  N, WISEMAN, LISER, PROCTOR & ì  ?T, L.L.P.**

Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
** JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

June 30, 2004

David Caylor                                          **VIA FACSIMILE - (972) 721-2750**
City Attorney
825 W. Irving Blvd.
Irving, Texas 75060

        Re:     Kuja Stewart
                1800 and 1900 Hunter Ferrell Roads
                Irving, Texas
                Our File No.:        3251.22711

Dear Mr. Caylor:

        The undersigned represents Kuja Stewart with regard to property at 1800 and 1900
Hunter Ferrell Roads. Her real estate agent, Nancy Croney, has attempted to resolve issues with
the City with regards to these lots as my client's agent currently has a buyer that is interested in
dividing the 9.47 acres on the 1800 Hunter Ferrell plot. Ms. Croney has spoken with Ron
Ruthven, City Planner, as to what may be needed in order to develop that property. Thus far, Ms.
Croney has not received any response to her email correspondence to Mr. J. Driscoll and Mr. G.
Fennell, copies of which are attached. That email correspondence was, of course, sent as
indicated on April 29, 2004. This issue needs to be resolved so that my client can develop this
property and sell same. I request a written response from the City of Irving with regard to any
restrictions, proposed right-of-ways, easements or restrictions on the sale and development of
these two parcels of land.

        If you have any questions or concerns, please do not hesitate to contact me.

                                        Sincerely yours,

                                        Charles B. Mitchell, Jr.

CBM:mm
Enclosures

June 30, 2004
Page

cc:     Mr. Ed Berry                                          **VIA FACSIMILE**
        Community Development
        825 W. Irving Blvd., Dept. 15
        Irving, Texas 75060

        Gary Fennell                                          **VIA FACSIMILE**
        Engineering Division
        825 W. Irving Blvd.
        Irving, Texas 75060

        Jim Driscoll                                          **VIA FACSIMILE**
        Traffic Division
        825 W. Irving Blvd.
        Irving, Texas 75060

        Nancy M. Croney                                       **VIA FACSIMILE**
        Re/Max Associates
        6201 Colleyville Blvd.
        Colleyville, Texas 76034

        Kuja Stewart
        2028 Sandy Lane
        Irving, Texas 75060

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
**JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | David Caylor |
| **Organization:** | City Attorney |
| **Fax:** | (972) 721-2750 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June _30_ , 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.:        3251.22711 |

**Pages:**        _5_ (including fax cover sheet)

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

```
X                                                                                    P. 01    X
X                              TRANSACTION REPORT                                              X
X                              ─────────────────                         JUN-30-2004 WED 04:14 PM  X
X                                                                                              X
X        FOR:                                                                                  X
X─────────────────────────────────────────────────────────────────────────────────────────── X
X   DATE   START    RECEIVER         TX TIME    PAGES TYPE        NOTE              M#    DP  X
X─────────────────────────────────────────────────────────────────────────────────────────── X
X   JUN-30 04:13 PM ##89250#9727212750   1' 10"    5  SEND        OK                263      X
X─────────────────────────────────────────────────────────────────────────────────────────── X
X                                                                                              X
X                                        TOTAL :     1M 10S  PAGES:    5                       X
X                                                                                              X
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
```

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
** JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. RLZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1906-1987)
WILLIAM M. BROWN (1912-1987)

**Name:**            David Caylor
**Organization:**    City Attorney
**Fax:**             (972) 721-2750
**Phone:**
**From:**            Charles B. Mitchell, Jr., Esq.
**Date:**            June _30_, 2004
**Subject:**         Kuja Stewart
                     1800 and 1900 Hunter Ferrell Roads
                     Irving, Texas
                     Our File No.:      3251.22711

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
**JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

**Name:** Mr. Ed Berry
**Organization:** Community Development
**Fax:** (972) 721-2422
**Phone:**
**From:** Charles B. Mitchell, Jr., Esq.
**Date:** June  3 0 , 2004
**Subject:** Kuja Stewart
1800 and 1900 Hunter Ferrell Roads
Irving, Texas
Our File No.:        3251.22711

**Pages:**        5    (including fax cover sheet)

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR
REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND
THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

```
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
X                                                                                  X
X                                                                            P. 01 X
X                               TRANSACTION REPORT                                 X
X                               ------------------               JUN-30-2004 WED 04:12 PM  X
X                                                                                  X
X       FOR:                                                                       X
X----------------------------------------------------------------------------------X
X   DATE  START    RECEIVER          TX TIME   PAGES TYPE      NOTE            M#  DP X
X----------------------------------------------------------------------------------X
X  JUN-30 04:11 PM ##89141#9727212422  1'11"    5  SEND       OK              262    X
X----------------------------------------------------------------------------------X
X                                                                                  X
X                                     TOTAL :    1M 11S  PAGES:   5                 X
X                                                                                  X
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
```

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
**JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Mr. Ed Berry |
| **Organization:** | Community Development |
| **Fax:** | (972) 721-2422 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June 30 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No. 3251.22711 |

# Fax

**BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.**
Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
** JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Mr. Gary Fennell |
| **Organization:** | Engineering Division |
| **Fax:** | (972) 721-2592 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June _30_, 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.:        3251.22711 |

**Pages:**      _5_ (including fax cover sheet)

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR
REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND
THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

```
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
X                                                                             P. 01    X
X                              TRANSACTION REPORT                                       X
X                                                        JUN-30-2004 WED 04:11 PM       X
X                                                                                       X
X     FOR:                                                                              X
X-------------------------------------------------------------------------------------X
X   DATE  START    RECEIVER          TX TIME    PAGES TYPE      NOTE              M#  DP X
X-------------------------------------------------------------------------------------X
X  JUN-30 04:09 PM ##89032#9727212592   1'16"     5  SEND      OK                261    X
X-------------------------------------------------------------------------------------X
X                                                                                       X
X                                        TOTAL :    1M 16S  PAGES:   5                  X
X                                                                                       X
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
```

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
**JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PHCK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

**Name:** Mr. Gary Fennell
**Organization:** Engineering Division
**Fax:** (972) 721-2592
**Phone:**
**From:** Charles B. Mitchell, Jr., Esq.
**Date:** June  30  2004
**Subject:** Kuja Stewart
1800 and 1900 Hunter Ferrell Roads
Irving, Texas
Our File No.:        3251.22711

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
• GRANT LISER
RICHARD W. WISEMAN
•• JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

• Also licensed to practice in Louisiana
•• Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

**Name:** Mr. Jim Driscoll
**Organization:** Traffic Division
**Fax:** (972) 721-3720
**Phone:**
**From:** Charles B. Mitchell, Jr., Esq.
**Date:** June _3 0_, 2004
**Subject:** Kuja Stewart
1800 and 1900 Hunter Ferrell Roads
Irving, Texas
Our File No.:        3251.22711

**Pages:**        _5_ (including fax cover sheet)

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR
REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND
THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

```
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
X                                                                                       X
X                              TRANSACTION REPORT                              P. 01    X
X                                                                                       X
X                                                      JUN-30-2004 WED 04:09 PM         X
X                                                                                       X
X        FOR:                                                                           X
X--                                                                                   --X
X    DATE  START    RECEIVER          TX TIME    PAGES TYPE       NOTE            M#  DP X
X--                                                                                   --X
X    JUN-30 04:07 PM ##88906#9727213720   1' 10"    5  SEND        OK              260  X
X--                                                                                   --X
X                                                                                       X
X                                      TOTAL :      1M 10S  PAGES:   5                  X
X                                                                                       X
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
```

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
**JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STKRLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

**Name:**          Mr. Jim Driscoll
**Organization:**  Traffic Division
**Fax:**           (972) 721-3720
**Phone:**
**From:**          Charles B. Mitchell, Jr., Esq.
**Date:**          June _30_, 2004
**Subject:**       Kuja Stewart
                   1800 and 1900 Hunter Ferrell Roads
                   Irving, Texas
                   Our File No.          3251.22711

# **Fax**

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
** JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

|              |                                    |
|--------------|------------------------------------|
| **Name:**         | Nancy Croney                  |
| **Organization:** | Re/Max Associates             |
| **Fax:**          | (817) 488-4768                |
| **Phone:**        |                               |
| **From:**         | Charles B. Mitchell, Jr., Esq. |
| **Date:**         | June _30_, 2004               |
| **Subject:**      | Kuja Stewart                  |
|              | 1800 and 1900 Hunter Ferrell Roads |
|              | Irving, Texas                 |
|              | Our File No.:    3251.22711   |

**Pages:**        _5_ (including fax cover sheet)

Comments:

---

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR
REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND
THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

---

```
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
X                                                                              P. 01    X
X                              TRANSACTION REPORT                                        X
X                                                           JUN-30-2004 WED 04:20 PM     X
X                                                                                        X
X     FOR:                                                                               X
X                                                                                        X
X  DATE  START    RECEIVER            TX TIME   PAGES TYPE      NOTE              M#  DP  X
X                                                                                        X
X  JUN-30 04:19 PM ##88897#8174884768    52"      5  SEND      OK               259      X
X                                                                                        X
X                                                                                        X
X                                          TOTAL :       52S PAGES:  5                   X
X                                                                                        X
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
```

# Fax

### BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
Attorneys at Law

BRALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
** JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0861
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

**Name:**     Nancy Croney
**Organization:**     Re/Max Associates
**Fax:**     (817) 488-4768
**Phone:**
**From:**     Charles B. Mitchell, Jr., Esq.
**Date:**     June _30_ 2004
**Subject:**     Kuja Stewart
           1800 and 1900 Hunter Ferrell Roads
           Irving, Texas
           Our File No.     3251.22711

BROWN, L  .N, WISEMAN, LISER, PROCTOR &  ...RT, L.L.P.
Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
• GRANT LISER
RICHARD W. WISEMAN
•• JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

June 30, 2004

David Caylor
City Attorney
825 W. Irving Blvd.
Irving, Texas 75060

**VIA FACSIMILE - (972) 721-2750**

Re:   Kuja Stewart
1800 and 1900 Hunter Ferrell Roads
Irving, Texas
Our File No.:       3251.22711

Dear Mr. Caylor:

The undersigned represents Kuja Stewart with regard to property at 1800 and 1900 Hunter Ferrell Roads. Her real estate agent, Nancy Croney, has attempted to resolve issues with the City with regards to these lots as my client's agent currently has a buyer that is interested in dividing the 9.47 acres on the 1800 Hunter Ferrell plot. Ms. Croney has spoken with Ron Ruthven, City Planner, as to what may be needed in order to develop that property. Thus far, Ms. Croney has not received any response to her email correspondence to Mr. J. Driscoll and Mr. G. Fennell, copies of which are attached. That email correspondence was, of course, sent as indicated on April 29, 2004. This issue needs to be resolved so that my client can develop this property and sell same. I request a written response from the City of Irving with regard to any restrictions, proposed right-of-ways, easements or restrictions on the sale and development of these two parcels of land.

If you have any questions or concerns, please do not hesitate to contact me.

Sincerely yours,

Charles B. Mitchell, Jr.

