in case of an Enforcement Event, neither Trustor nor anyone claiming through or
under it shall or will set up, claim or seek to take advantage of any
appraisement, valuation, stay, or extension laws now or hereafter in force, in
order to prevent or hinder the enforcement or foreclosure of this Instrument or
the absolute sale of the Mortgaged Property or the final and absolute putting
into possession thereof, immediately after such sale, of the purchaser thereat,
and Trustor, for itself and all who may at any time claim through or under it,
hereby waives, to the full extent that it may lawfully so do, the benefit of all
such laws, and any and all right to have the assets comprising the Mortgaged
Property marshalled upon any foreclosure of the lien hereof and agrees that
Trustee, or any court having jurisdiction to foreclose such lien may sell the
Mortgaged Property in part or as an entirety. Trustor represents that it has
been authorized to, and Trustor does hereby waive to the full extent permitted
by law any and all statutory or other rights of redemption from sale under power
of sale or from sale under any order or decree of foreclosure of this
Instrument, on its own behalf and on behalf of each and every person acquiring
any interest in or title to the Mortgaged Property subsequent to the date
hereof.

        Section 5.07.    Interpretation with Other Documents. Notwithstanding
anything in this Instrument to the contrary, (a) in the event of a conflict or
inconsistency between this Instrument and the provisions of the Intercreditor
Agreement, the provisions of the Intercreditor Agreement shall govern, and (b)
the exercise of any right or remedy by Beneficiary under this Instrument shall
be done in accordance with and is subject to the terms and provisions of the
Intercreditor Agreement.

        Section 5.08.    Future Advances. The parties hereto intend that, in
addition to any other debt or obligation secured hereby, this Instrument shall
secure unpaid balances of loan advances and other extensions of credit made
after this Instrument is delivered to the appropriate recording offices of the
State, whether such advances or extensions of credit made are obligatory or
otherwise, and such future advances or extensions of credit shall be secured to
the same extent as if such advances or extensions of credit were made on the
date hereof, although there may be no advance or extensions of credit made at
the time of the execution hereof and although there may be no indebtedness
outstanding at the time any advance or extension of credit is made. Such unpaid
balances of loan advances and other extensions of credit may or may not be
evidenced by notes executed pursuant to the applicable Relevant Documents.

Section 5.09.    Usury Savings. It is the intention of the parties hereto to conform strictly to applicable usury laws. Accordingly, if the transactions contemplated hereby would be usurious under any such applicable law, then, and in that event, notwithstanding anything to the contrary in this
Instrument, the Notes, the Indentures, the other Relevant Documents, and any other instrument or agreement entered into in connection therewith, whether now
existing or hereafter arising and whether written or oral, it is agreed as follows:

(a)    the aggregate of all interest and any other charges
constituting interest or adjudicated as constituting interest and that is contracted for, charged or received under the Notes, the New Bonding Facility Agreement, or any other Relevant Document, or under any of the aforesaid instruments or agreements or otherwise in connection with the Notes, the New Bonding Facility Agreement, or any other Relevant Document (whether designated
as interest, fees, late charges, payments or otherwise) shall under no circumstances exceed the maximum amount of interest permitted by any applicable
usury law and any excess shall be cancelled automatically and, if theretofore paid, shall be credited on the Notes, the New Banking Facility Agreement and all
the other obligations under the other Relevant Documents by Beneficiary in accordance with the Intercreditor Agreement (or, if the Notes, the New Banking
Facility Agreement and all other obligations under the Relevant Document have been paid in full, refunded by the Secured Creditors to Trustor); and

15

(b)    in the event that the maturity of the Secured Obligations is accelerated by reason of an Enforcement Event, then such consideration that constitutes interest may never include more than the maximum
rate of interest permitted by any such applicable law computed from the dates of
each advance of the loan proceeds outstanding until payment. If from any circumstance Beneficiary shall ever receive interest or any other charges constituting interest or adjudicated as constituting interest, the amount, if any, which would exceed the maximum rate of interest permitted by applicable usury law shall be applied to the reduction of the principal amount owing on the
Notes, the New Bonding Facility Agreement and under the other Relevant Documents
or on account of any other principal indebtedness Trustor and the Issuer under
the Relevant Documents, and not to the payment of interest; or if such excessive
interest exceeds the unpaid balance of the principal and such other indebtedness, the amount of such excessive interest that exceeds the unpaid principal and such other indebtedness shall be refunded to Trustor by the

Secured Creditors.

All sums paid or agreed to be paid to Beneficiary for the use,
forbearance or detention of the indebtedness evidenced hereby shall, to the
extent permitted by applicable law and the Intercreditor Agreement, be
amortized, prorated, allocated and spread throughout the full term of such
indebtedness so that the rate or amount of interest on account of any such
indebtedness does not exceed the applicable usury ceiling.

Section 5.10.    Invalid Provisions to Affect No Others. In the event
that any of the covenants, agreements, terms or provisions contained in this
Instrument shall be invalid, illegal or unenforceable in any respect, the
validity of the remaining covenants, agreements, terms or provisions contained
herein or in any other Relevant Documents shall not be in any way affected,
prejudiced or disturbed thereby. In the event that the application of any of the
covenants, agreements, terms or provisions of this Instrument is held to be
invalid, illegal or unenforceable, those covenants, agreements, terms and
provisions shall not be in any way affected, prejudiced or disturbed when
otherwise applied.

Section 5.11.    Changes. Neither this Instrument nor any term hereof
may be changed, waived, discharged or terminated orally, or by any action or
inaction, but only by an instrument in writing signed by the party against which
enforcement of the change, waiver, discharge or termination is sought. To the
extent permitted by law, any agreement hereafter made by Trustor and Trustee or
Beneficiary relating to this Instrument shall be superior to the rights of the
holder of any intervening lien or encumbrance.

Section 5.12.    Marshalling of Assets. Notice is hereby given that no
holder of any mortgage, lien or other encumbrance affecting all or a part of the
Mortgaged Property which is inferior to the lien of this Instrument shall have
any right to require Beneficiary to marshal assets.

Section 5.13.    Trustee's Rights Regarding the Mortgaged Property.
At
any time or from time to time, without liability therefor and without notice,
upon written request of Beneficiary, payment of its fees and presentation of
this Instrument without affecting the liability of any person for the payment of
the Secured Obligations, Trustee may (a) consent to the making of any map or
plot of the Land, (b) join in granting any easement or creating any restriction
thereon, (c) join in any subordination or other agreement, affecting this
Instrument or the lien or charge thereof, or (d) reconvey or release from the
lien of this Instrument, without warranty, all or any part of the Mortgaged
Property.

{02780774.DOCX / }

Section 5.14.    Time of Essence. Time is of the essence with respect
to the provisions of this Instrument.

Section 5.15.    Appointment of Successor Trustee. At the option of Beneficiary, with or without any reason, and from time to time, a successor or
substitute trustee may be appointed by Beneficiary or

16

any successor in ownership of any indebtedness secured hereby, without any formality other than a designation in writing of a successor or substitute trustee, who shall, without conveyance from Trustee predecessor, thereupon become vested with and succeed to all the title, estate, powers and duties given
to Trustee herein named, the same as if the successor or substitute trustee had
been named original Trustee herein; and such right to appoint a successor or substitute trustee shall exist as often and whenever Beneficiary desires. An instrument, executed by Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where the Mortgaged Property is
situated, shall be conclusive proof of proper substitution of such successor trustee or trustees. Said instrument should contain the name of the original Trustor, Trustee and Beneficiary hereunder, the recording information where this
Instrument is recorded and the name and address of the new trustee.

Section 5.16.    Relevant Documents Revisions. In this Instrument, references to this Instrument or to easement agreements, Leases, the Intercreditor Agreement, and any other Relevant Documents include all amendments, supplements, consolidations, replacements, restatements, extensions,
renewals and other modifications, to the extent applicable, and any refinancings
and refundings thereof, in whole or in part.

Section 5.17.    WAIVER OF JURY TRIAL. TRUSTOR AND BENEFICIARY EXPRESSLY AND VOLUNTARILY WAIVE ANY AND ALL RIGHTS, WHETHER ARISING UNDER THE UNITED STATES OR ANY STATE CONSTITUTION, ANY RULES OF CIVIL PROCEDURE, COMMON LAW OR OTHERWISE, TO DEMAND A TRIAL BY JURY IN ANY ACTION, LAWSUIT, PROCEEDING,
COUNTERCLAIM OR ANY OTHER LITIGATION PROCEDURE BASED UPON, OR ARISING OUT OF, THIS INSTRUMENT OR THE OTHER RELEVANT DOCUMENTS, ANY AGREEMENTS ARISING UNDER OR
RELATING TO THIS INSTRUMENT, ANY MORTGAGED PROPERTY SECURING THE SECURED OBLIGATIONS, OR THE DEALINGS OR RELATIONSHIPS BETWEEN TRUSTOR AND BENEFICIARY.
NEITHER TRUSTOR NOR BENEFICIARY, INCLUDING ANY ASSIGNEE OR SUCCESSOR OF TRUSTOR
OR BENEFICIARY, SHALL SEEK A JURY TRIAL IN ANY SUCH ACTION. NEITHER TRUSTOR NOR

{02780774.DOCX / }

BENEFICIARY SHALL SEEK TO CONSOLIDATE ANY SUCH ACTION WITH ANY OTHER ACTION WHEN
A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED. THESE PROVISIONS SHALL BE SUBJECT
TO NO EXCEPTIONS. NEITHER TRUSTOR NOR BENEFICIARY HAS IN ANY WAY AGREED WITH OR
REPRESENTED TO THE OTHER THAT THE PROVISIONS OF THIS PARAGRAPH WILL NOT BE FULLY
ENFORCED IN ALL INSTANCES.

Section 5.18.     Reduction of Secured Amount. In the event that the maximum principal amount secured by this Instrument is less than the aggregate
Secured Obligations then the amount secured hereby shall be reduced only by the
last and final sums that Trustor repays with respect to the Secured Obligations
and shall not be reduced by any intervening repayments of the Secured Obligations. So long as the balance of the Secured Obligations exceeds the amount secured hereby, any payments of the Secured Obligations shall not be deemed to be applied against, or to reduce, the portion of the Secured Obligations secured by this Instrument. Such payments shall instead be deemed to
reduce only such portions of the Secured Obligations as are secured by deeds of
trust or mortgages encumbering real property located outside the State which secure the entire Secured Obligations (except to the extent, if any, that specific deeds of trust or mortgages in such states contain specific limitations
on the amount secured).

Section 5.19.     FINAL AGREEMENT. THIS DEED OF TRUST REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES HEREIN AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT

17

ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN
THE PARTIES. THE NOTICE GIVEN UNDER THIS PARAGRAPH IS PURSUANT TO SECTION 26.02
OF THE TEXAS BUSINESS AND COMMERCE CODE.

[SIGNATURE PAGE FOLLOWS]

18

IN WITNESS WHEREOF, this Instrument is executed as of the day
and year first above written by the person or persons identified below on behalf
of Trustor (and said person or persons hereby represent that they possess full

{02780774.DOCX / }

power and authority to execute this Instrument).

                                    TRUSTOR:

Attest:                             MARCONI COMMUNICATIONS, INC.
                                    a Delaware corporation

By: _____        By:
_____
    Name:  GLENN R. HACKER              Name:  PATRICIA A. HOFFMAN
    Title: ASSISTANT SECRETARY          Title: AUTHORIZED SIGNATORY

                                    19


STATE OF ILLINOIS  )
                   :
DU PAGE COUNTY     )

            I, TERESA M. DARZINS a Notary Public for said County and
State, hereby certify that Patricia A. Hoffman personally appeared before me
this day and acknowledged that she is an Authorized Signatory of MARCONI
COMMUNICATIONS, INC., a Delaware corporation, and that, by authority duly
given
and as an act of the corporation, the foregoing instrument was signed by its
Authorized Signatory and attested by GLENN R. HACKER as its Assistant
Secretary.

            Witness my hand and official seal, this 15TH day of May,
2003.

                            Notary Public TERESA M. DARZINS

My commission expires: 5/19/03
[Notarial Seal/Stamp]

(OFFICIAL SEAL TERESA M. DARZINS)

                                    20



                            EXHIBIT A

                    Intersection of Freeport Parkway and Sterling
Road
                                                        Irving,
Texas
                                                Dallas County,
Texas

                    Legal Description of the Premises

Being Lot 4R2, in Block A, of DFW FREEPORT ADDITION, an Addition to the City
of
Irving, Texas, according to the Map thereof recorded in Volume 2000229, Page

{02780774.DOCX / }

506, of the Map Records of Dallas County, Texas.

A-1


EXHIBIT B

Permitted Title Exceptions

1.   Shortages in Area.

2.   Standby fees, taxes and assessments by any taxing authority for the year
     2003, and subsequent years; but not those taxes or assessments for prior
     years because of an exemption granted to a previous owner of the
property
     under Section 11.13, Texas Tax Code, or because of improvements not
     assessed for a previous tax year.

3.   Restrictive covenants recorded in Volume 79212, Page 2965, Deed Records
of
     Dallas County, Texas. Together with Supplements recorded in Volume
81169,
     Page 1478, Deed Records, Dallas County, Texas, recorded in Volume 81202,
     Page 978, Deed Records, Dallas County, Texas, and amendments recorded in
     Volume 82129, Page 999, Deed Records, Dallas County, Texas, Volume
82215,
     Page 3396, Deed Records, Dallas County, Texas, Volume 84106, Page 4294,
     Deed Records, Dallas County, Texas, Volume 95157, Page 960, Deed
Records,
     Dallas County, Texas. Volume 97106, Page 4931, Deed Records, Dallas
County,
     Texas. As affected by Waivers recorded in Volume 84025, Page 4209, Deed
     Records, Dallas County, Texas and Volume 84025, Page 5213, Deed Records,
     Dallas County, Texas.

4.   Easement granted by Hunt Investment Corporation to the City of Irving,
     filed 5/20/1980, recorded in Volume 80101, Page 1966, Deed Records of
     Dallas County, Texas, and as shown on survey of Raymond L. Goodson, Jr.,
     Inc. Consulting Engineers, certified to by G. Richard Busby, R.P.L.S.
     #4111, dated 7/28/2000, last revised 11/16/2000.

5.   Terms and conditions of Ordinance No. 71-100, entitled Airport Zoning
     Ordinance of the Dallas-Fort Worth Regional Airport, filed September 2,
     1982, recorded in Volume 82173, Page 178, Deed Records of Dallas County,
     Texas. As noted on survey of Raymond L. Goodson Jr., Inc. Consulting
     Engineers, certified to by G. Richard Busby, R.P.L.S. #4111, dated
     7/28/2000, revised 11/16/2000.

6.   Thirty foot building setback line, fifteen foot utility easement, fifty
     foot building setback line and thirty seven and one-half foot drainage
and
     underground utility easement as shown on the plat recorded in Volume
     2000229, Page 506, Map Records of Dallas County, Texas. As shown on
survey
     of Raymond L. Goodson Jr., Inc. Consulting Engineers, certified to by G.
     Richard Busby, R.P.L.S. #4111, dated 7/28/2000, revised 11/16/2000.

{02780774.DOCX / }

7.   Terms, provisions, conditions, obligations, assessments and liens contained
     in instrument recorded in Volume 79212, Page 2965, Deed Records of Dallas
     County, Texas, which states that assessment liens are subordinate to
     purchase money liens. Together with Supplements recorded in Volume 81169,
     Page 1478, Deed Records, Dallas County, Texas, recorded in Volume 81202,
     Page 978, Deed Records, Dallas County, Texas, and Amendments recorded in
     Volume 82129, Page 999, Deed Records, Dallas County, Texas, recorded in
     Volume 82215, Page 3396, Deed Records, Dallas County, Texas, recorded in
     Volume 84106, Page 4294, Deed Records, Dallas County, Texas, recorded in
     Volume 95157, Page 960, Deed Records, Dallas County, Texas, recorded in
     Volume 97106, Page 4931, Deed Records, Dallas County, Texas.

8.   Consequences, if any, of the encroachment of the asphalt parking over the
     southwest property line, as shown on survey of Raymond L. Goodson Jr., Inc.
     Consulting Engineers, certified to by G. Richard Busby, R.P.L.S. #4111,
     dated 7/28/2000, revised 11/16/2000.

B-1

9.   Assignment of Rents dated May ___, 2003 and effective May 19, 2003 by
     Marconi Communications, Inc. to The Law Debenture Trust Corporation p.l.c.,
     a public limited company organized under the laws of England and Wales
     (together with any co-trustee, co-agent or other entity appointed pursuant
     to Clause 16 of the Intercreditor Agreement (as defined in the insured
     mortgage), in its capacity as security trustee for the "Secured Creditors"
     (as defined in the Intercreditor Agreement), their successors and/or
     assigns as their interests may appear, to be recorded in Dallas County.

10.  UCC Financing Statement from Marconi Communications, Inc., as debtor, to
     The Law Debenture Trust Corporation p.l.c., as security trustee, to be
     filed in Dallas County.

B-2





THE STATE OF TEXAS
COUNTY OF DALLAS
I hereby certify that the above and foregoing is a full, true, and
correct photographic copy of the original record now in my lawful
custody and possession, filed on the date stamped thereon and as
the same is recorded in the Recorder's Records in my office under
the volume and page or instrument # stamped thereon.
I hereby certify on

MAR 20 2014

COUNTY CLERK, Dallas County Texas

By _____ Deputy



UNITED STATES POSTAL SERVICE

From CHARLEC MONTE MAYOR
5353 MAPLE AAIE Ste. 4uu
ORUDS, TEXAS 75235

OCT 2 0 2014

FILED / RECEIVED

OCT 2 0 2014

EPIQ SYSTEMS

USPS TRACKING#

9114 9999 4423 8114

TO ENERGY Future Holdings Comp
CLAIMS Processing Center
C/O Epiq Bankrupcy Solutions, LLC
757 THIRD AVE 3RD. FLOOR
New YORK NY. 10017

PRIORITY MAIL
POSTAGE REQUIRED

MAIL ★

TE OF DELIVERY SPECIFIED*

PS TRACKING™ INCLUDED*

SURANCE INCLUDED*

CKUP AVAILABLE

Domestic only

  

U.S. POSTAGE
PAID
DALLAS, TX
75260
OCT 18 14
AMOUNT
$15.65
0008343B-20

/SED INTERNATIONALLY
STOMS DECLARATION
L MAY BE REQUIRED

FILED / RECEIVED

OCT 2 0 2014

EPIQ SYSTEMS

FROM



**PRIORITY®**
**MAIL**

For Domestic
and International Use

UNITED STATES POSTAL SERVICE



From  *Chandes 7170 WHEMANOR*
      *5753 MAPLE AVE. STE 10*
      *DALLAS, TS . 75 235*

TO  *ENERGY Future Holdings, CORP*
    *CLAIMS PROCESSING CENTER*
    *C/o EPIQ BANKRUPTE SOLUTIONS LLC*
    *757 THIRD AVE 3rd FLOOR*
    *New YORK, NY 10017*

Label 228, January 2008





USPS TRACKING #

9114 9999 4423 8114 1419 83



PS00000000013

EP14 July 2013
OD: 11.625 x 15.125

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

**UNITED STATES**
**POSTAL SERVICE.**

TYVEK IS RECYCLABLE

PRESS FIRMLY TO SEA

# **Exhibit B**

POC No. 10003

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**
Energy Future Holdings Corp. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

# PROOF OF CLAIM

**COURT USE ONLY**

Filed: USBC - District of Delaware
Energy Future Holdings Corp., et al., Et Al.
14-10979 (CSS)     0000010003

| Name of Debtor: | Case Number: |
|---|---|
| ENERGY FUTURE HOLDINGS CORP. | 14-10979 |

NOTE: Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.

