Exhibit A

_Kenneth James Stewart_

_Kuk Ja Stewart_

Kuk Ja Stewart

---

## JOINT OR WIFE'S SEPARATE ACKNOWLEDGMENT

STATE OF TEXAS  
COUNTY OF }

BEFORE ME, the undersigned authority, on this day personally appeared _____ known to me to be the person(s) whose name(s) _____ subscribed to the foregoing instrument, and acknowledged to me that _____ executed the same for the purposes and consideration therein expressed, and the said _____ wife of _____, having been examined by me privily and apart from her husband and having the same fully explained to her by me, she, the said _____, acknowledged such instrument to be her act and deed, and declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

GIVEN under my hand and seal of office, this the _____ day of _____, A. D. 19___

_____ Notary Public in and for _____ County, Texas.

---

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF TEXAS  
COUNTY OF DALLAS }

BEFORE ME, the undersigned authority, on this day personally appeared Kenneth James Stewart and wife, Kuk Ja Stewart known to me to be the person(s) whose name(s) are subscribed to the foregoing instrument, and acknowledged to me that they executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal of office this 12th day of February, A. D. 19 73

(W.B. Post.)

Notary Public in and for Dallas County, Texas.

---

THE STATE OF TEXAS  
COUNTY OF }

I, _____, Clerk of the County Court of _____ County, Texas, do hereby certify that the within instrument with its certificate of authentication was filed for registration in my office on the _____ day of _____, 19___, at _____ o'clock ___. M., and duly recorded on the _____ day of _____, 19___, at _____ o'clock ___. M., in Vol. _____, Page _____, of records of _____ for said County.

WITNESS my hand and seal of office, at _____, the day and date last above written.

_____ Clerk County Court _____ County, Texas.

STATE OF TEXAS   COUNTY OF DALLAS  
I hereby certify that this instrument was filed on the date and time stamped hereon by me and was duly recorded in the volume and page of the named records of Dallas County, Texas as stamped hereon by me.

By _____ Deputy.

FEB 14 1973

Tom E. Ellis  
COUNTY CLERK, Dallas County, Texas

VOL    PAGE  
73032  2109

STATE OF TEXAS  
Loan No. 10143  
Deed of Trust  
KENNETH JAMES STEWART AND WIFE, KUK JA STEWART  
TO  
W. E. Dinkins, Jr. and/or H. Huckabee, Jr.  
FOR THE BENEFIT OF  
EXCHANGE MORTGAGE COMPANY

'73 FEB 14 AM 10:34  
FILED  
DALLAS COUNTY  
COUNTY CLERK  
Tom E. Ellis

Please return to:  
EXCHANGE MORTGAGE COMPANY  
2001 Bryan Tower, Suite 970  
Dallas, Texas 75201

Exhibit B

68046 0014



affiliate of Seller, whether hereunder or under any other instrument or agreement to be performed or observed by Buyer; (d) any other instrument or agreement furnished by Buyer to Seller or to any affiliate of Seller or otherwise acquired by Seller or any affiliate of Seller; (e) Buyer becomes insolvent or ceases to do business as a going concern; (d) any of the Collateral is lost or destroyed; (e) Buyer makes an assignment for the benefit of creditors or takes advantage of any law for the relief of debtors; (f) a petition in bankruptcy or for an arrangement, reorganization, or similar relief is filed by or against Buyer; (g) any property of Buyer is attached, or a trustee or receiver is appointed for Buyer or for a substantial part of its property, or Buyer applies for such appointment; (h) Seller in good faith believes that the prospect of payment or performance hereunder is impaired; or (i) there shall be a material change in the management, ownership or control of Buyer.

