# **EXHIBIT E**

```
 1    UNITED STATES BANKRUPTCY COURT

 2    DISTRICT OF DELAWARE

 3    In re:                              :
                                          :    Chapter 11
 4    ENERGY FUTURE HOLDINGS              :
      CORP., et al.,                      :    Case No. 14-10979(CSS)
 5                                        :
              debtors.                    :    (Joint Administration
 6    _____:        Requested)

 7

 8

 9                              United States Bankruptcy Court

10                              824 North Market Street

11                              Wilmington, Delaware

12

13                              August 11, 2015

14                              9:45 AM – 1:23 PM

15    B E F O R E :

16    HON CHRISTOPHER S. SONTCHI

17    U.S. BANKRUPTCY JUDGE

18

19

20

21

22

23

24

25    ECR OPERATOR:   DANA MOORE
```

```
 1   ultimately result in injury, exposed to asbestos.  Future
 2   claimants are not in any way addressed by the plan nor could
 3   they be absent the use of the 524(g) type injunction, which
 4   is not common plated in this case or being sought in this
 5   case.
 6              As such, the unmanifested asbestos claimants have
 7   a representative as do all unsecured creditors in the case
 8   and those representatives are the two committees, both the
 9   T-side and the E-side committee.  Although, obviously, those
10   committees' fiduciary duties are limited to the unsecured
11   creditors of the debtors identified for which they serve as
12   the representative.
13              The question to me becomes not should I appoint a
14   representative for unmanifested asbestos claimants.  They
15   already have a representative.  They have two official
16   committees in place.  The question to me becomes is there
17   something inadequate in the current representation of those
18   claimants and I find that there is not.
19              I have no basis to find that there is anything
20   inadequate in the representation of these creditors that's
21   specific to these creditors that would require an additional
22   representative to be appointed.
23              In fact, the evidence based on how the case has
24   proceeded is just the opposite.  There has been vigorous
25   representation of asbestos related creditors in this case by
```

1    ==the E-side committee.   There have also been individuals who==
2    ==have stepped forward and taken up the fight on behalf of==
3    ==these claimants, but I'm not focusing on them.   I'm focusing==
4    ==on the official representative.==
5              ==The E-side committee fought hard and long in==
6    ==connection with the details of the notice that went out.==
7    ==Frankly, I find the argument that that was somehow==
8    ==inadequate because they did a good job as bizarre.   The==
9    ==court had approved a bar date.   They did the best they could==
10   ==to provide the notice that was going to be required under==
11   ==the bar date.   I certainly wouldn't expect any court==
12   ==appointed representative to do anything other than what was==
13   ==done by the E-side committee in that instance.==
14             The fight about the bar date is over.  It was over
15   in January.  No one appealed.  There was more than an
16   adequate opportunity for the E-side committed to participate
17   in that decision.  I moved it back as best I could several
18   times in order to allow that committee to be forward.  The
19   committee was formed prior to the Court making its decision.
20             I'm not going to hear it today, a complaint about
21   my January opinion.  I'm also not going to hear a complaint
22   about an agreed notice procedure that was put in place with
23   the approval of the E-side committee.  I haven't heard
24   anything today or in the case at all that would give me any
25   reason to doubt that an adequate job is being done on behalf