## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: January 4, 2017 at 10:00 a.m.** |
| | **Objection Deadline: December 28, 2016 at 2:00 p.m.** |

## MOTION OF THE EFH/EFIH DEBTORS FOR ENTRY OF A SUPPLEMENTAL ORDER (A) BINDING HOLDERS OF CLAIMS AND INTERESTS TO THEIR PRIOR BALLOTS, PURSUANT TO SECTION 1127 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3019, (B) APPROVING THE REVISED EFH/EFIH DISCLOSURE STATEMENT, (C) APPROVING THE PROCEDURES AND TIMELINE FOR THE LIMITED RESOLICITATION OF VOTES ON THE PLAN, AND (D) APPROVING THE MANNER AND FORMS OF NOTICE RELATED THERETO

Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") file this motion (this "Motion") for entry of a supplemental order, substantially in the form attached hereto as **Exhibit A** (the "Supplemental Order"): (a) binding Holders of Claims and Interests

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

entitled to vote on the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10290] (as modified, amended or supplemented from time to time, the "Plan"), other than Holders of Class B6 Claims, to the ballots such Holders submitted in connection with the Prior Plan Solicitation (as defined herein); (b) approving the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors* [D.I. 10293] (as modified, amended or supplemented from time to time, the "EFH/EFIH Disclosure Statement"), for the purposes of allowing the EFH/EFIH Debtors to solicit the votes of Holders of Class B6 Claims[3] with respect to the Plan; (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan as it relates to the EFH/EFIH Debtors from Holders of Class B6 Claims (the "Limited Resolicitation") and establishing related deadlines; and (d) approving the manner and forms of notice related thereto.   In support of this Motion, the EFH/EFIH Debtors respectfully state as follows.

## Jurisdiction and Venue

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.   The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), to entry of a final order by the Court in

---

[3] Capitalized terms used but not otherwise defined in this Motion shall have the meaning ascribed to them in the Plan or EFH/EFIH Disclosure Statement, as appropriate.

connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The bases for the relief requested herein are sections 105(a), 502, 1123(a), 1124, 1125, 1126, 1127, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2002, 3003, 3016, 3017, 3018, 3019, 3020, and 9013, and Local Bankruptcy Rules 2002-1, 3003-1, and 3017-1.

## Relief Requested

4.       By this Motion, the EFH/EFIH Debtors request entry of the Supplemental Order granting the following relief with respect to the Plan and EFH/EFIH Disclosure Statement and such other relief as is just and proper:

- binding Holders of Claims and Interests entitled to vote on the Plan (other than Holders of Class B6 Claims) to the Ballots such Holders submitted in connection with the Prior Plan Solicitation (as defined herein), unless otherwise agreed with the EFH/EFIH Debtors, pursuant to sections 1125 and 1127 of the Bankruptcy Code and Bankruptcy Rule 3019(a), and ratifying and affirming the results of the voting by Holders of Claims in the EFH/EFIH Voting Classes other than Class B6;[4]

- approving the EFH/EFIH Disclosure Statement as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code;

- approving the timeline for the Limited Resolicitation of votes and voting on the Plan by Holders of Class B6 Claims, including:

---

[4] On December 2, 2016, the EFH/EFIH Debtors filed the *Declaration of Jane Sullivan on Behalf of Epiq Bankruptcy Solutions, LLC, Regarding Voting and Tabulation of Ballots Cast on the Fourth Amended Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10301] (the "Voting Declaration"), which stated the results of the voting by Holders of Claims and Interests in Classes A4, A5, A6, A7, A8, A9, A10, A11, A12, B3, B4, B5, and B6 (collectively, the "EFH/EFIH Voting Classes").

3

- o establishing the Class B6 Voting Record Date (defined herein) as **December 28, 2016**;

- o establishing the Class B6 Solicitation Deadline (defined herein) as **January 9, 2017**, or as soon as reasonably practicable thereafter; and

- o establishing the Class B6 Voting Deadline (defined herein) as **2:00 p.m. (Eastern Standard Time) on February 6, 2017**; and

- approving the materials to be included in the Class B6 Solicitation Packages (defined herein), including the revised forms of the Ballots (defined herein), substantially in the forms attached as **Exhibits 1-A – 1-C** to the Supplemental Order;[5]

- the EFH/EFIH Confirmation Hearing Notice (defined herein), substantially in the form attached as **Exhibit 2** to the Supplemental Order; and

- approving the EFH/EFIH Disclosure Statement Hearing Notice (defined herein), substantially in the form attached as **Exhibit 3** to the Supplemental Order.

## Background

5.     On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings

---

[5] Alternatively, to the extent the Court determines that Classes of Claims or Interests other than Class B6 must be resolicited, the EFH/EFIH Debtors seek approval of the Disclosure Statement and conformed solicitation packages with respect to any such Classes of Claims or Interests.

4

Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98] and the EFH/EFIH Disclosure Statement.

6.     On September 21, 2016, the EFH/EFIH Debtors filed the *Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9612] (the "Prior Plan") and the *Disclosure Statement for the Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9616] (the "Prior Disclosure Statement").[6] On August 24, 2016, the Court entered an order (the "Prior Scheduling Order"), which scheduled certain dates and deadlines and established certain protocols in connection with the approval of the Prior Disclosure Statement and confirmation of the Prior Plan. On September 19, 2016, the Court entered an order [D.I. 9585] (the "EFH/EFIH Disclosure Statement Order") approving the Prior Disclosure Statement, authorizing the EFH/EFIH Debtors to solicit votes to accept or reject the Prior Plan from Holders of Claims and Interests against the EFH/EFIH Debtors who are entitled to vote (the "Prior Plan Solicitation"), and approving, among other things, the EFH/EFIH Solicitation Procedures and the EFH/EFIH Solicitation Packages (each as defined in the EFH/EFIH Disclosure Statement Order).

