# EXHIBIT B

## BLACKLINED COPY OF PROPOSED ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### ORDER ~~DIRECTING~~ <u>AUTHORIZING</u> PAYMENT AND REIMBURSEMENT OF CERTAIN FEES AND EXPENSES OF THE EFIH SECOND LIEN TRUSTEE AND ITS PROFESSIONALS AS ADEQUATE PROTECTION OR IN THE ALTERNATIVE PURSUANT TO SECTIONS 105(A) AND 506(B) OF THE BANKRUPTCY CODE

Upon the motion (the "<u>Motion</u>")[2] of the EFIH Second Lien Trustee for entry of an order (this "<u>Order</u>"), pursuant to Sections 105(a), 361, 362, 363, 506(b) and 507(b) of the Bankruptcy Code, directing payment and reimbursement of certain fees and expenses of the EFIH Second Lien Trustee and its professionals as adequate protection, all as set forth more fully in the Motion; <u>upon the assertion of the EFIH First Lien Trustee that, pursuant to the terms of the Collateral Trust Agreement (Adv. No. 14-50410, D.I. 4, Ex. B), the relief sought in the Motion cannot be granted without the consent of the EFIH First Lien Trustee; and upon the consent of EFIH First Lien Trustee to the relief sought in the Motion to the limited extent, and subject to the terms, provided herein;</u> and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these cases and the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

~~KL2 2987628.1~~

1

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the EFIH Debtors' estates, their creditors, and other parties in interest; and the Court having found that the EFIH Second Lien Trustee provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. ~~The EFIH Debtors are directed to pay~~ <ins>Upon the EFIH Debtors reaching agreement with the EFIH Second Lien Trustee on an amount to be paid as adequate protection, and subject to the EFIH Debtors' receiving an appropriate written consent, waiver or amendment in accordance with the terms of the EFIH Debtors' debtor-in-possession financing facility (the "EFIH DIP Facility"), the EFIH Debtors are authorized (without further order of the Court) to pay, in their sole and absolute discretion,</ins> as adequate protection, the accrued but unpaid fees and expenses of the EFIH Second Lien Trustee and its professionals ~~within three (3) business days of entry of the Order.~~ <ins>in an amount not to exceed $17,000,000 (the "Second Lien Adequate Protection Payments").</ins>

3. ~~The EFIH Debtors are directed to pay, as adequate protection, the future fees and expenses of the EFIH Second Lien Trustee and its professionals on a monthly basis. The EFIH~~

~~Debtors will pay such fees within ten (10) business days of receipt of invoices from the EFIH Second Lien Trustee (which may be redacted).~~

~~4. The Adequate Protection Payments are entitled to superpriority administrative status pursuant to Section 507(b) of the Bankruptcy Code.~~

3.    ~~5.~~ This Order is without prejudice to the right of the EFIH Second Lien Trustee to seek payment from the EFIH Debtors' estate on account of any other fees or expenses of the EFIH Second Lien Trustee with respect of the EFIH Second Lien Notes beyond those fees or expenses paid pursuant to this Order.

4.    This Order is without prejudice to, and shall not constitute a waiver of, any rights of (i) the EFIH First Lien Trustee (under the Collateral Trust Agreement or otherwise) with respect to any and all consideration (other than the Second Lien Adequate Protection Payments) paid or proposed to be paid by any EFIH Debtor to the EFIH Second Lien Trustee, any EFIH Second Lien Noteholder, the Paying Agent under the Collateral Trust Agreement, or any other entity for the benefit of EFIH Second Lien Noteholders, on account of, or in connection with, the EFIH Second Lien Notes, including, for the avoidance of doubt, distributions or other forms of consideration under any plan of reorganization or (ii) the EFIH Second Lien Trustee in response to any claims or assertions made by the EFIH First Lien Trustee with respect to the foregoing clause (i).

5.    At the election of the EFIH First Lien Trustee, any and all consideration (other than the Second Lien Adequate Protection Payments) paid after entry of this Order by any EFIH Debtor to the EFIH Second Lien Trustee, any EFIH Second Lien Noteholder, the Paying Agent under the Collateral Trust Agreement, or any other entity for the benefit of EFIH Second Lien Noteholders, on account of, or in connection with, the EFIH Second Lien Notes, including, for

<u>the avoidance of doubt, distributions or other forms of consideration under any plan of reorganization (collectively, the "Future Distributions"), but only up to the amount of the Second Lien Adequate Protection Payments, shall be subject to the claims asserted in *Delaware Trust Company v. Computershare Trust Co.*, Adv. No. 14-50410 (as may be amended to apply to the Second Lien Adequate Protection Payments) as though such Future Distributions were the same, in kind, nature, and all other legally relevant characteristics, as the Second Lien Adequate Protection Payments (including without limitation, the source of funds used to make the Second Lien Trustee Adequate Protection Payments) and/or as the Partial Repayment (as defined in the Second Lien Paydown Order, D.I. 3855) (including without limitation, the source of funds used to make the Partial Repayment).</u>

<u>6. This Order is without prejudice to, and shall not constitute a waiver of, any rights of the administrative agent (the "EFIH DIP Agent") or lenders (the "EFIH DIP Lenders") under the EFIH DIP Facility; and nothing herein shall be construed as a requirement that the EFIH DIP Agent or any EFIH DIP Lender provide any consent, waiver, or amendment under the EFIH DIP Facility.</u>

<u>7.</u>    6.Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

<u>8.</u>    7.All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

<u>9.</u>    8.The EFIH Debtors are authorized and directed to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.   9.The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2016

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE