# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DECLARATION OF DISINTERESTEDNESS OF ENOCH KEVER PLLC PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, Andrew Kever, declare under penalty of perjury:

1.　I am a Managing Member of Enoch Kever PLLC located at 5918 West Courtyard Dr., Suite 500, Austin, Texas 78730 (the "Company").

2.　Energy Future Holdings Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Company provide representation before certain regulatory authorities and related counseling and services to the Debtors, namely Energy Future Holdings Corporation and Energy Future Intermediate Holdings Company LLC, and the Company has consented to provide such services.

3.　In these chapter 11 cases, the Company was originally retained as a professional under section 327(e) of title 11 of the United States Code.[2]  As a 327(e) professional, the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] *See Order Authorizing the Debtors to Retain and Employ Enoch Kever PLLC as Special Counsel for Certain Regulatory and Legislative Matters, Effective Nunc Pro Tunc to March 1, 2015* [D.I. 4134].

Company provided services primarily for the TCEH Debtors.[3] After the emergence of the TCEH Debtors on October 3, 2016,[4] with the consent of the Fee Review Committee and the EFH Debtors,[5] and the Office of the United States Trustee for the District of Delaware having no objection, the Company will continue providing services to the EFH Debtors as an ordinary course professional.

4. The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. The Company does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the

---

[3] The TCEH Debtors include: Energy Future Competitive Holdings Company LLC; Texas Competitive Electric Holdings Company LLC; 4Change Energy Company; 4Change Energy Holdings LLC; Big Brown 3 Power Company LLC; Big Brown Lignite Company LLC; Big Brown Power Company LLC; Collin Power Company LLC; DeCordova Power Company LLC; DeCordova II Power Company LLC; Eagle Mountain Power Company LLC; Generation MT Company LLC; Generation SVC Company; Lake Creek 3 Power Company LLC; Luminant Big Brown Mining Company LLC; Luminant Energy Company LLC; Luminant Energy Trading California Company; Luminant ET Services Company; Luminant Generation Company LLC; Luminant Holding Company LLC; Luminant Mineral Development Company LLC; Luminant Mining Company LLC; Luminant Renewables Company LLC; Martin Lake 4 Power Company LLC; Monticello 4 Power Company LLC; Morgan Creek 7 Power Company LLC; NCA Resources Development Company LLC; Oak Grove Management Company LLC; Oak Grove Mining Company LLC; Oak Grove Power Company LLC; Sandow Power Company LLC; TCEH Finance, Inc.; Tradinghouse 3 & 4 Power Company LLC; Tradinghouse Power Company LLC; TXU Energy Receivables Company LLC; TXU Energy Retail Company LLC; TXU Energy Solutions Company LLC; TXU Retail Services Company; TXU SEM Company; Valley NG Power Company LLC; Valley Power Company LLC.

[4] *See Notice of Entry of TCEH Confirmation Order and Occurrence of TCEH Effective Date* [D.I. 9742].

[5] The EFH Debtors include: EFH Corp.; Ebasco Services of Canada Limited; EEC Holdings, Inc.; EECI, Inc.; EFH Australia (No. 2) Holdings Company; EFH Finance (No. 2) Holdings Company; EFH FS Holdings Company; EFH Renewables Company LLC; Generation Development Company LLC; LSGT Gas Company LLC; LSGT SACROC, Inc.; NCA Development Company LLC; TXU Receivables Company; Energy Future Intermediate Holding Company LLC; EFIH Finance.

2

Debtors or their estates with respect to the matter on which the Company is proposed to be employed.

  5. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

  6. Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

  7. Neither I nor any principal, partner, director, officer, of or professional employed by, the Company, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

  8. The Debtors do not owe the Company for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

  9. I further understand that this Declaration will not suffice as the Company's proof of claim.

  10. As of April 29, 2014, which was the date on which the Debtors commenced these chapter 11 cases, the Company was not party to an agreement for indemnification with certain of the Debtors.

  11. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of

Debtors or their estates with respect to the matter on which the Company is proposed to be employed.

  5. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

  6. Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

  7. Neither I nor any principal, partner, director, officer, of or professional employed by, the Company, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

  8. The Debtors do not owe the Company for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

  9. I further understand that this Declaration will not suffice as the Company's proof of claim.

  10. As of April 29, 2014, which was the date on which the Debtors commenced these chapter 11 cases, the Company was not party to an agreement for indemnification with certain of the Debtors.

  11. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of

RLF1 16219767v.1

4

its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated:  December 15, 2016         */s/ Andrew Kever*
                                  ANDREW KEVER