Page 1

1    UNITED STATES BANKRUPTCY COURT

2    DISTRICT OF DELAWARE

3

4

5    In re:                        :

                                   :   Chapter 11

6    ENERGY FUTURE HOLDINGS        :

     CORP., et al.,                :   Case No. 14-10979 (CSS)

7                                  :

              Debtors.            :   (Jointly Administered)

8    _____:

9

10

11                              United States Bankruptcy Court

12                              824 North Market Street

13                              Wilmington, Delaware

14                              December 14, 2016

15                              10:07 a.m. – 10:27 a.m.

16

17

18

19

20

21    B E F O R E :

22    HON CHRISTOPHER S. SONTCHI

23    U.S. BANKRUPTCY JUDGE

24

25    ECRO OPERATOR:  LESLIE MURIN

1    HEARING re Debtors' Twenty-Fifth Omnibus (Substantive)

2    Objection to (Substantive Duplicate and No Liability) Claims

3    Pursuant to Section 502(b) of the Bankruptcy Code,

4    Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy

5    Rule 3007-1 [D.I. 5366; filed August 17, 2015]

6

7    HEARING re Debtors' Twenty-Sixth Omnibus (Substantive)

8    Objection to Certain Improperly Asserted Claims Pursuant to

9    Section 502(b) of the Bankruptcy Code, Bankruptcy Rules

10   3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I.

11   5369; filed August 17, 2015]

12

13   HEARING re Debtors' Twenty-Eighth Omnibus (Substantive)

14   Objection to (Certain Improperly Asserted) Claims Pursuant

15   to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules

16   3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I.

17   5373; filed August 17, 2015]

18

19   HEARING re Debtors' Thirty-Seventh Omnibus (Substantive)

20   Objection to Certain Improperly Asserted Claims Pursuant to

21   Section 502(b) of the Bankruptcy Code, Bankruptcy Rules

22   3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1 [D.I.

23   5814; filed February 9, 2016]

24

25

1   HEARING re Debtors' Thirty-Ninth Omnibus (Substantive)

2   Objection to Substantive Duplicate and No Liability Claims

3   Pursuant to Section 502(b) of the Bankruptcy Code,

4   Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy

5   Rule 3007-1 [D.I. 8069; filed March 24, 2016]

6

7   HEARING re Motion of Google Inc. for Allowance and Payment

8   of Administrative Expense Claim Pursuant to 11 U.S.C. § 503

9   [D.I. 10007; filed November 2, 2016]

10

11   HEARING re Motion of EFIH Second Lien Trustee for an Order

12   Directing Payment and Reimbursement of Certain Fees and

13   Expenses of the EFIH Second Lien Trustee and its

14   Professionals as Adequate Protection or in the Alternative

15   Pursuant to Sections 105(a) and 506(b) of the Bankruptcy

16   Code [D.I. 10253; filed November 23, 2016]

17

18   HEARING re Motion to Serve Debtor et al Electronic Emails

19   for Official Delivery of Documents; Objections to December

20   2015 Nonfinal Ruling; and Amended Motion to Debtor Fraud,

21   Motion to Stay, and Motion to Intervene filed by Kenneth R.

22   Stewart [D.I. 10079; filed November 9, 2016]

23

24

25

Page 4

1    HEARING re Motion to Stop Debtor's Bankruptcy Proceedings

2    and Pay Off All Debts filed by Kenneth R. Stewart [D.I.

3    10277; filed November 28, 2016]

