# EXHIBIT 2

Page 1

1   UNITED STATES BANKRUPTCY COURT
2   DISTRICT OF DELAWARE
3
4
5   In re:                              :
                                        :   Chapter 11
6   ENERGY FUTURE HOLDINGS              :
    CORP., et al.,                      :   Case No. 14-10979(CSS)
7                                       :
            Debtors.                    :   (Jointly Administration
8   _____     :   Requested)
    CSC TRUST COMPANY OF DELAWARE,:
9   as INDENTURE TRUSTEE,               :
                                        :
10          Plaintiff,                  :
                                        :
11      v.                              :   Adv. Proc. No. 14-50363
                                        :   (CSS)
12  ENERGY FUTURE INTERMEDIATE          :
    HOLDING COMPANY LLC and EFIH        :
13  FINANCE INC.,                       :
                                        :
14          Defendants.                 :
    _____:
15
16
17
18                          United States Bankruptcy Court
19                          824 North Market Street
20                          Wilmington, Delaware
21                          August 13, 2014
22                          9:37 AM - 12:48 PM
23
24
25

Page 2

1  B E F O R E :

2  HON CHRISTOPHER S. SONTCHI

3  U.S. BANKRUPTCY JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  ECR OPERATOR:  AL LUGANO

1   in these Chapter 11 cases.

2           We've received a single objection from the law
3   firm -- from various personal injury law firms, collectively
4   represented by a single law firm here in Delaware,
5   Montgomery McCracken.  That objection, Your Honor, and given
6   the tone of that objection, I believe I need to address a
7   few of the things that we spoke to in our reply in a little
8   bit more detail from the podium if Your Honor will entertain
9   that.

10          Before I address the merits of the particular
11  objections, I think it's important to step back in this case
12  and understand why this relief is customary in this case as
13  opposed to other particular Chapter 11 cases that are
14  littered throughout the pleadings filed by the personal
15  injury law firms.

16          This case is not going to be driven by asbestos
17  liability.  The debtors here did not manufacture asbestos.
18  We didn't produce products with asbestos in it.  We didn't
19  construct large numbers of buildings or sell building
20  materials that contain asbestos.  Instead, the asbestos
21  liabilities associated with these debtors are associated
22  with certain of the plants that contain some asbestos in
23  them and discontinued operations at predecessors of certain
24  of the subsidiaries of EFH that were acquired prior to the
25  Chapter 11 cases.

Case 1:15-cv-01831-RGA Document 15-4 Filed 05/19/16 Page 106 of 284 PageID #: 1597
Case 14-10979-CSS Doc 10419-2 Filed 12/20/16 Page 5 of 7

Page 71

1 In total, there's less than 400 pending cases in
2 which a debtor is a named defendant. In true asbestos cases
3 like W.R. Grace, for example, hundreds of thousands, tens of
4 thousands of cases are typically filed against those
5 debtors. Here, we have 392 asbestos cases that were
6 scheduled against the debtors. And while the claims number
7 a little bit above, closer to 800, it's largely because
8 there were multiple plaintiffs in those cases.

9 Your Honor, the obligations of these debtors to
10 continue to put this into perspective, are relatively small
11 given the size of these cases. I think we've discussed in
12 the papers that the value of the assets and the liabilities
13 here range between 30 and 40 billion depending upon which
14 box you're looking at. Here the asbestos expenses of these
15 debtors have exceeded five million in a single year and it
16 generally ranges between two and three million or less.

17 Why do I give all this background? It's because a
18 Section 524(g) injunction, which is an extraordinarily
19 protective remedy the debtors may seek if they satisfy
20 certain procedural requirements, is very unlikely in this
21 case. And the debtors instead, Your Honor, as is customary
22 in a case of this type even when there's potential asbestos
23 liabilities, are seeking to set a bar date. That's what
24 they're entitled to do under the bankruptcy rules and that's
25 what they're entitled to do until well settled Third Circuit

Case 1:15-cv-01831-RGA Document 19-5 Filed 05/25/16 Page 167 of 284 PageID #: 1598
Case 14-10979-CSS Doc 10419-2 Filed 12/20/16 Page 6 of 7

Page 72

1   precedent.

2              Your Honor, there's two principle arguments that
3   come out of the papers filed by the personal injury law
4   firms.  The first argument is effectively a request for a
5   blanket rule that a bankruptcy court can never set a bar
6   date for unmanifested claims.  They argue instead that
7   Section 524(g), again, the channeling injunction provision
8   implemented by Congress, is an exclusive remedy to deal with
9   future asbestos claims.  That argument is simply
10  incompatible with the Third Circuit's decisions in Grossman,
11  incompatible with the Third Circuit's subsequent 2012
12  decision in Owens Corning.  It's incompatible with the plain
13  language of 524(g).

14             Let me take each of those in order.  Grossman's,
15  Your Honor, I'm sure, is very familiar with, but Grossman's,
16  like this case, was not a Chapter 11 case -- I'm sorry --
17  was not an asbestos case.  It did not set a 524(g)
18  injunction.  Grossman's instead applied a general bar date
19  to all claims.  And in Grossman's, the Third Circuit
20  revisited its prior formulation for the test of what
21  constitutes a claim, abandoned the Frenville test and moved
22  on to the new test and effectively held that exposure to
23  asbestos pre-petition constitutes a claim and provides that
24  claimant with a claim that needs to be asserted in the
25  Chapter 11 cases.

```
 1                C E R T I F I C A T I O N
 2
 3    We certify that the foregoing transcript is a true and
      accurate record of the proceedings.
 4
 5    Dawn South
      _____
 6    Dawn South
      AAERT Certified Electronic Transcriber CET**D-408
 7
 8    Lisa Beck
 9    _____
      Lisa Beck
10    AAERT Certified Electronic Transcriber CET**D-486
11
12    Shelia G. Orms
13    _____
      Sheila Orms
14
15
16    Linda S. Foley
17    _____
      Linda S. Foley
18
19    Veritext
20    330 Old Country Road
21    Suite 300
22    Mineola, NY 11501
23    Date:  August 13, 2014
24
25
```

Digitally signed by Dawn South — Date: 2014.08.29 09:28:29 -04'00'
Digitally signed by Lisa Beck — Date: 2014.08.29 09:28:57 -04'00'
Digitally signed by Shelia G. Orms — Date: 2014.08.29 09:29:29 -04'00'
Digitally signed by Linda S. Foley — Date: 2014.08.29 09:30:05 -04'00'