# EXHIBIT 8

Page 1

```
 1   UNITED STATES BANKRUPTCY COURT
     DISTRICT OF DELAWARE
 2
 3   In re:                    :
                               :     Chapter 11
 4   ENERGY FUTURE HOLDINGS    :
     CORP., et al.,       :    :     Case No. 14-10979(CSS)
 5                             :
              Debtors.         :     (Jointly Administered)
 6   _____:
 7
 8
 9
10                                United States Bankruptcy Court
11                                824 North Market Street
12                                Wilmington, Delaware
13                                December 3, 2015
14                                10:24 AM - 12:39 PM
15
16
17
18
19
20   B E F O R E :
21   HON CHRISTOPHER S. SONTCHI
22   U.S. BANKRUPTCY JUDGE
23
24   ECRO OPERATOR:  LESLIE MURIN
25   Transcribed by:  Sonya Ledanski Hyde
```

```
 1   A P P E A R A N C E S :

 2

 3   FOLEY & LARDNER LLP

 4        Attorney for UMB Bank, NA as Indenture Trustee

 5

 6   BY:  MARK F. HEBBEIN

 7        HAROLD KAPLAN

 8

 9   MORRIS JAMES LLP

10        Attorney for Law Debenture of New York, Indenture

11        Trustee

12

13   BY:  STEPHEN M. MILLER

14

15   PATTERSON BELKNAP

16        Attorney for Law Debenture of New York, Indenture

17        Trustee

18

19   BY:  DANIEL A. LOWENTHAL

20

21

22

23

24

25
```

```
 1  FOX ROTHSCHILD LLP

 2      Attorney for Counsel to Ad Hoc Group of TCEH Unsecured

 3      Noteholders

 4

 5  BY:  L. JOHN BIRD

 6       JEFFREY M. SCHLERF

 7

 8  WHITE & CASE LLP

 9      Attorney to Ad Hoc Committee of EFIH Unsecured

10      Noteholders and EFIH Second Lien DIP Commitment

11

12  BY:  THOMAS LAURIA

13       J. CHRISTOPHER SHORE

14

15  U.S. DEPARTMENT OF JUSTICE

16      Attorney for the U.S. Trustee

17

18  BY:  RICHARD L. SCHEPACARTER

19

20  MCELROY, DEUTSCH, MULVANEY, & CARPENTER, LLP

21      Co-Counsel to the TCEH Debtors

22

23  BY:  DAVID H. PRIMACK

24

25
```

Case 1:15-cv-01561-RGA Document 26-5 Filed 03/22/16 Page 5 of 12 PageID #: 2699
Case 14-10979-CSS Doc 10419-8 Filed 12/20/16 Page 5 of 17

Page 4

```
 1   MUNGER, TOLLES & OLSON LLP
 2        Co-Counsel to the TCEH Debtors
 3
 4   BY:   THOMAS B. WALPER
 5
 6   KLEHR HARRISON HARVEY BRANZBURG LLP
 7        Counsel to UMB Bank N.A. Indenture Trustee
 8
 9   BY:   RAYMOND H. LEMISCH
10
11   AKIN GUMP
12        Counsel to UMB Bank N.A. Indenture Trustee
13
14   BY:   SCOTT L. ALBERINO
15
16   SHEARMAN & STERLING LLP
17        Counsel to Deutsche Bank, agent to DIP Financing
18
19   BY:   NED S. SCHODEK
20
21   POTTER ANDERSON & CORROON LLP
22        Attorneys for Deutsche Bank New York
23
24   BY:   R. STEPHEN MCNEILL
25
```

Case 1:15-cv-01351-RGA Document 26-5 Filed 03/22/16 Page 6 of 17 PageID #: 2700
Case 14-10979-CSS Doc 10419-8 Filed 12/20/16 Page 6 of 17

Page 5

```
 1   MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
 2        Co-Counsel to the EFH Creditors' Committee
 3
 4   BY:   MARK A. FINK
 5
 6   SULLIVAN & CROMWELL, LLP
 7        Co-Counsel to the EFH Creditors' Committee
 8
 9   BY:   BRIAN D. GLUECKSTEIN
10
11   VENABLE LLP
12        Attorney for PIMCO
13
14   BY:   JAMIE L. EDMONSON
15
16   DRINKER BIDDLE & REATH LLP
17        Counsel to Citibank NA, TCEH DIP Agent
18
19   BY:   HOWARD A. COHEN
20
21
22
23
24
25
```

