**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) <br> ) <br> ) <br> ) <br> ENERGY FUTURE HOLDINGS CORP., *et al.*, ) <br> ) <br> Debtors. ) <br> ) <br> ) <br> ) <br> ) <br> ) | Chapter 11 <br><br> Case No. 14-10979 (CSS) <br><br> (Jointly Administered) <br><br> **Re: D.I. 10446** <br> **Hearing Date:** January 4, 2017 at 10:00 a.m. (ET) <br> **Objection Deadline:** December 29, 2016 (extended by agreement) |

**RESERVATION OF RIGHTS OF UMB BANK, N.A. REGARDING THE
MOTION OF THE EFH/EFIH DEBTORS FOR ENTRY OF A SUPPLEMENTAL
ORDER (A) BINDING HOLDERS OF CLAIMS AND INTERESTS TO THEIR
PRIOR BALLOTS, PURSUANT TO SECTION 1127 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 3019, (B) APPROVING THE REVISED
EFH/EFIH DISCLOSURE STATEMENT, (C) APPROVING THE PROCEDURES AND
TIMELINE FOR THE LIMITED RESOLICITATION OF VOTES ON THE PLAN AND
(D) APPROVING THE MANNER AND FORMS OF NOTICE RELATED THERETO**

UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes Due 2018 (the "PIK Notes") and the 9.75% Senior Notes Due 2019 (the "Unexchanged Senior Notes" and, together with the PIK Notes, the "EFIH Unsecured Notes"), by and through its undersigned counsel, files this reservation of rights (the "Reservation of Rights") to the *Motion of the EFH/EFIH Debtors for Entry of a Supplemental Order (A) Binding Holders of Claims and Interests to Their Prior Ballots, Pursuant to Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, (B) Approving the Revised EFH/EFIH Disclosure Statement, (C) Approving the Procedures and Timeline for the Limited Resolicitation of Votes on the Plan and (D) Approving the Manner and Forms of Notice Related Thereto* [D.I. 10349] (the

"Disclosure Statement Motion").[1] In support of this Reservation of Rights, the Trustee respectfully submits as follows:

**RESERVATION OF RIGHTS**

1.     Since the United States Court of Appeals for the Third Circuit issued the Makewhole Opinion, the EFH/EFIH Debtors and certain holders of the EFIH Unsecured Notes (collectively, the "EFIH Unsecured Noteholders") have engaged in intensive, arm's-length negotiations with respect to a global resolution resulting in a consensual plan of reorganization. Earlier this month, the EFH/EFIH Debtors agreed to the terms of a proposed settlement regarding the Makewhole Claims asserted by the First and Second Lien Noteholders (collectively, the "Secured Makewhole Claims" and such settlement, the "Makewhole Settlement") over the strenuous objection of the Trustee and the EFIH Unsecured Noteholders. Among the EFIH Unsecured Noteholders' most significant concerns with the Makewhole Settlement was the conclusion that the negotiations leading to the Makewhole Settlement were one-sided and weighted heavily in favor of the First and Second Lien Noteholders, which is not surprising, given the EFH/EFIH Debtors' need to secure the vote of an impaired class of creditors of EFIH in order to confirm a chapter 11 plan. However, rather than accept the terms of the Makewhole Settlement, the EFIH Unsecured Noteholders made a proposal to the EFH/EFIH Debtors, which empowers the EFIH Unsecured Noteholders to oversee the litigation of the Secured Makewhole Claims and any settlements thereof (subject to certain notice requirements). As of the date hereof, the Trustee understands that more than 60% of the EFIH Unsecured Noteholders are supportive of the PIK Proposal and the Trustee expects that at least 66 2/3% of the EFIH Unsecured Noteholders (the "Requisite Support") will ultimately support

---

[1] On December 28, 2016, the EFH/EFIH Debtors filed an amended disclosure statement [D.I. 10446] (as amended from time to time, the "Disclosure Statement").

the PIK Proposal, thus satisfying the EFH/EFIH Debtors' threshold requirement to pivot to the PIK Proposal, as set forth in the Disclosure Statement.

