# EXHIBIT A

**Objection Chart**

**ENERGY FUTURE HOLDINGS CORP., et al., Case No. 14-10979 (CSS)**

| | | | STATUS CHART OF OBJECTIONS TO THE DISCLOSURE STATEMENT FOR THE JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE AS IT APPLIES TO THE EFH DEBTORS AND EFIH DEBTORS | |
|---|---|---|---|---|
| # | PARTY | DOCKET NO. | BASIS OF OBJECTION | RESPONSE TO OBJECTION |
| 1 | American Stock Transfer & Trust Company, LLC, as successor trustee to the Bank of New York Mellon Trust Company, N.A. (in such capacity, the "*EFH Notes Trustee*") | 10450 | 1. The EFH Notes Trustee asserts that the EFH Noteholders must be resolicited for the following reasons:<br>(a) the modifications to the Plan "adversely and materially affect the treatment" of their claims because the proposed Makewhole Settlement and the material change in the law impacting distributions under the Plan will prevent EFH Noteholders from receiving distributions of any EFH Merger Cash Proceeds; and<br>(b) the legal and economic consequences of a makewhole ruling adverse to the EFH/EFIH Debtors were not previously disclosed and the Plan was unclear what would happen in such a scenario.<br><br>2. The EFH Notes Trustee argues that EFH/EFIH Disclosure Statement does not contain adequate information because it does not disclose the value of EFH Corp.'s NOLs, which deprives EFH Noteholders of information necessary to assess their compensation under the Plan.<br><br>3. The EFH Notes Trustee asserts that the Plan is patently unconfirmable for the following reasons:<br>(a) EFH Corp. is receiving no consideration in exchange for the use or transfer of its NOLs; and<br>(b) The EFH Noteholders are not being afforded the opportunity to opt out of the third-party releases. | **Contested**. It is the EFH/EFIH Debtors' position that the Plan Modifications do not affect the treatment of the EFH Noteholders' Claims and, therefore, under the Bankruptcy Code and the Bankruptcy Rules, it is not necessary to resolicit such Holders. *See* Debtors' Reply ¶¶ 23–43. This matter will go forward at the hearing.<br><br><br><br>The EFH Notes Trustee's objection has not yet been resolved. The current draft of the EFH/EFIH Disclosure Statement contains new language, prepared cooperatively by the EFH/EFIH Debtors and the EFH Notes Trustee, to address certain of the NOL-related issues. *See* EFH/EFIH Disclosure Statement § I.C.1.L. The EFH/EFIH Debtors and the EFH Notes Trustee continue to work to resolve the remaining issues raised by the EFH Notes Trustee prior to the Disclosure Statement Hearing. |

| # | PARTY | DOCKET NO. | BASIS OF OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|
| 2 | Delaware Trust Company (the "*EFIH First Lien Notes Trustee*"), as indenture and collateral trustee for the EFIH First Lien Notes (the "*EFIH First Lien Notes*" and the holders thereof, the "*EFIH First Lien Noteholders*") | 10458 | The EFIH First Lien Notes Trustee asserts that the EFH/EFIH Disclosure Statement does not contain adequate information because it does not provide sufficient information regarding:<br><br>1. the PIK Proposal, including:<br><br>(a) the amounts to be escrowed in the EFIH Claims Reserve— including with respect to Additional Interest and post EFH-Effective Date fees—how such amounts are calculated, and to what extent consultation with the PIK Group will affect those amounts;<br><br>(b) the rationale and details behind the time limitations on the accrual of interest and the life of the EFIH Claims Reserve;<br><br>(c) whether there will be a distribution to holders of the PIK notes on the plan effective date, prior to the EFIH First and Second Lien Note Claims, who are senior secured creditors, being paid in full;<br><br>(d) how the recoveries of the PIK Noteholders and other Class B6 unsecured creditors could be affected if the Makewhole Litigation Oversight Committee pursues litigation of the make-whole claims after the plan's effective date and ultimately loses;<br><br>(e) details regarding the review process for future professional fees;<br><br>(f) disclosure that the PIK Noteholders have asserted their own claims for make-whole amounts, thereby potentially estopping the PIK Noteholders from challenging the make-whole claims of the First and Second Lien Creditors; and<br><br>(g) the effect of the PIK Proposal on the various rights of the EFIH First Lien Creditors, including under the inter-creditor agreement between with the EFIH Second Lien Notes and under the indentures;<br><br>2. the EFH/EFIH Debtors' intentions if the PIK Noteholders do not reach the requisite number to proceed with the PIK Proposal; and<br><br>3. the Debtors' intentions if the First and Second Lien Creditors are no longer willing to execute plan support agreements. | The EFIH First Lien Notes Trustee's objection has not yet been resolved. The current draft of the EFH/EFIH Disclosure Statement contains new language, prepared cooperatively by the EFH/EFIH Debtors and the EFIH First Lien Notes Trustee, to address certain of the disclosure-related issues. *See* EFH/EFIH Disclosure Statement § I.C.1.K. The EFH/EFIH Debtors and the EFIH First Lien Notes Trustee continue to work to resolve the remaining issues raised by the EFIH First Lien Notes Trustee prior to the Disclosure Statement Hearing. |

