IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**SUPPLEMENTAL ORDER (A) BINDING HOLDERS OF CLAIMS
AND INTERESTS TO THEIR PRIOR BALLOTS, PURSUANT TO
SECTION 1127 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 3019, (B) APPROVING THE REVISED EFH/EFIH DISCLOSURE
STATEMENT, (C) APPROVING THE PROCEDURES AND TIMELINE
FOR THE LIMITED RESOLICITATION OF VOTES ON THE PLAN, AND
(D) APPROVING THE MANNER AND FORMS OF NOTICE RELATED THERETO**

Upon the motion (the "Motion")[2] of the EFH/EFIH Debtors for entry of a supplemental order (this "Supplemental Order") and the *Notice of Filing Revised Order* [D.I. 10517]: (a) binding Holders of Claims and Interests entitled to vote on the *Seventh Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10535] (as modified, amended or supplemented from time to time, the "Plan"), other than Holders of Claims in Class B3, Class B4, and Class B6 (the "Resolicitation Classes"), to the ballots such Holders submitted in connection with the Prior Plan Solicitation (as defined herein); (b) approving the *Disclosure Statement for the Seventh Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors* [D.I. 10533] (as modified,

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

amended or supplemented from time to time, the "EFH/EFIH Disclosure Statement"), for the purposes of allowing the EFH/EFIH Debtors to solicit the votes of Holders of Claims in the Resolicitation Classes with respect to the Plan; (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan as it relates to the EFH/EFIH Debtors from Holders of Claims in the Resolicitation Classes (the "Limited Resolicitation") and establishing related deadlines; and (d) approving the manner and forms of notice related thereto, all as more fully described in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Motion was adequate and appropriate under the particular circumstances; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and the Court having considered the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief have been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1. The Motion is granted to the extent provided herein.

2. The EFH/EFIH Disclosure Statement Order shall remain in full force and effect and nothing herein modifies the relief set forth in the EFH/EFIH Disclosure Statement Order, except as set forth herein.

**I.  No Further Solicitation is Required of Holders of Claims in the EFH/EFIH Voting Classes (Other than the Resolicitation Classes) and Such Holders Are Bound By the Ballots Submitted in Connection with the Prior Plan Solicitation.**

3.  Pursuant to section 1127 of the Bankruptcy Code, the modifications to the Plan constitute technical changes, changes with respect to particular Claims by agreement with Holders of such Claims, or changes that do not otherwise materially and adversely affect or alter the treatment of any other Claim or Interest (other than certain Holders of Claims in the Resolicitation Classes). Such modifications are consistent with the disclosures previously made pursuant to the Prior Disclosure Statement and solicitation materials served pursuant to the EFH/EFIH Disclosure Statement Order, and notice of these modifications was adequate and appropriate under the facts and circumstances of the Chapter 11 Cases.

4.  Pursuant to sections 1125 and 1127, and in accordance with Bankruptcy Rule 3019, the EFH/EFIH Debtors shall not be required to resolicit acceptances of the Plan under section 1126 of the Bankruptcy Code from Holders of Claims or Interests against the EFH/EFIH Debtors other than Holders of Claims in the Resolicitation Classes. The modifications to the Plan do not require that Holders of Claims and Interests (other than Holders of Claims in the Resolicitation Classes) be afforded an opportunity to change previously cast acceptances or rejections of the Plan as it relates to the EFH/EFIH Debtors.

5.  Unless otherwise agreed between the Holder and the EFH/EFIH Debtors, Holders of Claims or Interests (other than Holders of Claims in the Resolicitation Classes) are hereby bound to the ballots they cast in connection with the Prior Plan Solicitation. As set forth in Exhibit B to the Voting Declaration, Classes A4, A5, A6, A7, A8, A9, A10, A12, B5, and B6 voted or were deemed to accept the Prior Plan and Classes B3 and B4 voted to reject the Prior Plan. These results (except with respect to Resolicitation Classes) are hereby ratified and affirmed.

