## **EXHIBIT F-1**

**September 2016 Disclosure Statement Order**



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## ORDER (A) APPROVING THE
## EFH/EFIH DISCLOSURE STATEMENT, (B) ESTABLISHING
## THE EFH/EFIH VOTING RECORD DATE, EFH/EFIH VOTING DEADLINE,
## AND OTHER DATES, (C) APPROVING PROCEDURES FOR SOLICITING,
## RECEIVING, AND TABULATING VOTES ON THE PLAN, AND (D) APPROVING
## THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS

Upon the motion (the "Motion")[2] of the EFH/EFIH Debtors for entry of an order (this "Order"): (a) approving the *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors* (as modified, amended or supplemented from time to time, the "EFH/EFIH Disclosure Statement") in connection with the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended or supplemented from time to time, the "Plan") as it relates to the EFH/EFIH Debtors; (b) establishing the EFH/EFIH Voting Record Date, EFH/EFIH Voting Deadline, and other related dates; (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan as it relates to the EFH/EFIH Debtors; and

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

Docket No. 9585
Date Filed: 9/19/16

(d) approving the manner and forms of notice and other related documents, all as more fully described in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Motion was adequate and appropriate under the particular circumstances; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and the Court having considered the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief have been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1.      The Motion is granted to the extent provided herein.

**A.      Approval of the EFH/EFIH Disclosure Statement.**

2.      The EFH/EFIH Disclosure Statement is hereby approved pursuant to section 1125 of the Bankruptcy Code as providing Holders of Claims and Interests entitled to vote on the Plan with adequate information to make an informed decision about whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3.      The EFH/EFIH Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**B.**     **Approval of the EFH/EFIH Disclosure Statement Hearing Notice.**

4.     The EFH/EFIH Disclosure Statement Hearing Notice, filed by the Debtors at

Docket No. 9313 and attached hereto as **Exhibit 1** and incorporated by reference herein,

constitutes adequate and sufficient notice of the hearing to consider approval of the EFH/EFIH

Disclosure Statement, the manner in which a copy of the EFH/EFIH Disclosure Statement (and

exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections

thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code,

the Bankruptcy Rules, and the Local Bankruptcy Rules.

**C.**     **Approval of Key Dates and Deadlines with Respect to the Plan as to the EFH/EFIH Debtors and the EFH/EFIH Disclosure Statement.**

5.     The following dates are hereby established (subject to modification as necessary)

with respect to the solicitation of votes to accept, and voting on, the Plan as to the EFH/EFIH

Debtors:

a.     September 19, 2016, as the date for determining: (i) the Holders of Claims and Interests against the EFH/EFIH Debtors entitled to receive EFH/EFIH Solicitation Packages; (ii) the Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote to accept or reject the Plan; and (iii) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of such Claim (the "EFH/EFIH Voting Record Date"); *provided that*, if the TCEH Effective Date occurs during the period between the EFH/EFIH Voting Record Date and the EFH/EFIH Voting Deadline, Reorganized TCEH shall be deemed the record holder of the TCEH Settlement Claim.

b.     the Debtors shall distribute EFH/EFIH Solicitation Packages to Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote on the Plan within ten business days after the Debtors file the final version of the EFH/EFIH Disclosure Statement with the Court (or as soon as reasonably practicable thereafter) following entry of this Order (the "EFH/EFIH Solicitation Deadline"); and

c.     all Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote on the Plan must complete, execute, and return their Ballots so that they are actually received by the Solicitation Agent, pursuant to the

EFH/EFIH Solicitation Procedures, on or before November 15, 2016, at 2:00 p.m. (prevailing Eastern Time) (the "EFH/EFIH Voting Deadline").

**D.      Approval of the Form of, and Distribution of, EFH/EFIH Solicitation Packages to Parties Entitled to Vote on the Plan as to the EFH/EFIH Debtors.**

6.      In addition to the EFH/EFIH Disclosure Statement and exhibits thereto, including the Plan and this Order, the EFH/EFIH Solicitation Packages to be transmitted on or before the EFH/EFIH Solicitation Deadline to those Holders of Claims and Interests against the EFH/EFIH Debtors in the EFH/EFIH Voting Classes entitled to vote on the Plan as of the EFH/EFIH Voting Record Date shall include the following, the form of each of which is hereby approved:

a.   The form Ballots and Master Ballots, substantially in the forms attached hereto as **Exhibit 2-A - 2-G**, respectively;

b.   the EFH/EFIH Cover Letter attached hereto as **Exhibit 3**;

c.   the EFH/EFIH Disclosure Statement (and exhibits thereto, including the Plan);

d.   this Order (without exhibits except for **Exhibit 8** attached hereto); and

e.   the EFH/EFIH Confirmation Hearing Notice attached hereto as **Exhibit 4**.

7.      The EFH/EFIH Solicitation Packages provide the Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Bankruptcy Rules.

8.      The EFH/EFIH Debtors shall distribute EFH/EFIH Solicitation Packages to all Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote on the Plan on or before the EFH/EFIH Solicitation Deadline.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

9.    The EFH/EFIH Debtors are authorized, but not directed or required, to distribute the Plan, the EFH/EFIH Disclosure Statement, and this Order to Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote on the Plan in CD-ROM format. The Ballots, the Cover Letter, and the EFH/EFIH Confirmation Hearing Notice will *only* be provided in paper form. On or before the EFH/EFIH Solicitation Deadline, the EFH/EFIH Debtors shall provide (a) complete EFH/EFIH Solicitation Packages to the U.S. Trustee and counsel to the applicable agents for the EFH/EFIH Debtors' lenders and (b) the Order (in CD-ROM format) and the EFH/EFIH Confirmation Hearing Notice to all parties on the 2002 List as of the EFH/EFIH Voting Record Date.

10.    Any party who receives a CD-ROM, but who would prefer to receive materials in paper format, may contact the Solicitation Agent and request paper copies of the corresponding materials previously received in CD-ROM format (to be provided at the EFH/EFIH Debtors' expense).

11.    The Solicitation Agent is authorized to assist the EFH/EFIH Debtors in (a) distributing the EFH/EFIH Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims and Interests against the EFH/EFIH Debtors; (c) responding to inquiries from Holders of Claims and Interests against the EFH/EFIH Debtors and other parties in interest relating to the EFH/EFIH Disclosure Statement, the Plan, the Ballots, the EFH/EFIH Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan as to the EFH/EFIH Debtors; (d) soliciting votes on the Plan as to the EFH/EFIH Debtors; and (e) if necessary, contacting Holders of Claims and Interests against the EFH/EFIH Debtors regarding the Plan.

12.    Each Nominee through which one or more Beneficial Holders holds securities as of the EFH/EFIH Voting Record Date is hereby ordered to distribute the EFH/EFIH Solicitation Package to the Beneficial Holders for which they hold the securities within five business days after receipt of such EFH/EFIH Solicitation Package from the Solicitation Agent and obtain the vote of such Beneficial Holders consistent with customary practices for obtaining the votes of securities held in "street name," in one of the following two ways:

    a.   Master Ballots: A Nominee may obtain the votes of Beneficial Holders by forwarding to the Beneficial Holders the applicable unsigned Beneficial Holder Ballot, together with the EFH/EFIH Solicitation Package, a return envelope provided by, and addressed to, the Nominee, and other materials requested to be forwarded. Each such Beneficial Holder may then indicate his/her or its vote on the Beneficial Holder Ballot, complete the information requested in the Beneficial Holder Ballot, review the certifications contained in the Beneficial Holder Ballot, execute the Beneficial Holder Ballot, and return the Beneficial Holder Ballot to the Nominee. After collecting the Ballots, the Nominee shall, in turn, complete the applicable Master Ballot provided to such Nominee by the Solicitation Agent, and compile the votes and other information from the Beneficial Holder Ballot, execute the Master Ballot, and deliver the Master Ballot to the Solicitation Agent so that it is received by the Solicitation Agent before the EFH/EFIH Voting Deadline. All Beneficial Holder Ballots returned by Beneficial Holders must be retained by Nominees for inspection for at least one year from the EFH/EFIH Voting Deadline.

    b.   Pre-Validated Ballots: A Nominee may pre-validate a Beneficial Holder Ballot, by: (i) signing the applicable Beneficial Holder Ballot indicating the name of the Nominee and the DTC participation number; (ii) indicating on the Beneficial Holder Ballot the account number of the Beneficial Holder and amount of the securities held by the Nominee for such Beneficial Holder; and (iii) forwarding such Beneficial Holder Ballot together with the EFH/EFIH Solicitation Package and other materials requested to be forwarded to the Beneficial Holder for voting. The Beneficial Holder may then complete the information requested in the Ballot, review the certifications contained in the Ballot, and return the Ballot directly to the Solicitation Agent in the pre-addressed, postage paid envelope included with the EFH/EFIH Solicitation Package so that it is received by the Solicitation Agent before the EFH/EFIH Voting Deadline. A list of the Beneficial Holders to whom "pre-validated" Ballots were delivered should be maintained by the Nominee for inspection for at least one year from the EFH/EFIH Voting Deadline.

**E.      Approval of the EFH/EFIH Confirmation Hearing Notice.**

13.      The EFH/EFIH Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 4**, constitutes adequate and sufficient notice of the hearings to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.    The EFH/EFIH Debtors shall publish the EFH/EFIH Confirmation Hearing Notice (in a format for publication) in: (a) *The Wall Street Journal*, *USA Today*, *The Dallas Morning News*, *Houston Chronicle*, *Corpus Christi Caller Times*, *Fort Worth Star-Telegram*, and *Waco Tribune-Herald*, and    (b)    on    the    restructuring    website    established    by    Epiq,    available    at http://www.efhcaseinfo.com, in each case no later than seven days after the EFH/EFIH Solicitation Deadline (the "EFH/EFIH Publication Notice").

**F.      Approval of Notice of Filing of the Plan Supplement.**

14.      The EFH/EFIH Debtors are authorized to send notice of the filing of the Plan Supplement, which will be filed and served on November 10, 2016 (as may be extended if the start date of the EFH/EFIH Confirmation Hearing is postponed, or such later date as may be approved by this Court), substantially in the form attached hereto as **Exhibit 5**, on the date the Plan Supplement is filed pursuant to the terms of the Plan.

**G.      Approval of the Form of Notices to EFH/EFIH Non-Voting Classes.**

15.      Except to the extent the EFH/EFIH Debtors determine otherwise, the EFH/EFIH Debtors are not required to provide EFH/EFIH Solicitation Packages to Holders of Claims or Interests against the EFH/EFIH Debtors in Non-Voting Classes, as such holders are not entitled to vote on the Plan.    Instead, on or before the EFH/EFIH Solicitation Deadline, the Solicitation Agent shall mail (first-class, postage prepaid) a Non-Voting Status Notice in lieu of EFH/EFIH

Solicitation Packages, the form of each of which is hereby approved, to those parties who are not entitled to vote on the Plan. Holders of Unimpaired Claims that are deemed to accept the Plan in Classes A1, A2, A3, B1, B2, and B9 will receive notice, substantially in the form attached hereto as **Exhibit 6**, in lieu of an EFH/EFIH Solicitation Package. Holders of Impaired Claims against the EFH/EFIH Debtors that are deemed to reject the Plan in Classes A14, A16, B8, and B10 will receive notice, substantially in the form attached hereto as **Exhibit 7**, in lieu of an EFH/EFIH Solicitation Package.

16.    The EFH/EFIH Debtors will not provide the Holders of Intercompany Claims and Interests in Classes A13, A15, and B7 with an EFH/EFIH Solicitation Package or any other type of notice in connection with solicitation.

17.    The EFH/EFIH Debtors are not required to mail EFH/EFIH Solicitation Packages or other solicitation materials to: (a) Holders of Claims and Interests against the EFH/EFIH Debtors that have already been paid in full during these Chapter 11 Cases or (b) any party to whom the EFH/EFIH Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

**H.    Approval of the EFH/EFIH Solicitation Procedures.**

18.    The EFH/EFIH Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the EFH/EFIH Solicitation Procedures attached hereto as **Exhibit 8**, which are hereby approved in their entirety; *provided, however*, that the EFH/EFIH Debtors reserve the right to amend or supplement the EFH/EFIH Solicitation Procedures where, in the EFH/EFIH Debtors' best judgment, doing so would better facilitate the solicitation process.

**I.    Approval of Notices to Contract and Lease Counterparties.**

19.     The EFH/EFIH Debtors are authorized to mail a notice of assumption or rejection of any Executory Contracts or Unexpired Leases (and any corresponding Cure Claims), substantially in the forms attached hereto as **Exhibit 9** and **Exhibit 10**, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan (as the case may be), within the time periods specified in the Plan.

**J.      Miscellaneous.**

20.     The Plan Supplement filed by the EFH/EFIH Debtors will provide additional detail regarding the timing on submission and review of invoices (and nothing herein affects the rights of any Indenture Trustee to argue the appropriate standard of review governing such invoices at the hearing to consider Confirmation of the Plan as it relates to the EFH/EFIH Debtors). Invoices will be submitted to the EFH/EFIH Debtors, the ultimate purchaser of EFH Corp.'s economic interest in Oncor, and the U.S. Trustee. The approved review process will commence as soon as reasonably practicable following entry of the EFH/EFIH Confirmation Order. The EFH/EFIH Debtors will file the proposed process for review of fees and expenses in the Plan Supplement, to be filed no later than November 10, 2016 (as may be extended if the start date of the EFH/EFIH Confirmation Hearing is postponed).

21.     For purposes of clarity, the page limit set forth in Local Bankruptcy Rule 7007-2(a)(iv) shall not apply to the Debtors in connection with filing any brief or declaration in support of Plan confirmation.

22.     To the extent necessary, the Local Bankruptcy Rules, including, for the avoidance of doubt, Local Rule 3017-1(a), are waived.

23.     Notice of the Motion as provided therein shall be deemed good and sufficient, and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

24.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

25.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

26.     The Debtors are authorized to take all actions necessary to effectuate the relief granted herein.

27.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Date: _September 19_, 2016

_____
Honorable Christopher S. Sontchi
United States Bankruptcy Judge

10

## EXHIBIT 1

**EFH/EFIH Disclosure Statement Hearing Notice**

Exhibit 1.docx

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 9190, 9200, 9201** |
| | ) | |
| | ) | **Hearing Dates:  September 19, 2016 at 10:00 a.m.** |

## NOTICE OF HEARING TO CONSIDER APPROVAL OF THE (I) "MOTION OF THE EFH/EFIH DEBTORS FOR ORDER (A) AUTHORIZING ENTRY INTO MERGER AGREEMENT, (B) APPROVING TERMINATION FEE, AND (C) AUTHORIZING ENTRY INTO AND PERFORMANCE UNDER PLAN SUPPORT AGREEMENT" [D.I. 9190]; (II) "DISCLOSURE STATEMENT FOR THE THIRD AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.,* PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE AS IT APPLIES TO THE EFH DEBTORS AND EFIH DEBTORS" [D.I. 9200]; AND (III) "MOTION OF THE EFH/EFIH DEBTORS FOR ENTRY OF AN ORDER (A) SCHEDULING CERTAIN HEARING DATES AND DEADLINES AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH CONFIRMATION OF THE DEBTORS' JOINT PLAN OF REORGANIZATION AS IT RELATES TO THE EFH/EFIH DEBTORS, (B) APPROVING THE EFH/EFIH DISCLOSURE STATEMENT, (C) ESTABLISHING THE EFH/EFIH VOTING RECORD DATE, EFH/EFIH VOTING DEADLINE AND OTHER DATES, (D) APPROVING PROCEDURES FOR SOLICITING, RECEIVING, AND TABULATING VOTES ON THE PLAN, AND (E) APPROVING THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS" [D.I. 9201]

PLEASE TAKE NOTICE that, on August 3, 2016, Energy Future Holdings Corp. ("EFH

Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance,

Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the

"EFH/EFIH Debtors") filed the **Motion of the EFH/EFIH Debtors for Order (A) Authorizing**

**Entry Into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry**

**Into and Performance Under Plan Support Agreement** [D.I. 9190] (the "PSA/Merger

Agreement Motion") with the United States Bankruptcy Court for the District of Delaware (the

"Bankruptcy Court").  Pursuant to the PSA/Merger Agreement Motion, the EFH/EFIH Debtors

are seeking entry of an order, (i) authorizing the EFH/EFIH Debtors to enter into the Agreement

and Plan of Merger, in the form attached as Exhibit 1 to Exhibit A to the PSA/Merger Agreement

Motion, with NextEra Energy, Inc. ("NextEra") and EFH Merger Co., LLC, a wholly-owned

subsidiary of NextEra; (ii) approving the payment of a termination fee to NextEra as an allowed

administrative expense claim payable when due without further order of the Bankruptcy Court;

and (iii) approving and authorizing the EFH/EFIH Debtors to enter into and perform under the

plan support agreement, in the form attached as Exhibit 2 to Exhibit A to the PSA/Merger

Agreement Motion.  **You were previously served with a copy of the PSA/Merger Agreement**

**Motion.**

PLEASE TAKE FURTHER NOTICE that, notwithstanding any prior notice to the

contrary, any responses or objections to the PSA/Merger Agreement Motion must be in writing,

filed with the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington,

---

[2] The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

RLF1 15015937v.2

Delaware 19801, and served upon and received by the undersigned co-counsel for the EFH/EFIH

Debtors on or before **August 25, 2016 at 4:00 p.m. (Eastern Daylight Time)**.

PLEASE TAKE FURTHER NOTICE that, on August 5, 2016, the EFH/EFIH Debtors

filed the **Motion of the EFH/EFIH Debtors for Entry of an Order (A) Scheduling Certain**

**Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with**

**Confirmation of the Debtors' Joint Plan of Reorganization as it Relates to the EFH/EFIH**

**Debtors, (B) Approving the EFH/EFIH Disclosure Statement, (C) Establishing the**

**EFH/EFIH Voting Record Date, EFH/EFIH Voting Deadline and Other Dates, (D)**

**Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan, and (E)**

**Approving the Manner and Forms of Notice and Other Related Documents** [D.I. 9201] (the

"D/S Approval Motion").  Pursuant to the D/S Approval Motion, the EFH/EFIH Debtors are

seeking entry of an order (a) scheduling certain dates and deadlines and establishing certain

protocols in connection with the confirmation of the *Third Amended Joint Plan of*

*Reorganization of Energy Future Holdings Corp.,* et. al.*, Pursuant to Chapter 11 of the*

*Bankruptcy Code* [D.I. 9199] (as modified, amended or supplemented from time to time, the

"Plan") as it relates to the EFH/EFIH Debtors (the "Scheduling Relief"); (b) approving the

*Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future*

*Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH*

*Debtors and EFIH Debtors* [D.I. 9200] (as modified, amended or supplemented from time to

time, the "EFH/EFIH Disclosure Statement"); (c) establishing the voting record date, voting

deadline, and other related dates for the Plan as it relates to the EFH/EFIH Debtors;

(d) approving procedures for soliciting, receiving, and tabulating votes on the Plan as it relates to

the EFH/EFIH Debtors; and (e) approving the manner and forms of notice and other related

documents as they relate to the EFH/EFIH Debtors. **You were previously served with a copy of the D/S Approval Motion**.

PLEASE TAKE FURTHER NOTICE that, notwithstanding any prior notice to the contrary, any responses or objections to the D/S Approval Motion, solely with respect to the Scheduling Relief requested therein, must be in writing, filed with the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon and received by the undersigned co-counsel for the EFH/EFIH Debtors on or before **August 19, 2016 at 4:00 p.m. (Eastern Daylight Time)**. If an objection is filed, any and all replies shall be filed and served on **August 22, 2016**.

PLEASE TAKE FURTHER NOTICE that, consistent with the previously-served notice of the D/S Approval Motion, any responses or objections to the D/S Approval Motion, with respect to all relief requested therein other than the Scheduling Relief (the "Non-Scheduling Relief"), must be in writing, filed with the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon and received by the undersigned co-counsel for the EFH/EFIH Debtors on or before **September 7, 2016 at 4:00 p.m. (Eastern Daylight Time)**.

PLEASE TAKE FURTHER NOTICE that, on August 5, 2016, the EFH/EFIH Debtors also filed the EFH/EFIH Disclosure Statement. **You were previously served with a copy of the EFH/EFIH Disclosure Statement**.

PLEASE TAKE FURTHER NOTICE that, any responses or objections to the approval of the EFH/EFIH Disclosure Statement must be in writing, filed with the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon and

4

received by the undersigned co-counsel for the EFH/EFIH Debtors on or before **September 7, 2016 at 4:00 p.m. (Eastern Daylight Time)**.

PLEASE TAKE FURTHER NOTICE that, consistent with the record of the scheduling conference held before the Bankruptcy Court on August 16, 2016 (the "Scheduling Conference"), a hearing to consider approval of D/S Approval Motion, solely with respect to the Scheduling Relief, will be held before The Honorable Christopher S. Sontchi at the Bankruptcy Court, 824 North Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801 on **August 23, 2016 starting at 3:00 p.m. (Eastern Daylight Time)** (the "August 23 Hearing"). The Debtors intend to present at the August 23 hearing a form of order granting the Scheduling Relief in a form substantially similar to the form of order attached hereto as Exhibit A. For the convenience of the Bankruptcy Court and other parties in interest, a redline of the Scheduling Order against the form of order attached to the D/S Approval Motion is attached hereto as Exhibit B.

PLEASE TAKE FURTHER NOTICE that, consistent with the record of the Scheduling Conference, a hearing to consider approval of all of (i) the PSA/Merger Agreement Motion; (ii) the D/S Approval Motion (with respect to the Non-Scheduling Relief); and (iii) the EFH/EFIH Disclosure Statement will be held before The Honorable Christopher S. Sontchi at the Bankruptcy Court, 824 North Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801 on **September 19, 2016 starting at 10:00 a.m. (Eastern Daylight Time)**.

*[Remainder of page intentionally left blank.]*

5

Dated: August 16, 2016          _____*/s/ Joseph C. Barsalona II*_____
     Wilmington, Delaware      **RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
Joseph C. Barsalona II (No. 6102)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:      collins@rlf.com
        defranceschi@rlf.com
        madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:      edward.sassower@kirkland.com
        stephen.hessler@kirkland.com
        brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:      james.sprayregen@kirkland.com
        marc.kieselstein@kirkland.com
        chad.husnick@kirkland.com
        steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession

**EXHIBIT 2-A**

**Form of Master Ballot for Note Claims**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE THIRD AMENDED
JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, PURSUANT
TO CHAPTER 11 OF THE BANKRUPTCY CODE AS IT APPLIES TO THE EFH/EFIH DEBTORS**

**CLASS [CLASS NUMBER AND DESCRIPTION]**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "SOLICITATION AGENT") AT (646) 282-2500 OR EMAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.

- THIS MASTER BALLOT MUST BE **ACTUALLY RECEIVED** BY **2:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 15, 2016** (THE "EFH/EFIH VOTING DEADLINE").

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS AND INTERESTS REGARDLESS OF WHETHER THEY HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS MASTER BALLOT.

Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") are soliciting votes with respect to the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended, or supplemented from time to time, the "Plan") as it applies to the EFH/EFIH Debtors.[3]

This master ballot (the "Master Ballot") to be used by you because records indicate that you are the Nominee (as defined below) of Class [Class Number and Description] as of September 19, 2016 (the "EFH/EFIH Voting Record Date").

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner for the Class [Class Number and Description] to transmit to the Solicitation Agent the votes of such beneficial holders in respect of their Class [Class Number] Claims to accept or reject the Plan. CUSIPS for the Class [Class Number] Claims entitled to vote are identified on Exhibit A attached hereto. This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan.**

The *Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors,* and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "EFH/EFIH Disclosure Statement") describe the rights and treatment for each Class. The EFH/EFIH Disclosure Statement, the Plan, and certain other materials contained in the EFH/EFIH Solicitation Package are included in the packet you are receiving with this Master Ballot. This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto. **If you believe that you have received this Master Ballot in error, please contact the Debtors' Solicitation Agent by telephone at (646) 282-2500 or via email at efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line.**

**THE VOTES ON THIS BALLOT FOR [CLASS DESCRIPTION] CLAIMS SHALL BE APPLIED TO EACH DEBTOR WITH CLASS [CLASS NUMBER] CLAIMS.**

The Court may confirm the Plan and thereby bind all Beneficial Holders of Claims and Interests. To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Solicitation Agent **actually receives** it on or before the EFH/EFIH Voting Deadline.

**THE EFH/EFIH VOTING DEADLINE IS 2:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 15, 2016.**

**Item 1. Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐ Is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the Class [Class Number] Claims listed in Item 2 below, and is the record holder of such bonds, or

☐ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of Class [Class Number] Claims listed in Item 2 below, or

☐ Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of Class [Class Number] Claims listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial owners of the Class [Class Number] Claims described in Item 2.

---

[3]    Capitalized terms, used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**Item 2.  Class [Class Number] Claims Vote on Plan and Item 3.  Releases**

The undersigned transmits the following votes and releases of Beneficial Holders of Class [Class Number and Description] Claims against the Debtors and certifies that the following Beneficial Holders of Class [Class Number and Description] Claims, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the EFH/EFIH Voting Record Date and have delivered to the undersigned, as Nominee, ballots ("Ballots") casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each Beneficial Holder must vote all such of their Class [Class Number and Description] Claims to accept or reject the Plan and may not split such vote.  Any Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.  If the Beneficial Holder has checked the box on Item 3 of the Beneficial Holder Ballot pertaining to the releases by Holders of Claims and Interests, as detailed in Article VIII.D of the Plan please place an X in the Item 3. column below. The full text of Article VIII.D is duplicated in the Master Ballot Instructions.

### A SEPARATE MASTER BALLOT MUST BE USED FOR EACH CUSIP.

| CUSIP VOTED ON THIS MASTER BALLOT _____ (CUSIP NO.) | | | | | | |
|---|---|---|---|---|---|---|
| **Your Customer Account Number for Each Beneficial Owner Who Voted in this EFH/EFIH Plan Class** | **Principal Amount Held as of EFH/EFIH Voting Record Date** | **Item 2** Indicate the vote cast on the Beneficial Holder Ballot by placing an "X" in the appropriate column below. | | | | **Item 3** If the box in Item 3 of the Beneficial Holder Ballot was completed, place an "X" in the column below |
| | | **Accept the Plan** | **or** | **Reject the Plan** | **or** | |
| 1 | $ | | | | | |
| 2 | $ | | | | | |
| 3 | $ | | | | | |
| 4 | $ | | | | | |
| 5 | $ | | | | | |
| 6 | $ | | | | | |
| **TOTALS** | $ | | | | | |

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**Item 4. Certification as to Transcription of Information from Item 4 of the Ballots as to Class [Class Number] Claims Voted Through Other Ballots.**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Beneficial Ballot received from a Beneficial Owner. Please use additional sheets of paper if necessary.

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 4 of the Ballots | TRANSCRIBE FROM ITEM 4 OF THE BENEFICIAL HOLDER BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number of Other Class [Class Number] Claims Voted | Name of Owner | Principal Amount of Other Class [Class Number] Claims Voted | CUSIP of Other Class [Class Number] Claims Voted |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

**Item 5. Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

1.  it has received a copy of the EFH/EFIH Disclosure Statement, the Plan, the Ballots and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Class [Class Number] Claims listed in Item 2 above;

2.  it has received appropriate voting instructions from each Beneficial Holder listed in Item 2 of this Master Ballot; or

3.  it is the registered Beneficial Holder of the securities being voted, or

4.  it has been authorized by each such Beneficial Holder to vote on the Plan;

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

4

5.  it has properly disclosed: (a) the number of Beneficial Holders who completed Ballots; (b) the respective amounts of the Class [Class Number] Claims, as the case may be, by each Beneficial Holder who completed a Ballot; (c) each such Beneficial Holder's respective vote concerning the Plan; (d) each such Beneficial Holder's certification as to other Class [Class Number] voted; and (e) the customer account or other identification number for each such Beneficial Holder; and

6.  it will maintain Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Effective Date and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.

Name of Nominee: _____
(Print or Type)

Participant Number: _____

Name of Proxy Holder or Agent for Nominee (if applicable):

_____
(Print or Type)

_____

Signature: _____

Name of Signatory: _____

Title: _____

Address: _____

_____

_____

Date Completed: _____

Email Address: _____

**THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE EFH/EFIH VOTING DEADLINE, WHICH IS 2:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 15, 2016.**

**BALLOTS RECEIVED VIA EMAIL OR FACSIMILE WILL NOT BE COUNTED**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CALL THE DEBTOR'S SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC AT (646) 282-2500 OR EMAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.**

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**PLEASE COMPLETE, SIGN AND, DATE THE MASTER BALLOT AND RETURN IT WITH AN
ORIGINAL SIGNATURE PROMPTLY TO:**

| Via First Class Mail, Overnight Courier or Hand Delivery: |
|---|
| EFH/EFIH Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>777 Third Avenue, 12th Floor<br>New York, NY 10017 |

**YOUR MASTER BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE, WHICH
IS <u>2:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 15, 2016</u>**

IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE INSTRUCTIONS,
PLEASE CALL THE DEBTORS' SOLICITATION AGENT,
EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (646) 282-2500 OR EMAIL EFHVOTE@EPIQSYSTEMS.COM
AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.

## VOTING INSTRUCTIONS

1.    As described in the EFH/EFIH Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class [Class Number] with respect to the Plan referred to in the EFH/EFIH Disclosure Statement. The Plan and EFH/EFIH Disclosure Statement are included in the EFH/EFIH Solicitation Package you are receiving with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.

2.    The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Beneficial Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3.    You should immediately distribute the Ballots and the EFH/EFIH Solicitation Package to all Beneficial Holders of Class [Class Number] Claims and take any action required to enable each such Beneficial Holder to vote timely the Claims that it holds. Any Ballot returned to you by a Beneficial Holder of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Solicitation Agent, a Master Ballot that reflects the vote of such Beneficial Holders by 2:00 p.m. (prevailing Eastern Time) on November 15, 2016, or otherwise validate the Ballot in a manner acceptable to the Solicitation Agent.

