## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: D.I. 7814, 7815, 7901, 7982, 8132, 8895,** |
| | ) **9598, 9773, 10388, 10418, 10451** |
| | ) |

**ORDER (SEVENTH) SUSTAINING DEBTORS'
THIRTY-SEVENTH OMNIBUS (SUBSTANTIVE) OBJECTION
TO CERTAIN IMPROPERLY ASSERTED CLAIMS PURSUANT
TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1**

Upon the objection (the "Objection")[2] and the certification of counsel (the "Certification

of Counsel") of the above-captioned debtors and debtors in possession (collectively,

the "Debtors") regarding the Objection and seeking entry of an order (this "Order"), modifying

the Claim set forth on **Exhibit 1**, attached hereto, all as set forth in the Objection and the Kotarba

Declaration; and the Court having previously entered its *Order Sustaining Debtors' Thirty-*

*Seventh Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to*

*Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local*

*Bankruptcy Rule 3007-1* [D.I. 7892], dated March 9, 2016 (the "Initial Order"), its *Order*

*(Second) Sustaining Debtors' Thirty-Seventh Omnibus (Substantive) Objection to (Certain*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

*Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy*

*Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 8895], dated July 12, 2016

(the "Second Order"), its *Order (Third) Sustaining Debtors' Thirty-Seventh Omnibus*

*(Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of*

*the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule*

*3007-1* [D.I. 9598], dated September 20, 2016 (the "Third Order"), its *Order (Fourth) Sustaining*

*Debtors' Thirty-Seventh Omnibus (Substantive) Objection to (Certain Improperly Asserted)*

*Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and*

*3007, and Local Bankruptcy Rule 3007-1* [D.I. 9773], dated October 6, 2016 (the "Fourth

Order"), its *Order (Fifth) Sustaining Debtors' Thirty-Seventh Omnibus (Substantive) Objection*

*to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code,*

*Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 10388], dated

December 14, 2016 (the "Fifth Order"), and its *Order (Sixth) Sustaining Debtors' Thirty-Seventh*

*Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section*

*502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy*

*Rule 3007-1* [D.I. 10451], dated December 28, 2016  (the "Sixth Order" and, together with the

Initial Order, the Second Order, the Third Order, the Fourth Order, and the Fifth Order, the

"Prior Orders") all in connection with the Objection; and the Court having found that it has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that

venue of these cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and the Court having found that the relief requested in the Objection is in the best

interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having

found that the Debtors provided appropriate notice of the Objection and the opportunity for a hearing on the Objection (the "Hearing") under the circumstances; and the Court having reviewed the Objection and the Certification of Counsel and having heard the statements in support of the relief requested therein at the Hearing, if any; and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Objection is sustained as set forth in the Prior Orders and herein.

2.      The TNT Crane Claims set forth on the attached **Exhibit 1** are hereby modified as provided on the attached **Exhibit 1**.

3.      The Claims Agent is authorized to modify the Claims Register to comport with the entry of this Order.

4.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

6.      This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Dated:  January _____, 2017
        Wilmington, Delaware          _____
                                      THE HONORABLE CHRISTOPHER S. SONTCHI
                                      UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1 to EXHIBIT A

### TNT Crane Claims

RLF1 16495399v.1

# ENERGY FUTURE HOLDINGS CORP., et al.

## THIRTY-SEVENTH OMNIBUS (SUBSTANTIVE): EXHIBIT 1 TO EXHIBIT A - TNT Crane Claims

| | NAME | CLAIM # | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | TNT CRANE & RIGGING, INC. C/O ANDREWS MYERS, P.C. ATTN: LISA M. NORMAN 3900 ESSEX LANE, SUITE 800 HOUSTON, TX 77027 | 4941 | Oak Grove Management Company LLC | Secured | $291,831.00 | Oak Grove Management Company LLC | Secured | $291,831.00 |
| | REASON FOR MODIFICATION: Modified to reflect settlement between the Debtors and the Claimant. | | | | | | | |
| 2 | TNT CRANE & RIGGING, INC. C/O ANDREWS MYERS, P.C. ATTN: LISA M. NORMAN 3900 ESSEX LANE, SUITE 800 HOUSTON, TX 77027 | 4942 | Martin Lake 4 Power Company LLC | Secured | $12,596.50 | Luminant Generation Company LLC | Secured | $12,596.50 |
| | REASON FOR MODIFICATION: Modified to reflect settlement between the Debtors and the Claimant. | | | | | | | |
| | | | | TOTAL | $304,427.50 | | TOTAL | $304,427.50 |