# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Mark McKane, P.C.<br>To Call Writer Directly:<br>(415) 439-1473<br>mark.mckane@kirkland.com | 555 California Street<br>San Francisco, California  94104<br><br>(415) 439-1400<br><br>www.kirkland.com | Facsimile:<br>(415) 439-1500 |

January 12, 2017

**By eFiling and Hand Delivery**

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re:   *In re Energy Future Holdings, Corp., et. al.* (Case No. 14-10979)

Dear Judge Sontchi:

I submit this letter brief in support of the Debtors' request for a protective order, quashing the supplemental deposition notices served by American Stock Transfer & Trust Company, LLC (the "EFH Indenture Trustee") and joined by Contrarian Capital Management ("Contrarian"), in connection with confirmation of the *Seventh Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10518] (as modified, amended, or supplemented from time to time, the "Plan"). In light of upcoming depositions related to the discovery requested—the first of which is scheduled for Wednesday, January 18, 2017 in New York—the Debtors requested, and the Court agreed, to schedule a telephonic hearing for this dispute on Tuesday, January 17, 2017 at 11:30 a.m. (EST). The Court has instructed that any responses to this letter be filed by Saturday, January 14, 2016.

## INTRODUCTION

The Debtors seek a protective order from supplemental deposition notices served by the EFH Indenture Trustee and joined by Contrarian because the notices seek discovery that is not relevant to any viable objection that the EFH Indenture Trustee or Contrarian may bring to confirmation of the Plan. Specifically, the current dispute arises from two deposition notices served by the EFH Indenture Trustee, and joined by Contrarian, on December 22, 2016—the *Notice of Deposition of Debtors Pursuant to Federal Rule of Civil Procedure 30(b)(6)*, and the *Notice of Deposition of NextEra Energy, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6)* (together, the "30(b)(6) Notices"), attached hereto as **Exhibits 1 and 2**, respectively. On December 22, the EFH Indenture Trustee also served deposition notices, joined by Contrarian, on Donald Evans, Billie Williamson, Charles Cremens, Carla Howard, Paul

Beijing    Chicago    Hong Kong    Houston    London    Los Angeles    Munich    New York    Palo Alto    Shanghai    Washington, D.C.

RLF1 16610386v.1

## KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
January 12, 2017
Page 2

Keglevic, and Mark Hickson in their individual capacities (together, the "Individual Notices," and collectively with the 30(b)(6) Notices, the "Deposition Notices"), attached hereto as **Exhibits 3 through 8**, respectively.[1] The Deposition Notices seek discovery related to the alleged transfer of EFH Corp.'s net operating losses (the "NOLs") under the Plan to NextEra Energy, Inc. ("NextEra") and the Debtors' communications with creditors concerning negotiation and implementation of the transactions contemplated in the Plan.

From the Debtors' meet-and-confer efforts, the Debtors understand that these topics relate to two, and only two, potential confirmation objections: *first*, that the Plan does not provide "fair and equitable" treatment to Holders in Class A4, A6, and B5 necessary to satisfy the cram-down requirements of section 1129(b)(1) of the Bankruptcy Code, and *second*, that the alleged transfer of EFH's NOLs to NextEra without separate, segregated consideration for EFH Corp. constitutes a fraudulent transfer under state law.

Neither objection is viable, and both are foreclosed as a matter of law by this Court's prior orders. Under the Court's January 4, 2017 *Supplemental Order (A) Binding Holders of Claims and Interests to Their Prior Ballots, (B) Approving the Revised EFH/EFIH Disclosure Statement, (C) Approving the Procedures and Timeline for the Limited Resolicitation of Votes on the Plan and (D) Approving the Manner and Forms of Notice Related Thereto* [D.I. 10560] (the "Resolicitation Ruling") and the undisputed voting results, every Holder that the EFH Indenture Trustee purportedly represents, including Contrarian, is in a Class that *voted to accept* the Plan.[2] Under black-letter bankruptcy law, because the Holders represented by the EFH Indenture Trustee are in Classes that have voted to accept the Plan, they cannot challenge whether the Plan is "fair and equitable" under section 1129(b)(1).

