# Exhibit 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered |

**NOTICE OF DEPOSITION OF DEBTORS PURSUANT TO FED. R. CIV. P. 30(b)(6), MADE APPLICABLE BY BANKRUPTCY RULE 7030 IN CONNECTION WITH CONFIRMATION OF THE DEBTORS' FIFTH AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE <u>AS IT RELATES TO THE EFH/EFIH DEBTORS</u>**

TO:    Energy Future Holdings Corporation
c/o Richards, Layton & Finger
920 North King Street
Wilmington, DE 19801
Attn: Mark D. Collins

Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Attn: Edward O. Sassower, P.C.
Stephen E. Hessler
Brian E. Schartz

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
Attn:  James H.M. Sprayregen, P.C.
       Marc Kieselstein, P.C.
       Chad J. Husnick
       Steven N. Serajeddini

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification Numbers is not provided herein.

1

4852-6877-2670.1

**PLEASE TAKE NOTICE THAT** pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rules 7026, 7030, 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, American Stock Transfer & Trust Company, LLC, as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "EFH Indenture Trustee") under the indentures for certain notes issued by Energy Future Holdings Corp. ("EFH Corp."), by its undersigned counsel, will take the deposition upon oral examination of a designee or designees of the Debtors in connection with confirmation of the *Debtors' Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al*.

**PLEASE TAKE FURTHER NOTICE THAT** the deposition will take place at such time and place as may be agreed to by the parties.  The deposition will take place before a court reporter and will be recorded by stenographic means, may be videotaped, and shall continue from day to day until it has been completed.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to Federal Rules of Bankruptcy Procedure 7030 and 9014 and Federal Rule of Civil Procedure 30(b)(6), the Debtors must designate one or more persons to testify on their behalf with regard to all matters known or reasonably available to the Debtors on the matters set forth on Schedule A attached hereto. The EFH Indenture Trustee requests that the Debtors provide, as soon as reasonably possible, a written designation of the name(s) and position(s) of the persons who consent to testify on behalf of the Debtors.

Dated: Wilmington, DE
December 22, 2016

**CROSS & SIMON, LLC**

By: /s/ *Christopher P. Simon*
Christopher P. Simon (Del. Bar No. 3697)
105 North Market Street, Suite 901
Wilmington, Delaware 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
csimon@crosslaw.com

- and –

**NIXON PEABODY LLP**
Amanda D. Darwin
Richard C. Pedone
Erik Schneider
100 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
adarwin@nixonpeabody.com
rpedone@nixonpeabody.com

-and-

Christopher J. Fong
437 Madison Avenue
New York, NY 10022
Telephone: 212-940-3724
Facsimile: 855-900-8613
cfong@nixonpeabody.com

3

*Co-Counsel to American Stock Transfer & Trust Company, LLC, as Indenture Trustee*

4

4852-6877-2670.1

## SCHEDULE A

## INSTRUCTIONS

1. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, You are directed to designate one or more of Your officers, directors, managing agents, or other persons who consent to testify on Your behalf and who have knowledge of and are adequately prepared to testify concerning the topics enumerated below.

2. To the extent that any Debtor's views, understandings, positions, consideration or analyses regarding any topics enumerated below differ from those of any other Debtor, the Debtors are instructed to designate qualified witnesses sufficient to testify regarding each such Debtor's respective information. If such views, understanding, positions, consideration or analyses regarding the enumerated topics are the same as to every Debtor, the designated witnesses should be prepared to testify that such is the case.

3. The use of the singular form includes the plural and vice versa, any use of gender includes both genders, and a verb tense includes all other verb tenses.

4. All terms and phrases used herein shall be construed in an ordinary, common-sense manner, and not in a technical, strained, overly-literal, or otherwise restrictive manner.

5. The EFH Indenture Trustee reserves the right to supplement these deposition topics based on ongoing discovery.

## DEFINITIONS

All terms herein shall have the same meaning as the terms defined in the Debtors' Fifth Amended Plan (as defined below) and the Disclosure Statement (as defined below). The definitions set forth below are to be construed in the broadest sense with reference to the Bankruptcy Rules and the Federal Rules of Civil Procedure.

5

6. "Affiliate" of any specified Person shall mean any other Person that directly, or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with, the Person specified.

7. "AST" shall mean American Stock Transfer & Trust Company, LLC.

8. "Bankruptcy Code" shall mean Title 11 of the United States Code, and all provisions thereof.

9. "Chapter 11 Cases" shall mean the Chapter 11 cases commenced by the Debtors in the United States Bankruptcy Court for the District of Delaware on April 29, 2014, and jointly administered under case number 14-10979.

