# Exhibit 3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 14-10979 (CSS) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Jointly Administered |
| Debtors. | |

**EFH INDENTURE TRUSTEE'S NOTICE OF DEPOSITION TO DONALD L. EVANS TO TESTIFY AND PRODUCE DOCUMENTS REGARDING MATTERS RELATING TO CONFIRMATION OF THE DEBTORS' FIFTH AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., ET AL., PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE AS IT RELATES TO THE EFH AND EFIH DEBTORS**

TO:  Donald L. Evans
c/o O'Kelly Ernst & Bielli, LLC
901 N. Market Street, Suite 1000
Wilmington, DE 19801
Attn: David M. Klauder

Proskauer Rose LLP
Three First National Plaza
70 W. Madison Street, Suite 3800
Chicago, IL 60602
Attn: Jeff J. Marwill and Mark K. Thomas

**PLEASE TAKE NOTICE THAT** pursuant to Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rules 7026, 7030, 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, American Stock Transfer & Trust Company, LLC, as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "EFH Indenture Trustee") under the indentures for certain notes issued by Energy Future Holdings Corp. ("EFH Corp."), by its undersigned counsel, is serving a notice of

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

1

deposition to testify and produce documents listed in Schedule A to **Donald L. Evans** in connection with confirmation of the *Debtors' Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al.* as it relates to the EFH Debtors and EFIH Debtors (as amended, supplemented, or modified, the "Plan").  While the EFH Indenture Trustee believes that Mr. Evans is subject to the Second Supplemental Requests served on the Debtors on December 15, 2016, the Debtors have indicated they may take the opposite position. Accordingly, out of an abundance of caution, these document requests, which are duplicative of those served on the Debtor, are being served on Mr. Evans.

**PLEASE TAKE FURTHER NOTICE THAT** the deposition will take place at such time and place as may be agreed to by the parties. The deposition will take place before a court reporter and will be recorded by stenographic means, may be videotaped, and shall continue from day to day until it has been completed.

Dated: Wilmington, DE
       December 22, 2016

**CROSS & SIMON, LLC**

By: /s/ *Christopher P. Simon*
Christopher P. Simon (Del. Bar No. 3697)
105 North Market Street, Suite 901
Wilmington, Delaware 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
csimon@crosslaw.com

- and –

**NIXON PEABODY LLP**
Amanda D. Darwin
Richard C. Pedone
Erik Schneider
100 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
adarwin@nixonpeabody.com
rpedone@nixonpeabody.com

2

-and-

Christopher J. Fong
437 Madison Avenue
New York, NY 10022
Telephone: 212-940-3724
Facsimile: 855-900-8613
cfong@nixonpeabody.com

*Co-Counsel to American Stock Transfer & Trust Company, LLC, as Indenture Trustee*

## SCHEDULE A

Pursuant to Rules 45, 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 9014, 9016, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, the EFH Indenture Trustee, by and through its undersigned counsel, hereby requests that the respondent, Donald L. Evans, produce all Documents described below in his possession, custody, or control, including in the possession, custody, or control of any Affiliates of the EFIH Independent Manager, in accordance with the definitions and instructions set forth below.

## DEFINITIONS

All terms herein shall have the same meaning as terms defined in the Debtors' Fifth Amended Joint Plan of Reorganization (the "Fifth Amended Plan") and Disclosure Statement and exhibits thereto.  The definitions set forth below are to be construed in the broadest sense with reference to the Bankruptcy Rules and the Federal Rules of Civil Procedure.

1. "Affiliate" of any specified Person shall mean any other Person that directly, or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with, the Person specified.

2. "AST" shall mean American Stock Transfer & Trust Company, LLC.

3. "Bankruptcy Code" shall mean Title 11 of the United States Code, and all provisions thereof.

4. "Chapter 11 Cases" shall mean the Chapter 11 cases, commenced by the Debtors in the United States Bankruptcy Court for the District of Delaware on April 29, 2014, and jointly administered under case number 14-10979.

5. "Communication" shall mean every manner or means of disclosure, transfer, or exchange of information, including, but not limited to, any of the following: (a) any written letter, memorandum, or other Document of any kind by mail, courier, other delivery services, telecopy, facsimile, telegraph, electronic mail, voicemail, or any other means; (b) any telephone call, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal.

6. "Debtors" shall mean, collectively, EFH Corp. and its affiliated entities, as debtors-in-possession, as applicable, which filed voluntary Chapter 11 petitions under the Bankruptcy Code commencing these Chapter 11 Cases, and any of their direct or indirect subsidiaries, Affiliates, divisions, subdivisions, departments, predecessors, successors, partners, principals, officers, directors, attorneys, accountants, agents, employees, representatives, and other persons acting on its behalf, including, but not limited to, K&E, Proskauer Rose LLP and/or Munger, Tolles & Olsen LLP, and/or Cravath Swaine and Moore, LLP, and/or McElroy, Deutsch, Mulvaney & Carpenter, LLP, and/or Stevens & Lee, PC, and/or O'Kelly Ernst & Bielli, LLC, Alvarez & Marsal North America, LLC as well as any financial or other advisor to the forgoing.

7. "Disclosure Statement" shall mean the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings, Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors* [D.I. 10293].

