

Robin D. Ball
**direct tel.** (213) 892-2025
rball@chadbourne.com

Chadbourne & Parke LLP
350 South Grand Avenue
32nd Floor
Los Angeles, CA 90071
tel: +1 (213) 892-1000

January 12, 2017

**BY ECF, EMAIL, AND HAND DELIVERY**

The Honorable Christopher S. Sontchi
U.S. Bankruptcy Judge
U.S. Bankruptcy Court District of Delaware
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

    Re: *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (Bankr. D. Del.)

Dear Judge Sontchi:

    We are counsel to NextEra Energy, Inc. ("NextEra") in the above-captioned cases. We write to join the request for a protective order filed by the Debtors by letter dated January 12, 2017 (the "Request"), and to respectfully request that the Court enter a protective order quashing the notices of deposition served by American Stock Transfer & Trust Company, LLC (the "EFH Indenture Trustee") and Contrarian Capital Management, LLC ("Contrarian") on December 22, 2016, including such notices directed to NextEra and Mark Hickson (together, the "Deposition Notices"), for the reasons set forth in the Request, each of which reasons is incorporated herein.

    As set forth in the Debtors' Request, there are at least two independent reasons why the Court should quash the Deposition Notices, including that the testimony sought by the EFH Indenture Trustee and Contrarian is neither (a) relevant to confirmation of the Plan, as required by Rule 26 of the Federal Rules of Civil Procedure (the "Federal Rules"); nor (b) "related to changes in the Plan," as required by paragraph 8(c) of the *Supplemental Order Approving the Revised Schedule for the EFH/EFIH Confirmation Proceedings* (Dkt. No. 10327) (the "Supplemental Scheduling Order"). Each of those two reasons applies with equal force to the notices of deposition directed to NextEra and Mr. Hickson, which seek testimony concerning EFH Corp.'s net operating losses (the "NOLs") that is both irrelevant to Plan confirmation and unrelated to any change in the Plan, and should have been adduced (if ever) when NextEra produced Mr. Hickson for deposition on October 25, 2016.

    NextEra and Mr. Hickson should not be burdened by preparing for and attending an unnecessary, improper, and duplicative deposition.

**BACKGROUND**

    To date, NextEra has produced over 64,000 pages of documents in response to document requests served by various Participating Parties in connection with Plan confirmation, including requests served by the EFH Indenture Trustee concerning the NOLs. On October 11, 2016, the EFH Indenture Trustee served on NextEra a notice of deposition pursuant to Federal Rule 30(b)(6) (attached hereto as Exhibit A), and thereby requested that

The Hon. Christopher S. Sontchi                -2-                         January 12, 2017

NextEra also produce a designee concerning, *inter alia*, three topics purportedly related to the NOLs:

> 1. The amount, value of, and Your ability or any other potential purchaser's ability, to use EFH Corp.'s tax attributes, including but not limited to NOLs that may be available to EFH Corp., Reorganized EFH, You, or any other potential purchaser, after accounting for the use of EFH Corp.'s tax attributes in connection with the Spin-Off of TCEH.
>
> 2. All analyses, calculations and communications relating to the foregoing.
>
> 3. The methods by which you have historically valued tax attributes, including but not limited to NOLs. (Exhibit A at 7.)

By email to counsel for all Participating Parties on October 13, 2016 (attached hereto as Exhibit B), counsel for NextEra designated Mr. Hickson to testify on its behalf pursuant to Federal Rule 30(b)(6) concerning the topics noticed by the EFH Indenture Trustee (and others noticed by the Asbestos Objectors). On October 18, 2016, counsel for the EFH Indenture Trustee informed the undersigned counsel in person that the EFH Indenture Trustee did not intend to question Mr. Hickson during his scheduled deposition, but that counsel for Contrarian might. On October 21, 2016, and October 24, 2016, counsel for Delaware Trust Company (the "EFIH First Lien Trustee") and counsel for Computershare Trust Company, N.A. and Computershare Trust Company of Canada (together, the "EFIH Second Lien Trustee") purported to notice Mr. Hickson for deposition in his individual capacity.

