## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Energy Future Holdings Corp., *et. al.,* | Case No. 14-10979 (CSS) |
| Debtors.[1] | Jointly Administered |
| | **Re: Docket Nos. 10415, 10511 and 10513** |

### APPELLANTS' STATEMENT OF ISSUES ON APPEAL, CERTIFICATE REGARDING TRANSCRIPTS, AND DESIGNATION OF ITEMS TO BE INCLUDED ON THE RECORD ON APPEAL

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure and Rule 8009-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, appellants Shirley Fenicle, individually, and as successor-in-interest to the Estate of George Fenicle, David William Fahy, John H. Jones, and David Heinzmann (respectively "**Fenicle**", "**Fahy**", "**Jones**", and "**Heinzmann**", together "**Appellants**"), creditors in the above-captioned chapter 11 cases, respectfully submit this statement of issues to be presented on appeal from the *Order Denying the Motion to Dismiss*, dated December 19, 2016, [D.I. 10415] (the "**Order**"), incorporating the Court's Opinion, dated December 19, 2016 [D.I. 10414].

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

## Statement of Issues to be Presented on Appeal

1.      Did the Bankruptcy Court err in denying the *Motion of Shirley Fenicle, David William Fahy, John H. Jones, and David Heinzmann to Dismiss Chapter 11 Petitions of Asbestos Debtors EECI, Inc., EEC Holdings, Inc., LSGT SACROC, Inc., and LSGT Gas Co. LLC Pursuant to 11 U.S.C. § 1112(b)*, (the "**Motion to Dismiss**"), filed on November 8, 2016 [D.I. 10074]?

2.      Did the Bankruptcy Court err in holding that the Chapter 11 petitions of Debtors EECI, Inc., EEC Holdings, Inc., LSGT SAROC, Inc., and LSGT Gas Co. LLC (the "**Asbestos Debtors**") were not filed in bad faith?

3.      Did the Bankruptcy Court err in holding that the Asbestos Debtors had a valid bankruptcy purpose, and did not file for bankruptcy as a litigation tactic in order to evade their asbestos liabilities?

4.      Did the Bankruptcy Court err in holding that the Asbestos Debtors were in immediate financial distress when they filed for bankruptcy, and would have been rendered insolvent by the bankruptcy filing of EFH Corp., even though the Debtors could have sought court approval to lift the automatic stay for cause so that EFH Corp. could continue to make payments on its intercompany obligations to the Asbestos Debtors?

5.      Did the Bankruptcy Court err in holding that, in order to lift the automatic stay in EFH Corp.'s bankruptcy, the Debtors would have to satisfy the "doctrine of necessity," and in failing to consider whether the automatic stay could have been lifted for cause?

6.      Did the Bankruptcy Court err in holding that the Asbestos Debtors had a valid reorganization purpose because of the possibility that, under certain scenarios, certain of those Asbestos Debtors could have been jointly and severally liable for deconsolidation taxes, even

though the Asbestos Debtors did not have to be in bankruptcy in order to participate in a resolution of the tax issues?

7.     Did the Bankruptcy Court err in holding that the Asbestos Debtors had a valid reorganization purpose in that filing for bankruptcy enabled them to negotiate the terms of payment of their intercompany claims against EFH Corp., even though the Asbestos Debtors, as creditors of EFH Corp., did not have to be in bankruptcy to negotiate such terms?

8.     Did the Bankruptcy Court err in applying a more lenient standard for good faith than that set out in controlling Third Circuit precedent because the Asbestos Debtors were part of an "enterprise-wide" restructuring?

9.     Did the Bankruptcy Court err in holding that Appellants' Motion to Dismiss was barred by laches, even though Debtors did not prove inexcusable delay and prejudice, and even though the Debtors were responsible for any delay because they successfully opposed the appointment of a legal representative to represent the interests of future, Unmanifested Asbestos Claimants, who would have been charged with probing the facts underlying the commencement of the cases?

10.     Did the Bankruptcy Court err in imposing on Appellants the burden of demonstrating that the equitable doctrine of laches does not apply to bar Appellants' Motion to Dismiss, and that any delay in filing the motion was excusable?

11.     Did the Bankruptcy Court err in finding that communications between the representatives of the Asbestos Debtors and the Debtors' attorneys concerning the decision to place the Asbestos Debtors into bankruptcy are protected from disclosure by the attorney-client privilege, and that the privilege was not waived, even though the Debtors disclosed minutes from

board meetings in which such reasons were discussed, and even though the Debtors placed the advice of counsel at issue?

