**<u>Exhibit A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I.**  7814, 7815, 7901, 7982, 8132, |
| | ) |      8895, 9598, 9773, 10388, 10418, |
| | ) |      10451, 10601 |
| | ) | |

### ORDER (EIGHTH) SUSTAINING DEBTORS' THIRTY-SEVENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN IMPROPERLY ASSERTED CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1

Upon the objection (the "Objection")[2] and the certification of counsel (the "Certification of Counsel") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") regarding the Objection and seeking entry of an order (this "Order"), modifying the Claim set forth on **Exhibit 1**, attached hereto, all as set forth in the Objection and the Kotarba Declaration; and the Court having previously entered its *Order Sustaining Debtors' Thirty-Seventh Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 7892], dated March 9, 2016 (the "Initial Order"), its *Order*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

*(Second) Sustaining Debtors' Thirty-Seventh Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 8895], dated July 12, 2016 (the "<u>Second Order</u>"), its *Order (Third) Sustaining Debtors' Thirty-Seventh Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 9598], dated September 20, 2016 (the "<u>Third Order</u>"), its *Order (Fourth) Sustaining Debtors' Thirty-Seventh Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 9773], dated October 6, 2016 (the "<u>Fourth Order</u>"), its *Order (Fifth) Sustaining Debtors' Thirty-Seventh Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 10388], dated December 14, 2016 (the "<u>Fifth Order</u>"), its *Order (Sixth) Sustaining Debtors' Thirty-Seventh Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 10451], dated December 28, 2016 (the "<u>Sixth Order</u>"), and its *Order (Seventh) Sustaining Debtors' Thirty-Seventh Omnibus (Substantive) Objection to (Certain Improperly Asserted) Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 10601], dated January 5, 2017 (the "<u>Seventh Order</u>" and together with the Initial Order, the Second Order, the Third Order, the Fourth Order, the Fifth Order, and the Sixth Order, the "<u>Prior Orders</u>") all in connection with the Objection; and the Court having found that it has jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Objection and the opportunity for a hearing on the Objection (the "Hearing") under the circumstances; and the Court having reviewed the Objection and the Certification of Counsel and having heard the statements in support of the relief requested therein at the Hearing, if any; and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is sustained as set forth in the Prior Orders and herein.

2. The Modify Claims set forth on the attached **Exhibit 1** are hereby modified as provided on the attached **Exhibit 1**.

3. The Claims Agent is authorized to modify the Claims Register to comport with the entry of this Order.

4. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

4

      6.      This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Dated: January _____, 2017
      Wilmington, Delaware         _____
                                                            THE HONORABLE CHRISTOPHER S. SONTCHI
                                                            UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1** to **EXHIBIT A**

## Modify Claims

# ENERGY FUTURE HOLDINGS CORP., et al.

## THIRTY-SEVENTH OMNIBUS (SUBSTANTIVE): EXHIBIT 1 TO EXHIBIT A – Modify Claims

| | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | CLAIM AMOUNT | MODIFIED DEBTOR | PRIORITY STATUS | CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | RED BALL OXYGEN COMPANY C/O GLAST PHILLIPS & MURRAY ATTN: JONATHAN L HOWELL PLLC 14801 QUORUM DR STE 500 DALLAS, TX 75254-1449 | 7675 | Sandow Power Company LLC | 503(b)(9) | $11,058.64 | Luminant Generation Company LLC | 503(b)(9) | $3,626.81 |
| | | | Sandow Power Company LLC | Unsecured | $23,998.50 | Sandow Power Company LLC | 503(b)(9) | $6,774.75 |
| | | | | | | Luminant Generation Company LLC | Unsecured | $16,137.12 |
| | | | | | | Sandow Power Company LLC | Unsecured | $321.55 |
| | | | | Subtotal | $35,057.14 | | Subtotal | $26,860.23 |

REASON: Modified to reflect agreement between the Debtors and the Claimant.

| | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | CLAIM AMOUNT | MODIFIED DEBTOR | PRIORITY STATUS | CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 2 | RED BALL OXYGEN COMPANY C/O GLAST PHILLIPS & MURRAY ATTN: JONATHAN L HOWELL PLLC 14801 QUORUM DR STE 500 DALLAS, TX 75254-1449 | 7676 | Oak Grove Management Company LLC | 503(b)(9) | $10,203.60 | Luminant Generation Company LLC | 503(b)(9) | $475.20 |
| | | | Oak Grove Management Company LLC | Unsecured | $14,142.69 | Oak Grove Management Company LLC | 503(b)(9) | $6,483.43 |
| | | | | | | Oak Grove Management Company LLC | Unsecured | $17,387.66 |
| | | | | Subtotal | $24,346.29 | | Subtotal | $24,346.29 |

REASON: Modified to reflect agreement between the Debtors and the Claimant.

| | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | CLAIM AMOUNT | MODIFIED DEBTOR | PRIORITY STATUS | CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 3 | RED BALL OXYGEN COMPANY C/O GLAST PHILLIPS & MURRAY ATTN: JONATHAN L HOWELL PLLC 14801 QUORUM DR STE 500 DALLAS, TX 75254-1449 | 7677 | Luminant Big Brown Mining Company LLC | 503(b)(9) | $724.11 | Luminant Mining Company LLC | 503(b)(9) | $724.11 |
| | | | Luminant Big Brown Mining Company LLC | Unsecured | $17,101.57 | Luminant Mining Company LLC | Unsecured | $16,236.07 |
| | | | | Subtotal | $17,825.68 | | Subtotal | $16,960.18 |

REASON: Modified to reflect agreement between the Debtors and the Claimant.

# ENERGY FUTURE HOLDINGS CORP., et al.

## THIRTY-SEVENTH OMNIBUS (SUBSTANTIVE): EXHIBIT 1 TO EXHIBIT A – Modify Claims

| | NAME | CLAIM # | ASSERTED DEBTOR | PRIORITY STATUS | CLAIM AMOUNT | MODIFIED DEBTOR | PRIORITY STATUS | CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 4 | RED BALL OXYGEN COMPANY C/O GLAST PHILLIPS & MURRAY ATTN: JONATHAN L HOWELL PLLC 14801 QUORUM DR STE 500 DALLAS, TX 75254-1449 | 7678 | Luminant Generation Company LLC | 503(b)(9) | $139,900.60 | Luminant Generation Company LLC | 503(b)(9) | $111,072.38 |
| | | | Luminant Generation Company LLC | Unsecured | $121,224.58 | Luminant Generation Company LLC | Unsecured | $127,226.78 |
| | | | | | | Luminant Mining Company LLC | Unsecured | $54.60 |
| | | | | Subtotal | $261,125.18 | | Subtotal | $238,353.76 |
| | **REASON:** Modified to reflect agreement between the Debtors and the Claimant. | | | | | | | |
| 5 | RED BALL OXYGEN COMPANY C/O GLAST PHILLIPS & MURRAY ATTN: JONATHAN L HOWELL PLLC 14801 QUORUM DR STE 500 DALLAS, TX 75254-1449 | 7679 | Luminant Mining Company LLC | 503(b)(9) | $21,509.54 | Luminant Mining Company LLC | 503(b)(9) | $15,357.43 |
| | | | Luminant Mining Company LLC | Unsecured | $48,506.39 | Oak Grove Management Company LLC | 503(b)(9) | $2,604.69 |
| | | | | | | Luminant Mining Company LLC | Unsecured | $38,152.26 |
| | | | | | | Oak Grove Management Company LLC | Unsecured | $10,172.20 |
| | | | | Subtotal | $70,015.93 | | Subtotal | $66,286.58 |
| | **REASON:** Modified to reflect agreement between the Debtors and the Claimant. | | | | | | | |
| | | | | **TOTAL** | **$408,370.22** | | **TOTAL** | **$372,807.04** |