# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER (I) APPROVING THE ASSET PURCHASE AGREEMENT BY AND AMONG PRAIRIE STATE GENERATING COMPANY, LLC, GENERATION DEVELOPMENT COMPANY LLC AND LUMINANT GENERATION COMPANY LLC, (II) AUTHORIZING THE PRIVATE SALE OF A CERTAIN GENERATION DEVELOPMENT COMPANY LLC ASSET, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of the EFH Debtors for entry of an order (this "Order"), (i) approving that certain Asset Purchase Agreement, dated as of January 5, 2017, by and among Prairie State Generating Company, LLC ("Buyer"), Generation Development Company LLC ("Seller"), and Luminant Generation Company LLC ("Luminant"), attached hereto as **Exhibit 1** and incorporated herein by reference (the "Sale Agreement")[2]; (ii) authorizing and approving the private sale of the Buyer Scope to Buyer (the "Sale"), free and clear of Liens, Claims and Interests; and (iii) granting related relief, all as more fully set forth in the Motion; and the United States Bankruptcy Court for the District of Delaware (the "Court") having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases (collectively the "EFH Debtors"), for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Sale Agreement.

KE 44787481.6

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Sale Agreement, the Purchase Price and other terms of Sale provide fair value for the Buyer Scope and, therefore, the relief requested in the Motion is in the best interests of the EFH Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Sale Agreement and terms of the Sale were negotiated by Buyer without collusion, at arms' length from Seller and Luminant, and in good faith, as that term is used in section 363(m) of the Bankruptcy Code; and the Court having found that the EFH Debtors provided due and appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances to persons who have requested or who are entitled to notice thereof pursuant to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Practice and Procedure of the Court and prior orders of the Court, including the landlord to the Lease, Luminant, all Governmental Authorities and other Persons asserting a Claim, Lien or Interest in the Buyer Scope; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED, ADJUDGED AND DECREED THAT:[3]

1. The relief requested in the Motion is granted in its entirety, subject to the terms and conditions contained herein.

---

[3] All findings of fact and conclusions of law set forth above or announced by the Court at the Hearing in relation to the Motion are hereby incorporated herein to the extent not inconsistent herewith.

2. The Sale Agreement and the Sale are hereby approved as being in the best interest of Seller, its bankruptcy estate and its creditors and parties in interest. Seller is hereby authorized and empowered to enter into, consummate, implement and perform its obligations under, the Sale Agreement, and to execute, deliver and perform such other agreements, instruments and documents and take any other actions that may be reasonably necessary or desirable to implement and effectuate the terms of the Sale Agreement, this Order, and the Sale, including, without limitation, deeds, assignments, and other instruments of transfer, and to take all further actions as may reasonably be requested by Buyer for the purpose of assigning, transferring, granting, conveying, and conferring to Buyer, as may be necessary or appropriate to the performance of Seller's obligations as contemplated by the Sale Agreement, without any further corporate action or orders of the Court. Subject to the terms of the Sale Agreement, Buyer shall have no obligation to proceed with the Closing of the Sale Agreement until all conditions precedent to its obligations to do so have been met, satisfied, or waived.

3. Upon the Closing Date, Seller shall be, and hereby is, authorized and empowered, pursuant to sections 105 and 363(b) and (f) of the Bankruptcy Code, to sell and assign the Buyer Scope to Buyer. The Sale and assignment of the Buyer Scope by Seller to Buyer shall constitute a legal, valid, and effective transfer of the Buyer Scope notwithstanding any requirement for approval or consent by any person and vests Buyer with all right, title, and interest of Seller in and to the Buyer Scope.

4. At Closing, (a) good and marketable title to the Buyer Scope shall be sold, conveyed, transferred to Buyer, free and clear of all Liens, Claims and Interests against Seller or its Affiliates or created by Seller or its Affiliates and existing as of the Closing Date to the fullest extent permitted by section 363(f) of the Bankruptcy Code, and (b) Buyer is not a successor to

Seller or its bankruptcy estate by reason of any theory of law or equity, and Buyer shall not assume or in any way be responsible for any liability of Seller, any of its Affiliates and/or the bankruptcy estate of any of the foregoing. All of Seller's interests in the Buyer Scope to be acquired by Buyer under the Sale Agreement shall be, as of the Closing Date and upon the occurrence of the Closing, transferred to and vested in Buyer and this Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Buyer Scope acquired by Buyer under the Sale Agreement.

5. Buyer is hereby granted and is entitled to all of the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code. Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Order are hereafter reversed, modified, or vacated by a subsequent order of the Court or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any sale, transfer, or assignment under the Sale Agreement or obligation or right granted pursuant to the terms of this Order, and notwithstanding any reversal, modification, or vacatur shall be governed in all respects by the original provisions of this Order or the Sale Agreement, as the case may be.

