















































Tab 2

High Energy Piping at the Monticello Yard

(All of the rows are printed on a single page.)

Tab 3

Houston Warehouse

(All of the columns are printed on a single page.)

GREENS PORT PACKAGE INVENTORY





































Energy Future Holdings Corp.
1601 Bryan Street, 41st Floor
Dallas, TX 75201-3411

[_____ \_\_\_], 2017[1]

Luminant Generation Company LLC
1601 Bryan Street, 41st Floor
Dallas, TX 75201-3411

RE:  Proposed Disposition of Boiler

　　　Reference is made to that certain Asset Purchase Agreement, dated as of January 5, 2017 (the "<u>Purchase Agreement</u>"), by and among Prairie State Generating Company, LLC, a Delaware limited liability company ("<u>Buyer</u>"), Generation Development Company LLC ("<u>Seller</u>"), a Delaware limited liability company and wholly owned subsidiary of Energy Future Holdings Corp. ("<u>EFH</u>"), and Luminant Generation Company LLC, a Texas limited liability company ("<u>Luminant</u>").  EFH and Luminant hereby agree to the following:

　　　EFH hereby agrees to pay to Luminant an amount equal to all Losses (as defined below), to the extent the Losses exceed the Net Salvage Proceeds (as defined below) (the "<u>Net Payment Amount</u>").  As used herein, "<u>Losses</u>" means (a) the lease payments or other amounts required to be paid, and actually paid, by Luminant, as lessee, under that certain Building and Lease Agreement, dated as of December 17, 2010, by and between Greensport/Ship Channel Partners, L.P. and Luminant, as amended (the "<u>Houston Lease</u>"), from October 3, 2016 through the end of the current lease term, which ends on January 31, 2018, as contemplated by Section 8.1 of the Purchase Agreement, plus (b) all utilities, insurance premiums, and taxes with respect to the Houston Warehouse (as defined in the Purchase Agreement) paid by or on behalf of Luminant, plus (c) in the event that any Salvage Scope (as defined in the Purchase Agreement) located at the Houston Warehouse has not been sold to a third party or parties on or prior to January 31, 2018, all reasonable out-of-pocket costs incurred by Luminant or its affiliates to remove such Salvage Scope from the Houston Warehouse and transport it to a landfill or other disposal site.  It is understood and agreed that Luminant shall use commercially reasonable efforts to sell the Salvage Scope to a third party or parties for cash, and receive the cash proceeds therefore, on or before January 31, 2018; provided, that the price at which Luminant determines to sell the Salvage Scope, or any part of it, shall be determined in good faith by Luminant.  As used herein, "<u>Net Salvage Proceeds</u>" means the aggregate amount of cash proceeds received by Luminant or its affiliates on or before January 31, 2018 from the sale of the Salvage Scope located at the Houston Warehouse, less all reasonable out-of-pocket costs and expenses incurred by Luminant and its affiliates in connection with the sale of such Salvage Scope.  The Net Payment Amount shall be due and payable to Luminant within ten (10) business days after receipt by EFH of an invoice setting forth the Net Payment Amount, which invoice shall include a calculation of the Net Payment Amount and reasonable supporting documentation for such calculation.  For the avoidance of doubt, in the event that the Net Salvage Proceeds exceed the Losses, no amounts shall be payable by EFH pursuant to this paragraph.

---

[1]　　　Note: This letter will be dated as of the Closing Date (as defined in the Purchase Agreement).

Neither this letter agreement nor any of the rights, interests or obligations hereunder may be assigned, in whole or in part, by operation of law or otherwise, by either party without the prior consent of the other party; provided, that in connection with the closing of the transactions contemplated by that certain Agreement and Plan of Merger, dated as of July 29, 2016, by and among EFH, Energy Future Intermediate Holding Company LLC, NextEra Energy, Inc. and EFH Merger Co., LLC, as amended from time to time, all rights and obligations of EFH hereunder shall be deemed assumed by EFH Merger Co., LLC without further action of the parties.

Except to the extent of the mandatory provisions of the Bankruptcy Code (as defined in the Purchase Agreement), this letter and all disputes or controversies arising out of or relating to this letter or the transactions contemplated hereby shall be governed, and construed in accordance with, by the internal laws of the State of Texas, excluding its conflict of laws provisions. THE PARTIES ALSO EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY IRREVOCABLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS LETTER. THE PARTIES EACH AGREE THAT IT WILL NOT FILE ANY MOTION OR ASSERT ANY DEFENSE IN ANY SUCH PROCEEDING THAT IS INCONSISTENT WITH THE FOREGOING AGREEMENTS, WAIVERS, CONSENTS OR STIPULATIONS.

Without limitation of any party's right to appeal any order of the Bankruptcy Court (as defined in the Purchase Agreement), (x) the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this letter and to decide any claims or disputes which may arise or result from, or be connected with, this letter, any breach or default hereunder, or the transactions contemplated hereby and (y) any and all claims relating to the foregoing shall be filed and maintained only in the Bankruptcy Court, and the parties hereby consent and submit to the exclusive jurisdiction and venue of the Bankruptcy Court and irrevocably waive the defense of an inconvenient forum to the maintenance of any such legal action or proceeding; provided, however, that, each of the parties irrevocably agrees that any legal action or proceeding arising out of or relating to this letter brought by any party or its successors or assigns brought after entry of a final decree closing the Bankruptcy Case (as defined in the Purchase Agreement) shall be heard and determined in any Texas state or federal court sitting in Dallas, Texas (or, if such court lacks subject matter jurisdiction, in any appropriate Dallas state or federal court), and each of the parties hereby irrevocably submits to the exclusive jurisdiction of the aforesaid courts for itself and with respect to its property, generally and unconditionally, with regard to any such action or proceeding arising out of or relating to this letter and the transactions contemplated hereby. Each of the parties further agrees that notice as provided herein shall constitute sufficient service of process and the parties further waive any argument that such service is insufficient. Each of the parties hereby irrevocably and unconditionally waives, and agrees not to assert, by way of motion or as a defense, counterclaim or otherwise, in any action or proceeding arising out of or relating to this letter or the transactions contemplated hereby, (a) any claim that it is not personally subject to the jurisdiction of the courts in Texas as described herein for any reason, (b) that it or its property is exempt or immune from jurisdiction of any such court or from any legal process commenced in such courts (whether through service of notice, attachment prior to judgment, attachment in aid of execution of judgment, execution of judgment or otherwise) and (c) that (i) the suit, action or proceeding in any such court is brought in an inconvenient forum, (ii) the venue of such suit, action or proceeding is improper or (iii) this letter, or the subject matter hereof, may not be enforced in or by such courts.

Regards,

ENERGY FUTURE HOLDINGS CORP.


By:_____

Name: Anthony R. Horton

Title: Chief Financial Officer and Treasurer


Acknowledged and Agreed:

LUMINANT GENERATION COMPANY LLC


By:_____

Name:

Title: