# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>*Debtors*. | )<br>) Chapter 11<br>) Case No. 14-10979 (CSS)<br>) (Jointly Administered)<br>)<br>) Related to D.I. 10253 and _____<br>) |

**ORDER DIRECTING
PAYMENT AND REIMBURSEMENT OF CERTAIN FEES AND
EXPENSES OF THE EFIH FIRST LIEN TRUSTEE AND ITS PROFESSIONALS
AS ADEQUATE PROTECTION OR IN THE ALTERNATIVE PURSUANT TO
SECTIONS 105(A) AND 506(B) OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion")[1] of the EFIH First Lien Trustee for entry of an order (this "Order"), pursuant to Sections 105(a), 361, 362, 363, 506(b) and 507(b) of the Bankruptcy Code, directing payment and reimbursement of certain fees and expenses of the EFIH First Lien Trustee and its professionals as adequate protection, all as set forth more fully in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the EFIH Debtors' estates, their creditors, and other parties in interest; and the Court having found that the EFIH First Lien Trustee provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The EFIH Debtors are directed to pay, as adequate protection, the accrued but unpaid fees and expenses of the EFIH First Lien Trustee and its professionals (the "First Lien Adequate Protection Payments") within three (3) business days of entry of the Order.

3. The First Lien Adequate Protection Payments are entitled to superpriority administrative status pursuant to Section 507(b) of the Bankruptcy Code.

4. This Order is without prejudice to the right of the EFIH First Lien Trustee to seek payment from the EFIH Debtors' estate on account of any other fees or expenses of the EFIH First Lien Trustee with respect of the EFIH First Lien Notes beyond those fees or expenses paid pursuant to this Order.

5. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

3

7. The EFIH Debtors are authorized and directed to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2017
       Wilmington, Delaware

                                                                          _____
                                                                          THE HONORABLE CHRISTOPHER S. SONTCHI
                                                                          UNITED STATES BANKRUPTCY JUDGE