# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

555 California Street
San Francisco, California 94104

Mark McKane, P.C.
To Call Writer Directly:
(415) 439-1473
mark.mckane@kirkland.com

(415) 439-1400

www.kirkland.com

Facsimile:
(415) 439-1500

January 25, 2017

**By eFiling and Hand Delivery**

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re:   *In re Energy Future Holdings, Corp., et. al.* (Case No. 14-10979)

Dear Judge Sontchi:

I write on behalf of the debtors and debtors in possession of Energy Future Holdings Corp., *et al.* (collectively, the "Debtors"), in connection with tomorrow's status conference regarding the *Seventh Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10551] (as may be further amended, modified, or supplemented, the "Plan") as it relates to the E-Side Debtors (the "E-Side Confirmation Hearing"). Specifically, I write to update the Court on ongoing discussions between the Debtors and parties participating in the E-Side confirmation proceedings (the "Participating Parties") with regard to conducting the E-Side Confirmation Hearing.

On January 24, 2017, the Debtors hosted a telephonic initial pre-trial meet and confer, in anticipation of tomorrow's status conference, and in an effort to reach agreement on procedures for the E-Side Confirmation Hearing. In advance of this telephonic meet and confer, on January 23, 2017, the Debtors provided a comprehensive outline of pre-trial procedures to facilitate discussion and consideration of these issues. The proposal suggested procedures that have been utilized with success in prior confirmation proceedings in this matter, most of which were the result of prior agreement amongst the participating parties.

Counsel for the following parties participated: (1) the Debtors as a whole; (2) NextEra Energy, Inc.; (3) the United States Trustee; (4) the EFH Indenture Trustee; (5) the EFIH First Lien Indenture Trustee; (6) the EFIH Second Lien Indenture Trustee; (7) the EFIH Unsecured Notes; (8) the EFH Official Committee; (9) Fidelity; (10) Pimco; (11) the EFIH PIK Indenture Trustee; and (12) Shirley Fenicle, individually, and as successor-in-interest to the Estate of George Fenicle, David William Fahy, John H. Jones, and David Heinzmann.

Beijing    Chicago    Hong Kong    Houston    London    Los Angeles    Munich    New York    Palo Alto    Shanghai    Washington, D.C.

RLF1 16737993v.1

**KIRKLAND & ELLIS LLP**

The Honorable Christopher S. Sontchi
January 25, 2017
Page 2

      Based on the discussion during the telephonic meet and confer, it appears that the Debtors and the Participating Parties largely agree, subject to the Court's approval, on how to conduct the E-Side Confirmation Hearing. Specifically, the Debtors and the Participating Parties substantially agree as to the following:

      **Trial Time:** The Debtors' proposal suggested that twenty hours of trial time would be sufficient to complete the E-Side Confirmation Hearing. While the Participating Parties felt it would be premature to reach agreement on a trial time proposal prior to the deadline for Plan objections, the proposal will be revisited in advance of the deadline to submit a joint proposed pre-trial order on February 6, 2017. No Participating Party objected to the other aspects of the Debtors' proposal concerning trial time, all of which are consistent with prior practice. Specifically, the proposal contemplates: (1) the allotted trial time will be split 50 / 50 between Plan Supporters and Plan Objectors; (2) Plan Objectors shall meet and confer in good faith regarding allocation of the Plan Objectors' trial time; (3) trial time encompasses time consumed on direct and cross examinations as well as court time used arguing motions and other non-testimonial matters; and (4) trial time will be monitored through the use of a chess clock.

      **Additional Merits Briefing**: No additional merits briefing (pre- or post-trial), beyond that already contemplated under the Scheduling Order, shall be permitted without leave of Court.

      **Opening Statements**: The Participating Parties believe three hours is an adequate amount of time to complete opening statements, and propose allocating this time 50 / 50 between Plan Supporters and Plan Objectors. Plan Supporters and Plan Objectors shall meet amongst themselves and confer in good faith regarding the allocation of time for opening statements. Any dispute regarding the allocation can be submitted to the Court.

      **Written Direct Examinations**: If acceptable to the Court, Participating Parties may submit narrative written direct examinations for all or part of any witness's testimony, which shall not count against a party's allocated time. Witnesses testifying by written direct would be permitted to supplement the written direct with live testimony, and must be tendered for cross examination. Written direct testimony should be provided to Participating Parties and the Court four calendar days in advance of the witness being called.

      **Rebuttal Witnesses**: Plan Objectors will provide Plan Supporters with notice of any expected rebuttal witnesses by Tuesday, February 14, 2017.

      **Exhibits**: The inclusion of a document on a Participating Party's final exhibit list shall constitute notice pursuant to Paragraph 17 of the *Confidentiality Agreement and Stipulated Protective Order* [D.I. 1833] (the "Protective Order") that the Participating Party intends to offer or use the document in open court. If an exhibit appearing on any final exhibit list contains Designated Material under the Protective Order, the party that produced the exhibit shall have

**KIRKLAND & ELLIS LLP**

The Honorable Christopher S. Sontchi
January 25, 2017
Page 3

until Sunday, February 12, 2017 to object to the publication of the exhibit in open court. If the producing party objects, the provisions of Paragraph 17 of the Protective Order regarding resolution of any disputes shall apply.

At the specified time, the Participating Party may give notice of any of the noticed exhibits that it intends to admit under seal. Interested Participating Parties shall meet and confer in good faith to resolve any confidentiality or evidentiary disputes regarding the noticed exhibits. If no Participating Party objects to the admission of an exhibit under seal, it shall be admitted under seal, subject to the Court's discretion. If any Participating Party objects to the admission of an exhibit under seal, the offering party shall apprise the Court of the dispute and seek relief from the Court. Any exhibit admitted under seal shall not be published in the courtroom and no Participating Party shall disclose, or elicit testimony disclosing, the confidential information contained within the exhibit, unless the Court orders otherwise.

By Friday, February 10, 2017, each Participating Party shall give notice of all exhibits it intends to move into evidence at trial. Any evidentiary objections to any exhibit so identified shall be lodged by Sunday, February 12, 2017. The parties shall meet and confer in good faith in an effort to resolve any evidentiary objections prior to use of the exhibit(s) at trial. Exhibits produced by any Participating Party are self-authenticating and are understood to be true and accurate representations of the original document.

**Deposition Designations**: Plan Objectors shall coordinate to provide a single set of deposition designations, if any, to the Plan Supporters on Wednesday, February 8, 2017. Plan Supporters shall coordinate to provide a single set of counter-designations and objections on Friday, February 10, 2017. Plan Objectors shall provide any objections to the Plan Supporters' counter-designations on Saturday, February 11, 2017. The parties shall meet and confer on Monday, February 13, 2017 in an effort to resolve any objections. Final designations shall be submitted jointly to the Court.

**Demonstratives**: Participating Parties must provide to all other Participating Parties any demonstrative to be used at the E-Side Confirmation Hearing prior to 10:00 p.m. (prevailing Eastern Time) on the day before the demonstrative's use.

**Closing Arguments**: The Participating Parties shall confer in good faith and work with the Court to schedule closing arguments as the trial progresses.

# KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
January 25, 2017
Page 4

  The Debtors' look forward to continuing productive dialogue with the Participating Parties, and would be happy to address any questions the Court may have concerning the foregoing proposed pre-trial procedures.

              Sincerely,

              */s/ Mark McKane, P.C.*

              Mark McKane, P.C.