**EXHIBIT A**

**Governance and Mechanics of Pre-Effective Date
Makewhole Litigation Oversight Committee and the
Makewhole Litigation Oversight Committee Following the EFH Effective Date**

*Draft – Subject to Further Modification*

# [DRAFT][1] BYLAWS OF
# THE MAKEWHOLE LITIGATION OVERSIGHT COMMITTEE

## I. INTRODUCTION

These bylaws (the "Bylaws") of the Makewhole Litigation Oversight Committee (the "Committee") are created in furtherance of the duties of the Committee under the Seventh Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and the EFIH Debtors, Case No. 14-10979 (CSS) [Docket No. 10551] (as may be amended, modified or supplemented from time to time, the "Plan").[2]

## II. FORMATION

A. On the Confirmation Date, the Committee shall be appointed pursuant to, and shall have the duties as set forth in, the Plan (the "Pre-Effective Date Committee"). The Pre-Effective Date Committee shall be comprised of the members as set forth below in Section III.A. On the EFH Effective Date, the composition of the Committee shall be determined as set forth below in Section III.B (the "Post-Effective Date Committee").

## III. MEMBERSHIP

A. *Pre-Effective Committee*. The Pre-Effective Date Committee shall be formed on the Confirmation Date. The Pre-Effective Date Committee shall be comprised of four representatives, one of each from the following entities: (i) Avenue Capital Management II, LP, (i) GSO Capital Partners LP, (iii) York Capital Management Global Advisors, LLC, and (iv) Angelo Gordon & Co. (the "Pre-Effective Committee Members"); *provided, however,* that, as of the

---

[1] These draft Bylaws may be subject to further amendment or modification prior to entry of the EFH Confirmation Order and/or the EFH Effective Date. The Initial Supporting Creditors reserve all rights to amend, modify or supplement these Bylaws in accordance with the terms of the Plan.

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

1

*Draft – Subject to Further Modification*

Confirmation Date, each of the Pre-Effective Committee Members shall hold at least $50 million in principal face amount of the EFIH Unsecured Notes (the "Threshold Amount") and shall not hold any EFIH First Lien Claims or EFIH Second Lien Claims (collectively, the "Secured Note Claims").

  B. *Post-Effective Date Committee*.  The Post-Effective Date Committee, which shall be appointed on the EFH Effective Date, shall consist of the then-current Pre-Effective Date Members, unless such member declines to serve on the Post-Effective Date Committee or as otherwise decided by the Pre-Effective Date Members (collectively with the Pre-Effective Date Members, the "Members").  Nothing herein shall be deemed to prevent a Member from holding, acquiring or disposing of any Secured Note Claims after the Confirmation Date, subject to the disclosure and other requirements set forth herein.

  C. *Additional Members*.  The Committee may add additional Members upon a vote in favor by at least 66.67% in principal face amount of the EFIH Unsecured Notes (a "Super-Majority Vote") held by the Committee of the non-recused Members then serving.  Such additional Member(s) shall be subject to the terms of the Bylaws in all respects and shall provide written agreement to be bound by the terms hereof.  Furthermore, if a holder of EFIH Unsecured Notes (who is not a current Member) who holds at least $155 million in principal face amount of EFIH Unsecured Notes requests (the "Request" and such holder, the "Requesting Holder") in writing to Committee Counsel and the Members to be a Member of the Committee, such holder shall be deemed a Member of the Committee upon such Requesting Holder's written agreement to be bound by the terms of the Bylaws.  Notwithstanding the foregoing, if such Requesting Holder holds Secured Note Claims at the time of the Request and /or prior to becoming a Member, such Requesting Holder must notify the Members and Committee Counsel of such holdings and the Members shall then make a determination of whether the Requesting Holder

2

shall be a Member of the Committee and, if so, if it will be recused from the Committee's deliberations and/or votes on matters before them related to the Secured Note Claims. The parameters of any such recusal and/or membership decision shall be determined by a majority (in number) vote of the Members who are not otherwise recused from such decision.

D.   The Committee shall retain counsel to represent them ("<u>Committee Counsel</u>") and such other professionals as the Committee determines is necessary (together with Committee Counsel, the "<u>Committee Professionals</u>"). As further set forth in the Plan, the reasonable and documented fees and expenses of the Makewhole Litigation Oversight Committee, including the Committee Professionals, shall be paid from funds in the EFH/EFIH Distribution Account prior to and senior to any disbursements to Holders of Claims (other than the EFIH First Lien Makewhole Claims and EFIH Second Lien Makewhole Claims as further set forth in the Plan) after funding (i) the EFIH Claims Reserve and (ii) the Post-Effective Date Administrative Account.

E.   Each of the Members shall designate a primary representative and may designate an alternate representative or counsel (each, a "<u>Representative</u>") to attend Committee meetings. Any alternate representative or counsel shall be deemed a Representative for all purposes of the meetings attended by the alternate representative or counsel in the absence of the primary representative. Each Pre-Effective Date Member's primary Representative as well as their alternate Representative (if any) and designated counsel (if any), are listed on <u>Schedule 1</u>. A Member may change its primary Representative, alternative Representative or counsel by providing written notice to Committee Counsel.

F.   A Member resigning from the Committee shall give written notice of such resignation to the remaining Members and to Committee Counsel, with such resignation

effective immediately upon receipt by each of the remaining Members and Committee Counsel. If a Member resigns from the Committee or is removed pursuant to Section VIII.A hereof, a substitute Member may, but is not required to, be appointed by the unanimous vote of the remaining Member(s). In no event shall a resigning or removed Member, or any transferee of such resigning or removed Member's EFIH Unsecured Notes, have the right to designate a successor for such Member.

G. If, at any point in time, a Member ceases to hold at least $50 million in principal face amount of EFIH Unsecured Notes, such Member shall promptly notify Committee Counsel and each of the other Members and shall immediately resign from the Committee.

## IV. QUORUM

A. A quorum shall consist of Members holding a majority in principal face amount of the EFIH Unsecured Notes held by the Committee of the non-recused Members then serving; provided, however, that for purposes of determining whether a quorum is present at such a meeting, (i) a Member shall be deemed present if a Representative is attending in person, by telephone, or by proxy and (ii) each Member is responsible for informing Committee Counsel, prior to the start of any such meeting, whether the principal face amount of EFIH Unsecured Notes held by a Member has changed and, if so, inform Committee Counsel of its current holdings in the EFIH Unsecured Notes.

B. No Member may vote except through its Representative, or, if a Representative is not available to vote on a specific issue, such Member may vote by proxy; provided, however, that such proxy vote shall be confirmed in writing to the other Members and to Committee Counsel by the Members voting by proxy.

*Draft – Subject to Further Modification*

## V.  MEETINGS

A. No meeting shall be held unless a quorum is present at the beginning of the meeting.  A meeting at which a quorum was initially present may continue to transact the business of the Committee notwithstanding the departure or abstention of one or more Members after the beginning of the meeting; provided, however, that, unless otherwise set forth herein, any act done or decision made must be approved by Members holding a majority in principal face amount of the EFIH Unsecured Notes held by the Committee of the non-recused Members then serving.

B. It is the intention of the Committee to hold meetings on an as-needed basis, as determined by Committee Counsel.  Meetings shall be held on dates and at locations designated by Committee Counsel.  Additionally, meetings may be called by any two (2) Members by written request to Committee Counsel.

C. The Members shall receive all notices of meetings and shall attend such meetings. Notices of meetings, and copies of reports or other significant written information generated, prepared, or obtained by the Committee shall be provided by Committee Counsel to all Members.

D. Meetings shall be held in person or by telephone conference call.

E. Meetings shall not be open to persons other than (i) Committee Professionals and (ii) Members, their designated Representatives or alternates, and designated counsel and other professionals; provided, however, that the Committee may permit invited guests to attend, as long as two (2) or more Members do not object to a particular invitee.  All parties invited to attend meetings or to receive information disseminated by or to the Members agree to comply with the provisions of these Bylaws.

5

  F. Committee Counsel, or such other person as Committee Counsel may designate, shall preside at all meetings.

## VI. AGENDA

  A. At scheduled meetings, to the extent possible, matters shall be presented to the Committee upon written agenda prepared by Committee Counsel, in consultation with the other Committee Professionals and the Members.

  B. Any Member may at any time bring any matter before the Committee for their attention.

## VII. ACTION BY THE COMMITTEE

  A. Unless otherwise set forth herein, each action taken at meetings shall require the vote of a majority in principal face amount of the EFIH Unsecured Notes held by the Committee of the non-recused Members then serving, including any Members voting by proxy or present by telephonic conference facilities.

  B. Committee Counsel's determination of a vote with respect to any matter shall be final barring manifest error.

  C. Action may be taken by vote without a meeting provided Committee Counsel determines, upon consultation with the other Committee Professionals and/or any or all of the Members, as applicable, that the situation is appropriate and necessary for such action. In such cases, votes may be obtained by polling Members on the issue by telephone, electronic mail, or facsimile transmission; <u>provided</u>, <u>however</u>, that a Member shall be deemed to approve a proposed action if no Representative of the Member responds to the proposed action within the timeframe prescribed by Committee Counsel. Such a vote shall be effective if (i) a good-faith effort is made to reach and consult with a Member's Representative and, if requested by such

Member, its counsel, with respect to the proposed action and (ii) a majority in principal face amount of the EFIH Unsecured Notes held by the Committee of the non-recused Members then serving approve the action.

D.    Each Member is responsible for informing Committee Counsel, prior to any vote, whether the principal face amount of EFIH Unsecured Notes held by a Member has changed and, if so, inform Committee Counsel of its current holdings in the EFIH Unsecured Notes.

E.    Committee Counsel shall provide prompt notice of any action approved at a meeting to any Member who has not given approval, and shall use reasonable efforts to provide written confirmation of the action within two (2) days.

H.    In the event Committee Counsel cannot obtain direction or authority from the Committee, Committee Counsel may file a motion, on notice to the Members, requesting such direction or authority from the Bankruptcy Court.

### VIII.    CONFLICTS OF INTEREST

A.    If, after the Confirmation Date, a Member acquires any interest in a Secured Note Claim, the Member shall immediately notify Committee Counsel and each other Member of (i) the date of the acquisition and (ii) the principal face amount, and type of, any Secured Note Claim held (the "Notifying Member").  The other Members shall then make a determination of whether the Notifying Member shall be recused from the Committee's deliberations and/or votes on matters before them related to the Secured Note Claims or, alternatively, if the Notifying Member shall be removed from the Committee.  The parameters of any such recusal and/or removal shall be determined by a majority (in number) vote of the remaining Members that are not Notifying Members or otherwise recused from such decision.

B.  Notwithstanding anything to the contrary herein, if, at any point in time, each Member holds Secured Notes, then no such Member shall be deemed recused for purposes of these Bylaws.

C.  Nothing contained in these Bylaws, subject to the confidentiality and conflict of interest provisions herein, shall: (i) prevent any Member from exercising or seeking to enforce or protect, through act or omission, any of its rights as an individual creditor or other party-in-interest; or (ii) otherwise affect the ability of any Member to act in its capacity as an individual creditor or other party-in-interest as it may deem appropriate.

## IX. CONFIDENTIALITY OF INFORMATION

A.  All matters discussed at meetings (whether or not memorialized in any minutes thereof), not generally available to the public, are confidential and shall not be disclosed or revealed to third parties or non-Member parties-in-interest, other than the EFH Plan Administrator Board and its advisors and any other parties invited to participate in any meetings, with respect to each such meeting. Subject to the provisions of any confidentiality agreement entered into by the Members, a Member may share any confidential information, documents, and matters: (i) with the Member's attorneys, financial consultants, outside auditors, employees, or agents who require such information in order to deal with the responsibilities of the Member's institution as a Member or with the Member's claim; <u>provided, however</u>, that the person or entity receiving such disclosure agrees to be and is bound by these rules of confidentiality; (ii) where required by law, rule, or where demanded by any regulatory authority; and (iii) with third parties, provided appropriate confidentiality agreements acceptable to the Committee, upon advice of Committee Counsel, are duly executed with such other parties. To comply with their obligations, Members who are from time to time contacted by any holder of EFIH Unsecured

8

Notes or the EFIH Notes Indenture Trustee or are otherwise obligated to report to such parties may impart to such parties public information.  Furthermore, Committee Counsel shall, to the extent reasonably requested by any Holder of EFIH Unsecured Notes or the EFIH Notes Trustee, provide such public information to such requesting party.

      B.      Upon the resignation or removal of a Member, such Member shall use commercially reasonable efforts to promptly return to Committee Counsel or destroy any non-public or confidential material (including copies thereof) received by the Member solely in its capacity and in the course of its tenure as a Member.  Notwithstanding the resignation or removal of a Member, such Member shall continue to be bound by the confidentiality provisions of these Bylaws.

      C.      If any Member violates the provisions of this Article IX, upon the vote of the majority in number of the other Members, that Member shall be removed from the Committee, as applicable.  Nothing in this Article IX may be construed as conferring upon Committee Counsel or any other party any right of enforcement, these Bylaws being for the sole benefit of the Committee.

## X. DUTIES/LIABILITIES

      A.      Except as expressly set forth in these Bylaws, nothing herein is intended to establish, expand, or reduce any right, duty, or liability of any Member or professional thereof otherwise existing under law.  For the avoidance of doubt, nothing herein shall be deemed to impose on Members, and such Members do not have, any fiduciary obligations to the other holders of the EFIH Unsecured Notes, to other Members or to any other party.

      B.      None of the Members of the Committee, nor any director, officer, member, affiliate, employee, employer, professional, successors, assigns, agent or representative of the

foregoing (each, and "Exculpated Party" and, collectively, the "Exculpated Parties") shall be liable for any losses, claims, damages, liabilities, obligations, settlements, proceedings, suits, judgments, causes of action, litigation, actions, or investigations (whether civil or administrative and whether sounding in tort, contract or otherwise), penalties, costs, and expenses, including reasonable fees and disbursements (collectively referred to herein as "Losses"), incurred, caused by, relating to, based upon or arising out of (directly or indirectly) the Committee's execution, delivery, and acceptance of or the performance or nonperformance of its powers, duties and obligations under the Plan and the Bylaws or as may arise by reason of any action, omission or error of an Exculpated Party; provided, however, that the foregoing limitation shall not apply to any Losses suffered or incurred by any party that is found in a final judgment by a court of competent jurisdiction (not subject to further appeal or review) to have resulted primarily and directly from the fraud, gross negligence or willful misconduct of such Exculpated Party.

C. The Committee shall not be liable for any action taken or omitted by the Committee in reasonable reliance upon the advice of Committee Counsel or other Committee Professionals engaged by the Committee in accordance with the Plan and the Bylaws.

[*Remainder of page intentionally left blank.*]

*Draft – Subject to Further Modification*

## XI. EFFECTIVENESS/AMENDMENT TO BYLAWS

These Bylaws shall become effective when approved by all Members, and may be amended, waived, or repealed by Super-Majority Vote of the non-recused Members then serving.

Adopted: _____, 2017.

*Draft – Subject to Further Modification*

# SCHEDULE 1

Pre-Effective Date Members

| Member | Representative(s) | Designated Counsel |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |