# EXHIBIT D

## Non-Retained Professionals Fee Process Disclosure

**Pre-EFH Effective Date Non-Retained Professional Fees and Expenses**.

- Each (a) Indenture Trustee on behalf of any Holder of Secured Allowed Claims or any Holder of Secured Allowed Claims entitled to reasonable and documented fees and expenses Allowed under section 506(b) of the Bankruptcy Code (the "<u>Secured Note Fees and Expenses</u>"), (b) Holder of an Allowed EFIH Unsecured Note Claim or the EFIH Unsecured Notes Trustee (the "<u>Unsecured Note Fees and Expenses</u>"), solely in the event there are sufficient amounts in the EFH/EFIH Distribution Account, after giving effect to the transactions and recoveries provided under the Plan, to provide all such EFIH Unsecured Note Holders with a 100% recovery on account of the Allowed EFIH Unsecured Note Claims, and (c) professionals for the Makewhole Litigation Oversight Committee (the "<u>MLOC Fees and Expenses</u>") (collectively, the "<u>Non-Retained Fees</u>," the "<u>Non-Retained Expenses</u>" (as applicable) and the "<u>Non-Retained Professionals</u>") shall, (a) within 45 days of entry of the EFH Confirmation Order, submit to the EFIH Debtors and EFH Plan Administrator Board (as applicable), the Makewhole Litigation Oversight Committee, the U.S. Trustee, Reorganized EFIH (as applicable), and any other parties designated by the EFIH Debtors or the EFH Plan Administrator Board to act on behalf of the EFIH Debtors or the EFH Plan Administrator Board (collectively, the "<u>Notice Parties</u>"), full invoices (on a monthly basis) for reasonable and documented fees and expenses incurred through entry of the EFH Confirmation Order and (b) with respect to reasonable and documented fees and expenses incurred following entry of the EFH Confirmation Order but before the EFH Effective Date, submit full invoices on a monthly basis (each such received, a "<u>Pre-Effective Date Non-Retained Professional Fee Request</u>").[1] Notwithstanding the time periods set forth in the foregoing and anything to the contrary herein, the Holders of EFIH Unsecured Note Claims and the EFIH Unsecured Notes Trustee shall not be required to submit invoices to the Notice Parties with respect to any payments treated as charging lien advances under the EFIH Unsecured Notes Indenture. Furthermore, notwithstanding the time periods set forth in the foregoing and anything to the contrary herein, the Holders of EFIH Unsecured Note Claims and the EFIH Unsecured Notes Trustee shall not be required to submit invoices to the Notice Parties pursuant to these procedures until after it is determined that there will be a 100% recovery on account of the Allowed EFIH Unsecured Note Claims.

- The EFIH Debtors and the Makewhole Litigation Oversight Committee shall commence review of any Pre-Effective Date Non-Retained Professional Fee Requests received prior to entry of the EFH Confirmation Order as soon as reasonably practicable following entry of the EFH Confirmation Order.

---

[1] Nothing herein shall prevent the EFH Notes Trustee and, in the event Holders of Allowed EFIH Unsecured Note Claims receive less than a 100% recovery on account of such Allowed EFIH Unsecured Note Claims, the EFIH Unsecured Notes Trustee from exercising their respective charging liens in accordance with the applicable indenture to recovery payment of fees and expenses.

- No later than [fifteen business days] following the EFH Effective Date, the EFH Plan Administrator Board shall pay, (a) from the EFIH Claims Reserve on account of the Secured Note Fees and Expenses; and (b) from the EFH/EFIH Distribution Account but excluding the value of EFH Cash on hand and provided the Post Effective Date Administrative Account is, following entry of the EFH Confirmation Order, funded in an amount reasonably acceptable to the EFH Debtors and EFIH Debtors, in consultation with the Initial Supporting Creditors, the MLOC Fees and Expenses, to the applicable Non-Retained Professional, 80% of the requested Non-Retained Fees and 100% of the requested Non-Retained Expenses set forth in the Pre-Effective Date Non-Retained Professional Fee Request, which amounts shall be subject to disgorgement if, and to the extent, the Court determines that such amounts are not reasonable.

- Within 90 calendar days from receipt of a Pre-Effective Date Non-Retained Professional Fee Request (but no earlier than 90 calendar days following entry of the EFH Confirmation Order), the EFIH Debtors, the EFH Plan Administrator Board, or such other party designated by the EFIH Debtors to act on behalf of the EFIH Debtors or the EFH Plan Administrator Board), together with the Makewhole Litigation Oversight Committee (except to the extent such dispute relates to the MLOC Fees and Expenses and the Makewhole Litigation Oversight Committee is not disputing such MLOC Fees and Expenses) shall send a short-form letter (including via email) to each applicable Non-Retained Professional, with a copy to the U.S. Trustee, reflecting such parties' review of the Pre-Effective Date Non-Retained Professional Fee Requests submitted during the prior 90-day period and including a final compensation proposal for such prior 90-day period (each such proposal, a "Pre-Effective Date Non-Retained  Professional Compensation Proposal").

- If the applicable Non-Retained Professional, on the one hand, and the EFIH Debtors, EFH Plan Administrator Board, as applicable, or such other party designated by the EFIH Debtors to act on behalf of the EFIH Debtors or the EFH Plan Administrator Board, together with the Makewhole Litigation Oversight Committee (except to the extent such dispute relates to the MLOC Fees and Expenses and the Makewhole Litigation Oversight Committee is not disputing such MLOC Fees and Expenses), on the other hand, cannot come to agreement on a Pre-Effective Date Non-Retained Professional Compensation Proposal within 30 days of submission of such proposal, the applicable Non-Retained Professional may request the Court to consider such Pre-Effective Date Non-Retained Professional Compensation Proposal, on a confidential basis (with a copy submitted to the U.S. Trustee), at a hearing to be scheduled by the Court.  No later than ten days following the Court's ruling with respect to a Pre-Effective Date Non-Retained Professional Fee Request, the EFH Plan Administrator Board shall pay any unpaid amounts with respect to such ruling from the EFIH Claims Reserve, or the applicable Non-Retained Professional shall disgorge to the EFH Plan Administrator Board such amounts ordered by the Court, as applicable, and such amounts shall be deposited into the EFH/EFIH Distribution Account.

- If the applicable Non-Retained Professional, on the one hand, and the EFIH Debtors, the EFH Plan Administrator Board, as applicable, or such other party designated by the EFIH Debtors to act on behalf of the EFIH Debtors or the EFH Plan Administrator Board, and the Makewhole Litigation Oversight Committee (except to the extent such dispute relates to the MLOC Fees and the Expenses and the Makewhole Litigation Oversight Committee is not

disputing such MLOC Fees and Expenses) on the other hand, come to agreement on a Pre-Effective Date Non-Retained Professional Compensation Proposal within 30 days of submission of such proposal, the Non-Retained Professional shall file a report with the Court reflecting such agreement and request a hearing on such report at a time to be scheduled by the Court.  No later than ten days following the Court's ruling with respect to such report, the EFH Plan Administrator Board shall pay any unpaid amounts with respect to such ruling from the EFIH Claims Reserve, or the applicable Non-Retained Professional shall disgorge to the EFH Plan Administrator Board such amounts ordered by the Court, as applicable, and such amounts shall be deposited into the EFH/EFIH Distribution Account.

**Post-EFH Effective Date Non-Retained Professional Fees and Expenses**.

- Each Non-Retained Professional shall, within 45 days of the EFH Effective Date, submit to the EFH Plan Administrator Board and any other parties designated by the EFIH Debtors or the EFH Plan Administrator Board to act on behalf of the EFH Plan Administrator Board, and the Makewhole Litigation Oversight Committee, full invoices (on a monthly basis) for reasonable and documented fees and expenses incurred following the EFH Effective Date (collectively, the "Post-Effective Date Non-Retained Professional Fee Requests").[2] Notwithstanding the time periods set forth in the foregoing and anything to the contrary herein, the Holders of EFIH Unsecured Note Claims and the EFIH Unsecured Notes Trustee shall not be required to submit invoices to the Notice Parties with respect to any payments treated as charging lien advances under the EFIH Unsecured Notes Indenture. Notwithstanding the time periods set forth in the foregoing and anything to the contrary herein, the Holders of EFIH Unsecured Note Claims and the EFIH Unsecured Notes Trustee shall not be required to submit invoices to the Notice Parties pursuant to these procedures until after it is determined that there will be a 100% recovery on account of the Allowed EFIH Unsecured Note Claims.

- No later than [fifteen business days] following receipt of a Post-Effective Date Non-Retained Professional Fee Request, the EFH Plan Administrator Board shall pay, (a) from the EFIH Claims Reserve, on account of the Secured Note Fees and Expenses, and (b) from the EFH/EFIH Distribution Account but excluding the value of EFH Cash on hand as of the EFH Effective Date and provided the Post Effective Date Administrative Account is, following entry of the EFH Confirmation Order, funded in an amount reasonably acceptable to the EFH Debtors and EFIH Debtors, in consultation with the Initial Supporting Creditors, the MLOC Fees and Expenses to the applicable Non-Retained Professional, 80% of the requested Non-Retained Fees and 100% of the requested Indenture Expenses set forth in the Post-Effective Date Non-Retained Professional Fee Request, which amounts shall be subject to disgorgement if, and to the extent, the Court orders disgorgement.

---

[2]  Nothing herein shall prevent the EFH Notes Trustee and, in the event Holders of Allowed EFIH Unsecured Note Claims receive less than a 100% recovery on account of such Allowed EFIH Unsecured Note Claims, the EFIH Unsecured Notes Trustee from exercising their respective charging liens in accordance with the applicable indenture to recovery payment of fees and expenses.

- Within 45 calendar days from receipt of a Post-Effective Date Non-Retained Professional Fee Request, the EFH Plan Administrator Board, or such other party designated by the EFIH Debtors to act on behalf of the EFH Plan Administrator Board, together with the Makewhole Litigation Oversight Committee (except to the extent such dispute relates to the MLOC Fees and Expenses and the Makewhole Litigation Oversight Committee is not disputing such MLOC Fees and Expenses) shall send a short-form letter (including via email) to each applicable Non-Retained Professional reflecting such parties' review of the Post-Effective Date Non-Retained Professional Fee Requests submitted during the prior 45-day period and including a final compensation proposal for such prior 45-day period (each such proposal, a "<u>Post-Effective Date Non-Retained Professional Compensation Proposal</u>").

- If the applicable Non-Retained Professional, on the one hand, and the EFH Plan Administrator Board, or such other party designated by the EFIH Debtors to act on behalf of the EFH Plan Administrator Board, together with the Makewhole Litigation Oversight Committee (except to the extent such dispute relates to the MLOC Fees and Expenses and the Makewhole Litigation Oversight Committee is not disputing such MLOC Fees and Expenses) on the other hand, cannot come to agreement on a Post-Effective Date Non-Retained Professional Compensation Proposal within 30 days of submission of such proposal, the applicable Non-Retained Professional may request the Court to consider such Post-Effective Date Non-Retained Professional Compensation Proposal, on a confidential basis, at a hearing to be scheduled by the Court. No later than ten days following the Court's ruling with respect to a Post-Effective Date Non-Retained Professional Fee Request, the EFH Plan Administrator Board shall pay any unpaid amounts with respect to such ruling from the EFIH Claims Reserve, or the applicable Non-Retained Professional shall disgorge to the EFH Plan Administrator Board such amounts ordered by the Court, as applicable, and such amounts shall be deposited into the EFH/EFIH Distribution Account.

- If the applicable Non-Retained Professional, on the one hand, and the EFH Plan Administrator, or such other party designated by the EFH Debtors or Reorganized EFH to act on behalf of the EFH Debtors or Reorganized EFH, together with the Makewhole Litigation Oversight Committee (except to the extent such dispute relates to the MLOC Fees and Expenses and the Makewhole Litigation Oversight Committee is not disputing such MLOC Fees and Expenses) on the other hand, come to agreement on a Post-Effective Date Non-Retained Professional Compensation Proposal within 30 days of submission of such proposal, the EFH Plan Administrator Board shall pay any unpaid amounts with respect to such proposal from the EFIH Claims Reserve, or the applicable Non-Retained Professional shall disgorge to the EFH Plan Administrator Board such amounts ordered by the Court, as applicable, and such amounts shall be deposited into the EFH/EFIH Distribution Account.

For the avoidance of doubt, (a) Reorganized EFIH shall not be liable for, or obligated to pay, any Pre-Effective Date Non-Retained Professional Fee Request or any Post-Effective Date Non-Retained Professional Fee Request, and (b) the Requesting Parties and the Fee Requests shall not be required to comply with (i) the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware or other orders in these Cases with respect to fee applications, including the Stipulation and Order Appointing a Fee Committee or (ii) Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under United States Code by Attorneys in Larger Chapter 11 Cases, 78 Fed. Reg. No 116, page 36248 (June 17, 2013).

       The foregoing procedures may be subject to further amendments or modifications prior to entry of the EFH Confirmation Order. The final procedures governing Non-Retained Fees and Non-Retained Expenses governing Non-Retained Professionals will be set forth in the EFH Confirmation Order.