1  UNITED STATES BANKRUPTCY COURT

2  DISTRICT OF DELAWARE

3

4

5  In re:                          :

                                   :    Chapter 11

6  ENERGY FUTURE HOLDINGS          :

   CORP., et al.,                  :    Case No. 14-10979(CSS)

7                                  :

             Debtors.             :    (Jointly Administered)

8  _____ :

9

10

11

12

13                              United States Bankruptcy Court

14                              824 North Market Street

15                              Wilmington, Delaware

16

17                              January 26, 2017

18                              1:04 PM - 1:22 PM

19

20

21  B E F O R E :

22  HON CHRISTOPHER S. SONTCEHI

23  U.S. BANKRUPTCY JUDGE

24

25  ECR OPERATOR:  LESLIE MURIN

1    HEARING RE:  Debtors' Thirty-Seventh Omnibus (Substantive)

2    Objection to Certain Improperly Asserted Claims Pursuant to

3    Section 502(b) of the Bankruptcy Code, Bankruptcy Rules

4    3001, 3003, and 3007, and Local Bankruptcy Rule 3007-I [D.I.

5    7814; filed February 9, 2016]

6

7    HEARING RE:  Debtors' Thirty-Ninth Omnibus (Substantive)

8    Objection to Substantive Duplicate and No Liability Claims

9    Pursuant to Section 502(b) of the Bankruptcy Code,

10   Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy

11   Rule 3007-I [D.I. 8069; filed March 24, 2016]

12

13   HEARING RE:  Objection of Energy Future Holdings Corp., et

14   al., to Proof of Claim 13319 Filed by the City of Dallas

15   [D.I. 9409; filed August 26, 2016]

16

17   HEARING RE:  Motion of Energy Future Holdings Corp., et al.,

18   for Entry of an Order Further Enlarging the Period Within

19   Which the Debtors May Remove Certain Actions [D.I. 10430;

20   filed December 22, 2016]

21

22   HEARING RE:  EFT Debtors' Motion for Entry of an Order (I)

23   Approving the Asset Purchase Agreement by and Among Prairie

24   State Generating Company, LLC, Generation Development

25   Company LLC and Luminant Generation Company LLC, (II)

1    Authorizing the Private Sale of a Certain Generation

2    Development Company LLC Asset, and (III) Granting Related

3    Relief [D.I. 10602; filed January 5, 2017]

4

5    HEARING RE:   Seventh Amended Joint Plan of Reorganization of

6    Energy Future Holdings Corp., et al., Pursuant to Chapter 11

7    of the Bankruptcy Code [Solicitation Version][D.I. 10551;

8    filed January 4, 2017]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Dawn South

1  A P P E A R A N C E S :

2  KIRKLAND & ELLIS

3       Attorneys for the Debtors

4

5  BY:  MARK MCKANE, ESQ.

6       JON GANTER, ESQ.

7       BRYAN M. STEPHANY, ESQ.

8

9  RICHARDS, LAYTON & FINGER

10       Attorneys for the Debtors

11

12  BY:  DANIEL J. DEFRANCESCHI, ESQ.

13       JASON M. MADRON, ESQ.

14

15  POTTER ANDERSON CARROON LLP

16       Attorney for Deutsche Bank New York

17

18  BY:  R. STEPHEN MCNEILL, ESQ.

19

20  VENABLE, LLP

21       Attorney for Pimco

22

23  BY:  JEFFREY S. SABIN, ESQ.

24

25

Page 5

1  PACHULSKI STANG ZIEHL & JONES

2       Attorney for Second Lien Indenture Trustee

3

4  BY:  COLIN R. ROBINSON, ESQ.

5

6  SULLIVAN & CROMWELL

7       Attorney for EFH Committee

8

9  BY:  BRIAN GLUECKSTEIN, ESQ.

10

11  NIXON PEABODY

12       Attorney for AST as Indenture Trustee

13

14  BY:  RICHARD PEDONE, ESQ.

15

16  AKIN GUMP STRAUSS HAUER & FELD

17       Attorneys for UMB Bank, N.A., Indenture Trustee

18

19  BY:  ABID QURESHI, ESQ.

20       CHRISTOPHER W. CARTY, ESQ.

21

22  PROSKAUER ROSE

23       Attorney for EFH Corp.

24

25  BY:  PETER YOUNG, ESQ.

```
 1   HOGAN MCDANIEL

 2        Attorney for Fenicle, Fehy, Heitzmann & Jones

 3

 4   BY:  DANIEL K. HOGAN, ESQ.

 5

 6   BIELLI & KLAUDER

 7        Attorneys for EFH Corp.

 8

 9   BY:  DAVID KLAUDER, ESQ.

10

11   UNITED STATES DEPARTMENT OF JUSTICE

12        Attorneys for U.S. Trustee

13

14   BY:  RICHARD L. SCHEPACARTER, ESQ.

15

16   WILMER HALE

17        Attorney for EFIH First Liens

18

19   BY:  PHILIP ANKER, ESQ.

20

21   KLEHR HARRISON HARVY BRANZBURG LLP

22        Attorney for UMB Bank, N.A., Indenture Trustee

23

24   BY:  RAYMOND H. LEMISCH, ESQ.

25
```

1    KRAMER LEVIN NAFTALIS & FRANKEL LLP

2         Attorney for Trustee for Second Lien Notes

3

4    BY:  JENNIFER SHARRET, ESQ. (TELEPHONIC)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    P R O C E E D I N G S

 2              THE CLERK:  All rise.

 3              THE COURT:  Please be seated.  Good afternoon.

 4              MR. MCKANE:  Good afternoon, Your Honor.  For the

 5       record Mark McKane of Kirkland & Ellis on behalf of the

 6       debtors, and we're here for the EFH E-Side initial pretrial

 7       conference.

 8              Your Honor, I'm very pleased to report that we had

 9       an all hands telephonic meet and confer this Tuesday the

10       24th.  We had laid out a proposed way to proceed through the

11       trial using the trial procedures that have been so

12       successful to date.  We received some comments and feedback,

13       but I would not characterize them as any objections.  So

14       there are relatively few issues to highlight for today.

15              Specifically we have proposed 20 hours of trial

16       time evenly split between the parties.  That is recognizing

17       that we have all day starting on February 14th through --

18       it's a Tuesday -- through the Friday, that would be using

19       all four of those days with at least five hours of trial

20       time.

21              At this stage, recognizing we don't have

22       objections yet, people want to -- especially the objectors

23       -- want to be -- they don't want to be locked in, and we

24       respect that.  So obviously we'll revisit and have another

25       meet and confer after the objections are filed.
```

1          Based on the debtors' sense of what the objections

2    are or will be, we feel very good about being able to do

3    this in 20 hours.

4          So with that -- and obviously I know that maybe

5    perhaps some of the creditors want to be heard on that

6    issue, but we're not trying to lock in anything at this

7    point in time, we're just giving the Court some sense that

8    the amount of time set aside seems more than sufficient.

9          THE COURT:  Okay.  Well I will say that that's

10   fine and we won't lock anyone in at this time, but those are

11   the days I have, and I think we have the following Tuesday

12   as well set aside as a sort of overflow, but that's pretty

13   much the time there is.

14         MR. MCKANE:  Yeah.

15         THE COURT:  And there's not a lot of room --

16   there's very, very, very, very little room in the schedule

17   following that.

18         MR. MCKANE:  Understood, Your Honor, and we are

19   also aware of our milestone obligations as well.  We're not

20   trying to put any --

21         THE COURT:  Right, you have issues.  Of course.

22         MR. MCKANE:  Yeah, we're not trying to put any

23   pressure on the Court at all.  And along those lines later

24   in my presentation I'll flag something that we think

25   actually may help expedite the proceedings as well.

1           THE COURT:  Okay.

2           MR. MCKANE:  With regards to the issues regarding

3    merits briefing so far folks are very much in alignment that

4    they will file objections, we will file a reply, and to the

5    extent someone feels a need to do additional briefing

6    they'll be -- they will seek leave of court to do so.

7           With regards to opening statements there is a

8    consensus that three hours would be more than adequate, with

9    that equally divided between plan supporters and plan

10   objectors.

11          There is general consensus about the process with

12   regards to written directs has been an efficient means of

13   going forward, and that we will continue to do that so long

14   as the Court believes that's been an efficient process.

15          In exchange for doing written directs there has

16   been a request by the objectors that they be able to do

17   deposition designations for those depositions that have been

18   taken for the E-Side portion of the confirmation.  We have

19   no objection to that, and our schedule contemplates that,

20   and we will do dep designations and counter-designations as

21   necessary consistent with our prior practice and submit one

22   agreed to set for the Court.

23          We will provide rebuttal witnesses as disclosed as

24   needed by Tuesday the 14th.

25          And with regards to exhibits the proposed protocol

1    with regards to confidentiality issues was I don't believe

2    objected to and has worked well in the past.

3              THE COURT:  Uh-huh.

4              MR. MCKANE:  And we will also exchange

5    demonstratives as we have in the past no later than

6    10 o'clock the night before their use.

7              And with regards to closing arguments we'll work

8    with the parties and the objectors to address the -- and the

9    Court of course -- with regards to scheduling closing

10   arguments as the trial progresses.

11             Your Honor, there -- one issue that we've worked

12   with Mr. Hogan as it relates to the asbestos objectors has

13   been how do we most efficiently potentially incorporate

14   earlier transcripts to, you know, allow them to raise

15   whatever objections they need to raise but not unnecessarily

16   represent testimony that'll be exactly the same as the

17   testimony that was previously presented.

18             Let me be specific.  In December we had a hearing

19   where there was a question about the debtors' good faith in

20   the filing of the LSGT debtors and then their prosecution of

21   the bankruptcy for those debtors.  In that hearing we

22   presented testimony not just in written form but live form

23   with cross-examination of a number of witnesses that lay

24   down a factual predicate with regards to the accounts

25   receivable and the claims.

1           The debtors believe the most efficient way to

2     present a sufficient record to the Court as it relates to

3     those issues would be to designate those portions of the

4     trial transcript from that proceeding that we intend to use

5     for the same fundamental facts.  These are the account

6     receivables, this is where they came from, these were the

7     amounts as of the petition date, these are the amount of

8     claims that have been filed on a historical basis.  All the

9     historical facts.

10          We would do so and provide those designations to

11    Mr. Hogan and his team, and you know, we'll work out timing,

12    but we'd give them a week and having -- for his ability to

13    do a counter-designation as well.

14          And since this was a contested issue that was

15    presented to the Court, you know, frankly less than two

16    months ago, we believe it would be -- you know, an efficient

17    way to help streamline the process, because our evidentiary

18    presentation as it relates to some of those key facts with

19    regards to those debtors would be the same here.

20          Specifically we anticipate there may be arguments

21    about feasibility.  We have to show the feasibility of the

22    plan as it relates to those debtors.  We would be putting

23    forward the amounts of the receivables, the amounts of the

24    claims, and reinstatement of the claims as to why we believe

25    that that plan is feasible.

1            So that's an issue that -- like I don't think

2    there's a live dispute, but we wanted to see if the Court

3    would be willing to entertain that type of approach before

4    we kind of move forward.

5            And I'll obviously cede the podium to Mr. Hogan if

6    he wants to address any of this.

7            THE COURT:  Okay.  Mr. Hogan?

8            MR. HOGAN:  Good afternoon, Your Honor.

9            THE COURT:  Good afternoon.

10            MR. HOGAN:  Nice to see you.

11            Generally we're amenable to a process that allows

12    for the designation of testimony as it relates to the motion

13    to dismiss hearing that you presided over back in December

14    with the caveat and reservation of rights for us to be able

15    to elicit any testimony from witnesses that are being

16    proffered for purposes of confirmation.

17            As the Court will recall, the issues with regard

18    to the motion to dismiss were largely predicated on the

19    notion that the bankruptcies in fact weren't filed in good

20    faith.

21            THE COURT:  Uh-huh.

22            MR. HOGAN:  Obviously that is not the same inquiry

23    as it would be for confirmation and whether the plan was

24    proffered in good faith and satisfies the requirements of

25    1129.

1        And so with those caveats, Your Honor, we're

2    generally amenable to the process that the debtors have

3    outlined with the reservations that I've just articulated.

4            THE COURT:  All right.  Mr. McKane?

5            MR. MCKANE:  Your Honor, we're not trying to

6    foreclose anyone's ability to cross.  I mean obviously they

7    did cross and the evidence presented went beyond just the

8    good faith of the debtors and the filing of the case but

9    also the prosecution of the case.  But we'll give them our

10   designations and to the extent he believes there's some need

11   to cross-examine one of those witnesses we'll do our best to

12   make those people available.

13           THE COURT:  Okay.

14           MR. MCKANE:  We'll have to reach out to them.

15           THE COURT:  Well I'm certainly amenable to

16   designating, provided the parties can agree on the process,

17   to allowing designation of the previous trial evidence and

18   transcripts as opposed to having to start from scratch and

19   have the same foundation laid and the same sort of basic

20   facts laid.  So if you can work it out that's great, I'm

21   certainly on board with it.

22           MR. MCKANE:  Yeah.

23           THE COURT:  Obviously I think Mr. Hogan rightly

24   says he should still have the ability to cross-examine live

25   witnesses and any testimony.  He's not in any way being

1    precluded from developing testimony.  That'd be fine with

2    me.

3              MR. MCKANE:  Very good.  We will endeavor to work

4    together with Mr. Hogan to do that.  I think that I'd be

5    very surprised if we're not able to work that out.

6              THE COURT:  Okay.

7              MR. MCKANE:  Your Honor, I don't know if any of

8    the other creditors or objectors want to be heard at this

9    time.  We're not asking for the entry of an order --

10             THE COURT:  Uh-huh.

11             MR. MCKANE:  -- at this time, but I --

12             THE COURT:  Well we get everybody together we

13   might as well --

14             MR. MCKANE:  Yeah, exactly.

15             THE COURT:  -- talk a little and testify to train

16   trip.

17        (Laughter)

18             THE COURT:  Mr. Anker?

19             MR. ANKER:  Thank you, Judge Sontchi.  Philip

20   Anker, Wilmer Cutler Pickering Hale and Dorr for Delaware

21   Trust as first lien trustee and an ad hoc group of first

22   lien holders.

23             I think Mr. McKane's presentation accurately

24   describes, at least from our standpoint, where we are.  Just

25   to give Your Honor some comfort hopefully, and obviously we

1    all reserve rights on timing.

2           The agreement on depositions is that even if the

3    witness is to appear live, for example, the expectation that

4    we've asked, that Mr. Keglevic, Mr. Horton, and Mr. Wright

5    all appear live and the debtors have agreed to produce them,

6    we -- those are the three depositions frankly we -- two of

7    which we have taken to date, one of which we are taking this

8    afternoon, justifying travel to Wilmington as well, and so

9    we will designate portions of their transcripts as well,

10   hopefully which will allow the examination in court to be

11   somewhat more streamlined.

12          To give Your Honor some comfort I hope,

13   Mr. Keglevic's deposition was two and a half hours on that

14   order.  Mr. Horton's was the same.  We haven't taken

15   Mr. Wright's, but I don't expect we're going to be burning

16   the night oil tonight.  So I think the supplementary record,

17   while important, will not be overly voluminous for the

18   Court.

19          As part of the designation process the debtors'

20   letter states that we would designate first, that is

21   objecting parties, and that's fine.  Counter-designations

22   and objections by the debtors thereafter.  And then as I

23   understand it we will then have a sort of reply round to

24   counter counter-designate, if necessary, to complete the

25   record and any objections to the debtors' designation.

1              But while there clearly are substantive

2    disagreements on confirmation and the plan, which Your Honor

3    will need to resolve, I think it is fair to say we've been

4    working -- cooperatively working frankly on some

5    stipulations, one of which is already done, which again will

6    alleviate the need for live testimony and you will just have

7    a stipulated set of facts, and we are working on several

8    others that I am cautiously optimistic we will reach, which

9    again won't prevent Your Honor from having to make some

10   judgment calls and decisions, but will hopefully streamline

11   the in-court evidentiary presentation.

12              THE COURT:  Excellent.

13              MR. ANKER:  Thank you, Your Honor.

14              THE COURT:  Thank you, Mr. Anker.

15              MR. MCKANE:  And just because I'm nodding the head

16   is not officially part of the record the debtors will make

17   Mr. Horton, Mr. Keglevic, and Mr. Wright available and we'll

18   be calling them in their case in chief so they will all be

19   here that week, and we are amenable to allowing Mr. Anker or

20   anyone else who does -- feels a need to do a reply

21   designation or a counter to our counter-designation for the

22   depositions, and as has been our practice in the past, we

23   have been very discreet in what we've designated, because we

24   can put witnesses on live.

25              THE COURT:  Okay.  Good.

1          MR. MCKANE:  And then I will also reiterate and

2     actually thank Mr. Anker and Mr. Horowitz for their efforts

3     in streamlining the evidentiary presentations.  We believe

4     we are also cautiously optimistic that we will be able to

5     present information and hopefully in some stipulated forms

6     that will allow every party to make every argument that they

7     want to make, for example, with regards to a reserve amount,

8     and the Court will have to make certain decisions on issues

9     relating to interest and compounding and things of that

10    sort, but you will have that information you need to say

11    whatever decision you make the number is X, Y, or Z.

12          THE COURT:  Oh, that'd be excellent.  All right.

13    I got to make decisions, that's what I get paid to do.  But

14    if you can streamline the process setting up that decision

15    making, which sounds like you're doing an excellent job of

16    doing that, that's obviously very much appreciated.

17          MR. MCKANE:  Yeah.

18          THE COURT:  So excellent.

19          MR. MCKANE:  We'll continue to do our best.

20          THE COURT:  Very good.  Anyone else wish to be

21    heard?  Mr. Hogan?

22          MS. SHARRET:  Your Honor, this is Jennifer Sharret

23    from Kramer Levin on behalf of ComputerShare, the EFIH

24    second lien trustee.  Our apologies that we could not be

25    there in person, and Greg Horowitz is on his way now down

1    for the deposition, which will be after this hearing.

2          But to confirm, you know, we are coordinating very

3    closely with Wilmer Hale to keep this process as streamlined

4    as possible.

5          THE COURT:  Thank you.  Mr. Hogan?

6          MR. HOGAN:  Your Honor, Daniel Hogan on behalf of

7    the asbestos debtors -- or excuse me -- creditors.

8          Your Honor, with regard to the written direct

9    examinations I just wanted to clarify two things.

10          In there it reads that the participating parties

11    may submit written direct, and my experience has been in the

12    past that they have.  And the reason that it becomes germane

13    is that the last sentence goes on to say that written

14    directs should be provided to the participating parties and

15    the Court four calendar days before the hearing.  And I just

16    wanted to make sure that in fact that's going to happen that

17    their bound to that and in fact will provide those four days

18    and not --

19          THE COURT:  It should be shall, not should.

20          MR. MCKANE:  Actually Mr. Hogan raises a fair

21    point.  It is the debtors' intention to do this.  It can't

22    -- it will be shall.  So if we put forward written directs

23    we will and provide them four days and I'll put that on the

24    record now.  Because the trial will be -- it's on a Tuesday

25    and the final pretrial conference it will be on a Monday and

1    four calendar days in front of Tuesday is Friday, so in

2    other words four of the witnesses that we are going to call

3    on Monday, to the extent that we're going to be doing so, we

4    won't have a final pretrial order in yet.

5           We will -- you know, if Your Honor wants we'll

6    submit an order on that exact issue today or tomorrow for

7    your entry so that it makes absolutely clear that for the

8    witnesses that will be appearing on Tuesday, Wednesday,

9    because they will be -- written (indiscernible) will

10   submitted before the final pretrial order we'll submit an

11   initial pretrial order that binds the debtors to honoring

12   the four calendar days, as we've done in the past.

13          MR. HOGAN:  That's fine, Your Honor.  I'm not

14   trying to be difficult.

15          THE COURT:  No.

16          MR. HOGAN:  I wanted to make sure that it was

17   addressed.

18          The other thing, I don't have this quite --

19          THE COURT:  Let me interrupt.  I'm sorry.

20          MR. HOGAN:  Sure.

21          THE COURT:  So yeah, let's get that in writing.

22          MR. MCKANE:  Will do.

23          THE COURT:  Okay.

24          MR. HOGAN:  I don't have quite as extensive a team

25   as the debtors do, and so I'd like if we could flesh out the

1    dates for their characterization of which portions of the

2    December trial that they want to designate with my response.

3    I think in light of the other scheduling dates that I have I

4    need to sort of focus on working those scheduled dates for

5    that process into that order so that we have some clarity

6    and when that'll be required.

7              MR. MCKANE:  Your Honor, since we're putting

8    forward an order Mr. Hogan and I can meet and confer on what

9    dates would work and we'll bake those in the order.

10             THE COURT:  Okay.

11             MR. HOGAN:  That's fine.

12             THE COURT:  Very good.

13             MR. HOGAN:  Thank you.

14             THE COURT:  You're welcome.  Anyone else?

15             All right.  Very good.  It sounds like you have

16   all worked -- we're going to get this down to a science, I

17   tell you what.  By the time we're at our sixth or seventh

18   confirmation in this case it'll be really easy.

19             I truly appreciate the hard work that I know goes

20   into it both at the debtors' side but also with all the

21   creditors and the professionalism that's required and has

22   obviously been occurring to allow for such efficient

23   production of information and evidence to the Court in a way

24   that allows us to minimize court time and hopefully maximize

25   the ability to argue the merits and make sound decisions.

1    So I very, very much appreciate it.

2              And I'll see you -- when will I see you next?  At

3    the pretrial on the 6th.

4              All right.  Do we have any other EFH hearings,

5    Mr. Madron?

6              MR. MCKANE:  Your Honor, I believe the pretrial is

7    the 13th.

8              THE COURT:  13th, I'm sorry, yes.  Yeah, I won't

9    be here on the 6th.  You're welcome to come and sit here,

10   but I won't be here.  Yes, the 13th.

11             MR. MADRON:  And, Your Honor, other than the trial

12   dates we do not have a February omnibus date.  We

13   intentionally did not schedule one due to the press of

14   confirmation.  Our next omnibus date is on March the 28th.

15             THE COURT:  Excellent.  All right, very good.  See

16   you on the 13th.  We're adjourned.

17             MR. MCKANE:  Thank you, Your Honor.

18        (Whereupon these proceedings were concluded at 1:22 PM)

19

20

21

22

23

24

25

1                    C E R T I F I C A T I O N

2

3     I, Dawn South, certify that the foregoing transcript is a

4     true and accurate record of the proceedings.

5     Dawn South

Digitally signed by Dawn South
DN: cn=Dawn South, o=Veritext, ou,
email=digital@veritext.com, c=US
6     _____
Date: 2017.01.30 10:20:10 -05'00'

7     Dawn South

8     AAERT Certified Electronic Transcriber CET**D-408

9

10

11

12    Date:  January 30, 2017

13

14

15

16

17

18

19

20

21

22     Veritext Legal Solutions

23     330 Old Country Road

24     Suite 300

25     Mineola, NY 11501