# **EXHIBIT A**

**Additional Terms Regarding the EFIH Claims Reserve**

## -- *EFIH* --
## Additional Material Terms Regarding Litigation of
## EFIH First Lien and EFIH Second Lien Makewhole Claims

This term sheet sets forth the material terms and conditions of additional key terms regarding the PIK Settlement.  Capitalized terms used but not otherwise defined in this term sheet have the meaning ascribed to them in the *Seventh Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10551] (as may be further amended, modified, or supplemented from time to time, the "Plan"). The foregoing does not modify the terms set forth in the PIK PSA except as set forth herein.

| Term | Description |
|---|---|
| **Documentation** | The below settlement terms will be effectuated through modifications to the Plan in a manner consistent with the PIK PSA (the "Amended Plan") or language to be included in the EFH Confirmation Order. |
| **EFH Confirmation Order** | At the EFH/EFIH Confirmation Hearing, the EFH/EFIH Debtors and the Initial Supporting Creditors will seek the following rulings, to be memorialized in the EFH Confirmation Order, regarding the EFIH Claims Reserve:  (a) that no amounts must be set aside on account of the Future Interest Claims, the Trustee Indemnification Claims, or any other Claims asserted by the EFIH First Lien Notes Trustee or the EFIH Second Lien Notes Trustee except as set forth in the Plan; and (b) that the EFIH Claims Reserve, and the amounts calculated to be reserved thereunder, shall be established for a period of three years (the "Escrow Length Finding").  The Initial Supporting Creditors shall not be permitted to terminate the PIK PSA solely on account of the EFH Confirmation Order not including the rulings described above in subclauses (a) and (b).<br><br>Pursuant to the EFH Confirmation Order, the EFH/EFIH Debtors and the Initial Supporting Creditors (collectively, the "Parties") will seek a ruling requiring each of the EFIH First Lien Notes Trustee, the EFIH Second Lien Notes Trustee, and, to the extent necessary, any of the respective Holders to submit a good faith estimate on the first business day of each month, starting on the first month following entry of the Confirmation Order, to the EFH/EFIH Debtors or the EFH Plan Administrator Board, as applicable, and the Makewhole Litigation Oversight Committee of:  (a) unpaid fees and expenses estimated to be accrued and unpaid during such month (the "Projected Fees and Expenses"); (b) any asserted fees and expenses owing under the EFIH First Lien Notes Indenture and EFIH Second Lien Notes Indenture that remain unpaid as of the date thereof (the "Unpaid Fees and Expenses"); |

| Term | Description |
|---|---|
| | and, (c) to the extent not disallowed or otherwise ordered by the Court, in each case by Final Order, (X) contractual interest estimated to be accrued on the Projected Fees and Expenses if such amounts remain unpaid at the end of [30 calendar days] and (Y) contractual interest estimated to be accrued on any Unpaid Fees and Expenses (clauses (a)-(c), collectively, the "Secured Fee Estimates"); *provided*, *however*, that the foregoing is without prejudice to the rights of the EFH/EFIH Debtors, the EFH Plan Administrator Board and/or the Makewhole Litigation Oversight Committee, as applicable, to challenge the reasonableness of any of the Secured Fee Estimates (including, without limitation, the right to challenge the accrual of interest on such fees and expenses) consistent with the Plan and the EFH Confirmation Order.<br><br>Following entry of a Final Order disallowing the EFIH First Lien Makewhole Claims or EFIH Second Lien Makewhole Claims, the EFH Plan Administrator Board shall, within 2 business day of entry of such Final Order, request a hearing with the Bankruptcy Court prior to any distributions from the EFIH Claims Reserve on account of the EFIH First Lien Makewhole Claims or EFIH Second Lien Makewhole Claims. The Makewhole Litigation Oversight Committee shall be entitled to seek entry of an order authorizing the EFH Plan Administrator Board to (i) release the amounts escrowed in the EFIH Claims Reserve on account of the EFIH First Lien Makewhole Claims and/or EFIH Second Lien Makewhole Claims (including any amounts escrowed for interest on interest and Additional Interest) and (ii) subject to any outstanding charging lien rights, distribute such funds to the EFIH Unsecured Creditors (and EFH Creditors, to the extent applicable) pursuant to the terms of the Plan. If the Makewhole Litigation Oversight Committee requests such relief, the EFH Plan Administrator Board and the Reorganized EFH/EFIH Debtors shall not oppose entry of such order. The Makewhole Litigation Oversight Committee shall make all reasonable efforts to obtain entry of such order as promptly as possible and the EFH Plan Administrator Board shall make all reasonable efforts to have the hearing with respect to with order scheduled as promptly as possible, including on shortened notice, in each case subject to any limitations of the Bankruptcy Court. |
| **Allowance of the Trustee Indemnification Claims or Future Interest Claims** | If not already included as part of the EFIH Claims Reserve, if any of the Trustee Indemnification Claims, the Future Interest Claims, or any other EFIH First Lien Note Claims or EFIH Second Lien Note Claims (excluding the EFIH First Lien Makewhole Claims, EFIH Second Lien Makewhole Claims, Additional Interest, and interest on interest thereupon) become Allowed by Final Order, then within 10 business days of such a ruling, the EFIH Claims Reserve shall be compared |

2

| Term | Description |
|---|---|
|  | against the sum of (a) the amounts Allowed by such a ruling (any such ruling, the "Additional Claims Allowance Ruling"); (b) any outstanding Secured Fee Estimates as of the date thereof; (c) unpaid EFIH First Lien Makewhole Claims, and (d) unpaid EFIH Second Lien Makewhole Claims; *provided*, *that*, (X) for the purposes of the unpaid EFIH First Lien Makewhole Claims and EFIH Second Lien Makewhole Claims, the comparison shall also include interest on interest and Additional Interest, as of the date of comparison, so long as, as of the date of the comparison, no Final Order has been entered disallowing or otherwise prohibiting such interest on interest and/or Additional Interest and (Y) for purposes of such comparison, the Secured Fee Estimates shall not be adjusted for any reasonableness analysis ((a)-(d), collectively, the "Additional Escrow Obligations") and the comparison of the EFIH Claims Reserve and the Additional Escrow Obligations, the "Additional Claims Allowance Comparison"). |
| **Periodic Reporting** | • Every 90 calendar days (starting from the date the first Secured Fee Estimate is received), the EFIH Claims Reserve shall be compared against the sum of (a) the Secured Fee Estimates received to date that remain unpaid, and (b) unpaid EFIH First Lien Makewhole Claims, and (c) unpaid EFIH Second Lien Makewhole Claims,; *provided*, *that*, (X) for the purposes of the unpaid EFIH First Lien Makewhole Claims and EFIH Second Lien Makewhole Claims, the comparison shall also include interest on interest and Additional Interest, as of the date of comparison, so long as, as of the date of the comparison, no Final Order has been entered disallowing or otherwise prohibiting such interest on interest and/or Additional Interest and (Y) for purposes of such comparison, the Secured Fee Estimates shall not be adjusted for any reasonableness analysis ((a)-(c), collectively, the "Escrow Obligations") and the comparison of the EFIH Claims Reserve and the Escrow Obligations, the "Periodic Escrow Comparison").  The Makewhole Litigation Oversight Committee shall provide (and if the Makewhole Litigation Oversight Committee does not provide, the EFH/EFIH Debtors and the EFH Plan Administrator Board, as applicable, shall provide) the Periodic Escrow Comparison to the professionals representing the EFIH First Lien Notes Trustee and the EFIH Second Lien Notes Trustee within 3 business days of completion.<br><br>• In addition to the reporting set forth above, (a) a Periodic Escrow Comparison shall be conducted no later than three months prior to the expiration of the period set forth in the Escrow Length Finding for amounts calculated to be reserved under the EFIH Claims Reserve (the "3-Year Escrow Comparison"), and (b) a Periodic |

3

| Term | Description |
|---|---|
| | Escrow Comparison shall be conducted upon entry of any order allowing the EFIH First Lien Makewhole Claims or EFIH Second Lien Makewhole Claims, whether or not such order is a Final Order.<br><br>***EFIH Claims Reserve Increase Order:*** If, as a result of the Additional Claims Allowance Comparison or the 3-Year Escrow Comparison the aggregate amount of either the Additional Escrow Obligations or the Escrow Obligations, as applicable, is 90.01% or more of the EFIH Claims Reserve (the "<u>Escrow Trigger Point</u>"), the Parties agree that the EFIH First Lien Notes Trustee, the EFIH Second Lien Notes Trustee, any Holder of EFIH First Lien Notes, or any Holder of EFIH Second Lien Notes may request a hearing and entry of an order providing additional relief with respect to the EFIH Claims Reserve (any such order, an "<u>EFIH Claims Reserve Increase Order</u>").  For the avoidance of doubt, the terms set forth herein, including any action agreed herein to be taken in connection with any Additional Required Reserve Amount that may be ordered, shall not be binding as to the Parties, the Makewhole Litigation Oversight Committee, or the Plan Administrator Board if the EFIH First Lien Notes Trustee, the EFIH Second Lien Noted Trustee, any Holder of EFIH First Lien Notes, any Holder of EFIH Second Lien Notes or any other party requests a hearing and entry of an order providing additional relief with respect to the EFIH Claims Reserve in the absence of the Escrow Trigger Point being triggered.<br><br>If the EFIH Claims Reserve Increase Order requires additional funding into the EFIH Claims Reserve (the "<u>Additional Required Reserve Amount</u>"), the source of such funding shall be at the sole option of the Makewhole Litigation Oversight Committee, *provided*, *however*, *that* (a) none of (i) the Plan Sponsor; (ii) Merger Sub; (iii) the EFH Debtors; (iv) the Reorganized EFH Debtors; (v) EFIH; (vi) Reorganized EFIH; (vii) any other entity acquired, directly or indirectly, by the Plan Sponsor pursuant to the terms of, or as a result of, the Plan, the Merger Agreement, or any related agreement, or (viii) with respect to each of the foregoing Entities in clauses (i) through (vii), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such, shall have or incur any funding obligations under any such EFIH Claims Reserve Increase Order; (b) no Cash at EFH may be used to satisfy such funding obligations; and (c) none of the |

4

| Term | Description |
|---|---|
| | EFH/EFIH Debtors, the EFH Plan Administrator Board, the EFIH First Lien Trustee, the EFIH Second Lien Trustee, EFIH Unsecured Notes Trustee or any Holders of the EFIH First Lien Notes, EFIH Second Lien Notes, or EFIH Unsecured Notes shall have any liability related to such funding obligations; *provided*, *further*, *however*, that if the Makewhole Litigation Oversight Committee seeks to disgorge and/or clawback distributions made to Holders of EFIH Unsecured Note Claims, or such other reimbursement from the Holders of the EFIH Unsecured Note Claims, and such Holders do not consent to such action or a disgorgement order is not entered within 21 calendar days, and the Makewhole Litigation Oversight Committee is otherwise unable or unwilling to fully fund the Additional Required Reserve Amount by alternative means, the EFH Plan Administrator shall immediately terminate the litigation of EFIH First Lien Makewhole Claims and EFIH Second Lien Makewhole Claims.<br><br>***EFIH Claims Reserve Reduction/Distribution Order:*** At any time immediately following the entry of the EFH Confirmation Order, the Initial Supporting Creditors, the Makewhole Litigation Oversight Committee, and/or the EFIH Unsecured Note Trustee may file a subsequent pleading (or pleadings) (although the Makewhole Litigation Oversight Committee may not direct the EFH Plan Administrator Board to file such a pleading or pleadings) with the Bankruptcy Court seeking entry of an order (or orders) (each, an "<u>EFIH Claims Reserve Reduction/Distribution Order</u>" and, together with the EFIH Claims Reserve Increase Order, the "<u>EFIH Claims Reserve Orders</u>"), among other things, reducing the size of the EFIH Claims Reserve, reducing the duration of the EFIH Claims Reserve, and/or seeking entry of an order compelling the EFH Plan Administrator Board to make distributions from the EFH/EFIH Distribution Account, in each case as set forth in the EFH Confirmation Order.<br><br>In addition to the foregoing, for the avoidance of doubt and without limitation, the following types of relief may be sought as part of an EFIH Claims Reserve Reduction/Distribution Order(s) after entry of the EFH Confirmation Order: (i) seeking entry of any order from the Bankruptcy Court (a) directing the EFH Plan Administrator to make a distribution from the EFIH Claims Reserve to the applicable Indenture Trustees on account of the Disputed First Lien Makewhole Claims and Second Lien Makewhole Claims (each as calculated as of the EFH Effective Date or, if applicable, such other requested distribution date, and excluding any interest that may be due on account of such claims after such date); (b) finding that such payments to the applicable Indenture Trustees shall cut off the accrual of any additional interest on the First Lien Makewhole Claims and Second Lien Makewhole Claims; (c) providing for such |

5

| Term | Description |
|---|---|
| | additional relief to the extent the First Lien Makewhole Claims and/or Second Lien Makewhole Claims are disallowed by Final Order or other agreement among the parties; and (d) ordering that the interest reserved in the EFIH Claims Reserve on account of the disputed First Lien Makewhole Claims and Second Lien Makewhole Claims be released from the EFIH Claims Reserve and distributed to the holders of EFIH Unsecured Claims pursuant to the terms of the Plan and Confirmation Order; (ii) seeking entry of an order finding that interest has not, and will not, accrue on the Unpaid Fees and Expenses and ordering that such interest reserved for in the EFIH Claims Reserve shall be released and distributed to the holders of EFIH Unsecured Claims pursuant to the terms of the Plan and Confirmation Order; (iii) seeking entry of an order finding that interest on interest and/or Additional Interest has not, and will not, accrue on the First Lien Makewhole Claims and Second Lien Makewhole Claims and ordering that such reserved-for amounts in the EFIH Claims Reserve shall be released and distributed to the holders of EFIH Unsecured Claims pursuant to the terms of the Plan and Confirmation Order; and (iv) if any Future Interest Claims, Indemnification Claims or such other claims are reserved for as part of the EFIH Claims Reserve before they are Allowed by Final Order, seeking entry of an order finding that such claims should be disallowed and ordering that such reserved-for amounts be released from the EFIH Claims Reserve and distributed to the holders of EFIH Unsecured Claims pursuant to the terms of the Plan and Confirmation Order. |
| **Fiduciary Duties** | Until entry of the EFH Confirmation Order, any EFH Debtors and/or EFIH Debtor can terminate its support of the EFIH Settlement Agreement[1] and the Amended Plan reflecting the EFIH Settlement Agreement if its board of directors, the board of managers, or any such similar governing body determines, in its sole discretion after consultation with its independent financial advisors and outside legal counsel, and based on the advice of such counsel, that proceeding with the EFIH Settlement Agreement, the Amended Plan reflecting the EFIH Settlement Agreement, or the transactions contemplated by such agreements would be inconsistent with its applicable fiduciary duties. |

---

[1] "Settlement Agreement" has the definition set forth in the term sheet attached to the PIK PSA.