# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Mark McKane, P.C.
To Call Writer Directly:
(415) 439-1473
mark.mckane@kirkland.com

555 California Street
San Francisco, California  94104

(415) 439-1400

www.kirkland.com

Facsimile:
(415) 439-1500

February 3, 2017

**By eFiling and Hand Delivery**

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re:    *In re Energy Future Holdings, Corp., et. al.* (Case No. 14-10979)

Dear Judge Sontchi:

I write in response to the joint letter filed this afternoon by counsel to the EFIH First Lien Trustee and Second Lien Trustee [D.I. 10753] (the "Letter") and in connection with the *Second Amended Plan Supplement as it Relates to the EFH Debtors and EFIH Debtors for the Seventh Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10752] (the "Amended Plan Supplement").

Proving once again that no good deed goes unpunished, counsel to the EFIH First Lien Trustee and Second Lien Trustee seek to take the Debtors to task for negotiating additional protections for their holders and to further delay these proceedings.  The Amended Plan Supplement simply provides for certain mechanisms to further ensure there is no shortfall in the EFIH Claims Reserve if the litigation drags on beyond the Debtors' expectations.  It was filed in a good-faith effort to assuage the concerns of the EFIH First Lien Trustee and Second Lien Trustee regarding the EFIH Claims Reserve.

The Amended Plan Supplement was not a clandestine, 11th-hour attempt to surprise counsel to the EFIH First Lien Trustee and Second Lien Trustee.  To the contrary, the Debtors previewed the construct multiple times, as a way to bridge the gap on the EFIH First Lien Trustee's and Second Lien Trustee's concerns about the EFIH Claims Reserve.  The construct was discussed before and after the January 4, 2017, Disclosure Statement hearing and, most recently, on the record during the January 26, 2017, deposition of the Debtors' general counsel, Andrew Wright.  *See, e.g.*, 1/26/17 Wright Dep. Tr. at 52:11-55:3 ("A. . . . We have been discussing with the PIKs over the last few days, maybe week or so, and the PIKs and we have agreed in concept that the PIKs will -- and we'll put this in a plan supplement -- agree to top up

## KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
February 3, 2017
Page 2

or tap out.  So they -- they will agree that you will have that remedy if at some point in the future you and the Court agree that the claims reserve is not appropriate."); *id.* at 129:18-130:10; *id.* at 161:5-20 ("Q. Did I understand you to tell Mr. Anker that the implementation of the top up or tap out, whatever form it ends up looking like, is not going to alter the provision in the plan that provides the claims reserve will be set at . . . an amount adequate to satisfy claims assuming a litigation of three years at a minimum?  A. Correct.  Or an amount otherwise ordered by the Court, yes.").

The Debtors filed the Amended Plan Supplement within an hour of sign-off and final agreement with the EFIH PIKs and have made a production of 43 documents regarding it today—less than 16 hours after the final agreement was reached.

Specifically, the Amended Plan Supplement provides:

- **Additional Protections**.  The Amended Plan Supplement offers three key forms of additional protection to the EFIH Secured Creditors.  *First*, the EFH Plan Administrator Board and the Makewhole Litigation Oversight Committee committed to provide additional (and regular) reporting at certain critical checkpoints to allow the EFIH Secured Creditors visibility into the size of potential Allowed Claims asserted by the EFIH Secured Creditors as compared to the size of the EFIH Claims Reserve.  These additional reports would allow the EFIH Secured Creditors to evaluate the adequacy of the EFIH Claims Reserve over time for themselves.  *Second*, if the comparison disclosed that the EFIH Claims Reserve provided less than a 10% cushion against the potential Allowed Claims of the EFIH Secured Creditors, then the PIK Holders supporting the Plan (*i.e.*, more than 67.5% of the PIK Holders) and the EFH/EFIH Debtors agree not to contest a request from the EFIH Secured Creditors for a hearing to consider additional relief on the EFIH Claims Reserve.  Going one step further, if as a result of the hearing, the Court orders additional funding into the EFIH Claims Reserve, and if such funding is not provided within a short, defined time frame, the EFH Plan Administrator Board will immediately terminate the Makewhole Litigation: thus locking in the Allowed amount of the EFIH First Lien Makewhole Claims and EFIH Second Lien Makewhole Claims.  *Third*, if the EFIH First Lien Makewhole Claims and EFIH Second Lien Makewhole Claims are disallowed by Final Order, *all* parties will have an opportunity to be heard before any funds previously set aside in the EFIH Claims Reserve on account of such Makewhole Claims are distributed.

- **Clarity Regarding the Non-Debtor Parties Post-Confirmation Intentions**.  The Amended Plan Supplement also provides clarity on two potential, post-confirmation pleadings that may be filed by parties other than the EFH/EFIH Debtors.  *First*, the Makewhole Litigation Oversight Committee may file a pleading seeking to reduce the

**KIRKLAND & ELLIS LLP**

The Honorable Christopher S. Sontchi
February 3, 2017
Page 3

      size of the EFIH Claims Reserve or the duration of the EFIH Claims Reserve, in each case as compared to what is set forth in the EFH Confirmation Order. ***Second***, following the disallowance by Final Order of the EFIH First Lien Makewhole Claims and EFIH Second Lien Makewhole Claims, the Makewhole Litigation Oversight Committee may request that the funds previously set aside on account of such Makewhole Claims be distributed to Holders of EFIH unsecured Claims. These are post-confirmation rights the Makewhole Litigation Oversight Committee has always had. The rights of the EFIH Secured Creditors to challenge these pleadings are fully preserved, and neither can be raised at EFH Confirmation Hearing (ensuring all parties have more than sufficient time to prepare their arguments).

    Nonetheless, because the Letter makes clear that counsel to the EFIH First Lien Trustee and Second Lien Trustee do not seek the protections the Debtors negotiated for the benefit of their holders, the Debtors will withdraw the Amended Plan Supplement.

                                              Sincerely,

                                              */s/ Mark McKane, P.C.*

                                              Mark McKane, P.C.