## Exhibit D

### Stipulation of Facts dated January 24, 2017

**This exhibit has been redacted pursuant to the Confidentiality and Stipulated Protective Order, D.I. 9381-1 (the "Protective Order"). An unredacted copy of the exhibit is being filed under seal pursuant to the Protective Order.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br>        *Debtors.* | Chapter 11<br>Case No. 14-10979 (CSS)<br>(Jointly Administered) |

## STIPULATION OF FACTS

The following facts are stipulated for purposes of the proceedings on confirmation of the Seventh Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code [Dkt. No. 10551], as it may be amended or modified from time to time (the "Plan"). All capitalized terms not otherwise defined herein shall have their respective meanings as set forth in the Plan.

1. Avenue Capital Management II, LP ("Avenue"), GSO Capital Partners LP ("GSO"), and York Capital Management Global Advisors, LLC ("York"), through funds or accounts that each manages or advises, holds, or directs the right to vote, approximately ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, respectively, in face amount of EFIH Unsecured Notes. Avenue, GSO and York each has held EFIH Unsecured Notes since prior to the Petition Date, and each was a party (as a holder of EFIH Unsecured Notes) to the pre-petition restructuring support agreement with the Debtors. Avenue, GSO and York is each among the Initial Supporting Creditors and the EFIH Supporting Unsecured Creditors, is a party to the EFIH Unsecured Creditor Plan Support Agreement, and will be a member of the Makewhole Litigation Oversight Committee if the Plan is confirmed and becomes effective.

2. As a holder of EFIH Unsecured Notes at the time, Avenue, GSO and York each was aware, at the time of their filing, that the EFIH Unsecured Notes Trustee was filing a proof of claim (No. 6347) (the "EFIH Unsecured Makewhole Claim") on behalf of the holders of the EFIH Unsecured Notes (the "PIK Noteholders") that asserted (among other claims) a Makewhole Claim, as well as a response [Dkt. No. 5788] (the "Response") to the EFIH Debtors' objection to the allowance of that Makewhole Claim. Avenue, GSO and York each further understood that the EFIH Unsecured Notes Trustee asserted in the Response (among other things) that

> "Section 3.07 of the PIK Indenture unambiguously provides that the PIK Noteholders are entitled to payment of a call premium if, following a bankruptcy-triggered acceleration, the EFIH Debtors repay or 'call' the PIK Notes prior to certain dates set forth therein. While the EFIH Debtors have not yet repaid the PIK Notes, they seek to confirm a plan of reorganization that proposes to repay the PIK Notes during the time period set forth in section 3.07(d) of the PIK

1

> Indenture. Specifically, section 3.07(d) of the PIK Indenture provides that if the EFIH Debtors repay the PIK Notes after the first call date but prior to maturity, they must pay specified 'redemption prices' or call premiums."

Response at 2, Dkt. No. 5788. Avenue, GSO and York each did not object to the EFIH Unsecured Notes Trustee's filing of the Proof of Claim or the Response or to any of the assertions the EFIH Unsecured Notes Trustee made in the Proof of Claim or the Response, nor did Avenue, GSO or York seek to direct the EFIH Unsecured Notes Trustee to refrain from filing the Proof of Claim or the Response or from making any of the assertions set forth in the Proof of Claim or the Response.

3. Avenue, GSO and York each understands that the Plan does not provide for the settlement of the EFIH First Lien Makewhole Claims or the EFIH Second Lien Makewhole Claims. Rather, it provides for the establishment of the Makewhole Litigation Oversight Committee, which shall, from and after the EFH Effective Date, oversee (in accordance with the Plan) the litigation and/or settlement of the EFIH First Lien Makewhole Claims or the EFIH Second Lien Makewhole Claims by the EFH Plan Administrator Board.

4. The Plan provides for the establishment of an EFIH Claims Reserve to fund payments of the EFIH First Lien Makewhole Claims and EFIH Second Lien Makewhole Claims (together with interest thereon at the applicable rates set forth in, and calculated in accordance with, the relevant indentures and notes) and any other Claims relating to the EFIH First Lien Notes and the EFIH Second Lien Notes that are not paid on the EFH Effective Date and that are, or thereafter become, Allowed. The Plan defines the "EFIH Claims Reserve" (in Article I.A.161) to mean

> "the interest-bearing account established on the EFH Effective Date pursuant to the EFIH Unsecured Creditor Plan Support Agreement, as applicable, using the Merger Sub Cash Amount and Cash on hand at EFIH as of the EFH Effective Date, and excluding in all instances, an amount equal to the value of Cash on hand at EFH Corp. as of the EFH Effective Date, which shall consist of (a) the maximum amount that could ultimately be Allowed as of the EFH Effective Date in respect of the EFIH First Lien Makewhole Claims and EFIH Second Lien Makewhole Claims, together with contractual interest thereon that has accrued or accrues through the EFH Effective Date (including Additional Interest and interest on interest) based on the EFH/EFIH Debtors' books and records, determined in consultation with the Initial Supporting Creditors, or as ordered by the Bankruptcy Court, (b) the EFH/EFIH Debtors' good-faith estimate, determined in consultation with the Initial Supporting Creditors (or in an amount ordered by the Bankruptcy Court) of all contractual interest (including Additional Interest and interest on interest) accruing or on account of the EFIH First Lien Makewhole Claims and EFIH Second Lien Makewhole Claims for a period of

three years from the EFH Effective Date (or longer if ordered by the Bankruptcy Court), or until such time as such Claims may become Allowed and are paid in full, in Cash, (c) the pre-EFH Effective Date fees and expenses of the EFIH First Lien Notes Trustee and the EFIH Second Lien Notes Trustee (or Holders of EFIH First Lien Notes or Holders of EFIH Second Lien Notes) that may be Allowed under or on account of the EFIH First Lien Notes and the EFIH Second Lien Notes (together, if ordered by the Bankruptcy Court, with contractual interest thereon) that have not been paid on or by the EFH Effective Date, (d) the EFH/EFIH Debtors' good-faith estimate, determined in consultation with the Initial Supporting Creditors (or in an amount ordered by the Bankruptcy Court), of post-EFH Effective Date fees and expenses that may be Allowed under or on account of the EFIH First Lien Notes or EFIH Second Lien Notes (together with, if ordered by the Bankruptcy Court, contractual interest on post-EFH Effective Date fees), and (e) any other Claims relating to the EFIH First Lien Notes and the EFIH Second Lien Notes (including the Trustee Indemnification Claims, the Future Interest Claims, and any Claims accruing prior to the EFH Effective Date that are not paid in full, in Cash, on the EFH Effective Date, together with contractual interest thereon, to the extent the EFH/EFIH Debtors, the Initial Supporting Creditors, the EFIH First Lien Notes Trustee, and the EFIH Second Lien Notes Trustee collectively agree to escrow amounts on account of one or more of such categories of Claims or the Bankruptcy Court otherwise enters an order requiring amounts on account of one or more of such categories of Claims to be escrowed; *provided, however*, that neither Reorganized EFIH nor the Plan Sponsor shall have any obligation to fund the EFIH Claims Reserve with Cash on hand after the EFH Effective Date and the EFIH Claims Reserve shall be funded solely using the Merger Sub Cash Amount and Cash on hand at EFIH immediately prior to the EFH Effective Date. For the avoidance of doubt, no amount of Cash on hand at EFH Corp. shall be used to fund the EFIH Claims Reserve."

5. Avenue, GSO and York each understands that the EFIH First Lien Notes Trustee and the EFIH Second Lien Notes Trustee, and Holders of the EFIH First Lien Notes and the EFIH Second Lien Notes, believe that, under a variety of circumstances, there could be insufficient money in the EFIH Claims Reserve (unless the Bankruptcy Court orders that it be funded in an amount greater than that proposed by the EFH Debtors and EFIH Debtors) to pay in full in Cash all EFIH First Lien Makewhole Claims and EFIH Second Lien Makewhole Claims, and all contractual interest that accrues thereon (including Additional Interest and interest on interest), and any other Claims relating to the EFIH First Lien Notes and the EFIH Second Lien Notes that have been asserted (including the Trustee Indemnification Claims and Future Interest Claims) that are not paid on the EFH Effective Date and that are, or thereafter become, Allowed (the "Shortfall").

3

6. Each of Avenue, GSO and York is not prepared in connection with the Plan

(a) to guarantee or back-stop, on a secured or unsecured basis, any or all of the Shortfall;

(b) to agree

(i) that it shall receive no payment or distribution under the Plan in respect of the EFIH Unsecured Notes until and unless all Claims relating to the EFIH First Lien Notes and the EFIH Second Lien Notes have either been Allowed and paid in full in Cash, together with all contractual interest that has accrued or accrues thereon (including Additional Interest and interest on interest) or disallowed by Final Order, or

(ii) to disgorge any payments or distributions it receives under the Plan in respect of the EFIH Unsecured Notes in the event that there is a Shortfall to the extent necessary to eliminate the Shortfall.

(c) to agree, to avoid any risk of a Shortfall, that, to the extent any EFIH First Lien Makewhole Claims or any EFIH Second Lien Makewhole Claims have not been disallowed by Final Order by the third anniversary of the EFH Effective Date, it will vote as a member of the Makewhole Litigation Oversight Committee to drop any ongoing or further challenges to the EFIH First Lien Makewhole Claims and the EFIH Second Lien Makewhole Claims and to treat them as Allowed Claims, so that the funds in the EFIH Claims Reserve can be distributed by the third anniversary of the EFH Effective Date to the holders of EFIH First Lien Makewhole Claims and EFIH Second Lien Makewhole Claims.

*[Remainder of page intentionally left blank.]*

Dated: January 24, 2017

COLE SCHOTZ P.C.

/s/ Norman L. Pernick
_____
Norman L. Pernick (Bar No. 2290)
J. Kate Stickles (Bar No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: 302-652-3131
Facsimile: 302-652-3117
npernick@coleschotz.com
kstickles@coleschotz.com

Warren A. Usatine
Court Plaza North
25 Main Street
Hackensack, NJ 07602
Telephone: 201-489-3000
Facsimile: 201-489-1536
wusatine@coleschotz.com

WILMER CUTLER PICKERING HALE AND DORR LLP

Philip D. Anker
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800
Facsimile: 212-230-8888
Philip.Anker@wilmerhale.com

Joel Millar
David Gringer
Isley Gostin
1875 Pennsylvania Avenue, NW
Washington, DC 2006
Telephone: 202-663-6000
Facsimile: 202-663-6363
Joel.Millar@wilmerhale.com
David.Gringer@wilmerhale.com
Isley.Gostin@wilmerhale.com

ROPES & GRAY LLP

Keith H. Wofford
Mark Somerstein
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: 212-596-9000
Facsimile: 212-596-9090
Keith.Wofford@ropesgray.com
Mark.Somerstein@ropesgray.com

D. Ross Martin
Andrew Devore
800 Boylston Street, Prudential Tower
Boston, MA 02199-3600
Telephone: 617-951-7000
Facsimile: 617-951-7050
Ross.Martin@ropesgray.com
Andrew.Devore@ropesgray.com

DRINKER BIDDLE & REATH LLP

James H. Millar
1177 Avenue of the Americas
41st Floor
New York, NY 10036-2714
Telephone: 212-248-3264

Facsimile: 212-248-3141
James.Millar@dbr.com

*Counsel for Delaware Trust Company*

Dated: January 24, 2017

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones
Laura Davis Jones
(Bar No. 2436)
Robert J. Feinstein
(NY Bar No. RF-2836)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
         rfeinstein@pszjlaw.com

- and -

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Thomas Moers Mayer
Gregory A. Horowitz
Joshua K. Brody
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Email: tmayer@kramerlevin.com
ghorowitz@kramerlevin.com
jbrody@kramerlevin.com

- and -

BRYAN CAVE LLP

Stephanie Wickouski
1290 Avenue of the Americas
New York, New York 10104-3300
Telephone: (212) 541-1114
Facsimile: (212) 904-0514
Email: stephanie.wickouski@bryancave.com

*Counsel to the EFIH Second Lien Trustee*

Dated: January 24, 2017

AKIN GUMP STRAUSS HAUER & FELD LLP

/s/ Ira S. Dizengoff

Ira S. Dizengoff
Abid Qureshi
Christopher Carty
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: idizengoff@akingump.com
aqureshi@akingump.com
ccarty@akingump.com

Scott L. Alberino
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
Email: salberino@akingump.com

*Counsel for Avenue Capital Management II, LP, GSO Capital Partners LP, and York Capital Management Global Advisors, LLC, each individually, with respect to discovery*