**Exhibit F**

**Notice of Rule 30(b)(6) Deposition of Debtors dated December 22, 2016**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>ENERGY FUTURE<br>HOLDINGS CORP., *et al.*,[1]<br><br>       *Debtors*. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered) |

**NOTICE OF RULE 30(B)(6) DEPOSITION OF DEBTORS**

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, made applicable to these proceedings through Rules 7026 and 7030, and 9014 of the Federal Rules of Bankruptcy Procedure and the and the Local Rules of the United States District Court for the District of Delaware, made applicable hereto pursuant to the Local Rules for the United States Bankruptcy Court for the District of Delaware (collectively, the "Local Rules"), counsel for UMB Bank, N.A., as indenture trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes Due 2018 (the "PIK Notes" and such holders, the "PIK Noteholders") and the 9.75% Senior Notes due 2019 (the "Unexchanged Senior Notes" and such holders, the "Unexchanged Senior Noteholders" and, together with the PIK Notes, the "EFIH Unsecured Notes"), will, in connection with the the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10290] (the "Plan"), take the deposition upon oral examination of **the Debtors'** representative on **January 17, 2017, starting at 9:30 a.m.** (Prevailing Eastern Time), at the offices of Akin Gump

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors (the "Debtors") and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

1

Strauss Hauer & Feld, One Bryant Park, New York, New York 10036, or at such other time and place as may be agreed upon by counsel. The deposition will take place before a court reporter and will be recorded by stenographic means and videotaped, and shall continue from day to day until it has been completed.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the Debtors must designate one or more persons to testify on behalf of the Debtors regarding all matters listed in **Attachment A** hereto that are known or reasonably available to the Debtors.

[*Remainder of page intentionally left blank*]

Dated:  December 22, 2016
         New York, New York

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira S. Dizengoff (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
Christopher Carty (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone:	(212) 872-1000
Facsimile:	(212) 872-1002
Email:	idizengoff@akingump.com
	aqureshi@akingump.com
	ccarty@akingump.com

Scott L. Alberino (admitted *pro hac vice*)
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
Telephone:	(202) 887-4000
Facsimile:	(202) 887-4288
Email:	salberino@akingump.com

By: */s/ Christopher W. Carty*
**KLEHR HARRISON HARVEY BRANZBURG LLP**
Raymond H. Lemisch (DE Bar ID No. 4204)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Tel: (302) 426-1189
Fax: (302) 426-9193
Email: rlemisch@klehr.com

       - *and* -

**FOLEY & LARDNER LLP**
Harold L. Kaplan (admitted *pro hac vice*)
Mark F. Hebbeln (admitted *pro hac vice*)
Lars A. Peterson (admitted *pro hac vice*)
321 North Clark Street, Suite 2800
Chicago, IL  60654-5313
Telephone: (312) 832-4500
Facsimile:  (312) 832-4700
Email:  hkaplan@foley.com
        mhebbeln@foley.com
        lapeterson@foley.com

Barry G. Felder (admitted *pro hac vice*)
Jonathan H. Friedman (admitted *pro hac vice*)
90 Park Avenue
New York, NY 10016
Tel: (212) 682-7474
Fax: (212) 687-2329
Email: bgfelder@foley.com
       jfriedman@foley.com

*Co-Counsel to UMB Bank, N.A., as Indenture Trustee to the EFIH Senior Toggle Notes*

3

**Attachment A**

**Topics**

1. Negotiation or development of the Plan, including any modifications to the Prior Plan contained in the Plan.

2. Negotiation or development of the Prior Plan from April 1, 2016 to the present, including any negotiations with NextEra or its Professionals.

3. Changes in the treatment of, or anticipated or estimated distributions available to, the Holders of Allowed Class B6 Claims resulting from modifications to the Prior Plan contained in the Plan, including but not limited to the deletion of footnote 3 of the Prior Plan.

4. The inclusion of footnote 3 in the Prior Plan.

5. Any difference in value or consideration offered by NextEra under the Plan as it relates to the value or consideration offered by NextEra under the Prior Plan.

6. Any alternative Restructurings of the E-Side Debtors considered, or analyzed, by the E-Side Debtors from September 27, 2016 to the present.

7. Any consideration of any alternative bidders for Oncor from September 27, 2016 to the present.

8. Any settlement of the First Lien Makewhole Claims and/or the Second Lien Makewhole Claims, including the agreement in principle announced in the Form 8-K filed by EFH Corp. on December 20, 2016.

9. The First Lien Makewhole Claims and the Second Lien Makewhole Claims, including any Communications about such claims between (i) the E-Side Debtors or their Professionals and (ii) (a) NextEra or its Professionals, (b) the EFIH First Lien Notes Trustee or

its Professionals, (c) the EFIH Second Lien Notes Trustee or its Professionals, (d) any holders of the EFIH First Lien Notes, or (e) any holders of the EFIH Second Lien Notes.

10. Proposed Phase 2 of the Makewhole Litigation, including any Communications about Phase 2 between (i) the E-Side Debtors or their Professionals and (ii) (a) NextEra or its Professionals, (b) the EFIH First Lien Notes Trustee or its Professionals, (c) the EFIH Second Lien Notes Trustee or its Professionals, (d) any holders of the EFIH First Lien Notes, or (e) any holders of the EFIH Second Lien Notes.

11. The condition precedent to the EFIH Effective Date set forth in Article IX.D.10 of the Prior Plan, including any Communications with NextEra concerning such condition precedent.

12. Communications with the board of directors of any E-Side Debtors concerning (i) the Plan, (ii) the Prior Plan, (iii) the First Lien Makewhole Claims, (iv) the Second Lien Makewhole Claims.

13. The Termination Fee, including any Communications with NextEra concerning the Termination Fee.

14. The regulatory approvals, rulings, or documents necessary to implement and effectuate the Restructuring Transactions, as described in Article IX.D.8 of the Plan, including any Communications concerning such approvals, rulings, or documents with (i) the FERC, (ii) the PUC, (iii) the FCC, or (iv) NextEra or its Professionals.

15. The selection of the disinterested directors of EFH Corp. and EFH as two members of the EFH Plan Administrator Board.

16. Any consideration of whether the EFIH Unsecured Notes should have representation or other input regarding the appointment of, or decisions taken by, the EFH Plan Administrator Board.

17. Any consideration of whether the EFIH Unsecured Notes should have representation or other input regarding Makewhole Litigation Phase 2.

18. The EFH/EFIH Distribution Account.

19. Distributions to Holders of Allowed Class B6 Claims.

20. Designation of Classes B3 and B4 as impaired pursuant to the Plan or Prior Plan.

21. Classification of Classes B5 and B6 under the Plan or any other plan of reorganization.

22. Treatment of claims related to the EFIH Unsecured Notes under the Plan or the Prior Plan.

### **Definitions**

The following definitions of terms apply to all Topics. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. "Allowed Class B6 Claims" has the meaning ascribed to it in the Plan and Disclosure Statement.

2. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Topics all responses that might otherwise be construed to be outside of its scope.

3. "Any," "all," and "each" shall be construed broadly, and mean each, any and all as necessary to bring within the scope of the Topics all responses that otherwise could be construed to be outside of its scope.

4. "Bankruptcy Code" means title 11 of the United States Code, as amended, 11 U.S.C. §§ 101 *et seq*.

5. "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware.

6. "Class B3" refers to the Class B3 EFIH First Lien Note Claims described on pages 58-59 of the Plan.

7. "Class B4" refers to the Class B4 EFIH Second Lien Note Claims described on pages 59-60 of the Plan.

8. "Class B5" refers to the Class B5 EFH LBO Note Guaranty Claims described on page 60 of the Plan.

9. "Class B6" refers to the Class B6 General Unsecured Claims Against the EFIH Debtors described on pages 60-61 of the Plan.

10. "Communication" means any oral, written or electronic transmission of information (in the form of facts, ideas, inquiries or otherwise) including, without limitation, all meetings, discussions, dialogues, conversations, telephone calls, interviews, negotiations, cablegrams, mailgrams, telegrams, telexes, cables, correspondence, facsimiles, electronic mail, Bloomberg messages, Instant Bloomberg chats, or other forms of written or verbal interchange, however transmitted, including reports, notes, memoranda, lists, agenda, proposals, opinions, messages, video tapes and other documents and records of communication.

11. "Concerning," "referencing," "in connection with," "relate to," "related to," "relating to," "refer to," "referred to," and "referring to" shall be construed to mean and include all documents that in any manner or form are relevant in any way to or bear upon the subject matter in question, including, without limitation, all documents that contain, record, reflect, evidence, summarize, evaluate, comment upon, transmit, support, pertain to, show, consider, memorialize, study, analyze or discuss that subject matter, or that in any manner state the background of, or were the basis or bases for, or that record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at any conclusion, opinion, estimate, calculation, position, decision, belief, assertion or allegation, or undermine contradict, or conflict with any conclusion, opinion, calculation, estimate, position, belief, assertion, or allegation, concerning the subject matters in question.

12. "Debtors" means collectively, all of the debtors and debtors in possession in the bankruptcy cases, jointly administered under Case No. 14-10979 (CSS) in the Bankruptcy Court and any of their predecessors and successors, and any person or entity acting or purporting to act on behalf of, or in concert with them, including but not limited to present and former officers, directors, employees, managers, members, partners, servants, agents, representatives, attorneys and financial advisors, including, but not limited to, EFH Corp. and its subsidiaries and affiliates.

13. "Disclosure Statement" means the *Disclosure Statement for the Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors*, as filed on December 1, 2016 [D.I. 10293].

14. "Document" shall be broadly interpreted as used in Federal Rule of Civil Procedure 34(a), including, without limitation, original and all non-identical copies of all written

or printed items and electronically stored information, including, without limitation, letters, correspondence, e-mails, text messages, information posted on blogs, social networking websites, memoranda, calendars, diaries, legal pleadings, day planners, travel records, lists, outlines, summaries, records of telephone conversations, facsimiles, notes, reports, compilations, notebooks, work papers, graphs, charts, spreadsheets, books, pamphlets, brochures, presentations, pro formas, analyses, circulars, manuals, instructions, ledgers, videotapes, audiotapes, film and sound reproductions, personal websites, Bloomberg messages, Instant Bloomberg chats, compact discs, computer files and disks, agreements, photographs, all written or graphic records or representations of any kind and description that are fixed in any medium upon which intelligence or information can be recorded or retrieved including, but not limited to, documents fixed in intangible media or electronically or digitally stored on disk or tape in a native format.  A draft, non-identical or marked copy is a separate document within the meaning of this term.

15. "EFH Corp." means Energy Future Holdings Corp., a Texas corporation.

16. "EFH Debtors" has the meaning ascribed to it in the Plan and Disclosure Statement.

17. "EFH Effective Date" has the meaning ascribed to it in the Plan and Disclosure Statement.

18. "EFH Plan Administrator Board" has the meaning ascribed to it in the Plan and Disclosure Statement.

19. "EFH/EFIH Distribution Account" has the meaning ascribed to it in the Plan and Disclosure Statement.

20. "EFIH Debtors" has the meaning ascribed to it in the Plan and Disclosure Statement.

21. "EFIH First Lien Notes" has the meaning ascribed to it in the Plan and Disclosure Statement.

22. "EFIH First Lien Notes Trustee" has the meaning ascribed to it in the Plan and Disclosure Statement.

23. "EFIH Second Lien Notes" has the meaning ascribed to it in the Plan and Disclosure Statement.

24. "EFIH Second Lien Notes Trustee" has the meaning ascribed to it in the Plan and Disclosure Statement.

25. "E-Side Debtors" means the EFIH Debtors and the EFH Debtors.

26. "FCC" means the Federal Communications Commission.

27. "FERC" means the Federal Energy Regulatory Commission.

28. "First Lien Makewhole Claim" means any Makewhole Claim asserted by the EFIH First Lien Notes Trustee.

29. "Holders" has the meaning ascribed to it in the Plan and Disclosure Statement.

30. "Including" means including, without limitation, or in any way qualifying, limiting or restricting the foregoing.

31. "Makewhole Claim" has the meaning ascribed to it in the Plan and Disclosure Statement.

32. "Makewhole Litigation Phase 2" refers to the second phase of the adversary proceeding captioned *CSC Trust Company of Delaware, as Indenture Trustee v. Energy Future*

*Intermediate Holding Company LLC and EFIH Finance Inc.*, No. 14-50363, as described in the Bankruptcy Court's *Bifurcation Order* [Case No. 14-50363 D.I. 128], dated September 12, 2014.

33. "Merger Agreement" refers to that *Agreement and Plan of Merger*, by and among NextEra Energy, Inc., EFH Merger Co., LLC, Energy Future Intermediate Holding Company LLC, and Energy Future Holdings Corp., dated as of July 29, 2016 [D.I. 9584-1, 9584-2, 9].

34. "NextEra" means NextEra Energy, Inc. and any affiliates or subsidiaries.

35. "Oncor" has the meaning ascribed to it in the Plan and Disclosure Statement.

36. "Person" means any natural person (including current and former employees, officers, directors, partners, agents, brokers, representatives, and accountants), corporation, firm, partnership, other unincorporated association, company, trust, fund, government agency, or entity.

37. "Plan" means the *Fifth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10290], as filed on December 1, 2016.

38. "Prior Plan" means the *Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, filed on September 21, 2016 [D.I. 9616], and any prior versions thereof.

39. "Professionals" means any counsel, consultant, advisor, testifying expert, non-testifying expert, agent, representative or other person engaged to provide or involved in providing at any time any services.

40. "PUC" means the Public Utility Commission of Texas.

41. "Restructuring" means broadly any actual or potential modification considered, contemplated, proposed, attempted, and/or made to the debt, operations, ownership, or structure of any Debtor.

42. "Restructuring Transactions" has the meaning ascribed to it in the Plan and Disclosure Statement.

43. "Second Lien Makewhole Claim" means any Makewhole Claim asserted by the EFIH Second Lien Notes Trustee.

44. "Termination Fee" has the meaning ascribed to it in the Merger Agreement.

45. "You" or "Your" means the E-Side Debtors, both individually and collectively, and all of their current and former affiliates, parents, subsidiaries, members, officers, directors, Professionals, representatives, employees, agents, consultants, accountants, attorneys, financial advisors, predecessors, successors, assigns and any other persons currently or formerly acting or purporting to act on the E-Side Debtors' behalf for any purpose whatsoever.