IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| *Debtors*. | ) ) ) | (Jointly Administered) |

## STIPULATION AND AGREEMENT

The following stipulation and agreement (this "Stipulation and Agreement") is entered into by the EFH/EFIH Debtors, the EFIH First Lien Notes Trustee, and the EFIH Second Lien Notes Trustee (together, the "Parties"), by and through the undersigned counsel, for purposes of the proceedings regarding confirmation (the "E-Side Confirmation Proceedings") of the *Seventh Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10551] (as may be further amended or modified, the "Plan").  Capitalized terms used but not defined herein shall have the meanings ascribed in the Plan or the *Amended Disclosure Statement for the Seventh Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors* [D.I. 10564] (the "E-Side Disclosure Statement"), as applicable.

**WHEREAS**, as set forth in the E-Side Disclosure Statement, the EFH/EFIH Debtors acknowledged that the EFIH Claims Reserve is intended, in the EFH/EFIH Debtors' reasonable estimation, in consultation with the Initial Supporting Creditors, to be sufficient to pay, if ultimately Allowed by Final Order, all Claims that have been asserted relating to the EFIH First Lien Notes and relating to the EFIH Second Lien Notes in full in Cash, including all interest thereon running through the date of payment in full in Cash at contractual rates (including compounding) specified in the indentures for those notes to the extent such interest is ordered to be paid; and

**WHEREAS**, as set forth in the E-Side Disclosure Statement, the EFH/EFIH Debtors committed to fund the EFIH Claims Reserve in an amount equal to:

(a) the maximum amount that could ultimately be Allowed as of the EFH Effective Date in respect of the EFIH First Lien Makewhole Claims and EFIH Second Lien Makewhole Claims, together with contractual interest

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

thereon that has accrued or accrues through the EFH Effective Date (including Additional Interest and interest on interest) based on the EFH/EFIH Debtors' books and records, determined in consultation with the Initial Supporting Creditors, or as ordered by the Bankruptcy Court,

(b) the EFH/EFIH Debtors' good-faith estimate, determined in consultation with the Initial Supporting Creditors (or in an amount ordered by the Bankruptcy Court) of all contractual interest (including Additional Interest and interest on interest) accruing under or on account of the EFIH First Lien Makewhole Claims and EFIH Second Lien Makewhole Claims for a period of three years from the EFH Effective Date (or longer if ordered by the Bankruptcy Court), or until such time as such Claims may become Allowed and are paid in full, in Cash,

(c) the pre-EFH Effective Date fees and expenses of the EFIH First Lien Notes Trustee and the EFIH Second Lien Notes Trustee (or Holders of EFIH First Lien Notes or Holders of EFIH Second Lien Notes) that may be Allowed under or on account of the EFIH First Lien Notes and the EFIH Second Lien Notes (together with contractual interest thereon) that have not been paid on or by the EFH Effective Date,

(d) the EFH/EFIH Debtors' good-faith estimate, determined in consultation with the Initial Supporting Creditors (or in an amount ordered by the Bankruptcy Court), of post-EFH Effective Date fees and expenses that may be Allowed under or on account of the EFIH First Lien Notes or EFIH Second Lien Notes (together with contractual interest thereon), and

(e) any other Claims relating to the EFIH First Lien Notes and the EFIH Second Lien Notes (including the Trustee Indemnification Claims, the Future Interest Claims (as defined below), and any Claims accruing prior to the EFH Effective Date that are not paid in full, in Cash, on the EFH Effective Date), together with contractual interest thereon, to the extent the EFH/EFIH Debtors, the Initial Supporting Creditors, the EFIH First Lien Notes Trustee, and the EFIH Second Lien Notes Trustee collectively agree to escrow amounts on account of one or more of such categories of Claims or the Bankruptcy Court otherwise enters an order requiring amounts on account of one or more of such categories of Claims to be escrowed; and

**WHEREAS**, the EFIH First Lien Notes Trustee and the EFIH Second Lien Notes Trustee anticipate challenging (among other things) the amount of funding the EFH/EFIH Debtors propose for the EFIH Claims Reserve, and its duration as proposed by the EFH/EFIH Debtors, based on anticipated disagreement concerning certain assumptions including: (a) the potential duration of the process to complete, to Final Orders, all litigation concerning the EFIH First Lien Makewhole Claims and EFIH Second Lien Makewhole Claims, (b) whether the methodology for calculating interest should be compounding on a daily or semi-annual basis, (c) the need to include in the EFIH Claims

Reserve a reserve to cover all Claims asserted by the EFIH Second Lien Notes Trustee for interest on amounts paid to the EFIH Second Lien Notes Trustee that the EFIH Second Lien Notes Trustee may hold back and not distribute to holders of the EFIH Second Lien Notes (or that EFIH may be required to hold back) as a result of the EFIH Intercreditor Litigation (the "Future Interest Claims"), and (d) the assertion by the EFIH First Lien Notes Trustee that if EFIH makes distributions in respect of the EFIH Second Lien Notes, as EFIH proposes to do on the EFH Effective Date, such distribution would constitute a breach of the EFIH Collateral Trust Agreement such that EFIH either will be unable to make those distributions or will need to include in the EFIH Claims Reserve a reserve to cover the full amount potentially recoverable on all Claims by the EFIH First Lien Notes Trustee relating to or arising from that breach (and maintain such reserve until all such Claims have been resolved by Final Order); and

**WHEREAS**, the Parties and their financial advisors have worked together to agree on the size of the EFIH Claims Reserve that would be required in six different scenarios resulting from the treatment of the disputed assumptions; and

**WHEREAS**, the Parties have exchanged expert reports from their financial advisors regarding the EFIH Claims Reserve (the "Expert Reports");

**THEREFOR**, the Parties hereby stipulate and agree that the calculations reflected in the slides attached hereto as **Exhibit A** are accurate and correct to the best of the Parties' knowledge and understanding, based on the assumptions underlying them as specified therein (the "Assumptions"); and

**THEREFOR**, the Parties hereby stipulate and agree that the Stipulation and Agreement, including the slides attached hereto as **Exhibit A**, is self-authenticating and no other foundation will be required, and that the Parties will not object to the admissibility of the Stipulation and Agreement, including the slides attached hereto as **Exhibit A**, such that it will be admitted into evidence for purposes of the E-Side Confirmation Proceedings, subject to the Court's approval; and

**THEREFOR**, notwithstanding the admission of the Stipulation and Agreement, all Parties reserve all rights, claims, and arguments regarding the appropriate size and duration of the EFIH Claims Reserve, including all rights, claims, and arguments regarding any of the Assumptions; and

**THEREFOR**, subject to the admission of the Expert Reports as set forth below, the Parties hereby stipulate and agree that there will be no depositions of the Parties' respective expert witnesses on the issue of the EFIH Claims Reserve; and

**THEREFOR**, the Parties hereby stipulate and agree that the Parties will not object to the admissibility of the Parties' respective Expert Reports (with each such Expert Report deemed the direct testimony of the expert submitting it on the issue of the EFIH Claims Reserve, and with all other Parties waiving any right to cross-examine the expert regarding his or her Expert Report concerning the EFIH Claims Reserve) on the

issue of the EFIH Claims Reserve, and that the Expert Reports of all three Parties will, subject to the Court's approval, be admitted into evidence (in its entirety for the Expert Report submitted by the EFIH First Lien Notes Trustee and the Expert Report submitted by the EFIH Second Lien Notes Trustee, and the portion thereof relating to the EFIH Claims Reserve for the Expert Report submitted by the EFH/EFIH Debtors) for purposes of the E-Side Confirmation Proceedings; and

**THEREFOR**, the Parties hereby stipulate and agree that, to the extent there is any discrepancy between the calculations set forth in any of the Expert Reports and the calculations reflected in **Exhibit A**, the slides attached hereto as **Exhibit A** will control; and

**THEREFOR**, the Parties hereby stipulate and agree that, subject to the admission of the Expert Reports as set forth above, the Parties will not call the expert witnesses to testify live during the E-Side Confirmation Proceedings, and will not seek to cross-examine any such expert witnesses concerning the EFIH Claims Reserve, nor will any of the Parties submit a written declaration (in addition to the Expert Reports) from their respective expert witnesses concerning the EFIH Claims Reserve.

Dated: February 6, 2017

/s/ *Philip D. Anker*
COLE SCHOTZ P.C.
Norman L. Pernick (Bar No. 2290)
J. Kate Stickles (Bar No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131

Warren A. Usatine
Court Plaza North
25 Main Street
Hackensack, NJ 07602
Telephone: (201) 489-3000

-and-

WILMER CUTLER PICKERING HALE AND DORR LLP
Philip D. Anker
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

Joel Millar
David Gringer
Isley Gostin
1875 Pennsylvania Avenue, NW
Washington, DC 2006
Telephone: (202) 663-6000

-and-

ROPES & GRAY LLP
Keith H. Wofford
Mark Somerstein
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000

D. Ross Martin
Andrew Devore
800 Boylston Street, Prudential Tower
Boston, MA 02199-3600
Telephone: (617) 951-7000

-and-

DRINKER BIDDLE & REATH LLP
James H. Millar
1177 Avenue of the Americas
41st Floor
New York, NY 10036-2714
Telephone: (212) 248-3264

*Counsel for the EFIH First Lien Notes Trustee*

Dated: February 6, 2017

/s/ *Laura Davis Jones*
PACHULSKI STANG ZIEHL & JONES LLP
Laura Davis Jones (Bar No. 2436)
Robert J. Feinstein (NY Bar No. RF-2836)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100

-and-

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Thomas Moers Mayer
Gregory A. Horowitz
Joshua K. Brody
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

-and-

BRYAN CAVE LLP
Stephanie Wickouski
1290 Avenue of the Americas
New York, New York 10104-3300
Telephone: (212) 541-1114

*Counsel to the EFIH Second Lien Notes Trustee*

Dated:  February 6, 2017

/s/ *Andrew M. Dean*
RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
Andrew M. Dean (No. 6147)
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700

-and-

KIRKLAND & ELLIS LLP
Edward O. Sassower, P.C.
Stephen E. Hessler
Brian E. Schartz
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800

-and-

James H.M. Sprayregen, P.C.
Marc Kieselstein, P.C.
Chad J. Husnick
Steven N. Serajeddini
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000

*Counsel to the Debtors and Debtors in Possession*