# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## JOINT STIPULATED FINAL PRE-TRIAL ORDER

**WHEREAS**, on January 4, 2017, the Debtors filed the *Seventh Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10551] (as may be further amended, modified, or supplemented, the "Plan");[2] and

**WHEREAS**, on January 26, 2017, the Court held an initial pretrial conference regarding the hearing on confirmation of the Plan as it relates to the EFH/EFIH Debtors (the "E-Side Confirmation Hearing"); and

**WHEREAS**, on February 3, 2017, the Court entered the *Initial Pretrial Order Concerning Certain Pretrial Procedures* [D.I. 10766] (the "Initial Pretrial Order"); and

**WHEREAS**, on February 13, 2017, at 1:00 p.m. (Eastern Standard Time), the Court will hold a final pretrial conference relating to the E-Side Confirmation Hearing; and

**WHEREAS**, the E-Side Confirmation Hearing will commence on February 14, 2017, at 10:00 a.m. (Eastern Standard Time); and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein have the meanings assigned to them in the Plan.

It is **HEREBY ORDERED THAT** the following provisions shall apply to the E-Side Confirmation Hearing:

1. **Trial Time and Allocation.**  The E-Side Confirmation Hearing shall be limited to twenty hours of total trial time.  This limit on trial time shall be subject to revision for cause shown.  This time limit shall include all court time used during the evidentiary proceedings, including opening statements, direct and cross examinations, motion arguments, and other non-testimonial matters.  Closing arguments shall not count against the time limit.

2. The total trial time in the E-Side Confirmation Hearing shall be divided evenly between Plan supporters and Plan objectors (collectively, the "Participating Parties"), such that each shall be limited to ten hours of time.  Plan objectors shall meet and confer in good faith regarding the allocation of the Plan objectors' trial time.  Any dispute regarding allocation of trial time may be submitted to the Court.  Use of trial time by each side shall be monitored by a chess clock.

3. These E-Side Confirmation Hearing time limits and allocations shall be extended by the Court only upon a showing of cause or compelling need.  The Court retains discretion with respect to any request to extend the E-Side Confirmation Hearing time limits.

4. **Opening Statements.**  The opening statements of the Debtors and Plan supporters shall be limited to no more than 1 hour and 30 minutes total.  The opening statements of Plan objectors shall be limited to no more than 2 hours total.   Plan objectors shall meet and confer in good faith regarding the allocation of the Plan objectors' time for opening statements.  Any dispute regarding allocation of time for opening statements may be submitted to the Court.

5. **Direct and Cross Examinations**.  Witness examinations and the use of written directs shall be handled in accordance with the procedures set forth in the Initial Pretrial Order.

2

6. **Rebuttal Witnesses**. Plan objectors will provide the Plan supporters with notice of any expected rebuttal witnesses by Tuesday, February 14, 2017, with the expectation that such rebuttal witness will not appear until Thursday, February 16, 2017.

7. **Deposition Designations.** Plan objectors shall coordinate to provide a single set of deposition designations, if any, to the Plan supporters on Wednesday, February 8, 2017. Plan supporters shall coordinate to provide a single set of counter-designations and objections on Friday, February 10, 2017. Plan objectors shall provide any objections to the Plan supporters' counter-designations (and any counter-counter-designations) on Sunday, February 12, 2017. That a witness is available to testify live at the E-Side Confirmation Hearing shall not be a basis to object to the designation of deposition testimony by that witness, and the time the Court requires to read and review any deposition designations shall not count against the ten-hour-per-side time limit set forth in paragraph 2 of this Order. The parties shall meet and confer on Monday, February 13, 2017, in an effort to resolve any objections. Final designations shall be submitted jointly to the Court; *provided, however*, as contemplated by paragraph 3 of the Initial Pretrial Order, the Debtors and Asbestos Objectors will separately make a joint submission in connection with the December 5, 2016, hearing regarding the Motion to Dismiss the LSGT Debtors.

8. **Exhibits.** The inclusion of a document on a Participating Party's final exhibit list shall constitute notice pursuant to Paragraph 17 of the *Confidentiality Agreement and Stipulated Protective Order* [D.I. 1833] (the "Protective Order") that the Participating Party may offer or use the document in open court. If an exhibit appearing on any final exhibit list contains Designated Material under the Protective Order, the party that produced the exhibit shall have until Sunday, February 12, 2017 to object to the publication of the exhibit in open court. If the

producing party objects, the provisions of Paragraph 17 of the Protective Order regarding resolution of any disputes shall apply.

9.  At the specified time, the Participating Party may give notice of any of the noticed exhibits that it intends to admit under seal.  Interested Participating Parties shall meet and confer in good faith to resolve any confidentiality or evidentiary disputes regarding the noticed exhibits.  If no Participating Party objects to the admission of an exhibit under seal, it shall be admitted under seal, subject to the Court's discretion.  If any Participating Party objects to the admission of an exhibit under seal, the offering party shall apprise the Court of the dispute and seek relief from the Court.

10. By Friday, February 10, 2017, each Participating Party shall give notice of all exhibits it intends to move into evidence at trial.  Any evidentiary objections to any exhibit so identified shall be lodged by Sunday, February 12, 2017.  The parties shall meet and confer in good faith in an effort to resolve any evidentiary objections prior to use of the exhibit(s) at trial.

11. Any exhibit admitted under seal shall not be published in the courtroom and no Participating Party shall disclose, or elicit testimony disclosing, the confidential information contained within the exhibit, unless the Court orders otherwise.

12. Exhibits produced by any Participating Party are self-authenticating and are understood to be true and accurate representations of the original document.

13. **Demonstratives.**  A Participating Party must provide to all other Participating Parties any demonstrative to be used at the E-Side Confirmation Hearing, prior to 10:00 p.m. (Eastern Standard Time) of the day before the demonstrative's use; this shall not apply to demonstratives used in opening and closing arguments.

14. **Closing Arguments.** The Participating Parties shall confer in good faith and work with the Court to schedule closing arguments as the trial progresses.

15. **Briefing.** Except as expressly provided in the Scheduling Order, there will be no pre-trial or post-trial briefing on the merits, absent leave of the Court. The Court has allowed the EFIH First Lien Trustee and EFIH Second Lien Trustee to file a supplemental objection on Friday, February 10, 2017, to the extent the Debtors, in their confirmation brief or otherwise, propose or discuss possible revisions to the Plan and/or language in the Confirmation Order (i) to reflect any issues raised by the Second Amended Plan Supplement which the Debtors subsequently withdrew (or to the extent the Debtors otherwise address any issues raised by the Second Amended Plan Supplement) or (ii) that relate to the direction of or means of distribution on the EFIH Second Lien Notes. The EFH Indenture Trustee is permitted to file a response to the confirmation objection filed by the United States Trustee by Friday, February 10, 2017, at 8:00 a.m. (Eastern Standard Time), and the United States Trustee has no objection to the timing of such a response. For the avoidance of doubt, the February 9, 2017, reply deadline applies to all Plan supporters.

16. Federal Rule of Bankruptcy Procedure 9006 shall not apply to extend any deadlines set forth in this Order that fall on a Saturday or Sunday.

17. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: February ___, 2017

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE