**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Energy Future Holdings Corp., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Related Document: 10551 |
| | ) | Hearing Date: February 14, 2017 at 10:00 a.m. |
| | ) | |

**STATEMENT OF CERTAIN FUNDS AND ACCOUNTS ADVISED OR SUB-ADVISED
BY FIDELITY MANAGEMENT & RESEARCH COMPANY OR ITS AFFILIATES
IN SUPPORT OF CONFIRMATION OF THE SEVENTH AMENDED JOINT PLAN OF
REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, PURSUANT
TO CHAPTER 11 OF THE BANKRUPTCY CODE**

Certain funds and accounts advised or sub-advised by Fidelity Management & Research

Company or its affiliates (collectively, "<u>Fidelity</u>") hereby submit this statement (the "<u>Statement</u>")

in support of confirmation of the *Seventh Amended Joint Plan of Reorganization of Energy*

*Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10551] (the

"<u>EFH Plan</u>").  In support of the Statement, Fidelity respectfully states as follows:

<u>**STATEMENT**</u>

1.      As this Court knows well, these chapter 11 cases have seen wild swings in the

value of the E-Side Debtors.  Fidelity would prefer a paid-in-full plan for the E-Side Debtors, as

provided for in the *Sixth Amended Joint Plan of Reorganization of Energy Future Holdings*

*Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 7235] that was confirmed on

---

[1]      The last four digits of Energy Future Holding Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

December 3, 2015.  However, based upon, among other things, Fidelity's involvement in these chapter 11 cases since their inception and Fidelity's negotiations with NextEra Energy, Inc. ("NextEra") and other potential bidders, Fidelity believes that at this time, the NextEra transaction incorporated within the EFH Plan represents the highest and best bid for the E-Side Debtors.  As such, and because expeditious confirmation of the EFH Plan will reduce the cash burn at EFH, thus maximizing the recovery for EFH creditors, Fidelity supports confirmation of the EFH Plan.

2.    Since before these chapter 11 cases were commenced, Fidelity was heavily involved in the negotiation of the original restructuring support agreement (the "RSA"), which Fidelity was a party to and which would have resulted in the E-Side Debtors emerging from chapter 11 under creditor control.  The RSA provided for a recovery to EFH creditors of approximately 37%.[2]

3.    The Debtors ultimately terminated the RSA as well as a subsequent marketing process for the E-Side Debtors that failed to yield a bid at the value levels that had prompted the Debtors to terminate the RSA.[3]  Thereafter, following months of negotiations, the Debtors signed a plan support agreement (the "Hunt PSA") with a consortium of investors, and filed a chapter 11 plan (as amended, the "Hunt Plan"),[4] pursuant to which reorganized EFH would be converted into a REIT and all E-Side creditors would receive payment in full.  Fidelity became a party to

---

[2]    *See* Exhibit D to Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., *et al.*, in Support of First Day Motions [D.I. 98].

[3]    *See* Debtors' Notice of (A) Termination of Restructuring Support Agreement, (B) Withdrawal of Second Lien Opt-In, and (C) Withdrawal of EFIH Settlement Motion, EFIH Second Lien DIP Motion, and Restructuring Support Agreement Assumption Motion [D.I. 1697].

[4]    Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 7235].

the Hunt PSA and agreed to invest $500 million in reorganized EFH to help facilitate the transaction and the E-Side Debtors' expeditious emergence from chapter 11.[5]

4.       On December 7, 2015, the Court entered an order confirming the Hunt Plan,[6] which required timely approval by the Public Utility Commission of Texas ("PUCT").  The Hunt PSA gave certain parties the right to terminate the support obligations related to the Hunt Plan, should all required PUCT approvals not be obtained by April 30, 2016.[7]  When the required approvals were not timely obtained, on May 1, 2016, the ad hoc group of TCEH first lien noteholders sent a plan support termination notice to the parties to the Hunt PSA, and as a result, the Hunt Plan was abandoned.[8]

5.       Over the following months, the Debtors engaged in multiple-bidder negotiations to obtain the highest and best offer for the E-Side Debtors, and ultimately, the E-Side Debtors entered into a merger agreement (the "NextEra Merger Agreement") and plan support agreement (the "NextEra PSA") with NextEra on July 29, 2016.[9]  The NextEra Merger Agreement meaningfully undervalued the E-Side Debtors.

6.       Accordingly, Fidelity objected to approval of the NextEra Merger Agreement.[10] At the same time, Fidelity engaged in discussions with NextEra and other third party potential bidders.  As a direct result of those discussions, NextEra increased its purchase price for the E-Side Debtors by $300 million cash and released $150 million from the asbestos escrow account

---

[5]       *See* Notice of Settlement Between Debtors and Fidelity Management & Research Company [D.I. 6976].

[6]       Order Confirming the Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 7244].

[7]       *See* Hunt PSA, §11(g).

[8]       *See* Disclosure Statement for the New Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 8356].

[9]       *See* Exh. 1, 2 to Motion of the EFH/EFIH Debtors for Order (A) Authorizing Entry Into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry Into and Performance Under Plan Support Agreement [D.I. 9190].

[10]      *See* Objection of certain funds and accounts advised or sub-advised by Fidelity Management & Research Company or its affiliates to Motion of the EFH/EFIH Debtors for Order (A) Authorizing Entry Into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry Into and Performance Under Plan Support Agreement [D.I. 9397].

contemplated by the NextEra Merger Agreement, thereby increasing total distributable value by approximately $450 million.[11]  Knowing from its participation in discussions with multiple bidders that NextEra's increased purchase price represented the highest and best bid for the E-Side Debtors, on September 19, 2016, Fidelity executed the NextEra PSA and withdrew its objection to the Merger Agreement.  Since that time, nearly five months ago, no third party has agreed to pay more for the E-Side Debtors.

7.      Fidelity, as always throughout this process, remains committed to reaching a value-maximizing outcome for the E-Side Debtors, and believes that the EFH Plan, which incorporates NextEra's increased offer, continues to represent the best opportunity to achieve this.  As mentioned, Fidelity would prefer a paid-in-full plan.  However, recognizing the current circumstances, including the Third Circuit's makewhole decision, Fidelity believes the EFH Plan represents the highest value for the E-Side Debtors and that its confirmation and consummation will maximize the recovery for EFH creditors.

8.      After years of negotiations and expensive false starts, it is time to confirm and consummate a chapter 11 plan for the E-Side and end these long-dated and costly chapter 11 cases.  For the foregoing reasons, Fidelity supports confirmation of the EFH Plan.

*[Remainder of page intentionally left blank]*

---

[11]      *See* Exh. 3 to Order (A) Authorizing Entry Into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry Into and Performance Under Plan Support Agreement [D.I. 9584].

## **CONCLUSION**

For the reasons set forth above, Fidelity respectfully requests that this Court enter an order confirming the EFH Plan and grant such other relief as it deems just and proper.


Dated:  February 9, 2017                          O'KELLY & ERNST, LLC
        Wilmington, Delaware


                                         */s/ Michael J. Joyce*
                                         Michael J. Joyce (No. 4563)
                                         O'Kelly & Ernst, LLC
                                         901 North Market Street
                                         Wilmington, Delaware 19801
                                         Telephone: (302) 778-4000
                                         Facsimile: (302) 295-2873
                                         E-mail: mjoyce@oelegal.com

                                             -and-

                                         Brad Eric Scheler
                                         Gary L. Kaplan
                                         Matthew M. Roose
                                         Fried, Frank, Harris, Shriver & Jacobson LLP
                                         One New York Plaza
                                         New York, New York 10004
                                         Telephone: (212) 859-8000
                                         Facsimile: (212) 859-4000
                                         Email: brad.eric.scheler@friedfrank.com
                                               gary.kaplan@friedfrank.com
                                               matthew.roose@friedfrank.com

                                         *Counsel to certain funds and accounts advised or sub-advised by Fidelity Management & Research Company or its affiliates*

13040776