**ATTACHMENT A**

SOAH DOCKET NO. 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
PUC DOCKET NO. 45188

| | | |
|---|---|---|
| JOINT REPORT AND APPLICATION OF ONCOR ELECTRIC DELIVERY COMPANY LLC, OVATION ACQUISITION I, L.L.C., OVATION ACQUISITION II, L.L.C., AND SHARY HOLDINGS, L.L.C. FOR REGULATORY APPROVALS PURSUANT TO PURA §§ 14.101, 37.154, 39.262(l)-(m), AND 39.915 | § § § § § § § § § | BEFORE THE STATE OFFICE<br><br>OF<br><br>ADMINISTRATIVE HEARINGS |

OVATION ACQUISITION I, L.L.C., OVATION ACQUISITION II, L.L.C.,
AND SHARY HOLDINGS, L.L.C.'S
**EMERGENCY REQUEST FOR ENFORCEMENT OF THE PROTECTIVE ORDER**

TO THE HONORABLE ADMINISTRATIVE LAW JUDGE:

Ovation Acquisition I, L.L.C., Ovation Acquisition II, L.L.C., (together, "Ovation") and Shary Holdings, L.L.C. (with Ovation, "Purchasers") file this Emergency Request for Enforcement of the Protective Order against Gexa Energy LP ("Gexa"). Because this matter involves access to highly sensitive protected material ("HSPM") by an individual who is ineligible for such access and whose access could cause Purchasers grave competitive harm, Purchasers respectfully request that the administrative law judge ("ALJ") issue an expedited decision.

I. INTRODUCTION

In response to Gexa's motion to intervene, Purchasers noted concerns about access to HSPM related to the fact that that Gexa's parent company, NextEra Energy Inc. ("NextEra"), had previously submitted offers to acquire Oncor Electric Delivery Company LLC ("Oncor").[1] On November 18, NextEra submitted a statement in the bankruptcy court indicating its continued interest in submitting a competing proposal for Oncor.[2] Although the bankruptcy court promptly

---

[1] Purchasers' Response to Gexa's Motion to Intervene (Oct. 28, 2015).

[2] *In re Energy Future Holdings Corp., et al.*, Debtors, Case No. 14-10979 (CSS); Docket item #7028.

1

ordered that the pleading be struck, the filing illustrates that NextEra is continuing its pursuit of Oncor.[3]

On November 19, Gexa served Purchasers with a Protective Order Certification for Joseph Balzano. *See* Exhibit "B." Mr. Balzano is Director of Finance for the Treasury Department with NextEra. As such, absent a specific order from the ALJ Mr. Balzano is not eligible for access to HSPM under the Protective Order, and allowing him access to HSPM would seriously harm Purchasers by providing unwarranted access to highly sensitive information to a competitor. Mr. Balzano did not execute and Gexa did not file his certification until the day after Purchasers provided a significant amount of HSPM to Gexa.

Within minutes of Gexa's filing of Mr. Balzano's certification that he is authorized access to HSPM on November 19, counsel for Purchasers requested information from Gexa's counsel regarding Mr. Balzano's current employment. Gexa's counsel responded early in the morning on November 20 and confirmed Mr. Balzano's position. Counsel for Purchasers responded stating that Purchasers do not believe Mr. Balzano is authorized access to HSPM and requesting that no HSPM be provided to Mr. Balzano pending the ALJ's ruling on this issue. *See* Exhibit "C." To avoid a potential unauthorized disclosure of HSPM, Purchasers request an order:

1. Prohibiting Gexa from providing HSPM to Mr. Balzano pending the resolution of this issue,

2. Directing Gexa to provide a detailed explanation of Mr. Balzano's employment status and responsibilities with NextEra, its affiliates and/or subsidiaries, and

3. Requiring a certification of counsel regarding every individual to whom Gexa has provided HSPM, including a list of each HSPM document that Gexa has provided to Mr. Balzano.[4]

Purchasers reserve the right to seek additional appropriate relief in connection with this matter.

---

[3] *See* Order Granting Oral Motion to Strike Statement of NextEra Energy, Inc. With Respect to Pending Confirmation Matters and Feasible Alternative Restructuring, *In re Energy Future Holdings Corp., et al.*, Debtors, Case No. 14-10979 (CSS) (pending) (attached hereto as Exhibit "A").

[4] *See also* Protective Order ¶ 7.

## II. ARGUMENT

HSPM is defined in part as "documents or information that a producing party claims is of such a highly sensitive nature that . . . providing access to such documents to employees of the Reviewing Party (except as specified herein) would expose a producing party to unreasonable risk of harm."[5] Such information includes, among other things, "contractual information pertaining to contracts that specify that their terms are confidential" and "business operations or financial information that is commercially sensitive." To enable the Commission's review in this proceeding, Purchasers have provided a substantial amount of HSPM, including copies of transaction-related agreements that contain confidentiality provisions, confidential correspondence with ratings agencies, detailed financial projections, and other commercially sensitive information.[6]

On November 10, 2015, Gexa sent Purchasers a list of requested HSPM. On November 17, Purchasers responded with a revised list of information indicating which information would be withheld as permitted by the Protective Order.[7] Purchasers provided non-voluminous HSPM material to Gexa on November 17 and made voluminous material available for review on November 18. Representatives of Gexa reviewed the voluminous material on November 19.

At the time Gexa requested HSPM, and at the time Purchasers provided it, the only persons for whom Gexa had filed Protective Order Certifications were (a) outside counsel: Ann Coffin, Mark Santos, and Justin Roberts, Gexa's attorneys with the law firm Parsley Coffin Renner LLP; and (b) outside consultants: Bruce Fairchild and Steven Fetter. However, after obtaining Purchasers' HSPM, Gexa filed a Protective Order certification for Joseph Balzano, which indicates that he will be provided HSPM.

A. <u>Gexa should be ordered to provide a detailed explanation of Mr. Balzano's position and responsibilities with NextEra.</u>

So that the ALJ and Purchasers can properly evaluate the harm that would occur as the result of disclosure of HSPM to Mr. Balzano, Gexa should be ordered to provide a detailed

---

[5] Protective Order ¶ 6, included in Order No. 1 (Oct. 1, 2015).

[6] Purchasers provided a certification of counsel regarding these HSPM designations.

[7] Purchasers will separately file a Request for Nondisclosure for the information withheld pursuant to Paragraph 36 of the Protective Order.

3

explanation of Mr. Balzano's position and responsibilities with NextEra, including any involvement in NextEra's evaluation of Oncor. Paragraph 8 of the Protective Order limits the disclosure of HSPM to a reviewing party's outside counsel, a reviewing party's outside consultants, and employees of a reviewing party "working with and under the direction of Reviewing Party's counsel <u>who have been authorized by the presiding officer to review Highly Sensitive Protected Materials</u>."[8] Mr. Balzano does not appear to be any of these. Mr. Balzano's position with Gexa's parent company does not qualify him as an "outside consultant" for Gexa, and providing HSPM to the NextEra Director of Finance would subvert the purpose of the protective order by providing competitively sensitive information to a competitor.[9] This is particularly true in this case, where Purchasers expressed concern in their response to Gexa's motion to intervene about access to confidential information by NextEra. Accordingly, as an employee of NextEra, Mr. Balzano's access to HSPM must be authorized by the presiding officer, and Purchasers strongly object to such authorization.

B.    <u>Gexa should be ordered to certify what access to HSPM has been provided to Mr. Balzano.</u>

In light of the protective order certification for an individual who appears to be ineligible for access to HSPM, Purchasers respectfully request the ALJ to order Gexa to certify whether Mr. Balzano has actually had access to HSPM. If Gexa has given Mr. Balzano access to HSPM, Gexa should be ordered to specifically identify (a) each document to which Mr. Balzano has had access and (b) any notes, copies or communications by Mr. Balzano concerning HSPM. Purchasers note that Paragraph 7 of the Protective Order requires Gexa to "maintain a record of all copies made of HSPM" and to "send a duplicate of the record" to Purchasers.[10]

C.    <u>Mr. Balzano should not receive HSPM while this Request is pending.</u>

In order to prevent further harm to Purchasers, Purchasers request that the ALJ order Gexa not to provide Mr. Balzano with access to HSPM documents and to return to Purchasers

---

[8] Protective Order ¶ 8 (emphasis added).

[9] *See also Application of Texas-New Mexico Power Company for Reconciliation of Fuel Costs*, PUC Docket No. 22745, SOAH Docket No. 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, Order No. 5 (Aug. 30, 2000).

[10] *Id.* at ¶ 7.

any HSPM documents that he has received. Purchasers specifically reserve their rights to seek further redress as appropriate.

## V. CONCLUSION AND PRAYER

For the foregoing reasons Purchasers request an expedited order enforcing the terms of the Protective Order in the manner described above, and that Purchasers be granted all other relief to which they are entitled.

Respectfully submitted,

Richard P. Noland
State Bar No. 15063500
James M. Bushee
State Bar No. 24015071
James E. Guy
State Bar No. 24027061
SUTHERLAND ASBILL & BRENNAN LLP
600 Congress Avenue, Suite 2000
Austin, Texas 78701-3238
(512) 721-2700 – Telephone
(512) 721-2656 – Facsimile

*Attorneys for Ovation Acquisition I, L.L.C., Ovation Acquisition II, L.L.C., and Shary Holdings, L.L.C.*

November 20, 2015