**ATTACHMENT B**

DOCKET NO. 45188

| | | |
|---|---|---|
| JOINT REPORT AND APPLICATION | § | PUBLIC UTILITY COMMISSION |
| OF ONCOR ELECTRIC DELIVERY | § | |
| COMPANY LLC, OVATION | § | OF TEXAS |
| ACQUISITION I, LLC, OVATION | § | |
| ACQUISITION II, LLC, AND SHARY | § | |
| HOLDINGS, LLC FOR REGULATORY | § | |
| APPROVALS PURSUANT TO PURA | § | |
| §§ 14.101, 37.154, 39.262 (l)-(m), AND | § | |
| 39.915 | § | |

## ORDER NO. 11
### RULING ON OVATION ACQUISITION I, L.L.C., OVATION ACQUISITION II, L.L.C, AND SHARY HOLDINGS, L.L.C'S OBJECTIONS AND MOTION TO STRIKE

On December 11, 2015, Ovation Acquisition I, LLC, Ovation Acquisition II, LLC, and Shary Holdings, LLC (collectively, Purchasers) filed objections and a motion to strike portions of the Direct Testimony and Working Papers of June M. Dively, filed on behalf of the Office of Public Utility Counsel (OPUC), and portions of the Direct Testimony of Charles S. Griffey, filed on behalf of Texas Industrial Energy Consumers (TIEC). Purchasers object to a portion of Ms. Dively's and Mr. Griffey's testimony on hearsay grounds and object to portions of Ms. Dively's testimony on relevance grounds. On December 15, 2015, OPUC and TIEC responded to Purchasers' objections and motion to strike. On December 15, 2016, Purchasers filed a letter clarifying two issues with regards to the motion to strike.

### *Hearsay*

Purchasers claim that portions of Ms. Dively's and Mr. Griffey's testimonies improperly offer statements made by Purchasers' witness Mr. Greg Wilks at the October 28, 2015 technical conference in this proceeding.[1] Purchasers stated that there was an explicit understanding with all parties to this proceeding that the technical conference at which Mr. Wilks spoke was conducted on an informal, off-the-record basis.[2] Purchasers stated that it would not be good policy to allow attendees' recollections of what was purportedly said at the conference be included on the record

---

[1] Ovation Acquisition I, L.L.C., Ovation Acquisition II, L.L.C., and Shary Holdings, L.L.C.'s Objections and Motion to Strike at 1, 2-3 (Dec. 11, 2015) (Motion to Strike).

[2] *Id.* at 1.

as it would only discourage future conferences.[3] Further, Purchasers stated that intervenors had almost a full month after the conference, until November 20, 2015 to conduct discovery on any issues raised in the technical conference.[4]

Purchasers stated that Ms. Dively's and Mr. Griffey's testimony seeks to put into evidence these witnesses' recollections of off-the-record statements made by others for the purposes of proving the truth of the matters asserted.[5] Purchasers stated that Ms. Dively and Mr. Griffey may be presented as expert witnesses in their individual fields, but that they are not experts in what was actually said (or not said) at the technical conference.[6] Purchasers stated that while an expert may rely on hearsay to form the basis of an opinion, pursuant to Commission precedent, the statements themselves are not admissible to prove the truth of the matter asserted.[7] For all these reasons, Purchasers claim that the portions of Ms. Dively's and Mr. Griffey's testimonies that include Mr. Wilks' technical conference statements are inadmissible hearsay.

OPUC and TIEC claim that there was no explicit or implicit agreement between the parties that the technical conference would be conducted on an "informal, off-the-record basis."[8] Additionally, OPUC and TIEC claim that the statements of Mr. Wilks at the technical conference fall within Tex. R. Civ. Evid. 801(e)(2), and are therefore not hearsay.[9] This rule provides that statements made by an opposing party are not hearsay if offered against the opposing party, and the statement was the party's own statement, whether in their individual or representative capacity, is a statement of which the party has manifested an adoption or belief in its truth, was made by a

---

[3] *Id.*

[4] *Id.* at 2.

[5] *Id.* at 3.

[6] *Id.*

[7] Motion to Strike at 3, *citing to Notice of Intent to Assess an Administrative Penalty by The Office of Customer Protection Against Axces, Inc. for Continued Violations of PUC Substantive R. § 26.130, Selection of Telecommunications Utilities, Pursuant to Procedural Rule 22.246, Administrative Penalties*, Docket No. 20934, Supplemental Proposal for Decision at 35-36 (Jul. 22, 2002).

[8] Office of Public Utility Counsel's Response to Purchasers' Motion to Strike at 4-6 (Dec. 15, 2015) (OPUC Response); Texas Industrial Energy Consumers' Response to Ovation Acquisition I, L.L.C., Ovation Acquisition II, L.L.C., and Shary Holdings, L.L.C.'s Objections and Motion to Strike at 4 (Dec. 15, 2015) (TIEC Response).

[9] OPUC Response at 6-7; TIEC Response at 2.

person authorized by the party to make a statement on the subject, or was made by the party's agent or employee on the matter within the scope of that relationship and while it existed.[10]

TIEC also argued that Mr. Wilks' statements are not hearsay because they are not being offered to prove the truth of the matter asserted, but to explain Mr. Griffey's understanding of Purchasers' positions on certain issues and provide context for Mr. Griffey's opinions regarding the transaction.[11] Further, that even if Mr. Wilks' statements were offered to prove the truth of the matters asserted, they would be admissible as facts underlying an expert opinion.[12]

In this case, Mr. Wilks provided testimony for the Purchasers on the matter that was discussed in his technical conference statements, and he made the statements in his capacity as a representative of Purchasers, while he was employed by one of the Purchasers. These facts fall precisely within Tex. R. Civ. Evid. 801(e)(2). Therefore, Mr. Wilks' statements at the technical conference are not hearsay. Accordingly, after reviewing the testimony challenged by Purchasers to be inadmissible hearsay, the administrative law judge (ALJ) finds Purchasers' objections improper and denies the motion to strike.

## *Relevance*

Purchasers claim that portions of Ms. Dively's testimony improperly attempts to put into evidence information relating to alternative business arrangements or alternative proposals that are irrelevant to this proceeding;[13] including specific information about a transaction proposed by NextEra Energy, Inc. in the bankruptcy court.[14] Purchasers stated that alternative proposals are not to be considered by the Commission in this proceeding and are outside the scope of this hearing.[15] Purchasers stated that in this proceeding, the Commission is charged with determining whether the proposed transaction is in the "public interest," not whether other potential proposals might exist.[16] Purchasers stated that OPUC seeks to make the testimony at issue relevant by

---

[10] *See* Tex. R. Civ. Evid. 801(e)(2).

[11] TIEC Response at 3.

[12] *Id.*

[13] Motion to Strike at 1.

[14] *Id.* at 5.

[15] *Id.*

[16] *Id.* at 2 and 6.

relying on the requirement in PURA[17] that the Commission determine whether a change of control transaction is consistent with the public interest.[18] Purchasers stated that testimony should be limited to matters that relate to the relative merits, benefits and issues associated with the proposed transaction, not an alternative transaction that has not been confirmed by the bankruptcy court or proposed to the Commission.[19]

OPUC responded that the portions of Ms. Dively's testimony subject to objection directly address issues in this proceeding that are specifically raised in the Merger Agreement and the Plan Support Agreement, and that this testimony specifically addresses the status of the proposed transaction and is made within the context of analyzing the risks and benefits of the proposed transaction.[20] OPUC claims that Purchasers introduced testimony regarding these issues, as well as exhibits discussing the pursuit of alternative proposals, and cannot now claim that OPUC testimony addressing these issues is irrelevant.[21] OPUC also pointed out that Purchasers included a proposed preliminary order in the application that included alternative proposals as an issue not to be addressed, but the Commission did not include alternative proposals as an issue not to be addressed in the preliminary order that was issued.[22]

OPUC stated that Ms. Dively's statement on page 16, lines 18-20 addresses what will happen if the proposed transaction is not finalized.[23] OPUC stated that Ms. Dively's statements on page 20, line 3 through page 21, line 17, are in part a restatement of Purchasers' Witness Hon. Leif M. Clark's testimony and responsive to the conditions in the Merger Agreement, regarding the negotiation of alternative proposals, and to Mr. Clark's testimony that if the proposed transaction does not close alternatives will have to be considered.[24] OPUC noted that Ms. Dively acknowledges that no alternative proposals are before the Commission.[25] OPUC stated that

---

[17] Public Utility Regulatory Act, Tex. Util. Code §§ 11.001-66.016 (West 2007 & Supp. 2015).

[18] Motion to Strike at 6.

[19] *Id.* at 7.

[20] OPUC Response at 8-9.

[21] *Id.* at 9.

[22] *Id.* at 12.

[23] *Id.* at 15.

[24] *Id.* at 18-19.

[25] *Id.* at 19.

Ms. Dively discussed NextEra's specific alternative proposal to show the existence of possible alternatives and the relative risk/benefits of the proposed transaction.[26] OPUC pointed out that Purchasers did not move to strike the portions of Ms. Dively's testimony regarding conditions contained in the Merger Agreement, and that it is unclear how her discussion of specific alternatives is objectionable if discussing alternatives in the abstract is not.[27]

OPUC also pointed out that Purchasers have not moved to strike Ms. Dively's Attachment JMD-2, which is the NextEra statement filed with the bankruptcy court regarding feasible alternative structures.[28] Concluding that because Attachment JMD-2 will be offered into the record, without objection, there is no harm in including its discussion in Ms. Dively's testimony.[29] Finally, with regards to Ms. Dively's testimony on page 23, lines 16-17, OPUC stated that it is reasonable to include "some other alternative transaction" in her testimony because Ms. Dively's point is that there is nothing unique about the Fifth Amended Plan, that any plan will affect Oncor's employees who are concerned about their jobs and benefits; but that because of the ring fence, the bankruptcy has little impact on Oncor.[30]

On December 15, 2015, Purchasers filed a letter clarifying two issues. First Purchasers clarified that their motion to strike Ms. Dively's testimony necessarily included Attachment JMD-2, which is mentioned in the referenced testimony.[31] Second, Purchasers stated that the fact that neither OPUC nor TIEC understood that the technical conference was intended to be informal and off-the-record illustrates Purchasers' point, that even well intentioned parties can disagree on what was said at a technical conference and supports the argument that such statements are unreliable and should not be used as evidence.[32]

OPUC is correct that the Commission did not include discussions of alternative proposals as an issue not to be addressed in the preliminary order that was issued, but it is also true that the

---

[26] OPUC Response at 19.

[27] *Id.*

[28] *Id.* at 20.

[29] *Id.*

[30] *Id.* at 21.

[31] Purchasers' Letter to Judge Montelongo regarding OPUC's and TIEC's Responses to Purchasers' Motion to Strike at 1 (Dec. 15, 2015).

[32] *Id.*

Commission did not include alternate proposals as an issue to be addressed. Further, OPUC is correct that Purchasers mentioned alternative proposals numerous times throughout the application and its attachments; however, those references are not specific to any one alternate proposal and generally reference circumstances in which the proposed transaction is not completed. The ALJ concludes that general discussions or mention of alternate proposals that may become necessary if the proposed transaction is not completed are relevant to this application, but specific discussions of alternate proposals are not.

Ms. Dively's discussion of NextEra's November 18, 2015 alternative proposal, from page 20, line 8 to page 21, line 15 in her testimony, is very specific to that proposal. Therefore, for the reasons discussed above, the ALJ finds that this portion of Ms. Dively's testimony is not relevant to the merits of this application; a ruling that is consistent with State Office of Administrative Hearings' Order No. 4 in this proceeding, which did not allow discovery on issues that inquired into alternative proposals because they are not relevant. Purchasers' objections to this portion of Ms. Dively's testimony are proper. However, Purchasers' relevancy objections to Ms. Dively's discussion or mention of alternate proposals generally are not proper, and the ALJ denies the motion to strike with regards to that testimony; specifically page 16, lines 18-20; page 20, lines 3-8; page 21, lines 15-17; and page 23, lines 16-17. Additionally, the ALJ agrees that Purchasers' motion to strike necessarily included Ms. Dively's Attachment JMD-2.

Therefore, after reviewing the testimony challenged by Purchasers to be irrelevant, the ALJ finds Purchasers' objections proper, in part, and grants the motion to strike, in part. The following text in and attachment to Ms. Dively's testimony is stricken:

- 20:8-21:15 (As evidence of . . . not before the Commission,).[33]

- Attachment JMD-2.

OPUC shall resubmit Ms. Dively's testimony with the text stricken by this Order completely redacted no later than the Prehearing Conference that will be held on January 7, 2016.

---

[33] Note: The word "it" following the deleted testimony now begins a sentence, and the "i" should be capitalized.

SIGNED AT AUSTIN, TEXAS on the 17th day of December 2015.

**PUBLIC UTILITY COMMISSION OF TEXAS**

*Susan E. Goodson*
**SUSAN E. GOODSON**
**ADMINISTRATIVE LAW JUDGE**

Q:\CADM\Docket Management\Electric\COMMISSION HELD HEARINGS\45188 Oncor Reg. Approvals\45188-11 ruling on objs and strike.docx