# **EXHIBIT F**

Page 1

1    PARTIALLY HIGHLY CONFIDENTIAL - ANTHONY HORTON
2    UNITED STATES BANKRUPTCY COURT
3    FOR THE DISTRICT OF DELAWARE
     -----------------------------------------x
4    In Re:
5    Energy Future Holdings Corporation, et.,
6                  Debtors.
7    Chapter 11
8    Case No. 14-10979
9    Jointly Administered
10   -----------------------------------------x
11
12   * * *(PAGES 89-93 MARKED HIGHLY CONFIDENTIAL)* * *
13            DEPOSITION OF ANTHONY HORTON
14                 New York, New York
15                  October 18, 2016
16
17
18
19
20
21
22
23   Reported by:
24   KATHY S. KLEPFER, RMR, RPR, CRR, CLR
25   JOB NO. 114064

1   PARTIALLY HIGHLY CONFIDENTIAL - ANTHONY HORTON
2       A.   Yes.
3       Q.   And if we assume that reorganized EFIH
4   will own 80 percent of Oncor at emergence, then
5   reorganized EFIH's equity interest in Oncor will
6   be worth a little under $10 billion on
7   emergence; is that correct?
8       A.   That's correct.
9       Q.   How much debt will reorganized EFIH
10  have post effective date?
11           MR. McKANE:  Objection to form.
12           MR. BALL:  Object to form.
13      Q.   At emergence how much debt will
14  reorganized EFIH have?
15      A.   I think the commitment and the
16  expectation is zero.
17      Q.   So in light of the implied equity
18  value of reorganized EFIH at emergence, there
19  would be a substantial equity cushion against
20  which the debtors believe reorganized EFIH could
21  borrow to satisfy the full amount of the EFIH
22  first and second lien make-whole claims if they
23  are allowed, correct?
24           MR. McKANE:  Objection to form.
25           Go ahead.