# **EXHIBIT H**

Page 1

1  UNITED STATES BANKRUPTCY COURT
2  DISTRICT OF DELAWARE
3
4
5  In re:                              :
                                       :   Chapter 11
6  ENERGY FUTURE HOLDINGS              :
   CORP., et al.,                      :   Case No. 14-10979 (CSS)
7                                      :
          Debtors.                     :   (Jointly Administered)
8  _____:
9
10
11                           United States Bankruptcy Court
12                           824 North Market Street
13                           Wilmington, Delaware
14                           January 4, 2017
15                           10:08 AM - 11:42 AM
16
17
18
19
20
21  B E F O R E :
22  HON CHRISTOPHER S. SONTCHI
23  U.S. BANKRUPTCY JUDGE
24
25  ECRO OPERATOR:  LESLIE MURIN

1    must be sufficient to pay, rather than in the Debtor's word,

2    is intended in the EFIH/EFIH Debtors' reasonable estimation.

3    The standard at the end of the day is going to be -- and let

4    me talk about what's really at issue here.  It's not some

5    category of claims that we haven't asserted.  I think Mr.

6    Kieselstein will acknowledge that I had an email exchange

7    with him today -- he's shaking his head affirmatively, in

8    which I made that abundantly clear.  What it is about is

9    whether a three-year reserve, when no one knows how long

10   this litigation is going to go, is sufficient.  And I'm

11   going to just outline it now for Your Honor, you'll hear it

12   at confirmation.

13             The standard is indubitable, no doubt whatsoever

14   equivalent.  And what I've got today is a lien that everyone

15   would acknowledge guarantees me payment in full.  And what

16   my clients can't risk is not getting paid in full, if their

17   claims ultimately are allowed with interest accruing.  And

18   the basic point of having a three-year interest cap is if

19   the litigation goes four years or five years, or six years,

20   we get 0.0 percent interest, at the end of year three, and

21   that means we don't get paid in full.

22             So let me go back.  If the Debtors are happy with

23   the way we wrote it, with the deletion of the words "or

24   could be", I'm more than happy to delete it.  At the end of

25   the day, if the Debtors still are not happy, I acknowledge