# **EXHIBIT J**

```
                                                                Page 1
 1   UNITED STATES BANKRUPTCY COURT
 2   DISTRICT OF DELAWARE
 3
 4
 5   In re:                          :
                                     :    Chapter 11
 6   ENERGY FUTURE HOLDINGS CORP.,   :
     et al.,                         :    Case No. 14-10979 (CSS)
 7                                   :
             Debtors.                :    (Jointly Administrated)
 8   _____  :
 9
10
11                           United States Bankruptcy Court
12                           824 North Market Street
13                           Wilmington, Delaware
14                           September 19, 2016
15                           10:11 a.m. - 1:09 p.m.
16
17
18
19
20
21   B E F O R E :
22   HON CHRISTOPHER J. SONTCHI
23   U.S. BANKRUPTCY JUDGE
24
25   ECRO OPERATOR:  LESLIE MURIN
```

```
 1   fees would never get approved.  Somebody just appeals and
 2   you can't agree to the breakup fee because there's appellate
 3   risk and I may object to confirmation in the future so you
 4   can't agree to pay that fee if I'm objecting to
 5   confirmation.  No other party in this case, and you heard
 6   several of them stand up at the podium and say they have
 7   potential confirmation objections, the EFIH first, the EFIH
 8   second, none of those parties are standing up here saying
 9   you can't approve the merger -- or the termination fee
10   because we have objections to confirmation.  That's
11   nonsense.  With that, I'm done.
12              THE COURT:  Thank you.
13              MR. HUSNICK:  Thank you.
14              THE COURT:  All right.  I'm going to -- based on
15   the evidence that was submitted to the Court today, I'm
16   going to overrule the objection and approve the merger
17   agreement and the PSA.  We feel, again, with the due process
18   argument, the Court has ruled on this numerous times and I'm
19   not going to go through my previous lengthy rulings again.
20   Suffice it to say that I reject the due process argument
21   that the bar date that applied to unmanifested asbestos
22   claims and the seeking of discharge of those unmanifested
23   asbestos claims violates due process.  The rights, the post
24   hoc -- ex post, excuse me, rights, of those types of
25   claimants to come in and object to that discharge at a later
```

1    date are fully preserved.  I was very careful when I made
2    that ruling initially, and I've been careful throughout to
3    make it clear that those rights are reserved.  I believe
4    that the Court's previous rulings are in compliance with the
5    law and consistent with the law.
6             I find -- well, there is no stay pending appeal of
7    the previous confirmation order.  I personally think that
8    appeal is moot because that order is null and void.  It has
9    not yet been dismissed by the District Court, but I believe
10   that the District Court will ultimately either dismiss that
11   or affirm this Court's previous ruling, and there's no
12   likelihood of success on the merits of that appeal.  As a
13   result, the idea that there is execution risk based on being
14   reversed on a now defunct, void order, that is, in my mind,
15   nonetheless, was proper, is not sufficient to, sort of, lock
16   in a result here.  In other words, if it were certain or
17   certainly probably that the Court would be reversed and that
18   that would either require either an amendment that NextEra
19   would have to agree to or the ability for NextEra to walk
20   away and trigger the breakup fee, that might be one thing to
21   have the Court have pause about approving the breakup fee in
22   this instance.  But there is no such risk, or the risk is so
23   de minimis as to not be worth noting.  As a result, there's
24   no impediment based on the pending appeal or the argument
25   that this plan being put before the Court is not consistent