# <u>EXHIBIT K</u>

1

1    UNITED STATES BANKRUPTCY COURT

2    DISTRICT OF DELAWARE

3

4

5    In re:                        :
                                   :    Chapter 11
6    ENERGY FUTURE HOLDINGS        :
     CORP.,                        :    Case No. 14-10979(CSS)
7                                  :
              Debtors.             :
8    _____ :

9

10

11

12                              United States Bankruptcy Court

13                              824 North Market Street

14                              Wilmington, Delaware

15

16

17                              September 21, 2015

18                              9:38 AM

19

20   B E F O R E :

21   HON CHRISTOPHER S. SONTCHI

22   U.S. BANKRUPTCY JUDGE

23

24

25   ECR OPERATOR:  GINGER MACE

1    overruled, and we will provide the names of the insurance

2    policy though.

3              THE COURT:  Do we need to put those in the

4    disclosure statement?

5              MR. HUSNICK:  I don't believe so, we haven't

6    identified the names of any of the policies in the actual

7    disclosure statement.

8              THE COURT:  All right.

9              MR. HUSNICK:  We did reference the schedules and

10   statements, but -- and again, none of these creditors are

11   voting and they will have access to the names though through

12   this.

13             THE COURT:  Okay.  All right.

14             All right.  I'm going to overrule the objection

15   for a variety of reasons not really addressed here in court,

16   but to address it specifically since it was in the papers on

17   the 524(g) issue and that the plan is patently unconfirmable

18   because you can only operate under this plan and the

19   treatment of asbestos plaintiffs under this plan by

20   implicating 524(g).

21             And I've already ruled and I standby it that

22   524(g) is an option, you can only do certain things.  If you

23   implicate 524(g), if the debtors and I get to confirmation

24   and I decide they are trying to do what they can only do

25   under 524(g), well they don't have that information and I

1    think the plan would be DOA there, because I think you'd

2    have to start over with -- might have to start over -- well

3    you would have to start over with a lot of additional

4    information in the disclosure statement, et cetera.

5         I don't read that as what they're doing, that's

6    not how I read the plan.  They're not in any way trying to

7    channel future claimants, but I'll hear argument on that at

8    confirmation.

9         I would add as an aside that I'm pleased that so

10   many of these objections have been resolved, and I applaud

11   the efforts of counsel to the creditors, objectors, debtors,

12   plan sponsors, et cetera, for working to resolve disclosure

13   statement objections in a meaningful way.

14        I'm particularly pleased that the sort of patently

15   unconfirmable issues were reserved.  I will say frankly that

16   I'm not sure what patently unconfirmable means, I'm not a

17   big fan of that case law, I'm not even sure it's a valid

18   reason to object to a plan.  I didn't see anything in here

19   in any of the interjections that I felt rose to the level of

20   patently unconfirmable, whatever that means.

21        Now that doesn't mean that there's not stuff in

22   here that might be a problem for confirmation.  Without

23   endorsing anybody's position on releases, for example, it

24   may be that the releases that are contemplated in this plan

25   are too broad, and I make a ruling at confirmation on that.