# **EXHIBIT L**

```
                                                                    1
 1   UNITED STATES BANKRUPTCY COURT

 2   DISTRICT OF DELAWARE

 3

 4   In re:                     :
                                :      Chapter 11
 5   ENERGY FUTURE HOLDINGS     :
     CORP., et al.,             :      Case No. 14-10979(CSS)
 6                              :
              Debtors.          :      (Jointly Administered)
 7   _____:

 8

 9

10                         United States Bankruptcy Court

11                         824 North Market Street

12                         Wilmington, Delaware

13                         December 16, 2015

14                         9:43 AM

15

16

17

18

19

20

21   B E F O R E :

22   HON CHRISTOPHER S. SONTCHI

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO OPERATOR:  LESLIE MURIN
```

1  as well doing independent research, to allow a class proof
2  of claim under the facts and circumstances of this case
3  would be unprecedented.  We don't have an existing class
4  action.  We often see this where we have and existing WARN
5  Act class, for example, that's been certified by this Court.
6  And though a proof of claim is filed on behalf of that
7  class, it's a completely different situation here.  We don't
8  have this pending asbestos manifested or unmanifested injury
9  claim lawsuit pending somewhere, where a class has been
10 certified.
11           We're talking about certifying a class solely for
12 purposes of filing a proof of claim.  And I think that is
13 where -- to allow that would be in effect a collateral
14 attack on what this Court has already done, which is set a
15 bar date as required by the bankruptcy rules, requiring
16 filing by unmanifested claimants as contemplated by
17 Grossman's, and establishing and approving an elaborate
18 noticing procedure that cost several million dollars
19 designed to provide a notice as adequately as possible to as
20 many possible claimants as possible.  None of those matters
21 have been appealed, and they are final orders.
22           Really Mr. Hogan made at the end an impassioned
23 and interesting and perhaps in some ways weighty argument,
24 which was a collateral attack not on this Court, but on the
25 Third Circuit's opinion on Grossman's, drawing the