# **EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
NML CAPITAL, LTD., :
: **ORDER**
Plaintiff, :
: 08 Civ. 6978 (TPG)
– against – : 09 Civ. 1707 (TPG)
: 09 Civ. 1708 (TPG)
REPUBLIC OF ARGENTINA, :
:
Defendants. :
:
------------------------------------------------x

**AMENDED FEBRUARY 23, 2012 ORDER**

WHEREAS, in an Order dated December 7, 2011, this Court found that, under Paragraph 1(c) of the 1994 Fiscal Agency Agreement ("FAA"), the Republic is "required . . . at all times to rank its payment obligations pursuant to NML's Bonds at least equally with all the Republic's other present and future unsecured and unsubordinated External Indebtedness."

WHEREAS, in its December 7, 2011 Order, this Court granted partial summary judgment to NML on its claim that the Republic repeatedly has breached, and continues to breach, its obligations under Paragraph 1(c) of the FAA by, among other things, "ma[king] payments currently due under the Exchange Bonds, while persisting in its refusal to satisfy its payment obligations currently due under NML's Bonds."

1

And WHEREAS NML Capital, Ltd. ("NML") has filed a renewed motion for equitable relief as a remedy for such violations pursuant to Rule 65(d) of the Federal Rules of Civil Procedure and the Court's inherent equitable powers.

Upon consideration of NML's renewed motion, the response of the Republic of Argentina (the "Republic") thereto, NML's reply, and all other arguments submitted to the Court in the parties' papers and at oral argument, it is HEREBY ORDERED that:

1. It is DECLARED, ADJUDGED, and DECREED that NML is irreparably harmed by and has no adequate remedy at law for the Republic's ongoing violations of Paragraph 1(c) of the FAA, and that the equities and public interest strongly support issuance of equitable relief to prevent the Republic from further violating Paragraph 1(c) of the FAA, in that:

    a. Absent equitable relief, NML would suffer irreparable harm because the Republic's payment obligations to NML would remain debased of their contractually-guaranteed status, and NML would never be restored to the position it was promised that it would hold relative to other creditors in the event of default.

    b. There is no adequate remedy at law for the Republic's ongoing violations of Paragraph 1(c) of the FAA because the Republic has made clear – indeed, it has codified in Law 26,017 and Law

26,547 – its intention to defy any money judgment issued by this Court.

c. The balance of the equities strongly supports this Order in light of the clear text of Paragraph 1(c) of the FAA and the Republic's repeated failures to make required payments to NML. In the absence of the equitable relief provided by this Order, the Republic will continue to violate Paragraph 1(c) with impunity, thus subjecting NML to harm. On the other hand, the Order requires of the Republic only that which it promised NML and similarly situated creditors to induce those creditors to purchase the Republic's bonds. Because the Republic has the financial wherewithal to meet its commitment of providing equal treatment to both NML (and similarly situated creditors) and those owed under the terms of the Exchange Bonds, it is equitable to require it to do so. Indeed, equitable relief is particularly appropriate here, given that the Republic has engaged in an unprecedented, systematic scheme of making payments on other external indebtedness, after repudiating its payment obligations to NML, in direct violation of its contractual commitment set forth in Paragraph 1(c) of the FAA.

d. The public interest of enforcing contracts and upholding the rule of law will be served by the issuance of this Order, particularly here, where creditors of the Republic have no

3

recourse to bankruptcy regimes to protect their interests and must rely upon courts to enforce contractual promises. No less than any other entity entering into a commercial transaction, there is a strong public interest in holding the Republic to its contractual obligations.

2. The Republic accordingly is permanently ORDERED to specifically perform its obligations to NML under Paragraph 1(c) of the FAA as follows:

   a. Whenever the Republic pays any amount due under terms of the bonds or other obligations issued pursuant to the Republic's 2005 or 2010 Exchange Offers, or any subsequent exchange of or substitution for the 2005 and 2010 Exchange Offers that may occur in the future (collectively, the "Exchange Bonds"), the Republic shall concurrently or in advance make a "Ratable Payment" to NML (as defined below and as further defined in the Court's Opinion of November 21, 2012).

   b. Such "Ratable Payment" that the Republic is ORDERED to make to NML shall be an amount equal to the "Payment Percentage" (as defined below) multiplied by the total amount currently due to NML in respect of the bonds at issue in these cases (08 Civ. 6978, 09 Civ. 1707, and 09 Civ. 1708), including pre-judgment interest (the "NML Bonds").

   c. Such "Payment Percentage" shall be the fraction calculated by dividing the amount actually paid or which the Republic

4

      intends to pay under the terms of the Exchange Bonds by the total amount then due under the terms of the Exchange Bonds.

d. The Republic is ENJOINED from violating Paragraph 1(c) of the FAA, including by making any payment under the terms of the Exchange Bonds without complying with its obligation pursuant to Paragraph 1(c) of the FAA by concurrently or in advance making a Ratable Payment to NML.

e. Within three (3) days of the issuance of this ORDER, the Republic shall provide copies of this ORDER to all participants in the payment process of the Exchange Bonds ("Participants"). Such Participants shall be bound by the terms of this ORDER as provided by Rule 65(d)(2) and prohibited from aiding and abetting any violation of this ORDER, including any further violation by the Republic of its obligations under Paragraph 1(c) of the FAA, such as any effort to make payments under the terms of the Exchange Bonds without also concurrently or in advance making a Ratable Payment to NML.

f. "Participants" refer to those persons and entities who act in active concert or participation with the Republic, to assist the Republic in fulfilling its payment obligations under the Exchange Bonds, including: (1) the indenture trustees and/or registrars under the Exchange Bonds (including but not limited to The Bank of New York Mellon f/k/a/ The Bank of New York);

5

    (2) the registered owners of the Exchange Bonds and nominees of the depositaries for the Exchange Bonds (including but not limited to Cede & Co. and The Bank of New York Depositary (Nominees) Limited) and any institutions which act as nominees;  (3) the clearing corporations and systems, depositaries, operators of clearing systems, and settlement agents for the Exchange Bonds (including but not limited to the Depository Trust Company, Clearstream Banking S.A., Euroclear Bank S.A./N.V. and the Euroclear System);  (4) trustee paying agents and transfer agents for the Exchange Bonds (including but not limited to The Bank of New York (Luxembourg) S.A. and The Bank of New York Mellon (including but not limited to the Bank of New York Mellon (London));  and (5) attorneys and other agents engaged by any of the foregoing or the Republic in connection with their obligations under the Exchange Bonds.

g. Nothing in this ORDER shall be construed to extend to the conduct or actions of a third party acting solely in its capacity as an "intermediary bank," under Article 4A of the U.C.C. and N.Y.C.L.S. U.C.C. § 4-A-104, implementing a funds transfer in connection with the Exchange Bonds.

h. Any non-party that has received proper notice of this ORDER, pursuant to Rule 65(d)(2), and that requires clarification as to

        its duties, if any, under this ORDR may make an application to this Court, with notice to the Republic and NML. Such clarification will be promptly provided.

    i. Concurrently or in advance of making a payment on the Exchange Bonds, the Republic shall certify to the Court and give notice of this certification to its Participants, and to counsel for NML, that the Republic has satisfied its obligations under this ORDER to make a Ratable Payment to NML.

3. NML shall be entitled to discovery to confirm the timing and amounts of the Republic's payments under the terms of the Exchange Bonds; the amounts the Republic owes on these and other obligations; and such other information as appropriate to confirm compliance with this ORDER;

4. The Republic is permanently PROHIBITED from taking action to evade the directives of this ORDER, render it ineffective, or to take any steps to diminish the Court's ability to supervise compliance with the ORDER, including, but not limited to, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without obtaining prior approval by the Court;

5. This Court shall retain jurisdiction to monitor and enforce this ORDER, and to modify and amend it as justice requires to achieve its equitable purposes and to account for changing circumstances.

7

Dated: New York, New York
November, 21 2012

*Thomas P. Griesa*

Thomas P. Griesa
U.S. District Judge

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
#:
DATE FILED: 11/21/12
```

8