# **<u>EXHIBIT 1</u>**

Page 1

1
2           UNITED STATES BANKRUPTCY COURT
3          FOR THE DISTRICT OF DELAWARE
4                    - - -
5  In Re:  Energy Future Holdings Corporation, et
6  al., Debtors.
7  Chapter 11
8  Case No. 14-10979
9  Jointly Administered
10                   - - -
11                January 26, 2017
12                   - - -
13     Oral deposition of ANDREW WRIGHT taken
14  pursuant to notice, held at the Law Offices of
15  Richards Layton & Finger, 920 N. King Street,
16  Suite 200, Wilmington, Delaware 19801,
17  commencing at 3:00 p.m., on the above date,
18  before Jennifer P. Miller, RPR, CCR, CRR, and
19  Notary Public for the Commonwealth of
20  Pennsylvania, State of Delaware and the State
21  of New Jersey.
22
23
24
25  JOB NO. 118632

1                    ANDREW WRIGHT

2  In response to a question from Mr. Anker, you

3  said, describing what's going to be in the

4  supplement, we will be asking the Court to

5  issue an order that we were allowed to pay the

6  Second Liens.  Is that order going to in any

7  way address the issue of whether or not the

8  Second Lien Indenture Trustee can hold back a

9  portion -- all or part of that distribution?

10           MR. MCKANE:  Same instruction.

11           THE WITNESS:  I don't know.

12  BY MR. HOROWITZ:

13      Q.   Okay.  Is it contemplated that the

14  distribution will be made to the Indenture

15  Trustee?

16      A.   Yes, under the terms of the

17  indenture, I believe that's who we

18  typically -- the indenture provides that you

19  will make payments to the Indenture Trustee

20  and then it has its obligation to pay its

21  holders.

22      Q.   Okay.

23      A.   That's the construct of most bond

24  instruments, so...

25                       - - -

1              PAUL M. KEGLEVIC
2  UNITED STATES BANKRUPTCY COURT
3  FOR THE DISTRICT OF DELAWARE
   -------------------------------------x
4  In Re:
   Energy Future Holdings Corporation, et.,
5
                    Debtors.
6
   Chapter 11
7  Case No. 14-10979
   Jointly Administered
8
9  -------------------------------------x
10
11       DEPOSITION OF PAUL M. KEGLEVIC
12             New York, New York
13             January 18, 2017
14
15
16
17
18
19
20
21
22
23  Reported by:
24  KATHY S. KLEPFER, RMR, RPR, CRR, CLR
25  JOB NO. 117928

1           PAUL M. KEGLEVIC
2  sitting next to him, you could pose the
3  objections on his behalf.
4       A.    I just wish I could object.
5             MR. McKANE:  Next time.
6       Q.    All right.
7       A.    In form and otherwise.
8       Q.    A couple answers ago, you also said
9  because the trustee chooses not to distribute
10 the money to the holders.  So what I want to
11 know is is it your understanding that if the
12 Computershare holds back funds, that that will
13 be a result of Computershare making an optional
14 choice?
15      A.    And that's probably phrased poorly by
16 me.
17            I am waiting.  I know our lawyers are
18 looking at the question of whether the indenture
19 requires them to hold the amounts or not.
20      Q.    Okay.
21      A.    So I do not know what our analysis,
22 legal analysis, on that is going to be.  All I
23 know is that we will pay the amount to the
24 trustee, which is the party to whom we're
25 required to pay at any other, you know,

1  PAUL M. KEGLEVIC
2  extinguishment of that debt.  So that's a
3  obscure indenture provision that I was not aware
4  of.
5     Q.   You were not aware that the indenture
6  provides that the notes are not defeased if, by
7  virtue of legal proceedings, the indenture
8  trustee is prevented from turning -- from
9  distributing proceeds to holders?
10    A.   That is the provision I was not aware
11 of.  That is the provision that I have asked our
12 attorneys to get into, and I understand that
13 your position is that -- or, the trustee's
14 position is they may not be able to turn the
15 fees over to the individual noteholders based on
16 that provision.
17    Q.   Okay.  And you were not contending
18 that the trustee is acting in bad faith in
19 taking that position, are you?
20         MR. McKANE:  Objection to form.  He's
21    not the 30(b)(6) on -- there is no 30(b)(6)
22    on this topic.
23    A.   Well, all I know is that is the -- my
24 understanding of their position.  I'm not -- I
25 would not suggest bad faith.  I just suggest it