**<u>EXHIBIT A</u>**

**Proposed Order**

*RLF1 16988718v.1*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER APPROVING THE EFIH SETTLEMENT BETWEEN THE DEBTORS, CERTAIN HOLDERS OF EFIH FIRST LIEN NOTE CLAIMS, CERTAIN HOLDERS OF EFIH SECOND LIEN NOTE CLAIMS, AND CERTAIN HOLDERS OF EFIH UNSECURED NOTE CLAIMS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a), approving the Settlement (the "EFIH Settlement") between the Debtors, certain holders of EFIH First Lien Note Claims, certain holders of the EFIH Second Lien Notes, and certain holders of the EFIH Unsecured Notes (together, the "Parties"), substantially in the form attached hereto as **Exhibit 1**, all as set forth more fully in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion and Settlement.

notice of the Motion (including the EFIH Settlement) was provided to all holders of the EFIH

First Lien Notes, all holders of the EFIH Second Lien Notes, and all holders of the EFIH

Unsecured Notes; and the Court having found that the Debtors provided due and proper notice of

the Motion to all such holders and all other parties in interest entitled to notice and such notice

was adequate and appropriate under the particular circumstances; and upon any hearing held to

consider the relief requested in the Motion (the "Hearing"); and upon consideration of the Wright

Declaration, the record of the Hearing (if any), and all proceedings had before the Court; and the

Court having found and determined that the relief sought in the Motion is in the best interests of

the Debtors' estates, their creditors, and other parties in interest; and the Court having found that

the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**:

1.      The Motion is granted as set forth herein.  All objections and reservations of right

(if any) are overruled on the merits.

2.      The EFIH Settlement attached hereto as **Exhibit 1**, is hereby approved.[3]

3.      **Provisions Applicable to Holders of EFIH First Lien Note Claims and the**

**EFIH First Lien Notes Trustee.**

> i.      The EFIH First Lien Notes Trustee is authorized and directed to comply with the directives in the First Lien Direction Letter of the Supporting EFIH First Lien Creditors.

> ii.      The Non-Signing EFIH First Lien Creditors shall be bound by the EFIH First Lien Settlement, and, for the avoidance of doubt, upon entry of this Order, the Supporting EFIH First Lien Creditors, the Non-Signing EFIH

---

[3] For the avoidance of doubt, it is the intent of the Parties that the EFIH Settlement be approved in its entirety pursuant to this Order.  Certain provisions of the EFIH Settlement have been identified in the Order, but such identification is not to the exclusion of the remaining provisions of the EFIH Settlement which, for the avoidance of doubt, shall be approved in its entirety pursuant to this Order.

First Lien Creditors, the EFIH First Lien Notes Trustee, the EFIH Unsecured Notes Trustee, all holders of the EFIH Unsecured Notes, and the EFIH Debtors shall be bound by the terms therein regardless of whether the Bankruptcy Court has entered the EFH Confirmation Order or whether the EFH Effective Date as contemplated by the Plan occurs. Non-Signing EFIH First Lien Creditors shall be responsible for their own costs incurred in any litigation challenging, or appeal of, this Order.

iii.    All amounts to be paid to the EFIH First Lien Notes Trustee (as Disbursing Agent for Holders of Allowed EFIH First Lien Note Claims) pursuant to the EFIH Settlement shall be paid in full in Cash by the EFH Plan Administrator Board from the EFH/EFIH Distribution Account or the EFIH Claims Reserve (as applicable, and depending on whether the EFH Effective Date has occurred prior to entry of this Order) to the EFIH First Lien Notes Trustee (i) on the EFH Effective Date or as soon as reasonably practicable thereafter following entry of this Order if entered before the Effective Date or (ii) as soon as reasonably practicable after entry of this Order if entered after the EFH Effective Date (with respect to the EFH First Lien Pre-Effective Date Fees, subject to the EFH/EFIH Debtors' receipt of invoices as provided in the EFIH Settlement, to the extent not already provided to the EFH/EFIH Debtors) with such amount to be adjusted as necessary to reflect the interest, Additional Interest, and interest on interest accruing through and including (a) the actual EFH Effective Date, if such amount is paid in full in Cash to the EFIH First Lien Notes Trustee on the EFH Effective Date, or (b) such later date, after the EFH Effective Date, on which such amount is paid in full in Cash to the EFIH First Lien Notes Trustee.

iv.    The EFIH First Lien Notes Trustee (and its professionals) shall not have or incur any liability for, and are released from any cause of action or any claim of the Debtors, any holder of EFIH First Lien Notes, or anyone else related to any act or omission in connection with, relating to, arising out of, or required under this Agreement, the Settlement Approval Order, or any other related documents or agreements, including any act or omission taken (or not taken) in compliance with any direction letter(s) provided by any Supporting EFIH First Lien Creditors pursuant to the EFIH Settlement (the "**EFIH First Lien Notes Trustee Released Claims**"), and the EFH/EFIH Debtors, all Holders of EFIH First Lien Notes and all other persons and entities are hereby barred and enjoined from bringing or otherwise asserting any EFIH First Lien Notes Trustee Released Claims.

v.    All payment of all the amounts specified herein and in the EFIH Settlement with respect to the EFIH First Lien Notes shall be (a) made only in respect of those EFIH First Lien Notes that did not agree to participate in the settlement offered by the Debtors in May and June 2014 pursuant to the Order Approving EFIH First Lien Settlement [D.I. 858]

3

entered by this Court in the Chapter 11 Cases, and (b) indefeasible and not subject to disgorgement, setoff, recoupment, reduction or reallocation of any kind.

4. **Provisions Applicable to Holders of EFIH Second Lien Note Claims and the EFIH Second Lien Notes Trustee.**

    i.    The EFIH Second Lien Notes Trustee is authorized and directed to comply with the directives in the Second Lien Direction Letter of the Supporting EFIH Second Lien Creditors.

    ii.    The Non-Signing EFIH Second Lien Creditors shall be bound by the EFIH Second Lien Settlement, and, for the avoidance of doubt, upon entry of this Order, the Supporting EFIH Second Lien Creditors, the Non-Signing EFIH Second Lien Creditors, the EFIH Second Lien Notes Trustee, the EFIH Unsecured Notes Trustee, all holders of the EFIH Unsecured Notes, and the EFIH Debtors shall be bound by the terms therein regardless of whether the Bankruptcy Court has entered the EFH Confirmation Order or the EFH Effective Date as contemplated by the EFH Confirmation Order occurs. Non-Signing EFIH Second Lien Creditors shall be responsible for their own costs incurred in any litigation challenging, or appeal of, this Order.

    iii.    All amounts to be paid to the EFIH Second Lien Notes Trustee (as Disbursing Agent for Holders of Allowed EFIH Second Lien Note Claims) pursuant to the EFIH Settlement shall be paid in full in Cash EFH Plan Administrator Board from the EFH/EFIH Distribution Account or the EFIH Claims Reserve (as applicable, and depending on whether the EFH Effective Date has occurred prior to entry of this Order) to the EFIH Second Lien Notes Trustee (i) on the EFH Effective Date or as soon as reasonably practicable thereafter following entry of this Order if entered after the Effective Date or (ii) as soon as reasonably practicable after entry of this Order if entered after the EFH Effective Date (with respect to the EFIH Second Lien Pre-Effective Date Fees, subject to the EFH/EFIH Debtors' receipt of invoices as provided in the EFIH Settlement, to the extent not already provided to the EFH/EFIH Debtors) with such amount to be adjusted as necessary to reflect the interest, Additional Interest, and interest on interest accruing through and including (a) the actual EFH Effective Date, if such amount is paid in full in Cash to the respective Indenture Trustees on the EFH Effective Date, or (b) such later date, after the EFH Effective Date, on which such amount is paid in full in Cash to the respective EFIH Second Lien Notes Trustee.

    iv.    The EFIH Second Lien Notes Trustee (and its professionals) shall not have or incur any liability for, and are released from any cause of action or

4

any claim of the Debtors, any holder of EFIH Second Lien Notes, or anyone else related to any act or omission in connection with, relating to, arising out of, or required under this Agreement, the Settlement Approval Order, or any other related documents or agreements, including any act or omission taken (or not taken) in compliance with any direction letter(s) provided by any Supporting EFIH First Lien Creditors pursuant to the EFIH Settlement (the "**EFIH Second Lien Notes Trustee Released Claims**"), and the EFH/EFIH Debtors, all Holders of EFIH Second Lien Notes and all other persons and entities are hereby barred and enjoined from bringing or otherwise asserting any EFIH Second Lien Notes Trustee Released Claims.

v.   All payment of all the amounts specified herein and in the EFIH Settlement with respect to the EFIH Second Lien Notes shall be indefeasible and not subject to disgorgement, setoff, recoupment, reduction or reallocation of any kind.

5.   For the avoidance of doubt, any Additional Interest or interest on interest on the Allowed EFIH First Lien Note Claims or Allowed EFIH Second Lien Note Claims shall cease with respect to any distributions on account of Allowed EFIH First Lien Note Claims or Allowed EFIH Second Lien Note Claims that are made to the EFIH First Lien Notes Trustee and EFIH Second Lien Notes Trustee, as applicable, on the first day after the date such distribution or distributions are made.

6.   The EFIH Unsecured Notes Trustee (and its professionals) shall not have or incur any liability for, and is released from any cause of action or any claim of the Debtors, any holder of EFIH Unsecured Notes, or anyone else related to any act or omission in connection with, relating to, arising out of, or required under this Agreement, the Settlement Approval Order, or any other related documents or agreements, including any act or omission taken (or not taken) in compliance with any direction letter(s) provided by any holder of EFIH Unsecured Notes pursuant to the EFIH Unsecured Creditor Plan Support Agreement (the "**EFIH Unsecured Notes Trustee Released Claims**"), and the EFH/EFIH Debtors, all Holders of EFIH Unsecured Notes and all other persons and entities are hereby barred and enjoined from bringing or

5

otherwise asserting any EFIH Unsecured Notes Trustee Released Claims. Holders of Allowed EFIH Unsecured Note Claims will receive a distribution on account of their Allowed Claims as set forth in the Plan, and expected distributions to such Holders of Allowed EFIH Unsecured Claims will be as set forth in the supplement to the Motion filed in advance of the hearing to consider approval of the EFIH Settlement, subject to the exercise of any charging liens by the EFIH Unsecured Notes Trustee.

7.    As an integral part of the EFIH Settlement, (a) the Allowed EFIH First Lien Claims and Allowed EFIH Second Lien Claims are allowed as Secured Claims; (b) the Allowed EFIH First Lien Claims and Allowed EFIH Second Lien Claims will be paid in full in Cash from the EFH/EFIH Distribution Account or the EFIH Claims Reserve, as set forth above; (b) all liability for the Makewhole Claims under the EFIH First Lien Notes and EFIH Second Lien Notes, subject only to the payment requirement set forth in (b), will be discharged, released, and enjoined by operation of the Plan and EFH Confirmation Order (provided that the Plan is confirmed and consummated); and (d) for the avoidance of doubt, none of the Reorganized Debtors shall have any liability with respect to any of the payment obligations authorized by this Order in excess of the Cash to be delivered by Merger Sub to the EFH/EFIH Distribution Account at the Merger Closing in accordance with the Merger Agreement.

8.    The EFIH Settlement is fair to the Supporting EFIH Unsecured Creditors, Supporting Secured Creditors, Non-Signing Creditors, and the EFH/EFIH Debtors and their estates.

9.    The Parties are authorized to enter into, perform, execute, and deliver all documents and take all actions, necessary to immediately continue and fully implement the EFIH

6

Settlement in accordance with the terms, conditions, agreements, and releases set forth therein, all of which are hereby approved.

10.     Epiq Bankruptcy Solutions, LLC is authorized to amend the official claims register maintained in the Debtors' chapter 11 cases to reflect the terms of the EFIH Settlement.

11.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2017
      Wilmington, Delaware

                                            _____
                                            THE HONORABLE CHRISTOPHER S. SONTCHI
                                            UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1** to **EXHIBIT A**

**EFIH Settlement**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ) | Chapter 11 |
| In re: ) |  |
| ) | Case No. 14-10979 (CSS) |
| ENERGY FUTURE HOLDINGS CORP., ) |  |
| *et al.*,[1] ) | Jointly Administered |
| ) |  |
| Debtors. ) |  |
| ) |  |

## SETTLEMENT AGREEMENT[2]

**WHEREAS,** on April 29, 2014, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), which have been jointly administered under case number 14-10979 (CSS) (collectively, the "**Chapter 11 Cases**");

**WHEREAS,** on November 17, 2016, the United States Court of Appeals for the Third Circuit (the "**Third Circuit**") issued an opinion (the "**Makewhole Decision**") in the appeals captioned *Delaware Trust Co. v. Energy Future Intermediate Holding Co. (In re Energy Future Holdings Corp.)* (No. 16-1351) (the "**EFIH First Lien Makewhole Appeal**") and *Computer Trust Co., NA v. Energy Future Intermediate Holding Co. (In re Energy Future Holdings Corp.)* (Nos. 16-1926, 16-1927, 16-1928) (the "**EFIH Second Lien Makewhole Appeal**", and together with the EFIH First Lien Makewhole Appeal, the "**Makewhole Appeals,**" and such appeals, together with any and all prior and subsequent proceedings in the litigation between the EFIH Debtors, on the one hand, and the EFIH First Lien Trustee and the EFIH Second Lien Trustee and/or holders of the EFIH First Lien Notes and the EFIH Second Lien Notes, on the other hand, regarding alleged Makewhole Claims (as defined in the Plan) based on or derived from the EFIH First Lien Notes or EFIH Second Lien Notes, the "**Makewhole Litigation**"), (a) reversing the judgments of the United States District Court for the District of Delaware (the "**District Court**"), which had affirmed the judgments of the Bankruptcy Court holding that that the EFIH Debtors did not owe any Makewhole Claims to holders of the EFIH First Lien Notes and the EFIH Second Lien Notes, and (b) instructing the District Court to remand to the Bankruptcy Court for further proceedings consistent with the Makewhole Decision;

**WHEREAS,** on December 15, 2016, the EFIH Debtors filed a petition for rehearing (the "**Rehearing Petition**") in the Makewhole Appeals pending in the Third Circuit;

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas  75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]     Capitalized terms used but not defined in this Settlement have the meanings ascribed to them in the Plan.

**WHEREAS,** on February 13, 2017, the Debtors filed their *Seventh Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10815] (as may be further amended, modified, or supplemented from time to time prior to entry of the EFH Confirmation Order, including to incorporate, to the extent necessary, the terms contemplated herein, the "Plan");

**WHEREAS,** on February 3, 2017 the EFIH First Lien Notes Trustee and EFIH Second Lien Notes Trustee objected to the Debtors' Plan, as set forth, respectively, in the *Objection of Delaware Trust Company, as Trustee for the EFIH First Lien Notes, to Confirmation of the Seventh Amended Joint Plan of Reorganization* [D.I. 10760] (the "**EFIH First Lien Objection**"), and the *EFIH Second Lien Notes Trustee's Objection to the Debtors' Plan of Reorganization* [D.I. 10762] (the "**EFIH Second Lien Objection**);

**WHEREAS,** on February 10, 2017 the EFIH First Lien Notes Trustee filed its *Supplemental Objection to Confirmation of Plan* [D.I. 10809] (the "**EFIH First Lien Supplemental Objection**") and the EFIH Second Lien Notes Trustee filed its *Supplemental Objection to Debtors Plan of Reorganization* [D.I. 10810] (the "**EFIH Second Lien Supplemental Objection**," and together with the EFIH First Lien Objection, EFIH Second Lien Objection, and EFIH First Lien Supplemental Objection, the "**EFIH Secured Objections**");

**WHEREAS,** the Parties (as defined below) are aware of the pending Rehearing Petition and litigation pending in other courts related to make-whole claims;

**WHEREAS,** by the terms set forth herein (the "**EFIH Settlement Agreement**") the Parties (as defined below) seek to settle (a) the Makewhole Litigation, (b) the EFIH Intercreditor Litigation, and (c) the EFIH Secured Objections, and any further objections to the Plan thereto, and agree to all other terms and provisions contained herein;

**NOW THEREFORE,** in consideration of the foregoing and of the mutual covenants set forth herein, the Parties agree as follows.

| Term | Description |
| --- | --- |
| **Documentation** | The below settlement terms reflect the agreement amongst (a) undersigned holders or investment advisors or managers of discretionary funds or accounts of such beneficial holders that hold, or direct the vote of, approximately [\_\_]% of the EFIH First Lien Notes (the "**Supporting EFIH First Lien Creditors**"); (b) undersigned holders or investment advisors or managers of discretionary funds or accounts of such beneficial holders that hold, or direct the vote of, approximately [\_\_]% of the EFIH Second Lien Notes (the "**Supporting EFIH Second Lien Creditors**"); (c) the undersigned holders or investment advisors or managers of discretionary funds or accounts of such beneficial holders that hold, or direct the vote of approximately [\_\_]% of the EFIH Unsecured Notes (the "**Supporting EFIH Unsecured Creditors,**" together with the Supporting EFIH First Lien Creditors and Supporting EFIH Second Lien Creditors, the "**Supporting Creditors**"); and (d) the EFH/EFIH Debtors (collectively, the "**Parties**" and the "**EFIH Settlement**").[3]   Any |

---

[3]   Any publicly filed version of the executed Settlement will redact confidential holdings information of each Supporting EFIH First Lien Creditor, Supporting EFIH Second Lien Creditor, and Supporting EFIH Unsecured Creditor.

2

| Term | Description |
|------|-------------|
| | Holders of EFIH First Lien Notes, EFIH Second Lien Notes, and EFIH Unsecured Notes that are not Supporting Creditors are collectively referred to as the "**Non-Signing Creditors**." |
| | For the avoidance of doubt, any Supporting Creditor that executes a signature page to the EFIH Settlement has agreed to be bound to the EFIH Settlement with respect to any and all EFIH First Lien Notes, EFIH Second Lien Notes and EFIH Unsecured Notes which it holds, or with respect to which it directs the vote. |
| | Any holder of EFIH First Lien Notes, EFIH Second Lien Notes, or EFIH Unsecured Notes may become a Supporting EFIH First Lien Creditor, Supporting EFIH Second Lien Creditor, or Supporting EFIH Unsecured Creditor, respectively, by executing a signature page to this Settlement Agreement. |
| | The EFIH Settlement will be effectuated through a settlement motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Settlement Motion") and an order of the Bankruptcy Court approving the Settlement Motion, (which order has not been stayed and, to the extent not waived in the order, as to which the applicable stay period has expired, the "**Settlement Approval Order**").  Unless the Supporting EFIH First Lien Creditors, the Supporting EFIH Second Lien Creditors, and the Supporting EFIH Unsecured Creditors collectively agree otherwise, the EFIH Debtors shall file the Settlement Motion no later than February 17, 2017.  The EFIH Debtors shall use good faith and commercially reasonable efforts to obtain entry of the Settlement Approval Order by March 29, 2017.  Subject to entry of the Settlement Approval Order, the EFIH Debtors agree to and will be bound by the EFIH Settlement.  Subject to entry of the EFH Confirmation Order, the Debtors agree they shall have no "fiduciary out" to terminate their commitment to seek approval of the EFIH Settlement and entry of the Settlement Approval Order, unless or until the Bankruptcy Court determines not to approve the EFIH Settlement Agreement. |
| | All other Parties (and their successors and assigns) shall be bound to the EFIH Settlement from the date of execution of the EFIH Settlement Agreement (unless and until the Bankruptcy Court determines not to enter the Settlement Approval Order).  To the extent the Court determines not to approve the EFIH Settlement Agreement, nothing herein shall constitute an admission by any Party, and the litigation rights of all such Parties shall be fully preserved. |
| **Commitments of EFIH First Lien Creditors and EFIH Second Lien Creditors** | Each Supporting EFIH First Lien Creditor and each Supporting EFIH Second Lien Creditor (in its capacity as a holder of EFIH First Lien Notes or a holder of EFIH Second Lien Notes): <br> • agrees, notwithstanding any subsequent developments (other than denial of the relief requested in the Settlement Approval Motion) to the EFIH |

| Term | Description |
|------|-------------|
|  | First Lien Settlement and EFIH Second Lien Settlement, respectively; |

- shall use good faith and commercially reasonable efforts to assist in obtaining entry of the Settlement Approval Order and consummate the transactions contemplated herein, with all reasonable costs and expenses it incurs in doing so to be paid or reimbursed by EFIH;

- shall not direct any administrative agent, collateral agent, or indenture trustee (as applicable) to take any action inconsistent with such Supporting Creditor's respective obligations under this EFIH Settlement, and if any applicable administrative agent, collateral agent, or indenture trustee takes any action inconsistent with such Supporting Creditor's obligations under this Settlement Agreement, such Supporting Creditor shall direct such administrative agent, collateral agent, or indenture trustee to cease and refrain from taking any such action.

- agrees, if such Supporting Creditor is a Supporting EFIH First Lien Creditor, to execute and submit an appropriate direction letter (the "**First Lien Direction Letter**") to the EFIH First Lien Notes Trustee, in its capacity as indenture trustee for the EFIH First Lien Notes, directing the EFIH First Lien Notes Trustee (1) to file a statement in support of the EFIH First Lien Settlement on the Bankruptcy Court docket in advance of the objection deadline on the Settlement Approval Motion, (2) to not object to the EFIH First Lien Settlement as defined below, and (3) upon entry of the Settlement Approval Order approving both the EFIH First Lien Settlement and EFIH Second Lien Settlement, and payment in Cash in full of all Allowed EFIH First Lien Claims (as defined below) (other than the EFIH First Lien Post-Effective Date Fees and any EFIH First Lien Pre-Effective Date Fees not invoiced, or as to which no EFIH First Lien Incurred Estimate (as defined below) has been sent to the EFH/EFIH Debtors, by two weeks prior to the anticipated Effective Date of the Plan, the payment of which may occur subsequently in accordance with the terms of this Settlement Agreement), to dismiss the EFIH Intercreditor Litigation with prejudice.

- agrees to provide the EFH/EFIH Debtors a reasonable estimate of fees and expenses likely to be incurred before the Effective Date but billed after the Effective Date (the "EFIH First Lien Incurred Estimate" and the "EFIH Second Lien Incurred Estimate," respectively)

- The First Lien Direction Letter may provide that if the Bankruptcy Court enters an order approving the EFIH First Lien Settlement but not approving the EFIH Second Lien Settlement, the EFIH First Lien Notes Trustee shall not dismiss the EFIH Intercreditor Litigation but shall reduce the relief sought in the EFIH Intercreditor Litigation by all Allowed EFIH First Lien Claims that are paid in full in Cash by the EFIH Debtors.

- For the avoidance of doubt and notwithstanding anything in this Settlement Agreement to the contrary, if the Bankruptcy Court enters an

| Term | Description |
|------|-------------|
|  | order approving the EFIH First Lien Settlement but does not approve the EFIH Second Lien Settlement, the EFIH First Lien Notes Trustee and holders of the EFIH First Lien Notes shall have no obligation to dismiss the EFIH Intercreditor Litigation and shall retain all rights therein but shall reduce the relief sought in the EFIH Intercreditor Litigation by all Allowed EFIH First Lien Claims that are paid in full in Cash by the EFIH Debtors. <br><br> • For the avoidance of doubt and notwithstanding anything in this Settlement Agreement to the contrary, if (a) the Bankruptcy Court enters an order approving the EFIH First Lien Settlement but does not approve the EFIH Second Lien Settlement, the EFIH First Lien Notes Trustee and holders of the EFIH First Lien Notes shall have no obligation to dismiss the EFIH Intercreditor Litigation and shall retain all rights therein subject to the immediately prior bullet in this Settlement Agreement, and (b) if the Settlement Approval Order is entered approving the EFIH First Lien Settlement and the Allowed EFIH First Lien Claims are paid in full in Cash pursuant to the terms of this Settlement Agreement, and a subsequent settlement is entered into settling the EFIH Second Lien Makewhole Claims, or the EFH Plan Administrator Board, at the direction of the Makewhole Litigation Oversight Committee dismisses any pending Makewhole Litigation involving the EFIH Second Lien Notes Trustee, the EFIH First Lien Notes Trustee shall dismiss, with prejudice, the EFIH Intercreditor Litigation. <br><br> • agrees, if such Supporting Creditor is a Supporting EFIH Second Lien Creditor, to execute and submit an appropriate direction letter (the "**Second Lien Direction Letter**") to the EFIH Second Lien Notes Trustee, in its capacity as indenture trustee for the EFIH Second Lien Notes, directing the EFIH Second Lien Notes Trustee (1) to file a statement in support of the EFIH Second Lien Settlement on the Bankruptcy Court docket in advance of the objection deadline on the Settlement Approval Motion, and (2) to not object to or oppose the EFIH Second Lien Settlement as defined below.  In addition, at the reasonable request of the EFIH Debtors, each Supporting EFIH Second Lien Creditor agrees that it will instruct its advisors to attempt to contact any known holder of EFIH Second Lien Notes not then a Party hereto to request that such holder become a party to the EFIH Settlement by executing a signature page to this Agreement. <br><br> • agrees that in the event the EFIH First Lien Settlement is not approved pursuant to the Settlement Approval Order, the EFIH Second Lien Settlement shall be terminated. <br><br> • For the avoidance of doubt, and notwithstanding anything to the contrary contained in this Settlement Agreement, the EFIH Collateral Trust Agreement and the rights, priorities, and obligations thereunder of the EFIH First Lien Trustee and holders of EFIH First Lien Notes, on the one hand, and the EFIH Second Lien Trustee and holders of EFIH Second |

| Term | Description |
|------|-------------|
| | Lien Notes, on the other, shall be preserved with regard to the Allowed EFIH First Lien Claims and the Allowed EFIH Second Lien Claims, subject to dismissal of the EFIH Intercreditor Litigation on the terms and subject to the conditions of this Settlement Agreement. |
| **EFIH First Lien Settlement** | The Settlement Approval Order shall be in form and substance reasonably acceptable to the Supporting EFIH First Lien Creditors and the EFIH First Lien Notes Trustee and shall approve the following (the "**EFIH First Lien Settlement**"):<br><br>• Allow, as Secured Claims, all of the following Claims in respect of the EFIH First Lien Notes (all such Claims, collectively, the "**Allowed EFIH First Lien Claims**"):<br><br>   • 95% of the following:<br><br>      • the Makewhole Claims in respect of the EFIH First Lien Notes (the "**EFIH First Lien Makewhole Claims**"), as well as<br><br>      • interest on the EFIH First Lien Makewhole Claims from and including June 19, 2014 (the date the EFIH First Lien Notes were redeemed) (the "**Redemption Date**") to and including the date of payment in full in Cash of the EFIH First Lien Makewhole Claims, including Additional Interest and interest on interest (all at the applicable rates set forth in, and as calculated in accordance with the EFIH First Lien Notes, the EFIH First Lien 2017 Note Indenture, the EFIH First Lien 2020 Note Indenture, and/or any related agreement, as applicable, which interest for purposes of this EFIH First Lien Settlement will be deemed to compound on a semi-annual basis rather than on a daily basis; all such interest, the "**EFIH First Lien Makewhole Interest**"), all in accordance with, and as set forth in, **Schedule 1** of this Agreement (with such 95% of the EFIH First Lien Makewhole Claims and EFIH First Lien Makewhole Interest as specified herein being the "**Allowed EFIH First Lien Makewhole Claims**");<br><br>   • all Claims for (x) documented fees and expenses (including all professional fees and expenses) incurred and invoiced (in reasonably detailed invoices provided to the EFH/EFIH Debtors, redacted to preserve attorney client privilege and confidentiality), or for any fees and expenses incurred before the EFH Effective Date, as to which the EFIH First Lien Notes Trustee has provided an EFIH First Lien Incurred Estimate, as of the  Effective Date of the Plan by the EFIH First Lien Notes Trustee and/or the Supporting EFIH First Lien Creditors (or any ad hoc group of EFIH First Lien Creditors that includes the Supporting EFIH First Lien Creditors) (the "**EFIH First Lien Pre-Effective Date Fees**"), and (y) all documented fees and expenses (including all professional fees and expenses) and |

| Term | Description |
|------|-------------|
| | indemnification claims, if any, otherwise incurred and/or invoiced (in reasonably detailed invoices provided to the EFH/EFIH Debtors and the EFH Plan Administrator Board, as applicable, redacted to preserve attorney client privilege and confidentiality) after the Effective Date of the Plan by the EFIH First Lien Notes Trustee and/or the Supporting EFIH First Lien Creditors (or any ad hoc group of EFIH First Lien Creditors that includes the Supporting EFIH First Lien Creditors) (the "**EFIH First Lien Post-Effective Date Fees and Indemnification Claims**", together with the EFIH First Lien Pre-Effective Date Fees, the "**EFIH First Lien Fees**").  The EFH/EFIH Debtors shall not dispute that any of the EFIH First Lien Fees (including the completion or success fee of BRG Capstone and any fees and expenses incurred before or after the Effective Date in performing or enforcing this Agreement) are reasonable and payable by the EFIH Debtors under the EFIH First Lien Note Indentures and applicable law.  The EFIH First Lien Post-Effective Date Fees shall be funded in the amount of $2,000,000 or some other amount to be determined by the Supporting EFIH First Lien Creditors, the Supporting EFIH Unsecured Creditors, and the EFH/EFIH Debtors in advance of the hearing to consider approval of the Settlement Approval Motion, and shall be held by the EFIH First Lien Notes Trustee to pay any EFIH First Lien Post-Effective Date Fees and Indemnification Claims and, upon the expiration of a certain period of time, which period shall be agreed to by the EFIH First Lien Notes Trustee and the Supporting EFIH Unsecured Creditors prior to approval of the Settlement Approval Motion (or, if necessary, as determined by the Court at the hearing to approve the Settlement Approval Motion) shall be distributed to the EFIH Unsecured Notes Trustee for distributions to the Class B6 Creditors pursuant to the terms of the Plan (the "**EFIH First Lien Post-Effective Date Fee and Indemnification Reserve**"); and <br><br> • all Claims that are not part of the EFIH First Lien Makewhole Claim Amount (as defined on **Schedule 1**) for (x) Additional Interest (as defined in the Plan), as of the Redemption Date, (y) any other unpaid interest, and (z) interest on interest (all at the applicable rates set forth in, and as calculated in accordance with the EFIH First Lien Notes, the EFIH First Lien 2017 Note Indenture, the EFIH First Lien 2020 Note Indenture, and/or any related agreement, as applicable, which interest for purposes of this EFIH First Lien Settlement will be deemed to compound on a semi-annual basis rather than on a daily basis) that has accrued or accrues through and including  the date on which such Additional Interest, other interest, or interest on interest is paid in full, all as set forth in **Schedule 1** to this Agreement ((x), (y) and (z), collectively, the "**EFIH First Lien Non-Makewhole Interest**"). <br><br> • The  Parties  stipulate  and  agree  that,  for  purposes  of  the  Settlement Approval Order, the Allowed EFIH First Lien Claims shall be computed, allocated, and paid Pro Rata within each of the 10.0% Notes, the 10.5% Notes, and the 6.875% Notes (all as defined in **Schedule 1**) in accordance |

| Term | Description |
|------|-------------|
| | with **Schedule 1** to this Agreement, adjusted as necessary to reflect the actual Effective Date of the Plan (or other date of payment of the Allowed EFIH First Lien Claims in full, as applicable); *provided, however,* the EFIH First Lien Fees shall be allocated among the holders of Allowed EFIH First Lien Claims as specified in **Schedule 1**.<br><br>• Until distributions on account of such Allowed EFIH First Lien Claims are disbursed in full, in Cash, to the EFIH First Lien Notes Trustee, the Parties further stipulate and agree that the Allowed EFIH First Lien Claims (other than the EFIH First Lien Fees) shall continue to accrue interest, including for the avoidance of doubt Additional Interest, and interest on interest, and the EFIH Debtors shall be obligated to pay such interest in Cash, as set forth in the applicable indentures and notes and in **Schedule 1** to this Agreement.  For the avoidance of doubt, no interest, additional interest, and interest on interest should accrue on the Allowed EFIH First Lien Claims after the Allowed EFIH First Lien Claims have been paid, in full, in Cash, to the EFIH First Lien Notes Trustee.<br><br>• The EFIH First Lien Settlement shall be conditioned upon the agreement of the EFIH First Lien Notes Trustee to not object to the EFIH First Lien Settlement (pursuant to the First Lien Direction Letter). |
| **EFIH First Lien Settlement: Settlement Order Provisions** | The Settlement Approval Order shall:<br><br>• authorize and direct the EFIH First Lien Notes Trustee to comply with the directives in the First Lien Direction Letter of the Supporting EFIH First Lien Creditors;<br><br>• provide that any holder of EFIH First Lien Notes that did not execute a signature page to this Agreement by the date of entry of the Settlement Approval Order (such holders, the "**Non-Signing EFIH First Lien Creditors**") shall nevertheless be bound by the EFIH First Lien Settlement, and, for the avoidance of doubt, upon entry of the Settlement Approval Order, the Supporting EFIH First Lien Creditors, the Non-Signing EFIH First Lien Notes Trustee, Holders of the EFIH Unsecured Notes, and the EFIH Debtors shall be bound by the terms therein (unless and until the Bankruptcy Court determines not to enter the Settlement Approval Order) regardless of whether the Bankruptcy Court enters the EFH Confirmation Order or whether the Effective Date as contemplated by the Plan occurs.  Non-Signing EFIH First Lien Creditors shall be responsible for their own costs incurred in any litigation challenging, or appeal of, the Settlement Approval Order;<br><br>• provide for the payment in full in Cash on the Effective Date of the Plan (or as soon as reasonably practicable thereafter) of all EFIH First Lien Non-Makewhole Interest, as set forth in **Schedule 1** to this Agreement, with such amount to be adjusted as necessary to reflect the interest |

| Term | Description |
|------|-------------|
|  | accruing through and including (a) the actual Effective Date of the Plan, if such amount is paid in full in Cash on the Effective Date, or (b) such later date, after the Effective Date of the Plan, on which such amount is paid in full in Cash; |

- provide for the payment in full in Cash on the Effective Date of the Plan (or as soon as reasonably practicable thereafter) of the Allowed EFIH First Lien Makewhole Claims, as set forth in **Schedule 1** to this Agreement, with such amount to be adjusted as necessary to reflect the interest accruing through and including (a) the actual Effective Date of the Plan, if such amount is paid in full in Cash on the Effective Date, or (b) such later date, after the Effective Date of the Plan, on which such amount is paid in full in Cash; *provided*, *further* that the Parties stipulate and agree that as an integral part of the EFIH First Lien Settlement, all Makewhole Claims under the EFIH First Lien Notes, other than for the full amount of the Allowed EFIH First Lien Makewhole Claims, will be discharged, released, and enjoined, as against the EFIH Debtors, by operation of the Plan (provided that the Plan is confirmed and consummated) except all Claims under the EFIH First Lien Notes (and any claims under the EFIH Collateral Trust Agreement) that are not paid in full pursuant to this Settlement Agreement shall not be discharged, released, or enjoined as against the EFIH Second Lien Notes Trustee and holders of the EFIH Second Lien Notes unless the EFIH Intercreditor Litigation is dismissed on the terms and subject to the conditions of this Settlement Agreement;

- subject to the receipt of invoices, as described above, provide for the payment in full in Cash on the Effective Date of the Plan of all EFIH First Lien Pre-Effective Date Fees and the EFIH First Lien Incurred Estimate, as set forth on **Schedule 1** to this Agreement;

- subject to the receipt of invoices (or estimates), as described above, provide for the payment in full in Cash, as soon as reasonably practicable after the Effective Date (and no later than 30 calendar days following receipt of an invoice), of all EFIH First Lien Post-Effective Date Fees from the EFIH First Lien Post-Effective Date Fee and Indemnification Reserve; *provided*, *however*, that each EFIH First Lien Post-Effective Date invoice shall first be credited against the EFIH First Lien Incurred Estimate, to the extent the EFIH First Lien Incurred Estimate overestimated the fees and expenses incurred by the EFIH First Lien Notes Trustee or its Holders before the EFH Effective Date but billed after the EFH Effective Date, until such time the excess EFIH First Lien Incurred Estimate has been reduced to zero;

- to the fullest extent permitted by law, provide for a release in favor of the EFIH First Lien Notes Trustee (and its professionals) from any cause of action or any claim of the Debtors, any holder of EFIH First Lien Notes, or anyone else related to any act or omission in connection with, relating to, arising out of, or required under this Agreement, the Settlement Approval Order, or any other related documents or agreements, including

| Term | Description |
|------|-------------|
| | any act or omission taken (or not taken) in compliance with any direction letter(s) provided by any Supporting EFIH First Lien Creditors pursuant to this Settlement Agreement; and<br><br>• provide that the payment of all the amounts specified herein with respect to the EFIH First Lien Notes shall be (a) made only in respect of those EFIH First Lien Notes that did not agree to participate in the settlement offered by the Debtors in May and June 2014 pursuant to the Order Approving EFIH First Lien Settlement [D.I. 858] entered by the Bankruptcy Court in the Chapter 11 Cases, and (b) indefeasible and not subject to disgorgement, setoff, recoupment, reduction or reallocation of any kind. |
| **Termination of EFIH First Lien Makewhole Litigation** | As soon as reasonably practicable but in no event than the date that is later than three (3) Business Days after filing the Settlement Approval Motion, the EFIH Debtors will file a letter with the Third Circuit requesting that Third Circuit enter an order (the "**First Lien Stay Order**") staying further consideration of the EFH/EFIH Debtors' Rehearing Petition and the Makewhole Appeals until the date (the "**First Lien Stay Termination Date**") the Rehearing Petition is withdrawn, pursuant to the provisions below.<br><br>Each EFH/EFIH Debtor agrees that it shall take all steps reasonably necessary to have the First Lien Stay Order entered or otherwise obtain approval of such stay, and, so long as the First Lien Stay Order is in effect and until the First Lien Stay Termination Date, each EFH/EFIH Debtor and Initial Supporting Creditor agrees that it shall refrain from (x) challenging the Third Circuit's ruling in the Makewhole Appeals or (y) otherwise seeking to challenge the EFIH First Lien Makewhole Claims or EFIH First Lien Makewhole Interest; *provided, however*, that if the First Lien Stay Order is terminated or not entered for any reason, other than due to the failure of the EFH/EFIH Debtors or the EFH Plan Administrator Board, as applicable, shall, as directed by the Initial Supporting Creditors or the Makewhole Litigation Oversight Committee, as applicable (which shall provide such direction), take all steps reasonably necessary to have the First Lien Stay Order entered or otherwise obtain approval of such stay or due to actions taken by the EFIH/EFIH Debtors to cause the First Lien Stay Order to cease to remain in effect, the EFH/EFIH Debtors shall be permitted to take any and all actions in the Makewhole Litigation that they deem reasonably necessary to preserve their litigation rights.<br><br>Until the First Lien Stay Termination Date, the Supporting EFIH First Lien Creditors shall not directly or indirectly oppose or otherwise seek to prevent entry of the First Lien Stay Order or take any action that would cause such order to cease to remain in effect; *provided, however*, that if the First Lien Stay Order is terminated or not entered for any reason, other than due to the actions taken by the Supporting EFIH First Lien Creditors to prevent its entry or to cause it to cease to remain in effect, the Supporting EFIH First Lien Creditors shall be permitted to take any and all actions in the Makewhole |

10

| Term | Description |
|------|-------------|
| | Litigation that they deem reasonably necessary to preserve their litigation rights. |
| | Within five (5) Business Days of the entry of the Settlement Approval Order by the Bankruptcy Court, if the Rehearing Petition remains pending, the EFH/EFIH Debtors shall file a notice or other pleading in the Makewhole Appeals withdrawing the Rehearing Petition with prejudice and shall withdraw any other pending pleading, and neither the EFH/EFIH Debtors nor the Supporting EFIH Unsecured Creditors shall file any new pleading (including the filing of any petition for certiorari or other review in the U.S. Supreme Court), seeking review of the Makewhole Decision or otherwise disputing the EFIH First Lien Makewhole Claims, EFIH First Lien Makewhole Interest, EFIH Second Lien Makewhole Claims, or EFIH Second Lien Makewhole Interest. |
| **EFIH Second Lien Settlement** | The Settlement Approval Order shall be in form and substance reasonably acceptable to the Supporting EFIH Second Lien Creditors and the EFIH Second Lien Notes Trustee and shall approve the following (the "**EFIH Second Lien Settlement**"):<br><br>• Allow, as Secured Claims, all of the following Claims in respect of the EFIH Second Lien Notes (all such Claims, collectively, the "**Allowed EFIH Second Lien Claims**").<br><br>  • 87.5% of the following:<br><br>    • the Makewhole Claims in respect of the EFIH Second Lien Notes (the "**EFIH Second Lien Makewhole Claims**"), as well as<br><br>    • interest on the EFIH Second Lien Makewhole Claims to and including, in full in Cash, the date of payment of the EFIH Second Lien Makewhole Claims, including Additional Interest and interest on interest (all at the applicable rates set forth in, and as calculated in accordance with the EFIH Second Lien Notes, the EFIH Second Lien 2020 Note Indenture, the EFIH Second Lien 2022 Note Indenture, and/or any related agreement, as applicable, which interest for purposes of this EFIH Second Lien Settlement will be deemed to compound on a semi-annual basis rather than on a daily basis; all such interest, the "**EFIH Second Lien Makewhole Interest**"), all in accordance with and as set forth in **Schedule 2** of this Agreement, (with the amount of the EFIH Second Lien Makewhole Claims and EFIH Second Lien Makewhole Interest as specified herein being the "**Allowed EFIH Second Lien Makewhole Claims**"):<br><br>    • all claims for (x) documented fees and expenses (including all professional fees and expenses) incurred and invoiced (in reasonably detailed invoices provided to the EFH/EFIH Debtors redacted to |

| Term | Description |
|------|-------------|
| | preserve attorney client privilege and confidentiality), or for any fees and expenses incurred before the EFH Effective Date, as to which the EFIH Second Lien Notes Trustee has provided an EFIH Second Lien Incurred Estimate, as of the Effective Date of the Alternative E-Side Plan by the EFIH Second Lien Notes Trustee and/or the Supporting EFIH Second Lien Creditors (or any ad hoc group of EFIH Second Lien Creditors that includes the Supporting EFIH Second Lien Creditors) (the "**EFIH Second Lien Pre-Effective Date Fees**"), and (y) all documented fees and expenses (including all professional fees and expenses) and indemnification claims, if any, otherwise incurred and/or invoiced (in reasonably detailed invoices provided to the EFH/EFIH Debtors redacted to preserve attorney client privilege and confidentiality) after the Effective Date of the Plan by the EFIH Second Lien Notes Trustee and/or the Supporting EFIH Second Lien Creditors (or any ad hoc group of EFIH Second Lien Creditors that includes the Supporting EFIH Second Lien Creditors) (the "**EFIH Second Lien Post-Effective Date Fees and Indemnification Claims**", together with the EFIH Second Lien Pre-Effective Date Fees, the "**EFIH Second Lien Fees**").  The EFH/EFIH Debtors shall not dispute that any of the EFIH Second Lien Fees (including the Completion Fee of Rothschild Inc. ("**Rothschild**"), financial advisor to the EFIH Second Lien Notes Trustee, pursuant to Rothschild's engagement letter with the EFIH Second Lien Notes Trustee dated as of April 18, 2014, and any fees and expenses incurred before or after the Effective Date in performing or enforcing this Agreement) are reasonable and payable by the EFIH Debtors under the EFIH Second Lien Indenture and applicable law.  The EFIH Second Lien Post-Effective Date Fees shall be funded in the amount of $2,000,000 or some other amount to be determined by the Supporting EFIH Second Lien Creditors, the Supporting EFIH Unsecured Creditors, and the EFH/EFIH Debtors in advance of the hearing to consider approval of the Settlement Approval Motion, and shall be held by the EFIH Second Lien Notes Trustee to pay any EFIH Second Lien Post-Effective Date Fees and Indemnification Claims and, upon the expiration of a certain period of time, which period shall be agreed to by the EFIH Second Lien Notes Trustee and the Supporting EFIH Unsecured Creditors prior to approval of the Settlement Approval Motion (or, if necessary, as determined by the Court at the hearing to approve the Settlement Approval Motion) shall be distributed to the EFIH Unsecured Notes Trustee for distributions to the Class B6 Creditors pursuant to the terms of the Plan (the "**EFIH Second Lien Post-Effective Date Fee and Indemnification Reserve**");<br><br>• the Principal Claims (as set forth on **Schedule 2** of this Agreement);<br><br>• all Claims that are not part of the EFIH Second Lien Makewhole Claim Amount (as defined on **Schedule 2**) for (x) Additional Interest (as defined in the Plan), (y) any other unpaid interest, and (z) and interest on interest (all at the applicable rates set forth in, and as |

| Term | Description |
|------|-------------|
| | calculated in accordance with the EFIH Second Lien Notes, the EFIH Second Lien 2020 Note Indenture, the EFIH Second Lien 2022 Note Indenture and/or any related agreement, as applicable, which interest for purposes of this EFIH Second Lien Settlement, will be deemed to compound on a semi-annual basis rather than on a daily basis) that has accrued or accrues through and including the date on which such Additional Interest, other interest, or interest on interest is paid in full, all as set forth in **Schedule 2** to this Agreement ((x), (y), and (z), collectively, the "**EFIH Second Lien Non-Makewhole Interest**"). <br><br> • The Parties stipulate and agree that, for purposes of the Settlement Approval Order and the Plan, Allowed EFIH Second Lien Claims shall be computed, allocated, and paid Pro Rata by CUSIP in accordance with **Schedule 2** to this Agreement, adjusted as necessary to reflect to the actual Effective Date of the Plan (or other date of payment of the Allowed EFIH Second Lien Claims in full, as applicable). <br><br> • Until distributions on account of such Allowed EFIH Second Lien Claims are disbursed in full, in Cash, to the EFIH Second Lien Notes Trustee, the Parties further stipulate and agree that the Allowed EFIH Second Lien Claims (other than the EFIH Second Lien Fees) shall continue to accrue interest, including for the avoidance of doubt Additional Interest, and interest on interest, and the EFIH Debtors shall be obligated to pay such interest in Cash, as set forth in the applicable indentures and notes and in **Schedule 2** to this Agreement, until such Allowed EFIH Second Lien Claims are paid in full in Cash. For the avoidance of doubt, no interest, Additional Interest, and interest on interest should accrue on the Allowed EFIH Second Lien Claims after the Allowed EFIH Second Lien Claims have been paid, in full, in Cash, to the EFIH Second Lien Notes Trustee. <br><br> • The EFIH Second Lien Settlement shall be conditioned upon the agreement of the EFIH Second Lien Notes Trustee to not object to the EFIH Second Lien Settlement (pursuant to the Second Lien Direction Letter). |
| **EFIH Second Lien Settlement: Settlement Order Provisions** | The Settlement Approval Order shall: <br><br> • Approve the EFIH Second Lien Settlement; <br><br> • authorize and direct the EFIH Second Lien Notes Trustee to comply with the directives in the Second Lien Direction Letter of the Supporting EFIH Second Lien Creditors; <br><br> • provide that any holder of EFIH Second Lien Notes that did not execute a signature page to this Agreement by the date of entry of the Settlement Approval Order (such holders, the "**Non-Signing EFIH Second Lien Creditors**") shall nevertheless be bound by the EFIH Second Lien Settlement, and, for the avoidance of doubt, upon entry of the Settlement Approval Order, the Supporting EFIH Second Lien Creditors, the Non- |

| Term | Description |
|------|-------------|
|      | Signing EFIH Second Lien Creditors, the EFIH Second Lien Notes Trustee, Holders of the EFIH Unsecured Notes, and the EFIH Debtors shall be bound by the terms therein (unless and until the Bankruptcy Court determines not to enter the Settlement Approval Order) regardless of whether the Bankruptcy Court enters the EFH Confirmation Order or the Effective Date as contemplated by the EFH Confirmation Order occurs. Non-Signing EFIH Second Lien Creditors shall be responsible for their own costs incurred in any litigation challenging, or appeal of, the Settlement Approval Order;<br><br>• provide for the payment in full in Cash on the Effective Date of the Plan or as soon as reasonably practicable thereafter of all Principal and EFIH Second Lien Non-Makewhole Interest relating to the EFIH Second Lien Notes as set forth in herein and in **Schedule 2** to this Agreement (with such amounts to be adjusted as necessary to reflect the interest accruing through and including (a) the actual Effective Date of the Plan, if such amount is paid in full in cash on the Effective Date, or (b) such later date, after the Effective Date of the Plan, on which such amount is paid in full in Cash);<br><br>• provide for the payment in full in Cash on the Effective Date of the Plan (or as soon as reasonably practicable thereafter) the Allowed EFIH Second Lien Makewhole Claims (as set forth in **Schedule** 2 of this Agreement, with such amount to be adjusted as necessary to reflect the interest accruing through and including (a) the actual Effective Date of the Plan, on which such amount is paid in full in Cash), or (b) such later date, after the Effective Date of the Plan, on which such amount is paid in full in Cash; *provided, further*, that the Parties stipulate and agree that as an integral part of the EFIH Second Lien Settlement, all Makewhole Claims under the EFIH Second Lien Notes other than for the full amount of the Allowed EFIH Second Lien Makewhole Claims, will be discharged, released, and enjoined by operation of the Plan (provided that the Plan is confirmed and consummated);<br><br>• subject to the receipt of invoices, as described above, provide for the payment in full in Cash on the Effective Date of the Plan all EFIH Second Lien Pre-Effective Date Fees and the EFIH Second Lien Incurred Estimate;<br><br>• subject to the receipt of invoices (or estimates), as described above, provide for the payment in full in Cash, as soon as reasonably practicable after the Effective Date (and no later than 30 calendar days following receipt of an invoice), of all EFIH Second Lien Post-Effective Date Fees from the EFIH Second Lien Post-Effective Date Fee and Indemnification Reserve; *provided, however*, that each EFIH Second Lien Post-Effective Date invoice shall first be credited against the EFIH Second Lien Incurred Estimate, to the extent the EFIH Second Lien Incurred Estimate overestimated the fees and expenses incurred by the EFIH Second Lien Notes Trustee or its Holders before the EFH Effective Date, but billed |

| Term | Description |
|---|---|
| | after the EFH Effective Date, until such time the excess EFIH Second Lien Incurred Estimate has been reduced to zero. |
| | • to the fullest extent permitted by law, provide for a release in favor of the EFIH Second Lien Notes Trustee (and its professionals) from any cause of action or any claim of the Debtors, any holder of EFIH Second Lien Notes, or anyone else related to any act or omission in connection with, relating to, arising out of, or required under this Agreement, the Settlement Approval Order, or any other related documents or agreements, including any act or omission taken (or not taken) in compliance with any direction letter(s) provided by any Supporting EFIH Second Lien Creditors, including the Second Lien Direction Letter; |
| | • provide that the payment of all the amounts specified herein with respect to the EFIH Second Lien Notes shall be indefeasible and not subject to disgorgement, setoff, recoupment, reduction or reallocation of any kind. |
| **Termination of EFIH Second Lien Makewhole Litigation** | Within three (3) Business Days of filing the Settlement Approval Motion, the EFIH Debtors will file a letter with the Third Circuit, requesting that Third Circuit enter an order (the "**Second Lien Stay Order**") staying further consideration of the EFH/EFIH Debtors' Rehearing Petition and/or the Makewhole Appeals until the date (the "**Second Lien Stay Termination Date**") the Rehearing Petition is withdrawn, pursuant to the provisions below. |
| | Each EFH/EFIH Debtor agrees that it shall take all steps reasonably necessary to have the Second Lien Stay Order entered or otherwise obtain approval of such stay, and, so long as the Second Lien Stay Order is in effect and until the Second Lien Stay Termination Date, each EFH/EFIH Debtor and Supporting EFIH Unsecured Creditor agrees that it shall refrain from (x) challenging the Third Circuit's ruling in the Makewhole Appeals or (y) otherwise seeking to challenge the EFIH Second Lien Makewhole Claims or EFIH Second Lien Makewhole Interest; *provided, however*, that if the Second Lien Stay Order is terminated or not entered for any reason, other than due to the failure of the EFIH/EFIH Debtors to take all steps reasonably necessary to have the Second Lien Stay Order entered or otherwise obtain approval of such stay or due to actions taken by the EFIH/EFIH Debtors to cause the Second Lien Stay Order to cease to remain in effect, the EFH/EFIH Debtors shall be permitted to take any and all actions in the Makewhole Litigation that they deem reasonably necessary to preserve their litigation rights. |
| | Until the Second Lien Stay Termination Date, the Supporting EFIH Second Lien Creditors (and the EFIH Second Lien Notes Trustee) shall not directly or indirectly oppose or otherwise seek to prevent entry of the Second Lien Stay Order or take any action that would cause such order to cease to remain in effect; *provided, however*, that if the Second Lien Stay Order is terminated or not entered for any reason, other than due to the actions taken by the Supporting EFIH Second Lien Creditors to prevent its entry or to cause it to cease to remain in effect, the Supporting EFIH Second Lien Creditors (and the |

15

| Term | Description |
|---|---|
| | EFIH Second Lien Notes Trustee) shall be permitted to take any and all actions in the Second Lien Makewhole Litigation that they deem reasonably necessary to preserve their litigation rights.<br><br>Within five (5) Business Days of the entry of the Settlement Approval Order by the Bankruptcy Court, if the Rehearing Petition remains pending, the EFH/EFIH Debtors shall file a notice or other pleading in the Makewhole Appeals withdrawing the Rehearing Petition with prejudice and shall withdraw any other pending pleading, and neither the EFH/EFIH Debtors nor the Supporting EFIH Unsecured Creditors shall file any new pleading (including the filing of any petition for certiorari or other review in the U.S. Supreme Court), seeking review of the Makewhole Decision or otherwise disputing the EFIH Second Lien Makewhole Claims or EFIH Second Lien Makewhole Interest. |
| **Commitments of Supporting EFIH Unsecured Creditors** | Each Supporting EFIH Unsecured Creditor (in its capacity as a holder of EFIH Unsecured Notes, and, if applicable, as a holder of EFIH First Lien Notes and a holder of EFIH Second Lien Notes):<br><br>• agrees, notwithstanding any subsequent developments (other than denial of the relief requested in the Settlement Approval Motion), to the EFIH First Lien Settlement and EFIH Second Lien Settlement;<br><br>• agrees that it shall use good faith and commercially reasonable efforts to assist in obtaining entry of the Settlement Approval Order and consummate the transactions contemplated herein.<br><br>• agrees that it shall not direct any administrative agent, collateral agent, or indenture trustee (as applicable) to take any action inconsistent with such Supporting Creditor's obligations under this EFIH Settlement, and if any applicable administrative agent, collateral agent, or indenture trustee takes any action inconsistent with such Supporting Creditor's obligations under this Settlement Agreement, such Supporting Creditor shall direct such administrative agent, collateral agent, or indenture trustee to cease and refrain from taking any such action; and<br><br>• that, to the extent it is an Initial Supporting Creditor, represents that it has consented to this Settlement Agreement pursuant to section 7(c) of the EFIH Unsecured Creditor Plan Support Agreement. |
| **EFIH Unsecured Notes: Settlement Order Provisions** | The Settlement Approval Order shall be in form and substance reasonably accepting to the Supporting EFIH Unsecured Creditors and the EFIH Unsecured Notes Trustee and shall:<br><br>• to the fullest extent permitted by law, provide for a release in favor of the EFIH Unsecured Notes Trustee (and its professionals) from any cause of action or any claim of the Debtors, any holder of EFIH Unsecured Notes, or anyone else related to any act or omission in connection with, relating |

| Term | Description |
|---|---|
| | to, arising out of, or required under this Agreement, the Settlement Approval Order, or any other related documents or agreements, including any act or omission taken (or not taken) in compliance with any direction provided under the EFIH Unsecured Creditor Plan Support Agreement; and contain a finding that the EFIH Settlement is fair, equitable, and reasonable to the EFIH Unsecured Creditors. |
| **Transfer of Claims** | Until such time the Settlement Approval Order is entered by the Bankruptcy Court, each Supporting EFIH First Lien Creditor, each Supporting EFIH Second Lien Creditor, and each Supporting EFIH Unsecured Creditor shall not sell, use, pledge, assign, transfer, permit the participation in, or otherwise dispose of (each, a "**Transfer**") any ownership (including any beneficial ownership) in an EFIH First Lien Note Claim, EFIH Second Lien Note Claim, or EFIH Unsecured Note Claim, unless: |
| | • (1) such Transfer is to another Supporting Creditor, or |
| | • (2) if such Transfer is not to another Supporting Creditor, the intended transferee executes and delivers to the EFH/EFIH Debtors an executed transfer agreement in the form attached hereto as **Exhibit 1** (a "**Transfer Agreement**") before such Transfer is effective (it being understood that any Transfer shall not be effective until notification of such Transfer and a copy of the executed Transfer Agreement is provided to counsel to the EFH/EFIH Debtors at the contact information on the Transfer Agreement, on the terms set forth herein). |
| | • A transferee that satisfies the requirements set forth in (1) or (2) shall be a "**Permitted Transferee**," and such Transfer, a "**Permitted Transfer**". Holding EFIH First Lien Notes, EFIH Second Lien Notes, and EFIH Unsecured Notes in an account with a broker-dealer subject to a general pledge or security interest in favor of such broker-dealer which does not impair a Supporting Creditor's performance of its obligations hereunder shall not constitute a Transfer. |
| | • This Agreement shall in no way be construed to preclude the Supporting Creditors from acquiring additional Claims; *provided*, *however*, that if a Supporting Creditor acquires additional EFIH First Lien Note Claims or additional EFIH Second Lien Note Claims or Additional EFIH Unsecured Note Claims, in each case, after the date hereof, (i) such Supporting Creditor, as applicable, shall promptly notify the EFH/EFIH Debtors, as applicable, at the contact information on the Transfer Agreement of such acquisition, including the amount of such acquisition, and (ii) such additional Claims shall automatically and immediately upon acquisition by such Supporting Creditor, as applicable, be deemed to be subject to the terms and conditions of this Agreement (regardless of when or whether notice of such acquisition is given to the EFH/EFIH Debtors). |
| | • Notwithstanding anything to the contrary herein, (i) a Qualified |

| Term | Description |
|------|-------------|
|  | Marketmaker that acquires any of the Claims of a Supporting Creditor with the purpose and intent of acting as a Qualified Marketmaker for such Claims, shall not be required to execute and deliver a Transfer Agreement or otherwise agree to be bound by the terms and conditions set forth in this Agreement if such Qualified Marketmaker transfers such Claims (by purchase, sale, assignment, participation, or otherwise) as soon as reasonably practicable, and in no event later than the date that is within twenty (20) business days of its acquisition, to a Permitted Transferee and the Transfer otherwise is a Permitted Transfer (including, for the avoidance of doubt, the requirement that such transferee execute a Transfer Agreement in accordance with the above; (ii) to the extent any Party is acting solely in its capacity as a Qualified Marketmaker, it may Transfer any ownership interests in Claims of any Supporting Creditor that it acquires from a holder of such Claims that is not, and was not required to be a Party at the time of such Transfer without the requirement that such transferee be or become a signatory to this Agreement or execute a Transfer Agreement; and (iii) a Supporting Creditor may Transfer any of its Claims pursuant to or in connection with any repurchase transaction, reverse repurchase transaction, or any swap or other derivative transaction without satisfying the requirements set forth in this provision only if, in connection with such Transfer, such Supporting Creditor (or a wholly-owned subsidiary controlled by it) retains the contractual right to exercise any voting right or other direction that may be made on account of such Claims, and such Supporting Creditor exercises (or causes its wholly-owned subsidiary controlled by it to exercise) such rights so that the Transferred Claims are voted in accordance with this Agreement, the transferee thereof does not otherwise take any action inconsistent with the Supporting Creditors' obligations under this Agreement and such Supporting Creditor remains bound by, and continues to comply with, the terms and conditions of this Agreement. For purposes of subclause (iii), a Person shall be deemed to "control" another person if such person possesses, directly or indirectly, the power to direct or cause the direction of the management and policies of such other Person, whether through the ownership of voting securities, by contract, or otherwise. As used herein, the term "**Qualified Marketmaker**" means an entity that (a) holds itself out to the public or the applicable private markets as standing ready in the ordinary course of business to purchase from customers and sell to customers Claims (or enter with customers into long and short positions in Claims), in its capacity as a dealer or market maker in Claims and (b) is, in fact, regularly in the business of making a market in claims against issuers or borrowers (including debt securities or other debt). <br><br> • The provisions above shall not impose any obligation on any EFH/EFIH Debtor to issue any "cleansing letter" or otherwise publicly disclose information for the purpose of enabling any Supporting Creditor to Transfer any of its Claims. Notwithstanding anything herein to the contrary, to the extent any of the EFH/EFIH Debtors and another Party have entered into separate confidentiality agreements (each such |

| Term | Description |
|------|-------------|
| | confidentiality agreement, a "**Confidentiality Agreement**"), the terms of such Confidentiality Agreements shall continue to apply and remain in full force and effect according to their respective terms. <br><br> • Any Transfer made in violation of this provision shall be void *ab initio*.  Any Supporting Creditor that effectuates a Permitted Transfer to a Permitted Transferee shall have no liability under this Agreement arising from or related to the failure of the Permitted Transferee to comply with the terms of this Agreement. |
| **No Liability of Reorganized Debtors** | • For the avoidance of doubt, none of the Plan Sponsor, Merger Sub, or the Reorganized Debtors shall have or incur any liability pursuant to this EFIH Settlement Agreement, and any payment obligations of such parties shall be strictly as provided in the Merger Agreement, the Plan, and the EFH Confirmation Order. |

[SUPPORTING CREDITOR]

_____

Name:
Title:

Address:


E-mail address(es):
Telephone:
Facsimile:


February 16, 2017


The above Supporting Creditor represents that it, or funds or accounts managed or advised by the Supporting Creditor or any of its affiliates, holds as legal or beneficial owner (including pursuant to any swap or derivative transactions or any pending trades) in aggregate principal amount:

$_____ of EFIH First Lien Notes

$_____ of EFIH Second Lien Notes

$_____ of EFIH Unsecured Notes

EFH/EFIH DEBTOR SIGNATURE PAGES

Energy Future Holdings Corp.
Ebasco Services of Canada Limited
EEC Holdings, Inc.
EECI, Inc.
EFH Australia (No. 2) Holdings Company
EFH Finance (No. 2) Holdings Company
EFH FS Holdings Company
EFH Renewables Company LLC
EFIH Finance Inc.
Energy Future Intermediate Holding Company LLC
Generation Development Company LLC
LSGT Gas Company LLC
LSGT SACROC, Inc.
NCA Development Company LLC
TXU Receivables Company


_____

Name: Anthony R. Horton
Title: Senior Vice President & Treasurer

## EXHIBIT A

**Form of Transfer Agreement**

The undersigned ("**Transferee**") hereby acknowledges that it has read and understands the EFIH Settlement Agreement, dated as of _____, 2017 (the "**Agreement**"),[4] by and among the EFH/EFIH Debtors, the Supporting EFIH Unsecured Creditors, the Supporting EFIH First Lien Creditors, and the Supporting EFIH Second Lien Creditors, including the transferor to the Transferee of any Claims (each such transferor, a "**Transferor**"), and agrees, with respect to the Claims set forth below and any other Claims currently owned or hereafter acquired by the Transferee (collectively, the "**Collective Claims**"), to be bound by the terms and conditions thereof, and shall be deemed a "**Supporting Creditor**" as applicable, under the terms of the Agreement with respect to the Collective Claims.

The Transferee specifically agrees to be bound by the terms and conditions of the Agreement with respect to the Collective Claims, and makes all representations and warranties contained therein as of the date of the Transfer and with respect to the Collective Claims, including the agreement to be bound by the vote for the Alternative E-Side Plan of the Transferor if such vote was cast before the effectiveness of the Transfer discussed herein.

Date Executed:

_____

Name:
Title:

Address:

E-mail address(es):
Telephone:
Facsimile


Class(es) of Claims Subject to Transfer:   _____

Amount of Claims Subject to Transfer:   _____

---

[4]    Capitalized terms not used but not otherwise defined herein shall have the meanings ascribed to such terms in the EFIH Settlement Agreement.

## SCHEDULE 1

### EFIH First Lien Note Claims

**Section 1.**  Amounts of EFIH First Lien Note Claims.  The following chart (the "**EFIH First Lien Claim Chart**") shows the amounts of the EFIH First Lien Note Claims assuming the Effective Date of the Plan (and date of payment of the EFIH First Lien Note Claims) occurs on April 30, 2017.  To the extent the EFIH First Lien Note Claims are paid after April 30, 2017, the amounts to be paid on such Claims will increase due to the accrual of interest and/or the incurrence of additional fees and expenses.  Part (B) shows the amounts by which the EFIH First Lien Note Claims will increase on a daily basis (due to the accrual of interest) if paid after April 30, 2017.  The estimated amount of EFIH First Lien Fees as of April 30, 2017 shown in Part (A) is merely an estimate included for illustrative purposes and shall not be binding in any way or have any effect for purposes of the EFIH First Lien Settlement.

| EFIH First Lien Claim Chart | | | | |
|---|---|---|---|---|
| | **10% Notes** | **10.5% Notes** | **6.875% Notes** | **Total** |
| **(A)  Claim Amounts:** | | | | |
| *EFIH First Lien Makewhole Claim Amount* | | | | |
| EFIH First Lien Makewhole Claims (Applicable Premium as of Redemption Date) | $ 273,054,227 | $ 157,732,279 | $    1,053,618 | $  431,840,125 |
| EFIH First Lien Makewhole Interest through Expected Payment Date of April 30, 2017 | 88,135,451 | 53,779,461 | 243,236 | 142,158,148 |
| EFIH First Lien Makewhole Claim Amount on Expected Payment Date of April 30, 2017 | 361,189,678 | 211,511,740 | 1,296,855 | 573,998,272 |
| ***EFIH First Lien Non-Makewhole Interest*** | | | | |
| Additional Interest due on Redemption Date | - | 1,083,249 | 23,138 | 1,106,387 |
| Interest on Interest due on Expected Payment Date of April 30, 2017 | 488,312 | 664,509 | 5,342 | 1,158,163 |
| **Claims before EFIH First Lien Fees on Expected Payment Date of April 30, 2017** | $ 361,677,990 | $ 213,259,498 | $    1,325,334 | 576,262,823 |
| ***Estimate of EFIH First Lien Fees on April 30, 2017*** | | | | 38,000,000 |
| **TOTAL CLAIM (as of April 30, 2017)** | | | | $  614,262,823 |
| | | | | |
| **(B)  Daily Interest Amounts:** | | | | |
| ***Daily interest amount for 10% Notes and 10.5% Notes (if payment not made on Expected Payment Date of April 30, 2017)*** | | | | |
| Daily interest amount from May 1, 2017 to May 31, 2017 | $        96,473 | $        59,610 | - | |
| Daily interest amount from June 1, 2017 to November 30, 2017 | 101,297 | 62,740 | - | |
| Daily interest amount from December 1, 2017 to May 31, 2018 | 106,362 | 66,033 | - | |
| | | | | |
| ***Daily interest amount for 6.875% Notes (if payment not made on Expected Payment Date of April 30, 2017)*** | | | | |
| Daily interest amount from May 1, 2017 to August 14, 2017 | - | - | $           267 | |
| Daily interest amount from August 15, 2017 to February 14, 2018 | - | - | 277 | |

**Section 2.**  Payment of EFIH First Lien Note Claims.

(i)      The payment of the EFIH First Lien Makewhole Claims, EFIH First Lien Makewhole Interest, and EFIH First Lien Non-Makewhole Interest will be allocated and distributed among the holders of the EFIH First Lien Notes, Pro Rata within each of the 10.0% Notes, the 10.5% Notes, and the 6.875% Notes, in accordance with Section 1 of this Schedule 1.

(ii)      The payment of the EFIH First Lien Fees (estimated in the EFIH First Lien Claim Chart as of April 30, 2017, at $38,000,000) shall be allocated, Pro Rata within each of the 10.0% Notes, the 10.5% Notes, and the 6.875% Notes, among holders of Allowed EFIH First Lien Claims based on the amounts the EFIH First Lien Notes Trustee (a) reserved and withheld from prior distributions to such holders when the EFIH Debtors redeemed the EFIH First Lien Notes and (b) thereafter charged to those reserves.  In particular, the EFIH First Lien Notes Trustee withheld $40 million from prior distributions to the holders of the 10.0% Notes and the 10.5% Notes, and $500,000 from the holders of the 6.875% Notes.  Any remaining funds in the reserves maintained by the EFIH First Lien Notes Trustee will also be allocated and distributed as set forth in this Section 2(ii) of Schedule 1.

**Section 3**.  Definitions.

As used herein, "**Redemption Date**" means June 19, 2014, the date on which the EFIH Debtors redeemed the EFIH First Lien Notes.  The "**10.0% Notes**" means the EFIH First Lien Notes that bear interest under the applicable agreements at a rate of 10.000% per annum (CUSIP 29269QAA5).  The "**10.5% Notes**" mean the EFIH First Lien Notes that previously bore interest at 10.0% but that currently bear interest (because of an increase in the rate of 50 basis points due to the EFIH Debtors' failure to register them) under the applicable agreements at a rate of 10.500% per annum (CUSIPs 29269QAK3 & U29197AG2).  The "**6.875% Notes**" mean the EFIH First Lien Notes that previously bore interest at 6.875% but currently bear interest (because of an increase in the rate of 50 basis points due to the EFIH Debtors' failure to register them) under the applicable agreements at a rate of 7.375% per annum (CUSIPs 29269Q AE7 and U29197 AC1).

"**EFIH First Lien Makewhole Claim Amount**" means the sum of (A) the amount of the EFIH First Lien Makewhole Claims and (B) the amount of the EFIH First Lien Makewhole Interest. The amount of the EFIH First Lien Makewhole Claims is the Applicable Premium (as defined under and calculated in accordance with the EFIH First Lien Notes, the EFIH First Lien 2017 Note Indenture, the EFIH First Lien 2020 Note Indenture, and/or any related agreement, as applicable) as of the Redemption Date, which Applicable Premium is equal in the aggregate to $431,840,125, consisting of $273,054,227 in respect of the 10.0% Notes, $157,732,279 in respect of the 10.5% Notes, and $1,053,618 in respect of the 6.875% Notes.  The amount of the EFIH First Lien Makewhole Interest is the interest on such Applicable Premium, including any Additional Interest (as defined in the Alternative E-Side Plan) and interest on interest at the applicable rate set forth in, and as calculated in accordance with, the EFIH First Lien Notes, the EFIH First Lien 2017 Note Indenture, the EFIH First Lien 2020 Note Indenture, and/or any related agreement, as applicable (which interest for purposes of this EFIH First Lien Settlement will be deemed to compound on a semi-annual basis rather than on a daily basis), that accrues from and including the Redemption Date through and including the date on which such Applicable Premium is paid in full.  By way of illustration, as set forth in the EFIH First Lien Claim Chart, if the EFIH First Lien Makewhole Claims and EFIH First Lien Makewhole Interest are paid in full on April 30, 2017, the EFIH First Lien Makewhole Claim Amount will be $573,998,272 ($361,189,678 in respect of the 10.0% Notes plus $211,511,740 in respect of the

10.5% Notes plus $1,296,855 in respect of the 6.875% Notes), consisting of EFIH First Lien Makewhole Claims in the amount of $431,840,125 plus EFIH First Lien Makewhole Interest of $142,158,148.  By further way of illustration, if the EFIH First Lien Makewhole Claims and EFIH First Lien Makewhole Interest are Allowed pursuant to this Settlement Agreement and paid in full to the extent Allowed pursuant to this Agreement on April 30, 2017, then the EFIH First Lien Makewhole Claim Amount of $573,998,272 specified in the preceding sentence will be Allowed and paid at 95%, or $545,298,358.  If the EFIH First Lien Makewhole Claims and the EFIH First Lien Makewhole Interest are not paid in full until after April 30, 2017, the EFIH First Lien Makewhole Claim Amount will increase by the amount of interest that accrues thereafter through and including the date of such payment.

**SCHEDULE 2**

**EFIH Second Lien Note Claims**

**Section 1.**  Amounts of EFIH Second Lien Note Claims.  The following chart (the "**EFIH Second Lien Claim Chart**") shows the amounts of the EFIH Second Lien Note Claims assuming the Effective Date of the Plan (and date of payment of the EFIH Second Lien Note Claims) occurs on April 30, 2017.  To the extent the EFIH Second Lien Note Claims are paid after April 30, 2017, the amounts to be paid on such Claims will increase due to the accrual of interest and/or the incurrence of additional fees and expenses.  Part (B) of the EFIH Second Lien Claim Chart shows the amounts by which the EFIH Second Lien Note Claims will increase on a daily basis (due to the accrual of interest) if paid after April 30, 2017.

This chart does not include the EFIH Second Lien Fees (which have accrued and will continue to accrue).

| EFIH Second Lien Claim Chart | | | |
|---|---|---|---|
| **(A) Claim Amounts** | **11.00% Notes** | **11.75% Notes** | **Total** |
| | | | |
| **Remaining outstanding balance** | **$322,442,047** | **$1,388,495,791** | **$1,710,937,838** |
| **EFIH Second Lien Makewhole Claim Amount** | | | |
| EFIH Second Lien Makewhole Claims (Applicable Premium as of March 2015 Redemption Date) | $14,629,200 | $98,404,498 | $113,033,698 |
| EFIH Second Lien Makewhole Interest through Expected Payment Date of April 30, 2017 (including interest on interest) | 3,767,946 | 28,513,644 | 32,281,590 |
| EFIH Second Lien Call Premium on Expected Payment Date of April 30, 2017 | 17,734,313 | 81,574,128 | 99,308,440 |
| **EFIH Second Lien Makewhole Claim Amount on Expected Payment Date of April 30, 2017** | **$36,131,458** | **$208,492,270** | **$244,623,728** |
| **EFIH Second Lien Non-Makewhole Interest** | | | |
| Unpaid interest (including Additional Interest) due on Expected Payment Date as of April 30, 2017 | $75,764,924 | $363,332,708 | $439,097,632 |
| Interest on Interest due on Expected Payment Date as of April 30, 2017 | 7,284,335 | 38,997,219 | 46,281,555 |
| **Subtotal** | **$83,049,260** | **$402,329,927** | **$485,379,187** |
| **Claims before EFIH Second Lien Fees on Expected Payment Date of April 30, 2017** | **$441,622,764** | **$1,999,317,988** | **$2,440,940,753** |
| | | | |
| **(B) Daily Interest Amounts:** | | | |
| **Daily interest amount on 11.00% Notes (if payment not made on Expected Payment Date of April 30, 2017)** | | | |
| Daily interest amount from May 1, 2017 to May 15, 2017 | $129,521 | | |
| Daily interest amount from May 16, 2017 to November 15, 2017 | 130,087 | | |
| | | | |
| **Daily interest amount on 11.75% Notes (if payment not made on Expected Payment Date of April 30, 2017)** | | | |
| Daily interest amount from May 1, 2017 to September 1, 2017 | | $652,566 | |

**Section 2.**  Payment of EFIH Second Lien Note Claims.

(i)      The payment of the EFIH Second Lien Makewhole Claims, EFIH Second Lien Makewhole Interest, and EFIH Second Lien Non-Makewhole Interest will be allocated and distributed among the holders of the EFIH Second Lien Notes, Pro Rata within each of the 11.0% Notes and the 11.75% Notes in accordance with Section 1 of Schedule 2 of this Agreement.

(ii)      The payment of the EFIH Second Lien Fees will be paid directly to the EFIH Second Lien Notes Trustee, the Supporting EFIH Second Lien Creditors and its professionals.

**Section 3**.  Definitions.

As used herein, "**March 2015 Redemption Date**" means March 11, 2015, the date on which the EFIH Debtors redeemed the EFIH Second Lien Notes. The "**Final Second Lien Redemption Date**" means the date on which the EFIH Debtors redeem the remaining outstanding EFIH Second Lien Notes. The "**11.00% Notes**" mean the EFIH Second Lien Notes that bear interest under the applicable agreements at a rate of 11.000% per annum. The "**11.75% Notes**" mean the EFIH Second Lien Notes that bear interest under the applicable agreements at a rate of 11.750% per annum, plus 0.50% per annum as a result of a registration penalty.

"**EFIH Second Lien Makewhole Claim Amount**" means the sum of (A) the amount of the EFIH Second Lien Makewhole Claims; (B) the amount of the EFIH Second Lien Makewhole Interest; and (C) the call premium resulting from the Notes Optional Redemption (as calculated in accordance with the EFIH Second Lien 2021 Note Indenture, the EFIH Second Lien 2022 Note Indenture, and/or any related agreement, as applicable).  The amount of the EFIH Second Lien Makewhole Claims is the Applicable Premium (as defined under and calculated in accordance with the EFIH Second Lien 2021 Note Indenture, the EFIH Second Lien 2022 Note Indenture, and/or any related agreement, as applicable) as of the March 2015 Redemption Date, which Applicable Premium is equal in the aggregate to $113,033,698, consisting of $14,629,200 in respect of the 11.0% Notes, and $98,404,498 in respect of the 11.75% Notes.  The amount of the EFIH Second Lien Makewhole Interest is the interest on such Applicable Premium, including any Additional Interest (as defined in the Plan) and interest on interest at the applicable rate set forth in, and as calculated in accordance with, the EFIH Second Lien 2021 Note Indenture, the EFIH Second Lien 2022 Note Indenture, and/or any related agreement, as applicable (which interest for purposes of this EFIH Second Lien Settlement will be deemed to compound on a semi-annual basis rather than on a daily basis), that accrues from and including the March 2015 Redemption Date through and including the date on which such Applicable Premium is paid in full.  By way of illustration, as set forth in the EFIH Second Lien Claim Chart, if the EFIH Second Lien Makewhole Claims, EFIH Second Lien Makewhole Interest and call premium resulting from the Notes Optional Redemption are paid in full on April 30, 2017, the EFIH Second Lien Makewhole Claim Amount will be $244,623,728 ($36,131,458 in respect of the 11.0% Notes plus $208,492,270 in respect of the 11.75% Notes), consisting of EFIH Second Lien Makewhole Claims in the amount of $113,033,698 plus EFIH Second Lien Makewhole Interest of $32,281,590 plus the call premium in the amount of $99,308,440 ($17,734,313 in respect of the 11.00% Notes plus $81,574,128 in respect of the 11.75% Notes).  By further way of illustration, if the EFIH Second Lien Makewhole Claims and EFIH Second Lien Makewhole Interest are Allowed pursuant to this Settlement Agreement and paid in full to the extent Allowed pursuant to this Agreement on April 30, 2017, then the EFIH Second Lien Makewhole Claim Amount of $244,623,728 specified in the preceding sentence will be Allowed and paid at, 87.5%, resulting in a total payment of $214,045,762.  If the EFIH Second Lien Makewhole

Claims and the EFIH Second Lien Makewhole Interest are not paid in full until after April 30, 2017, the EFIH Second Lien Makewhole Claim Amount will increase by the amount of interest that accrues thereafter through and including the date of such payment.