## EXHIBIT B

**Wright Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## DECLARATION OF ANDREW M. WRIGHT IN SUPPORT OF THE MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER APPROVING THE SETTLEMENT BETWEEN THE DEBTORS, CERTAIN HOLDERS OF EFIH FIRST LIEN NOTE CLAIMS, CERTAIN HOLDERS OF EFIH SECOND LIEN NOTE CLAIMS, AND CERTAIN HOLDERS OF EFIH UNSECURED NOTE CLAIMS

Pursuant to 28 U.S.C. § 1746, I, Andrew M. Wright, being duly sworn, state the following under penalty of perjury:

1.      I am the Executive Vice President, General Counsel, and Secretary for the EFH Debtors.  I received a B.B.A. in Business Administration from Southern Methodist University and a J.D. from the University of Notre Dame.  I am a member in good standing with the State Bars of Texas and New York, and I am a Certified Public Accountant.  I have been employed by the EFH Debtors and their predecessors for over 13 years. I am over the age of 18 and duly authorized to execute this declarations (this "Declaration") in support of the *Motion of the Debtors for Entry of an Order Approving the Settlement Between the Debtors, Certain Holders of EFIH First Lien Note Claims, Certain Holders of EFIH Second Lien Note Claims, and*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Certain Holders of EFIH Unsecured Note Claims* (the "Motion"),[2] to which this Declaration is attached as Exhibit B.

2.      The statements in this Declaration are based on either my personal knowledge or information supplied or verified by the Debtors' directors and managers, and my opinion based upon my experience and knowledge of the Debtors' negotiation and consideration of the EFIH Settlement.  If I were called upon to testify, I could and would testify competently to the facts set forth herein.  I am authorized to submit this Declaration on behalf of the Debtors.

3.      Following extensive, arm's length and good-faith negotiations, on February 17, 2017, the Parties reached an agreement on the terms of the EFIH Settlement, which include, among other things:[3] (a) settlement of EFIH First Lien Makewhole Claims for 95% of the principal and interest thereon, 100% of documented fees and expenses, and 100% of any additional accrued and unpaid interest; (b)  settlement of EFIH Second Lien Makewhole Claims for 87.5% of the principal and interest thereon, 100% of documented fees and expenses, and 100% of accrued and unpaid principal amount of EFIH Second Lien Notes and interest thereon; (c) agreement to stay and, ultimately, terminate the Makewhole Litigation; and (d) agreement of the Supporting Secured Creditors to be deemed by the EFH Confirmation Order to have changed any vote to reject the Plan to a vote to accept the Plan.

4.      I believe that entry into the EFIH Settlement is in the best interests of the Debtors' estates and their creditors.  The Makewhole Litigation has been a long-standing and significant issue in these chapter 11 cases, which threatened to hold up distributions to EFIH creditors for an

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

[3] The summary contained in this Declaration is qualified in its entirety by the provisions of the EFIH Settlement.  To the extent anything in this Declaration is inconsistent with the EFIH Settlement, the terms of the EFIH Settlement shall control.

2

indeterminate period of time and to require EFIH to continue to incur significant litigation and other costs. Additionally, in light of the Third Circuit's Makewhole Opinion overturning the Bankruptcy Court's order disallowing the Makewhole Claims, the Debtors' calculation of their chances of success in the Makewhole Litigation shifted significantly. While the EFIH has further appellate options available, pursuit of those options would require the incursion of significant costs and delay, to the detriment of various stakeholders, without the requisite relative confidence of success. Therefore, I believe the EFIH Settlement paves the way to resolve the Makewhole Litigation efficiently and in a manner that maximizes value for the Debtors and all of their stakeholders and allows billions of dollars in claims against the EFIH estate to be satisfied promptly upon the EFH Effective Date.

Pursuant to 28 U.S.C. § 1746, I hereby declare that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 17, 2017
       Wilmington, Delaware


                              /s/ Andrew M. Wright
                              _____
                              Andrew M. Wright
                              Executive Vice President, General Counsel, and Secretary
                              EFH Corp. and EFIH

3