**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: D.I. 10639 |

**DEBTORS' OBJECTION TO MOTION TO
INTERVENE AS CREDITOR/PLAINTIFF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this objection (this "Objection") to the *Motion to Intervene as Creditor/Plaintiff on Behalf of Myself, Deceased Father, Brother and Mother* [D.I. 10639] (the "Motion"), filed by David Lorenza Joyner (the "Movant"), requesting to intervene as a matter of right in the Debtors' chapter 11 cases. In support of this Objection, the Debtors respectfully submit as follows.

**Background**

1.  On July 30, 2015, the Court entered an order (the "Asbestos Bar Date Order") establishing December 14, 2015, at 5:00 p.m. (prevailing Eastern Time) (the "Asbestos Bar Date"), as the final date and time for all persons and entities holding or asserting a manifested or unmanifested asbestos claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases (the "Asbestos Proofs of Claim" and, together with the Customer Proofs of Claim and the Non-Customer Proofs of Claim, the "Proofs of Claim"), except for claims specifically exempt from complying with the Asbestos Bar Date as set forth in

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 17059477v.1

the Asbestos Bar Date Order, and approving the form and manner of notice of the Asbestos Bar Date [D.I. 5171].

2. On November 30, 2015, the Movant timely filed proof of claim no. 14781 (the "Claim"), asserting manifested injuries related to asbestos exposure without identifying a specific debtor. Pursuant to the procedures approved by this Court in the Asbestos Bar Date Order, the Claim is reflected on the Claims Register as asserted against EECI, Inc.[2] As of the filing of this Objection, the Debtors have not objected to the Claim.

3. On January 27, 2016, the Movant filed the *Complaint for Asbestos Damages/Wrongful Death-Incorporated With Commercial Liens for the Offenses of Murder, Reckless Endangerment, Voluntary Manslaughter-Breach of Contract* (the "Complaint") with the Judicial District Court of Harris County, Texas, which was received by the Debtors on February 22, 2016. The Complaint alleged wrongful death due to alleged asbestos exposure to the Movant, as well as the Movant's Brother and Father, and cites the legal notice received through these chapter 11 cases as the foundation for a breach of trust claim. The Movant's suit was dismissed on July 14, 2016 for want of prosecution.[3]

4. On January 12, 2017 the Movant filed the Motion, without providing a notice of Motion and Hearing, seeking to intervene as a matter of right in these chapter 11 cases generally, rather than in an adversary proceeding within these chapter 11 cases.

---

[2] *See Order (A) Setting Bar Date For Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof* [D.I. 5171] at 6 (establishing that an asbestos proof of claim that does not identify a specific debtor will be deemed as filed only against EECI Inc.).

[3] *See David Lorenzo Joyner v. Chief Exec. Officer/President of ENE*, No. 201605362-7 (Tex. Dist. Ct. July 14, 2016).

2

RLF1 17059477v.1

**Objection**

5.     Pursuant to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 24(a)(2) and 24(b) of the Federal Rules of Civil Procedure (the "Civil Rules") apply to intervention in an "action" in bankruptcy.[4] The Bankruptcy Rules define "action," as it is used in the Civil Rules, as "an adversary proceeding or, when appropriate, a contested petition, or proceedings to vacate an order for relief or to determine any other contested matter."[5] Where a party seeks to intervene in an action "as a matter of right," as the Movant does here,[6] where no unconditional right to intervene is granted by a federal statute, that party must prove "that the 'disposition of the action threatens to create a practical impediment to its ability to protects [sic] its interests' and 'no existing party adequately represents its interests.'"[7]

6.     There is no basis for the Movant to "intervene" here. The Movant is a claimant in these chapter 11 cases and, as such, is a party-in-interest who requires no special relief to be able to participate with respect to proceedings that may implicate his Claim.[8] The Movant has been—and will continue to be—free to represent his interests in the Debtors' bankruptcy proceedings. Therefore, the requested relief is unnecessary.

7.     Moreover, the requested relief is procedurally improper. Because the chapter 11 cases are not "actions" under the Bankruptcy Rules, Civil Rules 24(a)(2) and 24(b) are inapplicable here and the specific remedy of "intervention" is not available to the Movant. In

---

[4]   Fed. R. Bankr. P. 7024 ("F.R.Civ.P. applies in adversary proceedings.").

[5]   Fed. R. Bankr. P. 9002(1).

[6]   Motion at 1.

[7]   *Sec. Inv'r Prot. Corp. v. Madoff*, Case No. 08-01789 (Bankr. S.D.N.Y. Jan. 30, 2009), ECF 56 (quoting *B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 544-45 (1st Cir. 2006)); Fed. R. Civ. P. 24(a).

[8]   *See In re Rock & Republic Enters*, No. 10-11728 AJG, 2011 WL 4756571, at *5 (Bankr. S.D.N.Y. Oct. 7, 2011) (noting that the "the claimant had a claim and thus had standing to participate" in the bankruptcy cases).

any event, the Movant fails to satisfy either of the requirements to intervene as a matter of right.[9] The Movant has adequately protected his interests with respect to the Debtors by timely filing the Claim and, as stated above, there has been no barrier to the Movant representing his own interests in any proceeding that may affect the Movant's recovery on account of his Claim. Furthermore, the rights of asbestos claimants, generally, have been ably represented by the Official Committee of Unsecured Creditors of the EFH Debtors and several active asbestos claimants who are represented by counsel and have vigorously participated in these chapter 11 cases.[10]

8.  For all the foregoing reasons, the Debtors respectfully submit that the Movant's request to intervene in these chapter 11 cases be denied. Because the Movant filed the Motion without providing a notice of the Motion or a date for a hearing thereon, the Debtors hereby seek immediate entry of the Order attached hereto as **Exhibit A**.

[*Remainder of page intentionally left blank.*]

---

[9] The Debtors additionally assert that Fed. R. Bankr. P. 2018(a) (Permissive Intervention) does not apply.

[10] *See Corrected Objection of Certain Asbestos Claimants to the Motion of Energy Future Holdings Corp., et al., For Entry of an Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof* [D.I. 1796]; *Objection of Shirley Fenicle, William Fahy, John H. Jones, and David Heinzmann to Confirmation of the Debtors' Seventh Amended Joint Plan of Reorganization as it Relates to the EFH Debtors and EFIH Debtors* [D.I. 10756]; *Debtors' Memorandum of Law in Support of Confirmation of the Seventh Amended Joint Plan of Reorganization as it Applies to the EFH/EFIH Debtors* [D.I. 10795] ¶ 195.

WHEREFORE, the Debtors respectfully request that the Court deny the Motion with prejudice and enter an order substantially in the form attached hereto as **Exhibit A**.

Dated: February 24, 2017
Wilmington, Delaware

*/s/ Joseph C. Barsalona II*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
Joseph C. Barsalona II (No. 6102)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
    defranceschi@rlf.com
    madron@rlf.com
    barsalona@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
    stephen.hessler@kirkland.com
    brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
    marc.kieselstein@kirkland.com
    chad.husnick@kirkland.com
    steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*