IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) Hearing: March 28, 2017 at 10:00 a.m. (ET) |
| | ) Objection Deadline: March 10, 2017 at 4:00 p.m. (ET) |

**MOTION OF ENERGY FUTURE HOLDINGS CORPORATION FOR ENTRY OF ORDER APPROVING ASSUMPTION OF ONCOR TAX SHARING AGREEMENT PRIOR TO PLAN EFFECTIVE DATE**

Energy Future Holdings Corp. ("EFH Corp.") files this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), approving the assumption, prior to the Plan Effective Date (as defined below), of the Amended and Restated Tax Sharing Agreement, dated as of November 5, 2008 (the "Oncor TSA"), attached hereto as **Exhibit 1** to **Exhbit A**, by and among EFH Corp., Oncor Electric Delivery Holdings Company LLC ("Oncor Holdings"), Oncor Electric Delivery Company LLC ("Oncor"), Texas Transmission Investment LLC ("TTI"), and Oncor Management Investment LLC ("Oncor Management" and, collectively, the "Oncor TSA Parties"). In support of this Motion, EFH Corp. respectfully states as follows.

**Jurisdiction and Venue**

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  EFH Corp. confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 365 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9013-1.

## Relief Requested

4. By this Motion, the Debtors seek entry of the Order authorizing EFH Corp. to assume the Oncor TSA and pay the Cure Amount (as defined below) in accordance with section 365 of the Bankruptcy Code prior to the Plan Effective Date (as defined below).

## Background

5. On April 29, 2014, each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition with the Court under the Bankruptcy Code.  EFH Corp. is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC

("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company ("EFIH"), LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6. On August 29, 2016, the Court entered an order confirming the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp.*, et al., *Pursuant to Chapter 11 of the Bankruptcy Code* as it applies to the TCEH and EFH Shared Services Debtors. *See Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al.*, Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 9421]. The TCEH Debtors (which include Luminant) and EFH Shared Services Debtors emerged from chapter 11 on October 3, 2016, and are no longer debtors-in-possession. *See Notice of Entry of TCEH Confirmation Order and Occurrence of TCEH Effective Date* [D.I. 9742].

7. On February 17, 2017, the Court entered an order confirming the *Eighth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10853] (the "E-Side Plan"). The effective date of the E-Side Plan (the "Plan Effective Date") has not yet occurred.

**Oncor TSA**

8. EFH Corp., through its wholly-owned subsidiary EFIH, owns 100% of the equity interests in Oncor Holdings, which, in turn, owns approximately 80% of Oncor. An unaffiliated

investor, TTI, and certain members of Oncor Management through a separate investment vehicle, own the remaining equity interests in Oncor.



9. EFH Corp. files a U.S. federal income tax return that includes the results of EFIH and Oncor Holdings. EFH Corp. is the parent of the EFH Corp. consolidated group, while EFIH and Oncor Holdings are each disregarded from EFH Corp. for U.S. federal income tax purposes. Accordingly, EFH Corp. is treated as owning the interests in Oncor directly for such purposes. Oncor is a partnership for U.S. federal income tax purposes and is not a corporate member of the EFH Corp. consolidated group. Accordingly, Oncor's items of taxable income, gain, loss, and deduction flow through to its members (*i.e.*, TTI, Oncor Management, and EFH Corp.), who ultimately bear the tax benefit or burden, as the case may be, associated with Oncor's earnings.[2]

---

[2] The Texas franchise tax also has a "combined group" concept, but differs from federal consolidated tax regulations in that EFH must report 100% of Oncor's taxable margin on its Texas franchise return, as opposed to reporting only its 80% share of Oncor's taxable income on its federal tax return.

10. The Oncor TSA creates certain rights and obligations among EFH Corp., Oncor Holdings, Oncor, Oncor Management, and TTI with respect to federal and state tax liabilities. In general, with respect to U.S. federal income taxes, the Oncor TSA provides that each of Oncor Holdings and Oncor will pay EFH Corp. its share of an amount calculated to approximate the amount of tax liability such entity would have owed if it filed a separate corporate tax return. Similar calculations are performed for state law purposes. Importantly, the majority of payments made under the Oncor TSA are made on an estimated basis (*i.e.*, they are made before there is certainty about Oncor's overall taxable income or loss for a given year and, indeed, they are made before certain important retroactive tax statutes are passed). The Oncor TSA provides for a true-up mechanism to the extent of any overpayments. Payments are made directly to (and from) EFH Corp. (and the minority holders, as applicable) under the agreement.

11. In connection with the assumption of the Oncor TSA, Oncor will receive an agreed and allowed cure claim that is currently estimated to be $134,979,783.00 (as adjusted to reflect the date of payment and Oncor's projected or actual taxable income or loss, the "Cure Amount").[3] EFH Corp. owes Oncor the Cure Amount under the Oncor TSA because of a combination of (a) overpayments from Oncor to EFH Corp. with respect to the 2015 tax year, which accounts for approximately $70.5 million of the estimated Cure Amount; and (b) the final resolution of multiple audits of prepetition tax years, which resulted in numerous adjustments to items of gain and loss for those years, which accounts for approximately $64.5 million of the Cure Amount.

---

[3] Because of, among other things, the constantly-accruing nature of the obligations under the Oncor TSA, the exact Cure Amount cannot be known with certainty until the date such payment is finally calculated and made. The estimated approximately $135 million amount is based on a payment date of April 30, 2017. This amount was provided for in the *Amended Plan Supplement as it Relates to the EFH Debtors and EFIH Debtors for the Seventh Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10827] (expressly providing for payment by EFH Corp. to Oncor of a $134,979,783.00 cure payment, subject to certain adjustments).

12. The confirmed E-Side Plan already authorizes EFH Corp. to assume the Oncor TSA and pay the approximately $135 million Cure Amount on Plan Effective Date.[4] Moreover, the Debtors' cash estimates, including recovery estimates in the disclosure statement for the E-Side Plan, have always assumed payment of the Cure Amount. No party objected to assumption of the Oncor TSA or payment of the Cure Amount under the E-Side Plan.

13. The relief requested in this Motion would merely accelerate the payment of the Cure Amount to on or about the date the Order approving the Motion is entered. EFH Corp. is requesting this accelerated relief to, among other things, ensure that Oncor makes its first-quarter dividend payment, which will in turn ensure compliance with the minimum-liquidity covenant under the EFIH debtor-in-possession financing facility. Compliance with these DIP covenants is important to permit the consummation of the NEE transaction and EFH Corp.'s emergence from chapter 11. Oncor's chief financial officer has agreed to recommend to Oncor's board of directors that the dividend be paid after payment of the Cure Amount.

**Basis for Relief**

14. Section 365 of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract." 11 U.S.C. § 365(a). In evaluating a debtor's decision to assume or reject an executory contract, courts apply the business judgment test, which asks "whether rejection would benefit the estate." *In re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982) *aff'd sub nom. N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513 (1984); *see also In re Decora Indus., Inc.*, No. 00-4459, 2002 WL 32332749, at *8 (D. Del. May 20, 2002) ("A debtor

---

[4] *See* E-Side Plan, Article IV.F ("On the EFH Effective Date, the Oncor Tax Sharing Agreement will be assumed by Reorganized EFH, as such agreement may be amended or assigned in a manner agreed by Oncor, Reorganized EFH, and the Plan Sponsor.").

satisfies the 'business judgment' test when it determines, in good faith, that assumption of an executory contract will benefit the estate and unsecured creditors [generally].").

15. The business judgment presumption underlying this inquiry assumes that "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *Freedman v. Redstone*, 753 F.3d 416, 427 (3d Cir. 2014). Once the debtor demonstrates that its decision with regard to an executory contract will benefit the estate, that decision "must be summarily affirmed unless it is the product of bad faith, or whim or caprice." *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (internal quotation marks omitted); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) (stating that "[o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean task," requiring a showing that the decision was "so far beyond the bounds of reasonable business judgment that its only explanation is bad faith").

16. As discussed above, the Court already approved assumption of the Oncor TSA through the E-Side Plan on the Plan Effective Date. Thus, the Court need not revisit the bases for that assumption. In any event, EFH Corp.'s assumption of the Oncor TSA is a sound exercise of business judgment. The Oncor TSA is an integral component of the relationship between EFH Corp. and Oncor. Importantly, it provides EFH Corp. with the right to be reimbursed by Oncor for a share of Oncor's taxable income that flows to EFH Corp., a valuable go-forward right. Were EFH Corp. to reject the Oncor TSA, it would lose this valuable right. Moreover, Oncor could seek to collect in full on the Cure Amounts through a number of methods even if the Oncor TSA were not assumed, including by asserting administrative priority status

for the majority of the claim.[5]  Because the benefits of assuming the Oncor TSA outweigh the costs, assumption of the Oncor TSA and payment of the Cure Amount is appropriate.

17. Granting the relief requested in this Motion would merely accelerate the payment of the Cure Amount.  Acceleration of the payment is in the best interests of EFH Corp.'s estate because it will ensure compliance with the EFIH DIP facility covenants which, in turn, allows EFH Corp. to consummate the NEE transaction and emerge from chapter 11 for the benefit of all of the debtors, including EFH Corp.  Thus, EFH Corp. respectfully requests that the Court grant the Motion.

## **Reservation of Rights**

18. Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the Order is intended or should be construed as:  (a) an admission as to the validity or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) an implication or admission that any particular claim is of a type specified or defined in this Motion; (d) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (e) a request or authorization to assume or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code other than the Oncor TSA; (f) a promise or requirement to pay any particular amount in connection with any claim other than the Cure Amount; (g) an admission by the Debtors that the Oncor TSA is executory or unexpired; or (h) a waiver of any party's rights to assert that any other party is in breach or default of any agreement.

---

[5] The Debtors reserve all rights with respect to any such efforts or assertions.

**Waiver of Bankruptcy Rules 6006(c) and 6004(h)**

19. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6006(c) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

**Notice**

20. EFH Corp. shall provide notice of this Motion on the date hereof via first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0%

EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:  (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002.  EFH Corp. submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

21.     No prior request for the relief sought in this Motion has been made to this or any other court.[6]

---

[6]    The E-Side Plan authorizes assumption of the Oncor TSA and payment of the Cure Amount on the Plan Effective Date.  This Motion requests approval of assumption and payment upon entry of the Order.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Wilmington, Delaware
Dated: February 24, 2017

/s/ Andrew M. Dean
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
Andrew M. Dean (No. 6147)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:    (302) 651-7701
Email:          collins@rlf.com
                    defranceschi@rlf.com
                    madron@rlf.com
                    dean@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:          edward.sassower@kirkland.com
                    stephen.hessler@kirkland.com
                    brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Email:          james.sprayregen@kirkland.com
                    marc.kieselstein@kirkland.com
                    chad.husnick@kirkland.com
                    steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

RLF1 17060494v.1