# EXHIBIT 3

**DX124**

ENERGY FUTURE HOLDINGS CORP.
ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC
TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC
ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC
TCEH FINANCE, INC.
EFIH FINANCE INC.
BOARD AGENDA
September 30, 2016
9:00 – 10:00 AM
Dial-In-Number: 1.866.210.0580
Conference Code: 2148120041

| Activity/Topic | Purpose | Presenter | Start Time | Duration |
|---|---|---|---|---|
| **Call to Order** | | Don Evans | 9:00 AM | |
| 1. Restructuring Update | • TCEH Restructuring Update<br>• EFH/EFIH Restructuring Update<br>　• NextEra Transaction Update<br>　• EFIH Financing and Makewhole Updates<br>　• Director & Officer Updates<br>• Additional Approvals<br><br>[Resolution(s)] | Paul Keglevic<br>Stacey Doré<br>Andy Wright<br>K&E<br>Evercore | 9:00 AM | 1:00 |
| **Adjournment** | | Don Evans | 10:00 AM | |

**ADDITIONAL ITEMS**

**Reference Items**

Form of Consulting Agreement

**ATTENDEES**

| EFH Board Members | TCEH Finance Board Members | Other Attendees | Other Attendees (Cont'd.) |
|---|---|---|---|
| Donald L. Evans | John F. Young, Chair | James A. Burke | Philip A. Gelston (*Cravath*) |
| Arcilia C. Acosta | Paul M. Keglevic | Stacey H. Doré | Vince Lazar (*Jenner*) |
| David Bonderman | | Cecily S. Gooch | Richard Levin (*Jenner*) |
| Thomas D. Ferguson | **TCEH/EFCH Board Members** | Anthony R. Horton | Seth Goldman (*Munger*) |
| Brandon A. Freiman | John F. Young, Chair | Carrie L. Kirby | Thomas B. Walper (*Munger*) |
| Scott Lebovitz | Arcilia C. Acosta | M. A. McFarland | Julie M. Allen (*Proskauer*) |
| Michael  MacDougall | Paul M. Keglevic | Jeffrey J. Walker | Jeff J. Marwil (*Proskauer*) |
| Kenneth Pontarelli | Scott Lebovitz | Andrew M. Wright | Mark Thomas (*Proskauer*) |
| William K. Reilly | Michael MacDougall | Andrew Calder (*K&E*) | Peter J. Young (*Proskauer*) |
| Jonathan D. Smidt | Hugh E. Sawyer | Chad J. Husnick (*K&E*) | Eric Mendelsohn (*Greenhill*) |
| Billie I. Williamson | Jonathan D. Smidt | Marc Kieselstein (*K&E*) | Brad Robins (*Greenhill*) |
| John F. Young | | Andrew McGaan (*K&E*) | Neil F. Luria (*SOLIC*) |
| Kneeland Youngblood | **EFIH  Finance Board Members** | Mark E. McKane (*K&E*) | Raoul Nowitz (*SOLIC*) |
| | John F. Young, Chair | Kevin Morris (*K&E*) | David Prager (*Goldin*) |
| **EFIH Board Members** | Paul M. Keglevic | John Pitts (*K&E*) | Harrison J. Goldin (*Goldin*) |
| John F. Young, Chair | Kneeland Youngblood | Edward O. Sassower (*K&E*) | |
| Charles H. Cremens | | Steven Serajeddini (*K&E*) | |
| Thomas D. Ferguson | | James Sprayregen (*K&E*) | |
| Paul M. Keglevic | | Roger Altman (*Evercore*) | |
| Kenneth Pontarelli | | William Hiltz (*Evercore*) | |
| Kneeland Youngblood | | David Ying (*Evercore*) | |

Highly Confidential

EFH06577922

*Highly Confidential / Attorney Work Product / Attorney-Client Privileged*

# Restructuring Update

# EFH Corp., EFIH, EFCH, TCEH and EFIH Finance

## September 30, 2016

Energy Future Holdings





2/54

Highly Confidential

EFH06577923

*Highly Confidential / Attorney Work Product / Attorney-Client Privileged*

# Presentation Outline

- **TCEH Restructuring Update**

- EFH/EFIH Restructuring Update

    - NextEra Transaction Update

    - EFIH Financing and Makewhole Updates

    - Director & Officer Updates

- Additional Approvals

Highly Confidential

EFH06577924

Highly Confidential / Attorney Work Product / Attorney-Client Privileged

# TCEH Emergence Update

- As previously discussed with the Boards, TCEH and its debtor subsidiaries (collectively, the "TCEH Debtors") are targeted to exit from chapter 11 on October 3rd (the "TCEH Emergence Date").

- **Path to Emergence.** As set forth in the Plan as it relates to the TCEH Debtors (which was confirmed by the Bankruptcy Court on August 29, 2016), there are a number of regulatory-related and restructuring-related conditions precedent to the TCEH Emergence Date.

  - The Railroad Commission approved Luminant's application on September 27th. **As a result, there are no regulatory-related conditions precedent to the TCEH Emergence Date.**

  - The Plan also requires the TCEH Debtors to establish a number of escrow accounts. The majority of these are completed or are substantially complete, with one potential exception.

    - Certain TCEH First Lien Creditors have been embroiled in a dispute since the chapter 11 filing regarding the allocation of adequate protection payments made under the TCEH Cash Collateral Order. At the time the TCEH Cash Collateral Order was entered, the TCEH First Lien Creditors reserved their rights on how to allocate the adequate protection payments. The Bankruptcy Court issued a ruling on the subject, which certain holders have appealed.

    - The parties have been negotiating the terms of an escrow account that would hold funds equal to the amount of adequate protection payments that are subject to the allocation dispute.

    - The TCEH First Lien Creditors must submit an agreed order to the Bankruptcy Court by noon (ET) on September 30th with respect to the calculation and amounts of the allocation reserve in order for the TCEH Emergence Date to be October 3rd.

4/54

EFH06577925

*Highly Confidential / Attorney Work Product / Attorney-Client Privileged*

# TCEH Emergence Update

- **DIP Conversion.**  The existing DIP Credit Agreement will be converted into  permanent exit financing on the TCEH Effective Date.

- **Preferred Stock.**  AssetCo has agreed to sell $70M of preferred stock to third party investors in order to complete the "busted Section 351" transaction.

- **Communications Roll-Out**.  After all the conditions precedent to the TCEH Effective Date have been satisfied (which we expect will happen on 10/3, subject to a resolution on the TCEH First Lien allocation dispute), the TCEH Debtors will file a notice on the Bankruptcy Court docket that the TCEH Effective Date has occurred.

  - We will also file an 8-K and press release.

- **Other Key TCEH Emergence Workstreams**.

  - In addition, following a conference with the advisors to the TCEH Unsecured Group and the Bankruptcy Court, Reorganized TCEH will be making a substantial distribution directly to the PCRB Trustee, the TCEH Second Lien Trustee, and the TCEH Unsecured Notes Trustee on the TCEH Effective Date. This distribution will be made from the $550 million TCEH Cash Payment.

  - Moreover, as contemplated by the Plan as it relates to the TCEH Debtors, the boards of directors and managers of EFH Corp., EFIH, EFCH, TCEH, and EFIH Finance are requested to approve certain emergence matters as described on the following slides.

Highly Confidential

EFH06577926

*Highly Confidential / Attorney Work Product / Attorney-Client Privileged*

# Project LESS/Contributions under Plan

- **Project LESS:** Prior to the effectiveness of the Plan, EFH Corp. and certain of its subsidiaries will effect numerous internal reorganization transactions to simplify the legal structure of EFH Corp. and Reorganized TCEH ("Project LESS") and facilitate the transactions contemplated by the Plan

  - See chart in reference items for additional detail about Project LESS

- **Plan Contributions:**  Pursuant to the Plan, EFH Corp. will contribute the equity it holds in EFH Corporate Services Company, EFH Properties Company and Brighten Holdings LLC to EFCH, for subsequent contribution to Reorganized TCEH (the "Contribution").   The Contribution has been approved by the Bankruptcy Court and the Boards.

Highly Confidential

EFH06577927

*Highly Confidential / Attorney Work Product / Attorney-Client Privileged*

# Separation Agreement

- Pursuant to the Plan, under the key terms of a Separation Agreement, on the Effective Date:

  - TCEH will contribute all of it interests in its subsidiaries; and EFH Corp. and certain of its subsidiaries will contribute (i) the equity interests in the EFH Shared Services Debtors (as defined in the Plan) and (ii) certain other assets and liabilities related to the TCEH debtors' operations (collectively, the "TCEH Assets"), in each case to Reorganized TCEH, in exchange for which TCEH will receive 100% of Reorganized TCEH's membership interests; and

  - EFH Corp. and certain other debtors will transfer to a subsidiary of TCEH certain assets and liabilities related to employee benefit plans currently at EFH Corp.

- The form of the Separation Agreement was approved in the Plan and the NEE Merger Agreement.

Highly Confidential

EFH06577928

*Highly Confidential / Attorney Work Product / Attorney-Client Privileged*

# Tax Matters Agreement

- Pursuant to the Plan, Reorganized TCEH, EFH Corp., EFIH and EFIH Finance will enter into a Tax Matters Agreement (TMA) on the Effective Date.

- Under the terms of the TMA, the parties will agree to take certain actions and refrain from taking certain actions to preserve the intended tax treatment of the spin-off of Reorganized TCEH.

- **Key Terms**:

  - Responsibility for taxes for periods prior to the spin-off is allocated between EFH Corp. and Reorganized TCEH.  For periods prior to the spin-off, (i) Reorganized TCEH is generally required to reimburse EFH Corp. with respect to any taxes paid by EFH Corp. that are attributable to Reorganized TCEH and (ii) EFH Corp. is generally required to reimburse Reorganized TCEH with respect to any taxes paid by Reorganized TCEH that are attributable to EFH Corp.

  - Reorganized TCEH is required to indemnify EFH Corp. against certain taxes if the IRS or another taxing authority successfully challenges the amount of gain relating to the sale of the preferred stock sold as part of the Section 351 transaction

  - Reorganized TCEH is prohibited for two years from taking actions that could reasonably be expected to undermine the intended tax treatment of the spin-off or to jeopardize the conclusions of the private letter ruling obtained from IRS in connection with the spin-off or opinions of counsel received by Reorganized TCEH or EFH Corp.

Highly Confidential

EFH06577929

*Highly Confidential / Attorney Work Product / Attorney-Client Privileged*

# Tax Matters Agreement (cont.)

- Reorganized TCEH may engage in an otherwise restricted action if (i) it obtains written consent from EFH Corp. and/or its affiliates, (ii) such action or transaction is described in or otherwise consistent with the facts in the private letter ruling obtained from the IRS in connection with the spin-off, (iii) it obtains a supplemental private letter ruling from the IRS, or (iv) it obtains an unqualified opinion of counsel that is reasonably acceptable to EFH Corp. that the action will not affect the intended tax treatment of the spin-off

- The form of the Tax Matters Agreement was approved in the Plan and the NEE Merger Agreement

Highly Confidential

EFH06577930

Highly Confidential / Attorney Work Product / Attorney-Client Privileged

# Transition Services Agreement

- On the Effective Date and pursuant to the Plan, TEX Operations Company LLC ("OpCo") will enter into a Transition Services Agreement with EFH Corp.

- **Key Terms:**

  - OpCo will provide certain services to EFH Corp., including business service administration, corporate controller, corporate secretary, corporate tax, human resources, information technology, internal audit and SOX compliance, legal and treasury services (collectively, "Transition Services"); and

  - EFH Corp. will pay OpCo for the Transition Services according to the hourly rates set forth in the Transition Services Agreement

  - OpCo will provide the Transition Services until the earlier of (i) December 31, 2017 or (ii) the closing date of the sale, merger or other similar transaction by which EFH Corp. effectuates its reorganization and emergence from bankruptcy

- The form of Transition Services Agreement was approved in the Plan

10/54

EFH06577931

*Highly Confidential / Attorney Work Product / Attorney-Client Privileged*

# Distribution Approval

- Pursuant to the Plan, on the Effective Date, Reorganized TCEH will issue 427,500,000 common units and Tax Receivables Agreement Rights ("TRA Rights") to TCEH.

- Promptly following the issuance of the Reorganized TCEH common units and the TRA Rights and the conversion of Reorganized TCEH into a corporation, the following steps will occur:

  - TCEH will distribute (1) all shares of TCEH Corp. Common Stock (as defined below), and (2) approximately $[370,000,000] of cash, which includes the net cash proceeds from the Preferred Stock Sale, in each case to the former first lien creditors of TCEH;

  - the allowed claims of the TCEH first lien creditors asserted against TCEH will be cancelled,

  - TCEH will distribute the right to receive recoveries under the unsecured claim of TCEH against EFH Corp. allowed in the amount of $700 million (the "<u>TCEH Settlement Claim</u>") (i.e., Reorganized TCEH will nominally hold the right to receive recoveries under the TCEH Settlement Claim but the former first lien creditors of TCEH will hold all legal and equitable entitlement to receive recoveries under the TCEH Settlement Claim)

  - TCEH will deposit the TRA Rights (as defined below) into an escrow account for subsequent distribution to eligible first lien creditors of TCEH (collectively, the "Distribution") .

# Redacted For Privilege

10

Highly Confidential

EFH06577932

*Highly Confidential / Attorney Work Product / Attorney-Client Privileged*

# Presentation Outline

- TCEH Restructuring Update

- **EFH/EFIH Restructuring Update**

  - **NextEra Transaction Update**

    - EFIH Financing and Makewhole Updates

    - Director & Officer Updates

- Additional Approvals

11

Highly Confidential

EFH06577933

*Highly Confidential / Attorney Work Product / Attorney-Client Privileged*

# Update on NextEra Transaction

- On September 25th, NextEra materially improved the terms of its proposal in two significant ways:

    - increased in purchase price by an additional $300 million, resulting in total cash consideration of $4.4 billion (in addition to $5.4 billion committed to repaying the EFIH First Lien DIP Facility);

    - released $150 million from the asbestos escrow account (to be established under the merger agreement).

- **This resulted in $450 million of additional distributable value.**

- As a result of this additional consideration, Fidelity, the largest holder of EFH unsecured claims and a significant holder of EFIH claims, agreed to join the Plan Support Agreement.

- On September 19th, the Bankruptcy Court approved (a) the EFH/EFIH Debtors' entry into the Plan Support Agreement and (b) the EFH/EFIH Debtors' entry into the Merger Agreement, including the termination fee of $275 million.

- On September 22nd, the PUCT held an open meeting, during which certain commissioners provided preliminary comments regarding the merger agreement. Specifically, they noted that while the merger agreement is not unreasonable in and of itself, they believed the Termination Fee was an improper attempt to tie the PUCT's hands with respect to its approval of the change in control application.

12

Highly Confidential

EFH06577934

*Highly Confidential / Attorney Work Product / Attorney-Client Privileged*

## Update on NextEra Transaction (cont'd)

- In response to the PUCT's remarks, the EFH/EFIH Debtors and NextEra filed a joint letter with the Bankruptcy Court, clarifying the relationship between the PUCT approval process and the potential triggering of the Termination Fee:

  - With respect to the PUCT's approval of the change in control application, the Termination Fee is not payable if NextEra terminates the merger agreement because (a) the PUCT has not approved the change in control application or (b) the PUCT approves the change in control application, but imposes a Burdensome Condition (as defined in the Merger Agreement).

  - If EFH and/or EFIH terminate the merger agreement under the same circumstances, the Termination Fee is payable.

- On September 26th, the Bankruptcy Court addressed the PUCT's remarks after reviewing the joint letter.  Specifically, the Bankruptcy Court "**strongly encourage[d] the commissioners to review the proposed merger transaction with NextEra with an unblinking eye and in no way to be influenced by the possible triggering of the Termination Fee.**"

- The Bankruptcy Court specifically noted that the fee would not be payable by Oncor ratepayers and the very creditors who would be adversely affected by the Termination Fee had withdrawn their objections to the approval of the Termination Fee.

- **Next Steps**.  Members of the EFH/EFIH management team are preparing to meet with senior staff members at the PUCT in advance of the NEE-Oncor filing of the change in control application.

# Redacted For Privilege

13

Highly Confidential

EFH06577935

*Highly Confidential / Attorney Work Product / Attorney-Client Privileged*

# Presentation Outline

- TCEH Restructuring Update

- **EFH/EFIH Restructuring Update**

  - NextEra Transaction Update

    - **EFIH Financing and Makewhole Updates**

  - Director & Officer Updates

- Additional Approvals

14

15/54

Highly Confidential

EFH06577936

Highly Confidential / Attorney Work Product / Attorney-Client Privileged

# EFIH First Lien DIP Update

- On September 2nd, the EFIH board of managers and the EFIH Finance board of directors authorized EFIH and EFIH Finance to enter into an amendment and engagement letter, subject to Bankruptcy Court approval (a) extending the maturity of the EFIH First Lien DIP Facility (from December 19, 2016 to June 30, 2017, with the ability to extend for an additional six months for an additional fee) and (b) increasing the principal amount of the EFIH First Lien DIP Facility by $75 million, from $5.4 billion to $5.475 billion.

- On September 20th, the Bankruptcy Court approved the amendment and engagement letter.

- EFIH and EFIH Finance, together with Deutsche Bank (the administrative agent, collateral agent, and lead arranger) are in the process of marketing the EFIH First Lien DIP Facility to interested parties (including existing lenders).

- We expect this marketing process to be complete during the month of October.

15

Highly Confidential

EFH06577937

*Highly Confidential / Attorney Work Product / Attorney-Client Privileged*

# Update on Makewhole Appeals

- On September 27th, a panel of three judges on behalf of the Third Circuit Court of Appeals held oral argument on the EFIH First Lien and EFIH Second Lien make-whole appeals.

- The panel actively questioned counsel for all parties.  Their questions focused almost exclusively on whether the First Lien and Second Lien indentures provide for a make-whole premium even if the notes are repaid after automatic acceleration.

- There are no other decisions from Circuit Courts of Appeals addressing indenture language similar to the operative language in the EFIH First and Second Lien Indentures.

- There is no deadline for the Third Circuit to issue its opinion and it is impossible to predict how the panel might rule.  Although we cannot know for certain, we anticipate based on prior experience, that it will be at least two months before we receive a ruling.

# Redacted For Privilege

18

Highly Confidential

EFH06577938

Highly Confidential / Attorney Work Product / Attorney-Client Privileged

# Key Definitive Documentation: Plan

- Under the current Plan, there are a number of conditions precedent that must be satisfied before the EFH/EFIH Debtors can emerge from chapter 11 (the "<u>EFH Effective Date</u>").

- One of those conditions is that the First Lien Makewhole Claims and the Second Lien Makewhole Claims must be disallowed by the Bankruptcy Court by an order that has not been reversed, stayed, modified, or amended (and with respect to which the applicable appeals period has expired without the filing of an appeal),

- **If the First Lien Makewhole Claims or Second Lien Makewhole Claims are Allowed Before the EFH Effective Date.**

  - If the First Lien Makewhole Claims or Second Lien Makewhole Claims are allowed before the EFH Effective Date, then one of the conditions precedent to the EFH Effective Date cannot occur.  NextEra (or if a higher or otherwise better offer is pursued, such other plan sponsor) can waive the condition, in its sole discretion.

  - If NextEra determines to waive the condition, then NextEra has agreed that it will satisfy any First Lien Makewhole Claims or Second Lien Makewhole Claims that are allowed, without reducing the recoveries to the EFIH PIKs.  This would have the practical effect of increasing the purchase price.

- **If the First Lien Makewhole Claims or Second Lien Makewhole Claims are Allowed After the Effective Date.**  If the First Lien Makewhole Claims or Second Lien Makewhole Claims are allowed after the EFH Effective Date (i.e., all other conditions precedent to the EFH Effective Date have been satisfied and the Third Circuit has not issued a ruling on the EFIH First Lien Makewhole Claims and EFIH Second Lien Makewhole Claims), then NextEra must satisfy the allowed claims in full, in cash.

Highly Confidential / Attorney Work Product / Attorney-Client Privileged

## Key Definitive Documentation: PSA

- Fidelity (as a holder of EFH unsecured claims and EFIH second lien note claims) is the only creditor constituency currently party to the PSA with the EFH/EFIH Debtors and NextEra.

# Redacted For Privilege

- Additionally, the ad hoc group of EFIH second lien noteholders and the ad hoc group of EFIH unsecured noteholders have not joined the PSA to date, though discussions are ongoing. Importantly, the current construct contemplates that the settling EFIH second lien noteholders will receive the benefit of a ruling or settlement allowing the First Lien Makewhole Claims in an amount greater than the current EFIH second lien settlement (i.e., an MFN clause).

18

Highly Confidential

EFH06577940

*Highly Confidential / Attorney Work Product / Attorney-Client Privileged*

# Key Definitive Documentation: PSA (cont'd)

- NextEra may terminate the PSA under the following circumstances, among others:

  - if a condition to the EFH Effective Date cannot be satisfied and the party waiving it does not waive it (i.e., if NextEra determines not to waive the condition precedent in the Plan discussed on slide 17); or

  - if the Bankruptcy Court or any other court with appropriate jurisdiction enters an order that would have the effect of preventing consummation of the transactions contemplated by the PSA (expressly including the Merger Agreement but not expressly including the Plan).

# Redacted For Privilege

Highly Confidential

EFH06577941

*Highly Confidential / Attorney Work Product / Attorney-Client Privileged*

# Key Definitive Documentation: Merger Agreement

- Under the Merger Agreement, the parties do not have an obligation to close the Merger in the absence of the Bankruptcy Court entering an order approving the Plan as it relates to the EFH/EFIH Debtors.

# Redacted For Privilege

- NextEra may also terminate the Merger Agreement if the PSA is terminated.

# Redacted For Privilege

# Redacted For Privilege

20

Highly Confidential

EFH06577942

# NextEra Proposal – as of 9/18/16
# (3/31/17 Emergence)

*in millions)*

| NextEra Proposal – as of 9/18/16 | | No MW | With MW |
|---|---|---|---|
| Total Purchase Price | | $4,396 | $4,396 |
| EFIH First Lien Assumed Debt | | 5,400 | 5,400 |
| Additional "Ticking Fee" Consideration[1] | | 60 | 60 |
| 1L DIP Fee Obligation (Risk Sharing - 50% of Total Fee) | | 13 | 13 |
| Less: Holdback for Asbestos Claims | | (100) | (100) |
| **Oncor Holdings TEV** | | **$9,769** | **$9,769** |
| (+) 19.97% Minority Interest | | 2,437 | 2,437 |
| **Oncor Equity Value** | | **$12,206** | **$12,206** |
| (+) Oncor Net Debt | | 6,663 | 6,663 |
| **Oncor TEV** | | **$18,869** | **$18,869** |
| **EFIH Claims** | | | |
| EFIH Cash Price | | $9,769 | $9,769 |
| (+) EFIH Distributable Cash at Emergence (3/31/17) | | 71 | 71 |
| **Total Cash Value Distributed to EFIH** | | **$9,840** | **$9,840** |
| | **Claims @ FJR** | | |
| EFIH 1L DIP | $5,475 | ($5,475) | ($5,475) |
| EFIH 1L Notes MW[2] | 426 | – | (426) |
| EFIH 2L Notes | 2,176 | (2,176) | (2,176) |
| EFIH 2L Notes MW[2] | 209 | – | (209) |
| EFIH Unsecured Notes | 1,655 | (1,655) | (1,497) |
| EFH LBO Notes | 64 | (64) | (58) |
| **EFIH Excess Value / (Shortfall)** | | **$471** | **($164)** |
| **EFH Recovery** | | | |
| Recovery to EFH: Adjusted EFH Cash Less EFH Corporates Services Cash | | $202 | $202 |
| (+) Excess Value from EFIH | | 471 | – |
| **Total Recovery to EFH Creditors** | | **$673** | **$202** |
| **Memo: Total Distributable Value to EFH/EFIH** | | **$10,042** | **$10,042** |

(1)  NextEra bid increases by 50% of the EFIH 1L DIP and EFIH 2L Notes interest (assumed to be $20mm per month in this analysis) if closing occurs after 1/1/2017
(2)  Excludes accrued interest on make whole claims

22/54

Highly Confidential / Attorney Work Product / Attorney-Client Privileged

# Presentation Outline

- TCEH Restructuring Update

- **EFH/EFIH Restructuring Update**

    - NextEra Transaction Update

    - EFIH Financing and Makewhole Updates

    - **Director & Officer Updates**

- Additional Approvals

23/54

*Highly Confidential / Attorney Work Product / Attorney-Client Privileged*

# Directors/Managers and Officers

- **Directors/Managers:** On the Effective Date

  - The composition of the Boards of EFH Corp., EFIH and EFIH Finance will remain the same.

  - Donald L. Evans is deemed to have resigned from the EFH Corp. board pursuant to his Employment Agreement, so he will be re-elected to the EFH Corp. board and the Organization and Compensation Committee

  - Pursuant to the Plan, the terms of the board members of EFCH and TCEH will automatically expire on the Effective Date; therefore, no resignations are necessary

  - EFH Corp., as the sole member, will then designate Tony Horton and Paul Keglevic as the managers of EFCH and TCEH, which will be shell companies post-emergence

  - TCEH Finance will dissolve on the Effective Date

  - Donald L. Evans be re-elected Chairman of EFH Corp.

- **Officers:**

  - On the Effective Date, it is recommended that the following be elected officers of each of EFH Corp., EFIH, TCEH, EFCH and EFIH Finance:

| Name | Title |
| --- | --- |
| Paul M. Keglevic | President, Chief Executive Officer, Chief Restructuring Officer, and Chief Accounting Officer |
| Anthony R. Horton | EVP, Chief Financial Officer and Treasurer |
| Andrew M. Wright | EVP, General Counsel and Secretary |

24/54

EFH06577945

*Highly Confidential / Attorney Work Product / Attorney-Client Privileged*

# Officer Consulting Agreements

- The Consulting Agreements identify each individual's title, primary responsibilities and compensation while engaged by EFH Corp.

- The agreements terminate on the earlier of (i) the Effective Date of the Plan as it relates to the E Side Debtors or (ii) upon 60 days prior notice from consultant to EFH Corp. or EFH Corp. to consultant

- The indemnification provision of the agreements includes coverage under EFH Corp.'s directors and officers liability policy

- The agreements contain standard provisions relating to confidentiality, non-disclosure, non-disparagement, Section 409A, severability and governing law

# Redacted For Privilege

23

Highly Confidential

EFH06577946

*Highly Confidential / Attorney Work Product / Attorney-Client Privileged*

# Presentation Outline

- TCEH Restructuring Update

- EFH/EFIH Restructuring Update

    - NextEra Transaction Update

    - EFIH Financing and Makewhole Updates

    - Director & Officer Updates

- **Additional Approvals**

26/54

24

Highly Confidential

EFH06577947

Highly Confidential / Attorney Work Product / Attorney-Client Privileged

## Miscellaneous Approvals

- **Assignment of Trademark:**

  - EFH Corp. holds a trademark that relates to Luminant's business.  In connection with the Plan, EFH Corp. will assign the trademark to Luminant Energy Company LLC

- **Transfer of TCEH Guarantees:**

  - TCEH has previously guaranteed certain obligations of its subsidiaries (the "TCEH Guarantees")

  - Pursuant to the Plan, TCEH will assign its obligations under the TCEH Guarantees to Reorganized TCEH

- **Termination of SEC Filing Obligations:**

  - Following the Effective Date of the Plan, EFIH and EFCH will be eligible to terminate their reporting obligations with the SEC under the Securities Exchange Act of 1934

  - Following the termination of EFIH and EFCH's reporting obligations, EFCH and EFIH will cease filing current and periodic reports (e.g., 10-Qs, 10-Ks and 8-Ks) with the SEC

# Redacted For Privilege

Highly Confidential

EFH06577948

# Redacted For Privilege

EFH06577949

# Redacted For Privilege

EFH06577950

# Redacted For Privilege

# Redacted For Privilege

# Redacted For Privilege

Highly Confidential

# Redacted For Privilege

Highly Confidential EFH06577954

**Redacted For Privilege**

Highly Confidential
EFH06577955

# Redacted For Privilege

Highly Confidential

# Redacted For Privilege

Highly Confidential                                                                                      EFH06577957

# Redacted For Privilege

Highly Confidential                                                                                                    EFH06577958

# Redacted For Privilege

Highly Confidential    EFH06577959

# Redacted For Privilege

 EFH06577960

# Redacted For Privilege

EFH06577961

# Redacted For Privilege

EFH06577962

# Redacted For Privilege

Highly Confidential
EFH06577963

**Redacted For Privilege**

Highly Confidential
EFH06577964

# Redacted For Privilege

EFH06577965

# Redacted For Privilege

EFH06577966

# Redacted For Privilege

EFH06577967

# Redacted For Privilege

Highly Confidential

# Redacted For Privilege

EFH06577969

# Redacted For Privilege

Highly Confidential

# Redacted For Privilege

 EFH06577971

# Redacted For Privilege

 EFH06577972

# Redacted For Privilege

Highly Confidential

EFH06577973

# Redacted For Privilege

EFH06577974

# Redacted For Privilege

EFH06577975