# EXHIBIT 4

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

ENERGY FUTURE HOLDINGS CORP. ("EFH CORP.")
ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC ("EFIH")
TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC ("TCEH")
ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC ("EFCH")
TCEH FINANCE, INC. ("TCEH FINANCE")
EFIH FINANCE INC. ("EFIH FINANCE")
MINUTES OF JOINT MEETING

| | | | | |
|---|---|---|---|---|
| Date: | September 30, 2016 at 9:00 a.m. | | | |
| Location: | Teleconference originating at Energy Plaza, 1601 Bryan Street, Dallas, Texas | | | |
| EFH: | Donald L. Evans | Arcilia C. Acosta | Thomas D. Ferguson | Brandon A. Freiman |
| | Scott Lebovitz | Kenneth Pontarelli | William K. Reilly | Billie I. Williamson |
| | John F. Young | | | |
| EFIH: | John F. Young | Charles H. Cremens | Thomas D. Ferguson | Paul M. Keglevic |
| | Kenneth Pontarelli | | | |
| TCEH: | John F. Young | Arcilia C. Acosta | Paul M. Keglevic | Scott Lebovitz |
| | Hugh E. Sawyer | | | |
| EFCH: | John F. Young | Arcilia C. Acosta | Paul M. Keglevic | Scott Lebovitz |
| | Hugh E. Sawyer | | | |
| TCEH Finance: | John F. Young | Paul M. Keglevic | | |
| EFIH Finance: | John F. Young | Paul M. Keglevic | | |
| Others: | Stacey H. Doré | Anthony R. Horton | Carrie L. Kirby | M. A. McFarland |
| | Jeffrey J. Walker | Andrew M. Wright | | |
| Advisors: | Andrew Calder (K&E) | Chad J. Husnick (K&E) | Marc Kieselstein (K&E) | Mark E. McKane (K&E) |
| | John D. Pitts (K&E) | Edward O. Sassower (K&E) | James Sprayregen (K&E) | William Hiltz (Evercore) |
| | Jeremy Matican (Evercore) | David Ying (Evercore) | Julie M. Allen (Proskauer) | Mark K. Thomas (Proskauer) |
| | Peter J. Young (Proskauer) | Philip A. Gelston (Cravath) | Richard Levin (Jenner) | Seth Goldman (Munger) |
| | Thomas B. Walper (Munger) | Neil F. Luria (SOLIC) | Raoul Nowitz (SOLIC) | David Prager (Goldin) |
| | Eric Mendelsohn (Greenhill) | | | |

A quorum for the board of each company was present with Bonderman, MacDougall, Smidt, and Youngblood absent. Evans, Chairman of EFH Corp., presided. Walker, Secretary of each company, acted as secretary. Participants referred to the applicable materials provided in advance of the meeting.

The meeting was attended by professionals from Kirkland & Ellis LLP ("K&E") and Evercore, legal counsel and financial advisors, respectively, on restructuring matters for each of the companies; Proskauer Rose LLP and SOLIC Capital Advisors LLC, legal counsel and financial advisor, respectively, on actual conflict matters for EFH Corp.; Munger, Tolles & Olson LLP and Greenhill & Co., Inc., legal counsel and financial advisor, respectively, on actual conflict matters for EFCH and TCEH; Cravath, Swaine & Moore LLP and Jenner & Block LLP, legal counsel on actual conflict matters for EFIH; and Goldin Associates, LLC, financial advisor on actual conflict matters for EFIH.

Evans called the meeting to order.

**Restructuring Update:** Kieselstein of K&E reviewed the ongoing efforts to resolve an intercreditor allocation dispute among the TCEH first lien creditors that could delay the emergence of certain subsidiaries of TCEH and certain subsidiaries of EFH Corp. as set forth in the Third Amended Plan of Reorganization confirmed by the U.S. Bankruptcy Court for the District of Delaware (the "Court") on August 29, 2016 (the "T-side Emergence"). Kieselstein then reviewed several items that required board approval in connection with the T-side Emergence. Wright, Vice President and Deputy General Counsel, discussed approval of certain distributions by TCEH. Kieselstein then reviewed the status of the NextEra Energy, Inc. ("NextEra") transaction, including that Fidelity Management & Research Company had joined the Plan Support Agreement. He also reviewed the recent comments by Commissioner Anderson of the

Highly Confidential

EFH06578080

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

Public Utility Commission of Texas on the 'break-up fee.' Doré, Executive Vice President, General Counsel and Co-Chief Restructuring Officer, commented on recent remarks made by Anderson in response to remarks of Judge Sontchi. Kieselstein and Wright then discussed the extension of the EFIH debtor-in-possession financing. Kieselstein reviewed recent developments concerning the appeal of the EFIH first lien and second lien make-whole claims, and he discussed **Redacted For Privilege** **Redacted For Privilege** **Redacted For Privilege** McKane of K&E then reviewed the election of officers at EFH Corp., EFIH, TCEH, EFCH and EFIH Finance and reviewed the form of consulting agreement to be used for Evans, Keglevic, Horton and Wright. Wright then commented on trademark assignments and the proposed termination of SEC reporting obligations for EFIH and EFCH. Kieselstein and Husnick of K&E reported that during the meeting they had learned that the Court would be issuing an order assuring the T-side Emergence would occur on October 3, 2016. Evans commented on the T-side Emergence and thanked all of the board members and professionals for their tremendous performance and support.

On motion duly made and seconded, the following resolutions were adopted by the respective boards.

*EFH Corp.*

WHEREAS, the Company is the sole member of Energy Future Competitive Holdings Company LLC, a Delaware limited liability company ("EFCH"), which in turn is the sole member of Texas Competitive Electric Holdings Company LLC, a Delaware limited liability company ("Former TCEH");

WHEREAS, prior to date hereof, Former TCEH, as sole member, formed (i) TEX Energy LLC, a Delaware limited liability company ("Reorganized TCEH"), (ii) TEX Intermediate Company LLC, a Delaware limited liability company ("IntermediateCo"), (iii) TEX Operations Company LLC, a Delaware limited liability company ("OpCo"), (iv) TEX Asset Company LLC, a Delaware limited liability company ("AssetCo") and (v) TEX Preferred LLC, a Delaware limited liability company ("PrefCo");

WHEREAS, on April 29, 2014, the Company and certain of its subsidiaries, including Former TCEH (collectively, the "Debtors"), commenced voluntary cases (the "Chapter 11 Cases") under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, on August 29, 2016, the Bankruptcy Court entered an order approving and confirming, among other things, the restructuring of Former TCEH and the subsidiaries of Former TCEH that are Debtors (the "TCEH Debtors") pursuant to the Debtors' Third Amended Joint Plan of Reorganization (the "Plan").

**ASSIGNMENT OF LUMINANT TRADEMARK**

WHEREAS, the Company holds a Standard Character Mark for "LUMINANT ENERGY" (Serial No. 77127105) registered with the United States Patent and Trademark Office (the "Luminant Mark"); and

WHEREAS, the Company desires to assign all of its rights in the Luminant Mark to Luminant Energy Company LLC, a subsidiary of the Company that will be transferred to Reorganized TCEH (the "Luminant Mark Assignment").

RESOLVED, that the Luminant Mark Assignment and the transactions contemplated thereby are hereby confirmed, authorized and approved;

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized and directed, for and on behalf of the Company, to take such action as they may deem necessary or appropriate for the Company to execute and deliver an assignment agreement to effect the Luminant Mark Assignment (the "Luminant Mark Assignment Agreement"), with such changes thereto as the officers of the Company, or any of them, shall approve, such execution and delivery to conclusively evidence such approval; and

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized, in the name of and on behalf of the Company, to do all other acts as may be required, appropriate or necessary for the

Highly Confidential                                                                                              EFH06578081

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

Company to carry out and perform under the Luminant Mark Assignment Agreement and to consummate any and all transactions contemplated thereby, and the performance by the Company of all of its obligations pursuant thereto be, and they hereby are, approved.

**CANCELLATION OF INTERCOMPANY CLAIMS**

WHEREAS, the Plan provides that: (a) Class C7 TCEH Debtor Intercompany Claims shall either be Reinstated (as defined in the Plan) or canceled and released without any distribution on account of such Claims; (b) Class C8 Non-TCEH Debtor Intercompany Claims (as defined in the Plan) shall be canceled and released without any distribution on account of such Claims; (c) Class D4 EFH Shared Services Debtor Intercompany Claims (as defined in the Plan) shall either be Reinstated or canceled and released without any distribution on account of such Claims; and (d) Class D5 Non-EFH Shared Services Debtor Intercompany Claims (as defined in the Plan) shall be cancelled and released without any distribution on account of such Claims (collectively, the "T-Side Intercompany Claims Settlement");

WHEREAS, it is proposed that the T-Side Intercompany Claims Settlement occur as early as possible on the calendar day that the Plan becomes effective.

RESOLVED, that the T-Side Intercompany Claims Settlement shall occur prior to any of the other Plan Transactions (as defined below).

**APPOINTMENT OF DIRECTOR**

WHEREAS, upon the effectiveness of the Plan as it relates to the TCEH Debtors, Donald L. Evans is deemed to have resigned from the Board; and

WHEREAS, Section 12 of the Company's Amended and Restated Bylaws (the "Bylaws") provides that any vacancy occurring in the Board shall be filled by the Board.

RESOLVED, that Donald L. Evans is hereby appointed to the Board and to the Organization and Compensation Committee of the Board.

**APPOINTMENT OF OFFICERS**

WHEREAS, Section 13 of the Company's Amended and Restated Bylaws (the "Bylaws") provides that any officer of the Company may be removed from office for or without cause by the Board; and

WHEREAS, Section 13 of the Bylaws further provides that any vacancy occurring in any office of the Company shall be filled by the Board.

RESOLVED, that, upon the effectiveness of the Plan as it relates to the TCEH Debtors, all of the existing officers of the Company be, and hereby are, removed as officers of the Company; and

RESOLVED, that the following named persons be, and they hereby are, elected to the offices set forth opposite their respective names to serve from the time at which the Plan becomes effective until their resignation and until their respective successors are duly elected and qualify and with the powers consistent with those of persons holding positions with the same titles in other corporate organizations to act on behalf of the Company:

| Name | Title |
| --- | --- |
| Donald L. Evans | Chairman |
| Paul M. Keglevic | President, Chief Executive Officer, Chief Restructuring Officer and Chief Accounting Officer |
| Anthony R. Horton | Executive Vice President, Chief Financial Officer and Treasurer |
| Andrew M. Wright | Executive Vice President, General Counsel and Secretary |

Highly Confidential
EFH06578082

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

**OFFICER CONSULTING AGREEMENTS**

WHEREAS, the Board has previously been presented with a form of consulting agreement for each of Donald L. Evans, Paul M. Keglevic, Anthony R. Horton and Andrew M. Wright (the "Form of Consulting Agreement").

RESOLVED, that the Form of Consulting Agreement be, and it hereby is, ratified, confirmed, authorized and approved;

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized and directed, for and on behalf of the Company, to take such action as they may deem necessary or appropriate for the Company to execute and deliver the consulting agreements in a form substantially similar to the Form of Consulting Agreement, with such changes thereto as the officers of the Company, or any of them, shall approve, such execution and delivery to conclusively evidence such approval; and

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized, in the name of and on behalf of the Company, to do all other acts as may be required, appropriate or necessary for the Company to carry out and perform under consulting agreements, to consummate any and all transactions contemplated thereby and the performance by the Company of all of its obligations pursuant thereto be, and they hereby are, approved.

**APPROVAL OF TRANSACTIONS CONTEMPLATED BY THE PLAN**

RESOLVED, that any and all of the transactions contemplated by the Plan and not otherwise expressly authorized by the foregoing resolutions or previous resolutions (collectively, the "Plan Transactions") are hereby confirmed, authorized and approved;

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized and directed, for and on behalf of the Company, to take such action as they may deem necessary or appropriate for the Company to execute and deliver such documentation as is necessary to effect each of the Plan Transactions; and

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized, in the name of and on behalf of the Company, to do all other acts as may be required, appropriate or necessary for the Company to consummate any and all of the Plan Transactions, and the performance by the Company of all of its obligations pursuant thereto be, and they hereby are, approved.

**AMENDED MERGER AGREEMENT AND PLAN SUPPORT AGREEMENT**

WHEREAS, on May 11, 2016, as further detailed in the resolutions presented to the Board of Directors, on such date, the Company, in connection with the ongoing negotiations with its constituencies and with the assistance of its financial and legal advisors, filed an amended Alternative Plan (the "Amended Alternative Plan") and related Disclosure Statement for the Alternative Plan (the "Amended Disclosure Statement for the Alternative Plan");

WHEREAS, on June 10, 2016, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, filed a further amended Alternative Plan (the "Second Amended Alternative Plan") and related Disclosure Statement for the Second Amended Alternative Plan as it applies to the TCEH Debtors and EFH Shared Services Debtors (as defined in the Second Amended Alternative Plan, the "Second Amended Disclosure Statement for the Alternative Plan");

WHEREAS, on June 16, 2016, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, filed a modified Second Amended Alternative Plan and a further amended Disclosure Statement for the Second Amended Alternative Plan as it applies to the TCEH Debtors and EFH Shared Services Debtors (as may hereafter be amended, supplemented, or modified from time to time, the "Third Amended Disclosure Statement for the Alternative Plan");

Highly Confidential                                                                                              EFH06578083

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

WHEREAS, on June 17, 2016, the Bankruptcy Court approved the Third Amended Disclosure Statement for the Alternative Plan;

WHEREAS, on August 3, 2016, after the Board of Directors met, discussed, and approved the Agreement and Plan of Merger by and among the Company, Energy Future Intermediate Holding Company LLC, a Delaware limited liability company, NextEra Energy, Inc., a Florida corporation, and EFH Merger Co., LLC, a Delaware limited liability company and direct wholly owned subsidiary of NextEra Energy, Inc., and the ancillary documents contemplated thereby, (including the "Merger Agreement," and "Plan Support Agreement"), with the assistance of its financial and legal advisors, the Company filed the *Motion of the EFH/EFIH Debtors for Order (A) Authorizing Entry into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry Into and Performance Under the Plan Support Agreement* (the "Merger Agreement and Plan Support Agreement Motion");

WHEREAS, on August 5, 2016, the Company upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, filed the Plan;

WHEREAS, on September 14, 2016, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, the Company amended the Merger Agreement to include additional consideration (the "Amended Merger Agreement") and amended the Plan Support Agreement to include additional creditor support (the "Amended Plan Support Agreement");

WHEREAS, on September 15, 2016, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, filed a further amended Disclosure Statement for the Third Amended Joint Plan of Reorganization as it applies to the EFH Debtors and EFIH Debtors (as may hereafter be amended, supplemented, or modified from time to time, the "Third Amended Disclosure Statement for the Alternative Plan for the EFH/EFIH Debtors");

WHEREAS, on September 19, 2016, the Bankruptcy Court approved the Merger Agreement and Plan Support Agreement Motion;

WHEREAS, the Board of Directors reviewed the Amended Merger Agreement and Amended Plan Support Agreement and was advised by the Company's advisors regarding the Amended Merger Agreement and Amended Plan Support Agreement;

WHEREAS, the Board of Directors reserves all rights in advance of, or after, any Bankruptcy Court filing to amend, supplement, or modify the Amended Merger Agreement and Amended Plan Support Agreement as filed, in response to negotiations with the Debtors' key constituents or as otherwise determined by the Debtors, and as directed by the members of the Board of Directors that are disinterested (within the meaning of Sections 21.418 and 101.255 of the Texas Business Organizations Code (the "TBOC") or the Company's governing documents, to the extent applicable) (the "Disinterested Directors") with respect to any matters that they have determined to involve an actual conflict of interest between the Company, on the one hand, and another Debtor, on the other hand (the "Conflict Matters"); and

WHEREAS, in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company ratify the Amended Merger Agreement and ratify the Amended Plan Support Agreement to further the Debtors' restructuring and the resolution of the Debtors' Chapter 11 Cases.

RESOLVED, that the form, terms, and provisions of the Amended Merger Agreement and Amended Plan Support Agreement are hereby ratified in all respects.

RESOLVED, that the form, terms, and provisions of the Amended Merger Agreement and the Amended Plan Support Agreement, substantially in the form reviewed by each member of the Board of Directors, and the transactions contemplated thereby, are hereby approved and ratified, and that any officer of the Company, including the co-chief restructuring officers (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

and directed to take any and all action that they deem necessary or proper, to execute, enter into, and file on behalf of the Company the Amended Merger Agreement, Amended Plan Support Agreement and other materials reviewed by the Board of Directors.

RESOLVED, that, consistent with, and subject to, the foregoing, each of the Authorized Officers of the Company be, and each are hereby authorized, empowered, and directed, together with the Company's advisors, to file all other papers and documents deemed necessary to confirm a plan materially consistent with the Plan, Third Amended Disclosure Statement for the Alternative Plan for the EFH/EFIH Debtors, Amended Merger Agreement and Amended Plan Support Agreement, including, but not limited to, any amendments, supplements, and modifications to the Amended Merger Agreement and Amended Plan Support Agreement, to the extent the Bankruptcy Court approves the Plan, Third Amended Disclosure Statement for the Alternative Plan for the EFH/EFIH Debtors, Amended Merger Agreement and Amended Plan Support Agreement.

**GENERAL**

RESOLVED that, without in any way limiting the authority heretofore granted to the officers of this Company or that may have been otherwise conferred upon them, the officers of the Company be, and each hereby is, authorized and empowered, in the name and on behalf of the Company, to execute and deliver any and all documents and instruments, to take any and all actions, and to do any and all things, they, and each of them severally, may deem necessary or desirable in order to carry out the intent and purposes of the foregoing resolutions; and

RESOLVED that any and all actions taken by any officer or officers of the Company prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed and adopted as the duly ratified and official act of the Company.

RESOLVED, that each of the officers of the Company (and their designees and delegates) be and hereby are authorized, empowered, and directed to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such officer shall deem necessary, advisable, or desirable in such officers' reasonable business judgment as may be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the transactions contemplated herein.

*EFIH*

WHEREAS, the Company is a direct wholly owned subsidiary of Energy Future Holdings Corp., a Delaware corporation ("EFH Corp.");

WHEREAS, on April 29, 2014, EFH Corp., and certain of its subsidiaries, including the Company and Texas Competitive Electric Holdings Company LLC, a Delaware limited liability company ("Former TCEH") (collectively, the "Debtors"), commenced voluntary cases under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, on August 29, 2016, the Bankruptcy Court entered an order approving and confirming, among other things, the restructuring of Former TCEH and the subsidiaries of Former TCEH that are Debtors (the "TCEH Debtors") pursuant to the Debtors' Third Amended Joint Plan of Reorganization (the "Plan").

**APPROVAL OF SUSPENSION OF EXCHANGE ACT REPORTING OBLIGATIONS**

WHEREAS, the Company currently files current and periodic reports with Securities and Exchange Commission ("SEC") pursuant to the Securities Exchange Act of 1934, as amended (the "Exchange Act");

Highly Confidential                                                                                                                    EFH06578085

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

WHEREAS, following the effective date of the Plan as it relates to the TCEH Debtors, it is contemplated that the Company will suspend and/or terminate its reporting obligations under the Exchange Act;

WHEREAS, the Board deems it in the best interests of the Company to suspend and/or terminate its reporting obligations under the Exchange Act.

RESOLVED, that the officers of the Company be, and they hereby are, authorized and directed, for and on behalf of the Company, to take such action as they may deem necessary or appropriate to suspend and/or terminate the Company's reporting obligation under the Exchange Act, including the preparation, execution and filing of any requisite notices, reports or other documentation with the SEC.

## CANCELLATION OF INTERCOMPANY CLAIMS

WHEREAS, the Plan provides that: (a) Class C7 TCEH Debtor Intercompany Claims shall either be Reinstated (as defined in the Plan) or canceled and released without any distribution on account of such Claims; (b) Class C8 Non-TCEH Debtor Intercompany Claims (as defined in the Plan) shall be canceled and released without any distribution on account of such Claims; (c) Class D4 EFH Shared Services Debtor Intercompany Claims (as defined in the Plan) shall either be Reinstated or canceled and released without any distribution on account of such Claims; and (d) Class D5 Non-EFH Shared Services Debtor Intercompany Claims (as defined in the Plan) shall be cancelled and released without any distribution on account of such Claims (collectively, the "T-Side Intercompany Claims Settlement");

WHEREAS, it is proposed that the T-Side Intercompany Claims Settlement occur as early as possible on the calendar day that the Plan becomes effective.

RESOLVED, that the T-Side Intercompany Claims Settlement shall occur prior to any of the other Plan Transactions (as defined below).

## APPOINTMENT OF OFFICERS

WHEREAS, upon the effectiveness of the Plan as it relates to the TCEH Debtors, the Board desires to replace the officers of the Company.

RESOLVED, that, upon the effectiveness of the Plan, all of the existing officers of the Company be, and hereby are, removed as officers of the Company; and

RESOLVED, that the following named persons be, and they hereby are, elected to the offices set forth opposite their respective names to serve from the time at which the Plan becomes effective until their resignation and until their respective successors are duly elected and qualify and with the powers consistent with those of persons holding positions with the same titles in other corporate organizations to act on behalf of the Company:

| Name | Title |
|---|---|
| John F. Young | Chairman |
| Paul M. Keglevic | President, Chief Executive Officer, Chief Restructuring Officer and Chief Accounting Officer |
| Anthony R. Horton | Executive Vice President, Chief Financial Officer and Treasurer |
| Andrew M. Wright | Executive Vice President, General Counsel and Secretary |

## APPROVAL OF TRANSACTIONS CONTEMPLATED BY THE PLAN

RESOLVED, that any and all of the transactions contemplated by the Plan and not otherwise expressly authorized by the foregoing resolutions (collectively, the "Plan Transactions") are hereby confirmed, authorized and approved;

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized and directed, for and on behalf of the Company, to take such action as they may deem necessary or appropriate for the

Highly Confidential               EFH06578086

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

Company to execute and deliver such documentation as is necessary to effect each of the Plan Transactions; and

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized, in the name of and on behalf of the Company, to do all other acts as may be required, appropriate or necessary for the Company to consummate any and all of the Plan Transactions, and the performance by the Company of all of its obligations pursuant thereto be, and they hereby are, approved.

## AMENDED MERGER AGREEMENT AND PLAN SUPPORT AGREEMENT

WHEREAS, on May 11, 2016, as further detailed in the resolutions presented to Board of Managers, on such date, the Company, in connection with the ongoing negotiations with its constituencies and with the assistance of its financial and legal advisors, filed an amended Alternative Plan (the "Amended Alternative Plan") and related Disclosure Statement for the Alternative Plan (the "Amended Disclosure Statement for the Alternative Plan");

WHEREAS, on June 10, 2016, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, filed a further amended Alternative Plan (the "Second Amended Alternative Plan") and related Disclosure Statement for the Second Amended Alternative Plan as it applies to the TCEH Debtors and EFH Shared Services Debtors (as defined in the Second Amended Alternative Plan, the "Second Amended Disclosure Statement for the Alternative Plan");

WHEREAS, on June 16, 2016, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, filed a modified Second Amended Alternative Plan and a further amended Disclosure Statement for the Second Amended Alternative Plan as it applies to the TCEH Debtors and EFH Shared Services Debtors (the "Third Amended Disclosure Statement for the Alternative Plan");

WHEREAS, on June 17, 2016, the Bankruptcy Court approved the Third Amended Disclosure Statement for the Alternative Plan;

WHEREAS, on August 3, 2016, after the Board of Managers met, discussed, and approved the Agreement and Plan of Merger by and among Energy Future Holdings Corp., a Texas corporation, the Company, NextEra Energy, Inc., a Florida corporation, and EFH Merger Co., LLC, a Delaware limited liability company and direct wholly owned subsidiary of NextEra Energy, Inc., and the ancillary documents contemplated thereby (including, the "Merger Agreement," and "Plan Support Agreement"), with the assistance of its financial and legal advisors, the Company filed the *Motion of the EFH/EFIH Debtors for Order (A) Authorizing Entry into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry Into and Performance Under the Plan Support Agreement* (the "Merger Agreement and Plan Support Agreement Motion");

WHEREAS, on August 5, 2016, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, filed the Plan;

WHEREAS, on September 14, 2016, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, the Company amended the Merger Agreement to include additional consideration (the "Amended Merger Agreement") and amended the Plan Support Agreement to include additional creditor support (the "Amended Plan Support Agreement");

WHEREAS, on September 15, 2016, the Company, upon further negotiations with its constituencies and with the assistance of its financial and legal advisors, filed a further amended Disclosure Statement for the Third Amended Joint Plan of Reorganization as it applies to the EFH Debtors and EFIH Debtors (as may hereafter be amended, supplemented, or modified from time to time, the "Third Amended Disclosure Statement for the Alternative Plan for the EFH/EFIH Debtors")

WHEREAS, on September 19, 2016, the Bankruptcy Court approved the Merger Agreement and Plan Support Agreement Motion;

Highly Confidential   EFH06578087

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

WHEREAS, the Board of Managers reviewed the Amended Merger Agreement and Amended Plan Support Agreement and was advised by the Company's advisors regarding the Amended Merger Agreement and Amended Plan Support Agreement;

WHEREAS, the Board of Directors reserves all rights in advance of, or after, any Bankruptcy Court filing to amend, supplement, or modify the Amended Merger Agreement and Amended Plan Support Agreement as filed, in response to negotiations with the Debtors' key constituents or as otherwise determined by the Debtors, and as directed by the member of the Board of Managers that is disinterested (within the meaning of Section 144 of the Delaware General Corporation Law (the "DGCL") or the Company's governing documents, to the extent applicable) (the "Disinterested Manager") with respect to any matters that he has determined to involve an actual conflict of interest between the Company, on the one hand, and another Debtor, on the other hand (the "Conflict Matters"); and

WHEREAS, in the judgment of the Board of Managers, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company ratify the Amended Merger Agreement and ratify Amended Plan Support Agreement to further the Debtors' restructuring and the resolution of the Debtors' Chapter 11 Cases.

NOW, THEREFORE, BE IT,

RESOLVED, that the form, terms, and provisions of the Amended Merger Agreement and the Amended Plan Support Agreement are hereby ratified in all respects.

RESOLVED, that the form, terms, and provisions of the Amended Merger Agreement and the Amended Plan Support Agreement substantially in the form reviewed by each member of the Board of Managers, and the transactions contemplated thereby, are hereby approved and ratified, and that any officer of the Company, including the co-chief restructuring officers (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to take any and all action that they deem necessary or proper, to execute and file on behalf of the Company the Amended Merger Agreement, Amended Plan Support Agreement and other materials reviewed by the Board of Managers.

RESOLVED, that, consistent with, and subject to, the foregoing, each of the Authorized Officers of the Company be, and each are hereby authorized, empowered, and directed, together with the Company's advisors, to file all other papers and documents deemed necessary to confirm a plan materially consistent with the Plan, Third Amended Disclosure Statement for the Alternative Plan for the EFH/EFIH Debtors, Amended Merger Agreement and Amended Plan Support Agreement, including, but not limited to, any amendments, supplements, and modifications to the Amended Merger Agreement and Amended Plan Support Agreement, to the extent the Bankruptcy Court approves the Plan, Third Amended Disclosure Statement for the Alternative Plan for the EFH/EFIH Debtors, Amended Merger Agreement and Amended Plan Support Agreement.

**GENERAL**

RESOLVED that, without in any way limiting the authority heretofore granted to the officers of this Company or that may have been otherwise conferred upon them, the officers of the Company be, and each hereby is, authorized and empowered, in the name and on behalf of the Company, to execute and deliver any and all documents and instruments, to take any and all actions, and to do any and all things, they, and each of them severally, may deem necessary or desirable in order to carry out the intent and purposes of the foregoing resolutions; and

RESOLVED that any and all actions taken by any officer or officers of the Company prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed and adopted as the duly ratified and official act of the Company.

Highly Confidential

EFH06578088

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

RESOLVED, that each of the officers of the Company (and their designees and delegates) be and hereby are authorized, empowered, and directed to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, officer shall deem necessary, advisable, or desirable in such officers' reasonable business judgment as may be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the transactions contemplated herein.

*EFCH*

WHEREAS, the Company is a direct wholly owned subsidiary of Energy Future Holdings Corp., a Delaware corporation ("EFH Corp."), and is the sole member of Texas Competitive Electric Holdings Company LLC, a Delaware limited liability company ("Former TCEH");

WHEREAS, on April 29, 2014, EFH Corp., and certain of its subsidiaries, including the Company and Former TCEH (collectively, the "Debtors"), commenced voluntary cases under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, on August 29, 2016, the Bankruptcy Court entered an order approving and confirming, among other things, the restructuring of Former TCEH and the subsidiaries of Former TCEH that are Debtors (the "TCEH Debtors") pursuant to the Debtors' Third Amended Joint Plan of Reorganization (the "Plan").

**SUSPENSION OF EXCHANGE ACT REPORTING OBLIGATIONS**

WHEREAS, the Company currently files current and periodic reports with the Securities and Exchange Commission ("SEC") pursuant to the Securities Exchange Act of 1934, as amended (the "Exchange Act");

WHEREAS, following the effective date of the Plan as it relates to the TCEH Debtors, it is contemplated that the Company will suspend and/or terminate its reporting obligations under the Exchange Act;

WHEREAS, the Board of Managers of the Company (the "Board") deems it in the best interests of the Company to suspend and/or terminate its reporting obligations under the Exchange Act.

RESOLVED, that the officers of the Company be, and they hereby are, authorized and directed, for and on behalf of the Company, to take such action as they may deem necessary or appropriate to suspend and/or terminate the Company's reporting obligation under the Exchange Act, including the preparation, execution and filing of any requisite notices, reports or other documentation with the SEC.

**CANCELLATION OF INTERCOMPANY CLAIMS**

WHEREAS, the Plan provides that: (a) Class C7 TCEH Debtor Intercompany Claims shall either be Reinstated (as defined in the Plan) or canceled and released without any distribution on account of such Claims; (b) Class C8 Non-TCEH Debtor Intercompany Claims (as defined in the Plan) shall be canceled and released without any distribution on account of such Claims; (c) Class D4 EFH Shared Services Debtor Intercompany Claims (as defined in the Plan) shall either be Reinstated or canceled and released without any distribution on account of such Claims; and (d) Class D5 Non-EFH Shared Services Debtor Intercompany Claims (as defined in the Plan) shall be cancelled and released without any distribution on account of such Claims (collectively, the "T-Side Intercompany Claims Settlement");

WHEREAS, it is proposed that the T-Side Intercompany Claims Settlement occur as early as possible on the calendar day that the Plan becomes effective.

RESOLVED, that the T-Side Intercompany Claims Settlement shall occur prior to any of the other Plan Transactions (as defined below).

**APPOINTMENT OF OFFICERS**

WHEREAS, upon the effectiveness of the Plan as it relates to the TCEH Debtors, the Board desires to replace the officers of the Company.

Highly Confidential

EFH06578089

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

RESOLVED, that, upon the effectiveness of the Plan as it relates to the TCEH Debtors, all of the existing officers of the Company be, and hereby are, removed as officers of the Company; and

RESOLVED, that the following named persons be, and they hereby are, elected to the offices set forth opposite their respective names to serve from the time at which the Plan becomes effective until their resignation and until their respective successors are duly elected and qualify and with the powers consistent with those of persons holding positions with the same titles in other corporate organizations to act on behalf of the Company:

| Name | Title |
| --- | --- |
| Paul M. Keglevic | Chairman, President, Chief Executive Officer, Chief Restructuring Officer and Chief Accounting Officer |
| Anthony R. Horton | Executive Vice President, Chief Financial Officer and Treasurer |
| Andrew M. Wright | Executive Vice President, General Counsel and Secretary |

## APPROVAL OF TRANSACTIONS CONTEMPLATED BY THE PLAN

RESOLVED, that any and all of the transactions contemplated by the Plan and not otherwise expressly authorized by the foregoing resolutions (collectively, the "Plan Transactions") are hereby confirmed, authorized and approved;

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized and directed, for and on behalf of the Company, to take such action as they may deem necessary or appropriate for the Company to execute and deliver such documentation as is necessary to effect each of the Plan Transactions; and

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized, in the name of and on behalf of the Company, to do all other acts as may be required, appropriate or necessary for the Company to consummate any and all of the Plan Transactions, and the performance by the Company of all of its obligations pursuant thereto be, and they hereby are, approved.

## GENERAL

RESOLVED that, without in any way limiting the authority heretofore granted to the officers of this Company or that may have been otherwise conferred upon them, the officers of the Company be, and each hereby is, authorized and empowered, in the name and on behalf of the Company, to execute and deliver any and all documents and instruments, to take any and all actions, and to do any and all things, they, and each of them severally, may deem necessary or desirable in order to carry out the intent and purposes of the foregoing resolutions; and

RESOLVED that any and all actions taken by any officer or officers of the Company prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed and adopted as the duly ratified and official act of the Company.

*TCEH*

WHEREAS, the Company is a direct wholly owned subsidiary of Energy Future Competitive Holding Company LLC, a Delaware limited liability company ("EFCH") and indirect wholly owned subsidiary of Energy Future Holdings Corp., a Texas Corporation ("EFH Corp.");

WHEREAS, prior to the date hereof, the Company, as sole member, formed (i) TEX Intermediate Company LLC, a Delaware limited liability company ("IntermediateCo"), (ii) TEX Operations Company LLC, a Delaware limited liability company ("OpCo"), (iii) TEX Asset Company LLC, a Delaware limited

Highly Confidential

EFH06578090

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

liability company ("AssetCo") and (iv) TEX Preferred LLC, a Delaware limited liability company ("PrefCo");

WHEREAS, on April 29, 2014, EFH Corp., and certain of its subsidiaries, including the Company (collectively, the "Debtors"), commenced voluntary cases under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, on August 29, 2016, the Bankruptcy Court entered an order approving and confirming, among other things, the restructuring of the Company and the subsidiaries of the Company that are Debtors (the "TCEH Debtors") pursuant to the Debtors' Third Amended Joint Plan of Reorganization (the "Plan").

**PURCHASE OF INTERESTS IN EFH CG HOLDINGS COMPANY LP**

WHEREAS, it is proposed that, prior to the effectiveness of the Plan, EFH Corp. and certain of its subsidiaries, including the Company, will effect certain internal reorganization transactions to, among other things, simplify the legal structure of TCEH Debtors, as further described in the Legal Entity Simplification Steps Chart that the Board of Managers of the Company (the "Board") has previously been provided with and reviewed (such simplification, "Project LESS");

WHEREAS, Oncor Electric Delivery Company LLC, a Delaware limited liability company ("Oncor"), owns a 19.5% equity interests in EFH CG Holdings Company LP ("Cap Gemini"), a joint venture that primarily holds intellectual property, and LSGT Gas Company LLC, Texas limited liability company ("LSGT Gas"), owns a 5.2% equity interests in Cap Gemini;

WHEREAS, the Company owns equity interests in Cap Gemini;

WHEREAS, it is contemplated as part of Project LESS that (i) the Company purchase the 19.5% equity interest in Cap Gemini held by Oncor ("Cap Gemini Purchase") and (ii) LSGT Gas assign its 5.2% equity interest in Cap Gemini to the Company (the "Cap Gemini Assignment" and together with the Cap Gemini Purchase, the "Cap Gemini Transactions"); and

WHEREAS, it is contemplated that in connection with the Cap Gemini Transactions the parties thereto will enter into: (i) a Limited Partnership Interest Purchase Agreement by and between the Company, Oncor, Cap Gemini and EFH CG Management Company LLC, a wholly owned subsidiary of EFH Corporate Services (as defined below) and the general partner of Cap Gemini and (ii) an Assignment and Assumption Agreement by and between the Company and LSGT Gas (collectively, the "Cap Gemini Agreements").

RESOLVED, that the Cap Gemini Transactions and the Cap Gemini Agreements are hereby confirmed, authorized and approved;

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized and directed, for and on behalf of the Company, to take such action as they may deem necessary or appropriate for the Company to execute and deliver the Cap Gemini Agreements and consummate the Cap Gemini Transactions, with such changes thereto as the officers of the Company, or any of them, shall approve, such execution and delivery to conclusively evidence such approval; and

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized, in the name of and on behalf of the Company, to do all other acts as may be required, appropriate or necessary for the Company to effect the Cap Gemini Transactions and carry out and perform under the Cap Gemini Agreements and to consummate any and all transactions contemplated thereby, and the performance by the Company of all of its obligations pursuant thereto be, and they hereby are, approved.

Highly Confidential
EFH06578091

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

## PROJECT LESS DISTRIBUTIONS

WHEREAS, TXU Energy Retail Company LLC, a Texas limited liability company and indirect subsidiary of the Company ("TXUE"), holds all of the outstanding stock in TXU Retail Services Company, a Delaware corporation ("TXU Retail") and a 28.4% equity interest in Cap Gemini;

WHEREAS, it is contemplated as part of Project LESS that (i) all of the outstanding stock in TXU Retail be distributed to the Company (the "TXUE Distribution"), and following the TXUE Distribution, (ii) the 28.4% equity interests in Cap Gemini be distributed to the Company (the "Cap Gemini Distribution");

WHEREAS, Luminant Holding Company LLC, a Delaware limited liability company and indirect subsidiary of the Company ("LUM Holding"), holds all of the outstanding equity interests in (i) Big Brown Power Company LLC, Generation SVC Company, Luminant Energy Company LLC, Luminant Generation Company LLC ("LUM Gen"), Luminant Mining Company LLC, Sandow Power Company LLC and NCA Resources Development Company LLC, each organized under the laws of the State of Texas and (ii) Oak Grove Management Company LLC, La Frontera Holdings, LLC and Forney Pipeline, LLC, each organized under the laws of the State of Delaware (collectively, the "LUM Holding Subsidiaries");

WHEREAS, following the Cap Gemini Distribution, it is contemplated as part of Project LESS that LUM Holding will distribute all of the outstanding equity interests in the LUM Holding Subsidiaries to the Company (the "LUM Holding Distribution");

WHEREAS, Comanche Peak Power Company LLC, a Delaware limited liability ("Comanche Peak") is a direct wholly owned subsidiary of the Company;

WHEREAS, upon the consummation of the Comanche Peak Contribution (as defined below), Comanche Peak will become a direct wholly owned subsidiary of LUM Gen; and

WHEREAS, following the LUM Holding Distribution and the Comanche Peak Contribution, it is contemplated as part of Project LESS that LUM Gen will distribute all of the outstanding equity interests in Comanche Peak to the Company (the "LUM Gen Distribution," and collectively with the TXUE Distribution, the Cap Gemini Distribution and the LUM Holding Distribution, "Project LESS Distributions").

RESOLVED, that the Project Less Distributions are hereby confirmed, authorized and approved;

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized and directed, for and on behalf of the Company, to take such action as they may deem necessary or appropriate for the Company to execute and deliver distribution agreements to effect the Project LESS Distributions (the "Distribution Agreements"), with such changes thereto as the officers of the Company, or any of them, shall approve, such execution and delivery to conclusively evidence such approval; and

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized, in the name of and on behalf of the Company, to do all other acts, including executing other required agreements, documents or certificates, as may be required, appropriate or necessary for the Company to effect the Project LESS Distributions and carry out and perform under the Distribution Agreements and to consummate any and all transactions contemplated thereby, and the performance by the Company of all of its obligations pursuant thereto be, and they hereby are, approved.

## SEPARATION AGREEMENT AND ASSIGNMENT AND ASSUMPTION AGREEMENT

WHEREAS, pursuant to and in accordance with the Plan and the NextEra Energy, Inc. merger agreement, and OpCo, it is proposed that (i) EFH Corp. and certain of its subsidiaries, including the Company, will transfer, convey and deliver to TEX Energy LLC ("Reorganized TCEH") the TCEH Assets (as defined in the Plan) (the "TCEH Assets Contribution"), including the Company's equity interests in each of its subsidiaries (the "TCEH Subsidiaries"), (ii) EFH Corp. and certain of its subsidiaries will transfer and assign the Contributed Plans (as defined in the Separation Agreement) to the Company (the "Contributed

Highly Confidential

EFH06578092

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

Plans Assumption") and (iii) Reorganized TCEH will assume the Assumed Liabilities (as defined in the Separation Agreement (as defined below));

WHEREAS, the transaction described above, among other things, are set forth in a proposed Separation Agreement, by and among Energy Future Holdings Corp., Reorganized TCEH, and OpCo (the "Separation Agreement");

WHEREAS, in connection with the TCEH Assets Contribution, it is contemplated that the Company enter into an Assignment and Assumption Agreement by and between the Company, EFH Corp., EFCH and Reorganized TCEH, pursuant to which the Company will assign the TCEH Assets held by the Company, including the TCEH Subsidiaries, to Reorganized TCEH, in the form attached as Exhibit A to the Separation Agreement (the "Assignment and Assumption Agreement One");

WHEREAS, in connection with the Contributed Plans Assumption, it is contemplated that the Company enter into an Assignment and Assumption Agreement by and between EFH Corp., OpCo, EFH Corporate Services, LUM Holding, TXUE, and the Company ("Assignment and Assumption Agreement Two," and collectively with Assignment and Assumption Agreement One, the "Assignment and Assumption Agreements"), pursuant to which the Company will assign certain rights under certain employment agreements to OpCo, in the form attached as Exhibit B to the Separation Agreement; and

WHEREAS, the Board has previously been presented with and reviewed drafts of the Separation Agreement, the Plan and the Assignment and Assumption Agreements.

RESOLVED, that the Assignment and Assumption Agreements and each of the transactions contemplated thereby, including the TCEH Assets Contribution and the Contributed Plans Assumption, are each hereby confirmed, authorized and approved;

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized and directed, for and on behalf of the Company, to take such action as they may deem necessary or appropriate for the Company to execute and deliver each of the Assignment and Assumption Agreements and each of the documents contemplated thereby, including the TCEH Assets Contribution and the Contributed Plans Assumption, to be executed in connection therewith, with such changes thereto as the officers of the Company, or any of them, shall approve, such execution and delivery to conclusively evidence such approval; and

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized, in the name of and on behalf of the Company, to do all other acts as may be required, appropriate or necessary for the Company to carry out and perform under each of the Assignment and Assumption Agreements and to consummate any and all transactions contemplated thereby, including the TCEH Assets Contribution and the Contributed Plans Assumption, and the performance by the Company of all of its obligations pursuant thereto be, and they hereby are, approved.

**TRANSFER OF GUARANTEES TO OPCO**

WHEREAS, pursuant to the Plan, it is proposed that the Company will assign certain obligations currently guaranteed by the Company to OpCo (the "Plan Guarantees"); and

WHEREAS, pursuant to an Assignment and Assumption Agreement, by and between the Company and OpCo (the "NextEra Guaranty Assignment and Assumption Agreement"), the Company will assign, convey and transfer to OpCo all of the Company's rights and obligations under the Guaranty dated as of April 4, 2016 (together with the Plan Guarantees, the "Assumed Guarantees") in favor of NextEra Energy Operating Services, LLC, and OpCo will assume such obligations and become the Guarantor (as defined in the Guaranty) under the Guaranty.

RESOLVED, that each of the Assumed Guarantees is hereby ratified, confirmed, authorized and approved;

Highly Confidential

EFH06578093

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized and directed, for and on behalf of the Company, to take such action as they may deem necessary or appropriate for the Company to execute and deliver documents evidencing the Assumed Guarantees, including the NextEra Guaranty Assignment and Assumption Agreement (together, the "Guaranty Documents"), with such changes thereto as the officers of the Company, or any of them, shall approve, such execution and delivery to conclusively evidence such approval; and

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized, in the name of and on behalf of the Company, to do all other acts, including executing other required agreements, documents or certificates, as may be required, appropriate or necessary for the Company to carry out and perform under the Guaranty Documents and to consummate any and all transactions contemplated thereby, and the performance by the Company of all of its obligations pursuant thereto be, and they hereby are, approved.

## DISTRIBUTIONS TO THE COMPANY FIRST LIEN CREDITORS

WHEREAS, pursuant to the Plan, immediately following the Conversion (as defined in the Plan), the Company will (i) distribute (A) (1) 427,5000,000 shares of Reorganized TCEH common stock , and (2) approximately $370,000,000, which includes the net cash proceeds from the sale of certain preferred stock by AssetCo, in each case to the former first lien creditors of the Company in exchange for the cancellation of their allowed claims against the Company, and (B) the right to receive recoveries under the unsecured claim of the Company against EFH Corp. allowed in the amount of $700 million (the "TCEH Settlement Claim"), provided, that following the effective date as its relates to the TCEH Debtors, Reorganized TCEH will nominally hold the right to receive recoveries under the TCEH Settlement Claim but the former first lien creditors of the Company will hold all legal and equitable entitlement to receive recoveries under the TCEH Settlement Claim, and (ii) deposit 427,500,000 rights under a Tax Receivables Agreement into an escrow account for subsequent distribution to eligible first lien creditors of the Company (collectively (A) and (b), the "Creditor Distribution"); and

RESOLVED, that the Creditor Distribution is hereby confirmed, authorized and approved;

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized, in the name of and on behalf of the Company, to do all other acts as may be required, appropriate or necessary for the Company to carry out and perform the Creditor Distribution, and the performance by the Company of all of its obligations pursuant thereto be, and they hereby are, approved.

## CANCELLATION OF INTERCOMPANY CLAIMS

WHEREAS, the Plan provides that: (a) Class C7 TCEH Debtor Intercompany Claims shall either be Reinstated (as defined in the Plan) or canceled and released without any distribution on account of such Claims; (b) Class C8 Non-TCEH Debtor Intercompany Claims (as defined in the Plan) shall be canceled and released without any distribution on account of such Claims; (c) Class D4 EFH Shared Services Debtor Intercompany Claims (as defined in the Plan) shall either be Reinstated or canceled and released without any distribution on account of such Claims; and (d) Class D5 Non-EFH Shared Services Debtor Intercompany Claims (as defined in the Plan) shall be cancelled and released without any distribution on account of such Claims (collectively, the "T-Side Intercompany Claims Settlement");

WHEREAS, it is proposed that the T-Side Intercompany Claims Settlement occur as early as possible on the calendar day that the Plan becomes effective.

RESOLVED, that the T-Side Intercompany Claims Settlement shall occur prior to any of the other Plan Transactions (as defined below).

## APPOINTMENT OF OFFICERS

WHEREAS, upon the effectiveness of the Plan as it relates to the TCEH Debtors, the Board desires to replace the officers of the Company.

Highly Confidential                                                                                                                                      EFH06578094

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

RESOLVED, that, upon the effectiveness of the Plan as it relates to the TCEH Debtors, all of the existing officers of the Company be, and hereby are, removed as officers of the Company; and

RESOLVED, that the following named persons be, and they hereby are, elected to the offices set forth opposite their respective names to serve from the time at which the Plan becomes effective until their resignation and until their respective successors are duly elected and qualify and with the powers consistent with those of persons holding positions with the same titles in other corporate organizations to act on behalf of the Company:

| Name | Title |
| --- | --- |
| Paul M. Keglevic | Chairman, President, Chief Executive Officer, Chief Restructuring Officer and Chief Accounting Officer |
| Anthony R. Horton | Executive Vice President, Chief Financial Officer and Treasurer |
| Andrew M. Wright | Executive Vice President, General Counsel and Secretary |

**APPROVAL OF TRANSACTIONS CONTEMPLATED BY THE PLAN**

RESOLVED, that any and all of the transactions contemplated by the Plan and not otherwise expressly authorized by the foregoing resolutions (collectively, the "Plan Transactions") are hereby confirmed, authorized and approved;

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized and directed, for and on behalf of the Company, to take such action as they may deem necessary or appropriate for the Company to execute and deliver such documentation as is necessary to effect each of the Plan Transactions; and

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized, in the name of and on behalf of the Company, to do all other acts as may be required, appropriate or necessary for the Company to consummate any and all of the Plan Transactions, and the performance by the Company of all of its obligations pursuant thereto be, and they hereby are, approved.

**GENERAL**

RESOLVED that, without in any way limiting the authority heretofore granted to the officers of this Company or that may have been otherwise conferred upon them, the officers of the Company be, and each hereby is, authorized and empowered, in the name and on behalf of the Company, to execute and deliver any and all documents and instruments, to take any and all actions, and to do any and all things, they, and each of them severally, may deem necessary or desirable in order to carry out the intent and purposes of the foregoing resolutions; and

RESOLVED that any and all actions taken by any officer or officers of the Company prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed and adopted as the duly ratified and official act of the Company.

*EFIH Finance*

WHEREAS, the Company is a direct wholly owned subsidiary of Energy Future Intermediate Holding Company LLC, a Delaware limited liability company ("EFIH"), and is the indirect subsidiary of Energy Future Holdings Corp. ("EFH Corp.");

WHEREAS, on April 29, 2014, EFH Corp., and certain of its subsidiaries, including the Company and Texas Competitive Electric Holdings Company LLC, a Delaware limited liability company ("Former TCEH") (collectively, the "Debtors"), commenced voluntary cases under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

Highly Confidential

EFH06578095

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

WHEREAS, on August 29, 2016, the Bankruptcy Court entered an order approving and confirming, among other things, the restructuring of Former TCEH and the subsidiaries of Former TCEH that are Debtors (the "TCEH Debtors") pursuant to the Debtors' Third Amended Joint Plan of Reorganization (the "Plan").

## CANCELLATION OF INTERCOMPANY CLAIMS

WHEREAS, the Plan provides that: (a) Class C7 TCEH Debtor Intercompany Claims shall either be Reinstated (as defined in the Plan) or canceled and released without any distribution on account of such Claims; (b) Class C8 Non-TCEH Debtor Intercompany Claims (as defined in the Plan) shall be canceled and released without any distribution on account of such Claims; (c) Class D4 EFH Shared Services Debtor Intercompany Claims (as defined in the Plan) shall either be Reinstated or canceled and released without any distribution on account of such Claims; and (d) Class D5 Non-EFH Shared Services Debtor Intercompany Claims (as defined in the Plan) shall be cancelled and released without any distribution on account of such Claims (collectively, the "T-Side Intercompany Claims Settlement");

WHEREAS, it is proposed that the T-Side Intercompany Claims Settlement occur as early as possible on the calendar day that the Plan becomes effective.

RESOLVED, that the T-Side Intercompany Claims Settlement shall occur prior to any of the other Plan Transactions (as defined below).

## APPOINTMENT OF OFFICERS

WHEREAS, upon the effectiveness of the Plan as it relates to the TCEH Debtors, the Board desires to replace the officers of the Company.

RESOLVED, that, upon the effectiveness of the Plan as it relates to the TCEH Debtors, all of the existing officers of the Company be, and hereby are, removed as officers of the Company; and

RESOLVED, that the following named persons be, and they hereby are, elected to the offices set forth opposite their respective names to serve from the time at which the Plan becomes effective until their resignation and until their respective successors are duly elected and qualify and with the powers consistent with those of persons holding positions with the same titles in other corporate organizations to act on behalf of the Company:

| Name | Title |
| --- | --- |
| John F. Young | Chairman |
| Paul M. Keglevic | President, Chief Executive Officer, Chief Restructuring Officer and Chief Accounting Officer |
| Anthony R. Horton | Executive Vice President, Chief Financial Officer and Treasurer |
| Andrew M. Wright | Executive Vice President, General Counsel and Secretary |

## APPROVAL OF TRANSACTIONS CONTEMPLATED BY THE PLAN

RESOLVED, that any and all of the transactions contemplated by the Plan and not otherwise expressly authorized by the foregoing resolutions (collectively, the "Plan Transactions") are hereby confirmed, authorized and approved;

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized and directed, for and on behalf of the Company, to take such action as they may deem necessary or appropriate for the Company to execute and deliver such documentation as is necessary to effect each of the Plan Transactions; and

Highly Confidential

EFH06578096

CONTAINS PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized, in the name of and on behalf of the Company, to do all other acts as may be required, appropriate or necessary for the Company to consummate any and all of the Plan Transactions, and the performance by the Company of all of its obligations pursuant thereto be, and they hereby are, approved.

**GENERAL**

RESOLVED that, without in any way limiting the authority heretofore granted to the officers of this Company or that may have been otherwise conferred upon them, the officers of the Company be, and each hereby is, authorized and empowered, in the name and on behalf of the Company, to execute and deliver any and all documents and instruments, to take any and all actions, and to do any and all things, they, and each of them severally, may deem necessary or desirable in order to carry out the intent and purposes of the foregoing resolutions; and

RESOLVED that any and all actions taken by any officer or officers of the Company prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed and adopted as the duly ratified and official act of the Company.

There being no further business to come before the meeting, it was adjourned at 9:45 a.m.

*Jeffrey J. Walker*
Secretary

Highly Confidential                                                                                                                    EFH06578097