```
                                                       Page 1
 1   UNITED STATES BANKRUPTCY COURT
 2   DISTRICT OF DELAWARE
 3
 4
 5   In re:                          :
                                     :   Chapter 11
 6   ENERGY FUTURE HOLDINGS, CORP.   :
     et al.,                         :   Case No. 14-10979 (CSS)
 7                                   :
             Debtors.                :   (Jointly Administrated)
 8   _____  :
 9
10
11
12                           United States Bankruptcy Court
13                           824 North Market Street
14                           Wilmington, Delaware
15                           March 2, 2017
16                           10:04 a.m. – 10:10 a.m.
17
18
19
20
21   B E F O R E :
22   HON CHRISTOPHER S. SONTCHI
23   U.S. BANKRUPTCY JUDGE
24
25   ECRO OPERATOR:  LESLIE MURIN
```

1   HEARING re Objection of Energy Future Holdings Corp., et
2   al., to Proof of Claim 13319 Filed by the City of Dallas
3   [D.I. 9409; files August 26, 2016]
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  Transcribed by:  Sonya Ledanski Hyde

1  A P P E A R A N C E S :
2
3  KIRKLAND & ELLIS LLP
4        Attorneys for the Debtor
5
6  BY:   JUSTIN SOWA (TELEPHONICALLY)
7
8  STEVENS & LEE, P.C.
9        Attorney for the City of Dallas
10
11 JOHN D. DEMMY (TELEPHONICALLY)
12
13 ALSO PRESENT TELEPHONICALLY:
14
15 MARK BAGGETT
16 MARK A. CODY
17 ERIC C. DAUCHER
18 DANIEL DEFRANCESCHI
19 JOSEPH A. FLOCZAK
20 PETER HASKEL
21 RAYMOND LEMISCH
22 JASON M. MADRON
23 MARK E. MCKANE
24 R. STEPHEN MCNEILL
25 DANIEL RUDEWICZ

1  NOAH M. SCHOTTENSTEIN
2  CHALRES E. SIEVING
3  FOTEINI TELONI
4  ANGELO THALASSINOS
5  AMER TIWANA
6  PATRICK VENTER
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1                    P R O C E E D I N G S

2              THE COURT:  Good morning, this is Judge Sontchi.

3    This is the Energy Future Holdings case, and I believe the

4    only matter, since this was originally scheduled as a

5    special evidentiary hearing, is the claim objection to the

6    City of Dallas claim.  And I understand that an agreed

7    scheduling order was entered into last night, or agreement

8    as to an agreed scheduling order was entered into last night

9    and I received that first thing -- actually, received it

10   overnight by email and looked at it last night, and received

11   it in hardcopy this morning.  So thank you very much.

12             And let me turn it over to Debtor's counsel in

13   case there's anything else anyone would like to say.  And,

14   of course, Dallas can be heard as well.  And I guess we need

15   to agree on a trial date.

16             MR. SOWA:  Good morning, Your Honor.  This is

17   Justin Sowa from Kirkland & Ellis on behalf of the Debtors

18   that I guess reorganized TCEH in this context.  From our

19   perspective, if the stipulated schedule works with your

20   schedule, if you're okay with it, I have nothing else to

21   address today.  So, I can turn it over to the City to see if

22   they have any last minute remarks -- but otherwise, I think

23   you're correct that the only outstanding issue is just

24   picking a trial date.

25             MR. DEMMY:  Your Honor, this is John Demmy of

1   Stevens & Lee for the City, and I don't have anything to
2   add.  We're in agreement with the former scheduling order
3   that was submitted yesterday and we're prepared to move
4   forward on that basis and talk about trial dates.
5           THE COURT:  All right.  I do have a pointed
6   question, actually, which is: I think today was the second
7   full day evidentiary hearing that was put on the Court's
8   calendar.  And I was reading the letter last night and the
9   scheduling order and it looked to me like discovery was
10  propounded in November and had not even been responded to
11  yet.  And obviously there was no detailed agreement like
12  this in the past.  And I'm wondering -- not to put too fine
13  a point on it -- why people are scheduling full-day
14  evidentiary hearings with the Court, eating up Court time
15  when clearly they weren't in a position or weren't going to
16  be in a position to go forward on the merits?  I guess it's
17  a polite complaint.  I'd offer -- open it up to comment on
18  that.
19          MR. SOWA:  Your Honor, Justin Sowa from Kirkland &
20  Ellis again.  I understand -- it's a fair complaint and
21  certainly not a surprise that you feel that way.  I'd say
22  from our perspective, we did a lot of claims scheduling back
23  when we believed the E-Side confirmation was going to be
24  going forward in December and there was just a great deal of
25  scheduling uncertainties surrounding that.  And ultimately

1   on the Debtor's side, the team of attorneys working on the
2   claim issue was pretty much the same handful of us who were
3   working on the E-Side confirmation.  So that was part of it
4   and that to some degree was on us, and I apologize for
5   perhaps waiting a little bit too long to communicate some of
6   these changes to the Court.  And that's why we wanted to
7   make sure when we moved the date this time that it came with
8   a complete schedule that could be entered to make sure it
9   doesn't happen again.
10          So, that's what it was on the Debtor's side.  I
11  think the City may have had some issues as well.  I
12  understand from communications with them that they had
13  (indiscernible).  There were some internal personnel changes
14  regarding who ended up being responsible for this matter,
15  which resulted in some kind of dead spots when we were
16  trying to move forward on discovery and just weren't able
17  to.  That's my understanding but I'm happy to let Mr. Demmy
18  speak as well.
19          MR. DEMMY:  Your Honor, this is John Demmy again
20  for the City.  I really don't have much to add.  I know
21  there was a setting and, from my perspective, it was more
22  about the confirmation proceedings leading to the
23  adjournment or the agreement that we would not be proceeding
24  under that initial setting more than anything else.
25          THE COURT:  All right.  All right, well, I will

Page 8

```
 1   schedule it for the requested trial date of May 24th at 10
 2   a.m., and I fully expect us to go forward at that time.
 3   Obviously, settlement would be fine and would not require us
 4   to go forward.  But let's hold this date, if not in stone,
 5   in something a little more solid than the dates we've had in
 6   the past.  And I'm going to schedule the whole day for it.
 7   Both parties are pretty comfortable that one day is
 8   sufficient, I understand?
 9            MR. SOWA:  Your Honor, again, TCEH is comfortable
10   with the one-day thing.
11            MR. DEMMY:  Your Honor, John Demmy.  We're
12   comfortable with that as this point as well.
13            THE COURT:  All right.  I will sign the order.
14   Thank you very much.  Anything further?
15            MR. DEMMY:  No, nothing further.  Thank you.
16            THE COURT:  All right.  Thank you.  We're
17   adjourned.
18                          * * * * *
19
20
21
22
23
24
25
```

Page 9

1                    C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6    *Sonya Ledanski Hyde*

7    Digitally signed by Sonya Ledanski Hyde
     DN: cn=Sonya Ledanski Hyde, o, ou, email=digital1@veritext.com, c=US
     Date: 2017.03.03 14:42:11 -05'00'

8    Sonya Ledanski Hyde

20   Veritext Legal Solutions

21   330 Old Country Road

22   Suite 300

23   Mineola, NY 11501

25   Date:   March 3, 2017