**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS, | ) | Case No. 14-10979 (CSS) |
| CORP., et al., | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 10917 |
| | ) | |

**RESPONSE IN OPPOSITION TO DEBTOR'S FORTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO SUBSTANTIVE DUPLICATE AND NO LIABILITY CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1 AND HEARING THEREON**
**(Duplicate Debt Claims)**

Claimant/Plaintiff IBEW Local 2337 on behalf of member Chris Morris (hereinafter "IBEW 2337" or "Claimant") submits the response in opposition to Debtor's notice dated February 24, 2017 that seeks to disallow Claim Number 5540. Claimant would show as follows:

**I.     INTRODUCTION**

Debtor states:

> Claimant has not presented legal support to vacate the arbitrator's decision – there are no allegations of impropriety on the part of the arbitrator, the arbitrator appears to have acted within his authority, and the arbitrator has not improperly refused to consider evidence.

Notice, p.1.

These conclusory assertions are incorrect. The assertions indicate (1) a failure to carefully read Plaintiff's Original Complaint (**Attachment A** hereto) and/or (2) debtor's unfamiliarity with case and statutory law that expressly provides legal support to vacate the arbitrator's award. Debtor's objection should be denied.

## II. STATEMENT OF FACTS

IBEW Local 2337 submits that at this juncture all facts alleged in Plaintiff's Original Complaint (**Attachment A** – hereinafter "Complaint") must be taken as true. IBEW 2337 adopts the Complaint by reference as if set forth in full herein. IBEW 2337 points the Court in particular to paragraphs 10 through 30 of the Complaint.

## III. ARGUMENT AND AUTHORITIES

Debtor addresses non-issues and avoids the issue presented by the Complaint in its objection. Debtor asserts that "the arbitrator appears to have acted within his authority . . . ." Notice, p. 1. Debtors also assert, "the arbitrator has not improperly refused to consider evidence." *Id.* Debtor attacks arguments IBEW 2337 is not making and ignores the issues that Claimant does raise. Claimant is asserting that the arbitrator failed to consider and comply with the non-waivable requirements of the Older Workers Benefits Protection Act of 1990 ("OWBPA")(29 U.S.C. § 626(F)(1)(C) and exceeded his authority under the collective bargaining agreement (CBA), by ruling contrary to the OWBPA and the parties' express contract, and entering a decision and award that does not draw its essence from the CBA.

Debtor is wrong in asserting that IBEW 2337 has not presented legal support to vacate the arbitrator's decision. Please see paragraphs 10 through 30 of the Complaint (**Attachment A**). The OWBPA imposes "strict, unqualified" statutory requirements upon employers who wish to enforce an employee's waiver of ADEA claims obtained by a release. *Oubre v. Entergy Operations, Inc.,* 522 U.S. 422, 427, 118 S. Ct. 838, 139 L.Ed.2d 849 (1998) (**Attachment B** hereto). Where a violation of public policy is clearly shown, this is grounds to vacate an arbitration award. *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 43 (1987)(**Attachment C** hereto). As set forth in the Complaint, IBEW 2337 expressly put the

arbitrator on notice of Debtor's failure to comply with the OWBPA, and the arbitrator violated public policy and exceeded his jurisdiction by failing to address this clear public policy.

The Federal Arbitration Act expressly authorizes vacation of an award where the arbitrator exceeds his powers. See FAA, 9 U.S.C. § 10(a)(4)(**Attachment D** hereto). A decision to impose the arbitrator's own policy choice – rather than abide by that of Congress with the OWBPA (as expressly and strictly interpreted by the United States Supreme Court), exceeds the powers of the arbitrator and is plainly grounds for vacating the award. An arbitration decision may be vacated under FAA Section 10(a)(4) on the ground that the arbitrator exceeded his powers in this situation:

> It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." *Major League Baseball Players Assn. v. Garvey*, 532 U.S. 504, 509, 121 S.Ct. 1724, 149 L.Ed.2d 740 (*per curiam*)(*quoting Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1421 (1960). In that situation, an arbitration decision may be vacated under § 10(a)(4) of the FAA on the ground that the arbitrator "exceeded [his] powers," for the task of an arbitrator is to interpret and enforce a contract, not to make public policy.

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 559 U.S. 662, 671-72 (2010)(**Attachment E** hereto).

## IV.    CONCLUSION

IBEW 2337 respectfully prays that Debtor's objection to Claim Number 5540 filed February 24, 2017 be denied and for all further relief to which it may be entitled.

Respectfully submitted,

**Dated: March 7, 2017**

/s/ Hal K. Gillespie
Hal K. Gillespie
Gillespie Sanford LLP
Attorney for IBEW Local Union No. 2337
and Chris Morris

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and an employee in the County of Dallas, Texas. I am over the age of eighteen years and not a party to the within action; my business address is 4925 Greenville Avenue, Suite 200, Dallas, Texas 75206.

I hereby certify that on March 7, 2017, I electronically filed and served the forgoing Response of **IBEW Local 2337** with the United States Bankruptcy Court District of Delaware's ECF Filing System.

Further, I caused to be served by FedEx (overnight service), this Response in Opposition on the party listed below:

RICHARDS, LAYTON, FINGER, P.A.
Jason M. Madron
920 North King Street
Wilmington, Delaware 19801

I certify under penalty of perjury that the above is true and correct. Executed at Dallas, Texas, on March 7, 2016.

                                    /s/ Hal K. Gillespie
                                    Hal K. Gillespie
                                    Gillespie Sanford LLP

GILLESPIE SANFORD LLP
Hal K. Gillespie
4925 Greenville Ave., Suite 200
Dallas, Texas 75206
Telephone: 214-800-5112
Facsimile:  214-838-0001
Email:      hkg@gillespiesanford.com
Attorney for IBEW Local 2337 and Chris Morris