**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------ X

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **ENERGY FUTURE HOLDINGS CORP.** *et al.,* | : | **Case No. 14-10979 (CSS)** |
| | : | |
| Debtor-in-Possession. | : | **(Jointly Administered)** |

------------------------------------------------ X

Objection deadline:  March 28, 2017 at 10:00 a.m.
Hearing date: March 28, 2017 at 10:00 a.m.

**SIXTH INTERIM APPLICATION OF GODFREY & KAHN, S.C., COUNSEL TO THE**
**FEE COMMITTEE, FOR ALLOWANCE OF COMPENSATION FOR SERVICES**
**RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD**
**FROM MAY 1, 2016 THROUGH AUGUST 31 , 2016**

**FEE APPLICATION**

Godfrey & Kahn, S.C. ("**Godfrey & Kahn**"), counsel to the Fee Committee (the

"**Applicant**") appointed in these cases, submits this *Sixth Interim Application of Godfrey &*

*Kahn, S.C., Counsel to the Fee Committee, for Allowance of Compensation for Services*

*Rendered and Reimbursement of Expenses for the Period From May 1, 2016 Through August 31,*

*2016* (the "**Fee Application**") under 11 U.S.C. §§ 330 and 331, Fed. R. Bankr. P. 2016, Local

Rule 2016-2, and the U.S. Trustee Guidelines.  Pursuant to the flat fee compensation

arrangement established in the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896]

(the "**Fee Committee Order**"), the Fee Application requests interim allowance of compensation

for professional services from May 1, 2016 through August 31, 2016 and for reimbursement of

actual and necessary expenses for the same Compensation Period.

The Applicant requests retrospective Court approval for a total of $800,000.00 in fees and $46,848.70 in expenses.  This total would, if expressed in terms of an hourly rate, reflect a blended rate of $624.56 for all timekeepers.

## BACKGROUND

1.     On April 29, 2014 (the "**Commencement Date**"), each of the Debtors filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.     The Court appointed a Fee Committee on August 21, 2014 to execute the duties set forth in the Fee Committee Order, including, among other things, monitoring the fees and expenses incurred by professionals ("**Retained Professionals**") in these chapter 11 cases.  The Fee Committee Order further approved the appointment of Richard A. Gitlin, individually and as Chairman of Gitlin & Company, LLC, as the Independent Member and chairperson of the Fee Committee (the "**Chair**").

3.     On September 16, 2014, the Court entered the *Order Authorizing the Employment and Retention of Godfrey & Kahn, S.C. as Counsel to the Fee Committee* [D.I. 2065] *nunc pro tunc* to the Fee Committee's appointment date of August 21, 2014, to assist the Fee Committee in fulfilling the duties set forth in the Fee Committee Order (the "**Godfrey & Kahn Employment Order**").

4.     During the Compensation Period, the Fee Committee reviewed at least 28 interim fee applications from Retained Professionals (corresponding generally, but not exclusively, to

2

the Sixth Interim Fee Period, January 1, 2016 through April 31, 2016), totaling approximately

$26 million in requested fees for professional services and $1.3 million in expense

reimbursements.

## THE APPLICANT

5.      Godfrey & Kahn, S.C. is a 180-lawyer Wisconsin-based law firm.  Only a

relatively small number of Godfrey & Kahn professionals work on these matters, and their

assignments have been designed to reduce duplication of effort to the extent possible.  The

majority of the work has been performed by Brady C. Williamson, Katherine Stadler, Carla O.

Andres, Linda S. Schmidt, Erin A. West, Mark Hancock, W. Andrew Dalton, Leah Viola, and

Kathleen Boucher.  Each of those timekeepers' qualifications were set forth in the *First Interim*

*Application of Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Allowance of*

*Compensation for Services Rendered and Reimbursement of Expenses for the Period From*

*August 21, 2014 Through December 31, 2014* [D.I. 3901] (the "First Fee Application").  The

statement of those qualifications is incorporated by reference.

## FEE COMMITTEE PROCESS

6.      During the Compensation Period, the Fee Committee met at least four times, with

all four meetings taking place in person in New York.  The Fee Committee continued the review

and reporting process with respect to the cases' Fifth Interim Fee Period (September 1, 2015

through December 31, 2015) and began and continued the review and reporting process for the

Sixth Interim Fee Period (January 1, 2016 through April 30, 2016).

7.      Through the Chair and Godfrey & Kahn as its counsel, the Fee Committee

continued to communicate the Fee Committee's standards and expectations to the Retained

Professionals by memoranda and in conversations.

8.      Retained Professionals began filing fee applications for the Sixth Interim Fee Period around June 15, 2016.

9.      The description of Applicant's analytical and reporting process outlined in the First Fee Application [D.I. 3901] generally describes the processes for the Sixth Interim Fee Period.  Those details are incorporated by reference.

10.     In addition to performing the fee review and reporting processes described in its prior fee applications, the Fee Committee counsel and chair also continued its review of 17 requests for compensation from non-retained professionals under 11 U.S.C. § 503(b) and subject to the fee review provisions in the Plan of Reorganization, successfully resolving one such application and making significant progress on the resolution of at least six more.[4]

11.     As documented in status reports filed with the Court [D.I. 8800, 9257] and as a result of the collective efforts of the Fee Committee, the Applicant, and the Retained Professionals, no contested fee hearing has been required to date in these proceedings.  All fifth interim period fee applications (that had been filed) were ultimately resolved on a consensual basis.

## DESCRIPTION OF SERVICES PROVIDED

12.     The services for which the Applicant requests compensation have been provided in 48 project categories, summarized here.

13.     Matters 020A-20QQ:  Analysis, Reports, and Recommendations Regarding Retained Professionals' Fee Applications:  $332,558.00 (826.2 hours).

        A.      During the Compensation Period, the Applicant began reviewing at least 28 fee applications for the Sixth Interim Fee Period.  As before, the fee applications were

---

[4] The Applicant's services and fees related to the review of fee requests by settlement parties and other non-retained professionals during the Compensation Period, totaling more than 200 hours and $100,000, is outside the scope of the initial Fee Committee Order.  It will be the subject of a separate compensation application.

divided into three groups of related professionals and, to reduce the likelihood of duplication, each group was assigned to a single supervising attorney.  *See supra*, ¶ 5.

      B.    Some, but not all, of the Sixth Interim Fee Period reports to Retained Professionals were issued during the Compensation Period.  To summarize the substantive services during the Compensation Period, it is accurate to state that the Applicant completed work on most Fifth Interim Fee Period Applications and made substantial progress on Sixth Interim Fee Period applications.

      14.    Matter 0002:  General Case Administration, docket monitoring and maintenance and calendaring:  $12,871.50 (48.1 hours).  Services provided in this category included general case management activities that do not fit easily into another substantive category.  These tasks include maintaining Godfrey & Kahn's "intranet" site, identifying and forwarding significant daily filings and postings to lawyers and staff, and managing the communications between and among Godfrey & Kahn professionals and paraprofessionals.  The vast majority of services provided in this task category has been performed by paralegals.

      15.    Matter 0003:  Retention applications and disclosures—Chair and Godfrey & Kahn:  $1,966.00 (5.4 hours).  Services recorded in this category included the continued monitoring of the Applicant's disinterestedness status and the preparation, when necessary, of supplemental disclosures to fulfill the Applicant's Rule 2014 obligations.

      16.    Matter 0005:  Committee Administrative Documents:  $1,899.00 (5.0 hours).  Professionals providing services in this category created materials for the use of the Fee Committee members or to help guide the Fee Committee's processes.  The continued calculation, monitoring, and reporting to the Fee Committee on the cumulative impact of Retained Professional rate increases were largely recorded in this task category.  In addition, the Fee

Committee continued regular monitoring and reporting on the blended hourly rates of professionals charging a flat monthly fee for their services.

17.     Matter 0006:  Contact/Communications with Fee Committee members and U.S. Trustee's office:  $20,352.50 (36.5 hours).  Services provided in this category included communications between the Fee Committee counsel, Chair, and members beyond preparation for and attendance at Fee Committee meetings (matter 0011).

18.     Matter 0007:  Contact/Communications with Retained Professionals generally: $2,273.00 (4.2 hours).  This category included communications between Fee Committee counsel and professionals that do not have a segregated matter number (020A-20QQ), including ordinary course professionals.  This category also includes the preparation and discussion of memoranda sent to all professionals updating the Fee Committee policies and standards.

19.     Matter 0008:  Drafting documents to be filed with the Court:  $15,289.50 (30.9 hours).  During the Compensation Period, the Applicant filed two summary reports on Fifth Interim Fee Period applications that were approved on an uncontested basis at the June 27 and August 16, 2016 hearings.

20.     Matter 0010:  Reviewing filed documents: $13,645.00 (27.0 hours).  Professionals recorded time in this category to review pleadings, transcripts, and other case materials and background information directly pertinent to the fee analysis process or the Fee Committee's work and to review the progress of the proceedings.  During the Compensation Period, this category included time spent reviewing and monitoring the newly-filed T-Side plan and disclosure statement.

21.     Matter 0011:  Prepare for and Attend Fee Committee Meetings:  $49,469.00 (131.7 hours).  During the Compensation Period, the Applicant attended meetings of the Fee

Committee—in person, on May 24, June 23, July 12, and August 31, 2016.  This matter also reflects time spent preparing agendas, minutes, and comprehensive materials for each Fee Committee member prior to each meeting.

22.  Matter 0012:  Database Establishment and Maintenance:  $12,424.50 (25.1 hours).  This task category represents work performed to develop, monitor, and maintain the Applicant's fee analysis database.  This category also includes time spent developing the reporting formats used as exhibits to the Fee Committee's reports and working, on occasion, with an external software developer to maintain customized audit and reporting processes for issues of particular interest to the Fee Committee.

23.  Matter 0013:  Non-Working Travel:  $16,040.25 (60.9 hours).  Charges for all non-working travel time have been reduced by half.  Godfrey & Kahn attorneys traveled to New York for Fee Committee meetings and to Wilmington on June 27 and August 16, 2016 for fee hearings.

24.  Matter 0014:  Prepare for and Attend Hearings and Court Communications: $11,027.50 (29.1 hours).  Services provided in this category included preparing for and attending the uncontested fee hearings on June 27, 2016 and August 17, 2016.  The applicant has also—at the Chair's request—monitored, by telephone, significant substantive hearings, including those related to plan confirmation.

25.  Matter 0015:  Team Meetings:  $5,599.00 (18.5 hours).  Fee Committee counsel has continued its practice of regular team meetings.  These meetings are usually attended by Ms. Stadler, Ms. Andres, Ms. Schmidt, Ms. West, Mr. Hancock, Mr. Dalton, Ms. Viola, Ms. Boucher, and Ms. Brellenthin.  Most meetings last no more than one-half hour unless the group is addressing a major substantive issue or completing a cycle of reports.  There are two

principal reasons for the meetings.  The first is to communicate decisions of the Fee Committee

and determine how to most effectively implement them.  Second, the internal meetings allow

Godfrey & Kahn's professionals to discuss issues arising in the fee application review process,

comparing treatment and approaches to fee application review to ensure issues are consistently

addressed.  In addition, the meetings allow the staff and lawyers to identify issues that require

Fee Committee consideration as well as to coordinate the preparation and compilation of data

and Fee Committee materials.  Counsel has shortened and/or eliminated the weekly meetings as

the fee review process becomes, over time, more efficient.

26.    <u>Matter 0017:  Fee Applications—Godfrey & Kahn and Gitlin & Company LLC:</u>

<u>$15,760.50 (32.3 hours)</u>.  Time spent in this task category included completion and filing of the

Applicant's Fifth Fee Application [D.I. 8644] and the *Fourth Interim Application of Richard*

*Gitlin, Individually, and as Chairman of Gitlin & Company LLC, as the Independent Member of*

*the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement*

*of Expenses for the Period From September 1, 2015 Through December 31, 2015* [D.I. 8643].

Time spent reviewing, editing, revising, and conforming time entries to the requirements of the

Bankruptcy Code has *not* been included in this category or elsewhere in this fee application.

### REQUEST FOR APPROVAL OF COMPENSATION

27.    Interim compensation for professionals is governed by 11 U.S.C. §§ 330 and 331.

The Court is authorized to grant "reasonable compensation for actual, necessary services

rendered by the [professional person] and reimbursement for actual, necessary expenses."

28.    The Applicant requests that the Court approve this Fee Application, incorporating

services and expenses incurred during the Compensation Period, because it has completed its

assignment in a timely, efficient and effective manner.

A.    The services of the Applicant have provided direct benefit to the estates, both tangible and intangible, by saving amounts sought for professional services—whether inadvertently, improvidently or inappropriately billed to the estates.

B.    The services of the Applicant have assisted the Fee Committee, the Court and the U.S. Trustee in fulfilling their own responsibilities, and those same services have helped encourage the Retained Professionals to submit applications for compensation and reimbursement that meet the requirements of the Bankruptcy Code, the U.S. Trustee Guidelines and the local rules of the District of Delaware.

C.    All of the Fee Committee's standards and guidelines applied to other Retained Professionals have also been applied to the Applicant.

29.    Pursuant to the terms of the Fee Committee Order and the Godfrey & Kahn Employment Order, the Applicant has received $200,000.00 each month as a fixed payment for Fee Committee counsel services for the months of May through August, 2016.

30.    The Applicant agreed, pursuant to the Fee Committee Order, to accept a monthly flat fee payment for Fee Committee counsel services as an alternative to customary hourly billing.  *See* U.S. Trustee Guidelines ¶ C.5.a.

31.    The aggregate amount of $800,000.00 has been conditionally paid to the Fee Committee's counsel, subject to the filing of this Application and further order of this Court. The Applicant now seeks retrospective Court approval of these payments.

32.    Godfrey & Kahn's services were provided primarily by professionals and paraprofessionals in its Bankruptcy and Litigation practice groups at billing rates (if billed at the firm's standard hourly rates) ranging from $185.00 to $585.00 an hour.

33.    In calculating the "value" of services rendered before adjustment based on the flat fee arrangement, Godfrey & Kahn has charged rates generally consistent with those charged to Wisconsin-based clients in non-bankruptcy cases.[5]

34.    The detailed Godfrey & Kahn time records accompanying the Application as Exhibit E, reflect the Applicant's voluntary reductions including matters that, in Godfrey & Kahn's judgment, may not be appropriate for billing to the estates.  This includes time spent staffing, planning and establishing work flow, software and systems, training or updating attorneys on the use of software, developing billing categories and protocols, and reviewing third party or other materials for general knowledge about these cases but not necessarily related to a fee analysis task.  These pre-emptive write-offs also include time spent reviewing or revising time records or billing, regardless of whether the work was related to compliance with billing requirements unique to bankruptcy cases.  *See* U.S. Trustee Guidelines ¶¶ C.5.d and e.  In total, Godfrey & Kahn does not seek compensation for more than 117 hours of time recorded by its professionals during the Compensation Period.

35.    The fees and expenses recorded are in accordance with the Applicant's existing billing rates and practices.  The rates used to calculate the value of services provided in these cases have not changed since the commencement of this engagement.  *See* U.S. Trustee Guidelines ¶ C.5.f.

36.    There is no agreement or understanding between Godfrey & Kahn and any other entity, other than shareholders of Godfrey & Kahn, for the sharing of compensation to be received for the services rendered.

---

[5] Godfrey & Kahn, S.C. is a Wisconsin-based law firm.  *See* U.S. Trustee Guidelines ¶ C.5.c.  As a result of the Fee Committee Chair and counsel's flat fee arrangement, the actual blended rate for each interim fee application may, at times, be higher or lower than Godfrey & Kahn's standard hourly rates.  Over the course of six interim fee periods, the flat fees collected exceeded the "value" of Godfrey & Kahn services calculated at the firm's 2014 hourly rates by $57,612.73.  This calculation does not include the review of section 503(b) applications.  *See* ¶ 10, *supra*.

37.     In reviewing whether a compensation request should be granted, the Court should

be guided by the following factors:

> [T]he nature, the extent, and the value of such services, taking into
> account all relevant factors, including—
>
> (A)     The time spent on such services;
>
> (B)     The rates charged for such services;
>
> (C)     Whether the services were necessary to the administration
> of or beneficial at the time at which the service was rendered
> toward the completion of a case under this title;
>
> (D)     Whether the services were performed within a reasonable
> amount of time commensurate with the complexity, importance,
> and nature of the problem, issue or task addressed;
>
> (E)     With respect to a professional person, whether the person is
> board certified or otherwise has demonstrated skill and experience
> in the bankruptcy field; and
>
> (F)     Whether the compensation is reasonable, based on the
> customary compensation charged by comparably skilled
> practitioners in cases other than these under this title;

11 U.S.C. § 330.

38.     The requested compensation and reimbursement meet the statutory requirements

for allowance.  The Applicant has completed its work in a timely and efficient manner

commensurate with the complexity, importance and nature of the issues involved.  The projects

were staffed by professionals and paraprofessionals with demonstrated skill in the bankruptcy fee

review context and in Chapter 11 proceedings generally, and all work has been assigned

consistently with the need to prevent unnecessary duplication and to ensure that work is

performed by the least senior person competent to handle the matter efficiently.

39.     Moreover, the requested compensation is reasonable because it is consistent with the customary compensation charged by comparably skilled professionals in Godfrey & Kahn's Wisconsin market and paid by Godfrey & Kahn's non-bankruptcy clients.

40.     Accordingly, approval of the requested compensation is warranted.

**REQUEST FOR REIMBURSEMENT OF ACTUAL AND NECESSARY
EXPENSES INCURRED DURING THE COMPENSATION PERIOD**

41.     Godfrey & Kahn incurred total expenses from May 1, 2016 through August 31, 2016 in the amount of $46,848.70.  Exhibits C and F contain the expense categories for which the Applicant seeks reimbursement and the detailed expense records.

A.     The expenses for which the Applicant seeks reimbursement include only some of those routinely charged to the Applicant's clients.

B.     The Applicant is not making a profit on any expense incurred as a result of services provided by a third party and has made a reasonable estimate of the actual cost for expenses incurred for any services provided in-house.  The Applicant's charges in these cases are at the same rates or lower than those routinely charged to, and paid by, the Applicant's clients.

42.     One of the largest expenditures other than travel was for external database support and maintenance.  This service allows the Fee Committee counsel to have support around the clock if it requires assistance with database design and operation.

43.     Another significant expense item was photocopies provided through a vendor, including copies made for the Fee Committee.  For internal copies, Godfrey & Kahn typically charges clients $0.15 for each black-and-white copy and $0.50 for each color copy; however, both rates have been reduced to $0.10 a copy.  Photocopies provided by third-party vendors have been paid at rates of $0.08 to $0.125 per page for black-and-white and $1.00 per page for color. The Applicant has made supporting documentation available for all external photocopies.

Another significant expense was for overnight mail services primarily related to providing Fee Committee materials to the members.

44.     The Applicant has not charged the estates for travel between Godfrey & Kahn offices, staff overtime, in-house meals, and certain travel meals, totaling $198.80 for the Compensation Period.

45.     The expenses requested have been adjusted, where necessary, to comply with all of the pertinent guidelines and caps the Fee Committee itself has applied in its evaluation of Retained Professional expenses.  The expenses are actual, reasonable and necessary in light of the scope of the Applicant's retention to aid in the administration of these cases.

## CONCLUSION

The Applicant respectfully requests that the Court enter an order retrospectively authorizing interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $800,000.00 in fees and $46,848.70 in actual and necessary expenses incurred during the Compensation Period.

Dated:  March 7, 2017.

GODFREY & KAHN, S.C.

By:    */s/ Katherine Stadler*
Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com

Jennifer R. Hoover (DE Bar No. 5111)
William M. Alleman, Jr. (DE Bar No. 5449)
BENESCH, FRIEDLANDER, COPLAND, &
ARONOFF LLP
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Phone: (302) 442-7010
Fax: (302) 442-7012
E-mail: jhoover@beneschlaw.com
walleman@beneschlaw.com

*Attorneys for the Fee Committee*