IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: D.I. 10908 |

## ORDER APPROVING ASSUMPTION OF ONCOR TAX SHARING AGREEMENT PRIOR TO PLAN EFFECTIVE DATE

Upon the motion (the "Motion")[2] of EFH Corp. for entry of an order (this "Order"), approving the assumption of the Oncor TSA and payment of the Cure Amount prior to the Plan Effective Date, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

(the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. EFH Corp. is hereby authorized to assume the Oncor TSA, attached hereto as **Exhibit 1**, pursuant to section 365 of the Bankruptcy Code, and the Oncor TSA is hereby assumed as of the date of entry of this Order.

3. Pursuant to section 365(b) of the Bankruptcy Code, the Cure Amount of $134,979,783.00 (as adjusted to reflect the date of payment and Oncor's projected or actual taxable income or loss) is approved, and EFH Corp. is authorized and directed to pay the Cure Amount to Oncor upon entry of this Order or as soon thereafter as is reasonably practicable. Upon receipt of the Cure Amount, Oncor shall be forever barred and enjoined from asserting against EFH Corp. any defaults, claims, interests, or other default penalties under the Oncor TSA arising before the date of this Order.

4. EFH Corp. provided adequate assurance of future performance under the Oncor TSA.

5. In accordance with this Order and any other order of this Court, each of the financial institutions at which EFH Corp. maintains its accounts is authorized to receive, process, honor, and pay all such checks presented for payment and wire transfer requests made by EFH Corp. related to the Oncor TSA.

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity or amount of any particular claim against a Debtor entity; (b) a waiver of any Debtor's rights to dispute any particular claim on any grounds; (c) an implication or admission that any particular claim is of a type specified or defined in the Motion; (d) a waiver or limitation of any Debtor's rights under the Bankruptcy Code or any other applicable law; (e) a request or authorization to assume or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code other than the Oncor TSA; (f) a promise or requirement to pay any particular amount in connection with any claim other than the Cure Amount; (g) an admission by any Debtor that the Oncor TSA is executory or unexpired; or (h) a waiver of any party's rights to assert that any other party is in breach or default of any agreement.

7. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. EFH Corp. is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 13, 2017
       Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE