**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**SIXTH INTERIM APPLICATION OF SOLIC CAPITAL ADVISORS, LLC, FINANCIAL ADVISOR FOR DEBTOR ENERGY FUTURE HOLDINGS CORP., FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM SEPTEMBER 1, 2016 THROUGH DECEMBER 31, 2016**

SOLIC Capital Advisors, LLC ("SOLIC"), financial advisor for Energy Future Holdings Corp. ("EFH Corp." or the "Debtor"), hereby submits this application (the "Fee Application"), pursuant to sections 327(a), 328(a), 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* dated September 16, 2014 [D.I. 2066] (the "Interim Compensation Order"), and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order"), for (a) interim approval and allowance of compensation for professional services rendered in the amount of $800,000.00 from September 1, 2016 through December 31, 2016 (the "Fee Period"); and (b) reimbursement of actual and necessary expenses in the amount of $3,742.09 incurred during the Fee Period. In support of the Fee Application, SOLIC submits the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

declaration of Neil F. Luria, which is attached hereto as **Exhibit A** and incorporated herein by reference. In further support of the Fee Application, SOLIC respectfully represents as follows:

### Jurisdiction

1. The Court has jurisdiction over the Fee Application under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 327(a), 328(a), 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rules 2016-1 and 2016-2, the Interim Compensation Order, and the Fee Committee Order.

### Background

5. On April 29, 2014 (the "Petition Date"), EFH Corp. and each of its above-captioned debtor and debtor-in-possession affiliates (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered an order for the joint administration of these chapter 11 cases. The Court has not appointed a trustee or examiner in these chapter 11 cases. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed (a) an official committee of unsecured creditors representing the interests of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420] and (b) an official committee of unsecured creditors representing the interests of EFH Corp., Energy Future

Intermediate Holding Company LLC, EFIH Finance, Inc. and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration [D.I. 98] of Paul Keglevic in support of the Debtors' first day motions.

6. On August 21, 2014, the Court entered the Fee Committee Order, which appointed a fee committee (the "Fee Committee") to, among other things, review and report as appropriate on all interim and final fee applications filed by professionals retained under sections 105, 327, 363 or 1103 of the Bankruptcy Code, in accordance with sections 328, 330 and 331 of the Bankruptcy Code and the Interim Compensation Order.

7. On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in these chapter 11 cases.

### EFH Corp.'s Retention of SOLIC

8. EFH Corp. sought approval of this Court to retain SOLIC as financial advisor, pursuant to sections 327(a), 328(a) and 330 of the Bankruptcy Code, by application filed on January 16, 2015 [D.I. 3324] (the "SOLIC Retention Application"). As set forth in the SOLIC Retention Application and SOLIC's engagement letter, EFH Corp. engaged SOLIC to render professional services to EFH Corp.'s disinterested directors (the "Disinterested Directors") in connection with Conflict Matters (used herein as such term is defined in and pursuant to the authority delegated to EFH Corp.'s Disinterested Directors pursuant to resolutions of EFH Corp.'s board of directors) and in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction of EFH Corp.'s Disinterested Directors. SOLIC's retention was approved by this Court by order dated February 6, 2015 [D.I. 3467] (the "Retention Order"), effective *nunc pro tunc* to December 18, 2014. A true and correct copy of the

Retention Order is attached hereto as **Exhibit B**. The Retention Order provides that SOLIC's compensation is approved pursuant to section 328 of the Bankruptcy Code, subject to the terms of the Retention Order.

9. As is typical of financial advisory firms, SOLIC is not compensated by the hour, but through fixed fees. The Retention Order authorizes EFH Corp. to compensate SOLIC as set forth in its engagement letter, consisting of (a) a $200,000 monthly fixed fee payment (pro-rated for any periods less than a month) and (b) reimbursement of reasonable and documented out-of-pocket expenses (including all fees of counsel), subject to any limitations or modifications as set forth in the Retention Order. The fixed fee charged by SOLIC is typical for SOLIC's engagements both inside and outside of bankruptcy. Although SOLIC typically also is provided an "incentive fee" or "success fee" in addition of fixed fees in other engagements both inside and outside of bankruptcy, SOLIC has not sought such a fee in this case.

**Summary of Professional Compensation and Reimbursement of Expenses Requested**

10. This Fee Application has been prepared in accordance with the Interim Compensation Order and the Fee Committee Order.

11. By this Fee Application, SOLIC seeks: (a) approval and allowance of compensation for professional services rendered by SOLIC as financial advisor for EFH Corp. during the Fee Period in the amount of $800,000.00; and (b) reimbursement of actual and necessary expenses incurred by SOLIC in connection with rendering professional services to EFH Corp. during the Fee Period of $3,742.09.

12. Pursuant to the Interim Compensation Order, SOLIC has already received payment, or has filed fee statements and is awaiting payment, from EFH Corp. in the amount of $640,000.00, which represents 80% of SOLIC's fees for the Fee Period, and $3,742.09, which represents 100% of the expenses invoiced for the Fee Period. Except as described in this Fee

Application, SOLIC has not entered into any agreement with any other party for the purpose of fixing of sharing fees or other compensation to be paid for professional services rendered in EFH Corp.'s chapter 11 case. No promises have been received by SOLIC or any member thereof as to compensation in connection with EFH Corp.'s chapter 11 case other than in accordance with the provisions of the Bankruptcy Code.

13. SOLIC's fees for this Fee Period are in accordance with the agreed-upon terms for this period set forth in the SOLIC Retention Application.

14. During the Fee Period, SOLIC's professionals spent an aggregate of 670.0 hours performing services for EFH Corp. in connection with its chapter 11 case.

15. SOLIC's fees for the services rendered are reasonable and appropriate given the complexity of the matter and the level of expertise required to best serve EFH Corp. In particular, the depth and complexity of the issues involved in EFH Corp.'s chapter 11 case and the sophistication and breadth of expertise necessary to successfully guide EFH Corp. through its chapter 11 case, is best served by employing a financial advisor with SOLIC's sophistication, experience, and expertise in handling large and complex matters for corporations. SOLIC believes that its fees are comparable to the fees charged by other highly skilled practitioners experienced in advising clients with large, complex operations while in chapter 11.

## Proposed Payment Allocation

16. Pursuant to paragraph 8 of the Retention Order, absent an order of the Court, the fees and expenses incurred by SOLIC are paid by EFH Corp. As such, no allocation pursuant to paragraph 2(b) of the Interim Compensation Order is applicable.

**Summary of Professional Services Rendered**

17. SOLIC has structured its time records using its internal system of project codes. The following descriptions provide a summary of the primary services rendered by SOLIC during the Fee Period with respect to each project code. Given the scope of the work performed, these summaries do not cover all work performed but instead highlight the major areas of work. Descriptions of the day-to-day services provided by SOLIC and the time expended performing such services in each project category are attached hereto as **Exhibit C**. Such descriptions demonstrate that SOLIC was heavily involved in the performance of services for EFH Corp. on a daily basis, including night and weekend work, often under extreme time constraints, to meet the needs of EFH Corp. in its chapter 11 case.

A.  **Plan Development and Testimony Review and Analysis (163.0 Hours)**

18. This category includes review of restructuring proposals, as applicable, as well as meetings with constituents regarding Plan of Reorganization ("Plan") formulation, status of Plan development, review of Plan proposals with required edits thereto, review of term sheets, as applicable, review of deposition transcripts and related testimony, and includes the necessary review of treatment of EFH Corp. assets as part of overall Plan proposals and analysis of proposed settlements thereto, all insofar as it relates to Conflict Matters. The review of deposition transcripts, court testimony transcripts, and consistent tracking with review of relevant filings and motions filed on the bankruptcy court docket with a primary focus on their financial elements have all been relevant and necessary in the context of required follow-up insofar as it relates to EFH Corp. Conflict Matters and assisting counsel in that regard. This category also includes working alongside counsel and engaging with Evercore regarding various matters including, without limitation, the Plan of Reorganization and matters pertaining to the E-side confirmation hearing, make-whole resolution matters as it impacts on EFH Corp. recoveries,

including the financial analysis and modeling of illustrative financial scenarios related thereto, with a view on assessing EFH Corp. recoveries insofar as it relates to EFH Corp. Conflict Matters.

**B. Bid Review 2016 (41.5 Hours)**

19. Review of various bids and proposals put forth, specifically including third party proposals and certain creditor-backed bids, as applicable, including the review of specific elements of bids. This category also includes financial analysis and modeling of the impact of each bid on the recovery of the various creditor parties with a focus on EFH Corp's recoveries.

**C. Tax Reviews (2.0 Hours)**

20. This category includes financial analysis on relevant tax matters including NOL and bonus depreciations financial analyses as requested by counsel to EFH related Conflict Matters.

**D. Meeting with Counsel & Other Constituents (17.5 Hours)**

21. Meetings with counsel to EFH Corp., as well as meetings (telephonic and in-person) with professionals of other affiliates and constituents pertaining to Conflict Matters. During this Sixth Interim Fee Application period this included an in-person meeting with Evercore on 11/08/2016 that included discussions with respect to various due diligence items including, without limitation, EFH Corp's cash requirements and projections, Plan matters as it impacts on financial elements of EFH Corp's cash requirements and projections, Plan matters as it impacts on EFH Corp., Plan process and timeline milestones, and projected EFH Corp. creditor recoveries. This meeting centered on various issues insofar as they relate to Conflict Matters.

**E. Financing and Proposal Review 2016 (1.5 Hours)**

22. This category includes review of proposals and analyses relating to the potential extension of the terms and/or pay down of existing debt balances via various financing mechanisms proposed by the Company and potential bidders.

**F. Dataroom and Diligence Materials Review (359.5 Hours)**

23. Download, analyze and review materials, as necessary and required, posted to the Debtors' dataroom and BoardVantage with required follow-up with the Debtors' professionals and the Debtor's management pertaining to (i) financial items posted to the dataroom requiring necessary review, (ii) follow-up information being sought in the dataroom requiring necessary review, (iii) items previously posted to the dataroom requiring additional and more recent revisiting by the SOLIC team, and (iv) Board materials posted ahead of scheduled Board calls requiring the necessary review, analysis, and due diligence follow-up by the SOLIC team.  Dataroom items reviewed have included a focus on Debtor-prepared analyses on cash and cash equivalents projected to the emergence date before and after adjusting for all emergence date deductions, with this tracking and monitoring an essential and necessary procedure throughout the Sixth Interim Fee Application period as an expected primary source of recovery for the benefit of the EFH Corp. creditors.  Furthermore, due diligence procedures have included but have not been limited to; (i) review and follow-up on E-side liquidation analyses and feasibility reports (ii) review and development of cash projection analyses with comparison and an understanding of actual versus budget on key receipts and disbursements line items, (iii) review of cash projections, by category, and the necessary comparative analyses relative to prior versions of the Debtor-prepared cash projections, (iv) reviewing and monitoring of financial analysis on the impact of make-whole claims rulings and the financial impact thereof as it relates to the potential for surplus recoveries in favor of EFH Corp. claimants, (v) review and follow-up on Debtor-prepared financial analyses as provided in materials shared with EFH Corp's board of directors, (vi) review of Monthly Operating Reports in the context of actual cash balances and activity compared to projected amounts with related variance analysis as it relates to the impact on recoveries to EFH Corp. claimants, (vii) review and analysis of equity market trends, specifically including NextEra performance, with respect to NextEra's continued feasibility in funding the proposed Plan, and (viii) review of other pertinent court and regulatory filings, including

review of correspondence with the PUCT, as it relates to financial elements, insofar as it relates to EFH Corp. Conflict Matters.

**G. Board Meeting and Attendance (19.5 Hours)**

24. This category includes the time spent by SOLIC's professionals attending in-person and telephonic EFH Corp. board meetings, including engaging in pre-meeting preparation, and post-meeting follow-up.

**H. Project Management and Support (38.5 Hours)**

25. This category includes key elements of project management on the engagement including work plan development, status of current work-streams, identification of key items for further review and attention, and internal discussion pertaining to same, as well as necessary review and research of case filings as it relates to work plan requirements.

**I. Travel Time (14.5 Hours)**

26. This category includes required travel by SOLIC professionals to attend in-person meetings during the Sixth Interim Fee Application period with Evercore on 11/08/2016.

**J. Fee Applications/Retention Applications (12.5)**

27. This category includes necessary preparation and required review of SOLIC's monthly fee statements, interim fee applications, and the preparation of budgets for submission to the Fee Committee, as well as the review of associated court filings, and the preparation of required responses to inquiries made by parties of interest including the Fee Committee.

<u>**Allowance of Compensation**</u>

28. The foregoing professional services rendered by SOLIC on behalf of EFH Corp. during the Fee Period were reasonable, necessary and appropriate to the administration of EFH Corp.'s

chapter 11 case and related matters and in the best interests of EFH Corp. and its estate. The compensation requested for the foregoing services is commensurate with the complexity, importance and nature of the problems, issues and tasks involved. The professional services were performed expediently and in an efficient manner.

29. During the Fee Period, the professional services performed by SOLIC on behalf of EFH Corp. required an aggregate expenditure of 670.0 hours by SOLIC professionals and a fair market value of $800,000.00. As demonstrated by this Fee Application, SOLIC's services were rendered economically and without unnecessary duplication of efforts. In addition, the work involved and the time expended was carefully assigned in consideration of the experience and expertise required of each particular task.

## Actual and Necessary Expenses Incurred by SOLIC

30. SOLIC seeks reimbursement of $3,742.09 on account of expenses incurred in performing professional services during the Fee Period. SOLIC records all expenses incurred in connection with the performance of professional services. Detailed descriptions of these expenses were attached to and filed as exhibits to the monthly fee statements submitted during the Fee Period and are attached hereto as **Exhibit D**.

31. SOLIC seeks reimbursement only for the actual cost of such expenses to SOLIC. Throughout the Fee Period, SOLIC has been cognizant of cost considerations and has tried to minimize the expenses charged to the EFH Corp.'s estate. SOLIC respectfully submits that the actual expenses incurred, except where limits have been set forth by the Fee Committee (with hotels not being reimbursable in New York City above $500 or above $350 in an all other locations, meals being capped at $40 per person per meal and cars to and from an airport being capped at $100 in New York City, $75 in Dallas and $75 in Chicago) in providing professional

services during the Fee Period and billed to EFH Corp. were necessary, reasonable and justified under the circumstances to serve the needs of EFH Corp. in its chapter 11 case.

### The Requested Compensation Should be Allowed

32. SOLIC respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Fee Application were necessary for and beneficial to EFH Corp.'s orderly administration of its estate and its efforts in its chapter 11 case. SOLIC worked diligently to anticipate or respond to EFH Corp.'s needs and assist in EFH Corp.'s chapter 11 case. SOLIC's services and expenditures were necessary to, and in the best interests of, EFH Corp.'s estate and creditors. SOLIC submits further that the services its professionals and paraprofessionals provided for EFH Corp. were performed economically, effectively and efficiently, and that the results obtained to date have benefited not only EFH Corp. but all stakeholders in its chapter 11 case. The services provided by SOLIC were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, SOLIC respectfully submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to EFH Corp., its estate and all parties in interest.

### Reservation of Rights

33. It is possible that some expenses incurred during the Fee Period are not reflected in the Fee Application. SOLIC reserves the right to include such amounts in future fee applications.

### Notice

33. SOLIC provided notice of this Fee Application to: (a) the Debtor; (b) co-counsel to the Debtors, Kirkland & Ellis LLP; (c) co-counsel to the Debtors, Richards, Layton & Finger, P.A.; (d) the Office of the United States Trustee; (e) counsel for the agent of the EFIH First Lien DIP

Financing Facility; (f) counsel for the agent of the TCEH DIP Financing Facility; (g) counsel to the TCEH Creditors' Committee; (h) counsel to the EFH Creditors' Committee; and (i) counsel to the Fee Committee (collectively, the "<u>Notice Parties</u>"). Pursuant to the Interim Compensation Order, any party, other than the Notice Parties, that wishes to object to the Fee Application, must file its objection with the Court, with a copy to Chambers and serve it on SOLIC and the Notice Parties so that it is actually received on or before April 3, 2017 at 4:00 p.m. (prevailing Eastern Time).

## No Prior Request

34. Other than the monthly fee statements, no prior request for the relief requested herein has been made to this or any other Court.

## Conclusion

WHEREFORE, SOLIC respectfully requests that the Court enter an order (i) awarding SOLIC the sum of $800,000.00 as compensation for services rendered and $3,742.09 for reimbursement of actual and necessary expenses SOLIC incurred during the Fee Period; (ii) that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to SOLIC's right to seek additional compensation for services rendered and for expenses incurred during the Fee Period which were not processed at the time of this Fee Application; and (iii) granting such other and further relief as the Court deems appropriate.

Dated: <u>March 13, 2017</u>      <u>/s/ Neil F. Luria</u>
SOLIC Capital Advisors, LLC
Neil F. Luria, Senior Managing Director
1603 Orrington Avenue, Suite 1600
Evanston, Illinois 60201