# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: D.I. 11015** |

**DECLARATION OF MICHAEL HUNTER, CONSULTANT
TO ENERGY FUTURE HOLDINGS, CORP., IN SUPPORT OF THE
DEBTORS' FORTY-EIGHTH OMNIBUS (NON-SUBSTANTIVE)
OBJECTION TO CERTAIN IMPROPERLY ASSERTED CLAIMS
PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1**

Pursuant to 28 U.S.C. § 1746, I, Michael Hunter, declare as follows:

1. I am a consultant to Energy Future Holdings Corp. ("EFH Corp.") with respect to asbestos-related matters and other claims. I have 35 years of experience working in the claims departments of the above-captioned debtors and debtors in possession (the "Debtors") and certain of their predecessors. In 1981, I began working in the claims group of ENSERCH Corporation ("Enserch"). After Texas Utilities Company ("TXU Corp.") merged with Enserch in 1996 (the "1996 Merger"), I became a claims manager at TXU Corp. From 2010 until October 3, 2016, I served as the Director of Claims & Legal Administration at EFH Corp. From October 4 to October 26, 2016, I was the Director of Claims & Legal Administration at TCEH Corp.

2. Based on my experience as the Director of Claims & Legal Administration at

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

EFH Corp., and previously as a claims manager at TXU Corp. and Enserch, I am generally familiar with the corporate history of the Debtors as a whole and the LSGT Debtors (as defined below) and the asbestos-related claims asserted against them.

3. In preparing this declaration (this "Declaration"), I generally relied on the information described below. I am over the age of 18 and duly authorized to execute this Declaration in support of the *Debtors' Forty-Eighth Omnibus (Non-Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 11015] (the "Objection"),[2] filed contemporaneously herewith.

4. The facts in this Declaration are based on my personal knowledge and review of information and my experience with the Debtors' operations and these chapter 11 cases. If called to testify, I would testify to the facts set forth herein. I previously attested to many of these facts in my declaration dated November 28, 2016, and in court on December 5, 2016, in connection with a motion to dismiss the LSGT Debtors (as defined below).

5. Specifically, I understand that, in the course of the Debtors' bankruptcy cases, claimants asserted manifested asbestos proofs of claim against the following entities (collectively, the "Wind Down Entities"):

| Entity | Number of Manifested Claims |
|---|---|
| Ebasco Services of Canada Limited | 83 |
| EFH Australia (No. 2) Holdings Company | 3 |
| EFH Finance (No. 2) Holdings Company | 3 |
| EFH FS Holdings Company | 6 |
| EFH Renewables Company LLC | 4 |
| Generation Development Company LLC | 2 |
| NCA Development Company LLC | 2 |

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

| Entity | Number of Manifested Claims |
|---|---|
| TXU Receivables Company | 4 |
| EFIH Finance Inc. | 3 |

**I.   LSGT Debtors Corporate History**

6. The Debtors include EFH Corp. and certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors" or "E-Side Debtors"), including LSGT Gas Company LLC ("LSGT Gas"), LSGT SACROC, Inc. ("LSGT SACROC"), EEC Holdings, Inc. ("EEC Holdings"), and EECI, Inc. ("EECI" and together with LSGT Gas, LSGT SACROC, and EEC Holdings, the "LSGT Debtors").

7. Enserch was an integrated natural gas company with operations in natural gas distribution and transmission, oil and gas exploration and production, and natural gas liquids processing, among others. Prior to the divestiture of those assets in 1993, Enserch had an engineering and construction business.

8. Each of the LSGT Debtors can be traced back to Enserch and each is a successor to certain entities acquired via the 1996 Merger of Enserch and TXU Corp. LSGT Gas was previously the primary Enserch natural gas distribution and transmission business unit, and as explained below, EEC Holdings and EECI relate to Enserch's engineering and construction business.

9. The EFH Debtors' alleged asbestos liabilities primarily arise from certain discontinued operations of Ebasco Services Incorporated ("Ebasco"). Enserch owned Ebasco from 1976 to 1993. Ebasco was an engineering, construction, and consulting firm that designed, constructed, or performed maintenance at power plants during a time when the utility industry used asbestos-containing materials.

10. In 1993, United Engineers & Constructors, Inc. and Raytheon Engineers &

Constructors, Inc. (together, "Raytheon") entered into an Asset Purchase Agreement to acquire certain of Ebasco's assets. The Asset Purchase Agreement required Enserch and Ebasco to indemnify Raytheon for "any and all losses" arising from their operations prior to the sale.

11. Enserch formed an indirect subsidiary, Enserch E&C, Inc., a Nevada corporation, to acquire the retained assets, claims, and liabilities in connection with the sale of Ebasco, including the indemnity obligation.

12. As part of the 1996 Merger, TXU Corp. acquired Enserch E&C, Inc. and its parent, Enserch E&C Holdings, Inc. Following name changes, Enserch E&C Holdings, Inc. became EEC Holdings, and Enserch E&C, Inc. became EECI. After the 2007 going private transaction of TXU Corp., EEC Holdings remained a direct subsidiary of LSGT Gas, and EECI remained a direct subsidiary of EEC Holdings.

## II.  Prepetition Asbestos Claims Against the LSGT Debtors

13. Through my experience in the claims departments of EFH Corp., TXU Corp., and Enserch, I am generally familiar with the asbestos-related claims asserted against the Debtors. In the ordinary course of business, I maintained records and data regarding claims and lawsuits asserted against the EFH Debtors, including asbestos-related actions.

14. Prior to the commencement of the Debtors' chapter 11 cases, claimants brought approximately 900 asbestos-related lawsuits, including direct suits and indirect indemnity demands, against the EFH Debtors or their predecessors.

15. Approximately two-thirds of prepetition claims arose from the Raytheon indemnity. The EFH Debtors or their predecessors rejected the majority of such claims because the pleadings failed to contain factual allegations related to Ebasco.

16. The remaining one-third of prepetition claims were direct lawsuits where the

plaintiff named Ebasco, EECI, or another EFH Debtor (other than the Wind Down Entities) in the complaint.

17. I do not specifically recall any prepetition asbestos claim asserted against the Wind Down Entities.  For the reasons discussed above—and based on a review of the information provided on the proofs of claim asserted against the Wind Down Entities—to the extent the E-Side Debtors have valid asbestos liabilities, I anticipate those liabilities would arise at EECI.

18. Accordingly, the Debtors have determined that the Wrong Debtor Claims listed on **Exhibit 1** to **Exhibit A** to the Objection are not properly asserted pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, Local Bankruptcy Rule 3007-1, and applicable orders of the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 17, 2017
      Scottsdale, Arizona

    */s/ Michael Hunter*
    Michael Hunter
    Consultant to EFH Corp.