IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br>*Debtors*. | Chapter 11<br>Case No. 14-10979 (CSS)<br>(Jointly Administered)<br>Related to D.I. 10858 |

**STATEMENT OF DELAWARE TRUST COMPANY,
AS TRUSTEE FOR THE EFIH FIRST LIEN NOTES,
IN SUPPORT OF MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*,
FOR ENTRY OF AN ORDER APPROVING THE EFIH SETTLEMENT**

Delaware Trust Company, indenture and collateral trustee ("Trustee" or "First Lien Trustee") for the first-lien notes ("Notes" or "EFIH First Lien Notes") issued by Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. (together, "EFIH" or the "EFIH Debtors"), submits this statement (the "Statement") in support of the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Approving the EFIH Settlement Between the Debtors, Certain Holders of the EFIH First Lien Note Claims, Certain Holders of the EFIH Second Lien Note Claims, and Certain Holders of the EFIH Unsecured Note Claims*, D.I. 10858 (the "Motion to Approve"):[1]

1.  In accordance with the terms of the indentures for the EFIH First Lien Notes, holders of a substantial majority in dollar amount of the Notes have delivered an appropriate letter to the First Lien Trustee directing it to support the EFIH Settlement. The Trustee files this Statement in accordance with that direction.[2]

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion to Approve or the Settlement Agreement.

[2] Counsel for the First Lien Trustee is working with counsel for the Debtors, counsel for the trustee for the EFIH Second Lien Notes, and counsel for trustee for the EFIH Unsecured Notes on a revised form of proposed order. The First Lien Trustee reserves all rights with respect thereto.

2.    As evidenced by the support of the Debtors, holders of a substantial majority in dollar amount of the EFIH First Lien Notes, holders of a substantial majority in dollar amount of the EFIH Second Lien Notes, and holders of a substantial majority in dollar amount of the EFIH Unsecured Notes, the EFIH Settlement appears fair to, and in the best interests of, all parties in interest.  It is the product of arms' length negotiations by and among the Debtors, holders of the EFIH First Lien Notes, holders of the EFIH Second Lien Notes, and holders of the EFIH Unsecured Notes.

3.    Among other things, the EFIH Settlement allows, and provides for the payment in full in Cash (if and when the Plan is consummated) of, 95% of the EFIH First Lien Makewhole Claims, together with contractual interest thereon through the date of payment, as provided in the Settlement Agreement.[3]  This settlement percentage reflects the collective assessment of all parties of the Third Circuit's decision holding that EFIH First Lien Makewhole Claims are due and payable pursuant to the terms of the indentures for the Notes, and the reality that the remaining avenues for the Debtors and holders of EFIH Unsecured Notes to seek disallowance of those Makewhole Claims are limited.

4.    The EFIH Settlement nevertheless embodies several meaningful concessions by the holders of the EFIH First Lien Notes that benefit the Debtors' estates. The EFIH Settlement provides for such holders to take a 5% discount on the amount of their EFIH First Lien Makewhole Claims.  In addition, the EFIH Settlement provides for interest on the EFIH First Lien Makewhole Claims to be calculated on the basis of semi-annual compounding and for EFIH to reimburse the Trustee for the fees and expenses it has incurred without interest; in the absence of the EFIH Settlement, by contrast, the First

---

[3] The summary of certain terms of the EFIH Settlement in this Statement is qualified in its entirety by the terms and conditions of the Settlement Agreement, which control.

Lien Trustee would assert that interest under the EFIH First Lien Notes must be calculated on the basis of daily compounding, and would also assert claims for interest on the fees and expenses of the Trustee to be reimbursed by the estate.

5.      The EFIH Settlement will benefit all parties by ending disputes over the EFIH First Lien Makewhole Claims (and the EFIH Second Lien Makewhole Claims, if the EFIH Settlement is approved as to the EFIH Second Lien Notes) that have plagued these cases for years.  The termination of those disputes will allow all EFIH creditors to receive substantial, timely distributions on their claims, and will avoid further delay and expense.  Because the Notes require EFIH to reimburse the Trustee for the costs it incurs, the estate would likely bear the fees and expenses incurred by *both sides* if litigation over the EFIH First Lien Makewhole Claims (and other disputes among the Debtors, the Trustee, and other parties regarding the allowance and amount of claims under the EFIH First Lien Notes) were to continue.  The EFIH Settlement avoids those ongoing costs, delay, and uncertainty—for the benefit of all EFIH stakeholders.  Provided that the EFIH Second Lien Settlement is approved and consummated with the EFIH First Lien Settlement, and the Plan goes effective, the EFIH Settlement will also resolve the EFIH Intercreditor Litigation.

6.      Robust notice of the EFIH Settlement has been provided.  In addition to the notice being provided by the Debtors described in the Motion to Approve (¶ 5), the First Lien Trustee sent a notice of the EFIH Settlement to the Depository Trust Company, which disseminated the notice to beneficial holders of the EFIH First Lien Notes through their DTC participants.

7.      With respect to the EFIH First Lien Notes, the First Lien Trustee understands that to date, holders of approximately 92% in dollar amount of the 10.0%

3

Notes and 10.5% Notes (in the aggregate) and holders of approximately 96.5% in dollar amount of the 6.875% Notes have executed the EFIH Settlement Agreement.[4] As noted, holders that executed signature to the pages to the EFIH Settlement Agreement also executed a direction letter directing the First Lien Trustee to support the EFIH Settlement. The First Lien Trustee is not aware of any holders of EFIH First Lien Notes that have expressed disagreement with or concern about the EFIH First Lien Settlement.

8. For the reasons stated herein and in the Motion to Approve, the Court should approve the EFIH Settlement.

Dated: March 20, 2017

COLE SCHOTZ P.C.

 /s/ J. Kate Stickles

| | |
|---|---|
| Norman L. Pernick (Bar No. 2290) | Warren A. Usatine |
| J. Kate Stickles (Bar No. 2917) | Court Plaza North |
| 500 Delaware Avenue, Suite 1410 | 25 Main Street |
| Wilmington, DE 19801 | Hackensack, NJ 07602 |
| Telephone: 302-652-3131 | Telephone: 201-489-3000 |
| Facsimile: 302-652-3117 | Facsimile: 201-489-1536 |
| npernick@coleschotz.com | wusatine@coleschotz.com |
| kstickles@coleschotz.com | |

WILMER CUTLER PICKERING HALE AND DORR LLP

| | |
|---|---|
| Philip D. Anker | Joel Millar |
| 7 World Trade Center | David Gringer |
| 250 Greenwich Street | Isley Gostin |
| New York, NY 10007 | 1875 Pennsylvania Avenue, NW |
| Telephone: 212-230-8800 | Washington, DC 2006 |
| Facsimile: 212-230-8888 | Telephone: 202-663-6000 |
| Philip.Anker@wilmerhale.com | Facsimile: 202-663-6363 |
| | Joel.Millar@wilmerhale.com |
| | David.Gringer@wilmerhale.com |
| | Isley.Gostin@wilmerhale.com |

---

[4] The terms "10.0% Notes," "10.5% Notes," and "6.875% Notes" are defined in Schedule 1 to the Settlement Agreement.

| | |
|---|---|
| ROPES & GRAY LLP | |
| Keith H. Wofford | D. Ross Martin |
| Mark Somerstein | Andrew Devore |
| 1211 Avenue of the Americas | 800 Boylston Street, Prudential Tower |
| New York, NY 10036-8704 | Boston, MA  02199-3600 |
| Telephone: 212-596-9000 | Telephone: 617-951-7000 |
| Facsimile:  212-596-9090 | Facsimile: 617-951-7050 |
| Keith.Wofford@ropesgray.com | Ross.Martin@ropesgray.com |
| Mark.Somerstein@ropesgray.com | Andrew.Devore@ropesgray.com |

DRINKER BIDDLE & REATH LLP
James H. Millar
1177 Avenue of the Americas
41st Floor
New York, NY 10036-2714
Telephone:  212-248-3264
Facsimile:   212-248-3141
James.Millar@dbr.com

*Counsel for Delaware Trust Company, as trustee*