# **EXHIBIT A**

Horton Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DECLARATION OF ANTHONY R. HORTON IN SUPPORT OF THE MOTION OF ENERGY FUTURE HOLDINGS CORPORATION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE CLAIM FOR FIDELITY MANAGEMENT & RESEARCH COMPANY'S SUBSTANTIAL CONTRIBUTION PURSUANT TO SECTIONS 503(B)(3)(D) AND 503(B)(4) OF THE BANKRUPTCY CODE**

Pursuant to 28 U.S.C. § 1746, I, Anthony R. Horton, being duly sworn, state the following under penalty of perjury:

    1.    I am the Chief Financial Officer, Executive Vice President, and Treasurer of EFH Corp. and EFIH.  I received a B.B.A. with a concentration in management and economics and a master's degree in accounting and finance from the University of Texas in Arlington.  I am a Certified Public Accountant, Certified Management Accountant, Certified Financial Manager and a Chartered Financial Analyst.  I am a member in good standing with the Institute of Management Accountants as well as the Association of Investment Management and Research.  I have been employed by EFIH, EFH Corp. and their predecessors for 30 years.  I have served as the Senior Vice President, Treasurer, and Assistant Secretary of EFH Corp. since 2004.  In such capacities, I have worked on numerous financing transactions on behalf of the Debtors, including capital markets transactions and credit facility financings, and I am generally familiar with the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Debtors' businesses, day-to-day operations, financial matters, results of operations, cash flows, and underlying books and records.

2. I submit this declaration in support of the *Motion of Energy Future Holdings Corporation for Allowance of an Administrative Expense Claim for Fidelity Management & Research Company's Substantial Contribution Pursuant to Section 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code* [D.I. 10948], filed on March 2, 2017 (the "Motion").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3. Pursuant to the Motion, EFH Corp. is seeking entry of an order, allowing an administrative expense claim against EFH Corp. for reasonable and documented fees and expenses incurred by Fidelity on account of Fidelity's substantial contribution to these chapter 11 cases.[3] As described further in the Motion, Fidelity has been an active and robust participant in negotiations regarding the Debtors' restructuring for nearly four years. The product of such negotiations in each phase of the Debtors' restructuring efforts is well-known to the Court and all parties-in-interest. In the early stages of these chapter 11 cases, Fidelity agreed to settle makewhole claims under hundreds of millions of dollars of EFIH first lien notes, saving the estates approximately $75 million.[4] Fidelity also committed to and funded $500 million under the EFIH first lien DIP facility and agreed to committed financing in connection with the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion or Plan, as applicable.

[3] Absent approval of the Motion, none of the fees to be paid under the Motion are payable under the *Amended Final Order (A) Approving Postpetition Financing for Energy Future Intermediate Holding Company LLC and EFIH Finance Inc., (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Approving the Use of Case Collateral by Energy Future Intermediate Holdings Company LLC and EFIH Finance Inc., (D) Authorizing the EFIH First Lien Repayment, (E) Authorizing Issuance of Roll-Up Debt to the Extent Authorized by the Settlement Orders, and (F) Modifying the Automatic Stay* [D.I. 3856].

[4] As a result of a typographical error, paragraph 9 of the Motion stated that the savings were over $850 million. The correct figure is approximately $75 million, assuming Fidelity's holdings were *pro rata* across the outstanding tranches of EFIH first lien notes.

proposed EFIH second lien DIP facility (each of which supported the Debtors' smooth transition into chapter 11). In connection with the first confirmed plan of reorganization, Fidelity, again, committed to invest $500 million in cash to facilitate the merger transaction contemplated by the first confirmed plan of reorganization and agreed to settle its makewhole claim.

4. Fidelity's most recent contribution (for which it did not reap the benefit of its efforts) was in connection with the NextEra Merger Agreement and Plan. In September 2016, NextEra increased its purchase price for the E-Side Debtors by $300 million and released another $150 million from the asbestos escrow account set forth under the NextEra Merger Agreement (each as described in greater detail in the Motion). I believe that Fidelity's negotiations with NextEra regarding the NextEra Merger Agreement and Plan, and Fidelity's agreement to join the Plan Support Agreement with NextEra, directly resulted in NextEra's agreement to provide an additional $450 million in distributable value.

5. Importantly, I understand that the Plan is a "waterfall" plan. As a result, creditors at EFH do not receive a recovery in excess of the value of Cash on hand at EFH Corp. until all Allowed Claims at EFIH are satisfied in full. At the time Fidelity negotiated the September 2016 increase in purchase price consideration under the NextEra Merger Agreement, the EFIH first lien makewhole claims and EFIH second lien makewhole claims had been disallowed by the Bankruptcy Court and the District Court. While it was always a possibility that the Third Circuit could overturn such rulings, such makewhole claims were Disallowed Makewhole Claims (as defined in the Plan) as of September 2016 and were not projected to receive any recoveries under the Plan.

6. As a result of the Third Circuit ruling regarding the allowance of EFIH first lien makewhole claims and EFIH second lien makewhole claims, the excess value at EFIH that

3

would have otherwise gone to EFH Corp. creditors inured to the benefit of holders of EFIH PIK notes. Ultimately, the Plan confirmed in February 2017 contemplated a settlement with holders of EFIH first lien creditors and EFIH second lien creditors (including a significant settlement on account of makewhole claims), subject to Bankruptcy Court approval.

7. In other words, following the Third Circuit ruling in November 2016, and as made clear in the confirmed Plan three months later, there was little doubt that the increase in distributable value Fidelity had fought for in the fall of 2016 would inure to a constituency other than Fidelity. Nevertheless, I understand Fidelity did not attempt to terminate its support of the Plan Support Agreement with NextEra. I understand that as the largest holder of EFH unsecured claims, Fidelity's support was critical to ensuring that every Class of impaired Claims at EFH Corp. voted to accept the Plan.

8. In light of (a) Fidelity's vital role in locking in additional distributable value from NextEra and (b) subsequent events in these chapter 11 cases that prevented Fidelity from realizing the fruits of its labor, I believe that the relief in the Motion should be granted.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dallas, Texas
Dated: March 20, 2017

                                                  */s/ Anthony R. Horton*
                                                  Anthony R. Horton
                                                  Chief Financial Officer, Executive Vice President, and Treasurer, EFH Corp. and EFIH