# **EXHIBIT B**

BLACKLINE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER APPROVING THE EFIH SETTLEMENT
## ~~BETWEEN~~ BY AND AMONG THE DEBTORS, CERTAIN HOLDERS OF EFIH FIRST LIEN NOTE CLAIMS, CERTAIN HOLDERS OF EFIH SECOND LIEN NOTE CLAIMS, AND CERTAIN HOLDERS OF EFIH UNSECURED NOTE CLAIMS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to ~~section~~ sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a), approving the Settlement (the "EFIH Settlement") ~~between~~ by and among the Debtors, certain holders of EFIH First Lien Note Claims, certain holders of the EFIH Second Lien Notes, and certain holders of the EFIH Unsecured Notes (together, the "Parties"), substantially in the form attached hereto as **Exhibit 1**, all as set forth more fully in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion ~~and~~, the Plan, or the EFIH Settlement, as applicable.

KE 45635512~~.2~~

the Court having found that notice of the Motion (including the EFIH Settlement) was provided to all holders of the EFIH First Lien Notes, all holders of the EFIH Second Lien Notes, and all holders of the EFIH Unsecured Notes; and the Court having found that the Debtors provided due and proper notice of the Motion to all such holders and all other parties in interest entitled to notice and such notice was adequate and appropriate under the particular circumstances; and upon any hearing held (if any), to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the Wright Declaration, and the Supplemental Affidavit of Service Relating to the Settlement Notice [D.I. 11026], the record of the Hearing (if any), and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest, and satisfies the standards for approval of a settlement under Bankruptcy Rule 9019 and sections 105(a) and 363(b) of the Bankruptcy Code; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1.  The Motion is granted as set forth herein. All objections and reservations of right (if any) are overruled on the merits.

2.  The EFIH Settlement attached hereto as **Exhibit 1**, is hereby approved.[3]

3.  **Provisions Applicable to Holders of EFIH First Lien Note Claims and the EFIH First Lien Notes Trustee.**

---

[3] For the avoidance of doubt, it is the intent of the Parties that the EFIH Settlement be approved in its entirety pursuant to this Order. Certain provisions of the EFIH Settlement have been identified in the Order, but such identification is not to the exclusion of the remaining provisions of the EFIH Settlement which, for the avoidance of doubt, shall be approved in its entirety pursuant to this Order.

2

KE 45635512

    i. The EFIH First Lien Notes Trustee is authorized and directed to comply with the directives in the First Lien Direction Letter of the Supporting EFIH First Lien Creditors as specified on page 4 of the Settlement Agreement.

    ii. The Non-Signing EFIH First Lien Creditors shall be bound by the EFIH First Lien Settlement, and, for the avoidance of doubt, upon entry of this Order, the Supporting EFIH First Lien Creditors, the Non-Signing EFIH First Lien Creditors, the EFIH First Lien Notes Trustee, the EFIH Unsecured Notes Trustee, all holders of the EFIH Unsecured Notes, and the EFIH Debtors, and all other parties-in-interest shall be bound by the terms thereinof the EFIH First Lien Settlement regardless of whether the Bankruptcy Court has entered the EFH Confirmation Order or whether the EFH Effective Date as contemplated by the EFH Confirmation Order and the Plan occurs. Non-Signing EFIH First Lien Creditors shall be responsible for their own costs incurred in any litigation challenging, or appeal of, this Order.

    iii. AllProvided that the EFH Effective Date occurs, and except as provided in the next sentence of this paragraph 3(iii), all amounts to be paid to the EFIH First Lien Notes Trustee (as Disbursing Agent for Holders of Allowed EFIH First Lien Note Claims) pursuant to the EFIH Settlement shall be paid in full in Cash by the EFH Plan Administrator Board from the EFH/EFIH Distribution Account or the EFIH Claims Reserve (as applicable, and depending on whether the EFH Effective Date has occurred prior to entry of this Order) to the EFIH First Lien Notes Trustee (i) if this Order is entered before the EFH Effective Date, on the EFH Effective Date or as soon as reasonably practicable thereafter following entry of this Order if entered before the Effective Date or (ii) if this Order is entered after the EFH Effective Date, as soon as reasonably practicable after entry of this Order if entered after the EFH Effective Date (with respect to the EFIH First Lien Pre-Effective Date Fees and EFIH First Lien Incurred Estimate, subject to the EFH/EFIH Debtors' receipt of invoices or estimates as provided in the EFIH Settlement, to the extent not already provided to the EFH/EFIH Debtors)), with such amounts to be adjusted as necessary to reflect the interest, Additional Interest, and interest on interest accruing through and including (a) the actual EFH Effective Date, if such amount isamounts are paid in full in Cash to the EFIH First Lien Notes Trustee on the EFH Effective Date, or (b) such later date, after the EFH Effective Date, on which such amount is paid in full in Cash to the EFIH First Lien Notes Trustee. amounts are paid in full in Cash to the EFIH First Lien Notes Trustee. Provided that the EFH Effective Date occurs, the EFIH First Lien Post-Effective Date Fee and Indemnification Reserve shall be funded by the EFH Plan Administrator Board using Merger Sub Cash in the amount of $2,000,000.00 and held by the EFIH First Lien Notes Trustee, and any EFIH First Lien Post-Effective

3

<ul>
<li>Date Fees and Indemnification Claims (including, for the avoidance of doubt, any compensation payable to the EFIH First Lien Notes Trustee under the applicable indentures for the EFIH First Lien Notes) shall be paid in full in Cash by the EFIH First Lien Notes Trustee from the EFIH First Lien Post-Effective Date Fee and Indemnification Reserve as soon as reasonably practicable after submission of the invoice for any such EFIH First Lien Post-Effective Date Fees and Indemnification Claims as provided in the EFIH Settlement.  For the avoidance of doubt, provided that the EFH Effective Date occurs, the EFIH First Lien Post-Effective Date Fee and Indemnification Claims shall be entitled to be satisfied only from the EFIH First Lien Post-Effective Date Fee and Indemnification Reserve.  By no later than the date that is six years after the EFH Effective Date (the "Excess Funds Distribution Date"), any Excess Funds then in the EFIH First Lien Post-Effective Date Fee and Indemnification Reserve shall be distributed by the EFIH First Lien Notes Trustee to the EFH Unsecured Notes Trustee (or such designee appointed in writing by the Unsecured Notes Trustee) for the benefit of Class B6 Creditors pursuant to the Plan.  "Excess Funds" means any funds in the EFIH First Lien Post-Effective Date Fee and Indemnification Reserve in excess of the amount required to pay in full, in Cash, any unpaid EFIH First Lien Post-Effective Date Fees and Indemnification Claims that have been incurred and/or invoiced as of the Excess Funds Distribution Date, plus any additional EFIH First Lien Post-Effective Date Fees and Indemnification Claims that the EFIH First Lien Notes Trustee estimates may be incurred and/or invoiced on or after the Excess Funds Distribution Date in connection with any pending or threatened action, proceeding, cause of action or claim.  After all such actions, proceedings, causes of action and claims have been resolved by final, non-appealable orders and all EFIH First Lien Post-Effective Date Fees and Indemnification Claims have been paid in full, in Cash, any Excess Funds (if any) remaining in the EFIH First Lien Post-Effective Date Fee and Indemnification Reserve shall be distributed by the EFIH First Lien Notes Trustee to the EFH Unsecured Notes Trustee (or such designee appointed in writing by the EFIH Unsecured Notes Trustee) for the benefit of Class B6 Creditors pursuant to the terms of the Plan.  The EFIH First Lien Notes Trustee shall hold the funds in the EFIH First Lien Post-Effective Fee and Indemnification Reserve (until they are distributed in accordance with the terms hereof) pursuant to a standard escrow or other account agreement with customary terms, which agreement shall be executed as soon as reasonably practicable after the EFH Effective Date and shall be in form and substance reasonably acceptable to the EFIH First Lien Notes Trustee and the EFIH Unsecured Notes Trustee.</li>
</ul>

<ol type="i" start="4">
<li>The EFIH First Lien Notes Trustee (and its professionals) shall not have or incur any liability for, and are released from, any cause of action or any claim of the Debtors, any holder of EFIH First Lien Notes, or anyone else</li>
</ol>

4

      related to any act or omission in connection with, relating to, arising out of, or required under ~~this Agreement,~~ the EFIH Settlement ~~Approval~~, this Order, or any other related documents or agreements, including any act or omission taken (or not taken) in compliance with ~~any~~the First Lien Direction Letter and any other direction letter(s) provided by any Supporting EFIH First Lien Creditors pursuant to the EFIH Settlement (the "**EFIH First Lien Notes Trustee Released Claims**"), and the ~~EFH/EFIH~~ Debtors, all Holders of EFIH First Lien Notes and all other persons and entities are hereby barred and enjoined from bringing or otherwise asserting any EFIH First Lien Notes Trustee Released Claims.

    v.    All payment of all the amounts specified herein and in the EFIH Settlement with respect to the EFIH First Lien Notes shall be (a) made only in respect of those EFIH First Lien Notes that did not agree to participate in the settlement offered by the Debtors in May and June 2014 pursuant to the *Order Approving EFIH First Lien Settlement* [D.I. 858] entered by this Court in the Chapter 11 Cases, and (b) indefeasible and not subject to disgorgement, setoff, recoupment, reduction or reallocation of any kind.

4.    **Provisions Applicable to Holders of EFIH Second Lien Note Claims and the EFIH Second Lien Notes Trustee.**

    i.    The EFIH Second Lien Notes Trustee is authorized and directed to comply with the directives in the Second Lien Direction Letter of the Supporting EFIH Second Lien Creditors as specified on page 5 of the Settlement Agreement.

    ii.    The Non-Signing EFIH Second Lien Creditors shall be bound by the EFIH Second Lien Settlement, and, for the avoidance of doubt, upon entry of this Order, the Supporting EFIH Second Lien Creditors, the Non-Signing EFIH Second Lien Creditors, the EFIH Second Lien Notes Trustee, the EFIH Unsecured Notes Trustee, all holders of the EFIH Unsecured Notes, ~~and~~ the EFIH Debtors, and all other parties-in-interest shall be bound by the terms ~~therein~~of the EFIH Second Lien Settlement regardless of whether the ~~Bankruptcy Court has entered the EFH Confirmation Order or the~~ EFH Effective Date as contemplated by the EFH Confirmation Order and the Plan occurs. Non-Signing EFIH Second Lien Creditors shall be responsible for their own costs incurred in any litigation challenging, or appeal of, this Order.

    iii.    ~~All~~Provided that the EFH Effective Date occurs, and except as provided in the next sentence of this paragraph 4(iii), all amounts to be paid to the EFIH Second Lien Notes Trustee (as Disbursing Agent for Holders of Allowed EFIH Second Lien Note Claims) pursuant to the EFIH Settlement

shall be paid in full in Cash by the EFH Plan Administrator Board from the EFH/EFIH Distribution Account or the EFIH Claims Reserve (as applicable, and depending on whether the EFH Effective Date has occurred prior to entry of this Order) to the EFIH Second Lien Notes Trustee (i) if this Order is entered before the EFH Effective Date, on the EFH Effective Date or as soon as reasonably practicable thereafter following entry of this Order if entered after the Effective Date or (ii) if this Order if entered after the EFH Effective Date, as soon as reasonably practixcable after entry of this Order if entered after the EFH Effective Date (with respect to the EFIH Second Lien Pre-Effective Date Fees and EFIH Second Lien Incurred Estimate, subject to the EFH/EFIH Debtors' receipt of invoices or estimates as provided in the EFIH Settlement, to the extent not already provided to the EFH/EFIH Debtors)), with such amounts to be adjusted as necessary to reflect the interest, Additional Interest, and interest on interest accruing through and including (a) the actual EFH Effective Date, if such amount isamounts are paid in full in Cash to the respective Indenture TrusteesEFIH Second Lien Notes Trustee on the EFH Effective Date, or (b) such later date, after the EFH Effective Date, on which such amountamounts are paid in full in Cash to the EFIH Second Lien Notes Trustee. Provided that the EFH Effective Date occurs, the EFIH Second Lien Post-Effective Date Fee and Indemnification Reserve shall be funded by the EFH Plan Administrator Board using Merger Sub Cash in the amount of $2,000,000.00 and held by the EFIH Second Lien Notes Trustee, and any EFIH Second Lien Post-Effective Date Fees and Indemnification Claims (including, for the avoidance of doubt, any compensation payable to the EFIH Second Lien Notes Trustee under the applicable indentures for the EFIH Second Lien Notes) shall be paid in full in Cash by the EFIH Second Lien Notes Trustee from the EFIH Second Lien Post-Effective Date Fee and Indemnification Reserve as soon as reasonably practicable after submission of the invoice for any such EFIH Second Lien Post-Effective Date Fees and Indemnification Claims as provided in the EFIH Settlement. For the avoidance of doubt, provided that the EFH Effective Date occurs, the EFIH Second Lien Post-Effective Date Fee and Indemnification Claims shall be entitled to be satisfied only from the EFIH Second Lien Post-Effective Date Fee and Indemnification Reserve. By no later than the date that is paid in full in Cash to the respective EFIH Second Lien Notes Trusteesix years after the EFH Effective Date (the "Excess Funds Distribution Date"), any Excess Funds then in the EFIH Second Lien Post-Effective Date Fee and Indemnification Reserve shall be distributed by the EFIH Second Lien Notes Trustee to the EFH Unsecured Notes Trustee (or such designee appointed by the Unsecured Notes Trustee) for the benefit of Class B6 Creditors pursuant to the Plan. "Excess Funds" means any funds in the EFIH Second Lien Post-Effective Date Fee and Indemnification Reserve in excess of the amount required to pay in full, in Cash, any unpaid EFIH Second Lien Post-Effective Date Fees and Indemnification Claims that

6

BLACKLINE

      have been incurred and/or invoiced as of the Excess Funds Distribution Date, plus any additional EFIH Second Lien Post-Effective Date Fees and Indemnification Claims that the EFIH Second Lien Notes Trustee estimates may be incurred and/or invoiced on or after the Excess Funds Distribution Date in connection with any pending or threatened action, proceeding, cause of action or claim.  After all such actions, proceedings, causes of action and claims have been resolved by final, non-appealable orders and all EFIH Second Lien Post-Effective Date Fees and Indemnification Claims have been paid in full, in Cash, any Excess Funds (if any) remaining in the EFIH Second Lien Post-Effective Date Fee and Indemnification Reserve shall be distributed by the EFIH Second Lien Notes Trustee to the EFH Unsecured Notes Trustee (or such designee appointed by the Unsecured Notes Trustee) for the benefit of Class B6 Creditors pursuant to the Plan.

    iv.    The EFIH Second Lien Notes Trustee (and its professionals) shall not have or incur any liability for, and are released from, any cause of action or any claim of the Debtors, any holder of EFIH Second Lien Notes, or anyone else related to any act or omission in connection with, relating to, arising out of, or required under ~~this Agreement,~~ the EFIH Settlement ~~Approval~~, this Order, or any other related documents or agreements, including any act or omission taken (or not taken) in compliance with ~~any~~the Second Lien Direction Letter and any other direction letter(s) provided by any Supporting EFIH ~~First~~Second Lien Creditors pursuant to the EFIH Settlement (the "**EFIH Second Lien Notes Trustee Released Claims**"), and the ~~EFH/EFIH~~ Debtors, all Holders of EFIH Second Lien Notes and all other persons and entities are hereby barred and enjoined from bringing or otherwise asserting any EFIH Second Lien Notes Trustee Released Claims.

    v.    ~~All~~Provided that payment in full in Cash is made of all Allowed EFIH First Lien Claims (other than the EFIH First-Lien Post-Effective Date Fees and any EFIH First Lien Pre-Effective Date Fees not invoiced, or as to which no EFIH First Lien Incurred Estimate has been sent to the EFH/EFIH Debtors, by two weeks prior to the anticipated Effective Date of the Plan, as provided in the EFIH Settlement in the fourth bullet point in the term captioned "Commitments of EFIH First Lien Creditors and EFIH Second Lien Creditors"), all payment of all the amounts specified herein and in the EFIH Settlement with respect to the EFIH Second Lien Notes shall be indefeasible and not subject to disgorgement, setoff, recoupment, reduction or reallocation of any kind.

5.    For the avoidance of doubt, ~~any~~all Additional Interest or interest on interest on the Allowed EFIH First Lien Note Claims or Allowed EFIH Second Lien Note Claims shall cease to

7

accrue with respect to any distribution or distributions on account of Allowed EFIH First Lien Note Claims or Allowed EFIH Second Lien Note Claims, respectively, that are made pursuant to the EFIH Settlement to the EFIH First Lien Notes Trustee and EFIH Second Lien Notes Trustee, as applicable, ~~on~~from and after the first day after the date such distribution or distributions are made.

6.  The EFIH Unsecured Notes Trustee (and its professionals) shall not have or incur any liability for, and ~~is~~are released from, any cause of action or any claim of the Debtors, any holder of EFIH Unsecured Notes, or anyone else related to any act or omission in connection with, relating to, arising out of, or required under ~~this Agreement,~~ the EFIH Settlement ~~Approval~~, this Order, or any other related documents or agreements, including any act or omission taken (or not taken) in compliance with any direction letter(s) provided by any holder of EFIH Unsecured Notes pursuant to the EFIH Unsecured Creditor Plan Support Agreement (the "**EFIH Unsecured Notes Trustee Released Claims**"), and the ~~EFH/EFIH~~ Debtors, all Holders of EFIH Unsecured Notes and all other persons and entities are hereby barred and enjoined from bringing or otherwise asserting any EFIH Unsecured Notes Trustee Released Claims. Provided that the EFH Effective Date occurs, Holders of Allowed EFIH Unsecured Note Claims will receive a distribution on account of their Allowed Claims as and to the extent set forth in the Plan, and expected distributions to such Holders of Allowed EFIH Unsecured Claims will be as set forth in the supplement to the Motion filed in advance of the ~~hearing to consider approval of the EFIH Settlement~~Hearing, subject to the exercise of any charging liens by the EFIH Unsecured Notes Trustee.

7.  As an integral part of the EFIH Settlement, (a) the Allowed EFIH First Lien Claims and the Allowed EFIH Second Lien Claims are allowed as Secured Claims; ~~(b~~and (b)

8

provided that the EFH Effective Date as contemplated by the Plan occurs: (i) the Allowed EFIH First Lien Claims and Allowed EFIH Second Lien Claims will be paid in full in Cash from the EFH/EFIH Distribution Account or the EFIH Claims Reserve, as set forth above; (~~b~~ii) all liability for the Makewhole Claims under the EFIH First Lien Notes and EFIH Second Lien Notes, other than (and subject only to the payment ~~requirement~~in full, in Cash, of) all Allowed EFIH First Lien Claims and all Allowed EFIH Second Lien Claims, as set forth in paragraph 7(b~~),~~)(i) of this Order and the EFIH Settlement, will be discharged, released, and enjoined, as against the Debtors, by operation of the Plan and EFH Confirmation Order ~~(provided that the Plan is confirmed and consummated); and (d~~; and (iii) for the avoidance of doubt, none of the Reorganized Debtors shall have any liability with respect to any of the payment obligations authorized by this Order in excess of the Cash to be delivered by Merger Sub to the EFH/EFIH Distribution Account at the Merger Closing in accordance with the Merger Agreement. For the avoidance of doubt, and notwithstanding anything to the contrary in this Order, if the EFH Effective Date as contemplated by the Plan does not occur: (x) the EFIH First Lien Settlement and the EFIH Second Lien Settlement shall nevertheless remain in full force and effect, and the EFIH Debtors (including any successors or assigns), the EFIH Unsecured Notes Trustee, all Holders of the EFIH Unsecured Notes, and the other parties-in-interest specified in paragraphs 3(ii) and 4(ii) of this Order shall continue to be bound by the EFIH First Lien Settlement and the EFIH Second Lien Settlement, respectively, as set forth in paragraphs 3(ii) and 4(ii) of this Order; (y) the Allowed EFIH First Lien Claims and the Allowed EFIH Second Lien Claims shall continue to be allowed as Secured Claims against the EFIH Debtors and their Estates in the Chapter 11 Cases of the EFIH Debtors (or any cases converted to Chapter 7 of the Bankruptcy Code), with the collateral securing those Claims to remain as specified in the EFIH Collateral

Trust Agreement, the Pledge Agreement (as such term is defined in the EFIH Collateral Trust Agreement), and all other applicable Security Documents (as such term is defined in the EFIH Collateral Trust Agreement), and with the EFIH First Lien Claims (and the liens securing those Claims) to continue to be senior to the EFIH Second Lien Claims (and the liens securing those Claims) as and to the extent provided in the EFIH Collateral Trust Agreement; and (z) interest shall continue to accrue (including for the avoidance of doubt Additional Interest and interest on interest, all at the contractual rates specified in the EFIH First Lien Notes and applicable indentures and/or related agreements and the EFIH Second Lien Notes and applicable indentures and/or related agreements, respectively, compounded on a semi-annual basis, as provided in the EFIH Settlement) and be payable by the EFIH Debtors on the Allowed EFIH First Lien Claims and the Allowed EFIH Second Lien Claims (other than the EFIH First Lien Fees and the EFIH Second Lien Fees), through and including the date on which payment of the Allowed EFIH First Lien Claims and Allowed EFIH Second Lien Claims, respectively, is made (indefeasibly and not subject to disgorgement, setoff, recoupment, reduction or reallocation of any kind) in full, in Cash, with all accrued interest, to the EFIH First Lien Notes Trustee and the EFIH Second Lien Notes Trustee, respectively, as provided in the EFIH Settlement.

8. The EFIH Settlement is fair to the Supporting EFIH Unsecured Creditors, all other holders of EFIH Unsecured Notes, the Supporting Secured Creditors, the Non-Signing EFIH First Lien Creditors, the Non-Signing EFIH Second Lien Creditors, and the EFH/EFIH Debtors and their estates, and all parties-in-interest are bound by the terms of this Order and the EFIH Settlement.

9. The Parties are authorized to enter into, perform, execute, and deliver all documents and take all actions, necessary to immediately continue and fully implement the EFIH

10

KE 45635512

Settlement in accordance with the terms, conditions, agreements, and releases set forth therein, all of which are hereby approved.

10. Epiq Bankruptcy Solutions, LLC is authorized to amend the official claims register maintained in the Debtors' chapter 11 cases to reflect the terms of the EFIH Settlement.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2017

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

KE 45635512

BLACKLINE

# EXHIBIT 1 to EXHIBIT A

**EFIH Settlement**