# **EXHIBIT B**

Blackline

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER ALLOWING ADMINISTRATIVE EXPENSE
CLAIM FOR FIDELITY MANAGEMENT & RESEARCH COMPANY'S
SUBSTANTIAL CONTRIBUTION PURSUANT TO
SECTIONS 503(B)(3)(D) AND 503(B)(4) OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion") of EFH Corp. for entry of an order (this "Order") allowing an administrative expense expense claim against EFH Corp., pursuant to sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code, in favor of certain funds and accounts advised or sub-advised by Fidelity Management & Research Company or its affiliates (collectively, "Fidelity") on account of Fidelity's substantial contributions to the Debtors' restructuring efforts;[2] and the Court having found that: the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that the Motion was sufficient to afford reasonable notice of the material provisions of the Motion and opportunity for a hearing; and the Court having found that good and sufficient cause having been shown; and after due deliberation and sufficient cause appearing therefor,

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The Court hereby allows an administrative expense claim in favor of Fidelity against EFH Corp., pursuant to sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code, in the aggregate amount of up to $20 million (the "Substantial Contribution Claim") for unpaid reasonable and documented fees and expenses, including professional and other advisory fees and expenses, incurred by Fidelity in connection with the Debtors' chapter 11 cases through the effective date of EFH Corp.'s plan of reorganization ("Fidelity Fees and Expenses"), which shall become payable by EFH Corp. after the effective date of the Plan or any other plan of reorganization of EFH Corp. (the "Applicable Effective Date") and only in accordance with the procedures set forth in this Order.

3.      The Substantial Contribution Claim shall have priority under section 507(a)(2) of the Bankruptcy Code; *provided, however*, that the Substantial Contribution Claim shall be subordinated to the Beneficiary Claims (as defined in the Settlement & Support Agreement [D.I. 7143] with the EFH Creditors' Committee) (the "Beneficiary Claims") such that the Substantial Contribution Claim shall receive no recovery unless the Beneficiary Claims recover in full; *provided, further*, that Fidelity hereby agrees to waive the requirement of section 1129(a)(9)(A) of the Bankruptcy Code with respect to the Substantial Contribution Claim to the extent of the effect of the subordination described in the foregoing provision.

4.      After entry of this Order, Fidelity and/or the applicable professional (a "Requesting Party") shall submit to the Debtors short-form invoices setting forth the recipients, amounts, and time periods of the Fidelity Fees and Expenses.  No later than the later of 10 business days after (a) the Debtors' receipt of each such short-form invoice and (b) the Applicable Effective Date, the Debtors shall pay to the applicable Requesting Party

80% of the requested fees and 100% of the requested expenses, which amounts shall be subject to disgorgement if and to the extent the Court determines that such requested fees and expenses are not reasonable.  Within 45 days of receipt of payment, the applicable Requesting Party shall submit full invoices and LEDES data (a "Fee Request") to the Debtors, the U.S. Trustee, and the fee review committee appointed in these chapter 11 cases [D.I. 1891] (the "Fee Committee") in LEDES format (or, in the absence thereof, such other format as is mutually agreed among the Requesting Party, the Debtors, the U.S. Trustee, and the Fee Committee).

5.    Following the Fee Committee's receipt of a Fee Request, within reasonable time periods, to be determined either by the Fee Committee and the relevant professionals or by the Court:

(i)    the Fee Committee shall send a confidential letter to the applicable Requesting Party regarding the Fee Committee's initial report and recommendation with respect to the applicable Fee Request;

(ii)    the Fee Committee shall file with the Court a final report and recommendation ("Fee Committee Recommendation") with respect to such Fee Request and (b) the U.S. Trustee shall file with the Court any objection or comments it may have with respect to such Fee Request ("U.S. Trustee Objection");

(iii)    the applicable Requesting Party may file with the Court a response ("Fee Response") to such Fee Committee Recommendation or U.S. Trustee Objection; and

(iv)    the Court shall consider each Fee Request at the next omnibus hearing or at a scheduled Fee Committee hearing on retained professional fee applications.

6.    No later than the later of 10 days following (a) the Court's ruling with respect to a Fee Request and (b) the Applicable Effective Date, EFH Corp. or the EFH Plan Administrator Board shall pay any unpaid amounts with respect to such Fee Request as ordered by the Court, or

the Requesting Party shall disgorge to the EFH Plan Administrator Board such amounts ordered by the Court, as applicable.

7.      For the avoidance of doubt, the Requesting Parties and the Fee Requests shall not be required to comply with (a) the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware or other orders in these chapter 11 cases with respect to fee applications, including the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896], or (b) Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases, 78 Fed. Reg. No 116, page 36248 (June 17, 2013).

8.      This Order is without prejudice to EFH Corp.'s or Fidelity's rights to file additional administrative expense claims.

9.      This Order is effective and enforceable immediately upon entry.

10.     This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: _____, 2017
         Wilmington, Delaware                    _____
                                                 The Honorable Christopher S. Sontchi
                                                 United States Bankruptcy Judge