# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
In re:                                                  :    Chapter 11
                                                        :
ENERGY FUTURE HOLDINGS CORP., et al.,  :                     Case No. 14-10979 (CSS)
                                                        :
                    Debtors.                            :    (Jointly Administered)
                                                        :
------------------------------------------------------- x    Related to Docket No. 10858
```

## EFIH SECOND LIEN TRUSTEE'S STATEMENT IN SUPPORT OF MOTION OF ENERGY FUTURE HOLDINGS CORP., ET AL. FOR ENTRY OF AN ORDER APPROVING THE EFIH SETTLEMENT

Computershare Trust Company, N.A. and Computershare Trust Company of Canada, as successor indenture trustee (the "**EFIH Second Lien Trustee**") under the Indenture dated as of April 25, 2011 (together with all supplements, amendments, and exhibits), pursuant to which Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. issued the EFIH Second Lien notes (the "**EFIH Second Lien Notes**"), respectfully submits this statement in support of the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Approving the EFIH Settlement Between the Debtors, Certain Holders of the EFIH First Lien Note Claims, Certain Holders of the EFIH Second Lien Note Claims, and Certain Holders of the EFIH Unsecured Note Claims,* D.I. 10858 (the "Motion to Approve").[1]

### STATEMENT IN SUPPORT OF THE SETTLEMENT MOTION

1.      Holders of approximately 97% of the EFIH Second Lien Notes have joined the EFIH Second Lien Settlement and have directed the EFIH Second Lien Trustee to file a statement in support of the EFIH Second Lien Settlement.[2]

2.      The Settlement Agreement is a global consensual settlement, resolving all issues involving the EFIH Second Lien Notes after almost three years of litigation. The Settlement Agreement provides for the allowance and payment in full in Cash (if and when the Plan is consummated) of 87.5% of the EFIH Second Lien Makewhole Claims, together with contractual

---

[1]      Capitalized terms not defined herein have the meaning set forth in the Debtors' Motion for an Order approving the EFIH Settlement Between the Debtors, Certain Holders of EFIH First Lien Note Claims, Certain  Holders of EFIH Second Lien Note Claims, and Certain Holders of EFIH Unsecured Note Claims (the "**Settlement Motion**") [Docket No. 10858] or the Plan.

[2]      The filing of this Statement is subject to the full reservation of the EFIH Second Lien Trustee's rights under the Indenture, the Plan, or any applicable law or agreement. Nothing in this Statement is intended or shall be deemed to be a waiver of any of the EFIH Second Lien Trustee's rights or powers under the Indenture, the Plan or otherwise.

interest thereon through the date of payment, as provided in the Settlement Agreement.[3]    In addition, the Settlement Agreement also provides for: (i) payment of unpaid principal and interest on the EFIH Second Lien Notes (including interest on interest and Additional Interest); (ii) payment of the EFIH Second Lien Trustee's accrued fees and expenses through the Effective Date and the establishment of a reserve to be held by the EFIH Second Lien Trustee for post-effective date fees, expenses and indemnification claims; (iii) releases, including a third-party release, in favor of the EFIH Second Lien Trustee; and (iv) dismissal of the EFIH Intercreditor Litigation after the EFIH First Lien Note Claims are paid in full.

3.    The Settlement Agreement avoids litigation involving the EFIH Second Lien Notes, including litigation over the Makewhole Claims, the EFIH Intercreditor Litigation, and litigation over the EFIH Claims Reserve.  If the EFIH Second Lien Settlement is not approved, the amount of the EFIH Claims Reserve will continue to be disputed, and litigation would continue on the validity of the Makewhole Claims for potentially more than three years.  In addition, if the EFIH First Lien Settlement is approved but the EFIH Second Lien Settlement is not, the EFIH First Lien Trustee will continue the EFIH Intercreditor Litigation against the EFIH Second Lien Trustee for the remaining balance (which would in turn require the EFIH Second Lien Trustee to maintain a holdback from distributions).  The EFIH Second Lien Trustee believes the Settlement Agreement is an effective mechanism for resolving objections, avoiding continued litigation, and providing a universally supported conclusion to this chapter 11 case.

4.    The EFIH Second Lien Trustee notes that Debtors seek to bind Non-Signing EFIH Second Lien Creditors to the Settlement Agreement.  As noted above, holders of approximately 97% of the EFIH Second Lien Notes signed the Settlement Agreement.  The

---

[3]    The summary of certain terms of the EFIH Settlement in this Statement is qualified in its entirety by the terms and conditions of the Settlement Agreement, which control.

EFIH Second Lien Trustee believes that all holders of the EFIH Second Lien Notes have been given ample notice of the Settlement, and have had the opportunity to object and to be heard. In addition to the publication and service of the Settlement Notice (as described in the Motion, Affidavit of Service [Docket No. 10952] and Supplemental Affidavit of Service [Docket No. 11020], the EFIH Second Lien Trustee issued an additional notice regarding the Plan and the Settlement Agreement on February 27, 2017 and delivered through The Depository Trust Company. To the EFIH Second Lien Trustee's knowledge, no holder has objected (formally or informally) to the Settlement.

## **CONCLUSION**

WHEREFORE, for the reasons stated above and in the Motion, the EFIH Second Lien Trustee respectfully requests that the Court approve the EFIH Second Lien Settlement.

Dated: March 21, 2017

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (Bar No. 2436)
Robert J. Feinstein (NY Bar No. RF-2836)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
rfeinstein@pszjlaw.com

*- and –*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Thomas Moers Mayer
Gregory A. Horowitz
Joshua K. Brody
Jennifer Sharret
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Email: tmayer@kramerlevin.com
ghorowitz@kramerlevin.com
jbrody@kramerlevin.com
jsharret@kramerlevin.com

*- and -*

BRYAN CAVE LLP
Stephanie Wickouski
1290 Avenue of the Americas
New York, New York 10104-3300
Telephone: (212) 541-1114
Facsimile: (212) 904-0514
Email: stephanie.wickouski@bryancave.com

*Counsel to the EFIH Second Lien Trustee*