**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | x | |
| In re | : | Chapter 11 |
| | : | |
| ENERGY FUTURE HOLDINGS CORP. *et al.*, | : | Case No. 14-10979 (CSS) |
| | : | |
| Debtors-in-Possession. | : | (Jointly Administered) |
| | : | |
| | : | Re: D.I. 9215, 8825, 9822, 9829, |
| | : | 9824, 9843, 9828, 9882, 9825, |
| | : | 9791, 9849, 9832, 9903, 9827, |
| | : | 9970, 10431, 10323, 9830, 10692, |
| | : | 10257, 10227, 10163, 10255, |
| | : | 10228, 10218, 10217, 10404, |
| | : | 10224, 10248, 10733, 9763, |
| | : | 10973, 10975, 10926, 10216 |
| | x | |

**FEE COMMITTEE'S REPORT CONCERNING UNCONTESTED
INTERIM AND FINAL FEE APPLICATIONS FOR
<u>HEARING ON MARCH 28, 2017 AT 10:00 A.M.</u>**

TO:   THE HONORABLE CHRISTOPHER S. SONTCHI,
      UNITED STATES BANKRUPTCY JUDGE:

The Fee Committee appointed in the above-captioned chapter 11 cases (the "Fee

Committee") respectfully submits this report (the "Report") on 19 interim and 11 combined

interim and final fee applications (each an "Application" and, collectively, the "Applications")

and requests that the Applications be approved on an uncontested basis at or before the hearing

scheduled for March 28, 2017. The Report generally covers the applications for fees and

expenses filed by Retained Professionals for the Seventh Interim Fee Period (May 1, 2016

through August 31, 2016).

For the 11 Retained professionals that performed services for T-Side entities only, their

work for the estates concluded on October 3, 2016—the effective date of the T-Side plan. For

those 11 professionals, accordingly, this Report addresses combined fee applications for the

periods from May 1, 2016 through October 3, 2016 (the "Extended T-Side Seventh Interim Fee

Period") and, for final approval, from April 29, 2014 through October 3, 2016 (the "T-Side Final

Fee Period").

## EXECUTIVE SUMMARY

Since the issuance of its last report, dated October 21, 2016, the Fee Committee has

reviewed and, herein, expresses its recommendation for approval of:

1. 19 Applications for the Seventh Interim Fee Period requesting $23,098,958.35 in fees

   and $723,900.85 in expense reimbursements through August 31, 2016.  *See*

   **Exhibit A**;

2. 10 Applications for the Extended T-Side Seventh Interim Fee Period requesting

   $9,368,954.27 in fees and $220,448.08 in expense reimbursements through

   October 3, 2016.  *See* **Exhibit B**; and

3. 11 Applications for the T-Side Final Fee Period (incorporating the seven prior interim

   fee periods) requesting $127,803,305.59 in fees and $3,013,852.49 in expense

   reimbursements.  *See* **Exhibit C**.

No party has objected to any of the pending interim or final fee applications.

To arrive at the recommendations in this Report, the Fee Committee, under the leadership

of Chairman Richard Gitlin, has continued to meet on at least a monthly basis.  At these

meetings, the Fee Committee again has continued its extensive discussions of the Applications,

authorized individual Letter Reports on each Application, and discussed and evaluated the

responses from the Retained Professionals to the Letter Reports.[1]

---

[1] Capitalized terms not otherwise defined shall have the meanings ascribed in prior Fee Committee Reports.

The Retained Professionals have continued to be, on the whole, responsive and cooperative in discussing and resolving areas of concern.  The Seventh Interim Fee Period included the conclusion of last year's Texas regulatory proceedings, "Plan B" negotiations, and T-Side plan confirmation.

With that plan confirmation on August 29, 2016 and the occurrence of the effective date on October 3, 2016, some professionals—working only for T-Side debtors or committees—completed their work.  The Fee Committee, in a memorandum dated October 4, 2016, asked this group of professionals to combine their seventh interim and final fee applications for efficiency.

The Fee Committee's review has continued to focus on compliance with the applicable requirements and guidelines established by the Bankruptcy Code, the Executive Office of the U.S. Trustee, and the Fee Committee.  Once again, the Fee Committee has continued to identify areas of concern, including: excessive numbers of attendees at hearings; time billed for invoicing activities and other administrative tasks that are properly part of a professional's overhead; and unreasonable amounts of time spent on retention and fee application activities.  Other specific issues—such as a lack of sufficient detail in time records, block billing, timekeepers who appear to record time in half- or whole-hour increments (rather than the required tenth-hour increments), and travel expenses—also have been and will continue to be addressed by the Fee Committee.  As noted, after six prior reporting cycles, professionals have significantly reduced or eliminated many problematic billing practices.

The Fee Committee continues to calculate and monitor the cumulative impact of Retained Professional rate increases.  It has specifically and repeatedly reserved its right, generally and in discussions and correspondence with individual Retained Professionals, to object to rate

increases in connection with interim and final fee applications as the aggregate effect of rate increases grows—on occasion, dramatically.

For the professionals whose work concluded on October 3, 2016, the Fee Committee included its final analysis of rate increases in the Letter Reports.  The Fee Committee does not recommend any deductions based on rate increases for the defined and limited group of T-Side Final Fee Period Applicants addressed in this Report.  With respect to E-Side professionals, while a recommendation will accompany its final report, the Fee Committee already has provided some Retained Professionals with detailed data and analysis of the rate increase issue expressing its concern about the issue and, once again, reserving its rights.

The total fees requested, approved, or recommended for approval on an interim basis are set forth below:[2]

| Fee Period (dates) | Order (Docket No.) | Total Fees Requested | Total Fees Approved or Recommended for Approval | Total Expenses Requested | Total Expenses Approved or Recommended for Approval |
|---|---|---|---|---|---|
| 1st Interim (April 29, 2014-August 31, 2014) | 3148 | $13,076,511.00 | $12,862,747.75 | $370,325.44 | $353,843.86 |
| | 3365 | $25,600,790.50 | $24,511,927.32 | $1,248,049.03 | $1,122,860.04 |
| | 3597 | $16,611,107.49 | $16,517,565.76 | $849,410.00 | $820,543.45 |
| 2nd Interim (September-December 2014) | 4843 | $70,113,841.01 | $67,181,079.06 | $3,564,482.14 | $3,304,399.44 |
| 3rd Interim (January-April 2015) | 6667 | $88,534,882.72 | $87,123,332.92 | $5,042,095.00 | $4,857,635.77 |
| 4th Interim (May-August 2015) | 7883 | $80,147,133.95 | $79,010,606.15 | $3,695,837.31 | $3,529,341.19 |
| 5th Interim (September-December 2015) | 8824 | $56,962,214.75 | $56,061,349.34 | $2,885,625.49 | $2,763,963.63 |
| | 9308 | $12,776,113.50 | $12,418,749.19 | $931,931.83 | $893,301.63 |
| | 9963 | $25,966,601.55 | $25,234,489.16 | $1,240,894.90 | $1,142,118.74 |
| E-Side 7th Interim (May –August 2016) | 10706 (K&E only) | $15,935,849.50 | $15,732,906.30 | $590,119.93 | $530,438.85 |
| | n/a | $23,098,958.35 | $22,801,429.62 | $723,900.61 | $711,815.30 |

---

[2] Complete schedules of interim fee applications scheduled for hearing on March 28, 2017, along with the Fee Committee's recommended adjustments, are attached as **Exhibits A** (E-Side) and **B** (T-Side).

| | | | | | |
|---|---|---|---|---|---|
| T-Side 7th Interim (May 1 – October 3, 2016) | n/a | $9,368,954.27 | $9,290,931.97 | $220,448.08 | $218,769.96 |

## APPLICATIONS FOR INTERIM AND FINAL COMPENSATION SCHEDULED FOR HEARING ON MARCH 28, 2017

The Applications scheduled to be heard on March 28, 2017—without objection—generally correspond to work performed during the Seventh Interim Fee Period and the Extended T-Side Seventh Interim Fee Period.

## ISSUES IDENTIFIED

The Fee Committee's review continues to focus on each applicant's compliance with the Local Rules, the U.S. Trustee Guidelines, the Bankruptcy Code and rules, and other applicable authorities (collectively, the "Fee Committee Standards").  With respect to expenses, the Fee Committee has continued to identify charges in excess of case-specific caps, inadequately or wholly undocumented expenses, or expenses that the Fee Committee has expressly identified as non-compensable but for which Retained Professionals continue to seek reimbursement.

At least five professionals addressed in this Report have been or are being compensated on a flat fee basis, approved by the Court at the outset of the proceedings under 11 U.S.C. § 328(a).  Nevertheless, the fees remain subject to review under the "improvident" standard of section 328(a).  Accordingly, the Fee Committee has continued to evaluate the monthly payments to flat fee professionals—in some cases questioning their necessity in light of periods of relative inactivity.  The Fee Committee has concluded that the multiple plan processes, the attendant regulatory delays, and the ultimate unraveling of the first confirmed plan of reorganization could not have been anticipated when the professionals were retained in 2014.  Therefore, the Fee Committee is recommending (and will recommend) the disallowance of

certain flat fee monthly payments under section 328(a).  The Fee Committee is in active

discussions with flat fee professionals that have not yet filed final fee applications on this issue.

To date, two flat fee professionals—Lazard Frères and Co., LLC and Greenhill & Co.,

LLC—have agreed to waive a portion of their monthly fee payments in connection with their

final fee applications.  Those voluntary deductions are reflected in the adjusted figures in the

attached **Exhibits B** (interim fees) and **C** (final fees).  With those adjustments, the Fee

Committee recommends the final allowance of both of these flat fee professionals' monthly flat

fees and related transaction fees.

### THE APPLICATIONS

Currently, 33 uncontested interim fee applications are scheduled to be heard by the Court

on March 28, 2017.[3]  The issues identified in each Application are summarized below.

---

[3] This number includes the 29 Applications recommended for Court approval in this Report along with the applications of the Fee Committee Chair and Fee Committee counsel, all of which will be heard on March 28, 2017. *See Sixth Interim Application of Richard Gitlin, Individually, and as Chairman of Gitlin & Company LLC, as the Independent Member of the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From May 1, 2016 Through August 31, 2016* [D.I. 10973]; *Sixth Interim Application of Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From May 1, 2016 Through August 31, 2016* [D.I. 10975]; *First Interim Fee Application of Benesch, Friedlander, Coplan & Aronoff, LLP, for Interim Compensation for Services Rendered and Reimbursement of Expenses as Delaware Counsel to the Energy Future Holdings Corp. Fee Committee for the Period April 7, 2016 Through* 31, 2016 [D.I. 10926]; *Fifth Interim Application of Phillips, Goldman, McLaughlin & Hall, P.A. f/k/a Phillips, Goldman & Spence, P.A. as [Prior] Counsel to the Fee Committee Seeking Compensation and Reimbursement of Expenses for the Period of January 1, 2016 Through April 27, 2016 and the Final Fee Application for the Period September 1, 2014 Through April 17, 2016* [D.I. 10216].

**SIXTH INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE
SIXTH INTERIM FEE PERIOD: JANUARY 1, 2016 THROUGH APRIL 30, 2016**

1.  *Sixth Interim Fee Application for Compensation for Services Rendered
    and Reimbursement of Expenses of Deloitte & Touche LLP as Independent
    Auditor to the Debtors and Debtors-in-Possession for the Period of
    January 1, 2016 Through April 30, 2016* [D.I. 9215].

On August 8, 2016, Deloitte & Touche LLP ("Deloitte") filed its Sixth Interim Fee

Application seeking $4,268,480.50 in fees.  In its Letter Report to Deloitte, the Fee Committee

identified time spent formatting, reviewing, and revising daily time detail, potentially inefficient

staffing, and an anomaly whereby Deloitte timekeepers recorded time with unusual frequency in

increments of 2.9 hours.  In response to those concerns, Deloitte has agreed to the adjustments

outlined on **Exhibit A**, and the Fee Committee recommends that the Court approve this

application as adjusted.

2.  *Sixth Interim Application of Polsinelli PC as Delaware Counsel and
    Conflicts Counsel for the Official Committee of TCEH Unsecured
    Creditors for Compensation and Reimbursement of Expenses Incurred for
    the Period January 1, 2016 Through April 30, 2016* [D.I. 8825].

On June 27, 2016, Polsinelli PC ("Polsinelli") filed its Sixth Interim Fee Application

requesting $325,025.50 in fees and $8,931.67 in expense reimbursements.  In its Letter Report to

Polsinelli, the Fee Committee explained its general concern that, during a time period when the

T-Side committee's activities in the case were winding down, Polsinelli billed between six and

30 times more than other Delaware conflicts counsel retained in these cases.  The Fee Committee

again noted excessive time spent reviewing and monitoring the retention and fee applications of

professionals for which Polsinelli did not serve as local counsel and the inexplicable in-person

attendance of two Polsinelli timekeepers at the Public Utilities Commission of Texas hearings.

Polsinelli subsequently either provided adequate explanation for these issues or agreed to the

adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

3.    *Sixth Interim Fee Application of Richards, Layton & Finger, P.A.,
      Co-Attorneys for the Debtors and Debtors in Possession, for the Period
      From January 1, 2016 Through and Including April 30, 2016* [D.I. 9822].

On October 14, 2016, Richards Layton ("RLF") filed its Sixth Interim Fee Application seeking $511,596.50 in fees and $31,983.56 in expense reimbursements.  In its Letter Report to RLF, the Fee Committee identified minor issues of concern, including charges for "standby time" and multiple attendees at hearings.  RLF subsequently provided supplemental information and agreed to certain adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

**THIRD INTERIM FEE APPLICATION FOR WORK PERFORMED DURING THE
SEVENTH INTERIM FEE PERIOD: MAY 1, 2016 THROUGH AUGUST 31, 2016**

4.    *Third Interim Fee Application of Bielli & Klauder, LLC, Co-Counsel for
      Debtor and Debtor in Possession Energy Future Holdings Corp., for the
      Period From May 1, 2016 Through and Including August 31, 2016*
      [D.I. 9829].

On October 17, 2016, Bielli & Klauder, LLC ("BK") filed its Third Interim Fee Application seeking $38,965.00 in fees and $74.20 in expense reimbursements.  In its Letter Report to BK, the Fee Committee identified very modest expense adjustments to which BK agreed as outlined on **Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

**FOURTH INTERIM FEE APPLICATION FOR WORK PERFORMED DURING THE
SEVENTH INTERIM FEE PERIOD: MAY 1, 2016 THROUGH AUGUST 31, 2016**

5. *Fourth Interim Fee Application of Jenner & Block LLP Independent
   Counsel for Energy Future Intermediate Holding Company LLC, for the
   Period May 1, 2016 Through August 31, 2016* [D.I. 9824].

On October 17, 2016, Jenner & Block LLP ("Jenner") filed its Fourth Interim Fee

Application seeking $178,922.25 in fees and $4,265.24 in expense reimbursements.  In its Letter

Report to Jenner, the Fee Committee recommended very minor fee and expense deductions,

reflected in **Exhibit A**, to which Jenner agreed.  The Fee Committee recommends that the Court

approve this Application as adjusted.

**FIFTH INTERIM FEE APPLICATION FOR WORK PERFORMED DURING THE
SEVENTH INTERIM FEE PERIOD: MAY 1, 2016 THROUGH AUGUST 31, 2016**

6. *Fifth Interim Application of SOLIC Capital Advisors, LLC, Financial
   Advisor for Debtor Energy Future Holdings Corp., for Compensation for
   Services Rendered and Reimbursement of Expenses Incurred From May 1,
   2016 Through August 31, 2016* [D.I. 9843].

On October 17, 2016, SOLIC Capital Advisors, LLC ("SOLIC") filed its Fifth Interim

Fee Application seeking $800,000.00 in flat fees and $11,194.42 in expense reimbursements.  In

its Letter Report to SOLIC, the Fee Committee identified certain expense reimbursement

requests that were inadequately documented or that are not compensable.  SOLIC subsequently

either provided adequate explanation for these issues or agreed to the adjustments set forth on

**Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

**SIXTH INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE SEVENTH INTERIM FEE PERIOD: MAY 1, 2016 THROUGH AUGUST 31, 2016**

7. *Sixth Interim Fee Application of AlixPartners, LLP Seeking Compensation for Services Rendered and Reimbursement of Expenses Incurred as Restructuring Advisor to the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance Inc., and EECI, Inc. for the Period From May 1, 2016 Through August 31, 2016* [D.I. 9828].

On October 17, 2016, AlixPartners, LLP ("AlixPartners") filed its Sixth Interim Fee Application seeking $11,285.00 in fees and no expense reimbursements. The Fee Committee did not issue a letter report because it identified only *de minimis* billing issues. The Fee Committee recommends that the Court approve this Application as filed.

8. *Sixth Interim Fee Application of Cravath, Swaine & Moore LLP Independent Counsel for Energy Future Intermediate Holding Company LLC, for the Period May 1, 2016 Through August 31, 2016* [D.I. 9882].

On October 20, 2016, Cravath, Swaine & Moore LLP ("Cravath") filed its Sixth Interim Fee Application seeking $810,144.50 in fees and $5,611.52 in expense reimbursements. In its Letter Report to Cravath, the Fee Committee identified a single transitory timekeeper. Cravath subsequently either provided adequate explanation for that or agreed to an adjustment set forth on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted.

9. *Sixth Interim Fee Statement of Goldin Associates, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred From May 1, 2016 Through August 31, 2016* [D.I. 9825].

On October 17, 2016, Goldin Associates, LLC ("Goldin") filed its Sixth Interim Fee Application requesting $600,000.00 in flat fee compensation and $5,658.59 in expense reimbursements. The Fee Committee noted that the flat fees charged during the fee period appeared excessive in light of the professional's workload and reminded the professional that the

Fee Committee closely monitors the work of all flat fee professionals to ensure the continued

reasonableness of flat fee arrangements.  The Fee Committee also identified minor expense

issues, and Goldin agreed to deductions for them.  The Fee Committee recommends that the

Court approve this Application as adjusted, subject—as always—to the Fee Committee's right to

revisit the flat fee issue in connection with Goldin's final fee application.

10.  *Sixth Interim Fee Application of Guggenheim Securities, LLC, Investment Banker to the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. for Allowance of Compensation and Reimbursement of Expenses Incurred for the Period May 1, 2016 Through August 31, 2016* [D.I. 9791].

On October 10, 2016, Guggenheim Securities, LLC ("Guggenheim") filed its Sixth

Interim Fee Application seeking $1 million in flat fees and $16,583.50 in expense

reimbursements.  The Fee Committee noted again that it closely monitors the work of all flat fee

professionals to ensure the continued reasonableness of flat fee arrangements.  In its Letter

Report to Guggenheim, the Fee Committee identified several instances of double-billing, and it

noted disproportionately high billing to retention and fee application matters.  Guggenheim

subsequently provided support for the expense request.  The Fee Committee recommends that

the Court approve this Application as filed, subject to the Fee Committee's right—as always—to

revisit the flat fee issue in connection with Guggenheim's final fee application.

11.  *Sixth Interim Application of Montgomery, McCracken, Walker & Rhoads, LLP as Delaware Bankruptcy Counsel and Conflicts Counsel to the EFH Official Committee for Compensation and Reimbursement of Expenses for the Period of May 1, 2016 Through August 31, 2016* [D.I. 9849].

On October 18, 2016, Montgomery, McCracken, Walker & Rhoads, LLC

("Montgomery") filed its Sixth Interim Fee Application seeking $264,815.50 in fees and

$2,153.26 in expenses.  In its Letter Report to Montgomery, the Fee Committee identified

several issues of concern, including a billing error, some vague task descriptions, and possible

over-attendance at hearings.  Montgomery subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

12. *Sixth Interim Application of Proskauer Rose LLP, Counsel for Debtor Energy Future Holdings Corp., for Compensation for Services Rendered and Reimbursement of Expenses Incurred From May 1, 2016 Through August 31, 2016* [D.I. 9832].

On October 17, 2016, Proskauer Rose LLP ("Proskauer") filed its Sixth Interim Fee Application seeking $2,905,676.75 in fees and $49,033.95 in expense reimbursements.  In its Letter Report to Proskauer, the Fee Committee identified several issues of particular and continuing concern, including non-compensable billing activity, notably high blended hourly rates, questionable staffing, non-compensable interoffice travel, and some undocumented expenses.  Proskauer subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

13. *Sixth Interim Fee Application of Stevens & Lee, P.C., Special Counsel for Energy Future Intermediate Holding Company LLC, for the Period of May 1, 2016 Through August 31, 2016* [D.I. 9903].

On October 20, 2016, Stevens & Lee, P.C. ("Stevens & Lee") filed its Sixth Interim Fee Application seeking $37,005.00 in fees and $255.90 in expense reimbursements.  In its Letter Report to Stevens & Lee, the Fee Committee identified only *de minimis* issues.  The Fee Committee recommends that the Court approve this Application as filed.

14.    *Sixth Interim Application of Sullivan & Cromwell LLP as Counsel to the EFH Committee for Interim Approval and Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period From May 1, 2016 Through and Including August 31, 2016* [D.I. 9827].

On October 17, 2016, Sullivan & Cromwell LLP ("Sullivan") filed its Sixth Interim Fee Application seeking $772,964.00 in fees and $10,932.13 in expense reimbursements.  In its Letter Report to Sullivan, the Fee Committee identified several issues of continuing concern, including notably high blended hourly rates, excessive staffing at meetings, hearings, and depositions, transitory timekeepers, and vaguely-described tasks.  Sullivan subsequently either provided adequate explanation or agreed to certain adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

### SEVENTH INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE SEVENTH INTERIM FEE PERIOD: MAY 1, 2016 THROUGH AUGUST 31, 2016

15.    *Seventh Interim Fee Application of Alvarez & Marsal North America, LLC, in Their Capacity as Restructuring Advisors for the Debtors and Debtors in Possession, for the Period From May 1, 2016 Through and Including August 31, 2016* [D.I. 9970].

On October 27, 2016, Alvarez & Marsal North America, LLC ("Alvarez & Marsal") filed its Seventh Interim Fee Application seeking $1,395,353.50 in fees and $28,784.75 in expense reimbursements.  In its Letter Report to Alvarez & Marsal, the Fee Committee identified several issues of concern, including rate increases and an expense item.  Alvarez & Marsal subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

16. *Seventh Interim Fee Application for Compensation for Services Rendered and Reimbursement of Expenses of Deloitte & Touche LLP as Independent Auditor to the Debtors and Debtors-in-Possession for the Period of May 1, 2016 Through August 31, 2016* [D.I. 10431].

On December 22, 2016, Deloitte & Touche LLP ("Deloitte") filed its Seventh Interim Fee Application seeking $2,630,014.75 in fees. In its Letter Report to Deloitte, the Fee Committee identified time spent formatting, reviewing, and revising daily time detail, billing errors, potentially inefficient staffing, and some potentially duplicative work. In response to those concerns, Deloitte has agreed to the adjustments outlined on **Exhibit A**, and the Fee Committee recommends that the Court approve the application as adjusted.

17. *Seventh Interim Fee Application of Evercore Group L.L.C., Debtors' Investment Banker and Financial Advisor for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred From May 1, 2016 Through August 31, 2016* [D.I. 10323].

On December 6, 2016, Evercore Group L.L.C. ("Evercore") filed its Seventh Interim Fee Application seeking $2,100,000.00 in flat fees and $117,166.92 in expense reimbursements. The Fee Committee again noted that it closely monitors the work of all flat fee professionals to ensure the continued reasonableness of flat fee arrangements. In its Letter Report to Evercore, the Fee Committee additionally identified a number of billing errors and a minor expense issue. Evercore subsequently provided support for the questioned expense or accepted the recommended deductions outlined on **Exhibit A**. The Fee Committee recommends that the Court approve this Application as adjusted subject to the Fee Committee's right—as always—to revisit the flat fee issue in connection with Evercore's final fee application.

18. *Seventh Interim Fee Application of Filsinger Energy Partners, Energy Consultants for the Debtors and Debtors in Possession, for the Period From May 1, 2016 Through and Including August 31, 2016* [D.I. 9830].

On October 17, 2016, Filsinger Energy Partners ("Filsinger") filed its Seventh Interim Fee Application seeking $4,351,369.50 in fees and $152,291.11 in expense reimbursements. In

its Letter Report to Filsinger, the Fee Committee identified only *de minimis* expense issues.  The

Fee Committee recommends that the Court approve this Application as filed.

19. *Seventh Interim Fee Application of Epiq Bankruptcy Solutions, LLC and Epiq eDiscovery Solutions for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from May 1, 2016 Through August 31, 2016* [D.I. 10692].

On January 20, 2017, EPIQ Bankruptcy Solutions, LLC and EPIQ eDiscovery Solutions

("Epiq") filed the Seventh Interim Fee Application seeking $97,340.10 in fees and $279,024.89

in expense reimbursements.  In its Letter Report to Epiq, the Fee Committee recommended

several minor deductions for non-compensable billing activities and undocumented travel

expenses.  Epiq either supplied the missing documentation or agreed to the Fee Committee's

deductions, as outlined on **Exhibit A**.  The Fee Committee recommends that the Court approve

this Application as adjusted.

20. *Seventh Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period From May 1, 2016 Through and Including August 31, 2016* [D.I. 9844].

On October 17, 2016, Kirkland & Ellis LLP ("Kirkland") filed its Seventh Interim Fee

Application seeking $15,935,849.50 in fees and $590,119.93 in expense reimbursements.  The

Fee Committee Chair and counsel have continued their communications with Kirkland about rate

increases with the Fee Committee expressly reserving its right to raise the issue in connection

with Kirkland's final fee application.

In its Letter Report to Kirkland, the Fee Committee identified other issues of concern,

including time spent on routine billing and invoicing activities, over-attendance at hearings and

depositions, transitory timekeepers, and certain expense charges that are not compensable.

Kirkland accepted all of the Fee Committee's proposed deductions and on January 23, 2017—

with the Fee Committee's consent—filed a *Certification of Counsel Regarding Order Awarding*

*Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses*

[D.I. 10702]. The Court entered the *Order Awarding Interim Allowance of Compensation for Services Rendered and for Reimbursement of Expenses* [D.I. 10706] on January 24, 2017. Though Kirkland's seventh interim fee period compensation already has been awarded, the application is included here in the interest of completeness.

### FIFTH INTERIM FEE APPLICATION FOR WORK PERFORMED DURING THE EXTENDED T-SIDE SEVENTH INTERIM FEE PERIOD: MAY 1, 2016 THROUGH OCTOBER 3, 2016

21.     *Fifth Interim and Final Fee Application of McElroy, Deutsch, Mulvaney & Carpenter, LLP for Allowance of Compensation and for Reimbursement of Expenses Incurred During the Period May 1, 2016 Through October 3, 2016* [D.I. 10257].

On November 23, 2016, McElroy, Deutsch, Mulvaney & Carpenter, LLP ("McElroy") filed its Fifth Interim and Final Fee Application seeking $51,055.00 in fees and $46.00 in expense reimbursements for work performed during the Extended T-Side Seventh Interim Fee Period.[4] In its Letter Report to McElroy, the Fee Committee recommended no deductions. The Fee Committee recommends that the Court approve the interim component of this Application as filed.

### SIXTH INTERIM FEE APPLICATION FOR WORK PERFORMED DURING THE EXTENDED T-SIDE SEVENTH INTERIM FEE PERIOD: MAY 1, 2016 THROUGH OCTOBER 3, 2016

22.     *Sixth Interim and Final Fee Application of Balch & Bingham LLP, Special Counsel to the Debtor and Debtors in Possession, for the Period From May 1, 2016 Through and Including October 3, 2016* [D.I. 10227].

On November 18, 2016, Balch & Bingham LLP ("Balch & Bingham") filed its Sixth Interim and Final Fee Application seeking $1,201,816.00[5] in fees and $33,325.27 in expense

---

[4] Reporting on the final fee application portion of McElroy's application appears at ¶ 31, *infra*.

[5] The filed Application requests $1,188,778.00 in fees; however, the data submitted supported a request for $1,201,816.00. The Fee Committee's Letter Report and this Report refer to the fees supported by electronic billing data.

reimbursements for work performed during the Extended T-Side Seventh Interim Fee Period.[6]  In

its Letter Report to Balch & Bingham, the Fee Committee identified several issues of concern,

including calculation errors and billing discrepancies.  Balch & Bingham agreed to the

adjustments set forth on **Exhibit B**, and the Fee Committee recommends that the Court approve

the interim component of this Application as adjusted.

> 23.    *Final Fee Application of Greenhill & Co., LLC, as Financial Advisor to Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC for Allowance of Compensation and Reimbursement of Expenses for the Period November 17, 2014 Through October 3, 2016* [D.I. 10163].[7]

On November 15, 2016, Greenhill & Co., LLC ("Greenhill") filed its Final Fee

Application, seeking $1,274,193.55 in monthly advisory fees and $16,151.10 in expense

reimbursements for work performed during the Extended T-Side Seventh Interim Fee Period.  In

its Letter Report, the Fee Committee identified several issues of concern, including the flat fee

issue, discussed at ¶ 33, *infra*, and a number of improper expenses.  Greenhill subsequently

either provided adequate explanation or agreed to certain adjustments set forth on **Exhibit B**.

The Fee Committee recommends that the Court approve the interim component of this

Application as adjusted, subject to the adjustment to Greenhill's final compensation discussed

below.

---

[6] Reporting on the final fee application portion of Balch's application appears at ¶ 32, *infra*.

[7] Greenhill did not segregate charges incurred during the Extended T-Side Seventh Interim Fee Period from its Application.  This paragraph reports only on the interim portion of the Application.  Reporting on the final fees requested in the Application appears at ¶ 33, *infra*.

24. *Sixth Interim and Final Fee Application of Munger, Tolles & Olson LLP,*
*Counsel to Debtors and Debtors in Possession Energy Future Competitive*
*Holdings Company LLC and Texas Competitive Electric Holdings*
*Company LLC, for the Period From May 1, 2016 Through and Including*
*October 3, 2016* [D.I. 10255].

On November 23, 2016, Munger, Tolles & Olson LLP ("Munger Tolles") filed its Sixth

Interim and Final Fee Application seeking $1,159,043.00 in fees and $35,500.89 in expense

reimbursements for work performed during the Extended T-Side Seventh Interim Fee Period.[8]  In

its Letter Report to Munger Tolles, the Fee Committee identified several issues of concern,

including non-compensable billing activities and block billing.  Munger Tolles subsequently

either provided adequate explanation for these issues or agreed to certain adjustments set forth on

**Exhibit B**.  The Fee Committee recommends that the Court approve the interim component of

this Application as adjusted.

25. *Sixth and Final Fee Application of Sidley Austin LLP as Special Counsel*
*to the Debtors and Debtors in Possession for Compensation for Services*
*Rendered and Reimbursement of Expenses for the Interim Fee Period of*
*January 1, 2016 Through October 3, 2016 and the Final Fee Period of*
*April 29, 2014 to October 3, 2016* [D.I. 10228].

On November 18, 2016, Sidley Austin LLP ("Sidley") filed its Sixth and Final Fee

Application seeking $242,140.12 in fees and $5,249.00 in expense reimbursements for work

performed during the Extended T-Side Seventh Interim Fee Period.[9]  In its Letter Report to

Sidley, the Fee Committee identified several issues of concern, including extensive time spent on

retention and fee application activities, double-billing, vaguely-described tasks, and

non-compensable expenses.  Sidley subsequently either provided adequate explanation for these

---

[8] Reporting on the final fee application portion of Munger Tolles's application appears at ¶ 34, *infra*.

[9] Reporting on the final fee application portion of Sidley's application appears at ¶ 35, *infra*.

issues or agreed to certain adjustments set forth on **Exhibit B**.  The Fee Committee recommends that the Court approve the interim component of this Application as adjusted.

> 26.    *Seventh Interim and Final Fee Application of FTI Consulting, Inc., Financial Advisor to the Official Committee of Unsecured Creditors, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period May 19, 2014 Through October 3, 2016* [D.I. 10218].

On November 18, 2016, FTI Consulting, Inc. ("FTI") filed its Seventh Interim and Final Fee Application seeking $47,012.50 in fees and $0 in expense reimbursements for work performed during the Extended T-Side Seventh Interim Fee Period.[10]  In its Letter Report to FTI, the Committee identified no issues of concern.  The Fee Committee recommends that the Court approve the interim component of this Application as filed.

> 27.    *Seventh Interim and Final Fee Application of Gibson, Dunn & Crutcher LLP, Special Counsel to the Debtors and Debtors in Possession, for the Interim Period From May 1, 2016 Through October 3, 2016, and the Final Fee Period From April 29, 2014 through October 2, 2016* [D.I. 10217].

On November 18, 2016, Gibson, Dunn & Crutcher LLP ("Gibson Dunn") filed its Seventh Interim and Final Fee Application seeking $1,272,910.70 in fees and $67,137.91 in expense reimbursements for work performed during the Extended T-Side Seventh Interim Fee Period.[11]  In its Letter Report to Gibson Dunn, the Fee Committee identified several issues of concern, including some billing errors and vaguely-described tasks.  Gibson Dunn subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit B**.  The Fee Committee recommends that the Court approve the interim component of this Application as adjusted.

---

[10] Reporting on the final fee application portion of FTI's application appears at ¶ 36, *infra.*

[11] Reporting on the final fee application portion of Gibson Dunn's application appears at ¶ 37, *infra.*

28.     *Seventh Interim and Final Fee Application of KPMG LLP for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Accounting and Tax Advisors to the Debtors and Debtors in Possession for the Interim Period From May 1, 2016 Through October 3, 2016 and the Final Fee Period From April 29, 2014 Through October 3, 2016* [D.I. 10404].

On December 15, 2016, KPMG LLP ("KPMG") filed its Seventh Interim and Final Fee Application seeking $2,870,146.40 in fees and $42,208.42 in expense reimbursement for work performed during the Extended T-Side Seventh Interim Fee Period.[12]  In its Letter Report to KPMG, the Fee Committee identified several issues of concern, including billing errors and administrative tasks.  KPMG subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit B**.  The Fee Committee recommends that the Court approve the interim component of this Application as adjusted.

29.     *Seventh Interim and Final Application of Morrison & Foerster LLP as Counsel for the Official Committee of TCEH Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Period May 12, 2014 Through October 3, 2016* [D.I. 10224].

On November 18, 2016, Morrison & Foerster LLP ("Morrison & Foerster") filed its Seventh Interim and Final Fee Application seeking $1,073,157.00 in fees and $12,956.79 in expense reimbursements for work performed during the Extended T-Side Seventh Interim Fee Period.[13]  In its Letter Report to Morrison & Foerster, the Fee Committee identified several issues of concern, including a billing error and apparently excessive attendance at hearings. Morrison & Foerster provided adequate explanation for all of the issues identified and agreed to certain adjustments set forth on **Exhibit B**.  The Fee Committee recommends that the Court approve the interim component of this Application as adjusted.

---

[12] Reporting on the final fee application portion of KPMG's application appears at ¶ 38, *infra*.

[13] Reporting on the final fee application portion of Morrison & Foerster's application appears at ¶ 39, *infra*.

30.    *Seventh Interim and Final Application of Polsinelli PC as Delaware Counsel and Conflicts Counsel for the Official Committee of TCEH Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Interim Period of May 1, 2016 Through October 3, 2016, and the Final Period of May 13, 2014 Through October 3, 2016* [D.I. 10248]*; and*

*Supplement to Seventh Interim and Final Application of Polsinelli PC as Delaware Counsel and Conflicts Counsel for the Official Committee of TCEH Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Interim Period of May 1, 2016 Through October 3, 2016, and the Final Period of May 13, 2014 Through October 3, 2016* [D.I. 10733].

On November 23, 2016, Polsinelli PC ("Polsinelli") filed its Seventh Interim and Final Fee Application requesting $295,003.00 in fees and $10,140.80 in expense reimbursements for work performed during the Extended T-Side Seventh Interim Fee Period.[14]  On January 30, 2017, Polsinelli filed the Supplement to its Seventh Interim and Final Fee Application at the Fee Committee's request, adjusting the amount requested to $177,480.00 in fees and $7,872.70 in expense reimbursements for work performed during the Extended T-Side Seventh Interim Fee Period.  In its Letter Report to Polsinelli, the Fee Committee again noted excessive time spent reviewing and monitoring the retention and fee applications of professionals for which Polsinelli did not serve as local counsel and excessive hearing and meeting attendance, including two timekeepers attending the Texas regulatory proceedings.  Polsinelli subsequently either provided adequate explanation for these issues or agreed to the adjustments set forth on **Exhibit B**.  The Fee Committee recommends that the Court approve the interim component of this Application as adjusted.

---

[14] Reporting on the final fee application portion of Polsinelli's application appears at ¶ 40, *infra*.

**FINAL FEE APPLICATIONS FOR WORK PERFORMED
DURING THE T-SIDE FINAL FEE PERIOD: APRIL 29, 2014 THROUGH OCTOBER 3, 2016**

31.    *Fifth Interim and Final Fee Application of McElroy, Deutsch, Mulvaney &
Carpenter, LLP for Allowance of Compensation and for Reimbursement of
Expenses Incurred During the Period May 1, 2016 Through October 3,
2016* [D.I. 10257].

On November 23, 2016, McElroy, Deutsch, Mulvaney & Carpenter, LLP ("McElroy")

filed its Fifth Interim and Final Fee Application seeking $306,107.00 in fees and $4,305.66 in

expense reimbursements for work performed during the T-Side Final Fee Period.  McElroy

subsequently submitted a request for $7,210.00 in additional fees to prepare and file its final fee

application.  In its Letter Report to McElroy, the Fee Committee summarized its findings and

agreed deductions in connection with the firm's previously-reviewed interim fee applications,

incorporated the previously agreed deductions, and recommended no further deductions from the

firm's final fee award.  A summary of the interim fee requests and the Fee Committee's

recommendation with respect to the final fee award appears on **Exhibit C** to this Report.  The

Fee Committee recommends that the Court approve the final fee application component of this

Application as detailed on **Exhibit C**.[15]

32.    *Sixth Interim and Final Fee Application of Balch & Bingham LLP, Special
Counsel to the Debtor and Debtors in Possession, for the Period From
May 1, 2016 Through and Including October 3, 2016* [D.I. 10227].

On November 18, 2016, Balch & Bingham LLP ("Balch & Bingham") filed its Sixth

Interim and Final Fee Application seeking $5,823,380.80 in fees and $140,884.29 in expense

reimbursements for work performed during the T-Side Final Fee Period.  After the review of the

---

[15] The Retained Professionals used differing methodology to apply for final fee approval.  Some incorporated
previously agreed interim deductions.  Others did not.  A third group did not specify or distinguish the treatment of
previously agreed interim deductions.  **Exhibit C** is currently in circulation to the Retained Professionals to provide
any final comment on the Fee Committee's initial calculations.  The Fee Committee intends to submit a redlined
version of this final fee exhibit along with a proposed final order prior to the March 28, 2017 hearing.

Sixth Interim and Final Fee Application was complete, Balch submitted documentation for an

additional $19,269.00 in fees for the preparation of the final fee application that had not been

included in the firm's initial submission.  In its Letter Report to Balch & Bingham, the Fee

Committee summarized its findings and agreed deductions in connection with the firm's

previously-reviewed interim fee applications, incorporated the previously agreed deductions, and

recommended no further deductions from the firm's final fee award.  A summary of the interim

fee requests, the previously-agreed interim fee reductions, and the Fee Committee's

recommendation with respect to the final fee award appears on **Exhibit C** to this report.  The Fee

Committee recommends that the Court approve the final fee application component of this

Application as detailed on **Exhibit C**.

> 33.  *Final Fee Application of Greenhill & Co., LLC, as Financial Advisor to Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC for Allowance of Compensation and Reimbursement of Expenses for the Period November  17, 2014 Through October 3, 2016* [D.I. 10163]*.*

On November 15, 2016, Greenhill & Co., LLC ("Greenhill") filed its Final Fee

Application, seeking $13,445,430.11 in fees and $233,692.22 in expense reimbursements for

work performed during the T-Side Final Fee Period.  This request included:

> a.  $5,640,860.22 ($250,000.00 per month) in flat fees for the 22 months starting with pro-rated flat fees for November 2014 and ending with pro-rated flat fees for October 2016; *plus*
>
> b.  A $9.5 million transaction fee as set forth in Greenhill's initial retention application [D.I. 3062] and order [D.I. 3283] (the "Greenhill Retention Documents"); *minus*
>
> c.  $1,695,430.11 in flat fee credits, calculated pursuant to the Greenhill Retention Documents.[16]

---

[16] The Greenhill Retention Documents provided that Greenhill would credit 50 percent of all flat fees received, excluding the first nine months ($2.25 million), against the transaction fee.

In its Letter Report to Greenhill, the Fee Committee corrected an error in Greenhill's calculation of its transaction fee credit, summarized its findings and agreed expense deductions in connection with the firm's previously-reviewed interim fee applications, incorporated the previously agreed expense deductions, and addressed its continuing concern with respect to flat fee professionals.  At the Fee Committee's request, Greenhill ultimately agreed to waive six months of flat fee payments (about $1.5 million) in recognition of the periods of Greenhill's relative inactivity.  The Letter Report also noted that, based upon its inquiry with counsel for the TCEH independent director, the Fee Committee had no reason to believe that Greenhill had not fulfilled its obligations under the Greenhill Retention Documents and, hence, had no reason to object to the payment of the transaction fee.

The Fee Committee's recommendation with respect to Greenhill's final fee request, as summarized on **Exhibit C** to this Report, includes:

    a.    $4,116,666.67 in flat fees (excluding January and May through October, 2016); plus

    b.    The $9.5 million transaction fee; *minus*

    c.    $933,333.34 in flat fee credits;

resulting in a total final fee award of $12,683,333.34.  The Fee Committee recommends that the Court approve the final fee application component of this Application as outlined above and summarized on **Exhibit C**.

    34.    *Sixth Interim and Final Fee Application of Munger, Tolles & Olson LLP, Counsel to Debtors and Debtors in Possession Energy Future Competitive Holdings Company LLC and Texas Competitive Electric Holdings Company LLC, for the Period From May 1, 2016 Through and Including October 3, 2016 and the Final Period From November 16, 2014 Through October 3, 2016* [D.I. 10255].

On November 23, 2016, Munger, Tolles & Olson LLP ("Munger Tolles") filed its Sixth Interim and Final Fee Application seeking $15,171,705.90 in fees and $312,326.71 in expense

reimbursements for work performed during the T-Side Final Fee Period.  Munger subsequently

submitted an additional request for $48,245.00 in additional fees to prepare and file its final fee

application.[17]  In its Letter Report to Munger Tolles, the Fee Committee summarized its findings

and agreed deductions in connection with the firm's previously-reviewed interim fee

applications, incorporated the previously agreed deductions, and recommended no further

deductions from the firm's final fee award.  The Fee Committee recommends that the Court

approve the final fee application component of this Application as detailed on **Exhibit C**.

> 35.     *Sixth and Final Fee Application of Sidley Austin LLP as Special Counsel
> to the Debtors and Debtors in Possession for Compensation for Services
> Rendered and Reimbursement of Expenses for the Interim Fee Period of
> January 1, 2016 Through October 3, 2016 and the Final Fee Period of
> April 29, 2014 to October 3, 2016* [D.I. 10228].

On November 18, 2016, Sidley filed its Sixth and Final Fee Application seeking

$4,003,746.17 in fees and $50,268.33 in expense reimbursements for work performed during the

T-Side Final Fee Period.  In its Letter Report to Sidley, the Fee Committee summarized its

findings and agreed deductions in connection with the firm's previously-reviewed interim fee

applications, incorporated the previously agreed deductions, and recommended no further

deductions from the firm's final fee award.  The Fee Committee recommends that the Court

approve the final fee application component of this Application as detailed on **Exhibit C**.

---

[17] Munger's Sixth and Final Fee Application included $50,000.00 in estimated fees for the preparation of a final fee application.  The Fee Committee's reporting is based on the subsequently-documented fees worked on the final fee application rather than the initial estimated value.

36.     *Seventh Interim and Final Fee Application of FTI Consulting, Inc.,
        Financial Advisor to the Official Committee of Unsecured Creditors, for
        Allowance of Compensation for Services Rendered and Reimbursement of
        Expenses Incurred for the Period May 19, 2014 Through October 3, 2016*
        [D.I. 10218].

On November 18, 2016, FTI Consulting, Inc. ("FTI") filed its Seventh Interim and Final

Fee Application seeking $11,287,077.63 in fees and $362,724.73 in expense reimbursements for

work performed during the T-Side Final Fee Period.  In its Letter Report to FTI, the Fee

Committee summarized its findings and agreed deductions in connection with the firm's

previously-reviewed interim fee applications and recommended no further deductions from the

firm's final fee award.  The Fee Committee recommends that the Court approve the final fee

application component of this Application as detailed on **Exhibit C**.

37.     *Seventh Interim and Final Fee Application of Gibson, Dunn & Crutcher
        LLP, Special Counsel to the Debtors and Debtors in Possession, for the
        Interim Period From May 1, 2016 Through October 3, 2016, and the
        Final Fee Period From April 29, 2014 Through October 2, 2016*
        [D.I. 10217].

On November 18, 2016, Gibson, Dunn & Crutcher LLP ("Gibson Dunn") filed its

Seventh Interim and Final Fee Application seeking $5,840,871.45 in fees and $211,207.89 in

expense reimbursements for work performed during the T-Side Final Fee Period.  Gibson Dunn

subsequently submitted a request for $39,256.00 in additional fees to prepare and file its final fee

application.  In its Letter Report to Gibson Dunn, the Fee Committee summarized its findings

and agreed deductions in connection with the firm's previously-reviewed interim fee

applications, incorporated the previously agreed deductions, and recommended no further

deductions from the firm's final fee award.  The Fee Committee recommends that the Court

approve the final fee application component of this Application as detailed on **Exhibit C**.

38.   *Seventh Interim and Final Fee Application of KPMG LLP for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Accounting and Tax Advisors to the Debtors and Debtors in Possession for the Interim Period From May 1, 2016 Through October 3, 2016 and the Final Fee Period From April 29, 2014 Through October 3, 2016* [D.I. 10404].

On December 15, 2016, KPMG LLP ("KPMG") filed its Seventh Interim and Final Fee Application seeking $15,250,158.13 in fees and $574,716.35 in expense reimbursement for work performed during the T-Side Final Fee Period.  In its Letter Report to KPMG, the Fee Committee summarized its findings and agreed deductions in connection with the firm's previously-reviewed interim fee applications, incorporated the previously agreed deductions, and recommended no further deductions from the firm's final fee award.  The Fee Committee recommends that the Court approve the final fee application component of this Application as detailed on **Exhibit C**.

39.   *Seventh Interim and Final Application of Morrison & Foerster LLP as Counsel for the Official Committee of TCEH Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Period May 12, 2014 Through October 3, 2016* [D.I. 10224].

On November 18, 2016, Morrison & Foerster LLP ("Morrison & Foerster") filed its Seventh Interim and Final Fee Application seeking $36,902,408.00 in fees and $906,422.66 in expense reimbursements for work performed during the T-Side Final Fee Period.  In its Letter Report to Morrison & Foerster, the Fee Committee summarized its findings and agreed deductions in connection with the firm's previously-reviewed interim fee applications, incorporated the previously agreed deductions, and recommended no further deductions from the firm's final fee award.  The Fee Committee recommends that the Court approve the final fee application component of this Application as detailed on **Exhibit C**.

40.     *Seventh Interim and Final Application of Polsinelli PC as Delaware Counsel and Conflicts Counsel for the Official Committee of TCEH Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Interim Period of May 1, 2016 Through October 3, 2016, and the Final Period of May 13, 2014 Through October 3, 2016* [D.I. 10248]*; and*

       *Supplement to Seventh Interim and Final Application of Polsinelli PC as Delaware Counsel and Conflicts Counsel for the Official Committee of TCEH Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Interim Period of May 1, 2016 Through October 3, 2016, and the Final Period of May 13, 2014 Through October 3, 2016* [D.I. 10733].

On November 23, 2016, Polsinelli PC ("Polsinelli") filed its Seventh Interim and Final Fee Application requesting $2,968,992.00 in fees and $117,015.37 in expense reimbursements for work performed during the T-Side Final Fee Period.  In its Letter Report to Polsinelli, the Fee Committee noted that the sum of Polsinelli's interim fee and expense requests, as submitted, did not equate with the final fee application, necessitating a recommended deduction not previously addressed as part of an interim fee request.  In addition, the Fee Committee summarized its findings and agreed deductions in connection with the firm's six previously-reviewed interim fee applications and incorporated the previously agreed deductions.  The Fee Committee recommends that the Court approve the final fee application component of this Application as detailed on **Exhibit C**.

41.     *Final Fee Application of Lazard Frères and Co., LLC, as Investment Banker to the Official Committee of TCEH Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses for the Period May 14, 2014 Through September 30, 2016* [D.I. 9763].

On October 5, 2016, Lazard Frères and Co., LLC ("Lazard") filed its Final Fee Application, seeking $16,270,161.29 in fees and $111,780.49 in expense reimbursements for work performed during the T-Side Final Fee Period.  This request included:

a.    $4,395,161.29 ($250,000.00 per month) in flat fees for the 18 months starting with pro-rated flat fees for May 2014 and ending in October 2015; *plus*

b.    A $10 million restructuring fee as set forth in Lazard's initial retention application [D.I. 1700] and order [D.I. 2509] (the "Lazard Retention Documents"); *plus*

c.    A $3 million contingent fee as set forth in the Lazard Retention Documents; *minus*

d.    $1,125,000 in flat fee credits, calculated pursuant to the Lazard Retention Documents.[18]

Under the terms of the Lazard Retention Documents, Lazard's monthly payments were to continue "for each month of Lazard's engagement," until Lazard or the Creditors' Committee terminated the engagement.  Lazard could have, but—at the request of the Fee Committee—did not request monthly fee payments from November 1, 2015 through October 3, 2016.  Were it not for this agreement, the estates could have incurred more than $2.8 million in additional administrative expenses for Lazard's monthly fees.  In its Letter Report to Lazard, the Fee Committee noted that, based upon the Fee Committee's inquiry with members of the T-Side UCC and its representative, the Fee Committee had no reason to believe that Lazard had not fulfilled its obligations under the Lazard Retention Documents and, hence, had no reason to object to the payment of the restructuring and contingent fees.  The Fee Committee also summarized its findings and agreed expense deductions in connection with Lazard's previously-reviewed interim fee applications, and incorporated the previously agreed expense deductions.

The Fee Committee's final recommendation, as summarized on **Exhibit C** to this Report, is that this Application be approved as filed.

---

[18] The Lazard Retention Documents provided that Lazard would credit 50 percent of all flat fees earned on or after February 1, 2015 ($2,250,000.00) against the contingent fee.

**CONCLUSION**

Based on all of the above, the Fee Committee respectfully requests that the Court enter the order attached as **Exhibit D** approving on an interim basis the Applications outlined in this Report and on the attached **Exhibits A** and **B**, subject to the agreed reductions summarized in the exhibits and subject as well to further review and the final fee application process.  In addition, the Fee Committee asks that the Court enter the order attached as **Exhibit E** approving, on a final basis, the Fee Requests outlined in this Report and on the attached **Exhibit C**, subject to the agreed reductions summarized in the exhibit.

Dated:  March 22, 2017.

**BENESCH, FRIEDLANDER,
    COPLAN & ARONOFF LLP**


    */s/ William M. Alleman, Jr.*
Jennifer R. Hoover, Esquire (5111)
William M. Alleman, Jr., Esquire (5449)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
E-mail: jhoover@beneschlaw.com
       walleman@beneschlaw.com

- and -


GODFREY & KAHN, S.C.


    */s/ Katherine Stadler*
Katherine Stadler, *Admitted Pro Hac Vice*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: bwilliam@gklaw.com
      kstadler@gklaw.com


*Attorneys for the Fee Committee*

16907419.3