## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Energy Future Holdings Corp., *et al.* | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

### CERTIFICATION OF NO OBJECTION REGARDING ENERGY FUTURE HOLDINGS CORP.'S NOTICE OF ENTRY INTO LIQUIDATION AGREEMENT

The undersigned hereby certifies that, as of the date hereof, he has received no answer, objection or other responsive pleading with respect to the *Notice of Entry into Liquidation Agreement* (the "Liquidation Notice"), a copy of which is attached hereto as **Exhibit A.**

1.      The Liquidation Notice was served by the Debtors' claims and noticing agent on March 2, 2017 in connection with that certain liquidation agreement entered into by and between Energy Future Holdings Corp. ("EFH") and Morgan Stanley Capital Services LLC (f/k/a Morgan Stanley Capital Services Inc.) ("Counterparty" and, together with EFH, the "Parties") to resolve all claims arising under certain hedging and trading transactions entered into by and between the Parties.

2.      The Liquidation Notice was served in accordance with the terms of the Court's *Order Establishing Procedures for the Liquidation by Third Parties of Claims on Account of Certain Hedging and Trading Arrangements* [D.I. 1957] (the "Liquidation Procedures Order").

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

3.      Pursuant to the terms of the Liquidation Procedures Order and the Liquidation Notice, parties objecting to EFH's entry into the Liquidation Agreement were to submit a written statement of their objection(s) within fourteen (14) calendar days of receiving the Liquidation Notice (a "Liquidation Objection").    If no Liquidation Objection was timely served in accordance with the terms of the Liquidation Notice, all parties who were served with the Liquidation Notice are barred from objecting to the Liquidation Agreement and the Debtors shall file with the Court a certification of no objection.

4.      The undersigned hereby certifies that the Debtors have not received a Liquidation Objection.    Accordingly, under the terms of the Liquidation Procedures Order, EFH and Counterparty are immediately authorized to consummate the Liquidation Agreement in accordance with its terms.

*[Remainder of page intentionally left blank.]*

2

Dated:  March 24, 2017
         Wilmington, Delaware

**RICHARDS LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Email:         collins@rlf.com
               defranceschi@rlf.com
               madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         edward.sassower@kirkland.com
               stephen.hessler@kirkland.com
               brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         james.sprayregen@kirkland.com
               marc.kieselstein@kirkland.com
               chad.husnick@kirkland.com
               steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession

3

## EXHIBIT A

**Liquidation Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 14-10979 (CSS) |
| Energy Future Holdings Corp., *et al.* | ) Jointly Administered |
| | ) |
| Debtors.[1] | ) |
| | ) |

## ENERGY FUTURE HOLDINGS CORP.'S
## NOTICE OF ENTRY INTO LIQUIDATION AGREEMENT

**TO:** (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Trustee for the Southern District of New York; (iii) counsel to the Official Committee of Unsecured Creditors; and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE NOTICE** that on February 27, 2017, Energy Future Holdings Corp. ("EFH") entered into a liquidation agreement (the "Liquidation Agreement") with Morgan Stanley Capital Services LLC (f/k/a Morgan Stanley Capital Services Inc.) ("Counterparty" and, together with EFH, the "Parties") to resolve all claims arising under certain hedging and trading transactions entered into by and between the Parties.

**PLEASE TAKE FURTHER NOTICE** that in accordance with the Bankruptcy Court's *Order Establishing Procedures for the Liquidation by Third Parties of Claims on Account of Certain Hedging and Trading Arrangements* [D.I. 1957] (the "Liquidation Procedures Order"), the Debtors have the authority to negotiate, resolve, and liquidate claims arising on account of the Hedging and Trading Arrangements (as defined in the Debtors' *Motion for an Order Establishing Procedures for the Liquidation by Third Parties of Claims of Certain Hedging and Trading Arrangements* [D.I. 1838]) (including interest rate swaps executed by EFH), consistent with the relief granted in the Liquidation Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that in accordance with the terms of the Liquidation Procedures Order, the following is a summary of the key terms of the Liquidation Agreement:

> ➤ The Liquidation Agreement has been entered into by and between EFH, having an address at 1601 Bryan Street, Dallas, Texas 75201, and the Counterparty, having

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

an address at c/o Morgan Stanley & Co. LLC, 1585 Broadway, New York, NY 10036.

➢ The Liquidation Agreement liquidates the unsecured claim of Counterparty arising out of the Transactions (as defined in the Liquidation Agreement). The Liquidation Agreement provides that the Company Payable (as defined in the Liquidation Agreement) shall be netted and offset by the Counterparty Payable (as defined in the Liquidation Agreement), and Counterparty shall receive an allowed general unsecured claim against EFH in the amount of $782,029.00, which claim shall receive the treatment provided to Claims against EFH that are derived from or based upon swaps entered into by EFH on an unsecured basis, as set forth herein and without the necessity for any further action by any party other than as may be required in the Liquidation Procedures (the "Agreed Claim").

➢ The Liquidation Agreement provides, *inter alia*, that (i) Counterparty shall have an allowed general unsecured claim against EFH in the amount of the Agreed Claim; (ii) the Parties agree to full mutual releases with respect to all claims arising out of the Terminated Hedging and Trading Arrangements or Transactions (as defined in the Liquidation Agreement); (iii) Counterparty reserves the right, to the extent allowed by further order of the Bankruptcy Court, to seek interest accruing from and after the Petition Date ("Post-Petition Accruals") on the Filed Claim (as defined in the Liquidation Agreement) at the rate and in the amount provided for under the Hedging and Trading Arrangements; provided, however, that nothing in the foregoing shall prejudice the rights of EFH to object to the payment of such Post-Petition Accruals; and (iv) to the extent Counterparty has filed any proofs of claims related to the Terminated Hedging and Trading Arrangements, Counterparty agrees that it will withdraw such proofs of claims with prejudice within five (5) business days from the date on which EFH and Counterparty are authorized to consummate the Liquidation Agreement pursuant to the Liquidation Procedures Order.

➢ EFH believes that entering into the Liquidation Agreement is a sound exercise of its business judgment as it avoids the cost, uncertainty and delay of a protracted litigation concerning the Parties' payables.

**PLEASE TAKE FURTHER NOTICE** that in accordance with the terms of the Liquidation Procedures Order, parties objecting (each, an "Objecting Party") to EFH's entry into the Liquidation Agreement shall submit a written statement of their objection(s) within fourteen (14) calendar days of receiving this Liquidation Notice (a "Liquidation Objection"). Each Liquidation Objection must be served by electronic mail or overnight delivery service upon the following parties: (i) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Brian E. Schartz, and 300 N. LaSalle, Chicago, IL 60654, Attn: Chad J. Husnick; (ii) counsel to the Counterparty, Cadwalader, Wickersham & Taft LLP, 200 Liberty Street, New York, NY 10281, Attn: Ivan Loncar and Michele Maman; (iii) the Office of the United States Trustee for the District of Delaware; (iv) the Office of the United States Trustee for the Southern District of New York; (v) counsel to the Official Committee of Unsecured Creditors; and (vi) those parties requesting notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if no Liquidation Objection is timely served in accordance with the above paragraph, or a timely served Liquidation Objection is withdrawn by the Objecting Party, all parties who were served with the Liquidation Notice shall be barred from objecting to the Liquidation Agreement and the Debtors shall file with the Court a certificate of no objection.  Upon such filing, EFH and Counterparty shall be immediately authorized to consummate the Liquidation Agreement in accordance with its terms.

Dated: March 2, 2017
      New York, New York

                                              */s/ Iskender H. Catto*
                                              **GREENBERG TRAURIG, LLP**
                                              Iskender H. Catto
                                              200 Park Avenue
                                              New York, NY 10166
                                              Telephone: (212) 801-9200
                                              Facsimile: (212) 801-6400

                                              *Special Counsel to the Debtors for*
                                              *Certain Energy-Related Transactional Matters*