## EXHIBIT 1

## SETTLEMENT AGREEMENT

The parties hereto are Luminant Generation Company LLC, on its own behalf and on behalf of its successors and assigns ("Luminant"), Sandow Power Company LLC, on its own behalf and on behalf of its successors and assigns ("Sandow"), and the Milam Appraisal District, on its own behalf and on behalf of its successors and assigns (the "CAD"). For and in consideration of the mutual covenants herein stated, the parties agree to the following:

1. This settlement agreement ("Agreement") does not constitute an admission by any party. It is solely to resolve doubtful and disputed claims and disagreements relating to the valuation for property tax purposes of the Luminant Property and Sandow Property (as defined herein), buy peace, and avoid further litigation.

2. For purposes of this Agreement, the term "Luminant Property" shall mean Unit 4 of the Sandow Power Plant, located in Milam County, Texas, (hereafter the Luminant Taxable Property) and certain exempt pollution control property (hereafter the Luminant Exempt Property), but excluding any fuel, land, or other nontaxable or exempt property. For the avoidance of doubt, the Luminant Property was in each of the tax years listed below identified and described on the appraisal records of the CAD as follows:

|  |  |
|---|---|
| Property ID: | 9900298 |
| Geographic ID: | 166-832200-832200000010 |
| Property Legal Description: | Generating-Sandow Unit #4 |
| Owner ID: | 10021101 ("Luminant Taxable Property") |

|  |  |
|---|---|
| Property ID: | 68378 |
| Geographic ID: | 166-832200-832200000320 |
| Property Legal Description: | Sandow IV TCEQ 1994 thru 2007 |
| Owner ID: | 10021101 ("Luminant Exempt Account 1") |

|  |  |
|---|---|
| Property ID: | 20509868 |
| Geographic ID: | 166-832200-832200000325 |
| Property Legal Description: | Sandow IV TCEQ Exempt Post 2007 |
| Owner ID: | 10021101 ("Luminant Exempt Account 2") |

Property ID:                      20514827
Geographic ID:                    166-832200-832200000330
Property Legal Description:        Sandow IV TCEQ Exempt 2013
Owner ID:                         10021101 ("Luminant Exempt Account 3")

Property ID:                      20514828
Geographic ID:                    166-832200-832200000335
Property Legal Description:        Sandow IV TCEQ Exempt 2013
Owner ID:                         10021101 ("Luminant Exempt Account 4")[1]

3.    For purposes of this Agreement, the term "Sandow Property" shall mean Unit 5 of

the Sandow Power Plant, located in Milam County, Texas, (hereafter the Sandow Taxable

Property) and certain exempt pollution control property (hereafter the Sandow Exempt Property),

but excluding any fuel, land, or other nontaxable or exempt property.   For the avoidance of

doubt, the Sandow Property was in each of the tax years listed below identified and described on

the appraisal records of the CAD as follows:

Property ID:                      76976
Geographic ID:                    166-832210-832210000010
Property Legal Description:        Sandow 5-Fluidized Bed-Lignite Stationary Boiler Power
                                  Plant
Owner ID:                         10021131 ("Sandow Taxable Property")

Property ID:                      77750
Geographic ID:                    166-832210-832210000020
Property Legal Description:        Sandow 5 Pollution Control TCEQ 07-11851
Owner ID:                         10021131 ("Sandow Exempt Account 1")

Property ID:                      20510500
Geographic ID:                    166-832210-832210000030
Property Legal Description:        Sandow 5 Pollution Control
Owner ID:                         10021131 ("Sandow Exempt Account 2")

---

[1] The Orders Determining Protest received from the ARB for the 2015 tax year include these geographic ID numbers as account numbers. However, the notices of appraised value received from the CAD appear to utilize a different numbering convention for describing the Luminant Property. The property account numbers appearing in the notices of appraised value received from the CAD are: 166-2-832200-000010; 166-2-832200-000320; 166-2-832200-000325; 166-2-832200-000330; and 166-2-832200-000335. The property IDs appearing in the Orders Determining Protest received from the ARB for the 2016 tax year match the property IDs in paragraph 2, except for property ID 20514827, which is listed as 20515040 for the 2016 year, and property ID 20514828, which is listed as 20515995 for the 2016 year. The account numbers appearing in the 2016 Orders are as follows: 200-200005655-832200000010; 200-200005655-832200000320; 200-200005655-832200000325; 200-200005655-832200000330; and 200-200005655-832200000335.

2

Property ID:                20511598
Geographic ID:              166-832210-832210000035
Property Legal Description: Sandow 5 Pollution Control 2010 Approved TCEQ
Owner ID:                   10021131 ("Sandow Exempt Account 3")

Property ID:                20512495
Geographic ID:              166-832210-832210000036
Property Legal Description: Sandow 5 Pollution Control TCEQ 11-15323
Owner ID:                   10021131  ("Sandow Exempt Account 4")[2]

4.    Based on the foregoing:

a.    Luminant and the CAD agree that, for the 2015 tax year, the fair market value, appraised value, and taxable value of the Luminant Taxable Property is $144,900,000 (the "2015 Luminant Value"), the fair market value and appraised value of Luminant Exempt Account 1 is $5,527,200, the fair market value and appraised value of Luminant Exempt Account 2 is $15,568,100, the fair market value and appraised value of Luminant Exempt Account 3 is $13,846,400, and the fair market value and appraised value of Luminant Exempt Account 4 is $629,100.

b.    Sandow and the CAD agree that, for the 2015 tax year, the fair market value, appraised value, and taxable value of the Sandow Taxable Property is $170,100,000 (the "2015 Sandow Value"), the fair market value and appraised value of Sandow Exempt Account 1 is $45,488,800, the fair market value and appraised value of Sandow Exempt Account 2 is $48,427,600, the fair market

---

[2] The Orders Determining Protest received from the ARB for the 2015 tax year include these geographic ID numbers as account numbers. However, the notices of appraised value received from the CAD appear to utilize a different numbering convention for describing the Property. The property account numbers appearing in the notices of appraised value received from the CAD are: 166-2-832210-000010; 166-2-832210-000020; 166-2-832210-000030; 166-2-832210-000035; and 166-2-832210-000036. The property IDs appearing in the Orders Determining Protest received from the ARB for the 2016 tax year match the property IDs in paragraph 3 except for property ID 20512495, which is listed as property ID 2052603. The account numbers appearing in the 2016 Orders are as follows: 200-200007950-832210000010; 200-200007950-832210000020; 200-200007950-832210000030; 200-200007950-832210000035; and 200-200007950-832210000036.

value and appraised value of Sandow Exempt Account 3 is \$3,377,700, and the fair market value and appraised value of Sandow Exempt Account 4 is \$60,277,600.

c. Luminant and the CAD agree that, for the 2016 tax year, the fair market value, appraised value, and taxable value of the Luminant Taxable Property is \$133,400,000 (the "2016 Luminant Value"), the fair market value and appraised value of Luminant Exempt Account 1 is \$4,228,100, the fair market value and appraised value of Luminant Exempt Account 2 is \$12,160,300, the fair market value and appraised value of Luminant Exempt Account 3 is \$9,718,800, and the fair market value and appraised value of Luminant Exempt Account 4 is \$443,500.

d. Sandow and the CAD agree that, for the 2016 tax year, the fair market value, appraised value, and taxable value of the Sandow Taxable Property is \$156,600,000 (the "2016 Sandow Value"), the fair market value and appraised value of Sandow Exempt Account 1 is \$42,547,000, the fair market value and appraised value of Sandow Exempt Account 2 is \$45,295,700, the fair market value and appraised value of Sandow Exempt Account 3 is \$3,159,300, and the fair market value and appraised value of Sandow Exempt Account 4 is \$58,992,600.

e. Luminant and the CAD agree that the fair market value, appraised value, and taxable value of the Luminant Taxable Property for the 2017 tax year is \$128,800,000 (the "2017 Luminant Value"), the fair market value and appraised value of Luminant Exempt Account 1 is \$4,082,300, the fair market value and appraised value of Luminant Exempt Account 2 is \$11,741,000, the

4

fair market value and appraised value of Luminant Exempt Account 3 is $9,383,700, and the fair market value and appraised value of Luminant Exempt Account 4 is $428,200.

f.   Sandow and the CAD agree that the fair market value, appraised value, and taxable value of the Sandow Taxable Property for the 2017 tax year is $151,200,000 (the "2017 Sandow Value"), the fair market value and appraised value of Sandow Exempt Account 1 is $41,079,800, the fair market value and appraised value of Sandow Exempt Account 2 is $43,733,800, the fair market value and appraised value of Sandow Exempt Account 3 is $3,050,300, and the fair market value and appraised value of Sandow Exempt Account 4 is $56,958,400.

g.   On August 21, 2015, Luminant filed in the District Court of Milam County a petition for review of the 2015 orders of the Appraisal Review Board for the Milam Appraisal District with respect to the 2015 tax year. On September 28, 2016, Luminant amended its petition in the District Court of Milam County to include review of the 2016 orders of the Appraisal Review Board for the Milam Appraisal District with respect to the 2016 tax year. Luminant and the CAD will execute, and Luminant will thereafter file, an agreed judgment with respect to the 2015 and 2016 tax years in the form attached hereto as **EXHIBIT A** (the "Agreed Judgment"). This Agreement will constitute, for purposes of Texas Tax Code § 23.01(e), a lowering of the 2015, 2016, and 2017 appraised values of the Luminant Taxable Property under Subtitle F, Texas Property Tax Code.

h.  On August 21, 2015, Sandow filed in the District Court of Milam County a petition for review of the 2015 orders of the Appraisal Review Board for the Milam Appraisal District with respect to the 2015 tax year. On September 28, 2016, Sandow amended its petition in the District Court of Milam County to include review of the 2016 orders of the Appraisal Review Board for the Milam Appraisal District with respect to the 2016 tax year. Sandow and the CAD will execute, and Sandow will thereafter file, an agreed judgment with respect to the 2015 and 2016 tax years in the form attached hereto as **EXHIBIT B** (the "Agreed Judgment"). This Agreement will constitute, for purposes of Texas Tax Code § 23.01(e), a lowering of the 2015, 2016, and 2017 appraised values of the Sandow Taxable Property under Subtitle F, Texas Property Tax Code.

i.  Within seven (7) days of the later of (i) Luminant's receipt of Corrected 2015 Tax Bills for the 2015 Luminant Value or (ii) entry of the Agreed Judgment, Luminant will pay any 2015 taxes it owes resulting from the judgment, inclusive of any penalties and interest statutorily accrued thereon (the "2015 Luminant Payment").

j.  Within seven (7) days of the later of (i) Sandow's receipt of Corrected 2015 Tax Bills for the 2015 Sandow Value or (ii) entry of the Agreed Judgment, Sandow will pay any 2015 taxes it owes resulting from the judgment, inclusive of any penalties and interest statutorily accrued thereon (the "2015 Sandow Payment").

k.  Within seven (7) days of the latest of (i) Luminant's receipt of a Corrected 2016 Tax Bill for the 2016 Luminant Value, (ii) entry of the Agreed

6

Judgment, and (iii) Luminant's receipt of the 2017 notice of appraised value for a value that is no greater than the 2017 Luminant Value, Luminant will pay any 2016 taxes it owes resulting from the judgment, inclusive of any penalties and interest statutorily accrued thereon.

l.  Within seven (7) days of the latest of (i) Sandow's receipt of a Corrected 2016 Tax Bill for the 2016 Sandow Value, (ii) entry of the Agreed Judgment, and (iii) Sandow's receipt of the 2017 notice of appraised value for a value that is no greater than the 2017 Sandow Value, Sandow will pay any 2016 taxes it owes resulting from the judgment, inclusive of any penalties and interest statutorily accrued thereon.

m.  Luminant will pay the taxes due on the 2017 Luminant Value in accordance with the provisions of Subtitle E, Texas Property Tax Code.

n.  Sandow will pay the taxes due on the 2017 Sandow Value in accordance with the provisions of Subtitle E, Texas Property Tax Code.

o.  This Agreement resolves all pending Proofs of Claim that relate to property taxes or arise under the Texas Property Tax Code with respect to the Luminant Property and Sandow Property (the "POCs"); upon Luminant's filing of this Agreement in the bankruptcy proceeding of Luminant Generation Company LLC, Case Number 14-11032-CSS (the "Luminant Bankruptcy"), the following POCs will be deemed withdrawn:

    i.  Milam County Proof of Claim #37556 filed in the Luminant Bankruptcy in the amount of $9,700,548.42.

    ii.  Milam County Proof of Claim #37720 filed in the Luminant Bankruptcy in the amount of $18,781,581.80.

7

        iii. Milam County Proof of Claim #37727 filed in the Luminant Bankruptcy in the amount of $18,781,581.80.

    p. Epiq can adjust the court's claims register to effectuate withdrawal of the POCs.

5.     The parties will refrain from making any disparaging statements regarding the issues resolved herein.

6.     Each party shall bear its own costs and attorneys' fees.

7.     Except as set forth in this Agreement, each party agrees to release the other parties, their successors and assignees from any and all claims, demands, rights or liabilities of whatever kind or nature arising with respect to taxes imposed pursuant to the Property Tax Code with respect to the Luminant Property and Sandow Property for the 2015, 2016, and 2017 tax years at issue in this Agreement, provided that this release and discharge does not extend to the right to sue for specific performance of or otherwise enforce this Agreement.

8.     The provisions of this Agreement are severable and if, for any reason, any one or more of the provisions contained in this Agreement shall be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of this Agreement, and this Agreement shall remain in full force and effect and be construed as if the invalid, illegal, or unenforceable provision had never been contained in the Agreement.

9.     This Agreement is not admissible as evidence in court except to enforce the terms of this Agreement.

10.    This Agreement shall be construed pursuant to the laws of the State of Texas.

11.    Each of the parties to this Agreement has sought and received the advice of counsel regarding the terms and contents of this Agreement, and the Agreement will not be construed against either party based on which party drafted all or any part of the Agreement.

12.    Venue for any action arising under this Agreement shall lie in Milam County, Texas.

13.    This Agreement will be signed in identical original counterparts that will each be considered an original for all purposes. Luminant and Sandow will retain one original counterpart and the CAD will retain another.

**LUMINANT GENERATION COMPANY LLC**

By:

**SANDOW POWER COMPANY LLC**

By:

**MILAM APPRAISAL DISTRICT**

By:

Dyann White
Chief Appraiser

9

## EXHIBIT A

NO. CV37,068

| | | |
|---|---|---|
| LUMINANT GENERATION<br>COMPANY LLC, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | MILAM COUNTY, TEXAS |
| MILAM APPRAISAL DISTRICT, | §<br>§<br>§ | |
| | § | |
| Defendant. | § | 20th JUDICIAL DISTRICT |

## AGREED JUDGMENT

On this date the above-entitled and numbered cause came to be heard in which Luminant Generation Company LLC ("Luminant") is the Plaintiff and the Milam Appraisal District ("Milam AD") is the Defendant (Luminant and Milam AD are collectively referred to herein as the "Parties").

The Parties have announced to the Court that they have resolved the matters which are the subject of this action. The property at issue ("Luminant Property") is Unit 4 of the Sandow Power Plant, located in Milam County, Texas, and consists of certain taxable property (the "Taxable Portion") and certain exempt pollution control property (the "Exempt Accounts"), but excludes any fuel, land, and other nontaxable or exempt property. The Parties have agreed to the fair market value, appraised value, and taxable value of the Taxable Portion and to the fair market values and appraised values of the Exempt Accounts. For the avoidance of doubt, the Luminant Property was in each of the

tax years listed below identified and described on the appraisal records of Milam AD as follows:

| | |
|---|---|
| Property ID: | 9900298 |
| Geographic ID: | 166-832200-832200000010 |
| Property Legal Description: | Generating-Sandow Unit #4 |
| Owner ID: | 10021101 (Taxable Portion) |

| | |
|---|---|
| Property ID: | 68378 |
| Geographic ID: | 166-832200-832200000320 |
| Property Legal Description: | Sandow IV TCEQ 1994 thru 2007 |
| Owner ID: | 10021101 (Exempt Account) |

| | |
|---|---|
| Property ID: | 20509868 |
| Geographic ID: | 166-832200-832200000325 |
| Property Legal Description: | Sandow IV TCEQ Exempt Post 2007 |
| Owner ID: | 10021101 (Exempt Account) |

| | |
|---|---|
| Property ID: | 20514827 |
| Geographic ID: | 166-832200-832200000330 |
| Property Legal Description: | Sandow IV TCEQ Exempt 2013 |
| Owner ID: | 10021101 (Exempt Account) |

| | |
|---|---|
| Property ID: | 20514828 |
| Geographic ID: | 166-832200-832200000335 |
| Property Legal Description: | Sandow IV TCEQ Exempt 2013 |
| Owner ID: | 10021101 (Exempt Account) |

The Parties have agreed that the Taxable Portion has a fair market value, appraised value, and taxable value of $144,900,000 for the 2015 tax year.

The Parties have also agreed that the Taxable Portion has a fair market value, appraised value, and taxable value of $133,400,000 for the 2016 tax year.

The Parties have also agreed that the Exempt Accounts have the fair market values and appraised values as follows for the 2015 and 2016 tax years:

| YEAR | ACCOUNT NO. | VALUE |
|------|-------------|-------|
| 2015 | 166-832200-000320 | $5,527,200 |
| 2015 | 166-832200-000325 | $15,568,100 |
| 2015 | 166-832200-000330 | $13,846,400 |
| 2015 | 166-832200-000335 | $629,100 |
| | | |
| 2016 | 166-832200-000320 | $4,228,100 |
| 2016 | 166-832200-000325 | $12,160,300 |
| 2016 | 166-832200-000330 | $9,718,800 |
| 2016 | 166-832200-000335 | $443,500 |

The Court is of the opinion that the agreement of the Parties should be approved and incorporated in this judgment.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that:

(1) the values placed by Milam AD and the Appraisal Review Board for Milam County on the Taxable Portion and Exempt Accounts for the 2015 and 2016 tax years are cancelled;

(2) the fair market value, appraised value, and taxable value of the Taxable Portion for the 2015 tax year is $144,900,000;

(3) the fair market value, appraised value, and taxable value of the Taxable Portion for the 2016 tax year is $133,400,000;

(4) for the 2015 tax year, the fair market value and appraised value of Exempt Account 166-832200-000320 is $5,527,200, the fair market value and appraised value of Exempt Account 166-832200-000325 is $15,568,100, the fair market value and appraised value of Exempt Account 166-832200-000330 is $13,846,400, and the fair market value and appraised value of Exempt Account 166-832200-000335 is $629,100;

(5) for the 2016 tax year, the fair market value and appraised value of Exempt Account 166-832200-000320 is $4,228,100, the fair market value and appraised value of

Exempt Account 166-832200-000325 is $12,160,300, the fair market value and appraised value of Exempt Account 166-832200-000330 is $9,718,800, and the fair market value and appraised value of Exempt Account 166-832200-000335 is $443,500;

(6)  Milam AD, and specifically its Chief Appraiser, shall correct the appraisal roll and other appropriate records as necessary to reflect the fair market value, appraised value, and taxable value of the Taxable Portion as $144,900,000 for the 2015 tax year;

(7)  Milam AD, and specifically its Chief Appraiser, shall correct the appraisal roll and other appropriate records as necessary to reflect the fair market value, appraised value, and taxable value of the Taxable Portion as $133,400,000 for the 2016 tax year;

(8)  Luminant will pay, at the time agreed to by the Parties, any taxes it owes as a result of this judgment, inclusive of any penalties and interest accrued statutorily thereon;

(9)  costs of court are taxed against the party incurring the same;

(10)  each party shall pay its own attorney fees;

(11)  all relief not expressly granted herein is denied; and

(12)  this judgment is final and disposes of all claims and parties.

**SIGNED** this _____ day of _____, 2017.

_____

APPROVED AND ENTRY REQUESTED:

**K&L GATES LLP**

By: _____
Cynthia M. Ohlenforst
State Bar No. 15236600
1717 Main Street, Suite 2800
Dallas, Texas 75201
Telephone:     (214) 939-5500
Telecopy:      (214) 939-5849
Email:Cindy.Ohlenforst@klgates.com

ATTORNEYS FOR PLAINTIFF

**FISHER BOYD JOHNSON & HUGUENARD, LLP**

By: _____
Wayne Fisher
State Bar No. 00000056
2777 Allen Parkway, 14th Floor
Houston, Texas 77019
Telephone:     (713) 400-4000
Telecopy:      (713) 400-1065
Email:   wfisher@fisherboyd.com

ATTORNEYS FOR DEFENDANT

AGREED JUDGMENT                                    Page 5

**EXHIBIT B**

NO. CV37,069

| | | |
|---|---|---|
| SANDOW POWER COMPANY LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | MILAM COUNTY, TEXAS |
| | § | |
| MILAM APPRAISAL DISTRICT, | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | 20th JUDICIAL DISTRICT |

## AGREED JUDGMENT

On this date the above-entitled and numbered cause came to be heard in which Sandow Power Company LLC ("Sandow") is the Plaintiff and the Milam Appraisal District ("Milam AD") is the Defendant   (Sandow and Milam AD are collectively referred to herein as the "Parties").

The Parties have announced to the Court that they have resolved the matters which are the subject of this action.  The property at issue ("Sandow Property") is Unit 5 of the Sandow Power Plant, located in Milam County, Texas, and consists of certain taxable property (the "Taxable Portion") and certain exempt pollution control property (the "Exempt Accounts"), but excludes any fuel, land, and other nontaxable or exempt property.  The Parties have agreed to the fair market value, appraised value, and taxable value of the Taxable Portion and to the fair market values and appraised values of the Exempt Accounts.  For the avoidance of doubt, the Sandow Property was in each of the

tax years listed below identified and described on the appraisal records of Milam AD as follows:

| | |
|---|---|
| Property ID: | 76976 |
| Geographic ID: | 166-832210-832210000010 |
| Property Legal Description: | Sandow 5-Fluidized Bed-Lignite Stationary Boiler Power Plant |
| Owner ID: | 10021131 (Taxable Portion) |

| | |
|---|---|
| Property ID: | 77750 |
| Geographic ID: | 166-832210-832210000020 |
| Property Legal Description: | Sandow 5 Pollution Control TCEQ 07-11851 |
| Owner ID: | 10021131 (Exempt Account) |

| | |
|---|---|
| Property ID: | 20510500 |
| Geographic ID: | 166-832210-832210000030 |
| Property Legal Description: | Sandow 5 Pollution Control |
| Owner ID: | 10021131 (Exempt Account) |

| | |
|---|---|
| Property ID: | 20511598 |
| Geographic ID: | 166-832210-832210000035 |
| Property Legal Description: | Sandow 5 Pollution Control 2010 Approved TCEQ |
| Owner ID: | 10021131 (Exempt Account) |

| | |
|---|---|
| Property ID: | 20512495 |
| Geographic ID: | 166-832210-832210000036 |
| Property Legal Description: | Sandow 5 Pollution Control TCEQ 11-15323 |
| Owner ID: | 10021131 (Exempt Account) |

The Parties have agreed that the Taxable Portion has a fair market value, appraised value, and taxable value of $170,100,000 for the 2015 tax year.

The Parties have also agreed that the Taxable Portion has a fair market value, appraised value, and taxable value of $156,600,000 for the 2016 tax year.

The Parties have also agreed that the Exempt Accounts have the fair market values and appraised values as follows for the 2015 and 2016 tax years:

| YEAR | ACCOUNT NO. | VALUE |
|------|-------------|-------|
| 2015 | 166-832210-000020 | $45,488,800 |
| 2015 | 166-832210-000030 | $48,427,600 |
| 2015 | 166-832210-000035 | $3,377,700 |
| 2015 | 166-832210-000036 | $60,277,600 |
| | | |
| 2016 | 166-832210-000020 | $42,547,000 |
| 2016 | 166-832210-000030 | $45,295,700 |
| 2016 | 166-832210-000035 | $3,159,300 |
| 2016 | 166-832210-000036 | $58,992,600 |

The Court is of the opinion that the agreement of the Parties should be approved and incorporated in this judgment.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that:

(1) the values placed by Milam AD and the Appraisal Review Board for Milam County on the Taxable Portion and Exempt Accounts for the 2015 and 2016 tax years are cancelled;

(2) the fair market value, appraised value, and taxable value of the Taxable Portion for the 2015 tax year is $170,100,000;

(3) the fair market value, appraised value, and taxable value of the Taxable Portion for the 2016 tax year is $156,600,000;

(4) for the 2015 tax year, the fair market value and appraised value of Exempt Account 166-832210-000020 is $45,488,800, the fair market value and appraised value of Exempt Account 166-832210-000030 is $48,427,600, the fair market value and appraised value of Exempt Account 166-832210-000035 is $3,377,700, and the fair market value and appraised value of Exempt Account 166-832210-000036 is $60,277,600;

(5) for the 2016 tax year, the fair market value and appraised value of Exempt Account 166-832210-000020 is $42,547,000, the fair market value and appraised value of Exempt Account 166-832210-000030 is $45,295,700, the fair market value and appraised value of Exempt Account 166-832210-000035 is $3,159,300, and the fair market value and appraised value of Exempt Account 166-832210-000036 is $58,992,600;

(6) Milam AD, and specifically its Chief Appraiser, shall correct the appraisal roll and other appropriate records as necessary to reflect the fair market value, appraised value, and taxable value of the Taxable Portion as $170,100,00 for the 2015 tax year;

(7) Milam AD, and specifically its Chief Appraiser, shall correct the appraisal roll and other appropriate records as necessary to reflect the fair market value, appraised value, and taxable value of the Taxable Portion as $156,600,000 for the 2016 tax year;

(8) Sandow will pay, at the time agreed to by the Parties, any taxes it owes as a result of this judgment, inclusive of any penalties and interest accrued statutorily thereon;

(9) costs of court are taxed against the party incurring the same;

(10) each party shall pay its own attorney fees;

(11) all relief not expressly granted herein is denied; and

(12) this judgment is final and disposes of all claims and parties.


**SIGNED** this _____ day of _____, 2017.


_____

APPROVED AND ENTRY REQUESTED:

**K&L GATES LLP**

By: _____

Cynthia M. Ohlenforst
State Bar No. 15236600
1717 Main Street, Suite 2800
Dallas, Texas 75201
Telephone:    (214) 939-5500
Telecopy:    (214) 939-5849
Email:Cindy.Ohlenforst@klgates.com

ATTORNEYS FOR PLAINTIFF

**FISHER BOYD JOHNSON & HUGUENARD, LLP**

By: _____

Wayne Fisher
State Bar No. 00000056
2777 Allen Parkway, 14th Floor
Houston, Texas 77019
Telephone:    (713) 400-4000
Telecopy:    (713) 400-1065
Email:   wfisher@fisherboyd.com

ATTORNEYS FOR DEFENDANT