# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: June 2, 2017 at 4:00 p.m.** |
| | ) | |

### SUMMARY COVER SHEET TO THE SEVENTH INTERIM FEE APPLICATION OF RICHARDS, LAYTON & FINGER, P.A., CO-ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM MAY 1, 2016 THROUGH AND INCLUDING AUGUST 31, 2016

In accordance with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), Richards, Layton & Finger, P.A. ("RL&F"), co-attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submits this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the seventh interim fee application to which this Summary is attached (the "Fee Application")[2] for the period from May 1, 2016 through August 31, 2016 (the "Fee Period").

RL&F submits the Fee Application as an interim fee application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order") and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application.

## General Information

| | |
|---|---|
| Name of Applicant: | Richards, Layton & Finger, P.A. |
| Authorized to Provide Services to: | Energy Future Holdings Corp., *et al.* |
| Petition Date: | April 29, 2014 |
| Date of Order Authorizing the Debtors to Retain RL&F [D.I. 2539]: | October 24, 2014, *nunc pro tunc* to April 29, 2014 |

## Summary of Fees and Expenses Sought in the Fee Application

| | |
|---|---|
| Period for Which Compensation and Reimbursement Is Sought in the Fee Application: | May 1, 2016 through August 31, 2016 |
| Voluntary Expense Reduction in this Fee Period: | Reduced expenses by $0.00 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $637,280.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $64,669.99 |
| Total Holdback Compensation Requested in this Application for the Fee Period: | $127,456.10 |
| Total Compensation and Expense Reimbursement Requested for the Fee Period: | $701,950.49 |

**Total New Rate Increases Applicable to the Fee Period:** $0.00

*Summary of Past Requests for Compensation and Prior Payments*[3]

| | |
|---|---|
| Total Amount of Compensation Previously Requested Pursuant to the Interim Compensation Order Through August 31, 2016: | $637,280.50 |
| Total Amount of Expense Reimbursement Previously Requested Pursuant to the Interim Compensation Order Through August 31, 2016: | $64,669.99 |
| Total Compensation Approved Pursuant to the Interim Compensation Order Through August 31, 2016: | $574,494.39 |
| Total Amount of Expense Reimbursement Approved Pursuant to the Interim Compensation Order Through August 31, 2016: | $64,669.99 |
| Total Allowed Compensation Paid Through August 31, 2016: | $511,473.18 |
| Total Allowed Expenses Paid Through August 31, 2016: | $64,669.99 |
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed: | $0.00 |
| Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed: | $0.00 |

---

[3] On June 29, 2016, July 29, 2016, August 31, 2016, and September 30, 2016, RL&F filed the Monthly Fee Statements. No objections were filed to any of the Monthly Fee Statements. RL&F subsequently received payments totaling $576,143.17 relating to compensation sought in the Monthly Fee Statements.

RLF1 17123938v.1

Dated: May 11, 2017
      Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:          collins@rlf.com
                    defranceschi@rlf.com
                    madron@rlf.com

*Co-Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Objection Deadline:  June 2, 2017 at 4:00 p.m.** |
|  | ) |  |

### SEVENTH INTERIM FEE APPLICATION OF
### RICHARDS, LAYTON & FINGER, P.A., CO-ATTORNEYS
### FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD
### FROM MAY 1, 2016 THROUGH AND INCLUDING AUGUST 31, 2016

Richards, Layton & Finger, P.A. ("RL&F"), co-attorneys for the above-captioned debtors

and debtors in possession (collectively, the "Debtors"), hereby submits its seventh interim fee

application (the "Fee Application") for allowance of compensation for professional services

provided in the amount of $637,280.50 and reimbursement of actual and necessary expenses in

the amount of $64,669.99 that RL&F incurred for the period from May 1, 2016 through August

31, 2016 (the "Fee Period").  In support of this Fee Application, RL&F submits the declaration

of Jason M. Madron, counsel at RL&F (the "Madron Declaration"), which is attached hereto as

**Exhibit A** and incorporated by reference.  In further support of this Fee Application, RL&F

respectfully states as follows:

### Jurisdiction

1.      The United States Bankruptcy Court for the District of Delaware (the "Court")

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order"), and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").[2]

### Background

4.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered an order for joint administration of these chapter 11 cases. The Court has not appointed a trustee or examiner in these chapter 11 cases. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors representing the interests of Energy Future

---

[2] On October 3, 2014, October 7, 2014, December 1, 2014, March 9, 2015, June 9, 2015, and December 15, 2015, the Fee Committee (as defined herein) distributed guidelines to those professionals retained in these chapter 11 cases regarding a number of topics, including, expense reimbursement, fee review criteria, and the contents of interim fee applications (collectively, the "Fee Committee Guidelines"). On October 3, 2016, the TCEH Effective Date occurred, and accrued but unpaid amounts for fees and expenses attributable to TCEH Debtors billed during the Fee Period will be paid from the Professional Fee Escrow Account (as defined in the Plan).

2

Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420], and an official committee of unsecured creditors representing the interests of Energy Future Holdings Corp. ("EFH"), Energy Future Intermediate Holding Company, LLC ("EFIH"), EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

5.     On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in these cases.

6.     Given the size and complexity of these chapter 11 cases, the U.S. Trustee, the Debtors, and the TCEH Creditors' Committee agreed to recommend that the Court appoint a fee committee to review and report on, as appropriate, interim and final fee applications filed by all of the Debtors' retained professionals in accordance with 11 U.S.C. §§ 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order (the "Fee Committee"). On August 21, 2014, the Court entered the Fee Committee Order, appointing the Fee Committee and establishing procedures governing the Fee Committee's review of the Debtors' retained professionals' applications for compensation and the resolution of any concerns raised during such review. On October 3, 2014, the Fee Committee distributed an initial memorandum regarding guidelines for expense reimbursements to those professionals retained in these chapter 11 cases. RL&F has reviewed the Fee Committee Guidelines and, except to the extent otherwise

3

disclosed and discussed herein, RL&F believes that the relief requested herein generally complies with the Fee Committee Guidelines.

## **Preliminary Statement**

7.    During the Fee Period, RL&F worked with Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "K&E") to assist all of the Debtors in making significant progress on their efforts to restructure and ultimately bring their chapter 11 cases to a close. With respect to the ***TCEH Debtors***, the Debtors obtained confirmation of the Plan (as defined below) as it relates to the TCEH Debtors and certain of the EFH Debtors (as defined in the Plan, the "EFH Shared Services Debtors"). With respect to the ***EFH Debtors and EFIH Debtors***, the Debtors entered into a new merger agreement and plan support agreement with NextEra Energy, Inc. ("NextEra") which contemplated emergence from chapter 11 in 2017. As a result of these efforts, the TCEH Debtors and the EFH Shared Services emerged from chapter 11 on October 3, 2016, and the EFH Debtors and EFIH Debtors commenced and completed a Plan confirmation hearing in February 2017.

8.    Although these efforts began many months ago (and, in some instances, many years ago), these efforts coalesced and accelerated during the Fee Period. At the very beginning of the Fee Period, RL&F worked with K&E and the Debtors to obtain support for, and ultimately approval of, separate schedules governing the path to emergence for the TCEH Debtors and the EFH Shared Services Debtors on the one hand, and the EFH Debtors and EFIH Debtors on the other hand. With bifurcated schedules in hand, the Debtors moved forward to bring their chapter 11 cases to a close.

9.    ***TCEH Debtors***. As all parties in interest are aware, the Debtors are party to a Plan Support Agreement with virtually every significant TCEH creditor constituency (as approved by

4

the Court on September 18, 2016 [D.I. 6097], the "TCEH Plan Support Agreement"). Among

other key provisions, the TCEH Plan Support Agreement set forth the terms of an alternative

restructuring in the event the plan of reorganization confirmed in December 2015 could not be

consummated (such plan of reorganization confirmed in December 2015, the "Original Plan").

10.    On May 1, 2016, the Original Plan (and the merger and purchase agreement

executed between certain of the Debtors, Hunt Consolidated, Inc., and the ad hoc group of TCEH

unsecured noteholders, the "Hunt Merger Agreement") was rendered null and void. Moments

later, the Debtors filed the (a) *Joint Plan of Reorganization of Energy Future Holdings Corp., et

al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 8355] (as amended, modified, or

supplemented from time to time, the "Plan") and supporting disclosure statement and (b) *Motion

of Energy Future Holdings Corp., et al., for Entry of an Order Scheduling Certain Hearing Dates

and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of

Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement* [D.I.

8358] (the "Scheduling Motion"). The Plan and Scheduling Motion collectively ensured that the

termination of the Hunt Merger Agreement and voiding of the Original Plan did not materially

delay the Debtors' path to emergence.

11.    The Debtors obtained approval of a disclosure statement as it relates to the TCEH

Debtors and EFH Shared Services Debtors in June 2016.    As a result of the alternative

restructuring terms in the TCEH Plan Support Agreement (colloquially referred to as

"disarmament"), the TCEH Debtors faced limited objections in connection with their efforts to

confirm the Plan as it relates to the TCEH Debtors and the EFH Shared Services Debtors. After a

six-day confirmation trial held during the Fee Period, the Court confirmed the Plan as it relates to

such Debtors.

5

12.    Confirmation was also made possible by the landmark tax ruling from the IRS received during the Fee Period, providing the rulings necessary for the TCEH Debtors' to consummate the tax-free spin contemplated by the Plan (the "Private Letter Ruling"). The Private Letter Ruling is the culmination of two years of efforts by the Debtors and their advisors, ultimately requiring multiple in person and telephonic conferences with the IRS and multiple supplemental submissions.

13.    At the same time, the TCEH Debtors worked to ensure their path to exit would be as smooth as possible by obtaining Bankruptcy Court approval of exit financing commitments and additional postpetition financing (which converted into exit financing on the TCEH Effective Date). This financing—which took the form of (a) a $750 million senior secured revolving credit facility, (b) a senior secured term loan letter of credit facility, and (c) a senior secured term loan— provided the TCEH Debtors with the necessary liquidity to emerge from chapter 11 and put Reorganized TCEH on a firm footing in the post-emergence period.

14.    ***EFH Debtors and EFIH Debtors***.    Immediately following the termination of the Original Plan, and aware of the distinct challenges associated with developing a standalone plan of reorganization with existing EFH and EFIH creditor constituencies, the EFH Debtors and EFIH Debtors refreshed the Oncor marketing process.    In particular, the EFH Debtors and EFIH Debtors contacted 18 potential strategic and financial bidders (the majority of whom had previously shown at least some level of interest in purchasing EFH's indirect economic interest in Oncor).    Of the potential bidders, NextEra emerged as the most engaged and one of the most committed potential purchasers.  Over the course of a nearly two-month period, K&E advised the EFH Debtors and EFIH Debtors in connection with their negotiations with NextEra, including the negotiation and drafting of definitive documentation.  Ultimately, on July 29, 2016, the EFH

6

Debtors, the EFIH Debtors, and NextEra entered into a merger agreement (the "Merger Agreement") and plan support agreement (the "EFH Plan Support Agreement"), and agreed on the terms to be set forth in an amended version of the Plan.

15.    Separately, the EFIH Debtors continued to make progress on multiple makewhole litigation fronts. The EFIH Debtors filed their appellate briefs with the Third Circuit Court of Appeals with respect to the EFIH first lien makewhole dispute and EFIH second lien makewhole dispute. The EFIH Debtors also requested a summary ruling from the United States District Court for the District of Delaware (the "District Court") on the makewhole claims asserted by the EFIH unsecured noteholders, consistent with the rulings issued in connection with the EFIH first lien makewhole claims and EFIH second lien makewhole claims. In addition, the Third Circuit Court of Appeals affirmed the rulings of the lower courts approving the EFIH First Lien Settlement.

16.    In sum, during the Fee Period, the Debtors worked to capitalize on earlier efforts to drive the Debtors toward a chapter 11 exit. These efforts ultimately resulted in the TCEH Debtors and EFH Shared Services Debtors emerging from chapter 11 on the TCEH Effective Date and the EFH Debtors and EFIH Debtors proceeding to a Plan confirmation hearing in February 2017.

### Case Status Summary

7.    Following the close of the Fee Period, the TCEH Debtors and EFH Shared Services Debtors emerged from chapter 11 on October 3, 2016. The EFH and EFIH Debtors obtained approval of the EFH Plan Support Agreement and the Merger Agreement, and obtained the support of Fidelity (the largest holder of EFH unsecured notes and a significant holder of EFIH second lien notes) to the EFH Plan Support Agreement. The EFH Debtors and EFIH Debtors commenced and completed a Plan confirmation hearing in February 2017.

RLF1 17123938v.1

## The Debtors' Retention of RL&F

8.      On October 24, 2014, the Court entered the *Order Authorizing the Debtors to Retain and Employ Richards, Layton & Finger, P.A. as Co-Counsel Effective Nunc Pro Tunc to the Petition Date* [D.I. 2539] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference.  The Retention Order authorizes the Debtors to compensate and reimburse RL&F in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Committee Order, and the Interim Compensation Order.   The Retention Order also authorizes the Debtors to compensate RL&F at RL&F's hourly rates charged for services of this type and to reimburse RL&F for RL&F's actual and necessary out-of-pocket expenses incurred,[3] subject to application to this Court.[4]   The particular terms of RL&F's engagement, which were approved by the Court, are detailed in the engagement letter by and between RL&F and the Debtors, dated January 16, 2014, and attached hereto as **Exhibit C** (the "Engagement Letter").

9.      The Retention Order authorizes RL&F to provide the following services consistent with and in furtherance of the services enumerated above:

> a.   Provide Delaware law expertise to the Debtors, including advising the Debtors and K&E on issues of local practice and the Local Bankruptcy Rules;

---

[3] In providing a reimbursable expense, RL&F does not make a profit on that expense, whether the service is performed by RL&F in-house or through a third party, provided, however, that regarding providers of online legal research (*e.g.,* LEXIS and WESTLAW), RL&F charges all of its clients the standard usage rates these providers charge, which, due to contractual flat fees, may not always equal RL&F's actual cost.  RL&F currently is under contract to pay these providers a flat fee every month.  Charging its clients the online providers' standard usage rates allows RL&F to cover adequately the monthly flat fees it must pay to these providers, provided, further, however, that, during the Fee Period, RL&F billed long distance telephone charges at standard AT&T rates, which may not equal RL&F's actual cost.

[4] In accordance with the Retention Order, RL&F does not seek reimbursement of expenses for office supplies pursuant to this Fee Application. *See* Retention Order at ¶ 13.

8

b.  Act as Delaware counsel with respect to the Debtors' restructuring, including (i) reviewing, commenting on, and filing the various documents and pleadings principally drafted by K&E, and (ii) drafting certifications of counsel, certifications of no objection, notices, and other routine documents that are not principally drafted by K&E for filing in the Debtors' chapter 11 cases;

c.  Appear in court and at meetings on behalf of the Debtors;

d.  Interact and communicate with chambers outside of hearings; and

e.  Act as conflicts counsel independently from K&E in certain matters.

### **Disinterestedness of RL&F**

10.    To the best of the Debtors' knowledge and as disclosed in the (a) *Affidavit of Daniel J. DeFranceschi in Support of the Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Richards, Layton & Finger, P.A. as Co-Counsel Effective Nunc Pro Tunc to the Petition Date* [D.I. 659, Ex. B] (the "Original Affidavit"); (b) the *Supplemental Affidavit and Disclosure of Daniel J. DeFranceschi on Behalf of Richards, Layton & Finger, P.A.*, filed on October 23, 2014 [D.I. 2531] (the "Supplemental Affidavit"); (c) the *Second Supplemental Affidavit and Disclosure of Daniel J. DeFranceschi on Behalf of Richards, Layton & Finger, P.A.*, filed on December 22, 2014 [D.I. 3127] (the "Second Supplemental Affidavit"); (d) the *Third Supplemental Affidavit and Disclosure of Daniel J. DeFranceschi on Behalf of Richards, Layton & Finger, P.A.*, filed on December 22, 2015 [D.I. 7433] (the "Third Supplemental Affidavit"); (e) the *Fourth Supplemental Affidavit and Disclosure of Daniel J. DeFranceschi on Behalf of Richards, Layton & Finger, P.A.*, filed on January 5, 2016 [D.I. 7551] (the "Fourth Supplemental Affidavit"); (f) the *Fifth Supplemental Affidavit and Disclosure of Daniel J. DeFranceschi on Behalf of Richards, Layton & Finger, P.A.*, filed on January 6, 2017 [D.I. 10606] (the "Fifth Supplemental Affidavit"); and (g) the *Sixth Supplemental Affidavit and Disclosure of Daniel J. DeFranceschi on Behalf of Richards,*

9

*Layton & Finger, P.A.*, filed on January 9, 2017 [D.I. 10615] (the "Sixth Supplemental Affidavit" and together with the Original Affidavit, the Supplemental Affidavit, the Second Supplemental Affidavit, the Third Supplemental Affidavit, the Fourth Supplemental Affidavit, and the Fifth Supplemental Affidavit, the "RL&F Affidavits"), (i) RL&F is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates, (ii) RL&F neither holds nor represents an interest materially adverse to the Debtors or their estates, and (iii) RL&F has not represented any of the Debtors' creditors, equity security holders, or other parties-in-interest in any matter relating to the Debtors or their estates except as disclosed in the RL&F Affidavits.

11.    RL&F may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors in these chapter 11 cases. In the RL&F Affidavits, RL&F disclosed its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. RL&F will update the RL&F Affidavits, as appropriate, if RL&F becomes aware of relevant and material new information.

12.    RL&F performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

13.    Except to the extent of (a) the advance payments paid to RL&F that RL&F previously disclosed to this Court in the RL&F Affidavits, and (b) any payments made to RL&F by the Debtors after the Petition Date in accordance with the Interim Compensation Order and/or the Fee Committee Order, RL&F has received no payment and no promises for payment from

any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.[5]

14.     Pursuant to Bankruptcy Rule 2016(b), RL&F has not shared, nor has RL&F agreed to share, (a) any compensation it has received or may receive with another party or person other than with the directors of RL&F, or (b) any compensation another person or party has received or may receive.

### Summary of Compliance with Interim Compensation Order and Fee Committee Order

15.     This Fee Application has been prepared in accordance with the Interim Compensation Order and the Fee Committee Order.

16.     RL&F seeks interim compensation for professional services rendered to the Debtors during the Fee Period in the amount of $637,280.50 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $64,669.99. During the Fee Period, RL&F attorneys and paraprofessionals expended a total of 1,519.2 hours for the Debtors' benefit for which compensation is requested.

17.     RL&F has received payments totaling $576,143.17 under the Interim Compensation Order and the Fee Committee Order on account of fees and expenses incurred by RL&F during the Fee Period. RL&F has submitted Monthly Fee Statements (as defined in the Interim Compensation Order) for each of May, June, July, and August 2016, seeking payment of (a) 80% of the fees incurred by the Debtors for reasonable and necessary professional services

---

[5] Under the Merger and Purchase Agreement (attached as <u>Exhibit B</u> to the *Motion of Energy Future Holdings Corp. et al., to Authorize the Debtors to Enter Into and Perform Under the Plan Support Agreement* [D.I. 5248]) EFH Corp. is separately tracking certain fees and expenses incurred by the Debtors' professionals (including RL&F) in connection with certain Enforcement Actions (as defined in the Merger and Purchase Agreement). EFH Corp. is entitled to seek reimbursement from an entity owned by the Hunt Consortium (defined as the "Parent" in the Merger and Purchase Agreement) or the Purchasers (as defined in the Merger Agreement) for any such fees and expenses.

rendered by RL&F, and (b) 100% of the actual and necessary costs and expenses incurred by RL&F in connection with the services provided to the Debtors for each month.

18.     Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, RL&F seeks payment of the remaining $127,456.10, which represents the 20% holdback period on fees incurred during the Fee Period.[6]

## **Fees and Expenses Incurred During Fee Period**

**A.     Customary Billing Disclosures.**

19.     RL&F's hourly rates are set at a level designed to compensate RL&F fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure utilized by RL&F in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by RL&F for other restructuring matters, as well as similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. The rates and rate structure reflect that such restructuring and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures. For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit D** is a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtors during the Fee Period.

---

[6] Pursuant to the Retention Order, RL&F is required to apply any remaining portion of the retainer provided by the Debtors to RL&F (the "Retainer") first to prepetition fees and expenses, and then the first court-authorized post-petition fees and expenses. Specifically, paragraph 4 of the Retention Order states that, "RLF shall apply the remaining amount of the Retainer to satisfy the payment of allowed fees and expenses accruing after the Petition Date before seeking further payment from the Debtors in satisfaction of such allowed fees and expenses." *See* Retention Order at ¶ 4. As of the date of the filing of this Fee Application, the Retainer has been fully applied to previously allowed fees and expenses of RL&F and is exhausted.

**B.      Fees Incurred During Fee Period.**

20.      In the ordinary course of RL&F's practice, RL&F maintains computerized records of the time expended to render the professional services required by the Debtors and their estates.  For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit E** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- The name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- Each attorney's year of bar admission and area of practice concentration;

- The aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- The hourly billing rate for each attorney and each paraprofessional at RL&F's current billing rates;

- The hourly billing rate for each attorney and each paraprofessional as disclosed in the first interim application;

- The number of rate increases since the inception of the case; and

- A calculation of total compensation requested using the rates disclosed in the *Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Richards, Layton & Finger, P.A. as Co-Counsel Effective Nunc Pro Tunc to the Petition Date* [D.I. 659] (the "Retention Application").

**C.      Expenses Incurred During Fee Period.**

21.      In the ordinary course of RL&F's practice, RL&F maintains a record of expenses incurred in providing the professional services required by the Debtors and their estates and for which reimbursement is sought.   RL&F currently charges $0.10 per page for standard duplication and printing.  RL&F does not charge its clients for incoming facsimile transmissions.

22.    For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit F** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which RL&F is seeking reimbursement.

### Proposed Payment Allocation

23.    In accordance with paragraph 2(b) of the Interim Compensation Order, RL&F proposes the following allocation of the fees and expenses sought in this Application chargeable to either all of the Debtors or one of the following: (a) EFH Corp., (b) EFIH, or  (c) the TCEH Debtors:

| FEES | |
|---|---|
| **(comprised of $509,824.40 of fees (80% of $637,280.50))** | |
| **Debtor(s)** | **Amount Sought to be Paid** |
| ALL | $226,341.20 |
| EFH Corp. | $35,307.60 |
| EFIH | $24,686.40 |
| TCEH Debtors | $223,489.20 |
| *Total:* | $509,824.40 |
| **EXPENSES** | |
| **(comprised of 100% of $64,669.99)** | |
| **Debtor(s)** | **Amount** |
| All | $57,789.59 |
| EFH Corp. | $522.48 |
| EFIH | $1,519.39 |
| TCEH Debtors | $4,838.53 |

14

| | |
|---|---|
| *Total:* | $64,669.99 |
| *Grand Total:* | $574,494.39 |

## Summary of Legal Services Rendered During the Fee Period

24.    As discussed above, during the Fee Period, RL&F provided extensive and important professional services to the Debtors in connection with these chapter 11 cases.  These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

25.    To provide a meaningful summary of RL&F's services provided on behalf of the Debtors and their estates, RL&F has established, in accordance with its internal billing procedures, certain subject matter codes (each, a "Matter Code") in connection with these chapter 11 cases.  The following is a summary of the fees and hours billed for each Matter Code in the Fee Period:[7]

| Matter Code | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 180326A | [ALL] Case Administration | 163.6 | $44,460.50 |
| 180326B | [ALL] Creditor Inquiries | 5.0 | $2,156.00 |
| 180326C | [ALL] Meetings | 7.6 | $4,877.50 |
| 180326D | [ALL] Executory Contracts/Unexpired Leases | 5.8 | $2,570.00 |
| 180326E | [ALL] Automatic Stay/Adequate Protection | 0.0 | $0.00 |
| 180326F | [ALL] Plan of Reorganization/Disclosure Statement | 87.2 | $40,647.50 |
| 180326G | [ALL] Use, Sale of Assets | 8.3 | $3,740.00 |
| 180326H | [ALL] Cash Collateral/DIP Financing | 0.0 | $0.00 |

---

[7] In certain instances RL&F may have billed the same amount of fees but a different amount of hours to different Matter Categories.  This difference is the result of different staffing of each such Matter Code.

15

| Matter Code | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 180326I | [ALL] Claims Administration | 51.8 | $19,286.50 |
| 180326J | [ALL] Court Hearings | 103.6 | $42,716.50 |
| 180326K | [ALL] General Corporate/Real Estate | 3.2 | $1,475.00 |
| 180326L | [ALL] Schedules/SOFA/U.S. Trustee Reports | 8.9 | $3,349.00 |
| 180326M | [ALL] Employee Issues | 7.1 | $3,066.50 |
| 180326N | [ALL] Environmental | 4.4 | $2,060.00 |
| 180326O | [ALL] Tax Issues | 4.8 | $1,772.00 |
| 180326P | [ALL] Litigation/Adversary Proceedings | 87.0 | $39,652.50 |
| 180326Q-1 | [ALL] RL&F Retention | 0.3 | $96.00 |
| 180326Q-2 | [ALL] Retention of Others | 17.0 | $7,459.00 |
| 180326R-1 | [ALL] RL&F Fee Applications | 34.6 | $15,025.50 |
| 180326R-2 | [ALL] Fee Applications of Others | 118.1 | $48,516.50 |
| 180326S | [ALL] Vendors/Suppliers | 0.0 | $0.00 |
| 180326T | [ALL] Non-Working Travel | 0.0 | $0.00 |
| 180326U | [ALL] Utilities | 0.0 | $0.00 |
| 180326V | [ALL] Insurance | 0.0 | $0.00 |
| 180326A | [TCEH] Case Administration | 0.0 | $0.00 |
| 180326B | [TCEH] Creditor Inquiries | 0.9 | $324.00 |
| 180326C | [TCEH] Meetings | 0.0 | $0.00 |
| 180326D | [TCEH] Executory Contracts/Unexpired Leases | 8.6 | $4,165.00 |
| 180326E | [TCEH] Automatic Stay/Adequate Protection | 0.0 | $0.00 |
| 180326F | [TCEH] Plan of Reorganization/Disclosure Statement | 180.9 | $74,800.00 |
| 180326G | [TCEH] Use, Sale of Assets | 10.0 | $4,156.00 |
| 180326H | [TCEH] Cash Collateral/DIP Financing | 25.7 | $12,000.00 |
| 180326I | [TCEH] Claims Administration | 10.9 | $5,557.00 |
| 180326J | [TCEH] Court Hearings | 347.3 | $144,223.00 |
| 180326K | [TCEH] General Corporate/Real Estate | 0.9 | $457.00 |
| 180326L | [TCEH] Schedules/SOFA/U.S. Trustee Reports | 0.0 | $0.00 |
| 180326M | [TCEH] Employee Issues | 0.0 | $0.00 |
| 180326N | [TCEH] Environmental | 0.0 | $0.00 |
| 180326O | [TCEH] Tax Issues | 2.8 | $1,354.00 |

16

| Matter Code | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 180326P | [TCEH] Litigation/Adversary Proceedings | 56.4 | $30,995.50 |
| 180326Q-1 | [TCEH] RL&F Retention | 0.0 | $0.00 |
| 180326Q-2 | [TCEH] Retention of Others | 0.3 | $165.00 |
| 180326R-1 | [TCEH] RL&F Fee Applications | 0.0 | $0.00 |
| 180326R-2 | [TCEH] Fee Applications of Others | 2.4 | $1,165.00 |
| 180326S | [TCEH] Vendors/Suppliers | 0.0 | $0.00 |
| 180326T | [TCEH] Non-Working Travel | 0.0 | $0.00 |
| 180326U | [TCEH] Utilities | 0.0 | $0.00 |
| 180326V | [TCEH] Insurance | 0.0 | $0.00 |
| 180326A | [EFIH] Case Administration | 0.0 | $0.00 |
| 180326B | [EFIH] Creditor Inquiries | 0.0 | $0.00 |
| 180326C | [EFIH] Meetings | 0.0 | $0.00 |
| 180326D | [EFIH] Executory Contracts/Unexpired Leases | 0.0 | $0.00 |
| 180326E | [EFIH] Automatic Stay/Adequate Protection | 0.0 | $0.00 |
| 180326F | [EFIH] Plan of Reorganization/Disclosure Statement | 5.0 | $2,843.00 |
| 180326G | [EFIH] Use, Sale of Assets | 1.8 | $969.00 |
| 180326H | [EFIH] Cash Collateral/DIP Financing | 0.5 | $244.00 |
| 180326I | [EFIH] Claims Administration | 0.2 | $48.00 |
| 180326J | [EFIH] Court Hearings | 0.1 | $55.00 |
| 180326K | [EFIH] General Corporate/Real Estate | 0.0 | $0.00 |
| 180326L | [EFIH] Schedules/SOFA/U.S. Trustee Reports | 0.0 | $0.00 |
| 180326M | [EFIH] Employee Issues | 0.0 | $0.00 |
| 180326N | [EFIH] Environmental | 0.0 | $0.00 |
| 180326O | [EFIH] Tax Issues | 0.0 | $0.00 |
| 180326P | [EFIH] Litigation/Adversary Proceedings | 55.9 | $25,493.00 |
| 180326Q-1 | [EFIH] RL&F Retention | 0.0 | $0.00 |
| 180326Q-2 | [EFIH] Retention of Others | 0.4 | $220.00 |
| 180326R-1 | [EFIH] RL&F Fee Applications | 0.0 | $0.00 |
| 180326R-2 | [EFIH] Fee Applications of Others | 2.3 | $986.00 |
| 180326S | [EFIH] Vendors/Suppliers | 0.0 | $0.00 |
| 180326T | [EFIH] Non-Working Travel | 0.0 | $0.00 |

17

| Matter Code | Project Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 180326U | [EFIH] Utilities | 0.0 | $0.00 |
| 180326V | [EFIH] Insurance | 0.0 | $0.00 |
| 180326A | [EFH] Case Administration | 0.1 | $55.00 |
| 180326B | [EFH] Creditor Inquiries | 0.0 | $0.00 |
| 180326C | [EFH] Meetings | 0.0 | $0.00 |
| 180326D | [EFH] Executory Contracts/Unexpired Leases | 1.6 | $756.00 |
| 180326E | [EFH] Automatic Stay/Adequate Protection | 0.0 | $0.00 |
| 180326F | [EFH] Plan of Reorganization/Disclosure Statement | 60.8 | $30,365.50 |
| 180326G | [EFH] Use, Sale of Assets | 0.0 | $0.00 |
| 180326H | [EFH] Cash Collateral/DIP Financing | 0.0 | $0.00 |
| 180326I | [EFH] Claims Administration | 0.3 | $165.00 |
| 180326J | [EFH] Court Hearings | 5.8 | $3,062.50 |
| 180326K | [EFH] General Corporate/Real Estate | 2.7 | $1,352.00 |
| 180326L | [EFH] Schedules/SOFA/U.S. Trustee Reports | 0.0 | $0.00 |
| 180326M | [EFH] Employee Issues | 0.0 | $0.00 |
| 180326N | [EFH] Environmental | 0.0 | $0.00 |
| 180326O | [EFH] Tax Issues | 0.0 | $0.00 |
| 180326P | [EFH] Litigation/Adversary Proceedings | 11.0 | $5,573.50 |
| 180326Q-1 | [EFH] RL&F Retention | 0.0 | $0.00 |
| 180326Q-2 | [EFH] Retention of Others | 0.6 | $330.00 |
| 180326R-1 | [EFH] RL&F Fee Applications | 0.6 | $330.00 |
| 180326R-2 | [EFH] Fee Applications of Others | 4.1 | $2,145.00 |
| 180326S | [EFH] Vendors/Suppliers | 0.0 | $0.00 |
| 180326T | [EFH] Non-Working Travel | 0.0 | $0.00 |
| 180326U | [EFH] Utilities | 0.0 | $0.00 |
| 180326V | [EFH] Insurance | 0.0 | $0.00 |
| **TOTALS** | | **1,519.2** | **$637,280.50** |

26.    The following is a summary, by Matter Code, of the most significant professional services provided by RL&F during the Fee Period. This summary is organized in accordance with RL&F's internal system of matter numbers. The detailed descriptions demonstrate that RL&F was heavily involved in performing services for the Debtors on a daily basis, often

18

including night and weekend work, to meet the needs of the Debtors' estates in these chapter 11

cases.  A schedule setting forth a description of the Matter Categories utilized in this case; the

number of hours expended by RL&F directors, counsels, associates, and paraprofessionals by

matter; and the aggregate fees associated with each matter is attached hereto as **Exhibit G**.

27.   In addition, RL&F's computerized records of time expended providing

professional services to the Debtors and their estates are attached hereto as **Exhibit H**, and

RL&F's records of expenses incurred during the Fee Period in the rendition of professional

services to the Debtors and their estates are attached as **Exhibit I**.

**I.       Fees Incurred on Behalf of All of the Debtors' Estates**

**A.      [A-ALL] Case Administration/Miscellaneous Matters**

Fees: $44,460.50              Total Hours: 163.6

This category includes all matters related to maintenance of calendars, critical

date lists, communications with the Debtors' claims and noticing agent, Epiq Bankruptcy

Solutions, LLC ("Epiq"), concerning myriad service issues, review of work in process reports,

review of notices of appearance, and maintaining service lists, none of which are specifically

attributable to any one of the Debtors' estates rather than all of the Debtors generally.

**B.      [B-ALL] Creditor Inquiries**

Fees: $2,156.00              Total Hours: 5.0

This category includes all matters related to responding to creditor inquiries not

specific to any one of the Debtors' estates.

**C.      [C-ALL] Meetings**

Fees: $4,877.50              Total Hours: 7.6

This category includes all matters, applicable to all of the Debtors generally,

19

related to preparing for and attending meetings with Debtors, the creditors' committees, individual creditors, the U.S. Trustee, co-counsel, and the Debtors' other professionals, including attendance at and participation in work-in-process calls and meetings.

### D.    [D-ALL] Executory Contracts/Unexpired Leases

Fees: $2,570.00                 Total Hours: 5.8

This category includes all matters, applicable to all of the Debtors generally, related to contract and lease analysis and matters related to assumption, assignment, or rejection of executory contracts and unexpired leases.

### E.    [E-ALL] Automatic Stay/Adequate Protection

Fees: $0.00                 Total Hours: 0.0

This category includes all matters, applicable to all of the Debtors generally, related to and including all motions to modify the automatic stay, issues related to the effect of the automatic stay or pending matters, and all other types of actions where adequate protection is the central issue.

### F.    [F-ALL] Plan of Reorganization/Disclosure Statement

Fees: $40,647.50                 Total Hours: 87.2

This category includes all matters related to review, formulation, negotiation, preparation, and promulgation of plans of reorganization, disclosure statements, and related corporate documentation and research relating thereto, including reviewing, revising, consideration of, and filing a motion to assume a restructuring support agreement in these cases and supporting declarations. Specifically, during the Fee Period, RL&F's attorneys and paraprofessionals spent time:

      i.    communicating and coordinating with K&E regarding the Debtors' efforts to consummate the transactions contemplated by the Confirmed Plan;

ii.    communicating and coordinating with K&E with respect to the New Plan and the New Disclosure Statement;

iii.    reviewing and commenting on drafts of the New Plan and New Disclosure Statement filed on May 1, 2016;[8]

iv.    reviewing, revising, and filing the Scheduling Motion;

v.    reviewing and analyzing the various objections filed to the Scheduling Motion; and

vi.    reviewing, revising, and filing the Debtors' omnibus reply to the various objections filed in response to the Scheduling Motion.[9]

**G.    [G-ALL] Use, Sale, Lease of Assets**

Fees: $3,740.00                    Total Hours: 8.3

This category includes all matters, applicable to all of the Debtors generally, relating to acquisitions, dispositions, and other post-petition uses of property of the Debtors.

**H.    [H-ALL] Cash Collateral/DIP Financing**

Fees: $0.00                    Total Hours: 0.0

This category includes all matters relating to negotiation and documentation of debtor in possession financing and post-confirmation financing, all cash collateral issues, and related pleadings not specific to any one of the Debtors' estates.

**I.    [I-ALL] Claims Administration**

Fees: $19,286.50                    Total Hours: 51.8

This category includes all matters related to and including claims administration

---

[8] *See Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code; Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code.*

[9] *See Debtors' Omnibus Reply in Support of their Motion for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Confirmation of Debtors' Joint Plan of Reorganization and the Approval of Debtors' Disclosure Statement* [D.I. 8479].

21

matters and bar date matters, including claims objections and related contested matters not specific to any one of the Debtors' estates. To date, creditors have filed more than 10,000 non-asbestos proofs of claim and more than 30,000 asbestos proofs of claim in these chapter 11 cases. Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time, among other things:

> i.    reviewing, revising, and filing three omnibus objections to claims, which resulted in (a) the court disallowing or modifying 57 proofs of claim to reduce the total amount asserted against the Debtors by $2,275,812.09 and (b) the consensual resolution of two contract rejection damages claims;[10]

> ii.   working with K&E to assist in creating a schedule and protocol to adjudicate contested objections to the claims filed by certain *pro se* claimants;[11]

> iii.  assisting K&E in addressing formal and informal responses to the omnibus objections and advising K&E on issues of local practice and procedure with respect to the same.

### J.    [J-ALL] Court Hearings

Fees: $42,716.50          Total Hours: 103.6

This category includes all matters, applicable to all of the Debtors generally, relating to preparation for and attendance at court hearings, including the monthly omnibus hearings scheduled in the Debtors' chapter 11 cases. RL&F believes that its staffing levels at hearings during the Fee Period were reasonable and appropriate. Specifically, where RL&F

---

[10] *See Debtors' Forty-First Omnibus (Non-Substantive) Objection to Amended Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 8726]; *Debtors' Forty-Second Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 8728]; *Debtors' Forty-Third Omnibus (Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 8730].

[11] *See Motion of Energy Future Holdings Corp., et al., for Entry of an Order (I) Scheduling Hearing Dates and Certain Deadlines and Establishing Certain Procedures in Connection with Adjudicating Contested Objections to Pro Se Claims and (II) Approving Notice Thereof* [D.I. 9011].

22

staffed multiple associates at hearings, those attorneys were necessary to assist K&E attorneys and other client representatives in connection with matters taking place during the course of the hearing (*i.e.,* revising documents, orders, demonstratives, and completing similar tasks taking place in or outside of the courtroom during active court proceedings). RL&F does not, as a general practice, bill for associate time where associates were merely observing the proceedings for informational or educational purposes only. Rather, when RL&F bills associate time for hearing attendance, the associates are generally staffed to play an active role during the hearing to assist K&E and others acting on the Debtors' behalf, even if not actually presenting any matters to the Court during the hearing. Multiple directors of RL&F have attended relatively few hearings in these cases, and in no instance during the Fee Period did more than one director attend any one hearing. Although the role of RL&F's attorneys at hearings may not specifically include presenting matters to the Court at the hearing, they are often providing real-time information and advice to the K&E attorneys present at the hearing who are making presentations to the Court, thereby adding value by being present. Additionally, one counsel from RL&F has attended most hearings in these cases during the Fee Period in addition to the lead engagement director. The counsel in attendance at most hearings in these cases is the day-to-day "point person" for K&E and many of the Debtors' other professionals in these cases, who coordinates and files many of the documents filed on the Debtors' behalf that are being presented throughout the course of the hearings. Additionally, the managing director and the counsel staffed on this engagement each frequently coordinate with Chambers concerning hearing agendas and scheduling matters, making such attorneys necessary and appropriate to attend hearings.

23

### K.    [K-ALL] General Corporate/Real Estate

Fees: $1,475.00                    Total Hours: 3.2

This category includes all matters relating to transactional, corporate governance, and related matters involving the Debtors' business operations that are not part of a plan of reorganization or disclosure statement and not specific to any one of the Debtors' estates.

### L.    [L-ALL] Schedules/SOFA/U.S. Trustee Reports

Fees: $3,349.00                    Total Hours: 8.9

This category includes the review and filing of monthly operating reports and any other reports required by the U.S. Trustee or the Court not specific to any one of the Debtors' estates. Specifically, during the Fee Period, RL&F attorneys and/or paraprofessionals spent time (i) reviewing and filing monthly operating reports in the Debtors' chapter 11 cases; (ii) responding to certain information requests from the U.S. Trustee; and (iii) addressing certain issues concerning U.S. Trustee fees and related matters.

### M.    [M-ALL] Employee Issues

Fees: $3,066.50                    Total Hours: 7.1

This category includes all matters related to employee wages, benefits, collective bargaining issues, other employee relations matters, ERISA, and retirement benefits not specific to any one of the Debtors' estates. Specifically, during the Fee Period, RL&F attorneys and/or paraprofessionals spent time reviewing, revising, and filing a motion to increase the limit on the authority to pay non-insider severance[12] and assisting K&E's efforts to secure Court approval of

---

[12] *See Motion of Energy Future Holdings Corp., et al., for Entry of a Second Order Approving an Increase in the Limit on the Debtors' Authority to Pay Non-Insider Severance* [D.I. 8666].

same.[13]

### N.    [N-ALL] Environmental

Fees: $2,060.00                    Total Hours: 4.4

This category includes all environmental matters other than environmental aspects

of a plan of reorganization and not specific to any one of the Debtors' estates.

### O.    [O-ALL] Tax Issues

Fees: $1,772.00                    Total Hours: 4.8

This category includes all federal and state income, property, employment, excise,

and other tax matters other than the tax aspects of a plan of reorganization and not specific to any

one of the Debtors' estates.    Specifically, during the Fee Period, RL&F attorneys and/or

paraprofessionals spent time reviewing, revising, and filing the Tax Matters Agreement.[14]

### P.    [P-ALL] Litigation/Adversary Proceedings

Fees: $39,652.50                   Total Hours: 87.0

This category includes all matters relating to litigation and adversary proceedings

not specific to any one of the Debtors' estates, including, among other matters, working with

K&E during the Fee Period to:

  iv.      review, revise, and file appellate briefing regarding the Court's orders
           denying an asbestos objection to the Confirmed Plan and a motion to grant
           class certification to unmanifested asbestos claimants;[15]

---

[13] *See Second Order Approving an Increase in the Limit on the Debtors' Authority to Pay Non-Insider Severance* [D.I. 8811].

[14] *See Notice of Filing of Revised "Form of Tax Matters Agreement by and Among Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance Inc. and [Reorganized TCEH]"* [D.I. 9305].

[15] *See Appellees' Motion to Dismiss Fenicle and Fahy Appeal* [D. Del. 15-1183, D.I. 38]; *Emergency Motion to Stay Briefing Deadlines* [D. Del. 15-1183, D.I. 40]; *Brief of Appellees* [D. Del. 15-1183, D.I. 43].

25

v.    continue to respond to an appeal by a *pro se* claimant of the Court's denial of the claimant's $1.8 billion claim;[16] and

vi.    reviewing, revising, and filing a motion to further extend the Debtors' time to remove civil actions[17] and assisting the Debtors in obtaining entry of an order approving the same.[18]

### Q-1.    [Q-1-ALL] RL&F Applications

Fees: $96.00                    Total Hours: 0.3

This category includes all matters related to preparing applications to retain RL&F and supplements thereto as required by section 327(a) of the Bankruptcy Code, the Local Bankruptcy Rules, and orders of the Court.

### Q-2.    [Q-2-ALL] Retention of Others

Fees: $7,459.00                Total Hours: 17.0

This category includes time spent reviewing applications for retention by other professionals, objecting to the retention of other professionals, and assisting other professionals with preparing and filing retention applications. Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time:

i.    reviewing and filing two ordinary course professional's supplemental declarations of disinterestedness;[19]

ii.    corresponding with the Debtors' professionals regarding, among other things, supplemental declarations and the scope of the professionals' services;

iii.    reviewing, revising, and filing updated schedules of ordinary course professionals;[20] and

---

[16] *See* D.I. 26, 28 in D. Del. Civ. Action No. 15-1213 (RGA).

[17] *See Motion of Energy Future Holdings Corp., et al., for Entry of an Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 8665].

[18] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 8795].

[19] *See* D.I. 8900, 9290.

26

iv.    facilitating the Debtors' retention of any professionals other than RL&F.

**R-1.    [R-1-ALL] RL&F Fee Application**

Fees: $15,025.50                    Total Hours: 34.6

This category includes all time spent preparing, reviewing, filing, circulating, and/or relating to monthly billing memoranda and fee applications for RL&F, including reviewing and revising RL&F's billing memoranda for issues of attorney-client privilege and compliance with applicable Court orders, guidelines, and rules. Among other things, during the Fee Period, RL&F attorneys and paraprofessionals spent time drafting, revising, finalizing, and filing five monthly fee statements.[21]

**R-2.    [R-2-ALL] Fee Application of Others**

Fees: $48,516.50                    Total Hours: 118.1

This category includes time spent reviewing invoices or fee applications of other professionals, objecting to fees of other professionals, and assisting the Debtors' other professionals with filing and distributing monthly fee statements.

**S.    [S-ALL] Vendor/Supplies**

Fees: $0.00                    Total Hours: 0.0

This category includes all matters related to vendors and suppliers, including reclamation issues not specific to any one of the Debtors' estates.

**T.    [T-ALL] Non-Working Travel**

Fees: $0.00                    Total Hours: 0.0

This category includes all travel time not otherwise chargeable.

---

[20] *See* D.I. 9292.

[21] *See* D.I. 8373, 8577, 8843, 9162, 9455.

27

### U.    [U-ALL] Utilities

Fees: $0.00                    Total Hours: 0.0

This category includes all matters related to utility issues not specific to any one of the Debtors' estates.

### V.    [V-ALL] Insurance

Fees: $0.00                    Total Hours: 0.0

This category includes all matters related to insurance policies or coverage not specific to any one of the Debtors' estates.

## II.    Fees Incurred on Behalf of the TCEH Debtors' Estates

### A.    [A-TCEH] Case Administration/Miscellaneous Matters

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to maintenance of calendars, critical date lists, communications with Epiq concerning myriad service issues, review of work in process reports, review of notices of appearance, and maintaining service lists.

### B.    [B-TCEH] Creditor Inquiries

Fees: $324.00                    Total Hours: 0.9

This category includes all matters related to responding to creditor inquiries specific to the TCEH Debtors' estates.

### C.    [C-TCEH] Meetings

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to preparing for and attending meetings with Debtors, the creditors' committees, individual

28

creditors, the U.S. Trustee, co-counsel, and the Debtors' other professionals, including attendance at and participation in work-in-process calls and meetings.

### D.    [D-TCEH] Executory Contracts/Unexpired Leases

Fees: $4,165.00              Total Hours: 8.6

This category includes all matters specific to the TCEH Debtors' estates related to contract and lease analysis and matters related to assumption, assignment, or rejection of executory contracts and unexpired leases. During the Fee Period, RL&F attorneys and paraprofessionals spent time reviewing, revising, and filing various stipulations to extend the period to assume or reject leases of nonresidential property and preparing certifications of counsel in connection with the same.

### E.    [E-TCEH] Automatic Stay/Adequate Protection

Fees: $0.00                Total Hours: 0.0

This category includes all matters related to and including all motions to modify the automatic stay, issues related to the effect of the automatic stay or pending matters, and all other types of actions where adequate protection is the central issue specific to the TCEH Debtors.

### F.    [F-TCEH] Plan of Reorganization/Disclosure Statement

Fees: $74,800.00              Total Hours: 180.9

This category includes all matters specific to the TCEH Debtors' estates related to review, formulation, negotiation, preparation, and promulgation of plans of reorganization, disclosure statements, and related corporate documentation. During the Fee Period, RL&F attorneys and paraprofessionals spent time:

v.      reviewing, revising, and filing various iterations of the Plan and the TCEH Disclosure Statement and related solicitation materials;[22]

vi.      communicating and coordinating with K&E and the Debtors regarding confirmation as it relates to the TCEH Debtors and EFH Shared Services Debtors;

vii.      reviewing and analyzing the various objections to the Plan as it applies to the TCEH Debtors and EFH Shared Services Debtors;

viii.      reviewing, revising, commenting on, and filing briefing related to the TCEH Confirmation Hearing;[23]

ix.      assisting K&E and the Debtors in successfully defending against a motion seeking to compel mediation in connection with the Plan as it relates to the TCEH Debtors and EFH Shared Services Debtors;[24] and

x.      reviewing, revising, and filing the TCEH Plan Supplement and amendments thereto.[25]

**G.     [G-TCEH] Use, Sale, Lease of Assets**

Fees: $4,156.00         Total Hours: 10.0

This category includes all matters relating to acquisitions, dispositions, and other post-petition uses of property of the TCEH Debtors.

**H.     [H-TCEH] Cash Collateral/DIP Financing**

Fees: $12,000.00        Total Hours: 25.7

This category includes all matters relating to TCEH Debtors' efforts in connection

---

[22] *See Order (A) Approving the Disclosure Statement of the TCEH Debtors and the EFH Shared Services Debtors, (B) Establishing the TCEH Voting Record Date, TCEH Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan as to the TCEH Debtors and EFH Shared Services Debtors, and (D) Approving the Manner and Forms of Notice and Other Related Documents* [D.I. 8761].

[23] *See Debtors' Post-Trial Memorandum in Support of Confirmation of the Third Amended Joint Plan of Reorganization as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 9391].

[24] *See Contrarian Capital Management, LLC's Motion to Compel Mediation of Disputes Concerning Certain Plan Confirmation Issues* [D.I. 8890].

[25] *See Plan Supplement as it Relates to the TCEH Debtors and EFH Shared Services Debtors for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9188].

with the TCEH DIP Facility and/or the TCEH Cash Collateral Order. Specifically, during the

Fee Period, RL&F attorneys and paraprofessionals spent time (i) reviewing, revising, and filing

the *Motion of Texas Competitive Electric Holdings Company LLC and Certain of Its Debtor*

*Affiliates, for Entry of Orders (I)(A) Authorizing the TCEH Debtors to (X) Enter Into the*

*Postpetition Financing Commitment Letter and the Fee Letter (Y) Pay Associated Fees and*

*Expenses, and (B) Granting Related Relief and (II)(A) Approving Postpetition Financing for*

*Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B)*

*Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing*

*Refinancing of Secured Post-Petition Debt and (D) Modifying the Automatic Stay* [D.I. 8668]

and assisting K&E and the Debtors in obtaining the entry of an order approving the same, and

(ii) obtaining Court approval for the TCEH Debtors to enter into an exit financing facility.[26]

### I.    **[I-TCEH] Claims Administration**

Fees: $5,557.00          Total Hours: 10.9

This category includes all matters specific to the TCEH Debtors' estates related to

and including claims administration.

### J.    **[J-TCEH] Court Hearings**

Fees: $144,223.00          Total Hours: 347.3

17.    This category includes all matters relating to preparation for and attendance at

court hearings specific to the TCEH Debtors' estates. Specifically, during the Fee Period, RL&F

attorneys and paraprofessionals spent time preparing for and attending:

    i.        a hearing to consider approval of the TCEH Disclosure Statement;

    ii.       two pre-trial conferences regarding the TCEH Confirmation Hearing; and

---

[26] *See Order (A) Authorizing the Debtors to (I) Enter Into the Exit Financing Commitment Letter and the Fee Letter, (II) Pay Associated Fees and Expenses, and (B) Granting Related Relief* [D.I. 8815].

31

iii.     the six-day hearing to consider Plan confirmation as it relates to the TCEH Debtors and EFH Shared Services Debtors.

### K.    [K-TCEH] General Corporate/Real Estate

Fees: $457.00          Total Hours: 0.9

This category includes all matters specific to the TCEH Debtors' estates relating to transactional issues and corporate governance.

### L.    [L-TCEH] Schedules/SOFA/U.S. Trustee Reports

Fees: $0.00          Total Hours: 0.0

This category includes all tasks in connection with U.S. Trustee reporting issues and information requests specific to the TCEH Debtors' estates.

### M.    [M-TCEH] Employee Issues

Fees: $0.00          Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to employee wages, benefits, collective bargaining issues, other employee relations matters, ERISA, and retirement benefits.

### N.    [N-TCEH] Environmental

Fees: $0.00          Total Hours: 0.0

This category includes all environmental matters specific to the TCEH Debtors' estates.

### O.    [O-TCEH] Tax Issues

Fees: $1,354.00         Total Hours: 2.8

This category includes all federal and state income, property, employment, excise, and other tax matters specific to the TCEH Debtors' estates, other than the tax aspects of a plan of reorganization. Specifically, during the Fee Period, RL&F attorneys and paraprofessionals

spent time reviewing, revising, and filing an objection to a proof of claim filed by the City of Dallas, Texas.[27]

### P.    [P-TCEH] Litigation/Adversary Proceedings

Fees: $30,995.50          Total Hours: 56.4

This category includes all matters specific to the TCEH Debtors' estates relating to litigation, adversary proceedings, and appeals.  Specifically, during the Fee Period, RL&F attorneys and paraprofessionals spent time, among other things, (i) reviewing discovery requests and responses and objections to discovery requests in connection with the Plan confirmation proceedings for the TCEH Debtors and EFH Shared Services Debtors; (ii) telephonically attending various fact and expert witnesses depositions in connection with the Plan confirmation proceedings for the TCEH Debtors and EFH Shared Services Debtors; and (iii) reviewing, revising, and filing motions *in limine* in connection with the Plan confirmation proceedings for the TCEH Debtors and EFH Shared Services Debtors.[28]

### Q-1.    [Q-1-TCEH] RL&F Applications

Fees: $0.00          Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to preparing applications to retain RL&F and supplements thereto.

### Q-2.    [Q-2-TCEH] Retention of Others

Fees: $165.00          Total Hours: 0.3

This category includes time specific to the TCEH Debtors' estates spent reviewing applications for retention by other professionals, objecting to the retention of other

---

[27] *See Objection of Energy Future Holdings Corp., et al., to Proof of Claim 13319 Filed by the City of Dallas* [D.I. 9409].

[28] *See* D.I. 9219, 9220, 9221, 9222, 9223.

professionals, and assisting other professionals with preparing and filing retention applications.

### R-1.    [R-1-TCEH] RL&F Fee Application

Fees: $0.00                    Total Hours: 0.0

This category includes all time specific to the TCEH Debtors' estates spent preparing, reviewing, filing, circulating, and/or relating to monthly billing memoranda and fee applications for RL&F.

### R-2.    [R-2-TCEH] Fee Application of Others

Fees: $1,165.00              Total Hours: 2.4

This category includes all time specific to the TCEH Debtors' estates spent reviewing invoices or applications of other professionals, objecting to fees of other professionals, and assisting other professionals with filing and circulating monthly invoices and applications.

### S.    [S-TCEH] Vendor/Supplies

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to vendors and suppliers, including reclamation issues.

### T.    [T-TCEH] Non-Working Travel

Fees: $0.00                    Total Hours: 0.0

This category includes all travel time specific to the TCEH Debtors' estates not otherwise chargeable.

### U.    [U-TCEH] Utilities

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to utility issues.

### V.    [V-TCEH] Insurance

Fees: $0.00                      Total Hours: 0.0

This category includes all matters specific to the TCEH Debtors' estates related to insurance policies or coverage.

## III.    Fees Incurred on Behalf of the EFIH Debtors' Estates

### A.    [A-EFIH] Case Administration/Miscellaneous Matters

Fees: $0.00                      Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to maintenance of calendars, critical date lists, communications with Epiq concerning myriad service issues, review of work in process reports, review of notices of appearance, and maintaining service lists.

### B.    [B-EFIH] Creditor Inquiries

Fees: $0.00                      Total Hours: 0.0

This category includes all matters related to responding to creditor inquiries specific to the EFIH Debtors' estates.

### C.    [C-EFIH] Meetings

Fees: $0.00                      Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to preparing for and attending meetings with Debtors, the creditors' committees, individual creditors, the U.S. Trustee, co-counsel, and the Debtors' other professionals, including attendance at and participation in work-in-process calls and meetings.

35

### D.    [D-EFIH] Executory Contracts/Unexpired Leases

Fees: $0.00                      Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to contract and lease analysis and matters related to assumption, assignment, or rejection of executory contracts and unexpired leases.

### E.    [E-EFIH] Automatic Stay/Adequate Protection

Fees: $0.00                      Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to and including all motions to modify the automatic stay, issues related to the effect of the automatic stay or pending matters, and all other types of actions where adequate protection is the central issue.

### F.    [F-EFIH] Plan of Reorganization/Disclosure Statement

Fees: $2,843.00                  Total Hours: 5.0

This category includes all matters specific to the EFIH Debtors' estates related to review, formulation, negotiation, preparation, and promulgation of plans of reorganization, disclosure statements, and related corporate documentation.

### G.    [G-EFIH] Use, Sale, Lease of Assets

Fees: $969.00                    Total Hours: 1.8

This category includes all matters relating to acquisitions, dispositions, and other post-petition uses of property of the EFIH Debtors.

### H.    [H-EFIH] Cash Collateral/DIP Financing

Fees: $244.00                    Total Hours: 0.5

This category includes all matters relating to negotiation and documentation of debtor in possession financing specific to the EFIH Debtors' estates.

36

## I.    [I-EFIH] Claims Administration

Fees: $48.00                          Total Hours: 0.2

This category includes all matters specific to the EFIH Debtors' estates related to and including claims administration.

## J.    [J-EFIH] Court Hearings

Fees: $55.00                          Total Hours: 0.1

This category includes all matters relating to preparation for and attendance at court hearings specific to the EFIH Debtors' estates.

## K.    [K-EFIH] General Corporate/Real Estate

Fees: $0.00                           Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates relating to transactional issues and corporate governance.

## L.    [L-EFIH] Schedules/SOFA/U.S. Trustee Reports

Fees: $0.00                           Total Hours: 0.0

This category includes all tasks in connection with U.S. Trustee reporting issues and information requests specific to the EFIH Debtors' estates.

## M.    [M-EFIH] Employee Issues

Fees: $0.00                           Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to employee wages, benefits, collective bargaining issues, other employee relations matters, ERISA, and retirement benefits.

RLF1 17123938v.1

### N.    [N-EFIH] Environmental

Fees: $0.00                     Total Hours: 0.0

This category includes all environmental matters specific to the EFIH Debtors'

estates.

### O.    [O-EFIH] Tax Issues

Fees: $0.00                     Total Hours: 0.0

This category includes all federal and state income, property, employment, excise,

and other tax matters specific to the EFIH Debtors' estates, other than the tax aspects of a plan of

reorganization.

### P.    [P-EFIH] Litigation/Adversary Proceedings

Fees: $25,493.00               Total Hours: 55.9

This category includes all matters relating to litigation and adversary proceedings

specific to the EFIH Debtors' estates.    During the Fee Period, RL&F attorneys and

paraprofessionals spent time addressing contested matters and adversary proceedings with EFIH

creditors, in particular the litigations regarding the EFIH First Lien, the EFIH Second Lien, and

the EFIH Unsecured makewhole litigations.

### Q-1.    [Q-1-EFIH] RL&F Applications

Fees: $0.00                     Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to

preparing applications to retain RL&F and supplements thereto.

### Q-2.    [Q-2-EFIH] Retention of Others

Fees: $220.00                   Total Hours: 0.4

This category includes time specific to the EFIH Debtors' estates spent reviewing

38

applications for retention by other professionals, objecting to the retention of other professionals, and assisting other professionals with preparing and filing retention applications.

### R-1.    [R-1-EFIH] RL&F Fee Application

Fees: $0.00                          Total Hours: 0.0

This category includes all time specific to the EFIH Debtors' estates spent preparing, reviewing, filing, circulating, and/or relating to monthly billing memoranda and fee applications for RL&F.

### R-2.    [R-2-EFIH] Fee Application of Others

Fees: $986.00                        Total Hours: 2.3

This category includes all time specific to the EFIH Debtors' estates spent reviewing invoices or applications of other professionals, objecting to fees of other professionals, and assisting other professionals with filing and circulating monthly invoices and applications.

### S.    [S-EFIH] Vendor/Supplies

Fees: $0.00                          Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to vendors and suppliers, including reclamation issues.

### T.    [T-EFIH] Non-Working Travel

Fees: $0.00                          Total Hours: 0.0

This category includes all travel time specific to the EFIH Debtors' estates not otherwise chargeable.

### U.    [U-EFIH] Utilities

Fees: $0.00                          Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to utility issues.

39

### V.     [V-EFIH] Insurance

Fees: $0.00                     Total Hours: 0.0

This category includes all matters specific to the EFIH Debtors' estates related to insurance policies or coverage.

## IV.   Fees Incurred on Behalf of the EFH Estate

### A.     [A-EFH] Case Administration/Miscellaneous Matters

Fees: $55.00                   Total Hours: 0.1

This category includes all matters specific to EFH's estate related to maintenance of calendars, critical date lists, communications with Epiq concerning myriad service issues, review of work in process reports, review of notices of appearance, and maintaining service lists.

### B.     [B-EFH] Creditor Inquiries

Fees: $0.00                     Total Hours: 0.0

This category includes all matters related to responding to creditor inquiries specific to EFH's estate.

### C.     [C-EFH] Meetings

Fees: $0.00                     Total Hours: 0.0

This category includes all matters specific to EFH's estate related to preparing for and attending meetings with Debtors, the creditors' committees, individual creditors, the U.S. Trustee, co-counsel, and the Debtors' other professionals, including attendance and participation in work-in-process calls and meetings.

### D.     [D-EFH] Executory Contracts/Unexpired Leases

Fees: $756.00                  Total Hours: 1.6

This category includes all matters specific to EFH's estate related to contract and

lease analysis and matters related to assumption, assignment, or rejection of executory contracts and unexpired leases.

### E.    [E-EFH] Automatic Stay/Adequate Protection

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to EFH's estate related to and including all motions to modify the automatic stay, issues related to the effect of the automatic stay or pending matters, and all other types of actions where adequate protection is the central issue.

### F.    [F-EFH] Plan of Reorganization/Disclosure Statement

Fees: $30,365.50                Total Hours: 60.8

This category includes all matters specific to EFH's estate related to review, formulation, negotiation, preparation, and promulgation of plans of reorganization, disclosure statements, and related corporate documentation. During the Fee Period, RL&F attorneys and paraprofessionals spent time:

iv.    reviewing, revising, commenting on, and filing the Plan as it relates to the EFH Debtors and EFIH Debtors;

v.    reviewing, revising, commenting on, and filing a motion to approve the Merger Agreement and EFH Plan Support Agreement;[29]

vi.    reviewing, revising, commenting on, and filing the EFH/EFIH Disclosure Statement and related solicitation materials;[30] and

vii.    reviewing, revising, and filing a motion to establish a schedule for the EFH/EFIH confirmation proceedings and obtaining court approval of the same.[31]

---

[29] *See Motion of the EFH/EFIH Debtors for Order (A) Authorizing Entry Into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry Into and Performance Under Plan Support Agreement* [D.I. 9190].

[30] *See Disclosure Statement for the Third Amended Joint of Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors* [D.I. 9200].

41

G.    **[G-EFH] Use, Sale, Lease of Assets**

Fees: $0.00                    Total Hours: 0.0

This category includes all matters relating to acquisitions, dispositions, and other post-petition uses of property of EFH.

H.    **[H-EFH] Cash Collateral/DIP Financing**

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to EFH's estate relating to negotiation and documentation of debtor in possession financing and post-petition financing, all cash collateral issues, and related pleadings.

I.    **[I-EFH] Claims Administration**

Fees: $165.00                    Total Hours: 0.3

This category includes all matters specific to EFH's estate related to and including claims administration.

J.    **[J-EFH] Court Hearings**

Fees: $3,062.50                    Total Hours: 5.8

This category includes all matters relating to preparation for and attendance at court hearings specific to EFH's estate.  Specifically, during the Fee Period, RL&F's attorneys and paraprofessionals spent time preparing for and attending a telephonic hearing on May 10, 2016 held in Adv. Proc. No. 15-51386 (CSS) (Bankr. D. Del.) related to the enforcement of EFH's "drag along rights" against Texas Transmission Investment LLC.

---

[31] *See Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Debtors' Joint Plan of Reorganization as it Relates to the EFH/EFIH Debtors* [D.I. 9381].

### K.    [K-EFH] General Corporate/Real Estate

Fees: $1,352.00                    Total Hours: 2.7

This category includes all matters specific to EFH's estate relating to transactional issues and corporate governance.

### L.    [L-EFH] Schedules/SOFA/U.S. Trustee Reports

Fees: $0.00                    Total Hours: 0.0

This category includes all tasks in connection with U.S. Trustee reporting issues and information requests specific to EFH's estate.

### M.    [M-EFH] Employee Issues

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to EFH's estate related to employee wages, benefits, collective bargaining issues, other employee relations matters, ERISA, and retirement benefits.

### N.    [N-EFH] Environmental

Fees: $0.00                    Total Hours: 0.0

This category includes all environmental matters specific to EFH's estate.

### O.    [O-EFH] Tax Issues

Fees: $0.00                    Total Hours: 0.0

This category includes all federal and state income, property, employment, excise, and other tax matters specific to EFH's estate, other than the tax aspects of a plan of reorganization.

43

### P.    [P-EFH] Litigation/Adversary Proceedings

Fees: $5,573.50                Total Hours: 11.0

This category includes all matters relating to litigation and adversary proceedings specific to EFH's estate.    Specifically, during the Fee Period, RL&F's attorneys and paraprofessionals spent time:

viii.    advising K&E on various issues of local practice and procedure in connection with the prosecution of the adversary proceeding commenced against Texas Transmission Investment LLC ("TTI") (*see* Adv. Proc. No. 15-51386 (CSS) (Bankr. D. Del.)) (the "TTI Adversary Proceeding") related to the enforcement of EFH's "drag along rights" against TTI;[32] and

ix.    reviewing, revising, and filing appellate briefing regarding the Court's order denying an asbestos objection to the Original Plan,[33] and preparing for oral argument in the District Court.

### Q-1.    [Q-1-EFH] RL&F Applications

Fees: $0.00                Total Hours: 0.0

This category includes all matters specific to EFH's estate related to preparing applications to retain RL&F and supplements thereto.

### Q-2.    [Q-2-EFH] Retention of Others

Fees: $330.00                Total Hours: 0.6

This category includes time specific to EFH's estate spent reviewing applications for retention by other professionals and objecting to the retention of other professionals where appropriate.

---

[32] *See, e.g., Adversary Complaint* [Adv. D.I. 1].

[33] *See Reply in Support of Appellees' Motion to Dismiss Fenicle and Fahy Appeal* [D. Del. 15-1183, D.I. 52].

44

### R-1.    [R-1-EFH] RL&F Fee Application

Fees: $330.00                    Total Hours: 0.6

This category includes all time specific to EFH's estate spent preparing, reviewing, filing, circulating, and/or relating to monthly billing memoranda and fee applications for RL&F.

### R-2.    [R-2-EFH] Fee Application of Others

Fees: $2,145.00                    Total Hours: 4.1

This category includes all time specific to EFH's estate spent reviewing invoices or applications of other professionals, objecting to fees of other professionals, and assisting other professionals with filing and circulating monthly invoices and applications.

### S.    [S-EFH] Vendor/Supplies

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to EFH's estate related to vendors and suppliers, including reclamation issues.

### T.    [T-EFH] Non-Working Travel

Fees: $0.00                    Total Hours: 0.0

This category includes all travel time specific to EFH's estate not otherwise chargeable.

### U.    [U-EFH] Utilities

Fees: $0.00                    Total Hours: 0.0

This category includes all matters specific to EFH's estate related to utility issues.

### V.      [V-EFH] Insurance

Fees: $0.00                              Total Hours: 0.0

This category includes all matters specific EFH's estate related to insurance policies or coverage.

#### Actual and Necessary Expenses Incurred by RL&F

28.      As set forth in **Exhibit H** attached hereto, and as summarized in **Exhibit F** attached hereto, RL&F has incurred a total of $64,669.99 in expenses on behalf of the Debtors during the Fee Period.  These charges are intended to reimburse RL&F's direct operating costs, which are not incorporated into the RL&F hourly billing rates.  RL&F charges external copying at the provider's cost without markup.  Only clients who actually use services of the types set forth in **Exhibit H** of this Fee Application are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would be to impose that cost upon clients who do not require extensive photocopying and other facilities and services.

#### Reasonable and Necessary Services Provided by RL&F

**A.      Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.**

29.      The foregoing professional services provided by RL&F on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

30.      Most all of the services performed by directors, counsels, and associates of RL&F were provided by RL&F's Bankruptcy and Restructuring Group.  RL&F has a prominent practice in this area and enjoys a national reputation for its expertise in financial reorganizations and restructurings of troubled companies.  The attorneys at RL&F have represented either the debtor(s) or the creditors' committee or have acted as special counsel in many large chapter 11 cases in the District of Delaware.  Overall, RL&F brings to these chapter 11 cases a particularly

46

high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

**B.      Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.**

31.      The time constraints imposed by the circumstances of these chapter 11 cases required RL&F attorneys and other employees to devote substantial time during the evenings and/or on weekends to perform services on behalf of the Debtors.  These services were essential to meet deadlines, provide necessary assistance to K&E, and ensure the orderly administration of the Debtors' estates.  Consistent with firm policy, and as further disclosed in the Retention Application, RL&F attorneys and other RL&F employees who worked late in the evenings or on weekends were provided with reasonable meals at a cost to the Debtors' estates.  RL&F's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

32.      In addition, due to the location of the Debtors' businesses, co-counsel, creditors, and other parties-in-interest in relation to RL&F's office, numerous multi-party telephone conferences were required.  On many occasions, the exigencies and circumstances of these chapter 11 cases required overnight delivery of documents and other materials.  The disbursements for such services are not included in RL&F's overhead for the purpose of setting billing rates, and RL&F has made every effort to minimize its disbursements in these chapter 11 cases.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors in these chapter 11 cases.

47

33.     Among other things, RL&F makes sure that all overtime meals, travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement.[34] Specifically, RL&F regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary and, where appropriate, prorates expenses.

---

[34] Among other things, the Fee Committee Guidelines prepared by Godfrey & Kahn, S.C., counsel to the Fee Committee, sets forth certain meal expense reimbursement guidelines. Specifically, pursuant to the Expense Memo, the Fee Committee generally recommends that in-office meals be capped at $20 per person per meal, and should be reimbursable if (i) the professional attends a necessary lunch-hour business meeting or (ii) the professional works on the Debtors' chapter 11 cases past 8:00 p.m. and has worked more than four hours on the Debtors' chapter 11 cases during the billing day for which meal reimbursement is sought. At the same time, the Fee Committee Guidelines note that the guidelines set forth therein are "not hard and fast rules," but rather principles that the Fee Committee generally will follow. *See* Fee Committee Guidelines at 3. The Fee Committee Guidelines further note that the "general statements [set forth in the Fee Committee Guidelines] reflect the Fee Committee's starting point for expense review, not its conclusions." *See* Fee Committee Guidelines at 5. Consequently, RL&F submits that it should be permitted to be reimbursed for business meals in accordance with the following well-established guidelines adhered to regularly in other significant chapter 11 cases in the District of Delaware: $25 per person for breakfast, $35 per person for lunch, $55 per person for dinner, and not the $20 per person per meal cap set forth in the Fee Committee Guidelines. See, *e.g.*, In re Old FENM Inc., Case No. 13-12569 (Bankr. D. Del.) (fee examiner applying $25 per person for breakfast, $35 per person for lunch, and $55 per person for dinner meal caps); In re FBI Wind Down, Inc., Case No. 13-12329 (Bankr. D. Del.) (same); In re School Specialty, Inc., Case No. 13-10125 (Bankr. D. Del.) (same); In re Vertis Holdings, Inc., Case No. 12-12821 (Bankr. D. Del.) (same); In re Southern Air Holdings, Inc., Case No. 12-12690 (Bankr. D. Del.) (same); In re WP Steel Venture LLC, Case No. 12-11661 (Bankr. D. Del.) (same); In re Allied Systems Holdings, Inc., Case No. 12-11564 (Bankr. D. Del.) (same); In re AES Eastern Energy, L.P., Case No. 11-14138 (Bankr. D. Del.) (same); In re Raser Technologies, Inc., Case No. 11-11315 (Bankr. D. Del.) (same); In re Indianapolis Downs, Inc., Case No. 11-11046 (Bankr. D. Del.) (same); In re TW Liquidation Corp., Case No. 10-14092 (Bankr. D. Del.) (same); In re OTC Holdings Corp., Case No. 10-12636 (Bankr. D. Del.) (same); In re Specialty Products Holding Corp., Case No. 10-11780 (Bankr. D. Del.) (same). See also In re Armstrong World Industries, Inc., 366 B.R. 278, 284, n. 7 (D. Del. 2007) (emphasis added) (adopting certain meal caps substantially higher than those set forth in the Fee Committee Guidelines in connection with meal charges incurred nearly a decade ago and noting that such caps "... are not arbitrary, but instead are guidelines that the fee auditor developed in light of his experience and through *extensive surveys to determine reasonable costs of meals* ..."). If materially higher meal caps were accepted by the District Court in the Armstrong World Industries case several years ago, RL&F respectfully submits that imposing significantly lower caps in many cases following nearly a decade of inflation makes little sense and would be inequitable. To the extent that RL&F exceeded the $25 per person for breakfast, $35 per person for lunch, and $55 per person for dinner meal caps roundly adhered to in the District of Delaware, RL&F has taken voluntary reductions to those generally accepted caps during the Fee Period. Separately, RL&F reserves all of its rights to argue that certain business meals do not constitute "in-office" meals and/or that the "8:00 p.m." and "four hour" billing requirements should not apply to its timekeepers.

48

In accordance with the Retention Order, RL&F does not seek reimbursement of expenses for office supplies pursuant to this Application.

### RL&F's Requested Compensation and Reimbursement Should Be Allowed

34.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.    Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."    11 U.S.C. § 330(a)(1).    Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

35.    RL&F respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and

49

their estates and were rendered to protect and preserve the Debtors' estates.   RL&F further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' stakeholders.   RL&F further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties-in-interest.

36.   During the Fee Period, RL&F's hourly billing rates for attorneys ranged from $260.00 to $850.00.  The hourly rates and corresponding rate structure utilized by RL&F in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by RL&F for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  RL&F strives to be, and believes it has been, efficient and effective in the staffing of matters.  These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

37.   Moreover, RL&F's hourly rates are set at a level designed to compensate RL&F fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.   Hourly rates vary with the experience and seniority of the individuals assigned.  Pursuant to the terms of the Engagement Letter as approved by the Court through the Retention Order, and generally on client matters, these hourly rates are subject to periodic review and revision to reflect economic and other conditions and are consistent with the rates charged elsewhere.

38.     In sum, RL&F respectfully submits that the professional services provided by RL&F on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by RL&F, the nature and extent of RL&F's services provided, the value of RL&F's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.    Accordingly, RL&F respectfully submits that approval of the compensation sought herein is warranted and should be granted.

## Reservation of Rights and Notice

39.     It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  RL&F reserves the right to include such amounts in future fee applications.  In addition, the Debtors shall provide notice of this Fee Application on the date hereof to:  (a) the U.S. Trustee, (b) counsel to the agent of the EFIH First Lien DIP Facility, (c) counsel to the agent of the TCEH DIP Facility, (d) counsel to the TCEH Creditors' Committee, (e) the EFH Creditors' Committee, (f) the Fee Committee, and (g) all parties that have entered their appearance pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

40.     Pursuant to the Interim Compensation Order and the Fee Committee Order, (a) any Notice Party (other than the Fee Committee) that wishes to object to the Fee Application must file its objection with the Court, with a copy to Chambers, and serve it on RL&F and the Notice Parties so that it is **actually received** on or before **June 2, 2017 at 4:00 p.m. (Eastern Daylight Time).**

RLF1 17123938v.1

**No Prior Request**

41.    No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, RL&F respectfully requests that the Court enter an order (a) awarding RL&F interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $637,280.50, and reimbursement of actual, reasonable, and necessary expenses incurred in the Fee Period in the amount of $64,669.99; (b) authorizing and directing the Debtors to remit payment to RL&F for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated: May 11, 2017
        Wilmington, Delaware          **RICHARDS, LAYTON & FINGER, P.A.**
                                       Mark D. Collins (No. 2981)
                                       Daniel J. DeFranceschi (No. 2732)
                                       Jason M. Madron (No. 4431)
                                       920 North King Street
                                       Wilmington, Delaware 19801
                                       Telephone:    (302) 651-7700
                                       Facsimile:    (302) 651-7701
                                       Email:        collins@rlf.com
                                                     defranceschi@rlf.com
                                                     madron@rlf.com

                                       *Co-Counsel to the Debtors and Debtors in Possession*

52