# EXHIBIT C

**Ying Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DECLARATION OF DAVID YING IN SUPPORT
OF MOTION OF ENERGY FUTURE INTERMEDIATE HOLDING
COMPANY LLC AND EFIH FINANCE, INC. FOR ENTRY OF AN ORDER (A)
APPROVING POSTPETITION REPLACEMENT FINANCING FOR ENERGY
FUTURE INTERMEDIATE HOLDING COMPANY LLC AND EFIH FINANCE INC.,
(B) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE
EXPENSE CLAIMS, (C) APPROVING THE USE OF CASH COLLATERAL BY
ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC AND EFIH
FINANCE INC., (D) AUTHORIZING REFINANCING OF POSTPETITION SECURED
DEBT, (E) AUTHORIZING PAYMENT OF ALLOWED EFIH FIRST LIEN
MAKEWHOLE CLAIMS, AND (F) MODIFYING THE AUTOMATIC STAY**

I, David Ying, declare as follows:

1. I am a Senior Managing Director of Evercore Group L.L.C. ("Evercore"), a financial advisory and investment banking firm with offices around the world and financial advisor and investment banker to the above-captioned debtors and debtors in possession (the "Debtors"). I submit this declaration (this "Declaration") in support of the *Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance, Inc. for Entry of An Order (A) Approving Postpetition Replacement Financing for Energy Future Intermediate Holding Company LLC and EFIH Finance Inc., (B) Granting Liens and Providing Superpriority*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Administrative Expense Claims, (C) Approving the Use of Cash Collateral by Energy Future Intermediate Holding Company LLC and EFIH Finance Inc., (D) Authorizing Refinancing of Postpetition Secured Debt, (E) Authorizing Payment of Allowed EFIH First Lien Makewhole Claims, and (F) Modifying the Automatic Stay* (the "<u>Motion</u>").[2]

2. Except where specifically noted, the statements in this Declaration are based on either my personal knowledge, information supplied or verified by the Evercore financial team that I supervise or the EFIH Debtors' personnel and third-party advisors, my review of relevant documents, or my opinion based upon my experience and knowledge of the EFIH Debtors' operations and financial condition. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of the EFIH Debtors.

3. I offer this declaration in support of the EFIH Debtors' motion to obtain authorization to enter into the proposed EFIH First Lien DIP Credit Agreement with the EFIH Debtor-in-Possession Lenders. In particular, I submit this declaration to place before this Court evidence supporting my opinion, to a reasonable degree of expert certainty, that the EFIH First Lien DIP Credit Agreement is (i) the most economically competitive option available to the Debtors to extend and preserve the funds provided by the EFIH First Lien DIP Financing, and (ii) in the best interests of the EFIH Debtors' estates and creditors.

## **Qualifications**

4. Evercore is one of the world's leading independent investment banking groups, with more than 20 offices in more than eight countries, including an office located at 55 East 52nd Street, New York, NY 10055. Evercore has expertise in domestic and cross-border

---

[2] Terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

restructurings, mergers and acquisitions, raising debt and equity capital, and other financial advisory services. Evercore has served as an experienced bankruptcy and restructuring advisor to debtors, bondholders, creditors' committees, single creditor classes and secured creditors in a variety of industries. Evercore is a member of the Financial Industry Regulatory Authority and the Securities Investor Protection Corporation.

5. I specialize in advising both debtors and creditors in financial restructurings and distressed mergers and acquisitions; raising capital for troubled businesses; and representing debtors and creditor constituencies in bankruptcy proceedings. I joined Evercore in 2005 and am the founder of the firm's Restructuring and Debt Advisory Group. I have over 30 years of experience in restructuring advisory and leveraged finance. Prior to joining Evercore, I held similar positions at Miller Buckfire Ying & Co., Donaldson, Lufkin & Jenrette, Smith Barney, Drexel Burnham Lambert, and in private equity investing, at JLL Partners. I have a B.S. from the Massachusetts Institute of Technology and an M.B.A. from the Wharton School at the University of Pennsylvania.

6. I have advised the Debtors in virtually all financial aspects of their restructuring process since the Petition Date.

**Basis for the Repayment**

7. As of April 30, 2017, there was approximately $574 million outstanding under the EFIH First Lien Notes. The EFIH First Lien Makewhole Claims currently accrue approximately $5 million per month in interest. The EFIH First Lien DIP Facility will likely be priced equal to or less than the current rate under the Existing EFIH First Lien DIP Facility. An additional $600 million in Incremental Term Loans under the EFIH First Lien DIP Credit Agreement would allow the EFIH Debtors to eliminate all EFIH First Lien Note Claims, including EFIH First Lien Makewhole Claims. Thus, by repaying the EFIH First Lien Makewhole Claims through the

EFIH First Lien DIP Credit Agreement, the EFIH Debtors may realize interest savings of approximately $35 million per year, in addition to savings related to reduced fees for the EFIH First Lien Notes Trustee.

8.      On May 1, 2014, this Court approved the repayment of $3.985 billion of EFIH First Lien Notes that were outstanding as of the Petition Date through the Existing EFIH First Lien DIP Facility, which allowed the Debtors to refinance at a lower rate, and save interest expense.  Separately, the EFIH Debtors received approval of the Existing DIP Credit Agreement on March 10, 2015, which also permitted the partial repayment of EFIH Second Lien Notes.  The EFIH First Lien DIP Facility presents similar opportunities to save interest expense.

### The EFIH Debtors' Need to Expand the EFIH First Lien DIP Facility

9.      The Existing EFIH First Lien DIP Facility currently provides for $5,475 million of outstanding funds to be made available to the EFIH Debtors.  For the EFIH Debtors to maintain adequate liquidity while they complete their chapter 11 reorganization the EFIH Debtors must increase the amount of funds available.  To do so, the EFIH Debtors require a new EFIH First Lien DIP Facility with an increase in the amount of outstanding funds, as well as a decrease in the required minimum liquidity amount of the EFIH Debtors' pre-emergence cash.

10.     The EFIH First Lien DIP Credit Agreement will provide the EFIH Debtors with: (a) an increase in available funds under the EFIH First Lien DIP Credit Agreement, of up to $825 million in Incremental Term Loans (approximately $600 million to repay EFIH First Lien Makewhole Claims and $225 million for incremental liquidity), increasing the total principal amount under the EFIH First Lien DIP Credit Agreement from $5,475 million up to $6,300 million, *provided that*, the EFIH Debtors are restricted from borrowing more than $6,075 million unless an Incremental Borrowing Condition has been met, (b) an extension in the Maturity Date

to June 30, 2018, from June 30, 2017, (c) an option to extend the Maturity Date to December 30, 2018 subject to certain conditions, (d) a $50 million reduction in the amount of required pre-emergence cash under the Liquidity Covenant, from $150 million to $100 million, and (e) authorization to seek permission, which shall only be granted pursuant to subsequent Court approval, to convert $4,000 million of the EFIH First Lien DIP Facility to the Exit Facility.  This additional access to funding—and flexibility to receive further funding—will provide the Company with the resources necessary to continue towards effectuation of a value-maximizing restructuring, and will supply breathing room to satisfy the modified Liquidity Covenant.

11. According to the Company's latest pro forma liquidity forecast—and assuming the Liquidity Covenant is reduced to $100 million—access to these additional funds will allow EFIH to maintain a sufficient cushion to such minimum liquidity requirement through the proposed June 30, 2018 Maturity Date, and potentially up to the December 30, 2018 extended Maturity Date.  Moreover, the Exit Facility provides the potential for substantial financing following the EFIH Debtors' emergence from bankruptcy.  Executing an exit financing option within the EFIH First Lien DIP Credit Agreement allows the EFIH Debtors to leverage the current macroeconomic lending environment and likely secure attractive post-emergence financing terms at a rate equal to or lower than that under the Existing EFIH First Lien DIP Facility.

12. Aside from the changes noted above, all material terms of the Existing EFIH First Lien DIP Facility will remain unchanged in the EFIH First Lien DIP Facility.

13. The approval of the EFIH First Lien DIP Credit Agreement, with its favorable terms, will substantially enhance the EFIH Debtors' ability to consummate the Eighth Confirmed

Plan and emerge from chapter 11 or seek an alternative restructuring path, and will instill confidence in their creditors and other parties in interest.

### The Fees and Interest Rate Associated with the EFIH Debtor-In-Possession Credit Agreement

14.     The EFIH Debtors have agreed, subject to Court approval, to pay certain fees to the EFIH First Lien DIP Lenders and the EFIH First Lien DIP Administrative Agent, if and only if the terms and conditions of the EFIH First Lien DIP Credit Agreement become effective pursuant to the terms therein.  The fees the EFIH Debtors have stipulated to pay to the EFIH First Lien DIP Lenders and the EFIH First Lien DIP Administrative Agent, together with the other provisions of the EFIH First Lien DIP Credit Agreement, represent the most favorable terms to the EFIH Debtors on which the EFIH First Lien DIP Lenders and the EFIH First Lien DIP Administrative Agent would agree to make the EFIH First Lien DIP Credit Agreement available.

15.     When assessing the appropriateness of the EFIH First Lien DIP Facility and associated fees, it is important to consider the Debtors' alternatives for i) funding the costs of ongoing bankruptcy fees and expenses, ii) interest obligations on the Existing EFIH First Lien DIP Facility, and iii) potential variability in the size of the dividends from Oncor to EFIH. The Company also decided to pursue the refinancing of the Existing EFIH First Lien DIP Facility now, rather than exercising the maturity extension under the Existing EFIH First Lien DIP Facility and refinancing at a later point, because of the current favorable capital markets environment.  The Company and Evercore have spoken with multiple financing banks and based on the feedback received, believe the EFIH First Lien DIP Facility will be priced at or below the

current L+325 bps under the existing DIP facility, provided that the existing market conditions persist through closing.

16.  I believe that the contemplated EFIH First Lien DIP Credit Agreement represents the best available course for the Debtors to maximize their access to necessary funds, while simultaneously minimizing any potential financing cost to the EFIH Debtors. Thus, I believe that entry into the EFIH First Lien DIP Credit Agreement, including the agreement to pay any related fees, if and when they become due and payable, is in the best interests of the EFIH Debtors and their estates.

[*Remainder of page intentionally left blank.*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  June 5, 2017

*/s/ David Ying*
David Ying
Senior Managing Director
Evercore Group L.L.C.