## **EXHIBIT B**

**Bielli & Klauder, LLC Employment Order [Docket No. 6963]**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) RE D.I. No. 6617 |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BIELLI & KLAUDER, LLC AS CO-COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION ENERGY FUTURE HOLDINGS CORP. EFFECTIVE *NUNC PRO TUNC* TO OCTOBER 1, 2015

Upon the application (the "Application")[2] of debtor and debtor in possession Energy Future Holdings Corp. ("EFH Corp.") for the entry of an order (this "Order") authorizing EFH Corp., under the supervision of its disinterested directors, Donald L. Evans and Billie I. Williamson, to retain and employ Bielli & Klauder, LLC ("BK") as its attorneys effective *nunc pro tunc* to October 1, 2015, to render professional services to EFH Corp.'s disinterested directors, in connection with Conflict Matters as defined in and pursuant to the authority delegated to the disinterested directors pursuant to resolutions of the EFH Corp. Board of Directors attached to the Application as Exhibit B (the "Resolutions"), including the determination by EFH Corp.'s disinterested directors regarding whether any matter constitutes a Conflict Matter pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"); and the Court having reviewed the Application, the Declaration of David M. Klauder, a member of BK (the "Klauder Declaration"), and the declaration of Donald I. Evans, Executive Chairman of the Board of Directors of EFH Corp. (the "Evans Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found, based on the representations made in the Application and in the Klauder Declaration, that (a) BK does not hold or represent an interest adverse to EFH Corp.'s estate and (b) BK is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of EFH Corp.'s estate, its creditors, and other parties in interest; and the Court having found that EFH Corp. provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

 1. The Application is granted to the extent set forth herein.

2. EFH Corp. is authorized to retain and employ BK as its attorneys *nunc pro tunc* to October 1, 2015 in accordance with the terms and conditions set forth in the Application and the Engagement Letter attached hereto as **Exhibit 1**; *provided, however,* that nothing in the Engagement Letter shall supersede any provisions of the Bankruptcy Code during the pendency of EFH Corp.'s chapter 11 case; *provided further, however,* that to the extent the Application, the Klauder Declaration, the Evans Declaration, any later declaration or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

3. Under the supervision of EFH Corp.'s disinterested directors, Donald I. Evans and Billie I. Williamson, BK is authorized to render professional services to EFH Corp.'s disinterested directors in connection with Conflict Matters as defined in and pursuant to the authority delegated to the disinterested directors pursuant to the Resolutions, including the determination by EFH Corp.'s disinterested directors regarding whether any matter constitutes a Conflict Matter.

4. BK shall use its reasonable efforts to avoid any duplication of services provided by any of EFH Corp.'s other retained professionals in EFH Corp.'s chapter 11 case.

5. Absent further order of this Court, fees and expenses incurred by BK shall be paid by EFH Corp.

6. BK shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with EFH Corp.'s chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, any case-specific fee protocols approved by the Court after notice and a hearing pursuant to paragraph C.5 of the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order"), the *Order Establishing*

*Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* entered on September 16, 2014 [D.I. 2066] and any other applicable procedures and orders of the Court. BK also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by BK in this chapter 11 case.

7. Notwithstanding anything to the contrary in the Application, the Klauder Declaration, any subsequent declaration or the Engagement Letter, BK shall cooperate with the fee committee appointed pursuant to the Fee Committee Order in the discharge of the fee committee's duties. BK has agreed to be bound by the terms of the terms of the Fee Committee Order.

8. Notwithstanding anything to the contrary in the Application or the Engagement Letter, BK will not seek reimbursement of expenses for office supplies.

9. BK shall provide ten business days' notice to EFH Corp., the U.S. Trustee, and the Committees before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

10. BK shall not charge a markup to the EFH Debtors with respect to fees billed by contract attorneys who are hired by BK to provide services to the EFH Debtors and shall ensure

that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules. For the avoidance of doubt, BK shall not share fees with existing or future contract attorneys who advise on the Debtors' chapter 11 cases or enter into fee sharing arrangements with any such contract attorneys.

11. EFH Corp. and BK are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

13. To the extent the Application, the Klauder Declaration, the Evans Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. Notwithstanding any contrary provision in the Application or the Engagement Letter, the Court shall retain jurisdiction to hear and determine all matters arising from or related to implementation of this Order.

Dated: 11/12/15
Wilmington, Delaware

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge



**Bielli & Klauder, LLC**

David M. Klauder, Esquire
1204 N. King Street
Wilmington, DE 19801
Phone: 302-803-4600
Fax: 302-397-2557
dklauder@bk-legal.com

October 1, 2015

**BY ELECTRONIC MAIL**

The Honorable Donald L. Evans
Executive Chairman
Board of Directors
Energy Future Holdings Corp.
1601 Bryan St., 41st Floor
Dallas, Texas 75201
dle@donevans34.com

Billie I. Williamson
Director
Board of Directors
Energy Future Holdings Corp.
1601 Bryan St., 41st Floor
Dallas, Texas 75201
Billie.williamson@forresterco.com

   Re: *Agreement for Legal Services*

Dear Mr. Evans and Ms. Williamson:

  We are pleased that you have asked Bielli & Klauder, LLC (the "Firm" or "we") to serve as co-counsel, with Proskauer Rose LLP, to advise Energy Future Holdings Corp. (the "Company" or "you") for the engagement set forth and described in more detail herein. This will confirm our discussions with you regarding the Company's engagement of this firm and will describe the basis on which our firm will provide legal services to the Company.

  If you have any questions about these provisions, do not hesitate to contact us. Again, we are pleased to have the opportunity to serve the Company in this matter.

  1. <u>Client; Scope of Representation</u>.

  Our engagement shall be limited to rendering professional services to EFH Corp's disinterested directors, Donald Evans and Billie Williamson, in connection with "Conflict

Matters" as defined in and pursuant to the authority delegated to the disinterested directors pursuant to resolutions of the EFH Corp. Board of Directors attached hereto as <u>Exhibit A</u> (the "<u>Resolutions</u>"), including the determination by EFH Corp's disinterested directors regarding whether any matters constitutes a Conflict Matter. The Company acknowledges that the Firm is not the Company's general counsel, that this engagement does not involve representation of the Company in any matter, case or proceeding, other than as set forth herein, and that, other than as set forth herein, the Firm has not been retained to appear in any pending matter, case or proceeding, or to initiate any legal action on behalf of the Company. The Company has other legal counsel in the chapter 11 case and has or agrees that it will arrange for other legal counsel to advise and represent the Company with respect to ordinary business activities and nonbankruptcy litigation matters except to the extent that the Firm expressly agrees to undertake such activities or matters.

Our agreement to represent the Company is not an agreement to represent any related entities or affiliates, or any of its officers, directors, partners, members, stockholders or employees, unless we have specifically agreed to do so elsewhere in this letter or by separate written agreement.

2. <u>Fees and Expenses</u>.

Our fees will be based on the billing rate for each attorney and paralegal devoting time to this matter. I will be primarily responsible for this matter on behalf of the Firm. My billing rate is $350.00 per hour. Our fees are billed in minimum increments of one tenth of one hour. Other attorneys and paralegals may also devote time to this matter, and their respective rates will apply.

Unless you request otherwise, all billings in this matter will be directed to Andrew M. Wright, Vice President and Deputy General Counsel (in care of the Company), and any questions or comments regarding billing practices or amounts should be directed to me. Our hourly rates are revised periodically, typically effective January 1, and we reserve the right to revise them from time to time during the course of our representation of the Company. We submit monthly billing statements and all amounts thereunder not being disputed in good faith shall be due and payable in accordance with procedures approved by the Bankruptcy Court presiding over the Company's chapter 11 case.

We will include on our statements separate charges for disbursements such as long-distance telephone calls, operator-assisted conference calls, photocopying, document imaging, telecopying, travel and lodging, court costs, messenger and delivery service, computerized research, staff overtime, and search and filing fees. Photocopying and document imaging are billed at $.15 per page and outgoing telecopies at $1.00 per page. We will make every reasonable effort, however, to keep these added expenses to a minimum. Computerized research and telephone charges are billed at standard vendor rates, which may not reflect our actual costs. Fees and expenses of others (such as consultants, appraisers, or other counsel) generally will not be paid by us, but will be billed directly to the Company.

3. <u>Terms of Engagement</u>.

ENERGY FUTURE HOLDINGS CORP.  
October 1, 2015

BIELLI & KLAUDER, LLC  
Page 3 of 5

The Company has the right at any time to terminate our services and representation upon written notice to us. Such termination shall not, however, relieve the Company of the obligation to pay for all services already rendered, including work in progress and work remaining incomplete at the time of termination, and to pay for all expenses incurred on behalf of the Company through the date of termination.

The Firm reserves the right to withdraw from the Company's representation, if, among other things, the Company fails to honor the terms of this engagement letter, the Company fails to cooperate or follow our advice on a material matter, or any fact or circumstance would render our continued relationship unlawful or unethical or would otherwise authorize such termination, subject to applicable rules of professional conduct. In the event that the Firm terminates the engagement, the Firm will take such steps as are reasonably practicable to protect the Company's interests, and the Company agrees that it will take all steps necessary to free the Firm of any obligation to perform further, including the execution of any documents necessary to perfect the Firm's withdrawal and further that we will be entitled to be paid for all services rendered and costs or expenses paid or incurred on behalf of the Company through the date of withdrawal, subject to allowance by the Bankruptcy Court or under a confirmed plan. If the Company so requests, the Firm will suggest to the Company possible successor counsel and provide successor counsel with whatever documents the Company has provided to the Firm. If permission for withdrawal is required by a court, the Firm will promptly apply for such permission, and the Company agrees to engage successor counsel to represent it.

The Company is engaging the firm to provide legal services in connection with specific matters. After completion of these matters, changes may occur in the applicable laws or regulations that could have an impact upon the Company's future rights and liabilities. Unless the Company actually engages us after the completion of this matter to provide additional advice on issues arising therefrom, the Firm has no continuing obligation to advise it with respect to future legal developments.

4.   Conflicts Waiver/Affiliates

The Company acknowledges and agrees that it is a separate entity from its affiliates for conflict of interest purposes and that, unless specifically agreed, our representation of the Company does not give rise to an attorney-client relationship for conflicts of interest purposes with any other affiliate of the Company. It is possible that we may concurrently represent one client in a particular matter and the adversary of that client in an unrelated matter or more than one client in a bankruptcy or restructuring case whose interests are not adverse to each other. In the event a conflict of interest arises in the future between you (including your subsidiaries) and the Firm's other clients, we shall notify you of the conflict (unless providing such notification to you would be a violation of our ethical duties to our other clients, in which case we shall provide such notification to you once providing such notification will no longer violate our ethical duties to our other clients), and you agree to waive any such conflict of interest or other objection that would preclude our representation of another client (a) in other current or future matters substantially unrelated to this representation so long as we have reasonably determined that our responsibilities to you and the other client would not be adversely limited by the concurrent representations and that we can undertake each representation without violating any applicable ethical rules or (b) in other Restructuring Matters in which you or your subsidiaries may be a

creditor or other party in interest of our other client. However, other than as described in clause (b) of the preceding sentence, we may not represent other entities or persons in litigation, arbitration, or other dispute resolution procedures directly adverse to you. As used herein, "Restructuring Matters" means matters: (a) arising in, arising under, or relating to, the Bankruptcy Code (or analogous state or foreign statutes); (b) concerning a financing, refinancing, recapitalization, restructuring, or out-of-court workout of equity or debt; or (c) involving companies potentially in the zone of insolvency.

5. <u>Client Responsibilities</u>.

The Company agrees to cooperate fully with us and to provide all information known or available to them that is relevant to our representation. The Company further agrees to pay our statements for services and expenses in accordance with section 2 above. In the event we obtain legal counsel or otherwise incur fees or costs related to the collection of amounts due from the Company, we will be entitled to reimbursement for such fees and costs.

6. <u>Disposition of Files</u>.

As part of our administrative operations, we periodically review client files after the completion of matters in order to determine whether they should be destroyed. We will make reasonable efforts to notify the Company in writing at least 30 days before the destruction of any of its files. The Company will then have the option to take possession of the files. It will be the Company's obligation to maintain a current address with us in order to communicate with the Company concerning such matters.

7. <u>Use of E-mail</u>.

Due to its inherent nature, e-mail may be vulnerable to interception by unauthorized parties during transmission. We cannot guarantee the confidentiality of any information sent by e-mail or that it will be considered "attorney-client" privileged. If you do not wish us to communicate by e-mail on your matters, please notify us at your earliest convenience. In the absence of such notification, your consent will be assumed and we will not take any additional security measures, including but not limited to encryption. Although we subscribe to and use virus protection software we believe to be reliable, we cannot warrant that any e-mails or attachments are free from any virus. We recommend that you independently take steps to ensure they are actually virus-free.

8. <u>Fee and Other Disputes</u>.

If the Company disagrees with any of our bills or has any other concern about our services or the results achieved, the Company should notify the undersigned attorney immediately. We will attempt to resolve any such disagreements in a fair and amicable manner. If any controversy or dispute arising from or relating to this agreement or our services to the Company, even if arising after the termination of this agreement, cannot be resolved through mutual agreement, the exclusive means of resolving the controversy will be in the United States Bankruptcy Court for the District of Delaware.

ENERGY FUTURE HOLDINGS CORP.  BIELLI & KLAUDER, LLC
October 1, 2015  Page 5 of 5

\* \* \*

If the foregoing terms are acceptable, please sign and date the enclosed copy of this letter and return it to me. Once again, we are pleased to have this opportunity to work with the Company.

Sincerely,

*/s/ David M. Klauder*

David M. Klauder

ACCEPTED AND AGREED:

**ENERGY FUTURE HOLDINGS CORPORATION**

*/s/ Donald L. Evans*

By:    Donald L. Evans
Title:   Executive Chairman, Board of Directors
Date:   10/1/2015

## Exhibit A

[Resolutions]

## ENERGY FUTURE HOLDINGS CORP. ("EFH")
## BOARD OF DIRECTORS RESOLUTIONS
## DECEMBER 9, 2014

The following recitals and resolutions supplement the Board of Directors Resolutions dated as of November 7, 2014 ("November 7th Resolutions") and, in the event of any inconsistency, these resolutions shall supersede and control.

WHEREAS, EFH and certain of its direct and indirect subsidiaries (excluding Oncor Electric Delivery Holdings Company LLC and its subsidiaries), including TCEH (the "Debtors") on April 29, 2014, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Chapter 11 Case") in the Bankruptcy Court for the District of Delaware ("Bankruptcy Court");

WHEREAS, the members of the Board of Directors of EFH ("Board") having relationships or interests with other affiliated or related companies and their direct or indirect equity holders and other material relationships have disclosed certain facts that they believe to be material to the Board;

WHEREAS, as described in the material presented and reviewed by the Board and based on a review of the known facts and circumstances, the Board has determined and confirmed by the November 7th Resolutions that Donald L. Evans and Billie I. Williamson are the only current members of the Board that are disinterested with respect to any matter pertaining to the Chapter 11 Case on which an actual conflict exists between EFH, on the one hand, and any other Debtor, on the other hand ("Conflict Matters"), and were designated the Disinterested Directors ("Disinterested Directors") as set forth in *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters*, approved by the Bankruptcy Court on September 16, 2014 ("Stipulation");

WHEREAS, the members of the Board considered the Stipulation related to, among other things, the authority of the Disinterested Directors to retain independent legal counsel and other advisors under certain circumstances;

WHEREAS, the Board resolved by the November 7th Resolutions to delegate the authority to the Disinterested Directors to seek and retain, at EFH's sole expense, independent legal counsel and such other advisors ("Independent Advisors") as the Disinterested Directors deem necessary to represent and advise EFH, reporting to the Disinterested Directors, on the Conflict Matters;

WHEREAS, the Disinterested Directors interviewed and engaged certain Independent Advisors effective as of November 19, 2014 to represent and advise EFH, and reporting solely to the Disinterested Directors, as set forth herein; and

WHEREAS, pursuant to the Stipulation and Section 21.416 of the Texas Business Organizations Code, the members of the Board desire to delegate to the Disinterested Directors certain rights, authority, and powers in connection with Conflict Matters, among other matters set forth herein;

NOW, THEREFORE, BE IT,

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to review and act upon (as set forth herein) any Conflict Matters; and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to investigate and determine whether any matter constitutes a

Conflict Matter, in the exercise of their business judgment and with the advice of the Independent Advisors, and any such determination shall be binding on EFH and EFH's subsidiaries (other than Energy Future Intermediate Holding Company LLC and its direct and indirect subsidiaries and Energy Future Competitive Holdings Company LLC and its direct and indirect subsidiaries (the "Excluded Subsidiaries")); and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to make all decisions, and to implement or direct the implementation of all such decisions, in each case on EFH's behalf, with respect to Conflict Matters as the Disinterested Directors deem appropriate, in the exercise of their business judgment and with the advice of the Independent Advisors or others with whom the Disinterested Directors determine it is appropriate or necessary to consult, and to act on behalf of and bind EFH in connection therewith, including taking action on EFH's behalf, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, causing such subsidiaries (other than the Excluded Subsidiaries) to abide by and implement the decisions and actions of the Disinterested Directors with respect to Conflict Matters and the Disinterested Directors' determination of whether a matter constitutes a Conflict Matter; and further

RESOLVED that the Disinterested Directors will update the Board at board meetings on the status of their (i) review of and decisions on whether any matter constitutes a Conflict Matter, and (ii) review of and decisions on Conflict Matters, in each case in the manner that the Disinterested Directors determine is appropriate and necessary to fulfill their duties and obligations as the Disinterested Directors, taking into account the confidentiality or privilege of the Disinterested Directors' work and the advice of the Independent Advisors; and further

RESOLVED that EFH shall, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, direct and cause each of such subsidiaries (other than the Excluded Subsidiaries) to abide by and comply with these resolutions; and further

RESOLVED that the officers, employees, advisors and agents of EFH (collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons, be, and hereby are, directed to furnish to the Disinterested Directors and the Independent Advisors all information as the Disinterested Directors or the Independent Advisors may request, in a manner that shall not effect a waiver of any applicable privilege, and to cooperate with the Disinterested Directors and the Independent Advisors in all respects; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and hereby are, authorized, empowered and directed to implement any decision made by the Disinterested Directors in respect of a Conflict Matter on behalf of EFH as directed by the Disinterested Directors; provided that the Disinterested Directors retain the right to implement any such decision on behalf of EFH and its subsidiaries (other than the Excluded Subsidiaries) themselves or through the Independent Advisors; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and they hereby are, authorized, empowered and directed to take any and all action that they deem necessary or proper to assist the Disinterested Directors in carrying out the foregoing, in each case as requested by and under the direction of the Disinterested Directors; and further

RESOLVED that the Disinterested Directors shall control any attorney-client, work product, or other privilege belonging to EFH in connection with the Independent Advisors or their work or privileged communications on the Conflict Matters and on whether any matter constitutes a Conflict Matter; and further

RESOLVED that each member of the Board has agreed and hereby agrees that he or she shall not have access to, and shall not seek access to, and hereby directs that each Authorized Person shall not have access to and shall not seek access to, the work or privileged material of the Independent Advisors on the Conflict Matters or on whether any matter constitutes a Conflict Matter, except as permitted by the Disinterested Directors; and further

RESOLVED that the Disinterested Directors be, and hereby are, authorized to take all such further action, at EFH's expense, as the Disinterested Directors shall deem necessary, proper or advisable consistent with these resolutions or in order to carry out fully the intent and purposes of these resolutions; and further

RESOLVED that all actions previously done or approved, or caused to be done or approved, by the Disinterested Directors or the Authorized Persons, including the retention of Independent Advisors, in each case only to the extent consistent with these resolutions, or to otherwise carry out the intent of these resolutions, be and hereby are approved, adopted, confirmed and ratified in all respects.