# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
|  | Re: D.I. 660, 1733, 2005, 2949, 3041, 4963, 7418, 8734, 9216, 10280, 10408 & 11124 |

## TWELFTH SUPPLEMENTAL DECLARATION
## OF CHAD J. HUSNICK IN SUPPORT OF THE DEBTORS'
## APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION
## AND EMPLOYMENT OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS
## INTERNATIONAL LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS
## IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETI1TION DATE

I, Chad J. Husnick, being duly sworn, state the following under penalty of perjury:

1. I am the president of Chad J. Husnick, P.C., a partner of the law firm of Kirkland & Ellis LLP, located at 300 North LaSalle Dr., Chicago, Illinois 60654, and a partner of Kirkland & Ellis International LLP (together with Kirkland & Ellis LLP, "Kirkland"). I am one of the lead attorneys from Kirkland working on the above-captioned chapter 11 cases.[2] I am a member in good standing of the Bar of the States of New York and Illinois, and I have been admitted to practice in the United States Bankruptcy Court for the Northern District of Illinois and the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Texas Competitive Electric Holdings Company LLC ("TCEH" and, together with its direct parent company, Energy Future Competitive Holdings Company LLC ("EFCH") and certain of TCEH's direct and indirect subsidiaries, the "TCEH Debtors") and certain EFH Debtors (defined in the Plan as the EFH Shared Services Debtors) emerged from bankruptcy on October 3, 2016 (the "TCEH Effective Date"), and are no longer debtors-in-possession.

United States Bankruptcy Court for the Southern District of New York. There are no disciplinary proceedings pending against me.

2. I submit this twelfth supplemental declaration on behalf of Kikland (this "Twelfth Supplemental Declaration") in further support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 660] (the "Application")[3] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

3. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

**Background**

4. On May 29, 2014, the Debtors filed the Application. In support of the Application, the Debtors filed the *Declaration of Edward O. Sassower, P.C. in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* (the "Original Declaration"), which was filed as **Exhibit B** to the Application.

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

5.     On July 31, 2014, the Debtors filed the *Amended Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 1733].

6.     On September 12, 2014, the Debtors filed the *First Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2005].

7.     On September 16, 2014, the Bankruptcy Court for the District of Delaware entered the *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2052] (the "Retention Order").

8.     On December 4, 2014, the Debtors filed the *Second Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis LLP International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 2949].

9.     On December 16, 2014, the Debtors filed the *Third Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis LLP International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 3041].

10. On July 9, 2015, the Debtors filed the *Fourth Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis LLP International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 4963].

11. On September 30, 2015, the Debtors filed the *Fifth Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis LLP International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 6240].

12. On December 18, 2015, the Debtors filed the *Sixth Supplemental Declaration of James H.M. Sprayregen in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis LLP International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 7418].

13. On June 15, 2016, the Debtors filed the *Seventh Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 8734].

14. On August 8, 2016, the Debtors filed the *Eighth Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP*

as Attorneys for the Debtors and Debtors in Possession Effective Nunc Pro Tunc to the Petition Date [D.I. 9216].

15. On November 29, 2016, the Debtors filed the *Ninth Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 10280].

16. On December 16, 2016, the Debtors filed the *Tenth Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 10408].

17. On April 6, 2017, the Debtors filed the *Eleventh Supplemental Declaration of Edward O. Sassower in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* [D.I. 11124].

18. In connection with the Application and Retention Order, I submit this Twelfth Supplemental Declaration to provide additional disclosures in accordance with rules 2014(a) and 2016(b) of the Bankruptcy Rules and as required under the Retention Order.

## **Billing Rate Disclosures**

19. In the Original Declaration, I disclosed Kirkland's billing rates in effect at that time for matters related to these chapter 11 cases. I also disclosed that that the billing rates are subject to periodic adjustments to reflect economic and other conditions. Pursuant to the

Retention Order, Kirkland must provide notice of changes to its billing rates during these chapter 11 cases.

20. Kirkland partners, associates, and paraprofessionals join or leave Kirkland in the ordinary course of business. From time to time, such ordinary course practices result in a Kirkland professional or paraprofessional billing at a rate that falls outside of Kirkland's firmwide billing rate ranges for U.S.-based professionals. Kirkland's billing rates for U.S.-based professionals (reflecting the last arrival or departure of a Kirkland professional or paraprofessional that resulted in a change to the lower and/or upper end of Kirkland's firmwide billing rate ranges) are as follows. [4]

| Billing Category | Range |
|---|---|
| Partners | $930 - $1,745 |
| Of Counsel | $555 - $1,745 |
| Associates | $555 - $1,015 |
| Paraprofessionals | $215 - $420 |

21. Going forward, Kirkland does not intend to update such billing rate ranges for such circumstances.

## Specific Disclosures

22. On April 24, 2017, Megan Spelman joined Kirkland as an associate. Prior to joining Kirkland, Ms. Spelman was an associate at Akin Gump Strauss Hauer & Feld LLP ("Akin"). Akin is counsel to certain unsecured noteholders and the indenture trustee with respect to such notes (collectively, the "PIKS") in their capacities as creditors of the Debtors. I understand that Ms. Spelman, while at Akin, represented the PIKS in these chapter 11 cases and

---

[4] For professionals and paraprofessionals residing outside of the U.S., hourly rates are billed in the applicable currency. When billing a U.S. entity, such foreign rates are converted into U.S. dollars at the then applicable conversion rate. After converting these foreign rates into U.S. dollars, it is possible that certain rates may exceed the billing rangse listed in the chart herein.

that her involvement was limited to providing general corporate advice.  Ms. Spelman has been screened in accordance with Kirkland's screening procedures and, therefore, she will not perform work in connection with Kirkland's representation of the Debtors and will not have access to confidential information related to the representation.  Under Kirkland's screening procedures, Kirkland's conflicts department will distribute a memorandum to all Kirkland attorneys and legal assistants directing them as follows: (a) not to discuss any aspects of Kirkland's representation of the Debtors with Ms. Spelman; (b) to conduct meetings, phone conferences, and other communications regarding Kirkland's representation of the Debtors in a manner that avoids contact with Ms. Spelman; (c) to take all measures necessary or appropriate to prevent access by Ms. Spelman to the files or other information related to Kirkland's representation of the Debtors; and (d) to avoid contact between Ms. Spelman and all Kirkland personnel working on the representation of the Debtors unless there is a clear understanding that there will be no discussion of any aspects of Kirkland's representation of the Debtors.  Furthermore, Kirkland will implement procedures to block Ms. Spelman from accessing files and documents related to the Debtors that are stored in Kirkland's electronic document managing system.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 16, 2017

Respectfully submitted,

*/s/ Chad J. Husnick*
Chad J. Husnick, as President of Chad J. Husnick P.C., as Partner of Kirkland & Ellis LLP, and as Partner of Kirkland & Ellis International LLP