# Exhibit 2 to Exhibit A

# Credit Agreement Material Terms Redline

RLF1 17736869v.1

The following summarizes the significant terms of the EFIH First Lien DIP Credit Agreement and the Order.[1]

| Material Terms | Summary of Material Terms | Provision |
|---|---|---|
| **EFIH First Lien DIP Credit Agreement Parties**<br><br>*Fed. R. Bankr. P. 4001(c)(1)(B)* | Borrower: EFIH and EFIH Finance, Inc.<br><br>Guarantors: None<br><br>Joint Lead Arrangers: Citibank, N.A.~~,~~; Morgan Stanley Senior Funding, Inc~~.~~.; Royal Bank of Canada; Barclays.<br><br>Lenders: The lenders under the Term Facility.<br><br>Administrative Agent: Citbank, N.A. | EFIH First Lien DIP Credit Agreement at § 1.1. |
| **EFIH First Lien DIP Financing**<br><br>*Fed. R. Bankr. P. 4001(c)(1)(B); LBR 4001-2(a)(ii)* | ~~Total Loan~~Aggregate Principal Commitment: Up to $6.3~~0~~0 billion aggregate principal amount at Full Availability~~.~~<br><br>~~Incremental Term~~<br><br>, including $5.475 million in Initial Term Loans and $825,000 in Delayed Draw Term Loans, *provided*, *that* the Delayed Draw Term Loans may be drawn in a maximum of two draws, with each draw to be a minimum of $200 million.<br><br>Second Lien DIP Facility: One or more incremental term loan facilities that will rank junior in right of payment with the DIP Facility and will have the same guarantees as the DIP Facility, and be secured by a lien on the same Collateral securing the DIP Facility that is junior to the lien securing the DIP Facility, in a principal amount not to exceed $6,000,000,000 in the aggregate subject to certain provisos, including that the principal amount of the Junior Incremental Term Facility shall be convertible into equity under the Plan of Reorganization.<br><br>The Delayed Draw Term Loan: may be funded in up to two (2) draws occurring on or prior to the Delayed Draw Term Loan | EFIH First Lien DIP Credit Agreement at § 1.1, 2.1, 2.2, 2.13. |

---

[1] This statement is qualified in its entirety by the provisions of the EFIH First Lien DIP Documents and Order as eventually filed with the Court, and to the extent there exists any inconsistency between this concise statement and the provisions of the EFIH First Lien DIP Documents or the Order, the provisions of the EFIH First Lien DIP Documents or the Order, as applicable, shall control.

| Material Terms | Summary of Material Terms | Provision |
|---|---|---|
| | Commitment Termination Date.  The Delayed Draw Term Loan Commitment Termination Date is the earliest of:<br><br>• 90 days after the Closing Date;<br><br>• the date on which all Delayed Draw Term Loans provided for have been borrowed; or<br><br>• the date on which the Total Delayed Draw Term Loan Commitment terminates. | |
| *Interest Rate and Margins*<br><br>*Fed. R. Bankr. P. 4001(c)(1)(B)* | The Borrower may elect that the loans comprising each borrowing bear interest at a rate ~~per annum~~ equal to (a) an alternate base rate plus an applicable margin, to be agreed, or (b) the LIBOR Rate plus an applicable margin, to be agreed~~.~~. | EFIH First Lien DIP Credit Agreement at § 2.8. |
| *Fees*<br><br>*Fed R. Bankr. P. 4001(c)(1)(B)* | **Confidential, Filed Under Seal** | EFIH First Lien DIP Credit Agreement at § 3.1. |
| *Maturity*<br><br>*Fed. R. Bankr. P. 4001(c)(1)(B)* | The maturity date of the EFIH First Lien DIP Financing will be the earliest of:<br><br>• June 30, 2018, subject to extensions under certain conditions;<br><br>• the effective date of any Reorganization Plan;<br><br>• ~~the date that is 120 days after the execution of the Commitment Letter if the Order has not been entered by such date;~~<br><br>• the consummation of a sale of all or substantially all of the EFIH Debtors' assets or stock under section 363 of the Bankruptcy Code; or<br><br>• the acceleration of any Loans and the termination of any then outstanding Commitments in accordance with the terms of this Agreement.<br><br>The Maturity Date will occur in any event no later than December 30, 2018. | EFIH First Lien DIP Credit Agreement at § 1.1. |
| *Purpose/Use of Proceeds*<br><br>*Fed. R. Bankr. P. 4001(c)(1)(B); LBR 4001-2(a)(ii)* | The proceeds of the DIP Facility will be used, in a manner consistent with the terms of the Agreement and contained in the Order. | EFIH First Lien DIP Credit Agreement at § 7.16. |
| *Events of Default* | The occurrence and continuance of any of the following events shall constitute an Event of Default under the DIP Facility | EFIH First Lien DIP Credit Agreement at |

2

| Material Terms | Summary of Material Terms | Provision |
|---|---|---|
| *Fed. R. Bankr. P. 4001(c)(1)(B)* | (consistent, in each case, with the Documentation Principles):<br><br>• defaults usual and customary for financings of this type, including, without limitation, non-payment of principal, interest and fees, defaults under affirmative and negative covenants, breaches of representations and warranties, judgments or foreclosure actions exceeding certain thresholds, adverse modifications to the Order, and dismissal or conversion of the bankruptcy cases; and<br><br>• the Order Entry Date shall not have occurred or the Term Facility shall not have been funded in full within certain time frames. | § 9. |
| ***Priority and Security of EFIH First Lien DIP Financing Liens***<br><br>*Fed. R. Bankr. P. 4001(c)(1)(B)* | All obligations of the Debtors to the Agent and the Lenders (such Expected in Final persons, collectively, the "DIP Secured Parties") under the Loan Order Documents (the "Obligations"), including all Loans made under the DIP Facilities, shall, subject to the Carve-Out (defined below), and to the extent provided in the EFIH First Lien DIP Credit Agreement and subject to any limitations therein:<br><br>• pursuant to Bankruptcy Code section 364(c)(1), be entitled to joint and several superiority administrative expense claim status in the Cases, on a pari passu basis;<br><br>• pursuant to Bankruptcy Code section 364(c)(2), be secured by a perfected first priority lien on substantially all now owned or hereafter acquired assets of the EFIH Debtors that are not otherwise subject to a lien, including, upon the entry of the Order, the proceeds of causes of action under chapter 5 of the Bankruptcy Code;<br><br>• pursuant to section 364(c)(3) of the Bankruptcy Code, be secured by a perfected junior lien on all other prepetition and postpetition property of the EFIH Debtors that is subject to valid, perfected and non-avoidable liens in existence immediately prior to the Petition Date or that are perfected subsequent to the Petition Date as permitted by section 546(b) of the Bankruptcy Code (other than the Adequate Protection Liens); and<br><br>• pursuant to Bankruptcy Code section 364(d), be secured by a perfected priming first-priority lien on all prepetition and postpetition property of the EFIH Debtors. | Requested in Order |
| ***Carve Out***<br><br>*Fed. R. Bankr. P. 4001(c)(1)(B)* | All liens securing the Obligations, liens or claims securing the Obligations and other prepetition obligations, including, among others, those in connection with the Existing Primed Secured Facilities, shall be subject and subordinate to the Carve Out.<br><br>The "Carve Out" means the sum of (i) all fees required to be paid to the Clerk of the Court and to the Office of the United States Trustee under section 1930(a) of title 28 of the United States Code | Requested in Order |

3

| Material Terms | Summary of Material Terms | Provision |
|---|---|---|
| | plus interest at the statutory rate (without regard to the notice set forth in (iii) below); (ii) all reasonable fees and expenses up to $50,000 incurred by a trustee under section 726(b) of the Bankruptcy Code (without regard to the notice set forth in (iii) below); (iii) to the extent allowed at any time, whether by interim order, procedural order, or otherwise, all unpaid fees and expenses (the "Allowed Professional Fees") incurred by persons or firms retained by the EFIH Debtors pursuant to section 327, 328, or 363 of the Bankruptcy Code (the "Debtor Professionals") and any retained by the Creditors' Committee appointed in the Cases pursuant to section 1103 of the Bankruptcy Code (the "Committee Professionals" and, together with the Debtor Professionals, the "Professional Persons") at any time before or on the first business day following delivery by the EFIH First Lien DIP Agent of a Carve Out Trigger Notice (as defined below), whether allowed by the Court prior to or after delivery of a Carve Out Trigger Notice; and (iv) Allowed Professional Fees of Professional Persons in an aggregate amount not to exceed $25,000,000 incurred after the first business day following delivery by the EFIH First Lien DIP Agent of the Carve Out Trigger Notice, to the extent allowed at any time, whether by interim order, procedural order, or otherwise (the amounts set forth in this clause (iv) being the "Post- Carve Out Trigger Notice Cap"). For purposes of the foregoing, "Carve Out Trigger Notice" shall mean a written notice delivered by email (or other electronic means) by the EFIH First Lien DIP Agent to the EFIH Debtors, their lead restructuring counsel, the U.S. Trustee, and lead counsel to the Creditors' Committee and, counsel to the CollateralEFIH Second Lien Notes Trustee, and counsel to the PIK Note Group, which notice may be delivered following the occurrence and during the continuation of an Event of Default and acceleration of the DIP Obligations under the EFIH First Lien DIP FacilityFinancing, stating that the Post-Carve Out Trigger Notice Cap has been invoked. | |
| | The EFIH Debtors shall deposit and hold in a segregated account the Carve Out Reserves, which, following the delivery of certain Trigger Notices, shall be applied by the Borrower to pay obligations arising from the Carve-Out. | |
| | Nothing in the Order or otherwise shall be construed to obligate the EFIH First Lien DIP Agent or the EFIH First Lien DIP Lenders, in any way, to pay compensation to, or to reimburse expenses of, any Professional Person or to guarantee that the EFIH Debtors have sufficient funds to pay such compensation or reimbursement. | |
| ***Conditions to Borrowing***<br><br>*Fed. R. Bankr. P. 4001(c)(1)(B)* | Conditions Precedent to Initial Term Loan Borrowing<br><br>1. Bankruptcy Matters<br><br>• Entry of theDIP Order, as defined in the EFIH First Lien DIP Credit Agreement at § 5;<br><br>• Entry of the Order, which shall provide for, among other things, funding of the EFIH First Lien DIP Facility and | EFIH First Lien DIP Credit Agreement at § 5. |

| Material Terms | Summary of Material Terms | Provision |
|---|---|---|
| | ~~consummation of the Repayment, within 110 days after the date of the Commitment Letter;~~<br><br>• No adverse modifications or stays to the Order without the consent of the Left Lead DIP Facility Arranger;<br><br>• Any order with respect to cash collateral in respect of the EFIH First Lien Notes or EFIH Second Lien Notes shall be in form and substance satisfactory to the Left Lead DIP Facility Arranger; and<br><br>• Certain other customary provisions relating to compliance with the Order, ~~entry of "first day motions,"~~ no appointment of a trustee or examiner with expanded powers.<br><br>2. Financial Statements, Budgets and Reports<br>• ~~The EFIH Debtors shall provide certain customary budgeting information~~<br><br>• The Administrative Agent and Lenders shall have received the Initial Budget.<br><br>3. Performance of Obligations<br>• The EFIH Debtors shall be in compliance with all obligations under the EFIH First Lien DIP Documents.<br><br>4. Customary Closing Documents and Other Conditions<br>• Delivery of customary legal opinions and certain certificates and notices of borrowing; ~~(ii)~~ evidence of authority; and ~~(iii)~~ obtaining of any governmental consents, if any, necessary in connection with the DIP Facilities.<br><br>• The Loan Documents (which shall be consistent with the Documentation Principles) shall have been entered into by the Debtors.<br><br>• The Agent shall have received results of a Uniform Commercial Code search for the jurisdiction of organization of the Debtors and such other lien and/or other searches reasonably requested by the Agent as are customary for transactions of this type.<br><br>• The Agent shall have received proper financing statements (Form UCC-1 or the equivalent) for filing under the UCC in the jurisdiction of organization of each Debtor.<br><br>~~As a result of the extension of such credit, usage of the Commitments shall not exceed (i) the applicable Commitments then in effect and (ii) the aggregate amount authorized by the Interim Order.~~Conditions Precedent to | |

5

| Material Terms | Summary of Material Terms | Provision |
|---|---|---|
| | Delayed Draw Term Borrowing<br><br>1. No Default; Representations and Warranties<br>• The agreement of each Lender to make any Delayed Draw Term Loan is subject to satisfaction or waiver of the following conditions precedent: (i) no default or Event of Default shall have occurred or be continuing, (ii) all representations and warranties made by each Credit Party shall be true and correct in all material respects, provided that, any representation or warranty that, by its terms, is qualified as to "materiality", "Material Adverse Effect" or similar language shall be true and correct, and each Borrowing shall be considered a representation and warranty by the Borrowers.<br><br>2. Notice of Borrowing<br>• Prior to each Delayed Draw Term Loan, the Administrative Agent shall receive a Notice of Borrowing.<br><br>3. Officer's Certificate<br>• The Administrative Agent shall have received a certificate of the Credit Parties, dated the date of the applicable Delayed Draw Term Loan Borrowing.<br><br>4. DIP Order<br>• The DIP Order shall be in full force and effect and shall not have been reversed, modified, amended, stayed or vacated, in the case of any modification or amendment, in a manner that is adverse to the Lenders, without the consent of the Administrative Agent. The EFIH Debtors and the Delayed Draw Term Loan Borrowing shall in all respects be compliant with the DIP Order.<br><br>5. No Chapter 7<br>• The Case with the Borrower shall not have been converted to a proceeding under chapter 7 of the Bankruptcy Code.<br><br>6. Trustee and Examiners<br>• No trustee or examiner with enlarged powers (having powers beyond those set forth in the Bankruptcy Code sections 1106(a)(3) and (4)) shall have been appointed with respect to the operations or the business of the EFIH Debtors. | |
| *Acknowledgments*<br><br>*Fed. R. Bankr. P. 4001(c)(1)(B)(iii)* | EFIH shall make customary representations and warranties regarding the perfection and priority of liens securing EFIH First Lien DIP Financing, and amount and nature of existing indebtedness. | Requested in Order |

6

| Material Terms | Summary of Material Terms | Provision |
|---|---|---|
| *Waivers and Consents*<br><br>Fed. R. Bankr. P. 4001(c)(1)(B)(iv, v), (vii-x) | *Waiver of Automatic Stay:* Upon the occurrence of an Event of Default and following the giving of five ~~calendar~~business days' notice to EFIH (the "Remedies Notice Period"), the automatic stay pursuant to section 362 of the Bankruptcy Code shall be automatically terminated without further notice to or order of the Bankruptcy Court, and the Agent shall be permitted to exercise all rights against the Collateral in accordance with the Loan Documents and the Order, as applicable, and shall be permitted to satisfy the Obligations, without further order or application or motion to the Bankruptcy Court and without restriction or restraint by any stay under section 362 or 105 of the Bankruptcy Code. Notwithstanding anything herein to the contrary, the automatic stay pursuant to section 362 of the Bankruptcy Code shall be automatically terminated for the purposes of giving any notice contemplated hereunder.<br><br>*Waiver of Nonbankruptcy Law*: The EFIH First Lien DIP Liens and other interests granted to the Agent and EFIH First Lien DIP Lenders are deemed valid, binding, perfected, enforceable, first-priority liens, non-avoidable and not subject to re-characterization or subordination as of the date of the Order.<br><br>*Waiver of Section 506(c):* Usual and customary § 506(c) waiver.<br><br>*Release of Claims and Causes of Action:* The EFIH Debtors release the EFIH First Lien DIP Agent, the EFIH First Lien DIP Lenders and each of their respective participants, and each of their respective affiliates, and each of their respective former, current, or future officers, employees, directors, agents, representatives, owners, members, partners, financial advisors, legal advisors, shareholders, managers, consultants, accountants, attorneys, affiliates, and predecessors in interest, of and from any and all claims arising out of, in connection with, or relating to the EFIH First Lien DIP Financing, the EFIH First Lien DIP Documents, or the transactions contemplated thereunder.<br><br>*Indemnification:* Usual and customary for financings of this type, including that Borrower shall indemnify, pay and hold harmless the Agent, the Joint Lead Arrangers, and the Lenders and their affiliates (and their respective controlling persons, directors, officers, partners, employees, agents, advisors and other representatives (collectively, the "Related Parties")) (each, an "Indemnified Person") against any loss, claim, damage, liability or expense incurred in respect of EFIH First Lien DIP Financing contemplated hereby or the use of proceeds thereof or the Transactions or any claim, litigation, investigation or proceeding (a "Proceeding") relating to any of the foregoing, with customary exceptions for gross negligence, bad faith, willful misconduct or material breach of such Indemnified Person or its Related Parties.<br><br>~~*Release of Claims and Causes of Action:* The EFIH Debtors~~ | Requested in Order<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>EFIH First Lien DIP Credit Agreement at § 11.5. |

| Material Terms | Summary of Material Terms | Provision |
|---|---|---|
| | ~~release the EFIH First Lien DIP Agent, the EFIH First Lien DIP Lenders and each of their respective participants, and each of their respective affiliates, and each of their respective former, current, or future officers, employees, directors, agents, representatives, owners, members, partners, financial advisors, legal advisors, shareholders, managers, consultants, accountants, attorneys, affiliates, and predecessors in interest, of and from any and all claims arising out of, in connection with, or relating to the EFIH First Lien DIP Financing, the EFIH First Lien DIP Documents, or the transactions contemplated thereunder.~~ | |