**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
|  | x |  |
| In re | : | Chapter 11 |
|  | : |  |
| ENERGY FUTURE HOLDINGS CORP. *et al.*, | : | Case No. 14-10979 (CSS) |
|  | : |  |
| Debtors-in-Possession. | : | (Jointly Administered) |
|  | : |  |
|  | x |  |

**FEE COMMITTEE'S REPORT CONCERNING UNCONTESTED FEE**
**APPLICATIONS AND SECTION 503(b) FINAL FEE REQUESTS FOR**
**HEARING ON JULY 11, 2016 AT 10:00 A.M.**

TO:    THE HONORABLE CHRISTOPHER S. SONTCHI,
       UNITED STATES BANKRUPTCY JUDGE:

The Fee Committee appointed in the above-captioned chapter 11 cases (the "Fee Committee") respectfully submits this report (the "Report") concerning 14 interim fee applications (each an "Application" and, collectively, the "Applications") and requests that the Applications be approved on an uncontested basis at or before the hearing scheduled for July 11, 2017.  The Report covers the applications for fees and expenses filed by the Retained Professionals, largely—but not exclusively—for the Eighth Interim Fee Period (September 1, 2016 through December 31, 2016).

Interim applications for work performed during the Ninth Interim Fee Period (January 1, 2017-April 30, 2017) began to be filed on or around June 15, 2017, and the Fee Committee expects to report on uncontested fee applications from that time period at an omnibus hearing in October, 2017.

In addition to the Applications, the Fee Committee recommends the Court's final approval of certain fee requests (the "Fee Requests") of professional firms seeking estate reimbursement of professional fees based on the Court's December 2015 plan confirmation and

the Amended Order Confirming the Sixth Amended Joint Plan (the "Plan") of Reorganization (the "December 9th Confirmation Order") [D.I. 7285] concerning certain non-retained professionals' compensation pursuant to 11 U.S.C. § 503(b).  These Fee Requests are addressed herein.  *See infra* at pp. 12-19.

## EXECUTIVE SUMMARY

Since the issuance of its last report, dated March 22, 2017, the Fee Committee has reviewed and, herein, expresses its recommendation for approval of Applications seeking interim compensation and expenses that aggregate $13,709,703.82 in fees and $372,938.40 in expense reimbursements through December, 2016.  No objections have been filed.

To arrive at the recommendations in this Report, the Fee Committee, under the leadership of Chairman Richard Gitlin, has continued to meet on at least a monthly basis.  At these meetings, the Fee Committee again has engaged in extensive discussions of the Applications, authorized individual draft Letter Reports on each Application, and discussed and evaluated the responses from the Retained Professionals to the Letter Reports.[1]

Consistent with the previous seven interim fee periods, the Retained Professionals have generally been responsive to the Fee Committee's requests for information and have been cooperative in discussing and resolving areas of concern.  Eighth Interim Period Applications generally continued to achieve more consistent compliance with the Local Rules, U.S. Trustee Guidelines, and Fee Committee standards than in the first few fee periods.  Again, the negotiation and resolution process was—for most professionals—less involved, requiring fewer recommended adjustments.

---

[1] Capitalized terms not otherwise defined shall have the meanings ascribed in prior Fee Committee Reports.

As in the seven prior interim fee periods, the Fee Committee's review has focused on compliance with the applicable requirements and guidelines established by the Bankruptcy Code, the Executive Office of the U.S. Trustee, and the Fee Committee.  Once again, the Fee Committee has identified and will continue to identify areas of concern, including: excessive numbers of attendees at hearings; time billed for invoicing activities and other administrative tasks that are properly part of a professional's overhead; and unreasonable amounts of time spent on retention and fee application activities.  Other specific issues—such as a lack of sufficient detail in time records, block billing, timekeepers who appear to record time in half- or whole-hour increments (rather than the required tenth-hour increments), and travel expenses— also have been and will continue to be addressed by the Fee Committee.  As noted, many of these guideline concerns have been significantly, if gradually, reduced or eliminated as of the Eighth Interim Fee Period.

The Fee Committee continues to calculate and monitor the cumulative impact of all rate increases, and it has specifically and repeatedly reserved its right to object to rate increases in connection with interim and final fee applications as the aggregate effect of rate increases grows. Until the proceedings have concluded, the Fee Committee probably will not be able to provide the Court with the complete analysis necessary to determine meaningfully the reasonableness of any rate increases.  In several instances, the Fee Committee's Chair has met with Retained Professionals to discuss the rate increases, especially in light of the protracted nature of the proceedings.

The total fees requested on an interim basis and approved or recommended for approval

by the Fee Committee to date are set forth below:[2]

| Date(s) [Orders] | Fee Period (dates) | Number of Professional Applications | Fees Approved/ Recommended for Approval | Expenses Approved/ Recommended for Approval |
|---|---|---|---|---|
| 3148 December 29, 2014 | 1st Interim (April 29, 2014 – August 31, 2014 | 4 | $12,862,747.75 | $353,843.86 |
| 3365 January 26, 2015 | | 1 | $24,511,927.32 | $1,122,860.04 |
| 3597 February 20, 2015 | | 5 | $16,517,565.76 | $820,543.45 |
| 4843 June 24, 2015 | | 6 | $7,660,577.80 | $197,488.77 |
| 7883 February 18, 2016 | | 1 | $1,092,339.62 | $166,506.74 |
| 4843 June 24, 2015 | 2nd Interim (September – December 2014) | 24 | $58,434,780.10 | $3,063,313.37 |
| 6667 October 26, 2015 | | 1 | $3,134,247.50 | $199,105.35 |
| 7883 February 18, 2016 | | 4 | $1,742,526.76 | $159,344.59 |
| 6667 October 26, 2015 | 3rd Interim (January – April 2015) | 26 | $82,983,949.42 | $4,591,670.45 |
| 7883 February 18, 2016 | | 4 | $4,938,192.06 | $268,426.89 |
| 7883 February 18, 2016 | 4th Interim (May – August 2015) | 26 | $69,933,788.71 | $2,882,804.71 |
| 8824 June 27, 2016 | | 4 | $3,035,668.80 | $236,148.39 |
| 8824 June 27, 2016 | 5th Interim (September – December 2015) | 27 | $52,023,808.54 | $2,451,890.66 |
| 9308 August 16, 2016 | | 4 | $12,418,749.19 | $893,301.63 |
| 9963 October 27, 2016 | | 1 | $342,482.74 | $1,280.87 |
| 9963 October 27, 2016 | 6th Interim (January – April 2016) | 26 | $23,892,006.42 | $1,110,129.24 |
| 11071 March 28, 2017 | | 3 | $5,019,942.25 | $37,375.28 |
| 10706 January 24, 2017 | E-Side 7th Interim (May – August 2015) | 1 | $15,732,906.30 | $530,438.85 |
| 11071 March 28, 2017 | | 16 | $17,781,487.37 | $674,440.02 |

[2] A complete schedule of interim fee applications scheduled for hearing on July 11, 2017, along with the Fee Committee's recommended adjustments, is attached as **Exhibit A**.

| Date(s) [Orders] | Fee Period (dates) | Number of Professional Applications | Fees Approved/ Recommended for Approval | Expenses Approved/ Recommended for Approval |
|---|---|---|---|---|
| 11071 March 28, 2017 | T-Side 7th Interim (May 1 – October 3, 2016) | 10 | $9.290,931.97 | $218,769.96 |
| *Uncontested fee hearing scheduled for July 11, 2017* | 8th Interim (September – December 2016) | 13 | *$13,683,841.32 pending* | *$372,762.95 pending* |
| 7883 February 18, 2016 | Final Fee Applications | 1 | $300,000.00 | $0.00 |
| 11072 March 28, 2017 | | 10 | $110,680,468.38 | $2,404,213.64 |
| 11090 March 30, 2017 | | 1 | $15,246,311.03 | $574,716.35 |

## APPLICATIONS FOR INTERIM COMPENSATION
## SCHEDULED FOR HEARING ON JULY 11, 2017

The Applications scheduled to be heard on July 11, 2017—without objection—generally correspond to work performed during the Eighth Interim Fee Period (September 1, 2016-December 31, 2016).

## ISSUES IDENTIFIED

The Fee Committee's review continues to focus on each applicant's compliance with the Local Rules, the U.S. Trustee Guidelines, the Bankruptcy Code and rules, and other applicable authorities (collectively, the "Fee Committee Standards").  With respect to expenses, the Fee Committee has continued to identify charges in excess of case-specific caps, inadequately or wholly undocumented expenses, or expenses that the Fee Committee has expressly identified as non-compensable but for which Retained Professionals continue to seek reimbursement.  The Fee Committee yet again reminds professionals that they should not include non-compensable activities (such as editing bills) or expenses (such as in-house printer use or overtime pay) in their fee applications.

Two professionals addressed in this Report are being compensated on a flat fee basis, approved by the Court at the outset of the proceedings under 11 U.S.C. § 328(a).  Accordingly, the Fee Committee has always reviewed the applications and payments of flat fee professionals. As part of that review, the Fee Committee has analyzed the services provided as if the time spent were billed on an hourly basis.  Some flat fee professionals continue to report notably high blended hourly rates.  The Fee Committee has discussed the issue with the flat fee professionals and, as those professionals are aware, it will revisit the issue in connection with its review and reporting on final fee applications.  The Court has noted the cyclical nature of the work demands on Retained Professionals, with periods of intense activity followed by periods of relative inactivity during Texas regulatory proceedings.  Recognizing that, virtually all of the flat fee professionals had agreed with the Fee Committee's request that they suspend their requests for monthly flat fees, without prejudice, until the course of the proceedings became clearer.  In light of the Debtors' status report on June 26, 2017, the Fee Committee and some of the flat fee professionals have resumed their discussions about monthly flat fee payments.

### THE APPLICATIONS

Currently, 16 uncontested interim fee applications are scheduled to be heard by the Court on July 11, 2017.[3]  The issues identified in each Application are summarized below.

---

[3] This number includes the 13 Applications recommended for Court approval in this Report along with the applications of the Fee Committee's former and current Delaware counsel, which will be heard on July 11, 2016. *See Fifth Interim Application of Phillips, Goldman, McLaughlin & Hall, P.A. f/k/a Phillips, Goldman & Spence, P.A. as Counsel to the Fee Committee Seeking Compensation and Reimbursement of Expenses for the Period of January 1, 2016 Through April 27, 2016 and the Final Fee Application For the Period September 1, 2014 Through April 27, 2016* [D.I. 11150]; *Second Interim Fee Application of Benesch, Friedlander, Coplan & Aronoff LLP for Interim Compensation for Services Rendered and Reimbursement of Expenses as Delaware Counsel to the Energy Future Holdings Corp. Fee Committee for the Period September 1, 2016 Through December 31, 2016* [D.I. 11004]; *Third Interim Fee Application of Benesch, Friedlander, Coplan & Aronoff LLP for Interim Compensation for Services Rendered and Reimbursement of Expenses as Delaware Counsel to the Fee Committee, for the Period January 1, 2017 Through April 30, 2017* [D.I. 11362].

**FOURTH INTERIM FEE APPLICATION FOR WORK PERFORMED DURING THE
EIGHTH INTERIM FEE PERIOD: SEPTEMBER 1, 2016 THROUGH DECEMBER 31, 2016**

1.     *Fourth Interim Fee Application of Bielli & Klauder, LLC, Co-Counsel
       for Debtor and Debtor in Possession Energy Future Holdings Corp.,
       for the Period From September 1, 2016 Through and Including
       December 31, 2016* [D.I. 10832].

On February 15, 2017,  Bielli & Klauder, LLC filed its Fourth Fee Application seeking

$32,390.00 in fees and $89.70 in expense reimbursements.  The Fee Committee identified only

*de minimis* expense adjustments and elected not to issue a Report.  The Fee Committee

recommends this application as filed and as outlined on **Exhibit A**.

**FIFTH INTERIM FEE APPLICATION FOR WORK PERFORMED DURING THE
EIGHTH INTERIM FEE PERIOD: SEPTEMBER 1, 2016 THROUGH DECEMBER 31, 2016**

2.     *Fifth Interim Fee Application of Jenner & Block LLP Independent
       Counsel for Energy Future Intermediate Holding Company LLC, for
       the Period September 1, 2016 Through December 31, 2016*
       [D.I. 10843].

On February 16, 2017, Jenner & Block LLP ("Jenner") filed its Fifth Fee Application

seeking $109,006.25 in fees and $1,141.50 in expense reimbursements.  In its Letter Report to

Jenner, the Fee Committee identified minor billing errors and potentially excessive hearing

attendance.  In response to the letter report, Jenner either provided adequate explanation for all

matters questioned or agreed to the Fee Committee's recommended deductions.  The Fee

Committee recommends that the Court approve this Application as adjusted and outlined on

**Exhibit A**.

### SIXTH INTERIM FEE APPLICATION FOR WORK PERFORMED DURING THE
### EIGHTH INTERIM FEE PERIOD: SEPTEMBER 1, 2016 THROUGH DECEMBER 31, 2016

3.      *Sixth Interim Application of SOLIC Capital Advisors, LLC, Financial Advisor for Debtor Energy Future Holdings Corp., for Compensation for Services Rendered and Reimbursement of Expenses Incurred From September 1, 2016 Through December 31, 2016* [D.I. 10999].

On March 13, 2017, SOLIC Capital Advisors, LLC ("SOLIC") filed its Sixth Fee Application seeking $800,000.00 in flat fees and $3,742.09 in expense reimbursements.[4]  In its Letter Report to SOLIC, the Fee Committee reserved the right to raise the issue of SOLIC's blended hourly rates but did not identify any other fee or expense issues.  The Fee Committee recommends that the Court approve this Application as filed and outlined on **Exhibit A**, subject—as always—to the Fee Committee's right to revisit the blended rate issue in connection with SOLIC's final fee application.

### SEVENTH INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE
### EIGHTH INTERIM FEE PERIOD: SEPTEMBER 1, 2016 THROUGH DECEMBER 31, 2016

4.      *Seventh Interim Fee Application of AlixPartners, LLP Seeking Compensation for Services Rendered and Reimbursement of Expenses Incurred as Restructuring Advisor to the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance Inc., and EECI, Inc. for the Period From September 1, 2016 Through December 31, 2016* [D.I. 10839].

On February 15, 2016, AlixPartners, LLP filed its Seventh Fee Application seeking $8,174.00 in fees and no expense reimbursements.  The Fee Examiner identified no issues and

---

[4] "In light of the circumstances of EFH Corp.'s chapter 11 case and the desire to limit costs going forward, Donald L. Evans and Billie I. Williamson, EFH Corp.'s disinterested directors, on behalf of EFH Corp., and SOLC have agreed to modify the[ir] Engagement Letter, effective June 1, 2017, to provide that, in lieu of the [m]onthly [f]ee, SOLIC will be compensated on an hourly basis, subject to the Court's approval…." *Supplemental Declaration of Neil F. Luria in Support of Debtor Energy Future Holding Corp.'s Application for Entry of an Order Authorizing the Retention and Employment of SOLIC Capital Advisors, LLC as Financial Advisor for Debtor and Debtor in Possession Energy Future Holdings Corp. Effective Nunc Pro Tunc to December 18, 2014* [D.I. 11282] at p. 2, ¶ 5.

elected not to issue a Report.  The Fee Committee recommends that the Court approve this

Application as filed and outlined on **Exhibit A**.

> 5.    *Seventh Interim Fee Application of Cravath, Swaine & Moore LLP*
>       *Independent Counsel for Energy Future Intermediate Holding*
>       *Company LLC, for the Period September 1, 2016 Through*
>       *December 31, 2016* [D.I. 10860].

On February 17, 2017, Cravath, Swaine & Moore LLP ("Cravath") filed its Seventh Fee

Application seeking $110,114.50 in fees and $637.68 in expense reimbursements.  In its Letter

Report to Cravath, the Fee Committee identified one issue regarding a transitory timekeeper.

Cravath subsequently either provided adequate explanation for this issue or agreed to certain

adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this

Application as adjusted.

> 6.    *Seventh Interim Fee Application of Guggenheim Securities, LLC,*
>       *Investment Banker to the Official Committee of Unsecured Creditors*
>       *of Energy Future Holdings Corporation, Energy Future Intermediate*
>       *Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. for*
>       *Allowance of Compensation and Reimbursement of Expenses Incurred*
>       *for the Period September 1, 2016 Through December 31, 2016*
>       [D.I. 10830].

On February 15, 2017, Guggenheim Securities, LLC ("Guggenheim") filed its Seventh

Fee Application seeking $1 million in flat fees and $27,316.00 in expense reimbursements.  The

Fee Committee noted again that it closely monitors the blended hourly rate of all flat fee

professionals to ensure the continued reasonableness of flat fee arrangements and reached a

tentative agreement with Guggenheim to adjust its flat fee billing for future fee periods.  The

Letter Report reserves the Fee Committee's rights on this issue but, in light of the uncertainty

surrounding recent regulatory developments in Texas, does not request a deduction from interim

fee payments at this time.  Subject to its reservation of right, the Fee Committee recommends

that the Court approve this Application as filed and as outlined on **Exhibit A**.

> 7.    *Seventh Interim Application of Proskauer Rose LLP, Counsel for*
> *Debtor Energy Future Holdings Corp., for Compensation for Services*
> *Rendered and Reimbursement of Expenses Incurred From*
> *September 1, 2016 Through December 31, 2016* [D.I. 10831].

On February 15, 2017, Proskauer Rose LLP ("Proskauer") filed its Seventh Fee

Application seeking $1,213,101.75 in fees and $17,341.20 in expense reimbursements.  In its

Letter Report to Proskauer, the Fee Committee identified several issues of particular and

continuing concern, including notably high blended hourly rates and questionable staffing.

Proskauer subsequently either provided adequate explanation for these issues or agreed to certain

adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this

Application as adjusted.

> 8.    *Seventh Interim Fee Application of Stevens & Lee, P.C., Special*
> *Counsel for Energy Future Intermediate Holding Company LLC, for*
> *the Period of September 1, 2016 Through December 31, 2016*
> [D.I. 10988].

On March10, 2017, Stevens & Lee, P.C. ("Stevens & Lee") filed its Seventh Fee

Application seeking $39,389.50 in fees and $112.54 in expense reimbursements.  In its Letter

Report to Stevens & Lee, the Fee Committee identified several noncompensable billing activities

and errors.  Stevens & Lee subsequently agreed to certain adjustments set forth on **Exhibit A**.

The Fee Committee recommends that the Court approve this Application as adjusted.

> 9.    *Seventh Interim Application of Sullivan & Cromwell LLP as Counsel*
> *to the EFH Committee for Interim Approval and Allowance of*
> *Compensation for Services Rendered and Reimbursement of Expenses*
> *Incurred for the Period From September 1, 2016 Through and*
> *Including December 31, 2016* [D.I. 10879].

On February 22, 2017, Sullivan & Cromwell LLP ("Sullivan") filed its Seventh Fee

Application seeking $396,057.90 in fees and $13,141.86 in expense reimbursements.  In its

Letter Report to Sullivan, the Fee Committee identified several issues of continuing concern,

including staffing issues.  Sullivan subsequently either provided adequate explanation or agreed

to certain adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court

approve this Application as adjusted.

### EIGHTH INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE EIGHTH INTERIM FEE PERIOD: SEPTEMBER 1, 2016 THROUGH DECEMBER 31, 2016

> 10.    *Eighth Interim Fee Application of Alvarez & Marsal North America, LLC, in Their Capacity as Restructuring Advisors for the Debtors and Debtors in Possession, for the Period From September 1, 2016 Through and Including December 31, 2016* [D.I. 10928].

On February 28, 2017, Alvarez & Marsal North America, LLC ("Alvarez & Marsal")

filed its Eighth Fee Application seeking $408,433.50 in fees and $21,579.40 in expense

reimbursements.  The Fee Committee identified only a minor expense issue of concern.  Alvarez

& Marsal subsequently agreed to the minor expense adjustment set forth on **Exhibit A**.  The Fee

Committee recommends that the Court approve this Application as adjusted.

> 11.    *Eighth Interim Fee Application for Compensation for Services Rendered and Reimbursement of Expenses of Deloitte & Touche LLP as Independent Auditor to the Debtors and Debtors-in-Possession for the Period of September 1, 2016 Through December 31, 2016* [D.I. 11017].

On March 17, 2017, Deloitte & Touche LLP ("Deloitte") filed its Eighth Interim Fee

Application seeking $1,228,507.50 in fees.  In its Letter Report to Deloitte, the Fee Committee

identified time spent formatting, reviewing, and revising daily time detail, billing errors,

potentially inefficient staffing, and some potentially unnecessary work, including work for the

now reorganized TCEH debtors.  In response to those concerns, Deloitte has agreed to the

adjustments outlined on **Exhibit A**, and the Fee Committee recommends that the Court approve

the application as adjusted.

12.    *Eighth Interim Fee Application of Filsinger Energy Partners, Energy Consultants for the Debtors and Debtors in Possession, for the Period From September 1, 2016 Through and Including December 31, 2016* [D.I. 10841].

On February 15, 2017, Filsinger Energy Partners ("Filsinger") filed its Eighth Fee Application seeking $371,041.50 in fees and $5,946.09 in expense reimbursements.  In its Letter Report to Filsinger, the Fee Committee identified no issues of concern.  The Fee Committee recommends that the Court approve this Application, as filed and as outlined on **Exhibit A**.

13.    *Eighth Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period From September 1, 2016 Through and Including December 31, 2016* [D.I. 10840].

On February 15, 2017, Kirkland & Ellis LLP ("Kirkland") filed its Eighth Fee Application seeking $8,239,650.00 in fees and $318,796.13 in expense reimbursements.  The Fee Committee Chair and counsel have continued their series of communications with Kirkland about rate increases, with the Fee Committee again expressly reserving its right to raise the issue in connection with Kirkland's final fee application.  In its Letter Report to Kirkland, the Fee Committee identified issues of concern, including time spent on routine billing and invoicing activities, over-attendance at hearings and depositions, and certain expense charges that are not compensable.  Kirkland subsequently either provided adequate explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

### FEE REQUESTS OF NON-RETAINED PROFESSIONALS SEEKING ESTATE REIMBURSEMENT OF COMPENSATION PURSUANT TO 11 U.S.C. § 503(B): FOR WORK PERFORMED THROUGH JUNE 30, 2015

Seventeen professional firms (the "Requesting Professionals") submitted memorandum Fee Requests under the process the Fee Committee had established for the review of non-retained professional fee requests.  *See* August 11, 2016 Fee Committee Report [D.I. 9257]

at 3-5.  The Court previously approved one of those requests at the August 16, 2016 omnibus

hearing, *see* [D.I. 9308], and six of those requests at the October 26, 2016 hearing, *see*

[D.I. 9939-1].  For the remaining Requesting Professionals, the information initially submitted

had been insufficient for Fee Committee purposes.  The Fee Committee issued letter reports in

May and July 2016 outlining its initial impressions and requesting the necessary supplemental

information from Requesting Professionals.  The Fee Committee has concluded its discussions

with this group, and now recommends that the Court enter an order allowing the remaining

ten Fee Requests itemized on **Exhibit B** to this Report—on the terms outlined below and in the

Proposed Order attached to this Report as **Exhibit D**.

### THE 503(B) FEE REQUESTS

The Fee Committee recommends the following Fee Requests for final Court approval on

July 11, 2017.

> 14.    *Concentric Energy Advisors, Energy Consultant to the Ad Hoc Consortium of Second Lien Claimants (the "Consortium").*

On February 5, 2016, Concentric Energy Advisors ("Concentric"), through Brown

Rudnick, submitted a memorandum to the Fee Committee requesting a review of $150,000 in

fees.  In its Letter Report to Concentric, the Fee Committee questioned the reasonableness of the

Consortium's payment of retainer fees for pre-petition periods during which Concentric

performed no work.  In response, the Consortium agreed to waive some of its retainer fees,

summarized on **Exhibit B**.  The Fee Committee recommends the Concentric Fee Request be

approved, as adjusted, on an uncontested basis.

> 15.    *Peter J. Solomon Co., Financial Advisors to the Consortium.*

On February 5, 2016, Peter J. Solomon Co. ("PJSC"), through Brown Rudnick, submitted

a memorandum to the Fee Committee requesting a review of $2,125,000 in fees and $47,445.00

in expense reimbursements.  In its Letter Report to PJSC, the Fee Committee questioned some of

PJSCs requested retainer payments, and noted some potentially non-compensable expense items

requiring additional documentation.  In response, PJSC supplied additional information and

agreed to certain fee and expense deductions, summarized on **Exhibit B**.  The Fee Committee

now recommends the PJSC Fee Request be approved, as adjusted, on an uncontested basis.

> 16.    *Brown Rudnick as Counsel to the Consortium.*

On February 5, 2016, Brown Rudnick submitted a memorandum to the Fee Committee

requesting a review of $9,403,240.00 in fees and $724,834.00 in expense reimbursements.  In its

Letter Report to Brown Rudnick, the Fee Committee itemized the categories in which Brown

Rudnick timekeepers provided services:

- "Depositions" – noticing, preparing, attending, ordering and reviewing transcripts;

- Hearing preparation and attendance;

- Tax matters; and

- Legacy and other document review.

The Fee Committee requested additional detail on the nature of Brown Rudnick's work in

some of these task categories, and noted some concerns.  In particular, the Fee Committee

concluded that Brown Rudnick did not submit adequate work records or documentation to fully

support its fee and expense request.  Brown Rudnick elected, in lieu of attempting to review and

explain fees billed years before, to propose an adjustment to its requested fees and expenses to

address the Fee Committee's concerns.  That proposed resolution was sufficient to address all of

the categories of questioned billing outlined in the Fee Committee's Letter Report.  The Fee

Committee now recommends the Brown Rudnick Fee Request be approved, as adjusted on

**Exhibit B**, on an uncontested basis.

17.    *Troutman Sanders LLP, as Co-Counsel to Wilmington Savings Fund Society in its Capacity as the Indenture Trustee of Certain TCEH Second Lien Notes.*

On February 5, 2016, Troutman Sanders LLP, through Brown Rudnick, submitted a memorandum to the Fee Committee requesting a review of $691,882.00 in fees and $792.00 in expense reimbursements.  In its Letter Report to Troutman Sanders, the Fee Committee itemized the work Troutman Sanders performed:

- Indenture analysis, proof of claim, and plan negotiations;

- Hearing preparation and attendance;

- Monitoring the dockets and reviewing materials unrelated to Troutman Sanders' representation of WSFS; and

- Attending T-Side Creditors' Committee meetings.

The Fee Committee noted that all of Troutman Sanders' time entries were lumped and many contained vague and heavily redacted task descriptions.  The Fee Committee also noted the absence of supporting detail for Troutman Sanders' requested expenses.  Troutman Sanders elected, in lieu of attempting to review and explain fees billed years before, to propose an adjustment to its requested fees and expenses to address the Fee Committee's concerns.  That proposed resolution was sufficient to address all of the categories of questioned billing outlined in the Fee Committee's Letter Report.  The Fee Committee now recommends the Troutman Sanders Fee Request be approved, as adjusted on **Exhibit B**, on an uncontested basis.

18.    *Dentons, as Co-Counsel to Wilmington Savings Fund Society in its Capacity as the Indenture Trustee of Certain TCEH Second Lien Notes.*

On February 5, 2016, Dentons, through Brown Rudnick, submitted a memorandum to the Fee Committee requesting a review of $384,050.00 in fees.  In its Letter Report to Dentons, the Fee Committee itemized the work Dentons performed:

- Indenture analysis, notices and direction letters;

- Hearing preparation and attendance;

- Monitoring the dockets and reviewing materials unrelated to Dentons' representation of WSFS; and

- Committee formation and retention of professionals.

The Fee Committee noted that all of Dentons' time entries were lumped and many contained vague and heavily redacted task descriptions.  Dentons elected, in lieu of attempting to review and explain fees billed years before, to propose an adjustment to its requested fees and expenses to address the Fee Committee's concerns.  That proposed resolution was sufficient to address all of the categories of questioned billing outlined in the Fee Committee's Letter Report. The Fee Committee now recommends the Dentons Fee Request be approved, as adjusted on **Exhibit B**, on an uncontested basis.

> 19.   *Ashby & Geddes LLP, as Delaware Counsel to Wilmington Savings Fund Society in its Capacity as the Indenture Trustee of Certain TCEH Second Lien Notes.*

On February 5, 2016, Ashby & Geddes, through Brown Rudnick, submitted a memorandum to the Fee Committee requesting a review of $880,376.00 in fees and $107,785.00 in expense reimbursements.  In its Letter Report to Ashby & Geddes, the Fee Committee itemized the work Ashby & Geddes performed:

- Preparing, revising, and filing general pleadings, disclosures, and notices;

- Strategy, discovery, and hearings on the bid procedures motion;

- Strategy and review of documents related to the make whole trial;

- Other hearing preparation and attendance, ordering and reviewing transcripts, calendaring and scheduling hearings;

- Depositions—noticing, preparing for, attending, or ordering and reviewing transcripts of depositions;

- Discovery—participation in legacy and other discovery matters; and

- Reviewing pleadings, correspondence, or e-mail from other parties.

The Fee Committee noted that Ashby & Geddes appeared to have charged for a number of duplicative and/or administrative tasks and failed to substantiate its expense requests with necessary supporting documentation.  Ashby & Geddes elected, in lieu of attempting to review and explain fees billed years before, to propose an adjustment to its requested fees and expenses to address the Fee Committee's concerns.  That proposed resolution was sufficient to address all of the categories of questioned billing outlined in the Fee Committee's Letter Report.  The Fee Committee now recommends the Ashby & Geddes Fee Request be approved, as adjusted on **Exhibit B**, on an uncontested basis.

> 20.    *Wilmington Savings Fund Society in its Capacity as Indenture Trustee*
> *to Certain TCEH Second Lien Notes.*

On February 5, 2016, Wilmington Savings Fund Society ("WSFS"), through Brown Rudnick, submitted a memorandum to the Fee Committee requesting a review of $425,035.00 in fees.  In its Letter Report to WSFS, the Fee Committee asked for documentation of the fee schedule used to calculate the request.  WSFS provided the requested fee schedule, and the Fee Committee concluded that the requested fees were calculated consistently with that fee schedule. The Fee Committee, therefore, recommends approval of the WSFS Fee Request, as indicated on the attached **Exhibit B**.

> 21.    *Stratus Energy Group, Energy Consultant to the Ad Hoc Consortium*
> *of Second Lien Claimants (the "Consortium").*

On February 5, 2016, Stratus Energy Group ("Stratus"), through Brown Rudnick, submitted a memorandum to the Fee Committee requesting a review of $3,073.93 in expenses. In its Letter Report to Stratus, the Fee Committee noted certain expense items that were inadequately documented.  Stratus elected, in lieu of attempting to document expenses incurred

years before, to propose an adjustment to its requested expenses to address the Fee Committee's concerns.  That proposed resolution was sufficient to address all of the questioned expenses outlined in the Fee Committee's Letter Report.  The Fee Committee now recommends the Stratus Fee Request be approved, as adjusted on **Exhibit B**, on an uncontested basis.

22.    *Houlihan Lokey, Financial Advisor to the Ad Hoc Group of Certain Unsecured Note Holders*.

On January 28, 2016, Houlihan submitted a memorandum to the Fee Committee requesting a review of $7,351,666.67 in flat fees and $382,744.17 in expenses.  In its Letter Report to Houlihan, the Fee Committee asked for additional documentation of Houlihan's fees and expenses.  On or about September 30, 2016, Houlihan supplemented its fee request, noting that it had earned an additional $5,000,000.00 in incentive fees as of February 23, 2015.  The Fee Committee requested comprehensive information from Houlihan Lokey on the services provided and sought documentation of the expense requests.  The Fee Committee chair met with representatives of Houlihan to better understand the nature of the incentive fee and to determine that it was properly compensable pursuant to the Court's plan confirmation and settlement agreement orders.  The Fee Committee, therefore, recommends approval of the Houlihan Fee Request, as indicated on the attached **Exhibit B**.

23.    *PA Consulting, Energy Advisor to the Ad Hoc Group of Certain Unsecured Note Holders*.

On February 5, 2016, PA Consulting submitted a memorandum to the Fee Committee requesting a review of $939,080.00 in flat fees and $19,061.84 in expenses.  In its Letter Report to PA Consulting, the Fee Committee asked for additional documentation of PA Consulting's fees and expenses.  PA Consulting provided the Fee Committee with additional information and documentation that satisfied most of the Fee Committee's concerns.  The Fee Committee,

therefore, recommends approval of the PA Consulting Fee Request, as adjusted and indicated on the attached **Exhibit B**.

**CONCLUSION**

Based on all of the above, the Fee Committee respectfully requests that the Court enter the order attached as **Exhibit C**, approving on an interim basis the Applications outlined in this Report and on the attached **Exhibit A**, subject to the agreed reductions summarized in the exhibit and subject as well to further review and the final fee application process.  In addition, the Fee Committee asks that the Court enter the order attached as **Exhibit D** approving, on a final basis, the Fee Requests outlined in this Report and on the attached **Exhibit B**, subject to the agreed reductions summarized in the exhibit.  Finally, the Fee Committee asks that the Court enter the Order attached as **Exhibit E** approving, on a final basis, the application of Phillips Goldman McLaughlin & Hall, PA f/k/a Phillips Goldman & Spence, PA.

Dated:  July 5, 2017.

**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF LLP**

_____*/s/ William M. Alleman, Jr.*_____
Jennifer R. Hoover, Esquire (5111)
William M. Alleman, Jr., Esquire (5449)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Telephone: 302-442-7010
Facsimile: 302-442-7012
E-mail: jhoover@beneschlaw.com
        walleman@beneschlaw.com

- and -

GODFREY & KAHN, S.C.


    */s/ Katherine Stadler*
Katherine Stadler, *Admitted Pro Hac Vice*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: 608-257-3911
Facsimile: 608-257-0609
E-mail: bwilliam@gklaw.com
         kstadler@gklaw.com

*Attorneys for the Fee Committee*

17434241.2