## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SUMMARY COVER SHEET TO THE SEVENTH INTERIM APPLICATION OF SOLIC CAPITAL ADVISORS, LLC, FINANCIAL ADVISOR FOR DEBTOR ENERGY FUTURE HOLDINGS CORP., FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED**

| Name of Applicant: | SOLIC Capital Advisors, LLC ("<u>SOLIC</u>") |
|---|---|
| Authorized to provide professional services to: | Energy Future Holdings Corp. (the "<u>Debtor</u>") |
| Date of retention: | Retention order entered on February 6, 2015 (effective as of December 18, 2014) [D.I. 3467] |
| Period for which compensation and reimbursement is sought: | January 1, 2017 through April 30, 2017 |
| Amount of compensation sought as actual, reasonable and necessary: | $800,000.00 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $0.00 |

This is a __ monthly <u>X</u> interim __ final application. Six prior applications filed.[2]

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Notice of this interim fee application shall be served in accordance with the Interim Compensation Order (as defined herein) and Fee Committee Order (as defined herein) and objections, if any, to the monthly fee statement shall be addressed in accordance with the Interim Compensation Order and Fee Committee Order.

*Prior Statements, Applications and Allowances*

| Fee Statement Period Covered | Docket No. | Fees Requested | Fees Paid or to be Paid | Holdback (20%) | Expenses Requested | Expenses Paid or to be Paid (100%) |
|---|---|---|---|---|---|---|
| **First Interim Fee Application** December 18, 2014 through April 30, 2015 | 4892 | $ 890,322.58 | $ 890,322.58 | $0.00 | $ 41,787.51 | $ 41,459.01 [1] |
| **Second Interim Fee Application** May 1, 2015 through August 31, 2015 | 6509 | $ 800,000.00 | $ 800,000.00 | $0.00 | $ 27,676.85 | $ 27,676.85 |
| **Third Interim Fee Application** September 1, 2015 through December 31, 2015 | 7864 | $ 800,000.00 | $ 800,000.00 | $0.00 | $ 13,709.16 | $ 13,709.16 |
| **Fourth Interim Fee Application** January 1, 2016 through April 30, 2016 | 8752 | $ 800,000.00 | $ 800,000.00 | $0.00 | $ 24,173.43 | $ 23,323.38 [2] |
| **Fifth Interim Fee Application** May 1, 2016 through August 31, 2016 | 9843 | $ 800,000.00 | $ 800,000.00 | $0.00 | $ 11,149.42 | $ 11,149.42 |
| September 1, 2016 through September 30, 2016 | 9910 | $200,000.00 | $160,000.00 | $40,000.00 | $ - | $ - |
| October 1 through October 31, 2016 | 10262 | $200,000.00 | $ 160,000.00 | $40,000.00 | $ - | $ - |
| November 1 through November 30, 2016 | 10636 | $ 200,000.00 | $ 160,000.00 | $40,000.00 | $ 3,742.09 | $ 3,742.09 |
| December 1 through December 31, 2016 | 10846 | $ 200,000.00 | $ 160,000.00 | $40,000.00 | $ - | $ - |
| **Sixth Interim Fee Application** September 1, 2016 through December 31, 2016 | 10999 | $800,000.00 | $640,000.00 | $160,000.00 | $ 3,742.09 | $ 3,742.09 |
| January 1, 2017 through January 31, 2017 | 11168 | $200,000.00 | $160,000.00 | $40,000.00 | $ - | $ - |
| February 1, 2017 through February 28, 2017 | 11207 | $200,000.00 | $160,000.00 | $40,000.00 | $ - | $ - |
| March 1, 2017 through March 31, 2017 | 11248 | $200,000.00 | $160,000.00 | $40,000.00 | $ - | $ - |
| April 2, 2017 through April 30, 2017 | 11288 | $200,000.00 | $160,000.00 | $40,000.00 | $ - | $ - |
| **Seventh Interim Fee pplication** January 1, 2017 through April 30, 2017 | | $800,000.00 | $640,000.00 | $160,000.00 | $ - | $ - |
| **SUBTOTAL** | | $ 5,690,322.58 | $ 5,370,322.58 | $320,000.00 | $ 122,238.46 | $ 121,059.91 |

[1] This amount represents an agreed upon proposed reduction of the expenses encompassed in the First Interim Fee Application [Doc 4892] in the amount of $328.50

[2] This amount represents an agreed upon proposed reduction of the expenses encompassed in the Fourth Interim Fee Application [Doc 8752] in the amount of $850.05

**SUMMARY OF PROFESSIONAL SERVICES RENDERED**

SOLIC professionals rendering services during the Fee Period were:

| NAME OF PROFESSIONAL | TITLE | TOTAL HOURS BILLED |
|---|---|---|
| Neil Luria | Sr. Managing Director | 46.5 |
| Raoul Nowitz | Managing Director | 436.5 |
| Paul Hogan | Director | 6.0 |
| Matt Cumbee | Sr. Associate | 116.5 |
| **TOTAL** | | **605.5** |

SOLIC does not charge hourly rates to the Debtor in accordance with its retention in this Case and has no hourly rates associated with these professionals in this case.

**SUMMARY OF HOURS EXPENDED BY SUBJECT MATTER**

| TASK DESCRIPTION | TOTAL HOURS |
|---|---|
| 705 -Plan Development & Testimony Review & Analysis | 217.5 |
| 718 - Meeting with Counsel & with other Constituents | 11.0 |
| 725 - Dataroom and Diligence Materials Review[1] | 337.0 |
| 729 - EFH Board Meeting Attendance | 14.0 |
| 730 - Project Management and Support | 18.0 |
| 795 - Fee Applications/Retention Application | 8.0 |
| Total | 605.5 |

---

[1] Two additional hours were added to this category due to the misallocation of a January time entry.  On the filed January Fee Statement (Docket #11168) two hours were allocated to the category *760 – Disinterested Directors*.  A correction has been made and the hours subsequently re-allocated to the category *725 – Dataroom and Diligence Materials Review*.

**SUMMARY OF ACTUAL AND NECESSARY EXPENSES INCURRED**

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Airfare | $0.00 |
| Ground Transportation | $0.00 |
| Hotels & Lodging | $0.00 |
| Meals | $0.00 |
| Mileage | $0.00 |
| **TOTAL** | **$0.00** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SEVENTH INTERIM APPLICATION OF SOLIC CAPITAL ADVISORS, LLC, FINANCIAL ADVISOR FOR DEBTOR ENERGY FUTURE HOLDINGS CORP., FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM JANUARY 1, 2017 THROUGH APRIL 30, 2017**

SOLIC Capital Advisors, LLC ("SOLIC"), financial advisor for Energy Future Holdings Corp. ("EFH Corp." or the "Debtor"), hereby submits this application (the "Fee Application"), pursuant to sections 327(a), 328(a), 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* dated September 16, 2014 [D.I. 2066] (the "Interim Compensation Order"), and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order"), for (a) interim approval and allowance of compensation for professional services rendered in the amount of $800,000.00 from January 1, 2017 through April 30, 2017 (the "Fee Period"); and (b) reimbursement of actual and necessary expenses in the amount of $0.00 incurred during the Fee Period.  In support of the Fee Application, SOLIC submits the

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

declaration of Neil F. Luria, which is attached hereto as **Exhibit A** and incorporated herein by reference.  In further support of the Fee Application, SOLIC respectfully represents as follows:

## Jurisdiction

1.      The Court has jurisdiction over the Fee Application under 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 327(a), 328(a), 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rules 2016-1 and 2016-2, the Interim Compensation Order, and the Fee Committee Order.

## Background

5.      On April 29, 2014 (the "Petition Date"), EFH Corp. and each of its above-captioned debtor and debtor-in-possession affiliates (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered an order for the joint administration of these chapter 11 cases.  The Court has not appointed a trustee or examiner in these chapter 11 cases.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed (a) an official committee of unsecured creditors representing the interests of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420] and (b) an official committee of unsecured creditors representing the interests of EFH Corp., Energy Future Intermediate Holding Company LLC,

2

EFIH Finance, Inc. and EECI, Inc. (the "<u>EFH Creditors' Committee</u>") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration [D.I. 98] of Paul Keglevic in support of the Debtors' first day motions.

6.      On August 21, 2014, the Court entered the Fee Committee Order, which appointed a fee committee (the "<u>Fee Committee</u>") to, among other things, review and report as appropriate on all interim and final fee applications filed by professionals retained under sections 105, 327, 363 or 1103 of the Bankruptcy Code, in accordance with sections 328, 330 and 331 of the Bankruptcy Code and the Interim Compensation Order.

7.      On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in these chapter 11 cases.

<b>EFH Corp.'s Retention of SOLIC</b>

8.      EFH Corp. sought approval of this Court to retain SOLIC as financial advisor, pursuant to sections 327(a), 328(a) and 330 of the Bankruptcy Code, by application filed on January 16, 2015 [D.I. 3324] (the "<u>SOLIC Retention Application</u>"). As set forth in the SOLIC Retention Application and SOLIC's engagement letter, EFH Corp. engaged SOLIC to render professional services to EFH Corp.'s disinterested directors (the "<u>Disinterested Directors</u>") in connection with Conflict Matters (used herein as such term is defined in and pursuant to the authority delegated to EFH Corp.'s Disinterested Directors pursuant to resolutions of EFH Corp.'s board of directors) and in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction of EFH Corp.'s Disinterested Directors. SOLIC's retention was approved by this Court by order dated February 6, 2015 [D.I. 3467] (the "<u>Retention Order</u>"), effective *nunc pro tunc* to December 18, 2014. A true and correct copy of the Retention Order is attached hereto as **<u>Exhibit B</u>**. The Retention Order provides that SOLIC's compensation is

approved pursuant to section 328 of the Bankruptcy Code, subject to the terms of the Retention Order.

9.      As is typical of financial advisory firms, SOLIC is not compensated by the hour, but through fixed fees through the fee period[2].  The Retention Order authorizes EFH Corp. to compensate SOLIC as set forth in its engagement letter, consisting of (a) a $200,000 monthly fixed fee payment (pro-rated for any periods less than a month) and (b) reimbursement of reasonable and documented out-of-pocket expenses (including all fees of counsel), subject to any limitations or modifications as set forth in the Retention Order.  The fixed fee charged by SOLIC is typical for SOLIC's engagements both inside and outside of bankruptcy.  Although SOLIC typically also is provided an "incentive fee" or "success fee" in addition of fixed fees in other engagements both inside and outside of bankruptcy, SOLIC has not sought such a fee in this case.

## Summary of Professional Compensation and Reimbursement of Expenses Requested

10.      This Fee Application has been prepared in accordance with the Interim Compensation Order and the Fee Committee Order.

11.      By this Fee Application, SOLIC seeks: (a) approval and allowance of compensation for professional services rendered by SOLIC as financial advisor for EFH Corp. during the Fee Period in the amount of $800,000.00; and (b) reimbursement of actual and necessary expenses incurred by SOLIC in connection with rendering professional services to EFH Corp. during the Fee Period of $0.00.

12.      Pursuant to the Interim Compensation Order, SOLIC has already received payment, or has filed fee statements and is awaiting payment, from EFH Corp. in the amount of

---

[2] Prior to the Supplemental Declaration of Neil F. Luria of SOLIC Capital Advisors, dated 05/26/2017

$640,000.00, which represents 80% of SOLIC's fees for the Fee Period, and $0.00, which represents 100% of the expenses invoiced for the Fee Period.  Except as described in this Fee Application, SOLIC has not entered into any agreement with any other party for the purpose of fixing of sharing fees or other compensation to be paid for professional services rendered in EFH Corp.'s chapter 11 case.  No promises have been received by SOLIC or any member thereof as to compensation in connection with EFH Corp.'s chapter 11 case other than in accordance with the provisions of the Bankruptcy Code.

13.     SOLIC's fees for this Fee Period are in accordance with the agreed-upon terms for this period set forth in the SOLIC Retention Application.

14.     During the Fee Period, SOLIC's professionals spent an aggregate of 605.5 hours performing services for EFH Corp. in connection with its chapter 11 case.

15.     SOLIC's fees for the services rendered are reasonable and appropriate given the complexity of the matter and the level of expertise required to best serve EFH Corp.  In particular, the depth and complexity of the issues involved in EFH Corp.'s chapter 11 case and the sophistication and breadth of expertise necessary to successfully guide EFH Corp. through its chapter 11 case, is best served by employing a financial advisor with SOLIC's sophistication, experience, and expertise in handling large and complex matters for corporations.  SOLIC believes that its fees are comparable to the fees charged by other highly skilled practitioners experienced in advising clients with large, complex operations while in chapter 11.

**Proposed Payment Allocation**

16.     Pursuant to paragraph 8 of the Retention Order, absent an order of the Court, the fees and expenses incurred by SOLIC are paid by EFH Corp.  As such, no allocation pursuant to paragraph 2(b) of the Interim Compensation Order is applicable.

## Summary of Professional Services Rendered

17.    SOLIC has structured its time records using its internal system of project codes. The following descriptions provide a summary of the primary services rendered by SOLIC during the Fee Period with respect to each project code.  Given the scope of the work performed, these summaries do not cover all work performed but instead highlight the major areas of work. Descriptions of the day-to-day services provided by SOLIC and the time expended performing such services in each project category are attached hereto as **Exhibit C**.  Such descriptions demonstrate that SOLIC was heavily involved in the performance of services for EFH Corp. on a daily basis, including night and weekend work, often under extreme time constraints, to meet the needs of EFH Corp. in its chapter 11 case.

### A.  Plan Development and Testimony Review and Analysis (217.5 Hours)

18.  This category centers around the need to monitor the impact of Plan matters as it relates to EFH Corp. treatment and includes review of restructuring proposals, as applicable, as well as meetings with constituents regarding plan formulation, review of plan proposals and term sheets, review of deposition transcripts and related court testimony, review of treatment of EFH Corp. assets as part of plan proposals, and analysis of proposed settlements of Conflict Matters. These procedures were necessary to ensure that elements pertaining to the EFH Corp. Plan were being actively monitored including the identification and actioning of elements insofar as it relates to Conflict Matters.   This category also includes, but is not limited to, the review of relevant filings and motions filed on the bankruptcy court docket as it relates to financial developments and related impacts, working alongside counsel and engaging with Evercore regarding the Plan of Reorganization, matters pertaining to the February 2017 E-side confirmation hearing, review of E-side expert reports, tracking of make-whole resolution matters as it pertains to any residual recovery impacts on EFH Corp., review of relevant financial

6

analyses associated with recovery analyses impacted by make-whole rulings and its impact on the Plan, and the review of deposition transcripts as well as court testimony transcripts. This category also contains telephonic attendance on PUCT hearings pertaining to Oncor matters as it related to the NextEra bid and its implications on the proposed Plan of Reorganization.

**B.  Meeting with Counsel & Other Constituents (11.0 Hours)**

19.   This category includes telephonic meetings with counsel to EFH pertaining to Conflict Matters and calls with Evercore pertaining to necessary financial due diligence matters. Meetings included discussion regarding various due diligence matters, including, without limitation, EFH Corp.'s cash requirements and related projections, Plan matters as it impacts  on financial elements of EFH Corp.'s cash requirements and projections, and Plan matters as it relates to potential impact on EFH Corp. creditor recoveries.

**C.  Dataroom and Diligence Materials Review (337.0 Hours)**

20.   This category remains central to the ongoing work performed by SOLIC as it addresses the important and necessary task of tracking and monitoring of EFH Corp. cash, the primary form of recovery to EFH claimants, based on recent Plan proposals received. The work performed includes, but is not limited to, the download, review and related analysis of materials posted to the debtors' dataroom, and follow-up with the Debtors' professionals pertaining to (i) items posted to the dataroom and (ii) follow-up information being sought in the dataroom, and (iii) items previously posted to the dataroom requiring additional review and revisiting by the SOLIC team.  Key areas of focus include, but are not limited to, (i) EFH Corp. pre-emergence cash projections provided directly to SOLIC and/or included in Board materials, (ii) cash deductions and adjustments as of various emergence dates to reflect net cash at emergence available to EFH Corp. claimants, (iii) allocation of professional fees to the EFH Corp. estate including the assessment of reasonableness of allocations in the event certain professionals provide services across multiple Debtor estates, (iv) review of cash

7

proceeds pertaining to the sale of ancillary EFH Corp. assets, (v) review of Monthly Operating Reports including reconciliation to opening balances of cash projections and variance analysis of actual results vs. forecasted results, (vi) review of expert reports produced by various financial advisors, including but not limited to, E-side liquidation analyses and reports forecasting the E-side asbestos liability, (vii) review of Debtor-prepared recovery financial analyses, and (viii) other ancillary financial reports such as financial details included in PUCT filings. SOLIC's review of the allocation and monitoring of EFH Corp. specific cash, and the impacts insofar as it related to Conflict Matters, continues to be an essential element of SOLIC's work up to and during the Seventh Interim Fee period that has resulted in the development of an important due diligence tracking list by the SOLIC team.   This due diligence tracking list is updated on a frequent basis and shared with Evercore, that is in turn shared with Debtor management as a primary tool for maintaining outstanding relevant financial due diligence items insofar as they relate to Conflict Matters, the form for receiving responses from management, and the form for initiating necessary follow-up questions and items. SOLIC has, to date, provided a range of questions covering, but not limited, to the above categories with a focus on the reasonableness of EFH Corp. emergence cash available for distribution with a focus on elements insofar as they may relate to Conflict Matters. As mentioned above, SOLIC's procedures have also included the review of responses received from management and SOLIC, in turn, has followed-up with additional questions as necessary.   The monitoring and tracking of projected cash at the emergence date continues to be essential in providing the necessary context to how recoveries to EFH Corp. creditors are projected at various emergence date, and specific recoveries allocable to the various creditor groups within EFH Corp.

### D.  Board Meeting and Attendance (14.0 Hours)

21.  This category includes the time spent by SOLIC's professionals attending in-person and telephonic EFH Corp. board meetings, including engaging in pre-meeting preparation, and post-Board meeting follow-up.

### E.  Project Management and Support (18.0 Hours)

22. This category includes key elements of project management on the engagement including work plan development and internal discussion pertaining to same, as well as general review and research of case filings.

### F.  Fee Application / Retention Application (8.0 Hours)

23.  This category includes the required preparation of monthly fee statements, preparation of monthly budgets for submission to the Fee Committee, and interim fee applications, as well as the review and preparation of responses to inquiries made by parties of interest, including the Fee Committee.

<u>**Allowance of Compensation**</u>

24.  The foregoing professional services rendered by SOLIC on behalf of EFH Corp. during the Fee Period were reasonable, necessary and appropriate to the administration of EFH Corp.'s chapter 11 case and related matters and in the best interests of EFH Corp. and its estate. The compensation requested for the foregoing services is commensurate with the complexity, importance and nature of the problems, issues and tasks involved.  The professional services were performed expediently and in an efficient manner.

25.  During the Fee Period, the professional services performed by SOLIC on behalf of EFH Corp. required an aggregate expenditure of 605.5 hours by SOLIC professionals and a fair market value of $800,000.00.  As demonstrated by this Fee Application, SOLIC's services were rendered economically and without unnecessary duplication of efforts.  In addition, the work involved and the time expended was carefully assigned in consideration of the experience and expertise required of each particular task.

**Actual and Necessary Expenses Incurred by SOLIC**

26.  SOLIC seeks reimbursement of $0.00 on account of expenses incurred in performing professional services during the Fee Period.  SOLIC records all expenses incurred in connection with the performance of professional services.  No detailed descriptions of these expenses were attached to and filed as exhibits to the monthly fee statements submitted during the Fee Period as no fees were incurred – see attached hereto as exhibit D.

27. SOLIC seeks reimbursement only for the actual cost of such expenses to SOLIC. Throughout the Fee Period, even though no expenses were incurred, SOLIC has been cognizant of cost considerations and has tried to minimize the expenses charged to the EFH Corp.'s estate. SOLIC respectfully submits that the actual expenses incurred, except where limits have been set forth by the Fee Committee (with hotels not being reimbursable in New York City above $500 or above $350 in an all other locations, meals being capped at $40 per person per meal and cars to and from an airport being capped at $100 in New York City, $75 in Dallas and $75 in Chicago) in providing professional services during the Fee Period and billed to EFH Corp. were necessary, reasonable and justified under the circumstances to serve the needs of EFH Corp. in its chapter 11 case.

**The Requested Compensation Should be Allowed**

28. SOLIC respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Fee Application were necessary for and beneficial to EFH Corp.'s orderly administration of its estate and its efforts in its chapter 11 case. SOLIC worked diligently to anticipate or respond to EFH Corp.'s needs and assist in EFH Corp.'s chapter 11 case.  SOLIC's services and expenditures were necessary to, and in the best interests of, EFH Corp.'s estate and creditors.  SOLIC submits further that the services its professionals and paraprofessionals provided for EFH Corp. were performed economically,

effectively and efficiently, and that the results obtained to date have benefited not only EFH Corp. but all stakeholders in its chapter 11 case. The services provided by SOLIC were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, SOLIC respectfully submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to EFH Corp., its estate and all parties in interest.

## Reservation of Rights

29. It is possible that some expenses incurred during the Fee Period are not reflected in the Fee Application. SOLIC reserves the right to include such amounts in future fee applications.

## Notice

30. SOLIC provided notice of this Fee Application to: (a) the Debtor; (b) co-counsel to the Debtors, Kirkland & Ellis LLP; (c) co-counsel to the Debtors, Richards, Layton & Finger, P.A.; (d) the Office of the United States Trustee; (e) counsel for the agent of the EFIH First Lien DIP Financing Facility; (f) counsel for the agent of the TCEH DIP Financing Facility; (g) counsel to the TCEH Creditors' Committee; (h) counsel to the EFH Creditors' Committee; and (i) counsel to the Fee Committee (collectively, the "Notice Parties"). Pursuant to the Interim Compensation Order, any party, other than the Notice Parties, that wishes to object to the Fee Application, must file its objection with the Court, with a copy to Chambers and serve it on SOLIC and the Notice Parties so that it is actually received on or before XX, XX 2017 at 4:00 p.m. (prevailing Eastern Time).

### No Prior Request

31. Other than the monthly fee statements, no prior request for the relief requested herein has been made to this or any other Court.

### Conclusion

WHEREFORE, SOLIC respectfully requests that the Court enter an order (i) awarding SOLIC the sum of $800,000.00 as compensation for services rendered and $0.00 for reimbursement of actual and necessary expenses SOLIC incurred during the Fee Period; (ii) that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to SOLIC's right to seek additional compensation for services rendered and for expenses incurred during the Fee Period which were not processed at the time of this Fee Application; and (iii) granting such other and further relief as the Court deems appropriate.

Dated:  July 7, 2017                    */s/ Neil F. Luria*
                                     SOLIC Capital Advisors, LLC
                                     Neil F. Luria, Senior Managing Director
                                     1603 Orrington Avenue, Suite 1600
                                     Evanston, Illinois 60201

## **Exhibit A**

[Declaration]

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## <u>Verification of Neil F. Luria</u>

1.      I am a Senior Managing Director and President of SOLIC Capital Advisors, LLC

("<u>SOLIC</u>"),[2] which maintains a central office at 1603 Orrington Avenue, Suite 1600, Evanston,

Illinois 60201.  I am one of the lead professionals from SOLIC working on EFH Corp.'s chapter

11 case.

2.      I have personally performed many of the services rendered by SOLIC as financial

advisor to EFH Corp. and am familiar with all other work performed on behalf of EFH Corp. by

SOLIC.

3.      The facts set forth in the foregoing Fee Application are true and correct to the best

of my knowledge, information and belief.

4.      I have reviewed Rule 2016-2 of the Local Rules of Bankruptcy Practice and

Procedures of the United States Bankruptcy Court for the District of Delaware and believe that

SOLIC's Fee Application complies with Rule 2016-2 to the extent not waived or otherwise

modified pursuant to the terms of the Retention Order.

---

[1]      The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]      Each capitalized term used but not otherwise defined herein shall have the meaning ascribed thereto in the *First Interim Application of SOLIC Capital Advisors, LLC, Financial Advisor for Debtor Energy Future Holdings Corp., for Compensation for Services Rendered and Reimbursement of Expenses Incurred From December 18, 2014 Through April 30, 2015* (the "<u>Fee Application</u>").

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Dated: <u>July 7, 2017</u>                        <u>/s/ Neil F. Luria</u>

                                                        Name:  Neil F. Luria
                                                        Title:    Senior Managing Director

## **Exhibit B**

[Retention Order]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SOLIC CAPITAL ADVISORS, LLC AS FINANCIAL ADVISOR FOR DEBTOR AND DEBTOR IN POSSESSION ENERGY FUTURE HOLDINGS CORP. EFFECTIVE *NUNC PRO TUNC* TO DECEMBER 18, 2014

Upon the application (the "Application")[2] of debtor and debtor in possession Energy Future Holdings Corp. ("EFH Corp.") for the entry of an order (this "Order") authorizing EFH Corp., under the supervision of its disinterested directors, Donald L. Evans and Billie I. Williamson, to retain and employ SOLIC Capital Advisors, LLC ("SOLIC") as financial advisor, effective *nunc pro tunc* to December 18, 2014, in connection with Conflict Matters as defined in and pursuant to the authority delegated to EFH Corp.'s disinterested directors pursuant to resolutions of the EFH Corp. Board of Directors attached to the Application as Exhibit B (the "Resolutions"), including the determination by EFH Corp.'s disinterested directors regarding whether any matter constitutes a Conflict Matter, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

District of Delaware (the "Local Bankruptcy Rules"); and the Court having reviewed the

Application and the Declaration of Neil F. Luria, a Senior Managing Director and President of

SOLIC (the "Luria Declaration"); and the Court having found that the Court has jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the

Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found

that venue of the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and the Court having found, based on the representations made in the Application and in the

Luria Declaration, that (a) SOLIC does not hold or represent an interest adverse to EFH Corp.'s

estate and (b) SOLIC is a "disinterested person" as defined in section 101(14) of the Bankruptcy

Code and as required by section 327(a) of the Bankruptcy Code; and the Court having

determined that the terms and conditions of SOLIC's employment, including the fee and expense

structure set forth in the Engagement Letter (attached hereto as **Exhibit 1**), are reasonable as

required by section 328 (a) of the Bankruptcy Code; and the Court having found that the relief

requested in the Application is in the best interests of EFH Corp.'s estate, its creditors, and other

parties in interest; and the Court having found that EFH Corp. provided adequate and appropriate

notice of the Application under the circumstances and that no other or further notice is required;

and the Court having reviewed the Application; and the Court having determined that the legal

and factual bases set forth in the Application just cause having been shown for the relief granted

herein; and any objections to the relief requested herein having been either withdrawn or

overruled; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

    1.    The Application is granted to the extent set forth herein.

47349969v2

2.      EFH Corp. is authorized to retain and employ SOLIC as its financial advisor to advise it on Conflict Matters, including whether a matter constitutes a Conflict Matter, consistent with the terms and conditions set forth in the Engagement Letter, effective *nunc pro tunc* to December 18, 2014, and to pay fees and reimburse expenses to SOLIC on the terms and times specified in the Engagement Letter attached hereto as **Exhibit 1**; *provided, however*, that nothing in the Engagement Letter shall supersede any provisions of the Bankruptcy Code during the pendency of EFH Corp.'s chapter 11 case; *provided further, however*, that to the extent the Application, the Luria Declaration, and any later declaration or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern

3.      The terms of the Engagement Letter are approved in all respects except as limited or modified herein.

4.      SOLIC's compensation set forth in the Engagement Letter is approved pursuant to section 328(a) of the Bankruptcy Code and SOLIC shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court, including but not limited to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* dated September 16, 2014 [D.I. 2066].

5.      Pursuant to the terms of the Engagement Letter, SOLIC is entitled to reimbursement by EFH Corp. for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, including, without limitation, the reasonable fees, disbursements and other charges of SOLIC's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise), in

3

47349969v2

accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any applicable orders of this Court and the Fee Guidelines promulgated by the Office of the United States Trustee, *provided however*, that SOLIC shall not seek reimbursement for any services provided by SOLIC's counsel to EFH Corp.; *provided further*, that SOLIC shall submit the invoices of SOLIC's counsel, together with any application seeking allowance of reimbursement for the fees, disbursements and other charges of its counsel.

6.      With respect to the provision of the Engagement Letter reflecting that SOLIC may perform *de novo* analyses as may be required and approved by the Disinterested Directors, in such events, SOLIC shall file a supplemental application or applications requesting authority to undertake such analyses, which shall generally outline the scope of the *de novo* analyses and identify the SOLIC professionals designated to perform such *de novo* analyses and their corresponding hourly rates.

7.      None of the fees payable to SOLIC shall constitute a "bonus" or fee enhancement under applicable law.

8.      Absent further order of this Court, fees and expenses incurred by SOLIC shall be paid by EFH Corp.

9.      SOLIC shall use its reasonable efforts to avoid any duplication of services provided by any of EFH Corp.'s other retained professionals in EFH Corp.'s chapter 11 case.

10.      Notwithstanding any provision to the contrary in this Order, the U.S. Trustee shall have the right to object to SOLIC's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the

4

47349969v2

U.S. Trustee to challenge the reasonableness of SOLIC's fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of SOLIC's fees.

11.     SOLIC shall include in its fee applications, among other things, time records setting forth, in summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering services on behalf of ECF Corp. in half-hour increments, but SOLIC shall be excused from keeping time in tenth-hour increments.

12.     SOLIC is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d) to the extent requested in the Application.

13.     SOLIC shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; provided, however, the fee applications filed by SOLIC shall be subject to review only pursuant to the standard of review set forth in section 328 of the Bankruptcy Code and not subject to the standard of review set forth in section 330 of the Bankruptcy Code, except as otherwise expressly set forth herein.

14.     The relief granted herein shall be binding upon any chapter 11 trustee appointed in EFH Corp.'s chapter 11 case, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of EFH Corp.'s chapter 11 case to a case under chapter 7.

15.     The indemnification provisions set forth in the Engagement Letter are hereby approved, subject during the pendency of these cases to the following:

5

47349969v2

a.  subject to the provisions of subparagraph d., *infra*, EFH Corp. is authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Engagement Letter) in accordance with the Engagement Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter; notwithstanding any provisions of the Engagement Letter to the contrary;

b.  EFH Corp. shall have no obligation to indemnify SOLIC or provide contribution or reimbursement to SOLIC (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from SOLIC's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which EFH Corp. alleges the breach of SOLIC's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Company, et. al.*, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph d., *infra*, to be a claim or expense for which SOLIC should not receive indemnity, contribution or reimbursement under the terms of the Indemnification Letter, as modified by this Order;

c.  if during the pendency of EFH Corp.'s case the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph b. above and SOLIC makes a claim for the payment of any amounts by EFH Corp. on account of EFH Corp.'s contribution obligations, then the contribution provisions in the Engagement Letter shall not apply; and

d.  if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in EFH Corp.'s case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing EFH Corp.'s case, SOLIC believes that it is entitled to the payment of any amounts by EFH Corp. on account of EFH Corp.'s indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, SOLIC must file an application therefor in this Court, and EFH Corp. may not pay any such amounts to SOLIC before the entry of an order by this Court approving the payment. This subparagraph d. is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by SOLIC for indemnification, contribution, or reimbursement and is not a provision limiting the duration of EFH Corp.'s obligation to indemnify SOLIC.

6

16.     Notwithstanding anything to the contrary in the Application or the Engagement Letter, SOLIC will not seek reimbursement of expenses for office supplies.

17.     EFH Corp. and SOLIC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

18.     Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

19.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20.     Notwithstanding any contrary provision in the Application or the Engagement Letter, the Court shall retain jurisdiction to hear and determine all matters arising from or related to implementation of this Order.

Dated: ___2/6/15___
       Wilmington, Delaware

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

7

**Exhibit 1** (to Order)

[Engagement Letter]



**SOLIC Capital Advisors, LLC**
1603 Orrington Avenue, Suite 1600
Evanston, Illinois 60201
847.583.1619  Phone
847.583.1426  Fax

December 18, 2014

**Personal and Confidential**
The Honorable Donald L. Evans
Executive Chairman
Board of Directors
Energy Future Holdings Corp.
1601 Bryan St., 41st Floor
Dallas, Texas 75201
dle@donevans34.com

Billie I. Williamson
Director
Board of Directors
Energy Future Holdings Corp.
1601 Bryan St., 41st Floor
Dallas, Texas 75201
billie.williamson@forresterco.com

Dear Mr. Evans and Ms. Williamson:

Subject to approval of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), this letter confirms the retention of SOLIC Capital Advisors, LLC ("SOLIC") by Energy Future Holdings Corp. (the "Company"), nunc pro tunc to December 18, 2014, in accordance with the terms set forth in this letter, pursuant to which SOLIC will provide to the Company, at the direction of its disinterested directors, Donald L. Evans and Billie I. Williamson (the "Disinterested Directors"), the services described below in connection with the Company's chapter 11 case (the "Case").

On April 29, 2014 (the "Commencement Date"), the Company commenced its Case by filing a voluntary petition for relief under chapter 11 title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court.  This engagement letter (this "Engagement Letter"), and SOLIC's obligations and responsibilities relating to this engagement (the "Engagement"), shall be effective as of December 18, 2014, subject to obtaining Bankruptcy Court approval in this Case; provided, however, that either party may, in its sole discretion and without any liability arising therefrom, terminate this Engagement in the event that (a) a final order authorizing the employment of SOLIC as financial advisors for the Company (the "Order") is not issued by the Bankruptcy Court in this Case on or before one hundred twenty (120) days from the date hereof on the terms and conditions set forth herein or on such other terms and conditions as are satisfactory to SOLIC, or (b) the application of the Company seeking the Order is denied by the Bankruptcy Court in this Case.  In such event, the Company hereby agrees to withdraw, promptly upon SOLIC's request, any application filed or to be filed with the Bankruptcy Court to retain SOLIC's services in this Case.

47349969v2

Energy Future Holdings Corp.
December 18, 2014

Specifically, the terms and conditions of our engagement and the services that it is anticipated that SOLIC will provide are as follows:

1.  **Services.**  Pursuant to this Engagement, SOLIC will provide a variety of financial advisory and other services to the Company, at the direction of its Disinterested Directors, in connection with "Conflict Matters" as defined in and pursuant to the authority delegated to the Disinterested Directors pursuant to resolutions of the Company's Board of Directors attached hereto as <u>Exhibit A</u> (the "<u>Resolutions</u>"), including the determination by the Company's Disinterested Directors regarding whether any matter constitutes a Conflict Matter.  Such services will include:

    (a)  Reviewing bid procedures and progress in developing a plan of reorganization;
    (b)  reviewing inter-company claims between the Company and other affiliates;
    (c)  reviewing financial elements pertaining to key tax issues;
    (d)  reviewing financing proposals received to date and future financing needs of the Company; and
    (e)  such other matters as may be agreed upon which are consistent with SOLIC's experience.

    It is the parties' desire that SOLIC rely on the work of the Company's legal and other financial advisors to provide the basis of any reviews and analysis provided hereunder unless *de novo* analysis is required and approved by the Disinterested Directors.  For purposes hereof, "*de novo* analysis" shall mean any analysis where SOLIC is required to undertake independent review of source documentation or data (i.e., documents or data other than actual reports and analyses prepared by the Company's other advisors) or the development of new independent analyses as directed by the Disinterested Directors.  For the sake of clarification, any reviews performed by SOLIC on existing work product produced by the Company's legal and other financial advisors will not constitute *de novo* analysis.

2.  **Information.** In connection with SOLIC's activities hereunder, the Company agrees to cooperate with SOLIC and will use its good faith efforts to furnish to, or cause to be furnished to, SOLIC all information and data concerning the Company (the "Information") which SOLIC reasonably deems appropriate and will use its good faith efforts to assist SOLIC in obtaining access to the Company's officers, directors, employees and advisors, as necessary

    The Company acknowledges and agrees that the Company's management is responsible for supplying materially complete and accurate Information, representations, and books and records upon which we must rely in providing our services to the Company.  The Company agrees to promptly notify SOLIC if the Company believes that any Information which was previously provided to SOLIC has become materially misleading.  The Company acknowledges and agrees that, in rendering its services hereunder, SOLIC will be using and relying on Information (and information available from public sources and other sources deemed reliable by SOLIC) without independent verification thereof or independent appraisal or evaluation of the Company, or any other party.  SOLIC does not assume responsibility for the accuracy or completeness of Information or any other information regarding the Company.  SOLIC will have no obligation to update any report(s) that it may produce or to revise the information contained therein because of events and transactions occurring subsequent thereto. It is further understood that any advice rendered by SOLIC pursuant to its Engagement hereunder, including any advice rendered during the course of participating in negotiations and meetings with the Company and its representatives, as well as any written materials provided by SOLIC, are intended solely for the

2

47349969v2

Energy Future Holdings Corp.
December 18, 2014

benefit and use of the Company, its Disinterested Directors and professionals, and may not be relied upon by any other person or entity without SOLIC's prior written consent.

3.   Compensation.   In consideration of SOLIC's efforts, SOLIC shall be compensated as follows by the Company and/or from the Company's estate (subject to allowance and approval by the Bankruptcy Court):

SOLIC will be paid a monthly fixed fee payment of $200,000 (the "Monthly Fee"), via wire transfer per the wire instructions set forth on Exhibit B attached hereto, with the first payment (including the pro-rated Monthly Fee for the period December 18 through December 31, 2014 and any other accrued but unpaid Monthly Fees for periods thereafter) to be made upon the Court's approval of SOLIC's retention and, thereafter, in advance on the first day of each month during the term of our Engagement hereunder.   The parties hereto hereby agree that the Monthly Fee may be reviewed and potentially adjusted prospectively, if appropriate, based upon mutual agreement, taking into account, among other things, the contribution of SOLIC's professionals to the Case, the aggregate work performed over the course of the Engagement, and such other factors as may be mutually agreed upon, and as approved by the Bankruptcy Court, if necessary.

In addition to the Monthly Fees, if SOLIC is requested by the Company and the Disinterested Directors, to perform any "*de novo* analysis" or to provide litigation support or testimony (or support thereof) in support of any litigation matters, such services will be provided at SOLIC's standard billing rates as set forth on Exhibit C pursuant to a budget agreed upon by SOLIC and the Disinterested Directors on behalf of the Company and any such related fees and expenses will be subject to Bankruptcy Court approval and be paid in accordance with the following paragraph.

SOLIC will be reimbursed monthly for all of its reasonable and documented expenses and hourly fees, if any, related to this Engagement, including travel, document production, reasonable fees and expenses of our legal counsel (other than the cost of internal legal counsel), including amounts attributable to our obligation to respond to discovery requests, participate in depositions or appear in court in connection with services under this Engagement Letter, and other costs incurred in providing the services hereunder.

SOLIC understands that the Company will seek authorization of the Bankruptcy Court for it to fulfill its obligations under this Engagement Letter.

The Company has been informed that SOLIC intends to apply for compensation for professional services to be rendered in connection with this Case and for reimbursement of expenses incurred, in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware and any applicable order of the Bankruptcy Court (the "Payment Rules").   Payment of fees and reimbursement of expenses will be subject to ultimate allowance and approval by the Bankruptcy Court.   SOLIC will maintain internal time records for all work performed for the Company.   The request for Bankruptcy Court approval of our retention, and the proposed order to be submitted in connection therewith, shall be provided to SOLIC prior to submission and must be acceptable to SOLIC in its sole discretion.

3

Energy Future Holdings Corp.
December 18, 2014

To the extent that, at any time during this Case, the Bankruptcy Court reviews any of the terms of this Engagement Letter, such review shall be subject to the standard of review of Section 328(a) of the Bankruptcy Code and the Payment Rules, and not subject to any other standard of review under Section 330 of the Bankruptcy Code. SOLIC will submit reasonably detailed invoices and statements of expenses to the Company in accordance with that certain *Order Establishing Professional Interim Compensation Procedures* entered in the Case. Because SOLIC does not ordinarily maintain contemporaneous time records in one-tenth hour (0.1) increments, the Company agrees to request that SOLIC be excused from compliance with such requirements and should be required only to maintain time records in half-hour (0.50) increments setting forth, in a summary format, a description of services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Company.

In agreeing to these provisions, the Company acknowledges that it believes that our general restructuring experience and expertise will inure to the benefit of the Company and that the value to the Company and/or its constituents derives in substantial part from that expertise and experience and that, accordingly, the structure and amount of fees above are reasonable, regardless of the number of hours to be expended by our professionals in the performance of the services to be provided hereunder.

4.   Termination. SOLIC's engagement hereunder may be terminated by either the Company or SOLIC at any time, with or without cause, upon 30 days' written notice to the other party; provided, however, that no such termination will affect SOLIC's right to expense reimbursement or the payment of any accrued and unpaid fees pursuant to Section 3 hereof or the Indemnity Agreement (as defined below), and the provisions related thereto contained in this Engagement Letter will survive the expiration or termination of this engagement. Furthermore, if the Order is not obtained, or is later reversed or set aside for any reason, SOLIC may terminate this Engagement Letter and SOLIC shall be reimbursed for all fees and expenses reasonably incurred prior to the date of expiration or termination.

5.   Collection. In the event SOLIC prevails in any action to enforce collection of amounts due or other rights under this Engagement Letter, SOLIC's reasonable legal fees and other collection costs incurred by SOLIC, plus interest on amounts otherwise due but unpaid at the prime rate (Bank of America prime) plus 2 percent until paid, shall be paid by the Company and/or the Company's estate.

6.   Governing Law. This Engagement Letter will be deemed made in New York and will be governed by the laws of the State of New York. The Company and SOLIC irrevocably submit to the jurisdiction of the Bankruptcy Court as long as the Case is open, and once the Case is closed, to any court of the State of New York or the United States District Court for the Southern District of New York (Manhattan Division), for the purpose of any suit, action or other proceeding arising out of this Engagement Letter, or any of the agreements or transactions contemplated hereby, which is brought by or against the Company. Each of the Company and SOLIC hereby knowingly, voluntarily and irrevocably waives any right it may have to a trial by jury in respect of any claim based upon, arising out of or in connection with, this Engagement Letter and the transactions contemplated hereby). SOLIC will act under this Engagement Letter as an independent contractor with duties solely to the Company. Because we will be acting on the Company's behalf in this capacity, it is our practice to receive indemnification. A copy of our standard indemnity form is attached hereto as Exhibit D ("Indemnity Agreement"). The terms of

4

Energy Future Holdings Corp.
December 18, 2014

the Indemnity Agreement are incorporated by reference into this Engagement Letter. In no event will SOLIC's liability in connection with this Engagement Letter exceed the total fees paid to SOLIC hereunder. In no event shall SOLIC, the Company or their respective personnel be liable for consequential, special, indirect, incidental, punitive or exemplary loss, damage or expense relating to this Engagement.

7.    **Successors and Assigns.** This Engagement Letter shall be binding upon and inure to the benefit of the parties hereto, their respective successors and assigns. Neither party may delegate or assign its rights or obligations under this Engagement Letter without the written consent of the other party.

8.    **Review.** The services to be provided by SOLIC hereunder will not constitute (a) a fairness or solvency opinion or (b) a compilation, examination, review or audit of any entity's information, financial or otherwise, historical or prospective, as described in the pronouncements on professional standards issued by the American Institute of Certified Public Accountants. In addition, SOLIC does not make any predictions or provide any opinions or other assurances concerning the outcome of future events, including, without limitation, those that pertain to the operating results of any entity, the achievability of any business plan, the success of any investment, the recovery of any asset, or the ability to pay any debt. SOLIC reserves the right to issue a tombstone announcement with respect to SOLIC's involvement in connection with the Engagement consistent with the Order.

9.    **Limitations.** This Engagement Letter does not create, and will not be construed as creating, rights enforceable by any person or entity not a party hereto, except those entitled thereto by virtue of the Indemnity Agreement. The Company acknowledges and agrees that (a) SOLIC will act as an independent contractor and is being retained solely to assist the Company and the Disinterested Directors and, unless separately requested by the Company, that SOLIC is not being retained to provide a formal opinion as to any possible restructuring or outcome, (b) nothing in this Engagement Letter or in the nature of services in connection with the Engagement or otherwise shall be deemed to create a fiduciary duty or fiduciary or agency relationship between SOLIC and the Company, or any other party, (c) SOLIC is a professional advisor to the Company and is not and will have no duties or liabilities to the equityholders or creditors of the Company, any affiliate of the Company or any other person by virtue of this Engagement Letter and the retention of SOLIC hereunder (other than as set forth herein), all of which duties and liabilities are hereby expressly waived, and (d) any advice rendered by SOLIC does not constitute a recommendation to any creditor or stakeholder that such creditor or stakeholder might or should take in connection with a possible restructuring; provided, however, this clause (d) shall not apply to the advice rendered by SOLIC to the Disinterested Directors as part of the services provided under the terms of this Engagement Letter. Neither equityholders nor creditors of the Company are intended beneficiaries hereunder. The Company recognizes and acknowledges that by performing the services set forth in this Engagement Letter, SOLIC is not acting in any management capacity and that Company has not requested SOLIC to make, nor has SOLIC agreed to make, any business decisions on behalf of the Company. All decisions about the business of the Company remain the sole responsibility of the Company (and to the extent applicable, the Disinterested Directors). The Company and each Disinterested Director hereby expressly acknowledges that SOLIC does not guarantee, warrant, or otherwise provide any assurances that the Company will restructure successfully. SOLIC is not a law, accounting, tax, or actuarial firm and will not be providing any legal, accounting, tax advice, or actuarial services

5

47349969v2

Energy Future Holdings Corp.
December 18, 2014

hereunder. In addition, the Company confirms that it will rely on its own counsel for legal advice. SOLIC's services are not designed, nor should they be relied upon, to disclose internal weaknesses in internal controls, financial statement errors, irregularities, illegal acts or disclosure deficiencies.

10. **Counterparts.** This Engagement Letter, and any modification or amendment thereto, may be executed in counterparts, each of which will be deemed an original and all of which will constitute one and the same instrument.

11. **Notices.** All correspondence and notices shall be sent to the parties as listed hereafter or to such other persons or addresses as may be given by one party to the other, and will be deemed effective the earlier of actual delivery or three days after mailing.

> <u>Personal and Confidential</u>
>
> The Honorable Donald L. Evans
> Executive Chairman
> Energy Future Holdings Corp.
> 1601 Bryan St., 41st Floor
> Dallas, Texas 75201
>
> with a copy to:
>
> General Counsel
> Energy Future Holdings Corp.
> 1601 Bryan St., 41st Floor
> Dallas, Texas 75201
>
> Neil F. Luria
> Senior Managing Director
> SOLIC Capital Advisors, LLC
> 1603 Orrington Avenue
> Suite 1600
> Evanston, IL 60201

13. **Entire Agreement.** This Engagement Letter is the entire agreement between the parties pertaining to its or their subject matter and supersedes all prior agreements, representations and understandings of the parties. No modification of this Engagement Letter shall be binding unless agreed to in writing by the parties.

14. **Retention Application.** The Company agrees to file the necessary retention applications in the Bankruptcy Court in order to properly retain SOLIC in accordance with the terms set forth in this letter.

47349969v2

Energy Future Holdings Corp.
December 18, 2014

If this Engagement Letter meets with your approval, please indicate your consent and agreement to be bound by the terms of this Engagement Letter by executing the attached copy and forwarding it to me.

Very truly yours,

SOLIC CAPITAL ADVISORS, LLC


By: /s/ Neil F. Luria
         Neil F. Luria
         Senior Managing Director




ACKNOWLEDGED AND AGREED:


ENERGY FUTURE HOLDINGS CORP.

By: /s/ Donald L. Evans
         Donald L. Evans
         Executive Chairman
         Board of Directors
         Energy Future Holdings Corp.

Date: December 18, 2014

47349969v2

Energy Future Holdings Corp.
December 18, 2014

**Exhibit "A"** (to Engagement Letter)

Energy Future Holdings Corp.
December 18, 2014

---

**ENERGY FUTURE HOLDINGS CORP. ("EFH")**
**BOARD OF DIRECTORS RESOLUTIONS**
**DECEMBER 9, 2014**

---

The following recitals and resolutions supplement the Board of Directors Resolutions dated as of November 7, 2014 ("November 7th Resolutions") and, in the event of any inconsistency, these resolutions shall supersede and control.

WHEREAS, EFH and certain of its direct and indirect subsidiaries (excluding Oncor Electric Delivery Holdings Company LLC and its subsidiaries), including TCEH (the "Debtors") on April 29, 2014, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Chapter 11 Case") in the Bankruptcy Court for the District of Delaware ("Bankruptcy Court");

WHEREAS, the members of the Board of Directors of EFH ("Board") having relationships or interests with other affiliated or related companies and their direct or indirect equity holders and other material relationships have disclosed certain facts that they believe to be material to the Board;

WHEREAS, as described in the material presented and reviewed by the Board and based on a review of the known facts and circumstances, the Board has determined and confirmed by the November 7th Resolutions that Donald L. Evans and Billie I. Williamson are the only current members of the Board that are disinterested with respect to any matter pertaining to the Chapter 11 Case on which an actual conflict exists between EFH, on the one hand, and any other Debtor, on the other hand ("Conflict Matters"), and were designated the Disinterested Directors ("Disinterested Directors") as set forth in *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters*, approved by the Bankruptcy Court on September 16, 2014 ("Stipulation");

WHEREAS, the members of the Board considered the Stipulation related to, among other things, the authority of the Disinterested Directors to retain independent legal counsel and other advisors under certain circumstances;

WHEREAS, the Board resolved by the November 7th Resolutions to delegate the authority to the Disinterested Directors to seek and retain, at EFH's sole expense, independent legal counsel and such other advisors ("Independent Advisors") as the Disinterested Directors deem necessary to represent and advise EFH, reporting to the Disinterested Directors, on the Conflict Matters;

WHEREAS, the Disinterested Directors interviewed and engaged certain Independent Advisors effective as of November 19, 2014 to represent and advise EFH, and reporting solely to the Disinterested Directors, as set forth herein; and

WHEREAS, pursuant to the Stipulation and Section 21.416 of the Texas Business Organizations Code, the members of the Board desire to delegate to the Disinterested Directors certain rights, authority, and powers in connection with Conflict Matters, among other matters set forth herein;

NOW, THEREFORE, BE IT,

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to review and act upon (as set forth herein) any Conflict Matters; and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to investigate and determine whether any matter constitutes a Conflict Matter, in the exercise of their business judgment and with the advice of the Independent Advisors, and any such determination shall be binding on EFH and EFH's subsidiaries (other than Energy Future Intermediate Holding Company LLC and its direct and indirect subsidiaries and

Energy Future Holdings Corp.
December 18, 2014

Energy Future Competitive Holdings Company LLC and its direct and indirect subsidiaries (the "Excluded Subsidiaries")); and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to make all decisions, and to implement or direct the implementation of all such decisions, in each case on EFH's behalf, with respect to Conflict Matters as the Disinterested Directors deem appropriate, in the exercise of their business judgment and with the advice of the Independent Advisors or others with whom the Disinterested Directors determine it is appropriate or necessary to consult, and to act on behalf of and bind EFH in connection therewith, including taking action on EFH's behalf, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, causing such subsidiaries (other than the Excluded Subsidiaries) to abide by and implement the decisions and actions of the Disinterested Directors with respect to Conflict Matters and the Disinterested Directors' determination of whether a matter constitutes a Conflict Matter; and further

RESOLVED that the Disinterested Directors will update the Board at board meetings on the status of their (i) review of and decisions on whether any matter constitutes a Conflict Matter, and (ii) review of and decisions on Conflict Matters, in each case in the manner that the Disinterested Directors determine is appropriate and necessary to fulfill their duties and obligations as the Disinterested Directors, taking into account the confidentiality or privilege of the Disinterested Directors' work and the advice of the Independent Advisors; and further

RESOLVED that EFH shall, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, direct and cause each of such subsidiaries (other than the Excluded Subsidiaries) to abide by and comply with these resolutions; and further

RESOLVED that the officers, employees, advisors and agents of EFH (collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons, be, and hereby are, directed to furnish to the Disinterested Directors and the Independent Advisors all information as the Disinterested Directors or the Independent Advisors may request, in a manner that shall not effect a waiver of any applicable privilege, and to cooperate with the Disinterested Directors and the Independent Advisors in all respects; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and hereby are, authorized, empowered and directed to implement any decision made by the Disinterested Directors in respect of a Conflict Matter on behalf of EFH as directed by the Disinterested Directors; provided that the Disinterested Directors retain the right to implement any such decision on behalf of EFH and its subsidiaries (other than the Excluded Subsidiaries) themselves or through the Independent Advisors; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and they hereby are, authorized, empowered and directed to take any and all action that they deem necessary or proper to assist the Disinterested Directors in carrying out the foregoing, in each case as requested by and under the direction of the Disinterested Directors; and further

RESOLVED that the Disinterested Directors shall control any attorney-client, work product, or other privilege belonging to EFH in connection with the Independent Advisors or their work or privileged communications on the Conflict Matters and on whether any matter constitutes a Conflict Matter; and further

RESOLVED that each member of the Board has agreed and hereby agrees that he or she shall not have access to, and shall not seek access to, and hereby directs that each Authorized Person shall not have access to and shall not seek access to, the work or privileged material of the Independent

2

Energy Future Holdings Corp.
December 18, 2014

Advisors on the Conflict Matters or on whether any matter constitutes a Conflict Matter, except as permitted by the Disinterested Directors; and further

RESOLVED that the Disinterested Directors be, and hereby are, authorized to take all such further action, at EFH's expense, as the Disinterested Directors shall deem necessary, proper or advisable consistent with these resolutions or in order to carry out fully the intent and purposes of these resolutions; and further

RESOLVED that all actions previously done or approved, or caused to be done or approved, by the Disinterested Directors or the Authorized Persons, including the retention of Independent Advisors, in each case only to the extent consistent with these resolutions, or to otherwise carry out the intent of these resolutions, be and hereby are approved, adopted, confirmed and ratified in all respects.

3

Energy Future Holdings Corp.
December 18, 2014

**Exhibit "B"** (to Engagement Letter)

Wiring Instructions

Please direct wire to:

| | |
|---|---|
| Account Name: | SOLIC Capital Advisors, LLC |
| Account Number: | 3800869411 |
| Bank: | Northern Trust Bank |
| Address: | 50 S. LaSalle, Chicago, IL 60675 |
| ABA#: | 071000152 |
| SWIFT: | CNORUS44 |
| | |
| Beneficiary Name: | SOLIC Capital Advisors, LLC |

47349969v2

Energy Future Holdings Corp.
December 18, 2014

**Exhibit "C"** (to Engagement Letter)

Standard Hourly Rates

| | |
|---|---|
| Senior Managing Directors | $750-895/hr |
| Managing Directors | $695-825/hr |
| Directors | $550-695/hr |
| Associate Directors | $450-550/hr |
| Managing Consultants | $350-450/hr |
| Consultants/Associates | $245-350/hr |
| Paraprofessionals | $95-125/hr |

Energy Future Holdings Corp.
December 18, 2014

**Exhibit "D"** (to Engagement Letter)

December 18, 2014

SOLIC Capital Advisors, LLC
1603 Orrington Avenue
Suite 1600
Evanston, IL 60201

Ladies and Gentlemen:

This agreement will confirm that Energy Future Holdings Corp. (the "Company"), has engaged SOLIC Capital Advisors, LLC ("SOLIC") to advise and assist it in connection with the matters referred to in our engagement letter, dated of even date herewith (the "Engagement Letter"). Capitalized terms used herein without definition shall have the meanings ascribed to them in the Engagement Letter. In connection with the terms of the Engagement Letter (the "Engagement"), the Company agrees to indemnify and hold harmless SOLIC and its affiliates and their respective members, officers, directors, employees and agents and each other person, if any, controlling SOLIC or any of its affiliates and their respective successors, assigns, independent contractors, agents, heirs and personal representatives (each referred to herein as a " SOLIC Indemnified Person") to the fullest extent permitted by law from and against any losses, claims, damages, obligations, penalties, judgments, awards, costs, disbursements or liabilities, including amounts paid in settlement (collectively, "Losses"), based upon, related to, arising out of or in connection the Engagement and will reimburse each SOLIC Indemnified Person for all expenses (including fees and expenses of counsel) ("Expenses") as they are incurred in connection with investigating, preparing, pursuing or defending any action, claim, suit, investigation, or proceeding related to, arising out of or in connection with the Engagement, whether or not pending or threatened and whether or not any SOLIC Indemnified Person is a party. Notwithstanding the foregoing, (i) in no event shall the Company be responsible for any Losses or Expenses that arise out of or in connection with the Engagement to the extent such Losses or Expenses are finally judicially determined to have resulted from the willful misconduct, bad faith or gross negligence of SOLIC or any other SOLIC Indemnified Person and (ii) if any SOLIC Indemnified Person to whom such Expenses have been advanced shall be determined pursuant to clause (i) to not be eligible for reimbursement of such Expenses, such SOLIC Indemnified Person shall promptly repay such expenses to the Company. If any litigation, investigation or proceeding is commenced as to which SOLIC proposes to demand indemnification, SOLIC will notify the Company with reasonable promptness; provided, however, that any failure by SOLIC to notify the Company will relieve the Company from their obligations hereunder only to the extent the Company have been materially prejudiced by such failure or delay.

The Company will, if requested by any SOLIC Indemnified Party, assume the defense of any proceeding in respect of which indemnity may be sought hereunder, including the employment of counsel reasonably satisfactory to SOLIC and the payment of the fees and expenses of such counsel, in which event, except as provided below, the Company shall not be liable for the fees and expenses of any other counsel retained by any SOLIC Indemnified Party in connection with such proceeding. In any such proceeding the defense of which the Company shall have so assumed, any SOLIC Indemnified Party shall have the right to participate in such Proceeding and to retain its own counsel, but the fees and expenses of such counsel shall be at the expense of such SOLIC Indemnified Party unless (i) the Company and such

47349969v2

Energy Future Holdings Corp.
December 18, 2014

SOLIC Indemnified Party shall have mutually agreed in writing to the retention of such counsel or (ii) the named parties to any such proceeding (including any impleaded parties) include such SOLIC Indemnified Party and representation of the Company and such SOLIC Indemnified Party by the same counsel would, in the opinion of counsel to such SOLIC Indemnified Party, be inappropriate due to actual or potential conflicts of interests between the Company and such SOLIC Indemnified Party, including situations in which there are one or more legal defenses available to the SOLIC Indemnified Party that are different from or additional to those available to the Company. The Company shall not be liable for any settlement of any proceeding effected without its written consent, such consent not to be unreasonably withheld, but if settled with such consent or if there is a final judgment against an SOLIC Indemnified Party, the Company agrees to indemnify the SOLIC Indemnified Party from and against any Loss by reason of such settlement or judgment.

If, for any reason, the foregoing indemnification is unavailable to any of the SOLIC Indemnified Parties or is insufficient to hold them harmless in respect of any Losses or Expenses, then the Company will contribute to the amount paid or payable by any of the SOLIC Indemnified Parties as a result of such Losses and Expenses in such proportion as is appropriate to reflect the relative benefits (or anticipated benefits) to the Company and the Disinterested Directors on the one hand and the SOLIC Indemnified Parties on the other hand, but also the relative fault of the Company and the Disinterested Directors, and their shareholders, members, agents and advisers (other than SOLIC) on the one hand and the SOLIC Indemnified Parties on the other hand, as well as any other relevant equitable considerations. The relative benefits received (or anticipated to be received) by the Company and the Disinterested Directors on the one hand and by the SOLIC Indemnified Parties on the other hand will be deemed to be in the same proportion as such benefit bears to the total fees paid to SOLIC pursuant to the Engagement Letter. The relative fault of any party or other person will be determined by reference to such party's or person's knowledge, access to information and opportunity to prevent or correct any misstatement, omission, misconduct or breach of duty. In no event will the amount required to be contributed by the SOLIC Indemnified Parties hereunder exceed the total amount of fees paid to SOLIC pursuant to the Engagement Letter. You and we agree that it would not be just and equitable if contribution were determined by pro rata allocation or by any other method of allocation which does not take account of the equitable considerations referred to above.

The reimbursement, indemnity and contribution obligations of the Company hereunder will (i) be in addition to any liability which the Company may otherwise have, (ii) survive the completion or termination of SOLIC's engagement under the Engagement Letter and (iii) shall be binding upon any successors and assigns of the Company.

The Company agree that without the prior written consent of SOLIC, the Company will not consent, settle, compromise, consent to the entry of any judgment in or otherwise seek to terminate any action, claims, suit or proceeding in respect of which indemnification may be sought hereunder (whether or not any SOLIC Indemnified Person is a party thereto) unless (i) such settlement, compromise, consent or termination includes an unconditional release of each SOLIC Indemnified Person from all claims and liabilities arising out of such action, claim, suit or proceeding and (ii) there is no statement in connection therewith as to an admission of fault, culpability or failure to act by or on behalf of any SOLIC Indemnified Party.

The provisions of this agreement shall apply to the Engagement and any modification thereof and shall remain in full force and effect regardless of any termination or the completion of your services under the Engagement Letter.

This agreement will be deemed made in New York. The validity and interpretation of this agreement will be governed by, and construed and enforced in accordance with, the laws of the State of New York applicable to agreements made and to be fully performed therein (excluding the conflicts of laws rules).

47349969v2

Energy Future Holdings Corp.
December 18, 2014

So long as the Case (as that term is defined in the Engagement Letter) is open, the Company and SOLIC irrevocably submit to the jurisdiction of the Bankruptcy Court with respect to any suit, action or proceeding arising out of the Engagement. However, once the Case is closed, the Company irrevocably submit to the jurisdiction of any court of the State of New York or the United States District Court of the Southern District of the State of New York (Manhattan Division) for the purpose of any suit, action or other proceeding arising out of this agreement which is brought by or against the Company. Each of the Company and SOLIC hereby knowingly, voluntarily and irrevocably waives any right it may have to a trial by jury in respect of any claim based upon, arising out of or in connection with this agreement.

Very truly yours,

ENERGY FUTURE HOLDINGS CORP.

By: /s/ Donald L. Evans
    Name:  Donald L. Evans
    Title:    Executive Chairman
              Board of Directors
              Energy Future Holdings Corp.

Date:  December 18, 2014

Accepted and agreed to:

SOLIC CAPITAL ADVISORS, LLC

By: /s/ Neil F. Luria
    Neil F. Luria
    Senior Managing Director

Date:  December 18, 2014

47349969v2                              3



~~SOLIC Capital Advisors, LLC~~
~~1603 Orrington Avenue, Suite 1600~~
~~Evanston, Illinois 60201~~
~~847.583.1619  Phone~~
~~847.583.1426  Fax~~

1603 Orrington Avenue, Suite 1600
Evanston, Illinois 60201
847.583.1619  Phone
847.583.1426  Fax

December 18, 2014

**Personal and Confidential**
The Honorable Donald L. Evans
Executive Chairman
Board of Directors
Energy Future Holdings Corp.
1601 Bryan St., 41st Floor
Dallas, Texas 75201
dle@donevans34.com

Billie I. Williamson
Director
Board of Directors
Energy Future Holdings Corp.
1601 Bryan St., 41st Floor
Dallas, Texas 75201
billie.williamson@forresterco.com

Dear Mr. Evans and Ms. Williamson:

Subject to approval of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), this letter confirms the retention of SOLIC Capital Advisors, LLC ("SOLIC") by Energy Future Holdings Corp. (the "Company"), *nunc pro tunc* to December 18, 2014, in accordance with the terms set forth in this letter, pursuant to which SOLIC will provide to the Company, at the direction of its disinterested directors, Donald L. Evans and Billie I. Williamson (the "Disinterested Directors"), the services described below in connection with the Company's chapter 11 case (the "Case").

On April 29, 2014 (the "Commencement Date"), the Company commenced its Case by filing a voluntary petition for relief under chapter 11 title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court. This engagement letter (this "Engagement Letter"), and SOLIC's obligations and responsibilities relating to this engagement (the "Engagement"), shall be effective as of December 18, 2014, subject to obtaining Bankruptcy Court approval in this Case; *provided, however*, that either party may, in its sole discretion and without any liability arising therefrom, terminate this Engagement in the event that (a) a final order authorizing the employment of SOLIC as financial advisors for the Company (the "Order") is not issued by the Bankruptcy Court in this Case on or before one hundred twenty (120) days from the date hereof on the terms and conditions set forth herein or on such other terms and conditions as are satisfactory to SOLIC, or (b) the application of the Company seeking the Order is denied

47349969v2

Energy Future Holdings Corp.
December 18, 2014

by the Bankruptcy Court in this Case. In such event, the Company hereby agrees to withdraw, promptly upon SOLIC's request, any application filed or to be filed with the Bankruptcy Court to retain SOLIC's services in this Case.

Specifically, the terms and conditions of our engagement and the services that it is anticipated that SOLIC will provide are as follows:

1. **Services.** Pursuant to this Engagement, SOLIC will provide a variety of financial advisory and other services to the Company, at the direction of its Disinterested Directors, in connection with "Conflict Matters" as defined in and pursuant to the authority delegated to the Disinterested Directors pursuant to resolutions of the Company's Board of Directors attached hereto as <u>Exhibit A</u> (the "<u>Resolutions</u>"), including the determination by the Company's Disinterested Directors regarding whether any matter constitutes a Conflict Matter. Such services will include:

   (a) Reviewing bid procedures and progress in developing a plan of reorganization;
   (b) reviewing inter-company claims between the Company and other affiliates;
   (c) reviewing financial elements pertaining to key tax issues;
   (d) reviewing financing proposals received to date and future financing needs of the Company; and
   (e) such other matters as may be agreed upon which are consistent with SOLIC's experience.

   It is the parties' desire that SOLIC rely on the work of the Company's legal and other financial advisors to provide the basis of any reviews and analysis provided hereunder unless *de novo* analysis is required and approved by the Disinterested Directors. For purposes hereof, "*de novo* analysis" shall mean any analysis where SOLIC is required to undertake independent review of source documentation or data (i.e., documents or data other than actual reports and analyses prepared by the Company's other advisors) or the development of new independent analyses as directed by the Disinterested Directors. For the sake of clarification, any reviews performed by SOLIC on existing work product produced by the Company's legal and other financial advisors will not constitute *de novo* analysis.

2. **Information.** In connection with SOLIC's activities hereunder, the Company agrees to cooperate with SOLIC and will use its good faith efforts to furnish to, or cause to be furnished to, SOLIC all information and data concerning the Company (the "Information") which SOLIC reasonably deems appropriate and will use its good faith efforts to assist SOLIC in obtaining access to the Company's officers, directors, employees and advisors, as necessary

   The Company acknowledges and agrees that the Company's management is responsible for supplying materially complete and accurate Information, representations, and books and records upon which we must rely in providing our services to the Company. The Company agrees to promptly notify SOLIC if the Company believes that any Information which was previously provided to SOLIC has become materially misleading. The Company acknowledges and agrees that, in rendering its services hereunder, SOLIC will be using and relying on Information (and information available from public sources and other sources deemed reliable by SOLIC) without independent verification thereof or independent appraisal or evaluation of the Company, or any other party. SOLIC does not assume responsibility for the accuracy or completeness of Information or any other information regarding the Company. SOLIC will have no obligation to update any report(s) that it may produce or to revise the information contained therein because

2

Energy Future Holdings Corp.
December 18, 2014

of events and transactions occurring subsequent thereto. It is further understood that any advice rendered by SOLIC pursuant to its Engagement hereunder, including any advice rendered during the course of participating in negotiations and meetings with the Company and its representatives, as well as any written materials provided by SOLIC, are intended solely for the benefit and use of the Company, its Disinterested Directors and professionals, and may not be relied upon by any other person or entity without SOLIC's prior written consent.

3.  Compensation.  In consideration of SOLIC's efforts, SOLIC shall be compensated as follows by the Company and/or from the Company's estate (subject to allowance and approval by the Bankruptcy Court):

SOLIC will be paid a monthly fixed fee payment of $200,000 (the "Monthly Fee"), via wire transfer per the wire instructions set forth on Exhibit B attached hereto, with the first payment (including the pro-rated Monthly Fee for the period December 18 through December 31, 2014 and any other accrued but unpaid Monthly Fees for periods thereafter) to be made upon the Court's approval of SOLIC's retention and, thereafter, in advance on the first day of each month during the term of our Engagement hereunder.  The parties hereto hereby agree that the Monthly Fee may be reviewed and potentially adjusted prospectively, if appropriate, based upon mutual agreement, taking into account, among other things, the contribution of SOLIC's professionals to the Case, the aggregate work performed over the course of the Engagement, and such other factors as may be mutually agreed upon, and as approved by the Bankruptcy Court, if necessary.

In addition to the Monthly Fees, if SOLIC is requested by the Company and the Disinterested Directors, to perform any "de novo analysis" or to provide litigation support or testimony (or support thereof) in support of any litigation matters, such services will be provided at SOLIC's standard billing rates as set forth on Exhibit C pursuant to a budget agreed upon by SOLIC and the Disinterested Directors on behalf of the Company and any such related fees and expenses will be subject to Bankruptcy Court approval and be paid in accordance with the following paragraph.

SOLIC will be reimbursed monthly for all of its reasonable and documented expenses and hourly fees, if any, related to this Engagement, including travel, document production, reasonable fees and expenses of our legal counsel (other than the cost of internal legal counsel), including amounts attributable to our obligation to respond to discovery requests, participate in depositions or appear in court in connection with services under this Engagement Letter, and other costs incurred in providing the services hereunder.

SOLIC understands that the Company will seek authorization of the Bankruptcy Court for it to fulfill its obligations under this Engagement Letter.

The Company has been informed that SOLIC intends to apply for compensation for professional services to be rendered in connection with this Case and for reimbursement of expenses incurred, in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware and any applicable order of the Bankruptcy Court (the "Payment Rules").  Payment of fees and reimbursement of expenses will be subject to ultimate allowance and approval by the Bankruptcy Court.  SOLIC will maintain internal time records for all work performed for the Company.  The request for Bankruptcy Court approval of our retention, and the proposed order to be submitted

3

47349969v2

Energy Future Holdings Corp.
December 18, 2014

in connection therewith, shall be provided to SOLIC prior to submission and must be acceptable to SOLIC in its sole discretion.

To the extent that, at any time during this Case, the Bankruptcy Court reviews any of the terms of this Engagement Letter, such review shall be subject to the standard of review of Section 328(a) of the Bankruptcy Code and the Payment Rules, and not subject to any other standard of review under Section 330 of the Bankruptcy Code. SOLIC will submit reasonably detailed invoices and statements of expenses to the Company in accordance with that certain *Order Establishing Professional Interim Compensation Procedures* entered in the Case. Because SOLIC does not ordinarily maintain contemporaneous time records in one-tenth hour (0.1) increments, the Company agrees to request that SOLIC be excused from compliance with such requirements and should be required only to maintain time records in half-hour (0.50) increments setting forth, in a summary format, a description of services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Company.

In agreeing to these provisions, the Company acknowledges that it believes that our general restructuring experience and expertise will inure to the benefit of the Company and that the value to the Company and/or its constituents derives in substantial part from that expertise and experience and that, accordingly, the structure and amount of fees above are reasonable, regardless of the number of hours to be expended by our professionals in the performance of the services to be provided hereunder.

4.  **Termination.** SOLIC's engagement hereunder may be terminated by either the Company or SOLIC at any time, with or without cause, upon 30 days' written notice to the other party; provided, however, that no such termination will affect SOLIC's right to expense reimbursement or the payment of any accrued and unpaid fees pursuant to Section 3 hereof or the Indemnity Agreement (as defined below), and the provisions related thereto contained in this Engagement Letter will survive the expiration or termination of this engagement. Furthermore, if the Order is not obtained, or is later reversed or set aside for any reason, SOLIC may terminate this Engagement Letter and SOLIC shall be reimbursed for all fees and expenses reasonably incurred prior to the date of expiration or termination.

5.  **Collection.** In the event SOLIC prevails in any action to enforce collection of amounts due or other rights under this Engagement Letter, SOLIC's reasonable legal fees and other collection costs incurred by SOLIC, plus interest on amounts otherwise due but unpaid at the prime rate (Bank of America prime) plus 2 percent until paid, shall be paid by the Company and/or the Company's estate.

6.  **Governing Law.** This Engagement Letter will be deemed made in New York and will be governed by the laws of the State of New York. The Company and SOLIC irrevocably submit to the jurisdiction of the Bankruptcy Court as long as the Case is open, and once the Case is closed, to any court of the State of New York or the United States District Court for the Southern District of New York (Manhattan Division), for the purpose of any suit, action or other proceeding arising out of this Engagement Letter, or any of the agreements or transactions contemplated hereby, which is brought by or against the Company. Each of the Company and SOLIC hereby knowingly, voluntarily and irrevocably waives any right it may have to a trial by jury in respect of any claim based upon, arising out of or in connection with, this Engagement Letter and the transactions contemplated hereby). SOLIC will act under this Engagement Letter as an

4

Energy Future Holdings Corp.
December 18, 2014

independent contractor with duties solely to the Company. Because we will be acting on the Company's behalf in this capacity, it is our practice to receive indemnification. A copy of our standard indemnity form is attached hereto as Exhibit D ("Indemnity Agreement"). The terms of the Indemnity Agreement are incorporated by reference into this Engagement Letter. In no event will SOLIC's liability in connection with this Engagement Letter exceed the total fees paid to SOLIC hereunder. In no event shall SOLIC, the Company or their respective personnel be liable for consequential, special, indirect, incidental, punitive or exemplary loss, damage or expense relating to this Engagement.

7.    Successors and Assigns. This Engagement Letter shall be binding upon and inure to the benefit of the parties hereto, their respective successors and assigns. Neither party may delegate or assign its rights or obligations under this Engagement Letter without the written consent of the other party.

8.    Review. The services to be provided by SOLIC hereunder will not constitute (a) a fairness or solvency opinion or (b) a compilation, examination, review or audit of any entity's information, financial or otherwise, historical or prospective, as described in the pronouncements on professional standards issued by the American Institute of Certified Public Accountants. In addition, SOLIC does not make any predictions or provide any opinions or other assurances concerning the outcome of future events, including, without limitation, those that pertain to the operating results of any entity, the achievability of any business plan, the success of any investment, the recovery of any asset, or the ability to pay any debt. SOLIC reserves the right to issue a tombstone announcement with respect to SOLIC's involvement in connection with the Engagement consistent with the Order.

9.    Limitations. This Engagement Letter does not create, and will not be construed as creating, rights enforceable by any person or entity not a party hereto, except those entitled thereto by virtue of the Indemnity Agreement. The Company acknowledges and agrees that (a) SOLIC will act as an independent contractor and is being retained solely to assist the Company and the Disinterested Directors and, unless separately requested by the Company, that SOLIC is not being retained to provide a formal opinion as to any possible restructuring or outcome, (b) nothing in this Engagement Letter or in the nature of services in connection with the Engagement or otherwise shall be deemed to create a fiduciary duty or fiduciary or agency relationship between SOLIC and the Company, or any other party, (c) SOLIC is a professional advisor to the Company and is not and will have no duties or liabilities to the equityholders or creditors of the Company, any affiliate of the Company or any other person by virtue of this Engagement Letter and the retention of SOLIC hereunder (other than as set forth herein), all of which duties and liabilities are hereby expressly waived, and (d) any advice rendered by SOLIC does not constitute a recommendation to any creditor or stakeholder that such creditor or stakeholder might or should take in connection with a possible restructuring; provided, however, this clause (d) shall not apply to the advice rendered by SOLIC to the Disinterested Directors as part of the services provided under the terms of this Engagement Letter. Neither equityholders nor creditors of the Company are intended beneficiaries hereunder. The Company recognizes and acknowledges that by performing the services set forth in this Engagement Letter, SOLIC is not acting in any management capacity and that Company has not requested SOLIC to make, nor has SOLIC agreed to make, any business decisions on behalf of the Company. All decisions about the business of the Company remain the sole responsibility of the Company (and to the extent applicable, the Disinterested Directors). The Company and each Disinterested Director hereby

5

Energy Future Holdings Corp.
December 18, 2014

expressly acknowledges that SOLIC does not guarantee, warrant, or otherwise provide any assurances that the Company will restructure successfully. SOLIC is not a law, accounting, tax, or actuarial firm and will not be providing any legal, accounting, tax advice, or actuarial services hereunder. In addition, the Company confirms that it will rely on its own counsel for legal advice. SOLIC's services are not designed, nor should they be relied upon, to disclose internal weaknesses in internal controls, financial statement errors, irregularities, illegal acts or disclosure deficiencies.

10.     Counterparts. This Engagement Letter, and any modification or amendment thereto, may be executed in counterparts, each of which will be deemed an original and all of which will constitute one and the same instrument.

11.     Notices. All correspondence and notices shall be sent to the parties as listed hereafter or to such other persons or addresses as may be given by one party to the other, and will be deemed effective the earlier of actual delivery or three days after mailing.

Personal and Confidential

The Honorable Donald L. Evans
Executive Chairman
Energy Future Holdings Corp.
1601 Bryan St., 41st Floor
Dallas, Texas 75201

with a copy to:

General Counsel
Energy Future Holdings Corp.
1601 Bryan St., 41st Floor
Dallas, Texas 75201


Neil F. Luria
Senior Managing Director
SOLIC Capital Advisors, LLC
1603 Orrington Avenue
Suite 1600
Evanston, IL 60201

13.     Entire Agreement. This Engagement Letter is the entire agreement between the parties pertaining to its or their subject matter and supersedes all prior agreements, representations and understandings of the parties. No modification of this Engagement Letter shall be binding unless agreed to in writing by the parties.

14.     Retention Application. The Company agrees to file the necessary retention applications in the Bankruptcy Court in order to properly retain SOLIC in accordance with the terms set forth in this letter.

6

47349969v2

Energy Future Holdings Corp.
December 18, 2014

If this Engagement Letter meets with your approval, please indicate your consent and agreement to be bound by the terms of this Engagement Letter by executing the attached copy and forwarding it to me.

Very truly yours,

SOLIC CAPITAL ADVISORS, LLC

By: /s/ Neil F. Luria
       Neil F. Luria
       Senior Managing Director

ACKNOWLEDGED AND AGREED:

ENERGY FUTURE HOLDINGS CORP.

By: /s/ Donald L. Evans
       Donald L. Evans
       Executive Chairman
       Board of Directors
       Energy Future Holdings Corp.

Date: December 18, 2014

7

47349969v2

Energy Future Holdings Corp.
December 18, 2014

**Exhibit "A"** (to Engagement Letter)

Energy Future Holdings Corp.
December 18, 2014

## ENERGY FUTURE HOLDINGS CORP. ("EFH")
### BOARD OF DIRECTORS RESOLUTIONS
### DECEMBER 9, 2014

The following recitals and resolutions supplement the Board of Directors Resolutions dated as of November 7, 2014 ("November 7th Resolutions") and, in the event of any inconsistency, these resolutions shall supersede and control.

WHEREAS, EFH and certain of its direct and indirect subsidiaries (excluding Oncor Electric Delivery Holdings Company LLC and its subsidiaries), including TCEH (the "Debtors") on April 29, 2014, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Chapter 11 Case") in the Bankruptcy Court for the District of Delaware ("Bankruptcy Court");

WHEREAS, the members of the Board of Directors of EFH ("Board") having relationships or interests with other affiliated or related companies and their direct or indirect equity holders and other material relationships have disclosed certain facts that they believe to be material to the Board;

WHEREAS, as described in the material presented and reviewed by the Board and based on a review of the known facts and circumstances, the Board has determined and confirmed by the November 7th Resolutions that Donald L. Evans and Billie I. Williamson are the only current members of the Board that are disinterested with respect to any matter pertaining to the Chapter 11 Case on which an actual conflict exists between EFH, on the one hand, and any other Debtor, on the other hand ("Conflict Matters"), and were designated the Disinterested Directors ("Disinterested Directors") as set forth in *Stipulation and Agreed Order Regarding a Protocol for Certain Case Matters*, approved by the Bankruptcy Court on September 16, 2014 ("Stipulation");

WHEREAS, the members of the Board considered the Stipulation related to, among other things, the authority of the Disinterested Directors to retain independent legal counsel and other advisors under certain circumstances;

WHEREAS, the Board resolved by the November 7th Resolutions to delegate the authority to the Disinterested Directors to seek and retain, at EFH's sole expense, independent legal counsel and such other advisors ("Independent Advisors") as the Disinterested Directors deem necessary to represent and advise EFH, reporting to the Disinterested Directors, on the Conflict Matters;

WHEREAS, the Disinterested Directors interviewed and engaged certain Independent Advisors effective as of November 19, 2014 to represent and advise EFH, and reporting solely to the Disinterested Directors, as set forth herein; and

WHEREAS, pursuant to the Stipulation and Section 21.416 of the Texas Business Organizations Code, the members of the Board desire to delegate to the Disinterested Directors certain rights, authority, and powers in connection with Conflict Matters, among other matters set forth herein;

NOW, THEREFORE, BE IT,

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to review and act upon (as set forth herein) any Conflict Matters; and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to investigate and determine whether any matter constitutes a Conflict Matter, in the exercise of their business judgment and with the advice of the Independent Advisors, and any such determination shall be binding on EFH and EFH's subsidiaries (other than

Energy Future Holdings Corp.
December 18, 2014

Energy Future Intermediate Holding Company LLC and its direct and indirect subsidiaries and Energy Future Competitive Holdings Company LLC and its direct and indirect subsidiaries (the "Excluded Subsidiaries")); and further

RESOLVED that, to the fullest extent permitted by applicable law, the Board hereby delegates to the Disinterested Directors the authority to make all decisions, and to implement or direct the implementation of all such decisions, in each case on EFH's behalf, with respect to Conflict Matters as the Disinterested Directors deem appropriate, in the exercise of their business judgment and with the advice of the Independent Advisors or others with whom the Disinterested Directors determine it is appropriate or necessary to consult, and to act on behalf of and bind EFH in connection therewith, including taking action on EFH's behalf, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, causing such subsidiaries (other than the Excluded Subsidiaries) to abide by and implement the decisions and actions of the Disinterested Directors with respect to Conflict Matters and the Disinterested Directors' determination of whether a matter constitutes a Conflict Matter; and further

RESOLVED that the Disinterested Directors will update the Board at board meetings on the status of their (i) review of and decisions on whether any matter constitutes a Conflict Matter, and (ii) review of and decisions on Conflict Matters, in each case in the manner that the Disinterested Directors determine is appropriate and necessary to fulfill their duties and obligations as the Disinterested Directors, taking into account the confidentiality or privilege of the Disinterested Directors' work and the advice of the Independent Advisors; and further

RESOLVED that EFH shall, as the direct and indirect holder of 100% of the equity interests in its subsidiaries, direct and cause each of such subsidiaries (other than the Excluded Subsidiaries) to abide by and comply with these resolutions; and further

RESOLVED that the officers, employees, advisors and agents of EFH (collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons, be, and hereby are, directed to furnish to the Disinterested Directors and the Independent Advisors all information as the Disinterested Directors or the Independent Advisors may request, in a manner that shall not effect a waiver of any applicable privilege, and to cooperate with the Disinterested Directors and the Independent Advisors in all respects; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and hereby are, authorized, empowered and directed to implement any decision made by the Disinterested Directors in respect of a Conflict Matter on behalf of EFH as directed by the Disinterested Directors; provided that the Disinterested Directors retain the right to implement any such decision on behalf of EFH and its subsidiaries (other than the Excluded Subsidiaries) themselves or through the Independent Advisors; and further

RESOLVED that any Authorized Person, acting alone or with one or more other Authorized Persons be, and they hereby are, authorized, empowered and directed to take any and all action that they deem necessary or proper to assist the Disinterested Directors in carrying out the foregoing, in each case as requested by and under the direction of the Disinterested Directors; and further

RESOLVED that the Disinterested Directors shall control any attorney-client, work product, or other privilege belonging to EFH in connection with the Independent Advisors or their work or privileged communications on the Conflict Matters and on whether any matter constitutes a Conflict Matter; and further

RESOLVED that each member of the Board has agreed and hereby agrees that he or she shall not have access to, and shall not seek access to, and hereby directs that each Authorized Person shall not have access to and shall not seek access to, the work or privileged material of the Independent

2

47349969v2

Energy Future Holdings Corp.
December 18, 2014

Advisors on the Conflict Matters or on whether any matter constitutes a Conflict Matter, except as permitted by the Disinterested Directors; and further

RESOLVED that the Disinterested Directors be, and hereby are, authorized to take all such further action, at EFH's expense, as the Disinterested Directors shall deem necessary, proper or advisable consistent with these resolutions or in order to carry out fully the intent and purposes of these resolutions; and further

RESOLVED that all actions previously done or approved, or caused to be done or approved, by the Disinterested Directors or the Authorized Persons, including the retention of Independent Advisors, in each case only to the extent consistent with these resolutions, or to otherwise carry out the intent of these resolutions, be and hereby are approved, adopted, confirmed and ratified in all respects.

47349969v2

Energy Future Holdings Corp.
December 18, 2014

**Exhibit "B"** (to Engagement Letter)

Wiring Instructions

Please direct wire to:

| | |
|---|---|
| Account Name: | SOLIC Capital Advisors, LLC |
| Account Number: | 3800869411 |
| Bank: | Northern Trust Bank |
| Address: | 50 S. LaSalle, Chicago, IL 60675 |
| ABA#: | 071000152 |
| SWIFT: | CNORUS44 |
| | |
| Beneficiary Name: | SOLIC Capital Advisors, LLC |

47349969v2

Energy Future Holdings Corp.
December 18, 2014

**Exhibit "C"** (to Engagement Letter)

Standard Hourly Rates

| | |
|---|---|
| Senior Managing Directors | $750-895/hr |
| Managing Directors | $695-825/hr |
| Directors | $550-695/hr |
| Associate Directors | $450-550/hr |
| Managing Consultants | $350-450/hr |
| Consultants/Associates | $245-350/hr |
| Paraprofessionals | $95-125/hr |

Energy Future Holdings Corp.
December 18, 2014

**Exhibit "D" (to Engagement Letter)**

December 18, 2014

SOLIC Capital Advisors, LLC
1603 Orrington Avenue
Suite 1600
Evanston, IL 60201

Ladies and Gentlemen:

This agreement will confirm that Energy Future Holdings Corp. (the "Company"), has engaged SOLIC Capital Advisors, LLC ("SOLIC") to advise and assist it in connection with the matters referred to in our engagement letter, dated of even date herewith (the "Engagement Letter"). Capitalized terms used herein without definition shall have the meanings ascribed to them in the Engagement Letter. In connection with the terms of the Engagement Letter (the "Engagement"), the Company agrees to indemnify and hold harmless SOLIC and its affiliates and their respective members, officers, directors, employees and agents and each other person, if any, controlling SOLIC or any of its affiliates and their respective successors, assigns, independent contractors, agents, heirs and personal representatives (each referred to herein as a " SOLIC Indemnified Person") to the fullest extent permitted by law from and against any losses, claims, damages, obligations, penalties, judgments, awards, costs, disbursements or liabilities, including amounts paid in settlement (collectively, "Losses"), based upon, related to, arising out of or in connection the Engagement and will reimburse each SOLIC Indemnified Person for all expenses (including fees and expenses of counsel) ("Expenses") as they are incurred in connection with investigating, preparing, pursuing or defending any action, claim, suit, investigation, or proceeding related to, arising out of or in connection with the Engagement, whether or not pending or threatened and whether or not any SOLIC Indemnified Person is a party. Notwithstanding the foregoing, (i) in no event shall the Company be responsible for any Losses or Expenses that arise out of or in connection with the Engagement to the extent such Losses or Expenses are finally judicially determined to have resulted from the willful misconduct, bad faith or gross negligence of SOLIC or any other SOLIC Indemnified Person and (ii) if any SOLIC Indemnified Person to whom such Expenses have been advanced shall be determined pursuant to clause (i) to not be eligible for reimbursement of such Expenses, such SOLIC Indemnified Person shall promptly repay such expenses to the Company. If any litigation, investigation or proceeding is commenced as to which SOLIC proposes to demand indemnification, SOLIC will notify the Company with reasonable promptness; provided, however, that any failure by SOLIC to notify the Company will relieve the Company from their obligations hereunder only to the extent the Company have been materially prejudiced by such failure or delay.

The Company will, if requested by any SOLIC Indemnified Party, assume the defense of any proceeding in respect of which indemnity may be sought hereunder, including the employment of counsel reasonably satisfactory to SOLIC and the payment of the fees and expenses of such counsel, in which event, except as provided below, the Company shall not be liable for the fees and expenses of any other counsel retained by any SOLIC Indemnified Party in connection with such proceeding. In any such proceeding the defense of which the Company shall have so assumed, any SOLIC Indemnified Party shall have the right to participate in such Proceeding and to retain its own counsel, but the fees and expenses of such counsel shall be at the expense of such SOLIC Indemnified Party unless (i) the Company and such

Energy Future Holdings Corp.
December 18, 2014

SOLIC Indemnified Party shall have mutually agreed in writing to the retention of such counsel or (ii) the named parties to any such proceeding (including any impleaded parties) include such SOLIC Indemnified Party and representation of the Company and such SOLIC Indemnified Party by the same counsel would, in the opinion of counsel to such SOLIC Indemnified Party, be inappropriate due to actual or potential conflicts of interests between the Company and such SOLIC Indemnified Party, including situations in which there are one or more legal defenses available to the SOLIC Indemnified Party that are different from or additional to those available to the Company. The Company shall not be liable for any settlement of any proceeding effected without its written consent, such consent not to be unreasonably withheld, but if settled with such consent or if there is a final judgment against an SOLIC Indemnified Party, the Company agrees to indemnify the SOLIC Indemnified Party from and against any Loss by reason of such settlement or judgment.

If, for any reason, the foregoing indemnification is unavailable to any of the SOLIC Indemnified Parties or is insufficient to hold them harmless in respect of any Losses or Expenses, then the Company will contribute to the amount paid or payable by any of the SOLIC Indemnified Parties as a result of such Losses and Expenses in such proportion as is appropriate to reflect the relative benefits (or anticipated benefits) to the Company and the Disinterested Directors on the one hand and the SOLIC Indemnified Parties on the other hand, but also the relative fault of the Company and the Disinterested Directors, and their shareholders, members, agents and advisers (other than SOLIC) on the one hand and the SOLIC Indemnified Parties on the other hand, as well as any other relevant equitable considerations. The relative benefits received (or anticipated to be received) by the Company and the Disinterested Directors on the one hand and by the SOLIC Indemnified Parties on the other hand will be deemed to be in the same proportion as such benefit bears to the total fees paid to SOLIC pursuant to the Engagement Letter. The relative fault of any party or other person will be determined by reference to such party's or person's knowledge, access to information and opportunity to prevent or correct any misstatement, omission, misconduct or breach of duty. In no event will the amount required to be contributed by the SOLIC Indemnified Parties hereunder exceed the total amount of fees paid to SOLIC pursuant to the Engagement Letter. You and we agree that it would not be just and equitable if contribution were determined by pro rata allocation or by any other method of allocation which does not take account of the equitable considerations referred to above.

The reimbursement, indemnity and contribution obligations of the Company hereunder will (i) be in addition to any liability which the Company may otherwise have, (ii) survive the completion or termination of SOLIC's engagement under the Engagement Letter and (iii) shall be binding upon any successors and assigns of the Company.

The Company agree that without the prior written consent of SOLIC, the Company will not consent, settle, compromise, consent to the entry of any judgment in or otherwise seek to terminate any action, claims, suit or proceeding in respect of which indemnification may be sought hereunder (whether or not any SOLIC Indemnified Person is a party thereto) unless (i) such settlement, compromise, consent or termination includes an unconditional release of each SOLIC Indemnified Person from all claims and liabilities arising out of such action, claim, suit or proceeding and (ii) there is no statement in connection therewith as to an admission of fault, culpability or failure to act by or on behalf of any SOLIC Indemnified Party.

The provisions of this agreement shall apply to the Engagement and any modification thereof and shall remain in full force and effect regardless of any termination or the completion of your services under the Engagement Letter.

This agreement will be deemed made in New York. The validity and interpretation of this agreement will be governed by, and construed and enforced in accordance with, the laws of the State of New York applicable to agreements made and to be fully performed therein (excluding the conflicts of laws rules).

Energy Future Holdings Corp.
December 18, 2014

So long as the Case (as that term is defined in the Engagement Letter) is open, the Company and SOLIC irrevocably submit to the jurisdiction of the Bankruptcy Court with respect to any suit, action or proceeding arising out of the Engagement. However, once the Case is closed, the Company irrevocably submit to the jurisdiction of any court of the State of New York or the United States District Court of the Southern District of the State of New York (Manhattan Division) for the purpose of any suit, action or other proceeding arising out of this agreement which is brought by or against the Company. Each of the Company and SOLIC hereby knowingly, voluntarily and irrevocably waives any right it may have to a trial by jury in respect of any claim based upon, arising out of or in connection with this agreement.

Very truly yours,

ENERGY FUTURE HOLDINGS CORP.

By: /s/ Donald L. Evans
    Name:  Donald L. Evans
    Title:    Executive Chairman
           Board of Directors
           Energy Future Holdings Corp.

Date:  December 18, 2014

Accepted and agreed to:

SOLIC CAPITAL ADVISORS, LLC

By: /s/ Neil F. Luria
    Neil F. Luria
    Senior Managing Director

Date:  December 18, 2014

47349969v2          3

**<u>Exhibit C</u>**

[Detailed Description of Services Provided]

# Energy Future Holdings Corp - January 2017

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| 1/3/2017 | Nowitz, Raoul | 718 - Meeting with counsel and with other constituents | 0.50 |
| | | Attention to correspondence with EVR on information requests outstanding and related follow-up. | |
| 1/3/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 4.00 |
| | | Attention to review of EFIH First Lien and Second Lien objections filed on 12/29/16 as it relates to financial impacts and discussion with team on same. | |
| 1/3/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 2.50 |
| | | Review of objections from First Lien EFIH holders and Second Lien EFH Holders to proposed Disclosure Statement for the Debtor's Sixth Amended Joint Plan of Reorganization; Review of economics of the PIK proposal as compared to First and Second Lienholder proposals. | |
| 1/3/2017 | Cumbee, Matthew | 705 - Plan Development and Testimony Review & Analysis | 4.50 |
| | | Attention to review of EFIH creditor objections and related updated of financial / waterfall analysis | |
| 1/3/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 3.50 |
| | | Attention to update of variance analysis regarding the latest projected cash at emergence and impact on recoveries | |
| 1/4/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 3.00 |
| | | Attention to further review of materials pertaining to EFIH 1L and 2L make-whole matters; correspondence with counsel on same | |
| 1/4/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 3.00 |
| | | Attention to review of Seventh Amended Joint Plan of Reorganization and review of implication with respect to EFH Corp. | |
| 1/4/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to comparative review of revisions in EFH Corp. projected pre-emergence cash projections, identification of variances. | |
| 1/4/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 3.50 |
| | | Attention to roll-forward of recovery analysis and comparison of outcomes at various exit dates with focus on EFH Corp. | |
| 1/5/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 3.50 |
| | | Attention to review of financial elements proposed in the 7th Amended Plan | |
| 1/5/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 2.00 |
| | | Further review and analysis of Seventh Amended Joint Plan of Liquidation and associated impact on EFH Corp. | |
| 1/6/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 3.00 |
| | | Attention to comparative review of emergence date assumptions/deductions and financial impacts. | |
| 1/6/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 1.50 |
| | | Attention to comparative review of professionals' success fee elements in emergence date deductions. | |
| 1/9/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 2.00 |
| | | Further review of implications of amended plan on EFH cash upon effectiveness; Review of Disclosure Statement analytics in connection with same; Review of additional due diligence documentation related to same. | |
| 1/10/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 3.50 |

# Energy Future Holdings Corp - January 2017

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to review of emergence date cash tax deductions, bonus depreciation impacts, with comparison to prior versions. | |
| 1/11/2017 | Nowitz, Raoul | 718 - Meeting with counsel and with other constituents | 0.50 |
| | | Attention to call with Proskauer tax pertaining to tax adjustments on emergence date cash projections. | |
| 1/11/2017 | Nowitz, Raoul | 730 - Project Management and Support | 1.50 |
| | | Attention to review, preparation and finalization of November 2016 time and expense package for delivery. | |
| 1/11/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 3.00 |
| | | Attention to preparation and review of content ahead of call with Evercore on data requirements | |
| 1/11/2017 | Nowitz, Raoul | 718 - Meeting with counsel and with other constituents | 0.50 |
| | | Attendance on call with Evercore on various data and information requirements. | |
| 1/11/2017 | Cumbee, Matthew | 718 - Meeting with counsel and with other constituents | 1.00 |
| | | Attention to call with Evercore to discuss outstanding diligence requests, including related follow up | |
| 1/12/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to review of materials regarding compilation of diligence questions for company | |
| 1/12/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.00 |
| | | Attention to drafting of diligence questions pertaining to EFH Corp cash and tax matters | |
| 1/13/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 3.00 |
| | | Attention to further discussions with team on diligence matters; updating of diligence list; distribution of same. | |
| 1/13/2017 | Nowitz, Raoul | 730 - Project Management and Support | 1.00 |
| | | Updating of Feb 2016 budget as requested. | |
| 1/13/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 2.50 |
| | | Review of information forwarded by team members regarding EFH/EFIH professional fee allocations and information provided by Evercore; Review of files provided by Evercore; Attention to estimating cash available for distribution to EFH stakeholders based on current cash flow forecasts and allocation of professional fees and success fees of Evercore and others. | |
| 1/16/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 1.00 |
| | | Review of updated information related to forecasted effective date EFH Corp. cash in order to determine amount available under Amended and Restated Plan for EFH stakeholders. | |
| 1/16/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 0.50 |
| | | Attention to review of letter pertaining to depositions covering EFH Corp. NOLs. | |
| 1/16/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.00 |
| | | Attention to further review of EFH Corp. cash pertaining to latest estimates of EFH Corp. recoveries and outstanding financial due diligence items.   (*Note: This was originally coded to 760 - Meetings with Disinterested Directors on the monthly fee statement in error) | |
| 1/18/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 1.50 |
| | | Attention to review of November EFH Monthly Operating Report filed with the U.S. Bankruptcy Court to understand current EFH cash burn. | |
| 1/18/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 3.00 |

## Energy Future Holdings Corp - January 2017

| Date | Person | Activity Code | Duration |
|------|--------|---------------|---------:|
| | | Attention to review of APA and other relevant materials pertaining to financial elements of boiler sale to PSCC; communications with Evercore on same. | |
| 1/18/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 3.00 |
| | | Attention to development of analysis relating to the ancillary asset sale to PSCC and potential impacts on recoveries | |
| 1/19/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 3.00 |
| | | Attention to review of 01.20.2017 board package with required follow-up | |
| 1/19/2017 | Nowitz, Raoul | 730 - Project Management and Support | 2.00 |
| | | Attention to planning including confirmation trial elements for required review and follow-up | |
| 1/19/2017 | Cumbee, Matthew | 705 - Plan Development and Testimony Review & Analysis | 4.50 |
| | | Attention to continued update of analysis relating to NextEra and transaction feasibility given recent market trends | |
| 1/19/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to review of additional information pertaining to proceeds on boiler sale to PSCC | |
| 1/20/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to discussions with team as post Board meeting follow up | |
| 1/20/2017 | Nowitz, Raoul | 729 - EFH Board Meeting Attendance | 1.00 |
| | | Attendance on board meeting | |
| 1/20/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.00 |
| | | Attention to review of P. Keglevic deposition transcript from 01/18/2017, with follow-up. | |
| 1/20/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.00 |
| | | Attention to further review of outstanding diligence items, follow-up with EVR on same. | |
| 1/20/2017 | Cumbee, Matthew | 729 - EFH Board Meeting Attendance | 1.00 |
| | | Attention to attendance on EFH Board call | |
| 1/21/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 2.50 |
| | | Review of Jan. 20th EFH Board of Directors materials; Review of P. Keglevic deposition transcript. | |
| 1/21/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.00 |
| | | Attention to review of latest docket, follow-up on same. | |
| 1/21/2017 | Cumbee, Matthew | 705 - Plan Development and Testimony Review & Analysis | 3.50 |
| | | Attention to review of implications of recent utility market trends and potential impact on Oncor purchase price | |
| 1/23/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 2.00 |
| | | Attention to review of David Ying (Evercore) and John Stuart (A&M) expert reports. | |
| 1/23/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.50 |
| | | Attention to revisiting and review of the 10.21.2016 expert report written by Thomas Vasquez, Ankura Consulting group pertaining to forecasting the E-side asbestos liability. | |
| 1/23/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.00 |
| | | Attention to review of outstanding questions for the company, compilation of updated diligence tracker. | |
| 1/24/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 3.50 |
| | | Attention to review of update D. Ying expert report dated 01.20.2017 with related follow-up. | |

## Energy Future Holdings Corp - January 2017

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| 1/24/2017 | Nowitz, Raoul | 718 - Meeting with counsel and with other constituents | 0.50 |
| | | Attention to discussion with Proskauer on case related matters | |
| 1/24/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.00 |
| | | Attention to initial review of responses from the company on EFH Corp. cash diligence questions. | |
| 1/25/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 4.00 |
| | | Attention to further review of responses to cash diligence questions, with related follow-up. | |
| 1/25/2017 | Nowitz, Raoul | 718 - Meeting with counsel and with other constituents | 0.50 |
| | | Attendance on updated diligence call with Evercore. | |
| 1/25/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 3.00 |
| | | Attention to review of professional fee allocation analysis and ongoing estimates to determine impact on EFH Corp cash | |
| 1/26/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 3.00 |
| | | Attention to review of A. Horton deposition on 01/20/2017 with focus on financial elements; post-review follow-up. | |
| 1/26/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 1.00 |
| | | Attention to review of latest docket for relevant filings | |
| 1/26/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to review of latest professional fees estimates in light of discussions with EVR and diligence responses | |
| 1/26/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.00 |
| | | Attention to review of comparative cash projections based on diligence responses. | |
| 1/26/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 1.50 |
| | | Review of latest status of confirmation process; Review of potential PUC issues; Review of docket filings related to confirmation process; Review of expert witness report of David Ying. | |
| 1/27/2017 | Nowitz, Raoul | 718 - Meeting with counsel and with other constituents | 0.50 |
| | | Attention to discussions with Proskauer Litigation on specific case matters | |
| 1/27/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 1.00 |
| | | Attention to follow-up post discussion with Proskauer. | |
| 1/27/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 3.50 |
| | | Attention to review of A. Wright deposition dated 01.26.2017 with post-review follow-up on certain financial matters. | |
| 1/28/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 3.50 |
| | | Attention to read of E-side Plan Supplement as filed pertaining to the E-side and financial items related therein; follow-up on same. | |
| 1/29/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.50 |
| | | Attention to internal status updating on key case matters. | |
| 1/29/2017 | Nowitz, Raoul | 730 - Project Management and Support | 1.50 |
| | | Attention to review and updating of workplan needs | |
| 1/30/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 1.50 |
| | | Attention to drafting of initial questions to Proskauer pertaining to EFH Corp items in the latest Plan Supplement filed 01.27.17; follow-up on same. | |
| 1/30/2017 | Nowitz, Raoul | 718 - Meeting with counsel and with other constituents | 0.50 |
| | | Attendance on call with Proskauer pertaining to Plan Supplement observations based on review. | |
| 1/30/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 3.00 |

# Energy Future Holdings Corp - January 2017

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to follow-up and review post call with Proskauer; draft of email to Evercore, review of additional information | |
| 1/30/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 0.50 |
| | | Attention to follow-up call with Evercore pertaining to admin/priority claim items at EFH Corp; post-call follow-up including review of cash emergence schedule | |
| 1/30/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 0.50 |
| | | Attention to review of cash at emergence schedule post discussion with Evercore on same | |
| 1/31/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to review of build-up of EFH Corp. admin claims and priority claims; further follow-up on same | |
| 1/31/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 3.00 |
| | | Attention to further review of company responses to cash related due diligence questions for purpose of drafting follow-up questions for Evercore | |
| 1/31/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to further review of Nov 2016 MOR with compilation and submission of questions. | |
| 1/31/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 2.00 |
| | | Attention to review and analysis relating to EFH administrative and priority claims and impact on recovery | |

# Energy Future Holdings Corp - February 2017

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| 2/1/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 4.00 |
| | | Attention to review of J. Stuart Expert Report dated 01.20.2017 pertaining to the EFH Corp. Hypothetical Liquidation Analysis | |
| 2/1/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 1.50 |
| | | Attention to development questions ahead of call with A&M on the J. Stuart composed Hypothetical Liquidation Analysis | |
| 2/1/2017 | Nowitz, Raoul | 718 - Meeting with counsel and with other constituents | 0.50 |
| | | Attendance on call with A&M to discussion the J. Stuart expert report dated 01.20.2017 | |
| 2/1/2017 | Cumbee, Matthew | 718 - Meeting with counsel and with other constituents | 1.00 |
| | | Attention to call with A&M to review liquidation analysis | |
| 2/2/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 1.50 |
| | | Attention to review of UST objection to the 7th Amended Plan dated 02.02.17 with follow-up. | |
| 2/2/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 3.00 |
| | | Attention to further follow-up on elements of cash projection pertaining to 4/30/17 projected balance including emergence date assumptions. | |
| 2/2/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 1.50 |
| | | Attention to review of UST objection to 7th amended plan; review of other filings associated with seventh amended plan. | |
| 2/3/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 3.00 |
| | | Attention to review of the second amended plan supplement t the 7th Amended Plan filed on 02.02.2017 with related follow-up. | |
| 2/3/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to drafting of questions for Proskauer on financial elements of key plan matters and communication with counsel | |
| 2/3/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 1.50 |
| | | Attention to review of latest objections to the 7th Amended Plan and the 2nd Amended Plan Supplement, as it related to financial matters. | |
| 2/4/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 3.50 |
| | | Attention to review of latest filings and objections pertaining to E-side matters and impact on EFH Corp; correspondence with Proskauer on same | |
| 2/7/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 3.00 |
| | | Attention to review of Stipulation and Agreement dated 02.06.2017 and related financial sensitivities as it relates to any potential EFH Corp. Recovery impacts; correspondence with counsel on same | |
| 2/7/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 3.50 |
| | | Attention to review of latest outstanding and new financial due diligence items, updating of latest DD tracker, submission to Evercore. | |
| 2/7/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 1.00 |
| | | Attention to review of Stipulation & Dismissal related to principal payments and EFIH intercreditor litigation matters and impact on EFH cash. | |
| 2/8/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 2.00 |
| | | Attention to review of court filings related to Amended Plan; Review of impact of amended plan on EFH cash; Review of correspondence from R. Nowitz re same. | |

SOLIC Capital Advisors, LLC | 1603 Orrington Ave, Suite 1600 | Evanston, Illinois 60201
Phone 847-583-1618 | Fax 847-583-1719

6 of 20

## Energy Future Holdings Corp - February 2017

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| 2/8/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 3.50 |
| | | Attention to further review of cash items and diligence of same ahead of the E-side confirmation trial | |
| 2/8/2017 | Nowitz, Raoul | 730 - Project Management and Support | 1.50 |
| | | Attention to work plan matters and areas for continued monitoring | |
| 2/8/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.50 |
| | | Attention to review of docket for relevant filings and objections as it relates to EFH Corp. financial elements | |
| 2/8/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 3.00 |
| | | Attention to review of liquidity projections and related cash analyses in preparation for E-side plan confirmation trial | |
| 2/9/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.00 |
| | | Attention to review of docket for latest materials ahead of E-side confirmation trial | |
| 2/9/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 1.00 |
| | | Attention to review of Fidelity motion in support of 6th Amended Plan. | |
| 2/10/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 1.50 |
| | | Attention to review of filings including Fidelity's Statement to the Seventh Amended Plan dated 02.09.2017 | |
| 2/10/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.00 |
| | | Attention to the review of the EFH Indenture Trustee's response filed on 02.09.2017 to the UST's objection as it relates to professional fee reimbursement, including follow-up. | |
| 2/10/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 1.50 |
| | | Attention to the NEE response on 02.10.2017 to the TCEH Unsecured limited objection to the Seventh Amended Plan, with follow-up. | |
| 2/10/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 1.50 |
| | | Attention to review of financial elements of notice of filing of proposed E-side confirmation order; discussion with Proskauer on same. | |
| 2/11/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 3.50 |
| | | Attention to review of the Debtors' memorandum of law as it relates to financial elements of the Seventh Amended Plan. | |
| 2/11/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 1.00 |
| | | Attention to review of EFH Corp's recent professional fee run-rate. | |
| 2/11/2017 | Cumbee, Matthew | 705 - Plan Development and Testimony Review & Analysis | 3.00 |
| | | Attention to review of NextEra's response to the TCEH Uns objection to the Seventh Amended Plan | |
| 2/11/2017 | Cumbee, Matthew | 705 - Plan Development and Testimony Review & Analysis | 2.00 |
| | | Attention to the review of the EFH Indenture Trustee's response to the objection filed as it relates to professional fee reimbursement and review of potential impact on EFH cash | |
| 2/13/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 3.50 |
| | | Attention to review of latest objections, stipulations, and related pertaining to the Seventh Amended Plan and the Plan Supplement as it related to financial elements; correspondence with counsel on same. | |
| 2/13/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 0.50 |
| | | Attention to review of First Lien makewhole settlement and implications to EFH cash. | |

SOLIC Capital Advisors, LLC | 1603 Orrington Ave, Suite 1600 | Evanston, Illinois 60201
Phone 847-583-1618 | Fax 847-583-1719

7 of 20

## Energy Future Holdings Corp - February 2017

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| 2/14/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.50 |
| | | Attention to review of pre-trial materials, filings and motions as it relates to EFH Corp. | |
| 2/14/2017 | Nowitz, Raoul | 730 - Project Management and Support | 1.00 |
| | | Attention to review of December invoice matters. | |
| 2/14/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.00 |
| | | Attention to review of latest make-whole litigation status and latest preliminary findings | |
| 2/14/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 1.50 |
| | | Attention to review of make whole litigation status and impact on waterfall / recovery analyses | |
| 2/15/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 2.00 |
| | | Attention to review of current status of global makewhole settlement; Review of EFH implications thereof. | |
| 2/15/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 1.50 |
| | | Attention to review of latest amended plan supplement as it relates to EFH Corp. cash projection at emergence and correspondence with counsel on same | |
| 2/15/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 1.50 |
| | | Attention to updating of due diligence info request list, review of prior items remaining outstanding, submission to Evercore of same | |
| 2/16/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 1.00 |
| | | Attention to review of transcripts from E-side confirmation hearing. | |
| 2/16/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 1.50 |
| | | Attention to review of court transcript for 02.13.17 and 02.14.17 E-side confirmation hearing; correspondence with Proskauer on same | |
| 2/16/2017 | Hogan, Paul | 795 - Fee Applications/Retention Applications | 3.00 |
| | | Attention to review and filing of December 2016 Fee Statement. | |
| 2/20/2017 | Nowitz, Raoul | 718 - Meeting with counsel and with other constituents | 0.50 |
| | | Attention to correspondence and follow-up with counsel and Evercore pertaining to outstanding financial diligence items. | |
| 2/20/2017 | Nowitz, Raoul | 730 - Project Management and Support | 0.50 |
| | | Attention to discussions with team on work plan and scope to emergence. | |
| 2/20/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 3.50 |
| | | Attention to review of and discussion with counsel regarding final version of the 8th Amended Plan, including financial elements in the signed order. | |
| 2/20/2017 | Cumbee, Matthew | 730 - Project Management and Support | 1.00 |
| | | Attention to review of time entries / narratives in preparation for the latest fee application filing | |
| 2/20/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 1.50 |
| | | Attention to review of outstanding diligence requests and related follow up | |
| 2/20/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 4.00 |
| | | Attention to review of 8th Amended Plan and update of related anlayses | |
| 2/21/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 3.50 |

SOLIC Capital Advisors, LLC | 1603 Orrington Ave, Suite 1600 | Evanston, Illinois 60201
Phone 847-583-1618 | Fax 847-583-1719

8 of 20

## Energy Future Holdings Corp - February 2017

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to review of court transcript from 02.15.2017 E-side confirmation hearing; follow-up on same and correspondence with counsel. | |
| 2/21/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 4.00 |
| | | Attention to attendance via online access to the part 1 of the PUCT Hearing on The Merits Electric Docket: 46238 pertaining to Oncor on 02.21.2017; with follow-up. | |
| 2/21/2017 | Cumbee, Matthew | 730 - Project Management and Support | 1.50 |
| | | Attention to review of time entries / narratives in preparation for the latest fee application filing | |
| 2/22/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 2.00 |
| | | Attention to review of transcript of E-side confirmation hearing. | |
| 2/22/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 3.50 |
| | | Attention to attendance via online access to the part 2 of the PUCT Hearing on The Merits Electric Docket:46238 pertaining to Oncor on 02.22.2017; with follow-up. | |
| 2/23/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.50 |
| | | Attention to attendance via online access to the part 3 of the PUCT Hearing on The Merits Electric Docket:46238 pertaining to Oncor on 02.23.2017; with follow-up. | |
| 2/23/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to comparison of liquidity projections from Board materials to previous projections provided by the company and development of variance analysis | |
| 2/23/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of the latest Board materials | |
| 2/24/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 0.50 |
| | | Attention to attendance via online access to the part 4 of the PUCT Hearing on The Merits Electric Docket:46238 pertaining to Oncor on 02.24.2017; with follow-up. | |
| 2/24/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.00 |
| | | Attention to review of professional fees run-rate and related | |
| 2/25/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 4.00 |
| | | Attention to review and update of analysis regarding utility market valuation trends | |
| 2/27/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.50 |
| | | Attention to review of Debtors objection to certain proofs of claim submitted by the IRS dated 02.24.2017; follow-up on same. | |
| 2/27/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.00 |
| | | Attention to review of cash projections and latest schedules for comparison against details provided in the Debtors' objections filed 02.24.2017 | |
| 2/27/2017 | Nowitz, Raoul | 718 - Meeting with counsel and with other constituents | 0.50 |
| | | Attention to update call with Proskauer pertaining to cash at emergence matters | |
| 2/27/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 1.00 |
| | | Attention to review of board materials in advance of board meeting. | |
| 2/28/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to review of board materials ahead of 02.28.2017 board call | |
| 2/28/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 3.00 |

SOLIC Capital Advisors, LLC | 1603 Orrington Ave, Suite 1600 | Evanston, Illinois 60201
Phone 847-583-1618 | Fax 847-583-1719

9 of 20

## Energy Future Holdings Corp - February 2017

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to review of cash projections/liquidity forecast as included in the 02.28.2017 board materials, including variances analyses related to prior forecasts | |
| 2/28/2017 | Nowitz, Raoul | 729 - EFH Board Meeting Attendance | 1.00 |
| | | Attention to attendance on board call. | |
| 2/28/2017 | Nowitz, Raoul | 718 - Meeting with counsel and with other constituents | 0.50 |
| | | Attention to attendance on call with Proskauer pertaining to certain items discussed on the board call; follow-up on same. | |
| 2/28/2017 | Luria, Neil | 729 - EFH Board Meeting Attendance | 1.00 |
| | | Attention to attendance of EFH board meeting | |
| 2/28/2017 | Cumbee, Matthew | 729 - EFH Board Meeting Attendance | 1.00 |
| | | Attention to attendance on EFH Board call | |
| 2/28/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 1.50 |
| | | Attention to internal discussion regarding latest liquidity projections | |
| 2/28/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 1.50 |
| | | Attention to discussion with team on liquidation tracking and roll-forward | |
| 2/28/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 1.00 |
| | | Attention to review of Board materials ahead of the Board call | |

SOLIC Capital Advisors, LLC | 1603 Orrington Ave, Suite 1600 | Evanston, Illinois 60201
Phone 847-583-1618 | Fax 847-583-1719

10 of 20

# Energy Future Holdings Corp - March 2017

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| 3/1/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony | 3.50 |
| | | Attention to review of the 02.16.2017 E-side confirmation transcript with focus on financial elements pertaining to EFH Corp. | |
| 3/1/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to ongoing update of utility sector trends and related valuation considerations | |
| 3/2/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony | 1.00 |
| | | Attention to review of 02.17.2017 E-side Confirmation Hearing transcript; follow-up on same. | |
| 3/2/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to initial review of company and K&E responses to due diligence tracker of outstanding due diligence questions; follow-up on same including professional fees estimates, cash at emergence projections. | |
| 3/2/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to follow up of due diligence tracker for items requiring further follow-up and explanation from the company. | |
| 3/2/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to submission of draft due diligence responses to Proskauer Bankruptcy and Proskauer Tax; correspondence with Proskauer and follow-up on various items per discussion | |
| 3/2/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to various elements pertaining to GDC sale of boiler and related proceeds in the context of EFH Corp. cash at emergence projection; discussion with Proskauer on same. | |
| 3/2/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to further review of professional fee and cash at emergence estimates as follow up to call with K&E | |
| 3/3/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of diligence requests and update of outstanding items pertaining to EFH Corporate cash | |
| 3/4/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of the motion for allowance of administrative professional fees expense claims by select creditors and their advisors, and potential impact on EFH Corp cash projections and at emergence | |
| 3/5/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of the E-side confirmation hearing transcript for potential impact on EFH Corp recoveries | |
| 3/6/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony | 2.50 |
| | | Attention to review of Motion to Allow Administrative Expenses Claim for select creditors and their advisors in terms of substantial contribution in support of fees; communication with Proskauer on same | |
| 3/6/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.50 |
| | | Attention to further review of due diligence tracker; discussion with team and Proskauer on same; updating of same. | |
| 3/7/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to further required review of outstanding items on due diligence tracker and update for submission to Evercore | |
| 3/7/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.00 |

# Energy Future Holdings Corp - March 2017

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to further diligence and review of professional fees projection. | |
| 3/7/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of the latest diligence responses provided by Evercore; with follow-up on same. | |
| 3/8/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.50 |
| | | Attention to review of management/Evercore responses received on 03.07.2017 to latest outstanding due diligence questions; correspondence with Proskauer on same. | |
| 3/8/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of elements of the wind-down budget and discussion with counsel and Evercore on same | |
| 3/8/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of professional fees for reasonableness of allocations and comparison to prior allocations | |
| 3/8/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to internal correspondence and discussion regarding the cash related diligence responses provided by Evercore | |
| 3/10/2017 | Nowitz, Raoul | 730 - Project Management and Support | 2.00 |
| | | Attention to reviewing, marking up and sharing of latest draft with team of the Sixth Interim SOLIC Fee App | |
| 3/10/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of email response from Proskauer tax pertaining to financial elements of tax claims due diligence outstanding items post Proskauer Tax and K&E Tax discussion | |
| 3/10/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of elements of tax claims based on prior projections | |
| 3/10/2017 | Luria, Neil | 705 - Plan Development and Testimony | 2.00 |
| | | Review of responses from Evercore and K&E on various due diligence issues including tax related matters; review of email correspondence from team members re same; review of Proskauer responses on varioius tax related diligence issues. | |
| 3/10/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to further review of items noted by Proskauer tax pertaining to cash due diligence items; follow-up on same. | |
| 3/12/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to further follow-up on cash due diligence items; correspondence with Proskauer on same | |
| 3/13/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to ongoing review of latest financial due diligence list and update of requests for submission to Evercore | |
| 3/13/2017 | Nowitz, Raoul | 795 - Fee Applications/Retention | 2.00 |
| | | Attention to final review and required updating of SOLIC's 6th Interim Fee App ahead of submission | |
| 3/13/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of the EFIH revised settlement agreement, filed on 3/10/2017 | |
| 3/14/2017 | Nowitz, Raoul | 730 - Project Management and Support | 1.00 |
| | | Attention to review and editing of April 2017 budget with narratives as required for submission. | |
| 3/14/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |

SOLIC Capital Advisors, LLC | 1603 Orrington Ave, Suite 1600 | Evanston, Illinois 60201
Phone 847-583-1618 | Fax 847-583-1719

12 of 20

# Energy Future Holdings Corp - March 2017

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to review of Order Approving Assumption of Oncor Tax Sharing Agreement Prior to Plan Effective Date | |
| 3/14/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of the order approving the assumption of Oncor Tax Sharing Agreement and potential impact on EFH corp cash | |
| 3/15/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of Evercore responses to latest financial due diligence tracker; required follow-up | |
| 3/15/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.50 |
| | | Attention to review of potential wind-down expenses in light of feedback received on estimates of reserve and related components | |
| 3/16/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to further review of professional fees projections/estimates and related wind-down projections; correspondence with Proskauer on same; updating and distribution of latest due diligence tracker to Evercore | |
| 3/17/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to follow-up associated with Evercore feedback on wind-down reserve due diligence question | |
| 3/17/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony | 2.50 |
| | | Attention to review of docket pertaining to relevant filings and motions. | |
| 3/20/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony | 2.50 |
| | | Attention to review of debtor-prepared declaration in support of motion or allowance of EFH Corp. key creditor claim based on substantial contribution; follow-up on same. | |
| 3/20/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony | 1.00 |
| | | Attention to statement of Delaware Trust Company in support of the EFIH settlement; follow-up on same. | |
| 3/21/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony | 2.50 |
| | | Attention to review of communications and discussion with counsel regarding the asbestos plaintiff appeal | |
| 3/21/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.50 |
| | | Attention to initial review of 03.20.17 update to cash projection and follow-up on same. | |
| 3/21/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of latest debtor-prepared estimates on creditor professional fees at emergence; review of motions pertaining to same; including follow-up | |
| 3/21/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 2.00 |
| | | Attention to review of the latest updated EFH/EFIH cash projections provided by Evercore | |
| 3/22/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony | 0.50 |
| | | Attention to review of EFIH Second Lien Trustees Statement in Support of Motion for Entry of an Order Approving the EFIH Settlement | |
| 3/22/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of latest debtor-side professional fee projection based on 03.20.17 update; follow-up on same. | |
| 3/22/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |

SOLIC Capital Advisors, LLC | 1603 Orrington Ave, Suite 1600 | Evanston, Illinois 60201
Phone 847-583-1618 | Fax 847-583-1719

13 of 20

# Energy Future Holdings Corp - March 2017

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to continued review of the professional fees at emergence and related allocations amongst estates, including review of variance analyses comparing prior estimates | |
| 3/22/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of debtor-side professional fee allocation/projections based on the update provided March 20 | |
| 3/23/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of run-rate professional fees relative to projection and wind-down provision; follow-up on same. | |
| 3/23/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of prior due diligence tracker for explanations in the context of revisions to the latest cash projection | |
| 3/23/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of the latest update to the IRS audit settlement payment in the most recent cash projection | |
| 3/23/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to compilation of draft financial due diligence questions based on the 03.20.2017 cash forecast update for review with Proskauer | |
| 3/23/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of certification pertaining to IRS proofs of claims; correspondence with counsel on same | |
| 3/23/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 0.50 |
| | | Attention to further review of the IRS audit settlement payment, including related review of correspondence from Proskauer Tax | |
| 3/23/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to follow-up with Proskauer Tax on same pertaining to an expected call with K&E Tax on this item | |
| 3/24/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to further review of the aggregate professional fee estimates and comparison of aggregate provision to prior estimates to assess appropriate cushion requirements | |
| 3/24/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to further review of materials, diligence on select items, and updating of financial due diligence questions list for the company. | |
| 3/27/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Additional diligence on professional fees projection in light of latest estimates | |
| 3/27/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of reasonableness of latest wind down reserve; comparison to prior estimates | |
| 3/27/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to further review of select creditor advisors' admin claim estimates | |
| 3/28/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony | 1.00 |
| | | Attention to review of docket for latest approved orders, EFH Corp. key creditor approved order for admin claim, and other | |
| 3/28/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to review of latest IRS cash claims against EFH | |
| 3/28/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |

SOLIC Capital Advisors, LLC | 1603 Orrington Ave, Suite 1600 | Evanston, Illinois 60201
Phone 847-583-1618 | Fax 847-583-1719

14 of 20

# Energy Future Holdings Corp - March 2017

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to further updating of due diligence tracker; distribution to Evercore of same. | |
| 3/28/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials | 3.00 |
| | | Attention to review of the IRS proof of claims objection and potential impact on EFH/EFIH cash projections | |
| 3/28/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.00 |
| | | Attention to further review of emergence deductions from latest EFH Corp. pre-emergence cash projection | |
| 3/28/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 1.50 |
| | | Attention to review of order sustaining Debtor's partial objection to IRS proofs of claims and correspondence | |
| 3/29/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony | 1.00 |
| | | Attention to review of Order on the EFIH make-whole settlement | |
| 3/29/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials | 2.50 |
| | | Attention to review of additional analysis on recoveries and sensitivities with a focus on EFH Corp; follow-up on same. | |
| 3/30/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony | 2.00 |
| | | Attention to review of information on PUCT ruling pertaining to NEE purchase of Oncor | |
| 3/30/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony | 1.00 |
| | | Attention to correspondence with Proskauer on PUCT ruling; follow-up on same. | |
| 3/31/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony | 2.00 |
| | | Attendance on PUCT recorded hearing pertaining to Oncor acquisition dated 03.03.2017 | |

SOLIC Capital Advisors, LLC | 1603 Orrington Ave, Suite 1600 | Evanston, Illinois 60201
Phone 847-583-1618 | Fax 847-583-1719

15 of 20

# Energy Future Holdings Corp - April 2017

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| 4/2/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.50 |
| | | Attention to review of board materials for 04.03.2017 board call; follow-up on same. | |
| 4/2/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 2.00 |
| | | Attention to review of materials prepared for the EFH Board call | |
| 4/3/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 1.50 |
| | | Attention to review of order sustaining objections to improperly asserted claims; follow-up on same. | |
| 4/3/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 1.50 |
| | | Attention to review of Board materials in anticipation of EFH Board Meeting. | |
| 4/3/2017 | Nowitz, Raoul | 729 - EFH Board Meeting Attendance | 1.50 |
| | | Attention to attendance on board call; post call follow-up. | |
| 4/3/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 3.50 |
| | | Attention to preliminary review of prior standalone-equitization constructs | |
| 4/3/2017 | Luria, Neil | 729 - EFH Board Meeting Attendance | 1.50 |
| | | Attended EFH telephonic teleconference call. | |
| 4/3/2017 | Cumbee, Matthew | 729 - EFH Board Meeting Attendance | 2.00 |
| | | Attention to attendance on EFH Board call | |
| 4/5/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 3.00 |
| | | Attention to initial review of responses from management and Evercore received on 04.03.2017 pertaining to latest financial due diligence tracker; follow-up with team on same | |
| 4/6/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.00 |
| | | Attention to review of latest docket for relevant filings and motions; follow-up on same | |
| 4/6/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 3.50 |
| | | Attention to additional review of prior alternative restructuring plans; discussion with team on same; assessment regarding framework for discussion/development. | |
| 4/8/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.50 |
| | | Attention to review of commentary on implied value based on trading prices; follow-up on same. | |
| 4/8/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to further review of EVR due diligence cash projection responses; follow-up on same | |
| 4/8/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to review of EFH recent cash projection and trends (pre- and post-emergence) pertaining to cash projection as part of stand-alone plan considerations. | |
| 4/8/2017 | Nowitz, Raoul | 718 - Meeting with counsel and with other constituents | 0.50 |
| | | Attention to correspondence with counsel and follow-up pertaining to elements of stand-alone equitization plan considerations. | |
| 4/9/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.00 |
| | | Attention to review of latest docket for filings/motions/fee matters, review and follow-up of same | |
| 4/10/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to review of latest cash projections in light of potential stand-alone plan considerations. | |
| 4/10/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.00 |

# Energy Future Holdings Corp - April 2017

| Date | Person | Activity Code | Duration |
|------|--------|--------------|----------|
| | | Attention to review of potential alternative restructuring scenarios, correspondence with Proskauer on same; review of materials. | |
| 4/10/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to development of draft questions for EVR on alternative restructuring scenario requirements | |
| 4/11/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 4.00 |
| | | Attention to review of prior SOLIC materials pertaining to alternative restructuring scenarios, including sensitivities and projected recoveries. | |
| 4/11/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 1.50 |
| | | Attention to review of market metrics of comparable companies. | |
| 4/11/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 2.00 |
| | | Attention to review of previously prepared E-side stand alone plan materials in preparation of the PUCT adverse ruling | |
| 4/12/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to review of specific EFH Corp. cash projection and related recoveries as directed by a Proskauer request; including correspondence with Evercore on same. | |
| 4/12/2017 | Nowitz, Raoul | 730 - Project Management and Support | 1.50 |
| | | Attention to discussion with team on work plan requirements, development and updating | |
| 4/12/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 3.00 |
| | | Attention to further review of prior materials and analyses pertaining to E-side standalone equitization plan. | |
| 4/12/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 1.50 |
| | | Attention to review and preparation of waterfall and cash projection materials in response to a creditor diligence request | |
| 4/13/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.50 |
| | | Attention to review of PUC docket # 46238/Order denying PUCT approval of the NEE acquisition of Oncor | |
| 4/14/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to review of Dec 2016 MOR for comparison against prior MOR's to determine trends in EFH cash | |
| 4/14/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 1.50 |
| | | Attention to updating of due diligence tracker for latest questions covering review of Dec 2016 MOR | |
| 4/14/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 0.50 |
| | | Attention to distribution of draft Dec 2016 MOR review questions with counsel; follow-up on same. | |
| 4/14/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.00 |
| | | Attention to further review of prior developed information pertaining to alternative restructuring scenarios | |
| 4/15/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to review of select financial metrics of NEE based on PUCT "no vote" on the Oncor transaction | |
| 4/15/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 1.00 |
| | | Attention to review of the latest MOR and development of related questions | |
| 4/16/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 2.00 |
| | | Attention to review of materials ahead of the EFH Board call | |
| 4/17/2017 | Luria, Neil | 729 - EFH Board Meeting Attendance | 1.50 |
| | | Attention to attendance on EFH telephonic board meeting. | |

SOLIC Capital Advisors, LLC | 1603 Orrington Ave, Suite 1600 | Evanston, Illinois 60201
Phone 847-583-1618 | Fax 847-583-1719

17 of 20

# Energy Future Holdings Corp - April 2017

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| 4/17/2017 | Luria, Neil | 725 - Dataroom and Diligence Materials Review | 1.00 |
| | | Attention to review of board meeting materials in advance of EFH telephonic board meeting. | |
| 4/17/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.50 |
| | | Attention to review of board materials for 04.17.2017 board meeting | |
| 4/17/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 3.00 |
| | | Attention to review of various financial analyses included in board materials and internal discussion regarding same | |
| 4/17/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 0.50 |
| | | Attendance on call with working team including discussion on workplan and next steps | |
| 4/17/2017 | Nowitz, Raoul | 729 - EFH Board Meeting Attendance | 1.50 |
| | | Attendance on Board call; post-call follow-up. | |
| 4/17/2017 | Cumbee, Matthew | 729 - EFH Board Meeting Attendance | 1.00 |
| | | Attention to attendance on the EFH Board call | |
| 4/17/2017 | Cumbee, Matthew | 718 - Meeting with counsel and with other constituents | 1.00 |
| | | Attention to internal discussion as a follow up to matters discussed on the EFH Board call | |
| 4/17/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 2.00 |
| | | Attention to review of claims and cash at emergence schedules and correspondence with Evercore to provide update of the same | |
| 4/18/2017 | Nowitz, Raoul | 718 - Meeting with counsel and with other constituents | 0.50 |
| | | Attention to call with Proskauer pertaining to status and next steps in light of PUCT ruling. | |
| 4/18/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 4.00 |
| | | Attention to preparation and team discussions ahead of call with Proskauer | |
| 4/18/2017 | Nowitz, Raoul | 718 - Meeting with counsel and with other constituents | 0.50 |
| | | Attention to call with Evercore pertaining to information requests | |
| 4/18/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to preparation of follow-up questions for Evercore in light of receipt of responses received to prior cash related diligence questions | |
| 4/18/2017 | Cumbee, Matthew | 718 - Meeting with counsel and with other constituents | 1.00 |
| | | Attention to a call with Evercore to discuss outstanding diligence requests | |
| 4/18/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to research relating to EFH/EFIH debt trading prices and update of related analyses | |
| 4/18/2017 | Hogan, Paul | 795 - Fee Applications/Retention Applications | 3.00 |
| | | Attention to filing and review of the 25th (January 2017) monthly fee application. | |
| 4/19/2017 | Nowitz, Raoul | 730 - Project Management and Support | 0.50 |
| | | Attention to review of memo received from fee examiner pertaining to the Eighth Fee Period (Sixth Interim) | |
| 4/19/2017 | Nowitz, Raoul | 730 - Project Management and Support | 1.50 |
| | | Attention to review of time entries and required updating as requested by the fee examiner. | |
| 4/19/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 3.50 |

SOLIC Capital Advisors, LLC | 1603 Orrington Ave, Suite 1600 | Evanston, Illinois 60201
Phone 847-583-1618 | Fax 847-583-1719

18 of 20

# Energy Future Holdings Corp - April 2017

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to review of materials pertaining to possible alternative restructuring scenarios and potential impact on creditor recoveries | |
| 4/20/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.50 |
| | | Attention to further review of materials and discussions with team pertaining to alternative plans | |
| 4/22/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 3.00 |
| | | Attention to refreshing various valuation considerations regarding Oncor | |
| 4/24/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 1.00 |
| | | Attention to review of docket pertaining to key filings and updates post PUCT no-vote | |
| 4/24/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 3.50 |
| | | Attention to review of further key items pertaining to EFH Corp. cash projection and follow-up on same | |
| 4/25/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 3.50 |
| | | Attention to initial review of Jan 2017 MOR; follow-up on same | |
| 4/25/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.00 |
| | | Attention to review and reconciliation of actual cash balances to most recent cash projections provided by the company | |
| 4/26/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 1.50 |
| | | Attention to updating and review of previously prepared Dec 2016 MOR questions. | |
| 4/26/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to review of Jan 2017 MOR for comparison against prior MOR's to determine trends in EFH cash | |
| 4/26/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 3.00 |
| | | Attention to review of information pertaining to development of updated due diligence tracker, including compilation of additional follow up financial due diligence questions and submission of draft questions to Proskauer for review. | |
| 4/26/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 2.50 |
| | | Discussion with Proskauer regarding current status of restructuring efforts; review of PUC rulings; review of alternative restructuring strategies and structures; review of tax implications thereof; review of value to EFH stakeholders based upon potential outcomes; attention to related restructuring issues. | |
| 4/26/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 1.00 |
| | | Attention to review of the January MOR and development of questions relating to EFH cash and variances from projection | |
| 4/27/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.00 |
| | | Attention to further review, revision and update of questions pertaining to the Dec 2016 and Jan 2017 MORs, including internal review with team on same | |
| 4/27/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 3.50 |
| | | Attention to review of recent SG&A trends at EFH. Corp and internal discussion with team on same per MOR review | |
| 4/27/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 1.00 |
| | | Attention to development and review of trending SG&A expenses as it relates to EFH Corp. and variances to cash projections | |
| 4/28/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 2.50 |

SOLIC Capital Advisors, LLC | 1603 Orrington Ave, Suite 1600 | Evanston, Illinois 60201
Phone 847-583-1618 | Fax 847-583-1719

19 of 20

# Energy Future Holdings Corp - April 2017

| Date | Person | Activity Code | Duration |
|------|--------|---------------|----------|
| | | Attention to review of historical analysis of SG&A and interest income line items and comparison of same to the company's latest cash projection | |
| 4/28/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 0.50 |
| | | Attention to discussions with working team on EFH Corp. SG&A trend analysis | |
| 4/28/2017 | Nowitz, Raoul | 725 - Dataroom and Diligence Materials Review | 1.50 |
| | | Attention to review of quarterly operating report for the quarter ended December 2016. | |
| 4/28/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 1.00 |
| | | Review of restructuring materials and past board presentations in advance of upcoming board education session. | |
| 4/29/2017 | Luria, Neil | 705 - Plan Development and Testimony Review & Analysis | 2.00 |
| | | Review of Restructuring Workshop board materials prepared for EFH and EFIH Board meeting to be held on May 1st. | |
| 4/29/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 2.50 |
| | | Attention to continued update of Oncor financial metrics, considerations and analyses | |
| 4/29/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 4.00 |
| | | Attention to update of waterfall and recovery analyses to anticipate valuation breakpoints as it relates to a potential E-side creditor plan | |
| 4/30/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 3.00 |
| | | Attention to review of Restructuring Workshop materials for the May 1, 2017 Director Education Session. | |
| 4/30/2017 | Cumbee, Matthew | 725 - Dataroom and Diligence Materials Review | 2.00 |
| | | Attention to review of materials prepared for the EFH Board workshop meeting | |
| 4/30/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 2.00 |
| | | Attention to review of termination fee matters in the May 1, 2017 Restructuring Workshop materials | |
| 4/30/2017 | Nowitz, Raoul | 705 - Plan Development and Testimony Review & Analysis | 1.50 |
| | | Attention to further review of financial analyses and related creditor recoveries as it relates to potential Conflict Matters | |

SOLIC Capital Advisors, LLC | 1603 Orrington Ave, Suite 1600 | Evanston, Illinois 60201
Phone 847-583-1618 | Fax 847-583-1719

20 of 20

**<u>Exhibit D</u>**

[Detailed Description of Expenses Incurred]


Not Applicable