**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
|  | ) Hearing Date: July 26, 2017 at 10:00 a.m. |
|  | ) Objection Deadline: July 19, 2017 at 4:00 p.m. |

**MOTION OF THE EFH/EFIH DEBTORS FOR ENTRY OF AN ORDER SCHEDULING CERTAIN HEARING DATES AND DEADLINES AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH CONFIRMATION OF THE JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC, AND THE EFH/EFIH DEBTORS PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "E-Side Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of Debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

Capitalized terms used but not defined herein shall have the meanings ascribed in the *Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (the "BHE Plan") filed contemporaneously herewith.

"Confirmation Scheduling Order"), scheduling certain dates and deadlines and establishing certain protocols in connection with the confirmation of the E-Side Debtors' new plan of reorganization (as modified, amended or supplemented from time to time, the "Plan") and approval of the E-Side Debtors' disclosure statement (the "Disclosure Statement"), each of which has been filed contemporaneously with this Motion. In support of this Motion, the E-Side Debtors respectfully state as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the E-Side Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested in this Motion are sections 1125(b) and 1128(a) of title 11 of the United States Code (the "Bankruptcy Code"); rules 2002(b) and (d), 3016(b), 3017, 3020(b), and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Local Bankruptcy Rule 3017-1(a).

**BACKGROUND**

4.     On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee" and together with the TCEH Creditors' Committee, the "Creditors' Committees") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

5.     On August 29, 2016, this Court entered an order confirming the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 9421]. The TCEH Debtors and EFH Shared Services Debtors emerged from bankruptcy on October 3, 2016. On February 17, 2017, this Court confirmed the *Eighth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors* [D.I. 10859] (the "NEE

3

Plan"). The NEE Plan contemplated the acquisition of the E-Side Debtors' economic stake in Oncor Electric Company LLC ("Oncor") by NextEra Energy, Inc. ("NextEra") (the "NEE Merger") pursuant to that certain purchase and sale agreement (the "NEE Merger Agreement") and plan support agreement with NextEra and certain creditor constituencies (the "NEE PSA"). The E-Side Debtors thereafter worked diligently to effectuate the transactions contemplated by the NEE Plan.

6. A condition precedent to consummation of the NEE Plan (and the transactions contemplated thereby) was approval by the Public Utility Commission of Texas (the "PUCT") of the joint change of control application of Oncor and NextEra regarding the NEE Merger (the "Joint Application").

7. On March 30, 2017, the PUCT held an open meeting during which staff read prepared statements into the record. The PUCT commissioners stated at that open meeting that it did not believe the deal was in the public interest. On April 13, 2017, the PUCT issued an order denying the Joint Application. On May 8, 2017, NextEra filed a motion with the PUCT for rehearing of the Joint Application. The E-Side Debtors submitted an amicus brief in support of that motion on May 11, 2017. On June 7, 2017, the PUCT denied NextEra's motion for rehearing. On June 27, 2017, NextEra filed a second motion for rehearing with the PUCT, and the E-Side Debtors likewise filed an amicus brief in support. The PUCT denied the second motion for rehearing on June 29, 2017.

8. In light of these events, the E-Side Debtors have re-evaluated the best path forward to advance creditor interests and maximize the value of the estate. Following the March 30, 2017 open meeting—and consistent with the terms of the NEE Merger Agreement and NEE

PSA, approved by the Court on September 19, 2016 [D.I. 9584]—the E-Side Debtors engaged in discussions with various parties regarding a potential "backup" plan.

9. On June 23, 2017, the E-Side Debtors received an initial backup proposal from Berkshire Hathaway Energy Company ("BHE") pursuant to which BHE would acquire the E-Side Debtors' economic stake in Oncor through a transaction that largely mirrored the structure of the NEE Plan. The E-Side Debtors had also been in discussions with Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnerships (together, "Elliott"), the largest EFIH creditor regarding a potential equitization plan. Despite the parties' best efforts, there remained significant open issues in Elliott's latest proposal, and the discussions did not yield an actionable proposal. Accordingly, following intensive negotiations with BHE, the E-Side Debtors determined that it was in the best interests of their estates to pursue the BHE proposal. On July 6, 2017, the boards of directors and managers of EFH Corp. and EFIH determined that it was in the best interests of their estates and stakeholders to (a) terminate the NEE Merger Agreement and NEE PSA and (b) approve the execution of the Merger Agreement with BHE (the "Merger Agreement"). On July 7, 2017, the E-Side Debtors filed the *Motion of E-Side Debtors for Order Authorizing Entry into Merger Agreement and Approving Termination Fee* (the "Merger Agreement Motion").

**RELIEF REQUESTED**

10. By this Motion, the E-Side Debtors respectfully request that the Court enter an order substantially in the form attached hereto as **Exhibit A**, (a) scheduling dates and deadlines in connection with the approval of the Disclosure Statement (the "Disclosure Statement Proceedings") and the confirmation of the Plan (the "Confirmation Proceedings" and, together

with the Disclosure Statement Proceedings, the "Proceedings") and (b) establishing certain protocols in connection with the Proceedings (the "Protocols").[3]

## BASIS FOR RELIEF REQUESTED

### I. THE PROPOSED SCHEDULE AND DISCOVERY PROTOCOL ARE REASONABLE.

11.   In order to avoid excessive discovery-related expenses and promote an efficient path forward to confirmation the E-Side Debtors request entry of the Confirmation Scheduling Order.  The proposed schedule includes an expeditious but reasonable period in which to complete all fact and expert Plan discovery—91 days from the date of this filing—in keeping with the schedules imposed in many similarly large and complex bankruptcy cases, including previous proceedings in this case.

12.   The proposed protocols bolster the proposed schedule by imposing sensible limits on the scope and conduct of discovery.  In connection with legacy claims, ad hoc discovery requests, and the prior confirmation proceedings, the E-Side Debtors have already engaged in overwhelming amounts of discovery, including production of nearly 1,000,000 documents consisting of over 6,000,000 pages, responding to hundreds of written discovery requests, and dozens of depositions.  Any remaining discovery can and should be narrowly tailored to cover the remaining issues relevant to confirmation of the Plan.

---

[3]   For the avoidance of doubt, the Court shall have the ability to adjust the schedule of the Proceedings if necessary.

A. **The Confirmation Scheduling Order should be approved because it provides for judicial control over these confirmation proceedings, maximizes efficiency, and provides for the speedy and efficient disposition of this case with adequate time to prepare for confirmation.**

1. *The proposed schedule complies with all applicable rules and accommodates the milestones set forth in the Merger Agreement.*

13. Local Bankruptcy Rule 3017-1 requires a plan proponent to obtain from the Court hearing and objection dates for the approval of the Disclosure Statement and to provide notice of those dates to parties in interest in accordance with Bankruptcy Rules 3017 and 2002.[4] In addition, Bankruptcy Rules 3017(c) and 3020(b)(1) provide for the Court to fix a time for the hearing on the confirmation of a plan of reorganization and the time by which objections to that plan are to be filed.[5] The E-Side Debtors' proposed schedule not only satisfies those requirements, it provides a comprehensive structure for pre-hearing events that is designed to support a Confirmation Hearing beginning in October 2017. For example:

- The Bankruptcy Rules and Local Bankruptcy Rules require the deadline for parties to object to the Disclosure Statement to be set at least 28 days after the Disclosure Statement is served.[6] The proposed schedule sets the objection deadline for 28 days after the E-Side Debtors estimate service of the notice of filing the Disclosure Statement to be completed;

- The Local Bankruptcy Rules require the hearing regarding approval of the Disclosure Statement to take place at least 35 days after the Disclosure Statement is served.[7] The proposed schedule sets the hearing to approve the Disclosure Statement (the "<u>Disclosure Statement Hearing</u>") for 35 days after the E-Side

---

[4] Bankr. D. Del. R. 3017-1(a).

[5] Fed. R. Bankr. P. 3017(c); Fed. R. Bankr. P. 3020(b)(1).

[6] Fed. R. Bankr. P. 2002(b); Fed. R. Bankr. P. 3017(a); Bankr. D. Del. R. 3017-1(a).

[7] Bankr. D. Del. R. 3017-1(a). This Local Bankruptcy Rule extends the notice period required by the Bankruptcy Rules. *See* Fed. R. Bankr. P. 2002(b) (requiring at least 28 days' notice for the Disclosure Statement hearing); Fed. R. Bankr. P. 3017(a) (same).

> Debtors estimate service of notice of filing the Disclosure Statement to be completed;[8]

- The Bankruptcy Rules require the deadline for parties to object to the Plan to be set at least 28 days after the Plan is served.[9] The proposed schedule sets the objection deadline for 43 days after the E-Side Debtors estimate service of the Plan; and

- The Bankruptcy Rules require the hearing regarding confirmation of the Plan to take place at least 28 days after the Plan is served.[10] The proposed schedule sets the Confirmation Hearing for 56 days after the E-Side Debtors estimated service of the Plan.[11]

14. And the proposed schedule accommodates the milestones set forth in the Merger Agreement. The Merger Agreement includes certain deadlines intended to facilitate the expeditious implementation of the Plan and Merger Agreement. These milestones provide that the E-Side Debtors will use commercially reasonable efforts to obtain entry of the Disclosure Statement Order by August 28, 2017 and entry of a Confirmation Order by November 22, 2017.[12] The proposed schedule accommodates the milestones negotiated in the Merger Agreement.

---

[8] The E-Side Debtors estimate service of the notice of filing the Disclosure Statement will be completed by July 7, 2017. The proposed schedule sets the Disclosure Statement objection deadline for August 4, 2017, and the start of the Disclosure Statement hearing for August 11, 2017.

[9] Fed. R. Bankr. P. 2002(b); Fed. R. Bankr. P. 3017(a).

[10] Fed. R. Bankr. P. 2002(b); Fed. R. Bankr. P. 3017(a).

[11] The Debtors estimate service of the notice soliciting votes on the Plan will be completed by August 29, 2017. The proposed schedule sets the objection deadline for October 11, 2017, and the start of the Confirmation Hearing for October 24, 2017.

[12] Merger Agreement § 6.3(g). The Merger Agreement also grants BHE a termination right if the Disclosure Statement Order is not obtained by September 5, 2017, or the Confirmation Order is not obtained by December 15, 2017. *Id*. § 8.4(h).

> 2. *The proposed schedule is consistent with Bankruptcy Rules and the schedules previously approved by the Court for the NEE Plan.*

15. The proposed schedule is not only consistent with the Bankruptcy Rules and Local Bankruptcy Rules, it is similar to the schedules previously approved by the Court and successfully executed by the parties in connection with confirmation of the NEE Plan.[13] While the proposed schedule is expedited, the E-Side Debtors have repeatedly demonstrated an ability to conduct discovery and proceed to a confirmation hearing on comparable timelines.

16. The proposed schedule allots ample time for interested parties to seek and conduct discovery en route to the confirmation hearing. Under the proposed schedule, parties will have 20 days from filing of the Plan and related Disclosure Statement to serve written Plan discovery. That is more than enough time for all stakeholders to prepare their discovery requests. These cases have been pending for more than three years and many of the stakeholders have been engaged in plan negotiations for even longer than that. Disputed issues have long been known to all parties, who consequently will have had ample time to consider and draft appropriate discovery requests.

17. Furthermore, while the proposed schedule contemplates commencement of plan confirmation-related discovery prior to approval of the Disclosure Statement, the E-Side Debtors have previously used similar schedules and found them to encourage efficiency and provide for expeditious resolution of confirmation-related disputes.[14]

---

[13] *See* D.I. 8514, 9381.

[14] *See, e.g., Supplemental Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Debtors' Joint Plan of Reorganization as it Relates to the EFH/EFIH Detbors* [D.I. 9381].

18.  The schedule also allots seven days for depositions of fact witnesses and provides ten days from the exchange of expert reports to the completion of expert discovery. This provides sufficient time for the participating parties to conclude fact and expert discovery before the Confirmation Hearing.

> 3.  *The proposed schedule allows the participating parties ample time to address the narrow scope of potential issues.*

19.  The issues to be litigated are comparatively narrow. Indeed, most EFH and EFIH creditors' issues have been resolved. The settlement with the EFH Committee, approved by the Court on November 25, 2015,[15] remains undisturbed. And the terms of the settlement with EFIH's secured creditors regarding their makewhole claims, approved by the Court on March 24, 2017,[16] will be satisfied under the Plan. Accordingly, the only issues before the Court will be whether the Plan satisfies the requirements of 11 U.S.C. § 1129.

20.  Nonetheless, the proposed schedule also provides ample time for the E-Side Debtors to engage with creditors and other interested parties to narrow the scope of issues to be litigated. The E-Side Debtors will continue to engage with creditor constituencies to identify issues that may be narrowed and seek consensual resolution where possible.

**B.  A scheduling order limiting discovery is necessary and appropriate.**

21.  Rule 16(b) of the Federal Rules of Civil Procedure (the "Rules") requires entry of a scheduling order. Rule 16 applies to adversary proceedings in bankruptcy cases.[17] Although

---

[15] Order Approving Settlement Among Debtors, EFH Committee, EFH Notes Trustee, And Certain Other Parties [D.I. 7143].

[16] Order Approving the EFIH Settlement Between the Debtors, Certain Holders of EFIH Lien Note Claims, Certain Holders of EFIH Second Lien Note Claims, and Certain Holders of EFIH Unsecured Note Claims [D.I. 11048].

[17] Fed. R. Bankr. P. 7016.

10

confirmation of the Plan is not an adversary proceeding, many of the principles underlying Rule 16 are equally applicable to contested confirmation proceedings. Specifically, the "rule's purpose is to provide for the judicial control over a case, streamline proceedings, maximize the efficiency of the court system, and actively manage the timetable of case preparation to expedite the speedy and efficient disposition of cases."[18] That purpose is as relevant here as it is in any adversary proceeding.

22. Rule 16(b)(3) provides that a "[s]cheduling order *must* limit the time to . . . complete discovery."[19] As the Manual for Complex Litigation ("MCL")—a useful resource in cases like these—provides, "[t]he discovery plan should include a schedule for the completion of specified discovery, affording a basis for judicial monitoring of progress. . . . Time limits impose valuable discipline on attorneys, forcing them to be selective and helping to move the case expeditiously."[20]

23. In addition to time limits, other examples of discovery limits include "limits on quantity," such as "limits on the number and length of depositions, on the number of interrogatories, and on the volume of requests for production."[21] The E-Side Debtors' Protocols put this advice into practice by instituting limits on the number and length of depositions and by eliminating interrogatories altogether.

24. The E-Side Debtors have found setting plan confirmation-related discovery schedules to be a boon in these cases. To that end, the E-Side Debtors' proposed schedule and

---

[18] *Paoli v. Stetser*, No. 12-66-GMS-CJB, 2013 WL 2154393, at *2 (D. Del. May 6, 2013) (internal quotation marks and citation omitted).

[19] Fed. R. Civ. P. 16(b)(3)(A) (emphasis added).

[20] MCL (Fourth) § 11.422 (2004).

[21] MCL § 11.422.

Protocols are substantially similar to schedules and protocols used in other confirmation-related proceedings in these cases. Over the course of more than three years and multiple confirmation hearings, the E-Side Debtors have developed procedures that have enabled them to conduct expedited plan confirmation proceedings efficiently and with minimal drain on the Court's resources. The proposed schedule reflects this experience.

25.   In short, the E-Side Debtors' proposed schedule has all the salutary characteristics outlined in Rule 16 and the MCL, and best accounts for the narrow scope of remaining issues while allowing the Court and the Parties to control their limited time and resources, facilitating the E-Side Debtors' expeditious emergence from bankruptcy, and affording all stakeholders sufficient opportunity to investigate and be heard on matters truly at issue at the Confirmation Hearing.

## NOTICE

26.   The E-Side Debtors shall provide notice of this Motion on the date hereof via first class mail to: (a) the U.S. Trustee; (b) counsel to the EFH Creditors' Committee; (c) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (d) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (e) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75%

EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (f) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020; (g) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (f); (h) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (i) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (j) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (k) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (l) Oncor Electric Delivery Company LLC and counsel thereto; (m) the Securities and Exchange Commission; (n) the Internal Revenue Service; (o) the Office of the United States Attorney for the District of Delaware; (p) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (q) counsel to the Electric Reliability Council of Texas; (r) Berkshire Hathaway Energy Company; and (s) those parties that have requested notice pursuant to Bankruptcy Rule 2002.

### **CERTIFICATION OF COUNSEL PURSUANT TO L.R. 7026-1(d)**

27. Pursuant to Local Bankruptcy Rule 7026-1(d), the E-Side Debtors will meet and confer with the various creditor constituencies in an effort to reach agreement on a schedule prior to the hearing on the instant Motion.

WHEREFORE, the E-Side Debtors respectfully request that the Court enter the Confirmation Scheduling Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

[*Remainder of page intentionally left blank*]

Dated: July 7, 2017
Wilmington, Delaware             */s/ Christopher M. De Lillo*
                                 **RICHARDS, LAYTON & FINGER, P.A.**
                                 Mark D. Collins (No. 2981)
                                 Daniel J. DeFranceschi (No. 2732)
                                 Jason M. Madron (No. 4431)
                                 Christopher M. De Lillo (No. 6355)
                                 920 North King Street
                                 Wilmington, Delaware 19801
                                 Telephone:    (302) 651-7700
                                 Facsimile:    (302) 651-7701
                                 Email:        collins@rlf.com
                                               defranceschi@rlf.com
                                               madron@rlf.com
                                               delillo@rlf.com

                                 -and-

                                 **KIRKLAND & ELLIS LLP**
                                 **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                 Edward O. Sassower, P.C. (admitted *pro hac vice*)
                                 Stephen E. Hessler, P.C. (admitted *pro hac vice*)
                                 Brian E. Schartz (admitted *pro hac vice*)
                                 Aparna Yenamandra (admitted *pro hac vice*)
                                 601 Lexington Avenue
                                 New York, New York 10022-4611
                                 Telephone:    (212) 446-4800
                                 Facsimile:    (212) 446-4900
                                 Email:        edward.sassower@kirkland.com
                                               stephen.hessler@kirkland.com
                                               brian.schartz@kirkland.com
                                               aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:       james.sprayregen@kirkland.com
             marc.kieselstein@kirkland.com
             chad.husnick@kirkland.com
             steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession