IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) **Re: D.I.7243, D.I.9908** |

## OMNIBUS ORDER AWARDING FINAL COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES

This matter coming before the Court on the requests for fees for final allowance of certain fees for services rendered, including holdbacks, and reimbursement of expenses incurred, as described on **Exhibit 1** hereto (the "**Subject Professional Fee Requests**") in accordance with the *Order Granting the Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement* entered December 7, 2015 [D.I. 7243] (the "**Settlement Order**") and the *Amended Order Confirming the Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 7285], pursuant to sections 503(b)(3), (4), or (5) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, which Subject Professional Fee Requests were submitted in accordance with the Settlement Order and the *Stipulation and Order Approving a Fee Committee* [D.I. 1896] (the "**Fee Committee Order**"); and the Court having reviewed the omnibus report filed by the Fee Committee (as such term is defined in the Fee Committee Order) with respect to each of the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Subject Professional Fee Requests (*see* D.I.9908); and the Fee Committee and requesting professionals (the "**Subject Professionals**") having engaged in discussions regarding the Subject Professional Fee Requests, in accordance with the Settlement Order, and determined that certain negotiated reductions (which in certain instances, included agreed fixed-percentage reductions) in the amount of such fees and expenses requested are the most expeditious means of resolving any objections by the Fee Committee thereto; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) notice of the Subject Professional Fee Requests and the hearing thereon was adequate under the circumstances; and (c) all parties with notice of the Subject Professional Fee Requests have been afforded the opportunity to be heard on the Subject Professional Fee Requests, and no objections having been filed; now therefore

IT IS HEREBY ORDERED THAT:

1. The Subject Professional Fee Requests are GRANTED on a final basis in the amounts set forth on **Exhibit 1** hereto.

2. Each Subject Professional is allowed, as reasonable fees and actual and necessary expenses, (a) final compensation for services rendered during the period subject to its Subject Professional Fee Request in the amount of the Fees Approved with respect to such Subject Professional as set forth on **Exhibit 1** hereto and (b) final reimbursement for expenses incurred during such period in the amount of the Expenses Approved with respect to such Subject Professional as set forth on **Exhibit 1** hereto, without prejudice to such Subject Professional's seeking payment by the Indenture Trustee[2] for the TCEH Unsecured Notes or the TCEH Second Lien Notes of, and such Indenture Trustee's payment of, the Fees Requested and

---

2 Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9421-1] (the "Plan").

Expenses Requested by such Subject Professional in excess of the Fees Approved and Expenses Approved with respect to such Subject Professional as set forth on **Exhibit 1** hereto as reasonable expenses incurred by such Indenture Trustee (which expenses include the reasonable expenses of such Indenture Trustee's counsel) from the money or property distributed to, and collected by, such Indenture Trustee, on behalf of the holders of the TCEH Unsecured Notes or the TCEH Second Lien Notes, as applicable, pursuant to the Plan or otherwise.

3. To the extent not already paid pursuant to the Settlement Order, each Subject Professional shall be paid 100 percent of the Fees Approved and 100 percent of the Expenses Approved with respect to such Subject Professional as set forth on **Exhibit 1** hereto from the TCEH Cash Payment Account (as defined in the *Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holding Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as It Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 9421]), and the Fees Requested and Expenses Requested by each Subject Professional in excess of the Fees Approved and Expenses Approved with respect to such Subject Professional as set forth on **Exhibit 1** hereto shall be distributed from the TCEH Cash Payment Account to the Indenture Trustee that employed such Subject Professional or whose counsel employed such Subject Professional.

Dated: July 10, 2017
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE