## SCHEDULE A – DOCUMENT REQUESTS
## CONCERNING PROPOSED SCHEDULING ORDER

### INSTRUCTIONS

1. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, as made applicable to this case under Rule 9016 of the Federal Rules of Bankruptcy Procedure, you are instructed to bring all documents in your possession, custody, or control as set forth below. "Control" is defined as the legal right to obtain documents upon demand and includes any documents held by your officers, employees, trustees, beneficiaries, attorneys, accountants, parents, subsidiaries, representatives, advisors, agents, and any other person whose actions you may direct with respect to these requests for production. You are therefore instructed to obtain the documents listed below if they are not currently in your possession.

2. Each request shall be construed independently and without reference to any other request. Limitations in one request shall not limit any other request.

3. A request for a document shall be deemed to include a request for all actual, proposed, or contemplated envelopes, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

4. A request for any document shall be deemed to include a request for all actual, proposed, or contemplated drafts or mark-ups thereof, revisions, modifications, or amendments thereto, and non-identical copies thereof, in addition to the document itself.

5. Documents shall be produced in their original file folders, or, in lieu thereof, any writing on the file folders from which documents are taken shall be copied and appended to such documents. Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond with each numbered paragraph of this request for

production in response to which such documents are being produced. If there is no document responsive to any particular request, please so state in writing.

6. If any of the requested documents were, but no longer are, in your possession or subject to your control, state whether such document: (a) is missing or lost, (b) has been destroyed, (c) has been transferred voluntarily or involuntarily to any other person or entity or (d) has been otherwise disposed of, and, in each instance, explain the circumstances surrounding the disposition thereof and provide a description of the nature, content, date, author(s) and recipient(s) of the document.

7. In the event that any document, or any portion of any document, within the scope of these requests for production is withheld from production upon a claim of privilege, work product, or for any other reason, a privilege log shall be created and served as required by Rule 45(d)(2)(A) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 9016 of the Federal Rules of Bankruptcy Procedure.

8. The relevant time period for this Subpoena, unless otherwise indicated, shall be from June 1, 2017 to the present.

9. This Subpoena seeks documents and testimony that may be relevant to the *Motion of the EFH/EFIH Debtors for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant To Chapter 11 Of The Bankruptcy Code*, and *The Elliott Funds' Motion to Adjourn Hearing on the Motion of the EFH/EFIH Debtors for Order Authorizing Entry into Merger Agreement and Approving Termination Fee*. The

requesting parties reserve all rights to seek additional documents and testimony in connection with subsequent phases of this proceeding.

## DEFINITIONS

The following definitions of terms apply to the document production requests contained herein. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. "Berkshire" means Berkshire Hathaway Energy Company and any current or former parents, subsidiaries, or affiliates thereof, and any current or former officer, director, partner, agent, employee, or attorney thereof.

2. "Berkshire Merger Agreement" means the Agreement and Plan of Merger, dated as of July 7, 2017, between Berkshire and the Debtors.

3. "Berkshire Transaction" means (i) the proposed merger between Berkshire and Debtors whereby Berkshire would acquire an approximately 80% ownership stake in Oncor and related transactions, as contemplated by the Berkshire Merger Agreement, and/or (ii) any other actual or potential Transaction by and among Berkshire and Debtors.

4. "Communication" means the transmittal of information in any form.

5. "Debtors" or "EFH/EFIH Debtors" means, collectively, Energy Future Intermediate Holding Company LLC ("EFIH") and Energy Future Holdings Corp. ("EFH"), and any of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

6. "Oncor" means Oncor Electric Delivery Company LLC, Oncor Electric Delivery Holdings Company LLC, and any current or former officer, director, partner, agent, employee, or attorney thereof.

## DOCUMENT REQUESTS

1. All investment committee memoranda, analyses, or presentations concerning the Berkshire Transaction, and any drafts thereof, from April 1, 2017 to the present.

2. All Communications with the Debtors, Oncor, or anyone acting on their behalf concerning (i) the timeline for approval of the Berkshire Merger Agreement or termination fee thereunder, and/or (ii) any milestones under the Berkshire Merger Agreement.

3. All drafts of the Berkshire Merger Agreement reflecting any actual or proposed changes or revisions to any termination, timeline, or milestone provision of such agreement, including without limitation any changes or revisions to provisions located in Sections 6.3 and 8.4 of the Berkshire Merger Agreement in its final form.

4. All Communications with the Debtors, Oncor, or anyone acting on their behalf concerning any request to extend, adjourn, or modify any of the timelines and/or milestones set forth in Sections 6.3 or 8.4 of the Berkshire Merger Agreement.

## SCHEDULE B - 30(b)(6) TOPICS
## CONCERNING PROPOSED SCHEDULING ORDER

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure and Rules 7030, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure, Berkshire is required to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf with respect to each of the subjects set forth below. In addition, Berkshire is requested to provide Elliott with written notice, at least one business day in advance of the deposition, of the name and employment position of the designee who consents to testify on behalf of Berkshire.

This Subpoena seeks testimony that may be relevant to the *Motion of the EFH/EFIH Debtors for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant To Chapter 11 of The Bankruptcy Code*, and *The Elliott Funds' Motion to Adjourn Hearing on the Motion of the EFH/EFIH Debtors for Order Authorizing Entry into Merger Agreement and Approving Termination Fee*. The requesting parties reserve all rights to seek additional testimony in connection with subsequent phases of this proceeding.

### MATTERS UPON WHICH EXAMINATION IS REQUESTED

1. The authenticity of the documents requested to be produced in Schedule A.[1]

2. The timeline for approval of the Berkshire Merger Agreement or termination fee thereunder and/or any milestones under the Berkshire Merger Agreement, including without

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to such terms in Schedule A.

- 1 -

- 2 -

limitation any Communications with the Debtors, Oncor, or anyone acting on their behalf concerning the foregoing.

3. Any actual or proposed changes to, or extensions, modifications or waivers of, any termination, timeline, or milestone provisions set forth in the Berkshire Merger Agreement, including without limitation any changes or revisions to provisions located in Sections 6.3 and 8.4 of the Merger Agreement in its final form.

4. Any request to extend, adjourn, or modify any of the timelines and/or milestones set forth in Sections 6.3 or 8.4 of the Merger Agreement, including without limitation any Communications with the Debtors, Oncor, or anyone acting on their behalf concerning the foregoing.