IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE<br>HOLDINGS CORP., *et al.*,<br><br>*Debtors*. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br>(Jointly Administered)<br><br>**Related D.I.:** 11506 |

**MOTION TO SHORTEN NOTICE REGARDING THE ELLIOTT FUNDS'
MOTION TO ADJOURN HEARING ON THE MOTION OF THE EFH/EFIH
DEBTORS FOR ORDER AUTHORIZING ENTRY INTO MERGER
AGREEMENT AND APPROVING TERMINATION FEE**

Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott" or the "Elliott Funds") respectfully move for entry of an order pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), substantially in the form of the proposed order attached hereto, to shorten the notice with respect to *The Elliott Funds' Motion To Adjourn Hearing On The Motion Of The EFH/EFIH Debtors For Order Authorizing Entry Into Merger Agreement And Approving Termination Fee* (the "Motion to Adjourn")[1] filed contemporaneously herewith. In support of this motion to shorten, Elliott respectfully states as follows:

**JURISDICTION**

1.      The Court has jurisdiction over this motion to shorten pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper

---
[1] Undefined capitalized terms used herein shall have the meanings set forth in the Motion to Adjourn.

{BAY:03088543v1}

pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and may be determined by this Court.  Pursuant to Local Rule 9013-1(f), Elliott consents to entry of a final order with respect to the motion to shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. The statutory bases for the relief requested herein are Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e).

## BACKGROUND

3. The relevant factual and procedural background is set forth in the Motion to Adjourn, which is incorporated herein.  In summary, the Motion to Adjourn requests that the Court adjourn the hearing for approval of the Berkshire Merger Agreement, including its $270 million Termination Fee, from the currently scheduled August 10, 2017 hearing for a period of 35 to 40 days (*i.e.*, until mid-September).  Similarly, in its objection to the Debtors' Plan Scheduling Motion[2] filed contemporaneously herewith, Elliott is also seeking a corresponding adjournment of the hearing on the Berkshire Disclosure Statement.

4. Elliott's objection to the scheduling of the hearing on the Berkshire Disclosure Statement will be heard at the currently scheduled July 26 hearing on the Plan Scheduling Motion.  Given the overlap of scheduling issues raised by Elliott's Motion to Adjourn and the Debtors' Plan Scheduling Motion, by this motion to shorten, Elliott

---

[2] *Motion of the EFH/EFIH Debtors for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 11425] (the "Plan Scheduling Motion").

{BAY:03088543v1}

requests that its Motion to Adjourn be heard at the same time as the July 26 hearing on the Debtors' Plan Scheduling Motion.

## RELIEF REQUESTED

5. Elliott seeks entry of an order (i) shortening notice of the hearing on the Motion to Adjourn so that the Court may consider the Motion to Adjourn at the same time as the hearing on Debtors' Plan Scheduling Motion set for July 26, 2017 at 10:00 a.m. (ET) (the "Hearing"), and (ii) setting a response deadline of July 24, 2017 at 4:00 p.m. (ET) for the Motion to Adjourn.

## BASIS FOR RELIEF REQUESTED

6. Local Rule 9006-1(c) provides that unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). Local Rule 9006-1(e) provides in pertinent part that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

7. Bankruptcy Rule 9006 provides that the Court may, for cause shown, reduce the period of time within which an act is required or allowed to be done. Fed. R. Bankr. P. 9006(c)(1).

8. Cause exists here justifying shortened notice with respect to the hearing on the Motion to Adjourn. The Motion to Adjourn requests that the Court adjourn the hearing on the approval of the Berkshire Merger Agreement and Termination Fee (presently set for August 10, 2017) for 35 to 40 days (*i.e.*, until mid-September), or as

soon thereafter as the Court determines is appropriate. Similarly, in its objection to the Debtors' Plan Scheduling Motion, which is already scheduled to be heard on July 26 (the same date as the requested Hearing), Elliott is requesting a corresponding adjournment of the hearing to approve the Berkshire Disclosure Statement. As set forth in more detail in the Motion to Adjourn, the requested adjournments are necessary to permit time for Elliott to raise $9.3 billion in capital to fund a creditor-led equitization plan, which will provide hundreds of millions of dollars in value above the value of the Berkshire transaction.

9. The scheduling matters raised by the Motion to Adjourn are related to and overlap with the issues raised by the Debtors' Plan Scheduling Motion, which is currently set for hearing on July 26, 2017. Elliott respectfully submits that the interests of judicial economy and the interests of these estates and their creditors will be best served by resolving all of these scheduling issues at the same hearing.

10. Further, no parties will be prejudiced by the relief requested herein. The Debtors have been on notice that Elliott would be seeking an adjournment of the hearing on the Berkshire Merger Agreement Motion. By letters dated July 11 and 15, Elliott requested that the Debtors agree to the requested adjournment, which the Debtors have refused. Accordingly, by the time of the requested Hearing on the Motion to Adjourn, the Debtors will have been on notice of the requested adjournment for fifteen days. Moreover, if this motion to shorten is not granted, the Motion to Adjourn would be heard at the next omnibus hearing on August 9, 2017, the day prior to the currently scheduled hearing on the Berkshire Merger Agreement Motion. Without expedited consideration, the parties would be required to prepare for a hearing on the Berkshire Merger Agreement Motion, including discovery on an expedited basis, while not knowing

whether the Berkshire Merger Agreement Motion would be heard on August 10 or adjourned as requested in the Motion to Adjourn. As such, granting this motion to shorten will assist the parties in addressing the overlapping scheduling issues raised by Elliott's Motion to Adjourn and the Debtors' Plan Scheduling Motion.

WHEREFORE, Elliott respectfully requests that the Court (a) enter an order substantially in the form annexed hereto approving the relief sought herein, and (b) grant such other and further relief as the Court may deem proper.

| | |
|---|---|
| Dated: July 19, 2017<br>Wilmington, Delaware | BAYARD, P.A.<br><br>*/s/ Evan T. Miller*<br>Scott D. Cousins (No. 3079)<br>Erin R. Fay (No. 5268)<br>Evan T. Miller (No. 5364)<br>222 Delaware Avenue, Suite 900<br>Wilmington, Delaware  19801<br>Phone: (302) 655-5000<br>Facsimile: (302) 658-6395<br>Email: scousins@bayardlaw.com<br>         efay@bayardlaw.com<br>         emiller@bayardlaw.com<br><br>-and- |
| ROPES & GRAY LLP<br>Andrew G. Devore<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA  02199-3600<br>Telephone: (617) 951-7000<br>Facsimile: (617) 951-7050<br>Email: Andrew.Devore@ropesgray.com | ROPES & GRAY LLP<br>Keith H. Wofford<br>Gregg M. Galardi<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>Telephone: (212) 596-9000<br>Facsimile: (212) 596-9090<br>Email: Keith.Wofford@ropesgray.com<br>         Gregg.Galardi@ropesgray.com<br><br>*Counsel to the Elliott Funds* |