IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket Nos. 11505, 11506 |

**JOINDER OF UMB BANK, N.A. TO (I) THE ELLIOTT FUNDS'
OBJECTION TO THE MOTION OF THE EFH/EFIH DEBTORS FOR ENTRY
OF AN ORDER SCHEDULING CERTAIN HEARING DATES AND DEADLINES AND
ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH CONFIRMATION
OF THE JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS
CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC, AND
THE EFH/EFIH DEBTORS PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY
CODE AND (II) THE ELLIOTT FUNDS' MOTION TO ADJOURN HEARING ON
THE MOTION OF THE EFH/EFIH DEBTORS FOR ORDER AUTHORIZING
ENTRY INTO MERGER AGREEMENT AND APPROVING TERMINATION FEE**

UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes Due 2018, by and through its undersigned counsel, hereby joins (the "Joinder"), as set forth herein, in (i) the Elliott Funds' objection to the Plan Scheduling Motion[2] (the "Scheduling Objection") [D.I. 11505] and (ii) the Elliott Funds' motion to adjourn the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2] The "Plan Scheduling Motion" means the *Motion of the EFH/EFIH Debtors for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 11425]. Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Elliott Pleadings.

hearing on the Merger Approval Motion[3] (the "Motion to Adjourn" and, together with the Scheduling Objection, the "Elliott Pleadings") [D.I. 11506].[4]

Pursuant to the Elliott Pleadings, Elliott requests a modest extension of certain dates sought by the Debtors in connection with plan confirmation and approval of the Berkshire Merger Agreement. Specifically, Elliott requests that (i) the hearings on the Merger Approval Motion and the Disclosure Statement be adjourned for 35-40 days and (ii) a limited number of discovery deadlines proposed in the Plan Scheduling Motion be modified ((i) and (ii), collectively, the "Adjournment Requests"). Notably, the Adjournment Requests do not seek to modify the October 24, 2017 confirmation date proposed by the Debtors in the Plan Scheduling Motion. Rather, Elliott merely seeks an extension of certain *interim* dates between now and October 24, 2017. As such, granting the Adjournment Requests would have no practical impact on the Debtors' ability to obtain confirmation of a plan on their timeline, by October 24, 2017.

Nor would granting the Adjournment Requests impact the Debtors' ability to obtain entry of a confirmation order by December 15, 2017, the date required under the Berkshire Merger Agreement (the "End-Date"). The Trustee is cognizant that the Berkshire Merger Agreement has certain intervening milestones before this End-Date that, if not met, would allow Berkshire to terminate the Berkshire Merger Agreement; specifically, among others, entry of an order approving the Merger Approval Motion by August 21, 2017 and approval of the Disclosure Statement by September 5, 2017. However, these milestones are just that – interim milestones that, if extended or waived, will not prejudice the Debtors' ability to obtain entry of a confirmation order by the End-Date. Accordingly, in granting the Adjournment Requests, the

---

[3] The "Merger Approval Motion" means the *Motion of the EFH/EFIH Debtors for Order Authorizing Entry Into Merger Agreement and Approving Termination Fee* [D.I. 11430].

[4] The Trustee also joins the Elliott Funds' motion to shorten the notice period with respect to the Motion to Adjourn [D.I. 11507].

Court should require Berkshire to extend or waive these interim milestones in order to give the Debtors the best chance of a successful exit from these chapter 11 cases.

In contrast to the harmless impact that *granting* the Adjournment Requests would have on the Debtors and Berkshire, and as detailed in the Elliott Pleadings, *denying* the Adjournment Requests would have a *material* and *negative* impact on Elliott's efforts to propose an alternative plan – a plan that, if successful, has the potential to provide the EFIH Unsecured Creditors with significantly increased recoveries in the hundreds of millions of dollars above what is expected under the Berkshire Merger Agreement.  Given the current posture of these cases, where the EFIH Unsecured Creditors are expected to receive, at best, an 18% recovery under the Berkshire Transaction (in contrast to the upwards of 80% expected under the now-defunct February 2017 confirmed plan), the Debtors should be doing everything possible to assist Elliott, and any other interested parties, to formulate an actionable transaction that has the potential to increase recoveries to EFIH Unsecured Creditors over and above what is proposed in the Berkshire Merger Agreement.

Accordingly, for the reasons set forth herein, the Trustee hereby files this Joinder in support of the Adjournment Requests and requests that the Court grant the relief requested in the Elliott Pleadings and such other and further relief as this Court deems just and proper.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| Dated: July 19, 2019<br>Wilmington, Delaware | By:   */s/ Raymond H. Lemisch*<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>Raymond H. Lemisch (No. 4204)<br>919 Market Street, Suite 1000<br>Wilmington, DE 19801<br>Tel: (302) 426-1189<br>Fax: (302) 426-9193<br>E-mail: rlemisch@klehr.com |

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira S. Dizengoff (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone:   (212) 872-1000
Facsimile:    (212) 872-1002
Email:          idizengoff@akingump.com
                     aqureshi@akingump.com

Scott L. Alberino (admitted *pro hac vice*)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone:   (202) 887-4000
Facsimile:    (202) 887-4288
Email:          salberino@akingump.com

*-and-*

**FOLEY & LARDNER LLP**
Harold L. Kaplan (admitted *pro hac vice*)
Mark F. Hebbeln (admitted *pro hac vice*)
Lars A. Peterson (admitted *pro hac vice*)
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Tel: (312) 832-4500
Fax: (312) 832-4700
Email: hkaplan@foley.com
           mhebbeln@foley.com
           lapeterson@foley.com

Barry G. Felder (admitted *pro hac vice*)
Jonathan H. Friedman (admitted *pro hac vice*)
90 Park Avenue
New York, NY 10016
Tel: (212) 682-7474
Fax: (212) 687-2329
E-mail: bgfelder@foley.com
            jfriedman@foley.com

*Co-Counsel for UMB BANK, N.A., as Trustee*