# Exhibit 1

**Liquidation Analysis**

## I.    Overview

Energy Future Holdings Corp. ("EFH Corp.") and certain of its affiliated direct and indirect debtor subsidiaries (collectively, the "Debtors"), with the assistance of their restructuring, legal, and financial advisors, have prepared this hypothetical liquidation analysis (this "Liquidation Analysis") in connection with the Plan and the EFH Disclosure Statement.[1] This Liquidation Analysis indicates the estimated recoveries that may be obtained by Classes of Claims and Interests pursuant to a hypothetical liquidation under chapter 7 of the Bankruptcy Code upon disposition of the Debtors' assets as an alternative to the Plan. Accordingly, asset values discussed herein may be different than amounts referred to in the Plan. The Liquidation Analysis is based upon the assumptions discussed herein.

The Liquidation Analysis has been prepared assuming that the Debtors convert their cases from chapter 11 cases to chapter 7 cases on December 31, 2017 (the "Liquidation Date"). The book values referenced herein are as of March 31, 2017 (unless otherwise noted), and are assumed to be representative of the Debtors' assets and liabilities as of the Liquidation Date. The Liquidation Analysis was prepared on a legal entity basis and summarized accordingly for:

a.    Energy Future Intermediate Holding Company LLC ("EFIH") and EFIH Finance Inc. (collectively, the "EFIH Debtors"); and

b.    EFH Corp. and certain of its subsidiaries other than the TCEH Debtors, the EFIH Debtors, and EFH Corporate Services (collectively, the "EFH Debtors").[2]

The Liquidation Analysis represents an estimate of recovery values and percentages based upon a hypothetical liquidation of the Debtors as if a chapter 7 trustee(s) (the "Trustee") was appointed by the Bankruptcy Court to convert assets into cash. The determination of the hypothetical proceeds from the liquidation of assets is a highly uncertain process involving the extensive use of estimates and assumptions, which, although considered reasonable by the Debtors and the Debtors' advisors, are inherently subject to significant business, economic, and competitive uncertainties and contingencies beyond the control of the Debtors. In instances where assumptions and/or methodologies had to be utilized with regard to developing estimates or presenting the treatment of assets and claims that could potentially benefit one Class of Claims as compared to the alternative, an attempt was made to utilize an assumption that was equitable to both Secured Claims as well as Unsecured Claims.

---

[1]    Capitalized terms used but not otherwise defined in this Liquidation Analysis have the meanings ascribed to such terms in the *Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 11427] (as may be modified, amended, or supplemented from time to time, the "EFH Disclosure Statement").

[2]    The EFH Debtors are: (a) Ebasco Services of Canada Limited; (b) EEC Holdings, Inc.; (c) EECI, Inc.; (d) EFH Australia (No. 2) Holdings Company; (e) EFH Finance (No. 2) Holdings Company; (f) EFH FS Holdings Company; (g) EFH Renewables Company LLC; (h) Energy Future Holdings Corp.; (i) Generation Development Company LLC; (j) LSGT Gas Company LLC; (k) LSGT SACROC, Inc.; (l) NCA Development Company LLC; and (m) TXU Receivables Company.

**NEITHER THE DEBTORS NOR THEIR ADVISORS MAKE ANY REPRESENTATION OR WARRANTY THAT THE ACTUAL RESULTS OF A LIQUIDATION OF THE DEBTORS WOULD OR WOULD NOT APPROXIMATE THE ASSUMPTIONS REPRESENTED HEREIN. ACTUAL RESULTS COULD VARY MATERIALLY.**

The Liquidation Analysis envisions the orderly liquidation by the Trustee of substantially all of the Debtors' assets (including interests in certain non-Debtor Affiliates) over a six-month period (eight-month period for EFIH Debtors) beginning with the Liquidation Date, followed by a wind-down of the chapter 7 estates over an additional 12-month period (the "Estate Wind-Down").

The Liquidation Analysis does not consider the discounting over time of asset values and creditor recoveries, which would likely result in significantly lower recoveries to Holders of Claims and Interests than those estimated recoveries presented in the Liquidation Analysis.

## II.    Purpose of Analysis.

The Liquidation Analysis is required to be included in the EFH Disclosure Statement for the purpose of evaluating whether the Plan satisfies the best interests of creditors test under section 1129(a)(7) of the Bankruptcy Code.

Section 1129(a)(7) of the Bankruptcy Code requires that each holder of an impaired allowed claim or interest must either:

- accept the plan; or

- receive or retain under the plan property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of the Bankruptcy Code.

### A.    Overview of Analytical Approach.

Except where noted, the Liquidation Analysis was developed from the Debtors' consolidating legal entity balance sheets, as of March 31, 2017, and represents the Debtors' current estimates for asset recovery in a liquidation. Balance sheet amounts presented are intended to be a proxy for actual balances on the date of a hypothetical liquidation with the exception of certain asset and liability balance sheet accounts that are based on forecasted or other alternative balances as of the Liquidation Date where appropriate (the "Liquidation Balances").

Chapter 7 liquidation adjustments include trustee fees and professional fees.

The Liquidation Analysis concludes with a presentation of the overall estimated range of recoveries in a liquidation based on the distribution of the net proceeds of the liquidation in accordance with the claims waterfall required under chapter 7 of the Bankruptcy Code (super-priority claims, secured claims, chapter 11 priority/administrative claims, and general unsecured claims in accordance with the classifications of Claims and Interests under the Plan).

2

B.    **Liquidation Process.**

The Debtors' business liquidation would be conducted in a chapter 7 environment with the Trustee managing the Estates to maximize recovery in an expedited process. The Trustee's first step would be to develop a liquidation plan to generate proceeds from the sale of entity specific assets for distribution to creditors. The three major components of the liquidation are as follows:

- generation of cash proceeds from asset sales;

- costs related to the orderly liquidation of the business; and

- distribution of net proceeds to claimants.

1.    **Generation of Cash Proceeds from Assets.**

The Liquidation Analysis process begins by determining the amounts of proceeds that would be generated from a hypothetical chapter 7 liquidation. The Trustee would be required to:

- sell or otherwise monetize the assets owned by the Debtors to one or multiple buyers, which may include (a) sales of logical asset groups, (b) sales on a going-concern basis (where possible), or (c) other sales of assets on a piecemeal basis;

- determine the amount of net proceeds generated by the Estates during the period from conversion to sale closing;

- reconcile each Class of Claims asserted against the Estates to determine the amount of Allowed Claims per Class; and

- distribute net cash proceeds generated from the sale of the Estates' assets in accordance with the absolute priority rule.

2.    **Costs to Liquidate the Business and Administer the Estates Under Chapter 7 (Liquidation Adjustments).**

The gross amount of cash available from a liquidation would be the sum of proceeds from the disposition of the EFH Debtors' and EFIH Debtors' assets and cash held by the EFH Debtors and EFIH Debtors at the time of the commencement of the chapter 7 cases. This amount would be adjusted by the following amounts: trustee, professional, and other administrative fees.

3.    **Distribution of Net Proceeds to Claimants.**

Any available net proceeds would be allocated to Holders of Claims against, and Interests in, the EFH Debtors and EFIH Debtors in strict priority in accordance with section 726 of the Bankruptcy Code:

- <u>Super-Priority Secured Claims</u> - includes outstanding balances owed under the EFIH First Lien Debtor-in-Possession ("<u>DIP</u>") financing facility;

- <u>Secured Claims</u> - includes Claims arising under the EFH Debtors' and EFIH Debtors' secured credit facilities;

- <u>Chapter 11 Administrative & Priority Claims</u> - includes Claims for post-petition accounts payable, post-petition accrued expenses, Claims arising under section 503(b)(9) of the Bankruptcy Code, and certain Unsecured Claims entitled to priority under section 507 of the Bankruptcy Code;

- <u>General Unsecured Claims</u> - includes Claims arising under the EFH Debtors' and EFIH Debtors' non-secured long-term debt, non-priority debt, including prepetition trade payables, prepetition intercompany trade debt, and various other unsecured liabilities; and

- <u>Interests</u> - includes Interests in the EFH Debtors and EFIH Debtors.

**III.    Summary of Estimated Net Proceeds Methodology and Other Assumptions.**

**A.    Cash.**

Cash at the EFH Debtors and EFIH Debtors is based on the cash balance as of March 31, 2017, adjusted for the projected change in cash from March 31, 2017 to December 31, 2017. All projected cash and equivalents on hand are considered to be recoverable at 100%.

**B.    Accounts Receivable.**

Accounts Receivable balances are based on balances as of March 31, 2017. Net accounts receivable amounts reflect estimates for an allowance for doubtful accounts to eliminate accounts receivable that may not be recoverable. The Liquidation Analysis assumes that efforts to recover Accounts Receivable will lead to recoveries between 75% and 100%.

**C.    Inventory.**

No inventory value at EFH Debtors or EFIH Debtors.

**D.    Property, Plant, & Equipment.**

Property, plant, and equipment at the EFH Debtors and the EFIH Debtors consist primarily of certain land and building assets that are not expected to have much value in a liquidation. The Liquidation Analysis assumes recoveries of between 25 to 75% for these assets.

### E.     Commodity and Hedging and Trading Assets.

No commodity and hedging and trading asset value at EFH Debtors or EFIH Debtors.

### F.     Intangible Asset Valuations.

No intangible asset value at EFH Debtors or EFIH Debtors.

### G.     Tax Assets and Tax Consequences of a Liquidation.

Pursuant to the Tax Matters Agreement ("TMA"), Reorganized TCEH has the ability to seek injunctive relief to prevent a taxable disposition of EFH Corp./EFIH's indirect interest in Oncor within two years of the spin-off of TCEH, unless certain specific requirements are satisfied (i.e., Reorganized TCEH consents to such disposition or a private letter ruling or a will-level tax opinion is obtained to the effect that such disposition would not cause the spin-off of Reorganized TCEH to be taxable). As a result, this liquidation analysis assumes that there is not a taxable disposition of the interest in Oncor, even in a chapter 7 liquidation. There is, however, a risk that a chapter 7 liquidation would involve a taxable disposition of EFH/EFIH's interests in Oncor. In the event of a taxable disposition of EFH Corp./EFIH's interests in Oncor, without regard to any implications with respect to the spin-off of TCEH, such taxable disposition would result in a multi-billion-dollar administrative tax liability that, if allowed, would reduce and potentially eliminate any distribution to junior creditors. The Debtors see no basis on which such claim would not be allowed against EFH Corp. and EFH Corp.'s subsidiaries taxed as corporations, and the IRS or other parties in interest could attempt to impose liability (through a variety of theories) with respect to such tax claim on EFH Corp.'s subsidiaries that are not currently taxed as corporations, including EFIH.

### H.     Prepaid and Other Assets.

The Liquidation Analysis assumes recoveries of between 5% and 10% for prepaid and other assets.

### I.     Intercompany Balances Owed.

For the EFH Debtors, recovery of intercompany claim amounts owed from certain Debtors and non-Debtors have not been considered in this analysis as (a) pre-Settlement Agreement intercompany claims have been settled pursuant to the Settlement Agreement and the contribution of EFH Corporate Services to Reorganized TCEH on the TCEH Effective Date eliminates the majority of the remaining EFH Debtor to EFH Debtor post-Settlement Agreement intercompany claims. For the EFIH Debtors, recovery of intercompany claim amounts owed from certain Debtors and non-Debtors have not been considered in this analysis as pre-Settlement Agreement intercompany claims have been settled pursuant to the Settlement Agreement. Certain intercompany claim amounts were settled as provided in the TCEH Settlement Claim, and are considered in this analysis.

**J.** **Investments.**

The value of investments at the EFH Debtors primarily consists of certain investment assets held in various rabbi trust supporting non-qualified benefit plans, including the supplemental employee retirement plan, salary deferral program and split dollar trust.

The value of investments at the EFIH Debtors consists of EFIH's 80% indirect ownership interests in Oncor. The Liquidation Analysis includes the value of this interest as represented in the Merger Agreement assuming the value realized in a liquidation would be consistent with the value of the interest if it continued to be held by an entity taxed as a "C corporation" under federal tax law. The enterprise value assumed for Oncor is $18.1 billion, resulting in net equity value of the indirect ownership interest in Oncor held by EFIH of $9.0 billion after adjusting for Oncor net debt of $6.9 billion, and the 20% Oncor minority ownership interest.[3]

The Debtors continue to analyze the value of Reorganized EFH and Reorganized EFIH under the Plan. The Debtors' ultimate determination with respect to such transactions or analyses may provide additional information that informs the estimate of the value of this interest in a liquidation. For the avoidance of doubt, the Debtors reserve the right to amend or otherwise modify this Liquidation Analysis to reflect such new information in a manner that may materially affect this estimated value.

**K.** **Summary of Estimated Liquidation Adjustments.**

<u>Professional Fees</u>: A rate up to 1.0% of gross liquidation proceeds is assumed for professional fee expenses. Professional fee rates are based on a review of recent large-case comparable analyses.

<u>Trustee Fees</u>: Based on section 326 of Bankruptcy Code, Trustee fees are calculated at 1.0% of all gross liquidation proceeds in excess of $1 million (for convenience the same rate was calculated on amounts under $1 million). Under the Bankruptcy Code, however, such Trustee fees could be as high as 3.0% of all gross liquidation proceeds.

**L.** **Estimated Claim Amounts.**

In preparing the Liquidation Analysis, as the Debtors' reconciliation of filed proofs of claims is ongoing and uncertain, the Debtors have estimated an amount of Allowed Claims for each Class based upon a review of the Debtors' balance sheets as of March 31, 2017, adjusted as discussed herein. As a result of this ongoing claims reconciliation process, which is discussed in Section IV.P.4 of the EFH Disclosure Statement, the Debtors currently expect the amount of Allowed Claims to generally correspond to the amounts set forth on the Debtors' balance sheets, but there can be no assurances that this convergence will occur. Subject to the following paragraphs, the estimate of all Allowed Claims in the Liquidation Analysis is based on the par value of those Claims on the Debtors' balance sheets.

---

[3]    After the Effective Date, Reorganized TCEH became the sponsor of the EFH Retirement Plan and a successor of Oncor Electric became the sponsor of the Oncor Retirement Plan.

The Debtors have reserved all rights regarding the allowance of the NEE Termination Fee. The estimated recoveries set forth in the EFH Disclosure Statement and this Liquidation Analysis assume that the NEE Termination Fee does *not* become due and payable by any of the EFH/EFIH Debtors. To the extent the EFH/EFIH Debtors are determined to be liable for the NEE Termination Fee, satisfaction of such fee would result in a reduction of recoveries for certain Holders of Allowed Unsecured Claims at the EFH Debtors and/or the EFIH Debtors. As described in greater detail in Section VIII.A.7, because the EFH/EFIH Debtors are jointly and severally liable for the NEE Termination Fee, if any, each of EFH Corp. and EFIH bears risk that it may ultimately pay up to 100% of the NEE Termination Fee.

Accordingly, the actual amount of Allowed Claims could be materially different from the amount of Allowed Claims estimated in the Liquidation Analysis. The estimate of the amount of Allowed Claims set forth in the Liquidation Analysis should not be relied upon for any other purpose, including any determination of the value of any distribution to be made on account of Allowed claims under the Plan.

Additionally, there are previously included claims that have been transferred out of EFH or EFIH entities due to the emergence of the TCEH Debtors and the EFH Shared Services Debtors on the TCEH Effective Date and are no longer relevant to this Liquidation Analysis.

### M.    Cash Collateral Assumptions.

The Liquidation Analysis assumes no superpriority administrative expense claims are Allowed on account of any Diminution in Value (as defined in the 2017 EFIH First Lien DIP Order) ("Diminution in Value Claims"). If Diminution in Value Claims are Allowed, the recoveries set forth in the Liquidation Analysis for all other Holders of Claims and Interests junior to such Diminution in Value Claims would be reduced.

### N.    Claims Settlement.

The Liquidation Analysis reflects entry of the *Order Granting the Motion of Energy Future Holdings Corp.*, et al., *to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement* [D.I. 7243] (the "Settlement Order"), which resolved the intercompany, lien, and other litigation that is discussed in Section V.H.1 of the EFH Disclosure Statement, and that is embodied in the Plan, which settlement resulted in, among other things, TCEH receiving the TCEH Settlement Claim, which is an Allowed Claim in the amount of $700 million. Recoveries on account of the TCEH Settlement Claim are subject to the TCEH Settlement Claim Turnover Distribution, if any (and in an amount not to exceed $37.8 million). The right to receive recoveries under the TCEH Settlement Claim was distributed to Holders of Allowed TCEH First Lien Claims under the TCEH Plan Pursuant to Section E of the Settlement Order, the Settlement Order is "final, binding, and effective on all parties in interest in the Debtors' Chapter 11 Cases (including any subsequently appointed chapter 11 or chapter 7 trustee or any representative . . .)." Settlement Order, ¶ E.

The Liquidation Analysis also reflects entry of the *Order Approving the EFIH Settlement by and Among the Debtors, Certain Holders of EFIH First Lien Note Claims, Certain Holders of EFIH Second Lien Note Claims, and Certain Holders of EFIH Unsecured Note Claims*

[D.I. 11048] (the "EFIH Secureds Settlement Approval Order"), which approved the settlement of claims asserted by Holders of the EFIH First Lien Notes and the EFIH Second Lien Notes that is discussed in Section I.C.1.G of the EFH Disclosure Statement.  Pursuant to paragraph 7 of the EFIH Secureds Settlement Approval Order, the settlements "remain in full force and effect" and the parties to the EFIH Secureds Settlement remain bound by the terms therein.

### O.    Avoidance Actions.

The Liquidation Analysis does not include any estimates for recovery in a liquidation by the Trustee on account of avoidance actions or other Causes of Action because the deadline to commence such actions has passed.

### P.    EFIH First Lien DIP Facility, EFIH First Lien Note Claims, and EFIH Second Lien Note Claims.

EFIH First Lien DIP Claims have been adjusted to reflect the 2017 EFIH First Lien DIP Credit Agreement and the 2017 EFIH First Lien DIP Order, which refinanced the Original EFIH First Lien DIP Facility (approved by the Bankruptcy Court on a final basis in June 2014) and upsized the Original EFIH First Lien DIP Facility to $6.3 billion.

Proceeds from the 2017 EFIH First Lien DIP Facility were used to repay (a) all of the Allowed EFIH First Lien Note Claims, except certain fee claims and potential indemnification claims that remain outstanding; and (b) certain Allowed fee claims of the EFIH Second Lien Notes Trustee.  The Allowed EFIH Second Lien Note Claims include principal, prepetition interest, postpetition interest (at contract rate), makewhole claims, and interest on makewhole claims, consistent with the EFIH Secureds Settlement Approval Order approved by the Bankruptcy Court in March 2017.

## IV.    Conclusion.

**BASED ON THIS HYPOTHETICAL LIQUIDATION ANALYSIS VERSUS THE IMPLIED REORGANIZATION VALUE UNDER THE PLAN, THE DEBTORS' PLAN SATISFIES THE REQUIREMENTS OF SECTION 1129(A)(7) OF THE BANKRUPTCY CODE.**

Upon application of the above assumptions and estimates, the assumed recoveries for the EFH Debtors and EFIH Debtors are summarized in the following tables.

8

**EFH Debtors**[4]

The estimated net proceeds available for distribution to Holders of Claims against and Interests in the EFH Debtors in a hypothetical liquidation (assuming the interest in Oncor is not disposed of in a taxable disposition) are assumed to have a range of between $368 million and $371 million, with a mid-point of $369 million. Recoveries to Holders of Claims and Interests by Plan Class are included in the table below.

| Class | Name of Class Under Plan | Description of Class | Percentage Recovery Under the Plan | Recovery Under Hypothetical Liquidation - Low | Recovery Under Hypothetical Liquidation – High |
|---|---|---|---|---|---|
| N/A | Administrative Claims[5] | Holders of Allowed Administrative Claims against any EFH Debtor | 100% | 97.8% | 97.8% |

---

[4]    For ease of illustration and comparison with the estimated recoveries pursuant to the Plan, the estimated liquidation recoveries and proceeds waterfall are shown by Debtor grouping.  The Liquidation Analysis also demonstrates that the best interests test is satisfied on an entity-by-entity basis by Debtor as will be established to the extent necessary in connection with the Confirmation process.  For the avoidance of doubt, neither the Plan nor the Liquidation Analysis contemplates the substantive consolidation of any of the Estates. Additionally, should the NEE Termination Fee be allowed as an Administrative Claim, the distributable value and subsequent recovery to junior creditors at the EFH/EFIH Debtors could be further reduced depending on the final allocation of the amount of the NEE Termination Fee between those entities.  As described above, the Debtors have reserved all rights regarding the allowance of the NEE Termination Fee.

[5]    In addition, as a result of the Debtor grouping with respect to the EFH Debtors, there may be some instances where certain entities within the EFH Debtors' group cannot satisfy their Administrative Claims and other entities within the EFH Debtors' group can satisfy their Administrative Claims.  In the case of the latter, the satisfaction of such Administrative Claims means that there may be residual value available in a hypothetical liquidation to satisfy unsecured claims asserted against the EFH Debtors as a group.

| Class | Name of Class Under Plan | Description of Class | Percentage Recovery Under the Plan | Recovery Under Hypothetical Liquidation - Low | Recovery Under Hypothetical Liquidation – High |
|---|---|---|---|---|---|
| N/A | Deconsolidation Tax Claims | Holders of Deconsolidation Tax Claims against any EFH Debtor | N/A | N/A | N/A |
| N/A | Priority Tax Claim | Holders of any Priority Tax Claim against any EFH Debtor | 100% | 100.0% | 100.0% |
| A1 | Other Secured Claims Against the EFH Debtors[6] | Holders of Allowed Other Secured Claims Against the EFH Debtors | 100% | 100.0% | 100.0% |
| A2 | Other Priority Claims Against the EFH Debtors | Holders of any Allowed Other Priority Claims Against the EFH Debtors | 100% | N/A | N/A |
| A3 | Legacy General Unsecured Against EFH Debtors | Any Claims against the EFH Debtors arising from liabilities based on asbestos exposure and post-employment benefits relating to discontinued operations of the Debtors | 100% | 9.2% | 9.3% |

---

[6]     In a liquidation, Holders of EFIH First Lien Note Claims might assert an entitlement to additional amounts under section 506(b) of the Bankruptcy Code for reasonable fees, costs, or charges provided under applicable agreements not reflected in the Claim amounts assumed for the purposes of the Liquidation Analysis.

10

| Class | Name of Class Under Plan | Description of Class | Percentage Recovery Under the Plan | Recovery Under Hypothetical Liquidation - Low | Recovery Under Hypothetical Liquidation – High |
|---|---|---|---|---|---|
| A4 | EFH Legacy Note Claims | Any Claim derived from or based upon the EFH Legacy Notes | 17% | 15.7% | 15.8% |
| A5 | EFH Unexchanged Note Claims | Any Claim derived from or based upon the EFH Unexchanged Notes | 100.0% | 100.0% | 100.0% |
| A6 | EFH LBO Note Primary Claims | Any Claim against EFH Corp. derived from or based upon the EFH LBO Notes | 17% | 15.7% | 15.8% |
| A7 | EFH Swap Claims | Any Claim against EFH Corp. derived from or based upon certain swaps entered into on an unsecured basis | 17% | 15.7% | 15.8% |

11

| Class | Name of Class Under Plan | Description of Class | Percentage Recovery Under the Plan | Recovery Under Hypothetical Liquidation - Low | Recovery Under Hypothetical Liquidation – High |
|---|---|---|---|---|---|
| A8 | EFH Non-Qualified Benefit Claims | Any Claim against the EFH Debtors derived from or based upon either: (a) a non-contributory, non-qualified pension plan and/or (b) a contributory, non-qualified defined contribution plan | 100% | 94.4% | 94.4% |
| A9 | General Unsecured Claims Against EFH Corp. | Any Unsecured Claim against EFH Corp. that is not otherwise paid in full pursuant to an order of the Bankruptcy Court, excluding intercompany claims against EFH Corp., Other Priority Claims against EFH Corp., DIP Claims, and Claims included in Class A3, A4, A5, A6, A7, and A8 | 100% | 100.0% | 100.0% |
| A10 | General Unsecured Claims Against the EFH Debtors Other than EFH Corp. | Any Unsecured Claim against one or more of the EFH Debtors other than EFH Corp. that is not otherwise paid in full pursuant to an order of the Bankruptcy Court, excluding Administrative Claims, Intercompany Claims, Other Priority Claims, DIP Claims, and Claims included in Class A3 and A8 | 17% | 0.0% | 0.0% |

| Class | Name of Class Under Plan | Description of Class | Percentage Recovery Under the Plan | Recovery Under Hypothetical Liquidation - Low | Recovery Under Hypothetical Liquidation – High |
|---|---|---|---|---|---|
| A11 | TCEH Settlement Claim | The Claim of TCEH, in an amount equal to the amount of the EFH Corp. Claims Pool, up to $805 million | 12% | 10.5% | 10.6% |
| A12 | EFH Debtor Intercompany Claims | Claims held by one EFH Debtor against another EFH Debtor | 0%/100% | 0.0% | 0.0% |
| A13 | Non-EFH Debtor Intercompany Claims | Claims held by Debtors other than the EFH Debtors against the EFH Debtors | 0% | 0.0% | 0.0% |
| A14 | Interests in the EFH Debtors Other Than EFH Corp | Interests in the EFH Debtors other than EFH Corp. | 0%/100% | 0.0% | 0.0% |
| A15 | Interest in EFH Corp. | Interests in EFH Corp. that existed as of the Petition Date | 0% | 0.0% | 0.0% |

RLF1 17853421v.1

**EFIH Debtors**[7]

The estimated net proceeds available for distribution to Holders of Claims against, and Interests in, the EFIH Debtors (assuming the interest in Oncor is not disposed of in a taxable disposition or, if a taxable disposition were to occur, the EFIH Debtors would not be liable for any part of such liability) in a hypothetical liquidation are assumed to have a range of between $9.14 billion and $9.24 billion, with a mid-point of $9.17 billion.  Recoveries to Holders of Claims and Interests by Plan Class are included in the table below.

| Class | Name of Class Under Plan | Description of Class | Percentage Recovery Under the Plan | Recovery Under Hypothetical Liquidation - Low | Recovery Under Hypothetical Liquidation – High |
|-------|--------------------------|----------------------|-----------------------------------|----------------------------------------------|-----------------------------------------------|
| N/A | Administrative Claims | Holders of Allowed Administrative Claims against any EFIH Debtor | 100% | 100.0% | 100.0% |

_____

[7]    For ease of illustration and comparison with the estimated recoveries pursuant to the Plan, the estimated liquidation recoveries and proceeds waterfall are shown by Debtor grouping.  The Liquidation Analysis also demonstrates that the best interests test is satisfied on an entity-by-entity basis by Debtor as will be established to the extent necessary in connection with the Confirmation process.  For the avoidance of doubt, (a) neither the Plan nor the Liquidation Analysis contemplates the substantive consolidation of any of the Debtors' estates and (b) the estimated recovery to Holders of Allowed general unsecured Claims against EFIH Finance Inc. is zero under the Liquidation Analysis. Additionally, should the NEE Termination Fee be allowed as an Administrative Claim, the distributable value and subsequent recovery to junior creditors at the EFH/EFIH Debtors could be further reduced depending on the final allocation of the amount of the NEE Termination Fee between those entities.  As described above, the Debtors have reserved all rights regarding the allowance of the NEE Termination Fee.

14

| Class | Name of Class Under Plan | Description of Class | Percentage Recovery Under the Plan | Recovery Under Hypothetical Liquidation - Low | Recovery Under Hypothetical Liquidation – High |
|---|---|---|---|---|---|
| N/A | Deconsolidation Tax Claims | Holders of Deconsolidation Tax Claims against any EFIH Debtor | N/A | N/A | N/A |
| N/A | Priority Tax Claim | Holders of any Priority Tax Claim against any EFIH Debtor | 100% | N/A | N/A |
| B1 | Other Secured Claims Against the EFIH Debtors | Holders of Allowed Other Secured Claims Against the EFIH Debtors | 100% | N/A | N/A |
| B2 | Other Priority Claims Against the EFIH Debtors | Holders of any Allowed Other Priority Claims Against the EFIH Debtors | 100% | N/A | N/A |
| B3 | EFIH First Lien Note Claim[8] | Holders of Allowed EFIH First Lien Note Claims, if any, which, following the EFIH First Lien Repayment, shall be composed solely of certain fee and indemnification claims included in the Allowed EFIH First Lien Note Claim | 100% | N/A | N/A |
| B4 | EFIH Second Lien Note Claim[9] | Holders of Allowed EFIH First Second Note Claims | 100% | 100.0% | 100.0% |

---

[8] In a liquidation, Holders of EFIH First Lien Note Claims might assert an entitlement to additional amounts under section 506(b) of the Bankruptcy Code for reasonable fees, costs, or charges provided under applicable agreements not reflected in the Claim amounts assumed for the purposes of the Liquidation Analysis.

RLF1 17853421v.1

| Class | Name of Class Under Plan | Description of Class | Percentage Recovery Under the Plan | Recovery Under Hypothetical Liquidation - Low | Recovery Under Hypothetical Liquidation – High |
|---|---|---|---|---|---|
| B5 | EFH LBO Note Guaranty Claims | Any Claim against EFIH derived from or based upon the EFH LBO Notes | 18% | 7.6% | 13.0% |
| B6 | General Unsecured Claims Against the EFIH Debtors | Any Unsecured Claim against one or more of the EFH Debtors that is not otherwise paid in full pursuant to an order of the Bankruptcy Court, including the EFIH Unsecured Note Claims and any Unsecured Claims derived from or based upon the EFIH First Lien Notes or EFIH Second Lien Notes, but excluding: (a) EFH LBO Note Guaranty Claims, (b) Administrative Claims, (c) Priority Tax Claims, (d) Intercompany Claims, (e) Other Priority Claims, and (f) DIP Claims | 18% | 7.6% | 13.0% |
| B7 | EFIH Debtor Intercompany Claims | Claims held by an EFIH Debtor against another EFIH Debtor | 0%/100% | 0.0% | 0.0% |

---

[9]  In a liquidation, Holders of EFIH Second Lien Note Claims might assert an entitlement to additional amounts under section 506(b) of the Bankruptcy Code for reasonable fees, costs, or charges provided under applicable agreements not reflected in the Claim amounts assumed for the purposes of the Liquidation Analysis.

| Class | Name of Class Under Plan | Description of Class | Percentage Recovery Under the Plan | Recovery Under Hypothetical Liquidation - Low | Recovery Under Hypothetical Liquidation – High |
|---|---|---|---|---|---|
| **B8** | Non-EFIH Debtor Intercompany Claims | Claims held by any Debtor other than an EFIH Debtor against the EFIH Debtors | 0% | 0.0% | 0.0% |
| **B9** | Interests in EFIH | Interests in each EFIH Debtor | 100% | 0.0% | 0.0% |
| **B10** | Interests in EFIH Finance | Interests in EFIH Finance | 0% | 0.0% | 0.0% |

17

## **EXHIBIT 1**

**EFH PROCEEDS WATERFALL**

**Total EFH Summary**

($ in millions)

| Assets | Notes | 03/31/17 Net Book Value | Adjustments | Liquidation Balance | Recovery Estimate % Low | Middle | High | Recovery Estimate $ Low | Middle | High |
|---|---|---|---|---|---|---|---|---|---|---|
| **Gross Liquidation Proceeds:** | | | | | | | | | | |
| Cash | [A] | 342 | 21 | 362 | 100% | 100% | 100% | 362 | 362 | 362 |
| Accounts Receivable | [B] | 7 | (7) | - | 0% | 0% | 0% | - | - | - |
| Inventory | [C] | - | - | - | 0% | 0% | 0% | - | - | - |
| Property, Plant & Equipment | [D] | 3 | (1) | 2 | 25% | 50% | 75% | 0 | 1 | 1 |
| Commodity and Derivative Assets | [E] | - | - | - | 0% | 0% | 0% | - | - | - |
| Intangibles / Intellectual Property | [F] | - | - | - | 0% | 0% | 0% | - | - | - |
| Other Assets | [G] [H] | 150 | (145) | 4 | 5% | 8% | 10% | 0 | 0 | 0 |
| Intercompany Balances Owed | [I] | 4,553 | (4,553) | - | 0% | 0% | 0% | - | - | - |
| Investments | [J] | (168) | 181 | 13 | 100% | 100% | 100% | 13 | 13 | 13 |
| Total Assets | | 4,886 | (4,504) | 382 | 99% | 99% | 99% | 376 | 377 | 377 |

| | | | | | Rates Low | Middle | High | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **Less: Liquidation Adjustments** | | | | | | | | | | |
| Professional Fees | [K] | | | | 1.0% | 0.8% | 0.5% | (4) | (3) | (2) |
| Ch. 7 Trustee Fees | [K] | | | | 1.0% | 1.0% | 1.0% | (4) | (4) | (4) |
| Total Liquidation Adjustments | | | | | | | | (8) | (7) | (6) |

**Net Liquidation Proceeds Available for Distribution to Creditors (ex. Avoidance Actions)**     368   370   371

| | | Claims Low | Middle | High | % Recovery Low | Middle | High | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Net Liquidation Proceeds | | | | | | | | 368 | 370 | 371 |
| Plus: Recovery on Avoidance Actions | [N][O] | | | | | | | - | - | - |
| **Total Net Liquidation Proceeds (Incl. Avoidance Actions)** | | | | | | | | **368** | **370** | **371** |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Class A1 - Other Secured Claims Against EFH Debtors | [L] | 0 | 0 | 0 | 100.0% | 100.0% | 100.0% | 0 | 0 | 0 |
| **Less: Admin / Priority Claims** | | | | | | | | | | |
| Administrative Claims | [L] | 72 | 72 | 72 | 97.8% | 97.8% | 97.8% | 71 | 71 | 71 |
| Priority Tax Claims | [L] | 71 | 71 | 71 | 100.0% | 100.0% | 100.0% | 71 | 71 | 71 |
| Priority Tax Claims (Deconsolidation Tax) | [G][L] | - | - | - | 0.0% | 0.0% | 0.0% | - | - | - |
| Class A2 - Other Priority Claims Against EFH Debtors | [L] | - | - | - | 0.0% | 0.0% | 0.0% | - | - | - |
| **Total Admin / Priority Claims** | | **143** | **143** | **143** | | | | 142 | 142 | 142 |
| **Less: General Unsecured Claims** | | | | | | | | | | |
| Admin / Priority Claims (Deficiency Claim) | [L] | 2 | 2 | 2 | 0.0% | 0.0% | 0.0% | - | - | - |
| Class A3 - Legacy General Unsecured Claims Against EFH Debtors | [L] | 38 | 38 | 38 | 9.2% | 9.2% | 9.3% | 4 | 4 | 4 |
| Class A4 - EFH Legacy Note Claims | [L][N] | 599 | 599 | 599 | 15.7% | 15.8% | 15.8% | 94 | 94 | 95 |
| Class A5 - EFH Unexchanged Note Claims | [L] | 6 | 6 | 6 | 100.0% | 100.0% | 100.0% | 6 | 6 | 6 |
| Class A6 - EFH LBO Note Primary Claims | [L] | 58 | 58 | 58 | 15.7% | 15.8% | 15.8% | 9 | 9 | 9 |
| Class A7 - EFH Swap Claims | [L] | 16 | 16 | 16 | 15.7% | 15.8% | 15.8% | 3 | 3 | 3 |
| Class A8 - EFH Non-Qualified Benefit Claims | [L] | 38 | 38 | 38 | 94.4% | 94.4% | 94.4% | 36 | 36 | 36 |
| Class A9 - General Unsecured Claims Against EFH Corp. | [L] | 2 | 2 | 2 | 100.0% | 100.0% | 100.0% | 2 | 2 | 2 |
| Class A10 - General Unsecured Claims Other than EFH Corp. | [L] | - | - | - | 0.0% | 0.0% | 0.0% | - | - | - |
| Class A11 - Tex-La Guaranty Claim | [L] | - | - | - | 0.0% | 0.0% | 0.0% | - | - | - |
| Class A12 - TCEH Settlement Claim | [N] | 700 | 700 | 700 | 10.5% | 10.6% | 10.6% | 73 | 74 | 74 |
| Class A13 - EFH Debtor Intercompany Claims | [I][L][N] | - | - | - | 0.0% | 0.0% | 0.0% | - | - | - |
| Class A14 - Non-EFH Debtor Intercompany Claims | [I][L][N] | - | - | - | 0.0% | 0.0% | 0.0% | - | - | - |
| Class A15 - Interests in the EFH Debtors Other Than EFH Corp. | [L] | - | - | - | 0.0% | 0.0% | 0.0% | - | - | - |
| Class A16 - Interests in EFH Corp. | [L] | - | - | - | 0.0% | 0.0% | 0.0% | - | - | - |
| **Total General Unsecured Claims** | | **1,459** | **1,459** | **1,459** | | | | 226 | 227 | 228 |

## **EXHIBIT 2**

**EFIH PROCEEDS WATERFALL**

EFIH Summary

*($ in millions)*

| Assets | Notes | 09/30/16 Net Book Value | Adjustments | Liquidation Balance | Potential Recovery Recovery Estimate % Low | Middle | High | Recovery Estimate $ Low | Middle | High |
|---|---|---|---|---|---|---|---|---|---|---|
| **Gross Liquidation Proceeds:** | | | | | | | | | | |
| Cash | [A] | 289 | 41 | 330 | 100% | 100% | 100% | 330 | 330 | 330 |
| Accounts Receivable | [B] | - | - | - | 0% | 0% | 0% | - | - | - |
| Inventory | [C] | - | - | - | 0% | 0% | 0% | - | - | - |
| Property, Plant & Equipment | [D] | - | - | - | 0% | 0% | 0% | - | - | - |
| Commodity and Derivative Assets | [E] | - | - | - | 0% | 0% | 0% | - | - | - |
| Intangibles / Intellectual Property | [F] | - | - | - | 0% | 0% | 0% | - | - | - |
| Other Assets | [G] [H] | 60 | (60) | 1 | 5% | 8% | 10% | 0 | 0 | 0 |
| Intercompany Balances Owed | [I] | - | - | - | 0% | 0% | 0% | - | - | - |
| Investments | [J] | 6,225 | 2,775 | 9,000 | 100% | 100% | 100% | 9,000 | 9,000 | 9,000 |
| Total Assets | | 6,574 | 2,756 | 9,330 | 100% | 100% | 100% | 9,330 | 9,330 | 9,330 |

| **Less: Liquidation Adjustments** | | | | | Rates Low | Middle | High | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Professional Fees | [K] | | | | 1.0% | 0.8% | 0.5% | (93) | (70) | - |
| Ch. 7 Trustee Fees | [K] | | | | 1.0% | 1.0% | 1.0% | (93) | (93) | (93) |
| Total Liquidation Adjustments | | | | | | | | (187) | (163) | (93) |

| **Net Liquidation Proceeds Available for Distribution to Creditors (ex. Avoidance Actions)** | | | | | | | | 9,143 | 9,166 | 9,236 |
|---|---|---|---|---|---|---|---|---|---|---|

| | | Claims Low | Middle | High | % Recovery Low | Middle | High | Low | Middle | High |
|---|---|---|---|---|---|---|---|---|---|---|
| **Less: Superpriority Carve-Out Claims** | [L] | 25 | 25 | 25 | 100.0% | 100.0% | 100.0% | 25 | 25 | 25 |
| Remaining Amount Available for Distribution | | | | | | | | 9,118 | 9,141 | 9,211 |
| **Less: EFIH First Lien DIP Claims** | [L][P] | 6,300 | 6,300 | 6,300 | 100.0% | 100.0% | 100.0% | 6,300 | 6,300 | 6,300 |
| Remaining Amount Available for Distribution | | | | | | | | 2,818 | 2,841 | 2,911 |
| **Less: Class B1 - Other Secured Claims Against EFIH Debtors** | [L] | - | - | - | 0.0% | 0.0% | 0.0% | - | - | - |
| Remaining Amount Available for Distribution | | | | | | | | 2,818 | 2,841 | 2,911 |
| **Less: Class B3 - EFIH First Lien Note Claim** | [L][P] | - | - | - | 0.0% | 0.0% | 0.0% | - | - | - |
| Remaining Amount Available for Distribution | | | | | | | | 2,818 | 2,841 | 2,911 |
| **Less: Class B4 - EFIH Second Lien Note Claim** | [P] | 2,589 | 2,589 | 2,589 | 100.0% | 100.0% | 100.0% | 2,589 | 2,589 | 2,589 |
| Remaining Amount Available for Distribution | | | | | | | | 229 | 252 | 322 |
| Plus: Recovery on Avoidance Actions | [N][O] | | | | | | | - | - | - |
| Adjusted Remaining Amount Available for Distribution | | | | | | | | 229 | 252 | 322 |
| **Less: Admin / Priority Claims** | | | | | | | | | | |
| Administrative Claims | [L][M] | 99 | 99 | 99 | 100.0% | 100.0% | 100.0% | 99 | 99 | 99 |
| Priority Tax Claims | [L] | - | - | - | 0.0% | 0.0% | 0.0% | - | - | - |
| Priority Tax Claims (Deconsolidation Tax) | [G][L] | - | - | - | 0.0% | 0.0% | 0.0% | - | - | - |
| Class B2 - Other Priority Claims Against EFIH Debtors | [L] | - | - | - | 0.0% | 0.0% | 0.0% | - | - | - |
| **Total Admin / Priority Claims** | | **99** | **99** | **99** | | | | 99 | 99 | 99 |
| Remaining Amount Available for Distribution | | | | | | | | 130 | 153 | 223 |
| **Less: General Unsecured Claims** | | | | | | | | | | |
| Class B3 - EFIH First Lien Note Claim (Deficiency Claim) | [L] | - | - | - | 0.0% | 0.0% | 0.0% | - | - | - |
| Class B4 - EFIH Second Lien Note Claim (Deficiency Claim) | [L] | - | - | - | 0.0% | 0.0% | 0.0% | - | - | - |
| Admin / Priority Claims (Deficiency Claim) | [L] | - | - | - | 0.0% | 0.0% | 0.0% | - | - | - |
| Class B5 - EFH LBO Note Guaranty Claims | [L] | 64 | 64 | 64 | 7.6% | 8.9% | 13.0% | 5 | 6 | 8 |
| Class B6 - General Unsecured Claims Against EFIH Debtors | [L] | 1,656 | 1,656 | 1,656 | 7.6% | 8.9% | 13.0% | 125 | 148 | 215 |
| Class B7 - EFIH Debtor Intercompany Claims | [I][L][N] | - | - | - | 0.0% | 0.0% | 0.0% | - | - | - |
| Class B8 - Non-EFIH Debtor Intercompany Claims | [I][L][N] | - | - | - | 0.0% | 0.0% | 0.0% | - | - | - |
| Class B9 - Interests in EFIH Debtors | [L] | - | - | - | 0.0% | 0.0% | 0.0% | - | - | - |
| Class B10 - Interests in EFIH Finance | [L] | - | - | - | 0.0% | 0.0% | 0.0% | - | - | - |
| **Total General Unsecured Claims** | | **1,720** | **1,720** | **1,720** | | | | 130 | 153 | 223 |
| Remaining Amount Available for Distribution | | | | | | | | - | - | - |