# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF DEPOSITION OF ELLIOTT ASSOCIATES, L.P., ELLIOTT INTERNATIONAL, L.P., AND THE LIVERPOOL LIMITED PARTNERSHIP PURSUANT TO FED. R. CIV. P. 30(b)(6) IN CONNECTION WITH THE DEBTORS' MOTION TO APPROVE THE BHE MERGER AGREEMENT

**TO:**  Bayard, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704

**PLEASE TAKE NOTICE** that, pursuant to rules 26 and 30 of the Federal Rules of Civil Procedure—as made applicable to these proceedings by rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 7026-1, 7026-2, and 7030-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware—the above-captioned debtors and debtors in possession (collectively, the "Debtors"), through their attorneys, will, in connection with the *Motion of the EFH/EFIH Debtors for Order Authorizing Entry into Merger Agreement and Approving Termination Fee*, dated July 7, 2017 [D.I. 11430], take the deposition upon oral examination of a

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

designee or designees of Elliott Associates, L.P., Elliott International, L.P., and The Liverpool

Limited Partnership (collectively, "Elliott"), **on August 4, 2017 beginning at 10:00 a.m.**

**(Eastern Daylight Time) or such other date and time agreed upon by counsel**, at the office

of Kirkland & Ellis LLP, 601 Lexington Ave., New York, NY 10022.  The deposition will take

place before a court reporter and will be recorded by stenographic means, and shall continue

from day to day until it has been completed.

   **PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Bankruptcy Rules 7030 and

9014 and Federal Rule of Civil Procedure 30(b)(6), Elliott must designate one of more persons to

testify on its behalf with regard to all matters known or reasonably available to it on the matters

set forth on **Schedule A** attached hereto.  The Debtors request that Elliott provide, as soon as

reasonably possible, a written designation of the name(s) and position(s) of the persons who

consent to testify on behalf of Elliott.

*[Remainder of page intentionally left blank.]*

RLF1 17855038v.1

Dated:  July 20, 2017
Wilmington, Delaware

/s/ Jason M. Madron

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York,  NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

-and-

Mark E. McKane, P.C. (admitted *pro hac vice*)
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

*Co-Counsel to the Debtors and Debtors in Possession*

## SCHEDULE A

## RULE 30(b)(6) DEPOSITION TOPICS[2]

1.       Elliott's holdings in the Debtors' capital structure and Elliott's efforts to acquire such holdings, including any review, analysis, or evaluation of any information provided to or requested by Elliott or any of its representatives in connection with such acquisition or potential acquisition, including Elliott's investment thesis.

2.       Elliott's Communications, negotiations, and/or proposals regarding any debtor-in-possession financing facility, Alternative Transaction, or other transaction involving Elliott and the Debtors, including proposed financing thereof.

3.       The EFIH PIK PSA and/or the Amended EFIH PIK PSA, the nature of those obligations, and the Debtors' waivers of certain provisions thereof.

4.       Confidentiality agreements considered, negotiated, executed, and/or terminated by Elliott, its advisors, and/or potential financing sources (including any joinders thereto), since April 15, 2017.

5.       The "presentation for potential financing partners" referenced in paragraph 19 the *The Elliott Funds' Motion to Adjourn Hearing on the Motion of the EFH/EFIH Debtors for Order Authorizing Entry into Merger Agreement and Approving Termination Fee* [D.I. 11506], or any other presentation to potential financing sources, including but not limited to EFH/EFIH Restructuring and Debt Capital Needs Update presentation.

6.       Statements in *The Elliott Funds' Motion to Adjourn Hearing on the Motion of the EFH/EFIH Debtors for Order Authorizing Entry into Merger Agreement and Approving Termination Fee* [D.I. 11506] that "Elliott has also received in-bound expressions of interest

---

[2]       Unless expressly indicated otherwise, the time period for these Topics shall be March 31, 2017 to present.

from multiple strategic bidders following the announcement of the Berkshire transaction" and

"Elliott is confident that it will be able to have committed financing for the equitization plan by

early September."

7.    Elliott's efforts to secure regulatory approval from the IRS in connection with an

Alternative Transaction.

8.    Elliott's efforts to secure regulatory approval from the PUCT in connection with

an Alternative Transaction, including Elliott's proposed regulatory commitments and

Communications with Oncor, the PUCT, PUCT Staff, OPUC, the Steering Committee of Cities

Served by Oncor, Texas Industrial Energy Consumers, and the Texas Attorney General.

9.    Statements in the letter dated July 11, 2017 from Gregg M. Galardi to Chad J.

Husnick that "the PUCT staff advised Elliott that it would accept the proposed equitization plan,

subject to setting the terms out in a formal agreement" and "[t]here is no challenge unique to the

equitization plan that the PUCT staff has identified that stands in the way of that transaction

being consummated before year-end."

10.    Elliott's valuation of the Berkshire Transaction.

11.    Elliott's valuation of any Alternative Transaction.

12.    Communications, whether direct or indirect, with news organizations (including

but not limited to print, television, and Internet-based outlets such as Bloomberg L.P.) regarding

the EFIH PIK PSA, the Amended EFIH PIK PSA, the Berkshire Transaction, any Alternative

Transaction (including Elliott's efforts to secure financing, creditor support, and IRS and PUCT

approval thereof), and any other matter in the Chapter 11 Cases.

**DEFINITIONS**

The definitions set forth below are to be construed in the broadest sense with reference to all applicable rules.

1.      "Alternative Transaction" means any actual or potential transaction for the direct or indirect sale or other disposition of EFIH's interest in Oncor that has been considered, contemplated, or developed since October 1, 2016 as an alternative to any and all transactions or plans of reorganization proposed by the Debtors in these Chapter 11 Cases (including any standalone plan of reorganization, any transaction by which a party other than NextEra or Berkshire seeks to acquire any portion of the Debtors' direct or indirect economic interest in Oncor, or any transaction that is conditioned or premised on an equitization).

2.      "Amended EFIH PIK PSA" means that certain plan support agreement, as amended or modified on January 19, 2017, entered into by the EFH Debtors, the EFIH Debtors, the EFIH Unsecured Notes Trustee, and the EFIH Supporting Unsecured Creditors, originally dated January 2, 2017.

3.      "And" and "Or," whether capitalized or not, are intended as terms of inclusion, and not exclusion, and should be construed both disjunctively and conjunctively so as to bring within the scope of the requests specified above and information which might otherwise be considered to be outside of their scope.

4.      "Berkshire" means Berkshire Hathaway Energy Company.

5.      "Berkshire Transactions" means the Agreement and Plan of Merger by and among Berkshire Hathaway Energy Company, O.E. Merger Sub Inc., O.E. Merger Sub II, LLC, O.E. Merger Sub III, LLC, Energy Future Intermediate Holding Company LLC, and Energy Future Holdings Corp., dated as of July 7, 2017 [D.I. 11430-2].

6.      "Communication" means any contact whatsoever or any transmission or exchange of words, numbers, ideas, opinions, thoughts, concepts, graphs, symbols, images, or other information, emotion, feeling, or sentiment, whether complete or partial.  Any request for communication includes all attachments and links contained in an electronic communication.

7.      "Chapter 11 Cases" means the chapter 11 cases, commenced by the Debtors in the United States Bankruptcy Court for the District of Delaware on April 29, 2014.

8.      "Document," whether capitalized or not, means any recording of information in whatever form, including, but not limited to, memoranda, correspondence, personal notes, spreadsheets, databases, work papers, telephone logs, calendars, plan books, diaries, journals and daily records of activity, drawings, graphs, charts, maps, photographs, video and/or audio recordings and other data compilations from which information can be obtained or translated (with or without the use of detection devices), including electronic files, records, and archives. For purpose of these requests, a document which is a copy of another document is intended to be separately requested if the copy differs in any way by virtue of any changes, additions, redactions, annotations, or recipients.

9.      "EFH/EFIH Restructuring and Debt Capital Needs Update" means that certain presentation disclosed by Elliott on July 10, 2017 and any versions thereof.

10.      "EFIH PIK PSA" means that certain plan support agreement entered into by the EFH Debtors, the EFIH Debtors, the EFIH Unsecured Notes Trustee, and the EFIH Supporting Unsecured Creditors, on January 2, 2017.

11.      "Elliott" means Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership and any or all of their agents, advisors, employees,

representatives, staff, attorneys, and all other persons or entities acting on their behalf or under their control, including but not limited to Moelis & Company LLC.

12.     "Including," whether capitalized or not, shall mean including, but not limited to. Phrases following the term "including" are not intended to be exhaustive of the topics or information sought and shall not in any way be read to limit the scope of the requests specified above.

13.     "IRS" means the Internal Revenue Service.

14.     "NextEra" means NextEra Energy, Inc.

15.     "Oncor" means Oncor Electric Delivery Holdings Company LLC and its direct and indirect subsidiaries.

16.     "OPUC" means the Texas Office of Public Utility Counsel.

17.     "PUCT" means the Public Utility Commission of Texas.

18.     "PUCT Staff" means the Staff of the Public Utility Commission of Texas.

19.     "Regarding," whether capitalized or not, shall mean concerning, referring to, relating to, evidencing, explaining, constituting, or comprising.

20.     "Steering Committee of Cities Served by Oncor" means that certain group of Oncor customers represented by Lloyd Gosselink Rochelle & Townsend, P.C.

21.     "Texas Attorney General" means the Office of the Attorney General of the State of Texas.

22.     "Texas Industrial Energy Consumers" means that certain group of Oncor customers represented by Thompson & Knight LLP.

23.     "You" or "Your," whether capitalized or not, means the party responding to these discovery requests, including any agents, representatives or any person with any ownership

interest thereof, or other persons acting, or purporting to act on behalf or under the control of the

party responding to these discovery requests.