# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

555 California Street
San Francisco, California 94104

Mark McKane, P.C.
To Call Writer Directly:
(415) 439-1473
mark.mckane@kirkland.com

(415) 439-1400

www.kirkland.com

Facsimile:
(415) 439-1500

July 21, 2017

**By eFiling and Hand Delivery**

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re:   *In re Energy Future Holdings Corp.* (14-10979) (CSS)

Dear Judge Sontchi:

I write on behalf of the Debtors to request the Court's guidance regarding the scope of the July 26th hearing. As the Court is aware, two scheduling-related matters are noticed. First, the Debtors seek entry of an order setting certain confirmation-related dates and protocols.[1] Second, Elliott has moved to adjourn the August 10th hearing regarding the Debtors' entry into a merger agreement with Berkshire Hathaway Energy Company ("BHE").[2]

At the July 26th hearing, the Debtors understand that Elliott intends to call a witness from Moelis & Company LLC ("Moelis"), its newly retained financial advisor, to testify regarding Elliott's efforts to obtain financing for an alternative transaction. The Debtors respectfully submit that such testimony is unnecessary and would result in a premature and duplicative hearing on the same issues that are properly preserved for the merger agreement hearing itself.

As an initial matter, the Court's consideration of Elliott's efforts to secure financing for an alternative transaction—and, more generally, present an actionable alternative—is an issue for the merger agreement hearing itself. The July 26th scheduling hearing should not be a premature

---

[1]   *See Motion of the EFH/EFIH Debtors for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 11425].

[2]   *See The Elliott Funds' Motion to Adjourn Hearing on the Motion of the EFH/EFIH Debtors for Order Authorizing Entry into Merger Agreement and Approving Termination Fee* [D.I. 11506].

## KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
July 21, 2017
Page 2

mini-trial on those issues. There is no need to waste resources of the Debtors' estates and this Court with duplicative evidentiary presentations.[3]

Live witness testimony, especially the anticipated Moelis testimony, will not aid the Court's resolution of scheduling issues because the four core facts that will inform the Court's decision are undisputed. **First**, the Merger Agreement contains milestones, including a deadline to obtain Court approval of the merger agreement by August 21, 2017. No party disputes the existence of the milestones or that the proposed adjournment would cause the Debtors to trip those milestones. **Second**, it is undisputed that Elliott does not currently have financing commitments for any proposed alternative transaction. **Third**, regardless of the nature or number of any inbound expressions of interest, Elliott cannot *guarantee* that it will ever be able to obtain the necessary financing commitments (and certainly cannot guarantee that they can do so by August 10th). **Fourth**, it is undisputed that Elliott does not yet have regulatory support for any potential alternative transaction, nor can Elliott *guarantee* they will be able to obtain regulatory support.

In contrast to the speculative nature of any alternative transaction proposed by Elliott, the merger agreement reflects committed financing and significant progress toward regulatory approvals. Asking the Debtors to trip the milestones for a potential alternative transaction that offers no guarantees—and is, at this time, only speculative—is inconsistent with the Debtors' obligation to maximize value to the estates. It is premature to evaluate the status of Elliott's proposed alternative financing when Elliott will make the same arguments at the merger agreement hearing. Moreover, live witness testimony, and in particular the anticipated Moelis testimony, is unlikely to further facilitate the Court's decision on the pending scheduling motions. At the same time, testimony regarding Elliott's efforts with respect to an alternative transaction would require significant cross-examination and rebuttal testimony and risk a mini-trial on matters that are fully (and properly) reserved for August 10th.

The Debtors look forward to discussing the scope of the July 26th hearing with the Court at today's telephonic hearing scheduled for 2:00 p.m. (EDT).

         Sincerely,

         */s/ Mark McKane, P.C.*

         Mark McKane, P.C.

---

[3] The Debtors and their creditors have come before this Court on a number of occasions to present argument related to confirmation schedules. While those schedules were typically contested, the disputes did not require live testimony.