# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Steven E. Sletten
Direct: +1 213.229.7505
Fax: +1 213.229.6505
SSletten@gibsondunn.com

July 21, 2017

<u>VIA E-FILING AND ELECTRONIC MAIL</u>

The Honorable Christopher S. Sontchi
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re:     *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (CSS)

Dear Judge Sontchi:

      I write on behalf of Berkshire Hathaway Energy Company ("BHE") regarding two subpoenas served Wednesday, July 19, by Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott"). The subpoenas purport to require BHE to produce four categories of documents and make available a Fed. R. Civ. P. 30(b)(6) witness this coming Monday, July 24, 2017. (*Attached as Exhibits 1 and 2.*) Elliott contends that the documents and testimony "may be relevant to the Motion of the EFH/EFIH Debtors for Entry of an Order Scheduling Certain Hearing Dates and Deadlines . . ." scheduled for July 26, 2017. Elliott asks BHE to comply with discovery demands on less than three business days' notice for purposes of the scheduling motion. Elliott's demands are frivolous, procedurally improper, and unreasonably burdensome under the circumstances. BHE respectfully requests that the Court quash Elliott's July 19, 2017 discovery demands.[1]

      *First*, no good cause has been shown or exists to require expedited discovery in anticipation of next week's scheduling hearing. The relief being sought at the scheduling hearing is the Debtors' proposed discovery and briefing schedule with respect to the plan and confirmation process. The Court will not be asked to address the merits of the merger agreement between BHE and the Debtors, nor will it be required to assess the confirmability of the plan currently on file. Indeed, Elliott, just yesterday, served and filed its Objections to the debtors' scheduling motion, and its corresponding Motion to Adjourn the schedule proposed, in anticipation of next week's July 26 hearing without the need for discovery from BHE. This is not surprising—the Court's decision on whether to adopt the debtors' proposed schedule and other governing protocols and procedures should not turn on any possible disputed fact susceptible to discovery. And even if it did, Elliott has been on notice

---

[1] On July 19, 2017, within two hours of receiving Elliott's discovery demands, the undersigned requested to meet and confer with Elliott's counsel about the discovery that had been served. It is noteworthy that Elliot served duplicative discovery on the debtor the day before but scheduled that response for August 1. Counsel met and conferred and were not able to resolve the present dispute hence the need for intervention by the Court.

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

regarding next week's scheduling hearing since July 7, 2017, *almost two weeks ago*, but waited until the very last minute to serve its discovery demands.

*Second*, Elliott's subpoenas are untimely and fail to comply with basic procedural requirements and due process. Rule 45 of the Federal Rules of Civil Procedure requires a court to quash or modify a subpoena that "fails to allow a reasonable time to comply." In complex cases, federal courts routinely hold that notice of less than fourteen days is unreasonable. *See, e.g., United States v. Phillip Morris Inc.*, 312 F. Supp. 2d 27, 36-37 (D.D.C. 2004) ("notice of three business days, especially to busy litigators . . . does not constitute 'reasonable notice.'"); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) (10 days unreasonable in a complex antitrust case); *Tri Invs., Inc. v. Aiken Cost Consultants, Inc.*, 2011 WL 5330295, at *2 (W.D.N.C. Nov. 7, 2011) (six days' notice not reasonable for fact witness in construction case); *Memorial Hospice, Inc. v. Norris*, 2008 WL 4844758, at * 1 (N.D. Miss. Nov. 5, 2008) (for nonparty fact witness, eight days' notice of deposition not reasonable); *In re Rule 45 Subpoena Issued to Cablevision Systems Corp. Regarding IP Address 69.120.35.31*, 2010 WL 2219343 at *5 (E.D.N.Y. Feb. 5, 2010) (seven days' notice/five business days' notice not sufficient). In the bankruptcy context, one court held that three days' notice "before the production deadline" was insufficient and resulted in a "procedurally defective" subpoena. *In re Forest Grove, LLC*, 448 BR 379 (Bankr. D. S.C. 2011). And in regards to Elliott's deposition notice, in addition to the Rule 45 requirements, Rule 30(b)(1) requires "reasonable written notice" of a deposition. "Reasonable notice" is defined by the Court's Local Rules as "not . . . less than seven (7) days" "[u]nless otherwise ordered by the Court." Bankr. D. Del. R. 7030-1(b).

Elliott's own representations to the Court make clear that its three-business-day emergency deadline is utterly unreasonable. For example, in the Objections just filed, Elliott proposes that that the Debtors be provided with 34 days to produce documents (Objections, ¶ 10) and refers to "12 days to review produced documents" as a "very short time period," (Objections, ¶¶ 9, 11). Elliot's request that BHE gather, review, and analyze for privilege four categories of documents by this Monday *and* produce a company witness prepared to testify about such categories is (using Elliot's words) "particularly unfair" and "problematic." *See e.g.,* Objections, ¶¶ 9, 10.

*Third*, compliance with Elliott's extremely rushed deadline is burdensome and will result in unnecessary and avoidable costs. The parties involved with this complex bankruptcy proceeding are faced with multiple deadlines and issues to resolve over the next days and weeks and the proverbial "fire drill" presented by Elliot's belated untimely discovery requests was and is avoidable. BHE understands that discovery will be served in this matter in advance of any final hearing on the merits, and that the parties will be addressing discovery on a reasonably expedited basis. This discovery is, however, unnecessary, premature, duplicative and by its very nature a form of harassment.

Respectfully submitted,

Steven E. Sletten

Enclosures