# **EXHIBIT 2**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | ) ) ) |  Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) ) ) ) | Case No. 14-10979 (CSS) (Jointly Administered) |
| *Debtors*. | ) ) ) |  |

## NOTICE OF DEPOSITION OF BERKSHIRE HATHAWAY ENERGY COMPANY PURSUANT TO FED. R. CIV. P. 30(b)(6)

**TO:**  Berkshire Hathaway Energy Company, c/o Counsel.

| | |
|---|---|
| Daniel B. Denny, Esq. | William E. Chipman |
| Jeffrey C. Krause, Esq. | Chipman Brown Cicero & Cole, LLP |
| Michael S. Neumeister, Esq. | Hercules Plaza |
| Steven E. Sletten, Esq. | 1313 North Market Street, Suite 5400 |
| Gibson, Dunn & Crutcher LLP | Wilmington, Delaware 19801 |
| 333 South Grand Avenue | |
| Los Angeles, California 90071-3197 | |

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, as made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Practice and Procedure for United State Bankruptcy Court for the District of Delaware, Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott" or the "Elliott Funds"), by their counsel of record, will take the deposition upon oral examination of Berkshire Hathaway Energy Company ("Berkshire").  The deposition will begin at 9:00AM CT to be completed by 11:30AM CT on July 24, 2017 at 206 6th Avenue, Suite 200, Des Moines, IA, or such other mutually agreed upon location.  The testimony will be recorded by stenographic and audiovisual means and will continue from day to day until completed.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Federal Rules of Bankruptcy Procedure 7030 and Federal Rule of Civil Procedure 30(b)(6), Berkshire must designate one or more persons to testify on their behalf with regard to all matters known or reasonably available to them on the matters set forth in **Schedule B** attached hereto.  The Elliott Funds request that Berkshire provide, as soon as reasonably possible, a written designation of the name(s) and position(s) of the persons who consent to testify on behalf of Berkshire.

Date:  July 19, 2017
       Wilmington, DE

BAYARD, P.A.

*/s/ Evan T. Miller*
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
Evan T. Miller (No. 5364)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
E-mail:scousins@bayardlaw.com
      efay@bayardlaw.com
      emiller@bayardlaw.com

  --and--

ROPES & GRAY LLP
Keith H. Wofford
Gregg M. Galardi
D. Ross Martin
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: 212-596-9000
Facsimile:  212-596-9090
Email: Keith.Wofford@ropesgray.com
    Gregg.Galardi@ropesgray.com
    Ross.Martin@ropesgray.com

*Counsel to The Elliott Funds*

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re _____
                          Debtor

*(Complete if issued in an adversary proceeding)*

_____
                          Plaintiff

                          v.

_____
                          Defendant

Case No. _____

Chapter _____

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____
*(Name of person to whom the subpoena is directed)*

☐ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The deposition will be recorded by this method: Testimony will be recorded by stenographer before an officer duly authorized by law to take testimony and administer oaths.

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

        CLERK OF COURT

                                        OR

_____                _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ ,  who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A – DOCUMENT REQUESTS
## CONCERNING PROPOSED SCHEDULING ORDER

### INSTRUCTIONS

1.      Pursuant to Rule 45 of the Federal Rules of Civil Procedure, as made applicable to this case under Rule 9016 of the Federal Rules of Bankruptcy Procedure, you are instructed to bring all documents in your possession, custody, or control as set forth below.  "Control" is defined as the legal right to obtain documents upon demand and includes any documents held by your officers, employees, trustees, beneficiaries, attorneys, accountants, parents, subsidiaries, representatives, advisors, agents, and any other person whose actions you may direct with respect to these requests for production.  You are therefore instructed to obtain the documents listed below if they are not currently in your possession.

2.      Each request shall be construed independently and without reference to any other request.  Limitations in one request shall not limit any other request.

3.      A request for a document shall be deemed to include a request for all actual, proposed, or contemplated envelopes, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

4.      A request for any document shall be deemed to include a request for all actual, proposed, or contemplated drafts or mark-ups thereof, revisions, modifications, or amendments thereto, and non-identical copies thereof, in addition to the document itself.

5.      Documents shall be produced in their original file folders, or, in lieu thereof, any writing on the file folders from which documents are taken shall be copied and appended to such documents.  Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond with each numbered paragraph of this request for

- 1 -

production in response to which such documents are being produced.  If there is no document responsive to any particular request, please so state in writing.

6.      If any of the requested documents were, but no longer are, in your possession or subject to your control, state whether such document: (a) is missing or lost, (b) has been destroyed, (c) has been transferred voluntarily or involuntarily to any other person or entity or (d) has been otherwise disposed of, and, in each instance, explain the circumstances surrounding the disposition thereof and provide a description of the nature, content, date, author(s) and recipient(s) of the document.

7.      In the event that any document, or any portion of any document, within the scope of these requests for production is withheld from production upon a claim of privilege, work product, or for any other reason, a privilege log shall be created and served as required by Rule 45(d)(2)(A) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 9016 of the Federal Rules of Bankruptcy Procedure.

8.      The relevant time period for this Subpoena, unless otherwise indicated, shall be from June 1, 2017 to the present.

9.      This Subpoena seeks documents and testimony that may be relevant to the *Motion of the EFH/EFIH Debtors for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant To Chapter 11 Of The Bankruptcy Code*, and *The Elliott Funds' Motion to Adjourn Hearing on the Motion of the EFH/EFIH Debtors for Order Authorizing Entry into Merger Agreement and Approving Termination Fee*.  The

requesting parties reserve all rights to seek additional documents and testimony in connection with subsequent phases of this proceeding.

## DEFINITIONS

The following definitions of terms apply to the document production requests contained herein. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1.      "Berkshire" means Berkshire Hathaway Energy Company and any current or former parents, subsidiaries, or affiliates thereof, and any current or former officer, director, partner, agent, employee, or attorney thereof.

2.      "Berkshire Merger Agreement" means the Agreement and Plan of Merger, dated as of July 7, 2017, between Berkshire and the Debtors.

3.      "Berkshire Transaction" means (i) the proposed merger between Berkshire and Debtors whereby Berkshire would acquire an approximately 80% ownership stake in Oncor and related transactions, as contemplated by the Berkshire Merger Agreement, and/or (ii) any other actual or potential Transaction by and among Berkshire and Debtors.

4.      "Communication" means the transmittal of information in any form.

5.      "Debtors" or "EFH/EFIH Debtors" means, collectively, Energy Future Intermediate Holding Company LLC ("EFIH") and Energy Future Holdings Corp. ("EFH"), and any of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

6.      "Oncor" means Oncor Electric Delivery Company LLC, Oncor Electric Delivery Holdings Company LLC, and any current or former officer, director, partner, agent, employee, or attorney thereof.

## DOCUMENT REQUESTS

1.      All investment committee memoranda, analyses, or presentations concerning the Berkshire Transaction, and any drafts thereof, from April 1, 2017 to the present.

2.      All Communications with the Debtors, Oncor, or anyone acting on their behalf concerning (i) the timeline for approval of the Berkshire Merger Agreement or termination fee thereunder, and/or (ii) any milestones under the Berkshire Merger Agreement.

3.      All drafts of the Berkshire Merger Agreement reflecting any actual or proposed changes or revisions to any termination, timeline, or milestone provision of such agreement, including without limitation any changes or revisions to provisions located in Sections 6.3 and 8.4 of the Berkshire Merger Agreement in its final form.

4.      All Communications with the Debtors, Oncor, or anyone acting on their behalf concerning any request to extend, adjourn, or modify any of the timelines and/or milestones set forth in Sections 6.3 or 8.4 of the Berkshire Merger Agreement.

## SCHEDULE B - 30(b)(6) TOPICS
## CONCERNING PROPOSED SCHEDULING ORDER

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure and Rules 7030, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure, Berkshire is required to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf with respect to each of the subjects set forth below. In addition, Berkshire is requested to provide Elliott with written notice, at least one business day in advance of the deposition, of the name and employment position of the designee who consents to testify on behalf of Berkshire.

This Subpoena seeks testimony that may be relevant to the *Motion of the EFH/EFIH Debtors for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant To Chapter 11 of The Bankruptcy Code*, and *The Elliott Funds' Motion to Adjourn Hearing on the Motion of the EFH/EFIH Debtors for Order Authorizing Entry into Merger Agreement and Approving Termination Fee*. The requesting parties reserve all rights to seek additional testimony in connection with subsequent phases of this proceeding.

### MATTERS UPON WHICH EXAMINATION IS REQUESTED

1.      The authenticity of the documents requested to be produced in Schedule A.[1]

2.      The timeline for approval of the Berkshire Merger Agreement or termination fee thereunder and/or any milestones under the Berkshire Merger Agreement, including without

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to such terms in Schedule A.

limitation any Communications with the Debtors, Oncor, or anyone acting on their behalf concerning the foregoing.

3.      Any actual or proposed changes to, or extensions, modifications or waivers of, any termination, timeline, or milestone provisions set forth in the Berkshire Merger Agreement, including without limitation any changes or revisions to provisions located in Sections 6.3 and 8.4 of the Merger Agreement in its final form.

4.      Any request to extend, adjourn, or modify any of the timelines and/or milestones set forth in Sections 6.3 or 8.4 of the Merger Agreement, including without limitation any Communications with the Debtors, Oncor, or anyone acting on their behalf concerning the foregoing.