# EXHIBIT 7

| | |
|---|---|
| **From:** | Galardi, Gregg <Gregg.Galardi@ropesgray.com> |
| **Sent:** | Monday, April 24, 2017 3:17 AM |
| **To:** | Yenamandra, Aparna <aparna.yenamandra@kirkland.com>; *keith.wofford@ropesgray.com; Jeff Rosenbaum <jRosenbaum@elliottmgmt.com> |
| **Cc:** | Kieselstein, Marc <mkieselstein@kirkland.com>; Husnick, Chad J. <chusnick@kirkland.com>; Sprayregen, James H.M. <jsprayregen@kirkland.com>; Sassower, Edward O <esassower@kirkland.com>; *ross.martin@ropesgray.com |
| **Subject:** | RE: EFH - PSA [Confidential / Subject to FRE 408] |
| **Attach:** | Active_62324091_1_Redline - PSA Amendment Bullet Points Ropes Comments 4.22.17.pdf; Active_62323549_3_PSA Amendment Bullet Points Ropes Comments 4.22.17.DOCX |

Attached please find our comments to the K&E comments to the proposed PSA Amendment. The attached is subject to further client review.

**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**From:** Yenamandra, Aparna [mailto:aparna.yenamandra@kirkland.com]
**Sent:** Thursday, April 20, 2017 9:08 PM
**To:** Wofford, Keith H.; Galardi, Gregg; Martin, D. Ross; Jeff Rosenbaum
**Cc:** Kieselstein, Marc; Husnick, Chad J.; Sprayregen, James H.M.; Sassower, Edward O
**Subject:** EFH - PSA [Confidential / Subject to FRE 408]

Ropes team and Jeff, attached please find our comments to the PSA one-pager, redlined against your draft, all rights reserved.

Thanks,

**Aparna Yenamandra**
-----------------------------------------------------
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
T +1 212 446 4903  M +1 908 930 7722
F +1 212 446 4900
-----------------------------------------------------
aparna.yenamandra@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

K&ERopes Draft – April 2023, 2017
Subject to Fed R. Evid. 408

## Talking Points for Amended PIK PSA

**Critical Dates:**

June 7. 2017: 55-day Statutory Deadline for PUCT Action on Rehearing (Sec 2001.146 Motions for Rehearing Procedures
- Based on April 13, 2017 Final Order Date under PUCT Docket # 46238 (Joint Report and Application of Oncor Electric Delivery Company LLC and NextEra Energy, Inc. for Regulatory Approvals Pursuant to PURA §§ 14.101, 39.262 and 39.915)
- Assumes Motion for Rehearing filed by NextEra by 25-day Statutory Deadline of May 8, 2017

June 30, 2017: DIP extension with payment of fee to December 30, 2017
December 30, 2017: Maturity Date of the existing EFIH DIP

**Proposal**

- Amended PSA Termination Date: The earlier of (i) December 31, 2017 and (ii) the occurrence of an Early Termination Event.
  - ~~The Debtors will exercise commercially reasonable efforts to meet the following timeline:~~
    - An **"Early Termination Event"** will be deemed to occur if:
      (I)(A) the Debtors fail to file a Backup Plan (as defined below) by September 1, 2017 that either (i) is a Preferred Backup Plan (as defined below) or (ii) satisfies the requirements of the Current PSA (as defined below); provided that any Backup Plan that is not a Preferred Backup Plan must be backstopped by committed financing or a third party purchaser with the financial wherewithal and regulatory package of commitments acceptable to the Supporting Creditors to consummate the transaction on an acceptable timeline[1]; **AND**
      (B) either (i) the NextEra Merger Agreement is terminated, (ii) NextEra does not file a Motion for Rehearing or (iii) the PUCT denies any Rehearing Request; **OR**
      (II) the failure to take an action by the date set forth on the Amended PSA Timeline (as defined below).

  - Agreed post Amended PSA timeline (the **"Amended PSA Timeline"**):
    - August 30, 2017: ~~File back-up Plan~~ Date by which the Debtors must file a Backup Plan satisfying the conditions set forth above and Disclosure Statement;
    - ~~Disclosure Statement hearing: Late September or early October 2017~~
    - ~~Plan Confirmation:~~ December 30, 2017: Date by which the Backup Plan must be confirmed
    - ~~Plan Effective Date: By May 15, 2018.~~
    - December 31, 2017: Date by which the Backup Plan must be consummated unless the Debtors obtain an extension of the current DIP Financing or

---

[1] For the purposes of this provision, NextEra will qualify as such a third party purchaser for purposes of a Motion for Rehearing, but not in the event that NextEra files a new 14101 license transfer request.

replacement DIP Financing on terms that are no less favorable than the terms of the current DIP financing, in which case the Plan Effective Date shall be the earlier of (i) April 15, 2018 and (ii) the maturity date of the DIP Financing Agreement in effect as of September 1, 2017

- Amended PSA: **April 13 through the PSA Termination Date**

  - Supporting Creditors' Commitments:
    - Supporting Creditors: holders or investment advisors or managers of discretionary accounts of such beneficial holders that hold, or direct vote of, Claims against the EFIH Debtors under the EFIH Unsecured Notes (solely in such capacity) that are bound to the Current PSA and any amendment thereof.
      - Notwithstanding any other provision in the Amended or Current PSA, the Supporting Creditors shall not be obligated to take or be precluded or prohibited from taking any action as a holder of any claim that is not a claim based on such Supporting Creditor's holdings of EFIH Unsecured Notes.
    - Supporting Creditors Cooperation/Coordination with Debtors:
      - Keep Debtors apprised on regular (weekly) basis, but cannotwill not be required to allow Debtors to participate in all calls
      - Agreed upon business representative from Debtors (principals, not bankers, since Elliott reps will be principals only) will be invited to participate in key meetings
      - Provide the Debtors with notice of any proposed Preferred Backup ProposalPlan (as defined below) within 48 hours of receiving any such proposal
        - A **"Preferred Backup Plan"** means a plan of reorganization that contemplates an alternative transaction (other than an equitization) to the NextEra Merger Agreement that the holders of 66 2/3 of the EFIH Unsecured Notes are prepared to vote to accept.
      - Will consider other commitments from the PSA in effect on the date immediately prior to the date of the Amendment (the "**Current PSA**")
      - Vote to accept any back-up plan whichBackup Plan. A **"Backup Plan"** is a plan of reorganization that is filed in accordance with the Current PSA and provides the Supporting Creditors with at least an 82% economic recovery on the previously allowed EFIH Unsecured Note, makewhole and post petition interest claims[2]
      - Cooperate in good faith to facilitate preparation of standby PUCT filing for equitization transaction acceptable to the Supporting

---

[2] [NTD: Discuss.]

~~K&E~~Ropes Draft – April ~~20~~23, 2017
Subject to Fed R. Evid. 408

Creditors transaction, if requested by the Debtors no later than [August 1, 2017][13]

- ~~Existing PSA Terms will continue in full force and effect except as set forth in the amendment.~~
- The terms of the Current PSA will be amended and restated to reflect the Amendment.
- Additionally, ~~supporting~~ prior to the Amended PSA Termination Date, the Supporting Creditors will not ~~(subject to the~~ except as set forth below with respect to Preferred Backup Proposal ~~provisions below)~~:
  - File or join motions or commence adversary proceedings in the Bankruptcy Court seeking relief from the current confirmed Plan (the "Confirmed Plan"), to change votes for the Confirmed Plan or seek to modify (i) of PIK Note claim settlements on post-petition interest, makewhole, or allowed claims or (ii) agreement to accept waterfall and aggregate consideration called for in NEE merger agreement plan, as each of (i) and (ii) were negotiated and approved by Bankruptcy Court as part of the Confirmed Plan or prior to the Confirmed Plan being confirmed consistent with Original PSA, unless Debtors consent in advance in writing to such motion or adversary;
  - Take any actions in any proceeding seeking to terminate or have the Debtors breach the NextEra merger agreement; and
  - Be permitted to either file a competing plan that does not reflect the support of the Debtors or support the filing of such plan by another party; *provided, however*, that the Supporting Creditors shall not be required to actively file pleadings or make statements on the record in opposition to a competing transaction~~.~~

- Supporting Creditor Conduct:
  - Permitted to Transfer Claims (need to discuss ~~any~~ necessary changes to current trading restrictions)
  - No Competing Transaction Limitation in PSA:
    - Supporting Creditors will be permitted to negotiate and discuss all forms of alternative transactions as ~~"~~Backup ~~Plan Proposals"~~ Plans (without conceding termination of NextEra Merger Agreement ~~and~~ or NextEra's entitlement to a Breakup Fee) with Debtors and third parties, including
      - Equitization
      - Third party and/or affiliates interested in purchasing Claims and/or for purposes of an acquisition proposal
      - Financing/refinancing including DIP and Exit facilities; *provided, that*, the Supporting Creditors cannot provide any Company confidential information to any such parties unless such parties are party to an NDA with the Company.

---

[13] [NTD: Discuss.]

~~62323549~~ 62323549_3

K&ERopes Draft – April 2023, 2017
Subject to Fed R. Evid. 408

- Notwithstanding anything to the contrary in the Current PSA or the Amended PSA, the Supporting Creditors will be permitted to file and prosecute and alternative plan or transaction in the event that:
  - The Supporting Creditors or the Debtors receive a Preferred Backup Proposal;
  - The Supporting Creditors are prepared to vote to accept the Preferred Backup Proposal absent the NextEra merger closing;
  - The Supporting Creditors request the Debtors to seek Court approval of the Preferred Backup Proposal; and
  - The Debtors refuse to seek Court approval for such Preferred Backup Proposal within 48 hours of receiving the Supporting Creditors request.

  o Debtor commitments
    - Include Supporting Creditors in discussions regarding extension and any amendments to EFIH DIP (June 30, 2017 extension date) to allow mutual determination on proper package of EFIH DIP extension v. new EFIH DIP and related sizing and interplay with potential payment of 1L principal and EFIH 2L DIP Proposal as described in bullet point below
    - Use good faith efforts to negotiate second lien DIP financing with Elliott and/or other (including other EFIH PIK holders and potentially additional third parties as deemed appropriate by the Supporting Creditors) to eliminate or reduce accruals to first and second lien claimholders; *provided*, *however*, that the ultimate decision about whether to pursue a second lien DIP will be in the Debtors' sole discretion, upon advice of counsel and bankers, with respect to which discretion, the Supporting Creditors reserve all rights, including the right to seek relief from the Bankruptcy Court regarding the Debtors' decisions;
    - Cooperate and use good faith efforts to facilitate preparation of standby PUCT filing for equitization transaction with Elliott the Supporting Creditors and/or other parties for filing no later than [August 1, 2017][24]
    - Others from Current PSA: TBD

- Limitation of Liability:
  o Exclusive remedy for breach of Amended PSA is injunction or equitable relief, not damages
  o Mutual Waiver of any claims arising under the Current PSA through date of Amendment; no liability for predecessors; statement by Debtors that no defaults or breaches exist. [Mutual Waiver of Claims under current PSA]

- Court approval of Amendment:
  o Motion by April 30, 2017;
  o Court Approval by May 20, 2017;
  o All further amendments filed

---

[24] [NTD: Discuss.]

K&ERopes Draft – April 2023, 2017
Subject to Fed R. Evid. 408

- Reservation of Rights:
    o Supporting Creditors retain all rights to challenge Breakup Fee and any allocation of Breakup Fee
    o Other rights TBD

- Fees and Expense:
    o Debtors to support request bywill seek approval of payment of Supporting Creditors for substantial contribution claim against EFIH in connection with confirmation of back-up Plan.fees and expenses as part of Court approval of Amendment
    o Debtors ensure that no duplicate fees for advisors with respect to consummation of Backup Plan, any extension of the EFIH DIP beyond December 31, 2017, a new EFIH DIP, and/or an EFIH 2L DIP and with respect to any EFIH 2L DIP will consider any additional fees that may be avoided if Debtors proceeded with a Supporting Creditor EFIH 2L DIP

62323549 162323549_3

| Summary report: Litéra® Change-Pro TDC 7.5.0.145 Document comparison done on 4/23/2017 11:10:55 PM | |
|---|---|
| **Style name:** RG_Default_Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://RGDMS/Active/62323549/1 | |
| **Modified DMS:** iw://RGDMS/Active/62323549/3 | |
| **Changes:** | |
| Add | 90 |
| Delete | 35 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 125 |

Ropes Draft – April 23, 2017
Subject to Fed R. Evid. 408

## Talking Points for Amended PIK PSA

**Critical Dates:**

June 7. 2017:  55-day Statutory Deadline for PUCT Action on Rehearing (Sec 2001.146 Motions for Rehearing Procedures
- Based on April 13, 2017 Final Order Date under PUCT Docket # 46238 (Joint Report and Application of Oncor Electric Delivery Company LLC and NextEra Energy, Inc. for Regulatory Approvals Pursuant to PURA §§ 14.101, 39.262 and 39.915)
- Assumes Motion for Rehearing filed by NextEra by 25-day Statutory Deadline of May 8, 2017

June 30, 2017:  DIP extension with payment of fee to December 30, 2017
December 30, 2017:  Maturity Date of the existing EFIH DIP

**Proposal**

- Amended PSA Termination Date:  The earlier of (i) December 31, 2017 and (ii) the occurrence of an Early Termination Event.

    - An **"Early Termination Event"** will be deemed to occur if:
      (I)(A) the Debtors fail to file a Backup Plan (as defined below) by September 1, 2017 that either (i) is a Preferred Backup Plan (as defined below) or (ii) satisfies the requirements of the Current PSA (as defined below); provided that any Backup Plan that is not a Preferred Backup Plan must be backstopped by committed financing or a third party purchaser with the financial wherewithal and regulatory package of commitments acceptable to the Supporting Creditors to consummate the transaction on an acceptable timeline[1] ; **AND**
      (B) either (i) the NextEra Merger Agreement is terminated, (ii) NextEra does not file a Motion for Rehearing or (iii) the PUCT denies any Rehearing Request; **OR**
      (II) the failure to take an action by the date set forth on the Amended PSA Timeline (as defined below) .

    - Agreed post Amended PSA timeline (the "**Amended PSA Timeline**"):
        - August 30, 2017: Date by which the Debtors must file a Backup Plan satisfying the conditions set forth above and Disclosure Statement;
        - December 30, 2017:  Date by which the Backup Plan must be confirmed
        - December 31, 2017:  Date by which the Backup Plan must be consummated unless the Debtors obtain an extension of the current DIP Financing or replacement DIP Financing on terms that are no less favorable than the terms of the current DIP financing, in which case the Plan Effective Date shall be the earlier of (i) April 15, 2018 and (ii) the maturity date of the DIP Financing Agreement in effect as of September 1, 2017

---

[1]  For the purposes of this provision, NextEra will qualify as such a third party purchaser for purposes of a Motion for Rehearing, but not in the event that NextEra files a new 14101 license transfer request.

62323549_3

Ropes Draft – April 23, 2017
Subject to Fed R. Evid. 408

- Amended PSA: **April 13 through the PSA Termination Date**
  - Supporting Creditors' Commitments:
    - Supporting Creditors: holders or investment advisors or managers of discretionary accounts of such beneficial holders that hold, or direct vote of, Claims against the EFIH Debtors under the EFIH Unsecured Notes (solely in such capacity) that are bound to the Current PSA and any amendment thereof.
      - Notwithstanding any other provision in the Amended or Current PSA, the Supporting Creditors shall not be obligated to take or be precluded or prohibited from taking any action as a holder of any claim that is not a claim based on such Supporting Creditor's holdings of EFIH Unsecured Notes.
    - Supporting Creditors Cooperation/Coordination with Debtors:
      - Keep Debtors apprised on regular (weekly) basis, but will not be required to allow Debtors to participate in all calls
      - Agreed upon business representative from Debtors (principals, not bankers, since Elliott reps will be principals only) will be invited to participate in key meetings
      - Provide the Debtors with notice of any proposed Preferred Backup Plan (as defined below) within 48 hours of receiving any such proposal
        - A **"Preferred Backup Plan"** means a plan of reorganization that contemplates an alternative transaction (other than an equitization) to the NextEra Merger Agreement that the holders of 66 2/3 of the EFIH Unsecured Notes are prepared to vote to accept.
      - Will consider other commitments from the PSA in effect on the date immediately prior to the date of the Amendment (the "**Current PSA**")
      - Vote to accept any Backup Plan. A **"Backup Plan"** is a plan of reorganization that is filed in accordance with the Current PSA and provides the Supporting Creditors with at least an 82% economic recovery on the previously allowed EFIH Unsecured Note, makewhole and post petition interest claims[2]
      - Cooperate in good faith to facilitate preparation of standby PUCT filing for equitization transaction acceptable to the Supporting Creditors transaction, if requested by the Debtors no later than [August 1, 2017][3]
    - The terms of the Current PSA will be amended and restated to reflect the Amendment.
    - Additionally, prior to the Amended PSA Termination Date, the Supporting Creditors will not except as set forth below with respect to Preferred Backup Proposal:
      - File or join motions or commence adversary proceedings in the Bankruptcy Court seeking relief from the current confirmed Plan (the "Confirmed Plan"), to change votes for the Confirmed Plan or seek to modify (i) of PIK Note claim settlements on post-petition interest,

---

[2]  [NTD: Discuss.]
[3]  [NTD: Discuss.]

62323549_3

Ropes Draft – April 23, 2017
Subject to Fed R. Evid. 408

    makewhole, or allowed claims or (ii) agreement to accept waterfall and aggregate consideration called for in NEE merger agreement plan, as each of (i) and (ii) were negotiated and approved by Bankruptcy Court as part of the Confirmed Plan or prior to the Confirmed Plan being confirmed consistent with Original PSA, unless Debtors consent in advance in writing to such motion or adversary;
- Take any actions in any proceeding seeking to terminate or have the Debtors breach the NextEra merger agreement; and
- Be permitted to either file a competing plan that does not reflect the support of the Debtors or support the filing of such plan by another party; *provided, however*, that the Supporting Creditors shall not be required to actively file pleadings or make statements on the record in opposition to a competing transaction

- 
  - Supporting Creditor Conduct:
    - Permitted to Transfer Claims (need to discuss necessary changes to current trading restrictions)
    - No Competing Transaction Limitation in PSA:
      - Supporting Creditors will be permitted to negotiate and discuss all forms of alternative transactions as Backup Plans (without conceding termination of NextEra Merger Agreement or NextEra's entitlement to a Breakup Fee) with Debtors and third parties, including
        - Equitization
        - Third party and/or affiliates interested in purchasing Claims and/or for purposes of an acquisition proposal Financing/refinancing including DIP and Exit facilities; *provided, that*, the Supporting Creditors cannot provide any Company confidential information to any such parties unless such parties are party to an NDA with the Company.
    - Notwithstanding anything to the contrary in the Current PSA or the Amended PSA, the Supporting Creditors will be permitted to file and prosecute and alternative plan or transaction in the event that:
      - The Supporting Creditors or the Debtors receive a Preferred Backup Proposal;
      - The Supporting Creditors are prepared to vote to accept the Preferred Backup Proposal absent the NextEra merger closing;
      - The Supporting Creditors request the Debtors to seek Court approval of the Preferred Backup Proposal; and
      - The Debtors refuse to seek Court approval for such Preferred Backup Proposal within 48 hours of receiving the Supporting Creditors request.

  - Debtor commitments
    - Include Supporting Creditors in discussions regarding extension and any amendments to EFIH DIP (June 30, 2017 extension date) to allow mutual determination on proper package of EFIH DIP extension v. new EFIH DIP and related sizing and interplay with potential payment of 1L principal and EFIH 2L DIP Proposal as described in bullet point below

62323549_3

Ropes Draft – April 23, 2017
Subject to Fed R. Evid. 408

- Use good faith efforts to negotiate second lien DIP financing with Elliott (including other EFIH PIK holders and potentially additional third parties as deemed appropriate by the Supporting Creditors) to eliminate or reduce accruals to first and second lien claimholders; *provided, however*, that the ultimate decision about whether to pursue a second lien DIP will be in the Debtors' sole discretion, upon advice of counsel and bankers, with respect to which discretion, the Supporting Creditors reserve all rights, including the right to seek relief from the Bankruptcy Court regarding the Debtors' decisions;
- Cooperate and use good faith efforts to facilitate preparation of standby PUCT filing for equitization transaction with the Supporting Creditors and/or other parties for filing no later than [August 1, 2017][4]
- Others from Current PSA: TBD

- Limitation of Liability:
  - Exclusive remedy for breach of Amended PSA is injunction or equitable relief, not damages
  - Mutual Waiver of any claims arising under the Current PSA through date of Amendment; no liability for predecessors; statement by Debtors that no defaults or breaches exist

- Court approval of Amendment:
  - Motion by April 30, 2017;
  - Court Approval by May 20, 2017;
  - All further amendments filed

- Reservation of Rights:
  - Supporting Creditors retain all rights to challenge Breakup Fee and any allocation of Breakup Fee
  - Other rights TBD

- Fees and Expense:
  - Debtors will seek approval of payment of Supporting Creditors fees and expenses as part of Court approval of Amendment
  - Debtors ensure that no duplicate fees for advisors with respect to consummation of Backup Plan, any extension of the EFIH DIP beyond December 31, 2017, a new EFIH DIP, and/or an EFIH 2L DIP and with respect to any EFIH 2L DIP will consider any additional fees that may be avoided if Debtors proceeded with a Supporting Creditor EFIH 2L DIP

---

[4] [NTD: Discuss.]

62323549_3