# EXHIBIT 13

| | |
|---|---|
| **From:** | Husnick, Chad J. <chusnick@kirkland.com> |
| **Sent:** | Wednesday, May 3, 2017 12:54 AM |
| **To:** | Galardi, Gregg <Gregg.Galardi@ropesgray.com> |
| **Cc:** | Kieselstein, Marc <mkieselstein@kirkland.com>; *ross.martin@ropesgray.com; *keith.wofford@ropesgray.com |
| **Subject:** | Re: Elliott DIP Proposal |

We are not playing this game. You have our position. Stop over-complicating a very simple concept.

Chad J. Husnick, P.C.

------------------------------------------------------
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
T +1 312 862 2009  M +1 630 291 1947
------------------------------------------------------
chad.husnick@kirkland.com

On May 2, 2017, at 8:36 PM, Galardi, Gregg <Gregg.Galardi@ropesgray.com> wrote:

> Chad,
>
> The restrictions you are trying to impose on Elliott with the potential litigation threat are simply not productive.  First, there are no restrictions on Elliott as to their First Lien and Second Lien position.  If you disagree, please so advise as to the basis.  Second, there is no basis, in the PIK PSA or otherwise, that precludes Elliott from discussing with the current DIP lenders a DIP Proposal.  Again, if you disagree, please cite to the agreement or restriction.
>
> Let's try to move this case on constructively
>
> Gregg
>
>
>
> **Gregg M. Galardi**
> **ROPES & GRAY LLP**
> T +1 212 596 9139 | M +1 917 434 3178
> 1211 Avenue of the Americas
> New York, NY 10036-8704
> Gregg.Galardi@ropesgray.com
> www.ropesgray.com
>
>
> This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.
>
> ......................................................................................................
>
> **From:** Husnick, Chad J. [mailto:chusnick@kirkland.com]
> **Sent:** Tuesday, May 02, 2017 7:46 PM
> **To:** Galardi, Gregg
> **Cc:** Kieselstein, Marc; Martin, D. Ross; Wofford, Keith H.
> **Subject:** Re: Elliott DIP Proposal
>
> Elliott need not concede its position on whether it is bound to the RSA.  However, my prior message is very

clear on the Debtors' reservations and I am not going to further parse the language. We are happy for Elliott to send over a DIP term sheet as you originally requested, and we will have to see what direction to take this once you send  that DIP term sheet.  This limited waiver does not extend to discussions with third parties.

Chad J. Husnick, P.C.
-------------------------------------------------
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
T +1 312 862 2009  M +1 630 291 1947
F +1 312 862 2200
-------------------------------------------------
chad.husnick@kirkland.com

On May 2, 2017, at 5:48 PM, Galardi, Gregg <Gregg.Galardi@ropesgray.com> wrote:

> Chad,
>
> Thanks for getting back to us.  As set forth in my original email, Elliott does not believe that it is bound by the terms of the PIK PSA as it has not signed a joinder.  Please confirm that you only intended to reserve the Debtors' your rights as to Elliott being bound to the PIK PSA and understand that Elliott reserves its right to contend it is not so bound.
>
> In any event, we appreciate your providing a waiver of any claims or causes of action in respect of providing a DIP proposal to the Debtors, if and to the extent, Elliott were determined to bound by the PIK PSA.  More importantly, however, you have qualified the waiver saying it is provided "solely to the extent necessary to permit Elliott to make a proposal to EFIH for debtor in possession financing."  Please confirm that this waiver would cover not only making a proposal (i.e., sending a term sheet) to the Debtors but also any and all negotiations with the Debtors regarding any DIP proposals made by Elliott, including DIP proposals that contemplate equitizations or conversions of debt to equity.  Also please advise whether the waiver would cover discussions that Elliott might have with potential and/or current and potential DIP lenders.
>
> Gregg
>
>
>
> **Gregg M. Galardi**
> **ROPES & GRAY LLP**
> T +1 212 596 9139 | M +1 917 434 3178
> 1211 Avenue of the Americas
> New York, NY 10036-8704
> Gregg.Galardi@ropesgray.com
> www.ropesgray.com
>
>
> This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.
> --------------------------------------------------------------------------------------------------------
> **From:** Husnick, Chad J. [mailto:chusnick@kirkland.com]
> **Sent:** Tuesday, May 02, 2017 5:16 PM
> **To:** Galardi, Gregg
> **Cc:** Kieselstein, Marc; Martin, D. Ross; Wofford, Keith H.
> **Subject:** Re: Elliott DIP Proposal

Gregg--

The Debtors are willing to provide Elliott and its affiliates that are holders of the unsecured notes issued by EFIH a limited waiver of restrictions under the restructuring support agreement dated January 2, 2017 and as amended on January 19, 2017, solely to the extent necessary to permit Elliott to make a proposal to EFIH for debtor in possession financing. Other than as set forth in the prior sentence, the Debtors reserve all of their rights under the restructuring support agreement and the provisions of that agreement remain in full force and effect.

Thanks,

Chad J. Husnick, P.C.
-------------------------------------------------------
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
T +1 312 862 2009  M +1 630 291 1947
-------------------------------------------------------
chad.husnick@kirkland.com

On May 1, 2017, at 6:17 PM, Galardi, Gregg <Gregg.Galardi@ropesgray.com> wrote:

Marc and Chad,

As you know, we represent Elliott Management.  As previously mentioned,  Elliott is prepared to provide the Debtors with a proposal for debtor in possession financing.  This financing would enable the Debtors to reduce the accrual of interest and fees with respect to the unpaid claims of the First Lien and Second Lien note holders and contemplates an equitization of the DIP financing on consummation of a plan of reorganization.  While Elliott believes that it is free to enter into negotiations with the Debtors regarding such debtor in possession financing and that no claims exist or could be asserted in connection with its doing so, Elliott nonetheless requests that the Debtors confirm the same and that the Debtors waive and will not assert any claims against Elliott in connection with or arising out of its providing the Debtors with a DIP financing term sheet.  Upon receipt of the Debtors' confirmation, we will provide you with a term sheet reflecting Elliott's proposal for debtor in possession financing.

Best
Gregg

**Gregg M. Galardi**
**ROPES & GRAY LLP**
T +1 212 596 9139 | M +1 917 434 3178
1211 Avenue of the Americas
New York, NY 10036-8704
Gregg.Galardi@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.