IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>ENERGY FUTURE<br>HOLDINGS CORP., *et al.*,<br><br>*Debtors*. | ) <br>) <br>) Chapter 11<br>) <br>) Case No. 14-10979 (CSS)<br>) <br>) (Jointly Administered)<br>) <br>) |

## NOTICE OF DEPOSITION OF THE EFH/EFIH DEBTORS PURSUANT TO FED. R. CIV. P. 30(b)(6)

**TO:** Above-captioned Debtors, c/o Counsel

| | |
|---|---|
| Mark D. Collins, Esq. | Edward O. Sassower, Esq. |
| Daniel J. DeFranceschi, Esq. | Stephen E. Hessler, Esq. |
| Jason M. Madron, Esq. | Brian E. Schartz, Esq. |
| Richards, Layton & Finger, P.A. | Aparna Yenamandra, Esq. |
| 920 North King Street | Kirkland & Ellis LLP |
| Wilmington, DE 19801 | Kirkland & Ellis International LLP |
| | 601 Lexington Avenue |
| | New York, NY 10022 |
| | |
| -and- | -and- |
| | |
| Mark E. McKane, P.C. | James H.M. Sprayregen, Esq. |
| Kirkland & Ellis LLP | Chad J. Husnick, Esq. |
| Kirkland & Ellis International LLP | Marc Kieselstein, Esq. |
| 555 California Street | Steven N. Serajeddini, Esq. |
| San Francisco, CA 94104 | Kirkland & Ellis LLP |
| | Kirkland & Ellis International LLP |
| | 300 North LaSalle |
| | Chicago, IL 60654 |

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, as made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Practice and Procedure for United State Bankruptcy Court for the District of Delaware, Elliott Associates, L.P., Elliott International, L.P., and The Liverpool

Limited Partnership (collectively, "Elliott" or the "Elliott Funds"), by their counsel of record, will take the deposition upon oral examination of Energy Future Intermediate Holding Company LLC ("EFIH") and Energy Future Holdings Corp. ("EFH") (collectively, the "Debtors" or the "EFH/EFIH Debtors") on July 25, 2017 at a date and location to be mutually agreed upon by the parties. The testimony will be recorded by stenographic and audiovisual means and will continue from day to day until completed.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Federal Rules of Bankruptcy Procedure 7030 and Federal Rule of Civil Procedure 30(b)(6), the Debtors must designate one or more persons to testify on their behalf with regard to all matters known or reasonably available to them on the matters set forth in **Schedule A** attached hereto. The Elliott Funds request that the Debtors provide, as soon as reasonably possible, a written designation of the name(s) and position(s) of the persons who consent to testify on behalf of the Debtors.

Respectfully submitted,

Date: July 22, 2017

BAYARD, P.A.
*/s/ Erin R. Fay*
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
Evan T. Miller (No. 5364)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
E-mail: scousins@bayardlaw.com
     efay@bayardlaw.com
     emiller@bayardlaw.com

  --and--

ROPES & GRAY LLP
Keith H. Wofford
Gregg M. Galardi
D. Ross Martin
1211 Avenue of the Americas

New York, NY 10036-8704
Telephone: 212-596-9000
Facsimile:  212-596-9090
Email: Keith.Wofford@ropesgray.com
Gregg.Galardi@ropesgray.com
Ross.Martin@ropesgray.com

*Counsel to The Elliott Funds*

**SCHEDULE A – 30(b)(6) TOPICS
CONCERNING PROPOSED SCHEDULING ORDER**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rules 7030, and 9014 of the Federal Rules of Bankruptcy Procedure, the Debtors are required to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on their behalf with respect to each of the subjects set forth below.  In addition, the Debtors are requested to provide Elliott with written notice, at least one business day in advance of the deposition, of the name and employment position of the designee who consents to testify on behalf of the Debtors.

This deposition seeks testimony that may be relevant to the *Motion of the EFH/EFIH Debtors for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant To Chapter 11 of The Bankruptcy Code*, and *The Elliott Funds' Motion to Adjourn Hearing on the Motion of the EFH/EFIH Debtors for Order Authorizing Entry into Merger Agreement and Approving Termination Fee*.  The requesting parties reserve all rights to seek additional testimony in connection with subsequent phases of this proceeding.

**DEFINITIONS**

The following definitions of terms apply to the deposition topics contained herein.  Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

- 2 -

1. "Berkshire" means Berkshire Hathaway Energy Company and any current or former parents, subsidiaries, or affiliates thereof, and any current or former officer, director, partner, agent, employee, or attorney thereof.

2. "Berkshire Merger Agreement" means the Agreement and Plan of Merger, dated as of July 7, 2017, between Berkshire and the Debtors.

3. "Berkshire Transaction" means (i) the proposed merger between Berkshire and Debtors whereby Berkshire would acquire an approximately 80% ownership stake in Oncor and related transactions, as contemplated by the Berkshire Merger Agreement, and/or (ii) any other actual or potential Transaction by and among Berkshire and Debtors.

4. "Communication" means the transmittal of information in any form.

5. "Debtors" or "EFH/EFIH Debtors" means, collectively, Energy Future Intermediate Holding Company LLC ("EFIH") and Energy Future Holdings Corp. ("EFH"), and any of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

6. "IRS" means the Internal Revenue Service.

7. "Oncor" means Oncor Electric Delivery Company LLC, Oncor Electric Delivery Holdings Company LLC, and any current or former officer, director, partner, agent, employee, or attorney thereof.

### MATTERS UPON WHICH EXAMINATION IS REQUESTED

1. The timeline for approval of the Berkshire Merger Agreement or termination fee thereunder and/or any milestones under the Berkshire Merger Agreement, including without limitation any Communications with Berkshire, Oncor, or anyone acting on their behalf concerning the foregoing.

- 3 -

2. Any actual or proposed changes to, or extensions, modifications or waivers of, any termination, timeline, or milestone provisions set forth in the Berkshire Merger Agreement, including without limitation any changes or revisions to provisions located in Sections 6.3 and 8.4 of the Berkshire Merger Agreement in its final form.

3. Any request to extend, adjourn, or modify any of the timelines and/or milestones set forth in Sections 6.3 or 8.4 of the Berkshire Merger Agreement, including without limitation any Communications with Berkshire, Oncor, or anyone acting on their behalf concerning the foregoing.

4. Any Communications, negotiations, and/or proposals regarding the Berkshire Transaction and/or any potential transaction with Elliott, including proposed financing thereof.

5. The Debtors' and/or Berkshire's efforts to secure regulatory approval from the IRS in connection with the Berkshire Transaction.