Robert J. Miller
425 Dockside Dr, #706
Naples, FL 34110
Mobile: 513-310-4501
Miller.rj.1@gmail.com

July 24, 2017

Judge Christopher S. Sontchi
United States Bankruptcy Court
District of Delaware
5th Floor, Courtroom #6
824 Market Street N
Wilmington, DE. 19801

RE: EFH case--Individual Energy Future Intermediate Holdings (EFIH) Bondholders

Dear Judge Sontchi:

I'm writing to alert you to a potential injustice relating to the EFH proposed Plan and am seeking your help and support to remedy this inequitable treatment and to provide a just result. There are a small group of EFIH bondholders who own CUSIP 292680AF2 Energy Future Holding 9.75% due 10/15/19 and CUSIP 292681AA1 Energy Future Intermediate Holding Co 9.75% due 10/15/19 (collectively, our 'Unexchanged Bonds').

These individuals acquired these Unexchanged Bonds understanding that they were secured by a lien on the Oncor stock owned by EFIH. They would not have purchased them otherwise and still own the Unexchanged Bonds. In late 2012/early 2013, an exchange offer was made for these Bonds which was open only to Qualified Institutional Buyers (QIBs) so this small group of individuals were unable to participate and subsequently saw their lien unilaterally stripped by the Debtor. The small bond creditors complained to the company that this was grossly unfair and violated the Trust Indenture Act but were ignored. **The Texas SEC expressly attempted to help remedy the injustice but had no jurisdiction over the management of EFH in bankruptcy.**

During the Bankruptcy case it appeared for a long period these improper actions would not cause great harm to these individuals as they were being treated like the EFIH Unsecured PIKs which were on tap to receive a par plus accrued interest recovery, so these Unexchanged Bond creditors were not really addressed in the past reorganization

Chad Husnick                                                                July 17, 2017

plan. But when the make whole decision was reversed on appeal it had a devastating impact on these creditors who now face seeing their recovery reduced materially.

These Unexchanged Bonds in the aggregate now represent approximately $2 million in principal amount. The individuals largely hold these Unexchanged Bonds in retirement accounts and children's college education accounts and the individual investors will suffer significant damage if their lien is not reinstated or they are not carved out from the other now unsecured creditors and treated more akin to the EFH beneficiary class that are also smaller claimants; where it was recognized that equity, fundamental fairness and justice require that smaller stakeholders without the means to protect themselves be treated reasonably and differently.

Contact with Debtor's counsel and the Debtor has so far been futile. There was a boilerplate explanation about complying with law but tellingly only a denial that the lien was not stripped and no explanation as to why the security the Unexchanged Bond owners purchased evaporated without any compensation or offsetting treatment. This is a classic example of how the QIB owners were allowed to exchange the same bonds for a secured first lien bond (which has already been paid) while the smaller individual Unexchanged Bond owners are left hanging in the wind. We need and deserve to have our concerns addressed in a revised Plan. Equity, fairness and justice dictate that this wrong be righted.

We respectfully as for your help in addressing this matter and would like to address the court at the scheduled August 10 hearing on the Plan. Some of our individual Unexchanged Bond owners have contributed substantial personal time and ability to help get the process in this court
to where it now stands. Please help us find a way to obtain our rightful recovery so we can support an amended Plan to allow the Debtor to exit without additional delay and objections. As it stands right now every extra month costs the Estate at least $20 million. The Debtor's and the Estate's self interest requires we be treated fairly.

Very truly yours,


Robert J. Miller

2