**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>Related Docket Nos.: 11506, 11508, 11510, 11553, and 11585 |

**BERKSHIRE HATHAWAY ENERGY COMPANY'S OBJECTION TO THE ELLIOTT FUNDS' MOTION TO ADJOURN HEARING ON THE MOTION OF THE EFH/EFIH DEBTORS FOR ORDER AUTHORIZING ENTRY INTO MERGER AGREEMENT AND APPROVING TERMINATION FEE**

Berkshire Hathaway Energy Company ("BHE"), as Plan Sponsor, files this objection to the *Elliott Funds' Motion to Adjourn Hearing on the Motion of the EFH/EFIH Debtors for Order Authorizing Entry Into Merger Agreement and Approving Termination Fee* [D.I. 11506] (the "Elliott Motion"), and to the joinders to the Elliott Motion filed by the Sunrise Partners Limited Partnership ("Sunrise") [D.I. 11508] and by UMB Bank, N.A. ("UMB") [D.I. 11510] (the Elliott Motion and the joinders are referred to herein as the "Motion to Adjourn" and Elliott, Sunrise and UMB are referred to as the "Movants"). In support of this objection, BHE respectfully states as follows:

**OBJECTION**

1.   The Debtors have filed a separate objection to the Motion to Adjourn. In addition, the Debtors filed (a) the *Motion of the EFH/EFIH Debtors for the Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Confirmation of the Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 11425] (the "Scheduling Motion")[2] and (b) the Debtors' reply in support of the Scheduling Motion [D.I. 11553] (the "Debtors' Reply").

2. On July 22, 2017, BHE filed *Berkshire Hathaway Energy Company's Joinder in EFH/EFIH Debtors' Reply in Support of the Motion of the EFH/EFIH Debtors for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code in Further Response to the Objections to the Scheduling Motion* [D.I. 11585] (the "BHE Scheduling Reply") in joinder and support of the Debtors' Reply and Scheduling Motion. The arguments presented in the BHE Scheduling Reply also support the Court's denial of the Motion to Adjourn. BHE respectfully incorporates the arguments set forth in the BHE Scheduling Reply, the Scheduling Motion and the Debtor's Reply, and will not repeat those arguments here.

3. The Movants are effectively seeking to prevent a hearing on the merits of the Merger Agreement by seeking to prevent the Debtors from reaching the milestones set forth in Section 8.2(h)(ii) and (iii), without allowing the Debtors to even have a hearing on the merits of the Merger Agreement. These milestones are (a) entry of the Approval Order (as defined in the Merger Agreement) not later than 45 days after the date of the Merger Agreement, and (b) entry of an order approving the Disclosure Statement by September 5, 2017.[3] These time periods may

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Scheduling Motion.

[3]  Entry of the orders is deemed to occur upon an oral indication by this Court that it is approving or will approve the Merger Agreement, including payment and satisfaction of the Termination Fee, or the Disclosure Statement, respectively.

look familiar to this Court. When the NEE Merger Agreement was presented to and approved by this Court, it had the same time period for entry of an order approving the merger agreement and a shorter period for approval of a disclosure statement. These periods were fully negotiated by NextEra and now by BHE. The schedule proposed under the Scheduling Motion is consistent with this Court's similar order entered in connection with the NextEra deal and is clearly not a truncated schedule as Elliott would have this Court believe. BHE has committed $9 billion to this transaction, in addition to spending time, money and internal management resources to pursue the approvals required. In the meantime, the Debtors are not bound by the Merger Agreement until this Court enters the Approval Order. The Movants seek a free, unilateral extension of the "option" period during which BHE is bound but the Debtors are not even obligated to the Termination Fee.[4]

4. The Movants do not object that there is inadequate time to consider the merits of the Merger Agreement on August 10, 2017, or to conduct any needed discovery with respect thereto. Any such objection would be entirely unfounded. None of the proposed milestones require any shortening of notice. Rather, the Movants object that Elliott is still trying to put together a competing proposal for which it has no financial commitments and no indication that it will ever obtain regulatory approval.

5. Elliott concedes that it does not yet have an executable proposal to make and is trying to buy time to submit a proposal when and if it can find funding. Even if Elliott were able to raise the funding that Elliott has indicted it is seeking, Elliott's contemplated structure would leave the reorganized EFIH with at least $4 billion of senior secured debt and at least $1.5 billion of preferred stock, with the terms of such preferred stock allowing the shareholders to "put" the

---

[4] If this Court grants the Approval Order, the Debtors will still have the right to pursue any Superior Proposal (as defined in the Merger Agreement). If the Debtors choose to pursue a Superior Proposal, they will be obligated for the Termination Fee.

stock to EFIH in just four years. This put right would convert the preferred equity into debt totaling at least $1.5 billion in just four years.[5]

6. In contrast, the NextEra proposal left no debt at reorganized EFIH, and the conditions to which BHE has agreed with the PUCT staff and key intervenors also leaves no debt at reorganized EFIH. The Movants have provided nothing that indicates that the PUCT would seriously consider a capital structure that would leave reorganized EFIH with more than $4 billion of senior secured debt and an accrual of at least $1.5 billion of preferred stock with put rights, even if Elliott could raise the capital it has been unable to raise to date.

7. Moreover, the Movants assert that **if** Elliott can find financing **and** obtain regulatory approvals, the proposal it would then make might enhance the aggregate value received by the Debtors by no more than 2% to 3% of the total all cash consideration offered by BHE.[6] The theoretical potential upside of no more than 2% to 3% simply does not justify the additional risk that Elliott will not be able to propose and then close an alternative transaction.

8. If this Court does not enter the Approval Order by August 21, 2017, which cannot occur if the Motion to Adjourn is granted, BHE will terminate the Merger Agreement and the Movants will have torpedoed the only concrete viable path forward for the Debtors, without even addressing the merits of the Merger Agreement, thereby depriving the Debtors of their day in Court.

---

[5] Elliott's contemplated preferred stock terms provide for either accrual of dividends or cash payment. If the reorganized EFIH does not pay the dividends in cash, which it may be unable to do after paying debt service on its $4 billion of senior secured debt, the "put" price will increase to approximately $2 billion (110% of $1.5 billion, plus dividends of 5% per annum) in four years.

[6] Under Elliott's contemplated structure, EFIH unsecured creditors that do not invest new money receive a tiny fraction of out of the money warrants to buy 2% of the common equity in a reorganized EFIH, which would be junior to more than $5.5 billion of senior debt and preferred stock. The value of these warrants, if any, is not clear, but could be addressed on August 10, 2017, if the Adjournment Motion is denied.

**CONCLUSION**

For the reasons set forth and incorporated herein, BHE respectfully requests that the Court deny the Motion to Adjourn in all respects.

| | |
|---|---|
| Dated:  July 25, 2017<br>Wilmington, Delaware | **CHIPMAN BROWN CICERO & COLE, LLP**<br><br>  */s/ William E. Chipman, Jr.*  <br>William E. Chipman, Jr. (No. 3818)<br>Mark D. Olivere (No. 4291)<br>Hercules Plaza<br>1313 North Market Street, Suite 5400<br>Wilmington, Delaware 19801<br>Telephone:    (302) 295-0191<br>Facsimile:     (302) 295-0199<br>Email:           chipman@chipmanbrown.com<br>                     olivere@chipmanbrown.com<br><br>—and—<br><br>Jeffrey C. Krause (admitted *pro hac vice*)<br>Daniel B. Denny (admitted *pro hac vice*)<br>Michael S. Neumeister (admitted *pro hac vice*)<br>**GIBSON, DUNN & CRUTCHER LLP**<br>333 South Grand Avenue<br>Los Angeles, California 90071-3197<br>Telephone:    (213) 229-7000<br>Facsimile:     (213) 229-7520<br>Email:           JKrause@gibsondunn.com<br>Email:           DDenny@gibsondunn.com<br>Email:           MNeumeister@gibsondunn.com<br><br>*Counsel for Berkshire Hathaway Energy Company* |