**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) |
| | ) |
| | ) Chapter 11 |
| ENERGY FUTURE | ) |
| HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
| | ) |
| *Debtors*. | ) (Jointly Administered) |
| | ) |

**NOTICE OF DEPOSITION OF BERKSHIRE HATHAWAY ENERGY COMPANY**
**PURSUANT TO FED. R. CIV. P. 30(b)(6)**

**TO:**  Berkshire Hathaway Energy Company, c/o Counsel.

| | |
|---|---|
| Daniel B. Denny, Esq. | William E. Chipman, Esq. |
| Jeffrey C. Krause, Esq. | Chipman Brown Cicero & Cole, LLP |
| Michael S. Neumeister, Esq. | Hercules Plaza |
| Steven E. Sletten, Esq. | 1313 North Market Street, Suite 5400 |
| Gibson, Dunn & Crutcher LLP | Wilmington, Delaware 19801 |
| 333 South Grand Avenue | |
| Los Angeles, California 90071-3197 | |

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

Procedure, as made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure, and

the Local Rules of Bankruptcy Practice and Procedure for the United State Bankruptcy Court for

the District of Delaware, Elliott Associates, L.P., Elliott International, L.P., and The Liverpool

Limited Partnership  (collectively, "Elliott" or the "Elliott Funds"), by their counsel of record,

will take the deposition upon oral examination of Berkshire Hathaway Energy Company

("Berkshire") in connection with the *Motion of the EFH/EFIH Debtors for Order Authorizing*

*Entry into Merger Agreement and Approving Termination Fee*, dated July 7, 2017 [D.I. 11430].

The deposition will take place on August 8, 2017 at a time and location to be mutually agreed

upon by the parties and will cover the matters set forth in **Schedule A**.  The testimony will be recorded by stenographic and audiovisual means and will continue from day to day until completed.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Federal Rule of Bankruptcy Procedure 7030 and Federal Rule of Civil Procedure 30(b)(6), Berkshire must designate one or more persons to testify on its behalf with regard to all matters known or reasonably available to them on the matters set forth in **Schedule A** attached hereto.  Elliott requests that Berkshire provide, as soon as reasonably possible, a written designation of the name(s) and position(s) of the persons who consent to testify on behalf of Berkshire.

Date:   July 25, 2017
        Wilmington, DE

BAYARD, P.A.

*/s/ Erin R. Fay*
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
Evan T. Miller (No. 5364)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
E-mail:scousins@bayardlaw.com
      efay@bayardlaw.com
      emiller@bayardlaw.com

  --and--

ROPES & GRAY LLP
Keith H. Wofford
Gregg M. Galardi
D. Ross Martin
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: 212-596-9000
Facsimile:  212-596-9090
Email: Keith.Wofford@ropesgray.com
      Gregg.Galardi@ropesgray.com
      Ross.Martin@ropesgray.com
*Counsel to The Elliott Funds*

Error! Unknown document property name.

## SCHEDULE A – 30(b)(6) TOPICS
## CONCERNING MERGER APPROVAL MOTION

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rules 7030, and 9014 of the Federal Rules of Bankruptcy Procedure, Berkshire is required to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on their behalf with respect to each of the subjects set forth below.  In addition, Berkshire is requested to provide Elliott with written notice, at least one business day in advance of the deposition, of the name and employment position of the designee who consents to testify on behalf of Berkshire.

This deposition seeks testimony that may be relevant to the *Motion of the EFH/EFIH Debtors for Order Authorizing Entry into Merger Agreement and Approving Termination Fee*, dated July 7, 2017 ("Merger Approval Motion") [D.I. 11430].  The requesting parties reserve all rights to seek additional testimony in connection with subsequent phases of this proceeding.

## <u>DEFINITIONS</u>

The following definitions of terms apply to the deposition topics contained herein. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

A.     "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware.

B.     "Berkshire" means Berkshire Hathaway Energy Company and any current or former parents, subsidiaries, or affiliates thereof, and any current or former officer, director, partner, agent, employee, or attorney thereof.

C.     "Berkshire Merger Agreement" means the Agreement and Plan of Merger, dated as of July 7, 2017, between Berkshire and the Debtors.

D.    "Berkshire Transaction" means (i) the proposed merger between Berkshire and Debtors whereby Berkshire would acquire an approximately 80% ownership stake in Oncor and related transactions, as contemplated by the Berkshire Merger Agreement, and (ii) any other actual or potential Transaction by and among Berkshire and Debtors.

E.    "Chapter 11 Cases" means the chapter 11 cases, commenced by the Debtors in the Bankruptcy Court on April 29, 2014.

F.    "Communication" means the transmittal of information in any form.

G.    "Concerning," whether capitalized or not, means relating to, referring to, describing, evidencing, reflecting, regarding, constituting, discussing, mentioning, noting, memorializing, analyzing, commenting upon, evaluating, having any connection with, or having a tendency to prove or disprove.

H.    "Debtors" or "EFH/EFIH Debtors" means, collectively, Energy Future Intermediate Holding Company LLC ("EFIH") and Energy Future Holdings Corp. ("EFH"), and any of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

I.    "Elliott" or the "Elliott Funds" mean Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership, and any current or former officer, director, partner, agent, employee, or attorney thereof, and any current or former parents, subsidiaries, or affiliates of the above-listed companies.

J.    "Governor of Texas" means the Office of the Texas Governor, Governor Greg Abbott, any current or former officer, director, partner, agent, employee, or attorney thereof, and any former governor of Texas.

K.    "IRS" means the Internal Revenue Service.

-4-

L.      "Joint Plan of Reorganization," means the Joint Plan of Reorganized, filed on July 7, 2017.

M.      "Lieutenant Governor of Texas" means the Office of the Texas Lieutenant Governor, Lieutenant Governor Dan Patrick, and any current or former officer, director, partner, agent, employee, or attorney thereof, and any former lieutenant governor of Texas.

N.      "Merger Agreement Motion" means the Motion of the EFH/EFIH Debtors for Order Authorizing Entry into Merger Agreement and Approving Termination Fee, dated July 7, 2017. [D.I. 11430]

O.      "Oncor" means Oncor Electric Delivery Company LLC, Oncor Electric Delivery Holdings Company LLC, and any current or former officer, director, partner, agent, employee, or attorney thereof.

P.      "OPUC" means the Texas Office of Public Utility Counsel.

Q.      "Person" or "persons," whether capitalized or not, means any natural person or legal entity, including, without limitation, any business or governmental entity or association.

R.      "PUCT" means the Public Utility Commission of Texas, and any current or former commissioner, employee, agent, or attorney thereof.

S.      A "representative" of a person or an entity means any officer, director, partner, agent, employee, or attorney of such person or entity.

T.      "Steering Committee of Cities Served by Oncor" means that certain group of Oncor customers represented by Lloyd Gosselink Rochelle & Townsend, P.C.

U.      "Texas Attorney General" means the Office of the Attorney General of the State of Texas, Attorney General Ken Paxton, any current or former officer, director, partner, agent, employee, or attorney thereof, and any former attorney general of Texas.

Error! Unknown document property name.

V.     "Texas Industrial Energy Consumers" means that certain group of Oncor customers represented by Thompson & Knight LLP.

W.     "Transaction" means any actual or potential transaction for the direct or indirect sale or other disposition of EFIH's interest in Oncor, including by way of a merger, acquisition, a chapter 11 plan, or otherwise.

X.     "You" and "your" mean the person responding to this Subpoena, and any of its, his, or her respective agents, assigns, representatives, attorneys, advisors and other persons acting or purporting to act for or on its, his, or her behalf.

## RULE 30(b)(6) DEPOSITION TOPICS

1.     The Berkshire Transaction, the Berkshire Merger Agreement, and/or the termination fee provided thereunder, including investment committee consideration and analyses and presentations provided to any investment committee.

2.     Communications and analyses concerning the Berkshire Transaction, including without limitation (i) analyses or Communications concerning the allocation of any termination fee between EFH and EFIH or the impact of such allocation on any recovery by EFH or EFIH creditors, (ii) the confirmability of the Joint Plan of Reorganization, filed on July 7, 2017, and/or (iii) the likelihood of Bankruptcy Court approval of the Berkshire Transaction and/or the termination fee thereunder.

3.     The initial proposal submitted by Berkshire referenced in paragraph 26 of the Merger Agreement Motion.

4.     Berkshire's valuation, assessment, or analysis of the Berkshire Transaction.

5.     Berkshire's valuation, assessment, or analysis of a Transaction proposed by Elliott, or any other actual or potential Transaction.

Error! Unknown document property name.

6.      Communications with the Debtors, Oncor, or anyone acting on their behalf, including without limitation any financial or other advisor, concerning the Berkshire Transaction, the Berkshire Merger Agreement, the proposed Elliott Transaction, or any other actual or potential Transaction.

7.      The PUCT's actual or potential consideration, approval, or disapproval of the proposed Elliott Transaction, the Berkshire Transaction, or Berkshire's efforts to secure regulatory approval from PUCT, as well as the likelihood of any such approval or disapproval by PUCT.

8.      Berkshire's proposed regulatory commitments with Oncor, PUCT, OPUC, the Steering Committee of Cities Served by Oncor, Texas Industrial Energy Consumers, the Texas Attorney General, the Governor of Texas, the Lieutenant Governor of Texas, and any other actual or potential intervener.

9.      All fees, expenses, or other costs (including without limitation legal and financial advisor fees and expenses) incurred by Berkshire in connection with the proposed Berkshire Transaction.

10.     Rating agency analyses and/or credit ratings for Debtors and/or Oncor, including without limitation any Communications with any rating agencies.

11.     Berkshire's efforts to secure regulatory approval from the IRS in connection with the Berkshire Transaction, including without limitation analyses concerning the likelihood and timing of obtaining the Supplemental Rulings, as described in Section 6.14 of the Berkshire Merger Agreement.

12.     Communications with news organizations (including but not limited to print, television, and Internet-based outlets such as Bloomberg L.P.) concerning the Berkshire

Error! Unknown document property name.

Transaction (including Berkshire's efforts to secure financing, creditor support, and IRS and PUCT approval thereof), any other actual or potential Transaction (including Elliott's efforts to secure financing, creditor support, and IRS and PUCT approval thereof), and any other matter in the Chapter 11 Cases.

13.    Communications concerning Elliott and the Chapter 11 Cases, including without limitation any actual or potential Transaction involving Elliott.

Error! Unknown document property name.