### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 11425** |

**ORDER SCHEDULING CERTAIN HEARING DATES AND DEADLINES AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH CONFIRMATION OF THE JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC, AND THE EFH/EFIH DEBTORS PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion")[2] of the E-Side Debtors for entry of an order (this "Order") scheduling certain dates and deadlines and establishing certain protocols in connection with the confirmation of the *Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended or supplemented from time to time, the "Plan"); and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Motion was adequate and appropriate

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

under the particular circumstances; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief have been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1. The Motion is granted to the extent provided herein.

2. The protocols and schedule set forth below shall govern approval of the Disclosure Statement (the "Statement Proceedings") and confirmation of the Plan (the "Confirmation Proceedings" and together with the Disclosure Statement Proceedings, the "Proceedings"), which, for the avoidance of doubt, includes all related discovery.

## I.    PARTICIPATING PARTIES

3. Any party in interest, other than the parties listed in this paragraph, that intends to participate in the Proceedings (a "Proposed Participant") must file with the Court a notice indicating such intent (a "Notice of Intent"). Only a Proposed Participant who files a Notice of Intent to which the Court does not sustain an objection may take part in the Proceedings (each such party, a "Participating Party"). For purposes of the Proceedings, the Participating Parties shall include (a) the Debtors; (b) the United States Trustee; (c) the EFH Creditors' Committee; (d) the EFIH First Lien DIP Agent; (e) Pacific Investment Management Co. LLC, as manager for certain funds and accounts that hold EFIH DIP Loan Notes; (f) Delaware Trust Company, as the indenture trustee for the EFIH first lien notes; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, as indenture trustee for the EFIH second lien notes;

2

(h) the EFIH Unsecured Indenture Trustee; (i) Fidelity Research & Management Company; (j) the Elliott Funds; (k) American Stock Transfer & Trust Company, LLC, as indenture Trustee for EFH Unsecured Notes; (l) the ad hoc group of EFH Legacy Noteholders; (m) Shirley Fenicle, individually and as successor-in-interest to the Estate of George Fenicle, David William Fahy, John H. Jones, and David Heinzmann; (n) the ad hoc committee of certain unaffiliated holders of first lien senior secured claims against the TCEH Debtors; and (o) Berkshire Hathaway Energy Company, each without need to file a Notice of Intent.

4. Each Notice of Intent must contain: (a) the name and address of the party in interest (or, in the case of a group of parties in interest, the names and addresses of each of its members) and the name of the law firm(s) and individual attorneys representing such party in interest or group; and (b) a description of the claims that the party in interest believes it may have against the E-Side Debtors, including, if available, a list of all proof(s) of claim filed either individually or by the group.

5. A Proposed Participant may file a Notice of Intent at any time prior to the close of the Confirmation Proceedings, but each Participating Party must comply with all deadlines set forth in this Order and shall not be allowed to reopen any deadlines that have already passed prior to the Participating Party's filing of a Notice of Intent.

6. The E-Side Debtors and the Participating Parties shall, within ten days of the filing of any Notice of Intent, have the right to object to that Notice of Intent on any and all grounds, including that the Notice of Intent is harassing, was served by persons that are not parties in interest, does not comply with the terms of this Order, or does not demonstrate a legally cognizable interest in the E-Side Proceedings. Until the Court rules on any such objection, the Proposed Participant shall not be deemed a Participating Party.

## II. SCHEDULING MATTERS

7. The Court strongly encourages the parties to resolve all objections to the Disclosure Statement before the Disclosure Statement Hearing, encourages the parties to resolve all evidentiary disputes before the Confirmation Hearing, and strongly discourages the parties from pursuing expensive, time-consuming, and unnecessary discovery or litigation regarding the adequacy of the Disclosure Statement or confirmation of the Plan.

8. The following dates shall govern approval of the Disclosure Statement and confirmation of the Plan:

9. **Disclosure Statement Proceedings**:

   a. **Friday, August 18, 2017, at 4:00 p.m. (prevailing Eastern Time)**, shall be the deadline by which any party, including the Participating Parties, must file any objections to the Disclosure Statement.

   b. **Thursday, August 24, 2017, at 4:00 p.m. (prevailing Eastern Time)**, shall be the deadline by which the E-Side Debtors must file their reply to all timely objections to the Disclosure Statement. The E-Side Debtors shall contemporaneously file an amended version of the Disclosure Statement reflecting all proposed changes.

   c. **Tuesday, August 29, 2017, at 10:00 a.m. (prevailing Eastern Time)**, shall be the date of the start of the Disclosure Statement Hearing.

   d. **Thursday, August 31, 2017**, shall be the date by which the E-Side Debtors must file the final Disclosure Statement, as approved by the Court.

10. **Fact Discovery**:

    a. **Thursday, August 3, 2017**, shall be the deadline for Participating Parties to serve written discovery requests relating to the Plan (the "Requests"), in accordance with the procedures below.

    b. **Thursday, August 10, 2017**, shall be the deadline for the Participating Parties to serve responses and objections to the Requests.

    c. **Wednesday, September 6, 2017**, shall be the date on which Participating Parties shall have completed the production of all documents in response to the Requests, provided that all parties will make commercially

4

reasonable efforts to produce documents on a rolling basis in advance of the deadline.

d. **Friday, September 15, 2017**, shall be the date on which Participating Parties shall have provided logs of all documents responsive to the Requests that were withheld on the basis of any claim of privilege.

e. **Monday, September 18, 2017**, shall be the date on which depositions of fact witnesses may begin. Deposition notices must be served no later than seven days prior to the deposition date, and any objections thereto must be served no later than five days before the deposition date; *provided, however*, that the objection deadline will be no earlier than three days after the date the deposition notices are served. Should any Participating Party include a witness on its preliminary or final witness lists who was not deposed, such witness shall be made available for a deposition, and the deposition notice shall be made within five days after such witness designation.

f. **Wednesday, September 20, 2017**, shall be the deadline by which Participating Parties must file any motions to compel discovery responses and document production.

g. **Monday, September 25, 2017**, shall be the date on which all fact discovery shall be complete. Reasonable requests for follow-up documents or limited fact depositions based on new information discovered after this date will not be unreasonably withheld.

11. **Expert Discovery**:

    a. **Tuesday, September 26, 2017**, shall be the date by which the Participating Parties shall engage in the simultaneous exchange of reports prepared by expert witnesses. These reports must satisfy the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

    b. **Tuesday, October 3, 2017**, shall be the date by which the Participating Parties shall engage in the simultaneous exchange of reports prepared by the rebuttal expert witnesses. These disclosures must satisfy the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

    c. **Friday, October 6, 2017**, shall be the date on which all expert discovery shall be complete. Deposition notices must be served no later than five days prior to the deposition date, and any objections thereto must be served no later than three days before the deposition date; *provided, however*, that the objection deadline will be no earlier than three days after the date the deposition notices are served.

12. **Confirmation Proceedings:**

   a. **Thursday, October 12, 2017, at 12:00 p.m. (prevailing Eastern Time)**, shall be the deadline by which parties must file any objections to the Plan.

   b. **Friday, October 13, 2017**, shall be the deadline by which Participating Parties must serve a preliminary list of witnesses and exhibits they intend to offer at the Confirmation Hearing. Witness lists shall identify all witnesses that each party will call or may call at each phase of the Confirmation Hearing and shall provide a brief summary of each witness's anticipated testimony.

   c. **Monday, October 16, 2017**, shall be the deadline by which Participating Parties must submit a proposed joint pretrial order per Local Bankruptcy Rule 7016-2(d).

   d. **Wednesday, October 18, 2017**, shall be the deadline by which Participating Parties must file motions in limine.

   e. **Thursday, October 19, 2017, at 4:00 p.m.**, shall be the deadline by which the E-Side Debtors must file their reply to all timely objections to the Plan.

   f. **Thursday, October 19, 2017**, shall be the deadline by which Participating Parties must serve a <u>final</u> list of witnesses and exhibits they intend to offer at the Confirmation Hearing. Witness lists shall identify all witnesses that each Participating Party will call or may call at the Confirmation Hearing and shall provide a brief summary of each witness's anticipated testimony.

   g. **Friday, October 20, 2017**, shall be the deadline by which Participating Parties must file oppositions to motions in limine.

   h. **Monday, October 23, 2017, at [12]p.m. (prevailing Eastern Time)**, shall be the date and time of the final pretrial conference.

   i. **Tuesday, October 24, 2017**, shall be the date of the start of the Confirmation Hearing. The E-Side Confirmation Hearing will continue, as necessary, from day to day on **October 25 to November 2**, in each case starting at **[10] [a].m. (prevailing Eastern Time)** except as otherwise set by the Court and as may be extended by the Court as the Court's schedule permits; *provided, however,* the Confirmation Hearing may be continued from time to time by the Court or for good cause shown.

   Trial time will be divided equally between Plan supporters and Plan objectors, to be monitored by a chess clock. The Court will consider the submission of written directs upon request by the parties, which submissions shall not count against the submitting party's available trial time.

6

### III. OTHER GOVERNING PROTOCOLS AND PROCEDURES

13. **Protective Order.** All discovery in connection with the E-Side Proceedings shall be subject to and conducted in accordance with the terms of the *Confidentiality Agreement and Stipulated Protective Order*, dated August 13, 2014 [D.I. 1833], attached hereto as **Exhibit 1** (the "Protective Order"). By serving a Notice of Intent, each Proposed Participant shall be deemed to have read and agreed to abide by the terms of the Protective Order. Upon becoming a Participating Party, each Participating Party must provide the Protective Order to any person it employs or engages who is given access to information produced in discovery.

14. **Document Discovery:**

    a. Repository. All producing parties shall produce documents by providing them to a third-party service provider, which will then make the documents available through a document repository (the "Repository"). The Repository will be the same repository established under paragraph 7 of the *Order Establishing Discovery Procedures with Legacy Discovery of Energy Future Holdings Corporation, its Affiliates, and Certain Third Parties and Other Related Matters*, dated August 13, 2014 [D.I. 1832] (the "Legacy Discovery Protocol") and shall maintain the same functionality ordered under the Legacy Discovery Protocol. The E-Side Debtors shall remain responsible for the costs of housing the Repository, while each Participating Party shall be responsible for the costs of its respective access to and downloading from the Repository.

    b. Production Format Protocol. All documents and ESI produced by the E-Side Debtors or any non-debtors in accordance with this Order shall be produced in conformance with the terms of the e-discovery protocol [D.I. 4138-2], attached hereto as **Exhibit 2**.

15. **Document Discovery from Legal, Financial, or Industry Advisors of the Participating Party.** Each Participating Party that is the recipient of a request for the production of documents agrees to make reasonable efforts to produce responsive and non-privileged documents on behalf of any legal, financial, or industry advisor retained by such Participating Party in connection with these chapter 11 cases and/or under the Participating Party's control, without the need for such advisor to be subpoenaed directly.

16. **Assertions of Privilege.** If any recipient of a discovery request withholds or redacts any documents on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, that person shall provide the Participants with a privilege log consistent with Rule 26(b)(5) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7026 and 9014. Efficient means of providing information regarding claims of privilege are encouraged, and parties are encouraged to agree upon measures that further this end. For example, when asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by Rule 26(b)(5) by group or category. A party receiving a privilege log that groups documents or otherwise departs from a document-by-document or communication-by-communication listing may not object solely on that basis, but may object if the substantive information required by Rule 26(b)(5) has not been provided in a comprehensible form.

17. **Limitations on Interrogatories.** Unless otherwise ordered by the Court, interrogatories shall be restricted to those seeking names of witnesses with knowledge of discoverable information. Interrogatories other than those seeking information described in this paragraph shall not be allowed.

18. **Requests for Admission.** Without leave of the Court upon a specific showing of good cause, requests for admission pursuant to Rule 36 of the Federal Rules of Civil Procedure shall not be allowed, except with respect to any request to admit the authenticity of any described document.

19. **Limitations on Depositions.** A Participating Party must obtain leave of Court, for good cause shown, to take a deposition that would result in (a) more than 10 fact witness depositions taken by Plan objectors or 10 fact witnesses taken by Plan proponents; or (b) a

witness being deposed more than once in his or her individual capacity. Each deposition taken in connection with the Confirmation Proceedings shall be limited to eight hours. For purposes of these limitations, each witness produced in response to a Rule 30(b)(6) deposition notice shall be treated as a separate deponent. At least forty-eight hours in advance of any Rule 30(b)(6) deposition, the party being deposed shall identify all witnesses who will be put forward to testify on the topics in the 30(b)(6) deposition notice.

20. **Overlap with Prior Discovery.** Participating Parties shall not serve discovery seeking the same documents from the same time period already produced by that Participating Party in response to other requests in these chapter 11 cases, including prior plan confirmation proceedings, nor shall the Participating Parties seek discovery on any topic that was resolved and settled in connection with the Settlement Order [D.I. 7243]. The E-Side Debtors will ensure that the Repository includes all documents produced pursuant to any formal document demand in these chapter 11 cases to which the E-Side Debtors have access.

21. **Third-Party Documents Received Pursuant to Subpoena.** Each Participating Party shall produce or make available to the other Participating Parties, through the Repository, all materials obtained from third parties pursuant to Rule 45 of the Federal Rules of Civil Procedure within five business days of receiving such material from a third party.

22. **Expert Discovery.** Any expert retained or specially employed to provide expert testimony in connection with the Confirmation Proceedings shall submit an expert report that satisfies the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. The limitations on expert discovery under Rule 26(b)(4) shall apply.

23. **Discovery Disputes.** Any dispute with regard to discovery conducted under this Order that cannot be resolved in good faith consultation may be presented to the Court by a letter

from the party seeking relief with all Participating Parties copied. Unless otherwise agreed to by the disputing Participating Parties, any response to such letter shall be made by letter to the Court delivered within five business days after service of the initial letter submission on the applicable Participating Party. Without leave from the Court, no letter shall exceed eight pages in length and no additional submissions will be permitted.

24.     **Amendments or Modifications**. Except as otherwise ordered by the Court, this Order shall control any and all discovery by Participating Parties in connection with the Confirmation Proceedings; *provided, however,* that the E-Side Debtors, in agreement with the affected Participating Parties, may amend or modify the terms of this Order without further order by the Court upon filing written notice of such amendment or modification with the Court.

25.     **Service**. All pleadings, motions, and other papers related to the Confirmation Proceedings that are filed are to be served electronically. In addition, the Participating Parties agree to serve by e-mail on all other Participating Parties all discovery requests—in both .pdf and Word format—and written responses and other papers that are not filed. If transmission of voluminous materials as an e-mail attachment is impractical, those materials shall be served by overnight delivery with the ability to "track" deliveries and verify receipt. Unless received by 6 p.m. prevailing Eastern Time, discovery requests will be deemed received the next business day.

26.     **No Legal Representation Implied by Participation**. For the avoidance of doubt, neither any provision of this Order nor the participation or activity by any attorney in any aspect of the Confirmation Proceedings shall be deemed or construed to create an attorney-client relationship between any attorney and any Participating Party, and no attorney participating in the Confirmation Proceedings shall have any duty or obligation to any Participating Party other than as indicated on the applicable Notice of Intent.

## IV.  MISCELLANEOUS

27. For purposes of clarity, the page limit set forth in Local Bankruptcy Rule 7007-2(a)(iv) shall not apply to the E-Side Debtors in connection with filing any brief or declaration in support of Plan confirmation.

28. To the extent necessary, the Local Bankruptcy Rules, including, for the avoidance of doubt, Local Rule 3017-1(a), are waived.

29. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

30. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

31. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

32. The E-Side Debtors are authorized to take all actions necessary to effectuate the relief

33. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: July 28, 2017
Wilmington, Delaware

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge