IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEPOSITION OF SUNRISE PARTNERS LIMITED
PARTNERSHIP PURSUANT TO FED. R. CIV. P. 30(b)(6) IN CONNECTION
WITH THE DEBTORS' MOTION TO APPROVE THE BHE MERGER AGREEMENT**

**TO:**  Gellert Scali Busenkell & Brown, LLC
1201 N. Orange Street, Suite 300
Wilmington, DE 19801

Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue, 31st Floor
New York, NY 10022

**PLEASE TAKE NOTICE** that, pursuant to rules 26 and 30 of the Federal Rules of Civil Procedure (the "Federal Rules")—as made applicable to these proceedings by rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 7026-1, 7026-2, and 7030-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware—the above-captioned debtors and debtors in possession (collectively, the "Debtors"), through their attorneys, will, in connection with *Motion of the EFH/EFIH Debtors for Order Authorizing Entry into Merger Agreement and Approving Termination Fee*, dated July 7, 2017 [D.I. 11430], take the deposition upon oral

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

examination of a designee or designees of Sunrise Partners Limited Partnership ("Sunrise"), **on August 16, 2017 beginning at 9:00 a.m. (Eastern Daylight Time), or another time and date that is mutually agreeable between the parties**, at the office of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022.  The deposition will take place before a court reporter and will be recorded by stenographic means, and shall continue from day to day until it has been completed.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Bankruptcy Rules 7030 and 9014 and Federal Rule 30(b)(6), Sunrise must designate one of more persons to testify on its behalf with regard to all matters known or reasonably available to it on the matters set forth on **Schedule A** attached hereto.  The Debtors request that Sunrise provide, as soon as reasonably possible, a written designation of the name(s) and position(s) of the persons who consent to testify on behalf of Sunrise.

[*Remainder of page intentionally left blank.*]

Dated:  July 29, 2017
     Wilmington, Delaware              */s/ Jason M. Madron*
                                                **RICHARDS, LAYTON & FINGER, P.A.**
                                                Mark D. Collins (No. 2981)
                                                Daniel J. DeFranceschi (No. 2732)
                                                Jason M. Madron (No. 4431)
                                                920 North King Street
                                                Wilmington, DE 19801
                                                Telephone: (302) 651-7700
                                                Facsimile: (302) 651-7701

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

-and-

Mark E. McKane, P.C. (admitted *pro hac vice*)
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

*Co-Counsel to the Debtors and Debtors in Possession*

RLF1 17897196v.1

# SCHEDULE A

# RULE 30(b)(6) DEPOSITION TOPICS[2]

1. Sunrise's holdings in the Debtors' capital structure and Sunrise's efforts to acquire such holdings, including any review, analysis, or evaluation of any information provided to or requested by Sunrise or any of its representatives in connection with such acquisition or potential acquisition, including Sunrise's investment thesis.

2. Sunrise's interests or contracts to acquire interests in securities of EFIH and EFH, including the nature and amount of the interests, the consideration delivered or agreed to be delivered by Sunrise in exchange for each interest, and the date on which each interest was acquired or is expected to be acquired.

3. Agreements governing the terms of Sunrise's acquisition of interests in securities of EFIH or EFH and all related documents, including any agreement relating to participation rights, rights to proceed, voting rights, rights with respect to any chapter 11 plan of reorganization, or repurchase rights.

4. Agreements between Sunrise and any other party concerning or relating to EFIH or EFH, or any security issued by either of them, including any credit default insurance, acquisition agreements, participation agreements, repurchase agreements, hedging arrangements, or guarantees.

5. Communications with Elliott regarding these Chapter 11 Cases.

6. Communications with Berkshire regarding these Chapter 11 Cases.

---

[2] Unless expressly indicated otherwise, the time period for these Topics shall be March 31, 2017 to present.

7. Confidentiality agreements considered, negotiated, executed, and/or terminated by Sunrise, its advisors, and/or potential financing sources (including any joinders thereto), since April 15, 2017.

8. The "presentation for potential financing partners" referenced in paragraph 19 of *The Elliott Funds' Motion to Adjourn Hearing on the Motion of the EFH/EFIH Debtors for Order Authorizing Entry into Merger Agreement and Approving Termination Fee* [D.I. 11506], or any other presentation to potential financing sources, including but not limited to EFH/EFIH Restructuring and Debt Capital Needs Update presentation.

9. Sunrise's understanding of creditor support for the Berkshire Transaction, including Communications between (a) Sunrise and all of its agents, advisors, employees, representatives, staff, attorneys, and all other persons or entities acting on its behalf (b) and creditors of the Debtors and all of their agents, advisors, employees, representatives, staff, attorneys, and all other persons or entities acting on their behalf.

10. Sunrise's understanding of creditor support for an Alternative Transaction, including Communications between (a) Sunrise and all of its agents, advisors, employees, representatives, staff, attorneys, and all other persons or entities acting on its behalf (b) and creditors of the Debtors and all of their agents, advisors, employees, representatives, staff, attorneys, and all other persons or entities acting on their behalf.

11. Sunrise's understanding and analysis of projected creditor recoveries in connection with the Berkshire Transaction, including, but not limited to, projected creditor recoveries for different emergence dates.

12. Sunrise's understanding and analysis of projected creditor recoveries in connection with an Alternative Transaction, including, but not limited to, projected creditor recoveries for different emergence dates.

13. Sunrise's valuation of the Berkshire Transaction.

14. Sunrise's valuation of an Alternative Transaction.

15. Communications, whether direct or indirect, with news organizations (including but not limited to print, television, and Internet-based outlets such as Bloomberg L.P.) regarding the Berkshire Transaction and any Alternative Transaction.

16. All fees, expenses, or other costs (including without limitation legal and financial advisor fees and expenses) incurred by Sunrise in connection with these Chapter 11 Cases.

## **DEFINITIONS**

The definitions set forth below are to be construed in the broadest sense with reference to all applicable rules.

1. "Alternative Transaction" means any actual or potential transaction for the direct or indirect sale or other disposition of EFIH's interest in Oncor that has been considered, contemplated, or developed since October 1, 2016 as an alternative to any and all transactions or plans of reorganization proposed by the Debtors in these Chapter 11 Cases (including any standalone plan of reorganization, any transaction by which a party other than NextEra or Berkshire seeks to acquire any portion of the Debtors' direct or indirect economic interest in Oncor, or any transaction that is conditioned or premised on an equitization).

2. "And" and "Or," whether capitalized or not, are intended as terms of inclusion, and not exclusion, and should be construed both disjunctively and conjunctively so as to bring

within the scope of the requests specified above and information which might otherwise be considered to be outside of their scope.

3. "Berkshire" means Berkshire Hathaway Energy Company.

4. "Berkshire Transaction" means the transaction reflected in the Agreement and Plan of Merger by and among Berkshire Hathaway Energy Company, O.E. Merger Sub Inc., O.E. Merger Sub II, LLC, O.E. Merger Sub III, LLC, Energy Future Intermediate Holding Company LLC, and Energy Future Holdings Corp., dated as of July 7, 2017 [D.I. 11430-2].

5. "Communication" means any contact whatsoever or any transmission or exchange of words, numbers, ideas, opinions, thoughts, concepts, graphs, symbols, images, or other information, emotion, feeling, or sentiment, whether complete or partial. Any request for communication includes all attachments and links contained in an electronic communication.

6. "Chapter 11 Cases" means the chapter 11 cases, commenced by the Debtors in the United States Bankruptcy Court for the District of Delaware on April 29, 2014.

7. "Document," whether capitalized or not, means any recording of information in whatever form, including, but not limited to, memoranda, correspondence, personal notes, spreadsheets, databases, work papers, telephone logs, calendars, plan books, diaries, journals and daily records of activity, drawings, graphs, charts, maps, photographs, video and/or audio recordings and other data compilations from which information can be obtained or translated (with or without the use of detection devices), including electronic files, records, and archives. For purpose of these requests, a document which is a copy of another document is intended to be separately requested if the copy differs in any way by virtue of any changes, additions, redactions, annotations, or recipients.

8. "EFH/EFIH Restructuring and Debt Capital Needs Update" means that certain presentation disclosed by Elliott on July 10, 2017 and any versions thereof.

9. "Elliott" means Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership and any or all of their agents, advisors, employees, representatives, staff, attorneys, and all other persons or entities acting on their behalf or under their control, including but not limited to Moelis & Company LLC.

10. "Including," whether capitalized or not, shall mean including, but not limited to. Phrases following the term "including" are not intended to be exhaustive of the topics or information sought and shall not in any way be read to limit the scope of the requests specified above.

11. "NextEra" means NextEra Energy, Inc.

12. "Oncor" means Oncor Electric Delivery Holdings Company LLC and its direct and indirect subsidiaries.

13. "Regarding," whether capitalized or not, shall mean concerning, referring to, relating to, evidencing, explaining, constituting, or comprising.

14. "Sunrise" means Sunrise Partners Limited Partnership.

15. "You" or "Your," whether capitalized or not, means the party responding to these discovery requests, including any agents, representatives or any person with any ownership interest thereof, or other persons acting, or purporting to act on behalf or under the control of the party responding to these discovery requests.