IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE<br>HOLDINGS CORP., *et al.*,<br><br>*Debtors*. | ) <br>) Chapter 11<br>) <br>) Case No. 14-10979 (CSS)<br>) <br>) (Jointly Administered)<br>) <br>) Re: D.I. 9584, ____ |

**ORDER GRANTING THE ELLIOTT FUNDS' MOTION TO RECONSIDER
IN PART THE SEPTEMBER 19, 2016 ORDER [DKT. NO 9584]
APPROVING THE NEXTERA TERMINATION FEE**

Upon the motion (the "Motion") of the Elliott Funds[1] to reconsider in part the *Order Authorizing Entry Into Merger Agreement, Approving Termination Fee, and Entry Into and Performance Under Plan Support Agreement* (Dkt. No. 9584) (the "Termination Fee Order"); and the Court having found that it has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that proper, timely, adequate, and sufficient notice, including notice of the Motion and the relief requested therein, has been provided in accordance with the Bankruptcy Rules, the Local Rules of this Court, and/or by order of the Court and no other or further notice of the Motion is or shall be required; and the Court having reviewed the Motion and having heard arguments and testimony presented at the hearing before the Court (if any); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having determined that the legal and factual

---

[1] All capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

bases, including new evidence not previously considered at the time the Termination Fee Order was entered, establish just cause for the relief granted herein; and any objections (if any) to the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing, it is hereby **ORDERED**:

1. The Motion is **GRANTED**.

2. Reconsideration of the Termination Fee Order is appropriate under the circumstances set forth in the Motion and as further described on the record at the hearing on the Motion.

3. All objections to the Motion (if any) that have not been withdrawn, waived, settled, or specifically addressed in this Order, and all reservations of rights included in such objections, are specifically overruled in all respects on the merits.

4. The Termination Fee, to the extent it becomes due and payable pursuant to the terms and conditions of the Merger Agreement, is disallowed, and the EFH/EFIH Debtors are not authorized to pay the Termination Fee as a qualified administrative expense under 11 U.S.C. § 503(b) or otherwise.

5. Accordingly, the Termination Fee Order (Dkt. No. 9584) is hereby amended to delete in its entirety the language at paragraph 4 of such order and to replace it with the following: [2]

---

[2] Paragraph 4 previously stated:

> The Termination Fee, upon the terms and conditions of the Merger Agreement, is approved, and the EFH/EFIH Debtors are authorized and directed to pay the Termination Fee as an allowed administrative expense to the extent it becomes due and payable pursuant to the terms and conditions of the Merger Agreement, at the time and in the manner provided for therein, without any further proceedings before, or order of, the Court; *provided, however,* that in the event that the Termination Fee becomes payable in accordance with section 8.5(b) of the Merger Agreement, the EFH Debtors, on the one hand, and the EFIH Debtors, on the other hand, either will agree on the allocation of the Termination Fee between their respective estates (and seek Bankruptcy Court approval of such allocation) or each estate reserves the right to request that the Bankruptcy Court

> The Termination Fee, upon the terms and conditions of the Merger Agreement, is disallowed, and the EFH/EFIH Debtors are not authorized to pay the Termination Fee as a qualified administrative expense or otherwise, to the extent it becomes due and payable pursuant to the terms and conditions of the Merger Agreement.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(a), 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be effective and enforceable immediately upon entry.

7. The EFH/EFIH Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. The Court shall retain jurisdiction over any matter or disputes arising from or relating to the interpretation, implementation, or enforcement of this Order.

Dated: _____, 2017
       Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

---

determine the appropriate allocation of the Termination Fee between the EFH Debtors and the EFIH Debtors; *provided, further, however* that the Termination Fee shall be payable as provided in the Merger Agreement and both the EFH Debtors and the EFIH Debtors agree that any such payment of the Termination Fee, by either or both estates, shall be without prejudice to the rights of each estate to seek a subsequent Bankruptcy Court ruling regarding the appropriate allocation of the paid Termination Fee between the EFH Debtors and the EFIH Debtors.