# EXHIBIT W

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>*Debtors*.[1] | Chapter 11<br>Bankruptcy Case No. 14-10979 (CSS) |
| SHIRLEY FENICLE, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE ESTATE OF GEORGE FENICLE, DAVID WILLIAM FAHY, AND JOHN H. JONES,<br><br>*Appellants*,<br><br>v.<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>*Appellees*. | BAP No. 16-47<br>Civil Action No. 16-CV-888 (RGA)<br><br>**Re: D.I. 17, 18, 19, 20** |

## APPELLEES' REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

1. After Appellees moved to dismiss this Appeal six weeks ago, circumstances continued to change in the Bankruptcy Court. The Debtors twice amended their plan of reorganization[1] and entered into a new plan support agreement with certain unsecured creditors of EFIH.[2] With the E-Side Confirmation Hearing scheduled to commence in 11 days, confirmation of a deal that brings $9.8 billion into these estates is in sight, but not yet achieved.

2. To summarize the shifting landscape since Appellants filed this Appeal in October, the Debtors have amended the Plan four times and entered into a new plan support agreement with certain creditors. Meanwhile, Appellants moved to dismiss the chapter 11 cases of certain Debtors with asbestos liabilities, appealed the Bankruptcy Court's order denying that motion, and objected to confirmation of the Plan on the same grounds raised in this Appeal.[3]

3. The *Response of Shirley Fenicle, David William Fahy, and John H. Jones in Opposition to Appellees' Motion to Dismiss Appeal* [D.I. 20] (the "Opposition") is notable for what Appellants do ***not*** say. Appellants do not

---

[1] The plan on file is the *Seventh Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Bk. D.I. 10551] (as may be further amended, the "Plan"). Capitalized terms used but not defined herein shall have the meanings ascribed in *Appellees' Motion to Dismiss Appeal* [D.I. 18] (the "Motion") or the Plan.

[2] Plan [Bk. D.I. 10551], Art. I(209).

[3] *Notice of Appeal* [Bk. D.I. 10511]; *Objection* [Bk. D.I. 10757].

distinguish (or even address) this Court's ruling that an order approving a different plan support agreement was interlocutory. Appellants do not cite any cases holding an order authorizing a termination fee to be final. And Appellants do not establish that Jones, Fenicle, and Fahy, who are parties in interest in the bankruptcy case, satisfy the more stringent requirements of appellate standing.

4. At the heart of this Appeal is a single grievance—that the proposed Plan violates the due process rights of unmanifested asbestos claimants who did not preserve their claims. That issue cannot be resolved until the Plan is confirmed. As this Court has explained before, "allowing [an] interlocutory appeal [of that due process issue] while the confirmation hearing is going on ***makes no sense***."[4] Appellants say it best in their brief: a "fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."[5] The Appeal is procedurally improper, and this Court should dismiss it.

---

[4] *Order*, *Fenicle v. EFH Corp.*, No. 15-MC-265 at 2 (D. Del. Nov. 9, 2015) [D.I. 3] (emphasis added).

[5] Opposition, 18 (quoting *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445–46 (1988)).

I.     **This Court Does Not Have Jurisdiction To Hear The Appeal.**

   A.   **The Authorization Order Is Not A Final Order Under 28 U.S.C. § 158(a)(1).**

5.     Ignoring the Supreme Court's recent directive—"[i]t ain't over till it's over," *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1693 (2015)—Appellants argue the Authorization Order is final. They urge this Court "to rule now that the discharge of Unmanifested Claims would violate due process, [so] the Debtors could immediately begin working towards a confirmable plan."[6] For at least five reasons, this Court should decline that invitation.

6.     ***First***, the Plan provisions "are not finally determined until the Bankruptcy Court enters an order confirming the new plan." *In re EFH Corp.*, No. 15-CV-1183-RGA, 2016 WL 5402186, at *2 (D. Del. Sept. 26, 2016). The Authorization Order has not finally resolved any issues as to the Merger Agreement, the PSA, or any other aspect of the confirmation process that Appellants challenge in this Appeal. Instead, the Authorization Order merely

---

6     Opposition, 8. Appellants argue that the Authorization Order is a final order because it "finally and conclusively resolve[s]" the due process issue. *Id.* at 9. At the same time, they state that the Bankruptcy Court's asbestos bar date order—which established the mechanism for unmanifested asbestos claimants to preserve their claims—was not a final order, citing a Second Circuit case in support. *Id.* at 8. Four pages later, Appellants claim that a different Second Circuit opinion regarding finality "has no application here because the standard of finality in that court is more strict than that applied by the Third Circuit." *See id.* at 13. In any event, the Supreme Court's 2015 guidance regarding finality prevails. *Bullard*, 135 S. Ct. at 1693.

authorizes the Debtors to enter into those agreements—as part of their broader confirmation efforts.[7] Those agreements have no legal effect on any asbestos claimant until the Bankruptcy Court issues an order confirming the Plan.

7. **Second**, Appellants make no attempt to distinguish this Court's dismissals of (a) an appeal from an order approving a different plan support agreement because that order was not "final"[8] or (b) Fenicle and Fahy's appeal from a defunct confirmation order because the Debtors had "proposed an alternate plan that [still is] the subject of ongoing litigation" and "further amendment."[9] Those decisions compel dismissal here.

8. **Third**, the circumstances before the Bankruptcy Court continue to evolve: since Appellants noticed the Appeal, the Debtors have amended the Plan four times, and Appellants moved to dismiss the chapter 11 cases of the EFH Debtors with potential asbestos-related liabilities. While the Debtors do not anticipate that the Bankruptcy Court will be asked to confirm a plan that does not

---

[7] Just because the Bankruptcy Court overruled Appellants' objections to the Authorization Order does not mean it decided their Plan confirmation objections.

[8] *See Order, BNYM v. EFH Corp.*, No. 15-CV-885-RGA (D. Del. June 27, 2016) [D.I. 32]; McKane Decl. Ex. 1 at 47:21-48:1. McKane Declaration exhibits referenced are attached to the *Declaration of Mark E. McKane, P.C. in Support of Appellees' Motion to Dismiss Appeal* [D.I. 19] or *Second Declaration of Mark E. McKane, P.C. in Support of Appellees' Motion to Dismiss Appeal*, filed contemporaneously herewith.

[9] *See In re EFH Corp.*, 2016 WL 5402186 at *2 (internal quotation marks omitted).

include a discharge of unpreserved unmanifested asbestos claims, that is an issue for the Bankruptcy Court to decide in the first instance.

9. **Fourth**, Appellants' invocation of "judicial economy" would constitute an end-run around the Bankruptcy Court's confirmation process. Appellants argue that "if this Court were to rule now that the discharge of Unmanifested Claims would violate due process, the Debtors could immediately begin working towards a confirmable plan, rather than waste additional time and resources on the current, unconfirmable Plan."[10] This argument ignores reality. Even if this Court denied the Motion *today*, under the parties' stipulated schedule, briefing on the merits would not conclude until April 3, 2017—long after the E-Side Confirmation Hearing concluded.[11] Appellants cannot use this Appeal to short-circuit confirmation of the Plan.

10. **Fifth**, as to the Termination Fee, Appellants cite no authority that the approval of such a fee is a final order. The Authorization Order does not resolve all issues related to the Termination Fee. It will be owed only "to the extent it becomes due and payable pursuant to the terms and conditions of the Merger Agreement."[12] And the Authorization Order does not address allocation of the Termination Fee: if the fee is triggered, further proceedings will be required to

---

[10]  Opposition, 7-8.

[11]  *Amended Stipulation* [D.I. 17].

[12]  Authorization Order ¶ 4 [Bk. D.I. 9584].

allocate it between the EFIH Debtors (of which Appellants are not creditors) and the EFH Debtors (of which Appellants purport to be creditors). Accordingly, the parties' rights and obligations with respect to the Termination Fee "remain unsettled" and are subject to later determination. *See Bullard*, 135 S. Ct. at 1693. As the *Reliant* court reasoned, "it is best to wait and see how the sale proceeds before making any final determinations regarding break-up fees and/or the other procedures used." *In re Reliant Energy Channelview, LP*, 397 B.R. 697, 700 & n.1 (D. Del. 2008) (holding that order denying termination fee was not final and citing, as support, authority that orders approving termination fees are not final).

    **B.    Hearing this Appeal Under 28 U.S.C. § 158(a)(3) Would Not Materially Advance the Ultimate Termination of the Confirmation Proceedings.**

11. Appellants do not distinguish (or even address) this Court's prior refusal to hear an interlocutory appeal on the same issue—whether the discharge of unpreserved, unmanifested claims comports with due process.[13] There, this Court explained, "I am confident that allowing this interlocutory appeal while the confirmation hearing is going on makes no sense."[14]

---

[13]    *Order*, *Fenicle v. EFH Corp.*, No. 15-MC-265 (D. Del. Nov. 9, 2015) [D.I. 3].

[14]    *Id.* (further reasoning the Bankruptcy Court "has not decided whether the proposed treatment complies with the law or not").

12. Here, the E-Side Confirmation Hearing begins in 11 days. Appellants have objected to the Plan, arguing that the discharge of unpreserved, unmanifested claims violates due process.[15] Until the Bankruptcy Court addresses that Plan objection, an appeal of the due process issue cannot "materially advance the ultimate termination of the litigation." *See In re Culp*, 550 B.R. 683, 694 (D. Del. 2015).[16]

## II. Even If This Court Had Jurisdiction to Hear the Appeal, Appellants Lack Standing to Bring It.

13. All three Appellants lack constitutional and appellate standing to challenge the Authorization Order. While Jones, Fenicle, and Fahy are "parties in interest," as defined by section 1109(b) of the Bankruptcy Code, the Third Circuit requires more.

### A. Jones Does Not Have Standing to Appeal from the Authorization Order.

14. As an initial matter, there is no evidence in the record about Jones. Appellants allege that "Jones did not receive notice of, and was unaware of, the bar date in these cases,"[17] citing unsworn statements made by Jones's attorneys in a notice of intent to participate in the confirmation proceedings. A fact is not

---

[15] *Objection* [Bk. D.I. 10757].

[16] Under the current schedule, the Bankruptcy Court *will* address that Plan objection before this Appeal is even briefed on the merits. *See supra* ¶ 9.

[17] Opposition, 15.

established because an attorney says so. *See, e.g., Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990) (declining to take "unsworn statements of counsel" in court filings as proof of facts). If the Debtors were obligated to challenge—or risk waiving—every unsworn statement made by an attorney, these cases would still be at a preliminary stage. As an alternative, Appellants cite papers they filed in this Court in a different appeal. These papers were not before the Bankruptcy Court, and Appellants did not ask it to take judicial notice of them or otherwise introduce them in evidence.

15. As to constitutional standing, there is no evidentiary support that Jones is being "injured because other bids are being deterred."[18] To the contrary, the record shows Oncor was marketed for two-plus years before the NextEra deal, and no party came forward with any other actionable proposal in the 47-day period when NextEra's bid protections were not in effect.[19] Nor can Jones demonstrate an injury by arguing that the Authorization Order "precludes the Debtors from pursuing an alternate Plan."[20] The Merger Agreement allows the Debtors to continue discussions with other bidders until the Bankruptcy Court confirms the Plan.[21] Thus, Appellants fail to establish that the Authorization Order causes Jones

---

[18] Opposition , 16.

[19] McKane Decl. Ex. 2 at 28:9-29:2 (Horton Proffer).

[20] Opposition, 16.

[21] Authorization Order, Ex. 1, Merger Agreement § 6.2(a)(ii) [Bk. D.I. 9584].

any injury, let alone one that is "concrete, distinct and palpable, and actual or imminent." *See In re Glob. Indus. Techs., Inc.*, 645 F.3d 201, 210 (3d Cir. 2011) (en banc).

16. Likewise, Appellants cannot establish appellate standing by asserting that the Plan proposes to discharge Jones's claim.[22] Appellate standing is **narrower** than party-in-interest standing and "is limited to 'persons aggrieved' **by an order of the bankruptcy court**." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 214, 217 (3d Cir. 2004) (emphasis added) (rejecting argument that being "party in interest" suffices to confer appellate standing). Yet, the Authorization Order **does not discharge any claims**. That the PSA and Merger Agreement obligate the Debtors to support a plan that may result in a discharge of Jones's purported claim is "incidental" to the Authorization Order. *See In re Hawkins*, 513 B.R. 634, 638 (D. Del. 2013), *aff'd*, 594 F. App'x 71 (3d Cir. 2015) ("A showing of potential harm incidental to the order is not enough.").

### B. Fenicle and Fahy Do Not Have Standing to Appeal.

17. Fenicle and Fahy make no attempt to show how the Authorization Order injures them in particular. The Plan on file proposes to reinstate Fenicle and Fahy's claims; therefore, they cannot be aggrieved by *any* order on the ground that

---

[22] Opposition, 15.

it "would violate the due process rights of large numbers of Unmanifested Claimants by discharging their claims."[23]

18. Instead, Appellants argue that, "[a]s members of the [EFH Committee], they have fiduciary standing to represent the interests of absent Unmanifested Claimants."[24] They do not. The EFH Committee did not—and could not—oppose the Authorization Order.[25] Fenicle and Fahy objected to the Authorization Order and noticed this Appeal on their own behalf, not on behalf of the EFH Committee.

19. In their individual capacities, Fenicle and Fahy are not vested with third-party standing on behalf of all unmanifested claimants. Appellate courts disfavor third-party standing. *See Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004). "In deciding whether to grant third-party standing, this Court asks whether the

---

[23] *Id.* at 3.

[24] *Id.* at 18.

[25] In a November 23, 2015 settlement, the EFH Committee agreed not to oppose any Plan proposed by the Debtors as long as it reinstates properly preserved asbestos claims, among other conditions. *Notice* [Bk. D.I. 7090], Ex. A, Settlement & Support Agreement, Section 6 (EFH Committee "shall not object to, litigate against, or otherwise impair, hinder, or delay, the confirmation and consummation of any" Plan that reinstates properly preserved asbestos claims); *see also* Second McKane Decl. Ex. 1 at 210:21-212:14 (Counsel for EFH Committee) ("the committee continues to be fully engaged and discharges its duties to all constituents" and "the EFH committee settlement, including treatment of asbestos claims, remains in full force and effect and the EFH committee continues to honor the terms of that settlement").

party asserting the right has a 'close' relationship with the person who possesses the right, and whether there is a 'hindrance' to the possessor's ability to protect his own interests." *Id.* at 130 (quoting *Powers v. Ohio*, 499 U.S. 400, 411 (1991)) (finding no third-party standing where appellants (i) did not have relationship with "hypothetical" third parties whose rights they sought to vindicate on appeal and (ii) had not demonstrated a "hindrance" because third parties could seek leave to vindicate their own rights if and when those rights were denied).

20. Here, in their individual capacities, Fenicle and Fahy do not have a relationship with hypothetical unmanifested claimants who did not receive notice of the asbestos bar date. *See Advantage Healthplan, Inc. v. Potter*, 391 B.R. 521, 547-49 (D.D.C. 2008), *aff'd sub nom. Greater Se. Cmty. Hosp. Found., Inc. v. Potter*, 586 F.3d 1 (D.C. Cir. 2009) (finding creditor committee **member** did not have third-party standing to assert constitutional rights, including procedural due process rights, of other creditors). Nor is there a "hindrance" to unmanifested claimants' ability to protect their own interests at the appropriate time.[26]

## CONCLUSION

21. For the foregoing reasons, the Debtors respectfully request that this Court dismiss the Appeal.

---

[26] "[T]he rights of [unmanifested claimants] to come in and object to that discharge [on due process grounds] at a later date are fully preserved." McKane Decl. Ex. 2 at 119:23-120:3.

| | |
|---|---|
| Dated: February 3, 2017<br>Wilmington, Delaware | By: /s/ *Andrew M. Dean*<br>RICHARDS, LAYTON & FINGER, P.A.<br>Mark D. Collins (DE No. 2981)<br>Daniel J. DeFranceschi (DE No. 2732)<br>Jason M. Madron (DE No. 4431)<br>Andrew M. Dean (DE No. 6147)<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701<br><br>- and -<br><br>KIRKLAND & ELLIS LLP<br>Mark E. McKane (admitted *pro hac vice*)<br>555 California Street<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>- and -<br><br>Marc Kieselstein, P.C. (admitted *pro hac vice*)<br>Chad J. Husnick (admitted *pro hac vice*)<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br><br>*Co-Counsel to Appellees* |

## CERTIFICATION

**Type-Volume Limitation, Typeface Requirements, and Type Style Requirements:** This reply complies with the type-volume limitation of Fed. R. App. P. Rule 27(d)(2), made applicable to this reply by Fed. R. Bankr. P. 8013(f)(1), because this reply does not exceed 2,600 words, excluding any parts of the reply exempted by applicable rule. This reply complies with the typeface requirements of Fed. R. App. P. Rule 27(d)(1), made applicable to this reply by Fed. R. Bankr. P. 8013(f)(1), because this reply has been prepared in a proportionally spaced typeface using Microsoft Word 2010, in 14-point Times New Roman.

/s/ *Andrew M. Dean*
Andrew M. Dean (DE No. 6147)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

Case 1:16-cv-00880-RGA Document 21-1 Filed 02/03/17 Page 19 of 2 PageID #: 997
Case 14-10979-CSS Doc 11638-24 Filed 07/29/17 Page 16 of 17

*Certificate of Service - Appellees' Reply in Support of Motion to Dismiss Appeal*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that, on February 3, 2017, I electronically filed the *Appellees' Reply in Support of Motion to Dismiss Appeal* using CM/ECF which will send notification of such filing to the following:

Daniel K. Hogan
HOGAN♦McDANIEL
1311 Delaware Avenue
Wilmington, DE 19806
dkhogan@dkhogan.com

I hereby certify that, on February 3, 2017, I served via Federal Express the *Appellees' Reply in Support of Motion to Dismiss Appeal* on the following non-registered participants:

Jeanne Mirer
MIRER MAZZOCCHI SCHALET
 & JULIEN, PLLC
150 Broadway, Suite 1200
New York, NY 10038
Jeanne@jmirerlaw.com

Peter Van N. Lockwood
Leslie M. Kelleher
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Washington, DC 20005
plockwood@capdale.com
lkelleher@capdale.com

Elihu Inselbuch
CAPLIN & DRYSDALE, CHARTERED
600 Lexington Avenue, 21st Floor
New York, NY 10022
einselbuch@capdale.com

Ethan Early
EARLY LUCARELLI SWEENEY & STRAUSS
265 Church Street, 11th Floor
New Haven, CT 06508-1866

Steven Kazan
KAZAN MCCLAIN SATTERLEY &
GREENWOOD, A PROFESSIONAL LAW
CORPORATION
Jack London Market
55 Harrison Street, Suite 400
Oakland, CA 94607
skazan@kazanlaw.com

RLF1 16843011v.1

*Certificate of Service - Appellees' Reply in Support of Motion to Dismiss Appeal*

          */s/ Andrew M. Dean*
          Andrew M. Dean (No. 6147)
          RICHARDS, LAYTON & FINGER, P.A.
          One Rodney Square
          920 North King Street
          Wilmington, DE 19801
          Telephone:  302-651-7700
          Facsimile:  302-651-7701
          E-mail:  dean@rlf.com