# Exhibit I

**NextEra Energy, Inc.**
700 Universe Blvd.
Juno Beach, FL 33408

July 14, 2017

**VIA EMAIL AND FEDERAL EXPRESS**

To: Energy Future Holdings Corp.
Energy Future Intermediate Holding Company LLC
Energy Plaza
1601 Bryan Street
Dallas, TX 75201
Attn: General Counsel
Email: awright@energyfutureholdings.com

Re: <u>Merger Agreement Termination Fee</u>

Andy:

    Reference is made to that certain Agreement and Plan of Merger, dated July 29, 2016 (as amended on September 18, 2016, the "Merger Agreement"), by and among Energy Future Holdings Corp. (the "Company"), Energy Future Intermediate Holding Company LLC ("EFIH"), NextEra Energy, Inc. ("Parent"), and EFH Merger Co., LLC ("Merger Sub").[1]

    As acknowledged in our letter of July 7, 2017, the Merger Agreement was validly terminated pursuant to Section 8.2(a) thereof by your letter dated July 6, 2017, titled "Termination of the Agreement and Plan of Merger." We dispute, however, that your July 6 letter validly or effectively terminated the Merger Agreement pursuant to Section 8.3 thereof or on any other basis besides Section 8.2(a), or that the Company and EFIH had any basis other than Section 8.2(a) upon which they could have terminated the Merger Agreement.

    As you know, Merger Agreement Section 8.5(b) provides, subject to certain conditions, that, if the Agreement "is terminated pursuant to this <u>Article VIII</u> and any alternative transaction is consummated (including any transaction or proceeding that permits the E-Side Debtors that are the direct or indirect owners of Oncor Holdings to emerge from the Chapter 11 cases)….," the Company and EFIH are to pay Parent the Termination Fee within five days of consummation of such alternative transaction. The Bankruptcy Court, in its Order of September 19, 2016 (D.I.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Merger Agreement.

Energy Future Holdings Corp.
Energy Future Intermediate Holding Company LLC
July 14, 2017
Page 2

9584), approved the Termination Fee, ordering that "the EFH/EFIH Debtors are authorized ***and directed*** to pay the Termination Fee as an allowed administrative expense to the extent it becomes due and payable pursuant to the terms and conditions of the Merger Agreement, at the time and in the manner provided for therein, ***without any further proceedings before, or order of, the Court . . . .***"  (Order of Sept. 19, 2016, ¶ 4 (emphasis added).)

We ask that you confirm that the Termination Fee will be paid following consummation of the proposed transaction with Berkshire Hathaway Energy Company and other entities addressed in your recent court filings (or the consummation of any other alternative transaction as described in Section 8.5(b)).  If you are unable or unwilling to confirm that the Termination Fee will be payable under these circumstances, we ask that you explain in detail the basis for any claim that the Termination Fee will not or may not be payable.  In particular, if you contend that the Termination Fee will not be payable under these circumstances either because you believe you had a specific and valid basis for purporting to terminate the Merger Agreement pursuant to Section 8.3 thereof or because you believe you had another specific and valid basis for termination the Merger Agreement other than pursuant to Section 8.2(a), we ask that you describe in detail the basis or bases for your contentions.

We ask that you provide a written response on or before Wednesday, July 19, 2017.

Very truly yours,

**NEXTERA ENERGY, INC.**

By: _____
Name:   Mark Hickson
Title:    Executive Vice President


cc:   Kirkland & Ellis LLP
      600 Travis St. Suite 3300
      Houston, TX 77002
      Attn: Andrew Calder, John Pitts
      Email: andrew.calder@kirkland.com; john.pitts@kirkland.com

Energy Future Holdings Corp.
Energy Future Intermediate Holding Company LLC
July 14, 2017
Page 3

    Kirkland & Ellis LLP
    300 North LaSalle
    Chicago, IL 60654
    Attn: James Sprayregen, Marc Kieselstein, Chad Husnick
    Email: jsprayregen@kirkland.com; mkieselstein@kirkland.com; chusnick@kirkland.com

    Kirkland & Ellis LLP
    601 Lexington Avenue
    New York, NY 10022
    Attn: Edward Sassower
    Email: edward.sassower@kirkland.com

    Norton Rose Fulbright US LLP
    1301 Avenue of the Americas
    New York, NY 10019
    Attn: Howard Seife, William Greason, Robin Ball, Andrew Rosenblatt
    Email: howard.seife@nortonrosefulbright.com; william.greason@nortonrosefulbright.com;
        robin.ball@nortonrosefulbright.com; andrew.rosenblatt@nortonrosefulbright.com