# Exhibit J

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

555 California Street
San Francisco, CA 94104

Mark McKane, P.C.
To Call Writer Directly:
(415) 439-1473
mark.mckane@kirkland.com

(415) 439-1400

www.kirkland.com

Facsimile:
(415) 439-1500

July 18, 2017

**Private and Confidential**

<u>Via Email</u>

NORTON ROSE FULBRIGHT US LLP

Mr. Howard Seife
1301 Avenue of the Americas
New York, NY 10019

Mr. Robin Ball
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071

Re: Merger Agreement Termination Fee

Dear Howard and Robin:

I write in response to NextEra's letter, dated July 14, 2017, to the Debtors.[1] The Debtors have terminated the Merger Agreement pursuant to Sections 8.2(a) and 8.3 thereof and have also terminated the Plan Support Agreement pursuant to Sections 8.02(c) and 8.02(d) thereof. A Termination Fee is not owed under the Merger Agreement, including on the grounds that:

(a) NextEra breached the Merger Agreement, including Sections 6.3(a)(i), 6.3(a)(vii), 6.3(a)(viii), and 6.3(d)(ii);

(b) NextEra breached the Plan Support Agreement, including Sections 4.03(a)(iii), 4.03(a)(iv), and 4.03(a)(v); and

---

[1] Reference is made to that certain Agreement and Plan of Merger, dated as of July 29, 2016 (as amended on September 18, 2016, the "<u>Merger Agreement</u>"), by and among Energy Future Holdings Corp. (the "<u>Company</u>"), Energy Future Intermediate Holding Company LLC ("<u>EFIH</u>," together with the Company, the "<u>Debtors</u>"), NextEra Energy, Inc. ("<u>NextEra</u>"), and EFH Merger Co., LLC ("<u>Merger Sub</u>"). Further reference is made to that certain Amended and Restated Plan Support Agreement, dated as of September 19, 2016 (the "<u>Plan Support Agreement</u>"), by and among the EFH/EFIH Debtors, the Fidelity Funds, and NextEra. Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Merger Agreement.

## KIRKLAND & ELLIS LLP

Mr. Howard Seife
Mr. Robin Ball
July 17, 2017
Page 2

      (c)      the Debtors terminated the Merger Agreement pursuant to Section 8.3(a) due to NextEra's breaches of the Merger Agreement and/or pursuant to Section 8.3(g) due to NextEra's breaches of the Plan Support Agreement, and therefore Section 8.5(b)(iii) of the Merger Agreement applies.

Accordingly, a Termination Fee is not "due and payable" under paragraph 4 of the *Order (A) Authorizing Entry into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry into and Performance Under Plan Support Agreement*, entered September 19, 2016 [14-10979, D.I. 9584].

      Among other things, the Debtors contend that, as an essential term of the Merger Agreement, NextEra promised to use "reasonable best efforts to take or cause to be taken all actions . . . reasonably necessary, proper or advisable . . . to consummate and make effective the transactions contemplated by" the Merger Agreement. These included an obligation to use reasonable best efforts to obtain regulatory approval from the PUCT for the proposed change in control of Oncor. Similarly, in the Plan Support Agreement, NextEra promised to use "good faith efforts" to consummate its deal with the Debtors, including by using "commercially reasonable efforts" to obtain PUCT approval.

      The PUCT's approval of NextEra's change in control application was essential to effectuating the transactions contemplated by the Merger Agreement. Yet, despite needing the PUCT's approval, NextEra took positions publicly that were directly inconsistent with its obligations to try to consummate the transaction. For example, certain executives of NextEra publicly and dismissively criticized some of the PUCT's tentative concerns as "burdensome" and as "deal killer[s]," and made clear that NextEra would not negotiate with the PUCT. Further, the Debtors understand that NextEra took positions through its off-the-record messaging to and interactions with the PUCT Commissioners and Staff, as well as with various intervenors, that undermined the PUCT application and were not "reasonably necessary, proper or advisable" for obtaining PUCT approval and consummating the NextEra merger. In addition, the Debtors understand that NextEra used rights under the side letter with Oncor in connection with a proposed service territory swap with Sharyland, in an effort to protect NextEra's own prospects with respect to Sharyland. The Debtors believe this negatively affected the prospects for the PUCT's approval of the NextEra merger. In short, by March 30, 2017, NextEra had taken steps that not only did not advance the parties' efforts to consummate the NextEra merger, they irreparably and materially harmed those efforts, in breach of the Merger Agreement and the Plan Support Agreement.

      Because NextEra breached the Merger Agreement and the Plan Support Agreement, the Termination Fee will not be owed when an alternative transaction closes.

# KIRKLAND & ELLIS LLP

Mr. Howard Seife
Mr. Robin Ball
July 17, 2017
Page 3

      The Debtors' creditors have been urging the Debtors to file a declaratory judgment action in the Bankruptcy Court to establish that the Termination Fee is not owed under the Merger Agreement, and the Debtors' respective Boards of Directors have authorized such filing. Some of the Debtors' largest creditor constituencies are eager to intervene and have informed the Debtors that they may assert additional claims, including that the Bankruptcy Court's September 19, 2016 non-final order should be revised because the Termination Fee does not satisfy the Third Circuit's *O'Brien* standard[2] given that the NextEra transaction conveyed no benefit to the Debtors, and alternatively that the Court should equitably subordinate any Termination Fee below the claims of EFH and EFIH unsecured creditors.

      Despite strong support for challenging the Termination Fee, the Debtors are nonetheless willing to engage NextEra in good faith negotiations in an effort to resolve this matter without litigation. But time is of the essence. Please advise whether NextEra is willing to engage with the Debtors on this matter.

      The Debtors reserve all rights and arguments.

                              Sincerely,

                              */s/ Mark McKane, P.C.*

                              Mark McKane, P.C.

cc:    Charles Sieving (NextEra)
       Mark Hickson (NextEra)
       William Greason (Norton Rose)
       Andrew Rosenblatt (Norton Rose)
       Eric Daucher (Norton Rose)
       Andrew Wright (EFH, EFIH)
       Andrew Calder (Kirkland)
       James Sprayregen (Kirkland)
       Marc Kieselstein (Kirkland)
       Chad Husnick (Kirkland)
       Edward Sassower (Kirkland)
       Aparna Yenamandra (Kirkland)
       John Pitts (Kirkland)

---

[2]    In re O'Brien Envtl. Energy, Inc., 181 F.3d 527 (3d Cir. 1999).