# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>) (Jointly Administered)<br>)<br>) **Re: D.I. 11649** |

## THE ELLIOTT FUNDS' PRELIMINARY OBJECTION
## TO THE APPLICATION OF NEXTERA ENERGY, INC.
## FOR PAYMENT OF ADMINISTRATIVE CLAIM

Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott" or the "Elliott Funds"), by and through their undersigned counsel, hereby file this preliminary objection (the "Preliminary Objection") to the *Application of NextEra Energy, Inc. for Payment of Administrative Claim* [D.I. 11649] (the "Application"). In support of this Preliminary Objection, the Elliott Funds respectfully state as follows:

### PRELIMINARY OBJECTION

1. By the Application, NextEra Energy, Inc. ("NextEra") seeks payment of a $275 million termination fee (the "Termination Fee") following the regulatory veto over and resulting failure of its transaction. As set forth more fully in *The Elliott Funds' Motion to Reconsider in Part the September 19, 2016 Order [Dkt. No. 9584] Approving the NextEra Termination Fee* [D.I. 11636] (the "Motion to Reconsider"), which is incorporated by reference, payment of the Termination Fee under the circumstances should be revoked or denied, to the extent it was ever

approved. Any payment of the Termination Fee would be contrary to the Third Circuit's mandate in *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d 527 (3d Cir. 1999).

2. The Application should be denied on other grounds as well. Upon information and belief, Elliott contends that NextEra breached its obligations to use "reasonable best efforts" to obtain regulatory approval from the PUCT for its transaction by, among other things, (i) failing to appropriately negotiate and engage with the PUCT and the intervenors, including regarding the "deal killer" conditions; and (ii) using rights under a side letter with Oncor in connection with a proposed service territory swap with Sharyland to protect its own prospects with respect to Sharyland. Moreover, there appears to be grounds for disallowing the Termination Fee based on NextEra's conduct subsequent to the PUCT's initial announcement that it was unlikely to approve the NextEra Transaction at the March 30, 2017 Open Meeting, including NextEra's threat to use the Termination Fee to extract $500 million of financial concessions from certain creditors.

3. Finally, the Debtors, the Independent Directors, and their advisors are hopelessly conflicted in addressing the Application and any litigation concerning the NextEra Termination Fee. As detailed in the Motion to Reconsider, disclosures by Debtors' counsel to the Court in connection with approval of the NextEra merger agreement are directly at issue. Vigorously representing the Debtors' estates against the Application would require Debtors' own counsel to address its prior statements and omissions. Additionally, the Debtors and their counsel will be examined regarding the negotiation and ultimate approval of a merger agreement that placed these estates in the untenable position of facing a $275 million Termination Fee for a transaction denied by regulators and without having a superior alternative. Lastly, the Debtors and their counsel will need to explain why, in light of NextEra's refusal to negotiate with the PUCT and

intervenors, the Debtors filed amicus briefs with the PUCT even though it was clear the deal was dead and NextEra's failure to discharge its contractual obligations was likely known.

4. Accordingly, for these preliminary reasons, Elliott, as the largest unsecured creditor of EFIH and the party most directly impacted by the allowance of the Termination Fee, respectfully requests that the Application be denied and reserves its right to contest any settlement of the Application by the Debtors on the grounds that they are hopelessly conflicted in this matter.

## **RESERVATION OF RIGHTS**

5. Elliott will supplement this Preliminary Objection by the applicable objection deadline and expressly reserves all rights to object to the Termination Fee on any grounds whether or not included herein.

**CONCLUSION**

WHEREFORE, Elliott respectfully requests that this Court (a) deny the Application, (b) disallow any administrative expense claim by NextEra for the Termination Fee, and (c) grant such other and further relief as this Court deems just and proper.

Dated: August 2, 2017
       Wilmington, Delaware

BAYARD, P.A.

*/s/ Erin R. Fay*
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
Evan T. Miller (No. 5364)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Phone: (302) 655-5000
Facsimile: (302) 658-6395
Email: scousins@bayardlaw.com
      efay@bayardlaw.com
      emiller@bayardlaw.com

-and-

ROPES & GRAY LLP
Andrew G. Devore
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
Email: Andrew.Devore@ropesgray.com

ROPES & GRAY LLP
Keith H. Wofford, Esquire
Gregg M. Galardi, Esquire
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Email: Keith.Wofford@ropesgray.com
      Gregg.Galardi@ropesgray.com

*Counsel to the Elliott Funds*