## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., | ) | Case No. 14-10979 (CSS) |
| *et al.*,[1] | ) | (Jointly Administered) |
| *Debtors.* | ) | |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP. | ) | Adversary Proceeding |
| - and - | ) | No. 17-50942 (CSS) |
| ENERGY FUTURE INTERMEDIATE | ) | |
| HOLDING COMPANY, LLC | ) | |
| *Plaintiffs.* | ) | |
| v. | ) | |
| NEXTERA ENERGY, INC. | ) | **Requested Hearing Date: August 9, 2017 at** |
| | ) | **10:00 a.m. (ET) (Subject to Shortened Notice)** |
| *Defendant.* | ) | |

**PLAINTIFFS ENERGY FUTURE HOLDINGS CORP. AND ENERGY
FUTURE INTERMEDIATE HOLDING COMPANY LLC'S MOTION
TO CONSOLIDATE AND SET A RULE 7016 SCHEDULING CONFERENCE**

In connection with the *Adversary Complaint* [Adv. Dkt. No. 1] (the "Complaint")[2] filed

in the above-captioned proceeding (the "Adversary Proceeding") against Defendant NextEra

Energy, Inc. ("NextEra"), Plaintiffs Energy Future Holdings Corp. and Energy Future

Intermediate Holding Company LLC (together, "Plaintiffs") bring this motion ("Motion") for

entry of an order (a) consolidating the Adversary Proceeding with certain proceedings in *In re*

*Energy Future Holdings Corp., et al.*, No. 14-10979 (Bankr. D. Del.) (CSS); (b) adjourning the

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed in the Complaint.

Elliott Motion and NextEra Application (both defined below) currently noticed for the September 19, 2017 omnibus hearing; and (c) setting a Rule 7016 pretrial scheduling conference on consolidated proceedings for a later date subject to the Court's availability. Plaintiffs respectfully request that the Court consider this Motion at the upcoming August 9, 2017 omnibus hearing and have contemporaneously filed a motion to shorten notice and the response deadline regarding this Motion.

## PRELIMINARY STATEMENT[3]

NextEra's claimed right to a $275 million termination fee is disputed. Within the past six days, three parties (including Plaintiffs) have initiated proceedings testing whether the fee is due. While both the NextEra Application and Elliott Motion are scheduled for a merits hearing on September 19, 2017, that date is unrealistic because of the need for significant discovery (including potential third-party discovery), motion practice, depositions, and an evidentiary hearing. Other stakeholders may intervene, too.

Litigating NextEra's Application will require a lot of time and resources. The question whether NextEra acted with "reasonable best efforts" under Delaware law to secure regulatory approval from the Public Utility Commission of Texas is fact intensive. Discovery is needed to probe NextEra's interactions with interveners, the PUCT staff, PUCT Commissioners, and other stakeholders. The Elliott Motion will also require discovery. And so will Plaintiffs' adversary proceeding.

It will be orderly and an efficient use of the Court's and the parties' time to consolidate the NextEra Application and the Elliott Motion with Plaintiffs' adversary proceeding. The coordination of these actions—all addressing the same dispute—should be addressed at the Rule

---

[3]    Capitalized terms not defined in this section are defined below.

7016 pretrial scheduling conference Plaintiffs are seeking.  Should the Court set a scheduling conference, the parties will be required to negotiate a discovery process that balances the need for coordination and efficiency, permits other parties to intervene and participate, and navigates competing demands on the Court's and parties' schedules posed by the August 21 hearing on the proposed Berkshire Hathaway merger, the August 29 hearing on the proposed Disclosure Statement, and the October confirmation hearing.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, because the Adversary Proceeding arises in and relates to the chapter 11 cases.

2.      This is a core proceeding under 28 U.S.C. § 157(b) because it relates to the administration and property of the bankruptcy estates in the chapter 11 cases.  In the Complaint, pursuant to rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Plaintiffs consented to this Court's entry of final orders with regard to any claim in this action, if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. § 1409 because the Adversary Proceeding arises in and relates to the chapter 11 cases, which are pending in this Court.

4.      Plaintiffs seek relief under section 105(a) of title 11 of the United Stated Code (the "Bankruptcy Code"), rules 16(b) and 42(a) of the Federal Rules of Civil Procedure, rules 7016 and 7042 of the Federal Rules of Bankruptcy Procedure, and Local Rule 7004-2.

## BACKGROUND

### A.    The Chapter 11 Cases

5.    On April 29, 2014, each of the above-captioned debtors (the "Debtors") filed a voluntary petition with the Court under the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware formed an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance, Inc., and EECI, Inc. on October 27, 2014 [D.I. 2570].  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

### B.    The NextEra Plan

6.    On July 29, 2016, Plaintiffs and NextEra entered into an Agreement and Plan of Merger (as amended on September 18, 2016, the "Merger Agreement"), which contemplated NextEra's acquisition of the Plaintiffs' economic stake in Oncor Electric Delivery Company LLC ("Oncor").  At the same time, Plaintiffs and NextEra entered into a Plan Support Agreement, dated as of July 29, 2016 (as amended on September 19, 2016, the "PSA").  The Merger Agreement contemplated the payment of a termination fee that would be payable under certain circumstances (the "Termination Fee").

7.    All EFIH and EFH creditors and their counsel, including the EFIH First Liens, the EFIH Second Liens, the EFIH PIKs, the EFIH PIK Indenture Trustee, Fidelity, and the EFH Legacy Notes Indenture Trustee had ample notice and time to review, comment upon, and object to the terms and provisions of the Merger Agreement prior to the hearing to approve the Merger

Agreement.  This Court approved Plaintiffs' entry into the Merger Agreement and PSA on September 19, 2016 [D.I. 9584] and confirmed a plan of reorganization reflecting the NextEra transactions on February 17, 2017 [D.I. 10859] (the "NextEra Plan").

8.      The Merger Agreement contained various conditions precedent to consummation of the transactions it contemplated, including approval by the Public Utility Commission of Texas ("PUCT") of a change in control of Oncor.

9.      Oncor and NextEra submitted a joint application to the PUCT (the "Joint Application") on October 31, 2016.  At an open meeting on March 30, 2017, the PUCT commissioners stated that they did not believe the transaction was in the public interest.  On April 13, 2017, the PUCT denied the Joint Application.  On May 8, 2017, NextEra moved for rehearing, which the PUCT denied.  On June 29, 2017, the PUCT denied a second motion for rehearing.

### C.      Termination Of The Nextera Plan And Recent Filings

10.     On July 6 and 7, 2017, Plaintiffs delivered notices terminating the Merger Agreement and the PSA.  The termination notices caused the NextEra Plan to be null and void.

11.     On July 7, 2017, Plaintiffs entered into a merger agreement with Berkshire Hathaway Energy Company.  Later that day, Plaintiffs moved for approval of the merger agreement [D.I. 11430].  The Court will hear that motion on August 21, 2017 and set other confirmation-related dates in a scheduling order, dated July 28, 2017 [D.I. 11628].

12.     On July 29, 2017, Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott") filed a *Motion to Reconsider in Part the September 19, 2016 Order [Dkt. No. 9584] Approving the NextEra Termination Fee* [D.I. 11636] (the "Elliott Motion").  Elliott seeks an order that "The Termination Fee, to the extent it becomes

due and payable pursuant to the terms and conditions of the Merger Agreement, is disallowed, and [Plaintiffs] are not authorized to pay the Termination Fee as a qualified administrative expense under 11 U.S.C. § 503(b) or otherwise." *See Proposed Order* [D.I. 11636-2] at ¶ 4.  The Elliott Motion is noticed for hearing on September 19, 2017.

13.     Two days later, on July 31, 2017, NextEra applied for payment of the Termination Fee. *See Application of NextEra Energy, Inc. for Payment of Administrative Claim* [D.I. 11649] (the "NextEra Application").   It seeks an order that "NextEra shall be granted an allowed administrative claim against EFH in the amount of $275,000,000 on account of the Termination Fee and an allowed administrative claim against EFIH in the amount of $275,000,000 on account of the Termination Fee upon consummation of the Berkshire Plan, the Elliott Plan, or any alternative transaction (as described in Section 8.5 of the Merger Agreement)." *See Proposed Order* [D.I. 11649-2] at ¶ 3.  The NextEra Application is noticed for hearing on September 19, 2017.

14.     On August 2, Elliott filed a "preliminary objection" to the NextEra Application. [D.I. 11666].

15.     Today, Plaintiffs filed the Complaint.  Among other things, Plaintiffs seek a declaration that the "Termination Fee is not payable to NextEra under the Merger Agreement." *See Complaint* at ¶¶ 67, 75.

16.     The Court and all creditors and other constituencies have a vested interest in the collective, efficient, and expeditious resolution of the Termination Fee dispute.

## REQUEST FOR RELIEF

17.     By this Motion, Plaintiffs seek entry of an order, in the form attached as **Exhibit A**, (a) consolidating the Adversary Proceeding with the Elliott Motion and NextEra Application

pursuant to Federal Rule of Civil Procedure 42(a) and Federal Rule of Bankruptcy Procedure 7042; (b) adjourning the Elliott Motion and NextEra Application from the September 19, 2017 hearing; and (c) scheduling a Rule 7016 pretrial scheduling conference pursuant to Local Rule 7004-2(a) on a date of the Court's choosing.

## ARGUMENT

**I.    The Court Should Consolidate The Pending Termination Fee Proceedings.**

18.    This Court should exercise its broad discretion by consolidating the three pending Termination Fee proceedings.

19.    The governing legal standard is easily satisfied.  Federal Rule of Civil Procedure 42(a), made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7042, provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  Fed. R. Civ. P. 42(a); Fed. R. Bankr. P. 7042.  This is not a demanding standard as even "minimal factual and legal overlap" can justify consolidation. *Eastman Chem. Co. v. AlphaPet Inc.*, No. CIV.A. 09-971-LPS, 2011 WL 7121180, at *5 (D. Del. Dec. 29, 2011); *see Syngenta Seeds, Inc. v. Monsanto Co.*, No. Civ. 04–908–SLR, 2005 WL 678855, at *3 (D. Del. Mar. 24, 2005) (ordering consolidation of two cases despite factual and legal differences because cases presented "minimal factual and legal overlap" and consolidation would serve judicial efficiency).

20.    Indeed, "the proper administration of justice requires that issues be resolved without unnecessary cost or delay," so long as "savings of time and effort gained through consolidation [are] balanced against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions." *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991) (citing *Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309 (D. Del. 1981)); *see also Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*,

339 F.2d 673, 675 (3d Cir. 1964) ("Rule 42(a) . . . confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice."); *Nigro v. Pittsburgh Post-Gazette (In re The Appliance Store, Inc.)*, 171 B.R. 525, 528 (Bankr. W.D. Pa. 1994) ("The primary purpose of consolidation is to promote convenience and judicial economy."); 9A Fed. Prac. & Proc. Civ. § 2381 (3d ed.) (stating that the objective of Rule 42 "is to give the district court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties").

21.    The Adversary Proceeding, the Elliott Motion, and the NextEra Application share at least two central factual and legal questions.  First, whether NextEra is owed a $275 million Termination Fee:

- **Elliott Motion**: "The Termination Fee, to the extent it becomes due and payable pursuant to the terms and conditions of the Merger Agreement, is disallowed . . . ." *See Proposed Order* [D.I. 11636-2] at ¶ 4.

- **NextEra Application**: "NextEra shall be granted an allowed administrative claim against EFH in the amount of $275,000,000 on account of the Termination Fee . . . ." *See Proposed Order* [D.I. 11649-2] at ¶ 3.

- **Adversary Proceeding**:  The "Termination Fee is not payable to NextEra under the Merger Agreement."  *See Complaint* at ¶¶ 67, 75.

Second, each matter requires interpreting the Merger Agreement's Termination Fee provisions. The Elliott Motion questions whether the Merger Agreement and other disclosures adequately describe when a Termination Fee would be payable.  The NextEra Application asserts the Termination Fee is payable under the circumstances.  Plaintiffs' adversary proceeding argues no Termination Fee is due under the Merger Agreement on these facts.

22.    Consolidation will also facilitate the administration of justice.  Resolving the Termination Fee dispute will require extensive discovery that the parties and the Court can more

efficiently manage in a single coordinated proceeding.  For example, under the terms of the Merger Agreement, NextEra was required to expend "reasonable best efforts" to secure regulatory approval from the PUCT.  Under Delaware law, any assessment of reasonable best efforts is a fact-intensive inquiry; and once a breach is established, NextEra bears the burden "to show that the breach did not materially contribute to the failure of the transaction." *See Williams Cos., Inc. v. Energy Transfer Equity, L.P.*, 159 A.3d 264, 272-73 (Del. 2017).  Plaintiffs will be entitled, through discovery, to test the evidence cited in the NextEra Application and independently probe NextEra's interactions with the interveners, the PUCT staff, PUCT Commissioners, and other stakeholders.  While Plaintiffs strongly disagree with certain "factual" allegations in the Elliott Motion, Plaintiffs agree that NextEra should not receive a Termination Fee.  It is sensible and efficient to manage any discovery collectively.

23.    Consolidation will also promote judicial economy. Separate sets of discovery requests, discovery responses, and (potential) discovery disputes will needlessly complicate the resolution of the Termination Fee, made more complicated by the simultaneous, contested chapter 11 case.  Briefing schedules should be coordinated to avoid overlapping or conflicting deadlines.  Witnesses should be deposed once, not three times, in the Termination Fee dispute.  Worse still, many of the same witnesses will be involved in discovery related to the Berkshire merger agreement and confirmation disputes.  Additionally, Plaintiffs anticipate that creditors may seek to intervene, and consolidation will enable all parties to coordinate and focus their efforts under one unified framework.

24.    At the same time, consolidation reduces, rather than creates, inconvenience, delay, and added expense.  Consolidation preserves the resources of both the Court and the participants in the Termination Fee dispute by reducing duplicative, inconvenient, and

uncoordinated deposition and document discovery.  Further, consolidation alone will not cause any material delay to the Termination Fee dispute's ultimate resolution.  The NextEra Application and the Elliott Motion were set by NextEra and Elliott, respectively, for a hearing on September 19, 2017.  That is an entirely unrealistic timeframe to complete all of the steps necessary (including creditor intervention) before those matters are ready for a hearing on the merits.  Accordingly, even if the proceedings were not consolidated, and for reasons discussed further below, the September 19 deadline would still need to be moved to a later date.

## II.  The Court Should Adjourn The Elliott Motion And NextEra Application And Instead Set A Rule 7016 Scheduling Conference.

25.    The Debtors respectfully request that the Court exercise its inherent discretion over the schedule of proceedings before it—and employ its equitable power under section 105(a) of the Bankruptcy Code—to adjourn the current September 19, 2017 hearing on the merits in the Elliott Motion and NextEra Application and instead set a Rule 7016 pretrial scheduling conference for the consolidated proceeding.

26.    Section 105(a) of the Bankruptcy Code provides that the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  Under section 105(a), the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of the debtor's assets.  *See, e.g.*, *Keene Corp. v. Acstar Ins. Co. (In re Keene Corp.)*, 168 B.R. 285, 292 (Bankr. S.D.N.Y 1994) ("Under 11 U.S.C. § 105(a), the Court can 'use its equitable powers to assure the orderly conduct of the reorganization proceedings.'") (quoting *In re Neuman*, 71 B.R. 567, 571 (S.D.N.Y. 1987)).

27.    In the six weeks before September 19, 2017, the parties will not be able to conduct the necessary document discovery (including third-party discovery) in this fact-intensive

dispute, permit creditors to intervene properly, hold numerous depositions, engage in motions practice, and prepare for an evidentiary hearing.  Adding further complexity, via its rushed "preliminary objection," Elliott is interjecting meritless allegations about Plaintiffs' ability to participate in this litigation.  *See The Elliott Funds' Preliminary Objection To The Application Of NextEra Energy, Inc. For Payment Of Administrative Claim* [D.I. 11666] ¶ 3-4.[4]  Meanwhile, during this same time period, the Debtors and other parties will be conducting discovery and preparing for hearings on the Berkshire merger agreement, a disclosure statement, and plan confirmation.

28.    The Termination Fee dispute will likely be a lengthy litigation.  By comparison, the fact discovery regarding the almost entirely legal issues regarding the EFIH first lien make-whole premium consumed more than four months of document discovery (including third-party subpoenas) and another month of depositions.  Here, where the ultimate question—whether NextEra acted with "reasonable best efforts"—is fact-intensive, discovery is likely to require far more time and coordination.  Indeed, were this dispute in a federal district court, the parties might seek well over a year, if not two years, just to conduct fact and expert discovery.  Largely owing to this elongated time horizon, Plaintiffs tried to resolve this dispute before it ripened into litigation—which is perhaps why the NextEra Application contains responses to some of the Debtors' previously undisclosed litigation positions.  *See NextEra Application* at ¶¶ 65-78.  Now that this dispute has ripened into litigation, the Debtors can of course move more quickly than would be the case in comparatively complex civil litigation in the district courts.  But any reasonable timeframe will extend beyond the currently scheduled October dates for plan

---

[4]    Regarding Elliott's Motion and Preliminary Objection, Plaintiffs will correct that record in a comprehensive manner at the appropriate time and forum.  For now, it should be sufficient to say that, while the Debtors agree that NextEra should not receive a termination or break fee, the Debtors disagree wholeheartedly with certain of the factual allegations and misstatements in Elliott's latest filings.

confirmation.  That is fine: this dispute need not be resolved before confirmation, nor should the Debtors' emergence from bankruptcy be postponed to accommodate this lengthy and time-intensive dispute.

29.     Should NextEra and Elliott disagree with the Debtors' views regarding the structure and timing of the Termination Fee dispute, the proper forum is a Rule 7016 scheduling conference.  Before this conference, the parties would meet-and-confer on a discovery plan under Rule 7026 and attempt to map the timing and structure of this litigation.  In advance of the conference, the parties would submit a joint discovery plan, noting any party's objections or disagreements, and Plaintiffs propose the parties could also submit limited simultaneous briefing regarding any aspect of that proposed discovery plan.  At the conference, the Court could hear argument on those objections or disagreements and enter a schedule to govern the consolidated Termination Fee dispute.

30.     Under Local Rule 7004-2, the pretrial scheduling conference in an Adversary Proceeding is generally at least thirty-five (35) days from the date of service of the summons and complaint, making September 7, 2017, the earliest date for a pretrial conference under the Local Rules.  Plaintiffs recognize the parties' desire to commence this potentially lengthy litigation as soon as possible and are willing to hold this conference well before September 7, subject to the Court's availability.

31.     Entering a schedule is critical to channeling the parties' efforts to reach an efficient resolution of the Termination Fee dispute.  The sooner the parties receive the Court's guidance on whether these matters will be consolidated, and whether it will set a scheduling conference, the sooner the parties can begin.  Accordingly, the Debtors request that the Court

hear this Motion to consolidate the matters and set a future scheduling conference at the omnibus hearing on August 9, 2017 at 10:00 a.m. Eastern Time.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should enter an order (a) consolidating the Adversary Proceeding with the Elliott Motion and NextEra Application; (b) adjourning the Elliott Motion and NextEra Application from the September 19, 2017 omnibus hearing; and (c) scheduling a Rule 7016 pretrial scheduling conference pursuant to Local Rule 7004-2.

[*Remainder of this page intentionally left blank*]

Dated: August 3, 2017
      Wilmington, Delaware

/s/ Joseph H. Huston, Jr.
**STEVENS & LEE, P.C.**
Joseph H. Huston, Jr. (No. 4035)
Jason Daniel Angelo (No. 6009)
919 N. Market Street, Suite 1300
Wilmington, Delaware 19801
Telephone: (302) 425-3310/11
Facsimile: (610) 371-7972/11
Email: jhh@stevenslee.com
        jda@stevenslee.com

*Co-Counsel to Plaintiff EFIH*

-and-

**BIELLI & KLAUDER, LLC**
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 803-4600
Facsimile: (302) 397-2557
Email: dklauder@bk-legal.com

*Co-Counsel to Plaintiff EFH*

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:     edward.sassower@kirkland.com
          stephen.hessler@kirkland.com
          brian.schartz@kirkland.com
          Aparna.yenamandra@kirkland.com

-and-

Mark McKane, P.C.
555 California Street
San Francisco, CA 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500
Email:        mark.mckane@kirkland.com


-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Andrew R. McGaan, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com
              amcgaan@kirkland.com
              steven.serajeddini@kirkland.com

*Co-Counsel to Plaintiffs*