**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re ) | |
| ENERGY FUTURE HOLDINGS CORP., ) | Chapter 11 |
| *et al.*, ) | Case No. 14-10979 (CSS) |
| ) | (Jointly Administered) |
| *Debtors.* ) | |
| ) | |
| ) | |
| ENERGY FUTURE HOLDINGS CORP. ) | Adversary Proceeding |
| - and - ) | No. 17-50942 (CSS) |
| ENERGY FUTURE INTERMEDIATE ) | |
| HOLDING COMPANY, LLC ) | |
| ) | |
| *Plaintiffs.* ) | |
| ) | |
| v. ) | |
| ) | |
| NEXTERA ENERGY, INC. ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

**MOTION FOR ORDER SHORTENING NOTICE AND SETTING
RESPONSE DEADLINE FOR PLAINTIFFS ENERGY FUTURE HOLDINGS CORP.
AND ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC'S MOTION
TO CONSOLIDATE AND SET A RULE 7016 SCHEDULING CONFERENCE**

Plaintiffs Energy Future Holdings Corp. and Energy Future Intermediate Holding Company LLC (together, "Plaintiffs") respectfully submit this Motion (the "Motion to Shorten"), pursuant to section 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2002-1 and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), requesting an order, substantially in the form attached as **Exhibit A**, shortening the time for notice in connection with *Plaintiffs Energy Future Holdings Corp. and Energy Future Intermediate Holding Company LLC's Motion to Consolidate and Set A Rule 7016 Scheduling*

*Conference* [Adv. D.I. 2] (the "Consolidation and Scheduling Motion") and setting the deadline for any response thereto as **August 7, 2017**. This relief would enable the Court to consider the Consolidation and Scheduling Motion at the next omnibus hearing currently scheduled for **August 9, 2017, at 10:00 a.m. Eastern Time**.

## JURISDICTION

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, because the above-captioned adversary proceeding (the "Adversary Proceeding") arises in and relates to the chapter 11 cases.

2.  This is a core proceeding under 28 U.S.C. § 157(b) because it relates to the administration and property of the bankruptcy estates in the chapter 11 cases. In the *Adversary Complaint* [Adv. Dkt. No. 1] (the "Complaint"), pursuant to Local Rule 7008-1, Plaintiffs consented to this Court's entry of final orders with regard to any claim in this action, if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. § 1409 because the Adversary Proceeding arises in and relates to the chapter 11 cases, which are pending in this Court.

## BACKGROUND

**A.    The Chapter 11 Cases**

4.  On April 29, 2014, each of the above-captioned debtors (the "Debtors") filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of

these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware formed an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance, Inc., and EECI, Inc. on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

### B. The NextEra Plan

5. On July 29, 2016, Plaintiffs and NextEra entered into an Agreement and Plan of Merger (as amended on September 18, 2016, the "Merger Agreement"), which contemplated NextEra's acquisition of Plaintiffs' economic stake in Oncor Electric Delivery Company LLC ("Oncor"). At the same time, Plaintiffs and NextEra entered into a Plan Support Agreement, dated as of July 29, 2016 (as amended on September 19, 2016, the "PSA"). The Merger Agreement contemplated the payment of a termination fee that would be payable under certain circumstances (the "Termination Fee").

6. All EFIH and EFH creditors and their counsel, including the EFIH First Liens, the EFIH Second Liens, the EFIH PIKs, the EFIH PIK Indenture Trustee, Fidelity, and the EFH Legacy Notes Indenture Trustee had ample notice and time to review, comment upon, and object to the terms and provisions of the Merger Agreement prior to the hearing to approve the Merger Agreement. This Court approved Plaintiffs' entry into the Merger Agreement and PSA on September 19, 2016 [D.I. 9584] and confirmed a plan of reorganization reflecting the NextEra transactions on February 17, 2017 [D.I. 10859] (the "NextEra Plan").

7. The Merger Agreement contained various conditions precedent to consummation of the transactions it contemplated, including approval by the Public Utility Commission of Texas (the "PUCT") of a change in control of Oncor.

8. Oncor and NextEra submitted a joint application to the PUCT (the "Joint Application") on October 31, 2016. At an open meeting on March 30, 2017, the PUCT commissioners stated that they did not believe the transaction was in the public interest. On April 13, 2017, the PUCT denied the Joint Application. On May 8, 2017, NextEra moved for rehearing, which the PUCT denied. On June 29, 2017, the PUCT denied a second motion for rehearing.

### C. Termination Of The NextEra Plan And Recent Filings

9. On July 6 and 7, 2017, Plaintiffs delivered notices terminating the Merger Agreement and the PSA. The termination notices caused the NextEra Plan to be null and void.

10. On July 7, 2017, Plaintiffs entered into a merger agreement with Berkshire Hathaway Energy Company. Later that day, Plaintiffs moved for approval of the merger agreement [D.I. 11430]. The Court will hear that motion on August 21, 2017 and set other confirmation-related dates in a scheduling order, dated July 28, 2017 [D.I. 11628].

11. On July 29, 2017, Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott") filed a *Motion to Reconsider in Part the September 19, 2016 Order [Dkt. No. 9584] Approving the NextEra Termination Fee* [D.I. 11636] (the "Elliott Motion"). Elliott seeks an order that "[t]he Termination Fee, to the extent it becomes due and payable pursuant to the terms and conditions of the Merger Agreement, is disallowed, and [Plaintiffs] are not authorized to pay the Termination Fee as a qualified

administrative expense under 11 U.S.C. § 503(b) or otherwise." *See Proposed Order* [D.I. 11636-2] at ¶ 4. The Elliott Motion is noticed for hearing on September 19, 2017.

12. Two days later, on July 31, 2017, NextEra applied for payment of the Termination Fee. *See Application of NextEra Energy, Inc. for Payment of Administrative Claim* [D.I. 11649] (the "NextEra Application"). It seeks an order that "NextEra shall be granted an allowed administrative claim against EFH in the amount of $275,000,000 on account of the Termination Fee and an allowed administrative claim against EFIH in the amount of $275,000,000 on account of the Termination Fee upon consummation of the Berkshire Plan, the Elliott Plan, or any alternative transaction (as described in Section 8.5 of the Merger Agreement)." *See Proposed Order* [D.I. 11649-2] at ¶ 3. The NextEra Application is noticed for hearing on September 19, 2017.

13. On August 2, Elliott filed a "preliminary objection" to the NextEra Application. [D.I. 11666].

14. Today, Plaintiffs filed the Complaint. Among other things, Plaintiffs seek a declaration that the "Termination Fee is not payable to NextEra under the Merger Agreement." *See Complaint* at ¶¶ 67, 75.

15. Also today, Plaintiffs filed the Consolidation and Scheduling Motion, requesting that the Court (a) consolidate the three pending Termination Fee proceedings, (b) adjourn the Elliott Motion and NextEra Application from the September 19, 2017 omnibus hearing, and (c) set a Rule 7016 pretrial scheduling conference.

**RELIEF REQUESTED**

16. Plaintiffs respectfully request that the Court enter an order, substantially in the form attached as **Exhibit A**, (a) shortening notice with respect to the Consolidation and

Scheduling Motion; (b) setting the deadline to respond to the Consolidation and Scheduling Motion for **August 7, 2017**; and (c) setting the Consolidation and Scheduling Motion matter for hearing at the omnibus hearing currently scheduled for **August 9, 2017, at 10:00 a.m. Eastern Time**.

## BASIS FOR RELIEF REQUESTED

17. Under section 102(1) of the Bankruptcy Code, the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing that is appropriate under the circumstances. 11 U.S.C. § 102(1).

18. Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

19. Local Rule 9006-1 requires "all motion papers [to] be filed and served . . . at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). The notice period may be shortened, however, "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

20. Similarly, Bankruptcy Rule 9006(c) provides that "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, a court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting frequency of such motions "[g]iven the accelerated time frame of bankruptcy proceedings"); *see also Hester v.*

*NCNB Tex. Nat'l Bank (In re Hester),* 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts.").

21. Cause exists to shorten notice on the Consolidation and Scheduling Motion and set the related response deadline for August 7, 2017. For the reasons stated in the Consolidation and Scheduling Motion, the relief therein will reduce unnecessary costs and delays associated with duplicative written discovery, depositions, briefing, and attorney argument regarding the Termination Fee dispute. The Motion to Shorten is a necessary prerequisite to both timely consolidating those proceedings and establishing a schedule that provides the most efficient path forward for the litigation—to the benefit of the Court and its staff and the principals and their professionals.

22. Additionally, shortened notice will not unduly prejudice any other party in interest, and it will promote judicial economy. Allowing objections to be raised two days before the hearing—and four days after Plaintiffs filed the straightforward Consolidation and Scheduling Motion—provides sufficient time and notice for parties wishing to object to formulate a response, if any.

23. For the foregoing reasons, Plaintiffs respectfully submit that shortening notice of the Consolidation and Scheduling Motion and setting the related response deadline for August 7, 2017 is appropriate under the circumstances.

## NOTICE

24. Pursuant to Local Rule 9006-1(e), the Court may rule on this Motion to Shorten without need for a hearing, and Plaintiffs request that the Motion to Shorten be granted accordingly.

25.     Plaintiffs shall provide notice of this Motion to Shorten and the Consolidation and Scheduling Motion on the date hereof via first class mail to: (a) the U.S. Trustee; (b) counsel to the EFH Creditors' Committee; (c) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (d) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (e) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (f) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020; (g) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (f); (h) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (i) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (j) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (k) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (l) Oncor Electric Delivery Company LLC and counsel thereto; (m) the Securities and Exchange Commission; (n) the Internal Revenue Service; (o) the Office of the United States Attorney for the District of Delaware; (p) the Office of the Texas Attorney General on behalf of the Public

Utility Commission of Texas; (q) counsel to the Electric Reliability Council of Texas; and (r) those parties that have requested notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

26. No previous request for the relief sought in the Motion to Shorten has been made to this Court or any other court.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order substantially in the form attached hereto as **Exhibit A**: (a) shortening notice with respect to the Consolidation and Scheduling Motion, (b) setting the deadline to respond to it for **August 7, 2017**; and (c) setting it for hearing at **August 9, 2017 at 10:00 a.m. Eastern Time**.

[*Remainder of page intentionally left blank.*]

Dated: August 3, 2017
      Wilmington, Delaware

    */s/ Joseph H. Huston, Jr.*
**STEVENS & LEE, P.C.**
Joseph H. Huston, Jr. (No. 4035)
Jason Daniel Angelo (No. 6009)
919 N. Market Street, Suite 1300
Wilmington, Delaware 19801
Telephone: (302) 425-3310/11
Facsimile: (610) 371-7972/11
Email: jhh@stevenslee.com
        jda@stevenslee.com

*Co-Counsel to Plaintiff EFIH*

-and-

**BIELLI & KLAUDER, LLC**
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 803-4600
Facsimile: (302) 397-2557
Email: dklauder@bk-legal.com

*Co-Counsel to Plaintiff EFH*

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:      edward.sassower@kirkland.com
            stephen.hessler@kirkland.com
            brian.schartz@kirkland.com
            aparna.yenamandra@kirkland.com

-and-

Mark McKane, P.C.
555 California Street
San Francisco, CA 94104
Telephone:     (415) 439-1400
Facsimile:      (415) 439-1500
Email:            mark.mckane@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Andrew R. McGaan, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:            james.sprayregen@kirkland.com
                      marc.kieselstein@kirkland.com
                      chad.husnick@kirkland.com
                      amcgaan@kirkland.com
                      steven.serajeddini@kirkland.com

*Co-Counsel to Plaintiffs*