# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>ENERGY FUTURE<br>HOLDINGS CORP., *et al.*,<br><br>    *Debtors*. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered) |
| ENERGY FUTURE HOLDINGS CORP.<br><br>and<br><br>ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC<br><br>    *Plaintiffs*,<br><br>    v.<br><br>NEXTERA ENERGY, INC.<br><br>    *Defendant*. | Adversary Proceeding<br><br>Case No. 17-50942 (CSS)<br><br>**Related D.I. 11670** |

### THE ELLIOTT FUNDS' OBJECTION TO DEBTORS' MOTION FOR ORDER SHORTENING NOTICE AND SETTING RESPONSE DEADLINE FOR DEBTORS' MOTION TO CONSOLIDATE AND SET A RULE 7016 SCHEDULING CONFERENCE

Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott"), as beneficial owners of EFIH secured and unsecured notes, hereby object (the "Objection") to the *Motion for Order Shortening Notice and Setting Response Deadline for Plaintiffs Energy Future Holdings Corp. and Energy*

*Future Intermediate Holding Company LLC's Motion to Consolidate and Set a Rule 7016 Scheduling Conference* [D.I. 11670] (the "Motion to Shorten" or "Mot."), filed in connection with the Plaintiffs-Debtors' *Motion to Consolidate and Set a Rule 7016 Scheduling Conference* [D.I. 11669] ("Motion to Consolidate"). In support of this Objection, Elliott represents as follows:

**PRELIMINARY STATEMENT**

1. Nearly a month ago, the Debtors represented that they would be filing an adversary complaint against NextEra Energy, Inc. ("NextEra") in a matter of days. Instead, they sat on their hands and waited until yesterday to file that complaint. Having been content to wait, the Debtors now suddenly claim urgency, asking this Court to shorten time and provide Elliott with a mere four days to object to the Debtors' Motion to Consolidate.

2. The Debtors' Motion to Shorten should be rejected. First, the Motion to Shorten asserts the incorrect standard—"cause"—to obtain the requested relief. Second, the Motion to Shorten fails to set forth a "true emergency" as the correct standard requires. The purported need to shorten time is overstated and entirely of the Debtors' own making. Third, the compressed timetable will substantially prejudice Elliott's efforts to prepare for a contested hearing on the Motion to Consolidate, which stands to profoundly shape the course of litigation the Debtors themselves argue is complex. Elliott intends to object to the Motion to Consolidate and Elliott should not be prevented from thoroughly presenting its concerns to the Court due to Debtors' delay.

3. Elliott requests that this Court deny the Motion to Shorten. The Debtors should schedule notice and the hearing in accordance with the local rules of this Court and the Federal Rules of Bankruptcy Procedure.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, because the above-captioned adversary proceeding (the "Adversary Proceeding") arises in and relates to the chapter 11 cases.

5. This is a core proceeding under 28 U.S.C. § 157(b) because it relates to the administration and property of the bankruptcy estates in the chapter 11 cases. Pursuant to Local Rule 9013-1(f), Elliott consents to entry of a final order with respect to the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1409 because the Adversary Proceeding arises in and relates to the chapter 11 cases, which are pending in this Court.

**BACKGROUND**

7. The Court is familiar with the factual background to this matter and, in the interests of judicial economy, Elliott will not repeat those facts here. Elliott hereby incorporates by reference the factual background from its *Motion to Reconsider in Part the September 19, 2016 Order [Dkt. No. 9584] Approving the NextEra Termination Fee*

[D.I.11636] ("Motion to Reconsider") and provides such additional, pertinent facts as follows.

8. On July 6 and 7, 2017, the Debtors delivered notices terminating the NextEra Merger Agreement (including pursuant to Section 8.3 of such agreement) and the PSA. *See* D.I. 11424.

9. On July 7, 2017, NextEra responded by letter to the termination notices. It agreed that the NextEra Merger Agreement was terminated, but disputed that the Debtors had "valid[ly] or effective[ly]" terminated the Agreement pursuant to Section 8.3. *See* D.I. 11441.

10. On Thursday, July 13, 2017, counsel for Elliott and counsel for the Debtors held a conference call. On that call, counsel for the Debtors stated that the Debtors were prepared to file an adversary complaint against NextEra seeking a declaratory judgment that no Termination Fee is payable by the Debtors to NextEra. Counsel for the Debtors also stated that the Debtors expected to receive Board approval to commence that adversary proceeding at a Board meeting to be held on Friday, July 14, 2017, and that a complaint would be filed no later than Monday, July 17, 2017. The Debtors invited Elliott to intervene in such a proceeding.

11. On July 14, 2017, the Debtors did not file an adversary complaint. That same day, NextEra followed up on its July 7, 2017 letter, further disputing the Debtors' claimed bases for terminating the Merger Agreement, requesting that the Debtors "confirm that the Termination Fee will be paid following consummation of the proposed transaction with Berkshire Hathaway Energy Company," and asking the Debtors to "describe in detail the basis or bases for your contentions" to the contrary. *See* Ex. I to

Declaration of Howard Seife in Support of NextEra's Termination Fee Application ("Seife Decl.") [D.I. 11650-9].

12. On July 17, 2017, the Debtors did not file an adversary complaint.

13. On July 18, 2017, the Debtors responded to NextEra's July 14, 2017 letter. The Debtors reiterated that a "Termination Fee was not due and payable" and went on to further detail the bases for the Debtors' termination, including NextEra's breaches of Section 6.3 and Section 4.03 of the Merger Agreement and PSA, respectively. *See* Seife Decl., Ex. J [D.I. 11650-10].

14. On July 23, 2017, counsel to NextEra responded to the July 18, 2017 letter. It further disputed the Debtors' contentions and stated that "[w]e are prepared to litigate this, no matter what the effort, to obtain what NextEra is owed under the Merger Agreement." *See* Seife Decl., Ex. K [D.I. 11650-11].

15. Also on July 23, 2017, counsel for Elliott wrote to counsel for the Debtors, reminding the Debtors that it had been more than 10 days since the Debtors had represented that they would file the adversary complaint. Elliott further demanded that it be included in any settlement discussions with NextEra regarding the Termination Fee and requested a call on July 24, 2017 to discuss.

16. Counsel for Elliott received no response from counsel for the Debtors and has never received a response to Elliott's July 23, 2017 letter.

17. On July 29, 2017, Elliott filed its Motion to Reconsider, which requests the Court revisit the September 19, 2016 Order [D.I. 9584] on the grounds that the Court was not adequately apprised of material facts relating to the approval of the Termination Fee and that, had the Court been informed of such facts, it would have been erroneous as

a matter of law to approve the Termination Fee under the bankruptcy laws. It is noticed for hearing on September 19, 2017.

18. On July 31, 2017, NextEra filed an Application for Payment of Administrative Claim (the "<u>Application</u>"). *See* D.I. 11649-1. It seeks an order allowing payment of the $275 million Termination Fee as an "allowed administrative expense" "upon consummation of the Berkshire Plan, Elliott Plan, or any alternative transaction." *See* D.I. 11649-2. It is also noticed for hearing on September 19, 2017.

19. On August 2, 2017, Elliott filed a "preliminary objection" to the Application.[1]

20. On August 3, 2017, the Debtors filed an Adversary Complaint, seeking a declaration that the "Termination Fee is not payable to NextEra under the Merger Agreement." *See* D.I. 11668.

**OBJECTION**

21. As Debtors themselves recognize, the notice period for motions may be shortened only when the moving party "specif[ies] the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e); *see also* Mot. ¶ 19. This Court's precedent likewise tasks the Debtors with showing emergency circumstances entitling them to their requested relief. *See In re Fleming Cos., Inc.*, 304 B.R. 85, 100 (Bankr. D. Del. 2003) ("[M]otions to shorten notice by the Debtor should be necessary only in true emergency circumstances."). And, as the Debtors recognize, motions for shortening notice merit rejection when accelerating the schedule would prejudice the other parties to the proceeding. *See* Mot. ¶ 20 (noting the "court should 'consider the prejudice to parties

---

[1] Elliott reserves its rights to file further objections or responses to the Application.

entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis'" (quoting *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012))).

22.     First, as a threshold matter, the Debtors argue and apply the incorrect standard. Their Motion argues that there is "cause" to "shorten notice." *See* Mot. ¶ 21. But as their brief acknowledges, cause by itself is insufficient; there must be "exigencies justifying shortened notice." *Id.* ¶ 19. The Debtors provide no arguments or facts on which this Court may properly conclude that this standard has been met.

23.     Second, the Debtors' Motion is also defective because it provides this Court no basis upon which to conclude there is a "true emergency." Were this matter heard under a normal briefing schedule, Elliott would have until August 17, 2017 to respond to the Motion to Consolidate. Debtors request a hearing on August 9, 2017 instead, with a briefing schedule of less than two business days. That difference is simply not enough time for Debtors' supposed parade of horribles—"duplicative written discovery, depositions, briefing, and attorney argument"—to occur. Mot. ¶ 21. Indeed, that is hardly enough time to gather and produce documents, let alone review them and then prepare for and take depositions. Any emergency is entirely manufactured.

24.     Further, any purported emergency is entirely of the Debtors' own making. For nearly a month, the Debtors have been hemming and hawing about filing an adversary complaint against NextEra. They represented to Elliott that they would do so no later than July 14, 2017—three weeks ago. Rather than filing then, the Debtors instead engaged in a fruitless letter-writing campaign with NextEra that ended July 23, 2017. Then they still waited an additional 11 days to file a complaint that had

presumably been drafted weeks earlier, including a further 5 days after Elliott had filed its Motion to Reconsider. Having sat on their hands for weeks, the Debtors can hardly now claim any shortened notice is "justified." Del. Bankr. L.R. 9006-1(c)(i); *In re Fleming Cos., Inc.*, 304 B.R. at 100 (denying motion to shorten where debtor was "aware of looming deadlines well in advance of the filing of the motions"). Any emergency is wholly self-made.

25.  Third, contrary to the Debtors' claims, Elliott would be substantially prejudiced by having to respond to the Motion to Consolidate on four days' notice—two of which fall on a weekend—when there are serious flaws to the Motion to Consolidate that require further time to fully explicate to the Court. The Debtors downplay the Motion to Consolidate as a "straightforward" "scheduling" motion but cannot deny—and must admit—that the Motion to Consolidate will affect the prosecution of three different sets of litigation that the Debtors themselves argue are complex and fact intensive. Motion to Consolidate ¶¶ 2 & 23 (arguing that "[l]itigating NextEra's Application will require a lot of time and resources" and that Plaintiffs' adversary proceeding will similarly call for "fact intensive" discovery). Such shortened notice deprives Elliott of the ability to map out the best solution for handling these three proceedings. Nor is the Debtors' appeal to "judicial economy" persuasive. Forcing the parties and Court to rush to judgment on how best to manage the litigation makes no sense and serves neither the parties nor the Court well. Elliott intends to oppose the Motion to Consolidate (including its request to adjourn the September 19, 2017 hearing) and Elliott deserves ample time to explain why. Requiring it to do so on four days' notice based on Debtors' artificially created emergency is highly prejudicial.

## **CONCLUSION**

26. For the foregoing reasons, Elliott requests that this Court deny the Motion to Shorten, and set a briefing schedule and hearing in accordance with the Local Rules.

Wilmington, Delaware
Date: August 4, 2017

        BAYARD, P.A.

        */s/ Erin R. Fay*
        Scott D. Cousins (No. 3079)
        Erin R. Fay (No. 5268)
        Evan T. Miller (No. 5364)
        222 Delaware Avenue, Suite 900
        Wilmington, DE 19801
        Telephone: (302) 655-5000
        Facsimile: (302) 658-6395
        E-mail:scousins@bayardlaw.com
            efay@bayardlaw.com
            emiller@bayardlaw.com

        --and--

        ROPES & GRAY LLP
        Keith H. Wofford
        Gregg M. Galardi
        1211 Avenue of the Americas
        New York, NY 10036-8704
        Telephone: 212-596-9000
        Facsimile: 212-596-9090
        Keith.Wofford@ropesgray.com
        Gregg.Galardi@ropesgray.com

        *Counsel for Elliot Associates, L.P., Elliott International, L.P., and the Liverpool Limited Partnership*