# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] ) | |
| ) | Case No. 14-10979 (CSS) |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |

**DEBTORS' AMENDED RESPONSES AND OBJECTIONS TO THE ELLIOTT FUNDS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS CONCERNING THE MOTION OF THE EFH/EFIH DEBTORS FOR ORDER AUTHORIZING ENTRY INTO MERGER AGREEMENT AND APPROVING TERMINATION FEE**

Pursuant to rules 26 and 34 of the Federal Rules of Civil Procedure and rules 7026-1 to 7026-3 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby serve these amended responses and objections, originally dated August 1, 2017, to *The Elliott Funds' First Request for Production of Documents*, dated July 18, 2017 (the "Requests") regarding the *Motion of the EFH/EFIH Debtors for Order Authorizing Entry into Merger Agreement and Approving Termination Fee* [D.I. 11430].

To the extent that the Debtors produce documents in response to these Requests, the Debtors do not waive any objections or rights.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

## SPECIFIC RESPONSES AND OBJECTIONS

The Debtors incorporate by reference each of their General Objections set forth below to the extent applicable herein. Nothing in these responses and objections shall be construed as an acceptance, endorsement, or adoption by the Debtors of any instruction or definition of any term contained in the Request.

### Request No. 1

All Documents, including minutes, agendas, resolutions, analyses, presentations, and other materials, prepared for, provided to, or approved by any Board concerning the Berkshire Transaction and/or the termination fee thereunder, any Transaction proposed by Elliott, or any other Transaction considered in any respect, including without limitation any analyses concerning termination or break fees and/or recoveries by EFIH unsecured creditors.

### Response to Request No. 1

The Debtors object to this Request to the extent it calls for the production of material protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The Debtors also object to this Request as not relevant to any party's claim or defense or proportional to the needs of the case because, among other reasons, it calls for the production of material related to "any Transaction proposed by Elliott" and "any other Transaction considered in any respect."

Subject to and without waiving any specific or General Objections, the Debtors agree to conduct a reasonable search and produce non-privileged documents responsive to this Request.

### Request No. 2

All drafts of the Ying Declaration.

### Response to Request No. 2

The Debtors object to this Request because it calls for the production of material protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure.

2

**Request No. 3**

All drafts of the Keglevic Declaration.

**Response to Request No. 3**

The Debtors object to this Request because it calls for the production of material protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure.

**Request No. 4**

All Documents, including without limitation all analyses and communications, concerning any actual or potential Transaction with Elliott.

**Response to Request No. 4**

The Debtors object to this Request to the extent it calls for the production of material protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure.  The Debtors further object to this Request as not relevant to any party's claim or defense or proportional to the needs of the case because, among other reasons, it calls for the production of material related to "any actual or potential Transaction with Elliott."  The Debtors further object to this Request to the extent it calls for the production of documents that are not in the possession, custody, or control of the Debtors, or documents in the possession of or available from another source that is less burdensome and more convenient.

Subject to and without waiving any specific or General Objections, the Debtors agree to conduct a reasonable search and produce non-privileged documents responsive to this Request.

**Request No. 5**

All analyses of, and all Communications concerning, the Berkshire Transaction, including without limitation all analyses and Communications concerning (i) the timing of the termination of the NextEra Transaction and announcement of the Berkshire Transaction, (ii) termination or break fees and/or recoveries by EFIH unsecured creditors, and (iii) all drafts of the foregoing.

3

**Response to Request No. 5**

The Debtors object to this Request to the extent it calls for the production of material protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The Debtors also object to this Request to the extent it calls for the production of documents that are not in the possession, custody, or control of the Debtors, or documents in the possession of or available from another source that is less burdensome and more convenient. The Debtors further object to the Request as vague, ambiguous, and unclear because it uses terms that are not defined and/or not otherwise susceptible to any single meaning, including "termination or break fees and/or recoveries by EFIH unsecured creditors."

Subject to and without waiving any specific or General Objections, the Debtors agree to conduct a reasonable search and produce non-privileged documents responsive to this Request.

**Request No. 6**

All Documents concerning any actual or potential conflicts of interest involving any Board or its members, including without limitation all Documents concerning whether the Berkshire Transaction or any other contemplated Transaction constituted a Conflict Matter, and all Documents concerning any efforts by any Board to resolve or otherwise address such conflicts.

**Response to Request No. 6**

The Debtors object to the Request as vague, ambiguous, and unclear, because it uses terms that are not defined and/or not otherwise susceptible to any single meaning, including "any actual or potential conflicts of interest." The Debtors also object to this Request as not relevant to any party's claim or defense or proportional to the needs of the case because, among other reasons, it calls for the production of material related to "any actual or potential conflicts of interest" and "any other contemplated Transaction." The Debtors further object to this Request because it calls for the production of material protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The Debtors

4

also object to this Request to the extent it calls for the production of documents that are not in the possession, custody, or control of the Debtors, or documents in the possession of or available from another source that is less burdensome and more convenient.

Subject to and without waiving any specific or General Objections, the Debtors will produce responsive, non-privileged Board materials related to the Debtors' restructuring efforts.

### Request No. 7

All Documents from April 1, 2016 to August 1, 2016 concerning the initial proposal submitted by Berkshire referenced in paragraph 26 of the Merger Agreement Motion, including without limitation all internal and external analyses, strategies, negotiations, agreements, projections and budgets, timelines, planning, and/or marketing documents, concerning the decision to move forward with the NextEra Transaction instead of the proposal submitted by Berkshire.

### Response to Request No. 7

The Debtors object to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in connection with the August 21, 2017 approval hearing of the Berkshire Transaction, particularly to the extent it calls for Berkshire bid documents from the 2016 process. The Debtors also object to this Request to the extent it calls for the production of material protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The Debtors further object to this Request to the extent it calls for the production of documents that are not in the possession, custody, or control of the Debtors, or documents in the possession of or available from another source that is less burdensome and more convenient. The Debtors also object to the extent it calls for the production of documents that were produced in response to other requests in these chapter 11 cases, in violation of paragraph 20 of the *Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Joint Plan of Reorganization of Energy Future Holdings Corp., Energy*

*Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, dated July 28 2017 (the "Scheduling Order").

Subject to and without waiving any specific or General Objections, the Debtors refer Elliott to the document repository referenced in the paragraph 14(a) of the Scheduling Order for non-privileged documents responsive to this Request.

### Request No. 8

All Communications with any financial or other advisor for Debtors concerning the Berkshire Transaction, any proposed Transaction with Elliott, or any other proposed Transaction considered in any respect by any Board.

### Response to Request No. 8

The Debtors object to this Request because it calls for the production of material protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The Debtors also object to this Request as not relevant to any party's claim or defense or proportional to the needs of the case because, among other reasons, it calls for the production of material related to "any proposed Transaction with Elliott" and "any other proposed Transaction considered in any respect."

### Request No. 9

All Communications with Oncor concerning the Berkshire Transaction, any proposed Transaction with Elliott, or any other Transaction considered in any respect by any Board, including without limitation all Communications concerning any application, submission, or communication to or with the PUCT.

### Response to Request No. 9

The Debtors object to this Request because it calls for the production of material protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The Debtors also object to this Request to the extent it calls for the production of documents that are not in the possession, custody, or control of the Debtors, or

documents in the possession of or available from another source that is less burdensome and more convenient. The Debtors further object to this Request as not relevant to any party's claim or defense or proportional to the needs of the case because, among other reasons, it calls for the production of material related to "any proposed Transaction with Elliott."

Subject to and without waiving any specific or General Objections, the Debtors agree to conduct a reasonable search—as reflected in the Debtors' agreed-upon search parameters, including the search for correspondence to/from/cc/bcc the Oncor.com domain—and produce non-privileged documents responsive to this Request.

### Request No. 10

All Documents concerning the termination fees contemplated by the Berkshire Transaction and/or the NextEra Transaction, including without limitation any analyses or Communications concerning the allocation of any termination fee or the impact of such allocation on any recovery by Elliott or any other EFH or EFIH creditor.

### Response to Request No. 10

The Debtors object to this Request to the extent it calls for the production of material protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The Debtors also object to this Request to the extent it calls for the production of documents that are not in the possession, custody, or control of the Debtors, or documents in the possession of or available from another source that is less burdensome and more convenient. The Debtors further object to this Request as not relevant to any party's claim or defense or proportional to the needs of the case at the August 21, 2017 hearing on approval of the Berkshire Transaction because, among other reasons, the allocation of any termination fee is not before the Court at that hearing.

Subject to and without waiving any specific or General Objections, the Debtors agree to conduct a reasonable search and produce non-privileged documents responsive to this Request.

**Request No. 11**

All Documents, including without limitation all Communications and all internal notes or summaries of such Communications, concerning PUCT's consideration, approval, or disapproval of the Berkshire Transaction, the NextEra Transaction, and/or any Transaction proposed by Elliott, including without limitation all documents concerning the likelihood of any such approval or disapproval by PUCT.

**Response to Request No. 11**

The Debtors object to this Request to the extent it calls for the production of material protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The Debtors also object to this Request to the extent it calls for the production of documents that are not in the possession, custody, or control of the Debtors, or documents in the possession of or available from another source that is less burdensome and more convenient. The Debtors further object to this Request as not relevant to any party's claim or defense or proportional to the needs of the case because, among other reasons, it calls for the production of material related to "the NextEra Transaction" and "any Transaction proposed by Elliott." The Debtors also object to the extent the Request calls for the production of publicly available documents or documents equally available to Elliott.

Subject to and without waiving any specific or General Objections, the Debtors agree to conduct a reasonable search and produce non-privileged documents responsive to this Request.

**Request No. 12**

All Communications and analyses concerning the likelihood and timing of obtaining the Private Letter Ruling, as defined in Section 6.14 of the Berkshire Merger Agreement.

**Response to Request No. 12**

The Debtors object to this Request to the extent it calls for the production of material protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The Debtors also object to this Request to the extent it calls for

8

the production of documents that are not in the possession, custody, or control of the Debtors, or documents in the possession of or available from another source that is less burdensome and more convenient.

Subject to and without waiving any specific or General Objections, the Debtors agree to conduct a reasonable search and produce non-privileged documents responsive to this Request.

### Request No. 13

All Communications and analyses concerning the confirmability of the Joint Plan of Reorganization, filed on July 7, 2017, and/or the likelihood of bankruptcy court approval of the Berkshire Transaction and/or the termination fee thereunder.

### Response to Request No. 13

The Debtors object to this Request to the extent it calls for the production of material protected by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from disclosure. The Debtors also object to this Request to the extent it calls for the production of documents that are not in the possession, custody, or control of the Debtors, or documents in the possession of or available from another source that is less burdensome and more convenient. The Debtors further object to this Request as not relevant to any party's claim or defense or proportional to the needs of the case at the August 21, 2017 approval hearing of the Berkshire Transaction because, among other reasons, the confirmability of the Plan is not before the Court at that hearing.

Subject to and without waiving any specific or General Objections, the Debtors agree to conduct a reasonable search and produce non-privileged documents responsive to this Request.

### GENERAL OBJECTIONS

1.  The Debtors object to the Requests to the extent that they seek information that is not relevant to any party's claim or defense or proportional to the needs of the case at the hearing on approval of the Berkshire Transaction.

2. The Debtors object to the Requests to the extent that they are vague, ambiguous, and unclear, including the use of terms that are not defined and/or not otherwise susceptible to any single meaning.

3. The Debtors object to the Requests to the extent that they are overly broad or unduly burdensome, including without limitation Requests seeking "any" or "all" documents or communications.

4. The Debtors object to the Requests to the extent that they fail to comply with the requirements of Federal Rule of Civil Procedure 34(b)(1)(A) (as incorporated by Federal Rule of Bankruptcy Procedure 7034) to "describe with reasonable particularity each item or category of items to be inspected."

5. The Debtors object to the Requests to the extent they call for the production of documents after July 7, 2017.  In light of the relevant circumstances and the relief sought, such materials are not relevant to any party's claim or defense or proportional to the needs of the case at the hearing on approval of the Berkshire Transaction.

6. The Debtors object to the Requests to the extent that they are not limited in scope or designate a scope that, in light of the relevant circumstances, is overbroad or is not relevant to any party's claim or defense or proportional to the needs of the case at the hearing on approval of the Berkshire Transaction.

7. To the extent the Debtors produce documents in response to a Request that designates a time or scope, the Debtors' response should not be construed as an admission or adoption of the designated time or scope, and the Debtors reserve the right to impose reasonable limitations on any search for responsive documents.  Unless otherwise agreed, the Debtors will search for and review documents dated between May 17, 2017 and July 7, 2017.

8.      The Debtors object to the Requests to the extent that they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, common-interest privilege, or any other applicable privilege or protection, or that would result in disclosure of the Debtors' counsel's mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories concerning this or any other litigation.  Any inadvertent production or disclosure of privileged information shall not be deemed to constitute a waiver of any privilege.

9.      The Debtors object to the Requests to the extent that they seek documents or information from the Debtors that contain sensitive, confidential, competitive, developmental, or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.  To the extent any such information is disclosed in response to the Requests, such disclosure shall be subject to and made pursuant to the Confidentiality Agreement and Stipulated Protective Order entered by the Court in reference to these chapter 11 cases on August 13, 2014 [D.I. 1833] (the "Protective Order").

10.     The Debtors object to the Requests to the extent that they seek material that may not be divulged by law.

11.     The Debtors object to the Requests and the Instructions to the extent that they purport to impose upon the Debtors obligations greater than those required by the Federal Rules of Bankruptcy Procedure, including but not limited to Federal Rules of Civil Procedure 26, 33, and 34, as incorporated thereby.  The Debtors will comply with the obligations required by these Rules.

12. The Debtors object to the Requests to the extent that they seek to impose upon the Debtors an obligation to provide documents not in their possession, custody, and/or control, or to create documents that are not currently in their possession.

13. The Debtors object to the Requests to the extent that they purport to require the Debtors to respond on behalf of any person or entity other than the Debtors. The Debtors respond to these Requests only on behalf of themselves as debtors and debtors-in-possession to these chapter 11 cases.

14. The Debtors object to the Requests to the extent that they require the Debtors to search for and produce electronically stored documents (including email) from sources that are not reasonably accessible because of undue burden or cost, as set forth in Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure and incorporated by Rule 7026 of the Federal Rules of Bankruptcy Procedure.

15. The Debtors object to the Requests to the extent that they seek disclosure from which the Debtors are entitled to seek protection due to annoyance, embarrassment, oppression, or undue burden or expense. The Debtors reserve the right to seek such protections pursuant to Federal Rule of Civil Procedure 26(c)(1).

16. The Debtors object to all instructions, definitions, and Requests to the extent that they contain erroneous factual allegations or conclusions. By responding to these Requests, the Debtors do not admit the truth of any such allegations or conclusions.

17. The Debtors respond to each Request based on their present knowledge. The Debtors reserve the right to make use of and/or introduce in any hearing or trial documents and information not known to exist at the time of production, including but not limited to documents obtained in the course of discovery in this proceeding.

18. The Debtors object to the Instructions and Definitions to the extent that they render the Requests overbroad and unduly burdensome and would require the Debtors to conduct an unreasonably broad search to find responsive documents—including but not limited to the Definitions for:

    a. "Documents," particularly because it seeks the production of "text messages,"

    b. "Oncor," particularly as it relates to "any current or former officer, director, partner, agent, employee, or attorney thereof,"

    c. "Transaction," particularly because it seeks the production of materials regarding "any . . . potential transaction."

19. The Debtors object to the Instructions to the extent that they place unduly burdensome and costly electronic file formatting requirements on the Debtors' production efforts. All documents and ESI produced by the Debtors will be produced in accordance with the Protective Order.

20. The Debtors object to the Requests to the extent that they purport to require the production of documents that are publicly available or equally available to the requesting party.

21. To the extent the Debtors assert a specific objection to a particular Request, the Debtors do not thereby waive these General Objections. To the extent that the Debtors object to a particular Request but proceed to respond to said Request in whole or in part, the Debtors do not thereby waive any objection to that Request.

*   *   *   *   *

At the appropriate time, the Debtors may supplement these general and specific objections and the Debtors expressly reserve their right to do so.

Notwithstanding and without waiving the foregoing objections, the Debtors are willing to meet and confer with Elliott.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| Wilmington, Delaware<br>Dated: August 3, 2017 | */s/ Jason M. Madron*<br>**RICHARDS, LAYTON & FINGER, P.A.**<br>Mark D. Collins (No. 2981)<br>Daniel J. DeFranceschi (No. 2732)<br>Jason M. Madron (No. 4431)<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 651-7700<br>Facsimile:  (302) 651-7701<br>Email:  collins@rlf.com<br>defranceschi@rlf.com<br>madron@rlf.com<br><br>-and-<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Edward O. Sassower, P.C. (admitted *pro hac vice*)<br>Stephen E. Hessler, P.C. (admitted *pro hac vice*)<br>Brian E. Schartz (admitted *pro hac vice*)<br>Aparna Yenamandra (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022-4611<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-4900<br>Email:  edward.sassower@kirkland.com<br>stephen.hessler@kirkland.com<br>brian.schartz@kirkland.com<br>aparna.yenamandra@kirkland.com<br><br>James H.M. Sprayregen, P.C. (admitted *pro hac vice*)<br>Marc Kieselstein, P.C. (admitted *pro hac vice*)<br>Chad J. Husnick, P.C. (admitted *pro hac vice*)<br>Steven N. Serajeddini (admitted *pro hac vice*)<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:  (312) 862-2200<br>Email:  james.sprayregen@kirkland.com<br>marc.kieselstein@kirkland.com<br>chad.husnick@kirkland.com<br>steven.serajeddini@kirkland.com<br><br>Mark McKane, P.C. (admitted *pro hac vice*)<br>555 California Street<br>San Francisco, CA 94104<br>Telephone:  (415) 439-1400<br>Facsimile:  (415) 439-1500<br>Email:  mark.mckane@kirkland.com<br><br>*Co-Counsel to the Debtors and Debtors in Possession* |