# **<u>EXHIBIT C</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE | ) | Case No. 14-10979 (CSS) |
| HOLDINGS CORP., *et al.*, | ) | |
| | ) | (Jointly Administered) |
| *Debtors*. | ) | |
| | ) | |

**THE ELLIOTT FUNDS' RESPONSES AND OBJECTIONS TO DEBTORS' AMENDED DOCUMENT REQUESTS CONCERNING MOTION OF THE EFH/EFIH DEBTORS FOR ORDER AUTHORIZING ENTRY INTO MERGER AGREEMENT AND <u>APPROVING TERMINATION FEE TO THE EFH/EFIH DEBTORS</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the United States Bankruptcy Court for the District of Delaware, Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively the "Elliott Funds" or "Elliott"), hereby submit the following Responses and Objections to the Amended Document Requests from the above-captioned debtors and debtors in possession (collectively the "Debtors"), dated July 29, 2017, to Elliott (the "Requests," or individually each, a "Request") regarding the Debtors' *Motion of the EFH/EFIH Debtors for Order Authorizing Entry into Merger Agreement and Approving Termination Fee*, dated July 7, 2017 ("Debtors' Motion") [D.I. 11430].

## GENERAL OBJECTIONS

1.      Elliott objects to the Requests to the extent they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Federal Rules of Bankruptcy Procedure 7026 and 7034, or any other applicable rule of law.  Elliott also objects to the Definitions and Instructions contained in the Requests to the extent they exceed or conflict with the Federal Rules or the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2.      Elliott objects to the Requests to the extent that they purport to seek documents or information that are proprietary, confidential, or commercially sensitive to Elliott, and to the extent that they purport to seek documents or information which, if disclosed, would violate privacy rights, confidentiality agreements, or other legally protected arrangements between Elliott and any individual or entity.

3.      Elliott objects to the Requests to the extent that they seek documents or information subject to a confidentiality obligation to a non-party in this matter without prior consent of that non-party, including without limitation the Public Utility Commission of Texas ("PUCT") and the PUCT Staff.

4.      Elliott objects to the Requests to the extent that they seek documents or information reflecting the names of potential and actual investors in any equitization plan proposed by Elliott.  To the extent that Elliott produces such information, Elliott will redact the entity names and/or any identifying information of any such potential or actual investors.

5.      Elliott objects to the Requests to the extent that they seek information or documents that were prepared in anticipation of litigation or are protected by the attorney-client

-2-

privilege or by business strategy immunity, and to the extent they purport to seek documents that are protected from disclosure by any other privilege, protection, or immunity, foreign or domestic.  Any inadvertent disclosure of any privileged or otherwise protected documents shall not be deemed or construed to constitute a waiver of any privilege, protection, or right of Elliott's, including, without limitation, the attorney-client privilege, the work-product doctrine, the common interest doctrine, business strategy immunity, or any other privilege or protection from disclosure provided by law, foreign or domestic.  Elliott further reserves the right to recall from discovery any inadvertently produced document that is protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege or immunity.

6.      Elliott objects to the Requests to the extent that they seek discovery of information or documents that are publicly available, equally available to Debtors, or obtainable by Debtors from a more convenient source.

7.      Elliott objects to the Requests to the extent that any one Request is redundant or duplicative of any other request on the grounds that such a request is overbroad and unduly burdensome.  Where a document is reasonably responsive to more than one request and production is not otherwise objectionable, Elliott will produce that document only once.

8.      Elliott objects to the Requests to the extent they are overly broad, unduly burdensome in light of the expedited nature of the proceedings, and unlikely to lead to discoverable evidence.

9.      Elliott objects to the Requests to the extent that they are vague, ambiguous, overbroad, or employ imprecise descriptions of the documents sought.  To the extent Elliott

-3-

produces any documents or information in response to the Requests, Elliott will provide only those documents or information that they can reasonably identify as responsive to the Request.

10.     Elliott objects to the Requests on the grounds and to the extent that they incorporate, reference, or rely upon factual assumptions or characterizations that are incorrect, speculative, or unsubstantiated.  Any information provided by Elliott in response to the Requests, or any production of documents by Elliott in response to the Requests, shall not be deemed an admission, concession, or acquiescence to the accuracy of any assumption or characterization incorporated within, referred to in, or relied upon in the Requests.

11.     Elliott objects to the Requests to the extent that they are not relevant to the Debtors' Motion or proportional to the Debtors' needs.  Elliott also objects to the Requests as exceeding the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules to the extent that the burden or expense imposed by any individual request outweighs the likely benefit.

12.     Elliott objects to the Requests to the extent that they purport to require unreasonably costly and/or time-consuming measures to locate and produce responsive documents or information.  Elliott will construe each individual Request to require a reasonable search of its reasonably accessible files in which Elliott would reasonably expect to find documents or information responsive to such request, and Elliott objects to any Request as unduly burdensome to the extent that it purports to require anything else.

13.     Elliott objects to Definitions 2. ("Amended EFIH PIK PSA") and 10. ("EFIH PIK PSA"), and any Definition, Instruction, or Request that incorporates these Definitions to the extent to which the Definitions imply that all creditors, including Elliott, are bound by the Amended EFIH PIK PSA and/or EFIH PIK PSA.

-4-

14.     Elliott objects to Definition 1. ("Alternative Transaction") and any Definition, Instruction, or Request that incorporates this Definition, as vague, overly broad, and unduly burdensome, and exceeding the requirements of the Federal Rules in that, among other things, it purports to require Elliott to search or produce documents that are not reasonably accessible or reasonably calculated to lead to the discovery of admissible evidence.   For purposes of responding and objecting to these Requests, Elliott will interpret this term as any transaction proposed by Elliot, for the direct or indirect sale or other disposition of the Debtors' interest in Oncor, including by way of a merger, acquisition, and chapter 11 plan.

15.     Elliott objects to Definitions 6. ("Communication") and 8. ("Document"), and any Definition, Instruction, or Request that incorporates these Definitions, on the grounds and to the extent that they are vague, overly broad, and unduly burdensome and exceed the requirements of the Federal Rules in that, among other things, they purport to require Elliott to search or produce documents that are not reasonably accessible or reasonably calculated to lead to the discovery of admissible evidence.

16.     Elliott objects to Instruction 1 on the grounds that it is overly broad, unduly burdensome in light of the expedited nature of the proceedings, and unlikely to lead to discoverable evidence.   Unless expressly indicated otherwise, Elliott will search and produce documents in the time period June 1, 2017 to present.  Elliott further objects to Instructions 2 – 4 on the grounds that they purport to impose obligations on Elliott greater than those required by the Federal Rules, Local Rules, or other applicable law.

64161500_7

17.    Elliott objects to Instruction 8 on the grounds that it is unduly burdensome. Elliott will produce the documents electronically or in a format otherwise agreed upon by the parties.

18.    The specific responses set forth below are based upon information and documents presently available to and located by Elliott and its attorneys.  To the extent that Elliott agrees to produce documents in response to the Requests, Elliott will conduct a reasonable search of its reasonably accessible files in which Elliott would reasonably expect to find documents or information responsive to such Requests.  Elliott will also make reasonable efforts to produce responsive and non-privileged documents voluntarily provided by Moelis & Company LLC ("Moelis") to Elliott that Moelis identifies based upon a reasonably diligent search, as separately agreed to between Elliott and the  Debtors.

19.    Elliott has conferred in good faith with Debtors to develop search parameters, including document custodians, search terms, and date ranges (the "Search Parameters"), which will define the scope of any search Elliott conducts for potentially responsive documents.  Elliott objects to the Requests as unduly burdensome to the extent that they purport to require anything else.  Further, Elliott reserves the right at any time to revise, correct, add to, or clarify the specific responses set forth below and the production made pursuant thereto.

20.    Elliott is providing this response and will be producing documents pursuant thereto without any waiver of or prejudice to its right, at any later time, to raise objections to (a) any further demand or discovery involving or relating to the matters raised in the Requests, or (b) the relevance, materiality, or admissibility of (i) the Requests or any part thereof, (ii) statements made in this response to the Requests or any part thereof, or (iii) any document

-6-

produced pursuant to this response.  Elliott specifically reserves all objections as to the competency, materiality, and admissibility of its documents (or the subject matter thereof) and the use of any document (or the subject matter thereof) in any subsequent proceeding, including, without limitation, the trial of this, or any other, contested matter, action, or proceeding.

21.     Any of the general or specific objections set forth herein shall also apply to any Request that seeks documents or information being voluntarily provided to Elliott by Moelis, including, but not limited to, any general or specific objection that relates to the attorney-client privilege, work product doctrine, business strategy immunity, or any other privilege, protection, or immunity, foreign or domestic.

22.     Any production of documents or information by Elliott and/or by Elliott as obtained from Moelis shall be without waiver of any of the general or specific objections set forth herein and shall not be construed as (a) a stipulation or admission that the material is relevant or (b) an agreement that requests for similar information will be treated in a similar manner.

## **RESPONSES TO DOCUMENT REQUESTS**

### **DOCUMENT REQUEST NO. 1**

All Documents and Communications reflecting executed commitment papers regarding the funding of an Alternative Transaction.

### **RESPONSE TO DOCUMENT REQUEST NO. 1**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence

-7-

64161500_7

insofar as it seeks "all" documents and communications "reflecting executed commitment papers regarding the funding of an Alterative Transaction."  Elliott objects to the extent this Request in any way would implicate the confidential and competitively sensitive financial, proprietary, commercial or business information of Elliott.  Elliott further objects to the Request to the extent it seeks documents and information subject to a confidentiality obligation to a non-party without its prior consent.  Elliott objects to the extent this Request implicates the confidential and competitively sensitive financial, proprietary, commercial, or business information of Elliott.

Subject to and without waiving the foregoing objections, Elliott will produce non-privileged external communications and non-privileged executed commitment agreements regarding any equitization plan proposed by Elliott that are responsive to this Request in a form that redacts the entity names and/or any identifying information of such entities.

**DOCUMENT REQUEST NO. 2**

All Documents and Communications regarding Elliott's efforts to pursue financing in connection with an Alternative Transaction, including but not limited to all indications of interest (including of the type reflected in ELX-13, an email regarding "Oncor soft indication," dated July 25, 2017), nondisclosure agreements, and draft commitment papers.

**RESPONSE TO DOCUMENT REQUEST NO. 2**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents and communications regarding "Elliott's efforts to pursue financing in connection with an Alternative Transaction."  Elliott objects to the extent this

-8-

Request in any way would implicate the confidential and competitively sensitive financial, proprietary, commercial or business information of Elliott. Elliott also objects to the Request to the extent it seeks documents and information subject to a confidentiality obligation to a non-party without its prior consent. Elliott further objects to the extent this Request implicates the confidential and competitively sensitive financial, proprietary, commercial, or business information of Elliott.

Subject to and without waiving the foregoing objections, Elliott will produce non-privileged external communications concerning Elliott's financing efforts in connection with any equitization plan proposed by Elliott that are responsive to this Request in a form that redacts the entity names and/or any identifying information of such entities.

## DOCUMENT REQUEST NO. 3

All Documents and Communications reflecting negotiations with and/or proposals to any financial sources, financial advisors, or investment banks regarding an Alternative Transaction, including but not limited to Communications and negotiations with entities listed on ELX-11, the "Project Alamo Buyer List and Contact Log Summary," dated July 26, 2017.

## RESPONSE TO DOCUMENT REQUEST NO. 3

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents and communications concerning the topic of the Request. Elliott objects to the extent this Request in any way would implicate the confidential and competitively sensitive financial, proprietary, commercial or business information of Elliott.

-9-

Elliott also objects to the Request to the extent it seeks documents and information subject to a confidentiality obligation to a non-party without its prior consent.  Elliott further objects to the extent this Request implicates the confidential and competitively sensitive financial, proprietary, commercial, or business information of Elliott.

Subject to and without waiving the foregoing objections, Elliott will produce non-privileged external communications concerning Elliott's negotiations with and/or proposals to any financial sources, financial advisors, or investment banks in connection with any equitization plan proposed by Elliott that are responsive to this Request in a form that redacts the entity names and/or any identifying information of such entities.  Elliott will also produce an updated "Project Alamo Buyer List and Contact Log Summary," on or around August 15 or as otherwise agreed to by the Parties, in a form that redacts the entity names and/or any identifying information of such entities.

## DOCUMENT REQUEST NO. 4

All Documents and Communications regarding Elliott's diligence on the creditworthiness of inbound expressions of interest and potential financing sources in connection with an Alternative Transaction, including its evaluation of the likelihood of such parties making definitive funding commitments.

## RESPONSE TO DOCUMENT REQUEST NO. 4

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents and communications concerning the topic of the Request.

64161500_7

Elliott also objects to the Request to the extent it seeks documents and information subject to a confidentiality obligation to a non-party without its prior consent.  Elliott further objects to the extent this Request implicates the confidential and competitively sensitive financial, proprietary, commercial, or business information of Elliott.

Subject to and without waiving the foregoing objections, Elliott will produce responsive non-privileged external communications in a form that redacts the entity names and/or any identifying information of such entities.

**DOCUMENT REQUEST NO. 5**

All Documents and Communications regarding ELX-12, the "Equity Commitment with respect to Merger Agreement," dated July 26, 2017.

**RESPONSE TO DOCUMENT REQUEST NO. 5**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents and communications concerning the topic of the Request. Elliott also objects to the Request to the extent it seeks documents and information subject to a confidentiality obligation to a non-party without its prior consent.  Elliott further objects to the extent this Request implicates the confidential and competitively sensitive financial, proprietary, commercial, or business information of Elliott.  Elliott objects to this Request to the extent that it seeks documents or communications protected from discovery under the attorney-client privilege, attorney work-product doctrine, business strategy immunity, or any other applicable

64161500_7

privilege or protection from discovery afforded under the Federal Rules or any other applicable statute, rule, regulation, or the common law.

Subject to and without waiving the foregoing objections, Elliott will produce the Merger Agreement described in the Equity Commitment letter, dated July 26, 2017, ELX-12 and external communications with parties to the Equity Commitment letter concerning the same.

**DOCUMENT REQUEST NO. 6**

All Documents and Communications regarding the incorporation of Texas Wires Company and its entry into the "Equity Commitment with respect to Merger Agreement," dated July 26, 2017.

**RESPONSE TO DOCUMENT REQUEST NO. 6**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents and communications concerning the topic of the Request. Elliott also objects to the Request to the extent it seeks documents and information subject to a confidentiality obligation to a non-party without its prior consent. Elliott further objects to the extent this Request implicates the confidential and competitively sensitive financial, proprietary, commercial, or business information of Elliott. Elliott objects to this Request to the extent that it seeks documents or communications protected from discovery under the attorney-client privilege, attorney work-product doctrine, business strategy immunity, or any other applicable privilege or protection from discovery afforded under the Federal Rules or any other applicable statute, rule, regulation, or the common law.

-12-

64161500_7

Subject to and without waiving the foregoing objections, Elliott will produce non-privileged incorporate information for Texas Wire Company, to the extent such documents are in its custody, control, or possession.

**DOCUMENT REQUEST NO. 7**

All Documents and Communications regarding ELX-13, an email regarding "Oncor soft indication," dated July 25, 2017.

**RESPONSE TO DOCUMENT REQUEST NO. 7**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents and communications concerning the topic of the Request. Elliott also objects to the Request to the extent it seeks documents and information subject to a confidentiality obligation to a non-party without its prior consent.  Elliott further objects to the extent this Request implicates the confidential and competitively sensitive financial, proprietary, commercial, or business information of Elliott.  Elliott objects to this Request to the extent that it seeks documents or communications protected from discovery under the attorney-client privilege, attorney work-product doctrine, business strategy immunity, or any other applicable privilege or protection from discovery afforded under the Federal Rules or any other applicable statute, rule, regulation, or the common law.

Subject to and without waiving the foregoing objections, Elliott refers to its responses to Requests 1 and 2.

64161500_7

## DOCUMENT REQUEST NO. 8

All Documents and Communications regarding Elliott's holdings in the Debtors' capital structure and Elliott's efforts to acquire such holdings, including any review, analysis, or evaluation of any information provided to or requested by Elliott or any of its representatives in connection with such acquisition or potential acquisition, including Elliott's investment thesis.

## RESPONSE TO DOCUMENT REQUEST NO. 8

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents and communications relating in any way to Elliott's holdings, including documents already in the Debtors' possession. Elliott further objects to the extent this Request in any way would implicate the confidential and competitively sensitive financial, proprietary, commercial or business information of Elliott.

Subject to and without waiving the foregoing objections, Elliott will produce documents sufficient to identify Elliott's holdings in the Debtors on or around June 1, 2017.

## DOCUMENT REQUEST NO. 9

All Documents and Communications regarding Elliott's interests or contracts to acquire interests in securities of EFIH and EFH, including the nature and amount of the interests, the consideration delivered or agreed to be delivered by Elliott in exchange for each interest, and the date on which each interest was acquired or is expected to be acquired.

## RESPONSE TO DOCUMENT REQUEST NO. 9

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or

64161500_7

defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents and communications relating in any way to Elliott's interests or contracts to acquire interests in securities of EFIH and EFH, including documents already in the Debtors' possession.  Elliott further objects to the extent this Request in any way would implicate the confidential and competitively sensitive financial, proprietary, commercial or business information of Elliott.

**DOCUMENT REQUEST NO. 10**

All Documents and Communications regarding agreements governing the terms of Elliott's acquisition of interests in securities of EFIH or EFH and all related documents, including any agreement relating to participation rights, rights to proceed, voting rights, rights with respect to any chapter 11 plan of reorganization, or repurchase rights.

**RESPONSE TO DOCUMENT REQUEST NO. 10**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents and communications relating in any way to agreements governing the terms of Elliott's acquisition of interests in securities of EFIH or EFH, including documents already in the Debtors' possession.  Elliott further objects to the extent this Request in any way would implicate the confidential and competitively sensitive financial, proprietary, commercial or business information of Elliott.

**DOCUMENT REQUEST NO. 11**

All Documents and Communications regarding agreements between Elliott and any other party concerning or relating to EFIH or EFH, or any security issued by either of them, including any credit default insurance, acquisition agreements, participation agreements, repurchase agreements, hedging arrangements, or guarantees.

**RESPONSE TO DOCUMENT REQUEST NO. 11**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents and communications relating in any way to agreements between Elliott and any other party concerning of relating EFIH or EFH, including documents already in the Debtors' possession. Elliott further objects to the extent this Request in any way would implicate the confidential and competitively sensitive financial, proprietary, commercial or business information of Elliott. Elliott also objects to the Request to the extent it seeks documents and information subject to a confidentiality obligation to a non-party without its prior consent.

**DOCUMENT REQUEST NO. 12**

All Documents and Communications regarding Elliott's efforts to secure regulatory approval from the IRS in connection with an Alternative Transaction.

**RESPONSE TO DOCUMENT REQUEST NO. 12**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or

-16-

defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents and communications relating in any way to Elliott's efforts to secure regulatory approval from the IRS.  Elliott objects to this Request to the extent that it seeks documents or communications protected from discovery under the attorney-client privilege, attorney work-product doctrine, business strategy immunity, or any other applicable privilege or protection from discovery afforded under the Federal Rules or any other applicable statute, rule, regulation, or the common law.

Subject to and without waiving the foregoing objections, Elliott will produce non-privileged external communications concerning Elliott's efforts to secure regulatory approval from the IRS in connection with any equitization plan proposed by Elliott.

## DOCUMENT REQUEST NO. 13

All Documents and All Documents and Communications regarding Elliott's efforts to secure regulatory approval from the PUCT in connection with an Alternative Transaction, including Elliott's proposed regulatory commitments and Communications with Oncor, the PUCT, PUCT Staff, OPUC, the Steering Committee of Cities Served by Oncor, Texas Industrial Energy Consumers, the Texas Attorney General, the Governor of Texas, the Lieutenant Governor of Texas, and any other actual or potential intervener.

## RESPONSE TO DOCUMENT REQUEST NO. 13

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence, insofar as it seeks "all" documents relating in any way to Elliott's "efforts to secure regulatory approval from the PUCT."  Elliott objects to the Request to the extent it seeks documents and information subject to a confidentiality obligation to the PUCT and the PUCT Staff without their

-17-

prior consent.  Elliott further objects to the extent this Request implicates the confidential and competitively sensitive financial, proprietary, commercial, or business information of Elliott.

## DOCUMENT REQUEST NO. 14

All Documents and Communications regarding statements in *The Elliott Funds' Motion to Adjourn Hearing on the Motion of the EFH/EFIH Debtors for Order Authorizing Entry into Merger Agreement and Approving Termination Fee* [D.I. 11506] that "Elliott has taken upon itself to retain Moelis & Company LLC ("Moelis") as its investment banker to assist with, among other things, the capital raise," including but not limited to the nature of the retention and Moelis's compensation structure and when Moelis began working on such matters, including before being retained formally.

## RESPONSE TO DOCUMENT REQUEST NO. 14

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence, insofar as it seeks "all" documents relating in any way to Elliott's retention of Moelis.  Elliott further objects to the extent this Request implicates the confidential and competitively sensitive financial, proprietary, commercial, or business information of Elliott.

Subject to and without waiving the foregoing objections, Elliott will produce its engagement letter with Moelis.

## DOCUMENT REQUEST NO. 15

All Documents and Communications regarding confidentiality agreements considered, negotiated, executed, and/or terminated by Elliott, its advisors, and/or potential financing sources (including any joinders thereto), since April 15, 2017.

-18-

**RESPONSE TO DOCUMENT REQUEST NO. 15**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence, insofar as it seeks "all" documents and communications relating in any to "confidentiality agreements" without regard to subject matter, including documents already in the Debtors' possession.   Elliott objects to this Request to the extent that it seeks documents or communications protected from discovery under the attorney-client privilege, attorney work-product doctrine, business strategy immunity, or any other applicable privilege or protection from discovery afforded under the Federal Rules or any other applicable statute, rule, regulation, or the common law.   Elliott objects to the Request to the extent it seeks documents and information subject to a confidentiality obligation to a non-party without its prior consent. Elliott further objects to the extent this Request implicates the confidential and competitively sensitive financial, proprietary, commercial, or business information of Elliott.

Subject to and without waiving the foregoing objections, Elliott will produce non-privileged considered or executed non-disclosure agreements regarding any equitization plan proposed by Elliott since May 17, 2017 that are responsive to this Request in a form that redacts the entity names and/or any identifying information of such entities.

-19-

**DOCUMENT REQUEST NO. 16**

All Documents and Communications regarding the "presentation for potential financing partners" referenced in paragraph 19 of *The Elliott Funds' Motion to Adjourn Hearing on the Motion of the EFH/EFIH Debtors for Order Authorizing Entry into Merger Agreement and Approving Termination Fee* [D.I. 11506], or any other presentation to potential financing sources, including but not limited to EFH/EFIH Restructuring and Debt Capital Needs Update presentation.

**RESPONSE TO DOCUMENT REQUEST NO. 16**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents relating in any way to "a presentation for potential financing partners," including documents already in Debtors' possession.  Elliott objects to the Request to the extent it seeks documents and information subject to a confidentiality obligation to a non-party in this matter without its prior consent.  Elliott further objects to the extent this Request implicates the confidential and competitively sensitive financial, proprietary, commercial, or business information of Elliott.

Subject to and without waiving the foregoing objections, Elliott will produce the June 2017 presentation for potential financing partners referenced in paragraph 19 of Elliott's Motion to Adjourn [D.I. 11506].

64161500_7

**DOCUMENT REQUEST NO. 17**

All Documents and Communications regarding statements in *The Elliott Funds' Motion to Adjourn Hearing on the Motion of the EFH/EFIH Debtors for Order Authorizing Entry into Merger Agreement and Approving Termination Fee* [D.I. 11506] that "Elliott has also received in-bound expressions of interest from multiple strategic bidders following the announcement of the Berkshire Transaction" and "Elliott is confident that it will be able to have committed financing for the equitization plan by early September."

**RESPONSE TO DOCUMENT REQUEST NO. 17**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to the extent this Request in any way would implicate the confidential and competitively sensitive financial, proprietary, commercial or business information of Elliott.  Elliott further objects to the Request to the extent it seeks documents and information subject to a confidentiality obligation to a non-party in this matter without its prior consent.

Subject to and without waiving the foregoing objections, Elliott refers to its responses to Requests 1 and 2.

**DOCUMENT REQUEST NO. 18**

All Documents and Communications regarding statements in the letter dated July 11, 2017 from Gregg M. Galardi to Chad J. Husnick that "the PUCT staff advised Elliott that it would accept the proposed equitization plan, subject to setting the terms out in a formal agreement" and "[t]here is no challenge unique to the equitization plan that the PUCT staff has identified that stands in the way of that transaction being consummated before year-end."

**RESPONSE TO DOCUMENT REQUEST NO. 18**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

-21-

64161500_7

Elliott objects to this Request to the extent that it seeks documents or communications protected from discovery under the attorney-client privilege, attorney work-product doctrine, business strategy immunity, or any other applicable privilege or protection from discovery afforded under the Federal Rules or any other applicable statute, rule, regulation, or the common law.  Elliott objects to the Request to the extent it seeks documents and information subject to a confidentiality obligation to the PUCT and the PUCT Staff without their prior consent.  Elliott further objects to the extent this Request implicates the confidential and competitively sensitive financial, proprietary, commercial, or business information of Elliott.

**DOCUMENT REQUEST NO. 19**

All Documents and Communications regarding the EFIH PIK PSA and Amended EFIH PIK PSA and the Debtors' waivers of certain provisions thereof.

**RESPONSE TO DOCUMENT REQUEST NO. 19**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents and communications relating in any way to Elliott's obligations under the EFIH PIK PSA and/or the Amended EFIH PIK PSA, including documents already in the Debtors' possession.  Elliott objects to the phrase "the Debtors' waivers of certain provisions thereof" to the extent it implies that the Debtors waived any obligations under the EFIH PIK PSA and/or the Amended EFIH PIK PSA.  Elliott further objects to this Request to the extent that it seeks documents or communications protected from discovery under the attorney-client privilege, attorney work-product doctrine, business strategy immunity, or any other

-22-

applicable privilege or protection from discovery afforded under the Federal Rules or any other applicable statute, rule, regulation, or the common law.

Subject to and without waiving the foregoing objections, Elliott will produce external communications responsive to this Request, to the extent such documents exist and are within Elliott's possession, custody or control.

**DOCUMENT REQUEST NO. 20**

All Documents and Communications regarding Elliott's understanding of creditor support for the Berkshire Transaction, including Communications between (a) Elliott and all of its agents, advisors, employees, representatives, staff, attorneys, and all other persons or entities acting on its behalf (b) and creditors of the Debtors and all of their agents, advisors, employees, representatives, staff, attorneys, and all other persons or entities acting on their behalf.

**RESPONSE TO DOCUMENT REQUEST NO. 20**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents and communications relating in any way to Elliott's understanding of creditor support for the Berkshire Transaction, including documents already in the Debtors' possession.  Elliott also objects to the use of the term "understanding of" as vague and ambiguous.  Elliott further objects to this Request to the extent that it seeks documents or communications protected from discovery under the attorney-client privilege, attorney work-product doctrine, business strategy immunity, or any other applicable privilege or protection from discovery afforded under the Federal Rules or any other applicable statute, rule, regulation, or the common law.

-23-

Subject to and without waiving the foregoing objections, Elliott will produce non-privileged external communications with creditors concerning creditor support for the Berkshire Transaction, to the extent such documents exist and are within Elliott's possession, custody or control.

**DOCUMENT REQUEST NO. 21**

All Documents and Communications regarding Elliott's understanding of creditor support for an Alternative Transaction, including Communications between (a) Elliott and all of its agents, advisors, employees, representatives, staff, attorneys, and all other persons or entities acting on its behalf (b) and creditors of the Debtors and all of their agents, advisors, employees, representatives, staff, attorneys, and all other persons or entities acting on their behalf.

**RESPONSE TO DOCUMENT REQUEST NO. 21**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents and communications relating in any way to Elliott's understanding of creditor support for an Alternative Transaction, including documents already in the Debtors' possession. Elliott also objects to the use of the term "understanding of" as vague and ambiguous. Elliott further objects to this Request to the extent that it seeks documents or communications protected from discovery under the attorney-client privilege, attorney work-product doctrine, business strategy immunity, or any other applicable privilege or protection from discovery afforded under the Federal Rules or any other applicable statute, rule, regulation, or the common law.

64161500_7

Subject to and without waiving the foregoing objections, Elliott will produce non-privileged external communications with creditors concerning support for any equitization plan proposed by Elliott, to the extent such documents exist and are within Elliott's possession, custody or control.

## DOCUMENT REQUEST NO. 22

All Documents and Communications regarding Elliott's understanding and analysis of projected creditor recoveries in connection with the Berkshire Transaction, including, but not limited to, projected creditor recoveries for different emergence dates.

## RESPONSE TO DOCUMENT REQUEST NO. 22

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents and communications relating in any way to Elliott's understanding and analysis of projected creditor recoveries in connection with the Berkshire Transaction.  Elliott also objects to the use of the term "understanding" as vague and ambiguous. Elliott further objects to this Request to the extent that it seeks documents or communications protected from discovery under the attorney-client privilege, attorney work-product doctrine, business strategy immunity, or any other applicable privilege or protection from discovery afforded under the Federal Rules or any other applicable statute, rule, regulation, or the common law.  Elliott further objects to the extent this Request implicates the confidential and competitively sensitive financial, proprietary, commercial, or business information of Elliott.

-25-

Subject to and without waiving the foregoing objections, Elliott will produce non-privileged external communications and analyses concerning projected creditor recoveries in connection with the Berkshire Transaction, to the extent such documents exist and are within Elliott's possession, custody or control.

**DOCUMENT REQUEST NO. 23**

All Documents and Communications regarding Elliott's understanding and analysis of projected creditor recoveries in connection with an Alternative Transaction, including, but not limited to, projected creditor recoveries for different emergence dates.

**RESPONSE TO DOCUMENT REQUEST NO. 23**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents and communications relating in any way to Elliott's understanding and analysis of projected creditor recoveries in connection with an Alternative Transaction. Elliott also objects to the use of the term "understanding" as vague and ambiguous. Elliott further objects to this Request to the extent that it seeks documents or communications protected from discovery under the attorney-client privilege, attorney work-product doctrine, business strategy immunity, or any other applicable privilege or protection from discovery afforded under the Federal Rules or any other applicable statute, rule, regulation, or the common law. Elliott further objects to the extent this Request implicates the confidential and competitively sensitive financial, proprietary, commercial, or business information of Elliott.

-26-

Subject to and without waiving the foregoing objections, Elliott will produce non-privileged external communications and analyses concerning projected creditor recoveries in connection with any equitization plan proposed by Elliott, to the extent such documents exist and are within Elliott's possession, custody or control.

**DOCUMENT REQUEST NO. 24**

All Documents and Communications regarding Elliott's valuation of the Berkshire Transaction.

**RESPONSE TO DOCUMENT REQUEST NO. 24**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Elliott further objects to the extent this Request would in any way implicate the confidential and competitively sensitive financial, proprietary, commercial or business information of Elliott.

Subject to and without waiving the foregoing objections, Elliott will produce non-privileged external communications concerning Elliot's valuation of the Berkshire Transaction.

**DOCUMENT REQUEST NO. 25**

All Documents and Communications regarding Elliott's valuation of an Alternative Transaction.

**RESPONSE TO DOCUMENT REQUEST NO. 25**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

-27-

Elliott further objects to the extent this Request would in any way implicate the confidential and competitively sensitive financial, proprietary, commercial or business information of Elliott.

Subject to and without waiving the foregoing objections, Elliott will produce non-privileged external communication concerning Elliot's valuation of an Alternative Transaction.

## DOCUMENT REQUEST NO. 26

All Documents and Communications between (a) Elliott and all of its agents, advisors, employees, representatives, staff, attorneys, and all other persons or entities acting on its behalf and (b) Berkshire and all of its agents, advisors, employees, representatives, staff, attorneys, and all other persons or entities acting on its behalf.

## RESPONSE TO DOCUMENT REQUEST NO. 26

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents and communications between Elliott and Berkshire, without regard to subject matter.

Subject to and without waiving the foregoing objections, Elliott will produce non-privileged external communications with Berkshire concerning the Debtors and/or Oncor.

## DOCUMENT REQUEST NO. 27

All Documents and Communications between (a) Elliott and all of its agents, advisors, employees, representatives, staff, attorneys, and all other persons or entities acting on its behalf and (b) Sunrise and all of its agents, advisors, employees, representatives, staff, attorneys, and all other persons or entities acting on its behalf.

-28-

**RESPONSE TO DOCUMENT REQUEST NO. 27**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents and communications between Elliott and Sunrise, without regard to subject matter. Elliott objects to the Request to the extent it seeks documents and information subject to a confidentiality obligation to a non-party in this matter without its prior consent. Elliott further objects to the extent this Request implicates the confidential and competitively sensitive financial, proprietary, commercial, or business information of Elliott.

Subject to and without waiving the foregoing objections, Elliott will produce non-privileged external communications with Sunrise concerning an Alternative Transaction, Debtors, or Oncor.

**DOCUMENT REQUEST NO. 28**

All Documents and Communications between (a) Elliott and all of its agents, advisors, employees, representatives, staff, attorneys, and all other persons or entities acting on its behalf and (b) creditors of the Debtors and all of their agents, advisors, employees, representatives, staff, attorneys, and all other persons or entities acting on their behalf.

**RESPONSE TO DOCUMENT REQUEST NO. 28**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence

insofar as it seeks "all" documents and communications between Elliott and creditors of the Debtor, without regard to subject matter.

Subject to and without waiving the foregoing objections, Elliott will produce non-privileged external communications with creditors of the Debtors concerning an Alternative Transaction, Debtors, or Oncor.

## DOCUMENT REQUEST NO. 29

All Documents and Communications between (a) Elliott and all of its agents, advisors, employees, representatives, staff, attorneys, and all other persons or entities acting on its behalf and (b) financing sources for an Alternative Transaction (including, but not limited to, prospective financing sources) and all of their agents, advisors, employees, representatives, staff, attorneys, and all other persons or entities acting on their behalf.

## RESPONSE TO DOCUMENT REQUEST NO. 29

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents and communications between Elliott and financing sources. Elliott objects to the Request to the extent it seeks documents and information subject to a confidentiality obligation to a non-party in this matter without its prior consent. Elliott further objects to the extent this Request implicates the confidential and competitively sensitive financial, proprietary, commercial, or business information of Elliott.

Subject to and without waiving the foregoing objections, Elliott will produce non-privileged external communications concerning any equitization plan proposed by Elliott that are

-30-

responsive to this Request in a form that redacts the entity names and/or any identifying information of such entities.

**DOCUMENT REQUEST NO. 30**

All Documents and Communications regarding all fees, expenses, or other costs (including without limitation legal and financial advisor fees and expenses) incurred by Elliott in connection with these Chapter 11 Cases.

**RESPONSE TO DOCUMENT REQUEST NO. 30**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant to any party's claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all" documents and communications concerning Elliott's fees incurred in connection with the Chapter 11 Cases. Elliott further objects to this Request to the extent that it seeks documents or communications protected from discovery under the attorney-client privilege, attorney work-product doctrine, business strategy immunity, or any other applicable privilege or protection from discovery afforded under the Federal Rules or any other applicable statute, rule, regulation, or the common law.

**DOCUMENT REQUEST NO. 31**

All Documents and Communications, whether direct or indirect, with news organizations (including but not limited to print, television, and Internet-based outlets such as Bloomberg L.P.) regarding the EFIH PIK PSA, the Amended EFIH PIK PSA, the Berkshire Transaction, and any Alternative Transaction (including Elliott's efforts to secure financing, creditor support, and IRS and PUCT approval thereof).

**RESPONSE TO DOCUMENT REQUEST NO. 31**

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is overly broad

-31-

64161500_7

and unduly burdensome, and seeks documents that are neither relevant to any party's claim or

defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 32**

All Documents and Communications that have been or will be provided to testifying experts in
connection with the BHE Approval Motion.

**RESPONSE TO DOCUMENT REQUEST NO. 32**

In addition to the foregoing General Objections, which are expressly incorporated by

reference into this Response, Elliott objects to this Request on the grounds that it is premature.

Elliott further objects to this Request to the extent that it seeks documents or communications

protected from discovery under the attorney-client privilege, attorney work-product doctrine,

business strategy immunity, or any other applicable privilege or protection from discovery

afforded under the Federal Rules or any other applicable statute, rule, regulation, or the common

law.

Subject to and without waiving the foregoing objections, Elliott will produce non-privileged

documents considered by any expert in forming his or her opinion in response to this Request, if

any, to the extent that such documents are in Elliott's possession, custody or control, and

consistent with any requirements or stipulations regarding expert discovery agreed to by the parties

or set forth in any applicable rules or other law.

**DOCUMENT REQUEST NO. 33**

All Documents and Communications that may be introduced into evidence at any hearing in
connection with the BHE Approval Motion.

**RESPONSE TO DOCUMENT REQUEST NO. 33**

In addition to the foregoing General Objections, which are expressly incorporated by

reference into this Response, Elliott objects to this Request on the grounds that it is premature.

-32-

64161500_7

Elliott further objects to this Request to the extent that it seeks documents or communications protected from discovery under the attorney-client privilege, attorney work-product doctrine, business strategy immunity, or any other applicable privilege or protection from discovery afforded under the Federal Rules or any other applicable statute, rule, regulation, or the common law.

Subject to and without waiving the foregoing objections, Elliott will comply with any requirements or stipulations regarding demonstratives and/or exhibits set forth in the parties' scheduling order and agreements, and any Federal Rules, Local Rules, or other applicable law.

## DOCUMENT REQUEST NO. 34

Any and all demonstratives, exhibits, or other materials that will be relied upon at any hearing in connection with the BHE Approval Motion, regardless of whether introduced into evidence.

## RESPONSE TO DOCUMENT REQUEST NO. 34

In addition to the foregoing General Objections, which are expressly incorporated by reference into this Response, Elliott objects to this Request on the grounds that it is premature. Elliott further objects to this Request to the extent that it seeks documents or communications protected from discovery under the attorney-client privilege, attorney work-product doctrine, business strategy immunity, or any other applicable privilege or protection from discovery afforded under the Federal Rules or any other applicable statute, rule, regulation, or the common law.

Subject to and without waiving the foregoing objections, Elliott will comply with any requirements or stipulations regarding demonstratives and/or exhibits set forth in the parties' scheduling order and agreements, and any Federal Rules, Local Rules, or other applicable law.

64161500_7

Date: August 3, 2017

BAYARD, P.A.

*/S/ Erin R. Fay*
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
Evan T. Miller (No. 5364)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
E-mail: scousins@bayardlaw.com
　　　　efay@bayardlaw.com
　　　　emiller@bayardlaw.com

　--and--

ROPES & GRAY LLP
Keith H. Wofford
Gregg M. Galardi
D. Ross Martin
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: 212-596-9000
Facsimile:  212-596-9090
Email: Keith.Wofford@ropesgray.com
　　　Gregg.Galardi@ropesgray.com
　　　Ross.Martin@ropesgray.com

*Counsel for the Elliott Funds*

-34-