

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

August 7, 2017
Sent via electronic mail

Chad J. Husnick
Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois 60654
chad.husnick@kirkland.com

Gregg M. Galardi
Ropes & Gray LLP
1211 Avenue of the Americas
New York, New York 10036-8704
gregg.galardi@ropesgray.com

RE: *In re Energy Future Holdings Corp.*, Chapter 11, Case No. 14-10979, U.S. Bankruptcy Court District of Delaware

Dear Chad and Gregg,

Confirming our recent telephone conversations and in response to your inquiries, it is the position of our office, and that of our client the Public Utility Commission of Texas (PUCT), that there is in fact no legal privilege that should prevent any party being deposed in connection with the bankruptcy proceedings from testifying about any conversations they may have had with the representatives of the PUCT and to date, there have been no *settlement* communications between the PUCT and Elliott Management (Elliott) as Elliot does not have a completed alternate transaction such that could be negotiated to obtain the support of PUCT staff.

As we have discussed, the PUCT, as a public agency of the State of Texas, believes in being both open and transparent in all of its dealings and toward that end has been willing to meet at appropriate times in compliance with the Administrative Procedures Act with all entities who were interested in acquiring Oncor. As we have also shared with you, the PUCT is not interested in being used as a marketing tool by any entity who might wish to falsely imply to potential investors that it has some type of an edge or implied agreement or that they are actively negotiating an agreement. If and when Elliott Management has a completed deal, the PUCT staff will be pleased to review it and at that time express any concerns or agreements that might be reached.

The PUCT Commissioners will carefully review any change of control application filed in accordance with the Texas Public Utility Regulatory Act [PURA] and evaluate such transaction in accordance with the law and decide, *inter alia*, whether such transaction is in the public interest.

August 7, 2017
Page 2

As you are aware, the PUCT Commissioners serve in a quasi-judicial capacity and deliberate independently of the PUCT staff. Accordingly, any implication that any meeting with representatives of the PUCT might influence the decision of the Commissioners we believe would be severely misplaced and would be highly inappropriate

Our office, along with the Legal Division of the PUCT, looks forward to reviewing any testimony regarding any meetings that took place with the PUCT and we will be pleased to provide you both with any comments we have should we believe there are any inaccuracies in that testimony from any party.

Thank you, Gregg and Chad, for your continued courtesies in this matter. If I can supply you with any additional information regarding this issue, please don't hesitate to contact me.

With kindest regards I remain,

Very truly yours,

Hal F. Morris
Assistant Attorney General
Managing Attorney Bankruptcy Regulatory Section
Bankruptcy and Collection Division
Office of the Texas Attorney General
(Direct Phone) 512-475-4550
hal.morris@oag.texas.gov

cc:
Brian Lloyd, Executive Director, PUC, brian.lloyd@puc.texas.gov
Margaret Pemberton, Division Director, Legal Services PUC, margaret.pemberton@puc.texas.gov
Tonya Baer, Public Counsel PUC, tonya.baer@opuc.texas.gov
Allen Nye, Oncor, allen.nye@oncor.com
Patricia J. Villareal, Jones Day, pjvillareal@jonesday.com
Matthew C. Henry, Vinson & Elkins LLP, mhenry@velaw.com
Geoffrey Gay ggay@lglawfirm.com
Phillip Oldham, Thompson & Knight LLP, phillip.oldham@tklaw.com
Ashley Bartram, Assistant Attorney General, ashley.bartram@oag.texas.gov