**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) **Re: Docket Nos. 11430** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORPORATION, ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC, EFIH FINANCE, INC., AND EECI, INC. TO MOTION OF THE EFH/EFIH DEBTORS FOR ORDER AUTHORIZING ENTRY INTO MERGER AGREEMENT AND APPROVING TERMINATION FEE**

The official committee of unsecured creditors (the "**EFH/EFIH Committee**") of Energy Future Holdings Corporation ("**EFH**"), Energy Future Intermediate Holding Company, LLC ("**EFIH**"), EFIH Finance, Inc., and EECI, Inc., through its undersigned counsel, hereby submits this limited objection and reservation of rights in response to the *Motion of the EFH/EFIH Debtors for Order Authorizing Entry Into Merger Agreement and Approving Termination Fee* [D.I. 11430] (the "**Motion**"),[2] and respectfully states as follows:

**Background**

1. On October 27, 2014, the United States Trustee for the District of Delaware appointed the EFH/EFIH Committee to represent the collective interests of unsecured

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Merger Agreement, as applicable.

creditors of EFH, EFIH, EFIH Finance, Inc., and EECI, Inc. [D.I. 2570].

2. On July 7, 2017, EFIH and EFH entered into the Agreement and Plan of Merger (the "**Merger Agreement**") with Berkshire Hathaway Energy Company ("**BHE**") and certain of its affiliates. The EFH/EFIH Committee was not provided an opportunity to review the Merger Agreement in advance of its execution by EFIH and EFH. The Merger Agreement contains a $270,000,000 termination fee (the "**Termination Fee**") that, if approved by this Court, would be owed as an allowed administrative expense claim payable if and when it becomes due.

3. Later on July 7, 2017, the Debtors filed the Motion seeking entry of an order authorizing the Debtors' entry into the Merger Agreement and approving the payment of the Termination Fee. The Debtors that same day filed the *Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 11426] (as may be amended, supplemented or modified from time to time, the "**Plan**").

4. The Merger Agreement contains a number of milestones, which, if not met, each provide BHE a right to terminate the agreement and trigger the Termination Fee. Section 8.4(h) of the Merger Agreement provides, among other things, that BHE may terminate the Merger Agreement within 45 days and receive the Termination Fee if the Bankruptcy Court does not enter the EFH Confirmation Order[3] (or provide oral indication that it is approving or will approve confirmation of the Plan) by December 15, 2017. *See* Merger Agreement §§ 8.4(h)(iv), 8.5(b).

---

[3] "**EFH Confirmation Order**" means an order, in form reasonably satisfactory to BHE confirming the Plan and authorizing all of the transactions and agreements contemplated by the Merger Agreement, which in each case shall be in full force and not subject to any stay.

5.      Section 8.5(b) of the Merger Agreement requires EFIH and EFH to pay BHE the Termination Fee if the Merger Agreement is terminated pursuant to Article 8 therein and an alternative transaction is consummated with someone other than BHE (or its Affiliates).[4] The Debtors negotiated for certain exceptions to this requirement relating to closing conditions outside of the Debtors' control.  Specifically, if Closing does not occur by an outside date of March 24, 2018 (which can be extended until June 2, 2018 under certain circumstances), no Termination Fee is payable to BHE if, other than conditions to be satisfied at Closing:

- Receipt of the PUCT Approval is the only condition not satisfied or waived; and/or

- The Supplemental Rulings have not been obtained for specified reasons within BHE's control (the "**Supplemental Rulings Condition**"); **or**

- The TTI Minority Interest Acquisition is the only condition not satisfied or waived.

*See* Merger Agreement §§ 8.5(b)(iii)-(v).

## Limited Objection to the Termination Fee

6.      The EFH/EFIH Committee does not oppose the Debtors entering into the Merger Agreement and moving forward with the Plan confirmation process.  The sale to BHE has many positives, including what appears to be a clearer path to obtaining regulatory approvals than previous transactions approved by this Court.  Given the history of these cases and the continual erosion of distributable value to unsecured creditors, reducing closing risk is of critical importance to the EFH/EFIH Committee and its constituents.  Moreover, the EFH/EFIH Committee is currently unaware of any actionable alternative restructuring plans to be considered.  There are, however, certain provisions in connection with the Termination Fee that shift undue burden to the Debtors' estates and their creditors, and thus must be modified.  The

---

[4] The allocation between EFIH and EFH of any Termination Fee that may become due at some later date has not been determined.  The EFH/EFIH Committee reserves all rights with respect to any allocation of the Termination Fee that may become payable.

-3-

Termination Fee should not be approved absent changes to these provisions in order to comply with the legal requirements in this Circuit.

7. Courts in the Third Circuit review termination fees in accordance with section 503(b) of the Bankruptcy Code and require that any such fee satisfy the same requirements as those for any other allowable administrative expense claim. *In re Reliant Energy Channelview LP*, 594 F.3d 200, 206 (3d Cir. 2010) (re-affirming that a bidder must seek a break-up fee under 11 U.S.C. § 503(b)).

8. The moving party has the burden to demonstrate that payment of the termination fee is "actually necessary to preserve the value of the estate." *In re O'Brien Environmental Energy, Inc.*, 181 F.3d 527, 535 (3d Cir. 1999). While a termination fee may be appropriate where it is necessary to induce or preserve a potential purchaser's bid (*see In re Reliant Energy*, 594 F.3d at 206), there is no evidence or basis to conclude that the Termination Fee, as written, was required to induce BHE's bid or is necessary to preserve BHE's bid. Certain provisions of the Merger Agreement relating to BHE's termination rights and the payment of the Termination Fee could lead to scenarios that are highly value-destructive for the Debtors' estates—harm that would be borne by the EFH/EFIH Committee's constituency.

9. The Termination Fee should not be approved unless the changes described herein are made and the Merger Agreement appropriately modified. The EFH/EFIH Committee continues to discuss these issues with BHE.

A. **Overly Broad Plan Confirmation Milestone**

10. The Debtors successfully negotiated an exclusion from the Termination Fee for BHE's failure to obtain approval from the PUCT by a date certain. *See* Merger Agreement § 8.5(b)(iii). Given the failure of previous transactions to obtain PUCT approval, it is

appropriate to protect the Debtors (and their unsecured creditors) from BHE's failure to obtain regulatory approval—a condition that is beyond the Debtors' control. Furthermore, from the day the Merger Agreement was announced, BHE has touted the agreements it has reached to facilitate prompt approval for the transaction from the PUCT. Similarly, satisfaction of the TTI Minority Interest Acquisition closing condition and the Supplemental Rulings Condition lie with BHE and are beyond the Debtors' control.

11. Pursuant to Section 8.4(h)(iv) of the Merger Agreement, however, BHE may terminate the Merger Agreement at any time prior to the Closing and receive the Termination Fee if the Bankruptcy Court does not enter the EFH Confirmation Order by December 15, 2017. The EFH/EFIH Committee submits that this term is overly broad because if BHE chooses to exercise this termination right, it should not receive the benefit of the Termination Fee while there are closing conditions within its control that have yet to be satisfied—specifically, obtaining PUCT Approval, the TTI Minority Interest Acquisition, and the Supplemental Rulings Condition.

12. In other words, while BHE may be entitled to terminate the Merger Agreement if the EFH Confirmation Order is not entered, it should not receive the Termination Fee where Closing could not take place at the time of termination because any of the PUCT Approval, TTI Minority Interest Acquisition, or the Supplemental Rulings Condition remains unsatisfied. In that scenario, BHE would have chosen to terminate with one or more of these conditions unsatisfied instead of remaining committed to the transaction. Under such circumstances, there is no basis for BHE to receive the Termination Fee. The Debtors' obligation to pay a Termination Fee following BHE's termination pursuant to Section 8.4(h)(iv) of the Merger Agreement should only arise if the PUCT Approval, TTI Minority Interest

-5-

SC1:4460457.5

Acquisition, and the Supplemental Rulings Condition are all satisfied prior to BHE's termination.

### B. Disjunctive Termination Fee Exceptions

13.     As discussed above, in certain circumstances either EFH/EFIH or BHE may terminate the Merger Agreement without triggering the Termination Fee if Closing has not occurred by the Termination Date and any of PUCT Approval, the Supplemental Rulings Condition or the TTI Minority Interest Acquisition is the only condition not satisfied or waived.[5] *See* Merger Agreement § 8.5(b)(iii)-(v).  In each case, the exception logically exempts conditions that by their nature or pursuant to the terms of the Merger Agreement are to be satisfied at the Closing and beyond the control of the Debtors.  But the exception should not be disjunctive.  It makes no sense for BHE to forego a Termination Fee when one of these conditions remains unmet, but trigger the Termination Fee because *more than one* of the exempted conditions remain unsatisfied.  In that circumstance, the transaction is actually further away from Closing at the time of the termination.

14.     The EFH/EFIH Committee respectfully submits that Sections 8.5(b)(iii), 8.5(b)(iv) and 8.5(b)(v) should be modified to provide that EFH/EFIH or BHE may terminate the Merger Agreement without triggering the Termination Fee if Closing has not occurred by the Termination Date and **any combination** of the PUCT Approval, the Supplemental Rulings Condition and the TTI Minority Interest Acquisition are the only conditions not satisfied or waived (other than conditions that by their nature or pursuant to the terms of the Merger Agreement are to be satisfied at the Closing).

---

[5]  In the case of PUCT Approval and the Supplemental Rulings Condition, each exception does disregard the other condition when considering whether a single condition has prevented Closing.  However, neither exception disregards the TTI Minority Interest Acquisition, and the TTI Minority Interest Acquisition exception does not disregard PUCT Approval and the Supplemental Rulings Condition.

### C. Amount of the Termination Fee

15. The EFH/EFIH Committee has raised concerns with BHE with respect to the size of the $270,000,000 Termination Fee under the circumstances. The EFH/EFIH Committee expects the Debtors to present evidence at the hearing as to the necessity of such a large fee in order to preserve the value of the Debtors' estates and the BHE offer. The EFH/EFIH Committee will consider that evidence and reserves its rights to respond further at the hearing with respect to the size of the Termination Fee.

### Reservation of Rights

16. The EFH/EFIH Committee reserves all rights with respect to the confirmation of the Plan. The EFH/EFIH Committee further reserves its rights with respect to all issues concerning the Termination Fee if and when it becomes payable and/or the payment of the Termination Fee is allocated between EFIH and EFH.

*[Remainder of Page Intentionally Left Blank]*

SC1:4460457.5

| | |
|---|---|
| Dated: Wilmington, Delaware<br>August 9, 2017 | **MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**<br><br>  */s/ Mark A. Fink*  <br>Natalie D. Ramsey (DE Bar No. 5378)<br>Davis Lee Wright (DE Bar No. 4324)<br>Mark A. Fink (DE Bar No. 3946)<br>1105 North Market Street, 15th Floor<br>Wilmington, DE  19801<br>Telephone: (302) 504-7800<br>Facsimile: (302) 504 -7820<br>E-mail:     nramsey@mmwr.com<br>                dwright@mmwr.com<br>                mfink@mmwr.com<br><br>– and –<br><br>**SULLIVAN & CROMWELL LLP**<br><br>Andrew G. Dietderich<br>Brian D. Glueckstein<br>John L. Hardiman<br>Alexa J. Kranzley<br>125 Broad Street<br>New York, New York  10004<br>Telephone:    (212) 558-4000<br>Facsimile:     (212) 558-3588<br>E-mail:         dietdericha@sullcrom.com<br>                    gluecksteinb@sullcrom.com<br>                    hardimanj@sullcrom.com<br>                    kranzleya@sullcrom.com<br><br>*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc.* |