# Exhibit Q



Control Number: 27120



Item Number: 51

Addendum StartPage: 0

DOCKET NO. 27120

| | | |
|---|---|---|
| PETITION OF CENTRAL POWER | § | PUBLIC UTILITY COMMISSION |
| & LIGHT COMPANY FOR | § | |
| DECLARATORY ORDER AND | § | |
| APPROVAL OF PLAN OF | § | OF TEXAS |
| DIVESTITURE | § | |

## ORDER OF DISMISSAL ON REHEARING

This Order dismisses AEP Texas Central Company's (formerly Central Power and Light Company) petition for a declaratory order and approval of its divestiture plan.

### I. Background

On December 17, 2002, AEP filed its petition requesting that the Commission: 1) declare that stranded costs related to nuclear assets are quantifiable by using the sale of those assets to determine market value pursuant to PURA[1] § 39.262(h); 2) approve the company's plan to divest its generation assets and declare that the plan, when implemented, constitutes a "bona-fide third-party transaction under a competitive offering" as provided in PURA § 39.262(h)(1); and 3) schedule the company's 2004 true-up filing following the completion of the divestiture of its generating plants.

On January 31, 2003, Texas Industrial Energy Consumers, the Office of Public Utility Counsel, and South Texas Aggregation Project filed motions to dismiss the petition for lack of jurisdiction. The motions were opposed by AEP and supported by Commission Staff, Alliance for Retail Markets, Alliance of Commercial Customer Organizations, and the State of Texas.

### II. Motions to Dismiss

Intervenors and Staff recommended dismissing the petition for lack of jurisdiction because it is premature as a matter of law and seeks only an impermissible advisory

---

[1] Public Utility Regulatory Act, TEX. UTIL. CODE ANN. §§ 11.001-64.158 (Vernon 1998 & Supp. 2003) (PURA).

51

opinion from the Commission. They argued that there is no actual controversy between the parties and that any dispute remains contingent upon future events. According to these parties, the petition addresses issues that are, as matter of law, the subject of the true-up proceeding. Intervenors and Staff suggested that the proper vehicle for the Commission to interpret PURA § 39.262 is through an interpretive rulemaking.

AEP claimed that it is not requesting an advisory opinion because it has presented a discrete legal issue concerning quantification of nuclear stranded costs and a concrete plan of divestiture. According to AEP, its intent to sell the nuclear asset and implement the divestiture plan is a concrete commitment, not a hypothetical event.

### III. Commission Order

After considering the parties' briefs, as well as Commission precedent and relevant case law, the Commission grants the motions to dismiss. AEP's petition in this proceeding is hereby dismissed without prejudice. However, the Commission finds that a rulemaking would be appropriate to address the first request in AEP's petition, whether stranded costs related to nuclear assets are quantifiable by using the sale of those assets to determine market value pursuant to PURA § 39.262(h).

SIGNED AT AUSTIN, TEXAS the 22nd day of May 2003

PUBLIC UTILITY COMMISSION OF TEXAS

_____
REBECCA KLEIN, CHAIRMAN

_____
JULIE PARSLEY, COMMISSIONER

## CONCURRING OPINION OF COMMISSIONER BRETT A. PERLMAN

I concur with the Commission's decision on rehearing to dismiss this case without prejudice because AEP's request for interpretation of PURA § 39.262(h) is now moot in light of the recently adopted rule, P.U.C. SUBST. R. 25.264. As I stated in the open meeting, however, I believe that the Commission has the authority to issue declaratory orders to provide certainty.[2] While the Commission has previously interpreted its power to issue declaratory orders in light of the law that applies to courts, administrative agencies are different from courts and, as AEP argued, may have more leeway in determining which cases have reached the point where the agency decision would not be "advisory" because there is a substantial public interest involved. It is the nature of declaratory orders that parties are given certainty about contemplated actions. In this proceeding, AEP is seeking the Commission's input on the resolution of significant issues affecting the valuation of stranded costs. Failing to provide AEP certainty on this matter may have a substantial impact on the company and, ultimately, ratepayers.

---

[2] *Tennessee Gas Pipeline Co. v. Federal Power Commission*, 606 F.2d 1373, 1380 (D.C.Cir. 1979); *North Carolina Utilities Commission v. Federal Communications Commission*, 537 F.2d 787 (4th Cir.) *cert. denied*, 429 U.S. 1027, 97 S.Ct. 651, 50 L.Ed2d 631 (1976).

_____
**BRETT A. PERLMAN, COMMISSIONER**

q:\pd\orders\misc. orders\27120-dismissal-rehearing.doc