# Exhibit R



Control Number: 35820



Item Number: 25

Addendum StartPage: 0

PUC DOCKET NO. 35820

| | | |
|---|---|---|
| JOINT PETITION OF | § | PUBLIC UTILITY COMMISSION |
| SOUTHWESTERN PUBLIC | § | |
| SERVICE COMPANY AND | § | OF TEXAS |
| GOLDEN SPREAD ELECTRIC | § | |
| COOPERATIVE, INC. FOR | § | |
| DECLARATORY ORDER | § | |

## ORDER ON CERTIFIED ISSUE

This order addresses the issue certified to the Commission in Order No. 8 in this docket regarding the justiciability of declaratory relief actions. The Commission determines that two of the three requests for declaration are justiciable, but are not the type of issues proper for issuance of a declaratory order. One of the requests for declaration is not justiciable and should be dismissed. The Commission further concludes that the issues it finds justiciable should be referred to the State Office of Administrative Hearings (SOAH) for an evidentiary hearing.

### I. Background

In 2002, Southwestern Public Service Company gave Golden Spread Electric Cooperative, Inc. a 10-year notice of termination of their existing power sales agreement. SPS and Golden Spread began negotiations regarding a new agreement.[1] In 2008, as part of a settlement of several issues pending before the Federal Energy Regulatory Commission, SPS and Golden Spread entered into a replacement power-sales agreement (RPSA).[2] The RPSA requires SPS to provide Golden Spread with a declining supply of baseload energy for a seven-year period beginning April 2012.[3] The RPSA requires SPS to sell wholesale power to Golden Spread from April 2012 through

---

[1] Joint Petition for Declaratory Order at 5.

[2] *Id* at 5-6.

[3] *Id* at 6.

25

April 2019, priced at average embedded capacity and system average fuel and energy cost.[4] The RPSA gradually reduces the amount of power Golden Spread may purchase from SPS.[5] The petitioners stated that the gradual decrease in the amount of power Golden Spread can purchase from SPS pursuant to the RPSA provides certainty to SPS and provides Golden Spread with additional time to develop replacement baseload resources.[6] SPS and Golden Spread jointly filed a petition for declaratory order at the Commission on June 27, 2008. In the petition, the parties requested that the Commission:

1. Find that it was reasonable and prudent for SPS to enter into the RPSA;

2. Find that the sale of capacity and energy by SPS to Golden Spread at system average costs as provided in the RPSA is reasonable and will not cause incremental costs to be imputed to such sales in future retail base rate and fuel proceedings; and

3. Find that the RPSA is consistent with the terms of the stipulation in Docket No. 32766[7].[8]

On July 16, 2008, Occidental Permian Ltd. and Occidental Power Marketing, L.P. (Occidental) filed a motion to intervene. The ALJ issued Order No. 2 granting Occidental intervention on July 24, 2008. On February 6, 2009, SPS, Golden Spread, Commission Staff, and Occidental filed a joint request for submission of a certified question. The ALJ issued Order No. 7 requiring the parties to file an explanation of how the parties' proposed certified issue qualifies as a type of issue appropriate for certification. Commission Staff, SPS and Golden Spread, and Occidental filed responses

---

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Application of Southwestern Public Service Company for: (1) Authority to Change Rates; (2) Reconciliation of Its Fuel Costs for 2004 and 2005; (3) Authority to Revise the Semi-Annual Formulae Originally Approved in Docket No. 27751 Used to Adjust Its Fuel Factors; and (4) Related Relief*, Docket No. 32766, Order (July 27, 2007).

[8] Joint Petition for Declaratory Order at 8.

to Order No. 7. In Order No. 8, the Commission ALJ certified an issue to the Commission. Commission Staff and Golden Spread and SPS responded to Order No. 8.

## II. Certified Issue

The ALJ certified the following issue to the Commission: Should any of the requests for declaration in the joint petition be dismissed as non-justiciable?[9]

The Commission finds that the first request for declaration, a request that the Commission find that it was reasonable and prudent for SPS to enter into the RPSA, is justiciable. However, the Commission also finds that the first request for declaration is a question of fact and is, therefore, not an issue proper for a declaratory order. The Commission answers the certified issue regarding the first request for declaration in the negative, that the request should not be dismissed as non-justiciable.

The Commission finds that the second request for declaration, a request that the Commission find that the sale of capacity and energy by SPS to Golden Spread at system average costs as provided in the RPSA is reasonable and will not cause incremental costs to be imputed to such sales in future retail base rate and fuel proceedings, is unripe. The RPSA will not be in effect until April 2012.[10] The petitioners are requesting that the Commission make a determination on the reasonableness of transactions between SPS and Golden Spread that have not yet taken place and to make a preliminary determination of how it will treat costs in a future base rate and fuel proceeding. The Commission does not have the authority to issue advisory opinions.[11] A determination on this issue at this time would amount to the issuance of an advisory opinion. Therefore, the Commission answers the certified issue regarding the second request for declaration in the affirmative, that the request should be dismissed as non-justiciable.

The Commission finds that the third request for declaration, a request that the Commission find that the RPSA is consistent with the terms of the stipulation in Docket

---

[9] Order No. 8 Certifying Issue at 2 (May 6, 2009).

[10] Joint Petition for Declaratory Order at 6.

[11] *Pub. Util. Comm'n of Texas v. Houston Lighting & Power Co.*, 748 S.W.2d 439, 442 (Tex. 1987).

No. 32766, is justiciable. However, the Commission also finds that the third request for declaration is a question of fact and is, therefore, not an issue proper for a declaratory order. The Commission answers the certified issue regarding the third request for declaration in the negative, that the request should not be dismissed as non-justiciable.

The first and third requests for declaration are questions of fact and should be referred to SOAH. The second request for declaration should be dismissed as non-justiciable.

SIGNED AT AUSTIN, TEXAS the 26th day of June 2009

PUBLIC UTILITY COMMISSION OF TEXAS

_____
BARRY T. SMITHERMAN, CHAIRMAN

_____
DONNA L. NELSON, COMMISSIONER

_____
KENNETH W. ANDERSON, JR., COMMISSIONER

q:\cadm\orders\final\35000\35820ci.docx