# Exhibit X



Control Number: 34077



Item Number: 412

Addendum StartPage: 0

## PUC DOCKET NO. 34077

| | | |
|---|---|---|
| JOINT REPORT AND APPLICATION | § | PUBLIC UTILITY COMMISSION |
| OF ONCOR ELECTRIC DELIVERY | § | |
| COMPANY AND TEXAS ENERGY | § | |
| FUTURE HOLDINGS LIMITED | § | OF TEXAS |
| PARTNERSHIP PURSUANT TO | § | |
| PURA § 14.101 | § | |

## PRELIMINARY ORDER AND ORDER ON APPEALS AND MOTION TO EXTEND PROCEDURAL SCHEDULE

On April 25, 2007, Oncor Electric Delivery Company (Oncor) (formerly TXU Electric Delivery Company and Texas Energy Future Holdings Limited Partnership (TEF) (collectively, Applicants) filed a joint report and application pursuant to Public Utility Regulatory Act (PURA)[1] § 14.101 and P.U.C. SUBST. R. 25.75. On June 25, 2007, to develop a list of contested issues in this proceeding, Commission Advising issued an order requesting that parties file by July 13, 2007 a list of issues to be addressed or not addressed, or identify any threshold legal or policy issues.

On July 27, 2007, Commission Advising issued an order requesting briefing on threshold legal and policy issues. Briefs were timely filed on August 6, 2007 by the Alliance of TXU/Oncor Customers (ATOC), Commission Staff, Nucor Steel – Texas, Texas Industrial Energy Consumers (TIEC), Applicants, and the Steering Committee of Oncor Cities (Cities). This order also addresses ATOC's appeals of Order Nos. 16 and 14, filed on July 30, 2007, and of Order No. 15, filed on August 6, 2007, and the Joint Motion to Extend the Procedural Schedule, filed on July 23, 2007.

---

[1] Public Utility Regulatory Act, TEX. UTIL. CODE ANN. §§ 11.001-66.017 (Vernon 1998 and Supp. 2006)(PURA).

412

## I.   THRESHOLD LEGAL AND POLICY DETERMINATIONS

Parties filed briefs addressing the following legal and policy questions. The following statements of position were reached in consideration of arguments of the parties. Accordingly, the Commission states its position on the following threshold issues:

1. **Can the Commission only enforce commitments related to the public utility or can the Commission enforce any commitment made by the purchaser, pursuant to PURA § 39.262(o), as long as it meets the standards of PURA §§ 14.101 and 39.262?**

2. **Should the Commission evaluation of commitments relating to affiliates of the public utility be limited to how these commitments would impact the public utility?**

The Commission concludes that its review of the transaction under PURA §§ 14.101 and 39.262(o) is limited in scope and that the Commission can only enforce the commitments that are directly related to the public utility. The Commission finds that the legislative intent of the language in § 39.262(o) indicates that this section only applies to the public utility and to commitments that directly affect the public utility. While the Commission has examined a wide variety of issues related to public utility transactions using the public interest standard in § 14.101(b)(4), most of these proceedings took place prior to S.B. 7 and a restructured electric industry in ERCOT, and are not directly comparable to this proceeding. The restructuring of the electric industry in Texas, as well as the legislative history concerning § 39.262(o), limit the Commission's review of the pending transaction. Therefore, the Commission's determination on both the threshold questions is that the Commission cannot evaluate or enforce any commitment made that relates to the affiliate of the public utility, and can only address commitments that directly affect Oncor.

## II. ISSUES TO BE ADDRESSED

After reviewing the pleadings submitted by the parties, the Commission identifies the following issues that must be addressed in this docket. First, based on the statutory requirements of PURA § 14.101(b), the Commission is required to consider the following:

1. What is the reasonable value of the property, facilities, or securities to be acquired, disposed of, merged, transferred, or consolidated?

2. Will the transaction adversely affect the health or safety of customers or employees?

3. Will the transaction result in the transfer of jobs of citizens of this state to workers domiciled outside this state?

4. Will this transaction result in the decline in service?

5. Will the public utility receive consideration equal to the reasonable value of the assets when it sells, leases, or transfers assets?

6. Is the transaction consistent with the public interest?

In addition to the requirements of § 14.101(b), the Commission will evaluate the following criteria in making its public interest determination and its evaluation of the commitments under § 39.262(o):

1. Will the transaction result in Texas ratepayers bearing merger-related costs unrelated to the corresponding benefits to Texas ratepayers?

2. Whether additional guarantees should be required to ensure that service quality and customer relations are commensurate with the requirements of PURA.

3. Whether additional guarantees or commitments should be required to ensure that no cost-shifting, cross subsidies, or discriminatory behavior occurs among affiliates of the acquired company.

4.  Whether the ring-fencing or other provisions proposed by the applicants are adequate to separate and protect Oncor from bankruptcy or financial distress of an unregulated affiliate.

5.  What guarantees or commitments should be required to ensure that Oncor's debt ratings as a result of this transaction have no negative effect on ratepayers?

6.  How should commitments made by Oncor be quantified and appropriately enforced?

7.  Whether the commitments made by the applicants are consistent with the public interest.

### III. ISSUES NOT TO BE ADDRESSED

After reviewing the pleadings submitted by the parties, the Commission identifies the following issues not to be addressed in this docket:

1.  Alternative business combinations to the one proposed;

2.  Generic restructuring/transition issues; and

3.  Matters that are the exclusive jurisdiction of other regulatory bodies, such as FERC or the SEC.

### IV.  APPEALS OF ORDER NOS. 14, 15, AND 16

On July 30, 2007, ATOC filed an appeal of Order No. 16 and a contingent appeal of Order No. 14. On August 6, 2007, ATOC filed an appeal of Order No. 15. ATOC's appeals of Order Nos. 14 and 15 were based on the scope of this proceeding, while the appeal of Order No. 16 addressed the ability of parties to extend the deadline to appeal an order through a Rule 11 agreement. The Commission denies ATOC's appeals, thereby upholding the ALJ's rulings.

Case 14-10979-CSS    Doc 11702-24    Filed 08/09/17    Page 7 of 8

**Docket No. 34077**    **Preliminary Order and Order on Appeals and Motion to Extend**    **Page 5 of 6**
**Procedural Schedule**

## V. MOTION TO EXTEND PROCEDURAL SCHEDULE

On July 23, 2007, joint movants (TIEC, the State of Texas, Cities, and Chaparral Steel) filed a motion to extend the procedural schedule and postpone the submission of testimony and the hearing on the merits by approximately 60 days. The joint movants claim that the applicants have delayed the production of documents, and extending the procedural schedule would prevent irreparable harm to the joint movants. The Commission finds that the current procedural schedule is adequate and denies the motion to extend the procedural schedule.

## VI. EFFECT OF PRELIMINARY ORDER

The Commission's discussion and conclusions in this Order regarding issues that are not to be addressed should be considered dispositive of those matters. Questions, if any, regarding issues that are not to be addressed may be certified to the Commission for clarification if the ALJ determines that such clarification is necessary. As to all other issues, this Order is preliminary in nature and is entered without prejudice to any party expressing views contrary to this Order before the ALJ at hearing. The ALJ, upon his or her own motion or upon the motion of any party, may deviate from this Order when circumstances dictate that it is reasonable to do so. Any ruling by the ALJ that deviates from this Order may be appealed to the Commission. The Commission will not address whether this Order should be modified except upon its own motion or the appeal of an ALJ's order. Furthermore, this Order is not subject to motions for rehearing or reconsideration.

SIGNED AT AUSTIN, TEXAS the 23rd day of August 2007.

PUBLIC UTILITY COMMISSION OF TEXAS

PAUL HUDSON, CHAIRMAN

JULIE PARSLEY, COMMISSIONER

BARRY T. SMITHERMAN, COMMISSIONER

Q:\CADM\ORDERS\PRELIM\34000\34077 dpo.doc