## Exhibit A

**Stipulation and Order Regarding Elliott's Motion to Reconsider**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., | ) | Case No. 14-10979 (CSS) |
| *et al.*,[1] | ) | (Jointly Administered) |
| | ) | |
| *Debtors.* | ) | |
| | ) | |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP. | ) | Adversary Proceeding |
| | ) | No. 17-50942 (CSS) |
| - and - | ) | |
| | ) | |
| ENERGY FUTURE INTERMEDIATE | ) | |
| HOLDING COMPANY, LLC | ) | |
| | ) | |
| *Plaintiffs.* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEXTERA ENERGY, INC. | ) | **Re: Docket Nos. 11636, 11649, 11668, 11669** |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## STIPULATION AND ORDER
## REGARDING ELLIOTT'S MOTION TO RECONSIDER

**NOW COMES** the undersigned counsel to the above-captioned debtors and debtors in possession (the "Debtors"), NextEra Energy, Inc. ("NextEra"), and Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott" and together with the Debtors and NextEra, the "Parties") for purposes of the proceedings regarding the *Motion to Reconsider in Part the September 19, 2016 Order [Dkt. No. 9584] Approving the NextEra Termination Fee* [D.I. 11636] (the "Motion to Reconsider"); and the Parties having stipulated to the terms set out below, and entry by the United States Bankruptcy Court for the District of Delaware (the "Court") of the following:

**WHEREAS**, on July 29, 2017, Elliott filed the Motion to Reconsider; and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**WHEREAS**, on July 31, 2017, NextEra filed the *Application of NextEra Energy, Inc. for Payment of Administrative Claim* [D.I. 11649] (the "NextEra Application"); and

**WHEREAS**, on August 2, 2017, the Debtors filed the *Adversary Complaint* [D.I. 11668] against NextEra in the above-captioned proceeding (the "Adversary Proceeding"); and

**WHEREAS**, on August 2, 2017, the Debtors filed *Plaintiffs Energy Future Holdings Corp. and Energy Future Intermediate Holding Company LLC's Motion to Consolidate and Set A Rule 7016 Scheduling Conference* [D.I. 11669] (the "Consolidation and Scheduling Motion"), which seeks to consolidate, for all purposes, the Motion to Reconsider, the NextEra Application, and the Adversary Proceeding; and

**WHEREAS**, on August 3, 2017, the Court set the Consolidation and Scheduling Motion for hearing on August 11, 2017 [D.I. 11682]; and

**WHEREAS**, the Parties have met-and-conferred in good faith to resolve the Motion for Reconsideration and the Consolidation and Scheduling Motion, and the Parties wish to resolve both expeditiously without additional discovery; and

**WHEREAS**, the Parties have agreed to proceed on the Motion to Reconsider on a fixed record without additional discovery; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned counsel, subject to approval of the Court, that

1.    The Motion to Reconsider will not be consolidated with either or both the NextEra Application and the Adversary Proceeding.

2.    The hearing on the Motion to Reconsider will go forward as scheduled on September 19, 2017.

3.    Oppositions to the Motion to Reconsider shall be filed no later than September 7, 2017.

4.    Replies in support of the Motion to Reconsider shall be filed no later than September 14, 2017, at 4:00 p.m. (prevailing Eastern Time).

5.    No Party shall serve discovery in connection with the Motion to Reconsider.

6.    No party shall present any witness or live testimony at the hearing on the Motion to Reconsider.

7.    The record for purposes of the Motion to Reconsider shall consist of the following:

      a.    Agreement and Plan of Merger (dated July 29, 2016, as amended on September 18, 2016, the "Merger Agreement") between, among others, the Debtors and NextEra;

b.  Motion of the EFH/EFIH Debtors For Order (A) Authorizing Entry Into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry Into and Performance Under Plan Support Agreement [D.I. 9190] (the "Motion to Approve");

c.  Declaration of William O. Hiltz in Support of the Motion of the EFH/EFIH Debtors for Order (A) Authorizing Entry into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry into and Performance Under Plan Support Agreement [D.I. 9191];

d.  Declaration of David Ying in Support of the Motion of the EFH/EFIH Debtors for Order (A) Authorizing Entry into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry into and Performance Under Plan Support Agreement [D.I. 9192]

e.  Objection of Certain Funds and Accounts Advised or Sub-Advised by Fidelity Management & Research Company or Its Affiliates to Motion of the EFH/EFIH Debtors for Order (A) Authorizing Entry Into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry Into and Performance Under Plan Support Agreement [D.I. 9397];

f.  Objection of Shirley Fenicle, William Fahy, and John H. Jones to Motion of the EFH/EFIH Debtors for Order (A) Authorizing Entry Into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry Into Performance Under Plan Support Agreement [D.I. 9398];

g.  EFH Indenture Trustees Objection to Motion of the EFH/EFIH Debtors for Order (A) Authorizing Entry Into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry Into and Performance Under Plan Support Agreement [D.I. 9399];

h.  Objection and Joinder of Contrarian Capital Management, LLC to Motion of EFH/EFIH Debtors for Order (A) Authorizing Entry Into Merger Agreement, (B) Approving Termination Fee and (C) Authorizing Entry Into and Performance Under Plan Support Agreement [D.I 9402];

i.  EFH/EFIH Debtors Omnibus Reply to Objections to Motion of Energy Future Holdings Corp., et al., for Entry of an Order (A) Authorizing Entry into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry into and Performance Under Plan Support Agreement [D.I. 9536];

j.  Transcript of the hearing held before the Court on September 19, 2016 [D.I. 9606];

k.  Order (A) Authorizing Entry into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry into and Performance Under Plan Support Agreement [D.I. 9584];

l.  Transcript of the open meeting before the Public Utility Commission of Texas (the "PUCT") held on September 22, 2016 [D.I. 11638-12 & 11638-13];

m.  Joint Letter From NextEra Energy, Inc. and Energy Future Holdings Corp. to The Honorable Christopher S. Sontchi Concerning Termination Fee and Proposed Oncor Transaction [D.I. 9655];

n.  Transcript of the hearing held before the Court on September 26, 2016 [D.I. 9693];

o.  Memorandum, dated March 30, 2017, from Commissioner Kenneth W. Anderson, Jr. [PUCT Dkt. No. 46238-535] [D.I. 11638-17];

p.  Transcript of the March 30, 2017 Open Meeting before the PUCT [D.I. 11650-2];

q.  PUCT order denying the Joint Report and Application of NextEra and Oncor Electric Delivery Company LLC ("Oncor") for Regulatory Approvals Pursuant to PURA §§ 14.101, 39.262 and 39.915 (the "Joint Application") [PUCT Dkt. No. 46238-4] dated  April 13, 2017 [D.I. 11152];

r.  NextEra Energy, Inc.'s Motion for Rehearing [PUCT Dkt. No. 46238-543] [D.I. 11638-19];

s.  Amicus Curiae Brief of Energy Future Holdings Corp. and Energy Future Intermediate Holdings Company LLC in Support of Rehearing [PUCT Dkt. No. 46238-545];

t.  PUCT order denying NextEra's Motion for Rehearing [PUCT Dkt. No. 46238-543] dated June 7, 2017 [D.I. 11325];

u.  NextEra Energy, Inc.'s Second Motion for Rehearing, dated June 27, 2017 [PUCT Dkt. No. 46238-554];

v.  Amicus Curiae Brief of Energy Future Holdings Corp. and Energy Future Intermediate Holdings Company LLC in Support of Second Motion for Rehearing [PUCT Dkt. No. 46238-555];

w.  PUCT order denying NextEra's Second Motion for Rehearing [PUCT Dkt. No. 46238-554] dated June 29, 2017 [D.I. 11398];

x.  Debtors' Letters Terminating (A) the Plan Support Agreement by and among the EFH/EFIH Debtors, the Fidelity Funds, and NEE and (B) the Merger Agreement by and among Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, NextEra Energy, Inc., and EFH Merger Co., LLC [D.I. 11424];

y.  NextEra Letter in Reply to Debtors' Notice of Termination of the Agreement and Plan of Merger [D.I. 11441]; and

z.  Transcript of the hearing held before the Court on July 26, 2017 [D.I. 11630].

8.    The Parties will confine argument on the Motion to Reconsider to facts each Party can identify in good faith in paragraph 7(a) through paragraph 7(z) (the "Reconsideration Record").

9.    No Party may argue an alleged fact not contained in the Reconsideration Record.

10.    The Parties agree the Court should strike references to alleged facts not appearing in the Reconsideration Record.

11.    The Parties do not waive, and expressly reserve, all rights to make objections (other than as to authenticity, best evidence, or foundation) to items in the Reconsideration Record, including objections to the relevance of any such item.

12.    The Parties reserve all rights to make attorney argument regarding what the Court should and should not have considered in connection with the Motion to Approve.

*[Remainder of page intentionally left blank]*

Dated:  August 10, 2017

*/s/ Erin R. Fay*_____
**BAYARD, P.A.**
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
Evan T. Miller (No. 5364)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Telephone:  (302) 655-5000

– and –

**ROPES & GRAY LLP**
Keith H. Wofford (admitted *pro hac vice*)
Gregg M. Galardi (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone:  (212) 596-9000

– and –

Andrew G. Devore (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone:  (617) 951-7000

*Counsel to Elliott*

Dated:  August 10, 2017

*/s/ Matthew B. McGuire*

**LANDIS RATH & COBB LLP**
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400

– and –

**NORTON ROSE FULBRIGHT US LLP**
Howard Seife (admitted *pro hac vice*)
Robin Ball (admitted *pro hac vice*)
Andrew Rosenblatt (admitted *pro hac vice*)
Eric Daucher (admitted *pro hac vice*)
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone:  (212) 408-5100

– and –

**WINSTON & STRAWN LLP**
Dan K. Webb
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone:  (312) 558-5600
Facsimile:  (312) 294-5700

– and –

Thomas M. Buchanan
1700 K Street, NW
Washington, D.C. 20006
Telephone: (312) 282-5000

– and –

David Neier
200 Park Avenue
New York, New York 10166-4193
Telephone:  (212) 294-6700

*Counsel to NextEra*

Dated:  August 10, 2017

*/s/ David M. Klauder*
**BIELLI & KLAUDER, LLC**
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 803-4600

*Co-Counsel to Debtor and Plaintiff EFH*

**KIRKLAND & ELLIS LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800

– and –

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000

*Counsel to the Debtors and Plaintiffs*

SO ORDERED this _____ day of August, 2017

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE