**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ------------------------------------------------------------ X : | | |
| In re: : | Chapter 11 | |
| : | | |
| Energy Future Holdings, Inc., *et al.*,[1] : | Case No. 14-10979 (CSS) | |
| : | | |
| Debtors. : | (Jointly Administered) | |
| : | | |
| ------------------------------------------------------------ X : | | |
| Energy Future Holdings Corp. : | Adversary Proceeding No. 17-50942 (CSS) | |
| : | | |
| -and- : | | |
| : | | |
| Energy Future Intermediate Holding Company, LLC : | | |
| : | | |
| *Plaintiffs*, : | | |
| v. : | | |
| : | | |
| NextEra Energy, Inc. : | **Re: D.I. 11669** | |
| : | | |
| *Defendant*. : | **Hearing Date: August 11, 2017 at 1:00 p.m. (ET)** **Objection Deadline: August 10, 2017 at 12:00 p.m. (ET)** | |
| : | | |
| ------------------------------------------------------------ X | | |

**LIMITED OBJECTION OF NEXTERA ENERGY, INC.
TO THE DEBTORS' MOTION TO CONSOLIDATE
AND SET A RULE 7016 SCHEDULING CONFERENCE**

NextEra Energy, Inc. ("NextEra"), hereby submits its limited objection to *Energy Future Holdings Corp. and Energy Future Intermediate Holding Company LLC's Motion to Consolidate and Set a Rule 7016 Scheduling Conference* [D.I. 11669] (the "Motion"). In support of its limited objection, NextEra respectfully states as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**PRELIMINARY STATEMENT**

NextEra does not object to the consolidation of the NextEra Application[2] and the Adversary Proceeding[3] (together, the "Fee Payment Proceedings"), recognizing that those two legal proceedings have common issues of law and fact. In contrast, the Elliott Motion[4] involves separate and distinct legal and factual issues from those in the Fee Payment Proceedings, and the parties have now stipulated that the Elliott Motion will not be consolidated with the Fee Payment Proceedings, but will instead be heard on a stipulated record as currently scheduled on September 19, 2017.[5]

NextEra requests that the Court set a scheduling conference for the consolidated Fee Payment Proceedings at the earliest available date, and adopt the quickest possible schedule for those proceedings. As discussed below, those proceedings should be resolved well before any alternative transaction closes, which may be as early as October 2017.

**ARGUMENT**

1. Resolution of the Fee Payment Proceedings should not require protracted proceedings or an extended period before the dispute is heard.

2. As NextEra pointed out in its Application, never once during the entire course of the proceedings before the PUCT did the Debtors ever claim that NextEra had breached the Merger Agreement, much less give the requisite notice of breach and opportunity to cure. *See* NextEra Application ¶¶ 31, 36-38, 48-49, 65-66, 69. The Adversary Complaint notably does not

---

[2] *Application of NextEra Energy, Inc. for Payment of Administrative Claim* [D.I. 11649].

[3] Adversary Proceeding No. 17-50942.

[4] *The Elliott Funds' Motion to Reconsider in Part the September 19, 2016, Order [Dkt. No 9584] Approving the NextEra Termination Fee* [D.I. 11636].

[5] *Stipulation and Order Regarding Elliott's Motion to Reconsider*, filed August 10, 2017, ¶¶ 1-2.

claim otherwise. *See* Adversary Complaint ¶¶ 39-56. Indeed, until their letter of July 18, 2017, the Debtors never gave notice of breach because there was none. Moreover, despite NextEra's request for the details supporting any claim that the Termination Fee was not payable, the Debtors' July 18 letter provided little in the way of factual support for the Debtors' new claims. *See* NextEra Application ¶¶ 47-48, 65. The Adversary Complaint does not fill this void. Instead, virtually every significant factual allegation made to support the Debtors' claims is made "on information and belief"—meaning that the Debtors have no evidence to support their claims sufficient even to plead them on any other basis. *See* Adversary Complaint at 3 & ¶¶ 31, 33, 34, 36, 37, 38, 42. What the Debtors now propose to do is to conduct an extended "fishing expedition" in the desperate hope of discovering something that will support their claims.

3.     The Court should not permit this to become a protracted, unduly burdensome, and costly side-show. NextEra is entitled to payment of the Termination Fee within five days after the consummation of the Debtors' contemplated transaction with Berkshire Hathaway (which Debtors apparently seek to consummate in October 2017) or any other "alternative transaction" involving the acquisition of the Debtors' interest in Oncor. *See* NextEra Application ¶¶ 59, 63-64. The Debtors' proposed Plan of Reorganization does not currently make adequate provision to protect NextEra's interest in payment of the Termination Fee in the event the Plan becomes effective before NextEra's Application is adjudicated. *See* Plan [D.I. 11426] at Art. VII (making no provision for a disputed claims reserve or similar withholding mechanism). But even if the Plan is revised to make appropriate provisions to reserve the funds pending resolution of the NextEra Application, NextEra will still suffer economic harm if its Application is not timely adjudicated because it will not receive a market rate of return on the $275 million to which it is entitled.

4.      Accordingly, the Court should adopt a schedule designed to ensure resolution of the NextEra Application and the Adversary Proceeding well before the time the Berkshire transaction or any other alternative transaction is consummated.  To that end, NextEra requests that the Court set the scheduling conference for the earliest possible date.

## **CONCLUSION**

5.      For the foregoing reasons, NextEra requests that the Court set the scheduling conference as soon as possible, and adopt a schedule for the Fee Payment Proceedings providing for their resolution well before the time the Berkshire transaction or any other alternative transaction is consummated.

Dated:  August 10, 2017
        Wilmington, Delaware

LANDIS RATH & COBB LLP

   */s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Joseph D. Wright (No. 5669)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:   (302) 467-4450
Email:    landis@lrclaw.com
         mcguire@lrclaw.com
         wright@lrclaw.com

- and –

NORTON ROSE FULBRIGHT US LLP
Howard Seife (admitted *pro hac vice*)
Andrew Rosenblatt (admitted *pro hac vice*)
Eric Daucher (admitted *pro hac vice*)
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone:  (212) 408-5100
Facsimile:   (212) 541-5369
Email:    howard.seife@nortonrosefulbright.com
         andrew.rosenblatt@nortonrosefulbright.com
         eric.daucher@nortonrosefulbright.com

Robin Ball (admitted *pro hac vice*)
555 South Flower Street, 41st Floor
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:   213-892-9494
robin.ball@nortonrosefulbright.com

- and –

WINSTON & STRAWN LLP
Dan K. Webb (admitted *pro hac vice*)
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone:  (312) 558-5600
Facsimile:   (312) 294-5700
Email:    dwebb@winston.com

Thomas M. Buchanan (admitted *pro hac vice*)
1700 K Street, NW
Washington, D.C. 20006
Telephone: (312) 282-5000
Facsimile: (202) 282-5100
Email: tbuchana@winston.com

David Neier (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166-4193
Telephone:  (212) 294-6700
Facsimile:   (212) 294-4700
Email:    dneier@winston.com

*Counsel to NextEra Energy, Inc.*