# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) <br> ENERGY FUTURE HOLDINGS CORP., ) <br> *et al.*,[1] ) <br> ) <br>     *Debtors.* ) <br> ) | Chapter 11 <br> Case No. 14-10979 (CSS) <br> (Jointly Administered) |
| ) <br> ENERGY FUTURE HOLDINGS CORP. ) <br>     - and - ) <br> ENERGY FUTURE INTERMEDIATE ) <br> HOLDING COMPANY, LLC ) <br> ) <br>     *Plaintiffs.* ) <br> ) <br> v. ) <br> ) <br> ) <br> NEXTERA ENERGY, INC. ) <br> ) <br>     *Defendant.* ) <br> ) | Adversary Proceeding <br> No. 17-50942 (CSS) <br><br><br><br><br><br><br> **Related to D.I. 11649, 11668, 11669, 11708, 11712** |

## PLAINTIFFS ENERGY FUTURE HOLDINGS CORP. AND ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC'S REPLY IN SUPPORT OF MOTION TO CONSOLIDATE AND SET A RULE 7016 SCHEDULING CONFERENCE

In support of *Plaintiffs Energy Future Holdings Corp. and Energy Future Intermediate Holding Company LLC's Motion to Consolidate and Set A Rule 7016 Scheduling Conference* [D.I. 11669] (the "Consolidation and Scheduling Motion")[2] and in response to the *Limited Objection of NextEra Energy, Inc. to the Debtors' Motion to Consolidate and Set a Rule 7016 Scheduling Conference* [D.I. 11712] (the "NextEra Obj."), Plaintiffs Energy Future Holdings

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Consolidation and Scheduling Motion.

Corp. and Energy Future Intermediate Holding Company LLC (together, "Plaintiffs" or the "Debtors") submit this reply.

## REPLY

1.  The Debtors appreciate the efforts by Elliott and NextEra to resolve many of the issues noticed for hearing today. As reflected in the stipulated order, the parties agreed to go forward with Elliott's motion for reconsideration on September 19, using an agreed-upon record. *See Stipulation and Order Regarding Elliott's Motion to Reconsider* [D.I. 11708, 11716]. Additionally, no party objected to consolidating the Adversary Proceeding and the NextEra Application; the Debtors respectfully request that the Court grant that relief.

2.  NextEra nonetheless has previewed a narrow but important disagreement with the Debtors regarding the pace of the Termination Fee litigation. Taking an unrealistic and unnecessary position, NextEra ties the Termination Fee litigation to the proposed emergence calendar.

3.  There is no credible scenario in which the parties *could* develop a full record for the Court's consideration by the contemplated emergence date—or even by year-end. By filing its application, NextEra placed at issue its actions to take "reasonable best efforts" to close the Oncor transaction. Whether NextEra undertook "reasonable best efforts" is a fact-intensive inquiry under Delaware law, and the Debtors and other stakeholders are entitled to test the reasonableness of those efforts through the discovery process. The parties will need sufficient time to send document requests, including third-party subpoenas; serve responses and objections; collect, review, and produce documents; schedule depositions, including of key executives; and, as necessary, brief and argue any disputes. The parties must also calibrate the process to permit

other creditors to intervene and participate, while navigating the competing demands on the Court's and parties' schedules posed by the upcoming confirmation-related hearings.

4. Even if the parties could crystallize the Termination Fee dispute by year-end, NextEra's reason for breakneck speed has no basis in law. NextEra relies on "economic harm," claiming it will not receive a "market rate of return" on the $275 million. NextEra Obj. ¶ 3. In this context, that is a two-way (or three-way) street, where the $275 million will go to NextEra *or* the unsecured creditors of EFIH and/or EFH. All creditors prefer to be paid sooner (and more), not later (and less). Complex commercial litigation of this magnitude should not be truncated—or, important steps eliminated—because one creditor wants to be paid on its own timetable. Any disputed amount can be held in reserve, and many stakeholders have a vested interest in exploring a solution there.

5. Nonetheless, the Debtors have no interest in making this a "protracted . . . sideshow." *Id.* In fact, the Debtors support NextEra's request for a scheduling conference in the near term, subject to Court availability. In the Consolidation and Scheduling Motion, the Debtors indicated their willingness to waive the 35-day requirement under Local Rule 7004-2.

6. To craft a sensible schedule that will ultimately facilitate the expeditious resolution of this litigation, the Debtors have sought input from their creditor constituencies, some of whom have indicated that they will intervene. To advance that process, the Debtors propose that the Court (a) set deadlines for motions to intervene and related briefing, such that any intervention dispute could be heard on September 19, and (b) in the interim, set a scheduling conference to organize the efforts of all stakeholders to craft a mutually agreeable schedule and clarify any disagreement for the Court's resolution at the scheduling conference.

[*Remainder of this page intentionally left blank*]

Dated: August 11, 2017
Wilmington, Delaware

*/s/ Joseph H. Huston, Jr.*
**STEVENS & LEE, P.C.**
Joseph H. Huston, Jr. (No. 4035)
Jason Daniel Angelo (No. 6009)
919 N. Market Street, Suite 1300
Wilmington, Delaware 19801
Telephone:    (302) 425-3310/11
Facsimile:    (610) 371-7972/11
Email:         jhh@stevenslee.com
               jda@stevenslee.com

*Co-Counsel to Plaintiff EFIH*

**BIELLI & KLAUDER, LLC**
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, Delaware 19801
Telephone:    (302) 803-4600
Facsimile:    (302) 397-2557
Email:         dklauder@bk-legal.com

*Co-Counsel to Plaintiff EFH*

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:         edward.sassower@kirkland.com
               stephen.hessler@kirkland.com
               brian.schartz@kirkland.com
               aparna.yenamandra@kirkland.com

-and-

Mark McKane, P.C.
555 California Street
San Francisco, CA 94104
Telephone:   (415) 439-1400
Facsimile:   (415) 439-1500
Email:       mark.mckane@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Andrew R. McGaan, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:       james.sprayregen@kirkland.com
             marc.kieselstein@kirkland.com
             chad.husnick@kirkland.com
             amcgaan@kirkland.com
             steven.serajeddini@kirkland.com

*Co-Counsel to Plaintiffs*