

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

Gregg M. Galardi
T +1 212 596 9139
gregg.galardi@ropesgray.com

August 11, 2017

**BY ECF AND HAND DELIVERY**

The Honorable Christopher S. Sontchi
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re:  *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del.)

Dear Judge Sontchi:

We write on behalf of Elliott Associates, L.P., Elliott International, L.P. and The Liverpool Limited Partnership (collectively, "Elliott") regarding disputes between Elliott and the Debtors related to the protocol for the July 21, 2017 hearing on the *Motion of the EFH/EFIH Debtors for Order Authorizing Entry Into Merger Agreement and Approving Termination Fee* [D.I. 11430] (the "Motion"). We look forward to discussing these issues with the Court at today's 1:00 p.m. hearing.

Subject to Your Honor's approval, the parties have agreed on many aspects of the conduct of the August 21st hearing, including that every effort should be made to conclude the hearing on the Motion on August 21st and that the parties may submit written direct testimony. The remaining issues upon which the parties disagree relate to (i) the appropriateness of establishing hearing time allocations today, (ii) the allocation of evidentiary trial time between the supporters and objectors, (iii) the parties' ability to submit deposition designations in lieu of or in addition to live cross examination, (iv) the ability to add unused time to other time allocated to Elliott, and (v) Elliott's time for opening and closing statements.

### A.  Hearing Time Should Be Allocated At A Later Date

At present, Elliott and its professionals are engaged in the process of raising capital to support a fully-financed competing proposal. If that process is successful or if another party comes forward with a competing proposal, the landscape of the August 21st hearing will change dramatically. Instead of a hearing focused solely on challenging the merits of the Berkshire Hathaway Energy Corporation ("BHE") transaction, competing bids may inject, *inter alia*, additional parties, different evidentiary issues and presentations, and the need for additional argument. Indeed, the Debtors have indicated several times that they will consider any offer with which they are presented. In the event of competing offers, the Debtors would need to quickly determine how to proceed and the evidence surrounding that decision-making process would be

ROPES & GRAY LLP

- 2 -

highly relevant. All of this would affect the appropriate allocation of trial time and it is premature to allocate hearing time now.

### B.  Allocation Of Evidentiary Trial Time

The Debtors propose to divide time equally between supporters and objectors. The Court should instead adopt Elliott's proposal – outlined below – which addresses the evidentiary imbalance that written direct testimony will likely create. Written direct testimony permits a party to place unlimited volumes of evidence before the Court without reducing its total trial time. The Court must then spend considerable time reviewing the submissions outside of the trial. At the same time, the opposing party must use trial time to cross examine the witness on unlimited pages of written direct testimony, but within the confines of its allotted trial time. As the Debtors bear the evidentiary burden here, this construct undoubtedly and heavily favors the Debtors by affording them additional hours of the Court's invaluable attention to their evidentiary case.

To counteract this imbalance, Elliott proposes that the allocation of evidentiary trial time for each side be inversely proportional to the length of each side's written direct testimony. For example, if the Debtors and BHE together submit 30 pages of written direct testimony and Elliott submits 20 pages, related examination time should be allocated 60% to Elliott and 40% to the Debtors and BHE combined.

### C.  Deposition Designations In Lieu Of Or In Addition To Live Cross Examination Should Be Permitted

In addition to the above, the imbalance created by written direct testimony could be further mitigated by allowing the parties to submit deposition designations in lieu of or in addition to live cross examination. The Debtors have proposed the submission of written direct testimony presumably to increase the efficiency of the process. That efficiency, however, should not be one-sided. Elliott accordingly proposes that the parties be permitted to submit deposition designations in lieu of or in addition to live cross examination. This will permit the cross-examining parties – presumably largely the objectors – to challenge the evidence presented in an efficient and fair manner.

The Debtors' reasons for refusing to agree to this proposal are unclear. Federal Rule of Civil Procedure 32(a)(3) provides that deposition testimony of a party; its officers, directors, and managing agents; or Rule 30(b)(6) designees may be used "for any purpose" regardless of whether the witness is available to testify.

### D.  Elliott Should Be Permitted To Carry Over Unused Time To Later Hearing Segments

To the extent that Elliott has unused time from earlier portions of the hearing, Elliott should be able to use that time in later portions of the proceeding. For example, if Elliott has 10 unused

ROPES & GRAY LLP

- 3 -

minutes from opening statements, it should be permitted to add those 10 minutes to the evidentiary portion of the hearing or closing argument. The Debtors appear to disagree.

Within the overall timeframes agreed to by the parties or set by the Court, Elliott should be permitted to implement its own trial strategy as to time management. The Debtors have offered no reason why it would be inappropriate for Elliott to carry unused time over to later portions of the proceeding, and Elliott cannot perceive any prejudice or difficulty that would result from this practice. If Elliott has extra time it will be on account of its own efficiencies at trial or its trial strategy decisions. Debtors should not be permitted to interfere with that.

### E. **Elliott's Time For Opening And Closing Statements**

The Debtors have proposed that all objectors together be permitted 15 minutes for opening statements and 30 minutes for closing argument. To date, four objections to the Motion have been filed in addition to Elliott's objection. Those parties collectively filed 25 pages of objections, whereas Elliott's objection is 29 pages long. The declaration accompanying Elliott's objection includes 24 exhibits. The other objections include no exhibits. Elliott has noticed and is taking 9 depositions in advance of the hearing on the Motion. Although there is some overlap between the concerns of Elliott and the other objectors, Elliott will undoubtedly be the primary objecting party at the hearing. Nevertheless, the other objectors may want their own time for argument.

Unless the other objecting parties are willing to cede their time to Elliott, Elliott could be entitled to only 3 minutes of opening statement and 6 minutes of closing argument. Given the magnitude of this transaction and Elliott's status as EFIH's largest unsecured creditor, this is insufficient. Elliott believes that it should be permitted up to 30 minutes for opening statements and 45 minutes for closing argument.[1] Balanced against the significant relief that the Debtors are requesting, a sum total of 75 minutes of argument from the primary objecting party is more than reasonable.[2]

Elliott looks forward to discussing these issues further with the Court today.

Respectfully,

*/s/ Gregg M. Galardi*
Gregg M. Galardi

---

[1] Any time not utilized for opening statements would then be reallocated to evidentiary trial time or closing argument.

[2] At a minimum, Elliott should be allotted not less than a full 15 minutes for opening statements and 30 minutes for closing argument.