# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

555 California Street
San Francisco, CA 94104

Mark McKane, P.C.
To Call Writer Directly:
(415) 439-1473
mark.mckane@kirkland.com

(415) 439-1400

www.kirkland.com

Facsimile:
(415) 439-1500

August 11, 2017

**By eFiling and Hand Delivery**

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re:     *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS)

Dear Judge Sontchi:

I write regarding the August 21, 2017 hearing on the *Motion of the EFH/EFIH Debtors for Order Authorizing Entry into Merger Agreement and Approving Termination Fee* [D.I. 11430], filed on July 7, 2017 (the "Motion"), which is scheduled to begin at 10:00 a.m. (EDT) (the "Hearing"). In an effort to ensure that the Hearing is conducted in the most organized and efficient manner possible, the debtors and debtors in possession of Energy Future Holdings Corp., *et al.* (collectively, the "Debtors"), propose that the parties utilize some of the same protocols ordered by the Court in connection with earlier contested hearings in these cases.[1]

On August 4, 2017, the Debtors wrote to counsel for Elliott Associates, L.P., Elliott International, L.P., and the Liverpool Limited Partnership (collectively, "Elliot"), proposing the use of certain protocols in an effort to streamline the Hearing. All participating parties were copied on the Debtors' August 4th letter, which asked that the parties indicate agreement with the Debtors' proposed protocols by Sunday evening, August 6, 2017. Elliott and the Debtors have since exchanged several letters in an effort to reach agreement on the protocols for the Hearing.

---

[1]    *See, e.g., Joint Stipulated Final Pre-Trial Order*, dated February 13, 2017 [D.I. 10819] at ¶¶ 2, 5 and 7 (ordering that hearing time be split evenly between plan supporters and objectors and monitored through a chess clock, and permitting submission of written direct examinations and use of deposition designations); *Third Revised Joint Stipulated Final Pre-Trial Order*, dated August 16, 2016 [D.I. 9309] at ¶¶ 2 and 5-8 (same); *Joint Stipulated Final Pre-Trial Order*, dated October 29, 2015 [D.I. 6748] at ¶¶ 5 and 8-11 (same).

Beijing    Boston    Chicago    Hong Kong    Houston    London    Los Angeles    Munich    New York    Palo Alto    Shanghai    Washington, D.C.
RLF1 17964524v.1

# KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
August 11, 2017
Page 2

## I.    The Debtors and Elliot Agree on Using Several Protocols.

Through the exchange of letters described above, Elliott and the Debtors agreed to follow several protocols for the Hearing, including:

1. **Use of a Chess Clock**:  As with prior hearings in these chapter 11 cases, time allotted to Motion supporters and objectors will be monitored by a chess clock.

2. **Opening Statements**: 30 minutes total will be allotted for opening statements.

3. **Closing Arguments**: 60 minutes total will be allotted for closing arguments.

4. **Written Direct Examinations**:  As with prior hearings in these chapter 11 cases, and to promote efficiency, participating parties may submit narrative, written direct examinations for all or part of any witness's testimony.  Witnesses testifying by written direct examination will be permitted to supplement their written testimony with live testimony, and must be tendered for cross examination regardless of whether they supplement their written testimony with live testimony.

5. **Deposition Designations**: Participating parties may submit deposition designations in lieu of or in addition to live cross examination.  The parties will meet and confer in advance of the Hearing to resolve any evidentiary issues related to the proposed deposition designations.

## II.    The Debtors Request the Court's Guidance on Other Issues.

In addition to the above protocols on which Elliott and the Debtors agree, there are several issues on which the parties do not agree, and the Debtors respectfully request the Court's guidance in an effort to ensure the efficiency of the Hearing.  The issues the parties were unable to reach agreement on include:

### A.    The Hearing Should Last No More Than Six Hours and Conclude on August 21st.

There is no reason for the Hearing to take longer than six hours or continue beyond August 21, 2017.  As an initial matter, and as the Court is well aware, one of the BHE Merger Agreement milestones is to receive approval of the merger agreement within 45 days of execution (or August 21, 2017).  The use of written direct examinations and deposition designations will help to expedite the parties' respective evidentiary presentations.

There are significant similarities between the BHE Merger Agreement and the NextEra Merger Agreement, including similar deal structures and comparable termination fees.  As a

# KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
August 11, 2017
Page 3

result, certain issues that will need to be addressed at the Hearing may be more familiar and/or straightforward. Specifically, the Court will be asked to address certain issues that are similar and highly familiar to those the Court already evaluated in connection with the NextEra Agreement—(1) whether entry into the Berkshire Agreement is a sound exercise of business judgment, and (2) whether the termination fee satisfies the *O'Brien* standard. The Debtors do not believe that either question will require an excessive number of witnesses or extensive argument.

Any potential Elliott proposal is not likely to require significant additional Hearing time. If Elliott comes to the Hearing with a documented, alternative transaction, they can focus their allocation of Hearing time on demonstrating that alternative transaction's superiority. If, however, Elliott does not have a fully documented transaction at the time of the Hearing, it is likely to face significant hurdles but which will not warrant substantial additional Hearing time.

Moreover, the Debtors have submitted a revised proposed order on the Motion at D.I. 11695-1 (the "Revised Order") that should streamline the Hearing by expressly reserving to a later date the issue of the allocation of the Berkshire termination fee (the "BHE Termination Fee") between the EFH and EFIH estates. The Debtors are not seeking approval of any allocation at the Hearing, and the Debtors request that the Court defer inquiry into this issue to a later date, if ever. As detailed in the Revised Order:

> in the event the Termination Fee becomes payable in accordance with section 8.5(b) of the Merger Agreement, the EFH Debtors, on the one hand, and the EFIH Debtors, on the other hand, either will agree on the allocation of the Termination Fee between their respective estates (and seek Bankruptcy Court approval of such allocation) or each estate reserves the right to request that the Bankruptcy Court determine the appropriate allocation of the Termination Fee between the EFH Debtors and the EFIH Debtors; *provided, further, however*, that the Termination Fee shall be payable as provided in the Merger Agreement and both the EFH Debtors and the EFIH Debtors agree that any such payment of the Termination Fee, by either or both estates, shall be without prejudice to the rights of each estate to seek a subsequent Bankruptcy Court ruling regarding the appropriate allocation of the paid Termination Fee between the EFH Debtors and the EFIH Debtors.

Revised Order at 3-4 [D.I. 11695-1]. The issue of the BHE Termination Fee allocation is therefore expressly reserved for another day, and use of the Court's time at the Hearing on the issue will be wasteful and inefficient to the resolution of the Motion. The Debtors therefore respectfully request that the Court confirm the scope of the Hearing will be those issues on which the Debtors are seeking a ruling and set a six-hour limit.

## KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
August 11, 2017
Page 4

**B.      Hearing Time Should be Allocated Evenly among Motion Supporters and Objectors.**

Elliott proposes that Hearing time be allotted in an amount inversely proportional to the length of any written direct testimony submitted by the parties.  Elliott's proposal is misguided.  As the movants, the Debtors bear the burden of persuasion and, by necessity, the majority of fact witnesses identified by all participating parties are the Debtors' or other Motion supporters' witnesses.  Notwithstanding, and although cause exists to allocate to the Debtors a larger portion of the Hearing time, the Debtors are willing to agree that Hearing time be allocated evenly among Motion supporters and objectors.  Elliott's proposal should be rejected, and Hearing time should be allocated evenly among Motion supporters and objectors.

**C.      Time for Opening and Closing Statements Should be Allocated Evenly among Motion Supporters and Objectors.**

While the Debtors and Elliott have been able to agree on the total time for both opening statement (30 minutes) and closing arguments (60 minutes), the parties disagree on the allocation of that time.  The Debtors propose that the time for opening and closing statements be split evenly amongst all Motion supporters and objectors.  Elliott disagrees, and instead asks that it alone be given 15 minutes for its opening statement and 30 minutes for its closing argument, instead of splitting that time with other objectors to the Motion.  The danger in Elliott's proposal is obvious.  There are four parties (other than Elliott) that have filed objections to the Motion.  If Elliott alone is given 15 minutes for opening statements, the other objectors will, collectively, consume a meaningful amount of time for their opening statements.  Even if each of the other objectors only used 5 minutes for opening statements and 10 minutes for closing arguments, it would consume an additional 60 minutes of Hearing time.  The Debtors respectfully submit that anything less than full cooperation between the Motion supporters and objectors will jeopardize the ability to complete the Hearing in a timely fashion.

*      *      *

//

//

//

//

//

//

# KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
August 11, 2017
Page 5

For the reasons set forth above, the Debtors respectfully request that the Court adopt the Debtors' proposed protocols for the Hearing.  Specifically, the Debtors ask the Court to order that (1) the Hearing last for a total of six hours, the Hearing conclude on August 21st, and the allocation of the BHE Termination Fee between the Debtors' estates is not at issue at the Hearing, (2) Hearing time be allocated evenly among Motion supporters and objectors, and (3) the time for opening and closing statements be allocated evenly among Motion supporters and objectors, and that 30 minutes be allotted for opening statements and 60 minutes be allowed for closing arguments.

Sincerely,

*/s/ Mark McKane, P.C.*

Mark McKane, P.C.