**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Related Docket Nos.: 11430, 11699, 11700, 11701, 11703, 11704, 11761, and 11762** |

**DECLARATION OF WILLIAM E. CHIPMAN, JR. FILED IN CONNECTION WITH THE BERKSHIRE HATHAWAY ENERGY COMPANY'S JOINDER IN EFH/EFIH DEBTORS' MOTION FOR ORDER AUTHORIZING ENTRY INTO MERGER AGREEMENT AND APPROVING TERMINATION FEE**

I, William E. Chipman, Jr. hereby declares as follows:

1. I am a partner at Chipman Brown Cicero & Cole, LLP, attorneys for Berkshire Hathaway Energy Company (collectively, "**BHE**") in the above-captioned bankruptcy proceeding and I am duly authorized to make this declaration.

2. I make this declaration to present certain documents referenced in the *Berkshire Hathaway Energy Company's Joinder in the EFH/EFIH Debtors' Motion for Order Authorizing Entry Into Merger Agreement and Approving Termination Fee* (the "**BHE Joinder**") filed contemporaneously herewith. Capitalized terms not defined herein shall have the meanings ascribed to them in the BHE Joinder.

3. Attached hereto as **Exhibit A** is a true and correct copy of the *Debtors' Motion for Orders (I) Approving Bidding Procedures for the Sale of Assets Free and Clear of All Liens,*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Claims, Interests and Encumbrances Pursuant to Section 363 of the Bankruptcy Code, (II) Approving Certain Bidding Protections, (III) Approving the Form and Manner of Notice of the Sale and Assumption of Assignment of Executory Contracts and Unexpired Leases, (IV) Scheduling an Auction and Sale Hearing and (V) Approving Such Sale* [Docket No. 21, without exhibits], filed on April 22, 2010 in *In re Magic Brands, LLC*, No. 10-11310 (BLS) (Bankr. D. Del.)

4. Attached hereto as **Exhibit B** is a true and correct copy of the *Order (I) Approving Bidding Procedures for the Sale of Assets Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant to Section 363 of the Bankruptcy Code, (II) Approving Certain Bidding Protections, (III) Approving the Form and Manner of Notice of the Sale and Assumption of Assignment of Executory Contracts and Unexpired Leases and (IV) Scheduling an Auction and Sale Hearing* [Docket No. 267, without exhibits], filed on May 18, 2010 in *In re Magic Brands, LLC, et al.*, Case No. 10-11310 (BLS) (Bankr. D. Del.).

5. Attached hereto as **Exhibit C** is a true and correct copy of the *Motion Pursuant to 11 U.S.C. §§ 105(a), 363, 365 and Fed. R. Bankr. P.2002, 6004, 6006 for (i) Entry of an Order (a) Establishing Bidding and Auction Procedures Related to the Sale of Some or All of the Debtors' Assets; (b) Approving Bid Protections For Sale of VSE Assets; (c) Establishing Procedures for the Debtors to Enter Into Additional Stalking Horse Agreements with Bid Protections in Connection with Sale of Assets; (d) Scheduling an Auction and Sale Hearing for the Sale of the Debtors' Assets; (e) Permitting Credit Bidding Pursuant to Bankruptcy Code Section 363(k); (f) Establishing Certain Notice Procedures for Determining Cure Amounts; (g) Approving Form and Manner of Notice of All Procedures, Protections, Schedules and Agreements; and (h) Granting Certain Related Relief; and (ii) Entry of an Order (a) Approving the Sale of Debtors'*

*Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; and (b) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Docket No. 622, without exhibits] filed on February 6, 2009 in *In re VeraSun Energy Corp., et al.*, No. 08-12606 (BLS) (Bankr. D. Del.)

6. Attached hereto as **Exhibit D** is a true and correct copy of the *Order Pursuant to 11 U.S.C. §§ 105(a), 363, 365 and Fed. R. Bankr. P. 2002, 6004, 6006 (A) Establishing Bidding and Auction Procedures Related to the Sale of Some or All of the Debtors' Assets; (B) Approving Bid Protections For Sale of VSE Assets; (C) Establishing Procedures for the Debtors to Enter Into Additional Stalking Horse Agreements with Bid Protections in Connection with Sale of Assets; (D) Scheduling an Auction and Sale Hearing for the Sale of the Debtors' Assets; (E) Permitting Credit Bidding Pursuant to Bankruptcy Code Section 363(k); (F) Establishing Certain Notice Procedures for Determining Cure Amounts; (G) Approving Form and Manner of Notice of All Procedures, Protections, Schedules and Agreements; and (H) Granting Certain Related Relief* [Docket No. 699], filed on February 20, 2009 in *In re VeraSun Energy Corp., et al.*, No. 08-12606 (BLS) (Bankr. D. Del.).

7. Attached hereto as **Exhibit E** is a true and correct copy of the *Order (I) Approving the Sale of All or Substantially All Assets of WorldSpace, Inc. and Its Debtor and Non-Debtor Affiliates Free and Clear of All Liens, Claims, Interests and Encumbrances to Yazmi USA LLC; (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale and Related Procedures and (III) Granting Related Relief* [Docket No. 1042], filed on June 2, 2010 in *In re WorldSpace, Inc., et al.*, No. 08-12412 (PJW) (Bankr. D. Del.).

8. Attached hereto as **Exhibit F** is a true and correct copy of the *Debtors' Motion Pursuant to Sections 105, 363, 365 and 1146(c) of the Bankruptcy Code and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure Seeking Approval of: (I) A Form of Notice Regarding Certain Hearing Dates and Objection Deadlines; (II) New Provisions For Termination and For the Payment or Crediting of the Breakup Fee; (III) the Sale of Substantially All Assets of Adelphia Communications Corporation and its Affiliated Debtors to Time Warner NY Cable LLC and Certain Other Assets to Comcast Corporation Free and Clear of Liens, Claims, Encumbrances, and Interests and Exempt from Applicable Transfer Taxes; (IV) the Retention, Assumption and/or Assignments of Certain Agreements, Contracts and Leases; and (V) the Granting of Related Relief* [Docket No. 11022, without exhibits], filed on May 26, 2006 in *In re Adelphia Communications Corp., et al.*, Case No. 02-41729 (REG) (Bankr. S.D.N.Y.).

9. Attached hereto as **Exhibit G** is a true and correct copy of the Comcast Corporation Form 8-K filed with the Security and Exchange Commission ("**SEC**") and dated April 20, 2005, available online through the SEC website.

10. Attached hereto as **Exhibit H** is a true and correct excerpted copy of the hearing transcript for proceedings before this Court on September 19, 2016.

11. Attached hereto as **Exhibit I** is a true and correct excerpted copy of the hearing transcript for proceedings before this Court on July 26, 2017.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 16th day of August 2017 at Wilmington, Delaware.

/s/ William E. Chipman, Jr
William E. Chipman, Jr.