**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Re: Docket No. 11427** |
| | ) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF NEXTERA
ENERGY, INC. WITH RESPECT TO THE DISCLOSURE STATEMENT FOR THE
JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP.,
ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC, AND THE
EFH/EFIH DEBTORS PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

NextEra Energy, Inc. ("NextEra"), by and through its undersigned counsel, hereby respectfully submits this limited objection and reservation of rights (the "Limited Objection") to the request by the EFH/EFIH Debtors for approval of the *Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 11427] (the "Disclosure Statement").[2]  In support of the Limited Objection, NextEra respectfully states as follows:

**PRELIMINARY STATEMENT**

1.     As NextEra has explained in its *Application of NextEra Energy, Inc. for Payment of Administrative Claim* [D.I. 11649], the NEE Termination Fee has been triggered and will become payable upon the consummation of any alternative transaction.  As reflected in their

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas, 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Disclosure Statement.

adversary complaint, the EFH/EFIH Debtors dispute their obligation to pay the NEE Termination Fee.  NextEra does not seek to import that dispute into the proceedings with respect to approval of the Disclosure Statement.  NextEra merely requests that the Disclosure Statement provide creditors with an accurate picture of the impact the dispute regarding the NEE Termination Fee may have on the timing and the amount of their recoveries.  Consistent with that request, NextEra seeks a very narrow set of changes to the Disclosure Statement to clarify that (a) there will be a range of potential recoveries that will depend on whether the NEE Termination Fee is payable and the allocation of responsibility for that payment and (b) the EFH/EFIH Debtors will need to reserve in full for payment of the NEE Termination Fee if the dispute over the fee is not resolved prior to the Effective Date of the Plan.  A changed-provisions-only blackline of NextEra's proposed revisions to the Disclosure Statement is attached hereto as Exhibit A.

2.      NextEra has previously shared its proposed revisions to the Disclosure Statement with the Debtors and is currently engaged in productive discussions with them on that front.  Although those discussions are ongoing, NextEra understands that the Debtors will be unable to file a revised draft of the Disclosure Statement before the applicable objection deadline.  Nor have the Debtors provided assurance that they will ultimately agree to resolve all of NextEra's concerns with respect to the Disclosure Statement (although it appears likely that the majority of those concerns will be resolved consensually).  Accordingly, out of an abundance of caution, NextEra is filing this Limited Objection to register its concerns about the present state of the Disclosure Statement and to reserve its rights in all respects.

## LIMITED OBJECTION

I.   **The Disclosure Statement Does Not Provide Voting Creditors With "Adequate Information" as Required by Bankruptcy Code Section 1125**

3.    The Bankruptcy Code requires that:

> [a]n acceptance or rejection of a plan may not be solicited after the commencement of a case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information.

11 U.S.C. § 1125(b). "Adequate information" is "information of a kind, and in sufficient detail . . . that would enable [a] hypothetical investor of the relevant class to make an informed judgment about the plan . . . ." 11 U.S.C. § 1125(a)(1).

4.    Courts in this circuit have recognized that a disclosure statement containing adequate information plays a pivotal role in the reorganization of a debtor. *See, e.g., Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 322 (3d Cir. 2003). "The importance of full disclosure is underlaid by the reliance placed upon the disclosure statement by the creditors and the court." *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1998). Any disclosure statement must contain "sufficient financial and operating information to enable each participant to make an informed judgment whether to approve or reject the proposed plan." *In re Civitella*, 15 B.R. 206, 208 (Bankr. E.D. Pa. 1981) (internal quotation marks omitted); *see also In re Autobacs Strauss, Inc.*, 473 B.R. 525, 584 (Bankr. D. Del. 2012) (disclosure statement must contain information that is "reasonably practicable [to permit an] informed judgment" by holders of claims or interests entitled to vote on the plan).

II.    **The Amended Disclosure Statement Must Provide Proper Disclosure Regarding**
**the Impact of the Termination Fee Dispute on the Amount of Creditor Recoveries**

5.      The Disclosure Statement acknowledges that this Court previously entered an order approving the NEE Termination Fee, *see* Disclosure Statement at 9, and that "payment of the NEE Termination Fee will result in a reduction of recoveries for certain Holders of Allowed Unsecured Claims." Disclosure Statement at 17 n.13.  However, the Disclosure Statement does not clearly convey these facts in the portion of the Disclosure Statement on which creditors are most likely to focus: the chart listing the estimated recoveries for each class under the proposed Plan.  Instead, the Disclosure Statement presents creditor recoveries based on the assumption—which NextEra believes is erroneous—that the NEE Termination Fee will not be payable at all.

6.      To remedy this shortfall, the Debtors must revise the Disclosure Statement's chart of projected recoveries to indicate a range of estimated recoveries for each class potentially affected by payment of the NEE Termination Fee, with the low end of the estimate for each class reflecting projected recoveries if the NEE Termination Fee is determined to be payable and is allocated between the EFH/EFH Debtors' estates in a manner that is adverse to the class in question.  Corresponding explanatory changes to footnote 13, which accompanies the chart of estimated creditor recoveries, are also necessary.

III.    **The Amended Disclosure Statement Must Provide Proper Disclosure**
**Regarding the Necessity of Reserving in Full for the NEE Termination**
**Fee and the Corresponding Impact on the Timing of Creditor Recoveries**

7.      Pursuant to the Court's *Order (A) Authorizing Entry into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry into and Performance under Plan Support Agreement* [D.I. 9584], the NEE Termination Fee is entitled to be paid as an allowed administrative priority expense, with EFH Corp. and EFIH jointly and severally liable for that payment. *See id.* ¶ 4.  As an administrative priority expense, the NEE Termination Fee, if

payable, will need to be paid in full, in Cash, under the Plan.  As such, if the dispute with respect to the NEE Termination Fee has not been resolved by the Effective Date, the EFH/EFIH Debtors will need to fully reserve, in Cash, for payment of the fee.  While the Disclosure Statement reflects the fact that the NEE Termination Fee may adversely affect the recoveries of certain creditors, it fails to inform creditors of the need for such a reserve in the event that the dispute is not resolved prior to the Effective Date.

8.      Accordingly, the Debtors must revise Disclosure Statement footnote 13 (on page 17 of the Disclosure Statement) and Disclosure Statement Section VII.A.7 ("Risk Related to the NEE Merger Agreement") to reflect the fact that the EFH/EFIH Debtors will need to fully reserve for the NEE Termination Fee and the corresponding impact of such a reserve on the Effective Date recoveries for affected classes of creditors.

9.      For the reasons set forth herein, NextEra respectfully requests that the Court condition approval of the Disclosure Statement on it being revised in accordance with Exhibit A hereto.

## RESERVATION OF RIGHTS

10.     This Limited Objection is submitted without prejudice to, and with a full reservation of, NextEra's rights to supplement this Limited Objection in advance of, or in connection with, the hearing to approve the Disclosure Statement.  NextEra expressly reserves all rights to seek discovery and to pursue all available objections in connection with confirmation of the Plan and any agreements, settlements, compromises, actions, and transactions contemplated or otherwise related to the Plan.  Nothing herein shall be deemed to waive NextEra's right to assert any arguments in connection with the confirmation of the Plan or any matters related thereto.

## CONCLUSION

WHEREFORE, for the foregoing reasons, NextEra respectfully requests that the Court

(i) sustain this Limited Objection and deny approval of the Disclosure Statement in its present

form; (ii) condition approval of the Disclosure Statement on it being revised in accordance with

Exhibit A hereto; and (iii) grant such other and further relief as it may deem just and proper.

Dated: August 18, 2017
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Joseph D. Wright (No. 5669)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450
Email:    landis@lrclaw.com
            mcguire@lrclaw.com
            wright@lrclaw.com

- and –

**NORTON ROSE FULBRIGHT US LLP**
Howard Seife (admitted *pro hac vice*)
Andrew Rosenblatt (admitted *pro hac vice*)
Eric Daucher (admitted *pro hac vice*)
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369
Email:    howard.seife@nortonrosefulbright.com
            andrew.rosenblatt@nortonrosefulbright.com
            eric.daucher@nortonrosefulbright.com

Robin Ball (admitted *pro hac vice*)
555 South Flower Street, 41st Floor
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:  (213) 892-9494
robin.ball@nortonrosefulbright.com

- and –

**WINSTON & STRAWN LLP**
Dan K. Webb (*pro hac vice* motion pending)
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone:  (312) 558-5600
Facsimile:  (312) 294-5700
Email:    dwebb@winston.com

Thomas M. Buchanan (*pro hac vice* motion pending)
1700 K Street, NW
Washington, D.C. 20006
Telephone: (312) 282-5000
Facsimile: (202) 282-5100
Email: tbuchana@winston.com

David Neier
200 Park Avenue
New York, New York 10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700
Email:    dneier@winston.com

*Counsel to NextEra Energy, Inc.*