**<u>Exhibit B</u>**

**Amendment No. 2**

RLF1 18019726v.1

# AMENDMENT NO. 2 TO AGREEMENT AND PLAN OF MERGER

THIS AMENDMENT NO. 2 TO AGREEMENT AND PLAN OF MERGER (this "Amendment") dated as of August 20, 2017 is by and among Energy Future Holdings Corp., a Texas corporation, Energy Future Intermediate Holding Company LLC, a Delaware limited liability company, Berkshire Hathaway Energy Company, an Iowa corporation ("Parent"), O.E. Merger Sub Inc., a Delaware corporation and direct wholly owned subsidiary of Parent ("EFH Merger Sub"), O.E. Merger Sub II, LLC, a Delaware limited liability company and direct wholly owned subsidiary of EFH Merger Sub ("EFIH Merger Sub"), and O.E. Merger Sub III, LLC, a Delaware limited liability company and direct wholly owned subsidiary of EFIH Merger Sub.

## RECITALS

**WHEREAS**, the parties hereto entered into that certain Agreement and Plan of Merger on July 7, 2017, as amended and clarified on August 19, 2017 (the "Clarification and Amendment") (the "Merger Agreement") and wish to amend certain terms of the Merger Agreement in accordance with Section 9.2 thereof.

**NOW, THEREFORE**, in consideration of the premises, representations, warranties, covenants and agreements contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows:

1. Initially capitalized terms used but not defined herein shall have the respective meanings given to them in the Merger Agreement.

2. The Merger Agreement is hereby amended by adding the following as subclause 6.3(g)(xiv)

> xiv. until termination of the Merger Agreement in accordance with Article VIII, it shall use commercially reasonable efforts to obtain entry of the "Designation Order" (as defined below) by September 22, 2017; *provided*, that, entry of the Designation Order shall be deemed to occur upon an oral indication by the Bankruptcy Court that it will enter the Designation Order. "Designation Order" shall mean a determination of the Bankruptcy Court that if Elliott Management Corporation (and its funds and affiliated entities) votes or voted any or all Claims that they acquired on or after July 7, 2017, to reject the Plan of Reorganization, such votes shall be designated pursuant to Bankruptcy Code § 1126(e) such that (A) such votes will not be counted in determining whether a Class of Claims has voted to accept or reject the Plan of Reorganization and (B) if, as a result, of the designation, there are no votes in one or more Classes of Claims that include Holders (as defined in the Plan of Reorganization) of Claims whose votes are so designated and that are entitled to vote on the Plan of Reorganization, such Class shall be deemed to be an accepting Class of Claims.

3. The Merger Agreement is hereby amended by adding the following as subclause 8.4(i)

　　i. by Parent if the Designation Order is not entered by September 22, 2017; *provided*, *that*, entry of such order shall be deemed to occur upon an oral indication by the Bankruptcy Court that it will enter the Designation Order; *provided further*, that Parent shall not have the right to terminate the Merger Agreement pursuant to this Section 8.4(i) prior to the date that is the earlier of (i) three (3) Business Days following September 22, 2017 and (ii) three (3) Business Days following the date that the Bankruptcy Court enters an order denying the Designation Order.

4. The Merger Agreement is hereby amended by adding the following as subclause 8.4(j)

　　j. by Parent if, on the advice of counsel, prior to the hearing regarding the Designation Order, Parent has determined to no longer support entry of the Designation Order because, based solely on the evidence and the law relating to the merits of the motion to obtain the Designation Order, it is likely that the Designation Order will not be entered; *provided*, that prior to any termination pursuant to this Section 8.4(j), Parent shall provide three (3) Business Days' prior written notice to the Company and EFIH and engage in good faith negotiations during such notice period.

5. The Merger Agreement is hereby amended by adding the following as subclause 8.3(j)

　　j. by the Company and EFIH (acting together) if the Designation Order is not entered by September 22, 2017; *provided*, *that*, entry of such order shall be deemed to occur upon an oral indication by the Bankruptcy Court that it will enter the Designation Order; *provided further*, that the Company and EFIH shall not have the right to terminate the Merger Agreement pursuant to this Section 8.3(j) prior to the date that is the earlier of (i) three (3) Business Days following September 22, 2017 and (ii) three (3) Business Days following the date that the Bankruptcy Court enters an order denying the Designation Order.

6. The Merger Agreement is hereby amended by adding the following as subclause 8.3(k)

　　k. by the Company and EFIH (acting together) if, on the advice of counsel, prior to the hearing regarding the Designation Order, the Company and EFIH have determined to no longer pursue entry of the Designation Order because, based solely on the evidence and the law relating to the merits of the motion to obtain the Designation Order, it is likely that the Designation Order will not be entered; *provided*, that prior to any termination pursuant to this Section 8.3(k), the Company shall provide three (3) Business Days' prior written notice to Parent and engage in good faith negotiations during such notice period.

7. The Merger Agreement is hereby amended by deleting subclause 8.5(b)(vi) thereof in its entirety and replacing it with the following:

2

(vi)     by the Company pursuant to <u>Section 8.3(a)</u>, <u>8.3(b)</u>, <u>8.3(g)</u>, <u>8.3(h)</u>, <u>8.3(i)</u>, <u>8.3(j)</u> or <u>8.3(k),</u> or by Parent pursuant to <u>Section 8.4(i)</u> or <u>8.4(j)</u>.

8.      Other than as expressly modified pursuant to this Amendment, all of the terms, conditions and other provisions of the Merger Agreement are hereby ratified and confirmed and shall continue to be in full force and effect in accordance with their respective terms.

9.      All references to the Merger Agreement (including "hereof," "herein," "hereunder," "hereby" and "this Agreement") shall refer to the Merger Agreement, as amended by the Clarification and Amendment and this Amendment. Notwithstanding the foregoing, references to the date of the Merger Agreement (as amended hereby) and references in the Merger Agreement to "the date hereof," "the date of this Agreement" and terms of similar import shall in all instances continue to refer to July 7, 2017.

10.     This Amendment may be executed in any number of counterparts (including by electronic means), each such counterpart being deemed to be an original instrument, and all such counterparts taken together constituting one and the same agreement.

11.     The provisions of Article IX of the Merger Agreement shall apply to this Amendment *mutatis mutandis*, and to the Merger Agreement as modified by this Amendment, taken together as a single agreement, reflecting the terms as modified hereby.

[*Remainder of Page Intentionally Left Blank; Signature Page to Follow*]

IN WITNESS WHEREOF, this Amendment has been duly executed and delivered by the duly authorized officers of the parties hereto as of the date first written above.

**ENERGY FUTURE HOLDINGS CORP.**

By: _/s/ Andrew M. Wright_
Name: Andrew Wright
Title: EVP – General Counsel

**ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC**

By: _/s/ Andrew M. Wright_
Name: Andrew Wright
Title: EVP – General Counsel

*[Signature Page to Amendment No. 2 to Agreement and Plan of Merger]*

**BERKSHIRE HATHAWAY ENERGY COMPANY**

By: /s/ Patrick J. Goodman
Name: Patrick J. Goodman
Title: EVP + CFO

**O.E. MERGER SUB INC.**

By: /s/ Patrick J. Goodman
Name: Patrick J. Goodman
Title: Chairman and President

**O.E. MERGER SUB II, LLC**

By: /s/ Patrick J. Goodman
Name: Patrick J. Goodman
Title: Manager

**O.E. MERGER SUB III, LLC**

By: O.E. Merger Sub II, LLC, its sole member

By: /s/ Patrick J. Goodman
Name: Patrick J. Goodman
Title: Manager

*[Signature Page to Amendment No. 2 to Agreement and Plan of Merger]*