**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) Hearing Date: September 19, 2017 at 10:00 a.m. ET |
| | ) Objection Deadline: September 12, 2017 at 4:00 p.m. ET |

**APPLICATION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY SHAW FISHMAN GLANTZ & TOWBIN LLC AS SPECIAL DELAWARE COUNSEL EFFECTIVE *NUNC PRO TUNC* TO AUGUST 14, 2017**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this application (this "Application") for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to employ and retain Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman") as special conflicts counsel and Delaware counsel effective *nunc pro tunc* to August 14, 2017. In support of this Application, the Debtors submit the affidavit of Thomas M. Horan ("Mr. Horan"), a Member at Shaw Fishman (the "Horan Affidavit") and the declaration of Andrew M. Wright (the "Wright Declaration"), attached hereto as **Exhibit B**. In further support of this Application, the Debtors respectfully state as follows.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 327(a), 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rules 2014-1, 2016-2, 9010-1(c), and 9010-1(d).

**RELIEF REQUESTED**

5. By this Application, the Debtors seek entry of an Order authorizing the employment and retention of Shaw Fishman pursuant to sections 327(a), 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1, 2016-2, 9010-1(c), and 9010-1(d) as special conflicts counsel and Delaware counsel in accordance with the terms and conditions set forth in that certain engagement letter (the "Engagement Letter"), dated as of August 28, 2017, between Debtor Energy

Future Holdings Corp. ("EFH Corp.") and Shaw Fishman, a copy of which is attached hereto as **Exhibit C** and incorporated herein by reference.

## BACKGROUND

6. On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered an order for joint administration of these chapter 11 cases. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of the TCEH Debtors and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570].[2] Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

7. On October 24, 2014, the Court entered the *Order Authorizing the Debtors to Retain And Employ Richards, Layton & Finger, P.A. as Co-Counsel Effective* Nunc Pro Tunc *To the Petition Date* [D.I. 2539], authorizing the Debtors to retain Richards, Layton & Finger, P.A. ("RLF") as co-counsel and authorizing RLF to provide Delaware law expertise and to act as Delaware counsel.

---

[2] The TCEH Debtors emerged from chapter 11 on October 3, 2016 and are no longer Debtors.

8. On January 13, 2015, the Court entered the *Order Approving the Employment of Stevens & Lee, P.C. as Counsel to Energy Future Intermediate Holding Company LLC Under Sections 327(e) and 1107(b) of the Bankruptcy Code, Effective* Nunc Pro Tunc *to November 26, 2014* [D.I. 3278], authorizing Energy Future Intermediate Holding Company LLC ("EFIH") to employ Stevens & Lee, P.C. ("Stevens & Lee") as independent counsel to advise and represent EFIH in connection with certain conflict matters.

9. On January 13, 2015, the Court entered the *Order Authorizing the Retention and Employment of O'Kelly Ernst & Bielli, LLC as Co- Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp. Effective* Nunc Pro Tunc *to November 19, 2014* [D.I. 3280], authorizing EFH Corp. to retain O'Kelly Ernst & Bielli, LLC ("OEB") as its attorneys to render professional services to EFH Corp.'s disinterested directors in connection with certain conflict matters.  On October 1, 2015, a *Notice of Substitution of Counsel* [D.I. 6253] was filed, whereby Bielli & Klauder, LLC was substituted in as co-counsel for EFH Corp. in place of OEB.  On November 12, 2015, the Court entered the *Order Authorizing the Retention and Employment of Bielli & Klauder, LLC as Co-Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp. Effective* Nunc Pro Tunc *to October 1, 2015* [D.I. 6963], authorizing EFH Corp. to retain Bielli & Klauder ("B&K") as a replacement for OEB.

10. On July 29, 2016,  NextEra Energy, Inc. ("NEE"), Merger Sub, Energy Future Holdings Corp.; and Energy Future Intermediate Holding Company, LLC entered into an Agreement and Plan of Merger (as amended, the "NEE Merger Agreement"). The NEE Merger contemplated the payment of a termination fee that would be payable under

certain circumstances (the "Termination Fee").  On September 19, 2016, the Court entered the *Order (A) Authorizing Entry into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry into and Performance Under Plan Support Agreement* [D.I. 9584] authorizing the Debtors' entry into the NEE Merger Agreement and approving the Termination Fee.

11.     On February 17, 2017, the Court entered the *Order Confirming the Eighth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors* (the "NEE Plan").

12.     However, the restructuring transactions contemplated by the NEE Plan were not approved by the Public Utility Commission of Texas. On June 6, 2017, EFH Corp. and EFIH delivered a notice terminating the NEE Merger Agreement and, on July 11, 2017, the EFH/EFIH Debtors filed the *Notice That the NextEra Plan and NextEra Plan Confirmation Order Have Been Rendered Null and Void* [D.I. 11446].

13.     On July 29, 2017, Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership filed a *Motion to Reconsider in Part the September 19, 2016 Order [Dkt. No. 9584] Approving the NextEra Termination Fee* [D.I. 11636] (the "Elliott Motion").

14.     On July 31, 2017, NextEra filed the *Application of NextEra Energy, Inc. for Payment of Administrative Claim* [D.I. 11649] (the "NEE Application").

15.     On August 3, 2017, the Energy Future Holdings Corp. and Energy Future Intermediate Holding Company LLC filed a complaint against NEE (the "NEE Adversary Proceeding," and together with the Elliott Motion and the NEE Application, "Termination Fee Actions"). A hearing held on August 11, 2017, the Bankruptcy Court

(a) set a September 6, 2017 scheduling conference to determine the litigation schedule that would govern the NEE Application and the NEE Adversary Proceeding and (b) set a September 19, 2017 hearing date to consider the Elliott Motion.

16. On certain matters, including with respect to the Termination Fee Actions, the Debtors' retained Delaware counsel, RLF, may have an actual conflict that prevents RLF from representing the Debtors. Stevens & Lee has only been retained to represent Debtor EFIH and not all the Debtors. Similarly, OEB and B&K have only been retained to render professional services to Debtor EFH Corp.'s disinterested directors. Because of RLG's actual conflict, the Debtors have not retained Delaware counsel that can represent all Debtors in the Termination Fee Actions (and potentially certain other matters in which RLF has an actual conflict) . Accordingly, the Debtors file this Application to retain Shaw Fishman to serve as the Debtors' Delaware counsel on matters which the Debtors' retained Delaware counsel, RLF, has an actual conflict, including with respect to the Termination Fee Actions.

## **SHAW FISHMAN'S QUALIFICATIONS**

17. The Debtors believe that Shaw Fishman is particularly well-suited to serve as the Debtors' Delaware counsel on matters which the Debtors' retained Delaware counsel, RLF, has an actual conflict, including with respect to the Termination Fee Actions.

18. Shaw Fishman has been actively involved in numerous major chapter 11 cases, and this Court has entered orders approving the retention of Shaw Fishman and Mr. Horan's previous firm to represent debtors in a number of cases. Accordingly, Shaw Fishman is both well qualified and able to represent the Debtors in matters which the

Debtors' retained Delaware counsel, RLF, has an actual conflict, including with respect to the Termination Fee Actions, in an efficient and timely manner.

## SERVICES TO BE PROVIDED

19. Subject to further order of the Court and consistent with the Engagement Letter, Shaw Fishman will act as Delaware counsel on matters which the Debtors' retained Delaware counsel, RLF, has an actual conflict, including with respect to the Termination Fee Actions (collectively, the "Services").

20. As set forth in the Horan Affidavit, Shaw Fishman has stated its desire and willingness to provide the Services, on the terms described herein, and to subject itself to the jurisdiction of the Court. The Debtors have retained certain legal advisors in these chapter 11 cases, including Kirkland & Ellis LLP ("K&E") to serve as lead bankruptcy counsel to the Debtors. Shaw Fishman will work closely with K&E to prevent any duplication of efforts in the course of advising the Debtors. The employment of Shaw Fishman is appropriate and necessary to enable the Debtors to execute faithfully their duties as debtors and debtors in possession and to implement their reorganization.

## PROFESSIONAL COMPENSATION

21. Subject to the approval of this Court, in accordance with sections 327, 328, 330, and 331 of the Bankruptcy Code and as set forth in the Horan Affidavit, compensation will be paid to Shaw Fishman on an hourly basis at the customary hourly rates in effect when services are rendered, plus reimbursement of actual, necessary expenses and other charges incurred by Shaw Fishman according to its customary reimbursement policies. The Debtors respectfully submit that such rates are reasonable.

22. Shaw Fishman intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in representing the Debtors in the

Termination Fee Actions, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court, on an hourly basis.

23.    As set forth in the Horan Affidavit, Shaw Fishman has not shared or agreed to share any of its compensation from the Debtors with any other persons, other than the members of Shaw Fishman, as permitted by section 504 of the Bankruptcy Code.

24.    As set forth in the Horan Affidavit, the Debtors do not owe Shaw Fishman any amount for services rendered or expenses incurred prior to the Petition Date, and thus Shaw Fishman is not a prepetition creditor of the Debtors.

## SHAW FISHMAN'S DISINTERESTEDNESS

25.    In connection with the proposed retention by the Debtors in the Termination Fee Actions, Shaw Fishman received a list identifying parties-in-interest from the Debtors (the "Parties-in-Interest").[3]

26.    To the best of the Debtors' knowledge, information, and belief, other than as set forth in the Horan Affidavit, (a) Shaw Fishman is not a creditor, equity security holder, or insider of the Debtors; (b) none of Shaw Fishman's members, counsels, or associates is, or was within two years of the Petition Date, a director, officer, or employee of the Debtors; (c) Shaw Fishman neither holds nor represents an interest materially adverse to the Debtors or their estates; and (d) Shaw Fishman has not represented any of the Debtors' creditors, equity security holders, or any of the other Parties-in-Interest in any matter relating to the Debtors or their estates.  Consequently, the Debtors believe that

---

[3] Because of the voluminous nature of the Parties-in-Interest list, it is not attached to the Application but is available upon request to Debtors' counsel.

Shaw Fishman is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that the employment of Shaw Fishman is necessary and in the best interests of the Debtors, their estates and creditors, and all other Parties-in-Interest.

27. Shaw Fishman will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. Pursuant to Local Bankruptcy Rule 2014-1, to the extent that Shaw Fishman learns of any additional material information relating to its employment (such as potential or actual conflicts of interest), Shaw Fishman will file and serve a supplemental affidavit with the Court setting forth the additional information.

## BASIS FOR RELIEF

28. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C § 327(a).

29. Moreover, Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014.

30. The terms and conditions of the Engagement Letter were negotiated by the Debtors and Shaw Fishman at arm's-length and in good faith. The Debtors and Shaw Fishman respectfully submit that the terms of Shaw Fishman's retention are customary and reasonable for special Delaware counsel engagements, both out-of-court and in comparable chapter 11 cases, and in the best interests of the Debtors' estates, creditors, and all Parties-in-Interest.[4]

## NOTICE

31. The Debtors shall provide notice of this Application on the date hereof via first class mail to: (a) the U.S. Trustee; (b) counsel to the EFH Creditors' Committee; (c) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (d) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (e) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle

---

[4] Moreover, pursuant to Local Bankruptcy Rules 9010-1(c) and 9010-1(d), the Debtors are required to retain Delaware counsel.

notes due 2018, and counsel thereto; (f) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020; (g) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (f); (h) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (i) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (j) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (k) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (l) Oncor Electric Delivery Company LLC and counsel thereto; (m) the Securities and Exchange Commission; (n) the Internal Revenue Service; (o) the Office of the United States Attorney for the District of Delaware; (p) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (q) counsel to the Electric Reliability Council of Texas; and (r) those parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

32.     No prior request for the relief sought in this Application has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as is appropriate under the circumstances.

Dated: August 29, 2017

                                        */s/ Andrew M. Wright*
                              Name: Andrew M. Wright
                              Title: Senior Vice President, General Counsel, and Secretary of Energy Future Holdings Corp., *et al.*