**<u>EXHIBIT B</u>**

**Horan Affidavit & Wright Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |

**AFFIDAVIT OF THOMAS M. HORAN IN SUPPORT OF THE APPLICATION
OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN
ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY SHAW
FISHMAN GLANTZ & TOWBIN LLC AS SPECIAL DELAWARE COUNSEL
EFFECTIVE *NUNC PRO TUNC* TO AUGUST 14, 2017**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) SS: | |
| COUNTY OF NEW CASTLE | ) | |

Thomas M. Horan, being duly sworn, deposes and says:

1.      I am a Member with Shaw Fishman Glantz & Towbin LLC ("Shaw
Fishman"), located at 300 Delaware Ave., Suite 1370, Wilmington, Delaware 19801.
Shaw Fishman also maintains offices for the practice of law in Chicago, Illinois and
Northbrook, Illinois.

2.      I submit this declaration on behalf of Shaw Fishman (the "Declaration") in
support of the application (the "Application") of the above-captioned debtors and debtors
in possession (the "Debtors") pursuant to sections 327(a), 328, and 330 of the Bankruptcy

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The
location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the
large number of debtors in these chapter 11 cases, which are being jointly administered on an
interim basis, a complete list of the debtors and the last four digits of their federal tax
identification numbers is not provided herein. A complete list of such information may be
obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

{12270-001 APPL A0482803.DOCX 3}

Code for authorization to employ and retain Shaw Fishman as special Delaware counsel effective *nunc pro tunc* to the August 14, 2017.[2]  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

## SHAW FISHMAN'S QUALIFICATIONS

3.      Shaw Fishman has extensive experience in the field of debtors' and creditors' rights and business reorganizations and liquidations under chapter 11 of the Bankruptcy Code and expertise, experience, and knowledge practicing before this Court. Shaw Fishman's proximity to the Court enables Shaw Fishman to respond quickly to emergency hearings and other emergency matters before this Court.

4.      Shaw Fishman has been actively involved in numerous major chapter 11 cases and has represented debtors in many cases.

5.      Accordingly, Shaw Fishman is both well qualified and able to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

## SERVICES TO BE PROVIDED

6.      Subject to further order of the Court and consistent with the Engagement Letter, Shaw Fishman will render the following professional services (collectively, the "Services"):

> (a)      act as Delaware counsel on matters which the Debtors' retained Delaware counsel, Richards, Layton & Finger, P.A., has an actual conflict, including with respect to the Termination Fee Actions.

7.      The Debtors have retained certain legal advisors in these chapter 11 cases, including Kirkland & Ellis LLP ("K&E") to serve as lead bankruptcy counsel to the Debtors.  Shaw Fishman will work closely with K&E to prevent any duplication of

---

[2] Capitalized terms not otherwise defined in this Declaration shall have the meanings ascribed to them in the Application.

efforts in the course of advising the Debtors. Shaw Fishman has and will continue to work closely with K&E to prevent any duplication of efforts in the course of advising the Debtors.  Shaw Fishman is willing and able to act in the Debtors' cases and render the necessary professional services as Delaware counsel on matters which the Debtors' retained Delaware counsel, RLF, has an actual conflict, including with respect to the Termination Fee Actions, on the terms described herein, and to subject itself to the jurisdiction of the Court.

## PROFESSIONAL COMPENSATION

8.      Subject to the approval of this Court, in accordance with sections 327, 328, 330, and 331 of the Bankruptcy Code, compensation will be paid to Shaw Fishman on an hourly basis at the customary hourly rates in effect when services are rendered, plus reimbursement of actual, necessary expenses and other charges incurred by Shaw Fishman according to its customary reimbursement policies.

9.      Shaw Fishman's hourly rates and billing policies are based on market conditions of firms of a size, location, and practice comparable to Shaw Fishman's.  As the Shaw Fishman member resident in our Delaware office, I will be the primary Shaw Fishman attorney responsible for this matter. My current hourly billing rate is $495. The current hourly billing rates for other Shaw Fishman professionals that may be involved in this matter range from $390 to $725 for members of the firm and attorneys of counsel, and $270 to $365 for associates.  Currently, Shaw Fishman paralegals' hourly billing rate ranges from $145 to $220.  Shaw Fishman has not varied from or used alternatives to its standard or customary billing arrangements.

10.      Shaw Fishman intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11

cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court, on an hourly basis.  In that regard, among other things, the Debtors and Shaw Fishman expect to develop a prospective budget and staffing plan to, in a reasonable effort, comply with the U.S. Trustee's requests for information and additional disclosures, and any other orders of the Court for the period from August 14, 2017 to December 31, 2017.

11.    The following is provided in response to the request for additional information set forth in Paragraph D.1. of the the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*:

a.    **Question:**  Did Shaw Fishman agree to any variations from, or alternatives to, Shaw Fishman's standard billing arrangements for this engagement?

**Response:**  No.  Shaw Fishman did not agree to a variation of its standard or customary billing arrangements in connection with this engagement.

b.    **Question:**  Do any of the professionals in this engagement vary their rate based on the geographic location of the Debtors' chapter 11 cases?

**Response:**  No.  None of Shaw Fishman's professionals included in this engagement have varied their rate based on the geographic location of the Debtors' chapter 11 cases.

c.    **Question:**  If Shaw Fishman has represented the Debtors in the 12 months prepetition, disclose Shaw Fishman's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If Shaw Fishman's billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Response:**  Shaw Fishman did not represent the Debtors in the twelve (12) months prior to the Petition Date.

    d. **Question:**  Have the Debtors approved Shaw Fishman's budget and staffing plan, and, if so, for what budget period?

    **Response:**  Shaw Fishman expects to work with the Debtors to develop a prospective budget and staffing plan to, in a reasonable effort, comply with any requests of the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") for information and additional disclosures, and any other orders of the Court.

12.    Notwithstanding anything in the Application or the Engagement Letter to the contrary, Shaw Fishman will cooperate with the fee committee appointed pursuant to the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order") in the discharge of the fee committee's duties, and has agreed to be bound by the terms of the Fee Committee Order.

13.    Notwithstanding anything in the Application or the Engagement Letter to the contrary, Shaw Fishman may not terminate its representation of the Debtors without order of the Court.

14.    Notwithstanding anything in the Application or the Engagement Letter to the contrary, Shaw Fishman will not seek reimbursement of expenses for office supplies.

15.    Shaw Fishman has not shared or agreed to share any of its compensation from the Debtors with any other persons, other than the members of Shaw Fishman, as permitted by section 504 of the Bankruptcy Code.

16.    The Debtors do not owe Shaw Fishman any amount for services rendered or expenses incurred prior to the Petition Date, and thus Shaw Fishman is not a prepetition creditor of the Debtors.

## SHAW FISHMAN'S DISINTERESTEDNESS

17.    In connection with its proposed retention by the Debtors in these chapter 11 cases, Shaw Fishman received a list of the Parties-in-Interest.

18.    Shaw Fishman maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of Shaw Fishman to make and maintain these records.  The conflict system maintained by Shaw Fishman is designed  to  include every matter on which the firm is now or has been engaged, the entity for which the firm is now or has been engaged, and in each instance, the identity of related parties and  adverse  parties  and  the attorney  in  the  firm that  is knowledgeable  about  the matter. It is the policy of Shaw Fishman that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information  necessary to check each such matter for conflicts, including the identity of the prospective client, as well as related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by Shaw Fishman.

19.    Insofar as I have been able to ascertain, neither I, Shaw Fishman, nor any member, counsel, or associate of Shaw Fishman has in the past represented the Debtors' largest creditors, equity interest holders, or any Party-in-Interest, except as hereinafter set forth.

20.    Through the procedures set forth above, and in order to comply with the requirements set forth in Bankruptcy Rule 2014, Shaw Fishman has determined that it has in the past represented, currently represents, and/or may in the future (including during the pendency of the Debtors' chapter 11 cases) represent, in matters wholly unrelated to these cases, certain Parties-in-Interest, including, without limitation, those entities set

forth on **Exhibit 1** attached hereto who are current clients or are affiliates thereof, and those entities or affiliates thereof set forth on **Exhibit 2** attached hereto who have been represented by Shaw Fishman within the last five (5) years.  I do not believe that any single matter is a major engagement that would involve either the billing of fees in excess of one half of one percent (.5%) of Shaw Fishman's annual fees billed, or that, in the aggregate for any related group of entities, exceeds one percent (1%) of Shaw Fishman's annual fees billed.  In any event, Shaw Fishman will not represent any of the foregoing claimants or any other party-in-interest in any facet of the Debtors' cases.

21.     By way of additional detailed disclosure (as reflected in **Exhibit 1** hereto), Shaw Fishman currently represents certain parties in matters unrelated to the chapter 11 cases.

22.     Based on the foregoing, I do not believe that Shaw Fishman holds or represents any interest adverse to the Debtors or their estates.  Shaw Fishman is not a creditor of the Debtors.   Therefore, I believe that Shaw Fishman is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

23.     In addition, to the best of my knowledge, information, and belief and in accordance with Bankruptcy Rule 5002, no member, counsel, or associate of Shaw Fishman has a connection to the United States Bankruptcy Judge or U.S. Trustee that would render Shaw Fishman's retention in these chapter 11 cases improper.

24.     Shaw Fishman will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  Pursuant to Local Bankruptcy Rule 2014-1, to the extent that Shaw Fishman learns of any additional

material information relating to its employment (such as potential or actual conflicts of interest), Shaw Fishman will file and serve a supplemental affidavit with the Court setting forth the additional information.

Dated: August 29, 2017

/s/ Thomas M. Horan
Thomas M. Horan (DE Bar No. 4641)

### Exhibit 1[3] – Current Clients[4]

The following is a list of parties that Shaw Fishman currently represents in matters unrelated to these bankruptcy cases:

1. RR Donnelley
2. Andrew Wright
3. James Wright
4. Ryan, LLC (Chapter 7 Trustee)
5. Committee of First Lien Bank Lenders/Caesars Operating Company
   a. Bluecrest Capital Management
   b. Franklin
   c. Perry Capital
   d. Silver Point Capital LP
   e. Taconic Capital Advisors
   f. Fortress
   g. GSO Capital Partners LLP
6. American Airlines
7. Lord Abbet
8. Liquidity Solutions, Inc.
9. Gavin Solmonese, as Liquidating Agent
10. Cortland Capital

---

[3] Parties that are both current clients and former clients of Shaw Fishman are only listed on Exhibit 1—Current Clients.

[4] Due to the similarity of names of certain entities, Shaw Fishman was not able to determine if all entities listed herein are actually affiliates of current clients. However, out of an abundance of caution, Shaw Fishman has listed those entities which it reasonably believes may be affiliates of current clients.

**Exhibit 2 – Former Clients**[1]

The following is a list of parties that Shaw Fishman formerly represented in matters unrelated to these bankruptcy cases:

1.  Citigroup
2.  Jeffries LLC
3.  Orix
4.  Abbott Laboratories
5.  Citigroup Global Markets Inc.
6.  The Bank of New York
7.  Wilsonart LLC
8.  Royal Bank of Canada
9.  Bank of America
10. Sears
11. Highland Capital
12. Aetna Life Insurance Co.
13. Sherwin Williams
14. Weyerhaeuser
15. CIT Group
16. Crum & Foster
17. The Drake Group
18. Firestone
19. Kmart
20. Amsted Rail
21. Danny Clark
22. International Paper
23. Liberty Mutual
24. John Collins
25. John Young
26. David O'Brien
27. Morrison & Foerster LLP

---

[1] Due to the similarity of names of certain entities, Shaw Fishman was not able to determine if all entities listed herein are actually affiliates of former clients. However, out of an abundance of caution, Shaw Fishman has listed those entities which it reasonably believes may be affiliates of former clients

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF ANDREW M. WRIGHT IN SUPPORT**
**OF THE APPLICATION OF ENERGY FUTURE HOLDINGS CORP.,**
***ET AL.,* FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS**
**TO RETAIN AND EMPLOY SHAW FISHMAN GLANTZ & TOWBIN LLC AS**
**SPECIAL DELAWARE COUNSEL EFFECTIVE *NUNC PRO TUNC* TO AUGUST 14,**
**2017**

I, Andrew M. Wright, being duly sworn, state the following under penalty of perjury:

1.      I am the Executive Vice President, General Counsel, and Secretary for the EFH

Debtors.  I received a B.B.A. in Business Administration from Southern Methodist University

and a J.D. from the University of Notre Dame.  I am a member in good standing with the State

Bars of Texas and New York, and I am a Certified Public Accountant.  I have been employed by

the EFH Debtors and their predecessors for over 13 years. I am over the age of 18 and duly

authorized to execute this declarations (this "Declaration") in support of the *Application of*

*Energy Future Holdings Corp., et al., For Entry of an Order Authorizing the Debtors to Retain*

*and Employ Shaw, Fishman, Glantz & Towbin LLC as Special Delaware Counsel Effective Nunc*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Pro Tunc to August 14, 2017* (the "<u>Application</u>").[2]  Except as otherwise noted, I have personal

knowledge of the matters set forth herein.

<strong><u>The Debtors' Selection of Shaw Fishman as Special Delaware Counsel</u></strong>

2.      The Debtors recognize that a comprehensive review process is necessary when

selecting and managing chapter 11 counsel to ensure that bankruptcy professionals are subject to

the same client-driven market forces, scrutiny, and accountability as professionals in

non-bankruptcy engagements.

3.      To that end, the review process utilized by the Debtors here assessed potential

counsel based on their expertise in the relevant legal issues and in similar proceedings.

Ultimately, the Debtors retained Shaw Fishman because of the firm's extensive experience in

corporate reorganizations, both out-of-court and under chapter 11 of the Bankruptcy Code.

Since the Debtors retained Shaw Fishman, Shaw Fishman has worked closely with the Debtors

and the Debtors' lead chapter 11 restructuring counsel at Kirkland & Ellis LLP to determine the

best and most efficient means of prosecuting the Debtors' chapter 11 cases on matters where the

Debtors' retained Delaware counsel, Richards, Layton & Finger, P.A., has an actual conflict,

including with respect to the Termination Fee Actions. Moreover, on certain matters, including

with respect to the Termination Fee Actions, the Debtors have not retained Delaware counsel

that can represent all Debtors because Stevens & Lee, P.C. has only been retained to represent

Debtor EFIH and not all the Debtors and O'Kelly Ernst & Bielli, LLC and Bielli & Klauder have

only been retained to render professional services to Debtor EFH Corp.'s disinterested directors.

In that regard, I believe that Shaw Fishman has and will continue to work closely with the

Debtors and K&E to prevent any duplication of efforts in the course of advising the Debtors in

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

these cases.  As such, I believe that Shaw Fishman is both well qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

### Rate Structure

4.    In my capacity as General Counsel, I am responsible for supervising outside counsel retained by the Debtors in the ordinary course of business.  Shaw Fishman has informed the Debtors that its rates for bankruptcy representations are comparable to the rates Shaw Fishman charges for non-bankruptcy representations.

### Cost Supervision

5.    The Debtors and Shaw Fishman expect to develop a prospective budget and staffing plan to reasonably comply with the U.S. Trustee's requests for information and additional disclosures, and any other orders of the Court for the period from August 14, 2017 to December 31, 2017, and for each following month until the termination of these chapter 11 cases or such time as Shaw Fishman's services are no longer required as part of these chapter 11 cases, recognizing that in the course of a large chapter 11 case like these chapter 11 cases, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and Shaw Fishman.  The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies of the chapter 11 cases.  The Debtors will continue to review the invoices that Shaw Fishman regularly submits and, together with Shaw Fishman, amend the budget and staffing plans periodically, as the case develops.

6.    The Debtors will continue to bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process.  While every chapter 11 case is unique, these budgets will provide guidance on the periods of time involved, the level

of the attorneys and professionals that will work on various matters, and projections of average hourly rates for the attorneys and professionals for various matters.


[*Remainder of page intentionally left blank.*]

7.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct to the best of my knowledge and belief.

Dated:  August 29, 2017                                Respectfully submitted,

                                                       _____
                                                       Andrew M. Wright
                                                       Executive Vice President, General Counsel,
                                                       and Secretary of Energy Future Holdings
                                                       Corp., *et al.*

5