IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## EFH/EFIH DEBTORS' REPLY TO THE OBJECTION TO CONFIRMATION OF THE PLAN, THE MERGER AGREEMENT, AND THE DISCLOSURE STATEMENT SUBMITTED BY ROBERT MILLER

The EFH/EFIH Debtors[2] file this reply (this "Reply") to the *Objection of Certain EFIH 9.75% Due 10/15/19 1st Lien Bondholders CUSPI 292681AA1 (the "Unexchanged Bonds) to Confirmation of the Plan and Merger Agreement and Disclosure Statement*, attached hereto as **Exhibit A** (the "Miller Objection"), which was submitted directly to the Bankruptcy Court by Robert J. Miller (purportedly on behalf of a group of unidentified holders of EFIH Unexchanged Notes) and was not filed on docket of the above-captioned chapter 11 cases or served upon the EFH/EFIH Debtors. In support of this Reply, the EFH/EFIH Debtors respectfully state as follows:

### Reply

1. Though titled as an objection to "confirmation of the Plan and Merger Agreement and Disclosure Statement," Mr. Miller does not make any allegation in the Miller Objection that

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors, Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, supplemented, or modified from time to time in accordance therewith, the "Plan").

RLF1 18082465v.1

implicates the adequacy of the EFH Disclosure Statement or the propriety of approval of the Merger Agreement. In fact, Mr. Miller does not ask the Bankruptcy Court to deny the Disclosure Statement Approval Motion or the PSA and Merger Approval Motion (or mention the EFH Disclosure Statement or the Merger Agreement outside of the title and the first sentence of the submission). Rather, Mr. Miller is concerned solely with the treatment of EFIH Unexchanged Notes under the Plan, ***which is an issue appropriately reserved for the Confirmation Hearing.***

2. The EFH/EFIH Debtors respectfully submit that the EFH Disclosure Statement sufficiently describes the proposed treatment for the EFIH Unexchanged Notes and the background giving rise to the EFIH Unexchanged Note Claims, adequately satisfying section 1125 of the Bankruptcy Code. *See* EFH Disclosure Statement §§ II.C.2.c, III.G.1, V.H.3.b.iii, V.E.21. The revised EFH Disclosure Statement, filed substantially contemporaneously herewith, also includes the following descriptions of the EFIH Unexchanged Notes and the exchange offer relating to such securities undertaken in connection with the Liability management Program:

> The EFIH Unexchanged Notes were previously secured by a first priority lien on EFIH's equity interest in Oncor Holdings. The lien was eliminated in subsequent transactions in the Liability Management Program, . . . in which the EFIH Unexchanged Notes were tendered in exchange for new notes issued by EFIH. Consent was simultaneously sought, and received, for elimination of the liens.

EFH Disclosure Statement § II.C.2.c, n. 31.

> Due to the Debtors' need to complete the transactions that were a part of the Liability Management Program in a timely manner, certain of the exchange offers in connection with the Liability Management Program (including those related to the EFH Unexchanged Notes and the EFIH Unexchanged Notes) were open only to qualified institutional buyers, and were conducted in compliance with the applicable indentures and securities laws.

EFH Disclosure Statement § III.G.1.

3. The EFH/EFIH Debtors expect and intend to respond to the various statements made in the Miller Objection in connection with seeking Confirmation of the Plan. As a preview, however, the EFH/EFIH Debtors believe that the Plan is consistent with the Bankruptcy Code and will be confirmed over the Miller Objection. Mr. Miller demands that the EFH/EFIH Debtors ignore fundamental principles enshrined in the Bankruptcy Code to separately classify and pay in full the EFIH Unsecured Notes while Holders of EFIH Senior Toggle Notes (which are *pari passu* with the EFIH Unsecured Notes) are expected to receive a recovery of less than 50 percent. In support of the Miller Objection, Mr. Miller argues without any legal support that the exchange offer in connection with the EFIH Unsecured Notes was unfair to noteholders who were not qualified institutional buyers and, thus, not permitted to participate. The exchanges, however, were conducted consistent with the applicable indentures and non-bankruptcy law. Moreover, even if there were any potentially meritorious claims arising out of the exchange, such claims were (a) not timely asserted or properly preserved prior to the Bar Date and (b) would result in, at best, claims that would be subordinated to these Holders' existing Class B6 Claims, pursuant to section 510(b) of the Bankruptcy Code.

4. The EFH/EFIH Debtors respectfully submit that the Miller Objection has no bearing on the Bankruptcy Court's determination to approve the EFH Disclosure Statement and the Merger Agreement at tomorrow's hearing and, therefore, must be overruled.

### Reservation of Rights

5. The EFH/EFIH Debtors reserve all rights to present expanded and additional arguments in response to the Miller Objection at any hearing, including the hearing to consider approval of the EFH Disclosure Statement and the Merger Agreement and the Confirmation Hearing.

## Conclusion

6.   For all the foregoing reasons, the EFH/EFIH Debtors respectfully submit that the Miller Objection should be overruled with respect to approval of the EFH Disclosure Statement and the Merger Agreement.

*[Remainder of page intentionally left blank.]*

Dated: September 5, 2017
       Wilmington, Delaware

/s/ *[signature]*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:   collins@rlf.com
       defranceschi@rlf.com
       madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   edward.sassower@kirkland.com
       stephen.hessler@kirkland.com
       brian.schartz@kirkland.com
       aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   james.sprayregen@kirkland.com
       marc.kieselstein@kirkland.com
       chad.husnick@kirkland.com
       steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*