CBM:mm
Enclosures

June 30, 2004
Page

cc:    Mr. Ed Berry                                                         **VIA FACSIMILE**
Community Development
825 W. Irving Blvd., Dept. 15
Irving, Texas 75060

Gary Fennell                                                    **VIA FACSIMILE**
Engineering Division
825 W. Irving Blvd.
Irving, Texas 75060

Jim Driscoll                                                     **VIA FACSIMILE**
Traffic Division
825 W. Irving Blvd.
Irving, Texas 75060

Nancy M. Croney                                         **VIA FACSIMILE**
Re/Max Associates
6201 Colleyville Blvd.
Colleyville, Texas 76034

Kuja Stewart
2028 Sandy Lane
Irving, Texas 75060

# Fax

**BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.**
Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
**JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | David Caylor |
| **Organization:** | City Attorney |
| **Fax:** | (972) 721-2750 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June _30_ , 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.:     3251.22711 |

**Pages:**     _5_ (including fax cover sheet)

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

```
*********************************************************************************
X                                                                          P. 01   X
X                            TRANSACTION REPORT                                     X
X                            -----------------                                      X
X                                                   JUN-30-2004 WED 04:14 PM   X
X       FOR:                                                                        X
X---------------------------------------------------------------------------------X
X   DATE  START    RECEIVER          TX TIME   PAGES TYPE        NOTE        M#  DP X
X---------------------------------------------------------------------------------X
X  JUN-30 04:13 PM ##89250#9727212750   1'10"    5  SEND        OK          263    X
X---------------------------------------------------------------------------------X
X                                                                                  X
X                                        TOTAL :     1M 10S  PAGES:   5             X
X                                                                                  X
*********************************************************************************
```

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
** JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | David Caylor |
| **Organization:** | City Attorney |
| **Fax:** | (972) 721-2750 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June _30_, 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.:          3251.22711 |



# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
** JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Mr. Ed Berry |
| **Organization:** | Community Development |
| **Fax:** | (972) 721-2422 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June 30, 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.:          3251.22711 |

**Pages:**          5    (including fax cover sheet)

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR
REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND
THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

```
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
X                                                                              P. 01  X
X                           TRANSACTION REPORT                                         X
X                                                          JUN-30-2004 WED 04:12 PM   X
X     FOR:                                                                             X
X-------------------------------------------------------------------------------------X
X  DATE  START    RECEIVER          TX TIME   PAGES TYPE       NOTE          M#   DP   X
X-------------------------------------------------------------------------------------X
X  JUN-30 04:11 PM ##89141#9727212422   1'11"    5  SEND       OK            262       X
X-------------------------------------------------------------------------------------X
X                                        TOTAL :      1M 11S PAGES:   5                X
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
```

# Fax

**BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.**
Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
** JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1967)
WILLIAM M. BROWN (1912-1987)

**Name:** Mr. Ed Berry
**Organization:** Community Development
**Fax:** (972) 721-2422
**Phone:**
**From:** Charles B. Mitchell, Jr., Esq.
**Date:** June 30, 2004
**Subject:** Kuja Stewart
1800 and 1900 Hunter Ferrell Roads
Irving, Texas
Our File No. 3251.22711

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
**JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

**Name:** Mr. Gary Fennell
**Organization:** Engineering Division
**Fax:** (972) 721-2592
**Phone:**
**From:** Charles B. Mitchell, Jr., Esq.
**Date:** June _30_, 2004
**Subject:** Kuja Stewart
1800 and 1900 Hunter Ferrell Roads
Irving, Texas
Our File No.: 3251.22711

**Pages:** _5_ (including fax cover sheet)

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

Case 14-10979-CSS    Doc 10223-3    Filed 11/18/16    Page 82 of 128

```
**********************************************************************************
X                                                                          P. 01    X
X                         TRANSACTION REPORT                                         X
X                         ------------------                                         X
X                                              JUN-30-2004 WED 04:11 PM             X
X     FOR:                                                                           X
X--------------------------------------------------------------------------------X
X   DATE  START    RECEIVER          TX TIME    PAGES TYPE     NOTE          M#  DP  X
X--------------------------------------------------------------------------------X
X  JUN-30 04:09 PM ##89032#9727212592  1'16"      5  SEND      OK           261     X
X--------------------------------------------------------------------------------X
X                                                                                   X
X                                        TOTAL :   1M 16S  PAGES:  5                 X
X                                                                                   X
**********************************************************************************
```

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
• GRANT LISER
RICHARD W. WISEMAN
•• JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

• Also licensed to practice in Louisiana
•• Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PHCK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1778)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

**Name:** Mr. Gary Fennell

**Organization:** Engineering Division

**Fax:** (972) 721-2592

**Phone:**

**From:** Charles B. Mitchell, Jr., Esq.

**Date:** June _30_ 2004

**Subject:** Kuja Stewart
1800 and 1900 Hunter Ferrell Roads
Irving, Texas
Our File No.:        3251.22711

# **Fax**

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
• GRANT LISER
RICHARD W. WISEMAN
•• JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

\* Also licensed to practice in Louisiana
\*\* Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Mr. Jim Driscoll |
| **Organization:** | Traffic Division |
| **Fax:** | (972) 721-3720 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June _30_, 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.:        3251.22711 |
| **Pages:** | _5_ (including fax cover sheet) |

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR
REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND
THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

```
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
X                                                                              P. 01   X
X                              TRANSACTION REPORT                                       X
X                                                                     JUN-30-2004 WED 04:09 PM  X
X                                                                                      X
X      FOR:                                                                            X
X--------------------------------------------------------------------------------------X
X   DATE   START     RECEIVER          TX TIME    PAGES TYPE        NOTE           M#  DP  X
X--------------------------------------------------------------------------------------X
X  JUN-30 04:07 PM ##88906#9727213720   1'10"      5  SEND         OK             260     X
X--------------------------------------------------------------------------------------X
X                                                                                      X
X                                                TOTAL :      1M 10S  PAGES:   5        X
X                                                                                      X
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
```

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
** JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1823-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

**Name:**          Mr. Jim Driscoll
**Organization:**  Traffic Division
**Fax:**           (972) 721-3720
**Phone:**
**From:**          Charles B. Mitchell, Jr., Esq.
**Date:**          June _30_, 2004
**Subject:**       Kuja Stewart
                   1800 and 1900 Hunter Ferrell Roads
                   Irving, Texas
                   Our File No.        3251.22711

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
**JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

\* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Nancy Croney |
| **Organization:** | Re/Max Associates |
| **Fax:** | (817) 488-4768 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June _30_, 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.:      3251.22711 |

**Pages:**      _5_ (including fax cover sheet)

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR
REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND
THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

```
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
X                                                                                    P. 01   X
X                                                                                            X
X                               TRANSACTION REPORT                                           X
X                               ──────────────────              JUN-30-2004 WED 04:20 PM     X
X                                                                                            X
X      FOR:                                                                                  X
X────────────────────────────────────────────────────────────────────────────────────────X
X    DATE  START     RECEIVER          TX TIME    PAGES TYPE        NOTE            M#   DP  X
X────────────────────────────────────────────────────────────────────────────────────────X
X   JUN-30 04:19 PM  ##88897#8174884768    52"      5  SEND        OK               259      X
X────────────────────────────────────────────────────────────────────────────────────────X
X                                                                                            X
X                                        TOTAL :        52S  PAGES:   5                      X
X                                                                                            X
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
```

# **Fax**

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BKALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
**JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCK H. ROGERS
STERLING J. BLZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Nancy Cron·y |
| **Organization:** | Re/Max Associates |
| **Fax:** | (817) 488-4768 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June _30_ 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.        3251.22711 |







**The Croney Team**
**"Our Family Serving Yours"**
**Fax: 817-488-4768**
**www.CroneyTeam.com**

Date: 5-27-04          # of pages: 10

To: Charlie Mitchell    Fax #: 817-870-2427

From:

____ Nancy Croney          ____ Keith Croney          ____ Jocelyn Croney
(cell) 817-781-9464        (cell) 817-781-9465        (cell) 817-781-9463

Re: Keija Stewart - 1800 and 1900 Hunter Ferrell Loads Irvong TX

**Comments:**

May 27, 2004

| | |
|---|---|
| TO: | CHARLIE MITCHELL |
| FROM: | NANCY CRONEY |
| RE: | KUJA STEWART FOR 1800 and 1900 Hunter Ferrell Roads |

Charlie,

Attached are copies of the listings, plats, aerial view and zoning maps for the
above captioned properties, as well as, copies of letters that I have sent to the City
of Irving. I have phoned, visited and written them request for additional
information and have not had any feedback yet. It is my understanding, after
visiting the City of Irving that proposed Trinity Blvd will go through both parcels
of ground and basically make 1900 Hunter Ferrell almost useless for building.
The City appears to have some problems with it being in a flood zone but I have
not had conversation with the engineer from the City.

Anything that you can do for Mrs. Stewart would be appreciated.

Sincerely,

Nancy M. Croney
Re/Max Associates
6201 Colleyville Blvd.
Colleyville, TX 76034
817-781-9464
Nancy@Croneyteam.com

## Agent Full Report

| | |
|---|---|
| MLS#: 10055454 | **St:** ACT  **Cat:** LND  **LP:** $380,000 |
| Orig LP: $426,000 | **Low:** $0 |
| Addr: 1800 HUNTER FERRELL RD | |
| City: IRVING* | Zip: 75062 |
| County: DALLAS | Map: DA/041A*/P* |
| Subdv: JOSEPH MANGRUM ABST 861 PG 140* | Will Subdivide: No |
| Area: 26/3 | Lot: 2  Block: 8611 |
| Legal: JOSEPH MANGRUM ABST 861 PG 140 | MUD Dst: No |
| Parcel ID: 65086114010020000    PAR: Y | Mlt: |

| | |
|---|---|
| Land SqFt: 412,513 / Tax | # of Lots: |
| $/Lot SqFt: 0.92 | Lots Sold Sep: |
| Acres: 9.47 | Lots Sold Pkg: |
| $/Acre: 40126 | LotDim: 0X0 |

| | | | |
|---|---|---|---|
| **AG Exemption:** Yes | **Pasture Acres:** | **Type:** Commercial | |
| **Stock Tanks:** | **Cultivated Acres:** | **Feet to Road:** | |
| **Wtr Meters:** | **Bottom Land Acres:** | **Road Frontage:** | |
| **Wells:** | **Irrigated Acres:** | | |
| **Lakes:** | **Crop Retire Prog:** | | |
| **Ponds:** | **Land Leased:** | **Rd Asmt:** | **HOA:** None Dues: $ / None |

**School District:** GRAND PRAIRIE ISD

| | | | | |
|---|---|---|---|---|
| **School Type:** E | **School Name:** LAMAR | **Bus:** | **School Type:** M | **School Name:** ADAMS  **Bus:** |
| **School Type:** H | **School Name:** GRANDPRAIR | **Bus:** | **School Type:** | **School Name:**  **Bus:** |

| Lot Description | Street/Utilities | Easements | Showing |
|---|---|---|---|
| Acreage | Other | Other | No Lock Box |
| Lot Size/Acreage | Other Utilities | Assumption Info | Sign on Lot |
| 5 Acres to 9.99 Acres | Other Utilities | Not Assumable | |
| Development | Restrictions | Possession | |
| Unzoned | No Known Restriction(s) | Negotiable | |

**Public:** Directly across from Lone Star Park. Some of the land is in a flood zone. The county may use part of the land to expand Trinity Blvd. Buyer to verify schools.

**Private:**
**Intra Office Remarks:**
**Dir:**

| | | | |
|---|---|---|---|
| Loan Type: Treat As Clear | Balance: $ | Equity: $ 380,000 | Int Rate: % |
| Payment: $ | Pmt Type: | Lender: | |
| Orig Date: | 2nd Mortg: No | Unexempt Taxes: $ 716* | |

| | | | |
|---|---|---|---|
| **SAC:** 0  **BAC:** 3  **Var:** N | List Type: Exclusive Right to Sell/Lease | | DOM:93 LD: 2/24/2004 XD: 8/24/2004 |
| LO: RMMC01CV  RE/Max Associates Realty | (817)416-5100 | | Fax: (817)416-5115 |
| LO Addr: 6201 Colleyville Blvd 100 Colleyville, Tx 76034 | | | |
| LA: 0453197  Nancy Croney | (817)781-9464 | | Fax: (817)488-4768 |
| Agt Oth: (817) 781-9464 | LA Email: nancy@croneyteam.com | | |
| Pager: | Cell: | | |
| Call: Agent  Appt: X: | Brk Lic#: 0468970 | | |

| | | |
|---|---|---|
| Title Co: | | Loc: |
| Show: | | |
| | | Keybox #: 0 |
| Owner Name: See Agent | Sir Type: Owner | Occup: |

Prepared By: Nancy Croney / RE-Max Associates Realty
—— Information herein deemed reliable but not guaranteed. ——.
Copyright: 2004 by North Texas Real Estate Info. Systems, Inc. Thu. May 27, 2004 10:00 AM

No picture requested.

| | |
|---|---|
| MLS#: 10055474   **St: ACT**   **Cat: LND**   **LP: $900,000** | **Low: $0** |

Orig LP: $1,499,800
Addr: 1900 HUNTER FERRELL RD
City: IRVING*                          Zip: 75062
County: DALLAS                      Map: DA/041A*/Q*
Subdv: JOSEPH MANGRUM ABST 861 PG 140*        **Will Subdivide: No**
Area: 26/3                          Lot: 1        **Block: 8611**
Legal: JOSEPH MANGRUM ABST 861 PG 140          **MUD Dst: No**
Parcel ID: 65086114010010000   **PAR: Y**        **Mit:**

Land SqFt: Tax          # of Lots:
$/Lot SqFt: 0          Lots Sold Sep:
Acres: 33.33          Lots Sold Pkg:
$/Acre: 27002          LotDim: 0X0

**AG Exemption: Yes**      Pasture Acres:          **Type:** Commercial
**Stock Tanks:**          Cultivated Acres:          **Feet to Road:**
**Wtr Meters:**          Bottom Land Acres:          **Road Frontage:**
**Wells:**              Irrigated Acres:
**Lakes:**              Crop Retire Prog:
**Ponds:**              Land Leased:      Rd Asmt:      HOA: None Dues: $ / None

**School District:** GRAND PRAIRIE ISD
**School Type:** E   **School Name:** LAMAR      Bus:   School Type: M   **School Name:** ADAMS   Bus:
**School Type:** H   **School Name:** GRANDPRAIR   Bus:   School Type:   **School Name:**   Bus:

**Lot Description**      **Street/Utilities**      **Easements**      **Showing**
Acreage              Other              Other              Sign on Lot
**Lot Size/Acreage**      **Other Utilities**      **Assumption Info**
10 Acres to 100 Acres      Other Utilities          Not Assumable
**Development**          **Restrictions**          **Possession**
Unzoned              No Known Restriction(s)      Negotiable

**Public:** Buyer to verify schools. 33.33 acres across the street from Lone Star Park. County may expand Trinity Blvd near or on some of this land.

**Private:**
**Intra Office Remarks:**
**Dir:**

**Loan Type:** Treat As Clear      **Balance:** $      **Equity:** $ 900,000          **Int Rate:** %
**Payment:** $              **Pmt Type:**      **Lender:**
**Orig Date:**              **2nd Mortg:** No      **Unexempt Taxes:** $ 2,520*

**SAC:** 0   **BAC:** 3   **Var:** N      **List Type:** Exclusive Right to Sell/Lease      DOM:93 LD: 2/24/2004 XD: 8/24/2004
LO: RMMC01CV  RE/Max Associates Realty      (817)416-5100          Fax: (817)416-5115
LO Addr: 6201 Colleyville Blvd 100  Colleyville, Tx 76034
LA: 0453197  Nancy Croney          (817)781-9464          Fax: (817)488-4768
Agt Oth: (817) 781-9464          LA Email: nancy@croneyteam.com
Pager:                      Cell:
Call: Agent   Appt: X:          Brk Lic#: 0468970

**Title Co:**                              Loc:
**Show:**
                                    Keybox #: 0
**Owner Name:** Call Agent      Sir Type: Owner          Occup:

Prepared By: Nancy Croney / RE-Max Associates Realty
--- Information herein deemed reliable but not guaranteed. ---
Copyright: 2004 by North Texas Real Estate Info. Systems, Inc. Thu, May 27, 2004 10:00 AM







ArcIMS Viewer



S-P-2 4423

ML-20 418

M-FW 879

S-P-2 4694

S-P-2 3822

Ä-G 1879

C-OU-2 260

W HUNTER FERRELL RD



ESRI ArcIMS - City of Irving GIS



10000



Case 14-10979-CSS   Doc 10223-3   Filed 11/18/16   Page 97 of 128



## Main Identity

| | |
|---|---|
| **From:** | "Nancy Croney" <Nancy@croneyteam.com> |
| **To:** | <jdriscoll@ci.irving.tx.us> |
| **Cc:** | "Nancy Croney" <Nancy@croneyteam.com> |
| **Sent:** | Thursday, April 29, 2004 2:25 PM |
| **Subject:** | 1800 and 1900 Hunter Ferrell Roads |

Mr. Driscoll,

I am currently marketing the above captioned properties for sale and have some interested parties that would like to operate a trucking business on 1800 Hunter Ferrell Road. That current piece is 9.47 acres and the buyer is interested in dividing the property into two lots. I spoke to Ron Ruthven, Planner, yesterday and he was concerned about the proposed Trinity Blvd and other new roads that would affect these lots. I would appreciate your comments, concerns and opinions concerning the feasibility of developing this land and what your department would require from the owners of this property.
Sincerely,
Nancy Croney
817-781-9464
Nancy@Croneyteam.com
Re/Max Associates Realty

5/27/2004

## Main Identity

**From:**      "Nancy Croney" <Nancy@croneyteam.com>
**To:**         <gfennell@ci.irving.tx.us>
**Cc:**         "Nancy Croney" <Nancy@croneyteam.com>
**Sent:**      Thursday, April 29, 2004 2:22 PM
**Subject:**   1800 and 1900 Hunter Ferrell Road

Mr. Fennell,
I am currently marketing the above captioned properties for sale and have some interested parties
that would like to operate a trucking business on 1800 Hunter Ferrell Road. That current piece is
9.47 acres and the buyer is interested in dividing the property into two lots. I spoke to Ron Ruthven,
Planner, yesterday and he was concerned about the flood zone areas in those lots. I would
appreciate your comments, concerns and opinions concerning the feasibility of developing this land
and what your department would require from the owners of this property.
Sincerely,
Nancy Croney
817-781-9464
Nancy@Croneyteam.com
Re/Max Associates Realty

5/27/2004

KUK JA STEWART

MINERAL LEASE

SF CR 4/7/14
FJP-411014

Ku Ja Stewart

Mineral Lease
Misc file



REL 20050361090

4 PGS

PRODUCERS 88 (4-89) – PAID UP POUND PRINTING . STATIONERY COMPANY
WITH 640 ACRES POOLING PROVISION        4703-C RICHMOND, HOUSTON, TEXAS 77027 (713) 552-9797

# PAID UP OIL AND GAS LEASE

THIS LEASE AGREEMENT is made as of the 15th day of September, 2005, between UP G KUK, INC., A TEXAS CORPORATION, as Lessor (whether one or more), whose address is 2028 Sandy Lane, Irving, Texas 75060-5639, and SCOUT EXPLORATION, J.V., a Texas Joint Venture, as Lessee, whose address is 5958 Sherry Lane, Suite 1810, Dallas, Texas 75225. All printed portions of this lease were prepared by the party hereinabove named as Lessee, but all other provisions (including the completion of blank spaces) were prepared jointly by Lessor and Lessee.

1.    In consideration of a cash bonus in hand paid and the covenants herein contained, Lessor hereby grants, leases and lets exclusively to Lessee the following described land, hereinafter called leased premises: (use Exhibit "A" for leg description):

42.803 acres of land, more or less, out of the J. Mangum Survey, A-861, Dallas County, Texas, more particularly described on Exhibit "A" attached hereto and made a part hereof for all purposes, which land is hereinafter referred to as the "leased premises",

in the county of Dallas, State of Texas, containing 42.803 gross acres, more or less (including any interests therein which Lessor may hereafter acquire by reversion, prescription or otherwise), for the purpose of exploring for, developing, producing and marketing oil and gas, along with all hydrocarbon and nonhydrocarbon substances produced in association therewith. The term "gas" as used herein includes helium, carbon dioxide and other commercial gases, as well as hydrocarbon gases. In addition to the above-described leased premises, this lease also covers accretions and any small strips or parcels of land now or hereafter owned by Lessor which are contiguous or adjacent to the above-described leased premises, and, in consideration of the aforementioned cash bonus, Lessor agrees to execute at Lessee request any additional or supplemental instruments for a more complete or accurate description of the lands so covered. For the purpose of determining the amount of any shut-in royalties hereunder, the number of gross acres above specified shall be deemed correct, whether actually more or less.

2.    This lease, which is a "paid-up" lease requiring no rentals, shall be in force for a primary term of five (5) years from the date hereof, and for so long thereafter as oil or gas or other substances covered hereby are produced in paying quantities from the leased premises or from lands pooled therewith or this lease is otherwise maintained in effect pursuant to the provisions hereof.

3.    Royalties on oil, gas and other substances produced and saved hereunder shall be paid by Lessee to Lessor as follows: (a) For oil and other liquid hydrocarbons separated at Lessee separator facilities, the royalty shall be 1/4 of such production, to be delivered at Lessee's option to Lessor at the wellhead or to Lessor's credit at the oil purchaser's transportation facilities, provided that Lessee shall have the confirming right to purchase such production at the wellhead market price then prevailing in the same field (or if there is no such price then prevailing in the same field, then in the nearest field in which there is such a prevailing price) for production of similar grade and gravity; (b) for gas (including casinghead gas) and all other substances covered hereby, the royalty shall be 1/4 of the proceeds realized by Lessee from the sale thereof, less a proportionate part of ad valorem taxes and production, severance, or other excise taxes and the costs incurred by Lessee in delivering, processing or otherwise marketing such gas or other substances, provided that Lessee shall have the continuing right to purchase such production at the prevailing wellhead market price paid for production of similar quality in the same field (or if there is no such price then prevailing in the same field, then in the nearest field in which there is such a prevailing price) pursuant to comparable purchase contracts entered into on the same or several preceding date on the date on which Lessee commences its purchases hereunder; and (c) if at the end of the primary term or any time thereafter one or more wells on the leased premises or lands pooled therewith are capable of producing oil or gas or other substances covered hereby in paying quantities, but such well or wells are either shut in or production therefrom is not being sold by Lessee, such well or wells shall nevertheless be deemed to be producing in paying quantities for the purpose of maintaining this lease. If for a period of 90 consecutive days such well or wells are shut in or production therefrom is not being sold by Lessee, then Lessee shall pay shut-in royalty of one dollar per acre then covered by this lease, such payment to be made to Lessor or to Lessor's credit in the depository designated below, on or before the end of said 90 day period and thereafter on or before each anniversary of the end of said 90-day period while the well or wells are shut in or production therefrom is not being sold by Lessee; provided that if this lease is otherwise being maintained by operations, or if production is being sold by Lessee from another well or wells on the leased premises or lands pooled therewith, such shut-in royalty shall be due until the end of the 90-day period next following cessation of such operations or production. Lessee's failure to properly pay royalty shall royalty shall render Lessee liable for the amount due, but shall not operate to terminate this lease.

4.    All shut-in royalty payments under this lease shall be paid or tendered to Lessor or to Lessor's credit in

at

or its successors, which shall be Lessee's depository agent for receiving payments regardless of changes in the ownership of said land. All payments or tenders may be made in currency, or by check or by draft and such payments or tenders to Lessor or to the depository by deposit in the U.S. Mails in a stamped envelope addressed to the depository or to the Lessor at the last address known to Lessee shall constitute proper payment. If the depository should liquidate or be succeeded by another institution, or for any reason fail or refuse to accept payment hereunder, Lessor shall, at Lessees request, deliver to Lessee a proper recordable instrument naming another institution as depository agent to receive payments.

5.    If Lessee drills a well which is incapable of producing in paying quantities (hereinafter called "dry hole") on the leased premises or lands pooled therewith, or if all production (whether or not in paying quantities) permanently ceases from any cause, including a revision of unit boundaries pursuant to the provisions of Paragraph 6 or the action of any governmental authority, then in the event this lease is not otherwise being maintained in force it shall nevertheless remain in force if Lessee commences operations for reworking an existing well or for drilling an additional well or for otherwise obtaining or restoring production on the leased premises or lands pooled therewith within 90 days after completion of operations on such dry hole or within 90 days after such cessation of all production, if at the end of the primary term, or at any time thereafter, this lease is not otherwise being maintained in force but Lessee is then engaged in drilling, reworking or any other operations reasonably calculated to obtain or restore production therefrom, this lease shall remain in force so long as any one or more of such operations are prosecuted with no cessation of more than 90 consecutive days, and if any such operations result in the production of oil or gas or other substances covered hereby, so long thereafter as there is production in paying quantities from the leased premises or lands pooled therewith. After completion of a well capable of producing in paying quantities hereunder, Lessee shall drill such additional wells on the leased premises or lands pooled therewith as a reasonably prudent operator would drill under the same or similar circumstances to (a) develop the leased premises as is reasonably prudent to maintain production, or if the same, or (b) protect the leased premises or lands pooled therewith, or (c) to prevent the leased premises from being drained from uncompensated drainage by any well or wells located on other lands not pooled therewith. There shall be no covenant to drill exploratory wells or any additional wells except as expressly provided herein.

6.    Lessee shall have the right but not the obligation to pool all or any part of the leased premises or interest therein with any other lands or interests, as to any or all depths or zones, and as to any or all substances covered by this lease, either before or after the commencement of production, whenever Lessee deems it necessary or proper to do so in order to prudently develop or operate the leased premises, whether or not similar pooling authority exists with respect to such other lands or interests. The unit formed by such pooling for an oil well which is not a horizontal completion shall not exceed 40 acres plus a maximum acreage tolerance of 10%, provided that a larger unit may be formed for an oil well or a horizontal completion to conform to any well spacing or density pattern that may be prescribed or permitted by any governmental authority having jurisdiction to do so. For the purpose of the foregoing, the terms "oil well" and "gas well" shall have the meanings prescribed by applicable law or the appropriate governmental authority, or, if no definition is so prescribed, "oil well" means a well with an initial gas-oil ratio of less than 100,000 cubic feet per barrel and "gas well" means a well with an initial gas-oil ratio of 100,000 cubic feet or more per barrel, based on a 24-hour production test conducted under normal producing conditions using standard lease separator facilities or equivalent testing equipment. The formation of any unit hereunder shall not have the effect of changing the ownership of any shut-in royalty which might become payable under this lease. If more than one well is located on a unit any one of which is capable of producing in paying quantities, the entire acreage to be placed in the unit as provided above, after any part of the leased premises shall be treated as if it were production, drilling or reworking operations on the leased premises, except that the production on which Lessor's royalty is calculated shall be that proportion of the total unit production which the net acreage covered by this lease and included in the unit bears to the total gross acreage in the unit, but only to the extent such proportion of unit production is sold by Lessee. Pooling in one or more instances shall not exhaust Lessees pooling rights hereunder, and Lessee shall have the recurring right but not the obligation to revise any unit formed hereunder, either before or after commencement of production, in order to conform to the well spacing or density, pattern prescribed or permitted by the governmental authority. In making such a revision, Lessee shall file of record a written unit declaration describing the revised unit; and unless otherwise stating the effective date of revision. To the extent any portion of the leased premises is included in or excluded from the unit by virtue of such revision, the proportion of unit production on which royalties are payable hereunder shall thereafter be adjusted accordingly. In the absence of production in paying quantities from a unit, or upon permanent cessation thereof, Lessee may terminate the unit by filing of record a written declaration describing the unit and stating the date of termination. Pooling hereunder shall not constitute a cross-conveyance of interests.

7.    If Lessor owns less than the full mineral estate in all or any part of the leased premises, the royalties and shut-in royalties payable hereunder for any well on any part of the leased premises or lands pooled therewith shall be reduced to the proportion that Lessor's interest in such part of the leased premises bears to the full mineral estate in such part of the leased premises.

PAID UP OIL AND GAS LEASE - Page 1 of 3 Pages
R MPEDGENSCOUTGEVENT PUROIL-RTGOIL

8.    The interest of either Lessor or Lessee hereunder may be assigned, devised or otherwise transferred in whole or in part, by area and/or by depth or zone, and the rights and obligations of the parties hereunder shall extend to their respective heirs, devisees, executors, administrators, successors and assigns. No change in Lessor's ownership shall have the effect of reducing the rights or enlarging the obligations of Lessee hereunder, and no change in ownership shall be binding on Lessee until 80 days after Lessee has been furnished the original or certified or duly authenticated copies of the documents establishing such change of ownership to the satisfaction of Lessee or until Lessor has satisfied the notification requirements contained in Lessees usual form of division order. In the event of the death of any person entitled to shut in royalties hereunder, Lessee may pay or tender such shut-in royalties to the credit of decedent or decedent's estate in the depository designated above. If at any time two or more persons are entitled to shut-in royalties hereunder, Lessee may pay or tender such shut-in royalties to such persons or to their credit in the depository, either jointly or separately in proportion to the interest which each owns. If Lessee transfers its interest hereunder in whole or in part Lessee shall be relieved of all obligations thereafter arising with respect to the transferred interest, and shall thereupon be relieved of all obligations thereafter arising with respect to the transferred interest shall not affect the rights of Lessee with respect to any interest not so transferred. If Lessee transfers a full or undivided interest in all or any portion of the area covered by this lease, the obligation to pay or tender shut-in royalties hereunder shall be divided between Lessee and the transferee in proportion to the net acreage interest in the lease then held by each.

9.    Lessee may, at any time and from time to time, deliver to Lessor or file of record a written release of this lease as to a full or undivided interest in all or any portion of the area covered by this lease or any depths or zones thereunder, and shall thereupon be relieved of all obligations thereafter arising with respect to the interest so released. If Lessee releases all or an undivided interest in less than all of the area covered hereby, Lessee's obligation to pay or tender shut-in royalties shall be proportionately reduced in accordance with the net acreage interest retained hereunder.

10.   In exploring for, developing, producing and marketing oil, gas and other substances covered hereby on the leased premises or lands pooled or unitized therewith, in primary and/or enhanced recovery, Lessee shall have the right of ingress and egress along with the right to conduct such operations on the leased premises as may be reasonably necessary for such purposes, including but not limited to geophysical operations, the drilling of wells, and the construction and use of roads, canals, pipelines, tanks, water wells, disposal wells, injection wells, pits, electric and telephone lines, power stations, and other facilities deemed necessary by Lessee to discover, produce, store, treat and/or transport production. Lessee may use in such operations, free of cost, any oil, gas, water and/or other substances produced on the leased premises, except water from Lessor's wells or ponds. In exploring, developing, producing or marketing from the leased premises or lands pooled therewith, the ancillary rights granted hereto shall apply (a) to the entire leased premises described in Paragraph 1 above, notwithstanding any partial release or other partial termination of this lease; and (b) to any other lands to which Lessor now or hereafter has authority to grant such rights in the vicinity of the leased premises or lands pooled therewith. When requested by Lessor in writing, Lessee shall bury its pipelines below ordinary plow depth on cultivated lands. No well shall be located less than 200 feet from any house or barn now on the leased premises or other lands used by Lessee without Lessor's consent, and Lessee shall pay for damage caused by its operations to buildings and other improvements now on the leased premises or such other lands, and to commercial timber and growing crops thereon. Lessee shall have the right at any time to remove its fixtures, equipment and materials, including well casing, from the leased premises or such other lands during the term of this lease or within a reasonable time thereafter.

11.   Lessee's obligations under this lease, whether express or implied, shall be subject to all applicable laws, rules, regulations and orders of any governmental authority having jurisdiction including restrictions on the drilling and production of wells, and the price of oil, gas and other substances covered hereby. When drilling, reworking, production or other operations are prevented or delayed by such laws, rules, regulations or orders, or by inability to obtain necessary permits, equipment, services, material, water, electricity, fuel, access or labor, or by fire, flood, adverse weather, war, sabotage, rebellion, insurrection, riot, strike or labor disputes, or by inability to obtain a satisfactory market for production or failure of purchasers or carriers to take or transport such production, or by any other cause not reasonably within Lessee's control, this lease shall not terminate because of such prevention or delay, and at Lessee's option, the period of such prevention or delay shall be added to the term hereof. Lessee shall not be liable for breach of any express or implied covenants of this lease when drilling, production or other operations are so prevented, delayed or interrupted.

12.   In the event that Lessor, during the primary term of this lease, receives a bona fide offer which Lessor is willing to accept from any party desiring to purchase from Lessor a lease covering any or all of the substances covered by this lease and covering all or a portion of the land described herein, then the lease becoming effective upon expiration of this lease, Lessor hereby agrees to notify Lessee in writing of said offer immediately, including in the notice the name and address of the offeror, the price offered and all other pertinent terms and conditions of the offer. Lessee, for a period of fifteen days after receipt of the notice, shall have the prior and preferred right and option to purchase the lease or part thereof or interest therein covered by the offer at the price and according to the terms and conditions specified in the offer.

13.   No litigation shall be initiated by Lessor with respect to any breach or default by Lessee hereunder, for a period of at least 90 days after Lessor has received written notice fully describing the breach or default, and then only if Lessee fails to remedy the breach or default, within such period. In the event the matter is litigated and there is a final judicial determination that a breach or default has occurred, this lease shall not be forfeited or cancelled in whole or in part unless Lessee is given a reasonable time after said judicial determination to remedy the breach or default and Lessee fails to do so.

14.   Lessor hereby warrants and agrees to defend title against the claims of all persons whomsoever, and agrees that Lessee at its option may pay and discharge any taxes, mortgages or liens existing, levied or assessed on or against the leased premises. If Lessee exercises such option, Lessee shall be subrogated to the rights of the party to whom payment is made, and, in addition to its other rights, may reimburse itself out of any royalties or shut-in royalties otherwise payable to Lessor hereunder. In the event Lessee is made aware of any claim inconsistent with Lessor's title, Lessee may suspend the payment of royalties and shut-in royalties hereunder, without interest, until Lessee has been furnished satisfactory evidence that such claim has been resolved.

15.   The parties hereto agree that Lessee shall pay to the owner(s) of the surface estate of the leased premises the sum of $25,000.00 for each drill site constructed on the leased premises, which sum shall represent payment in full for all damages done to said drill site in connection with Lessee's operations thereon, which drill site shall not exceed five (5) acres of land, more or less.

16.   Concurrently with Lessor's execution hereof, Lessee shall pay Lessor the sum of $600.00 per net mineral acre of land covered by this lease as bonus consideration for the execution of this lease by Lessor.

17.   The parties hereto agree that a Memorandum of Paid Up Oil and Gas Lease may be filed of record for the purpose of providing record notice of the existence of this lease in lieu of recording the executed original hereof.

IN WITNESS WHEREOF, this lease is executed by Lessor on the date set forth in the certificate of acknowledgment below, but shall be effective as of the date first above written.

Lessor:                                           Lessee:

UP_G_KUK, INC.                                    SCOUT EXPLORATION, J.V.

By: _Kuk J Steuart_                               By: _____

_KUK JD StewART_                                  _Lawrence L. Hall, JR. - JOINT VENTURER_
[Print/Type Name, Title]                          [Print/Type Name, Title]

PRESIDENT

STATE OF TEXAS §
                      §
COUNTY OF Tarrant §

    This instrument was acknowledged before me on this the 27th day of September, 2005, by Kuk Ja Stewart , as President of UP_G_KUK INC., a Texas corporation, on behalf of said corporation.

N. JEANNINE JENKINS
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires 5-16-2009

Notary Public in and for the State of Texas

STATE OF TEXAS §
                      §
COUNTY OF Dallas §

    This instrument was acknowledged before me on this the 30th day of September, 2005, by Wallace L. Hall, Jr. , as Joint Venturer of SCOUT EXPLORATION, J.V., a Texas joint venture, on behalf of said joint venture.

CHRISTINA DILLLAN
MY COMMISSION EXPIRES
July 31, 2008

Notary Public in and for the State of Texas

## EXHIBIT "A"

BEING a tract of land situated in the JOSEPH MANGUM SURVEY, ABSTRACT NO. 861, Dallas County, Texas, and being part of two tracts of land described in deed to Jasper Federal Savings and Loan Association, as recorded in Volume 86166, Page 2069, Deed Records, Dallas County, Texas, and being more particularly described as follows:

BEGINNING at a 1/2" diameter iron rod found in the South line of a tract of land described in deed from Ashlin Development Company to Ward Williford, Trustee, as recorded in Volume 88119, Page 0715, Deed Records, Dallas County, Texas, said iron rod also being at the most Northerly Northwest corner of a tract of land described in deed from Gifford-Hill & Co., Inc. to the County of Dallas as recorded in Volume 70009, Page 0319, Deed Records, Dallas County, Texas, said iron rod also being in the West line of Hunter Ferrell Road (a 57.5 foot right-of-way at this point);

THENCE South 1,536.53 feet with the said West line of Hunter Ferrell Road and with the West line of said County of Dallas tract and along a fence line to a 1/2" diameter iron rod found;

THENCE South 45° 03' 05" West 70.65 feet with the Northwest line of said Hunter Ferrell Road and with the Northwest line of said County of Dallas tract and along a fence line to a 1/2" diameter iron rod found, said iron rod also being in the North line of Hunter Ferrell Road (a 60' right-of-way at this point);

THENCE South 89° 59' 05" West, 1,126.74 feet, with the North line of said Hunter Ferrell Road and with the North line of said County of Dallas tract and along a fence line to a 1/2 diameter iron rod found at the Southeast corner of a tract of land described in deed to Jasper Federal Savings and Loan Association, as recorded in Volume 86166, Page 2069, Deed Records, Dallas County, Texas;

THENCE North 00° 19' 26" East 1,594.79 feet, with the East line of said Jasper Federal Savings and Loan Association tract, to a 1/2" diameter iron rod found in the South line of said Ward Williford, Trustee tract;

THENCE South 89° 42' 16" East 1,167.74 feet, with the said South line of Ward Williford, Trustee tract and along a fence line to the PLACE OF BEGINNING and containing 1,864,485 square feet (42.803 acres) of land, more or less.

AFTER RECORDING, PLEASE RETURN TO:

Mr. Ronald O. Holman
Holman Robertson Eldridge
5949 Sherry Lane, Suite 1700
Dallas, Texas 75225

**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS

*Cynthia Figueroa Calhoun*

Cynthia Figueroa Calhoun, County Clerk
Dallas County TEXAS
December 06, 2005  08:45:17 AM
FEE: $28.00          200503510909

EXHIBIT "A" -- Solo Page
H:\WPI05\ROH\SCOUT\STEWART PU OGL-01.DOC

9
9

Prepared by and mail to:

CONFORMED

COPY

Clifford Chance US LLP
200 Park Avenue
New York, New York 10166
Attn: Dawn E. Goldberg, Esq.

DALLAS COUNTY,

TEXAS

DEED OF TRUST, ASSIGNMENT OF LEASES,
SECURITY AGREEMENT, FINANCING STATEMENT AND FIXTURE FILING

THIS DEED OF TRUST (this "Instrument") entered into as of
the
15th day of May, 2003 but effective as of the 19th day of May, 2003 by
MARCONI
COMMUNICATIONS, INC., a Delaware corporation ("Trustor"), having an address
at
c/o Marconi Corporation plc, One Bruton Street, London W1J 6AQ United
Kingdom,
to WARD WILLIFORD ("Trustee"), having an address at 1909 Woodall Rodgers
Freeway, Suite 410, Dallas County, Texas 75201, for the use and benefit of
THE
LAW DEBENTURE TRUST CORPORATION p.l.c., a public limited company organized
under
the laws of England and Wales, as Security Trustee for the Secured Creditors
(as
defined in the Intercreditor Agreement) (together with any co-trustee, co-
agent
or other entity that may be appointed after the date hereof pursuant to
clause
16 of the Intercreditor Agreement (as defined below)) ("Beneficiary") under
the
Security Trust and Intercreditor Deed dated the date hereof and made among
Marconi Corporation plc as Issuer; Beneficiary; the persons listed in
Schedule 1
thereto as Guarantors; Law Debenture Trust Company of New York as Senior Note
Trustee; JPMorgan Chase Bank as Junior Note Trustee; HSBC Bank plc as New
Bonding Facility Agent; The Bank of New York as Depositary, Paying Agent and
Registrar; the persons listed in Part A Schedule 2 thereto as Intra-Group
Creditors; the persons listed in Part B Schedule 2 thereto as Intra-Group
Borrowers and the persons listed in Schedule 3 thereto as New Bonding
Facility
Banks (as amended, modified or supplemented from time to time, the
"Intercreditor Agreement"), having an address at Fifth Floor, 100 Wood
Street,
London EC2V 7EX, United Kingdom. Capitalized terms used herein without
definition shall have the respective meanings assigned to such terms in the
Intercreditor Agreement.

{02780774.DOCX / }

W I T N E S S E T H:

WHEREAS, Trustor is a United States wholly-owned subsidiary of
Marconi Corporation, plc (the "Issuer"), which is the Issuer under the
Indentures, the Notes and the New Bonding Facility Agreement;

WHEREAS, as of the date hereof and in favor of Beneficiary,
Trustor has entered into a Guarantee of the Senior Notes and Senior Note
Indenture, a Guarantee of the Junior Notes and the Junior Note Indenture and
a
Composite Guarantee of certain other obligations under the Relevant
Documents,
including the New Bonding Facility Agreement (collectively, the
"Guarantees"),
pursuant to which Trustor has agreed to guarantee the "Guaranteed
Obligations"
(as such term is defined in each of the Guarantees) and has agreed to secure
the
Guaranteed Obligations and other obligations;

WHEREAS, Trustor has received substantial benefit from the
Secured Obligations (as defined below) secured hereby, which consist of,
among
other things, term notes and a revolving bonding

1

facility, made in the aggregate principal amount of up to One Billion Two
Hundred Eighty-Four Million Nine Hundred Twenty-Five Thousand and No/100
Dollars
(U.S. $1,284,925,000.00) with a maturity date of October 31, 2008; and

WHEREAS, Beneficiary and the Secured Creditors have
required
that Trustor execute and deliver this Instrument (i) in order to secure the
prompt and complete payment, observance and performance of all of the Secured
Obligations (as defined below) and (ii) as a condition precedent to
Beneficiary
and the Secured Creditors entering into the Relevant Documents.

NOW, THEREFORE, in consideration of the premises and for
other
good and valuable consideration, the receipt and sufficiency of which is
hereby
acknowledged, the parties hereto agree as follows:

GRANTING CLAUSE

To secure the payment and the performance and discharge of
the
Secured Obligations (as hereinafter defined), and for good and valuable
consideration, the receipt and sufficiency of which is hereby acknowledged
and

confessed, Trustor has GRANTED, BARGAINED, SOLD, WARRANTED, MORTGAGED, ASSIGNED,
TRANSFERRED and CONVEYED, and by these presents does GRANT, BARGAIN, SELL, WARRANT, MORTGAGE, ASSIGN, TRANSFER and CONVEY unto Trustee, in trust for the use and benefit of Beneficiary, with power of sale and right of entry and possession, all of Trustor's present and future estate, right, title and interest in and to the Mortgaged Property (as hereinafter defined) now owned, or
hereafter acquired by Trustor, including the following described real estate in
Dallas County, Texas (the "State"):

See Exhibit A attached hereto and by this reference made a part hereof which real estate (the "Land"), together with all right, title and
interest, if any, which Trustor may now have or hereafter acquire in and to all
improvements, buildings and structures thereon of every nature whatsoever, is herein called the "Premises."

TOGETHER WITH all right, title and interest, if any, including
any after-acquired right, title and interest, and including any right of use or
occupancy, which Trustor may now have or hereafter acquire in and to (a) all easements, rights of way, gores of land or any lands occupied by streets, ways,
alleys, passages, sewer rights, air rights, development rights, water courses,
water rights and powers, and public places adjoining said Land, and any other interests in property constituting appurtenances to the Premises, or which hereafter shall in any way belong, relate or be appurtenant thereto and (b) all
hereditaments, gas, oil, minerals (with the right to extract, sever and remove
such gas, oil and minerals), and easements, of every nature whatsoever, located
in or on the Premises and all other rights and privileges thereunto belonging or
appertaining and all extensions, additions, improvements, betterments, renewals,
substitutions and replacements to, or of any rights and interests described in
subparagraph (a) above and this subparagraph (b) (hereinafter collectively called the "Property Rights").

TOGETHER WITH all additional lands, estates and development rights hereafter acquired by Trustor for use in connection with and the development of the Land, the Premises or the Property Rights and all additional
lands and estates therein which may, from time to time, by supplemental deed of
trust or otherwise, be expressly made subject to the lien of this Instrument.

TOGETHER WITH all right, title and interest, if any, including

any after-acquired right, title and interest which Trustor may now or hereafter
acquire in and to fixtures and appurtenances of every nature whatsoever now or
hereafter located in, on or attached to, and used or intended to be used in

2

connection with, or with the operation of, the Premises, including, but not
limited to, (a) all apparatus, machinery, and equipment of Trustor; (b) all
extensions, additions, improvements, betterments, renewals, substitutions, and
replacements to or of any of the foregoing (the items described in the foregoing
(a) and (b) being the "Fixtures"); and (c) all personal property and equipment
of every nature whatsoever now or hereafter located in or on the Premises,
including, but not limited to, (i) all screens, window shades, blinds,
wainscoting, storm doors and windows, floor coverings, and awnings of Trustor;
(ii) all apparatus, machinery, equipment and appliances of Trustor not included
as Fixtures; (iii) all items of furniture, furnishings, and personal property of
Trustor; and (iv) all extensions, additions, improvements, betterments,
renewals, substitutions, and replacements to or of any of the foregoing
(i)-(iii) (the items described in the foregoing (i)-(iv) and any other personal
property referred to in this paragraph being the "Personal Property") and in and
to the proceeds of the Personal Property. It is mutually agreed, intended and
declared that the Premises and all of the Property Rights and Fixtures owned by
Trustor (referred to collectively herein as the "Real Property") shall, so far
as permitted by law, be deemed to form a part and parcel of the Land and for the
purpose of this Instrument to be real estate and covered by this Instrument. It
is also agreed that if any of the property herein conveyed is of a nature so
that a security interest therein can be perfected under Article 9 of the Uniform
Commercial Code as enacted by the State ("UCC"), this Instrument shall
constitute a security agreement, fixture filing and financing statement, and
Trustor agrees to execute, deliver and file or refile any financing statement,
continuation statement, or other instruments Beneficiary may require from time
to time to perfect or renew such security interest under the UCC. To the extent
permitted by law, (x) all of the Fixtures are or are to become fixtures on the
Land; and (y) this Instrument shall be effective as a financing statement filed

as a fixture filing with respect to all fixtures included within the Mortgaged
Property and is to be filed for record in the real estate records in the Office
of the County Clerk where the Mortgaged Property (including said Fixtures) is
situated, in accordance with Section 9.502 and other applicable provisions of
the Texas Business and Commercial Code, as amended from time to time. This
Instrument shall also be effective as a financing statement covering minerals or
the like (including oil and gas) and accounts subject to Subsection (e) of
Section 9.103 of the Texas Business and Commerce Code, as amended, and is to be
filed for record in the real estate records of the county where the Mortgaged
Property is situated. The mailing address of Trustor and the address of
Beneficiary from which information concerning the security interest may be
obtained are set forth above. Subject to the terms and conditions of the
Intercreditor Agreement, the remedies for any violation of the covenants, terms
and conditions of the agreements herein contained shall be as prescribed herein
or by general law, or, as to that part of the security in which a security
interest may be perfected under the UCC, by the specific statutory consequences
now or hereafter enacted and specified in the UCC, all at Beneficiary's sole
election.

TOGETHER WITH all the estate, right, title and interest of
Trustor, in and to all (i) judgments, insurance proceeds, unearned premiums,
awards of damages and settlements, and any interest thereon, resulting from
condemnation proceedings or the taking of the Real Property, or any part
thereof, under the power of eminent domain or for any damage (whether caused by
such taking or otherwise) to the Real Property, the Personal Property or any
part thereof, or to any rights appurtenant thereto, and all proceeds of any
sales or other dispositions of the Real Property, the Personal Property or any
part thereof; and (subject to the terms of the Intercreditor Agreement)
Beneficiary is hereby authorized to collect and receive said awards and proceeds
and to give proper receipts and acquittances therefor, and to apply the same as
provided in the Intercreditor Agreement; (ii) contract rights, general
intangibles, actions and rights in action, relating to the Real Property or the
Personal Property, including, without limitation, all rights to insurance
proceeds and unearned premiums arising from or relating to damage to the Real
Property or the Personal Property; and (iii) proceeds, products, replacements,
additions, substitutions, renewals and accessions of and to the Real Property or
the Personal Property. (The rights and interests described in this paragraph
shall hereinafter be collectively called the "Intangibles.")

3

TOGETHER WITH all the rents, issues and profits of the Real Property and all rents, issues, profits, revenues, royalties, bonuses, rights and benefits due, including all rents, revenues, bonus money, royalties, rights and benefits accruing to Trustor under all present and future oil, gas and mineral leases located on any portion of the Mortgaged Property, payable or accruing (including all deposits of money as advance rent, for security or as earnest money or as downpayment for the purchase of all or any part of the Real Property or the Personal Property) (the "Rents") under any and all Leases (as defined below).

As additional security for the Secured Obligations, Trustor does hereby pledge and assign to Beneficiary from and after the date hereof (including any period of redemption), primarily and on a parity with said real estate, and not secondarily, any and all present and future leases, contracts or other agreements relating to the ownership of the Real Property or the Personal Property or to the occupancy of all or any portion of the Real Property and, except to the extent such a transfer or assignment is not permitted by the terms thereof (and a consent to the transfer or assignment has not been obtained), does hereby transfer and assign to Beneficiary all such leases, contracts and agreements (including all Trustor's rights (x) under any contracts for the sale of any portion of the Mortgaged Property (as hereinafter defined) and (y) to all revenues and royalties under any oil, gas and mineral leases relating to the Real Property) (the "Leases"). Trustor further agrees to execute and deliver such assignments of leases or assignments of land sale contracts as Beneficiary may from time to time request solely for the purpose of creating, protecting, perfecting or maintaining an enforceable lien thereon and an enforceable and valid assignment of Leases. Upon the occurrence of a Trigger Event, (i) Trustor agrees, upon demand, to deliver to Beneficiary all of the Leases with such additional assignments thereof as Beneficiary may request and agrees that Beneficiary may assume the management of the Real Property, including taking control of the Leases (provided that such assumption of management shall be done solely to the extent necessary to collect the Rents in the event of a Material Default), and (ii) Trustor hereby authorizes and directs all tenants, purchasers or other persons occupying or otherwise acquiring any interest in any part of the Real Property to pay the Rents due under the Leases to Beneficiary upon request of Beneficiary. Trustor hereby appoints Beneficiary as its true and lawful attorney-in-fact to manage said property and to control the Leases, with full power to bring suit for collection of the Rents and possession of the Real Property (provided that such possession shall be taken solely to the extent necessary to collect such Rents in the event of a Material Default), giving and

granting unto said Beneficiary and unto its agent or attorney full power coupled
with an interest and authority to do and perform all and every act and thing
whatsoever requisite and necessary to be done in the protection of the security
hereby conveyed; provided, however, that (i) this power of attorney and
assignment of Leases shall not be construed as an obligation upon said
Beneficiary to make or cause to be made any repairs that may be needful or
necessary, and (ii) Beneficiary agrees that so long as no Trigger Event shall
have occurred, Beneficiary shall permit Trustor to perform the aforementioned
management responsibilities. Upon Beneficiary's receipt of the Rents, at
Beneficiary's option, it may: (i) pay charges for collection hereunder, costs of
necessary repairs and other costs requisite and necessary during the continuance
of this power of attorney and assignment of Rents, (ii) pay general and special
taxes, insurance premiums, and, thereafter, (iii) distribute the balance of the
Rents pursuant to the provisions of the Intercreditor Agreement. This power of
attorney and assignment of Leases shall be irrevocable until this Instrument
shall have been satisfied and released of record and the releasing or
reconveyance of this Instrument shall act as a revocation of this power of
attorney and assignment of Leases. Subject to Beneficiary's grant to Trustor of
the collection and use of the Rents set forth above, Beneficiary shall have and
hereby expressly reserves the right and privilege (but assumes no obligation) to
demand, collect, sue for, receive and recover the Rents, or any part thereof,
now existing or hereafter made, and apply the same in accordance with the
provisions of the Intercreditor Agreement. Notwithstanding anything to the
contrary herein, this power of attorney and assignment of Leases shall be
subject and subordinate to Beneficiary's rights set forth in that certain
Assignment of Rents dated of even date herewith, and if there is any conflict
between

4

the terms of this Instrument and the terms of such Assignment of Rents the terms
of such Assignment of Rents shall control. For purposes of this Instrument, a
"Trigger Event" shall mean (i) an Enforcement Event or (ii) a "Material Default"
which for purposes of this Instrument shall mean any event that is (A) an
Insolvency Event which is also an Event of Default or (B) any Event of Default
that the Instructing Trustee notifies and instructs Beneficiary to act in
response to pursuant to the Intercreditor Agreement. Notwithstanding anything
herein, upon an Enforcement Event, Beneficiary shall have the absolute right and
option to exercise any and all rights and remedies provided for in this
Instrument and available at law or in equity.

All of the property described above, and each item of property
herein described, and all other rights of Trustor in and to such items of
property, not limited to, but including, the Land, the Premises, the Property
Rights, the Fixtures, the Real Property, the Personal Property, the Intangibles,
the Rents and the Leases, is herein collectively referred to as the "Mortgaged
Property". As used herein, "Secured Obligations" means all present and future
indebtedness, liabilities and obligations (for the avoidance of doubt, including
any liabilities and obligations that have been cash-collateralized by Trustor),
at any time of Trustor under the Relevant Documents (including this Instrument),
including any liability in respect of any further advances, if any, made under
the Relevant Documents, both actual and contingent (and whether incurred solely
or jointly or in any other capacity) together with any of the following matters
relating to or arising in respect of those liabilities and obligations: (1) any
refinancing, novation, deferral or extension; (2) any obligation relating to any
increase in the amount of such obligations; (3) any claim for damages or
restitution; and (4) any claim as a result of any recovery by Trustor of a
payment or discharge, or non-allowability, on the grounds of preference; and any
amounts that would be included in any of the above but for any discharge,
non-provability or unenforceability of those amounts in any insolvency or other
proceedings (including interest accruing after the commencement of any
insolvency or other proceedings).

Nothing herein contained shall be construed as constituting
Beneficiary or any of its Delegates and any of the Secured Creditors a
mortgagee-in-possession in the absence of the taking of actual possession of the
Mortgaged Property by Beneficiary or any of its Delegates or any of the Secured
Creditors. Nothing contained in this Instrument shall be construed as imposing
on Beneficiary any of the obligations of the lessor under any lease of the
Mortgaged Property in the absence of an explicit assumption thereof by
Beneficiary. In the exercise of the powers herein granted Beneficiary, no
liability shall be asserted or enforced against Beneficiary, all such liability
being expressly waived and released by Trustor.

TO HAVE AND TO HOLD the Mortgaged Property, properties, rights
and privileges hereby conveyed or assigned, or intended so to be, unto Trustee,
its successors and assigns, for the benefit of Beneficiary, its successors and
assigns, forever upon the trusts, terms and conditions and for the uses and

{02780774.DOCX / }

purposes herein set forth. The conveyance of the Mortgaged Property provided for
herein is made upon this special trust. If the Secured Obligations are paid and
performed in full and completely as and when due in accordance with their
respective terms, the conveyance provided for herein shall be released upon
satisfaction of the conditions set forth in Section 5.3 of the Intercreditor
Agreement and shall thereafter be null and void and may be canceled of record at
the request and cost of Trustor and title shall revest as provided by law. If,
however, a Trigger Event shall have occurred, then Beneficiary shall be entitled
to invoke the remedies in the granting clause above in connection with the
assignment of Leases and Rents, and if an Enforcement Event shall have occurred,
then Beneficiary shall, in addition to all other rights and remedies at law or
equity provided, be entitled to invoke the remedies provided for in Section 4.02
below including without limitation the right to foreclose this Instrument by
judicial proceedings or, at Beneficiary's election, the right to demand that
Trustee foreclose this Instrument

5

through exercise of the power of sale herein granted to Trustee, and upon such
demand by Beneficiary, Trustee shall have the right and the duty to foreclose
this Instrument as herein provided.

        The following provisions shall also constitute an integral
part of this Instrument:

ARTICLE I

[Reserved]

ARTICLE II

COVENANTS OF TRUSTOR

        Section 2.01.    [Reserved]

        Section 2.02.    Leases Affecting the Real Property. All future
lessees under any Lease of the Real Property, or any part thereof, made after
the date of recording of this Instrument shall, at Beneficiary's option and
without any further documentation, attorn to Beneficiary as lessor if for any
reason Beneficiary becomes lessor thereunder, and, thereafter, upon demand, to
pay Rent to Beneficiary, and Beneficiary shall not be responsible under such
Lease for matters arising prior to Beneficiary becoming lessor thereunder. In
respect of each Lease which may be entered into on or after the date hereof, the

{02780774.DOCX / }

lien and estate, as well as the provisions, terms and conditions of each Lease
shall in all respects be subordinate and junior to the lien of this Instrument.

Section 2.03.    Further Assurances. Trustor, at its sole cost and expense, shall (i) upon request of Beneficiary promptly correct any defect or error which may be discovered in this Instrument or any financing statement or
other document relating hereto solely to the extent necessary to create, effectuate, complete, perfect, continue or preserve the lien of this Instrument
on the Mortgaged Property, and (ii) promptly execute, acknowledge, deliver, record and re-record, register and re-register, and file and re-file this Instrument, any amendment to this Instrument and any financing statements or other documents which Beneficiary may request in writing from time to time (all
in form and substance reasonably satisfactory to Beneficiary) in order (A) to create, effectuate, complete, perfect, continue or preserve the lien of this Instrument as a first priority lien on the Mortgaged Property, whether now owned
or hereafter acquired, subject only to the matters set forth on Exhibit B attached hereto and made a part hereof and except for the Permitted Liens (as defined in the Indentures), or (B) to create, effectuate, complete, perfect, continue, preserve or validate any right, power or privilege granted or intended
to be granted to Beneficiary hereunder or otherwise accomplish the purposes of
this Instrument. To the extent permitted by law and to the extent that Trustor
fails to do so as required hereunder, Trustor hereby authorizes Beneficiary to
file financing statements or continuation statements covering the Mortgaged Property.

Section 2.04.    Casualty Proceeds. Trustor hereby assigns to Beneficiary, as additional security, all proceeds or awards of damage resulting
from a casualty event or condemnation proceedings or the taking of or injury to
the Real Property for public use. All such proceeds or awards paid to Beneficiary hereunder shall be applied in accordance with the Indentures.

Section 2.05.    Inspections. Trustor hereby authorizes Beneficiary,
its agents, employees and representatives, upon reasonable prior written notice
to Trustor (except in an emergency or following the occurrence of any Trigger Event, in which case notice shall not be required) to visit and inspect the

6

Mortgaged Property or any portion(s) thereof, all at such reasonable times and
as often as Beneficiary may reasonably request.

{02780774.DOCX / }

Section 2.06.        Indemnity. Trustor hereby indemnifies Beneficiary or
any person designated by it and keep Beneficiary or such person designated by it
indemnified against any and all costs, claims and liabilities which it may incur
as a result of anything done by it as an attorney-in-fact for Trustor in the
proper exercise of any of the powers conferred, or purported to be conferred,
thereon by this Instrument unless such cost, claim or liability arises as a
result of the negligence or wilful misconduct of Beneficiary or such person
designated by it. For clarification purposes, the indemnity set forth in this
Section 2.06 shall apply solely in those instances where Beneficiary or a
Delegate acts as an attorney-in-fact for Trustor for purposes of this
Instrument.

Section 2.07.        After Acquired Property Interests. All right, title
and interest of Trustor in and to all of the Mortgaged Property, hereafter
acquired by Trustor ("After Acquired Property Interests"), immediately upon such
acquisition, without any further mortgage, conveyance, assignment or other act
by Trustor, shall become subject to the lien of this Instrument as fully and
completely, and with the same effect, as though owned by Trustor on the date
hereof and specifically described in the granting clauses hereof. Trustor shall
execute and deliver to Beneficiary all such other deeds of trust or mortgages
and other agreements as Beneficiary may require for the purpose of expressly and
specifically subjecting such After Acquired Property Interests to the lien of
this Instrument. Trustor hereby irrevocably authorizes and appoints Beneficiary
as the agent and attorney-in-fact of Trustor to execute all such documents and
instruments on behalf of Trustor, which appointment shall be irrevocable and
coupled with an interest, if Trustor fails or refuses to do so within ten (10)
days after written request therefor by Beneficiary.

Section 2.08.        Expenses and Costs. Trustor shall, from time to time
and promptly on demand by Beneficiary reimburse to Beneficiary all costs and
expenses (including legal fees) on a full indemnity basis incurred by
Beneficiary and any Delegate in connection with:

1.        the execution, release and discharge of this Instrument and
          the security created hereby or intended to be created hereby
          in respect of the Mortgaged Property and the completion of the
          transactions and perfection of the security contemplated in
          this Instrument or forming part of the security created hereby
          or intended to be created hereby in respect of the Mortgaged
          Property;

{02780774.DOCX / }

2.      the actual or contemplated exercise, preservation and/or
        enforcement of any of the rights, powers and remedies of,
or
        the performance of the duties and obligations of,
Beneficiary
        or any Delegate, or any amendment or waiver in respect of
this
        Instrument;

3.      the foreclosure (whether judicial or by power of sale) of
any
        Mortgaged Property; and

4.      the preservation and/or enforcement of the security created
        hereby or intended to be created hereby in respect of the
        Mortgaged Property,

which shall carry interest from the date of such demand until so reimbursed at
the rate and on the basis as mentioned in Clause 18.4 of the Intercreditor
Agreement.

        Section 2.09.    Taxes. Trustor shall pay, promptly on demand of
Beneficiary all stamp, registration, notarial and other similar taxes or fees
paid or payable by Beneficiary in connection with any action taken or
contemplated by or on behalf of Beneficiary for perfecting, maintaining,
enforcing, releasing, cancelling, reassigning or resolving any doubt
concerning,
or for any other purpose in relation

7

to this Instrument, any amendment thereto, any transfer and/or assignment of
the
rights and/or obligations under the same or the security created hereby or
intended to be created hereby in respect of the Mortgaged Property and shall,
from time to time, indemnify Beneficiary promptly on demand against any
liabilities, costs, claims and expenses resulting from any failure to pay by
Trustor or any delay by Trustor in paying any such taxes or fees.

## ARTICLE III

## BENEFICIARY'S RIGHTS

        Section 3.01.    Performance of Trustor's Obligations. Trustor
agrees
that, upon the occurrence of an Enforcement Event, Beneficiary may, but need
not, make any payment or perform any act hereinbefore required of Trustor, in
any form and manner deemed expedient. By way of illustration and not in
limitation of the foregoing, Beneficiary may, but need not, (i) make full or
partial payments of insurance premiums which are unpaid by Trustor,
coordinate
liens or encumbrances, if any, (ii) purchase, discharge, compromise or settle
any tax lien or any other lien, encumbrance, suit, proceeding, title or claim

{02780774.DOCX / }

thereof, or (iii) redeem all or any part of the Premises from any tax or
assessment. All moneys paid for any of the purposes herein authorized and all
other moneys advanced by Beneficiary to protect the Mortgaged Property and
the
lien hereof shall be additional Secured Obligations and shall become
immediately
due and payable without notice and shall bear interest thereon at the rate
set
forth in Clause 18.4 of the Intercreditor Agreement until paid to Beneficiary
in
full. In making any payment hereby authorized relating to taxes, assessments
or
prior or coordinate liens or encumbrances, Beneficiary shall be the sole
judge
of the legality, validity and priority thereof and of the amount necessary to
be
paid in satisfaction thereof.

## ARTICLE IV

## REMEDIES & RIGHTS

Section 4.01.    Remedies of Beneficiary; Power of Sale. Upon the
occurrence of an Enforcement Event, Beneficiary may, without notice to or
demand
upon Trustor, declare this Instrument to be in default, and, in addition to
all
other rights and remedies at law or in equity available to Beneficiary or as
otherwise provided for in the Intercreditor Agreement or the Indentures, to
the
extent permitted by applicable law, the following provisions shall apply:

(a)      Upon the occurrence of an Enforcement Event, it
shall
thereupon be the duty of Trustee, or his successor or substitute, as
hereinafter
provided, to enforce this trust at the request of the Beneficiary (which
request
shall be presumed) and to sell the Mortgaged Property with or without first
having taken possession of the same and in whole or in part, as the acting
Trustee may elect (all rights to a marshalling of assets of Trustor being
expressly waived hereby), in compliance with the applicable requirements, at
the
time of the sale, of Section 51.002 of the Texas Property Code as amended or
superceded from time to time. Such sale shall be made to the highest bidder
for
cash at public auction at the County Courthouse of any County in which the
Mortgaged Property is situated, in the area of such courthouse designated for
real property foreclosure sales in accordance with applicable law (or in the
absence of any such designation, in the area set forth in the notice of sale
hereinafter described) on the first Tuesday of any month between the hours of
10:00 A.M. and 4:00 P.M. (commencing no earlier than such time as may be
designated in the hereinafter described notice of sale), after giving notice
of
the time, place and terms of sale and the Mortgaged Property to be sold by
(i)
the acting Trustee or any person chosen by him filing a copy of the notice

{02780774.DOCX / }

thereof in the office of the County Clerk of each County where the Mortgaged
Property is situated and by posting or causing to be posted written or
printed
notice thereof

8

at least twenty-one (21) days preceding the date of said sale at the County
Courthouse door of each County, and (ii) Beneficiary or any person chosen by
it,
at least twenty-one (21) days preceding the date of said sale, serving
written
notice of such proposed sale by certified mail on each debtor obligated to
pay
the Secured Obligations evidenced by the Notes according to the records of
Beneficiary. Service of such notice to each debtor shall be completed upon
deposit of the notice enclosed in a postpaid wrapper, properly addressed to
each
debtor at the most recent address as shown by the records of Beneficiary, in
a
post office or official depository under the care and custody of the United
States Postal Service. The affidavit of any person having knowledge of the
facts
to the effect that such service was completed shall be prima facie evidence
of
the fact of service. After such sale, the acting Trustee shall make due
conveyance with special warranty to the purchaser or purchasers and Trustor
binds itself, its heirs, assigns, executors, administrators, successors and
legal representatives to warrant and forever defend the title of such
purchaser
or purchasers, claiming by, through, or under grantor but not otherwise. Any
abstract of title to the Mortgaged Property furnished in connection with the
loan secured by this Instrument shall be delivered by Trustee and become the
property of the purchaser at said sale.

        (b)      Upon the occurrence of an Enforcement Event, the
Beneficiary shall have the right and option to proceed with foreclosure in
satisfaction of such item or items by directing Trustee, or his successor or
substitute as hereinafter provided, to proceed as if under a full
foreclosure,
conducting the sale as herein provided, and without declaring the whole
Secured
Obligations due, and provided that if sale is made because of an occurrence
of
an Enforcement Event as hereinabove mentioned, such sale may be made subject
to
the unmatured part of the Relevant Documents and the Secured Obligations
secured
hereby, and it is agreed that such sale, if so made, shall not in any manner
affect any other obligation or obligations secured hereby, but as to such
other
obligations this Instrument and the liens created hereby shall remain in full
force and effect just as though no sale had been made under the provisions of
this Section 4.01(a). It is further agreed that several sales may be made
hereunder without exhausting the right of sale for any other breach of any of

the obligations secured hereby, it being the purpose to provide for a
foreclosure and sale of the Mortgaged Property for any matured portion of any
of
the Secured Obligations secured hereby or other items provided for herein
without exhausting the power to foreclose and to sell the Mortgaged Property
for
any other part of the Secured Obligations secured hereby whether matured at
the
time or subsequently maturing.

      (c)    Subject to the terms and provisions of the
Intercreditor Agreement, the proceeds from any such sale shall be applied by
the
acting Trustee as follows:

           FIRST:    To the payment of all expenses
of

                advertising, selling and
conveying

                the Mortgaged Property,
including a

                reasonable commission to the
acting

                Trustee.

           SECOND:    To the payment to Beneficiary of
all unpaid Secured Obligations,
including accrued interest to
the

                date of sale, in such priority
and

                proportions as Beneficiary in
its

                discretion shall deem proper.

           THIRD:    The balance, if any, shall be
paid

                to Trustor.

      (d)    The acting Trustee hereunder shall have the right
to
sell the Mortgaged Property in whole or in part and in such parcels and order
as
he may determine, and the right of sale hereunder shall not be exhausted by
one
or more sales, but successive sales may be had until all of the Mortgaged
Property have been legally sold. In the event any sale hereunder is not
completed or is defective in the opinion of Beneficiary, such sale shall not
exhaust the power of sale hereunder, and Beneficiary shall have the right to
cause a subsequent sale or sales to be made by Trustee or any successor or
substitute Trustee. Likewise, Beneficiary may become the purchaser at any
such
sale if it is the highest bidder, and shall

9

have the right, after paying or accounting for all costs of said sale or sales,
to credit the amount of the bid upon the amount of the Secured Obligations
owing, in lieu of cash payment. The purchaser or purchasers at foreclosure shall
have the right to affirm or disaffirm any Lease.

        (e)     It shall not be necessary for the acting Trustee to
have constructively in his possession any part of the real or personal property
covered by this Instrument, and the title and right of possession of the
Mortgaged Property shall pass to the purchaser or purchasers at any sale
hereunder as fully as if the same had been actually present and delivered.
Likewise, on foreclosure of this Instrument whether by power of sale herein
contained or otherwise, Trustor or any person claiming any part of the Mortgaged
Property by, through or under Trustor, shall not be entitled to a marshalling of
assets or a sale in inverse order of alienation.

        (f)     The recitals and statements of fact contained in any
notice or in any conveyance to the purchaser or purchasers at any sale hereunder
shall be prima facie evidence of the truth of such facts, and all prerequisites
and requirements necessary to the validity of any such sale shall be presumed to
have been performed.

        (g)     Any sale under the powers granted by this Instrument
shall be a perpetual bar against Trustor, its heirs, successors, assigns and
legal representatives.

        (h)     In the event of a foreclosure under the powers
granted by this Instrument, Trustor, and all other persons in possession of any
part of the Mortgaged Property shall be deemed tenants at will of the purchaser
at such foreclosure sale and shall be liable for a reasonable rental for the use
of the Mortgaged Property; and if any such tenants refuse to surrender
possession of the Mortgaged Property upon demand, the purchaser shall be
entitled to institute and maintain the statutory action of forcible entry and
detainer and procure a writ of possession thereunder, and Trustor expressly
waives all damages sustained by reason thereof.

        (i)     To the extent Section 51.003 of the Texas Property
Code, or any amendment thereto or judicial interpretation thereof, requires that
the "fair market value" of the Mortgaged Property shall be determined as of the
foreclosure date in order to enforce a deficiency against Trustor or any other

party liable for the repayment of the Secured Obligations, the term "fair market
value" shall include those matters required by law and shall also include the
additional factors as follows:

(i)     The Mortgaged Property is to be valued "AS
IS, WHERE IS" and "WITH ALL FAULTS" and there shall be no assumption of
restoration of or refurbishment of the Mortgaged Property after the date of
foreclosure;

(ii)    There shall be an assumption of a prompt
resale of the Mortgaged Property for an all cash sales price by the purchaser at
the foreclosure so that no extensive holding period should be factored into the
determination of "fair market value" of the Mortgaged Property;

(iii)   An offset to the fair market value of the
Mortgaged Property, as determined hereunder, shall be made by deducting from
such value the reasonable estimated closing costs relating to the sale of the
Mortgaged Property including but not limited to brokerage commissions, title
policy expenses, tax prorations, escrow fees, and other common charges which are
incurred by a seller of real property similar to the Mortgaged Property; and

10

(iv)    After consideration of the factors required
by law and those required above (including the addition of any income to be
generated by the Mortgaged Property), an additional discount factor shall be
calculated based upon the estimated time it will take to effectuate a sale of
the Mortgaged Property so that the "fair market value" as so determined is
discounted to be as of the date of the foreclosure of the Mortgaged Property.

Section 4.02.    Application of the Rents or Proceeds from Foreclosure
or Sale. The Rents and the proceeds of any sale (whether through a foreclosure
proceeding or Beneficiary's exercise of the power of sale) shall be distributed
and applied in accordance with the terms of the Intercreditor Agreement. Subject
to the terms and provisions of the Intercreditor Agreement, there shall be
allowed (and included in the decree for sale in the event of a foreclosure by
judicial action) to be paid out of the Rents or the proceeds of such foreclosure
proceeding and/or sale:

(a)     Secured Obligations. All of the Secured Obligations
and other sums secured hereby which then remain unpaid;

(b)        Other Advances. All other items advanced or paid by
Beneficiary pursuant to this Instrument, with interest thereon at the rate set
forth in Clause 18.4 of the Intercreditor Agreement from the date of
advancement; and

(c)        Costs, Fees and Other Expenses. All court costs,
reasonable in-house and outside attorneys' and paralegals' fees and expenses,
costs of environmental surveys and guard or other security services, appraiser's
fees, advertising costs, notice expenses, expenditures for documentary and
expert evidence, stenographer's charges, publication costs, and costs (which may
be estimated as to items to be expended after entry of the decree) of procuring
all abstracts of title, title searches and examinations, title guarantees, title
insurance policies, surveys, and similar data with respect to title which
Beneficiary may deem necessary. All such expenses shall become additional
Secured Obligations and be immediately due and payable, with interest thereon at
the rate set forth in Clause 18.4 of the Intercreditor Agreement, when paid or
incurred by Beneficiary or Trustee in connection with any proceedings,
including, but not limited to, probate and bankruptcy proceedings, to which
Beneficiary or Trustee shall be a party, either as plaintiff, claimant or
defendant, by reason of this Instrument or any indebtedness hereby secured or in
connection with the preparations for the commencement of any suit for the
foreclosure, whether or not actually commenced, or sale under the power of sale
herein granted.

Section 4.03.    Cumulative Remedies; Delay or Omission Not a Waiver.
Each remedy or right of Beneficiary shall not be exclusive of, but shall be in
addition to, every other remedy or right now or hereafter existing at law or in
equity. No delay in the exercise or omission to exercise any remedy or right
accruing on the occurrence or existence of any Material Default or Enforcement
Event shall impair any such remedy or right or be construed to be a waiver of
any such Material Default or Enforcement Event or acquiescence therein, nor
shall it affect any subsequent Material Default or Enforcement Event of the same
or different nature. Every such remedy or right may be exercised concurrently or
independently and when and as often as may be deemed expedient by Beneficiary.
The acceptance by Beneficiary, any successor administrative agent or any secured
party of any payment less than the amount of the Secured Obligation in question
shall be deemed to be an acceptance on account only and shall not be construed

{02780774.DOCX / }

as a waiver of any Material Default or Enforcement Event with respect thereto,
and the acceptance by Beneficiary, any successor administrative agent or any
secured party of any payment of, or on account of, any Secured Obligation shall
not be deemed to be a waiver of any Material Default or Enforcement Event other
occurrence hereunder or under any Relevant Documents with respect to any other
Secured Obligation. If Beneficiary has proceeded to enforce any remedy or right
hereunder or with respect hereto by foreclosure, sale, entry or otherwise, it
may compromise, discontinue or abandon such

11

proceeding for any reason without notice to Trustor or any other party (except
any other agent, the Secured Creditors or the other secured parties to the
extent required by any Relevant Documents); and, if any such proceeding shall be
discontinued, abandoned or determined adversely for any reason, Trustor and
Beneficiary shall retain and be restored to their former positions and rights
hereunder with respect to the Mortgaged Property, subject to the lien hereof
except to the extent any such adverse determination specifically provides to the
contrary.

Section 4.04.    Beneficiary's Remedies against Multiple Parcels. If
more than one property, lot or parcel is covered by this Instrument, and if this
Instrument is foreclosed upon, or judgment is entered upon any Secured
Obligations, or if Trustee effects a trustee's sale under power of sale,
execution may be made upon or Trustee may effect a trustee's sale against any
one or more of the properties, lots or parcels and not upon the others, or upon
all of such properties or parcels, either together or separately, and at
different times or at the same time, and execution sales or trustee's sale
herein granted may likewise be conducted separately or concurrently, in each
case at Beneficiary's election.

Section 4.05.    No Merger. In the event of a foreclosure of this
Instrument or any other mortgage or deed of trust securing the Secured
Obligations, the Secured Obligations then due to the Beneficiary shall not be
merged into any decree of foreclosure entered by the court, and Beneficiary may
concurrently or subsequently seek to foreclose one or more other deeds of trust
which also secure said Secured Obligations.

Section 4.06.    Waivers by Trustor. To the fullest extent permitted
under applicable law, Trustor shall not assert, and hereby irrevocably waives,

{02780774.DOCX / }

any right or defense Trustor may have under any statute or rule of law or equity
now or hereafter in effect relating to (a) homestead exemption, extension, moratorium, stay, redemption, marshaling of the Mortgaged Property or the other
assets of Trustor, sale of the Mortgaged Property in any order or notice of deficiency or intention to accelerate any Secured Obligation, (b) impairment of
any right of subrogation or reimbursement, (c) any requirement that at any time
any action must be taken against any other party, any portion of the Mortgaged
Property or any other asset of Trustor or any other party, (d) any provision barring or limiting the right of Beneficiary to sell any Mortgaged Property after any other sale of any other Mortgaged Property or any other action against
Trustor or any other party, (e) any provision barring or limiting the recovery
by Beneficiary of a deficiency after any sale of the Mortgaged Property, (f) any
other provision of applicable law which shall defeat, limit or adversely affect
any right or remedy of Beneficiary or any secured party under or with respect to
this Instrument or any other Relevant Documents as it relates to any Mortgaged
Property, (g) the right of Beneficiary to foreclose this Instrument in its own
name on behalf of all of the secured parties by judicial action as the real party in interest without the necessity of joining any secured party, or (h) the
Guarantees, including, without limitation, notice of existence, creation or incurring of any new or additional indebtedness or obligation or of any action
or non-action on the part of Trustor or the Issuer, Beneficiary or any Secured
Creditor or on the part of any person whomsoever under the Intercreditor Agreement, this Instrument or any of the other Relevant Documents in connection
with any obligation or evidence of indebtedness held by Beneficiary, as Security
Trustee for the Secured Creditors, or held by any of the Secured Creditors. Appraisement of the Premises is hereby expressly waived, at the option of Beneficiary, which such option shall be executed prior to the time any judgment
is tendered at foreclosure.

Section 4.07.     Jurisdiction and Process. (a) To the extent permitted
under applicable law, in any suit, action or proceeding arising out of or relating to this Instrument or any other Relevant Documents insofar and only insofar as it relates to any Mortgaged Property, Trustor (i) irrevocably consents to the non-exclusive jurisdiction of any state or federal court sitting
in which the Premises is located and irrevocably waives any defense or objection
which it may now or hereafter have to the jurisdiction of

{02780774.DOCX / }

12

such court or the venue of such court or the convenience of such court as the forum for any such suit, action or proceeding, and (ii) irrevocably consents to
the service of (A) any process in accordance with applicable law in any such suit, action or proceeding, or (B) any notice relating to any sale, or the exercise of any other remedy by Beneficiary hereunder by mailing a copy of such
process or notice by United States registered or certified mail, postage prepaid, return receipt requested to Trustor at its address specified in or pursuant to Section 5.01; such service to be effective in accordance with applicable law.

(b)      Nothing in this Section shall affect the right of Beneficiary to bring any suit, action or proceeding arising out of or relating
to this Instrument, or any other Relevant Documents in any court having jurisdiction under the provisions therein or applicable law or to serve any process, notice of sale or other notice in any manner permitted by this Instrument, the other Relevant Documents or applicable law.

Section 4.08.      Concerning Beneficiary. (a) Beneficiary is authorized
to take all such action as is provided to be taken by it as Beneficiary hereunder and all such other action incidental thereto, subject to the terms and
provisions of the Intercreditor Agreement. As to any matters not expressly provided for herein (including the timing and methods of realization upon the Mortgaged Property), Beneficiary shall, in addition, act or refrain from acting
in accordance with the terms and provisions of the Intercreditor Agreement. Beneficiary shall not be responsible for the existence, genuineness or value of
any of the Mortgaged Property or for the validity, perfection, priority or enforceability of the lien of this Instrument on any of the Mortgaged Property,
whether impaired by operation of law or by reason of any action or omission to
act on its part hereunder. Beneficiary shall have the right, but shall have no
duty, to ascertain or inquire as to the performance or observance of any of the
terms of this Instrument by Trustor.

(b)      Beneficiary may, at any time, delegate by power of attorney or otherwise to any person(s) or entity(ies) the ability to exercise any or all of the rights, powers and discretions vested in it by this Instrument
or appoint any person or entity to act as additional Beneficiary or as co-trustee for the purpose of this Instrument, in accordance with and subject to
the terms of Clause 16 of the Intercreditor Agreement.

{02780774.DOCX / }

(c)      In the event that Beneficiary acts as Trustor's attorney in fact or otherwise as its agent as provided for under this Instrument, Trustor shall ratify and confirm all things done and all documents
executed by Beneficiary in the exercise or purported exercise of all or any of
such powers or acts.

## ARTICLE V

### MISCELLANEOUS

Section 5.01.    Notices. Except as otherwise provided herein, all communication required or permitted to be given in connection with this Instrument shall be in writing, and shall be given or served in the manner and
to the address, and deemed received, as provided in clause 20 of the Intercreditor Agreement. All communications to Trustee shall be sent to Trustee
at:

13

if to Trustee:

Ward Williford
c/o First American Title Insurance Company
1909 Woodall Rodgers Freeway, Suite 410
Dallas, Texas 75201
Telecopier No.: (214) 303-0935

Trustee shall, from time to time, have the right to specify as the proper addressee and/or address for the purposes of this Instrument any other party or
address in the United States upon giving five (5) days prior written notice in
the manner herein prescribed. Trustor's mailing address, as set forth in the opening paragraph hereof or as changed pursuant to the provision hereof, is true
and correct.

Section 5.02.    Extension of Payments and Other Modifications. Trustor agrees that, without affecting the liability of any person for payment
of the Secured Obligations or affecting the lien of this Instrument upon the Mortgaged Property or any part thereof (other than persons or property explicitly released as a result of the exercise by Beneficiary or Trustee of their rights and privileges hereunder), Beneficiary may (without obligation), at
any time and from time to time, on request of Trustor made in accordance with the terms and provisions of the Intercreditor Agreement, without notice to any
person liable for payment of any Secured Obligations or to any other person or

{02780774.DOCX / }

entity, extend the time, or agree to alter or amend the terms of payment of such
Secured Obligations; provided, however, that such actions of Beneficiary are
expressly limited by the terms and provisions of the Intercreditor Agreement.
Trustor further agrees that any part of the security herein described may be
released with or without consideration without affecting the remainder of the
Secured Obligations, the remainder of the security or the lien of this
Instrument.

Section 5.03.    Governing Law. Trustor agrees that this Instrument is
to be construed, governed and enforced in accordance with the laws of the
State.
Wherever possible, each provision of this Instrument shall be interpreted in
such manner as to be effective and valid under applicable law, but if any
provision of this Instrument shall be prohibited by or invalid under applicable
law, such provision shall be ineffective only to the extent of such prohibition
or invalidity, without invalidating the remainder of such provision or the
remaining provisions of this Instrument.

Section 5.04.    Satisfaction of Mortgage. Upon satisfaction of the
conditions set forth in Section 5.3 of the Intercreditor Agreement, this
conveyance or lien shall be null and void and, upon demand therefor following
such satisfaction, a satisfaction of mortgage or reconveyance of the Mortgaged
Property and any other documents required to release the lien of this Instrument
shall promptly be provided by Beneficiary to Trustor, at Trustor's sole expense,
without recourse to, or any representation or warranty by, the Beneficiary or
any of its nominees.

Section 5.05.    Successors and Assigns Included in Parties. This
Instrument shall be binding upon Trustor and upon the successors, assigns and
vendees of Trustor and shall inure to the benefit of Beneficiary's successors
and assigns and any principals it represents as agent; all references herein to
Trustor and to Beneficiary or Trustee shall be deemed to include their
successors and assigns and, as to Beneficiary, any principals it represents as
agent. Trustor's successors and assigns shall include, without limitation, a
receiver, trustee or debtor in possession of or for Trustor. Wherever used, the
singular number shall include the plural, the plural shall include the singular,
and the use of any gender shall be applicable to all genders.

14

Section 5.06.    Waiver of Appraisement, Valuation, Stay, Extension
and Redemption Laws. Trustor agrees, to the full extent permitted by law, that

{02780774.DOCX / }