Name and address where notices should be sent:

Charles Montemayor
Attorney at Law
5353 Maple Ave. Ste. 100
Dallas, Texas 75235

Telephone number: 214-364-0771     Email: Charles Montemayor @sbcGlobal.net

❑ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**
(If known) 14-10979
Filed on: 4-29-14

❑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**FILED / RECEIVED**

MAR 13 2015

**Epiq Bankruptcy Solutions, LLC**

Name and address where payment should be sent (if different from above):

Kuk Ja Stewart
5353 Maple Avenue, Ste. 100
Telephone number: Dallas, Email: Texas 75235
972-251-0317  Kenstew721@gmail.com

**COURT USE ONLY**

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

❑ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

| 1.   **Amount of Claim as of Date Case Filed:** | $ 1.8 BILLION 42Thousand Mineral acres at $6,000 ea. |
|---|---|

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5. acre
If all or part of the claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.
❑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest charges.

**2.   Basis for Claim:**  Easement &Mineral Leases
(See instruction #2)

**3.   Last four digits of any number by which creditor identifies debtor:** 5739
**3a.   Debtor may have scheduled account as:** _____
(See instruction #3a)

**4.   Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:**
☒ Real Estate    ❑ Motor Vehicle    ❑ Other
Describe: _____
**Value of Property:** $ 6,000 ea.acre
**Annual Interest Rate** ____ % ❑ Fixed or ❑ Variable
(when case was filed)

**Amount of arrearage and other charges, as of time case was filed, included in secured claim, if any:**
$ _____

**Basis for perfection:** _____

**Amount of Secured Claim:** $ _____

**Amount Unsecured:** $42,thou.acres

❑ Wages, salaries or commissions (up to $12,475), earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507(a)(4).

❑ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

❑ Up to $2,775 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

❑ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

❑ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$ _____

**6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $** _____     (See instruction #6)

**7.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8.   Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8 and definition of "redacted".)*
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**9.   Signature:** (See instruction #9)  Check the appropriate box:
❑ I am the creditor.   ❑ I am the creditor's authorized agent.   ❑ I am the trustee, or the debtor, or their   ❑ I am a guarantor, surety, indorser, or other codebtor.
(Attached a copy of power of attorney, if any.)   authorized agent. (See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Address, telephone number, and email (if different from notice address above):

Print Name:  Kenneth R.Stewart
Title:  Son of KuK Ja Stewart (Signature) 3-7-15
Company: _____   (Date)

Telephone number: 817-751-3280
Email: _____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.




P 646 282 2500  F 646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM

**** EFH CLMLTR (MERGE2.TXNUM2) 4000030306 ****
STEWART, KUK JA
2028 SANDY LN
IRVING, TX 75060-5639

November 10, 2014

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq
Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the TXU ENERGY
case. It is also publically available at the following website address:
http://chapter11.epiqsystems.com/EFH. To ensure that your claim has been recorded correctly, please
review the following information:

| | |
|---|---|
| Debtor: | ENERGY FUTURE HOLDINGS CORP. |
| Case Number: | 14-10979 |
| Creditor: | STEWART, KUK JA |
| Date Received: | 10/20/2014 |
| Claim Number: | 5739 |

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim
is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim on our website at the address listed
above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page,
type in your claim number in the "Claim #" field, and click "Search."

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY
IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU. PII can include information
used to distinguish or trace an individual's identity, such as their social security number, biometric
records, drivers license number, account number, credit or debit card number (including any
passwords, access codes or PIN numbers), etc., alone, or when combined with other personal or
identifying information which is linked or linkable to a specific individual, such as date and place of
birth, mother's maiden name, etc.**

**The Proof of Claim Form allows for redacted documents. If you identify any PII in your filed
claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at
http://www.epiq11.com/contact.aspx so we may assist you in redacting this information. Please be
sure to specify the client/debtor about which you are inquiring.**

You may also contact by either of the methods listed above should you have any other questions.

EPIQ BANKRUPTCY SOLUTIONS, LLC

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**

Fill in the debtor's full name, and the case number. The full list of debtors is provided under the general information section on the Claims Agent's website:

http://www.efhcaseinfo.com

If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice. If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**

Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**

State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5, and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**

State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**

State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**

Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**

Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.)

If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**

If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):**

State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**

An informed signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**

Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**

The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**

A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**

A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**

A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**

A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**If by First Class Mail:**

Energy Future Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4613
New York, NY 10163-4613

**If by Hand Delivery or Overnight Mail:**

Energy Future Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

**Secured Claim Under 11 U.S.C. §506(a)**

A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**

An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**

Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**

Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**

To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's website (http://www.efhcaseinfo.com) to view your filed proof of claim under "Claims."

**Offers to Purchase a Claim**

Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

# CHARLES MONTEMAYOR

ATTORNEY AT LAW
MAPLE PLAZA LAW CENTER
5353 MAPLE AVE., SUITE 100
DALLAS, TEXAS 75235
Telephone (214) 634-0771 ♦ Fax (214) 634-0465

February 12, 2015

KUK JA STEWART
2028 SANDY LANE
IRVING, TEXAS 75060
MINERAL LEASES

      RE:    Claim #05739

Dear Sir or Madam:

      Enclosed please find PROOF OF CLAIM documentation which supports the above-referenced cause of claim #05739. A timeline was established with dated documents to effectively corroborate our claim of serving as a major creditor to Energy Future Holdings, Inc.

      Major violations by the licensed entities involved with claim #05739 have been identified as fraud, misrepresentation, forgery, malpractice and disclosure breaches. The respective violations are listed below, and each violation entails an Exhibit attached hereto:

I.

      In 1992, Mrs. Kuk Ja Stewart gifted one acre of the Hyde Addition to the First Samaria Church for use as a parking lot. The agreement detailed Mrs. Stewart to retain all mineral rights of the property.
See Exhibit "A"

II.

      Beginning in 1993, several law firms in addition to various county, city, and state officials are in violation of fraud and misrepresentation. Exhibit "B-1" demonstrates the manipulation executed by said city and state officials (compare to Exhibit "C-1" which serves as Wendal B. Partain's official survey of 2104).
See Exhibit "B" and "B-1"

III.

      In 1993, Mrs. Stewart purchased land through an auction conducted by Resolution Trust Corporation (RTC) for Jasper Federal Savings & Loan Association. Mrs. Stewart's purchase of land is documented in Dallas County Volume 93014 page 1966. From Volume 93014 page 1966, the Dallas County Volume directs the reader to Volume 86166 page 2069 for further details regarding Mrs. Stewart's purchase of property. Such documentation is also found in F 480 as well as Volume 71002 page 1746. According to Volume 71002 page 1746, Mrs. Stewart's land purchase serves as the majority of GIFCO Properties. Exhibit "C-1" serves as Wendal B. Partain's official survey of 2104.
See Exhibit "C" and "C-1"

IV.

On January 25, 2004, Kenneth James Stewart, passed away. At the time of Mr. Stewart's death, all unrecorded leases and easements of the Stewart Estate were due for renewal. See Exhibit "D"

V.

In September, 2005, Mrs. Stewart entered into an agreement with Scout Exploration. The agreement details Mrs. Stewart to lease mineral rights of the property in Las Colinas. The 2005 Mineral Lease signed by Mrs. Stewart is documented in Volume 86168 page 2069. The agreement was executed by attorney Charles Mitchell, et al. See Exhibit "E"

VI.

Attorney Charles Mitchell, et al executed an additional two Mineral Lease Contracts with unidentified people regarding other properties owned by Mrs. Stewart. The respective two contracts were forged as Mrs. Stewart denies knowledge of the contracts as well as denies ever signing the two contracts in question. Furthermore, the two Mineral Lease Contracts executed by Charles Mitchell, et al serve as tort of forgery. See Exhibit "F"

VII.

In 2005, real estate agent Nancy Croney introduced a lease opportunity to Mrs. Stewart regarding Todd R. Curtis. As a result, Mrs. Stewart entered into an agreement and began to lease a section of her property to Mr. Curtis for his horses. See Exhibit "G"

VIII.

In 1993, Mrs. Stewart purchased property at the Jasper Federal Savings & Loan Association auction. Mrs. Stewart's property purchase is documented in Dallas County Volume 93014 page 1966. Dallas County Volume 86166 page 2069 as well as F 480 and Volume 71002 page 1746 also document the purchase of property by Mrs. Stewart (reference Exhibit "C"). The respective land purchase came as a result of Charles Harrington's failure to pay property taxes in addition to failed loan repayment to Resolution Trust Corporation (RTC). Moreover, at the Jasper Federal Savings & Loan auction, Mr. Harrington effectively lost all rights to the land purchased by Mrs. Stewart. However, despite having lost the rights to the land, in 1995 Mr. Harrington falsely submitted documentation to Dallas County detailing his continued ownership of the property in question. See Exhibit "H"

IX.

In 1993, Mrs. Stewart purchased property at the Jasper Federal Savings & Loan Association auction. The purchased property is documented as the majority of GIFCO properties in Volume 71002 page 1746. Accordingly, since 1993, all occurrences in the alleged GIFCO properties have been fraudulent. Volume 86166 page 2069 as well as Volume 86168 page 2069, F 480, and Volume 71002 page 1746 clearly outline Mrs. Stewart's purchase of the property (reference Exhibit "C"). Furthermore, all actions associated with the alleged GIFCO properties since 1993 to the present date have been illegally conducted as Mrs. Stewart is the rightful owner of the property in question. See Exhibit "I"

X.

In 2004, Kelly Jack claimed a portion of 861 Mangrum. The associated Deed is Deed #200402888103. Kelly Jack's claim to the property serves as fraudulent.
See Exhibit "H"

XI.

In 2007, Charles Harrington gifted property to Dallas County. Mr. Harrington fraudulently entered into the agreement with Dallas County as he claimed to be the owner of the property of which he effectively lost all rights to in the 1993 Jasper Federal Savings & Loan Association auction. However, Mr. Harrington illegally proceeded with the agreement which detailed Mr. Harrington to retain all mineral rights of the gifted property.
See Exhibit "H"

XII.

In 1993, Mary Christensen effectively lost all rights to her property in the Jasper Federal Savings & Loan Association auction. As the property was for sale, Mrs. Stewart purchased the land. However, in 2009, it became known that Mary Christensen's trustee Ward Willford has continued to receive royalties for the land that Mary Christensen lost in the 1993 Jasper Federal Savings & Loan Association auction. Furthermore, Mary Christensen serves as another individual who fraudulently claimed continued ownership of the property sold to Mrs. Stewart at the Jasper Federal Savings & Loan Association auction.
See Exhibit "H"

XIII.

In 2009, Francis Rudine gifted land to Mckinney Vehicles. The respective Deed is Deed #200900264441. However, Francis Rudine serves as another individual who fraudulently claimed ownership to property that was effectively lost at the Jasper Federal Savings & Loan Association auction. In respect to the property, an oil company titled Chief Resources (LP200900904241) and Dallas County (easement 20090003042341) conducted business with Mckinney Vehicles. Accordingly, all occurrences associated with the property in question serve as fraudulent due to the original purchase of the property by Mrs. Stewart at the 1993 Jasper Federal Savings & Loan Association auction.
See Exhibit "H"

XIV.

In 2009, Dallas County gave land to Khaleel Mohamed (Lp. 200900353192) which in reality is owned by Mrs. Stewart. In addition Irving gave land to Maria Hernandez which in reality is also owned by Mrs. Stewart. Paul Nier to Brady Shawn. Brady Shawn commits fraud and misrepresentation. 21 St Mortgage Corporation; Brady Shawn to public.
See Exhibit "H"

XV.

In 2010, Mary Lou Downs transferred land to Dallas County; however, Ms. Downs was not the authorized owner of the property.
See Exhibit "H"

XVI.

In 2010, Todd Curtis executed a release of lease to Mrs. Stewart. The release was handled by attorney Charles Mitchell, et al. However, attorney Charles Mitchell, et al amended the contract to reflect only a partial release of lease. In addition, the existence of 7 tracks of land belonging to Mrs. Stewart in Mangrum 861 located in Dallas County became known. Attorney

Charles Mitchell had failed to disclose to Mrs. Stewart the reality of the vast amount of property she owned.
See Exhibit "K"

## XVII.

Proof of tax statements for 2 tracks of land. The first track consisting of 33,333.333 acres and the second track containing 9,470 acres. Due to the easements, leases, gas, and minerals of the land, Dallas County as well as Oil & Gas companies are illegally profiting.
See Exhibit "J"

As a result of the direct fraud and misrepresentation, disclosure violations, forgery, and malpractice committed by such licensed entities associated with Claim #05739, Mrs. Kuk Ja Stewart values her claim to be the sum of **$61.61 billion.**

Should you have any questions, please do not hesitate to contact the office of Charles Montemayor at the designated number provided below.

Respectfully submitted,

KUK JA STEWART
2028 SANDY LANE
IRVING, TEXAS 75060
MINERAL LEASES

Charles Montemayor
State Bar Number: 14282300
5353 Maple Ave., Suite 100
Dallas, Texas 75235
TEL: (214) 634-0771
FAX: (214) 634-0465

A

# AMERICAN TITLE COMPANY

May 7, 1992

MR. STEWART HONG KUK
2306 Rock Island
Irving, TX  75060

Re:   Our File Number: 92 IL 235727 H
      Closer: Wynell Smith

Dear Mr. Kuk:

In connection with the above captioned transaction, we enclose herewith
COMMONWEALTH LAND TITLE INSURANCE COMPANY Owner's Title Policy No.
175-028996.

It has been a pleasure to handle this transaction for you.  If you should
have any questions, please contact Wynell Smith at 490-0372.

Very truly yours,

AMERICAN TITLE COMPANY

Policy Department

/skb

Enclosure


EXHIBIT
A

COMMONWEALTH LAND TITLE INSURANCE COMPANY

COMMITMENT FOR TITLE INSURANCE
SCHEDULE A

Case No.    92 ID 235727-H  (00010)

Effective Date of Commitment        January 10, 1992, 8:00 o'clock a.m.

1.  Policy or Policies to be issued:

   (a) Form T-1:  OWNER POLICY OF TITLE INSURANCE          $  TO BE DETERMINED

       Proposed Insured:    TO BE DETERMINED

   (b) Form T-2:  MORTGAGEE POLICY OF TITLE INSURANCE        $

       Proposed Insured:
       Proposed Borrower:

   (c) Form T-13:  MORTGAGEE TITLE POLICY BINDER ON INTERIM CONSTRUCTION LOAN
                                                        $

       Proposed Insured:
       Proposed Borrower:

   (d) OTHER:                          .
                                                        $
       Proposed Insured:

2.  The  estate  or  interest  in  the  land  described  or  referred  to in this
    Commitment and covered  herein: (Fee  Simple,  leasehold, easements, etc.,
    -- identify or describe)

        FEE SIMPLE

3.  Record title thereto at the effective date hereof appears to be vested in:

        SUNBELT FEDERAL SAVINGS, FSB, in conservatorship under the direction of the
        RESOLUTION TRUST CORPORATION

        KW-150

4.  The land referred to in this Commitment is described as follows:

        Being Lot 17, Block 41 of SOUTHLAND SUBDIVISION OF BLOCKS 24 to 41 of HYDE
        PARK ADDITION, an Addition to the City of FORT WORTH, TARRANT County,
        Texas, according to the Plat thereof recorded in Volume 310, Page 11, Map
        Records, TARRANT County, Texas.

AMERICAN TITLE COMPANY

Countersigned at  TARRANT _____ County, Texas     By
                                                   Authorized Officer or Agent

This commitment is invalid unless                  DOC# 1
the insuring provisions and Schedules              Schedule A - Page 1
A, B, C and D are attached.

COMMONWEALTH LAND TITLE INSURANCE COMPANY

SCHEDULE B

EXCEPTIONS FROM COVERAGE

The policy will be subject to the Exclusions from Coverage, the Conditions and Stipulations thereof, the terms and conditions of the instrument creating the estate insured, if any, shown in Schedule A, and to the following matters that will be additional exceptions from the coverage of the policy:

1.  The following restrictive covenants of record itemized below, but in any mortgagee policy of title insurance or mortgagee title binder on interim construction loan, the Company will insure that any such restrictive covenants have not been violated so as to affect, and that a future violation thereof will not affect, the validity or priority of the insured mortgage (insert specific recording data or delete this exception):

    ITEM 1 OF SCHEDULE B IS HEREBY DELETED IN ITS ENTIRETY.

2.  Any discrepancies, conflicts, or shortages in area or boundary lines, or any encroachments, or protrusions or any overlapping of improvements.

3.  Standby fees and taxes for the year 1992 and subsequent years, and subsequent assessments for prior years due to change in land usage or ownership.

4.  No materials have been furnished or any labor performed in connection with the construction contemplated hereunder prior to the execution acknowledgement, and delivery of the lien instrument described under SCHEDULE A hereof, if the land described under SCHEDULE A forms any part of the homestead of the owner. (May be deleted if satisfactory evidence is furnished before binder is issued.) (Mortgagee Title Policy Binder on Interim Construction Loan only.)

5.  Homestead or community property or survivorship rights, if any, of any spouse of any insured. (Owner Policy only.)

6.  Any title or rights asserted by anyone, including, but not limited to, persons, corporations, governments or other entities to tidelands, or lands comprising the shores or beds of navigable or perennial rivers and streams, lakes, bays, gulfs or oceans, or to any land extending from the line of mean low tide to the line of vegetation, or to lands beyond the line of the harbor or bulkhead lines as established or changed by any government, or to filled-in lands, or artificial islands, or to riparian rights or other statutory water rights, or the rights or interests of the State of Texas or the public generally in the area extending from the line of mean low tide to the line of vegetation or the right of access thereto, or right of easement along and across the same. (Owner Policy only.)

7.  Liens and leases that affect the title to the estate or interest, but that are subordinate to the lien of the insured mortgage. (Mortgagee Policy Only.)

8.  The following lien(s) and other matter(s) and all terms, provisions, and conditions of the instruments(s) creating or evidencing said lien(s) and other matter(s). (This exception may be deleted if no lien or other matter is set forth below):

    Rights of parties in possession. (Owner's Title Policy only)

9.  Rights of tenants in possession, as tenants only, under any unrecorded rental or lease agreements.

COMMONWEALTH LAND TITLE INSURANCE COMPANY

SCHEDULE C

Schedule B of the policy to be issued also will contain exceptions with respect to the following matters supposed to affect title to the hereinabove described property unless the following matters are disposed of to the satisfaction of the Company at or prior to the date of the issuance of the policy:

1.  Instrument(s) creating the estate or interest to be insured must be approved by the Company, executed and filed for record.

2.  Satisfactory evidence that no person occupying the property or any portion thereof owns or claims any interest therein, either personally or by right of another, adverse to the present record owner as shown in Schedule A.

3.  Payment of the full consideration to, or for the account of, the grantors or mortgagors.

4.  Payment of all standby fees, taxes, charges and assessments levied or ass-essed against the subject estate or interest, which are currently due and payable.

5.  Satisfactory evidence that all improvements and/or repairs and/or alterations thereto are completed and accepted by the owner and that contractors, subcontractors, laborers and materialmen have been paid in full, and no mechanic's, laborer's or materialmen's liens have attached.

6.  Any defect, lien, encumbrance or other matter affecting or supposed to affect title to the estate or interest to be insured which may be filed or which may arise subsequent to the effective date hereof.

7.  If a mortgagee policy of title insurance is to be issued, satisfactory evidence that restrictions and restrictive covenants, if any, have not been violated so as to affect, and that a future violation thereof will not affect the validity or priority of the insured mortgage.

8.  Satisfactory evidence of legal right of access to and from the land. If satisfactory evidence is not furnished to the Company, the policy to be issued will except to lack of a right of access to and from the land.

9.  Bankruptcy is pending against the mortgagor, JON S. D'AZZO, Case No. 387-34479-6, Dallas Division, filed August 21, 1987.
    Provide proof of lifting of automatic stay prior to the foreclosure sale.

10. Abstract of Judgment against SUNBELT SAVINGS by NINA GOGIN in the amount of $1,754.00, plus attorney's fees, interest and costs, filed July 3, 1991, recorded in Volume 10307, Page 1023, Abstract of Judgment Records, TARRANT County, Texas.

11. Company requires proof of authority for person acting for Conservator.

12. Company requires a resolution by the Board of Directors authorizing the transaction and showing proof of authority of those acting on its behalf.

COMMONWEALTH LAND TITLE INSURANCE COMPANY

SCHEDULE D

Pursuant to the requirements of Rule P-21, Basic Manual of Rules, Rates and Forms for the writing of Title Insurance in the State of Texas, the following disclosures are made:

1. Commonwealth Land Title Insurance Company is a wholly owned subsidiary of Reliance Group Holdings, Inc., had consolidated assets in excess of $9 billion at December 31, 1988. Reliance Group Holdings securities are publicly traded on the New York and Philadelphia Stock Exchanges.

   Commonwealth Land Title Insurance Company's officers and directors at December 31, 1988 were as follows:

   **OFFICERS**

   | | |
   |---|---|
   | Herbert Wender: Chmn. & CEO | Leroy F. King: Sr. VP |
   | Joseph D. Burke: President | Wayne L. Levins: Sr. VP |
   | John H. Kunkle, Jr.: Vice Chmn. | Robert F. McMackin: Sr. VP |
   | James P. Kozel: Sr. VP, Controller | Irving Morgenroth: Sr. VP |
   | Edward P. Locher: Sr. VP & Treas. | Winfred L. Myers: Sr. VP |
   | James Joseph Daniel Lynch, Jr.: VP & Sec. | H. Robert Naftzinger: Sr. VP |
   | Joseph N. Buchman: Sr. VP | Thomas E. Simonton: Sr. VP |
   | Warren A. Kennedy, Sr. VP | Fredrick L. Tomblin: Sr. VP |

   **DIRECTORS**

   | | | |
   |---|---|---|
   | George Bello | Irving Morgenroth | Herbert Wender |
   | Joseph D. Burke | Robert M. Steinberg | David C. Woodward |
   | John H. Kunkle, Jr. | Saul P. Steinberg | |

2. The following disclosures are made by the Title Insurance Agent issuing this commitment: The following individuals are directors and/or officers, as indicated, ATCOD, INC. DBA American Title Company.

   SHAREHOLDERS:                                 OFFICERS:
                               Chairman of the Board: William D. Oates
   William D. Oates         Vice Chmn., CFO, Sec., Treas.: John D. Woolf
   Business Resources Corporation        Vice Chairman: James. G. Synodis
                                         President: Michael D. Richards
   DIRECTORS:               Executive Vice President: William S. Chattaway
   William D. Oates
   John D. Woolf

3. You are entitled to receive advance disclosure of settlement charges in connection with the proposed transaction to which this commitment relates. Upon your request, such disclosure will be made to you. Additionally, the name of any person, firm or corporation receiving any sum from the settlement of this transaction will be disclosed on the closing or settlement statement.

   You are further advised that the estimated title premium* is:

   | | |
   |---|---|
   | Owners Policy | $ |
   | Mortgagee Policy | $ |
   | Tax Modification | $ |
   | Survey Modification | $ |
   | Endorsement Charges | $ |
   | Total | $TO BE DETERMINED |

   Of this total amount:    $.00 ( 19.0000%) will be paid to the policy issuing Title Insurance Company;    $.00 ( 81.0000%) will be retained by the issuing Title Insurance Agent; and the remainder of the estimated premium will be paid to other parties as follows:

   | AMOUNT | TO WHOM | FOR SERVICES |
   |---|---|---|
   | ( .0000%) | | |
   | ( .0000%) | | |
   | ( .0000%) | | |

*   The estimated premium is based upon information furnished to us as of the date of this Commitment for Title Insurance. Final determination of the amount of the premium will be made at closing in accordance with the Rules and Regulations adopted by the State Board of Insurance.

# AMERICAN TITLE COMPANY

May 7, 1992

MR. STEWART HONG KUK
2306 Rock Island
Irving, TX  75060

Re:  Our File Number: 92 IL 235727 H
     Closer: Wynell Smith

Dear Mr. Kuk:

In connection with the above captioned transaction, we enclose herewith
COMMONWEALTH LAND TITLE INSURANCE COMPANY Owner's Title Policy No.
175-028996.

It has been a pleasure to handle this transaction for you.  If you should
have any questions, please contact Wynell Smith at 490-0372.

Very truly yours,

AMERICAN TITLE COMPANY

Policy Department

/skb

Enclosure



**Commonwealth®**
**Land Title Insurance Company**

POLICY NUMBER

**175-028996**

# OWNER'S POLICY OF TITLE INSURANCE

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS. COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Pennsylvania corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Any statutory or constitutional mechanic's, contractor's, or materialman's lien for labor or material having its inception on or before Date of Policy;
4. Lack of a right of access to and from the land;
5. Lack of good and indefeasible title.

The Company also will pay the costs, attorneys' fees and expenses incurred in defense of the title, as insured, but only to the extent provided in the Conditions and Stipulations.

**IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY** has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

**COMMONWEALTH LAND TITLE INSURANCE COMPANY**

Attest:

*James J D Lynch Jr*
Secretary

By

*Frederik Guelli*
President

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

   (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking that has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.

3. Defects, liens, encumbrances, adverse claims or other matters:

   (a) created, suffered, assumed or agreed to by the insured claimant;

   (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;

   (c) resulting in no loss or damage to the insured claimant;

   (d) attaching or created subsequent to Date of Policy;

   (e) resulting in loss or damage that would not have been sustained if the insured claimant had paid value for the estate or interest insured by this policy.

4. The refusal of any person to purchase, lease or lend money on the estate or interest covered hereby in the land described in Schedule A because of unmarketability of the title.

5. Any claim, which arises out of the transaction vesting in the insured the estate or interest insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws.

Texas Owner Policy   T-1 (10-1-91)
Face Page
**Form 1178-1**

Valid Only If Schedule A, B' and Cover Are Attached

COMMONWEALTH LAND TITLE INSURANCE COMPANY

----------------------
OWNER POLICY OF
TITLE INSURANCE
----------------------

| CASE NUMBER | DATE OF POLICY | AMOUNT OF INSURANCE | POLICY NUMBER |
|---|---|---|---|
| 92 IL 235727-H (023)/skb | 3/ 9/1992 11:53AM | $********200.00 | 175- 028996 |

SCHEDULE A

1. Name of Insured:

   STEWART HONG KUK

2. The estate or interest in the land that is covered by this policy is:

   FEE SIMPLE

3. Title to the estate or interest in the land is vested in:

   STEWART HONG KUK

4. The land referred to in this policy is described as follows:

   Being Lot 17, Block 41 of SOUTHLAND SUBDIVISION OF BLOCKS 24 to 41 of HYDE PARK ADDITION, an Addition to the City of FORT WORTH, TARRANT County, Texas, according to the Plat thereof recorded in Volume 310, Page 11, Map Records, TARRANT County, Texas.

AMERICAN TITLE COMPANY

Countersigned at DALLAS         County, Texas

By: _____
Authorized Countersignature

This policy is invalid unless the cover sheet and Schedule B are attached. The policy number shown on this schedule must agree with the preprinted number on the cover.

Texas Form T-1 (rev 10/91)         Owner Policy - Form prescribed by State Board of Insurance of Texas

Schedule A - Page 1

COMMONWEALTH LAND TITLE INSURANCE COMPANY

-----------------------
OWNER POLICY OF
TITLE INSURANCE
-----------------------

| CASE NUMBER | DATE OF POLICY | POLICY NUMBER |
|---|---|---|
| 92 IL 235727-H (023)/skb | 3/ 9/1992 | 175- 028996 |

SCHEDULE B

This policy does not insure against loss or damage (and the Company will not pay costs, attorney's fees or expenses) that arise by reason of the terms and conditions of the leases or easements insured, if any, shown in Schedule A and the following matters:

1. The following restrictive covenants of record itemized below (the Company must either insert specific recording data or delete this exception):

   ITEM 1 OF SCHEDULE B IS HEREBY DELETED IN ITS ENTIRETY.

2. Any discrepancies, conflicts, or shortages in area or boundary lines, or any encroachments or protrusions, or any overlapping of improvements.

3. Homestead or community property or survivorship rights, if any, of any spouse of any insured.

4. Any titles or rights asserted by anyone, including, but not limited to, persons, corporations, governments or other entities, to tidelands, or lands comprising the shores or beds of navigable or perennial rivers and streams, lakes, bays, gulfs or oceans, or to any land extending from the line of mean low tide to the line of vegetation, or to lands beyond the line of the harbor or bulkhead lines as established or changed by any government, or to filled-in lands, or artificial islands, or to riparian rights or other statutory water rights, or the rights or interests of the State of Texas or the public generally in the area extending from the line of mean low tide to the line of vegetation or the right of access thereto, or right of easement along and across the same.

5. Standby fees and taxes for the year 1992 and subsequent years, and subsequent assessments for prior years due to change in land usage or ownership.

6. The following lien(s) and other matter(s) and all terms, provisions and conditions of the instrument(s) creating or evidencing said lien(s) and other matter(s) (This exception may be deleted if no lien or other matter is set forth below):

   Rights of parties in possession.

7. Easements, or claims of easements, which are not recorded in the public records.

This policy is invalid unless the cover sheet and Schedule A are attached. The policy number shown on this schedule must agree with the preprinted number on the cover.

Texas Form T-1 (rev 10/91)          Owner Policy - Form prescribed by State Board
                                                of Insurance of Texas



**7. DETERMINATION, EXTENT OF LIABILITY AND COINSURANCE.**

This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the insured claimant who has suffered loss or damage by reason of matters insured against by this policy and only to the extent herein described.

(a) The liability of the Company under this policy shall not exceed the least of:

(i) the Amount of Insurance stated in Schedule A;

(ii) The difference between the value of the insured estate or interest as insured and the value of the insured estate or interest subject to the defect, lien or encumbrance insured against by this policy at the date the insured claimant is required to furnish to Company a proof of loss or damage in accordance with Section 5 of these Conditions and Stipulations.

(b) In the event the Amount of Insurance stated in Schedule A at the Date of Policy is less than 80 percent of the value of the insured estate or interest or the full consideration paid for the land, whichever is less, or if subsequent to the Date of Policy an improvement is erected on the land which increases the value of the insured estate or interest by at least 20 percent over the Amount of Insurance stated in Schedule A, then this Policy is subject to the following:

(i) where no subsequent improvement has been made, as to any partial loss, the Company shall only pay the loss pro rata in the proportion that the amount of insurance at Date of Policy bears to the total value of the insured estate or interest at Date of Policy; or

(ii) where a subsequent improvement has been made, as to any partial loss, the Company shall only pay the loss pro rata in the proportion that 120 percent of the Amount of Insurance stated in Schedule A bears to the sum of the Amount of Insurance stated in Schedule A and the amount expended for the improvement.

The provisions of this paragraph shall not apply to costs, attorneys' fees and expenses for which the Company is liable under this policy, and shall only apply to that portion of any loss which exceeds, in the aggregate, 10 percent of the Amount of Insurance stated in Schedule A.

(c) The Company will pay only those costs, attorneys' fees and expenses incurred in accordance with Section 4 of these Conditions and Stipulations.

**8. APPORTIONMENT.**

If the land described in Schedule A consists of two or more parcels that are not used as a single site, and a loss is established affecting one or more of the parcels but not all, the loss shall be computed and settled on a pro rata basis as if the amount of insurance under this policy was divided pro rata as to the value on Date of Policy of each separate parcel to the whole, exclusive of any improvements made subsequent to Date of Policy, unless a liability or value has otherwise been agreed upon as to each parcel by the Company and the insured at the time of the issuance of this policy and shown by an express statement or by an endorsement attached to this policy.

**9. LIMITATION OF LIABILITY.**

(a) If the Company establishes the title, or removes the alleged defect, lien or encumbrance, or cures the lack of a right of access to or from the land, all as insured, or takes action in accordance with Section 3 or Section 6, in a reasonably diligent manner by any method, including litigation and the completion of any appeals therefrom, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused thereby.

(b) In the event of any litigation, including litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title as insured.

(c) The Company shall not be liable for loss or damage to any insured for liability voluntarily assumed by the insured in settling any claim or suit without the prior written consent of the Company.

**10. REDUCTION OF INSURANCE; REDUCTION OR TERMINATION OF LIABILITY.**

All payments under this policy, except payments made for costs, attorneys' fees and expenses, shall reduce the amount of the insurance pro tanto.

**11. LIABILITY NONCUMULATIVE.**

It is expressly understood that the amount of insurance under this policy shall be reduced by any amount the Company may pay under any policy insuring a mortgage to which exception is taken in Schedule B or to which the insured has agreed, assumed, or taken subject, or which is hereafter executed by an insured and which is a charge or lien on the estate or interest described or referred to in Schedule A, and the amount so paid shall be deemed a payment under this policy to the insured owner.

**12. PAYMENT OF LOSS.**

(a) No payment shall be made without producing this policy for endorsement of the payment unless the policy has been lost or destroyed, in which case proof of loss or destruction shall be furnished to the satisfaction of the Company.

(b) When liability and the extent of loss or damage has been definitely fixed in accordance with these Conditions and Stipulations, the loss or damage shall be payable within 30 days thereafter.

**13. SUBROGATION UPON PAYMENT OR SETTLEMENT.**

(a) The Company's Right of Subrogation.

Whenever the Company shall have settled and paid a claim under this policy, all right of subrogation shall vest in the Company unaffected by any act of the insured claimant.

The Company shall be subrogated to and be entitled to all rights and remedies that the insured claimant would have had against any person or property in respect to the claim had this policy not been issued. If requested by the Company, the insured claimant shall transfer to the Company all rights and remedies against any person or property necessary in order to perfect this right of subrogation. The insured claimant shall permit the Company to sue, compromise or settle in the name of the insured claimant and to use the name of the insured claimant in any transaction or litigation involving these rights or remedies.

If a payment on account of a claim does not fully cover the loss of the insured claimant, the Company shall be subrogated to these rights and remedies in the proportion that the Company's payment bears to the whole amount of the loss.

If loss should result from any act of the insured claimant, as stated above, that act shall not void this policy, but the Company, in that event, shall be required to pay only that part of any losses insured against by this policy that shall exceed the amount, if any, lost to the Company by reason of the impairment by the insured claimant of the Company's right of subrogation.

(b) The Company's Rights Against Non-insured Obligors.

The Company's right of subrogation against non-insured obligors shall exist and shall include, without limitation, the rights of the insured to indemnities, guaranties, other policies of insurance or bonds, notwithstanding any terms or conditions contained in those instruments that provide for subrogation rights by reason of this policy.

**14. ARBITRATION.**

Unless prohibited by applicable law, either the Company or the insured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation. All arbitrable matters when the Amount of Insurance is $1,000,000 or less shall be arbitrated at the option of either the Company or the insured. All arbitrable matters when the Amount of Insurance is in excess of $1,000,000 shall be arbitrated only when agreed to by both the Company and the insured. Arbitration pursuant to this policy and under the Rules in effect on the date the demand for arbitration is made or, at the option of the insured, the Rules in effect at Date of Policy shall be binding upon the parties. The award may include attorneys' fees only if the laws of the state in which the land is located permit a court to award attorneys' fees to a prevailing party. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.

The law of the situs of the land shall apply to an arbitration under the Title Insurance Arbitration Rules.

A copy of the Rules may be obtained from the Company upon request.

**15. LIABILITY LIMITED TO THIS POLICY; POLICY ENTIRE CONTRACT.**

(a) This policy together with all endorsements, if any, attached hereto by the Company is the entire policy and contract between the insured and the Company. In interpreting any provision of this policy, this policy shall be construed as a whole.

(b) Any claim of loss or damage, whether or not based on negligence, and which arises out of the status of the title to the estate or interest covered hereby or by any action asserting such claim, shall be restricted to this policy.

(c) No amendment of or endorsement to this policy can be made except by a writing endorsed hereon or attached hereto signed by either the President, a Vice President, the Secretary, an Assistant Secretary, or validating officer or authorized signatory of the Company.

**16. SEVERABILITY.**

In the event any provision of the policy is held invalid or unenforceable under applicable law, the policy shall be deemed not to include that provision, and all other provisions shall remain in full force and effect.

**17. NOTICES, WHERE SENT.**

All notices required to be given the Company and any statement in writing required to be furnished the Company shall include the number of this policy and shall be addressed to the Company at COMMONWEALTH LAND TITLE INSURANCE COMPANY, EIGHT PENN CENTER, PHILADELPHIA, PENNSYLVANIA 19103-2198.

**18. COMPLAINT NOTICE.**

Should any dispute arise about your premium or about a claim that you have filed, contact the agent or write to the Company that issued the policy. If the problem is not resolved, you also may write the Texas Department of Insurance, P.O. Box 149091, Austin, TX 78714-9091, Fax No. (512) 475-1771. This notice of complaint procedure is for information only and does not become a part or condition of this policy.

## FOR INFORMATION, OR
## TO MAKE A COMPLAINT, CALL:
## 1-800-441-0310

## PARA INFORMACION, O
## PARA HACER UNA QUEJA, HABLE
## 1-800-441-0310

GF NO. 235727H IL WS (23) Code: 02.20.92c



SPECIAL WARRANTY DEED
(CASH SALE)

THE STATE OF TEXAS §
                              KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF TARRANT §

That the RESOLUTION TRUST CORPORATION ("RTC") in the capacity specified below (hereinafter called "Grantor") for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other valuable consideration paid to Grantor by STEWART HONG KUK (hereinafter, whether one or more, called "Grantee"), the receipt and sufficiency of all of which are hereby acknowledged and confessed, hereby GRANTS, SELLS, CONVEYS, ASSIGNS and DELIVERS to Grantee the real property situated in Tarrant County, Texas described in Exhibit "A" attached hereto and incorporated herein by reference, together with all improvements thereon and fixtures affixed thereto (said real property, improvements and fixtures are referred to herein as the "Property" but do not hereby include any items specifically conveyed hereunder without covenant or warranty), subject to general real estate taxes and assessments and special assessments on the Property; zoning laws, regulations and ordinances of municipal and other governmental authorities, if any, affecting the Property; and all other matters of record affecting the Property or which would be revealed by a survey or inspection of the Property, including but not limited to the encumbrances described in Exhibit "B" attached hereto and incorporated herein by reference (all of the foregoing hereinafter called the "Permitted Encumbrances").

TO HAVE AND TO HOLD the Property, together with all and singular the rights and appurtenances thereto in anywise belonging, unto Grantee, Grantee's heirs, successors and assigns forever, and Grantor does hereby bind itself and its successors and assigns to warrant and forever defend all and singular the Property unto Grantee, its heirs, successors and assigns against every person whomsoever lawfully claiming, or to claim the same, or any part thereof by, through or under Grantor, but not otherwise, subject, however, to the Permitted Encumbrances.

### Option. The Ensuing Paragraph Must Always Be Included But May Require Modification In Order To Make It Consistent With Section 2.1 And Any Addendum To The Contract

For the same consideration, Grantor hereby GRANTS, SELLS, CONVEYS, ASSIGNS and DELIVERS to Grantee, without covenant or warranty express or implied (whether under Section 5.023 of the Texas Property Code or otherwise), all right, title and interest, if any, of Grantor, as owner of the Property but not as owner of any other property, in and to (i) strips or gores, if any, between the Property and abutting properties (except to the extent, if any, that such strips or gores abut or provide access to other properties owned by Grantor), (ii) any land lying in or under the bed of any street, alley, road or right-of-way, opened or proposed, abutting or adjacent to the Property, (iii) any leases and rental agreements (whether written or verbal) that grant a possessory interest in or that otherwise grant rights with regard to the use of all or any portion of the Property, (iv) any easements, rights of way, rights of ingress and egress or other interests in, on, or to, any land, highway, street, road or avenue, open or proposed, in, on, across from, in front of, abutting, adjoining or otherwise appurtenant to the Property, as well as all other rights, privileges and appurtenances owned by Grantor and in any way related to the Property and other rights and interests of Grantor hereunder conveyed, but reserving and retaining unto Grantor, its successors and assigns the nonexclusive and coextensive right to the use and benefit of the same for the benefit of any other properties owned by Seller to which such rights are appurtenant, and (v) all oil, gas, hydrocarbons and minerals in, on, under or that may be produced from the Property.

SPECIAL WARRANTY DEED, Page 1 of 3 pages.

10557 0453



BY THE ACCEPTANCE OF THIS DEED, GRANTEE ACKNOWLEDGES AND AGREES THAT GRANTOR EITHER ACQUIRED THE PROPERTY THROUGH FORECLOSURE OR DEED IN LIEU OF FORECLOSURE OR ADMINISTERS OR HAS ACQUIRED THE PROPERTY IN THE CAPACITY OF A RECEIVER OR A CONSERVATOR, AND CONSEQUENTLY, GRANTOR HAS LITTLE, IF ANY, KNOWLEDGE OF THE PHYSICAL OR ECONOMIC CHARACTERISTICS OF THE PROPERTY OR OTHER ITEMS CONVEYED HEREUNDER. ACCORDINGLY, EXCEPT AS OTHERWISE SPECIFICALLY STATED IN THIS CONVEYANCE, GRANTOR HEREBY SPECIFICALLY DISCLAIMS ANY WARRANTY, GUARANTY OR REPRESENTATION, ORAL OR WRITTEN, PAST, PRESENT OR FUTURE, OF, AS TO, OR CONCERNING (a) THE NATURE AND CONDITION OF THE PROPERTY OR OTHER ITEMS CONVEYED HEREUNDER, INCLUDING, WITHOUT LIMITATION, THE WATER, SOIL AND GEOLOGY, THE SUITABILITY THEREOF AND OF THE PROPERTY OR OTHER ITEMS CONVEYED HEREUNDER FOR ANY AND ALL ACTIVITIES AND USES WHICH GRANTEE MAY ELECT TO CONDUCT THEREON, THE EXISTENCE OF ANY ENVIRONMENTAL HAZARDS OR CONDITIONS THEREON (INCLUDING BUT NOT LIMITED TO THE PRESENCE OF ASBESTOS OR OTHER HAZARDOUS MATERIALS) OR COMPLIANCE WITH APPLICABLE ENVIRONMENTAL LAWS, RULES OR REGULATIONS; (b) EXCEPT FOR ANY WARRANTIES CONTAINED IN THIS DEED, THE NATURE AND EXTENT OF ANY RIGHT-OF-WAY, LEASE, POSSESSION, LIEN, ENCUMBRANCE, LICENSE, RESERVATION, CONDITION OR OTHERWISE, AND (c) THE COMPLIANCE OF THE PROPERTY OR OTHER ITEMS CONVEYED HEREUNDER OR ITS OPERATION WITH ANY LAWS, ORDINANCES OR REGULATIONS OF ANY GOVERNMENTAL ENTITY OR BODY. GRANTEE ACKNOWLEDGES THAT IT HAS INSPECTED THE PROPERTY OR OTHER ITEMS CONVEYED HEREUNDER AND THAT IT IS RELYING SOLELY ON ITS OWN INVESTIGATION OF THE SAME AND NOT ON ANY INFORMATION PROVIDED OR TO BE PROVIDED BY OR ON BEHALF OF GRANTOR. GRANTEE FURTHER ACKNOWLEDGES THAT ANY INFORMATION PROVIDED WITH RESPECT TO THE PROPERTY OR OTHER ITEMS CONVEYED HEREUNDER WAS OBTAINED FROM A VARIETY OF SOURCES, AND GRANTOR (1) HAS NOT MADE ANY INDEPENDENT INVESTIGATION OR VERIFICATION OF SUCH INFORMATION; AND (2) DOES NOT MAKE ANY REPRESENTATIONS AS TO THE ACCURACY OR COMPLETENESS OF SUCH INFORMATION. THIS CONVEYANCE IS MADE ON AN "AS IS", "WHERE IS" AND "WITH ALL FAULTS" BASIS, AND GRANTEE EXPRESSLY ACKNOWLEDGES THAT, EXCEPT AS OTHERWISE SPECIFIED HEREIN, GRANTOR HAS MADE NO WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW, INCLUDING, BUT NOT LIMITED TO, ANY WARRANTY OF CONDITION, TITLE (EXCEPT AS MAY BE SPECIFICALLY SET FORTH AND LIMITED IN THIS DEED), HABITABILITY, MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE WITH RESPECT TO THE PROPERTY, ANY OTHER ITEM CONVEYED HEREUNDER OR ANY PORTION THEREOF, ALL SUCH REPRESENTATIONS AND WARRANTIES, AS WELL AS ANY IMPLIED WARRANTIES BEING HEREBY EXPRESSLY DISCLAIMED.

GRANTEE AGREES THAT GRANTOR SHALL NOT BE RESPONSIBLE OR LIABLE TO GRANTEE FOR ANY CONSTRUCTION DEFECTS, ERRORS, OMISSIONS, OR ON ACCOUNT OF ANY OTHER CONDITIONS AFFECTING THE PROPERTY AND OTHER ITEMS CONVEYED HEREUNDER, AS GRANTEE IS PURCHASING THE SAME AS-IS, WHERE-IS, AND WITH ALL FAULTS. GRANTEE OR ANYONE CLAIMING, BY THROUGH OR UNDER GRANTEE, HEREBY FULLY RELEASES GRANTOR, ITS EMPLOYEES, OFFICERS, DIRECTORS, REPRESENTATIVES, ATTORNEYS AND AGENTS FROM ANY AND ALL CLAIMS THAT IT MAY NOW HAVE OR HEREAFTER ACQUIRE AGAINST RESOLUTION TRUST CORPORATION (IN ALL OF ITS CAPACITIES), THE GOVERNMENT OF THE UNITED STATES, THE FEDERAL DEPOSIT INSURANCE CORPORATION (IN ALL OF ITS CAPACITIES), GRANTOR, AND THEIR RESPECTIVE EMPLOYEES, OFFICERS, DIRECTORS, REPRESENTATIVES, ATTORNEYS AND AGENTS FOR ANY COST, LOSS, LIABILITY, DAMAGE, EXPENSE, DEMAND, ACTION OR CAUSE OF ACTION ARISING FROM OR RELATED TO ANY CONSTRUCTION DEFECTS, ERRORS, OMISSIONS, OR OTHER CONDITIONS AFFECTING THE PROPERTY AND OTHER ITEMS CONVEYED HEREUNDER. GRANTEE FURTHER ACKNOWLEDGES AND AGREES THAT THIS RELEASE SHALL BE GIVEN FULL FORCE AND EFFECT ACCORDING TO EACH OF ITS EXPRESSED TERMS AND PROVISIONS, INCLUDING, BUT NOT LIMITED TO, THOSE RELATING TO UNKNOWN AND UNSUSPECTED CLAIMS, DAMAGES AND CAUSES OF ACTION. THIS COVENANT RELEASING GRANTOR SHALL BE A COVENANT RUNNING WITH THE PROPERTY AND SHALL BE BINDING UPON GRANTEE. GRANTOR HEREBY ASSIGNS WITHOUT RECOURSE OR REPRESENTATION OF ANY NATURE TO GRANTEE, EFFECTIVE UPON THE EXECUTION AND DELIVERY HEREOF, ANY AND ALL CLAIMS THAT GRANTOR MAY HAVE FOR ANY SUCH ERRORS, OMISSIONS OR DEFECTS IN THE PROPERTY AND OTHER ITEMS CONVEYED HEREUNDER. AS A MATERIAL COVENANT AND CONDITION OF THIS CONVEYANCE, GRANTEE AGREES THAT IN THE EVENT OF ANY SUCH CONSTRUCTION DEFECTS, ERRORS, OMISSIONS OR ON ACCOUNT OF ANY OTHER CONDITIONS AFFECTING THE PROPERTY, GRANTEE SHALL LOOK SOLELY TO GRANTOR'S PREDECESSORS OR TO SUCH CONTRACTORS AND CONSULTANTS AS MAY HAVE CONTRACTED FOR WORK IN CONNECTION WITH THE PROPERTY AND OTHER ITEMS CONVEYED HEREUNDER FOR ANY REDRESS OR RELIEF. UPON THE ASSIGNMENT BY GRANTOR OF ITS CLAIMS, GRANTEE RELEASES GRANTOR OF ALL RIGHTS, EXPRESS OR IMPLIED, GRANTEE MAY HAVE AGAINST GRANTOR ARISING OUT OF OR RESULTING FROM ANY ERRORS, OMISSIONS OR DEFECTS IN THE PROPERTY AND OTHER ITEMS CONVEYED HEREUNDER. GRANTEE FURTHER UNDERSTANDS THAT SOME OF GRANTOR'S PREDECESSORS IN INTEREST MAY BE OR BECOME INSOLVENT, BANKRUPT, JUDGEMENT PROOF OR OTHERWISE INCAPABLE OF RESPONDING IN DAMAGES, AND GRANTEE MAY HAVE NO REMEDY AGAINST SUCH PREDECESSORS, CONTRACTORS OR CONSULTANTS.

SPECIAL WARRANTY DEED, Page 2 of 3 pages.

EXHIBIT "B"
TO
SPECIAL WARRANTY DEED

<u>PERMITTED EXCEPTIONS</u>

(1) Rights of parties in possession;  and,

(2) Rights of tenants in possession, as tenants only, under any unrecorded rental or lease agreements.

TO WHOM IT MAY CONCERN:

We, the undersigned, are Sellers and Purchasers of the following property:

Lot 17, Block 41, Southland Subdivision, Tarrant County, Texas

We understand that title to said property HAS NOT been examined, by Donald R. Campbell Inc. as of this date and are selling and purchasing said property with that knowledge.

We further agree not to hold Rattikin Title Company, Chicago Title Insurance Company or Donald R. Campbell, Inc. (its agents or employees) responsible for any errors, discrepancies, omissions or problems in regard to the status of title to the property.

We requested Donald R. Campbell, Inc. to prepare a Gift Deed and Exemption to filing a Form 1099B.

We further agree that Donald R. Campbell, Inc., its agents or employees, shall not be held responsible because of any added income tax liability, gift tax liability, or disqualification of any benefits due under Department of Human Services, and that no representation has been made as to the above by Donald R. Campbell, Inc., its agents or employees.

We further understand that we have not retained Donald R. Campbell Inc to give us legal advise on the above closing and the fee paid is for preparation of papers and closing of the transaction only.

**Purchaser has been informed that Title Insurance on the above transaction would cost $278.00 and by their signature below specifically declines coverage.**

Stewart Hong Kuk _____ Seller

Raymond Barrett _____ Purchaser

Robert Blackman _____ Purchaser

SWORN TO AND SUBSCRIBED before me by STEWART HONG KUK, on the _____ day of September, 1993.

CRAIG R. CAMPBELL
MY COMMISSION EXPIRES
February 20, 1997

Notary Public, State of Texas

SWORN TO AND SUBSCRIBED before me by RAYMOND BARRETT and ROBERT BLACKMAN, on the _____ day of _____, 1993.

CRAIG R. CAMPBELL
MY COMMISSION EXPIRES
February 20, 1997

Notary Public, State of Texas

## WARRANTY DEED

Date:                September 22, 1993

Grantor:             STEWART HONG KUK, a single person

Grantor's Mailing Address:      2306 Rock Island
                                Irving, Texas  75060

Grantee:             RAYMOND BARRETT AND ROBERT BLACKMAN TRUSTEES OF
                     FIRST SAMARIA BAPTIST CHURCH

Grantee's Mailing Address:      1125 East Elmwood
                                Fort Worth, Texas  76104

Consideration:       The love and affection which I have and bear for the
                     First Samaria Baptist Church

Property:            Lot 17, Block 41, of SOUTHLAND SUBDIVISION OF BLOCKS 24 TO
                     41 OF HYDE PARK ADDITION, an Addition to the City of Fort
                     Worth, Tarrant County, Texas, according to the Plat
                     thereof recorded in Volume 310, Page 11, Deed Records of
                     Tarrant County, Texas.

Reservations from and Exceptions to Conveyance:

This conveyance is given and accepted subject to any and all restrictions,
covenants, reservations, conditions, rights of way, easements, municipal
or other governmental zoning laws, regulations and ordinances, if any,
affecting the herein described property.

        Grantor, for the consideration and subject to the reservations
from and exceptions to conveyance and warranty, grants, sells, and conveys
to Grantee the property, together with all and singular the rights and
appurtenances thereto in any wise belonging, to have and hold it to
Grantee, Grantee's heirs, executors, administrators, successors, or
assigns forever. Grantor binds Grantor and Grantor's heirs, executors,
administrators, and successors to warrant and forever defend all and
singular the property to Grantee and Grantee's heirs, executors,
administrators, successors, and assigns against every person whomsoever
lawfully claiming or to claim the same or any part thereof, except as to
the reservations from and exceptions to conveyance and warranty.

        When the context requires, singular nouns and pronouns include the
plural.

_Stewart Hong Kuk_

_____
                     Stewart Hong Kuk


THE STATE OF TEXAS        }
COUNTY OF TARRANT         }

        This instrument was acknowledged before me on the ____28th____ day
of September, 1993, by STEWART HONG KUK.

_____
                     Notary Public, State of Texas

CRAIG R. CAMPBELL
MY COMMISSION EXPIRES
February 20, 1997

GRANTEE HEREBY AGREES TO INDEMNIFY, PROTECT, DEFEND, SAVE AND HOLD HARMLESS GRANTOR, AND GRANTOR'S EMPLOYEES, OFFICERS, DIRECTORS, REPRESENTATIVES, ATTORNEYS' AND AGENTS FROM AND AGAINST ANY AND ALL DEBTS, DUTIES, OBLIGATIONS, LIABILITIES, SUITS, CLAIMS, DEMANDS, CAUSES OF ACTION, DAMAGES, LOSSES, COSTS AND EXPENSES (INCLUDING, WITHOUT LIMITATION, ATTORNEYS' FEES AND EXPENSES AND COURT COSTS) IN ANY WAY RELATING TO, CONNECTED WITH OR ARISING OUT OF THE PROPERTY AND OTHER ITEMS CONVEYED HEREUNDER OR THE OWNERSHIP, LEASING, USE, OPERATION, MAINTENANCE AND MANAGEMENT THEREOF FROM AND AFTER THE DATE HEREOF, INCLUDING, WITHOUT LIMITATION, THE COST OF ANY REMOVAL OF HAZARDOUS SUBSTANCES OR CONTAMINANTS FROM THE PROPERTY AND OTHER ITEMS CONVEYED HEREUNDER.

GRANTEE HEREBY ASSUMES THE PAYMENT OF ALL AD VALOREM TAXES AND ASSESSMENTS AND ALL SPECIAL ASSESSMENTS OF WHATEVER KIND AND CHARACTER AFFECTING THE PROPERTY AND OTHER ITEMS CONVEYED HEREUNDER, INCLUDING BUT NOT LIMITED TO TAXES BECOMING DUE BECAUSE OF A CHANGE IN LAND USAGE OR OWNERSHIP, AND GRANTEE AGREES TO INDEMNIFY AND HOLD HARMLESS GRANTOR FROM ANY AND ALL CLAIMS AND LIABILITY FOR THE PAYMENT THEREOF.

This Special Warranty Deed is executed by Grantor and Grantee to be effective as of the 25th day of February, 1992.

GRANTOR:

RESOLUTION TRUST CORPORATION, AS CONSERVATOR FOR SUNBELT FEDERAL SAVINGS, FSB

By: _____
Name: GAIL PENRY
Title or Capacity: Rtc Attorney in fact

GRANTEE:
_____
STEWART HONG KUK

GRANTEE'S ADDRESS:

STEWART HONG KUK
2306 Rock Island
Irving, Texas  75060

NOTARY/SIGNATURE IN BLUE INK MAY NOT BE LEGIBLE

THE STATE OF TEXAS §
COUNTY OF Dallas §

This instrument was acknowledged before me on the 2nd day of February, 1992, by GAIL PENRY, acting in his/her capacity as ATTORNEY IN FACT of, and on behalf of, RESOLUTION TRUST CORPORATION in its capacity as Conservator for SUNBELT FEDERAL SAVINGS, FSB.

My Commission Expires:
7/30/93

Notary Public, State of Texas
Notary's printed name:

LOIS ZIMMERMAN
MY COMMISSION EXPIRES
January 30, 1993

THE STATE OF TEXAS §
COUNTY OF Dallas §

This instrument was acknowledged before me on the 27th day of February, 1992, by STEWART HONG KUK.

My Commission Expires:
_____

Notary Public, State of Texas
Notary's printed name:

SPECIAL WARRANTY DEED, Page 3 of 3 pages.

WYNELL SMITH
Notary Public
State Of Texas
My Comm. Exp. March 31, 1993

10557  0455

EXHIBIT "A"
TO
SPECIAL WARRANTY DEED

PROPERTY DESCRIPTION

BEING LOT 17, BLOCK 41 of SOUTHLAND SUBDIVISION OF BLOCKS 24 TO 41 OF
HYDE PARK ADDITION, an Addition to the City of Fort Worth, Tarrant
County, Texas, according to the Plat thereof recorded in Volume 310,
Page 11, Map Records, Tarrant County, Texas.

EXCEPTION TO FILING AND REPORTING REAL ESTATE TRANSACTIONS ON

FORM 1099-B


RE:  LEGAL DESCRIPTION OF PROPERTY:

Lot 17, Block 41, Southland Subdivision, Tarrant County, Texas


Under penalty of law I/we hereby state and affirm that as Sellers
(Transferors) of the above property that I/we are entitled to a exception
to filing a 1099-B return for one of the following reasons:


(    )       A financing or refinancing that is not related to the
             acquisition of real estate.


( XXX)       A gift.


(    )       A foreclosure or abandonment.


(    )       An involuntary conversion.


(    )       Any transaction in which the t                    ration or
             a governmental unit, including                    t and an
             international organization.


Signed this __28th__ day of __September_____, 19_9__.


_Kuk  J. Stewot_____          Social Security No. _____
Stewart Hong Kuk


_____         Social Security No. _____

B



**The Croney Team**
**"Our Family Serving Yours"**
**Fax: 817-488-4768**
**www.CroneyTeam.com**

Date: 5-27-04          # of pages: 10

To: Charlie Mitchell    Fax #: 817-870-3427

From:

_✓_ Nancy Croney          ___ Keith Croney          ___ Jocelyn Croney
(cell) 817-781-9464        (cell) 817-781-9465        (cell) 817-781-9463

Re: Keija Steward - 1800 and 1900 Hunter Ferrell
                                         Loads
Comments:                                Croney Fx

May 27, 2004


TO:        CHARLIE MITCHELL
FROM:      NANCY CRONEY
RE:        KUJA STEWART FOR 1800 and 1900 Hunter Ferrell Roads

Charlie,
Attached are copies of the listings, plats, aerial view and zoning maps for the
above captioned properties, as well as, copies of letters that I have sent to the City
of Irving. I have phoned, visited and written them request for additional
information and have not had any feedback yet. It is my understanding, after
visiting the City of Irving that proposed Trinity Blvd will go through both parcels
of ground and basically make 1900 Hunter Ferrell almost useless for building.
The City appears to have some problems with it being in a flood zone but I have
not had conversation with the engineer from the City.

Anything that you can do for Mrs. Stewart would be appreciated.

Sincerely,

Nancy M. Croney
Re/Max Associates
6201 Colleyville Blvd.
Colleyville, TX 76034
817-781-9464
Nancy@Croneyteam.com

Agent Full Report



MLS#: 10055454    St: ACT    Cat: LND    LP: $380,000
Orig LP: $426,000                    Low: $0
Addr: 1800 HUNTER FERRELL RD
City: IRVING*                  Zip: 75062
County: DALLAS          Map: DA/041A*/P*
Subdv: JOSEPH MANGRUM ABST 861 PG 140*    Will Subdivide: No
Area: 26/3                  Lot: 2       Block: 8611
Legal: JOSEPH MANGRUM ABST 861 PG 140    MUD Dst: No
Parcel ID: 65086114010020000    PAR: Y     Mlt:

Land SqFt: 412,513 / Tax      # of Lots:
$/Lot SqFt: 0.92           Lots Sold Sep:
Acres: 9.47             Lots Sold Pkg:
$/Acre: 40126          LotDim: 0X0

| | | |
|---|---|---|
| AG Exemption: Yes | Pasture Acres: | Type: Commercial |
| Stock Tanks: | Cultivated Acres: | Feet to Road: |
| Wtr Meters: | Bottom Land Acres: | Road Frontage: |
| Wells: | Irrigated Acres: | |
| Lakes: | Crop Retire Prog: | |
| Ponds: | Land Leased: | Rd Asmt:    HOA: None Dues: $ / None |

School District: GRAND PRAIRIE ISD
School Type: E   School Name: LAMAR    Bus:   School Type: M   School Name: ADAMS    Bus:
School Type: H   School Name: GRANDPRAIR    Bus:   School Type:   School Name:    Bus:

| Lot Description | Street/Utilities | Easements | Showing |
|---|---|---|---|
| Acreage | Other | Other | No Lock Box |
| Lot Size/Acreage | Other Utilities | Assumption Info | Sign on Lot |
| 5 Acres to 9.99 Acres | Other Utilities | Not Assumable | |
| Development | Restrictions | Possession | |
| Unzoned | No Known Restriction(s) | Negotiable | |

Public: Directly across from Lone Star Park. Some of the land is in a flood zone. The county may use part of the land to expand Trinity Blvd. Buyer to verify schools.

Private:
Intra Office Remarks:
Dir:

Loan Type: Treat As Clear     Balance: $     Equity: $ 380,000         Int Rate: %
Payment: $               Pmt Type:     Lender:
Orig Date:               2nd Mortg: No    Unexempt Taxes: $ 716*

SAC: 0     BAC: 3     Var: N    List Type: Exclusive Right to Sell/Lease    DOM:93 LD: 2/24/2004 XD: 8/24/2004
LO: RMMC01CV  RE/Max Associates Realty    (817)416-5100          Fax: (817)416-5115
LO Addr: 8201 Colleyville Blvd 100 Colleyville, Tx 76034
LA: 0453197  Nancy Croney         (817)781-9464          Fax: (817)488-4768
Agt Oth: (817) 781-9464    LA Email: nancy@croneyteam.com
Pager:                       Cell:
Call: Agent    Appt: X:         Brk Lic#: 0468970

Title Co:                                           Loc:
Show:

Owner Name: See Agent     Slr Type: Owner           Keybox #: 0
                                              Occup:

Prepared By: Nancy Croney / RE-Max Associates Realty
---- Information herein deemed reliable but not guaranteed. ----
Copyright: 2004 by North Texas Real Estate Info. Systems. Inc. Thu, May 27, 2004 10:00 AM

No picture requested.

MLS#: 10055474          St: ACT     Cat: LND     LP: $900,000
Orig LP: $1,499,800                              Low: $0
Addr: 1900 HUNTER FERRELL RD
City: IRVING*                        Zip: 75062
County: DALLAS                       Map: DA/041A*/Q*
Subdv: JOSEPH MANGRUM ABST 861 PG 140*          Will Subdivide: No
Area: 26/3                           Lot: 1          Block: 8611
Legal: JOSEPH MANGRUM ABST 861 PG 140            MUD Dst: No
Parcel ID: 650861140100010000   PAR: Y           Mit:

Land SqFt: Tax                       # of Lots:
$/Lot SqFt: 0                        Lots Sold Sep:
Acres: 33.33                         Lots Sold Pkg:
$/Acre: 27002                        LotDim: 0X0

| AG Exemption: Yes | Pasture Acres: | Type: Commercial | |
|---|---|---|---|
| Stock Tanks: | Cultivated Acres: | Feet to Road: | |
| Wtr Meters: | Bottom Land Acres: | Road Frontage: | |
| Wells: | Irrigated Acres: | | |
| Lakes: | Crop Retire Prog: | | |
| Ponds: | Land Leased: | Rd Asmt: | HOA: None Dues: $ / None |

School District: GRAND PRAIRIE ISD
| School Type: E | School Name: LAMAR | Bus: | School Type: M | School Name: ADAMS | Bus: |
|---|---|---|---|---|---|
| School Type: H | School Name: GRANDPRAIR | Bus: | School Type: | School Name: | Bus: |

| Lot Description | Street/Utilities | Easements | Showing |
|---|---|---|---|
| Acreage | Other | Other | Sign on Lot |
| Lot Size/Acreage | Other Utilities | Assumption Info | |
| 10 Acres to 100 Acres | Other Utilities | Not Assumable | |
| Development | Restrictions | Possession | |
| Unzoned | No Known Restriction(s) | Negotiable | |

Public: Buyer to verify schools. 33.33 acres across the street from Lone Star Park. County may expand Trinity Blvd near or on some of this land.

Private:
Intra Office Remarks:
Dir:

| Loan Type: Treat As Clear | Balance: $ | Equity: $ 900,000 | Int Rate: % |
|---|---|---|---|
| Payment: $ | Pmt Type: | Lender: | |
| Orig Date: | 2nd Mortg: No | Unexempt Taxes: $ 2,520* | |

SAC: 0          BAC: 3     Var: N     List Type: Exclusive Right to Sell/Lease     DOM:93 LD: 2/24/2004 XD: 8/24/2004
LO: RMMC01CV  RE/Max Associates Realty    (817)416-5100              Fax: (817)416-5115
LO Addr: 6201 Colleyville Blvd 100 Colleyville, Tx 76034
LA: 0453197  Nancy Croney          (817)781-9464              Fax: (817)488-4766
Agt Oth: (817) 781-9464             LA Email: nancy@croneyteam.com
Pager:                              Cell:
Call: Agent          Appt: X:      Brk Lic#: 0468970

Title Co:                                               Loc:
Show:
                                                        Keybox #: 0
Owner Name: Call Agent          Slr Type: Owner          Occup:

Prepared By: Nancy Croney / RE-Max Associates Realty
—— Information herein deemed reliable but not guaranteed. ——
Copyright: 2004 by North Texas Real Estate Info. Systems, Inc.  Thu, May 27, 2004 10:00 AM





**The Croney Team**
**"Our Family Serving Yours"**
**Fax: 817-488-4768**
**www.CroneyTeam.com**

Date: *1-20-04*         # of pages: *3*

To: *Charles Mitchell*   Fax #: *817 870 2427*

From:

____ Nancy Croney         ____ Keith Croney         ____ Jocelyn Croney
(cell) 817-781-9464       (cell) 817-781-9465       (cell) 817-781-9463

Re: *Letter of Agreement – Kukja Stewart*

**Comments:**



HUNTER FERRELL

Arial View

JP:
tle: 1 Inch = 100 Feet



TRINITY BOULEVARD

DRAINAGE CHANNEL

TRA SEWER LINE

9.41

1800
Hunter Ferrell

33.35 acres

1900



ArcIMS Viewer









City of Irving Web Map: Commercial Building Permit

**FedEx** USA Airbill   FedEx Tracking Number   **808308911552**

Form I.D. No   **0210**

SDA21
**Sender's Copy**

(please print and press hard)
te  7/6/05   Sender's FedEx Account Number  0752-4682-0

nder's me  CHarles B. Mitchell, JR   Phone (817) 332-1391

npany   BROWN HERMAN DEAN WISEMAN LISE

dress   306 W 7TH ST STE 200

Dept./Floor/Suite/Room

y   FORT WORTH   State TX   ZIP 76102

Your Internal Billing Reference Information
(Optional) (First 24 characters will appear on invoice)   3251.22958

**To** (please print and press hard)
me  SecreTARy of STATe, STATe of TexAS   Phone ( )
ATTN: CoRpoRATions' Division

npany   JAmes EARl Rudder office Building

dress   1019 BRAZoS

□ Check here if residence
(Extra charge applies for FedEx Express Saver)

"HOLD" at FedEx location,   (We Cannot Deliver to P.O. Boxes or P.O. ZIP Codes)   Dept./Floor/Suite/Room
t FedEx address here)

y   AUSTIN   State TX   ZIP 78711-3697

**For HOLD at FedEx Location check here**
□ Hold Weekday (Not available with FedEx First Overnight)
□ Hold Saturday (Available for FedEx Priority Overnight)

**For WEEKEND Delivery check here** (Extra Charge. Not available to all locations)
□ Saturday Delivery (Available for FedEx Priority Overnight and FedEx 2Day only)
□ NEW Sunday Delivery (Available for FedEx Priority Overnight only)

vice Conditions, Declared Value, and Limit of Liability – By using this Airbill, you agree to the service conditions in our current Service Guide or U.S. ernment Service Guide. Both are available on request. SEE BACK OF JDER'S COPY OF THIS AIRBILL FOR INFORMATION AND ADDITIONAL TERMS. wi... be responsible for any claim in excess of $100 per package whether ... , damage, or delay, non-delivery, misdelivery, or misinformation, ... are a higher value, pay an additional charge, and document your

actual loss in a timely manner. Your right to recover from us for any loss includes intrinsic value of the package, loss of sales, interest, profit, attorney's fees, costs, and other forms of damage, whether direct, incidental, consequential, or special, and is limited to the greater of $100 or the declared value but cannot exceed actual documented loss. The maximum declared value for any FedEx Letter and FedEx Pak is $500. Federal Express may, upon your request, and with some limitations, refund all transportation charges paid. See the FedEx Service Guide for further details.

**uestions?**
all 1-800-Go-FedEx® (800)463-3339   *The World On Time*

**4a** **Express Package Service** *Packages under 150 lbs.*   Delivery commitment may be later in some areas.
☑ FedEx Priority Overnight (Next business morning)
□ FedEx Standard Overnight (Next business afternoon)
□ FedEx First Overnight (Earliest next business morning delivery to select locations) (Higher rates apply)
□ FedEx 2Day (Second business day)
□ FedEx Express Saver (Third business day)
FedEx Letter Rate not available. Minimum charge: One pound rate.

**4b** **Express Freight Service** *Packages over 150 lbs.*   Delivery commitment may be later in some areas.
□ FedEx Overnight Freight (Next business day)
□ FedEx 2Day Freight (Second business day)
□ FedEx Express Saver Freight (Up to 3 business days)
(Call for delivery schedule. See back for detailed descriptions of freight services.)

**5** **Packaging**
☑ FedEx Letter
□ FedEx Pak   Declared value limit $500.
□ FedEx Box
□ FedEx Tube
□ Other Pkg.

**6** **Special Handling**
Does this shipment contain dangerous goods? (One box must be checked)
□ Dry Ice   Dry Ice, 9, UN 1845
□ No
□ Yes Shipper's Declaration
□ Yes Shipper's Declaration not required
□ Cargo Aircraft Only
*Dangerous Goods cannot be shipped in FedEx packaging.

**7** **Payment**
Bill to:
☑ Sender (Account No. in Section 1 will be billed)
□ Recipient
□ Third Party
□ Credit Card
□ Cash/Check
(Enter FedEx Account No. or Credit Card No. below)

FedEx Account No.
Credit Card No.   Exp. Date

Total Packages   Total Weight   Total Declared Value*   Total Charges
$   .00   $

*When declaring a value higher than $100 per shipment, you pay an additional charge. See SERVICE CONDITIONS, DECLARED VALUE, AND LIMIT OF LIABILITY section for further information.

**8** **Release Signature** *Sign to authorize delivery without obtaining signature*

Your signature authorizes Federal Express to deliver this shipment without obtaining a signature and agrees to indemnify and hold harmless Federal Express from any resulting claims.

**321**

WCSL 0798
Rev. Date 3/98
Part #153023
©1994-98 FedEx
PRINTED IN U.S.A.

007108140   1

```
********  ****************************************XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
X                                TRANSACTION REPORT                              P. 01  X
X                                                                                       X
X                                                      JUL-27-2004 TUE 11:14 AM         X
X        FOR:                                                                           X
X---------------------------------------------------------------------------------------X
X    DATE  START    RECEIVER         TX TIME  PAGES TYPE      NOTE              M#  DP  X
X---------------------------------------------------------------------------------------X
X   JUL-27 11:13 AM ##47003#8174884768   28"    2  SEND      OK                 836    X
X---------------------------------------------------------------------------------------X
X                                                                                       X
X                                             TOTAL :      28S  PAGES:  2               X
X                                                                                       X
*****************************************************************************************
```

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
GRANT LISER
RICHARD W. WISEMAN
JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

506 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1976)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Nancy Croney |
| **Organization:** | Re/Max Associates |
| **Fax:** | (817) 488-4768 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | July _27_, 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.:        3251.22711 |

TO: CBM
PR
Jim

KUJA STEWART /
REAL ESTATE
CBM: Reminder
needs a response.
Thank G.



**The Croney Team**
**"Our Family Serving Yours"**
**Fax: 817-488-4768**
**www.CroneyTeam.com**

Date: 7-20-04          # of pages: 3

To: _Charles Mitchell_   Fax #: _817 870 2427_

From:

_Nancy Croney_          ___Keith Croney          ___Jocelyn Croney
(cell) 817-781-9464      (cell) 817-781-9465       (cell) 817-781-9463

Re: _Letter of Agreement - Kukjo Stewart_

**Comments:**

TO:   CHARLES B. MITCHELL, JR., ESQ.

RE:   1800 AND 1900 HUNTER FERRELL ROAD
      IRVING, TEXAS
      KUKJA STEWART
      FILE NO. 3251.2271

FROM: NANCY M. CRONEY, RE/MAX ASSOCIATES

Mr. Mitchell,
As per our conversation of July 16, Mrs. Stewart is willing to consider a core sample test
on the above captioned property. I have prepared a draft a Letter of Agreement for the
parties, but would greatly appreciate your review and input. Mrs. Stewart has given me
permission to forward this onto you.

We appreciate your expertise and welcome and changes that you feel would better protect
Mrs. Stewart.

Sincerely
Nancy M. Croney
817-781-9464
Fax: 817-488-4758
Nancy@Croneyteam.com

```
*********************************************************************************
X                              TRANSACTION REPORT                       P. 01  X
X                              ─────────────────                               X
X                                            JUN-30-2004 WED 04:11 PM          X
X     FOR:                                                                     X
X                                                                              X
X  DATE  START    RECEIVER          TX TIME  PAGES TYPE     NOTE        M#  DP X
X  JUN-30 04:09 PM ##89032#9727212592  1'16"   5  SEND      OK          261    X
X──────────────────────────────────────────────────────────────────────────  X
X                                                                              X
X                                    TOTAL :    1M 16S  PAGES:   5             X
X                                                                              X
*********************************************************************************
```

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

**Name:**          Mr. Gary Fennell
**Organization:**  Engineering Division
**Fax:**           (972) 721-2592
**Phone:**
**From:**          Charles B. Mitchell, Jr., Esq.
**Date:**          June _30_ . 2004
**Subject:**       Kuja Stewart
                   1800 and 1900 Hunter Ferrell Roads
                   Irving, Texas
                   Our File No.        3251.22711



# **Fax**

## BROWN,  DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
** JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

**Name:**          Mr. Jim Driscoll
**Organization:**   Traffic Division
**Fax:**            (972) 721-3720
**Phone:**
**From:**          Charles B. Mitchell, Jr., Esq.
**Date:**           June _30_ , 2004
**Subject:**        Kuja Stewart
                     1800 and 1900 Hunter Ferrell Roads
                     Irving, Texas
                     Our File No.:      3251.22711

**Pages:**          _5_ (including fax cover sheet)

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR
REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND
THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

```
************************************************************************************
X                                                                              P. 01   X
X                              TRANSACTION REPORT                                       X
X                                                            JUN-30-2004 WED 04:09 PM   X
X     FOR:                                                                              X
X                                                                                       X
X   DATE  START     RECEIVER        TX TIME    PAGES TYPE        NOTE            M#  DP  X
X                                                                                       X
X  JUN-30 04:07 PM ##88906#9727213720  1'10"    5  SEND         OK              260     X
X                                                                                       X
X                                           TOTAL :     1M 10S  PAGES:   5               X
X                                                                                       X
************************************************************************************
```

# Fax

**BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.**
Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES E. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

**Name:**          Mr. Jim Driscoll
**Organization:**  Traffic Division
**Fax:**           (972) 721-3720
**Phone:**
**From:**          Charles B. Mitchell, Jr., Esq.
**Date:**          June _30_ 2004
**Subject:**       Kuja Stewart
                   1800 and 1900 Hunter Ferrell Roads
                   Irving, Texas
                   Our File No.      3251.22711



# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
** JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Nancy Croney |
| **Organization:** | Re/Max Associates |
| **Fax:** | (817) 488-4768 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June _30_, 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.: 3251.22711 |
| **Pages:** | _5_ (including fax cover sheet) |

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR
REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS
MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND
THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

```
**************************************************************************
X                            TRANSACTION REPORT                    P. 01  X
X                                                                         X
X                                            JUN-30-2004 WED 04:20 PM     X
X                                                                         X
X     FOR:                                                                X
X-------------------------------------------------------------------------X
X  DATE  START     RECEIVER        TX TIME  PAGES TYPE    NOTE      M#  DP X
X-------------------------------------------------------------------------X
X  JUN-30 04:19 PM ##88897#8174884768  52"   5  SEND      OK       259    X
X-------------------------------------------------------------------------X
X                                                                         X
X                                         TOTAL :    52S PAGES:  5         X
X                                                                         X
**************************************************************************
```

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
• JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES R. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Nancy Croney |
| **Organization:** | Re/Max Associates |
| **Fax:** | (817) 488-4768 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June _30_ 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.     3251.22711 |

```
***************************************************************
X                                                    P. 01    X
X                   TRANSACTION REPORT                         X
X                                    JUN-30-2004 WED 04:12 PM  X
X   FOR:                                                       X
X-------------------------------------------------------------X
X  DATE  START   RECEIVER      TX TIME  PAGES TYPE   NOTE    M#  DP X
X                                                             X
X JUN-30 04:11 PM ##89141#9727212422  1'11"  5 SEND   OK     262    X
X-------------------------------------------------------------X
X                               TOTAL :   1M 11S PAGES:  5    X
X                                                             X
***************************************************************
```

# Fax

**BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.**
Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES E. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Mr. Ed Berry |
| **Organization:** | Community Development |
| **Fax:** | (972) 721-2422 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June 30 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No. 3251.22711 |

# Fax



## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
** JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

**Name:** Mr. Gary Fennell
**Organization:** Engineering Division
**Fax:** (972) 721-2592
**Phone:**
**From:** Charles B. Mitchell, Jr., Esq.
**Date:** June _30_ , 2004
**Subject:** Kuja Stewart
1800 and 1900 Hunter Ferrell Roads
Irving, Texas
Our File No.:        3251.22711

**Pages:**     _5_  (including fax cover sheet)

Comments:

---

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR
REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS
MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND
THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

---



6/15/04

CBM: Attached
are the docs.
you wanted
Re: Ms. Stewart.

Thank you

Also please have
Marcia prep the
file opening docs etc.
Thank you

```
*************************************************************************
X                           TRANSACTION REPORT
X                                                    JUN-30-2004 WED 04:20 PM
X
X    FOR:
X
X  DATE  START     RECEIVER        TX TIME  PAGES TYPE      NOTE            M#  DP
X
X  JUN-30 04:19 PM ##88897#8174884768  52"   5  SEND       OK              259
X
X                                     TOTAL :      52S PAGES:  5
X
*************************************************************************
```

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BKALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES R. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1997)

**Name:** Nancy Croncy
**Organization:** Re/Max Associates
**Fax:** (817) 488-4768
**Phone:**
**From:** Charles B. Mitchell, Jr., Esq.
**Date:** June _30_ 2004
**Subject:** Kuja Stewart
1800 and 1900 Hunter Ferrell Roads
Irving, Texas
Our File No.    3251.22711

```
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
X                                                                      P. 01   X
X                          TRANSACTION REPORT                                   X
X                                              JUN-30-2004 WED 04:11 PM         X
X                                                                              X
X     FOR:                                                                      X
X                                                                              X
X   DATE  START    RECEIVER        TX TIME  PAGES TYPE      NOTE         M#  DP X
X  JUN-30 04:09 PM ##89032#9727212592  1'16"   5  SEND      OK          261     X
X                                                                              X
X                                       TOTAL :    1M 16S  PAGES:   5           X
X                                                                              X
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
```

# Fax

### BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
#### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Mr. Gary Fennell |
| **Organization:** | Engineering Division |
| **Fax:** | (972) 721-2592 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June _30_ 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.     3251.22711 |

Case 14-10979-CSS Doc 10223-4 Filed 11/18/16 Page 68 of 114

```
**********************************************************************************
X                                                                            P. 01    X
X                              TRANSACTION REPORT                                      X
X                              ─────────────────                                       X
X                                                          JUN-30-2004 WED 04:09 PM    X
X      FOR:                                                                            X
X                                                                                      X
X   DATE  START      RECEIVER        TX TIME   PAGES TYPE       NOTE            M#  DP  X
X                                                                                      X
X   JUN-30 04:07 PM ##88906#9727213720   1'10"    5  SEND      OK              260     X
X──────────────────────────────────────────────────────────────────────────────────  X
X                                                                                      X
X                                         TOTAL :    1M 10S  PAGES:   5                X
X                                                                                      X
**********************************************************************************
```

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

**Name:**           Mr. Jim Driscoll
**Organization:**   Traffic Division
**Fax:**            (972) 721-3720
**Phone:**
**From:**           Charles B. Mitchell, Jr., Esq.
**Date:**           June  30  2004
**Subject:**        Kuja Stewart
                    1800 and 1900 Hunter Ferrell Roads
                    Irving, Texas
                    Our File No.        3251.22711



## EXHIBIT "A"

BEING a tract of land situated in the JOSEPH MANGUM SURVEY, ABSTRACT NO. 861, Dallas County, Texas, and being part of two tracts of land described in deed to Jasper Federal Savings and Loan Association, as recorded in Volume 86166, Page 2069, Deed Records, Dallas county, Texas, and being more particularly described as follows:

BEGINNING at a 1/2" diameter iron rod found in the South line of a tract of land described in deed from Ashlin Development Company to Ward Williford, Trustee, as recorded in Volume 88119, Page 0715, Deed Records, Dallas County, Texas, said iron rod also being at the most Northerly Northwest corner of a tract of land described in deed from Gifford-Hill & Co., Inc. to the County of Dallas as recorded in Volume 70009, Page 0319, Deed Records, Dallas County, Texas, said iron rod also being in the West line of Hunter Ferrell Road (a 57.5 foot right-of-way at this point);

THENCE SOUTH, 1538.53 feet, with the said West line of Hunter Ferrell Road and with the West line of said County of Dallas tract and along a fence line, to a 1/2" diameter iron rod found;

THENCE South 45 degrees 03 minutes 05 seconds West, 70.65 feet, with the Northwest line of said Hunter Ferrell Road and with the Northwest line of said County of Dallas tract and along a fence line, to a 1/2" diameter iron rod found, said iron rod also being in the North line of Hunter Ferrell Road (a 60' right-of-way at this point);

THENCE South 89 degrees 59 minutes 05 seconds West, 1126.74 feet, with the North line of said Hunter Ferrell Road and with the North line of said County of Dallas tract and along a fence line, to a 1/2" diameter iron rod found at the Southeast corner of a tract of land described in Deed to Jasper Federal Savings and Loan Association, as recorded in Volume 86166, Page 2069, Deed Records, dallas county, Texas;

THENCE North 00 degrees 19 minutes 26 seconds East, 1594.79 feet, with the East line of said Jasper Federal Savings and Loan Association tract, to a 1/2" diameter iron rod found in the South line of said Ward Williford, Trustee tract;

THENCE South 89 degrees 42 minutes 16 seconds East, 1167.74 feet, with the said South line of Ward Williford, Trustee tract and along a fence line, to the PLACE OF BEGINNING and containing 1,864,485 square feet (42.803 acres) of land, more or less.



## EXHIBIT "B"

1.  Easement granted by GIFCO PROPERTIES, INC. to TOMMY R. BARTON, ET AL, as evidenced by the instrument dated August 5, 1980 recorded in Volume 84211, Page 350, {Pg. 23} of the Deed Records, Dallas County, Texas.

2.  The rights of tenants in possession under the terms of any unrecorded leases or rental agreements.

3.  All visible and apparent easements and all underground easements the existence of which may arise by virtue of unrecorded grant or use.

4.  Any portion of the subject property lying within the boundaries of any road or roadway, public or private.

Mr. Charles B. Mitchell, Esq.
c/o Mr. Sterling Elza
BROWN, DEAN, WISEMAN, LISER,
PROCTOR & HART, LLP
105 West 7th Street
Suite 200
Fort Worth, TX  76102-4905

TO.    CBM ✓
        PR

STEWART, KUKJA / IACOBY.
                    general
CBM: Reminder — you
left a message for
Mike Holmgren on 7/19/05.
            Thanks you. 7/9/85

# HOLMAN ROBERTSON ELDRIDGE

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
5949 SHERRY LANE
SUITE 1700
DALLAS, TEXAS 75225

214/361-9494
214/691-2109(FAX)

## FAX COVER SHEET

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED BELOW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA U.S. POSTAL SERVICE. THANK YOU.

*To:*        **CHARLES B. MITCHELL, JR.**

         Facsimile No.        (817)870-2427

         Client No.

*From:*      **RONALD O. HOLMAN**

*Date:*      **JULY 19, 2005**

Sending 2 pages, including this cover sheet. If you have any problems receiving this, please contact Lynda Anderson at (214) 361-9494.

## MESSAGE



July 6, 2004
Page 2


bcc:    Kuk Ja Stewart (w/o encls.)
        2028 Sandy Lane
        Irving, Texas 75060



**BROWN, D**⌐     , **WISEMAN, LISER, PROCTOR & ⌐**    Γ, **L.L.P.**

Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
⌐NT LISER
⌐HARD W. WISEMAN
⌐HN W. PROCTOR
⌐HN C. HART
⌐ARRY W. WILSHIRE
SANDRA LISER

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JASON C. MOON
JONATHAN E. CHEATHAM
JENNIFER L. WILLINGHAM

JESSE M. BROWN (1883-1978)
WILLIAM M. BROWN (1912-1987)

July 6, 2004

Secretary of State
State of Texas
James Earl Rudder Office Building
1019 Brazos
Austin, Texas 78711-3697
Attn: Corporations Dept.

**VIA FEDERAL EXPRESS**

Re:   UP_G_KUK, Inc.
Our File No.:     3251.22958

Dear Sir/Madame:

Enclosed please find the original and one copy of Articles of Incorporation pursuant to Article 3.02 of the Texas Business Corporation Act, regarding the incorporation of UP_G_KUK, Inc. Also enclosed is a check in the amount of $325.00 regarding payment of the $300.00 filing fee for this business incorporation and the payment of the $25.00 expedite fee. As referenced, we request that you expedite this filing and then please return the appropriate evidence of filing, together with our file-stamped copy of the Articles of Incorporation, and a receipt for this payment, to our office in the return envelope provided.

Should you have any questions, please do not hesitate to contact the undersigned.

Thank you for your cooperation and assistance.

Sincerely yours,

Charles B. Mitchell, Jr.

CBM:PR:mm
Enclosures



W:\Charles\files\Individual Clients\Stewart, Kuja [Incorporation] 22958\Correspondence\Ltr to Secretary of State re Article of Incorporation 001 07.06.05.wpd

## BROWN, LEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.

Attorneys at Law

ALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
**JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

July 8, 2004

Kuja Stewart
2028 Sandy Lane
Irving, Texas 75060

Re:    Kuja Stewart
1800 and 1900 Hunter Ferrell Roads
Irving, Texas
Our File No.:        3251.22711

Dear Ms. Stewart:

Please find enclosed the latest correspondence which I received from the City of Irving. I will be in touch with Mr. Reed concerning this matter.

Sincerely yours,

Charles B. Mitchell, Jr.

CBM:mm
Enclosures

W:\Charles\files\Individual Clients\Stewart, Kuja [Real Estate 22711]\Correspondence\Ltr to Ms. Stewart 001 070804.wpd



**IRVING**

July 1, 2004

Mr. Charles B. Mitchell, Jr.
Brown, Dean, Wiseman, Liser, Proctor & Hart, L.L.P.
306 West 7th Street, Suite 200
Fort Worth, Texas 76102-4905

  Re: Kuja Stewart
    1800 and 1900 Hunter Ferrell Road
    Irving, Texas
    Your File No.:  3251.22711

Dear Mr. Mitchell:

  I am in receipt of your letter dated June 30, 2004, relative to the above referenced matter. I have referred this matter to Mr. Steven Reed, Community Development Manager for the City of Irving.

  Mr. Reed will communicate further with you about how you can obtain the information you need.

  If you need anything further please contact me.

       Sincerely,

       David Caylor
       City Attorney

DC:dkm

cc: Ed Barry, Community Development Director
  Steven Reed, Community Development Manager
  Jim Cline, Public Works and Transportation Director
  Jim Driscoll, Assistant Director/Traffic
  Garry Fennell, Senior Civil Engineer
  Robert Ruthven, Planner

Ms. Kuja Stewart
April 1, 2005
Page 2

Kenny Stewart informed us that he noticed new town home construction at the intersection of Royal and Carrier Parkway in Grand Prairie for which zoning changes and permits were presumably obtained by developers in order to improve property which may be similarly situated. Obviously, the commercial development of your property would require the same type of zoning changes and permits to make the necessary improvements, roads and pad sites available for retail development. Based upon the similar commercial development of the adjacent property, it was determined that it would be advisable to check the county property records of the adjacent property to determine how they went about obtaining appropriate zoning changes and permits to develop it.

Another potential use of your property has already come to light in the form of a proposed lease to drill for oil and gas reserves which may lie beneath your property. Giving a lessor oil or gas company the right to drill core samples on your property may determine that there are sufficient oil and gas reserves for production in paying quantities. Previously, you indicated a willingness to allow an oil and gas concern to drill core samples on your property. However, it was determined that you would first need Subchapter S tax filing status before you sign any lease such that it does not effect the receipt of social security benefits should any profitable reserves be found under your property.

Charlie Mitchell explained that Subchapter S tax filing status allows you to place assets including land, buildings, and real estate into a corporation which will alleviate any negative impact on your current receipt of Social Security benefits. Establishing Subchapter S corporation tax filing status is not difficult but we will need you to furnish our office with three (3) proposed corporate names with which we may begin research with the Secretary of State to obtain the name of your corporation for Subchapter S tax filing status.

Another issue discussed was the imminent transfer of your company, JSC Manufacturing, to Kenny Stewart's name whereafter Kenny Stewart makes payments to you which do not exceed the per year financial gift threshold for the IRS. According to your best estimates, the land, buildings, machines and goodwill of your business amounts to approximately $250,000. You indicated you prefer to retain ownership of the building where JSC Manufacturing is housed but transfer the other assets into Kenny's name so that he may run the business. It was also determined that Kenny may want to establish his own Subchapter S corporation for tax purposes once the transfer of JSC Manufacturing is complete.

The last topic addressed was your purchase of approximately 40-acres of land in Smith County around the year 2000. You indicated this property was purchased from a relative, and although you did not receive a deed, you do believe a title search was completed. Importantly, you communicated that the property was not currently in your name and your interest is not recorded in Smith County at this time. We asked you to obtain all paperwork evidencing a contract of sale so that we may record this property in your name as soon as possible to avoid any issues of adverse possession and/or the sale of that property to another individual for whom a deed was furnished. At your earliest convenience, please furnish our office with copies of any contracts of sale and/or written agreements evidencing an intent to both sell and purchase this property so that we may properly record it in your name in Smith County.

We discussed the legal fees associated with your desire to accomplish the foregoing tasks. Charlie Mitchell indicated he would offer his discounted rate for individual clients at $200 per hour and

Ms. Kuja Stewart
April 1, 2005
Page 3

---

charge $1,500 to establish a Subchapter S corporation in your name for the placing of your assets, $250 to conduct research on the zoning and permits obtained by the adjacent property which is currently being commercially developed, and $500 for the completion of the City of Irving CDC permit application which will establish permission to either move forward with an inverse condemnation proceeding or move forward with the commercial development and/or sale of your 40-acres of property in Grand Prairie.

If you wish to move forward with the items discussed and are agreeable to the fee schedule, please remit a check or money order in the amount of $2,250 payable to BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P. and we can begin work on the above-mentioned items. If any of the foregoing does not meet with your understanding of our plans to initiate these legal services, please contact either myself or Charlie Mitchell at your earliest convenience and we will hopefully resolve any concerns that you may have.

Sincerely,

Jonathan E. Cheatham

JEC/khg

cc:     *Via Interoffice*
        Charles B. Mitchell, Jr.
        Patty Rien

W:\Charles\files\Individual Clients\Stewart, Kuja [Real Estate 22711]\Correspondence\Ltr to Ms. Stewart 005 04.01.05.wpd

**BROWN, 1 .N, WISEMAN, LISER, PROCTOR & . .RT, L.L.P.**

Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
GRANT LISER
RICHARD W. WISEMAN
~ ~ . HART
JOH ... W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

\* Also licensed to practice in Louisiana
\*\* Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

June 30, 2004

**VIA FACSIMILE - (972) 721-2750**

David Caylor
City Attorney
825 W. Irving Blvd.
Irving, Texas 75060

> Re:  Kuja Stewart
>      1800 and 1900 Hunter Ferrell Roads
>      Irving, Texas
>      Our File No.:        3251.22711

Dear Mr. Caylor:

The undersigned represents Kuja Stewart with regard to property at 1800 and 1900 Hunter Ferrell Roads. Her real estate agent, Nancy Croney, has attempted to resolve issues with the City with regards to these lots as my client's agent currently has a buyer that is interested in dividing the 9.47 acres on the 1800 Hunter Ferrell plot. Ms. Croney has spoken with Ron Ruthven, City Planner, as to what may be needed in order to develop that property. Thus far, Ms. Croney has not received any response to her email correspondence to Mr. J. Driscoll and Mr. G. Fennell, copies of which are attached. That email correspondence was, of course, sent as indicated on April 29, 2004. This issue needs to be resolved so that my client can develop this property and sell same. I request a written response from the City of Irving with regard to any restrictions, proposed right-of-ways, easements or restrictions on the sale and development of these two parcels of land.

If you have any questions or concerns, please do not hesitate to contact me.

Sincerely yours,

Charles B. Mitchell, Jr.

CBM:mm
Enclosures



June 30, 2004
Page

cc:  Mr. Ed Berry                                    **VIA FACSIMILE**
     Community Development
     825 W. Irving Blvd., Dept. 15
     Irving, Texas 75060

     Gary Fennell                                    **VIA FACSIMILE**
     Engineering Division
     825 W. Irving Blvd.
     Irving, Texas 75060

     Jim Driscoll                                    **VIA FACSIMILE**
     Traffic Division
     825 W. Irving Blvd.
     Irving, Texas 75060

     Nancy M. Croney                                 **VIA FACSIMILE**
     Re/Max Associates
     6201 Colleyville Blvd.
     Colleyville, Texas 76034

     Kuja Stewart
     2028 Sandy Lane
     Irving, Texas 75060



# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
** JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | David Caylor |
| **Organization:** | City Attorney |
| **Fax:** | (972) 721-2750 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June _30_, 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.:        3251.22711 |

**Pages:**        _5_ (including fax cover sheet)

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

```
*****************************************************************************
X                        TRANSACTION REPORT                          P. 01  X
X                                                                           X
X                                                JUN-30-2004 WED 04:14 PM   X
X      FOR:                                                                 X
X                                                                           X
X   DATE  START    RECEIVER        TX TIME   PAGES TYPE      NOTE      M#  DP X
X                                                                           X
X  JUN-30 04:13 PM ##89250#9727212750  1'10"   5  SEND      OK       263    X
X                                                                           X
X                                     TOTAL :  1M 10S PAGES:  5             X
X                                                                           X
*****************************************************************************
```

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

\* Also licensed to practice in Louisiana
\*\* Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1906-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | David Caylor |
| **Organization:** | City Attorney |
| **Fax:** | (972) 721-2750 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June _30_, 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.:    3251.22711 |



# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
**JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

\* Also licensed to practice in Louisiana
\*\* Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

**Name:** Mr. Ed Berry
**Organization:** Community Development
**Fax:** (972) 721-2422
**Phone:**
**From:** Charles B. Mitchell, Jr., Esq.
**Date:** June _30_, 2004
**Subject:** Kuja Stewart
1800 and 1900 Hunter Ferrell Roads
Irving, Texas
Our File No.: 3251.22711

**Pages:** _5_ (including fax cover sheet)

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR
REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND
THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.





**CITY OF IRVING**
Community Development Department
P.O. Box 152288
Irving, Texas 75015-2288



02 1A
0004321889      JUL 21  2004
MAILED FROM ZIP CODE 75060



RECEIVED
JUL 22 2004

Charles B Mitchell Jr
Brown, Dean, Wiseman, Liser,
Proctor & Hart, LLP
306 W 7th St Suite 200
Fort Worth TX 76102-4905

76102#4905

**BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.**

Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
GRANT LISER
RICHARD W. WISEMAN
** JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

July 8, 2004

Kuja Stewart
2028 Sandy Lane
Irving, Texas 75060

> Re:    Kuja Stewart
>        1800 and 1900 Hunter Ferrell Roads
>        Irving, Texas
>        Our File No.:        3251.22711

Dear Ms. Stewart:

Please find enclosed the latest correspondence which I received from the City of Irving. I will be in touch with Mr. Reed concerning this matter.

Sincerely yours,

Charles B. Mitchell, Jr.

CBM:mm
Enclosures

W:\Charles\files\Individual Clients\Stewart, Kuja [Real Estate 22711]\Correspondence\Ltr to Ms. Stewart 001 070804.wpd



**IRVING**

July 1, 2004

Mr. Charles B. Mitchell, Jr.
Brown, Dean, Wiseman, Liser, Proctor & Hart, L.L.P.
306 West 7th Street, Suite 200
Fort Worth, Texas 76102-4905

      Re:    Kuja Stewart
              1800 and 1900 Hunter Ferrell Road
              Irving, Texas
              Your File No.:  3251.22711

Dear Mr. Mitchell:

      I am in receipt of your letter dated June 30, 2004, relative to the above referenced matter. I have referred this matter to Mr. Steven Reed, Community Development Manager for the City of Irving.

      Mr. Reed will communicate further with you about how you can obtain the information you need.

      If you need anything further please contact me.

      Sincerely,

      *David Caylor*

      David Caylor
      City Attorney

DC:dkm

cc:    Ed Barry, Community Development Director
      Steven Reed, Community Development Manager
      Jim Cline, Public Works and Transportation Director
      Jim Driscoll, Assistant Director/Traffic
      Garry Fennell, Senior Civil Engineer
      Robert Ruthven, Planner





**IRVING**

July 20, 2004

Kuja Stewart
2028 Sandy Lane
Irving, TX  75060

Re:  1800 and 1900 Hunter Ferrell Road

Dear Ms. Stewart:

On July 16, 2004, a meeting was held on the second floor of the City of Irving Civic Center to discuss the development requirements for your property located at 1800 and 1900 Hunter Ferrell Road.  The following information was discussed at that meeting.

- The property is currently zoned AG Agricultural under the City's Comprehensive Zoning Ordinance.  Attached is a summary of the AG district that lists the permitted uses. Development of the property with any use other than those currently permitted by the AG district would first require a change of zoning.

- The property is not platted.  The property must be platted prior to any subdivision of the property for sale or development, and/or prior to the issuance of any building permits for any new construction.  At the time of platting, rights-of-way for future streets and easements for utilities must be dedicated, and construction plans for such improvements will be required to be submitted for approval.  Water lines, sanitary sewer lines and drainage facilities must be extended and constructed to service the site prior to issuance of any building permits.

- The City of Irving Master Thoroughfare Plan shows Hunter Ferrell Road being re-aligned through this property, and future Trinity Blvd. being connected to the re-aligned Hunter Ferrell Road.  The placement of any improvements on the property should recognize this eventuality.

- All of the property is in the 100-year flood plain, and much of it is in the floodway, as determined by the official flood plain maps for the City of Irving.

- Any new structure must be elevated a minimum of two (2) feet above the 100-year flood plain elevation, which is 438.0 - 438.5 ft. at this location.  Thus, any structure must have a finished floor elevation of 440.0 – 440.5 ft.  The existing grade is approximately ten (10) feet below this elevation.

## BROWN, HERMAN, DEAN, WISEMAN, LISER & HART, L.L.P.
### Attorneys at Law

NEALE DEAN
JAMES T. BLANTON
• GRANT LISER
RICHARD W. WISEMAN
••JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C
*   Also licensed to practice in Louisiana
**  Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON
JENNIFER WILLINGHAM

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

February 4, 2005

Kuja Stewart
2028 Sandy Lane
Irving, Texas 75060

Re:     Kuja Stewart
        1800 and 1900 Hunter Ferrell Roads
        Irving, Texas
        Our File No.:  3251.22711

Dear Ms. Stewart:

I am assisting Mr. Mitchell in determining whether a claim based on inverse condemnation may be brought against the City of Irving based on the Corridor Development Certificate ("CDC") Ordinance § 6311. I have prepared this letter to summarize our most recent activity and, based on such, to inform you that it is our opinion that you may have an inverse condemnation claim against the City of Irving, though it is not presently "ripe" under Texas law. As the term implies, like fruit, a "ripe" claim is a claim which is fully developed, and not premature. Currently, your inverse condemnation would be considered premature, though we believe it could likely become "ripe". In order to hold a "ripe" claim, you would need to begin the CDC application process, which includes filing an application for a certificate. This application process may include seeking an exemption or waiver as well. However, if at the end of this process your CDC application is denied, then, and only then, would your inverse condemnation claim become "ripe". For this reason, beyond the analysis that follows, once you have reviewed this letter, please contact myself or Mr. Mitchell to discuss what next steps you wish to take in this matter regarding the CDC application process, if any. We are certainly available to assist you in the application process though it would require expanding the scope of our current agreement.

### *City of Irving's CDC Ordinance § 6311*

As you likely know, the CDC Ordinance § 6311 ("§ 6311") was passed primarily to adopt FEMA's requirements for flood plans and flood ways along the Trinity River Corridor. This has had the effect of restricting the utilization of properties in flood plans and flood ways. We understand as well that

W:\Charles\files\Individual Clients\Stewart, Kuja [Real Estate 22711]\Correspondence\Ltr to Ms. Stewart 003 020205.wpd

concerns from the City of Dallas, downstream from your property, were the principal drivers toward the enactment of § 6311 which went into effect on August 26, 1993.  In sum, § 6311 regulates the use of your property, and as you well know, the regulation can seriously impact a property's marketability and value.

### *Texas Law Regarding "Inverse Condemnation"*

With this in mind, a potential inverse condemnation claim would be based on the assumption that this "regulation" of your property constitutes a "taking" under the Texas Constitution, Art. 1, § 17. Pursuant to the Texas Constitution, "no person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by consent of such persons." Id. This particular section 17 of the Texas Constitution is the well-settled source for a legal remedy in Texas for inverse condemnation.

Texas law further states that if the government "takes" or appropriates property without paying adequate compensation, the owner may recover the resulting damages in an "inverse condemnation" suit. To recover under the theory of inverse condemnation, the property owner must establish that: (1) the governmental entity intentionally performed certain acts; (2) that resulted in a taking of property; (3) for public use. *Waddy v. City of Houston,* 834 S.W.2d 97, 102 (Tex.App.-Houston [1st Dist.] 1992, writ denied).  Under our facts, it would appear that elements (1) and (3) are satisfied.  The city was clearly intentional about enacting the ordinance and, based on its flood control purposes, would clearly constitute a public use.  The central dispute is element (2), which asks whether the regulation constitutes a "taking" under Texas law.

### *"Regulatory Taking" May Constitute An Inverse Condemnation Claim*

As noted above, under the facts of your case, an inverse condemnation claim would arise upon the denial of your CDC application.  Under Texas law, the denial will constitute a "regulatory taking" for which compensation is required under the Texas Constitution if the restrictions imposed by § 6311 (1) deny a landowner of all economically viable use of their property or (2) unreasonably interferes with a landowner's right to use and enjoy their property.  *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 935 (Tex. 1998).  What we do not know yet is whether § 6311 would deny "all economically viable use" of your property or whether it "unreasonably interferes" with your right to "use and enjoy" your property.

### *Key Question No. 1:  Does § 6311 Destroy All Economically Viable Use?*

Guidance on this first key question is found in the above-referenced Texas Supreme Court decision, as follows:

> A restriction denies the landowner all economically viable use of the property or totally destroys the value of the property if the restriction renders the property valueless. Determining whether all economically viable use of a property has been denied entails a

relatively simple analysis of whether value remains in the property after the governmental action. *Id.* at 935. (Citations omitted)

You will need to learn whether § 6311 - and more specifically the denial of a CDC permit with its consequences - would destroy the value of your property. To make this determination, we recommend hiring a certified appraiser to appraise the property with this assumption in mind. If there is no economic value remaining in the property based on this assumption, then under Texas law, you could bring a claim against the City of Irving for the difference in value upon denial of your CDC application.

### *Key Question No. 2: Does § 6311 Unreasonably Interfere With Use and Enjoyment of Property?*

Alternatively, Texas law provides a second approach to determine if a "regulatory taking" has occurred, that is, the "unreasonable interference" with your "use and enjoyment" of your property. The Texas Supreme Court explains there are two factors to consider:

> [D]etermining whether the government has unreasonably interfered with a landowner's right to use and enjoy property requires a consideration of two factors: the economic impact of the regulation and the extent to which the regulation interferes with distinct investment-backed expectations. The first factor, the economic impact of the regulation, merely compares the value that has been taken from the property with the value that remains in the property. The loss of anticipated gains or potential future profits is not usually considered in analyzing this factor. The second factor is the investment-backed expectation of the landowner. The existing and permitted uses of the property constitute the "primary expectation" of the landowner that is affected by regulation...[K]nowledge of existing zoning is to be considered in determining whether the regulation interferes with investment-backed expectations. *Id.* at 935. (Citations omitted).

From our perspective at this point, we simply do not have enough information to offer any opinion on whether the City of Irving has "unreasonably interfered" with your property based on either factor listed. Once again, an appraiser and/or an economist may be valuable in determining this issue. Some key issues will be: (1) comparing the before and after value of your property with regard to § 6311's impact **but without** regard to anticipated gains or potential future profits and (2) looking at the existing use of your property as a basis for determining the extent of interference with the owner's 'primary expectation concerning the use of the parcel. Said another way, what have you done with the property since you acquired it and what did you reasonably believe you could do with the property based on any existing zoning laws **other than §6311?**  These are the issues to be discussed if you choose to move forward with any inverse condemnation claim.

### *10-year Statute Of Limitations For Inverse Condemnation Claim*

As a final observation, we note that Texas law provides a 10-year statute of limitations period for

W:\Charles\files\Individual Clients\Stewart, Kuja [Real Estate 22711]\Correspondence\Ltr to Ms. Stewart 003 020205.wpd

an inverse condemnation claim. *See Trail Enters, Inc. v. City of Houston*, 957 S.W.2d 625, 632 (Tex. App. -- Houston [14th Dist.] 1997, writ denied). If you begin the application process - including seeking an exemption, waiver, variance, etc. - and are ultimately denied a CDC permit, **be sure to calendar the date of the denial**, as the 10-year clock will begin to run on that date and expire 10 years later. If you were to bring a claim past this 10-year period, it would be barred.

We note the 10-year period would have started when § 6311 was enacted in August 1993, except that § 6311 on its face provides for exemptions and waivers. Texas law provides that when an regulatory ordinance provides for some variance or exemption, etc. on its face - such as § 6311 - that the ordinance is not final. *See Town of Sunnyvale v. Mayhew,* 905 S.W.2d, 234, 246 (Tex. App. -- Dallas 1994, rev'd other grounds) (citing *Herrington v. County of Sonoma*, 857 F.2d 567, 569-70, (9th Cir. 1988) *cert. denied* 489 U.S. 1090, 109 S.Ct. 1557, 103.L.Ed. 2d 860 (1989)). In other words, and related to what stated in the beginning about a "ripe" claim, because the possibility exists that you might obtain an exemption or waiver, the courts in Texas have said they cannot necessarily conclude that the City of Irving is "taking" your property simply because the ordinance has been enacted. Said otherwise, if there is no "ripe" claim, then the 10-year clock does not begin to run.

### Conclusion

This concludes our evaluation of the case at this point. In sum, based on a preliminarily view of the facts regarding your property, it would appear that a "regulatory taking" may ultimately present itself such that a claim for inverse condemnation against the City of Irving could be brought. However, obtaining an accurate assessment of whether a "regulatory taking" has occurred will be contingent on (1) going through the CDC application process (2) ultimately being denied a CDC permit and (3) hiring experts - such as an appraiser or economist - to evaluate the impact of such denial to your property. While we always want to view a case in its most positive light, we also want to advise you that it is conceivable that even if you were ultimately denied a CDC permit, the effect of the denial may not be so extreme as to destroy all value in the property or "unreasonably interfere" with your use of the property. In other words, simply being denied the CDC permit does not necessarily equal a "regulatory taking" for which an inverse condemnation claim could be successfully brought against the City of Irving. Nevertheless we do recognize there has been some negative impact already to your use of the property and stand available to assist you in any steps you wish to take. If you are interested in taking the next step, we would recommend meeting with you to discuss the issues raised herein. If you have any questions concerning our efforts to date, please feel free to give me or Mr. Mitchell a call. Thanks again for the opportunity to evaluate this matter for you.

Sincerely yours,

James K. Hurlburt

cc:    Charles B. Mitchell, Jr.

**BROWN, DEAN, WISEMAN, LISER, PROCTOR HART, L.L.P.**

Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
GRANT LISER
RICHARD W. WISEMAN
**JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE
SANDRA LISER

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

WRITER'S DIRECT DIAL (817) 820-1103
WRITER'S E-MAIL ADDRESS
jcheatham@browndean.com

March 7, 2005

CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON
JONATHAN E. CHEATHAM
JENNIFER L. WILLINGHAM

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

*Via First Class Mail*
Ms. Kuja Stewart
2028 Sandy Lane
Irving, Texas 75060

Re:     Kuja Stewart
        1800 and 1900 Hunter Ferrell Roads
        Irving, Texas
        Our File No.:  3251.22711

Dear Ms. Stewart:

On March 4, 2005, a conference call took place at 2:00 p.m. initiated by Charlie Mitchell, myself and you. The purpose of the conference call was to establish a plan for the application of a CDC permit with the City of Irving regarding the approximate 43-acres of property you own. As you are aware, the property has been designated as "flood plain" and such designation may be deemed an inverse condemnation if the City's decision to deny your application for commercial use takes place. As explained in previous correspondence from Jim Hurlburt, the application for a CDC permit will set the tone for determining whether you have a viable claim against the City of Irving for an inverse condemnation. At the present time, without the rejection of a CDC permit requesting a zoning change to commercial use for the property, your claim is not ripe.

The process begins when you submit a CDC permit with the City of Irving to change the zoning of your property for commercial use from its present designation as agricultural. Ostensibly, we anticipate that the City will deny this permit because the land has been designated "flood plain" and is an unlikely candidate for re-zoning for commercial use. If and when this denial of your CDC permit takes place, the next step would be to obtain the services of a qualified property appraiser to prepare an appraisal of the value of your property. If it can be demonstrated through this expert that the value of your property is significantly diminished, you may have a viable claim to assert for an inverse condemnation with the City of Irving.

As we discussed, it was determined that the most likely profitable commercial re-zoning of your property would be for a strip shopping center and/or gas station primarily due to the proximity of the property to Lone Star Park in Grand Prairie, Texas. Such a retail use would appear financially profitable based upon the increased frequency of visitors to Lone Star Park and ingress and egress from the neighborhood. The next step will be for our office to obtain a CDC permit application so that we can submit same to the City of Irving and await their decision regarding the acceptance or rejection of the re-zoning as expressed in the application. Depending on the decision of the City of Irving whether to accept the re-zoning change will set the tone for the next action you wish to pursue.

Ms. Kuja Stewart
March 7, 2005
Page 2

_____

As discussed, the case can be handled either on a hourly rate or a contingency fee. The hourly rate quoted by Mr. Mitchell is his discounted rate of $200/hour and would also involve any work done by myself at $180/hour and paralegal time at $100/hour. A rough estimate of attorneys' fees to pursue the City of Irving for inverse condemnation would run anywhere from $10,000 to $20,000 in any case. The scope of the representation will set the tone for the amount of legal services rendered and it depends how much the City of Irving would be willing to fight an inverse condemnation proceeding filed against them.

A contingency fee agreement, the other option, would be a percentage of any recovery you obtain against the City of Irving should this case wind up in litigation. A contingency fee for a matter of this type would be approximately 25% of your gross recovery and spelled out in a written contract. All experts and expenses on the file would be your responsibility. The only expense immediately foreseeable would be the retention of an expert appraiser to appraise your property if the CDC permit with the City of Irving is denied. It is estimated that an expert appraiser would run between $1,500 and $2,500.

We next discussed the mineral rights of your property and their lease to an exploration company who has proposed the drilling of core samples on your property to determine whether there are sufficient reserves of oil and gas for production in paying quantities. Fortuitously, you mentioned you mentioned your recently began receiving Social Security benefits. Mr. Mitchell then discussed the idea that it would be wise to set up a corporation, limited partnership, or limited liability company for the payment of any and all royalties from the leased mineral rights should there by any. Setting up the corporation, you would be the sole shareholder, and the corporation would be able to pay dividends to you personally. The possibility of transfer was also discussed to your three children. Taxes must still be paid if the interest is transferred. Mr. Mitchell suggested Subchapter S status for taxation purposes is preferable for your children. It was then emphasized that the sale of the mineral rights will definitely devalue your property and that the highest value of the property would come from commercial use.

We will need to obtain a CDC permit application for the change of zoning with the City of Irving and furnish it to you personally or establish a time where you can attend a meeting in our office for our assistance in filling out the forms and paperwork. The foregoing represents a brief outline of the matters discussed and action proposed. Should your recollection of any of these items requiring any further action be different, please contact me and we will work toward all being on the same page. Likewise, please do not hesitate to contact me or Mr. Mitchell should you have any questions.

Sincerely,

Jonathan E. Cheatham

JEC/khg

cc:    Charles B. Mitchell, Jr. - Interoffice
       Patty Rien - Interoffice

W:\Charles\files\Individual Clients\Stewart, Kuja [Real Estate 22711]\Correspondence\Ltr to Ms. Stewart 004 030705.wpd

**BROWN, ___N, WISEMAN, LISER, PROCTOR & ___RT, L.L.P.**

Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
GRANT LISER
RICHARD W. WISEMAN
JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE
SANDRA LISER

OF COUNSEL
CATHERINE JANE ALDER, P.C

\* Also licensed to practice in Louisiana
\** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

WRITER'S DIRECT DIAL (817) 820-1103
WRITER'S E-MAIL ADDRESS
jcheatham@browndean.com

CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON
JONATHAN E. CHEATHAM
JENNIFER L. WILLINGHAM

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

April 1, 2005

*Via First Class Mail*
Ms. Kuja Stewart
2028 Sandy Lane
Irving, Texas 75060

>    Re:    Kuja Stewart
>           Oil & Gas Lease
>           42.803 acres, Joseph Mangum Survey
>           Abstract No. 881, Dallas County, Texas
>           Our File No.:  3251.22711

Dear Ms. Stewart:

On March 18, 2005, a meeting was held between yourself, your sons, Jimmy Stewart and Kenny Stewart, Charlie Mitchell and myself regarding several items involved in the furnishing of legal services to you from our firm. Items discussed at this meeting included your potential mineral rights and the potential lease for drilling rights on your property, the improvement of your 40-acres of property with a CDC permit filed with the City of Irving, the establishment of Subchapter S Corporations for beneficial tax purposes which will not interfere with the receipt of your Social Security benefits, the transfer of your company into Kenny Stewart's name via a sale and lease back transaction, and the recording of a 40-acre tract purchased in Smith County for which you have yet to receive a deed. A brief outline of the topics discussed and the items determined at the meeting are outlined below as well as a proposed fee schedule for the completion of these legal tasks by our office.

Your initial inquiry was into the development of your 40-acres of property which currently partially lies in the flood way or flood plain where no development is allowed. As this property is adjacent to Lone Star Park in Grand Prairie, Texas it is anticipated that a retail shopping strip mall or gas station would be a profitable development of your property. However, as your property lies partially in the flood plain, it may be impossible to obtain the necessary permits and subsequently commercially develop your property. We discussed the possibility of filing an inverse condemnation proceeding with the City of Irving based upon the denial of the CDC permit application which we have yet to initiate. In order to commercially develop your property, a filing of a CDC permit is required and the approval of the City of Irving must be granted. However, based upon the fact that your property lies partially in the flood plain, it is anticipated that the City of Irving will not approve any commercial development of this property without raising the surface ground level and determining the economic feasibility of allowing a retail or commercial shopping development on your property.

Ms. Kuja Stewart
April 1, 2005
Page 2

Kenny Stewart informed us that he noticed new town home construction at the intersection of Royal and Carrier Parkway in Grand Prairie for which zoning changes and permits were presumably obtained by developers in order to improve property which may be similarly situated. Obviously, the commercial development of your property would require the same type of zoning changes and permits to make the necessary improvements, roads and pad sites available for retail development. Based upon the similar commercial development of the adjacent property, it was determined that it would be advisable to check the county property records of the adjacent property to determine how they went about obtaining appropriate zoning changes and permits to develop it.

Another potential use of your property has already come to light in the form of a proposed lease to drill for oil and gas reserves which may lie beneath your property. Giving a lessor oil or gas company the right to drill core samples on your property may determine that there are sufficient oil and gas reserves for production in paying quantities. Previously, you indicated a willingness to allow an oil and gas concern to drill core samples on your property. However, it was determined that you would first need Subchapter S tax filing status before you sign any lease such that it does not effect the receipt of social security benefits should any profitable reserves be found under your property.

Charlie Mitchell explained that Subchapter S tax filing status allows you to place assets including land, buildings, and real estate into a corporation which will alleviate any negative impact on your current receipt of Social Security benefits. Establishing Subchapter S corporation tax filing status is not difficult but we will need you to furnish our office with three (3) proposed corporate names with which we may begin research with the Secretary of State to obtain the name of your corporation for Subchapter S tax filing status.

Another issue discussed was the imminent transfer of your company, JSC Manufacturing, to Kenny Stewart's name whereafter Kenny Stewart makes payments to you which do not exceed the per year financial gift threshold for the IRS. According to your best estimates, the land, buildings, machines and goodwill of your business amounts to approximately $250,000. You indicated you prefer to retain ownership of the building where JSC Manufacturing is housed but transfer the other assets into Kenny's name so that he may run the business. It was also determined that Kenny may want to establish his own Subchapter S corporation for tax purposes once the transfer of JSC Manufacturing is complete.

The last topic addressed was your purchase of approximately 40-acres of land in Smith County around the year 2000. You indicated this property was purchased from a relative, and although you did not receive a deed, you do believe a title search was completed. Importantly, you communicated that the property was not currently in your name and your interest is not recorded in Smith County at this time. We asked you to obtain all paperwork evidencing a contract of sale so that we may record this property in your name as soon as possible to avoid any issues of adverse possession and/or the sale of that property to another individual for whom a deed was furnished. At your earliest convenience, please furnish our office with copies of any contracts of sale and/or written agreements evidencing an intent to both sell and purchase this property so that we may properly record it in your name in Smith County.

We discussed the legal fees associated with your desire to accomplish the foregoing tasks. Charlie Mitchell indicated he would offer his discounted rate for individual clients at $200 per hour and

Ms. Kuja Stewart
April 1, 2005
Page 3

charge $1,500 to establish a Subchapter S corporation in your name for the placing of your assets, $250 to conduct research on the zoning and permits obtained by the adjacent property which is currently being commercially developed, and $500 for the completion of the City of Irving CDC permit application which will establish permission to either move forward with an inverse condemnation proceeding or move forward with the commercial development and/or sale of your 40-acres of property in Grand Prairie.

If you wish to move forward with the items discussed and are agreeable to the fee schedule, please remit a check or money order in the amount of $2,250 payable to BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P. and we can begin work on the above-mentioned items. If any of the foregoing does not meet with your understanding of our plans to initiate these legal services, please contact either myself or Charlie Mitchell at your earliest convenience and we will hopefully resolve any concerns that you may have.

Sincerely,

Jonathan E. Cheatham

JEC/khg

cc:     *Via Interoffice*
        Charles B. Mitchell, Jr.
        Patty Rien

W:\Charles\files\Individual Clients\Stewart, Kuja [Real Estate 22711]\Correspondence\Ltr to Ms. Stewart 005 04.01.05.wpd

*Kuja Stewart*
*Real Estate*
*our*
*w/client*

## Patty Rien

**From:** Jonathan Cheatham [jcheatham@browndean.com]
**Sent:** Friday, April 08, 2005 1:37 PM
**To:** Charles Mitchell; Patty Rien
**Subject:** FW: 40 acres in Smith County

I haven't looked at these yet but saw that they came to my attention and not yours that I can tell. JEC

Jonathan Cheatham
Brown, Dean, Wiseman, Liser, Proctor & Hart, LLP
306 West 7th Street, Suite 200
Ft. Worth, Texas 76102
(817) 820-1103-direct
(817)870-2427-fax
jcheatham@browndean.com

---

**From:** james stewart [mailto:JIMMYSTEWART@peoplepc.com]
**Sent:** Thursday, April 07, 2005 12:35 AM
**To:** Jonathan E Cheatham
**Subject:** 40 acres in Smith County

I'm going to try to put this in a nutshell. My mom is good friends with Don Tipton and Don's wife, they probably have known each other for about 20-25 years. My mom bought the acreage from Don's mother. Don's sister is the one causing all the problems. Her name is Pam Mahan, Don has told my mother that he and his sister don't get along at all.  When my mother went to Tyler that weekend we met with you and Charlie. She said everything was going to be taking care of, but now Don's sister is saying my mom never bought the land. Attachments are the hand written statement of sale along with another payment to Don's mom of $5000.00.



# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
** JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

\* Also licensed to practice in Louisiana
\*\* Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Mr. Jim Driscoll |
| **Organization:** | Traffic Division |
| **Fax:** | (972) 721-3720 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June _30_, 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.:    3251.22711 |
| **Pages:** | _5_ (including fax cover sheet) |

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR
REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND
THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.



# **Fax**

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
**JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

\* Also licensed to practice in Louisiana
\** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | David Caylor |
| **Organization:** | City Attorney |
| **Fax:** | (972) 721-2750 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June _30_, 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.:       3251.22711 |

**Pages:**       _5_ (including fax cover sheet)

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

```
*****************************************************************
X                                                        P. 01  X
X                    TRANSACTION REPORT                          X
X                    ─────────────────                          X
X                                      JUN-30-2004 WED 04:14 PM  X
X    FOR:                                                        X
X──────────────────────────────────────────────────────────────X
X DATE  START   RECEIVER        TX TIME  PAGES TYPE    NOTE    M#  DP  X
X──────────────────────────────────────────────────────────────X
X JUN-30 04:13 PM ##89250#9727212750  1'10"  5  SEND   OK      263    X
X──────────────────────────────────────────────────────────────X
X                                TOTAL :   1M 10S  PAGES:  5     X
X                                                                X
*****************************************************************
```

# Fax

### BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
#### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
JIN C. HART
JHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1976)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | David Caylor |
| **Organization:** | City Attorney |
| **Fax:** | (972) 721-2750 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June _30_, 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.:   3251.22711 |

# **Fax**

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
**JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Mr. Ed Berry |
| **Organization:** | Community Development |
| **Fax:** | (972) 721-2422 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June _3 0_ , 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.:        3251.22711 |

**Pages:**        _5_  (including fax cover sheet)

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR
REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND
THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

```
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
X                                                                                    X
X                              TRANSACTION REPORT                            P. 01    X
X                                                                                     X
X                                                     JUN-30-2004 WED 04:12 PM        X
X      FOR:                                                                           X
X                                                                                     X
X   DATE  START     RECEIVER        TX TIME   PAGES TYPE      NOTE             M#  DP  X
X   JUN-30 04:11 PM ##89141#9727212422  1'11"   5  SEND      OK               262     X
X                                                                                     X
X                                            TOTAL :    1M 11S  PAGES:  5             X
X                                                                                     X
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
```

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1976)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Mr. Ed Berry |
| **Organization:** | Community Development |
| **Fax:** | (972) 721-2422 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June  3 0  2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.        3251.22711 |

TO:    CHARLES B. MITCHELL, JR., ESQ.

RE:    1800 AND 1900 HUNTER FERRELL ROAD
       IRVING, TEXAS
       KUKJA STEWART
       FILE NO. 3251.2271

FROM: NANCY M. CRONEY, RE/MAX ASSOCIATES

Mr. Mitchell,
As per our conversation of July 16, Mrs. Stewart is willing to consider a core sample test on the above captioned property. I have prepared a draft a Letter of Agreement for the parties, but would greatly appreciate your review and input. Mrs. Stewart has given me permission to forward this onto you.

We appreciate your expertise and welcome and changes that you feel would better protect Mrs. Stewart.

Sincerely
Nancy M. Croney
817-781-9464
Fax: 817-488-4758
Nancy@Croneyteam.com

## LETTER OF AGREEMENT

Kukja Stewart, Owner of the property known as 1800 and 1900 Hunter Ferrell Roads, Irving, Texas 75060 and Matbone Inc., prospective Buyer of said property hereby agree on the following terms and provisions:

The Owner will allow Matbone Inc., the right to enter above mentioned property for a period of thirty (30) days for the sole purpose of drilling core samples. Matbone, Inc agrees to indemnify and hold Owner harmless for any injuries or damage to person or equipment employed by or authorized by Matbone, Inc while working on this property during this study period. Matbone, Inc also agrees to fill in all holes drilled or dug on the property if they cannot come to an agreement for sale or lease with the Owner during this period. Matbone Inc., also agrees to share any and all findings and results with the Owners regarding the soil and mineral samples taken from this property within fifteen days after the testing takes place.

Matbone Inc may not erect any structure on the property or use the property for any other purposes beside those mentioned above. Matbone Inc. will be responsible for any fines from city government if they cause an infraction.

All equipment must be removed from the property on or before thirty days from the execution of this agreement or the Owner will charge a leasing fee of $_____ per day for every day thereafter.

_____          _____
Owner                            for Matbone, Inc.

*Maybe call*
*Elizabeth Ranier*
*Its program*
*(214) 670-4024*

- Any reclamation of flood plain or floodway area must first obtain approval of a Corridor Development Certificate (CDC). Such reclamation cannot produce any loss of valley storage. The proposed development will be entered into the CDC model at the U.S. Army Corps. of Engineers office in Fort Worth. A wetlands expert must show what wetlands are being impacted as part of this process.

- Drainage improvements adequate for the 25-year design must be made to the southern ditch as part of any development of the site.

- Because the adjacent street is below the 100-year flood plain elevation, there is no emergency access to the property during flood conditions. You may wish to contact the Irving Fire Department to discuss alternate means of fire protection and ambulance access, as well as evacuation procedures prior to flood events.

The above information summarizes the issues discussed during this meeting. Please retain this letter for your future reference. If you need any further information regarding zoning and/or platting, please contact me at 972-721-2424. Detailed information about the flood plain issues may be obtained from Garry Fennell at 972-721-2611. Detailed information regarding rights-of-way and road alignments may be obtained from Dan Vedral at 972-721-2646.

Sincerely,

Steven A. Reed
Manager of Current Planning

cc:    Charles B. Mitchell, Jr.
       Brown, Dean, Wiseman, Liser, Proctor & Hart, LLP
       306 W. 7th Street, Suite 200
       Fort Worth, TX 76102-4905

       Nancy Croney
       The Croney Team
       2409 Twelve Oaks
       Colleyville, TX 76034

       Jimmy Stewart
       2028 Sandy Lane
       Irving, TX 75060

       David Caylor, City Attorney
       Edward J. Barry, Community Development Director
       Jim Cline, Public Works and Transportation Director
       Jim Driscoll, Assistant Director, Transportation
       Gary Fennell, Senior Civil Engineer
       Dan Vedral, Transportation Engineer

Did she
execute the
retainer
agreement.

PATTY: I'LL ADD A
LINE IN THE LETTER
ONCE WE ADD A
RETAINER AGREEMENT.

```
                                              P. 01
                         TRANSACTION REPORT
                                              JUN-30-2004 WED 04:14 PM

      FOR:

  DATE  START    RECEIVER          TX TIME   PAGES TYPE       NOTE              M#  DP

 JUN-30 04:13 PM ##89250#9727212750  1'10"      5  SEND       OK               263

                                     TOTAL :      1M 10S  PAGES:   5
```

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
GRANT LISER
RICHARD W. WISEMAN
JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | David Caylor |
| **Organization:** | City Attorney |
| **Fax:** | (972) 721-2750 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June _30_, 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.:     3251.22711 |



# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
** JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

**Name:** Mr. Ed Berry
**Organization:** Community Development
**Fax:** (972) 721-2422
**Phone:**
**From:** Charles B. Mitchell, Jr., Esq.
**Date:** June _3 ᴼ_, 2004
**Subject:** Kuja Stewart
1800 and 1900 Hunter Ferrell Roads
Irving, Texas
Our File No.:      3251.22711

**Pages:**      _5_ (including fax cover sheet)

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR
REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND
THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

```
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
X                                                                                      P. 01    X
X                              TRANSACTION REPORT                                               X
X                                                                      JUN-30-2004 WED 04:12 PM X
X   FOR:                                                                                        X
X                                                                                               X
X   DATE  START    RECEIVER          TX TIME   PAGES TYPE       NOTE                  M#  DP    X
X                                                                                               X
X  JUN-30 04:11 PM ##89141#9727212422  1'11"      5  SEND        OK                   262       X
X                                                                                               X
X                                                  TOTAL :    1M 11S  PAGES:   5                X
X                                                                                               X
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
```

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
• JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
• Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

**Name:**         Mr. Ed Berry
**Organization:** Community Development
**Fax:**          (972) 721-2422
**Phone:**
**From:**         Charles B. Mitchell, Jr., Esq.
**Date:**         June  30 , 2004
**Subject:**      Kuja Stewart
                  1800 and 1900 Hunter Ferrell Roads
                  Irving, Texas
                  Our File No.:      3251.22711



# **Fax**

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
** JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Mr. Gary Fennell |
| **Organization:** | Engineering Division |
| **Fax:** | (972) 721-2592 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June _30_, 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.:   3251.22711 |

**Pages:**        _5_ (including fax cover sheet)

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR
REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS
MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND
THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.

```
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
                                                                             P. 01      X
                              TRANSACTION REPORT                                         X
                                                       JUN-30-2004 WED 04:11 PM         X
     FOR:                                                                                X
                                                                                        X
   DATE  START    RECEIVER              TX TIME   PAGES TYPE       NOTE          M#  DP  X
   JUN-30 04:09 PM ##89032#9727212592    1'16"     5  SEND        OK             261    X
                                                                                        X
                                         TOTAL :     1M 16S  PAGES:    5                 X
                                                                                        X
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
```

# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
** JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

* Also licensed to practice in Louisiana
** Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PRCK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1778)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Mr. Gary Fennell |
| **Organization:** | Engineering Division |
| **Fax:** | (972) 721-2592 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June _30_ , 2004 |
| **Subject:** | Kuja Stewart |

1800 and 1900 Hunter Ferrell Roads
Irving, Texas
Our File No.:          3251.22711



# Fax

## BROWN, DEAN, WISEMAN, LISER, PROCTOR & HART, L.L.P.
### Attorneys at Law

BEALE DEAN
JAMES T. BLANTON
* GRANT LISER
RICHARD W. WISEMAN
**JOHN C. HART
JOHN W. PROCTOR
LARRY W. WILSHIRE

OF COUNSEL
CATHERINE JANE ALDER, P.C

\* Also licensed to practice in Louisiana
\*\* Also licensed to practice in Minnesota

306 WEST 7TH STREET, SUITE 200
FORT WORTH, TEXAS 76102-4905

TELEPHONE (817) 332-1391
METRO (817) 429-0851
FAX (817) 870-2427

SANDRA LISER
CHARLES B. MITCHELL, Jr.
MICHAEL L. PECK
BRUCE H. ROGERS
STERLING J. ELZA
BILLY McGILL
JAMES K. HURLBURT
JASON C. MOON

JESSE M. BROWN (1883-1978)
A. M. HERMAN (1905-1987)
WILLIAM M. BROWN (1912-1987)

| | |
|---|---|
| **Name:** | Mr. Jim Driscoll |
| **Organization:** | Traffic Division |
| **Fax:** | (972) 721-3720 |
| **Phone:** | |
| **From:** | Charles B. Mitchell, Jr., Esq. |
| **Date:** | June _3 0_, 2004 |
| **Subject:** | Kuja Stewart |
| | 1800 and 1900 Hunter Ferrell Roads |
| | Irving, Texas |
| | Our File No.:        3251.22711 |

**Pages:**        _5_ (including fax cover sheet)

Comments:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL INFORMATION, WHICH IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR
REPRODUCTION OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
MESSAGE IN ERROR, THAT MATERIAL HEREWITH SHOULD BE DESTROYED IMMEDIATELY AND
THE SENDER LISTED ABOVE SHOULD BE NOTIFIED BY TELEPHONE AT (817) 332-1391.