H. **REMEDIES.** Upon the occurrence of an event of default, and at any time thereafter as long as the default continues, Seller may, at its option, without demand, notice of default or of intent to accelerate the maturity hereof, notice of nonpayment, presentment, protest, his honor or notice of acceleration of the maturity hereof, all of which are expressly waived by Debtor, (i) Declare this agreement to be in default, (ii)declare the indebtedness hereunder, to be immediately due and payable. (iii) declare all other debts then owing by Buyer to Seller, to be immediately due and payable, (iv) cancel any insurance and credit any refund to the indebtedness, and (v) exercise all of the rights and remedies of a secured party under the Uniform Commercial Code and any other applicable laws, including the right to require Buyer to assemble the Collateral and deliver it to Seller at a place to be designated by Seller which is reasonably convenient to both parties, and to lawfully enter any premises where the Collateral may be without judicial process and take possession thereof. Acceleration of any and all indebtedness if so elected by Seller, shall be subject to all applicable laws including those pertaining to refunds and rebates of unearned charges. Unless otherwise provided by law, any requirement of reasonable notice which Seller may be obligated to give regarding the sales or other disposition of Collateral will be met if such notice is mailed to Buyer at its address shown herein at least ten days before the time of sale or other disposition. Seller may buy at any sale and become the owner of the Collateral. Buyer agrees that Seller may bring any legal proceedings it deems necessary to enforce the payment and performance of Buyer's obligations hereunder in any court in the State shown in Seller's address set forth herein, and service of process may be made upon Buyer by mailing a copy of the summons to Buyer at its address shown herein. The inclusion of a trade name or division name in the identification of Buyer hereunder shall not limit Seller's right, after the occurrence of an event of default, to proceed against all of Buyer's assets, including those held or used by Buyer individually or under another trade or division name. Expenses of retaking, holding, preparing for sale, selling and the like shall include (a) the reasonable fees (which buyer agrees shall be reasonable if equal to 20% of all sums then owing hereunder) of any attorneys retained by Seller, and (b) all other legal expenses incurred by Seller. Buyer agrees that it is liable for and will promptly pay any deficiency resulting from any disposition of Collateral after default.

I. **GENERAL.** Waiver of any default shall not be a waiver of any other default; all of Seller's rights are cumulative and not alternative. No waiver or change in this agreement or in any related note shall bind Seller unless in writing signed by one of its officers. The term "Seller" shall include any assignee of Seller who is the holder of this agreement. After assignment of this agreement by Seller, the assignor will not be the assignee's agent for any purpose and Buyer's obligations and liabilities hereunder to the assignee will be absolute and unconditional and will not be subject to any abatement, reduction, recoupment, defense, set-off or counterclaim available to Buyer for breach of warranty or for any other reason whatsoever. Any provisions hereof contrary to, prohibited by or invalid under applicable laws or regulations shall be inapplicable and deemed omitted herefrom, but shall not invalidate the remaining provisions hereof. Buyer waives all exemptions to the extent permitted by law. Buyer hereby waives any right to trial by jury in any action relating to this agreement. Seller may correct patent errors herein. All of the terms and provisions of this agreement shall apply to and be binding upon Buyer, its heirs, personal representatives, successors and assigns and shall inure to the benefit of Seller, its successors and assigns. Any headings or captions included in this agreement are intended solely for convenience of reference and shall not affect the meaning, construction or effect of this agreeement.

J. **ACCELERATION INTEREST.** Buyer agrees to pay Seller, upon acceleration of the above indebtedness, interest on all sums then owing hereunder at the rate of 1½% per month if not prohibited by law, otherwise at the highest rate Buyer can legally obligate itself to pay and/or Seller can legally collect. Any note taken herewith evidences indebtedness and not payment. All amounts payable hereunder are payable at Seller's address shown below or at such other address as Seller may specify from time to time in writing.

K. **DELINQUENCY CHARGE.** If the Collateral is a Heavy Commercial Vehicle (as defined herein), Buyer agrees to pay to Seller, for each installment not paid within 10 days of its due date, a delinquency charge equal to 5% of such installment, or, in lieu thereof, at Seller's option, interest after maturity on such installment at the highest lawful contract rate. If the Collateral is not a Heavy Commercial Vehicle, Buyer agrees to pay to Seller, for each installment not paid within 10 days after its due date, a delinquency charge equal to 5% of such installment, but not to exceed five dollars ($5.00) or, in lieu thereof, at Seller's option, interest after maturity on such installment at the highest lawful contract rate. For the purposes hereof, a "Heavy Commercial Vehicle" shall mean any domestic or foreign truck or truck tractor that weighs 19,000 or more pounds gross vehicular weight (GVW).

L. **SECURITY INTEREST.** To secure payment of the UNPAID TIME BALANCE (Item 7), Seller retains title to and a security interest in the Collateral regardless of any retaking and redelivery of the Collateral to Buyer.

M. **CROSS SECURITY.** Buyer grants to Seller a security interest in the Collateral to secure the payment and performance of all absolute and all contingent obligations and liabilities of Buyer to Seller, or to any assignee of Seller, now existing or hereafter arising, whether under this agreement or any other agreement and whether due directly or by assignment; provided, however, upon any assignment of this agreement by Seller, the assignee shall be deemed for the purpose of this paragraph the only party with a security interest in the Collateral.

N. **CHATTEL PAPER.** This specific Security Agreement is to be sold only to **ASSOCIATES COMMERCIAL CORPORATION** and is subject to the security interest of **ASSOCIATES COMMERCIAL CORPORATION**. The only copy of this Security Agreement which constitutes Chattel Paper for all purposes of the Uniform Commercial Code is the copy marked "ORIGINAL FOR ASSOCIATES" which is delivered to and held by ASSOCIATES COMMERCIAL CORPORATION. Any change in the name of the assignee of this Security Agreement from ASSOCIATES COMMERCIAL CORPORATION shall render the copy of this Security Agreement so changed VOID and of no force and effect. No assignee or secured party other than Associates Commercial Corporation will under any circumstances acquire any rights in, under or to this Security Agreement or any sums due hereunder.

ge 3 of 4 of Security Agreement dated 11/29/96 and DALLAS FREIGHTLINER, INC. ........... between ........... KENNY STEWART ........... (Buyer)
serial number 1FV6HLCA3VH816965 ........... (Seller) which includes, without limitation, an item of Collateral with the following

## CONTINUING GUARANTY

For Valuable Consideration, the receipt and sufficiency of which is hereby acknowledged, the undersigned, for themselves, their heirs, executors, personal representatives, successors and assigns (individually called "Guarantor" and collectively called "Guarantors") jointly and severally and in solido, hereby unconditionally guarantee to **Pioneer Truck + Equip. Sales** _____, its successors, endorsees and assigns, (collectively
(Secured Party of Lessor)
("Associates") that **K+K Transportation** _____ (the "Company"), whose address is
(Party to be Guaranteed)
**2028 Sandy Ln. Irving, TX 75060** _____

shall promptly and fully perform, pay and discharge all of its present and future liabilities, obligations and indebtedness to Associates, whether direct or indirect, joint or several, absolute or contingent, secured or unsecured, matured or unmatured, and whether originally contracted with or otherwise acquired by Associates (all of which liabilities, obligations and indebtedness are herein individually and collectively called the "Indebtedness"). This Guaranty is an absolute and unconditional guarantee of payment and not of collectibility. The liability of each Guarantor hereunder is not conditional or contingent upon the genuineness, validity, sufficiency or enforceability of the Indebtedness or any instruments, agreements or chattel paper related thereto (collectively called "Agreements") or any security or collateral therefor (collectively called "Security") or the pursuit by Associates of any rights or remedies which it now has or may hereafter have. If the Company fails to pay the Indebtedness promptly as the same becomes due, or otherwise fails to perform any obligation under any of the Agreements, each Guarantor agrees to pay on demand the entire Indebtedness and all losses, costs, attorneys' fees and expenses which may be suffered by Associates by reason of the Company's default or the default of any Guarantor hereunder and agrees to be bound by and to pay on demand any deficiency established by the sale of any of the Agreements or Security, all without relief from valuation and appraisement laws and without requiring Associates to (i) proceed against the Company by suit or otherwise, (ii) foreclose, proceed against, liquidate or exhaust any of the Agreements or Security, or (iii) exercise, pursue or enforce any right or remedy Associates may have against the Company, any co-Guarantor (whether hereunder or under a separate instrument) or any other party. Each Guarantor agrees that: this Guaranty shall not be discharged or affected by any circumstances which constitute a legal or equitable discharge of a Guarantor or surety, or by the death of any Guarantor; the records of Associates shall be received as conclusive evidence of the amount of the Indebtedness at any time owing; one or more successive or concurrent suits may be brought and maintained against any or all of the Guarantors, at the option of Associates, with or without joinder of the Company or any of the other Guarantors as parties thereto; such Guarantor will not avail itself of any defense whatsoever which the Company may have against Associates, other than full payment of the Indebtedness; and such Guarantor will not seek a change of venue from any jurisdiction or court in which any action, proceeding or litigation is commenced.

EACH GUARANTOR HEREBY WAIVES NOTICE OF ANY ADVERSE CHANGE IN THE COMPANY'S CONDITION OR OF ANY OTHER FACT WHICH MIGHT MATERIALLY INCREASE SUCH GUARANTOR'S RISK, WHETHER OR NOT ASSOCIATES HAS KNOWLEDGE OF THE SAME. EACH GUARANTOR ALSO HEREBY WAIVES ANY CLAIM, RIGHT OR REMEDY WHICH SUCH GUARANTOR MAY NOW HAVE OR HEREAFTER ACQUIRE AGAINST THE COMPANY THAT ARISES HEREUNDER AND/OR FROM THE PERFORMANCE BY ANY GUARANTOR HEREUNDER INCLUDING, WITHOUT LIMITATION, ANY CLAIM, REMEDY OR RIGHT OF SUBROGATION, REIMBURSEMENT, EXONERATION, CONTRIBUTION, INDEMNIFICATION, OR PARTICIPATION IN ANY CLAIM, RIGHT OR REMEDY OF ASSOCIATES AGAINST THE COMPANY OR ANY SECURITY WHICH ASSOCIATES NOW HAS OR HEREAFTER ACQUIRES, WHETHER OR NOT SUCH CLAIM, RIGHT OR REMEDY ARISES IN EQUITY, UNDER CONTRACT, BY STATUTE, UNDER COMMON LAW OR OTHERWISE.

No termination hereof shall be effective until the Guarantors deliver to Associates a written notice signed by them electing not to guarantee any new extension of credit that may be granted by Associates to the Company after its receipt of such notice, but such notice shall not affect the obligations of the guarantors hereunder as to any and all Indebtedness existing at the time such notice is received. Each Guarantor hereby waives (i) notice of acceptance hereof and notice of extensions of credit given Associates to the Company from time to time; (ii) presentment, demand, protest, and notice of non-payment or protest as to any note or other evidence of indebtedness owned, accepted, endorsed or assigned to Associates by the Company, (iii) all exemptions and homestead laws; (iv) any other demands and notices required by law and (v) any right to trial by jury. Associates may at any time and from time to time, without notice to or the consent of any Guarantor, and without affecting or impairing the obligation of any Guarantor hereunder: (a) renew, extend or refinance any part or all of the Indebtedness of the Company or any Indebtedness of its customers, or of any co-Guarantor (whether hereunder or under a separate instrument) or any other party; (b) accept partial payments of the Indebtedness and apply such payments to any part of the Indebtedness; (c) settle, release (by operation of law or otherwise), compound, compromise, collect or liquidate, in any manner, any of the Indebtedness, any Security, or any indebtedness of any co-Guarantor (whether hereunder or under a separate instrument) or any other party; (d) consent to the transfer of any Security; (e) bid and purchase at any sale of any of the Agreements or Security; and (f) exercise any and all rights and remedies available to Associates by law or agreement even if the exercise thereof may affect, modify or eliminate any rights or remedies which a Guarantor may have against the Company. Each Guarantor shall continue to be liable under this Guaranty, the provisions hereof shall remain in full force and effect, and Associates shall not be estopped from exercising any rights hereunder, notwithstanding (i) Associates waiver of or failure to enforce any of the terms, covenants or conditions contained in any of the Agreements; (ii) any release of, or failure on the part of Associates to perfect any security interest in or foreclose, proceed against, or exhaust, any Security; or (iii) Associates failure to take new, additional or substitute security or collateral for the Indebtedness.

Each Guarantor agrees that Associates may bring any legal proceedings it deems necessary to enforce any or all of such Guarantor's obligations hereunder in any court in the State in which Associates' office administering the Indebtedness is located; and service of process may be made upon such Guarantor by mailing a copy of the summons to such Guarantor at its address last known to Associates. All rights and remedies of Associates are cumulative and not alternative. Each provision of this Guaranty is intended to be severable. Any term or provision hereof declared to be contrary to, prohibited by or invalid under applicable laws or regulations shall be inapplicable and deemed omitted herefrom, but shall not invalidate the remaining terms and provisions hereof.

IN WITNESS WHEREOF, the Guarantors have executed this Guaranty on _____ **1-10-97** _____ **Kenneth S____ + DDA**
(Date)

Witness _**Johnny R Clark**_

Guarantor **K+K Transportation** (L.S.)
(Name of individual, corporation, or partnership)

By X _**Kenneth S___**_     **INDIVIDUAL**
(If corporate guarantor, authorized officer must sign and show corporate title. If partnership guarantor, a general partner must sign and show "Partner" after name. If individual guarantor, show "Individually" after name.)

Witness _____

Address **2028 Sandy Ln. Irving, TX 75060**

Guarantor _____ (L.S.)
(Name of individual, corporation, or partnership)

Witness _____

By _____
(If corporate guarantor, authorized officer must sign and show corporate title. If partnership guarantor, a general partner must sign and show "Partner" after name. If individual guarantor, show "Individually" after name.)

Witness _____

Address _____

Note: Insert exact company names where appropriate. Individual guarantors must sign guaranty without titles. Sign simply "John Smith, Individually," not "John Smith, President."

520861 Rev. 2-90

Exhibit C

## PLEASE HELP US HELP YOU:

AT TRW WE KNOW HOW IMPORTANT YOUR GOOD CREDIT IS TO YOU. IT IS EQUALLY IMPORTANT TO US THAT OUR INFORMATION BE ACCURATE AND UP TO DATE. LISTED BELOW IS THE INFOMATION YOU GAVE US WHEN YOU ASKED FOR THIS REPORT. IF THE INFORMATION IS NOT CORRECT OR YOU DID NOT SUPPLY US WITH YOUR FULL NAME, ADDRESS FOR THE PAST 5 YEARS, SOCIAL SECURITY NUMBER AND YEAR OF BIRTH, THIS REPORT MAY NOT BE COMPLETE. IF THIS INFORMATION IS INCOMPLETE OR NOT ACCURATE, PLEASE LET US KNOW.

YOUR NAME:      KENNETH R STEWART                         SOCIAL SECURITY #: 452435438

ADDRESS:        2028 SANDY LANE
                IRVING, TX 75060


## IDENTIFICATION INFORMATION:

THE FOLLOWING ADDITIONAL INFORMATION HAS BEEN PROVIDED TO US BY ORGANIZATIONS THAT REPORT INFORMATION TO US.

SOCIAL SECURITY #:   452435438 REPORTED 11 TIMES.
                     452425428


ADDRESSES:           2028 SANDY LN
                     IRVING TX 75060-5639    GEOGRAPHICAL CODE=113-15204-1
THIS SINGLE FAMILY DWELLING ADDRESS WAS FIRST REPORTED 3/89 AND LAST REPORTED 7/96 BY UPDATE. LAST REPORTED BY CAPITALONE BANK.

                     901 E HUNTERPERRELL
                     GRAND PRAIRIE TX 75050
THIS SINGLE FAMILY DWELLING ADDRESS WAS FIRST REPORTED 9/95 AND LAST REPORTED 10/95 BY UPDATE. LAST REPORTED BY CHRYSLER FINANCIAL CORP.

                     110 SMALL HILL DR
                     GRAND PRAIRIE TX 75050-5647    GEOGRAPHICAL CODE=113-15500-1
THIS SINGLE FAMILY DWELLING ADDRESS WAS FIRST REPORTED 9/92 AND LAST REPORTED 8/94 BY UPDATE. LAST REPORTED BY PERIMETER CREDIT LP.

                     1928 POMAR WAY
                     WALNUT CREEK CA 94598-1430    GEOGRAPHICAL CODE=13-338202-1
THIS SINGLE FAMILY DWELLING ADDRESS WAS FIRST REPORTED 7/96 BY INQUIRY. LAST REPORTED BY PACCAR FINANCL CORP.

EMPLOYERS:           JSC CLOTHING
REPORTED 2/96 BY INQUIRY.

                     JSC MANUFACTURING
REPORTED 4/95 BY INQUIRY.

OTHER :              YEAR OF BIRTH:  1970
                     NAME:           KENNETH ROBERT STEWART

FROM 4/96 THE NUMBER OF INQUIRIES WITH THIS SOCIAL SECURITY # = 2
ADDRESS REPORTED 5 TIMES.
SOCIAL SECURITY NUMBER YOU GAVE WAS ISSUED: 1977 - 1979

## U.S. Postal Service CERTIFIED MAIL® RECEIPT
Domestic Mail Only

LOS ANGELES, CA 90071

- Certified Mail Fee: $3.30
- $2.70
- 0228 13
- Extra Services & Fees:
  - ☐ Return Receipt (hardcopy) $0.00
  - ☐ Return Receipt (electronic) $0.00
  - ☐ Certified Mail Restricted Delivery $0.00
  - ☐ Adult Signature Required $0.00
  - ☐ Adult Signature Restricted Delivery $
- Postage: $0.89
- Total Postage and Fees: $6.89
- Postmark Here: 11/17/2016

Sent To: Munger Tolles Olson attn Thomas Walper
Street and Apt. No., or PO Box No.: 355 S. Grand Ave 35th Floor
City, State, ZIP+4: Los Angeles, CA 90071

7016 0600 0000 5557 6875

---

## U.S. Postal Service CERTIFIED MAIL® RECEIPT
Domestic Mail Only

WILMINGTON, DE 19801

- Certified Mail Fee: $3.30
- $2.70
- 0228 13
- Extra Services & Fees:
  - ☐ Return Receipt (hardcopy) $0.00
  - ☐ Return Receipt (electronic) $0.00
  - ☐ Certified Mail Restricted Delivery $0.00
  - ☐ Adult Signature Required $0.00
  - ☐ Adult Signature Restricted Delivery $
- Postage: $0.89
- Total Postage and Fees: $6.89
- Postmark Here: 11/17/2016

Sent To: James Madron c/o Richards Layton & Finger
Street and Apt. No., or PO Box No.: 920 N. King St
City, State, ZIP+4: Wilmington, DE 19801

7016 0600 0000 5557 6844

---

## U.S. Postal Service CERTIFIED MAIL® RECEIPT
Domestic Mail Only

NEW YORK, NY 10022

- Certified Mail Fee: $3.30
- $2.70
- 0228 13
- Extra Services & Fees:
  - ☐ Return Receipt (hardcopy) $0.00
  - ☐ Return Receipt (electronic) $0.00
  - ☐ Certified Mail Restricted Delivery $0.00
  - ☐ Adult Signature Required $0.00
  - ☐ Adult Signature Restricted Delivery $
- Postage: $0.89
- Total Postage and Fees: $6.89
- Postmark Here: 11/17/2016

Sent To: Edward Sassower PC Kirkland & Ellis
Street and Apt. No., or PO Box No.: 601 Lexington Ave
City, State, ZIP+4: NY, NY 10022-4611

7016 0600 0000 5557 6820

---

## U.S. Postal Service CERTIFIED MAIL® RECEIPT
Domestic Mail Only

WASHINGTON, DC 20005

- Certified Mail Fee: $3.30
- $2.70
- 0228 13
- Extra Services & Fees:
  - ☐ Return Receipt (hardcopy) $0.00
  - ☐ Return Receipt (electronic) $0.00
  - ☐ Certified Mail Restricted Delivery $0.00
  - ☐ Adult Signature Required $0.00
  - ☐ Adult Signature Restricted Delivery $
- Postage: $0.89
- Total Postage and Fees: $6.89
- Postmark Here: 11/17/2016

Sent To: Bridget O'Connor c/o Kirkland & Ellis
Street and Apt. No., or PO Box No.: 655 Fifteenth St. N.W.
City, State, ZIP+4: Washington, DC 20005

7016 0600 0000 5557 6851

## U.S. Postal Service CERTIFIED MAIL® RECEIPT (Domestic Mail Only)

**Receipt 1:**
- Destination: WILMINGTON, DE 19801
- Certified Mail Fee: $3.30
- Return Receipt (hardcopy): $2.70
- Return Receipt (electronic): $0.00
- Certified Mail Restricted Delivery: $0.00
- Adult Signature Required: $0.00
- Adult Signature Restricted Delivery: $0.00
- Postage: $0.89
- Total Postage and Fees: $6.89
- Postmark: 11/17/2016
- Sent To: Honorable Judge Sontchi
- Street and Apt. No., or PO Box No.: 824 N. Market St. 5th Flr Ct. 6
- City, State, ZIP+4: Wilmington, DE 19801

**Receipt 2:**
- Destination: CHICAGO, IL 60654
- Certified Mail Fee: $3.30
- Return Receipt (hardcopy): $2.70
- Return Receipt (electronic): $0.00
- Certified Mail Restricted Delivery: $0.00
- Adult Signature Required: $0.00
- Adult Signature Restricted Delivery: $0.00
- Postage: $0.89
- Total Postage and Fees: $6.89
- Postmark: 11/17/2016
- Sent To: James Sprayregan c/o Kirkland & Ellis
- Street and Apt. No., or PO Box No.: 300 N. LaSalle St.
- City, State, ZIP+4: Chicago, IL 60654

**Receipt 3:**
- Destination: NEW YORK, NY 10017
- Certified Mail Fee: $3.30
- Return Receipt (hardcopy): $2.70
- Return Receipt (electronic): $0.00
- Certified Mail Restricted Delivery: $0.00
- Adult Signature Required: $0.00
- Adult Signature Restricted Delivery: $0.00
- Postage: $0.89
- Total Postage and Fees: $6.89
- Postmark: 11/17/2016
- Sent To: Epiq Bankruptcy Solutions
- Street and Apt. No., or PO Box No.: 757 Third Ave 3rd Floor
- City, State, ZIP+4: New York, NY 10017

**Receipt 4:**
- Destination: WILMINGTON, DE 19801
- Certified Mail Fee: $3.30
- Return Receipt (hardcopy): $2.70
- Return Receipt (electronic): $0.00
- Certified Mail Restricted Delivery: $0.00
- Adult Signature Required: $0.00
- Adult Signature Restricted Delivery: $0.00
- Postage: $0.89
- Total Postage and Fees: $6.89
- Postmark: 11/17/2016
- Sent To: T. Patrick Tinker, U.S. Trustee
- Street and Apt. No., or PO Box No.: 844 King St., Suite 2207, LB 35
- City, State, ZIP+4: Wilmington, DE 19801