---

[6] For more information concerning the events leading up to the Prior Plan, *see* paragraphs 6–13 of the *Motion of the EFH/EFIH Debtors for Entry of an Order (A) Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Debtors' Joint Plan of Reorganization as it Relates to the EFH/EFIH Debtors, (B) Approving the EFH/EFIH Disclosure Statement, (C) Establishing the EFH/EFIH Voting Record Date, EFH/EFIH Voting Deadline, and Other Dates, (D) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan, and (E) Approving the Manner and Forms of Notice and Other Related Documents* [D.I. 9201].

7.    Following entry of the EFH/EFIH Disclosure Statement Order, which established September 19, 2016 as the EFH/EFIH Voting Record Date and November 15, 2016 as the EFH/EFIH Voting Deadline, the EFH/EFIH Debtors undertook and completed the Prior Plan Solicitation.  As set forth in Exhibit B to the Voting Declaration filed on December 2, 2016, of the EFH/EFIH Voting Classes, Classes A4, A5, A6, A7, A8, A9, A10, A12, B5, and B6 voted or were deemed to accept the Prior Plan and Classes B3 and B4 voted to reject the Prior Plan.

8.    Contemporaneously with the Prior Plan Solicitation, the EFH/EFIH Debtors and various parties in interest complied with the schedule established by the Prior Scheduling Order. On or before November 15, 2016, approximately ten parties filed objections to the Prior Plan.

9.    On November 17, 2016, just three weeks before the hearing to consider confirmation of the Prior Plan (the "EFH/EFIH Confirmation Hearing") was scheduled to commence, the United States Court of Appeals for the Third Circuit issued an opinion regarding the Makewhole Claims asserted by the Holders of EFIH First Lien Notes and EFIH Second Lien Notes (the "Makewhole Opinion").  In light of the holding in the Makewhole Opinion, the EFH/EFIH Debtors determined to adjourn the EFH/EFIH Confirmation Hearing to allow time to engage in further discussions with key creditor constituencies and the Plan Sponsor. *See Notice Regarding Scheduling Order and Commencement of Plan Confirmation Proceedings* [D.I. 10235].

10.    As a result of the various discussions that occurred since the Makewhole Opinion was issued, the EFH/EFIH Debtors made certain limited modifications to the Prior Plan and revised the Prior Disclosure Statement to include a description of the Makewhole Opinion and

the resulting changes to the terms of the Prior Plan. In addition to conforming and technical modifications, the changes include:[7]

a.   with respect to the EFIH First Lien Note Claims and the EFIH Second Lien Note Claims, clarification that the respective trustees shall be granted a lien on the EFH/EFIH Distribution Account up to the asserted amount of the respective Makewhole Claim on the EFH Effective Date until such time such Makewhole Claim has either been Allowed and paid in full or disallowed by Final Order[8] (*see* Article III.B.21 and Article VIII.B of the Plan);

b.   clarification of the source of the consideration to be distributed to Holders of EFIH First Lien Notes and EFIH Second Lien Notes (*see* Article IV.A and Article VI.A of the Plan);

c.   removal of the provision that, to the extent Makewhole Claims based on or derived from EFIH First Lien Notes and EFIH Second Lien Notes are Allowed before the EFH Effective Date, any payment of such Makewhole Claims in full will not reduce the recoveries to the Holders of Allowed Class B6 Claims (*see* Article VI.A of the Plan); and

d.   removal of the condition precedent to the EFH Effective Date that all EFIH First Lien Note Claims and EFIH Second Lien Note Claims that are Makewhole Claims shall be disallowed (*see* Article IX.D of the Plan).

These changes are reflected in the Plan and the EFH/EFIH Disclosure Statement, which were each filed on December 1, 2016.

11.   At a status conference held the following day, the Court scheduled the hearing to consider approval of the EFH/EFIH Disclosure Statement for January 4, 2017, and the hearing to consider confirmation of the Plan for February 14, 2017. *See* Hr'g Tr. 41:4–42:19 Dec. 2, 2016. On December 7, 2016, the Court entered an order establishing a revised schedule for various dates and deadlines in connection with the EFH/EFIH Proceedings (as defined therein).

---

[7] The summaries of the new Plan provisions contained in this motion are qualified in their entirety by the Plan. To the extent anything in this motion is inconsistent with the Plan, the terms of the Plan shall control.

[8] This modification was requested by counsel to the EFIH First Lien Note Claims and the EFIH Second Lien Note Claims.

12.    The EFH/EFIH Debtors believe that the narrow changes made to the Plan after the Debtors completed the Prior Plan Solicitation require a resolicitation of acceptances or rejections of the Plan only from Holders of Class B6 Claims. Because the changes to the Prior Plan do not impact Holders of Claims and Interests in any Class other than Class B6, the Debtors do not believe a resolicitation of any other Class is necessary or required.

13.    Therefore, the Debtors seek to bind the Holders of Claims and Interests in the EFH/EFIH Voting Classes (other than Class B6) to the ballots they previously cast in connection with the Prior Plan Solicitation and to engage in the Limited Resolicitation only of Holders of Class B6 Claims to account for the narrow changes made since the Prior Plan Solicitation. In light of the Limited Resolicitation, the Debtors also seek approval of the EFH/EFIH Disclosure Statement, certain voting-related deadlines, and the materials to be included in the Class B6 Solicitation Packages.

### The Proposed Limited Resolicitation.

14.    The Plan and the EFH/EFIH Disclosure Statement describe in detail the transactions contemplated by the Plan and the recoveries provided for Holders of Claims and Interests against the EFH/EFIH Debtors. The following chart summarizes the Classes of Claims and Interests against the EFH/EFIH Debtors, which remains unchanged from the Prior Plan:

| SUMMARY OF STATUS AND VOTING RIGHTS | | | |
|---|---|---|---|
| Class | Claims and Interests | Status | Voting Rights |
| Class A1 | Other Secured Claims Against the EFH Debtors | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class A2 | Other Priority Claims Against the EFH Debtors | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class A3 | Legacy General Unsecured Claims Against the EFH Debtors | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class A4 | EFH Legacy Note Claims | Impaired | Entitled to Vote |
| Class A5 | EFH Unexchanged Note Claims | Impaired | Entitled to Vote |

RLF1 16127397v.1

| Class | Claims and Interests | Status | Voting Rights |
|---|---|---|---|
| **SUMMARY OF STATUS AND VOTING RIGHTS** | | | |
| Class A6 | EFH LBO Note Primary Claims | Impaired | Entitled to Vote |
| Class A7 | EFH Swap Claims | Impaired | Entitled to Vote |
| Class A8 | EFH Non-Qualified Benefit Claims | Impaired | Entitled to Vote |
| Class A9 | General Unsecured Claims Against EFH Corp. | Impaired | Entitled to Vote |
| Class A10 | General Unsecured Claims Against the EFH Debtors Other Than EFH Corp. | Impaired | Entitled to Vote |
| Class A11 | Tex-La Guaranty Claims | Impaired | Entitled to Vote |
| Class A12 | TCEH Settlement Claim | Impaired | Entitled to Vote |
| Class A13 | EFH Debtor Intercompany Claims | Unimpaired/ Impaired | Not Entitled to Vote (Deemed to Accept or Reject) |
| Class A14 | Non-EFH Debtor Intercompany Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class A15 | Interests in EFH Debtors Other Than EFH Corp. | Unimpaired/ Impaired | Not Entitled to Vote (Deemed to Accept or Reject) |
| Class A16 | Interests in EFH Corp. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class B1 | Other Secured Claims Against the EFIH Debtors | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class B2 | Other Priority Claims Against the EFIH Debtors | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class B3 | EFIH First Lien Note Claims | Impaired | Entitled to Vote |
| Class B4 | EFIH Second Lien Note Claims | Impaired | Entitled to Vote |
| Class B5 | EFH LBO Note Guaranty Claims | Impaired | Entitled to Vote |
| Class B6 | General Unsecured Claims Against the EFIH Debtors | Impaired | Entitled to Vote |
| Class B7 | EFIH Debtor Intercompany Claims | Unimpaired/ Impaired | Not Entitled to Vote (Deemed to Accept or Reject) |
| Class B8 | Non-EFIH Debtor Intercompany Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class B9 | Interest in EFIH | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class B10 | Interests in EFIH Finance | Impaired | Not Entitled to Vote (Deemed to Reject) |

15.    The EFH/EFIH Debtors are proposing to resolicit votes to accept or reject the Plan only from Holders of Claims in Class B6.  Holders of Claims and Interests in Classes A4,

A5, A6, A7, A8, A9, A10, A11, A12, B3, B4, and B5 shall be bound by the ballots they submitted in connection with the Prior Plan Solicitation, and such ballots shall remain valid and be used to determine whether such Classes have voted to accept or reject the Plan (and whether such Holders have opted out of the Releases). The Debtors intend for the EFH/EFIH Solicitation Procedures approved in connection with the Prior Plan Solicitation to remain applicable to the Limited Resolicitation, pursuant to the Supplemental Order.

### Basis for Relief

I.    **No Further Solicitation is Required of Holders of Claims in the EFH/EFIH Voting Classes (Other than Class B6) and Such Holders Are Bound By the Ballots Submitted in Connection with the Prior Plan Solicitation.**

16.    Section 1127 of the Bankruptcy Code provides for the modification of a chapter 11 plan by its proponent "at any time before confirmation," as long as the plan, as modified, satisfies the requirements of sections 1122 and 1123 and the proponent complies with the disclosure requirements set forth in section 1125 of the Bankruptcy Code. 11 U.S.C. § 1127(a)-(c). As courts have noted, however, these disclosure requirements do not necessarily mandate resolicitation of a modified plan. *See In re Century Glove, Inc.*, Civ. A. Nos. 90–400–SLR, 90–401–SLR, 1993 WL 239489, at *3 (D. Del. Feb. 10, 1993) (stating that the requirement in section 1127(c) "does not necessarily mandate the preparation of a new disclosure statement and resolicitation of the plan"); *In re Cellular Info. Sys.*, 171 B.R. 926, 929 n.6 (Bankr. S.D.N.Y. 1994) ("I find that such changes are nonmaterial modifications which do not require resolicitation of the respective impaired classes of creditors and equity security holders."). "'Further disclosure occurs only when and to the extent that the debtor intends to solicit votes from previously dissenting creditors or when the modification materially and adversely impacts parties who previously voted for the plan.'" *Century Glove*, 1993 WL 239489, at *3 (quoting *In re Am. Solar King Corp.*, 90 B.R. 808, 823 (Bankr. W.D. Tex. 1988)); *see also Enron Corp. v.*

*New Power Co. (In re New Power Co.)*, 438 F.3d 1113, 1118 (11th Cir. 2006) ("[A]s an initial matter, we consider whether there was any material and adverse modifications from the First Amended Plan."); *Resolution Trust Corp. v. Best Prods. Co., Inc. (In re Best Prods. Co.)*, 177 B.R. 791, 802 (S.D.N.Y. 1995) (noting that the key inquiry was whether the modification materially altered the plan so that a claimant's treatment was adversely affected).

17.    A proposed plan modification will be considered material "if it so affects a creditor or interest holder who accepted the plan that such entity, if it knew of the modification, would be likely to reconsider its acceptance." *Am. Solar King*, 90 B.R. at 824 (citing 8 COLLIER ON BANKRUPTCY ¶ 3019.03 (15th ed. 1987)).  This reading of section 1127(c) is entirely consistent with the disclosure requirements in section 1125 because a modification that is not material is, "by definition, one which will not affect an investor's voting decision," and thus, "additional disclosure would serve no purpose." *Id.*

18.    The Plan reflects limited modifications resulting from the various discussions between the EFH/EFIH Debtors and their key constituencies in the wake of the Makewhole Opinion.  The EFH/EFIH Debtors believe that these narrow changes implicate the treatment of only certain Class B6 Claims and, as such, the Debtors seek approval to resolicit votes only from Holders in such Class.

19.    Bankruptcy Rule 3019 provides that if "the court finds after hearing on notice . . . that the proposed modification [made after a plan has been accepted and before its confirmation] does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the plan." Fed. R. Bankr. P. 3019(a).  Here, the limited modifications are not material with respect to, and do not adversely

affect, creditors and interest holders in any other Class.  Therefore, no further solicitation of

votes on the Plan is required from Holders of Claims in any Class other than Class B6 and the

Court should (a) bind any such Holders who voted to accept the Prior Plan to the ballots they

previously cast in connection with the Prior Plan Solicitation and (b) ratify and affirm the results

of the voting by Holders of Claims in the EFH/EFIH Voting Classes other than Class B6 set

forth in the Voting Declaration.

## II.     Approval of the EFH/EFIH Disclosure Statement.

### A.     The EFH/EFIH Disclosure Statement Contains Adequate Information.

20.     Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed

chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired

claims and interests entitled to vote on the plan.  11 U.S.C. § 1125.  Specifically, section 1125 of

the Bankruptcy Code states, in relevant part, as follows:

> (a)(1) "[A]dequate information" means information of a kind,
> and in sufficient detail, as far as is reasonably practicable in
> light of the nature and history of the debtor and the condition of
> the debtor's books and records, including a discussion of the
> potential material Federal tax consequences of the plan to the
> debtor, any successor to the debtor, and a hypothetical investor
> typical of the holders of claims or interests in the case, that
> would enable such a hypothetical investor of the relevant class
> to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

21.     The primary purpose of a disclosure statement is to provide information material

to creditors and interest holders determining whether to accept or reject a plan.  *See Century*

*Glove, Inc. v. First Am. Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125

seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re*

*Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1985) ("The primary purpose of a disclosure

statement is to give the creditors the information they need to decide whether to accept the

12

plan."); *In re Phx. Petrol., Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001) ("[T]he general purpose of the disclosure statement is to provide 'adequate information' to enable 'impaired' classes of creditors and interest holders to make an informed judgment about the proposed plan and determine whether to vote in favor of or against that plan."); *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987) ("The primary purpose of a disclosure statement is to provide all material information which creditors and equity security holders affected by the plan need in order to make an intelligent decision whether to vote for or against the plan."). Congress intended that such informed judgments would be needed to both negotiate the terms of, and vote on, a plan of reorganization. *Century Glove, Inc.*, 860 F.2d at 100.

22.    "Adequate information" is a flexible standard, based on the facts and circumstances of each case. *See* 11 U.S.C. § 1125(a)(1) ("'adequate information means information of a kind, and in sufficient detail, <u>as far as is reasonably practicable</u> in light of the nature and history of the debtor and the condition of the debtor's books and records") (emphasis supplied); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.3d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *First Am. Bank of New York v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95-989, at 121 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5907 (indicating that "the information required will necessarily be governed by the circumstances of the case").

23.    The determination of whether the information provided by the plan proponent is adequate pursuant to section 1125 of the Bankruptcy Code resides within the broad discretion of

13

the bankruptcy court. *See, e.g., Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (Bankr. D. N.J. 2005) (indicating the determination should be made on a case-by-case basis and according to the discretion of the bankruptcy court."); *In re Phx. Petrol., Co.*, 278 B.R. at 393 (suggesting the court has substantial discretion in making such a determination).

24. Case law under section 1125 of the Bankruptcy Code has produced a list of topics that a court will look for in a proposed disclosure statement when evaluating the adequacy of the disclosures therein. Such topics include:

    a.    the events precipitating the bankruptcy filing;

    b.    available assets;

    c.    the strategy and direction of the company;

    d.    the sources of the information contained in the disclosure statement;

    e.    the effects of the bankruptcy on the debtor's operations;

    f.    claims asserted against the debtor;

    g.    projected returns to creditors under a chapter 7 liquidation;

    h.    management of the debtor;

    i.    the chapter 11 plan;

    j.    factors informing creditors' decisions regarding acceptance or rejection of the chapter 11 plan;

    k.    risks posed to the creditors under the plan;

    l.    previous and potential recovery of preferential or otherwise voidable transfers;

    m.    litigation likely to arise in a nonbankruptcy context; and

    n.    tax attributes of the debtor.

14

*See In re U.S. Brass Corp.*, 194 B.R. 420, 424-25 (Bankr. E.D. Tex. 1996); *see also In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (listing the factors courts have considered in determining the adequacy of information provided in a disclosure statement); *In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same).

25.    Disclosure regarding all topics is not necessary in every case. *See, e.g., In re U.S. Brass Corp.*, 194 B.R. at 424; *In re Phx. Petrol., Co.*, 278 B.R. at 393 ("[C]ertain categories of information which may be necessary in one case may be omitted in another; no one list of categories will apply in every case.").

26.    Here, the EFH/EFIH Disclosure Statement contains information useful for members of Class B6 to make an informed decision as to whether to accept or reject the Plan. Specifically, the EFH/EFIH Disclosure Statement includes the following sections:

- **Executive Summary**: A statement of the Debtors in support of the Plan, purpose and effect of the Plan and overview of the Classes of Claims and Interests and their respective treatment under the Plan. *See* EFH/EFIH Disclosure Statement at Art. I;

- **EFH's Business Operations and Capital Structure**: An overview of the Debtors' business operations, organizational structure, and capital structure. *See* EFH/EFIH Disclosure Statement at Art. II;

- **Events Leading to the Debtors' Financial Difficulties**: An overview of the Debtors' corporate history, response to market conditions, and out-of-court restructuring efforts in response to deteriorating economic conditions. *See* EFH/EFIH Disclosure Statement at Art. III;

- **Material Events in the Chapter 11 Cases**: An overview of the significant events that have occurred within these Chapter 11 Cases. *See* EFH/EFIH Disclosure Statement at Art. IV;

- **Summary of the Plan**: Sources for consideration for the Plan distributions, the classification and treatment of Claims and Interests under the Plan, acceptance and rejection of the Plan, means for implementation of the Plan, treatment of Executory Contracts and Unexpired Leases under the Plan, settlement, release, injunction, and related provisions, and the binding nature of the Plan. *See* EFH/EFIH Disclosure Statement at Art. V;

- **Confirmation of the Plan**: Confirmation procedures and statutory requirements for confirmation and consummation of the Plan. *See* EFH/EFIH Disclosure Statement at Art. VI;

- **Voting Instructions**: A description of the EFH/EFIH Solicitation Procedures (defined herein) (attached as Exhibit 8 to the EFH/EFIH Disclosure Statement Order). *See* EFH/EFIH Disclosure Statement at Art. VII;

- **Risk Factors**: Certain risks associated with the Debtors' businesses, as well as certain risks associated with forward-looking statements and an overall disclaimer as to the information provided by and set forth in the EFH/EFIH Disclosure Statement. *See* EFH/EFIH Disclosure Statement at Art. VIII;

- **Important Securities Law Disclosures**: A description of the applicability of section 1145 of the Bankruptcy Code. *See* EFH/EFIH Disclosure Statement at Art. IX;

- **Certain United States Federal Income Tax Consequences of the Plan**: A description of certain U.S. federal income tax law consequences of the Plan. *See* EFH/EFIH Disclosure Statement at Art. X; and

- **Recommendation of the Debtors**: A recommendation by the Debtors that Holders of Claims and Interests in the EFH/EFIH Voting Classes should vote to accept the Plan. *See* EFH/EFIH Disclosure Statement at Art. XI.

Notably, the EFH/EFIH Disclosure Statement is substantially identical to the Prior Disclosure Statement, which was approved by the Court as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code. *See* EFH/EFIH Disclosure Statement Order. Indeed, the EFH/EFIH Disclosure Statement simply provides additional, and updated, information to update Holders of Class B6 Claims regarding recent events and the narrow changes to the Prior Plan on which they based their votes during the Prior Plan Solicitation.

27. Based on the foregoing, the EFH/EFIH Debtors submit that the EFH/EFIH Disclosure Statement satisfies all requirements of section 1125 of the Bankruptcy Code and addresses the information set forth above in a manner that provides adequate information to Holders of Class B6 Claims.

**B.    The EFH/EFIH Disclosure Statement Provides Sufficient Notice of Injunction, Exculpation, and Release Provisions in the Plan.**

28.    Bankruptcy Rule 3016(c) requires that, if a plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code, the plan and disclosure statement must describe, in specific and conspicuous language, the acts to be enjoined, and the entities subject to the injunction.  Fed. R. Bankr. P. 3016(c).

29.    Article VIII of the Plan describes in detail the entities subject to an injunction under the Plan and the acts that they are enjoined from pursuing.  Further, the language in Article VIII of the Plan appears in bold, making it conspicuous to anyone who reads it.  *See* Fed. R. Bankr. P. 3016(c) ("If a plan provides for an injunction . . . the plan and disclosure statement shall describe in specific and conspicuous language (bold, italics, or underline text) all acts to be enjoined and identify the entities that would be subject to the injunction.").  As provided in the Plan and the Ballots, the Holders of Class B6 Claims have the option to opt-out of the Releases of Holders of Claims and Interests specified in Article VIII.D of the Plan (the "Releases").[9] Again, these provisions and disclosures are identical to those approved earlier this year in the EFH/EFIH Disclosure Statement Order.  Accordingly, the EFH/EFIH Debtors respectfully submit that the EFH/EFIH Disclosure Statement complies with Bankruptcy Rule 3016(c) by conspicuously describing the conduct and parties enjoined by the Plan.

---

[9]  Members of Non-Voting Classes who are deemed to accept the Plan are considered "Releasing Parties," who are, therefore, subject to the Releases in Article VIII.D.  Members of Non-Voting Classes who are deemed to reject the Plan are not considered Releasing Parties, and therefore, are not subject to the Releases in Article VIII.D to the extent consent is required.

RLF1 16127397v.1

III.    **Approval of the Procedures, Materials, and Timeline for the Limited Resolicitation of Votes on the Plan from Holders of Class B6 Claims.**

    A.    **Approval of the Class B6 Voting Record Date, Class B6 Solicitation Deadline, and Class B6 Voting Deadline.**

30.    Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stocks, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes. Fed. R. Bankr. P. 3018(a). Additionally, Local Bankruptcy Rule 3017-1(b) provides that "[t]he plan proponent shall timely file a motion to be heard at a disclosure statement hearing for approval of the voting procedures, including the form of ballots, the voting agent and the manner and time of voting." Del. Bankr. L.R. 3017-1(b). Similarly, Bankruptcy Rule 3017(c) provides that before approving the disclosure statement, the Court must fix a time within which the holders of claims and interests may accept or reject a plan and may fix a date for the hearing on confirmation of a plan. *See* Fed. R. Bankr. P. 3017(c).

31.    The EFH/EFIH Debtors request that the Court exercise its authority under Bankruptcy Rules 3017(d) and 3018(a) and Local Bankruptcy Rule 3017-1(c) to establish December 28, 2016, as the date for determining: (a) the Holders of Class B6 Claims entitled to receive Class B6 Solicitation Packages; (b) the Holders of Class B6 Claims entitled to vote to accept or reject the Plan; and (c) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of such Claim (the "Class B6 Voting Record Date"). Importantly, the Class B6 Voting Record Date is the same as the voting record date approved for the Prior Plan Solicitation.

18

32.     The EFH/EFIH Debtors propose that, with respect to any transferred Class B6 Claim, the transferee shall be entitled to receive an Class B6 Solicitation Package and, if the holder of such Class B6 Claim is entitled to vote with respect to the Plan, cast a Ballot (as defined herein) on account of such Claim *only if*:  (a) all actions necessary to effectuate the transfer of the Class B6 Claim pursuant to Bankruptcy Rule 3001(e) and Local Bankruptcy Rule 3001-1 have been completed by the Class B6 Voting Record Date or (b) the transferee files by the Class B6 Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.  If a Claim is transferred after the Class B6 Voting Record Date, the transferee of such Class B6 Claim shall be bound by any vote (and the consequences thereof) on the Plan, made by the holder of such Class B6 Claim as of the Class B6 Voting Record Date.

33.     Upon Court approval of the EFH/EFIH Disclosure Statement as containing adequate information as required under section 1125 of the Bankruptcy Code, the EFH/EFIH Debtors propose to mail or cause to be mailed the Class B6 Solicitation Packages on January 9, 2017, or as soon as reasonably practicable thereafter (the "Class B6 Solicitation Deadline").

34.     The EFH/EFIH Debtors request that the Court require that all Holders of Class B6 Claims complete, execute, and return their customized ballots (the "Ballots" and, each, a "Ballot") so that their Ballots (or Master Ballots on their behalf) are **actually received** by the Solicitation Agent on or before February 6, 2017 at 2:00 p.m. (Eastern Standard Time) (the "Class B6 Voting Deadline").

35.     The foregoing timing and materials will afford Holders of Class B6 Claims twenty-eight days within which to review and analyze such materials and subsequently make an informed decision as to whether to vote to accept or reject the Plan before the Class B6 Voting

Deadline consistent with the requirements of the applicable Bankruptcy Rules. *See* Fed. R. Bankr. P. 3017(d) (after approval of a disclosure statement, the debtor must transmit the plan, the approved disclosure statement, a notice of the time within which acceptances and rejections of such plan may be filed and any other information that the court may direct to certain holders of claims). Accordingly, the EFH/EFIH Debtors request that the Court approve the form of, and the EFH/EFIH Debtors' proposed procedures for distributing, the Class B6 Solicitation Packages to the Holders of Class B6 Claims.

**B.**     **Approval of the Forms of Ballots.**

36.     In accordance with Bankruptcy Rule 3018(c), the EFH/EFIH Debtors have prepared and customized the Ballots to be used in the Limited Resolicitation. Based on Official Form No. 14, the Ballots have been modified to (a) address the particular circumstances of the Chapter 11 Cases and (b) include certain additional information that is relevant and appropriate for Class B6 Claims. The proposed Ballots for Holders of Class B6 Claims are attached as **Exhibits 1-A – 1-C** to the Supplemental Order.

37.     The EFH/EFIH Debtors respectfully submit that the forms of the Ballots comply with Bankruptcy Rule 3018(c) and, therefore, should be approved.

**C.**     **Approval of the Form of Class B6 Solicitation Packages and Manner of Their Distribution to Holders of Class B6 Claims.**

38.     Bankruptcy Rule 3017(d) specifies the materials to be distributed to holders of allowed claims and/or equity interests upon approval of a disclosure statement, including the court-approved plan and disclosure statement and notice of the time within which acceptances and rejections of the plan may be filed. Fed. R. Bankr. P. 3017(d).

39.     In accordance with this requirement, the EFH/EFIH Debtors propose to send the solicitation materials and documents to be included in the solicitation package listed below

(the "Class B6 Solicitation Package") to provide Holders of Class B6 Claims with the information they need to be able to make informed decisions with respect to acceptance or rejection of the Plan.

40.    Specifically, on or before the Class B6 Solicitation Deadline, the EFH/EFIH Debtors will cause the Class B6 Solicitation Packages to be distributed by first-class U.S. mail to Holders of Class B6 Claims.  Each Class B6 Solicitation Package will include the following materials:

- the relevant Ballot, substantially in the form attached as **Exhibit 1-A – 1-C** to the Supplemental Order, as applicable, together with detailed voting instructions (as may be modified for particular Classes and with instructions attached thereto) and a pre-addressed, postage prepaid return envelope;

- the EFH/EFIH Disclosure Statement and exhibits thereto, including the Plan and the EFH/EFIH Disclosure Statement Order (excluding exhibits);

- the EFH/EFIH Solicitation Procedures previously approved by the Court in the EFH/EFIH Disclosure Statement Order;

- the Supplemental Order (without exhibits);

- the EFH/EFIH Confirmation Hearing Notice (defined below), substantially in the form attached as **Exhibit 2** to the Supplemental Order; and

- such other materials as the Court may direct.

41.    The EFH/EFIH Debtors request that they be authorized to distribute the Plan, the EFH/EFIH Disclosure Statement and exhibits thereto, the EFH/EFIH Solicitation Procedures, and the Supplemental Order to Holders of Class B6 Claims in CD-ROM format.  (The Ballots, and the EFH/EFIH Confirmation Hearing Notice will only be provided in paper format.) Distribution in this manner will translate into significant monetary savings for the EFH/EFIH Debtors' estates (the Plan, the EFH/EFIH Disclosure Statement, the EFH/EFIH Solicitation Procedures, and the proposed Supplemental Order, collectively, total approximately 300 pages) and will reduce both postage costs and production time, as generating CD-ROMs can be

accomplished faster than printing documents. Bankruptcy courts in this district have permitted debtors to transmit solicitation documents in CD-ROM format in other large chapter 11 cases in the interest of saving printing and mailing costs. *See, e.g., In re Energy Future Holdings Corp.*, No. 14-10979 (Bankr. D. Del. Sept. 22, 2015) (authorizing the debtors to transmit solicitation documents in CD-ROM format); *In re Source Home Entm't, LLC*, No. 14-11553 (KG) (Bankr. D. Del. Jan. 12, 2015) (same); *In re FAH Liquidating Corp. f/k/a Fisker Auto. Holdings, Inc.*, No. 13-13087 (KG) (Bankr. D. Del. Dec. 10, 2013) (same); *In re Pipeline Data Inc.*, No. 12-13123 (KJC) (Bankr. D. Del. Aug. 8, 2013) (same); *In re Conexant Sys., Inc.*, No. 13-10367 (MFW) (Bankr. D. Del. Apr. 19, 2013) (same); *In re Neb. Book Co.*, No. 11-12005 (PJW) (Bankr. D. Del. Apr. 12, 2012) (same); *In re Appleseed's Intermediate Holdings, LLC*, No. 11-10160 (KG) (Bankr. D. Del. Mar. 1, 2011) (same).[10]

42.     Additionally, the EFH/EFIH Debtors will provide (a) a complete Class B6 Solicitation Package to the U.S. Trustee and counsel to the ad hoc group of EFIH unsecured noteholders, as well as the EFIH Unsecured Notes Trustee and (b) the Supplemental Order (in CD-ROM format) and the EFH/EFIH Confirmation Hearing Notice to all parties on the list of all parties required to be notified under Rule 2002 of the Bankruptcy Rules and Rule 2002-1 of the Local Bankruptcy Rules (the "2002 List") as of the EFH/EFIH Voting Record Date. Any party who receives a CD-ROM, but who would prefer paper format, may contact Epiq Bankruptcy Solutions, LLC ("Epiq" or the "Solicitation Agent") and request paper copies of the corresponding materials previously received in CD-ROM format (to be provided at the EFH/EFIH Debtors' expense). The EFH/EFIH Debtors will not mail Class B6 Solicitation Packages or other solicitation materials to Holders of Class B6 Claims that have already been

---

[10] Because of the voluminous nature of the orders cited herein, such orders are not attached to the Motion. Copies of these orders are available upon request to the Debtors' counsel.

paid in full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court (if any).

43.    The proposed EFH/EFIH Confirmation Hearing Notice informs parties in interest that the Plan and EFH/EFIH Disclosure Statement, together with all exhibits thereto, may be obtained:   (a) from the Debtors' Solicitation Agent's website at http://www.efhcaseinfo.com under the "Key Documents" section; (b) by telephoning the Debtors' Solicitation Agent at (877) 276-7311; (c) by emailing the Debtors' Solicitation Agent at efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line; or (d) for a fee via the Bankruptcy Court's website at http://www.deb.uscourts.gov.   The proposed procedure for providing copies of the Plan and EFH/EFIH Disclosure Statement complies with the requirements of Bankruptcy Rule 3017(a) and Local Bankruptcy Rule 3017-1(c).

44.    The EFH/EFIH Debtors respectfully request that the Solicitation Agent be authorized (to the extent not authorized by the EFH/EFIH Disclosure Statement Order or another order of the Court) to assist the EFH/EFIH Debtors in (a) distributing the Class B6 Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Class B6 Claims; (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the EFH/EFIH Disclosure Statement, the Plan, the Ballots, the Class B6 Solicitation Packages, the Limited Resolicitation, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan as to the EFH/EFIH Debtors; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan.

45.    For Class B6 Solicitation Packages that will be sent to the Holders of debt securities entitled to vote on the Plan, the EFH/EFIH Debtors (through the Solicitation Agent)

propose to deliver Class B6 Solicitation Packages to the record holders of such Claims, including, representatives such as brokers, banks, commercial banks, transfer agents, trust companies, dealers, other agents or nominees, or their mailing agents (collectively, the "Nominees"). Each Nominee will receive reasonably sufficient numbers of Class B6 Solicitation Packages, including sufficient beneficial Ballots (the "Beneficial Holder Ballots"), to distribute to the beneficial holders of the Claims (the "Beneficial Holders") for whom such Nominee acts, and the EFH/EFIH Debtors shall reimburse Nominees for their reasonable and customary charges in connection with such distribution.

## IV.    Approval of the EFH/EFIH Confirmation Hearing Notice.

46.    The EFH/EFIH Debtors will serve notice of the hearing to consider Confirmation of the Plan as it applies to the EFH/EFIH Debtors (the "EFH/EFIH Confirmation Hearing Notice"), substantially in the form attached as **Exhibit 2** to the Supplemental Order, on all known Holders of Claims and Interests and the 2002 List, and other parties in interest (regardless of whether such parties are entitled to vote on the Plan) by the Class B6 Solicitation Deadline, which will provide all parties in interest with thirty days' notice of the Plan Objection Deadline (as defined herein) and the EFH/EFIH Confirmation Hearing. The EFH/EFIH Confirmation Hearing Notice will include: (a) instructions as to how to view or obtain copies of the EFH/EFIH Disclosure Statement (including the Plan and the other exhibits thereto), the EFH/EFIH Disclosure Statement Order, the Supplemental Order, and all other materials in the Class B6 Solicitation Package (excluding Ballots) from the Solicitation Agent and/or the Court's website via PACER; (b) notice of the Class B6 Voting Deadline; (c) notice of the Plan Objection Deadline; and (d) notice of the EFH/EFIH Confirmation Hearing Date and information related thereto.

## V.    Approval of the EFH/EFIH Disclosure Statement Hearing Notice.

47.    Bankruptcy Rule 3017(a) requires that notice of the hearing to consider the proposed disclosure statement be provided to creditors and other parties in interest. *See* Fed. R. Bankr. P. 3017(a) (providing that after a disclosure statement is filed, it must be mailed with the notice of the hearing to consider the disclosure statement and any objections or modifications thereto on no less than 28 days' notice thereof). Additionally, Local Bankruptcy Rule 3017-1(a) provides that, upon the filing of a disclosure statement, the proponent of the plan shall obtain hearing and objection dates from the Court and shall provide notice of those dates in accordance with Bankruptcy Rule 3017. *See* Del. Bankr. L.R. 3017-1(a).

48.    Consistent with the date of the EFH/EFIH Disclosure Statement Hearing established by the Court,[11] the EFH/EFIH Debtors will serve all known creditors with a copy of a notice in the form attached as **Exhibit 3** to the Order (the "EFH/EFIH Disclosure Statement Hearing Notice"). The EFH/EFIH Disclosure Statement Hearing Notice identifies the following: (a) the date, time, and place of the hearing to consider the EFH/EFIH Disclosure Statement; (b) the manner in which a copy of the EFH/EFIH Disclosure Statement (and exhibits thereto, including the Plan) can be obtained; and (c) the deadline and procedures for filing objections to the approval of the EFH/EFIH Disclosure Statement. Additionally, the EFH/EFIH Debtors will distribute copies of the EFH/EFIH Disclosure Statement, including exhibits, in CD-ROM format to parties on the list of all parties required to be notified under Rule 2002 of the Bankruptcy Rules and Rule 2002-1 of the Local Bankruptcy Rules.

---

[11] *See* Hr'g Tr. 41:4-9 Dec. 1, 2016.

## VI.    Approval of Procedures for Filing Objections to the Plan.

49.    Bankruptcy Rules 2002(b) and (d) require no less than twenty-eight days' notice to all holders of claims of the time fixed for filing objections to the hearing on confirmation of a chapter 11 plan.  To satisfy this requirement, the EFH/EFIH Debtors have agreed with parties in interest to establish February 3, 2017 at 2:00 p.m. (Eastern Standard Time) as the date by which objections to the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (the "Plan Objection Deadline").

50.    The EFH/EFIH Debtors request that the Court direct the manner in which parties in interest may object to confirmation of the Plan.  Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1).  The EFH/EFIH Confirmation Hearing Notice will require that objections to confirmation of the Plan or requests for modifications to the Plan, if any, must:

- be in writing;

- conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Court;

- state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and

- be filed with the Court (contemporaneously with a proof of service) upon the notice parties so it is **actually received** on or before the Plan Objection Deadline.

51.    The EFH/EFIH Debtors believe that the Plan Objection Deadline for filing and service of objections (and proposed modifications, if any) will afford the Court, the EFH/EFIH Debtors, and other parties in interest reasonable time to consider the objections and proposed modifications prior to the EFH/EFIH Confirmation Hearing.

RLF1 16127397v.1

**Non-Substantive Modifications**

52.     The EFH/EFIH Debtors request authorization to make non-substantive changes to

the EFH/EFIH Disclosure Statement, EFH/EFIH Disclosure Statement Hearing Notice, Plan,

EFH/EFIH Confirmation Hearing Notice, EFH/EFIH Solicitation Procedures, Class B6

Solicitation Packages, the Ballots, and any and all related documents without further order of the

Court, including changes to correct typographical and grammatical errors, if any, and to make

conforming changes to the EFH/EFIH Disclosure Statement, the Plan, and any other materials in

the EFH/EFIH Solicitation Packages before distribution.

**Notice**

53.     The EFH/EFIH Debtors shall provide notice of this Motion on the date hereof via

first class mail to: (a) the U.S. Trustee; (b) counsel to the EFH Creditors' Committee;

(c) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:

(i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes

due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0%

EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the

6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R)

due 2034, and counsel thereto; (d) Computershare Trust Company, N.A. and Computershare

Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH

senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien

notes due 2022, and counsel thereto; (e) UMB Bank, N.A. in its capacity as indenture trustee

under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH

senior toggle notes due 2018, and counsel thereto; (f) Delaware Trust Company of Delaware in

its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and

(ii) the 10.0% EFIH senior secured notes due 2020; (g) counsel to certain holders of claims

27

against the Debtors regarding each of the foregoing described in clauses (c) through (f); (h) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (i) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (j) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (k) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (l) Oncor Electric Delivery Company LLC and counsel thereto; (m) the Securities and Exchange Commission; (n) the Internal Revenue Service; (o) the Office of the United States Attorney for the District of Delaware; (p) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (q) counsel to the Electric Reliability Council of Texas; and (r) those parties that have requested notice pursuant to Bankruptcy Rule 2002.    The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the EFH/EFIH Debtors respectfully request that the Court enter the Supplemental Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: December 8, 2016
       Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
    defranceschi@rlf.com
    madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
    stephen.hessler@kirkland.com
    brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
    marc.kieselstein@kirkland.com
    chad.husnick@kirkland.com
    steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*