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

1    A P P E A R A N C E S :

2

3    PACHULSKI STANG ZIEHL & JONES

4          Attorney for Computershare

5

6    BY:  LAURA DAVIS JONES

7

8

9    KIRKLAND & ELLIS LLP

10         Attorneys for the Debtor

11

12   BY:  BRYAN STEPHANY

13

14   RICHARDS, LAYTON & FINGER, P.A.

15         Attorneys for the Debtor

16

17   BY:  DANIEL J. DEFRANCESCHI

18         JASON M. MADRON

19

20   VENABLE

21         Attorney for PIMCO

22

23   BY:  JAIME EDMONDSON

24

25

1   LANDIS RATH & COBB

2        Attorney for NextEra Energy

3

4   BY:  JOSEPH WRIGHT

5

6   CHADBOURNE & PARKE LLP

7        Attorney for NextEra Energy

8

9   BY:  ERIC DAUCHER

10

11   BIELLI & KLAUDER

12        Attorney for EFH Corp.

13

14   BY:  DAVID KLAUDER

15

16   WILMER CUTLER PICKERING HALE & DORR

17        Attorney for the EFIH First Lien Trustee

18

19   BY:  ISLEY GOSTIN

20

21   SHEARMAN & STERLING LLP

22        Attorney for Deutsche Bank New York

23

24   BY:  NED S. SCHODEK

25

1  POTTER ANDERSON & CAROON

2        Attorney for Deutsche Bank New York

3

4  BY:  R. STEPHEN MCNEILL

5

6  KLEHR HARRISON HARVEY BRANZBURG LLP

7        Attorney for UMB Bank

8

9  BY:  SEAN BRENNECKE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    P R O C E E D I N G S

 2              CLERK:   All rise.

 3              THE COURT:  Please be seated.  Excuse me.  Good

 4      morning.

 5              MR. STEPHANY:  Good morning, Your Honor.  Brian

 6      Stephany from Kirkland & Ellis on behalf of the Debtors.

 7              Your Honor, there are -- were two items on the

 8      agenda for today.  The first item EFIH Second Lien Trustee's

 9      adequate protection motion, was submitted under COC last

10      night and I believe that order was entered this morning.

11              THE COURT:

12              MR. STEPHANY:  So I don't think there's any need

13      for the Court to take that up today.

14              The second item on the agenda for today are

15      several motions filed by Mr. Kenneth Stewart, as well as

16      Debtors' responsive filings.  For the record, these items

17      are found on the agenda -- the notice of agenda at Number 10

18      and 11, and specifically it's the motion to serve Debtor et

19      al. Electronic Emails for Official Delivery of Documents

20      objections to December 2015 on final ruling and amended

21      motion to Debtor Fraud, which is Docket Entry 10079 filed on

22      November 9th.

23              And then those items were renoticed at Docket

24      Entry Number 10083, as well as the Debtors' omnibus

25      objection thereto at Docket Entry 10223 filed on November
```

1    18th.

2              And then there's also Mr. Stewart's motion to stop

3    Debtors' bankruptcy proceedings and pay off all debts filed

4    by Kenneth R. Stewart, Docket Entry Number 10277, filed

5    November 28th.  And the Debtors' objection and reservation

6    of rights and response, Docket Entry Number 10289, filed

7    November 30th.

8              With respect to these agenda items, Your Honor,

9    the Debtors believe that the relief being sought is the

10   same, in substance, that has already been denied by this

11   Court and the District Court.  We'd respectfully oppose any

12   relief that Mr. Stewart's seeking for the reasons set forth

13   in our omnibus objection and the objection and reservation

14   of rights.

15             That said, Your Honor, we recognize that these are

16   Mr. Stewart's motions and he's the movant.  And so if it's

17   acceptable to the Court, we'll yield the podium and just

18   respectfully request an opportunity to respond once Mr.

19   Stewart has completed his presentation.

20             THE COURT:  All right.  Mr. Stewart?

21             MR. STEWART:  On the agenda, I asked Ms. Rebecca

22   (indiscernible) or sent her an email of what was going to be

23   on the agenda.  I didn't want to go over the trust at the

24   present time, on how to get them out of bankruptcy.

25             THE COURT:  Go ahead.

1          MR. STEWART:  On the omnibus statement -- on the

2     omnibus it did not account for the fraud and proof of claims

3     submitted hereafter.  The omnibus was rushed through without

4     representation of my estate.  The omnibus did not account

5     for the debiter premeditatedly circumvented me in the

6     aspects of ownership.  The opposing counsel has neither the

7     will nor the history of experience or the knowledge to this

8     case, but relies on history of the past for past decades,

9     not the history prior to 2000.  The opposing counsel has not

10    taken into account 20 major companies showing me as the

11    registrant, owner, director with bonds, stocks, including

12    Quicksilver National Resources, Edison International, the

13    Allstate Corporation, et cetera.

14          Motion to Debtor Fraud, a motion to stay, a motion

15    to intervene, motion to Serve Electronic Emails the Nuclear

16    Reliability Nonpayment and Nondisclosure as me as the

17    insured.  And I have the policy from -- starting in 1998 to

18    2012 when Allstate had still had sent me the whole -- the

19    whole policy; not including the personal -- not including me

20    personally in any negotiations of the real estate, utility

21    rights, which is covered under the Allstate policy, it says

22    all the -- it's all the United States, part of Canada, et

23    cetera.

24          Mineral rights, royalties, conveyance by not

25    negotiating around me.  Charles Montemayor, the attorney

1     that came with me December the 16th, 2015 is the one I

2     presume was in negotiations with THU without my knowledge.

3     And so I thought it was the other, my associate, Marco

4     Montemayor, which turns out to be it wasn't him.  It was

5     Charles Montemayor and he has personal gain out of this.

6              Objection to the improper voting notices, the

7     meetings and the exit strategy.  My other partner in

8     information -- and I request the Court to -- to bring in the

9     Justice Department with regards to Quicksilver National

10    Resources.  The document was held from me for a year before

11    they even mailed it to me.  And it is just -- it just shows

12    a complete disregard for my estate.

13              Furthermore, I object to the NC 2002 asset backed

14    securities issued against my properties without my -- me

15    receiving any income, asset control or voting control.  I've

16    checked to the nuclear insurance policy issued and covered

17    up to -- up CNA and now Allstate Insurance being used where

18    I have been liable for 375 million accident -- for

19    accidental insurance, not paid by me and any revenues ever,

20    no asset control, no voting control.

21              I object to EFH not returning the asset as I

22    presented it to the Court, even through you, Judge Sontchi,

23    having demanded them to -- demanded them, on August 18th,

24    2015, to get with me.  They never did.

25              My major ownership and my director -- my equitable

1    debitor's holder concealed.  The following companies have

2    been proving to conceal my assets, EFH, THU on the bonds,

3    real estate, concealed for the past ten years.  Quicksilver,

4    oil and gas royalties, concealed for ten years.  Aurora Gas,

5    on ownership, oil royalties.  The Associate Financial Corp

6    and their merger to Dallas Freightliner ATC, which is TRE

7    and they said they own the 112,000 miles of transmission.

8    Stewart & Associates, Stewart Information, Stewart

9    Enterprise, Hunt Oil for Louisiana Oil and Gas royalties

10   transferred to Vanguard.  Gifco Properties, comptroller

11   public accounts, unclaimed properties, 1.4 billion.  T. Rowe

12   Price accounts exceeds 1 billion, witnessed by my attorney

13   and CPA.  PIMCO Total Return Bonds, funds to -- funds to pay

14   by THU Energy.  Morningstar Offshore Trust.  Allstate

15   Companies.

16           I have pleaded multiple times for the Court to

17   bring and set evidence of the Justice Department to

18   investigate, on my behalf, RICO charges to include fraud,

19   real estate mismanagement and misappropriation, Security

20   Exchange violation, private and governmental collusion of

21   fraud, illegal conveyance, concealment, DBA aliases, DBA

22   corporate names, deletion of county and federal records.

23           And for the record, I request now from the Court

24   the name of the state actor whom have participated in the

25   concealment of the trust, director and financial fraud.  In

1    1994 I did a Freedom of Information request with the FBI

2    about who I am and they came back and they said, in 1994 my

3    record was expunged.  And I don't know how many people have

4    their records expunged.  So I had to go through other

5    lengths to try to get them to open it up for me, so I'm

6    going through -- I'm doing that process right now.

7              And that's all I have.

8              THE COURT:  Okay.  All right.  Thank you, Mr.

9    Stewart.

10             MR. STEPHANY:  Your Honor, again for the record,

11   Brian Stephany, Kirkland & Ellis on behalf of the Debtors.

12             Your Honor, the Debtors would respectfully request

13   that the Court deny the motions filed by Mr. Stewart.  The

14   Debtors' position in opposition to those motions is

15   obviously laid out in more detail in our omnibus objection

16   as well as the objection to reservation of rights.

17             I won't belabor those points for the Court, but I

18   would if -- with the Court's permission, like to just

19   briefly touch on two really key points.  One is that, as the

20   Court is aware from the presentation at the hearing on Mr.

21   Stewart's claims on December 16th, 2015, the Debtors have

22   expanded considerable time, energy and resources in both

23   diligence in investigating, communicating with Mr. Stewart

24   regarding his claim, ultimately preparing for and managing

25   the hearing that we had on December 16th.  And then since

1    that point in time, continuing to respond to various

2    filings, both in this court as well as in the district

3    court, and Mr. Stewart's appeal from the Court's order

4    following that December 16th hearing.

5            We've made every attempt to extend professional

6    courtesies to Mr. Stewart.  We feel that we've gone above

7    and beyond diligencing the purported claims that Mr. Stewart

8    first submitted and believe that, respectfully, we would not

9    be required to continue dealing with what, in substance,

10   ultimately comes back to the same issues that both this

11   Court has already denied, and the District Court affirmed on

12   appeal.

13           And then second point, again, just with the

14   Court's permission, I'd like to just provide a brief

15   summary.  And we've provided a chart of selected pleadings

16   filed by Mr. Stewart in both this -- these cases before Your

17   Honor as well as the District Court.  And I think it may be

18   helpful to aid to the extent that the Court would wish to

19   consider any additional relief today.  If I may approach?

20           THE COURT:  Yes.  Thank you.

21           MR. STEPHANY:  And just for the record, we can

22   identify the chart as D-DEM-1.  And just a few things to

23   point out.

24           One, there are a few rows that are shaded in blue,

25   those reflect court orders.  The remaining entries are all

1   selected filings submitted by Mr. Stewart.  And the first

2   two pages of this chart reflect filings submitted in these

3   cases before Your Honor, and the second two pages reflect

4   filings submitted to the District Court in the appeal from

5   Your Honor's December 16th, 2015 ruling.

6           It's also worth noting that the chart does not

7   reflect or include any of the filings -- responsive filings

8   that the Debtor has made, nor does it reflect any of the

9   kind of extensive efforts that we've undergone, the

10  diligence in investigating claims and trying to communicate

11  and negotiate a resolution here.

12          I won't belabor and walk through all of the

13  entries, but just a few to highlight for the Court's

14  consideration.  Following the full and fair hearing on the

15  merits of the claim, on December 16th, 2015, Mr. Stewart

16  appealed to the District Court, the notice of appealing

17  being filed on December 29th, 2015.

18          For approximately the next ten months, Mr.

19  Stewart's filing efforts appear to have been focused

20  primarily in the district court.  And that's, you know, as

21  reflected on Pages 3 and 4 of the chart here.  And

22  specifically on Page 4, the entry shaded in blue on

23  September 14th, 2016 the District Court entered an order

24  denying the appeal and affirming Your Honor's December 16th,

25  2015 orders.

1            Following that decision, Mr. Stewart continued

2    filing various motions, as can be seen in the chart at the

3    district court level.  And then finally on October 21st the

4    District Court entered an order denying Mr. Stewart's motion

5    -- the motion was styled to debtor fraud, motion to stay and

6    motion to intervene, and placing Appellant on notice -- the

7    Court's order also placed the Appellant on notice that

8    future similar motions will be docketed but not considered.

9            And I flag that order for the Court's attention

10   for two reasons.  One, because as styled, it's identical to

11   the motion that, upon receiving that ruling Mr. Stewart

12   turned around and filed the same motion on September -- the

13   very same day, October 21st 2016 in this Court, before Your

14   Honor, and then ultimately that evolved to the Docket Entry

15   10079 which is before Your Honor today.

16           And then the second reason I flagged that order

17   entered by Judge Andrews is the Court's notice to the

18   Appellant, Mr. Stewart, to -- that future similar filings

19   would be docketed and not considered, in short we believe

20   one, that some part, at least, of the motions before you

21   today have already been decided by the District Court.  And

22   the conduct of being denied at the District Court level and

23   turning and filing the same relief here before Your Honor,

24   we believe the same reasons apply as to why it should be

25   denied.

1          But in addition to denying the motions before Your

2     Honor today, the Debtors would respectfully request, for the

3     reasons discussed here, for the numerous filing shown on the

4     chart, that the Court enter an order similar to that which

5     was entered at district court, that Mr. Stewart's future

6     filings of this nature be docketed and not considered and

7     alleviating the Debtors of any obligation to respond to such

8     filings, unless directed to do so by the Court.

9          And just one housekeeping matter, Your Honor.  The

10    -- on the chart, I apologize, Your Honor.  On the first page

11    -- second page of the chart, on October 21st 2016, Docket

12    Entry Number 9911, that's the filing I referred to Your

13    Honor after the District Court's denial of that same motion,

14    Mr. Stewart filed that in this Court.  And I would just note

15    that I don't believe that that motion was ever set for a

16    hearing.  But as I said, it's styled, and I believe it is

17    identical in the relief that it seeks, to the motion that's

18    incorporated in --

19          THE COURT:  What's the --

20          MR. STEPHANY:  -- 1079.

21          THE COURT:  What's the docket item number?

22          MR. STEPHANY:  9911.

23          THE COURT:  Okay.

24          MR. STEPHANY:  And so just as a point of

25    housekeeping, Your Honor --

1           THE COURT:  Yeah.

2           MR. STEPHANY:  -- we'd ask that that be considered

3    in the disposition today.

4           THE COURT:  Okay.  Thank you.

5           MR. STEPHANY:  Thank you.

6           THE COURT:  Quickly, Mr. Stewart.

7           MR. STEWART:  On Document 9911 it's just like I

8    shared the information with Mrs. Silverstein with

9    Quicksilver Natural Resources.  I sent you the information

10   so you know what I filed in the other court.  You know, I'm

11   pro se, I'm just sharing the information with both you all

12   to know -- so you all know what's going on with me in

13   general.  And you didn't docket that -- you all didn't

14   docket that in your case, which I'm glad you didn't because

15   I was just sharing the information with you.  And I'm not a

16   lawyer.

17           On the -- on December the 16th, 2015 I entered in

18   documents that day about the nuclear and my -- specifically

19   my trust on the 680046, Page 14 and it has a trust number on

20   top, it's registered with the Security Exchange.  That was -

21   - that was not ruled on that day, so that information was

22   new to that Court to you as of that day.

23           THE COURT:  All right.

24           MR. STEPHANY:  Your Honor, very briefly.  Co-

25   counsel alerted me that also Docket Entry 9783 also does not

1    appear to have ever been noticed and so we just wanted to

2    flag that housekeeping issue for Your Honor's attention.

3              THE COURT:  All right. Thank you.

4              All right.  I'm prepared to rule.  I have several

5    things to say and to rule.

6              I have carefully considered and read everything

7    that Mr. Stewart has submitted to the Court, both back in

8    2015, prior to our evidentiary hearing, and then also in

9    preparation for today's hearing.

10             I find that there are no claims that Mr. Stewart

11   has asserted in his pleadings, in his proofs of claim that

12   relate in any way to the Debtors.  There is no proper relief

13   sought that this Court can grant in connection with the

14   Debtors.

15             Importantly, this case is about the Debtors, it's

16   not about Mr. Stewart and it's not about Mr. Stewart's

17   estate or any claims that he might have against entities

18   that aren't in bankruptcy, such as Allstate or Quicksilver.

19   They're not in bankruptcy in this case before this Court.

20             In this case, as I found in December and I

21   continue to find today, Mr. Stewart has no claim against the

22   Debtors' estate, he is not a party in interest, and he does

23   not have standing to continue to file actions or motions

24   against the Debtors in this case.  There simply is nothing,

25   no legal or equitable interest Mr. Stewart has that in any

1    way relates to this bankruptcy.

2             The continued filing of these pleadings,

3    notwithstanding the fact that the Court has ruled on the

4    claims and that that claim has been affirmed, constitutes a

5    waste of judicial resources and estate resources.  The

6    Debtors have expended significant sums of money and time in

7    responding to Mr. Stewart's claims on the merits and have

8    defended or sought to disallow the claims and have defended

9    an appeal, as they have to do as a debtor; and that's part

10   of the job and part of the responsibility of being a debtor

11   in a bankruptcy case.

12            But they don't need to continue to fight a fight

13   they've already won and continue to expand judicial resource

14   -- or estate resources to do that.  This is a big case and

15   there are a lot of big issues, and there's a lot of big

16   bills that have to get paid in this case but there's no

17   reason to waste money, even hundreds of thousands of dollars

18   are not insignificant even in a case of this size.

19            I find that Mr. Stewart is a vexatious litigant

20   that continues to file pleadings with the Court without any

21   basis in fact or law, seeking relief this Court is powerless

22   to grant and that to continue to allow him to do so would

23   constitute a waste of estate and judicial resources.

24            So I'm going to deny all of the motions or

25   statements that have been filed in connection with today's

1    hearing, and even though that haven't been noticed for

2    today.  I am going to enter an order stating that any

3    further filings by Mr. Stewart will be docketed but the

4    Court will take no further action on anything that Mr.

5    Stewart submits to the Court or files with the Court.  And

6    the Debtors or no other -- neither the Debtors nor any other

7    party in interest in these cases is under any obligation to

8    respond further to anything that Mr. Stewart files.

9           Mr. Stewart has had a full and fair opportunity to

10   prosecute his claims, as he believes them to be, against the

11   estate. He had a full evidentiary hearing on the merits.  He

12   prosecuted an appeal that was considered carefully by the

13   District Court who entered a memorandum opinion affirming

14   this Court's decision.  He's had all the due process that

15   any person is entitled to.  And Mr. Stewart, as a citizen of

16   this country, is entitled to due process.  But there is a

17   limit to anyone's authority and ability to seek court

18   intervention or to require people to continue to respond,

19   and that limit has been reached and exceeded in this case.

20          So the Court will enter an order, again, denying

21   the relief requested that's been filed, allowing further

22   filings to be docketed but stating that the Court will not

23   consider any such filings and that the Court will enter an

24   order foregoing -- enter an order stating that the Debtors

25   nor any other party in interest has any obligation,

1    whatsoever, to respond to any further statements or filings

2    or pleadings that are put on the docket by Mr. Stewart.

3              And Mr. Stewart, I do wish you all the best in

4    your future but your time to participate in this case is

5    over.  And you're going to need to move on to other avenues

6    to prosecute what you believe to be your legal rights.

7              MR. STEWART:  I don't know --

8              THE COURT:  I appreciate very much, by the way,

9    that you have, throughout this process, been respectful to

10   the Court and to the Court's staff.  And I very much

11   appreciate you being so respectful to the Court.  Sometimes

12   people get excited who don't have lawyers and things can get

13   a little heated, and that has never been the case in this

14   instance and I very much appreciate that and compliment you

15   on your professional and respectful attitude towards the

16   Court and the Court's staff.  And I mean that very much.  So

17   thank you.

18             The Court will enter an order and we're adjourned.

19             MR. STEPHANY:  Thank you.

20

21                         * * * * *

22

23

24

25

1                         I N D E X

2

3                         RULINGS

4    DESCRIPTION                          PAGE        LINE

5    Motion to Stop Debtor's Bankruptcy

6    Proceedings and Pay Off All Debts

7    filed by Kenneth R. Stewart

8    [D.I. 10277; filed November 28, 2016]      21          20

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 24

1          C E R T I F I C A T I O N

2

3     I, Sonya Ledanski Hyde, certified that the foregoing

4     transcript is a true and accurate record of the proceedings.

5

6     Sonya Ledanski Hyde

7

Digitally signed by Sonya Ledanski
Hyde
DN: cn=Sonya Ledanski Hyde, o, ou,
email=digital1@veritext.com, c=US
Date: 2016.12.15 16:43:15 -05'00'

8     Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20     Veritext Legal Solutions

21     330 Old Country Road

22     Suite 300

23     Mineola, NY 11501

24

25     Date:  December 15, 2016