Case 1:15-cv-01585-RGA Document 26-8 Filed 12/22/16 Page 7 of 17 PageID #: 2701
Case 14-10979-CSS Doc 10419-8 Filed 12/20/16 Page 7 of 17

Page 6

```
 1   PAUL WEISS RIFKIND WHARTON & GARRISON LLP
 2        Counsel to Ad Hoc Committee Of TCEH First Lien
 3        Creditors
 4
 5   BY:  JACOB A. ADLERSTEIN
 6        BRIAN HERMANN
 7
 8   YOUNG CONAWAY STARGATT & TAYLOR, LLP
 9        Counsel to Ad Hoc Group of TCEH Unsecured Noteholders
10
11   BY:  PAULINE K. MORGAN
12
13   GODFREY & KAHN S.C.
14        Counsel to Fee Committee
15
16   BY:  BRADY C. WILLIAMSON
17
18   GITLIN & COMPANY LLC
19        Chairman of the Fee Committee
20
21   BY:  RICHARD GITLIN
22
23
24
25
```

Case 1:15-cv-01351-RGA Document 26-2 Filed 03/22/16 Page 8 of 17 PageID #: 2702
Case 14-10979-CSS Doc 10419-8 Filed 12/20/16 Page 8 of 17

Page 7

1  NIXON PEABODY LLP
2      Attorneys for AST as EFH Indenture Trustee
3
4  BY:  RICHARD C. PEDONE
5
6  O'KELLY, ERNST & BIELLI LLP
7      Co-Counsel to Energy Future Holdings Corp.
8
9  BY:  DAVID M. KLAUDER
10
11 PROSKAUER ROSE LLP
12     Attorneys for EFH Corp. Disinterested Directors
13
14 BY:  MARK K. THOMAS
15     PETER J. YOUNG
16
17 SEWARD & KISSEL LLP
18     Wilmington Trust as Successor of First Lien
19     Administrative Agent and Collateral Agent
20
21 BY:  MARK D. KOTWICK
22     ARLENE R. ALVES
23
24
25

Case 1:15-cv-01561-RGA   Document 26   Filed 06/22/16   Page 9 of 17 PageID #: 2703
Case 14-10979-CSS   Doc 10419-8   Filed 12/20/16   Page 9 of 17

Page 8

```
 1   WACHTELL, LIPTON, ROSEN & KATZ
 2        Attorneys for Equity Sponsors
 3
 4   BY:   EMIL A. KLEINHAUS
 5         RICHARD MASON
 6
 7   KIRKLAND & ELLIS LLP
 8        Co-Counsel to the Debtors
 9
10   BY:   MARC KIESELSTEIN
11         EDWARD O. SASSOWER
12         CHAD J. HUSNICK
13         STEVEN N. SERAJEDDINI
14
15   RICHARDS, LAYTON & FINGER, P.A.
16        Co-Counsel to the Debtors
17
18   BY:   DANIEL DEFRANCHESCHI
19
20   HOGAN MCDANIEL
21        Attorneys for Fenicle & Fahy
22
23   BY:   DANIEL K. HOGAN
24
25
```

Page 9

1  BROWN RUDNICK LLP
2       Attorneys for WSFS Second Lien Trustee
3
4  BY:   JEFFREY L. JONAS
5        JONATHAN D. MARSHALL
6
7  ASHBY & GEDDES PA
8       Attorney for WSFS Second Lien Indenture Trustee
9
10 BY:   WILLIAM BOWDEN
11
12 PACHULSKI STANG ZIEL & JONES
13      Attorney for Computershare
14
15 BY:   LAURA DAVIS JONES
16
17 KRAMER LEVIN
18      Attorney for Computershare
19
20 BY:   RACHAEL L. RINGER
21
22 CIARDI CIARDI & ASTIN
23      Attorney for TXUZER7-1 RML CM
24
25 BY:   JOHN D. MCLAUGHLIN, JR.

Case 1:15-cv-01550-RGA Document 22-5 Filed 03/22/16 Page 16 of 92 PageID #: 2751
Case 14-10979-CSS Doc 10419-8 Filed 12/20/16 Page 11 of 17

Page 56

```
 1   introduced evidence in support of this contention.  Even if
 2   true, however, this contention is irrelevant to Section
 3   1124(a)(4) which is only concerned with the legal treatment
 4   of claims and not the outcome that results from equal legal
 5   treatment.
 6              Fenicle and Fahy's third objection to confirmation
 7   is that the plan is not feasible because asbestos claims are
 8   not yet liquidated, the bar date has not yet passed and
 9   therefore the plan cannot forecast for potentially
10   significant asbestos liability.  The evidence, however, has
11   demonstrated the plan is feasible as it stands now and that
12   even if reorganized EFH has forced to shoulder hundreds of
13   millions of dollars of additional liability, the reorganized
14   Debtors would still be viable.  Because asbestos claims will
15   be reinstated against reorganized EFH, there is no need for
16   these claims to be liquidated prior to confirmation.
17              In addition, it's mentioned in the context of the
18   Settlement Agreement the Debtor's sixth amended plan
19   contains several provisions relevant to the treatment of
20   asbestos-related claims.  Specifically, the sixth amended
21   plan provides that asbestos-related Class A-3 legacy general
22   unsecured claims against the EFH Debtors shall be
23   reinstated.
24              Furthermore, the sixth amended plan provides the
25   Class A-14 claims, interest in the EFH Debtors' other than
```

Case 1:15-cv-01183-RGA Document 22-5 Filed 03/22/16 Page 12 of 17 PageID #: 2752
Case 14-10979-CSS Doc 10418-8 Filed 12/20/16 Page 12 of 17

Page 57

1   EFH Corp, held by the Asbestos Debtors, shall be reinstated.

2   EECI, EEC Holdings and LSGT SACROCK are all

3   subsidiaries of LSGT Gas Company.  LSGT Gas Company is a

4   subsidiary of EFH Corp.  Furthermore, EECI, EEC Holdings and

5   LSGT SACROCK poses intercompany claims against LSGT Gas

6   Company totaling approximately $990 million.  LSGT Gas

7   Company, in turn, possessed an intercompany claim against

8   EFH Corp totaling approximately 560 million.  All of these

9   claims are being reinstated under the sixth amended plan.

10  Since 1992 the Debtors incurred approximately 26.4

11  million in total asbestos expenses.  Given the historical

12  rate of the Debtors asbestos-related expenses, reinstatement

13  of the above described claims ensures that a reorganized EFH

14  will continue to fund asbestos-related expenses that may

15  arise at the Asbestos Debtor.

16  Fenicle and Fahy's fourth and final objection to

17  confirmation is that by barring the claims of unmanifested

18  claims that fail to file a timely proof of claim the bar

19  date and the plan violate due process.  Once again, the

20  proper time and place to raise this objection was to appeal

21  the Court's order setting the bar date.  This objection is

22  inappropriate collateral attack on a final order.  Although

23  the Court could dismiss this objection on grounds of

24  finality, it will clarify due process as it applies to this

25  reorganization under Chapter 11.

Page 58

1      In order to comply with due process the Debtors
2  must make, quote, notice reasonably calculated under all
3  circumstances to appraise interested parties of the pendency
4  of the action and afford them an opportunity to present
5  their objections, end quote, Mullane v. Central Hanover Bank
6  and Trust Company, 339 U.S. 306, 314, 1950.
7      Fenicle and Fahy argue that because it may be
8  impossible to give sufficient notice to some unmanifested
9  claimants, the plan is not confirmable.  See Jones v.
10 Chemetron Corp, 214 F.3d 199 at 209, 210, Third Circuit,
11 1990, finding that notice of bar date was unconstitutional
12 is applied to a specific plan for when the time of the bar
13 date had not yet been born.
14     Fenicle and Fahy's reasoning is flawed.  The
15 Court's bar date would not bar the claim of an unborn
16 individual like the plaintiff in Chemetron.  That plaintiff
17 is a future claimant, in this case, an individual who has
18 not yet been exposed to asbestos, but who may be injured by
19 the exposure after the bar date.  Unmanifested claimants
20 under the plan are those that have already been exposed to
21 the Debtors' asbestos, but have not developed injury.
22     Even if the Court were to hold that Chemetron
23 requires the appointment of a class representative for the
24 claims of future claimants to be discharged, Fenicle and
25 Fahy's objection fails.  The Debtors do not seek to

Case 1:15-cv-01365-RGA Document 22-5 Filed 03/22/16 Page 16 of 92 PageID #: 2755
Case 14-10979-CSS Doc 10419-8 Filed 12/20/16 Page 14 of 17

Page 60

1    prospectively.  And on those factors the Debtors' attempts
2    to give notice are more than sufficient.  First, the Court
3    can infer that the Debtors will be providing direct notice
4    to a vast majority of unmanifested claimants.  The Debtors
5    -- Asbestos Debtors did not sell asbestos, they used it as
6    insulation within their plants.
7             Given that power plants are not open to the
8    general public, the Court can infer that the vast majority
9    of potential claimants are current and former employees and
10   contractors, and their family members.  To the extent these
11   people can be identified by the Debtors' records, the
12   Debtors are providing all of them with direct notice.  See
13   bar date order, Docket Item 5175, Pages 9 to 13, Paragraphs
14   7 to 17.
15            Additionally, the Debtors are providing direct
16   notice to all unions associated with its workers and
17   contractors.  Therefore the Court can logically infer that
18   at a minimum a substantial majority of potential claimants
19   will receive direct news from the Debtors.
20            Second, it would be unreasonable for a significant
21   number of unmanifested claimants not to be aware of their
22   exposure to asbestos at this point in time.  It is not a new
23   revelation that the Debtors used asbestos insulation in
24   their power plants, and as Fenicle and Fahy themselves
25   explained, this entire industry used asbestos insulation

Case 1:15-cv-01541-RGA Document 22-5 Filed 03/22/16 Page 15 of 17 PageID #: 2756
Case 14-10979-CSS Doc 10419-8 Filed 12/20/16 Page 15 of 17

Page 61

1  until the 1980's and therefore, quote, asbestos exposure was

2  virtually unavoidable.  That's at the Fenicle and Fahy

3  objection brief at Page 2, Note 5.  The Debtors, quote, have

4  a long history of asbestos litigation, Fenicle and Fahy

5  objection brief at Page 11, Paragraph 20.  Individuals with

6  long careers at power plants should, by now, be aware of

7  their exposure.

8        Third, as the Court previously explained, Section

9  524(g) on its own terms applies only to future claimants,

10 not unmanifested claimants.  The bar date here does not

11 apply to future claimants.

12       Fourth, the Court notes that the primary reason

13 for appointing a class representative is not present here.

14 If the Debtors had proposed the creation of a trust to pay

15 all current and future asbestos claims, this Court likely

16 would have found it necessary to appoint a class

17 representative.

18       In that scenario, manifested claimants would have

19 an incentive to seek high payouts for claims on the trust,

20 because they would not bear the risk of the trust running

21 out of funds.

22       In this case, however, all claims are being

23 reinstated and reorganized EFH will be a solvent entity with

24 a predictable rate of return and low risk.  Thus, unlike

25 many asbestos cases, the interest of manifested claimants do

Case 1:15-cv-01183-RGA Document 225 Filed 03/22/18 Page 16 of 17 PageID #: 2757
Case 14-10979-CSS Doc 10419-8 Filed 12/20/16 Page 16 of 17

Page 62

```
 1   not diverge from unmanifested claimants.
 2             Fenicle and Fahy's objections are ultimately easy
 3   to answer.  Is the Debtors' two and a half million dollars
 4   plan reasonably calculated to provide notice to unmanifested
 5   claimants?  Yes.  The Court fails to see a better plan to
 6   give notice to these individuals that does not massively
 7   increase the cost of giving that notice.
 8             Second, is there any substantial reason to appoint
 9   a class representative for unmanifested claims?  No.  The
10   interests of manifested claimants and unmanifested claimants
11   are not adverse here.  And reinstated against a solvent and
12   economically viable reorganized EFH means that funds will be
13   available to pay the claims of unmanifested claimants once
14   their injuries develop.
15             Finally, the Court wishes to make clear that the
16   standard of due process here is prospective.  It is entirely
17   possible that an unmanifested claimant may bring a claim
18   after the bar date, argue the Debtors' notice scheme was
19   unconstitutional, as applied to her, and be correct in that
20   argument.  She would have her claim reinstated and the
21   Debtors would then be free to dispute its validity and/or
22   her damages.  But that is a retrospective determination, an
23   unconstitutional, as applied, determination.
24             That determination is irrelevant to whether the
25   Debtor's notice scheme prospectively satisfies due process.
```

```
                                                              Page 92
 1                    C E R T I F I C A T I O N

 2

 3     I, Sonya Ledanski Hyde, certified that the foregoing

 4     transcript is a true and accurate record of the proceedings.

 5

 6     Sonya Ledanski Hyde

 7

 8     Sonya Ledanski Hyde

 9

10

11

12

13

14

15

16

17

18

19

20     Veritext Legal Solutions

21     330 Old Country Road

22     Suite 300

23     Mineola, NY 11501

24

25     Date:  December 4, 2015
```

Digitally signed by Sonya Ledanski Hyde
DN: cn=Sonya Ledanski Hyde, o=Veritext, ou, email=digital@veritext.com, c=US
Date: 2015.12.04 14:42:18 -05'00'