2.  The Trustee is supportive of the EFH/EFIH Debtors'[2] efforts to quickly proceed toward confirmation of a chapter 11 plan of reorganization and emergence from these chapter 11 proceedings. As set forth in the Disclosure Statement, the EFH/EFIH Debtors are at a fork in the road: either (i) pursue a plan that seeks approval of the Makewhole Settlement (a "Makewhole Settlement Plan"), which proposed settlement the Trustee believes would be vigorously opposed by the EFIH Unsecured Noteholders as outside the realm of reasonableness or (ii) seek confirmation of a plan that preserves the Makewhole Litigation and allows those creditors most directly impacted by any settlement of the Secured Makewhole Claims – the EFIH Unsecured Noteholders – to play a meaningful role in the litigation and settlement of the Secured Makewhole Claims (such plan, the "Makewhole Litigation Plan"), as set forth in more detail in the PIK Proposal. The EFH/EFIH Debtors, in fact, have committed to seeking confirmation of the Makewhole Litigation Plan *if* they are able to obtain the Requisite Support for the PIK Proposal and Makewhole Litigation Plan. The Trustee believes that the Requisite Support will be reached and, as such, the EFH/EFIH Debtors will seek confirmation of the Makewhole Litigation Plan and approval of the related Disclosure Statement.

3.  Assuming the Requisite Support is reached and the EFH/EFIH Debtors seek approval of a Disclosure Statement related to the Makewhole Litigation Plan, the Trustee notes that further revisions may need to be made to the Disclosure Statement and Plan on file in order

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Disclosure Statement Motion or the *Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10454] (as modified, amended or supplemented from time to time) as it relates to the EFH/EFIH Debtors (the "Plan").

3

to fully describe and implement the terms of the PIK Proposal. As such, the Trustee reserves all rights with respect thereto.

4. If the Requisite Support is not obtained, however, and the EFH/EFIH Debtors request approval of a Disclosure Statement that seeks to implement the Makewhole Settlement Plan, the Trustee submits that (i) the Disclosure Statement should indicate the position of the Trustee and the EFIH Unsecured Noteholders that such Plan is not fair, as it would deprive the EFIH Unsecured Noteholders of any role with respect to the settlement, or litigation, of the Secured Makewhole Claims (which ultimately will dictate recoveries to the EFIH Unsecured Noteholders), (ii) the Disclosure Statement should disclose that the Trustee and the EFIH Unsecured Noteholders therefore would oppose the terms of the Makewhole Settlement in its current form, and (iii) the Disclosure Statement would need to include certain additional disclosures which are essential in order for the Trustee and its constituents (the EFIH Unsecured Noteholders) to fully understand and evaluate the basis for the Makewhole Settlement Plan, including a detailed description of how the Makewhole Settlement was reached, the merits of further litigation, and consideration of other potential alternative pathways.

5. As such, the Trustee files this Reservation of Rights and reserves its rights to raise further objections and issues prior to or at the Disclosure Statement hearing with respect thereto.

*[Remainder of Page Left Intentionally Blank]*

Dated: December 29, 2016
Wilmington, Delaware

| | |
|---|---|
| **AKIN GUMP STRAUSS HAUER & FELD LLP** <br> Ira S. Dizengoff (admitted *pro hac vice*) <br> Abid Qureshi (admitted *pro hac vice*) <br> One Bryant Park <br> New York, NY 10036 <br> Telephone:    (212) 872-1000 <br> Facsimile:    (212) 872-1002 <br> Email:    idizengoff@akingump.com <br>         aqureshi@akingump.com <br> <br> Scott L. Alberino (admitted *pro hac vice*) <br> Joanna F. Newdeck (admitted *pro hac vice*) <br> 1333 New Hampshire Avenue, N.W. <br> Washington, D.C. 20036 <br> Telephone:    (202) 887-4000 <br> Facsimile:    (202) 887-4288 <br> Email:    salberino@akingump.com | By:   */s/ Raymond H. Lemisch* <br> **KLEHR HARRISON HARVEY BRANZBURG LLP** <br> Raymond H. Lemisch (No. 4204)919 Market Street, Suite 1000 <br> Wilmington, DE 19801 <br> Telephone: (302) 426-1189 <br> Facsimile: (302) 426-9193 <br> E-mail: rlemisch@klehr.com <br> <br> **FOLEY & LARDNER LLP** <br> Harold L. Kaplan (admitted *pro hac vice*) <br> Mark F. Hebbeln (admitted *pro hac vice*) <br> Lars A. Peterson (admitted *pro hac vice*) <br> 321 North Clark Street, Suite 2800 <br> Chicago, IL 60654-5313 <br> Telephone: (312) 832-4500 <br> Facsimile: (312) 832-4700 <br> Email: hkaplan@foley.com <br> mhebbeln@foley.com <br> lapeterson@foley.com <br> <br> Barry G. Felder (admitted *pro hac vice*) <br> Jonathan H. Friedman (admitted *pro hac vice*) <br> 90 Park Avenue <br> New York, NY 10016 <br> Telephone: (212) 682-7474 <br> Facsimile: (212) 687-2329 <br> E-mail: bgfelder@foley.com <br> jfriedman@foley.com |

*Co-Counsel for UMB BANK, N.A., as Trustee*