2

| # | Party | Docket No. | Basis of Objection | Response to Objection |
|---|---|---|---|---|
| 3 | Computershare Trust Company, N.A. and Computershare Trust Company of Canada (the "*EFIH Second Lien Notes Trustee*") as indenture trustee for the EFIH Second Lien notes (the "*EFIH Second Lien Notes*" and the holders thereof, the "*EFIH Second Lien Noteholders*") | 10459 | 1. The EFIH Second Lien Trustee asserts that the EFH/EFIH Disclosure Statement lacks adequate information and should not be approved, for the following reasons:<br><br>(a) approval of the EFH/EFIH Disclosure Statement is premature because it describes a pursuit of two simultaneous paths, but (i) the settlement with the EFIH Second Lien Noteholders ceased to exist once the PIK Proposal was announced and (ii) the PIK Proposal did not have the sufficient votes at the time, therefore no option may be available at the time creditors actually vote (and a disclosure statement reflecting only one option should not be approved until parties in interest have had adequate time to review);<br><br>(b) there is insufficient disclosure of the amount of the EFIH Claims Reserve, how such amount will be calculated, that rationale behind the time limitation for accrual of interest, or a timeline for the Makewhole litigation (or what claims can be pursued in light of the Third Circuit's ruling);<br><br>(c) the EFIH Claims Reserve does not currently contain a reserve for Future Interest Claims and Trustee Indemnification Claims, nor does the EFH/EFIH Disclosure Statement explain another source of payment for these claims;<br><br>(d) the EFH/EFIH Disclosure Statement is inconsistent with the Plan Supplement concerning the timing for the commencement of the professional fee review process (the former stating the process shall begin following confirmation, while the latter begins following the effective date), and it is unclear how much money is reserved under the EFIH Reserve for EFIH Second Lien Trustee's post-Effective Date fees; and<br><br>(e) there is insufficient disclosure regarding the estimation and rationale for the funds to be included EFIH Claims Reserve, given that the EFIH Second Lien Notes are only given a lien on the EFIH Claims Reserve, not the broader EFH/EFIH Distribution Account. At a minimum, the EFIH Second Lien Notes should retain a lien on the Merger Consideration flowing into the EFH/EFIH Distribution Account. | The EFIH First Second Notes Trustee's objection has not yet been resolved. The current draft of the EFH/EFIH Disclosure Statement contains new language, prepared cooperatively by the EFH/EFIH Debtors and the EFIH Second Lien Notes Trustee, to address certain of the disclosure-related issues. *See* EFH/EFIH Disclosure Statement § I.C.1.K. The EFH/EFIH Debtors and the EFIH Second Lien Notes Trustee continue to work to resolve the remaining issues raised by the EFIH Second Lien Notes Trustee prior to the Disclosure Statement Hearing. |
| | | | 2. The relief requested in the proposed EFH/EFIH Disclosure Statement Order is improper because the Resolicitation Voting Record Date should be the same day as approval of the EFH/EFIH Disclosure Statement. | **Resolved**. The Resolicitation Voting Record Date has been changed to January 4, 2017, the day of the EFH/EFIH Disclosure Statement Hearing. |