**II.     Approval of the EFH/EFIH Disclosure Statement.**

6. The EFH/EFIH Disclosure Statement is hereby approved pursuant to section 1125 of the Bankruptcy Code as providing Holders of Claims in the Resolicitation Classes with adequate information to make an informed decision about whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

7. The EFH/EFIH Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

8. The EFH/EFIH Debtors shall file the Amended Plan Supplement at least five business days before the earlier of the Resolicitation Voting Deadline and the deadline to file objections to the Plan and such Amended Plan Supplement will include (a) the governance and mechanics of the Pre-Effective Date Makewhole Litigation Oversight Committee, (b) the governance, mechanics, and composition, of the Makewhole Litigation Oversight Committee after the EFH Effective Date, each of which shall be negotiated in good faith by and among the EFIH Supporting Unsecured Creditors, (c) updates to the estimates for each category of the EFIH Claims Reserve that has been modified from the disclosure set forth in the EFH/EFIH Disclosure Statement, (d) further details on each category of the EFH/EFIH Distribution Account, (e) any changes to the fee review process for reviewing the fees of the EFIH First Lien Notes Trustee and EFIH Second Lien Notes Trustee set forth in the Plan Supplement, including specifically when the fee review process for pre-Effective Date fees and expenses will begin and the fee review process for post-Effective Date fees and expenses (including the timeline for the payment of such fees and expenses), and (f) the basis for the EFH/EFIH Debtors' assertion that the EFIH Claims Reserve should be funded to pay interest (i) only for for three years and (ii) if

not already commenced, when the EFIH Debtors, in consultation with the Initial Supporting Creditors, intend to commence any challenge to the Makewhole Claims following the Third Circuit's ruling.

### III. Approval of the Procedures, Materials, and Timeline for the Limited Resolicitation of Votes on the Plan from Holders of Claims in the Resolicitation Classes.

9. The following dates are hereby established (subject to modification as necessary) with respect to the Limited Resolicitation of votes to accept, and voting on, the Plan as to the EFH/EFIH Debtors from Holders of Claims in the Resolicitation Classes:

   a. **January 4, 2017**, as the date for determining: (i) the Holders of Claims in the Resolicitation Classes entitled to receive Resolicitation Packages; (ii) the Holders of Claims in the Resolicitation Classes entitled to vote to accept or reject the Plan; and (iii) whether Claims in the Resolicitation Classes have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of such Claim (the "Resolicitation Voting Record Date");

   b. the Debtors shall distribute Resolicitation Packages to Holders of Claims in the Resolicitation Classes on **January 11, 2017**, or as soon as reasonably practicable thereafter (the "Resolicitation Deadline"); and

   c. all Holders of Claims in the Resolicitation Classes must complete, execute, and return their Ballots so that they are actually received by the Solicitation Agent, pursuant to the EFH/EFIH Solicitation Procedures, which remain in effect in connection with the Limited Resolicitation, on or before **February 6, 2017, at 2:00 p.m. (Eastern Standard Time)** (the "Resolicitation Voting Deadline").

10. The Resolicitation Packages to be transmitted on or before the Resolicitation Deadline to Holders of Claims in the Resolicitation Classes as of the Resolicitation Voting Record Date shall include the following, the form of each of which is hereby approved:

   a. The relevant Ballot, substantially in the form attached hereto as **Exhibits 1-A – 1-E**, respectively;

   b. the EFH/EFIH Disclosure Statement and exhibits thereto, including the Plan and the EFH/EFIH Disclosure Statement Order (excluding exhibits);

5

      c.      the EFH/EFIH Solicitation Procedures previously approved by the Court in the EFH/EFIH Disclosure Statement Order;

      d.      this Supplemental Order (without exhibits); and

      e.      the EFH/EFIH Confirmation Hearing Notice attached hereto as **Exhibit 2**.

11. The Resolicitation Packages provide the Holders of Claims in the Resolicitation Classes with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Bankruptcy Rules.

12. The EFH/EFIH Debtors shall distribute Resolicitation Packages to all Holders of Claims in the Resolicitation Classes on or before the Resolicitation Deadline. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

13. The EFH/EFIH Debtors are authorized, but not directed or required, to distribute the Plan, the EFH/EFIH Disclosure Statement and exhibits thereto, the EFH/EFIH Solicitation Procedures, and this Supplemental Order to Holders of Claims in the Resolicitation Classes in CD-ROM format. The Ballots and the EFH/EFIH Confirmation Hearing Notice will *only* be provided in paper form. On or before the Resolicitation Deadline, the EFH/EFIH Debtors shall provide (a) a complete Resolicitation Package to the U.S. Trustee and counsel to the ad hoc group of EFIH unsecured noteholders, as well as the EFIH Unsecured Notes Trustee and (b) the Supplemental Order (in CD-ROM format) and the EFH/EFIH Confirmation Hearing Notice to all parties on the 2002 List as of the Resolicitation Voting Record Date.

14. Any party who receives a CD-ROM, but who would prefer to receive materials in paper format, may contact the Solicitation Agent and request paper copies of the corresponding

materials previously received in CD-ROM format (to be provided at the EFH/EFIH Debtors' expense).

15. The Solicitation Agent is authorized to assist the EFH/EFIH Debtors in (a) distributing the Resolicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims in the Resolicitation Classes; (c) responding to inquiries from Holders of Claims and Interests against the EFH/EFIH Debtors and other parties in interest relating to the EFH/EFIH Disclosure Statement, the Plan, the Ballots, the Resolicitation Packages, the Limited Resolicitation, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan as to the EFH/EFIH Debtors; (d) soliciting votes on the Plan as to the EFH/EFIH Debtors; and (e) if necessary, contacting creditors regarding the Plan.

16. Each Nominee through which one or more Beneficial Holders holds securities as of the Resolicitation Voting Record Date is hereby ordered to distribute the Resolicitation Package to the Beneficial Holders for which they hold the securities within five business days after receipt of such Resolicitation Package from the Solicitation Agent and obtain the vote of such Beneficial Holders consistent with customary practices for obtaining the votes of securities held in "street name," in one of the following two ways:

    a.    <u>Master Ballots</u>: A Nominee may obtain the votes of Beneficial Holders by forwarding to the Beneficial Holders the applicable unsigned Beneficial Holder Ballot, together with the Resolicitation Package, a return envelope provided by, and addressed to, the Nominee, and other materials requested to be forwarded. Each such Beneficial Holder may then indicate his/her or its vote on the Beneficial Holder Ballot, complete the information requested in the Beneficial Holder Ballot, review the certifications contained in the Beneficial Holder Ballot, execute the Beneficial Holder Ballot, and return the Beneficial Holder Ballot to the Nominee. After collecting the Ballots, the Nominee shall, in turn, complete the applicable Master Ballot provided to such Nominee by the Solicitation Agent, and compile the votes and other information from the Beneficial Holder

7

                Ballot, execute the Master Ballot, and deliver the Master Ballot to the Solicitation Agent so that it is received by the Solicitation Agent before the Resolicitation Voting Deadline. All Beneficial Holder Ballots returned by Beneficial Holders must be retained by Nominees for inspection for at least one year from the Resolicitation Voting Deadline.

      b.    <u>Pre-Validated Ballots</u>: A Nominee may pre-validate a Beneficial Holder Ballot, by: (i) signing the applicable Beneficial Holder Ballot indicating the name of the Nominee and the DTC participation number; (ii) indicating on the Beneficial Holder Ballot the account number of the Beneficial Holder and amount of the securities held by the Nominee for such Beneficial Holder;[3] and (iii) forwarding such Beneficial Holder Ballot together with the Resolicitation Package and other materials requested to be forwarded to the Beneficial Holder for voting. The Beneficial Holder may then complete the information requested in the Ballot, review the certifications contained in the Ballot, and return the Ballot directly to the Solicitation Agent in the pre-addressed, postage paid envelope included with the Resolicitation Package so that it is received by the Solicitation Agent before the Resolicitation Voting Deadline. A list of the Beneficial Holders to whom "pre-validated" Ballots were delivered should be maintained by the Nominee for inspection for at least one year from the Resolicitation Voting Deadline.

## IV.    Approval of the EFH/EFIH Confirmation Hearing Notice.

17.    The EFH/EFIH Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 2**, constitutes adequate and sufficient notice of the hearings to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

## V.    Approval of the EFH/EFIH Disclosure Statement Hearing Notice.

18.    The EFH/EFIH Disclosure Statement Hearing Notice, filed by the Debtors at Docket No. 10396 and attached hereto as **Exhibit 3**, constitutes adequate and sufficient notice of the hearing to consider approval of the EFH/EFIH Disclosure Statement, the manner in which a copy of the EFH/EFIH Disclosure Statement (and exhibits thereto, including the Plan) could be

---

[3]    The amount of Class B4 EFIH Second Lien Note Claims should be recorded on a pre-factored basis.

8

obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

## VI. Miscellaneous.

19. For purposes of clarity, the page limit set forth in Local Bankruptcy Rule 7007-2(a)(iv) shall not apply to the Debtors in connection with filing any brief or declaration in support of Plan confirmation.

20. To the extent necessary, the Local Bankruptcy Rules, including, for the avoidance of doubt, Local Bankruptcy Rule 3017-1(a), are waived.

21. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

22. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Supplemental Order shall be immediately effective and enforceable upon its entry.

23. All time periods set forth in this Supplemental Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24. The Debtors are authorized to take all actions necessary to effectuate the relief.

25. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Supplemental Order.

Wilmington, Delaware
Date: January 4, 2017

Honorable Christopher S. Sontchi
United States Bankruptcy Judge