       If you are transmitting the votes of any beneficial owners of Class [Class Number] Claims other than yourself, you may <u>either</u>:

          (a)    "Pre-validate" the individual Beneficial Holder Ballot contained in the EFH/EFIH Solicitation Package and then forward the EFH/EFIH Solicitation Package to the Beneficial Holder of the Class [Class Number] Claim for voting within five (5) Business Days after the receipt by such Nominee of the EFH/EFIH Solicitation Package, with the Beneficial Holder then returning the individual Beneficial Holder Ballot directly to the Solicitation Agent in the return envelope to be provided in the EFH/EFIH Solicitation Package. A Nominee "pre-validates" a Beneficial Holder Ballot by signing the Ballot and including their DTC participant number; indicating the account number of the Beneficial Holder and the principal amount of Class [Class Number] Claim held by the Nominee for such Beneficial Holder, and then forwarding the Ballot together with the EFH/EFIH Solicitation Package to the Beneficial Holder. The Beneficial Holder then completes the information requested on the Ballot and returns the Ballot directly to the

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

Solicitation Agent.  A list of the Beneficial Holders to whom "pre-validated" Ballots were delivered should be maintained by nominees for inspection for at least one year from the Effective Date; OR

(b)    Within five (5) Business Days after receipt by such Nominee of the EFH/EFIH Solicitation Package, forward the EFH/EFIH Solicitation Package to the Beneficial Holder of the Class [Class Number] Claim for voting along with a return envelope provided by and addressed to the Nominee, with the beneficial owner then returning the individual Beneficial Holder Ballot to the Nominee.  In such case, the Nominee will tabulate the votes of its respective Beneficial Owners on a Master Ballot that will be provided to the Nominee separately by the Solicitation Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Solicitation Agent.  The Nominee should advise the Beneficial Holders to return their individual Beneficial Holder Ballots to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Solicitation Agent so that the Master Ballot is actually received by the Solicitation Agent on or before the EFH/EFIH Voting Deadline.

4.    With regard to any Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Solicitation Agent by the EFH/EFIH Voting Deadline; and (d) retain such Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date of the Plan.  You may be ordered to produce the Ballots to the Debtors or the Bankruptcy Court.

5.    The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the EFH/EFIH Voting Deadline.  **The EFH/EFIH Voting Deadline is November 15, 2016, at 2:00 p.m., prevailing Eastern Time**.

6.    If a Ballot is received after the EFH/EFIH Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order.  In all cases, Beneficial Holders should allow sufficient time to assure timely delivery.  No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.  A Ballot will not be counted unless received by the Solicitation Agent.

7.    If multiple Master Ballots are received from the same Nominee with respect to the same Ballot belonging to a Beneficial Holder of a Claim prior to the EFH/EFIH Voting Deadline, the vote on the last properly completed Master Ballot timely received will supersede and revoke the vote of such Beneficial Holder on any earlier received Master Ballot.

8.    If a Holder holds a Claim or Interest, as applicable, in a EFH/EFIH Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that EFH/EFIH Voting Class.

9.    If a voter simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots shall not be counted.

10.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto.  Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

11.    The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

12.    Please be sure to sign and date your Master Ballot. You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13.    If you are both the Nominee and the Beneficial Holder of any of the Class [Class Number] Claims and you wish to vote such Class [Class Number] Claims, you may return a Ballot or Master Ballot for such Class [Class Number] Claims and you must vote your entire Class [Class Number] Claims to either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot, other than a Master Ballot with the votes of multiple holders, that partially rejects and partially accepts the Plan will not be counted.

14.    The following Ballots and Master Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder of the Claim; (b) any Ballot or Master Ballot cast by a Party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot or Master Ballot; (d) any Ballot or Master Ballot that does not contain an original signature; (e) any Ballot or Master Ballot not marked to accept or reject the Plan; and (f) any Ballot or Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

15.    For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided, however,* that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

The following additional rules shall apply to Master Ballots:

16.    Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Class [Class Number] Claims as of the Record Date, as evidenced by the record and depository listings.

17.    Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, will not be counted in excess of the record amount of the Class [Class Number] Claims held by such Nominee;

18.    To the extent that conflicting votes or "overvotes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, the Solicitation Agent will attempt to reconcile discrepancies with the Nominee;

19.    To the extent that overvotes on a Master Ballot or pre-validated Beneficial Holder Ballots are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Beneficial Holder Ballots that contained the overvote, but only to the extent of the Nominee's position in Class [Class Number] Claims; and

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

20.    For purposes of tabulating votes, each Beneficial Holder holding through a particular account will be deemed to have voted the principal amount relating its holding in that particular account, although the Solicitation Agent may be asked to adjust such principal amount to reflect the claim amount.

**ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS (THE "RELEASES"):**

> **AS OF THE EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING CLAIMS AND CAUSES OF ACTION IDENTIFIED, CLAIMED, OR RELEASED IN THE STANDING MOTIONS, THE LITIGATION LETTERS, OR THE DISINTERESTED DIRECTORS SETTLEMENT, AS WELL AS ALL OTHER CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS (INCLUDING DIVIDENDS PAID), TRANSACTIONS PURSUANT AND/OR RELATED TO THE MASTER SEPARATION AGREEMENT DATED DECEMBER 12, 2001, THE TCEH CREDIT AGREEMENT, THE TCEH FIRST LIEN NOTES, THE CASH COLLATERAL ORDER (AND ANY PAYMENTS OR TRANSFERS IN CONNECTION THEREWITH), THE TCEH FIRST LIEN INTERCREDITOR AGREEMENT, THE LIABILITY MANAGEMENT PROGRAM, THE TAX SHARING AGREEMENTS, THE 2007 ACQUISITION, THE MANAGEMENT AGREEMENT, THE 2009 AMENDMENT TO THE TCEH CREDIT AGREEMENT, THE 2011 AMEND AND EXTEND TRANSACTIONS, THE 2005 ONCOR TRANSFER, THE 2013 REVOLVER EXTENSION, THE LUMINANT MAKEWHOLE SETTLEMENT, THE TAX AND INTEREST MAKEWHOLE AGREEMENTS, THE TCEH INTERCOMPANY NOTES, THE SHARED SERVICES, ANY PREFERENCE OR AVOIDANCE CLAIM PURSUANT TO SECTIONS 544, 547, 548, AND 549 OF THE BANKRUPTCY CODE, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE NEW EFH/EFIH PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE EFIH FIRST LIEN SETTLEMENT, THE ORIGINAL CONFIRMED PLAN, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE NEW EFH/EFIH PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE TRANSACTION**

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

9

AGREEMENTS, THE DIP FACILITIES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, THE TRANSACTION AGREEMENTS, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (I) ANY CLAIMS OR CAUSES OF ACTION BY THE HOLDERS OF TCEH FIRST LIEN CLAIMS, THE TCEH FIRST LIEN AGENT, OR THE TCEH FIRST LIEN NOTES TRUSTEE AGAINST ONE OR MORE HOLDERS OF TCEH FIRST LIEN CLAIMS, THE TCEH FIRST LIEN AGENT, OR THE TCEH FIRST LIEN NOTES TRUSTEE ARISING FROM OR IN CONNECTION WITH THE TCEH FIRST LIEN CREDITOR ALLOCATION DISPUTES, (II) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, (III) ANY RESTRUCTURING TRANSACTION, (IV) ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, (V) CLAIMS OR CAUSES OF ACTION ASSERTED BY ANY HOLDER OF ALLOWED CLASS C3 CLAIMS AGAINST ONE OR MORE HOLDERS OF ALLOWED CLASS C3 CLAIMS (OTHER THAN THE TCEH FIRST LIEN AGENT, EXCEPT IN THE TCEH FIRST LIEN AGENT'S CAPACITY AS A NOMINAL DEFENDANT TO DECLARATORY JUDGMENT CLAIMS IN RESPECT OF WHICH NO MONETARY RECOVERY IS SOUGHT) SOLELY WITH RESPECT TO THE TCEH FIRST LIEN CREDITOR DEPOSIT L/C COLLATERAL ALLOCATION DISPUTE, [OR (VI) THE CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE MERGER AGREEMENT SHALL NOT BE RELEASED; *PROVIDED, HOWEVER*, THAT SUCH CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE MERGER AGREEMENTSHALL BE SUBJECT TO TREATMENT PURSUANT TO THE PLAN AND SHALL BE DISCHARGED AS SET FORTH IN ARTICLE VIII.A HEREOF. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY CLAIMS OR CAUSES OF ACTION AGAINST THE PLAN SPONSOR RELATING TO THE DEBTORS' PURSUIT OF REGULATORY APPROVALS UNDER THE ORIGINAL CONFIRMED PLAN OR CLAIMS OR CAUSES OF ACTION THAT MAY BE BROUGHT BY THE PLAN SPONSOR AGAINST ANOTHER PARTY WHO BRINGS A CLAIM OR CAUSE OF ACTION AGAINST THE PLAN SPONSOR IN CONNECTION WITH THE DEBTORS' PURSUIT OF REGULATORY APPROVALS UNDER THE ORIGINAL CONFIRMED PLAN. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, AND FOR THE AVOIDANCE OF DOUBT, THE TCEH SETTLEMENT CLAIM SHALL BE TREATED, RELEASED, AND DISCHARGED ON THE EFH EFFECTIVE DATE. FOR THE AVOIDANCE OF DOUBT, (I) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH IN THIS ARTICLE VIII.D FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE TCEH DEBTORS, REORGANIZED TCEH

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES, AS OF THE TCEH EFFECTIVE DATE; AND (II) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH IN THIS ARTICLE VIII.D FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE EFH DEBTORS, REORGANIZED EFH DEBTORS, EFIH DEBTORS, OR REORGANIZED EFIH DEBTORS AS OF THE EFH EFFECTIVE DATE; *PROVIDED* THAT ANY AND ALL INTERCOMPANY CLAIMS (OTHER THAN THE TCEH SETTLEMENT CLAIM) HELD BY OR HELD AGAINST THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES, SHALL BE RELEASED AS OF THE TCEH EFFECTIVE DATE.**

## IMPORTANT INFORMATION REGARDING THE RELEASES:

UNDER THE PLAN, "RELEASING PARTY" MEANS COLLECTIVELY, AND IN EACH CASE ONLY IN ITS CAPACITY AS SUCH:  (A) THE EFH/EFIH PLAN SUPPORTERS; (B) MERGER SUB; (C) HOLDERS OF TCEH FIRST LIEN CLAIMS; (D) HOLDERS OF TCEH SECOND LIEN NOTE CLAIMS; (E) HOLDERS OF TCEH UNSECURED NOTE CLAIMS; (F) HOLDERS OF EFH LEGACY NOTE CLAIMS; (G) HOLDERS OF EFH UNEXCHANGED NOTE CLAIMS; (H) HOLDERS OF EFIH LBO NOTE PRIMARY CLAIMS; (I) HOLDERS OF EFIH UNSECURED NOTE CLAIMS; (J) HOLDERS OF EFIH LBO NOTE GUARANTY CLAIMS; (K) THE DIP LENDERS; (L) THE TCEH FIRST LIEN AGENT; (M) THE INDENTURE TRUSTEES OTHER THAN THE EFIH FIRST LIEN NOTES TRUSTEE AND THE EFIH SECOND LIEN NOTES TRUSTEE; (N) THE DEALER MANAGERS; (O) TEF; (P) TEXAS HOLDINGS; (Q) ONCOR; (R) FUNDS AND ACCOUNTS MANAGED OR ADVISED BY KOHLBERG KRAVIS ROBERTS & CO., L.P., TPG CAPITAL, L.P. OR GOLDMAN, SACHS & CO. THAT HOLD DIRECT OR INDIRECT INTERESTS IN TEXAS HOLDINGS, TEF, OR EFH CORP.; (S) THE COMMITTEES AND EACH OF THEIR RESPECTIVE MEMBERS; (T) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH; (U) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFCH; (V) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFIH DEBTORS; (W) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFH CORP.; (X) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH DEBTORS OTHER THAN EFH CORP.; (Y) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH SHARED SERVICES DEBTORS; (Z) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN; (AA) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (BB) ALL HOLDERS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (CC) OV2; (DD) THE ORIGINAL PLAN SPONSORS; (EE) WITH RESPECT TO EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (DD), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; AND (FF) ALL HOLDERS OF CLAIMS AND INTERESTS, SOLELY WITH RESPECT TO RELEASES OF ALL HOLDERS OF INTERESTS IN EFH CORP. AND THEIR CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR AFFILIATES' CURRENT AND FORMER EQUITY

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND THEIR CURRENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; *PROVIDED, HOWEVER*, THAT THE EFIH FIRST LIEN NOTES TRUSTEE, ALL HOLDERS OF CLAIMS DERIVED FROM OR BASED ON THE EFIH FIRST LIEN NOTES, THE EFIH SECOND LIEN NOTES TRUSTEE, AND ALL HOLDERS OF CLAIMS DERIVED FROM OR BASED ON THE EFIH SECOND LIEN NOTES, SHALL NOT BE "RELEASING PARTIES," EXCEPT AS OTHERWISE AGREED BY A HOLDER IN ITS CAPACITY AS SUCH.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND ONLY IF YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN. IN THE CASE OF SUCH A DETERMINATION BY THE COURT, IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW. IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT. REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE EFH/EFIH VOTING DEADLINE, OR (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.

## PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY!

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT AT (646) 282-2500 OR EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.**

*[Remainder of page intentionally left blank.]*

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

## Exhibit A

*Please check a box below to indicate the [Class Description] to which this Master Ballot pertains and add the CUSIP No. to Item 2 on page 4.*

### CLASS [CLASS NUMBER AND DESCRIPTION]

| | BOND DESCRIPTION | CUSIP |
|---|---|---|
| ☐ | | |
| ☐ | | |
| ☐ | | |
| ☐ | | |
| ☐ | | |

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**EXHIBIT 2-B**

**Form Beneficial Holder Ballot for Note Claims**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR REJECTING THE THIRD AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE AS IT APPLIES TO THE EFH/EFIH DEBTORS**

### CLASS [CLASS NUMBER AND DESCRIPTION]

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "SOLICITATION AGENT") AT (877) 276-7311 OR VIA EMAIL TO EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT. THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE TO THE DEBTORS' PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN).

- THIS BALLOT (OR THE MASTER BALLOT REFLECTING THE VOTE CAST ON THIS BALLOT) MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **2:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 15, 2016** (THE "EFH/EFIH VOTING DEADLINE").

- IF A BENEFICIAL HOLDER HOLDS CLASS [CLASS NUMBER] CLAIMS IN ITS OWN NAME AND/OR THROUGH ONE OR MORE NOMINEES,[2] SUCH BENEFICIAL HOLDER MUST IDENTIFY ALL CLASS [CLASS NUMBER] CLAIMS HELD IN ACCORDANCE WITH ITEM 4 OF THIS BALLOT, AND MUST INDICATE THE SAME VOTE TO ACCEPT OR REJECT THE PLAN ON ALL BALLOTS SUBMITTED.

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] "Nominee" means a broker, dealer, commercial bank, trust company or other agent nominee who holds Class 4 Claims for the benefit of certain Beneficial Holders.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[3] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") are soliciting votes with respect to the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended, or supplemented from time to time, the "Plan") as it applies to the EFH/EFIH Debtors.[4]

This ballot (the "Ballot") is being sent to you because records indicate that you are the Beneficial Holder of a Class [Class Number] Claim as of September 19, 2016 (the "EFH/EFIH Voting Record Date"), and, accordingly, you may have a right to vote to accept or reject the Plan as it applies to the EFH/EFIH Debtors. This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan. CUSIPS for Class [Class Number] entitled to vote are identified on **Exhibit A** attached hereto.

The *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH/EFIH Debtors*, and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "EFH/EFIH Disclosure Statement") describe the rights and treatment for each Class. The Plan and EFH/EFIH Disclosure Statement are included in the packet you are receiving with this Ballot (collectively, the "EFH/EFIH Solicitation Package").

**YOUR VOTE ON THIS BALLOT FOR CLASS [CLASS NUMBER] CLAIMS SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A CLASS [CLASS NUMBER] CLAIM.**

*You should carefully and thoroughly review the EFH/EFIH Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class [Class Number] under the Plan. Attached to the EFH/EFIH Disclosure Statement is the EFH/EFIH Disclosure Statement Order which contains the EFH/EFIH Solicitation Procedures which govern the solicitation and tabulation of votes to accept or reject the Plan.*

**THE EFH/EFIH VOTING DEADLINE IS 2:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 15, 2016.**

**Item 1. Amount of Class [Class Number and Class Description] Claims.**

The undersigned hereby certifies that as of the EFH/EFIH Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder), of a Class [Class Number] Claim in the following amount (*insert amount in box below*). If your Claim is held by a Nominee on your behalf and you do not know the amount of the Class [Class Number] Claims held, please contact your Nominee immediately:



$_____

---

[3]    The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[4]    Capitalized terms, used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

**Item 2.  Vote of Class [Class Number and Description].**

The Beneficial Holder of the Class [Class Number] Claims  set forth in Item 1 votes to (*please check one*):

<u>Check one box:</u>　　　❒　　**Accept** the Plan

　　　　　　　　　　　　❒　　**Reject** the Plan

**ITEM 3.  ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS (THE "RELEASES"):**

AS OF THE EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING CLAIMS AND CAUSES OF ACTION IDENTIFIED, CLAIMED, OR RELEASED IN THE STANDING MOTIONS, THE LITIGATION LETTERS, OR THE DISINTERESTED DIRECTORS SETTLEMENT, AS WELL AS ALL OTHER CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS (INCLUDING DIVIDENDS PAID), TRANSACTIONS PURSUANT AND/OR RELATED TO THE MASTER SEPARATION AGREEMENT DATED DECEMBER 12, 2001, THE TCEH CREDIT AGREEMENT, THE TCEH FIRST LIEN NOTES, THE CASH COLLATERAL ORDER (AND ANY PAYMENTS OR TRANSFERS IN CONNECTION THEREWITH), THE TCEH FIRST LIEN INTERCREDITOR AGREEMENT, THE LIABILITY MANAGEMENT PROGRAM, THE TAX SHARING AGREEMENTS, THE 2007 ACQUISITION, THE MANAGEMENT AGREEMENT, THE 2009 AMENDMENT TO THE TCEH CREDIT AGREEMENT, THE 2011 AMEND AND EXTEND TRANSACTIONS, THE 2005 ONCOR TRANSFER, THE 2013 REVOLVER EXTENSION, THE LUMINANT MAKEWHOLE SETTLEMENT, THE TAX AND INTEREST MAKEWHOLE AGREEMENTS, THE TCEH INTERCOMPANY NOTES, THE SHARED SERVICES, ANY PREFERENCE OR AVOIDANCE CLAIM PURSUANT TO SECTIONS 544, 547, 548, AND 549 OF THE BANKRUPTCY CODE, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE NEW EFH/EFIH PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE EFIH FIRST LIEN SETTLEMENT, THE ORIGINAL CONFIRMED PLAN, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE NEW EFH/EFIH PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE TRANSACTION AGREEMENTS, THE DIP FACILITIES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, THE TRANSACTION AGREEMENTS, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (I) ANY CLAIMS OR CAUSES OF ACTION BY THE HOLDERS OF TCEH FIRST LIEN CLAIMS, THE TCEH FIRST LIEN AGENT, OR THE TCEH FIRST LIEN NOTES TRUSTEE AGAINST ONE OR MORE HOLDERS OF TCEH FIRST LIEN CLAIMS, THE TCEH FIRST LIEN AGENT, OR THE TCEH FIRST LIEN NOTES TRUSTEE ARISING FROM OR IN CONNECTION WITH THE TCEH FIRST LIEN CREDITOR ALLOCATION DISPUTES, (II) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, (III) ANY RESTRUCTURING TRANSACTION, (IV) ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, (V) CLAIMS OR CAUSES OF ACTION ASSERTED BY ANY HOLDER OF ALLOWED CLASS C3 CLAIMS AGAINST ONE OR MORE HOLDERS OF ALLOWED CLASS C3 CLAIMS (OTHER THAN THE TCEH FIRST LIEN AGENT, EXCEPT IN THE TCEH FIRST LIEN AGENT'S CAPACITY AS A NOMINAL DEFENDANT TO DECLARATORY JUDGMENT CLAIMS IN RESPECT OF WHICH NO MONETARY RECOVERY IS SOUGHT) SOLELY WITH RESPECT TO THE TCEH FIRST LIEN CREDITOR DEPOSIT L/C COLLATERAL ALLOCATION DISPUTE, [OR (VI) THE CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE MERGER AGREEMENT SHALL NOT BE RELEASED; *PROVIDED, HOWEVER*, THAT SUCH CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE MERGER AGREEMENTSHALL BE SUBJECT TO TREATMENT PURSUANT TO THE PLAN AND SHALL BE DISCHARGED AS SET FORTH IN ARTICLE VIII.A HEREOF. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY CLAIMS OR CAUSES OF ACTION AGAINST THE PLAN SPONSOR RELATING TO THE DEBTORS' PURSUIT OF REGULATORY APPROVALS UNDER THE ORIGINAL CONFIRMED PLAN OR CLAIMS OR CAUSES OF ACTION THAT MAY BE BROUGHT BY THE PLAN SPONSOR AGAINST ANOTHER PARTY WHO BRINGS A CLAIM OR CAUSE OF ACTION AGAINST THE PLAN SPONSOR IN CONNECTION WITH THE DEBTORS' PURSUIT OF REGULATORY APPROVALS UNDER THE ORIGINAL CONFIRMED PLAN. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, AND FOR THE AVOIDANCE OF DOUBT, THE TCEH SETTLEMENT CLAIM SHALL BE TREATED, RELEASED, AND DISCHARGED ON THE EFH EFFECTIVE DATE. FOR THE AVOIDANCE OF DOUBT, (I) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH IN THIS ARTICLE VIII.D FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES, AS OF THE TCEH EFFECTIVE

[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]

**DATE; AND (II) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH IN THIS ARTICLE VIII.D FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE EFH DEBTORS, REORGANIZED EFH DEBTORS, EFIH DEBTORS, OR REORGANIZED EFIH DEBTORS AS OF THE EFH EFFECTIVE DATE; *PROVIDED* THAT ANY AND ALL INTERCOMPANY CLAIMS (OTHER THAN THE TCEH SETTLEMENT CLAIM) HELD BY OR HELD AGAINST THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES, SHALL BE RELEASED AS OF THE TCEH EFFECTIVE DATE.**

<u>IMPORTANT INFORMATION REGARDING THE RELEASES</u>:

UNDER THE PLAN, "RELEASING PARTY" MEANS COLLECTIVELY, AND IN EACH CASE ONLY IN ITS CAPACITY AS SUCH:  (A) THE EFH/EFIH PLAN SUPPORTERS; (B) MERGER SUB; (C) HOLDERS OF TCEH FIRST LIEN CLAIMS; (D) HOLDERS OF TCEH SECOND LIEN NOTE CLAIMS; (E) HOLDERS OF TCEH UNSECURED NOTE CLAIMS; (F) HOLDERS OF EFH LEGACY NOTE CLAIMS; (G) HOLDERS OF EFH UNEXCHANGED NOTE CLAIMS; (H) HOLDERS OF EFH LBO NOTE PRIMARY CLAIMS; (I) HOLDERS OF EFIH UNSECURED NOTE CLAIMS; (J) HOLDERS OF EFH LBO NOTE GUARANTY CLAIMS; (K) THE DIP LENDERS; (L) THE TCEH FIRST LIEN AGENT; (M) THE INDENTURE TRUSTEES OTHER THAN THE EFIH FIRST LIEN NOTES TRUSTEE AND THE EFIH SECOND LIEN NOTES TRUSTEE; (N) THE DEALER MANAGERS; (O) TEF; (P) TEXAS HOLDINGS; (Q) ONCOR; (R) FUNDS AND ACCOUNTS MANAGED OR ADVISED BY KOHLBERG KRAVIS ROBERTS & CO., L.P., TPG CAPITAL, L.P. OR GOLDMAN, SACHS & CO. THAT HOLD DIRECT OR INDIRECT INTERESTS IN TEXAS HOLDINGS, TEF, OR EFH CORP.; (S) THE COMMITTEES AND EACH OF THEIR RESPECTIVE MEMBERS; (T) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH; (U) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFCH; (V) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFIH DEBTORS; (W) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFH CORP.; (X) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH DEBTORS OTHER THAN EFH CORP.; (Y) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH SHARED SERVICES DEBTORS; (Z) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN; (AA) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (BB) ALL HOLDERS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN <u>AND</u> WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (CC) OV2; (DD) THE ORIGINAL PLAN SPONSORS; (EE) WITH RESPECT TO EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (DD), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; AND (FF) ALL HOLDERS OF CLAIMS AND INTERESTS, SOLELY WITH RESPECT TO RELEASES OF ALL HOLDERS OF INTERESTS IN EFH CORP. AND THEIR CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR AFFILIATES' CURRENT AND FORMER EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND THEIR CURRENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; *PROVIDED, HOWEVER,* THAT THE EFIH FIRST LIEN NOTES TRUSTEE, ALL HOLDERS OF CLAIMS DERIVED FROM OR BASED ON THE EFIH FIRST LIEN NOTES, THE EFIH SECOND LIEN NOTES TRUSTEE, AND ALL HOLDERS OF CLAIMS DERIVED FROM OR BASED ON THE EFIH SECOND LIEN NOTES, SHALL

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

NOT BE "RELEASING PARTIES," EXCEPT AS OTHERWISE AGREED BY A HOLDER IN ITS CAPACITY AS SUCH.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND ONLY IF YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN. IN THE CASE OF SUCH A DETERMINATION BY THE COURT, IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW. IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT. REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE EFH/EFIH VOTING DEADLINE, OR (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.

The Holder of the Class [Class Number] Claim set forth in Item 1 elects to:

☐     Opt Out of the Releases.

**Item 4.  Certification of Class [Class Number and Description] Claims Held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the Claim identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Class [Class Number] Claims owned by such Beneficial Holder as indicated in Item 1, except for the Claims identified in the following table, and (b) all Ballots for Class [Class Number] Claims submitted by the Beneficial Holder indicate the same vote to accept or reject the Plan that the Beneficial Holder has indicated in Item 2 of this Ballot (please use additional sheets of paper if necessary). **To be clear, if any Beneficial Holder holds Class [Class Number] Claims through one or more Nominees, such Beneficial Holder must identify all Class [Class Number] Claims held through its own name and/or each Nominee in the following table, and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

ONLY COMPLETE ITEM 4 IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF A CLASS [CLASS NUMBER AND DESCRIPTION] CLAIMS

| Account Number of Other Class [Class Number] Claims Voted | Name of Owner[5] | Principal Amount of Other Class [Class Number] Claims Voted | CUSIP of Other Class [Class Number] Claims Voted |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

---

[5]  Insert your name if the Class [Class Number] Claims are held by you in your own name or, if held in street name through a Nominee, insert the name of your broker or bank.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

**Item 5. Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.    as of the EFH/EFIH Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of Claims arising from the Class [Class Number] in the amount set forth in Item 1,

b.    the Beneficial Holder has received a copy of the EFH/EFIH Disclosure Statement, the Plan, and the remainder of the EFH/EFIH Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.    the Beneficial Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the EFH/EFIH Solicitation Package or other publicly available materials;

d.    the Beneficial Holder has cast the same vote with respect to all of the Beneficial Holder's Class [Class Number] Claims;

e.    the Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the claim and received by the Solicitation Agent before the EFH/EFIH Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

f.    the Beneficial Holder understands and acknowledges that the Solicitation Agent may verify the amount of Class [Class Number] Claims held by the Beneficial Holder as of the EFH/EFIH Voting Record Date set forth in Item 1 with any Nominee through which the Beneficial Holder holds its Class [Class Number] Claims and by returning an executed Ballot the Beneficial Holder directs any such Nominee to provide any information or comply with any actions requested by the Solicitation Agent to verify the amount set forth in Item 1 hereof. In the event of a discrepancy regarding such amount that cannot be timely reconciled without undue effort on the part of the Solicitation Agent, the amount shown on the records of the Nominee, if applicable, or the Debtors' records shall control; and

g.    the Beneficial Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Beneficial Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Beneficial Holder and shall not be affected by, and shall survive, the death or incapacity of the Beneficial Holder.

*[Remainder of page intentionally left blank.]*

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

**Item 6.  Beneficial Holder Information and Signature.**

Name of Beneficial Holder:_____

*(print or type)*

Signature:_____

Name of Signatory:_____

*(if other than Beneficial Holder)*

Title: _____

Address:_____

_____

_____

Date Completed:_____

**THE EFH/EFIH VOTING DEADLINE IS 2:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 15, 2016.**

*IF YOU RECEIVED A RETURN BALLOT ADDRESSED TO THE SOLICITATION AGENT (EPIQ BANKRUPTCY SOLUTIONS, LLC),* **PLEASE COMPLETE, AND DATE THE BALLOT AND RETURN IT PROMPTLY WITH AN ORIGINAL SIGNED COPY IN THE ENVELOPE PROVIDED SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY THE EFH/EFIH VOTING DEADLINE.**

*IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE,* **PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.  PLEASE ALLOW SUFFICIENT TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT COMPLETED BY YOUR NOMINEE.  THE MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE EFH/EFIH VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CONTACT THE THE SOLICITATION AGENT AT (877) 276-7311 OR EMAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.**

*[Remainder of page intentionally left blank.]*

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

## VOTING INSTRUCTIONS

1.  As described in the EFH/EFIH Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class [Class Number] Claims with respect to the Plan referred to in the EFH/EFIH Disclosure Statement. The Plan and EFH/EFIH Disclosure Statement are included in the EFH/EFIH Solicitation Package you received with the Ballot.  Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.  All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan.  **PLEASE READ THE PLAN AND THE EFH/EFIH DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BENEFICIAL HOLDER BALLOT.**  You may wish to seek legal advice concerning the Plan and the treatment of your claim or claims under the Plan.

2.  The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Beneficial Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3.  To ensure that your vote is counted, you must:  (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) **sign and return the Ballot in accordance with the instructions received and in the envelope provided, so that this Ballot or the master ballot cast on your behalf) is actually received by the Solicitation Agent by the EFH/EFIH Voting Deadline**.  If you are returning your Ballot to the Nominee that provided you with this Ballot, your completed Ballot must be sent to your Nominee, allowing sufficient time for your Nominee to receive your Ballot, complete a master ballot ("Master Ballot"), and transmit the Master Ballot to the Solicitation Agent so that it is <u>actually received</u> by the EFH/EFIH Voting Deadline.

    **The Solicitation Agent will not accept any ballots by email, facsimile or other electronic means.**  If you are directed by your Nominee to submit the Beneficial Holder Ballot to the Nominee via electronic means, such instructions to your Nominee shall have the same effect as if you had completed and returned a physical Beneficial Holder Ballot, including all certifications.

4.  The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the EFH/EFIH Voting Deadline.  **The EFH/EFIH Voting Deadline is November 15, 2016, at 2:00 p.m., prevailing Eastern Time.**

5.  If a Ballot is received after the EFH/EFIH Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order.  In all cases, Beneficial Holders should allow sufficient time to assure timely delivery.  No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.  A Ballot will not be counted unless received by the Solicitation Agent.

6.  The Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the claim and received by the Solicitation Agent before the EFH/EFIH Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7.  If a Holder holds a Claim or Interest, as applicable, in a EFH/EFIH Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that EFH/EFIH Voting Class.

8.  If a Beneficial Holder simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots will not be counted.

9.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto.  Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

10.     The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

11.     Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

12.     You must vote your entire Class [Class Number] Claims either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted as a vote to accept or reject the Plan.

13.     Any Ballot that is properly completed, executed and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

14.     The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

15.     If you hold Claims or Interests in more than one Class under the Plan or for different Claims within a Class you may receive more than one Ballot.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

16.     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided, however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

---

This Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certifications with respect to the Beneficial Holder Ballot.  Accordingly, at this time, holders of Bonds should not surrender certificates or instruments evidencing their bonds, and neither the Debtor nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered with a Beneficial Holder Ballot.

**If you have any questions regarding this Ballot, or if you did not receive a copy of the EFH/EFIH Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Solicitation Agent by phone at (877) 276-7311 or via email to efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line.**

## PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

## EXHIBIT A

*Your Nominee may have checked a box below to indicate the Note to which this Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Ballot.*

### CLASS [CLASS NUMBER AND DESCRIPTION] CLAIMS

|  | BOND DESCRIPTION | CUSIP |
|---|---|---|
| ☐ |  |  |
| ☐ |  |  |
| ☐ |  |  |
| ☐ |  |  |
| ☐ |  |  |

[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]

**EXHIBIT 2-C**

**General Purpose Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**BALLOT FOR ACCEPTING OR REJECTING THE THIRD AMENDED JOINT PLAN OF
REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, PURSUANT
TO CHAPTER 11 OF THE BANKRUPTCY CODE AS IT APPLIES TO THE EFH/EFIH DEBTORS**

**CLASS [CLASS NUMBER AND DESCRIPTION]**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "SOLICITATION AGENT") AT (877) 276-7311 OR E-MAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.  THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE TO THE DEBTORS' PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN).

- THIS BALLOT MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **2:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 15, 2016** (THE "EFH/EFIH VOTING DEADLINE").

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") are soliciting votes with respect to the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended, or supplemented from time to time, the "Plan") as it applies to the EFH/EFIH Debtors.

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc.,  EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

Energy Future Holdings Corp., *et al.*
Ballot for Class [Class Number and Description]

This ballot (the "Ballot") is being sent to you because records indicate that you are the Holder of a Class [Class Number] Claim as of September 19, 2016 (the "EFH/EFIH Voting Record Date"), and, accordingly, you may have a right to vote to accept or reject the Plan as it applies to the EFH/EFIH Debtors. This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan.

The *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH/EFIH Debtors*, and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "EFH/EFIH Disclosure Statement") describe the rights and treatment for each Class. The Plan and EFH/EFIH Disclosure Statement are included in the packet you are receiving with this Ballot (collectively, the "EFH/EFIH Solicitation Package").

*You should carefully and thoroughly review the EFH/EFIH Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class [Class Number] under the Plan. Attached as Exhibit [ ] to the EFH/EFIH Disclosure Statement is the EFH/EFIH Disclosure Statement Order which contains the EFH/EFIH Solicitation Procedures which govern the solicitation and tabulation of votes to accept or reject the Plan.*

**THE EFH/EFIH VOTING DEADLINE IS 2:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 15, 2016.**

**Item 1. Amount of Class [Class Number and Description].**

The undersigned hereby certifies that as of the EFH/EFIH Voting Record Date, the undersigned was the Holder of Class [Class Number] Claim(s) in the following aggregate amount.

| |
|---|
| Claim Amount for Voting:[3]  $_____ |

**Item 2. Vote of [Class Number and Description].**

The Holder of the Claim set forth in Item 1 votes to:

Check one box:        ☐    Accept the Plan

                              ☐    Reject the Plan

**ITEM 3.    ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS:**

> **AS OF THE EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING CLAIMS AND CAUSES OF ACTION IDENTIFIED, CLAIMED, OR RELEASED IN THE STANDING MOTIONS, THE LITIGATION LETTERS, OR THE DISINTERESTED DIRECTORS SETTLEMENT, AS WELL AS ALL OTHER CLAIMS AND CAUSES OF**

---

[3]    For voting purposes only; subject to tabulation rules.

ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS (INCLUDING DIVIDENDS PAID), TRANSACTIONS PURSUANT AND/OR RELATED TO THE MASTER SEPARATION AGREEMENT DATED DECEMBER 12, 2001, THE TCEH CREDIT AGREEMENT, THE TCEH FIRST LIEN NOTES, THE CASH COLLATERAL ORDER (AND ANY PAYMENTS OR TRANSFERS IN CONNECTION THEREWITH), THE TCEH FIRST LIEN INTERCREDITOR AGREEMENT, THE LIABILITY MANAGEMENT PROGRAM, THE TAX SHARING AGREEMENTS, THE 2007 ACQUISITION, THE MANAGEMENT AGREEMENT, THE 2009 AMENDMENT TO THE TCEH CREDIT AGREEMENT, THE 2011 AMEND AND EXTEND TRANSACTIONS, THE 2005 ONCOR TRANSFER, THE 2013 REVOLVER EXTENSION, THE LUMINANT MAKEWHOLE SETTLEMENT, THE TAX AND INTEREST MAKEWHOLE AGREEMENTS, THE TCEH INTERCOMPANY NOTES, THE SHARED SERVICES, ANY PREFERENCE OR AVOIDANCE CLAIM PURSUANT TO SECTIONS 544, 547, 548, AND 549 OF THE BANKRUPTCY CODE, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE NEW EFH/EFIH PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE EFIH FIRST LIEN SETTLEMENT, THE ORIGINAL CONFIRMED PLAN, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE NEW EFH/EFIH PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE TRANSACTION AGREEMENTS, THE DIP FACILITIES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, THE TRANSACTION AGREEMENTS, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (I) ANY CLAIMS OR CAUSES OF ACTION BY THE HOLDERS OF TCEH FIRST LIEN CLAIMS, THE TCEH FIRST LIEN AGENT, OR THE TCEH FIRST LIEN NOTES TRUSTEE AGAINST ONE OR MORE HOLDERS OF TCEH FIRST LIEN CLAIMS, THE TCEH FIRST LIEN AGENT, OR THE TCEH FIRST LIEN NOTES TRUSTEE ARISING FROM OR IN CONNECTION WITH THE TCEH

3

FIRST LIEN CREDITOR ALLOCATION DISPUTES, (II) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, (III) ANY RESTRUCTURING TRANSACTION, (IV) ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, (V) CLAIMS OR CAUSES OF ACTION ASSERTED BY ANY HOLDER OF ALLOWED CLASS C3 CLAIMS AGAINST ONE OR MORE HOLDERS OF ALLOWED CLASS C3 CLAIMS (OTHER THAN THE TCEH FIRST LIEN AGENT, EXCEPT IN THE TCEH FIRST LIEN AGENT'S CAPACITY AS A NOMINAL DEFENDANT TO DECLARATORY JUDGMENT CLAIMS IN RESPECT OF WHICH NO MONETARY RECOVERY IS SOUGHT) SOLELY WITH RESPECT TO THE TCEH FIRST LIEN CREDITOR DEPOSIT L/C COLLATERAL ALLOCATION DISPUTE, [OR (VI) THE CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE MERGER AGREEMENT SHALL NOT BE RELEASED; *PROVIDED, HOWEVER,* THAT SUCH CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE MERGER AGREEMENTSHALL BE SUBJECT TO TREATMENT PURSUANT TO THE PLAN AND SHALL BE DISCHARGED AS SET FORTH IN ARTICLE VIII.A HEREOF. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY CLAIMS OR CAUSES OF ACTION AGAINST THE PLAN SPONSOR RELATING TO THE DEBTORS' PURSUIT OF REGULATORY APPROVALS UNDER THE ORIGINAL CONFIRMED PLAN OR CLAIMS OR CAUSES OF ACTION THAT MAY BE BROUGHT BY THE PLAN SPONSOR AGAINST ANOTHER PARTY WHO BRINGS A CLAIM OR CAUSE OF ACTION AGAINST THE PLAN SPONSOR IN CONNECTION WITH THE DEBTORS' PURSUIT OF REGULATORY APPROVALS UNDER THE ORIGINAL CONFIRMED PLAN. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, AND FOR THE AVOIDANCE OF DOUBT, THE TCEH SETTLEMENT CLAIM SHALL BE TREATED, RELEASED, AND DISCHARGED ON THE EFH EFFECTIVE DATE. FOR THE AVOIDANCE OF DOUBT, (I) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH IN THIS ARTICLE VIII.D FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES, AS OF THE TCEH EFFECTIVE DATE; AND (II) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH IN THIS ARTICLE VIII.D FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE EFH DEBTORS, REORGANIZED EFH DEBTORS, EFIH DEBTORS, OR REORGANIZED EFIH DEBTORS AS OF THE EFH EFFECTIVE DATE; *PROVIDED* THAT ANY AND ALL INTERCOMPANY CLAIMS (OTHER THAN THE TCEH SETTLEMENT CLAIM) HELD BY OR HELD AGAINST THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES, SHALL BE RELEASED AS OF THE TCEH EFFECTIVE DATE.

**IMPORTANT INFORMATION REGARDING THE RELEASES:**

UNDER THE PLAN, "RELEASING PARTY" MEANS COLLECTIVELY, AND IN EACH CASE ONLY IN ITS CAPACITY AS SUCH:  (A) THE EFH/EFIH PLAN SUPPORTERS; (B) MERGER SUB; (C) HOLDERS OF TCEH FIRST LIEN CLAIMS; (D) HOLDERS OF TCEH SECOND LIEN NOTE CLAIMS; (E) HOLDERS OF TCEH UNSECURED NOTE CLAIMS; (F) HOLDERS OF EFH LEGACY NOTE CLAIMS; (G) HOLDERS OF EFH UNEXCHANGED NOTE CLAIMS; (H) HOLDERS OF EFH LBO NOTE PRIMARY CLAIMS; (I) HOLDERS OF EFIH UNSECURED NOTE CLAIMS; (J) HOLDERS OF EFH LBO NOTE GUARANTY CLAIMS; (K) THE DIP LENDERS; (L) THE TCEH FIRST LIEN AGENT; (M) THE INDENTURE TRUSTEES OTHER THAN THE EFIH FIRST LIEN NOTES TRUSTEE AND THE EFIH SECOND LIEN NOTES TRUSTEE; (N) THE DEALER MANAGERS; (O) TEF; (P) TEXAS HOLDINGS; (Q) ONCOR; (R) FUNDS AND ACCOUNTS MANAGED OR ADVISED BY KOHLBERG KRAVIS ROBERTS & CO., L.P., TPG CAPITAL, L.P. OR GOLDMAN, SACHS & CO. THAT HOLD DIRECT OR INDIRECT INTERESTS IN TEXAS HOLDINGS, TEF, OR EFH CORP.; (S) THE COMMITTEES AND EACH OF THEIR RESPECTIVE MEMBERS; (T) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH; (U) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFCH; (V) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFIH DEBTORS; (W) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFH CORP.; (X) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH DEBTORS OTHER THAN EFH CORP.; (Y) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH SHARED SERVICES DEBTORS; (Z) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN; (AA) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (BB) ALL HOLDERS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN <u>AND</u> WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (CC) OV2; (DD) THE ORIGINAL PLAN SPONSORS; (EE) WITH RESPECT TO EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (DD), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; AND (FF) ALL HOLDERS OF CLAIMS AND INTERESTS, SOLELY WITH RESPECT TO RELEASES OF ALL HOLDERS OF INTERESTS IN EFH CORP. AND THEIR CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR AFFILIATES' CURRENT AND FORMER EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND THEIR CURRENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; *PROVIDED, HOWEVER*, THAT THE EFIH FIRST LIEN NOTES TRUSTEE, ALL HOLDERS OF CLAIMS DERIVED FROM OR BASED ON THE EFIH FIRST LIEN NOTES, THE EFIH SECOND LIEN NOTES TRUSTEE, AND ALL HOLDERS OF CLAIMS DERIVED FROM OR BASED ON THE EFIH SECOND LIEN NOTES, SHALL NOT BE "RELEASING PARTIES," EXCEPT AS OTHERWISE AGREED BY A HOLDER IN ITS CAPACITY AS SUCH.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND <u>ONLY IF</u> YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN.  IN THE CASE OF SUCH A DETERMINATION BY THE COURT, IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW.  IF YOU SATISFY THE ABOVE REQUIREMENTS AND

CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT.  REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE EFH/EFIH VOTING DEADLINE, OR (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.

The Holder of the Class [Class Number] Claim set forth in Item 1 elects to:

☐    Opt Out of the Releases.

**Item 4.  Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.    as of the EFH/EFIH Voting Record Date, the undersigned was the Holder of Claims set forth in Item 1 above and/or (ii) it has full power and authority to vote to accept or reject the Plan; and

b.    the Holder has received a copy of the EFH/EFIH Disclosure Statement, the Plan, and the remainder of the EFH/EFIH Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.    the Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the EFH/EFIH Solicitation Package or other publicly available materials;

d.    the Holder has cast the same vote with respect to all of the Holder's claims in this Class;

e.    the Holder understands and acknowledges that if multiple Ballots are submitted voting the same claim, only the last properly completed Ballot received before the EFH/EFIH Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

f.    the Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

*[Remainder of page intentionally left blank.]*

6

**Item 5. Claim Holder Information and Signature.**

Name of Claim Holder:_____
*(print or type)*

Signature:_____

Name of Signatory:_____
*(if other than Claim Holder)*

If by Authorized Agent, Title of Agent: _____

Address:_____

_____

_____

Date Completed:_____

### PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT PROMPTLY IN THE RETURN ENVELOPE PROVIDED OR AS FOLLOWS:

| If by First Class Mail to: | If by Overnight Courier or Personal Delivery: |
| --- | --- |
| EFH/EFIH Ballot Processing c/o Epiq Bankruptcy Solutions, LLC P.O. Box 4422 Beaverton, OR 97076-4422 | EFH/EFIH Ballot Processing c/o Epiq Bankruptcy Solutions, LLC 10300 SW Allen Boulevard Beaverton, OR 97005 |

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE EFH/EFIH VOTING DEADLINE, WHICH IS 2:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 15, 2016.**

**BALLOTS RECEIVED VIA EMAIL OR FACSIMILE WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (877) 276-7311 OR EMAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.**

*[Remainder of page intentionally left blank.]*

## VOTING INSTRUCTIONS FOR CLASS [CLASS NUMBER AND DESCRIPTION]

1.     As described in the EFH/EFIH Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in EFH/EFIH Voting Classes with respect to the Plan referred to in the EFH/EFIH Disclosure Statement. The Plan and EFH/EFIH Disclosure Statement are included in the EFH/EFIH Solicitation Package you are receiving with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. **PLEASE READ THE PLAN AND THE EFH/EFIH DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.** You may wish to seek legal advice concerning the Plan and the treatment of your claim or claims under the Plan.

2.     The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.

3.     To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually underline{received} by the EFH/EFIH Voting Deadline. **Ballots will not be accepted by email, facsimile or other electronic means.**

4.     The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the EFH/EFIH Voting Deadline. **The EFH/EFIH Voting Deadline November 15, 2016, at 2:00 p.m., prevailing Eastern Time**.

5.     If a Ballot is received after the EFH/EFIH Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

6.     The Holder understands and acknowledges that if multiple Ballots are submitted voting the same claim, only the last properly completed Ballot received before the EFH/EFIH Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7.     If a Holder holds a Claim or Interest, as applicable, in a EFH/EFIH Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that EFH/EFIH Voting Class.

8.     If voter simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots shall not be counted.

9.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

10.     The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

11.     Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

12.     You must vote your entire Claim in a Class to either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

13. Any Ballot that is properly completed, executed and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

14. The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

15. If you hold Claims or Interests in more than one Class under the Plan or for different Claims within a Class you may receive more than one Ballot. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

16. If a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent or disputed (as determined (i) on the face of your Claim, (ii) pursuant to the Plan, or (iii) after a reasonable review of the supporting documentation by the Debtors or the Solicitation Agent) and such Claim has not been allowed, your Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

17. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided, however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

## PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**If you have any questions regarding this Ballot, or if you did not receive a copy of the EFH/EFIH Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Solicitation Agent by phone at (877) 276-7311 or via email to efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line.**

**EXHIBIT 2-D**

**Form of Ballot for Class A6 and Class B5**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE THIRD AMENDED JOINT PLAN OF
REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, PURSUANT TO CHAPTER 11
OF THE BANKRUPTCY CODE AS IT APPLIES TO THE EFH/EFIH DEBTORS**

**CLASS A6 — EFH LBO NOTE PRIMARY CLAIMS
CLASS B5 — EFH LBO NOTE GUARANTY CLAIMS**

---

- IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "SOLICITATION AGENT") AT (646) 282-2500 OR EMAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.

- THIS MASTER BALLOT MUST BE **ACTUALLY RECEIVED** BY **2:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 15, 2016** (THE "EFH/EFIH VOTING DEADLINE").

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS AND INTERESTS REGARDLESS OF WHETHER THEY HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS MASTER BALLOT.

---

Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") are soliciting votes with respect to the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

et al., *Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended, or supplemented from time to time, the "Plan") as it applies to the EFH/EFIH Debtors.[3]

This master ballot (the "Master Ballot") to be used by you because records indicate that you are the Nominee (as defined below) of a Class A6 EFH LBO Note Primary Claim and a Class B5 EFH LBO Note Guaranty Claim as of September 19, 2016 (the "EFH/EFIH Voting Record Date"). Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims include any Claim derived from or based upon EFH LBO Notes.

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner for the Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims (the "Class A6 and B5 Claims"), to transmit to the Solicitation Agent the votes of such beneficial holders in respect of their Class A6 and B5 Claims to accept or reject the Plan. CUSIPS for the Class A6 and B5 Claims entitled to vote are identified on Exhibit A attached hereto. This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan.**

The *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH/EFIH Debtors*, and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "EFH/EFIH Disclosure Statement") describe the rights and treatment for each Class. The Plan and EFH/EFIH Disclosure Statement are included in the packet you are receiving with this Master Ballot (collectively, the "EFH/EFIH Solicitation Package"). This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto.

**YOUR VOTE ON THIS BALLOT FOR CLASS A6 EFH LBO NOTE PRIMARY CLAIMS AND CLASS B5 EFH LBO NOTE GUARANTY CLAIMS SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A CLASS A6 EFH LBO NOTE PRIMARY CLAIM AND CLASS B5 EFH LBO NOTE GUARANTY CLAIM.**

The Court may confirm the Plan and thereby bind all Beneficial Holders of Claims and Interests. To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Solicitation Agent **actually receives** it on or before the EFH/EFIH Voting Deadline.

**THE EFH/EFIH VOTING DEADLINE IS 2:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 15, 2016.**

**Item 1.  Certification of Authority to Vote.**

The undersigned certifies that, as of the EFH/EFIH Voting Record Date, the undersigned (please check the applicable box):

    ☐ Is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the Class A6 and B5 Claims listed in Item 2 below, and is the record holder of such bonds, or

    ☐ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of Class A6 and B5 Claims listed in Item 2 below, or

    ☐ Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of Class A6 and B5 Claims listed in Item 2 below,

---

[3]  Capitalized terms, used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial owners of the Class A6 and B5 Claims described in Item 2.

### Item 2.  Class A6 and B5 Claims Claims Vote on Plan and Item 3.  Releases

The undersigned transmits the following votes and releases of Beneficial Holders of Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims against the Debtors and certifies that the following Beneficial Holders of Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the EFH/EFIH Voting Record Date and have delivered to the undersigned, as Nominee, ballots ("Ballots") casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each Beneficial Holder must vote all such of their Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims to accept or reject the Plan and may not split such vote.  Any Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.  If the Beneficial Holder has checked the box on Item 3 of the Beneficial Holder Ballot pertaining to the releases by Holders of Claims and Interests, as detailed in Article VIII.D of the Plan please place an X in the Item 3. column below. The full text of Article VIII.D is duplicated in the Master Ballot Instructions.

## A SEPARATE MASTER BALLOT MUST BE USED FOR EACH CUSIP.

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

3

Energy Future Holdings Corp., *et al.*
Master Ballot for
Class A6 EFH LBO Note Primary Claims and
Class B5 EFH LBO Note Guaranty Claims

| CUSIP VOTED ON THIS MASTER BALLOT _____ (CUSIP NO.) | | | | | | |
|---|---|---|---|---|---|---|
| **Your Customer Account Number for Each Beneficial Owner of Voting Classes A6 and B5** | **Principal Amount Held as of EFH/EFIH Voting Record Date** | **Item 2** Indicate the vote cast on the Beneficial Holder Ballot by placing an "X" in the appropriate column below. | | | | **Item 3** If the box in Item 3 of the Beneficial Holder Ballot was completed, place an "X" in the column below |
| | | **Accept the Plan** | **or** | **Reject the Plan** | **or** | |
| 1 | $ | | | | | |
| 2 | $ | | | | | |
| 3 | $ | | | | | |
| 4 | $ | | | | | |
| 5 | $ | | | | | |
| 6 | $ | | | | | |
| **TOTALS** | $ | | | | | |

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

Energy Future Holdings Corp., *et al.*
Master Ballot for
Class A6 EFH LBO Note Primary Claims and
Class B5 EFH LBO Note Guaranty Claims

**Item 4.  Certification as to Transcription of Information from Item 4 of the Ballots as to Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims Voted Through Other Ballots.**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Beneficial Ballot received from a Beneficial Owner. Please use additional sheets of paper if necessary.

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 4 of the Ballots | TRANSCRIBE FROM ITEM 4 OF THE BENEFICIAL HOLDER BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number of Other Class A6 and B5 Claims Voted | Name of Owner | Principal Amount of Other Class Class A6 and B5 Claims Voted | CUSIP of Other Class Class A6 and B5 Claims Voted |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**Item 5.  Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

1.      it has received a copy of the EFH/EFIH Disclosure Statement, the Plan, the Ballots and the remainder of the EFH/EFIH Solicitation Package and has delivered the same to the Beneficial Holders of the Class A6 and B5 Claims listed in Item 2 above;

2.      it has received appropriate voting instructions from each Beneficial Holder listed in Item 2 of this Master Ballot; or

3.      it is the registered Beneficial Holder of the securities being voted, or

4.      it has been authorized by each such Beneficial Holder to vote on the Plan;

5.      it has properly disclosed:  (a) the number of Beneficial Holders who completed Ballots; (b) the respective amounts of the Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims owned, as the case may be, by each Beneficial Holder who completed a Ballot; (c) each such Beneficial Holder's respective vote concerning the Plan; (e) each such Beneficial Holder's certification as to other Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims voted; and (f) the customer account or other identification number for each such Beneficial Holder; and

6.      it will maintain Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Effective Date and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.

Name of Nominee: _____
                                                      (Print or Type)

Participant Number: _____

Name of Proxy Holder or Agent for Nominee (if applicable):

_____
                                                      (Print or Type)

Signature: _____

Name of Signatory: _____

Title: _____

Address: _____

_____

_____

Date Completed: _____

Email Address: _____

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

Energy Future Holdings Corp., *et al.*
Master Ballot for
Class A6 EFH LBO Note Primary Claims and
Class B5 EFH LBO Note Guaranty Claims

**THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE EFH/EFIH VOTING DEADLINE, WHICH IS 2:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 15, 2016.**

**BALLOTS RECEIVED VIA EMAIL OR FACSIMILE WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (646) 282-2500 OR EMAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.**

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**PLEASE COMPLETE, SIGN AND, DATE THE MASTER BALLOT AND RETURN IT WITH AN
ORIGINAL SIGNATURE PROMPTLY TO:**

| Via First Class Mail, Overnight Courier or Hand Delivery: |
|---|
| EFH/EFIH Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>777 Third Avenue, 12th Floor<br>New York, NY 10017 |

**YOUR MASTER BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE EFH/EFIH VOTING
DEADLINE, WHICH IS <u>2:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 15, 2016</u>**

IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE INSTRUCTIONS,
PLEASE CALL THE DEBTORS' SOLICITATION AGENT,
EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (646) 282-2500 OR EMAIL EFHVOTE@EPIQSYSTEMS.COM
AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.

<u>VOTING INSTRUCTIONS</u>

1.      As described in the EFH/EFIH Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims with respect to the Plan referred to in the EFH/EFIH Disclosure Statement. The Plan and EFH/EFIH Disclosure Statement are included in the EFH/EFIH Solicitation Package you are receiving with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.

2.      The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Beneficial Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3.      You should immediately distribute the Ballots and the EFH/EFIH Solicitation Package to all Beneficial Holders of Class A6 and B5 Claims and take any action required to enable each such Beneficial Holder to timely vote the Claims that it holds. Any Ballot returned to you by a Beneficial Holder of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Solicitation Agent, a Master Ballot that reflects the vote of such Beneficial Holders by 2:00 p.m. (prevailing Eastern Time) on November 15, 2016, or otherwise validate the Ballot in a manner acceptable to the Solicitation Agent.

        If you are transmitting the votes of any beneficial owners of Class A6 and B5 Claims other than yourself, you may <u>either</u>:

        (a)      "Pre-validate" the individual Beneficial Holder Ballot contained in the EFH/EFIH Solicitation Package and then forward the EFH/EFIH Solicitation Package to the Beneficial Holder of the Class A6 and B5 Claim for voting within five (5) Business Days after the receipt by such Nominee of the EFH/EFIH Solicitation Package, with the Beneficial Holder then returning the individual Beneficial Holder Ballot directly to the Solicitation Agent in the return envelope provided in the EFH/EFIH Solicitation Package. A Nominee "pre-validates" a Beneficial Holder Ballot by signing the Ballot and including their DTC participant number; indicating the account number of the Beneficial Holder and the principal amount of Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims held by the Nominee for such Beneficial Holder, and then forwarding the Ballot together with the EFH/EFIH Solicitation Package to the

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

8

Beneficial Holder. The Beneficial Holder then completes the information requested on the Ballot and returns the Ballot directly to the Solicitation Agent. A list of the Beneficial Holders to whom "pre-validated" Ballots were delivered should be maintained by nominees for inspection for at least one year from the Effective Date; OR

(b)    Within five (5) Business Days after receipt by such Nominee of the EFH/EFIH Solicitation Package, forward the EFH/EFIH Solicitation Package to the Beneficial Holder of the Class A6 and B5 Claim for voting along with a return envelope provided by and addressed to the Nominee, with the beneficial owner then returning the individual Beneficial Holder Ballot to the Nominee. In such case, the Nominee will tabulate the votes of its respective Beneficial Owners on a Master Ballot that will be provided to the Nominee separately by the Solicitation Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Solicitation Agent. The Nominee should advise the Beneficial Holders to return their individual Beneficial Holder Ballots to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Solicitation Agent so that the Master Ballot is <u>actually</u> <u>received</u> by the Solicitation Agent on or before the EFH/EFIH Voting Deadline.

4.    With regard to any Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Solicitation Agent by the EFH/EFIH Voting Deadline; and (d) retain such Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one year after the EFH/EFIH Effective Date. You may be ordered to produce the Ballots to the Debtors or the Bankruptcy Court.

5.    The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the EFH/EFIH Voting Deadline. **The EFH/EFIH Voting Deadline is November 15, 2016, at 2:00 p.m., prevailing Eastern Time**.

6.    If a Ballot is received after the EFH/EFIH Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Beneficial Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

7.    If multiple Master Ballots are received from the same Nominee with respect to the same Ballot belonging to a Beneficial Holder of a Claim prior to the EFH/EFIH Voting Deadline, the vote on the last properly completed Master Ballot timely received will supersede and revoke the vote of such Beneficial Holder on any earlier received Master Ballot.

8.    If a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

9.    If a voter simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots shall not be counted.

10.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

11.     The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

12.     Please be sure to sign and date your Master Ballot. You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13.     If you are both the Nominee and the Beneficial Holder of any of the Class A6 and B5 Claims and you wish to vote such Class A6 and B5 Claims, you may return a Ballot or Master Ballot for such Class A6 and B5 Claims and you must vote your entire Class A6 and B5 Claims to either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot, other than a Master Ballot with the votes of multiple holders, that partially rejects and partially accepts the Plan will not be counted.

14.     The following Ballots and Master Ballots shall not be counted in determining the acceptance or rejection of the Plan:  (a) any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder of the Claim; (b) any Ballot or Master Ballot cast by a Party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot or Master Ballot; (d) any Ballot or Master Ballot that does not contain an original signature; (e) any Ballot or Master Ballot not marked to accept or reject the Plan; and (f) any Ballot or Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

15.     If a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent or disputed (as determined (i) on the face of your Claim, (ii) pursuant to the Plan, or (iii) after a reasonable review of the supporting documentation by the Debtors or the Solicitation Agent) and such Claim has not been allowed, your Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00; provided, that with respect to (iii), any such determinations will be documented in the Voting Report.

16.     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided, however,* that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

The following additional rules shall apply to Master Ballots:

17.     Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Class A6 and B5 Claims as of the Record Date, as evidenced by the record and depository listings.

18.     Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, will not be counted in excess of the record amount of the Class A6 and B5 Claims held by such Nominee;

19.     To the extent that conflicting votes or "overvotes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, the Solicitation Agent will attempt to reconcile discrepancies with the Nominee;

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

20.     To the extent that overvotes on a Master Ballot or pre-validated Beneficial Holder Ballots are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Beneficial Holder Ballots that contained the overvote, but only to the extent of the Nominee's position in Class A6 and B5 Claims; and

21.     For purposes of tabulating votes, each Beneficial Holder holding through a particular account will be deemed to have voted the principal amount relating its holding in that particular account, although the Solicitation Agent may be asked to adjust such principal amount to reflect the claim amount.

**ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS (THE "RELEASES"):**

> **AS OF THE EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING CLAIMS AND CAUSES OF ACTION IDENTIFIED, CLAIMED, OR RELEASED IN THE STANDING MOTIONS, THE LITIGATION LETTERS, OR THE DISINTERESTED DIRECTORS SETTLEMENT, AS WELL AS ALL OTHER CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS (INCLUDING DIVIDENDS PAID), TRANSACTIONS PURSUANT AND/OR RELATED TO THE MASTER SEPARATION AGREEMENT DATED DECEMBER 12, 2001, THE TCEH CREDIT AGREEMENT, THE TCEH FIRST LIEN NOTES, THE CASH COLLATERAL ORDER (AND ANY PAYMENTS OR TRANSFERS IN CONNECTION THEREWITH), THE TCEH FIRST LIEN INTERCREDITOR AGREEMENT, THE LIABILITY MANAGEMENT PROGRAM, THE TAX SHARING AGREEMENTS, THE 2007 ACQUISITION, THE MANAGEMENT AGREEMENT, THE 2009 AMENDMENT TO THE TCEH CREDIT AGREEMENT, THE 2011 AMEND AND EXTEND TRANSACTIONS, THE 2005 ONCOR TRANSFER, THE 2013 REVOLVER EXTENSION, THE LUMINANT MAKEWHOLE SETTLEMENT, THE TAX AND INTEREST MAKEWHOLE AGREEMENTS, THE TCEH INTERCOMPANY NOTES, THE SHARED SERVICES, ANY PREFERENCE OR AVOIDANCE CLAIM PURSUANT TO SECTIONS 544, 547, 548, AND 549 OF THE BANKRUPTCY CODE, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE NEW EFH/EFIH PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE EFIH FIRST LIEN SETTLEMENT, THE ORIGINAL CONFIRMED PLAN, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE**

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

11

PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE NEW EFH/EFIH PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE TRANSACTION AGREEMENTS, THE DIP FACILITIES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, THE TRANSACTION AGREEMENTS, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (I) ANY CLAIMS OR CAUSES OF ACTION BY THE HOLDERS OF TCEH FIRST LIEN CLAIMS, THE TCEH FIRST LIEN AGENT, OR THE TCEH FIRST LIEN NOTES TRUSTEE AGAINST ONE OR MORE HOLDERS OF TCEH FIRST LIEN CLAIMS, THE TCEH FIRST LIEN AGENT, OR THE TCEH FIRST LIEN NOTES TRUSTEE ARISING FROM OR IN CONNECTION WITH THE TCEH FIRST LIEN CREDITOR ALLOCATION DISPUTES, (II) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, (III) ANY RESTRUCTURING TRANSACTION, (IV) ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, (V) CLAIMS OR CAUSES OF ACTION ASSERTED BY ANY HOLDER OF ALLOWED CLASS C3 CLAIMS AGAINST ONE OR MORE HOLDERS OF ALLOWED CLASS C3 CLAIMS (OTHER THAN THE TCEH FIRST LIEN AGENT, EXCEPT IN THE TCEH FIRST LIEN AGENT'S CAPACITY AS A NOMINAL DEFENDANT TO DECLARATORY JUDGMENT CLAIMS IN RESPECT OF WHICH NO MONETARY RECOVERY IS SOUGHT) SOLELY WITH RESPECT TO THE TCEH FIRST LIEN CREDITOR DEPOSIT L/C COLLATERAL ALLOCATION DISPUTE, [OR (VI) THE CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE MERGER AGREEMENT SHALL NOT BE RELEASED; *PROVIDED, HOWEVER*, THAT SUCH CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE MERGER AGREEMENTSHALL BE SUBJECT TO TREATMENT PURSUANT TO THE PLAN AND SHALL BE DISCHARGED AS SET FORTH IN ARTICLE VIII.A HEREOF. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY CLAIMS OR CAUSES OF ACTION AGAINST THE PLAN SPONSOR RELATING TO THE DEBTORS' PURSUIT OF REGULATORY APPROVALS UNDER THE ORIGINAL CONFIRMED PLAN OR CLAIMS OR CAUSES OF ACTION THAT MAY BE BROUGHT BY THE PLAN SPONSOR AGAINST ANOTHER PARTY WHO BRINGS A CLAIM OR CAUSE OF ACTION AGAINST THE PLAN SPONSOR IN CONNECTION WITH THE DEBTORS' PURSUIT OF REGULATORY APPROVALS UNDER THE ORIGINAL CONFIRMED PLAN. NOTWITHSTANDING ANYTHING TO THE

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**CONTRARY IN THE FOREGOING, AND FOR THE AVOIDANCE OF DOUBT, THE TCEH SETTLEMENT CLAIM SHALL BE TREATED, RELEASED, AND DISCHARGED ON THE EFH EFFECTIVE DATE. FOR THE AVOIDANCE OF DOUBT, (I) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH IN THIS ARTICLE VIII.D FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES, AS OF THE TCEH EFFECTIVE DATE; AND (II) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH IN THIS ARTICLE VIII.D FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE EFH DEBTORS, REORGANIZED EFH DEBTORS, EFIH DEBTORS, OR REORGANIZED EFIH DEBTORS AS OF THE EFH EFFECTIVE DATE; *PROVIDED* THAT ANY AND ALL INTERCOMPANY CLAIMS (OTHER THAN THE TCEH SETTLEMENT CLAIM) HELD BY OR HELD AGAINST THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES, SHALL BE RELEASED AS OF THE TCEH EFFECTIVE DATE.**

## IMPORTANT INFORMATION REGARDING THE RELEASES :

UNDER THE PLAN, "RELEASING PARTY" MEANS COLLECTIVELY, AND IN EACH CASE ONLY IN ITS CAPACITY AS SUCH:  (A) THE EFH/EFIH PLAN SUPPORTERS; (B) MERGER SUB; (C) HOLDERS OF TCEH FIRST LIEN CLAIMS; (D) HOLDERS OF TCEH SECOND LIEN NOTE CLAIMS; (E) HOLDERS OF TCEH UNSECURED NOTE CLAIMS; (F) HOLDERS OF EFH LEGACY NOTE CLAIMS; (G) HOLDERS OF EFH UNEXCHANGED NOTE CLAIMS; (H) HOLDERS OF EFH LBO NOTE PRIMARY CLAIMS; (I) HOLDERS OF EFIH UNSECURED NOTE CLAIMS; (J) HOLDERS OF EFH LBO NOTE GUARANTY CLAIMS; (K) THE DIP LENDERS; (L) THE TCEH FIRST LIEN AGENT; (M) THE INDENTURE TRUSTEES OTHER THAN THE EFIH FIRST LIEN NOTES TRUSTEE AND THE EFIH SECOND LIEN NOTES TRUSTEE; (N) THE DEALER MANAGERS; (O) TEF; (P) TEXAS HOLDINGS; (Q) ONCOR; (R) FUNDS AND ACCOUNTS MANAGED OR ADVISED BY KOHLBERG KRAVIS ROBERTS & CO., L.P., TPG CAPITAL, L.P. OR GOLDMAN, SACHS & CO. THAT HOLD DIRECT OR INDIRECT INTERESTS IN TEXAS HOLDINGS, TEF, OR EFH CORP.; (S) THE COMMITTEES AND EACH OF THEIR RESPECTIVE MEMBERS; (T) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH; (U) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFCH; (V) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFIH DEBTORS; (W) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFH CORP.; (X) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH DEBTORS OTHER THAN EFH CORP.; (Y) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH SHARED SERVICES DEBTORS; (Z) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN; (AA) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (BB) ALL HOLDERS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (CC) OV2; (DD) THE ORIGINAL PLAN SPONSORS; (EE) WITH RESPECT TO EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (DD), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS,

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; AND (FF) ALL HOLDERS OF CLAIMS AND INTERESTS, SOLELY WITH RESPECT TO RELEASES OF ALL HOLDERS OF INTERESTS IN EFH CORP. AND THEIR CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR AFFILIATES' CURRENT AND FORMER EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND THEIR CURRENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; *PROVIDED, HOWEVER,* THAT THE EFIH FIRST LIEN NOTES TRUSTEE, ALL HOLDERS OF CLAIMS DERIVED FROM OR BASED ON THE EFIH FIRST LIEN NOTES, THE EFIH SECOND LIEN NOTES TRUSTEE, AND ALL HOLDERS OF CLAIMS DERIVED FROM OR BASED ON THE EFIH SECOND LIEN NOTES, SHALL NOT BE "RELEASING PARTIES," EXCEPT AS OTHERWISE AGREED BY A HOLDER IN ITS CAPACITY AS SUCH.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND ONLY IF YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN. IN THE CASE OF SUCH A DETERMINATION BY THE COURT, IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW. IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT. REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE EFH/EFIH VOTING DEADLINE, OR (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.

### PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY!

**If you have any questions regarding this Ballot, or if you did not receive a copy of the EFH/EFIH Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Solicitation Agent by phone at (646) 282-2500 or via email to efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line.**

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

Energy Future Holdings Corp., *et al.*
Master Ballot for
Class A6 EFH LBO Note Primary Claims and
Class B5 EFH LBO Note Guaranty Claims

### Exhibit A

*Please check a box below to indicate the Class A6 EFH LBO Note Primary Claim and Class B5 EFH LBO Note Guaranty Claim to which this Master Ballot pertains and add the CUSIP No. to Item 2 on page 4.*

**CLASS A6 — EFH LBO NOTE PRIMARY CLAIMS**
**CLASS B5 — EFH LBO NOTE GUARANTY CLAIMS**

| | BOND DESCRIPTION | CUSIP |
|---|---|---|
| ☐ | | |
| ☐ | | |
| ☐ | | |
| ☐ | | |
| ☐ | | |

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

## EXHIBIT 2-E

**Form of Beneficial Holder Ballot for Class A6 and Class B5**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR REJECTING THE THIRD AMENDED JOINT
PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, PURSUANT TO
CHAPTER 11 OF THE BANKRUPTCY CODE AS IT APPLIES TO THE EFH/EFIH DEBTORS**

**CLASS A6 — EFH LBO NOTE PRIMARY CLAIMS
CLASS B5 — EFH LBO NOTE GUARANTY CLAIMS**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "SOLICITATION AGENT") AT (877) 276-7311 OR E-MAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT. THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE TO THE DEBTORS' PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN).

- THIS BALLOT (OR THE MASTER BALLOT REFLECTING THE VOTE CAST ON THIS BALLOT) MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **2:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 15, 2016** (THE "EFH/EFIH VOTING DEADLINE").

- IF A BENEFICIAL HOLDER HOLDS CLASS A6 AND CLASS B5 CLAIMS IN ITS OWN NAME AND/OR THROUGH ONE OR MORE NOMINEES,[2] SUCH BENEFICIAL HOLDER MUST IDENTIFY ALL CLASS A6 AND CLASS B5 CLAIMS HELD IN ACCORDANCE WITH ITEM 4 OF THIS BALLOT, AND MUST INDICATE THE SAME VOTE TO ACCEPT OR REJECT THE PLAN ON ALL BALLOTS SUBMITTED.

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] "Nominee" means a broker, dealer, commercial bank, trust company or other agent nominee who holds Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims for the benefit of certain Beneficial Holders.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[3] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") are soliciting votes with respect to the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended, or supplemented from time to time, the "Plan") as it applies to the EFH/EFIH Debtors.[4]

The Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims include any Claim derived from or based upon any EFH LBO Note Claims. This Beneficial Holder Ballot (the "Ballot") is being sent to you because records indicate that you are the Beneficial Holder of a Class A6 EFH LBO Note Primary Claim and a Class B5 EFH LBO Note Guaranty Claim as of September 19, 2016 (the "EFH/EFIH Voting Record Date"), and, accordingly, you may have a right to vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan. CUSIPS for Class Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims entitled to vote are identified on **Exhibit A** attached hereto.

The *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH/EFIH Debtors*, and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "EFH/EFIH Disclosure Statement") describe the rights and treatment for each Class. The Plan and EFH/EFIH Disclosure Statement are included in the packet you are receiving with this Beneficial Holder Ballot (collectively, the "EFH/EFIH Solicitation Package").

**YOUR VOTE ON THIS BALLOT FOR CLASS A6 EFH LBO NOTE PRIMARY CLAIMS AND CLASS B5 EFH LBO NOTE GUARANTY CLAIMS SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A CLASS A6 AND CLASS B5 CLAIM.**

*You should carefully and thoroughly review the EFH/EFIH Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class A6 and Class B5 under the Plan. Attached as Exhibit [ ] to the EFH/EFIH Disclosure Statement is the EFH/EFIH Disclosure Statement Order which contains the EFH/EFIH Solicitation Procedures which govern the solicitation and tabulation of votes to accept or reject the Plan.*

**THE EFH/EFIH VOTING DEADLINE IS 2:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 15, 2016.**

**Item 1.  Amount of Class A6 and Class B5 EFH LBO Claim.**

The undersigned hereby certifies that as of the EFH/EFIH Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder), of a Class A6 EFH LBO Note Primary Claim and Class B5 EFH LBO Note Guaranty Claim in the following amount (*insert amount in box below*). If your Class A6 EFH LBO Note Primary Claim and Class B5 EFH LBO Note Guaranty Claim is held by a Nominee on your behalf and you do not know the amount of the EFH LBO Note Claim held, please contact your Nominee immediately.



$_____

---

[3]    The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc.,  EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[4]    Capitalized terms, used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

**Item 2.  Vote of Class A6 and Class B5 EFH LBO Claim.**

The Beneficial Holder of the Class A6 EFH LBO Note Primary Claim and Class B5 EFH LBO Note Guaranty Claim set forth in Item 1 votes to (*please check one*):

Check one box:           ☐     **Accept** the Plan

                         ☐     **Reject** the Plan

**ITEM 3.  ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS (THE "RELEASES"):**

> AS OF THE EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING CLAIMS AND CAUSES OF ACTION IDENTIFIED, CLAIMED, OR RELEASED IN THE STANDING MOTIONS, THE LITIGATION LETTERS, OR THE DISINTERESTED DIRECTORS SETTLEMENT, AS WELL AS ALL OTHER CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS (INCLUDING DIVIDENDS PAID), TRANSACTIONS PURSUANT AND/OR RELATED TO THE MASTER SEPARATION AGREEMENT DATED DECEMBER 12, 2001, THE TCEH CREDIT AGREEMENT, THE TCEH FIRST LIEN NOTES, THE CASH COLLATERAL ORDER (AND ANY PAYMENTS OR TRANSFERS IN CONNECTION THEREWITH), THE TCEH FIRST LIEN INTERCREDITOR AGREEMENT, THE LIABILITY MANAGEMENT PROGRAM, THE TAX SHARING AGREEMENTS, THE 2007 ACQUISITION, THE MANAGEMENT AGREEMENT, THE 2009 AMENDMENT TO THE TCEH CREDIT AGREEMENT, THE 2011 AMEND AND EXTEND TRANSACTIONS, THE 2005 ONCOR TRANSFER, THE 2013 REVOLVER EXTENSION, THE LUMINANT MAKEWHOLE SETTLEMENT, THE TAX AND INTEREST MAKEWHOLE AGREEMENTS, THE TCEH INTERCOMPANY NOTES, THE SHARED SERVICES, ANY PREFERENCE OR AVOIDANCE CLAIM PURSUANT TO SECTIONS 544, 547, 548, AND 549 OF THE BANKRUPTCY CODE, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE NEW EFH/EFIH PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE EFIH FIRST LIEN SETTLEMENT, THE ORIGINAL CONFIRMED PLAN, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE NEW EFH/EFIH PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE TRANSACTION AGREEMENTS, THE DIP FACILITIES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, THE TRANSACTION AGREEMENTS, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (I) ANY CLAIMS OR CAUSES OF ACTION BY THE HOLDERS OF TCEH FIRST LIEN CLAIMS, THE TCEH FIRST LIEN AGENT, OR THE TCEH FIRST LIEN NOTES TRUSTEE AGAINST ONE OR MORE HOLDERS OF TCEH FIRST LIEN CLAIMS, THE TCEH FIRST LIEN AGENT, OR THE TCEH FIRST LIEN NOTES TRUSTEE ARISING FROM OR IN CONNECTION WITH THE TCEH FIRST LIEN CREDITOR ALLOCATION DISPUTES, (II) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, (III) ANY RESTRUCTURING TRANSACTION, (IV) ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, (V) CLAIMS OR CAUSES OF ACTION ASSERTED BY ANY HOLDER OF ALLOWED CLASS C3 CLAIMS AGAINST ONE OR MORE HOLDERS OF ALLOWED CLASS C3 CLAIMS (OTHER THAN THE TCEH FIRST LIEN AGENT, EXCEPT IN THE TCEH FIRST LIEN AGENT'S CAPACITY AS A NOMINAL DEFENDANT TO DECLARATORY JUDGMENT CLAIMS IN RESPECT OF WHICH NO MONETARY RECOVERY IS SOUGHT) SOLELY WITH RESPECT TO THE TCEH FIRST LIEN CREDITOR DEPOSIT L/C COLLATERAL ALLOCATION DISPUTE, [OR (VI) THE CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE MERGER AGREEMENT SHALL NOT BE RELEASED; *PROVIDED, HOWEVER*, THAT SUCH CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE MERGER AGREEMENTSHALL BE SUBJECT TO TREATMENT PURSUANT TO THE PLAN AND SHALL BE DISCHARGED AS SET FORTH IN ARTICLE VIII.A HEREOF. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY CLAIMS OR CAUSES OF ACTION AGAINST THE PLAN SPONSOR RELATING TO THE DEBTORS' PURSUIT OF REGULATORY APPROVALS UNDER THE ORIGINAL CONFIRMED PLAN OR CLAIMS OR CAUSES OF ACTION THAT MAY BE BROUGHT BY THE PLAN SPONSOR AGAINST ANOTHER PARTY WHO BRINGS A CLAIM OR CAUSE OF ACTION AGAINST THE PLAN SPONSOR IN CONNECTION WITH THE DEBTORS' PURSUIT OF REGULATORY APPROVALS UNDER THE ORIGINAL CONFIRMED PLAN. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, AND FOR THE AVOIDANCE OF DOUBT, THE TCEH SETTLEMENT CLAIM SHALL BE TREATED, RELEASED, AND DISCHARGED ON THE EFH EFFECTIVE DATE. FOR THE AVOIDANCE OF DOUBT, (I) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH IN THIS ARTICLE

[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]

**VIII.D FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES, AS OF THE TCEH EFFECTIVE DATE; AND (II) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH IN THIS ARTICLE VIII.D FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE EFH DEBTORS, REORGANIZED EFH DEBTORS, EFIH DEBTORS, OR REORGANIZED EFIH DEBTORS AS OF THE EFH EFFECTIVE DATE; *PROVIDED* THAT ANY AND ALL INTERCOMPANY CLAIMS (OTHER THAN THE TCEH SETTLEMENT CLAIM) HELD BY OR HELD AGAINST THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES, SHALL BE RELEASED AS OF THE TCEH EFFECTIVE DATE.**

## IMPORTANT INFORMATION REGARDING THE RELEASES:

UNDER THE PLAN, "RELEASING PARTY" MEANS COLLECTIVELY, AND IN EACH CASE ONLY IN ITS CAPACITY AS SUCH:  (A) THE EFH/EFIH PLAN SUPPORTERS; (B) MERGER SUB; (C) HOLDERS OF TCEH FIRST LIEN CLAIMS; (D) HOLDERS OF TCEH SECOND LIEN NOTE CLAIMS; (E) HOLDERS OF TCEH UNSECURED NOTE CLAIMS; (F) HOLDERS OF EFH LEGACY NOTE CLAIMS; (G) HOLDERS OF EFH UNEXCHANGED NOTE CLAIMS; (H) HOLDERS OF EFH LBO NOTE PRIMARY CLAIMS; (I) HOLDERS OF EFH UNSECURED NOTE CLAIMS; (J) HOLDERS OF EFH LBO NOTE GUARANTY CLAIMS; (K) THE DIP LENDERS; (L) THE TCEH FIRST LIEN AGENT; (M) THE INDENTURE TRUSTEES OTHER THAN THE EFIH FIRST LIEN NOTES TRUSTEE AND THE EFIH SECOND LIEN NOTES TRUSTEE; (N) THE DEALER MANAGERS; (O) TEF; (P) TEXAS HOLDINGS; (Q) ONCOR; (R) FUNDS AND ACCOUNTS MANAGED OR ADVISED BY KOHLBERG KRAVIS ROBERTS & CO., L.P., TPG CAPITAL, L.P. OR GOLDMAN, SACHS & CO. THAT HOLD DIRECT OR INDIRECT INTERESTS IN TEXAS HOLDINGS, TEF, OR EFH CORP.; (S) THE COMMITTEES AND EACH OF THEIR RESPECTIVE MEMBERS; (T) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH; (U) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFCH; (V) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFIH DEBTORS; (W) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFH CORP.; (X) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH DEBTORS OTHER THAN EFH CORP.; (Y) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH SHARED SERVICES DEBTORS; (Z) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN; (AA) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (BB) ALL HOLDERS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN <u>AND</u> WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (CC) OV2; (DD) THE ORIGINAL PLAN SPONSORS; (EE) WITH RESPECT TO EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (DD), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; AND (FF) ALL HOLDERS OF CLAIMS AND INTERESTS, SOLELY WITH RESPECT TO RELEASES OF ALL HOLDERS OF INTERESTS IN EFH CORP. AND THEIR CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR AFFILIATES' CURRENT AND FORMER EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND THEIR CURRENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; *PROVIDED, HOWEVER*, THAT THE EFIH FIRST LIEN NOTES TRUSTEE, ALL HOLDERS OF CLAIMS DERIVED FROM OR BASED ON THE EFIH FIRST LIEN NOTES, THE EFIH SECOND LIEN NOTES TRUSTEE, AND ALL HOLDERS OF CLAIMS DERIVED FROM OR BASED ON THE EFIH SECOND LIEN NOTES, SHALL NOT BE "RELEASING PARTIES," EXCEPT AS OTHERWISE AGREED BY A HOLDER IN ITS CAPACITY AS SUCH.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND ONLY IF YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN.  IN THE CASE OF SUCH A DETERMINATION BY THE COURT, IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW.  IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT.  REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE EFH/EFIH VOTING DEADLINE, OR (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.

The Holder of the Class A6 and Class B5 EFH LBO Claim set forth in Item 1 elects to:

☐        Opt Out of the Releases.

**Item 4.  Certification of Class A6 and Class B5 EFH LBO Claim Held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the Class A6 EFH LBO Note Primary Claim and Class B5 EFH LBO Note Guaranty Claim identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Class A6 EFH LBO Note Primary Claim and Class B5 EFH LBO Note Guaranty Claim owned by such Beneficial Holder as indicated in Item 1, except for the Class A6 EFH LBO Note Primary Claim and Class B5 EFH LBO Note Guaranty Claim identified in the following table, and (b) all Ballots for Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims submitted by the Beneficial Holder indicate the same vote to accept or reject the Plan that the Beneficial Holder has indicated in Item 2 of this Ballot (please use additional sheets of paper if necessary).  **To be clear, if any Beneficial Holder holds a Class A6 EFH LBO Note Primary Claim and Class B5 EFH LBO Note Guaranty Claim through one or more Nominees, such Beneficial Holder must identify all Class A6 EFH LBO Note Primary Claim and Class B5 EFH LBO Note Guaranty Claims held through its own name and/or each Nominee in the following table, and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

ONLY COMPLETE ITEM 4 IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF A CLASS A6 EFH LBO NOTE PRIMARY CLAIM AND A CLASS B5 EFH LBO NOTE GUARANTY CLAIM

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

| Account Number of Other Class A6 and Class B5 Claims Voted | Name of Owner[5] | Principal Amount of Other Class A6 and Class B5 Claims Voted | CUSIP of Other Class A6 and Class B5 Claims Voted |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

*[Remainder of page intentionally left blank.]*

---

[5]    **Insert your name if the Class A6 EFH LBO Note Primary Claims or Class B5 EFH LBO Note Guaranty Claims are held by you in your own name or, if held in street name through a Nominee, insert the name of your broker or bank.**

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

**Item 5.  Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.   as of the EFH/EFIH Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of Claims arising from the Class A6 EFH LBO Note Primary Claim and Class B5 EFH LBO Note Guaranty Claim in the amount set forth in Item 1;

b.   the Beneficial Holder has received a copy of the EFH/EFIH Disclosure Statement, the Plan, and the remainder of the EFH/EFIH Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.   the Beneficial Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the EFH/EFIH Solicitation Package or other publicly available materials;

d.   the Beneficial Holder has cast the same vote with respect to all of the Beneficial Holder's Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims;

e.   the Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the claim and received by the Solicitation Agent before the EFH/EFIH Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

f.   the Beneficial Holder understands and acknowledges that the Solicitation Agent may verify the amount of Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims held by the Beneficial Holder as of the EFH/EFIH Voting Record Date set forth in Item 1 with any Nominee through which the Beneficial Holder holds its Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims and by returning an executed Ballot the Beneficial Holder directs any such Nominee to provide any information or comply with any actions requested by the Solicitation Agent to verify the amount set forth in Item 1 hereof.  In the event of a discrepancy regarding such amount that cannot be timely reconciled without undue effort on the part of the Solicitation Agent, the amount shown on the records of the Nominee, if applicable, or the Debtors' records shall control; and

g.   the Beneficial Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Beneficial Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Beneficial Holder and shall not be affected by, and shall survive, the death or incapacity of the Beneficial Holder.

*[Remainder of page intentionally left blank.]*

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

**Item 6.  Beneficial Holder Information and Signature.**

Name of Beneficial Holder:_____
*(print or type)*

Signature:_____

Name of Signatory:_____
*(if other than Beneficial Holder)*

Title: _____

Address:_____

_____

_____

Date Completed:_____

**THE EFH/EFIH VOTING DEADLINE IS 2:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 15, 2016.**

*IF YOU RECEIVED A RETURN BALLOT ADDRESSED TO THE SOLICITATION AGENT (EPIQ BANKRUPTCY SOLUTIONS, LLC),* **PLEASE COMPLETE, AND DATE THE BALLOT AND RETURN IT PROMPTLY WITH AN ORIGINAL SIGNED COPY IN THE ENVELOPE PROVIDED SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY THE EFH/EFIH VOTING DEADLINE.**

*IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE,* **PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.  PLEASE ALLOW SUFFICIENT TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT COMPLETED BY YOUR NOMINEE.  THE MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE EFH/EFIH VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CONTACT THE SOLICITATION AGENT AT (877) 276-7311 OR E-MAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.**

*[Remainder of page intentionally left blank.]*

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

Energy Future Holdings Corp., *et al.*
Beneficial Holder Ballot for
Class A6 EFH LBO Note Primary Claims and
Class B5 EFH LBO Note Guaranty Claims

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CONTACT THE SOLICITATION AGENT AT (877) 276-7311 OR E-MAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.**

## VOTING INSTRUCTIONS

1.  As described in the EFH/EFIH Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims with respect to the Plan referred to in the EFH/EFIH Disclosure Statement.  The Plan and EFH/EFIH Disclosure Statement are included in the EFH/EFIH Solicitation Package you are receiving with the Ballot.  Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.  **PLEASE READ THE PLAN AND THE EFH/EFIH DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BENEFICIAL HOLDER BALLOT.**  You may wish to seek legal advice concerning the Plan and the treatment of your claim or claims under the Plan.

2.  The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Beneficial Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3.  To ensure that your vote is counted, you must:  (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) **sign and return the Ballot** in accordance with the instructions received and in the envelope provided, **so that this Ballot or the master ballot cast on your behalf) is actually received by the Solicitation Agent by the EFH/EFIH Voting Deadline**.  If you are returning your Ballot to the Nominee that provided you with this Ballot, your completed Ballot must be sent to your Nominee, allowing sufficient time for your Nominee to receive your Ballot, complete a master ballot ("Master Ballot"), and transmit the Master Ballot to the Solicitation Agent so that it is <u>actually received</u> by the EFH/EFIH Voting Deadline.

    **The Solicitation Agent will not accept any ballots by email, facsimile or other electronic means.**  If you are directed by your Nominee to submit the Beneficial Holder Ballot to the Nominee via electronic means, such instructions to your Nominee shall have the same effect as if you had completed and returned a physical Beneficial Holder Ballot, including all certifications.

4.  The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the EFH/EFIH Voting Deadline.  **The EFH/EFIH Voting Deadline is November 15, 2016, at 2:00 p.m., prevailing Eastern Time**.

5.  If a Ballot is received after the EFH/EFIH Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order.  In all cases, Beneficial Holders should allow sufficient time to assure timely delivery.  No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.  A Ballot will not be counted unless received by the Solicitation Agent.

6.  The Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the claim and received by the Solicitation Agent before the EFH/EFIH Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7.  If a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

8.  If a Beneficial Holder simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots will not be counted.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

9.   The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

10.  The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

11.  Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

12.  You must vote your entire EFH LBO Note Claims either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted as a vote to accept or reject the Plan.

13.  Any Ballot that is properly completed, executed and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

14.  The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

15.  If you hold Claims or Interests in more than one Class under the Plan or for different Claims within a Class you may receive more than one Ballot. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

16.  If a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent or disputed (as determined (i) on the face of your Claim, (ii) pursuant to the Plan, or (iii) after a reasonable review of the supporting documentation by the Debtors or the Solicitation Agent) and such Claim has not been allowed, your Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00; provided, that with respect to (iii), any such determinations will be documented in the Voting Report.

17.  For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided, however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

---

   This Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certifications with respect to the Beneficial Holder Ballot. Accordingly, at this time, holders of Bonds should not surrender certificates or instruments evidencing their bonds, and neither the Debtor nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered with a Beneficial Holder Ballot.

**If you have any questions regarding this Ballot, or if you did not receive a copy of the Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Solicitation Agent by phone at (877) 276-7311 or via email to efhvote@epiqsystems.com.**

## PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

## EXHIBIT A

*Your Nominee may have checked a box below to indicate the EFH LBO Note to which this Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Ballot.*

**CLASS A6 — EFH LBO NOTE PRIMARY CLAIMS**
**CLASS B5 — EFH LBO NOTE GUARANTY CLAIMS**

| | BOND DESCRIPTION | CUSIP |
|---|---|---|
| ☐ | | |
| ☐ | | |
| ☐ | | |
| ☐ | | |
| ☐ | | |

**EXHIBIT 2-F**

**Form of Master Ballot for Classes B3 and B4**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE THIRD AMENDED
JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, PURSUANT
TO CHAPTER 11 OF THE BANKRUPTCY CODE AS IT APPLIES TO THE EFH/EFIH DEBTORS**

**CLASS [CLASS NUMBER AND DESCRIPTION]**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "SOLICITATION AGENT") AT (646) 282-2500 OR EMAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.

- THIS MASTER BALLOT MUST BE **ACTUALLY RECEIVED** BY **2:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 15, 2016** (THE "EFH/EFIH VOTING DEADLINE").

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS AND INTERESTS REGARDLESS OF WHETHER THEY HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS MASTER BALLOT.

Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") are soliciting votes with respect to the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,*

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]  The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

et al., *Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended, or supplemented from time to time, the "Plan") as it applies to the EFH/EFIH Debtors.[3]

This master ballot (the "Master Ballot") to be used by you because records indicate that you are the Nominee (as defined below) of Class [Class Number and Description] as of September 19, 2016 (the "EFH/EFIH Voting Record Date").

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner for the Class [Class Number and Description] to transmit to the Solicitation Agent the votes of such beneficial holders in respect of their Class [Class Number] Claims to accept or reject the Plan. CUSIPS for the Class [Class Number] Claims entitled to vote are identified on Exhibit A attached hereto.** This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan.

The *Disclosure Statement for the Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors*, and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "EFH/EFIH Disclosure Statement") describe the rights and treatment for each Class. The EFH/EFIH Disclosure Statement, the Plan, and certain other materials contained in the EFH/EFIH Solicitation Package are included in the packet you are receiving with this Master Ballot. This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto. **If you believe that you have received this Master Ballot in error, please contact the Debtors' Solicitation Agent by telephone at (646) 282-2500 or via email at efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line.**

**THE VOTES ON THIS BALLOT FOR [CLASS DESCRIPTION] CLAIMS SHALL BE APPLIED TO EACH DEBTOR WITH CLASS [CLASS NUMBER] CLAIMS.**

The Court may confirm the Plan and thereby bind all Beneficial Holders of Claims and Interests. To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Solicitation Agent **actually receives** it on or before the EFH/EFIH Voting Deadline.

**THE EFH/EFIH VOTING DEADLINE IS 2:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 15, 2016.**

**Item 1.  Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

    ☐   Is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the Class [Class Number] Claims listed in Item 2 below, and is the record holder of such bonds, or

    ☐   Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of Class [Class Number] Claims listed in Item 2 below, or

    ☐   Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of Class [Class Number] Claims listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial owners of the Class [Class Number] Claims described in Item 2.

---

[3]     Capitalized terms, used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**Item 2.  Class [Class Number] Claims Vote on Plan.**

The undersigned transmits the following votes of Beneficial Holders of Class [Class Number and Description] Claims against the Debtors and certifies that the following Beneficial Holders of Class [Class Number and Description] Claims, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the EFH/EFIH Voting Record Date and have delivered to the undersigned, as Nominee, ballots ("Ballots") casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each Beneficial Holder must vote all such of their Class [Class Number and Description] Claims to accept or reject the Plan and may not split such vote.  Any Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

<p style="text-align:center"><strong>A SEPARATE MASTER BALLOT MUST BE USED FOR EACH CUSIP.</strong></p>

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

| CUSIP VOTED ON THIS MASTER BALLOT _____ | | | | |
|---|---|---|---|---|
| | | (CUSIP NO.) | | |
| **Your Customer Account Number for Each Beneficial Owner Who Voted in this EFH/EFIH Plan Class** | **Principal Amount Held as of EFH/EFIH Voting Record Date[4]** | **Item 2** **Indicate the vote cast on the Beneficial Holder Ballot by placing an "X" in the appropriate column below.** | | |
| | | **Accept the Plan** | **or** | **Reject the Plan** |
| 1 | $ | | | |
| 2 | $ | | | |
| 3 | $ | | | |
| 4 | $ | | | |
| 5 | $ | | | |
| 6 | $ | | | |
| **TOTALS** | $ | | | |

**Item 3.  Certification as to Transcription of Information from Item 4 of the Ballots as to Class [Class Number] Claims Voted Through Other Ballots.**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Beneficial Ballot received from a Beneficial Owner. Please use additional sheets of paper if necessary.

---

[4]    For Holders of Class B3 EFIH First Lien Note Claims: On June 19, 2014, principal and undisputed interest on the EFIH First Lien Notes were repaid. However, the EFIH First Lien Notes Trustee has asserted a Makewhole Claim as well as claims for additional interest and fees and costs. Accordingly, the Plan classifies the EFIH First Lien Note Claims and provides the holders thereof the right to vote on the Plan. The EFIH First Lien Note Claims are Allowed, for voting purposes only, in the amount of principal that was outstanding under the EFIH First Lien Notes as of June 18, 2014 (less the amount of any such principal held by holders of EFIH First Lien Notes that agreed to the EFIH First Lien Settlement).  Accordingly, please indicate here such amount of EFIH First Lien Notes for all holders covered by your Master Ballot.

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 4 of the Ballots | TRANSCRIBE FROM ITEM 4 OF THE BENEFICIAL HOLDER BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number of Other Class [Class Number] Claims Voted | Name of Owner | Principal Amount of Other Class [Class Number] Claims Voted | CUSIP of Other Class [Class Number] Claims Voted |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

**Item 4.  Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

1.    it has received a copy of the EFH/EFIH Disclosure Statement, the Plan, the Ballots and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Class [Class Number] Claims listed in Item 2 above;

2.    it has received appropriate voting instructions from each Beneficial Holder listed in Item 2 of this Master Ballot; or

3.    it is the registered Beneficial Holder of the securities being voted, or

4.    it has been authorized by each such Beneficial Holder to vote on the Plan;

5.    it has properly disclosed:  (a) the number of Beneficial Holders who completed Ballots; (b) the respective amounts of the Class [Class Number] Claims, as the case may be, by each Beneficial Holder who completed a Ballot; (c) each such Beneficial Holder's respective vote concerning the Plan; (d) each such Beneficial Holder's certification as to other Class [Class Number] voted; and (e) the customer account or other identification number for each such Beneficial Holder; and

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

6.  it will maintain Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Effective Date and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.

Name of Nominee:  _____
(Print or Type)

Participant Number:

_____

Name of Proxy Holder or Agent for Nominee (if applicable):

_____
(Print or Type)

_____

Signature:  _____

Name of Signatory:  _____

Title:  _____

Address:  _____

_____

_____

Date Completed:  _____

Email Address:  _____

**THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE EFH/EFIH VOTING DEADLINE, WHICH IS 2:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 15, 2016.**

**BALLOTS RECEIVED VIA EMAIL OR FACSIMILE WILL NOT BE COUNTED**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CALL THE DEBTOR'S SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC AT (646) 282-2500 OR EMAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.**

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**PLEASE COMPLETE, SIGN AND, DATE THE MASTER BALLOT AND RETURN IT WITH AN
ORIGINAL SIGNATURE PROMPTLY TO:**

| Via First Class Mail, Overnight Courier or Hand Delivery: |
|---|
| EFH/EFIH Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>777 Third Avenue, 12th Floor<br>New York, NY 10017 |

**YOUR MASTER BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE, WHICH
IS <u>2:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 15, 2016</u>**

IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE INSTRUCTIONS,
PLEASE CALL THE DEBTORS' SOLICITATION AGENT,
EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (646) 282-2500 OR EMAIL EFHVOTE@EPIQSYSTEMS.COM
AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.

**<u>VOTING INSTRUCTIONS</u>**

1. As described in the EFH/EFIH Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class [Class Number] with respect to the Plan referred to in the EFH/EFIH Disclosure Statement. The Plan and EFH/EFIH Disclosure Statement are included in the EFH/EFIH Solicitation Package you are receiving with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.

2. The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Beneficial Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3. You should immediately distribute the Ballots and the EFH/EFIH Solicitation Package to all Beneficial Holders of Class [Class Number] Claims and take any action required to enable each such Beneficial Holder to vote timely the Claims that it holds. Any Ballot returned to you by a Beneficial Holder of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Solicitation Agent, a Master Ballot that reflects the vote of such Beneficial Holders by 2:00 p.m. (prevailing Eastern Time) on November 15, 2016, or otherwise validate the Ballot in a manner acceptable to the Solicitation Agent.

   If you are transmitting the votes of any beneficial owners of Class [Class Number] Claims other than yourself, you may <u>either</u>:

   (a) "Pre-validate" the individual Beneficial Holder Ballot contained in the EFH/EFIH Solicitation Package and then forward the EFH/EFIH Solicitation Package to the Beneficial Holder of the Class [Class Number] Claim for voting within five (5) Business Days after the receipt by such Nominee of the EFH/EFIH Solicitation Package, with the Beneficial Holder then returning the individual Beneficial Holder Ballot directly to the Solicitation Agent in the return envelope to be provided in the EFH/EFIH Solicitation Package. A Nominee "pre-validates" a Beneficial Holder Ballot by signing the Ballot and including their DTC participant number; indicating the account number of the Beneficial Holder and the principal amount of Class [Class Number] Claim held by the Nominee for such Beneficial Holder, and then forwarding the Ballot together with the EFH/EFIH Solicitation Package to the Beneficial Holder. The Beneficial Holder then completes the information requested on the Ballot and returns the Ballot directly to the

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

Solicitation Agent.  A list of the Beneficial Holders to whom "pre-validated" Ballots were delivered should be maintained by nominees for inspection for at least one year from the Effective Date; OR

(b)     Within five (5) Business Days after receipt by such Nominee of the EFH/EFIH Solicitation Package, forward the EFH/EFIH Solicitation Package to the Beneficial Holder of the Class [Class Number] Claim for voting along with a return envelope provided by and addressed to the Nominee, with the beneficial owner then returning the individual Beneficial Holder Ballot to the Nominee.  In such case, the Nominee will tabulate the votes of its respective Beneficial Owners on a Master Ballot that will be provided to the Nominee separately by the Solicitation Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Solicitation Agent.  The Nominee should advise the Beneficial Holders to return their individual Beneficial Holder Ballots to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Solicitation Agent so that the Master Ballot is <u>actually</u> <u>received</u> by the Solicitation Agent on or before the EFH/EFIH Voting Deadline.

4.      With regard to any Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Solicitation Agent by the EFH/EFIH Voting Deadline; and (d) retain such Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date of the Plan.  You may be ordered to produce the Ballots to the Debtors or the Bankruptcy Court.

5.      The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the EFH/EFIH Voting Deadline.  **The EFH/EFIH Voting Deadline is November 15, 2016, at 2:00 p.m., prevailing Eastern Time**.

6.      If a Ballot is received after the EFH/EFIH Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order.  In all cases, Beneficial Holders should allow sufficient time to assure timely delivery.  No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.  A Ballot will not be counted unless received by the Solicitation Agent.

7.      If multiple Master Ballots are received from the same Nominee with respect to the same Ballot belonging to a Beneficial Holder of a Claim prior to the EFH/EFIH Voting Deadline, the vote on the last properly completed Master Ballot timely received will supersede and revoke the vote of such Beneficial Holder on any earlier received Master Ballot.

8.      If a Holder holds a Claim or Interest, as applicable, in a EFH/EFIH Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that EFH/EFIH Voting Class.

9.      If a voter simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots shall not be counted.

10.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto.  Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

11.  The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

12.  Please be sure to sign and date your Master Ballot. You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13.  If you are both the Nominee and the Beneficial Holder of any of the Class [Class Number] Claims and you wish to vote such Class [Class Number] Claims, you may return a Ballot or Master Ballot for such Class [Class Number] Claims and you must vote your entire Class [Class Number] Claims to either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot, other than a Master Ballot with the votes of multiple holders, that partially rejects and partially accepts the Plan will not be counted.

14.  The following Ballots and Master Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder of the Claim; (b) any Ballot or Master Ballot cast by a Party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot or Master Ballot; (d) any Ballot or Master Ballot that does not contain an original signature; (e) any Ballot or Master Ballot not marked to accept or reject the Plan; and (f) any Ballot or Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

15.  For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided, however,* that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

The following additional rules shall apply to Master Ballots:

16.  Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Class [Class Number] Claims as of the Record Date, as evidenced by the record and depository listings.

17.  Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, will not be counted in excess of the record amount of the Class [Class Number] Claims held by such Nominee;

18.  To the extent that conflicting votes or "overvotes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, the Solicitation Agent will attempt to reconcile discrepancies with the Nominee;

19.  To the extent that overvotes on a Master Ballot or pre-validated Beneficial Holder Ballots are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Beneficial Holder Ballots that contained the overvote, but only to the extent of the Nominee's position in Class [Class Number] Claims; and

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

20.    For purposes of tabulating votes, each Beneficial Holder holding through a particular account will be deemed to have voted the principal amount relating its holding in that particular account, although the Solicitation Agent may be asked to adjust such principal amount to reflect the claim amount.

**ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS (THE "RELEASES"):**

> **AS OF THE EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING CLAIMS AND CAUSES OF ACTION IDENTIFIED, CLAIMED, OR RELEASED IN THE STANDING MOTIONS, THE LITIGATION LETTERS, OR THE DISINTERESTED DIRECTORS SETTLEMENT, AS WELL AS ALL OTHER CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS (INCLUDING DIVIDENDS PAID), TRANSACTIONS PURSUANT AND/OR RELATED TO THE MASTER SEPARATION AGREEMENT DATED DECEMBER 12, 2001, THE TCEH CREDIT AGREEMENT, THE TCEH FIRST LIEN NOTES, THE CASH COLLATERAL ORDER (AND ANY PAYMENTS OR TRANSFERS IN CONNECTION THEREWITH), THE TCEH FIRST LIEN INTERCREDITOR AGREEMENT, THE LIABILITY MANAGEMENT PROGRAM, THE TAX SHARING AGREEMENTS, THE 2007 ACQUISITION, THE MANAGEMENT AGREEMENT, THE 2009 AMENDMENT TO THE TCEH CREDIT AGREEMENT, THE 2011 AMEND AND EXTEND TRANSACTIONS, THE 2005 ONCOR TRANSFER, THE 2013 REVOLVER EXTENSION, THE LUMINANT MAKEWHOLE SETTLEMENT, THE TAX AND INTEREST MAKEWHOLE AGREEMENTS, THE TCEH INTERCOMPANY NOTES, THE SHARED SERVICES, ANY PREFERENCE OR AVOIDANCE CLAIM PURSUANT TO SECTIONS 544, 547, 548, AND 549 OF THE BANKRUPTCY CODE, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE NEW EFH/EFIH PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE EFIH FIRST LIEN SETTLEMENT, THE ORIGINAL CONFIRMED PLAN, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE NEW EFH/EFIH PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE TRANSACTION**

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

10

**AGREEMENTS, THE DIP FACILITIES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, THE TRANSACTION AGREEMENTS, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (I) ANY CLAIMS OR CAUSES OF ACTION BY THE HOLDERS OF TCEH FIRST LIEN CLAIMS, THE TCEH FIRST LIEN AGENT, OR THE TCEH FIRST LIEN NOTES TRUSTEE AGAINST ONE OR MORE HOLDERS OF TCEH FIRST LIEN CLAIMS, THE TCEH FIRST LIEN AGENT, OR THE TCEH FIRST LIEN NOTES TRUSTEE ARISING FROM OR IN CONNECTION WITH THE TCEH FIRST LIEN CREDITOR ALLOCATION DISPUTES, (II) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, (III) ANY RESTRUCTURING TRANSACTION, (IV) ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, (V) CLAIMS OR CAUSES OF ACTION ASSERTED BY ANY HOLDER OF ALLOWED CLASS C3 CLAIMS AGAINST ONE OR MORE HOLDERS OF ALLOWED CLASS C3 CLAIMS (OTHER THAN THE TCEH FIRST LIEN AGENT, EXCEPT IN THE TCEH FIRST LIEN AGENT'S CAPACITY AS A NOMINAL DEFENDANT TO DECLARATORY JUDGMENT CLAIMS IN RESPECT OF WHICH NO MONETARY RECOVERY IS SOUGHT) SOLELY WITH RESPECT TO THE TCEH FIRST LIEN CREDITOR DEPOSIT L/C COLLATERAL ALLOCATION DISPUTE, [OR (VI) THE CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE MERGER AGREEMENT SHALL NOT BE RELEASED; *PROVIDED, HOWEVER,* THAT SUCH CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE MERGER AGREEMENTSHALL BE SUBJECT TO TREATMENT PURSUANT TO THE PLAN AND SHALL BE DISCHARGED AS SET FORTH IN ARTICLE VIII.A HEREOF. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY CLAIMS OR CAUSES OF ACTION AGAINST THE PLAN SPONSOR RELATING TO THE DEBTORS' PURSUIT OF REGULATORY APPROVALS UNDER THE ORIGINAL CONFIRMED PLAN OR CLAIMS OR CAUSES OF ACTION THAT MAY BE BROUGHT BY THE PLAN SPONSOR AGAINST ANOTHER PARTY WHO BRINGS A CLAIM OR CAUSE OF ACTION AGAINST THE PLAN SPONSOR IN CONNECTION WITH THE DEBTORS' PURSUIT OF REGULATORY APPROVALS UNDER THE ORIGINAL CONFIRMED PLAN. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, AND FOR THE AVOIDANCE OF DOUBT, THE TCEH SETTLEMENT CLAIM SHALL BE TREATED, RELEASED, AND DISCHARGED ON THE EFH EFFECTIVE DATE. FOR THE AVOIDANCE OF DOUBT, (I) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH IN THIS ARTICLE VIII.D FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE TCEH DEBTORS, REORGANIZED TCEH**

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

11

**DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES, AS OF THE TCEH EFFECTIVE DATE; AND (II) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH IN THIS ARTICLE VIII.D FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE EFH DEBTORS, REORGANIZED EFH DEBTORS, EFIH DEBTORS, OR REORGANIZED EFIH DEBTORS AS OF THE EFH EFFECTIVE DATE; *PROVIDED* THAT ANY AND ALL INTERCOMPANY CLAIMS (OTHER THAN THE TCEH SETTLEMENT CLAIM) HELD BY OR HELD AGAINST THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES, SHALL BE RELEASED AS OF THE TCEH EFFECTIVE DATE.**

## IMPORTANT INFORMATION REGARDING THE RELEASES:

UNDER THE PLAN, "RELEASING PARTY" MEANS COLLECTIVELY, AND IN EACH CASE ONLY IN ITS CAPACITY AS SUCH:  (A) THE EFH/EFIH PLAN SUPPORTERS; (B) MERGER SUB; (C) HOLDERS OF TCEH FIRST LIEN CLAIMS; (D) HOLDERS OF TCEH SECOND LIEN NOTE CLAIMS; (E) HOLDERS OF TCEH UNSECURED NOTE CLAIMS; (F) HOLDERS OF EFH LEGACY NOTE CLAIMS; (G) HOLDERS OF EFH UNEXCHANGED NOTE CLAIMS; (H) HOLDERS OF EFH LBO NOTE PRIMARY CLAIMS; (I) HOLDERS OF EFIH UNSECURED NOTE CLAIMS; (J) HOLDERS OF EFH LBO NOTE GUARANTY CLAIMS; (K) THE DIP LENDERS; (L) THE TCEH FIRST LIEN AGENT; (M) THE INDENTURE TRUSTEES OTHER THAN THE EFH FIRST LIEN NOTES TRUSTEE AND THE EFIH SECOND LIEN NOTES TRUSTEE; (N) THE DEALER MANAGERS; (O) TEF; (P) TEXAS HOLDINGS; (Q) ONCOR; (R) FUNDS AND ACCOUNTS MANAGED OR ADVISED BY KOHLBERG KRAVIS ROBERTS & CO., L.P., TPG CAPITAL, L.P. OR GOLDMAN, SACHS & CO. THAT HOLD DIRECT OR INDIRECT INTERESTS IN TEXAS HOLDINGS, TEF, OR EFH CORP.; (S) THE COMMITTEES AND EACH OF THEIR RESPECTIVE MEMBERS; (T) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH; (U) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFCH; (V) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFIH DEBTORS; (W) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFH CORP.; (X) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH DEBTORS OTHER THAN EFH CORP.; (Y) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH SHARED SERVICES DEBTORS; (Z) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN; (AA) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (BB) ALL HOLDERS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN <u>AND</u> WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (CC) OV2; (DD) THE ORIGINAL PLAN SPONSORS; (EE) WITH RESPECT TO EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (DD), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; AND (FF) ALL HOLDERS OF CLAIMS AND INTERESTS, SOLELY WITH RESPECT TO RELEASES OF ALL HOLDERS OF INTERESTS IN EFH CORP. AND THEIR CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR AFFILIATES' CURRENT AND FORMER EQUITY

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND THEIR CURRENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; *PROVIDED, HOWEVER*, THAT THE EFIH FIRST LIEN NOTES TRUSTEE, ALL HOLDERS OF CLAIMS DERIVED FROM OR BASED ON THE EFIH FIRST LIEN NOTES, THE EFIH SECOND LIEN NOTES TRUSTEE, AND ALL HOLDERS OF CLAIMS DERIVED FROM OR BASED ON THE EFIH SECOND LIEN NOTES, SHALL NOT BE "RELEASING PARTIES," EXCEPT AS OTHERWISE AGREED BY A HOLDER IN ITS CAPACITY AS SUCH.

**IF A HOLDER OF CLASS B3 OR B4 VOTES IN FAVOR OF THE PLAN OR ABSTAINS FROM VOTING, SUCH HOLDER WILL NOT BE DEEMED A RELEASING PARTY.**

## PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY!

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT AT (646) 282-2500 OR EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.**

*[Remainder of page intentionally left blank.]*

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

13

**Exhibit A**

*Please check a box below to indicate the [Class Description] to which this Master Ballot pertains and add the CUSIP No. to Item 2 on page 4.*

### CLASS [CLASS NUMBER AND DESCRIPTION]

| | BOND DESCRIPTION | CUSIP |
|---|---|---|
| ☐ | | |
| ☐ | | |
| ☐ | | |
| ☐ | | |
| ☐ | | |

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**EXHIBIT 2-G**

**Form Beneficial Holder Ballot for Classes B3 and B4**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR REJECTING THE THIRD AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE AS IT APPLIES TO THE EFH/EFIH DEBTORS**

### CLASS [CLASS NUMBER AND DESCRIPTION]

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "SOLICITATION AGENT") AT (877) 276-7311 OR VIA EMAIL TO EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT. THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE TO THE DEBTORS' PLAN.

- THIS BALLOT (OR THE MASTER BALLOT REFLECTING THE VOTE CAST ON THIS BALLOT) MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE 2:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 15, 2016 (THE "EFH/EFIH VOTING DEADLINE").

- IF A BENEFICIAL HOLDER HOLDS CLASS [CLASS NUMBER] CLAIMS IN ITS OWN NAME AND/OR THROUGH ONE OR MORE NOMINEES,[2] SUCH BENEFICIAL HOLDER MUST IDENTIFY ALL CLASS [CLASS NUMBER] CLAIMS HELD IN ACCORDANCE WITH ITEM 4 OF THIS BALLOT, AND MUST INDICATE THE SAME VOTE TO ACCEPT OR REJECT THE PLAN ON ALL BALLOTS SUBMITTED.

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] "Nominee" means a broker, dealer, commercial bank, trust company or other agent nominee who holds Class 4 Claims for the benefit of certain Beneficial Holders.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[3] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") are soliciting votes with respect to the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended, or supplemented from time to time, the "Plan") as it applies to the EFH/EFIH Debtors.[4]

This ballot (the "Ballot") is being sent to you because records indicate that you are the Beneficial Holder of a Class [Class Number] Claim as of September 19, 2016 (the "EFH/EFIH Voting Record Date"), and, accordingly, you may have a right to vote to accept or reject the Plan as it applies to the EFH/EFIH Debtors. This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan. CUSIPS for Class [Class Number] entitled to vote are identified on **Exhibit A** attached hereto.

The *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH/EFIH Debtors*, and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "EFH/EFIH Disclosure Statement") describe the rights and treatment for each Class. The Plan and EFH/EFIH Disclosure Statement are included in the packet you are receiving with this Ballot (collectively, the "EFH/EFIH Solicitation Package").

**YOUR VOTE ON THIS BALLOT FOR CLASS [CLASS NUMBER] CLAIMS SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A CLASS [CLASS NUMBER] CLAIM.**

*You should carefully and thoroughly review the EFH/EFIH Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class [Class Number] under the Plan. Attached to the EFH/EFIH Disclosure Statement is the EFH/EFIH Disclosure Statement Order which contains the EFH/EFIH Solicitation Procedures which govern the solicitation and tabulation of votes to accept or reject the Plan.*

**THE EFH/EFIH VOTING DEADLINE IS 2:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 15, 2016.**

**Item 1.  Amount of Class [Class Number and Class Description] Claims.[5]**

The undersigned hereby certifies that as of the EFH/EFIH Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder), of a Class [Class Number] Claim in the following amount (*insert amount in box below*). If your Claim is held by a Nominee on your behalf and you do not know the amount of the Class [Class Number] Claims held, please contact your Nominee immediately:



$_____

---

[3]   The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[4]   Capitalized terms, used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[5]   For Holders of Class B3 EFIH First Lien Note Claims: On June 19, 2014, principal and undisputed interest on the EFIH First Lien Notes were repaid. However, the EFIH First Lien Notes Trustee has asserted a Makewhole Claim as well as claims for additional interest and fees and costs. Accordingly, the Plan classifies the EFIH First Lien Note Claims and provides the holders thereof the right to vote on the Plan. The EFIH First Lien Note Claims are Allowed, for voting purposes only, in the amount of principal that was outstanding under the EFIH First Lien Notes as of June 18, 2014 (less the amount of any such principal held by holders of EFIH First Lien Notes that agreed to the EFIH First Lien Settlement). Accordingly, please indicate here such amount of EFIH First Lien Notes that you hold.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

2

**Item 2.  Vote of Class [Class Number and Description].**

The Beneficial Holder of the Class [Class Number] Claims  set forth in Item 1 votes to (*please check one*):

<u>Check one box:</u>     ☐     **Accept** the Plan


☐     **Reject** the Plan

**ITEM 3.  ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS (THE "RELEASES"):**

> AS OF THE EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING CLAIMS AND CAUSES OF ACTION IDENTIFIED, CLAIMED, OR RELEASED IN THE STANDING MOTIONS, THE LITIGATION LETTERS, OR THE DISINTERESTED DIRECTORS SETTLEMENT, AS WELL AS ALL OTHER CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS (INCLUDING DIVIDENDS PAID), TRANSACTIONS PURSUANT AND/OR RELATED TO THE MASTER SEPARATION AGREEMENT DATED DECEMBER 12, 2001, THE TCEH CREDIT AGREEMENT, THE TCEH FIRST LIEN NOTES, THE CASH COLLATERAL ORDER (AND ANY PAYMENTS OR TRANSFERS IN CONNECTION THEREWITH), THE TCEH FIRST LIEN INTERCREDITOR AGREEMENT, THE LIABILITY MANAGEMENT PROGRAM, THE TAX SHARING AGREEMENTS, THE 2007 ACQUISITION, THE MANAGEMENT AGREEMENT, THE 2009 AMENDMENT TO THE TCEH CREDIT AGREEMENT, THE 2011 AMEND AND EXTEND TRANSACTIONS, THE 2005 ONCOR TRANSFER, THE 2013 REVOLVER EXTENSION, THE LUMINANT MAKEWHOLE SETTLEMENT, THE TAX AND INTEREST MAKEWHOLE AGREEMENTS, THE TCEH INTERCOMPANY NOTES, THE SHARED SERVICES, ANY PREFERENCE OR AVOIDANCE CLAIM PURSUANT TO SECTIONS 544, 547, 548, AND 549 OF THE BANKRUPTCY CODE, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE NEW EFH/EFIH PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE EFIH FIRST LIEN SETTLEMENT, THE ORIGINAL CONFIRMED PLAN, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE NEW EFH/EFIH PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE TRANSACTION AGREEMENTS, THE DIP FACILITIES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, THE TRANSACTION AGREEMENTS, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (I) ANY CLAIMS OR CAUSES OF ACTION BY THE HOLDERS OF TCEH FIRST LIEN CLAIMS, THE TCEH FIRST LIEN AGENT, OR THE TCEH FIRST LIEN NOTES TRUSTEE AGAINST ONE OR MORE HOLDERS OF TCEH FIRST LIEN CLAIMS, THE TCEH FIRST LIEN AGENT, OR THE TCEH FIRST LIEN NOTES TRUSTEE ARISING FROM OR IN CONNECTION WITH THE TCEH FIRST LIEN CREDITOR ALLOCATION DISPUTES, (II) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, (III) ANY RESTRUCTURING TRANSACTION, (IV) ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, (V) CLAIMS OR CAUSES OF ACTION ASSERTED BY ANY HOLDER OF ALLOWED CLASS C3 CLAIMS AGAINST ONE OR MORE HOLDERS OF ALLOWED CLASS C3 CLAIMS (OTHER THAN THE TCEH FIRST LIEN AGENT, EXCEPT IN THE TCEH FIRST LIEN AGENT'S CAPACITY AS A NOMINAL DEFENDANT TO DECLARATORY JUDGMENT CLAIMS IN RESPECT OF WHICH NO MONETARY RECOVERY IS SOUGHT) SOLELY WITH RESPECT TO THE TCEH FIRST LIEN CREDITOR DEPOSIT L/C COLLATERAL ALLOCATION DISPUTE, [OR (VI) THE CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE MERGER AGREEMENT SHALL NOT BE RELEASED; *PROVIDED, HOWEVER*, THAT SUCH CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE MERGER AGREEMENTSHALL BE SUBJECT TO TREATMENT PURSUANT TO THE PLAN AND SHALL BE DISCHARGED AS SET FORTH IN ARTICLE VIII.A HEREOF. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY CLAIMS OR CAUSES OF ACTION AGAINST THE PLAN SPONSOR RELATING TO THE DEBTORS' PURSUIT OF REGULATORY APPROVALS UNDER THE ORIGINAL CONFIRMED PLAN OR CLAIMS OR CAUSES OF ACTION THAT MAY BE BROUGHT BY THE PLAN SPONSOR AGAINST ANOTHER PARTY WHO BRINGS A CLAIM OR CAUSE OF ACTION AGAINST THE PLAN SPONSOR IN CONNECTION WITH THE DEBTORS' PURSUIT OF REGULATORY APPROVALS UNDER THE ORIGINAL CONFIRMED PLAN. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, AND FOR THE AVOIDANCE OF DOUBT, THE TCEH SETTLEMENT CLAIM SHALL BE TREATED, RELEASED, AND DISCHARGED ON THE EFH EFFECTIVE DATE.  FOR THE AVOIDANCE OF DOUBT, (I) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH IN THIS ARTICLE VIII.D FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES, AS OF THE TCEH EFFECTIVE

[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]

DATE; AND (II) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH IN THIS ARTICLE VIII.D FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE EFH DEBTORS, REORGANIZED EFH DEBTORS, EFIH DEBTORS, OR REORGANIZED EFIH DEBTORS AS OF THE EFH EFFECTIVE DATE; *PROVIDED* THAT ANY AND ALL INTERCOMPANY CLAIMS (OTHER THAN THE TCEH SETTLEMENT CLAIM) HELD BY OR HELD AGAINST THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES, SHALL BE RELEASED AS OF THE TCEH EFFECTIVE DATE.

### IMPORTANT INFORMATION REGARDING THE RELEASES:

UNDER THE PLAN, "RELEASING PARTY" MEANS COLLECTIVELY, AND IN EACH CASE ONLY IN ITS CAPACITY AS SUCH: (A) THE EFH/EFIH PLAN SUPPORTERS; (B) MERGER SUB; (C) HOLDERS OF TCEH FIRST LIEN CLAIMS; (D) HOLDERS OF TCEH SECOND LIEN NOTE CLAIMS; (E) HOLDERS OF TCEH UNSECURED NOTE CLAIMS; (F) HOLDERS OF EFH LEGACY NOTE CLAIMS; (G) HOLDERS OF EFH UNEXCHANGED NOTE CLAIMS; (H) HOLDERS OF EFH LBO NOTE PRIMARY CLAIMS; (I) HOLDERS OF EFIH UNSECURED NOTE CLAIMS; (J) HOLDERS OF EFH LBO NOTE GUARANTY CLAIMS; (K) THE DIP LENDERS; (L) THE TCEH FIRST LIEN AGENT; (M) THE INDENTURE TRUSTEES OTHER THAN THE EFIH FIRST LIEN NOTES TRUSTEE AND THE EFIH SECOND LIEN NOTES TRUSTEE; (N) THE DEALER MANAGERS; (O) TEF; (P) TEXAS HOLDINGS; (Q) ONCOR; (R) FUNDS AND ACCOUNTS MANAGED OR ADVISED BY KOHLBERG KRAVIS ROBERTS & CO., L.P., TPG CAPITAL, L.P. OR GOLDMAN, SACHS & CO. THAT HOLD DIRECT OR INDIRECT INTERESTS IN TEXAS HOLDINGS, TEF, OR EFH CORP.; (S) THE COMMITTEES AND EACH OF THEIR RESPECTIVE MEMBERS; (T) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH; (U) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFCH; (V) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFIH DEBTORS; (W) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFH CORP.; (X) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH DEBTORS OTHER THAN EFH CORP.; (Y) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH SHARED SERVICES DEBTORS; (Z) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN; (AA) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (BB) ALL HOLDERS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (CC) OV2; (DD) THE ORIGINAL PLAN SPONSORS; (EE) WITH RESPECT TO EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (DD), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; AND (FF) ALL HOLDERS OF CLAIMS AND INTERESTS, SOLELY WITH RESPECT TO RELEASES OF ALL HOLDERS OF INTERESTS IN EFH CORP. AND THEIR CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR AFFILIATES' CURRENT AND FORMER EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND THEIR CURRENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; PROVIDED, HOWEVER, THAT THE EFIH FIRST LIEN NOTES TRUSTEE, ALL HOLDERS OF CLAIMS DERIVED FROM OR BASED ON THE EFIH FIRST LIEN NOTES, THE EFIH SECOND LIEN NOTES TRUSTEE, AND ALL HOLDERS OF CLAIMS DERIVED FROM OR BASED ON THE EFIH SECOND LIEN NOTES, SHALL

[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]

NOT BE "RELEASING PARTIES," EXCEPT AS OTHERWISE AGREED BY A HOLDER IN ITS CAPACITY AS SUCH.

**IF A HOLDER OF CLASS B3 OR B4 VOTES IN FAVOR OF THE PLAN OR ABSTAINS FROM VOTING, SUCH HOLDER WILL NOT BE DEEMED A RELEASING PARTY.**

**Item 4. Certification of Class [Class Number and Description] Claims Held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the Claim identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Class [Class Number] Claims owned by such Beneficial Holder as indicated in Item 1, except for the Claims identified in the following table, and (b) all Ballots for Class [Class Number] Claims submitted by the Beneficial Holder indicate the same vote to accept or reject the Plan that the Beneficial Holder has indicated in Item 2 of this Ballot (please use additional sheets of paper if necessary). **To be clear, if any Beneficial Holder holds Class [Class Number] Claims through one or more Nominees, such Beneficial Holder must identify all Class [Class Number] Claims held through its own name and/or each Nominee in the following table, and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

ONLY COMPLETE ITEM 4 IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF A
CLASS [CLASS NUMBER AND DESCRIPTION] CLAIMS

| Account Number of Other Class [Class Number] Claims Voted | Name of Owner[6] | Principal Amount of Other Class [Class Number] Claims Voted | CUSIP of Other Class [Class Number] Claims Voted |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Item 5. Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.    as of the EFH/EFIH Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of Claims arising from the Class [Class Number] in the amount set forth in Item 1,

b.    the Beneficial Holder has received a copy of the EFH/EFIH Disclosure Statement, the Plan, and the remainder of the EFH/EFIH Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.    the Beneficial Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the EFH/EFIH Solicitation Package or other publicly available materials;

---

[6]    Insert your name if the Class [Class Number] Claims are held by you in your own name or, if held in street name through a Nominee, insert the name of your broker or bank.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

d.  the Beneficial Holder has cast the same vote with respect to all of the Beneficial Holder's Class [Class Number] Claims;

e.  the Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the claim and received by the Solicitation Agent before the EFH/EFIH Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

f.  the Beneficial Holder understands and acknowledges that the Solicitation Agent may verify the amount of Class [Class Number] Claims held by the Beneficial Holder as of the EFH/EFIH Voting Record Date set forth in Item 1 with any Nominee through which the Beneficial Holder holds its Class [Class Number] Claims and by returning an executed Ballot the Beneficial Holder directs any such Nominee to provide any information or comply with any actions requested by the Solicitation Agent to verify the amount set forth in Item 1 hereof. In the event of a discrepancy regarding such amount that cannot be timely reconciled without undue effort on the part of the Solicitation Agent, the amount shown on the records of the Nominee, if applicable, or the Debtors' records shall control; and

g.  the Beneficial Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Beneficial Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Beneficial Holder and shall not be affected by, and shall survive, the death or incapacity of the Beneficial Holder.

*[Remainder of page intentionally left blank.]*

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

**Item 6.  Beneficial Holder Information and Signature.**

Name of Beneficial Holder:_____
<div align="center">(*print or type*)</div>

Signature:_____

Name of Signatory:_____
<div align="center">(*if other than Beneficial Holder*)</div>

Title: _____

Address:_____

_____

_____

Date Completed:_____

**THE EFH/EFIH VOTING DEADLINE IS 2:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 15, 2016.**

*IF YOU RECEIVED A RETURN BALLOT ADDRESSED TO THE SOLICITATION AGENT (EPIQ BANKRUPTCY SOLUTIONS, LLC)*, **PLEASE COMPLETE, AND DATE THE BALLOT AND RETURN IT PROMPTLY WITH AN ORIGINAL SIGNED COPY IN THE ENVELOPE PROVIDED SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY THE EFH/EFIH VOTING DEADLINE.**

*IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE*, **PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.  PLEASE ALLOW SUFFICIENT TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT COMPLETED BY YOUR NOMINEE.  THE MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE EFH/EFIH VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CONTACT THE THE SOLICITATION AGENT AT (877) 276-7311 OR EMAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.**

*[Remainder of page intentionally left blank.]*

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

## VOTING INSTRUCTIONS

1.  As described in the EFH/EFIH Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class [Class Number] Claims with respect to the Plan referred to in the EFH/EFIH Disclosure Statement. The Plan and EFH/EFIH Disclosure Statement are included in the EFH/EFIH Solicitation Package you received with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan. **PLEASE READ THE PLAN AND THE EFH/EFIH DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BENEFICIAL HOLDER BALLOT.** You may wish to seek legal advice concerning the Plan and the treatment of your claim or claims under the Plan.

2.  The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Beneficial Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) **sign and return the Ballot in accordance with the instructions received and in the envelope provided, so that this Ballot or the master ballot cast on your behalf) is actually received by the Solicitation Agent by the EFH/EFIH Voting Deadline**. If you are returning your Ballot to the Nominee that provided you with this Ballot, your completed Ballot must be sent to your Nominee, allowing sufficient time for your Nominee to receive your Ballot, complete a master ballot ("<u>Master Ballot</u>"), and transmit the Master Ballot to the Solicitation Agent so that it is <u>actually received</u> by the EFH/EFIH Voting Deadline.

    **The Solicitation Agent will not accept any ballots by email, facsimile or other electronic means.** If you are directed by your Nominee to submit the Beneficial Holder Ballot to the Nominee via electronic means, such instructions to your Nominee shall have the same effect as if you had completed and returned a physical Beneficial Holder Ballot, including all certifications.

4.  The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the EFH/EFIH Voting Deadline. **The EFH/EFIH Voting Deadline is November 15, 2016, at 2:00 p.m., prevailing Eastern Time.**

5.  If a Ballot is received after the EFH/EFIH Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Beneficial Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

6.  The Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the claim and received by the Solicitation Agent before the EFH/EFIH Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7.  If a Holder holds a Claim or Interest, as applicable, in a EFH/EFIH Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that EFH/EFIH Voting Class.

8.  If a Beneficial Holder simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots will not be counted.

9.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

10. The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

11. Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

12. You must vote your entire Class [Class Number] Claims either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted as a vote to accept or reject the Plan.

13. Any Ballot that is properly completed, executed and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

14. The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

15. If you hold Claims or Interests in more than one Class under the Plan or for different Claims within a Class you may receive more than one Ballot. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

16. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided, however,* that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

---

This Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certifications with respect to the Beneficial Holder Ballot. Accordingly, at this time, holders of Bonds should not surrender certificates or instruments evidencing their bonds, and neither the Debtor nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered with a Beneficial Holder Ballot.

**If you have any questions regarding this Ballot, or if you did not receive a copy of the EFH/EFIH Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Solicitation Agent by phone at (877) 276-7311 or via email to <u>efhvote@epiqsystems.com</u> and reference "EFH/EFIH" in the subject line.**

## PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

## EXHIBIT A

*Your Nominee may have checked a box below to indicate the Note to which this Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Ballot.*

### CLASS [CLASS NUMBER AND DESCRIPTION] CLAIMS

| | BOND DESCRIPTION | CUSIP |
|---|---|---|
| ☐ | | |
| ☐ | | |
| ☐ | | |
| ☐ | | |
| ☐ | | |

**EXHIBIT 3**

**Cover Letter to Holders of Claims and Interests Against the EFH/EFIH Debtors**

[LETTERHEAD]

**[DATE]**

<u>Via First Class Mail</u>

RE:    <u>**In re Energy Future Holdings Corp., *et al.*,**</u>
        <u>**Chapter 11 Case No. 14-10979 (CSS) (Jointly Administered)**</u>

TO ALL HOLDERS OF CLAIMS AND INTERESTS AGAINST THE EFH/EFIH DEBTORS ENTITLED TO VOTE ON THE PLAN:

Energy Future Holdings Corp. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>")[1] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") on April 29, 2014.

You have received this letter and the enclosed materials because you are entitled to vote on the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ___] (as may be modified, amended, or supplemented from time to time, the "<u>Plan</u>") as it applies to the EFH/EFIH Debtors (as defined below).[2]

Last year, you may have been entitled to vote, and you may have voted, in connection with the Debtors' *Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* (the "<u>Original Confirmed Plan</u>"). **<u>ANY VOTE YOU MADE IN CONNECTION WITH THE ORIGINAL CONFIRMED PLAN WILL NOT COUNT AS TO THE PLAN. YOU MUST SEPARATELY VOTE FOR OR AGAINST THE PLAN.</u>**

Energy Future Holdings Corp. ("<u>EFH Corp.</u>"), certain of its direct and indirect subsidiaries (together with EFH Corp., the "<u>EFH Debtors</u>"),[3] Energy Future Intermediate Holding Company LLC ("<u>EFIH</u>"), and EFIH Finance, Inc. (together with EFIH, the "<u>EFIH Debtors</u>," and together with the EFH Debtors, the "<u>EFH/EFIH Debtors</u>") have approved the filing of the Plan and the solicitation of votes to accept the Plan as to the EFH/EFIH Debtors. The EFH/EFIH Debtors believe that the acceptance of the Plan is in the

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

[3]    The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

best interests of their estates, holders of Claims and Interests against the EFH/EFIH Debtors, and all other parties in interest. Moreover, the EFH/EFIH Debtors believe that any alternative other than Confirmation of the Plan could result in extensive delays and increased administrative expenses, which, in turn, would likely result in smaller distributions (or no distributions) on account of Claims and Interests against the EFH/EFIH Debtors asserted in these Chapter 11 Cases.

> **THE EFH/EFIH DEBTORS STRONGLY URGE YOU TO PROPERLY AND TIMELY CAST YOUR BALLOT TO ACCEPT THE PLAN.**

On [____], 2016, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. ___] (the "EFH/EFIH Disclosure Statement Order"): (a) authorizing the EFH/EFIH Debtors to solicit acceptances to the Plan as to the EFH/EFIH Debtors; (b) approving the *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors*, including all exhibits and schedules thereto [D.I. ___] (as may be modified, amended, or supplemented from time to time, the "EFH/EFIH Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan as to the EFH/EFIH Debtors; and (e) establishing certain protocols in connection with those proceedings.

In addition to this cover letter, the enclosed materials comprise your EFH/EFIH Solicitation Package, and were approved by the Court for distribution to Holders of Claims and Interests against the EFH/EFIH Debtors. The EFH/EFIH Solicitation Package consists of the following:

a. this Cover Letter explaining the solicitation process and urging Holders of Claims and Interests against the EFH/EFIH Debtors in the Voting Classes to accept the Plan;

b. the EFH/EFIH Disclosure Statement, as approved by the Bankruptcy Court (with all exhibits, including the Plan);

c. the EFH/EFIH Disclosure Statement Order (without exhibits except for **Exhibit 8** attached thereto);

d. the notice of the hearing to consider confirmation of the Plan as to the EFH/EFIH Debtors and accompanying cover letter; and

e. a Ballot (together with detailed voting instructions and a postage prepaid return envelope).

2

The materials in the EFH/EFIH Solicitation Package are intended to be self-explanatory. If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received a CD-ROM), please feel free to contact the Debtors' Solicitation Agent, by: (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov. Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

**EXHIBIT A**

**Statement of the EFH Official Committee to Holders of Claims in Classes A5, A8, and A9**

## STATEMENT OF THE EFH OFFICIAL COMMITTEE

TO ALL HOLDERS OF CLAIMS IN CLASSES A5, A8 AND A9:

We, the members of the official committee (the "EFH Committee") representing unsecured creditors of Energy Future Holdings Corp. ("EFH"), Energy Future Intermediate Holding Company LLC, EFIH Finance Inc. and EECI, Inc., recommend that all Holders of Claims in Classes A5 (EFH Unexchanged Note Claims), A8 (EFH Non-Qualified Benefit Claims) and A9 (General Unsecured Claims Against EFH Corp.) **VOTE TO ACCEPT THE PLAN.**[4] **Failure to vote to accept the Plan may significantly reduce the amounts received for allowed claims in these classes.**

On November 25, 2015, the Bankruptcy Court entered an order approving a comprehensive and durable settlement among the EFH Committee, the Debtors, and certain of the TCEH First Lien Creditors. This settlement, among other things, provides that the Class A5 EFH Unexchanged Note Claims, Class A8 EFH Non-Qualified Benefit Claims and Class A9 General Unsecured Claims Against EFH Corp. (collectively, the "Beneficiary Claims") will receive the benefit of the Contractual Subordination agreed to between TCEH and the EFH Committee for the benefit of the holders of these Beneficiary Claims.

The Plan incorporates these terms of the EFH/EFIH Committee Settlement Agreement. The Debtors' estimated recovery for the Beneficiary Claims under the Plan is 100%, while the Debtors' estimated recovery for other unsecured claims against EFH is 16% or less.

In order to receive the benefit of this Contractual Subordination, the terms of the EFH/EFIH Committee Settlement Agreement provide that the Holders of the Beneficiary Claims must vote on the Plan in a manner consistent with the direction of the Required TCEH First Lien Creditors. The Required TCEH First Lien Creditors have sent a letter to the EFH Committee that directs the Holders of Claims in Classes A5, A8 and A9 to vote to accept the Plan. **If Class A5, A8 or A9 does not vote to accept the Plan, then such class will NOT receive the benefit of the Contractual Subordination and the estimated recovery for allowed claims in the applicable class will be reduced from 100% to approximately 16%.** Accordingly, in order to receive the increased recovery from the Contractual Subordination, the EFH Committee urges all Holders of Claims in Classes A5, A8 and A9 to **VOTE TO ACCEPT THE PLAN.**

If you have questions regarding voting, you may visit the EFH Committee's website at www.kccllc.net/TCEHEFHCommittees or call 1-888-249-2716.

Respectfully submitted,

The EFH Official Committee

---

[4]    The "Plan" is defined as the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp.* et al., *Pursuant to Chapter 11 of the Bankruptcy Code* as it applies to the EFH Debtors and the EFIH Debtors [D.I. 9374], as it may be further amended. All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or the EFH/EFIH Settlement Agreement, as applicable.

**EXHIBIT 4**

**EFH/EFIH Confirmation Hearing Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## NOTICE OF HEARING TO CONSIDER
## CONFIRMATION OF THE CHAPTER 11 PLAN FILED BY THE
## EFH/EFIH DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES

**PLEASE TAKE NOTICE THAT** on [____], 2016, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. ___] (the "EFH/EFIH Disclosure Statement Order"): (a) authorizing Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") to solicit acceptances to the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ___] (as may be modified, amended, or supplemented from time to time, the "Plan") as to the EFH/EFIH Debtors;[3] (b) approving the *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors*, including all exhibits and schedules thereto [D.I. ___] (as may be modified, amended, or supplemented from time to time, the "EFH/EFIH Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan as to the EFH/EFIH Debtors; and (e) establishing certain protocols in connection with those proceedings.

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[3]   Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan as to the EFH/EFIH Debtors (the "EFH/EFIH Confirmation Hearing") will commence at **10:00 a.m. prevailing Eastern Time on December 1, 2016**, before the Honorable Judge Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market Street, Fifth Floor, Wilmington, Delaware 19801.

---

**PLEASE BE ADVISED**:   THE EFH/EFIH CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE EFH/EFIH DEBTORS *WITHOUT FURTHER NOTICE* OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

---

### CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**EFH/EFIH Voting Record Date.** The voting record date is **September 19, 2016** (the "EFH/EFIH Voting Record Date"), which was the date for determining which holders of Claims or Interests, as applicable, against the EFH/EFIH Debtors in Classes A4, A5, A6, A7, A8, A9, A10, A11, A12, B3, B4, B5, and B6 are entitled to vote on the Plan.

**EFH/EFIH Voting Deadline.** The deadline for voting on the Plan as to the EFH/EFIH Debtors is **2:00 p.m. prevailing Eastern Time on November 15, 2016** (the "EFH/EFIH Voting Deadline"). If you received an EFH/EFIH Solicitation Package, including a Ballot and intend to vote on the Plan you **must**: (a) follow the instructions carefully; (b) complete *all* of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the EFH/EFIH Debtors' solicitation agent, Epiq Bankruptcy Solutions, LLC (the "Solicitation Agent") on or before the EFH/EFIH Voting Deadline. **A failure to follow such instructions may disqualify your vote.**

### CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

**Plan Objection Deadline.** The deadline for filing objections to the Plan as to the EFH/EFIH Debtors is **November 15, 2016, at 2:00 p.m. prevailing Eastern Time** (the "EFH/EFIH Plan Objection Deadline"). All objections to the relief sought at the EFH/EFIH Confirmation Hearing must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 15, 2016 at 2:00 p.m. prevailing Eastern Time**:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Edward O. Sassower, P.C.<br>Attn: Stephen E. Hessler, Esq.<br>Attn: Brian E. Schartz, Esq.<br>601 Lexington Avenue<br>New York, New York 10022<br><br>Attn: James H.M. Sprayregen, P.C.<br>Attn: Marc Kieselstein, P.C.<br>Attn: Chad J. Husnick, Esq.<br>Attn: Steven N. Serajeddini, Esq.<br>300 North LaSalle<br>Chicago, Illinois 60654 | **RICHARDS, LAYTON & FINGER, P.A.**<br>Attn: Mark D. Collins, Esq.<br>Attn: Daniel J. DeFranceschi, Esq.<br>Attn: Jason M. Madron, Esq.<br>920 North King Street<br>Wilmington, Delaware 19801 |

*Co-Counsel to the Debtors*

| | |
|---|---|
| **PROSKAUER ROSE LLP.**<br>Attn: Jeff J. Marwil, Esq.<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **BIELLI & KLAUDER, LLP**<br>Attn: David M. Klauder, Esq.<br>1204 N. King Street<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Holdings Corp.*

| | |
|---|---|
| **MUNGER, TOLLES & OLSON LLP**<br>Attn: Thomas B. Walper, Esq.<br>Attn: Todd J Rosen, Esq.<br>Attn: Seth Goldman, Esq.<br>Attn: John W. Spiegel, Esq.<br>355 S. Grand Ave 35th FL<br>Los Angeles, CA 90071 | **MCELROY, DEUTSCH, MUVANEY, &<br>CARPENTER, LLP**<br>Attn: David P. Primack, Esq.<br>300 Delaware Ste 770<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Debtors*

| | |
|---|---|
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE PC**<br>Attn: Joseph H. Hutson Jr, Esq.<br>1105 N. Market St STE 700<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Intermediate Holding Company LLC*

| |
|---|
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn: Richard L. Schepacarter, Esq.<br>Attn: Andrea B. Schwartz, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware  19801 |

| | |
|---|---|
| **MORRISON & FOERSTER LLP**<br>Attn: James M. Peck, Esq.<br>Attn: Brett H. Miller, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Todd M. Goren, Esq.<br>Attn: Erica Richards, Esq.<br>250 West 55th Street<br>New York, New York 10019 | **POLSINELLI PC**<br>Attn: Christopher A. Ward, Esq.<br>Attn: Justin K. Edelson, Esq.<br>Attn: Shanti M. Katona, Esq.<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801 |
| *Co-Counsel to the TCEH Creditors' Committee* | |
| **SULLIVAN & CROMWELL LLP**<br>Attn: Andrew G. Dietderich, Esq.<br>Attn: Brian D. Glueckstein, Esq.<br>Attn: Michael H. Torkin, Esq.<br>125 Broad St.<br>New York, NY 10004 | **MONTGOMERY, MCCRACKEN, WALKER, &**<br>**RHOADS LLP**<br>Attn: Natalie D. Ramsey, Esq.<br>Attn: Davis Lee Wright, Esq.<br>Attn: Mark A. Fink, Esq.<br>1105 N. Market St 15th FL<br>Wilmington, DE 19801 |
| *Co-Counsel to the EFH Creditors' Committee* | |

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**. The materials in the EFH/EFIH Solicitation Package are intended to be self-explanatory. If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received a CD-ROM), please feel free to contact the Debtors' Solicitation Agent, by: (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov. Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

**Filing the Plan Supplement**. The Debtors will file the EFH/EFIH Plan Supplement (as defined in the Plan) as it relates to the EFH/EFIH Debtors no later than fourteen days before the EFH/EFIH Confirmation Hearing or such later date as may be approved by this Court and will serve notice on all holders of Claims and Interests entitled to vote on the Plan as it relates to the EFH/EFIH Debtors, which will: (a) inform parties that the Debtors filed the EFH/EFIH Plan Supplement; (b) list the information contained in the EFH/EFIH Plan Supplement; and (c) explain how parties may obtain copies of the EFH/EFIH Plan Supplement.

---

**BINDING NATURE OF THE PLAN:**
**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS AGAINST THE EFH/EFIH DEBTORS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THE CHAPTER 11 CASES OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

---

4

Wilmington, Delaware
Dated: [____], 2016

DRAFT
_____

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

5

## EXHIBIT 4-A

**EFH/EFIH Confirmation Hearing Notice Cover Letter**

**Energy Future Holdings**

[___], 2016

The chapter 11 process requires the distribution of certain documents and notices that provide information about the restructuring of Energy Future Holdings and certain of its subsidiaries. Those subsidiaries include, among others: (a) EFH Corporate Services Company, LLC and certain other EFH Corp. subsidiaries (collectively, the "EFH Shared Services Debtors"), (b) EFCH, TCEH, and subsidiaries of TCEH (collectively, the "TCEH Debtors"), (c) EFH Corp., and certain EFH Corp. subsidiaries (the "EFH Debtors"), and (d) EFIH and EFIH Finance, Inc. (the "EFIH Debtors").

Enclosed with this letter is one such notice informing you that the court has scheduled a hearing to consider confirmation of the plan of reorganization (as may be amended or modified from time to time, the "Plan") with respect to the EFH Debtors and the EFIH Debtors (each as defined in the Plan) for December 1, 2016 at 10:00 a.m. Eastern.

You may also have received separate mailing(s) regarding the Plan as it relates to the TCEH Debtors and EFH Shared Services.  Importantly, this Plan allows for separate timelines regarding the confirmation process for the TCEH Debtors and EFH Shared Services on the one hand, and the EFH and EFIH Debtors on the other. While you may have previously received a similar notice in September 2015, that notice pertained to a previously submitted plan of reorganization, which does not apply to, and does not affect, the notice enclosed.

If you have any questions, please call EFH's restructuring hotline at 877-276-7311 or email restructuring@energyfutureholdings.com.

**Exhibit 5**

**EFH/EFIH Plan Supplement Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## NOTICE OF FILING OF EFH/EFIH PLAN
## SUPPLEMENT FOR THE THIRD AMENDED JOINT
## PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS
## CORP., ET AL, PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE THAT** on [____], 2016, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. ___] (the "EFH/EFIH Disclosure Statement Order"): (a) authorizing Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") to solicit acceptances to the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ___] (as may be modified, amended, or supplemented from time to time, the "Plan") as to the EFH/EFIH Debtors;[3] (b) approving the *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors*, including all exhibits and schedules thereto [D.I. ___] (as may be modified, amended, or supplemented from time to time, the "EFH/EFIH Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan as to the EFH/EFIH Debtors; and (e) establishing certain protocols in connection with those proceedings.

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[3]   Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated in the Plan, the EFH/EFIH Debtors filed the Plan Supplement as it relates to the EFH/EFIH Debtors with the Court on [____], 2016 [D.I. ___] (the "EFH/EFIH Plan Supplement"). The EFH/EFIH Plan Supplement contains the following documents, if any, and as applicable (each as defined in the Plan): (a) New Organizational Documents; (b) the Rejected Executory Contract and Unexpired Lease List; (c) the Assumed Executory Contract and Unexpired Lease List; and (d) a list of retained Causes of Action.

**PLEASE TAKE FURTHER NOTICE THAT** these documents remain subject to further negotiations among the EFH/EFIH Debtors and interested parties with respect thereto. The EFH/EFIH Debtors reserve all rights to modify, amend, or supplement the EFH/EFIH Plan Supplement and any of the documents contained therein in accordance with the terms of the Plan. To the extent material amendments or modifications are made to any of these documents before the EFH/EFIH Confirmation Hearing, the EFH/EFIH Debtors will file a blackline version with the Bankruptcy Court prior to the EFH/EFIH Confirmation Hearing marked to reflect such amendments or modifications.

**PLEASE TAKE FURTHER NOTICE THAT** the EFH/EFIH Plan Supplement is integral to, part of and incorporated by reference into the Plan, but these documents have not yet been approved by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan as to the EFH/EFIH Debtors (the "EFH/EFIH Confirmation Hearing") will commence at **10:00 a.m. prevailing Eastern Time on December 1, 2016**, before the Honorable Judge Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market Street, Fifth Floor, Wilmington, Delaware 19801.

**Plan Objection Deadline.** The deadline for filing objections to the Plan as to the EFH/EFIH Debtors is **November 15, 2016, at 2:00 p.m. prevailing Eastern Time** (the "EFH/EFIH Plan Objection Deadline"). All objections to the relief sought at the EFH/EFIH Confirmation Hearing must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 15, 2016 at 2:00 p.m. prevailing Eastern Time**:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Edward O. Sassower, P.C.<br>Attn: Stephen E. Hessler, Esq.<br>Attn: Brian E. Schartz, Esq.<br>601 Lexington Avenue<br>New York, New York 10022<br><br>Attn: James H.M. Sprayregen, P.C.<br>Attn: Marc Kieselstein, P.C.<br>Attn: Chad J. Husnick, Esq.<br>Attn: Steven N. Serajeddini, Esq.<br>300 North LaSalle<br>Chicago, Illinois 60654 | **RICHARDS, LAYTON & FINGER, P.A.**<br>Attn: Mark D. Collins, Esq.<br>Attn: Daniel J. DeFranceschi, Esq.<br>Attn: Jason M. Madron, Esq.<br>920 North King Street<br>Wilmington, Delaware 19801 |

*Co-Counsel to the Debtors*

| | |
|---|---|
| **PROSKAUER ROSE LLP.**<br>Attn: Jeff J. Marwil, Esq.<br>Attn: Mark K. Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **BIELLI & KLAUDER, LLP**<br>Attn: David M. Klauder, Esq.<br>1204 N. King Street<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Holdings Corp.*

| | |
|---|---|
| **MUNGER, TOLLES & OLSON LLP**<br>Attn: Thomas B. Walper, Esq.<br>Attn: Todd J Rosen, Esq.<br>Attn: Seth Goldman, Esq.<br>Attn: John W. Spiegel, Esq.<br>355 S. Grand Ave 35th FL<br>Los Angeles, CA 90071 | **MCELROY, DEUTSCH, MUVANEY, &<br>CARPENTER, LLP**<br>Attn: David P. Primack, Esq.<br>300 Delaware Ste 770<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Debtors*

| | |
|---|---|
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE PC**<br>Attn: Joseph H. Hutson Jr, Esq.<br>1105 N. Market St STE 700<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Intermediate Holding Company LLC*

**THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**
Attn: Richard L. Schepacarter, Esq.
Attn: Andrea B. Schwartz, Esq.
844 King Street, Suite 2207
Wilmington, Delaware  19801

| MORRISON & FOERSTER LLP | POLSINELLI PC |
|---|---|
| Attn: James M. Peck, Esq. | Attn: Christopher A. Ward, Esq. |
| Attn: Brett H. Miller, Esq. | Attn: Justin K. Edelson, Esq. |
| Attn: Lorenzo Marinuzzi, Esq. | Attn: Shanti M. Katona, Esq. |
| Attn: Todd M. Goren, Esq. | 222 Delaware Avenue, Suite 1101 |
| Attn: Erica Richards, Esq. | Wilmington, Delaware 19801 |
| 250 West 55th Street | |
| New York, New York 10019 | |
| *Co-Counsel to the TCEH Creditors' Committee* | |
| SULLIVAN & CROMWELL LLP | MONTGOMERY, MCCRACKEN, WALKER, & RHOADS LLP |
| Attn: Andrew G. Dietderich, Esq. | Attn: Natalie D. Ramsey, Esq. |
| Attn: Brian D. Glueckstein, Esq. | Attn: Davis Lee Wright, Esq. |
| Attn: Michael H. Torkin, Esq. | Attn: Mark A. Fink, Esq. |
| 125 Broad St. | 1105 N. Market St 15th FL |
| New York, NY 10004 | Wilmington, DE 19801 |
| *Co-Counsel to the EFH Creditors' Committee* | |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the EFH/EFIH Disclosure Statement, the Plan, the EFH/EFIH Plan Supplement or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the voting and claims agent retained by the Debtors in these Chapter 11 Cases, by: (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

*[Remainder of page intentionally left blank.]*

4

Wilmington, Delaware
Dated: [____], 2016

DRAFT
_____
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

5

## EXHIBIT 6

**Notice of Non-Voting Status (Unimpaired)**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) |  |

## NOTICE OF NON-VOTING STATUS TO HOLDER
## OF UNIMPAIRED CLAIMS AND EQUITY INTERESTS AGAINST
## THE EFH/EFIH DEBTORS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE THAT** on [_____], 2016, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. ___] (the "EFH/EFIH Disclosure Statement Order"): (a) authorizing Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") to solicit acceptances to the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ___] (as may be modified, amended, or supplemented from time to time, the "Plan") as to the EFH/EFIH Debtors;[3] (b) approving the *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors*, including all exhibits and schedules thereto [D.I. ___] (as may be modified, amended, or supplemented from time to time, the "EFH/EFIH Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[3]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

solicitation packages; (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan as to the EFH/EFIH Debtors; and (e) establishing certain protocols in connection with those proceedings.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, ***you are not entitled to vote on the Plan***. Specifically, under the terms of the Plan, as a holder of a Claim or Interest (as currently asserted against the EFH Debtors or EFIH Debtors) that is not Impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan as to the EFH/EFIH Debtors (the "<u>EFH/EFIH Confirmation Hearing</u>") will commence at **10:00 a.m. prevailing Eastern Time on December 1, 2016**, before the Honorable Judge Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market Street, Fifth Floor, Wilmington, Delaware 19801.

**Plan Objection Deadline.** The deadline for filing objections to the Plan as to the EFH/EFIH Debtors is **November 15, 2016, at 2:00 p.m. prevailing Eastern Time** (the "<u>EFH/EFIH Plan Objection Deadline</u>"). All objections to the relief sought at the EFH/EFIH Confirmation Hearing must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 15, 2016 at 2:00 p.m. prevailing Eastern Time:**

| | |
|---|---|
| **KIRKLAND & ELLIS LLP** <br> Attn: Edward O. Sassower, P.C. <br> Attn: Stephen E. Hessler, Esq. <br> Attn: Brian E. Schartz, Esq. <br> 601 Lexington Avenue <br> New York, New York 10022 <br><br> Attn: James H.M. Sprayregen, P.C. <br> Attn: Marc Kieselstein, P.C. <br> Attn: Chad J. Husnick, Esq. <br> Attn: Steven N. Serajeddini, Esq. <br> 300 North LaSalle <br> Chicago, Illinois 60654 | **RICHARDS, LAYTON & FINGER, P.A.** <br> Attn: Mark D. Collins, Esq. <br> Attn: Daniel J. DeFranceschi, Esq. <br> Attn: Jason M. Madron, Esq. <br> 920 North King Street <br> Wilmington, Delaware 19801 |
| *Co-Counsel to the Debtors* | |
| **PROSKAUER ROSE LLP.** <br> Attn: Jeff J. Marwil, Esq. <br> Attn: Mark K Thomas, Esq. <br> Attn: Peter J. Young, Esq. <br> Three First National Plaza <br> 70 W. Madison ST STE 3800 <br> Chicago, IL 60602 | **BIELLI & KLAUDER, LLP** <br> Attn: David M. Klauder, Esq. <br> 1204 N. King Street <br> Wilmington, DE 19801 |
| *Co-Counsel to Energy Future Holdings Corp.* | |

2

| | |
|---|---|
| **MUNGER, TOLLES & OLSON LLP**<br>Attn: Thomas B. Walper, Esq.<br>Attn: Todd J Rosen, Esq.<br>Attn: Seth Goldman, Esq.<br>Attn: John W. Spiegel, Esq.<br>355 S. Grand Ave 35th FL<br>Los Angeles, CA 90071 | **MCELROY, DEUTSCH, MUVANEY, &<br>CARPENTER, LLP**<br>Attn: David P. Primack, Esq.<br>300 Delaware Ste 770<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Debtors*

| | |
|---|---|
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE PC**<br>Attn: Joseph H. Hutson Jr, Esq.<br>1105 N. Market St STE 700<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Intermediate Holding Company LLC*

**THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**
Attn: Richard L. Schepacarter, Esq.
Attn: Andrea B. Schwartz, Esq.
844 King Street, Suite 2207
Wilmington, Delaware 19801

| | |
|---|---|
| **MORRISON & FOERSTER LLP**<br>Attn: James M. Peck, Esq.<br>Attn: Brett H. Miller, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Todd M. Goren, Esq.<br>Attn: Erica Richards, Esq.<br>250 West 55th Street<br>New York, New York 10019 | **POLSINELLI PC**<br>Attn: Christopher A. Ward, Esq.<br>Attn: Justin K. Edelson, Esq.<br>Attn: Shanti M. Katona, Esq.<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Creditors' Committee*

| | |
|---|---|
| **SULLIVAN & CROMWELL LLP**<br>Attn: Andrew G. Dietderich, Esq.<br>Attn: Brian D. Glueckstein, Esq.<br>Attn: Michael H. Torkin, Esq.<br>125 Broad St.<br>New York, NY 10004 | **MONTGOMERY, MCCRACKEN, WALKER, &<br>RHOADS LLP**<br>Attn: Natalie D. Ramsey, Esq.<br>Attn: Davis Lee Wright, Esq.<br>Attn: Mark A. Fink, Esq.<br>1105 N. Market St 15th FL<br>Wilmington, DE 19801 |

*Co-Counsel to the EFH Creditors' Committee*

    **PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the EFH/EFIH Disclosure Statement, the Plan, the EFH/EFIH Plan Supplement or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the Solicitation Agent retained by the Debtors in these Chapter 11 Cases, by: (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT EPIQ BANKRUPTCY SOLUTIONS, LLC.**

[*Remainder of page intentionally left blank.*]

Wilmington, Delaware
Dated: [_____], 2016

DRAFT

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:       (302) 651-7701
Email:            collins@rlf.com
                       defranceschi@rlf.com
                       madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
Email:            edward.sassower@kirkland.com
                       stephen.hessler@kirkland.com
                       brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200
Email:            james.sprayregen@kirkland.com
                       marc.kieselstein@kirkland.com
                       chad.husnick@kirkland.com
                       steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT 7**

**Notice of Non-Voting Status (Impaired)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) |  |

## NOTICE OF NON-VOTING STATUS TO HOLDERS OF
## IMPAIRED CLAIMS AND EQUITY INTERESTS AGAINST
## THE EFH/EFIH DEBTORS DEEMED TO REJECT THE PLAN

   **PLEASE TAKE NOTICE THAT** on [____], 2016, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. ___] (the "EFH/EFIH Disclosure Statement Order"):  (a) authorizing Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") to solicit acceptances to the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ___] (as may be modified, amended, or supplemented from time to time, the "Plan") as to the EFH/EFIH Debtors;[3] (b) approving the *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors*, including all exhibits and schedules thereto [D.I. ___] (as may be modified, amended, or supplemented from time to time, the "EFH/EFIH Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving and tabulating votes on

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[3]   Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

the Plan and for filing objections to the Plan as to the EFH/EFIH Debtors; and (e) establishing certain protocols in connection with those proceedings.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, ***you are not entitled to vote on the Plan***. Specifically, under the terms of the Plan, as a holder of a Claim or Interest (as currently asserted against the EFH Debtors or EFIH Debtors) that is Impaired and conclusively presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan as to the EFH/EFIH Debtors (the "EFH/EFIH Confirmation Hearing") will commence at **10:00 a.m. prevailing Eastern Time on December 1, 2016**, before the Honorable Judge Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market Street, Fifth Floor, Wilmington, Delaware 19801.

**Plan Objection Deadline**. The deadline for filing objections to the Plan as to the EFH/EFIH Debtors is **November 15, 2016, at 2:00 p.m. prevailing Eastern Time** (the "EFH/EFIH Plan Objection Deadline"). All objections to the relief sought at the EFH/EFIH Confirmation Hearing must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 15, 2016 at 2:00 p.m. prevailing Eastern Time**:

| KIRKLAND & ELLIS LLP | RICHARDS, LAYTON & FINGER, P.A. |
|---|---|
| Attn: Edward O. Sassower, P.C. | Attn: Mark D. Collins, Esq. |
| Attn: Stephen E. Hessler, Esq. | Attn: Daniel J. DeFranceschi, Esq. |
| Attn: Brian E. Schartz, Esq. | Attn: Jason M. Madron, Esq. |
| 601 Lexington Avenue | 920 North King Street |
| New York, New York 10022 | Wilmington, Delaware 19801 |
| | |
| Attn: James H.M. Sprayregen, P.C. | |
| Attn: Marc Kieselstein, P.C. | |
| Attn: Chad L. Husnick, Esq. | |
| Attn: Steven N. Serajeddini, Esq. | |
| 300 North LaSalle | |
| Chicago, Illinois 60654 | |

*Co-Counsel to the Debtors*

| PROSKAUER ROSE LLP. | BIELLI & KLAUDER, LLP |
|---|---|
| Attn: Jeff J. Marwil, Esq. | Attn: David M. Klauder, Esq. |
| Attn: Mark K Thomas, Esq. | 1204 N. King Street |
| Attn: Peter J. Young, Esq. | Wilmington, DE 19801 |
| Three First National Plaza | |
| 70 W. Madison ST STE 3800 | |
| Chicago, IL 60602 | |

*Co-Counsel to Energy Future Holdings Corp.*

| | |
|---|---|
| **MUNGER, TOLLES & OLSON LLP**<br>Attn: Thomas B. Walper, Esq.<br>Attn: Todd J Rosen, Esq.<br>Attn: Seth Goldman, Esq.<br>Attn: John W. Spiegel, Esq.<br>355 S. Grand Ave 35th FL<br>Los Angeles, CA 90071 | **MCELROY, DEUTSCH, MUVANEY, &**<br>**CARPENTER, LLP**<br>Attn: David P. Primack, Esq.<br>300 Delaware Ste 770<br>Wilmington, Delaware 19801 |
| *Co-Counsel to the TCEH Debtors* | |
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE PC**<br>Attn: Joseph H. Hutson Jr, Esq.<br>1105 N. Market St STE 700<br>Wilmington, DE 19801 |
| *Co-Counsel to Energy Future Intermediate Holding Company LLC* | |
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn: Richard L. Schepacarter, Esq.<br>Attn: Andrea B. Schwartz, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware  19801 | |
| **MORRISON & FOERSTER LLP**<br>Attn: James M. Peck, Esq.<br>Attn: Brett H. Miller, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Todd M. Goren, Esq.<br>Attn: Erica Richards, Esq.<br>250 West 55th Street<br>New York, New York 10019 | **POLSINELLI PC**<br>Attn: Christopher A. Ward, Esq.<br>Attn: Justin K. Edelson, Esq.<br>Attn: Shanti M. Katona, Esq.<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801 |
| *Co-Counsel to the TCEH Creditors' Committee* | |
| **SULLIVAN & CROMWELL LLP**<br>Attn: Andrew G. Dietderich, Esq.<br>Attn: Brian D. Glueckstein, Esq.<br>Attn: Michael H. Torkin, Esq.<br>125 Broad St.<br>New York, NY 10004 | **MONTGOMERY, MCCRACKEN, WALKER, &**<br>**RHOADS LLP**<br>Attn: Natalie D. Ramsey, Esq.<br>Attn: Davis Lee Wright, Esq.<br>Attn: Mark A. Fink, Esq.<br>1105 N. Market St 15th FL<br>Wilmington, DE 19801 |
| *Co-Counsel to the EFH Creditors' Committee* | |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the EFH/EFIH Disclosure Statement, the Plan, the EFH/EFIH Plan Supplement or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the Solicitation Agent retained by the Debtors in these Chapter 11 Cases, by:  (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT EPIQ BANKRUPTCY SOLUTIONS, LLC.**

*[Remainder of page intentionally left blank.]*

4

Wilmington, Delaware
Dated: [_____], 2016

DRAFT

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
    defranceschi@rlf.com
    madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
    stephen.hessler@kirkland.com
    brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
    marc.kieselstein@kirkland.com
    chad.husnick@kirkland.com
    steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT 8**

**EFH/EFIH Solicitation Procedures**

**EFH/EFIH SOLICITATION PROCEDURES**

The following procedures (the "EFH/EFIH Solicitation Procedures") will govern the solicitation and tabulation of votes to accept or reject the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp. et al, Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ___] (as may be modified, amended, or supplemented from time to time, the "Plan") as applicable to Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[1] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors").

These EFH/EFIH Solicitation Procedures comprise a material part of the *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors*, dated [___], 2016 (as may be modified, amended or supplemented from time to time, the "EFH/EFIH Disclosure Statement") to which these procedures are attached as Exhibit 10 and incorporated by reference.

**A.    Defined Terms.**

Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan. Other capitalized terms have the following meaning as used in these EFH/EFIH Solicitation Procedures:

1.    "Ballot" means the form or forms distributed to Holders of Claims and Interests against the EFH/EFIH Debtors in the Voting Classes or their Nominees by which such parties may indicate acceptance or rejection of the Plan.

2.    "Beneficial Holder" means a person or entity that holds the benefits of ownership of a publicly traded security even though title may be in another's name.

3.    "Claim" means any claim, as defined in section 101(5) of the Bankruptcy Code, against the EFH/EFIH Debtors.

4.    "Claims Bar Date" means any such date established by the Bankruptcy Court by which Proofs of Claim must be filed with respect to any such Claims, as may be ordered by the Bankruptcy Court.

5.    "Confirmation" means the entry of the EFH/EFIH Confirmation Order on the docket of the Chapter 11 Cases, subject to all conditions specified in Article IX.A of the Plan having been (a) satisfied or (b) waived pursuant to Article IX.C of the Plan.

6.    "EFH/EFIH Confirmation Hearing" means the hearing held by the Bankruptcy Court on Confirmation of the Plan as to the EFH/EFIH Debtors pursuant to section 1129 of the Bankruptcy Code.

7.    "EFH/EFIH Solicitation Date" means ten business days after the EFH/EFIH Debtors file the final version of the EFH/EFIH Disclosure Statement with the Court, or as soon as reasonably practicable thereafter, the date the EFH/EFIH Debtors commence the distribution of EFH/EFIH Solicitation Packages to Holders of Claims and Interests against the EFH/EFIH Debtors in the Voting Classes.

---

[1]    The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

8.    "EFH/EFIH Solicitation Package" means the solicitation materials and documents to be sent to Holders of Claims and Interests against the EFH/EFIH Debtors in the Voting Classes as discussed in the EFH/EFIH Disclosure Statement, which materials will provide such Holders with the information needed to vote on the Plan.

9.    "EFH/EFIH Voting Deadline" means November 15, 2016, at 2:00 p.m. (prevailing Eastern Time) by which time Ballots and Master Ballots must be <u>actually received</u> by the Solicitation Agent.

10.   "EFH/EFIH Voting Record Date" means September 19, 2016, the date for purposes of determining those Holders of Claims and Interests against the EFH/EFIH Debtors in the Voting Classes that are entitled to vote to accept or reject the Plan.

11.   "EFH Non-Voting Classes" means the following Classes of Claims and Interest against the EFH Debtors not entitled to vote under the Plan:

| Class | Claims and Interests | Voting Rights |
|-------|----------------------|---------------|
| A1 | Other Secured Claims Against the EFH Debtors | Not Entitled to Vote (Deemed to Accept) |
| A2 | Other Priority Claims Against the EFH Debtors | Not Entitled to Vote (Deemed to Accept) |
| A3 | Legacy General Unsecured Claims Against the EFH Debtors | Not Entitled to Vote (Deemed to Accept) |
| A13 | EFH Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Accept or Reject) |
| A14 | Non-EFH Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Reject) |
| A15 | Interests in EFH Debtors Other Than EFH Corp. | Not Entitled to Vote (Deemed to Accept or Reject) |
| A16 | Interests in EFH Corp. | Not Entitled to Vote (Deemed to Reject) |

12.   "EFH Voting Classes" means the following Classes of Claims and Interest against the EFH Debtors entitled to vote under the Plan:

| Class | Claims and Interests | Voting Rights |
|-------|----------------------|---------------|
| A4 | EFH Legacy Note Claims | Entitled to Vote |
| A5 | EFH Unexchanged Note Claims | Entitled to Vote |
| A6 | EFH LBO Note Primary Claims | Entitled to Vote |
| A7 | EFH Swap Claims | Entitled to Vote |
| A8 | EFH Non-Qualified Benefit Claims | Entitled to Vote |
| A9 | General Unsecured Claims Against EFH Corp. | Entitled to Vote |
| A10 | General Unsecured Claims Against the EFH Debtors Other Than EFH Corp. | Entitled to Vote |
| A11 | Tex-La Guaranty Claims | Entitled to Vote |

| Class | Claims and Interests | Voting Rights |
|-------|---------------------|---------------|
| A12 | TCEH Settlement Claim | Entitled to Vote |

13.   "EFIH Non-Voting Classes" means the following impaired classes of Claims and Interests not entitled to vote under the Plan (and together with the EFH Non-Voting Classes, the "Non-Voting Classes"):

| Class | Claims and Interests | Voting Rights |
|-------|---------------------|---------------|
| B1 | Other Secured Claims Against the EFIH Debtors | Not Entitled to Vote (Deemed to Accept) |
| B2 | Other Priority Claims Against the EFIH Debtors | Not Entitled to Vote (Deemed to Accept) |
| B7 | EFIH Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Accept or Reject) |
| B8 | Non-EFIH Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Reject) |
| B9 | Interests in EFIH | Not Entitled to Vote (Deemed to Accept) |
| B10 | Interests in EFIH Finance | Not Entitled to Vote (Deemed to Reject) |

14.   "EFIH Voting Classes" means the following impaired classes of Claims and Interests entitled to vote under the Plan (and together with the EFH Voting Classes, the "Voting Classes"):

| Class | Claims and Interests | Voting Rights |
|-------|---------------------|---------------|
| B3 | EFIH First Lien Note Claims | Entitled to Vote |
| B4 | EFIH Second Lien Note Claims | Entitled to Vote |
| B5 | EFH LBO Note Guaranty Claims | Entitled to Vote |
| B6 | General Unsecured Claims Against the EFIH Debtors | Entitled to Vote |

15.   "Holder" means an Entity holding a Claim or an Interest, as applicable, against the EFH/EFIH Debtors.

16.   "Impaired" means, with respect to a Class of Claims or Interests, a Class of Claims or Interests that is impaired within the meaning of section 1124 of the Bankruptcy Code.

17.   "Interest" means any equity security (as defined in section 101(16) of the Bankruptcy Code).

18.   "Master Ballot" means a Ballot submitted by a Nominee on behalf of one or more Beneficial Holders.

19.   "Nominee" means a record holder of securities for the benefit of one or more Beneficial Holders, including, without limitation, representatives such as brokers, banks, commercial banks, transfer agents, trust companies, dealers, other agents or nominees, or their mailing agents.

20.   "Notes Claims" means, collectively, the (a) EFIH First Lien Note Claims, (b) EFIH Second Lien Note Claims, (c) EFIH Unsecured Note Claims, (d) EFH Legacy Note Claims, (e) EFH

Unexchanged Note Claims, (f) EFH LBO Note Primary Claims, or (g) EFH LBO Note Guaranty Claims.

21.     "Petition Date" means April 29, 2014, the date on which the Debtors commenced the Chapter 11 Cases.

22.     "Proofs of Claim" means a proof of Claim filed against any of the Debtors in the Chapter 11 Cases.

23.     "Schedules" means the schedules of assets and liabilities, schedules of Executory Contracts or Unexpired Leases, and statement of financial affairs filed by the Debtors pursuant to section 521 of the Bankruptcy Code, the official bankruptcy forms, and the Bankruptcy Rules, as they may be amended, modified, or supplemented from time to time.

24.     "Solicitation Agent" means Epiq Bankruptcy Solutions, LLC.

25.     "Unimpaired" means, with respect to a Class of Claims or Interests, a Class of Claims or Interests that is unimpaired within the meaning of section 1124 of the Bankruptcy Code.

26.      "Voting Report" means the report submitted by the Solicitation Agent detailing the results of the plan solicitation process.

**B.      Holders of Claims and Interests Against the EFH/EFIH Debtors Entitled to Vote to Accept or Reject the Plan.**

Only the Holders of Claims and Interests in the Voting Classes as of the EFH/EFIH Voting Record Date shall be entitled to vote to accept or reject the Plan with regard to such Claims and Interests.

**C.      Holders of Claims and Interests Against the EFH/EFIH Debtors Not Entitled to Vote to Accept or Reject the Plan.**

Holders of Claims and Interests in the Non-Voting Classes are not entitled to vote to accept or reject the Plan with regard to such Claims and Interests. Holders of Claims or Interests in these Non-Voting Classes are either Unimpaired and deemed to accept the Plan or Impaired and deemed to reject the Plan. The Holders of Claims and Interests in the Non-Voting Classes will receive and applicable notice of non-voting status.

**D.      Temporary Allowance of Claims for Tabulation Purposes.**

Solely for purposes of voting to accept or reject the Plan, and not for the purpose of making distributions on account of any Claim or Interest, and without prejudice to the rights of the Debtors or any other party in interest in any other context, each Claim or Interest within a Voting Class shall be temporarily allowed in an amount equal to the amount of such Claim or Interest as of the EFH/EFIH Voting Record Date.

If any creditor seeks to challenge the allowance of its Claim for voting purposes in accordance with the above procedures, the EFH/EFIH Debtors request the Court direct such claimant to serve on counsel for the EFH/EFIH Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan on or before November 15, 2016, at 2:00 p.m. (prevailing Eastern Time).

Additionally, in accordance with Bankruptcy Rule 3018, any claimant filing such a motion, the claimant's Ballot will not be counted unless temporarily allowed by an order issued by the Court prior to the EFH/EFIH Voting Deadline.

**E.**     **Establishing Claim and Interest Amounts for Voting Purposes.**

The Claim or Interest amounts temporarily allowed pursuant to and set forth in these EFH/EFIH Solicitation Procedures shall control solely for voting purposes only, and shall not constitute the Allowed amount of any Claim or Interest for distribution purposes under the Plan.  In tabulating votes, the below directions shall be used to determine the amount of the Claim and Interest associated with each Holder's vote:

1.     with respect to the EFIH First Lien Note Claims included in Class B3, the Amount of such Claims Allowed for voting purposes only, and not for purposes of allowance or distribution, shall be $2,311,027,000, which is the amount of principal outstanding under the EFIH First Lien Notes as of June 18, 2014, less principal held by holders of EFIH First Lien Notes that agreed to the EFIH First Lien Settlement.

2.     with respect to the following, Claim Amounts will be calculated based on the principal amounts outstanding under the respective operative indenture as of the EFH/EFIH Voting Record Date;

   a)     EFIH Second Lien Note Claims, included in Class B4 - EFIH Second Lien Note Claims;

   b)     EFIH Unsecured Note Claims, included in Class B6 - General Unsecured Claims Against the EFIH Debtors;

   c)     EFH LBO Note Guaranty Claims, included in Class B6 - General Unsecured Claims Against the EFIH Debtors;

   d)     EFH Legacy Note Claims, included in Class A4 - EFH Legacy Note Claims;

   e)     EFH Unexchanged Note Claims, included in Class A5 - EFH Unexchanged Note Claims;

   f)     EFH LBO Note Primary Claims, included in Class A6 - EFH LBO Note Primary Claims; and

   g)     EFH LBO Note Guaranty Claims, included in Class B5 - EFH LBO Note Primary Claims.

3.     with respect to non-Note Claims included within Class A7, A8, A9, A10, A11, A12, and B6, the Claim amounts will be calculated as follows:

   (a)     each Claim within a non-Note Claims Class entitled to vote to accept or reject the Plan shall be allowed in an amount equal to the amount determined by the amount of such Claim as set forth in a timely filed proof of Claim, or, if no proof of Claim was filed, the liquidated, non-contingent, undisputed amount of such Claim as set forth in the Schedules; *provided, however,* that a party whose Claim has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such Claim, if any, to accept or reject the Plan;

   (b)     the Claim amount settled and/or agreed upon by the Debtors (whether temporarily or otherwise), as reflected in a document filed with the Court, in an order of the Court, or in a document executed by the EFH/EFIH Debtors pursuant to authority granted by the Court but for voting purposes only, and not for purposes of allowance or distribution;

   (c)     if a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a Proof of Claim was not (i) filed by the applicable Claims Bar Date for the filing of Proofs of Claim established by the Court; or (ii) deemed timely filed by an order of the Court prior

5

to the EFH/EFIH Voting Deadline, the EFH/EFIH Debtors propose such Claim shall not be allowed for voting;

(d)    if a Claim is listed on a timely filed Proof of Claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(e)    if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(f)    notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the EFH/EFIH Debtors have objected to such duplicate Claims;

(g)    claims filed for $0.00 are not entitled to vote; and

(h)    if a Proof of Claim has been amended by a later timely filed proof of claim, only the later filed amending Claim will be entitled to vote, regardless of whether the EFH/EFIH Debtors have objected to such earlier filed Claim; and

4.    with respect to the EFH Interests, included in Class A9, Interest amounts will be calculated based on the number of shares of common stock in EFH Corp. held as of the EFH/ EFIH Voting Record Date; and

5.    with respect to all Claims, if a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent or disputed (as determined (i) on the face of the Claim, (ii) pursuant to the Plan, or (iii) after a reasonable review of the supporting documentation by the EFH/EFIH Debtors or the Solicitation Agent) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00; provided, that with respect to (iii) any such determinations will be documented in the Voting Report.

If a Holder of a Claim or Interest against the EFH/EFIH Debtors identifies a Claim or Interest amount on its Ballot that is different from the amount otherwise calculated in accordance with these EFH/EFIH Solicitation Procedures, such Claim or Interest will be allowed temporarily for voting purposes in an amount calculated in accordance with the procedures described in these EFH/EFIH Solicitation Procedures. Moreover, any amounts filled in on Ballots or Master Ballots by the EFH/EFIH Debtors through the Solicitation Agent are not binding for any purpose, including allowance and distribution.

If, before the deadline to file the Voting Report, the EFH/EFIH Debtors have filed an objection to disallow or modify (including, but not limited to, modifications to the EFH/EFIH Debtor, amount, priority, or classification asserted) a Claim or Interest or a motion to allow or estimate a Claim or Interest in an amount different from the amount asserted in such Claim or Interest, such Claim or Interest will be temporarily allowed for voting purposes in the lesser amount and classification requested by such objection or motion, subject to the right of the Holder to file a motion objecting to such amounts (as described in Section D above.)

The EFH/EFIH Debtors are authorized to enter into stipulations with the Holder of any Claim or Interest against the EFH/EFIH Debtors, in each case agreeing to the amount of the Claim or Interest for voting purposes without further Court order.

**F.      General Ballot Tabulation.**

Subject to Section I below, the following voting procedures and standard assumptions shall be used in tabulating Ballots:

1.      except as otherwise provided in these EFH/EFIH Solicitation Procedures, unless a Ballot is <u>actually received</u> on or before the EFH/EFIH Voting Deadline, the Debtors shall reject such Ballot as invalid and decline to count it in connection with Confirmation;

2.      the Solicitation Agent will date all Ballots when received and will retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date, unless otherwise ordered by the Bankruptcy Court;

3.      the EFH/EFIH Debtors will file the Voting Report with the Bankruptcy Court before the EFH/EFIH Confirmation Hearing. The Voting Report shall, among other things, delineate every irregular Ballot, including those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or electronic mail or damaged. The Voting Report shall indicate the EFH/EFIH Debtors' intentions with regard to such irregular Ballots;

4.      the method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent <u>actually receives</u> the appropriately, originally executed Ballot;

5.      Holders of Claims and Interests in a Voting Class may only submit an original executed Ballot. Delivery of a Ballot to the Solicitation Agent by facsimile, email, or any other electronic means will <u>not</u> be valid;

6.      no Ballot should be sent to any of the EFH/EFIH Debtors, the EFH/EFIH Debtors' agents (other than the Solicitation Agent), any administrative agent or indenture trustee (unless specifically instructed to do so), or the EFH/EFIH Debtors' financial or legal advisors, and, unless received by the Solicitation Agent, if so sent will not be counted;

7.      if a Holder or Nominee submits multiple Ballots with respect to the same Claim or Interest before the EFH/EFIH Voting Deadline, the latest properly completed Ballot timely received will be deemed to reflect that Holders of Beneficial Holder's intent and will supersede and revoke any prior received Ballot;

8.      if a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class;

9.      for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

10.     if a voter simultaneously casts inconsistent Ballots, such Ballots will not be counted;

11.     Holders must vote all of their Claims or Interests within a Voting Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent a Holder holds multiple Claims within a Voting Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within the Voting Class for the purpose of counting votes;

7

12.    a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity should indicate such capacity when signing and, if required or requested by the applicable Nominee or its agent, the Solicitation Agent, the EFH/EFIH Debtors, or the Bankruptcy Court, must submit proper evidence to so act on behalf of such Holder or Beneficial Holder;

13.    neither the EFH/EFIH Debtors, nor any other entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification, although the Solicitation Agent may, in its discretion, contact voting parties to cure any such defects or irregularities;

14.    any defects or irregularities in connection with deliveries of Ballots must be cured before the EFH/EFIH Voting Deadline or such Ballots will not be counted, unless waived or as ordered by the Bankruptcy Court;

15.    notwithstanding any other conditions included herein, the EFH/EFIH Debtors may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

16.    if a party-in-interest requests a designation to vote on the Plan under section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim or Interest will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

17.    the EFH/EFIH Debtors reserve the right to reject any Ballot or Master Ballot not in proper form, the acceptance of which, in the opinion of the EFH/EFIH Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided, that any such rejections will be documented in the Voting Report;

18.    any Holder entitled to vote that has delivered a Ballot may withdraw such Ballot solely in accordance with Bankruptcy Rule 3018(a);

19.    the following Ballots will not be counted in determining the acceptance or rejection of the Plan:

(a)    any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest;

(b)    any Ballot cast by or on behalf of an entity that does not hold a Claim or Interest in a Voting Class;

(c)    any Ballot that does not contain an original signature;

(d)    any Ballot that is signed but does not otherwise comply with the requirement set forth in Section F.12., above;

(e)    any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and

(f)    any Ballot submitted by or on behalf of any entity not entitled to vote pursuant to the Plan, these EFH/EFIH Solicitation Procedures, or any order of the Bankruptcy Court; and

20.    any Class that contains Claims or Interests entitled to vote but no votes are returned for such Class shall be deemed to have accepted the Plan.

8

G.    **Voting Procedures Applicable to Beneficial Holders of Notes Claims.**

The following additional procedures will apply to the voting of Claims held by Beneficial Holders:

1.    on the EFH/EFIH Solicitation Date, the Solicitation Agent shall distribute or cause to be distributed a Solicitation Package to each registered Holder of a Notes Claim as of the EFH/EFIH Voting Record Date, and distribute the appropriate number of EFH/EFIH Solicitation Packages[2] to the Nominees identified by the Solicitation Agent;

2.    each Nominee through which one or more Beneficial Holders holds a Notes Claim as of the EFH/EFIH Voting Record Date must distribute a EFH/EFIH Solicitation Package to each Beneficial Holder for which they hold the Notes Claim within five business days of receipt of such materials from the EFH/EFIH Debtors in one of the following two ways (as selected by the Nominee):

    (a)    obtain the votes of Beneficial Holders of such Notes Claims by (i) immediately distributing the EFH/EFIH Solicitation Package, including Ballots, it receives from the Solicitation Agent to all such Beneficial Holders, (ii) promptly collecting Ballots from such Beneficial Holders that cast votes on the Plan, (iii) compiling and validating the votes and other relevant information of all such Beneficial Holders on the Master Ballot, and (iv) transmitting the Master Ballot to the Solicitation Agent by the EFH/EFIH Voting Deadline; or

    (b)    distribute pre-validated Ballots pursuant to the following procedures:

        (i)    the Nominee shall forward to each Beneficial Holder as of the EFH/EFIH Voting Record Date the EFH/EFIH Solicitation Package, an individual Ballot that has been pre-validated, postage prepaid return envelope as indicated in paragraph (ii) below;

        (ii)    to pre-validate a Ballot, the Nominee should complete the first item and execute the Ballot and indicate on the Ballot the name of the Nominee and DTC participant number, the amount of securities held by the Nominee for the Beneficial Holder, and the account number for the account in which such securities are held by the Nominee; and

        (iii)    the Beneficial Holder shall complete and return the pre-validated Ballot to the Solicitation Agent by the EFH/EFIH Voting Deadline.

3.    any Nominee of Notes Claims holding such securities both as record holder and Beneficial Holder in its own name may vote on the Plan by completing a Ballot or a Master Ballot and returning it directly to the Solicitation Agent on or before the EFH/EFIH Voting Deadline;

4.    any indenture trustee (unless otherwise empowered to do so under the respective indenture) will not be entitled to vote on behalf of the Beneficial Holder; rather, each Beneficial Holder must vote his or her own Claim(s);

5.    any Ballot returned to a Nominee by a Beneficial Holder of a Notes Claim will not be counted for purposes of accepting or rejecting the Plan until such Nominee properly completes and delivers to the Solicitation Agent by the EFH/EFIH Voting Deadline a Master Ballot that reflects the vote of

---

[2]    The EFH/EFIH Solicitation Packages shall contain Ballots for voting by the Beneficial Holders. In accordance with its customary practice, the Solicitation Agent shall distribute copies of Master Ballots to any relevant Nominees after the EFH/EFIH Solicitation Packages have been forwarded to the Beneficial Holders.

such Beneficial Holders, or otherwise validates the Ballot in a manner acceptable to the Solicitation Agent. Nominees shall retain all Ballots returned by Beneficial Holders for a period of one year after the effective date of the Plan, or, in the case of pre-validated Ballots, a list of Beneficial Holders to whom pre-validated Ballots were sent for a period of at least one year after the EFH/EFIH Voting Deadline;

6.    if a Beneficial Holder of a Notes Claim holds securities through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Ballot, and each such Beneficial Holder should execute a separate Ballot for each block of securities that it holds through any Nominee and must return each such Ballot to the appropriate Nominee; and

7.    if a Beneficial Holder of a Notes Claim holds a portion of its securities through a Nominee or Nominees and another portion in its own name as the record Beneficial Holder, such Beneficial Holder should follow the procedures herein to vote the portion held in its own name and to vote the portion held by the Nominee(s).

## H.    Tabulation of Master Ballots.

These rules will apply with respect to the tabulation of Master Ballots:

1.    votes cast by Beneficial Holders through Nominees will be applied to the positions held by such Nominees as of the EFH/EFIH Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, will not be counted in excess of the principal amount held by such Nominee as of the EFH/EFIH Voting Record Date; provided, however, that the Solicitation Agent may adjust such principal amount to reflect the portion of the relevant Notes Claim actually voted; provided further, that any such adjustment will be documented in the EFH/EFIH Voting Report;

2.    if conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, the EFH/EFIH Debtors will attempt to reconcile discrepancies with the Nominee;

3.    if over-votes on a Master Ballot or pre-validated Ballot are not reconciled before the preparation of the EFH/EFIH Voting Report, the EFH/EFIH Debtors will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Ballot that contained the over-vote, but only to the extent of the Nominee's position in the Class; and

4.    a single Nominee may complete and deliver to the Solicitation Agent multiple Master Ballots. Votes reflected on multiple Master Ballots will be counted, except to the extent they are duplicative of other Master Ballots. If a Nominee submits multiple Master Ballots with respect to the same Claim or Interest before the Voting Deadline, the latest properly completed Master Ballot timely received will be deemed to reflect that Nominee's intent and will supersede and revoke any prior received Master Ballot

## I.    EFH/EFIH Debtors' Reservation of Rights Regarding Modification to the Plan.

The EFH/EFIH Debtors expressly reserve the right to modify the Plan as it relates to the EFH/EFIH Debtors, respectively, from time to time in accordance with the terms thereof (subject to compliance with the requirements of section 1127 of the Bankruptcy Code and the applicable terms of the Plan regarding modification).

## EXHIBIT 9

**Notice of Assumption**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## NOTICE OF (A) EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED PURSUANT TO THE PLAN; (B) CURE AMOUNTS, IF ANY; AND (C) RELATED PROCEDURES IN CONNECTION THEREWITH

**PLEASE TAKE NOTICE THAT** on [____], 2016, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. ____] (the "EFH/EFIH Disclosure Statement Order"): (a) authorizing Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") to solicit acceptances to the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ____] (as may be modified, amended, or supplemented from time to time, the "Plan") as to the EFH/EFIH Debtors;[3] (b) approving the *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors*, including all exhibits and schedules thereto [D.I. ____] (as may be modified, amended, or supplemented from time to time, the "EFH/EFIH Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan as to the EFH/EFIH Debtors; and (e) establishing certain protocols in connection with those proceedings.

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[3]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** on [___], the EFH/EFIH Debtors filed the *Plan Supplement for the Joint Plan of Reorganization of Energy Future Holdings Corp.*, et al., *Pursuant to Chapter 11 of the Bankruptcy Code as it Relates to the EFH/EFIH Debtors* [D.I. ___] (the "EFH/EFIH Plan Supplement").

**PLEASE TAKE FURTHER NOTICE THAT** the EFH/EFIH Debtors filed the *List of Executory Contracts and Unexpired Leases to be Assumed by Reorganized Debtors on the EFH/EFIH Effective Date* (the "Assumption Schedule") with the Court as part of the EFH/EFIH Plan Supplement. The determination to assume the agreements identified on the Assumption Schedule is subject to revision.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan as to the EFH/EFIH Debtors (the "EFH/EFIH Confirmation Hearing") will commence at **10:00 a.m. prevailing Eastern Time on December 1, 2016**, before the Honorable Judge Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market Street, Fifth Floor, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because the EFH/EFIH Debtors' records reflect that you are a party to a contract that is listed on the Assumption Schedule. Therefore, you are advised to review carefully the information contained in this notice and the related provisions of the Plan, including the Assumption Schedule.

**PLEASE TAKE FURTHER NOTICE** that the EFH/EFIH Debtors are proposing to assume the Executory Contract(s) and Unexpired Lease(s) to which you are a party, as listed on **Exhibit A** attached hereto.[4]

**PLEASE TAKE FURTHER NOTICE THAT** section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. Accordingly, the EFH/EFIH Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed on **Exhibit A**. Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the EFH/EFIH Debtors believe that there is no cure amount outstanding for such contract or lease.

---

[4]    Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Assumption Schedule, nor anything contained in the Plan or each EFH/EFIH Debtor's schedule of assets and liabilities, shall constitute an admission by the EFH/EFIH Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease capable of assumption, that any Reorganized Debtor(s) has any liability thereunder or that such Executory Contract or Unexpired Lease is necessarily a binding and enforceable agreement. Further, the EFH/EFIH Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Assumption Schedule and reject such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the EFH/EFIH Effective Date and (b) contest any Claim (or cure amount) asserted in connection with assumption of any Executory Contract or Unexpired Lease.

**PLEASE TAKE FURTHER NOTICE THAT** absent any pending dispute, the monetary amounts required to cure any existing defaults arising under the Executory Contract(s) and Unexpired Lease(s) identified in **Exhibit A** will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by the EFH/EFIH Debtors in Cash on the EFH/EFIH Effective Date. In the event of a dispute, however, payment of the cure amount would be made following the entry of a final order(s) resolving the dispute and approving the assumption. If an objection to the proposed assumption or related cure amount is sustained by the Court, however, the EFH/EFIH Debtors, in their sole option, may elect to reject such Executory Contract or Unexpired Lease in lieu of assuming it.

**PLEASE TAKE FURTHER NOTICE THAT** any objection by a party to an Executory Contract or Unexpired Lease to a proposed assumption or related cure amount by the EFH/EFIH Debtors must be filed, served, and actually received by the EFH/EFIH Debtors at least seven days before the EFH/EFIH Confirmation Hearing. Any such objection will be scheduled to be heard by the Bankruptcy Court at the EFH/EFIH Debtors' or Reorganized Debtors', as applicable, first scheduled omnibus hearing after which such objection is timely filed. In the event of a dispute regarding (1) the amount of any payments to cure such a default, (2) the ability of the Reorganized Debtors or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed by the EFH/EFIH Debtors, or (3) any other matter pertaining to assumption, the cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a Final Order resolving the dispute and approving the assumption.

**PLEASE TAKE FURTHER NOTICE THAT** each Executory Contract and Unexpired Lease reflected on the Assumption Schedule and assumed pursuant to the Plan or by any order of the Bankruptcy Court, which has not been assigned to a third party before the EFH/EFIH Confirmation Date, shall revest in and be fully enforceable by the Reorganized Debtors in accordance with its terms, except as such terms are modified by the Plan or any order of the Bankruptcy Court authorizing and providing for its assumption under applicable federal law.

**Objection Deadline.** The deadline for filing objections to a proposed assumption or related cure amount is **November 28, 2016, at 4:00 p.m. prevailing Eastern Time**. Any counterparty to an Executory Contract or Unexpired Lease that fails to object timely to the proposed assumption or cure amount will be deemed to have consented to such assumption or proposed cure amount. All objections must be: (a) in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 28, 2016 at 4:00 p.m. prevailing Eastern Time:**

3

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Edward O. Sassower, P.C.<br>Attn: Stephen E. Hessler, Esq.<br>Attn: Brian E. Schartz, Esq.<br>601 Lexington Avenue<br>New York, New York 10022<br><br>Attn: James H.M. Sprayregen, P.C.<br>Attn: Marc Kieselstein, P.C.<br>Attn: Chad J. Husnick, Esq.<br>Attn: Steven N. Serajeddini, Esq.<br>300 North LaSalle<br>Chicago, Illinois 60654 | **RICHARDS, LAYTON & FINGER, P.A.**<br>Attn: Mark D. Collins, Esq.<br>Attn: Daniel J. DeFranceschi, Esq.<br>Attn: Jason M. Madron, Esq.<br>920 North King Street<br>Wilmington, Delaware 19801 |

*Co-Counsel to the Debtors*

| | |
|---|---|
| **PROSKAUER ROSE LLP.**<br>Attn: Jeff J. Marwil, Esq.<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **BIELLI & KLAUDER, LLP**<br>Attn: David M. Klauder, Esq.<br>1204 N. King Street<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Holdings Corp.*

| | |
|---|---|
| **MUNGER, TOLLES & OLSON LLP**<br>Attn: Thomas B. Walper, Esq.<br>Attn: Todd J Rosen, Esq.<br>Attn: Seth Goldman, Esq.<br>Attn: John W. Spiegel, Esq.<br>355 S. Grand Ave 35th FL<br>Los Angeles, CA 90071 | **MCELROY, DEUTSCH, MUVANEY, &<br>CARPENTER, LLP**<br>Attn: David P. Primack, Esq.<br>300 Delaware Ste 770<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Debtors*

| | |
|---|---|
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE PC**<br>Attn: Joseph H. Hutson Jr, Esq.<br>1105 N. Market St STE 700<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Intermediate Holding Company LLC*

**THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**
Attn: Richard L. Schepacarter, Esq.
Attn: Andrea B. Schwartz, Esq.
844 King Street, Suite 2207
Wilmington, Delaware 19801

<table>
<tr><td>

**MORRISON & FOERSTER LLP**
Attn: James M. Peck, Esq.
Attn: Brett H. Miller, Esq.
Attn: Lorenzo Marinuzzi, Esq.
Attn: Todd M. Goren, Esq.
Attn: Erica Richards, Esq.
250 West 55th Street
New York, New York 10019

</td><td>

**POLSINELLI PC**
Attn: Christopher A. Ward, Esq.
Attn: Justin K. Edelson, Esq.
Attn: Shanti M. Katona, Esq.
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801

</td></tr>
<tr><td colspan="2" align="center">

*Co-Counsel to the TCEH Creditors' Committee*

</td></tr>
<tr><td>

**SULLIVAN & CROMWELL LLP**
Attn: Andrew G. Dietderich, Esq.
Attn: Brian D. Glueckstein, Esq.
Attn: Michael H. Torkin, Esq.
125 Broad St.
New York, NY 10004

</td><td>

**MONTGOMERY, MCCRACKEN, WALKER, & RHOADS LLP**
Attn: Natalie D. Ramsey, Esq.
Attn: Davis Lee Wright, Esq.
Attn: Mark A. Fink, Esq.
1105 N. Market St 15th FL
Wilmington, DE 19801

</td></tr>
<tr><td colspan="2" align="center">

*Co-Counsel to the EFH Creditors' Committee*

</td></tr>
</table>

**PLEASE TAKE FURTHER NOTICE THAT** any objections to Plan in connection with the assumption of the Executory Contract(s) and Unexpired Lease(s) identified above and/or related cure or adequate assurances proposed in connection with the Plan that remain unresolved as of the EFH/EFIH Confirmation Hearing will be heard at the EFH/EFIH Confirmation Hearing (or such other date as fixed by the Court).

> **PLEASE TAKE FURTHER NOTICE THAT any counterparty to an Executory Contract that fails to object timely to the proposed assumption or cure amount will be deemed to have assented to such assumption and cure amount.**

**PLEASE TAKE FURTHER NOTICE THAT ASSUMPTION OF ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE PURSUANT TO THE PLAN OR OTHERWISE SHALL RESULT IN THE FULL RELEASE AND SATISFACTION OF ANY CLAIMS OR DEFAULTS, WHETHER MONETARY OR NONMONETARY, INCLUDING DEFAULTS OF PROVISIONS RESTRICTING THE CHANGE IN CONTROL OR OWNERSHIP INTEREST COMPOSITION OR OTHER BANKRUPTCY-RELATED DEFAULTS, ARISING UNDER ANY ASSUMED EXECUTORY CONTRACT OR UNEXPIRED LEASE AT ANY TIME BEFORE THE DATE OF THE EFH/EFIH DEBTORS OR REORGANIZED DEBTORS ASSUME SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE. ANY PROOFS OF CLAIM FILED WITH RESPECT TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT HAS BEEN ASSUMED SHALL BE DEEMED DISALLOWED AND EXPUNGED, WITHOUT FURTHER NOTICE TO OR ACTION, ORDER OR APPROVAL OF THE BANKRUPTCY COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the EFH/EFIH Disclosure Statement, the Plan, the EFH/EFIH Plan Supplement or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the Solicitation Agent retained by the Debtors in these Chapter 11 Cases, by: (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com;

and/or (c) email to efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

<div style="border:1px solid black; padding:10px">

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT EPIQ BANKRUPTCY SOLUTIONS, LLC.**

</div>

*[Remainder of page intentionally left blank.]*

Wilmington, Delaware
Dated: [_____], 2016

DRAFT

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:       (302) 651-7701
Email:            collins@rlf.com
                      defranceschi@rlf.com
                      madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
Email:            edward.sassower@kirkland.com
                      stephen.hessler@kirkland.com
                      brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200
Email:            james.sprayregen@kirkland.com
                      marc.kieselstein@kirkland.com
                      chad.husnick@kirkland.com
                      steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

<u>**Exhibit A**</u>

| Ref. # | Debtor(s) | Description of Contract or Lease | Counterparty | Counterparty Address | Amount Required to Cure Default Thereunder, if any | Details of Material Amendments | Assumption Date |
|--------|-----------|----------------------------------|--------------|----------------------|-----------------------------------------------------|--------------------------------|-----------------|
|        |           |                                  |              |                      |                                                     |                                |                 |

## **EXHIBIT 10**

**Notice of Rejection**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**NOTICE REGARDING EXECUTORY CONTRACTS AND
UNEXPIRED LEASES TO BE REJECTED PURSUANT TO THE PLAN**

      **PLEASE TAKE NOTICE THAT** on [_____], 2016, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. ___] (the "EFH/EFIH Disclosure Statement Order"): (a) authorizing Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") to solicit acceptances to the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ___] (as may be modified, amended, or supplemented from time to time, the "Plan") as to the EFH/EFIH Debtors;[3] (b) approving the *Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors*, including all exhibits and schedules thereto [D.I. ___] (as may be modified, amended, or supplemented from time to time, the "EFH/EFIH Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan as to the EFH/EFIH Debtors; and (e) establishing certain protocols in connection with those proceedings.

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[3]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** on [___], the EFH/EFIH Debtors filed the *Plan Supplement for the Joint Plan of Reorganization of Energy Future Holdings Corp.*, et al., *Pursuant to Chapter 11 of the Bankruptcy Code as it Relates to the EFH/EFIH Debtors* [D.I. ___] (the "EFH/EFIH Plan Supplement").

**PLEASE TAKE FURTHER NOTICE THAT** the EFH/EFIH Debtors filed the *List of Executory Contracts and Unexpired Leases to be Rejected by Reorganized Debtors on the EFH/EFIH Effective Date* (the "Rejection Schedule") with the Court as part of the EFH/EFIH Plan Supplement. The determination to reject the agreements identified on the Rejection Schedule is subject to revision.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan as to the EFH/EFIH Debtors (the "EFH/EFIH Confirmation Hearing") will commence at **10:00 a.m. prevailing Eastern Time on December 1, 2016**, before the Honorable Judge Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market Street, Fifth Floor, Wilmington, Delaware 19801.

---

**PLEASE TAKE FURTHER NOTICE THAT YOU ARE RECEIVING THIS NOTICE BECAUSE THE EFH/EFIH DEBTORS' RECORDS REFLECT THAT YOU ARE A PARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT WILL BE REJECTED PURSUANT TO THE PLAN. THEREFORE, YOU ARE ADVISED TO REVIEW CAREFULLY THE INFORMATION CONTAINED IN THIS NOTICE AND THE RELATED PROVISIONS OF THE PLAN.[4]**

**PLEASE TAKE FURTHER NOTICE THAT THE EFH/EFIH DEBTORS ARE PROPOSING TO REJECT THE EXECUTORY CONTRACT(S) AND/OR UNEXPIRED LEASE(S) TO WHICH YOU ARE A PARTY, AS LISTED ON EXHIBIT A**

---

**PLEASE TAKE FURTHER NOTICE THAT** all Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases by the EFH/EFIH Debtors, pursuant to the Plan or the EFH/EFIH Confirmation Order, if any, must be filed within **30 days** after the later of: (1) the date of entry of an order of the Bankruptcy Court (including the EFH/EFIH Confirmation Order) approving such rejection; and (2) the effective date of such rejection. Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed within such time will be automatically disallowed, forever barred from assertion and shall not be enforceable against the EFH/EFIH Debtors or the Reorganized Debtors, the Estates,

---

[4]    Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Rejected Executory Contract and Unexpired Lease List, nor anything contained in the Plan, shall constitute an admission by the EFH/EFIH Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that any Reorganized Debtor has any liability thereunder. Further, the EFH/EFIH Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Rejection Schedule and assume such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the EFH/EFIH Effective Date and (b) contest any Claim asserted in connection with rejection of any Executory Contract or Unexpired Lease.

or their property without the need for any objection by the Reorganized Debtors or further notice to, or action, order or approval of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE THAT** all Claims arising from the rejection by any EFH/EFIH Debtor of any Executory Contract or Unexpired Lease pursuant to section 365 of the Bankruptcy Code shall be treated as General Unsecured Claims and may be objected to in accordance with Plan and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

**PLEASE TAKE FURTHER NOTICE THAT** rejection of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall not constitute a termination of preexisting obligations owed by the Executory Contract or Unexpired Lease counterparty or counterparties to the EFH/EFIH Debtors or the Reorganized Debtors, as applicable, under such Executory Contracts or Unexpired Leases.

**Plan Objection Deadline.**  The deadline for filing objections to the Plan as to the EFH/EFIH Debtors is **November 15, 2016, at 2:00 p.m. prevailing Eastern Time** (the "EFH/EFIH Plan Objection Deadline").  All objections to the relief sought at the EFH/EFIH Confirmation Hearing must:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 15, 2016 at 2:00 p.m. prevailing Eastern Time:**

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Edward O. Sassower, P.C.<br>Attn: Stephen E. Hessler, Esq.<br>Attn: Brian E. Schartz, Esq.<br>601 Lexington Avenue<br>New York, New York 10022<br><br>Attn: James H.M. Sprayregen, P.C.<br>Attn: Marc Kieselstein, P.C.<br>Attn: Chad J. Husnick, Esq.<br>Attn: Steven N. Serajeddini, Esq.<br>300 North LaSalle<br>Chicago, Illinois 60654 | **RICHARDS, LAYTON & FINGER, P.A.**<br>Attn: Mark D. Collins, Esq.<br>Attn: Daniel J. DeFranceschi, Esq.<br>Attn: Jason M. Madron, Esq.<br>920 North King Street<br>Wilmington, Delaware 19801 |
| *Co-Counsel to the Debtors* | |
| **PROSKAUER ROSE LLP.**<br>Attn: Jeff J. Marwil, Esq.<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **BIELLI & KLAUDER, LLP**<br>Attn: David M. Klauder, Esq.<br>1204 N. King Street<br>Wilmington, DE 19801 |
| *Co-Counsel to Energy Future Holdings Corp.* | |

| | |
|---|---|
| **MUNGER, TOLLES & OLSON LLP**<br>Attn: Thomas B. Walper, Esq.<br>Attn: Todd J Rosen, Esq.<br>Attn: Seth Goldman, Esq.<br>Attn: John W. Spiegel, Esq.<br>355 S. Grand Ave 35th FL<br>Los Angeles, CA 90071 | **MCELROY, DEUTSCH, MUVANEY, &**<br>**CARPENTER, LLP**<br>Attn: David P. Primack, Esq.<br>300 Delaware Ste 770<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Debtors*

| | |
|---|---|
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE PC**<br>Attn: Joseph H. Hutson Jr, Esq.<br>1105 N. Market St STE 700<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Intermediate Holding Company LLC*

**THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**
Attn: Richard L. Schepacarter, Esq.
Attn: Andrea B. Schwartz, Esq.
844 King Street, Suite 2207
Wilmington, Delaware 19801

| | |
|---|---|
| **MORRISON & FOERSTER LLP**<br>Attn: James M. Peck, Esq.<br>Attn: Brett H. Miller, Esq.<br>Attn: Lorenzo Marinuzzi, Esq.<br>Attn: Todd M. Goren, Esq.<br>Attn: Samantha Martin, Esq.<br>250 West 55th Street<br>New York, New York 10019 | **POLSINELLI PC**<br>Attn: Christopher A. Ward, Esq.<br>Attn: Justin K. Edelson, Esq.<br>Attn: Shanti M. Katona, Esq.<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801 |

*Co-Counsel to the TCEH Creditors' Committee*

| | |
|---|---|
| **SULLIVAN & CROMWELL LLP**<br>Attn: Andrew G. Dietderich, Esq.<br>Attn: Brian D. Glueckstein, Esq.<br>Attn: Michael H. Torkin, Esq.<br>125 Broad St.<br>New York, NY 10004 | **MONTGOMERY, MCCRACKEN, WALKER, &**<br>**RHOADS LLP**<br>Attn: Natalie D. Ramsey, Esq.<br>Attn: Davis Lee Wright, Esq.<br>Attn: Mark A. Fink, Esq.<br>1105 N. Market St 15th FL<br>Wilmington, DE 19801 |

*Co-Counsel to the EFH Creditors' Committee*

　　　　**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the EFH/EFIH Disclosure Statement, the Plan, the EFH/EFIH Plan Supplement or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the Solicitation Agent retained by the Debtors in these Chapter 11 Cases, by: (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION
AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD-
PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE
PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.
IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN
OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN
ADDITIONAL INFORMATION, CONTACT EPIQ BANKRUPTCY SOLUTIONS, LLC.**

[*Remainder of page intentionally left blank.*]

Wilmington, Delaware
Dated: [     ], 2016

DRAFT
_____

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    1irklan@rlf.com
        defranceschi@rlf.com
        madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
        stephen.hessler@kirkland.com
        brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
        marc.kieselstein@kirkland.com
        chad.husnick@kirkland.com
        steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

| Ref. # | Debtor(s) | Description of Contract or Lease | Counterparty | Counterparty Address | Description of Property to be Abandoned, if any | Rejection Date |
|---|---|---|---|---|---|---|
| | | | | | | |