Further, the Court has already rejected the argument that state fraudulent transfer law applies post-petition to an alleged transfer of EFH Corp.'s NOLs pursuant to the Plan. In August 2016, the EFH Indenture Trustee argued that an alleged transfer of EFH Corp.'s NOLs to Reorganized TCEH constituted a fraudulent transfer under applicable state law. The Court rejected that argument, holding that "[state] fraudulent conveyance law as it applies to transactions contemplated by the plan [is] inapplicable and unnecessary."[3] The EFH Indenture Trustee did not appeal that ruling, which is now the law of the case.

---

[1] Contrarian's Joinder is attached as **Exhibit 9**.

[2] *See Declaration of Jane Sullivan on Behalf of Epiq Bankruptcy Solutions, LLC, Regarding Voting and Tabulation of Ballots Cast on the Fourth Amended Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10301] at Exhibit B.

[3] *See* 8/26/2016 Hr'g Tr. at 28:24-29:1.

# KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
January 12, 2017
Page 3

The upcoming depositions are also not appropriate supplemental discovery under the *Supplemental Order Approving the Revised Schedule for the EFH/EFIH Confirmation Proceedings* [D.I. 10327], dated December 7, 2016, (the "Supplemental Scheduling Order"). The Deposition Notices seek discovery on nearly identical topics to prior deposition notices served on the Debtors on September 15, 2016, and on NextEra on September 15 and October 11, 2016. The Court recognized in its Resolicitation Ruling, however, that there has not been any change in the treatment of the Claims of the Classes represented by the EFH Indenture Trustee. As a result, there is no basis for additional depositions on these topics.

For all of these reasons, the Debtors seek a protective order from these unnecessary and foreclosed supplemental deposition notices.

## BACKGROUND

### I.   THE RESOLICITATION RULING

On September 19, 2016, the Court entered an order authorizing the Debtors to solicit votes to accept or reject the Plan from Holders of Claims and Interests against the E-Side Debtors who were entitled to vote.[4] In October and November 2016, the Debtors undertook and completed solicitation for the Plan. Classes A4, A5, A6, A7, A8, A9, A10, A12, B5, and B6 voted to accept the Plan, and Classes B3 and B4 voted to reject the Plan.[5] The EFH Indenture Trustee represent Holders in Classes A4, and Contrarian is a Holder in Class A4. The EFH Indenture Trustee also represents Holders in Classes A6 and B5—all of which voted to accept the Plan.

On November 17, 2016—three weeks before the hearing to consider confirmation of the Plan (the "E-Side Confirmation Hearing")—the United States Court of Appeals for the Third Circuit issued an opinion regarding the Makewhole Claims asserted by the Holders of EFIH First Lien Notes and EFIH Second Lien Notes (the "Makewhole Opinion").[6] In light of the Makewhole Opinion, the E-Side Confirmation Hearing was adjourned to allow time for the Debtors, the creditor constituencies, and NextEra to chart the value-maximizing path forward.

Between December 1, 2016 and January 3, 2017, the Debtors filed three Plan amendments that ultimately reflect the Debtors' agreement with holders of more than 66.67% of

---

[4]   *See Order (A) Approving the EFH/EFIH Disclosure Statement, (B) Establishing the EFH/EFIH Voting Record Date, EFH/EFIH Voting Deadline, and other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents* [D.I. 9585].

[5]   *See Sullivan Voting Declaration*, *supra* n.2.

[6]   *See In re Energy Future Holdings Cop.*, 842 F.3d 247 (3d Cir. 2016).

**KIRKLAND & ELLIS LLP**

The Honorable Christopher S. Sontchi
January 12, 2017
Page 4

the aggregate, outstanding principal amount of the EFIH Unsecured Note Claims to support the Plan.[7] Because those amendments did not affect the treatment of any creditor other than those in Classes B3, B4, and B6, the Debtors asked this Court to bind the votes of all Holders except for those in the affected Classes.[8]

The EFH Indenture Trustee objected, arguing that EFH Noteholders must be resolicited. On January 4, 2017, the Court overruled the objection and declined to "require resolicitation of the classes requested by [counsel] on behalf of the EFH Indenture Trustee."[9] As set forth in the Court's Resolicitation Ruling, Classes A4, A5, A6, A7, A8, A9, A10, A12, and B5 voted or were deemed to accept the Plan.[10] Given that the EFH Indenture Trustee's representation is limited to Classes A4, A6, and B5, and Contrarian is a Holder of claims in Class A4, it is therefore the case that every Holder that the EFH Indenture Trustee represents (including Contrarian) is in a Class that voted to accept the Plan.

## II. THE DEPOSITION NOTICES

On December 22, 2016, the EFH Indenture Trustee served the Deposition Notices on the Debtors and NextEra. Together, the Deposition Notices identify twelve topics, covering the alleged transfer of EFH Corp.'s NOLs under the Plan and the Debtors' communications with creditors concerning negotiations and implementation of the transactions contemplated in the Plan. The same day, Contrarian joined in the Deposition Notices.

Counsel for the Debtors and counsel for the EFH Indenture Trustee had an initial meet and confer on the Deposition Notices on January 5, 2017, and have continued to meet and confer since that discussion. Counsel for the Debtors and the EFH Indenture Trustee also engaged Contrarian in meet and confer efforts regarding the Deposition Notices. Based on these

---

[7] *See Amended Disclosure Statement for the Seventh Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH and EFIH Debtors* [D.I. 10520] (Jan. 3, 2017).

[8] *See Motion of the EFH/EFIH Debtors For Entry of a Supplemental Order (A) Binding Holders of Claims and Interests to their Prior Ballots, Pursuant to Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, (B) Approving the Revised EFH/EFIH Disclosure Statement, (C) Approving the Procedures and Timeline for the Limited Resolicitation of Votes on the Plan, and (D) Approving the Manner and Forms of Notice Related Thereto* [D.I. 10349].

[9] *See* 1/4/2017 Hr'g Tr. at 62:5-8 & 62:21-25, 65:17-19 (reasoning, "It is, . . . always has been, and continues to be, a waterfall plan. The change is to the circumstances, which has been the result of the Third Circuit's ruling on the make whole dispute. However, that's not a treatment change, it's a change to outside facts. . . . Those circumstances were thoroughly disclosed, and have been thoroughly disclosed since day one of this case, and as a result, there's no need or requirement to resolicit . . .").

[10] *See Resolicitation Ruling* [D.I. 10560].

**KIRKLAND & ELLIS LLP**

The Honorable Christopher S. Sontchi
January 12, 2017
Page 5

discussions, the Debtors understand that the topics in the Deposition Notices seek discovery to support two confirmation objections: (1) that the Plan does not provide "fair and equitable" treatment to Holders in Class A4, A6, and B5 under section 1129(b)(1) of the Bankruptcy Code; and (2) that the transfer of EFH Corp.'s NOLs to NextEra without consideration constitutes a fraudulent transfer under state law.

The NOLs were the subject of litigation during the August 2016 T-Side confirmation hearing. There, the EFH Indenture Trustee argued that the alleged transfer of EFH Corp.'s NOLs to Reorganized TCEH constituted a fraudulent transfer under applicable state law.[11] The Court rejected that argument, concluding that state-law fraudulent conveyance law was inapplicable in bankruptcy post-petition:

> Texas fraudulent conveyance law as it applies to the transactions contemplated by the plan [is] inapplicable and unnecessary. A fraudulent conveyance law looks at prepetition out of court transactions taken by a debtor prior to bankruptcy that may have harmed creditors. Post-petition through a 363 sale or a plan of reorganization or some combination thereof, we're talking about court-approved transactions on full notice to creditors with an opportunity to be heard, comment and object to it. The whole purpose behind fraudulent conveyance law doesn't apply.[12]

The EFH Indenture Trustee did not appeal that ruling.

## ARGUMENT

**I. THE COURT SHOULD QUASH THE DEPOSITION NOTICES AND ENTER A PROTECTIVE ORDER BECAUSE THEY ARE NOT RELEVANT TO ANY VIABLE PLAN OBJECTION BY THE EFH INDENTURE TRUSTEE OR CONTRARIAN**

As discussed below, the EFH Indenture Trustee and Contrarian's only potential confirmation objections are not viable. A party who is unable to assert a viable confirmation objection cannot—by definition—uncover any information that is reasonably calculated to lead to the discovery of admissible evidence at the E-Side Confirmation Hearing. Thus, "it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken."

---

[11] *See Pretrial Brief of EFH Indenture Trustee Regarding Applicable Fraudulent Transfer Law* [D.I. 9316] at 6, 12-20.

[12] *See* 8/26/2016 Hr'g Tr. at 28:24-29:25 (citing *In re Centennial Textiles, Inc.*, 227 B.R. 606, 610 (Bankr. S.D.N.Y. 1998); *In re Metro. Cosmetic Reconst. Surgery P.A.*, 125 B.R. 556, 557 (Bankr. D. Minn. 1991)).

## KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
January 12, 2017
Page 6

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978); *see also Warnke v. CVS Corp.*, 265 F.R.D. 64, 67 (E.D.N.Y. 2010) (granting plaintiff's motion to quash subpoenas duces tecum served on defendant because documents sought were not relevant to defendant's legal defense).

### A. The Resolicitation Ruling Moots the EFH Indenture Trustee and Contrarian's Efforts to Challenge the Plan Under Section 1129(b)

The Resolicitation Ruling moots any argument by the EFH Indenture Trustee and Contrarian that the Plan is not "fair and equitable" under section 1129(b) of the Bankruptcy Code. Pursuant to that Ruling, every Holder that the EFH Indenture Trustee represents (including Contrarian) is in a Class that voted to accept the Plan.[13]

To confirm a plan under section 1129(a) of the Bankruptcy Code, the Debtors must show, "[w]ith respect to each class of claims or interests," that "such class has accepted the plan[] or such class is not impaired under the plan." *See* 11 U.S.C. § 1129(a)(8). As to each class, the Court undertakes a cramdown analysis under section 1129(b) of the Bankruptcy Code, including application of the "fair and equitable" test, only if the Debtors cannot satisfy section 1129(a)(8) of the Bankruptcy Code. *See* 11 U.S.C. § 1129(b)(1) ("if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, ***and has not accepted, the plan***" (emphasis added)).

Because every Holder represented by the EFH Indenture Trustee (including Contrarian) is in a Class that ***has accepted*** the Plan, the Debtors satisfy section 1129(a)(8) of the Bankruptcy Code as to those Holders. As a result, the EFH Indenture Trustee and Contrarian have no basis to challenge the Plan under section 1129(b) of the Bankruptcy Code, and the EFH Indenture Trustee's discovery on whether the Plan is "fair and equitable" under that provision is irrelevant. *See In re Adelphia Commc'ns Corp.*, 368 B.R. 140, 258-59 (S.D.N.Y. 2007) (holding that section 1129(b)'s "fair and equitable" requirement did not apply where the objecting classes voted in favor of the plan; "[w]ith their votes approving the Plan, and with the Plan provisions passing muster under the Best Interests test, the [plan objector's] stated concerns in this regard have no merit").

---

[13] *See Supplemental Order*, *supra* n. 10.

## KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
January 12, 2017
Page 7

### B. The Law of the Case Doctrine Renders the Deposition Notices Irrelevant as They Apply to the NOL-Related Topics

The Deposition Notices also seek discovery to support an objection that any purported "transfer" of NOL value to NextEra constitutes a fraudulent transfer under state law. But the law of this case is clear—state fraudulent transfer law does not apply to post-petition transactions contemplated under a plan of reorganization. "The doctrine of the law of the case dictates that when a court decides upon a rule of law, that rule should continue to govern the same issues in subsequent stages in the litigation." *In re Resyn Corp.*, 945 F.2d 1279, 1281 (3d Cir. 1991); *see also In re Vaso Active Pharm., Inc.*, 500 B.R. 384, 398-99 (Bankr. D. Del. 2013) (J. Sontchi) ("[O]nce a matter has been addressed in a procedurally appropriate way by a court, it is generally held to be the law of that case and will not be disturbed by that court unless a compelling reason to do so appears.").

In August 2016, the EFH Indenture Trustee, joined by Contrarian, argued that the transfer of EFH Corp.'s NOLs to Reorganized TCEH constituted a fraudulent transfer under applicable state law.[14] The Court rejected that argument, *see supra* at 5, and neither party appealed that ruling. Five months later, the EFH Indenture Trustee and Contrarian are back at the same trough—raising the same issue and recycling fraudulent-conveyance analysis as the procedural hook. Last month, the EFH Indenture Trustee previewed its confirmation objection, styling it in classic fraudulent conveyance fashion: "the Fifth Plan cannot be confirmed because it effectuates the transfer and/or consumption of EFH Corp.'s NOLs without providing EFH Corp. with fair equivalent value."[15] And when the Debtors met and conferred with counsel for the EFH Indenture Trustee, counsel confirmed that fraudulent transfer law remains the hook.

This Court has already decided this legal issue, and the EFH Indenture Trustee and Contrarian are not entitled to another deposition on this topic.

### II. THE COURT SHOULD QUASH THE DEPOSITION NOTICES BECAUSE THEY SEEK IMPROPER SUPPLEMENTAL DISCOVERY

Finally, the depositions sought—including the depositions sought through the Individual Notices—are not appropriate supplemental discovery under the Supplemental Scheduling Order.

---

[14] *See Pretrial Brief of EFH Indenture Trustee Regarding Applicable Fraudulent Transfer Law* [D.I. 9316] at 6, 12-20.

[15] *See Objection of the EFH Indenture Trustee to the Motion of the EFIH Debtors for Entry of a Supplemental Order (A) Binding Holders of Claims and Interests to their Prior Plan Ballots, Pursuant to Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, (B) Approving the Revised EFH/EFIH Disclosure Statement, (C) Approving Procedures and Timeline for the Limited Resolicitation of Votes on the Plan, and (D) Approving the Manner and Forms of Notice Related Thereto* [D.I. 10450] at ¶ 46.

## KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
January 12, 2017
Page 8

Pursuant to Paragraph 8(c) of the Supplemental Scheduling Order, permissible supplemental deposition notices in connection with confirmation of the Plan were limited to topics "related to changes in the Plan, including the resulting impact on Participating Parties." Further, pursuant to Paragraph 16 of the Supplemental Scheduling Order, "Participating Parties shall not serve discovery seeking the same documents from the same time period already produced by that Participating Party in response to other requests in these chapter 11 cases, including . . . prior plan confirmation proceedings."

The Deposition Notices seek the same discovery that the EFH Indenture Trustee sought from the Debtors and NextEra on September 15, 2016 and October 11, 2016 (the "<u>Prior Deposition Notices</u>"). For example, both the Prior Deposition Notices and the current Deposition Notices seek discovery of the amount, value of, and any potential purchaser's ability to use EFH Corp.'s tax attributes, including NOLs, and all analyses, calculations, and communications related to the use of those tax attributes.[16] The Prior Deposition Notices and the current Deposition Notices also seek discovery related to Plan negotiations.[17] The Court recognized in its Resolicitation Ruling, however, that there has not been any change in the treatment of the Claims of the Classes represented by the EFH Indenture Trustee and Contrarian since that time.[18] There is therefore no basis for supplemental depositions on these topics, which are duplicative of the Prior Deposition Notices.

### **CONCLUSION**

For the reasons set forth herein, the E-Side Debtors respectfully request that the Court enter a protective order, substantially in the form attached hereto as **Exhibit A**, quashing the Deposition Notices.

Sincerely,

*/s/ Mark McKane, P.C.*

Mark McKane, P.C.

---

[16] *See* Sept. 15, 2016 *Notice of 30(b)(6) Deposition of Debtors* ¶¶ 1-2; Sept. 15, 2016 *Notice of 30(b)(6) Deposition of NextEra* ¶¶ 1-2; Oct. 11, 2016 *Amended Notice of 30(b)(6) Deposition of NextEra* ¶¶ 1-2; Dec. 22, 2016 *Notice of 30(b)(6) Deposition of Debtors* ¶¶ 1-2; Dec. 22, 2016 *Notice of 30(b)(6) Deposition of NextEra* ¶¶ 1-2.

[17] *See, e.g.*, Sept. 15, 2016 *Notice of 30(b)(6) Deposition of Debtors* ¶ 15-17; Sept. 15, 2016 *Notice of 30(b)(6) Deposition of NextEra* ¶ 4; Dec. 12, 2016 *Notice of 30(b)(6) Deposition of Debtors* ¶ 4.

[18] *See* 1/4/2017 Hr'g Tr., *supra* n.9.