10. "Communication" shall mean every manner or means of disclosure, transfer, or exchange of information, including, but not limited to, any of the following: (a) any written letter, memorandum, or other Document of any kind by mail, courier, other delivery services, telecopy, facsimile, telegraph, electronic mail, voicemail, or any other means; (b) any telephone call, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal.

11. "Debtors" shall mean, collectively, EFH Corp. and its affiliated entities, as debtors-in-possession, as applicable, which filed voluntary Chapter 11 petitions under the Bankruptcy Code commencing these Chapter 11 Cases, and any of their direct or indirect subsidiaries, Affiliates, divisions, subdivisions, departments, predecessors, successors, partners, principals, officers, directors, attorneys, accountants, agents, employees, representatives, and other persons acting on its behalf, including, but not limited to, Kirkland & Ellis, LLP, Proskauer Rose LLP and/or Munger, Tolles & Olsen LLP, and/or Cravath Swaine and Moore, LLP, and/or

McElroy, Deutsch, Mulvaney & Carpenter, LLP, and/or Stevens & Lee, PC, and/or O'Kelly Ernst & Bielli, LLC,  Alvarez & Marsal North America, LLC as well as any financial or other advisor to the forgoing.

12. "Disclosure Statement" shall mean the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings, Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors* [D.I. 10293].

13. "Document" or "Documents" shall have the meaning prescribed by Rule 7034 of the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, Communication or representation has been recorded by any means, and includes, but is not limited to, all electronically stored information, Communications, sworn statements, deposition transcripts, affidavits, recordings, photographs, computer data, electronic mail, handwritten notations, correspondence, memoranda, notes, financial calculations, calendars, appointment books, and all other writings and recordings of every kind that are in Your actual or constructive possession, custody, or control.

14. "Fifth Amended Plan" or "Plan" shall mean the Amended Chapter 11 Plan (*Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10290]), as it may be amended, modified or supplemented.

15. "Merger Agreement" shall mean the Agreement and Plan of Merger between NextEra and EFH Merger Co. LLC.

16. "NextEra" shall mean NextEra Energy, Inc., or any of its affiliates.

17. "NOL" shall mean net operating loss.

18. "Person" or "persons" shall mean all natural persons, corporations, partnerships or other business associations, and all other legal or governmental entities or associations.

19. "Valuation" means any evaluation, study, estimate, appraisal or assessment to determine or estimate the monetary worth of an asset or liability or a business or entity, by any means, method or techniques whatsoever, whether proposed, draft or final.

20. "You" or "Your" shall refer to any Person to whom this notice has been addressed and all of their current and former Affiliates, parents, direct or indirect subsidiaries, members, officers, directors, representatives, employees, agents, consultants, accountants, attorneys, financial advisors, predecessors, successors, assigns, and any other Person currently or formerly acting or purporting to act on the Person's behalf for any purpose whatsoever.

## RULE 30(b)(6) DEPOSITION TOPICS

The topics identified below are preliminary and subject to revision and supplementation based upon ongoing discovery and other developing factual circumstances.

### A. Facts Related to NOLs and other Tax Attributes

1. The amount, value of, and any potential purchaser's ability to use EFH Corp.'s tax attributes, including but not limited to NOLs that may be available to EFH Corp., Reorganized EFH, NextEra, or any other potential purchaser, after accounting for the use of EFH Corp.'s tax attributes in connection with the Spin-Off of TCEH.

2. All analyses, calculations, and Communications related to the foregoing.

3. All Communications with any Person concerning the Supplemental Ruling Request (as defined in the Merger Agreement), including, but not limited to, all Supplemental IRS Submissions (as defined in the Merger Agreement), drafts and negotiations of Supplemental IRS Submissions.

**B.      Communications with other Creditors**

4.      Communications with any creditor, including but not limited to, the Ad Hoc Committee of EFIH Unsecured Noteholders and/or the EFIH Unsecured Notes Trustee, Fidelity, Contrarian Capital Management, the EFIH Second Liens, and the Ad Hoc Committee of the TCEH First Lien Creditors, concerning the negotiations of and potential implementation of the transactions contemplated in the Fifth Amended Plan and Disclosure Statement.

**C.      Miscellaneous**

5.      The basis for any privilege asserted in connection with any document requests served by the EFH Indenture Trustee.

6.      Changes between the Fourth and Fifth Amended Plans.

7.      All other facts that relate to the Debtors' burden at the hearing scheduled on confirmation of the Fifth Amended Plan, including, without limitation, any additional topics identified following the EFH Indenture Trustee's review of documents to be produced by any party.

8.      All Communications or negotiations by and between EFH Corp. and EFIH concerning the value of any retained NOLs, including without limitation any effort by anyone acting for EFH Corp. to obtain value for the NOLs in connection with the Plan.