8. "Document" or "Documents" shall have the meaning prescribed by Rule 7034 of the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing

upon which any expression, Communication or representation has been recorded by any means, and includes, but is not limited to, all electronically stored information, Communications, sworn statements, deposition transcripts, affidavits, recordings, photographs, computer data, electronic mail, handwritten notations, correspondence, memoranda, notes, financial calculations, calendars, appointment books, and all other writings and recordings of every kind that are in your actual or constructive possession, custody, or control.

9. "Fifth Amended Plan" or "Plan" shall mean the Amended Chapter 11 Plan (*Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et. al*., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10290]), as it may be amended, modified or supplemented.

10. "Merger Agreement" shall mean the Agreement and Plan of Merger between NextEra and EFH Merger Co. LLC.

11. "NextEra" shall mean NextEra Energy, Inc., or any of its affiliates.

12. "NOL" shall mean net operating loss.

13. "Person" or "persons" shall mean all natural persons, corporations, partnerships or other business associations, and all other legal or governmental entities or associations.

14. "You" or "your" shall refer to any Person to whom the Requests have been addressed and all of their current and former Affiliates, parents, direct or indirect subsidiaries, members, officers, directors, representatives, employees, agents, consultants, accountants, attorneys, financial advisors, predecessors, successors, assigns, and any other Person currently or formerly acting or purporting to act on the Person's behalf for any purpose whatsoever.

15. The terms "relating to" and "concerning" each mean, in addition to their usual and customary meanings, concerning, relating to, discussing, mentioning, evidencing, embodying,

6

constituting, effecting, referring to, assessing, recording, analyzing, describing, evaluating, memorializing, about, regarding, touching upon, listing, or reflecting the matter specified in the request.

## INSTRUCTIONS

1. Each request for Documents requires the production of all Documents described herein, in your possession, custody or control, including, but not limited to, those Documents in the custody or possession of current or former members, direct or indirect subsidiaries, parents, Affiliates, divisions, predecessors, successors, officers, directors, agents, employees, representatives, consultants, or investigators, or your attorneys or their agents, employees, representatives, or investigators.

2. All Documents are to be produced as they are kept in the usual course of business or organized and labeled to correspond to the specific requests set forth below.

3. In responding to each request, if any Document requested has been amended (including by an amendment and restatement), or any waiver, consent, supplement, forbearance or other similar instrument has been entered into in connection with any such Document, furnish each such amendment, amendment and restatement, waiver, consent, supplement, forbearance, or other similar instrument.

4. In responding to each such request, furnish all exhibits, schedules, annexes, appendices, or any other ancillary Documents related to each Document produced.

5. All drafts and non-identical copies of responsive Documents must be produced. Any comment, notation, or other marking shall be sufficient to distinguish Documents that are otherwise similar in appearance and to make them separate Documents for purposes of your response. Likewise, any draft, preliminary form, or superseded version of any Document is also to be considered a separate Document.

6. To the extent applicable, furnish executed versions of each Document requested.

7. The file folder or other container in which a Document is kept is deemed to be an integral part of the Document and shall be produced with the Document.

8. Each paragraph and subparagraph hereof and the definitions herein are to be construed independently, and not by or with reference to any paragraph or subparagraph or definition herein for purposes of limiting the scope of any particular request or the subject matter thereof.

9. If any requested Document or thing cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

10. If you object to any part of a Document request, state the specific basis for the objection and produce Documents responsive to all parts of the request to which you do not object.

11. These Document requests shall be deemed continuing so as to require supplementation if you or your attorneys or agents become aware of, receive or generate additional Documents responsive to these requests after the time of the initial response.

12. If any of the Debtors have produced any requested Document in connection with any prior request and that Document exists in the Data Repository (as that term is used in the *Order Establishing Discovery Procedures in Connection with Legacy Discovery of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties and Other Related Matters* [D.I. 1832]), identify the production number and the date of production.

13. The use of the singular form of any word shall include the plural form, and the plural form shall include the singular form.

14. The use of the present tense of any word includes the past tense, the use of the past tense of any word shall include the present tense, and the use of any verb in any tense shall be construed as including the use of that verb in all other tenses.

15. "Any" or "each" should be understood to include and encompass "all;" "or" should be understood to include and encompass "and;" and "and" should be understood to include and encompass "or."

16. The EFH Indenture Trustee reserves the right to amend and supplement these requests for any reason, including without limitation, any material modification made to the Fifth Amended Plan subsequent to the service of these requests.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. All Documents and Communications concerning the amount, value of, and Nextera's ability, or any other potential purchaser's ability, to use EFH Corp.'s tax attributes, including but not limited to NOLs that may be available to EFH Corp., Reorganized EFH, Nextera, or any other potential purchaser, after accounting for the use of EFH Corp.'s tax attributes in connection with the Spin-Off of TCEH.

2. All Documents or Communications concerning updated projections of the amount of NOLs that will be available upon emergence, including but not limited to, those referenced in document bates numbered NEE_0064146 and NEE_0064148.

3. All Documents and Communications that evidence any effort by You, or anyone acting on Your behalf, to negotiate for or obtain value for any retained NOLs, including, without limitation, any negotiations or discussions between anyone acting for EFH Corp. and anyone acting for EFIH.

9