Mr. Hickson is NextEra's Senior Vice President, Corporate Development, Strategy, Quality and Integration, and is based in NextEra's headquarters in Juno Beach, Florida. He appeared for deposition in New York on October 25, 2016. During that deposition, Mr. Hickson answered questions from counsel for Participating Parties including the Asbestos Objectors, the EFIH First Lien Trustee, and the TCEH Ad Hoc Group, both in his capacity as Federal Rule 30(b)(6) designee for NextEra and in his individual capacity. (Hickson Tr. 164:3-6) (excerpts attached hereto as Exhibit C). Counsel for the EFH Indenture Trustee appeared at Mr. Hickson's deposition but declined to ask any questions. (Exhibit C at 4:11-14.) Counsel for Contrarian did not appear at the deposition.

On November 15, 2016, the deadline for objections to the then-operative version of the Plan, the EFH Indenture Trustee's and Contrarian's filings asserted that EFH Corp. may not have received adequate value for the NOLs. In particular, the EFH Indenture Trustee purported to reserve its right "to object to any modified version of the Plan" on grounds that "would include, but not necessarily be limited to, the fact that in certain circumstances EFH Corp. might not be compensated for . . . net operating losses." (Dkt. No. 10143 at ¶ 4.) Similarly, Contrarian objected to confirmation "because [the Plan] contemplates the transfer . . . of NOLs . . . without . . . fair equivalent value to EFH Corp." (Dkt. No. 10144 at ¶ 8.)

The Hon. Christopher S. Sontchi                -3-                           January 12, 2017

All Participating Parties completed fact discovery. On December 7, 2016, after the Debtors had filed their Fifth Amended Plan (Dkt. No. 10290) and the confirmation hearing had been adjourned, the Court entered the Supplemental Scheduling Order (Dkt. No. 10327). Paragraph 8(c) of the Supplemental Scheduling Order reopened discovery and authorized "supplemental notices of deposition *related to changes in the Plan*, including the resulting impact on Participating Parties." (Emphasis added.) Neither the EFH Indenture Trustee nor Contrarian objected to the entry of the Supplemental Scheduling Order.

On December 22, 2016, and notwithstanding that NextEra had previously produced Mr. Hickson for deposition as its designee concerning topics relating to the NOLs and counsel for the EFH Indenture Trustee had declined to question him concerning any of those topics (or otherwise), the EFH Indenture Trustee served on NextEra a second, duplicative notice of deposition pursuant to Federal Rule 30(b)(6) (attached hereto as Exhibit D), and thereby requested that NextEra produce a designee concerning substantively identical NOL-related topics.[1] On that same date, December 22, 2016, the EFH Indenture Trustee served a notice of subpoena for Mr. Hickson's deposition in his individual capacity (attached hereto as Exhibit E), and Contrarian served a notice of joinder concerning all deposition notices served by the EFH Indenture Trustee (attached hereto as Exhibit F).

The parties engaged in good-faith consultation but have been unable to resolve their dispute as to the Deposition Notices and unfortunately must request the Court's intervention.

## ARGUMENT

### A. The Deposition Testimony Sought From NextEra And Mr. Hickson Is Irrelevant To Plan Confirmation

The EFH Indenture Trustee and Contrarian seek testimony from NextEra and Mr. Hickson concerning the NOLs. As more fully set forth in the Debtors' Request, all such testimony is irrelevant to Plan confirmation because both of the two potential Plan objections to which such testimony allegedly relates are foreclosed as a matter of law by this Court's

---

[1] Those topics include: (1) "[t]he amount, value of, and Your ability . . . to use EFH Corp.'s tax attributes, . . . after accounting for the use of [those] attributes in connection with the Spin-Off"; (2) "[a]ll analyses, calculations and Communications relating to the foregoing, including whether any was done or not done"; (3) "[t]he methods by which [NextEra] historically valued tax attributes, including . . . NOLs, in connection with Your financial reporting and otherwise"; and (4) "[t]he basis for any privilege asserted in connection with any document requests served on You by the EFH Indenture Trustee." (Exhibit D at 7.)

The Hon. Christopher S. Sontchi -4- January 12, 2017

prior rulings. This ground alone suffices to warrant entry of an Order quashing the Deposition Notices.

### B. The Deposition Testimony Sought From NextEra And Mr. Hickson Is Unrelated To Changes In The Plan

The EFH Indenture Trustee's and Contrarian's deposition notices to NextEra and Mr. Hickson should also be quashed on the separate ground that they exceed the scope of discovery permitted under the Supplemental Scheduling Order by seeking testimony unrelated to any change in the Plan. The Court's Supplemental Scheduling Order appropriately limited the scope of any "supplemental notices of deposition" to those seeking testimony "related to changes in the Plan" arising from the Debtors' filing of the Fifth Amended Plan on December 1, 2016. Despite that Court-ordered limitation, the EFH Indenture Trustee and Contrarian do not seek to depose NextEra or Mr. Hickson concerning any "changes in the Plan." Instead, the EFH Indenture Trustee (joined by Contrarian) seeks testimony concerning the "amount, value of, and [NextEra's] ability . . . to use EFH Corp.'s tax attributes," "[a]ll [related] analyses, calculations and Communications," "methods by which [NextEra] historically valued tax attributes," and "[t]he basis for any privilege asserted in connection with any document requests served on [NextEra] by the EFH Indenture Trustee [all of which related to the NOLs]." (Exhibit D at 7.)

That the EFH Indenture Trustee seeks testimony wholly unrelated to changes in the Plan is evident not only from the text of the Plan amendments (which did not purport to affect the NOLs), but also from the indisputable fact that the deposition topics noticed by the EFH Indenture Trustee are substantively identical to deposition topics it noticed last October long before the Plan was amended. (Exhibit A at 7; Exhibit D at 7.)[2]

Even assuming *arguendo* that deposition testimony concerning the NOLs were somehow relevant to Plan confirmation (and it is not), the time to conduct discovery unrelated to the recent changes in the Plan was months ago. Indeed, at the EFH Indenture Trustee's request, NextEra produced Mr. Hickson for deposition concerning these very same subjects on October 25, 2016. The EFH Indenture Trustee and Contrarian chose not to adduce any testimony during that deposition. They should not be permitted to do so now in contravention

---

[2] The EFH Indenture Trustee's fourth (and ancillary) deposition topic—"[t]he basis for any privilege asserted in connection with [the EFH Indenture Trustee's] document requests"— does not alter this conclusion as it purports to seek testimony concerning privilege assertions as to documents responsive to requests concerning the NOLs.

The Hon. Christopher S. Sontchi -5- January 12, 2017

of the Supplemental Scheduling Order and thereby impose on NextEra and Mr. Hickson the undue burden of preparing for and appearing at a second deposition.[3]

* * *

      For the foregoing reasons and those set forth in the Debtors' Request, NextEra respectfully requests that the Court enter an order quashing the Deposition Notices and granting such other and further relief as the Court may deem just and proper. We appreciate Your Honor's attention to these matters.[4]

                                  Respectfully Submitted,

                                    */s/ Robin D. Ball*
                                  Robin D. Ball

Enclosures

cc: All EFH Plan Confirmation Participating Parties (by ECF)

---

[3] Accordingly, the Court should also quash the Deposition Notices because they violate Federal Rule 30(a)(2)(A)(ii)'s prohibition on taking a deposition without leave of Court where a "deponent has already been deposed in the case." *See State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 235 (E.D. Pa. 2008) (denying leave to conduct Rule 30(b)(6) deposition where noticing parties provided "***no*** reason, let alone a good reason" why questions concerning noticed topics were not asked during prior Rule 30(b)(6) deposition of same party) (emphasis in original).

[4] NextEra reserves its right to serve written responses and objections to the Deposition Notices in the event that the Court declines to grant the Request.