[*Remainder of Page Intentionally Left Blank*]

## Designations

1.    Materials entered into evidentiary record in the Court during the December 5, 2016 hearing on the Motion to Dismiss, including all demonstrative evidence.

2.    The following documents filed in *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979:

   1.    Chapter 11 Voluntary Petition. Filed by Energy Future Holdings Corp; Case No. 14-10979-CSS [Docket No. 1];

   2.    Chapter 11 Voluntary Petition. Filed by LSGT Gas Company LLC; Case No. 14-11039-CSS [Docket No. 1];

   3.    Chapter 11 Voluntary Petition. Filed by EECI, Inc.; Case No. 14-10992-CSS [Docket No. 1];

   4.    Chapter 11 Voluntary Petition. Filed by EEC Holdings, Inc.; Case No. 14-10990-CSS [Docket No. 1];

   5.    Chapter 11 Voluntary Petition. Filed by LSGT SACROC, Inc.; Case No. 14-11012-CSS [Docket No. 1];

   6.    Motion for Joint Administration Filed by 4Change Energy Company, 4Change Energy Holdings LLC, Big Brown 3 Power Company LLC, Big Brown Lignite Company LLC, Big Brown Power Company LLC, Brighten Energy LLC, Brighten Holdings LLC, DeCordova Power Company LLC, EBASCO SERVICES OF CANADA LIMITED, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Corporate Services Company, Eagle Mountain Power Company LLC, Energy Future Holdings Corp., TXU Electric Company, Inc., TXU Energy Receivables Company LLC, TXU Energy Retail Company LLC, Texas Competitive Electric Holdings Company LLC, Tradinghouse Power Company LLC. [Docket No. 17];

   7.    Motion to Maintain Bank Accounts Filed By Energy Future Holdings Corp. [Docket No. 37];

   8.    Order [INTERIM] Directing Joint Administration of the Debtors' Chapter 11 Cases. [Docket No. 287];

   9.    Order (INTERIM) (A) Authorizing The Debtors To (I)Continue Using Their Existing Cash Management System, etc. [Docket No. 304];

10. Order (FINAL) (A) Authorizing The Debtors To (I) Continue Using Their Existing Cash Management System, etc. [Docket No. 801];

11. Order (FINAL) Directing Joint Administration of the Debtors' Chapter 11 Cases (14-10979)(CSS). [Docket No. 849];

12. Schedule A, Schedule B, Schedule C, Schedule D, Schedule E, Schedule F, Schedule G, Schedule H, Sum of Schedules Declaration Concerning Debtors Schedules for Energy Futures Holdings Corp. (14-10979) [Docket No. 1237];

13. Schedules/Statements filed for EEC Holdings, Inc. (14-10990) [Docket No. 1250];

14. Schedules/Statements filed for EECI, Inc. (14-10992) [Docket No. 1269];

15. Schedules/Statements filed for LSGT Gas Company LLC (14-11039). [Docket No. 1272];

16. Schedules/Statements filed for LSGT SACROC, Inc. (14-11012) [Docket No. 1276];

17. Statement of Financial Affairs, for Energy Future Holdings Corp. (14-10979). [Docket No. 1345];

18. Statement of Financial Affairs for EEC Holdings, Inc. (14-10990). [Docket No. 1346];

19. Statement of Financial Affairs for EECI, Inc. (14-10992). [Docket No. 1349];

20. Statement of Financial Affairs for LSGT Gas Company LLC (14-11039). [Docket No. 1377];

21. Statement of Financial Affairs for LSGT SACROC, Inc. (14-11012). [Docket No. 1379];

22. Debtors' Reply in Support of Bar Date with Respect to Asbestos Claims. [Docket No. 1804];

23. Amended Schedule G, Declaration Concerning Debtors Schedules Statement of Financial Affairs for Energy Future Holdings Corp. (14-10979) [Docket No. 2146];

24. Amended Declaration Concerning Debtors Schedules for  LSGT SACROC, Inc. (14-11012). [Docket No. 2168];

25. Amended Declaration Concerning Debtors Schedules for EEC Holdings, Inc. (14-10990). [Docket No. 2176];

26. Amended Schedule G, Declaration Concerning Debtors Schedules for EECI, Inc. (14-10992). [Docket No. 2178];

27. Amended Declaration Concerning Debtors Schedules for LSGT Gas Company LLC (14-11039). [Docket No. 2210];

28. Notice of Appointment of Committee of Unsecured Creditors. [Docket No. 2570];

29. Second Amended Notice of Appointment of Committee of Unsecured Creditors. [Docket No. 3402];

30. Objection of Energy Future Holdings Corp., et al., to the Motion of Charlotte Liberda and Curtis Liberda to Appoint Legal Representative and Joinder of Shirley Fenicle, as Successor-In-Interest to the Estate of George Fenicle, and David William Fahy to the Motion of Charlotte and Curtis Liberda to Appoint Legal Representative. [Docket No. 5209]

31. Order Denying Motion of Charlotte Liberda and Curtis Liberda to Appoint Legal Representative. [Docket No. 5265];

32. Notice of Intent of Shirley Fenicle, as Successor-In-Interest to the Estate of George Fenicle, to Participate in Discovery Related to the Confirmation Proceedings. [Docket No. 5846];

33. Debtors' Omnibus Reply to Plan Confirmation Objections. [Docket No. 6817];

34. Notice of Intent of David William Fahy to Participate in Disclosure Statement Proceedings and Confirmation Proceedings. [Docket No. 8441];

35. Order Scheduling Certain Hearing Dates And Deadlines And Establishing Certain Protocols In Connection With The Confirmation Of Debtors Joint Plan Of Reorganization And The Approval Of Debtors Disclosure Statement. [Docket No. 8514];

36. Scheduling Order  (Supplement) Scheduling Certain  Hearing  Dates  And Deadlines And Establishing Certain Protocols In Connection With The Confirmation Of Debtors Joint Plan Of Reorganization And The Approval Of Debtors Disclosure Statement. [Docket No. 8883];

37.  Order (SECOND SUPPLEMENT) Scheduling Certain Hearing Dates And Deadlines And Establishing Certain Protocols In Connection With The Confirmation Of Debtors Joint Plan Of Reorganization And The Approval Of Debtors Disclosure Statement. [Docket No. 8972];

38.  Order Scheduling Certain Hearing Dates And Deadlines And Establishing Certain Protocols In Connection With Confirmation Of The Debtors Joint Plan Of Reorganization As It Relates To The EFH/EFIH Debtors. [Docket No. 9381];

39.  Notice of Intent to Participate in Disclosure Statement Proceedings and Confirmation Proceedings for New Plan Filed by John H. Jones. [Docket No. 9165];

40.  Notice of Agreement to Extend Deadline in Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Debtors' Joint Plan of Reorganization as It Relates to the EFH/EFIH Debtors [Docket No. 9647;

41.  Notice of Intent to Participate in Disclosure Statement Proceedings and Confirmation Proceedings for New Plan Filed by David Heinzmann. [Docket No. 10030];

42.  Motion of Shirley Fenicle, David William Fahy, John H. Jones, and David Heinzmann to Dismiss Chapter 11 Petitions of Asbestos Debtors EECI, Inc., EEC Holdings, Inc., LSGT SACROC, Inc., and LSGT Gas Co. LLC, Pursuant to 11 U.S.C. § 1112(b). [Docket No. 10074];

43.  Memorandum of Law in Support of the Motion of Shirley Fenicle, David William Fahy, John H. Jones, and David Heinzmann to Dismiss Chapter 11 Petitions of Asbestos Debtors EECI, Inc., EEC Holdings, Inc., LSGT SACROC, Inc., and LSGT Gas Co. LLC, Pursuant to 11 U.S.C. § 1112(b). [Docket No. 10075 (Sealed)];

44.  Memorandum of Law in Support of the Motion of Shirley Fenicle, David William Fahy, John H. Jones, and David Heinzmann to Dismiss Chapter 11 Petitions of Asbestos Debtors EECI, Inc., EEC Holdings, Inc., LSGT SACROC, Inc., and LSGT Gas Co. LLC, Pursuant to 11 U.S.C. § 1112(b). [Docket No. 10076 (Redacted)];

45.  Notice of Second Agreement to Extend Deadline in Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Debtors' Joint Plan of Reorganization as It Relates to the EFH/EFIH Debtors [Docket No. 10140];

46.  Notice of Hearing on the Motion of Shirley Fenicle, David William Fahy, John H. Jones, and David Heinzmann to Dismiss Chapter 11 Petitions of Asbestos Debtors EECI, Inc., EEC Holdings, Inc., LSGT SACROC, Inc., and LSGT Gas Co. LLC, Pursuant to 11 U.S.C. § 1112(b). [Docket No. 10178];

47.  Notice Regarding Scheduling Order and Commencement of Plan Confirmation Proceedings [Docket No. 10235];

48.  Supplement to Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Debtors' Joint Plan of Reorganization as It Relates to the EFH/EFIH Debtors [Docket No. 10239];

49.  Opposition of Energy Future Holdings Corp., et al., to the Motion of Shirley Fenicle, David William Fahy, John H. Jones, and David Heinzmann to Dismiss Chapter 11 Petitions of Asbestos Debtors EECI, Inc., EEC Holdings, Inc., LSGT SACROC, Inc., and LSGT Gas Co. LLC Pursuant to 11 U.S.C. Section 1112(b). [Docket No. 10249];

50.  Declaration of Jonathan F. Ganter, Esq., in Support of Opposition of Energy Future Holdings Corp. *et al.*, to the Motion of Shirley Fenicle, David William Fahy, John H. Jones, and David Heinzmann to Dismiss Chapter 11 Petitions of Asbestos Debtors EECI, Inc., EEC Holdings, Inc., LSGT SACROC, Inc., and LSGT Gas Co. LLC, Pursuant to 11 U.S.C. § 1112(b). [Docket No. 10251 (Sealed)];

51.  Declaration of Jonathan F. Ganter, Esq., in Support of Opposition of Energy Future Holdings Corp. *et al.*, to the Motion of Shirley Fenicle, David William Fahy, John H. Jones, and David Heinzmann to Dismiss Chapter 11 Petitions of Asbestos Debtors EECI, Inc., EEC Holdings, Inc., LSGT SACROC, Inc., and LSGT Gas Co. LLC, Pursuant to 11 U.S.C. § 1112(b). [Docket No. 10252 (Redacted)];

52.  Reply Brief in Support of Motion of Shirley Fenicle, William Fahy, John H. Jones, and David Heinzmann to Dismiss Chapter 11 Petitions of Asbestos Debtors EECI, Inc., EEC Holdings, Inc., LSGT SACROC Inc., and LSGT Gas Co. LLC Pursuant to 11 U.S.C. sec 1112(b). [Docket No. 10273 (Sealed)];

53.  Reply Brief in Support of Motion of Shirley Fenicle, William Fahy, John H. Jones, and David Heinzmann to Dismiss Chapter 11 Petitions of Asbestos Debtors EECI, Inc., EEC Holdings, Inc., LSGT SACROC Inc., and LSGT Gas Co. LLC Pursuant to 11 U.S.C. sec 1112(b). [Docket No. 10274 (Redacted)];

54. Sur-reply of Energy Future Holdings Corp., et al., to the Motion of Shirley Fenicle, David William Fahy, John H. Jones, and David Heinzmann to Dismiss Chapter 11 Petitions of Asbestos Debtors EECI, Inc., EEC Holdings, Inc., LSGT SACROC, Inc., and LSGT Gas Company LLC Pursuant to 11 U.S.C. Section 1112(b). [Docket No. 10304];

55. Declaration of Jonathan F. Ganter, Esq. in Support of Sur-reply of Energy Future Holdings Corp., et al, to the Motion of Shirley Fenicle, David William Fahy, John H. Jones, and David Heinzmann to Dismiss Chapter 11 Petitions of Asbestos Debtors EECI, Inc., EEC Holdings, Inc., LSGT SAROC, Inc., and LSGT Gas Co, LLC) [REDACTED]. [Docket No. 10305];

56. Declaration in Support (Declaration of Jonathan F. Ganter, Esq. in Support of Sur-reply of Energy Future Holdings Corp., et al., to the Motion of Shirley Fenicle, David William Fahy, John H. Jones, and David Heinzmann to Dismiss Chapter 11 Petitions of Asbestos Debtors EECI, Inc., EEC Holdings, Inc., LSGT SAROC, Inc., and LSGT Gas Co, LLC) [SEALED]. [Docket No. 10306];

57. Transcript of the December 5, 2016 Hearing. [Docket No. 10324];

58. Supplemental Order Approving the Revised Schedule for the EFH/EFIH Confirmation Proceedings [Docket No. 10327];

59. Debtors' Post-Hearing Memorandum in Opposition to the Motion to Dismiss the Chapter 11 Petitions of the LSGT Debtors. [Docket No. 10352];

60. Post-Hearing Brief in Support of the Motion of Shirley Fenicle, William Fahy, John H. Jones, and David Heinzmann to Dismiss Chapter 11 Petitions of Asbestos Debtors EECI, Inc., EEC Holdings, Inc., LSGT SACROC Inc., and LSGT Gas Co. LLC Pursuant to 11 U.S.C. sec 1112(b). [SEALED] [Docket No. 10353];

61. Post-Hearing Brief in Support of the Motion of Shirley Fenicle, William Fahy, John H. Jones, and David Heinzmann to Dismiss Chapter 11 Petitions of Asbestos Debtors EECI, Inc., EEC Holdings, Inc., LSGT SACROC Inc., and LSGT Gas Co. LLC Pursuant to 11 U.S.C. sec 1112(b). [REDACTED] [Docket No. 10354];

62. Opinion re the Order Denying the Motion to Dismiss. [Docket No. 10414];

63. Order Denying the Motion to Dismiss. [Docket No. 10415];

64. Memorandum of Law in Support of the Motion of Shirley Fenicle, David William Fahy, John H. Jones, and David Heinzmann to Dismiss Chapter 11

Petitions of Asbestos Debtors EECI, Inc., EEC Holdings, Inc., LSGT SACROC, Inc., and LSGT Gas Co. LLC, Pursuant to 11 U.S.C. § 1112(b). [Amended Redacted Public Version] [Docket No. 10419];

65. Notice of Appeal from the Order Denying the Motion to Dismiss. [Docket No. 10511];

66. Amended Notice of Appeal of Order Denying Motion to Dismiss. [Docket No. 10513];

67. Clerks Notice Regarding Filing of Appeal (BAP-17-1). [Docket No. 10532];

68. Additional Transmittal of Record on Appeal to District Court (BAP-17-1) (CA-17-9). [Docket No. 10553].

3. Additional Documents:

1. Transcripts of Depositions and Designations of Stacey Dore, Paul Keglevic, Mark Hickson, Anthony Horton, Mike Hunter, Kristopher Moldovan, and Billie Williamson;

2. The following Proofs of Claim filed in the In re Energy Future Holdings Corp. et al., Case No. 14-10979:

| Proof of Claim |
|---|
| Asbestos Proof of Claim filed by David Fahy, received December 11, 2015  [Claim No. 16606] |
| Asbestos Proof of Claim filed on behalf of the Estate of George Fenicle, received December 11, 2015 [Claim No. 17201] |
| Asbestos Proof of Claim filed on behalf of the Estate of George Fenicle, received December 11, 2015 [Claim No. 17202] |
| Asbestos Proof of Claim filed on behalf of the Estate of George Fenicle, received December 11, 2015 [Claim No. 17203] |
| Asbestos Proof of Claim filed on behalf of the Estate of George Fenicle, received December 11, 2015 [Claim No. 17204] |

3. EECI, Inc., Minutes of the Board of Directors Meeting, April 25, 2014 (DX091 at EFH06449593).

## <u>Certificate Regarding Transcripts</u>

Pursuant to Rule 8009(b)(1)(A) of the Federal Rules of Bankruptcy Procedure, Appellant hereby files this certificate stating that Appellant is not ordering any transcripts. All transcripts have been prepared and are filed on the docket and are designated in the foregoing designation of the record.

**[Signatures on following page.]**

Dated: January 18, 2017
Wilmington, Delaware

By: /s/ *Daniel K. Hogan*

Daniel K. Hogan (DE Bar # 2814)
HOGAN MCDANIEL
1311 Delaware Avenue
Wilmington, Delaware  19806
Telephone:  (302) 656-7540
Facsimile: (302) 656-7599
dkhogan@dkhogan.com

*Counsel for Shirley Fenicle, individually and as*
*successor-in-interest to the Estate of George*
*Fenicle, David William Fahy, John H. Jones, and*
*David Heinzmann*

-and-

Leslie M. Kelleher
Jeanna M. Koski
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Washington, DC 20005
Telephone: (202) 862-5000

*Counsel for Shirley Fenicle, individually and as*
*successor-in-interest to the Estate of George*
*Fenicle*, *David William Fahy, John H. Jones, and*
*David Heinzmann*

-and-

Steven Kazan
KAZAN MCCLAIN SATTERLEY &
GREENWOOD
A Professional Law Corporation
55 Harrison Street, Suite 400
Oakland, CA 94607
Telephone: (510) 302-1000
Facsimile: (510) 835-4913

*Counsel for Shirley Fenicle, individually and as*
*successor-in-interest to the Estate of George*
*Fenicle*

-and-

Ethan Early
EARLY LUCARELLI SWEENEY &
MEISENKOTHEN
265 Church Street, 11th Floor
New Haven, CT 06508-1866
Telephone: (203) 777-7799
Facsimile: (203) 785-1671

*Counsel for David William Fahy*

-and-

Jonathan Ruckdeschel
THE RUCKDESCHEL LAW FIRM LLC
8357 Main Street
Ellicott City, MD 21043
Telephone:  410-750-7825
Facsimile: 443-583-0430

*Counsel for David Heinzmann*

-and-

Beth Gori
Gori Julian & Associates, P.C.
156 North Main Street
Edwardsville, IL 62025
Telephone: (618) 659-9833
Facsimile: (618) 659-9834

*Counsel for John H. Jones*