6. Seller is further authorized and empowered to cause to be filed with the secretary of state of any state or other applicable officials of any applicable Governmental Authorities any and all certificates, agreements, amendments, applications, or approvals necessary or appropriate to effectuate the Sale contemplated by the Sale Agreement, including any proration or division of taxes owing on the Buyer Scope in accordance with the terms of the Sale Agreement, any related agreements, and this Order, including any such actions, filings, or recordings as may be required under the Sale Agreement, appropriate provisions of the applicable laws of all applicable Governmental Authorities, or as any of the officers of Seller may determine are necessary or

appropriate. The execution of any such document or the taking of any such action shall be, and hereby is, deemed conclusive evidence of the authority of such person to so act.

7. Each and every Governmental Authority is authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sale Agreement and this Order.

8. Except to the extent permitted by section 525 of the Bankruptcy Code, no Governmental Authority may revoke or suspend any permit or license relating to the operation of the Buyer Scope with respect to the Buyer Scope sold, transferred, or conveyed to Buyer on account of the filing or pendency of this chapter 11 case or the consummation of the Sale.

9. Subject to the terms of the Sale Agreement, the Sale Agreement and any related agreements may be waived, modified, amended, or supplemented by agreement of Seller, Buyer and Luminant, without further action or order of the Court; *provided, however*, that any such waiver, modification, amendment, or supplement is not material and substantially conforms to, and effectuates, the Sale Agreement and any related agreements.

10. The failure specifically to include any particular provisions of the Sale Agreement or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, Seller, and Buyer that the Sale Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order.

11. This Order and the Sale Agreement shall be binding upon and govern the acts of all persons and entities, including, without limitation, the EFH Debtors and Buyer, their respective successors and permitted assigns, including, without limitation, any chapter 11 trustee hereinafter appointed for the EFH Debtors' estate or any trustee appointed in a chapter 7 case if

this case is converted from chapter 11, all creditors of the EFH Debtors (whether known or unknown), filing agents, filing officers, title agents, recording agencies, Governmental Authorities, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Buyer Scope.

12. The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to Buyer to the extent necessary, without further order of the Court, to allow Buyer to deliver any notice provided for in the Sale Agreement and allow Buyer to take any and all actions permitted under the Sale Agreement in accordance with the terms and conditions thereof.

13. Nothing in this Order or the Sale Agreement (a) releases, nullifies, precludes, or enjoins (i) the enforcement of any liability to a Governmental Authority under police or regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order, or (ii) a Governmental Authority from enforcing any environmental and safety requirement under which a purchaser of property would otherwise be liable as a current owner or operator after the date of purchase, which is not dischargeable under the provisions of the Bankruptcy Code or other applicable laws, or (b) permits, in any circumstance, a Governmental Authority to obtain from Buyer penalties arising under environmental health and safety laws prior to the date of the Closing.

14. Seller will cooperate with Buyer and Buyer will cooperate with Seller, in a commercially reasonable manner, in each case to ensure that the transaction contemplated by the Sale Agreement is consummated, and Seller will make such modifications or supplements to any

bill of sale or other document executed in connection with the Closing to facilitate such consummation as contemplated by the Sale Agreement (including, without limitation, adding such specific assets, to such documents, as may be reasonably requested by Buyer pursuant to the terms of the Sale Agreement).

15. This Order shall inure to the benefit of Buyer, the EFH Debtors, and their respective successors and assigns, including but not limited to any chapter 11 or chapter 7 trustee that may be appointed in the EFH Debtors' cases, and shall be binding upon any trustee, party, entity, or fiduciary that may be appointed in connection with this case or any other or further case involving the EFH Debtors, whether under chapter 7 or chapter 11 of the Bankruptcy Code.

16. The Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order and the Sale Agreement in all respects and to decide any disputes concerning this Order and the Sale Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Sale Agreement and this Order including, but not limited to, the interpretation of terms, conditions, and provisions hereof and thereof, the status, nature, and extent of the Buyer Scope and all issues and disputes arising in connection with the relief authorized herein.

17. Notwithstanding Bankruptcy Rules 6004 and 7062, this Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a) and shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

18. The provisions of this Order are non-severable and mutually dependent.

19. Nothing in any order of the Court or contained in any plan of reorganization or liquidation confirmed in the chapter 11 case, or in any subsequent or converted case of the EFH Debtors under chapter 7 or chapter 11 of the Bankruptcy Code, shall conflict with or derogate

from the provisions of the Sale Agreement or the terms of this Order.

20. To the extent any provisions of this Order conflict with the terms and conditions of the Sale Agreement, this Order shall govern and control.

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

22. The EFH Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

Dated: Jan. 23, 2017
Wilmington, Delaware

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge